UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |

**FINDINGS AND ORDER ON MOTION OF CLASS PLAINTIFFS AND GLAXOSMITHKLINE DEFENDANTS FOR THE ENTRY OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

Class Plaintiffs and Defendant GlaxoSmithKline ("GSK") have moved for the entry of judgment pursuant to Fed. R. Civ. P. 54(b) (Docket No. _____).

On August 7, 2007, for the reasons set forth therein, the Court issued its Final Order and Judgment Granting Final Approval to Proposed Class Action Settlement with the GlaxoSmithKline Defendants, Approving Proposed Allocation of Settlement Funds, and Approving Class Counsel's Application for Attorneys Fees, Reimbursement of Litigation Expenses and Compensation to Class Representatives (the "Final Approval Order")(Docket No. 4619). The parties, and the Court, intended the Final Approval Order to be a final, appealable order despite the existence of claims against the remaining defendants in the MDL. However, at the time of the hearing for final approval of the settlement between the parties, neither party moved for certification pursuant to Fed. R. Civ. P. 54(b) and the proposed order submitted by the parties failed to address the finality of the requested order under 54(b).

A notice of appeal from the Final Approval Order was filed on August 23, 2007 by Demra Jordan (the "Jordan Appeal"). Ms. Jordan had objected to the settlement with GSK and

the Court overruled her objection at the final approval hearing on July 19, 2007. On January 10, 2008, the United States Court of Appeals for the First Circuit issued an order to Jordan to show cause as to why the Jordan Appeal should not be dismissed for lack of jurisdiction on the part of the Court of Appeals, citing the lack of any language in the Final Approval Order that indicates this Court's intention that the Final Approval Order be a final judgment pursuant to 54(b).

The parties have moved that the Court make a certification under 54(b) now so as to cure any procedural defect and to avoid the dismissal of the Jordan Appeal and the procedural delay in having the Jordan Appeal dismissed and refiled at some later date after an order from this Court under 54(b). Among the reasons given by the parties is the desire to have the appeal resolved as quickly as possible, and to avoid any unnecessary delay in a substantive review of the Jordan Appeal, so that the proceeds of the settlement may be distributed to the members of the settlement classes, many of whom are elderly and sick. Any delay in the resolution of the Jordan Appeal will delay a distribution to thousands of such class members. The Court shares this concern.

Upon consideration of the motion and the submissions of the parties, the Court ALLOWS the motion. In accordance with Rule 54(b), the Court makes the following findings. See *Spiegel v. Trs. Of Tufts Coll.*, 843 F.2d 38, 42-43 (1st Cir. 1988).

FINDINGS

1. This is a multi-district litigation ("MDL") consolidating a number of class actions that were brought against 16 pharmaceutical manufacturers, including GSK, beginning in 2001. The actions as originally pleaded included federal claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO") and various state consumer protection statutes.

2. The essence of the claims was that Defendants caused various publications – such as Red Book, First DataBank and MediSpan – to publish fictitious average wholesale prices ("AWPs"). These AWPs were used by Medicare and third party payors ("TPPs"), such as insurance companies, to reimburse doctors for physician-administered drugs, such as chemotherapy agents. Plaintiffs claimed that the AWPs were fictitious because they grossly exceeded the true average prices. Plaintiffs also claimed that each Defendant unlawfully marketed the "spread" or difference between the AWP, the benchmark for reimbursement, and the actual acquisition price of the drugs paid by providers such as doctors and pharmacies.

3. In March 2004, the Court created a "fast track" consisting of five defendants or defendant groups, including GSK. The remaining defendants were placed in a "regular track" for discovery and trial. The fast track defendants became known as "Track 1" defendants, and the remaining defendants became known as "Track 2" defendants.

4. In January 2006, the Court certified three classes for trial against the Track 1 defendants: (a) Class 1 – consumers who made co-payments for drugs under Medicare Part B; (b) Class 2 – TPPs in Massachusetts who made co-payments for drugs under Medicare Part B; and (c) Class 3 – consumers and TPPs in Massachusetts who paid for drugs in non-Medicare transactions based on contracts expressly using AWP. I*n re Pharm. Indus. Average Wholesale Price Litig.*, 233 F.R.D. 229 (D.Mass. 2006).

5. On August 10, 2006, Class Plaintiffs and GSK filed Class Plaintiffs' and GSK's Joint Motion for Entry of an Order Granting Preliminary Approval of the GlaxoSmithKline Settlement, Certifying Class for Purposes of Settlement, Directing Notice to the Class and Scheduling Fairness Hearing. After a preliminary review of the settlement the Court entered an

Order Granting Preliminary Approval of the GlaxoSmithKline Settlement, Directing Notice to the Class and Scheduling Fairness Hearing (Docket No. 3401).

6. The approved settlement resolved, among oher things, all claims of three nationwide classes as to all of the drugs manufactured by GSK at issue in the case.

7. On July 19, 2007, the Court heard oral argument on the parties request for final approval of the settlement with GSK and subsequently entered the Final Approval Order on August 7, 2007.

8. The claims against each of the remaining four Track 1 Defendants have been resolved either through settlement or by judgment after trial. See Findings and Order on Motion of Track 1 Defendants for the Entry of Judgment Pursuant to Federal Rule of Civil Procedure 54(b) (Docket No. 4896) which is hereby incorporated as if set forth fully herein.

9. Rule 54(b) provides in pertinent part:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).

10. There are no remaining claims between Class Plaintiffs and GSK. For the reasons set forth below, the Court finds that there is no just reason to delay the entry of judgment with respect to GSK in accordance with the Final Approval Order.

11. There are no subsequent proceedings between the Class Plaintiffs and the Track 1 defendants that threaten to moot the need for ultimate resolution of the Jordan Appeal in the Court of Appeals. Nor are there any issues with respect to the remaining Track 1 defendants or the Track 2 defendants that will affect my decision with respect to the settlement with GSK.

12. No party to the MDL will be prejudiced by the immediate entry of judgment with respect to the claims involving GSK in accordance with the settlement agreement entered into between Class Plaintiffs and GSK and as embodied in the Final Approval Order. If the Court's decision approving the settlement with GSK were to be affirmed, Class Plaintiffs will be capable of making a distribution of the proceeds of the settlement to class members prior to the resolution of the Track 2 claims. A timely distribution of these proceeds is critically important as consumer class members are sick and many of them are elderly.

## ORDER

IT IS THEREFORE ORDERED THAT:

The Court hereby certifies its findings as set forth in the Final Approval Order pursuant to Fed.R.Civ.P. 54(b).


Dated: January ____, 2008        _____
                                 United States District Judge