UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS RELATING TO TRACK TWO DEFENDANTS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**CLASS PLAINTIFFS' REPLY MEMORANDUM TO SET A TRIAL DATE
FOR NATIONWIDE CLASS 2 AND 3 TRIAL**

AstraZeneca opposes setting a trial date.  Though it claims setting such a date is premature, the history of the AWP litigation underscores that without an approaching trial, there is no possibility of a resolution.  With few exceptions only the immediacy of a trial date provoked resolution of the AstraZeneca and BMS consumer cases.  And given the age of the case, if there is no settlement the case should be tried as promptly as possible.

AstraZeneca claims that given the fact that class certification briefing is underway, that setting a trial date is improper.  Why?  If the Court denies the motion the trial date can be stricken.  If class certification is granted the parties should be preparing for a trial this fall.

AstraZeneca next claims that we should await its appeal to the First Circuit – yet it points out no fundamental error that would lead the Court to believe that an error has been committed.  Why should this Class wait several years for an appeal to be resolved?[1]

---

[1] The median time for an appeal in the First Circuit is 126 months.  Given the size of the record 16-24 months is more probable.

- 2 -

Finally, AstraZeneca claims that since previously Plaintiffs moved to set a trial date they cannot do so again.  Nonsense.  Under AstraZeneca's procedural bar Plaintiffs could never ask for a trial date or schedule again.  That cannot be the case.  The context of the Court's denial of Plaintiffs' previous motion to set a trial date was the Court's desire to move the Track 2 case along.  This has been accomplished and circumstances have changed making the motion now both timely and proper.

Plaintiffs ask this Court to set the AstraZeneca/BMS trials for this fall or the AstraZeneca trial for October 20, 2008, and the BMS trial in early 2009.

DATED:  January 25, 2008

By     /s/ Steve W. Berman
  Thomas M. Sobol (BBO#471770)
  Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Suite B
Oak Park, IL  60302
Telephone: (708) 776-5600
Facsimile: (708) 776-5601

Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 3 -

- 4 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on January 25, 2008, I caused copies of **CLASS PLAINTIFFS' REPLY MEMORANDUM TO SET A TRIAL DATE FOR THE ASTRAZENECA NATIONWIDE CLASS 2 AND 3 TRIAL** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                  **/s/ Steve W. Berman**
                                  Steve W. Berman