# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| **In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION,** |
| THIS DOCUMENT RELATES TO: |
| ***United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.***<br>**CIVIL ACTION NO. 06-11337-PBS** |

**MDL No. 1456**
**Civil Action No. 01-12257-PBS**

**Hon. Patti Saris**

**Mag. Judge Marianne B. Bowler**

## DEFENDANT ABBOTT LABORATORIES INC.'S RESPONSE TO THE UNITED STATES' MOTION TO COMPEL ABBOTT TO PROVIDE DEPOSITION DATES FOR MEMBERS OF ITS ALTERNATE SITE SALES FORCE AND TO PRODUCE RELATED DOCUMENTS

Over the course of the AWP-related litigation, Abbott has agreed to produce over 70 current and former employees for deposition, many of them more than once. Since late November 2007, the United States has requested to depose dozens of former sales representatives from Abbott's Alternate Site sales force.[1] These sales representatives are scattered in locations throughout the United States, and none of them are current employees of Abbott Laboratories Inc. ("Abbott"). And while some of the proposed deponents are currently employed at Hospira, Inc. ("Hospira"),[2] many more are not. The United States is also demanding the personnel files and personal, working files of each of these individuals. Scheduling such a myriad of depositions of former employees in such varied locations and gathering files from such

---

[1] The United States has recently advised Abbott that, although they are not currently seeking deposition dates for 54 additional employees, 51 of which are former employees, they "reserved the right" to do so on the eve of the Court's announcement of the close of discovery in this case.

[2] In 2004, Abbott spun off its former Hospital Products Division, which became the corporation Hospira, Inc. ("Hospira").

a widespread group is an obviously daunting task, yet, as of the date of this response, Abbott has

managed to provide the government with:

- All relevant personnel files in Abbott's possession;

- All relevant working papers from both the current and former employees that the Government wishes to depose;

- Deposition dates for all former Abbott employees currently employed by Hospira;[3] and

- Deposition dates for the majority of former Hospira employees. (Abbott has attempted to schedule a deposition date for every former Hospira employee it has been able to locate, and is actively endeavoring to locate, contact, and schedule the remaining former employees.)

Given Abbott's cooperation to date, the United States' motion is essentially requesting

the Court to order Abbott do what it has already done (or agreed to do). The United

States' motion should be denied as moot.

## I.      BACKGROUND

The United States is currently requesting to depose 39 members of the Alternate Site

sales force, a field unit of Abbott's former HPD that marketed drugs to non-hospital customers

(*e.g.* long-term care facilities). (The HPD Alternate Site unit has not existed at Abbott since

2004.) In addition, the United States demands the personnel files of each of these individuals, as

well as their personal "working files." In its motion to compel, the Government claims that

---

[3] The only current Hospira employees for whom Abbott has not provided a deposition date are one employee currently on Family Medical Leave, and one other employee who has already been deposed in AWP-related cases. The transcripts of those depositions have been provided to the United States.

Abbott has failed to provide these deposition dates and files in a timely manner.  As discussed more fully below, however, the Government's complaints are groundless.

## A.     DEPOSITIONS

In response to one of the United States' interrogatories, on July 19, 2007, Abbott provided the United States with the names of 90 people who had at one time been a member of its Alternate Site sales force (the "July Disclosures"). (Exhibit A, Amended Answers to Interrogatories.)  On November 20, 2007, the United States expressed its intention to depose 39 of these sales force members (collectively, the "November Designees"). (Exhibit B, 11/20/07 Letter from R. Ford to Abbott Counsel.)  None of those individuals were employed by Abbott, and only 21 were current Hospira employees.  (Of those current Hospira employees, two had *already been deposed* in AWP-related cases, one of them twice.)  The other proposed deponents were two deceased individuals and 16 third-party former employees.

