# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) )  ) )  ) )  ) MDL No. 1456<br>Master File No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*City of New York, et al.*<br>    *v.*<br>*Abbott Laboratories, et al.* | ) )  ) )  ) )  ) )  Civil Action No. 04-cv-06054 et al. |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT BOEHRINGER INGELHEIM ROXANE LABORATORIES, INC.

Case Management Order ("CMO") #33 unequivocally directs that discovery shall proceed on all NDCs in NY FACC Exhibit B with spreads greater than 30% and reimbursed based on Average Wholesale Price ("AWP"). Roxane does not dispute this. Rather, Roxane argues, without any support whatsoever, that it need not comply with CMO #33 because (a) in demanding compliance, plaintiffs are seeking to expand their case; (b) plaintiffs are not prejudiced by Roxane's non-compliance; and, (c) the discovery sought by plaintiffs may never have to be produced depending the outcome of the anticipated summary judgment motions on the FUL fraud issues. *See* Defendant Boehringer Ingelheim Roxane, Inc.'s Opposition to Plaintiffs' Motion to Compel Discovery ("Roxane Opp.") at 2, 7, *e.g.* None of these arguments are supported by the rulings of this Court, common sense or otherwise.

First, plaintiffs are not seeking to expand anything.  Plaintiffs are requesting compliance with a Court Order.  CMO #33 permits discovery on all FACC Exh. B NDCs reimbursed based on AWP and with spreads of 30% and above.  That is precisely what plaintiffs seek.

Second, Plaintiffs need not demonstrate prejudice in order to request compliance with a Court Order.  Roxane's opposition brief offers no authority for a proposition *contra*, nor could it.

Third, there is no logical basis to argue that the outcome of the FUL-focused discovery and the eventual summary judgment motions on plaintiffs' FUL-related claims will have any impact on Roxane's or any other defendants' obligations to produce discovery related to plaintiffs' AWP-related claims.  Notably, Roxane's opposition does not offer any explanation as to how one would impact the other.  This is because the twain simply do not meet.  Roxane knows that and it is frivolous to suggest otherwise.

Finally, Roxane's comment that its non-compliance should be excused because it would "require a massive effort to determine when a FUL applied (or not) to a particular NDC and for what time periods" (Roxane Opp. At 7) is absurd.  The information regarding when a Drug was subject to a FUL or not is readily available in the FDB NDDF file.  Plaintiffs would be happy to supply this information to Roxane or any other defendant if they cannot access it themselves[1].

---

[1] Plaintiffs note also that they have produced the entire FDB NDDF file to defendants.

## CONCLUSION

For all the foregoing reasons, plaintiffs' motion to compel discovery from Roxane should be granted, together with the request for plaintiffs' counsel fees and costs associated with this motion.

Dated:  January 25, 2008

Respectfully submitted,

**City of New York and all captioned Counties except Nassau and Orange, by**

**KIRBY McINERNEY, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
    By:  Joanne M. Cicala (JC 5032)
        James P. Carroll Jr. (JPC 8348)
        Aaron D. Hovan (AH 3290)

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on the 25th day of January, 2008 she caused a true and correct copy of the Reply Memorandum In Further Support Of Plaintiffs' Motion To Compel Discovery From Defendant Boehringer Ingelheim Roxane Laboratories, Inc. to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.  The response was posted to Lexis Nexis File and Serve's Electronic Service System.

<u>/s/ Joanne M. Cicala</u>
Joanne M. Cicala, Esq.
Kirby McInerney & Squire
830 Third Avenue, 10th Floor
New York, NY 10022
(212) 371-6600