## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

### MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR INJUNCTION AGAINST ROBERT J. SWANSTON AND DONALD E. HAVILAND FROM PURSUING OVERLAPPING CLAIMS AND DEFENDANTS IN *SWANSTON V. TAP PHARMACEUTICAL PRODUCTS, INC., ET. AL.*

## I.    INTRODUCTION

The Motion for Injunction Against Robert J. Swanston and Donald E. Haviland From Pursuing Overlapping Claims and Defendants in *Swanston v. TAP Pharmaceutical Products, Inc. et. al.*, ("Motion for Injunction") is both factually and legally deficient and, on its face, demonstrates that this Court lacks the requisite jurisdiction to enter the requested injunction against the undersigned or his client, among others, to conduct state court proceedings in Arizona – proceedings which have been underway since this Court remanded the "*Swanston* case" back in 2004.[1] *See In re Pharmaceutical Industry Average Wholesale Price Litig.,* 307 F.Supp 2d 190 (D.Mass 2004).

---

[1]    *Swanston v. TAP Pharmaceutical Products, Inc.*, et. al., C.V. 2002-004988 (Hon. Janet B. Burton) (the "*Swanston case*").

Because the factual matters discussed in Defendants' moving papers directly inform the jurisdictional bases which are challenged by specially appearing counsel, these same facts must be discussed in the context of this limited challenge to this Court's jurisdiction.[2]  The moving papers are factually deficient in that they are replete with misstatements, inaccuracies and incomplete statements about purported facts respecting the state court class action being conducted by Mr. Swanston, by and through his undersigned counsel, and several other firms [none of whom have ever appeared in this Court],  and the claimed "interference" with this Court's jurisdiction by the class representative and counsel in these cases.   An example of such misstatement is Defendants' claim that <u>they</u> proposed the dismissal of overlapping claims in the *Swanston* case, and that the undersigned "refused" to dismiss overlapping claims. This is false. As the record in *Swanston* supports, it was plaintiff counsel who first proposed the dismissal of overlapping claims for drugs sold by Defendants in MDL1456. *See, e. g.*, Motion to Dismiss Without Prejudice Certain Claims and Defendants at the Affidavit of Donald E. Haviland, Jr. Esquire ("Haviland Aff."), Exhibit "A".   Further, Defendants' claim that this Court's directive of September 11, 2007 somehow applied to the statewide consumer class claims being

---

[2]      The discussion of the factual inaccuracies and legal shortcomings in the Motion for Injunction should not be deemed a waiver of specially appearing counsel's limited appearance to challenge this Court's jurisdiction and the propriety of the injunction sought.

pursued in *Swanston* is unsupported. Nowhere in the record of the September 11 proceeding was the subject of *Swanston* or the *statewide* consumer class claims pending in Arizona state court ever mentioned, despite the awareness of this Court and Defendants about such pending case and claims.[3]  Instead, in view of the Court's directive as to the New Jersey nationwide class case, and in an abundance of caution to avoid any future conflict with MDL 1456, *Swanston* plaintiff counsel voluntarily proposed the dismissal of overlapping claims. *See* Haviland Aff. at Ex. A.

The moving papers are similarly deficient legally in each of the following ways:

(1)    the Defendants fail to establish this Court's jurisdiction to enter the injunction – both personal jurisdiction over the parties sought to be enjoined and exclusive subject matter jurisdiction over the claims at issue in these cases;

(2)    they fail to demonstrate that any of the three (3) narrow exceptions to the Anti-Injunction Act have been satisfied;

---

[3]      *See, id.*; *see also*, *In re Pharmaceutical Industry Average Wholesale Price Litig.,* 230 F.R.D. 61, 80-81 (D. Mass 2005) (discussing *Swanston*).

(3)     the request for an injunction should be deemed moot in light of the present posture of the *Swanston* action whereby the Arizona court is deciding the issue of overlap; and

(4)     the request would otherwise violate the *Rooker-Feldman* Doctrine and the Full Faith and Credit clause of the Constitution by failing to give effect to the judgment of the Arizona Court in assuming jurisdiction over the question of overlap, and the voluntary dismissal of overlapping claims, as part of its exclusive jurisdiction over the state claims asserted in the *Swanston* case.

For these reasons, this Court should refrain from taking the extraordinary step of issuing a blanket order enjoining pursuit of consumer class claims against a whole host of Defendants - many of whom are not subject to this Court's jurisdiction - which claims are not "overlapping" with claims being pursued in this Court.[4]  As discussed more fully below, several of the movant parties who claim they are before this Court are not, including: AstraZeneca L.P. (which was never sued in the MDL

---

[4]     While Defendants have not addressed the Constitutional implications of their requested injunction, specially appearing counsel hereby raise (and preserve for appeal, if necessary) the fact that the requested injunction and the manner in which defense counsel have gone about pursuing the injunction, violates the constitutional rights of Mr. Swanston, his counsel, and other party-defendants not represented here (including the named Defendant TAP Pharmaceutical Products, Inc. ("TAP"), its counsel, and the many other individual defendants and their counsel who are not in MDL 1456), including their respective rights to due process, both procedural and substantive, free speech and the right to a timely trial by jury, among others.

