Larry J. Crown, Esquire (#013133)
Jorge Franco, Jr., Esquire (#013834)
**JENNINGS, HAUG & CUNNINGHAM, LLP**
2800 North Central Avenue
Suite 1800
Phoenix, AZ 85004
(602) 234-7800

Donald E. Haviland, Jr., Esquire
**THE HAVILAND LAW FIRM, L.L.C.**
740 South Third Street, Third Floor
Philadelphia, PA 19147
(215) 609-4661

Attorneys for Plaintiffs and Class

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ROBERT J. SWANSTON, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TAP PHARMACEUTICAL PRODUCTS, INC.; et al.,<br><br>Defendants. | CV2002-004988<br><br>**MOTION TO DISMISS WITHOUT PREJUDICE CERTAIN CLAIMS AND DEFENDANTS**<br><br>(Assigned to the Honorable Janet E. Barton) |

Plaintiff, by and through his counsel, The Haviland Law Firm, LLC and Jennings, Haug & Cunningham, hereby moves pursuant to Rule 41(a) of the Arizona Rules of Civil Procedure for an Order dismissing without prejudice certain Defendants, and claims against certain other Defendants to the extent such claims overlap with those being adjudicated in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, CA No. 01-12257-PBS, MDL No. 1456 (D. Mass.) ("MDL 1456"), and in support thereof avers as follows:

1.  The following Defendants in this case are also Defendants in MDL 1456: Abbott Laboratories; Amgen Inc.; Zeneca, Inc.; AstraZeneca Pharmaceuticals L.P.;

Aventis Pharmaceuticals Inc.; Hoechst Marion Roussel, Inc.; ZLB Behring, L.L.C. (f/k/a Aventis Behring L.L.C.); Baxter International Inc.; Baxter Healthcare Corporation; Bayer Corporation; Bristol-Myers Squibb Co.; Oncology Therapeutics Network Corp.; Apothecon, Inc.; Dey, Inc.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Immunex Corporation; Johnson & Johnson; Centocor, Inc.; Ortho Biotech Products, L.P.; Pharmacia Corporation; Pharmacia & Upjohn LLC, f/k/a Pharmacia & Upjohn, Inc.; Monsanto Company; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia, Inc., and Gensia Sicor Pharmaceuticals, Inc. (hereinafter "Overlapping Defendants").

2. For the reasons the follow, Plaintiffs respectfullysubmit that it is appropriate for them to dismiss without prejudice their claims against these Defendants at this juncture to the extent they overlap with those in MDL 1456 to avoid any potential overlap between this case and MDL 1456 as this case moves forward.

3. The following Defendants in this case are not Defendants in MDL 1456: Ethicon Endo-Surgery, Indigo Medical Inc., Christopher Coleman, Michael T. Gendelman, Eddy James Hack, Scott Hidalgo, and David Jett ("Non-Overlapping Defendants"). Plaintiffs respectfully submit that it is appropriate for them to dismiss without prejudice their claims against these Defendants in their entirety.

4. As this Court is aware, the Court in MDL 1456 has certified several Classes of consumer plaintiffs who have claims against certain Overlapping Defendants for some of the same drugs as are at issue in this case. The MDL Court also has pending before it a Motion for Class Certification involving consumer claims against certain other Overlapping Defendants, the outcome of which Motion may not be known for months.

5. In view of the class certification decisions by the Court in MDL 1456, Plaintiffs would like to move forward with class certification in this case, and the ultimate

prosecution of the merits of their claims. However, in order to do so in a manner that does not cause there to be any question as to this Court's jurisdiction over Plaintiffs' claims here, the undersigned counsel for Plaintiffs believe that it would be prudent for this Court to dismiss without prejudice the Plaintiffs' claims for drugs that overlap with those being asserted by plaintiffs in MDL 1456.

6. However, because no one can predict the outcome of the MDL Court's pending class certification decisions, Plaintiffs also believe that certain protections should be afforded to the parties in the event that it becomes necessary to reinstate one or more of those claims in this case at some future date. Such protections would serve to protect the interests of all parties by ensuring that neither the claims nor defenses thereto are compromised unfairly in the event reinstatement becomes necessary.

7. Accordingly, Plaintiffs propose that the Court's Order of dismissal should include the following protections: (1) that defendants are not deemed to have waived or released any defenses or arguments, including but not limited to, any statute of limitations and/or repose defenses, which could have been asserted prior to the effective date of the Order granting dismissal, (2) that any and all applicable statute of limitations and/or repose should be, from the effective date of the Order granting dismissal and for the pendency of MDL 1456, tolled, and (3) that the reinstatement of any claim against a Defendant in this action should not trigger a right of removal to federal court.

8. Should the Court find that dismissal without prejudice of these overlapping claims is appropriate under the circumstances, Plaintiffs would prepare and present to the Court, within fourteen (14) days of the entry of its Order of dismissal, a listing of the drugs of the above-listed Defendants that are at issue in MDL 1456, the claims for which drugs Plaintiffs hereby agree to dismiss without prejudice from this

1810815

case. Plaintiffs respectfully submit that such list should be appended to the Court's dismissal Order to make clear on the record the extent to which Plaintiffs' claims are dismissed without prejudice.

WHEREFORE, for the foregoing reasons, Plaintiffs hereby request that this Honorable Court enter an Order of Dismissal in the form attached hereto.

RESPECTFULLY SUBMITTED this 10th day of December, 2007.

By /s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr.

Larry J. Crown (#013133)
Jorge Franco, Jr. (#013834)
**JENNINGS, HAUG & CUNNINGHAM, LLP**
2800 North Central Avenue
Suite 1800
Phoenix, AZ 85004
(602) 234-7800

And

Donald E. Haviland, Jr.
**THE HAVILAND LAW FIRM, L.L.C.**
740 South Third Street, Third Floor
Philadelphia, PA 19147
(215) 609-4661

**Counsel for Plaintiffs and the Class**

## CERTIFICATE OF MAILING

I hereby certify that the foregoing **MOTION TO DISMISS WITHOUT PREJUDICE CERTAIN CLAIMS AND DEFENDANTS** served this date, December 10th, 2007 on all parties, via Lexis/Nexis.

s/K. Cecil
3778-0