Michael R. Griesbach
Marshall D. Bilder
Christopher E. Torkelson
Sterns & Weinroth, P.C.
50 West State Street, Suite 1400
Post Office Box 1298
Trenton, NJ 08607-1298
Telephone: (609) 392-2100
Facsimile: (609) 392-7956

J. Andrew Jackson
Jodi Trulove
Jared Rodrigues
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Attorneys for Baxter Healthcare Corporation and
Baxter International Inc. and as Liaison Counsel
on behalf of Corporate Defendants

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund,<br><br>                    Plaintiff,<br><br>v.<br><br>AstraZeneca PLC, et al.,<br>                    Defendants. | Superior Court of New Jersey<br>Law Division: Monmouth County<br><br>Civil Action Docket No. MON-L-3136-06<br><br>**CASE MANAGEMENT ORDER No. 3 (CLASS CERTIFICATION AND MERITS)** |

## Case Management Order No. 3

**THIS COURT**, on this ____ day of **September, 2007, ORDERS** as follows:

1.  <u>Coordinated State Court Case</u>: This case is designated a "Coordinated State Court Case" pursuant to Case Management Order No. 9 issued in the matter of *In re Average Wholesale Price Litig.*, MDL 1456 (D.Mass) (Saris, J.) ("MDL cases"), and this Court and Judge Bassler shall attempt to coordinate discovery in this case with discovery in the MDL cases to the extent possible.

Schedule. The following schedule shall govern the proceedings in this case. As used herein, the term "Parties" refers to both the International Union of Operating Engineers, Local 68 Welfare Fund ("Plaintiff") and Corporate Defendants ("Defendants").

| EVENT | DATE |
|---|---|
| Discovery regarding Class Issues and Merits Issues to Begin | Immediately |
| Argument on Motions for Protective Order | September 19, 2007 |
| Deadline to Join Additional Parties | November 30, 2007 |
| Close of Class Certification Fact Discovery | February 29, 2008 |
| Deadline for Plaintiff's Expert Disclosures and Reports Under Rule 4:17-4(e) on Class Certification | March 31, 2008 |
| Deadline for Plaintiff to Produce Class Certification Experts for Depositions | April 30, 2008 |
| Deadline for Defendants' Expert Disclosures and Reports Under Rule 4:17-4(e) on Class Certification | May 30, 2008 |
| Deadline for Defendants to Produce Class Certification Experts for Depositions | June 30, 2008 |
| Deadline for Plaintiff's Class Certification Motions | July 31, 2008 |
| Close of Merits Fact Discovery | February 27, 2009 |
| Deadline for Plaintiff's Expert Disclosures and Reports on Merits | April 30, 2009 |
| Deadline for Plaintiff to Produce Merits Experts for Depositions | May 29, 2009 |
| Deadline for Defendants' Expert Disclosures and Reports on Merits | June 30, 2009 |
| Deadline for Defendants to Produce Merits Experts for Depositions | July 31, 2009 |
| Deadline for Defendants' Motions to Sever | August 31, 2009 |
| Deadline for Parties' Motions for Summary Judgment | September 30, 2009 |
| Trial (dependent upon outcome of motions to sever) | January 5, 2010 |

3. <u>Discovery Motions</u>: Pursuant to applicable New Jersey Rules, a party may move to compel disclosure or discovery. Before making any such motion to compel:

    i. the movant shall meet and confer with the opposing party in an effort to resolve the matter without Court action; and

    ii. if parties are unable to resolve the matter, the movant shall describe the issue(s) presented in a letter to the Special Master, with a copy served on all relevant parties. The Special Master may request a written response from the non-moving party or hold a hearing or conference to discuss the issue(s). If the issue(s) remain unresolved, the Special Master will set a schedule for motions practice.

4. <u>No Limits on Discovery Requests</u>: There shall be no limits on the number of permissible discovery requests by the parties at this time, but any party may seek relief from the Special Master if, in their view, discovery becomes oppressive or unduly burdensome.

5. <u>No Early Oral Depositions</u>: No oral depositions shall occur prior to September 19, 2007.

6. <u>Proposal Regarding Timing of Oral Depositions</u>: The parties shall confer and, if possible, jointly propose a revision to the above schedule pursuant to which oral depositions may be scheduled in a way to complete class depositions before the close of Class Certification Fact Discovery and begin merits depositions after entry of the Court's decision on class certification. If the parties are unable to agree, either Plaintiff or Defendants may make such a proposal.

IT IS SO ORDERED.

Dated_____, 2007

_____
The Honorable William G. Bassler, U.S.D.J. (Ret.)
Special Master Appointed Pursuant to R. 4:41

Dated: 7/22, 2007

_____
The Honorable Louis F. Locascio, J.S.C.

International Union of Operating Engineers,
Local No. 68 Welfare Fund,
                  Plaintiff

                                      Superior Court of New Jersey
                                      Law Division: Monmouth County

        v.                                  Civil Action Docket No.MON-L-3136-06

AstraZeneca PLC, et al.,
                  Defendants


REPORT OF SPECIAL MASTER AS TO CASE MANAGEMENT ORDER N0 3.


