UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION </br></br> THIS DOCUMENT RELATES TO: </br></br> *City of New York, et al. v.* </br> *Abbott Laboratories, et al.* </br> Civil Action No. 04-cv-06054 et al. | ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 1456 </br> Master File No. 01-12257-PBS </br></br> Judge Patti B. Saris |

**MEMORANDUM IN SUPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DATA FOR THE DESIGNATED FUL DRUGS**

**INTRODUCTION**

Certain defendants responsible for the Designated FUL Drugs (as defined by CMO #33 at 5) refuse to produce the sale and transactional data plaintiffs have requested for such Drugs. These defendants generally have agreed to produce all responsive *documents* relating to the Designated FUL Drugs, but refuse to produce all responsive *data*. When it comes to the data, these defendants say they will only make production relating to the NDCs listed in Exhibit B to the NY FACC for the Designated FUL Drugs.

CMO #33 does not permit defendants to parse their discovery obligations in this manner. CMO #33 clearly provides, as it must given how FULs are set, for discovery on the Designated FUL Drugs without regard to which NDCs are in Exhibit B. Defendants' position is entirely arbitrary and illogical given the purposes of the CMO as it concerns the parties' FUL-related activities.

## ARGUMENT

CMO #33 sets forth specific procedures for "targeted discovery on **drugs** subject to Federal Upper Limits ("FULS')". CMO #33 at ¶5. It specifically states that the parties shall each "identify five (5) **drugs** by chemical name for a total of ten **drugs** (the "**Designated FUL Drugs**"). *Id.* at ¶5(a). It provides further that "there shall be no discovery on particular **Drugs or NDCs** subject to and paid by New York Medicaid based on FULs other than those relating to the **Designated FUL Drugs** and for such **Designated FUL Drugs**, discovery is limited to the period 1997-2005." *Id.* at ¶5(b). Further, CMO 33 states that "at the conclusion of expert discovery in paragraph 5, the parties shall schedule another status conference with the Court to discuss briefing of summary judgment or other motion practice as to the **Designated FUL Drugs**, as well as other issues in the NY County Cases". *Id*. at 6. In short, the clear language of CMO #33 makes plain that discovery is to proceed on the Designated FUL Drugs without regard for whether a particular NDC related to same appears in Exhibit B.

Even were this not the clear dictate of CMO #33, the logic of conducting discovery at the Drug level—and without regard to which NDCs appear in FACC Exhibit B-- is indisputable given the nature of the FUL focused activities contemplated by that Order and the manner in which FULs are set. 42 CFR §447.332 provides that CMS sets the FUL at "150 percent of the published price for the least costly therapeutic equivalent (using all national compendia) that can be purchased by pharmacists in quantities of 100 tablets or capsules (or, if the drug is not commonly available in quantities of 100, the package size commonly listed) or, in the case of liquids, the commonly listed size." This

means, both as a practical matter and as the evidence will show, that CMS reviews the published prices for all NDCs related to a given multi-source drug when setting the FUL.

Thus, in order to determine whether, as plaintiffs allege, defendants' price reporting misconduct caused an inflated FUL to be set or contributed to the setting of an improperly inflated FUL for a particular Designated FUL Drug, plaintiffs must review the transaction data for all NDCs whose reported prices could have set the FUL for that Drug.

To this end, plaintiffs' FUL-focused discovery requests seek production of documents and data at the Drug (not NDC) level. See January 17, 2008 letter of Joanne M. Cicala, Esq. to Lyndon M. Tretter, Esq. (Exhibit "A" hereto). Defendants' response to this request, as adverted to above, is that defendants will produce documents at the Drug level, but not data. See January 23, 2008 letter of Lyndon M. Tretter to Joanne M. Cicala, Esq. (Exhibit "B" hereto).

As stated, there is no support in CMO #33 or logic for the distinction defendants are drawing between documents and data. Indeed, if defendants are permitted to delimit their discovery obligations as they wish, and to produce data only for the NDCs listed in FACC Exhibit B, then plaintiffs will not be able to present the Court with a complete picture of the extent to which defendants' pricing and price reporting practices impacted, caused or contributed to the setting of an inflated FUL. The entire purpose of the FUL-focused activities, not to mention the express terms of CMO #33, would be undermined completely.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Compel Production of Data for the Designated FUL Drugs.

Dated:  January 31, 2008

        Respectfully submitted,
        **City of New York and all captioned**
        **Counties except Nassau and Orange, by**

        **KIRBY McINERNEY, LLP**
        830 Third Avenue
        New York, New York 10022
        (212) 371-6600

        /s/ Joanne M. Cicala
           By:  Joanne M. Cicala (JC 5032)
              James P. Carroll Jr. (JPC 8348)
              Aaron D. Hovan (AH 3290)

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 31st day of January, 2008 she caused a true and correct copy of the Memorandum in Support of the Motion to Compel Production of Data for the Designated FUL Drugs to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456. The response was posted to Lexis Nexis File and Serve's Electronic Service System.

/s/ Joanne M. Cicala
Joanne M. Cicala, Esq.
Kirby McInerney & Squire
830 Third Avenue, 10th Floor
New York, NY 10022
(212) 371-6600