**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) |
| | MDL NO. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS | Magistrate Judge Marianne B. Bowler |

**MEMORANDUM OF LAW IN SUPPORT OF ABBOTT LABORATORIES, INC.'S MOTION TO COMPEL VEN-A-CARE TO PROVIDE ADEQUATE RESPONSES TO ABBOTT'S FOURTH SET OF INTERROGATORIES**

**INTRODUCTION AND BACKGROUND**

In 1995, Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care" or "Relator") filed its initial under-seal *qui tam* complaint in the United States District Court for the Southern District of Florida.  Ven-A-Care's initial complaint alleged improper actions relating to drug pricing by a number of pharmaceutical manufacturers, including Defendant Abbott Laboratories, Inc. ("Abbott").  As the United States ("Government" or "Plaintiff") spent the next eleven years deciding whether to intervene, Ven-A-Care continued to assert broad allegations of improper conduct in a number of amended complaints filed with the Florida district court.[1]

Ven-A-Care's broad allegations of misconduct allowed it to institute an action against Abbott (and others) and permitted innumerable extensions of the Government's intervention deadline.  Moreover, pursuant to this Court's ruling on relation back and the statute of limitations, Ven-A-Care's under seal allegations now expose Abbott to potential damages dating

---

[1] There are currently eight different complaints in the chain that is Abbott's case, six of which were filed by Ven-A-Care.  A chronology of these filings is attached as Exhibit B to the Memorandum in Support of Abbott's Motion to Dismiss or Partially Dismiss the United States' First Amended Complaint (Dkt. No. 4470).

back to 1991. It was not until 2006, when the United States finally intervened in this action, that Abbott at last learned of the sweeping allegations that Ven-A-Care had been making against it and others under seal for over a decade. Now battling a lawsuit where the Plaintiffs demand hundreds of millions of dollars in damages, Abbott understandably seeks to learn the factual basis of Ven-A-Care's under seal contentions.

On September 6, 2007, Abbott served its Fourth Set of Interrogatories ("Interrogatories") upon Ven-A-Care and the Government. *See* Abbott's Fourth Set of Interrogatories Directed to Plaintiff United States of America and Relator Ven-A-Care of the Florida Keys, Inc. (Ex. A). Abbott's Interrogatories request that Ven-A-Care provide the factual basis, as to Defendant Abbott, of certain allegations made in its under seal complaints. In particular, Abbott asked Ven-A-Care to provide the factual basis for the following allegations:

- Ven-A-Care's contention that it "has direct and independent knowledge of the information, and is the 'original source' of the information on which the allegations [against Abbott] are based within the meaning of 31 U.S.C. § 3730(e)(4)(A) and (B)." *See* Interrogatory No. 20 (Ex. A) (quoting Ven-A-Care's Original Complaint ¶ 4) (filed June 23, 1995) (excerpts attached as Ex. B); Ven-A-Care's Second Amended Complaint ¶ 4 (filed Aug. 13, 1997) (excerpts attached as Ex. C); Ven-A-Care's Third Amended Complaint ¶ 4 (filed Dec. 9, 1999) (excerpts attached as Ex. D). *See also* Ven-A-Care's Fourth Amended Complaint ¶¶ 18, 128 (filed Dec. 11, 2002) (excerpts attached as Ex. E);

- Ven-A-Care's contention that it "attempted to alert the responsible state and federal government officials to the scheme being perpetrated by [Abbott]. However, the government agencies lacked sufficient resources and expertise to adequately respond." *See* Interrogatory No. 22 (Ex. A) (quoting ¶ 19 of Ven-A-Care's Fourth Amended Complaint) (excerpts attached as Ex. E);

- Ven-A-Care's contention that "the Medicare and State Medicaid Programs" were "not aware of the prices actually paid for the [Subject Drugs] by the physician, clinic or pharmacy presenting the claim for payment" and that Abbott "concealed from the Medicare and State Medicaid Programs price reductions occurring due to competition in the marketplace." *See* Interrogatory No. 23 (Ex. A) (quoting ¶ 147 of Ven-A-Care's Fourth Amended Complaint) (excerpts attached as Ex. E); and

2

- Ven-A-Care's contention that "[Abbott] knowingly and actively impeded the efforts of the Government: to arrive at reasonable estimates of acquisition cost in setting payment amounts for claims for the specified drugs; to benefit from drug price competition; and to use the Government's huge volume purchasing power for the benefit of the taxpayer." *See* Interrogatory No. 26 (Ex. A) (quoting ¶ 157 of Ven-A-Care's Third Amended Complaint) (excerpts attached as Ex. D).

