# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 1456<br><br>Civil Action No. 06-CV-11337<br>Lead Case No. 01-CV-12257 |
| THIS DOCUMENT RELATES TO:<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) ) ) | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

### DEFENDANT ABBOTT LABORATORIES, INC.'S FOURTH SET OF INTERROGATORIES DIRECTED TO PLAINTIFF UNITED STATES OF AMERICA AND RELATOR VEN-A-CARE OF THE FLORIDA KEYS, INC.

Defendant Abbott Laboratories, Inc. ("Abbott"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, serves the following Interrogatories upon Plaintiff the United States of America and Relator Ven-A-Care of the Florida Keys, Inc. to be answered under oath within 30 days after service. These Interrogatories are continuing and therefore may require supplemental responses pursuant to the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

The Definitions and Instructions contained in Defendant Abbott Laboratories, Inc.'s First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America, Abbott Laboratories, Inc.'s First Set of Requests for Production of Documents and Tangible Things to Relator Ven-A-Care of the Florida Keys, Inc., and Defendant Abbott Laboratories, Inc.'s First Set of Interrogatories Directed to Plaintiff United States of America and Relator Ven-A-Care of the Florida Keys, Inc. are hereby incorporated by reference. In addition, the following Definitions and Instructions shall apply.

"Subject Drugs" means and refers to those drugs listed in paragraphs 30 and 34 of The United States' First Amended Complaint. However, as to Acyclovir Sodium products, you may

defer answering these Interrogatories until 30 days after the Court rules on Abbott's motion to dismiss claims relating to Acyclovir Sodium.

## INTERROGATORIES

**INTERROGATORY NO. 20 (to Ven-A-Care):** Separately for each of the Ven-A-Care Qui Tam Complaints, state the basis for Ven-A-Care's contentions that the Relator had "direct and independent knowledge of the information and is the 'original source' of the information" on which the allegations contained in each of the complaints relating to Abbott are based, and describe all facts that support Ven-A-Care's contentions that this information was voluntarily provided to the United States before filing the complaints. *See* Ven-A-Care's Original Complaint ¶ 4 (filed June 23, 1995); Ven-A-Care's Second Amended Complaint ¶¶ 4-5, 34 (filed Aug. 13, 1997); Ven-A-Care's Third Amended Complaint ¶¶ 4-5, 38-39 (filed Dec. 9, 1999); Ven-A-Care's Fourth Amended Complaint ¶¶ 18, 128 (filed Dec. 11, 2002); 31 U.S.C. § 3730(e)(4)(A) & (B). Identify any and all facts that support, concern, or refute Ven-A-Care's contention.

As to each fact or event identified as supporting Ven-A-Care's contentions that it was an "original source" of information, your response should indicate the NDCs or J-Codes to which the fact or event relates and identify the specific date on which any referenced event occurred.

Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. *See* Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**RESPONSE:**

**INTERROGATORY NO. 20 (to United States):** Separately for each of the Ven-A-Care Qui Tam Complaints, if you agree with Ven-A-Care's contentions that it had "direct and independent knowledge of the information and is the 'original source' of the information" on which the allegations contained in each of the complaints relating to Abbott are based, and that Ven-A-Care voluntarily provided this information to the United States before filing the complaints, state the basis for your agreement. *See* Ven-A-Care's Original Complaint ¶ 4 (filed June 23, 1995); Ven-A-Care's Second Amended Complaint ¶¶ 4-5, 34 (filed Aug. 13, 1997); Ven-A-Care's Third Amended Complaint ¶¶ 4-5, 38-39 (filed Dec. 9, 1999); Ven-A-Care's Fourth Amended Complaint ¶¶ 18, 128 (filed Dec. 11, 2002); 31 U.S.C. § 3730(e)(4)(A) & (B). Identify any and all facts that support, concern, or refute Ven-A-Care's contentions.

As to each fact or event identified as supporting Ven-A-Care's contentions that it was an "original source" of information, your response should indicate the NDCs or J-Codes to which the fact or event relates and identify the specific date on which any referenced event occurred.

If you disagree with any of Ven-A-Care's contentions, state the basis for your disagreement and identify all facts that refute Ven-A-Care's contentions.

Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. *See* Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**RESPONSE:**

**INTERROGATORY NO. 21:** Separately for each of the Ven-A-Care Qui Tam Complaints, identify by NDC and/or J-Code:

(a) each of the Subject Drugs that Ven-A-Care had purchased prior to the filing of each complaint; and

(b) each of the Subject Drugs for which Ven-A-Care had received payment from Medicare Part B or any State Medicaid Program prior to the filing of each complaint.

State the dates, prices, amounts, and selling entity of any purchases identified, and describe or produce the evidence that shows Ven-A-Care purchased each Subject Drug identified in response to this Interrogatory on the date and at the price and amount identified. State the dates, payment amounts, and payor of any reimbursements identified, and describe or produce the evidence that shows Ven-A-Care received reimbursement for each Subject Drug identified in response to this Interrogatory on the date and at the amount identified.

