# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION



NIGHT BOX
FILED

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA
_Ex Rel_

    VEN-A-CARE OF THE
    FLORIDA KEYS, INC.
    a Florida Corporation,
    by and through its principal
    officers and directors,
    ZACHARY T. BENTLEY and
    T. MARK JONES,
                Plaintiff,

v.

ABBOTT LABORATORIES;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.
95-1354-CIV-GOLD

FILED IN CAMERA
AND UNDER SEAL
PURSUANT TO
31 U.S.C. §3730

FOURTH AMENDED
COMPLAINT
For Money Damages and
Civil Penalties Under The
False Claims Act
31 U.S.C. §§3729-3732

Civil Action No: 95-1354-CIV-GOLD

STATES provided Medicare benefits to qualified beneficiaries which included payment of claims for the prescription drugs specified herein manufactured by the DEFENDANTS and utilized the false and fraudulent price and cost representations made by the DEFENDANTS in approving and paying claims.

17.   The States, United States Territories, and the District of Columbia provided Medicaid benefits to qualified recipients which included payment of claims for the prescription drugs specified herein manufactured by the DEFENDANTS and utilized the false and fraudulent price and cost representations made by the DEFENDANTS in approving and paying claims. A significant percentage (at least 50%) of said Medicaid reimbursement was paid from United States Government funds pursuant to 42 U.S.C. § 1396(b).

18.   The Relator, VEN-A-CARE, is a corporation organized under the laws of the State of Florida, with its principal offices in Key West, Florida. The Relator's principal officers and directors include Zachary T. Bentley and T. Mark Jones, who are each citizens of the United States and reside in Key West, Florida. The Relator is a pharmacy and is licensed to provide prescription drugs and biologicals specified in this Fourth Amended Complaint and has been, during the relevant period of this Complaint, a Medicare Part B supplier and a Florida Medicaid provider. The Relator has standing to bring this action pursuant to 31 U.S.C. §3730(b)(1). The information upon which these allegations are based was voluntarily provided by the Relator to the Federal Government prior to June 23, 1995 and thereafter has been frequently supplemented by the Relator.

16

Civil Action No: 95-1354-CIV-GOLD

19.   VEN-A-CARE's principals were aware that Medicare and Medicaid reimbursed for drugs at amounts that were intended to be based on an estimation of cost and not provide for huge windfall profits at the GOVERNMENT's expense. VEN-A-CARE attempted to alert the responsible state and federal government officials to the scheme being perpetrated by the DEFENDANTS. However, the government agencies lacked sufficient resources and expertise to adequately respond. Accordingly, the Relator commenced this action based upon its original source information.

20.   The DEFENDANT, ABBOTT LABORATORIES ("ABBOTT"), is a corporation organized under the laws of Illinois with its principal offices in Abbott Park, Illinois. At all times material to this civil action, ABBOTT has transacted business in the Federal Judicial District of the District of Florida by, including but not limited to, selling and distributing its drugs, including those identified in this Complaint, to purchasers within the Southern District of Florida.

21.   ███████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████████

22.   ███████████████████████████████████████
█████████████████████████████████████████████

17

Civil Action No: 95-1354-CIV-GOLD

representations made by the DEFENDANTS directly or indirectly to Medicare/Medicaid. The false claims at issue number in the tens of thousands, and were submitted by thousands of Providers nationwide throughout the relevant time period of the Complaint. Each claim is in the possession of Medicare or the applicable State Medicaid Programs.

128.   For many of the specified drugs, the Relator has identified the false claims to the Federal government by:   providing the truthful prices concealed from Medicare/Medicaid by the DEFENDANTS for each specified drug; providing information about the DEFENDANTS' exploitation of financial inducements to induce utilization of these drugs and specific identification information about these drugs and by providing the specific false price representations in question from which the Relator and the Federal government identified the specific false claims.

129.   The damages sought herein include, but are not limited to, those arising from the false claims for the specified drugs set out in Sections 12 through 34 and elsewhere throughout this Fourth Amended Complaint. The damages sought herein also encompass all damages and penalties recoverable due to the false claim scheme of the DEFENDANTS alleged herein relating to all drugs of all sizes about which false price representations or records were used in connection with, considered or made available in, caused, aided or otherwise affected the presentment, payment or approval of false claims. These claims also encompass recovery of the funds paid for false claims due to the DEFENDANTS' false drug price representations, regardless of the Federal or State program that actually expended the funds, the person or entity that ultimately received the

57

Civil Action No: 95-1354-CIV-GOLD

## SECTION NO. 9

### THE DEFENDANT DRUG MANUFACTURERS'
### KNOWLEDGE OF THE FALSE CLAIMS SCHEME

146.   The DEFENDANTS are prohibited by the False Claims Act from making false representations in connection with claims for Government funds, are required by the Food and Drug Act to report true prices and are prohibited by the Medicare and Medicaid Anti-Kickback laws from arranging financial inducements for Providers.

147.   The patients and third party payers, including the Medicare and State Medicaid Programs, are not aware of the prices actually paid for the specified drugs by the physician, clinic or pharmacy presenting the claim for payment.   THE DEFENDANTS concealed from the Medicare and State Medicaid Programs price reductions occurring due to competition in the marketplace and falsely and fraudulently represented drug prices that far exceeded the truthful prices.

148.   At all times material to this action, each of the DEFENDANTS acted "knowingly" as that term is defined at 31 U.S.C. §3729(b) by, among other things:

a)       Causing the presentation of false and fraudulent claims for payment or approval by the Medicare and States Medicaid programs; and

b)       Making and using false statements and/or records for the purpose of getting false or fraudulent claims approved or paid by the Medicare and State Medicaid Programs.

149.   The DEFENDANT DRUG MANUFACTURERS knew or recklessly disregarded or acted in deliberate ignorance of the fact that their conduct would cause

67