# EXHIBIT G

# JONES DAY

51 LOUISIANA AVENUE, N.W.  •  WASHINGTON, D.C.  20001-2113

TELEPHONE: (202) 879-3939  •  FACSIMILE: (202) 626-1700

Direct Number:  (202) 879-5562
dstorborg@jonesday.com

November 7, 2007

VIA EMAIL

Alison W. Simon, Esq.
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, FL 33029-7470

Re:   *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Alison:

This letter responds to your letter of today relating to Ven-A-Care's responses to Abbott's Fourth Set of Interrogatories.

Your letter is disappointing. As you know, Abbott's Fourth Set of Interrogatories, served over two months ago on September 6, 2007, are in large part directed at Ven-A-Care. Most of these interrogatories merely ask Ven-A-Care to state the factual basis of allegations that Ven-A-Care made in complaints filed under seal against Abbott and other manufacturers. There can be no quibbling about the words used in or the relevance of these interrogatories; these are the words that Ven-A-Care used and these are allegations and statements that Ven-A-Care believed were relevant enough to include in its complaints.

As we discussed during our meet-and-confer on October 31, 2007, the responses served by Ven-A-Care on October 26, 2007 are completely unresponsive. Ven-A-Care does not provide a single substantive response to any of the interrogatories. Instead, Ven-A-Care resorts to objections that are frivolous and plainly inconsistent with the position Ven-A-Care has taken in opposing Abbott's most recent motion to dismiss. *Compare, e.g.,* Responses to Interrogatories No. 22, 23, and 25 ("The interrogatory is improperly directed at allegations in the Relator's qui tam complaints rather than allegations in the United Sates First Amended Complaint, the operative pleading of both Plaintiffs in the instant action.") *with* Relator's Opposition to Abbott Laboratories, Inc.'s Motion to Dismiss or Partially Dismiss the United States' First Amended Complaint (claiming Ven-A-Care's adoption of United States Complaint did not abandon Ven-A-Care's Fourth Amended Complaint). Ven-A-Care's failure to provide reasonable responses is particularly troubling in light of the two extensions that Abbott generously provided to respond to these interrogatories.

During our meet-and-confer, Mr. Breen indicated that, with the possible exception of Interrogatory No. 20 (on the original source issue), Ven-A-Care would provide *actual responses*

ATLANTA  •  BEIJING  •  BRUSSELS  •  CHICAGO  •  CLEVELAND  •  COLUMBUS  •  DALLAS  •  FRANKFURT  •  HONG KONG  •  HOUSTON
IRVINE  •  LONDON  •  LOS ANGELES  •  MADRID  •  MENLO PARK  •  MILAN  •  MOSCOW  •  MUNICH  •  NEW DELHI  •  NEW YORK
PARIS  •  PITTSBURGH  •  SAN DIEGO  •  SAN FRANCISCO  •  SHANGHAI  •  SINGAPORE  •  SYDNEY  •  TAIPEI  •  TOKYO  •  WASHINGTON

JONES DAY

Alison W. Simon
November 7, 2007
Page 2

to these interrogatories by today. Instead, what we have is a delay letter that does nothing of the sort. Your letter asks that we agree to your "proposal" to answer Interrogatories 21 through 26, and defer answering Interrogatory No. 20 until Abbott "provides a specific public disclosure that it contends Ven-A-Care's [original source] allegations are based upon." You already agreed to provide supplemental responses to Interrogatories 21 through 26 last week, and you agreed to provide those responses this week. You have had two months to devote the supposed "significant time and resources" that you claim it will take Ven-A-Care and its counsel to state the factual basis for allegations and statements that Ven-A-Care has repeated several times since filing this case. Instead, Ven-A-Care blew off Abbott's interrogatories and hoped Abbott would not move to compel. Now you seek even more time. If Abbott does not have legitimate answers to these interrogatories by next Tuesday, we will file our motion to compel and ask for costs.

As to Interrogatory No. 20, we discussed this interrogatory for at least half of our two-hour meet-and-confer. I made our position, and the reason for our position, very clear. Abbott is not obligated to set forth its public disclosure defense before it has a right to gain discovery into the factual basis for Ven-A-Care's repeated allegation that it has "direct and independent knowledge of the information and is the 'original source' of the information" on which the allegations contained in each of Ven-A-Care's under seal complaints is based. *See* Ven-A-Care's Original Complaint ¶ 4 (filed June 23, 1995); Ven-A-Care's Second Amended Complaint ¶¶ 4-5, 34 (filed Aug. 13, 1997); Ven-A-Care's Third Amended Complaint ¶¶ 4-5, 38-39 (filed Dec. 9, 1999); Ven-A-Care's Fourth Amended Complaint ¶¶ 18, 128 (filed Dec. 11, 2002).

I asked you to provide the supposed "substantial body of federal authority [that] establishes that 'original source' is a protected status that a Relator can assert to overcome the 'public disclosure' barrier, and that a Relator's obligation to demonstrate 'original source' status thus arises only if the court first finds that the Relator's suit is 'based on' a prior 'public disclosure' of the wrongful conduct by the defendant that is the subject of the Relator's pleadings." Ven-A-Care Response to Interrogatory No. 20. We do not believe there is authority that stands for the proposition that Abbott has no right to *discovery* on the original source issue until a court finds there has been a public disclosure. Such a proposition would be illogical, since Abbott's briefing on the prior disclosure and original source issues would take place simultaneously. Your letter does not provide any of that case law.

In any event, as I explained, the original source question is tied to the allegations and factual information contained in Ven-A-Care's complaints. You do not need anything from Abbott to simply provide the factual basis for the original source statements that Ven-A-Care set forth in its original 1995 complaint, and repeated in 1997, 1999, and 2002 in its amended complaints.[1]

---

[1] Moreover, your letter does not offer to set forth the *factual basis* for Ven-A-Care's original source allegations should Abbott identify a specific public disclosure. Instead, your letter offers to provide "Ven-A-Care's rebuttal position." That sounds like an offer to provide legal argument, not facts.

JONES DAY

Alison W. Simon
November 7, 2007
Page 3


       Since we have already set forth our position on this issue, and debated the issue at length, we interpret your letter as stating Ven-A-Care will not provide the information requested in Interrogatory No. 20 absent a court order.  We will proceed accordingly.

                                     Sincerely,

                                     /s/ David S. Torborg

                                     David S. Torborg

cc:     M. Justin Draycott
         Ana Maria Martinez
         Renée Brooker
         Gejaa Gobena
         John K. Neal
         Justin Draycott
         Mark A. Lavine
         Ann St. Peter-Griffith
         James J. Breen
         Neil Merkl
         Sarah L. Reid
         Eric Gortner