# ATTACHMENT E

1

1 - 157

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS


CONSUME, ET AL,                     )
                    Plaintiffs,)
                                    )
-V-                                 )   CIVIL DOCKET NO.
                                    )   01-12257-PBS
ABBOTT LABORATORIES, ET AL,         )
                                    )
                    Defendants.)


MOTION HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE


January 31, 2008

Boston, Massachusetts


APPEARANCES ON PAGE 2

Proceedings recorded by electronic sound recording,
transcript produced by Apex Reporting.

2

APPEARANCES:

For the United States:

     RENEE BROOKER, ESQ.
     GEJAA GOBENA, ESQ.
     JUSTIN DRAYCOTT, ESQ.
     U.S. Department of Justice
     604 D Street, NW
     Patrick Henry Building, Room 9028
     Washington, DC  20004

For the Defendants:

     JASON WINCHESTER, ESQ.
     JAMES DALY, ESQ.
     Jones Day
     77 West Wacker Drive
     Chicago, IL  60601

For the Intervenor:

     JAMES BREEN, ESQ.
     The Breen Law Firm, PA
     3562  Old Milton Parkway
     Alpharetta, GA  30005

108

1       THE COURT:  All right.  All Government counsel can

2  sit at the table --s.

3       MS. BROOKER:  Thank you.  I'll move down.

4       THE COURT:  Okay, the next is Abbott's motion

5  4692, a motion for protective order.  Mr. Daly?

6       MR. DALY:  Your Honor, I wanted to make a

7  suggestion, if it please the Court.  We have a series of

8  three motions.  All of them are apex deposition motions.

9       If it's all right with the Court, I'd like --

10 because the facts and the law are the same--

11      THE COURT:  4692, 4774 and 4781.

12      MR. DALY:  That's right, Judge; keep them

13 together?  Thank you.

14      Judge, with respect to these motions -- with

15 respect to Mr. White, there's nothing new.  What you've seen

16 in the prior briefing that we looked at in May is the same.

17 They've come up with nothing additional.

18      With respect to the other three former executives,

19 we believe that they haven't met their burden to show unique

20 and superior knowledge with respect to these people.   In

21 fact, each of them has filed an affidavit, which is part of

22 our briefs, that denies personal knowledge of -- or superior

23 knowledge of any of the subjects.  And with respect to some

24 of them, they say they've never even heard of those topics

25 before, let alone have any knowledge about it.

109

1          Another thing that has happened since this

2    briefing was done, and they're done at different time

3    periods all sort of ending by early November, or so, the

4    Government has also -- and then the Plaintiff has generally

5    had noticed that a lot of depositions we heard about, you

6    know, 39, 40, 50 today.

7          The other key thing that I'll talk about, because

8    it relates to each of the individual questions that they ask

9    is -- another thing that they've done is they requested 13

10   of 30(b)(6) topics, which pretty much capture all of the

11   topics that they are seeking from these witnesses.

12         And, in fact, if I may -- if I may hand out a copy

13   of a letter from counsel to the Government -- it basically

14   lists the topics.  I may refer to that if we go into the

15   particulars of any individual witness.

16         But, essentially, they have now given us 30(b)(6)

17   topics on the topics that they're seeking from these senior

18   executives.  We are in the process of negotiating some of

19   them.

20         For some of them, we've already agreed to put up a

21   witness.  For some of them, as we get into the particulars,

22   we've already agreed that we're -- that Abbott is going to

23   submit an affidavit to capture some of the issues.

24         So, in terms of what they need to do, where

25   there's argument in the briefs about the fact that, first of

110

1    all, you have to show you need the superior knowledge.

2              And, second of all, you have to show that you've

3    tried to exhaust and get this information through less

4    intrusive means.

5              There's a little bit of a fight in the brief about

6    whether they're obligated to do that or not.  We think that

7    the law clearly is that they do.

8              My point is, they're doing it.  They've now backed

9    up these requests with 30(b)(6) requests, which are going to

10   go forward in the next several weeks.

11             With respect to Mr. White, he is -- they renewed

12   their motion to depose him.

