UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | ) ) ) | Hon. Patti Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) | |

### UNITED STATES' OBJECTIONS TO JANUARY 31, 2008 RULINGS BY MAGISTRATE JUDGE BOWLER RE ABBOTT'S DOCUMENT PRODUCTION

Pursuant to Fed R. Civ. P. 72(a) and Rule 2(b) of the Rules for United States Magistrates in the District of Massachusetts, the United States respectfully files objections to Magistrate Judge Bowler's in-court rulings on January 31, 2008, concerning the United States' Third Motion to Compel the Production of Documents from Abbott Laboratories Inc. ("Abbott") and to Require that Abbott De-Designate Non-Confidential Information, filed on October 15, 2007.  *See* Exhibit 18, Dkt. No. 4800.

Specifically, the United States asks this Court to overrule two of Magistrate Judge Bowler's numerous rulings made on January 31, 2008, and order that: (1) within twenty (20) days, Abbott be required produce its transactional data and documents relating to Acyclovir Sodium, a drug which was added to the United States' Amended Complaint served on Abbott on June 4, 2007, and (2) require Abbott to de-designate as non-confidential, "all pricing information from more than 5 years ago," and "all commercial information from the 1990s" *(see* Exhibit 5-4,

Electronic Order dated October 10, 2007), work which it appears Abbott has done, at least in part, as a result of an order by a Pennsylvania state court.

> The defendants are directed to review all documents presently designated as confidential and shall designate those that are no longer confidential; in engaging in this review, and as indicated in the contemporaneously filed Final Protective Order, the defendants shall consider whether documents older than five years reflect current practices, and if such documents do not reflect current practices, the defendants shall de-designate the documents; the defendants shall comply with these directions within sixty-days.

Exhibit 10 at 9, *Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc., Abbott Laboratories, et al.*, Memorandum Order and Opinion re: confidentiality de-designations, dated December 5, 2007.

As set forth below, the United States respectfully submits that Magistrate Judge Bowler's rulings prejudice the United States' ability to prepare its case for trial, and that reversing the Magistrate will not prejudice Abbott.[1]

## STANDARD OF REVIEW

The standard of review by a district court of a Magistrate Judge's nondispositive discovery ruling is set forth in 28 U.S.C. § 636(b)(1)(A). Pursuant to this provision, a Magistrate Judge's discovery ruling will be set aside if it is "clearly erroneous or contrary to law." *Id*; *In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts*, 400 F.Supp.2d 386, 388 (D. Mass. 2005).

---

[1]At the January 31, 2008 hearing, Magistrate Judge Bowler issued numerous other rulings with respect to additional categories of documents. By this motion, the United States is seeking to vacate only two of those rulings. Depending upon Abbott's timely compliance with the Magistrate's other rulings and any ruling on these objections, the United States may have to move this Court for additional time to complete discovery.

## ARGUMENT

**1.     Abbott Should Be Required to Produce All Transactional Data and Documents Relating to Acyclovir Sodium Within Twenty (20) Days From the Entry of An Order**

In its Third Motion to Compel, the United States requested that Abbott produce within twenty (20) days, all transactional data and documents relating to Abbott's drug, Acyclovir Sodium.[2] *See* Exhibit 18 at 7, ¶7, Dkt. No. 4800; *see also* Exhibit 18, United States' Proposed Reply at 2-3, Dkt No. 4908-3; and Exhibit 18, Abbott's Opposition at 7-8, Dkt. No. 4876. This was back on October 15, 2007, and Abbott still has not produced the information. At a hearing on January 31, 2008, Magistrate Judge Bowler denied the United States' request "without prejudice to be renewed after the ruling on the [Motion to Dismiss the First Amended Complaint (Dkt. No. 4469)] by Judge Saris." *See* Exhibit 1, 1/31/08 Hrg. Tr. at 48-49. The United States respectfully requests that this Court overturn Magistrate Judge Bowler's ruling and order that Abbott within twenty days produce all transactional data and documents pertaining to Acyclovir Sodium. The March 31, 2008 deadline for the close of fact discovery is fast approaching.[3] There is no basis to further stall this production.

