# EXHIBIT 5

09/05/2007 Judge Patti B. Saris : Electronic ORDER entered re 4654 Motion for Leave to File Under Seal Exhibits to the United States' Opposition to Abbott Laboratories Inc.'s Motion to Dismiss. I overrule the claim of confidentiality. In the future, if there is a disagreement, the attorney claiming confidentiality shall support the assertion subject to Fed. R. Civ. P. 11. The claim of confidentiality here is frivolous." (Patch, Christine) (Entered: 09/06/2007)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Pharmaceutical Industry Average Wholesale Price Litigation<br><br>THIS DOCUMENT RELATES TO:<br>U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al. | MDL No. 1456<br>Master File No. 01-12257-PBS<br>Civil Action No. 01-11337-PBS |

### DISCOVERY ORDER

September 7, 2007

Saris, U.S.D.J.

After a review of the United States' objections to the July 19, 2007 order of Magistrate Judge Bowler (Docket No. 4622) and the response by Defendant Abbott Laboratories, Inc., I rule as follows:

1. The third parties shall produce all documents which refer or relate to Abbott's marketing a spread on a drug involving AWP no matter what drug or what year.

2. With respect to the particular named drugs at issue in this litigation, the third parties shall produce all documents related to pricing that drug regardless of the time period generated.

3. The third parties shall produce all documents related to lobbying the legislative or executive branch in the 1991 to 2003 time period relating to AWP/government reimbursement issues.

4. The third parties shall produce all documents relating to Abbott's reporting AWP to the publication compendia (like

First Data Bank) during the 1991 to 2003 time period.

5. Hospira shall produce all relevant documents of Abbott's Hospital Products Division in its custody, possession and control.

6. TAP shall produce all documents expressly referencing Abbott or directly involving Abbott personnel relating to AWP/government reimbursement issues or marketing a spread involving AWP during the 1991 to 2003 time period.

7. Otherwise, the magistrate judge's order is **AFFIRMED**.

8. The subpoenas are not quashed but shall be narrowed consistent with this order and the magistrate judge's order.

9. I have reviewed the documents attached to the government's motion and find that there is no good cause for sealing. With respect to most of the documents, the assertion of confidentiality is frivolous. No further documents shall be sealed in this case unless counsel asserting confidentiality asserts the basis for the claim in a pleading subject to the sanction of Fed. R. Civ P. 11.

/s/ Patti B. Saris

PATTI B. SARIS
United States District Judge

The following transaction was entered on 10/10/2007 at 4:36 PM EDT and filed on 10/10/2007

Case Name:   Citizens for Consume, et al v. Abbott Laboratories,, et al
Case Number:   1:01-cv-12257 <https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?7895>
Filer:
Document Number:   No document attached

Docket Text:
Judge Patti B. Saris : Electronic ORDER entered granting in part [4446] Motion to Protect Confidential Proprietary Commercial Information. "Allowed only in part. I find that pricing information from more than 5 years ago is not sensitive commercial information. Accordingly, all average acquisition costs from 2002 to date may be redacted. All other information in Exhibit B shall be publicly available. Just because Cardinal states something is confidential does not necessarily mean it can establish good cause to seal. For example, it is inconceivable that commercial information from the 1990's is sensitive business information now." (Patch, Christine)

The following transaction was entered on 10/12/2007 at 10:13 AM EDT and filed on 10/11/2007

Case Name:    Citizens for Consume, et al v. Abbott Laboratories,, et al
Case Number:  1:01-cv-12257 <https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?7895>
Filer:
Document Number:   No document attached

Docket Text:
Judge Patti B. Saris : Electronic ORDER entered granting [4758] Motion to Require Abbott to Comply with the Protective Order and with the Court's Orders of September 5, 2007 and September 7, 2007, and to Set Forth a Procedure for Future Compliance with those Orders. "Abbott shall filed a motion to seal forthwith. With respect to the request for a procedure, the Court adopts the government's proposal. Abbott's concern can be addressed by calling the pleading a Motion to Seal a document submitted by the government. Couldn't a solution be worked out?" (Patch, Christine)

Case 1:01-cv-12257-PBS   Document 5045-7   Filed 02/14/08   Page 7 of 8
Case 1:01-cv-12257-PBS   Document 4804   Filed 10/11/2007   Page 1 of 2
Case 1:01-cv-12257-PBS   Document 4758-2   Filed 10/01/2007   Page 1 of 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| ) | |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti B. Saris |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.,* ) ) ) | Magistrate Judge Marianne B. Bowler |
| CIVIL ACTION NO. 06-CV-11337-PBS ) | |

## 2 ~~PROPOSED~~ ORDER

Upon consideration of the United States' Motion to Require Abbott to Comply With the Protective Order and With the Court's September 5, 2007 and September 7, 2007 Orders, and To Set Forth A Procedure For Future Compliance, and any opposition thereto, it is hereby ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that Abbott comply with the Protective Order and the Court's September 5, 2007 and September 7, 2007 Orders by filing Exhibit F to the United States' Response to Third-Party TAP Pharmaceutical Products, Inc.'s Motion to Clarify Paragraph 6 of the Court's September 7, 2007 Order. Abbott must file those documents publicly, or, should Abbott maintain that those documents require filing under seal, it must file them under seal supporting the assertion subject to Fed. R. Civ. P. 11.

IT IS FURTHER ORDERED that for all future filings of documents designated by a party to be "Confidential" or "Highly Confidential" and requiring to be filed under seal, that the party proposing to file such document provide advance notice to the designating party. If the designating party seeks to maintain the confidentiality designations, it shall file a Motion for

Case 1:01-cv-12257-PBS    Document 5045-7    Filed 02/14/08    Page 8 of 8
Case 1:01-cv-12257-PBS    Document 4804    Filed 10/11/2007    Page 2 of 2
Case 1:01-cv-12257-PBS    Document 4758-2    Filed 10/01/2007    Page 2 of 2

Leave to File the Documents Under Seal, setting forth the reasons for the designation, subject to sanction under Fed. R. Civ. P. 11.

IT IS FURTHER ORDERED that failure of the designating party to timely file such a motion should be deemed by the Court to constitute a waiver of the designation.

This 11 day of October, 2007.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE