# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

JUL 1 0 2002

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 99-CV-2496 (GK) |
| | ) | |
| v. | ) | Next scheduled appearance: |
| | ) | July 18, 2002 |
| PHILIP MORRIS, INC. *et al.*, | ) | |
| | ) | [Referred to Special Master Levie] |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION # 66 OF THE SPECIAL MASTER**
**[Philip Morris Compliance with Order #36]**

Before the Special Master is the United States' Motion to Compel Philip Morris to Comply with Order #36, Philip Morris's Memorandum in Opposition, and Plaintiff's Reply thereto.

In its Motion, Plaintiff argues that "Philip Morris has improperly designated as Highly Sensitive Trade Secret Material, Category I or II, a substantial volume of documents and information that is not confidential at all or warrants a lesser degree of confidentiality protection." Mot. at 1. Plaintiff requests that the Court order Philip Morris to re-review all documents previously designated as Category I or Category II documents under Order #36, and that the Court further Order Philip Morris to designate only the portions of the documents that fall within the parameters of Order #36 protection, rather than the entire document by virtue of the fact that a portion thereof qualifies as Category I or Category II material.

Upon consideration of the Motion and the papers filed in support of and in opposition thereto, the Special Master recommends that the Court grant Plaintiff's Motion.

I.    **Background and Arguments**

In support of its Motion, Plaintiff argues that Philip Morris has violated Order #36[1] in two ways.  First, Plaintiff asserts that Philip Morris has over-designated documents as "highly sensitive trade secret" information that either does not warrant any protection or only a lesser degree of protection.  Pl.'s Mem. in Supp. at 1.  Plaintiff states that, out of the 1,675 documents that it challenged as improperly designated, "Philip Morris down-graded to a less restrictive category its designations on almost 75% of the challenged Category I and II documents," or approximately 1,239 of the challenged documents.  Id. at 6 & n.1.

Plaintiff argues that, by its own terms, Order #36 limits the ability of a party to designate material as Highly Sensitive Trade Secret.  Designation as Highly Sensitive Trade Secret can be made only based "upon a good faith basis after reasonable due diligence that the material or information meets the criteria" of Order #36.  Pl.'s Mem. in Supp. at 5-6; Order #36 at ¶ 3.  Plaintiff notes that Category I or II Highly Sensitive Trade Secret Information is limited specifically to information that is "so proprietary or competitively sensitive that its disclosure to a competitor would cause irreparable competitive injury."  Id. at 6; Order #36 at ¶ 2.  Plaintiff asserts that the over-designation is evidenced by the fact that 1,239 documents out of 1,675 did not contain any Category I

---

[1] Order #36 is the Addendum to Protective Order (Order #7) for Highly Sensitive Information.

or Category II material, and that "Philip Morris should be required to re-review all the documents it has provided to the United States." Id. at 6-7.

In addition to the alleged over-designation, Plaintiff argues that Philip Morris has violated Order #36 by "designat[ing] documents according to a 'one page rule,' whereby it designated entire documents as highly sensitive trade secrets as long as a single page in the document contained an entry which the company viewed as falling within Order #36." Id. at 3. Plaintiff calls the Special Master's attention to the following exchange at the meet and confer on this topic:

> MS. BROOKER: [I]f Philip Morris came across a single page in a document that was any number of pages, say five or ten pages from my example, if there was one page or a few sentences on one page that Philip Morris determined was a highly sensitive trade secret, are you saying that Philip Morris designated the entire document as a Cat I document or Cat II document?
> MS. CECIL: Correct.
> MS. STRICHARTZ: And would that be the case even if the document was 300, 500, 1,000 pages?
> MS CECIL: Yes. That is correct.

Id. at 3, citing Mot. Ex. D, Feb. 6, 2002 Meet & Confer Tr. at 19-20.

Plaintiff argues that the terms of Order #36 "are strictly limited to material and information which are both Trade Secrets and Highly Sensitive," whereas the less stringent terms contained in Order #7 apply to "all information, documents or materials that are designated as Confidential . . . ." Therefore, while an entire document could fall within the parameters of Order #7 by virtue of a discrete portion of the document meeting

3

the requirements,[2] Order #36 protections are limited only to the information qualifying for the heightened protection. Pl.'s Mem. in Supp. at 7-8.

Philip Morris argues that it has complied with Order #36 and that Plaintiff's request for a re-review is without basis. Opp. at 2. It accuses Plaintiff of demonstrating "a long history of overreacting on the subject of highly sensitive documents." Id. Philip Morris also points to the fact that it has made available for Plaintiff's review approximately 2,880,000 and has produced approximately 780,000 of those documents. Moreover, the documents designated under Order #36 have constituted less than two percent of these documents. Id. at 3.

Philip Morris disputes Plaintiff's contention that lengthy documents have been designated as Category I or Category II when only discrete portions actually qualify for the designation. It asserts that, on average, documents designated under Order #36 are nine pages, with almost half the documents being one page, and fourteen documents being greater than 300 pages. Id. at 4.

