# EXHIBIT 10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : \
by Gerald J. Pappert, in his capacity : \
as Attorney General of the : \
Commonwealth of Pennsylvania, : \
                 Plaintiff : \
                  : \
         v. : \
                  : \
TAP Pharmaceutical Products, Inc.; : \
Abbott Laboratories; Takeda Chemical : \
Industries, LTD.; AstraZeneca PLC; : \
Zeneca, Inc.; AstraZeneca : \
Pharmaceuticals LP; AstraZeneca : \
LP; Bayer AG; Bayer Corporation; : \
GlaxoSmithKline, P.L.C.; SmithKline : \
Beecham Corporation; : \
Glaxo Wellcome, Inc.; Pfizer, Inc.; : \
Pharmacia Corporation; Johnson & : \
Johnson; Amgen, Inc.; Bristol-Myers : \
Squibb Company; Baxter International : \
Inc.; Aventis Pharmaceuticals, Inc.; : \
Boehringer Ingelheim Corporation; : \
Schering-Plough Corporation; Dey, Inc., : No. 212 M.D. 2004 \
            Defendants : \

## MEMORANDUM AND ORDER

      This Court entered an Interim Protective Order on June 16, 2006. One of the defendants removed the case to federal district court; however, upon the motion of the Commonwealth, the federal court recently remanded the case back to this Court. Shortly thereafter, following a number of motions, including a motion to enforce the Court's Interim Protective Order, the Commonwealth filed a motion for entry of a final protective order. Additionally, the defendants filed a cross-motion to amend the Interim Protective Order and a memorandum of law in

support of that motion and in opposition to the Commonwealth's motion for entry of a final protective order.

The Commonwealth seeks certain amendments and changes to the Interim Protective Order including: (1) provisions relating to document sharing among attorneys general from other states and attorneys involved in United States Department of Justice litigation; such a provision would allow the Commonwealth to share discovery with such attorneys, and in turn would allow the Commonwealth to obtain documents from attorneys general in cases that those attorneys represent governmental entities that are actually litigating and not merely investigating; (2) new limitations on information or documents that a party may designate as confidential "commercial or other specified information to 'current' information." In this regard, the Commonwealth points to an order in the MDL litigation Judge Saris issued concerning the abundance of information defendants have labeled as confidential, deeming sales and marketing information greater than five years old to be per se non-confidential; in essence, this new language would preclude defendants from placing a blanket label of "confidential" on information or documents; the Commonwealth asserts that language in the proposed final protective order would leave defendants with the right to seek specific designations where truly appropriate; (3) providing for the allocation of costs related to the destruction of defendants' confidential documents; this provision would place the cost of returning confidential materials to producing parties or destroying those materials (as elected, if at all, by a producing party) upon the producing party (most likely a defendant); and (4) providing a mechanism for the treatment of information or documents, protected by a privilege, when a producing party inadvertently provides such information to another party; the proposed amendment

would apply where a producing party learns of an inadvertent erroneous production, giving the party thirty days, from the date the receiving party denies the basis for the return request, to move the Court to direct the receiving party to return the inadvertently produced documents.

At the outset, we note that the defendants have not challenged the request of the Commonwealth to include language in a final protective order regarding inadvertent productions of privileged information.   Accordingly, the Court will adopt that provision in the Final Protective Order.

With regard to the Commonwealth's recommendation that documents more than five-years old should be presumed to be non-confidential, the defendants argue that the Court, in considering this request, should not accept as persuasive the single order of Judge Saris.  That order, the defendants argue, does not explain her rationale for adopting a five-year cut-off for marketing and sales (as well as other) materials.  The defendants assert that it would be unreasonable to assume that such information is stale or that a competitor could not glean from **older** information a defendant's **present** business operations.  Defendants suggest "[u]nder Plaintiffs' proposal, the recipe for Coca-Coal would be presumably non-confidential because it is more than five years old." Memorandum, p. 9.

We believe this characterization stretches credulity.   Although this Court could not rely solely on the voluminous nature of discovered documents in considering this issue, we agree with the Commonwealth that the defendants need to share the burden associated with the designation of documents purported to be confidential.  However, we believe there is ground for compromise in this regard. A number of the protective orders in AWP-generated litigation suggest that courts have recognized that some non-current (greater than five years) materials may

3

relate to current practices, and have entered protective orders reflecting that fact. The orders have typically provided for the designation of current and past materials but limit the designation of "confidential" only to the extent that those materials, or parts of those materials, reflect on current practices.

