# EXHIBIT 11

Donald E. Haviland, Jr., Esquire
Adam S. Levy, Esquire, Of Counsel
Michael J. Lorusso, Esquire
The Haviland Law Firm
112 Haddontowne Court
Suite 202
Cherry Hill, NJ 08034
Telephone: 856-354-0030

John E. Keefe, Jr., Esquire
Stephen T. Sullivan, Jr., Esquire
Keefe Bartels
830 Broad Street
Shrewsbury, NJ 07702
Telephone: 732-224-9400
Facsimile: 732-224-9494

Co-Lead Counsel for Plaintiff
And the Class



FOR THE REASONS STATED ON THE RECORD

International Union of Operating Engineers, Local No. 68 Welfare Fund,

Plaintiff,

v.

AstraZeneca PLC, et al.,

Defendants.

Superior Court of New Jersey
Law Division: Monmouth County

Civil Action Docket No. MON-L-3136-06

**PROTECTIVE ORDER**

Discovery in this Action may involve disclosure of trade secrets or other confidential information, which would be entitled to confidential treatment under New Jersey Rule 4:10-3. This Protective Order is entered pursuant to New Jersey Rule 4:10-3 to protect against unauthorized disclosure of such information and to ensure that such information will be used only for purposes of this Action, except as otherwise permitted by this Protective Order. Therefore, good cause having been shown, it is hereby ORDERED as follows:

1

1.   Except with the prior written consent of the producing party or upon prior order of a court of competent jurisdiction, information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.  A non-producing party shall not, except with the prior consent of the producing party or witness or by order of the Court or as otherwise permitted by this Protective Order, use information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for any purpose, including, without limitation, any business or commercial purpose, other than for the purpose of preparing for and conducting the litigation of this Action and any appellate or related proceedings arising from this Action, and disclosure of any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this Action, except as otherwise permitted by this Protective Order.

2.   Nothing in this Protective Order ("Protective Order") will affect the ability of any person to assert his/her rights under any privilege or immunity, including but not limited to the attorney-client privilege, work-product immunity doctrine, and privilege against self-incrimination.

3.   The terms and conditions of this Protective Order shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the New Jersey Rules of Court, all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas, and use of documents in court, in this case.

4.   The designation "CONFIDENTIAL" shall be limited to "a trade secret or other confidential research, development, or commercial information" (as expressly provided by New Jersey Rule 4:10-3(g)) that any producing party or person, including any third party, in good

2

faith, believes would be entitled to confidential treatment under New Jersey Rule 4:10-3(g) if

this Court were called upon to make that determination prior to production. All sales, marketing,

pricing and other commercial information more than five (5) years old *that does not reflect*

*current practices* is presumed not to be *sensitive commercial information and* not to be

"CONFIDENTIAL."

     5.    Treatment And Identification of "CONFIDENTIAL HEALTH

INFORMATION":

    (a)    "CONFIDENTIAL HEALTH INFORMATION" means any document or
information supplied in any form, or any portion thereof, that identifies an
individual or subscriber in any manner and relates to the past, present, or
future care, services, or supplies relating to the physical or mental health
or condition of such individual, the provision of health care to such
individual, or the past, present, or future payment for the provision of
health care to such individual. These terms specifically include "protected
health information" as such term is defined by the Standards for Privacy of
Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164,
promulgated pursuant to the Health Insurance Portability and
Accountability Act of 1996. See 45 C.F.R. § 164.501 ("protected health
information") and 160.103 ("individually identifiable health
information"). "CONFIDENTIAL HEALTH INFORMATION" includes,
but is not limited to, medical bills, claims forms, charge sheets, medical
records, medical charts, test results, notes, dictation, invoices, itemized
billing statements, remittance advice forms, explanations of benefits,
checks, notices, and requests. "CONFIDENTIAL HEALTH
INFORMATION" also includes all notes, summaries, compilations,
extracts, abstracts, or oral communications that contain, are based on, or
are derived from confidential health information, as well as any
information subject to confidentiality pursuant to statute, including but not
limited to 42 U.S.C. § 1396r-8, and the Health Insurance Portability and
Accountability Act of 1996 ("HIPAA.")

