# EXHIBIT 12

# JONES DAY

500 GRANT STREET • SUITE 3100 • PITTSBURGH, PENNSYLVANIA 15219-2502
TELEPHONE: 412-391-3939 • FACSIMILE: 412-394-7959

Direct Number: (412) 394-7257
jwboyle@jonesday.com

JP464315:kcm/1171246v1
080024-024310

February 4, 2008

VIA FACSIMILE (215-392-4400) AND U.S. MAIL

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA 19147

Re: Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc., et al.

Dear Don:

In accordance with the Order of the Court dated December 5, 2007, Abbott Laboratories, Inc. hereby de-designates the following documents previously labeled confidential that have been produced to the Commonwealth to date: AGABT-101-00062125-62169; AGABT-101-00062190-62274; AGABT-101-00062279-62299; AGABT-101-00062320-62355; and AGABT-101-00062376-62533.

As we agreed previously, while we provided you with over 1.3 million pages of documents on January 4, 2008, we would continue to produce documents on a rolling basis. As these documents are provided, they will be re-reviewed in order to determine whether or not any such document should be de-designated in accordance with the Court's Order.

Additionally, the date you noticed the corporate designee deposition regarding document production issues is not convenient and will need to be, at the very least, rescheduled. Indeed, the subject matter of these depositions has either already been addressed, is not appropriate, or premature. First, Abbott has already produced a witness in other AWP-related litigation who has addressed the issue of the nature and scope of Abbott's document production. This testimony related to the production of the same documents that we are in the process of producing in this case in response to the Commonwealth's First Request for Production of Documents. Moreover, we had an extensive discussion with you last fall where we identified the various types and categories of documents produced in other cases which we would produce in this case. Accordingly, we will provide you with the deposition transcripts of Ellen Klaus who has provided testimony on the production of these documents. If, after a review of that deposition, you identify any additional issues you need to cover, please let us know.

Second, the request for a deposition on the scope of review and re-designation of confidential documents is inappropriate and premature. The documents produced to the Commonwealth in this case to date have already been reviewed in accordance with this Court's Order. Specifically, in order to determine how to designate these documents, counsel for Abbott reviewed the documents and interviewed Abbott personnel about current business practices.

JONES DAY

Donald E. Haviland, Jr.
February 4, 2008
Page 2

Based upon those interviews, Abbott's counsel designated as HIGHLY CONFIDENTIAL contracts and contract-related documents. CONFIDENTIAL documents included internal Abbott documents that contain commercially sensitive information. Documents that were not designated included Abbott List Price (catalogs and other public/third-party documents that contain list price); blank forms, such as blank bid sheets; newspaper articles and other public documents, such as maps; documents sent to industry publications or third parties other than Abbott customers; and information updates received from a third party.

Abbott has produced more than one million pages of documents to the Commonwealth in this case. In re-reviewing the discrete categories of documents produced, including contracts, pricing and marketing documents, Abbott has de-designated the documents identified above. The remaining categories of documents more than five years old either contain confidential information which Abbott cannot disclose (i.e. contracts which contain confidentiality provisions; communications with customers regarding pricing; documents which contain private medical information or other personal information) or include information that although more than five years old, could be used by competitors to reveal current strategies, strengths or weaknesses in Abbott's business.

Because Abbott conducted its production pursuant to protective orders in other cases which required Abbott to consider whether documents reflected upon past business practices, Abbott's designations of documents produced to date in this case have complied with the "good faith" requirement of Rule 4012 and this Court's December 5, 2007 Order. A deposition regarding compliance with the Order is inappropriate absent any suggestion that Abbott has failed to de-designate documents that do not meet the confidentiality provisions of the Final Protective Order. If there are any documents produced to date which you believe should be de-designated, the Final Protective Order requires the parties to meet and confer to determine the appropriateness of the designation. Please let us know if there are any such documents produced to date, and we will take it under consideration in accordance with the Final Protective Order.

Very truly yours,

John Boyle/SDT

John W. Boyle

cc: Lee Ann Russo, Esq.