# EXHIBIT 15

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: (312) 269-4174
cgeisler@jonesday.com

JP003466:srg
080024-024348 and
-024270

October 29, 2007

CONFIDENTIAL

VIA E-MAIL

Ann M. St. Peter-Griffith
Assistant U.S. Attorney
U.S. Department of Justice
99 N.E. 4 Street, Suite 300
Miami, FL 33132

Eliseo Sisneros
Deputy Attorney General
State of California Department of Justice
1455 Frazee Road, Suite 315
San Diego, CA 92108

C. Jarrett Anderson
Anderson LLC
208 West 14th Street, Suite 3-B
Austin, TX 78701

Re: In Re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456
Civil Action No. 01-12257 (D. Mass.)

U.S. ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.
Case No. 06-CV-11337

Dear Counsel:

Pursuant to the Protective Orders entered in the above-captioned litigation, please be advised that Abbott Laboratories designates the transcript of Michael Tootell taken on October 25, 2007 as "Highly Confidential."

Very truly yours,

*Carol P. Geisler*

Carol P. Geisler

cc: Jason G. Winchester

CHI-1614625v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON



U.S. Department of Justice

Civil Division
Commercial Litigation Branch
Fraud Section

601 D Street, NW
Ninth Floor
Washington, D.C. 20004

Telephone: (202) 616-3797
Telecopier: (202) 616-3085

October 30, 2007

*Via Electronic Transmission*

Carol P. Geisler
Jones Day
77 West Wacker
Chicago, Illinois 60601-1692

Re:   *United States ex rel. Ven-a-Care of the Florida Keys Inc. v. Abbott Laboratories, Inc.*, 06-CV-11337-PBS, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456/Civil Action No. 01-12257

Dear Ms. Geisler:

We write to object to Abbott's designation of the entire transcript of Michael Tootell taken on October 25, 2007 as "Highly Confidential." Such a wholesale designation of the <u>entire transcript</u> does not appear to be appropriate under the terms of the Protective Order, which requires a party to make good faith determinations of the confidential nature of specific information. In addition, such wholesale designation appears to be at odds with Judge Saris's four recent rulings related to the improper sealing of defendants' materials as confidential in court filings. *See* electronic Orders dated 09/05/07, 10/10/07, and 10/11/07, and Discovery Order dated 09/07/07 at ¶9 (Dkt. No. 4701). More specifically, Judge Saris has stated:

> pricing information from more than 5 years ago is not sensitive commercial information. Accordingly, all average acquisition costs from 2002 to date may be redacted.... [omitted]... For example, it is inconceivable that commercial information from the 1990's is sensitive business information now.

We note that Mr. Tootell was not involved with price setting, and did not testify about marketing techniques, formulas for Ross products or any proprietary computer information. Abbott's improper designations create inefficiencies for the parties, and compromise the United States' ability to prepare effectively this case for trial.

-2-

Please inform us whether Abbott will agree to remove its wholesale confidentiality designation over this transcript no later than Friday, November 2. If there is some specific information contained in the transcript that meets the standards for "Confidential" or "Highly Confidential" information under the terms of the Protective Order, please inform us.

Sincerely,

/s/

Renée Brooker

cc:   James Breen, Esq.



**U.S. Department of Justice**

Civil Division
Commercial Litigation Branch
Fraud Section

601 D Street, N.W.
Ninth Floor
Washington, DC 20004

Telephone: (202) 514-1511

November 2, 2007

*Via Electronic & First Class Mail*

Mr. Jason G. Winchester
Jones Day
77 West Wacker
Chicago, Illinois 60601-1692

Mr. James P. Hanlon
Baker & Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204

Re:   *U.S. ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, 06–CV–11337-PBS, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456/Civil Action No. 01-12257

Dear Messrs. Winchester and Hanlon:

I write concerning the deposition of former Abbott employee David Harling, which was conducted by the United States, the State of California and counsel for relator, Ven-a-Care of the Florida Keys, on October 30, 2007.

