# EXHIBIT 16

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: (312) 269-4373
jgwinchester@jonesday.com

JP741122
080024-024348

October 11, 2007

VIA FEDERAL EXPRESS

Renee Brooker
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
601 D. Street, NW
Ninth Floor
Room 9028
Washington, D.C. 20004

Re:   U.S. ex rel. Ven-a-Care of the Florida Keys Inc. v. Abbott Laboratories Inc. 06-CV-11337

Dear Renee:

I am writing in response to your letter of September 17, 2007 regarding Abbott's document production in this case.

As an initial note, you assert at numerous points in your letter that Abbott should expand the scope of its production to extend to documents created after 2003. We do not agree. DOJ has pressed this point with the Court numerous times, including in DOJ's motion relating to CMO's 5 and 10 and its subsequent motion to compel. Judge Bowler has made clear on each occasion that discovery extends through 2003, but not beyond, and DOJ has not objected to those rulings. (See 5/22/07 Order at 2; 6/19/07 Transcript at 12; 7/19/17 Order at 11.) Yet, you now suggest, based on a order by Judge Saris relating to *third parties*, that Abbott "expand its production to remove any limitations it has placed on drugs or year in question." Judge Saris' order did not address discovery from Abbott and did not erase the prior rulings of Judge Bowler that directly prescribed the temporal limits of such discovery. Abbott will produce responsive documents through the end of 2003 as ordered by the Court.

Additionally, your letter is peppered with statements accusing Abbott of withholding responsive documents in violation of the Court's directives. These statements are untrue, and the accusatory nature of this dialogue is not constructive. Abbott is well aware of the Court's rulings and continues to make every effort to timely complete its production of responsive documents that are within its possession, custody and control. The current status of this effort is discussed below.

CHI-1610462v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Renee Brooker
October 11, 2007
Page 2

### Home Infusion Documents and CHIPs data

Abbott already has made substantial steps toward completing its production of materials relating to the former Home Infusion Services business. On June 21, 2007, Abbott produced all available, responsive data from its decommissioned CHIPs system. (*See* 6/21/07 letter from C. Geisler to M. Lavine.) This data contained all available information about pricing, claims submission and payment, and revenue to Abbott through the Home Infusion Services business. In order to get the information out to you as quickly as possible, Abbott elected not to restrict this data by drug, payor, or time period. Abbott also has produced numerous manuals relating to the CHIPs system, including a data dictionary and various training manuals, to assist in your review of this data. (*See* 6/29/07 email from J. Winchester to M. Lavine.)

Additionally, as I indicated during our last meet and confer, Abbott has assembled approximately 80 boxes, which represent all available documents relating to Home Infusion Services. These documents are currently being reviewed and our production of responsive materials will begin on October 19, 2007, if not sooner. We expect to complete our production of these documents by October 31, 2007. Whether documents from the eighteen categories you enumerate will be available will be determined when Abbott completes its production. With regard to category 7 in your letter, however, Abbott will not be producing all HCFA 1500 claim forms. Any available data relating to claims submitted on behalf of Abbott's Home Infusion customers or their patients was included in the CHIPs data described above. It would be unduly burdensome to expect that Abbott would make a duplicative production of the forms (after undertaking the onerous task of redacting any patient-specific information).

### Alt Site Sales Force Personnel Files

On August 16, 2007, Abbott began its production of alt site sales force personnel files. (*See* 8/16/07 letter from C. Geisler to R. Brooker.) A second production of documents from the personnel files accompanies this letter. (CD labeled ABT-DOJ 0300575 – 0302521). We expect to complete our production of personnel files by October 31, 2007.

### Court Ordered Sales and Marketing Documents

The documents produced by Bruce Rodman at his deposition from his personal files relate to Abbott's former Home Infusion Services business. If Abbott has copies of these or similar documents in its possession, custody, or control, they will be produced as part of the Home Infusion Services production discussed above. After a reasonable search, Abbott has located and produced all existing "August Plan and April Update" documents from the relevant time period as set by the Court.

CHI-1610462v1

**JONES DAY**

Renee Brooker
October 11, 2007
Page 3

### Pricing Documents

Abbott has committed to producing all documents relating to the pricing of the subject drugs (or that would apply to the subject drugs even if they are not mentioned specifically). We began this production as part of Abbott's initial disclosures on August 9, 2006, with the disclosure of a number of relevant pricing materials including annual worksheets (*See e.g.*, ABT-DOJ 0134748-0154127 and 0221601-0221727). In response to Interrogatory 12, Abbott provided the names of the individuals involved in setting List and WAC prices. (*See* Abbott's 7/19/07 Amended Response to the U.S. First Set of Interrogatories.) As we told you during a number of our conferences, Abbott does not have a pricing committee (and, no, Abbott did not withhold documents simply because they did not contain the terms "pricing" and/or "committee"). If additional pricing documents are discovered, Abbott will supplement its production, but we regard the production of pricing documents as complete.

Abbott also has produced all available correspondence between Abbott's former Hospital Products Division and the pricing compendia from 1990-2003. This production included correspondence relating to all HPD drugs, not just the four subject drugs. We believe that this production is in compliance with Magistrate Judge Bowler's various rulings. Abbott's production of pricing compendia correspondence is complete.

### Alternate Site 20% of Customers

Abbott's representations to the Court regarding prices paid by Abbott's customers were accurate. Abbott's transaction-level sales data has been produced to the Government and includes transaction prices paid by all customers. The sales data was not restricted based on customer size or order quantity; it contained all prices paid for the four drugs at issue for the entire period.

