UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| ) | |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,* ) ) ) | |
| CIVIL ACTION NO. 06-11337-PBS ) | |

**UNITED STATES' OBJECTIONS TO MAGISTRATE JUDGE BOWLER'S INTERPRETATION OF THIS COURT'S DECEMBER 18, 2007 ELECTRONIC ORDER RE DISCOVERY DEADLINE**

Pursuant to Fed R. Civ. P. 72(a) and Rule 2(b) of the Rules for United States Magistrates in the District of Massachusetts, the United States respectfully files this objection to Magistrate Judge Bowler's interpretation of this Court's December 18, 2007 Electronic Order.[1] On December 18, this Court ordered that: "The Court will give the parties until March 31, 2008 to complete all fact discovery. However, no new discovery requests shall be made after the date of this order with respect to parties or nonparties."[2] *See*, Exhibit B, Timeline of the United States'

---

[1] The standard of review by a district court of a Magistrate Judge's nondispositive discovery ruling is set forth in 28 U.S.C. § 636(b)(1)(A). Pursuant to this provision, a Magistrate Judge's discovery ruling will be set aside if it is "clearly erroneous or contrary to law." *Id*; *In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts*, 400 F.Supp.2d 386, 388 (D. Mass. 2005).

[2] This Order arose from the United States' Motion for Enlargement of Time to Complete Discovery, filed 12/04/07 (Dkt. No. 4923). In its motion, the United States had requested an additional six months to complete discovery. Abbott opposed that amount of time, but requested an additional three months, or until March 31, 2008. *See* Abbott Laboratories, Inc.'s Response to the United States' Motion for Enlargement of Time to Complete Discovery, filed 12/10/07 (Dkt No. 4936).

Discovery to Third Parties, (Timeline) at Tab 10. Prior to the issuance of the Order at 3:01 p.m. on December 18, the parties were operating under Case Management Order 29 (CMO-29) (Dkt. No. 3956), pursuant to which the deadline for fact discovery was December 31, 2007. In addition, both parties had pending requests to expand the discovery deadline by at least three months beyond December 31, 2007. *See* fn. 2, *supra*. The United States diligently sought to comply with the expedited deadline (from December 31 to December 18) within a few hours of the Court's issuance of the Order. *See* Exhibit F (Abbott's Responses to the United States' Second Set of Requests for Admissions, Fifth Requests for Production of Documents, and Third Set of Interrogatories).[3] The United States, Relator Ven-A-Care, and Abbott Laboratories, Inc. (Abbott) all reacted to this Order by serving – formally or informally – or requesting, limited additional discovery upon the parties or third parties, or reserving their rights to take additional discovery, on the evening of December 18 after the Court's Order was issued at 3:01 p.m. *See* Exhibit B, Tab 8; Exhibit C (U.S. deposition request), Exhibit D (Abbott draft subpoenas for state witnesses), Exhibit E (Ven-A-Care's First Set of Interrogatories to Abbott), Exhibit F (U.S. written discovery to Abbott).

The United States believes that all three parties in good faith interpreted literally this Court's December 18 Order that no new discovery requests shall be made *after the date of this order* with respect to *parties or nonparties*. Nonetheless, Abbott since has taken the position that the United States' written discovery requests served upon Abbott (Exhibit F), and the Rule 45

---

[3]In order to reduce paper, the United States included as Exhibit F with this filing, only Abbott's responses to the United States' written discovery, which encompass the United States' requests.

2

subpoenas, informally served on third parties, on or before December 18 were untimely. *See* Exhibit B, Timeline. Magistrate Judge Bowler agreed.

> THE COURT: All right. A couple of (unintelligible) at the order, and I believe that Judge Saris was clear that she wanted no new discovery requests from the moment she issued that order. So, as far as I'm concerned, December 18th, at 3:01 controls, and requests to mean items served. If it wasn't served before that date, it doesn't go forward. It applies to any 30(b)(6) depositions and any written discovery.

Exhibit A, 1/31/08 Hrg. Tr. at 39-40.

Magistrate Judge Bowler further ruled that even the United States' Rule 45 subpoenas that were informally served *on or before* 3:01 p.m. on December 18 were in violation of this Court's December 18 Electronic Order because they were not served formally (i.e., by a process server) before 3:01 p.m. Exhibit A, 1/31/08 Hrg. Tr. at 40-44; *see also*, CMO 29, ¶ 14 (Dkt. No. 3956). The United States seeks relief from Magistrate Judge Bowler's interpretation of this Court's December 18 Electronic Order for at least the following reasons:

- The United States, which has been diligent in pursuing discovery in this case, is unfairly prejudiced by Magistrate Judge Bowler's interpretation of this Order;

- All of the United States' discovery requests served on or before December 18, are well within the numerical limitations set forth in CMO-29, ¶2 (Dkt. No. 3956);

