# EXHIBIT A, PART 1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS


CONSUME, ET AL,                        )
                    Plaintiffs,)
                                       )
-V-                                    )   CIVIL DOCKET NO.
                                       )   01-12257-PBS
ABBOTT LABORATORIES, ET AL,            )
                                       )
                    Defendants.)


MOTION HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE


January 31, 2008

Boston, Massachusetts


APPEARANCES ON PAGE 2

Proceedings recorded by electronic sound recording,
transcript produced by Apex Reporting.

2

APPEARANCES:

<u>For the United States:</u>

       RENEE BROOKER, ESQ.
       GEJAA GOBENA, ESQ.
       JUSTIN DRAYCOTT, ESQ.
       U.S. Department of Justice
       604 D Street, NW
       Patrick Henry Building, Room 9028
       Washington, DC  20004

<u>For the Defendants:</u>

       JASON WINCHESTER, ESQ.
       JAMES DALY, ESQ.
       Jones Day
       77 West Wacker Drive
       Chicago, IL  60601

<u>For the Intervenor:</u>

       JAMES BREEN, ESQ.
       The Breen Law Firm, PA
       3562  Old Milton Parkway
       Alpharetta, GA  30005

3

1                        P R O C E E D I N G S

2                                              (11:01 a.m.)

3          THE CLERK:  United States District Court for the

4  District of Massachusetts is now session, the Honorable

5  Marianne B. Bowler presiding.  Today is January 31st, 2008.

6  The case of Citizens for Consume, et al, versus Abbott

7  Laboratories, Inc., et al., Civil Action No. 01-12257, will

8  now be heard.

9          Would Counsel please identify themselves for the

10  record.

11          MS. BROOKER:  Renee Brooker, on behalf of the

12  United States.  Good morning, your Honor.

13          THE COURT:  Thank your.

14          MR. BREEN:  James Breen, on behalf of Ven-A-Care

15  of the Florida keys, the Relator.  Good morning, your Honor.

16          THE COURT:  Thank you.

17          MR. DALY:  Good morning, your Honor, Jim Daly on

18  behalf of Abbott Laboratories.

19          MR. WINCHESTER:  Good morning, Judge, Jason

20  Winchester for Abbott Laboratories.

21          THE COURT:  Thank you very much.

22          All right.  Well, I think we've pared this down to

23  some degree.  And the way I see it, is the motions that I

24  intend to deal with this morning, 4799, 4984, 4692, 4774,

25  4781, 4790, 4892, 4901, in the first grouping.

4

1          Now, there are motions mentioned in the status
2   report, which is my understanding to the Clerk, are no
3   longer being pressed:  4711 and 4878.
4          MS. BROOKER:  Your Honor, with respect to those
5   two, we had included them -- Mr. Daly and I worked to try
6   and create this list of what was really still outstanding,
7   and there are two motions, the two docket numbers you just
8   identified.
9          The one, which is Docket No. 4878, seems clearly
10  to be before Judge Saris.  It's the United States' motion to
11  leave for file its first amended complaint.
12         THE COURT:  Right.
13         MS. BROOKER:  So, we didn't want to be
14  presumptuous.  We put it on there in case.
15         The other one is 4711.  That's Abbott's motion for
16  a preservation order and, at least the United States
17  believes that it may be before Judge Saris for three
18  reasons.
19         When we filed it, Judge Saris asked for a courtesy
20  copy.  During the motion to dismiss hearing, she referred to
21  it.
22         It had been clear that she had read it and made
23  some sort of general comments about it.  In fact, we thought
24  that maybe she would have ruled upon it shortly after that.
25  But we haven't heard from her on that.

5

1          And, also, Judge Saris usually decides the CMOs

2   and the preservations orders.

3          So for those reasons, again, we didn't want to be

4   presumptuous either way.  We just believe it's before Judge

5   Saris.  We thought you would want to make that

6   determination.

