# EXHIBIT B

# TIMELINE OF THE UNITED STATES' DISCOVERY TO THIRD PARTIES

| Date | Event |
|---|---|
| March 30, 2007 | United States began serving informally via Lexis/Nexis, document subpoenas to Abbott customers, industry trade groups and other third-parties (Apria, Chartwell, Coram, Florida, Infusion Services, GeriMed, LinCare, Managed Health Associates, OmniCare, OptionCare, Ultra Care) (*See* examples at Tab 1) |
| June 6, 2007 | Abbott, TAP Pharmaceutical Products, Inc. and Hospira, Inc. filed Motions to Quash the United States' third-party subpoenas (Dkt. Nos. 4292, 4293, 4294) |
| June 20, 2007 | United States filed Oppositions to Abbott's, TAP's and Hospira's Motions to Quash (Dkt. Nos. 4362, 4365) |
| July 2, 2007 | Hearing before Judge Bowler on the Motions to Quash |
| July 19, 2007 | Order from Judge Bowler (Dkt. No. 4483) |
| August 15, 2007 | United States filed Objections to Judge Bowler's July 19, 2007 third-party discovery Order (Dkt. No. 4627) |
| September 5, 2007 | Abbott filed a response to the United States' Objections to Judge Bowler's July 19, 2007 third-party discovery Order (Dkt. No. 4683) |
| September 7, 2007 | Order from Judge Saris issued on 9/11/07 regarding third-party discovery, clarifying that the United States' subpoenas were not quashed (Dkt. No. 4701) |
| September, 18, 2007 | United States' sent letters to third parties requesting that they resume production in the Abbott case and waive formal service, consistent with the July 19, 2007 and September 7, 2007 Orders (*See* examples at Tab 2) |
| September, 21 2007 | Third party subpoenas issued in the Dey and Roxane cases to same customers (all customers except Option Care and GeriMed, Inc. waived |

|  |  |
|---|---|
|  | formal service and accepted service on 9/21/07, and all third-parties except Pharmaceutical Research and Manufacturers of America (PhRMA) waived formal service and were served on September 21, 2007) (*See* examples at Tab 3) |
| December 11, 2007 | Courtesy copies of Subpoenas/Notices of Deposition were sent to GeriMed and counsel for Managed Health Care Associates (MHA) requesting that they waive formal service. Both agreed and the depositions have been held or scheduled (GeriMed held on January 23, 2008; MHA scheduled and noticed for February 13-14, 2008) (*See* Tab 4) |
| December 14, 2007 | Third party subpoenas for depositions sent to American Society of Clinical Oncology (ASCO) & PhRMA counsel, asking that they waive formal service (*See* Tab 5) |
| December 17, 2007 | ASCO counsel responded that she would check with her client and let U.S. counsel know; counsel did not respond until *after* this Court's Electronic Order of December 18, 2007, and is now objecting to the subpoena based on timeliness grounds (Tab 6) |
| December 18, 2007 | At 9:44 a.m., PhRMA counsel responded that PhRMA would not waive formal service. The subpoena was sent to a process server the same day, ***prior to*** this Court's December 18 Electronic Order (noted below) (Tab 7) |
| December 18, 2007 | At 3:01 p.m., this Court issued the following Order: *"The Court will give the parties until March 31, 2008 to complete all fact discovery. However, no new discovery requests shall be made after the date of this order with respect to parties or nonparties."* Electronic Order entered denying in part [Dkt No. 4923] Motion for Extension of Time to Complete Discovery. (Tab 10) |
| December 18, 2007 | After the issuance of this Court's December 18 Electronic Order, Deposition Notices and Subpoenas were sent to counsel of record for Apria, |

2

|  |  |
|---|---|
|  | Coram, Florida Infusion, Lincare, Omnicare, Ultra Care and NHIA, asking that each waive formal service. Coram (and potentially NHIA) had agreed in accordance with past practice to waive formal service; all other third parties (including ASCO and PhRMA who were given the subpoenas and asked to waive service on December 14, 2007) objected on timeliness grounds (*See* examples at Tab 8) |
| December 19, 2007 | Subpoenas were formally served on PhRMA and Option Care by a process server (Tab 9) |
| January 31, 2008 | Magistrate Judge Bowler ruled at the hearing:<br>    THE COURT: All right. A couple of (unintelligible) at the order, and I believe that Judge Saris was clear that she wanted no new discovery requests from the moment she issued that order. So, as far as I'm concerned, December 18th, at 3:01 controls, and requests to mean items served. If it wasn't served before that date, it doesn't go forward. It applies to any 30(b)(6) depositions and any written discovery. Exhibit A, 1/31/08 Hrg. Tr. at 39-40.<br><br>Magistrate Judge Bowler further ruled that even the United States' Rule 45 subpoenas that were informally served *on or before* 3:01 p.m. on December 18 were in violation of this Court's December 18 Electronic Order because they were not served formally (i.e., by a process server) before 3:01 p.m. Exhibit A, 1/31/08 Hrg. Tr. at 40-44. |

3