# TAB 2

**Attachments:** 9.18.07 Apria Ltr..PDF; Saris on 3d Party Discovery.PDF; 7.19.07 Bowler Order.PDF; Protective Order (US-Abbott Case).pdf; MDL PO.pdf

**From:** Ford, Rebecca (CIV)
**Sent:** Tuesday, September 18, 2007 2:42 PM
**To:** Raoul Smyth
**Cc:** Lavine, Mark (USAFLS)
**Subject:** Correspondence re: Subpoena to Apria in AWP MDL No. 1456

Dear Mr. Smyth,

Attached please find a letter and accompanying attachments being sent to you today via First Class Mail.

We look forward to speaking with you regarding the United States' subpoena to Apria.

Sincerely,

Becky Ford
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division, Fraud Section
601 D Street, N.W.
PHB - Room 9133
Washington, DC  20004
P:  (202) 514-1511
rebecca.ford@usdoj.gov



**U.S. Department of Justice**

Civil Division

JRB:DRA:RAF
DJ: 46-18-1921

Atty: Rebecca A. Ford
Tel. (202) 514-1511

*Post Office Box 261*
*Benjamin Franklin Station*
*Washington, DC 20044*

September 18, 2007

**BY ELECTRONIC & FIRST CLASS MAIL**

Mr. Raoul Smyth
Vice President and Associate General Counsel
Apria Healthcare
26220 Enterprise Court
Lake Forest, CA  92630

Re:     *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No.
1456, Civil Action No. 01-12257-PBS

Dear Mr. Smyth:

As you know, in June Abbott Laboratories, Inc. and third-parties Hospira, Inc. and TAP Pharmaceutical Products, Inc. filed Motions to Quash the United States' subpoenas to third-parties. A hearing on this matter was held before Magistrate Judge Marianne B. Bowler on July 2, 2007. On July 19, 2007, Magistrate Bowler issued an Order relating to the Motions to Quash, as well as another matter heard before her on that day. On August 15, 2007, the United States filed objections to Magistrate Bowler's Order, on the grounds that Magistrate Bowler's Order too narrowly restricted third-party discovery. Abbott responded to those objections on September 5, 2007. On September 7, 2007, Judge Patti B. Saris issued an Order ruling on the United States' objections and Abbott's response. Importantly, consistent with the United States' understanding of Magistrate Bowler's Order, Judge Saris's Order makes clear that the United States' subpoenas to third-parties are not quashed, but narrowed consistent with her Order of September 7th and the July 19th Order issued by Magistrate Bowler.

Accordingly, we request that your client now continue its production of documents responsive to the United States' subpoena, consistent with the directives contained in the September 7th and July 19th Orders (attached). We also note the direction given at page 4 of Magistrate Bowler's July 19th Order, which states that the scope and content of a request *may be tailored to the third party recipient, the nature of its business and its relationship to Abbott.*" (Emphasis added). We further note that Magistrate Bowler's Order denied Abbott's, Hospira's and TAP's Motions to Quash with respect to documents already produced "or documents to which the recipients have agreed to produce in the future notwithstanding the allegations of

2

irrelevance and confidentiality.[1]"  Accordingly, the United States requests that, consistent with the Court's Order, you continue to produce documents as agreed to during our previous discussions regarding the scope of the subpoena and your client's response.  As Magistrate Bowler stated in her Order, "[p]roduction may continue as to the latter category" ("documents to which the recipients have agreed to produce in the future notwithstanding the allegations and irrelevance and confidentiality").

Please note, if you have or will be producing any "Confidential" or "Highly Confidential" documents related to your client's business or the business of Abbott, Hospira or TAP, we ask that you review, sign and comply with the provisions of the attached Protective Orders governing the use of "Confidential" and "Highly Confidential" documents in these cases.  Please also note that in her September 7th Order, Judge Saris notified counsel in the Abbott case that, should it become necessary to file documents designated as "Confidential" or "Highly Confidential" under seal with the Court, the counsel asserting the confidentiality claim must provide "the basis for the claim in a pleading subject to the sanction of Fed. R. Civ. P. 11."

We look forward to continuing to work with you as you produce the documents and data that you have already agreed to produce on behalf of your client, as well as the production of additional documents and data called for by the narrowed subpoena.  Finally, due to the loss of nearly three months of our discovery period while the Motions to Quash were being litigated, we ask for your assistance in ensuring the timely production of the remaining documents responsive to the United States' subpoena that are in your client's possession, custody or control.

If you have any questions, please feel free to contact me [(202) 514-1511] or Assistant United States Attorney for the Southern District of Florida Mark Lavine [(305) 961-9303].

Very truly yours,

Rebecca A. Ford
Trial Attorney
Commercial Litigation Branch
Civil Division

Enclosures:
1.   September 7, 2007 Order of Judge Patti B. Saris, Dkt. No. 4701
2.   July 19, 2007 Order of Magistrate Judge Marianne B. Bowler, Dkt. No. 4483
3.   Protective Orders

Cc:   Mark A. Lavine, Assistant United States Attorney, Southern District of Florida

---

[1] "The protective order extends to documents produced 'by any third party in response to discovery requests or subpoenas . . .'"

