# TAB 3



**U.S. Department of Justice**

Civil Division

JRB:DRA:RAF
DJ: 46-18-1921

Atty: Rebecca A. Ford
Tel. (202) 514-1511

*Post Office Box 261
Benjamin Franklin Station
Washington, DC 20044*

September 21, 2007

**BY ELECTRONIC & FIRST CLASS MAIL**

Mr. Raoul Smyth
Vice President and Associate General Counsel
Apria Healthcare
26220 Enterprise Court
Lake Forest, CA  92630

> Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No.
>       1456, Civil Action No. 01-12257-PBS

Dear Mr. Smyth:

As you know, Apria was previously served with a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure in connection with *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories Inc.,* Civil Action No. 06-11337-PBS (hereinafter, "the Abbott subpoena"), a case that is part of the above-captioned multi-district litigation.  A letter dated March 30, 2007 accompanied that subpoena and advised that the Department of Justice anticipated issuing a similar subpoena to Apria related to two other cases that are part of the multi-district litigation (*United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS and *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corporation, et al.,* Civil Action No. 07-10248-PBS).  The purpose of that letter was to put Apria on notice to preserve all documents and data requested by the Abbott subpoena related to certain identified drugs sold by Dey, Inc., Dey L.P., Inc. and Dey L.P. (collectively the "Dey Defendants"), and by Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc. and Roxane Laboratories, Inc. (collectively the "Roxane Defendants").  The letter also notified you that if, for purposes of economy and efficiency, Apria wished to gather and produce responsive documents related to the Abbott, Dey and Roxane Defendants simultaneously, it could do so.

Third-parties who received the Abbott subpoena and accompanying cover letter have elected to respond in different ways – some searching for and producing documents related to the Abbott, Dey and Roxane Defendants simultaneously; some searching for documents related to the Abbott, Dey and Roxane Defendants simultaneously, but producing documents related to Abbott only, pending issuance of the Dey and Roxane subpoena; and still others opting to search

2

for and produce documents only related to Abbott, while preserving responsive documents related to the Dey and Roxane Defendants, pending issuance of that subpoena.

As anticipated, the United States is now issuing a subpoena to Apria in connection with the Dey (Civil Action No. 05-11084-PBS) and Roxane (Civil Action No. 07-10248-PBS) cases. We understand that Apria has agreed to waive formal service of the Dey and Roxane subpoena and to permit you to accept service of the subpoena on its behalf via Electronic or First Class Mail. If our understanding is in error, please let us know immediately.

Since the issuance of the Abbott subpoenas on March 30, 2007, the Court has provided guidance to the parties regarding the permissible scope of third-party discovery. *See* attached September 7, 2007 Order of Judge Patti B. Saris, Dkt. No. 4701. Accordingly, the Dey/Roxane subpoena that accompanies this letter differs slightly from the Abbott subpoena previously issued to Apria, to take into account the Court's guidance.

If Apria has not already done so, the attached subpoena commands it to search for and produce responsive documents related to the Dey and Roxane Defendants by the return date on the subpoena. Of course, the Department of Justice will continue to work with you in good faith to address concerns you may have about the subpoena's requests, and to attempt to alleviate any undue burden on Apria in responding to the subpoena.

Please note, if you have or will be producing any "Confidential" or "Highly Confidential" documents related to Apria's business or the business of any Defendant, we ask that you review, sign and comply with the provisions of the attached Protective Orders governing the use of "Confidential" and "Highly Confidential" documents in these cases. Please also note that in her September 7th Order, Judge Saris notified counsel in the Abbott case that, should it become necessary to file documents designated as "Confidential" or "Highly Confidential" under seal with the Court, the counsel asserting the confidentiality claim must provide "the basis for the claim in a pleading subject to the sanction of Fed. R. Civ. P. 11."

We look forward to continuing our discussions with you regarding the documents and data commanded by the Abbott, Dey and Roxane subpoenas, and Apria's continued production of documents responsive to these subpoenas. If you have any questions, please feel free to contact me [(202) 514-1511].

