TAB 7

**Receipt** submitted on 12/18/2007 10:03:33 AM (ET)

| Date/Time (ET) | Status |
| --- | --- |
| 12/18/2007 10:03:37 AM | Order request received (Order ID 8215201) |
| 12/18/2007 10:03:36 AM | Service request has been submitted. |

**Fee Information**

| Fee Information | Total Recipients | Subtotal | Tax | Total |
| --- | --- | --- | --- | --- |
| SOP Fast Service Fee (2-4 business days) | 1 | $145.00 | $8.34 | $153.34 |
| | Totals | $145.00 | $8.34 | $153.34 |

**Document List**

| Document Title | File Name | Conversion Status | View |
| --- | --- | --- | --- |
| PhRMA Subpoena | 12617915_PhRMA.PDF | Converted | PDF format<br>Original format |

**Recipients**

| Service Recipient | Address(es) | Description | Service Status |
| --- | --- | --- | --- |
| Pharmaceutical Research and Manufacturers of America - Attn:Corporate Representative(s) | Address Type:<br>Business<br>950 F Street, N.W.,<br>Suite 300<br>Washington, DC<br>20004 | | Pending |

**Service Options**

| Service Options | Selected Option |
| --- | --- |
| Deadline for Service | 12/26/2007 |
| Hearing Date | |
| Billing Reference | |
| File Affidavit of Service with Court? | No |
| Special Instructions | |

**Contact Information**

| Contact Information | |
| --- | --- |
| Name | Kathy Krause |
| Contact Email Address | Kathy.Krause@usdoj.gov |
| Organization | US Department of Justice-DC |
| Organization Address | 601 D St NW<br>Washington DC, DC 20530 |
| | Phone: (301) 519-6764<br>Fax: (202) 659-9847<br>Email: susan.r.unger@lmco.com |



| | |
|---|---|
| **U.S. DEPARTMENT OF JUSTICE CIVIL DIVISION**<br>**601 D St NW**<br>**Washington DC, DC 20530**<br>Attn: Kathy Krause<br>Phone: 3015196764 | Order #: 17697999 <br><br>Date: Dec 26 2007 |

Dear U.S. DEPARTMENT OF JUSTICE CIVIL DIVISION:

Attached is the Proof of Service associated with an order for service that you placed with LexisNexis Service of Process. The Order Number for this order appears at the top of this page.

Thank you very much for using LexisNexis Service of Process. If you have any questions, please contact LexisNexis Service of Process Customer Support at 1-800-644-4025 or email us at sopsupport@fileandserve.lexisnexis.com.

| | |
|---|---|
| COURT: | UNITED STATES DISTRICT COURT, DISTRICT OF MASSACHUSETTS |
| CASE NAME: | IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION vs. |
| CASE NUMBER: | 01-12257-PBS |
| HEARING DATE: | Dec 31 2007 |
| SERVEE: | PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA (PHRMA) |
| PERSON SERVED: | Catherine Cobern Assistant General Counsel, A white female approx. 30-35 years of age 5'10"-6'0" in height weighing 140-160 lbs with brown hair |
| SERVICE DATE: | Dec 19 2007 11:00AM |
| SERVED BY: | Eddie W. Null, Sr. |
| SERVICE ADDRESS: | 950 F ST NW SUITE 300 WASHINGTON, DC 20004 |
| DOCUMENTS: | NOTICE OF SUBPOENA; SUBPOENA IN A CIVIL ACTION; EXHIBITS |
| SERVICE NOTE: | |

IN THE
UNITED STATES DISTRICT COURT, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION<br><br>Plaintiff/Petitioner<br><br>vs.<br><br>Defendant/Respondent | Hearing Date: 12/21/2007<br><br>CAUSE NO:<br>01-12257-PBS<br><br>AFFIDAVIT OF SERVICE OF:<br>NOTICE OF SUBPOENA; SUBPOENA IN A CIVIL ACTION;<br>EXHIBITS |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **19th day of December, 2007, at 11:00 AM**, at the address of **950 F Street NW SUITE 300, WASHINGTON, Dist of Columbia** County, **DC 20004**; this affiant served the above described documents upon **PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA (PHRMA)**, by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with **Catherine Cobern, Assistant General Counsel, A white female approx. 30-35 years of age 5'10"-6'0" in height weighing 140-160 lbs with brown hair.**

