# TAB 8

-----Original Message-----
From: Caccia, Ralph [**mailto:RCaccia@pogolaw.com**]
Sent: Tuesday, December 18, 2007 9:00 PM
To: Ford, Rebecca (CIV)
Subject: Re: Deposition Subpoena to NHIA

Becky. I don't expect that this will be an issue. Call you tomorrow RC

----- Original Message -----
From: Ford, Rebecca (CIV) <Rebecca.Ford@usdoj.gov>
To: Caccia, Ralph
Cc: Lavine, Mark (USAFLS) <Mark.Lavine@usdoj.gov>
Sent: Tue Dec 18 20:07:05 2007
Subject: Deposition Subpoena to NHIA

Mr. Caccia,

Attached please find a subpoena that we issued this evening for the deposition of an NHIA
corporate representative.  Please let us know whether NHIA will waive formal service of the
subpoena, or alternatively, if we need to serve the subpoena via a process server.

Please feel free to contact us about scheduling or any other issues you may wish to discuss.

Thank you,

Becky Ford
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division, Fraud Section
601 D Street, N.W.
PHB - Room 9133
Washington, DC  20004
P:  (202) 514-1511
rebecca.ford@usdoj.gov

NOTICE: This communication may contain privileged or other confidential information. If you
are not the intended recipient, or believe that you have received this communication in error,
please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please
indicate to the sender that you have received this communication in error, and delete the copy
you received.

IRS CIRCULAR 230 Disclosure:  Under U.S. Treasury regulations, we are required to inform
you that any tax advice contained in this e-mail or any attachment hereto is not intended to be
used, and cannot be used, to avoid penalties imposed under the Internal Revenue Code.



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re: PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE )
LITIGATION ) MDL No. 1456
 ) Civil Action No. 01-12257-PBS
 )
**THIS DOCUMENT RELATES TO:** ) Judge Patti B. Saris
 )
*United States of America, ex rel. Ven-a-Care* ) Magistrate Judge Marianne B. Bowler
*of the Florida Keys, Inc. v. Abbott* )
*Laboratories, Inc.,* CIVIL ACTION NO. 06- )
11337-PBS )

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that commencing on February 26, 2008, at 9:00 a.m. at the

offices of the National Home Infusion Association, 100 Dangerfield Road, Alexandria, VA

22314, or such other date, time and location mutually agreed to by the parties, and continuing

from day to day until completed, the United States will take the deposition upon oral examination

of a representative of the **National Home Infusion Association ("NHIA")** pursuant to Federal

Rules of Civil Procedure 30 and 45.  This Notice and the accompanying Subpoena call for

testimony by the representative of NHIA who is the most knowledgeable regarding the issues in

Exhibit A.  NHIA shall designate one or more officers, directors, or managing agents, or other

persons who consent to testify on its behalf, and may set forth, for each person designated, the

matters on which the person will testify.

The deposition will be videotaped and recorded stenographically.  It will be conducted

under oath by an officer authorized to take such testimony.  The deposition may be used for any

purpose, including as evidence at trial.

For the United States of America,
MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

_____
George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA  02210
Phone:  (617) 748-3398
Fax:  (617) 748-3272

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St. Peter-Griffith
Special Assistant U.S. Attorneys
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax:  (305) 536-4101

For the relator, Ven-A-Care of the Florida
Keys, Inc.

_____
James J. Breen
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL  33027
Phone:  (954) 874-1635
Fax:  (954) 874-1705

Dated:  December 18, 2007

JEFFREY S. BUCHOLTZ
ACTING ASSISTANT ATTORNEY
GENERAL

/s/ Rebecca A. Ford
Joyce R. Branda
Daniel R. Anderson
Renée Brooker
Justin Draycott
Rebecca A. Ford
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, DC  20044
Phone:  (202) 514-1511
Fax:  (202) 305-7797

2

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION **THIS DOCUMENT RELATES TO:** ) ) ) ) | **SUBPOENA IN A CIVIL ACTION** |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.* · CIVIL ACTION NO. 06-11337-PBS ) ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS Hon. Patti Saris Magistrate Marianne B. Bowler |

TO    National Home Infusion Association ("NHIA)
          100 Dangerfield Road
          Alexandria, VA  22314
          Attn:  Corporate Representative(s)

