# EXHIBIT F, PART 2



Jan 18 2008
4:49PM

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

In re: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

**THIS DOCUMENT RELATES TO:**

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc.*

CIVIL ACTION NO. 06-11337-PBS

MDL No. 1456
Civil Action No. 01-12257-PBS

Hon. Patti Saris

---

## DEFENDANT ABBOTT LABORATORIES INC.'S RESPONSES TO THE UNITED STATES' THIRD SET OF INTERROGATORIES

Defendant Abbott Laboratories Inc., ("Abbott") responds to the United States' Third Set Of Interrogatories ("Requests") as follows:

## INTERROGATORIES

1.     Identify all the paragraphs in the United States' First Amended Complaint that You will be admitting.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid and void, and no response from Abbott is required.  Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

2.     For every paragraph of the United States' First Amended Complaint that You deny, identify all facts that support the denial.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

      3.      Identify all affirmative defenses You will be asserting to the United States' First
Amended Complaint.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

      4.      State whether You will be asserting any defense based upon or in reliance upon or
advice of counsel.  If You do, explain the nature of the advice that You intend to rely upon in
Your defense of this case; what advice was provided and by whom; who sought the advice and
why; who heard the advice; the nature of the reliance upon the advice, and the effect of Abbott's
reliance upon the advice of counsel.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

      5.      Identify all facts and information You contend supports the affirmative defenses
that You will be asserting to the United States' First Amended Complaint.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

6.    To the extent that You deny any Request for Admission propounded upon Abbott in this case, identify each and every fact that You contend provides the basis or bases for Your denial.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

7.    To the extent that You qualify or otherwise do not admit any Request for Admission propounded upon You in this case, identify each and every fact that You contend provides the basis or bases for Your qualification or denial of the Request to Admit.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

8.    Provide any and all definition(s) or understanding(s) You had of the meaning of the term "Average Wholesale Price" from 1991 to 2003.  If Your definition or understanding of Average Wholesale Price changed at any time, please specify when it changed and why it changed.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

9.    Identify all facts, documents or information that supports Your definition(s) or understanding(s) of the meaning of the term "Average Wholesale Price."

**ANSWER:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

      10.    Provide Your definition or understanding of the meaning of the term "List Price."

**ANSWER:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

      11.    Identify all facts, documents or information that support(s) Your definition or understanding of the meaning of the term "List Price."

**ANSWER:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

      12.    Provide Your definition or understanding of the meaning of the term "Catalogue Price."

**ANSWER:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

13.     Identify all facts, documents or information that support(s) Your definition or understanding of the meaning of the term "Catalogue Price."

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid and void, and no response from Abbott is required.  Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

14.     Provide Your definition or understanding of the meaning of the term "RX Link Price."

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid and void, and no response from Abbott is required.  Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

15.     Identify all facts, documents or information that support(s) Your definition or understanding of the meaning of the term "RX Link Price."

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid and void, and no response from Abbott is required.  Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

16.     Provide Your definition or understanding of the meaning of the term "Wholesale Acquisition Cost."

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

17.     Identify all facts, documents or information that support(s) Your definition or understanding of the meaning of the term "Wholesale Acquisition Cost."

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

18.     From 1991 through 2003, identify all documents and information in Abbott's possession relating to the amount the Medicaid and Medicare programs reimbursed for Hospital Products Division drugs, including but not limited to (a) identification of the documents tracking Medicare and Medicaid reimbursement for Hospital Products Division drugs and (b) Your tabulation of the Medicare and Medicaid reimbursement amounts for the Hospital Products Division's drugs.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

19.     Identify what action, response, investigation, or change in policy or practice, that You undertook upon receipt of the September 30, 1999 letter from T. Reed Stephens and Mark A. Lavine, that was directed to Abbott's counsel, Daniel Reidy.  (Exhibit A hereto) Identify and explain each and every affirmative defense that You intend to assert in this case, and explain the factual bases for each such defense.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

