UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. CV-03-229)<br>*County of Westchester v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00425) | |

[Caption Continues on Next Page]

**DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL COMMISSIONER OF NEW YORK STATE DEPARTMENT OF HEALTH AND THREE KEY WITNESSES TO COMPLY WITH SUBPOENAS**

| | |
|---|---|
| *County of Warren v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00468) | ) <br> ) |
| *County of Greene v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00474) | ) <br> ) |
| *County of Saratoga v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00478) | ) <br> ) |
| *County of Columbia v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00867) | ) <br> ) |
| *Essex County v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00878) | ) <br> ) |
| *County of Chenango v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00354) | ) <br> ) |
| *County of Broome v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00456) | ) <br> ) |
| *County of Onondaga v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00088) | ) <br> ) |
| *County of Tompkins v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00397) | ) <br> ) |
| *County of Cayuga v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00423) | ) <br> ) |
| *County of Madison v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00714) | ) <br> ) |
| *County of Cortland v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00881) | ) <br> ) |
| *County of Herkimer v. Abbott Labs. et al.* <br> (N.D.N.Y. No. 05-CV-00415) | ) <br> ) |
| *County of Oneida v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00489) | ) <br> ) |
| *County of Fulton v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00519) | ) <br> ) |
| *County of St. Lawrence v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00479) | ) <br> ) |
| *County of Jefferson v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00715) | ) <br> ) |
| *County of Lewis v. Abbott Labs., et al.* <br> (N.D.N.Y. No. 05-CV-00839) | ) <br> ) |
| *County of Chautauqua v. Abbott Labs., et al.* <br> (W.D.N.Y. No. 05-CV-06204) | ) <br> ) |
| *County of Allegany v. Abbott Labs., et al.* <br> (W.D.N.Y. No. 05-CV-06231) | ) <br> ) |
| *County of Cattaraugus v. Abbott Labs., et al.* <br> (W.D.N.Y. No. 05-CV-06242) | ) <br> ) |

| | |
|---|---|
| *County of Genesee v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| | ) |

## PRELIMINARY STATEMENT

Defendants seek the Court's assistance in obtaining, pursuant to lawfully issued subpoenas, documents and testimony critical to the proper disposition of claims brought by the City of New York and certain New York Counties (collectively, "the Counties"). The Counties have brought on their own behalf and purportedly on behalf of the State of New York and the United States claims for billions of dollars in alleged damages. *See* Revised First Amended Consolidated Complaint (hereinafter "RFACC"), ¶ 37. Despite the stakes at issue and the State of New York's supposed interest in the matter, Commissioner Richard F. Daines and the New York Department of Health (collectively, "NYDOH") have flatly refused to produce a single piece of paper or make any witness available for testimony on topics directly relevant to the Counties' allegations. The Court should use its power under 28 U.S.C. § 1407(b) to compel the NYDOH's compliance with Defendants' subpoenas.

## BACKGROUND

Despite their persistent efforts, Defendants have been unable to secure the NYDOH's compliance with validly issued subpoenas for documents and the testimony of three key current and former NYDOH witnesses. As the Court is aware, after multiple rounds of motions to dismiss, the Counties were ordered to provide a Revised First Amended Consolidated Complaint by September 30, 2007. *See* Case Management Order No. 33, Sept. 14, 2007 at ¶¶ 1 & 2 [Docket No. 4745]. The Court required various Defendants to file answers to the First Revised Amended Consolidated Complaint by October 26, 2007. *Id.* at ¶ 8. On December 7, 2007, Defendants served on the NYDOH a subpoena issued from the United States District Court for the Northern District of New York seeking testimony and documents related to the present action. *See* Declaration of Bryan R. Diederich ("Diederich Decl.") Ex. A.

