# Exhibit D



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
**ANDREW M. CUOMO**
ATTORNEY GENERAL

# FAX TRANSMISSION

| | | | |
|---|---|---|---|
| Date | January 28, 2008 | Number of Pages (Including this page) | 3 |
| To | Lyndon M. Tretter, Esq. | | |
| Fax Number | (212) 918-3100 | | |
| From | Shoshanah V. Asnis, Esq., AAG | | |
| Remarks | | | |

Please see the attached.

| IF THERE IS A PROBLEM WITH THIS TRANSMISSION, PLEASE CONTACT | | | |
|---|---|---|---|
| Name | Valerie Paul | Office | Justice Building, Third Floor, Albany, NY |
| Phone No. | (518) 474-6009 | Fax No. | (518) 474-7172 |

### CONFIDENTIAL

The information contained in this facsimile is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this is strictly prohibited.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
*PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE. THANK YOU.*
THE CAPITOL, ALBANY, NY 12224-0341



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct: (518) 402-4579

January 28, 2008

**VIA FACSIMILE AND MAIL**

Lyndon M. Tretter, Esq.
Hogan & Hartson
875 Third Avenue
New York, NY 10022

Re:  *In re Pharmaceutical Industry AWP Litig.*
     MDL No. 1456 (D. Mass.) (Saris, J.)

Dear Mr. Tretter:

    I am in receipt of your letter dated January 23, 2008, relating to the non-party subpoena *duces tecum* and *ad testificandum* you issued to the New York State Department of Health (the "DOH") on December 7, 2007, returnable January 9, 2008, for documents and testimony (the "Subpoena"). Pursuant to an agreement between us, the Subpoena had been taken off calendar pending your review of documents and information previously produced in other AWP litigation and proffered to you on December 27, 2007, by the DOH, potentially in satisfaction of any DOH obligation pursuant to the Subpoena. Based upon your January 23, 2008, letter, I assume that the DOH proffer has been rejected and that you consider the Subpoena as once more "on calendar." Pursuant to that assumption, please let this letter serve as the DOH's objection to the Subpoena.

    The Subpoena is overbroad – especially with respect to its definitions (of, among others, the "Department of Health" and the "State of New York"), instructions (number 27, among others), subject areas of production (and presumed but unidentified subject areas of inquiry) and purported date restriction – and as such imposes an undue burden on DOH. Moreover, the Subpoena fails to make reference to and explain the purpose of an included "Schedule A," rendering compliance impossible, fails to allow reasonable time for DOH to comply therewith, imposes unreasonable expenses upon DOH, purports to require disclosure of privileged or other matter protected from disclosure to which no exception or waiver applies, purports to require voluminous documents to which your client has equal or better access from sources other than DOH, and seeks documents and information that are neither relevant to the issues in the underlying complaint nor reasonably calculated to lead to the discovery of admissible evidence.

Letter to L. Tretter, Esq.
January 28, 2008
Page 2

     For the reasons stated above, I request that we meet and confer regarding the exceedingly broad categories of documents you request in the Subpoena. To aid this process, please provide a written justification for each requested category of documents identified on page two of your January 23, 2008, letter, explaining how it is relevant to the issues in the complaint and why you require it. In addition, please provide an explanation of the testimony you seek and why you believe such testimony is relevant and required. I propose that we thereafter have a telephone conversation during which we can discuss our respective positions with respect to each category of documents and/or testimony, in an effort to find a compromise.

     In the event that you fail to provide DOH with any justification of your requests as discussed above, DOH will be forced to move to quash the Subpoena pursuant to, *inter alia*, Judge Saris' June 21, 2007, *Findings of Fact and Conclusions of Law*, and *Spitzer v. Pharmacia*, 39 A.D.2d 1117 (3d Dept. 2007), and seek from the Court a protective order. If forced to make such a motion, DOH will seek from the Court an order granting to it the fees and costs associated with making the motion.

     I look forward to hearing from you.

                                                     Very truly yours,

                                                    Shoshanah V. Asnis
                                                   Assistant Attorney General

cc:    Gregor N. Macmillan, Esq.
        Joanne Cicala, Esq.