# Exhibit G



Jan 15 2008 8:35PM

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) MDL No. 1456 ) ) Civil Action: 01-12257-PBS ) ) Judge Patti B. Saris ) ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

### NOTICE OF SUBPOENA
### FOR DOCUMENTS AND DEPOSITION TESTIMONY TO MARY ALICE BRANKMAN

PLEASE TAKE NOTICE THAT pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendants Bristol-Myers Squibb Company and Oncology Therapeutics Network Corp., by its attorneys Hogan & Hartson LLP, and on behalf of all defendants in the above-captioned actions, and pursuant to the subpoena attached hereto, will take the deposition of Mary Alice Brankman. Such deposition will be recorded by stenographic means and/or video and sound and will take place beginning at 10:00 a.m. Eastern Standard Time on February 6, 2008, and continuing on successive days as necessary, at the offices of Nixon Peabody LLP, Omni Plaza, 30 South Pearl Street, Albany, New York.

Defendants reserve the right to take subsequent depositions, not just on all material issues, but also on those issues raised by any documents produced after the date of this Notice.

PLEASE TAKE FURTHER NOTICE THAT the witness will be commanded to produce the documents set forth in Exhibit A.

You are invited to attend and participate.

Dated: January 15, 2008

By: /s/ Lyndon M. Tretter

Lyndon M. Tretter
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

*Attorneys for Defendants
Bristol-Myers Squibb Company and
Oncology Therapeutics Network Corp.*

## CERTIFICATE OF SERVICE

I, Hoa T. T. Hoang, certify that a true and correct copy of the foregoing Subpoena in A Civil Case was served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2 on January 15, 2008, by sending a copy to LEXIS NEXIS for posting and notification to all parties.

*/s/ Hoa T. T. Hoang*
Hoa T. T. Hoang

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>                 Plaintiff<br>v.<br><br>THIS DOCUMENT RELATES TO CONSOLIDATED NEW YORK COUNTY ACTIONS<br><br>                 Defendants. | **SUBPOENA IN A CIVIL CASE**<br>MDL NO. 1456<br><br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br>(Case pending in D.Mass.) |

TO:    MARY ALICE BRANKMAN
          8 Conway Circle
          Albany, NY 12211

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Nixon Peabody LLP, Omni Plaza, 30 South Pearl Street, Albany, NY 122072 | DATE AND TIME<br>February 6, 2008 at 10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See Schedule A, attached hereto.**

| PLACE<br>Law offices of Hogan & Hartson LLP, 875 Third Avenue, New York, New York, 10022, or at such other place as may be convenient. | DATE AND TIME<br>February 6, 2008 by 5:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*<br>Attorney for Defendant Bristol-Myers Squibb Co. and Oncology Therapeutics Network Corp., (on behalf of all defendants in the Revised First Amended Consolidated Complaint dated June 8, 2007)) | DATE<br>January 15, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: Lyndon M. Tretter, Hogan & Hartson, 875 Third Avenue, New York, NY 10022. (212) 918-3000.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　(i) fails to allow reasonable time for compliance;
　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
　(iv) subjects a person to undue burden.

(B) If a subpoena

　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## INSTRUCTIONS AND DEFINITIONS

1. "Communication(s)" shall be used in a comprehensive sense as contemplated by the Federal Rules of Civil Procedure and shall refer to all transmissions of information, whether written or oral, and whether verbal or otherwise, including assertions by non-verbal conduct; communication includes, but is not limited to, notes, letters, memoranda, electronic mail, telegrams, invoices, telephone conversations, face-to-face meetings, and other similar forms of communication or correspondence.

2. "Department of Health" means the New York State Department of Health and refers to any past or present commissioners, deputy commissioners, officials, fiscal intermediaries or fiscal agents, third-party administrators, representatives, agents, assigns, attorneys, employees, divisions, bureaus, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control, and any of its predecessors, including the New York State Department of Social Services.

3. "Document" means any writing or recording of any kind, in any medium, whether written, graphic, pictorial, photographic, electronic, emails, phonographic, mechanical, taped, saved on computer disks, hard drives or data tapes or otherwise, and every non-identical copy. Different versions of the same document, such as different copies of a written record bearing different handwritten notations, are different documents within the meaning of the term as used. In cases where originals or original non-identical copies are not available, "document" includes copies of originals or copies of non-identical copies, as the case may be.

4. "EPIC" shall mean the Elderly Pharmaceutical Insurance Coverage program created pursuant to Title 3 of the N.Y. Elder Law.

5. "Medicaid" means the federal- and State-funded program of medical

assistance for needy persons operated by the State under Title XIX of the federal social security act and supervised by the Department of Health pursuant to § 363-a of the New York Social Services Laws.

6. "Person" means any natural person or any business, legal, or governmental entity or association.

7. "Prescription Drug" means any drug or other product that requires a prescription, including, but not limited to, dual-channel drugs and "biological" products such as hemophilia factors and intravenous solutions.

8. "Regarding," "relate(d) to" and "relating to" shall mean relating to, regarding, consisting of, referring to, reflecting, manifesting, prepared in connection with, in comparison to, describing, containing, attesting to, or being in any way legally, logically, or factually connected with the matter discussed, whether directly or indirectly.

9. "State of New York," "State," or "New York" shall refer collectively to any New York State office, agency or body, including, but not limited to, the Office of the Attorney General, the Department of Public Health, the Department of Health, the State Comptroller, the State legislature, legislative committees, all successors and predecessors, and local social service districts, officials, agents, employees, commissions, boards, divisions, departments, agencies, instrumentalities, administrators and other persons or entities acting on their behalf and/or involved in administering, overseeing, or monitoring any State program, including Medicaid, that purchases or provides reimbursement for prescription drugs.

10. The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of

any verb shall include within its meaning all other tenses of the verb.

11. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

12. Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

13. If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

14. Provide the following information for each document withheld on the grounds of privilege:

    (a)  its date;

    (b)  its title;

    (c)  its author;

    (d)  its addressee;

(e) the specific privilege under which it is withheld;

(f) its general subject matter; and

(g) a description of it that you contend is adequate to support your contention that it is privileged.

15. These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

16. The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

17. Unless otherwise indicated in a specific area of inquiry, the relevant time period for the topics listed herein refer to documents, data and information created from January 1, 1992 to December 31, 2005, and the documents relating to such period even though created before that period.

18. To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

## **EXHIBIT A**

## **DOCUMENTS TO BE PRODUCED**

1. Your most current resume.

2. A job description for each position you held while employed by the Department of Health.

3. A job description for each position you have held since ending your employment with the Department of Health.

4. All documents relating in any way to the pricing of prescription drugs and/or the administration or dispensing of drugs under Medicaid or EPIC.