# Exhibit K

## *Fax Transmittal*

New York State Department of Health
Division of Legal Affairs
Bureau of Health Insurance Programs

TO:        **Lyndon M. Tretter, Exq**

FROM:      **Gregor Macmillan
           Director**

DATE:      **January 25, 2008**

SUBJECT:   **Pharmaceutical Industry AWP Litig.
           MDL No. 1456 (D. Mass.) (Saris, J.)**

**Number of Pages (including this page): 7**

Confidentiality Notice
This facsimile transmission (and or documents accompanying it) may contain information which is confidential under applicable law. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information may constitute a punishable violation of applicable law and is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents.

If there is any problem receiving this transmission, please contact Grace at (518) 408-1495 (Fax # 486-4834). Thank you.



# STATE OF NEW YORK
## DEPARTMENT OF HEALTH

Corning Tower    The Governor Nelson A. Rockefeller Empire State Plaza    Albany, New York 12237

Richard F. Daines, M.D.  
*Commissioner*

Wendy E. Saunders  
*Chief of Staff*

**By Facsimile to (212) 918-3100  
and First Class Mail**

January 25, 2008

Lyndon M. Tretter, Esq.  
Hogan & Hartson  
875 Third Avenue  
New York, New York 10022

Re:  *In re Pharmaceutical Industry AWP Litig.*  
MDL No. 1456 (D. Mass.) (Saris, J.)

Dear Mr. Tretter:

      I represent Ms. Mary Alice Brankman with regard to the non-party subpoena *duces tecum* and *ad testificandum* you issued on January 15, 2008, returnable February 6, 2008, for documents and testimony (the "Subpoena"), and write to object to such Subpoena. The Subpoena is overbroad – especially with respect to its definitions (of, among others, the "Department of Health" and the "State of New York"), instructions (number 12, among others), subject area of production and purported date restriction – and as such imposes an undue burden on Ms. Brankman. Moreover, the Subpoena fails to identify any subject areas for inquiry, rendering compliance impossible, fails to allow reasonable time for Ms. Brankman to comply therewith, imposes unreasonable expenses upon Ms. Brankman, purports to require disclosure of privileged or other matter protected from disclosure to which no exception or waiver applies, purports to require voluminous documents to which your client has equal or better access from sources other than Ms. Brankman, and seeks documents and information that are neither relevant to the issues in the underlying complaint nor reasonably calculated to lead to the discovery of admissible evidence.

      Subject to and without waiver of these objections, Ms. Brankman states that, upon review of Exhibit A thereto, *she has neither custody nor control of documents and information responsive to any of your requests*. Moreover, Ms. Brankman states that because the Subpoena fails to identify any subject areas of proposed inquiry, Ms. Brankman cannot determine whether she has any "responsive" information whatsoever to provide at any deposition.

For the reasons stated above, Ms. Brankman requests that you withdraw the Subpoena immediately. In the event that you fail to withdraw the Subpoena on or before January 30, 2008, Ms. Brankman will be forced to move to quash the Subpoena, pursuant to, *inter alia*, Judge Saris' June 21, 2007, *Findings of Fact and Conclusions of Law*, and *Spitzer v. Pharmacia*, 39 A.D.2d 1117 (3d Dept. 2007), and seek from the Court a protective order. If forced to make such a motion, Ms. Brankman will seek from the Court an order granting to her the fees and costs associated with making the motion.

I look forward to hearing from you.

Sincerely,

Gregor N. Macmillan
Director, Bureau of Health Insurance Programs

cc:  Shoshanah V. Asnis, Esq.
     Joanne Cicala, Esq.
     Mary Alice Brankman

 **STATE OF NEW YORK
DEPARTMENT OF HEALTH**

Corning Tower      The Governor Nelson A. Rockefeller Empire State Plaza      Albany, New York 12237

Richard F. Daines, M.D.  
*Commissioner*

Wendy E. Saunders  
*Chief of Staff*

**By Facsimile to (212) 918-3100  
and First Class Mail**

January 25, 2008

Lyndon M. Tretter, Esq.  
Hogan & Hartson  
875 Third Avenue  
New York, New York  10022

Re:   *In re Pharmaceutical Industry AWP Litig.*  
      MDL No. 1456 (D. Mass.) (Saris, J.)

