# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | 
| | MDL No. 1456 |
| | Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | |
| | Hon. Patti B. Saris |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.*, CIVIL ACTION NO. 06-CV-11337-PBS | Chief Magistrate Judge Marianne B. Bowler |

### RELATOR'S OPPOSITION TO ABBOTT LABORATORIES, INC.'S MOTION TO COMPEL VEN-A-CARE TO PROVIDE ADEQUATE RESPONSES TO ABBOTT'S FOURTH SET OF INTERROGATORIES

The Relator, Ven-A-Care of the Florida Keys, Inc. ("the Relator"), on its behalf and for the benefit of the United States of America, through its undersigned counsel, respectfully files this its Opposition to Abbott Laboratories, Inc.'s Motion to Compel Ven-A-Care to Provide Adequate Responses to Abbott's Fourth Set of Interrogatories and in support states as follows:

## I.  BACKGROUND

On June 23, 1995, Ven-A-Care filed this *qui tam* action under seal in the Southern District of Florida (the "Original Complaint").  The Original Complaint alleged claims against Abbott, as well as other drug manufacturers, for reporting false and fraudulent price and cost information for numerous drugs, causing inflated Medicare

and Medicaid reimbursement.[1] On March 17, 2006 the United States intervened and filed its complaint against Abbott and brought the same claims the Relator had, to wit that Abbott violated the False Claims Act through its inflated price reports for products of its HPD division. After the United States' intervention and the unsealing of this action, Abbott was served with redacted copies of the Relator's Original Complaint and all amended complaints filed under seal in the *qui tam* action.  However, Abbott knew of the case against it at least since 1999 when it received from the United States, with the Court's permission, a redacted copy of the Relator's Complaint.

On September 6, 2007, Abbott served Ven-A-Care with its Fourth Set of Interrogatories ("Interrogatories").  The Interrogatories are contention interrogatories that request Ven-A-Care to support contentions it made in its initial and amended qui tam complaints which are not the pleadings being litigated in the intervened action before the Court.[2]  The contentions which Abbott requested Ven-A-Care to support involve issues related to the public disclosure provisions of 31 U.S.C. §3730(e), Ven-A-Care's notice to Government officials of the fraud scheme perpetrated by Abbott, the Government's lack of knowledge of the prices actually paid for Abbott's drugs, and

---

[1] A detailed summary of the procedural history of the Relator's qui tam filings is located in Relator's Opposition to Abbott Laboratories, Inc.'s Motion to Dismiss or Partially Dismiss the United States' First Amended Complaint. [Docket 4662]

[2] Abbott argues that Ven-A-Care's position that it should not respond to contention interrogatories related to its qui tam pleadings is contrary to the positions stated in Ven-A-Care's Opposition to Abbott's Motion to Dismiss the United States' First Amended Complaint. [Docket 4662]  However, Ven-A-Care's position is consistent: Ven-A-Care is not litigating the entirety of the claims asserted in its earlier qui tam pleadings and has chosen to join with the United States' prosecution of only some of those claims in the instant action as alleged in the United States' First Amended Complaint.

Abbott's actions to impede the efforts of the Government to arrive at reasonable estimates of acquisition cost in setting payment amounts.  Ven-A-Care objected to the Interrogatories on various bases including that they are not reasonably calculated to lead to the discovery of relevant evidence in that they are "contention interrogatories" directed at the Relator's qui tam complaints rather than the operative pleading of both Plaintiffs in the instant action.  *See Response of Plaintiff Ven-A-Care of the Florida Keys, Inc. To Defendant Abbott Laboratories, Inc.'s Fourth Set of Interrogatories* attached as Exhibit A.  During the meet and confer, Ven-A-Care agreed to review its position on its objections in an attempt to reach a compromise among the parties.  Contrary to Abbott's Memorandum, Ven-Care did not promise to provide responses to any of the interrogatories at issue during the meet and confer.  However, Ven-A-Care did agree to review its position and ultimately proposed a compromise that it believed would resolve its objections and provide Abbott with discoverable information.  *See Letter to David S. Torberg dated November 7, 2007* attached as Exhibit B(notably not attached to the *Memorandum of Law in Support of Abbott Laboratories Inc.'s Motion to Compel Ven-A-Care to Provide Adequate Responses to Abbott's Fourth Set of Interrogatories*).  In sum, the compromise re-worded Abbott's interrogatories to clarify the information sought and to remove objectionable requests regarding Ven-A-Care's contentions.  Answers to the re-worded interrogatories would provide Abbott with the factual basis for statements made in Ven-A-Care's qui tam complaints.  However, Abbott insisted that it would not accept this proposal and insisted that Ven-A-Care should answer the interrogatories as originally written.  With respect to the interrogatory

