# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION _____ | )<br>)<br>)<br>)<br>) |
| | )  MDL No. 1456<br>)  Civil Action No. 01-12257-PBS<br>) |
| THIS DOCUMENT RELATES TO: | )  Hon. Patti Saris<br>)<br>) |
| *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc. and Hospira, Inc.,* CIVIL ACTION NO. 06-11337-PBS | )<br>)<br>)<br>)<br>)<br>) |

**RESPONSE OF PLAINTIFF
VEN-A-CARE OF THE FLORIDA KEYS, INC.
TO DEFENDANT ABBOTT LABORATORIES, INC.'S
<u>FOURTH SET OF INTERROGATORIES</u>**

VEN-A-CARE OF THE FLORIDA KEYS, INC. ("Plaintiff" or "Ven-A-Care"), by and through its undersigned counsel, files this its Response to Defendant, Abbott Laboratories, Inc.'s ("Defendant" or "Abbott") Fourth Set of Interrogatories and states:

**<u>GENERAL OBJECTIONS AND</u>
<u>SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>**

The "General Objections" and the "Specific Objections to Definitions and Instructions" contained in the "Answer and Objections of Relator/Plaintiff Ven-A-Care of the Florida Keys, Inc. to Defendant Abbott Laboratories, Inc.'s First Set of Interrogatories Propounded Jointly to the Plaintiffs" are incorporated herein by reference.

The Relator also objects to the double counting of the interrogatories.  CMO 29

provides that "Abbott may serve as many as 75 interrogatories to the United States and Relator, collectively." Therefore, Abbott's interrogatories should be numbered consecutively even though a particular interrogatory may be posed to only one of the two Plaintiffs.

## ANSWERS AND OBJECTIONS

**INTERROGATORY NO. 20 (to Ven-A-Care):** Separately for each of the Ven-A-Care Qui Tam Complaints, state the basis for Ven-A-Care's contentions that the Relator had "direct and independent knowledge of the information and is the 'original source' of the information" on which the allegations contained in each of the complaints relating to Abbott are based, and describe all facts that support Ven-A-Care's contentions that this information was voluntarily provided to the United States before filing the complaints. See Ven-A-Care's Original Complaint ¶ 4 (filed June 23, 1995); Ven-A-Care's Second Amended Complaint ¶¶ 4-5, 34 (filed Aug. 13, 1997); Ven-A-Care's Third Amended Complaint ¶¶ 4-5, 38-39 (filed Dec. 9, 1999); Ven-A-Care's Fourth Amended Complaint ¶¶ 18, 128 (filed Dec. 11, 2002); 31 U.S.C. § 3730(e)(4)(A) & (B). Identify any and all facts that support, concern, or refute Ven-A-Care's contention. As to each fact or event identified as supporting Ven-A-Care's contentions that it was an "original source" of information, your response should indicate the NDCs or J-Codes to which the fact or event relates and identify the specific date on which any referenced event occurred. Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. See Request No. 1 of Abbott's First Set of

2

Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**OBJECTION:**       All general objections and objections to the Definitions and Instructions are incorporated herein by reference.

Ven-A-Care also objects to the extent that the interrogatory seeks privileged information, including but not limited to, the attorney-client privilege, the work product privilege and the common interest privilege.

The interrogatory mischaracterizes and misstates the allegations of the Relator's qui tam complaints.  The interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

The interrogatory broadly requests Ven-A-Care to provide information establishing that it is the "original source" of each and every allegation contained in its four qui tam complaints against Abbott.   A substantial body of federal authority establishes that "original source" is a protected status that a Relator can assert to overcome the "public disclosure" barrier, and that a Relator's obligation to demonstrate "original source" status thus arises only if the court first finds that the Relator's suit is "based on" a prior "public disclosure" of the wrongful conduct by the defendant that is the subject of the Relator's pleadings.  Abbott seeks through this interrogatory instead to shift the burden to the Relator to show that it is an "original source" without first alleging and obtaining findings (a) that Abbott's particular wrongdoing was publicly disclosed, within the meaning of the False Claims Act, before the Relator filed its action, and (b) that the Relator's action is based on such a public disclosure.

