# EXHIBIT C

The Breen Law Firm, P.A.

Attorneys and Counselors At Law
James J. Breen
Member of Florida & Georgia Bars
Alison W. Simon
Member of Florida Bar

PLEASE REPLY TO:
*The Florida Office*

November 9, 2007

David S. Torborg
Jones, Day, Reavis & Pogue
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2133

RE: *US ex rel. Ven-A-Care v. Abbott Laboratories*
In re: Pharmaceutical Industry Average Wholesale Price Litigation,
MDL No. 1456, Civil Action No. 01-12257-PBS

Dear Mr. Torborg:

This letter is in response to your letter dated November 7, 2007. We felt that our proposal was a reasonable compromise and are disappointed that our proposal does not resolve the dispute regarding the relator's objections to Abbott's Fourth Set of Interrogatories.

We disagree completely with your recollection of our representations in the meet and confer of October 31, 2007. During the call we discussed, at length, that the Relator objected to many of the interrogatories partly on the basis that they are worded as contention interrogatories directed at the Relator's qui tam pleadings rather than the United States' Complaint. We repeatedly voiced concerns over the contested interrogatories as written and requested that Abbott agree to a restatement of the interrogatories. During the call the request was refused. We told you that we'd consider your points and get back to you on our position within a week. We also stated that we would need to coordinate any responses with the Government since several of the interrogatories are directed to both parties. We never promised to respond to any interrogatory at issue as written. We considered the positions of the parties and decided to offer our compromise in writing in an effort to resolve the dispute without litigation. Our compromise with respect to interrogatories numbered 22, 23 and 26, in effect, restates the objectionable interrogatories so that they are no longer objectionable contention interrogatories. We believe that our responses to the proposed re-written interrogatories will ultimately provide you with the factual information that you seek. However, it appears with your November 7, 2007 letter you have again refused to restate your interrogatories to resolve our objections.

*Georgia Office*
5755 N. Point Parkway, #39, Alpharetta, GA 30022
Telephone: 770-740-0008, Facsimile: 770-740-9109

*Florida Office*
P. O. Box 297470, Pembroke Pines, FL 33029-7470
Telephone: 954-874-1635, Facsimile: 954-874-1705

With respect to Interrogatory Number 20, we believe we have provided a reasonable resolution to our dispute. We can not agree to attempt an answer to the interrogatory as written. You are, however, correct that I offered to provide you case law in support of the objection to Interrogatory No. 20 that a Relator's obligation to demonstrate "original source" status arises only if the court first finds that the Relator's suit is "based on" a prior "public disclosure" of the wrongful conduct by the defendant that is the subject of the Relator's pleadings. I apologize for that oversight. Some of the cases that support our position are: *U.S. ex rel. Mayfield, et al., v. Lockheed Eng'g Sci. Serv. Co.*, 2003 U.S. App. LEXIS 12820,*11-12(5th Cir. 2003); *U.S. ex rel. Springfield Terminal Ry. v. Quinn*, 14 F.3d 654, 651 (D.C. Cir. 1994) (court will proceed to "original source" inquiry "[i]f – and only if – the answer to the first question is in the affirmative"); *U.S. ex rel. Precision Co. v. Koch Industries*, 971 F.2d 548, 552 (10th Cir. 1992) (court must first determine whether action is "based upon the public disclosure of allegations or transactions"; if so, court must then determine whether plaintiff qualifies as an "original source."). However, you indicated during our meet and confer that such case law would be inapplicable because no public disclosure determination will be made until after the close of discovery. We believe that you are missing the import of these decisions. We made it clear during our discussion and in our last letter that we are not contending that Abbott must secure a determination that an allegation was based upon a specific public disclosure *before* we would be required to answer interrogatories regarding the "original source" issue. We have simply taken the position that any interrogatory which requires a relator to explain why the relator may be an original source, must put the question in a context that will not be overburdensome and that will permit a direct response that cannot later be misleadingly taken out of context. We believe that our position is consistent with the plain meaning of the pertinent FCA provisions and the case law.

Based upon your letter, we understand that you have refused to restate Abbott's interrogatories as proposed in our letter dated November 7, 2007. Please let us know if you will reconsider your position, so that we may have an amicable resolution to our dispute.

Sincerely,

/s/ Alison W. Simon
Alison W. Simon
For the Firm

cc: James J. Breen
Ana Maria Martinez
Justin Draycott

*Georgia Office*
5755 N. Point Parkway, #39, Alpharetta, GA 30022
Telephone: 770-740-0008, Facsimile: 770-740-9109

*Florida Office*
P. O. Box 297470, Pembroke Pines, FL 33029-7470
Telephone: 954-874-1635, Facsimile: 954-874-1705