UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris |

### SPECIALLY APPEARING COUNSEL'S OPPOSITION TO ASTRAZENECA DEFENDANTS' RENEWED MOTION FOR INJUNCTION

Specially appearing counsel for the plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund ("Local 68"), hereby opposes the Renewed Motion for Injunction filed by the AstraZeneca Defendants because, contrary to the assertions in the Motion, the undersigned counsel and their client, Local 68, have fully complied with this Court's directive at the September 11, 2007 hearing respecting the dismissal of "overlapping" claims and defendants in MDL 1456. This fact is demonstrated most clearly by the fact that <u>all other defendants</u> agreed with the unilateral action taken by Local 68 and its counsel to voluntarily dismiss certain claims and defendants from the New Jersey action by Motion filed October 19, 2007 with the New Jersey court, which Motion was granted by Consent Order of the court dated November 5, 2007. Indeed, after this Motion was filed and the Consent Order was entered by the New Jersey court, the AstraZeneca Defendants consented to the withdrawal of the prior Motion for Injunction, by a pleading entitled, "Certain Defendants' Withdrawal of Pleading Regarding New Jersey AWP Litigation," dated November 19, 2007 [at Docket No. 4891].[1]

---

[1] It is noteworthy that in the referenced pleading, the AstraZeneca Defendants claim they are taking the same position as the Johnson & Johnson Defendants with respect to one of their "related entities," Alza Corporation. Despite this apparent unity of position back in November, 2007, the Johnson & Johnson Defendants agreed with Local 68's voluntary dismissal and expressly advised this Court. *See* Certain New Jersey Defendants' Response to the Haviland Law Firm's Supplemental Memorandum in Support of Motion for Appointment as Class Counsel,

For the reasons set forth in the attached Memorandum in Opposition, specially-appearing counsel for Local 68, respectfully request that the AstraZeneca Defendants' Renewed Motion for Injunction be denied for each of the following reasons:

1. This Court lacks personal jurisdiction over the plaintiff, absent class members of the putative class in the New Jersey action, their counsel and the other defendants and their counsel;

2. The requested relief violates the explicit terms of the Anti-Injunction Act, 28 U.S.C. § 2283, and does not fall within any of the recognized exceptions, and

3. The requested injunction violates the *Rooker-Feldman Doctrine*; and

4. The requested relief is moot, since Local 68 has already fully complied with this Court's directive at the September 11, 2007 hearing.

For these reasons, and those set forth more fully in the Memorandum in Opposition to the AstraZeneca Defendants' Renewed Motion for Injunction, specially appearing counsel for Local 68 respectfully request that this Honorable Court deny the AstraZeneca Defendants' Motion.

## RULE 7.1(a)(2) CERTIFICATION

Undersigned counsel hereby certifies that the AstraZeneca Defendants' counsel did not attempt to confer with the specially appearing counsel for Local 68 in connection with this Motion, and they have not attempted in good faith to narrow or resolve the issues involved. Instead, AstraZeneca's counsel, after stipulating that the New Jersey court had jurisdiction over

---

dated October 2, 2007 [at Docket No. 4772] at 1 ("These New Jersey Defendants joining this submission are willing to agree that to the Proposed Consent Order as it sufficiently resolves their concerns with claims in the New Jersey action that overlap claims asserted in the MDL."). Consequently, the AstraZeneca Defendants stand alone in seeking such extraordinary relief from this Court with respect to the New Jersey action.

AstraZeneca PLC, sought only complete dismissal of the two entities at issue, without compromise. The first notice to specially appearing counsel that the Motion was filed was service of the same after it was filed. Accordingly, the Motion should be denied for the further reason that the movants failed to follow the mandatory proscriptions of this Court.

Date: February 19, 2008

Respectfully submitted,

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
**THE HAVILAND LAW FIRM, LLC**
740 South Third Street
Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400