UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | MDL No. 1456<br>C.A. No. 01-12257-PBS<br><br>Judge Patti B. Saris |

**SPECIALLY APPEARING COUNSEL'S MEMORANDUM OF LAW
IN OPPOSITION TO THE RENEWED MOTION FOR INJUNCTION
BY THE ASTRAZENECA DEFENDANTS**

Specially appearing counsel for Local 68 submits this Memorandum of Law in Opposition to the Renewed Motion for Injunction by the AstraZeneca Defendants seeking to have an injunction issued against them respecting the prosecution of the case captioned *International Union of Operating Engineers Local No. 68 Welfare Fund (An Unincorporated Trust) v. AstraZeneca PLC, et al.*, Civil Action No. L-3136-06 (N.J. Super. Ct., Monmouth County) ("the New Jersey action"). The Motion seeks to enjoin both the undersigned and Local 68 "from prosecuting overlapping claims and defendants" in the New Jersey Action. Mem. of Law at 1. However, because the undersigned already has complied with this Court's directive at the September 11, 2007 hearing - which forms the exclusive basis for the relief sought by the AstraZeneca Defendants - the Motion should be denied as moot. Further, since the Motion reaches far beyond that which this Court sought to protect against, *i.e.*, the litigation of overlapping claims, it should be denied for the additional reason that it seeks to extend this Court's exercise of its jurisdiction for beyond these parties and claims which "overlap" with this MDL. For these reasons, the Renewed Motion for Injunction should be denied.

**COUNTER-PRELIMINARY STATEMENT**

Obviously looking to inflame this Court, the AstraZeneca Defendants charged that the undersigned has "disregard[ed] this Court's direction to dismiss the claims and defendants in the New Jersey action that conflict with the MDL proceeding . . ." Mem. of Law at 1. They further charge that "[t]his is part of a pattern . . . of refusing to dismiss overlapping claims and defendants from state court actions . . ." *Id* at 2. Neither of these charges is accurate.

Indeed, the AstraZeneca Defendants stand alone in their accusation that Local 68 somehow has failed to comply with this Court's request. Even those defendants AstraZeneca once claimed it was joining with in refusing the stipulated dismissal of overlapping claims filed by Local 68 in New Jersey state court subsequently abandoned AstraZeneca, ultimately agreeing with Local 68 that what it had done was both appropriate and accorded fully with this Court's directive. *Compare* Certain Defendants' Withdrawal of Pleading Regarding New Jersey AWP Litigation [at Docket No. 4891] at 1 n. 1 (wherein the AstraZeneca Defendants sought to align themselves with the Johnson & Johnson Defendants as parties "who may seek appropriate relief from this Court" in the future), *with* certain New Jersey Defendants' Response to the Haviland Law Firm's Supplemental Memorandum in Support of Motion for Appointment as Class Counsel [Docket No. 4772] (wherein the Johnson & Johnson Defendants "agree[d] to the Proposed Consent Order as it sufficiently resolves their concerns with claims in the New Jersey case that overlap claims asserted in the MDL"). As the lone dissenting voice seeking an injunction against the New Jersey action, the AstraZeneca Defendants' pleading must be judged on its own merit by this Court.

It is remarkable that nowhere in the Renewed Motion for Injunction or Memorandum in Support do the AstraZeneca Defendants cite any rule of law for the relief they seek. As a result, no counter-argument of law is required by specially appearing counsel as the AstraZeneca

Defendants have completely failed to carry their burden of proving that an injunction is warranted or appropriate. Indeed, as was discussed at length in the recently-filed Memorandum in Opposition to the Defendants' Motion for an Injunction pertaining to the *Swanston* action,[1] the law in this area makes it extremely difficult for the AstraZeneca Defendants to obtain the sweeping injunctive relief they seek. And, under the circumstances here, such relief is wholly inappropriate.

Beyond completely failing to carry their legal burden, the AstraZeneca Defendants' factual bases for the requested injunction fall under their own weight. The AstraZeneca Defendants concede several important facts which undermine their claim that this Court can and should enjoin the further prosecution of the New Jersey action against two of them as allegedly "overlapping" with this MDL. They concede:

1. Neither Defendant on whose behalf the injunction is sought has been sued in this MDL;[2]

2. No claims are being pursued by MDL plaintiffs for any of the drugs manufactured, marketed or sold by AstraZeneca LP; and

3. AstraZeneca LP and AstraZeneca PLC are legally distinct entities under the law.[3]

Consequently, the record undermines the AstraZeneca Defendants' claim that either AstraZeneca LP or AstraZeneca PLC are "overlapping" defendants.

---

[1] *See* Memorandum in Opposition to Defendants' Motion for Injunction Against Robert J. Swanston and Donald E. Haviland from Pursuing Overlapping Claims and Defendants in *Swanston v. TAP Pharmaceutical Products, Inc., et al.* (incorporated by reference thereto to the extent it necessary in order to oppose the instant Renewed Motion for Injunction).

