**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
     AstraZeneca Pharmaceuticals LP, AstraZeneca
     LP, and Zeneca, Inc.

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND (AN UNINCORPORATED TRUST) <br><br> Plaintiff, <br><br> v. <br><br> ASTRAZENECA PLC, et. al., <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY MONMOUTH COUNTY - LAW DIVISION <br><br> Docket No. L-3136-06 <br><br> **NOTICE OF MOTION OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, AND ZENECA INC. TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |

TO:  Donald E. Haviland, Jr., Esq.     John E. Keefe, Jr., Esq.
      The Haviland Law Firm LLC     Lynch, Keefe & Bartels
      740 S. Third St., Third Floor     830 Broad Street
      Philadelphia, PA 19147     Shrewsbury, New Jersey 07702

**COUNSEL:**

    **PLEASE TAKE NOTICE** that on a date and time to be determined by the Court,

defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca, Inc. shall apply to

the Superior Court of New Jersey, Law Division, Monmouth County, for an Order pursuant to

New Jersey Court Rules 4:6-2(e) and 4:5-8(a) dismissing the Complaint for Failing to State a

Claim Upon Which Relief Can Be Granted;

**PLEASE TAKE FURTHER NOTICE** that movants shall rely upon the Joint Brief and

other papers in Support of this Motion to Dismiss filed by counsel for defendants Baxter

Healthcare Corporation and Baxter International, Inc.; and

**PLEASE TAKE FURTHER NOTICE** that oral argument has been requested, and that

a proposed Form of Order is submitted herewith.

                                        MCCARTER & ENGLISH, LLP
                                        Attorneys for  Defendant
                                        AstraZeneca PLC

                                        By: _____
                                              David J. Cooner
                                              A Member of the Firm

**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ  07101-0652
Tel.:  (973) 622-4444
Fax:  (973) 624-7070
Andrew T. Berry
David J. Cooner
Counsel for Defendant
AstraZeneca PLC

**DAVIS POLK & WARDELL**
450 Lexington Avenue
New York, NY 10017
Tel.:  (973) 622-4444
Fax:  (973) 624-7070
D. Scott Wise
Michael S. Flynn
Antoinette Greenaway Ellison
Kimberly D. Harris
National Counsel for Defendant
AstraZeneca PLC

Dated: October 10, 2006

2

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
    AstraZeneca Pharmaceuticals LP, AstraZeneca
    LP, and Zeneca, Inc.

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND (AN UNINCORPORATED TRUST) | SUPERIOR COURT OF NEW JERSEY MONMOUTH COUNTY - LAW DIVISION |
| Plaintiff, | Docket No. L-3136-06 |
| v. | **ORDER GRANTING THE MOTION OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, AND ZENECA INC. TO DISMISS THE COMPLAINT WITH PREJUDICE AND WITHOUT COSTS** |
| ASTRAZENECA PLC, et. al., | |
| Defendants. | |

**THIS MATTER** having been opened to the Court by McCarter & English, LLP, attorneys for defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca, Inc., seeking an Order dismissing the Complaint for Failure to State a Claim Upon Which Relief Can Be Granted; and the Court having reviewed all of the Briefs and other papers submitted in support of and in opposition to the Motion; and good cause having been shown;

**IT IS** on this           day of                      , 2006

**ORDERED** that the Motion of defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca, Inc. to dismiss the Complaint for Failure to State a Claim be and hereby is granted;

**IT IS FURTHER ORDERED** the Complaint be and hereby is dismissed with prejudice and without costs; and

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon all counsel of record within seven (7) days of the date of entry hereof; and

_____

Hon. Louis F. Locascio, J.S.C.

MEI\5888405.1

**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulbery Street
P.O. Box 652
Newark, NJ 07101-0652
Tel.: (973) 622-4444
Fax: (973) 624-7070
Attorneys for Defendant
AstraZeneca PLC

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND (AN UNINCORPORATED TRUST) | SUPERIOR COURT OF NEW JERSEY MONMOUTH COUNTY - LAW DIVISION |

INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL NO. 68
WELFARE FUND (AN
UNINCORPORATED TRUST)

      Plaintiff,

v.

ASTRAZENECA PLC, et. al.,

      Defendants.

SUPERIOR COURT OF NEW JERSEY
MONMOUTH COUNTY - LAW DIVISION

Docket No. L-3136-06

**NOTICE OF DEFENDANT
ASTRAZENECA PLC'S MOTION
TO DISMISS PURSUANT TO
N.J. CT. R. 4:6-2(b)**

**TO:** Donald E. Haviland, Jr., Esq.
   The Haviland Law Firm LLC
   740 S. Third St., Third Floor
   Philadelphia, PA 19147

   John E. Keefe, Jr., Esq.
   Lynch, Keefe & Bartels
   830 Broad Street
   Shrewsbury, New Jersey 07702

**COUNSEL:**

   **PLEASE TAKE NOTICE** that defendant AstraZeneca PLC shall move on

Friday, November 3rd, 2006 at 9:00 a.m., or as soon thereafter as counsel may be heard, for an

Order dismissing the Complaint and all claims against defendant AstraZeneca PLC, with

prejudice, pursuant to N.J. Ct. R. 4:6-2(b); and

ME1\5844235.1

PLEASE TAKE FURTHER NOTICE that in support of this motion, defendant shall rely upon the Memorandum of Law and Affidavits of Ann Booth-Barbarin and Adrian Charles Noel Kemp, which are filed simultaneously herewith; and

PLEASE TAKE FURTHER NOTICE that oral argument is requested in the event that this motion is opposed and that a proposed Form of Order is submitted herewith.

