# FACSIMILE TRANSMISSION



| SEND FAX TO: | COMPANY: | FAX NO: | PHONE NO: |
|---|---|---|---|
| Donald E. Haviland, Jr., Esq. | The Haviland Law Firm LLC. | (215) 392-4400 | (215) 609-4661 |
| John E. Keefe, Jr., Esq. | Keefe Bartels | (732) 224-9494 | 732.224.9400 |

| FROM: | EMAIL: | FAX NO: | PHONE NO: |
|---|---|---|---|
| James H. Knight/02965 | jknight@mccarter.com | 973.297.3872 | 973.848.5391 |

## April 16, 2007

Total number of pages including cover: 82

Client/Matter: **85022/60013**

Call, If Problems:

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

THE INFORMATION CONTAINED IN THE FACSIMILE MESSAGE IS ATTORNEYS' PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE PERSON OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT (OR SOMEONE RESPONSIBLE TO DELIVER TO THE INTENDED RECIPIENT), PLEASE BE AWARE THAT ANY DISSEMINATION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY AT 973.622.4444 AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U. S. POSTAL SERVICE. THANK YOU.

ME1 6314319v.1



**ATTORNEYS AT LAW**

April 16, 2007

**BY HAND**

Clerk, Superior Court of New Jersey
Monmouth County Law Division
71 Monument Park
Freehold, NJ 07728-1266

Re: **International Union of Operating Engineers,**
     **Local No. 68 Welfare Fund v. AstraZeneca PLC, et al.**
     **Docket No.: L-31316-06**

James H. Knight, Esq.
Associate
T. 973.848.5391
F. 973.297.3872
jknight@mccarter.com

Dear Sir/Madam:

On behalf of defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP,
AstraZeneca PLC, and Zeneca, Inc., we enclose for filing an original and two copies
of the following:

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

1.     Defendants' Answer;

2.     Certification of Service; and

3.     Civil Case Information Statement.

We also include a check in the amount of $135.00 to cover the filing fee. Kindly file
the originals and return the extra copies marked "FILED" to the awaiting messenger.

BALTIMORE

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Very truly yours,

James H. Knight

Enclosures

cc:  John E. Keefe, Jr., Esq. (via fax and overnight mail)
     Donald Haviland, Esq. (via fax and overnight mail)
     All Defense Counsel (by email only)

ME1 6314063v.1

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
  AstraZeneca Pharmaceuticals LP, AstraZeneca
  LP, Zeneca, Inc, and AstraZeneca PLC

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND (AN UNINCORPORATED TRUST) | SUPERIOR COURT OF NEW JERSEY MONMOUTH COUNTY - LAW DIVISION |
| Plaintiff, | Docket No. L-3136-06 |
| v. | **CERTIFICATION OF SERVICE** |
| ASTRAZENECA PLC, et. al., | |
| Defendants. | |

Deidre L. Bradford, of full age, certifies as follows:

1. I am a legal secretary employed by the firm of McCarter & English, LLP, attorneys for defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca PLC, and Zeneca, Inc. in this case.

2. On this day, I caused to have filed, by hand, an original and two copies of defendants' Answer with the Clerk of the Superior Court of New Jersey, Monmouth County.

3. On this day, I caused to be served, by fax and overnight mail, one copy of defendants' Answer on counsel for plaintiffs:

| | |
|---|---|
| Donald E. Haviland, Jr., Esq. The Haviland Law Firm LLC 740 S. Third St, Third Floor Philadelphia, PA 19147 | John E. Keefe, Jr., Esq. Lynch, Keefe & Bartels 830 Broad Street Shrewsbury, New Jersey 07702 |

4. On this day, I caused to be served, by electronic mail, one copy of defendants'

Answer on all defense counsel of record.

I certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

Deidre L. Bradford

Dated: April 16, 2007

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | | |
|---|---|---|
| PAYMENT TYPE: | CK | CG | CA |
| CHG/CK NO. : | | |
| AMOUNT :: | | |
| OVERPAYMENT | | |
| BATCH NUMBER: | | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| David J. Cooner and Andrew T. Berry<br>McCarter & English<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102 | (973) 622-4444 | MONMOUTH |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
|---|---|
| McCarter & English LLP | MON-L-3136-06 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| McCarter & English<br>Four Gateway Center | Answer |
| 100 Mulberry Street<br>Newark, New Jersey 07102 | JURY DEMAND    ☒ YES    ☐ NO |

| NAME OF PARTY (e.g. John Doe, Plaintiff) | CAPTION |
|---|---|
| Defendants<br>1) AstraZeneca Pharmaceuticals LP<br>(2) AstraZeneca LP<br>(3) Zeneca, Inc.<br>(4) AstraZeneca PLC | International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC, et al. |

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>508 | IS THIS A PROFESSIONAL MALPRACTICE CASE?    ☐ YES   ☒ NO<br>IF YOU HAVE CHECKED "YES" SEE N.J.S.A.2A:53a-27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING?<br>☐ YES   ☒ NO | IF YES, LIST DOCKET NUMBERS<br>N/A |
|---|---|

| DO YOU ANTICIPATE ADDING<br>ANY PARTIES (arising out of same<br>Transaction or occurrence?)    ☐ YES   ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br>      ☐ NONE<br>      ☐ UNKNOWN<br>N/A |
|---|---|

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION
Average Wholesale Price Pharmaceutical Litigation - putative class action.

| DO PARTIES HAVE A CURRENT<br>PAST OR RECURRENT<br>RELATIONSHIP<br>   ☐ YES   ☒ NO | IF YES, IS THAT<br>RELATIONSHIP | ☐ EMPLOYER/EMPLOYEE<br>☐ FAMILIAL | ☐ FRIEND/NEIGHBOR    ☐ OTHER.(explain)<br>☐ BUSINESS |
|---|---|---|---|

DOES THE STATUTE GOVERNING THIS CASE
PROVIDE FOR PAYMENT OF FEES
BY THE LOSING PARTY?         ☐ YES   ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

This multi-defendant putative class action is being managed by the Honorable Louis F. Locascio, J.S.C.

| R YOUR CLIENT HAVE ANY ACCOMMODATIONS? | ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:: |

| WILL AN INTERPRETER BE NEEDED? | ☐ YES ☒ NO | IF YES, FOR WHAT LANGUAGE |

ATTORNEY SIGNATURE

ME1 6313653v.1

| SIDE 2 |  | **CIVIL CASE INFORMATION STATEMENT** |
|---|---|---|

**(CIS)**

Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**TRACK I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY
- 502 BOOK ACCOUNT
- 505 OTHER INSURANCE CLAIM
- 506 PIP COVERAGE
- 510 UM OR UIM CLAIM
- 511 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT
- 999 OTHER (BRIEFLY DESCRIBE NATURE OF ACTION)

**TRACK II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (OTHER THEN CEPA OR LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE - PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE - PROPERTY DAMAGE
- 699 TORT - OTHER

**TRACK III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 602 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYE PROTECTION ACT (CAPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV Active Case Mgmt By Individual Judge - 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGIATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**MASS TORT (Track IV)**
- 240 REDUX/PHEN-FEN (DIET DRUG)
- 241 TOBACCO
- 248 CIBA GEIGY
- 264 PPA
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 268 MANUFACTURED GAS PLANT (MGP)

- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 274 RISPERDAL/SEROQUEL/ZYPEREXA
- 601 ASBESTOS
- 619 VIOXX

If you believe this case required a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold          ☒ Putative Class Action          ☐ Title 60

Andrew T. Berry, Esq.
David J. Cooner, Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
Newark, New Jersey 07102
Telephone:    (973) 622-4444
Facsimile:    (973) 624-7070

D. Scott Wise, Esq.
Michael S. Flynn, Esq.
Kimberley D. Harris, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 450-3800

*Attorneys for Defendants AstraZeneca PLC,
AstraZeneca Pharmaceuticals LP, AstraZeneca LP,
and Zeneca Inc.*

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND (AN UNINCORPORATED TRUST), | : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY |
| Plaintiff, | : : | |
| v. | : : | Docket: Mon-L-3136-06 |
| ASTRAZENECA PLC, et al., | : : : | |
| Defendants. | : | |

## ANSWER, DEFENSES, AND R. 4:5-1 STATEMENT OF DEFENDANTS ASTRAZENECA PLC, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, AND ZENECA INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendants AstraZeneca PLC, AstraZeneca Pharmaceuticals LP, AstraZeneca LP and

Zeneca Inc. (collectively "AstraZeneca"), by and through their undersigned counsel, for their

Answers to Plaintiff's Class Action Complaint ("Complaint"), state as follows:

ME1 6314921v.1

## Preface

The International Union of Operating Engineers, Local No. 68 Welfare Fund ("Plaintiff")

purports to bring this action on its own behalf and on behalf of all others similarly situated, who

"wrongfully" overpaid for prescription drugs allegedly manufactured by some 51 corporate

defendants ("Defendants") named in Plaintiff's Class Action Complaint. Plaintiff alleges that

Defendants engaged in a massive conspiracy to "inflate" the "Average Wholesale Price"

("AWP") for their respective products that caused it and members of the purported class to

overpay for prescription pharmaceuticals. AstraZeneca denies these allegations. By way of

further response, AstraZeneca avers that it plays absolutely no role in Plaintiff's decisions

concerning whether and how to reimburse pharmacists, other providers and its pharmacy benefit

managers.

