**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: *State of Iowa v. Abbott Laboratories., et al.* | Judge Patti B. Saris |

**DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP'S AND ASTRAZENECA LP'S INDIVIDUAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**INTRODUCTION**

AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively "AstraZeneca") respectfully submit this memorandum of law in support of their motion to dismiss the State of Iowa's Complaint. For the reasons stated in the Memorandum of Law in Support of Certain Defendants' Motion to Dismiss the Complaint, all claims against AstraZeneca should be dismissed.[1] If the Complaint is not dismissed in its entirety as against all defendants pursuant to the points raised in Defendants' Memorandum of Law, all Medicaid claims relating to Zoladex® (goserelin acetate) should nevertheless be dismissed as against AstraZeneca pursuant to Fed. R. Civ. P. 12(b)(6), because such claims are barred by a 2003 settlement agreement.[2]

---

[1] AstraZeneca joins in the Memorandum of Law in Support of Certain Defendants' Motion to Dismiss the Complaint ("Defendants' Memorandum of Law"). As stated in Defendants' Memorandum of Law, *inter alia,* the vast public record of government knowledge belies the State of Iowa's claim that it only recently has learned that the reported AWPs for defendants' products do not reflect the actual average prices charged by wholesalers to pharmacists and other providers. Further, the State of Iowa's generalized allegations of fraud are inadequate to satisfy its pleading burden with respect to each defendant and each drug alleged to be at issue. The conclusory allegations that AstraZeneca purposefully reported false and inflated price information for the drugs listed in Ex. B-4 do not constitute anything close to sufficient allegations of fraud.

[2] In ruling on AstraZeneca's motion to dismiss, the Court may properly consider the settlement agreement. *See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33-34 (2001), aff'd, 311 F.3d 450 (1st Cir. 2002) (…continued)

## ARGUMENT

## IOWA'S CLAIMS ARE BARRED IN PART BY A SETTLEMENT AGREEMENT, AND SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6)

The State of Iowa purports to bring certain claims on its own behalf as a Medicaid payer (Compl. ¶¶ 1, 19, 614-16). However, with respect to the AstraZeneca product Zoladex®, such claims are barred by a 2003 settlement agreement between AstraZeneca and the State of Iowa. The settlement agreement, which is referred to in paragraph 237 of the State of Iowa's complaint, provides in relevant part:

> the state of Iowa, on behalf of itself, and its officers, agents, agencies, and departments, *releases and discharges Zeneca*, its predecessors, successors, subsidiaries, partners, joint venture owners, and their corporate parents and affiliates, predecessors, successors and assigns, and their current and former directors, officers and employees *from any civil or administrative claims for Medicaid damages or penalties* that the state of Iowa has or may have relating [to various sales, marketing and pricing practices concerning Zoladex®]. The payment of the Settlement Amount fully discharges Zeneca from any obligation to pay Medicaid-related restitution, damages, and/or any fine or penalty to the state of Iowa for the [aforementioned conduct].

Settlement Agreement and Release by and among AstraZeneca Pharmaceuticals LP, Zeneca Inc., and the Office of the Attorney General of the State of Iowa (Medicaid Fraud Control Unit), June 17, 2003, at 7 ¶ III.2 (Attached as Exhibit A to the Affidavit of Stuart Fullerton) (emphases added).

---

(continued…)
(affirming district court's consideration of a 1998 settlement agreement in granting defendant's motion to dismiss where the authenticity of the agreement was not disputed, plaintiff's complaint referred to the agreement and the terms thereof numerous times, and defendant's alleged liability under the complaint was linked to said settlement agreement). Further, the Court may take judicial notice of the 2003 Settlement Agreement and Release and properly consider it in connection with AstraZeneca's motion. *See LoCicero v. Leslie*, 948 F. Supp. 10, 12 (D. Mass. 1996).

While Iowa state courts generally ignore factual allegations contained within a motion to dismiss and its attachments, *see Turner v. Iowa State Bank*, 743 N.W.2d 1, 3 (Iowa 2007), they consider facts that are within their ability to take judicial notice, including public records such as the settlement agreement and release at issue here. *See* Iowa Code §§22.1(3), 22.7; *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *In re Des Moines Ind. Comm. School Dist. v. Des Moines Register & Tribune Co.*, 487 N.W.2d 666, 669 (Iowa 1992).

The Complaint's allegations of fraudulent conduct concerning Zoladex® are linked to and clearly encompassed by the conduct covered by the settlement agreement.  *Compare* Compl. ¶¶ 225-32 *with* Settlement Agreement at 2-4 Preamble ¶ F ("Covered Conduct").  The State of Iowa's Medicaid-related claims relating to Zoladex® are thus barred by the valid and binding settlement agreement.  *See, e.g., Gardner v. Hartford Ins. Accident & Indem. Co.*, 659 N.W.2d 198, 207 (Iowa 2003) (finding that settlement agreement precluded plaintiff from bringing suit on claim arising from same facts); *see also Schalski v. OK Foods, Inc.*, No. 96-2189, 1996 U.S. App. LEXIS 21757, at *2-3 (8th Cir. Aug. 23, 1996) (same).

## CONCLUSION

For the reasons set forth in the Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint, the entire Complaint should be dismissed as to AstraZeneca, with prejudice.  If the Complaint is not dismissed in its entirety as to all defendants pursuant to the points raised in Defendants' Joint Memorandum of Law, all Medicaid-related claims against AstraZeneca relating to Zoladex® should nevertheless be dismissed for the foregoing independent reasons.

Dated:   Boston, Massachusetts
         February 20, 2008
                                    Respectfully Submitted,

                                    By:   /s/ Katherine B. Schmeckpeper
                                          Nicholas C. Theodorou (BBO # 496730)
                                          Katherine B. Schmeckpeper  (BBO #663200)
                                          FOLEY HOAG LLP
                                          155 Seaport Blvd.
                                          Boston, Massachusetts 02210
                                          Tel: (617) 832-1000

D. Scott Wise (admitted *pro hac vice*)
Kimberley Harris (admitted *pro hac vice*)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000

*Attorneys for*
*AstraZeneca Pharmaceuticals L.P. and*
*AstraZeneca L.P.*

## CERTIFICATE OF SERVICE

      I, Katherine B. Schmeckpeper, hereby certify that a true copy of the foregoing document was served upon all counsel of record in the Iowa action electronically pursuant to Fed. R. Civ. P. 5(b)(2)(D) and CMO No. 2 on this twentieth day of February, 2008, by causing a copy to be sent to LexisNexis File & Serve for posting and notification to all counsel of record.

                                                         /s/ *Katherine B. Schmeckpeper*
                                                          Katherine B. Schmeckpeper