UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories., et. al.* | |

## DEFENDANT AMGEN INC.'S INDIVIDUAL MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant Amgen Inc. ("Amgen")[1] submits this supplemental memorandum in support of its individual motion to dismiss the plaintiff's Complaint ("Complaint") insofar as the State's claims relate to one of Amgen's products, Epogen®.[2] Unlike virtually any other product in this litigation, Epogen® is not reimbursed by Iowa's Medicaid program based upon AWP, or upon any of the other "pricing benchmarks" referenced in the State's complaint. As a result, Epogen® does not fit the plaintiff's theories, and plaintiff's claims relating to Epogen® should be dismissed.[3]

At all times relevant to the Complaint, Iowa's Medicaid program reimbursed for Epogen® administered in connection with chronic kidney disease – Amgen's only market

---

[1] Plaintiff refers to Amgen and Immunex Corporation ("Immunex") collectively as the "Amgen Defendants." Compl. at ¶ 24. Although Immunex is now a wholly-owned subsidiary of Amgen, it is a separate corporate entity, was served separately in this action, and is represented by separate counsel.
[2] Amgen also joins in the Defendants' Joint Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint, incorporated herein by reference.
[3] Because Epogen® was one of the only two major products that Amgen manufactured and marketed from 1991-2001, its dismissal from the case will significantly narrow the issues in the State's case against Amgen, and significantly limit the scope and burden of discovery.

for Epogen®[4] – on a fixed, statutorily-imposed rate based upon the number of units administered, and not on AWP or any of the other pricing benchmarks purportedly utilized by Iowa to calculate its Medicaid prescription reimbursements. Iowa Administrative Code § 441-78.1(12) provides in relevant part:

> Payment will be made on the same basis as in Medicare for services associated with treatment of chronic renal disease including physician's services, hospital care, renal transplantation, and hemodialysis, whether performed on an inpatient or outpatient basis.

As this Court well knows, prior to January 1, 2005, the applicable Medicare provision, 42 U.S.C. § 1395rr(b)(11)(B), provided that Epoetin alfa administered to patients suffering from end-stage renal disease was reimbursed at a flat rate of $10 per thousand units. As such, Epoetin alfa provided to dialysis patients was not reimbursed by Medicare – nor, pursuant to IAC § 441-78.1(12), by Iowa – based upon AWP, or any other reimbursement benchmark that may have been used by Iowa Medicaid, but was instead reimbursed at a specific statutory rate set by the federal government. This fixed statutory rate was published, generally available and, prior to 2005, had remained unchanged for more than a decade.[5]

Iowa Medicaid's reimbursement for Epogen® simply does not fit plaintiff's theory of the case.[6] Given that a statutorily-established reimbursement rate cannot, as a matter of fact or law, be manipulated or inflated (as plaintiff has alleged in its Complaint),[7] plaintiff's

---

[4] Epogen® was approved in 1989 for the treatment of anemia associated with chronic renal failure in dialysis patients. Under a product license agreement entered in 1985, Amgen granted permission to Ortho Pharmaceutical Corporation (later transferred to Ortho Biotech Products, LP – both of which are Johnson & Johnson subsidiaries), the right to market Epoetin alfa under the brand name Procrit®, for different indications. Pursuant to this agreement, Amgen's Epogen® is marketed for use in treating patients with chronic renal failure, including end-stage renal disease, while Ortho Biotech's Procrit® is marketed for other indications, including chemotherapy-induced anemia.
[5] *See, e.g.*, 42 U.S.C. § 1395rr(b)(11)(B) (2004).
[6] *See, e.g.*, Compl. at ¶ 80 ("The Medicaid reimbursements at issue in this litigation are those made on the basis of AWP, MAC/FUL or SMAC. Every drug listed in Exhibit B to this complaint has been reimbursed by Iowa Medicaid based on AWP, MAC/FUL or, since 2001, SMAC.")
[7] *See, e.g., id.* at ¶ 9, 12, 85, 86.

claims for relief, insofar as they are based upon alleged purchases of Epogen®, should be dismissed.

## Conclusion

For the foregoing reasons, and for the reasons set forth in the defendants' joint memorandum, Amgen requests that the Complaint filed against it in this action be dismissed with prejudice.

Date:   February 20, 2008

                                                        Respectfully submitted,

                                                        Steven F. Barley
                                                        Joseph H. Young
                                                        Jennifer A. Walker
                                                        Hogan & Hartson LLP
                                                        111 S. Calvert St., Suite 1600
                                                        Baltimore, MD 21202
                                                        410-659-2700 (phone)
                                                        410-539-6981 (fax)

                                                        *Attorneys for Amgen Inc.*

Brian P. Rickert
Michael A. Dee
Brown, Winick, Graves, Gross,
   Baskerville and Schoenebaum, P.L.C.
666 Grand Avenue
Suite 2000, Ruan Center
Des Moines, IA 50309
515-242-2400 (phone)
515-283-0231 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2008, a true and correct copy of the foregoing was served upon all counsel of record via electronic service by causing a copy to be sent to LexisNexis File & Serve for posting and notification.

/s/ Jennifer A. Walker

4