UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456 |
| ) | CIVIL ACTION: 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO: ) ) | |
| *State of Iowa v. Abbott Laboratories, et al.* ) ) ) | Judge Patti B. Saris |

**DEFENDANT CHIRON CORPORATION'S MEMORANDUM IN SUPPORT OF ITS
INDIVIDUAL MOTION TO DISMISS THE STATE OF IOWA'S COMPLAINT**

Defendant Chiron Corporation ("Chiron") respectfully submits this Memorandum of Law in support of its individual Motion to Dismiss the State of Iowa's ("Plaintiff's") Complaint as to the specific allegations against Chiron. Chiron also joins in and incorporates by reference the Defendants' Joint Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in support thereof ("Defendants' Joint Motion"). In so doing, Chiron seeks to dismiss Iowa's action *with prejudice*.

**I.    FACTS PERTINENT TO CHIRON**[1]

Plaintiff's Complaint *sub judice* is nearly identical to the New York Revised First Amended Consolidated Complaint ("NY FACC") filed in this Court on October 5, 2007.[2] Indeed, Section J of the Complaint contains nine paragraphs (¶¶ 319-27) which, with the

---

[1] Chiron incorporates by reference all facts contained in Defendants' Joint Motion and Memorandum in Support.
[2] Chiron notes that this Court has now twice dismissed allegations against Chiron based on the same set of poorly-pled "facts." Iowa's copy of the nearly identical complaint should fare no better. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 339 F. Supp. 2d 165 (D. Mass. 2004) ("Suffolk I") (dismissing a portion of the claims as to all defendants); *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 1456, Civ.A. 01-12257-PBS, 2004 WL 2387125, at *2-3 (D. Mass. Oct. 26, 2004) ("Suffolk II") (companion order to Suffolk I, dismissing all claims as to a portion of the defendants, including Chiron); *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 1456, Civ.A. 01-12257-PBS, Memorandum and Order (D. Mass. April 8, 2005)("Suffolk III") (dismissing all claims as to the "Suffolk 13," including Chiron); *see also* Case Management Order No. 33 (September 14, 2007).

exception of "Iowa" substituted for "New York," and "B-10" substituted for "B-12," are identical to the first nine paragraphs of the NY FACC's section L (¶¶ 386-94).  This is no surprise as the same lead counsel is handling both matters.[3]

In this action, Plaintiff pled only two NDCs with respect to Chiron with allegedly actionable expenditures of approximately $ 1.8 million.  *See* Iowa Complaint, at ¶ 319.  Each is a brand name drug and is alleged to have an Average Wholesale Price ("AWP") – Market Price spread below thirty percent (30%).[4]  In making these allegations, Plaintiff ignores the prior, dispositive rulings of this Court that brand name drugs with spreads of 30% or less are not subject to liability.[5]  *In re Pharm. Indus. Average Wholesale Price Litig.*, 491 F. Supp. 2d 20, 32, 91 (D. Mass. 2007) ("Track 1 Trial"); Def's Joint Memorandum, pp. 27-8.

## II.     THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF CANNOT STATE A CAUSE OF ACTION AGAINST CHIRON

### A.     Exhibit B-10 Pleading Deficiencies

Exhibit A to the Complaint notes that only *two* Chiron NDCs are at issue in this case with allegedly actionable expenditures of approximately $1.8 million between 1992 and 2005.[6]  Exhibit B-10, however, lists *three* Chiron products, though notably only provides the actual NDC codes and label names for *two*.[7]  Significantly, both NDCs pled have alleged spreads **below** 30%.  For the reasons stated in Defendants' Joint Motion, and contained herein, Plaintiff has not met the liability threshold with respect to Chiron's two NDCs at issue.  Consequently, its claims against Chiron with respect to these two NDCs should be dismissed as a matter of law.  *In re*

---

[3] The lead counsel is Kirby McInerney LLP, which filed the NY FACC on October 5, 2007 and the Iowa Complaint on October 9, 2007.

[4] *See* Iowa Complaint, Exhibit B-10:  Chiron NDCs at Issue.

[5] While Chiron joins the other Defendants in not subscribing to Plaintiff expert's 30% "yardstick" and continues to challenge this methodology as faulty, under the Track 1 Trial decision the Court should dismiss drugs where the State alleges spreads of 30% or less or, at the very least, stay discovery as to those drugs.  Both of the Chiron NDCs identified in the Complaint fall into this category.

[6] *See* Iowa Complaint, Exhibit A:  Defendant Summary.

[7] *See* Iowa Complaint, Exhibit B-10:  Chiron NDCs at Issue.

*Pharm. Indus. Average Wholesale Price Litig.*, 491 F. Supp. 2d at 32, 91; Def's Joint Memorandum, pp. 27-8.

