UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories., et. al.* | |

## PFIZER INC.'S INDIVIDUAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Pfizer Inc. ("Pfizer") submits this individual Motion to Dismiss Plaintiff State of Iowa's Complaint ("Complaint") as to Pfizer. Pfizer also joins in and incorporates by reference the Defendants' Motion to Dismiss the Complaint and the supporting Memorandum of Law ("Defendants' Joint Motion"). For the additional reasons set forth in this Memorandum, the claims against Pfizer should be dismissed in their entirety.

### ARGUMENT

At the heart of the State's Complaint is the assumption that "Defendants" reported "false and inflated" AWPs to First DataBank, which the State used as its source for AWPs during the period at issue, and thus harmed the State by the resulting over-reimbursements to providers participating in Iowa's Medicaid program. This faulty assumption crumbles when applied to Pfizer.

*First,* the State does not—and cannot—support an allegation that Pfizer reported AWPs to First DataBank.[1] Pfizer has had a long-standing policy not to report, calculate, or publish AWPs for its pharmaceutical products. It reports only its List Prices with data services such as First DataBank ("FDB") and MediSpan.

*Second,* the Complaint itself expressly alleges that only First DataBank made representations to the State regarding AWP. The Complaint states that "Iowa's source for WACs, AWPs, FULs and all other published wholesale price information was **First DataBank**." (Compl. ¶ 78 (emphasis added)). Further, the Complaint states that "**First DataBank** defined Average Wholesale Price for its customers" as "an average price which a wholesaler would charge a pharmacy for a particular product.'" (Compl. ¶ 98 (emphasis added)). There is not a single allegation that Pfizer made any representations about AWP to the State of Iowa.

*Third,* under plaintiff's theory, the "inflated" AWPs resulted in alleged "overpayments" to providers. However, as to Pfizer drugs, even this theory does not hold up. Of the 178 NDCs alleged for Pfizer in Exhibit B, 112[2] of them have alleged "spreads" of less than 30%. As more fully set forth in Defendants' Joint Motion, this Court has previously concluded that alleged spreads of less than 30% are not unfair or deceptive. *See In re Pharmaceutical Industry Average Wholesale Price Litigation*, 491 F. Supp. 2d 20, 92, 95, 101-04 (D. Mass. 2007). *See also* Defendants' Joint Motion at

---

[1] Indeed, in outlining the purported misconduct attributed to "[t]he Pfizer Group" of defendants, the State does not even allege that Pfizer reported, calculated, or published AWPs. (*See* Compl. ¶¶ 488-506).

[2] For purposes of this Motion, Pfizer has counted only the NDCs in which plaintiff has alleged spreads of less than 30% for *both* McKesson and ABC. Indeed, if Pfizer were to count as alleged spreads below 30%, all NDCs where only one of plaintiff's sources of market price information mandated such a result, 123 of the 178 purported Pfizer NDCs would fall into that category. Notwithstanding such observations, Pfizer does not concede that any of the 178 NDCs alleged for Pfizer in Exhibit B are properly at issue.

2

argument section II.H.[3]  Thus, plaintiff's own allegations rebut any potential claim of wrongdoing with respect to at least 63% of the named Pfizer's NDCs.

## CONCLUSION

For the reasons set forth above, the Complaint should be dismissed in its entirety as to Pfizer.

DATED:  February 20, 2008.

/s/ Mark D. Smith
Mark D. Smith (BBO 542676)
Laredo & Smith LLP
15 Broad Street, Suite 600
Boston, MA 02109
Phone: 617.367.7984
Fax:  617.367.6475

Of Counsel
John C. Dodds
Erica Smith-Klocek
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103

*Attorneys for Defendant*
*Pfizer Inc.*

---

[3]  Pfizer in no way waives its right to contest the validity of Plaintiff's alleged spreads, nor does Pfizer concede that drugs with alleged spreads above 30% are properly at issue.

**CERTIFICATE OF SERVICE**

I, Mark D. Smith, hereby certify that on this 20th day of February, 2008, a true and correct copy of the foregoing Motion To Dismiss Plaintiff's Complaint was filed with the Clerk of the Court for the District of Massachusetts using the Court's CM/ECF system and filed electronically using LexisNexis File & Serve for posting and notification to all parties.

/s/ Mark D. Smith
LAREDO & SMITH, LLP