UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: <br> *State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

**MEMORANDUM OF LAW IN SUPPORT OF INDIVIDUAL MOTION TO DISMISS PREVIOUSLY SETTLED CLAIMS AGAINST SMITHKLINE BEECHAM CORPORATION, D/B/A GLAXOSMITHKLINE ("GSK")**

The State of Iowa, despite acknowledging in Paragraph 389 of its Complaint that it "has settled its Zofran and Kytril AWP fraud claims with GSK," nevertheless explicitly seeks in its Complaint to assert claims relating to these drugs, in clear violation of the release set forth in a prior written settlement agreement. All claims covered by Iowa's previous release of claims relating to GSK's Zofran and Kytril must be dismissed.[1]

The facts are straightforward. On August 10, 2006 -- more than a year before this lawsuit was initiated -- GSK (and related entities) and the State of Iowa entered into a "State Settlement Agreement and Release" (the "Agreement and Release"), which is

---

[1] Pursuant to Rule 12(b), the Court may, alternatively, choose to convert this motion into a Rule 56 motion and may consider the undisputed fact that the State of Iowa entered into a prior Settlement Agreement and Release with GSK, which is attached hereto as Exhibit A. GSK notes that the prior Settlement Agreement and Release with Iowa also covered entities related to GSK. A response to the instant Complaint on behalf of those related entities is not yet due. GSK further notes that it has also joined the Memorandum of Law in Support of Certain Defendants' Motion to Dismiss the Complaint, and is filing this short supplementary Memorandum only to address one GSK-specific issue.

1

attached as Exhibit A hereto. As the Preamble to that Agreement and Release states, the State of Iowa claimed that it had civil and administrative claims against GSK and its predecessors for "Covered Conduct" relating to the reporting of prices (and marketing) associated with the injectable forms of Zofran® and Kytril®, drugs that were reimbursed by Iowa's Medicaid Program. Exhibit A at II. C-F. The specific NDCs of Zofran and Kytril covered by the Agreement and Release were set forth in Attachment 1 thereto, and there were five such NDCs: 0029-4149-01 (Kytril injection), 0029-4152-01 (Kytril injection), 00173-0042-00 (Zofran injection), 00173-0042-02 (Zofran injection) and 00173-0461-00 (Zofran injection). Exhibit A, Attachment 1. GSK agreed to pay (and has since paid) a Settlement Amount of $91,538.60 to resolve covered claims related to these drugs, which payment was divided between the federal government (which jointly funds the Medicaid Program) and the State of Iowa. Exhibit A at III.1.D. In exchange, the State of Iowa provided a release to GSK (and related entities) from "any civil or administrative claims for damages or penalties that the state of Iowa has or may have relating to the Covered Conduct" and agreed that the "payment of the Settlement Amount fully discharges GSK from any obligation to pay Medicaid-related restitution, damages, and/or any fine or penalty to the state for the Covered Conduct." Exhibit A at III.3.

All of the claims in the Complaint in this case relate to price reporting and marketing for drugs paid for by Iowa's Medicaid program, and all such claims relating to the injectable forms of GSK's Zofran® and Kytril® are specifically covered by the release in the prior Agreement and Release. In fact, as noted above, the State of Iowa admits that "Iowa Medicaid has settled its Zofran and Kytril fraud claims with GSK." Complaint ¶ 389. Nevertheless, Iowa specifically includes *each of the five released*

2

*Zofran and Kytril NDCs* among the GSK NDCs "for which Iowa seeks relief." As stated in paragraph 382 of the Complaint, Iowa seeks relief for all of the GSK NDCs set forth in Exhibit B-16 of the Complaint. That Exhibit specifically includes all five of the Zofran and Kytril NDCs listed above that are covered by the prior Agreement and Release.

Because the State has already specifically released, in a binding settlement agreement, all such pricing and marketing claims related to Zofran® and Kytril® injectables, all of the claims in the Complaint relating to these products must be dismissed with prejudice. *See* Walker v. Gribble, 689 N.W.2d 104, 109 (Iowa 2004) ("'The typical settlement resolves uncertain claims and defenses, and the settlement obviates the necessity of further legal proceedings between the settling parties.'") (quoting Wright v. Scott, 410 N.W.2d 247, 249-50 (Iowa 1987)); Cmty. Sch. Dist. v. Gordon N. Peterson, Inc., 176 N.W.2d 169, 175 (Iowa 1970) ("[P]ayment of the full amount [in a release] would, of course, constitute complete satisfaction and would bar further action for we have long held no double recovery will be tolerated.").

The state's inclusion of released claims relating to five GSK drugs is illustrative of the broad-brush approach it is taking and of its failure to draw even the most fundamental of distinctions among the drugs it is seeking to place at issue in this case.

### Conclusion

For the reasons stated above, all previously released claims in Iowa's Complaint relating to the pricing and marketing of Zofran and Kytril injectables (NDCs 0029-4149-01, 0029-4152-01, 00173-0042-00, 00173-0042-02 and 00173-0461-00) must be dismissed with prejudice.

3

Respectfully submitted,

February 20, 2008                    /s/ Frederick G. Herold
                                     Frederick G. Herold, Esq.
                                     Dechert LLP
                                     2440 W. El Camino Real
                                     Suite 700
                                     Mountain View, CA 94040-1499

                                     Mark H. Lynch, Esq.
                                     Ronald Dove, Esq.
                                     Covington & Burling
                                     1201 Pennsylvania Avenue, N.W.
                                     Washington, D.C. 20044-7566

                                     Mark Seltzer
                                     Brian K. French
                                     Nixon Peabody LLP
                                     100 Summer Street
                                     Boston, MA 02110-2131


                                     Attorneys for Defendant SmithKline
                                     Beecham Corporation, d/b/a
                                     GlaxoSmithKline

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true and correct copy of the foregoing **INDIVIDUAL MOTION TO DISMISS PREVIOUSLY SETTLED CLAIMS AGAINST SMITHKLINE BEECHAM CORPORATION, D/B/A GLAXOSMITHKLINE ("GSK") AND MEMORANDUM IN SUPPORT THEREOF** to be served on all counsel of record electronically by causing same to be posted via LexisNexis on this 20th day of February, 2008.

/s/ Frederick G. Herold
Frederick G. Herold