**EXHIBIT F**

Iowa Admin. Code **441-79.1**(249A)

IOWA ADMINISTRATIVE CODE
AGENCY 441 HUMAN SERVICES DEPARTMENT
TITLE VIII MEDICAL ASSISTANCE
CHAPTER 79 OTHER POLICIES RELATING TO PROVIDERS OF MEDICAL AND REMEDIAL CARE
Current through January 5, 2005.

**441-79.1**(249A) Principles governing reimbursement of providers of medical and health services.

The basis of payment for services rendered by providers of services participating in the medical assistance program is either a system based on the provider's allowable costs of operation or a fee schedule. Generally, institutional types of providers such as hospitals and nursing facilities are reimbursed on a cost-related basis, and practitioners such as physicians, dentists, optometrists, and similar providers are reimbursed on the basis of a fee schedule. Providers of service must accept reimbursement based upon the department's methodology without making any additional charge to the recipient.
79.1(1) Types of reimbursement.
a. Prospective cost-related. Providers are reimbursed on the basis of a per diem rate calculated prospectively for each participating provider based on reasonable and proper costs of operation. The rate is determined by establishing a base year per diem rate to which an annual index is applied.
b. Retrospective cost-related. Providers are reimbursed on the basis of a per diem rate calculated retrospectively for each participating provider based on reasonable and proper costs of operation with suitable retroactive adjustments based on submission of financial and statistical reports by the provider. The retroactive adjustment represents the difference between the amount received by the provider during the year for covered services and the amount determined in accordance with an accepted method of cost apportionment (generally the Medicare principles of apportionment) to be the actual cost of service rendered medical assistance recipients.
c. Fee schedules. Fees for the various procedures involved are determined by the department with advice and consultation from the appropriate professional group. The fees are intended to reflect the amount of resources (time, training, experience) involved in each procedure. Individual adjustments will be made periodically to correct any inequity or to add new procedures or eliminate or modify others. If product cost is involved in addition to service, reimbursement is based either on a fixed fee, wholesale cost, or on actual acquisition cost of the product to the provider, or product cost is included as part of the fee schedule. Providers on fee schedules are reimbursed the lower of:
(1) The actual charge made by the provider of service.
(2) The maximum allowance under the fee schedule for the item of service in question.
Payment levels for fee schedule providers of service will be increased on an annual basis by an economic index reflecting overall inflation as well as inflation in office practice expenses of the particular provider category involved to the extent data is available. Annual increases will be made beginning July 1, 1988.
There are some variations in this methodology which are applicable to certain providers. These are set forth below in subrules 79.1(3) to 79.1(9) and 79.1(15).
Fee schedules in effect for the providers covered by fee schedules can be obtained from the department's Web site at: http://www.dhs.state.ia.us/Medicaid/MedicaidFeeSched.asp.
d. Monthly fee for service with cost settlement. Providers of MR/CMI/DD case management services are reimbursed on the basis of a payment for a month's provision of service for each client enrolled in an MR/CMI/DD case management program for any portion of the month based on reasonable and proper costs for service provision. The fee will be determined by the department with advice and consultation from the appropriate professional group and will reflect the amount of resources involved in service provision.
Providers are reimbursed throughout each fiscal year on the basis of a projected monthly rate for each participating provider, based on reasonable and proper costs of operation, pursuant to federally accepted reimbursement principles (generally Medicare or OMB A-87 principles) with annual retrospective cost settlement based on submission of actual costs of operation and service utilization data by the provider on financial and statistical reports. The cost settlement represents the difference

