# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*State of Iowa v. Abbott Laboratories, et. al.* | Judge Patti B. Saris |

### INDIVIDUAL MEMORANDUM OF PURDUE PHARMA L.P., PURDUE FREDERICK COMPANY, AND PURDUE PHARMA COMPANY IN SUPPORT OF THEIR MOTION TO DISMISS

Purdue Pharma L.P., Purdue Frederick Company, and Purdue Pharma Company ("Purdue") join in the Memorandum of Law in Support of Certain Defendants' Motion to Dismiss the Complaint ("Joint Motion"). Purdue submits this individual brief to demonstrate additional grounds supporting dismissal of the claims against Purdue.

This Court has now twice dismissed allegations against Purdue based on the same poorly-pled set of "facts."[1] Iowa's copy of the same complaint fares no better. As articulated in the Joint Motion, the fraud allegations underlying each count in the Iowa Complaint are not pled with particularity as required by Federal Rules of Civil Procedure 8(a) and 9(b). The bare allegations particular to Purdue do nothing to meet the requirements of Rules 8(a) and 9(b).

---

[1] *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 339 F. Supp. 2d 165 (D. Mass. 2004) ("Suffolk I") (dismissing a portion of the claims as to all defendants); *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, No. 1456, Civ.A. 01-12257-PBS, 2004 WL 2387125, at **2-3 (D. Mass. Oct. 26, 2004) ("Suffolk II") (companion order to Suffolk I, dismissing all claims as to Purdue and two other defendants because "there are no factual allegations . . . from which an inference of fraud can reasonably be made"); *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 1456, Civ.A. 01-12257-PBS, Memorandum and Order at 2-3 (D. Mass. April 8, 2005) ("Suffolk III") (dismissing all claims as to the "Suffolk 13," including Purdue).

1

At a minimum, to the extent any count is based on purported "FUL-based fraud," the counts must be dismissed given the State's total failure to allege any such fraud by Purdue. The State first alleges FUL-based fraud against all defendants generally. (*See, e.g.,* Complaint ¶¶ 102-108.) The State does not, however, identify either a FUL or a supposed "FUL-Market Spread" for any Purdue NDC in Exhibit B. (Complaint Ex. B-27.) The minimal allegations particular to Purdue likewise make no mention of FUL-based fraud. (Complaint ¶¶ 507-516.) The State therefore totals fails to "specify the time, place, and content of an alleged false representation." *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 731 (1st Cir. 2007).

Nor are the three bare allegations the State adds regarding Purdue's supposed AWP-based fraud sufficient to meet the requirements of Rules 8(a) and 9(b). First, the State vaguely alleges that Purdue entered into "co-promotion agreements" with "defendant Abbott Group" and other unidentified pharmaceutical companies "for the sale and marketing" of Purdue's products. (Complaint ¶¶ 512-15.) The mere fact of a "co-promotion agreement," however, adds nothing to the State's insufficient allegations. The State fails to specifically allege how the "co-promotion agreements" constitute fraud. Thus these allegations do nothing to save the State's failure to satisfy the requirements of Rules 8(a) and 9(b).

Second, the State alleges that in a Boston Globe article, a Purdue "spokesman" made an isolated comment that AWP was "quite deceptive" because no one pays AWP for pharmaceutical products because of rebates and discounts. (Complaint ¶ 515.) Even if the Court assumes that the State has not mischaracterized this statement, an allegation of a stray comment by one employee is insufficient to satisfy the particularity required under Rule 9(b) to sustain the sweeping fraud claims asserted by plaintiffs. Indeed, the State does not explain how this public statement shows that Purdue misrepresented the true meaning of AWP.

2

Finally, the State refers to an "investigation" of the House Subcommittee of Oversight and Investigation of the Committee of Energy and Commerce. (Complaint ¶ 516.) The State seeks to elevate a single letter sent to Purdue in 2003, on which no activity has occurred for years, into an "investigation." The State does not and cannot detail any action related to this letter, sent to numerous companies, that would raise an inference of fraud by Purdue. This alleged "investigation" was also raised in connection with the Suffolk County action, where this Court found that it was insufficient to warrant reversal of the Court's dismissal of Purdue from that case. *Suffolk III*, Memorandum and Order at 2-3.

Dated: February 20, 2008

LORI A. SCHECHTER
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: /s/ Lori A. Schechter

Lori A. Schechter (*Pro Hac Vice*)
425 Market Street
San Francisco, CA 94105
(415) 268-7000
Lschechter@mofo.com

Attorneys for Defendants
Purdue Pharma L.P., Purdue Frederick Company, and Purdue Pharma Company

## CERTIFICATE OF SERVICE

      I hereby certify that on this day I caused a true and correct copy of the foregoing **INDIVIDUAL MEMORANDUM OF PURDUE PHARMA L.P., PURDUE FREDERICK COMPANY, AND PURDUE PHARMA COMPANY IN SUPPORT OF THEIR MOTION TO DISMISS** to be served on all counsel of record electronically by causing the same to be posted via LexisNexis on the 20th day of February, 2008.

                                       /s/ Lori A. Schechter
                                       Lori A. Schechter