UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> *State of Iowa v. Abbott Laboratories, et al* ) <br> ) | MDL NO. 1456 <br> Civil Action No. 01-12257-PBS <br><br> Judge Patti B. Saris |

**ELI LILLY'S SEPARATE MOTION AND SUPPORTING MEMORANDUM TO DISMISS IOWA'S COMPLAINT OR, IN THE ALTERNATIVE, STAY DISCOVERY, BECAUSE IOWA HAS FAILED IN GOOD FAITH TO PLEAD THAT LILLY FALSELY REPORTED INFLATED PRICES FOR ITS DRUGS**

In a cynical attempt to meet this Court's pleading rules, Iowa cherry picked thirteen days of prices offered by one wholesaler to one group purchasing organization, for one Eli Lilly drug, where the spread allegedly briefly exceeded 30% because the wholesaler did not immediately implement a Lilly price increase. This isolated and atypical thirteen-day incident, even if true, does not create any inference that Lilly engaged in fraud or wrongdoing, but rather demonstrates plaintiff's desperate attempt to allege something -- anything -- to overcome a motion to dismiss and proceed to lengthy, burdensome and expensive discovery. This case now is in its seventh year. Plaintiff's counsel should not get yet another chance to meet their pleading obligations. The allegations against Lilly should be dismissed with prejudice.

As this Court and Iowa's counsel previously recognized, the focus of this MDL is not on instances where defendants reported an AWP that exceeded WAC by 20-25%. This Court previously stayed discovery or rendered judgment for defendants in circumstances where the reported AWP exceeded WAC by 30% or less.

Lilly never reported an AWP that exceeded its WAC by more than 25%. Accordingly, Lilly should not be a defendant in this case.

Iowa' complaint does not allege in good faith, or with the required specificity, that Lilly reported an AWP that exceeded its WAC by more than 30%. Ironically, in a case alleging that Lilly manipulated pricing data in bad faith, it is Iowa that is grossly and unfairly manipulating the data, in less than good faith, in an attempt to circumvent this Court's pleading rules.

The pleading rules are clear:  At a minimum, Iowa must allege in good faith that it paid reimbursements for Lilly drugs based on reported spreads that "typically" exceeded 30%. Tr. of Hearing dated July 26, 2007, at 22-23 (requiring allegations to be based on a typical or median price rather than an outlier price such as a "penny" price).

Iowa did not make a good faith effort to use typical or median Lilly prices to calculate alleged spreads. Rather, it alleges that McKesson, a drug wholesaler, during one **thirteen-day period** beginning December 19, 2002, offered for sale one Lilly drug, Humalog, to members of McKesson's ServAll group purchasing organization (but, importantly, McKesson allegedly did not offer these same prices to the public at large), for a price 38% lower than the reported AWP for that drug during that same **thirteen-day period.**   Complaint, Ex. B-12. Other than this single thirteen-day time period for this one drug, Iowa makes no other allegations that Lilly's reported spreads exceeded 30%.

Perhaps worse still, Iowa knows or should know that Lilly increased its Humalog prices on December 19, 2002 (both WAC and AWP by the same proportional amounts), the first day of the thirteen-day time period. It is sometimes the case that there is a short lag time, perhaps two weeks in length, between the time Lilly increases its price and the

2

time wholesalers implement all of the new pricing data into their databases.  McKesson may have offered Humalog for sale to its ServAll customers during this thirteen-day time period at the old, lower pre-December 19, 2002 price, rather than the new, higher price.  First DataBank, on the other hand, likely entered the new, higher Lilly Humalog AWP price in its databases immediately.  The result of this timing difference **does not create any inference that Lilly engaged in fraud**, but rather explains why there may have been an **atypical** 38% spread for Humalog during this **atypical** thirteen-day time period.

Moreover, Iowa does not allege that it reimbursed Iowa pharmacies that were members of McKesson ServAll and purchased Humalog from McKesson during this single thirteen-day period, and then dispensed the Humalog to Iowa Medicaid recipients during the same time period.  For one of the Humalog cartridge products, Iowa Medicaid recipients filled only seven prescriptions during the entire fourth quarter of 2002.  Lilly does not know whether any of those seven prescriptions were filled or reimbursed during this single thirteen-day time window, and if so, whether the pharmacy was a member of McKesson ServAll, and if so, whether the pharmacy purchased the particular Humalog cartridge during this same thirteen-day time window.

For all of these reasons, Iowa's complaint against Lilly fails to meet the pleading rules established by this Court pursuant to Rules 8, 9 and 12, Fed. R. Civ. P.  Lilly also joins the consolidated memorandum filed by all defendants.   In the alternative, in the event the Court does not see fit to dismiss the complaint as to Lilly, Lilly respectfully requests that discovery against it be stayed given the absence of credible good faith allegations that it reported spreads exceeding 30%.

Dated:  February 20, 2008                                   Respectfully submitted,


  /s/ William A. Davis_____
William M. Cowan, BBO#566940
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

William A. Davis (*pro hac vice*)
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
701 Pennsylvania Avenue, Suite 900
Washington, DC  20004
(202) 434-7300

Attorneys for Eli Lilly and Company

## **CERTIFICATE OF SERVICE**

       I hereby certify that I, William Davis, an attorney, caused a true and correct copy of the foregoing, MEMORANDUM OF LAW to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, on February 20, 2008, for posting and notification to all parties.

                                            /s/ William A. Davis_____  
                                               William A. Davis

WDC 4260237v.1