# EXHIBIT A

## CHAPTER 222
### OLD AGE ASSISTANCE
H. F. 172

AN ACT relating to the granting of old age assistance.

*Be It Enacted by the General Assembly of the State of Iowa:*

       SECTION 1. Section two hundred forty-nine point seven (249.7), Code 1966, is hereby repealed and the following inserted in lieu thereof:
       "The amount of assistance which any person shall receive under this chapter shall be determined with due regard to the resources and necessary expenditures of the individual and the conditions in such cases; and in accordance with the rules and regulations made by the state board; and shall be sufficient, when added to all other income and support of the recipient, to provide such person with a reasonable subsistence."

       SECTION 2. Section two hundred forty-nine point eight (249.8), Code 1966, is hereby repealed.

Approved April 17, 1967.



## CHAPTER 223
### MEDICAL ASSISTANCE ACT
H. F. 93

AN ACT to furnish medical care and services to individuals and families whose income and resources are insufficient to meet the cost of necessary medical care and services, and further to provide rehabilitation and other services to help such families and individuals to attain and retain capability for independence and self-care.

*Be It Enacted by the General Assembly of the State of Iowa:*

       SECTION 1. Title. This chapter may be cited as the "Medical Assistance Act".

       SEC. 2. Repeal. Chapter two hundred forty-nine A (249A), Code 1966, is hereby repealed.

       SEC. 3. Definitions. When used herein:
       1. The term "state board" shall mean the state board of social welfare created by chapter two hundred thirty-four (234) of the Code.*
       2. The term "county board" shall mean the county board of social welfare created by chapter two hundred thirty-four (234) of the Code.
       3. "Recipient" shall mean a person who receives medical assistance under this chapter.

       SEC. 4. Eligibility. Medical assistance may be provided under the provisions of this chapter to, or on behalf of, any individual or family residing in the state of Iowa, including those residents who are

*See amendments by ch. 209, §418, and ch. 12, §5 hereof.

4 temporarily absent from the state, whose income and resources are
5 insufficient to meet the cost of necessary medical care and services,
6 and who has no spouse or parent responsible under the law of this
7 state and found by the county board to be able to provide him or them
8 with such needed medical care and services.
9 No assistance shall be granted to:
10 1. Any individual whose income, after deduction of health care ex-
11 penses incurred by the applicant, exceeds one thousand six hundred
12 dollars ($1,600) annually, or any family living together whose com-
13 bined income, after deduction of health care expenses incurred by the
14 family, exceeds one thousand six hundred dollars ($1,600) for the first
15 adult member plus eight hundred dollars ($800) for the second mem-
16 ber and six hundred dollars ($600) for each additional member of the
17 family. Income shall not include the value of gifts or services con-
18 tributed in kind to the individual or family.
19 2. Any individual whose resources, after deduction of health care
20 expenses incurred by the applicant, exceeds two thousand dollars
21 ($2,000), or any family living together whose combined resources
22 exceed two thousand dollars ($2,000) for the first member, one thou-
23 sand dollars ($1,000) for the second member, plus two hundred dol-
24 lars ($200) for each additional member. The value of resources shall
25 be the current market value minus any encumbrances against such
26 resource or resources. In determining the foregoing, the following
27 resources shall be excluded: Real property occupied as a residence;
28 household goods and furnishings, an automobile, personal effects and
29 tools necessary for the pursuit of a trade, occupation or profession of
30 a market value not to exceed six thousand dollars ($6,000.00) and the
31 cash surrender value of life insurance not to exceed one thousand
32 dollars ($1,000).



1 SEC. 5. Duties of state board. The state board:*
2 1. Shall be the responsible authority for the effective and impartial
3 administration of this chapter. To this end the state board shall for-
4 mulate and establish such rules and regulations, outline such policies
5 and prescribe such procedures as may be necessary or desirable to
6 carry out the provisions of this chapter. Without limiting the gener-
7 ality of the foregoing, the state board may:
8 a. Define "medical assistance" by specifying the items for which
9 assistance may be granted.
10 b. Determine the amount, duration and scope of such medical as-
11 sistance, provided, however, that the duration of inpatient hospital
12 services shall not be less than that provided under Title XVIII of the
13 federal Social Security Act, as amended, so long as funds are available.
14 c. Define the terms "health care", "family", "institution", "pro-
15 vider" and "resident".
16 d. Establish standards of, or qualifications for, eligibility which are
17 more restrictive than those authorized by section four (4). In no
18 event, however, shall eligibility standards or qualifications established
19 pursuant to section four (4) or by the state board preclude persons
20 receiving or eligible to receive old age assistance, aid to dependent

---

*See amendments by ch. 209, §419, and ch. 12, §5 hereof.

