# EXHIBIT C

Sec. 2071. The department of general services shall submit a report to the legislature by January 1, 1987 on the implementation of the life cycle cost and energy efficiency standards by the department of general services, state board of regents, department of transportation and other state agencies. The department of general services shall include in its report recommendations from the other state agencies and from within the department as to any legislative changes that are necessary in order to improve the energy efficiency and reduce the life cycle cost of energy consuming products. For the purposes of this section, energy consuming products shall include buildings.

Sec. 2072. Notwithstanding any other provision of this Act, nothing in this Act shall be construed as making an appropriation. This Act is not an appropriation bill.

Approved May 29, 1986

## CHAPTER 1246
STATE GOVERNMENT APPROPRIATIONS
H.F. 2484

**AN ACT** relating to and making appropriations to agencies, boards, commissions, departments, and programs of state government and making certain provisions retroactive.

*Be It Enacted by the General Assembly of the State of Iowa:*

### DIVISION I
### BUSINESS/TRADE/TRANSPORTATION

Section 1. There is appropriated from the general fund of the state to the department of economic development for the fiscal year beginning July 1, 1986 and ending June 30, 1987 the following amounts, or so much thereof as is necessary, to be used for the purposes designated:

|   |   | 1986-1987 Fiscal Year |
|---|---|---|
| 1. | For salaries, support, maintenance, and other operational purposes | $ 3,000,000 |
| 2. | For tourism and promotion programs | $ 1,429,560 |

*Of the funds appropriated by this subsection, one hundred thousand (100,000) dollars, or so much thereof as is necessary, shall be expended to develop a state tourism marketing plan. The plan shall be provided to the legislative council upon completion. Of the funds appropriated by this subsection, one million (1,000,000) dollars shall not be expended prior to the completion of the state tourism marketing plan and presentation of the plan to the legislative council.*

*There is created a tourism marketing plan task force. The director of the department of economic development or the director's designee shall serve as chairperson of the tourism marketing plan task force. The task force shall consist of five members. The director shall appoint a representative of the state conservation commission, a representative of the recreation, tourism, and leisure study committee, a representative of the department of cultural affairs, and a representative of the tourism industry from the private sector.*

*The task force shall develop guidelines for the preparation of a comprehensive statewide tourism marketing plan and tourism information delivery system plan, recommendations from which shall be submitted by the task force to the legislative council for the release of withheld funds.*

The department shall actively pursue the acquisition of the Grant Wood Gothic House in Eldon, Iowa. The department shall cooperate with the historical division of the department of cultural affairs to acquire and maintain the Grant Wood Gothic House and to promote the property as a tourist attraction.

---

*Item veto; see message at end of the Act

Case 1:01-cv-12257-PBS   Document 5085-3   Filed 02/21/08   Page 3 of 11

ending June 30, 1987, to the state community mental health and mental retardation services fund established in section 225C.7, the following amount, or so much thereof as is necessary:

|  | 1986-1987 Fiscal Year |
|---|---|
|  | $ 3,333,000 |

1. Notwithstanding section 225C.10, subsection 2, paragraph "a", subparagraph (1), counties shall indicate in their annual plan that general allocation moneys will be expended in accordance with administrative rules adopted by the mental health and mental retardation commission and will not be used for major maintenance or capital expenditure projects.

2. Notwithstanding section 225C.10, subsection 3, counties shall submit annual rather than quarterly financial and plan status reports. The annual reports shall include the services funded; the amounts expended by service and by agency; a description of the use of the funds; and the number of persons or units of service provided.

Sec. 308. BLOCK GRANT SUPPLEMENTATION. There is appropriated from the general fund of this state for the fiscal year beginning July 1, 1986, and ending June 30, 1987, to the department of human services for supplementation of federal social services block grant funds and for allocation to the various counties for the purchase of local services and child day care services for eligible individuals, the following amount, or so much thereof as is necessary:

|  | 1986-1987 Fiscal Year |
|---|---|
|  | $ 3,180,000 |

The funds appropriated by this section shall be allocated to the counties pursuant to the rules of the department in effect on January 1, 1985. The department shall increase the income guidelines for income eligible persons receiving services funded with federal social services block grant funds for the fiscal year beginning July 1, 1986 by the same percentage and at the same time as federal social security benefits are increased due to a recognized increase in the cost of living.

