UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO | ) ) | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS | ) ) ) ) ) | Magistrate Judge Marianne B. Bowler |

**ABBOTT LABORATORIES INC.'S OPPOSITION TO THE UNITED STATES' OBJECTIONS TO MAGISTRATE BOWLER'S INTERPRETATION OF THIS COURT'S DECEMBER 18, 2007 ELECTRONIC ORDER RE: DISCOVERY DEADLINE**

On December 18, 2007, this Court granted a three-month extension so that the parties could accomplish the significant task of completing discovery that had already been served. This ruling arose out of the United States' December 4, 2007 Motion for Enlargement of Time to Complete Discovery (Dkt. No. 4923). In that Motion, the United States requested an extension of fact discovery to June 30, 2008, with an unfettered right to serve new discovery during that time period. (Dkt. No. 4924.) Abbott objected to such an open-ended plan (particularly since the United States has already had 12 years to investigate its case), and suggested instead that the Court "rule that party fact discovery served on December 1, 2007 is timely and must be completed on or before March 31, 2008." (Dkt. No. 4936 at 2-3.)

Between those two options, the Court came down on Abbott's side. The December 18 electronic order stated that "The Court will give the parties until March 31, 2008 to complete all fact discovery. However, no new discovery requests shall be made after the date of this order with respect to parties or nonparties." Rather than follow the Court's clear directions, the United States and Ven-A-Care apparently viewed the Order as a sort of challenge to see how much new discovery they could issue before midnight. After the Court entered its Order, and after the close

of business, the United States and Ven-A-Care began foisting new request after new request on Abbott and a host of third parties.

The day's timeline was as follows:

- 3:01 pm – Court's Order posts.
- 5:00 pm – Clerk's Office closes; end of business day.
- 6:24 pm – Omnicare, Inc. subpoena posted to Lexis-Nexis, but not served. (Ex. B)
- 6:38 pm – Apria HealthCare subpoena posted to Lexis-Nexis, but not served. (Ex. C)
- 6:53 pm – Coram Health Care subpoena posted to Lexis-Nexis, but not served. (Ex. D)
- 7:02 pm – Florida Infusion Services subpoena posted to Lexis-Nexis, but not served. (Ex. E)
- 7:15 pm – Lincare subpoena posted to Lexis-Nexis, but not served. (Ex. F)
- 7:26 pm – Option Care subpoena posted to Lexis-Nexis, but not served. (Ex. G)
- 7:42 pm – Ultra Care subpoena posted to Lexis-Nexis, but not served. (Ex. H)
- 7:57 pm – National Home Infusion Association subpoena posted to Lexis-Nexis, but not served. (Ex. I).
- 8:25 pm – Third Set of Interrogatories, in 29 parts, sent to Abbott. (Ex. J).
- 8:54 pm – Fifth Set of Requests for Production, with 19 categories, sent to Abbott. (Ex. K).
- 9:03 pm – Third Set of Requests for Admissions, with 10 requests, sent to Abbott. (Ex. L).
- 10:21 pm – Ven-a-Care served Abbott with its First Set of Interrogatories. (Ex. M).

At a conference on January 31, Magistrate Judge Bowler considered whether the glut of discovery issued by the United States and Ven-A-Care after the close of business on December 18 was timely. Abbott argued that this Court (1) granted Abbott's proposal for a three-month, no-new-discovery extension; and (2) did not intend to allow, *sub silentio*, plaintiffs to have unfettered new discovery for the few hours that remained in the day following the posting of the December 18, 2007 Order. The United States and Ven-A-Care argued that the Court's Order should be interpreted to mean that any discovery requests issued before midnight were fair game. Magistrate Judge Bowler agreed with Abbott, holding that

> Judge Saris was clear that she wanted no new discovery requests from the moment she issued that order. So, as far as I'm concerned, December 18th at 3:01 controls, and requests to mean items served. If it wasn't served before that date, it doesn't go forward. It applies to any 30(b)(6) depositions and any written discovery.

(Ex. A, Hearing Transcript, at 39:20-40:2 (Jan. 31, 2008).)  At that point, the United States asked whether that ruling extended to subpoenas that had been e-mailed to (but not served upon) third-parties on or prior to December 18.  (*Id.* at 40:6-23.)  Judge Bowler found that that this so-called "informal subpoena" process (whereby the United States would email subpoenas and request that the recipients waive service) was not provided for in the governing Case Management Order 29; rather, CMO-29 required a "deposition of a third party witness [to] be initiated through *service* of a subpoena." (*Id*. at 40:6-44:4 (emphasis added).)  As such, she held that it would "clearly fly in the face of [this Court's] order" to consider these non-served subpoenas as timely filed. (*Id.* at 44:10-11.)  On this point, Judge Bowler heard argument from certain recipients of the third-party subpoenas, who objected to the subpoenas as untimely, and who made clear that the United States did not even inform them of this Court's December 18, 2007 Order.  (*Id.* at 36:4-39:11.)

