# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                      )
IN RE PHARMACEUTICAL INDUSTRY         )
AVERAGE WHOLESALE PRICE               )        MDL NO. 1456
LITIGATION                            )        Civil Action No. 01-12257-PBS
_____)
                                      )        Judge Patti B. Saris
                                      )
THIS DOCUMENT RELATES TO:             )
                                      )
*The City of New York v. Abbott Labs., et al.* )
(S.D.N.Y. No. 04-CV-06054)            )
*County of Suffolk v. Abbott Labs., et al.* )
(E.D.N.Y. No. CV-03-229)              )
*County of Westchester v. Abbott Labs., et al.* )
(S.D.N.Y. No. 03-CV-6178)             )
*County of Rockland v. Abbott Labs., et al.* )
(S.D.N.Y. No. 03-CV-7055)             )
*County of Dutchess v. Abbott Labs., et al.* )
(S.D.N.Y. No. 05-CV-06458)            )
*County of Putnam v. Abbott Labs., et al.* )
(S.D.N.Y. No. 05-CV-04740)            )
*County of Washington v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00408)            )
*County of Rensselaer v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00422)            )
*County of Albany v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00425)            )

[Caption Continues on Next Page]

## DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION OF CLAIMS DATA

*County of Warren v. Abbott Labs., et al.*                      )
(N.D.N.Y. No. 05-CV-00468)                                      )
*County of Greene v. Abbott Labs., et al.*                      )
(N.D.N.Y. No. 05-CV-00474)                                      )
*County of Saratoga v. Abbott Labs., et al.*                    )
(N.D.N.Y. No. 05-CV-00478)                                      )
*County of Columbia v. Abbott Labs., et al.*                    )
(N.D.N.Y. No. 05-CV-00867)                                      )
*Essex County v. Abbott Labs., et al.*                          )
(N.D.N.Y. No. 05-CV-00878)                                      )
*County of Chenango v. Abbott Labs., et al.*                    )
(N.D.N.Y. No. 05-CV-00354)                                      )
*County of Broome v. Abbott Labs., et al.*                      )
(N.D.N.Y. No. 05-CV-00456)                                      )
*County of Onondaga v. Abbott Labs., et al.*                    )
(N.D.N.Y. No. 05-CV-00088)                                      )
*County of Tompkins v. Abbott Labs., et al.*                    )
(N.D.N.Y. No. 05-CV-00397)                                      )
*County of Cayuga v. Abbott Labs., et al.*                      )
(N.D.N.Y. No. 05-CV-00423)                                      )
*County of Madison v. Abbott Labs., et al.*                     )
(N.D.N.Y. No. 05-CV-00714)                                      )
*County of Cortland v. Abbott Labs., et al.*                    )
(N.D.N.Y. No. 05-CV-00881)                                      )
*County of Herkimer v. Abbott Labs. et al.*                     )
(N.D.N.Y. No. 05-CV-00415)                                      )
*County of Oneida v. Abbott Labs., et al.*                      )
(N.D.N.Y. No. 05-CV-00489)                                      )
*County of Fulton v. Abbott Labs., et al.*                      )
(N.D.N.Y. No. 05-CV-00519)                                      )
*County of St. Lawrence v. Abbott Labs., et al.*                )
(N.D.N.Y. No. 05-CV-00479)                                      )
*County of Jefferson v. Abbott Labs., et al.*                   )
(N.D.N.Y. No. 05-CV-00715)                                      )
*County of Lewis v. Abbott Labs., et al.*                       )
(N.D.N.Y. No. 05-CV-00839)                                      )
*County of Chautauqua v. Abbott Labs., et al.*                  )
(W.D.N.Y. No. 05-CV-06204)                                      )
*County of Allegany v. Abbott Labs., et al.*                    )
(W.D.N.Y. No. 05-CV-06231)                                      )
*County of Cattaraugus v. Abbott Labs., et al.*                 )
(W.D.N.Y. No. 05-CV-06242)                                      )

