# EXHIBIT D



Oct 30 2007
4:27PM

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00425)<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06231)<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00456)<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06242)<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00423)<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06204)<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06744)<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00354)<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No: 05-CV-00867)<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00881)<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br><br>*County of Essex County v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00878) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br><br><br><br><br><br>**DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS TO NEW YORK COUNTIES** |

*County of Fulton v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00519)

*County of Genesee v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06206)

*County of Greene v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00474)

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00415)

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00715)

*County of Lewis v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00839)

*County of Madison v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00714)

*County of Monroe v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06148)

*County of Nassau v. Abbott Laboratories, Inc., et al.*
(E.D.N.Y. No. 04-CV-5126)

*County of Niagara v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06296)

*County of Oneida v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00489)

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00088)

*County of Ontario v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06373)

*County of Orange v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 07-CV-2777)

*County of Orleans v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06371)

*County of Putnam v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 05-CV-04740)

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00422)

| | |
|---|---|
| *County of Rockland v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 03-CV-7055)<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00478)<br><br>*County of Schuyler v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06387)<br><br>*County of Seneca v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06370)<br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00479)<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06223)<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.* (E.D.N.Y. No. CV-03-229)<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00397)<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 06-CV-0123)<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00468)<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00408)<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06138)<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 03-CV-6178)<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 03-CV-6379)<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06172) | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants request that each of the New York Counties ("Plaintiffs") in the above-referenced actions respond to the Requests for Production ("Requests") within thirty (30) days from the date of service. In an effort to limit the burden on Plaintiffs and advance the efficient resolution of this litigation, Defendants have coordinated in propounding these Requests. By submitting joint Requests, Defendants do not intend to waive or limit each Defendant's right to propound additional discovery, whether joint or individual.

## DEFINITIONS

The following terms used in these Requests, whether or not capitalized, are defined as follows:

1. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests the greatest possible responsive information, and the terms "each," "any," and "all" shall mean "each and every."

2. "AWP" or "Average Wholesale Price" and "WAC" or "Wholesale Acquisition Cost" means any figure so categorized and periodically published by one or more pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank" or "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span").

3. "Beneficiary" or "recipient" means a person for whom you provide health insurance coverage under the Medicaid program.

4. "Communication" means any form of written or oral communication, including, without limitation, letters, memoranda, electronic mail, voicemail, telegrams,

invoices, telephone conversations, face-to-face meetings and other similar forms of communication or correspondence.

5. "Concern" and "concerning" mean directly or indirectly referring to, relating to, regarding, constituting, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentoring, studying, analyzing, evidencing, discussing, or evaluating.

6. "Defendants" means the Defendants identified in your Revised First Amended Consolidated Complaint dated October 5, 2007 that have not been dismissed from the consolidated action, excluding the Orange-Only Defendants.

7. "Department of Health" means the New York State Department of Health and all of its predecessors, agents, employees, commissioners, and anyone else acting on its behalf.

8. "Document" shall be used in a comprehensive sense as contemplated by the Federal Rules of Civil Procedure and shall mean any kind of tangible material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including, but not limited to, papers, agreements, contracts, notes, memoranda, electronic or computer-transmitted messages viewed via monitor, correspondence, letters, e-mails, facsimile transmissions, statements, invoices, record books, reports, studies, analyses, minutes, working papers, charts, graphs, drawings, calendars, appointment books, diaries, indices, tapes, summaries and/or notes regarding telephone conversations, personal conversations, interviews, and meetings, and any and all other written, printed, recorded, taped, typed, duplicated, reproduced or other tangible

matter in your possession, custody or control, including, all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes, or other notations not present on the original document as original typed, written, or otherwise prepared.

9. "Exhibit B" shall mean the Revised Exhibit B to the First Amended Consolidated Complaint filed on September 28, 2007.

10. "Federal agency" or "federal agencies" means the Centers for Medicare & Medicaid Services, the Health Care Financing Administration and all its predecessors, including the Social Rehabilitative Service and the Department of Health, Education & Welfare, the United States Department of Health and Human Services, the Office of the Inspector General, or the United States Department of Justice and all their agents, employees, commissioners, and anyone else acting on their behalf.

11. "FUL" or "Federal Upper Limit" means the price established by agencies of the federal government pursuant to 42 C.F.R. §447.332.

12. "MAC" or "Maximum Allowable Cost" means a ceiling price used for Medicaid reimbursement of an individual prescription drug and that is not a published AWP or WAC or a FUL.

13. "Medicaid" means the jointly funded federal-state health insurance program enacted in 1965 under Title XIX of the Social Security Act to pay for the costs of certain healthcare expenses of eligible beneficiaries in New York State.

14. "Medicaid rebate" means any rebate paid pursuant to 42 U.S.C. § 1396r-8 or an agreement hereunder.

