# EXHIBIT E



LEXISNEXIS' FILE & SERVE
17766056
E-SERVICE
Dec 21 2007
2:49PM

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *The City of New York, et. al.* | ) ) |
| *v.* | ) ) |
| *Abbott Laboratories, Inc., et al.* | ) ) ) |

MDL NO. 1456
Civil Action No. 01-12257-PBS

Judge Patti B. Saris

**ALBANY COUNTY'S OBJECTIONS AND RESPONSES TO**
**DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS TO NEW YORK COUNTIES**

Pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts and the relevant case management orders, Plaintiff, Albany County responds as follows to Defendants' First Set of Document Requests to the New York Counties.

**GENERAL OBJECTIONS**

1.      Plaintiff objects to the "definitions" and "instructions" to the extent they are vague, confusing and ambiguous.

2.      Plaintiff objects to the "definitions" and "instructions" to the extent they seek to create obligations broader than what is required by the Federal Rules of Civil Procedure, the Local Rules of the Transferor Court(s) and/or the local rules of this Court.

3.      Plaintiff objects to the document requests to the extent they seek information subject to the attorney-client privilege, the work product doctrine, or any other applicable evidentiary or other privilege, immunity or restriction. Plaintiff's production of any document or response is without waiver of any privilege, claim of confidentiality or other objection.

4.      Plaintiff objects to the document requests to the extent they seek documents and information that defendants already have obtained or could obtain from third-parties on the grounds that production would be unduly burdensome, duplicative and expensive.

5.      Plaintiff reserves all objections or other positions it may have to the competency, relevance, materiality, privilege or admissibility of any documents produced in response to the requests for any purpose whatsoever.

6.      Plaintiff objects to each document request individually, and taken as a whole, to the extent that they are overly broad and unduly burdensome, and are designed to harass Plaintiff and/or to deter the assertion of claims by Plaintiff.

7.      Plaintiff objects to each document request to the extent that it seeks facts known to Plaintiff's counsel rather than Plaintiff.  Such facts obtained by counsel through their investigation constitute privileged attorney work-product.

8.      Plaintiff objects to each document request to the extent that it calls for production of information readily available to defendants from public or other sources that are more convenient, less burdensome or less expensive than recourse to Plaintiff.

9.      In providing responses to each document request, Plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

(a)      All objections as to the competency, relevancy, materiality and admissibility of each document request, the responses and their subject matter;

(b)      All objections as to the vagueness, ambiguity or other infirmity in each document request and any objections based on the undue burden imposed by the document request;

(c)     All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

(d)     All rights to object on any ground to any further document request or other discovery requests involving or related to the subject matter of the document request;

(e)     The right to supplement responses to the document requests prior to trial;

(f)     Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts, the Local Rules of the Transferor Court(s) and other statutes or the common law;

(g)     Plaintiff's responses are based upon, and therefore limited by, Plaintiff's present recollections.  Consequently, Plaintiff reserves the right to make any changes in these responses if it appears that at any time, inadvertent errors or omissions have been made or additional information becomes available.

10.     All of Plaintiff's general objections are incorporated into each of the specific responses set forth below.

## RESPONSES TO REQUESTS FOR DOCUMENTS

**1.     All Medicaid claims data from 1997-2005 related to the subject drugs reflecting claims for which you contend you overpaid as a result of defendants' conduct, including but not limited to:**

    **a. Drug pricing files; and**
    **b. Data keys and data dictionaries that explain the data fields produced in response to this request.**

Plaintiff incorporates its general objections herein.  Plaintiff further objects on the grounds that the Request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to the use of the undefined terms "drug pricing files" and "data keys."  Plaintiff objects to the extent the Request seeks information beyond the custody and control of Albany County.  Plaintiff further objects to the extent the

Request seeks information protected under HIPAA, Pub. H. 1. art 27-F and federal regulations barring the disclosure of health care related information.  Subject to and without waiver of the foregoing, Albany County does not have "all Medicaid claims data from 1997 to 2005 related to the subject drugs."  Medicaid claims data is maintained at the state level.  Plaintiff agrees to produce all data obtained by its counsel for the purposes of the complaint filed in the instant action from the New York State Department of Health regarding its Medicaid prescription drug expenditures.

