# EXHIBIT F

-1-04-07   15:15   From-FedEx Kinko,s #1071 561-367-9577   5613628199   T-891  P.001/003  F-492

## DECLARATION OF RICHARD A. GONZALEZ

I, Richard A. Gonzalez, make the following statements based upon my own personal knowledge:

1. My name is Richard A. Gonzalez. Until my retirement on September 28, 2007, I was the President and Chief Operating Officer of Abbott Laboratories and its subsidiary Abbott Laboratories Inc. (together, "Abbott"). I held these positions from March 2006 until my retirement. As President and COO, I was the second highest ranking corporate officer at Abbott. In addition, I served as a member of Abbott's Board of Directors.

2. I began my employment with Abbott in 1977. Much of my career was spent in the Diagnostics Division of Abbott, which specializes in *in vitro* diagnostics and other instrument systems, rather than pharmaceutical drug products. From March 1998 to July 2000, I was a Senior Vice President and President of Abbott's former Hospital Products Division ("HPD"). From August 2000 to March 2006, I was the Executive Vice President and Chief Operating Officer, Medical Products.

3. I understand that the Plaintiffs in this lawsuit claim that they require my deposition in order to discover information about a number of topics, including: the pricing of HPD products; my supposed participation in one or more meetings with executives from Coram, a customer of Abbott's former Alternate Site unit within HPD, regarding contract negotiations; my knowledge of a publication in or about 2000 addressing a list of "true AWP's" from the U.S. Department of Justice; my supposed involvement in Abbott's decision to discontinue the Home Infusion Services business; and my supposed involvement in Abbott's decision to merge together the contract marketing departments of the Hospital and Alternate Site business units within HPD.

4. During the time period of 1998 to 2000, when I was President of HPD, the division had thousands of employees that I was ultimately responsible for and that I relied upon to run the day-to-day operations of the division. HPD at that time had two business units – the Hospital Business Sector and Alternate Site.

5. I do not have unique or superior personal knowledge relating to the pricing of HPD products. During the two years I served as the President of HPD, I was not directly involved in determining the pricing of products. Others within the division had that responsibility, and would advise me as necessary about pricing matters. Persons who served in the Hospital Business Sector during that time frame would have greater knowledge than me regarding the setting of list prices for HPD products, and persons who served within the HPD contract marketing groups would have greater knowledge than me regarding contract pricing. I became the Executive Vice President of the Medical Products Division at Abbott in August 2000. As such, I was responsible for all of Abbott's Medical Product business, including diagnostics, nutrition, spinal products, diabetes, and hospital products. I have no unique or superior personal knowledge of pricing or any other operational issue during this period.

6. I do not recall meeting with any executives from Coram, nor of ever being involved in negotiating contract terms with Coram or any other Alternate Site customer.

7. I do not recall any publication in or about 2000 discussing a listing of "true AWP's" issued by the Department of Justice.

8. I have no unique or superior personal knowledge regarding reimbursement for Abbott products by third parties such as Medicare or Medicaid.

9. I have no unique or superior personal knowledge relating to Abbott's decision to discontinue the Home Infusion Services business.

- 2 -

Oct-04-07   15:15   From-FedEx Kinko.s #1071 561-367-9577        5613528199      T-891   P.003/003   F-492

10. I have no unique or superior personal knowledge relating to Abbott's decision to merge together the contract marketing operations of the Hospital Business Sector and Alternate Site.

11. It would impose a substantial burden upon me if I were forced to give a deposition in this matter, particularly given the fact that I have no unique or superior personal knowledge of any matters relating to this litigation.

12. I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 4TH, 2007.

_____
Richard A. Gonzalez