# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456 <br> ) Master File No. 01-12257-PBS <br> ) <br> ) <br> ) Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: <br><br> *City of New York, et al. v.* <br> *Abbott Laboratories, et al.* <br> Civil Action No. 04-cv-06054 et al. | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DATA FOR THE DESIGNATED FUL DRUGS

Sixteen defendants are involved in the targeted discovery on Designated FUL Drugs now taking place pursuant to paragraph 5 of CMO #33. Fifteen have agreed to produce the sales and transactional data requested by plaintiffs[1]. One refuses: AstraZeneca.

AstraZeneca's opposition brief, filed February 15, 2008, offers three (3) "justifications" for its unique position. Each fails.

First, AstraZeneca argues that plaintiffs are not entitled to discovery because plaintiffs have not specifically pleaded FUL-fraud against AstraZeneca for the albuterol product (Arm-A-Med) that is included in the parties' designations of the Designated FUL Drugs. AstraZeneca Memorandum in Opposition to Plaintiffs' Motion to Compel ("AZ Opp.") at 5. The argument misses the mark. Plaintiffs' First Amended Consolidated

---

[1] Plaintiffs have withdrawn their motion to compel production of data for the Designated FUL Drugs against all defendants except AstraZeneca. *See* Plaintiffs' Notice (i) of Withdrawal of Plaintiffs' Motion to Compel Production of Data for the Designated FUL Drugs as to Certain Defendants; and (ii) That Plaintiffs No Longer Recognize BMS Counsel as Liaison for Discovery Purposes, filed February 15, 2008.

Complaint ("FACC"), filed June 8, 2006, clearly alleges pricing fraud against AstraZeneca in respect of all its subject drugs, including the albuterol product at issue here. *See* FACC at ¶280, *e.g.*

Even more to the point, however, this Court has specifically ordered that discovery is to proceed on all of the Designated FUL Drugs, without limitation. CMO #33 at ¶5; Plaintiffs' Memorandum in Support of Motion to Compel Production of Data for the Designated FUL Drugs ("Pl. Mem".) at 2, *et seq*. As explained more fully in plaintiffs' moving brief at 3, discovery must proceed on all Designated FUL Drugs without the sort of limitations AstraZeneca suggests given the nature of the FUL focused activities contemplated by CMO #33 and the manner in which FULs are set. 42 CFR §447.332. All other defendants involved in the FUL-focused discovery have acknowledged this reality and are producing the necessary data. AstraZeneca's refusal to do likewise is unsupportable.

Second, AstraZeneca argues - with no support whatsoever - that it should be relieved of its FUL discovery obligations because New York Medicaid's expenditures in AstraZeneca's version of the identified albuterol product were only $22,000. AZ Opp. at 6. Even if true (and plaintiffs do not concede that AstraZeneca has accurately stated the expenditures), this argument suggests that AstraZeneca does not understand the purpose of the FUL-focused discovery ordered by the Court, how FULS are set or the nature of plaintiffs' FUL claims. Utilization in any single drug or NDC is irrelevant to the question whether AstraZeneca's failures to report true prices to the publishing compendia resulted in a false and inflated FUL to be established. *See* FACC ¶14, e.g. The data may well show that had AstraZeneca reported accurate prices, a lower FUL would have resulted

and ALL of plaintiffs' FUL- based expenditures[2] in this particular Designated FUL Drug would have been less. Consistent with this, as stated above and in plaintiffs' moving papers, CMO#33 provides for discovery on all Designated FUL Drugs without any limitation based on expenditures in a single NDC. CMO #33 at ¶5; Pl. Mem. at 2-3. This prong of AstraZeneca's argument also must be rejected.

Finally, AstraZeneca argues that the AAC used by plaintiffs to calculate a spread of 160% for Arm-A-Med albuterol does not support plaintiffs' claims because it is based on a time span of only one day. AZ Opp. at 5. This argument carries no water for AstraZeneca either. The AAC appearing in FACC Exhibit B for Arm-A-Med albuterol .83mg/ml is entirely typical and representative of why the drug is properly in this case. Attached as Exhibit A is a chart that re-confirms the point. This chart sets forth an alternative AAC for Arm-A-Med albuterol .83mg/ml NDC 00186149104 based on a quarterly weighted average (as opposed to a single day). It also summarizes how many years of actionable spreads plaintiffs have identified for this Designated FUL Drug (at this point and based only wholesaler data).

Specifically, the chart presents:

- The original AAC and spread for Arm-A-Med albuterol .83mg/ml NDC 00186149104 as it appears in FACC Exhibit B;

- An additional AAC and spread for the Arm-A-Med albuterol .83mg/ml NDC 00186149104 calculated over an entire quarter;

---

[2] New York Medicaid spent over $86.6 million in defendants' versions of GCN 0509 (Albuterol .83mg/ml solution) between 1997-2005.

- A summary column revealing the number of years worth of actionable spreads plaintiffs have identified for Arm-A-Med albuterol .83mg/ml NDC 00186149104[3].

Exhibit A hereto reconfirms that the AAC used to calculate spread in FACC Exhibit B supports plaintiffs' claims for Arm-A-Med albuterol .83mg/ml NDC 00186149104.

## CONCLUSION

For the foregoing reasons, the Court should grant plaintiffs' motion to compel AstraZeneca to produce the requested data for the Designated FUL Drugs.

Dated: February 29, 2008

                                     Respectfully submitted,
**City of New York and all captioned Counties except Nassau and Orange, by**

**KIRBY McINERNEY, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
By:   Joanne M. Cicala (JC 5032)
        James P. Carroll Jr. (JPC 8348)
        Aaron D. Hovan (AH 3290)

---

[3] Plaintiffs already have provided defendants with copies of their wholesaler data and their methodology for calculating these spreads.

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 29th day of February 2008, I caused a true and correct copy of the REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DATA FOR THE DESIGNATED FUL DRUGS to be served on all counsel of record by electronic service via Verilaw's Electronic Service System pursuant to Case Management Order No. 2 entered by the honorable Patti B. Saris in MDL No. 1456.

                                                               _____/s/_____
                                                                James P. Carroll Jr.
                                                                Kirby McInerney LLP