UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*City of New York et al.*<br><br>   *v.*<br><br>*Abbott Laboratories, et al.* | )<br>)<br>)<br>)<br>)<br>)<br>)  MDL NO. 1456<br>)  CIVIL ACTION NO.<br>)  01-12257-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF GREGOR N. MACMILLAN
IN OPPOSITION TO MOTION TO COMPEL DISCOVERY AND
IN SUPPORT OF MOTION TO QUASH SUBPOENAS**

Gregor N. Macmillan, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

1.  I am an attorney licensed by the State of New York and am the Director of the Bureau of Health Insurance Programs at the New York State Department of Health (the "Department"). I am the attorney for non-party subpoenaed witnesses Mark Richard Butt, Mary Alice Brankman and Michael Falzano (current and former employees of the Department), and make this declaration in opposition to the motion of certain defendants herein to compel compliance with non-party subpoenas from these witnesses and from the Department, and in support of the joint motion to quash the subopenas issued to my clients and to the Department.

Specifically, I submit this declaration to provide information relevant to the burden of the subpoena issued to the Department on the Department.

2. The subpoena issued to the Department (the "Subpoena") demands that forty (40) separate categories of documents – for a period of fifteen years – be produced. Taken together, these demands essentially constitute a request for every document, in hard copy or electronic form, possessed by the Department with respect to Medicaid and Elderly Pharmaceutical Insurance Coverage Program ("EPIC") reimbursement for drugs going back to 1990 (and on the specific topic of "Federal Upper Limits," or FULs, back to 1986). The tasks of locating, identifying, gathering, reviewing and reproducing this huge amount of material would be extremely burdensome for the Department.

3. In response to the Subpoena, the Department has spent many hours attempting to ascertain the volume of documents, both electronic and hard copy, that may be responsive thereto. The Department has tentatively identified certain offices within the Department that are or may be in possession of records described in the subpoena (materials may be stored on site or in offsite warehouses; research will be required to locate off site materials). In all cases, documents would have to be located, gathered and reviewed by program and legal staff before production could occur; in all cases, such processes could take multiple staff persons (looking through paper and electronic material) *devoted solely* to such processes many weeks to complete. Needless to say, the Department does not have excess staff whose duties could be devoted solely to this project, so the actual time required by staff to locate, gather and review such materials for production would be even greater.

4. The offices (and staff currently and formerly assigned to such offices over the requested time period) within the Department that we have tentatively identified are as follows:

(a) Bureau of Pharmacy and Policy Operations, within the Office of Health Insurance Programs ("OHIP"); (b) Bureau of EPIC within OHIP; (c) Office of the Director of OHIP; (d) Bureau of Budget Management, within the Division of Administration; (e) Bureau of Health Insurance Programs, within the Division of Legal Affairs; and (f) Office of the Commissioner.

5. In addition to the documents and information maintained by the offices and associated current and former staff referenced above, the Department would have to identify any other current and former Department employees whose past duties involved Medicaid and EPIC reimbursement but who were not assigned to the offices named above. Once identified, the Department staff would have to attempt to ascertain the location of any files, daybooks, and e-mail accounts of those current or former employees that might still be in existence from the requested time periods, in order to search for documents and information responsive to the subpoena.

6. In addition, as part of the location, gathering and review of potentially relevant material, Department staff would have to identify those records that might contain trade secrets of Department vendors, attorney/client protected information, and other confidential material. A supplemental review of such material would be required before production.

7. In sum, the Subpoena places a significant strain on already significantly strained Department resources and staff. An order requiring the Department to produce the documents requested by the Subpoena would require the complete dedication of several staff – of which we have none to spare to such project – over many weeks.

8. For the reasons articulated herein, and for the reasons more fully described in the accompanying memorandum of law in opposition to the motion to compel and in support of the motion to quash, my clients and the Department respectfully request that the Department

Subpoena and the subpoenas issued to Messrs. Butt and Falzano and Ms. Brankman be quashed, and that defendants' motion to compel compliance with the subpoenas be denied in its entirety.

Dated: February 28, 2008
       Albany, New York

                                                                   *s/ Gregor N. Macmillan*
                                                                      Gregor N. Macmillan