# EXHIBIT 3

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-3734
christophercook@jonesday.com

March 10, 2008

<u>VIA EMAIL</u>

Justin Draycott, Esq.
Commercial Litigation Branch
Civil Division, Fraud Section
601 D Street, N.W.
Washington, D.C. 20004

Re:     *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Justin:

We are in receipt of the United States' Motion to Quash the Subpoenas of Ira Burney and Debbie Chang and In Support of a Protective Order. That motion is disappointing, in that any wholesale refusal to produce these witnesses clearly would be in bad faith. Accordingly, we request that the United States produce both witnesses next week so that we may inquire into non-privileged matters. For example, Mr. Burney and Ms. Chang had communications with third parties, including Congress, that obviously would not be subject to any claim of privilege. Indeed, the United States has previously agreed that these communications are not privileged.

Significantly, the United States has produced over three thousand pages from the Office of Legislation, and many of the documents reference Mr. Burney or Ms. Chang. You cannot dispute Abbott's right to question the witnesses regarding documents produced by the United States that the witness either authored or received. Asserting a privilege claim as to such testimony is not in any way appropriate.

Proceeding with the depositions also makes sense for purposes of creating a record. In the event that the United States does instruct either witness not to answer a question on the basis of privilege, the parties can litigate this issue once the deposition concludes. This record will allow the Court to rule on each assertion of privilege on a question by question basis, as suggested by the case law you cite in your motion.

In order to avoid any concern that this would disadvantage the government, Abbott will agree that this limited production of Mr. Burney and Ms. Chang does not constitute a waiver of any privileges asserted by the United States to questions propounded at the deposition. Please let

JONES DAY

M. Justin Draycott, Esq.
March 10, 2008
Page 2

me know today whether or not the United States will agree to produce these witnesses in this limited capacity and withdraw your motion for protective order without prejudice pending the conclusion of those depositions.

          Sincerely,

          /s

          R. Christopher Cook

cc:    Counsel for the United States
       Counsel for Ven-A-Care
       Counsel for Dey
       Counsel for Roxanne