# EXHIBIT 7

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number:  (202) 879-3734
christophercook@jonesday.com

March 11, 2008

<u>VIA EMAIL</u>

Justin Draycott, Esq.
U.S. Department of Justice
Civil Division, Fraud Section
Patrick Henry Building
601 D Street, N.W.
Ninth Floor
Washington, D.C. 20004

    Re:    *U.S. ex rel. Ven-A-Care of the Florida Keys Inc. v. Abbott Laboratories*,
           MDL No. 1456/Civil Action No. 01-12257-PBS

Dear Justin:

      In accordance with the applicable CMOs in the above-described case, we will file an opposition today to the government's motion for a protective order regarding the depositions of Ira Burney and Debbie Chang.  As you are aware, however, discovery closes on March 31.  Accordingly, we cannot wait for the Court to rule on the motion for protective order before going forward with non-privileged testimony from Mr. Burney and Ms. Chang, including testimony regarding communications with Congress and other third parties.  Accordingly, we intend to issue a notice for Ms. Chang and Mr. Burney directing them to appear for a deposition at Jones Day on March 26 and 27, respectively.  If you have alternative dates you wish to propose, we will consider them, although we cannot guarantee that we can accommodate any such request.  If no protective order is issued by the date of these depositions, we will expect the witnesses to appear for testimony.

      Inasmuch as these are employees of a party, we believe that no subpoena is necessary.  If you disagree, please advise us and we will arrange for service of subpoenas on the witnesses.

      I regret that it has come to this, but the government has steadfastly refused to offer dates for these witnesses (or for Rule 30(b)(6) witnesses) as required by court order.  The government also has refused our request to produce these witnesses for testimony that obviously falls outside any privileges.  In light of the possible consequence that would follow from not making every attempt to take these depositions within the discovery period prescribed by the Court, we have no choice but to notice and compel attendance at these depositions, even if the result is a refusal by the witness to appear or to answer questions.

JONES DAY

Justin Draycott, Esq.
March 11, 2008
Page 2


   I remain open to a more rational approach to this dilemma.  Please feel free to call me whenever it is convenient for you if you have a suggestion.

                Very truly yours,

                /s/ R. Christopher Cook

                R. Christopher Cook

cc:  Counsel for the United States
    Counsel for the Relator
    Counsel for Roxanne
    Counsel for Dey