# **EXHIBIT 8**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL NO. 1456 ) ) CIVIL ACTION: 01-CV-12257-PBS ) ) Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., No. 06-CV-11337-PBS | ) ) Magistrate Judge Marianne B. Bowler ) ) |

## CASE MANAGEMENT ORDER NO. 29

1. Except as otherwise ordered by the Court, this Order shall apply only to the parties in the case of *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS. To the extent that any other CMO is applicable to the parties in this action and is inconsistent with a provision(s) in this CMO, the parties agree that they are bound by this CMO.

## DISCOVERY LIMITATIONS

2. Fact discovery shall be subject to the following limits:

   a) *Interrogatories.* The United States and Relator may collectively serve as many as 75 interrogatories to Abbott. Abbott may serve as many as 75 interrogatories to the United States and Relator, collectively.

   b) *Requests for Production.* The United States and Relator may collectively serve as many as 7 sets of requests for production to Abbott and Abbott may serve as many as 7 sets of requests for production to the United States and Relator collectively in this case. Abbott's first set of document requests to the United States and Abbott's first set of document requests to the Relator shall be counted, collectively, as one set of requests for production.

1

c) *Requests for Admission.* There shall be a limit of 100 requests for admission that seek authentication of documents, certification of business records, or an admission that a person or entity made a statement in any document or that was otherwise recorded at the time the statement was made. The requesting party shall provide copies of all documents or recordings that are the subject of such requests for admission. These requests for admission shall be contained under a separate heading in the party's requests for admission. The parties shall work cooperatively in good faith to agree upon stipulations of additional facts that are not in dispute. Each side may serve as many as 150 requests for admission that do not seek authentication of documents, certification of business records, or an admission that a person or entity made a statement in any document or that was otherwise recorded at the time the statement was made.

d) *Depositions.* The Local Rules governing the number and length of depositions shall not apply. In this case, the United States and Relator may collectively take as many as 775 hours of depositions of Rule 30(b)(1), 30(b)(6), and third party depositions, and Abbott may take as many as 775 hours of depositions of Rule 30(b)(1), 30(b)(6), and third party depositions. Only the time consumed by the party in this case during the actual questioning of a witness on the record (*i.e.*, excluding breaks and discussions of counsel on the record) shall count toward the time limits against that party set forth in this Order. Time used in cross-noticed depositions by non-parties to this case, shall not count against any party to this action. All parties shall agree on the time allocation on the record before close of the deposition. All disputes shall be resolved at the time of the deposition. Subject to the total hour limitations, there is no limit on the number of 30(b)(6) depositions that can be noticed and taken of parties. Each side may seek or move the court for additional deposition hours for good cause shown.

Case 1:01-cv-12257-PBS Document 5135-9 Filed 03/12/08 Page 4 of 9
Case 1:01-cv-12257-PBS Document 3956 Filed 03/23/2007 Page 3 of 8
Case 1:01-cv-12257-PBS Document 3859-2 Filed 03/12/07 Page 4 of 8

## DOCUMENT PRODUCTION

3. All documents reasonably available in an electronic format shall be provided in an electronic format that is feasible and acceptable to both parties. If issues regarding the compatibility of computer systems and software arise, the parties shall confer to resolve the matter.

4. Except as otherwise agreed to by the parties or as ordered by the Court, a party upon whom a document request is served shall serve a written response within 30 days after the service of such request in accordance with Rule 34 of the Federal Rules of Civil Procedure.

5. Except as otherwise agreed to by the parties or as ordered by the Court, a responding party to a document request shall complete production of all undisputed documents within 60 days of service of such request, subject to any objections. The parties shall confer in good faith, and agree upon a reasonable rolling production, when the nature of certain document requests renders the 60-day time period impracticable. The parties shall in good faith respond to reasonably tailored priority requests as soon as practicable.

6. Privilege logs shall be provided 30 days after a production and shall be provided on a rolling basis as documents are produced. The privilege logs shall provide reasons for each document withheld from production, as well as for each redaction from a document produced. There shall be no redaction of documents by any party on any basis other than a bona fide claim of recognized lawful privilege or protection. No stamps of "confidential" or the like shall obscure the text of the document.

