# EXHIBIT 13

ONE HUNDRED SIXTH CONGRESS

———

TOM BLILEY, VIRGINIA, CHAIRMAN

W.J., "BILLY" TAUZIN, LOUISIANA
MICHAEL G. OXLEY, OHIO
MICHAEL BILIRAKIS, FLORIDA
JOE BARTON, TEXAS
FRED UPTON, MICHIGAN
CLIFF STEARNS, FLORIDA
PAUL E. GILLMOR, OHIO
JAMES C. GREENWOOD, PENNSYLVANIA
CHRISTOPHER COX, CALIFORNIA
NATHAN DEAL, GEORGIA
STEVE LARGENT, OKLAHOMA
RICHARD BURR, NORTH CAROLINA
BRIAN P. BILBRAY, CALIFORNIA
ED WHITFIELD, KENTUCKY
GREG GANSKE, IOWA
CHARLIE NORWOOD, GEORGIA
TOM A. COBURN, OKLAHOMA
RICK LAZIO, NEW YORK
BARBARA CUBIN, WYOMING
JAMES E. ROGAN, CALIFORNIA
JOHN SHIMKUS, ILLINOIS
HEATHER WILSON, NEW MEXICO
JOHN B. SHADEGG, ARIZONA
CHARLES W. "CHIP" PICKERING, MISSISSIPPI
VITO FOSSELLA, NEW YORK
ROY BLUNT, MISSOURI
ED BRYANT, TENNESSEE
ROBERT L. EHRLICH, JR., MARYLAND

JOHN D. DINGELL, MICHIGAN
HENRY A. WAXMAN, CALIFORNIA
EDWARD J. MARKEY, MASSACHUSETTS
RALPH M. HALL, TEXAS
RICK BOUCHER, VIRGINIA
EDOLPHUS TOWNS, NEW YORK
FRANK PALLONE, JR., NEW JERSEY
SHERROD BROWN, OHIO
BART GORDON, TENNESSEE
PETER DEUTSCH, FLORIDA
BOBBY L. RUSH, ILLINOIS
ANNA G. ESHOO, CALIFORNIA
RON KLINK, PENNSYLVANIA
BART STUPAK, MICHIGAN
ELIOT L. ENGEL, NEW YORK
THOMAS C. SAWYER, OHIO
ALBERT R. WYNN, MARYLAND
GENE GREEN, TEXAS
KAREN McCARTHY, MISSOURI
TED STRICKLAND, OHIO
DIANA DeGETTE, COLORADO
THOMAS M. BARRETT, WISCONSIN
BILL LUTHER, MINNESOTA
LOIS CAPPS, CALIFORNIA

JAMES E. DERDERIAN, CHIEF OF STAFF

**U.S. House of Representatives**
**Committee on Commerce**
**Room 2125, Rayburn House Office Building**
**Washington, DC 20515–6115**

October 16, 2000

DCCM
Peter Harlage
Mille
Ira
Peter H
Kathleen
Terese DeCaro
Mark Miller
Tim Hill

The Honorable Donna E. Shalala
Secretary
Department of Health and Human Services
200 Independence Avenue, S.W.
Washington, D.C. 20201

Dear Secretary Shalala:

Following up on my September 25, 2000 letter to Administrator DeParle, I write to you today to request additional information from the Health Care Financing Administration ("HCFA") concerning when and under what circumstances HCFA first learned of Medicare's overpayments for certain drugs and the allegations that certain drug manufacturers were deliberately inflating reported "average wholesale prices" for their Medicare-covered drugs.

In the course of conducting the Committee's investigation into the setting of Medicare-covered drug prices, the Committee identified disturbing information indicating that HCFA has known for several years about the types of abuses described in my September 25, 2000 letter. This information includes reports in the *Wall Street Journal* of correspondence written as far back as 1994 to former HCFA Administrator Bruce Vladek concerning these issues. In addition, the Committee also has learned of a specific briefing provided to former HCFA Administrator DeParle and members of her staff on March 20, 1998, in which individuals affiliated with Ven-A-Care appear to have clearly identified the scope and severity of the problem, as well as provided HCFA with specific information about how certain manufacturers utilized drug reimbursement spreads to promote sales of their drugs. This briefing took place only months after the Department of Health and Human Services' Office of Inspector General ("OIG") issued a report that estimated that Medicare could have saved $447 million in a single year if it had purchased Medicare-covered drugs at prices similar to those generally made available to private sector purchasers.

Letter to The Honorable Donna Shalala
Page 2

Such information illustrates a serious lapse in HCFA's oversight of the Medicare program and its current drug benefit. HCFA's affirmative failure to take any significant regulatory actions to respond to this problem, until I wrote to you on May 5, 2000, is appalling. The availability of this information also calls into question the basic competence of HCFA to administer the Medicare program. Given that HCFA has always had the regulatory authority to stop these abusive pricing practices, it is unconscionable that the Administration has permitted this price gouging of the American taxpayers -- and most important, America's senior citizens -- to continue for years. Further, the Administration's most recent legislative proposal would do nothing to address these troubling pricing practices that are financially harming our most vulnerable Medicare beneficiaries.

In order to further the Committee's inquiry into this matter, I request that, pursuant to Rules X and XI of the U.S. House of Representatives, you provide to the Committee all records relating to correspondence between the Department of Health and Human Services (including but not limited to HCFA) and Ven-A-Care relating to reimbursements for Medicare-covered drugs or other biological products, by October 20, 2000.

For purposes of this request, the terms "records" and "relating" should be interpreted in accordance with the Attachment to this letter. If you should have any questions, please contact Charles Clapton, Committee counsel, at (202) 226-2424.

Sincerely,

Tom Bliley
Chairman


Attachment

cc:     The Honorable John D. Dingell, Ranking Member
        Zachary Bentley, President, Ven-A-Care

## ATTACHMENT

1. The term "records" is to be construed in the broadest sense and shall mean any written or graphic material, however produced or reproduced, of any kind or description, consisting of the original and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) and drafts and both sides thereof, whether printed or recorded electronically or magnetically or stored in any type of data bank, including, but not limited to, the following: correspondence, memoranda, records, summaries of personal conversations or interviews, minutes or records of meetings or conferences, opinions or reports of consultants, projections, statistical statements, drafts, contracts, agreements, purchase orders, invoices, confirmations, telegraphs, telexes, agendas, books, notes, pamphlets, periodicals, reports, studies, evaluations, opinions, logs, diaries, desk calendars, appointment books, tape recordings, video recordings, e-mails, voice mails, computer tapes, or other computer stored matter, magnetic tapes, microfilm, microfiche, punch cards, all other records kept by electronic, photographic, or mechanical means, charts, photographs, notebooks, drawings, plans, inter-office communications, intra-office and intra-departmental communications, transcripts, checks and canceled checks, bank statements, ledgers, books, records or statements of accounts, and papers and things similar to any of the foregoing, however denominated.

2. The terms "relating," "relate," or "regarding" as to any given subject means anything that constitutes, contains, embodies, identifies, deals with, or is in any manner whatsoever pertinent to that subject, including but not limited to records concerning the preparation of other records.

HHD132-0003     L