# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06-11337-PBS | Magistrate Judge Marianne B. Bowler |

**[PROPOSED] REPLY TO ABBOTT LABORATORIES INC.'S OPPOSITION TO THE UNITED STATES' MOTION TO QUASH THE SUBPOENAS OF IRA BURNEY AND DEBBIE CHANG AND IN SUPPORT OF A PROTECTIVE ORDER**

**BACKGROUND**

The Court's rulings on the Government's invocation of the deliberative process privilege have been exceptionally clear with respect to the type of information that may be relevant in this case. On March 14, 2008, the Court rejected yet another in a series of attempts by Abbott Laboratories, Inc. ("Abbott") to obtain privileged and irrelevant material. The March 14, 2008 Order is directly relevant to the matter now before the Court because it concerns the Department of Health and Human Services ("HHS") Centers for Medicare and Medicaid Services, Office of Legislation ("CMS Office of Legislation") and because the depositions at issue concern one current and one former employee of CMS Office of Legislation.

**Judge Saris's Order of March 14, 2008**

On March 14, 2008, Judge Saris largely rejected Abbott's Objections to Magistrate Judge Bowler's November 1, 2007 Order, in which the Magistrate Judge found that the Government was not required to incur the burden of reviewing or logging material from the CMS Office of Legislation in light of its lack of relevance. Judge Saris did require, however, that the

Government produce for *in camera* review documents containing information about the spread for the drugs at issue in this litigation or Abbott's general marketing of the spread. In suport of its objections to Magistrate Judge Bowler's November 1, 2007 Order, Abbott had argued to Judge Saris that it requires access to a much broader range of material and information from the CMS Office of Legislation. That argument failed given the very precise focus of the Court's March 14, 2008 Order, which required *in camera* production of only Abbott-specific documents.

## Motion for a Protective Order

As demonstrated in the Government's opening brief, neither Mr. Burney nor Ms. Chang have any knowledge about the prices or spreads for the drugs at issue in this litigation or Abbott's marketing of spreads. Nor does either one of them possess any other information about Abbott that is arguably relevant to this litigation. Accordingly, there is no justification for either Mr. Burney or Ms. Chang to be deposed. In addition, and apart from the principle applied by Judge Saris in her March 14, 2008 Order on Abbott's objections, Abbott's Opposition brief fails to present grounds warranting the denial of a protective order barring the despositions of Mr. Burney and Ms. Chang. Indeed, Abbott's Opposition avoids addressing the Government's arguments on the merits, instead repeating the mantra that "the deliberative process privilege has no place in this case." Abbott's Opp. at 11. Because Abbott's assertion has been rejected by Judge Saris and because Abbott has failed to establish any legitimate grounds for subjecting Mr. Burney and Ms. Chang to deposition, the Court should grant the Government's March 6, 2008 motion to quash and for a protective order.

# ARGUMENT

I. **Abbott Seeks Irrelevant or Privileged Information.**

Abbott has made clear in its Opposition that it intends to seek testimony that is both irrelevant and protected under the deliberative process privilege. Two examples suffice to demonstrate this point. First, Abbott asserts that it seeks Ms. Chang's testimony about a letter written by Ms. Chang to Senator Campbell about Medicare reimbursement generally. Abbott's Opp. at 8. As the language of the letter itself makes clear, and as Abbott's description affirms, this document is simply not relevant to the matters in dispute as defined by the Court. 2/11/1998 Letter from Chang to Campbell (Attached as Exhibit 2). The letter neither relates to nor mentions Abbott or any of the drugs it manufactures. *Id*. As with all of the work performed by Ms. Chang while she was Director of the CMS Office of Legislation, her letter to Senator Campbell concerns policy matters, not payments for specific drugs. 3/6/2008 Decl. of Johnson at ¶ 10 (Attached as Exhibit 3).

Second, Abbott seeks Mr. Burney's testimony about a letter sent from Senator Bliley to the Secretary of HHS. Abbott's Opp. at 9; 10/16/2000 Letter from Bliley to Shalala (Attached as Exhibit 4). Abbott seeks testimony from Mr. Burney about this letter because the letter was "forwarded to Mr. Burney" and it "points to communications and meetings" attended by CMS personnel (but not Mr. Burney). *Id*. at 9. This request typifies the defiencies in Abbott's discovery requests.

Abbott misunderstands how the deliberative process privilege applies to this letter. While the communication between HHS and Congress may not be subject to the privilege, conversations that Mr. Burney had with others within HHS about how the agency would respond to a letter from a member of Congress are both predecisional and deliberative, and therefore are

3

subject to the deliberative process privilege.  *Texaco P.R. Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 884-885 (1st Cir. 1995).  Abbott's request for privileged testimony in the guise of seeking testimony about a document that itself may not be privileged is a thinly veiled attempt to make an end-run around the deliberative process privilege's protections.  *Federal Trade Comm'n v. U.S. Grant Res.*, LLC, 2004 WL 1444951 at *9 (E.D. La. 2004) (deliberative process privilege applies in the context of depositions to prevent a party from "obtaining through the back door" what it is "not entitled to acquire through the front").  In addition, any opinions that Mr. Burney may have about communications he had with other officials at CMS would be his alone rather than the official position of the agency and, therefore, are protected by the deliberative process privilege.  *See Providence Journal Co. v. United States Dep't of the Army*, 981 F.2d 552, 559 (1st Cir. 1992) (a deliberative communication is protected by the deliberative process privilege if it reflects the views of an individual rather than the final views of an agency).

