# Exhibit 7

Government as plaintiff cannot claim to have been defrauded and cannot ascribe falsity to claims paid based on AWP.

This Court has repeatedly recognized that evidence of government knowledge regarding drug pricing and spreads is relevant to this case. *See* Oct. 26, 2006 Hr'g Tr. at 7 (Ex. G) (agreeing that the Government's awareness that AWP did not reflect acquisition costs in the marketplace was a statute of limitations issue, a causation issue, and a *scienter* issue); *see also* Feb. 27, 2007 Hr'g Tr. at 38 (Ex. H) (acknowledging that Government knowledge may be "quite relevant" and at the "heartland" of this case). Indeed, the Court stated that evidence of "when the [Government] knowledge was acquired, and when it was reasonably acquired, and when it became . . . clear to the [G]overnment it was false . . . may win on a motion for summary judgment, at least for part of it." *Id.* at 16. *See also*, Nov. 21, 2006 Trial Tr. at 6 (Ex. I) ("[I]t adds to the case about whether it's unfair and deceptive. It depends what they heard, what they didn't hear, what they knew, what they didn't know. If they gave a blank check to them, 'Go ahead and do it,' that helps [the Defendants]."). Perhaps most importantly for purposes of the instant motion, this Court has recognized that a factual record on Government knowledge and the reasons behind the Government's inaction in the wake of such knowledge was necessary in this case. *See* Feb. 27, 2007 Hr'g Tr. at 36 (Ex. H) ("[W]hat Centers for Medicare and Medicaid Services understood and knew and what they agreed to and what they didn't . . . it's relevant, not only to the statute of limitations, but it's also relevant to – I think a very difficult area of the law is when the [G]overnment knows about a fraud . . . and it continues . . . I don't know what the answer is under [the] False Claims Act, ***but at least we need a factual record***.") (emphasis added).

6