**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

MDL NO. 1456

CIVIL ACTION NO. 01-CV-12257-PBS

Hon. Patti B. Saris

**ASTRAZENECA DEFENDANTS' REPLY TO
SPECIALLY APPEARING COUNSEL'S OPPOSITION TO
ASTRAZENECA DEFENDANTS' RENEWED MOTION FOR INJUNCTION**

**(LEAVE TO FILE GRANTED MARCH 21, 2008)**

Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Zeneca Inc., and AstraZeneca PLC (collectively, "AstraZeneca") respectfully submit this reply to Specially Appearing Counsel's Opposition to AstraZeneca's Renewed Motion for Injunction, and in further support of the motion to enjoin the plaintiff in *International Union of Operating Engineers, Local No. 68 Welfare Fund (An Unincorporated Trust) v. AstraZeneca PLC, et al.*, Civil Action No. L-3136-06 (N.J. Super. Ct., Monmouth County) (the "New Jersey action") and the plaintiff's counsel, The Haviland Law Firm and Mr. Donald E. Haviland, Jr., Esq., from prosecuting overlapping claims and defendants in that state court action. AstraZeneca respectfully submits this reply memorandum to correct factual mischaracterizations presented in the plaintiff's opposition to AstraZeneca's motion, and to address material that AstraZeneca has not yet had an opportunity to address fully in its own filing.

## **PRELIMINARY STATEMENT**

As shown in AstraZeneca's moving brief, the New Jersey state court action should be enjoined because it involves overlapping defendants and claims, which this Court has ordered Mr. Haviland to dismiss.  In particular, AstraZeneca has demonstrated—based on uncontroverted facts—that AstraZeneca Pharmaceuticals LP and AstraZeneca LP function as a unified business, with AstraZeneca PLC as a holding company above them.  Indeed, AstraZeneca Pharmaceuticals LP has defended claims in the MDL against drugs associated with AstraZeneca LP, such as Prilosec® and Nexium®, drugs concerning which Mr. Haviland refuses to drop New Jersey state claims.

Although Mr. Haviland attempts to dismiss AstraZeneca's arguments as "simply a regurgitation of erroneous factual claims" (Specially Appearing Counsel's Memorandum of Law in Opposition to the Renewed Motion for Injunction by the AstraZeneca Defendants ("Pl. Opp. Mem.") at 5 [Docket Entry No. 5064]), he utterly fails to rebut any of the facts on which AstraZeneca's argument rests.  Instead, he cites pleadings from the New Jersey action that simply reflect that the AstraZeneca Defendants are separate legal entities, and argues that those pleadings somehow "judicially estop" AstraZeneca from moving to enjoin the New Jersey state claims.  There is no dispute that the AstraZeneca Defendants are separate legal entities.  AstraZeneca acknowledged this in its showing that AstraZeneca LP and its 99% general partner, AstraZeneca Pharmaceuticals LP, operate as a single business, led by the same executives with shared sales, marketing, contracting, and pricing staffs.  Further, as shown below, the New Jersey pleadings on which Mr. Haviland relies support AstraZeneca's showing that, as a practical matter,

2

discovery against AstraZeneca's U.S. business affects both AstraZeneca Pharmaceuticals LP and AstraZeneca LP.

Under these circumstances, the New Jersey state claims against AstraZeneca LP and AstraZeneca PLC cannot be meaningfully separated from the MDL claims against AstraZeneca Pharmaceuticals LP, and should therefore be enjoined.

## ARGUMENT

In response to AstraZeneca's motion, Mr. Haviland first claims that AstraZeneca "consented to the withdrawal of the prior motion for injunction" in the November 19, 2007 withdrawal by certain defendants of the pleading regarding the New Jersey AWP Litigation [Docket Entry No. 4891]. (Specially Appearing Counsel's Opposition to AstraZeneca Defendants' Motion for Injunction ("Pl. Opp.") at 1, 1-2 n.1 [Docket Entry No. 5059].) This argument is frivolous. In that pleading, AstraZeneca explicitly reserved the right to seek appropriate relief if the parties were unable to resolve this dispute without judicial intervention. (*See* Docket Entry No. 4891 at 1 n.1, cited in AstraZeneca's Memorandum of Law in Support of Their Renewed Motion for Injunction ("AZ Mem.") at 6.)[1]

Second, Mr. Haviland argues that some weight should be given to the fact that "all other defendants," including Alza Corporation, agreed to the voluntary dismissal order without reservation. (Pl. Opp. at 1.) Litigation decisions made by Alza Corporation, or, for that matter, any other defendant in the New Jersey action, have no

---

[1] Indeed, counsel for AstraZeneca conferred with Mr. Haviland on multiple occasions in an attempt to reach a resolution of this dispute. (*See* Declaration of Kimberley D. Harris in Support of AstraZeneca Defendants' Reply to Specially Appearing Counsel's Opposition to AstraZeneca Defendants' Renewed Motion for Injunction.) This motion was filed only after it became clear that no such resolution could be reached and that continued efforts to negotiate were futile. Mr. Haviland's assertion that AstraZeneca failed comply with the requirements of Local Rule 7.1 is meritless.

