UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456 CIVIL ACTION NO. 01-CV-12257-PBS |
| | ) ) | Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) | |

**DECLARATION OF KIMBERLEY D. HARRIS IN SUPPORT OF
ASTRAZENECA DEFENDANTS' REPLY TO
SPECIALLY APPEARING COUNSEL'S OPPOSITION TO
<u>ASTRAZENECA DEFENDANTS' RENEWED MOTION FOR INJUNCTION</u>**

Kimberley D. Harris declares and says:

1. I am a partner at the law firm of Davis Polk & Wardwell, counsel for AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Zeneca Inc., and AstraZeneca PLC (collectively, "AstraZeneca") in this action. I submit this declaration to correct the erroneous statement in Specially Appearing Counsel's Opposition to AstraZeneca Defendants' Renewed Motion for Injunction that AstraZeneca did not satisfy the requirements of Local Rule 7.1 before filing this motion.

2. By way of background, David Cooner of the firm McCarter & English LLP, is AstraZeneca's New Jersey counsel for purposes of *International Union of Operating Engineers, Local No. 68 Welfare Fund (An Unincorporated Trust) v. AstraZeneca PLC, et al.*, Civil Action No. L-3136-06 (N.J. Super. Ct., Monmouth County) (the "New Jersey action"). John E. Keefe, Jr., of the firm Keefe & Bartels, is New Jersey counsel for the plaintiff, International Union of Operating Engineers, Local

No. 68 ("IUOE").  Mr. Haviland is IUOE's national counsel.  The communications described below were between and among New Jersey and national counsel for AstraZeneca and IUOE.

      3.      On multiple occasions prior to filing the Renewed Motion for Injunction, Mr. Cooner and I conferred with Mr. Haviland and Mr. Cooner conferred with Mr. Keefe to request the dismissal of AstraZeneca LP and AstraZeneca PLC from the New Jersey action.  As Mr. Cooner and I explained to Mr. Haviland and Mr. Keefe, those entities are effectively overlapping defendants with the MDL action and should therefore be dismissed pursuant to this Court's direction.

      4.      On at least two occasions, we (Mr. Cooner and I) spoke with Mr. Haviland via telephone concerning this request for dismissal.  In connection with these efforts, we provided to Mr. Haviland and/or Mr. Keefe (in multiple email messages) information that they requested from AstraZeneca concerning AstraZeneca LP and AstraZeneca PLC.

      5.      During these telephone conversations, I told Mr. Haviland that if we could not resolve this issue, we would seek relief from this Court.  To that end, in the pleading of November 19, 2007, AstraZeneca reserved the right to seek judicial relief if the parties were unable to agree on the dismissal of AstraZeneca PLC and AstraZeneca LP from the New Jersey action.

      6.      After months of communication back and forth, Mr. Haviland told me and Mr. Cooner that he would not release either AstraZeneca LP or AstraZeneca PLC from the New Jersey action because they are not named defendants in the MDL Proceeding.  AstraZeneca then filed this motion.

7. I believe that our unsuccessful attempts to resolve this issue with Mr. Haviland prior to the filing of this motion fully satisfied our obligations under Local Rule 7.1.

Signed under the penalties of perjury this 21st day of March 2008.

By: /s/ Kimberley D. Harris  
Kimberley D. Harris

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on March 21, 2008 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

By: /s/ Katherine B. Schmeckpeper
Katherine B. Schmeckpeper