**Exhibit C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

PHARMACEUTICAL SOCIETY OF THE STATE OF
NEW YORK, INC., STILL'S PHARMACY, INC.,
RIIS-WALD PHARMACY, INC., and M.F.K.
DRUG CO., INC.,

                          Plaintiffs,

            -against-

HUGH L. CAREY, Governor of the State
of New York, and PHILIP L. TOIA,
Commissioner, New York State Department
of Social Services,

                          Defendants
-----------------------------------x

STIPULATION OF PARTIAL SETTLEMENT

76 Civ. 5080 (L)



       IT IS HEREBY STIPULATED AND AGREED, by and between the signatories hereto, that this case is settled on the following terms and conditions:

       1. The New York State Department of Social Services (hereinafter referred to as the Department) shall notify the local social services districts, except where the Department performs affected services directly or via a fiscal agent pursuant to Social Services Law § 367(b), forthwith of the implementation of the new estimated acquisition cost (hereinafter "EAC") price list referred to and contemplated by this Stipulation of Partial Settlement, the immediate implementation of said price list, the new procedures under which said price list and its future revisions are to be prepared, and the procedure to be followed by the local districts in implementing said new EAC price list.

-1-



2.  The Department shall make reasonable determinations of the prices "generally and currently paid by providers" of pharmaceutical services in the State of New York in preparing the aforementioned and any future EAC price list.

3.  The Department agrees that as the EAC list is, as soon as possible, updated it will make available, free of charge, to all enrolled pharmaceutical providers a microfiche containing the revised EAC list. Upon written request any enrolled pharmaceutical provider will be provided with a paper copy of the updated EAC list. Said paper copy of the updated EAC list will be provided upon payment of a reasonable fee to cover the costs of reproduction and mailing.

4.  The Department shall enter upon a procedure (either directly or through a contractor retained by the Department) throughout the State wherein it shall determine and set the EAC amount to be paid pharmaceutical providers in the state for reimbursement of the cost of pharmaceutical products by surveying and averaging the prices charged said pharmaceutical providers by twelve major wholesalers doing business in the State of New York. Where product information is not available from twelve wholesalers then the amount to be reimbursed shall be based upon a survey of the largest possible number of wholesalers

-2-

5. If it should occur that the Department determines from ascertainable evidence that the prevailing sound business practice of pharmaceutical providers with regard to the purchase of a particular drug product is direct purchase from the manufacturer, then such drug shall be reimbursed on that basis, notwithstanding the provisions of paragraph "4" hereinabove, and in such case reimbursement shall be calculated as follows:

(a) The Department shall determine the price commonly and currently paid by pharmaceutical providers in New York State to such manufacturer and this price shall be the exclusive determinant, except as indicated in sub-paragraph 5(c) hereinbelow, of the estimated acquisition cost for such drug product.

(b) Each dosage form and strength of a particular drug product shall be considered separately.

(c) However, the Department shall establish the EAC for each drug product pursuant to paragraph "4" hereinabove for those drug products which can be demonstrated to fall into the following categories:

(1) Those drug products which cannot be purchased by providers from any source other than wholesalers.

(2) Those controlled drug products classified in

-3-

Schedules II-V as established by the New York State Department of Health which are usually and customarily inventoried in small quantities as a result of such classifications and the character of such drugs.

(3) Antibiotic drug products that are commonly and customarily prescribed in small quantities and as a result are purchased by providers in small quantities.

(4) Inordinately expensive drug products that providers do not usually and customarily purchase in large quantities.

(5) All drug products which are not among the 100 most frequently prescribed drugs as listed and surveyed by the national pharmaceutical journals, unless it can be demonstrated that such drug products are purchased in larger quantities by providers.

The Department agrees that it will notify pharmaceutical providers of all proposed determinations as described in this paragraph at least thirty (30) days prior to the proposed effective date of the change in the EAC for the particular drug product.

6. The Department shall establish a Pharmacy Advisory Committee, consisting of from nine (9) to fifteen (15) members, a majority of whom shall be pharmacists participating in the

-4-

Medicaid program in the State of New York. The Department shall meet with this Committee from time to time but not less than quarterly, for purposes of seeking its advice in matters relating to the pharmaceutical industry, including but not limited to all matters encompassed in this stipulation. Specifically, the Pharmacy Advisory Committee shall be consulted by the Department in regard to the procedures set out in paragraph "5" hereinabove, and notified not less than thirty (30) days prior to the proposed effective date of any proposed changes in pricing or pricing methodology. The Department agrees to present for the Committee's consideration, the basis for any such changes. The Committee upon presentation of such information shall have twenty-one (21) days within which to consider the appropriateness of such change and to present its views to the Department and the Department shall consider and respond to those views within nine (9) days. At least once a year the Department shall conduct a public hearing on the subject of Medicaid pharmaceutical dispensing fees and the estimated acquisition costs of prescription drugs.

7. The procedure outlined above shall be promulgated by the Department forthwith and shall become effective immediately throughout the State for all purposes. Local social services districts shall be so informed by the Department of Social Services forthwith.

-5-

8. The New York State Department of Social Services shall make every effort to review and correct the accuracy and proficiency of the procedures and/or prices outlined in paragraph "4" and "5" hereinabove monthly, if possible, but in no event less often than quarterly. The State acknowledges responsibility for the reliability of said procedures and/or prices including a reflection of reasonable geographic distribution of source data obtained from wholesalers in New York State.

9. Regarding the pharmaceutical provider dispensing fee, the Department agrees to ~~recommend to the appropriate bodies~~ promulgate a regulation to institute effective July 1, 1978, an increase in the statewide dispensing fee to $2.60 per prescription. ~~In the event this recommendation is adopted, the Department will endeavor to have such adjustment become effective at the earliest possible date.~~



10. Notwithstanding any term or condition of this stipulation, the State expressly reserves the right to use such methodology for determining reimbursement as may be hereinafter mandated by Federal law or Regulation or by State law.

11. The New York State Department of Social Services is committed to and shall make every reasonable effort to effectuate the procedures outlined hereinabove to make a reasonable determination of the prices commonly and currently paid by providers. However, should such performance become illegal or

-6-

precluded as a result of litigation then, in such event, the New York State Department of Social Services shall make every reasonable effort to utilize an appropriate procedure with a methodology as similar as practicable to the procedure outlined herein, consistent with Federal law and Regulations and State law and existing Regulations and such Regulations as may be necessary to effectuate this stipulation.

We hereby consent to the form and entry of the foregoing Order.

Dated: New York, New York
July 5, 1978.

SO ORDERED: 7/5/76

_____
U.S.D.J.

BARBARA B. BLUM
Commissioner, New York State
Department of Social Services

_____

PHARMACEUTICAL SOCIETY OF
THE STATE OF NEW YORK, INC.

By _____

STILL'S PHARMACY INC.

By _____

RIIS-WALD PHARMACY, INC.

By _____

M.F.X. DRUG CO., INC.

By _____

-7-