**Exhibit H**

HINMAN, STRAUB, PIGORS & MANNING, P. C.
ATTORNEYS AT LAW
121 STATE STREET
ALBANY, NEW YORK 12207-1693

TEL: 518-436-0751
FAX: 518-436-4751

71 BAY STREET
GLENS FALLS, NEW YORK 12801-0018
TEL: 518-792-0598
FAX: 518-792-1517

50 E STREET, SOUTHEAST
WASHINGTON, D.C. 20003-4034
TEL: 202-863-0806
FAX: 202-863-0995

**FOR SETTLEMENT PURPOSES ONLY**

August 12, 1993

Ms. Barrie L. Goldstein
Assistant Attorney General
    and Special Litigation Counsel
New York State Department of Law
120 Broadway
New York, NY 10271

RE: <u>Pharmaceutical Society v. Cuomo</u>

Dear Barrie:

This letter is written in response to your letter dated July 12, 1993. As presented, the settlement proposal is unacceptable. Although you deem it to be a final one, we believe that the comments set forth below made by the Pharmaceutical Society are certainly worthy of further consideration by the Department.

There are two major stumbling blocks to settlement in the current proposal: the phased-in dispensing fee increases and the retroactive recovery issue.

1.  Phased-In Dispensing Fee: There are several issues raised in regard to this. First of all, the increases are not tied in any way to the substantial OBRA rebates the State has been receiving. These monies should be allocated (or at least a portion) to the Medicaid pharmacy program as intended by Congress. Secondly, a four year phase in of the increases is unacceptable. While the discount off AWP is immediate, you suggest that the pharmacists wait four years for an adequate fee. This is unfair and more importantly, it is unworkable from the pharmacists' burden rate perspective. In addition, a phase-in of the dispensing fee would be even more inappropriate if co-payments are implemented. It should be noted that the pharmacists would consider a phase-in of the dispensing fee with a phase-in of the discount.

PSSNY 001877

HINMAN, STRAUB, PIGORS & MANNING, P.C.     DATE     August 12, 1993     PAGE 2

2. Retroactive reimbursement of difference between AULs and AWP for multiple source drugs from October 31, 1989 to February 22, 1992: There are many reasons why retroactive reimbursement is "not doable". First of all, many pharmacists in this state would be irreparably harmed if they were required to reimburse the State for monies paid to them years ago. The Pharmaceutical Society can demonstrate to DSS the disasterious financial consequences which would result from such action. Retroactive reimbursement would render present reimbursement wholly unreasonable. Implementation of the co-payment program at the same time as retroactive reimbursement will cause even more widespread consequences.

Secondly, as we have stated in the past, DSS has absolutely no legal authority to make this retroactive adjustment. In February 1988, the upper limit regulations were deemed to be void <u>ab initio</u>. In fact, at the hearing held before Judge Duffy on September 19, 1989, at which time the State was held in contempt of the injunction against the regulation, Judge Duffy stated and the State agreed that the enjoined regulation had been rendered void <u>ab initio</u>. (A copy of pages 12-13 of the transcript is annexed hereto as Exhibit "A").

From February 1988 through February 13, 1992, there were absolutely no upper limit regulations in effect in the State of New York. As you know, the fact that DSS was attempting to implement upper limit reimbursement without adopting new regulations was challenged in State Court and as a result DSS adopted upper limit regulations on an emergency basis on February 13, 1992. This action reconfirms the State's prior acknowledgement that the earlier regulations were void <u>ab initio</u>. The fact that Judge Duffy dissolved the injunction as of October 31, 1989 did not in any way relieve DSS of its responsibility to abide by the State's administrative procedures. Again, this is confirmed by DSS' filing of the rule in February 1992. Furthermore, DSS has argued to the Court that the Stipulation is no longer necessary for the protection of the pharmacists as they can rely on the protections found in SAPA. Again, this is an acknowledgement that SAPA must be complied with prior to the implementation of the upper limits methodology which did not occur until February 1992.

<u>Since there was no upper limit regulation from 1988 through 1992, there is absolutely no legal basis upon which the State can seek retroactive reimbursement since there was no rule in effect setting forth the upper limit methodology during that period.</u>

These hurdles to retroactive reimbursement were created by the State which at all times had the power to comply both with the Stipulation and the regulatory rulemaking requirements to properly change the reimbursement methodology. The State's failure to fulfill these clear legal requirements leaves the State without the legal authority to recover retroactive reimbursement. It is also a

PSSNY 001878

HINMAN, STRAUB, PIGORS & MANNING, P.C.                    DATE            August 12, 1993            PAGE    3

mystery why the State is so adamant about retroactive reimbursement when the federal government has taken absolutely no interest in this issue.

Of course, if the State seeks to recover retroactive reimbursement, the pharmacists will seek the retroactive increase in the dispensing fee which they are entitled to according to the most recent Second Circuit opinion on this matter (case was remanded "for a hearing to determine how much the fee should be increased for generic drugs"). To date, the pharmacists are retroactively entitled to a dispensing fee increase since February 22, 1992 for the reduction in reimbursement that occurred due to the implementation of the upper limits at that time. If any reduction in reimbursement occurs for earlier periods due to retroactive recovery, corresponding increases in dispensing fees will be sought consistent with the Second Circuit's finding on the unreasonableness of the dispensing fee.

Finally, it must be stated that the amount of the retroactive reimbursement allegedly due is also disputed by the pharmacists. Why is there such a dramatic disparity between the retroactive reimbursement sought by DSS and the amount paid to pharmacists for the earlier period of contempt by the State. This certainly requires documentation by the State.

We would appreciate DSS' further consideration of these matters before we request a conference with Judge Duffy. Thank you for your attention.

Very truly yours,

*Eileen M. Considine*

Eileen M. Considine

EMC:drl

cc: Craig Burridge
    Steven Giroux
    Joseph Bova

1229K

PSSNY 001879

Exhibit A

PSSNY 001880