# Exhibit I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

PHARMACEUTICAL SOCIETY OF THE STATE OF  :
NEW YORK, INC., STILL'S PHARMACY, INC.,
RIIS-WALD PHARMACY, INC., and M.F.K.    :
DRUG CO., INC.,
                                        :
            Plaintiffs,
                                        :         ORDER
       - against -
                                        :   76 Civ. 5080 (KTD)
MARIO CUOMO, Governor of the State of
New York, and CESAR A. PERALES,         :
Commissioner, New York State Department
of Social Services,                     :

            Defendants.                 :

------------------------------------X

WHEREAS, plaintiffs, the Pharmaceutical Society of the State of New York, Inc., Still's Pharmacy, Inc., Riis-Wald Pharmacy, Inc., and M.F.K. Drug Co., Inc. (the "Pharmaceutical Society"), and defendants, Mario Cuomo, Governor of the State of New York, and Cesar A. Perales, Commissioner of the New York State Department of Social Services (the "State"), entered into a Stipulation of Settlement, so ordered by this Court on July 5, 1978 (the "Settlement Order");

WHEREAS, upon the Pharmaceutical Society's application, this Court entered an order on February 29, 1988 which enjoined the State from violating the terms of the Settlement Order (the "1988 injunction");

WHEREAS, this Court, by order issued from the Bench on September 19, 1989, held the State in contempt of the injunction and directed the taking of certain depositions to ascertain the

identity of the individuals responsible for this contempt (the "September 19, 1989 directive");

WHEREAS, the State, by affidavit of First Assistant Attorney General R. Scott Greathead, sworn to on October 3, 1989, represented to the Court that the State would compensate the Pharmaceutical Society for: (1) the difference between the amount of reimbursement available pursuant to paragraph 4 of the Settlement Order and the amount available under the aggregate upper limit (the "AUL") methodology, which was promulgated by the federal government and which had been implemented by the New York State Department of Social Services when the 1988 injunction existed (the "reimbursement difference"); and (2) the attorney's fees and costs incurred for the making of its contempt application (the "attorney's fees");

WHEREAS, the Court by endorsement order, dated October 16, 1989, stayed the September 19, 1989 directive upon the condition that the State move within 15 days to modify the Settlement Order (the "October 16, 1989 stay");

WHEREAS, the State, by notice of motion, dated and served on October 31, 1989, applied to the Court for dissolution of the injunction and modification of the Settlement Order (the "modification motion");

WHEREAS, the Pharmaceutical Society, by notice of cross-motion dated November 28, 1989, applied to the Court for modification of the Settlement Order and for an award of sanctions (the "cross-motion");

2

WHEREAS, the State compensated pharmacists completely for the reimbursement difference and compensated the Pharmaceutical Society for the attorney's fees;

WHEREAS, the Court entertained oral argument on the pending motions on March 23, 1990 and thereafter directed the parties to engage in settlement discussions;

WHEREAS, the Pharmaceutical Society subsequently applied, by notice of motion, dated January 31, 1991, for an order enforcing paragraph 8 of the Settlement Order (the "enforcement motion");

WHEREAS the State applied, by notice of motion dated February 11, 1991, for an order joining the federal government as an indispensable party (the "joinder motion"); and

WHEREAS, the federal government, subsequent to the service of the State's modification motion, has found the State to be in noncompliance with federal law and regulation by its use of the average wholesale price (the "AWP") mechanism to establish the estimated acquisition cost (the "EAC") for the category of "other drugs".

IT IS HEREBY ORDERED that:

1.  The 1988 injunction is terminated, effective October 31, 1989;

2.  The September 19, 1989 directive is dissolved, and the October 16, 1989 stay, accordingly, is vacated;

3.  The Pharmaceutical Society's cross-motion is denied;

4.  The Pharmaceutical Society's enforcement motion is denied;

5.  The State's joinder motion is denied; and

6.  The State's modification motion is granted as follows:

A.  Paragraph 4 of the Settlement Order is deleted and a new paragraph 4(A) is substituted to provide that:

> "4A. Effective October 31, 1991, the State shall reimburse pharmacists for prescription drugs which are multiple source as defined by 42 C.F.R. § 447.332(a), at the specific upper limits listed and published by the Health Care Financing Administration of the United States Department of Health And Human Services."

B.  A new paragraph 4(B) is added to the Settlement Order. It provides:

> "4B. The State shall reimburse pharmacists for the category of other drugs, as defined by 42 C.F.R. § 447.331(b), at the lower of: (1) the usual and customary charges to the general public; or (2) the average wholesale price, as specified in the drug price reference guide used by the New York State Department of Social Services, less 10 percent."

C.  A new paragraph 12 is added to the Settlement Order it provides:

4

"12. This Stipulation of Settlement shall expire September 17, 1994."

Dated: New York, New York
~~October~~ December 12, 1991

_____
U.S.D.J.

5