UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | ) ) | Judge Patti B. Saris |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, CIVIL ACTION NO. 06–CV-11337-PBS | ) ) ) ) ) | Mag. Judge Marianne B. Bowler |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION FOR A
PROTECTIVE ORDER RELATING TO THE REQUESTS BY
DEFENDANT ABBOTT FOR DEPOSITIONS UNDER RULE 30(b)(6)**

The United States of America, through its undersigned counsel, respectfully moves this

Court to issue an order pursuant to Federal Rule of Civil Procedure 26(c) prohibiting defendant

Abbott Laboratories, Inc. ("Abbott"), from subjecting government witnesses to deposition

pursuant to Federal Rule of Civil Procedure 30(b)(6) on Abbott's seventy-nine (79) topic and

sub-topic areas.  *See* Exhibits A, B & C.  The topics, addressed below, are unreasonably broad

and burdensome, seek privileged and irrelevant information, duplicate completed discovery

and/or seek information that has been obtained by other means.  Fed. R. Civ. P. 26(b)(2)(C).

Abbott rejected the government's attempts to craft reasonable topic descriptions and stands by all

seventy-nine of its topic and sub-topic descriptions.

I.    **BACKGROUND**

A.    **The United States' Case**

The United States filed suit against Abbott under the False Claims Act ("FCA") and the

common law asserting that from 1991 through 2001, Abbott reported false, fraudulent and

inflated prices on five generic drugs (dextrose solutions, sodium chloride solutions, sterile water, Vancomycin and Acyclovir) ("Subject Drugs") to pricing compendia knowing that Medicare and Medicaid relied upon those reported prices to set reimbursement rates for those drugs, all while selling the drugs to customers at far lower prices.  The United States alleges that Abbott marketed the government-funded "spread" between the reimbursement amounts calculated with the false price and the real price paid by its customers to increase sales of the drugs, thereby boosting Abbott's profits.

### B.      Extensive Discovery Taken by Abbott

The United States has provided Abbott with extensive discovery from the Centers for Medicare & Medicaid Services ("CMS"), including: agency regulations and policies; broad document production showing CMS's positions and communications; CMS's responses to Office of Inspector General ("OIG") reports; CMS's verified responses to interrogatories; Rule 30(b)(1) deposition testimony of nearly every requested witness for over a year, including high level current and former CMS officials, including those who would be considered APEX witnesses; Rule 30(b)(6) deposition testimony a number of the very topics described in Abbott's most recent requests; and Rule 30(b)(6) testimony of Medicare carriers.[1]  The United States is further providing Abbott with Rule 30(b)(6) deposition testimony on six of its topics, albeit narrowed as described in Section III of this memorandum.  The United States has been more than reasonable in the discovery it has provided to Abbott and now seeks protection from the Court from Abbott's truly burdensome, improper, irrelevant and harassing requests.

---

[1] The United States has also provided Abbott with extensive discovery from OIG, including a voluminous document production of internal work papers, verified interrogatory responses and depositions.

### C.     Abbott's Requests for 30(b)(6) Depositions

On November 20, 2007, Abbott sent a letter to the government requesting depositions

pursuant to Rule 30(b)(6) on fourteen (14) topic and sub-topic areas.  (Ex. A)  On November 21,

2007, Abbott sent a second letter listing fifty-six (56) additional topic and sub-topic descriptions.

(Ex. B)  On November 30, 2007, Abbott sent a third letter requesting Rule 30(b)(6) depositions

on nine (9) additional topics, such that the total number of Abbott's Rule 30(b)(6) topics and sub-

topics is seventy nine (79).  (Ex. C)  The government objected to defendant's Rule 30(b)(6)

requests in letters dated December 13, 2007 and December 21, 2007.  (Ex. D & E).

### D.     Efforts to Resolve The Issues and the Need for Protection

At Abbott's suggestion, the parties agreed that the time provided for in the Case

Management Order for the filing of a motion for protective order on defendant's Rule 30(b)(6)

depositions was deferred until after the parties identified the topics for which no resolution could

be reached.  *See, e.g.,* January 22, 2008 letter from E. Strawn to C. Cook at p. 5; February 8,

2008 letter from C. Cook to E. Strawn at p. 6.  (Ex. F & G).

The parties engaged in lengthy meet and confer telephone conferences and an exchange

of letters and e-mails.  During the parties' discussions, the government attempted to offer

reasonable topic descriptions to satisfy Abbott's principal areas of interest.  On March 6, 2008,

Abbott rejected the United States' efforts and issued a Notice of Rule 30(b)(6) deposition of the

United States for March 24, 2008 on all seventy-nine topics and sub-topics.  Still, the United

States continued to offer reasonable Rule 30(b)(6) topics on areas of interest to Abbott.

On March 13, 2008, the United States offered a long-time, current CMS employee, Larry

Reed, on a Medicaid reimbursement topic deposition, modeled after one of Abbott's topics.  That

3

Rule 30(b)(6) deposition took place on March 20, 2008.  On March 14, 2008, the United States

offered Don Thompson, also a current CMS employee, on several additional Rule 30(b)(6)

topics, also modeled on Abbott's topic descriptions, related to Medicare reimbursement, together

with topics relating to whether the government was aware of Abbott's conduct on the Subject

Drugs and communications between CMS and Abbott.  Abbott will be taking that Rule 30(b)(6)

deposition on March 28, 2008.  Despite the United States' attempts to provide reasonable Rule

30(b)(6) testimony, Abbott has not withdrawn any of its seventy-nine topic or sub-topic

descriptions in its Rule 30(b)(6) notice.

## II.    ARGUMENT

Federal Rule of Civil Procedure 30(b)(6) provides as follows:

Notice or Subpoena Directed to an Organization.  In its notice or subpoena, a
party may name as the deponent a public or private corporation, a partnership, an
association, a governmental agency, or other entity and must describe with
reasonable particularity the matters for examination.  The named organization
must then designate one or more officers, directors, or managing agents, or
designate other persons who consent to testify on its behalf; and it may set out the
matters on which each person designated will testify.  A subpoena must advise a
nonparty organization of its duty to make this designation.  The persons
designated must testify about information known or reasonably available to the
organization.  This paragraph (6) does not preclude a deposition by any other
procedure allowed by these rules.

The purpose of Rule 30(b)(6) depositions, as explained by the Advisory Committee, is:

It will reduce the difficulties now encountered in determining, prior to the taking
of the deposition, whether a particular employee or agent is a 'managing agent.' . .
.  It will curb the "bandying" by which officers or managing agents of a
corporation are deposed in turn but each disclaims knowledge of facts that are
clearly known to persons in the organization and thereby to it. . . . The provision
should also assist organizations which find that an unnecessarily large number of
their officers and agents are being deposed by a party uncertain of who in the
organization has knowledge.

Fed. R. Civ. P. Rule 30(b)(6) advisory committee's note (internal citations omitted).

For the reasons explained below, all of Abbott's seventy-nine topic and sub-topic descriptions are highly objectionable and improper as written. For most of the seventy-nine topic and sub-topic descriptions, there are multiple and independent adequate grounds upon which the Court should issue an order protecting the United States from designating a witness. These grounds include the fact that the topics and sub-topics are not described with the particularity required by Rule 30(b)(6), they seek information that is irrelevant to any matter at issue in this case, they are subject to a privilege, they are improper Rule 30(b)(6) topics, they duplicate completed discovery (including completed Rule 30(b)(6) depositions) and they are unreasonably burdensome.

The United States has done its level best to separate the wheat from the chaff and has identified six reasonable topic descriptions that are modeled after six of Abbott's descriptions. The topic descriptions the United States has proposed, and upon which it has already begun to provide Rule 30(b)(6) deposition testimony, are listed in Section III of this memorandum. As for the remainder of Abbott's topics and sub-topics, Abbott has yet to withdraw or narrow any, despite the United States' efforts to provide reasonable Rule 30(b)(6) testimony. Due to the large number of topics requested by Abbott, and the multiple reasons why they are improper, this memorandum focuses on the United States' principle objections.[2]

---

[2] The United States therefore refers the Court to the attached letters from the United States to Abbott dated December 13, 2007 and December 21, 2007, which provide the full list of objections to each topic and sub-topic. (Ex. D & E).

A.     **Abbott's Rule 30(b)(6) Topics Are Not Described with Reasonable Particularity**

Under Rule 30(b)(6), a party seeking deposition testimony pursuant to Rule 30(b)(6) must "describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000) ("Accordingly, to allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.")

Many of Abbott's Rule 30(b)(6) topic descriptions are so unreasonably broad that identifying and preparing witnesses to fulfill them is not feasible.  Although many of Abbott's topic descriptions are problematic in this way, a review of the first topic listed in each of Abbott's three letters alone illustrates the breadth and impracticality of Abbott's Rule 30(b)(6) topic descriptions.  As with the other examples offered in this memorandum, these examples are not exhaustive but illustrative of how highly objectionable Abbott's requests are on a number of grounds, such as the extent to which they duplicate completed discovery, seek information on legal questions and are irrelevant to any matter at issue in this case.

For example, the first topic in Abbott's November 21, 2007 letter seeks Rule 30(b)(6) testimony regarding, "[t]he authorship, utilization, reliance upon, accuracy of content, and distribution of all regulations, statutes, and guidance concerning payment for the Subject Drugs or claims at issue in this case."  Ex B at p. 1.  The breadth of this topic is such that the United States cannot begin to ponder how to prepare the many witnesses that would be required to

address it.  To satisfy the "authorship" prong alone would require the identification of every

representative, senator, Congressional staffer, administration staffer, HCFA/CMS employee,

lobbyist, interest group, etc. who authored, utilized, relied upon or distributed any portion of the

governing statutes, regulations and guidance.  Moreover, this topic covers not only the statutes,

regulations and guidance that affected payment for the Subject Drugs, but those that concern the

"claims at issue in this case," such as the FCA.  This topic does not "describe with reasonable

particularity the matters on which examination is requested" as required under Rule 30(b)(6).

The first topic in Abbott's November 20, 2007 letter is similarly lacking in "reasonable

particularity."  That topic calls for Rule 30(b)(6) testimony on the "veracity of and good faith

basis for all representations and factual allegations made in this matter by the Department of

Justice in any filing on behalf of CMS or HHS, including but not limited to . . . ."  Ex. A at p.1.

The list that follows, even if it were drafted as an exhaustive list, would be unreasonably broad.

But to expect the United States to locate and educate sufficient Rule 30(b)(6) witnesses to testify

to every representation and factual allegation made by the Department of Justice in this years-

long litigation is unreasonable and fails the "reasonable particularity" test of a valid Rule

30(b)(6) topic.  *Alexander v. Fed. Bureau of Investigation*, 188 F.R.D. 111, 121 (D.D.C. 1998)

(rejecting a Rule 30(b)(6) notice to depose on "any matters relevant to this case" as failing to

meet the "reasonable particularity" standard of Rule 30(b)(6)).

Topic One of the November 30, 2007 letter is so broad as to mimic a trial on the merits, if

it were possible to locate and fully educate sufficient witnesses to fulfill it.  That topic seeks

"[t]he identity of each and every allegedly false or fraudulent statement or action made or taken

by Abbott that relates in any way to the United States' claims contained in the Complaint,

including . . . ." Ex. C at p.1.  As before, the list that follows would be unreasonably broad if it were exhaustive.  It certainly fails the "reasonable particularity" test, as do many other of Abbott's Rule 30(b)(6) topics, of which these three are but examples.

**B.      Abbott's Rule 30(b)(6) Topics Seek Irrelevant Information**

A number of Abbott's Rule 30(b)(6) topics seek deposition testimony that is irrelevant and could not lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Irrelevant topics and sub-topics can be grouped into two general categories: those that seek information relating to Abbott's assertions about government knowledge and those that seek to ascertain the government's legal positions.  It bears noting that, as with the other examples provided in this memorandum, the examples provided below are objectionable on multiple grounds, such as burden and duplication of completed discovery.

**1.      Abbott's Rule 30(b)(6) Topics Seek Information Irrelevant to any Permissible Government Knowledge Defense**

Abbott has indicated that its defense in this case will focus on what government agencies in this case may have known about the accuracy of the reported drug prices used to set reimbursement amounts under Medicare and Medicaid.  It is well-established that government knowledge of the falsity of a defendant's claim is not generally a defense under the FCA.  *See, e.g., United States ex rel. Schwedt v. Planning Research Corp.,* 59 F.3d 196, 199 (D.C. Cir. 1995); 31 U.S.C. § 3729(a), (b).

In certain, limited circumstances, evidence of government officials' knowledge and approval of a defendant's conduct may be relevant to the question of whether the defendant possessed the requisite scienter under the FCA.  Under the FCA, to negate scienter Abbott must

show (1) that the government was fully informed by Abbott concerning its creation and use of AWP spreads for its own marketing purposes and (2) that the government approved of the specific conduct at issue.  *See* Judge Saris's Memorandum and Order in *In re Pharm. Indus. Average Wholesale Price Litig.*, 478 F.Supp.2d 164, 174 (D. Mass. 2007) (denying motion to dismiss California False Claims Act claim, noting that government approval of the particulars is necessary to negate scienter).  Mere acquiescence is not enough to constitute approval negating FCA scienter.  *See United States ex rel. Tyson v. Amerigroup*, 488 F.Supp.2d 719, 729-730 (N.D. Ill. 2007).  There is, however, no evidence that the government was fully informed and approved of Abbott's fraudulent prices on the Subject Drugs during the relevant period.  Moreover, any Rule 30(b)(6) deposition testimony that Abbott were to acquire now through discovery would have no bearing on defendant's scienter during 1991-2001 and is therefore irrelevant.

Several of Abbott's Rule 30(b)(6) topics appear to seek evidence relevant to Abbott's considerably broader (and legally incorrect) view of the government knowledge defense, as confirmed by Abbott's counsel during the lengthy meet and confer conferences.  For example, Topic Seven of the November 21, 2007, letter seeks Rule 30(b)(6) testimony regarding, "[w]hat steps CMS, its employees, agents, or carriers or any state Medicaid Program took upon learning of the Ven-A-Care *qui tam* complaints, the article published in *Barron's* magazine entitled 'Hooked on Drugs' (June 10, 1996), or any other communication advising them that AWPs for the Subject Drugs exceeded the acquisition costs for those drugs."  Ex. B at p.2.  No information obtainable through a deposition on this topic description is relevant to Abbott's scienter from 1991 through 2001.

To the extent the government may have been aware during that time period of allegations

of inflated pricing on prescription drugs generally, or of false AWPs on drugs reimbursed by Medicare and Medicaid more specifically, it is irrelevant to the question of whether Abbott was aware at the time of the falsity of its prices.  To the extent Abbott seeks Rule 30(b)(6) testimony on whether the government was informed of Abbott's AWP practices and approved of them, as would be relevant to Abbott's scienter during 1991-2001, they may obtain it through the modified Rule 30(b)(6) topics described in Section III of this memorandum, below.

### 2.    Abbott's Rule 30(b)(6) Topics Seek to Ascertain the Government's Legal Positions

Many of Abbott's Rule 30(b)(6) topic descriptions seek deposition testimony to ascertain the government's legal positions, as opposed to any discoverable facts.  A number of courts have ruled that legal contentions are not a proper subject for Rule 30(b)(6) discovery.  *See Goss Int'l Americas, Inc. v. MAN Roland, Inc,* No. Civ. 03-CV-513-SM 2006 WL 1134930 at *5 (D. N.H. April 28, 2006) (denying motion to compel Rule 30(b)(6) deposition regarding claim construction noting, "claim construction is a question of law, and legal contentions are not a proper subject for factual discovery.")

Courts have held that legal positions should be ascertained by interrogatory rather than by Rule 30(b)(6) deposition based on the sheer inefficiency of requiring an oral recitation of legal questions and the difficulty of preparing a non-attorney witness on the intricacies of questions of law.  *See, e.g., id.; SmithKline Beecham Corp., v. Apotex Corp*, 2004 WL 739959 at *3 (E.D. Pa. March 23, 2004) (ruling that certain categories of proposed Rule 30(b)(6) deposition pertained to legal positions that should be ascertained by means of interrogatories rather than deposition because "[i]t would be very difficult for a non-attorney witness to answer such questions at a

10

deposition."); *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan.1996)

(granting protective order against Rule 30(b)(6) deposition inquiry into legal conclusions, on

grounds that producing responses to such questions is "overbroad, inefficient, and

unreasonable"); *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 285-88 (N.D.

Cal. 1991) (ordering both parties to use contention interrogatories rather than Rule 30(b)(6)

deposition to ascertain other side's legal positions.)  Indeed, Abbott has propounded, and the

government has provided verified responses to, interrogatories concerning the government's

legal positions.  If Abbott believes that the government's responses to such interrogatories are

insufficient, the proper course was to move to compel, not attempt an end-run through a Rule

30(b)(6) deposition.

Thus, all of Abbott's Rule 30(b)(6) topics calling, in whole or in part, for testimony on

the government's legal positions are improper.  One example of such a topic is Topic Four of the

November 30, 2007 letter, which seeks testimony regarding "[t]he identity of all laws,

regulations, and Communications to Abbott that the United States contends required Abbott to

report prices to Publishers that reflected the 'the prices at which Abbott actually sold its drugs'

and/or refrain from marketing the 'spread' to its Customers, including: (a) every Manufacturer

that did comply with these duties and (b) every Manufacturer that did not comply with these

duties."  Ex. C at p. 2.  This topic seeks Rule 30(b)(6) testimony establishing the government's

legal positions, not evidentiary facts, and as such is an improper topic for a Rule 30(b)(6)

deposition.

11

### C. Abbott's Rule 30(b)(6) Topics Seek Privileged Information

A number of Abbott's Rule 30(b)(6) topic descriptions call for testimony that would reveal matters protected by the attorney-client privilege, work product doctrine, deliberative process privilege and/or common interest privilege. Abbott has made no attempt to make any showing to overcome any of these protections. *See, e.g., In re Grand Jury Subpoena Dated November 8, 1979,* 622 F.2d 933, 936 (6th Cir. 1980) (on the standard to show the protections of the work product doctrine was waived.) The topics listed below, it should be noted, are improper on other grounds as well, such as irrelevance to any matter at issue in this case, duplication of completed discovery and undue burden.

### 1. Abbott's Rule 30(b)(6) Topics Seek Information Protected by the Attorney-Client Privilege, Work Product Doctrine and Deliberative Process Privilege

Several of Abbott's Rule 30(b)(6) topic and sub-topic descriptions seek information regarding the communications between the Department of Justice and HCFA/CMS or its agents; such communications are at the heart of the attorney-client privilege and work product doctrines. *See, e.g., F.D.I.C. v. Ogden Corp.,* 202 F.3d 454, 460 (1st Cir. 2000) (on the attorney-client privilege); *United States v. One Tract of Real Property*, 95 F.3d 422, 427 (6th Cir. 1996) (applying work product doctrine to work of government attorneys); Fed. R. Civ. P. 26(b)(3). Further, evidence that reflects the process of agency decision-making is shielded from discovery by the deliberative process privilege. *See NLRB v. Sears, Roebuck, & Co.*, 421 U.S. 132, 151 (1975) (interpreting exemption (b)(5) of the Freedom of Information Act). Its purpose is to "prevent injury to the quality of agency decisions," *id.*, and is "predicated on the recognition that 'the quality of agency decisionmaking would be seriously undermined if agencies were forced to operate in a fishbowl.'" *Dow, Jones & Co. v. Department of Justice*, 917 F.2d 571, 573 (D.C.

Cir. 1990) (quoting *Wolfe v. HHS*, 839 F.2d 768, 773 (D.C. Cir. 1988) (en banc)).

An example of one of Abbott's Rule 30(b)(6) topics that seeks information protected by the attorney-client privilege, work product doctrine and deliberative process privilege is Topic Four of the November 21, 2007 letter, which seeks "[a]ll facts or information related to CMS's decision, as explained in Program Memorandum Transmittal AB-00-86 (September 8, 2000), to instruct Medicare carriers to consider AWP data generated by DOJ and NAMFCU as an alternative source of pricing information when determining payment for prescription drugs, and any facts or information related to CMS's subsequent decision to withdraw the instructions issued in that Program Memorandum." Ex. B at p.2. The closely related Topic Five of the November 21, 2007 letter seeks "[a]ll facts or information sufficient to explain why CMS chose to include certain drugs but not others in the list appended to Program Memorandum Transmittal AB-00-86 (September 8, 2000)." *Id.* These topics reflect communications between attorneys and their clients, the work product of attorney and the agency's decision-making process. They, and other topics seeking similar information, are therefore improper on the grounds that they seek testimony on matters protected by the attorney-client privilege, work product doctrine and deliberative process privilege.

### 2. Abbott's Rule 30(b)(6) Topics Seek Information Protected by the Common Interest Privilege

An additional group of requests seek Rule 30(b)(6) testimony that is protected by the common-interest privilege as well as the attorney-client privilege and work product doctrine. For example, Topic Twenty-Seven of the November 21, 2007 letter seeks, "[a]ll communications between the United States and Ven-A-Care concerning the United States' decision to intervene against Abbott in this matter, the United States' decision to unseal the docket with respect to

allegations against Abbott, and Ven-A-Care's adoption of the United States' original complaint

against Abbott." Ex. B at p.7. Such information is protected from discovery pursuant to the

common interest privilege, attorney-client privilege and work product doctrine. *See United

States ex rel. Purcell v. MWI Copr.,* 238 F.R.D. 321, 325 (D.D.C. 2006); *In re Grand Jury

Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990) ("[P]ersons who share a common interest in

litigation should be able to communicate with each other to more effectively prosecute or defend

their claims").

### D.   Abbott's Rule 30(b)(6) Topics Seek to Re-litigate Past Discovery Battles

Several of Abbott's Rule 30(b)(6) topics seek to re-litigate discovery battles it has already

lost before this Court. The following topics are examples. These topics are also improper for a

number of other reasons, including irrelevance, burden and the fact that the information they seek

is protected by a privilege.

### 1.   Abbott's Rule 30(b)(6) Topics Re-Argue the Application of the Deliberate Process Privilege

One example of Abbott's improper attempt to circumvent the Court's rulings on previous

discovery battles is its Rule 30(b)(6) topics and sub-topics seeking information protected by the

deliberative process privilege. Abbott has filed no fewer than twelve briefs asking this Court to

overturn the government's assertion of the deliberative process privilege in this case and this

Court has declined. *See* Dkt. 5144 at pp. 2-8 (comprehensive list of Abbott's attempts to

overturn the deliberative process privilege and this Court's Orders protecting the privilege).

Now, Abbott has issued a Rule 30(b)(6) deposition notice with topics and sub-topics (such as

Topic Four of the November 21, 2007 letter) that seek information protected by the deliberative

process privilege. Abbott's latest attempt to overrun the deliberative process privilege should fail

14

yet again.

### 2. Abbott's Rule 30(b)(6) Topics Involve Subject Areas That Have already Been Addressed By This Court's Rulings

Some of Abbott's Rule 30(b)(6) topics seek to re-litigate the battle they lost when they attempted to depose government counsel regarding the *amicus* brief submitted by the United States regarding the meaning of AWP.  In its Order of May 22, 2007, this Court issued a protective order relating to Abbott's request to depose government counsel regarding the drafting of the *amicus* brief.  Dkt. 4244.[3]  Now, Abbott is attempting to obtain Rule 30(b)(6) depositions on subject areas the Court disallowed in its May 22, 2007 Order.

An example of an Abbott topic that seeks information they have been precluded from obtaining by Order of this Court is topic one of the November 20, 2007 letter.  That topic seeks Rule 30(b)(6) deposition testimony regarding, "[t]he veracity and good faith basis for all representations and factual allegations made in this matter by the Department of Justice in any filing on behalf of CMS or HHS, including but not limited to . . . ."  Ex. A at p. 1.  This topic description expressly encompasses the "veracity and good faith basis for all representations and factual allegations" made in the *amicus* brief filed by the Department of Justice and, as such, is

---

[3] In its May 22, 2007 ruling denying certain Abbott Rule 30(b)(1) depositions, the Court also indicated that, "[t]o the extent Abbott has not deposed *the relevant officials* at CMS about *their* understanding and knowledge of the meaning of AWP, Abbott may serve a deposition notice to inquire about" a number of issues, including the meaning and application of AWP, reasonable costs, reasonable charges and Red Book.  Consistent with that order, Abbott conducted Rule 30(b)(1) depositions of the relevant officials about their understanding of those subjects.  However, Abbott's November 20, 2007 letter indicates that its second topic and related sub-topics for Rule *30(b)(6)* testimony by *CMS* on those topics was authorized by the Court's order.  Respectfully, Abbott misreads the scope of the Court's order.  In any event, as explained below, the United States has offered (and Abbott will be taking) a Rule 30(b)(6) deposition a related Abbott topic.

disallowed under May 22, 2007 ruling.

Another example of an improper topic is sub-topic 1(f), which seeks Rule 30(b)(6) testimony regarding the "veracity and good faith basis" for the representation made in the *amicus* brief that, "'[t]he Secretary understood that Red Book and the other wholesale price guides updated their information monthly, and thus believed that the published wholesale prices were a source of acquisition costs of some physicians and therefore could be used to calculate Part B drug payments.' Brief of United States as Amicus Curiae, at 15 (9/15/06, MDL 1456)." Ex. A at p. 2. This sub-topic flies in the face of the Court's May 22, 2007 Order granting the United States' motion for protection.

### 3.    Re-Litigating the United States' Interrogatory Number Seven

Another example of Abbott's improper re-litigation of past discovery battles is Topic Six of Abbott's November 21, 2007 letter. That topic seeks, *inter alia*, the identity of "any person at any time" who believed that the term "AWP" was supposed to represent the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail customer. Ex. B at p. 2.

This is an improper attempt to re-litigate the government's response to Abbott's interrogatory number seven. Magistrate Judge Bowler has already ruled that the government is obligated to identify one CMS person and one HHS person in response to parts (c) and (d) of Abbott's interrogatory number seven and that the government's response "is otherwise adequate." Dkt. 4244 at p.4. The United States has complied with that Order by identifying not one but two CMS officials: John Warren and Thomas Gustafson, both of whom Abbott has deposed about that very topic. Yet Abbott refuses to withdraw or narrow this topic and insists upon deposing a Rule 30(b)(6) witness upon this same topic again.

16

**E.      Abbott's Rule 30(b)(6) Topics Are Inappropriate Under Rule 30(b)(6)**

A number of Abbott's Rule 30(b)(6) topics and sub-topics are facially inappropriate for Rule 30(b)(6) testimony.  For example, Topic Six of Abbott's November 21, 2007 letter seeks (1) the *identity* of a single person who believed that AWP was used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail customer and (2) the *identity* of a single person who believed that AWP data published in Red Book and other national drug listings generally represented a comprehensive source and indicia of market prices.  Ex. B at p. 2. As explained above, this topic was largely satisfied by the government's response to Abbott's Interrogatory number Seven.  Even if it were not, however, a Rule 30(b)(6) deposition is not an appropriate discovery vehicle to request the identity of an individual - merely a name.  Such discovery should have been (and was) conducted through less burdensome methods than requiring the government to produce a live person in a deposition only to say a name in response to a single question.  It is an abuse of the purpose of Rule 30(b)(6).

Other examples of such abuse are the first two topics of the November 30, 2007 letter. Ex. C at p. 1.  These topics seek Rule 30(b)(6) testimony on every false statement made by Abbott and every occasion in which Abbott marketed the spread to a provider.  Rule 30(b)(6) is not a tool for parties to obtain miniature trials in the form of a deposition.  It is a precise discovery tool with an intended purpose, namely, to efficiently ascertain facts known to a corporate or government entity.  *See* Fed. R. Civ. P. 30(b)(6) advisory committee's note.

**F.      Abbott's Rule 30(b)(6) Topics Duplicate Completed Discovery and Place an Unreasonable Burden on the Government**

A large number of Abbott's Rule 30(b)(6) topics duplicate other discovery requests propounded by Abbott in this case.  As with the previous sections in this memorandum, these are merely examples of problems prevalent in many of Abbott's Rule 30(b)(6) topics.  Moreover, the examples below are improper on other grounds, in addition to the burden they impose and the degree to which they duplicate completed discovery.

The most obvious example of the duplication and burden of Abbott's Rule 30(b)(6) topics is the entirety of Abbott's November 30, 2007 letter, which even counsel for Abbott admits consists of topics that "are in some measure restatements of interrogatories propounded by Abbott."  Ex. G. at p. 6.  The government has responded to Abbott's interrogatories with verified responses and appropriate objections.  Abbott nevertheless demands that the government "put up a witness as to each of the specifications in the November 30, 2007 letter" because Abbott is dissatisfied with the government's responses.  *Id.*  That simply cannot be the basis of a valid Rule 30(b)(6) request.  The proper avenue for Abbott to challenge the adequacy of the government's responses to interrogatories is to file a motion with the Court.  If assertions of inadequate response to a discovery request are valid grounds for a Rule 30(b)(6) request, the requesting party can simply avoid losing on a motion to compel and force the responding party to bear the expense of putting up a Rule 30(b)(6) witness.  This is precisely the kind of abusive discovery request that the Court should curb pursuant to Rule 30(b)(2)(C)(i), (ii) and (iii).

Additional topics that duplicate completed discovery include the seventeen topics and sub-topics regarding the preservation of evidence and document production in the November 21, 2007 letter.  Ex. B at pp. 5-7.  The topics are entirely duplicative not only of completed

discovery, but of specific Rule 30(b)(6) depositions that Abbott has already taken.  The United

States offered, and Abbott has taken, the Rule 30(b)(6) depositions of Vickie Robey regarding

the preservation of evidence, Glenda Bailey regarding the government's 2004 search and

document production, Joseph Bryant regarding the 2007 search and document production and

Marianne Bowen regarding the government's electronic discovery.

In addition to all of the Rule 30(b)(6) deposition testimony obtained by Abbott on

document preservation and production, Abbott has conducted Rule 30(b)(1) depositions of

individuals with regard to those searches and productions.  Such duplication of completed

discovery is improper and burdensome.  *See Ameristar Jet Charter, Inc., v. Signal Composites,*

*Inc.*, 244 F.3d 189 (1st Cir. 2001) (affirming district court's decision to quash subpoena for

second Rule 30(b)(6) deposition).

## III.    THE UNITED STATES' PROPOSAL FOR RULE 30(b)(6) TOPICS

The United States, mindful of the impending closure of fact discovery, has sought

identify topic descriptions that address Abbott's principal subjects of interest in a reasonable

fashion.  These topics are proposed by the United States in a good faith attempt to provide the

Rule 30(b)(6) testimony requested by Abbott, with reasonable modifications, before the Court's

March 31, 2008 deadline for fact discovery.

The goal of these topic descriptions was to provide Abbott with Rule 30(b)(6) testimony

regarding, from 1991 through 2001: how CMS applied the term AWP (the meaning of that term

having been determined by Judge Saris as a matter of law); how CMS defined and implemented

the term "estimated acquisition cost" and (in general) CMS's belief as to whether the state

formulas would result in payment at the estimated acquisition cost; whether CMS was aware of

19

the market prices for the Subject Drugs and whether Abbott was marketing the spread; and

communications from CMS to Abbott regarding how to establish published and list prices and

marketing the spread.

The precise wording of the topic descriptions - all modeled on topics or sub-topics listed

in Abbott's November 21, 2007 letter - as offered by the United States is as follows:

> Topic 2(a): From 1991 to 2001 how CMS applied the term 'AWP' or 'national
> average wholesale price' as used in 42 C.F.R. 405.517.

> Topic 2(b): From 1991 to 2001 how CMS applied the term 'AWP' or 'Average
> Wholesale Price' as used in Section 4556 of the Balanced Budget Act of 1997, 42
> U.S.C. Section 1395u.

> Topic 14: From 1991 to 2001, with respect to Medicaid, how CMS defined and
> implemented 'estimated acquisition costs,' and whether, in general (not in detail
> as to each state or each year) CMS believed that the formula in the state plans
> would result in payment for drugs at the estimated acquisition cost of those drugs.

> Topic 19: Whether and to what extent CMS, between 1991 and 2001, was aware
> of the market prices for the Subject Drugs and that Abbott was allegedly
> 'marketing the spread.'

> Topic 20: From 1991 to 2001, any guidance, instruction, or requests
> communicated by CMS to Abbott regarding how to establish published and list
> prices.

> Topic 21: From 1991 to 2001, any guidance, instruction, or requests
> communicated by CMS to Abbott regarding marketing the spread.

## IV.        CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court enter

an order of protection with respect to Abbott's seventy-nine Rule 30(b)(6) topics and sub-topics,

limiting Abbott's requests to the Rule 30(b)(6) topic descriptions on which the United States has

offered testimony as described above in Section III of this memorandum, above.

Respectfully submitted,

For the United States of America,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA  02210
(617) 748-3272

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

/s/ Ana Maria Martinez
Mark A. Lavine
Ana Maria Martinez
Ann St. Peter-Griffith
Special Assistant U.S. Attorneys
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9431
Fax:  (305) 536-4101

JEFFREY S. BUCHOLTZ
ACTING ASSISTANT ATTORNEY GENERAL

/s/ Elizabeth A. Strawn
Joyce R. Branda
Daniel R. Anderson
Renée Brooker
Justin Draycott
Rebecca A. Ford
Gejaa T. Gobena
Elizabeth A. Strawn
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, DC  20044
Phone:  (202) 616-7986
Fax:  (202) 514-0280

Dated: March 21, 2008

**EXHIBIT LIST**

| | |
|---|---|
| Exhibit A | November 20, 2007 letter from C. Cook to G. Gobena |
| Exhibit B | November 21, 2007 letter from C. Cook to G. Gobena |
| Exhibit C | November 30, 2007 letter from C. Cook to G. Gobena |
| Exhibit D | December 13, 2007 letter from E. Strawn to C. Cook |
| Exhibit E | December 21, 2007 letter from E. Strawn to C. Cook |
| Exhibit F | January 22, 2008 letter from E. Strawn to C. Cook |
| Exhibit G | February 8, 2008 letter from C. Cook to E. Strawn |