# EXHIBIT C

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-3734
christophercook@jonesday.com

November 30, 2007

<u>VIA EMAIL</u>

Gejaa Gobena, Esq.
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

      Re:    *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Gejaa:

      Under Paragraph 13 of Case Management Order 29, please provide dates and witnesses on the following topics:

      1.    The identity of each and every allegedly false or fraudulent statement or action made or taken by Abbott that relates in any way to the United States' claims contained in the Complaint, including: (a) false or fraudulent statements made or caused to be made by Abbott and its agents; (b) false or fraudulent claims filed by Abbott and its agents; (c) actions or statements that caused a false or fraudulent claim to be filed; and (d) false or fraudulent price representations.

      2.    Each and every instance in which the United States alleges that Abbott marketed the "spread" to any Provider as alleged in paragraph 3 of the Complaint, and for each such instance, the identity of: (a) the employee of Abbott who allegedly marketed the spread; (b) the Provider to whom the spread was marketed (and the individual employees of the Provider involved in the interaction); (c) the drug that was marketed; (d) the place and time of the alleged marketing; (e) the content of the alleged marketing (including the precise facts on which the United States bases its assertion that the employee "marketed the spread"); (f) whether the Provider purchased or did not purchase the product; and (g) if applicable, all evidence that supports or refutes the United States' contention that the Provider purchased the product because of the spread between acquisition cost and reimbursement, as opposed to some other reason.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Gejaa Gobena, Esq.
November 30, 2007
Page 2

      3.     All Communications regarding Medicare Part B or Medicaid's payment of or methodology for reimbursing drugs or dispensing fees; the acquisition costs of Providers for drugs; and/or drug pricing between HCFA/CMS and any other Person, including but not limited to: (i) the U.S. Government, (ii) any state or State Medicaid Program, (iii) NAMFCU or any MCFU, (iv) any Medicare Carrier or Medicaid Intermediary, or (v) any Provider.

      4.     The identity of all laws, regulations, and Communications to Abbott that the United States contends required Abbott to report prices to Publishers that reflected the "the prices at which Abbott actually sold its drugs" and/or refrain from marketing the "spread" to its Customers, including: (a) every Manufacturer that did comply with these duties and (b) every Manufacturer that did not comply with these duties.

      5.     For the Relevant Claim Period, the manner in which the amount paid and/or the amount allowed for the Subject Drugs and Subject J-Codes was determined for the allegedly false claims as to which Plaintiffs seek damages and/or penalties in this case.  For Medicare Part B claims and Medicaid claims reimbursed through use of HCPCS Codes (or any other reimbursement methodology not directly tied to the Subject Drugs' NDCs), the witness must explain the manner in which the amount paid and/or the amount allowed was determined, including: (1) how any applicable "median AWP" or "lowest branded AWP" was calculated, (2) identifying the arrays of all prices that were used to determine each payment amount, (3) identifying the source (*e.g.*, *Red Book*) from which average wholesale prices or other pricing data was obtained, and (4) identifying any Medicare manual or other guidance (written or oral) from CMS that explained how "median AWP" or "lowest branded AWP" was calculated.

      6.     Whether Ven-A-Care had "direct and independent knowledge of the information and is the 'original source' of the information" on which the allegations contained in each of the complaints relating to Abbott are based.

      7.     All Communications between HCFA/CMS and State Medicaid agencies during the Relevant Claim Period regarding findings and assurances, made pursuant to 42 C.F.R. § 447.333(b) & (c), that Medicaid expenditures were in accordance with 42 C.F.R. § 447.331(b), including but not limited to all guidance or interpretations provided by HCFA/CMS relating to these findings and assurances, and any and all efforts made by HCFA/CMS during the Relevant Claim Period to request and/or evaluate any data, information, or pertinent records to support the State Medicaid agencies' findings and assurances, as required by 42 C.F.R. § 447.333(c).

      8.     For each response made to Abbott's Requests for Admission ("RFA") in which the United States does not provide an unqualified admission or denial, all evidentiary support which supports or refutes the United States' response and the reasons why the United States could not admit or deny the RFA.

Gejaa Gobena, Esq.
November 30, 2007
Page 3

      9.      All efforts taken by the United States to conduct a reasonable inquiry to ensure the completeness and accuracy of the United States' responses for each and every interrogatory propounded by Abbott, as required by Rules 26 and 33 of the Federal Rules of Civil Procedure.

                                  Sincerely,

                                  /s/ R. Christopher Cook

                                R. Christopher Cook

cc:      Renée Brooker
         John K. Neal
         Ana Maria Martinez
         M. Justin Draycott
         Mark A. Lavine
         Ann St. Peter-Griffith
         Andy Mao
         James J. Breen, Esq.
         Alison Simon, Esq.
         Neil Meryl
         Sarah L. Reid
         Helen Witt
         Eric T. Gortner