# EXHIBIT D



**U.S. Department of Justice**

Civil Division, Fraud Section

---

*601 D Street, NW*
*Ninth Floor*
*Washington, D.C. 20004*

*Telephone:  (202) 616-7986*
*Telecopier:  (202) 514-0280*

December 13, 2006

<u>*Via Electronic Transmission*</u>

R. Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

Re:     *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories,* MDL No.
        1456/Civil Action No. 01-12257-PBS

Dear Chris:

        We received your letters dated November 20, 2007, and November 21, 2007, requesting
30(b)(6) testimony on numerous topics.  Our responses to those requests are set forth below:

        Regarding the first letter, containing two general topics and bearing a date of November
20, 2007:

<u>Topic 1</u>

        "The veracity of and good faith basis for all representations and factual
        allegations made in this matter by the Department of Justice in any filing on
        behalf of CMS or HHS, including but not limited to all evidence or facts that
        support or contradict the following representations and allegations:
            (a) "AWP is used to refer to the price at which a pharmaceutical firm or a
            wholesaler sells a drug to a retail Customer who then administers it to a
            patient." First Amended Compl. ¶41 (6/4/07);
            (b) "No governmental payor knew of or sanctioned Abbott's conduct as set
            forth in this Complaint, i.e., its deliberate manipulation of its published prices
            for certain of its products to induce its Customers to purchase those products."
            First Amended Compl. ¶37 (6/4/07);
            (c) "The general concept that the AWP refers to the price at which a
            pharmaceutical firm or a wholesaler sells a drug to its customers is commonly
            understood in the industry." United States' Objections and Responses to
            Abbott's First Set of Interrogatories, at 35 (12/4/06);
            (d) "Abbott should have reported the average or estimated acquisition cost for

-2-

the pharmaceuticals at issue." United States' Objections and Responses to Abbott's First Set of Interrogatories, at 32 (12/4/06);

(e) "Abbott should have reported the average or estimated acquisition cost for its products because that was the amount at which Abbott was actually selling its pharmaceuticals. Abbott was not authorized by the government, any law or any regulation to submit false or fraudulent pricing information to inflate reimbursement to its customers to help sell or market its pharmaceuticals." United States' Objections and Responses to Abbott's First Set of Interrogatories, at 32 (12/4/06);

(f) "The Secretary understood that Red Book and the other wholesale price guides updated their information monthly, and thus believed that the published wholesale prices were a source of acquisition costs of some physicians and therefore could be used to calculate Part B drug payments." Brief of United States as Amicus Curiae, at 15 (9/15/06, MDL 1456);

(g) "Under the systems that were in place for the reimbursement of generic drugs during the period covered by the United States' complaint, Abbott was obligated to report prices for its drugs that would ensure that published AWPs were consistent with the plain meaning of the regulatory term." United States' Opposition to Defendant Abbott Laboratories, Inc.'s Renewed Motion to Compel Evidence Withheld Under the Deliberative Process Privilege, at 11 (4/20/07)**;**

(h) "At no time did the government sanction Abbott's conduct as set forth in the United States' Amended Complaint." United States' Objections and Responses to Abbott's Fourth Set of Interrogatories, at 10 (10/26/07);

(i) All representation in motions seeking, applications for, or declarations supporting an extension of the seal in this matter."

The United States objects to this topic on the grounds that: (i) it is over-broad, burdensome and harassing; (ii) it is vague and ambiguous and does not describe with particularity the matters on which the examination is requested; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in part because the subject of this topic, the "veracity and good faith" of the United States, is not at issue in this litigation; (iv) it calls for irrelevant testimony pursuant to United States v. Lachman, 387 F.3d 42, 53-54 (1st Cir. 2004); (v) it calls for deposition testimony concerning questions of law (some of which have already been decided by the Court, see, e.g., the Court's ruling on November 2, 2006) and are not appropriate topics for 30(b)(6) depositions; and (vi) to the extent it is an appropriate area of inquiry, it is duplicative of completed discovery.  Further, sub-topic 1(c) is based on the United States' initial objection and response to Abbott's interrogatory number seven, which was subsequently amended and is therefore not longer operative.  See the United States' Second Supplemental Responses to Defendant Abbott's First Set of Interrogatories at 4-5.

-3-

Topic 2

"In accordance with Magistrate Judge Bowler's Order on the United States'
Motion for a Protective Order Relating to the Deposition of Government Counsel
(5/22/07) (Dkt. 4244), all factual representations and/or statements made by CMS
or the Secretary of HHS regarding:
    (a) how the Secretary and/or CMS intended, understood, interpreted or applied
    the phrase AWP in federal statutes and regulations;
    (b) what the Secretary and/or CMS understood or believed about AWPs
    published in Red Book and other national drug listings; and
    (c) the Secretary's and/or CMS's understanding of Medicare's policy of
    paying "reasonable costs" (Part A services) and "reasonable charges" (Part B
    services)."

The United States objects to this topic on the grounds that: (i) it is over-broad and
burdensome; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to
the discovery of admissible evidence; (iii) it calls for irrelevant testimony pursuant to United
States v. Lachman, 387 F.3d 42, 53-54 (1st Cir. 2004); (iv) it calls for 30(b)(6) deposition
testimony concerning questions of law (some of which have already been decided by the Court,
see, e.g., the Court's ruling on November 2, 2006) and are not appropriate topics for 30(b)(6)
depositions; and (v) it is duplicative of completed discovery.  To the extent that the application
of the phrase AWP is an appropriate area of inquiry, the United States will consider designating
portions of deposition testimony of a CMS witness.


Regarding the letter listing twenty-seven general topics and bearing the date of
November 21, 2007:

Topic 1

"The authorship, utilization, reliance upon, accuracy of content, and distribution
of all regulations, statutes, and guidance concerning payment for the Subject
Drugs or claims at issue in this case."

The United States objects to this topic on the grounds that: (i) it is over-broad,
burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably
calculated to lead to the discovery of admissible evidence; (iii) it calls for deposition testimony
concerning questions of law and are not appropriate topics for 30(b)(6) depositions; and (iv) is
vague and ambiguous and does not describe with particularity the matters on which the
examination is requested.


Topic 2

-4-

"CMS's contemporaneous position during 1991-2003 concerning the meaning of AWP in any relevant Medicare or Medicaid statute or regulation, and the manner in which CMS and its carriers interpreted or implemented AWP in accordance with that position, including but not limited to:

    (a) how CMS, its employees, agents, or carriers interpreted and applied the term "AWP" or "national average wholesale price" as used in 42 C.F.R. 405.517;

    (b) how CMS, its employees, agents, or carriers interpreted and applied the term "AWP" or "Average Wholesale Price" as used in Section 4556 of the Balanced Budget Act of 1997, 42 U.S.C. § 1395u;

    (c) whether CMS, its employees, agents, or carriers believed that "AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail customer who then administers it to a patient" (First Amended Complaint ¶41);

    (d) whether CMS, its employees, agents, or carriers believed that "[t]he general concept that the AWP refers to the price at which a pharmaceutical firm or wholesaler sells a drug to its customers is commonly understood in the industry" (United States' Objections and Responses to Defendant Abbott's First Set of Interrogatories at 35 (12/4/2006));"

The United States objects to this topic on the grounds that: (i) it is over-broad, burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) it calls for irrelevant testimony pursuant to United States v. Lachman, 387 F.3d 42, 53-54 (1st Cir. 2004); (iv) it calls for deposition testimony concerning questions of law and are not appropriate topics for 30(b)(6) depositions; (v) to the extent it is an appropriate area of inquiry, it is duplicative of completed discovery; and (vi) is vague and ambiguous and does not describe with particularity the matters on which the examination is requested.  Further, sub-topic 2(d) is based on the United States' initial objection and response to defendant's interrogatory number 7; this objection and response was subsequently amended and is therefore not longer operative.  See the United States' Second Supplemental Responses to Defendant Abbott's First Set of Interrogatories at 4-5.

Topic 3

    "The manner in which CMS, its employees, agents, or carriers have interpreted or implemented the term "Average Wholesale Price" or "AWP" since the passage of the Medicare Prescription Drug Improvement and Modernization Act of 2003 (Pub. L. 108-173)."

The United States objects to this topic on the grounds that: (i) it is over-broad, burdensome and harassing, particularly the extent to which it requests the United States to compile voluminous evidence from thousands of individuals and entities; (ii) it seeks

-5-

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in part because this law was changed after the end of the claims period; (iii) it calls for irrelevant testimony pursuant to <u>United States v. Lachman</u>, 387 F.3d 42, 53-54 (1st Cir. 2004); (iv) it calls for deposition testimony concerning questions of law (some of which have already been decided by the Court) and are not appropriate topics for 30(b)(6) depositions; and (v) is vague and ambiguous and does not describe with particularity the matters on which the examination is requested.

Topic 4

"All facts or information related to CMS's decision, as explained in Program Memorandum Transmittal AB-00-86 (September 8, 2000), to instruct Medicare carriers to consider AWP data generated by DOJ and NAMFCU as an alternative source of pricing information when determining payment for prescription drugs, and any facts or information related to CMS's subsequent decision to withdraw the instructions issued in that Program Memorandum."

The United States objects to this topic on the grounds that: (i) it is over-broad, burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) it calls for deposition testimony on a subject protected by the deliberative process privilege; (v) it is vague and ambiguous and does not describe with particularity the matters on which the examination is requested; and (vi) it is duplicative and cumulative to completed discovery.

Topic 5

"All facts or information sufficient to explain why CMS chose to include certain drugs but not others in the list appended to Program Memorandum Transmittal AB-00-86 (September 8, 2000)."

The United States objects to this topic on the grounds that: (i) it is over-broad, burdensome and harassing; (ii) it is vague and ambiguous and does not describe with particularity the matters on which the examination is requested; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it calls for irrelevant testimony pursuant to <u>United States v. Lachman</u>, 387 F.3d 42, 53-54 (1st Cir. 2004); (v) it calls for deposition testimony concerning questions of law and are not appropriate topics for 30(b)(6) depositions; and (vi) it calls for deposition testimony on a subject protected by the deliberative process privilege.

Topic 6

-6-

"The identity of any person at any time who believed that "AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient" (First Am. Compl. ¶41) or that AWP data "published in Red Book and other national drug listings generally represented a comprehensive source and indicia of market prices" (Brief of United States as Amicus Curiae (Sept. 15, 2006, MDL 1456))."

The United States objects to this topic on the grounds that: (i) it is over-broad, burdensome and harassing, particularly the extent to which it requests the United States to survey an incalculable number of people; (iii) it is vague and ambiguous and does not describe with particularity the matters on which the examination is requested; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it calls for irrelevant testimony pursuant to United States v. Lachman, 387 F.3d 42, 53-54 (1st Cir. 2004); (v) it calls for deposition testimony concerning questions of law and are not appropriate topics for 30(b)(6) depositions; and (vi) it calls for deposition testimony on a subject protected by the deliberative process privilege.  Moreover, this is an improper attempt to re-litigate the government's response to Abbott's interrogatory number seven; Magistrate Judge Bowler has already ruled that the government is obligated to identify one CMS person and one HHS person in response to parts (c) and (d) of Abbott's interrogatory number seven and that the government's response "is otherwise adequate."

Topic 7

"What steps CMS, its employees, agents, or carriers or any state Medicaid Program took upon learning of the Ven-A-Care *qui tam* complaints, the article published in *Barron's* magazine entitled "Hooked on Drugs" (June 10, 1996), or any other communication advising them that AWPs for the Subject Drugs exceeded the acquisition costs for those drugs."

The United States objects to this topic on the grounds that: (i) it is argumentative in that the listed sources "advised" of the AWPs for the subject drugs exceeded the acquisition costs for those drugs during the relevant period; (ii) it is over-broad, burdensome and harassing, in part because it seeks information in the public record; (iii) it is vague and ambiguous and does not describe with particularity the matters on which the examination is requested; (iv) it is over-broad to the extent it seeks 30(b)(6) testimony regarding every state's Medicaid Program positions from the United States; (v) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (vi) it calls for irrelevant testimony pursuant to United States v. Lachman, 387 F.3d 42, 53-54 (1st Cir. 2004); (vii) to the extent it is an appropriate area of inquiry, it is duplicative of completed discovery; (viii) it calls for deposition testimony on a subject protected by the deliberative process privilege, the joint prosecution privilege, the work product doctrine, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

-7-

Topic 8

"Why CMS, its employees, agents, and carriers, and various state Medicaid
programs continued to pay for drugs based on published AWPs even when
presented with evidence that AWPs did not represent the price at which
physicians and pharmacists purchased drugs, including whether the decision to
pay for drugs based on AWP in Medicare or any state Medicaid program was
affected in any way by
(a) political negotiations;
(b) concern about adversely affecting access to care for Medicare and
Medicaid
beneficiaries; or
(c) a deliberate effort to "cross subsidize" physicians and pharmacists for
inadequate dispensing fees or inadequate payments for services rendered
incident to administering infusion or injection drugs."

The United States objects to this topic on the grounds that: (i) it is argumentative in that it
assumes CMS was "presented with evidence that AWPs did not represent the price at which
physicians and pharmacists purchased" the subject drug during the relevant period; (ii) it is over-
broad, burdensome and harassing, particularly the extent to which it requests the United States to
compile voluminous evidence from thousands of individuals and entities; (iii) it is vague and
ambiguous and does not describe with particularity the matters on which the examination is
requested; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to
the discovery of admissible evidence; (v) it is over-broad to the extent it seeks 30(b)(6)
testimony regarding every state's Medicaid Program positions from the United States; (vi) it
calls for irrelevant testimony pursuant to United States v. Lachman, 387 F.3d 42, 53-54 (1st Cir.
2004); (vii) it calls for deposition testimony concerning questions of law (some of which
have already been decided by the Court, see, e.g., the Court's ruling on November 2, 2006) and are not
appropriate topics for 30(b)(6) depositions; and (viii) it calls for deposition testimony on a
subject protected by the deliberative process privilege.


Topic 9

"What the Medicare program or any state Medicaid program would have paid for
the Subject Drugs had they had actual knowledge of the prices at which
physicians and other customers purchased the Subject Drugs."

The United States objects to this topic on the grounds that: (i) it is over-broad to the
extent it seeks 30(b)(6) testimony regarding every state's Medicaid Program positions from the
United States; (ii) it is vague and ambiguous and does not describe with particularity the matters
on which the examination is requested; (iii) it calls for speculation, including speculation
regarding what every state's Medicaid Program would have done; (iv) it seeks information that is
neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (v) it

-8-

calls for irrelevant testimony pursuant to <u>United States v. Lachman</u>, 387 F.3d 42, 53-54 (1st Cir. 2004); (vi)  it calls for 30(b)(6) deposition testimony concerning questions of law and are not appropriate topics for 30(b)(6) depositions; and (vii) it is duplicative of completed discovery. Moreover, this is an improper attempt to obtain expert discovery related to damages prior to the period provided for such expert discovery in the Court's schedule.


<u>Topic 10</u>

>"Any communications by CMS, its employees, agents, or carriers, DOJ, or any state Medicaid program to any compendia seeking to prevent, discourage, or alter in any way the publication of AWP data."

The United States objects to this topic on the grounds that: (i) it is over-broad to the extent it seeks 30(b)(6) testimony regarding every state's Medicaid Program positions from the United States; (ii) it is vague and ambiguous and does not describe with particularity the matters on which the examination is requested; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including the request for correspondence involving the Department of Justice; and (iv) it calls for irrelevant testimony pursuant to <u>United States v. Lachman</u>, 387 F.3d 42, 53-54 (1st Cir. 2004).


<u>Topic 11</u>

>"All communications during 1991-2003 between CMS and third parties, including but not limited to Congress (whether legislators, staff, or investigators), states, plaintiffs in drug pricing lawsuits, drug manufacturers, trade or industry groups, consultants, lobbying firms, patients' rights groups, law firms, or any other non-governmental organizations concerning drug pricing, reimbursement, spread, the meaning of AWP, the relationship of AWP to acquisition costs, alternatives to AWP, or policy reasons to pay based on AWP rather than other methodologies."

The United States objects to this topic on the grounds that: (i) it is over-broad, burdensome and harassing; (ii) it is vague and ambiguous and does not describe with particularity the matters on which the examination is requested; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it calls for irrelevant testimony pursuant to <u>United States v. Lachman</u>, 387 F.3d 42, 53-54 (1st Cir. 2004); (v) it calls for deposition testimony concerning questions of law (some of which have already been decided by the Court, see, e.g., the Court's ruling on November 2, 2006) and are not appropriate topics for 30(b)(6) depositions; and (vi) to the extent it is an appropriate area of inquiry, it is duplicative of completed discovery.

-9-

Topic 12

> "All lobbying efforts by CMS, its employees, agents, or carriers, or by any state
> concerning Medicare or Medicaid (federal or state) drug reimbursement issues,
> including but not limited to lobbying and advocacy in connection with the drug
> payment provision of:
>
>> (a) CMS's Proposed Rule published at 56 Fed. Reg. 25792 (June 5, 1991)
>> relating to payment for drugs under Medicare Part B;
>> (b) the final version of the regulation relating to payment for drugs under
>> Medicare Part B, published at 56 Fed. Reg. 59502 (Nov. 25, 1991);
>> (c) the Medicare and Medicaid Beneficiary Protection Act of 1997, H.R. 2632,
>> 105th Cong. § 206 (1997);
>> (d) the Balanced Budget Act of 1997, Pub. L. 105-33, 111 Stat. 462-463;
>> (e) CMS's Proposed Rule published at 63 Fed. Reg. 30818, 30846 (June 5,
>> 1998);
>> (f) CMS's Program Memorandum Transmittal AB-00-86 (September 8, 2000);
>> (g) CMS's Proposed Rule at 68 Fed. Reg. 50428, at 50432-33 (August 20,
>> 2003);
>> (h) the Medicare Prescription Drug Improvement and Modernization Act of
>> 2003, Pub. L. 108-173, 117 Stat. 2066, at § 2238 (amending 42 U.S.C. §
>> 1395w-3) (2003); and
>> (i) any other proposed or contemplated federal statute or regulation that would
>> have established payment for prescription drugs under Medicare or Medicaid
>> at the actual acquisition cost incurred by physicians or pharmacists in
>> providing drugs to beneficiaries."

The United States objects to this topic on the grounds that: (i) it is over-broad,
burdensome and harassing; (ii) it is over-broad to the extent it seeks 30(b)(6) testimony
regarding every state's Medicaid Program positions from the United States; (iii) it seeks
information that is neither relevant nor reasonably calculated to lead to the discovery of
admissible evidence; (iv) it calls for irrelevant testimony pursuant to United States v. Lachman,
387 F.3d 42, 53-54 (1st Cir. 2004); (v) it calls for deposition testimony concerning questions of
law and are not appropriate topics for 30(b)(6) depositions; (vi) it is duplicative of completed
discovery; (vii) it calls for deposition testimony on a subject protected by the deliberative
process privilege; and (viii) it is vague and ambiguous and does not describe with reasonable
particularity the matters on which the examination is requested.  Moreover, CMS does not lobby
or advocate; to the extent it interacts with the legislature, it is in the public record.  To the extent
Abbott conducts deposition of CMS employees regarding legislative efforts, the United States
will consider designating portions of their testimony.

Topic 13

> "All facts related to CMS's decision in the final regulation, published at 56 Fed.

-10-

Reg. 59502 (Nov. 25, 1991), to pay for prescription drugs under the Medicare program at 100% of AWP, rather at than 85% of AWP as initially outlined in the Proposed Rule, published at 56 Fed. Reg. 25792 (June 5, 1991)."

The United States objects to this topic on the grounds that: (i) it is over-broad, burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) it calls for irrelevant testimony pursuant to United States v. Lachman, 387 F.3d 42, 53-54 (1st Cir. 2004); (iv) it calls for deposition testimony concerning questions of law and are not appropriate topics for 30(b)(6) depositions; (v) it is duplicative of completed discovery; and (vi) it calls for deposition testimony on subjects protected by the deliberative process privilege.

Topics 14-18

"14. How CMS, its employees, agents, or carriers defined and implemented "estimated acquisition costs" during 1991-2003, and whether CMS and/or its employees, agents, and carriers believed that the formulae contained in each state plan would result in payment for drugs at the actual estimated acquisition costs of those drugs.

15. CMS's reasons for, and the drafting, editing, review, authorizing, and finalizing of the CMS Decision Memorandum entitled, "Review of State Plan Amendments," which was produced by the Government at HHC004-0188 to HHC004-0190 and marked as Abbott Deposition Exhibit 328.

16. Any and all efforts by CMS to establish a Federal Upper Limit for any of the Subject Drugs or Subject J-Codes during the Relevant Claim Period, as authorized by 42 C.F.R. § 447.332, and CMS's reasons for any decision or policy not to establish a FUL for the Subject Drugs and other injectables.

17. Any and all efforts by CMS to disapprove state Medicaid plan amendments that based payment for drugs on AWP for any of the Subject Drugs or Subject J-Codes during the Relevant Claim Period, and CMS's reasons for any decision or policy not to use its authority to disapprove state Medicaid plan amendments that paid for drugs based on AWP or any formula that did not result in an accurate estimate of acquisition costs.

18. The frequency and manner in which each State Medicaid agency made findings and assurances to CMS during 1991-2003, as required by 42 C.F.R. § 447.333, that "[i]n the aggregate, its Medicaid expenditures for all other drugs are in accordance with § 447.331 of this subpart," as well as all communications between CMS and State Medicaid agencies regarding these findings and assurances, all related guidance or interpretations provided by CMS, all efforts by

-11-

CMS during 1991-2003 to request and/or evaluate any "data, mathematical or statistical computations, comparisons, and any other pertinent records to support [the State Medicaid agencies'] findings and assurances" (§ 447.333(c)), or CMS's reasons for any decision not to require states to make such findings and assurances. With respect to multiple source drugs for which CMS did not establish an upper limit under § 447.332, this topic includes the frequency and manner in which each State Medicaid agency made annual findings and assurances to CMS that "[i]n the aggregate, its Medicaid expenditures for all other drugs are in accordance with § 447.331 of this subpart." 42 C.F.R. § 447.333(b)."

The United States objects to these topics on the grounds that: (i) they are over-broad, burdensome and harassing, particularly the extent to which it requests the United States to compile voluminous evidence from thousands of individuals and entities; (ii) they are vague and ambiguous and does not describe with particularity the matters on which the examination is requested; (iii) they are over-broad to the extent they seek 30(b)(6) testimony regarding every state's Medicaid Program positions from the United States; (iv) they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (v) they call for irrelevant testimony pursuant to United States v. Lachman, 387 F.3d 42, 53-54 (1st Cir. 2004); (vi) they call for deposition testimony concerning questions of law and are not appropriate topics for 30(b)(6) depositions; (vii) are duplicative of completed and/or forthcoming discovery; and (viii) they call for deposition testimony on subjects protected by the deliberative process privilege.

Topics 19-21

19. Whether and to what extent CMS, its employees, agents, or carriers, or any state Medicaid program were aware between 1991 and 2003 of the market prices for the Subject Drugs and that Abbott was allegedly "marketing the spread."

20. Any guidance, instruction, or requests communicated by CMS, its employees or agents, DOJ, or any state Medicaid program to Abbott regarding how to establish published and list prices.

21. Any guidance, instruction, or requests communicated by CMS, its employees or agents, DOJ, or any state Medicaid program to Abbott regarding marketing the spread.

The United States objects to these topics on the grounds that: (i) they are over-broad, burdensome and harassing, particularly the extent to which it requests the United States to compile voluminous evidence from thousands of individuals and entities; (ii) they are vague and ambiguous and does not describe with particularity the matters on which the examination is

-12-

requested; (iii) they are over-broad to the extent they seek 30(b)(6) testimony regarding every
state's Medicaid Program positions from the United States; (iv) they seek information that is
neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (v)
they call for irrelevant testimony pursuant to United States v. Lachman, 387 F.3d 42, 53-54 (1st
Cir. 2004); (vi) they call for deposition testimony concerning questions of law and are not
appropriate topics for 30(b)(6) depositions; and (vii) they are duplicative of completed
discovery.

Topics 22-25

> "22. All efforts taken to preserve evidence in response to the March 17, 2000
> request made by various pharmaceutical manufacturers that the government not
> destroy evidence supporting those manufacturers' defenses in this case. *See* Ex. E
> to Abbott's Motion For a Preservation Order and Affidavit Regarding Spoliation
> Issues (Sept. 13, 2007).

> 23. The United States' responses to subpoenas issued by defendants in the Lupron
> MDL and the AWP MDL to the HHS, including:
>> (a) the policies, directives, instructions, and procedures and practices relating
>> to the search for and collection of responsive documents;
>> (b) the scope of the search performed (including the United States'
>> understanding and implementation of any agreements reached with defendants
>> limiting the scope of production);
>> (c) an identification of the individual employees, files, computers, locations,
>> and divisions within HHS that were searched for responsive documents;
>> (d) an identification, by specific Bates ranges, of the individual employees,
>> files, computers, and locations from which documents were collected; and
>> (e) decisions to withhold any documents responsive to the subpoenas on
>> "relevance" or "deliberative process" grounds, including an identification of
>> the individual(s) who decided to withhold such documents and the reasons
>> therefore.

> 24. The United States' initial production of documents pursuant to Rule 26(a)(1)
> (B) of the Federal Rules of Civil Procedure, including:
>> (a) the policies, directives, instructions, and procedures and practices relating
>> to the search for and collection of responsive documents; and
>> (b) an identification, by specific Bates ranges, of the individuals and locations
>> from which documents were collected.

> 25. The United States' responses to Defendant Abbott Laboratories, Inc.'s First
> Set of Requests for the Production of Documents and Tangible Things to Plaintiff
> United States of America, including:
>> (a) an identification of the individual employees, files, computers, locations,
>> and agencies within the United States that the United States believes may have

-13-

responsive documents;

(b) the steps taken to identify sources of responsive documents and search for and collect responsive documents as of the date of the deposition;

(c) the policies, directives, instructions, and procedures and practices relating to the search for and collection of responsive documents;

(d) an identification of the individual employees, files, computers, locations, and agencies within the United States that were searched for responsive documents prior to the date of the deposition;

(e) an identification of the individual employees, files, computers, locations, and agencies within the United States from which documents were collected prior to the date of the deposition; and

(f) decisions to withhold any documents responsive to the subpoenas on "relevance" or "deliberative process" grounds, including an identification of the individual(s) who decided to withhold such documents and the reasons therefore as of the date of the deposition."

The United States objects to these topics on the grounds that: (i) they are over-broad, burdensome and harassing; (ii) they are vague and ambiguous and does not describe with particularity the matters on which the examination is requested; (iii) they are irrelevant, in part because they seek information about purported preservation duties in this suit against Abbott based upon a preservation request made by other companies; (iv) to the extent the topics are relevant and the United States may have such a duty, Abbott has already conducted Rule 30(b)(6) depositions of witnesses on these topics and the case management order does not provide for multiple 30(b)(6) witnesses on the same topic; and (v) they are duplicative of completed discovery.

Topic 26

"All facts or information regarding specific knowledge on the part of CMS, its employees, agents, or carriers, of the cost of each drug that the Government contends is potentially still at issue in this case, the "spread" with respect to such drugs, and any "marketing" of this spread by Abbott."

The United States objects to this topic on the grounds that: (i) it is over-broad, burdensome and harassing, particularly the extent to which it requests the United States to compile voluminous evidence from thousands of individuals and entities; (ii) it is vague and ambiguous and does not describe with particularity the matters on which the examination is requested; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (iv) it improperly couches a potential topic for a contention interrogatory as a topic for a 30(b)(6) deposition.

Topic 27

-14-

"All communications between the United States and Ven-A-Care concerning the United States' decision to intervene against Abbott in this matter, the United States' decision to unseal the docket with respect to allegations against Abbott, and Ven-A-Care's adoption of the United States' original complaint against Abbott."

The United States objects to this topic on the grounds that: (i) it seeks information protected by the joint prosecution privilege, the work product doctrine, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation; (ii) it is over-broad, burdensome and harassing; (iii) it is vague and ambiguous and does not describe with particularity the matters on which the examination is requested; and (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

We reserve the right to make additional objections at a later date.  As always, we remain willing to meet and confer on these requests with the aim of finding areas of mutual agreement and narrowing the areas on which we disagree.

Very Truly Yours,

/s/
Elizabeth A. Strawn
Trial Attorney
Commercial Litigation Branch

cc:    James Breen