# EXHIBIT E



**U.S. Department of Justice**

Civil Division, Fraud Section

---

*601 D Street, NW*
*Ninth Floor*
*Washington, D.C. 20004*

*Telephone:  (202) 616-7986*
*Telecopier:  (202) 514-0280*

December 21, 2007

*Via Electronic Transmission*

R. Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

Re:     *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories,* MDL No.
        1456/Civil Action No. 01-12257-PBS

Dear Chris:

        We received your letter dated November 30, 2007 requesting Rule 30(b)(6) testimony on
nine topics.  Our responses to that request are set forth below:

Topic 1

            "The identity of each and every allegedly false or fraudulent statement or
            action made or taken by Abbott that relates in any way to the United States'
            claims contained in the Complaint, including: (a) false or fraudulent statements
            made or caused to be made by Abbott and its agents; (b) false or fraudulent
            claims filed by Abbott and its agents; (c) actions or statements that caused a
            false or fraudulent claim to be filed; and (d) false or fraudulent price
            representations."

        The United States objects to this topic on the grounds that: (i) it is over-broad, unduly
burdensome, harassing and argumentative; (ii) it is an inappropriate and unworkable attempt to
hold a mini-trial under the guise of a Rule 30(b)(6) deposition; (iii) calls for deposition testimony
concerning questions of law and is not an appropriate topic for Rule 30(b)(6) depositions; (iv) it
is over-broad to the extent it seeks Rule 30(b)(6) testimony regarding every state's Medicaid
Program's positions from the United States; (v) it improperly couches a potential topic for a
contention interrogatory as a topic for a Rule 30(b)(6) deposition; (vi) it is vague and ambiguous
and does not describe with particularity the matters on which the examination is requested; (vii)

-2-

it is premature because discovery is not complete; and (viii)  it is duplicative of and cumulative to completed and/or forthcoming discovery (see, e.g., Abbott's Interrogatories Nos. 1 and 31, Requests for Production 84 and 86.)

Topic 2

"Each and every instance in which the United States alleges that Abbott marketed the 'spread' to any Provider as alleged in paragraph 3 of the Complaint, and for each such instance, the identity of: (a) the employee of Abbott who allegedly marketed the spread; (b) the Provider to whom the spread was marketed (and the individual employees of the Provider involved in the interaction); (c) the drug that was marketed; (d) the place and time of the alleged marketing; (e) the content of the alleged marketing (including the precise facts on which the United States bases its assertion that the employee 'marketed the spread'); (f) whether the Provider purchased or did not purchase the product; and (g) if applicable, all evidence that supports or refutes the United States' contention that the Provider purchased the product because of the spread between acquisition cost and reimbursement, as opposed to some other reason."

The United States objects to this topic on the grounds that: (i) it is over-broad, unduly burdensome, harassing and argumentative; (ii) it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition; (iii) it is duplicative of and cumulative to completed and/or forthcoming discovery (see, e.g., Abbott's Interrogatories Nos. 5 and 30, Request for Production 85); (iv) it calls for deposition testimony concerning questions of law and is not an appropriate topic for Rule 30(b)(6) depositions; (v) it is over-broad to the extent it seeks Rule 30(b)(6) testimony regarding every state's Medicaid Program's positions from the United States; (vi) it improperly couches a potential topic for a contention interrogatory as a topic for a Rule 30(b)(6) deposition; (vii) it is vague and ambiguous and does not describe with particularity the matters on which the examination is requested; and (viii) it is premature because discovery is not complete.

Topic 3

"All Communications regarding Medicare Part B or Medicaid's payment of or methodology for reimbursing drugs or dispensing fees; the acquisition costs of Providers for drugs; and/or drug pricing between HCFA/CMS and any other Person, including but not limited to: (i) the U.S. Government, (ii) any state or State Medicaid Program, (iii) NAMFCU or any MCFU, (iv) any Medicare Carrier or Medicaid Intermediary, or (v) any Provider."

The United States objects to this topic on the grounds that: (i) it is over-broad, unduly burdensome and harassing, in part because it seeks information in the public record; (ii) it seeks

-3-

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, in part because it seeks information far beyond the relevant claim period; (iii) it calls for deposition testimony concerning questions of law and is not an appropriate topic for Rule 30(b)(6) depositions; (iv) it calls for irrelevant testimony pursuant to <u>United States v. Lachman</u>, 387 F.3d 42, 53-54 (1ˢᵗ Cir. 2004); (v) it is duplicative of and cumulative to completed and/or forthcoming discovery (see, e.g., Abbott's Request for Production 19); and (vi) it calls for deposition testimony on a subject protected by the deliberative process privilege, the joint prosecution privilege, the attorney-client privilege, the work product doctrine, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

Topic 4

      "The identity of all laws, regulations, and Communications to Abbott that the United States contends required Abbott to report prices to Publishers that reflected the 'the prices at which Abbott actually sold its drugs' and/or refrain from marketing the 'spread' to its Customers, including: (a) every Manufacturer that did comply with these duties and (b) every Manufacturer that did not comply with these duties."

      The United States objects to this topic on the grounds that: (i) it is over-broad, unduly burdensome and harassing, in part because it seeks information in the public record; (ii) it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it calls for deposition testimony concerning questions of law and is not an appropriate topic for Rule 30(b)(6) depositions; (v) it improperly couches a potential topic for a contention interrogatory as a topic for a Rule 30(b)(6) deposition; (vi) it purports to require the United States to conduct irrelevant investigations into the activities of other manufacturers; (vii) it is duplicative of and cumulative to completed and/or forthcoming discovery (see, e.g., Abbott's Interrogatory No. 13).

Topic 5

      "For the Relevant Claim Period, the manner in which the amount paid and/or the amount allowed for the Subject Drugs and Subject J-Codes was determined for the allegedly false claims as to which Plaintiffs seek damages and/or penalties in this case. For Medicare Part B claims and Medicaid claims reimbursed through use of HCPCS Codes (or any other reimbursement methodology not directly tied to the Subject Drugs' NDCs), the witness must explain the manner in which the amount paid and/or the amount allowed was determined, including: (1) how any applicable 'median AWP' or 'lowest branded AWP' was calculated, (2) identifying the arrays of all prices that were used to determine each payment

-4-

amount, (3) identifying the source (*e.g.*, *Red Book*) from which average wholesale prices or other pricing data was obtained, and (4) identifying any Medicare manual or other guidance (written or oral) from CMS that explained how 'median AWP' or 'lowest branded AWP' was calculated."

The United States objects to this topic on the grounds that: (i) it is over-broad, unduly burdensome and harassing; (ii) it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition; (iii) it is duplicative of and cumulative to completed and/or forthcoming discovery (see, e.g., Abbott's Interrogatory No. 19); (iv) it calls for deposition testimony concerning questions of law and is not an appropriate topic for Rule 30(b)(6) depositions; (v) it improperly couches a potential topic for a contention interrogatory as a topic for a Rule 30(b)(6) deposition; (vi) it is over-broad to the extent it seeks Rule 30(b)(6) testimony regarding every state's Medicaid Program's positions from the United States; (vii) it is over-broad to the extent it seeks Rule 30(b)(6) testimony properly directed to Medicare carriers (see the United States' letter dated December 13, 2007); and (viii) it is an improper attempt to obtain expert discovery related to damages prior to the period provided for such expert discovery in CMO 29.

Subject to and without waiving these objections, the United States will consider identifying potential witnesses and/or designating portions of deposition testimony on a reasonable and narrowed version of this topic.


Topic 6

"Whether Ven-A-Care had 'direct and independent knowledge of the information and is the 'original source' of the information' on which the allegations contained in each of the complaints relating to Abbott are based."

The United States objects to this topic on the grounds that: (i) it is over-broad, unduly burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) it calls for deposition testimony concerning questions of law and is not an appropriate topic for Rule 30(b)(6) depositions; (iv) it is duplicative of and cumulative to completed and/or forthcoming discovery (see, e.g., Abbott's Interrogatory No. 20); (v) it calls for deposition testimony on a subject protected by the deliberative process privilege, the joint prosecution privilege, the attorney-client privilege, the work product doctrine, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation; and (vi) it directs to the United States a request for Rule 30(b)(6) deposition testimony a topic properly directed to Ven-A-Care, subject to these and any objection Ven-A-Care may raise.

-5-

Topic 7

"All Communications between HCFA/CMS and State Medicaid agencies during
the Relevant Claim Period regarding findings and assurances, made pursuant to
42 C.F.R. § 447.333(b) & (c), that Medicaid expenditures were in accordance
with 42 C.F.R. § 447.331(b), including but not limited to all guidance or
interpretations provided by HCFA/CMS relating to these findings and assurances,
and any and all efforts made by HCFA/CMS during the Relevant Claim Period to
request and/or evaluate any data, information, or pertinent records to support the
State Medicaid agencies' findings and assurances, as required by 42 C.F.R. §
447.333(c)."

The United States objects to this topic on the grounds that: (i) it is over-broad, unduly
burdensome and harassing, in part because it is duplicative of topics listed in prior requests for
Rule 30(b)(6) depositions (see, e.g., topic eighteen of Abbott's letter dated November 21, 2007);
(ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery
of admissible evidence; (iii) it calls for deposition testimony concerning questions of law and is
not an appropriate topic for Rule 30(b)(6) depositions; (iv) it is duplicative of and cumulative to
completed and/or forthcoming discovery (see, e.g., Abbott's Interrogatory No. 28 and various
production requests); and (v) it is vague and ambiguous and does not describe with particularity
the matters on which the examination is requested.

Topic 8

"For each response made to Abbott's Requests for Admission ('RFA') in which
the United States does not provide an unqualified admission or denial, all
evidentiary support which supports or refutes the United States' response and the
reasons why the United States could not admit or deny the RFA."

The United States objects to this topic on the grounds that: (i) it is over-broad, unduly
burdensome and harassing; (ii) it is premature in that the United States has yet to respond to all
of Abbott's RFAs; (iii) it seeks information that is neither relevant nor reasonably calculated to
lead to the discovery of admissible evidence; (iv) it is duplicative of and cumulative to
completed and/or forthcoming discovery; and (v) it is vague and ambiguous and does not
describe with particularity the matters on which the examination is requested.

Topic 9

"All efforts taken by the United States to conduct a reasonable inquiry to ensure
the completeness and accuracy of the United States' responses for each and every
interrogatory propounded by Abbott, as required by Rules 26 and 33 of the

-6-

Federal Rules of Civil Procedure."

The United States objects to this topic on the grounds that: (i) it is over-broad, unduly burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) it is duplicative of and cumulative to completed and/or forthcoming discovery; (iv) it calls for deposition testimony concerning questions of law and is not an appropriate topic for Rule 30(b)(6) depositions; (v) it calls for deposition testimony on a subject protected by the deliberative process privilege, the joint prosecution privilege, the attorney-client privilege, the work product doctrine, as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation; and (vi) it is vague and ambiguous and does not describe with particularity the matters on which the examination is requested.

We reserve the right to make additional objections at a later date.  As always, we remain willing to meet and confer on these requests with the aim of finding areas of mutual agreement and narrowing the areas on which we disagree.

Very Truly Yours,


/s/
Elizabeth A. Strawn
Trial Attorney
Commercial Litigation Branch


cc:    James Breen