# EXHIBIT F



**U.S. Department of Justice**

Civil Division, Fraud Section

---

*601 D Street, NW*  *Telephone: (202) 616-7986*
*Ninth Floor*  *Telecopier: (202) 514-0280*
*Washington, D.C. 20004*

January 22, 2008

*Via Electronic Transmission*

R. Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113


Re:   *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories,* MDL No. 1456/Civil Action No. 01-12257-PBS


Dear Chris:


     Regarding Abbott Laboratories' 30(b)(6) letters dated November 20, 2007, November 21, 2007 and November 30, 2007, the parties held a telephonic meet and confer on Monday, January 7, 2008.  The United States, without waiving any of its objections to issues raised by the topics discussed, engaged in the meet and confer in good faith to look for areas of agreement.  This letter summarizes the issues discussed during the January 7, 2008 call.

     One pivotal issue discussed during this call is whether 30(b)(6) topics requested on or before December 18, 2007 may be limited, restated or otherwise amended after that date without falling afoul of the Court's Order providing in part that, "no new discovery requests shall be made after the date of this order with respect to parties or nonparties."  The issue is closely related to, and may be affected by, the resolution of the following questions: (i) Whether discovery requests made on the date, but after the time of day, the Order issued are timely; and (ii) whether discovery requests identified before December 18, 2007 but formally noticed after that date are timely.  These issues were not resolved during this call.  Therefore, where the summary below indicates an intention to limit, restate or otherwise amend a 30(b)(6) topic, it is subject to resolution of this issue.

-2-

**Regarding the letter bearing a date of November 20, 2007:**

Topic 1

     Abbott stated that its purpose in asking for a 30(b)(6) witness on this topic is to examine its belief that the United States' litigation position on the language quoted in topic one is different from CMS's position. Specifically, you stated that you wanted to ask a witness representing CMS for the agency's official view on whether the quotes in subsections (a) through (i) were true. You agreed that the catch-all introductory language in topic one is over broad and you agreed to consider limiting this topic to questions about the statements in subsections (a) through (h), and as-yet identified statements in subsection (i.) Abbott will propose a limited version of topic one, if such amendments are to be considered timely, as discussed above. Once Abbott has finalized this list of quotes, we will evaluate whether to (i) designate prior testimony; (ii) provide a witness; or (iii) stand on our objections.

Topic 2

     The United States has already begun reviewing deposition transcripts to identify testimony that may be designated as 30(b)(6) testimony related to this topic.

**Regarding the letter bearing a date of November 21, 2007:**

Topic 1

     You agreed that this topic is over broad as stated and you agreed to defer this topic pending resolution of the United States' 30(b)(6) requests regarding Abbott's lobbying efforts.

Topic 2

     Abbott agreed to consider accepting 30(b)(1) testimony on these topics. The United States agreed to review deposition transcripts to identify testimony that may be designated as 30(b)(6) testimony on the question of how CMS applied the term "AWP" or "average wholesale price" during the 1991-2003 time period.

Topic 3

     The United States objects to this request as being outside the discovery period ordered by the Court. See Order dated May 22, 2007.

-3-

<u>Topic 4</u>

You agreed to defer this topic pending resolution of the United States' 30(b)(6) requests.

<u>Topic 5</u>

After discussion of this topic, the United States will evaluate whether to (i) designate prior testimony; (ii) provide a witness; or (iii) stand on our objections.

<u>Topic 6</u>

Abbott noted that this topic was drafted before the Court's May 22, 2007 Order and the United States' subsequent Second Supplemental Responses to Defendant Abbott's First Set of Interrogatories, which provided the names of two witnesses on this topic. Therefore, the United States contends that this topic is satisfied. To the extent Abbott believes the United States' response to the Court's 5/22/2007 Order is insufficient, Abbott will come back to us and discuss that issue further.

<u>Topic 7</u>

Abbott agreed to consider narrowing this topic and will get back to us.

<u>Topic 8</u>

After discussion of this topic, the United States will evaluate whether to (i) designate prior testimony; (ii) provide a witness; or (iii) stand on our objections.

<u>Topic 9</u>

After discussion of this topic, the United States will evaluate whether to (i) designate prior testimony; (ii) provide a witness; or (iii) stand on our objections.

<u>Topic 10</u>

Abbott will narrow this topic to the question of whether CMS was aware of any such communications and will consider the option of accepting a written answer instead of asking it of a 30(b)(6) witness.

-4-

Topics 11 - 13

Abbott believes resolution of these topics should be consistent with the course taken to resolve the United States' 30(b)(6) requests.  Abbott agreed to defer these topics at this time.


Topics 14-18

While Abbott acknowledged that many of these issues are being explored in 30(b)(1) depositions, Abbott would like 30(b)(6) witnesses on them as well.  The United States has objections to these topics and has further explained that, to the extent they seek 30(b)(6) testimony regarding post-2003 events, such testimony is irrelevant under the Court's previous orders.  We will evaluate whether to stand on all our objections.


Topics 19-21

After discussion of these topics, the United States will evaluate whether to provide a witness or stand on our objections.


Topics 22-25

These requests are duplicative of prior Abbott 30(b)(6) requests for which 30(b)(6) witnesses have already been provided by the United States.  Abbott agreed to consider accepting prior testimony on these topics.


Topic 26

This is a duplicate of Topic 19.


Topic 27

Abbott will get back to us on possible amendments to this topic.


**Regarding the letter bearing a date of November 30, 2007:**

Abbott acknowledged that these are largely restatements of Abbott's interrogatories and the parties agreed to hold off on these topics for the time being.

-5-

      Finally, we reserve the right to make additional objections at a later date.  As always, we remain willing to further meet and confer on these requests with the aim of finding areas of mutual agreement and narrowing the areas on which we disagree.  The parties have agreed that the time for filing a motion for protective order is deferred until after the parties identify the topics for which no resolution can be reached.

Very Truly Yours,

/s/
Elizabeth A. Strawn
Trial Attorney
Commercial Litigation Branch

cc:    James Breen