# EXHIBIT G

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-3734
christophercook@jonesday.com

February 8, 2008

<u>VIA E-MAIL</u>

Elizabeth A. Strawn
Trial Attorney
Commercial Litigation Branch
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street, N.W., Ninth Floor
Washington, D.C. 20004

   Re:   *U.S. ex rel. Ven-A-Care of the Florida Keys Inc. v. Abbott Laboratories*,
           MDL No. 1456/Civil Action No. 01-12257-PBS

Dear Elizabeth:

       I am writing in response to your letter dated January 22, 2008 regarding our January 7, 2008 telephone call. The subject of your prior letter and our telephone call was Abbott's request for deposition testimony pursuant to Rule 30(b)(6) and CMO 13 in the above-described case. I will address the various topics in the same order and format as you addressed them in your letter.

       Before turning to our requests for testimony, I wish to bring to your attention the January 17, 2008 letter of Mark Lavine to Toni Citera. In that letter, Mr. Lavine insists that Abbott produce witnesses pursuant to 30(b)(6) on specifications seeking "all communications" and "any information" regarding topics that are "crucial to Abbott's defenses." As you can see below and as we discussed on January 7, Abbott is willing to recognize the limitations of human memory by narrowing similarly broad requests made on the government. We have therefore offered to limit some topics to specific prior statements and allowed for reasonable inquiry or written answers on topics asking to marshal evidence as to past events. We also agreed to defer discussion of many Abbott requests that asked for such things as "all facts" and "all communications." *See, e.g.,* Nov. 21, 2007 Topics 11-13; Nov. 30, 2007 Topic 3. If the government is not willing to narrow or withdraw its broad requests of Abbott, we are not in a position to agree to similar compromises. Accordingly, as to each proposal in this letter, you should assume that Abbot's agreement is expressly conditioned upon application of the "goose/gander" rule.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Elizabeth A. Strawn
February 8, 2008
Page 2

## Regarding the letter request bearing a date of November 20, 2007:

Topic 1

      I do not agree that any aspect of this, or any other, request for testimony is overbroad or otherwise inappropriate.  We did, however, discuss whether the government would be willing to put up a witness in response to this topic as to each of the statements identified in subsections (a) through (h) of our request.  As to subsection (i), the government will consider whether to put up a witness as to statements that we would identify prior to the date of the deposition.  Please advise me whether the government is willing to provide a witness pursuant to Rule 30(b)(6) to testify on this topic under these terms.

Topic 2

      Please provide the deposition designations the government wishes to identify as 30(b)(6) testimony on this topic so that we can decide whether additional testimony is necessary.

## Regarding the letter request bearing a date of November 21, 2007:

Topic 1

      I do not agree that this topic is overbroad.  The parties did, however, agree to defer a resolution of this topic pending a resolution of various requests made by the United States on Abbott for witnesses pursuant to Rule 30(b)(6).

Topic 2

      Please advise me what difference the United States sees between a 30(b)(1) witness on this topic and a Rule 30(b)(6) witness.  If there is no difference, I fail to see why we would redesignate this as a request for testimony pursuant to Rule 30(b)(1).  If there is a difference in the opinion of the United States, I want to be very clear what that difference is.  To be certain, we wish to obtain the position on this topic of the entity which is suing our client. (Here again, I turn your attention to Mr. Lavine's January 17, 2008 letter and his insistence on testimony from a corporate representative on several topics.)  Moreover, our requests seek testimony regarding how CMS *interpreted* the term "AWP" and "average wholesale price" and not just how CMS "applied" that term.  Accordingly, in identifying testimony that may be designated as 30(b)(6) testimony on this topic, I ask that you be specific about whether it is your position that the testimony designated fully responds to the request or, as your letter of January 22, 2008 implies, would go only to how CMS "applied" the relevant term.  The sooner you can provide those designations the better.

Elizabeth A. Strawn
February 8, 2008
Page 3

Topic 3

       Is it your final position that the government will object to this topic as being outside the discovery period as ordered by the Court on May 22, 2007?  In considering whether this is your final position, I would ask you to consider that the government's complaint is itself outside the discovery period.  The Court's order limiting the government to discovery relating to Abbott's conduct during the relevant time period arises from the fact that the government is seeking recovery for alleged conduct that occurred between those dates.  Discovery relating to such information as sales data after 2001 is, therefore, obviously irrelevant.  In this topic, however, we seek testimony to determine whether positions being taken by the United States in this litigation is consistent with positions being taken at this time by your client, CMS, in operating the Medicare and Medicaid programs.  I am sure you understand that it would be problematic for the Department of Justice to be taking a "litigation position" that varies from the interpretation currently being given by CMS to the terms "average wholesale price" and "AWP."  Testimony by CMS officials already suggests that this is happening, and this request for Rule 30(b)(6) testimony is designed to explore that issue.  Accordingly, we believe that the testimony is relevant and permitted under relevant Court orders, and we ask that the government designate a witness to testify about this subject.

Topic 4

       We agree that the parties will defer this topic pending resolution of the government's Rule 30(b)(6) request to Abbott.

Topic 5

       Please provide the deposition designations the government wishes to identify as 30(b)(6) testimony on this topic so that we can decide whether additional testimony is necessary.

Topic 6

       This topic seeks testimony explicitly permitted by Judge Bowler on May 22, 2007.  We believe that the government's response so far to the order is insufficient.  If the government has additional testimony that it can or intends to offer on this subject, we believe it is incumbent upon you to do so.  If you cannot provide additional testimony as requested in this specification, we are willing to accept that concession in an appropriate written stipulation.

Topic 7

       After reviewing this topic further, we believe that the government should, at a minimum, be in a position to provide Rule 30(b)(6) testimony describing what steps CMS, its employees, agents, or carriers or any State Medicaid program took after receiving the information contained

Elizabeth A. Strawn
February 8, 2008
Page 4


in Ven-A-Care's various complaints, the June 10, 1996 article published in *Barron's* magazine entitled "Hooked On Drugs," and the various communications, including letters and PowerPoint presentations, that have been produced by the plaintiffs in this case describing the fact that published AWPs for the Subject Drugs exceeded the acquisition costs for those same drugs. Regardless whether the government objects and will not produce a witness regarding "any other communication" of this type, we expect that this specification provides sufficient detail to allow the government to put up a witness who can describe the response of these federal programs to the specific communications described above. To the extent that the government is willing to put up a witness on this specification, Abbott will agree (similar to our response to Topic 1 of the November 20, 2007 letter) to detail prior to the deposition date the communications that will be the subject of the Rule 30(b)(6) testimony. Please advise us whether that compromise will be sufficient to allow the government to produce a witness on this topic.

Topic 8

Please provide the deposition designations the government wishes to identify as 30(b)(6) testimony on this topic so that we can decide whether additional testimony is necessary.

Topic 9

Please provide the deposition designations the government wishes to identify as 30(b)(6) testimony on this topic so that we can decide whether additional testimony is necessary.

Topic 10

With respect to our offer to narrow this topic to communications of which CMS is aware, we would expect a Rule 30(b)(6) witness to testify about communications made not just by CMS, but also by agents of CMS (including DOJ) or on CMS's behalf. In order to provide such testimony, we would expect CMS to make reasonable inquiry to determine whether any communications were made by its employees and agents or on its behalf to any compendia seeking to prevent, discourage, or alter in any way the publication of AWP data. That being said, we are willing to agree that this topic does not ask CMS to put up a witness to describe communications of which CMS is not aware or could not be aware following a reasonable inquiry. The CMS witness should, of course, be prepared to describe the reasonable inquiry made. As to the possibility of accepting a written answer in lieu of testimony for this topic, we will need to see the proposed written response to evaluate it. As with designation of testimony, we would ask you to do so as soon as possible so that we can expedite the process of obtaining the testimony requested in our letters to the Department of Justice in November 2007.

JONES DAY

Elizabeth A. Strawn
February 8, 2008
Page 5


Topics 11-13

I agree with you that resolution of these topics should be consistent with the course taken to resolve similar requests made by the government on Abbott. Please advise me whether the Government has decided what position it will take in that regard and whether it is offering to limit or withdraw requests on Abbott that would affect these topics.

Topics 14-18

You indicated in your letter that the government would evaluate whether to stand on all its objections. Please advise me at your earliest convenience whether the government intends to do so. As we indicated in our telephone conversation, these are topics for which we would like to obtain testimony from a witness representing the entity that has sued our client.

Topics 19-21

Please advise me whether, as indicated in your letter, the government intends to provide a witness or stand on its objections.

Topics 22-25

The government's position is that these requests relating to preservation of evidence are duplicative of prior 30(b)(6) testimony. After evaluating your objections and our telephone conversation, I cannot agree with you that all of the questions propounded in topics 22-25 have been answered fully by the government. We will, therefore, consider accepting the government's prior 30(b)(6) testimony if the government stipulates that there is no additional response that the government can give to each of the questions posed in topics 22 through 25. If the government had additional information on any of these topics, we are happy to consider a written response in lieu of oral testimony, and we ask that you provide that proposed response for our evaluation.

Topic 26

We disagree with you that Topic 26 is entirely duplicative of Topic 19. Please evaluate Topic 26 in the same manner that you are evaluating Topic 19 to determine whether the government will provide a witness or stand on its objections. To the extent that you provide a witness on Topic 19, we would expect that witness to be able to answer the more detailed specifications contained in Topic 26.

Elizabeth A. Strawn
February 8, 2008
Page 6


Topic 27

    After reviewing this topic further, it seems to us that the initial question is whether the government will be asserting privilege as to any testimony relating to this issue.  If so, there would be on need to narrow this response.  If you are not asserting privilege, we will considering reasonable limitations.  Please advise us whether the government is asserting privilege as to any possible response to Topic 27.

**Regarding the letter request bearing a date of November 30, 2007:**

    You were correct that the specifications contained in the letter of November 30, 2007 are in some measure restatements of interrogatories propounded by Abbott.  After a review of the government's responses to Abbott's interrogatories, however, we do not believe that we have received adequate written testimony to render live testimony unnecessary.  Accordingly, we would ask that the government please put up a witness as to each of the specifications in the November 30, 2007 letter.

    I agree with you that the parties each have deferred the time for filing a motion for protective order until we have completed our discussion of objections to the various Rule 30(b)(6) requests on both sides.  In order to speed that process, please let me know the date by which the government can provide proposed designations of testimony and proposed written responses, as well as any other details necessary to reach final resolution.

    If you are available, I would like to reconvene for another telephone call next week.


    Very truly yours,

    /s/ R. Christopher Cook

    R. Christopher Cook

cc:    James Breen