Exhibit B



E-SERVED 08/27/05 09:48 AM ET Lupron

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: LUPRON® MARKETING AND SALES PRACTICES LITIGATION | MDL NO. 1430 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | CA No. 01-CV-10861 <br> Judge Richard Stearns |

## RCS [PROPOSED] FINAL ORDER AND JUDGMENT

This Court having considered: (a) the Settlement Agreement and Release dated November 15, 2004, including all Exhibits thereto (the "Class Agreement") between the Plaintiffs and Defendants TAP Pharmaceutical Products Inc. ("TAP"), Abbott Laboratories ("Abbott") and Takeda Pharmaceutical Company Limited (f/k/a Takeda Chemical Industries, Ltd.) ("Takeda") (collectively the "Defendants"); (b) the proposed allocation and distribution of the Class Settlement Fund; (c) various pleadings and motions of the parties, intervenors, and other objectors; and having held a three day fairness hearing on April 13-15, 2005 and a further hearing on June 24, 2005, and otherwise being fully informed, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. This Final Order and Judgment incorporates herein and makes a part hereof: (i) the Court's May 12, 2005 Memorandum and Order Approving Settlement and Certifying the Class (the "May 12 Memorandum"); (ii) the Class Agreement, including the Exhibits thereto; (iii) the June 10, 2005 Implementation Agreement Between and Among MDL Plaintiffs, MDL Class Counsel, Defendants and K&S Group (the "Implementation Agreement"); (iv) the Court's November 24, 2004 Order Granting Preliminary Approval of Settlement, Certifying Class for Purposes of Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing


E-SERVED
08/27/05
09:48 AM ET
Lupron

("Preliminary Approval Order"); and (v) the various agreements between and among MDL Plaintiffs, Defendants, and the States of Idaho, Illinois, Kentucky, Minnesota, Pennsylvania, and Wisconsin (the "States Agreements"). Unless otherwise provided herein, the terms defined in the Class Agreement shall have the same meanings for purposes of this Final Order and Judgment.

2. The Court has personal jurisdiction over all Class Representatives, nationwide Lupron® Purchaser Class Members, and Defendants for purposes of this settlement only, and has subject matter jurisdiction to approve the Class Agreement.

3. The record shows that Notice has been given to the nationwide Lupron® Purchaser Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise members of the nationwide Lupron® Purchaser Class of the pendency of the Lupron® MDL Actions, the terms of the Settlement, and nationwide Lupron® Purchaser Class Members' right to object to or exclude themselves from the nationwide Lupron® Purchaser Class and to appear at the settlement fairness hearing held on April 13 - 15, 2005 (the "Fairness Hearing"); (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

4. No individuals or entities, other than those listed on Exhibit A hereto, have excluded themselves from the nationwide Lupron® Purchaser Class. This Final Order and Judgment shall have no force or effect on the persons or entities listed on Exhibit A hereto.

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the May 12 Memorandum, the Court hereby finally approves in all respects the Settlement set forth in the



Class Agreement as modified by the Court-approved Implementation Agreement and the States Agreements ("the Settlement").

6. The Court finds that the Settlement, the Class Agreement, and the plan of distribution of the Class Settlement Fund as set forth in Paragraph 17 of the Class Agreement, and as modified by the Court-approved Implementation Agreement and the States Agreements, are, in all respects, fair, reasonable and adequate, and in the best interest of the nationwide Lupron® Purchaser Class.

7. The Court further approves the establishment of the Class Settlement Fund under the terms and conditions set forth in the Class Agreement and the Escrow Agreement submitted by the parties. The parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Class Agreement, as modified by the Implementation Agreement and the States Agreements. In addition, the parties are authorized to agree to and adopt such amendments and modifications to the Class Agreement as (i) shall be consistent in all material respects with this Final Order and Judgment, and (ii) do not limit the rights of nationwide Lupron® Purchaser Class Members.

8. The Court finds that no further relief, in the form of an injunction or other equitable relief, is warranted against any Defendant in light of (i) the requirement that TAP comply with a comprehensive Corporate Integrity Agreement entered into with the United States relating to Lupron®; and (ii) changes to government statutes and regulations as part of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, that, among other things, changed the pricing and reimbursement approach for Lupron®.

9. The Lupron® MDL Actions (listed in <u>Exhibit B</u>) are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

3



10. Upon the Effective Date of the Class Agreement, the Releasors (as defined in Paragraph 2(z) of the Class Agreement) shall release and forever discharge the Releasees (as defined in Paragraph 2(x) of the Class Agreement) from the Released Claims (as defined in Paragraph 2(y) of the Class Agreement). The Court specifically incorporates herein the comments made on pages 40-42 of the May 12 Memorandum regarding the appropriate scope of the Release.

11. In addition, each Class Member expressly waives and releases, upon the Effective Date of the Agreement, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

> Section 15.42. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the Agreement, but each Releasor expressly waives and fully, finally and forever settles and releases, upon this Order becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims with respect to the subject matter of the Agreement whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Releasor also hereby expressly waives and fully, finally and forever settles and releases any and all Released Claims it may have against Releasees under § 17200, et seq., of the California Business and Professions Code.



12. The Court finds that the Class Settlement Fund is a "Qualified Settlement Fund" as defined in section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

  (a) The Class Settlement Fund is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

  (b) The Class Settlement Fund is established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liability arising out of an alleged violation of law; and

  (c) The assets of the Class Settlement Fund are segregated from other assets of TAP, the transferor of payments to the Class Settlement Fund, and from the assets of persons related to TAP.

13. Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

  (a) The Class Settlement Find met the requirements of paragraphs 12(b) and 12(c) of this Order prior to the date of this Order approving the establishment of the Class Settlement Fund subject to the continued jurisdiction of this Court; and

  (b) TAP and the "administrator" under section 1.468B-2(k)(3) of the Treasury Regulations may jointly elect to treat the Class Settlement Fund as coming into existence as a "Qualified Settlement Fund" on the later of the date the Class Settlement Fund met the requirements of paragraphs 12(b) and 12(c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph 12 of this Order are met. If such relation-back election is made, the assets held by the Class Settlement Fund on such date shall be treated as having been transferred to the Class Settlement Fund on that date.

14. Nothing in this Final Order and Judgment, the Settlement, the Class Agreement, the Implementation Agreement, or the States Agreements is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any of the Defendants.

15. As set forth in Exhibit C hereto, the Class Representatives and other appropriate persons are hereby granted an incentive award, which amount is in addition to whatever monies



they will receive from the Class Settlement Fund pursuant to the terms of the Class Agreement and this Final Order and Judgment.

16. Without affecting the finality of this Final Order and Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Class Agreement, Implementation Agreement, the States Agreements, and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose. Defendants, Class Representatives, the parties to the Implementation Agreement, the parties to the States Agreements, and each member of the nationwide Lupron® Purchaser Class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to those agreements, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17. In the event that the Settlement does not become effective according to the terms of the Class Agreement, this Final Order and Judgment shall be rendered null and void as provided by the Class Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Class Agreement.


18. No nationwide Lupron® Purchaser Class Member, either directly, representatively, or in any other capacity (other than the persons and entities specifically enumerated in Exhibit A hereto), shall commence, continue or prosecute against any or all Releasees any action or proceeding in any court or tribunal asserting any of the Released Claims defined in the Class Agreement, and are hereby permanently enjoined from so proceeding.

19. This judgment is entered pursuant to Federal Rule of Civil Procedure 58 and is a final order.

DATED: August 26, 2005

SO ORDERED

Richard G. Stearns
United States District Judge



# EXHIBIT A

INDIVIDUALS AND ENTITIES THAT HAVE PROPERLY EXCLUDED THEMSELVES FROM THE NATIONWIDE LUPRON® PURCHASER CLASS IN ACCORDANCE WITH THE ORDER OF NOVEMBER 24, 20004

I. **CONSUMER EXCLUSIONS**

|    |                   |    |      |
|----|-------------------|----|------|
| 1. | THERESA           | PA | 4    |
| 2. | EDWARD            | OH | 13   |
| 3. | ROBERT            | PA | 45   |
| 4. | RICHARD           | MO | 51   |
| 5. | BERNARD           | NJ | 59   |
| 6. | HARRY             | NJ | 60   |
| 7. | DALE              | NJ | 61   |
| 8. | PHILIP            | NJ | 62   |
| 9. | VICKI             | MI | 70   |
| 10.| JUDENE            | PA | 75   |
| 11.| DAWN              | LA | 82   |
| 12.| NORMADENE         | PA | 92   |
| 13.| LYWANDA           | AL | 152  |
| 14.| MONTE             | CT | 155  |
| 15.| ESTATE OF WILLIE  | MS | 167  |
| 16.| MARVIN            | NC | 171  |
| 17.| FRANK             | NJ | 180  |
| 18.| KATLEEN           | LA | 195  |
| 19.| TED               | NY | 213  |
| 20.| PHILIP            | IA | 214  |
| 21.| JACQUELINE        | MD | 219  |
| 22.| RAY               | VA | 228  |
| 23.| DENNIS            | IN | 239  |
| 24.| ROBERT            | CA | 241  |
| 25.| WALTER            | AZ | 383  |
| 26.| MINNIE            | AL | 468  |
| 27.| VIRGINIA          | TX | 522  |
| 28.| CYNTHIA           | GA | 549  |
| 29.| BRENDA            | SC | 681  |
| 30.| ANDREA            | FL | 876  |
| 31.| VICTORIA          | MO | 952  |
| 32.| DENICE            | PA | 965  |
| 33.| CARLENE           | NJ | 979  |
| 34.| SUSAN             | IA | 1002 |
| 35.| DENISE            | MD | 1015 |
| 36.| JEFFREY           | CA | 1023 |



| | | | | |
|---|---|---|---|---|
| 37. | LORI | | AR | 1029 |
| 38. | LEONARD | | NJ | 1030 |
| 39. | DENEEN | | GA | 1031 |
| 40. | JACQUELINE | | WA | 1043 |

## II.  TPP EXCLUSIONS

| | | | | | |
|---|---|---|---|---|---|
| 1. | BLUE CROSS AND BLUE SHIELD OF ALABAMA | PO BOX 530910 | BIRMINGHAM | AL | 35298 |
| 2. | BLUE CROSS AND BLUE SHIELD OF MICHIGAN | PO BOX 530910 | BIRMINGHAM | AL | 35298 |
| 3. | LIFE INSURANCE COMPANY OF ALABAMA | PO BOX 349 | GADSDEN | AL | 35902 |

9



# EXHIBIT B

## Lupron® MDL Actions Dismissed, With Prejudice, by this Final Order and Judgment

| | | |
|---|---|---|
| 1. | *William M. Porter, Estate of William Brickey, Estate of Carl Goetting, Beacon Healthplans, Inc., and Twin Cities Bakery Workers Health and Welfare Fund v. TAP Pharmaceutical Products, Inc., Abbott Laboratories and Takeda Chemical Industries, Ltd* | Master No. 01 CV 10861 |
| 2. | *Empire Healthchoice, Inc., d/b/a Empire Blue Cross and Blue Shield, Blue Cross and Blue Shield of Florida, Inc., Health Options, Inc., Trigon Insurance Company, d/b/a Trigon Blue Cross Blue Shield, Healthkeepers, Inc., Priority Health Care, Inc., Health Peninsula Care, Inc., Blue Cross and Blue Shield of Kansas City, Good Health HMO, Inc., Wellmark, Inc., d/b/a Wellmark Blue Cross and Blue Shield of Iowa, Wellmark of South Dakota, Inc., d/b/a Wellmark Blue Cross and Blue Shield of South Dakota, Blue Cross Blue Shield of Montana, Inc., California Physicians' Service, d/b/a Blue Shield of California, CareAmerica Life Insurance Company, CPIC Life Insurance Company, Highmark Inc., d/b/a/ Highmark Blue Cross Blue Shield, Keystone Health Plan West, Keystone Health Plan Central, Highmark Services, Inc., Healthguard of Lancaster, Inc., Blue Cross and Blue Shield of Nebraska, Corporate Diversified Services, Inc., Louisiana Health Service & Indemnity Company, Inc., d/b/a Blue Cross and Blue Shield of Louisiana, and Blue Cross Blue Shield of Tennessee, Inc., Tennessee Health Care Network, Inc., Volunteer State Health Plan, Inc., Horizon Healthcare Services, Inc., and Oxford Health Plans, Inc. vs. TAP Pharmaceutical Products, Inc., Abbott Laboratories and Takeda Chemical Industries, Ltd.* | Master No. 01 CV 10861<br><br>(Original Case Nos. 02-10015 and 02-10139) |
| 3. | *Aetna Health, Inc. vs. TAP Pharmaceutical Products, Inc.* | Master No. 01 CV 10861<br><br>(Original Case No. 1:04-CV-10076) |
| 4. | *Cobalt Corporation vs. Abbott Laboratories, Inc., Takeda Chemical Industries Ltd. and TAP Pharmaceutical Products Inc.* | Master No. 01 CV 10861<br><br>(Original Case No. 02-11692) |
| 5. | *Health Care Service Corporation, a Mutual Legal Reserve Company vs. Takeda Chemical Industries, Ltd., TAP Pharmaceutical Products, Inc., and Abbott Laboratories* | Master No. 01 CV 10861<br><br>(Original Case Nos. 02-10015 and 02-10139) |



## **Exhibit C**

### INCENTIVE AWARD PAYMENTS

| Incentive Award Recipient | Amount of Award |
| --- | --- |
| Beacon Health Plans, Inc. | $25,000 |
| Twin Cities Bakery Workers Health and Welfare Fund | $25,000 |
| Acie Clark | $ 5,000 |
| Estate of William Brickey | $ 5,000 |
| Estate of Carl Goetting | $ 5,000 |
| William Porter | $ 5,000 |
| Joseph Benoit | $ 2,500 |
| Jamie Grass | $ 2,500 |
| Milton Greene | $ 2,500 |
| J. Kelly Farris | $ 2,500 |
| Brenda Campbell-Hubbard | $ 2,500 |
| Kenneth David Lee Jarman | $ 2,500 |
| Debra Kibodeaux | $ 2,500 |
| George Wilson Landry | $ 2,500 |
| Henry Landry, Sr. | $ 2,500 |
| Amy LeBlanc | $ 2,500 |
| Donna Litchfield | $ 2,500 |
| Steve Rowan | $ 2,500 |
| Alexandra Samsell | $ 2,500 |
| Ariel Samsell | $ 2,500 |
| Angela Sledge | $ 2,500 |
| Carol Sullivan | $ 2,500 |
| Robert Swanston | $ 2,500 |