UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*,<br>No. 06-CV-11337-PBS | ) ) ) ) ) ) | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

**ABBOTT LABORATORIES INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 14, 2008 RULING RE: ACYCLOVIR DISCOVERY**

On January 31, 2008, Magistrate Judge Bowler denied the United States' request to produce all transactional data and documents relating to Acyclovir Sodium, on grounds that the propriety of the Acyclovir claims were dependent on this Court's then-outstanding decision on Abbott's motion to dismiss the United States' First Amended Complaint in Intervention. While that motion was still pending, the United States filed an objection to Judge Bowler's ruling, and on March 14, 2008, this Court upheld the objection, ruling in an electronic order that "Abbott shall produce within 20 days all documents relating to Acyclovir Sodium."

Abbott now respectfully requests that the Court reconsider its order that Abbott produce documents relating to Acyclovir, in light of the Court's March 13, 2008 ruling that the United States could only amend its complaint to add Acyclovir claims "to the extent it seeks to add timely claims . . . without the benefit of the relation back doctrine." (Dkt. No. 5143 at 12-13.) As described below, without the relation-back doctrine, the United States has no timely claims for Acyclovir. As such, the transactional data and other documents that the United States seeks regarding Acyclovir are irrelevant, and Abbott should not be require to produce them.

**ARGUMENT**

**I.     ALL OF THE GOVERNMENT'S ACYCLOVIR CLAIMS ARE UNTIMELY**

The FCA provides that no civil action may be brought "more than 6 years after the date on which the violation is . . . committed," 31 U.S.C. § 3731(b)(1), or "3 years after the date when facts material to the right of action are known or reasonably should have been known by [the government]," "whichever is later." *Id.* § 3731(b)(2).  Under the latter provision, a claim may "in no event [be filed] more than 10 years after the date on which the violation is committed." *Id.* The act which triggers the statute is the presentation of the claim to the United States. *United States v. Rivera*, 55 F.3d 703, 707 (1st Cir. 1995).

Here, the United States sought leave to file its First Amended Complaint on November 7, 2007, after having improperly filed the complaint, without leave, on June 4, 2007.  But even assuming that June 4, 2007 is the date on which the amended complaint were deemed filed, all claims accruing before June 4, 2001 are time-barred under the six-year limitations period of the FCA,[1] unless those claims relate back to earlier complaints.  This Court, however, has already held that Acyclovir claims "d[o] not relate back to the relator's second amended complaint . . . which first asserted the Acyclovir claims," and that the timeliness of the Acyclovir claims must be gauged "without the benefit of the relation back doctrine." (Dkt. No. 5143 at 12-13.)

Given this June 4, 2001 cut-off date for Acyclovir claims, all of the Government's claims are time-barred.  According to the First Amended Complaint, Abbott began selling Acyclovir on April 22, 1997 and continued to maintain a large spread on the drug until April 30, 2001, when "Abbott reported new LPs and WACs for its Acyclovir products." (Dkt. No. 4281 at ¶¶104-110.)

---

[1] The United States has known about the Acyclovir claims since at least August 1997, when the relator raised the claims in its second amended complaint. (*See* Dkt. No. 5143 at 3-4.) The 3-year statute of limitations for such claims is thus inapplicable, as it is not "later" than the standard 6-year limitations period. *See* 31 U.S.C. § 3731(b)(1), (2).

The Government describes those "revised LP, WAC and AWP [as] in keeping with the actual contract price for Abbott's Acyclovir."  (*Id.* at ¶110.)  The United States' own allegations thus demonstrate that the supposed false claims related to Acyclovir ceased as of no later than April 30, 2001.  As all of the alleged false claims for Acyclovir accrued prior to the cut-off date of June 4, 2001, the Government's claims are untimely.

## II.  BECAUSE THE GOVERNMENT HAS NO TIMELY ACYCLOVIR CLAIMS, ABBOTT SHOULD NOT BE COMPELLED TO PRODUCE DOCUMENTS REGARDING THAT PRODUCT.

Given that the United States' false claims allegations regarding Acyclovir are all time-barred, this Court should reconsider its order that Abbott provide the United States with all transactional data and other documents regarding Acyclovir.  The Federal Rules, as amended in 2000, make clear that parties to a civil action "have no entitlement to discovery to develop new claims or defenses that are not already included in the pleadings."  Fed. R. Civ. P. 26(b)(1), Advisory Comm. Note (2000).  Instead, discovery is limited *only* to those matters that are "relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  Consistent with the dictates of Rule 26, this Court has recognized that the Government is not entitled broadly to discovery about products that are not properly the subject of its complaint in intervention.  (*See* Hr'g Tr. (Feb. 27, 2007), attached as Ex. A, at 8 (Government is "not entitled to every drug if you haven't sued on it"); at 15 (Government cannot "use a lawsuit as a fishing expedition for ten more drugs that [it is] interested in . . . [t]hat's the big bottom line"); at 25 ("You can't have a hundred documents relating to a hundred drugs when you're suing on four").)

Applying this standard, it is clear that the United States' request for transactional data and other documents relating to Acyclovir is improper and should be rejected.  The Government claims that it needs this information so that its "expert witness who is calculating damages" can work on damages issues relating to Acyclovir sales.  (Dkt. No. 5045 at 4-5; *see also* March 14,

3

2008 letter from Government counsel, attached as Ex. B (requesting Acyclovir data for purposes of "damages calculation").) Because the Government has no timely Acyclovir claims without resort to the relation-back doctrine (which this Court has foreclosed), however, there can be no damages, and this rationale falls away. The Government has no Acyclovir claims, and thus documents and data relating to Acyclovir are irrelevant.[2] Under Rule 26, the Court should not require Abbott to go through the burden and expense of compiling and producing such documents, particularly in the abbreviated time-frame in which this Court has ordered disclosure.

## CONCLUSION

In light of its March 13, 2008 ruling, which makes clear that the Government cannot rely on the relation-back doctrine and thus has no timely claims relating to Acyclovir, this Court should reconsider its order requiring Abbott provide the United States with all transactional and other documentation related to Acyclovir.

---

[2] In light of this Court's March 13, 2008 Order, the Government's complaint is limited to only four drugs – vancomycin, sterile water, dextrose, and sodium chloride. The only documents relating to Acyclovir that could possibly be relevant to the Government's properly-asserted claims are those that relate to AWP-based reimbursement or "spread." Pursuant to prior orders from Magistrate Bowler, Abbott already has produced any such cross-cutting Acyclovir documents to the Government.

Dated: March 24, 2008

Respectfully submitted,

/s/ R. Christopher Cook
James R. Daly
Tina M. Tabacchi
Jason Winchester
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

    I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 14, 2008 RULING RE: ACYCLOVIR DISCOVERY to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 24th day of March, 2008.

                                          /s/ David S. Torborg
                                          David S. Torborg