# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Chief Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc.*, | ) | |
| No. 06-CV-11337-PBS | ) | |

## MOTION TO RECONSIDER THE COURT'S DENIAL OF ABBOTT'S MOTION FOR A PROTECTIVE ORDER RELATING TO THE PROPOSED DEPOSITION OF RICHARD A. GONZALEZ

On March 13, 2008, this Court ruled that the Government could depose Richard A. Gonzalez, Abbott's recently-retired President and Chief Operating Officer, on the ground that he "was the head of the Hospital Products Division at a critical time" (March 1998 to July 2000). (Electronic Endorsement re Dkt. No. 5095, entered 3/13/08.)  As discussed below, however, any possible need the Government could have for Mr. Gonzalez's deposition has now been eliminated by Abbott's production of a designee under Rule 30(b)(6) to testify on behalf of the corporation as to the very subjects that the Government seeks to discover from Mr. Gonzalez. Indeed, in preparing to testify, the corporate designee consulted with Mr. Gonzalez and thus was able to relay information directly from Mr. Gonzalez in the deposition.  In light of this corporate testimony, and pursuant to Federal Rule of Civil Procedure 26(c), the Court can and should enter a protective order prohibiting the individual deposition of Mr. Gonzalez.  Alternatively, if the Court is inclined to allow the deposition to proceed, it should be limited to no more than four hours, and the topics for the deposition should be limited to those issues the Government already enumerated in the briefing.

**ARGUMENT**

I.   **ABBOTT'S CORPORATE TESTIMONY OBVIATES THE NEED FOR MR. GONZALEZ'S TESTIMONY, AND HIS DEPOSITION THEREFORE SHOULD BE BARRED.**

Since this Court issued its ruling on March 13 reversing Magistrate Judge Bowler and allowing the Government to proceed with its request to depose Mr. Gonzalez, significant events have occurred that warrant revisiting this issue.  In particular, Abbott presented a corporate designee pursuant to Rule 30(b)(6) on March 16 to testify about a wide range of topics that easily encompassed all of the matters that the Government seeks to explore with Mr. Gonzalez.  For instance, the designee – Michael Sellers, a long-time HPD official who was more directly involved than Mr. Gonzalez in the day-to-day operations of the division – has been offered by Abbott to testify about HPD's financial performance from 1991-2003; HPD's communications with the price-reporting compendia regarding the Subject Drugs; the general operations of (and reasons for closing) the former Home Infusion Services department; the facts surrounding Abbott's decision to adjust list prices for many HPD products in 2001; and other topics.  Mr. Sellers covered many of these issues during his first day of testimony, and the Government has requested, and Abbott has consented to, a second day, during which he will no doubt address these matters in even greater detail.

Critically, in preparing for his corporate testimony, Mr. Sellers contacted Mr. Gonzalez, in order to explore Mr. Gonzalez's knowledge about the key topics at issue and thereby to ensure that the 30(b)(6) testimony would be as complete as possible.  (Tr. of 3/16/08 Deposition of Michael Sellers, excerpts attached as Ex. A, at 19-32.)  Mr. Sellers was able to convey during his testimony the sum and substance of Mr. Gonzalez's memory of these matters (which, not surprisingly, was minimal, given the passage of nearly a decade since Mr. Gonzalez was president of HPD and the fact that he was even then in a high-level, supervisory role).  (*Id*.)  For

instance, Mr. Sellers was able to convey Mr. Gonzalez's memory about the decision-making processes that led to Abbott's price adjustments on HPD products in 2001 (*id.* at 25-27), the closure of the Home Infusion Services department (*id.* at 30-31), and the coordination of the contract marketing operations within the two principal business units of HPD (*id.* at 27-30).

Mr. Sellers' 30(b)(6) deposition thus has provided (and in his second day will continue to provide) the Government with Abbott's corporate testimony about all of the matters that the Government seeks to elicit from Mr. Gonzalez.  In addition, Mr. Sellers was able to testify about Mr. Gonzalez's specific memory as to several of the central issues.  The case law surrounding apex depositions recognizes that corporate testimony under Rule 30(b)(6) can be an adequate substitute for the individual testimony of top corporate officials.  *See, e.g., In re Ski Train Fire*, 2006 U.S. Dist. LEXIS 29987, 29 (directing plaintiff to pursue less burdensome discovery, such as a 30(b)(6) deposition, in lieu of deposing the former CEO of defendant's subsidiary); *Folwell v. Hernandez,* 210 F.R.D. 169, 175 (M.D.N.C. 2002) (ruling that any topics addressed in a 30(b)(6) deposition could not be addressed with apex deposition witness); *Stone v. Morton Int'l*, 170 F.R.D. 498, 504 (D. Utah 1997).  That is clearly the case here.  In light of Mr. Sellers' expansive corporate testimony, there is no justification for burdening Mr. Gonzalez with a deposition to replow the same ground.  Under Rule 26(b)(2)(C), this Court should enter an order prohibiting Mr. Gonzalez's deposition.  *See, e.g., Crown Central Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 126 (Tex. 1995); *Evans v. Allstate Ins. Co.*, 216 F.R.D. 515, 518 (N.D. Okla. 2003); *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D. R.I. 1985); *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 U.S. Dist. LEXIS 20481, 11-12 (D. Cal. 2007); *In re Ski Train Fire of November 11, 2000 Kaprun Aus.*, 2006 U.S. Dist. LEXIS 29987, 29 (S.D.N.Y. 2006).

**II.     IF THE DEPOSITION IS TO PROCEED, THE COURT SHOULD IMPOSE
        REASONABLE RESTRICTIONS AS TO TIME AND SCOPE.**

Alternatively, if Court is inclined to allow Mr. Gonzalez's deposition to go forward, the
Court should impose reasonable limits on the duration and scope.  Although the Government
initially agreed to work with all other plaintiffs to try to limit Mr. Gonzalez's deposition to one
day, it now demands two days and has refused to confine the subjects to be covered during the
deposition in any way.  This is improper.

Courts have recognized that apex depositions should be limited, to promote efficiency
and minimize the burden that these depositions unquestionably entail.  *See, e.g., WebSideStory,
Inc. v. NetRatings, Inc*., 2007 U.S. Dist. LEXIS 20481, 17 (D. Cal. 2007) (limiting deposition of
former executive to certain enumerated topics); *Folwell,* 210 F.R.D. at 175 (limiting apex
deposition topics because of the "significant burdens" already imposed on defendant
corporation).  In this case, particularly in light of Abbott's expansive 30(b)(6) testimony and the
brief time period that Mr. Gonzalez served as the president of HPD (1998-2000), limitations are
certainly warranted.

In terms of subject matter, any deposition of Mr. Gonzalez should be cabined to the
following specific issues, which the Government has repeatedly articulated in its briefing and in
discussions with Abbott as the bases for its request to depose him:

- ♦     Mr. Gonzalez's involvement, if any, in negotiating HPD Alternate Site contracts,
        specifically a contract with Coram in or about June 1995;

- ♦     Mr. Gonzalez's involvement in the decision-making process surrounding Abbott's
        adjustment of list prices for several HPD products in 2001;

- ♦     Mr. Gonzalez's involvement, if any, in discussions relating to reimbursement by
        government programs for HPD products, including his role in any analysis of a
        proposal by First Data Bank in 2000 to utilize pricing information developed by
        the Department of Justice;

♦   Mr. Gonzalez's involvement in Abbott's decision to discontinue the former Home Infusion Services business; and

♦   Mr. Gonzalez's involvement in Abbott's decision to coordinate the contract marketing operations of the Hospital and Alternate Site business units within HPD.

(*See* Dkt. No. 5043, at 7-9; *see also* Dkt. No. 4806, at 9; Dkt. No. 4781, at Ex. A.)

With more than 70 depositions already under its belt in this case, there can be no doubt that the Government does not need to utilize its time with Mr. Gonzalez to engage in a broad exploration of the day-to-day operations of HPD. Instead, the Government should be limited to those issues already briefed, as those are the matters about which the Government contends Mr. Gonzalez has unique personal knowledge. Such a limitation would be perfectly in keeping with the body of apex jurisprudence, which holds that top corporate officials are only to be subjected to deposition to the extent that they have unique personal knowledge that cannot be had some other way. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 483 (10th Cir. 1995) (protective order proper where plaintiff "made no attempt to demonstrate that the information she seeks to obtain from [the executive] could not be gathered from other IBM personnel, for whom a deposition might have been less burdensome"); *Baine,* 141 F.R.D. at 334 (denying deposition of GM vice president, noting that "when a party seeks to depose high-level decisionmakers who are removed from the daily subjects of the litigation, the party much first demonstrate that the would-be deponent has 'unique personal knowledge' of the matter in issue.").

Properly confined, it is clear that Mr. Gonzalez's deposition should last no more than four hours. *In re Bridgestone/Firestone, Inc. Tires Prods. Liability Litig.*, 205 F.R.D. 535, 536 (approving of magistrate judge's "strict time limits" for apex deposition); *Folwell*, 210 F.R.D. at 174 (limiting deposition to one-half day); *Morales v. E.D. Entyre & Co.*, 229 F.R.D. 661, 663 (D.N.M. 2005) (limiting deposition of defendant's CEO to one hour). Such a time frame is more

than sufficient to allow a full examination on any relevant issues, while minimizing the undeniable burden on Mr. Gonzalez.

## CONCLUSION

For the reasons discussed above, this Court should enter an order barring the Government from deposing Mr. Gonzalez.  Alternatively, if the deposition is to go forward, the Court should direct that (a) the deposition be limited to four hours; and (b) the Government should limit its examination solely to the following topics:

1.  Mr. Gonzalez's involvement, if any, in negotiating HPD Alternate Site contracts, specifically a contract with Coram in or about June 1995;

2.  Mr. Gonzalez's involvement in the decision-making process surrounding Abbott's adjustment of list prices for several HPD products in 2001;

3.  Mr. Gonzalez's involvement, if any, in discussions relating to reimbursement by government programs for HPD products, including his role in any analysis of a proposal by First Data Bank in 2000 to utilize pricing information developed by the Department of Justice;

4.  Mr. Gonzalez's involvement in Abbott's decision to discontinue the former Home Infusion Services business; and

5.  Mr. Gonzalez's involvement in Abbott's decision to coordinate the contract marketing operations of the Hospital and Alternate Site business units within HPD.

Dated:  March 24, 2007

Respectfully submitted,

ABBOTT LABORATORIES INC.

By:  /s/ Brian J. Murray

James R. Daly
Jason G. Winchester
Brian J. Murray
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
Telephone: (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on March 24, 2008, the foregoing **MOTION TO RECONSIDER THE COURT'S DENIAL OF ABBOTT'S MOTION FOR A PROTECTIVE ORDER RELATING TO THE PROPOSED DEPOSITION OF RICHARD A. GONZALEZ** was served upon all counsel of record in this action electronically by posting a true and correct copy of same via Lexis-Nexis.

/s/ Brian J. Murray