**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>  *The City of New York, et. al.*<br>*v.*<br>  *Abbott Laboratories, Inc., et al.* | ) ) MDL NO. 1456<br>) Civil Action No. 01-12257-PBS<br>)<br>)<br>) Judge Patti B. Saris<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO COMPEL THE PRODUCTION OF CLAIMS DATA**

Defendants' Motion to Compel the production of Claims Data, filed February 27, 2008, is unnecessary and should be denied. Plaintiffs have already produced claims data from the New York State Department of Health (hereinafter "NYDOH") and the City of New York (hereinafter "the City") to defendants. In addition, plaintiffs have informed defendants that they are obtaining additional claims data from NYDOH and the City and will produce such data on or before April 4, 2008. And, plaintiffs have repeatedly demonstrated good faith in negotiating these productions with defendants and in abiding their promises to deliver the data on the agreed-upon dates. There is, in short, no need for an order directing plaintiffs to do that which they are already doing. The motion should be denied.

**Background on NYDOH Claims Data**

On March 21, 2008, plaintiffs produced claims data obtained from NYDOH for the time period 1997 to 2005 for all Designated FUL Drugs. Plaintiffs contemporaneously informed defendants that they will produce claims data from NYDOH for all other at-issue drugs by April

4, 2008.  *See* Ex. A 3/21/08 letter from Kathryn J. Bale, Esq. to Kim B. Nemirow, Esq. and Jobe Danganan, Esq.

This production was entirely consistent with what plaintiffs had promised. As stated in plaintiffs' responses to defendants' First Set of Document Requests, the NYDOH maintains the New York Counties' Medicaid claims data.  Plaintiffs have been working diligently with NYDOH to obtain that data and have been keeping defendants apprised of their efforts.  Two days after defendants filed the instant Motion to Compel, plaintiffs informed defendants that the NYDOH had confirmed that it would supply plaintiffs with responsive claims data on or before March 21, 2008.  *See* Ex. B 2/29/08 E-mail from Joanne M. Cicala, Esq. to John P. Bueker, Esq.

Thus, to date and in response to defendants' requests, plaintiffs have produced NYDOH claims data for the Designated FUL Drugs from the following available fields:  "NDC," "drug name," "date dispensed," "date paid," "provider number," "quantity," "claim status," "unique claim identifier," "amount paid by New York State Medicaid," "dual eligible flag," "other insurance amount paid," "provider name," and "provider address."  *See* Ex. A.  Plaintiffs have informed defendants that they can also produce data from the following fields if defendants so desire:  "Medicare allowed amount," and "Medicare paid amount."  *Id.*

Plaintiffs have informed defendants that data from the following fields are available but not reliable:  "Copayment/coinsurance amount," "Other insurance coverage type," and "other insurance payor name."  *Id.*

Plaintiffs also have informed defendants that the following fields from which defendants requested claims data are not available:  "dispensing fee," "reason denied or adjusted," "HCPCS code," "place of service," "ingredient cost," "allowed amount," "billed charge," and "drug administration service reimbursement."  *Id.*

In addition to the above, defendants have requested claims data that shows the basis of payment for a Medicaid claim.  NYDOH has informed plaintiffs that there is no field in the State's Pharmacy Claims data that sets forth the basis of payment for a claim.  This is because the basis of reimbursement to Pharmacy Providers is statutorily set and the claims are processed electronically pursuant to that statute.  If a FUL is in place, the claim is paid based on the FUL. N.Y. Soc. Serv. L. § 367-a(9)(b)(i).  If there is no FUL in place, at all times relevant hereto, the claims are paid based on the lower of the usual and customary charge ("U&C") or AWP less a certain statutorily-set percentage. N.Y. Soc. Serv. L. § 367-a(9)(b)(ii).  Plaintiffs have been working with  NYDOH to determine the extent to which U&C has been used as the basis for reimbursement for any Pharmacy Claim.  Preliminary estimates are that U&C is used as the basis for reimbursement in fewer than 5% of Pharmacy Claims.  If anything, this may present a damages question.

Plaintiffs are willing to coordinate a meeting between NYDOH and defendants for the purposes of confirming that which plaintiffs have written here, to supply an affidavit from State DOH in this regard and/or to otherwise help defendants gain a better understanding of what claims data are or are not available.

**Background on City of New York Claims Data**

Plaintiffs have produced and are producing claims data for the City of New York as part of the NYDOH production described above.  In addition, on January 30, 2008, plaintiffs produced a second set of City of New York claims data directly from the City's Medicaid data warehouse.  Defendants acknowledge that plaintiffs made this production.  *See* Defendants' Joint Memorandum in Support of Their Motion to Compel the Production of Claims Data at p. 3, ¶ 1. Thereafter, on February 29, 2008, plaintiffs engaged in a meet and confer with defendants'

liaison counsel to discuss the production of additional claims data for the City. As a result of the meet and confer, Plaintiffs agreed to produce additional claims data for the City on or before March 25, 2008. *See* Ex. C 3/4/2008 email from Kathryn J. Bale, Esq. to Hoa T. T. Hoang, Esq. Plaintiffs are on schedule to make that supplemental production by the promised date. Once again, there is no need for an order.

**Mischaracterizations of Plaintiffs' Position in Defendants' Motion**

Defendants' motion is replete with mischaracterizations. Most are irrelevant but three warrant comment. First, it is disingenuous for defendants to suggest that plaintiffs did not timely identify which PADs (or, more accurately "dual channel drugs") were reimbursed based on AWP (or FUL). That was the crux of the July 26, 2007 colloquy defendants refer to at page 1 of their memorandum. Plaintiffs were instructed to identify which PADs were reimbursed based on an AWP or FUL logic when plaintiffs filed their revised Exhibit B and that is precisely what plaintiffs did. Second, defendants' motion is written so as to suggest that defendants' request for the subject claims data has been long outstanding with no good faith response by plaintiffs. Defendants know full well that the first time they ever asked for claims data was on October 30, 2007 when they served their First Requests for the Production of Documents. Plaintiffs' responses since have been timely and made in good faith.

Finally, plaintiffs do not agree that "[n]either the relevancy of the information sought, nor the burden of producing the data is in dispute." *See* Def. Mem. at p.1 ¶2. Plaintiffs have made plain in every cover letter attached to their data and document productions that they are producing claims data subject to and without waiver of the objections asserted in the City's and each County's Responses to Defendants First Set of Document Requests. *See for example,* Exhibit A hereto.

## CONCLUSION

For the foregoing reasons, plaintiffs request that the Court deny defendants' motion to compel the claims data.

Dated: March 24, 2008

                Respectfully submitted,

                **City of New York and New York Counties in MDL 1456 except Nassau and Orange by**

                **KIRBY McINERNEY, LLP**
                830 Third Avenue
                New York, New York 10022
                (212) 371-6600

                /s/ Joanne M. Cicala
By:    Joanne M. Cicala (JC 5032)
        James P. Carroll Jr. (JPC 8348)
        Aaron D. Hovan (AH 3290)

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 24th day of March, 2008 he caused a true and correct copy of Plaintiffs' Opposition to Defendants' Joint Motion to Compel the Production of Claims Data to be delivered to counsel of record for defendants by electronic service by posting it to Lexis Nexis File and Serve's Electronic Service System pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

/s/ Aaron D. Hovan
Aaron D. Hovan
Kirby McInerney LLP
830 Third Avenue, 10th Floor
New York, NY 10022
(212) 371-6600