# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. CV-03-229)<br>*County of Westchester v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00425) |  |

[Caption Continues on Next Page]

**DEFENDANTS' JOINT REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION TO COMPEL THE PRODUCTION OF CLAIMS DATA**

10995118_1.DOC

| | |
|---|---|
| *County of Warren v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00468) | ) |
| *County of Greene v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00474) | ) |
| *County of Saratoga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00478) | ) |
| *County of Columbia v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00867) | ) |
| *Essex County v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00878) | ) |
| *County of Chenango v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00354) | ) |
| *County of Broome v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00456) | ) |
| *County of Onondaga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00088) | ) |
| *County of Tompkins v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00397) | ) |
| *County of Cayuga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00423) | ) |
| *County of Madison v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00714) | ) |
| *County of Cortland v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs. et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |

| | |
|---|---|
| *County of Genesee v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| | ) |

Plaintiffs' Opposition to Defendants' Joint Motion to Compel the Production of Claims Data simply mischaracterizes the facts.  The mischaracterization is revealed in Plaintiffs' own words by the very letters that Plaintiffs' counsel attached to the Opposition.  On February 29, 2008, Plaintiffs' counsel promised to produce "*the* responsive claims data . . . on or before March 21, 2008."  *See* Exhibit B to Plaintiffs' Opposition to Defendants' Joint Motion to Compel the Production of Claims Data [Docket No. 5162] (hereinafter "Opp.") (emphasis added).  It was on the basis of that promise that Defendants agreed to defer consideration of their Motion to Compel the Production of the Claims Data.  [Docket No. 5092].  But, yet again, Plaintiffs have broken their promise.  As counsel's March 21, 2008 letter announces in its very first sentence, Plaintiffs have produced claims data for only the "Designated FUL drugs" – a very small fraction (approximately 2%) of the more than 8,300 NDCs at issue in this case.  *See* Opp. at Ex. A.

As the letter from Plaintiffs' counsel and the Opposition make plain, moreover, the limited claims data that have been produced do not identify the basis of payment and do not contain sufficient information from which to derive the basis of payment.  New York Medicaid reimburses pharmacy providers for dispensing prescription drugs to Medicaid beneficiaries at the lower of Estimated Acquisition Cost (defined as AWP minus some fixed percentage) plus a dispensing fee, the Federal Upper Limit plus a dispensing fee, or the Usual and Customary charge submitted by the pharmacist to New York Medicaid as his or her "billed charge."  *See* N.Y. Soc. Serv. L. § 367-a(9)(b)-(e).  Most fundamentally, the Opposition concedes that the claims data that has been produced does not contain any information on the "billed charges" submitted by pharmacists.  *See* Opp. at p. 2.  Without this information (and other information such as the "dispensing fee" paid which the Opposition also concedes is "not available"), it is impossible to determine on what basis New York Medicaid reimbursed the claims allegedly at

issue in this case.

In their original request for this data, and throughout the meet and confer process, Defendants have made clear that it is essential that Plaintiffs produce claims data from which the basis of payment could be determined. Indeed, Plaintiffs cannot meet their burden of proof without it. Acknowledging this fatal deficiency, Plaintiffs ironically now express a "willing[ness] to coordinate a meeting between NYDOH and defendants for the purpose of confirming" among other things their "[p]reliminary *estimates* . . . that U&C is used as the basis for reimbursement in fewer than 5% of Pharmacy Claims."[1] *Id.* at 3 (emphasis added). Although Defendants maintain that, without the claims data showing as to each claim the basis of payment, Plaintiffs will never be able to meet their burden, Defendants are willing to participate in any "meeting" Plaintiffs coordinate. Such a meeting should not, however, delay the completion of Plaintiffs' production of claims data.

So that the endless chain of broken promises detailed in Defendants' Motion to Compel and in this Reply does not continue indefinitely, and Defendants finally obtain this very basic discovery that they need to defend themselves (*i.e.*, the claims data), as Plaintiffs' counsel represented would happen now 9 months ago, Defendants respectfully request a ruling on their Motion to Compel the Production of Claims Data. If the Court is not willing to dismiss the case at this time due to Plaintiffs' failure to prosecute it diligently, then – at a minimum – Defendants request that the Court enter an order: (1) compelling Plaintiffs to complete their production of the claims data <u>for all NDCs</u> on or before April 4, 2008, as Plaintiffs are now promising to do; and (2) prohibiting Plaintiffs from using any claims data not produced on or before April 4, 2008

---

[1] This is ironic, of course, because Plaintiffs and NYDOH have resisted <u>*all other*</u> discovery of NYDOH, claiming that it is entirely irrelevant. *See* Plaintiffs' Cross-Motion to Quash Subpoenas Issued by Defendants to the New York State Department of Health and/or its Current and Former Employees [Docket No. 5120]. Discovery from NYDOH should not be available when it suits Plaintiffs' needs, but totally unavailable when it's Defendants making the request.

to support their claims in this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court GRANT their Motion to Compel the Production of Claims Data and enter an order along the lines described above.

Respectfully submitted,

Schering-Plough Corporation, Schering Corporation, and Warrick Pharmaceuticals Corporation on behalf of all other Defendants identified in the Revised First Amended Complaint

 /s/ John P. Bueker
John T. Montgomery (BBO#352220)
John P. Bueker (BBO#636435)
Bryan R. Diederich (BBO#647632)
Kim B. Nemirow (BBO#663258)

ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: March 26, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2008, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Kim B. Nemirow
Kim B. Nemirow
