# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | |
| | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | Hon. Patti Saris |
| | ) | |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) | |

**UNITED STATES' OBJECTIONS AND RESPONSES TO ABBOTT LABORATORIES, INC.'S REVISED FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF UNITED STATES OF AMERICA AND RELATOR VEN-A-CARE OF THE FLORIDA KEYS, INC.**

Plaintiff, United States of America ("United States" or "Plaintiff"), pursuant to Rule 36 of

the Federal Rules of Civil Procedure, hereby serves its objections and responses to Defendant

Abbott Laboratories, Inc.'s ("Abbott") Revised First Set of Requests for Admission to Plaintiff

United States and Relator Ven-A-Care of the Florida Keys, Inc.("Relator" or "Ven-A-Care")

("Abbott's RFAs")  The United States incorporates by reference and reasserts all objections and

responses to the Definitions and Instructions contained in Defendant Abbott Laboratories, Inc.'s

First Set of Requests for the Production of Documents and Tangible Things to Plaintiff United

States of America and Defendant Abbott Laboratories Inc.'s First Set of Requests for the

Production of Documents and Tangible Things to Relator Ven-A-Care of the Florida Keys, Inc.

**RESPONSE TO RFA #143:**

The United States stands on its objections.

**144.    As of August 15, 1975, the Secretary of HHS was aware that AWP data often was not closely related to the drug prices actually charged to and paid by Providers.**

**OBJECTION TO RFA #144:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  Further, the terms "was aware," "AWP data," and "closely related" are vague and ambiguous.  Further, the United States objects to the extent Abbott attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  Finally, this RFA seeks an admission about matters beyond the scope of the case, is irrelevant, and is unduly burdensome.

**RESPONSE TO RFA #144:**

The United States stands on its objections.

**145.    As of December 1977, HHS was not convinced that states continuing to reimburse at AWP had made a real effort to approach Provider's actual acquisition costs for drugs reimbursed by Medicaid.**

**OBJECTION TO RFA #145:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  Further, the terms "real effort to approach" and "was not convinced" are vague and ambiguous.  Further, the United States objects to the extent Abbott attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  Finally, this RFA seeks an admission about matters beyond the scope of the case, is irrelevant, and is unduly burdensome.

**RESPONSE TO RFA #145:**

Subject to the above objections, denied.

131

**146.    In June 1984, HHS-OIG advised state Medicaid agencies that AWP cannot be the best—or even an adequate—estimate of the price Providers generally pay for drugs, and that it represents a list price and does not reflect several types of discounts.**

**OBJECTION TO RFA #146:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  Further, the words "best," "adequate," or "advised" are vague and ambiguous.  Finally, this RFA seeks an admission about matters beyond the scope of the case, is irrelevant, and is unduly burdensome.

**RESPONSE TO RFA #146:**

Subject to the above objections, denied.

**147.    Prior to 1984, the Secretary of HHS lacked cumulative, well-documented evidence affirmatively demonstrating that AWP was in fact not an accurate measure of the prices generally paid by Providers.**

**OBJECTION TO RFA #147:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order. As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The terms "cumulative well-documented evidence," and "affirmatively demonstrating" are vague and ambiguous.  Objection, any 1984 knowledge by the Secretary of HHS is irrelevant to this case.  Finally, the RFA concerns matters outside of the Relevant Period of the case or drug products that are not the subject of this case is unduly burdensome.

**RESPONSE TO RFA #147:**

The United States stands on its objections.

**148.    After 1984, the Secretary of HHS was aware of a widening base of documented evidence demonstrating that AWP significantly overstated the**

**Provider's acquisition costs.**

**OBJECTION TO RFA #148:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order. As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price. Further, the United States objects because the terms "after 1984," "significantly overstated," and "was aware of a widening base of documented evidence" are vague and ambiguous. Also, the United States' objects to Abbott's attempts to ascribe the views of HCFA employees to the organization as a whole. *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004). Further, any knowledge by the Secretary of HHS from 1984 through 1991 is irrelevant to this case. Finally, the RFA requests an admission concerning matters outside of the Relevant Period of the case or drug products that are not the subject of this case is unduly burdensome.

**RESPONSE TO RFA #148:**

The United States stands on its objections.

**149.   In or about 1984, HHS became convinced as a factual matter that there was a significant discrepancy between AWP and the actual purchase prices for drugs.**

**OBJECTION TO RFA #149:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The terms " HHS became convinced" and "significant discrepancy" are vague and ambiguous.  Further, the United States objects to the extent Abbott attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  Further, responding to requests for admission concerning matters outside of the Relevant Period of the case or drug products that are not the subject of this case is unduly burdensome.  Finally, the RFA seeks an admission about matters that are irrelevant.

**RESPONSE TO RFA #149:**

The United States stands on its objections.

**150.   In June 1984, HHS-OIG recommended that HCFA revise the upper limit regulations applicable to Medicaid drug reimbursement to include a specific prohibition on use of AWP in establishing the EAC for those drugs.**

**OBJECTION TO RFA #150:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order. As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  Also, any 1984 recommendation by HHS-OIG is irrelevant to this case.  RFA #150 is vague and ambiguous as it does not identify the exact content or attach the specific written HHS-OIG recommendation, which should speak for itself.  Further, responding to requests for admission concerning matters outside of the Relevant Period of the case or concerning drug products that are not the subject of this case is unduly burdensome.  Finally, this RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #150:**

The United States admits that HHS-OIG issued a report in 1984 proposing changes to the Medicaid prescription drug program, but denies that that report discussed any of the Subject Drugs.

The United States denies all other statements contained in this RFA not expressly admitted, objected to or qualified herein and submits that this response in no way provides any other admission or qualification concerning the subject matter of this exhibit or RFA.

**151.   In September 1984, HCFA believed that within the pharmaceutical industry, AWP meant undiscounted list price and that pharmacies purchased drugs at prices discounted significantly below AWP or list price.**

**OBJECTION TO RFA #151:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The term "believed" is vague and ambiguous.  The RFA also attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  Any purported "belief" by HHS in 1984 is irrelevant to this case. The RFA seeks an admission about irrelevant matters.. Finally, responding to requests for admission concerning matters outside of the Relevant Period of the case or concerning drug

products that are not the subject of this case is unduly burdensome.

**RESPONSE TO RFA #151:**

The United States stands on its objections.

**152.    In September 1984, HCFA believed that excessive payments were being made nationwide for the ingredient cost of prescription drugs under the Medicaid program.**

**OBJECTION TO RFA #152:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  The terms "believed" and "excessive payments" are vague and ambiguous.  The United States objects to the extent Abbott attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  Further, responding to requests for admission concerning matters outside of the Relevant Period of the case or concerning drug products that are not the subject of this case is unduly burdensome.  Finally, this RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #152:**

The United States stands on its objections set forth above.

**153.    In September 1984, HCFA sent the June 1984 HHS-OIG Audit Report to all state Medicaid agencies in order to make them aware of the potential savings that could result if states would make a greater effort to determine more closely the price pharmacists pay for drugs, rather than using AWP.**

**OBJECTION TO RFA #153:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order. As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  Any 1984 HHS-OIG recommendation is irrelevant to this case.  Responding to requests for admission concerning matters outside of the Relevant Period of the case or concerning drug products that are not the subject of this case is unduly burdensome.  This RFA seeks an admission about irrelevant matters.

135

**RESPONSE TO RFA #153:**

To the extent HCFA sent any document to the state Medicaid agencies in September 1984, such document speaks for itself.  Otherwise, the United States stands on its objections.


**154.    As of September 17, 1985, HCFA believed that states could no longer claim to be applying their best estimates to determining prescription drug costs if they relied solely on AWP, unless they provided other evidence that supported a contrary conclusion.**


**OBJECTION TO RFA # 154:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The term "believed" is vague and ambiguous.  Further, the United States objects to Abbott's attempts to ascribe the views of HCFA employees to the organization as a whole. *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  Responding to requests for admission concerning matters outside of the Relevant Period of the case or concerning drug products that are not the subject of this case is unduly burdensome.  This RFA seeks an admission about irrelevant matters.


**RESPONSE TO RFA #154:**

The United States stands on its objections.


**155.    On September 4, 1985, officials from HCFA's central office believed that states should be free to develop and adopt any method of drug pricing that resulted in a more accurate reflection of Providers' costs since no specific methodology developed at the federal level was mandated.**


**OBJECTION TO RFA # 155:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  Objecting further, the term "believed" is vague and ambiguous.  Objection, to the extent that Abbott attempts to ascribe the views of HCFA employees to the organization as a whole. *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  This RFA seeks an admission concerning irrelevant drug products that are not included among the Subject Drugs.  Responding to requests for admission concerning matters outside of the Relevant Period of the case or

concerning drug products that are not the subject of this case is unduly burdensome.  This RFA seeks an admission about irrelevant matters.


**RESPONSE TO RFA #155:**

The United States stands on its objections.


**156.    As of 1987, HHS believed that published AWPs were not representative of the prices pharmacists actually paid for drugs because surveys showed that pharmacies generally purchased drugs at prices that were discounted significantly below AWP.**


**OBJECTION TO RFA # 156:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The terms "believed," "representative," and "significantly" are vague and ambiguous.  The United States objects to the extent Abbott attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  This RFA seeks an admission concerning irrelevant drug products that are not included among the Subject Drugs.  Responding to requests for admission concerning matters outside of the Relevant Period of the case or concerning drug products that are not the subject of this case is unduly burdensome.  This RFA seeks an admission about irrelevant matters.


**RESPONSE TO RFA #156:**

The United States stands on its objections.


**157.    On May 16, 1988, HCFA believed there was a preponderance of evidence that AWP significantly overstated the price pharmacy Providers paid for drug products and that AWP was not the price generally and currently paid by Providers.**


**OBJECTION TO RFA # 157:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order. As noted in the General Objections, the United States objects to Abbott's definition of

137

AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The terms "believed there was a preponderance of evidence," significantly overstated," and "generally and currently" are vague and ambiguous.  The United States objects to the extent Abbott attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  Responding to requests for admission concerning matters outside of the Relevant Period of the case or concerning drug products that are not the subject of this case is unduly burdensome.  This RFA calls for a legal conclusion and is irrelevant.

**RESPONSE TO RFA #157:**

The United States admits that the HCFA Administrator wrote a letter on or about May 16, 1988 disapproving Louisiana's State Plan Amendment.  Otherwise, the United States stands on its objections.

**158.    As of May 16, 1988, the HCFA Administrator was aware that AWP significantly overstated the price pharmacy Providers actually paid for drug products.**

**OBJECTION TO RFA #158**:

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The terms "was aware", "significantly overstated" are vague and ambiguous.  The United States objects to the extent Abbott attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  Responding to requests for admission concerning matters outside of the Relevant Period of the case or concerning drug products that are not the subject of this case is unduly burdensome.  This RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #158**:

The United States admits that the HCFA Administrator wrote a letter on or about May 16, 1988 disapproving Louisiana's State Plan Amendment.  Otherwise, the United States stands on its objections.

**159.    As of May 16, 1988, the continued use of AWP as the basis for reimbursing Providers under Medicaid resulted in significant overpayments to pharmacy Providers.**

**OBJECTION TO RFA # 159:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The term "significant overpayments" is vague and ambiguous.  This RFA fails to specify the drugs or products referenced as being "reimbursed" to Providers.  Responding to requests for admission concerning matters outside of the Relevant Period of the case or concerning drug products that are not the subject of this case is unduly burdensome.  This RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #159:**

The United States admits that the HCFA Administrator wrote a letter on or about May 16, 1988 disapproving Louisiana's State Plan Amendment.  Otherwise, the United States stands on its objections.

**160.    In 1989, the HCFA Administrator believed that average wholesale price was significantly higher than actual costs and was somewhat comparable to the manufacturer's sticker price on a new car.**

**OBJECTION TO RFA # 160:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or "average wholesale price" as not being an accurate definition of AWP or average wholesale price.  The terms "believed" and "significantly higher," and sticker price on a new car" are vague and ambiguous.  The United States objects to the extent Abbott attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  This request seeks information concerning irrelevant drug products that are not included among the Subject Drugs.  Responding to requests for admission concerning matters outside of the Relevant Period of the case or concerning drug products that are not the subject of this case is unduly burdensome.  This RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #160:**

The United States stands on its objections.

**161.    From 1989 to 1991, HCFA invalidated or threatened to invalidate state Medicaid programs in Louisiana, Arkansas, and Oklahoma that used undiscounted AWP as the benchmark for reimbursement and also refused to pay the federal share to such states.  See Louisiana v. U.S. Dep't of Health & Human Servs., 905 F.2d 877 (5th Cir. 1990); In re Arkansas Dep't of Human Servs., 1991 WL 634857 (HHS Dept. App. Bd. Aug. 22, 1991); In re Oklahoma Dep't of Human Servs., 1991 WL 634860 (HHS Dept. App. Bd. Aug. 13, 1991); Rite Aid of Pa., Inc. v. Houston, 171 F.3d 842, 847 (3d Cir. 1999).**

**OBJECTION TO RFA #161:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  This RFA seeks an admission about irrelevant matters and for legal conclusions.

**RESPONSE TO RFA #161:**

Subject to the above objections, the United States admits only that the published written opinions of HCFA regarding state Medicaid programs speak for themselves in the context of the facts of the adjudicated cases.

The United States denies all other statements contained in this RFA not expressly admitted, objected to or qualified herein and submits that this response in no way provides any other admission or qualification concerning the subject matter of this RFA.

**162.    As of October 5, 1989, HCFA believed that published AWP was not an acceptable measure of estimated acquisition cost because it was frequently inflated and did not reflect the various incentives, sales promotions, discounts and allowances that were routine terms of purchasing in the drug marketplace.**

**OBJECTION TO RFA #162:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order. As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  Objection, the terms "believed" and "not an acceptable measure" are vague and ambiguous.  Objection, to the extent Abbott attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).

Objection, responding to requests for admission concerning matters outside of the Relevant Period of the case or concerning drug products that are not the subject of this case is unduly burdensome.  Objection, this RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #162:**

The United States admits that on or about October 5, 1989, HCFA wrote a letter to the Arkansas Department of Health Services.  Otherwise, the United States stands on its objections

**163.     As of 1990, the Secretary of HHS believed that AWP rarely, if ever, reflected the prices actually paid by pharmacies.**

**OBJECTION TO RFA #163:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The terms "believed" and "rarely" are vague and ambiguous.  The United States objects to the extent Abbott attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  This RFA seeks an admission about irrelevant matters.  Responding to requests for admission concerning matters outside of the Relevant Period of the case or concerning drug products that are not the subject of this case is unduly burdensome.

**RESPONSE TO RFA #163:**

The United States stands on its objections.

**164.     As of 1990, the Secretary of HHS believed that the agency's policy since 1976 had been that AWP was not an acceptable measure of estimated acquisition cost.**

**OBJECTION TO RFA #164:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order. As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The terms "believed" and "agency's policy" are vague and ambiguous.  The United States objects to the extent Abbott attempts to ascribe the views of HCFA employees to

the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).
Responding to requests for admission concerning matters outside of the Relevant Period of the
case or concerning drug products that are not the subject of this case is unduly burdensome.  This
RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #164:**

      The United States stands on its objections.

**165.   From 1976 to 1990, the policy of HHS was that published AWPs were not an
acceptable measure of estimated acquisition cost.**

**OBJECTION TO RFA #165:**

      The United States objects to this request on the grounds that the total number of requests
for admission sought by Abbott exceed the total number permitted under the Case Management
Order. As noted in the General Objections, the United States objects to Abbott's definition of
AWP or average wholesale price as not being an accurate definition of AWP or average
wholesale price.  Responding to requests for admission concerning matters outside of the
Relevant Period of the case or concerning drug products that are not the subject of this case is
unduly burdensome.  This RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #165:**

      Subject to the above objections, denied.

**166.   As of January 12, 1990, the position of the Secretary of HHS was that AWP
significantly overstated the prices pharmacists were generally paying for
prescription drugs.**

**OBJECTION TO RFA #166:**

      The United States objects to this request on the grounds that the total number of requests
for admission sought by Abbott exceed the total number permitted under the Case Management
Order. As noted in the General Objections, the United States objects to Abbott's definition of
AWP or average wholesale price as not being an accurate definition of AWP or average
wholesale price.  The terms "believed" and "agency's policy" are vague and ambiguous.
Responding to requests for admission concerning matters outside of the Relevant Period of the
case or concerning drug products that are not the subject of this case is unduly burdensome.  This
RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #166:**

The United States admits that on or about January 12, 1990, HHS filed a brief in The State of Louisiana v. The United States Department of Health and Human Services, Case No. 89-4566 (5th Cir., July 13, 1990) and that that brief speaks for itself.  Otherwise, the United States stands on its objections.

**167.    As of October 20, 1992, HCFA was aware that the EAC of Vancocin/Vancomycin 500 ML was $5.00 while the median AWP for the same drug was $19.17, based on surveys of actual invoice prices at dialysis facilities during May 1991.**

**OBJECTION TO RFA #167:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order. As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  Objection, this RFA seeks an admission about matters beyond the scope of the case and is irrelevant.

**RESPONSE TO RFA #167:**

Subject to the above objections, the United States admits with qualification only that on or about October 20, 1992, HHS-OIG issued a report based upon its examination of the invoice prices paid by approximately 30 dialysis facilities during May 1991, that the prices paid by those facilities for Vancocin/Vancomycin 500 ML covered a wide range of prices, and that the report included a chart that listed the EAC of Vancocin/Vancomycin 500 ML as $5.00 and also listed the EAC for other drugs.  However, the report did not identify whether any of the dialysis facilities were purchasing Vancocin/Vancomycin 500 ML that had been manufactured by Abbott. Thus, the report does not provide any basis upon which to conclude that the Vancocin/Vancomycin 500 ML being sold by Abbott was the basis for listing the EAC at $5.00, or whether, for example, the vancomycin sold by Abbott was being sold at the highest price ($26.61) shown in the invoices, or whether  the vancomycin sold by Abbott was being sold at an even higher price that was not reflected in the invoices at all because none of the 30 dialysis facilities approached by HHS used the version of vancomycin manufactured by Abbott.  The United States admits that the report was transmitted to HCFA but denies that information in an HHS-OIG report could be used on an *ad hoc* basis to determine the payment amount for a Medicare claim during the relevant claim period.

The United States denies all other statements contained in this RFA not expressly admitted, objected to or qualified herein and submits that this response in no way provides any other admission or qualification concerning the subject matter of this RFA.

**168.   As of March 18, 1993, HCFA and state Medicaid officials agreed that pharmacies often used excess Medicaid reimbursements to cover their dispensing costs.**

**OBJECTION TO RFA #168:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The United States objects to the extent that this RFA seeks admissions beyond official HCFA positions set forth in public documents, which speak for themselves.  The terms "state Medicaid officials", who are unidentified, and "agreed" are vague and ambiguous.  This RFA is overly broad.  Surveying all state Medicaid officials from 1993 to ascertain which officials are at issue and what agreement, if any, ever existed would be unduly burdensome.  This RFA seeks an admission about irrelevant matters.  Responding to requests for admission concerning drug products that are not the subject of this case is unduly burdensome.

**RESPONSE TO RFA #168:**

The United States stands on its objections.

**169.   As of March 18, 1993, HCFA believed that pharmacies often used excess Medicaid reimbursements to cover their dispensing costs.**

**OBJECTION TO RFA #169:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  This RFA seeks an admission about irrelevant matters.  Responding to requests for admission concerning drug products that are not the subject of this case is unduly burdensome.

**RESPONSE TO RFA #169:**

Subject to the above objections, denied.

**170.   As of 1997, the Secretary of HHS believed that AWP was not the average**

144

**price actually charged by wholesalers to their customers but rather a sticker price set by drug manufacturers and published in several commercial catalogs.**

**OBJECTION TO RFA #170:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order. As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.

**RESPONSE TO RFA #170:**

Subject to the above objections, the United states admits this request with the qualification that the United States admits only what is set forth in the public record, which speaks for itself.

The United States denies all other statements contained in this RFA not expressly admitted, objected to or qualified herein and submits that this response in no way provides any other admission or qualification concerning the subject matter of this RFA.

**171.    As of October 1, 1997, the HCFA Administrator believed that the published AWPs used by Medicare carriers to determine reimbursement did not resemble the actual wholesale prices available to the physician and supplier communities that billed for such drugs.**

**OBJECTION TO RFA #171:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order. As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The term "believed" is vague and ambiguous.  Objection, this RFA is overly broad.  The United States objects to the extent Abbott attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004).  This RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #171:**

Subject to the above objections, the United States admits that statements may exist  in the public record which speak for themselves.

The United States denies all other statements contained in this RFA not expressly

145

admitted, objected to or qualified herein and submits that this response in no way provides any other admission or qualification concerning the subject matter of this RFA.

> **172.     As of June 13, 2000, the HCFA Administrator believed that on several occasions the administration had unsuccessfully sought from Congress the tools necessary to ensure that HCFA was paying the actual wholesale price rather than a contrived wholesale price.**

**OBJECTION TO RFA #172:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  The term "believed" is vague and ambiguous.  This RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #172:**

Subject to the above objections, the United States admits that statements may exist  in the public record which speak for themselves.

The United States denies all other statements contained in this RFA not expressly admitted, objected to or qualified herein and submits that this response in no way provides any other admission or qualification concerning the subject matter of this RFA.

> **173.     As of November 15, 2000, the HCFA Administrator believed that the Medicare, Medicaid and SCHIP Benefits Improvement and Protection Act of 2000 ("BIPA") was a continuation of congressional efforts to block initiatives to lower drug prices.**

**OBJECTION TO RFA #173:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order. As noted in the General Objections, the United States objects to Abbott's definition of AWP or average wholesale price as not being an accurate definition of AWP or average wholesale price.  Objection, the terms "believed" and "blocked" are vague and ambiguous. Objection, to the extent Abbott attempts to ascribe the views of HCFA employees to the organization as a whole.  *United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004). Objection, this RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #173:**

Subject to the above objections, the United States admits that HCFA Acting Administrator Michael Hash wrote a letter dated November 15, 2000, to Representative Tom Bliley and that that letter speaks for itself.

The United States denies all other statements contained in this RFA not expressly admitted, objected to or qualified herein and submits that this response in no way provides any other admission or qualification concerning the subject matter of this RFA.

**174.    The reports and regulations listed on Schedules A and B of Defendant Abbott Laboratories' First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America are public records or reports that set forth activity of various agencies of the U.S. Government.**

**OBJECTION TO RFA #174:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  The phrase "set forth activity of various agencies of the U.S. Government" is vague and ambiguous.  This RFA seeks an admission about irrelevant matters.

**RESPONSE TO RFA #174:**

The United States stands on its objections.

**175.    On or about the time they were prepared, the U.S. Government distributed copies of those final reports listed on Schedule A of Defendant Abbott Laboratories' First Set of Requests for Production of Documents and Tangible Things to Plaintiff United States of America to State Medicaid directors.  If the U.S. Government cannot make this admission for all of the listed reports, please list those reports listed on that Schedule A where the U.S. Government can make the admission.**

**OBJECTION TO RFA #175:**

The United States objects to this request on the grounds that the total number of requests for admission sought by Abbott exceed the total number permitted under the Case Management Order.  This RFA seeks an admission about irrelevant matters.  This RFA is overly burdensome.

147

**RESPONSE TO RFA #175:**

The United States stands on its objections.

Respectfully Submitted,

For the United States of America,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

/s/ George B. Henderson, II
George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3272
Fax: (617) 748-3971

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

/s/ Ann St.Peter-Griffith
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

MICHAEL MUKASEY
UNITED STATES ATTORNEY
GENERAL

/s/ Gejaa T. Gobena
Daniel R. Anderson
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 307-1088
Fax: (202) 307-3852

149

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above UNITED STATES'S OBJECTIONS AND RESPONSES TO ABBOTT LABORATORIES, INC.'S REVISED FIRST SET OF Requests for Admission TO PLAINTIFF UNITED STATES OF AMERICA AND RELATOR VEN-A-CARE OF THE FLORIDA KEYS, INC. to be served on all counsel of record via electronic service pursuant to Paragraph 11 of CMO No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.


                                                      /s/

Dated: February 11, 2008                            Justin Draycott
                                                 Civil Division, U.S. Department of Justice