# EXHIBIT 3



**U.S. Department of Justice**

Civil Division
Commercial Litigation Branch
Fraud Section

*601 D Street, NW*
*Ninth Floor*
*Washington, D.C. 20004*

Telephone:  (202) 616-3797
Telecopier: (202) 616-3085

February 5, 2008

<u>*Via Electronic Transmission*</u>

Mr. Jason G. Winchester
Jones Day
77 West Wacker
Chicago, Illinois 60601-1692

Carol P. Geisler
Jones Day
77 West Wacker
Chicago, Illinois 60601-1692

Re:   *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories,* 06–CV–11337-
      PBS, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No.
      1456/Civil Action No. 01-12257

Dear Jason and Carol:

This letter is an effort to highlight what we believe to be Judge Bowler's rulings at the hearing on January 31, 2008, which require follow-up, and to memorialize the deadlines set by the Court. If you disagree on any item, please let us know immediately so we can set up a meet and confer, if appropriate. If we do not hear from you by close of business on Wednesday, February 6, we will assume that there is no dispute about the contents of this letter.

We would like to meet and confer on item #6 on Thursday, February 7 at 11:00 a.m. Eastern time. Please confirm whether that time works for you, and if not, please suggest an alternate date and time.

1.   Acyclovir Sodium Data - denied without prejudice to being renewed after a ruling on the
     Motion to Dismiss pending before Judge Saris.

2.   Abbott's transactional data - Abbott is required to produce an affidavit within 14 days
     from the date of the hearing, or no later than February 14, 2008, stating that Abbott has
     produced to the Department of Justice the full set of transactional data on the NDCs in
     the Complaint (excluding Acyclovir Sodium data).

-2-

3.    · Marketing Plans, specifically the plans Abbott represented as the only marketing plans
that exist for the drugs in the Complaint, namely the April/August Plans and Updates.
*See* United States' letter to J. Winchester and C. Geisler from R. Brooker dated August
31, 2007, and filed with the Third Motion to Compel - Abbott represented that it
"produced every one of them that we have" (Tr. At 20), and is required to produce Ms.
Klaus for testimony on the search for and production of these documents.

4.    Alternate Site 20% Customers - Abbott is required to produce within 20 days from the
date of the hearing, or no later than February 20, 2008, that it has produced all emails and
communications of these customers that fall within the four categories of documents
ordered to be produced in the Judge Bowler May 22, 2007 Order.

    Abbott counsel represented that all contracts were produced.  Please confirm whether
Abbott produced all invoices for the 20% customers so we know whether another motion
is appropriate.

5.    Electronic emails prior to the 2002 production already made by Abbott - Abbott is
required, within 30 days from the date of the hearing, or no later than March 1, to confirm
whether it will produce so that we know whether another motion is appropriate.

6.    . HCFA 1500 Forms - Abbott is required to meet and confer with the Department of
Justice within 15 days from the date of the hearing, or no later than February 15,
regarding whether CHIPS contains information on the number of Medicare claims,
number of Medicaid claims and amounts of these claims from 1991 through 2003, and if
not, whether other Abbott documents identify this information.

7.    Home Infusion Services - Abbott is required to produce within 30 days from the date of
the hearing, or no later than March 1, all Home Infusion documents for the categories on
· page 43 of the hearing transcript ("actual hard copies of the documents that show how
they sorted through the revenues; what they presented to one another; what they presented
up their chain, what they discussed [sic] internally; what they interpreted those numbers
[to be], not just the raw numbers").

8.    Abbott is required to identify, within 30 days from the date of the hearing, or no later than
March 1, whether it has completed production for each and every document request
served by the United States in this case.  In addition, Abbott counsel represented that he
could state whether Abbott has produced documents for all "categories."

9.    HPD Salespersons - Abbott is required to (1) produce all remaining witnesses for
depositions, all personnel files and all working files, within 30 days from the date of the
hearing, or no later than March 1; (2) list the name of every member of the Alternate Site
sales force and identify for each whether his/her personnel file was produced or whether
no personnel file was found, and identify for each whether his/her working file was
produced or whether no working file was found; (3) produce an affidavit on whether any

-3-

witness cannot be located and his/her last know address or other contact information.

We look forward to hearing confirmation.  The close of discovery is again rapidly approaching.  Thank you kindly.

Sincerely,

/s/

Renée Brooker

cc: James Breen

**From:** Brooker, Renee (CIV)
**Sent:** Tuesday, February 05, 2008 5:40 PM
**To:** Jason G. Winchester; Carol Geisler; Tina M. Tabacchi
**Cc:** Ford, Rebecca (CIV); Gobena, Gejaa (CIV); St.Peter-Griffith, Ann (USAFLS); Lavine, Mark (USAFLS); Jim Breen; Alison Simon
**Subject:** RE: Correspondence

Appreciate if Carol could meet and confer this week. I am open if that exact time does not work for you, Carol. As for deadlines, neither party wants to learn that there is disagreement about Judge Bowler's rulings in two or more weeks. We can all agree that time is of the essence. I took the time today to re-review the transcript and draft the letter so that we could get agreement on these issues. I have little confidence at this point in the litigation that we will agree right down the line on what we each believe to be Abbott's obligations in the next 14, 15, 20 and 30 days, as per Judge Bowler's different deadlines imposed. If you cannot review the rulings in the transcript and respond to my letter until next Thursday at the earliest, then I have more serious concerns about Abbott meeting its obligations by these deadlines. It would seem fair if you could ask Carol or Tina or another attorney in your office to review the transcript and my letter and let me know if any disagreements will arise. That is all I am asking for--do we agree or not on each of the rulings. If we disagree, the United States needs to respond appropriately and timely. Thank you kindly. --Renee


*Renée Brooker*

Assistant Director

U.S. Department of Justice

Civil Division

Commercial Litigation Branch

Fraud Section

601 D Street NW

Suite 9004

Washington, DC 20004

ph: (202) 616-3797

fax: (202) 616-3085


**From: Jason G. Winchester [mailto:jgwinchester@JonesDay.com]**
**Sent: Tuesday, February 05, 2008 5:26 PM**
**To: Brooker, Renee (CIV); Carol Geisler; Tina M. Tabacchi**
**Cc: Ford, Rebecca (CIV); Gobena, Gejaa (CIV); St.Peter-Griffith, Ann (USAFLS); Lavine, Mark (USAFLS); Jim Breen; Alison Simon**
**Subject: Re: Correspondence**

Renee -

I have received your letter. The transcript will speak for itself as to the
nature of Judge Bowler's rulings. I am happy to review your letter and compare it
to the transcript, but will not be able to do so by your arbitrary deadline of
tomorrow. You may assume that we will comply with Judge Bowler's rulings, but not
that we agree with your characterization of same, at least until we expressly
confirm otherwise.

I am defending depositions Thursday and Friday in this case and am traveling
Monday through Wednesday of next week. I will talk to Carol about whether she can
meet and confer with you on your item 6 later this week or early next so that you
do not have to wait for me.

JGW
------------
Jason G. Winchester
Jones Day
77 W. Wacker Dr., Suite 3500
Chicago, Illinois 60601-1692
312.782.3939 (phone)
312.782.8585 (fax)
--------------------
This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege. If you received
this e-mail in error, please delete it from your system without copying it and
notify sender by reply e-mail, so that our records can be corrected.
--------------------


----- Original Message -----
From: "Brooker, Renee (CIV)" [Renee.Brooker@usdoj.gov]
Sent: 02/05/2008 05:13 PM EST
To: Jason Winchester; Carol Geisler; Tina Tabacchi
Cc: Ford, Rebecca (CIV)" <Rebecca.Ford@usdoj.gov>; Gobena, Gejaa (CIV)"
<Gejaa.Gobena@usdoj.gov>; St.Peter-Griffith, Ann (USAFLS)"
<Ann.St.Peter-Griffith@usdoj.gov>; Lavine, Mark (USAFLS)"
<Mark.Lavine@usdoj.gov>; Jim Breen" <jbreen@breenlaw.com>; Alison Simon" <alisonsimon@breen
Subject: Correspondence


Please see the attached correspondence and transcript (in the event you did not receive it today). In the letter,
we request confirmation of its contents by tomorrow, and a meet and confer on Thursday. Thank you and have
a terrific evening. --Renee



*Renée Brooker*

Assistant Director

U.S. Department of Justice

Civil Division

Commercial Litigation Branch

Fraud Section