# EXHIBIT 4



**U.S. Department of Justice**

Civil Division
Commercial Litigation Branch
Fraud Section

*601 D Street, NW*  
*Ninth Floor*  
*Washington, D.C. 20004*

*Telephone: (202) 616-3797*  
*Telecopier: (202) 616-3085*

February 21, 2008

*Via Electronic Transmission*

Mr. Jason G. Winchester  
Jones Day  
77 West Wacker  
Chicago, Illinois 60601-1692

Carol P. Geisler  
Jones Day  
77 West Wacker  
Chicago, Illinois 60601-1692

Re: *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories*, 06–CV-11337-PBS, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456/Civil Action No. 01-12257

Dear Jason and Carol:

This responds to your February 13, 2008 letter in which you have misstated in significant ways the rulings of Judge Bowler at the hearing on January 31, 2008, and Abbott's obligations.

1. Alternate Site 20% Customers - Abbott is required to produce within 20 days from the date of the hearing, or no later than February 20, 2008, all documents, which would include but not be limited to emails and communications of these customers, that fall within the four categories of documents ordered to be produced in the Judge Bowler May 22, 2007 Order. Tr. 57:15-64:10. You stated only that Abbott would produce "contracts....that fit within the four categories." You already stated at the hearing that all contracts were produced. Yesterday was the Court imposed deadline and we received no additional production from Abbott. Please state in writing whether Abbott has produced all documents ordered to be produced by the Court.

In addition, you are on notice that the United States and Ven-A-Care will seek to exclude any evidence at trial relating to the 20% customers at issue, including invoices or any document or data showing prices paid by these smaller customers, which Abbott has not produced by now in discovery, or which the United States could not access through

-2-

Abbott's data productions. We have diligently pursued this information for more than a year, and Abbott has consistently blocked the production of invoices and other information related to the 20% customers. As we have repeatedly indicated to Abbott and the Court, we anticipate that Abbott will be attempting to show that some of its smaller customers paid list prices on occasion. If Abbott did not produce in discovery those documents or data in a useable and searchable format, the United States will seek to exclude their admission at trial.

2. Electronic emails prior to 2002 - This is a specific category of documents raised at the hearing and addressed by the Court. Your letter makes no mention of your obligations with regard to this category. Abbott is required, within 30 days from the date of the hearing, or no later than March 1, to confirm whether it has retained and will produce electronic emails prior to 2002. Tr. 64:14-68:4.

3. HCFA 1500 Forms - Abbott was required to meet and confer with the Department of Justice within 15 days from the date of the hearing, or no later than February 15, regarding whether CHIPS contains information on the number of Medicare claims, number of Medicaid claims and amounts of these claims from 1991 through 2003, and if not, whether other Abbott documents identify this information. Tr. 68:6-74:16. Your letter represents that this meet and confer was completed on February 7, 2008. That is incorrect. We are still in the processing of getting information from Abbott about this unsearchable database that Abbott sent us, and we sent correspondence on February 7, asking specific questions which have yet to be answered fully. The database does not contain the information that you represented to the United States and the Court it contained and it is not searchable for any purpose relevant to this lawsuit. Tr. 72:1

4. Home Infusion Services - Abbott is required to *produce* within 30 days from the date of the hearing, or no later than March 1, all Home Infusion documents for the categories on page 43 of the hearing transcript ("actual hard copies of the documents that show how they sorted through the revenues; what they presented to one another; what they presented up their chain, what they discussed [sic] internally; what they interpreted those numbers [to be], not just the raw numbers"). You state in your letter that you are only obligated to provide a status report by that date. Please let us know if you plan to comply with the Court's order and complete production by that date.

5. HPD Salespersons - Abbott is required to (1) produce all remaining witnesses for depositions, all personnel files and all working files, within 30 days from the date of the hearing, or no later than March 1; (2) list the name of every member of the Alternate Site sales force and identify for each whether his/her personnel file was produced or whether no personnel file was found, and identify for each whether his/her working file was produced or whether no working file was found; (3) produce an affidavit on whether any witness cannot be located and his/her last know address or other contact information.

You have understated your obligations. For example, you claim that you are obligated to

-3-

provide only a "status of production" by March 1. Please confirm whether you will comply with the Court's Order as set forth above, including production by that date.

Thank you kindly.

                        Sincerely,

                        /s/

                        Renée Brooker

cc: James Breen