IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**OBJECTION OF NAMED CLASS REPRESENTATIVE, M. JOYCE HOWE, TO THE FINAL APPROVAL OF PROPOSED NATIONWIDE SETTLEMENT WITH ASTRAZENECA**

Joyce Howe, one of the two consumers certified by this Court to serve as a representative of the Medicare Part B beneficiaries who purchased AstraZeneca's drug, Zoladex,[1] objects to the final approval of the proposed settlement with AstraZeneca, as crafted, for the reasons stated previously in the following pleadings filed by her undersigned counsel: Memorandum of Named Class Representative, M. Joyce Howe, in Opposition to the Joint Motion for Preliminary Approval of Proposed Nationwide Settlement with AstraZeneca, dated May 22, 2007; Class 1 Representative and Objector M. Joyce Howe's Motion for Reconsideration of the Court's May 22, 2007 Order, granting preliminary approval to proposed nationwide settlement between Class 1 Plaintiffs and AstraZeneca, dated May 23, 3007; Declaration of Donald E. Haviland, Jr., in Response to Court Directive Concerning the AstraZeneca Settlement, dated July 3, 2007; Notice

---

[1] By Order dated January 30, 2006, this Court certified Mrs. Howe, both individually and on behalf of the Estate of her late husband, Robert Howe, as a representative of the AstraZeneca subclass.

1

of Submission to Court of Declaration and Request for Determination of Proprietary of Filing Under Seal, dated July 13, 2007; Response of Class 1 Representatives Susan and David Aaronson to Purported "Notice of Lack of Class 1 Representative as to Defendants Bristol Meyers Squibb Co. and Oncology Therapeutics Network Corp., dated May 30, 2007[2]; Motion for Amendment of Case Management Order No. 1 and Consolidated Order, Re: Motion for Class Certification, dated March 26, 2007; Reply Memorandum in Support of Motion for Amendment of Case Management Order No. 1 and Consolidated Order, Re: Motion for Class Certification, dated April 11, 2007; Renewed Motion for Amendment of Case Management Order No. 1 and Consolidated Order, Re: Motion for Class Certification, dated May 21, 2007; Declaration of M. Joyce Howe, dated August 3, 2007; Memorandum in Support of the Haviland Law Firm, LLC's Motion for Appointment as Class Counsel for the Track 2 Consumer Sub-Classes Pursuant to Fed.R.Civ.Proc. 23(g), dated August 24, 2007; Supplemental Declaration of Donald E. Haviland, Jr., in Support of the Haviland Law Firm, LLC's Motion for Appointment as Class Counsel for the Track 2 Consumer Sub-Classes Pursuant to Fed.R.Civ.Proc. 23(g), and exhibits thereto, dated August 24, 2007; Reply Memorandum Concerning the Appointment of Class Counsel for the Track 2 Classes Pursuant to Fed.R.Civ.Proc. 23(g), and Class Counsel's Submission dated September 28, 2007, the Declaration of Donald E. Haviland, Jr., in support thereof, and the

---

[2] The referenced pleading responded to the Notice of Lack of Class 1 Representative as to Defendants Bristol-Meyers Squibb Co. and Oncology Therapeutics Network Corp., filed May 23, 2007 by Defendants, and is relevant to the issue of adequacy of class representation in this case. *See also* Plaintiffs' Response to BMS' Notice of Lack of Class 1 Representatives as to Defendants Bristol-Meyers Squibb Co. and Oncology Therapeutics Network Corp., dated June 5, 2007.

Motion for Leave to File Under Seal Respecting the same, all filed October 1, 2007; The Haviland Law Firm, LLC's Notice of Withdrawal as Class Counsel, dated October 1, 2007.

In support of her objection that the proposed settlement is unfair, unreasonable and inadequate with respect to the payment of claims of consumers similarly situated to her, Mrs. Howe points out the fact that the Court-appointed Class Counsel now appear to have entered into a separate settlement agreement respecting consumer claims against the Track 2 defendants, including those of Mrs. Howe and other consumers similarly situated. This proposed settlement appears to provide a greater recovery for consumers than the subject AstraZeneca settlement. In view of the relative strength of the consumer Class 1 claims against AstraZeneca, as compared with the consumer claims against the Track 2 defendants, paying Class 1 consumers more for their weaker Track 2 claims demonstrates that the claims process and amounts in AstraZeneca settlement are patently unfair, unreasonable and inadequate.

For these reasons, Mrs. Howe respectfully requests the proposed settlement with AstraZeneca should not be finally approved, as currently crafted.

Dated:  April 1, 2008

/s/ Donald E. Haviland, Esquire
Donald E. Haviland, Esquire
The Haviland Law Firm, LLC
740 South Third Street
Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400
*Counsel for M. Joyce Howe*

## CERTIFICATE OF SERVICE

I, Donald E. Haviland, Jr., Esquire, hereby certify that on April 1, 2008, I electronically filed the foregoing Objection of Named Class Representative, M. Joyce Howe, to the Final Approval of Proposed Nationwide Settlement with AstraZeneca with the Clerk of this Court, using the CM/ECF system which will send notification of such filing to all registered person(s).

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 South Third Street
Third Floor
Philadelphia, PA 19147