## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) | MDL DOCKET NO. 1456 |
| | ) | |
| | ) | Civil Action No. 06-CV-11337 |
| | | Lead Case No. 01-CV-12257 |
| _____ | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) | |
| | ) | |
| | ) | Magistrate Judge Marianne B. Bowler |

## ABBOTT LABORATORIES, INC.'S ANSWER AND DEFENSES TO THE UNITED STATES' FIRST AMENDED COMPLAINT

Defendant Abbott Laboratories, Inc. ("Abbott") hereby responds to the United States'

First Amended Complaint (the "Complaint") in corresponding numbered paragraphs as follows:

### Preface

The Complaint improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Many of the allegations of the Complaint are vague or conclusory.  The Complaint also includes terms which are undefined and which are susceptible of different meanings.

This action involves drugs marketed or sold by Abbott's former Hospital Products Division.  Accordingly, Abbott's responses to these allegations are made within that framework – that of its former Hospital Products Division.

The Complaint contains purported quotations and prices from a number of sources, many of which are unidentified.  If any of the quotations or prices originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Abbott reserves the right to assert such privileges, and hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Abbott specifically denies the existence of, or its participation in, any fraud or fraudulent scheme.  Abbott further denies each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the Complaint as a whole.  Moreover, Abbott specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

1.      Abbott admits that Plaintiffs purport to bring this action under the False Claims Act to recover damages and other monetary relief as alleged in Paragraph 1 of the Complaint. Abbott denies that Plaintiffs are entitled to maintain this action or to recover any damages or other relief.  To the extent a response is required, Abbott states that the statutes and regulations

cited in Paragraph 1 establish their contents.  Abbott denies the remaining allegations in Paragraph 1 of the Complaint.

2.      Abbott admits that Plaintiffs purport to base their claims against Abbott on alleged violations of the False Claims Act.  The remaining allegations in Paragraph 2 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the statutes and regulations cited in Paragraph 2 establish their contents.  Abbott denies the remaining allegations in Paragraph 2 of the Complaint.

3.      Abbott states that Exhibit 1 to the Complaint cited in Paragraph 3 of the Complaint establishes its contents.  Abbott denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement, or conclusion contained therein, or that such are applicable to Abbott.  Furthermore, Abbott is without knowledge or information sufficient to form a belief as to the truth of the accuracy of any reimbursement or pricing information contained in Exhibit 1 and, therefore, Abbott denies that Plaintiffs have accurately stated any reimbursement or pricing information contained therein.  In addition, Plaintiffs allegations regarding Acyclovir Sodium are untimely and do not require a response.  The first, second and fourth sentences in Paragraph 3 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott denies those allegations.  Abbott denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Denied.

5.      The allegations in Paragraph 5 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the

statutes and regulations cited in Paragraph 5 establish their contents.  Abbott denies the remaining allegations in Paragraph 5 of the Complaint.

6.     The allegations in the second sentence in Paragraph 6 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott denies the allegations.  Abbott denies the remaining allegations in Paragraph 6 of the Complaint.

7.     The allegations in Paragraph 7 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 7 of the Complaint.

8.     Abbott admits that this case was filed by Ven-A-Care in the Southern District of Florida, that the United States filed its original Complaint in Intervention on March 16, 2006 and that the case was transferred to Multi-District Litigation No. 1456 on July 27, 2006.  The allegations in the third and fourth sentences of Paragraph 8 and the second sentence of footnote 1 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the statutes and regulations cited in Paragraph 8 establish their contents.  Abbott denies the remaining allegations in Paragraph 8 of the Complaint.

9.     The allegations in Paragraph 9  of the Complaint are legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the statutes and regulations cited in Paragraph 9 establish their contents.  Abbott denies the remaining allegations in Paragraph 9 of the Complaint.

10.     Abbott admits that HHS and CMS administer the Medicare and Medicaid programs on behalf of the federal government.  Abbott further admits that Plaintiffs purport to

bring this action as alleged in Paragraph 10 of the Complaint.  Abbott denies that Plaintiffs are entitled to maintain this action.  Abbott denies the remaining allegations in Paragraph 10 of the Complaint.

11.      Abbott admits that Ven-A-Care purports to bring this action as alleged in Paragraph 11 of the Complaint.  Abbott denies that Ven-A-Care is entitled to maintain this action in the manner alleged.  Abbott admits that Ven-A-Care was at least during certain parts of the relevant time period licensed to dispense prescription drugs.  Abbott states that the fourth sentence in Paragraph 11 of the Complaint contains a legal conclusion and, therefore, no response if required.  To the extent a response is required, Abbott states that the statute cited in Paragraph 11 of the Complaint establishes its contents.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint, and, therefore, Abbott denies the remaining allegations in Paragraph 11 of the Complaint.

12.      Abbott denies that it is a corporation organized under the laws of Illinois.  Abbott admits that its principal offices are located in Abbott Park, Illinois and that it transacts business throughout the United States, including this District.  Abbott further admits that its former Hospital Products Division sold and distributed certain drugs, including those named in the Complaint, during all or part of the relevant time period.  Abbott denies the remaining allegations in Paragraph 12 of the Complaint.

13.      Abbott states that the statute cited in Paragraph 13 of the Complaint establishes its contents.  Abbott denies the remaining allegations in Paragraph 13 of the Complaint.

14.     The allegations in Paragraph 14 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the statutes and regulations cited in Paragraph 14 establish their contents.  Abbott denies the remaining allegations in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the statutes and regulations cited in Paragraph 15 establish their contents.  Abbott denies the remaining allegations in Paragraph 15 of the Complaint.

16.     The allegations in Paragraph 16 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the statutes and regulations cited in Paragraph 16 establish their contents.  Abbott denies the remaining allegations in Paragraph 16 of the Complaint.

17.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, Abbott denies the allegations in Paragraph 17 of the Complaint.

18.     Admitted.

19.     The allegations in Paragraph 19 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the statute cited in Paragraph 19 of the Complaint establishes its contents.

20.     The first sentence in Paragraph 20 of the Complaint states a legal conclusion and, therefore, no response is required.  To the extent a response is required, Abbott states that the statute cited in Paragraph 20 of the Complaint establishes its contents.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and, therefore, Abbott denies the remaining allegations in Paragraph 20 of the Complaint.

21.     The allegations in Paragraph 21 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the statutes cited in Paragraph 21 of the Complaint establish their contents.  Abbott denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint and, therefore, Abbott denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, therefore, Abbott denies the allegations in Paragraph 23 of the Complaint.

24.     The allegations in Paragraph 24 state a legal conclusion and, therefore, no response is required.  To the extent a response is required, Abbott states that the relevant statutes, regulations and procedures establish their contents.  Abbott denies the remaining allegations in Paragraph 24.

25.     The allegations in Paragraph 25 of the Complaint state legal conclusions, and therefore, no response is required.  To the extent a response is required, Abbott states that the statutes cited in Paragraph 25 of the Complaint establish their contents.  Abbott denies the remaining allegations in Paragraph 25 of the Complaint.

26.     Abbott admits that HHS and CMS administer the Medicare program on behalf of the federal government.  The remaining allegations in Paragraph 26 of the Complaint state legal conclusions, and therefore, no response is required.  To the extent a response is required, Abbott states that the statutes cited in Paragraph 26 of the Complaint establish their contents.  Abbott denies the remaining allegations in Paragraph 26 of the Complaint.

27.     The allegations in Paragraph 27 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the statutes and regulations cited in Paragraph 27 of the Complaint establish their contents.  Abbott denies the remaining allegations in Paragraph 27 of the Complaint.

28.     The allegations in Paragraph 28 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Abbott states that the statutes and regulations cited in Paragraph 28 of the Complaint establish their contents.  Abbott denies the remaining allegations in Paragraph 28 of the Complaint.

29.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, Abbott denies the allegations in Paragraph 29 of the Complaint.

30.     The allegations in the first and second sentences in Paragraph 30 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Abbott states that the statutes and regulations cited in the first and second sentences in Paragraph 30 of the Complaint establish their contents.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 30 and, therefore, Abbott denies those allegations.  Abbott admits that Plaintiffs purport to assert claims in this action based on the drugs listed in Paragraph 30, but denies that those claims have any merit. Abbott further denies that 00074792609 is the NDC #  for  Dextrose 5% and 0.225% NaCL Injection.  In addition, Plaintiffs' allegations regarding Acyclovir Sodium are untimely and do not require a response.  Abbott denies the remaining allegations in Paragraph 30.

31.     Abbott is without or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 31 and, therefore, Abbott denies those allegations. Abbott admits that it sold its products to its customers directly and through wholesalers and that some of its customers purchased products through group purchasing organizations.  Abbott further admits that it, in some instances, for some drugs, negotiated prices with certain customers. In response to the fourth sentence of Paragraph 31, Abbott admits that its former Home Care unit and later Hospital Product Division Home Infusion Services provided certain home infusion services to certain home infusion customers and refers to Paragraphs 111-138 of its Answer. Abbott denies the remaining allegations in Paragraph 31 of the Complaint.

32.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the first and second sentences in Paragraph 32 of the Complaint and, therefore, Abbott denies those allegations.  In response to the third sentence of Paragraph 32, Abbott admits that its

former Home Care unit and later Hospital Product Division Home Infusion Services provided

certain home infusion services to certain home infusion customers and refers to Paragraphs 113-

115 and 126-127, 129 of its Answer.

33.     Abbott is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 33 of the Complaint and, therefore, Abbott denies the

allegations in Paragraph 33 of the Complaint.

34.     Abbott is without knowledge or information sufficient to form a belief as to the

truth of the allegations in the first two sentences of Paragraph 34 of the Complaint and, therefore,

Abbott denies those allegations.  Abbott admits that Plaintiffs purport to assert claims in this

action based on the codes listed in Paragraph 34, but denies that those claims have any merit.

Abbott further denies that HCPCS J7051 is for "Sterile Saline or Water, up to 250 cc" or that

HCPCS J7110 is for "Dextran 75, 1000 ml."  Abbott denies the remaining allegations in

Paragraph 34.

35.     Abbott admits that it, from time to time, reported certain prices to certain pricing

compendia for certain products and that the pricing compendia published certain of that

information.  Abbott is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 35 of the Complaint and, therefore, Abbott denies

the remaining allegations in Paragraph 35 of the Complaint.

36.     Abbott denies making any "false price representations" but is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in the first

and second sentences in Paragraph 36 of the Complaint and, therefore, Abbott denies those allegations.  Abbott denies the remaining allegations in Paragraph 36 of the Complaint.

37.     Abbott states that the federal and state governments have known throughout the relevant time period and earlier that pricing information provided to and/or published by the pricing compendia did not, and was never intended to, include discounts and price reductions that may have affected the net price paid by the provider.  Abbott denies the remaining allegations in Paragraph 37 of the Complaint.

38.     The allegations in the second sentence in Paragraph 38 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the regulations cited in Paragraph 38 of the Complaint establish their contents.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, Abbott denies the remaining allegations in Paragraph 38 of the Complaint.

39.     The allegations in the second sentence in Paragraph 39 of the Complaint state legal conclusions, no response is required.  To the extent a response is required, Abbott states that the regulations cited in Paragraph 39 of the Complaint establish their contents.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, Abbott denies the remaining allegations in Paragraph 39 of the Complaint.

40.     Abbott admits that the State of Texas requested that drug manufacturers submit a form containing certain information and a certification in order for such drugs to be included on

the Texas's formulary. Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint, and therefore Abbott denies those allegations.

41.     Abbott denies the allegations in the first sentence of paragraph 41. Abbott admits that, for its former Hospital Products Division, WAC generally referred to the published price generally available to wholesale customers prior to chargebacks and prompt pay discounts. Abbott denies the remaining allegations in Paragraph 41.

42.     Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, Abbott denies the allegations in Paragraph 42 of the Complaint.

43.     Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, Abbott denies the allegations in Paragraph 43 of the Complaint.

44.     Abbott admits that the State of Texas requested that drug manufacturers submit a form containing certain information and a certification in order for such drugs to be included on the Texas's formulary. Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, Abbott denies the remaining allegations in Paragraph 44 of the Complaint.

45.     The allegations in the first sentence in Paragraph 45 of the Complaint state legal conclusions and, therefore, no response is required. To the extent a response is required, Abbott states that the regulations cited in Paragraph 45 of the Complaint establish their contents. Abbott

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, Abbott denies the remaining allegations in Paragraph 45 of the Complaint.

46.     The allegations in Paragraph 46 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the statute and regulation cited in Paragraph 46 of the Complaint establish their contents.  Abbott denies the remaining allegations in Paragraph 46 of the Complaint.

47.     The allegations in Paragraph 47 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a response is required, Abbott states that the statute and regulations cited in Paragraph 47 of the Complaint establish their contents.  Abbott denies the remaining allegations in Paragraph 47 of the Complaint.

48.     The allegations in the first sentence in Paragraph 48 of the Complaint state a legal conclusion and, therefore, no response is required.  To the extent a response is required, Abbott denies the allegations in the first sentence in Paragraph 48 of the Complaint.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, Abbott denies the remaining allegations in Paragraph 48 of the Complaint.

49.     Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, Abbot denies the allegations in Paragraph 49 of the Complaint.

50.     The allegations in Paragraph 50 of the Complaint state legal conclusions and, therefore, no response is required.  In addition, Plaintiffs allegations regarding Acyclovir Sodium

are untimely and do not require a response.  To the extent a response is required, Abbott denies the allegations in Paragraph 50 of the Complaint.

51.    Abbott admits that Plaintiffs purport to bring this action based on the drugs alleged in Paragraph 51 of the Complaint, but denies Plaintiffs are entitled to maintain such an action, or that such claims have any merit.  In addition, Plaintiffs allegations regarding Acyclovir Sodium are untimely and do not require a response.  Abbott denies the remaining allegations in Paragraph 51 of the Complaint.

52.    Abbott denies that dextrose solutions, sodium chloride solutions and sterile water are commonly referred to as large volume parentals ("LVPs").  Abbott admits the remaining allegations in Paragraph 52.

53.    Abbott admits that vancomycin is an intravenous antibiotic and that Abbott's former Hospital Products Division sold certain generic vancomycin products from 1988 until April 30, 2004.  Abbott denies the remaining allegations in Paragraph 53 of the Complaint.

54.    Abbott admits that acyclovir is an antiviral drugs used to treat certain viral infections including some infections associated with HIV/AIDs, but denies that any claims asserted with respect to acyclovir are timely.

55.    Abbott admits that its former Hospital Products Division marketed and sold certain of its products, including the Drugs named in the Complaint to certain customers at certain periods of time.  Abbott denies the remaining allegations in Paragraph 55 of the Complaint.

56.     Abbott admits that for some time periods its former Hospital Products Division sold its products directly to customers including wholesalers.  Abbott further admits that some of its former Hospital Products Division customers purchased Abbott's products through group purchasing organizations or wholesalers.  Abbott denies the remaining allegations in Paragraph 56 of the Complaint.

57.     Abbott admits that its former Hospital Products Division, in some instances, for some drugs, negotiated its prices with certain customers.  Abbott denies the remaining allegations in Paragraph 57 of the Complaint.

58.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 58 of the Complaint and, therefore, Abbott denies the allegations in the first sentence in Paragraph 58 of the Complaint.  Abbott denies the remaining allegations in Paragraph 58 of the Complaint.

59.     Denied.

60.     Abbott states that the prices published by the drug pricing compendia and Abbott correspondence with the compendia establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in such documents or that such are applicable to Abbott.  Abbott admits that the pricing compendia calculated AWP for Abbott's products based upon the compendia's own internal consideration, and that at certain times, for certain of Abbott's former Hospital Products Division products, the compendia set the AWP at 18.75% over Abbott's published List Price, but denies that the vast majority of Hospital Products Division employees, particularly those with responsibility for List Price, understood how the

various pricing compendia calculated AWP during the relevant time period.  Abbott denies the remaining allegations in Paragraph 60 of the Complaint.

61.     Abbott states that its correspondence with the drug pricing compendia speaks for itself.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in such correspondence or that such are applicable to Abbott.  Abbott specifically denies that it ever set AWP or that its Hospital Products Division employees included in their correspondence with the pricing compendia suggested AWPs calculated based on the formula pre-determined by the compendia, not Abbott, with respect to the drugs at issue in this case.

62.     Abbott states that the letter cited in Paragraph 62 of the Complaint establishes its contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the letter.  Abbott further denies that the referenced letter relates to any of the drugs at issue in this case.  Abbott denies the remaining allegations in Paragraph 62 of the Complaint.

63.     Abbott states that the documents cited in Paragraph 63 of the Complaint establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraph 63 of the Complaint.

64.     Abbott states that the documents cited in Paragraph 64 of the Complaint establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

the third and fourth sentences of Paragraph 64 and, therefore, Abbott denies the allegations. Abbott denies the remaining allegations in Paragraph 64 of the Complaint.

65.     Abbott states that its correspondence with the drug pricing compendia establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in such correspondence or that such are applicable to Abbott.  Abbott admits that, during the time frame alleged in Paragraph 65, certain of the prices Abbott reported to the pricing compendia increased periodically, or stayed the same, or decreased.  Abbott admits that, during the time frame alleged in paragraph 65, certain prices that Abbott charged to certain customers for certain products decreased, or stayed the same, or increased.   Abbott denies the remaining allegations in Paragraph 65 of the Complaint.

66.     Abbott states that the documents cited in Paragraph 66 of the Complaint establish their contents.  Abbott denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion in the cited documents, or that such are applicable to Abbott. Furthermore, Abbott is without knowledge or information sufficient to form a belief as to the truth of the accuracy of any reimbursement or pricing information contained in Exhibit 1 and, therefore, Abbott denies that Plaintiffs have accurately stated any reimbursement or pricing information contained therein.  In addition, Plaintiffs allegations regarding Acyclovir Sodium are untimely and do not require a response.  Abbott denies the remaining allegations in Paragraph 66 of the Complaint.

67.     Denied.

68.     Abbott admits the existence of an internal working group known as the "Medicare Working Group."  Abbott denies that Plaintiffs have accurately characterized the organization, makeup, membership, and purpose of the "Medicare Working Group."  Abbott denies the remaining allegations in Paragraph 68 of the Complaint.

69.     Abbott states that the documents cited in Paragraph 69 of the Complaint establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraph 66 of the Complaint.

70.     Abbott admits that the federal and state governments have known that price information provided to and/or published by the pricing compendia did not, and was never intended to, include discounts and price reductions that may affect the net price paid by a provider.  Abbott denies the remaining allegations in Paragraph 70 of the Complaint.

71.     Abbott admits that it introduced a generic form of vancomycin in or around 1988. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 71, and therefore denies those allegations.  Abbott denies the remaining allegations of Paragraph 71 of the Complaint.

72.     Abbott states that its correspondence with the drug pricing compendia establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott.  Abbott admits that, during the time frame alleged in Paragraph 72, certain of the prices Abbott reported to the pricing compendia increased periodically, or stayed the same, or decreased.  Abbott admits that, during

the time frame alleged in paragraph 72, certain prices that Abbott charged to certain customers
for certain products decreased, or stayed the same or increased.   Abbott denies the remaining
allegations in Paragraph 72 of the Complaint.

73.      Abbott admits its former Hospital Products Division sold vancomycin in several
doses and forms.  Abbott is without knowledge or information sufficient to form a belief as to the
truth of the allegations in the second sentence in Paragraph 73 of the Complaint and, therefore,
Abbott denies the allegations.  Abbott denies the remaining allegations in Paragraph 73 of the
Complaint.

74.      Abbott admits that its former Hospital Products Division first sold Vancomycin 1
GM FTV in or about 1988.  Abbott admits that, in 2001, its former Hospital Products Division
sold this product to certain customers at a price below $4.00 per unit.  Abbott states that the
prices published by the drug pricing compendia and Abbott's correspondence with the
compendia establish their contents.   Abbott denies that Plaintiffs have accurately characterized
any opinion, statement or conclusion in the documents or that such are applicable to Abbott.
Abbott denies the remaining allegations in Paragraph 74.

75.      Denied.

76.      Denied.

77.      Abbott states that the prices published by the drug pricing compendia and
Abbott's correspondence with the compendia establish their contents.   Abbott denies that
Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or

that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraph 77 of the Complaint.

78.     Abbott states that the prices published by the drug pricing compendia and Abbott's correspondence with the compendia establish their contents. Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraph 78 of the Complaint.

79.     Denied.

80.     Abbott states that the prices published by the drug pricing compendia and Abbott's correspondence with the compendia establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraph 80 of the Complaint.

81.     Abbott states that the prices published by the drug pricing compendia and Abbott's correspondence with the compendia establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraph 81 of the Complaint.

82.     Abbott states that the prices published by the drug pricing compendia and Abbott's correspondence with the compendia establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or

that such are applicable to Abbott.  Abbott denies that it reported AWPs for vancomycin to the

pricing compendia during the relevant time period.  Abbott admits that at times it offered certain

discounts, rebates and price reductions to certain customers on certain products.  Abbott denies

the remaining allegations in Paragraph 82 of the Complaint.

83.     Abbott states that the prices published by the drug pricing compendia and

Abbott's correspondence with the compendia establish their contents.  Abbott denies that

Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or

that such are applicable to Abbott.  Abbott admits that at times it offered certain discounts,

rebates and price reductions to certain customers on certain products. Abbott denies the

remaining allegations in Paragraph 83 of the Complaint.

84.     Abbott is without knowledge or information sufficient to form a belief as to the

truth of the allegations in the first, second and third sentences of Paragraph 84 and, therefore,

Abbott denies those allegations.  Abbott denies the remaining allegations in Paragraph 84.

85.     Abbott admits that TAP Pharmaceutical Products Inc. agreed to plead guilty to a

one-count Information for conspiracy to violate the Prescription Drug Marketing Act ("PDMA")

and to pay a $290 million criminal fine.  Abbott further admits that TAP Pharmaceutical

Products Inc. entered into a civil settlement agreement with the United States government in

which it paid approximately $559.5 million to the United States.  Abbott also admits that TAP

Pharmaceutical Products Inc. entered into a civil settlement agreement with the fifty states and

the District of Columbia in which it agreed to pay approximately $25.5 million.  Abbott further

admits that the plea agreement entered into by TAP Pharmaceutical Products Inc. included

Lupron®.  Abbott states that the letter referred to in the fourth sentence of Paragraph 85, the

prices published by the drug pricing compendia and Abbott's correspondence with the compendia establish their contents. Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott. Abbott further admits that it received certain civil investigative demands and/or subpoenas from the federal government prior to 2001. Abbott further admits that it lowered its LPs and WACs on certain products in or around 2001. Abbott denies the remaining allegations in Paragraph 85 of the Complaint.

86.     Abbott states that the prices published by the drug pricing compendia establish their contents. Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott. Abbott denies the remaining allegations in Paragraph 86 of the Complaint.

87.     Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, Abbott denies the allegations in Paragraph 87 of the Complaint.

88.     To the extent the allegations in this paragraph describe the acts of individuals/entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied. Abbott states that the document cited in Paragraph 88 of the Complaint establishes its contents. Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the letter or that such are applicable to Abbott. Abbott denies the remaining allegations in Paragraph 88 of the Complaint.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Abbott admits the allegations in the first sentence of Paragraph 92.  The allegations in the second sentence of Paragraph 92 are gross generalizations not tied to any facts and are therefore denied.

93.    Abbott admits that during at least part of the period January 1, 1991 to 2001 its former Hospital Products Division sold 5% Dextrose in Water, 500 ml.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 of the Complaint, and therefore denies those allegations.

94.    Abbott admits that, in 1993, its former Hospital Products Division sold 5% Dextrose, 500 ml, to certain customers for $1.80 per 500ml bag. Abbott denies the remaining allegations in Paragraph 94 of the Complaint.

95.    Abbott states that the prices published by the drug pricing compendia establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraph 95 of the Complaint

96.    Abbott admits that at times it offers certain discounts, rebates and price reductions to certain customers on certain products.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 relating to wholesalers' actions,

and, therefore, Abbott denies the allegations.  Abbott denies the remaining allegations in Paragraph 96 of the Complaint.

97.     Abbott states that the prices published by the drug pricing compendia and Abbott's correspondence with the compendia establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott.  Abbott admits that at times it offered certain discounts, rebates and price reductions to certain customers on certain products.  Abbott denies the remaining allegations in Paragraph 97 of the Complaint.

98.     Abbott states that the prices published by the drug pricing compendia and Abbott's correspondence with the compendia establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott.  Abbott admits that at times it offered certain discounts, rebates and price reductions to certain customers on certain products.  Abbott denies the remaining allegations in Paragraph 98 of the Complaint.

99.     Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, Abbott denies the allegations.

100.     Abbott states that the prices published by the drug pricing compendia and Abbott's correspondence with the compendia establish their contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the documents or that such are applicable to Abbott.  Abbott admits that at times it offered certain discounts, rebates and price reductions to certain customers on certain products.  Abbott is without

knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 100 and, therefore, Abbott denies the those allegations.  Abbott denies the remaining allegations in Paragraph 100 of the Complaint.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Plaintiffs' allegations regarding Acyclovir Sodium are untimely and do not require a response as they relate to the alleged sales and marketing of Acyclovir Sodium prior to June 6, 2001.  Abbott therefore denies the allegations in Paragraph 104 as untimely.

105.    Plaintiffs' allegations regarding Acyclovir Sodium are untimely and do not require a response as they relate to the alleged sales and marketing of Acyclovir Sodium prior to June 6, 2001.  Abbott therefore denies the allegations in Paragraph 105 as untimely.

106.    Plaintiffs' allegations regarding Acyclovir Sodium are untimely and do not require a response as they relate to the alleged sales and marketing of Acyclovir Sodium prior to June 6, 2001.  Abbott therefore denies the allegations in Paragraph 106 as untimely.

107.    Plaintiffs' allegations regarding Acyclovir Sodium are untimely and do not require a response as they relate to the alleged sales and marketing of Acyclovir Sodium prior to June 6, 2001.  Abbott therefore denies the allegations in Paragraph 107 as untimely.

108.    Plaintiffs' allegations regarding Acyclovir Sodium are untimely and do not require a response as they relate to the alleged sales and marketing of Acyclovir Sodium prior to June 6, 2001.  Abbott therefore denies the allegations in Paragraph 108 as untimely.

109.    Plaintiffs' allegations regarding Acyclovir Sodium are untimely and do not require a response as they relate to the alleged sales and marketing of Acyclovir Sodium prior to June 6, 2001.  Abbott therefore denies the allegations in Paragraph 109 as untimely.

110.    Plaintiffs' allegations regarding Acyclovir Sodium are untimely and do not require a response as they relate to the alleged sales and marketing of Acyclovir Sodium prior to June 6, 2001.  Abbott therefore denies the allegations in Paragraph 110 as untimely.

111.    Abbott admits that at certain times, Abbott owned one or more pharmacies as part of Abbott Home Care and then as part of Home Infusion Services.   Abbott denies that it owned and operated these pharmacies from 1982 until 2003.  Abbott avers that Abbott Home Care was a separate division of Abbott until approximately 1986, when it became a part of the Hospital Products Division, and that Abbott Home Care became Home Infusion Services in approximately 1991 and that at that time it became part of the Hospital Products Division Alternate Site.  Abbott denies the remaining allegations in Paragraph 111 of the Complaint.

112.    Abbott admits that at certain times, Abbott Home Care and later Home Infusion Services operated one or more home infusion pharmacies located in North Chicago, IL, Santa Fe Springs, CA, Atlanta, GA, and Fairfield, NJ (the "Home Infusion Services Pharmacies").  Abbott admits that all four Home Infusion Services Pharmacies are closed.  Abbott denies the remaining allegations in Paragraph 112 of the Complaint.

113.    Abbott admits that at certain times and for certain products, Abbott Home Care and later Home Infusion Services may have billed Medicare as well as some state Medicaid programs for certain products and services provided by the Home Infusion Services Pharmacies using Abbott's EIN.  Abbott denies the remaining allegations in Paragraph 113 of the Complaint.

114.    Abbott admits that at certain times its Home Infusion Services Pharmacies stocked and dispensed certain Abbott products, including certain of the Drugs identified in Paragraph 30 of the Complaint and certain products sold by other manufacturers.  Abbott admits that its Home Infusion Pharmacies typically purchased other manufacturers' drugs through a GPO at a contracted price.  Abbott denies that Plaintiffs have otherwise accurately characterized the operations and costs of its Home Infusion Services Pharmacies.  Abbott denies the remaining allegations in Paragraph 114 of the Complaint.

115.    Abbott admits that at certain times its Home Infusion Services Pharmacies through Abbott Home Care and later Home Infusion Services may have billed Medicare and certain state Medicaid programs for certain products and/or services.  Abbott avers that Abbott Home Care was a separate division of Abbott until approximately 1986, when it became a part of the Hospital Products Division, and that Abbott Home Care became Home Infusion Services in approximately 1991 and that at that time it became part of the Hospital Products Division Alternate Site.  Abbott denies the remaining allegations in Paragraph 115 of the Complaint.

116.    Abbott admits that at certain times and in certain circumstances its Home Infusion Services Pharmacies would receive patient prescriptions from certain providers.  Abbott further admits that its Home Care and later Home Infusion Services reimbursement personnel would ascertain whether a patient was eligible for reimbursement through Medicare, Medicaid or third

party insurance.  Abbott admits that in certain circumstances upon receipt of the prescription, Abbott's Home Infusion Services Pharmacies would fill the prescription and, in certain circumstances, would provide certain pharmacist services.  Abbott admits that after the prescriptions were filled Home Care and later Home Infusion Services may have billed the applicable payor using the applicable claim forms, including HCFA 1500.  Abbott denies the remaining allegations in Paragraph 116.

117.    Abbott admits that to the extent a patient was eligible for Medicare or Medicaid coverage, Home Care and later Home Infusion Services personnel may have completed the appropriate form, including in some instances HCFA 1500, on behalf of certain customers ("Home Infusion Services Customers") according to the assignment of benefits or on behalf of the Home Infusion Services Pharmacies.  Abbott admits that at certain times and for certain products, Home Care and later Home Infusion Services may have billed Medicare as well as some state Medicaid programs for certain products and services provided by the Home Infusion Services Pharmacies using Abbott's EIN.  Abbott denies the remaining allegations in paragraph 117.

118.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 118 and, therefore, Abbott denies those allegations.  Abbott avers that there were a number of different reimbursement formulas paid by Medicare and Medicaid at different times.  Abbott denies the remaining allegations in Paragraph 118 of the Complaint.

119.    Abbott admits that the federal and state governments have known that price information provided to and/or published by the pricing compendia did not, and was never

intended to, include discounts and price reductions that may affect the net price paid by a provider.  Abbott denies the remaining allegations in paragraph 119.

120.    Abbott denies that Plaintiffs have accurately characterized Abbott's operating costs or the operation of its Home Infusion Services Pharmacies in Paragraph 120.  Abbott denies the remaining allegations in Paragraph 120 of the Complaint.

121.    Denied.

122.    Abbott admits that Abbott Home Care and later Home Infusion Services offered a variety of services to Home Infusion Services Customers, which varied depending on the terms of each contract but which may have included reimbursement services, inventory management, pharmacy services, consulting services and training.  Abbott ceased entering into Home Infusion Services contracts in or about 1998 and closed its Home Infusion Services business in 2002. Abbott denies that it has entered into a partnership or partnership agreement with any hospitals, care facilities and/or other medical facilities.  Abbott denies the remaining allegations in Paragraph 122 of the Complaint.

123.    Abbott admits that some or all of the entities identified in Paragraph 123 were Home Infusion Services Customers.  Abbott denies that it has entered into a partnership or partnership agreement with any hospitals, care facilities and/or other medical facilities.  Abbott denies the remaining allegations in Paragraph 123 of the Complaint.

124.    Abbott admits that Home Care and later Home Infusion Services offered a variety of services to certain of its customers, which varied depending on the terms of each contract but which may have included reimbursement services, inventory management, pharmacy services,

consulting services and training.    Abbott admits that certain Home Infusion Services Customers that entered consignment agreements with Home Care and later Home Infusion Services paid Home Care and later Home Infusion Services a fee based on payments collected for the therapies provided by the Home Infusion Services Customers to their patients.  The fee was used to compensate Abbott for the products and services provided under the contract.  Abbott admits that it typically purchased other manufacturers' drugs through a GPO at a contracted price and that it also offered its Home Infusion Services Customers the opportunity to participate in the GPO. Abbott denies that it has entered into a partnership or partnership agreement with any hospitals, care facilities and/or other medical facilities.  Abbott denies the remaining allegations in Paragraph 124 and the corresponding sub-Paragraphs of the Complaint.

125.    Abbott admits that Home Infusion Services Customers would in certain circumstances dispense drugs or products from their pharmacies.  Abbott admits that Abbott product was in certain circumstances consigned to Home Infusion Services Customers.  Abbott denies that it has entered into a partnership or partnership agreement with any hospitals, care facilities and/or other medical facilities.  Abbott denies the remaining allegations in Paragraph 125.

126.    Abbott admits that Abbott Home Care and later Home Infusion Services offered a variety of services to certain of its customers as described in response to Paragraph 124 above. Abbott further admits that Home Care and later Home Infusion Services may have, from time to time, submitted claims to Medicare, state Medicaid programs and other third party payors for certain drugs, medical devices and medical services on a Home Infusion Services Customer's behalf, using the applicable codes.  Abbott denies that it has entered into a partnership or

partnership agreement with any hospitals, care facilities and/or other medical facilities.  Abbott denies the remaining allegations in Paragraph 126 of the Complaint

127.    Abbott admits that Home Care and later Home Infusion Services may have billed Medicare or certain state Medicaid programs for certain products at certain times using the applicable claim forms, including HCFA 1500.  Abbott denies the remaining allegations in Paragraph 127.

128.    Abbott admits that it provided reimbursement services to at least certain of the entities listed in Paragraph 128, during certain times.  Abbott denies the remaining allegations in Paragraph 128 of the Complaint.

129.    Abbott denies the allegations contained in the first sentence of Paragraph 129. Abbott admits that reimbursement was collected in a lock box owned by the Home Infusion Services Customers.  Abbott denies that it has entered into a partnership or partnership agreement with any hospitals, care facilities and/or other medical facilities.  Abbott denies the remaining allegations in Paragraph 129.

130.    Abbott denies the allegations in the first sentence of Paragraph 130.  Abbott admits that Home Infusion Services Customers that entered consignment agreements with Abbott Home Care and later Home Infusion Services paid Abbott for the products and services based on a percentage of payments collected.  Abbott denies the remaining allegations in Paragraph 130.

131.    Denied.

132.     Abbott states that the document referenced in Paragraph 132 establishes its contents.  Abbott denies that Plaintiffs have accurately characterized any opinion, statement or conclusion in the document.  Abbott denies that Plaintiffs have accurately characterized the operation or services provided by Home Care and later Home Infusion Services.  Abbott denies the remaining allegations in Paragraph 132 of the Complaint.

133.     Denied.

134.     Abbott admits Home Infusion Services Customers contracted for a variety of services pursuant to which Abbott products were, in some instances, consigned and for which Abbott received a percentage of payments collected.  Abbott further admits that those services did not always include reimbursement services.  Abbott denies the remaining allegations in Paragraph 134.

135.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 135 and, therefore, Abbott denies those allegations.  Abbott avers that there were a number of different reimbursement formulas paid by Medicare and Medicaid at different times.  Abbott admits that certain Home Infusion Services Customers that entered consignment agreements with Home Care and later Home Infusion Services paid Home Care and later Home Infusion Services a fee based on payments collected for the therapies provided by the Home Infusion Services Customers to their patients.  The fee was used to compensate Home Care and later Home Infusion Services for the products and services provided under the contract.  Abbott denies that Plaintiffs have accurately characterized any of the operations or services provided by Home Care

and later Home Infusion Services.  Abbott denies the remaining allegations in Paragraph 135 of the Complaint.

136.    Abbott denies that Plaintiffs have accurately characterized the costs to or operations of Abbott Home Care and later Home Infusion Services in Paragraph 136.  Abbott denies the remaining allegations in Paragraph 136 of the Complaint.

137.    Abbott denies that Plaintiffs have accurately characterized the costs to or operations of Abbott Home Care and later Home Infusion Services in Paragraph 137.  Abbott states that Home Care and later Home Infusion Services' contracts with its Home Infusion Services Customers contained provisions addressing the customer's responsibilities for cost reporting.  Abbott denies the remaining allegations in Paragraph 137 of the Complaint.

138.    Denied.

139.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 138 of the Complaint.

140.    The allegations in Paragraph 140 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 140 of the Complaint.

141.    The allegations in Paragraph 141 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 141 of the Complaint.

142.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 138 of the Complaint.

143.    The allegations in Paragraph 143 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 143 of the Complaint.

144.    The allegations in Paragraph 144 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 144 of the Complaint.

145.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 138 of the Complaint.

146.    Abbott admits that Plaintiffs purport to bring a claim and seek the relief alleged in Paragraph 146 of the Complaint.  Abbott denies that Plaintiffs are entitled to maintain this claim, and denies that Plaintiffs are entitled to any relief.  Abbott denies the remaining allegations in Paragraph 146 of the Complaint.

147.    The allegations in Paragraph 147 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 147 of the Complaint.

148.    Abbott admits that Plaintiffs purport to seek the relief contained in Paragraph 148 of the Complaint.  Abbott denies that Plaintiffs are entitled to maintain this action in the manner

alleged, and denies that Plaintiffs are entitled to any relief.  Abbott denies the remaining allegations in Paragraph 148 of the Complaint.

149.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 138 of the Complaint.

150.    The allegations in Paragraph 150 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 150 of the Complaint.

151.    The allegations in Paragraph 151 of the Complaint contain Plaintiffs' generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 151 of the Complaint.

152.    The allegations in Paragraph 152 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 152 of the Complaint.

Abbott denies Plaintiffs are entitled to a judgment or any other relief requested in their unnumbered or numbered "WHEREFORE" Paragraphs following any Paragraph in the Complaint.

Abbott denies each and every remaining allegation not otherwise expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

By asserting the defenses set forth below and herein, Abbott does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses or that Plaintiffs are relieved of their burdens to prove each and every element of their claims and the damages, if any, to which they are entitled.  As for its affirmative and other defenses, Abbott reasserts and reincorporates as if fully set forth herein its responses to Paragraphs 1 through 152 above.

## FIRST DEFENSE

Plaintiffs fail to state a claim against Abbott upon which relief may be granted.

## SECOND DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## THIRD DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Abbott as alleged in the Complaint.

## FOURTH DEFENSE

To the extent Plaintiffs obtain recovery in any other case predicated on the same factual allegations, they are barred from seeking recovery against Abbott based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel and the prohibition on double recovery for the same injury.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United State Constitution.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## SEVENTH DEFENSE

Any and all actions taken by Abbott with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## EIGHTH DEFENSE

Plaintiffs' claims are preempted by the dormant Commerce Clause of the United States Constitution.

## NINTH DEFENSE

Plaintiffs' claims are preempted by the Commerce Clause of the United States Constitution.

## TENTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because Abbott has complied with all applicable regulations of the federal and state governments.

### ELEVENTH DEFENSE

Plaintiffs' claims against Abbott are untimely and barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver, and by the Due Process clause of the United States Constitution.

### TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they violate Abbott's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Abbott's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

### FOURTEENTH DEFENSE

Plaintiffs fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multiple-source drug allegations against Abbott contained in the Complaint.

### FIFTEENTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because Abbott did not make, directly or indirectly, any false statements to the Plaintiffs.  As to any statement asserted against Abbott that Plaintiffs allege to be false or misleading, Abbott had no reasonable grounds

to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## SIXTEENTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because Abbott did not directly or indirectly engage in any conduct in violation of state or federal law.

## SEVENTEENTH DEFENSE

To the extent that Plaintiffs seek equitable relief against Abbott, Plaintiffs are not entitled to such relief because there is an adequate remedy at law.

## EIGHTEENTH DEFENSE

Plaintiff Ven-A-Care of the Florida Keys, Inc., lacks standing to pursue this action because the allegations in the Complaint are based upon public disclosures of information and it was not the "original source" of that information.

## NINETEENTH DEFENSE

Some or all of Plaintiffs' claims for injunctive relief against Abbott are barred by the doctrines of *in pari delicto* and/or unclean hands.

## TWENTIETH DEFENSE

Some or all of Plaintiffs' claims against Abbott arise from the Plaintiffs' failure to follow its federal statutory and regulatory obligation to set reimbursement rates at an appropriate Estimated Acquisition Cost.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or part, by the filed-rate doctrine.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, due to their failure to join one or more indispensable parties as set forth in Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because the Plaintiffs suffered no damages as a result of the matters alleged in the Complaint.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because any injuries sustained by the Plaintiffs were the result of its own conduct or the intervening or superseding conduct of third parties.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims against Abbott for damages are barred, in whole or in part, because: (1) Plaintiffs failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recover of such persons and the allocation of any fault, if any exists, attributable to Abbott; (2) Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that the Plaintiffs have received and paid for medicines manufactured, marketed and sold by Abbott after the filing of the original complaint on July 28, 1998; and (4) Plaintiffs' claims

are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### TWENTY-SIXTH DEFENSE

Abbott is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

### TWENTY-SEVENTH DEFENSE

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiffs from Abbott.

### TWENTY-EIGHTH DEFENSE

Plaintiffs fail to allege facts or a cause of action against Abbott sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

### TWENTY-NINTH DEFENSE

Plaintiffs' punitive damages claims against Abbott:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Abbott; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Abbott prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Abbott's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (4) cannot be sustained because any award of punitive damages exceeding the

limits authorized by the laws or other comparable laws would violate Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Abbott for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Abbott's medicines, would constitute impermissible multiple punishments for the same wrong in violation of  Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Abbott the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Abbott's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution.

## THIRTIETH DEFENSE

Plaintiffs' claim for punitive damages against Abbott cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a

punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Abbott; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Abbott's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTY-FIRST DEFENSE

Plaintiffs' claim for punitive damages against Abbott cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Abbott's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and (2) violate Abbott's right not to be subjected to an excessive award.

## THIRTY-SECOND DEFENSE

The Complaint fails to sufficiently or specifically plead special damages as required by Fed. R. Civ. P. 9(g).

## THIRTY-THIRD DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because Abbott's conduct as alleged in the Complaint was not material to any alleged payment of any alleged false or fraudulent claims.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because neither the United States nor the States relied on Abbott's conduct as alleged in the Complaint.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, by the existence and of terms of the written rebate agreement between Abbott and the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and all States, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in Section XI of this Agreement", which was entered into pursuant to 42 U.S.C. § 1396r-8.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because Plaintiffs' enforcement of the Federal False Claims Act intentionally treats Abbott differently from its

similarly situated competitors without a rational basis and, therefore, violates the Equal

Protection Clause of the United States Constitution.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims against Abbott are barred, in whole or in part, because the applicable

statute and regulations relied upon by Plaintiffs in their Complaint are unconstitutionally vague

as applied to Abbott in violation of Abbott's rights under the due process clause of the United

States Constitution.

## THIRTY-EIGHTH DEFENSE

Plaintiffs and/or its agents knew and were aware that AWP did not represent an actual

average of wholesale prices or the actual acquisition cost of drugs.  Legal and equitable

principles preclude this action for damages and injunctive relief, and the Due Process Clause of

the U.S. Constitution preclude Plaintiffs from bringing claims and seeking damages as alleged in

the Complaint.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the

extent that such claims are premised, in whole or in part, on alleged statements or conduct by

Abbott in judicial, legislative, or administrative proceedings of any kind or at any level of

government.

## FORTIETH DEFENSE

To the extent Plaintiffs are asserting claims for unjust enrichment, they are barred, in whole or in part, because Plaintiffs have failed to allege that any government payor conferred any benefit to Abbott.

## FORTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of contributory and/or comparative fault because Plaintiffs own actions or failures to act helped to bring about any injuries sustained.

## FORTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed in whole or in part by a person and/or entity that purchased the medicine directly, and/or an intermediate purchaser, and was not passed through to Plaintiffs.

## FORTY-THIRD DEFENSE

Abbott hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

## REQUEST FOR JURY TRIAL

Abbott demands a jury trial in this case.

Dated:  April 1, 2008                          Respectfully submitted,


                                               /s/ Brian J. Murray


                                               James R. Daly
                                               Jason G. Winchester

                                               Brian J. Murray
                                               JONES DAY
                                               77 W. Wacker Dr., Suite 3500
                                               Chicago, Illinois  60601-1692
                                               Telephone: (312) 782-3939
                                               Facsimile:  (312) 782-8585

                                               R. Christopher Cook
                                               David S. Torborg

                                               JONES DAY

                                               51 Louisiana Avenue, N.W.
                                               Washington, D.C.  20001-2113
                                               Telephone:  (202) 879-3939
                                               Fax:  (202) 626-1700


                                               *Attorneys for Abbott Laboratories Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on April 1, 2008, the foregoing *Abbott Laboratories, Inc.'s Answer and Affirmative Defenses to the United States' First Amended Complaint* was served upon all counsel of record in this action electronically by posting a true and correct copy of same via Lexis-Nexis.


/s/ Brian J. Murray
_____