# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) Civil Action No. 01-12257-PBS ) |
| THIS DOCUMENT RELATES TO:  *The City of New York, et. al.*  v.  *Abbott Laboratories, et al.* | ) ) Judge Patti B. Saris ) ) **April 1, 2008 Status Report** ) **on Behalf of the City of New** ) **York and New York Counties** ) ) |

The undersigned counsel for the Captioned-plaintiffs (hereinafter referred to as "The City of New York and Captioned New York Counties") hereby submit the attached status report to the Court in accordance with the Court's June 17, 2004 Procedural Order.

Date:   April 1, 2008
New York, New York

          **KIRBY McINERNEY LLP**

          By: /s/ Joanne M. Cicala
              Joanne M. Cicala
              James P. Carroll
              Aaron D. Hovan
          830 Third Avenue
          New York, New York 10022
          Telephone: (212) 371-6600
          Facsimile:  (212) 751-2540

          **COUNSEL FOR CITY OF NEW YORK AND ALL CAPTIONED COUNTIES EXCEPT NASSAU AND ORANGE**

          **MILBERG WEISS LLP**
          Melvyn I. Weiss
          Ross Brooks
          One Pennsylvania Plaza
          New York, New York 10119-0165
          Telephone: (212) 594-5300
          Facsimile:  (212) 868-1229

          *Special Counsel for the County of Nassau*

          **LEVY PHILLIPS & KONIGSBERG LLP**
          Stanley J. Levy
          Theresa Ann Vitello
          800 Third Avenue
          13th Floor
          New York, NY 10022
          Telephone: (212)-605-6205
          Facsimile: (212)-605-6290
          *Special Counsel for the County of Orange*

## April 1, 2008 Status Report for the City of New York and Captioned New York Counties

Pending Motions

On December 21, 2007, plaintiffs filed a Motion to Compel Discovery from Defendant Boehringer Ingelheim Roxane Laboratories, Inc. Roxane's opposition was filed on January 11, 2008. Plaintiffs' reply was filed on January 25, 2008. The motion is *sub judice*.

On January 31, 2008, plaintiffs filed a Motion to Compel the Production of Data for the Designated FUL Drugs from Certain Defendants. This motion was filed in response to a letter received from Hogan & Hartson on January 23, 2008 purportedly on behalf of all defendants stating that the requested data would not be supplied. After plaintiffs' motion was filed, plaintiffs heard from numerous defendants that the Hogan & Hartson letter did not reflect their positions. On February 15, 2008, plaintiffs filed a Notice (i) of Withdrawal of Plaintiffs' Motion to Compel Production of Data for the Designated Full Drugs as to Certain Defendants; and (ii) that Plaintiffs No Longer Recognize BMS Counsel as Liaison Counsel for Discovery Purposes. Plaintiffs' motion remained outstanding only as to defendant AstraZeneca. On February 19, 2008, defendants AstraZeneca filed its Opposition to Plaintiffs' Motion to Compel Production of Data for the Designated FUL Drugs. Plaintiffs' reply was filed on February 29, 2008.

On February 19, 2008, defendants filed a Motion to Compel the Commissioner of the New York State Department of Health and Three Key Witnesses to Comply with Subpoenas. On March 4, 2008 plaintiffs and the New York State Attorney General will file their Opposition to Defendants' Motion and a Cross Motion to Quash these Same Subpoenas.

On February 27, 2008, defendants filed a Joint Motion to Compel the Production of Claims Data. On February 29, 2008, plaintiffs informed defendants that the requested claims data would be produced on or before March 21, 2008. Plaintiffs requested that defendants withdraw their motion to compel. That request is outstanding. On March 13, 2008, plaintiffs filed a Stipulation to Extend Time for Plaintiffs' Responses to Defendants' Joint Motion to Compel the Production of Claims Data. On March 24, plaintiffs filed their Opposition to defendants' Joint Motion to Compel the Production of Claims Data. On March, 26, defendants filed a Joint-Reply in Further Support of their original Motion to Compel.

On February 29, 2008, plaintiffs and defendants filed a Joint Motion to Extend the Targeted Federal Upper Limit ("FUL") Discovery Period Provided for in CMO 33 by 90 Days. On March, 18, the court granted the Motion under the limit that all notices of deposition and any other discovery requests or motions to compel on existing disputes shall be filed by March 31, 2008 and that all FUL discovery shall be completed within 90 days.

On March 4, 2008, the New York State Department of Health, Mark Richard Butt, Mary Alice Brankman, Michael A. Falzano and plaintiffs filed a Cross-Motion to Quash Subpoenas Issued by Defendants to the New York State Department of Health and/or Its Current and Former Employees.  Defendants filed an Unopposed Motion for Extension of Time of Three Days to respond to the New York State Department of Health, Mark Richard Butt, Mary Alice Brankman, Michael A. Falzano and Plaintiffs Cross-Motion to Quash Subpoenas Issued By Defendants To The New York State Department of Health And/Or Its Current and Former Employees on March 18, 2008.  This request was granted on March 20, 2008 by the court.  On March 21, 2008, defendants filed a Joint Opposition to plaintiffs' Cross-Motion to Quash Subpoenas Issued by Defendants to the New York State Department of Health and/or Its Current and Former Employees.  On March, 25, 2008, plaintiffs filed an Unopposed Motion for Leave to File Reply Memorandum in Further Support of their original Cross-Motion.

On March 7, 2008, defendants Astrazeneca filed a Motion for Leave to File Sur-Reply in Further Opposition to Plaintiffs' Motion to Compel Production of Data for the Designated FUL Drugs.

**Certificate of Service**

  I certify that on April 1, 2008 a true and correct copy of the foregoing April 1, 2008 Status Report was served on all Counsel of Record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Lexis Nexis File and Serve for posting and notification to all parties.

                 /s/Aaron D. Hovan
                 Aaron D. Hovan