## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York, et. al.*<br><br>*v.*<br><br>*Abbott Laboratories, Inc., et al.* | ) ) ) ) ) ) ) ) ) Judge Patti B. Saris |

### AFFIDAVIT OF JOANNE M. CICALA IN FURTHER SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO COMPEL THE PRODUCTION OF CLAIMS DATA

JOANNE M. CICALA, being duly sworn, deposes and says:

1.      Attached as Exhibit A is a copy of defendants' March 26, 2008 subpoena to Computer Science Corporation ("CSC") which is New York States's fiscal agent responsible for Medicaid claims processing.   The data sought by Defendants' CSC subpoena seeks data that, if available, would indicate whether (AWP-%) or the usual and customary charge of the provider ("U&C") served as the reimbursement basis for all non-FUL claims.  See Exhibit A, p. 5, 1(g).

2.      The New York State Department of Health ("NYDOH") has offered to reverse-engineer the basis of reimbursement for all at-issue claims. Specifically, NYDOH has informed plaintiffs that it can back out those claims reimbursed based on FUL, and thereafter apply a logic to determine and identify which of the remaining claims were reimbursed based on (AWP-%) or U&C.  NYDOH has informed plaintiffs that it would be able to complete this work within three (3) weeks of defendants' agreement that this option is desirable.

3. It is plaintiffs' understanding that the reverse-engineering approach described in paragraph 2 above is not novel in the context of an AWP case. Defendants engaged in a similar exercise with the State of Missouri, a State whose claims data, like New York's, did not-- in its native form-- include a reimbursement price indicator. In Missouri, plaintiff engaged in a similar sort of reverse-engineering process described here and then counsel for defendants (indeed, the very counsel who has filed the motion to compel) took the deposition of the Missouri entity responsible for the reverse- engineering process.

4. Attached as Exhibit B is a copy of an April 2, 2008 letter served on defendants in which plaintiffs inquire whether defendants are interested in having NYDOH do the work described in paragraph two above.

Joanne M. Cicala

Sworn to before me this
2nd Day of April, 2008

Notary Public

JANICE E TOGAL
NOTARY PUBLIC
State of Texas
Comm. Exp. 05-27-2008

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 2nd day of April, 2008 he caused a true and correct copy of the Affidavit of Joanne M. Cicala's in Further Support of Plaintiffs' Opposition to Defendants' Joint Motion to Compel the Production of Claims Data to be delivered to counsel of record for defendants by electronic service by posting it to Lexis Nexis File and Serve's Electronic Service System pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

/s/ Aaron D. Hovan
Aaron D. Hovan
Kirby McInerney LLP
830 Third Avenue, 10th Floor
New York, NY 10022
(212) 371-6600