**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)<br>) MDL No. 1456<br>)<br>) CIVIL ACTION: 01-CV-12257-PBS<br>) |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS RELATING TO TRACK TWO DEFENDANTS | ) Judge Patti B. Saris<br>)<br>) |

**CLASS PLAINTIFFS' NOTICE OF FILING OF AMENDMENT TO TRACK TWO SETTLEMENT AGREEMENT AND RELEASE**

On March 14, 2008 the Court heard oral argument on Class Plaintiffs' and Track Two Defendants' Joint Motion for Entry of an Order Granting Preliminary Approval of the Track Two Settlement [Docket No. 5131] (the "Motion"). At that hearing the Court expressed concern over a few aspects of the proposed settlement and requested that the parties attempt to address those concerns prior to the Court's ruling on the Motion and set the Motion for further argument on April 9, 2008.

Since the March 14, 2008 hearing, the parties have conferred and file herewith, as Exhibit 1 hereto, an Amendment to the Track Two Settlement Agreement and Release (the "Amendment") which the parties believe address each of the Court's concerns. The Amendment does not change the body of the Settlement Agreement between the parties, but does replace a number of the original exhibits to the Settlement Agreement with revised exhibits. The following exhibits to the Settlement Agreement have been revised and are submitted as exhibits to the Amendment:

    Exhibit C1:    Short Mailed Notice to Class 1 Consumers with Pre-Paid Reply Card (Amendment, Exhibit A)

| | |
|---|---|
| Exhibit C2: | Long Form Notice to Class 1 Consumers Who Return Reply Card (Amendment, Exhibit B) |
| Exhibit D1: | Short Form Publication Notice to Class 3 Consumers (Amendment, Exhibit C) |
| Exhibit D2: | Long Form Notice to Class 3 Consumers with Claim Form (Amendment, Exhibit D) |
| Exhibit F: | Executive Summary of Notice Program (Amendment, Exhibit E) |
| Exhibit G: | Full Settlement Notice Program (Amendment, Exhibit F) |
| Exhibit H: | [Proposed] Preliminary Approval Order (Amendment, Exhibit G) |
| Exhibit K: | Claims Process Explanation (Amendment, Exhibit H) |

The changes to the Settlement Agreement agreed upon by the parties are explained below.

**I.     Notice Forms**

    A.     Class 1 Notice

At the request of the Court, a number of changes were made to the Short Mailed Notice to Class 1 (Exhibit C1). Language was added to clarify that by returning the reply card, consumers will be provided full notice, including information about their right to opt-out or object to the Proposed Settlement. In addition, a line of Spanish language was included to instruct Spanish-only speaking consumers where they can obtain help in Spanish. Finally, the claim administrator's telephone number was included on the form for consumers seeking clarification or help. The language on the envelope was also revised to remove the term "Legal Notice" and is now replaced with the term "Important Notice."

The Long Form Notice to Class 1 Consumers (Exhibit C2) was substantially revised from the original exhibit. This change was not requested by the Court, however, in an attempt to

further streamline and simplify the notice and claim process Class Counsel felt it necessary to reduce the length and complexity of the long form notice, while maintaining all of the essential information consumers need to understand the claims, the settlement terms and their legal rights under the Proposed Settlement. The changes have reduced the overall length of the Long Form Notice from 14 full pages to 6.5 pages. The only substantive difference in the revised exhibit relates to the calculation of consumer claims (see Section II below).

        B.        Class 3 Notice

The Short Form Publication Notice to Class 3 (Exhibit D1) has been revised in order to shorten and clarify the language and to make it more accessible to the reader. The heading of the ad has been changed in order to emphasize the existence of the easy refund of $35 in order to entice class members to seek additional information about the settlement.

The Long Form Notice to Class 3 with Claim Form (Exhibit D2) was also substantially revised from the original exhibit. These changes were also an attempt by Class Counsel to streamline the notice and are consistent with the changes made to the notice to Class 1 consumers. These changes also reduced the body of the notice down to just over 6 pages. Minor revisions to the claim form were also made to account for a different formula for calculating consumer claims.

        **II.**        **Calculation of Consumer Claims**

In response to the Court's concern that the proposed class period exceeds the class period certified in the Court's Findings of Fact and Conclusions of Law, dated June 21, 2007, regarding Track One defendants, the parties have agreed to modify the formula for distribution to consumers in order to provide that purchases made by consumers during the period of December 1997 through December 2003 for Class A drugs receive a multiple of three times (3x) their out-

3

of-pocket expenses as part of the claims calculation process. This number would be added to the consumer's out-of-pocket expenditures for percentage co-payments for Class A drugs outside of this time period, without a multiplier, and to the consumers' out-of-pocket expenditures for all Class B drugs during the proposed class period, without a multiplier, to determine the consumers "recognized claim amount." The formula for calculating consumer claims thus becomes:

$$\text{Out of Pocket Expenses for Category A Drugs from 12/97 -12/03} \times 3 + \text{Out of Pocket Expenses for Category A Drugs outside 12/97 - 12/03 and/or Category B Drugs} = \text{Total Recognized Claim Amount}$$

This change is reflected in revisions to the long form notices to each of Class 1 and Class 3, as well as in the Proposed Preliminary Approval Order (Exhibit H) and the Claims Process Explanation (Exhibit K).

### III. Manner of Notice to Class 3

The Court was not satisfied with the original proposed notice plan as it related to Class 3. The original plan called for a combination of cable television advertisements, internet banner ads targeted to specific health related websites, as well as notices placed in publications geared toward specific health issues and national publication in consumer magazines and national newspaper supplements. The Court was concerned that members of Class 3 were not receiving direct mail under the originally proposed notice plan and that too much emphasis was placed on national publications.

Taking the Court's concerns into consideration, Class Counsel has had a series of productive discussions with counsel representing ISHPs. As the Court is aware, the ISHP Group

4

is comprised of mainly large TPPs. Together the ISHP Group represents at least 60% of the covered lives in the United States.

After conferring with ISHP counsel, ISHP counsel are exploring the feasibility of having members of the ISHP Group run a search of their current computer systems for the names and addresses of individuals whose insurance plans provide for percentage co-payments for drugs and who incurred an obligation to make such a payment for the Class Drugs at issue in the Settlement. Initial discussions have revealed numerous practical obstacles to such a solution. At present, ISHP Group counsel is still conferring with the TPPs that comprise the ISHP Group and have not yet completed vetting all the potential issues that such an undertaking raises, including the accuracy of the information to be provided, as well as the potentially overwhelming number of names and addresses that might be provided to the claims administrator. ISHP counsel intend to be available in person at the hearing set for April 9, 2008 to answer the Court's questions concerning these issues.

If the issues involved in obtaining the names and addresses of Class 3 members can be successfully overcome, the notice plan would provide direct mail notice to many, but not all, members of Class 3. Even if all ISHP Group Members agree to participate, there are consumers in Class 3 who are not covered by the ISHP Group. Additionally, the current computer systems of each TPP vary as to the length of time for which they maintain insureds' pharmaceutical reimbursement data. None of their current computer systems provide data going back to the beginning of the class period in 1991. Discussions regarding archived data that pre-dates their current computer systems confirms attempting to resurrect that data from old systems would be logistically infeasible, expensive and would significantly delay the provision of notice to Class 3.

The current notice plan calls for augmentation of the direct mail notice outlined above with the cable television, internet advertisements and a somewhat more modest national publication strategy than previously proposed.

DATED: April 4, 2008.                    By    /s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John A. Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on April 4, 2008, I caused copies of **CLASS PLAINTIFFS' NOTICE OF FILING OF AMENDMENT TO TRACK TWO SETTLEMENT AGREEMENT AND RELEASE** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

 /s/ Steve W. Berman
Steve W. Berman