# EXHIBIT G

# TO AMENDMENT

# EXHIBIT H

## [PROPOSED] PRELIMINARY APPROVAL ORDER

# [REVISED]

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS RELATING TO TRACK TWO DEFENDANTS | CIVIL ACTION: 01-CV-12257-PBS  Judge Patti B. Saris |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THE TRACK TWO CLASS SETTLEMENTS, DIRECTING NOTICE TO THE CLASSES, AND SCHEDULING FAIRNESS HEARING**

WHEREAS, this matter has come before the Court pursuant to a Joint Motion for Entry of an Order Granting Preliminary Approval of the Track Two Class Settlements and Approving the Form and Method of Notice to the Classes (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over these actions and each of the parties for purposes of settlement; and

WHEREAS, this Court has conducted a preliminary approval hearing on March 14, 2008, has considered all of the submissions related to the Motion, and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

**I.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1.   The terms of the Track Two Settlement Agreement and Release, dated March 7, 2008, including all Exhibits thereto (the "Agreement"), attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below.  This Order incorporates herein, and makes a part hereof, the Agreement, including Exhibit B ("Class Drugs") and all other Exhibits thereto.  Unless otherwise provided herein, the

terms defined in the Agreement shall have the same meanings herein.  The Agreement was entered into only after extensive arm's-length negotiation by experienced counsel and with the assistance and oversight of MDL Mediator Eric Green.  The Court finds that the Class Settlements embodied in the Agreement (the "Class Settlements") are sufficiently within the range of reasonableness so that notice of the Class Settlements should be given as provided in paragraphs 9 and 10 of this Order.  In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## II.  THE CLASS, REPRESENTATIVES, AND CLASS COUNSEL

2.  Consistent with the Court's January 30, 2006 *Order Re: Motion for Class Certification* regarding Track One defendants, the Settlement Classes are defined as follows:

   a.  <u>Medicare Part B Co-Payment Class ("Class 1")</u>

   All natural persons in the United States who, from January 1, 1991 through January 1, 2005, made, or incurred an obligation to make, any portion of a Medicare Part B co-payment for a Class Drug manufactured, marketed, sold, or distributed by a Released Company.

   b.  <u>Third-Party Payor MediGap Supplemental Insurance Class ("Class 2")</u>

   All TPPs in the United States who, from January 1, 1991 through January 1, 2005, made, or incurred an obligation to make, reimbursements for any portion of a Medicare Part B co-payment for a Class Drug manufactured, marketed, sold, or distributed by a Released Company.

   c.  <u>Consumer and Third-Party Payor Class For Payments Made Outside the Medicare Context ("Class 3")</u>

   All natural persons in the United States who made, or incurred an obligation to make, a non-Medicare Part B payment for a Class Drug manufactured, marketed, sold, or distributed by a Released Company, and all TPPs in the United States who made, or incurred an obligation to make, non-Medicare Part B reimbursements for a Class Drug manufactured, marketed, sold, or distributed by a

>Released Company, during the period from January 1, 1991, through March 1, 2008.

Excluded from each of the Settlement Classes are (1) the Released Companies; (2) their respective past, present, and future officers, directors, managers, employees, agents, sales representatives, and liability insurers; and (3) all hospitals, clinics, physicians, or physician practice groups, or other health care provider or group of providers, that purchased drugs manufactured, marketed, sold, or distributed by a Released Company, and that (a) administered, dispensed, or prescribed such drugs to a consumer and (b) billed a consumer, TPP, or ISHP from such drugs (the "Released Parties"). (The exclusion of Released Company "employees" from the Settlement Classes shall not affect the eligibility of any ERISA plans or other TPPs for settlement benefits regardless whether their plan participants might be excluded "employees.") Additionally excluded from each of the Settlement Classes are the following: (1) all natural persons who only paid flat co-payments, and not any percentage co-payments, for Class Drugs; (2) all federal, state, and local governmental entities in the United States, except any such governmental agencies or programs that made or incurred an obligation to make a reimbursement for a Class Drug as part of a health benefit plan for their employees, but only with respect to such payments; and (3) the Independent Settling Health Plans ("ISHPs").

3.   The Court preliminarily finds that the proposed nationwide Settlement Classes meet all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3), and hereby certifies the Settlement Classes for settlement purposes only. The Court hereby preliminarily finds, in the specific context of these Class Settlements, that:

>a.   <u>Numerosity.</u>
>
>Classes 1, 2, and 3 consist of tens of thousands of members located throughout the United States, and satisfy the numerosity requirement of FED. R. CIV. P. 23(a). Joinder of these widely-dispersed, numerous Class Members into one suit would be

impracticable.

b.  <u>Commonality.</u>

Common questions of law and fact with regard to the alleged activities of the Released Companies exist for each of the Members of Classes 1, 2, and 3 in this case. These issues are central to this case and are sufficient to establish commonality.

c.  <u>Typicality.</u>

Plaintiffs have claimed during this litigation that unfair sales and marketing activities, including but not limited to, unlawful manipulation of Average Wholesale Prices ("AWPs") reported by various industry publications for the Released Companies' drugs violated various state consumer protection statutes, RICO, and other state and federal laws. As a result, Class Members allegedly paid more for these drugs than they would have in the absence of the alleged unlawful conduct. These claims are typical of every Member of each of Classes 1, 2, and 3. Therefore, the element of typicality is satisfied for each of Classes 1, 2, and 3.

d.  <u>Adequate Representation.</u>

Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Class Members. Additionally, this Court recognizes the experience of Lead Class Counsel Hagens Berman Sobol Shapiro LLP, Wexler Toriseva Wallace LLP, Spector Roseman & Kodroff, PC, and Hoffman & Edelson, LLC, and finds under FED. R. CIV. P. 23(g) that the requirement of adequate representation of Classes 1, 2, and 3 has been fully met.

e.  <u>Predominance of Common Issues.</u>

Plaintiffs commonly assert that unfair sales and marketing activities caused the AWPs for the drugs at issue in this case to be inflated, in turn causing all Class Members to pay more for these drugs. In the context of these Class Settlements, these issues predominate over any individual questions, favoring class treatment.

f.  <u>Superiority of the Class Action Mechanism.</u>

The class action mechanism is ideally suited for treatment of the settlement of these matters. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

4.        Designated representatives for each Class are as follows:

    a.        Class 1: Vermont Public Interest Research Group, Wisconsin Citizen Action, New York Statewide Senior Action Council, Citizen Action of New York, and Health Care For All

    b.        Class 2: United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund, Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust, Sheet Metal Workers National Health Fund

    c.        Class 3: Teamsters Health & Welfare Fund of Philadelphia and Vicinity, Philadelphia Federation of Teachers Health and Welfare Fund, Man-U Service Contract Trust Fund, Pipefitters Local Union 537 Trust Funds, Board of Trustees of Carpenters and Millwrights of Houston and Vicinity Welfare Trust Fund, United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund.

Based upon the Court's familiarity with the claims and parties in these and other cases, including prior AWP class settlements, the interests of the various constituent groups, and the negotiation process overseen by MDL Mediator Eric Green, the Court preliminarily finds that these designated representatives are appropriate representatives for settlement purposes. The Court finds that each of these representatives, or an agent or member thereof, made a purchase or reimbursement for one or more of the Class Drugs manufactured, marketed, sold, or distributed by the Released Companies.

5.        The Court further preliminarily finds that the following firms fairly and adequately represent the interests of the Settlement Classes and hereby appoints them as Co-Lead Settlement Class Counsel pursuant to FED. R. CIV. P. 23(g):

Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101

Spector, Roseman & Kodroff, P.C.,
1818 Market Street, Suite 2500
Philadelphia, PA  19103

Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000

5

        Chicago, IL  60602

        Hoffman & Edelson, LLC
        45 West Court Street
        Doylestown, PA  18901

6. If the Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Classes shall be void, and Plaintiffs and the Track Two Defendants shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not limited to the issues related to all claims, defenses, and issues under FED. R. CIV. P. 23.

### III. CLASS SETTLEMENT FUND

7. The Court finds that the Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

    a. The Escrow Account is established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

    b. The Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

    c. The assets of the Escrow Account are segregated from other assets of the Track Two Defendants, the transferors of the payment to the Settlement Fund.

8. Under the "relation back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

      a.      The Escrow Account met the requirements of paragraphs 7(a) and 7(b) of this Order prior to the date of this Order approving the establishment of the Escrow Account subject to the continued jurisdiction of this Court; and

      b.      The Track Two Defendants and the Claims Administrator may jointly elect to treat the Class Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Class Escrow Account met the requirements of paragraph 7(b) and 7(c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph 7 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Escrow Account on that date.

## IV.  NOTICE TO CLASS MEMBERS

9. The Court has considered the proposed notices and Notice Plan attached as Exhibits C-G to the Agreement, including the proposed forms of notice, summary notice, information releases, and Claim Forms, and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the Notice Plan in all respects (including the proposed forms of notice, summary notice, information releases, and Claim Form) and orders that notice be given in substantial conformity therewith. The Notice Program described in the Notice Plan shall commence on or about _____, 2008. The costs of preparing, printing, publishing, mailing and otherwise disseminating the notice shall be paid from the Settlement Fund in accordance with the

Agreement.

10.     The Court appoints Complete Claim Solutions as Claims Administrator. Responsibilities of the Claims Administrator shall include the following:  (a) establishing a post office box and toll-free phone number (to be included in the Long Form Notices and the Summary Notices (together, the "Notices" to the Class)) for purposes of communicating with Class Members; (b) establishing and maintaining a website for purposes of posting the Notices, the Agreement and related documents; (c) accepting and maintaining documents sent from Class Members, including Claim Forms and other documents relating to claims administration; and (d) administering claims for the allocation of the settlement funds among Class Members.

## V.     REQUEST FOR EXCLUSION FROM THE CLASS

11.     Class Members who wish to be excluded from Settlement Classes shall mail a written notice of exclusion to the Claims Administrator, so that it is postmarked no later than _____, and shall clearly state the following:  the name, address, taxpayer identification number, telephone number, and fax number (if any) of the individual or entity who wishes to be excluded from the Class, and provide all such information as may be required by the Agreement requested by the Claims Administrator.  In addition, for purposes of implementing the Settlement Agreement, including calculation of the Track Two Defendants' Opt-Out Refunds (as described in Paragraph III.D.1 of the Settlement Agreement), each TPP Settlement Class Member requesting exclusion shall set forth the amounts paid for each Class Drug at issue during the period of January 1, 2003 to December 31, 2003, and include a signed certification containing the following language:

> The undersigned individual hereby represents that he/she has authority to sign and submit this notice of exclusion on behalf of the above-named

8

class member.  The undersigned also certifies that he/she has not received any advice from the parties to this litigation or their attorneys concerning his/her or the class member's fiduciary obligations under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1100, *et seq*., or other laws governing their obligations to any class member.  The undersigned understands that by submitting this notice of exclusion, the class member identified above will not be entitled to receive any proceeds of the class Settlement Fund.  By affixing my signature below, I certify under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

12. Valid Class Opt-Outs shall not be bound by the Settlement Agreement, or the Final Order and Judgment.  Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Lead Class Counsel and Counsel for the Track Two Defendants.

13. Any Class Member who does not properly and timely mail a notice of exclusion as set forth in paragraph 11 above shall be automatically included in the Class Member's respective Settlement Class or Classes, and shall be bound by all the terms and provisions of the Agreement, the Class Settlements, and the Final Order and Judgment, whether or not such Class Member received actual notice or shall have objected to the Class Settlements and whether or not such Class Member makes a claim upon or participates in the Class Settlements.

## VI. PROOFS OF CLAIM

14. To effectuate the Agreement and Class Settlements, and the provisions of the Notice Plan, the Claims Administrator shall be responsible for the receipt of all notices of

exclusion and Claim Forms.  The Claims Administrator shall preserve (on paper or transferred into electronic format) all notices of exclusion, Claim Forms, and any and all other written communications from Class Members in response to the Notices for a period of five (5) years, or pursuant to further order of the Court.  All written communications received by the Claims Administrator from Class Members relating to the Agreement shall be available at all reasonable times for inspection and copying by Lead Class Counsel and Counsel for the Track Two Defendants, including prior to payments being mailed to each Class Member.

15. In order to be entitled to participate in the Class Settlements, if effected in accordance with all of the terms and conditions set forth in the Agreement, each Member of Classes 1, 2, and 3 shall take the following actions and be subject to the following requirements:

    a. A Settlement Class Member who wishes to receive a distribution from a Class Settlement must mail a properly executed Claim Form (Consumer or TPP Claim Form as appropriate) to the Claims Administrator at the address indicated in the notice, to be postmarked on or before _____.  If such Claim Form is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted when actually received by the Claims Administrator and must be received by the Claims Administrator no later than _____;

    b. Each Claim Form must satisfy the following conditions:  (i) the Claim Form must be properly completed and supported with any necessary documentation in accordance with the instructions thereon and submitted in a timely manner in accordance with subparagraph (a) of this paragraph;

    (ii) the Claim Form must be signed under penalty of perjury; (iii) the claimant must certify that he or she is a Class Member, or, if the person executing the Claim Form is acting in a representative capacity, must attest that he, she or it is acting on behalf of a Settlement Class Member and that the claimant has authority to act on behalf of the Settlement Class Member; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein;

 c. Each Claim Form shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Lead Class Counsel about which claims should be allowed in whole or in part;

 d. The Claims Administrator will notify each Settlement Class Member who filed a Claim Form of any recommendation of disallowance, in whole or in part, of the Claim Form submitted by such Settlement Class Member and will set forth the reasons for any such disallowance.  Settlement Class Members shall be permitted a reasonable period of time to cure any deficiency with respect to their respective Claim Forms that is identified.  A copy of such notification shall also be sent by the Claims Administrator to Lead Class Counsel;

 e. All Settlement Class Members who do not submit timely Claim Forms, or submit Claim Forms that are disallowed and not cured, shall be barred from participating in the Class Settlements (except to the extent that a

> Claim Form may be partially allowed) but otherwise shall be bound by all of the terms and provisions of the Agreement; and
>
> f. Each Settlement Class Member who submits a Claim Form shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall (subject to final approval of the Agreement and Settlement Classes) be bound by all the terms and provisions of the Agreement.

## VII. CLAIMS PROCESS

16. For all Class Drugs, the amount to which each Consumer Settlement Class Member is entitled will be determined in accordance with the following provisions.

> a. For consumers in Class 1 for which the Claims Administrator has obtained records from CMS evidencing the consumer's total co-payment obligation under Medicare Part B, the consumer's obligation under Medicare Part B for all Class Drugs during the Class Period, as evidenced in records from CMS, shall form the basis of the Class 1 consumer's claim. For those Class Drugs designated as "Class A" on Exhibit B to the Agreement, the consumer's total obligation related to Class A Drugs during the period of December 1, 1997 through December 31, 2003 shall be multiplied by a factor of three (3x) and added to the consumer's total obligation related to Class A Drugs outside of this time period (without a multiplication factor) and to the consumer's total co-payment obligation for Class Drugs designated as "Class B" on Exhibit B to the Agreement (without a multiplication factor). The sum of these three figures will constitute the

        Class 1 consumer's "Total Recognized Claim" used for purposes of calculating the payment made to each Consumer Class Member.

b.    For consumers in Class 3 for which the Claims Administrator does not have records from CMS, the amount to which the Class 3 consumer shall be entitled will be determined based upon the consumer's election on a claim form provided by the Claims Administrator between two options.

    1.    <u>Easy Refund Option</u>:  If a Class 3 consumer elects the "Easy Refund Option" on the claim form provided and the consumer's claim is verified and accepted by the Claims Administrator, their "Total Recognized Claim" used for purposes of calculating the payment made to each Consumer Class Member shall be equal to $35.00.

    2.    <u>Full Estimation Refund Option</u>.  If a Class 3 consumer elects the "Full Estimation Refund Option" on the claim form provided the consumer will be required to estimate their total out-of pocket expenses associated with percentage co-payments for each drug for which the consumer is seeking payment.  The consumer will also be required to provide documentary support, as called for in <u>Exhibit K</u> to the Agreement, in support of the consumer's estimated out-of-pocket expenses.  The consumer's estimated out-of-pocket expenses for Class A drugs during the period of December 1, 1997 through December 31, 2003  shall be multiplied by a factor of three (3x) and added to the consumer's total obligation related to Class A Drugs outside of this time period (without a multiplication factor) and to the consumer's estimated out-of-pocket

expenses for Class B drugs (without a multiplication factor). The sum of these three figures will constitute the Class 3 consumer's "Total Recognized Claim" used for purposes of calculating the payment made to each Consumer Class Member.

17. If the total valid Recognized Claims for all Consumer Settlement Class Members is less than the total amount of the Settlement Fund allocated to satisfy Consumer Settlement Class Member claims (net of fees and expenses as set forth in the Settlement Agreement), each Consumer Settlement Class Member will be paid 100% of their Recognized Claim, and the MDL Court shall determine how to dispose of the balance upon the motion of Lead Class Counsel. If total valid Recognized Claims for all Consumer Settlement Class Members exceeds the amount of the Settlement Fund allocated to satisfy Consumer Settlement Class Member claims, all such Consumer Settlement Class Member claims will be reduced proportionately.

18. The total expenditure for all Class Drugs designated as Class A on Exhibit B to the Agreement during the period of January 1, 2003 to December 31, 2003 claimed by each TPP Settlement Class Member on the TPP Proof of Claim and accompanying documentation, as verified and accepted by the Claims Administrator, shall be the TPP's "Recognized Claim" used for purposes of calculating the payment made to each TPP Settlement Class Member.

19. Each TPP Settlement Class Member shall share *pro rata* in the Net TPP Settlement Pool (which is net of payment of the Track Two Opt-Out Refunds and fees and expenses as set forth in the Agreement) in proportion to the size of their Recognized Claim.

## VIII. CONFIDENTIALITY

20. Any information received by the Claims Administrator in connection with the Class Settlements that pertains to a particular Settlement Class Member, or information

submitted in conjunction with a notice of exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Lead Class Counsel, Counsel for the Track Two Defendants, and the Court, or as otherwise provided in the Agreement.

### IX.   FAIRNESS HEARING

21. A hearing on final settlement approval (the "Final Fairness Hearing") will be held on _____, at _____ before this Court, at the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider, *inter alia*, the following:  (a) the adequacy of the Class Representatives and whether the Settlement Classes should be finally certified; (b) the fairness, reasonableness and adequacy of the Class Settlements; (c) the dismissal with prejudice of the MDL Class Actions as to the Track Two Defendants; (d) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives ("the Fee Petition") should be granted; (e) whether to approve the proposed plan of allocation and distribution; (f) whether to finally approve the Agreement; and (g) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Agreement and the Settlement Classes should be deemed as a final judgment under FED. R. CIV. P. 54(b) with respect to all claims by Settlement Class Members against the Track Two Defendants and other Released Parties.

22. On or before _____, Class Counsel shall file with the Court:  (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlements; and (ii) any Fee Petition.

23. Any Class Member who has not filed a notice of exclusion in the manner set forth

15

above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of a Class Settlement, the dismissal with prejudice of the Track Two Defendants, the entry of final judgment as to the Track Two Defendants, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Class Settlements, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below in Paragraph 24 on or before _____. Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before _____, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below in Paragraph 24 on or before _____. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court.  Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

    24.    Counsel for the Parties who must be served with all documentation described above in Paragraph 23 are as follows:

> Counsel for the Class
>
> Steve W. Berman
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 1301 Fifth Avenue, Suite 2900
> Seattle, WA  98101
>
> Counsel for the Track Two Defendants

| | |
|---|---|
| Steven F. Barley | James P. Muehlberger |
| HOGAN & HARTSON, LLP | SHOOK, HARDY & BACON, LLP |
| 111 S. Calvert St., Suite 1600 | 2555 Grand Boulevard |
| Baltimore, MD  21202 | Kansas City, MO  64108 |

25. The date and time of the Final Fairness Hearing shall be set forth in the Notice and Summary Notice, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Notice Plan.

26. All proceedings in the MDL Class Actions with respect to the Track Two Defendants are hereby stayed and suspended, pending the Final Approval of the Class Settlements ("Final Approval"), except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Class Settlements, or this Order.

27. Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action.  Such attorney shall serve a Notice of Appearance on the Counsel listed in Paragraph 24 above by _____, and file it with the Court on or before _____.

28. Pending Final Approval, no Settlement Class Member nor any ISHP Group Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any Released Party any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Agreement, and are hereby enjoined from so proceeding.  Upon Final

Approval, all Settlement Class Members who do not file a timely notice of exclusion and all ISHP Group Members shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement, and any such Settlement Class Member and all ISHP Group Members shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

## X.     OTHER PROVISIONS

29.     Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

30.     In the event the Class Settlements are terminated in accordance with the provisions of the Agreement, the Class Settlements and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs and the Track Two Defendants.

31.     Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by any Released Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order, or by any Releasee in connection with any action asserting Released Claims.


Date:_____          _____
                                  Patti B. Saris
                                  United States District Judge