UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | ) ) ) | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.* CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) | Magistrate Judge Marianne B. Bowler |

### UNITED STATES' RESPONSE TO ABBOTT'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 14, 2008 RULING RE: ACYCLOVIR DISCOVERY

Abbott Laboratories Inc.'s (Abbott) Motion for Reconsideration of the Court's March 14,

2008 Ruling Regarding Acyclovir Discovery (Motion for Reconsideration) is based on an

erroneous premise: that in the wake of the Court's recent ruling on relation back and the

government's Acyclovir Sodium (Acyclovir) claims, the United States has no Acyclovir claims.

The truth is that the government retains claims for any pricing fraud involving Acyclovir from

June 4, 2001 until the present.  To evaluate these claims, the government will need all pricing

and marketing documents **and** data from – and leading up to – Acyclovir's launch in 1997.[1]  The

Court recognized this basic fact when it issued its order requiring the production of Acyclovir

documents and data **after** issuing its March 13, 2008 decision on the application of the relation

---

[1] The spread on Acyclovir grew by 600% within a few years of the drug's launch.  *See* United States' First Amended Complaint at ¶ 108.  It is evident that creating and marketing megaspreads spread market was always part of the business plan for this drug.  Understanding the business plan for this drug is key to establishing Abbott's liability for creating and marketing the drug's megaspreads.

back doctrine to the government's Acyclovir claims.  Abbott's endless effort to conceal data and documents related to this drug prevents the United States from determining the extent and scope of any AWP pricing fraud involving Acyclovir.

Abbott's arguments that there are no "timely" claims are an attempt to cabin the United States' claims by individual fiat.  It is not, however, Abbott's prerogative to determine which claims the government will or will not pursue in this matter.  While the Court's March 13, 2008 decision may have limited the claims period for Acyclovir – to post-June 4, 2001 claims – it by no means eliminated all known or unknown Acyclovir claims. The lowered prices Abbott reported on April 30, 2001 may very well still have been significantly inflated.  It is impossible to determine the propriety of the post-April 30, 2001 reported pricing for Acyclovir without the actual pricing data.

Further, even with the limited evidence the government already has, it is evident that Abbott artificially created an almost 1000% spread on Acyclovir and marketed that megaspread. Aside from the transaction data, any documents related to Acyclovir and its pricing are necessary to determine (1) why Abbott chose to create and then market a 1000% spread on a powerful antiviral drug and (2) what Abbott may have done after the April 30, 2001 price change to market the drug.  The receipt and review of any such documents – from on or around the drug's launch in 1997 through the present – can hardly be considered a "fishing expedition" given what is already known about Abbott's aggressive efforts to create and market the megaspreads on this drug.

Finally, even if Abbott reported lowered prices for Acyclovir on April 30, 2001, Abbott has presented no evidence that the government reimbursement for the drug immediately took effect on that date; damages may have very well continued to accrue as the new pricing was

2

integrated into government drug reimbursement schemes.  Abbott continued to be liable for any

government reimbursement based on the pre-April 30, 2001 pricing.

There is no prejudice to Abbott if the Court simply upholds its previous decision.  If there

are no damages or the government moves to dismiss Acyclovir claims after reviewing the

materials, then there is no harm to Abbott.  Abbott may be concerned about the confidentiality of

the Acyclovir documents and data.  Yet, if the materials are properly designated as confidential

or highly confidential, then there is a protective order in place.  Moreover, Abbott has been sued

on this drug in another case in this MDL brought by the New York Counties; thus, there will be

no added cost or burden to Abbott to produce these materials to the United States.

But, if the information continues to be withheld and the United States continues to be

prohibited from obtaining the Acyclovir documents and data, the United States would be

obstructed from pursuing post-June 4, 2001 Acyclovir claims and damages.  It is time for the

extended motions practice on the Acyclovir documents and data to end and for those materials to

be finally produced.

Abbott's failure to produce the data alone has significantly undermined the government's

damages expert's ability to calculate damages in this matter by the April 30, 2008 expert

discovery deadline.  If the Court denies Abbott motion for reconsideration, the United States

respectfully requests that the Court order that: (1) the April 30, 2008 expert deadline be

suspended for the government's damages expert and (2) the government's damages expert be

given thirty days from the date Abbott provides a complete, accurate set of all Abbott's pricing

data, data that includes pricing information for Acyclovir, to produce his report.

3

Respectfully submitted,

For the United States of America,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley
U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3272
Fax: (617) 748-3971

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF
FLORIDA

/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for the Attorney
General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

JEFFREY F. BUCHOLTZ
ACTING ASSISTANT ATTORNEY
GENERAL

/s/ Gejaa T. Gobena
Joyce R. Branda
Daniel R. Anderson
Renée Brooker
Justin Draycott
Rebecca A. Ford
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 307-1088
Fax: (202) 307-3852

Dated: April 7, 2008

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above **UNITED STATES' RESPONSE TO ABBOTT'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 14, 2008 RULING RE: ACYCLOVIR DISCOVERY** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: April 7, 2008

/s/ Gejaa T. Gobena
Gejaa T. Gobena