After it made the July Disclosures, Abbott learned (and revealed to the United States) that a job code, applicable only to individuals who worked on the Alternate Site sales force in the early 1990s, had been inadvertently omitted from Abbott's initial search for Alternate Site personnel.  Abbott accordingly searched its records again, and supplemented its interrogatory responses with the names of 60 additional former Alternate Site sales force members on December 19, 2007.  (Ex. C, Second Amended Interrogatory Response.)  Only three of these former sales force members were current Abbott or Hospira employees, and the Government already had noticed six of them for a deposition before Abbott served its supplementary interrogatory responses.

The United States recently informed Abbott that it "reserved the right" to depose *every one* of the former employees in Abbott's December 19, 2007, disclosure that it had not already been noticed for deposition (a total of 51 former employees).  The government also "reserved its

right" to depose the three current employees (collectively with the 51 former employees, the

"December Designees"), one of whom the United States had already deposed in this case.[4]

(Exhibit D, 12/20/07 E-mail from R. Ford to J. Winchester.)  Thus, in total, the United States has

expressed an interest in deposing almost 100 Alternate Site personnel, including 90 former

employees outside of Abbott's control.

Abbott endeavored in good faith to schedule deposition dates for the November

Designees.  A complicated task in any event, it was made even more difficult here by the

holidays, because the deponents are scattered throughout the United States, and because none of

the people the Government requested to depose were current Abbott employees.  Even though it

knew that Abbott faced a monumental task in scheduling such a huge number of geographically

diverse depositions, on January 7, 2008, the United States still filed its motion to compel Abbott

to provide deposition dates for all of the November Designees.  (Dkt. No. 4984.)

Although scheduling dozens of individuals from across the country for depositions is

certainly not easy, Abbott has already made significant progress.  To date, Abbott has offered

dates for 19 of the 21 current Hospira employees' depositions.  (Ex. F, 1/4/08 E-mail from T.

Tabacchi to R. Ford; 1/8/08 E-mail from T. Tabacchi to R. Ford; 1/10/08 E-mail from T.

Tabacchi to R. Ford; 1/25/08 E-mails from T. Tabacchi to R. Ford.)  A twentieth individual is

currently unavailable because she is on FMLA leave (Ex. F, 1/10/08 E-mail from T. Tabacchi to

R. Ford), and Abbott provided the Government with a transcript of the remaining employee's

prior deposition from AWP-related litigation.  (Ex. E, 1/08/08 E-mail from T. Tabacchi to R.

Ford.)

---

[4] *See* Exhibit E, 1/09/08 E-mail From R. Ford to T. Tabacchi.

Abbott has also offered the Government deposition dates for eight of the former employees included in the Government's November Designees, and is rapidly providing dates for the remaining November Designees.  (Ex. F, 1/25/08 E-mails from T. Tabacchi to R. Ford.) Abbott has agreed to produce all November Designees, including former employees, and is currently attempting to do so.  Abbott has contacted each of the former employees that it has been able to locate, and is actively working to find workable deposition dates with them.  Abbott is actively endeavoring to locate, contact, and produce dates for each of the outstanding November Designees.  Thus, the only depositions that remain to be scheduled are those of third-party former employees—individuals who no longer work for Abbott or Hospira—whom Abbott is attempting in good faith to locate and produce to the Government for deposition.

### B.     PERSONNEL FILES

The United States' motion also asks the Court to compel the production of personnel files from the Alternate Site sales force—a production that Abbott has already made.  In May 2007, Magistrate Judge Bowler ruled that Abbott should produce responsive portions of the personnel files of the Alternate Site sales force.[5]  (Ex G, Transcript of Hearing Before Magistrate Judge Bowler at I-56.)  Abbott diligently attempted to locate the employment file for each of these individuals.  Several files contained no responsive information.  Still, by August 2007, Abbott had produced 46 personnel files from Alternate Site sales force members to the Government. Abbott in good faith believed that this production represented the extent of the personnel files in Abbott's possession.

---

[5]This ruling was limited only to personnel files and did not encompass the "working papers" at issue in this motion.  (*See* Exhibit G, Transcript of Hearing Before Magistrate Judge Bowler, at I-53.)  The United States' contrary implication (Memorandum at p. 4) is misleading at best.

The same job code error that caused Abbott to omit the names of certain Alternate Site sales force employees from its initial disclosure to the United States also affected Abbott's internal search for personnel files.  Upon realizing its error, Abbott searched its records again and supplemented its production on Oct. 11, 2007, producing 33 more personnel files to the United States.

Upon further searching, Abbott uncovered four additional personnel files that contained relevant information.  They were produced to the United States on January 17, 2008.  Abbott believes that it has now produced the full extent of relevant Alternate Site sales force personnel files.

## C.      WORKING FILES

Finally, the United States requests that this Court compel Abbott to produce the so-called "working papers" from all current and former employees.  Although Abbott has never been ordered to produce these papers, it has made ongoing efforts to gather and produce Alternate Site employees' working files.

When an Alternate Site sales representative leaves the company's employ, that representative passes on his or her working files to his successor.  Consequently, Abbott has asked each current Alternate Site sales employee at Hospira to search his or her working files for relevant information, which should reveal all relevant "working files" from both current and former employees.  Most current Hospira Alternate Site sales employees have reported to Abbott that they have completed searching their personal files.  Responsive information has been compiled and produced to the government—a substantial task, given that these documents, like the Alternate Site salespeople themselves, are scattered throughout the country.  Employees whose searches did not produce relevant information have signed verifications to that effect, many of which have already been produced to the government; the remaining verifications will

be forthcoming shortly.  (Ex. H, Verifications.)  Abbott is actively following up with the few

individuals who have not yet reported finishing a search of their personal files, and should obtain

their responses soon.

## II.   ARGUMENT

Although the United States managed to fill over ten pages of its memorandum in support

of its motion to compel with allegations about Abbott's so-called "delay tactics," the truth behind

the rhetoric is that the Government has already received most of what it wants, and will receive

the rest in a timely manner.  There is no dispute here for the Court to resolve, and the

Government's motion should be denied as moot. *See, e.g., Drake v. F.A.A.*, 291 F.3d 59, 67

(D.C. Cir. 2002) (request to compel production of documents mooted after Defendant produced

documents).

### A.   ABBOTT HAS ALREADY PRODUCED PERSONNEL FILES AND AVAILABLE WORKING FILES

The majority of the United States' motion to compel asks this Court to compel Abbott to

take actions it has already taken.  There is no dispute here for the Court to resolve with respect to

either the personnel files or the working files; accordingly, the motion to compel should be

denied with respect to those categories of documents.

#### 1.   Personnel Files

This Court should not grant the Government's motion to compel personnel files for a

very simple reason—all relevant personnel files have already been produced to the Government.

Although the United States is correct that Abbott did not produce a personnel file for each and

every member of the Alternate Site sales force, the files that have not already been produced do

not contain relevant information.[6]  There is nothing more for this Court to compel Abbott to produce.

2.   <u>Working Files</u>

There is also no genuine dispute regarding the Alternate Site sales force working files. Abbott has instructed all current employees to search their records for any documents relevant to this case.  Abbott has produced all responsive information that the employees' searches have uncovered, and is in the process of obtaining verifications from each one whose records contained no relevant documents. (*See* Ex. H, Verifications.)  The process of overseeing so many employees' searches of their personal files is time-consuming, but Abbott is making every effort to ensure that all relevant working files are produced to the government as quickly as possible. The Court should not compel Abbott to do more.

**B.   ABBOTT HAS MORE THAN FULFILLED ITS OBLIGATIONS WITH RESPECT TO THE GOVERNMENT'S EXCESSIVE DEPOSITION REQUESTS**

The only actual area of dispute, then, is whether Abbott had sufficiently complied with its obligation to provide the Government with deposition dates for all of the November Designees, including former employees.  As set forth more fully below, Abbott has already made arrangements for the depositions of substantially all current Hospira employees, and has made admirable progress in locating and scheduling for deposition such a large volume of former employees.  The only November Designees that have not yet been scheduled for deposition are former employees, and Abbott has been attempting diligently to locate and contact them.  Abbott is hopeful that it will be able to provide the Government with their deposition dates shortly.

_____

[6] Magistrate Judge Bowler specifically ruled at the May 16, 2007 hearing that Abbott was not required to produce personnel files with no relevant information.  (Ex. G, Tr. of 5/16 Hearing at I-56-57.)

Therefore, Abbott has fully complied with its obligations, and the United States' motion should be denied as moot.

### 1.  Abbott has cooperated diligently in providing deposition dates for current Hospira employees.

None of the former Alternate Site sales force members that the Government seeks to depose are current employees of Abbott, and only 21 are current employees of Hospira.  Abbott has provided deposition dates for substantially all of those current employees, even grouping the deposition dates geographically to the extent possible.[7]  Moreover, Abbott has already provided the Government with the personnel files for each of these employees, as well as all relevant working files.  Despite the Government's accusations to the contrary, Abbott has cooperated fully to arrange for the depositions of its current employees.

### 2.  Abbott has made all reasonable efforts to locate and produce third-party former employees.

It is also unnecessary for this Court to compel Abbott to schedule dates for the 16 former employees included among the November Designees.  As with every other category of information in the Government's motion to compel, Abbott has already cooperated fully with the Government's requests.  (Indeed, with respect to third-party former employees, Abbott has clearly exceeded its obligations.)

To date, Abbott has produced over 70 current and former employees in the AWP-related cases, most at the request of the DOJ.  Many of these individuals have been deposed on more than one occasion.  (For example, former Hospira employee Mike Sellers has been deposed

---

[7] The only current employees for whom a deposition date has not been provided are one employee who is currently on FMLA leave and thus unavailable, and one employees that has already been deposed in AWP-related litigation.  Abbott has provided the Government with a transcript of that employee's prior deposition.  (Ex. E, 1/08/08 E-mail from T. Tabacchi to R. Ford.)

seven times.)  Abbott has consistently cooperated with the Government to produce these individuals, including former employees.

The Alternate Site depositions, though patently burdensome, are no exception.  Abbott has agreed to locate and produce all of the November Designees, including former employees, with all deliberate speed.  It has followed through on its promise, offering the Government deposition dates for more than one-third of them, in addition to the dates for each current employee.   Although the Government might be impatient for the process to move more quickly, that is not reason enough for the Court to order Abbott to do what it has already agreed to do. The Court should instead rule that the Government's motion is moot. *See* 13A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3533.2 (2007) ("Action by the defendant that simply accords all the relief demanded by the plaintiff may have the same [mooting] effect as settlement. So long as nothing further would be ordered by the court, there is no point in proceeding to decide the merits.").

### III.   CONCLUSION

For the foregoing reasons, the United States' motion to compel should be denied.

Dated:  January 25, 2008

Respectfully submitted,

ABBOTT LABORATORIES INC.

By:  /s/ Brian Murray
James R. Daly
Tina M. Tabacchi
Jason G. Winchester
Brian J. Murray
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
Telephone: (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

*Counsel for Abbott Laboratories Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 25, 2008 a true and correct copy of the foregoing **DEFENDANT ABBOTT LABORATORIES INC.'S RESPONSE TO THE UNITED STATES' MOTION TO COMPEL ABBOTT TO PROVIDE DEPOSITION DATES FOR MEMBERS OF ITS ALTERNATE SITE SALES FORCE AND TO PRODUCE RELATED DOCUMENTS** was served upon all counsel of record electronically by causing this motion to be posted via Lexis-Nexis.

/s/ Carol P. Geisler