1456 consumer class cases), Schering-Plough Corporation and Warrick Pharmaceuticals Corporation (which were both dismissed from Track 1, Class 1 for lack of a consumer class representative), and Johnson & Johnson, Centocor, Inc., and Ortho Biotech Products, L.P. (all of whom are currently on appeal to the First Circuit due to this Court's summary dismissal of the consumer class claims against them). *See generally*, Findings and Order on Motion of Track 1 Defendants for the Entry of Judgment Pursuant to Federal Rule of Civil Procedure 54(b).

## II.   BACKGROUND[5]

### A.   THE STATE COURT LITIGATION

#### 1.   The New Jersey AWP Action

The case of *International Union of Operating Engineers, Local 68*, C.A. No.: CPM-L-682-01 (Monmouth County, N.J.) ("*Local 68* case") was one of the first lawsuits filed in the country against the manufacturers, distributors and sellers of prescription drugs for claims involving the inflation of AWP. On June, 30, 2003, the International Union of Operating Engineers, Local No. 68 Welfare Fund ("Local 68")

---

[5]      The facts summarized herein are attested to by the Affidavit of Donald E. Haviland, Jr., Esquire ("Haviland Affidavit") and exhibits attached thereto.  The Haviland Affidavit seeks to set the record straight on the status of the state court class actions about which this Court has been misled, either by design or purposeful neglect, as it is manifest from the representations about the state cases that the Defendants' counsel either do not know or have not properly informed this Court about what has happened in the state cases since they were filed nearly four (4) years ago, and were remanded by this Court (after having been improvidently removed to Federal court by these same Defendants) more than two (2) years ago.

by and through its undersigned counsel and several other law firms, filed a

nationwide class action lawsuit against TAP Pharmaceutical Products, Inc ("TAP"),

Takeda Chemical Industries, Ltd. ("Takeda"), and dozens of other defendants.[6]  (In

addition to TAP and Takeda, the Defendants listed **in boldface** in footnote 6 are not

Defendants in the MDL 1456, and therefore are not "overlapping.") The case was

removed to federal court in July, 2003 and was transferred to the MDL 1456

proceeding before this Court in early July 2004.  Prior to the transfer, however, Local

68 filed a Motion for Remand.  After nearly two years, this Court remanded the case

back to state court, finding in its opinion that Defendants violated Rule 11 of the

Federal Rules of Civil Procedure through misrepresentations in their Notice of

Removal. *See* Memorandum and Order dated April 14, 2006 of this Court at Docket

No. 2423 (remanding the *Local 68*).

---

[6]     The other Defendants include: **AstraZeneca PLC;** AstraZeneca Pharmaceuticals LP; **AstraZeneca LP**; Zeneca, Inc.; Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; **G.D. Searle Company; Sanofi-Synthelabo Inc**.; Johnson & Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.; **Alpha Therapeutic Corporation; Hoffman La-Roche Inc**.; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International Inc.; Baxter Healthcare Corporation; Immuno-U.S., Inc.; **Boehringer Ingelheim Corporation**; **Ben Venue Laboratories, Inc**.; **Bedford Laboratories; Roxane Laboratories, Inc**.; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa Pharmaceutical Co., Ltd.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; **Novartis International AG**; **Novartis Pharmaceutical Corporation**; **Sandoz Pharmaceutical Corporation**; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia Sicor Pharmaceuticals, Inc.; **Wyeth**; **Wyeth Pharmaceuticals**; **Saad Antoun, M.D.**; **Stanley C. Hopkins, M.D.**; **Robert A. Berkman, M.D.**

The *Local 68* Complaint defined the following class, for which a class certification motion is not due to be filed until July 31, 2008 pursuant to CMO 3 (*see* Haviland Aff. at Exhibit "C").

> All persons and entities in New Jersey and throughout the [country][7] who, during the period beginning at least 1991 through the present, paid any portion of the cost of cancer, inhalant and miscellaneous other drugs manufactured, marketed, distributed and sold by Defendants, which cost was based, in whole or in part, upon the published AWPs for such drugs. Excluded from the Class are Defendants, any entity in which a Defendant has a controlling interest, and their legal representatives, heirs, successors, any governmental entities, and any person or entity seeking to make a claim under ERISA, Medicare, or federal law.

Haviland Aff. at Exhibit "B" (*Local 68* Complaint). While this Court has found otherwise, Special Master Bassler understood that the Complaint pled a nationwide class and has been conducting discovery in the case in accordance with such definition. *See, e.g.,* Report of Special Master as to Case Management Order No. 3 (at Haviland Aff. Exhibit "C".) at 2. ("The issue of class certification is critical, particularly now that the plaintiffs are pushing for national class certification as the

---

[7]     The word "country" was misspelled "county" in the class certification definition, even though the word "country" was spelled properly throughout the complaint. The plaintiff expects to correct a typographical error that appears in the class definition set forth in its Complaint through its Motion for Class Certification. Such correction will make clear that the Class sought to be certified includes entities "in New Jersey and throughout the country", thereby correcting the error in the word "county" which this Court has deemed significant in its past rulings.

complaint asserts but contrary to what was represented to Judge Saris that this was to be only a state class action.")

### 2.    The Arizona AWP Action

In March 2002, a class action complaint was filed in Superior Court of Maricopa County, Arizona, entitled *Swanston v. TAP Pharmaceutical Products Inc., et. al.*, Case No. CV 2002-004988 (Superior Court, Maricopa County, Arizona) ("the *Swanston* action"). See *Swanston* Complaint of Haviland Aff. at Exhibit "D". The undersigned was *retained* by Mr. Swanston, along with several other firms to represent Mr. Swanston and the Arizona consumer class. The *Swanston* action named as defendants TAP, as well as over 40 other defendants.[8] (The defendants listed in **boldface** in footnote 9 are not defendants in MDL 1456, and therefore should not be deemed to be "overlapping". The Defendants listed in *italics* in footnote 9 are no longer part of MDL 1456, for the reasons set forth, at page 4.)

---

[8]    The other defendants included Zeneca, Inc.; AstraZeneca Pharmaceuticals LP; **AstraZeneca LP; AstraZeneca PLC**; Abbott Laboratories, Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; **G.D. Searle**; *Johnson & Johnson*; **Ethicon Endo-Surgery, Inc.; Indigo Laser Corporation; Alza Corporation**; *Centocor, Inc.; Ortho Biotech*; Bayer Corporation; **Wyeth; Wyeth Pharmaceuticals**; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Baxter International Inc.; Baxter Healthcare Corporation; **Boehringer Ingelheim Corporation; Ben Venue Laboratories, Inc.; Bedford Laboratories; Roxane Laboratories, Inc.;** Bristol-Myers Squibb Company; Oncology Therapeutics Network Corporation; Apothecon, Inc.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; *Schering-Plough Corporation*; *Warrick Pharmaceuticals Corporation*; Sicor, Inc.;Gensia Sicor Pharmaceuticals, Inc.; Dey, Inc.

As with the *Local 68* case, defendants removed *Swanston* improvidently to Federal Court in July, 2003.  After it was transferred to this Court by the Judicial Panel on Multidistrict Litigation, it languished for two years.  A hearing on plaintiff's motion to remand was held in October 2003, and the case was remanded back to Arizona state court in January 2004, where it has been proceeding ever since, without complaint by any Defendant.

## III.  ARGUMENT

### A.   THE ANTI-INJUNCTION ACT PROHIBITS THE RELIEF SOUGHT

**1.    The Anti-Injunction Act's "Absolute Prohibition Against Enjoining State-Court Proceedings" Recognizes the Power of State Courts in Our Dual Court System.**

Defendants seek to invoke this Court's authority under the All Writs Act, 28 U.S.C. §1651(a), to issue a sweeping injunction against "pursuing claims and defendants conflicting with the MDL."  Mem. In Support at 1.  While the All Writs Act plainly provides that federal courts may issue "all writs necessary or appropriate in aid of their respective jurisdictions," *id.*, the power of federal courts under the All Writs Act is bounded and constrained by the countervailing policies of the Anti-Injunction Act, 28 U.S.C. §2283.  On its face, the Anti-Injunction Act prohibits a federal court from enjoining state-court proceedings.  *See Garcia v. Bauza-Salas*, 862 F.2d 905, 907 (1st Cir. 1998) (citing *Atlantic Coastline Rail Co. v. Brotherhood of*

9

*Locomotive Engineers*, 398 U.S. 281, 286 (1970)).  The Anti-Injunction Act is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coastline Rail Co.*, 398 U.S. at 286; *1975 Salaried Retirement Plan v. Nobers*, 968 F.2d 401, 405 (3d Cir. 1992).

As the Court of Appeals for the Third Circuit held in *In re: Glenn v. Turner Enterprises Litigation*, 521 F.2d 775 (3d Cir. 1975):

> [t]he fundament of the rule forbidding federal courts from enjoining parallel *in personam* state proceedings is a recognition of the principle that absent statutory or constitutional directive, the state and lower federal courts are independent, and that a federal action is not superior to a state proceeding merely because of its federal character. [citation omitted].  As a corollary to this principle, judgments resulting from federal actions are not preferred to judgments resulting from state actions because of their federal character.
>
> *   *   *
>
> Both [Federal and State] courts are free to proceed without reference to the action in the other court.  Whenever a judgment is rendered in one court, it may be pleaded in the other and the effect of that judgment will be determined by the application of the principles of *res judicata* by the other court...

527 F.2d at 780.

Even where, as in *Nobers* (but not the case here)[9], the state court is impermissibly exceeding the scope of its jurisdiction in considering exclusively federal-law issues (*i.e.* issues in which federal law has pre-empted state law, and which should not be considered by a state court), the federal court does not enjoin the state court. Rather, the state-court proceeding is permitted to run its course, and is tested by appeal through the state court appellate system. *Nobers*, 968 F.2d at 408; *Chick Kam Choo v. Exxon*, 486 U.S. 140, 146 (1988).

Since the state court in Arizona has before it, and is poised to determine, the very issue that Defendants seek to have this Court determine – indeed, it is on the eve of having a hearing on Mr. Swanston's voluntary Motion to Dismiss, about which Defendants were aware *before* they filed the instant Motion for Injunction – perhaps the recent ruling of Magistrate Judge Dein of this Court should guide this Court's decision:

> ...notions of comity advise against enjoining Plaintiffs' action. This is especially true given that the state court has presided over this case for more than a year, the [movant] knew of the state court proceedings since its inception, and yet the [movant] seeks to stop the action quite literally on the eve of trial.

*United States of America v. Weeks*, 2001 WL 1688891 (D. Mass. Dec. 7, 2001) at *4.

---

[9]    This Court's remand decision confirmed that *Swanston* did not raise exclusively federal-law issues.

## 2.    This Court Lacks The Requisite Jurisdiction to Issue the Requested Injunction In This Case.

Before turning to the applicability of any of the recognized exceptions to the Anti-Injunction Act, the Court must satisfy itself that it has the requisite jurisdiction to hear the application for the injunction.  *See*, *e.g.*, *Carlough v. Amchem Products, Inc.*, 10 F.3d 189, 198 (3d Cir. 1993) ("neither the Anti-Injunction Act, 28 U.S.C. § 2283 (1970), nor the All-Writs Act, 28 U.S.C. § 1651 (1988), dispels the federal court's jurisdictional requisite or divests the [state] court of its jurisdiction to adjudicate the [subject] action, but rather the judicial authority extended by the Acts is wholly derivative in nature.  Thus, the application of the Anti-Injunction and All-Writs Acts should have been preceded by the satisfaction of jurisdictional prerequisites.").  This requires the Court to first determine whether it has (1) personal jurisdiction over the parties sought to be enjoined, and (2) subject matter jurisdiction over the controversy.

Turning to the question of personal jurisdiction, while this Court possesses the power to enjoin the Defendants and their counsel who are all before it in this MDL proceeding, it lacks the power to enjoin Mr. Swanston or his Arizona counsel, who are not before this Court (and never have been)[10].  *See In re General Motors Corp.*

---

[10]    The undersigned is appearing before this Court on Mr. Swanston's behalf for the limited purpose of contesting the exercise of jurisdiction and the issuance of the requested injunction.

*Pick-Up Truck Fuel Tank Products Liability Litig.*, 134 F.3d 133, 140-41 (3d Cir. 1998) ("*G.M. Trucks*") ("At the threshold, we must examine our power over the parties.") (citing *Carlough*).   None of the following parties who will be affected by the requested injunction are before this Court or are subject to the personal jurisdiction of this Court: the named plaintiff (Robert Swanston), the absent class members in putative class of consumer purchasers of Defendants' non-overlapping drugs (*see* class definitions), their counsel (Jennings, Haug & Cunningham, The Law Offices of Harry J. Miller, and The Williams Law Firm), the other defendants listed in footnote 9 above (in **boldface** and *italics*) or their national or local counsel.

As for subject matter jurisdiction, this Court's jurisdiction is not exclusive. *Nobers*, 968 F.2d at 405-406 ("we must first determine whether federal courts have exclusive jurisdiction over the claims in *Nobers II*").   Even where the federal court does have exclusive jurisdiction and the state court is proceeding in violation of federal law, that does not itself warrant an injunction:

> A federal court does not have inherent power to ignore the limitations of 28 U.S.C. §2283 and enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area pre-empted by federal law, even when the interference is unmistakably clear.

*Chick Kam Choo*, 486 U.S. at 146.

Defendants have made no attempt to demonstrate how this Court has exclusive jurisdiction over the claims against Mr. Swanston or his counsel. None of the claims asserted by MDL Class Plaintiffs provides exclusive jurisdiction to the federal court.[11] Claims being pursued in Arizona state court are not presently before this Court, such as unjust enrichment and common law fraud,[12] as well as common law conspiracy, concert of action, and aiding and abetting.[13] *See Swanston* Complaint at Haviland Aff. Ex. "D". That this Court does not possess exclusive jurisdiction over the claims against Defendants in the state courts is borne out by the remand orders of this Court in both *Swanston* and *Local 68*. *See* discussion *supra*.

### 3.   The Requested Injunction Does Not Fall Within Any Recognized Exception to the Absolute Bar.

Defendants have not established that they fall within any of the three narrow exceptions to the Anti-Injunction Act, which are rigorously construed, and which "should not be enlarged by loose statutory construction." *Atlantic Coastline Rail Co.*, 398 U.S. at 287.  Nor can they hope to on the record before this Court.  Any doubts

---

[11]    *See* 18 U.S.C. § 1961 *et seq.*(respecting the RICO claim that was denied by this Court); *see Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16 (1st Cir. 2004) (Plaintiff's state court complaint included a count for violation of federal RICO Act).

[12]    These causes of action were not pled in the original Complaint respecting the consumer class, but they both survived motions to dismiss in Arizona court.

[13]    These common law claims have never been pursued in the MDL.

as to the propriety of the requested injunction must be resolved against issuing the injunction.[14]  *Id.* at 297 ("The explicit wording of Section 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitable to that conclusion.").

On the face of the Motion for Injunction, it appears that Defendants seek only to obtain an injunction pursuant to the "necessary in aid of [a federal court's] jurisdiction" exception.  *See* Mem. in Support at 5-6.[15]  The "necessary in aid of jurisdiction" exception to the Anti-Injunction Act requires this Court to make two threshold findings: (a) that it has exclusive jurisdiction over the claims, and (b) if so, that an injunction is necessary to preserve that jurisdiction.  *Nobers*, 968 F.2d at 405-06.

---

[14]     The bar of the Anti-Injunction Act cannot be avoided by styling the injunction as one against a "party", such as Mr. Swanston.  *See, e.g., County of Imperial v. Munoz*, 449 U.S. 54, 58-59 (1980); *In re Prudential Ins. Co. of America Sales Practice Litig.*, 261 F.3d 355, 365-66 (3d Cir. 2001); *Nobers*, 968 F.2d at 405 ("although technically the Plans seek only to enjoin the Appellees and not the state court proceeding itself, the Anti-Injunction Act cannot be evaded by such a formality.")

[15]     Although Defendants do not argue that the requested injunction would be permissible under the "as expressly authorized by Congress" or "to protect or effectuate its judgments" exceptions, 28 U.S.C. 2283, plainly neither exception applies here.  Defendants point to no federal statute which authorizes an injunction in this case, and no "actual judgment of this Court has been cited to warrant invocation of the "relitigation exception" to the Anti-Injunction Act.  *See generally*, *Chick Kam Choo*, 486 U.S. at 147 ("The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court.  It is founded in the well-recognized concepts of res judicata and collateral estoppel.").

15

Assuming, *arguendo*, exclusive jurisdiction could be shown, Defendants cannot satisfy the prerequisite that "an injunction is necessary to preserve that jurisdiction." *Nobers*, 968 F.2d at 406.  Indeed, the Supreme Court has held that "conduct not shown to be detrimental to the court's jurisdiction or exercise thereof could not have been enjoined under the Act." *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) (citing *Continental*).  Again, no attempt to make the requisite showing was even attempted, but if it had, the substantial differences between the parties, class period, claims, defendants and legal theories of the *Swanston* case undermine any claim that this Court's jurisdiction is in any way threatened and that an injunction must issue "to preserve that jurisdiction."

The "necessary in aid of jurisdiction" exception to the Anti-Injunction Act is typically limited to two situations: (1) where a case had been removed to federal court, and an injunction was needed to prevent the state court (from which the case had been removed) and the federal court (to which the case had been removed) from simultaneously adjudicating the very same action; and (2) cases *in rem*, where the identical "*res*" could not simultaneously be the subject of litigation before a federal and state court.  *Nobers*, 968 F.2d at 407.[16]  With this Court having remanded this

---

[16]    "[T]he typical application of this exception has been in removal cases (where the District Court must ensure its exclusive governance of the particular litigation removed) and in *in rem* cases (where, under the traditional view, only one court can entertain jurisdiction over a particular physical

case in 2004, and with no identifiable "identical res" being pursued, neither of these situations is present in the matter at bar.

While this narrow exception has been extended past strict "*in rem*" cases to include cases where "federal injunctive relief is necessary to prevent a state court from so interfering with a federal court's consideration of a case as to seriously impair the federal court's flexibility and authority to decide that case," *James v. Bellotti*, 733 F.2d 919, 993 (quoting *Atlantic Coastline*, 398 U.S. at 295), this extension of the exception remains a narrow one limited to cases of demonstrable "serious impairment." *See, e.g., Garcia*, 862 F.2d at 909 (applying the narrow extension to the exception to a school desegregation case wherein a state court proceeding threatened to interfere with ongoing federal oversight).

While other courts have analogized this narrow extension of "serious impairment" to actions *in rem*, and have sought to apply the extension in certain situations involving MDL litigation,[17] the Court of Appeals for the First Circuit does not appear to have ruled on this issue, and this Court's issuance of an injunction under Defendants' reading of the law would appear to be the first of its kind in this

---

*res*)." *Id.*

[17]    *See, e.g., In re Baldwin-United Corp*, 770 F.2d 328, 337 (2nd Cir. 1985); *In re Diet Drugs*, 282 F.3d 220 (3d Cir. 2002); *In re American Honda*, 315 F.3d 417, 441 (4th Cir. 2003).

jurisdiction.[18]  Though certain federal courts have observed that a federal court in an MDL proceeding may possess the power, in limited circumstances, to enjoin parallel state court proceedings, the Supreme Court has admonished federal courts to use such power "sparingly."  *See, e.g., Atlantic Coastline*, 398 U.S. at 294.  And, even in such cases, "conduct not shown to be detrimental to the court's jurisdiction or exercise thereof [may not be] enjoined under the Act."  *ITT Community Development Corp.*, 569 F.2d at 1359.

While Defendants acknowledge their difficult burden of demonstrating to this Court that the requested injunction is "necessary to prevent... serious [] impair[ment]," Mem. in Support at 6, their explanation in their brief demonstrates on its face that they cannot meet this burden.  Defendants claim:

> This Order is necessary to prevent Mr. Haviland and his associated attorneys from highjacking the MDL through a similar parallel state court case whose *apparent purpose and effect* would be to undermine six years of litigation in this Court...".

Mem. in Support at 5 (emphasis supplied).  Parsing their own words, it is readily apparent Defendants concede they are merely speculating about their fears that the

---

[18]     Indeed, the First Circuit's decision in *Hayes Industries, supra,* may be read as rejecting any such extension.  *Hayes Industries, Inc.*, 387 F.2d at 501 ("Whatever its meaning, however, the law is clear that [the "necessary in aid of jurisdiction" exception] does not apply when the federal court has before it a mere *in personam* cause of action between two parties which has not gone to judgment." [citations omitted]).

Arizona state court allegedly is going to, *in the future*, proceed upon some purported "current path" which ultimately "***could*** seriously impair" this Court's jurisdiction. There has been, and cannot be, any reasonable showing by Defendants that the state court has done anything in the past, or will do anything in the future, to <u>actually</u> seriously impair "the federal court's flexibility and authority to decide that case [before it]," as required. *Atlantic Coastline*, 398 U.S. at 295. Instead, the factual record set forth above demonstrates that the opposite is true - *i.e.* that Defendants' counsel have sought to impair the flexibility and authority of the state court to decide the case before it. A further problem of showing "serious impairment" has in the fact that the Court's adjudication of the Track 1 consumer claims is nearly complete - with the claims being dismissed as to Schering/Warwick (for want of a class representative) and the J&J Defendants (whose judgment is on appeal), and settled as to the others, AstraZeneca (settled as to Zolodex and pending final approval) and BMS (awaiting preliminary approval).[19]

Defendants chose, of their own volition, not to seek to discuss with Mr. Swanston's counsel the scope of the voluntary dismissal. Instead, they prefer to do an end run around Judge Albrecht's jurisdiction to decide the matter pursuant to a

---

[19]    Since plaintiff's Motion to Dismiss proposes to dismiss without prejudice, Mr. Swanston's claims for the drugs covered by these settlements, there is no overlap and no "serious impairment."

procedure she ordered the parties to follow, and to which Defendants did not object.

On this record, "serious impairment" of the federal court may not be shown.

### B. THERE IS NO BASIS - LEGAL OR FACTUAL - FOR THE REQUESTED INJUNCTION

#### 1. The Legal Precedents Cited By Defendants Do Not Support Their Claim For An Anti-Injunction Act Injunction.

Defendants boldly proclaim that "federal courts can enjoin state court class actions that threaten the ability of the federal court to manage complex class actions, particularly multidistrict proceedings." Memo in Support at 6.  However, the cases cited by them in support of this proclamation bear no resemblance to this case.

In *Carlough v. Amchem Products, Inc.*, 10 F.3d 189 (3rd Cir. 1993) an injunction was sought from the MDL Court to protect a pending federal class action settlement which was threatened by state court proceedings.  There is no such federal class action settlement in this case, apart from the AstraZeneca settlement for Zoladex (which claim Mr. Swanston has agreed to dismiss voluntarily by his state court papers) and BMS (for which no settlement approval papers have been filed, but which claims Mr. Swanston also has agreed to dismiss).  This Court need look no further than the parties' pleadings on class certification and trial (of TPP class cases) to gauge the prospects of a consumer class settlement, even assuming there was an adequate Class representative (which there is not).  Consequently, the authority to

20

issue an injunction under the circumstances set forth in *Carlough* and other cases involving class action settlements in federal court is inapplicable here. Indeed, the jurisprudence in this area clearly demonstrates that there is no exclusivity reserved for an MDL proceeding to entertain a class action settlement where overlapping cases exist in federal and state court.  *See, e.g., Matsushita Electric Indus. Co. Ltd. v. Epstein*, 516 U.S. 367 (1996) (holding that the "necessary in aid of jurisdiction" exception did not warrant an Anti-Injunction Act injunction in a case even where exclusively Federal claims were extinguished by a Delaware state court settlement, despite the fact that the Delaware state court did not have subject matter jurisdiction over those claims and could not have adjudicated them at trial.); *In re General Motors Corp. Pickup Truck Fuel Tanks Products Liability Litig.*, 134 F.3d 133 (1998) (affirming the denial of an Anti-Injunction Act injunction against a Louisiana state court's consideration of a nationwide settlement on grounds that, *inter alia*, such injunction was precluded by principles of personal jurisdiction, Full Faith and Credit, and the Anti-Injunction Act).

### 2. The Suggested Bases For The Requested Injunction Are Contradicted By The Record Presented Herein and Are Legally Meritless.

Defendants' injunction seeks to bar "Mr. Robert Swanston, Mr. Donald E. Haviland, or any other class representative from pursuing claims in *Swanston* against

defendants named in the MDL or whose parents, subsidiaries, affiliates, or predecessors are named in the MDL". Mem. in Support at 8. Such an injunction would be overbroad. Further, the bar that Defendants seek against the *Swanston* case, and the Arizona court's exercise of its proper jurisdiction over the subject manner of the voluntary dismissal of parties (brought on by Plaintiff's Motion), is legally impermissible under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine grows out of two Supreme Court cases. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The doctrine is a recognition of the principle that the inferior federal courts generally do not have the power to exercise appellate review over state court decisions. In *Rooker,* the Supreme Court stated that because the jurisdiction of the federal district courts was strictly original, those courts cannot reverse or modify a state court judgment -- even if that judgment is wrong. Only the Supreme Court has that power ... [A] district court "has no authority to review final judgment of a state court in judicial proceedings." *Kamilewicz v. Bank of Boston Corporation,* 92 F.3d 506, 509-510 (7th Cir. 1996), *rehearing and rehearing en banc denied,* 100 F.3d 1348 (7th Cir. 1996) (citations omitted), *cert. denied,* 117 S. Ct. 1569, 1997 WL 49640 (Apr. 28, 1997).

The *Rooker-Feldman* doctrine applies directly to this case and specifically to state court orders, like the order of Judge Albrecht that the parties brief and submit to her for final decision the matter of plaintiff's voluntary dismissal of overlapping claims as to overlapping defendants. In *Narragansett Indian Tribe of Rhode Island v. Banfield*, 294 F. Supp.2d 169, (D.R.I.2003), the District Court of Rhode Island responded to what Defendants essentially seek here by clearly stating, "that dog won't hunt". *Id*. at 172. In *Narragansett*, an Indian tribe sought to enjoin enforcement of a discovery order entered by the Superior Court of Rhode Island. The Superior Court had granted a motion to compel discovery answers. The District Court held that "[t]he *Rooker-Feldman* doctrine is squarely applicable to this case; the relief sought in this action is nothing less than an outright reversal and nullification of the discovery order of the Superior Court. Such a direct attack...is jurisdictionally impermissible." *Id*. at 174.

Likewise, the First Circuit has held, in the context of litigants seeking to bar enforcement of state court orders, that there is no "need for independent federal reexamination" of the state court order. *Penobscot Nation v. Georgia-Pacific Corp.*, 254 F.3d 317, 324 (1st Cir. 2001). Other Circuit Courts have found similarly that the *Rooker-Feldman* doctrine precludes district court jurisdiction over efforts to circumvent state court orders. *See Union Planters Bank National Assoc. v. Salih*, 369

F.3d 457 (5th Cir. 2004)(bank barred under *Rooker-Feldman* doctrine from seeking

inferior federal court review of state court order)  *Doe & Assocs. Law Offices v.*

*Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001)(same proposition).

Thus, it is not permissible legally for Defendants to seek essentially to bar

enforcement of Judge Albrecht's order that the matter of voluntary dismissal of

overlapping claims be submitted to her for decision in March.  Moreover, under the

circumstances in which the subject order arose in Arizona and is expressly intended

to lead to a further order by the Arizona court, injunctive relief is inappropriate. Judge

Albrecht in the Arizona Court has primary and exclusive jurisdiction over the

procedure in her courtroom and the application of Arizona law to the *Swanston* case.

Consequently, it was well within her power and authority to rule upon plaintiff's

request that overlapping claims with the MDL be dismissed in the manner she did.

Her forthcoming ruling on plaintiff's Motion to Dismiss will simply be her final

ruling on the matter about which she has already ruled, in part.

Defendants seek an absolute bar of all future state proceedings against

"overlapping Defendants" regardless of the fact that, after Judge Albrecht rules,

presumably there will be no further overlapping claims for overlapping drugs sold by

overlapping Defendants. They claim that such a bar is necessary to protect the

jurisdiction of this MDL Court from "substantial impairment."  Apart from the fact

that the record in this case shows (1) that there has been no impairment of the jurisdiction of the MDL up until this point – substantial or otherwise, (2) that if impairment has occurred in the past (or is presently occurring), it has been at the movant's own hands by reason of how they have conducted themselves (i.e. in refusing to cooperate with plaintiff's counsel to determine the nature and scope of the overlap), and (3) there has been no reasonable showing of any future likelihood of impairment of this MDL proceeding through the future proceedings in Arizona state court, especially after Judge Albrecht rules on the requested voluntary dismissal. The discovery in MDL 1456 is over. The Track 1 consumer cases are done. And, the Track 2 consumer cases are awaiting a class certification decision, which decision may never come because, in this Court's view, there a no qualified representative plaintiffs. Consequently, the bar against all future proceedings in state court against Defendants, simply because they exist as Defendants in this MDL for non-certified class claims involving drugs which Mr. Swanston already has agreed to dismiss from his case is unfounded and overbroad.

Such an injunction should be denied as overbroad, ambiguous and overreaching. *See*, *e.g.*, *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203 (7th Cir. 1996) (cited by Defendants) (injunctions issued by an MDL court must be "narrowly crafted to prevent the specific abuses which threatened the court's ability to manage

the litigation effectively and responsibly.").  No case has been cited by Defendants

wherein such a sweeping injunction against all future proceedings has been granted,

and under the established precedents, the same would be unconstitutionally void for

vagueness and failing to be narrowly tailored to address only that which is necessary

to protect the federal court's jurisdiction.  *See, e.g., Chick Kam Choo*, 486 U.S. at 146

(wherein the Supreme Court mandated that the Anti-Injunction Act injunction

authority be interpreted narrowly); *Winkler*, 101 F.3d at 1205 (extraordinary All-

Writs Act injunction authority should not be extended beyond that which is

necessary); *In re Baldwin-United Corp.*, 770 F.2d 328, 338-39 (2d Cir 1985) (holding

that an All-Writs Act injunction must be specific and definite).

   Defendants cite the decision of the Court of Appeals for the Third Circuit, in

the case of *In re Diet Drugs*, 282 F.3d 200 (3d Cir. 2002), in support of their

injunction request.  In that case, the Court ruled that in order for an injunction against

state court proceedings to be entered, "the state action must not simply threaten to

reach judgment first, it must interfere with the federal court's own path to judgment."

*Id*. at 234.  There has been no demonstration by Defendants that the present or future

conduct of the *Swanston* action has in any way interfered with this Court's "own path

to judgment."  Indeed, the evidence is to the contrary.  Since being remanded in 2004,

the Arizona Court has proceeded along its own path, in coordination with this Court

26

pursuant to the Arizona Court's decision to designate this case as a "Coordinated State Court Case" pursuant to this Court's CMO 9. Likewise, this MDL Court has followed its own path to judgment, unimpeded by the state court. The only complaint here is that the path chosen by Defendants' counsel – not this Court – in terms of their litigation strategy, has led them to favor the Federal MDL forum over the state forum. But, under *In re Diet Drugs,* Defendants' preference for a "path to judgment" is not a relevant consideration.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, specially appearing counsel for Robert Swanston, respectfully requests that the Defendants' Motion for an Injunction be denied to allow the Arizona Court to properly determine the matter pending before it.

Dated: January 31, 2008                    Respectfully submitted,

<u>/s/ Donald E. Haviland, Jr.</u>
Donald E. Haviland, Jr., Esquire
THE HAVILAND LAW FIRM, LLC
740 South Third Street
Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

*SPECIALLY APPEARING COUNSEL FOR*
*ROBERT SWANSTON*

27

## <u>CERTIFICATE OF SERVICE</u>

I, Donald E. Haviland, Jr., Esquire, hereby certify that on January 31, 2008, the Memorandum in Opposition to Defendants' Motion for Injunction Agaimst Robert J. Swanston and Donald E. Haviland From Pursuing Overlapping Claims and Defendants in <u>*Swanston v. TAP Pharmaceutical Products, Inc., et. al.*</u> and the Affidavit of Donald E. Haviland in Support of the Memorandum with exhibits thereto were filed with the Clerk of this Court using the CM/ECF system to send notification of such filing to all registered persons.

/s/ Donald E. Haviland, Jr.