Preliminary Remarks

      By Order of July 16, 2007, this Court appointed me as Special Master pursuant to R. 4:41-5. While not literally applicable to interim matters submitted by reference, the spirit of the rule appears to advise that I should submit a report to the court on significant determinations.

      Upon receipt of the Order of Reference and Appointment of Special Master, I reached out to counsel to schedule an initial case management conference. Because counsel for the approximately fifty defendants wanted to personally appear and because of the difficulty of scheduling a conference in August with competing summer vacations, the initial case management conference was scheduled for September 19, 2007. It was thought that the time before the "meet and greet" hearing could be used profitably in arriving at a mutually satisfactory case management order.

      When it became apparent that counsel could not agree on a case management order, I requested that counsel send me their proposed case management orders and briefs and scheduled a hearing at the Monmouth County Courthouse on August 29, 2007.

      In preparation for that hearing, in addition to reviewing the materials submitted by counsel, I spoke with Judge Patti Saris, a judge of the United States District Court in Boston who is a judge appointed by the Multidistrict Litigation Panel to manage some 300 cases similar to the one before this court in a matter entitled *In re Pharmaceutical Industry Average Wholesale Price Litigation*. I also spoke with Judge Joseph C. Visalli of the New Jersey Superior Court as well as Judge Richard G. Stearns of the United States District Court in Boston. Both of these judges had experience in a class action involving the drug Lupron. Also informing my recommendations in this matter was the Manual for Complex Litigation Fourth, a manual published by the Federal Judicial Center (2004) and which has been cited with approval the New Supreme Court.

The August 29, 2007 Hearing and Competing Case Management Proposals

The hearing took approximately two and a half hours. The 133 page transcript will be filed with the clerk of the court. In addition to liaison counsel, a number of attorneys representing various defendants also participated in the hearing. I will not attempt to summarize the transcript and will only highlight the main points which resulted in the order being proposed to the Court. The complete report to the court is encompassed in the transcript itself.

The following differences arose:

    (a) Targeted trial date: The plaintiff proposed that the case be ready for trial by November 2008.

    (b) The defendants' schedule provided a deadline for summary judgment of September 15, 2009.

    (c) I rejected the plaintiff's proposal because it failed to address the necessity for class discovery and the timing for a motion for class certification. The issue of class certification is critical, particularly now that the plaintiffs are pushing for national class certification as their complaint asserts but contrary to what was represented to Judge Saris that this was to be only a state class action. With fifty some defendants, some for the first time in this kind of law suit, a 2008 trial was totally unrealistic.

    (d) The plaintiff wanted to limit the number of discovery requests. I rejected that because the request is premature. There has been no abuse to date. And each defendant is entitled to discovery. If abuse arises, it can be dealt with. I suggested that defendants form a committee to oversee the responses to eliminate or reduce redundancy.

    (e) The plaintiff wants to proceed with class and merits discovery going forward together. Defendants want to stage discovery: class first, merits second. This is a tougher call. With the trial now scheduled for January 5, 2010, I am hesitant to shut down all merits discovery. Certainly it is possible to have a "hybrid" approach. I have, however, ordered both to proceed and have encouraged counsel to attempt to agree on an approach that could accomplish both types without terrible inconvenience. I am waiting for counsel's response.

    (f) Plaintiff wanted the case to be designated as a "Coordinated State Court Case" within the meaning of Case Management Order No. 9 in the MDL AWP case. Defendants disagreed because discovery is complete and a complete identity of parties does not exist. I recommend that this case be designated as a "Coordinated State Court Case." All discovery is not complete, expert discovery remains and there is a large identity of parties I believe there is a benefit to the management of discovery in this case to have it designated pursuant to CMO No 9 in the MDL AWP case.

2

Financial Arrangements

I am advised by Emily Hertzfeld my case manager at JAMS (where I am associated) that the parties have agreed to my customary hourly rate and the JAMS administrative fee for a total rate of $605.00 per hour.

## Conclusion

The court should know that counsel have been very cooperative and have tried to resolve these issues themselves. But there are some fifty defendants, so it is not always possible to reach consensus.

As I previously indicated R4:41's language is not directly applicable to an ongoing matter such as this reference. The order of reference, however, provides that the parties have the right to appeal rulings of the special Master in accordance with R 4:41-5. I reminded counsel that any appeal or objection to an order that I propose to the Court should be made within ten days after being served with notice of the filing of the order or report. See R.4:41-5 (b): "Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties and may move the court for action upon the report and the objections thereto."

I recommend to the Court entry of Case Management Order 3. If the Court has any questions, I am available to address them.

Respectfully submitted,

*/s/ William G. Bassler*

William G. Bassler
Special Master

3