Unfortunately, Ven-A-Care refused to provide a substantive response to *any* of Abbott's Interrogatories.[2]  *See* Response of Plaintiff Ven-A-Care of the Florida Keys, Inc. to Defendant Abbott Laboratories, Inc.'s Fourth Set of Interrogatories ("Ven-A-Care's Response") (Ex. F). Ven-A-Care contends that it need not answer these Interrogatories because they seek the factual basis for allegations that Ven-A-Care made in previous complaints, and these allegations are not contained in the "operative pleading" at issue in this case.[3]  This refusal to respond is particularly incredible because Abbott asked only that the Relator explain contentions that are taken verbatim from pleadings it filed in court.  This Court's analysis could end there - at a minimum, civil discovery must permit a defendant to ask a plaintiff to give the factual basis for formal allegations, whenever made.

As importantly, however, Ven-A-Care's position here is at odds with other positions Ven-A-Care has taken in this litigation.  At almost the same time it was advancing this meritless excuse, Ven-A-Care argued against Abbott's Motion to Dismiss or Partially Dismiss the United States' First Amended Complaint by contending its prior pleadings were still active.  *See* Relator's Opposition to Abbott Laboratories, Inc.'s Motion to Dismiss or Partially Dismiss the United States' First Amended Complaint ("Opposition to Abbott's Motion to Dismiss") (Dkt.

---

[2] By not addressing the boilerplate objections set forth in Ven-A-Care's Response, Abbott does not waive any arguments in opposition to Ven-A-Care's spurious objections. *See Grider v. Keystone Health Plan Cent., Inc.*, No. 2001-CV-05641, 2007 WL 2874423, at *5 (E.D. Pa. Sept. 27, 2007) ("General boilerplate objections are improper responses to discovery requests.").  Ven-A-Care has not yet cited any legal authority supporting its position that Abbott cannot conduct discovery into assertions Ven-A-Care made in prior versions of its complaint. Abbott will respond accordingly if legal authority is provided.

[3] Ven-A-Care contends that "[t]he interrogatory is improperly directed at allegations in the Relaor's qui tam complaints rather than allegations in the United States' First Amended Complaint, the operative pleading of both Plaintiffs in the instant action." *See* Ven-A-Care's Response at pp. 8, 9, 13 (Ex. F).

3

No. 4462) ("[T]he Relator's choice to conform its pleadings with the Government's pleadings did not 'dismiss' any claims and did not prejudice the Government from amending its claims.").[4] These are the same claims that Ven-A-Care now argues cannot be the subject of discovery. Putting aside the parties' arguments associated with Abbott's motion to dismiss the United States' First Amended Complaint, neither party has argued that Ven-A-Care's prior complaints are no longer *relevant* or subject to discovery. The allegations made by Ven-A-Care that are at issue in this motion to compel were presented to the United States, inducing it to intervene, and to a federal court. For Ven-A-Care to now argue that Abbott cannot even conduct discovery into the factual basis of Ven-A-Care's own assertions is baseless and absurd.

Abbott conferred with Ven-A-Care on two occasions in an effort to resolve this dispute amicably, but to no avail. During the initial meet-and-confer, Ven-A-Care promised Abbott two things: first, to provide actual responses to three of the four interrogatories at issue (numbers 22, 23, and 26); second, to provide the legal authority supporting its position that Abbott is not entitled to conduct discovery on the issue of Ven-A-Care being an original source until this Court finds there has been a public disclosure. *See* 11/7/07 Torborg Letter to Simon (Ex. G). Instead of responses and caselaw, however, Ven-A-Care provided only excuses and additional arguments indicating further delay. Ven-A-Care's letter in response offered a "compromise" – to answer Interrogatory Nos. 22, 23, and 26 (what Ven-A-Care's counsel already agreed to, knowing full well that they lacked any basis whatsoever not to provide responses), but they would not even consider answering Interrogatory No. 20 unless and until Abbott identified a "public disclosure." Consequently, Abbott now asks that the Court compel Ven-A-Care to fulfill its discovery responsibilities and adequately respond to Abbott's Fourth Set of Interrogatories.

---

[4] Abbott's Motion to Dismiss or Partially Dismiss the United States' First Amended Complaint (Dkt. No. 4469) is pending before this Court.

4

**ARGUMENT**

The law governing this discovery dispute is simple and straightforward. Federal Rules 26 and 33 provide that interrogatories may relate to *any* matters that are relevant to the claims or defense of any party, and it is well-settled that contention interrogatories are a proper discovery tool. *See* Fed. R. Civ. P. 33(d) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1016 (1st Cir. 1988) (interrogatories which require the opposing party to render an opinion or spell out a contention that relates to the application of law to fact are proper). Further, relators in False Claims Act *qui tam* actions are routinely required to respond to contention interrogatories seeking the factual basis for allegations that the relator made in its complaint. *See United States ex rel. O'Connell v. Champman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (holding relator required to answer contention interrogatories and reasoning that "[r]equiring a party to answer contention interrogatories is 'consistent with Rule 11 of the Federal Rules of Civil Procedure, which requires that plaintiff must have some factual basis for the allegations in their complaint.'") (quoting *In re One Bancorp Sec. Litig.*, 134 F.R.D. 4, 8 (D. Me. 1991) (alterations omitted).

Whether Abbott's contention interrogatories must be answered is, therefore, resolved by one fundamental proposition: the positions that a party takes in litigation, as well as the representations that a party makes to a federal court in signed pleadings, are always relevant and subject to discovery by an opposing party. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). By definition, Abbott is entitled to investigate and discover the factual basis for allegations Ven-A-Care has made regarding Abbott's conduct, regardless of where and when those allegations

5

were made.  Indeed, it does not even matter that these allegations were made in signed pleadings.  About would be just as entitled to discover the factual basis of statements made by Ven-A-Care's principals to a newspaper.

In this case, the importance of the discovery sought is not merely theoretical.  With respect to Ven-A-Care's contentions that it is an "original source," Abbott has a vital interest in learning what information Ven-A-Care had, and when that information was obtained.  Those facts will undoubtedly be relevant when the parties present legal arguments concerning the public disclosure bar to *qui tam* actions.  *See U.S. ex rel. O'Keeffe v. Sverdup Corp.*, 131 F. Supp. 2d 87, 90-91 (D. Mass. 2001) (Saris, J.) ("Section 3730(e) of the FCA deprives this Court of jurisdiction over, *inter alia*, a *qui tam* action 'based upon the public disclosure of allegations or transactions . . . , unless . . . the person bringing the action is an original source of the information.'") (quoting 31 U.S.C. § 3730(e)(4)(A)) (ellipses in original).  Discovery could, for example, reveal that the evidentiary bases for Ven-A-Care's allegations are themselves public sources, such as a newspaper story or a government report.  In that event, Abbott would have a strong argument that Ven-A-Care is not a proper relator.

Ven-A-Care has attempted to obscure the importance of evidence relating to its "original source" allegations by arguing that a relator is not required to present evidence that it is the original source until after Abbott establishes, and this Court finds, that Ven-A-Care's suit is based on a prior public disclosure.  *See* Ven-A-Care's Response at p. 3 (Ex. F).  Several flaws with this reasoning are immediately apparent.

First, Ven-A-Care placed its status as an "original source" at issue by repeatedly asserting that it "has direct and independent knowledge of the information, and is the 'original source' of the information on which the allegations [against Abbott] are based."  *See* Ven-A-Care's

Original Complaint ¶ 4 (Ex. B); Ven-A-Care's Second Amended Complaint ¶¶ 4-5, 34 (Ex. C); Ven-A-Care's Third Amended Complaint ¶¶ 4-5, 38-39 (Ex. D); Ven-A-Care's Fourth Amended Complaint ¶¶ 18, 128 (Ex. E).  In discovery, Abbott is merely asking Ven-A-Care to support this contention with facts.  That is not too much to ask of a relator who stands to gain millions of dollars – and has already gained millions of dollars – in statutory whistleblower payments. Moreover, Rule 11 requires that a plaintiff, even a relator, must have a factual basis for all allegations asserted in its complaint.  *See Chapman*, 245 F.R.D. at 649.  Ven-A-Care's contention that it is an "original source" is no exception.

Second, as this Court is aware, the legal issues of public disclosure and original source are decided contemporaneously, not in a lockstep fashion as Ven-A-Care suggests.  *See Sverdup Corp.*, 131 F. Supp. 2d 87 (analyzing and ruling on issues of original source and public disclosure simultaneously at summary judgment).  As arguments pertaining to these issues will not be presented to this Court until the discovery period has long past, it is nonsensical for Ven-A-Care to argue that Abbott cannot conduct discovery into Ven-A-Care's original source contentions at this juncture.

Third, Ven-A-Care and its principals are witnesses in this case.  Abbott should be entitled to discovery regarding Ven-A-Care's allegations in court filings even if only show that Ven-A-Care is not acting truthfully.  Abbott, the Court, and the jury in this case have an absolute right to challenge the veracity of Ven-A-Care's contentions and to force Ven-A-Care, as the Plaintiff, to stand behind its claims.  These interrogatories do just that.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Abbott's Motion to Compel Ven-A-Care to Provide Adequate Responses to Abbott's Fourth Set of Interrogatories.

Dated:  February 4, 2008

Respectfully submitted,

/s/ David S. Torborg
James R. Daly
Tina M. Tabacchi
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*