Please produce all documents, including all purchase invoices or claims forms, that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. *See* Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**RESPONSE:**

**INTERROGATORY NO. 22:** State the basis for the following contention made in paragraph 19 of Ven-A-Care's Fourth Amended Complaint: "VEN-A-CARE attempted to alert the responsible state and government officials to the scheme being perpetrated by the DEFENDANTS. However, the government agencies lacked sufficient resources and expertise to adequately respond." Identify which responsible state and government officials Ven-A-Care contacted, as well as the date, location, and substance of those communications.

Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. *See* Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**RESPONSE:**

**INTERROGATORY NO. 23:** State the basis for Ven-A-Care's contentions that "the Medicare and State Medicaid Programs" were "not aware of the prices actually paid for the [Subject Drugs] by the physician, clinic or pharmacy presenting the claim for payment" and that Abbott "concealed from the Medicare and State Medicaid Programs price reductions occurring due to competition in the marketplace." Ven-A-Care's Fourth Amended Complaint ¶ 147. Identify any and all facts that support, concern, or refute Ven-A-Care's contention.

Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. *See* Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**RESPONSE:**

**INTERROGATORY NO. 24:** In paragraph 38 of the United States' Complaint, plaintiffs allege: "No government payor knew of or sanctioned Abbott's conduct as set forth in this Complaint, i.e., its deliberate manipulation of its published prices for certain of its products to induce its Customers to purchase those products." This interrogatory seeks clarification regarding the meaning of, and the factual basis for, that allegation. Explain what you mean by Abbott's "deliberate manipulation of its published prices for certain of its products to induce its Customers to purchase those products" and identify the factual basis for your contention, including the factual basis for your allegations that Abbott set the prices for the drugs at issue in this case "to induce Customers to purchase those products."

To the extent that the conduct set forth in paragraph 38, which plaintiffs contend no government payor was aware of or sanctioned, goes beyond "deliberate manipulation of its published prices," identify all other conduct meant to be encompassed within this contention. In particular, clarify if plaintiffs contend that no government payor was aware of the differences between the actual sales prices in the marketplace and published prices for the Subject Drugs (i.e., the "spread"). If so, identify the time period during the Relevant Claim Period for which you allege no government payor was aware of the spread for the Subject Drugs, and state the basis for that contention.

Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. *See* Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**RESPONSE:**

**INTERROGATORY NO. 25:** Explain why FULs were not established for each of the NDCs identified in paragraph 30 of The United States' First Amended Complaint.

Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. *See* Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**RESPONSE:**

**INTERROGATORY NO. 26 (to Ven-A-Care):** As to Abbott, state the basis for the following contention contained in paragraph 157 of Ven-A-Care's Third Amended Complaint: "The DEFENDANTS have each knowingly and actively impeded the efforts of the Government: to arrive at reasonable estimates of acquisition cost in setting payment amounts for claims for the specified drugs; to benefit from drug price competition; and to use the Government's huge volume purchasing power for the benefit of the taxpayer." Identify any and all facts that support, concern, or refute Ven-A-Care's contention.

Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. *See* Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**RESPONSE:**

**INTERROGATORY NO. 26 (to United States):** In paragraph 157 of its Third Amended Complaint, Ven-A-Care contends: "The DEFENDANTS have each knowingly and actively impeded the efforts of the Government: to arrive at reasonable estimates of acquisition cost in setting payment amounts for claims for the specified drugs; to benefit from drug price competition; and to use the Government's huge volume purchasing power for the benefit of the taxpayer." If you agree, as to Abbott, with Ven-A-Care's contention, identify any and all facts that support or concern Ven-A-Care's contention. If you disagree, as to Abbott, with Ven-A-Care's contention, identify any and all facts that refute Ven-A-Care's contention.

Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. *See* Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**RESPONSE:**

**INTERROGATORY NO. 27:** Identify all individuals, whether HHS employees or not, involved in any manner in the drafting, preparation, or completion of the Brief of United States as Amicus Curiae (Dkt. No. 3014), filed on September 15, 2006.

**RESPONSE:**

Dated:  September 6, 2007

Respectfully submitted,

/s/ David S. Torborg
James R. Daly
Tina M. Tabacchi
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2007, a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'S FOURTH SET OF INTERROGATORIES TO PLAINTIFF UNITED STATES OF AMERICA AND RELATOR VEN-A-CARE OF THE FLORIDA KEYS, INC. was served upon:

Mark A. Lavine (By email)
Ana Maria Martinez (By email)
Ann St. Peter-Griffith (By email)
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132

Renée Brooker (By email)
Justin Draycott (By email)
Gejaa Gobena (By email)
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street NW
Suite 9918
Washington, DC 20004

James J. Breen (By email)
Alison Simon (By email)
The Breen Law Firm
3350 S. W. 148th Avenue, Suite 110
Miramar, FL 33029

/s/ David S. Torborg
David S. Torborg