13             If the Court may recall, we were back here in, I

14   believe, May of '07.  We came in; we had an affidavit from

15   Mr. White that said he had no personal knowledge of pricing

16   and things of that nature.  Such matters were -- he was

17   advised by others who do have day-to-day responsibilities

18   for those things on an as-needed basis, and that anything he

19   knows about allegations and investigations and lawsuits

20   against the company relating to AWP that are part of this

21   case and part of cases around the country, is all

22   information that he has gotten from counsel, and only from

23   counsel, so they would be privileged.

24             So, what the Court ordered at that point in time

25   was, all right, have them answer three written questions.

118

1  from the Government, that they want to take, where -- it's

2  number three, Judge, in the letter I just handed you, on

3  page 2.

4          The distribution in consideration of, and actually

5  taken with respect to the October 31, 2000 letter, from

6  Congressman Fortney "Pete" Stark, from miles away.  They've

7  already covered that.

8          And, in fact, we've already agreed to give them an

9  affidavit on that and talked to Mr. Gobena about what that

10  would contain.

11          And so, we're in the process of working on that.

12  That's already covered.

13          The other thing, Counsel indicated is the very

14  next subject, all facts related to the 2001 price change.

15  That's a 30(b)(6) topic that's coming up.

16          By the way, there's been about 80 depositions

17  taken by the Government in this case; I'd say at least 70 of

18  them.

19          They've asked about the Stark letter and the 2001

20  price change list.  It's not as if they don't have testimony

21  on this, but with respect to that, and number four here in

22  the letter, we're giving them, I believe, an affidavit and

23  we're also preparing to put up a witness.

24          So, this is being covered and there is nothing

25  that shows unique and superior, not personal knowledge on

119

1 behalf of Mr. White with respect to any of these things.

2          And, at least, this process ought to go forward

3 before anything further were done in that area.

4          But, I don't think the Government has come close

5 to meeting their burden here.

6          THE COURT:  At this time, the motion is allowed as

7 to White.

8          MR. DALY:  Thank you.

9          THE COURT:  All right, as to the others --

10          MR. DALY:  Yes, your Honor.

11          The next individual I wanted to talk about -- and

12 I do want to respond briefly to counsel's discussion of the

13 law -- we cited a variety of cases in briefs, Judge, that

14 indicate that the apex deposition standards do apply to

15 former apex executives.  And what we're talking about here

16 are former -- the former CEO, the former president, the

17 former chief operating officer.  But we're not -- we're

18 talking about people who had important jobs with the

19 company, in a big company.

20          As your Honor pointed out, just because you're

21 retired doesn't mean that they're not busy.

22          And the apex considerations of not having every

23 Fortune 200 companies' former executives dragged into Court

24 for depositions all the time, just because they're retired,

25 the principles of the law applies with equal force to these

120

1    gentlemen.

2          So, with respect to those gentlemen, I did want to

3    address the particulars of what they seek with respect to

4    them.   And that is, the law is the same.

5          With respect to what we've done, we've attached

6    their affidavits.

7          The Government told us, "Here's what we want to

8    talk to them about."

9          We went to the witnesses and asked them about it.

10   They each prepared and affidavit saying either, "I've never

11   heard of this," or "I don't recall this," or "The only thing

12   I know about this is what people told me, as they advised me

13   as the senior officer.   Whatever I know is several

14   administrative levels above where the people who actually

15   know what was going on with respect to this issue would be."

16         So, with respect to Mr. Hodgson, he's the first

17   gentleman that I'd like to talk about, he's the former

18   President and Chief Operating Officer of Abbott from 1990 to

19   1999.

20         The questions that they want to talk to him about

21   are marketing and pricing information.

22         He files his affidavit and says, again, "I was way

23   up here.   I would only be told about such things on a

24   need-to-know basis and it would not be any kind of detailed

25   knowledge.   I wasn't involved in day-to-day responsibility

121

1   of setting prices or dealing with marketing or anything like

2   that.  That wasn't my job.  You'd need to go down several

3   levels to find somebody to do that."  And, of course, the

4   Government has already done that.

5         And, of course, it's also a 30(b)(6) topic in the

6   letter that you have in front of you.

7         The second thing is lobbying with respect to

8   Mr. Hodgson.

9         Mr. Hodgson says in his affidavit, point blank, "I

10  wouldn't have anything to do with lobbying.  That's nothing

11  I participated in.  I don't recall participating in that

12  area."

13        By the say, the Government as deposed already

14  Abbott's entire Government Affairs office in Washington,

15  which contains all of Abbott's lobbying people.

16        There is another dep of another lobbying person

17  coming up, and lobbying is topics one and two of the

18  30(b)(6) that we're seeking.  And, again, we're giving them

19  an affidavit for part of that, and we're putting up a

20  30(b)(6) witness for that, Cindy Sensival, who will answer

21  some of the questions that they have.

22        So, that issue is -- it should be off the table at

23  this point.

24        The other thing they want to talk about -- with

25  Mr. Hodgson about is Lupron.  I think we kind of swatted

1   that issue out of this case.  But they want to talk about

2   the fact that he was deposed in that case and, you know, if

3   you read their brief, he knew what AWP stood for.  That's

4   their first reason for it.  Why not?  He obviously knows

5   about pricing terms.  Of course, he knows what AWP stands

6   for.

7           That doesn't give him unique and superior personal

8   knowledge that he should be dragged in here to answer a

9   question like that when there are all kinds of people who

10  can answer those questions.

11          He also sits on the boards of two public

12  companies, your Honor.

13          THE COURT:  Is your argument as to these three:

14  Burnham, Gonzalez and Hodgson, is basically that there are

15  30(b)(6) depositions out there covering all of the materials

16  that are sought.

17          MR. DALY:  Yes, your Honor.

18          THE COURT:  Well, then I am going to allow the

19  three motions at this time.  After all of the 30(b)(6)

20  deponents have been deposed, if there is still a need, I

21  will entertain it, but these three are allowed at this time.

22          MR. GOBENA:  If I may briefly address that point,

23  these 30(b)(6)s are a directive for the corporation to

24  identify its corporate knowledge or position on an issue.

25          These are witnesses that are going to be witnesses

123

1    at trial and we want 30(b)(1) testimony from them, but their

2    personal knowledge about their personal perspectives on the

3    issues in the case, I don't believe that the 30 --

4            THE COURT:  Well, haven't they told you in the

5    affidavits if they don't have any personal knowledge?

6            MR. GOBENA:  Well, but affidavits crafted by

7    lawyers don't necessarily meet the burden of us being able

8    to explore in detail what they really know.  I mean--

9            THE COURT:  You are getting into a risky area with

10   an accusation.

11           MR. GOBENA:  Well, I'm not accusing anyone of any

12   wrongdoing.  However, there's a different situation--

13           THE COURT:  That was the tone of that.

14           MR. GOBENA:  Your Honor, if that was a tone, I

15   apologize.

16           My point is that there's a difference between a

17   know-nothing affidavit being submitted, and us having the

18   ability to challenge that know-nothing affidavit with

19   documents, with evidence that we have that have these

20   people's names and information involved with it.  And that's

21   what we have.

22           One of the people, for example, Richard Gonzalez,

23   he was the head of the Hospital Products Division, which is

24   the division whose conduct is at issue here.  He was

25   directly involved in discussions about this 2001 price

124

 1  change.  A meeting was held in his office.  We have
 2  documents about a meeting being held there.
 3          A 30(b)(6) is not going to be sufficient, in terms
 4  of Abbott's perspective, for us to explore Mr. Gonzales'
 5  role for example.
 6          THE COURT:  All right, Counsel, I gave a ruling.
 7  I've given you the ability to renew, when you get all of the
 8  30(b)(6) testimony and you feel you still want to pursue
 9  this, I'll entertain it.  But at this time, I think it's
10  premature.
11          MR. DALY:  Your Honor, may I just make a request
12  on these 30(b)(6)s?
13          Your Honor's ruled, and the problem with that, I
14  think that perhaps if we could get a little bit of leeway to
15  add a 30(b)(6) topic, explicitly directed at the knowledge
16  and what, if anything, these individuals did or did not do.
17          Because we're not -- we're talking about a topic
18  here that is an emergening policy; that the CEOs, if they
19  were aware of it, then we should be able to put evidence on
20  in front of a jury that they did nothing about it; they
21  didn't educate themselves about it.  That, in of itself,
22  would be relevant at trial.
23          THE COURT:  Because what you are asking for is
24  something beyond the Order of December 18th.  You have to
25  work with what is out there.