On June 4, 2007, the United States served its First Amended Complaint to include, among other changes, the addition of a single drug, Acyclovir Sodium, in the case. Abbott's

---

[2]At Exhibit 18, the United States is providing this Court with copies of only the United States' Memorandum (Dkt. No. 4800), Abbott's response (Dkt. No. 4876), and the United States' Proposed Reply (Dkt. No. 4908-3). For efficiency, all exhibits have not been provided except those cited and attached herein.

[3]This Court recently extended the date for the close of fact discovery to March 31, 2008. *See* Exhibit 2, 12/18/08 Electronic Order entered denying in part United States' Motion for Extension of Time to Complete Discovery (Dkt. No. 4923).

Motion to Dismiss the First Amended Complaint (Dkt. No. 4469) and the United States'

Opposition thereto (Dkt. No. 4661) is under consideration by this Court. Although the first

discovery deadline in this case of December 31, 2007, has passed, and the new March 31, 2008

deadline is upon us, Abbott has still not served an Answer to either the First or Second Amended

Complaint. Yet, the United States is still proceeding diligently with discovery. Abbott has stated

that it will not produce transactional data relating to Acyclovir Sodium until this Court rules on

the pending Motion to Dismiss.[4] *See* Exhibit 1, 1/31/08 Hrg. Tr. at 48. That is prejudicial to the

United States' case and severely jeopardizes yet again the discovery deadline.

Abbott should produce within twenty days all transactional data and documents related to

Acyclovir Sodium for several reasons. First, there is no dispute between the parties that the data

and documents related to Acyclovir Sodium are relevant and non-privileged. The current

deadline for fact discovery is 46 days away. There is no basis to further delay production.

Second, the United States is prejudiced by Abbott's withholding of this data. The United

States and its expert witness who is calculating damages need time to review the transactional

data for completeness once it is produced, take testimony on the data from Abbott's corporate

---

[4]Abbott counsel represented at the hearing that Abbott produced *documents* related to
Acyclovir Sodium if those documents fell within the scope of one of four categories of
documents set forth in Magistrate Judge Bowler's May 22, 2007 Order (Dkt No. 4244). *See*
Exhibit 1, 1/31/08 Hrg. Tr. at 47-48. However, it is unclear based upon counsel's representation
alone whether Abbott has produced *all* relevant, non-privileged documents relating to Acyclovir
Sodium that are responsive to the United States' sets of Requests for the Production of
Documents. As Magistrate Judge Bowler required Abbott to certify within 30 days from the date
of the hearing, or no later than March 1, whether it has completed production on each and every
document request served by the United States in this case (*See* Exhibit 1, 1/31/08 Hrg. Tr. at 79-
81), the United States will await Abbott's certification of these documents. However, the United
States expressly reserves its rights to seek production of all documents related to this drug should
it learn that Abbott has not made complete production.

designee, and then analyze it for purposes of preparing an expert report.[5]  The first exercise has

proven to be time consuming.  Abbott has a demonstrated pattern of discovery abuse in this case,

and in the related litigation brought by the State of Texas, when it comes to production of timely,

complete and accurate transactional data.  *See* Exhibit 18, United States' 11/28/07 Proposed

Reply in Support of Its Third Motion to Compel The Production of Documents From Abbott

Laboratories Inc., and To Require that Abbott De-Designate Non-Confidential Information at

pages 2-6 (Dkt. No. 4908-3).  Abbott even has been sanctioned recently by the court in Texas for

such discovery abuse relating to the untimely and incomplete production of its transactional data.

*Id.*  Even if Abbott were to depart from its historical pattern, and produce in the first instance, a

complete and accurate set of transactional data for Acyclovir Sodium, the process of production,[6]

review and analysis is time intensive.  Abbott, to the contrary, has no basis to claim that it is

prejudiced by the production of this data at this time.  It is hard to fathom how providing a set of

data to the United States, prior to the close of fact discovery, is burdensome or prejudicial,

especially since Abbott has been on notice of the United States' intent to include this additional

drug as early as June 4, 2007, over eight months ago.

    Third, a pending motion to dismiss has never been sanctioned by this Court as a basis for

withholding discovery.  *See* Exhibit 1, 1/31/08 Hrg. Tr. at 48 ("And our position on that is, the

---

[5]The later that Abbott produces the Acyclovir Sodium data, the more likely the United
States will need to request additional time for the expert witness to disclose his work relating to
this data.  Because of the facts discussed herein, substantial time is needed to review and analyze
the data, depose the corporate designee on the data, and include the results of the analysis in
calculations in the expert's disclosure.

[6]*See* Exhibit 1, 1/31/08 Hrg. Tr. at 47-48 ("The greater body, however, of transactional
data, do we have to dig up and pull together for them every price which we ever sold any unit of
Acyclovir...").

motion to dismiss we have pending, is a little different than the ones, initially...the basis of our motion....it's really that there is no claim."). This Court ordered discovery to proceed in this case while the first Motion to Dismiss was pending (CMO-29, Dkt. No. 3956), and indeed discovery did proceed, and continues to move forward even though Abbott has not served an answer in this case. At the November 5, 2007 hearing on Abbott's Second Motion to Dismiss, this Court indicated that the United States should file its motion for leave to amend the Complaint to include Acyclovir Sodium, which it did ("I don't want to waste time on whether it's the first amended complaint or the second amended complaint because either way I would give them leave to move to file") Exhibit 3, Transcript of November 5, 2007 hearing at 4:12-21, 5:1-6, 28:17-25. The Court has not yet ruled on the United States' Motion for Leave to Amend, which was filed two days after the hearing, on November 7, 2007. Dkt. No. 4878.

For these reasons, the United States respectfully requests that this Court vacate Magistrate Judge Bowler's ruling, and order Abbott to produce all data and documents related to Acyclovir Sodium within twenty (20) days.

> 2. **Abbott Should Be Required to De-designate "all pricing information from more than 5 years ago," and "all commercial information from the 1990s," in accordance with this Court's and other State Courts' Orders.**

Abbott continues to flagrantly violate orders of this Court by stamping wholesale its entire document production in this case, and in other related cases, as "Confidential" or "Highly Confidential." Abbott's improper designations create inefficiencies and burden upon the United States and the Court during the discovery process, compromise the United States' ability to prepare effectively this case for trial, and will impede a public trial of these issues which are of significant

detail below. As a result, the United States respectfully requests that this Court vacate Magistrate

Judge Bowler's ruling, and require that Abbott in good faith review its productions and de-

designate "all pricing information from more than 5 years ago," and "all commercial information

from the 1990s." Exhibit 5-4, October 10, 2007 Electronic Order. Such an Order will be

consistent with Protective Orders in state courts in Pennsylvania and New Jersey in related AWP

litigation, and with an express Order in Pennsylvania requiring Abbott to de-designate the same

set of documents. *See* Exhibits 10 (*Commonwealth of Pennsylvania v. TAP Pharmaceutical*

*Products, Inc., Abbott Laboratories, et al.*, Memorandum Order and Opinion, dated December 5,

2007) and 11 (*International Union of Operating Engineers Local No. 68 Welfare Fund v. Astra*

*Zeneca PLC, et al.*, Civ. Action No. MON-L-3136-06, Protective Order, dated 2/1/08).

This Court has issued a serious of orders that are relevant to this issue being appealed. In

the first instance, the Protective Order entered by this Court requires that a party act in "good

faith" when making confidentiality determinations. *See* Exhibit 4, *U.S. ex rel. Ven-A-Care v.*

*Abbott*, Protective Order, ¶ 3 (Dkt. No. 3804). Abbott's rote designation of confidentiality on

virtually every one of its more than 500,000 pages of materials produced in this case, and on

deposition transcripts of its current and former employees, does not meet the good faith

requirement in the Protective Order. In addition, this Court has issued in this AWP-MDL

proceeding at least four rulings admonishing parties against placing documents with frivolous

designations under seal. Exhibits 5-1 to 5-7, Orders of Judge Saris from Sept. 5, 2007 to Oct. 11,

2007. On September 5 and September 7, 2007, the Court found assertions of confidentiality

"frivolous," and ruled that "[n]o further documents shall be sealed in this case unless counsel

asserting confidentiality asserts the basis for the claim in a pleading subject to the sanction of

public interest.[7]   In an unpublished decision in *United States v. Philip Morris et al.*, a federal

district court judge required the tobacco company to "conduct a review of all documents that

Philip Morris has designated as [highly confidential] and produced to Plaintiff, and make any

necessary downgrade in designation or de-designation required in accordance with the

recommendation of the Special Master []."). *See* Exhibit 7-10 (8/23/02 Order #218 granting the

United States' Motion to Compel Philip Morris to Comply with the Protective Order).  The

*Philip Morris* decision aptly describes the prejudice to the parties of such over-designation.

> Particularly in trial preparation, where great volumes of
> documents are likely to be used by the parties, the over-designation
> of information could hamper a party's ability to adequately
> prepare, as well as the right of the public, if the information is used
> at trial, to have access to such information, particularly where the
> proceedings have significant public interest.

*See* Exhibit 7-8.  In this case, where there are allegations that Abbott Laboratories for over a

decade engaged in a scheme to defraud the Medicare and Medicaid programs, which provide for

the health care needs of the poor, the elderly and the disabled, there can be no question that the

case involves issues of public interest.

Magistrate Judge Bowler denied the United States' motion and simply admonished

Abbott, "...with any further production, in the spirit of what Judge Saris has said, [] you be very

cautious in using these designations and not over-designate." *See* Exhibit 1, 1/31/08 Hrg. Tr. at

93-94.  This has proven insufficient in light of Abbott's pattern of conduct as set forth in more

---

[7]Indeed, every time the United States seeks to attach an exhibit to a motion or other filing
in this case, it must consult with Abbott in advance on the documents it wishes to include in its
motion, *see* Exhibit 5-6 (10/11/07 Order, Dkt. No. 4804); the problem is particularly acute
because virtually all of Abbott's documents have been marked "Confidential" or "Highly
Confidential."

Fed. R. Civ. P. 11." *See* Exhibits 5-1 (9/5/07 Electronic Order on Dkt. No. 4654) to 5-3 (Dkt.

No. 4701).  On October 10, 2007, in an electronic order relating to a third party's confidential

document (Exhibit 5-4), the Court held that:

> pricing information from more than 5 years ago is not
> sensitive commercial information.  Accordingly, all average
> acquisition costs from 2002 to date may be redacted.  All other
> information in Ex. B shall be publicly available.  Just because
> Cardinal states something is confidential does not necessarily mean
> it can establish good cause to seal.  For example, it is
> inconceivable that commercial information from the 1990's is
> sensitive business information now.

Thus, the parties have been given express guidance on what types of materials clearly

should not be stamped as confidential.[8]  The United States believes that many of Abbott's

confidentiality designations have been frivolous, resulting from Abbott's failure to undertake

confidentiality reviews.  Indeed, at a recent deposition of Ellen Klaus, corporate designee and the

person most knowledgeable on Abbott's document collection and production efforts in this case,

Ms. Klaus was unable to answer any questions about Abbott's process for determining how

documents are stamped as "Confidential" or "Highly Confidential."  Exhibit 13, 2/8/08

Deposition of Ellen Klaus, Tr. at 333-336.  It appears that the stamp may be placed automatically

on every page produced in this case by Abbott counsel and not Abbott employees.  A recent letter

authored by Abbott's counsel, but provided to the United States by a plaintiff's counsel in

Pennsylvania, suggests that the lawyers are making the over-designation decisions.  *See* Exhibit

---

[8]The Court issued a fourth electronic Order on October 11, 2007 in response to the United
States' Motion to Require Abbott to Comply with the Protective Order and with the Court's
Orders of September 5, 2007 and September 7, 2007, and to Set Forth a Procedure for Future
Compliance with those Orders (Dkt. No. 4758).  Exhibit 5-5.  The Order setting forth the
procedure is at Exhibit 5-6 (Dkt. No. 4804).  The Order properly placed the burden upon Abbott
for making Rule 11 certifications when filing purportedly confidential documents under seal.

12 at 1-2, 2/4/08 letter from Jones Day counsel to Plaintiffs' counsel ("Specifically, in order to determine how to designate these documents, counsel for Abbott reviewed the documents and interviewed Abbott personnel about current business practices. Based upon these interviews, Abbott's counsel designated [certain documents as confidential or highly confidential]").

Since this Court's rulings in September and October 2007, there is no dispute that Abbott has produced thousands of pages of materials, and yet continues to stamp almost every page "Confidential" or "Highly Confidential," thereby ignoring this Court's rulings; the same has been true of Abbott's designations of transcripts of depositions taken in this case. *See e.g.*, Exhibit 14 at 1-2 and 19, 9/17/07 Letter from U.S. to Jones Day pointing out the continuous problem with wholesale over-designations; Exhibit 15, four unanswered letters from 10/29/07 to 11/07/07 from U.S. to Jones Day challenging confidentiality designations of transcripts; Exhibit 17, 2/1/08 letter transmitting a CD-Rom of documents, all of which are claimed to be confidential. These are examples.

As another example, on October 11, 2007, *after* this Court issued all four of these rulings, Abbott produced a CD-Rom of almost approximately 2,000 pages. Exhibit 16 at 2 (10/11/07 Letter from J. Winchester to R. Brooker). It appears that Abbott has labeled every single page in the production as "Highly Confidential." Some sample pages from this production were attached to the United States' Third Motion to Compel for illustrative purposes.[9] *See* Exhibit 18 at 9-12,

---

[9]The first document is referred to as a policy document pertaining to federal health care reimbursement from Abbott's Office of Ethics and Compliance, and was issued on September 22, 2004. *See e.g.*, Exhibit 8 (ABT-DOJ 0302496-2502). The United States does not believe that a policy document from the 1990s meets the standards set forth by this Court in the October 10 electronic Order. *See* Exhibit 5-4. The second item is a single page from Abbott's 1990-1994 Long Range Plan. *See* Exhibit 9 (ABT-DOJ 0302462). This document also would not appear to comply with the Court's Order.

Dkt. No. 4800.  As another example, as recently as February 1, 2008, *four months after* this Court's October 10, 2007 Order, Abbott produced a CD-Rom from its Healthsystems Division with more than 16,000 pages of materials, all of which it appears were designated as "Highly Confidential."  Exhibit 17.

At the hearing before Magistrate Judge Bowler on January 31, 2008, the United States further provided examples of even blank pages stamped as "Highly Confidential" from Abbott's recent document productions (Exhibit 6), to demonstrate how Abbott is abusing the Protective Order.  Counsel for Abbott's only response at the hearing was to say that blank pages stamped as confidential are "errors."  *See* Exhibit 1, 1/31/08 Hrg. Tr. at 90 ("Counsel shows you a couple of blank pages out of a million.  Those are errors.  I have nothing to say about that.  Those are errors that were added on to there, of course.").  But, of course, these are not errors.  That is the point of the examples.  It has become apparent that the process of designating is merely rote and no review is being done.

Abbott has basically two responses.  It claims that the United States' requested relief is burdensome, and that there is a procedure for handling over-designations set out in the Protective Order.  *See* Exhibit 1, 1/31/08 Hrg. Tr. at 89-93; Exhibit 18, Abbott Laboratories Inc.'s 11/07/07 Opposition to the United States' Third Motion to Compel (Dkt. No. 4876) at 8, 11.  Neither response is sufficient to overcome the requested relief.  First, the burden to the Government and the Court in denying the relief is far greater.  Abbott believes the burden is on the United States to review Abbott's entire production of more than 500,000 pages (as well as deposition transcripts) and determine which designations are improper.  Exhibit 18, Abbott Laboratories Inc.'s 11/07/07 Opposition to the United States' Third Motion to Compel (Dkt. No. 4876) at 8-9.

However, the Protective Order cannot be read in a manner to eliminate entirely the good faith

obligation of Abbott. To the contrary, the Protective Order requires that Abbott make good faith

confidentiality determinations, and for good reason. *See* Exhibit 4, Protective Order, ¶ 3 (Dkt.

No. 3804). The United States does not possess the information necessary to determine whether

Abbott's company documents meet the standards set forth under the Protective Order. In short,

Abbott cannot hide behind a burdensomeness objection when it is its own conduct that has

caused the burden and led the United States to seek this specific relief.

Second, the United States does not wish to tie up this Court with a multitude of motions

to de-designate confidential documents, which Abbott suggests as the appropriate remedy. *See*

Exhibit 1, 1/31/08 Hrg. Tr. at 89-92; Exhibit 18, Abbott Laboratories Inc.'s 11/07/07 Opposition

to the United States' Third Motion to Compel (Dkt. No. 4876) at 8-9. In the few limited cases

where the United States has objected to Abbott's confidentiality designations in the context of

discovery, Abbott has simply ignored them. *See* Exhibit 15 (unanswered letters from the U.S. to

Jones Day objecting to improper confidentiality designations of entire transcripts). In those

instances, Abbott has violated the Protective Order's provisions governing the procedure for

challenging individual designations. *See* Exhibit 4, Protective Order, ¶ 19 (Dkt. No. 3804).[10]

Abbott had no response to this at the hearing, except to conflate the process where the United

---

[10]That provision states: "In the event that any party to the Litigation disagrees at any point
in these proceedings with the designation by the producing party, the parties shall try first to
dispose of such dispute in good faith on an informal basis. If the parties' cannot resolve the
dispute within then (10) days of service of a written objection, the party challenging the
designation may file a motion to compel within fourteen (14) days after the parties' informal
attempts at resolution have concluded. The party that designated the information
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of demonstrating the
propriety of its designation."

States has challenged its confidentiality designations (as with the transcripts) and the procedure that the Court ordered for placing documents under seal in its Order of 10/11/07 (Exhibit 5-6). *See* Exhibit 1, 1/31/08 Hrg. Tr. at 92-93.

It now appears that there is little burden to Abbott by the requested relief. At the January 31, 2008 hearing, the United States cited a recent decision by a Pennsylvania Court, which essentially ordered the same relief requested here – directed at Abbott as well as other defendants:

> Accordingly, in addition to directing in the final protective order that older (greater than five-years old) information or documents be designated confidential only if they reflect current practices, we will also include in this order a direction to the defendants to review all documents designated as confidential and de-designate all documents that are no longer confidential in nature.

*See* Exhibit 10, Decision at 4-5.[11] Moreover, it appears that Abbott was ordered to comply with the directive within sixty (60) days from December 7, 2007. *See* Exhibit 10 at 9, ¶ 1. Abbott counsel said nothing at the hearing when the Pennsylvania order was brought to the attention of Magistrate Judge Bowler, and nonetheless objected to essentially the same relief being sought in this case. A letter from Abbott counsel to plaintiff's counsel in the Pennsylvania case further suggests that, notwithstanding Abbott's silence on this issue before Magistrate Judge

---

[11]It further appears that a New Jersey court in a related AWP proceeding, in which Abbott has been recently dismissed without prejudice, has adopted similar language to this Court in ordering what material may be designated: "All sales, marketing, pricing and other commercial information more than five (5) years old *that does not reflect current practices* is presumed not to be *sensitive commercial information* and not to be 'CONFIDENTIAL [OR HIGHLY CONFIDENTIAL] [emphasis in original]." *See* Exhibit 11, ¶¶ 4, 7, *International Union of Operating Engineers Local No. 68 Welfare Fund v. Astra Zeneca PLC, et al.*, Civ. Action No. MON-L-3136-06, Protective Order, filed 2/1/08.

Bowler, the very same documents it was required to re-review and re-designate in the

Pennsylvania case are the ones it produced in this case. *See* Exhibit 12 at 1, 2/4/08 letter from

Jones Day counsel to Plaintiffs' counsel ("...Abbott has already produced a witness in other

AWP-related litigation [Ellen Klaus] who has addressed the issue of the nature and scope of

Abbott's document production. *This testimony related to the production of the same documents*

*that we are in the process of producing in this case*...[emphasis added]").

    While Abbott counsel did not bring this highly relevant authority to the attention of

Magistrate Judge Bowler, nor address the Pennsylvania Court's order when it was raised by the

United States, the order applies to Abbott.  Nonetheless, counsel for Abbott represented at the

hearing that there was no authority for the relief sought by the United States.

> Mr. Winchester: Their challenge is a broad brush.  We have
> certainly cited cases to the Court in our papers that say that kind of
> broad brush is not sufficient to flip the burden back on the
> designated party to come forward....[] They want us to say go back
> and everything that's older than five years is now automatically not
> confidential.  We have cases in our papers that say that that isn't
> true.

    Even though a Pennsylvania Court had already ordered similar relief as to Abbott, and

Abbott was underway in that de-designation process for the same documents, counsel for Abbott

further represented to Magistrate Judge Bowler that it could not undertake such a burden.

> So, from our standpoint, Judge, we have been willing –
> continue to be willing to talk with them about documents that they
> wish to challenge as confidentially – but for us, I guess we're
> asking is that we not be forced to go back through what is
> admittedly a huge burden of going through all million-plus pages.

*See* Exhibit 1, 1/31/08 Hrg. Tr. at 92.

It appears by Abbott's own representations in the February 4, 2008 letter in the Pennsylvania case (Exhibit 12 at 1), that Abbott has complied with the Pennsylvania Court's order to re-review more than a million pages of materials and de-designate:

> As we agreed previously, while we provided you with over 1.3 million pages of documents on January 4, 2008, we would continue to produce documents on a rolling basis. As these documents are provided, they will be re-reviewed in order to determine whether or not any such document should be de-designated in accordance with the Court's Order.

In short, Abbott's counsel told Magistrate Judge Bowler at the January 31, 2008 hearing that such a process would be "hugely burdensome" *(See* Exhibit 1, 1/31/08 Hrg. Tr. at 89-90) – a process that it was ordered to undergo back in December, and which it did not appeal.

For these reasons, the United States respectfully requests that this Court vacate the ruling of Magistrate Judge Bowler and require Abbott to re-review and de-designate non-confidential documents in accordance with this Court's previous Orders – a process that may have already taken place for the Pennsylvania litigation.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that this Court sustain the United States' objections to Magistrate Judge Bowler's two rulings, and order that Abbott within twenty (20) days: (1) produce and certify that it has produced all documents and transactional data related to Acyclovir Sodium and (2) review all documents and deposition transcripts it has produced or designated as "Confidential" or "Highly Confidential" in this case, and de-designate as non-confidential all pricing information from more than 5 years ago, and all commercial information from the 1990s, including all deposition transcripts.

15

Respectfully submitted,


For the United States of America,

MICHAEL J. SULLIVAN                          JEFFREY S. BUCHOLTZ
UNITED STATES ATTORNEY                       ACTING ASSISTANT ATTORNEY
                                             GENERAL


 /s/ George B. Henderson, II
George B. Henderson, II                       /s/ Renée Brooker
Assistant U.S. Attorney                      Joyce R. Branda
John Joseph Moakley U.S. Courthouse          Daniel R. Anderson
Suite 9200, 1 Courthouse Way                 Renée Brooker
Boston, MA 02210                             Justin Draycott
(617) 748-3398                               Gejaa T. Gobena
(617) 748-3272                               Rebecca A. Ford
                                             Civil Division
                                             Commercial Litigation Branch
R. ALEXANDER ACOSTA                          P. O. Box 261
UNITED STATES ATTORNEY                        Ben Franklin Station
SOUTHERN DISTRICT OF FLORIDA                 Washington, D.C.  20044
                                             Phone:  (202) 307-1088
 /s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101



Dated: February 14, 2008

16

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above "UNITED STATES' OBJECTIONS TO JANUARY 31, 2008 RULINGS BY MAGISTRATE JUDGE BOWLER RE ABBOTT'S DOCUMENT PRODUCTION" to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: February 14, 2008

/s/ Renée Brooker
Renée Brooker