Philip Morris also accuses Plaintiff of delay in objecting to the categorizations. Philip Morris states that, despite the delay, it conducted a re-review and removed designations from many documents. Id. at 5. The re-designation was based on the fact that, with "the passage of time [the documents] lost that status" or that it concluded that "satellite litigation over the subjective Order 36 standards would prove too burdensome." Id. It also accuses Plaintiff of making unwarranted challenges to a number of documents. Id. at 6-7.

---

[2] Order #7 provides, *inter alia*, that "[a]ny party . . . may designate as 'Confidential' any such information, document, or material that it reasonably and in good faith believes constitutes *or contains* Confidential information . . . ." (emphasis supplied).

Philip Morris disputes Plaintiff's understanding that the term "material" in Order #36 was not intended to include "documents," and that Plaintiff's "interpretation of Order 36 would create enormous document management problems, since it would require Philip Morris to produce each document containing Category I or Category II secrets in fragments – with one fragment consisting only of the pages or lines setting forth the secrets, and with the other fragment(s), if any, reflecting the remainder of the document." Id. at 10. Moreover, Philip Morris contends that Plaintiff has used the terms "materials" and "documents" interchangeably in the past. Id. at 10-12.

In reply, Plaintiff argues that Philip Morris's arguments are a distraction, and that Philip Morris never stated in the meet and confers that almost 75% of the documents lost their status through the passage of time, and that "[i]t defies common sense that Philip Morris would abandon almost 75% of its challenged highly sensitive trade secret information simply to avoid a dispute." Reply at 2-3. Plaintiff further contends that "[i]f documents were in fact a subset of 'material in Order #36, the Court would not have listed 'documents, material, and information in Order #7. Moreover, Order #36's own limitation of its scope to 'material and information' would have no meaning." Id. at 4.

## II.    Discussion

As a preliminary matter, the Special Master is not persuaded by the volume of materials Philip Morris has made available or produced insofar, or the fact that the Category I and Category II materials represent a small portion of the overall document production. These facts are unrelated to the present dispute, which is limited to the designation of materials pursuant to the protective orders in this case.

5

## A. Over Designation of Documents

First, it is clear, and Philip Morris does not dispute, that Philip Morris has de-designated many documents that it previously designated as falling within the parameters of Order #36. Philip Morris does not offer a persuasive explanation as to how the documents could have lost their highly confidential status within a year.

Second, the assertion that de-designation resulted, in part, from a motivation to avoid satellite litigation is not persuasive. If such a motivation existed, it would have been present when Philip Morris made the initial designations. Regardless, the parties are now in a situation where documents not challenged by Plaintiff still carry certain designations: whether or not the designations are proper is unknown.

One of the arguments Philip Morris advances against Plaintiff's request that it be required to re-review documents is that Plaintiff has inappropriately challenged certain documents. Opp. at 6-7. It appears that both Philip Morris and Plaintiff have made clerical errors and perhaps some mistakes in judgment. Regardless, the terms of Order #36 "are strictly limited to material and information which are both Trade Secrets and Highly Sensitive." Order #36 ¶ 2. If documents are improperly designated, the designation should be changed.

Philip Morris also argues that Plaintiff has not shown that it has been prejudiced by the inappropriate designations. Opp. at 2. One need only examine the terms of Order #36 to appreciate the burden of dealing with documents with heightened confidentiality designations, particularly those with Category II designations.[3]

---

[3] As outlined by Plaintiff in its Memorandum in Support, Department of Justice attorneys or designated employees must hand-deliver copies of Category I documents to testifying experts, no matter where the

6

In light of the strict limitations imposed by Order #36 and the obvious need and rights of the parties to use non-confidential information for trial preparation, the Special Master believes that Philip Morris[4] should be required to re-review the documents designated under Order #36.

**B.    Page v. Document Designation**

As noted, Philip Morris and Plaintiff dispute whether the protections of Order #36 apply to entire documents or only the specific information within a particular document that contains the highly sensitive information.  There is no dispute that Order #7, the protective order governing confidential information, applies to "all information, documents or materials that are designated as Confidential."  Order #7 at ¶ 1.  Moreover, Order #7 permits Confidential designations to be placed in reference to "any such information . . . or material that it reasonably and in good faith believes constitutes *or contains* Confidential information . . . . " Id. at ¶ 6 (emphasis supplied).

There also is no dispute that Order #36, the Addendum to Order #7, specifically refers to and is "strictly limited to material and information which are both Trade Secrets and Highly Sensitive."  Order #36 at ¶ 2.  The question that remains is whether the Court

experts are located.  Experts must travel to Washington, DC to examine Category II documents in a windowless, secured office on computers with no outside network connections.  Mem. in Supp. at 8-9.

[4] Philip Morris asserts that Plaintiff, after reviewing every document produced, only has "objected to the designation of only 1,381 Order 36 documents . . . [and] has since dropped its challenges to a number of those documents" in support of its position that the majority of documents were properly designated and that it should not have to re-review the entire Order #36 production.  Opp. at 3.  Plaintiff notes that Philip Morris continues to produce documents with Order #36 designations.  Reply at 5.  The Special Master believes that Philip Morris should bear the burden of insuring that its own documents comply with Order #36, and that the burden should not be shifted to Plaintiff to challenge documents for Philip Morris's review when it was incumbent upon Philip Morris to conduct a proper review in the first place.

intended the provisions of Order #36 to apply to an entire document when only a portion of that document qualifies for the heightened protection.

The Special Master believes that the intent of the Court was to limit the protections of Order #36 only to the information which is deemed Highly Sensitive and Trade Secret as those terms are defined in the Order. First, the Court expressly used the phrase "information, documents or materials" throughout Order #7, while specifically using the phrase "material or information" in Order #36. Had the Court intended the heightened protection to apply to an entire document, no matter which portion of the document actually qualified for the designation, the Special Master believes that the Court would have explicitly stated such an intent.

Second, the heightened protections relating to storage, use and transportation of information designated pursuant to Order #36 justify the limitation to the specific qualifying information. Particularly in trial preparation, where great volumes of documents are likely to be used by the parties, the over-designation of information could hamper a party's ability to adequately prepare, as well as the right of the public, if the information is used at trial, to have access to such information, particularly where the proceedings have significant public interest.

Third, the Special Master is not convinced by Philip Morris's argument that storing certain fragments of documents separate from other fragments would result in "enormous document management problems." Opp. at 10. The process of redaction is not foreign to this case, and the more stringent procedures for use and storage of Category I and Category II material cannot be used to argue in favor of over-designation

8

of information.  This is particularly true where, as Philip Morris states, almost half of the documents designated under Order #36 are only one page long.  Opp. at 4.

Accordingly, the Special Master recommends that the Court order Philip Morris to re-review the documents produced pursuant to Order #36 and to designate only the portions of such documents meeting the requirements of Category I and Category II information.

Date: 10 July 2002

_Richard A. Levie_
Hon. Richard A. Levie (Ret.)
Special Master

Copies served via electronic mail and facsimile upon:

Sharon Y. Eubanks, Esq.
Stephen D. Brody, Esq.
Jonathan M. Redgrave, Esq.
Kenneth N. Bass, Esq.
Thomas J. Frederick, Esq.
Leonard A. Feiwus, Esq.

9

7-9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 99-CV-2496 (GK) |
| | ) | |
| v. | ) | Next scheduled appearance: |
| | ) | July 18, 2002 |
| PHILIP MORRIS, INC. *et al.*, | ) | **FILED** |
| | ) | |
| Defendants. | ) | AUG 2 3 2002 |
| | ) | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER # 218

Before the Court is Report and Recommendation #66 of the Special Master.

Upon consideration of Report and Recommendation #66, and there being no objection

thereto, it is this 22nd day of ~~July~~ August, 2002:

ORDERED that Report and Recommendation #66 of the Special Master be and

hereby is **adopted**; and it is

FURTHER ORDERED that the United States' Motion to Compel Philip Morris

to Comply with Order #36 be and hereby is **granted**; and it is

FURTHER ORDERED that Philip Morris shall, within ~~fifteen (15)~~ sixty (60) days of the

date of this Order, conduct a review of all documents that Philip Morris has designated as

Category I and Category II Highly Sensitive Trade Secret Material and Information

pursuant to Order #36 and produced to Plaintiff, and make any necessary downgrade in

designation or de-designation required in accordance with the recommendation of the

Special Master in Report and Recommendation #66; and it is

    **FURTHER ORDERED** that within ~~fifteen (15)~~ *sixty (60)* days of the date of this Order,

Philip Morris shall certify to the Court, the Special Master and to Plaintiff that it has

conducted the review, and that any document or portion thereof for which Philip Morris

has not de-designated or downgraded the designation represents the good faith belief of

counsel that the specific material or information meets the criteria of ¶ 2 of Order #36.


*Gladys Kessler*
Hon. Gladys Kessler·
United States District Judge


Copies served upon:

Hon. Richard A. Levie (Ret.)
Sharon Y. Eubanks, Esq.
Jonathan M. Redgrave, Esq.
Leonard A. Feiwus, Esq.

2

7-11

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 99-CV-2496 (GK) |
| ) | |
| v.        ) | **FILED** |
| ) | |
| PHILIP MORRIS INCORPORATED, *et al.,* ) | SEP 3 0 2002 |
| ) | |
| Defendants. ) | NANCY MAYER WHITTINGTON, CLERK |
| ) | U.S. DISTRICT COURT |

Order # 233
(Amendment to Correct Clerical Error in Order #218)

It is hereby **ORDERED** that the introductory paragraph to Order #218 is amended to read as follows:

> Before the Court is Report and Recommendation #66 of the Special Master. Upon consideration of Report and Recommendation #66, the partial objection of Defendants Philip Morris Incorporated and Philip Morris Companies Inc. (collectively "Philip Morris"), and Plaintiff's response thereto, it is this 22nd day of August, 2002:

Date: Sept 30, 2002

Gladys Kessler
Hon. Gladys Kessler
United States District Judge

Copies mailed to:

Hon. Richard A. Levie (Ret.)
Sharon Y. Eubanks, Esq.
Leonard A. Feiwus, Esq.
Thomas J. Frederick, Esq.
Jonathan M. Redgrave, Esq.

**7-12**