Although the Court is disinclined to accept the defendants' assertion that every document previously designated as confidential remains confidential, we believe that a more narrow order will best protect materials that are indeed worthy of designation as confidential. We forewarn defendants that the Court would likely entertain a subsequent motion if the parties are frequently unable to reach a consensus as to whether a non-current document actually reflects present practices. With this in mind, we further acknowledge that the Commonwealth may well be correct when pointing to the fact that the documents filed under seal all appear to have been designated as confidential for litigations filed years ago and therefore may have lost whatever qualities that initially qualified them as appropriately labeled "confidential." As the Commonwealth noted in its response to the recent motion to enforce the interim protective order, Pennsylvania Rules of Civil Procedure No. 4012 requires a party asserting privilege or confidentiality to do so in good faith. A blanket submission of documents labeled from other litigation as "confidential" does not appear to this Court to be conduct in good faith. The Court expects the defendants, despite the volume of documents at issue, to review documents to determine whether or not they remain confidential.

Accordingly, in addition to directing in the final protective order that older (greater than five-years old) information or documents be designated confidential only if they reflect current practices, we will also include in this order a direction to the defendants to review all documents designated as confidential

and de-designate all documents that are no longer confidential in nature. For example, this may be the case for documents that have been offered in other litigations. Even if submitted in another jurisdiction, public exposure in the course of court proceedings may render such information non-confidential. Although a court from another jurisdiction may view confidentiality differently from courts in Pennsylvania, if another court has acted in a manner that makes a document public, then that information no longer may be characterized as confidential.

The Commonwealth also requests the Court to include in a final protective order provisions permitting the Commonwealth to share, i.e., disclose, to other states and justice officials litigating cases involving allegedly improper marketing and sales claims documents designated as confidential. The Commonwealth proposes that entities with which it shares such confidential information would be required to execute certifications that would bind the litigating non-party to the terms of this Court's final protective order, including consent to the personal jurisdiction of this Court for the purpose of enforcing the final protective order.

The Commonwealth points to a federal court decision in *In re Linerboard Antitrust Litigation*, 333 F.Supp. 2d 333 (E.D. Pa. 2004) in support of the proposition that, where the litigants with whom the sharing is proposed are involved in bona fide collateral litigation, i.e., litigation that shares common legal and factual elements or causes of action, sharing advances judicial economy in a manner that does not unduly prejudice an opposing party.

In the *Linerboard* case, the federal district court considered sharing discovery in a distinct procedural posture --- a plaintiff who had elected to opt-out of a class action in favor of pursuing its own claims sought to intervene in the class

action for the sole purpose of gaining access to the discovery produced in that class action proceeding. The federal court granted the motion to intervene after concluding that (1) the collateral case involved common facts and legal issues; and (2) the collateral case involves a bona fide litigant. The Court concluded that, because the case did not involve an attempt for access by the public or the press, the court did not need to inquire into the potential prejudice to a defendant and balance the interests at stake --- "[w]here collateral litigants are concerned ... the court need not balance prejudice against secrecy because secrecy can be preserved by subjecting the intervenor to the provisions of a protective order. *Id.* at 339-40.

The Commonwealth asserts, and we tend to agree, that such litigating non-parties would have access to these documents notwithstanding any order of this Court. The Commonwealth argues that, as long as these non-parties abide by the terms of the final protective order and Certifications, those parties would be subject to sanctions by this Court for violations of our protective order, thereby protecting the defendants from release of sensitive information.

On the other hand, the defendants have suggested that the world of pharmaceuticals presents an intensely competitive market, and that confidentiality is a key component to protecting a company's economic interests. In the context of litigation filed against a drug manufacturer in *Zyprexa Litigation, et al. In re Injunction*, 474 F. Supp. 2d 385, (E.D. N.Y. 2007), a federal court concluded that an injunction was appropriate where a non-party had received and distributed to media confidential information protected by court order from dissemination. That Court recognized that a business's trade secrets comprising marketing and sales strategies can constitute personal property, and that, by revealing such information, a person who has no property interest in such information is essentially stealing

that personal property.   However, the *Zyprexa* case did not involve the release of information in accordance with a protective order, but rather a situation in which a party sought to enjoin a release of protected information that would violate the terms of an existing protective order.   In this case, the information the Commonwealth proposes to share would remain subject to the protective order. The defendants have not suggested that the Certification and agreement therein to submit to this Court's personal jurisdiction, if abided by those to whom the information is released, would not be legally protected under the protective order.

The defendants argue that allowing the Commonwealth to disclose confidential material (1) would serve no purpose in this litigation, (2) could potentially require this Court to resolve motions arising under the final protective order, but involving non-parties, (3) might interfere with another federal or state court's power to govern its own discovery practice; and (4) fails adequately to protect the defendants' interests.

In the balance, we believe that sharing is not inappropriate in this case.   The Court believes that the execution of Certificates would provide an adequate layer of protection to the defendants.  A defendant will be able to bring a motion to enforce if the Commonwealth or a non-party violates the final protective order.  The Court cannot ignore the economy that may result from sharing, despite the fact that the Commonwealth has not demonstrated how disclosure of confidential discovery from this case to non-parties will advance the litigation in this Court.  Accordingly, although the Court will approve sharing as part of the final protective order, we will adopt the language the defendants have offered in the alternative.

The last matter the Commonwealth has presented concerns the disposition of confidential discovery materials following the final resolution in this case. The interim protective order provides for the receiving party to bear the costs of destruction or return of confidential materials. The Commonwealth seeks an alteration of that provision which would require the individual defendants who request the return or destruction of such materials to pay the cost of destruction or return. Clearly the Commonwealth is the party receiving nearly all of any confidential materials at issue in this case, and, because the defendants have designated voluminous quantities of documents as confidential, upon the conclusion of this litigation, if the defendants seek the destruction or return of confidential materials, the Commonwealth will likely have a significant amount of discovered materials to return or destroy. However, as the defendants note, the Commonwealth has received materials it requested, and there seems to be no rational reason to impose the costs of return or destruction on the defendants rather than the Commonwealth. Accordingly, the Court will deny the Commonwealth's request to assign the costs to defendants. However, given the fact that the defendants have likely produced these materials numerous times in the various outstanding or resolved litigations throughout the country, the Court would consider a future motion to amend the final protective order that would allow the Commonwealth, in satisfying its burden, to dispose of the materials in the most cost-effective manner possible.

Accordingly, we enter the following order.

8

## ORDER

AND NOW, this 5th day of December, 2007, upon consideration of the Commonwealth's motion to enter a final protective order and the defendants' cross motion for amendment of the interim protective order and objection to the Commonwealth's proposed final protective order, we hereby ORDER:

1.   The defendants are directed to review all documents presently designated as confidential and shall de-designate those that are no longer confidential; in engaging in this review, and as indicated in the contemporaneously filed Final Protective Order, the defendants shall consider whether documents older than five years reflect current practices, and, if such documents do not reflect current practices, the defendants shall de-designate the documents; the defendants shall comply with these directions within sixty-days.

2.   In accordance with Final Protective Order, the Commonwealth shall be permitted to disclose confidential documents obtained in discovery with other states' and federal justice officials subject to the terms of the Final Protective Order;

3.   The Commonwealth's request to include a provision regarding inadvertently and erroneously released discovery materials is approved and shall be included in the Final Protective Order; and

4.   The Commonwealth's request regarding a provision in the Final Protective Order, relating to the allocation of costs of disposing of or returning confidential materials following final resolution of this litigation, is rejected; however, the Commonwealth may submit in the future, if it desires, a motion

seeking more specific provisions that might reduce the ultimate cost of disposal or return.

The Court shall file the Final Protective Order contemporaneously with the filing of this Order.

*James G. Colins*

JAMES GARDNER COLINS, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania          :
by Gerald J. Pappert, in his capacity   :
as Attorney General of the               :
Commonwealth of Pennsylvania,          :
            Plaintiff                 :
                             :

         v.                           :

TAP Pharmaceutical Products, Inc.;      :
Abbott Laboratories; Takeda Chemical    :
Industries, LTD.; AstraZeneca PLC;      :
Zeneca, Inc.; AstraZeneca               :
Pharmaceuticals LP; AstraZeneca         :
LP; Bayer AG; Bayer Corporation;        :
GlaxoSmithKline, P.L.C.; SmithKline     :
Beecham Corporation;                    :
Glaxo Wellcome, Inc.; Pfizer, Inc.;     :
Pharmacia Corporation; Johnson &        :
Johnson; Amgen, Inc.; Bristol-Myers     :
Squibb Company; Baxter International     :
Inc.; Aventis Pharmaceuticals, Inc.;    :
Boehringer Ingelheim Corporation;       :
Schering-Plough Corporation; Dey, Inc., : No. 212 M.D. 2004
           Defendants             :

## FINAL PROTECTIVE ORDER

     Pursuant to Rule 4012 of the Pennsylvania Rules of Civil Procedure, this Court finds that good cause exists for entry of this Final Protective Order ("Protective Order") to prevent unauthorized disclosure of the parties' confidential information during and after the course of litigation in the above-captioned action ("Litigation"). AND NOW, this 5th day of December 2007, it is hereby ORDERED as follows:

     1.    All information or material, including but not limited to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (as defined herein), disclosed by any party or a

1

third party (hereinafter "producing party") to any other party (hereinafter "receiving party") pursuant to discovery in the Litigation shall be used solely for purposes of the Litigation and as otherwise may be permitted under the provisions of Paragraph 4(j) and/or Paragraph 6(i) below (pertaining to litigating governmental bodies). Nothing in this Protective Order, except as may be provided in Paragraph 26 below, will affect the ability of any person to assert his/her rights under any privilege or immunity, including but not limited to the attorney-client privilege, work-product immunity doctrine, and privilege against self-incrimination.

2.      The terms and condition of the Protective Order shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admission, depositions, pleadings, exhibits, other discovery taken pursuant to the Pennsylvania Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas.

3.      The designation "CONFIDENTIAL" shall be limited to information that any producing party of person, including any third party, in good faith, believes to contain (a) personal financial information; or (b) information that should otherwise be subject to confidential treatment under Rule 4012 (9) of the Pennsylvania Rules of Civil Procedure, as well as any information subject to confidentiality pursuant to statute, including but not limited to 42 U.S.C. § 1396r-8 and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). All sales, marketing, pricing and other commercial information more than five (5) years old that does not reflect current practices is presumed not to be sensitive commercial information and not "CONFIDENTIAL."

4.      Information designated "CONFIDENTIAL" may by disclosed only to the following persons:

(a)      Any named party, who shall have executed a Certification attached hereto as Exhibit A;

(b)      in-house counsel of a named party (including all members of the

2

Pennsylvania Office of the Attorney General and members of the legal department of any named party) that has agreed to be bound by the terms of this Protective Order;

(c)  counsel of record in the Litigation and outside counsel representing any named party in the Litigation that has agreed to be bound by the terms of this Protective Order, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(d)  court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with the authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(e)  an expert or consultant who (i) is retained by any other attorney described in Paragraphs 4(b) and (c) to assist with the Litigation, and (ii) is not a current employee of a party or subsidiary or affiliate of a party, provided that such expert or consultant executes a Certification attached hereto as Exhibit A;

(f)  a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the Litigation;

(g)  during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or data reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(h)  any private mediators utilized in the Litigation provided such person executes a Certification attached hereto as Exhibit A;

(i)  the Court and its authorized staff, and any Special Masters and/or Mediators appointed by the Court, under seal, and the jury;

(j)  personnel on behalf of governmental bodies involved in on-going litigation raising issues similar to those in this Litigation including

3

allegations that Defendants have reported or caused to be reported false Wholesale Acquisition Costs (or their equivalents) and/or Average Wholesale Prices for pharmaceutical products (AWP litigation), and limited to the following persons or entities: (i) State Attorneys General, and any private counsel retained by such State Attorneys General, counsel of record for New York City and New York Counties, and their authorized subordinates, investigators, auditors, client agency personnel, or agents, in states and/or New York City and Counties provided they have executed a Certification attached hereto as Exhibit C on behalf of their office or firm; and (ii) United States Department of Justice Attorneys and United States Attorneys, their authorized subordinates, and contractors engaged for the purposes of assisting the same with litigation of issues noted above in this sub-paragraph, provided they have executed a Certification attached hereto as Exhibit C; and

k. The disclosure to non-parties described in paragraph 4(j) is limited as follows: no disclosure shall be permitted unless the producing party is a defendant in the litigation that serves as the basis for disclosure under 4(j).

5.    The designation "HIGHLY CONFIDENTIAL" shall be limited to current information that any producing party or person, including third parties, in good faith, believes to contain (a) current and past (to the extent that they reflect on current) methods, procedures, and processes relating to the pricing of pharmaceuticals; (b) current and past (to the extent that they reflect on current) marketing plans and methods; (c) current and past (to the extent that they reflect on current) business planning and financial information; (d) trade secrets; (e) past or current company personnel or employee information that is of a personal nature; (f) research, development, production and manufacturing information; (g) intellectual property; and (h) other "CONFIDENTIAL" information (as defined in Paragraph 3) the disclosure of which in the reasonable judgment of the producing party, is likely to cause competitive, commercial or other injury to the producing party. All sales, marketing, pricing and other commercial information more than five (5) years old is presumed not to

be sensitive commercial information and not "HIGHLY CONFIDENTIAL."

    6.    Information designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

    (a)    (i) in-house counsel of any named party that has agreed to be bound by the terms of this Protective Order and who has executed a Certification attached hereto as Exhibit B may have access to all "HIGHLY CONFIDENTIAL" information; or (ii) in-house counsel of a named party who cannot satisfy the requirements of Exhibit B may have access only to "HIGHLY CONFIDENTIAL" information that identifies the company, employees, or drugs of the named party of the in-house counsel;

    (b)    the Attorney General of Pennsylvania, all members of the Office of the Attorney General of Pennsylvania, and outside counsel representing a named party in the Litigation that has agreed to be bound by the terms of this Protective Order, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

    (c)    court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

    (d)    (i) an expert or consultant who (i) is retained by any attorney described in Paragraphs 6(a) or (b) to assist with the Litigation and (ii) is not a current employee of a party or subsidiary or affiliate of a party, provided such expert or consultant executes a Certification attached hereto as Exhibit A;

    (e)    a person who prepared, received, or reviewed the "HIGHLY CONFIDENTIAL information prior to its production in the Litigation;

    (f)    during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "HIGHLY

5

CONFIDENTIAL" or the specific events, transactions, discussions, or data reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(g)    any private mediators utilized in the Litigation, provided such person executes a Certification attached hereto as Exhibit A;

(h)    the Court and its authorized staff, and any Special Masters and/or Mediators appointed by the Court, under seal, and the jury;

(i)    personnel on behalf of governmental bodies involved in on-going litigation raising issues similar to those in this Litigation including allegations that Defendants have reported or caused to be reported false Wholesale Acquisition Costs (or their equivalents) and/or Average Wholesale Prices for pharmaceutical products (AWP litigation), and limited to the following persons or entities: (i) State Attorneys General, and any private counsel retained by such State Attorneys General, counsel of record for New York City and New York Counties, and their authorized subordinates, investigators, auditors, client agency personnel, or agents, in states and/or New York City and Counties provided they have executed a Certification attached hereto as Exhibit C on behalf of their office or firm; and (ii) United States Department of Justice Attorneys and United States Attorneys, their authorized subordinates, and contractors engaged for the purposes of assisting the same with litigation of issues noted above in this sub-paragraph, provided they have executed a Certification attached hereto as Exhibit C; and

k. The disclosure to non-parties described in paragraph 4(j) is limited as follows: no disclosure shall be permitted unless the producing party is a defendant in the litigation that serves as the basis for disclosure under 6(j).

7.    The disclosures permitted by paragraphs 4(j) and 6(j) shall be limited with regard to those other actions outside Pennsylvania in that disclosure shall not be permitted after the close of discovery in the pending extra-jurisdictional litigation.

8.    The following terms will apply to requests by those governmental entities described in

paragraphs 4(j) and 6(j):

a.  The requesting entity shall make a written request to the Plaintiff for documents or information a defendant has produced and shall contemporaneously provide a copy of such request to the particular defendant;

b.  The Plaintiff shall notify the defendant seven working days before releasing information or documents to such governmental entities the identity of such information or documents, i.e., bates number or other identification, it intends to disclose;

c.  If a defendant has a good faith belief that the disclosure will violate the terms of this Protective Order for one of the following three reasons:  (1) the disclosure is to a non-party that does not fall within the description set forth in 4(j) or 6(j), (2) the disclosure will result in the release of information produced by a party that is not a defendant in the other litigation, or (3) the discovery in the other litigation has closed, the defendant may object to the disclosure.

d.  If a defendant wishes to object on the grounds set forth in subparagraph 8(c), then within ten (10) working days of receipt of notice of a proposed disclosure. the defendant shall submit to the Plaintiff a list identifying the documents the disclosure of which the defendant objects.  Where the Plaintiff notifies a defendant that an entire production has been requested, the defendant shall be solely responsible to identifying each specific document within that production to which the defendant objects to disclosure; however, in such instance, the defendant shall have twenty (20) working days to identify the documents the disclosure of which the defendant objects.

e.  Where a defendant cannot obtain agreement with the Plaintiff as to whether a document or information may be released under the terms of this Protective Order, the defendant shall have respectively twenty days (in the case of specific document objections) or thirty days (in the case of entire productions involving individual objections to documents therein) to honor the proposed release or to file an objection with this Court.

f.  If a defendant does not file a motion in accordance with

7

subparagraph 6(e), the Plaintiff may release the document or information requested provided an authorized representative of the governmental entity executes the particular Certification document required under the terms of this Protective Order.

g.  If a defendant files a motion objecting to release of information or a document to a non-party, the Plaintiff shall not release such information until after the Court resolves the motion in favor of the release.

9.     This Protective Order does not apply to any information or documents already in the possession of a receiving party without being subject to any obligation of confidentiality, unless the information or documents were acquired from a third party that received the information or documents subject to any form of confidentiality protection.

10.     Any person receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that receives a request or subpoena for production or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall promptly give notice by facsimile to the producing party identifying the information sought and enclosing a copy of the subpoena or request. Provided that the producing party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the producing party or until ordered by a court of competent jurisdiction.  The provisions of this paragraph shall not apply to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information permissibly disclosed under the provisions of Paragraph 4(j) and/or Paragraph 6(i) above (pertaining to litigating governmental bodies).

11.     Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information of the terms of this Protective Order, as well as the obligation to comply with those terms. Persons receiving "CONFIDENTIAL or

8

"HIGHLY CONFIDENTIAL" information are prohibited from disclosing it to any person except in conformance with this Protective Order. The recipient of any "CONFIDENTIAL"or "HIGHLY CONFIDENTIAL" information agrees by receipt of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order and for no other purpose. The parties agree, and agree to inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, that damages for violation of this Protective Order are not an adequate remedy and that the appropriate remedy is injunctive relief. Counsel agree to maintain a file of all Certifications (Exhibits A and B and C) required by this Protective Order.

12.     The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

13.     "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript of oral testimony or recorded statement of counsel, such as by way of example and not limitation , transcripts, answers to interrogatories and other responses to discovery requests, pleadings briefs, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which contain, reflect, comprise, embody or summarize information about the producing party's business, products, practices, and procedures.

14.     In designating information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the

9

producing or testifying party or person, including third parties, will make such designation only as to that information that the producing or testifying party or person in good faith believes is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under applicable law.  All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in the Litigation may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing or disclosing party or person by marking the appropriate legend on the face of the document and each page so designated.  With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

15.    The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition.  If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape, CD-ROM or DVD container shall be labeled with the appropriate legend.  Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate all or portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and serve the same on opposing counsel.  Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL" information.  If no redesignation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL or "HIGHLY CONFIDENTIAL" information.

10

(a)      a party may reasonably request a shortening of the time period within which a confidentiality

designation for a deposition transcript must be made for the purpose of conducting effective

discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute

as to a request for a shortened time period, the parties shall first try to dispose of such dispute in

good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the

party requesting the shortened time period may request appropriate relief from the Court. The parties

agree, subject to Court approval, that such relief sought can be in the form of a telephone conference

to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate

resolution of the dispute.

16.      Any documents or pleadings to be filed with the Court that contain

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall be filed under seal in an

envelope marked "CONFIDENTIAL - Filed Under Seal Pursuant to Court Order" or "HIGHLY

CONFIDENTIAL - Filed Under Seal Pursuant to Court Order" and bear the caption of the Litigation

and pleading or document title and such other description as will allow the Court to readily identify

the documents or information or portions thereof so designated.

17.      At the request of a producing party, the Court may limit or restrict person(s) not

permitted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information from

attending any hearing or deposition at which such information is revealed.

18.      The acceptance of "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL"

information by the parties shall not constitute an admission or concession or permit an inference that

the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is in fact "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL" as designated. Any receiving party may, at any time, request that

the designating party remove the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation

with respect to any document, object, or information. Such request shall be made to counsel for the

designating party in writing, and shall identify with particularity the designated "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL" information that the receiving party contends is not confidential and the bases for its contention. The parties shall attempt to resolve the dispute regarding designations in good faith and on an informal basis. If the parties cannot resolve the dispute on an informal basis within twenty-one (21) days of service of written objections, the party contending that such documents or information are not "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" may request by motion that the Court remove such information from the restrictions of this Protective Order. The burden of demonstrating that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be on the designating party. The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion.

19.     Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the Litigation. Except as may be provided in Paragraph 26 below, this Protective Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

20.     Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to persons not authorized by this Protective Order to receive such information. Nothing in this Protective Order shall restrict or be construed to restrict a party's use of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

21.     The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information without such designation shall not constitute a waiver of any claims of confidentiality provided that: (a) the producing party notifies the receiving party in writing of such inadvertent or mistaken disclosure within fifteen (15) business days after discovery of such disclosure and, (b) within fifteen (15) days of such notice, the producing party redesignates the documents, information and/or things and sends them to the receiving party. Upon such notice, the documents shall be treated as designated in the notice, which designation shall remain in effect until receipt of properly marked documents or until the time period for providing such properly marked documents has lapsed, whichever is later. Upon receipt of properly marked documents, information and/or things the receiving party shall return said unmarked or incorrectly designated documents, information and/or things to the producing party within ten (10) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and things and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice. Nothing in this paragraph is intended to limit the remedies that a party may pursue with respect to such claims of inadvertence or mistake and the burden of demonstrating the same remains with the producing party.

22.     Should any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Protective Order, then the receiving party shall: (a) use its best efforts to obtain the return of any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and to bind such person or party to the terms of this Protective Order; (b) within (7) business days of the discovery of such disclosure, inform such person or party of all provisions of the Protective Order and identify such person or party to the producing party; and (c) request such person or party to sign the Certification attached as Exhibit A or B. The executed Certification shall be served upon counsel

13

for the producing party within ten (10) business days of its execution by the party to whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information was inadvertently disclosed. Nothing in this paragraph is intended to limit the remedies that the producing party may pursue for the breach of this Protective Order.

23.     A producing person or entity who is not a party in the Litigation or to this Protective Order shall be entitled to the protections afforded herein by signing a copy of this Protective Order and serving same on all counsel of record.  Thereafter, a producing person or entity may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only testimony, information, documents, or things that such producing person or entity has produced or provided in the action.

24.     This Protective Order shall survive the termination of the Litigation and shall continue in full force and effect thereafter.

25.     After termination of this action, counsel of record for the receiving party may retain one archival copy of the deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court.  Nothing herein shall require the return or destruction of attorney work product.   Such material shall continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information under this Protective Order. Within sixty (60) days after final termination of the Litigation, at the request of the producing party, counsel for the receiving party either shall (a) return all additional "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who provided such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in discovery or (b) certify destruction thereof to the producing party's counsel. Any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information reflected in computer databases or backup tapes or any other electronic form shall be subject to the same process,

14

that is, at the request of the producing party, counsel for the receiving party shall either (a) return all such "CONFIDENTIAL" or HIGHLY CONFIDENTIAL" information to counsel for the producing party or (b) take reasonable efforts to permanently delete or destroy all such "CONFIDENTIAL" or HIGHLY CONFIDENTIAL" information. To the extent that documents or information are produced in another case subject to a protective order in such other case, nothing herein shall modify or supersede the rights or obligations provided by the protective order in that other case with respect to the documents or information produced therein.

26.    Within thirty (30) days after final termination of the Litigation, counsel of record for a party shall retrieve from the Court all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that it filed with the Court during the Litigation and return or dispose of such information in accordance with Paragraph 23.

27.    If information subject to a claim of attorney-client privilege or work-product immunity or any other privilege or immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information under the law, except as may be provided in this paragraph below. If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or immunity. If a receiving party does not object to the producing party's assertion of privilege or immunity within this period of seven (7) business days, all copies of inadvertently or mistakenly produced documents shall be destroyed, and any document, material or information reflecting the contents of the inadvertently produced information shall be expunged. If a

15

receiving party objects to the return of such information within the seven (7) business day period described above, the producing party may, within thirty (30) days after the receiving party's objection, move the Court for an order compelling the return of such information.  The receiving party may respond to any such motion filed by the producing party within the time set forth for responses to discovery-related motions under the Pennsylvania Rules of Civil Procedure or, if not applicable, under the Rules of this Court, or under any applicable Order of this Court.  Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.  In the event that the producing party files such a motion, the producing party shall have the burden of demonstrating the existence of privilege or immunity as to the documents, things or information at issue.  Nothing in this paragraph or elsewhere in this Protective Order shall prohibit a receiving party from asserting, in its response to a motion brought under this paragraph, waiver, estoppel, laches or other similar doctrines/defenses in the event that a producing party files such a motion after the expiration of the thirty (30) day period described in this paragraph above.

28.     Nothing in this Protective Order shall prevent any party from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders or modification of this Protective Order.

Dated:  December 5, 2007

JAMES GARDNER COLINS
Commonwealth Court of Pennsylvania

16



## CERTIFICATION - EXHIBIT A

I hereby certify that I have read the attached Protective Order in the *Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc., et al.,* Commonwealth Court of Pennsylvania, Case No. 212 MD 2004, dated December 5, 2007 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in accordance with the Order. I will use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the above-referenced action and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order. I agree that the Commonwealth Court of Pennsylvania has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____     _____

_____
Print Name

_____
Company

_____
Address

_____
City, State and Zip

## IN-HOUSE COUNSEL CERTIFICATION - EXHIBIT B

I hereby certify that I have read the attached Protective Order in *Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc., et al.,* Commonwealth Court of Pennsylvania, Case No. 212 MD 2003, dated December 5, 2007 (the "Order"), and I agree that I will not reveal "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "HIGHLY CONFIDENTIAL" information in accordance with the Order. I will use "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the above-referenced action and not for any business or other purpose. I will otherwise keep "HIGHLY CONFIDENTIAL" information as confidential in accordance with this Order.

I agree that I will only review "HIGHLY CONFIDENTIAL" information in the offices of outside counsel or other location designated by outside counsel. I will not remove such information from outside counsel's office or other location designated by outside counsel, nor make copies of or maintain any "HIGHLY CONFIDENTIAL" information at the offices at which I work.

My professional relationship with the party I represent and its personnel is strictly one of legal counsel. Although I may attend meetings where other discuss competitive decision-making, I am not involved in competitive decision-making (as discussed in *U.S. Steel Corp. v. United States,* 730 F.2d 1456 (Fed. Cir. 1984) and *Matsushita Elec. Indus. Co. v. United States,* 929 F.2d 1577 (Fed. Cir. 1991)), for or on behalf of the party I represent or any other party that might gain a competitive advantage from access to the material disclosed under the Order. Other than legal advice, I do not provide advice or participate in any decisions of such parties in matters

involving similar or corresponding information about a competitor.  This means that I do not, other than providing legal advice, for example, provide advice concerning decisions about, pricing, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals, with respect to which the use of "HIGHLY CONFIDENTIAL" information could provide a competitive advantage.

 I have attached a detailed narrative providing the following information: (a) my position and responsibilities as in-house counsel; and (b) the person(s) to whom I report, and their positions(s) and responsibilities.

 I further agree that the Commonwealth Court of Pennsylvania has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose.  I will otherwise be bound by the strictures of this Order.

Dated: _____   _____

              _____
              Print Name

              _____
              Company

              _____
              Address

              _____
              City, State and Zip

## PERSONNEL ON BEHALF OF LITIGATING
## GOVERNMENTAL BODIES CERTIFICATION - EXHIBIT C

I hereby certify that I have read the attached Protective Order in the *Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc., et al.,* Commonwealth Court of Pennsylvania, Case No. 212 MD 2004, dated December 5, 2007 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in accordance with the Order. I will otherwise keep all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order.

I agree that the Commonwealth Court of Pennsylvania has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____        _____

                                         _____
                                         Print Name

                                         _____
                                         Company

                                         _____
                                         Address

                                         _____
                                         City, State and Zip

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
by Gerald J. Pappert, in his capacity   :
as Attorney General of the          :
Commonwealth of Pennsylvania,     :
                Plaintiff     :
                             :
         v.                  :
                             :
TAP Pharmaceutical Products, Inc.;   :
Abbott Laboratories; Takeda Chemical   :
Industries, LTD.; AstraZeneca PLC;   :
Zeneca, Inc.; AstraZeneca          :
Pharmaceuticals LP; AstraZeneca     :
LP; Bayer AG; Bayer Corporation;    :
GlaxoSmithKline, P.L.C.; SmithKline   :
Beecham Corporation;          :
Glaxo Wellcome, Inc.; Pfizer, Inc.;    :
Pharmacia Corporation; Johnson &    :
Johnson; Amgen, Inc.; Bristol-Myers   :
Squibb Company; Baxter International   :
Inc.; Aventis Pharmaceuticals, Inc.;    :
Boehringer Ingelheim Corporation;    :
Schering-Plough Corporation; Dey, Inc., : No. 212 M.D. 2004
              Defendants    :

## ORDER

AND NOW, this 5th day of December 2007, upon consideration of the application of TAP Pharmaceuticals for leave to file a reply memorandum in further support of its application to enforce this Court's June 19, 2006 Interim Protective Order, said application is denied as moot.

*James G. Colins*

_____

JAMES GARDNER COLINS, Judge

Certified from the Record

DEC   6 2007

and Order Exit