    (b)    Production of Health Information That May Be Subject To The Privacy
Act, 5 U.S.C. § 552, or Other Privacy Protections. Discovery in this case
may seek information and documents subject to the provisions of the
Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-
164.534, or to the provisions of 42 U.S.C. § 1306, or there may be no
waiver by the patient to produce the records to any entity outside of the
subpoenaed party. In order to facilitate the production of these records
and to protect their confidentiality, the subpoenaed parties are permitted to
produce these documents to any party to this Protective Order in an

unredacted form. Upon producing these documents, the producing party shall designate them as "CONFIDENTIAL HEALTH INFORMATION" and treat them in accordance with this Protective Order's provisions for "CONFIDENTIAL" information. All parties receiving these documents may use such designated records only for purposes of the above-captioned litigation and may disclose them to non-parties to this litigation only as specified with this Order and only if the nonparty signs the form of acknowledgment attached to this Protective Order as set forth below.

6.     Except with the prior written consent of the producing party or upon prior order of this Court, information designed "CONFIDENTIAL" shall not be disclosed directly or indirectly by the person receiving such materials to any person other than the following persons, as to whom disclosure shall be limited (except with respect to 6(j) of this paragraph) to the extent reasonably necessary for the prosecution, defense and/or appeal of this Action:

(a)     Any employee or officer of a named party, who shall have executed a Certification attached hereto as Exhibit A;

(b)     in-house counsel of a named party that has agreed to be bound by the terms of this Protective Order;

(c)     counsel of record in the Litigation and outside counsel representing any named party in the Litigation that has agreed to be bound by the terms of this Protective Order, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(d)     court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(e)     an expert or consultant, potential or actual, who (i) is retained by any attorney described in Paragraphs 6(b) and (c) to assist with the Litigation, and (ii) is not a current employee of a party or subsidiary or affiliate of a party, provided that such expert or consultant executes a Certification attached hereto as Exhibit A;

(f)     a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the Litigation;

(g)     during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the

4

document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or data reflected in the document, provided that the party that produced the applicable document(s) agrees to the disclosure, or such witness executes a Certification attached hereto as Exhibit A;

(h)   any private mediators utilized in the Litigation, provided such person executes a Certification attached hereto as Exhibit A;

(i)   the Court and its authorized staff, and any Special Masters and/or Mediators appointed by the Court, and the jury; and

(j)   personnel on behalf of ~~litigating~~ governmental bodies limited to the following: (i) State Attorneys General, and any private counsel retained by such State Attorneys General, counsel of record for New York City and New York Counties, and their authorized subordinates, investigators, auditors, client agency personnel, or agents, in state and/or New York City and Counties that have litigation of issues similar to those in this Litigation, provided they have executed a Certification attached hereto as Exhibit C on behalf of their office or firm; and (ii) United States Department of Justice Attorneys and United States Attorneys, their authorized subordinates, and contractors engaged for the purposes of assisting the same with litigation of issues similar to those in this Litigation, provided they have executed a Certification attached hereto as Exhibit C.

*[handwritten annotation: involved in on-going litigation against the particular defendant]*

7.   The designation "HIGHLY CONFIDENTIAL" shall be limited to current information that any producing party or person, including third parties, in good faith, believes to contain or reflect (a) current *and past (to the extent they reflect on current)* methods, procedures, and processes relating to the pricing of pharmaceuticals; (b) current *and past (to the extent they reflect on current)* marketing plans and methods; (c) current *and past (to the extent they reflect on current)* business planning and financial information; (d) trade secrets; (e) past or current company personnel or employee information that is of a personal nature; (f) research, development, production and manufacturing information; (g) intellectual property information; and (h) other "CONFIDENTIAL" information (as defined in Paragraph 4) the disclosure of which in the reasonable judgment of the producing party, is likely to cause competitive, commercial or other injury to the producing party. All sales, marketing, pricing and other

commercial information more than five (5) years *old that does not reflect current practices* is presumed not to be *sensitive commercial information and* not to be "HIGHLY CONFIDENTIAL."

8.    Except with the prior written consent of the producing party or upon prior order of this Court, information designed "HIGHLY CONFIDENTIAL" shall not be disclosed directly or indirectly by the person receiving such materials to any person other than the following persons, as to whom disclosure shall be limited (except with respect to 8(i) of this paragraph) to the extent reasonably necessary for the prosecution, defense and/or appeal of this Action:

(a)    (i) in-house counsel of any named party that has agreed to be bound by the terms of this Protective Order and who has executed a Certification attached hereto as Exhibit B may have access to all "HIGHLY CONFIDENTIAL" information; or (ii) in-house counsel of a named party who cannot satisfy the requirements of Exhibit B may have access only to "HIGHLY CONFIDENTIAL" information that identifies the company, employees, or drugs of the named party of the in-house counsel;

(b)    counsel of record in the Litigation and outside counsel representing any named party in the Litigation that has agreed to be bound by the terms of this Protective Order, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(c)    court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(d)    an expert or consultant, potential or actual, who (i) is retained by any attorney described in Paragraphs 8(a) or (b) to assist with the Litigation and (ii) is not a current employee of a party or subsidiary or affiliate of a party, provided such expert or consultant executes a Certification attached hereto as Exhibit A;

(e)    a person who prepared, received, or reviewed the "HIGHLY CONFIDENTIAL" information prior to its production in the Litigation;

(f)    during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the

document designated "HIGHLY CONFIDENTIAL" or the specific events, transactions, discussions, or data reflected in the document, provided that the party that produced the applicable document(s) agrees to the disclosure, or such witness executes a Certification attached hereto as Exhibit A;

(g)   any private mediators utilized in the Litigation, provided such person executes a Certification attached hereto as Exhibit A;

(h)   the Court and its authorized staff, and any Special Masters and/or Mediators appointed by the Court, and the jury; and *[involved in on-going litigation against the particular defendant]*

(i)   personnel on behalf of ~~litigating~~ governmental bodies, limited to the following: (i) State Attorneys General, and any private counsel retained by such State Attorneys General, counsel of record for New York City and New York Counties, and their authorized subordinates, investigators, auditors, client agency personnel, or agents, in state and/or New York City and Counties that have litigation of issues similar to those in this Litigation, provided they have executed a Certification attached hereto as Exhibit C on behalf of their office or firm; and (ii) United States Department of Justice Attorneys and United States Attorneys, their authorized subordinates, and contractors engaged for the purposes of assisting the same with litigation of issues similar to those in this Litigation, provided they have executed a Certification attached hereto as Exhibit C.

9.   This Protective Order does not apply to any information or documents received by a party outside of this litigation without confidentiality restrictions, unless the information or documents were acquired from a third party that received the information or documents subject to any form of confidentiality protection.

10.   Any person or party receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that receives a request or subpoena for production or disclosure of information that another party has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall promptly give notice by facsimile to the producing party identifying the information sought and enclosing a copy of the subpoena or request. Provided that the producing party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the producing party or until

7

ordered by a court of competent jurisdiction. The provisions of this paragraph shall not apply to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information permissibly disclosed under the provisions of Paragraph 6(j) and/or 8(i) above (pertaining to litigating governmental bodies).

11.   Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information of the terms of this Protective Order, as well as the obligation to comply with those terms. Persons receiving information designated by another party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are prohibited from disclosing it to any person except in conformance with this Protective Order. The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information agrees by receipt of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order and for no other purpose. The parties agree, and agree to inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, that damages for violation of this Protective Order are not an adequate remedy and that the appropriate remedy is injunctive relief. Counsel agree to maintain a file of all Certifications (Exhibits A, B, and C) required by this Protective Order.

12.   The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

13.   "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript of oral

8

testimony or recorded statement of counsel, such as by way of example and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which contain, reflect, comprise, embody or summarize information about the producing party's business, products, practices and procedures.

14.    In designating information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing or testifying party or person, including third parties, will make such designation only as to that information that the producing or testifying party or person in good faith believes is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL under applicable law. All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in the Litigation may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing or disclosing party or person by marking the appropriate legend on the face of the document and each page so designated. With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

15.    The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape, CD-ROM or DVD container shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth

9

below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate all or portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL" information. If no redesignation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

16.   *Any documents or pleadings to be filed with the Court that are alleged to contain trade secrets or other confidential or proprietary information shall be filed under seal in an envelope marked "Trade Secret – Filed Under Seal Pursuant to Court Order" or "Other Confidential or Proprietary Information – Filed Under Seal Pursuant to Court Order" and bear the caption of the Litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so*

10

*designated*. Any party or non-party that seeks to file any document, pleading or other information under seal in this Litigation shall in a pleading filed with the Court assert with specificity the basis for the claim that sealing is appropriate under the jurisprudence of *Hammock v. Hoffman-LaRoche, Inc.*, 142 N.J. 356 (1995).

17.   At the request of a producing party, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

18.   The acceptance of "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL" information by the parties shall not constitute an admission or concession or permit an inference that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is in fact "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as designated. Any receiving party may at any time request that the designating party remove the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation with respect to any document, object, or information. Such request shall be made to counsel for the designating party in writing, and shall identify with particularity each document, object, or piece of information that has been designated as "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL" information that the receiving party contends is not confidential and the bases for its contention. The parties shall attempt to resolve the dispute regarding designations in good faith and on an informal basis. If the parties cannot resolve the dispute on an informal basis within twenty-one (21) days of service of written objections, the party contending that such documents or information are not "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may request by motion that the Court remove such information from the restrictions of this Protective Order. The burden of demonstrating that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be on the designating party. The

information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion.

19.   Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the Litigation. This Protective Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

20.   Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to persons not authorized by this Protective Order to receive such information.  Nothing in this Protective Order shall restrict or be construed to restrict a party's use of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

21.   The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information without such designation shall not constitute a waiver of any claim of confidentiality provided that: (a) the producing party notifies the receiving party in writing of such inadvertent or mistaken disclosure within a reasonable time after discovery of such disclosure and (b) within (15) days of such notice, the producing party redesignates the documents, information and/or things and sends them to the receiving party.  Upon such notice, the documents shall be treated as designated in the notice, which designation shall remain in effect until receipt of properly marked documents or until the

12

time period for providing such properly marked documents has lapsed, whichever is later. Upon receipt of properly marked documents, information and/or things the receiving party shall return said unmarked or incorrectly designated documents, information and/or things to the producing party within (15) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and things and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice. Nothing in this paragraph is intended to limit the remedies that a party may pursue with respect to such claims of inadvertence or mistake and the burden of demonstrating the same remains with the producing party.

22.   Should any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Protective Order, then the receiving party shall: (a) use its best efforts to obtain the return of any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and to bind such person or party to the terms of this Protective Order; (b) within seven (7) business days of the discovery of such disclosure, inform such person or party of all provisions of this Protective Order and identify such person or party to the producing party; and (c) request such person or party to sign the Certification attached hereto as Exhibit A or B. The executed Certification shall be served upon counsel for the producing party within ten (10) business days of its execution by the party to whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the producing party may pursue for breach of this Protective Order.

23.   Producing entities that are not parties to the Litigation are afforded all protections provided by the Protective Order by signing a copy of this Protective Order and

marking produced documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."
Counsel receiving the signed Protective Order shall maintain such signed copies in its file(s)
until the conclusion of this litigation.

24.    This Protective Order shall survive the termination of the Litigation and shall
continue in full force and effect thereafter.

25.    Nothing herein shall require the return or destruction of attorney work product,
but such material that contains or reflects "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
information shall continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
information under this Protective Order. Within sixty (60) days after final termination of the
Litigation, upon the written request of the producing party and unless otherwise required by law,
counsel for the receiving party either shall (a) return all additional "CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL" information in his/her possession, custody or control or in the
custody of any authorized agents, outside experts and consultants retained or utilized by counsel
for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL" information in discovery or (b) certify destruction thereof to the
producing party's counsel. Any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
information reflected in computer databases or backup tapes or any other electronic form shall be
subject to the same process, that is, at the request of the producing party, counsel for the
receiving party shall either (a) return all such "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL" information to counsel for the producing party or (b) take reasonable efforts
to permanently delete or destroy all such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
information.  The producing party shall reimburse all costs and expenses incurred by any
receiving party (including all costs and expenses incurred by any receiving party's authorized
agents, outside experts, and consultants retained or utilized by counsel for a receiving party) in

14

complying with the provisions of this paragraph. This Protective Order governs the production of documents in this case, even if the same documents also are produced in another AWP case. Likewise, the use of documents or information produced in another AWP case is governed by the Protective Order in that case, even though such documents may also have been produced in this case. After final termination of this action, counsel of record for the receiving party may retain one archival copy of deposition transcripts and exhibits, Court transcripts and exhibits; and documents and other materials submitted to the Court.

26.   If information subject to a claim of attorney-client privilege or work-product immunity or any other privilege or immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information under the law.

Upon discovery of the inadvertent production of privileged or work-product protected information, the producing party may, in writing, request the return of the information from the receiving party. The producing party shall, in writing, notify the receiving party within a reasonable time, not to exceed thirty (30) days, of actual discovery of the inadvertent production. Unless the receiving party intends to challenge the producing party's claim of privilege or immunity, all copies of inadvertently or mistakenly produced documents shall be returned to the producing party within fourteen (14) business days of such request, and any document, material or information reflecting the contents of the inadvertently produced information shall be expunged. If the receiving party intends to challenge the producing party's claim of privilege or immunity, the receiving party shall notify the producing party of the receiving party's objection to the return of such information within fourteen (14) business days after the producing party provides the written notice described above.

If the receiving party attains actual discovery of the production of privileged or work-product information, it shall notify the producing party of the discovery within a reasonable time, not to exceed thirty (30) days, of such discovery.  Unless the receiving party intends to challenge the producing party's claim of privilege or immunity, all copies of inadvertently or mistakenly produced documents shall be returned within fourteen (14) business days after the receiving party notifies the producing party of the actual discovery, and any document, material or information reflecting the contents of the inadvertently produced information shall be expunged.

If a receiving party challenges the producing party's assertion of privilege or immunity with respect to the document(s) or information(s) and, within the fourteen (14) business-day period described above, objects to the return of such information, the producing party may, within thirty (30) days after being notified of the receiving party's challenge, move the Court for an order compelling the return of such information.  The receiving party may respond to any such motion filed by the producing party within the time set forth for responses to discovery-related motions under the New Jersey Rules of Court.  Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

27.   Depositions taken and documents produced in the following AWP cases may be used in this litigation for pre-trial purposes: *Walker v. TAP Pharmaceutical Products Inc., et al.,* No. CPM-L-682-1 (Cape May County, New Jersey); *Stetser, et al. v. TAP Pharmaceutical Products Inc. et al.,* No. 1-CV-5268 (New Hanover County, North Carolina); *Swanston v. TAP Pharmaceutical Products, Inc., et al.,* No. CV 2002-0049988 (Maricopa County, Arizona); *Commonwealth of Pennsylvania v. TAP Pharmaceutical Products Inc., et al.,* MDL 1456; and *In re Pharmaceutical Industry Average Wholesale Price Litigation,* MDL No. 1456, Civil Action No. 01-12257-PBS.  However, the parties reserve all objections to the use of such materials in

this case, including relevance and admissibility, both pre-trial and at trial. Nothing herein, however, is intended to prevent or preclude any party from seeking to depose any witness in this litigation.

28. This Protective Order shall apply retroactively to all the materials identified in Paragraph 3 that might be produced, disclosed, or testified to before the entry of this Protective Order.

29. The Court's finding of good cause as set forth in R. 4:10-3 and applicable case law, is based on the facts set forth in the supporting affidavits and certifications.

30. Nothing in this Protective Order shall prevent any party from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders or modification of this Protective Order.

31. See attachment hereto.

Dated: ___2/1___, 2008

The Honorable Louis F. Locascio, J.S.C.

17

**EXHIBIT A**

**CERTIFICATION**

I hereby certify that I have read the attached Protective Order in the International Union of Operating Engineers, Local No. 68 ,Welfare Fund v. AstraZeneca PLC, et al., dated _____, 2007 the ("Order"); and I agree that I will not reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in accordance with the Order. I will use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the above-referenced action and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order. I agree that the Superior Court of New Jersey, Law Division Monmouth County, has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____, 200__

_____
Signature

_____
Print Name

_____
Company

_____
Address

_____
City, State and Zip

18

**EXHIBIT B**

**IN-HOUSE COUNSEL CERTIFICATION**

I hereby certify that I have read the attached Protective Order in the International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC, et al., dated _____, 2007 the ("Order"); and I agree that I will not reveal "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "HIGHLY CONFIDENTIAL" information in accordance with the Order. I will use "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the above-referenced action and not for any business or other purpose. I will otherwise keep all "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order.

I agree that I will only review "HIGHLY CONFIDENTIAL" information in the offices of outside counsel or other location designated by outside counsel. I will not remove such information from outside counsel's office or other location designated by outside counsel, nor make copies of or maintain any "HIGHLY CONFIDENTIAL" information at the offices at which I work.

My professional relationship with the party I represent and its personnel is strictly one of legal counsel. Although I may attend meetings where others discuss competitive decision-making, I am not involved in competitive decision-making (as discussed in U.S. Steel Corp. v. United States, 730 F. 2d 1465 (Fed. Cir. 1984) and Matsushita Elec. Indus. Co. v. United States, 929 F.2d 1577 (Fed. Cir. 1991)), for or on behalf of the party I represent or any other party that might gain a competitive advantage from access to the material disclosed under the Order. Other than legal advice, I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, other than providing legal advice, for example, provide advice concerning decisions about,

19

pricing, marketing or advertising strategies, product research and development, product design or competitive structuring and compositions of bids, offers, or proposals, with respect to which the use of "HIGHLY CONFIDENTIAL" information could provide a competitive advantage.

I have attached a detailed narrative providing the following information: (a) my position and responsibilities as in-house counsel; and (b) the person(s) to whom I report, and their position(s) and responsibilities.

I further agree that the Superior Court of New Jersey, Law Division Monmouth County, has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____, 200__        _____
                                        Signature

                                        _____
                                        Print Name

                                        _____
                                        Company

                                        _____
                                        Address

                                        _____
                                        City, State and Zip

**EXHIBIT C**

**PERSONNEL OF BEHALF OF LITIGATING
GOVERNMENTAL BODIES CERTIFICATION**

I hereby certify that I have read the attached Protective Order in the International

Union of Operating Engineers, Local No. 68 ,Welfare Fund v. AstraZeneca PLC, et al., dated

_____, 2007 the ("Order"), and I agree that I will not reveal "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not

entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in

accordance with the Order.  I will otherwise keep all "CONFIDENTIAL" and "HIGHLY

CONFIDENTIAL" information confidential in accordance with this Order.

I agree that the Superior Court of New Jersey, Law Division Monmouth County, has

jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my

person for that purpose.  I will otherwise be bound by the strictures of the Order.

Dated: _____, 200__      _____
                                                         Signature

                                                         _____
                                                         Print Name

                                                         _____
                                                         Company

                                                         _____
                                                         Address

                                                         _____
                                                         City, State and Zip

21

CONFIDENTIAL" or the specific events, transactions, discussions, or data reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(g)  any private mediators utilized in the Litigation, provided such person executes a Certification attached hereto as Exhibit A;

(h)  the Court and its authorized staff, and any Special Masters and/or Mediators appointed by the Court, under seal, and the jury;

(i)  personnel on behalf of governmental bodies involved in on-going litigation raising issues similar to those in this Litigation including allegations that Defendants have reported or caused to be reported false Wholesale Acquisition Costs (or their equivalents) and/or Average Wholesale Prices for pharmaceutical products (AWP litigation), and limited to the following persons or entities: (i) State Attorneys General, and any private counsel retained by such State Attorneys General, counsel of record for New York City and New York Counties, and their authorized subordinates, investigators, auditors, client agency personnel, or agents, in states and/or New York City and Counties provided they have executed a Certification attached hereto as Exhibit C on behalf of their office or firm; and (ii) United States Department of Justice Attorneys and United States Attorneys, their authorized subordinates, and contractors engaged for the purposes of assisting the same with litigation of issues noted above in this sub-paragraph, provided they have executed a Certification attached hereto as Exhibit C; and

k.  The disclosure to non-parties described in paragraph 4(j) is limited as follows:  no disclosure shall be permitted unless the producing party is a defendant in the litigation that serves as the basis for disclosure under 6(j).

7.  The disclosures permitted by paragraphs 4(j) and 6(j) shall be limited with regard to those other actions outside Pennsylvania in that disclosure shall not be permitted after the close of discovery in the pending extra-jurisdictional litigation.

8.  The following terms will apply to requests by those governmental entities described in

31

6

 

paragraphs 4(j) and 6(j).

    a.  The requesting entity shall make a written request to the Plaintiff for documents or information a defendant has produced and shall contemporaneously provide a copy of such request to the particular defendant;

    b.  The Plaintiff shall notify the defendant seven working days before releasing information or documents to such governmental entities the identity of such information or documents, i.e., bates number or other identification, it intends to disclose;

    c.  If a defendant has a good faith belief that the disclosure will violate the terms of this Protective Order for one of the following three reasons: (1) the disclosure is to a non-party that does not fall within the description set forth in 4(j) or 6(j), (2) the disclosure will result in the release of information produced by a party that is not a defendant in the other litigation, or (3) the discovery in the other litigation has closed, the defendant may object to the disclosure.

    d.  If a defendant wishes to object on the grounds set forth in subparagraph 8(c), then within ten (10) working days of receipt of notice of a proposed disclosure, the defendant shall submit to the Plaintiff a list identifying the documents the disclosure of which the defendant objects.  Where the Plaintiff notifies a defendant that an entire production has been requested, the defendant shall be solely responsible to identifying each specific document within that production to which the defendant objects to disclosure; however, in such instance, the defendant shall have twenty (20) working days to identify the documents the disclosure of which the defendant objects.

    e.  Where a defendant cannot obtain agreement with the Plaintiff as to whether a document or information may be released under the terms of this Protective Order, the defendant shall have respectively twenty days (in the case of specific document objections) or thirty days (in the case of entire productions involving individual objections to documents therein) to honor the proposed release or to file an objection with this Court.

    f.  If a defendant does not file a motion in accordance with

7

subparagraph 6(e), the Plaintiff may release the document or information requested provided an authorized representative of the governmental entity executes the particular Certification document required under the terms of this Protective Order.

g.   If a defendant files a motion objecting to release of information or a document to a non-party, the Plaintiff shall not release such information until after the Court resolves the motion in favor of the release.

9.   This Protective Order does not apply to any information or documents already in the possession of a receiving party without being subject to any obligation of confidentiality, unless the information or documents were acquired from a third party that received the information or documents subject to any form of confidentiality protection.

10.   Any person receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that receives a request or subpoena for production or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall promptly give notice by facsimile to the producing party identifying the information sought and enclosing a copy of the subpoena or request. Provided that the producing party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the producing party or until ordered by a court of competent jurisdiction. The provisions of this paragraph shall not apply to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information permissibly disclosed under the provisions of Paragraph 4(j) and/or Paragraph 6(i) above (pertaining to litigating governmental bodies).

11.   Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information of the terms of this Protective Order, as well as the obligation to comply with those terms. Persons receiving "CONFIDENTIAL or

8