First, I write to reiterate the United States' objection to Abbott's designation of the entire transcript of Mr. Harling's deposition as "Confidential". (Harling Tr., 54:2-18). Such a wholesale designation of the entire transcript does not appear to be appropriate under the terms of the Protective Order, which requires a party to make good faith determinations of the confidential nature of specific information. In addition, such wholesale designation appears to be at odds with Judge Saris's four recent rulings related to the improper sealing of defendants' materials in court filings as confidential. (*See* electronic Orders dated 09/05/07, 10/10/07, and 10/11/07, and Discovery Order dated 09/07/07 at ¶ 9 (Dkt. No. 4701)). Although the reason articulated by Abbott counsel for designating the transcript of Mr. Harling's deposition as "Confidential" was based upon a review at the deposition of certain documents marked "Confidential" (Harling Tr.

54:2-6), we do not believe that this is a basis for designating the entire transcript "Confidential".[1] Protections afforded by the Protective Order for documents designated as "Confidential" are not eviscerated by virtue of being attached to a deposition transcript. Further, Mr. Harling rarely, if at all, discussed specific Abbott pricing information in his deposition, and to the extent that he did, the pricing information to which he referred is outdated. (*See e.g.*, Harling Tr. pp. 201-210, discussing the contract price, AWP and "$ DIFF AWP" on Abbott's products from 1998 and 1999). Judge Saris has stated: "pricing information from more than 5 years ago is not sensitive commercial information. Accordingly, all average acquisition costs from 2002 to date may be redacted. . . [omitted]. . . . For example, it is inconceivable that commercial information from the 1990's is sensitive business information now." (Electronic Order dated 10/10/07).

I further note that Mr. Harling did not testify about marketing techniques, formulas for Abbott products or any proprietary computer information. As the Department of Justice has raised previously, Abbott's improper designations create inefficiencies for the parties, and compromise the United States' ability to prepare effectively this case for trial. For these reasons, it is inappropriate for Abbott to make such a designation and to "sort out any issues on it later", as Abbott counsel suggested at the deposition. (Harling Tr., 54: 8-9). Accordingly, please inform us no later than November 9, 2007, whether Abbott will agree to remove its wholesale confidentiality designation over this transcript. If there is some specific information contained in the transcript that meets the standards for "Confidential" treatment under the terms of the Protective Order, please inform me of the portions of the transcript that should remain designated as "Confidential".

Second, for the reasons discussed above, the United States objects to the designation of nearly each page of the 372 pages of documents produced by Mr. Harling at his deposition as "Confidential". We further request that by November 9, 2007, the party responsible for the designation of these documents as "Confidential" (Mr. Harling or Abbott, whomever that may be), remove all such designations that fail to comply with the guidelines set forth in the Protective Order and in Judge Saris's recent rulings on this subject.

---

[1] Further, the United States questions whether many of the exhibits to the deposition, which were previously designated as "Confidential" or "Highly Confidential" by Abbott counsel, meet the requirements set forth in the Protective Order for "Confidential" and "Highly Confidential" designations, especially in light of Judge Saris's recent rulings in this area. Abbott's designations of large numbers of documents and deposition transcripts as "Confidential" and "Highly Confidential" has created layers of potentially improper confidentiality designations (and in some cases, actual improper designations, as found by Judge Saris - *see* electronic Orders listed above) that unnecessarily complicate the day-to-day workings of this case. Accordingly, the United States requests that the documents designated by Abbott as "Confidential" or "Highly Confidential" that do not meet the standards set forth in the Protective Order for such designations, be promptly de-designated, and that the United States be informed of that action with respect to each such document.

-3-

Third, the United States requests the production of the compact discs that Mr. Harling testified about during his deposition – discs which Mr. Harling testified he located while searching for documents responsive to the United States' subpoena and which were the source of some of the hard-copy documents produced by him at his deposition. According to Mr. Harling, the compact discs represent back-ups of the Abbott issued computers of Mr. Harling and his subordinate, Mark Szewcyzk. The United States further requests that Abbott confirm that in locating responsive documents and responding to the Department of Justice's discovery requests in this case, that the files of Mr. Harling (computer and hard-copy) relating to his positions of Alternate Site Infusion System Specialist, Contract Marketing Analyst, Senior Contract Marketing Analyst, Supervisor of Inside Sales and Sales Administration, and District/Divisional Manager, have been searched, and that responsive documents from those files have been produced or are being produced to the United States in the course of discovery in this case. As you know, Mr. Harling testified that the documents produced at his deposition from his home files (in response to the United States' subpoena) amounted to less than one-half of one percent of the Abbott HPD documents in his possession at the time he left Abbott/Hospira's employment in September 2004. (*See e.g.*, Harling Tr. at 223-224). He further stated that more than 99% of his documents, as well as his Abbott/Hospira issued computer, were boxed up and provided to his supervisor and/or placed in a storage facility. *Id.*

Finally, Case Management Order 29, which governs the federal case, states that the party noticing a deposition shall have 14 hours for questioning the witness at a deposition. (CMO 29, ¶ 10). Because we were unable to complete the questioning of Mr. Harling at his October 30, deposition, the United States requests that, consistent with paragraph 12 of CMO 29, within 10 days of receipt of this letter, you provide us with potential dates to resume Mr. Harling's deposition, and that the dates you provide for resuming his deposition be within 30 days of this request.

Thank you for your assistance in these matters.

                        Sincerely,

                        /s/

                        Rebecca A. Ford

Cc:     James Breen, Esquire
           Eliseo Sisneros, Esquire
           Susan Thomas, Esquire

Encl.    (1)

54                                                          **CONFIDENTIAL**

1    10:43 a.m. with the start of Tape No. 3.

2        MR. WINCHESTER: Before you ask a question Eliseo,

3    let me do this before I forget. We're looking at a lot

4    of pricing documents and things marked confidential

09:43:09  5  today, so I would designate the transcript confidential

6    under the protective order.

7        MR. SISNEROS: Okay.

8        MR. WINCHESTER: And we can sort out any issues on

9    it later.

09:43:16 10   MR. SISNEROS: Okay.

11       MS. FORD: Are you going to put that on the record

12   Jason?

13       MR. WINCHESTER: I just did.

14       MS. FORD: The United States wants to object to the

09:43:24 15  wholesale designation of the entire transcript of the

16   definition as confidential, highly confidential pursuant

17   to judge certify's orders in this case and the

18   protective order.

19       BY MR. SISNEROS:

09:43:34 20   Q. Mr. Harling, can I ask you a favor? Let me

21   hand you that exhibit back to you and see if I labeled

22   it correctly. It has been labeled correctly, No. 9.

23   Mr. Harling, do you recognize the type of document

24   Exhibit 9, labeled as Exhibit 9?

09:43:53 25   A. Yes.

UNCERTIFIED ROUGH DRAFT

Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: PHARMACEUTICAL        )
INDUSTRY AVERAGE WHOLESALE   ) MDL No. 1456
PRICE LITIGATION             ) Civil Action No.
                             )     01-12257-PBS
                             )
THIS DOCUMENT RELATES TO:    )
                             )
United States of America,    ) Hon. Patti Saris
ex rel. Ven-a-Care of the    )
Florida Keys, Inc., v.       )
Abbott Laboratories, Inc.,   )
and Hospira, Inc.            )
CIVIL ACTION NO. 06-11337-PBS )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: PHARMACEUTICAL        )
INDUSTRY AVERAGE WHOLESALE   ) MDL No. 1456
PRICE LITIGATION             ) Civil Action No.
                             )     01-CV-12257-PBS
                             )
THIS DOCUMENT RELATES TO:    )
                             ) Judge Patti B. Saris
State of Arizona v. Abbott   )
Labs., et al.                )
Civil Action No. 06-CV-11069-PBS )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL AND VIDEOTAPED DEPOSITION OF

CYNTHIA A. DAWSON

June 12th, 2007

HIGHLY CONFIDENTIAL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1   A.   Not on me, but I do.
2   Q.   Telephone number, address, what do you have?
3   A.   I do have his e-mail address at his office
4   and I think I have his cell phone number.
5   Q.   Do you know his cell phone number offhand?
6   A.   Oh, no.
7   Q.   E-mail?  No?
8   A.   No.
9           MR. RIKLIN:  Okay.  That's all I have.
10  Thanks.
11          MS. FORD:  Okay.  And before we go off
12  the record, you had a representation to make about the
13  designation of the deposition?
14          MS. TABACCHI:  Yes.  I just want
15  everybody to say that they're finished, yes, no, no
16  questions.
17          MR. ROSS:  No questions from California.
18          MS. TABACCHI:  No questions.
19          THE VIDEOGRAPHER:  Should I conclude the
20  tape?
21          MS. TABACCHI:  I designate the
22  transcript highly confidential under all applicable
23  protective orders.
24          MS. FORD:  And the United States just
25  objects to that designation as being inconsistent with

Page 352

1  the case management order in the federal case as
2  designating a transcript as highly confidential.
3              MS. TABACCHI: All right. Fine.
4              THE VIDEOGRAPHER: Are we finished?
5              MS. TABACCHI: Thank you.
6              THE VIDEOGRAPHER: This marks the end of
7  Videotape 6, Volume 1. This is the conclusion of
8  today's deposition. The time is now 5:35 p.m. We are
9  off the record.
10
11              (Deposition closed at 5:35 p.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

500 East Broward Boulevard, Ste. 700
Fort Lauderdale, FL 33394
(954) 356-7255

November 7, 2007

*Via E-Mail and U.S. Mail*

Tina M. Tabacchi
77 West Wacker
Chicago, Il   60601-1692

Re:   *United States ex rel. Ven-a-Care of the Florida Keys Inc. V. Abbott Laboratories, Inc.*,
      06-CIV-11337-PBS, In re Pharmaceutical Industry Average Wholesale Price Litigation,
      MDL No. 1456/Civil Action No. 01-12257

Dear Ms. Tabacchi:

    We write to object to Abbott's designation of the entire transcript of Michael Sellers on November 1, 2007 as "Highly Confidential." Such a wholesale designation of the <u>entire transcript</u> does not appear to be appropriate under the terms of the Protective Order, which requires a party to make good faith determinations of the confidential nature of specific information. In addition, such wholesale designation appears to be at odds with Judge Saris' four recent rulings related to the improper sealing of defendants' materials as confidential in court filings. See electronic Orders dated 9/5/07, 10/10/07, and 10/11/07, and Discovery Order dated 9/7/07 at ¶9 (Dkt. No. 4701). More specifically, Judge Saris has stated:

> pricing information from more than 5 years ago is not sensitive commercial information. Accordingly, all average acquisition costs from 2002 to date may be redacted...[omitted]...For example, it is inconceivable that commercial information from the 1990's is sensitive business information now.

    We note that Mr. Sellers did not testify about confidential sales or marketing techniques within the past 5 years, formulas for Abbott HPD products, or any proprietary computer information or data. Abbott's improper designations create inefficiencies for the parties, and compromise the United States' ability to prepare effectively this case for trial.

    Please inform us whether Abbott will agree to remove its wholesale confidentiality designation over this transcript no later than Tuesday, November 13. If there is some specific information contained in the transcript that meets the standards for "Confidential" or "Highly

Confidential" information under the terms of the Protective Order, please inform us.

                    Sincerely,

                    R. ALEXANDER ACOSTA
                    UNITED STATES ATTORNEY

                    ANN M. ST. PETER-GRIFFITH
                    Assistant United States Attorney

cc:    James Breen, Esq.