Abbott will provide a chart of bates ranges for the contracts produced in this litigation by October 31, 2007.

### Lobbying Documents

Abbott has searched for and produced responsive, non-privileged documents within its possession, custody and control relating to lobbying efforts by or on behalf of Abbott at the federal level. If any additional responsive documents are discovered, Abbott will supplement its production, but we regard this effort as completed. Privileged documents have been logged on Abbott's Amended Privilege Log, which will be supplemented as appropriate if additional privileged documents are discovered.

Abbott also has conducted a search for any lobbying documents at the state level that are responsive to the DOJ's requests. Abbott has found no documents that are responsive to any of

CHI-1610462v1

JONES DAY

Renee Brooker
October 11, 2007
Page 4

your requests. Finally, Abbott has searched the documents of its Government Reimbursement and Policy Executives and has found no responsive documents.

### Medicare Working Group

All available documents relating to the Medicare Working Group have been produced to the DOJ. (*See* 4/17/07 letter from C. Geisler to G. Gobena and R. Brooker.) If additional responsive documents are located, Abbott will supplement its production, but we regard this production as complete.

### Congressional Investigations and Stark Letter

Abbott has produced all responsive, non-privileged documents relating to the letter from Congressman Stark. Abbott's privilege log will be updated as appropriate.

### 2001 Price Adjustment Documents

Abbott has produced all responsive, non-privileged documents relating to the 2001 price adjustment. Abbott has logged associated privileged documents on its Amended Privilege Log, and will update that log as appropriate in the future.

### TAP Documents

Abbott has produced all documents relating to the Medicare Working Group to which James Miller referred in his deposition. Other committees that Mr. Miller mentioned including Controller Counsel and MIS committees would not be reasonably likely to have documents that are relevant and responsive in this case. Abbott continues to maintain that documents relating to TAP's criminal plea and settlement are wholly irrelevant to this matter, and the Court has so ruled; such documents will not be produced.

### Emails

Abbott produced over 500,000 pages of emails to the DOJ on August 22, 2007, in addition to the scores of emails that had previously been produced in paper form as part of Abbott's earlier productions. These emails are responsive to the DOJ's document requests and are within the time period prescribed by the Court. To the extent these emails were also responsive to requests from other plaintiffs who have filed similar actions against Abbott, then they were produced to those other plaintiffs, including plaintiffs in the MDL. Abbott continues to search for emails that are responsive to the DOJ's requests, and should any additional responsive, non-privileged emails be located, Abbott will produce them.

CHI-1610462v1

JONES DAY

Renee Brooker
October 11, 2007
Page 5

## Krajewski Documents

In your April 28, 2007 letter you request Mr. Krajewski's performance evaluations from his personal files. As I stated in my letter of February 5, 2007, Abbott will not agree to produce an employee's personal, confidential employment information except for those alternate site sales force personnel files discussed above. (*See* 2/5/07 Letter from J. Winchester to R. Brooker).

You also seek Mr. Krajewski's files from 1988-1990. Abbott will not produce these documents because they are outside the scope of discovery ordered by the Court. Abbott has produced Mr. Krajewski's files from the relevant time period. (*See, e.g.*, ABT-DOJ 0140161-0140960, ABT-DOJ 0146985-0146990.)

## IMS Data

Pursuant to the agreement between Abbott and IMS, Abbott cannot disclose IMS data or use IMS data in a legal proceeding unless "compelled by court order." I have attached a copy of the agreement between Abbott and IMS containing the specific contract language. Should the DOJ wish to obtain IMS data, you should contact IMS and attempt to secure their agreement. Until that agreement is obtained, Abbott cannot produce any IMS data to the DOJ.

## Sales Data

Abbott has agreed to make another pull of its transaction-level sales data in order to address the concerns we have been working through with Mark Lavine. We expect to complete that production by November 15, 2007.

## Acyclovir Data and Documents

As you are aware, Abbott has filed a motion to dismiss the United States' First Amended Complaint, which motion has been fully briefed and is awaiting oral argument. As Abbott's motion makes clear, the Government's belated attempt to "intervene" in claims relating to acyclovir is improper. In light of this pending motion, Abbott does not believe that discovery relating to acyclovir is appropriate at this time.

## Privilege Log

In your letter you complain that Abbott has not included on its privilege log an entry for the redacted pages from the Contract Marketing Basic Operating Procedures Manual. This is simply not true. (*See* entry 34 on Abbott's Amended Privilege Log.) Next, you complain that Abbott has not produced the redacted pages of the Contract Marketing Basic Operating Procedures Manual. This also is not true. (*See* 8/16/07 letter from C. Geisler to R. Brooker.) Abbott is currently working to update its privilege log to include documents withheld from its

CHI-1610462v1

JONES DAY

Renee Brooker
October 11, 2007
Page 6

8/22/07 electronic production based on attorney-client or work product privilege. Abbott will endeavor to provide an updated privilege log by October 26, 2007.

**Confidentiality Designations**

Abbott will continue to abide by the protective order in place in this litigation in determining the appropriate confidentiality designations for all documents it produces. With reasonable notice, Abbott agrees to review any documents the DOJ might want to append to its filings to determine whether such documents should be filed under seal. This process has been followed with respect to certain filings already and seems to be efficient.

Sincerely,

Jason G. Winchester

Enclosures

cc:   James R. Daly
      Carol P. Geisler

CHI-1610462v1