- None of the third party discovery at issue is new; the United States sought to depose the same third parties that previously produced documents (Exhibit B, Timeline);

- The third parties have been on notice for almost a year that the United States intended to take this discovery, and the only reason for the delay was the six months of litigating Abbott's motions to quash subpoenas (Exhibit B, Timeline);
- For third party discovery informally served *before* December 18 at 3:01 p.m., the United States was not untimely given the original December 31, 2007 discovery deadline, and the informal service was in accordance with the practice that has been followed by all parties as a courtesy to the third parties (Exhibit B, Timeline);
- For third party discovery informally served on December 18 *after* 3:01 p.m., the United States was not untimely given the original December 31, 2007 discovery deadline and the express language of the December 18 Order;
- For written discovery served on Abbott on December 18 after 3:01 p.m., there is no prejudice to Abbott by requiring it to respond to this discovery, and it is within the numerical limitations of CMO-29, ¶2 (Dkt. No. 3956); yet the United States is prejudiced by Abbott's non-response.

There are two separate categories of the United States' discovery, which it respectfully requests this Court to address.

1. **The United States' Written Discovery Served on Abbott on December 18, 2007 after the 3:01 p.m. Order was Issued**

On December 18, 2007, after this Court's December 18 Electronic Order was issued, the United States served three sets of written discovery: (1) Fifth Requests for Production of Documents, (2) Third Set of Requests for Admissions, and (3) Third Set of Interrogatories. *See*

4

Exhibit F. All of these sets of discovery are within the numerical limitations imposed by CMO-29, ¶2 (Dkt. No. 3956). The United States had not served this discovery prior to December 18 because Abbott's document production was incomplete. *See* United States' Memo in Support of its Motion for Enlargement of Time to Complete Discovery, filed 12/04/07 (Dkt. No. 4924) at 2-6, 13-14. The United States was awaiting production in order to review Abbott's documents and formulate its final sets of written discovery based upon that review. Without rehashing the United States' Motion for An Extension of Time to Complete Discovery (Dkt. No. 4923), the United States pointed out in the memorandum to the motion that it was awaiting a substantial amount of additional discovery from Abbott and a decision on its Third Motion to Compel Abbott to Produce Documents, filed on October 15, 2007 (Dkt. No. 4800). *See* United States' Memo in Support of its Motion for Enlargement of Time to Complete Discovery, filed 12/04/07 (Dkt. No. 4924) at 13-14. Thus, the delay in serving additional written discovery (and completing deposition discovery) was occasioned by Abbott's delay in producing relevant discovery.

It also appeared from the filings on the extension of the discovery deadline that the parties agreed that at least an additional three months of discovery was necessary for both sides. *See* fn. 2, *supra*. At the time the United States served the written discovery requests, Abbott had an additional three months to respond; thus, there is no prejudice to Abbott in responding. While the Court's Order ending discovery on December 18 was not anticipated, the United States believes the parties worked diligently to serve final discovery requests within the parameters of

CMO-29 by the end of that day.[4] On January 18, 2008, Abbott responded to the United States' three sets of written discovery by objecting on timeliness grounds. *See* Exhibit F.

The United States will be prejudiced if the Court disallows this discovery, and Abbott will not harmed by an Order from this Court requiring it to respond. For these reasons, the United States respectfully requests that this Court order Abbott to respond to the United States' written discovery served on December 18, 2007 within ten (10) days of an order.

### 2. The United States' Third Party Subpoenas Served Informally on or before December 18, 2007

As early as March 30, 2007, the United States began issuing Rule 45 subpoenas to Abbott's customers, industry trade groups, and other third parties. *See* Exhibit B, Tab 1. Abbott, TAP, and Hospira filed motions to quash the United States' third party subpoenas. *See* Exhibit B (Timeline). After months of litigating these issues, this Court issued on September 11, 2007, an Order permitting third party discovery and denying the motions to quash. *See* Exhibit B (Timeline). The United States promptly sent letters on September 18, 2007, to the third parties requesting that they resume production. *See* Exhibit B (Timeline), Tab 2. At all times, the United States timely and diligently pursued third party discovery, and the nearly six month lag is

---

[4] The events of December 18 suggest that both Abbott Laboratories and Relator Ven-A-Care interpreted the December 18 Electronic Order in the same manner as the United States. While two Motions to Strike the United States' Supplemental Rule 26(a)(1) disclosures were pending at that time (Dkt Nos. 4915, 4955), on December 18, after 3:01 p.m., Abbott provided the United States copies of draft subpoenas for 23 former and current state Medicaid witnesses, believing it should reserve its rights to depose these witnesses. Exhibit D, 12/18/08 Letter to R. Brooker & J. Breen from R.C. Cook ("Nonetheless, we believe it prudent to advise you of our intention to depose these witnesses should the Court not grant Abbott's motion to strike."). Subsequently, on December 20, this Court issued Electronic Orders allowing Abbott to depose these witnesses, so this is not now an issue. Similarly, Relator Ven-A-Care served written discovery on Abbott after 3:01 p.m. on December 18. Exhibit E (Relator's First Set of Interrogatories).

not attributable to any delay by the United States. As has been the practice in this case, consistent with CMO-29, ¶14, which requires deposition coordination among the parties, the United States allowed third parties the opportunity to accept informal service. In late September to early October, the United States began to receive and review on a rolling basis, the third party document productions. *See* Exhibit B (Timeline). In order to make the depositions most efficient and lessen the burden to the third parties, the United States proceeded with document review before issuing subpoenas for depositions to these same third parties.

Beginning in early December, on a rolling basis and consistent with prior practice, the United States began to serve courtesy copies of Rule 45 subpoenas for depositions on third parties as document productions were reviewed.[5] *See* Exhibit B (Timeline), Tabs 4 and 5. Depositions were to be coordinated with all parties in the case under CMO-29, ¶14. For all subpoenas that were not yet served at the time this Court issued its December 18 Electronic Order at 3:01 p.m., the United States sent informal courtesy copies to those counsel of record with whom the United States had dealt previously in this manner during the service of the Rule 45 document subpoenas. *See* Exhibit B (Timeline), Tab 8.

---

[5]Courtesy copies were provided to four third parties: Gerimed, MHA, ASCO and PhRMA. *See* Exhibit B (Timeline), Tabs 4 and 5. GeriMed and MHA agreed to waive formal service. *See* Exhibit B (Timeline). The GeriMed deposition was held on January 23, 2008. The MHA deposition was scheduled and noticed for February 13-14, 2008. *See* Exhibit B (Timeline). On December 14, 2007, third party subpoenas for depositions were sent to ASCO and PhRMA counsel, asking that they waive formal service. *See* Exhibit B (Timeline), Tab 5. ASCO counsel was in the process of checking with her client when this Court's December 18 Electronic Order was issued. *See* Exhibit B (Timeline), Tab 6. In the case of PhRMA, it opted not to waive formal service and the subpoena was sent to a process server on December 18 prior to the issuance of the 3:01 p.m. Electronic Order. *See* Exhibit B (Timeline), Tab 7. Magistrate Judge Bowler has said that none of these depositions can proceed because it would "clearly fly in the face of [this Court's] order." Exhibit A, 1/31/08 Hrg. Tr. at 44.

In short, all subpoenas for depositions of the third parties that produced documents were requested on or before December 18, and no new discovery requests were made *after the date of the December 18 order* with respect to *nonparties*. In fact, none of this third party discovery was "new" because it was ongoing. Were it not for the six months of litigation in order to enforce these subpoenas, the United States would not have had to suffer this delay in third party discovery. The United States has spent a considerable amount of time pursuing this discovery, has coordinated and cooperated with the parties and non-parties, and has been extraordinarily diligent. The United States is prejudiced unfairly by the inability to depose Abbott's customers and other third parties on these documents.

On the other hand, there is no prejudice to Abbott or the third parties. Abbott will suffer no prejudice by the United States' ability to proceed with depositions of the third parties. The third parties have been on notice for almost a year of the United States' intent to seek discovery. There is no new discovery sought by these depositions; this is wrap-up discovery on the earlier document productions. In addition, trial time may be reduced if the United States can obtain deposition testimony in lieu of trial testimony from these third parties, which are likely to be called at trial. For these reasons, the United States requests that this Court overrule Magistrate Judge Bowler's interpretation of this Court's December 18 Electronic Order, and allow the United States to proceed with the Rule 45 subpoenas of the third parties, including the three third parties that were served courtesy copies of the subpoenas on or before December 18 at 3:01 p.m. *See* footnote 5 above.

## CONCLUSION

The United States requests that the Court vacate Magistrate Judge Bowler's ruling interpreting this Court's December 18, 2007 Electronic Order, and order that (1) within ten days, Abbott shall respond to all written discovery propounded by the United States and Relator Ven-A-Care on December 18, 2007, and (2) within ten days, all third parties shall respond to the United States' subpoenas served informally on or before December 18, and offer dates for depositions during the month of March 2008.

Respectfully submitted,

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | JEFFREY S. BUCHOLTZ<br>ACTING ASSISTANT ATTORNEY GENERAL |

/s/ George B. Henderson, II
George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
(617) 748-3398
(617) 748-3272

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

/s/ Renée Brooker
Joyce R. Branda
Daniel R. Anderson
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Rebecca A. Ford
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 307-1088

Dated: February 14, 2008

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above "**UNITED STATES' OBJECTIONS TO MAGISTRATE JUDGE BOWLER'S INTERPRETATION OF THIS COURT'S DECEMBER 18, 2007 ELECTRONIC ORDER RE DISCOVERY DEADLINE** " to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: February 14, 2008

/s/ Renée Brooker
Renée Brooker