7          THE COURT:  Are you in agreement?

8          MR. BREEN:  Judge, with respect to the latter one,

9   the one I'm calling the spoliation motion, I'm not sure

10   where it is.

11          This, what counsel is referring to all happened

12   before Judge Saris referred everything to you.

13          We're happy to make the presentation to you if you

14   felt it was more of a Judge Saris issue, fine.  But we've

15   heard nothing on that and she did, I think, refer everything

16   to you.

17          THE COURT:  Okay.  Let's see where we are at the

18   end and then, if we have time.  Maybe at the break, we can

19   even contact her clerk.

20          MS. BROOKER:  Your Honor, before we begin, I

21   wonder if I could address the Court on one brief matter,

22   first.

23          THE COURT:  Sure.

24          MS. BROOKER:  Thank you.

25          As you know, on January 10th, Judge Saris referred

6

1   to the Court the parties' joint request for a status

2   conference.

3           And the reason that we had put that before Judge

4   Saris is because there are a number of Judge Saris rulings

5   that we needed some guidance on.

6           However, Judge Saris very clearly has referred

7   that to you.

8           Now, we realize there are a lot of issues on

9   there, and so we're not going to try to address all of them

10  today.  And, actually, some of them, I believe, we have

11  worked out in the interim.

12          However, there is one significant pending issue

13  that we would like to first address this morning, if your

14  Honor would not mind, and I could proceed.

15          THE COURT:  By agreement?

16          MS. BROOKER:  Yes, I think so, your Honor.

17          MR. WINCHESTER:  Yes, your Honor.

18          THE COURT:  Mr. Daly?

19          MR. DALY:  Yes.

20          MS. BROOKER:  Okay.  Then I will proceed, your

21  Honor.

22          May I pass up a binder?  I have some materials

23  that I think would be helpful.

24          THE COURT:  Sure, certainly.

25          MS. BROOKER:  I've put together for today's

7

1    hearing, just some materials, I'll refer to them by tab

2    numbers.  They mostly contain correspondence among the

3    parties that have occurred after the filings of all these

4    motions, and a few orders is why though it would be easier

5    to go through.

6            So, to start off with the issue that the parties

7    need resolving, your Honor, it's an important issue; we need

8    it resolved because it has, in effect, in some significant

9    way, stopped significant areas of discovery from moving

10   forward.

11           The only way to get this issue otherwise before

12   you is in another series of motions.  And I really think we

13   could possibly get a ruling from you, if not today, after

14   hearing this argument, that would effectively stop that.

15           THE COURT:  This is a ruling absent of motion?

16           MS. BROOKER:  That's right.  That's right, this is

17   a ruling absent of motion, but it is based on -- if you

18   would turn to tab 3 of the binder--

19           THE COURT:  Mr. Daly, do you have a copy of the

20   binder?

21           MR. DALY:  I do not, your Honor.

22           MR. WINCHESTER:  Yes, I have, Judge, yes.

23           MS. BROOKER:  And the dispute surrounds what is

24   the first electronic -- there are three electronic orders

25   from Judge Saris, each one a sentence in length.  But it has

8

1   created quite a bit of controversy that we'd like to lay out

2   for you.

3          And, specifically, on December 18th, the United

4   States, leading up to this order, had filed a motion to

5   enlarge the discovery period.

6          Abbott Laboratories opposed that.  However, in

7   their opposition they, too, requested additional time.

8          Ultimately, Judge Saris granted an additional

9   three months; not as much time as the United States had

10  sought.

11         This is the electronic order.  And, specifically,

12  what Judge Saris said is, "The Court will give the parties

13  until March 31, 2008, to complete all-fact discovery.

14  However, no new discovery requests shall be made after the

15  date of this order with respect to parties or non-parties."

16         And I'm going to focus on that and come back to

17  that in one second.

18         But her two immediate follow-on orders also are

19  part of this whole package.

20         On December 20th, Judge Saris then issued two

21  orders pretty much right in a row.  Those orders were

22  denying Abbott's motion to strike the United States' two

23  additional supplemental disclosures, which primarily

24  contained additional names of state Medicaid witnesses and

25  some other Medicare carriers.  Judge Saris denied both of

9

1  those.

2         In the second order, which is also behind tab 3,

3  on the third page, Judge Saris added, "However, Abbott may

4  depose these witnesses.  No further supplementation will be

5  allowed."

6         So, again, we're focusing on those three orders.

7  There are three areas of, I would say, of controversy and

8  they relate to the United States' service of discovery on or

9  before December 18th, the date of Judge Saris' order.

10        The second would be the United States' service,

11 however, informal service -- and I can explain what I mean

12 by that because I think that's what is at issue here --

13 United States' informal service on certain third parties,

14 either before or on December 18th, the date Judge Saris

15 issued her order.

16        And the third would be Abbott Laboratories'

17 seeking of state Medicaid witnesses, some of which are not

18 an issue because they were in the United States'

19 supplementations, and they were -- and that would be the

20 reason but, in addition, Abbott has also attempted subpoena

21 documents and state Medicaid employees for the first time

22 after the date of the December 18th Order.

23        So, if I could just briefly go through those

24 three, I think the first issue that I would point you to --

25 let me just go to my binder here because I think it's

10

1   helpful to the Court.

2           I have created a time line behind tab No. 2 of the

3   orders that came out and what -- how the parties reacted to

4   that order.

5           On December 18th, when the order was issued by

6   Judge Saris, the United States in believing it was complying

7   diligently with that order, served its final sets of

8   discovery responses on Abbott Laboratories -- and, again,

9   I'm just focusing on our service of discovery on Abbott --

10  we served additional requests for production of documents,

11  we served additional interrogatories, and we served

12  additional requests for admission.

13          All of them, there is no dispute, are within the

14  numerical limitations set out by the CMO.

15          And, again, we believe that fully complies with

16  the order which said "No new discovery requests shall be

17  made after December 18th."

18          In addition, on that same date, Abbott, itself,

19  sent a letter, which I also have here in the binder behind

20  tab No. 4, Jones Day sent a letter to the United States

21  reserving its rights to depose 32 additional state Medicaid

22  witnesses in the event that its motion was not ruled upon,

23  which subsequently was on December 20th, as well, Ven-A-Care

24  served some additional written discovery requests.

25          In addition, the United States had -- and we're

11

1  going to get to this as a motion we're going to argue later

2  -- the United States had a series of pending deposition

3  requests prior to December 18th that it had to follow up on.

4        Now, Abbott has taken the position that with

5  respect to all discovery served by the United States on

6  Abbott after 3:01 p.m., the date of Judge Saris' -- the

7  exact time of Judge Saris' Order, is out of time.

8        And the United States doesn't understand that

9  position at all, because we are reading the exact language.

10 We're not interpreting Judge Saris' order.

11       Her exact order was, "December 18th, no new

12 discovery requests shall be served."

13       The parties were all surprised by the December

14 18th deadline.  It was set the very same day that the Judge

15 issued the order, so there was no time.

16       And I will also add that the reason why the United

17 States hadn't yet served some of that discovery, because we

18 had a pending motion for enlargement of time, we had these

19 outstanding motions to compel documents and depositions of

20 Abbott, and we were waiting for those depositions and

21 documents to serve our additional written discovery.

22       But, in the meantime, Judge Saris set down a date,

23 we complied, we immediately reacted as did Abbott

24 Laboratories, and as did Ven-A-Care.

25       So that is issue number one, your Honor.  We

1   really need direction from the Court because Abbott's time

2   to respond to the written discovery has occurred.  Abbott

3   has responded by not responding and objecting to the

4   timeliness.

5          So, now, we have another two months left to

6   discovery; no responses to the United States' discovery

7   served on December 18th, and the time is ticking.

8          So, rather than file a series of motions on that,

9   we would like and order.

10          And, obviously, we're requesting an order from the

11   Court that anything served -- excuse me -- anything

12   requested on or before December 18th is legitimate discovery

13   that every party has to respond to.

14          The second issue, your Honor, is with respect to

15   third parties and a few moments before the hearing began, I

16   heard that counsel for some of the third parties may have

17   appeared here today and you may want to address them at some

18   point.

19          But the third party--

20          THE COURT:  Do we have counsel for the third

21   parties here that want to heard?

22          MR. CRANE:  Yes, your Honor, Thomas Crane from

23   Mintz Levin, representing Quorum.

24          MR. GAGION:  Your Honor, Leo Gagion from Dewey &

25   LeBoeuf, I represent Omnicare.

1          MS. BROOKER:  Your Honor, behind tab No. 6, and

2     I'm not going to go over it in great detail, although you

3     may have questions about it, I have tried to set forth just

4     a factual time line of what occurred with respect to the

5     third party discovery.

6          But, in summary form, what I can say is that as

7     your Honor knows, back in March of 2007, the United States

8     served subpoenas for third party discovery, specifically

9     document discovery, early on in the litigation.

10          That was opposed by Abbott.  It was litigated here

11     before your Honor.  It was litigated before Judge Saris.

12          It took a long time to get that issue resolved and

13     it wasn't until early-to-mid September where Judge Saris

14     ordered, basically, the third parties to produce and that we

15     started to get in the rolling production.

16          It took us that amount of time to receive the

17     production; to review the production; to determine witnesses

18     and which ones we wanted to depose.

19          So, in early December, our first opportunity, we

20     began to notice subpoenas for depositions of third parties.

21          Again, these are not document subpoenas; these are

22     primarily deposition subpoenas because presumably, the third

23     parties already produced the documents.

24          I would point out to the Court that, obviously,

25     the third parties have been on notice for a very long time

14

1  of the Government's intent to seek discovery, and the fact

2  that some of these -- what ended up occurring, your Honor,

3  is there are actually some of these subpoenas for

4  depositions that were served before December 18th, but they

5  -- obviously, you know, it's a lot dealing with the third

6  parties.

7          We first send them an email under our CMO, or a

8  letter asking if they will accept informal service, we have

9  to wait till they get back to us, we try and work it out.

10          A couple parties have, in the past, requested

11  formal service, but the vast majority of them said, "We will

12  accept informal service."  We expect that that might be the

13  case again.

14          In the process of us doing this, Judge Saris,

15  again, her December 18th order took the parties a little bit

16  by surprise.  It required reacting within a few hours.

17          So, for any deposition subpoenas, we had not yet

18  notified or served the third parties of -- on that date.

19          Within a couple of hours after Judge Saris' 3:01

20  p.m. order, one of the attorneys in our office, Rebecca

21  Ford, who is responsible for all the third party discovery,

22  sent emails or letters in the same way that she had

23  communicated with these third parties about documents,

24  asking them -- again, her lead-in always was, "Will you

25  accept informal service?  If yes--" she goes and serves the

1    subpoena.  If not, she has to get a formal process server.

2            There is a lot of detail about which ones

3    accepted; which ones didn't.

4            But, the bottom line is that all of these parties

5    were notified about their documents more than a year ago.

6    All of them were notified that we wanted to take their

7    depositions prior to, or on December 18th, the date Judge

8    Saris said was the deadline.

9            And a few third parties are complying, but I

10   believe the majority of them are objecting based on

11   timeliness.

12           There is correspondence that Abbott has provided

13   them.  I will let Abbott Counsel speak for itself, but we

14   have been hearing from the third parties that just like with

15   the first round of document subpoenas, that Abbott has been

16   informing them to object on timeliness grounds.

17           So, we bring this issue before your Honor for

18   resolution.

19           We believe whether or not it was technically,

20   formally process served, should not matter because Judge --

21   again, I'm going back to the express language of Judge

22   Saris' order, "No new discovery requests shall be made after

23   December 18th."

24           She did not say discovery had to be perfected by

25   that date.

16

1          And I will just say that the last issue has to do

2     with state Medicaid.

3          The United States has not imposed, as all, any

4     roadblocks to Abbott taking whatever state Medicaid

5     depositions it wants, or whatever documents.

6          In fact, Abbott has done little to -- pretty much

7     no -- I think I can actually say they've done no state

8     Medicaid depositions up until -- or taken any of that

9     discovery -- excuse me -- up until Judge Saris denied their

10    request to strike our supplementation.

11         And that was a strategy call on their part.  The

12    United States doesn't question that.

13         But, at this point, Abbott is now after December

14    18th subpoenaing documents and depositions of third parties.

15         On December 19th and later, even though those, in

16    some instances -- certainly not all, but in some instances

17    -- those states never appeared on the United States'

18    disclosures, initial disclosures or supplemental

19    disclosures.  Those would appear to be out of time.

20         However, having said that, it looks to me as if

21    this is an issue for both sides.

22         There is absolutely -- we have two more months

23    left to discovery.  There is no prejudice to United States

24    taking the discovery.

25         It needs to take, we believe, Abbott should

1  absolutely take the discovery it intends to take.  However,

2  it can't play both sides of the fence.  And that is exactly

3  what it's doing here, and it's even going beyond the

4  December 18th cutoff in serving new discovery.

5          I know that I've heard from some of the states who

6  have called me about it.  I have told them we are not trying

7  to obstruct Abbott's discovery.

8          We are going -- I told them all we are going

9  before Judge Bowler to raise this issue, and I know that

10  some of them, in the absence of a ruling from the Court,

11  indicated that they may be objecting on timeliness grounds

12  where there was not a United States supplemental disclosure.

13  And, obviously, I have no control over the states.

14          But, your Honor, I would just say that is the full

15  breadth of the issue that's before the Court.

16          THE COURT:  All right, I'll hear you.

17          MR. WINCHESTER:  Thank you, Judge.

18          I'll try to take these in the order that

19  Ms. Brooker had covered them and I think, generally, the

20  issues are there.

21          When it's described as being a surprise, however,

22  the parties were surprised by Judge Saris' order, I tell

23  you, we certainly weren't.

24          There was briefing at the end of last year having

25  to do with whether there should be an extension of the

1  original fact discovery cutoff that was December 31st.

2          Both sides agreed that there should be an

3  extension, but we took two very different positions as to

4  what that extension should be.

5          The Government argued for a six-month,

6  unrestricted extension saying six months of extra fact

7  discovery, we can continue serving discovery.

8          We argued we need more time given what is already

9  out there.  We have a lot of things we can still do.  Give

10  us three months, but no new discovery because there's plenty

11  that's already out there.  We need time; three months should

12  give us the time to finish up what's already there, but cut

13  it off; no new discovery.

14          On the 18th of December, Judge Saris chose door

15  No. 2.  She said, "You have three more months to finish up

16  discovery, but nothing new."

17          She entered that order at 3 o'clock in the

18  afternoon, as counsel said, and the order is very clear:

19  "No new discovery request shall be made after the date of

20  this order with respect to parties or non-parties."

21          Now, effectively, the Department of Justice viewed

22  that and Ven-A-Care viewed that as sort of like waving a red

23  blanket in front of a bull.

24          They proceeded through the course -- through the

25  evening -- nothing was served before the close of business

19

1   -- the proceeded through the evening to propound eight

2   subpoenas on third parties for deposition -- a third request

3   for interrogatories to Abbott -- this coming in at 8:30 at

4   night -- with 29 additional interrogatories.

5          Nine o'clock at night; fifth set of requests for

6   production with 20 more document requests.

7          10:21 at night, we get Ven-A-Care's first set of

8   interrogatories.

9          THE COURT:  All right, I'm going to interrupt you

10  right there and ask what made you think at this point, after

11  3:01, you could file anything new?

12         MS. BROOKER:  Your Honor, because Abbott reacted

13  in the same way that we did.  Abbott sent for 20 --

14         THE COURT:  I'm just asking you --

15         MS. BROOKER:  Yes, certainly.

16         Because, your Honor, the express -- well, first

17  let me say all of the discovery that I'm referring to --

18  let's take the written discovery and the third party

19  discovery.

20         We don't agree with the characterization that the

21  third party discovery was new.  That was a follow-up to get

22  depositions for the documents that had been produced that

23  took a long time for us to obtain and to review.

24         There was no surprise to anyone that we were going

25  to depose third parties once we got their documents.

1       We certainly did not -- and when I said,

2   "surprised," we weren't surprised that Judge Saris gave us a

3   deadline, but the deadline came on the same day as the

4   order.  That's all that I meant by the surprise.

5       And, also, I am interpreting -- I am reading the

6   expressed terms of Judge Saris' order, which is "No new

7   discovery requests shall be made."

8       And these are, "requests shall be made after the

9   date of this order."

10      So, I -- there's really no need to interpret the

11  Judge's order.  Presumably, Judge Saris gave all the parties

12  one last opportunity because in the briefs, we had indicated

13  the reason why we had not served additional written

14  discovery was because we were waiting still for many of

15  Abbott's documents.

16      We are--

17      THE COURT:  All right.

18      MS. BROOKER:  Yes.

19      MR. BREEN:  Your Honor, may I respond to the

20  question also, for Ven-A-Care?

21      My interpretation of it, and I believe is

22  consistent, obviously, with the United States, and that is

23  the discovery cut-off was not the 18th in the original

24  order.

25      So the Judge didn't say no discovery -- no new

1   discovery after the date of the discovery cut-off.  She

2   used, explicitly, the date of her order.

3           And so, I think a primary indicator that she was

4   cutting it off as of the end of that 24-hour period on the

5   date of the order.  She didn't say the time line order; she

6   said the date of the order.

7           The other thing, your Honor, is most of this

8   discovery, if not all, is practical stuff.  It's not new

9   avenues.

10          These are areas that we've already been into and

11  we're trying to finalize.

12          I'll give you an example:  One of the things we

13  sent was a letter, just putting the defendants on notice,

14  that we want to use the other depositions already taken in

15  the MDL, certain witnesses such as First Databank.

16          There is already an order saying we can't depose

17  these people unless we have new -- this is a CMO -- or

18  protective order -- unless we have new issues.

19          If they are somehow going to object to our using

20  those depositions, I might have to re-depose those

21  witnesses.

22          It's not a matter of bringing anybody new into the

23  case.  That's one practical thing.

24          The other thing is, the interrogatories that

25  Ven-A-Care served, and where one party, in terms of

22

1   interrogatories -- so they were first because they were sort

2   of unique to Ven-A-Care.

3           And that is, there is an emerging issue where

4   Abbott keeps asking us for original source information.   In

5   other words, how are you an original source?

6           We keep object by saying, "Well, point to the

7   public disclosure, because you could have a public

8   disclosure for your original source, and we'll answer the

9   question."  And they'll say no.

10          So that's an issue that -- it's not before your

11  Honor today, but that's an issue back and forth.

12          So it seems very logical at this point in the

13  case, particularly since we don't even have an answer yet,

14  for Ven-A-Care to say, "If you know the public disclosure,

15  please put it down in writing so that we can direct the

16  trial based upon that."

17          And so these are not brand new claim discoveries.

18  It's none of that.  These are witnesses that have either

19  been identified, or issues identified explicitly before the

20  deadline or, at least, by category.

21          And so, I didn't view this order as doing anything

22  other than saying, "All right, we're going to put an end on

23  it."

24          It's not the discovery cut-off, which was December

25  1st; it's December 18th.  It would have been December 1st in