**Attachments:** 9.18.07 Coram Ltr..PDF; Saris on 3d Party Discovery.PDF; 7.19.07 Bowler Order.PDF; Protective Order (US-Abbott Case).pdf; MDL PO.pdf

**From:** Ford, Rebecca (CIV)
**Sent:** Tuesday, September 18, 2007 2:44 PM
**To:** Dell, Michael
**Cc:** Lavine, Mark (USAFLS)
**Subject:** Correspondence re: Subpoena to Coram in AWP MDL No. 1456

Dear Mr. Dell,

Attached please find a letter and accompanying attachments being sent to you today via First Class Mail.

We look forward to speaking with you regarding the United States' subpoena to Coram.

Sincerely,

Becky Ford
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division, Fraud Section
601 D Street, N.W.
PHB - Room 9133
Washington, DC  20004
P:  (202) 514-1511
rebecca.ford@usdoj.gov



**U.S. Department of Justice**

Civil Division

JRB:DRA:RAF
DJ: 46-18-1921

Atty:  Rebecca A. Ford
Tel. (202) 514-1511

*Post Office Box 261*
*Benjamin Franklin Station*
*Washington, DC 20044*

September 18, 2007

**BY ELECTRONIC & FIRST CLASS MAIL**

Mr. Michael E. Dell
Vice President and Assistant General Counsel
Coram Specialty Infusion Services
1675 Broadway, Suite 900
Denver, CO 80202

Re:  *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No.
     1456, Civil Action No. 01-12257-PBS

Dear Mr. Dell:

As you know, in June Abbott Laboratories, Inc. and third-parties Hospira, Inc. and TAP
Pharmaceutical Products, Inc. filed Motions to Quash the United States' subpoenas to third-
parties.  A hearing on this matter was held before Magistrate Judge Marianne B. Bowler on July
2, 2007.  On July 19, 2007, Magistrate Bowler issued an Order relating to the Motions to Quash,
as well as another matter heard before her on that day.  On August 15, 2007, the United States
filed objections to Magistrate Bowler's Order, on the grounds that Magistrate Bowler's Order too
narrowly restricted third-party discovery.  Abbott responded to those objections on September 5,
2007.  On September 7, 2007, Judge Patti B. Saris issued an Order ruling on the United States'
objections and Abbott's response.  Importantly, consistent with the United States' understanding
of Magistrate Bowler's Order, Judge Saris's Order makes clear that the United States' subpoenas
to third-parties are not quashed, but narrowed consistent with her Order of September 7th and the
July 19th Order issued by Magistrate Bowler.

Accordingly, we request that your client now continue its production of documents
responsive to the United States' subpoena, consistent with the directives contained in the
September 7th and July 19th Orders (attached).  We also note the direction given at page 4 of
Magistrate Bowler's July 19th Order, which states that the scope and content of a request *may be
tailored to the third party recipient, the nature of its business and its relationship to Abbott*."
(Emphasis added).  We further note that Magistrate Bowler's Order denied Abbott's, Hospira's
and TAP's Motions to Quash with respect to documents already produced "or documents to
which the recipients have agreed to produce in the future notwithstanding the allegations of

2

irrelevance and confidentiality.[1]"   Accordingly, the United States requests that, consistent with the Court's Order, you continue to produce documents as agreed to during our previous discussions regarding the scope of the subpoena and your client's response.  As Magistrate Bowler stated in her Order, "[p]roduction may continue as to the latter category" ("documents to which the recipients have agreed to produce in the future notwithstanding the allegations and irrelevance and confidentiality").

Please note, if you have or will be producing any "Confidential" or "Highly Confidential" documents related to your client's business or the business of Abbott, Hospira or TAP, we ask that you review, sign and comply with the provisions of the attached Protective Orders governing the use of "Confidential" and "Highly Confidential" documents in these cases.  Please also note that in her September 7th Order, Judge Saris notified counsel in the Abbott case that, should it become necessary to file documents designated as "Confidential" or "Highly Confidential" under seal with the Court, the counsel asserting the confidentiality claim must provide "the basis for the claim in a pleading subject to the sanction of Fed. R. Civ. P. 11."

We look forward to continuing to work with you as you produce the documents and data that you have already agreed to produce on behalf of your client, as well as the production of additional documents and data called for by the narrowed subpoena.  Finally, due to the loss of nearly three months of our discovery period while the Motions to Quash were being litigated, we ask for your assistance in ensuring the timely production of the remaining documents responsive to the United States' subpoena that are in your client's possession, custody or control.

If you have any questions, please feel free to contact me [(202) 514-1511] or Assistant United States Attorney for the Southern District of Florida Mark Lavine [(305) 961-9303].

Very truly yours,

Rebecca A. Ford
Trial Attorney
Commercial Litigation Branch
Civil Division

Enclosures:
1.   September 7, 2007 Order of Judge Patti B. Saris, Dkt. No. 4701
2.   July 19, 2007 Order of Magistrate Judge Marianne B. Bowler, Dkt. No. 4483
3.   Protective Orders

Cc:   Mark A. Lavine, Assistant United States Attorney, Southern District of Florida

---

[1]  "The protective order extends to documents produced 'by any third party in response to discovery requests or subpoenas . . .'"