Very truly yours,

Rebecca A. Ford
Trial Attorney
Commercial Litigation Branch
Civil Division

3

Enclosures:
1.      Subpoena with accompanying Attachments A and B
2.      Protective Orders
3.      September 7, 2007 Order of Judge Patti B. Saris, Dkt. No. 4701
4.      July 19, 2007 Order of Magistrate Judge Marianne B. Bowler, Dkt. No. 4483


Cc:     George B. Henderson, II, Assistant United States Attorney, District of Massachusetts
        Laurie A. Oberembt, Senior Trial Counsel, Civil Division, Department of Justice
        Barbara H. Smith, Assistant United States Attorney, District of Massachusetts



**U.S. Department of Justice**

Civil Division

JRB:DRA:RAF
DJ: 46-18-1921

Atty: Rebecca A. Ford
Tel. (202) 514-1511

*Post Office Box 261*
*Benjamin Franklin Station*
*Washington, DC 20044*

September 21, 2007

**BY ELECTRONIC & FIRST CLASS MAIL**

Mr. John L. Schutte
President
GeriMed, Inc.
9505 Williamsburg Plaza, Suite 200
Louisville, KY 40222

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No.
        1456, Civil Action No. 01-12257-PBS

Dear Mr. Schutte:

As you know, GeriMed was previously served with a subpoena pursuant to Rule 45 of the
Federal Rules of Civil Procedure in connection with *United States of America, ex rel. Ven-a-*
*Care of the Florida Keys, Inc. v. Abbott Laboratories Inc.,* Civil Action No. 06-11337-PBS
(hereinafter, "the Abbott subpoena"), a case that is part of the above-captioned multi-district
litigation. A letter dated March 30, 2007 accompanied that subpoena and advised GeriMed that
the Department of Justice anticipated issuing a similar subpoena to GeriMed related to two other
cases that are part of the multi-district litigation *(United States of America, ex rel. Ven-a-Care of*
*the Florida Keys, Inc. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS and *United States of*
*America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corporation, et*
*al.,* Civil Action No. 07-10248-PBS). The purpose of that letter was to put GeriMed on notice to
preserve all documents and data requested by the Abbott subpoena related to certain identified
drugs sold by Dey, Inc., Dey L.P., Inc. and Dey L.P. (collectively the "Dey Defendants"), and by
Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim
Roxane, Inc. and Roxane Laboratories, Inc. (collectively the "Roxane Defendants"). The letter
also notified you that if, for purposes of economy and efficiency, GeriMed wished to gather and
produce responsive documents related to the Abbott, Dey and Roxane Defendants
simultaneously, it could do so.

Third-parties who received the Abbott subpoena and accompanying cover letter have
elected to respond in different ways – some searching for and producing documents related to the
Abbott, Dey and Roxane Defendants simultaneously; some searching for documents related to
the Abbott, Dey and Roxane Defendants simultaneously, but producing documents related to
Abbott only, pending issuance of the Dey and Roxane subpoena; and still others opting to search

2

for and produce documents only related to Abbott, while preserving responsive documents related to the Dey and Roxane Defendants, pending issuance of that subpoena. As anticipated, the United States is now issuing a subpoena to GeriMed in connection with the Dey (Civil Action No. 05-11084-PBS) and Roxane (Civil Action No. 07-10248-PBS) cases.

Since the issuance of the Abbott subpoenas on March 30, 2007, the Court has provided guidance to the parties regarding the permissible scope of third-party discovery. *See* attached September 7, 2007 Order of Judge Patti B. Saris, Dkt. No. 4701. Accordingly, the Dey/Roxane subpoena that accompanies this letter differs slightly from the Abbott subpoena previously issued to GeriMed, to take into account the Court's guidance.

If has not already done so, the attached subpoena commands GeriMed to search for and produce responsive documents related to the Dey and Roxane Defendants by the return date on the subpoena. Of course, the Department of Justice will continue to work with you in good faith to address concerns you may have about the subpoena's requests, and to attempt to alleviate any undue burden on GeriMed in responding to the subpoena.

Please note, if you have or will be producing any "Confidential" or "Highly Confidential" documents related to GeriMed's business or the business of any Defendant, we ask that you review, sign and comply with the provisions of the attached Protective Orders governing the use of "Confidential" and "Highly Confidential" documents in these cases. Please also note that in her September 7th Order, Judge Saris notified counsel in the Abbott case that, should it become necessary to file documents designated as "Confidential" or "Highly Confidential" under seal with the Court, the counsel asserting the confidentiality claim must provide "the basis for the claim in a pleading subject to the sanction of Fed. R. Civ. P. 11."

We look forward to continuing our discussions with you regarding the documents and data commanded by the Abbott, Dey and Roxane subpoenas, and GeriMed's continued production of documents responsive to these subpoenas. If you have any questions, please feel free to contact me [(202) 514-1511].

Very truly yours,

Rebecca A. Ford
Trial Attorney
Commercial Litigation Branch
Civil Division

Enclosures:
1.   Subpoena with accompanying Attachments A and B
2.   Protective Orders

3

3.     September 7, 2007 Order of Judge Patti B. Saris, Dkt. No. 4701

4.     July 19, 2007 Order of Magistrate Judge Marianne B. Bowler, Dkt. No. 4483


Cc:    George B. Henderson, II, Assistant United States Attorney, District of Massachusetts
Laurie A. Oberembt, Senior Trial Counsel, Civil Division, Department of Justice
Barbara H. Smith, Assistant United States Attorney, District of Massachusetts

## SUBJECT DRUGS SOLD BY DEY, INC., DEY L.P., INC. AND DEY L.P. (COLLECTIVELY THE "DEY DEFENDANTS")

Albuterol Inhalation Aerosol Metered-Dose Inhaler

Albuterol Inhalation Aerosol MDI Refill

Albuterol Sulfate Inhalation Solution .5%

Albuterol Sulfate .5% (Sterile)

Albuterol Sulfate Unit Dose, 0.083% Inhalation Solution

Cromolyn Sodium Inhalation Solution

Ipratropium Bromide Inhalation Solution .02%

## SUBJECT DRUGS SOLD BY BOEHRINGER INGELHEIM CORP., BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., BOEHRINGER INGELHEIM ROXANE, INC., AND ROXANE LABORATORIES, INC. (COLLECTIVELY THE "ROXANE DEFENDANTS")

Azathioprine

Diclofenac Solution

Furosemide

Hydromorphone

Ipatropium Bromide

Oramorph SR

Roxanol

Roxicodone

Sodium Polystyrene Sulfonate

## PROOF OF SERVICE

| Date<br>SERVED  9/21/07 | Place<br>Via electronic and First Class Mail |
|---|---|
| SERVED ON  (Print Name)<br>Raoul Smyth | MANNER OF SERVICE<br>Electronic and First Class Mail, by agreement |
| SERVED BY  (Print Name)<br>Rebecca A. Ford | TITLE<br>Trial Attorney, U.S. Department of Justice |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___9/21/07___
           Date

Signature of Server _Rebecca A. Ford_

Address of Server
601 D Street, N.W., Washington, DC  20004

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SUBPOENA EXHIBIT A:  DEFINITIONS, INSTRUCTIONS & REQUESTS

### 1.  DEFINITIONS

As used in Subpoena Exhibits A and B, the following terms include the meanings set forth below:

A.  The term "Defendant" refers to Dey, Inc., Dey L.P., Inc. and/or Dey L.P. (collectively the "Dey Defendants"), and/or Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc. and/or Roxane Laboratories, Inc. (collectively the "Roxane Defendants") and any of their predecessors, successors, parents, subsidiaries, offices (including, but not limited to, local, regional, national, executive and/or foreign offices), affiliates, divisions, business units and branches thereof, and any present or former officers, directors, employees or agents.  The term "Defendant" also includes all attorneys, accountants, advisors and all other persons or entities acting or purporting to act on a Defendant's behalf.

B.  The term "you", "your" or "the Company" mean Apria and its predecessors, officers, directors, employees, agents, attorneys, affiliates or any person or entity acting on Apria's behalf.

C.  The term "entity" means an individual, corporation, partnership, proprietorship, professional corporation, association, group, governmental agency or agent, municipal corporation, state government, local government, political subdivision or any other legal entity of any kind, whether for profit or not for profit.

D.  The term "document" includes, without limitation, the originals of all writings of every kind, including, but not limited to, letters, e-mails, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents.  The term "document" further includes data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings and reproductions or film impressions of any of the aforementioned items.  The term "document" also includes altered documents, copies of all documents which are not identical duplicates of the originals and copies of documents if the originals of documents are not in the possession, custody or control of you, your officers, directors, employees, attorneys or agents.  Altered documents include, without limitation, any modification, censorship, redaction, addition to or change which obscures, removes, amends, changes or obliterates any part of the original language, information or meaning.

E.  The term "communication" means any act, action, oral speech, written correspondence, contact, expression of words, thoughts or ideas, or transmission or exchange of data or other information to another person or entity, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile or any other process, whether it be

1

by electronic means or otherwise. All such communications in writing should include, without limitation, printed, typed, handwritten, electronic or other readable documents.

F. "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on, whether legally, factually or otherwise.

G. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of this request.

H. "Subject Drugs" means the drugs listed in Exhibit B to this Subpoena.

I. The term "List Price" means any price contained in a catalog published or disseminated by a Defendant.

J. "AWP" means average wholesale price.

K. "WAC" means wholesale acquisition cost.

L. "Published Price" means any price published, disseminated or offered in any form by Medical Economics, Inc., Hearst Corporation, First DataBank, Inc. or Medispan, Inc., including any prices published in the Drug Topics Red Book, First DataBank's Blue Book, First DataBank's National Drug Data File or the Hospital Formulary Pricing Guide.

M. "Third-party Payor" means Medicare, Medicaid and/or any private insurance company or plan.

N. "Customer" means any company, organization or entity to which you sell drugs that thereafter are actually or potentially reimbursed by any Third-party Payor.

O. "Member" means any company, organization or entity for whom you negotiate pharmaceutical contracts, pricing or other terms of agreement with manufacturers for the purchase of drugs that thereafter are actually or potentially reimbursed by any Third-party Payor.

P. The term "Spread" refers to the difference between the actual acquisition cost or purchase price of a pharmaceutical (paid by purchasers of the pharmaceuticals) and the price or cost set, published or arranged by the manufacturer (*e.g.*, List Price) or the reimbursement rate paid by Third-party Payors (*e.g.*, AWP) (to purchasers of the pharmaceuticals). Thus, the Spread is the gross profit actually or potentially realized by the purchasers of the pharmaceuticals.

## 2.   INSTRUCTIONS

A. Unless otherwise stated, the time period covered by this request and for which you must provide all responsive documents is the time period at issue in the respective Dey and Roxane Complaints. That time period as it relates to the Dey Defendants extends from 1991 to present. The time period as it relates to the Roxane Defendants extends from 1995 to present.

2

B.   All responsive documents should be produced in the form in which you maintain them in the usual course of your business.

C.   All responsive documents should be produced in the order in which you maintain them in the usual course of your business, or organized and labeled to correspond with the categories of this request.

D.   You should produce a duplicate original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

E.   Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these requests or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.  Documents attached at the time of the receipt of this Subpoena and accompanying Exhibits or that are attached as they are kept in the usual course of business should not be separated.

F.   If you claim privilege as a ground for not producing all or part of any document responsive to any request, provide a description of the document and describe the factual basis for said claim of privilege in sufficient detail so as to permit the court to adjudicate the validity of the claim, and state the date the document was prepared, the author, the addressees and all recipients.

G.   If the response to any request consists, in whole or in part, of an objection, state with specificity the full objection and the particularized basis for each said objection.

## 3.  REQUESTS

A.   All documents which mention, evidence or reflect the marketing, advertising or promotion of the Subject Drugs by you or by a Defendant.

B.   Documents sufficient to show the price paid by you for any Subject Drug that you purchased from a Defendant, or the price negotiated by you with a Defendant for the purchase of any Subject Drug by one of your Members, including all adjustments to price such as discounts, free goods, rebates or any other item of value provided to you by a Defendant.

C.   Documents sufficient to show the price at which you sold any Subject Drug that you purchased from a Defendant, including all adjustments to price such as discounts, free goods, rebates, dividends or any other item of value provided to you by a Defendant.

D.   All documents which mention, evidence or reflect prices of the Subject Drugs, including but not limited to marketing materials, presentations, catalogs, pricing guides, price lists and/or prices contained in contracts.

E.   All documents which mention, evidence or reflect a Defendant's marketing of the Spread, Return to Practice, Return on Investment, Variance or any other term referring to the

3

actual or potential profit or loss to you or your Customers or Members, regardless of time period or drug at issue.

F.    All documents which mention, evidence or reflect payments from Third-party Payors for any Subject Drug that you purchased from a Defendant or for any Subject Drug that you negotiated the price of purchase with a Defendant for one of your Members.

G.    All documents which mention, evidence or reflect communications with a Defendant relating to changes to any List Price or Published Price, including but not limited to AWP and/or WAC, on a Subject Drug.

H.    All documents relating to a Defendant's reporting of AWP (either directly or indirectly through reporting of List Price) to a publication compendia (like First DataBank) during the 1991 to 2003 time period.

I.    All documents which mention, evidence or reflect how the reimbursement rates set or methodologies used by any Third-party Payor, including Medicaid, Medicare and/or any private insurance company, affected your marketing, sale, negotiation of price, or utilization of any Subject Drug.

J.    All documents which mention, evidence or reflect that any Published Price or List Price for any Subject Drug did not accurately reflect the transaction price at which you generally purchased or sold the drug, or for which you negotiated the price for the purchase or sale of the drug.

K.    All communications, including without limitation, e-mail messages and correspondence, with a Defendant and/or between you or your Customers or Members and a Defendant, which mention, evidence or reflect any List Price or Published Price, including but not limited to, AWP and/or WAC, for the Subject Drugs.

L.    All documents that mention, evidence or reflect any proposed or actual payment, in cash or in kind, directly or indirectly, to you from a Defendant for a Subject Drug, including charge backs, discounts, rebates, dividends, free goods, administrative fees, sponsorship of meetings, sponsorship of speakers, drug studies, educational or research grants, off-invoice pricing, conversion incentives, in-service training grants, trial programs or seeding programs.

M.    All documents containing lists of your Customers or Members for each year during the time period covered by these requests.

N.    All spreadsheets and analyses including, but not limited, to Proposal Analyses prepared by Defendant and used as part of the negotiation process between a Defendant and you or your Customers or Members related to a Subject Drug.

## SUBPOENA EXHIBIT B:  SUBJECT DRUGS SOLD BY A DEFENDANT

### Subject Drugs Sold By the Dey Defendants

Albuterol Inhalation Aerosol Metered-Dose Inhaler

Albuterol Inhalation Aerosol MDI Refill

Albuterol Sulfate Inhalation Solution .5%

Albuterol Sulfate .5% (Sterile)

Albuterol Sulfate Unit Dose, 0.083% Inhalation Solution

Cromolyn Sodium Inhalation Solution

Ipratropium Bromide Inhalation Solution .02%

### Subject Drugs Sold By the Roxane Defendants

Azathioprine

Diclofenac Solution

Furosemide

Hydromorphone

Ipatropium Bromide

Oramorph SR

Roxanol

Roxicodone

Sodium Polystyrene Sulfonate

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above **SUBPOENA** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated:  September 21, 2007

/s/ Rebecca A. Ford
Rebecca A. Ford

US Department of Justice-DC | Resource Center | File & Serve Preferences

**Home** ⟍ **Filing & Service** ⟍ **Alerts** ⟍ **Search** ⟍ **Service of Process** ⟍

| Create an Order | Incomplete Orders | Submitted Orders |

*TIP:* Use LexisNexis File & Serve to E-Serve in more of your cases. Contact a representative <u>online</u> or at 1-800-869-1910.

**Receipt 16392556**                                                                                                  <u>Print Receipt</u>

**Receipt**      submitted on 9/21/2007 9:56:37 AM (ET)

| Date/Time (ET) | Status |
|---|---|
| 9/21/2007 9:56:43 AM | Service request has been submitted. |

**Fee Information**

| Fee Information | Total Recipients | Subtotal | Tax | Total |
|---|---|---|---|---|
| SOP Fast Service Fee (2-4 business days) | 1 | $145.00 | $8.34 | $153.34 |
| | Totals | $145.00 | $8.34 | $153.34 |

**Document List**

| Document Title | File Name | Conversion Status | View |
|---|---|---|---|
| GeriMed, Inc. Subpoena | 11375799_GeriMed-Subpoena-9.21.07.pdf | Converted | <u>PDF format</u> <u>Original format</u> |

**Recipients**

| Service Recipient | Address(es) | Description | Service Status |
|---|---|---|---|
| GeriMed, Inc. - Attn:Mr. John L. Schutte | Address Type: Business 9505 Williamsburg Plaza, Suite 200 Louisville, KY 40222 | | Pending |

**Service Options**

| Service Options | Selected Option |
|---|---|
| Deadline for Service | 9/27/2007 |
| Hearing Date | |
| Billing Reference | |
| File Affidavit of Service with Court? | No |
| Special Instructions | |

**Contact Information**

| Contact Information | |
|---|---|
| Name | Elizabeth Brennan |
| Contact Email Address | Liza.Brennan@usdoj.gov |
| Organization | US Department of Justice-DC |
| Organization Address | 601 D St NW Washington DC, DC 20530 |

Phone: (301) 519-6764
Fax: (202) 659-9847
Email: susan.r.unger@lmco.com

## Assistance with Service of Process Orders
For all questions related to your Service of Process orders,
please call us at 1-800-644-4025 or email us at sopsupport@lexisnexis.com.
We are available to assist you Monday through Friday, 9:00am-8:30pm ET, excluding Holidays .



About LexisNexis | Terms & Conditions | Privacy | Customer Support - 1-888-529-7587
Copyright © 2007 LexisNexis®. All rights reserved.



**U.S. DEPT. OF JUSTICE, CIVIL DIVISION,
COMMERCIAL LITIGATION BRANCH, FRAUD
SECTION
601 D St NW**

**Washington DC, DC 20530**

Attn:   Elizabeth Brennan
Phone:   3015196764

Order #:  16392556

Date:     Oct  1 2007

Dear U.S. DEPT. OF JUSTICE, CIVIL DIVISION, COMMERCIAL LITIGATION BRANCH, FRAUD SECTION:

Attached is the Proof of Service associated with an order for service that you placed with LexisNexis Service of Process.  The Order Number for this order appears at the top of this page.

Thank you very much for using LexisNexis Service of Process.  If you have any questions, please contact LexisNexis Service of Process Customer Support at 1-800-644-4025 or email us at sopsupport@fileandserve.lexisnexis.com.

| | |
|---|---|
| COURT: | UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA |
| CASE NAME: | IN RE: PHARMACEUTICAL INDUSTRY  AVERAGE WHOLESALE LITIGATION vs. |
| CASE NUMBER: | 01-12257-PBS |
| HEARING DATE: | Oct 22 2007 |
| SERVEE: | GERIMED, INC. |
| PERSON SERVED: | Terri Lyler  SECRETARY |
| SERVICE DATE: | Sep 26 2007  2:40PM |
| SERVED BY: | Ryan Elble |
| SERVICE ADDRESS: | 9505 WILLIAMSBURG SUITE 200 LOUISVILLE, KY 40222 |
| DOCUMENTS: | SUBPOENA |
| SERVICE NOTE: | |

*UNITED STATES DISTRICT COURT*
CENTRAL DISTRICT OF CALIFORNIA

In re: PHARMACEUTICAL INDUSTRY AVERAGE
WHOLESALE PRICE LITIGATION
**THIS DOCUMENT RELATES TO:**

*United States of America ex rel. Ven-a-Care of the Florida
Keys, Inc., et al. v. Dey, Inc., et al.,* Civil Action No.
05-11084-PBS

and

*United States of America, ex rel. Ven-a-Care of the
Florida Keys, Inc. v. Boehringer Ingelheim Corporation,
et al.,* Civil Action No. 07-10248-PBS

)
)
)
)
)
)
)
)
)
)
)
)

**SUBPOENA IN A CIVIL ACTION**

MDL No. 1456
Civil Action No. 01-12257-PBS
Hon. Patti Saris
Magistrate Judge Marianne B. Bowler

TO:   GeriMed, Inc.
9505 Williamsburg Plaza
Suite 200
Louisville, KY 40222

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified belo
(list documents or objects):   See attached Exhibits A and B

| PLACE | DATE AND TIME |
|---|---|
| U.S. Department of Justice<br>Civil Division, Commercial Litigation Branch, Fraud Section<br>Patrick Henry Building<br>601 D Street, N.W., Room 9133<br>Washington, D.C. 20004 | October 22, 2007 |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE   September 21, 2007 |
|---|---|
| Rebecca A. Ford, Trial Attorney   *Rebecca A. Ford*<br>(Attorney for the United States) | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Rebecca A. Ford
Civil Division, Commercial Litigation Branch, Fraud Section
U.S. Department of Justice
Patrick Henry Building
601 D Street, N.W., Room 9133
Washington, D.C. 20004
(202) 514-1511

## PROOF OF SERVICE

| Date SERVED | 9/26/2007 | Place | 9506 Williamsburg Ste #200 Louisville, KY. 40222 |
|---|---|---|---|

| SERVED ON (Print Name) | MANNER OF SERVICE |
|---|---|
| Terri Lyler - Agent for service. | Corporate Service. |

| SERVED BY (Print Name) | TITLE |
|---|---|
| Ryan Elde | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  9/26/07
Date

Ryan ELBLE
Signature of Server

7210 Goldsmith Ln Suite # 204
Address of Server

Louisville, Ky 40218 (502) 409-1455

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after, service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies,.or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.