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

DATED this **22nd day of December, 2007.**

_____
Eddie W. Null, Sr.

SUBSCRIBED AND SWORN to before me this 22nd day of December, 2007

_____
NOTARY PUBLIC in and for the State of Virginia
Residing at: BRISTOW, VA
My Commission Expires: 12/31/2010

FOR: LexisNexis File & Serve
SOP
REF: 17697999

ORIGINAL PROOF OF SERVICE

Tracking #: 8215201 SEA

Christine Amelia Davis
NOTARY PUBLIC
Commonwealth of Virginia
Reg. # 7042900
My Commission Expires
December 31, 2010



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Judge Patti B. Saris |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, CIVIL ACTION NO. 06-11337-PBS ) ) ) ) ) | Magistrate Judge Marianne B. Bowler |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that commencing on December 31, 2007, at 9:00 a.m. at the offices of the United States Department of Justice, Patrick Henry Building, 601 D Street, N.W., Washington, DC 20004, or such other date, time and location mutually agreed to by the parties, and continuing from day to day until completed, the United States will take the deposition upon oral examination of **a representative of Pharmaceutical Research and Manufacturers of America ("PhRMA")** pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure. This Notice and the accompanying Subpoena call for testimony by the representative of PhRMA who is the most knowledgeable regarding the issues in Exhibit A. PhRMA shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

The deposition will be videotaped and recorded stenographically. It will be conducted under oath by an officer authorized to take such testimony. The deposition may be used for any purpose, including as evidence at trial.

For the United States of America,
MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

JEFFREY S. BUCHOLTZ
ACTING ASSISTANT ATTORNEY
GENERAL

_____
George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA  02210
Phone:  (617) 748-3398
Fax:  (617) 748-3272

/s/ Rebecca A. Ford
Joyce R. Branda
Daniel R. Anderson
Renée Brooker
Justin Draycott
Rebecca A. Ford
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, DC  20044
Phone:  (202) 514-1511
Fax:  (202) 305-7797

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St. Peter-Griffith
Special Assistant U.S. Attorneys
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax:  (305) 536-4101

For the relator, Ven-A-Care of the Florida
Keys, Inc.

_____
James J. Breen
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL  33027
Phone:  (954) 874-1635
Fax:  (954) 874-1705

Dated:  December 17, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br>**THIS DOCUMENT RELATES TO:**<br><br>*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.*<br>CIVIL ACTION NO. 06-11337-PBS | **SUBPOENA IN A CIVIL ACTION**<br><br>MDL No. 1456<br>Civil Action No. 01-12257-PBS<br>Hon. Patti Saris<br><br>Magistrate Marianne B. Bowler |

TO   Pharmaceutical Research
     and Manufacturers of America (PhRMA)
     950 F Street, N.W., Suite 300
     Washington, DC 20004
     Attn: Corporate Representative(s)

___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| U.S. Department of Justice<br>Patrick Henry Building<br>601 D Street, N.W.<br>Washington, DC 20004 | December 31, 2007, at 9:00 a.m.<br><br>or such other date, time and location mutually agreed to by the parties |

___ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

___ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant)<br><br>*Rebecca Ford*<br>Rebecca Ford, Trial Attorney<br>(Attorney for the United States) | DATE   December 17, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Rebecca Ford
Civil Division, Commercial Litigation Branch, Fraud Section
U.S. Department of Justice
Patrick Henry Building
601 D Street, N.W.
Washington, DC 20004
(202) 514-1511

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (Print Name) | MANNER OF SERVICE |
| SERVED BY (Print Name) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _________
Date

____________________
Signature of Server

____________________
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A - DEPOSITION TOPICS

1.     The organizational structure, business practices, systems and methodologies engaged by Pharmaceutical Research and Manufacturers of America (hereafter, "You" or "Your") as those practices, systems and methodologies relate to the pharmaceutical industry, including, but not limited to, Your interactions with pharmaceutical manufacturers such as Abbott Laboratories, Inc. (hereafter, "Abbott").[1]

2.     Payments made to You by or on behalf of Abbott, including amounts and the basis for each payment.

3.     Participation by Abbott in any committees, boards, operating groups and other components of Your organization (hereinafter collectively referred to as "committees"), the membership and responsibilities of each such committee, and the activities engaged in by such committees.

4.     Your interactions with Price Publications.

5.     Interactions and/or correspondence between You and Abbott relating to Published Prices, reimbursement methodologies, cross subsidization, spreads or kickbacks.

6.     Efforts undertaken by You relating to the accuracy, usefulness or reliability of the Published Prices or the prices provided or disseminated by drug manufacturers.

7.     All complaints or inquiries received by You regarding the accuracy, usefulness or reliability of any Published Prices or prices provided, published or disseminated by drug manufacturers, as well as all internal memoranda relating to the foregoing items or responses thereto.

8.     All complaints or inquiries made by You to anyone regarding the accuracy of any Published Prices or prices obtained or received by You from any drug manufacturer, as well as all internal memoranda which mention, evidence or reflect the foregoing items or responses thereto.

---

[1]     The definitions "You" and "Abbott" include any of Your predecessors, successors, parents, subsidiaries, offices (including, but not limited to, local, regional, national, executive and/or foreign offices), affiliates, divisions (including, but not limited to, Abbott's Hospital Products and Corporate Marketing Divisions), business units (including, but not limited to, Abbott's Alternate Site Product Sales, Renal Care and Home Infusion Services business units) or branches thereof, and any present or former officers, directors, employees or agents. The terms "You" and "Abbott" also include all attorneys, accountants, advisors and all other persons or entities acting or purporting to act on Your or Abbott's behalf.

1

9.  All actions taken by You relating to any difference in the drug price information collected or published by First DataBank, Blue Book, Medispan or Medical Economics/ Redbook and the actual selling price of drugs.

10. All communications between You and the United States Congress (including all committees and staff members) during the period 1991 to 2003 regarding government reimbursement for drugs or drug pricing, including, but not be limited to, communications in connection with: (a) the Department of Health and Human Services ("HHS's") Proposed Rule published at 56 Fed. Reg. 25792 (June 5, 1991); (b) the Medicare and Medicaid Beneficiary Protection Act of 1997, H.R. 2632, 105th Cong. § 206 (1997); (c) the Centers for Medicare and Medicaid Services' ("CMS") Proposed Rule published at 63 Fed. Reg. 30818 (June 5, 1998); (d) Program Memorandum Transmittal AB-00-86 (September 8, 2000); (e) CMS's Proposed Rule at 68 Fed. Reg. 50428 (August 20, 2003); and (f) any report issued by the HHS Office of Inspector General regarding drug reimbursement or drug pricing.

11. All communications between You and state legislatures (including all committees, individual legislators, and staff members) during the period 1991 to 2003 regarding government reimbursement for drugs or drug pricing, including, but not be limited to, communications in connection with: (a) HHS's Proposed Rule published at 56 Fed. Reg. 25792 (June 5, 1991); (b) the Medicare and Medicaid Beneficiary Protection Act of 1997, H.R. 2632, 105th Cong. § 206 (1997); (c) CMS's Proposed Rule published at 63 Fed. Reg. 30818 (June 5, 1998); (d) Program Memorandum Transmittal AB-00-86 (September 8, 2000); (e) CMS's Proposed Rule at 68 Fed. Reg. 50428 (August 20, 2003); and (f) any report issued by the HHS Office of Inspector General regarding drug reimbursement or drug pricing.

12. All communications relating to any explanation or definition of any term commonly used to describe pharmaceutical prices or Published Prices, including "AWP," "WAC," "Direct Price," "List Price," "Net Wholesale Price," "Wholesale Net," or "charge-back" sent or provided by You or on Your behalf to any elected official of any state or the United States.

13. All communications between You and the Department of Health and Human Services and all of its components (including the Office of Inspector General, and CMS, formerly the Health Care Financing Administration) during the period 1991 to 2003 regarding government reimbursement for drugs or drug pricing, including, but not be limited to, communications in connection with: (a) HHS's Proposed Rule published at 56 Fed. Reg. 25792 (June 5, 1991); (b) the Medicare and Medicaid Beneficiary Protection Act of 1997, H.R. 2632, 105th Cong. § 206 (1997); (c) CMS's Proposed Rule published at 63 Fed. Reg. 30818 (June 5, 1998); (d) Program Memorandum Transmittal AB-00-86 (September 8, 2000); (e) CMS's Proposed Rule at 68 Fed. Reg. 50428 (August 20, 2003); and (f) any report issued by the HHS Office of Inspector General regarding drug reimbursement or drug pricing.

14. All communications between You and any state Medicaid agency during the period 1991 to 2003 regarding government reimbursement for drugs or drug pricing including, but not be

limited to, communications in connection with: (a) HHS's Proposed Rule published at 56 Fed. Reg. 25792 (June 5, 1991); (b) the Medicare and Medicaid Beneficiary Protection Act of 1997, H.R. 2632, 105th Cong. § 206 (1997); (c) CMS's Proposed Rule published at 63 Fed. Reg. 30818 (June 5, 1998); (d) Program Memorandum Transmittal AB-00-86 (September 8, 2000); (e) CMS's Proposed Rule at 68 Fed. Reg. 50428 (August 20, 2003); and (f) any report issued by the HHS Office of Inspector General regarding drug reimbursement or drug pricing.

15. All communications regarding the prices of any of the products of any drug manufacturer in comparison to or in connection with the reimbursement rates of any state's Medicaid program, the Medicare program, or any private health insurance plan.

16. All communications with drug manufacturers regarding the reliance of state or federal Medicaid or Medicare agencies or any private insurance company upon the prices provided, published or disseminated by a drug manufacturer.

17. Presentations made by You on the topics of drug pricing, reimbursement, Medicare or Medicaid.

18. All communications relating to the reimbursement rates set by any Medicaid program, the Medicare program or any private health insurance plan and/or how those reimbursement rates affect Your members.

19. All communications relating to any proposed or actual arrangement whereby the customers of a drug manufacturer were offered or received any payment in cash or in kind, directly or indirectly, in connection with the purchase of any of the Subject Drugs, including, but not limited to, rebates, discounts, free pharmaceuticals or other goods, free equipment or supplies, educational grants, data collection services, administrative fees, conversion incentives and/or "off invoice pricing".

20. The completeness, accuracy and authenticity of all documents produced by You in response to subpoenas issued to you by the United States in connection with this matter.

# EXHIBIT B: SUBJECT DRUGS

Sodium Chloride Injection

Sodium Chloride Irrigation

Water for Injection

Sterile Water for Injection

Sterile Water for Irrigation

Vancomycin HCl

Vancomycin HCl Add-Vantage

Vancomycin HCL

Vancomycin HCL Add-Vantage

Dextrose Injection

5% Dextrose in Water

Dextrose 5%/ Kcl/NaCl

Dextrose 5% and 0.225% NaCL Injection

5% Dextrose/ NaCl 0.9%

Sodium Chloride 0.9%

Acyclovir Sodium

1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above **NOTICE OF SUBPOENA, SUBPOENA & ACCOMPANYING EXHIBITS** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: December 17, 2007

/s/ Rebecca A. Ford
Rebecca A. Ford