___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

✔ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The offices of NHIA 100 Dangerfield Road Alexandria, VA  22314 | February 26, 2007, at 9:00 a.m. or such other date, time and location mutually agreed to by the parties |

___ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

___ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE  (Indicate if Attorney for Plaintiff or Defendant) | DATE  December 18, 2007 |
|---|---|
| *Rebecca Ford* Rebecca Ford, Trial Attorney (Attorney for the United States) | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rebecca Ford
Civil Division, Commercial Litigation Branch, Fraud Section
U.S. Department of Justice
Patrick Henry Building
601 D Street, N.W.
Washington, DC  20004
(202) 514-1511

## PROOF OF SERVICE

|  | Date | Place |
|---|---|---|
| SERVED |  |  |

| SERVED ON  (Print Name) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY  (Print Name) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            Date

Signature of Server _____

Address of Server _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A - 30(B)(6) DEPOSITION TOPICS

1.     The organizational structure, business practices, systems and methodologies engaged by the National Home Infusion Association ("NHIA") (hereafter, "You" or "Your") as those practices, systems and methodologies relate to the pharmaceutical industry, including, but not limited to, Your interactions with pharmaceutical manufacturers such as Abbott Laboratories, Inc. (hereafter, "Abbott").[1]

2.     Payments made to You by or on behalf of Abbott, including amounts and the basis for each payment.

3.     Participation by Abbott in any committees, boards, operating groups and other components of Your organization (hereinafter collectively referred to as "committees"), the membership and responsibilities of each such committee, and the activities engaged in by such committees.

4.     Your interactions with Price Publications.

5.     Interactions and/or correspondence between You and Abbott relating to Published Prices, reimbursement methodologies, cross subsidization, spreads or kickbacks.

6.     Efforts undertaken by You relating to the accuracy, usefulness or reliability of the Published Prices or the prices provided or disseminated by drug manufacturers.

7.     All complaints or inquiries received by You regarding the accuracy, usefulness or reliability of any Published Prices or prices provided, published or disseminated by drug manufacturers, as well as all internal memoranda relating to the foregoing items or responses thereto.

8.     All complaints or inquiries made by You to anyone regarding the accuracy of any Published Prices or prices obtained or received by You from any drug manufacturer, as well as all internal memoranda which mention, evidence or reflect the foregoing items or responses thereto.

---

[1]     The definitions "You" and "Abbott" include any of Your predecessors, successors, parents, subsidiaries, offices (including, but not limited to, local, regional, national, executive and/or foreign offices), affiliates, divisions (including, but not limited to, Abbott's Hospital Products and Corporate Marketing Divisions), business units (including, but not limited to, Abbott's Alternate Site Product Sales, Renal Care and Home Infusion Services business units) or branches thereof, and any present or former officers, directors, employees or agents. The terms "You" and "Abbott" also include all attorneys, accountants, advisors and all other persons or entities acting or purporting to act on Your or Abbott's behalf.

1

9.     All actions taken by You relating to any difference in the drug price information collected or published by First DataBank, Blue Book, Medispan or Medical Economics/ Redbook and the actual selling price of drugs.

10.     All communications between You and the United States Congress (including all committees and staff members) during the period 1991 to 2003 regarding government reimbursement for drugs or drug pricing, including, but not be limited to, communications in connection with:  (a) the Department of Health and Human Services ("HHS's") Proposed Rule published at 56 Fed. Reg. 25792 (June 5, 1991); (b) the Medicare and Medicaid Beneficiary Protection Act of 1997, H.R. 2632, 105th Cong. § 206 (1997); (c) the Centers for Medicare and Medicaid Services' ("CMS") Proposed Rule published at 63 Fed. Reg. 30818 (June 5, 1998); (d) Program Memorandum Transmittal AB-00-86 (September 8, 2000); (e) CMS's Proposed Rule at 68 Fed. Reg. 50428 (August 20, 2003); and (f) any report issued by the HHS Office of Inspector General regarding drug reimbursement or drug pricing.

11.     All communications between You and state legislatures (including all committees, individual legislators, and staff members) during the period 1991 to 2003 regarding government reimbursement for drugs or drug pricing, including, but not be limited to, communications in connection with:  (a) HHS's Proposed Rule published at 56 Fed. Reg. 25792 (June 5, 1991); (b) the Medicare and Medicaid Beneficiary Protection Act of 1997, H.R. 2632, 105th Cong. § 206 (1997); (c) CMS's Proposed Rule published at 63 Fed. Reg. 30818 (June 5, 1998); (d) Program Memorandum Transmittal AB-00-86 (September 8, 2000); (e) CMS's Proposed Rule at 68 Fed. Reg. 50428 (August 20, 2003); and (f) any report issued by the HHS Office of Inspector General regarding drug reimbursement or drug pricing.

12.     All communications relating to any explanation or definition of any term commonly used to describe pharmaceutical prices or Published Prices, including "AWP," "WAC," "Direct Price," "List Price," "Net Wholesale Price," "Wholesale Net," or "charge-back" sent or provided by You or on Your behalf to any elected official of any state or the United States.

13.     All communications between You and the Department of Health and Human Services and all of its components (including the Office of Inspector General, and CMS, formerly the Health Care Financing Administration) during the period 1991 to 2003 regarding government reimbursement for drugs or drug pricing, including, but not be limited to, communications in connection with:  (a) HHS's Proposed Rule published at 56 Fed. Reg. 25792 (June 5, 1991); (b) the Medicare and Medicaid Beneficiary Protection Act of 1997, H.R. 2632, 105th Cong. § 206 (1997); (c) CMS's Proposed Rule published at 63 Fed. Reg. 30818 (June 5, 1998); (d) Program Memorandum Transmittal AB-00-86 (September 8, 2000); (e) CMS's Proposed Rule at 68 Fed. Reg. 50428 (August 20, 2003); and (f) any report issued by the HHS Office of Inspector General regarding drug reimbursement or drug pricing.

14.     All communications between You and any state Medicaid agency during the period 1991 to 2003 regarding government reimbursement for drugs or drug pricing including, but not be

limited to, communications in connection with:  (a) HHS's Proposed Rule published at 56 Fed. Reg. 25792 (June 5, 1991); (b) the Medicare and Medicaid Beneficiary Protection Act of 1997, H.R. 2632, 105th Cong. § 206 (1997); (c) CMS's Proposed Rule published at 63 Fed. Reg. 30818 (June 5, 1998); (d) Program Memorandum Transmittal AB-00-86 (September 8, 2000); (e) CMS's Proposed Rule at 68 Fed. Reg. 50428 (August 20, 2003); and (f) any report issued by the HHS Office of Inspector General regarding drug reimbursement or drug pricing.

15.     All communications regarding the prices of any of the products of any drug manufacturer in comparison to or in connection with the reimbursement rates of any state's Medicaid program, the Medicare program, or any private health insurance plan.

16.     All communications with drug manufacturers regarding the reliance of state or federal Medicaid or Medicare agencies or any private insurance company upon the prices provided, published or disseminated by a drug manufacturer.

17.     Presentations made by You on the topics of drug pricing, reimbursement, Medicare or Medicaid.

18.     All communications relating to the reimbursement rates set by any Medicaid program, the Medicare program or any private health insurance plan and/or how those reimbursement rates affect Your members.

19.     All communications relating to any proposed or actual arrangement whereby the customers of a drug manufacturer were offered or received any payment in cash or in kind, directly or indirectly, in connection with the purchase of any of the Subject Drugs, including, but not limited to, rebates, discounts, free  pharmaceuticals or other goods, free equipment or supplies, educational grants, data collection services, administrative fees, conversion incentives and/or "off invoice pricing".

20.     The completeness, accuracy and authenticity of all documents produced by You in response to subpoenas issued to you by the United States in connection with this matter.

## EXHIBIT B:  SUBJECT DRUGS

Sodium Chloride Injection

Sodium Chloride Irrigation

Water for Injection

Sterile Water for Injection

Sterile Water for Irrigation

Vancomycin HCl

Vancomycin HCl Add-Vantage

Vancomycin HCL

Vancomycin HCL Add-Vantage

Dextrose Injection

5% Dextrose in Water

Dextrose 5%/ Kcl/NaCl

Dextrose 5% and 0.225% NaCL Injection

5% Dextrose/ NaCl 0.9%

Sodium Chloride 0.9%

Acyclovir Sodium

1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above **NOTICE OF SUBPOENA, SUBPOENA & ACCOMPANYING EXHIBITS** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated:  December 18, 2007

/s/ Rebecca A. Ford
Rebecca A. Ford

From: Dell, Michael [mailto:dellm@coramhc.com]
Sent: Wednesday, December 19, 2007 11:24 AM
To: Ford, Rebecca (CIV)
Subject: RE: Coram Deposition Subpoena


Becky, We will waive service of process. Best regards, Michael Dell

---

From: Ford, Rebecca (CIV) [mailto:Rebecca.Ford@usdoj.gov]
Sent: Tue 12/18/2007 6:54 PM
To: Dell, Michael
Cc: Lavine, Mark (USAFLS)
Subject: Coram Deposition Subpoena


Mr. Dell,

Attached please find a subpoena that we issued this evening for the deposition of a Coram corporate representative. Please let us know whether Coram will waive official service of the subpoena, or alternatively, if we need to serve the subpoena via a process server.

Please feel free to contact us about scheduling or any other issues you may wish to discuss.

Thank you,

Becky Ford

Trial Attorney

U.S. Department of Justice

Commercial Litigation Branch

Civil Division, Fraud Section

601 D Street, N.W.

PHB - Room 9133

Washington, DC 20004

P: (202) 514-1511

**rebecca.ford@usdoj.gov**



LEXISNEXIS' FILE & SERVE
17716399
E-SERVICE
Dec 18 2007
6:53PM

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | ) ) ) | Judge Patti B. Saris |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) | Magistrate Judge Marianne B. Bowler |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that commencing on February 6, 2008, at 9:00 a.m. at the

offices of Coram Health Care, 1675 Broadway, Suite 900, Denver, CO 80202, or such other date,

time and location mutually agreed to by the parties, and continuing from day to day until

completed, the United States will take the deposition upon oral examination of a representative

of **Coram Health Care ("Coram")** pursuant to Federal Rules of Civil Procedure 30 and 45.

This Notice and the accompanying Subpoena call for testimony by the representative of Coram

who is the most knowledgeable regarding the issues in Exhibit A.  Coram shall designate one or

more officers, directors, or managing agents, or other persons who consent to testify on its

behalf, and may set forth, for each person designated, the matters on which the person will

testify.

The deposition will be videotaped and recorded stenographically.  It will be conducted

under oath by an officer authorized to take such testimony.  The deposition may be used for any

purpose, including as evidence at trial.

For the United States of America,
MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

_____
George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA  02210
Phone: (617) 748-3398
Fax: (617) 748-3272


R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

/s/ Mark A. Lavine_____
Mark A. Lavine
Ana Maria Martinez
Ann St. Peter-Griffith
Special Assistant U.S. Attorneys
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone: (305) 961-9003
Fax: (305) 536-4101


For the relator, Ven-A-Care of the Florida
Keys, Inc.

_____
James J. Breen
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL  33027
Phone: (954) 874-1635
Fax: (954) 874-1705



Dated:  December 18, 2007

JEFFREY S. BUCHOLTZ
ACTING ASSISTANT ATTORNEY
GENERAL

/s/ Rebecca A. Ford_____
Joyce R. Branda
Daniel R. Anderson
Renée Brooker
Justin Draycott
Rebecca A. Ford
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, DC  20044
Phone:  (202) 514-1511
Fax:  (202) 305-7797

## EXHIBIT A - DEPOSITION TOPICS

1.   The business practices, systems and methodologies engaged by Coram Health Care ("Coram") (hereafter, "You" or "Your") as those practices, systems and methodologies relate to the pharmaceutical industry, including, but not limited to, your interactions with pharmaceutical manufacturers, such as Abbott Laboratories, Inc. (hereafter, "Abbott").[1]

2.   The use, marketing, advertising and promotion of the Subject Drugs[2] by You or by Abbott.

3.   Prices at which You purchased or sold any Subject Drug that You acquired from Abbott, or the price negotiated by You with Abbott for the purchase of any Subject Drug by one of Your Members, including all adjustments to price such as discounts, free goods, rebates or any other item of value provided to You by Abbott.

4.   The manner in which You maintained the confidentiality of the prices for any Abbott products.

5.   Your or Abbott's marketing of the Spread, Return to Practice, Return on Investment, Variance or any other term referring to the actual or potential profit or loss to You or Your Customers or Members, on any drug.

6.   Payments from Third-party Payors for any Subject Drug that You purchased from Abbott or for any Subject Drug that You negotiated the price of purchase with Abbott for one of Your Members.

7.   Communications with Abbott relating to changes to any List Price or Published Price, including but not limited to AWP and/or WAC, on a Subject Drug.

8.   Abbott's reporting of AWP (either directly or indirectly through reporting of List Price) to a publication compendia (like First DataBank) during the 1991 to 2003 time period.

9.   How established reimbursement rates or methodologies used by any Third-party Payor, including Medicaid, Medicare and/or any private insurance company, affected Your marketing, sale, negotiation of price, or utilization of any Subject Drug.

---

[1]   The definitions of "You" and "Abbott" include any of Your predecessors, successors, parents, subsidiaries, offices (including, but not limited to, local, regional, national, executive and/or foreign offices), affiliates, divisions (including, but not limited to, Abbott's Hospital Products and Corporate Marketing Divisions), business units (including, but not limited to, Abbott's Alternate Site Product Sales, Renal Care and Home Infusion Services business units) or branches thereof, and any present or former officers, directors, employees or agents. The terms "You" and "Abbott" also include all attorneys, accountants, advisors and all other persons or entities acting or purporting to act on Your or Abbott's behalf.

[2]   The "Subject Drugs" are listed in Exhibit B.

10. Proposed or actual payments, in cash or in kind, directly or indirectly, to You from Abbott for a Subject Drug, including charge backs, discounts, rebates, dividends, free goods, administrative fees, sponsorship of meetings, sponsorship of speakers, drug studies, educational or research grants, off-invoice pricing, conversion incentives, in-service training grants, trial programs or seeding programs.

11. The identity and categories of Your Customers or Members for each year between 1991 and 2003.

12. Analyses, including, but not limited, to Proposal Analyses, prepared by You or by Abbott and used as part of the negotiation process between Abbott and You or Your Customers or Members related to a Subject Drug.

13. The completeness, accuracy and authenticity of all documents produced by You in response to subpoenas issued to you by the United States in connection with this matter.

## EXHIBIT B:  SUBJECT DRUGS

Sodium Chloride Injection

Sodium Chloride Irrigation

Water for Injection

Sterile Water for Injection

Sterile Water for Irrigation

Vancomycin HCl

Vancomycin HCl Add-Vantage

Vancomycin HCL

Vancomycin HCL Add-Vantage

Dextrose Injection

5% Dextrose in Water

Dextrose 5%/ Kcl/NaCl

Dextrose 5% and 0.225% NaCL Injection

5% Dextrose/ NaCl 0.9%

Sodium Chloride 0.9%

Acyclovir Sodium

## UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO

In re: PHARMACEUTICAL INDUSTRY AVERAGE ) **SUBPOENA IN A CIVIL ACTION**
WHOLESALE PRICE LITIGATION )
**THIS DOCUMENT RELATES TO:** )
)
*United States of America ex rel. Ven-a-Care of the Florida* ) MDL No. 1456
*Keys, Inc., v. Abbott Laboratories, Inc.* ) Civil Action No. 01-12257-PBS
CIVIL ACTION NO. 06-11337-PBS ) Hon. Patti Saris
)
Magistrate Marianne B. Bowler

TO:   Coram Health Care
      1675 Broadway
      Suite 900
      Denver, CO  80202
      Attn:  Corporate Representative(s)

___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

✔ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The  offices of Coram Health Care<br>1675 Broadway, Suite 900<br>Denver, CO  80202 | February 6, 2008, at 9:00 a.m.<br><br>or such other date, time and location<br>mutually agreed to by the parties |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

___ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE  (Indicate if Attorney for Plaintiff or Defendant) | DATE   December 18, 2007 |
|---|---|
| Rebecca Ford, Trial Attorney  *Rebecca A. Ford*<br>(Attorney for the United States) | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Rebecca Ford
Civil Division, Commercial Litigation Branch, Fraud Section
U.S. Department of Justice
Patrick Henry Building
601 D Street, N.W.
Washington, DC  20004
(202) 514-1511

---

## PROOF OF SERVICE

|  | Date | Place |
|---|---|---|
| SERVED | | |

| SERVED ON  (Print Name) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY  (Print Name) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
Date

Signature of Server

Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

From: Ford, Rebecca (CIV)
Sent: Tuesday, December 18, 2007 7:54 PM
To: Dell, Michael
Cc: Lavine, Mark (USAFLS)
Subject: Coram Deposition Subpoena

Mr. Dell,

Attached please find a subpoena that we issued this evening for the deposition of a Coram corporate representative. Please let us know whether Coram will waive official service of the subpoena, or alternatively, if we need to serve the subpoena via a process server.

Please feel free to contact us about scheduling or any other issues you may wish to discuss.

Thank you,

Becky Ford

Trial Attorney

U.S. Department of Justice

Commercial Litigation Branch

Civil Division, Fraud Section

601 D Street, N.W.

PHB - Room 9133

Washington, DC 20004

P: (202) 514-1511

**rebecca.ford@usdoj.gov**

From: Ford, Rebecca (CIV)
Sent: Tuesday, December 18, 2007 7:51 PM
To: 'Raoul Smyth'
Cc: 'Brad Johnson'; Lavine, Mark (USAFLS)
Subject: Deposition Subpoena to Apria

Dear Messrs. Smyth and Johnson,

Attached please find a subpoena that we issued this evening for the deposition of an Apria corporate representative. Please let us know whether Apria will waive official service of the subpoena, or alternatively, if we need to serve the subpoena via a process server.

Please feel free to contact us about scheduling or any other issues you may wish to discuss.

Thank you,

Becky Ford

Trial Attorney

U.S. Department of Justice

Commercial Litigation Branch

Civil Division, Fraud Section

601 D Street, N.W.

PHB - Room 9133

Washington, DC 20004

P: (202) 514-1511

**rebecca.ford@usdoj.gov**



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re: PHARMACEUTICAL INDUSTRY    )
AVERAGE WHOLESALE PRICE        )
LITIGATION                          )
                                    )

**THIS DOCUMENT RELATES TO:**   )

*United States of America, ex rel. Ven-a-Care*   )
*of the Florida Keys, Inc. v. Abbott*        )
*Laboratories, Inc.,* CIVIL ACTION NO. 06-  )
11337-PBS                         )

MDL No. 1456
Civil Action No. 01-12257-PBS

Judge Patti B. Saris

Magistrate Judge Marianne B. Bowler

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that commencing on February 5, 2008, at 9:00 a.m. at the

offices of Apria Healthcare, 26220 Enterprise Court, Lake Forest, CA 92630, or such other date,

time and location mutually agreed to by the parties, and continuing from day to day until

completed, the United States will take the deposition upon oral examination of a representative

of **Apria Healthcare ("Apria")** pursuant to Federal Rules of Civil Procedure 30 and 45. This

Notice and the accompanying Subpoena call for testimony by the representative of Apria who is

the most knowledgeable regarding the issues in Exhibit A. Apria shall designate one or more

officers, directors, or managing agents, or other persons who consent to testify on its behalf, and

may set forth, for each person designated, the matters on which the person will testify.

The deposition will be videotaped and recorded stenographically. It will be conducted

under oath by an officer authorized to take such testimony. The deposition may be used for any

purpose, including as evidence at trial.

For the United States of America,
MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

---

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3398
Fax: (617) 748-3272

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

---

/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St. Peter-Griffith
Special Assistant U.S. Attorneys
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Phone: (305) 961-9003
Fax: (305) 536-4101

For the relator, Ven-A-Care of the Florida
Keys, Inc.

---

James J. Breen
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL 33027
Phone: (954) 874-1635
Fax: (954) 874-1705

JEFFREY S. BUCHOLTZ
ACTING ASSISTANT ATTORNEY
GENERAL

---

/s/ Rebecca A. Ford
Joyce R. Branda
Daniel R. Anderson
Renée Brooker
Justin Draycott
Rebecca A. Ford
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-1511
Fax: (202) 305-7797

Dated: December 18, 2007

2

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br>**THIS DOCUMENT RELATES TO:**<br><br>*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.*<br>CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) ) ) ) ) |

**SUBPOENA IN A CIVIL ACTION**

MDL No. 1456
Civil Action No. 01-12257-PBS
Hon. Patti Saris

Magistrate Marianne B. Bowler

TO: Apria Healthcare
1600 RiverCenter II,
100 East RiverCenter Blvd.
Covington, KY 41011
Attn: Corporate Representative(s)

___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

✔ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The offices of Apria Healthcare<br>26220 Enterprise Court<br>Lake Forest, CA 92630 | February 5, 2008, at 9:00 a.m.<br><br>or such other date, time and location mutually agreed to by the parties |

___ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

___ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE   December 18, 2007 |
|---|---|
| *Rebecca Ford*<br>Rebecca Ford, Trial Attorney<br>(Attorney for the United States) | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Rebecca Ford
Civil Division, Commercial Litigation Branch, Fraud Section
U.S. Department of Justice
Patrick Henry Building
601 D Street, N.W.
Washington, DC 20004
(202) 514-1511

## PROOF OF SERVICE

|  | Date | Place |
|---|---|---|
| SERVED |  |  |

| SERVED ON  (Print Name) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY  (Print Name) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　 Date

Signature of Server

Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A - DEPOSITION TOPICS

1.  The business practices, systems and methodologies engaged by Apria Healthcare ("Apria") (hereafter, "You" or "Your") as those practices, systems and methodologies relate to the pharmaceutical industry, including, but not limited to, your interactions with pharmaceutical manufacturers, such as Abbott Laboratories, Inc. (hereafter, "Abbott").[1]

2.  The use, marketing, advertising and promotion of the Subject Drugs[2] by You or by Abbott.

3.  Prices at which You purchased or sold any Subject Drug that You acquired from Abbott, or the price negotiated by You with Abbott for the purchase of any Subject Drug by one of Your Members, including all adjustments to price such as discounts, free goods, rebates or any other item of value provided to You by Abbott.

4.  The manner in which You maintained the confidentiality of the prices for any Abbott products.

5.  Your or Abbott's marketing of the Spread, Return to Practice, Return on Investment, Variance or any other term referring to the actual or potential profit or loss to You or Your Customers or Members, on any drug.

6.  Payments from Third-party Payors for any Subject Drug that You purchased from Abbott or for any Subject Drug that You negotiated the price of purchase with Abbott for one of Your Members.

7.  Communications with Abbott relating to changes to any List Price or Published Price, including but not limited to AWP and/or WAC, on a Subject Drug.

8.  Abbott's reporting of AWP (either directly or indirectly through reporting of List Price) to a publication compendia (like First DataBank) during the 1991 to 2003 time period.

9.  How established reimbursement rates or methodologies used by any Third-party Payor, including Medicaid, Medicare and/or any private insurance company, affected Your marketing, sale, negotiation of price, or utilization of any Subject Drug.

---

[1]  The definitions of "You" and "Abbott" include any of Your predecessors, successors, parents, subsidiaries, offices (including, but not limited to, local, regional, national, executive and/or foreign offices), affiliates, divisions (including, but not limited to, Abbott's Hospital Products and Corporate Marketing Divisions),business units (including, but not limited to, Abbott's Alternate Site Product Sales, Renal Care and Home Infusion Services business units) or branches thereof, and any present or former officers, directors, employees or agents. The terms "You" and "Abbott" also include all attorneys, accountants, advisors and all other persons or entities acting or purporting to act on Your or Abbott's behalf.

[2]  The "Subject Drugs" are listed in Exhibit B.

10. Proposed or actual payments, in cash or in kind, directly or indirectly, to You from Abbott for a Subject Drug, including charge backs, discounts, rebates, dividends, free goods, administrative fees, sponsorship of meetings, sponsorship of speakers, drug studies, educational or research grants, off-invoice pricing, conversion incentives, in-service training grants, trial programs or seeding programs.

11. The identity and categories of Your Customers or Members for each year between 1991 and 2003.

12. Analyses, including, but not limited, to Proposal Analyses, prepared by You or by Abbott and used as part of the negotiation process between Abbott and You or Your Customers or Members related to a Subject Drug.

13. The completeness, accuracy and authenticity of all documents produced by You in response to subpoenas issued to you by the United States in connection with this matter.

## EXHIBIT B:  SUBJECT DRUGS

Sodium Chloride Injection

Sodium Chloride Irrigation

Water for Injection

Sterile Water for Injection

Sterile Water for Irrigation

Vancomycin HCl

Vancomycin HCl Add-Vantage

Vancomycin HCL

Vancomycin HCL Add-Vantage

Dextrose Injection

5% Dextrose in Water

Dextrose 5%/ Kcl/NaCl

Dextrose 5% and 0.225% NaCL Injection

5% Dextrose/ NaCl 0.9%

Sodium Chloride 0.9%

Acyclovir Sodium

**CERTIFICATE OF SE**

I hereby certify that I have this day caused an electronic copy of the above **NOTICE OF SUBPOENA, SUBPOENA & ACCOMPANYING EXHIBITS** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated:  December 18, 2007

/s/ Rebecca A. Ford
Rebecca A. Ford