20.   Do You contend that the United States, or any official thereof, approved of, ratified or acquiesced to any of the conduct set forth in the First Amended Complaint at any time from 1991 until the present?  If You so contend, explain each and every factual basis for Your contention.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

21.   Do You contend that any state, state or federal Medicaid office, or state agency, or any official thereof, approved of or ratified any of the conduct set forth in the First Amended Complaint at any time from 1991 until the present?  If You so contend, explain each and every factual basis for Your contention.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

22.   Identify Abbott's knowledge or understanding as to any state or federal Medicare or Medicaid employee's ratification, acquiescence, approval or disapproval of any of the conduct set forth in the United States First Amended Complaint.  Include within Your answer an identification of the substance of the ratification, acquiescence, approval or disapproval, the facts concerning its communication, and an explanation of the facts and circumstances concerning Abbott's reliance thereupon, and the effect of such reliance.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

      23.     Identify and explain Your knowledge of TAP Pharmaceutical's conduct for which it pled guilty, entered into a civil settlement with the United States, or entered into a CIA, including without limitation, an identification and explanation of the date or timing of when You first learned of that conduct or when Your knowledge was first imputed to You through Your counsel's knowledge.

**ANSWER:** Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid

and void, and no response from Abbott is required. Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

      24.     Identify and explain Your response to learning of TAP Pharmaceutical's conduct for which it was investigated, pled guilty, entered into a civil settlement with the United States, or entered into a CIA, including without limitation, an identification and explanation of each and every action You undertook to ensure that You were not engaging in the same or similar conduct, including, without limitation, any conduct pertaining to spreads in excess of 30% or any spread marketing activities.

**ANSWER:** Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid

and void, and no response from Abbott is required. Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

      25.     Identify and explain Your knowledge of Your Ross Products Division's conduct for which it pled guilty, entered into a civil settlement with the United States, or entered into a CIA, including without limitation, an identification and explanation of the date or timing of when You first learned of that conduct or when Your knowledge was first imputed to You through Your counsel's knowledge.

**ANSWER:** Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

26.    Identify and explain Your response to learning of Your Ross Products Division's
conduct for which it was investigated, pled guilty, entered into a civil settlement with the United
States, or entered into a CIA, including without limitation, an identification and explanation of
each and every action You undertook to ensure that You were not engaging in the same or
similar conduct in other divisions within Abbott, including, without limitation, any conduct
pertaining to spreads in excess of 30% or any spread marketing activities.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

27.    Identify what is, and explain the purpose of any "resource file or files" that refer,
relate or pertain to any of the Subject Drugs that are dated the time period from 1991 until 2003,
including, without limitation all electronic versions of any such resource file.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

28.    Identify what is, and explain the purpose of, any pricing analysis or analyses that
refer, relate or pertain to any of the Subject Drugs dated the time period from 1991 until 2003,
including, without limitation all electronic versions of any such documents and all documents
that include pricing analysis that may or may not be labeled "pricing analysis or analyses."

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

29.    Identify all communications between Kay Morgan, the former Abbott employee who is currently employed by First Databank, and any Abbott employee that refers, relates or pertains to prices, pricing practices, or any pricing compendia.

**ANSWER:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

Dated: January 18, 2008                    By:  /s/ Jason G. Winchester
                                                James R. Daly
                                                Tina M. Tabacchi
                                                Jason G. Winchester
                                                JONES DAY
                                                77 West Wacker
                                                Chicago, IL  60601-1692
                                                Telephone:  (312) 782-3939
                                                Facsimile:  (312) 782-8585


                                                R. Christopher Cook
                                                David S. Torborg
                                                JONES DAY
                                                51 Louisiana Avenue, N.W.
                                                Washington, D.C. 20001-2113
                                                Telephone:  (202) 879-3939
                                                Facsimile:  (202) 626-1700

                                                COUNSEL FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 18, 2008, a true and correct copy of the foregoing **DEFENDANT ABBOTT LABORATORIES, INC.'S RESPONSES TO THE UNITED STATES' THIRD SET OF INTERROGATORIES** were served upon:

Mark A. Lavine, Esq. **(By email)**
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132

Gejaa T. Gobena, Esq. **(By email)**
United States Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

James J. Breen, Esq. **(By email)**
Alison Simon, Esq.
The Breen Law Firm
3350 S. W. 148th Avenue, Suite 110
Miramar, FL 33029

/s/ Carol P. Geisler _____



Jan 18 2008
4:49PM

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) MDL No. 1456 ) Civil Action No. 01-12257-PBS |
| | ) ) |
| | ) Hon. Patti Saris ) |
| **THIS DOCUMENTS RELATES TO:** | ) ) |
| *United States of America ex rel. Ven-a-Care of the Florida keys, Inc., v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) ) |

## DEFENDANT ABBOTT LABORATORIES INC.'S RESPONSES TO THE UNITED STATES' FIFTH REQUEST FOR PRODUCTION

Defendant Abbott Laboratories Inc., ("Abbott") responds to the United States' Fifth

Request for Production ("Requests") as follows:

## REQUESTS FOR PRODUCTION

1.      All documents which mention, evidence or reflect summary pricing information pertinent to the Subject Drugs, including but not limited to:

(a)      all spreadsheets, charts, lists or tables created and/or maintained by Contract Marketing such as those known as Resource File(s) which contain pricing parameters, wholesale acquisition prices, group prices, prices segregated by class of trade, or RXLink prices; and

(b)      all spreadsheets, charts, lists or tables created and/or maintained by Finance such as those containing Average Selling Price (also known as ASP) or similar information.

(All responsive materials are requested to be produced in native electronic form such as Microsoft Excel, Microsoft Word, WordPerfect, or other native format.)

**RESPONSE:** Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

2.      All documents referred to in, or that relate to, all or part of the answers, objections or responses to any interrogatory or request for admission propounded upon Abbott by the United States or the Relator in this case, now, in the past or in the future.

**RESPONSE:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

3.      All documents reviewed, referenced, considered and/or relied upon in formulating all or part of the answers, objections or responses to any interrogatory or request for admission propounded upon Abbott by the United States or the Relator in this case, now, in the past or in the future.

**RESPONSE:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

4.      All documents that support or that provide all or part of the factual predicate(s) or basis(es) for any affirmative defense asserted by Abbott in this case, now, in the past or in the future.

**RESPONSE:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

     5.    All documents that support or that provide all or part of the factual predicate(s) or basis(es) for any denial of any allegation contained in the Amended Complaint filed by the United States in this case.

**RESPONSE:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid and void, and no response from Abbott is required.  Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

     6.    All documents that evidence, reflect, refer, relate or pertain to Abbott's reliance upon any advice of counsel defense that Abbott intends to rely upon in this case, including without limitation, all documents that reflect, refer, relate or pertain to the individual(s) who provided the advice; the individual(s) who sought the advice and why; the individual(s) who heard the advice; the nature of the reliance upon the advice and the effect of Abbott's reliance upon the advice of counsel.

**RESPONSE:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid and void, and no response from Abbott is required.  Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

     7.    All documents that evidence, reflect, refer, relate or pertain to any and all Medicare or Medicaid reimbursement for any of the Subject Drugs for the Relevant Time Period.

**RESPONSE:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid and void, and no response from Abbott is required.  Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

8.     All documents that evidence, reflect, refer, relate or pertain to Abbott's knowledge of the dollar volume or amount of any and all Medicare or Medicaid reimbursement for any of the Subject Drugs for the Relevant Time Period.

**RESPONSE:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

9.     All documents that evidence, reflect, refer, relate or pertain to Abbott's maintenance of any pricing analysis or analyses that refer, relate or pertain to any of the Subject Drugs that are dated during the Relevant Time Period, including, without limitation, all electronic versions of any such documents and all documents that include pricing analysis that may or may not be labeled "pricing analysis or analyses."

**RESPONSE:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

10.     All documents contained in former Abbott employee Kay Morgan's personnel file, working file(s) or other file(s), including electronic file(s).

**RESPONSE:**  Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

11.     All documents evidencing, reflecting, referring to, relating to, pertaining to, recording or memorializing communications between Kay Morgan after she left the employ of Abbott and any Abbott employee that refers, relates or pertains to prices, pricing practices, or any pricing compendia.

**RESPONSE:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

    12. All documents that evidence, reflect, refer, relate or pertain to Abbott's knowledge or understanding as to any state or federal Medicare or Medicaid employee's approval, ratification or disapproval of spreads or spread marketing.

**RESPONSE:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

    13. All documents that evidence, reflect, refer, relate or pertain to Abbott's knowledge of TAP Pharmaceutical's conduct for which it pled guilty, entered into a civil settlement with the United States, or entered into a CIA, including without limitation, all documents reflecting the date(s) on which Abbott first learned of that conduct or when Abbott's knowledge was first imputed to it through its counsel's knowledge.

**RESPONSE:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

    14. All documents that evidence, reflect, refer, relate or pertain to your contention that the United States, or any official thereof, approved of or ratified Abbott's price reporting conduct for the Subject Drugs to either the United States or any pricing compendia at any time from 1991 until the present.

**RESPONSE:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

     15. All documents that support or reflect your contention that any state, state or federal Medicaid office, or state agency, or any official thereof, approved of or ratified Abbott's price reporting conduct for the Subject Drugs to either the United States or any pricing compendia at any time from 1991 until the present.

**RESPONSE:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

     16. All documents that evidence, reflect, refer, relate or pertain to your contention that the United States, or any official thereof, approved of or ratified spreads on Abbott's products, including, without limitation, the Subject Drugs during the Relevant Period.

**RESPONSE:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

     17. All documents that evidence, reflect, refer, relate or pertain to any of the Subject Drugs which had a spread of greater than 30% during the Relevant Period.

**RESPONSE:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

18.     All documents relating or referring in any way to any surveys conducted of the prices of Abbott drugs.

**RESPONSE:** Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

19.     All documents that evidence, reflect, refer, relate or pertain to your contention that the United States, or any official thereof, approved of or ratified Abbott's creation or marketing of spreads, including, without limitation, the Subject Drugs during the Relevant Period.

**RESPONSE:** Abbott objects to this Request as untimely in light of Judge Saris' December 18,

2007 Order prohibiting further discovery requests in this action.  As such, this Request is invalid

and void, and no response from Abbott is required.  Abbott expressly reserves and does not

waive any other objections, in the event that Abbott is ultimately ordered to respond to this

Request by the Court.

Dated: January 18, 2008                    By: /s/ Jason G. Winchester
                                               James R. Daly
                                               Tina M. Tabacchi
                                               Jason G. Winchester
                                               JONES DAY
                                               77 West Wacker
                                               Chicago, IL  60601-1692
                                               Telephone:  (312) 782-3939
                                               Facsimile:  (312) 782-8585


                                               R. Christopher Cook
                                               David S. Torborg
                                               JONES DAY
                                               51 Louisiana Avenue, N.W.
                                               Washington, D.C. 20001-2113
                                               Telephone:  (202) 879-3939
                                               Facsimile:  (202) 626-1700

                                               COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2008, a true and correct copy of the foregoing **DEFENDANT ABBOTT LABORATORIES, INC.'S RESPONSES TO THE UNITED STATES' FIFTH SET OF REQUESTS FOR PRODUCTION** were served upon:

Mark A. Lavine, Esq. **(By email)**
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132

Gejaa T. Gobena, Esq. **(By email)**
United States Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

James J. Breen, Esq. **(By email)**
Alison Simon, Esq.
The Breen Law Firm
3350 S. W. 148th Avenue, Suite 110
Miramar, FL 33029

/s/ Carol P. Geisler _____

LEXISNEXIS FILE & SERVE
18133322
E-SERVICE
Jan 18 2008
5:05PM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

MDL No. 1456
Civil Action No. 01-12257-PBS

**THIS DOCUMENT RELATES TO:**

Hon. Patti Saris

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc. and Hospira, Inc.*

CIVIL ACTION NO. 06-11337-PBS

**DEFENDANT ABBOTT LABORATORIES INC.'S RESPONSES TO VEN-A-CARE OF THE FLORIDA KEYS, INC.'S FIRST SET OF INTERROGATORIES**

Defendant Abbott Laboratories Inc., ("Abbott") responds to Ven-A-Care of the Florida Keys, Inc.'s First Set of Interrogatories ("Requests") as follows:

**INTERROGATORIES**

1. If you contend that the Court lacks jurisdiction over any cause of action brought by either one or both of the Plaintiffs, including, but not limited to, the contention that the Court lacks subject matter jurisdiction based upon the "public disclosure bar" specified at 31 U.S.C. §3730(e)(4), please describe the complete factual basis for your contention, including which Plaintiff it applies to, and identify all information, including but not limited to, the knowledge of any witness or witnesses, supporting your contention. As part of your response, please identify each action over which you contend the Court lacks subject matter jurisdiction based upon the "public disclosure bar" specified at 31 U.S.C. §3730(e)(4), and, with respect to each action further identify and describe with specificity:

a. each public disclosure or disclosures;

b. each and every fact and all information of which you are aware which relates to such public disclosure or disclosures;

c. the time and date of each public disclosure or disclosures;

d. Each witness to the public disclosure or disclosures;

e.      The particular information (including drug product, NDC and pricing information) that you contend was "publicly disclosed" in each of the public disclosure or disclosures;

f.      all documents relating to each public disclosure or disclosure;

g.      the source or sources of the public disclosure or disclosures including, but not limited to, whether each public disclosure was of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government [General] Accounting Office report, hearing, audit, or investigation, or from the news media;

h.      all facts and information which you contend supports any contention by you that any action of the Relator was "based upon" the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government [General] Accounting Office report, hearing, audit, or investigation, or from the news media.

The time scope of this interrogatory is not limited to the time period of January 1, 1985 to the present and any response should include any "public disclosure", regardless of time period, that is responsive to this interrogatory.

**ANSWER:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

2.      If you contend that Abbott made full disclosure of its conduct alleged in this action to the Government please describe all facts and information supporting that contention.

**ANSWER:** Abbott objects to this Request as untimely in light of Judge Saris' December 18, 2007 Order prohibiting further discovery requests in this action. As such, this Request is invalid and void, and no response from Abbott is required. Abbott expressly reserves and does not waive any other objections, in the event that Abbott is ultimately ordered to respond to this Request by the Court.

January 18, 2008

By: /s/ Jason G. Winchester

James R. Daly
Tina M. Tabacchi
Jason G. Winchester
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585


R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700


COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2008, a true and correct copy of the foregoing **DEFENDANT ABBOTT LABORATORIES, INC.'S RESPONSES TO VEN-A-CARE OF THE FLORIDA KEYS, INC.'S FIRST SET OF INTERROGATORIES** were served upon:


Mark A. Lavine, Esq. **(By email)**
United States Attorney's Office
99 N.E. 4 Street
Miami, FL 33132


James J. Breen, Esq. **(By email)**
Alison Simon, Esq.
The Breen Law Firm
3350 S. W. 148th Avenue, Suite 110
Miramar, FL 33029

Gejaa T. Gobena, Esq. **(By email)**
United States Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044



/s/ Carol P. Geisler _____