An Assistant Attorney General contacted counsel for one of the Defendants on December 27, 2007 seeking to postpone the NYDOH's compliance with the subpoena. *See id.* Ex. B. [12/27/2007 letter from Asnis to Tretter]. The NYDOH claimed, through its counsel, that it had already produced a set of substantially overlapping documents in a separate state court action brought by the New York Attorney General in New York state court against three manufacturers alleging AWP fraud. *See id.* Counsel for Defendants agreed to review the documents produced in that state court action before insisting on compliance with their subpoena. Concluding that most of the State's very limited, prior production consisted of publicly-available materials, counsel for the Defendants wrote back to the NYDOH's attorney and asked that she confirm that a search for documents responsive to Defendants' subpoena had been made in the files of the relevant custodians at the NYDOH. *See id.* Ex. C [1/23/08 letter from Tretter to Asnis].

In response to Defendants' request, having failed to convince Defendants to accept as sufficient in this complex and high stakes litigation a smattering of publicly available documents, the NYDOH adopted a new tack. On January 28, 2008, counsel for the NYDOH wrote to counsel for Defendants and flatly objected to the subpoena, claiming alternatively that the subpoena is overly broad and that it seeks irrelevant information. *See id.* Ex. D [1/28/08 letter from Asnis to Tretter]. On January 30, 2008, counsel for the Defendants wrote to counsel for the NYDOH, explaining the critical importance and relevance of the information sought by the subpoena to the matter at hand. *See id.* Ex. E [1/30/08 letter from Tretter to Asnis]. Nonetheless, counsel for the NYDOH indicated that it did not intend to comply with the subpoena and would move to quash. *See id.* Ex. F [2/15/08 letter from Asnis to Tretter].

Simultaneously with the NYDOH subpoena, Defendants sought testimony and documents from three key former and current NYDOH employees – Mary Alice Brankman,

Michael Falzano, and Mark Richard Butts. *See* Exs. G, H, and I. The few documents that have been produced to date show that Ms. Brankman served, during the relevant time, as the Policy Director for the NYDOH, and was responsible for evaluating such important policy decisions as the State of New York's decision to reimburse multi-source drugs at a rate equal to the Federal Upper Limit or FUL. *See* Ex. J, at n.1 and attached exhibits [1/30/08 letter from Tretter to Macmillan]. Michael Falzano, the documents suggest, as a Director in the Division of Medical Assistance, was intimately involved in the negotiations with the Pharmacists Society of the State of New York to end its eighteen year litigation with the NYDOH that resulted in the current methodology for reimbursing brand drugs. *Id.* Mr. Butts, a current NYDOH employee, has responded to OIG study requests on behalf of the NYDOH, including the study request that resulted in the 2002 reports. *Id.*

Nevertheless, on January 25, 2008, Gregor N. Macmillan, Director, Bureau of Health Insurance Programs, NYDOH, wrote to counsel for the Defendants, purporting to represent each of these witnesses, and refused to make them available, claiming alternatively burden and that the "documents and information" sought "are neither relevant to the issues in the underlying complaint nor reasonably calculated to lead to the discovery of admissible evidence." *See* Ex. K [1/25/08 letter from Macmillan to Tretter]. Subsequent correspondence has failed to convince Mr. Macmillian or the NYDOH to abandon this specious position. *See* Exs. J [letter from Tretter to Macmillan] and L [2/1/08 letter from Macmillan to Tretter].

## ARGUMENT

The Court should compel the NYDOH and each of the three witnesses to comply with the subpoenas promptly. Because discovery in this case, along with many others, has been consolidated before this Court as a part of an MDL, the Court is authorized to exercise the

powers of a district judge in the District for the Northern District of New York. *See* 28 U.S.C. § 1407(b). Consequently, the Court can compel compliance with a subpoena issued from that District. *See United States ex. rel. Pogue* v. *Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 273-75 (D.D.C. 2002) (MDL judge can compel compliance with a subpoena issued by another federal district court); *In re Sunrise Secs. Litig.*, 130 F.R.D. 560, 586 (E.D. Pa. 1989) (same).[1] The Court can and should exercise that power here. To do otherwise would hobble the Defendants' case development, leave them without any ability to test core contentions in the Counties' complaint, and unnecessarily subject them to the risk of discovery rulings that are inconsistent with the substantive legal rulings that will ultimately determine the outcome in this case. The information requested by Defendants is indisputably relevant to the matter at hand, and the NYDOH can make no persuasive showing of burden sufficient to sustain its continued, complete defiance of the subpoenas.

I.  **THE DEFENDANTS SEEK DISCOVERY RELEVANT TO THE COUNTIES' CLAIMS.**

Parties to a civil action are entitled to seek discovery into "any matter . . . that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1); *De Silva* v. *Bluegreen Corp.*, No. 96-CV-0683, 1997 WL 375748 at *2 (N.D.N.Y. June 27, 1997). This standard is liberally construed, and encompasses even inadmissible evidence where the discovery of that material could reasonably lead to the discovery of admissible evidence. *See Daval Steel Prods.* v. *M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991). Under this broad standard, the NYDOH cannot credibly maintain that the information and testimony sought by Defendants' subpoenas is not subject to discovery.

---

[1] The Federal Courts may compel state agencies to comply with Federal subpoenas. *See Laxalt* v. *McClatchy*, 109 F.R.D. 632, 634 (D. Nev. 1986) (compelling Nevada State Gaming Commission compliance with federal subpoena).

10920680_3.DOC                                   4

First, the materials and testimony sought from the NYDOH and its current and former employees is relevant to the Counties' claims and is, therefore, subject to discovery. For example, the Counties allege that states like New York "must rely on AWP and FUL as proxies for EAC in large part because defendants purposefully and fraudulently conceal their true prices . . ." RFACC ¶ 113. The Defendants believe that this allegation is false, and intend to show it to be false by demonstrating that New York obtained much more information about drug prices than the Counties claim, and knowingly made policy-based decisions to adopt the reimbursement methodologies that it did to achieve particular objectives. Indeed, documents in Defendants' own files suggest that the NYDOH has had access to NDC-level Average Manufacturer Price or AMP information through its EPIC program since 1991 for most of the drugs at issue in this case. Consequently, Defendants have sought discovery on these issues, among others. *See* Diederich Decl. Ex. A. (Schedule A3-8, 10-12, 16-17; Schedule B3-7, 10-12, 18-20, 26-28). As described above, the witnesses' testimony is plainly relevant on these topics and others.

Second, aside from their plain relevance to the Counties' allegations, the materials and information sought by the subpoenas are also relevant to the defenses asserted by Defendants. At base, the Counties allege that they were defrauded by Defendants because they reimbursed providers on the basis of FULs or AWP without knowing how those prices were calculated and/or reported. Central to Defendants' defense is the contention that there can be no fraud where the government actors administering the program were aware of the meaning of the relevant pricing benchmarks. Thus, parts of the subpoena are directed to determining the extent to which NYDOH officials knew the bases of the AWP and FUL calculations. The same evidence is also relevant to statute of limitations defenses.

In its correspondence regarding the subpoenas, the NYDOH has suggested that this Court's June 21, 2007 Findings of Fact and Conclusions of Law and a decision by the intermediate New York appellate court, *Spitzer v. Pharmacia*, 39 A.D.3d 1117 (N.Y. App. Div. 2007), excuse it from complying with the subpoenas.  In *Pharmacia*, the court denied defendants certain discovery because "the causes of action" pled by the State "do no depend on an allegation that [the Medicaid] agenc[y] or [its] officials were deceived."  Instead, the court found that the plaintiff State of New York had assumed the burden of "prov[ing] that the Legislature had intended 'average wholesale price' to be based upon prices actually paid and that [drug manufacturers] were required to provide those prices rather than list prices to the reporting services."  *Id.* at 1118-19.  There, the focus of the pleading was claims asserted under the New York General Business Law § 349 and Executive Law § 63(12).  In contrast, the Counties assert common law fraud claims and allege violations of Social Services Law § 145-b.  These claims require a showing that the manufacturers' had an intent to defraud when reporting their prices (not some statutory duty to report prices in a particular manner) and necessarily depend on a showing that New York Medicaid and its officials relied on a false impression about published prices.  *See Zanett Lombardie, Ltd. v. Maslow*, 29 A.D.3d 495, 495-96 (N.Y. App. Div. 2006).  The fact that NYDOH officials were well aware of the limitations of both AWP and FUL is directly relevant to those elements of the Counties' claim.

It equally is hard to imagine (and the NYDOH has not specified) what aspects of this Court's June 21, 2007 Opinion might excuse compliance.  The discovery sought has been and is routine in the MDL.  It goes not only to issues on which the Counties bear the burden of proof, but also to affirmative defenses relating to, among others things, the statute of limitations.

Consequently, the NYDOH cannot avoid compliance with the subpoena on the basis of some claimed irrelevance.

## II.  THE NEW YORK DEPARTMENT OF HEALTH HAS FAILED TO ESTABLISH THAT ANY OF THE SUBPOENAS ARE EITHER OVERLY BROAD OR UNDULY BURDENSOME.

Nor can the NYDOH avoid its obligations under some other theory. The NYDOH has in correspondence with Defendants' counsel asserted boilerplate objections to the subpoenas on the basis of their alleged "overbreadth" and the attendant burden that compliance would impose on the NYDOH and its current and former employees. Where, as here, the requested materials and information are shown to be relevant to the matter, the Court may order production, even though the production will present a significant inconvenience to a non-party. *See Weiner* v. *Blackstone Partners, L.P.*, No. 04 Civ. 7757(NRB), 2005 WL 1560505, at *2 (S.D.N.Y. Jul. 1, 2005). More importantly, when weighing whether to impose the burden of production on the NYDOH, the Court should consider the relative value of the information. *Id.* at *1. As shown above, the documents and information possessed by the NYDOH are central to this matter. Even had the NYDOH made some particularized showing of burden (it has not), the need for the information would certainly outweigh those concerns.

In fact, the NYDOH should not even be treated as a non-party to this matter for discovery purposes. The Counties have claimed that this action is brought to recover not only the Counties' alleged overpayments, but also the State of New York's. *See* RFACC ¶ 37. The Counties, moreover, claim that the State of New York supports its action against Defendants and that the NYDOH has deputized the Counties' attorneys to represent the State of New York's interests in this litigation. *See* Pl.s' Surreply in Opp'n to Defs.' Joint Mot. to Dismiss at 7 n.6 [Docket No. 2638]; Decl. of Joanne M. Cicala in Opp'n to Mot. to Dismiss ¶ 5 [Docket No. 2463]. Meanwhile, the Counties, when presented with discovery requests, contend that virtually

any relevant and responsive materials are to be found with the NYDOH. The Court should not permit the NYDOH to essentially sponsor a litigation through surrogates while using those same surrogates as a shield from discovery. No ordinary litigant would be permitted to avoid responding to discovery requests equal in scope to those included in the subpoenas. There is no reason to allow the NYDOH a pass.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion to Compel should be GRANTED.

Respectfully submitted,

Schering-Plough Corporation, Schering Corporation, and Warrick Pharmaceuticals Corporation on behalf of all other Defendants identified in the Revised First Amended Complaint

/s/ John P. Bueker
John T. Montgomery (BBO#352220)
John P. Bueker (BBO#636435)
Bryan R. Diederich (BBO#647632)
Kim B. Nemirow (BBO# 663258)

ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: February 19, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2008, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456 and by facsimile and mail on counsel for the New York Department of Health and the witnesses subpoenaed.

/s/ Renee Coshin
Renee Coshin