Dear Mr. Tretter:

I represent Mr. Mark Richard Butt with regard to the non-party subpoena *duces tecum* and *ad testificandum* you issued on January 15, 2008, returnable February 5, 2008, for documents and testimony (the "Subpoena"), and write to object to such Subpoena.  The Subpoena is overbroad – especially with respect to its definitions (of, among others, the "Department of Health" and the "State of New York"), instructions (number 21, among others), subject area of production and purported date restriction – and as such imposes an undue burden on Mr. Butt.  Moreover, the Subpoena fails to identify any subject areas for inquiry, rendering compliance impossible, fails to allow reasonable time for Mr. Butt to comply therewith, imposes unreasonable expenses upon Mr. Butt, purports to require disclosure of privileged or other matter protected from disclosure to which no exception or waiver applies, purports to require voluminous documents to which your client has equal or better access from sources other than Mr. Butt, and seeks documents and information that are neither relevant to the issues in the underlying complaint nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these objections, Mr. Butt states that, upon review of Exhibit A thereto, *he has neither custody nor control of documents responsive to any of your requests.*  Moreover, Mr. Butt states that because the Subpoena fails to identify any subject areas of proposed inquiry, Mr. Butt cannot determine whether he has any "responsive" information whatsoever to provide at any deposition.

       For the reasons stated above, Mr. Butt requests that you withdraw the Subpoena immediately. In the event that you fail to withdraw the Subpoena on or before January 30, 2008, Mr. Butt will be forced to move to quash the Subpoena, pursuant to, *inter alia*, Judge Saris' June 21, 2007, *Findings of Fact and Conclusions of Law*, and *Spitzer v. Pharmacia*, 39 A.D.2d 1117 (3d Dept. 2007), and seek from the Court a protective order. If forced to make such a motion, Mr. Butt will seek from the Court an order granting to him the fees and costs associated with making the motion.

       I look forward to hearing from you.

                                     Sincerely,

                                     Gregor N. Macmillan
                                     Director, Bureau of Health Insurance Programs

cc:   Shoshanah V. Asnis, Esq.
      Joanne Cicala, Esq.
      Mark Richard Butt

 **STATE OF NEW YORK
DEPARTMENT OF HEALTH**

Corning Tower     The Governor Nelson A. Rockefeller Empire State Plaza     Albany, New York 12237

Richard F. Daines, M.D.                                          Wendy E. Saunders
*Commissioner*                                                    *Chief of Staff*

**By Facsimile to (212) 918-3100
and First Class Mail**

January 25, 2008

Lyndon M. Tretter, Esq.
Hogan & Hartson
875 Third Avenue
New York, New York  10022

Re:  *In re Pharmaceutical Industry AWP Litig.*
     MDL No. 1456 (D. Mass.) (Saris, J.)

Dear Mr. Tretter:

      I represent Mr. Michael Falzano with regard to the non-party subpoena *duces tecum* and *ad testificandum* you issued on January 15, 2008, returnable February 6, 2008, for documents and testimony (the "Subpoena"), and write to object to such Subpoena. The Subpoena is overbroad – especially with respect to its definitions (of, among others, the "Department of Health" and the "State of New York"), instructions (number 12, among others), subject area of production and purported date restriction – and as such imposes an undue burden on Mr. Falzano. Moreover, the Subpoena fails to identify any subject areas for inquiry, rendering compliance impossible, fails to allow reasonable time for Mr. Falzano to comply therewith, imposes unreasonable expenses upon Mr. Falzano, purports to require disclosure of privileged or other matter protected from disclosure to which no exception or waiver applies, purports to require voluminous documents to which your client has equal or better access from sources other than Mr. Falzano, and seeks documents and information that are neither relevant to the issues in the underlying complaint nor reasonably calculated to lead to the discovery of admissible evidence.

      Subject to and without waiver of these objections, Mr. Falzano states that, upon review of Exhibit A thereto, *he has neither custody nor control of documents and information responsive to any of your requests.* Moreover, Mr. Falzano states that because the Subpoena fails to identify any subject areas of proposed inquiry, Mr. Falzano cannot determine whether he has any "responsive" information whatsoever to provide at any deposition.

       For the reasons stated above, Mr. Falzano requests that you withdraw the Subpoena immediately. In the event that you fail to withdraw the Subpoena on or before January 30, 2008, Mr. Falzano will be forced to move to quash the Subpoena, pursuant to, *inter alia*, Judge Saris' June 21, 2007, *Findings of Fact and Conclusions of Law*, and *Spitzer v. Pharmacia*, 39 A.D.2d 1117 (3d Dept. 2007), and seek from the Court a protective order. If forced to make such a motion, Mr. Falzano will seek from the Court an order granting to him the fees and costs associated with making the motion.

       I look forward to hearing from you.

       Sincerely,

       Gregor N. Macmillan
       Director, Bureau of Health Insurance Programs

cc:   Shoshanah V. Asnis, Esq.
     Joanne Cicala, Esq.
     Michael Falzano