3

related to the public disclosure provisions of 31 U.S.C. §3730(e), Ven-A-Care agreed to provide a response once Abbott[2] identified a public disclosure and, contrary to the statements in Abbott's Motion to Compel, provided Abbott with case law in support of its position. *See Letter to David S. Torberg dated November 9, 2007* attached as Exhibit C(notably not attached to the *Memorandum of Law in Support of Abbott Laboratories Inc.'s Motion to Compel Ven-A-Care to Provide Adequate Responses to Abbott's Fourth Set of Interrogatories*)

## II.  ARGUMENT

A. <u>Actions of the relator cannot prejudice the United States, and therefore contention interrogatories directed at the Relator's qui tam pleadings are inappropriate and will not lead to the discovery of relevant evidence.</u>

Federal Rule of Civil Procedure 33(a)(2) provides:

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Contention interrogatories are allowed generally by the rules and their purpose is to seek admissions that may narrow issues for trial. *Gadaleta v. Nederlandsch-Amerekaansche Stoomvart*, 291 F.2d 212, 213 (2d Cir. 1961)(stating "[a]nswers to interrogatories clearly may be utilized as admissions.")[3] However, a contention

---

[3]One Court, discussing the burdensomeness of contention interrogatories, states that "contention interrogatories must be considered on their own merits and by 'practical considerations of whether the need for the information outweighs the prejudice and burden to the interrogated party in divulging it.'" *Bonilla, et al. v. Trebol Motors Corporation, et al.,* 1997 U.S. Dist. Lexis 4370 (D. P.R. 1997)(citing *Mclain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 59, (quoting, *Roberson v. Great Amer. Ins. Co. of N.H.*, 48 F.R.D. 404, 414 (N.D. Ga. 1969)).

interrogatory is not properly posed to a Relator in an intervened *qui tam* case. Relators have a unique role in intervened *qui tam* cases as dictated by the *qui tam* provisions of the False Claims Act. The *qui tam* statute, 31 U.S.C. §3730(c)(1) states:

> If the Government proceeds with the action, it shall have the primary responsibility for prosecuting the action, and **shall not be bound** by an act of the person bringing the action.

(Emphasis added). The Relator can not bind the United States with an admission in an interrogatory response. Since the Relator can not bind the Government at trial or speak to the Government's contentions or positions, contention interrogatories directed toward a relator and its qui tam pleadings will not lead to the discovery of relevant evidence in the case and will not serve the purpose of limiting the issues in the case.

Abbott cites to *United States ex rel. O'Connell v. Champman Univ.*, 245 F.R.D. 646 (C.D. Cal. 2007) for the proposition that a relator in a qui tam action is required to answer contention interrogatories. However, the circumstances in that case are readily distinguishable from the instant case. The *O'Connell* action was declined by the Government and the relator, unlike the Relator in the instant action, was the primary party litigating the action. In the *O'Connell* case, the interrogatories requested information regarding the contentions in the pleadings at issue, not the contentions in previous pleadings filed under seal with the court prior to a separate Government intervention and intervention complaint. Since the Government has intervened in the case and since Ven-A-Care is not the party primarily prosecuting the instant action, Ven-A-Care's contentions in its previous qui tam pleadings are not relevant and are not at issue.

Ven-A-Care, in an effort to avoid litigating the matter, agreed to provide Abbott with factual information supportive of the statements in its qui tam complaints identified by Abbott's Interrogatories. Ven-A-Care reworded Abbott's Interrogatories and removed objectionable references to "contentions". For example, Abbott's Interrogatory Number 23 requests in part:

> State the basis for Ven-A-Care's contentions that "the Medicare and State Medicaid Programs" were "not aware of the prices actually paid for the [Subject Drugs] by the physician, clinic or pharmacy presenting the claim for payment" and that Abbott "concealed from the Medicare and State Medicaid Programs price reductions occurring due to competition in the marketplace." Ven-A-Care's Fourth Amended Complaint ¶ 147.

Ven-A-Care agreed to answer the following:

> Ven-A-Care will state the basis of its allegation that "Medicare and State Medicaid Programs are not aware of the prices actually paid for the [subject drugs] by the physician, clinic or pharmacy presenting the claim for payment" and the allegation that "the Defendants concealed from the Medicare and State Medicaid Programs price reductions occurring due to competition in the marketplace . . ."

*See Letter to David S. Torberg dated November 7, 2007*, p. 2, Exhibit B. However, Abbott inexplicably refused Ven-A-Care's proposal. Abbott has refused to acknowledge the nature of the Relator's role in the litigation and the inappropriateness of directing contention interrogatories to the Relator.

B.  <u>Abbott has misconstrued the operation of the public disclosure provisions of 31 U.S.C. §3730(e)(4) in interrogatory number 20 and attempts to shift its burden of showing a public disclosure onto the Relator with a burdensome and unreasonable discovery request.</u>

In short, interrogatory number 20 requests Ven-A-Care to show it is the "original source" of, and had "direct and independent knowledge" of, each and every allegation

6

in its initial qui tam complaint and in each of its four amended qui tam complaints. The request is directed at information that would be supportive of an "original source" exception to the operation of the public disclosure bar that could be interposed by the Relator in the event of judicial findings that (a) the allegations and transactions of Abbott's fraud were "publicly disclosed," within the meaning of § 3730(e)(4)(A), before the Relator filed his action, and (b) the Relator's claims are "based on" that public disclosure. To date, Abbott has not identified any such "public disclosure" or sought any such findings.  Section 3730(e)(4) provides as follows:

> (4) (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government [General] Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
>     (B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. 3730(e)(4).

A substantial body of federal authority establishes that "original source" is a protected status that a Relator can assert to overcome the "public disclosure" barrier, and that a Relator's obligation to demonstrate "original source" status thus arises only if the court first finds that the Relator's suit is "based on" a prior "public disclosure" of the wrongful conduct by the defendant that is the subject of the Relator's pleadings. Abbott, instead, seeks through overbroad interrogatory number 20 to shift the burden to the Relator to show that it is an "original source" without first alleging and obtaining

findings (a) that Abbott's particular wrongdoing was publicly disclosed, within the meaning of the False Claims Act, before the Relator filed its action, and (b) that the Relator's action is based on such a public disclosure.  *Unites States ex rel. Rost v. Pfizer et al.,* 446 F. Supp. 2d 6, 2006 U.S. Dist. Lexis 61720, **21 (D. Mass. 2006)(J. Tauro)(finding that the court will consider whether the plaintiff is an "original source" only if the court finds the allegations of fraud in the plaintiff's complaint were "publically disclosed" before the filing of the action and that the allegations were "based upon" that public disclosure);*U.S. ex rel. Mayfield, et al., v. Lockheed Eng'g Sci. Serv. Co.,* 2003 U.S. App. LEXIS 12820,*11-12(5th Cir. 2003); *U.S. ex rel. Springfield Terminal Ry. v. Quinn*, 14 F.3d 654, 651 (D.C. Cir. 1994) (court will proceed to "original source" inquiry "[i]f – and only if – the answer to the first question is in the affirmative"); *U.S. ex rel. Precision Co. v. Koch Industries*, 971 F.2d 548, 552 (10th Cir. 1992) (court must first determine whether action is "based upon the public disclosure of allegations or transactions";  if so, court must then determine whether plaintiff qualifies as an "original source."); *see also United States ex rel. Cooper v. Blue Cross and Blue Shield of Florida, Inc.*, 19 F. 3d 562, 565 (11th Cir. 1994)(stating that the court reaches the original source question only if it finds the plaintiff's suit is based on information publically disclosed and providing a detailed step by step procedure regarding the application of the public disclosure provisions of the False Claims Act).

Abbott indicated during the meet and confer and in its Motion to Compel that the above case law would be inapplicable because the public disclosure determination

would be made after the close of discovery at Summary Judgment.[4] Abbott has the cart so far ahead of the horse in its argument that the horse isn't even in sight. Additionally, Abbott has refused to acknowledge any application or instruction of those decisions to the instant discovery issue. We made it clear during our discussion at the meet and confer and in correspondence that Ven-A-Care merely contends that any interrogatory which requires a relator to explain why the relator may be an original source, must put the question in a context that will not be overly burdensome and that will permit a direct response that cannot later be misleadingly taken out of context. Therefore, Ven-A-Care agreed that once Abbott provides a specific "public disclosure" that it contends Ven-A-Care's allegations are based upon, then Ven-A-Care will state the basis for Ven-A-Care's rebuttal position; that its action is not barred by 31 U.S.C. §3730(e).

### III.  CONCLUSION

WHEREFORE the Relator, Ven-A-Care of the Florida Keys, Inc. requests that this Court deny the Defendant Abbott's Motion to Compel in its entirety.

---

[4] Abbott cites *U.S. ex rel. O'Keefe v. Sverdup Corp.*, 131 F. Supp. 2d 87(D. Mass. 2001)(J.Saris) for the proposition that issues of original source and public disclosure are resolved at summary judgment. While it is true that public disclosure issues may generally be decided at summary judgment, it does not follow that the burden of proving the existence or non-existence of a public disclosure shifts to the relator and that the relator should have to put forth evidence that it is the original source of each and every statement in its qui tam complaint and amended complaints regardless of the existence of or allegation of a public disclosure.

Respectfully submitted,

For the Relator, Ven-a-Care of the Florida Keys, Inc.,

 **/s/ Alison W. Simon**
James. J. Breen
Alison W. Simon
The Breen Law Firm
3350 S.W. 148th Avenue, Suite 110
Miramar, FL 33027
Tel: (954) 874-1635
Fax: (954) 874-1705
Email: jbreen@breenlaw.com

Sherrie R. Savett
Susan Schneider Thomas
Gary L. Azorsky
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

Jonathan Shapiro
Stern, Shapiro, Weissberg & Grain LLP
90 Canal Street
Boston, MA 02114-5800
Tel: (617) 742-5800
Fax: (617) 742-5858

Dated: February 19, 2008

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have this day caused an electronic copy of the above Relator's' Motion to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: February 19, 2008

                                                    **/s/ Alison W. Simon**