Further, the interrogatory is not relevant to any issue before the court, nor is it

3

reasonably calculated to lead to the discovery of relevant evidence, because it is directed at allegations in the Relator's previous pleadings, which are not at issue in the present action.

To the extent that the interrogatory requests that Ven-A-Care state its compliance with the notification requirements of 31 U.S.C. §3730(b)(2), the interrogatory is not relevant and is not reasonably calculated to lead to the discovery of relevant evidence.  Abbott does not have standing to argue that the Relator has not complied with the notification requirements of 31 U.S.C. §3730(b)(2).

The interrogatory is overly broad and unduly burdensome to the extent the interrogatory requires production of all documents "that relate to the information in response to this interrogatory".  Furthermore, the interrogatory is overly broad and unduly burdensome to the extent that the interrogatory purports to require Ven-A-Care to draw pure conclusions of law.


**INTERROGATORY NO. 20 (to United States):**        Separately for each of the Ven-A-Care Qui Tam Complaints, if you agree with Ven-A-Care's contentions that it had "direct and independent knowledge of the information and is the 'original source' of the information" on which the allegations contained in each of the complaints relating to Abbott are based, and that Ven-A-Care voluntarily provided this information to the United States before filing the complaints, state the basis for your agreement. See Ven-A-Care's Original Complaint ¶ 4 (filed June 23, 1995); Ven-A-Care's Second Amended Complaint ¶¶ 4-5, 34 (filed Aug. 13, 1997); Ven-A-Care's Third Amended Complaint ¶¶ 4-5, 38-39 (filed Dec. 9, 1999); Ven-A-Care's Fourth Amended Complaint

¶¶ 18, 128 (filed Dec. 11, 2002); 31 U.S.C. § 3730(e)(4)(A) & (B).  Identify any and all

facts that support, concern, or refute Ven-A-Care's contentions. As to each fact or event

identified as supporting Ven-A-Care's contentions that it was an "original source" of

information, your response should indicate the NDCs or J-Codes to which the fact or

event relates and identify the specific date on which any referenced event occurred.  If

you disagree with any of Ven-A-Care's contentions, state the basis for your

disagreement and identify all facts that refute Ven-A-Care's contentions.  Please

produce all documents that were identified in response to this Interrogatory, that relate

to the information provided in response to this Interrogatory, or that were used in

preparing a response to this Interrogatory. See Request No. 1 of Abbott's First Set of

Requests for Production of Documents and Tangible Things to Plaintiff United States of

America; Request No.1 of Abbott's First Set of Requests.

**RESPONSE:**        Ven-A-Care asserts its objections to Interrogatory Number 20

directed to Ven-A-Care and will not respond to this interrogatory since it is expressly

directed at the United States.


**INTERROGATORY NO. 21:**        Separately for each of the Ven-A-Care Qui Tam

Complaints, identify by NDC and/or J-Code:  (a) each of the Subject Drugs that

Ven-A-Care had purchased prior to the filing of each complaint; and (b) each of the

Subject Drugs for which Ven-A-Care had received payment from Medicare Part B or

any State Medicaid Program prior to the filing of each complaint. State the dates,

prices, amounts, and selling entity of any purchases identified, and describe or produce

the evidence that shows Ven-A-Care purchased each Subject Drug identified in response to this Interrogatory on the date and at the price and amount identified. State the dates, payment amounts, and payor of any reimbursements identified, and describe or produce the evidence that shows Ven-A-Care received reimbursement for each Subject Drug identified in response to this Interrogatory on the date and at the amount identified.  Please produce all documents, including all purchase invoices or claims forms, that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. See Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**OBJECTION:**          All general objections and objections to the Definitions and Instructions are incorporated herein by reference.

Ven-A-Care also objects to the extent that the interrogatory seeks privileged information, including but not limited to, the attorney-client privilege, the work product privilege and the common interest privilege.

The term "Subject Drugs" is vague and confusing as written in that it is unclear whether the interrogatory requests information regarding the Abbott drugs listed in the United States Complaint or the Relator's qui tam complaints.  Furthermore, the instructions regarding the requested format of the answer to the interrogatory are confusing as written and harassing to the extent that they request the answer to be given separately for each of the Relator's qui tam complaints.

Again, the Relator objects to this interrogatory in that it requests information

6

related to previous pleadings not at issue in the instant action.  Without waiving its objections, Ven-A-Care has previously produced to the Defendant all of its pricing data, invoices, and claims data for the period in question.  Consequently, Abbott's request for Ven-A-Care to marshal evidence and compile information available to Abbott through a document review is unreasonable and overly burdensome.

Ven-A-Care objects to the extent that the interrogatory has multiple subparts not logically part of the basic interrogatory.  Ven-A-Care also objects to the extent the interrogatory is cumulative of other discovery requests.

**INTERROGATORY NO. 22:**        State the basis for the following contention made in paragraph 19 of Ven-A-Care's Fourth Amended Complaint: "VEN-A-CARE attempted to alert the responsible state and government officials to the scheme being perpetrated by the DEFENDANTS.  However, the government agencies lacked sufficient resources and expertise to adequately respond." Identify which responsible state and government officials Ven-A-Care contacted, as well as the date, location, and substance of those communications.  Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. See Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**OBJECTION:**        All general objections and objections to the Definitions and Instructions are incorporated herein by reference.

7

Ven-A-Care also objects to the extent that the interrogatory seeks privileged information, including but not limited to, the attorney-client privilege, the work product privilege and the common interest privilege.

The interrogatory is overly broad and not reasonably calculated to lead to the discovery of relevant evidence.  The interrogatory is improperly directed at allegations in the Relator's qui tam complaints rather than allegations in the United States First Amended Complaint, the operative pleading of both Plaintiffs in the instant action.

Ven-A-Care objects to the extent that the interrogatory has multiple subparts not logically part of the basic interrogatory.

**INTERROGATORY NO. 23:**        State the basis for Ven-A-Care's contentions that "the Medicare and State Medicaid Programs" were "not aware of the prices actually paid for the [Subject Drugs] by the physician, clinic or pharmacy presenting the claim for payment" and that Abbott "concealed from the Medicare and State Medicaid Programs price reductions occurring due to competition in the marketplace." Ven-A-Care's Fourth Amended Complaint ¶ 147.  Identify any and all facts that support, concern, or refute Ven-A-Care's contention.  Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. See Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**OBJECTION:**        All general objections and objections to the Definitions and

Instructions are incorporated herein by reference.

Ven-A-Care also objects to the extent that the interrogatory seeks privileged information, including but not limited to, the attorney-client privilege, the work product privilege and the common interest privilege.

The interrogatory is overly broad and not reasonably calculated to lead to the discovery of relevant evidence.  The interrogatory is improperly directed at allegations in the Relator's qui tam complaints rather than allegations in the United States First Amended Complaint, the operative pleading of both plaintiffs in the instant action.

Ven-A-Care objects to the extent that the interrogatory has multiple subparts not logically part of the basic interrogatory.


**INTERROGATORY NO. 24:**        In paragraph 38 of the United States' Complaint, plaintiffs allege: "No government payor knew of or sanctioned Abbott's conduct as set forth in this Complaint, i.e., its deliberate manipulation of its published prices for certain of its  products to induce its Customers to purchase those products." This interrogatory seeks clarification regarding the meaning of, and the factual basis for, that allegation. Explain what you mean by Abbott's "deliberate manipulation of its published prices for certain of its products to induce its Customers to purchase those products" and identify the factual basis for your contention, including the factual basis for your allegations that Abbott set the prices for the drugs at issue in this case "to induce Customers to purchase those products."  To the extent that the conduct set forth in paragraph 38, which plaintiffs contend no government payor was aware of or sanctioned, goes beyond "deliberate manipulation of its published prices," identify all other conduct meant to be

9

encompassed within this contention. In particular, clarify if plaintiffs contend that no government payor was aware of the differences between the actual sales prices in the marketplace and published prices for the Subject Drugs (i.e., the "spread"). If so, identify the time period during the Relevant Claim Period for which you allege no government payor was aware of the spread for the Subject Drugs, and state the basis for that contention.  Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. See Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**OBJECTION:**        All general objections and objections to the Definitions and Instructions are incorporated herein by reference.  All objections asserted in the United States Objections and Responses to Defendant Abbott's Fourth Set of Interrogatories by the United States in its general objections, objections to the Definitions and Instructions and specific objections in response to this interrogatory are also incorporated herein by reference.

Ven-A-Care also objects to the extent that the interrogatory seeks privileged information, including but not limited to, the attorney-client privilege, the work product privilege and the common interest privilege. Ven-A-Care objects to the service of this interrogatory jointly upon it and the United States as misleading and not in conformance with Federal Rule of Civil Procedure 33.  In accordance with Federal Rule of Civil Procedure 33, the United States will respond to the interrogatory. This Interrogatory is

10

further overly broad and unduly burdensome to the Relator because the information requested is directed at the Plaintiff's contentions about the claims of the United States in this cause and the government has proceeded with this action on behalf of the United States pursuant to 31 U.S.C. §3730.  Accordingly, the United States is the proper party to provide Answers and Objections to this Interrogatory.


**INTERROGATORY NO. 25:**      Explain why FULs were not established for each of the NDCs identified in paragraph 30 of The United States' First Amended Complaint. Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. See Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**OBJECTION:**      All general objections and objections to the Definitions and Instructions are incorporated herein by reference.  All objections asserted in the United States Objections and Responses to Defendant Abbott's Fourth Set of Interrogatories by the United States in its general objections, objections to the Definitions and Instructions and specific objections in response to this interrogatory are also incorporated herein by reference.

Ven-A-Care also objects to the extent that the interrogatory seeks privileged information, including but not limited to, the attorney-client privilege, the work product privilege and the common interest privilege. Ven-A-Care objects to the service of this

11

interrogatory jointly upon it and the United States as misleading and not in conformance with Federal Rule of Civil Procedure 33.  In accordance with Federal Rule of Civil Procedure 33, the United States will respond to the interrogatory. This Interrogatory is further overly broad and unduly burdensome to the Relator because the information requested is directed at the Plaintiff's contentions about the claims of the United States in this cause and the government has proceeded with this action on behalf of the United States pursuant to 31 U.S.C. §3730.  Accordingly, the United States is the proper party to provide Answers and Objections to this Interrogatory.

**INTERROGATORY NO. 26 (to Ven-A-Care):**   As to Abbott, state the basis for the following contention contained in paragraph 157 of Ven-A-Care's Third Amended Complaint:  "The DEFENDANTS have each knowingly and actively impeded the efforts of the Government:  to arrive at reasonable estimates of acquisition cost in setting payment amounts for claims for the specified drugs; to benefit from drug price competition; and to use the Government's huge volume purchasing power for the benefit of the taxpayer." Identify any and all facts that support, concern, or refute Ven-A-Care's contention.  Please produce all documents that were identified in response to this Interrogatory, that relate to the information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. See Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**OBJECTION:**        All general objections and objections to the Definitions and

Instructions are incorporated herein by reference.

Ven-A-Care also objects to the extent that the interrogatory seeks privileged

information, including but not limited to, the attorney-client privilege, the work product

privilege and the common interest privilege.

The interrogatory is overly broad and not reasonably calculated to lead to the

discovery of relevant evidence.  The interrogatory is improperly directed at allegations in

the Relator's qui tam complaints rather than allegations in the United States First

Amended Complaint, the operative pleading of the plaintiffs in the instant action.

Ven-A-Care objects to the extent that the interrogatory has multiple subparts not

logically part of the basic interrogatory.


**INTERROGATORY NO. 26 (to United States):**        In paragraph 157 of its Third

Amended Complaint, Ven-A-Care contends: "The DEFENDANTS have each knowingly

and actively impeded the efforts of the Government: to arrive at reasonable estimates

of acquisition cost in setting payment amounts for claims for the specified drugs; to

benefit from drug price competition; and to use the Government's huge volume

purchasing power for the benefit of the taxpayer." If you agree, as to Abbott, with

Ven-A-Care's contention, identify any and all facts that support or concern

Ven-A-Care's contention. If you disagree, as to Abbott, with Ven-A-Care's contention,

identify any and all facts that refute Ven-A-Care's contention.  Please produce all

documents that were identified in response to this Interrogatory, that relate to the

information provided in response to this Interrogatory, or that were used in preparing a response to this Interrogatory. See Request No. 1 of Abbott's First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America; Request No. 1 of Abbott's First Set of Requests.

**RESPONSE:**        Ven-A-Care asserts its objections to interrogatory number 26 directed to Ven-A-Care and will not respond to this interrogatory since it is expressly directed at the United States.


**INTERROGATORY NO. 27:**        Identify all individuals, whether HHS employees or not, involved in any manner in the drafting, preparation, or completion of the Brief of United States as Amicus Curiae (Dkt. No. 3014), filed on September 15, 2006.

**OBJECTION:**        All general objections and objections to the Definitions and Instructions are incorporated herein by reference.  All objections asserted in the United States Objections and Responses to Defendant Abbott's Fourth Set of Interrogatories by the United States in its general objections, objections to the Definitions and Instructions and specific objections in response to this interrogatory are also incorporated herein by reference.

Ven-A-Care also objects to the extent that the interrogatory seeks privileged information, including but not limited to, the attorney-client privilege, the work product privilege and the common interest privilege. Ven-A-Care objects to the service of this interrogatory jointly upon it and the United States as misleading and not in conformance with Federal Rule of Civil Procedure 33.  In accordance with Federal Rule of Civil

Procedure 33, the United States will respond to the interrogatory. This Interrogatory is further overly broad and unduly burdensome to the Relator because the information requested is directed at the Plaintiff's contentions about the claims of the United States in this cause and the government has proceeded with this action on behalf of the United States pursuant to 31 U.S.C. §3730.  Accordingly, the United States is the proper party to provide Answers and Objections to this Interrogatory.

DATED: October 26, 2007

For the Relator,
Ven-A-Care of the Florida Keys, Inc.


 /s/ Alison W. Simon
James J. Breen
Alison W. Simon
The Breen Law Firm
P. O. Box 297470
Pembroke Pines, FL  33029-7470
Phone:  954-874-1635
Fax: 954-874-1739

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above RESPONSE OF PLAINTIFF VEN-A-CARE OF THE FLORIDA KEYS, INC. TO DEFENDANT ABBOTT LABORATORIES, INC.'S FOURTH SET OF INTERROGATORIES to be served on the following counsel by electronic mail:

Daniel Reidy
James Daly
Tina M. Tabacchi
Brian J. Murray
Jones, Day, Reavis & Pogue
77 West Wacker
Chicago, Illinois 60601-1692
Tel: (312) 782-3939
Fax: (312) 782-8585
Email: jrdaly@jonesday.com

Martin F. Murphy
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600
Tel: (617)832.1213
Fax: (617)832.7000
Email: mmurphy@foleyhoag.com

R. Christopher Cook
David S. Torborg
Jones, Day, Reavis & Pogue
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: christophercook@jonesday.com

Neil Merkl
Paul F. Doyle,
Wlliam A. Escobar
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7811
Fax: (212) 808-7897
Email: nmerkl@kelleydrye.com

Helen E. Witt
Eric T. Gortner
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601
Email: hwitt@kirkland.com
Email: egortner@kirkland.com

Michael F. Hertz
Joyce R. Branda
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 307-1088
Fax: (202) 307-3852
Email: Renee.Brooker@usdoj.gov
Counsel for the United States

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S.
Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3398
Fax: (617) 748-3272
Email: George.henderson2@usdoj.gov
Counsel for the United States

Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for
the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Phone: (305) 961-9003
Fax: (305) 536-4101
Email: Mark.Lavine@usdoj.gov
Counsel for the United States

Dated: OCTOBER 26, 2007

/s/ Alison W. Simon
Alison W. Simon

17