[2] *See* Mem. of Law at 5 (conceding that neither AstraZeneca PLC nor AstraZeneca LP were named as defendants in the MDL Complaint).

[3] *See* Mem. of Law at 2-3 (admitting that AstraZeneca LP is jointly owned by AstraZeneca Pharmaceuticals LP and Merck & Co., Inc. and that AstraZeneca PLC is a separate holding company separate and distinct from both AstraZeneca Pharmaceuticals LP and AstraZeneca LP).

The AstraZeneca Defendants' newfound theory that AstraZeneca LP and AstraZeneca PLC are "effectively the same as MDL Defendants," such that they "cannot be distinguished in any practical sense" is preposterous based on the contrary positions they have taken in the New Jersey action. Mem. of Law at 2. First of all, when AstraZeneca Pharmaceuticals LP improvidently removed the New Jersey action to federal court and had it transferred to MDL 1456, they never made any claim that all the AstraZeneca Defendants were "functionally equivalent," as they do here. Mem. of Law at 3. Indeed, in remanding the New Jersey action back to state court, this Court required that all named defendants manifest a separate consent to removal. *See generally, In re Pharmaceutical Industry Average Wholesale Price Litigation,* 431 F.Supp. 2d. 109 (D.Mass 2006). Second, in moving to dismiss the Local 68 Complaint in state court, the AstraZeneca Defendants made no claim of "functional equivalence;" instead, they argued that each of the four (4) entities were distinct companies which each had a right to know the specific claims the plaintiff was alleging against them. *See generally,* Joint Brief in Support in of Corporate Defendants' Motion to Dismiss and Brief of AstraZeneca PLC in Support of Motion to Dismiss on Lack of Personal Jurisdiction Grounds, attached hereto as Exhibits "A" and "B" of the Haviland Declaration. Third, after their Motion to Dismiss was denied, the AstraZeneca Defendants' filed an Answer to the Complaint which expressly identified the separate legal entities within the purported AstraZeneca "family" who were defending the case. *See* Answer, Defenses and R.4:5-1 Statements of Defendants AstraZeneca PLC, AstraZeneca Pharmaceuticals LP, and AstraZeneca LP, and Zeneca, Inc. to Plaintiff's Class Action Complaint at paragraphs 26-31 attached to the Haviland Declaration at Exhibit "C." Fourth, while the Motion to Dismiss was pending as to AstraZeneca PLC, AstraZeneca PLC agreed to withdraw its Motion and to stipulate to the jurisdiction of the New Jersey court. *See* Stipulation and Consent Order as to Personal Jurisdiction as to Personal Jurisdiction and Discovery attached to the Haviland Declaration as

4

Exhibit "D."  Nowhere in the Stipulation and Consent Order did AstraZeneca PLC reserve any objection to its submission to the jurisdiction of the New Jersey court on the basis of its alleged "functional equivalence" to any AstraZeneca defendant in the MDL.

Each of these pleading concessions in the New Jersey action should warrant the imposition of judicial estoppel against the AstraZeneca Defendants from claiming some variation of their corporate form in this Court, having had a full and fair opportunity to raise such matter as part of their improvident removal of the case.

### ARGUMENT

The AstraZeneca Defendants' argument is simply a regurgitation of erroneous factual claims they make about their various corporate entities that, until now, have pursued this litigation as separate and distinct legal entities.  No case law has been cited for the proposition that, when a defendant decides to settle a case, it can change its corporate standing in the lawsuit in order to obtain a complete release for what it deems a corporate "family."  Mem. of Law at 8.  Indeed, the only other time such an argument was attempted by a defendant in settlement of an AWP lawsuit, it was rejected by this Court as being overbroad.  *See In re Lupron Marketing and Sales Practices Litigation,* 228 F.R.D. 75, 95 (D.Mass 2005) (Stearns, J.)  (wherein intervenor counsel from the *Swanston* litigation argued effectively that the scope of the existing release would have released alleged co-conspirators).

5

6

WHEREFORE, specially appearing counsel respectfully requests this Honorable Court deny the AstraZeneca Defendants' Renewed Motion for Injunction.

Date: February 19, 2008                    Respectfully submitted,

                                           /s/ Donald E. Haviland, Jr
.                                          Donald E. Haviland, Jr., Esquire
                                           **THE HAVILAND LAW FIRM, LLC**
                                           740 South Third Street
                                           Third Floor
                                           Philadelphia, PA 19147
                                           Telephone: (215) 609-4661
                                           Facsimile: (215) 392-4400

                                           SPECIALLY APPEARING COUNSEL FO THE
                                           INTERNATIONAL UNION OF OPERATING
                                           ENGINEERS' LOCAL NO. 68 WELFARE FUND