MCCARTER & ENGLISH, LLP
Attorneys for Defendant
AstraZeneca PLC

By: _____
David J. Cooner
A Member of the Firm

MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
Tel.: (973) 622-4444
Fax: (973) 624-7070
Andrew T. Berry
David J. Cooner
Counsel for Defendant
AstraZeneca PLC


DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017
Tel.: (973) 622-4444
Fax: (973) 624-7070
D. Scott Wise
Michael S. Flynn
Antoinette Greenaway Ellison
Kimberly D. Harris
National Counsel for Defendant
AstraZeneca PLC


Dated: October 10, 2006.

2

ME1\5844235.1

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND (AN UNINCORPORATED TRUST) | SUPERIOR COURT OF NEW JERSEY MONMOUTH COUNTY - LAW DIVISION |

INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL NO. 68
WELFARE FUND (AN
UNINCORPORATED TRUST)

                    Plaintiff,

v.

ASTRAZENECA PLC, et al.,

                    Defendants.

        :
        : SUPERIOR COURT OF NEW JERSEY
        : MONMOUTH COUNTY - LAW DIVISION
        :
        :
        : Civil Action No. L-3136-06

## AFFIDAVIT OF ADRIAN CHARLES NOEL KEMP IN SUPPORT OF DEFENDANT ASTRAZENECA PLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO N.J. CT. R. 4:6-2(b)

Adrian Charles Noel Kemp, being first duly sworn, deposes and states:

1.    I am over the age of 21, am under no disability, and am competent to testify to the matters contained in this Affidavit. I make this Affidavit in support of defendant AstraZeneca PLC's Motion to Dismiss Plaintiff's Complaint Pursuant to N.J. CT. R. 4:6-2(b). This Affidavit is based upon personal knowledge following my review of records, reports and other data compilations made and kept in the ordinary course of business of AstraZeneca PLC, by persons with knowledge at AstraZeneca PLC.

2.    I am Assistant Secretary of AstraZeneca PLC. AstraZeneca PLC is a public limited company organized under the laws of England and Wales. Its registered office is at 15 Stanhope Gate, London W1K, 1LN, England.

3.      AstraZeneca PLC indirectly owns 100% of Zeneca Inc., a Delaware corporation, and 100% of the partnership interests in AstraZeneca Pharmaceuticals LP, a Delaware limited partnership.  AstraZeneca PLC also indirectly owns a 99% partnership interest in AstraZeneca LP, a Delaware limited partnership.  Zeneca Inc., AstraZeneca Pharmaceuticals LP and AstraZeneca LP do not hold the authority to act as the agent for AstraZeneca PLC.

4.      AstraZeneca PLC has never manufactured, promoted, marketed, advertised, developed, designed, packaged, labeled, sold, distributed, or placed into the stream of commerce any products, including Zoladex®, Casodex®, Arimidex®, Diprivan, Nolvadex®, Cefotan®, Elavil Injection, Faslodex®, Foscavir®, Merrem®, Tenormin® Injection, Tomodex, Xylocaine Injection, Prilosec®, and Nexium®, in New Jersey or elsewhere in the United States.

5.      AstraZeneca PLC is not authorized or licensed to do business in New Jersey.

6.      AstraZeneca PLC does not do any business in New Jersey.

7.      AstraZeneca PLC does not engage in any service or solicitation in New Jersey with respect to any product.

8.      AstraZeneca PLC does not maintain any offices in New Jersey.

9.      AstraZeneca PLC does not rent or own any real or personal property in New Jersey.

10.     AstraZeneca PLC does not have any employees in New Jersey.

11.     AstraZeneca PLC does not have any bank accounts in New Jersey.

12.     AstraZeneca PLC does not have any telephone listing in New Jersey.

13.     AstraZeneca PLC does not have a registered agent in New Jersey.

14.     AstraZeneca PLC does not pay taxes in New Jersey.

2

15.     AstraZeneca PLC maintains no distributors, wholesalers, or other representatives in New Jersey.

16.     AstraZeneca PLC does not purposefully avail itself of the privilege of conducting activities in New Jersey.

FURTHER AFFIANT SAYETH NOT.

_____
Adrian Charles Noel Kemp
Assistant Secretary

Kingdom of England)
                  ) S.S.
City of London     )

ubscribed and sworn to
efore me this 9th day of October 2006

tary Public of the City of London, England

commission expires at death

**E.F.A. FOGAN**
**Notary Public of London, England**



3

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND (AN UNINCORPORATED TRUST) | : SUPERIOR COURT OF NEW JERSEY : MONMOUTH COUNTY - LAW : DIVISION : |
| Plaintiff, | : : |
| | : Civil Action No. L-3136-06 |
| v. | : : |
| ASTRAZENECA PLC, et al., | : : |
| Defendants. | : : |

### AFFIDAVIT OF ANN BOOTH-BARBARIN
### IN SUPPORT OF DEFENDANT ASTRAZENECA PLC'S MOTION TO DISMISS

Ann Booth-Barbarin, being first duly sworn, deposes and states:

1.      I am over the age of 21, am under no disability, and am competent to testify to the matters contained in this Affidavit.  I make this Affidavit in support of defendant AstraZeneca PLC's Motion to Dismiss Plaintiff's Complaint Pursuant to N.J. CT. R. 4:6-2(b).  This Affidavit is based upon personal knowledge following my review of records, reports and other data compilations made and kept in the ordinary course of business of AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca Inc. by persons with knowledge at each of these entities.

2.      I am Assistant Secretary of AstraZeneca Pharmaceuticals LP.  AstraZeneca Pharmaceuticals LP is a limited partnership organized under the laws of Delaware.  Its principal registered office is at 1800 Concord Pike, Wilmington, Delaware.

3.      I am also Assistant Secretary of AstraZeneca LP.  AstraZeneca LP is a limited partnership organized under the laws of Delaware.  Its principal registered office is at 1800 Concord Pike, Wilmington, Delaware.

4.      I am also Assistant Secretary of Zeneca Inc.  Zeneca Inc. is a Delaware corporation.  Its principal registered office is at 1800 Concord Pike, Wilmington, Delaware.

5.      I have reviewed the allegations in the Complaint in the above-captioned action.

6.      At all times relevant to the allegations contained in the Complaint, AstraZeneca Pharmaceuticals LP:

      a.      has controlled its own day-to-day business and operated in a manner independent from AstraZeneca PLC;

      b.      has had its own management team;

      c.      has had its own officers;

      d.      has determined its own pricing and marketing practices;

      e.      has had its own bank accounts and offices;

      f.      has implemented its own policies; and

      g.      has managed and paid its own employees.

7.      AstraZeneca Pharmaceuticals LP and AstraZeneca PLC have only one officer in common.  Tony Zook is President and Chief Executive Officer of AstraZeneca Pharmaceuticals LP and serves as Executive Vice President, North America.  Mr. Zook is also considered to be an officer of AstraZeneca PLC since he serves as a member of the Senior Executive Team established by the Chief Executive of AstraZeneca PLC.  He is not, however, employed by AstraZeneca PLC, has no contract for services with AstraZeneca PLC, and receives no compensation from AstraZeneca PLC.

8.      At all times relevant to the allegations contained in the Complaint, AstraZeneca LP:

      a.      has controlled its own day-to-day business and operated in a manner independent from AstraZeneca PLC;

      b.      has had its own management team;

      c.      has had its own officers;

d.    has determined its own pricing and marketing practices;

e.    has had its own bank accounts and offices;

f.    has implemented its own policies; and

g.    has managed and paid its own employees.

9.    AstraZeneca LP and AstraZeneca PLC have only one officer in common.  Tony
Zook is President and Chief Executive Officer of AstraZeneca LP and serves as Executive Vice
President, North America.  Mr. Zook is also considered to be an officer of AstraZeneca PLC
since he serves as a member of the Senior Executive Team established by the Chief Executive of
AstraZeneca PLC.  He is not, however, employed by AstraZeneca PLC, has no contract for
services with AstraZeneca PLC, and receives no compensation from AstraZeneca PLC.

10.    At all times relevant to the allegations contained in the Complaint, Zeneca Inc.:

a.    has controlled its own day-to-day business and operated in a manner
independent from AstraZeneca PLC;

b.    has had its own management team;

c.    has had its own officers;

d.    has determined its own pricing and marketing practices;

e.    has had its own bank accounts and offices;

f.    has implemented its own policies; and

g.    has managed and paid its own employees.

11.    Zeneca Inc. and AstraZeneca PLC have only one officer in common.  Jonathan
Symonds is Chairman of Zeneca Inc. and Chief Financial Officer of AstraZeneca PLC.  He also
serves as a member of the Senior Executive Team established by the Chief Executive of
AstraZeneca PLC.

3

FURTHER AFFIANT SAYETH NOT.

Ann Booth-Barbarin
Assistant Secretary

Subscribed and sworn to
before me this 9th day
of October, 2006.

Carolyn H. Micolucci
Notary Public of Delaware

My commission expires:

CAROLYN H. MICOLUCCI
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 10, 2010

4

McCARTER & ENGLISH, LLP
Four Gateway Center
Newark, New Jersey  07102
Telephone:     (973) 622-4444
Facsimile:     (973) 624-7070

and

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York  10017
Telephone:     (212) 450-4000
Facsimile:     (212) 450-3800

Attorneys for Defendant
AstraZeneca PLC

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND (AN UNINCORPORATED TRUST) | : : : : | SUPERIOR COURT OF NEW JERSEY MONMOUTH COUNTY - LAW DIVISION |
| Plaintiff, | : : : | Docket No. L-3136-06 |
| v. | : : | |
| ASTRAZENECA PLC, et al., | : : | |
| Defendants. | : : | |

--------------------------------------------------------------------------------
**BRIEF OF ASTRAZENECA PLC IN SUPPORT OF MOTION TO DISMISS ON LACK OF PERSONAL JURISDICTION GROUNDS**
--------------------------------------------------------------------------------

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ................................................................................................... ii

STATEMENT OF FACTS ..................................................................................................... 1

ARGUMENT ....................................................................................................................... 3

ASTRAZENECA PLC IS NOT SUBJECT TO JURISDICTION IN THIS ACTION .................... 3

A.    AstraZeneca PLC Lacks Sufficient Contacts with New Jersey to Render It Subject
      to Personal Jurisdiction ............................................................................................ 4

      1.    General Jurisdiction .......................................................................................... 5

      2.    Specific Jurisdiction .......................................................................................... 7

B.    The Exercise of Personal Jurisdiction Does Not Comport with Constitutional Due
      Process ................................................................................................................. 11

CONCLUSION .................................................................................................................. 14

i

# TABLE OF AUTHORITIES

### CASES

PAGE

*Armstrong v. Aramco Servs. Co.,*
    155 Ariz. 345, 746 P.2d 917 (Ct. App. 1987) ........................................................................4

*Asahi Metal Indus. Co. v. Superior Court of California,*
    480 U.S. 102 (1987) ...............................................................................................................8

*Bayway Refining Co. v. State Utilities, Inc.,*
    333 N.J. Super. 420, 755 A.2d 1204 (App. Div. 2000) .........................................................4

*Beckwith v. Bethlehem Steel Corp.,*
    182 N.J. Super. 376, 440 A.2d 1372 (Law Div. 1981) ..........................................................6

*Bovino v. Brumbaugh,*
    221 N.J. Super. 432, 534 A.2d 1032 (App. Div. 1987) .........................................................4

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) .........................................................................................................4,12

*Carfango v. Ace, Ltd.,* No. 04-6184 (JBS), 2005 WL 1523530
    (D.N.J. June 28, 2005) .........................................................................................................10

*Catalano v. Lease & Rental Mgmt. Corp.,*
    252 N.J. Super. 545, 600 A.2d 184 (Law Div. 1991) .........................................................3,5

*Copelco Capital, Inc. v. Shapiro,*
    331 N.J. Super. 1, 750 A.2d 773 (App. Div. 2000) ...............................................................6

*EF Operating Corp. v. American Bldgs.,*
    993 F.2d 1046 (3d Cir. 1993) ................................................................................................9

*Glickman v. Anderson,*
    269 N.J. Super. 59, 634 A.2d 562 (App. Div. 1993) ...........................................................11

*Hanson v. Denckla,*
    357 U.S. 235 (1958) .............................................................................................................11

*Hyams v. Halifax PLC,*
    No. A-1078-04T3, 2005 WL 3441230 (N.J. Super. Ct. App. Div. Dec. 16, 2005) .................6

*Interlotto, Inc. v. The Nat'l Lottery Admin.,*
    298 N.J. Super. 127, 689 A.2d 148 (App. Div. 1997) ...........................................................4

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310 (1945).................................................................................................11

*Katz v. Katz,*
    310 N.J. Super. 25, 707 A.2d 1353 (App. Div. 1998) ...............................................3

*Lucas v. Gulf & Western Indus., Inc.,*
    666 F.2d 800 (3d Cir. 1981)........................................................................................9

*O.O.C. Apparel, Inc. v. Ross Stores, Inc.,*
    No. Civ.A. 04-6409 (DMC), 2006 WL 1098249 (D.N.J. Mar. 31, 2006) ..............5,7

*Pfundstein v. Omni Group Inc.,*
    285 N.J. Super. 245, 666 A.2d 1013 (App. Div. 1995) ...................................*passim*

*Reliance Nat'l Ins. Co. in Liquidation v. Dana Transport, Inc.,*
    376 N.J. Super. 537, 871 A.2d 120 (App. Div. 2005) ...............................................3

*Seltzer v. I.C. Optics, Ltd.,* 339 F. Supp. 2d 601, 609-11 (D.N.J. 2004) ......................10

*Severinsen v. Widener Univ.,*
    338 N.J. Super. 42, 768 A.2d 200 (App. Div. 2001) .........................................4,5,8

*Stefansky v. Lagamba,*
    No. A-6265-03T1, 2005 WL 3211425 (N.J. Super. Ct. App. Div. Dec. 1, 2005).....................3

*Unicon Invs. v. Fisco, Inc.,*
    137 N.J. Super. 395, 349 A.2d 117 (Law. Div. 1975) ...............................................9

*Waste Mgmt. Inc. v. Admiral Ins. Co.,*
    138 N.J. 106, 649 A.2d 379 (1994)......................................................................4,11,12

*Williams v. Lakeview Co.,*
    199 Ariz. 1, 13 P.3d 280 (2000).................................................................................4

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286 (1980)..................................................................................................11

STATUTES & RULES

N.J. Ct. R. 4:4-4(b)(1)....................................................................................................3

N.J. Ct. R. 4:6-2(b).........................................................................................................1

**DEFENDANT ASTRAZENECA PLC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO N.J. CT. R. 4:6-2(b)**

Defendant AstraZeneca PLC respectfully submits this Memorandum of Law, together with the Affidavits of Adrian Charles Noel Kemp and Ann Booth-Barbarin, in support of its Motion to Dismiss Plaintiff's Class Action Complaint ("Complaint" or "Compl."). AstraZeneca PLC's motion to dismiss is grounded in Rule 4:6-2(b) of the New Jersey Rules of Court.

This Court lacks personal jurisdiction over AstraZeneca PLC because AstraZeneca PLC did not engage in any forum-directed conduct generally or in relation to Plaintiff's alleged injuries.[1]  Because AstraZeneca PLC does not have the requisite contacts with New Jersey and the exercise of jurisdiction would not satisfy due process of law, AstraZeneca PLC should be dismissed from this action.

## STATEMENT OF FACTS

The Complaint names four AstraZeneca entities among the dozens of defendants in this action.  Three of the AstraZeneca entities are in the United States and make no personal jurisdictional challenge:  AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca Inc. (Affidavit of Ann Booth-Barbarin, dated October 9, 2006 (hereinafter "Booth-Barbarin Aff.") ¶¶ 2-4.)  The fourth entity is AstraZeneca PLC, a holding company that is a public limited company organized under the laws of England and Wales.  (Affidavit of Adrian Charles Noel Kemp, dated October 9, 2006 (hereinafter "Kemp Aff.") ¶ 2.)  Although the three U.S.-based AstraZeneca entities are indirectly owned by AstraZeneca PLC (Kemp Aff. ¶ 3), they are separate corporate entities.  During all times relevant to the allegations contained in the Complaint, each of the three

---

[1] Because of the lack of personal jurisdiction over AstraZeneca PLC, AstraZeneca PLC does not address the substantive deficiencies of Plaintiff's Complaint as against it.  However, should the Court decide to exercise jurisdiction over AstraZeneca PLC, it is prepared to brief the issue.

U.S. entities: controlled its own day-to-day business; had its own management team; had its own officers; had its own bank accounts and offices; managed and paid its own employees; and implemented its own policies. (Booth-Barbarin Aff. ¶¶ 6-10.)

Plaintiff's Complaint, consisting of 321 numbered paragraphs, contains just one allegation directed to AstraZeneca PLC. (Compl. ¶ 27.) This conclusory allegation fails to set forth a single fact to support the conclusion that AstraZeneca PLC is subject to personal jurisdiction in New Jersey.

AstraZeneca PLC has never manufactured, promoted, marketed, advertised, developed, designed, packaged, labeled, sold, or distributed *any* products, pharmaceutical or otherwise, in New Jersey or elsewhere in the United States. (Kemp Aff. ¶ 4.) AstraZeneca PLC does not have any jurisdictional contacts with New Jersey, and has never placed any products (including the drugs allegedly at issue in this litigation) into the stream of commerce in New Jersey or elsewhere in the United States. (*Id.*) AstraZeneca PLC is not authorized or licensed to do business in New Jersey, and it does not in fact do any business in New Jersey. (Kemp Aff. ¶¶ 5-7.) AstraZeneca PLC does not maintain any offices, have any employees, pay any taxes, rent or own any real or personal property, or have any bank accounts in New Jersey. (Kemp Aff. ¶¶ 8-11, 14.) Nor does it have any phone listings or other contacts, such as a registered agent, distributor, wholesaler or other representative in New Jersey. (Kemp Aff. ¶¶ 12-13, 15.) Put simply, AstraZeneca PLC has not purposefully availed itself of the privileges of conducting *any* activities within the state of New Jersey, and Plaintiff does not allege any specific activity by AstraZeneca PLC which would subject it to the jurisdiction of this Court.

2

## **ARGUMENT**

### **ASTRAZENECA PLC IS NOT SUBJECT TO JURISDICTION IN THIS ACTION**

The New Jersey Rules of Court permit courts to exercise personal jurisdiction over any defendant consistent with due process of law. N.J. Ct. R. 4:4-4(b)(1). Thus, a New Jersey court may exercise personal jurisdiction over defendants to the "greatest extent allowable under the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Stefansky v. Lagamba*, No. A-6265-03T1, 2005 WL 3211425, at *1 (N.J. Super. Ct. App. Div. Dec. 1, 2005); *Katz v. Katz*, 310 N.J. Super. 25, 31, 707 A.2d 1353, 1356 (App. Div. 1998) ("A state court's exercise of *in personam* jurisdiction over a nonresident implicates the Due Process Clause of the Fourteenth Amendment.")

It is well-established that "[t]he party opposing a motion to dismiss for lack of personal jurisdiction bears the burden of proving sufficient contacts to justify the court's exercise of jurisdiction over the moving party." *Stefansky*, 2005 WL 3211425, at *1; *Reliance Nat'l Ins. Co. in Liquidation v. Dana Transport, Inc.*, 376 N.J. Super. 537, 546, 871 A.2d 120, 125 (App. Div. 2005) ("In the face of [the moving party's] assertion that New Jersey lacked personal jurisdiction over it, the burden rested upon [the opposing party] to establish such jurisdiction."); *Catalano v. Lease & Rental Mgmt. Corp.*, 252 N.J. Super. 545, 547, 600 A.2d 184, 185 (Law Div. 1991). In order to satisfy this burden, a plaintiff must "establish through sworn affidavits, certifications or testimony that defendant's contacts with New Jersey are sufficient to give [the] court *in personam* jurisdiction." *Catalano*, 252 N.J. Super. at 547, 600 A.2d at 185. Here, the Plaintiff cannot satisfy its burden because AstraZeneca PLC does not have sufficient contacts with New Jersey to subject it to personal jurisdiction consistent with the Due Process Clause of the United States Constitution. Of note, in August 2004, in another AWP-related action involving counsel

3

for Plaintiff, an Arizona state court dismissed AstraZeneca PLC for lack of personal jurisdiction in a lawsuit involving virtually identical claims.[2]  The same result should follow here.

**A.      AstraZeneca PLC Lacks Sufficient Contacts with New Jersey to Render It Subject to Personal Jurisdiction**

"A 'case-by-case analysis of defendant's relationship with the forum state' through the application of the 'minimum contacts' test ensures that the jurisdictional requirement of due process is met." *Interlotto, Inc. v. The Nat'l Lottery Admin.*, 298 N.J. Super. 127, 134, 689 A.2d 148, 152 (App. Div. 1997) (quoting *Waste Mgmt. Inc. v. Admiral Ins. Co.*, 138 N.J. 106, 122, 649 A.2d 379, 387 (1994)).  The minimum contacts test consists of two prongs, the first of which is to determine whether or not minimum contacts with the forum state exist at all.  *Id.*; *see also Severinsen v. Widener Univ.*, 338 N.J. Super. 42, 47, 768 A.2d 200, 202 (App. Div. 2001); *Bovino v. Brumbaugh*, 221 N.J. Super. 432, 436, 534 A.2d 1032, 1034 (App. Div. 1987).  The second prong, which is discussed below, concerns whether the contacts establish jurisdiction consistent with considerations of fair play and substantial justice. *Severinsen*, 338 N.J. Super. at 47, 768 A.2d at 202.

A defendant's contacts with the forum state may give rise to either general or specific personal jurisdiction.  "When a defendant has maintained continuous and systematic activities in the forum state, the defendant is subject to jurisdiction on any matter, irrespective of its relation to the state." *Bayway Refining Co. v. State Utilities, Inc.*, 333 N.J. Super. 420, 428, 755 A.2d 1204, 1208-09 (App. Div. 2000).  Under such circumstances, jurisdiction over that defendant is

---

[2]  Arizona's law on personal jurisdiction is similar to that of New Jersey. *See Armstrong v. Aramco Servs. Co.*, 155 Ariz. 345, 348, 746 P.2d 917, 920 (Ct. App. 1987) (holding that the limits of Arizona's long-arm statute are co-extensive with those of the federal due process clause); *see also Williams v. Lakeview Co.*, 199 Ariz. 1, 3, 13 P.3d 280, 282 (2000) ("Under either specific or general jurisdiction, 'the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State.'") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

4

considered "general." *Id.* Alternatively, if a defendant's contacts are not sufficient to establish general personal jurisdiction, a New Jersey court may exercise specific personal jurisdiction over the defendant if plaintiff's cause of action arises directly out of the defendant's contacts with the forum state. *Severinsen v. Widener Univ.*, 338 N.J. Super. 42, 47, 768 A.2d 200, 202 (App. Div. 2001).

It is impossible to discern from the Complaint whether Plaintiff intends to assert a general or specific theory of personal jurisdiction over AstraZeneca PLC. Regardless, Plaintiff does not, and cannot, allege an adequate factual basis to support either theory.

### 1.   General Jurisdiction

A plaintiff attempting to establish general personal jurisdiction over a defendant must show substantially more than limited contacts with the forum state. Indeed, "[i]f the contacts are isolated, random and attenuated, general jurisdiction will not lie." *Severinsen*, 338 N.J. Super. at 47, 768 A.2d at 202 (internal marks and citation omitted). Plaintiff must present facts, not mere conclusory allegations. *See Catalano*, 252 N.J. Super. at 547, 600 A.2d at 185 (noting that the plaintiff must support its assertion of jurisdiction with sworn affidavits, certifications or testimony).

New Jersey courts may consider various factors in determining whether a defendant has sufficient contacts with the state to permit the exercise of general personal jurisdiction. These include whether the defendant is licensed to do business in New Jersey; whether it transacts or solicits business in New Jersey; whether it pays taxes in New Jersey; whether it owns property in New Jersey; whether it sells products or services to forum residents; whether it maintains a bank account, office mailing address, agent for service of process or telephone number in New Jersey; or whether it has employees or representative in New Jersey. *See O.O.C. Apparel, Inc. v. Ross*

*Stores, Inc.*, No. Civ.A. 04-6409 (DMC), 2006 WL 1098249, at *3 (D.N.J. Mar. 31, 2006)

(considering whether defendant owned property, had employees, kept bank accounts, operated

any offices, maintained a mailing address, or designated an agent for the service of process in

New Jersey); *Hyams v. Halifax PLC*, No. A-1078-04T3, 2005 WL 3441230, at *5 (N.J. Super.

Ct. App. Div. Dec. 16, 2005) (considering whether defendants had offices, branches or

employees, were authorized to transact business, or paid taxes to the State of New Jersey);

*Copelco Capital, Inc. v. Shapiro*, 331 N.J. Super. 1, 7-8, 750 A.2d 773, 777 (App. Div. 2000)

(considering whether the defendant owned property or transacted business in New Jersey);

*Beckwith v. Bethlehem Steel Corp.*, 182 N.J. Super. 376, 380, 385, 440 A.2d 1372, 1374, 1377

(Law Div. 1981) (considering whether the defendant was licensed to do business, had employees

or agents, an agent for the service of process, owned property, or engaged in the production, sale

or distribution of products in New Jersey).  As demonstrated by the supporting Affidavit of Mr.

Kemp, AstraZeneca PLC has none of these types of contacts with New Jersey.

     The only jurisdictional allegations in the Complaint with respect to AstraZeneca PLC are:

> Defendant, AstraZeneca PLC … is a British corporation with its
> corporate headquarters, located at 15 Stanhope Gate, London W1K
> 1LN, U.K.  AstraZeneca PLC was formed on April 6, 1999
> through the merger of Astra AB of Sweden and Zeneca Group
> PLC of the United Kingdom.  AstraZeneca PLC researches,
> develops, and manufactures generic and brand name
> pharmaceutical drugs for use in seven therapeutic areas:
> cardiovascular, central nervous system, gastrointestinal, infection,
> oncology, pain control and anesthesia, and respiratory. …
> (Compl. ¶ 27.)

     These allegations are vague, conclusory and, as to AstraZeneca PLC, wholly incorrect.

AstraZeneca PLC has never manufactured, developed, marketed, distributed or sold *any* drug,

whether generic or brand name.  (Kemp Aff. ¶ 4.)[3]  Moreover, AstraZeneca PLC has had *no* jurisdictional contacts with New Jersey, much less the continuous and systematic contacts required to support the exercise of general jurisdiction.  AstraZeneca PLC is not authorized or licensed to do business in New Jersey and does not, in fact, do any business in New Jersey. (Kemp Aff. ¶¶ 5-7.)  In addition, AstraZeneca PLC has no offices, real or personal property, employees, bank accounts, telephone listings, or agents for service of process, nor does it pay taxes or have any distributors, wholesalers or other representatives in New Jersey.  (Kemp Aff. ¶¶ 8-15.)  Accordingly, there are no grounds upon which this Court may exercise general personal jurisdiction over AstraZeneca PLC.  *See O.O.C. Apparel, Inc.*, 2006 WL 1098249, at *3 (granting motion to dismiss on the grounds that defendant's contacts were not sufficiently continuous and systematic to give rise to general jurisdiction as defendant owned no property, had no employees, kept no bank accounts, operated no offices, maintained no mailing address, and had not designated an agent for the service of process in New Jersey); *Pfundstein v. Omni Group Inc.*, 285 N.J. Super. 245, 252-53, 666 A.2d 1013, 1016-17 (App. Div. 1995) (holding that the court lacked general jurisdiction over defendant on the grounds that defendant had no contacts with New Jersey, notwithstanding the forum contacts of defendant's subsidiary corporations).

## 2.    Specific Jurisdiction

Plaintiff's allegations also fail to support the exercise of specific personal jurisdiction by this Court over AstraZeneca PLC.  In order to establish specific personal jurisdiction, a plaintiff must advance facts sufficient to show that its claim arises out of or relates to defendant's contacts

---

[3] Nor did AstraZeneca PLC's predecessor, Zeneca Group PLC, ever manufacture, develop, market, sell or distribute any products, including generic or brand name pharmaceuticals, in New Jersey or elsewhere in the United States.

with the forum. *See Severinsen*, 338 N.J. Super. at 47, 768 A.2d at 202. If a defendant's forum-related contacts are not sufficiently connected to plaintiff's claim for the court to conclude that the claim arises out of those activities, specific jurisdiction does not exist. *See Pfundstein*, 285 N.J. Super. at 251, 666 A.2d at 1016 (indicating that where defendant "technically sued only on the Severance Agreement," forum contacts would only support the exercise of specific personal jurisdiction if the contacts were connected to the Severance Agreement).

As demonstrated *supra*, AstraZeneca PLC has not manufactured, sold or marketed any pharmaceutical products to New Jersey customers. Therefore, Plaintiff cannot demonstrate that AstraZeneca PLC engaged in conduct in New Jersey relating to its claims and any assertion of specific personal jurisdiction necessarily fails.

To the extent Plaintiff falls back on a stream of commerce theory in an attempt to salvage its deficient jurisdictional allegations, that theory is of no assistance here. The stream of commerce analysis was developed by the Supreme Court in *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987). In *Asahi*, a plurality of justices, led by Justice O'Connor, believed that the mere foreseeability that a manufacturer's product will find its way into the stream of commerce is insufficient to confer personal jurisdiction. *Id.* at 112. Rather, those four justices also required facts showing a "substantial connection" between the defendant manufacturer and the forum. *Id.* Justice O'Connor listed various examples of conduct that give rise to the requisite substantial connection between a foreign manufacturer and the forum, including: "establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Id.*

Here, AstraZeneca PLC has not manufactured or even designed, distributed, or marketed

8

products anywhere in New Jersey or elsewhere in the United States.  (Kemp Aff. ¶¶ 4.)  Further, the Complaint sets forth no specific facts establishing the type of conduct deemed sufficient in *Asahi* to create a substantial connection with the forum, such as establishing channels for providing regular advice to customers, or marketing the product through a distributor which has agreed to work as a sales agent in the forum.  Accordingly, the stream of commerce theory is inapplicable.

In the end, Plaintiff has alleged no more than a parent-subsidiary relationship between AstraZeneca PLC and the other AstraZeneca defendants that are currently subject to jurisdiction in this matter.  However, a parent-subsidiary relationship does not suffice to support the exercise of personal jurisdiction over a foreign parent corporation.  *See Lucas v. Gulf & Western Indus., Inc.*, 666 F.2d 800, 805-06 (3d Cir. 1981) ("Generally, a foreign corporation is not subject to the jurisdiction of the forum state merely because of its ownership of the shares of stock of a subsidiary doing business in the state.") (internal marks and citation omitted) (*abrogated on other grounds*, *EF Operating Corp. v. American Bldgs.*, 993 F.2d 1046 (3d Cir. 1993)); *Pfundstein*, 285 N.J. Super. at 252, 666 A.2d at 1016 ("It is well-established that the forum contacts of a subsidiary corporation will not be imputed to a parent corporation for jurisdictional purposes without a showing of something more than mere ownership."); *Unicon Invs. v. Fisco, Inc.*, 137 N.J. Super. 395, 401-02, 349 A.2d 117, 121 (Law Div. 1975).

An exercise of personal jurisdiction over a parent corporation based on the contacts of its subsidiary may be justified where the subsidiary is merely the alter ego or agent of the parent – where the parent so controls and dominates the subsidiary as to disregard the latter's independent corporate existence.  *See Lucas*, 666 F.2d at 806; *Pfundstein*, 285 N.J. Super. at 245, 253-54, 666 A.2d at 1016-17.  In determining whether the subsidiary is merely an agent or alter ego of the

9

parent, courts generally consider factors including common ownership; financial dependency; interference with a subsidiary's selection of personnel; the involvement of the parent's directors, officers and personnel with the subsidiary; disregard of corporate formalities; and control over marketing and operational policies. *See Carfango v. Ace, Ltd.,* No. 04-6184 (JBS), 2005 WL 1523530, at *6 (D.N.J. June 28, 2005); *Pfundstein,* 285 N.J. Super. at 253-54, 666 A.2d at 1017. Even though a parent may exercise a considerable amount of influence over its subsidiary and require it to perform within certain parameters, jurisdiction does not exist over the parent based on the subsidiary's contacts, unless the parent controls the day-to-day time, manner, and method of executing the work as to reach the point of dominance. *See Seltzer v. I.C. Optics, Ltd.,* 339 F. Supp. 2d 601, 609-11 (D.N.J. 2004); *Pfundstein,* 285 N.J. Super. at 249, 254, 666 A.2d at 1015, 1017.

Here, the Complaint contains no allegations that AstraZeneca PLC's U.S. subsidiaries were so controlled or dominated by AstraZeneca PLC, or that these entities failed to observe proper corporate formalities. Indeed, AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca Inc. each has its own officers and management team, maintains its own bank accounts and offices, and manages and pays its own employees. (Booth-Barbarin Aff. ¶¶ 6-10.) While each subsidiary is part of a larger group of companies, each determines its own pricing and marketing policies and operates as a stand-alone entity. (*Id.*)

Accordingly, Plaintiff cannot sustain its burden to show that jurisdiction exists over AstraZeneca PLC based on any contacts by AstraZeneca Pharmaceuticals LP, AstraZeneca LP, or Zeneca Inc., and the Court should decline to exercise jurisdiction. *See Pfundstein,* 285 N.J. Super. at 252-54, 666 A.2d at 1015-17 (finding that there was no jurisdiction over nonresident parent based on its subsidiaries' forum-related contacts even though the parent monitored the

10

subsidiaries and set profitability targets for them, because the subsidiaries were given "fairly wide discretion" in meeting such targets and kept all bookkeeping and bank accounts separate from their parent corporation, filed their own income tax returns, were managed by their own boards of directors, directed their own day-to-day operations, made their own personnel, marketing and management decisions, and otherwise operated as independent companies).

### B.   The Exercise of Personal Jurisdiction Does Not Comport with Constitutional Due Process

Even where a defendant has sufficient contacts with the forum state giving rise to general or specific personal jurisdiction, the exercise of jurisdiction will not satisfy due process of law if subjecting the defendant to suit in the forum state does not comply with traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). These notions require "that there be 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *Glickman v. Anderson,* 269 N.J. Super. 59, 70, 634 A.2d 562, 568 (App. Div. 1993) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)); *Waste Mgmt. Inc.,* 138 N.J. at 119, 649 A.2d at 385. "[T]he defendant's conduct and connection with the forum State [must be] such that [the defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980) (internal citations omitted).

Here, in addition to a lack of sufficient minimum contacts between AstraZeneca PLC and New Jersey, the assertion of personal jurisdiction over AstraZeneca PLC does not comport with the principles of substantial justice and fair play.

First, AstraZeneca PLC has not purposefully availed itself of the benefits and protections of New Jersey law. Purposeful availment requires the defendant to have performed some type of intentional conduct in the forum state in order to avail itself of the benefits of the forum. *See*

*Waste Mgmt. Inc.*, 138 N.J. at 126, 649 A.2d at 388-89.  The "purposeful availment requirement

ensures that a defendant will not be haled" into a forum based solely on "random," "fortuitous,"

or "attenuated" contacts, or as a result of "unilateral activity of another party or a third person."

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  While Plaintiff's Complaint deals

with allegedly fraudulent conduct related to the marketing and pricing of Zoladex® and other

drugs, as to AstraZeneca PLC, it is devoid of any allegation concerning what specific actions

were taken to market, price, and distribute these drugs to New Jersey customers.  Nor can

Plaintiff make such allegations against AstraZeneca PLC, because AstraZeneca PLC has not

manufactured, priced, marketed, sold, or distributed any products, including any drugs, in New

Jersey or elsewhere, or had any other business activities in New Jersey.  (Kemp Aff. ¶¶ 4-6.)

Thus, AstraZeneca PLC has not purposely availed itself of the benefits and protections of New

Jersey law.

    Second, AstraZeneca PLC cannot reasonably have expected that it would be subjected to

litigation in New Jersey based on the fact that other, separate, corporate entities may have sold

and marketed certain pharmaceutical products in New Jersey.  The United States Supreme Court

has expressly stated that due process does not permit a defendant to be subjected to suit based on

"the unilateral activity of another party or third person." *Burger King*, 471 U.S. at 475 (internal

quotations omitted).  Exercising jurisdiction over AstraZeneca PLC would be neither fair nor

reasonable because AstraZeneca PLC itself has had no contacts with New Jersey that would have

given the company "fair warning that a particular activity may subject [it] to the jurisdiction" of

the forum. *Id.* at 472 (internal quotations omitted).

    As discussed above, it is well-established that a parent-subsidiary relationship is

insufficient to impute the contacts of the subsidiary to the nonresident parent corporation for

jurisdictional purposes. Here, Plaintiff has failed to, and indeed cannot, allege facts sufficient to warrant disregarding AstraZeneca PLC's separate corporate existence. While AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca Inc. are *indirect* subsidiaries of AstraZeneca PLC, neither holds the authority to act as an agent for AstraZeneca PLC (Kemp Aff. ¶ 3) nor does Plaintiff even allege as much. Each of these separate U.S. entities has its own management team and officers, controls its own affairs, has its own offices, hires and pays its own employees, establishes its own policies, determines its own pricing and marketing practices, and otherwise operates as a stand-alone entity. (Booth-Barbarin Aff. ¶¶ 6-10.)

## CONCLUSION

For the reasons set forth above, defendant AstraZeneca PLC respectfully requests that the

Complaint be dismissed against it for lack of personal jurisdiction.

**MCCARTER & ENGLISH, LLP**
Attorneys for  Defendant
AstraZeneca PLC


By:  _David J. Cooner_
David J. Cooner
A Member of the Firm

**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ  07101-0652
Tel.: (973) 622-4444
Fax: (973) 624-7070
Andrew T. Berry
David J. Cooner
Counsel for Defendant
AstraZeneca PLC

**DAVIS POLK & WARDELL**
450 Lexington Avenue
New York, NY 10017
Tel.: (973) 622-4444
Fax: (973) 624-7070
D. Scott Wise
Michael S. Flynn
Antoinette Greenaway Ellison
Kimberly D. Harris
National Counsel for Defendant
AstraZeneca PLC

Dated:  October 10, 2006