In addition to the foregoing deficiencies, the Complaint contains allegations that are

vague, ambiguous, inflammatory, or otherwise improper. AstraZeneca responds to such

allegations in the Complaint only to the extent that they may be susceptible to a response, and if

AstraZeneca has information sufficient to form a belief as to the allegations. Except where an

allegation is expressly admitted, AstraZeneca denies each and every allegation in the Complaint,

and any factual averment admitted herein is admitted only as to the specific facts and not as to

any conclusions, characterizations, implications, innuendos, or speculations that are contained in

any averment or in the Complaint as a whole. In many cases, for example, Plaintiff has

indiscriminately grouped allegations concerning AstraZeneca with allegations concerning other

defendants. Intentionally ambiguous pleading is improper and insufficient to apprise

AstraZeneca in any meaningful sense of the allegations asserted against it. With respect to such

2

ME1 6314921v.1

"group pleading," AstraZeneca was, in many cases, left unable to answer these allegations as to other defendants because the relevant information was not in AstraZeneca's possession. AstraZeneca states that it is answering Plaintiff's allegations only on behalf of AstraZeneca, even when Plaintiff's allegations refer to alleged conduct by AstraZeneca and other persons or entities. AstraZeneca also denies all allegations that contain legal arguments and conclusions of law, as those allegations do not require a response.

The Complaint also contains purported quotations from a number of sources, many of which are unidentified. If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, AstraZeneca reserves the right to assert such privileges, hereby moves to strike such references, and demands the return of any such documents that Plaintiff may have in its possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

To the extent that Plaintiff purports to assert class claims, AstraZeneca denies that Plaintiff's allegations satisfy the requirements for class certification, that class certification is appropriate, or that Plaintiff or purported class is entitled to any relief.

Following are AstraZeneca's specific answers, defenses and new matter presented in response to Plaintiff's Complaint:

3

## NATURE OF THE CASE

1.      AstraZeneca admits only that International Union of Operating Engineers,

Local No. 68 Welfare Fund is currently the named Plaintiff and proposed class representative,

that Plaintiff seeks to assert claims on behalf of three groups of persons as defined by Plaintiff,

and that Plaintiff purports to bring this case as a class action, but denies that there exists any

basis in fact or law for the institution or maintenance of this action against AstraZeneca.

AstraZeneca denies that Plaintiff's allegations satisfy the requirements for class certification, that

class certification is appropriate, and that Plaintiff or purported class is entitled to any relief.

AstraZeneca otherwise denies the allegations contained in paragraph 1. By way of further

response, AstraZeneca denies the existence of, or participation in, any "fraudulent scheme" and

"conspiracy" as alleged in the Complaint. To the contrary, AstraZeneca has not engaged in any

"fraudulent" or unlawful conduct.

### CANCER, INHALANT AND MISCELLANEOUS
### OTHER DRUGS INCLUDED IN THIS ACTION

2.      AstraZeneca denies knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 2.

3.      AstraZeneca admits that Zoladex® (goserelin acetate) and Casodex®

(bicalutamide) are medications that are sometimes used in the hormonal treatment of prostate

cancer. AstraZeneca is otherwise without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 3, and on that basis denies those allegations.

4.      AstraZeneca admits that certain drugs used in the treatment of cancer may

have side effects and that the side effects sometimes are treated with medication. AstraZeneca is

4

otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis denies those allegations.

5.      AstraZeneca admits that patients with immune deficiencies may, under certain circumstances, be given medication intravenously. AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis denies those allegations.

6.      AstraZeneca admits that patients with hemophilia may, under certain circumstances, be given blood clotting factors intravenously. AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis denies those allegations.

7.      AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.      AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.      AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.     AstraZeneca admits that goserelin acetate (Zoladex®) is used in the treatment of cancer. AstraZeneca is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and on that basis denies those allegations.

5

12.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

## SUMMARY OF CLAIMS

14.     To the extent that the allegations contained in paragraph 14 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 as to the parties other than AstraZeneca. To the extent that the allegations contained in paragraph 14 are directed at AstraZeneca, they are denied. AstraZeneca specifically denies the existence of, and participation in, any "fraudulent marketing, pricing, sales and distribution scheme to defraud plaintiff and the Class," as alleged in paragraph 14. AstraZeneca also denies that it "reap[ed] unlawful profits at the expense of patients who took these drugs and paid for them."

15.     To the extent that the allegations in paragraph 15 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations in paragraph 15 are directed at AstraZeneca, they are denied, except AstraZeneca admits that AWP has been used by some government assistance programs to calculate reimbursement for specific pharmaceutical drugs. By way of further response, AstraZeneca avers that it is common knowledge and universally understood that AWP is a reimbursement benchmark or reference price that does not equal acquisition cost, and avers that

6

ME1 6314921v.1

consistent with industry practice for branded products, the AWP for AstraZeneca's products is
and has been a standard 20% or 25% above the list price, also known as the Wholesale
Acquisition Cost ("WAC"), set by AstraZeneca for its products. AstraZeneca specifically denies
the existence of, creation of, and participation in, a "pervasive illegal system" that caused
patients to "overpay substantial amounts of money" for any purpose, including, as alleged,
"increasing the market share of these drugs and maximizing corporate profits at the expense of
plaintiff and the Class." Likewise, AstraZeneca denies that it "deliberately overstat[ed] the
Average Wholesale Prices (or 'AWPs')" for any drugs; that it instructed providers that they
"could and should bill plaintiff and the Class" for free samples; that it provided "other unlawful
inducements to medical providers"; that it worked "in concert" with other defendants to
"circumvent efforts to reduce prescription drug costs"; and that it ever caused Plaintiff or the
purported class to pay "artificially inflated prices" for prescription drugs.

        16.     To the extent that the allegations in paragraph 16 are directed at parties other
than AstraZeneca, AstraZeneca states that no response is required. To the extent a response is
required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth
of the allegations. To the extent that those allegations are directed at AstraZeneca, they are
denied. By way of further response, AstraZeneca specifically denies that it engaged in any
"unlawful conduct" and that it caused Plaintiff or the purported class to pay "artificially inflated
prices" for prescription drugs.

        17.     AstraZeneca denies the allegations contained in paragraph 17. AstraZeneca
specifically denies that either Plaintiff or the purported class is entitled to damages in this
lawsuit. To the contrary, neither Plaintiff nor the purported class is entitled to any relief against

                                              7

AstraZeneca in this lawsuit because, among other reasons, AstraZeneca has not engaged in any
wrongful conduct alleged in the Complaint.

## JURISDICTION AND VENUE

18.     AstraZeneca admits that Plaintiff purports to bring this action pursuant to the
consumer protection laws of New Jersey, as well as New Jersey common law, but denies that
Plaintiff or the purported class is entitled to any relief under the common law and statutes of
New Jersey, or on any other basis.

19.     AstraZeneca denies that it has violated any consumer protection law of the
state of New Jersey or the common law of New Jersey, denies that there exists any basis in fact
or law for the institution or maintenance of this action against AstraZeneca, and otherwise denies
knowledge or information sufficient to form a belief as to the truth of the allegations in
paragraph 19 as to parties other than AstraZeneca. In addition, to the extent that paragraph 19
contains conclusions of law, AstraZeneca states that no response is required.

20.     AstraZeneca states that to the extent paragraph 20 consists of legal arguments
or conclusions of law, no response is required. To the extent that a response is required,
AstraZeneca denies that there exists any basis in fact or law for the institution or maintenance of
this action against AstraZeneca, and otherwise denies knowledge or information sufficient to
form a belief as to the truth of the allegations.

21.     To the extent that the allegations in paragraph 21 are directed at parties other
than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response
is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the
truth of the allegations. To the extent that the allegations contained in paragraph 21 are directed

8

ME1 6314921v.1

at AstraZeneca, AstraZeneca admits only that Plaintiff seeks to bring this action in the state of New Jersey and that AstraZeneca Pharmaceuticals LP has sent products into the stream of commerce that may have reached New Jersey. AstraZeneca otherwise denies the allegations as directed at any AstraZeneca entity. In addition, to the extent that paragraph 21 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.

22.        AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, except admits that Plaintiff alleges that venue is proper in this judicial district. AstraZeneca denies that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca. In addition, to the extent that paragraph 22 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.

## THE PARTIES

### Plaintiff

23.        AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, except admits that International Union of Operating Engineers, Local No. 68 Welfare Fund has brought this purported action against AstraZeneca.

24.        AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.        To the extent that the allegations in paragraph 25 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent that these allegations are directed at AstraZeneca, they

9

MEI 6314921v.1

are denied. AstraZeneca specifically denies that it engaged in "unlawful conduct." To the contrary, AstraZeneca has not engaged in any unlawful conduct with respect to prescription drug prices. By way of further response, neither Plaintiff nor any member of the purported class is entitled to any relief against AstraZeneca in this lawsuit because, among other reasons, AstraZeneca has not engaged in any wrongful conduct alleged in the Complaint.

## Defendants

26. AstraZeneca admits that Plaintiff names the entities and persons listed in paragraph 26 as Defendants, and otherwise denies knowledge or information sufficient to form a belief as to the truth of these allegations.

27. AstraZeneca denies the allegations contained in paragraph 27, except admits that AstraZeneca PLC is a public limited company organized under the laws of the United Kingdom and Wales with its principal place of business at 15 Stanhope Gate, London W1K 1LN, United Kingdom that was formed on April 6, 1999 through the merger of Astra AB of Sweden and Zeneca Group PLC of the United Kingdom. AstraZeneca also admits that Zoladex® (goserelin acetate) is used in the treatment of prostate cancer in men, endometriosis and infertility in women, and central precocious puberty in children. AstraZeneca specifically denies that AstraZeneca PLC researches, develops, and manufactures any products, pharmaceutical or otherwise. By way of further response, AstraZeneca avers that AstraZeneca PLC lacks minimum contacts with the state of New Jersey.

28. AstraZeneca admits that AstraZeneca Pharmaceuticals LP is a Delaware limited partnership with its headquarters at 1800 Concord Pike, Wilmington, Delaware and admits that AstraZeneca Pharmaceuticals LP markets, sells, distributes, or manufactures

10

ME1 6314921v.1

pharmaceutical products, including Zoladex® (goserelin acetate) and other products used to treat cancer in the United States. AstraZeneca otherwise denies the allegations contained in paragraph 28.

29.    AstraZeneca admits that AstraZeneca LP is a limited partnership with its principal place of business at 1800 Concord Pike, Wilmington, Delaware, and admits that AstraZeneca LP maintains a facility in Westerborough, Massachusetts. AstraZeneca otherwise denies the allegations contained in paragraph 29.

30.    AstraZeneca denies the allegations in paragraph 30, except admits that Zeneca Inc. is a Delaware corporation with its principal place of business at 1800 Concord Pike, Wilmington, Delaware, and admits that Zeneca Inc. is an indirect subsidiary of AstraZeneca PLC (formerly known as Zeneca Group PLC). By way of further response, on January 1, 2000, Zeneca Inc. contributed its pharmaceutical business to AstraZeneca Pharmaceuticals LP and no longer engages in any of the activities alleged in the Complaint. Therefore, any answers that pertain to Zeneca Inc. relate to the period prior to January 1, 2000.

31.    To the extent that the allegations contained in paragraph 31 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 31, they are denied, except AstraZeneca admits that, at various points in time, AstraZeneca Pharmaceuticals LP or AstraZeneca LP either manufactured, distributed, marketed, or sold the following pharmaceutical products: Zoladex® (goserelin acetate), Arimidex® (anastrozole), Casodex® (bicalutamide), Cefotan®, Diprivan® [misspelled Deprivan in Complaint], Elavil

11

Injection, Faslodex® (fulvestrant), Foscavir®, Merrem®, Nexium® (esomeprazole magnesium),

Nolvadex®, Prilosec® (omeprazole magnesium), Tenormin Injection  , and Xylocaine Injection.

AstraZeneca denies that AstraZeneca PLC and Zeneca Inc. "are manufacturers, marketers,

promoters, sellers and distributors" of prescription drugs.  AstraZeneca further admits that in

June 2003, AstraZeneca Pharmaceuticals LP pleaded guilty to a one-count Information alleging a

conspiracy to violate the Prescription Drug Marketing Act, 21 U.S.C. §§ 353(c), 331(t), and

333(b)(a)(B) ("PDMA"), and also entered into a civil settlement with the federal government and

certain states, including New Jersey, which together involved the payment by AstraZeneca

Pharmaceuticals LP and Zeneca Inc. to the United States and the various states of approximately

$354 million.  By way of further response, AstraZeneca specifically denies that the plea and civil

settlement have any relevance to the claims asserted against AstraZeneca in the Complaint and

specifically denies that it engaged in "unlawful conduct."

 32.  To the extent that the allegations contained in paragraph 32 are directed at

parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent

that a response is required, AstraZeneca denies knowledge or information sufficient to form a

belief as to the truth of the allegations.  To the extent that the allegations contained in paragraph

32 are directed at AstraZeneca, they are denied, except AstraZeneca admits that Zoladex®

(goserelin acetate) is used in the treatment of prostate cancer in men, endometriosis and

infertility in women, and central precocious puberty in children and that Prilosec® (omeprazole

magnesium) is used in the treatment of gastroesophageal reflux disease.

 33–38. AstraZeneca denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraphs 33 through 38.

<div align="center">12</div>

39. To the extent that the allegations contained in paragraph 39 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that these allegations are directed at AstraZeneca, they are denied. By way of further response, AstraZeneca refers to its response to paragraph 31.

40–42. AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 40 through 42.

43. To the extent that the allegations contained in paragraph 43 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that these allegations are directed at AstraZeneca, they are denied. By way of further response, AstraZeneca refers to its response to paragraph 31.

44–45. AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 44 and 45.

46. To the extent that the allegations contained in paragraph 46 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that these allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 46 are directed at AstraZeneca, they are denied, except AstraZeneca admits that AstraZeneca Pharmaceuticals LP

13

sells or manufactures Zoladex® (goserelin acetate), which is used in the treatment of prostate cancer in men, endometriosis and infertility in women, and central precocious puberty in children.

47–93.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 47 through 93.

94.    To the extent that the allegations contained in paragraph 94 are directed at a party other than AstraZeneca, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 94 are directed at AstraZeneca, they are denied, except AstraZeneca admits that Dr. Saad Antoun was indicted for and pleaded guilty to conspiracy to violate the PDMA. By way of further response, AstraZeneca avers that the indictment, plea, and documents related thereto are not relevant to the claims asserted by Plaintiff against AstraZeneca. These allegations are included in the Complaint to prejudice AstraZeneca.

95.    To the extent that the allegations contained in paragraph 95 are directed at a party other than AstraZeneca, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 95 are directed at AstraZeneca, they are denied, except AstraZeneca admits that Dr. Stanley Hopkins was indicted for and pleaded guilty to conspiracy to violate the PDMA. By way of further response, AstraZeneca avers that the indictment, plea, and documents related thereto are not relevant to the claims asserted by Plaintiff against AstraZeneca. These allegations are included in the Complaint to prejudice AstraZeneca.

14

96.     To the extent that the allegations contained in paragraph 96 are directed at a party other than AstraZeneca, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 96 are directed at AstraZeneca, they are denied, except AstraZeneca admits that Dr. Robert A. Berkman was indicted for conspiracy to violate the PDMA. By way of further response, AstraZeneca avers that the indictment and documents related thereto are not relevant to the claims asserted by Plaintiff against AstraZeneca. These allegations are included in the Complaint to prejudice AstraZeneca.

97.     To the extent that the allegations in paragraph 97 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that these allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent that those allegations are directed at AstraZeneca, they are denied. AstraZeneca specifically denies that it engaged in any wrongful conduct with respect to prescription drug prices and denies that its "officers, directors, agents, employees or representatives while engaged in the management, direction, control or transaction of their respective business affairs" ratified such conduct. To the contrary, AstraZeneca has not engaged in any wrongful conduct with respect to prescription drug prices, as alleged in paragraph 97.

98.     To the extent that the allegations contained in paragraph 98 are directed at entities or persons other than AstraZeneca, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 98 are directed at AstraZeneca, they are denied. AstraZeneca specifically

15

denies the existence of, and participation in, any conspiracy or "violation[]" as alleged in paragraph 98.

## PLAINTIFF CLASS ALLEGATIONS

99.     AstraZeneca admits that Plaintiff seeks to bring this case as a class action pursuant to Rule 4: 32-1 of the New Jersey Rules Governing the Courts, but denies that Plaintiff may properly bring this lawsuit as a class action.

### NUMEROSITY

100.    AstraZeneca states that paragraph 100 consists of legal arguments or conclusions of law as to which no response is required, denies that class certification is appropriate in this case, and otherwise denies knowledge or information sufficient to form a belief as to the allegations in paragraph 100.

### COMMON QUESTIONS OF LAW AND FACT

101.    AstraZeneca states that paragraph 101 (and each of its subparts) consists of conclusions of law as to which no response is required. AstraZeneca further denies that class certification is appropriate in this case and otherwise denies the allegations in paragraph 101 (and each of its subparts) to the extent that they are directed at AstraZeneca. To the extent that the allegations in paragraph 101 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that these allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.

### TYPICALITY

16

102.     AstraZeneca states that paragraph 102 consists of conclusions of law as to
which no response is required, and otherwise denies that class certification is appropriate in this
case. AstraZeneca further denies that Plaintiff or any purported class members have suffered
damages as alleged in paragraph 102, specifically denies the existence of, and participation in,
any "conspiracy" or "fraudulent marketing and sales scheme" as alleged in paragraph 102, and
otherwise denies the allegations in paragraph 102 to the extent that they are directed at
AstraZeneca. To the extent that the allegations in paragraph 102 are directed at parties other
than AstraZeneca, AstraZeneca states that no response is required. To the extent that these
allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca
denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## ADEQUACY OF REPRESENTATION

103.     AstraZeneca states that paragraph 103 consists of conclusions of law as to
which no response is required. To the extent that a response is required, AstraZeneca denies the
allegations in this paragraph. Specifically, AstraZeneca denies that Plaintiff and its counsel do
not have any interests adverse to those of the purported class.

## SUPERIORITY

104–106. AstraZeneca states that paragraphs 104 through 106 consist of conclusions of
law as to which no response is required, and otherwise denies that class certification is
appropriate in this case.

## FACTUAL BACKGROUND

107.     To the extent that the allegations in paragraph 107 are directed at parties other
than AstraZeneca, AstraZeneca states that no response is required. To the extent that these

17

allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca

denies knowledge or information sufficient to form a belief as to the truth of those allegations.

To the extent that the allegations in paragraph 107 are directed at AstraZeneca, they are denied

except AstraZeneca admits that, at various points in time, AstraZeneca Pharmaceuticals LP

either manufactured, distributed, marketed, or sold the following pharmaceutical products:

Zoladex® (goserelin acetate), Arimidex® (anastrozole), Casodex® (bicalutamide), Cefotan®,

Diprivan®, Elavil Injection, Faslodex® (fulvestrant), Foscavir®, Merrem®, Nexium®

(esomeprazole magnesium), Nolvadex®, Prilosec® (omeprazole magnesium), Tenorim

Injection, and Xylocaine Injection.

### AWP INFLATION AND UNLAWFUL PROMOTION OF "SPREADS"

108.     To the extent that the allegations in paragraph 108 are directed at

AstraZeneca, AstraZeneca admits that AWP was, at times, used as a reimbursement benchmark

by third-party payors and avers that other reimbursement benchmarks, such as MAC, FUL,

WAC, and ASP, exist. AstraZeneca otherwise denies the existence of, or participation in, any

"fraudulent scheme" or "conspiracy to deliberately inflate the AWPs" to any drugs. AstraZeneca

denies knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 108 as to parties other than AstraZeneca. By way of further response, AstraZeneca

avers that it was known that AWP was not equal to actual acquisition cost.

109.     AstraZeneca admits that AWP has been used by some government assistance

programs to calculate reimbursement for specific pharmaceutical drugs and avers that other

reimbursement benchmarks, such as MAC, FUL, WAC, and ASP, exist. AstraZeneca further

admits that the Medicare Part B Program has, in the past, publicly announced that it would use

18

the AWP published in independently produced compendia as the basis for reimbursement. AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109, except denies that reimbursement for drugs under the Medicare Part B Program is currently based, either in whole, or in part, on the AWP reflected in pharmaceutical pricing compendia.

110.     To the extent that the allegations are directed at AstraZeneca, AstraZeneca admits that Red Book and other independently produced compendia periodically published AWPs for various dosages of certain prescription drugs. AstraZeneca admits that prior to January 2002, it provided WAC prices along with suggested AWPs for certain pharmaceuticals to independently produced pricing compendia. AstraZeneca otherwise denies the allegations in paragraphs 110, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 as to parties other than AstraZeneca. By way of further response, AstraZeneca avers that, consistent with industry practice for branded products, the AWP for AstraZeneca's products has been a standard 20% or 25% above the list price, or WAC, set by AstraZeneca for its products.

111.     AstraZeneca denies the allegations in paragraph 111 to the extent that they are directed at AstraZeneca, except admits that AWPs were not intended to reflect, and were not understood to reflect, the actual prices charged to health care providers for pharmaceutical products, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 as to parties other than AstraZeneca. By way of further response, AstraZeneca avers that it has been widely known for decades that AWP does not represent an actual average of wholesale prices for drugs. AstraZeneca further states that third-

19

party payors determine their own payment/reimbursement rates for reasons of their own. While they may choose to use published AWPs, other reimbursement benchmarks such as MAC, FUL, WAC, and ASP, exist.

112. AstraZeneca denies the allegations in paragraph 112 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 as to medical providers and parties other than AstraZeneca. By way of further response, AstraZeneca states that third-party payors determine their own payment/reimbursement rates for reasons of their own. While they may choose to use published AWPs, other reimbursement benchmarks such as MAC, FUL, WAC, and ASP, exist.

113. AstraZeneca denies the allegations in paragraph 113 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 as to medical providers and parties other than AstraZeneca. AstraZeneca specifically denies the existence of, or participation in, a "scheme" as alleged in paragraph 113. By way of further response, AstraZeneca states that third-party payors determine their own payment/reimbursement rates for reasons of their own. While they may choose to use published AWPs, other reimbursement benchmarks such as MAC, FUL, WAC, and ASP, exist.

## FREE SAMPLE FRAUD

114. To the extent that the allegations contained in paragraph 114 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that these allegations are directed at

20

AstraZeneca, they are denied. AstraZeneca specifically denies the existence of, and participation in, any "fraudulent scheme," as alleged in paragraph 114. To the extent that the allegations in paragraph 114 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.

115.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

116.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

115.  .    To the extent that the allegations contained in paragraph 115 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations in paragraph 115 [numbering error in Complaint[1]] are directed at AstraZeneca, they are denied.

116.    To the extent that the allegations in paragraph 116 [numbering error in Complaint] are directed at AstraZeneca, they are denied, except AstraZeneca admits that in June 2003, AstraZeneca Pharmaceuticals LP pleaded guilty to a one-count Information alleging a conspiracy to violate the PDMA, and admits that Drs. Antoun, Berkman, and Hopkins were indicted for, and Drs. Antoun and Hopkins pleaded guilty to, conspiracy to violate the PDMA. By way of further response, AstraZeneca avers that the foregoing information, indictments,

---

[1] The Complaint repeats paragraph numbers 115 and 116 before continuing to 117. AstraZeneca has incorporated this in numbering the paragraphs in its Answer.

21

pleas, and any documents related thereto are not relevant to the claims asserted by Plaintiff against AstraZeneca. Such allegations are included in the Complaint to prejudice AstraZeneca.

117–118.   AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 117 and 118.

119.       To the extent that the allegations contained in paragraph 119 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations in paragraph 119 are directed at AstraZeneca, they are denied. AstraZeneca specifically denies any characterization of the documents referenced in paragraph 119, and further responds that these documents are not relevant to the claims asserted against AstraZeneca in the Complaint.

120.       To the extent that the allegations in paragraph 120 are directed at AstraZeneca, they are denied. To the extent that the allegations in paragraph 120 are directed at other parties, AstraZeneca states that no response is required. To the extent that these allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. By way of further response, AstraZeneca avers that Zoladex® (goserelin acetate) was the lowest cost alternative in the LHRH agonist market throughout most of purported class period.

121.       To the extent that the allegations contained in paragraph 121 are directed at AstraZeneca, they are denied. To the extent that the allegations contained in paragraph 121 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that these allegations are directed at parties other than AstraZeneca and a response is

22

required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth
of the allegations.

## OTHER INDUCEMENTS TO PURCHASE DRUGS

122. To the extent that the allegations contained in paragraph 122 are directed at
AstraZeneca, they are denied. To the extent that the allegations contained in paragraph 122 are
directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To
the extent that these allegations are directed at parties other than AstraZeneca and a response is
required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth
of the allegations. By way of further response, AstraZeneca specifically denies that it provided
"kickbacks" to medical providers.

123. To the extent that the allegations contained in paragraph 123 are directed at
AstraZeneca, they are denied. To the extent that the allegations contained in paragraph 123 are
directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To
the extent that these allegations are directed at parties other than AstraZeneca and a response is
required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth
of the allegations. By way of further response, AstraZeneca specifically denies the existence of,
or participation in, any "fraudulent marketing and sales scheme" or "conspiracy" as alleged in
the Complaint.

124. To the extent that the allegations contained in paragraph 124 are directed at
parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent
that a response is required, AstraZeneca denies knowledge or information sufficient to form a

23

belief as to the truth of the allegations. AstraZeneca denies the allegations contained in paragraph 124 to the extent that they are directed at AstraZeneca.

125. To the extent that the allegations contained in paragraph 125 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 125 are directed at AstraZeneca, they are denied.

126. AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126.

127. To the extent that the allegations contained in paragraph 127 are directed at AstraZeneca, they are denied. To the extent that the allegations contained in paragraph 127 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that these allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.

128. To the extent that the allegations contained in paragraph 128 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that these allegations are directed at AstraZeneca, they are denied.

## FEDERAL GOVERNMENT'S RECOVERY OF
## CRIMINAL FINES AND CIVIL PENALTIES AND DAMAGES SOUGHT HEREIN

24

129.     To the extent that the allegations contained in paragraph 129 are directed at AstraZeneca, they are denied. To the extent that the allegations contained in paragraph 129 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that these allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.

130.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130.

131.     AstraZeneca denies the allegations contained in paragraph 131.

132.     AstraZeneca denies the allegations contained in paragraph 132.

133.     AstraZeneca denies the allegations contained in paragraph 133.

134.     AstraZeneca denies the allegations contained in paragraph 134.

135.     AstraZeneca denies the allegations contained in paragraph 135.

### DEFENDANTS' CONSPIRACY AND FRAUDULENT CONCEALMENT

136.     To the extent that the allegations contained in paragraph 136 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that these allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that these allegations are directed at AstraZeneca, they are denied. By way of further response, AstraZeneca specifically denies the existence of, or participation in, any conspiracy or "fraudulent marketing and sales scheme" as alleged in the Complaint.

25

137.     To the extent that the allegations contained in paragraph 137 (and each of its

subparts) are directed at parties other than AstraZeneca, AstraZeneca states that no response is

required. To the extent that these allegations are directed at parties other than AstraZeneca and a

response is required, AstraZeneca denies knowledge or information sufficient to form a belief as

to the truth of these allegations. To the extent that these allegations are directed at AstraZeneca,

they are denied. By way of further response, AstraZeneca specifically denies the existence of, or

participation in, any "conspiracy" or "scheme," as alleged in the Complaint.

138.     To the extent that the allegations contained in paragraph 138 are directed at

parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent

that these allegations are directed at parties other than AstraZeneca and a response is required,

AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of these

allegations. To the extent that these allegations are directed at AstraZeneca, they are denied. By

way of further response, AstraZeneca specifically denies the existence of, or participation in, any

"fraudulent conduct."

139.     AstraZeneca denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 139.

140.     AstraZeneca states that paragraph 140 consists of legal arguments or

conclusions of law as to which no response is required. To the extent that a response is required,

AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of these

allegations.

141.     To the extent that the allegations contained in paragraph 141 are directed at

parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent

26

that these allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent that these allegations are directed at AstraZeneca, they are denied. By way of further response, AstraZeneca specifically denies the existence of, or participation in, any "unlawful conduct" or "conspiracy" as alleged in the Complaint.

142. To the extent that the allegations contained in paragraph 142 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that these allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent that these allegations are directed at AstraZeneca, they are denied.

143. To the extent that the allegations contained in paragraph 143 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that these allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent that these allegations are directed at AstraZeneca, they are denied. By way of further response, AstraZeneca specifically denies the existence of, or participation in, any "unlawful conduct" or "conspiracy" as alleged in the Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

144. To the extent that the allegations contained in paragraph 144 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that these allegations are directed at parties other than AstraZeneca and a response is required,

27

AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent that these allegations are directed at AstraZeneca, they are denied.

145.     To the extent that the allegations contained in paragraph 145 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that these allegations are directed at parties other than AstraZeneca and a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent that these allegations are directed at AstraZeneca, they are denied, except AstraZeneca admits that in June 2003, AstraZeneca Pharmaceuticals LP entered into a criminal and civil settlement with the federal government and certain states, including New Jersey, which involved the payment of approximately $354 million to the United and the various states. By way of further response, AstraZeneca avers that the settlement with the federal government and certain states is not relevant to the claims asserted by Plaintiff against AstraZeneca. These allegations are included in the Complaint solely to prejudice AstraZeneca.

## THE ASTRAZENECA DEFENDANTS', DR. ANTOUN'S, DR. HOPKINS' AND DR. BERKMAN'S UNLAWFUL CONDUCT IN NEW JERSEY

146.     AstraZeneca denies the allegations contained in paragraph 146.

147.     AstraZeneca denies the allegations contained in paragraph 147, except admits that the prescription drugs Zoladex® (goserelin acetate), Arimidex® (anastrozole), Casodex® (bicalutamide), Nolvadex®, Diprivan®, Prilosec® (omeprazole magnesium), Nexium® (esomeprazole magnesium), Cefotan®, Elavil Injection, Faslodex® (fulvestrant), Foscavir®, Merrem®, Tenormin Injection, and Xylocaine Injection are manufactured, distributed, marketed, and/or sold by AstraZeneca Pharmaceuticals LP and may, in certain circumstances, be covered by one or more government or private assistance programs.

28

148. AstraZeneca admits that Zoladex® (goserelin acetate) and Casodex® (bicalutamide) are prescribed for the treatment of prostate cancer and that Tomudex® is prescribed outside of the United States for the treatment of colon cancer, and otherwise denies the remaining allegations contained in paragraph 148 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 as to parties other than AstraZeneca.

149. AstraZeneca denies the allegations contained in paragraph 149, except admits that in June 2003, AstraZeneca Pharmaceuticals LP pleaded guilty to a one-count Information alleging a conspiracy to violate the PDMA. By way of further response, AstraZeneca avers that this plea and documents related thereto are not relevant to the claims asserted by Plaintiff against AstraZeneca. These allegations are included in the Complaint solely to prejudice AstraZeneca.

150. AstraZeneca denies the allegations contained in paragraph 150, except admits that AstraZeneca Pharmaceuticals LP markets, sells, manufactures, or distributes Zoladex® (goserelin acetate) and Prilosec® (omeprazole magnesium) and is a competitor of TAP with respect to certain drugs. AstraZeneca otherwise refers to the Sentencing Memorandum relating to TAP, referenced in paragraph 150, for its content, which speaks for itself, and denies any characterization of that Sentencing Memorandum and its relevance to the claims asserted against AstraZeneca in the Complaint.

151. To the extent that the allegations contained in paragraph 151 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a

29

belief as to the truth of the allegations. To the extent that these allegations are directed at

AstraZeneca, they are denied.

152.    To the extent that the allegations contained in paragraph 152 are directed at

parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent

that a response is required, AstraZeneca denies knowledge or information sufficient to form a

belief as to the truth of the allegations, refers to the Sentencing Memorandum relating to TAP,

referenced in paragraph 152, for its content, which speaks for itself, and denies any

characterization of that Sentencing Memorandum of its relevance to the claims asserted against

AstraZeneca in the Complaint. To the extent that these allegations are directed at AstraZeneca,

they are denied.

153.    AstraZeneca denies the allegations contained in paragraph 153. By way of

further response, AstraZeneca avers that the allegations contained in this paragraph refer to, or

appear to be drawn, in whole or in part, from a document, which is a writing, the content of

which speaks for itself and any characterizations thereof are denied.

154.    AstraZeneca denies the allegations contained in paragraph 154. By way of

further response, AstraZeneca avers that the allegations contained in this paragraph refer to, or

appear to be drawn, in whole or in part, from a document, which is a writing, the content of

which speaks for itself and any characterizations thereof are denied.

155.    AstraZeneca denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 155, except AstraZeneca admits that Dr. Saad

Antoun pleaded guilty to conspiracy to violate the PDMA. By way of further response,

AstraZeneca avers that the plea entered into by this physician and documents related thereto are

30

ME1 6314921v.1

not relevant to the claims asserted by Plaintiff against AstraZeneca. These allegations are included in the Complaint to prejudice AstraZeneca.

156.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156, and refers to the Criminal Information, referenced in paragraph 156, for its content, which speaks for itself, and denies any characterization of that Criminal Information and its relevance to the claims asserted against AstraZeneca in the Complaint.

157.    AstraZeneca denies the allegations contained in paragraph 157.

158.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158, except AstraZeneca admits that Dr. Stanley Hopkins pleaded guilty to conspiracy to violate the PDMA. By way of further response, AstraZeneca avers that the plea entered into by this physician and documents related thereto are not relevant to the claims asserted by Plaintiff against AstraZeneca in the Complaint. These allegations are included in the Complaint to prejudice AstraZeneca.

159.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159, refers to the Criminal Information referenced in paragraph 159 for its content, which speaks for itself, and denies any characterization of that Criminal Information and its relevance to the claims asserted against AstraZeneca in the Complaint. These allegations are included in the Complaint to prejudice AstraZeneca.

160.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160, except AstraZeneca admits that Dr.

31

Robert A. Berkman was indicted for conspiracy to violate the PDMA. These allegations are
included in the Complaint to prejudice AstraZeneca.

## DEFENDANTS TAP'S AND TAKEDA'S UNLAWFUL CONDUCT IN NEW JERSEY

161.     To the extent that the allegations contained in paragraph 161 are directed at
parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent
that a response is required, AstraZeneca denies knowledge or information sufficient to form a
belief as to the truth of the allegations. To the extent that the allegations contained in paragraph
161 are directed at AstraZeneca, they are denied.

162–163.  These paragraphs are directed at parties other than AstraZeneca, and therefore
AstraZeneca need not respond to these paragraphs. To the extent that a response is required,
AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraphs 162 and 163.

## DEFENDANT ABBOTT'S UNLAWFUL CONDUCT IN NEW JERSEY

164.     To the extent that the allegations contained in paragraph 164 are directed at a
party other than AstraZeneca, AstraZeneca states that no response is required. To the extent that
a response is required, AstraZeneca denies knowledge or information sufficient to form a belief
as to the truth of the allegations. To the extent that the allegations contained in paragraph 164
are directed at AstraZeneca, they are denied.

165.     This paragraph is directed at a party other than AstraZeneca, and therefore
AstraZeneca need not respond to this paragraph. To the extent that a response is required,
AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph 165.

32

MEI 6314921v.1

166.    To the extent that the allegations contained in this paragraph are directed at a

party other than AstraZeneca, AstraZeneca states that no response is required. To the extent that

a response is required, AstraZeneca denies knowledge or information sufficient to form a belief

as to the truth of the allegations. To the extent that the allegations contained in paragraph 166

are directed at AstraZeneca, they are denied.

167–169. These paragraphs are directed at a party other than AstraZeneca, and therefore

AstraZeneca need not respond to these paragraphs. To the extent that a response is required,

AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 167 through 169.

### THE J&J DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

170.    To the extent that the allegations contained in paragraph 170 are directed at

parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent

that a response is required, AstraZeneca denies knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent that the allegations contained in paragraph

170 are directed at AstraZeneca, they are denied.

171.    This paragraph is directed at parties other than AstraZeneca, and therefore

AstraZeneca need not respond to this paragraph. To the extent that a response is required,

AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 171.

172.    To the extent that the allegations contained in paragraph 172 are directed at

parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent

that a response is required, AstraZeneca denies knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 172 are directed at AstraZeneca, they are denied, except AstraZeneca admits that AstraZeneca Pharmaceuticals LP markets, sells, manufactures, or distributes Zoladex® (goserelin acetate) and admits that Zoladex® (goserelin acetate) and Tomudex® are used in the treatment of cancer.

173.     This paragraph is directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173.

### THE PHARMACIA DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

174.     To the extent that the allegations contained in paragraph 174 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 174 are directed at AstraZeneca, they are denied.

175–180.  These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 175 through 180.

### THE AMGEN DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

181.     To the extent that the allegations contained in paragraph 181 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a

34

that a response is required, AstraZeneca denies knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 181 are directed at AstraZeneca, they are denied.

182. This paragraph is directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182.

183. To the extent that the allegations contained in paragraph 183 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 183 are directed at AstraZeneca, they are denied, except AstraZeneca admits that Tomudex® is used in the treatment of cancer.

184. This paragraph is directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184.

185. To the extent that the allegations contained in paragraph 185 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 185 are directed at AstraZeneca, they are denied.

35

186. This paragraph is directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186.

## THE AVENTIS DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

187. To the extent that the allegations contained in paragraph 187 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 187 are directed at AstraZeneca, they are denied.

188. This paragraph is directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188.

189. To the extent that the allegations contained in paragraph 189 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 189 are directed at AstraZeneca, they are denied, except AstraZeneca admits that Tomudex® is used in the treatment of cancer.

190–193. These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs. To the extent that a response is required,

36

AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 190 through 193.

### THE BOEHRINGER DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

194.    To the extent that the allegations contained in paragraph 194 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 194 are directed at AstraZeneca, they are denied.

195–200.  These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 195 through 200.

### THE BAXTER DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

201.    To the extent that the allegations contained in paragraph 201 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 201 are directed at AstraZeneca, they are denied.

202–205.    These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 202 through 205.

MEI 6314921v.1

206.     To the extent that the allegations contained in paragraph 206 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 206 are directed at AstraZeneca, they are denied. AstraZeneca specifically denies the existence of, or participation in, any "fraudulent scheme" or "conspiracy" as alleged in the Complaint.

## THE BAYER DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

207.     To the extent that the allegations contained in paragraph 207 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 207 are directed at AstraZeneca, they are denied.

208–215.  These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 208 through 215.

## THE BRISTOL-MYERS DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

216.     To the extent that the allegations contained in paragraph 216 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 216 are directed at AstraZeneca, they are denied.

38

217–218. These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 217 and 218.

219. To the extent that the allegations contained in paragraph 219 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 219 are directed at AstraZeneca, they are denied.

220. This paragraph is directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220.

221. To the extent that the allegations contained in paragraph 221 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 221 are directed at AstraZeneca, they are denied.

222. This paragraph is directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222.

39

MEI 6314921v.1

### THE GLAXOSMITHKLINE DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

223.     To the extent that the allegations contained in paragraph 223 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations contained in paragraph 223 are directed at AstraZeneca, they are denied.

224–226.  These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 224 through 226.

227.     To the extent that the allegations contained in paragraph 227 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations contained in paragraph 227 are directed at AstraZeneca, they are denied.

228–232.  These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 228 through 232.

### THE SCHERING DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

233.     To the extent that the allegations contained in paragraph 233 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent

that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 233 are directed at AstraZeneca, they are denied.

234–238. These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 234 through 238.

### THE WYETH DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

239.      To the extent that the allegations contained in paragraph 239 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 239 are directed at AstraZeneca, they are denied.

240–243. These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 240 through 243.

244.      To the extent that the allegations contained in paragraph 244 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 244 are directed at AstraZeneca, they are denied, except AstraZeneca admits that AstraZeneca

41

Pharmaceuticals LP markets, sells, manufactures, or distributes Prilosec® (omeprazole magnesium).

245.    This paragraph is directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 245.

### DEFENDANT DEY'S UNLAWFUL CONDUCT IN NEW JERSEY

246.    To the extent that the allegations contained in paragraph 246 are directed at a party other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 246 are directed at AstraZeneca, they are denied.

247–250.   These paragraphs are directed at a party other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 247 through 250.

### THE FUJISAWA DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

251.    To the extent that the allegations contained in paragraph 251 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 251 are directed at AstraZeneca, they are denied.

42

252–254.  These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 252 through 254.

### THE SICOR DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

255.     To the extent that the allegations contained in paragraph 255 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations contained in paragraph 255 are directed at AstraZeneca, they are denied.

256–258.  These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 256 through 258.

### THE NOVARTIS DEFENDANTS' UNLAWFUL CONDUCT IN NEW JERSEY

259.     To the extent that the allegations contained in paragraph 259 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations contained in paragraph 259 are directed at AstraZeneca, they are denied.

260–265.  These paragraphs are directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs.  To the extent that a response is required,

43

MEI 6314921v.1

AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 260 through 265.

266.        AstraZeneca admits that AstraZeneca Pharmaceuticals LP markets, sells, manufactures, or distributes Foscavir®.  AstraZeneca is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266, and on that basis denies those allegations.

267.        This paragraph is directed at parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 267.

## DEFENDANT ALPHA'S UNLAWFUL CONDUCT IN NEW JERSEY

268.        To the extent that the allegations contained in paragraph 271 are directed at a party other than AstraZeneca, AstraZeneca states that no response is required from AstraZeneca.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations contained in paragraph 268 are directed at AstraZeneca, they are denied.

269.        This paragraph is directed at a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 269.

270.        To the extent that the allegations contained in paragraph 270 are directed at a party other than AstraZeneca, AstraZeneca states that no response is required from AstraZeneca.

ME1 6314921v.1

To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 270 are directed at AstraZeneca, they are denied. AstraZeneca specifically denies the existence of, or participation in, any "fraudulent scheme" as alleged in the Complaint.

### HOFFMAN'S UNLAWFUL CONDUCT IN NEW JERSEY

271.    To the extent that the allegations contained in paragraph 271 are directed at a party other than AstraZeneca, AstraZeneca states that no response is required from AstraZeneca. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 271 are directed at AstraZeneca, they are denied.

272.    This paragraph is directed at a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 272.

273.    To the extent that the allegations contained in paragraph 273 are directed at a party other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 273 are directed at AstraZeneca, they are denied. AstraZeneca specifically denies the existence of, or participation in, any "fraudulent scheme" or "conspiracy" as alleged in the Complaint.

### SANOFI'S UNLAWFUL CONDUCT IN NEW JERSEY

45

274. To the extent that the allegations contained in paragraph 274 are directed at a party other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 274 are directed at AstraZeneca, they are denied.

275–276. These paragraphs are directed at a party other than AstraZeneca, and therefore AstraZeneca need not respond to these paragraphs. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 275 and 276.

277. To the extent that the allegations contained in paragraph 277 are directed at a party other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 277 are directed at AstraZeneca, they are denied, except AstraZeneca admits that AstraZeneca Pharmaceuticals LP markets, sells, manufactures, or distributes Zoladex® (goserelin acetate). By way of further response, AstraZeneca specifically denies the existence of, or participation in, any "fraudulent scheme" or "conspiracy" as alleged in the Complaint.

## FRAUDULENT CONCEALMENT

278. To the extent that the allegations contained in paragraph 278 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph

46

278 are directed at AstraZeneca, they are denied. AstraZeneca specifically denies the existence

of, or participation in, any "conspiracy" or "unlawful conduct" as alleged in the Complaint.

279.      To the extent that the allegations contained in paragraph 279 are directed at

parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent

that a response is required, AstraZeneca denies knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent that the allegations contained in paragraph

279 are directed at AstraZeneca, they are denied. AstraZeneca specifically denies the existence

of, or participation in, any "conspiracy" or "unlawful conduct" as alleged in the Complaint.

280.      AstraZeneca states that paragraph 280 consists of a legal argument of

conclusion of law to which no response is required. To the extent that a response is required,

these allegations are denied.

281.      To the extent that the allegations contained in paragraph 281 are directed at

parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent

that a response is required, AstraZeneca denies knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent that the allegations contained in paragraph

281 are directed at AstraZeneca, they are denied. AstraZeneca specifically denies the existence

of, or participation in, any "conspiracy" or "unlawful conduct" as alleged in the Complaint.

282.      To the extent that the allegations contained in paragraph 282 are directed at

parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent

that a response is required, AstraZeneca denies knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent that the allegations contained in paragraph

282 are directed at AstraZeneca, they are denied.

47

MEI 6314921v.1

283.    AstraZeneca states that paragraph 283 consists of a conclusion of law to which no response is required, and denies the allegations of paragraph 283 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 283 as to parties other than AstraZeneca. By way of further response, AstraZeneca specifically denies the existence of, or participation in, any "unlawful conduct" or "conspiracy" as alleged in the Complaint.

## COUNT I
## UNJUST ENRICHMENT

284.    AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the allegations in paragraphs 1 through 283.

285.    AstraZeneca states that paragraph 285 consists of legal arguments and conclusions of law to which no response is required, and denies the allegations of paragraph 285 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285 as to parties other than AstraZeneca. By way of further response, AstraZeneca denies that Plaintiff or any purported class member has been injured or damaged as alleged in paragraph 285.

286.    To the extent that the allegations contained in paragraph 286 are directed at parties party other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 286 are directed at AstraZeneca, they are denied, except admits that in June 2003, AstraZeneca Pharmaceuticals LP pleaded guilty to a one-count Information alleging a conspiracy to violate the PDMA. By way of further response, AstraZeneca avers that the plea is not relevant

48

to the claims asserted by Plaintiff against AstraZeneca in the Complaint. Such allegations are included in the Complaint solely to prejudice AstraZeneca.

287. AstraZeneca states that paragraph 287 consists of a conclusion of law to which no response is required, and denies the allegations of paragraph 287 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 287 as to parties other than AstraZeneca. By way of further response, AstraZeneca denies that Plaintiff or any purported class member has been injured or damaged as alleged in paragraph 287.

288. AstraZeneca denies the allegations contained in paragraph 288. By way of further response, AstraZeneca denies that Plaintiff or any purported class member has been injured or damaged as alleged in paragraph 288.

289. AstraZeneca states that paragraph 289 consists of a conclusion of law to which no response is required. To the extent that a response is required and the allegations contained in this paragraph are directed at AstraZeneca, these allegations are denied. To the extent that a response is required and the allegations contained in paragraph 289 are directed at parties other than AstraZeneca, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT II
## FRAUD

290. AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the allegations in paragraphs 1 through 289.

291. AstraZeneca states that paragraph 291 consists of a conclusion of law to which no response is required, and denies the allegations of paragraph 291 to the extent that they

49

MB1 6314921v.1

are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 291 as to parties other than AstraZeneca.

292.        AstraZeneca denies the allegations of paragraph 292 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 292 as to parties other than AstraZeneca.

293.        AstraZeneca denies the allegations of paragraph 293 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 293 as to parties other than AstraZeneca. By way of further response, AstraZeneca denies that Plaintiff or any purported class member has been injured or damaged as alleged in paragraph 293.

294.        AstraZeneca denies the allegations of paragraph 294 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 294 as to parties other than AstraZeneca. By way of further response, AstraZeneca denies that Plaintiff or any purported class member has been injured or damaged as alleged in paragraph 294.

295.        AstraZeneca denies the allegations of paragraph 295 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 295 as to parties other than AstraZeneca. By way of further response, AstraZeneca denies that Plaintiff or any purported class member has been injured or damaged as alleged in paragraph 295.

296.        To the extent that the allegations contained in paragraph 296 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent

50

ME1 631492Iv.1

that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 296 are directed at AstraZeneca, AstraZeneca admits that, as part of the plea entered into by AstraZeneca Pharmaceuticals LP and the government in June 2003, AstraZeneca entered into a Corporate Integrity Agreement with the Office of Inspector General of the Department of Health and Human Services whereby, among other things, AstraZeneca agreed to report "average sales prices" for certain products identified in that agreement. AstraZeneca otherwise denies the allegations contained in paragraph 296. By way of further response, AstraZeneca asserts that neither the plea nor the Corporate Integrity Agreement nor any document related thereto is relevant to the claims asserted by Plaintiff against AstraZeneca. Such allegations are included within the Complaint solely to prejudice AstraZeneca.

297. AstraZeneca states that paragraph 297 consists of a conclusion of law to which no response is required, and denies the allegations of paragraph 297 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 297 as to parties other than AstraZeneca. By way of further response, AstraZeneca denies that Plaintiff or any purported class member has been injured or damaged as alleged in paragraph 297.

## COUNT III
## CIVIL CONSPIRACY

298. AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the allegations in paragraphs 1 through 297.

299. AstraZeneca denies the allegations of paragraph 299 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a

51

belief as to the truth of the allegations in paragraph 299 as to parties other than AstraZeneca,

AstraZeneca specifically denies "enter[ing] into an agreement and/or otherwise engag[ing] in a

continuing conspiracy to defraud the [Plaintiff] and the Class."

300.    AstraZeneca denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 300.

301.    To the extent that the allegations contained in paragraph 301 are directed at

parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent

that a response is required, AstraZeneca denies knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent that the allegations contained in paragraph

301 are directed at AstraZeneca, they are denied.

302.    AstraZeneca denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 302.

303.    AstraZeneca denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 303.

304.    To the extent that the allegations contained in paragraph 304 are directed at

parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent

that a response is required, AstraZeneca denies knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent that the allegations contained in paragraph

304 are directed at AstraZeneca, they are denied, except AstraZeneca admits that Drs. Saad

Antoun, Stanley Hopkins, and Robert A. Berkman were indicted for conspiracy to violate the

PDMA, and that Drs. Antoun and Hopkins pleaded guilty to conspiracy to violate the PDMA.

By way of further response, AstraZeneca avers that these indictments, pleas, and documents

related thereto are not relevant to the claims asserted by Plaintiff against AstraZeneca in the Complaint. Such allegations are included within the Complaint to prejudice AstraZeneca.

305.　　AstraZeneca denies the allegations of paragraph 305 (and each of its subparts) to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 305 (and each of its subparts) as to parties other than AstraZeneca. AstraZeneca specifically denies the existence of, and participation in, any "conspiracy" as alleged in the Complaint.

306.　　AstraZeneca denies the allegations of paragraph 306 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 306 as to parties other than AstraZeneca. AstraZeneca specifically denies the existence of, and participation in, any conspiracy as alleged in the Complaint, and denies that Plaintiff or any purported class member has suffered damages or injuries as alleged in paragraph 306.

307.　　AstraZeneca states that paragraph 307 consists of a conclusion of law to which no response is required, and denies the allegations of paragraph 307 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 307 as to parties other than AstraZeneca. By way of further response, AstraZeneca denies that Plaintiff or any purported class member has been injured or damaged as alleged in paragraph 307.

MEI 631492Iv.1

## COUNT IV
## CONCERT OF ACTION

308.     AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the allegations in paragraphs 1 through 307.

309.     AstraZeneca denies the allegations of paragraph 309 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 309 as to parties other than AstraZeneca. AstraZeneca specifically denies the existence of, or participation in, any "concert of action" as alleged in paragraph 309, and denies that Plaintiff or any purported class member has suffered damages or injuries as alleged in paragraph 309.

310.     AstraZeneca denies the allegations of paragraph 310 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 310 as to medical providers or other parties.

311.     AstraZeneca denies the allegations of paragraph 311 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 311 as to medical providers or other parties.

312.     AstraZeneca denies the allegations of paragraph 312 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 312 as to medical providers or other parties.

313.     AstraZeneca denies the allegations of paragraph 313 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 313 as to medical providers or other parties.

54

314.     AstraZeneca denies the allegations of paragraph 314 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 314 as to medical providers or other parties.

315.     AstraZeneca states that paragraph 315 consists of a conclusion of law to which no response is required, and denies the allegations of paragraph 315 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 315 as to parties other than AstraZeneca. By way of further response, AstraZeneca denies that Plaintiff or any purported class member have been injured or damaged as alleged in paragraph 315.

## COUNT V
## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

316.     AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the allegations in paragraphs 1 through 315.

317.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 317. AstraZeneca states that the third sentence of paragraph 317 consists of a conclusion of law to which no response is required.

318.     AstraZeneca states that paragraph 318 consists of a conclusion of law to which no response is required, and denies the allegations of paragraph 318 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 318 as to parties other than AstraZeneca.

319.     AstraZeneca states that paragraph 319 consists of a conclusion of law to which no response is required, and denies the allegations of paragraph 319 to the extent that they

55

are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 319 as to parties other than AstraZeneca.

320.     To the extent that the allegations contained in paragraph 320 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required from AstraZeneca. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations contained in paragraph 320 are directed at AstraZeneca, they are denied, except AstraZeneca admits that in June 2003, AstraZeneca Pharmaceuticals LP entered into a civil settlement with the federal government and certain states, including New Jersey.

321.     AstraZeneca states that paragraph 321 consists of a conclusion of law to which no response is required, and denies the allegations of paragraph 321 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 321 as to parties other than AstraZeneca.

## PRAYER FOR RELIEF

AstraZeneca denies that Plaintiff is entitled to a judgment or any other relief requested in its Prayer for Relief, as stated in the unnumbered paragraph (and each of its subparts) following paragraph 321 of the Complaint.

To the extent that any allegation contained in Plaintiff's Complaint has not been specifically admitted or denied, it is hereby denied.

56

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, AstraZeneca does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiff is relieved of its burden to prove each and every element of its claims and the damages, if any, to which it is entitled.

### FIRST DEFENSE

Plaintiff and the purported class fail to state claims against AstraZeneca upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's and the purported class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD DEFENSE

Plaintiff and/or its agents and the purported class members knew and were aware that AWP was not an average wholesale price or the actual acquisition cost of drugs. Therefore, legal and equitable principles preclude this action for damages and injunctive relief, and the Due Process Clauses of the U.S. Constitution and the New Jersey Constitution preclude Plaintiff from bringing claims and seeking damages as alleged in the Complaint.

### FOURTH DEFENSE

To the extent Plaintiff and/or any member of the purported class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against AstraZeneca based on the Complaint pursuant to the

MEI 6314921v.1

doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## FIFTH DEFENSE

Any and all actions taken by AstraZeneca with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## SIXTH DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the New Jersey and any other States whose laws are or become relevant in the course of this multidistrict litigation.

## SEVENTH DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, by the filed rate doctrine.

## EIGHTH DEFENSE

Plaintiff's and the purported class' claims are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

## NINTH DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, because they violate AstraZeneca's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the New Jersey Constitution, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

ME1 6314921v.1

## TENTH DEFENSE

Plaintiff's and the purported class members' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## ELEVENTH DEFENSE

Neither Plaintiff nor any member of the purported class has suffered, and nor will either suffer, any injury to a legally protected or cognizable interest by reason of the conduct of AstraZeneca as alleged in the Complaint.

## TWELFTH DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, to the extent that Plaintiff and the purported class members have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

## THIRTEENTH DEFENSE

Plaintiff's and the purported class' claims against AstraZeneca for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003.

## FOURTEENTH DEFENSE

Plaintiff's and the purported class' claims against AstraZeneca are barred because AstraZeneca did not directly or indirectly engage in any conduct in violation of state or federal law.

MEI 6314921v.1

## FIFTEENTH DEFENSE

Plaintiff's and the purported class' claims against AstraZeneca are barred because AstraZeneca has complied with all applicable regulations of the federal and state governments.

## SIXTEENTH DEFENSE

Neither Plaintiff nor any member of the purported class has standing or capacity to bring some or all of the claims in the Complaint.

## SEVENTEENTH DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by AstraZeneca in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## EIGHTEENTH DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

## NINETEENTH DEFENSE

AstraZeneca' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff and the purported class.

## TWENTIETH DEFENSE

Plaintiff and the purported class fail to state with particularity facts to support the fraud allegations against AstraZeneca contained in the Complaint.

MEI 6314921v.1

### TWENTY-FIRST DEFENSE

Plaintiff's and the purported class' claims for injunctive relief are barred by the doctrines of *in pari delicto* and/or unclean hands.

### TWENTY-SECOND DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

### TWENTY-THIRD DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, due to their failure to join indispensable parties.

### TWENTY-FOURTH DEFENSE

Plaintiff's and the purported class' claims against AstraZeneca are misjoined with Plaintiff's claims against other defendants and must be severed.

### TWENTY-FIFTH DEFENSE

AstraZeneca's statements or actions were not the cause of any injury to, or alleged loss by, Plaintiff or the purported class.

### TWENTY-SIXTH DEFENSE

To the extent that Plaintiff or any member of the purported class attempts to seek equitable relief against AstraZeneca, neither Plaintiff nor any member of the purported class is entitled to such relief because Plaintiff and members of the purported class have an adequate remedy at law.

ME1 6314921v.1

## TWENTY-SEVENTH DEFENSE

As to any assertion, representation or statement of fact which Plaintiff or any member of the purported class claims was made or caused to be made by AstraZeneca, AstraZeneca had no reasonable grounds to believe and did not believe at the time the assertion, representation or statement was made or caused to be made that the assertion, representation or statement was untrue, deceptive, or misleading.

## TWENTY-EIGHTH DEFENSE

Neither Plaintiff nor the purported class relied on the allegedly fraudulent statements or representations of AstraZeneca.

## TWENTY-NINTH DEFENSE

Plaintiff's and the purported class' claims against AstraZeneca are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price on the ground that third-party payors passed on any effect of the alleged supracompetitive prices to their customers or employees in the form of higher premiums, co-pays, or other charges.

## THIRTIETH DEFENSE

Plaintiff's and the purported class' claims against AstraZeneca are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed, in whole or in part, by a person and/or entity which purchased the medicine directly, and/or by an intermediate indirect purchaser, and was not passed through to Plaintiff or to the purported class.

## THIRTY-FIRST DEFENSE

MEI 6314921v.1

Any alleged misconduct by AstraZeneca was not a substantial factor in Plaintiff's or the purported class members' decision to purchase or use AstraZeneca products.

## THIRTY-SECOND DEFENSE

Any alleged misconduct by AstraZeneca was not a substantial factor in the decision of Plaintiff or members of the purported class to buy or use AstraZeneca products.

## THIRTY-THIRD DEFENSE

Any discounts which were provided by AstraZeneca were earned discounts and therefore appropriate business decisions.

## THIRTY-FOURTH DEFENSE

Any rebate, refund, commission, or discounts offered by AstraZeneca had no effect on any competitor and did not have any effect on competition.

## THIRTY-FIFTH DEFENSE

Plaintiff's and the purported class' unjust enrichment claims are barred, in whole or in part, because AstraZeneca did not collect or retain any money belonging to Plaintiff as a result of any alleged overpayments, as required to sustain such a claim under New Jersey law.

## THIRTY-SIXTH DEFENSE

Plaintiff's and the purported class' unjust enrichment claims are barred, in whole or in part, by contracts to which AstraZeneca is a party.

63

## THIRTY-SEVENTH DEFENSE

Plaintiff's and the purported class' unjust enrichment claims are barred because AstraZeneca has not accepted or retained any benefits under circumstances where it would be inequitable for AstraZeneca to do so.

## THIRTY-EIGHTH DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, (1) because Plaintiff and members of the purported class failed to mitigate damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to AstraZeneca; (2) because Plaintiff and members of the purported class would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff or any member of the purported class has received and paid for medicines manufactured, marketed and sold by AstraZeneca after the filing of Plaintiff's Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## THIRTY-NINTH DEFENSE

AstraZeneca is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff and the purported class, with respect to the same alleged injuries.

## FORTIETH DEFENSE

Plaintiff's and the purported class' punitive damages claims against AstraZeneca:

    a) have no basis in law or fact;

MEI 6314921v.1

b) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim against AstraZeneca for punitive damages;

c) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give AstraZeneca prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of AstraZeneca's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the New Jersey State Constitution;

d) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate AstraZeneca's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws;

e) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against AstraZeneca for punitive damages arising from the distribution, supply, marketing, sale, or use of AstraZeneca's drugs and therapies would constitute impermissible multiple punishments for the same wrong, in violation of AstraZeneca's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of New Jersey;

65

MEI 6314921v.1

f)   cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate AstraZeneca's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of New Jersey; and

g)   cannot be sustained because any award of punitive damages, which are penal in nature, without according AstraZeneca the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate AstraZeneca's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of New Jersey.

### FORTY-FIRST DEFENSE

Plaintiff's and the purported class' claim for punitive damages against AstraZeneca cannot be sustained because an award of punitive damages by a jury that:

a)   is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award,

MB1 6314921v.1

b) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment,

c) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of AstraZeneca,

d) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible,

e) is not properly instructed regarding Plaintiff's and the purported class' burden of proof with respect to each and every element of a claim for punitive damages, and

f) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate AstraZeneca's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of New Jersey.

## FORTY-SECOND DEFENSE

Plaintiff's and the purported class' claim for punitive damages against AstraZeneca cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate AstraZeneca's due process rights guaranteed

67

ME1 6314921v.1

by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate

AstraZeneca's right not to be subjected to an excessive award; and (3) be improper under the

constitutions, common law and public policies of New Jersey.

## FORTY-THIRD DEFENSE

Plaintiff and the purported class have by their conduct waived their right, or are now

estopped, to obtain any recovery from AstraZeneca.

## FORTY-FOURTH DEFENSE

Any damages, forfeiture or penalties recoverable by Plaintiff or members of the

purported class from AstraZeneca are limited by the applicable statutory ceilings.

## FORTY-FIFTH DEFENSE

Plaintiff and the purported class fail to allege facts or a cause of action against

AstraZeneca sufficient to support a claim for compensatory damages, prejudgment interest,

attorneys' fees and/or legal fees, or any other relief.

## FORTY-SIXTH DEFENSE

Plaintiff and the purported class fail to allege with particularity the civil conspiracy

claims against AstraZeneca, as required by the New Jersey Rules of Civil Procedure.

## FORTY-SEVENTH DEFENSE

Plaintiff and the purported class' claims against AstraZeneca are barred because

AstraZeneca did not directly or indirectly conspire with any other entity or engage in any other

conduct in violation of state or federal law.

## FORTY-EIGHTH DEFENSE

Plaintiff's and the purported class' claims against AstraZeneca are barred, in whole or in

part, because AstraZeneca did not make any false statements to Plaintiff or to any members of

68

the purported class members.  As to any statement asserted against AstraZeneca that Plaintiff and the purported class allege to be false or misleading, AstraZeneca had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## FORTY-NINTH DEFENSE

AstraZeneca denies that Plaintiff has valid consumer protection claims against AstraZeneca under New Jersey state law.  However, if such claims are found to exist, AstraZeneca pleads all available defenses under the applicable laws.

## FIFTIETH DEFENSE

Any allegedly fraudulent statements or conduct of AstraZeneca did not directly or proximately cause the alleged injuries as required under state consumer protection laws of New Jersey.

## FIFTY-FIRST DEFENSE

AstraZeneca's conduct was not "deceptive" as required under New Jersey consumer protection laws.

## FIFTY-SECOND DEFENSE

AstraZeneca intends to rely upon, reserves its rights to assert, and hereby pleads such other and related defenses that are available under the New Jersey Consumer Fraud Act, N.J.S.A. 56: 8-1 et seq.

## FIFTY-THIRD DEFENSE

Plaintiff is not a consumer within the meaning of the New Jersey Consumer Fraud Act.

## FIFTY-FOURTH DEFENSE

69

ME1 6314921v.1

Plaintiff's and the purported class' claims against AstraZeneca are barred, in whole or in part, because Plaintiff's and the purported class' failure to satisfy the elements of any underlying torts that could serve as the basis of any alleged conspiracy precludes Plaintiff and the purported class from asserting a cause of action for civil conspiracy to commit that act.

### FIFTY-FIFTH DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, by the voluntary payment doctrine.

### FIFTY-SIXTH DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, by the learned intermediary doctrine.

### FIFTY-SEVENTH DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, because AstraZeneca did not owe a duty to Plaintiff or any member of the purported class.

### FIFTY-EIGHTH DEFENSE

Plaintiff's and the purported class' claims are barred, in whole or in part, because of a lack of privity between AstraZeneca and Plaintiff or any member of the purported class.

### FIFTY-NINTH DEFENSE

This action cannot be maintained as a class action because (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiff and the purported class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of

ME1 6314921v.1

transactions or occurrences; (3) the named Plaintiff and the purported class cannot satisfy the procedural requirements of R. 4: 32-1; (4) the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate AstraZeneca's rights provided by the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution as well as by the Constitution of the State of New Jersey and any other States whose laws are or become relevant in the course of this litigation, including but not limited to AstraZeneca's right to procedural and substantive safeguards, which include traditional defenses to liability.

### SIXTIETH DEFENSE

Plaintiff and the purported class fail to satisfy the legal elements required to support the claims of fraudulent conduct and fraudulent concealment allegations against AstraZeneca contained in the Complaint.

### SIXTY-FIRST DEFENSE

Plaintiff and the purported class fail to allege facts or a cause of action against AstraZeneca sufficient to support a claim for attorneys' fees, double damages, and/or legal fees.

### SIXTY-SECOND DEFENSE

AstraZeneca adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### SIXTY-THIRD DEFENSE

AstraZeneca hereby gives notice that it intends to rely upon any other additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

71

AstraZeneca also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of any State whose law is or becomes relevant in the course of this multidistrict litigation.

WHEREFORE, AstraZeneca prays that this Court: (1) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of AstraZeneca against Plaintiff; (2) award AstraZeneca its costs and expenses; and (3) award such other and further relief as the Court may deem just and proper.

## JURY DEMANDED

A jury trial on all issues is hereby demanded.

## DEMAND FOR SPECIFICATION OF DAMAGES

Defendant demands, pursuant to R. 4: 5-2, that plaintiff provide a written statement of the amount of damages claimed within five days.

MEI 6314921v.1

Dated: April 16, 2007

Respectfully submitted,

Andrew T. Berry, Esq.
David J. Cooner, Esq.
**McCARTER & ENGLISH, LLP**
Four Gateway Center
Newark, New Jersey 07102
Telephone:    (973) 622-4444
Facsimile:    (973) 624-7070

D. Scott Wise, Esq.
Michael S. Flynn, Esq.
Kimberley D. Harris, Esq.
**DAVIS POLK & WARDWELL**
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 450-3800

ATTORNEYS FOR DEFENDANTS
ASTRAZENECA PLC, ASTRAZENECA
PHARMACEUTICALS LP, ASTRAZENECA
LP, AND ZENECA INC.

73

ME1 6314921v.1

## RULE 4: 5-1 CERTIFICATION

Pursuant to R. 4: 5-1, AstraZeneca hereby certifies that the matter in controversy is not the subject of any other action pending in any court, except for all cases currently coordinated or consolidated with Multi-District Litigation (MDL) No. 1456, Case No. 1:01-cv-12257-PBS, pending in the U.S. District Court for District of Massachusetts, as well as the following cases: Swanston v. TAP Pharmaceutical Products, et al., CV 2002-004988 (Superior Court of Arizona, Maricopa County); State of Hawaii v. Abbott Laboratories, et al., Case No. 06-1-0720-04 (First Circuit Court, State of Hawaii); Commonwealth of Kentucky *ex rel.* Gregory D. Stumbo, Attorney General v. Alpharma, Inc., et al., Case No. 04-CI-1487 (Franklin Circuit Court, Division 1); and State of Wisconsin v. Abbott Labs., Inc., et al., Case No. 04-CV-1709 (Circuit Court, Dane County).

There are likely additional persons subject to joinder pursuant to R. 4: 28 or R. 4: 29-1(b); however, AstraZeneca is not currently aware of the names of such persons.

<div style="margin-left:50%">

Andrew T. Berry, Esq.
David J. Cooner, Esq.
**McCARTER & ENGLISH, LLP**
Four Gateway Center
Newark, New Jersey 07102
Telephone:    (973) 622-4444
Facsimile:    (973) 624-7070
Attorneys for Defendants
AstraZeneca Pharmaceuticals LP,
AstraZeneca LP, Zeneca, Inc, and.
AstraZeneca PLC

</div>

74