In addition, Plaintiff includes a third "phantom drug" on Exhibit B-10, but this drug lacks both an NDC *and* a label name. *See* Ex. B-10. Chiron asserts that because there is neither a NDC nor label name alleged in Exhibit B-10, Plaintiff has failed to state a cause of action with regard to the phantom drug. *See id.*

If left to supposition, which neither Chiron nor the Court should have to do, Chiron could assume that the phantom drug is the same drug as that identified by NDC in the line immediately above the phantom drug listing on Exhibit B-10. If this is the case, and the phantom drug's alleged spread of 30.48% for a period of about three and a half months in 2001 were averaged with the 27% spread alleged for the drug above for a five and a half month period in 2000, the resulting spread over the entire period would be less than 30%. This spread likewise fails to meet the Court's pronounced 30% threshold. *In re Pharm. Indus. Average Wholesale Price Litig.*, 491 F. Supp. 2d at 32, 91; Def's Joint Memorandum, pp. 27-8.

Even if the Court chooses not to combine the phantom drug with the NDC immediately above it, the phantom drug's alleged spread of 30.48% likely does not meet the 30% empirical yardstick under this Court's reasoning in *In re Pharmaceutical Industry Average Wholesale Price Litigation*.[8] In this Court's June 21, 2007 decision, the Court plainly held that Johnson and Johnson ("J&J") was not liable for marketing Remicade based on profitability when the spread exceeded 30% by 2.1% in 1999 and 1.9% in 2001, and hovered near 30% for four of the six years at issue.[9] The Court found reasonable J&J's argument that the spread should be based

---

[8] *See* 491 F. Supp. 2d at 57-8,103.
[9] *Id.*

3

upon a weighted average over time.[10] Assuming the phantom drug is the one identified in the line above on Exhibit B-10, if the Court applies this same analysis to only to its alleged spread, the phantom drug's spread would not surpass the Court's empirical yardstick under the J&J rationale nor under basic principles of mathematics.[11]

For the foregoing reasons, the allegations with respect to the phantom drug should also be dismissed as a matter of law.

### B.   The Phantom Drug on Exhibit B-10 is Not Pled With Particularity as Required By Fed. R. Civ. P. 9(b)

As noted in Defendants' Joint Memorandum, and as this Court is well-aware, for claims alleging fraud Fed. R. Civ. P. 9(b) contains a heightened pleading standard where the plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Def's Joint Memorandum, pp. 28-33. "The particularity requirement means that a complaint must specify the time, place, and content of an alleged false representation." *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 731 (1st Cir. 2007) (citations and internal quotation marks omitted). Plaintiff failed each requirement with respect to the phantom drug contained on Exhibit B-10. There is no NDC number pled, nor is there a drug or label name pled. As such, Plaintiff has failed to put Chiron on notice as to the drug at issue. Dismissal of the phantom drug is therefore required.

### C.   Paragraphs 319 – 327 of the Complaint Should Fail as a Matter of Law

Paragraph 319 states that "[t]he specific Chiron NDCs for which Iowa seeks relief are set forth in Exhibit B-10 hereto." As such, Exhibit B-10 forms the basis for Plaintiff's alleged claims. But notably, **none** of the NDC products referred to in Paragraphs 322 through 327 are

---

[10] *Id.*

[11] Definition of "rounding," http://dictionary.reference.com/browse/rounding (Under Mathematics, "in rounding the final digits, 0–4 are simply dropped, 6–9 are dropped after the preceding digit is increased by 1, and 5 is handled in various ways depending on the surrounding digits and the particular convention being followed.").

4

listed on Exhibit B-10.  Thus, all allegations referring to NDC products **not** included in Exhibit B-10 should be stricken as a matter of law as being in violation of this Court's prior Case Management Orders (which are well known to Plaintiff's counsel) and also Federal Rule of Civil Procedure 12(b)(6).

### III.   CONCLUSION

For the foregoing reasons and those stated in the Defendants' Joint Memorandum, Defendant respectfully asks this Court to grant its Motion to Dismiss the Iowa Complaint *with prejudice*.  This Court has in essence already ruled on this Complaint in the NY litigation, including its mirrored typographical errors and baseless claims.  Instead of learning from this Court's prior rulings, counsel filed a Complaint nearly identical to the Complaint filed in New York on behalf of the State of Iowa.  As such, Plaintiff should not be permitted to re-plead issues already addressed by this Court.  Accordingly, for each and all of the above reasons unique to the allegations against Chiron, this Court should grant Chiron's Motion to Dismiss the State of Iowa's Complaint *with prejudice*.

Dated:  February 20, 2008                            /s/ D. Jacques Smith
                                                                              D. Jacques Smith, Esq. (*pro hac vice*)
                                                                              Larri A. Short, Esq.
                                                                              Jackson D. Toof, Esq.
                                                                              ARENT FOX LLP
                                                                              1050 Connecticut Avenue, N.W.
                                                                              Washington, D.C.  20036-5339
                                                                              Tel:    (202) 857-6000
                                                                              Fax:    (202) 857-6395
                                                                              smith.jacques@arentfox.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2008, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ D. Jacques Smith
D. Jacques Smith, Esq. (*pro hac vice*)