in the most recent edition of Physician's Current Procedural Terminology (CPT). Refer to 441--paragraph 78.1(2)"e" for the guidelines for immunization replacement.
b. Supplemental payments.
(1) Definitions. For purposes of this subrule:
"Participating physician" means a physician who is employed by a qualifying hospital or who has assigned Iowa Medicaid payments to a qualifying hospital or to an organized health care delivery system (as defined in 42 CFR 447.10(b) as amended to July 24, 1996) affiliated with a qualifying hospital so that payment can be made to the hospital or the organized health care delivery system in conformance with subrule 79.1(10) and 42 CFR 447.10(g) as amended to July 24, 1996.
"Qualifying hospital" means a publicly owned acute care teaching hospital eligible to receive payments under paragraph 79.1(5)"y" that enters into an agreement with the department to make intergovernmental transfers to the department, as allowed by 42 CFR 433.51 as amended to January 26, 1993, in amounts equal to all supplemental payments received by the hospital.
"Supplemental payments" means payments equal to the difference between the physician's usual and customary charges (the applicable maximum payment for federal financial participation under 42 CFR 447 as amended to October 1, 2002) and the amount otherwise paid pursuant to the fee schedule for physician services.
(2) Payments. Beginning July 1, 2003, the department shall make supplemental payments for physician services provided by participating physicians at qualifying hospitals. Supplemental payments shall be directly remitted to the qualifying hospital or to the organized health care delivery system to which participating physicians have assigned Iowa Medicaid payments. Supplemental payments shall be paid no less than annually and no more frequently than quarterly.
79.1(8) Drugs. The amount of payment shall be based on several factors, subject to the upper limits in 42 CFR 447.331-332 as amended to April 18, 2002.
a. Subject to paragraph "b," reimbursement for covered prescription drugs shall be the lowest of the following, as of the date of dispensing:
(1) The estimated acquisition cost, defined as the average wholesale price as published by First Data Bank less 12 percent, plus the professional dispensing fee specified in paragraph "g."
(2) The maximum allowable cost (MAC), defined as the upper limit for multiple source drugs established in accordance with the methodology of Centers for Medicare and Medicaid Services as described in 42 CFR 447.332, plus the professional dispensing fee specified in paragraph "g."
(3) The state maximum allowable cost (SMAC), defined as the average wholesale acquisition cost for a drug and all equivalent products (the average price pharmacies pay to obtain drugs as evidenced by purchase records) adjusted by a multiplier of 1.4, plus the professional dispensing fee specified in paragraph "g."
(4) The submitted charge, representing the provider's usual and customary charge for the drug.
b. If prior authorization is received pursuant to 441--subparagraph 78.1(2) "a"(3) and 441-79.8 (249A) and a physician certifies in the physician's handwriting that, in the physician's medical judgment, a specific brand is medically necessary for a particular recipient, the MAC or SMAC does not apply. In that case, the payment shall be the lesser of the estimated acquisition cost or the submitted charges. If a physician does not so certify, the payment for the product shall be the lower of the MAC or SMAC.
c. No payment shall be made for sales tax.
d. All hospitals which wish to administer vaccines which are available through the vaccines for children program to Medicaid recipients shall enroll in the vaccines for children program. In lieu of payment, vaccines available through the vaccines for children program shall be accessed from the department of public health for Medicaid recipients. Hospitals receive reimbursement for the administration of vaccines to Medicaid recipients through the DRG reimbursement for inpatients and APG reimbursement for outpatients.
e. The basis of payment for nonprescription drugs shall be the same as specified in paragraph "a" except that the department shall establish a maximum allowable reimbursable cost for these drugs using the average wholesale prices of the chemically equivalent products available. The department shall set the maximum allowable reimbursable cost at the median of those average wholesale prices. No exceptions for higher reimbursement will be approved.
f. An additional reimbursement amount of one cent per dose shall be added to the allowable ingredient cost of a prescription for an oral solid if the drug is dispensed to a patient in a nursing home in unit dose packaging prepared by the pharmacist.
g. For services rendered after June 30, 2003, the professional dispensing fee is equal to $4.26.

h. For purposes of this subrule, "equivalent products" shall be those that meet therapeutic equivalent standards as published in the federal Food and Drug Administration document, "Approved Prescription Drug Products With Therapeutic Equivalence Evaluations."

i. Pharmacies and providers that are enrolled in the Iowa Medicaid program shall make available drug acquisition cost information, product availability information, and other information deemed necessary by the department to assist the department in monitoring and revising reimbursement rates subject to 79.1(8)"a"(3) and 79.1(8)"c" and for the efficient operation of the pharmacy benefit.

(1) Pharmacies and providers shall produce and submit the requested information in the manner and format requested by the department or its designee at no cost to the department or its designee.

(2) Pharmacies and providers shall submit information to the department or its designee within 30 days following receipt of a request for information unless the department or its designee grants an extension upon written request of the pharmacy or provider.

j. Savings in Medicaid reimbursements attributable to the SMAC shall be used to pay costs associated with determination of the SMAC, before reversion to Medicaid.

79.1(9) Nursing facility reimbursement for skilled nursing care. Rescinded IAB 7/11/01, effective 7/1/01.

79.1(10) Prohibition against reassignment of claims. No payment under the medical assistance program for any care or service provided to a patient by any health care provider shall be made to anyone other than the providers. However with respect to physicians, dentists or other individual practitioners direct payment may be made to the employer of the practitioner if the practitioner is required as a condition of employment to turn over fees to the employer; or where the care or service was provided in a facility, to the facility in which the care or service was provided if there is a contractual arrangement between the practitioner and the facility whereby the facility submits the claim for reimbursement; or to a foundation, plan or similar organization including a health maintenance organization which furnishes health care through an organized health care delivery system if there is a contractual agreement between organization and the person furnishing the service under which the organization bills or receives payment for the person's services. Payment may be made in accordance with an assignment from the provider to a government agency or an assignment made pursuant to a court order. Payment may be made to a business agent, such as a billing service or accounting firm, which renders statements and receives payment in the name of the provider when the agent's compensation for this service is (1) reasonably related to the cost or processing the billing; (2) not related on a percentage or other basis to the dollar amounts to be billed or collected; and (3) not dependent upon the actual collection of payment. Nothing in this rule shall preclude making payment to the estate of a deceased practitioner.

79.1(11) Prohibition against factoring. Payment under the medical assistance program for any care or service furnished to an individual by providers as specified in 79.1(1) shall not be made to or through a factor either directly or by virtue of power of attorney given by the provider to the factor. A factor is defined as an organization, collection agency, or service bureau which, or an individual who, advances money to a provider for accounts receivable which have been assigned or sold or otherwise transferred including transfer through the use of power of attorney to the organization or individual for an added fee or reduction of a portion of the accounts receivable. The term factor does not include business representatives such as billing agents or accounting firms which render statements and receive payments in the name of the individual provider provided that the compensation of the business representative for the service is reasonably related to the cost of processing the billings and is not related on a percentage or other basis to the dollar amounts to be billed or collected.

79.1(12) Reasonable charges for services, supplies, and equipment. For selected medical services, supplies, and equipment, including equipment servicing, which in the judgment of the Secretary of the Department of Health and Human Services generally do not vary significantly in quality from one provider to another, the upper limits for payments shall be the lowest charges for which the devices are widely and consistently available in a locality. For those selected services and items furnished under part B of Medicare and Medicaid, the upper limits shall be the lowest charge levels recognized under Medicare. For those selected services and items furnished only under Medicaid, the upper limits shall be the lowest charge levels determined by the department according to the Medicare reimbursement method.

a. For any noninstitutional item or service furnished under both Medicare and Medicaid, the department shall pay no more than the reasonable charge established for that item or service by the part B Medicare carrier serving part or all of Iowa. Noninstitutional services do not include practitioner's services, such as physicians, pharmacies, or out-patient hospital services.

**EXHIBIT G**



# IOWA ADMINISTRATIVE BULLETIN

*Published Biweekly*   VOLUME XXV   NUMBER 5
September 4, 2002   Pages 317 to 404

## CONTENTS IN THIS ISSUE
Pages 328 to 399 include ARC 1917B to ARC 1966B

**ALL AGENCIES**
Schedule for rule making ........................ 320
Publication procedures .......................... 321
Administrative rules on CD-ROM ............... 321
Agency identification numbers .................. 326

**CITATION OF ADMINISTRATIVE RULES** ..... 325

**DELAY**
Environmental Protection Commission[567]
  Beverage container deposits,
  amendments to ch 107 ....................... 400

**ENVIRONMENTAL PROTECTION COMMISSION[567]**
NATURAL RESOURCES DEPARTMENT[561]"umbrella"
  Delay/Delay Lifted, Beverage container
  deposits, amendments to ch 107 ............. 400

**ETHICS AND CAMPAIGN DISCLOSURE BOARD, IOWA[351]**
  Notice, Express advocacy, 4.1(4), 4.3, 4.22(12),
  4.27(4), 4.83, 4.87, 4.88(3), 4.100 to 4.103
  ARC 1920B .................................... 328
  Notice, Disclosure reporting required; information
  on initial report; minimum filing if no activity,
  4.20, 4.38 ARC 1917B ........................ 329
  Notice, Funds from unknown source prohibited;
  later identification of source; notice to
  contributors, 4.46, 4.51 ARC 1919B .......... 330

**HUMAN SERVICES DEPARTMENT[441]**
  Notice of Medicaid reimbursement methodology
  for nursing facilities ....................... 330
  Notice, Medicaid claims by nurse-midwives,
  78.29 ARC 1945B ............................. 331
  Notice, HAWK-I program—uninsured status,
  86.2(4) ARC 1944B ........................... 331
  Notice, Receipt of support payments
  by custodial parents by electronic means,
  97.6 ARC 1949B .............................. 332
  Filed Emergency After Notice, Eligibility—
  food stamps, 65.8, 65.29, 65.30, 65.37
  ARC 1963B ................................... 355

  Filed, Demand letter to recover food stamp
  overissuance—claim calculation available
  upon request, 65.21(4) ARC 1950B ............ 361
  Filed Emergency, Medicaid claims by
  nurse-midwives, 78.29 ARC 1962B ............. 356
  Filed, Medicaid certification and inpatient
  reimbursement criteria for hospital special
  units, 79.1(5) ARC 1946B .................... 361
  Filed, Medicaid reimbursement for prescription
  drugs, 79.1(8) ARC 1947B .................... 361
  Filed Without Notice, Receipt of support payments
  by custodial parents by electronic means,
  97.6 ARC 1948B .............................. 363

**IOWA FINANCE AUTHORITY[265]**
ECONOMIC DEVELOPMENT, IOWA DEPARTMENT OF[261]
  Filed, Replacement of current qualified
  allocation plan—low-income housing tax
  credit program, 12.1, 12.2 ARC 1951B ........ 363

**NATURAL RESOURCE COMMISSION[571]**
NATURAL RESOURCES DEPARTMENT[561]"umbrella"
  Notice, State parks and recreation areas, 61.3,
  61.9(18) ARC 1952B .......................... 333
  Notice, Elimination of catch-and-release
  restrictions—portions of the Cedar River,
  Mitchell County, 81.2(2) ARC 1953B .......... 333
  Notice, Wild turkey spring hunting, 98.2(1),
  98.6(1) ARC 1954B ........................... 334
  Filed, Controlled waterfowl hunting, 53.2,
  53.3 ARC 1955B .............................. 364
  Filed Emergency After Notice, Waterfowl and
  coot hunting, 91.1, 91.3, 91.4(2), 91.6
  ARC 1964B ................................... 357
  Filed, Restitution for pollution causing injury to
  wild animals, ch 113 ARC 1956B .............. 365

**PHARMACY EXAMINERS BOARD[657]**
PUBLIC HEALTH DEPARTMENT[641]"umbrella"
  Filed, Purpose and organization, ch 1
  ARC 1940B ................................... 366
  Filed, Pharmacist licenses, rescind chs 2, 5;
  adopt ch 2 ARC 1939B ........................ 367
  Filed, Pharmacy technicians, ch 3
  ARC 1938B ................................... 370

Continued on page 319

**PHARMACY EXAMINERS BOARD[657] (Cont'd)**
Filed, Pharmacist-intern registration and minimum
  standards for evaluating practical experience,
  amendments to ch 4  ARC 1927B .............. 371
Filed, General pharmacy practice, ch 6
  ARC 1926B .................................. 371
Filed, Hospital pharmacy practice, ch 7
  ARC 1925B .................................. 375
Filed, Universal practice standards, ch 8
  ARC 1924B .................................. 379
Filed, Controlled substances, rescind
  chs 10, 18; adopt ch 10  ARC 1937B .......... 379
Filed, Drugs in emergency medical service
  programs, amendments to ch 11
  ARC 1936B .................................. 389
Filed, Code of professional responsibility for
  board investigators, rescind ch 13
  ARC 1935B .................................. 390
Filed, Correctional facility pharmacy practice,
  ch 15  ARC 1934B ........................... 390
Filed, Nuclear pharmacy practice, ch 16
  ARC 1933B .................................. 390
Filed, Wholesale drug licenses, ch 17
  ARC 1932B .................................. 392
Filed, Nonresident pharmacy practice, ch 19
  ARC 1931B .................................. 393
Filed, Electronic data in pharmacy practice,
  ch 21  ARC 1930B ........................... 394
Filed, Unit dose, alternative packaging,
  and emergency boxes, ch 22
  ARC 1929B .................................. 394
Filed, Long-term care pharmacy practice,
  ch 23  ARC 1928B ........................... 395

**PROFESSIONAL LICENSURE DIVISION[645]**
PUBLIC HEALTH DEPARTMENT[641]"umbrella"
Notice, Administrative and regulatory authority
  for the board of physician assistant examiners,
  ch 325  ARC 1941B .......................... 334
Filed, Cosmetology, 60.2(1); ch 63
  ARC 1942B .................................. 395
Filed, Psychologists, 240.1 to 240.15
  ARC 1957B .................................. 396
Filed, Social workers, ch 279; 280.1 to 280.11,
  281.3(2)  ARC 1943B ........................ 396

**PUBLIC HEARINGS**
Summarized list ................................ 322

**REAL ESTATE COMMISSION[193E]**
Professional Licensing and Regulation Division[193]
COMMERCE DEPARTMENT[181]"umbrella"
Filed, Rescind chs 1 to 8; adopt chs 1 to 20
  ARC 1921B .................................. 397

**REVENUE AND FINANCE DEPARTMENT[701]**
Notice, Individual and corporate income tax;
  franchise tax, amendments to chs 38, 40 to 42,
  52, 58  ARC 1958B .......................... 336
Notice, Transfer of tax credit to members
  of a cooperative, 42.2(10), 52.10(4)
  ARC 1960B .................................. 340
Notice, Biofuel; terminal-nonterminal storage
  facility reports and records; purchase invoices
  for motor fuel, special fuel and alcohol; electronic
  data interchange or EDI technology; taxes
  erroneously or illegally collected, amendments to
  chs 67, 68  ARC 1961B ...................... 342
Notice, Vineyards and associated buildings
  classified as agricultural real estate; delinquent
  property taxes; disabled veteran homestead
  property tax credit; military property tax
  exemption for members of Coast Guard;
  filing deadline—urban revitalization property
  tax exemption, amendments to chs 71, 75, 80
  ARC 1959B .................................. 346

**STATE PUBLIC DEFENDER[493]**
INSPECTIONS AND APPEALS DEPARTMENT[481]"umbrella"
Notice, Review and approval of attorney fee
  claims, 1.4(4), 12.2(9), 12.6, 12.8(1), 12.9
  ARC 1966B .................................. 347
Filed Emergency, Review and approval of
  attorney fee claims, 1.4(4), 12.2(9), 12.6,
  12.8(1), 12.9  ARC 1965B ................... 359

**TRANSPORTATION DEPARTMENT[761]**
Notice, Signage—corrections based on review
  of rules, amendments to chs 116 to 120
  ARC 1918B .................................. 347
Filed, Corrections resulting from review of
  rules, amend chs 40, 110, 111, 132,
  136, 143, 160, 161, 170, 172 to 174;
  rescind ch 128  ARC 1923B .................. 398
Filed, Motorcycle rider education (MRE),
  635.1 to 635.5  ARC 1922B .................. 399

**USURY**
Notice ......................................... 354

## ARC 1950B

### HUMAN SERVICES DEPARTMENT[441]

#### Adopted and Filed

Pursuant to the authority of Iowa Code section 234.6, the Department of Human Services amends Chapter 65, "Administration," Iowa Administrative Code.

This amendment removes a provision for wording on the first demand letter sent to recover a food stamp overissuance which states that the claim calculation is available on request. This provision was adopted under a waiver of federal food stamp regulations, which require the claim calculation to be provided to all clients. That waiver expires on November 30, 2002. Iowa is changing its Overpayment Recovery System to be in compliance with federal regulations, so this provision is no longer needed.

This amendment does not provide for waivers in specified situations. The Overpayment Recovery System will automatically print the claim calculation as part of the first demand letter.

Notice of Intended Action concerning this amendment was published in the Iowa Administrative Bulletin on June 26, 2002, as ARC 1765B. The Department received no comments on the Notice. This amendment is identical to that published under Notice of Intended Action.

The Council on Human Services adopted this amendment on August 14, 2002.

This amendment shall become effective on December 1, 2002.

This amendment is intended to implement Iowa Code section 234.12.

The following amendment is adopted.

Amend subrule **65.21(4)** by rescinding the first unnumbered paragraph.

[Filed 8/15/02, effective 12/1/02]
[Published 9/4/02]

EDITOR'S NOTE: For replacement pages for IAC, see IAC Supplement 9/4/02.

## ARC 1946B

### HUMAN SERVICES DEPARTMENT[441]

#### Adopted and Filed

Pursuant to the authority of Iowa Code section 249A.4, the Department of Human Services amends Chapter 79, "Other Policies Relating to Providers of Medical and Remedial Care," Iowa Administrative Code.

These amendments clarify and reorganize the Medicaid certification and inpatient reimbursement criteria for hospital "special units." Certification as a substance abuse unit, a neonatal intensive care unit, or a psychiatric unit enables that part of a hospital to qualify for reimbursement based on special diagnosis-related group weights for those programs developed for Iowa Medicaid. Certification as a physical rehabilitation hospital or unit qualifies a facility for payment on a per-diem basis, instead of on the basis of a diagnosis-related group.

Under existing rules, in-state rehabilitation hospitals are reimbursed on a per-diem basis, while out-of-state rehabilitation hospitals are reimbursed based on diagnosis-related groups. These amendments make the basis of reimbursement uniform for all rehabilitation hospitals and units, in compliance with federal regulations and Iowa's state Medicaid plan.

These amendments also clarify that out-of-state hospitals may certify substance abuse units. Payment for services in out-of-state facilities is authorized when medically necessary treatment is not available at an appropriate in-state facility.

These amendments do not provide for waivers in specified situations because all hospitals should be subject to the same requirements. Individual facilities may request a waiver of these standards under the Department's general rule on exceptions at rule 441—1.8(17A,217).

Notice of Intended Action regarding these amendments was published in the Iowa Administrative Bulletin on June 12, 2002, as ARC 1687B. The Department received no comments on this Notice. These amendments are identical to those published under Notice.

The Council on Human Services adopted these amendments on August 14, 2002.

These amendments shall become effective on November 1, 2002.

These amendments are intended to implement Iowa Code section 249A.4.

EDITOR'S NOTE: Pursuant to recommendation of the Administrative Rules Review Committee published in the Iowa Administrative Bulletin, September 10, 1986, the text of these amendments [79.1(5)"a," "b," "g" to "i," "r"] is being omitted. These amendments are identical to those published under Notice as ARC 1687B, IAB 6/12/02.

[Filed 8/15/02, effective 11/1/02]
[Published 9/4/02]

[For replacement pages for IAC, see IAC Supplement 9/4/02.]

## ARC 1947B

### HUMAN SERVICES DEPARTMENT[441]

#### Adopted and Filed

Pursuant to the authority of Iowa Code section 249A.4, the Department of Human Services amends Chapter 79, "Other Policies Relating to Providers of Medical and Remedial Care," Iowa Administrative Code.

This amendment establishes Medicaid reimbursement for prescription drugs based on a state maximum allowable cost, as directed by the Iowa General Assembly in 2002 Iowa Acts, House File 732. This legislation directs the Department to consult with its fiscal agent and the Drug Utilization Review Commission to determine a list of drugs subject to a state maximum allowable cost that will provide the Department with the most significant cost savings in the shortest period of time. Typically, these are drugs sold in several equivalent products at varying prices. The state maximum allowable cost will be set at the average wholesale acquisi-

HUMAN SERVICES DEPARTMENT[441](cont'd)

tion cost for all equivalent products, adjusted by a multiplier of at least 1.0, which will be reviewed quarterly.

Currently, Medicaid drug reimbursement is based on the lowest of three amounts (the estimated acquisition cost, the federal maximum allowable cost (if applicable), and the provider's submitted charge) plus a dispensing fee. The state allowable maximum cost will be a fourth alternative in this comparison for the drugs designated. As with the federal maximum allowable cost, exceptions will be made if the physician certifies that a specific brand of drug is medically necessary for a particular recipient.

This amendment does not provide for waivers in specified situations because all drug claims should be reimbursed on the same basis. Individuals may request a waiver of these provisions under the Department's general rule on exceptions at rule 441—1.8(17A,217).

Notice of Intended Action concerning this amendment was published in the Iowa Administrative Bulletin on June 26, 2002, as **ARC 1763B**. The Department also held a public hearing on the amendment on July 18, 2002. Public comments focused on whether the proposed methodology will yield rates high enough to allow all pharmacies to purchase the affected drugs, whether there should be exceptions to the prior authorization process for designated drugs, and how much of a burden proposed reporting requirements will be to providers. The Department has concluded that these concerns can be adequately addressed within the framework of the amendment as proposed.

This amendment is identical to that published in the Notice of Intended Action.

The Council on Human Services adopted this amendment on August 14, 2002.

This amendment is intended to implement Iowa Code section 249A.4 and 2002 Iowa Acts, House File 732, section 31.

This amendment will become effective November 1, 2002.

The following amendment is adopted.

Amend subrule 79.1(8) as follows:
Amend the introductory paragraph as follows:
**79.1(8)** ~~Prescribed drugs~~ *Drugs*. The amount of payment shall be based on several factors, ~~in accordance with~~ *subject to the upper limits in* 42 CFR 447.331- ~~333~~ *332*, as amended to ~~October 28, 1987~~ *April 18, 2002*.

Amend paragraph "a" as follows:
a. *Subject to paragraph "b," reimbursement for covered prescription drugs shall be the lowest of the following, as of the date of dispensing:*
(1) The "~~Estimated~~ *estimated* acquisition cost ~~(EAC)" is~~, defined as the average wholesale price as published by First Data Bank less 10 percent~~,~~ *plus the professional dispensing fee specified in paragraph "g."*
(2) The "~~Maximum~~ *maximum* allowable cost (MAC)~~" is~~, defined as the upper limit for multiple source drugs established in accordance with the methodology of ~~the Health Care Financing Administration (HCFA)~~ *Centers for Medicare and Medicaid Services* as described in 42 CFR 447.332~~(a)(i) and (ii)~~, *plus the professional dispensing fee specified in paragraph "g."*
~~The basis of payment for prescribed drugs for which the MAC has been established shall be the lesser of the MAC plus a professional dispensing fee of $5.17 or the pharmacist's usual and customary charge to the general public.~~
~~The basis of payment for drugs for which the MAC has not been established shall be the lesser of the EAC plus a professional dispensing fee of $5.17 or the pharmacist's usual and customary charge to the general public.~~
~~If a physician certifies in the physician's handwriting that, in the physician's medical judgment, a specific brand is medically necessary for a particular recipient, the MAC does not apply and the payment equals the average wholesale price of the brand name product less 10 percent. If a physician does not so certify, and a lower cost equivalent product is not substituted by the pharmacist, the payment for the product equals the established MAC.~~
~~Equivalent products shall be defined as those products which meet therapeutic equivalent standards as published in the federal Food and Drug Administration document, "Approved Prescription Drug Products With Therapeutic Equivalence Evaluations."~~
*(3) The state maximum allowable cost (SMAC), defined as the average wholesale acquisition cost for a drug and all equivalent products adjusted by a multiplier of at least 1.0, as determined by the department, plus the professional dispensing fee specified in paragraph "g." The department shall set the multiplier on a quarterly basis, or more often as necessary, at the minimum necessary to ensure adequate product availability.*
*(4) The submitted charge, representing the provider's usual and customary charge for the drug.*

Rescind paragraph "b" and adopt the following **new** paragraph in lieu thereof:
b. If prior authorization is received pursuant to 441—subparagraph 78.1(2)"a"(3) and 441—79.8(249A) and a physician certifies in the physician's handwriting that, in the physician's medical judgment, a specific brand is medically necessary for a particular recipient, the MAC or SMAC does not apply. In that case, the payment shall be the lesser of the estimated acquisition cost or the submitted charges. If a physician does not so certify, the payment for the product shall be the lower of the MAC or SMAC.

Amend paragraph "e" as follows:
e. The basis of payment for nonprescription drugs shall be the same as specified in paragraph "a" except that *the department shall establish* a maximum allowable reimbursable cost for these drugs ~~shall be established by the department at the median of~~ *using* the average wholesale prices of the chemically equivalent products available. *The department shall set the maximum allowable reimbursable cost at the median of those average wholesale prices.* No exceptions for *higher* reimbursement ~~for higher cost products~~ will be approved.

Adopt **new** paragraphs "g" through "j" as follows:
g. For services rendered after June 30, 2002, the professional dispensing fee is equal to $5.17.
h. For purposes of this subrule, "equivalent products" shall be those that meet therapeutic equivalent standards as published in the federal Food and Drug Administration document, "Approved Prescription Drug Products With Therapeutic Equivalence Evaluations."
i. Pharmacies and providers that are enrolled in the Iowa Medicaid program shall make available drug acquisition cost information, product availability information, and other information deemed necessary by the department for the determination of reimbursement rates and the efficient operation of the pharmacy benefit.
(1) Pharmacies and providers shall produce and submit the requested information in the manner and format requested by the department or its designee at no cost to the department or its designee.

HUMAN SERVICES DEPARTMENT[441](cont'd)

(2) Pharmacies and providers shall submit information to the department or its designee within 30 days following a request for the information unless the department or its designee grants an extension upon written request of the pharmacy or provider.

j. Savings in Medicaid reimbursements attributable to the SMAC shall be used to pay costs associated with determination of the SMAC, before reversion to Medicaid.

[Filed 8/15/02, effective 11/1/02]
[Published 9/4/02]

EDITOR'S NOTE: For replacement pages for IAC, see IAC Supplement 9/4/02.

# ARC 1948B

## HUMAN SERVICES DEPARTMENT[441]

### Adopted and Filed Without Notice

Pursuant to the authority of Iowa Code section 217.6, the Department of Human Services hereby amends Chapter 97, "Collection Services Center," Iowa Administrative Code.

These amendments allow custodial parents to receive support payments through one of two electronic payment methods: through an automated deposit to a designated account or using a new electronic access card. These amendments end the current practice of routinely mailing child support payments to custodial parents and allow for issuance of paper warrants (checks) only when neither electronic payment method is feasible within federal time limits for issuing the payment.

Automated deposit into a bank account is an option for custodial parents under existing rules. The new electronic payment method provides an alternative for parents that do not have bank accounts or do not wish to use the existing direct deposit method. The Department will contract with a bank to provide the custodial parent with a brand-name nationally recognized card that looks like a credit card. Support payments processed by Collection Services Center will be transmitted electronically into a special account in the bank supporting the use of the card, using a process similar to the existing direct deposit process.

The custodial parent may use the card to withdraw cash at ATMs or for the receipt of goods, merchandise, or services at "point of sale" terminals. Safety precautions associated with the card will not allow the use of the card as a credit card and will not allow custodial parents to withdraw cash or make a purchase that would cause an overdraft of the support available for their use.

These amendments are a necessary cost-saving measure due to reduced appropriations for state fiscal year 2003 and a postal rate increase that was not anticipated when the budget request was made. These amendments do not provide for waivers except when necessary to meet federal requirements because full participation in electronic benefit issuance is necessary to meet savings targets.

Pursuant to Iowa Code section 17A.4(2), the Department of Human Services finds that notice and public participation are impracticable and contrary to the public interest at this time. The Department is statutorily and constitutionally required to reduce spending obligations to the level of constitutionally authorized appropriations. The Department may not constitutionally deficit spend, which illegal action would occur during the notice and comment period.

These amendments are also published herein under Notice of Intended Action as ARC 1949B to allow for public comment.

The Council on Human Services adopted these amendments on August 14, 2002.

These amendments are intended to implement Iowa Code sections 8.38, 252B.13A, and 252B.15.

These amendments shall become effective on November 1, 2002.

The following amendments are adopted.

ITEM 1. Amend rule 441—97.6(252B), introductory paragraph, as follows:
441—97.6(252B) **Authorization of payment.** The collection services center must authorize the generation of ~~warrants~~ *payments* for support paid. The collection services center shall issue payments as follows:

ITEM 2. Amend subrule 97.6(2) as follows:
97.6(2) Release of funds. The following workday ~~a state warrant shall be sent by regular mail to the last-known address of the obligee, or~~ an electronic transfer of funds shall be sent to the designated account of the obligee *or an alternate account to be accessed by the obligee through an electronic access card.*

ITEM 3. Amend subrule 97.6(3) as follows:
97.6(3) Electronic transfer. Obligees who want electronic transfer of support payments *to a designated account* shall complete Form 470-2612, Authorization for Automatic Deposit, and submit it to the collection services center. *Any obligee not using automatic deposit to a designated account shall be issued an electronic access card for receipt of support payments.*

ITEM 4. Adopt the following **new** subrule:
97.6(5) Warrants. The collection services center may authorize generation of a warrant if necessary to meet federal requirements to disburse a payment to an obligee within two working days when electronic transfer is not feasible.

[Filed Without Notice 8/15/02, effective 11/1/02]
[Published 9/4/02]

EDITOR'S NOTE: For replacement pages for IAC, see IAC Supplement 9/4/02.

# ARC 1951B

## IOWA FINANCE AUTHORITY[265]

### Adopted and Filed

Pursuant to the authority of Iowa Code sections 17A.3(1)"b" and 16.5(17), the Iowa Finance Authority hereby amends Chapter 12, "Low-Income Housing Tax Credits," Iowa Administrative Code.

These amendments replace the current qualified allocation plan for the Low-Income Housing Tax Credit Program with the 2003 qualified allocation plan, which is incorporated by reference in rule 12.1(16).

The qualified allocation plan sets forth the purpose of the plan, the administrative information required for participation in the program, the threshold criteria, the selection criteria, the postreservation requirements, the appeal process, and the compliance monitoring component. The plan also estab-