21 children, aid to the disabled and aid to the blind from receiving medi-
22 cal assistance under this Act.
23    e. Provide for payment of medical assistance rendered to any ap-
24 plicant prior to the date his application is filed.
25    2. Shall, to the extent possible, contract with a private organiza-
26 tion or organizations whereby such organization will handle the proc-
27 essing of and the payment of claims for services rendered under the
28 provisions of this chapter and under such rules and regulations as
29 shall be promulgated by said board. The state board shall give due
30 consideration to the advantages of contracting with any organization
31 which may be serving in Iowa as "intermediary" or "carrier" under
32 Title XVIII of the federal Social Security Act, as amended.
33    3. Shall cooperate with any agency of the state or federal govern-
34 ment in any manner as may be necessary to qualify for federal aid
35 and assistance for medical assistance in conformity with the provi-
36 sions of this chapter and Title XIX of the federal Social Security Act,
37 as amended.
38    4. Shall provide for the professional freedom of those licensed prac-
39 titioners who determine the need for or provide medical care and
40 services, freedom of choice to recipients to select the provider of such
41 care and services, and for medical direction and supervision as needed.
42    5. Shall advise and consult at least semiannually with a council
43 composed of the president, or his or her representative who is a mem-
44 ber of the professional organization represented by the president, of
45 the Iowa Medical Society, the Iowa Society of Osteopathic Physicians
46 and Surgeons, the Iowa State Dental Society, the Iowa State Nurses
47 Association, the Iowa Pharmaceutical Association, the Iowa Podiatry
48 Society, the Iowa Optometric Association, the Iowa Hospital Associa-
49 tion, the Iowa Osteopathic Hospital Association, and the Iowa Nurs-
50 ing Home Association, together with one person designated by the Iowa
51 state board of chiropractic examiners; one state representative from
52 each of the two major political parties appointed by the speaker of the
53 house, one state senator from each of the two major political parties
54 appointed by the lieutenant governor, one public representative ap-
55 pointed by the governor, each for a period of two years; the commis-
56 sioner of public health, or representative designated by him, and the
57 dean of the College of Medicine, University of Iowa, or a representa-
58 tive designated by him.
59    For each council meeting, other than those held during the time the
60 general assembly is in session, each legislative member of the council
61 shall be reimbursed for actual traveling and other necessary expenses
62 and shall receive a per diem of forty (40) dollars for each day in
63 attendance, as shall the public representative, regardless of whether
64 the general assembly is in session.
65    6. Shall take such action as may be necessary to assure that licensed
66 practitioners of the healing arts who provide professional services
67 under this chapter shall be paid their reasonable, usual and customary
68 charges. Payment for other medical assistance under this chapter
69 shall be the usual and customary fees, charges and rates, provided,
70 however, that if such payments are otherwise limited by federal law,
71 such payment shall be as near the usual and customary fees, charges
72 or rates as may be permitted by federal law.

73 7. Shall provide for granting an opportunity for a fair hearing
74 before the state board to any individual whose claim for medical
75 assistance under this chapter is denied or is not acted upon with
76 reasonable promptness.
77 An applicant whose application for assistance has been rejected or
78 a recipient whose assistance has been modified or cancelled in whole
79 or in part, or his personal representative, after a review hearing here-
80 inabove provided, within thirty days after notice of such action is
81 given, may appeal from the decision of the state board to the district
82 court of the county in which the applicant or recipient resides, by
83 serving ten (10) days notice of such appeal upon the state department
84 of social welfare or upon any member of the state board in the manner
85 required by the service of original notice in any civil action. Upon the
86 service of such notice, the state board shall furnish the appellant with
87 a copy of the application and all supporting papers, a transcript of the
88 testimony taken at the hearing, if any, and a copy of its decision. The
89 district court shall act as an appellate court to review the decision of
90 the state board to determine whether or not it has therein committed
91 fraud or abused its discretion. The costs may be taxed to the appellant
92 or may be remitted where the appeal is affirmed.

1 SEC. 6. Recovery of payment. Medical assistance paid to, or on
2 behalf of, any recipient cannot be recovered from such beneficiary
3 unless such benefit had been incorrectly paid. If, while receiving as-
4 sistance, the recipient becomes possessed of any resource or income
5 in excess of the amount stated in the application provided for in this
6 chapter, it shall be the duty of the recipient immediately to notify the
7 county board of the receipt or possession of such resource or income.
8 When it is found that any person has failed to so notify the board that
9 he is or was possessed of any resource or income in excess of the
10 amount allowed, or when it is found that, within five years prior to
11 the date of his application, a recipient made an assignment or trans-
12 fer of property for the purpose of rendering himself eligible for as-
13 sistance under this chapter, any amount of assistance paid in excess
14 of the amount to which the recipient was entitled shall constitute bene-
15 fits incorrectly paid. Any benefits incorrectly paid shall be recoverable
16 from the recipient, while living, as a debt due the state and, upon his
17 death, as a claim classified with taxes having preference under the
18 laws of this state.

1 SEC. 7. Claim against estate. On the death of a recipient, the
2 state shall be entitled to file a claim against the estate of the recipi-
3 ent for the total amount paid for medical assistance under this chap-
4 ter for the period during which such recipient was sixty-five years of
5 age or older. Such claim shall be classified with taxes having prefer-
6 ence under the laws of this state. No such claim shall be allowed,
7 however, if the recipient left surviving a spouse or a child who is
8 under twenty-one, or blind or permanently and totally disabled. The
9 right to a claim, existing at the effective date of this Act, against the
10 estate of any person who had, prior to the effective date of this Act,
11 received medical assistance pursuant to Chapter two hundred forty-
12 nine A* (249A) shall be preserved and continued under this Act.

*Words supplied by editor, see §3.1(3) of the Code.

1  SEC. 8. **Penalty.** Any person who shall obtain assistance or pay-
2  ments for medical assistance under this chapter by misrepresentation
3  or failure with fraudulent intent to bring forth all the facts required
4  of an applicant for aid under the provisions of this chapter and any
5  person who shall knowingly make false statements concerning the
6  applicant's eligibility for aid under this chapter shall be guilty of a
7  misdemeanor, punishable as such.



1  SEC. 9. **Records; report of recipients.** The general assembly finds
2  and determines that the use and disclosure of information as provided
3  in this section are for purposes directly connected with the adminis-
4  tration of the plan established by this Act and are essential for the
5  proper administration of said plan.
6  All applications, investigation reports, information, and records
7  concerning any applicant or recipient of medical assistance under this
8  Act shall be held confidential except as otherwise provided in this
9  section.
10 The use thereof by, and the disclosure thereof to, persons author-
11 ized by law in connection with their official duties relating to financial
12 audits, legislative investigations, and other purposes directly con-
13 nected with the administration of said plan, shall be permitted.
14 Release and the use of information of a general nature which does
15 not identify a particular individual or individuals shall be provided as
16 needed for adequate interpretation or development of the program.
17 Such information includes but is not limited to: total medical as-
18 sistance expenditures; number of recipients; statistical and social
19 data used in connection with studies; and reports or surveys on health
20 and welfare problems.
21 The county board of social welfare shall prepare and file in its office
22 on or before the thirtieth (30th) day of each January, April, July and
23 October a report showing the names and last known addresses of all
24 recipients receiving assistance under this chapter, together with the
25 amount paid to or on behalf of each recipient during the preceding
26 quarter. Each report so filed shall be securely fixed in a record book
27 to be used only for such reports made under this chapter and chapters
28 two hundred thirty-nine (239) and two hundred forty-one (241). The
29 record book shall be and the same is hereby declared to be a public
30 record, open to public inspection at all times during the regular office
31 hours of the respective county boards of social welfare. Each person
32 who desires to examine said records, other than in pursuance of offi-
33 cial duties as hereinbefore provided, shall sign a written request to
34 examine the same, which shall contain an agreement on the part of
35 the signer that he will not utilize any information gained therefrom
36 for religious, commercial or political purposes.
37 It shall be unlawful for any person, body, association, firm, corpora-
38 tion or any other agency to solicit, disclose, receive, make use of or to
39 authorize, knowingly permit, participate in or acquiesce in the use of
40 any lists, names or other information obtained from the reports above
41 provided for, for religious, commercial or political purposes.
42 Violations of this section shall be punishable as a misdemeanor.
43 If it is definitely established that any provision of this section would
44 cause said plan to be ineligible for federal financial participation, such
45 provision shall be limited or restricted to the extent which is essential

46   to make said plan eligible for federal financial participation. The state
47   board* shall establish any rules and regulations which are necessary to
48   carry out the intent of this paragraph.

   Approved March 15, 1967.

*See amendments by ch. 209, §420, and ch. 12, §5 hereof.

## CHAPTER 224
### RELIEF OF VETERANS OF VIET NAM CONFLICT
S. F. 11

AN ACT relating to relief to Viet Nam soldiers, sailors and marines.

*Be It Enacted by the General Assembly of the State of Iowa:*

1   SECTION 1. Section two hundred fifty point one (250.1), Code
2   1966, is amended by inserting in line twelve (12) after the word
3   "inclusive," the words "and including the Viet Nam Conflict at any
4   time between August 5, 1964 and ending on the date the armed forces
5   of the United States are directed by formal order of the government
6   of the United States to cease hostilities, both dates inclusive".

1   SEC. 2. Section two hundred fifty point three (250.3), Code 1966,
2   is amended by inserting in line eight (8) after the word "inclusive"
3   the words ", and including the Viet Nam Conflict at any time be-
4   tween August 5, 1964 and ending on the date the armed forces of the
5   United States are directed by formal order of the government of the
6   United States to cease hostilities, both dates inclusive".

1   SEC. 3. Section two hundred fifty point thirteen (250.13), Code
2   1966, is amended by inserting in line eleven (11) after the word
3   "inclusive," the words "and including the Viet Nam Conflict at any
4   time between August 5, 1964 and ending on the date the armed forces
5   of the United States are directed by formal order of the government
6   of the United States to cease hostilities, both dates inclusive,".

1   SEC. 4. Section two hundred fifty point sixteen (250.16), Code
2   1966, is amended by inserting in line thirteen (13) after the word
3   "inclusive," the words "and including the Viet Nam Conflict at any
4   time between August 5, 1964 and ending on the date the armed forces
5   of the United States are directed by formal order of the government
6   of the United States to cease hostilities, both dates inclusive,".

   Approved February 8, 1967.

# EXHIBIT B



# IOWA ADMINISTRATIVE BULLETIN

*Published Biweekly*   VOLUME VI   NUMBER 12
December 7, 1983   Pages 685 to 776

## CONTENTS IN THIS ISSUE

Pages 689 to 758 include ARC 4273 to ARC 4317

**AGRICULTURE DEPARTMENT[30]**
Notice, Miscellaneous amendments to chs 1, 2, 8, 10, 11
12, 16, 18, 20, 25, 26, 30, 43 and 55   ARC 4273 ....... 689
Notice, Pesticides, amendments to ch 10   ARC 4283 .... 692

**COLLEGE AID COMMISSION[245]**
Notice, Guaranteed student loans, amendments to ch 10
ARC 4276 ............................................. 694
Filed Emergency, Guaranteed student loans, amendments to ch 10   ARC 4275 .......................... 701

**CONSERVATION COMMISSION[290]**
Filed, Wild turkey spring hunting, 111.1 to 111.4
ARC 4317 ............................................. 706

**CORRECTIONS DEPARTMENT[291]**
Filed, Operational activities, amendments and new
chapters   ARC 4288 .................................. 708

**COUNTY FINANCE COMMITTEE[292]**
Notice, County budgets, ch 4   ARC 4298 .............. 694
Filed Emergency, County budgets, ch 4   ARC 4297 .... 701

**EMPLOYMENT SECURITY[370]**
Filed, Social security contributions by public
employers, 9.7   ARC 4290 ........................... 725

**ENERGY POLICY COUNCIL[380]**
Notice, Energy measures and audits grant programs,
7.1(2), 7.2, 7.3(3)   ARC 4280 ...................... 694
Notice, Technical assistance and energy conservation
grant programs, 8.6   ARC 4281 ...................... 695
Filed, Building energy management for state and local
government, ch 17   ARC 4279 ........................ 725

**HEALTH DEPARTMENT[470]**
Notice, Medical examiners, 135.101(2), 135.102(5)
ARC 4295 ............................................. 695
Notice, Cosmetology examiners, 149.1(1)   ARC 4296 ... 696
Notice, Standards for certificate of need review,
203.11   ARC 4293 .................................... 696
Filed, Reportable diseases, 1.2(1)   ARC 4314 ........ 730
Filed, Special supplemental food program for women,
infants and children, 73.5   ARC 4289 ............... 730
Filed, Vital records, fees, 96.4   ARC 4294 .......... 736
Filed, Physical and occupational therapy examiners,
137.6, 138.207   ARC 4274 ........................... 736
Filed, License fees, cosmetology, 160.7   ARC 4282 ... 737

**HUMAN SERVICES DEPARTMENT[498]**
Notice Amended, Food stamps, 65.8, 65.14
ARC 4299 ............................................. 698
Notice, Providers of medical and remedial care,
79.1(3)"a"   ARC 4300 ............................... 699
Filed, Fair hearings and appeals, amendments to ch 7
ARC 4301 ............................................. 737

**HUMAN SERVICES DEPARTMENT[498]** *(cont'd)*
Filed, ADC, granting assistance, unemployed parent,
41.4, 41.7(2)"c", 42.4(3), 42.4(5)"c", 42.4(6)"b"
ARC 4303 ............................................. 738
Filed, ADC, granting assistance, 41.7(7)"t"
ARC 4302 ............................................. 739
Filed, ADC, granting assistance, unemployed parent,
41.7(7), 42.1(8)   ARC 4304 ......................... 740
Filed, Unemployed parent, 42.4(1)"b"   ARC 4305 ..... 741
Filed Emergency after Notice, Recoupment, 46.1(10)
ARC 4312 ............................................. 702
Filed Emergency after Notice, Supplementary assistance,
51.4(1), 51.7, 52.1(1), 52.1(2)   ARC 4313 .......... 702
Filed, Reductions, amendments to chs 52, 77 to 81,
137, 145, 148, 160 and 161   ARC 4306 .............. 741
Filed, Medical assistance, eligibility, 75.1(1), 75.1(11)
ARC 4307 ............................................. 744
Filed Emergency, Medical and remedial services,
hospitals, 78.3   ARC 4315 .......................... 703
Filed Emergency, Medical and remedial care, 79.1(8)
ARC 4316 ............................................. 703
Filed, Work incentive program, ch 90   ARC 4308 ..... 744
Filed, Support recovery, 95.1, 95.6, 95.7   ARC 4309 .. 748
Filed, Foster care services, 136.6(2), 136.13(1), 136.13(3)
ARC 4310 ............................................. 750
Filed, Reimbursement for county or multicounty
juvenile shelter care and detention homes, ch 167
ARC 4311 ............................................. 751

**INSURANCE DEPARTMENT[510]**
Filed, Replacement of life insurance and annuities,
ch 16   ARC 4286 .................................... 751

**IOWA DEVELOPMENT COMMISSION[520]**
Filed, Industrial new jobs training program, ch 5
ARC 4277 ............................................. 755
Filed, Declaratory rulings, ch 6   ARC 4278 .......... 757

**IOWA FAMILY FARM DEVELOPMENT AUTHORITY[523]**
Notice, Operating loan guarantee program, ch 5,
ARC 4292 ............................................. 699
Filed, Soil conservation loans, 4.2(7), 4.7   ARC 4284 ... 758
Filed Emergency, Operating loan guarantee program,
ch 5   ARC 4291 ..................................... 704

**PHARMACY EXAMINERS, BOARD OF[620]**
Filed, Inactive license, 6.8(7)"b"   ARC 4285 ....... 758

**PUBLIC HEARINGS**
Summarized list ....................................... 687

**SOIL CONSERVATION DEPARTMENT[780]**
Notice, Surface coal mining and reclamation operations,
4.523(63)   ARC 4287 ................................ 700

**SUPREME COURT**
Decisions summarized ................................. 759

## ARC 4305

### HUMAN SERVICES DEPARTMENT[498]

Pursuant to the authority of Iowa Code section 239.18, the Department of Human Services amended rules appearing in the IAC relating to unemployed parent (chapter 42). This rule was adopted by the Council on Human Services November 17, 1983.

Notice of Intended Action regarding this rule was published September 28, 1983 as ARC 4062. This rule was emergency adopted and implemented by the Council on Human Services August 30, 1983.

This rule is being changed based on a letter from the Department of Health and Human Services which revised the interpretation of our current policy.

This rule eliminates the practice of automatically assuming that a student attending school half-time or more does not have time to perform the active search for employment or training for employment required by the ADC-UP program. The rule allows students to receive ADC-UP benefits as long as they comply with all conditions of eligibility for ADC-UP.

This rule is identical to that placed under notice.

This rule is intended to implement Iowa Code section 239.2

This rule will be effective February 1, 1984.

Paragraph 42.4(1) "b" is rescinded and the following inserted in lieu thereof:

b. The parent who is out of work due to a labor dispute shall not be considered unemployed.

[Filed 11/18/83, effective 2/1/84]

[Published 12/7/83]

EDITOR'S NOTE: For replacement pages for IAC, see IAC Supplement, 12/7/83.

## ARC 4306

### HUMAN SERVICES DEPARTMENT[498]

Pursuant to the requirements of Executive Order No. 4, the authority of Iowa Code sections 8.19, 8.31-33, 8.38, and the Constitutional requirements of article III; section 24, and article VII, the Department of Human Services hereby adopts rules, listed below which are necessary to avert the constitutionally prohibited shortfall in the general treasury. After consideration of public comment, the Council on Social Services adopted these rules November 17, 1983.

Notices of Intended Action regarding these rules were published in the IAB October 12, 1983 as ARC 4150, ARC 4151, ARC 4152, ARC 4153, ARC 4155, ARC 4156, ARC 4157, ARC 4158, ARC 4159, ARC 4161, and ARC 4162.

The following rule amendments are intended to implement the mandated reductions in line item appropriations by reducing the spending obligation of the department.

Chapter 52 — Each residential care facility's per diem rate shall be reduced 4.2 percent prior to payment.

Chapters 77, 78 and 79 — Implementing conditions for medical assistance reimbursement of ambulatory surgical centers to reduce surgery costs.

Chapter 78 — Make provision for hospital stays to be determined as medically necessary prior to admission.

Chapter 78 — Limit medical assistance reimbursement for the cost of drug products which have a lower cost alternative equivalent to the average wholesale price of the lower cost equivalent.

Chapter 79 — Reduce medical assistance reimbursement to physicians, hospitals, and acquisition costs of prescribed drugs by 4.2 percent. Reduce all other medical care providers except Iowa veterans home, state hospital-schools, state mental health institutes, intermediate care facilities and intermediate care facilities for the mentally retarded by 6.7 percent.

Chapter 80 — Update the claim forms to be used by vendors to claim payment.

Chapter 81 — Eliminate the incentive and inflation factors in determining the prospective payment rate for intermediate care facilities.

Chapter 137 — Reduce rates paid for foster care and specialized care by 2.6 percent.

Chapter 145 — Reduce payment of claims for foster care, including shelter care, and foster group care 2.6 percent. Reduce claims for services funded through home-based treatment 4.2 percent. Reduce payment of claims for local purchased services 1 percent.

Chapter 148 — The maximum and contractual cost of care for in-home health service shall be reduced 4.2 percent.

Chapter 160 — Allows the renegotiation of displaced homemaker contracts when the department lacks funds necessary to fulfill its fiscal responsibility.

Chapter 161 — Allows the renegotiation of domestic abuse contracts when the department lacks funds necessary to fulfill its fiscal responsibility.

498—78.3(249A) was changed to not require preadmission review in all cases. 79.1(8) was changed with respect to pharmacists. 78.2(2) was changed to allow an exception with prior approval.

These rules are intended to implement Iowa Code sections 8.31 to 8.33 and 217.6.

These rules shall become effective February 1, 1984.

ITEM 1. Subrule 52.1(3) is rescinded and the following inserted in lieu thereof (the paragraphs are retained):

52.1(3) Residential care. Payment to a recipient in a residential care facility shall be made on a flat per diem rate of $11.35 or on a cost-related per diem rate of no more than $16.14. A cost-related per diem rate shall be established for each facility choosing such method of payment according to rule 54.3(249). Prior to payment each facility's established per diem rate shall be reduced by a factor of four and two-tenths percent.

The facility shall accept the per diem rate established by the department for state supplementary assistance recipients and make no additional charges to the recipient.

If the reduction in the per diem rate causes the recipient's client participation to exceed the cost of care in a thirty-one day month, the department will issue a one dollar monthly payment to ensure continuing medical eligibility. The recipient or applicant will be eligible for this payment so long as all other eligibility requirements are met and countable income is such that a state supplementary assistance payment would have been made prior to the four and two-tenths percent reduction.

ITEM 2. Rule 498—77.24(249A) is rescinded and the following inserted in lieu thereof:

498—77.24(249A) Ambulatory surgical centers. Ambulatory surgical centers which are not part of hospi-

tals are eligible to participate in the medical assistance program if they are certified to participate in the Medicare program (Title XVIII of the Social Security Act).

ITEM 3. Subrule 78.2(2), paragraph "a", is amended to read as follows and paragraph "e" is rescinded and reserved:

a. In accordance with 42 CFR 447.331-333, the basis of payment for legend drugs shall be the pharmacist's usual, customary, and reasonable charge, but payment shall not exceed the current cost of the drug as defined by the department plus a professional fee which represents the seventy-fifth percentile of fees charged to the private-paying public by Iowa pharmacies. This professional fee shall be applicable to services rendered on and after September 1, 1981. The determination of the seventy-fifth percentile of pharmacist's fees shall be made annually and shall be based on periodic studies of pharmacy fees conducted by the department of human services. *The maximum allowable reimbursable cost for drug products for which there is available a lower cost alternative equivalent product shall be established at the average wholesale price of the lower cost equivalent product dispensed. If a lower cost equivalent product is not dispensed, the maximum allowable reimbursable cost shall be established at the upper level of the range of average wholesale prices of the equivalent products. If a lower cost equivalent product cannot be dispensed for a valid medical reason, such as therapeutic failure or allergy, the physician may request prior authorization for an exception to this provision.*

*Equivalent products shall be defined as those products which meet therapeutic equivalence standards as published in the Federal Food and Drug Administration document, "Approved Prescription Drug Products with Therapeutic Equivalence Evaluations" or the Iowa Nonequivalent Drug List Published by the Iowa Board of Pharmacy Examiners in accordance with the Iowa Code, section 155.36, and which are normally available from drug wholesalers servicing pharmacies in this state as determined by surveys of these wholesalers.*

ITEM 4. Rule 498—78.3(249A) is rescinded and the following inserted in lieu thereof (the subrules are retained):

498—78.3(249A) Hospitals. Payment will be approved for inpatient hospital care determined to be medically necessary, by the Iowa Foundation for Medical Care or the delegated hospital. All cases are subject to review prior to admission; however, in most instances the preadmission review will focus on problem areas identified by the department and Iowa Foundation for Medical Care or its delegated hospitals rather than routinely on all admissions. Obstetric cases admitted for delivery may have medical necessity determined following admission. Continuing medically necessary hospitalization shall be approved not to exceed, unless medically necessary, the fiftieth percentile of length of stay as indicated by recipient's diagnosis on the Length of Stay in Professional Activity Studies (PAS) Hospitals by Diagnosis, United States, North Central Region, January-December 1980. Payment will be made in excess of the fiftieth percentile only after utilization review approval. No payment will be made for waiver days. Limitations shall be updated annually. There are no limitations on the amount of outpatient care for which payment will be made so long as such care is medically necessary. If the recipient is eligible for inpatient or outpatient hospital care through the Medicare program, payment will be made for deductibles and coinsurance applicable in that program.

Unless the recipient's physician determines that the patient must be isolated for medical reasons and that a private room is required, payment will be approved only for multiple-bed accommodations.

ITEM 5. Rule 498—78.26(249A) is rescinded and the following inserted in lieu thereof:

498—78.26(249A) Ambulatory surgical center services. Ambulatory surgical center services are those services furnished by an ambulatory surgical center in connection with a covered surgical procedure.

The covered services provided by an ambulatory surgical center shall be the same as those covered by the Medicare program. Covered surgical procedures shall be those medically necessary procedures that are eligible for payment and under the same circumstances as physicians' services specified in 78.1(249A) performed on an eligible recipient.

78.26(1) Abortion procedures are only covered when criteria in subrule 78.1(17) are met.

78.26(2) Sterilization procedures are only covered when criteria in subrule 78.1(16) are met.

ITEM 6. Subrule 79.1(2), item 19, is rescinded and the following inserted in lieu thereof:

19. Ambulatory surgical centers    Medicare.

ITEM 7. Subrule 79.1(8) is rescinded and the following inserted in lieu thereof:

79.1(8) After reimbursement for medical assistance has been determined in accordance with appropriate procedures in place for each provider, reductions shall be made as follows: Physicians and hospitals shall be reduced by a factor of four and two-tenths percent. Pharmacists' professional fees shall be reduced by a factor of fourteen and eight-tenths percent. All other medical care providers except the Iowa Veterans Home, state hospital-schools, state mental health institutes, intermediate care facilities and intermediate care facilities for the mentally retarded shall be reduced by a factor of six and seven-tenths percent. Also exempt from any percentage reduction are material costs of products for which reimbursement is made at acquisition or actual invoice cost.

ITEM 8. Subrule 80.2(2) is rescinded and the following inserted in lieu thereof:

80.2(2) Claims for payment for services provided recipients who are not Medicare beneficiaries shall be submitted on the following forms:

a. Ambulance services shall submit claims on Form XIX AMB—1, Ambulance Claim.

b. Audiologists and hearing aid dealers shall submit claims on HCFA—1500, Health Insurance Claim Form and Form XIX DLR—1, Dealer's Claim, respectively.

c. Chiropractors shall submit claims on Form XIX CHIRO—1, Chiropractor Claim.

d. Community Mental Health Centers shall submit claims on Form HCFA—1500, Health Insurance Claim Form.

e. Dentists shall submit claims on Form XIX DENT—1, Dental Claim.

f. Practitioners and institutions providing screening services shall submit claims on Form XIX SCR—1, Screening Claim.

g. Practitioners and institutions providing family planning services shall submit claims on Form HCFA—1500, Health Insurance Claim Form.

h. Home health agencies shall submit claims on Form XIX HHA—1, Home Health Claim.

i. Hospitals providing inpatient care shall submit claims on Form XIX HOSP—1, Inpatient Hospital Claim. Hospitals providing outpatient services shall submit claims on Form XIX HOSP—2, Outpatient Hospital Claim.

j. Laboratories shall submit claims on Form XIX XLAB—1, Laboratory and X-Ray Claim.

k. Medical equipment appliance and sickroom supply dealers shall submit claims on Form XIX DLR—1, Dealer's Claim.

l. Opticians shall submit claims on Form XIX DLR—1, Dealer's Claim.

m. Optometrists shall submit claims on Form XIX OPTO—1, Optometrist's Claim.

n. Orthopedic Shoe Dealers shall submit claims on Form XIX DLR—1, Dealer's Claim.

o. Pharmacies shall submit claims on the Universal Pharmacy Claim Form.

p. Independently practicing physical therapists shall submit claims on Form HCFA—1500, Health Insurance Claim Form.

q. Physicians shall submit claims on Form HCFA—1500, Health Insurance Claim Form.

r. Podiatrists shall submit claims on Form HCFA—1500, Health Insurance Claim Form.

s. Rehabilitation agencies shall submit claims on Form XIX HOSP—2, Outpatient Hospital Claim.

t. Rural health clinics shall submit claims on Form HCFA—1500, Health Insurance Claim Form.

u. Skilled nursing facilities shall submit claims on Form XIX SNH—1, Skilled Nursing Facility Claim.

v. Maternal health centers shall submit claims on Form HCFA—1500, Health Insurance Claim Form.

w. Ambulatory surgical centers shall submit claims on Form HCFA—1500, Health Insurance Claim Form.

x. Independently practicing psychologists shall submit claims on Form HCFA—1500, Health Insurance Claim Form.

ITEM 9. Subrule 81.6(16), paragraphs "a", "c", and "d", are rescinded and the following inserted in lieu thereof:

a. No inflation factor shall be considered in determining the facility's prospective payment rate.

c. No incentive factor shall be considered in determining the facility's prospective payment rate.

d. The reimbursement rate shall be established by determining, on a per diem basis, the allowable cost subject to the maximum allowable cost ceiling.

ITEM 10. Subrule 137.6(1) is rescinded and the following inserted in lieu thereof:

137.6(1) A monthly payment for care in a foster family home licensed in the state of Iowa shall be made to the operator of the foster care facility based on the following schedule:

| Age of Child | Monthly Rate |
|---|---|
| 0 through 5 | $151 |
| 6 through 11 | $194 |
| 12 through 15 | $237 |
| 16 and over | $247 |

ITEM 11. Subrule 137.7(1) is rescinded and the following inserted in lieu thereof:

137.7(1) When a child has a special need for care and supervision due to a handicapping condition of a physical, mental, emotional, social, or educational nature which requires activities on the part of the foster parent above and beyond those normally required in caring for a child, upon recommendation of the social worker, an additional amount may be authorized with the approval of the county director or human service administrator. Such amount shall be based on the severity of the child's handicap and the amount of extra effort required on the part of the foster parents.

Such additional payment may be in the amount of forty-seven dollars per month for a mild handicap, requiring a moderate amount of extra effort by the foster parents, sixty-eight dollars per month for a moderate handicap requiring a substantial amount of extra effort by the foster parents, or eighty-eight dollars per month for a severe handicap requiring almost constant extra effort on the part of the foster parents.

ITEM 12. Subrule 145.3(5), paragraph "q", is rescinded and the following inserted in lieu thereof:

q. Notwithstanding paragraph "p" above:

(1) Payments for shelter care, independent living, foster family care, and foster group care will be reduced by two and six-tenths percent.

(2) Payments for services funded through the home based treatment appropriation (e.g., mental health service) will be reduced four and two-tenths percent.

(3) Payments for local purchased services (e.g., adult residential care, licensed day care center, registered family day care home, in-home day care, adult day care, adult residential treatment, health related, mental health, work activity, sheltered workshop and transportation) will be reduced one percent.

ITEM 13. Subrule 148.4(3) is rescinded and the following inserted in lieu thereof:

148.4(3) Maximum costs. The maximum cost of service shall be $343.60, subject to four and two-tenths percent reduction. If the cost of care is less than the maximum amount, the contractual cost of care will be reduced by four and two-tenths percent. The provider shall accept the payment made and shall make no additional charges to the recipient or others.

ITEM 14. Subrule 148.4(7), paragraph "f", is rescinded and the following inserted in lieu thereof:

f. A reduction of four and two-tenths percent shall be applied to each Provider Agreement, Form SS—1511—0, for any applicant or recipient. If the computation results in a zero grant for an applicant or recipient, the department will issue a one dollar monthly cash payment to ensure continuing medical eligibility. The recipient or applicant will be eligible for this payment so long as all other eligibility requirements are met and countable income is such that a state supplementary assistance payment would have been made prior to the four and two-tenths percent reduction.

ITEM 15. Subrule 148.4(8), paragraph "c", is rescinded and the following inserted in lieu thereof:

c. A reduction of four and two-tenths percent shall be applied to each Provider Agreement, Form SS—1151—0, for any applicant or recipient. If the computation results in a zero grant for an applicant or recipient, the department will issue a one dollar monthly cash payment to ensure continuing medical eligibility. The recipient or applicant will be eligible for this payment so long as all other eligibility requirements are met and countable income is such that a state supplementary assistance payment would have been made prior to the four and two-tenths percent reduction.

Case 1:01-cv-12257-PBS   Document 5085-2   Filed 02/21/08   Page 13 of 13

ITEM 16.  Subrule 160.9(3) is rescinded and the following inserted in lieu thereof:
160.9(3)  The department shall administer the funds for this program contingent upon their availability. If the department lacks the funds necessary to fulfill its fiscal responsibility under this program, the contracts shall be terminated or renegotiated. The department may terminate any agreement to distribute domestic abuse funds by giving the contractor thirty days' notice of its intent to terminate.

ITEM 17.  Subrule 161.8(3) is rescinded and the following inserted in lieu thereof:
161.8(3)  The department shall administer the funds for this program contingent upon their availability. If the department lacks the funds necessary to fulfill its fiscal responsibility under this program, the contract shall be terminated or renegotiated. The department may terminate any agreement to distribute displaced homemaker funds by giving the contractor thirty days' notice of its intent to terminate.

[Filed 11/18/83, effective 2/1/84]

[Published 12/7/83]

EDITOR'S NOTE: For replacement pages for IAC, see IAC Supplement, 12/7/83.

## ARC 4307

## HUMAN SERVICES DEPARTMENT[498]

Pursuant to the authority of Iowa Code section 249A.4, the Department of Human Services amended rules appearing in the IAC relating to conditions of eligibility for medical assistance (chapter 75). These rules were adopted by the Council on Human Services November 17, 1983.

Notice of Intended Action regarding these subrules was published October 12, 1983 as ARC 4145. These subrules were emergency adopted and implemented by the Council on Human Services, September 22, 1983.

On September 12, 1983, the department received medicaid state bulletin VII-81 which reversed the previous policy interpretations of the federal health care financing administration and stating that these changes should be implemented by October 1, 1983.

These subrules reflect the changed interpretations and allow medical assistance to continue during any month in which ADC benefits are suspended due to an overpayment. The subrules also reflect the change to allow medical assistance to be extended for four months by considering earned income tax credit as increased earnings.

These subrules are identical to those placed under notice. [Language the same.]

These subrules are intended to implement Iowa Code section 249A.4 and will be effective February 1, 1984.

ITEM 1.  Subrule 75.1(1) is rescinded and the following inserted in lieu thereof:
75.1(1)  Individuals receiving aid to dependent children. Medical assistance shall be available to all recipients of aid to dependent children. Recipient means a person for whom an aid to dependent children (ADC) payment is received and includes individuals deemed to be receiving ADC. Individuals deemed to be receiving ADC are:

a.  Individuals denied ADC because the amount of payment would be less than $10.00.
b.  Individuals suspended from ADC because of recovery of an overpayment such as five weekly checks received in the budget month instead of the usual four.

ITEM 2.  Subrule 75.1(11) is rescinded and the following inserted in lieu thereof:
75.1(11)  Families terminated from aid to dependent children because of increased earnings or hours of employment. Medical assistance shall be available for a period of up to four months to individuals who are canceled from the aid to dependent children program solely because a member of the eligible group receives increased income from employment. Income from employment includes:
a.  Increase in rate of pay.
b.  Increased hours of employment.
c.  Receipt of income from Earned Income Tax Credit (EITC).

Such recipients must have received aid to dependent children benefits during at least three of the six months immediately preceding the month in which ineligibility occurred and at least one member of the eligible group, although not necessarily the same member, must continue to be employed during the period of extended medical coverage. The four months medical coverage begins the day following termination of aid to dependent children benefits. When ineligibility is determined to occur retroactively, the extended medical coverage begins with the first month in which aid to dependent children assistance was erroneously paid.

[Filed 11/18/83, effective 2/1/84]

[Published 12/7/83]

EDITOR'S NOTE: For replacement pages for IAC, see IAC Supplement, 12/7/83.

## ARC 4308

## HUMAN SERVICES DEPARTMENT[498]

Pursuant to the authority of Iowa Code section 249C.15, the Department of Human Services adopted rules appearing in the IAC relating to the work incentive program (chapter 90).

These rules were adopted by the Council on Human Services November 17, 1983.

Notice of Intended Action regarding these rules was published October 12, 1983 as ARC 4147. These rules were emergency adopted and implemented by the Council on Human Services September 22, 1983 [ARC 4146].

These rules allow the department to implement the work incentive (WIN) demonstration program whereby the department will assume full program administration of WIN. States which do not elect to administer a WIN demonstration program are required to offer WIN services with program administration jointly provided with the Job Services agency. In jointly administered programs, the federal dollars allocated to the social service agency remaining at the end of the fiscal year, must revert to the federal government.

With implementation of the WIN demonstration program the remaining dollars allocated to the social service