Of the funds appropriated by this section, two million six hundred ninety thousand (2,690,000) dollars shall be earmarked for the purchase of local services and four hundred ninety thousand (490,000) dollars shall be earmarked for child day care services.

A county may use up to four percent of the federal social services block grant funds and the state purchase of local services funds for the purchase of child day care services without matching the federal and state funds with local funds.

The department shall not require counties to match the state child day care services funds with local funds but shall require that the counties allocate local funds for child day care services in an amount at least equal to the county expenditures for child day care services in the fiscal year ending June 30, 1983. The department shall reallocate state child day care services funds from counties which do not qualify for or do not utilize the funds to counties which do qualify for the funds.

If the department determines that funds earmarked under this section for child day care services will not be fully expended, the department may increase the income guidelines in order to provide for the expenditure of all funds earmarked under this section for child day care services.

The department may develop and implement a pilot project establishing a prospective payment system for purchase of service providers in no more than two departmental districts.

Sec. 309. REIMBURSEMENT RATES.

1. Except as provided in paragraphs "a", "b", "c", "d", and "e", and except for medical assistance services provided to recipients in state mental health institutes and the veterans home, rural health clinic services, intermediate care facilities services for the mentally retarded, and the material costs of products which are reimbursed at the acquisition cost, the reimbursement and per diem rates for medical assistance providers for the fiscal year beginning July 1, 1986, shall be limited to the reimbursement and per diem rates for the providers in effect on June 30, 1985.

Case 1:01-cv-12257-PBS   Document 5085-3   Filed 02/21/08   Page 4 of 11

a. Medical assistance payments for all mandatory and optional services, except for hospital services, physician services, skilled nursing facility services, intermediate care facility services, intermediate care facility services for the mentally retarded, services provided to recipients in state mental health institutes, rural health clinic services, medical transportation services other than ambulance services, and the material costs of products which are reimbursed at the acquisition cost, shall be reduced by a factor of two and one-half percent.

b. A continued reduction of three and eighty-five hundredths percent shall be applied to medical assistance payments for all mandatory and optional services, except for skilled nursing facility services, intermediate care facility services, intermediate care facility services for the mentally retarded, services provided to recipients in state mental health institutes and the veterans home, rural health clinic services, medical transportation services other than ambulance services, and the material costs of products which are reimbursed at the acquisition cost.

c. For the fiscal year beginning July 1, 1986, the incentive and inflation factors shall be reinstated as in place on July 1, 1985. Beginning July 1, 1986, the basis for establishing the maximum medical assistance rate for intermediate care facilities shall be the fifty-fifth percentile of all facility per diems as calculated from the June 30, 1986, unaudited compilation of financial and statistical reports.

d. Beginning July 1, 1986, the professional fee for pharmacies shall continue to be reduced by five and twenty-one hundredths percent until the department establishes a new reimbursement system for drug products based on estimates of actual acquisition costs. The department shall establish by October 1, 1986, unless disapproved by the United States department of health and human services, a new reimbursement system for drug products based on estimates of actual acquisition costs derived from data obtained from the department's survey of drug product costs and professional fees. The department shall adjust the maximum allowable professional fee to reflect the change in the reimbursement system from average wholesale price reimbursement to actual acquisition cost reimbursement. However, the adjustment in the professional fee shall not exceed the professional fee which represents the seventy-fifth percentile of fees charged to the private paying public by pharmacies in this state. Beginning on the date the new reimbursement system is implemented, the professional fees shall be reduced by three and eighty-five hundredths percent rather than by five and twenty-one hundredths percent.

e. For the fiscal year beginning July 1, 1986, skilled nursing facility payment rates shall be increased by four and three-tenths percent and rural health clinic rates shall be increased in accordance with increases under the federal medicare program, pursuant to Title XVIII of the federal Social Security Act.

2. For the fiscal year beginning July 1, 1986, reimbursement limits for residential care facilities shall remain in effect as established for the fiscal year which began July 1, 1985. For the fiscal year beginning July 1, 1986, state supplementary assistance payments for recipients in residential care facilities and recipients receiving in-home health-related care shall be reduced by a factor of three and eighty-five hundredths percent.

3. For the fiscal year beginning July 1, 1986, maximum rates for providers of social services shall remain in effect as established for the fiscal year which began July 1, 1985. For the fiscal year beginning July 1, 1986, the following purchase-of-service providers, at their own option, shall have either their rates or invoices reduced by the following percentages: state cases, three and eighty-five hundredths percent; protective day care, two and thirty-three hundredths percent; family-centered services, three and eighty-five hundredths percent; family planning, two and fifteen hundredths percent; foster group care, two and seventy hundredths percent; subsidized adoption, two and seventy hundredths percent; foster family care, two and seventy hundredths percent; and local purchase, ninety-three hundredths percent.

**EXHIBIT D**

procedures which have a wide variation in the relative frequency the procedures are performed. Preprocedure surgical review applies to surgeries performed in hospitals (outpatient and inpatient) and ambulatory surgical centers. Approval by the IFMC will be granted only if such procedures are determined to be necessary based on the condition of the patient and the published criteria established by the IFMC and the department. If not so approved by the IFMC, payment will not be made under the program to the physician or to the facility in which the surgery is performed. The criteria are available from IFMC, 3737 Woodland Avenue, Suite 500, West Des Moines, Iowa 50265, or in local hospital utilization review offices.

The "Preprocedure Surgical Review List" shall be published by the department in the provider manuals for physicians, hospitals, and ambulatory surgical centers. The "Preprocedure Surgical Review List" shall be developed by the department with advice and consultation from the IFMC and appropriate professional organizations and will list the procedures for which prior review is required and the steps that must be followed in requesting such review. The department shall update the "Preprocedure Surgical Review List" annually. (Cross-reference 78.28(1)"*e*")

This rule is intended to implement Iowa Code section 249A.4 and 1985 Iowa Acts, chapter 259, section 3.

**498—78.2(249A) Retail pharmacies.**

78.2(1) Payment will be approved for the following when ordered by a legally qualified practitioner (physician, dentist, or podiatrist):

*a.* Legend drugs and devices requiring a prescription by law subject to the same conditions as specified in subrule 78.1(2)"*a*".

*b.* Medical and sickroom supplies when ordered by the physician for a specific rather than incidental use subject to the same conditions as specified in subrule 78.1(2)"*b*".

*c.* Rental or purchase of medical equipment and appliances subject to the same conditions as specified in rule 78.10(249A).

*d.* Nonprescription drugs as specified in subrule 78.1(2)"*f.*" The basis of payment shall be the same as specified in subrule 78.2(2)"*a*" except that a maximum allowable reimbursable cost for these drugs shall be established by the department at the median of the average wholesale prices less ten and fifty-nine hundredths percent (10.59%) of the chemically equivalent products available. No exceptions for reimbursement for higher cost products will be approved.

78.2(2) The amount of payment shall be based on several factors.

*a.* In accordance with 42 CFR 447.331-333, as amended October 1, 1985, the basis of payment for legend drugs shall be the pharmacist's usual, customary, and reasonable charge, but shall not exceed the average wholesale price of the drug less ten and fifty-nine hundredths percent (10.59%) plus the professional fee which represents the seventy-fifth percentile of fees charged to the private paying public by Iowa pharmacies, not to exceed $5.01 less six and thirty-five hundredths percent (6.35%). The maximum allowable reimbursable cost for drug products for which there is available a lower cost alternative equivalent product shall be established at the average wholesale price of the lower cost equivalent product dispensed less ten and fifty-nine hundredths percent (10.59%). If a physician certifies in the physician's handwriting that, in the physician's medical judgment, a specific brand is medically necessary for a particular recipient, the maximum allowable reimbursement does not apply and the department will pay the average wholesale price of the brand name product less ten and fifty-nine hundredths percent (10.59%). If a physician does not certify in the physician's handwriting that, in the physician's judgment a specific brand is medically necessary, and if a lower cost equivalent product is not substituted by the pharmacy, the department will pay for the product an amount equal to the upper level of the range of average wholesale prices of equivalent products less ten and fifty-nine hundreds percent (10.59%).

Equivalent products shall be defined as those products which meet therapeutic equivalence standards as published in the Federal Food and Drug Administration document "Approved Prescription Drug Products with Therapeutic Equivalence Evaluations" and which are normally available from drug wholesalers servicing pharmacies in this state as determined by surveys of these wholesalers.

*b.* The determination of the unit cost component of the drug shall be based on the package size of drugs most frequently purchased by providers or the maximum allowable cost of each multiple source drug designated by the pharmaceutical reimbursement board of the department of health, and human services, and published in the Federal Register.

*c.* Payment for sickroom supplies and medical equipment shall not exceed the manufacturer's suggested minimum retail price or the usual community price for such items, whichever is lower.

*d.* No payment shall be made for sales tax.

*e.* A professional dispensing fee of fifty cents per prescription, in addition to the ordinary dispensing fee, shall be approved for selection of equivalent products which are less expensive than the following:

(1) Those products at the maximum reimbursement level established pursuant to 78.2(2)*"a,"* and

(2) Any brand name product not included pursuant to 78.2(2)*"a,"* if such selection results in a cost savings to the medical assistance program of at least one dollar and fifty cents per prescription.

78.2(3) The pharmacist shall dispense the lowest cost item in stock which meets the requirements of the practitioner as shown on the prescription.

78.2(4) Prescription records are required for all drugs as specified in Iowa Code sections 155.33, 155.34, and 204.308. For the purposes of the medical assistance program, prescriptions for medical supplies are required and shall be subject to the same provisions. All prescriptions shall be available for audit by the department of human services.

78.2(5) Payment will be approved for the following when ordered by a therapeutically certified optometrist:

*a.* Topical antimicrobial agents.

*b.* Topical and oral antihistamines.

*c.* Topical anti-inflammatory agents.

This rule is intended to implement Iowa Code section 249A.4 and 1986 Iowa Acts, chapter 1246, sections 309 to 314.

**498—78.3(249A) Hospitals.** Payment for inpatient hospital admission is approved when it meets the criteria for inpatient hospital care as determined by the Iowa Foundation for Medical Care (IFMC) or the delegated hospital. All cases are subject to review prior to admission; however, in most instances the preadmission review will focus on problem areas identified by the department and IFMC or its delegated hospitals. Obstetric cases admitted for delivery may have the review performed following admission. Medicaid payment for inpatient hospital admissions is approved when it is determined to meet the critera for inpatient hospital care. (Cross-reference 78.28(5) Continuing hospitalization shall be approved if the patient's condition meets the severity of illness and intensity of services criteria established by the IFMC and the department. The criteria are available from IFMC, 3737 Woodland Avenue, Suite 500, West Des Moines, Iowa 50265, or in local hospital utilization review offices. No payment will be made for waiver days.

There are no limitations on the amount of outpatient care for which payment will be made so long as such care is necessary.

If the recipient is eligible for inpatient or outpatient hospital care through the Medicare program, payment will be made for deductibles and coinsurance applicable in that program.

Unless the recipient's physician determines that the patient must be isolated for medical reasons and that a private room is required, payment will be approved only for multiple-bed accommodations.

78.3(1) Payment will be approved for the day of admission but not the day of discharge or death.

78.3(2) No payment will be approved for private duty nursing.

78.3(3) Certification of inpatient hospital care shall be the same as that in effect in part A of Medicare. The hospital admittance records are sufficient for the original certification.

Case 1:01-cv-12257-PBS    Document 5085-3    Filed 02/21/08    Page 7 of 11

# EXHIBIT E



# IOWA ADMINISTRATIVE BULLETIN

Published Biweekly    VOLUME IX    NUMBER 15
January 14, 1987    Pages 1221 to 1268

## CONTENTS IN THIS ISSUE
Pages 1227 to 1267 include ARC 7281 to ARC 7288 and ARC 7290 to ARC 7315

**AGRICULTURE AND LAND STEWARDSHIP, DEPARTMENT OF[21]**
Filed, On-site containment of fertilizers and soil conditioners, 9.50 to 9.58 ARC 7309 ................1253

**DELAY**
Racing and Gaming Division [195] Greyhound rules, 7.8(1) ................1268

**ECONOMIC DEVELOPMENT, DEPARTMENT OF[261]**
Notice Terminated, Business-industry information and training network, ch 13 ARC 7288 ................1227
Notice, Satellite centers, ch 41 ARC 7287 ................1227
Filed Emergency, Name change, other amendments, transfer programs due to reorganization, IAC—520 and 630 to 261, new chs 1 to 4, 21, 36, 50 and 65 ARC 7293 ................1232
Filed Emergency, Business-industry information and training network-funding, JTPA, 13.6(1) ARC 7292 ................1240
Filed, Iowa job training partnership program, amendments to ch 19 ARC 7315 ................1253
Filed Emergency, Satellite centers, ch 41 ARC 7286 ................1241
Filed Emergency, Business incubator center program, amended and transferred 520—ch 10 to 261—ch 52 ARC 7291 ................1243
Filed Emergency, Iowa targeted small business procurement program (set-aside program) ch 54 ARC 7290 ................1244

**ENVIRONMENTAL PROTECTION COMMISSION[567]**
Notice, Underground storage tanks, 135.2, 135.4 to 135.12 ARC 7313 ................1227
Filed Emergency, Underground storage tanks, 135.2, 135.4 to 135.12 ARC 7312 ................1245
Filed, Criteria for siting hazardous waste management facilities, 140.1, ch 151 ARC 7314 ................1254

**HUMAN SERVICES DEPARTMENT[498]**
Notice, Medical and remedial services, retail pharmacies, 78.2(1)"d," 78.2(2)"a" ARC 7296 ................1227
Filed Emergency, Supplementary and medical assistance, 51.4, 51.7, 52.1, 86.10 ARC 7297 ................1248
Filed Emergency, Medical and remedial services, retail pharmacies, 78.2(1)"d," 78.2(2)"a" ARC 7295 ................1249
Filed, Medical and remedial services, optometrists, 78.2(5), 78.6(4) ARC 7300 ................1256
Filed, Intermediate care facilities, intermediate care facilities for mentally retarded, amendments to chs 81 and 82 ARC 7301 ................1257

**HUMAN SERVICES DEPARTMENT[498]** *(cont'd)*
Filed, Collections, nonassistance child support recovery program, 95.1, 95.12, 96.12, 96.14 ARC 7299 ................1262
Filed Emergency, General provisions, eligibility, 103.3(1)"d"(2) ARC 7298 ................1250
Filed, Purchase of service, 150.3 ARC 7302 ................1263

**INSPECTIONS AND APPEALS, DEPARTMENT OF[481]**
Notice, Food operations, food service establishments, food and beverage vending machines, hotels, amend and transfer 30—chs 36 to 39 and 46 to 481—chs 21 to 25 ARC 7308 ................1228

**JOB SERVICE, DIVISION OF[345]**
Filed, Administration, benefit payment control, placement, chs 1, 5 and 7 ARC 7281 ................1264
Filed, Claims and benefits, 4.39(15), 4.40(3) ARC 7282 ................1264

**LOTTERY DIVISION[705]**
Filed Emergency, Name change and transfer of rules, chs 1 to 10 ARC 7305 ................1250

**PUBLIC HEARINGS**
Summarized list ................1224

**PUBLIC SAFETY DEPARTMENT[680]**
Notice, Fire marshal—residential care facilities, 5.552 ARC 7303 ................1228
Filed, State building code, 16.800 ARC 7304 ................1264

**RACING AND GAMING DIVISION[195]**
Notice, Organization, mutuel departments, harness racing, amendments to chs 1, 8 and 9 ARC 7307 ................1229
Filed Emergency, Greyhound racing, mutuel departments, 7.6(16), 8.1, 8.2(4)"k" ARC 7306 ................1251

**REGENTS, BOARD OF[720]**
Filed, Admission—universities, 1.2 ARC 7294 ................1266

**REVENUE AND FINANCE DEPARTMENT[701]**
Filed, Taxable and exempt sales, 16.3, 17.13, 18.6(6), 34.5(3) ARC 7310 ................1266

**SECRETARY OF STATE[750]**
Filed Emergency, Election forms and instructions, 11.5(1)"a" ARC 7283 ................1252

**TRANSPORTATION, DEPARTMENT OF[820]**
Filed, Vehicle registration, (07,D) 11.21(4) ARC 7284 ................1266
Filed, Energy conservation trust fund appropriation, (09,B) ch 5, also ch 4 title ARC 7285 ................1267

**UTILITIES DIVISION[199]**
Notice and Notice Terminated, Filing period for responses to applications for rehearing, 7.9(3) ARC 7311 ................1231

Amend subrule 52.1(2) as follows:

**52.1(2)** *Dependent relative.* The following assistance standards have been established for state supplementary assistance for dependent relatives residing in a recipient's home.

a. Aged or disabled client and a dependent relative ................................ ~~$504.00~~  *$510.00*

b. Aged or disabled client, eligible spouse, and a dependent relative ................. ~~$672.00~~  *$680.00*

c. Blind client and a dependent relative ............ ................................ ~~$526.00~~  *$532.00*

d. Blind client, aged or disabled spouse and a dependent relative ................. ~~$694.00~~  *$702.00*

e. Blind client, blind spouse and a dependent relative ................................ ~~$716.00~~  *$724.00*

ITEM 4. Amend rule 498—86.10(249A) as follows:
Amend subrule 86.10(1) as follows:

**86.10(1)** The resource limitation for a single individual shall be ~~$1,700.00~~ *$1,800.00*.

Amend subrule 86.10(2) as follows:

**86.10(2)** The resource limitations for two or more persons shall be ~~$2,550.00~~ *$2,700.00*.

[Filed emergency 12/22/86, effective 1/1/87]
[Published 1/14/87]

EDITOR'S NOTE: For replacement pages for IAC, see IAC Supplement, 1/14/87.

## ARC 7295

## HUMAN SERVICES DEPARTMENT[498]

Pursuant to the authority of Iowa Code section 249A.4, the Department of Human Services hereby amends Chapter 78, "Amount, Duration, and Scope of Medical and Remedial Services," appearing in the Iowa Administrative Code.

At the current time the state is paying pharmacists for drugs for Medicaid clients based on the average wholesale prices of the drugs. The United States Department of Health and Human Services, Office of Inspector General (DHHS, OIG) has determined that published wholesale prices are approximately sixteen percent (16%) higher than the prices actually paid by providers. States have been asked by DHHS, OIG to develop Medicaid drug pricing levels that more accurately reflect prices that pharmacists are paying for drug ingredients.

The General Assembly directed the Department to establish a new reimbursement system for drugs based on estimates of actual acquisition costs derived from data obtained from the Department's survey of drug product costs and professional fees. The Department was also directed to adjust the maximum professional fee to reflect the change in the reimbursement system from average wholesale price reimbursement. Beginning on the date the new reimbursement system is implemented, the professional fees are to be reduced by three and eighty-five hundredths percent (3.85%) rather than five and twenty-one hundredths percent (5.21%).

This amendment implements the changes mandated by DHHS, OIG and the General Assembly. A study conducted by a consultant from the University of Nebraska, School of Pharmacy, determined that the average wholesale reimbursement is ten and fifty-nine hundredths percent (10.59%) higher than the actual acquisition cost. Therefore, the average wholesale cost will be reduced by that percentage.

The percentage reduction averages $1.23 per prescription. Therefore, the professional fee will be increased from $3.78 to $5.01. The professional fee will be reduced by six and thirty-five hundredths percent (6.35%) rather than seven and seventy-one hundredths percent (7.71%) [three and eighty-five hundredths percent (3.85%) plus the two and one half percent (2.5%) which is still in effect].

The Department of Human Services finds that notice and public participation prior to adoption of these rules is impracticable because there is not adequate time to implement the regular rule-making process and to carry out 1986 Iowa Acts, chapter 1246, section 309, by February 1, 1987. Therefore, these amendments are filed pursuant to Iowa Code section 17A.4(2). However, because the Department believes these rules may be improved by public comment, these rules are also being filed as a Notice of Intended Action, ARC 7296, herein.

The Department of Human Services finds that 1986 Iowa Acts, chapter 1246, section 314 allows this amendment to be effective immediately upon filing unless a later date is specified. Therefore, these amendments are filed pursuant to Iowa Code section 17A.5(2)"b"(1).

The Council on Human Services adopted these rules on December 16, 1986.

These rules are intended to implement Iowa Code section 249A.4 and 1986 Iowa Acts, chapter 1246, sections 309 and 314.

These rules shall become effective February 1, 1987.

ITEM 1. Amend subrule 78.2(1), paragraph "d," as follows:

d. Nonprescription drugs as specified in subrule 78.1(2)"f." The basis of payment shall be the same as specified in subrule 78.2(2)"a" except that a maximum allowable reimbursable cost for these drugs shall be established by the department at the median of the average wholesale prices *less ten and fifty-nine hundredths percent (10.59%)* of the chemically equivalent products available. No exceptions for reimbursement for higher cost products will be approved.

ITEM 2. Amend subrule 78.2(2), paragraph "a," as follows:

a. In accordance with 42CFR 447.331-333, as amended October 1, 1985, the basis of payment for legend drugs shall be the pharmacist's usual, customary, and reasonable charge, but shall not exceed the average wholesale price of the drug *less ten and fifty-nine hundredths percent (10.59%)* plus the professional fee which represents the seventy-fifth percentile of fees charged to the private paying public by Iowa pharmacies, not to exceed ~~$3.78, less seven and seventy-one hundredths percent~~ *$5.01 less six and thirty-five hundredths percent (6.35%)*. The maximum allowable reimbursable cost for drug products for which there is available a lower cost alternative equivalent product shall be established at the average wholesale price of the lower cost equivalent product dispensed *less ten and fifty-nine hundredths percent (10.59%)*. If a physician certifies in the physician's handwriting that, in the physician's medical judgment, a specific brand is medically necessary for a particular recipient, the maximum allowable reimbursement does not apply and the department will pay the average wholesale price of the brand name product *less ten and*

HUMAN SERVICES DEPARTMENT[498] (cont'd)

fifty-nine hundredths percent (10.59%). If a physician does not certify in the physician's handwriting that, in the physician's judgment a specific brand is medically necessary, and if a lower cost equivalent product is not substituted by the pharmacy, the department will pay for the product an amount equal to the upper level of the range of average wholesale prices of equivalent products *less ten and fifty-nine hundredths percent (10.59%)*.

Equivalent products shall be defined as those products which meet therapeutic equivalence standards as published in the Federal Food and Drug Administration document "Approved Prescription Drug Products with Therapeutic Equivalence Evaluations" and which are normally available from drug wholesalers servicing pharmacies in this state as determined by surveys of these wholesalers.

[Filed emergency 12/22/86, effective 2/1/87]
[Published 1/14/87]

EDITOR'S NOTE: For replacement pages for IAC, see IAC Supplement, 1/14/87.

## ARC 7298

## HUMAN SERVICES DEPARTMENT[498]

Pursuant to the authority of Iowa Code section 234.6, the Department of Human Services hereby amends Chapter 130, "General Provisions," appearing in the Iowa Administrative Code.

This amendment increases the current income guidelines used to determine financial eligibility for persons receiving services funded with social services block grant funds. The guidelines are increased by one and three-tenths percent (1.3%) effective January 1, 1987, in accordance with the direction of the General Assembly.

1986 Iowa Acts, chapter 1246, section 308, mandated that the Department increase income guidelines by the same percentage and at the same time that federal social security benefits are increased because of a recognized increase in the cost of living. On November 4, 1986, the Social Security Administration announced that the federal benefit rates will be increased by a cost-of-living adjustment (COLA) of one and three-tenths percent (1.3%) effective January 1, 1987.

The Department of Human Services finds that notice and public participation is impracticable because there is not adequate time to implement the regular rulemaking process and to carry out 1986 Iowa Acts, chapter 1246, section 308, by January 1, 1987. Therefore, this amendment is filed pursuant to Iowa Code section 17A.4(2).

The Department of Human Services finds that 1986 Iowa Acts, chapter 1246, section 314, allows this amendment to be effective immediately upon filing unless a later date is specified. Therefore, this amendment is filed pursuant to Iowa Code section 17A.5(2)"b"(1).

The Council on Human Services adopted this rule December 16, 1986.

This rule is intended to implement Iowa Code section 234.6 and 1986 Iowa Acts, chapter 1246, sections 308 and 314.

This rule became effective January 1, 1987.
Amend subrule 130.3(1), paragraph "d," subparagraph (2), as follows:
(2) Income eligible status. The monthly gross income according to family size is no more than the following amounts:

| Family Size | For Child Day Care: Monthly Gross Income | | All Other Services: Monthly Gross Income Below | |
|---|---|---|---|---|
| 1 Member | $ ~~567~~ | 574 | $ ~~451~~ | 457 |
| 2 Members | ~~738~~ | 748 | ~~589~~ | 597 |
| 3 Members | ~~911~~ | 923 | ~~728~~ | 737 |
| 4 Members | ~~1,086~~ | 1,100 | ~~865~~ | 876 |
| 5 Members | ~~1,259~~ | 1,275 | ~~1,004~~ | 1,017 |
| 6 Members | ~~1,433~~ | 1,452 | ~~1,142~~ | 1,157 |
| 7 Members | ~~1,466~~ | 1,485 | ~~1,168~~ | 1,183 |
| 8 Members | ~~1,499~~ | 1,518 | ~~1,194~~ | 1,210 |
| 9 Members | ~~1,531~~ | 1,551 | ~~1,221~~ | 1,237 |
| 10 Members | ~~1,563~~ | 1,583 | ~~1,246~~ | 1,262 |

When a family has more than ten (10) members, for each additional person add three percent (3%) of the amount for a family of four (4) to the ten (10)-member amount.

[Filed emergency 12/22/86, effective 1/1/87]
[Published 1/14/87]

EDITOR'S NOTE: For replacement pages for IAC, see IAC Supplement, 1/14/87.

## ARC 7305

## LOTTERY DIVISION[705]

Pursuant to the authority of 1985 Iowa Code supplement chapter 99E and Iowa Code section 17A.3, the Lottery Division of the Iowa Department of Revenue and Finance adopts and implements, by emergency filing, amendments to agency number 705 (formerly agency number 526), Chapters 1 to 10, Iowa Administrative Code.

The amendments are made to conform to the changes made by the Reorganization Act, 1986 Iowa Acts, chapter 1245, sections 403 to 413.

In accordance with Iowa Code section 17A.4(2), the agency finds that public notice and participation is unnecessary, impracticable, and contrary to the public interest in that these amendments are made to conform to the requirements of 1986 Iowa Acts, chapter 1245, sections 403 to 413. Notice procedures would not be beneficial as the changes are nondiscretionary and delay could result in unnecessary confusion to the public.

In accordance with Iowa Code section 17A.5(2)"b"(2), the agency also finds that the usual effective date of this rule, thirty-five days after publication, should be waived and the rule made effective on December 26, 1986, as it confers a benefit upon the public by eliminating unnecessary confusion regarding names and responsibilities of the agencies.

The Iowa Lottery Board adopted this rule on December 18, 1986.

ITEM 1. Amend rule 705—1.1(99E) by inserting new subrules 1.1(1) and 1.1(2) and renumbering the existing subrules:

1.1(1) The lottery division is under the department of revenue and finance.

1.1(2) "Director" means the director of the department of revenue and finance.