The United States now objects to Judge Bowler's interpretation of this Court's Order as precluding all discovery requests and subpoenas issued after the Order was entered on December 18, 2007.  It also objects to Judge Bowler's ruling that the so-called "informal subpoenas" sent to third parties on or before December 18, 2007—but never accepted by, nor formally served upon, those parties—are untimely under the Court's Order.  Neither objection is well-founded.

**I.   THE UNITED STATES HAS NOT ARGUED THAT JUDGE BOWLER ERRED IN HER INTERPRETATION OF THIS COURT'S DECEMBER 18, 2007 ORDER**

Here, Judge Bowler interpreted the Court's December 18, 2007 Order to mean that no further discovery requests could be served as of the moment the Order issued, and that this Court did not intend to allow the United States and Ven-A-Care to serve as much discovery as possible in the 9-hour window between 3:01 pm and midnight on December 18.  (Ex. A at 39:20-40:2.)  This was consistent with Abbott's three-month, no-new-discovery proposal (which the Court adopted), and inconsistent with the United States' request for six more months of unlimited new

3

discovery.  As such, Judge Bowler correctly refused to allow the United States to twist the intent of the Court's Order and engage in the very unfettered discovery which the Court had expressly disallowed, on the basis of semantic technicalities in the Order's phrasing.

As the United States itself recognizes, a magistrate judge's ruling on a non-dispositive discovery matter will only be set aside if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  But conspicuously absent from the United States' objections is any argument that Judge Bowler's reading of this Court's Order was, in fact, legally wrong.  At no point does it attempt to argue that this Court actually intended to allow plaintiffs to engage in a mad, nine-hour rush of new discovery in the nighttime hours following the Court's Order, completely *sub silentio*—or intended the phrase "date of this order" to mean anything other than the close of business (plaintiffs did not serve any requests on December 18 until after the close of business).  Indeed, the United States, in its objections, seems embarrassed even to admit that this was its previously-stated justification for rushing out new discovery.[1]  The United States' failure to

---

[1] The United States merely hints at this argument, claiming that "both Abbott Laboratories and Relator Ven-A-Care interpreted the December 18 Electronic Order in the same manner as the United States" and claims that "Abbott provided the United States copies of draft subpoenas for 23 former and current state Medicaid witnesses, believing its should reserve its rights to depose these witnesses."  Obj. at 6 n.4.  Putting aside the irrelevance of what parties might have subjectively *thought* of the Court's Order, as opposed to what this Court objectively intended, the United States' effort to equate Abbott's reservation of its right to depose certain Medicaid witness (the only so-called discovery that Abbott "issued" on December 18) to the United States' last-minute discovery dump is absurd.

As detailed in Abbott's Motion to Strike Plaintiff's Untimely Supplemental Rule 26(a)(1), (Dkt. No. 4915), the United States had, since August 2006, claimed that it would not call any state Medicaid witnesses in this case.  However, on November 20, the United States served "supplemental" Rule 26(a)(1) disclosures indicating its intent to name some 22 state Medicaid witnesses.  Abbott filed a motion to strike these witnesses, which was still pending on December 18 when this Court issued its Order.  At that time, Abbott informed the United States that it reserved the right to depose those witnesses should the motion to strike be denied.

On December 19, in response to the United States' additional "supplemental disclosure" of 5 more state Medicaid witness (made on December 18 at 6:14 pm and 7:11 pm), Abbott filed a second motion to strike, and expressly requested leave to depose those witnesses should the motion to strike be denied.  On December 20, this Court denied the motions to strike but expressly granted leave for Abbott to depose those witnesses.

Abbott's reservation of its right to depose these surprise, last-minute witnesses disclosed by the United States—later permitted by express order of this Court—thus does not remotely compare to the United States' last-minute discovery scramble, which had been *denied* in substance by this Court.  It is absurd to claim that Abbott's reservation of such deposition rights represented a belief that unlimited new discovery could be served between 3:01 pm and midnight on the date of the Court's December 18 Order.

4

actually identify legal errors in Judge Bowler's interpretation of the meaning of the December 18 Order is dispositive here, as it has waived such objection.  *See Velez-Padro v. Thermo King De P.R., Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) (holding that "[c]onclusory objections that do not direct the reviewing court to the issues in controversy" are insufficient to properly object to a magistrate judge's decision); *Santiago v. Canon USA, Inc.*, 138 F.3d 1, 4 (1st Cir. 1998) ("a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court").

Instead of actually identifying flaws in Judge Bowler's interpretation of the Court's Order, the United States instead sees fit to rehash its December 4, 2007 Motion for Enlargement of Time to Complete Discovery, repeating the same argument in that brief: that it was all Abbott's fault that it could not timely file its discovery requests, and that it should have another chance now.  *See* Obj. at 4-5.  In effect, the United States arrogated unto itself the right to issue new discovery in defiance of this Court's Order, and now justifies its action by reference to the very same arguments that this Court rejected in issuing that Order.  The United States is not objecting to Judge Bowler's interpretation of the December 18 Order; it is making an untimely request for this Court to reconsider that Order.   This "objection" should be dismissed and/or overruled.

## II.     THE UNITED STATES OFFERS NO VALID OBJECTION TO MAGISTRATE JUDGE BOWLER'S RULING ON THE "INFORMAL" SUBPOENAS.

The same analysis holds for the United States' "objection" to Magistrate Judge Bowler's ruling with respect to the subpoenas informally e-mailed to third-party witnesses on or before December 18, 2007, but not served pursuant to Rule 45.  The basis of that ruling was that this Court's December 18 Order meant that no new discovery requests could be served as of the time the Order was issued, and that the "informal" subpoenas were not "served" as required by CMO-29 and, hence, were untimely.  The United States must concede that its "informal" method of

sending subpoenas by e-mail and requesting a waiver of service is not set forth in CMO-29, and it does not dispute that CMO-29 requires "[a] deposition of a third party witness [to] be initiated through service of a subpoena under Rule 45." Likewise, it does not argue that Judge Bowler legally erred in holding that "new discovery requests" under the Court's December 18, 2007 Order means discovery actually served.

Rather, the United States merely argues that it would not prejudice the third-parties or Abbott to enforce those untimely subpoenas,[2] and that it would be unfair if the United States could not depose those parties. Obj. at 8. This "objection" is actually a disagreement with this Court's December 18 Order—not a valid objection to its interpretation by Judge Bowler—and should be overruled.[3]

## CONCLUSION

The United States' objections to Judge Bowler's interpretation of this Court's December 18 Order are not objections at all; rather, they are thinly-veiled attempts to reargue the United States' failed request for months of new, unfettered discovery. This is procedurally improper. Any *actual* objections to Judge Bowler's rulings have been waived, and are, in any event, meritless. They should be overruled..

---

[2] Contrary to this self-serving argument, the subpoena recipients have made clear that they *would* be prejudiced by having to comply with these untimely subpoenas. (Ex. A at 38:5-17; 39:4-11.) In addition to those subpoena recipients who traveled to Boston to make their concerns known to Magistrate Judge Bowler at the January 31 hearing (*id.*), Abbott was contacted recently by the American Society of Clinical Oncology ("ASCO")—a third-party recipient of one of the DOJ's so-called "informal," unserved subpoenas (Ex. N)—and was asked by ASCO to submit to this Court the letter (Ex. O), in which ASCO describes the prejudice it would suffer if forced to comply with the Government's untimely subpoena.

Further, Abbott is prejudiced by having to expend resources on untimely discovery—not only discovery served on Abbott directly, but also third-party discovery that Abbott must review or depositions it must attend.

[3] The United States also claims that its subpoenas would have been valid under the original discovery deadline of December 31, 2007. This is not relevant to whether the "informal" subpoenas were timely under the Court's December 18, 2007 Order, or whether they may be considered "served" under CMO-29.

Moreover, at least as to the "informal" subpoena notices issued after 3:01 pm on December 18, this argument is plainly false. CMO-29, ¶ 14 requires a two-week notice for subpoena recipients; as such, subpoenas "served" on December 18 could not have been enforced until at least January 1, 2008—after the original deadline had passed.

Dated:  February 26, 2008

Respectfully submitted,

<u>/s/ R. Christopher Cook</u>
James R. Daly
Tina M. Tabacchi
Jason Winchester
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

    I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'S OPPOSITION TO THE UNITED STATES' OBJECTIONS TO MAGISTRATE BOWLER'S INTERPRETATION OF THIS COURT'S DECEMBER 18, 2007 ELECTRONIC ORDER RE: DISCOVERY DEADLINE to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 26th day of February, 2008.

                                              /s/ David S. Torborg
                                              David S. Torborg