*County of Genesee v. Abbott Labs., et al.*            )
(W.D.N.Y. No. 05-CV-06206)                             )
*County of Wayne v. Abbott Labs., et al.*              )
(W.D.N.Y. No. 05-CV-06138)                             )
*County of Monroe v. Abbott Labs., et al.*             )
(W.D.N.Y. No. 05-CV-06148)                             )
*County of Yates v. Abbott Labs., et al.*              )
(W.D.N.Y. No. 05-CV-06172)                             )
*County of Niagara v. Abbott Labs., et al.*            )
(W.D.N.Y. No. 05-CV-06296)                             )
*County of Seneca v. Abbott Labs., et al.*             )
(W.D.N.Y. No. 05-CV-06370)                             )
*County of Orleans v. Abbott Labs., et al.*            )
(W.D.N.Y. No. 05-CV-06371)                             )
*County of Ontario v. Abbott Labs., et al.*            )
(W.D.N.Y. No. 05-CV-06373)                             )
*County of Schuyler v. Abbott Labs, et al.*            )
(W.D.N.Y. No. 05-CV-06387)                             )
*County of Steuben v. Abbott Labs., et al.*            )
(W.D.N.Y. No. 05-CV-06223)                             )
*County of Chemung v. Abbott Labs., et al.*            )
(W.D.N.Y. No. 05-CV-06744)                             )
                                          AND          )
*County of Nassau v. Abbott Labs., et al.*             )
(E.D.N.Y. No. 04-CV-5126)                              )
_____)

## INTRODUCTION

Defendants seek the Court's assistance in obtaining from plaintiffs the most basic of discovery – the very Medicaid reimbursement claims data on which plaintiffs purport to base their case.  While other issues remain with regard to the completeness of plaintiffs' document production, plaintiffs' absolute failure to produce any meaningful claims data – more than anything else – is hampering defendants' ability to construct their defense.  At a hearing before this Court on July 26, 2007 (now more than seven months ago), in response to this Court's suggestion that it would order plaintiffs to produce the claims data as a part of their "automatic disclosures" in this case, plaintiffs' counsel represented to the Court that plaintiffs would be "happy" to "supply the claims data."  *See* Declaration of Kim B. Nemirow ("Nemirow Decl.") Ex. A at 15, lines 16-23 [Transcript of 7/26/07 Hearing].  Yet, after many, many months of failing to make good on that promise, and despite defendants' persistent efforts to obtain this vital information, all plaintiffs are now saying is that they "are working to obtain [the claims data] from the state," and that they cannot provide a date certain by which they will produce the claims data – although plaintiffs continue to say that they have no objection to producing the claims data when and if it is received from the State.  *See id.* Ex. B [2/11/08 E-mail from Cicala to Hoang] and Ex. C [2/28/08 E-mail from Bueker to Cicala].

Neither the relevancy of the information sought, nor the burden of producing the data is in dispute.  Without the claims data, plaintiffs cannot possibly sustain their burden of proof.  The claims data is also vital to many of defendants' core defenses.  Accordingly, plaintiffs should be ordered to produce this very basic discovery within two weeks of a decision on this motion or, in the alternative, this case should be dismissed for plaintiffs' failure to prosecute it diligently.

## BACKGROUND

The issue of the production of the Medicaid reimbursement claims data first arose in connection with defendants' motion to dismiss claims relating to physician-administered drugs ("PADs").  At the July 26, 2007 oral argument on defendants' motion to dismiss, in response to an argument by defendants that the Complaint did not adequately plead which PADs were reimbursed on the basis of AWP, the Court concluded that the problem could be cured with discovery and suggested that it would order the claims data produced as a part of plaintiffs' "automatic disclosures" in this case.  Responding to the Court's suggestion, plaintiffs' counsel volunteered:  "We're happy to do that, your Honor.  We can supply the claims data to show the reimbursement price and the method of reimbursement to the retail pharmac[ies]."  *See id.* Ex. A at 15, lines 16-23.

On September 28, 2007, pursuant to the operative case management order (CMO 33), plaintiffs filed a Revised Exhibit B to the First Amended Consolidated Complaint, amending the list of drugs allegedly at issue in this case.  *See* Case Management Order No. 33, Sept. 14, 2007, at ¶ 2 [Docket No. 4745].  A month later, when no "automatic disclosures" were forthcoming as had been promised and represented to the Court, defendants included as Request No. 1 in Defendants' First Set of  Document Requests to the New York Counties a formal discovery request for the claims data.[1]  Much to defendants' surprise, after dragging their feet for many months, on December 21, 2007, all but two of the counties objected to Request No. 1 and responded that they "do[] not have the Medicaid claims data" – "Medicaid claims data is maintained at the state level."  *See*, *e.g.*, *id.* Ex. E [Albany County's Objections and Responses to

---

[1] Specifically, Request No. 1 seeks "All Medicaid claims data from 1997-2005 related to the subject drugs reflecting claims for which you contend you overpaid as a result of defendants' conduct, including but not limited to:  (a) drug pricing files; and (b) data keys and data dictionaries that explain the data fields produced in response to this request."  *See* Nemirow Decl. Ex. D [Defendants' First Set of Document Requests to New York Counties, Oct. 30, 2007].

Defendant's First Set of Document Requests to New York Counties, Dec. 21, 2007]. Orange

County, which represented in its response that it would produce claims data, has not done so to

date. All Orange County has produced is summary-level information that fails to show, on a

claim-by-claim basis, on which of the four possible bases of reimbursement (*i.e.*, AWP, FUL,

state MAC, or usual and customary charge) any particular claim was paid. Although New York

City has produced claims-level data, it has failed to produce either a basis of payment field or

sufficient data from which to determine the basis of payment for any individual claim.[2]  *See id.*

Ex. C.

It was only when defendants suggested in a letter, dated January 16, 2008, that, without

the adequate claims data, plaintiffs could not possibly meet their burden of proof that plaintiffs

again began promising to produce the claims data. *See id.* Ex. F [1/16/08 Letter from Tretter to

Cicala]. Nevertheless, despite several subsequent promises to do so, another five weeks have

lapsed and, still, not a single one of the counties has produced any meaningful claims data. More

troubling yet, in their most recent communications with defendants, with the noted exception of

New York City, all plaintiffs are willing to say is that they "are entirely aware" of defendants'

requests for the claims data and "are working to obtain it from the state." *See id.* Ex. B [2/11/08

E-mail from Cicala to Hoang]. None of the plaintiffs, except New York City, has been willing to

commit to a date by which the claims data will be produced. *See id.* Ex. C [2/27/08 E-mail from

Bueker to Cicala]. The need for the Court's intervention on the claims data issue is made even

more acute by the outlandish position that the State of New York, Department of Public Health

---

[2] The parties are negotiating about which fields should be included in New York City's production of claims data and defendants are hopeful that these negotiations will lead to the production of all of the relevant data. Nevertheless, the claims data will not be produced for at least three weeks. If that production is made as promised, then defendants will withdraw this motion as to New York City. In light of plaintiffs' string of broken promises, however, and in light of the urgent need for the information sought, defendants felt compelled to bring this motion even as to the New York City claims data despite these recent assurances. *See id.* Ex. C [2/27/08 E-mail from Bueker to Cicala]; Ex. G [2/27/08 Letter from K. Bale to H. Hoang].

has taken in response to other of defendants' outstanding discovery requests.  *See* Defendants'
Motion to Compel Commissioner of New York State Department of Health and Three Key
Witnesses to Comply with Subpoenas and Supporting Memorandum, Feb. 19, 2008 [Docket No.
5052].

## ARGUMENT

The parties to a civil action are entitled to seek discovery into "any matter . . . that is
relevant to the claim or defense of any party."  Fed. R. Civ. Pr. 26(b)(1); *Klonoski v. Mahlab*,
156 F.3d 255, 267 (1st Cir. 1998).  A court has broad discretion to fashion appropriate remedies
when a party fails to fulfill its discovery obligations.  *United States v. Kloepper*, 725 F. Supp.
638, 640 (D. Mass. 1989) ("It has long been held that the Federal Courts possess the inherent
power to order discovery and inspection."); *see also United States v. Kouri-Perez*, 187 F.3d 1, 7
(1st Cir. 1999).

It is beyond dispute that the claims data sought in Request No. 1 is relevant to the claims
and defenses asserted by the parties.  Absent a showing of the basis on which a particular
Medicaid reimbursement claim was paid, there is no way for the counties to establish liability, let
alone the amount by which each county allegedly overpaid.  As noted above, New York
Medicaid reimbursed claims on the lesser of one of four bases.  *See* N.Y. Soc. Serv. L. § 367-
a(9)(b)-(e).  Only one of these bases is tied directly to AWP.  The others, defendants contend, are
entirely unrelated to any allegedly fraudulent, published price.  For example, a claim reimbursed
on the basis of the usual and customary charge submitted by the pharmacist, in defendants' view,
bears no relationship whatsoever to any published price.  Regardless, the claims data sought is
relevant *either* as necessary support for plaintiffs' claims or as a critical part of defendants'
defense.  Without it, it is not possible to determine the basis on which New York Medicaid

reimbursed each of the claims allegedly at issue in this case.

The issue that defendants raised with regard to PADs in their motion to dismiss further illustrates this point. According to New York law, for "drugs provided by medical practitioners and claimed separately by the practitioners," reimbursement shall be based upon "the actual cost to practitioners." N.Y. Soc. Ser. L. § 367-a(9)(a). Thus, as this Court recognized in that context, PADs cannot possibly give rise to liability unless they are dispensed by a pharmacy and reimbursed on the basis of an AWP logic. *See* April 2, 2007 Opinion [Docket No. 3979]. Claims data is necessary to establish this fact.

Similarly, CMS sets federal upper limits ("FULs") for particular generic drugs. It is not clear from the federal or state regulations, or from CMS' published list of FULs, however, whether a particular manufacturer's version of a generic drug is to be reimbursed on the basis of a FUL if it has not been rated "therapeutically equivalent" by the FDA. Without the Medicaid claims data, it will be impossible to tell which drugs New York Medicaid actually reimbursed on the basis of a FUL.

Indeed, plaintiffs do not now object to producing the claims data sought. They say only that they "are working to obtain it from the state." In light of the position recently adopted by the New York Department of Health in response to other of defendants' outstanding discovery requests, however, defendants' demonstrated and pressing need for this information to be able construct their defense as it relates in particular to alleged "FUL fraud," and plaintiffs' inability to provide even a date certain by which the information will be produced, the Court's intervention is clearly warranted here.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court compel plaintiffs to produce

the requested claims data within two weeks of the date on which this motion is decided and, if

they fail to do so, to dismiss plaintiffs' claims with prejudice for failure to prosecute them

diligently.

Respectfully submitted,

Schering-Plough Corporation, Schering
Corporation, and Warrick Pharmaceuticals
Corporation on behalf of all other Defendants
identified in the Revised First Amended
Complaint

 /s/ John P. Bueker
John T. Montgomery (BBO#352220)
John P. Bueker (BBO#636435)
Bryan R. Diederich (BBO#647632)
Kim B. Nemirow (BBO#663258)

ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: February 27, 2008

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37(a)

Pursuant to Local Rule 37(a), John P. Bueker, Esq., counsel for Schering-Plough Corporation,
Schering Corporation and Warrick Pharmaceuticals Corporation, discussed the issues presented
in this motion with Joanne Cicala, Esq., counsel for plaintiffs on February 25, 2008.  The
conversation took place by telephone and lasted several minutes.  The parties were unable to
reach agreement.

/s/ John P. Bueker
John P. Bueker

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2008, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Kim B. Nemirow__
Kim B. Nemirow