15. "NAMFCU" means the National Association of Medicaid Fraud Control Units.

16. "Person" means any natural person or any business, corporation, partnership, proprietorship, association, organization, governmental entity, group of Persons, or other entity of whatever nature.

17. "Plaintiffs," "you," "your," or "New York Counties," refer to the New York City and New York Counties identified in the above caption, including but not limited to its citizens, any city or county administrative bodies, legislative agencies, all successors and predecessors, and officials, agents, employees, commissions, boards, divisions, departments, agencies, instrumentalities, administrators and other persons or entities acting on their behalf and/or involved in administering, overseeing, or monitoring any State program, including Medicaid, that provides reimbursement for pharmaceutical products.

18. "Publisher" or "pricing compendia" means any pharmaceutical data publishing service, including but not limited to Red Book, First Data Bank, Blue Book, and Medi-Span.

19. "Reimbursement rate" and "reimbursement methodology" mean the formula used to calculate the amount of payment designated by the New York State Legislature to reimburse pharmacies for dispensing pharmaceutical drug products to a beneficiary.

20. "Relating to" means in any way concerning or referring to, consisting of, involving, regarding or connected with the subject matter of the Request.

21. "Revised FACC" means the Revised First Amended Consolidated Complaint filed by Plaintiffs on October 5, 2007.

22. "Subject Drugs" means all drugs that are subject to discovery pursuant to Paragraphs 5 and 7 of Case Management Order No. 33 dated September 14, 2007.

23. "Wholesaler(s)" shall mean any company that distributes pharmaceutical products including but not limited to AmerisourceBergen Corporation, Cardinal Health, and McKesson Corporation.

24. "Utilization Data" means the information that each state agency is required to report to drug manufacturers pursuant to 42 U.S.C. § 1396r-8(b)(2)(A).

25. The singular is meant to include the plural, and vice versa.

### GENERAL INSTRUCTIONS

1. Each request for production of documents extends to all documents in your possession, custody, or control or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in party; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

2. If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of

the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

   3. Provide the following information for each document withheld on the grounds of privilege:

    (i) its date;

    (ii) its title;

    (iii) its author;

    (iv) its addressee;

    (v) the specific privilege under which it is withheld;

    (vi) its general subject matter; and

    (vii) a description of it that you contend is adequate to support your contention that it is privileged.

   4. Pursuant to the Federal Rules of Civil Procedure, these requests are continuing in nature so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the end of trial.

   5. If it is necessary to produce documents from a prior time to the date specified in a Request to fully respond to a Request, please do so.

   6. To the extent that you consider any of the following request for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

   7. Each Plaintiff should use a unique prefix for its documents sufficient to identify which particular Plaintiff has produced a document.

## REQUESTS FOR DOCUMENTS

1. All Medicaid claims data from 1997-2005 related to the subject drugs reflecting claims for which you contend you overpaid as a result of defendants' conduct, including but not limited to:

    (a) drug pricing files; and

    (b) data keys and data dictionaries that explain the data fields produced in response to this request.

2. All data and documents you received directly or indirectly from wholesalers and other third-parties (including but not limited to, McKesson ServAll) relating to this litigation, whether through formal or informal discovery, sharing with parties or counsel in other states, or regulatory or administrative procedures or the prospect or compromise of such discovery, sharing or regulatory or administrative procedures.

3. All data sets and information you used to create Exhibit B.

4. All software programs used to create Exhibit B.

5. All workpapers and interim data sets relating to Exhibit B.

6. All documents concerning communications between you and any wholesaler concerning data and information used in Exhibit B.

7. All documents from 1994-2005 concerning any executive, judicial, legislative or administrative efforts to alter Medicaid reimbursement of pharmaceutical products and/or dispensing fees or beneficiary co-payments associated with such products.

8. All documents from 1994 to the present reflecting communications between you and the Department of Health or any other New York State authority or agent responsible for administering Medicaid concerning:

7

(a) reimbursement rates for pharmaceutical drugs under Medicaid;

(b) changes, or proposed changes, in the rate of reimbursement for pharmaceutical drugs under Medicaid;

(c) the use or possible use of MACs in Medicaid reimbursement

(d) actual acquisition costs for pharmaceutical drugs;

(e) your share of the Medicaid drug expenditures under N.Y. Social Services Law § 368-a and payment of your share;

(f) your Medicaid drug utilization, "per-unit" rebate data or credits allocated to you based upon drug manufacturers' payments of Medicaid rebates to New York State; and

(g) the treatment of this litigation as a "demonstration project" under New York state law.

9. All documents from 1994 to the present reflecting communications between you and any other New York county or the City of New York, or any organization or association of New York counties or cities, concerning the subjects in 8(a)-(g) above.

10. All documents from 1994-2005 concerning communications between you and any pharmacies or pharmacists including any organization or association acting on behalf of pharmacists or pharmacies, such as the National Association of Chain Drug Stores, the Pharmacists Society of the State of New York (PSSNY), the Hudson Valley Pharmacists Society, Pharmacists Society of Orange County (PSOC), Pharmacists Association of Western New York (PAWNY), Westchester and Rockland Society of Pharmacists (WRSP), Pharmacy Society of Rochester, Capital Area Pharmacists Society- New York, Long Island Pharmacists Society, Mohawk Valley Pharmacists Society, Northern New York Pharmacists Society, New

8

York City Pharmacists Society (NYCPS) and the New York City State Council of Health-System Pharmacists concerning:

  (a) reimbursement rates for pharmaceutical drugs under Medicaid;

  (b) changes, or proposed changes, in the rate of reimbursement for pharmaceutical drugs under Medicaid;

  (c) the use or possible use of MACs in Medicaid reimbursement;

  (d) actual acquisition costs for pharmaceutical drugs;

  (e) dispensing fees; and

  (f) dispensing costs.

11. All documents relating to your knowledge that the actual acquisition cost for prescription drugs was lower than the subject drugs' published AWPs, WACs or FULs.

12. All documents from 1997-2005 constituting or concerning any requests, surveys, or other efforts conducted by you, or on your behalf, to determine the acquisition costs of the subject drugs and/or the dispensing costs to pharmacies.

13. All documents from 1997-2005 concerning the purchase of or reimbursement for subject drugs by any entities owned or operated by you, including but not limited, to hospitals, clinics, long-term health care facilities, nursing homes, home health agencies, prisons and correctional facilities.

14. All documents from 1997-2005 concerning communications between you and Computer Sciences Corporation (CSC) relating to Medicaid reimbursement to pharmacies.

15. All documents from 1997-2005 concerning any communication or negotiation by you, or on your behalf, with any Defendant concerning reimbursement, discounts, or pricing of pharmaceutical products.

9

16. All documents from 1997-2005 concerning or constituting communications between you and any publisher, including but not limited to memoranda, contracts or agreements, concerning the pricing or reimbursement of pharmaceutical products.

17. All documents from 1997-2005 relating to communications between you and any federal agency concerning:

    (a)    the pricing of prescription drugs;

    (b)    proposed alternative reimbursement methodologies, including but not limited to MACs;

    (c)    reimbursement methodologies considered or used by other states or state agencies; and

    (d)    the processing of prescription drug reimbursement claims submitted by pharmacies.

18. All documents from January 1980 to the present, concerning the pricing of subject drugs prepared by any federal agency, including but not limited to, reports, memoranda, or analyses prepared by the United States Department of Justice or Department of Health and Human Services-Office of Inspector General.

19. All documents concerning the revised AWP prices provided by the United States Department of Justice and NAMFCU in 2000.

20. All documents from 1997-2005 reflecting the actual or estimated losses, damages, or alleged overpayments made by you as a result of Defendants' alleged conduct.

21. All documents from 1997-2005 concerning any action, administrative or otherwise, considered or taken by you, or on your behalf, to recover the alleged overpayments from pharmacies who received alleged overpaid amounts for drug reimbursement.

Dated:   October 30, 2007

>ON BEHALF OF ALL DEFENDANTS
>SERVED IN ACCORDANCE WITH FRCP 4
>OR WHO HAVE WAIVED SERVICE
>EXCLUDING ORANGE-ONLY
>DEFENDANTS
>
>By:   /s/ Jennifer M. Ryan (BBO No. 661498)
>       Thomas E. Dwyer (BBO No. 139660)
>       Jennifer M. Ryan (BBO No. 661498)
>       **DWYER & COLLORA, LLP**
>       600 Atlantic Avenue
>       Boston, MA  02210
>       Tel: (617) 371-1000
>       Fax: (617) 371-1037
>       tdwyer@dwyercollora.com
>       jryan@dwyercollora.com
>
>       Steven M. Edwards (SE 2773)
>       Lyndon M. Tretter (LT 4031)
>       Admitted *pro hac vice*
>       **HOGAN & HARTSON LLP**
>       875 Third Avenue
>       New York, NY  10022
>       Tel: (212) 918- 3640
>
>       *Attorneys for Defendant Bristol-Myers Squibb Company and Oncology Therapeutics Network Corp.*

**CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE**

       I, Hoa T.T. Hoang, hereby certify that, on October 30, 2007, I caused a copy of **Defendants' First Set of Document Requests to New York Counties** to be served on all counsel of record by electronic service pursuant to Paragraph 11 of CMO No. 2 by sending a copy to Lexis-Nexis File & Serve for posting and notification to all parties.

                                                                   /s/ Hoa T.T. Hoang
                                                                    Hoa T.T. Hoang