**2.     All data and documents you received directly or indirectly from wholesalers and other third-parties (including but not limited to, McKesson ServAll) relating to this litigation, whether through formal or informal discovery, sharing with parties or counsel in other states, or regulatory or administrative procedures or the prospect or compromise of such discovery, sharing or regulatory or administrative procedures.**

Plaintiff incorporates its general objections herein.  Plaintiff further objects on the grounds that the Request is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, or any other applicable privilege, immunity, or protection against disclosure.  Plaintiff further objects on the grounds that the Request seeks production of documents that defendants already have in their possession, or could have, and to that extent the Request is unnecessary, duplicative and propounded primarily if not entirely to harass Plaintiff.  Subject to and without waiver of the foregoing, Plaintiff is producing contemporaneously herewith all data it has received from third party wholesalers, McKesson ServAll and First Data Bank.

**3.     All data sets and information you used to create Exhibit B.**

Plaintiff incorporates its general objections herein.  Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney work-

product doctrine, or any other applicable privilege, immunity, or protection against disclosure. Subject to and without waiver of the foregoing, Plaintiff is producing contemporaneously herewith all data it has received from third party wholesalers, McKesson ServAll and First Data Bank. Plaintiff also agrees to produce all data obtained by its counsel for the purposes of the complaint filed in the instant action from the New York State Department of Health regarding its Medicaid prescription drug expenditures.

    **4.**    **All software programs used to create Exhibit B.**

Plaintiff incorporates its general objections herein. Plaintiff further objects on the grounds that the Request is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, or any other applicable privilege, immunity, or protection against disclosure. Subject to and without waiver of the foregoing, Plaintiff agrees to produce the computerized coding instructions, queries, datasets and dataset locations used to generate Exhibit B.

    **5.**    **All workpapers and interim data sets relating to Exhibit B.**

Plaintiff incorporates its general objections herein. Plaintiff further objects on the grounds that the Request is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, or any other applicable privilege, immunity, or protection against disclosure.

    **6. All documents concerning communications between you and any wholesaler concerning data and information used in Exhibit B.**

Plaintiff incorporates its general objections herein. Plaintiff further objects on the grounds that the Request is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this

5

Request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, or any other applicable privilege, immunity, or protection against disclosure.

7.    **All documents from 1994-2005 concerning any executive, judicial, legislative or administrative efforts to alter Medicaid reimbursement of pharmaceutical products and/or dispensing fees or beneficiary co-payments associated with such products.**

The Parties have agreed that Plaintiff's response will be provided on or before January 11, 2008.

8.    **All documents from 1994 to the present reflecting communications between you and the Department of Health or any other New York State authority or agent responsible for administering Medicaid concerning:**

    a) **reimbursement rates for pharmaceutical drugs under Medicaid;**

    b) **changes, or proposed changes, in the rate of reimbursement for pharmaceutical drugs under Medicaid;**

    c) **the use or possible use of MACs in Medicaid reimbursement;**

    d) **actual acquisition costs for pharmaceutical drugs;**

    e) **your share of the Medicaid drug expenditures under N.Y. Social Services Law § 368-a and payment of your share;**

    f) **your Medicaid drug utilization, "per-unit" rebate data or credits allocated to you based upon drug manufacturers' payments of Medicaid rebates to New York State; and**

    g) **the treatment of this litigation as a "demonstration project" under New York state law.**

The Parties have agreed that Plaintiff's response will be provided before or on January 11, 2008.

9.    **All documents from 1994 to the present reflecting communications between you and any other New York county of the City of New York, or any organization or association of New York counties or cities, concerning the subjects in 8 (a)-(g) above.**

The Parties have agreed that Plaintiff's response will be provided before or on January 11, 2008.

10.    **All documents from 1994-2005 concerning communications between you and any pharmacies or pharmacists including any organization or association acting on behalf of pharmacists or pharmacies, such as the National Association of Chain Drug Stores, the Pharmacists Society of the State of New York (PSSNY), the Hudson Valley Pharmacists Society, Pharmacists Society of Orange County (PSOC), Pharmacists Association of**

Western New York (PAWNY), Westchester and Rockland Society of Pharmacists (WRSP), Pharmacy Society of Rochester, Capital Area Pharmacists Society- New York, Long Island Pharmacists Society, Mohawk Valley Pharmacists Society, Northern New York Pharmacists Society, New York City Pharmacists (NYCPS) and the New York City State Council of Health-System Pharmacists concerning:

    a)  reimbursement rates for pharmaceutical drugs under Medicaid;

    b)  changes, or proposed changes, in the rate of reimbursement for pharmaceutical drugs under Medicaid;

    c)  the use or possible use of MACs in Medicaid reimbursement;

    d)  actual acquisition costs for pharmaceutical drugs;

    e)  dispensing fees; and

    f)  dispensing costs.

The Parties have agreed that Plaintiff's response will be provided before or on January 11, 2008.

**11.** All documents relating to your knowledge that the actual acquisition cost for prescription drugs was lower than the subject drugs' published AWPs, WACs or FULs.

The Parties have agreed that Plaintiff's response will be provided before or on January 11, 2008.

**12.** All documents from 1997-2005 constituting or concerning any requests, surveys, or other efforts conducted by you, or on your behalf, to determine the acquisition costs of the subject drugs and/or the dispensing costs to pharmacies.

The Parties have agreed that Plaintiff's response will be provided before or on January 11, 2008.

**13.** All documents from 1997-2005 concerning the purchase of or reimbursement for subject drugs by any entities owned or operated by you, including but not limited, to hospitals, clinics, long-term health care facilities, nursing homes, home health agencies, prisons and correctional facilities.

The Parties have agreed that Plaintiff's response will be provided before or on January 11, 2008.

**14.** All documents from 1997-2005 concerning communications between you and Computer Sciences Corporation (CSC) relating to Medicaid reimbursement to pharmacies.

The Parties have agreed that Plaintiff's response will be provided before or on January 11, 2008.

7

15.     All documents from 1997-2005 concerning any communication or negotiation by you, or on your behalf, with any Defendant concerning reimbursement, discounts, or pricing of pharmaceutical products.

The Parties have agreed that Plaintiff's response will be provided before or on January 11, 2008.

16.     All documents from 1997-2005 concerning or constituting communications between you and any publisher, including but not limited to memoranda, contracts or agreements, concerning the pricing or reimbursement of pharmaceutical products.

The Parties have agreed that Plaintiff's response will be provided before or on January 11, 2008.

17.     All documents from 1997-2005 relating to communications between you and any federal agency concerning:

    a) the pricing of prescription drugs;

    b) proposed alternative reimbursement methodologies, including but not limited to MACs;

    c) reimbursement methodologies considered or used by other states or state agencies; and

    d) the processing of prescription drug reimbursement claims submitted by pharmacies.

The Parties have agreed that Plaintiff's response will be provided before or on January 11, 2008.

18.     All documents from January 1980 to the present, concerning the pricing of subject drugs prepared by any federal agency, including but not limited to, reports, memoranda, or analyses prepared by the United States Department of Justice of Department of Health and Human Services-Office of Inspector General.

The Parties have agreed that Plaintiff's response will be provided before or on January 11, 2008.

19.     All documents concerning the revised AWP prices provided by the United States Department of Justice and NAMFCU in 2000.

The Parties have agreed that Plaintiff's response will be provided before or on January 11, 2008.

20.     All documents from 1997-2005 reflecting the actual or estimated losses, damages, or alleged overpayments made by you as a result of Defendants' alleged conduct.

Plaintiff incorporates its general objections herein.  Plaintiff further objects on the grounds that the Request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request to the extent it is entirely premature and seeks information protected from disclosure by the attorney work-product doctrine, or any other applicable privilege, immunity, or protection against disclosure.

**21.    All documents from 1997-2005 concerning any action, administrative or otherwise, considered or taken by you, or on your behalf, to recover the alleged overpayments from pharmacies who received alleged overpaid amounts for drug reimbursement.**

Plaintiff incorporates its general objections herein.  Plaintiff further objects on the grounds that the Request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: December 21, 2007

Respectfully submitted,

**City of New York and New York Counties in
MDL 1456 except Nassau and Orange by**

**KIRBY McINERNEY, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
By:    Joanne M. Cicala (JC 5032)
      James P. Carroll Jr. (JPC 8348)
      Aaron D. Hovan (AH 3290)

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 21st day of December, 2007 she caused a true and correct copy of the Albany County's Objections and Responses to Defendants' First Set of Document Requests to New York Counties to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456. The objections and responses were posted to Lexis Nexis File and Serve's Electronic Service System.

/s/ Joanne M. Cicala
Joanne M. Cicala, Esq.
Kirby McInerney LLP
830 Third Avenue, 10th Floor
New York, NY 10022
(212) 371-6600