7. In connection with a state court AWP proceeding in Texas, counsel for Relator has received Abbott documents that Relator contends are relevant to, but that Abbott has not produced in, this litigation. The parties shall abide by the following protocol to seek resolution of that dispute. The Relator has advised the Court that it is prepared to select a sample of

- 3 -

Case 1:01-cv-12257-PBS   Document 5135-9   Filed 03/12/08   Page 5 of 9
Case 1:01-cv-12257-PBS   Document 3956   Filed 03/23/2007   Page 4 of 8
Case 1:01-cv-12257-PBS   Document 3859-2   Filed 03/19/2007   Page 4 of 8

documents produced by Abbott in state court AWP litigation, including the Texas action. By March 21, 2007, counsel for Relator shall send Abbott copies of the sample of documents that Relator contends are relevant to, but that Abbott has not produced in, this litigation. Counsel for Abbott shall engage in a meet-and-confer with counsel for Relator that concludes by April 6, 2007. By April 13, 2007, counsel for Relator may file a motion to compel. By April 20, 2007, counsel for Abbott shall file any memorandum in opposition to the Relator's motion to compel.

## DEPOSITION PROTOCOLS

8. The following deposition protocols apply to all non-expert deponents. The parties shall meet and confer separately on expert witness deposition protocols.

9. Abbott shall coordinate deposition discovery of current and former employees of the United States government with defendants Dey, Inc., Dey L.P., Inc., and Dey L.P (collectively, "Dey").

10. Without agreement between the parties or court order, no deposition of any party, witness, or a witness designated pursuant to Rule 30(b)(6) shall last longer than 21 hours. The noticing party shall have 14 hours for questioning, and the non-noticing party shall have 7 hours for questioning. These limitations only apply to parties in this case.

11. The parties shall identify any witness they are designating as a Rule 30(b)(6) witness as soon as practicable but no later than 5 business days prior to the scheduled date of the deposition. When a 30(b)(1) notice of deposition does not identify the specific individual to be deposed, the parties shall identify the witness testifying in response to the notice as soon as practicable but no later than 5 business days prior to the scheduled date of the deposition.

12. *30(b)(1) Depositions of Current or Former Employees of the Parties.* Unless otherwise agreed between the parties, a requesting party wishing to take the deposition of a current or former employee of a party shall inform the responding party in a letter or email that

Case 1:01-cv-12257-PBS   Document 5135-9   Filed 03/12/08   Page 6 of 9
Case 1:01-cv-12257-PBS   Document 3956-9   Filed 03/23/2007   Page 5 of 8
Case 1:01-cv-1...   ...   Document 3859-2   Filed 03/19/2007   Page 5 of ...

identifies the name of the person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. As soon as practicable but no later than 10 business days from receiving the letter or email (except as agreed by the parties), the responding party shall contact the requesting party with a proposed date or dates for the taking of the deposition, unless the party intends to move for a protective order regarding the deposition. The parties shall confer regarding a mutually convenient time and place and the estimated length of the deposition. Absent good cause or agreement between the parties, the responding party shall propose a date or dates within 30 calendar days from the date of the requesting party's initial request. Any motion for protective order shall be filed no later than 15 business days from receiving the requesting party's initial request; any response shall be filed within 18 business days of the requesting party's initial request. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on LexisNexis File & Serve.

13. *30(b)(6) Depositions.* Unless otherwise agreed between the parties, a requesting party wishing to take the deposition of a party under Rule 30(b)(6) shall send a letter or email to the responding party that describes with reasonable particularity the matters on which examination is requested. As soon as practicable but no later than 15 business days from receiving the letter or email (except as agreed by the parties), the responding party shall contact the requesting party with a proposed date or dates for the taking of the deposition, along with the party's objections to the topics, if any, unless the party intends to move for a protective order regarding the deposition. The parties shall confer regarding a mutually convenient time and place and the estimated length of the deposition. Absent good cause or agreement between the parties, the responding party shall propose a date or dates within 45 calendar days from the date

of the requesting party's initial request. Any motion for protective order shall be filed no later than 20 business days from receiving the requesting party's initial request; any response shall be filed within 25 business days of the requesting party's initial request. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on LexisNexis File & Serve.

14. *Third-Party Depositions.* A deposition of a third-party witness shall be initiated through service of subpoena under Rule 45. A copy of the subpoena shall be provided to opposing counsel contemporaneously. The subpoena shall provide at least a two-week deposition notice. The requesting party shall confer with the third-party witness and opposing counsel regarding a mutually convenient time and place and the estimated length of the deposition. When the deposition is scheduled, the party serving the subpoena shall post the subpoena on LexisNexis File & Serve.

15. *Cross-Noticed Depositions.* A party in this case seeking to cross-notice a deposition in another Average Wholesale Price (AWP) case (*e.g.*, state AWP litigation) shall inform opposing counsel in writing as soon as practicable, preferably within two weeks from the date of the scheduled deposition. When the deposition is cross-noticed, the party cross-noticing the deposition shall serve a notice of deposition and post the notice on LexisNexis File & Serve. A deposition (and exhibits) in another AWP case that is cross noticed by a party in this case may be used by any party in this case for any purpose or use that would be permitted if the deposition were taken in this case, as long as all parties to this case had notice of the deposition.

16. Videotaped depositions shall be permitted pursuant to Fed. R. Civ. P. 30(b)(2) and (3). The swearing or affirming of the witness shall be on camera. The camera shall, at all times,

- 6 -

Case 1:01-cv-12257-PBS   Document 3956-9   Filed 03/23/2007   Page 7 of 8

Case 1:01-cv-12257-PBS   Document 3159-2   Filed 03/19/2007   Page 7 of 8

include within its field of vision, only the deponent and/or an exhibit offered in evidence. The camera shall remain stationary at all times during the deposition and shall not zoom in or out.

17. Nothing in this Order is intended to preclude any party from filing an appropriate motion for protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

### PRE-TRIAL SCHEDULE

18. The following pre-trial schedule was established by Judge Saris at the October 26, 2006 hearing and shall apply:

| DEADLINE | ACTION |
| --- | --- |
| December 31, 2007 | All fact discovery shall be completed. |
| January 31, 2008 | Plaintiffs shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| February 28, 2008 | Defendants shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| April 30, 2008 | Close of expert discovery. |
| June 15, 2008 | Motions for Summary Judgment shall be filed. |
| July 15, 2008 | Response to Motions for Summary Judgment shall be filed. |
| August 1, 2008 | Replies to Motions for Summary Judgment shall be filed. |
| August 15, 2008 | Surreplies to Motions for Summary Judgment shall be filed. |

### MEDIATION

19. By April 23, 2007, Plaintiffs and Abbott shall each exchange the names of up to three potential mediators. The parties shall meet-and-confer on the acceptability of each others' proposals by May 7, 2007. If the parties are unable to agree on the acceptability of a single mediator, the Plaintiffs and Abbott shall each submit the names of up to three potential mediators

to the Court by May 14, 2007. Plaintiffs and Abbott each have until May 28, 2007, to submit any reasons for the party's choice(s), and/or comments or objections to the other side's choice(s).

20. The parties have previously advised the Court that they had met-and-conferred on the issue of mediation and agreed that mediation should occur after the close of expert discovery. Since the February 27, 2007 hearing, the United States and Relator have indicated to Abbott that they are willing to begin mediation within 15 business days after the parties agree upon a mediator or the Court selects one. Within 15 business days after the parties agree upon a mediator or the Court selects one, Abbott shall meet-and-confer with the United States and Relator regarding its interest in pursuing mediation prior to the close of expert discovery.

SO ORDERED THIS ___March 23___ DAY OF 2007.

_____
United States District Judge Patti B. Saris