As seen from these examples, the testimony that Abbott seeks to discover from Mr. Burney and Ms. Chang is irrelevant or privileged.  As a result, and consistent with its other rulings limiting Abbott's overbroad discovery requests, the Court should not permit the depositions of Mr. Burney and Ms. Chang.

**II.**     **The Court Has the Authority Quash Subpoenas Seeking Privileged Information.**

Rather than squarely addressing the issues of relevance or privilege, Abbott argues that the Government provided no legal authority for the proposition that the Court may quash a subpoena seeking privileged information.  Abbott's erroneous contention ignores both the explicit language of the Federal Rules of Civil Procedure and other binding authority.  Fed. R. Civ. Pr. 45 provides that the district court *"must* quash or modify a subpoena" that "requires disclosure of privileged" matter.  Fed. R. Civ. Pr. 45(c)(3)(A).  Abbott also ignores First Circuit

authority that further affirms the Court's power to quash a subpoena when it calls for the disclosure of privileged matter. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192-193 (1st Cir. 2001) (holding that "Rule 45(c)(3)(A) gives the court the power to quash or modify a subpoena if it requires disclosure of privileged or other protected matter.") (internal citation omitted). The First Circuit's interpretation of the Federal Rules' plain language is not unusual; it is beyond dispute that district courts can, and do, quash subpoenas that seek disclosure of privileged information *before* deposition. *See, e.g. Levesque v. Doocy*, 247 F.R.D. 55, 56-57 (D. Maine 2007) (granting motion to quash deposition subpoena seeking privileged information); *Unigene Lab., Inc. v. Apotex, Inc.*, 2007 WL 2972931 (N. D. Cal. 2007) (quashing deposition subpoena when privileged material would be disclosed in deposition); *Wilson v. Scruggs*, 2003 WL 23521358 (S. D. Miss. 2003) (quashing deposition subpoenas seeking potentially privileged matter); *Flynn v. Church of Scientology*, 116 F.R.D. 1, 4 (D. Mass. 1986) (allowing motion to quash deposition subpoena seeking privileged information); *Russ v. Ratliff*, 68 F.R.D. 691, 692 (E. D. Ark. 1975) (granting motion to quash deposition subpoena seeking privileged information).

  Instead of addressing the pertinent authority, Abbott cites a string of inapposite cases. *See, e.g., In re Air Crash at Taipei*, 211 F.R.D. 374 (C. D. Cal. 2002) (balancing the requirements of the Singapore Offical Secrets Act against the interests of discovery); *United States v. Lawless*, 709 F.2d 485 (7th Cir. 1983) (holding that "information transmitted for the purpose of preparation of a tax return" is not "privileged information"); *Atlantic Sounding Co. v. Townsend*, 2006 WL 4702150 (M. D. Fla. 2006) (permitting depositions because both parties were in agreement that some areas of inquiry were not privileged). In sum, the Court has both the authority and obligation to quash or modify the subpoenas of Debbie Chang and Ira Burney

*before* deposition because they seek privileged testimony.

### III. Abbott Has Not Contested the Government's Assertion of Good Cause for a Protective Order.

The Government moved the Court to quash the subpoenas of Ira Burney and Debbie Chang and for entry of a protective order on two separate grounds: 1) that the deliberative process privilege protects their testimony from deposition; and 2) that irrespective of the deliberative process privilege, there is good cause for the Court to quash these subpoenas. With regard to the issue of good cause, the Government argued that the testimony of Mr. Burney and Ms. Chang is 1) irrelevant, 2) cumulative, and 3) otherwise discouraged by the *United States v. Morgan* line of cases, which prevents the unconsented depositions of government officials. Each of these grounds is a proper basis for a motion to quash. *See, e.g., United States v. Morgan*, 313 U.S. 409, 422 (1942) (holding that a government official "should never have been subjected" to deposition); *Ameristar*, 244 F.3d at 193 (affirming order quashing subpoenas because deposition testimony would be irrelevant and cumulative); *WM High Yield v. O'Hanlan*, 460 F. Supp. 2d 891, 895 (S. D. Ind. 2006) (granting motion to quash deposition seeking irrelevant information).

Abbott has not contested these arguments nor even attempted to demonstrate why there is not good cause for the Court to grant the Government's Motion to Quash. When a party opposing a motion "files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded." *United States v. Real Property Identified as: Parcel 03179-005R,* 287 F. Supp. 2d 45, 61 (D. D. C. 2003). It is not the role of the Court to "act as an advocate" for the parties and "construct legal arguments" on their behalf. *Id.* (citing *Stephenson v. Cox*, 233 F. Supp. 2d 119, 122 (D. D. C. 2002)). Abbott has not addressed the Government's argument that there is good cause for the entry of a protective order;

6

it has not addressed the *Morgan* line of cases nor the irrelevance of the deposition testimony it seeks.[1]  Because Abbott responded to the Government's Motion to Quash without addressing its request for a protective order for good cause, Abbott concedes this argument, *Real Property Identified as: Parcel 03179-005R,* 287 F. Supp. 2d at 61, and the Government's Motion may be granted on this basis alone.

### IV.     Abbott's Arguments Fail in Light of the Court's Previous Orders.

Abbott has filed twelve prior briefs attempting to overturn the Government's appropriate assertion of the deliberative process privilege, each of which has been rejected by the Court.  As this Court has held repeatedly, CMS internal material that is predecisional and deliberative is protected by the deliberative process privilege.  Aug. 13, 2007 Electronic Order denying Abbott's Motion to Compel.  *See also* February 1, 2008 Electronic Order denying Abbott's Motion to Compel.[2]

Despite the Court's orders, Abbott has insisted on seeking CMS internal material that is both predecisional and deliberative in the form of deposition testimony of Mr. Burney and Ms. Chang.  By ignoring the Court's earlier orders and applicable precedent, Abbott makes it evident that it has no authority, other than its own *ipse dixit*, that "the deliberative process privilege has no place in this case."  Abbott's Opp. at 11.  For the same reasons that Abbott's argument has been rejected by this Court on so many occasions, it should be rejected again.

Notwithstanding its refusal to conduct discovery in accordance with the Court's previous

---

[1] With regard to the issue of cumulativeness, Abbott only argues that the *documents* it seeks from Mr. Burney and Ms. Chang are not cumulative because Abbott only seeks documents in the possession of these witnesses.  Abbott does not contend that the deposition testimony it seeks is not cumulative.

[2] For a full accounting of Abbott's failed attempts to break the deliberative process privilege, the Government respectfully directs the Court to its 3/17/2008 Opposition to Abbott's Motion to Compel Testimomy of Government Witnesses, Docket No. 5144.

7

orders, Abbott now argues that the Government's motion for a protective order is not timely. Abbott initially raised the issue of deposing Mr. Burney and Ms. Chang in July 2007. The reason these depositions did not go forward earlier is because Abbott refrained from taking the despositions until the Court ruled on Abbott's challenges to the Government's deliberative process privilege objections. As has been the practice in this case, while deposition issues are unresolved, neither party has been moving to compel the depositions or for protective orders. Abbott's argument that the Government's motion for protective order is untimely appears to be a last ditch attempt to undermine the deliberative process privilege, which it has been unable to do through its prior briefs. Abbott's attempt to obtain "through the back door" what it is "not entitled to acquire through the front" should not be countenanced by the Court. *U.S. Grant Res*, 2004 WL 1444951 at *9.

## CONCLUSION

Abbott's Opposition to the Government's motion for a protective order is without merit. Abbott has demonstrated that it seeks testimony that is irrelevant and privileged in light of the Court's prior rulings. Abbott ignores the Rules of Civil Procedure and other binding authority when it suggests that there is no support for the proposition that the Court must quash or modify a subpoena that seeks privileged information *before* deposition. Abbott's Opposition fails to mention, let alone counter, the Government's argument that there is good cause for the Court to quash the subpoenas of Mr. Burney and Ms. Chang based on the irrelevance and cumulative nature of the testimony, as well as Government's interest in protecting the quality of the agency decision-making process. As a result, Abbott has conceded these arguments. For all these reasons, Abbott's arguments should be rejected and the Government's motion granted.

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | JEFFREY D. BUCHOLTZ<br>ACTING ASSISTANT ATTORNEY GENERAL |
| George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley<br>U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>Phone: (617) 748-3272<br>Fax: (617) 748-3971 | /s/ Evan C. Zoldan<br>Joyce R. Branda<br>Daniel R. Anderson<br>Renée Brooker<br>Justin Draycott<br>Rebecca A. Ford<br>Gejaa T. Gobena<br>Evan C. Zoldan<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Phone:  (202) 307-1088<br>Fax: (202) 307-3852 |
| R. ALEXANDER ACOSTA<br>UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF<br>FLORIDA | |
| /s/ Mark A. Lavine<br>Mark A. Lavine<br>Ana Maria Martinez<br>Ann St.Peter-Griffith<br>Special Attorneys for the Attorney General<br>99 N.E. 4th Street, 3rd Floor<br>Miami, FL  33132<br>Phone:  (305) 961-9003<br>Fax: (305) 536-4101 | |

Dated: March 20, 2008