3

bearing on whether AstraZeneca's motion should be granted.  More importantly, those defendants are not similarly situated to AstraZeneca, given its unique corporate structure and operation of the U.S. business.  For instance, those defendants who agreed to the voluntary dismissal order were differently positioned in that all of their related entities were dismissed from the New Jersey action.  Indeed, AstraZeneca is aware of no other instance in which a defendant was not technically named in the MDL, but functionally defended that action.

Third, Mr. Haviland's reliance on AstraZeneca's "concessions" that neither AstraZeneca LP nor AstraZeneca PLC was sued in the MDL and that the MDL Plaintiffs are not pursuing claims for any drugs manufactured, marketed or sold by AstraZeneca LP (Pl. Opp. Mem. at 3) is similarly misplaced.  The latter argument ignores the drug list attached to the operative complaint in MDL Proceeding.  In that pleading, the MDL Plaintiffs identified in the list of subject drugs Prilosec® and Nexium®, both of which are associated with AstraZeneca LP and both of which are purportedly at issue in the New Jersey action.  (*See, e.g.*, Fourth Amended Master Consolidated Class Action Complaint at 79.[2])

More importantly, Mr. Haviland's reliance on these "concessions" completely misses the point.  As set forth fully in AstraZeneca's opening brief and the supporting factual declaration, AstraZeneca Pharmaceuticals LP owns 99% of AstraZeneca LP.  The two companies collectively operate the U.S. business through, *inter alia*, common

---

[2] Although a Proposed Fifth Amended Master Consolidated Class Action Complaint was filed on April 26, 2007 [Docket Entry No. 4106], this Court permitted amendment of the Complaint with regard to the fraud count only [Docket Entry No. 4702].  With regard to the subject drugs listed for AstraZeneca, these complaints did not differ.  Both complaints listed Prilosec® and Nexium® as subject drugs.

marketing, sales, and leadership teams.  Under these circumstances, as shown in AstraZeneca's moving brief, claims against AstraZeneca LP in the New Jersey action are effectively claims against AstraZeneca Pharmaceuticals LP.  Mr. Haviland argues that the facts upon which AstraZeneca's motion is based are "erroneous" (Pl. Opp. Mem. at 5), but does nothing to rebut them.

Rather than address the substance of AstraZeneca's arguments, Mr. Haviland again cites "pleading concessions" to argue that AstraZeneca Pharmaceuticals LP and AstraZeneca LP have "pursued this litigation as separate and distinct legal entities." (Pl. Opp. Mem. at 5.)  But there is no dispute that AstraZeneca Pharmaceuticals LP and AstraZeneca LP are separate legal entities, or that, as such, each provided separate corporate-identity-related information in certain paragraphs in AstraZeneca's Answer to the Complaint.  Nor is it disputed that they were separately named defendants on the notice of motion to dismiss and notice of removal.[3]

Nonetheless, AstraZeneca Pharmaceuticals LP and AstraZeneca LP have defended the AWP litigation jointly.  For instance, Mr. Haviland neglects to mention that AstraZeneca Pharmaceuticals LP and AstraZeneca LP jointly answered the Complaint and collectively responded to IUOE's discovery requests.  Further, even though AstraZeneca LP was not named as a defendant in the MDL Proceeding, AstraZeneca Pharmaceuticals LP defended that lawsuit on behalf of both entities.  This included defense of the litigation as to drugs associated with AstraZeneca LP, such as Prilosec®

---

[3] Additionally, Mr. Haviland's claim that in prior briefs AstraZeneca "argued that each of the four (4) entities were distinct companies which each had a right to know the specific claims the plaintiff was alleging against them" (Pl. Opp. Mem. at 4) is unsupported by the record.  Mr. Haviland does not identify where AstraZeneca presses the point that each of the AstraZeneca Defendants is an operationally distinct entity.  Each AstraZeneca defendant merely joined in the joint brief filed on behalf of all corporate defendants.

and Nexium®. The supposed "pleading concessions" on which Mr. Haviland relies do not detract from the fundamental economic and operational reality of AstraZeneca's U.S. business.

For the foregoing reasons, as well as those set forth in AstraZeneca's opening brief, AstraZeneca respectfully requests that the Court grant AstraZeneca's renewed motion to enjoin the Haviland Law Firm, Mr. Haviland, and the plaintiff from pursuing the claims asserted against AstraZeneca LP and AstraZeneca PLC in *International Union of Operating Engineers, Local No. 68 Welfare Fund (An Unincorporated Trust) v. AstraZeneca PLC, et al.*, Civil Action No. L-3136-06 (N.J. Super. Ct., Monmouth County).

Dated:   Boston, Massachusetts
         March 21, 2008

                                                                                   Respectfully Submitted,

                                          By:   /s/ Katherine B. Schmeckpeper
                                                    Nicholas C. Theodorou (BBO #496730)
                                                    Katherine B. Schmeckpeper (BBO #663200)
                                                    FOLEY HOAG LLP
                                                    155 Seaport Blvd.
                                                    Boston, Massachusetts  02210
                                                    Tel:  (617) 832-1000

                                                    D. Scott Wise
                                                    Kimberley D. Harris
                                                    DAVIS POLK & WARDWELL
                                                    450 Lexington Avenue
                                                    New York, New York  10017
                                                    Tel:  (212) 450-4000

                                                    Attorneys for AstraZeneca Pharmaceuticals LP,
                                                    AstraZeneca LP, AstraZeneca PLC, and Zeneca
                                                    Inc.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on March 21, 2008 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

By: /s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper