# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti B. Saris |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06-11337-PBS ) ) ) ) | Magistrate Judge Marianne B. Bowler |

### [PROPOSED] REPLY TO ABBOTT LABORATORIES INC.'S OPPOSITION TO THE UNITED STATES' MOTION FOR A PROTECTIVE ORDER REGARDING ABBOTT'S RULE 30(b)(6) NOTICES

### THE PENDING MOTION FOR PROTECTIVE ORDER

As demonstrated in the government's opening brief, the 79 Rule 30(b)(6) topic and sub-topic descriptions Abbott noticed for deposition are unreasonably broad and burdensome, seek privileged and irrelevant information, duplicate completed discovery and/or seek information that should be, and has been, obtained by other means. Abbott's response withdraws ten of the original 79 topic and sub-topic descriptions.

In its response, Abbott represents that "each of Abbott's Rule 30(b)(6) requests fall into nine categories" and then lists nine bullet points. However, the nine bullet points bear little resemblance to the topic descriptions noticed for deposition by Abbott and they are not the topic descriptions for which the United States would be obligated to prepare and provide witnesses should the Court deny the government's motion. Moreover, as discussed below, the information sought in these nine categories has either been satisfied by completed or pending Rule 30(b)(6) depositions and other completed discovery or it is subject to the same objections listed in the government's motion.

Indeed, Abbott's remaining 69 topic and sub-topic descriptions cover far more real estate than the nine anodyne bullets listed in Abbott's response. Therefore, the Court cannot rely on Abbott's nine bulleted "categories" to evaluate the propriety of the 69 remaining Rule 30(b)(6) topics and sub-topics at issue. Instead, the government refers the Court to the attached Exhibits A, B and C reflecting the *actual* remaining Rule 30(b)(6) topic descriptions.

Contemporaneous with the filing of the government's motion and Abbott's response thereto, the government began to provide Abbott with Rule 30(b)(6) deposition testimony on the Proposed Topics listed in the government's opening brief. *See* Ex. D. At the time of the filing of this reply brief, Abbott has one remaining day of Rule 30(b)(6) testimony on the Proposed Topics.[1] With that final day of deposition testimony on the Proposed Topics, Abbott is entitled to no additional Rule 30(b)(6) testimony and the Court should grant the government's March 21, 2008 motion for a protective order on the remainder of Abbott's Rule 30(b)(6) topics.

## ARGUMENT

I. **The Government Has Provided Abbott With Extensive Discovery on The Very Topics Abbott Continues to Argue It Needs**

To the extent Abbott's Rule 30(b)(6) topics address subjects about which Abbott might arguably be permitted to inquire, the government has provided Abbott with extensive discovery, including Rule 30(b)(1) and 30(b)(6) depositions, verified interrogatory responses and a broad burdensome document production. Indeed, the government's Proposed Topics and completed Rule 30(b)(6) testimony satisfy the topics for which Abbott argues most fervently in its response. Abbott's refusal to take yes for an answer unnecessarily wastes the Court's and parties' time

---

[1] Subject to Court approval, as explained below. *See* Joint Motion for Enlargement of Time to Complete Six Depositions. (Dkt. 5176)

with motions practice.

Specifically, Abbott spends three pages arguing to the Court that the United States' motion for a protective order should be denied for those of its Rule 30(b)(6) topic descriptions regarding alleged government knowledge of Abbott's fraud. Abbott's Response at pp. 8-10. However, the Rule 30(b)(6) deposition testimony regarding government knowledge is included in the government's Proposed Topics. *See* Proposed Topics 14 and 19 in United States Brief at p. 20; Ex. D.

Indeed, during Abbott's first day deposing CMS's designated Rule 30(b)(6) witness on government knowledge, counsel for Abbott asked questions about government knowledge of Abbott's conduct. *See*, *e.g.,* Thompson Deposition first day at p. 167 (on CMS knowledge of the prices Abbott reported to compendia). As of this filing, Abbott has requested and the government has agreed, subject to the Court's approval, a second day to continue its Rule 30(b)(6) deposition of Mr. Thompson in his capacity as CMS Rule 30(b)(6) designee on topics that include government knowledge.[2] Therefore, Abbott's request for Rule 30(b)(6) testimony regarding government knowledge has also been satisfied by the government's Proposed Topics.[3]

Abbott also argues that it is dissatisfied with Proposed Topics 2a and 2b regarding CMS's application of the term "AWP" because the Proposed Topic does not include the word "interpreted" within the description. Abbott's Response at p.14.[4] However, the manner in which

---

[2] *See* Joint Motion for Enlargement of Time to Complete Six Depositions. (Dkt. 5176)

[3] Abbott admits that the Rule 30(b)(6) deposition of Larry Reed on March 20, 2008, on Proposed Topic 14 satisfied Abbott's requests regarding CMS's approval of state plans, which is addressed topics in 14-18 of Abbott's November 21, 2007 letter. *See* Abbott's Response at p. 4.

[4] On this point, and in its cited letter to government counsel dated March 26, 2008, Abbott mischaracterizes the testimony of Deidre Duzor. The government has not treated

3

CMS applied the term "AWP" reflects CMS's understanding of the term "AWP" at the time. Moreover, during the first day of the Rule 30(b)(6) deposition of CMS designee Don Thompson, counsel for Abbott asked, and Mr. Thompson answered, numerous questions about CMS's definition, interpretation and understanding of the term "AWP." *See, e.g.,* Thompson Deposition at pp. 92-110, 149-156, 177, 187, 228 *et sec.*[5] Abbott also has the opportunity to ask Mr. Thompson about Proposed Topics 2a and 2b during its remaining time with him. Therefore, Abbott's request for Rule 30(b)(6) testimony regarding AWP has been satisfied by the government's Proposed Topics.

Abbott's bullet about CMS communications to Abbott regarding applicable laws, regulations or other guidance to Abbott is also addressed in the government's Proposed Topics 20 and 21. Pursuant to those Proposed Topics, Abbott has asked, and the CMS designee has answered, many questions about CMS guidance to Abbott. *See, e.g.,* Thompson Deposition at

---

plaintiff states and defendants differently on this issue.

[5] See, for example, the transcript excerpt below from pp. 229-230 of the first day of Mr. Thompson's deposition:

```
 9     Q.   Can you point me to any sequence of letters
10   that would lead one to understand that average
11   wholesale price as used in the rule was intended to be
12   interpreted under what you refer to as a plain
13   language meaning?
14          MR. DRAYCOTT:  Objection, but you can
15   answer.
16     A.   Average wholesale price.
17     Q.   So the definition of average wholesale
18   price is average wholesale price; is that your
19   testimony?
20     A.   The testimony is that the agency's
21   statements with respect to the Medicare Part B drug
22   payment system are contained in the November 25th
 1   Federal Register.  In that Federal Register in 405.517
 2   the agency uses the words average wholesale price.
```

pp. 160-233.[6]  Abbott has another day of testimony from Mr. Thompson, so if there are questions on the Proposed Topic it has not asked him yet, it may do so then.

Abbott's bullet point regarding document preservation is entirely duplicative of the Rule 30(b)(6) depositions of CMS designees Vickie Robey, Glenda Bailey, Joseph Bryant and Marianne Bowman.  Additional depositions on those topics are not only unreasonably burdensome, they are improper.  *See Ameristar Jet Charter, Inc., v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001).  Abbott also took multiple Rule 30(b)(1) depositions on this topic, including three Rule 30(b)(1) depositions that were exclusively on document search and preservation issues.

In addition to the above, the government has provided several Rule 30(b)(6) depositions on behalf of Medicare contractors as requested by Abbott.  Those depositions have covered much of the same ground as Abbott's newly-described categories of interest, including the carriers' application (and, yes, understanding) of AWP, communications with CMS, document preservation and so on.

Abbott's remaining Rule 30(b)(6) topics are not merely duplicative of completed Rule 30(b)(6) depositions, they are duplicative of other completed discovery.  For example, the

---

[6] See, for example, the transcript excerpt below from page 230 of the first day:
```
 3     Q.   Can you point me to any language in any
 4   statement by the agency that would have advised Abbott
 5   regarding the permissibility or impermissibility of
 6   marketing the spread?
 7          MR. DRAYCOTT:  Objection.
 8     A.   The agency promulgated its Medicare Part B
 9   drug payment policies through notice and comment
10   rulemaking.  If Abbott chose, they could have looked
11   at the rulemaking record and then made a decision as
12   to the applicability with respect to marketing the
13   spread.
```

penultimate bullet listed by Abbott in its response is completely usurped by Abbott's Interrogatories numbered 1, 5, 13 and 32. The United States has provided Abbott with at least 30 deposition witnesses for a total of 49 days of testimony, including Rule 30(b)(1) depositions of nearly every requested witness (including APEX-level witnesses) and Rule 30(b)(6) depositions on the very Rule 30(b)(6) topics for which Abbott argues most fervently.

The only bullets not satisfied by completed discovery are improper for the reasons explained in the government's opening brief: overbreadth, undue burden and harassment, unreasonableness and sheer unworkability, privilege, abuse of Rule 30(b)(6), duplication of completed discovery, attempting to re-litigation of discovery battles Abbott has already lost before this Court and requests that are not calculated to lead to the discovery of admissible evidence. They are also subject to current motions, such as Abbott's Motion to Compel Production of Documents from the United States (Dkt. 5173) and Abbott's Motion to Compel Sufficient Responses to Abbott's Requests for Admissions (Dkt. 5174). They are precisely the kind of abusive discovery requests that the Court should curb pursuant to Rule 30(b)(2)(C)(i), (ii) and (iii).

## II.     The Remaining Rule 30(b)(6) Topics Are Not Workable

The Rule 30(b)(6) topics that Abbott continues to seek are not only improper, they are unworkable. The following is an inexhaustive list of examples of Rule 30(b)(6) depositions for which the United States would be required to provide and prepare witnesses:

- A trial masquerading as a deposition: complete with liability phase (*e.g.* every instance of Abbott's marketing the spread, *see,* Ex. C at topic 2) and damages phase (*e.g.* what Medicare and Medicaid would have paid had they known the acquisition costs, *see*, Ex. B at topic 9). This, despite the fact that this information was not in the possession of CMS; government counsel has learned of the information through its investigation, discovery of Abbott's files and its engagement of experts. In order to prepare a Rule 30(b)(6) witness, government counsel would have to teach CMS witnesses to memorize the government's

entire trial strategy so that the witnesses could then regurgitate it at the deposition. The deposition would consist of hearsay the CMS witnesses learned after the Relevant Period from its own counsel.

- <u>An oral argument masquerading as a deposition</u>: because Abbott's Rule 30(b)(6) topics cover areas that are pure questions of law, the government would have to educate a CMS witness about the government's position on contentious questions of law so that counsel for Abbott can question the witness about the legal bases for those legal postures. *See, e.g.,* Ex. A at topic 1 (regarding whether Abbott was legally required to report the average or estimated acquisition cost for the Subject Drugs); Ex. C at topic 4 (seeking the identification of every law, regulation and communication relevant to Abbot's price reporting obligations); Ex. B at topic 1 (regarding the accuracy and content of every regulation, statute and guidance concerning the payment of the Subject Drugs or claims at issue in this case.)

- <u>A deposition of exclusively hearsay testimony regarding the knowledge and actions of the fifty state Medicaid programs</u>: government counsel would have to educate a CMS witness on information government counsel learned during this litigation about the fifty states' Medicaid programs, including: what and when state Medicaid programs knew about inflated AWPs and why the states paid based on them; what state Medicaid programs did if and when they learned of the Ven-A-Care complaint and any other communications advising them that AWPs exceeded acquisition costs; what state Medicaid programs would have paid had the states had actual knowledge of acquisition prices; "lobbying efforts" by state Medicaid employees or agents regarding drug reimbursement issues; to what extent state Medicaid programs were aware of the market prices for the Subject Drugs and that Abbott was allegedly marketing the spread. (*See, e.g.,* Ex. B at topics 7, 8, 9 & 19).

### III.   The United States Has Fully Complied With This Court's May 22, 2007 Order

In its response, Abbott selectively quotes this Court's Order of May 22, 2007 to represent that the Order "instructed" Abbott to take Rule 30(b)(6) depositions on

> [A]ll factual representations and/or statements made by CMS or the Secretary of HHS regarding how the Secretary and/or CMS intended, understood, interpreted or applied the phrase AWP in federal statutes and regulations; what the Secretary and/or CMS understood or believed about average wholesale prices (AWPs) published in Red Book and other national drug listings; and the Secretary's and/or CMS's understanding of Medicare's policy of paying 'reasonable costs' (Part A services) and 'reasonable charges' (Part B services).

Abbott's Response at 12. That is incorrect. The Order, in granting the United States' motion for protective order relating to a requested Rule 30(b)(1) deposition of government counsel, noted

7

there were "other means to procure" discovery to find out what CMS understood the meaning of AWP to be.  The Court then wrote:  "To the extent Abbott has not deposed the *relevant government officials* at CMS about *their understanding* of the meaning of AWP, Abbott may serve a deposition notice to inquire about 'all factual representations and/or . . . '" and continuing with the language indented above.  (Dkt. 4244 at 3-4)  By omitting the beginning of the sentence, Abbott was able to obscure its meaning and pretend that the Order required the United States to provide Rule 30(b)(6) deposition testimony on the quoted subject matter.

      Moreover, the United States has complied with the May 22, 2007 Order.  After it issued, Abbott conducted depositions of many government officials and asked every single one of them about their understanding of the meaning of AWP and other questions related to that subject.  So Abbott has obtained all the discovery allowed by the Court's May 22, 2007 Order.  Indeed, by providing Abbott with Rule 30(b)(6) depositions on the Proposed Topics, the United States has provided far more discovery than envisioned by the May 22, 2007 Order.

**IV.**   **Cases Cited by Abbott Do Not Support Its Arguments**

    **(a)** ***United States v. Taylor*** **Does Not Support Abbott's Argument that its Rule 30(b)(6) Topics Meet The "Reasonable Particularity" Requirement**

      Abbott points the Court to the decision in *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996) as support for the proposition that the "reasonably particularity" requirement of Rule 30(b)(6) is met because the areas of inquiry "have been addressed in oral argument, and in two prior written orders."  Abbott's Response at p. 6.  If one were to read only the Westlaw headnotes of that decision, it would be understandable how one could come to the conclusion that Magistrate Judge Eliason made such a holding.  However, the decision does not describe the Rule 30(b)(6) topics at issue in that case, or discuss why they met the reasonable particularity

requirement of Rule 30(b)(6). The decision merely pointed the parties to the oral argument and prior written orders as support for the Magistrate Judge's finding that the Rule 30(b)(6) topics met the particularity requirement. The fact of having been addressed in oral argument and written orders did not *ipso facto* make the topic descriptions "reasonably particular," nor could they.

What the decision in *Taylor* does address is the very different question of, in the court's words, "the extent of the duty which Fed. R. Civ. P. 30(b)(6) imposes on a corporation or other entity to conduct an investigation prior to its deposition." *Id.* at 58. Nowhere does that court address whether Rule 30(b)(6) notices that are, like Abbott's, extraordinarily broad, burdensome, abuse, duplicative or seek privileged information could meet the "reasonable particularity" requirement of Rule 30(b)(6). Nor did the district court's order affirming the Magistrate Judge's ruling - it also focused its discussion on the question of a Rule 30(b)(6) designee's duty to be properly prepared. *United States v. Taylor*, 166 F.R.D. 367 (M.D.N.C. 1996). Therefore, the *Taylor* decision does not support Abbott's arguments.

**(b) *Marker* Is Distinguishable From the Instant Case And Is Not Instructive**

Abbott cites to *Marker v. Union Fidelity Life Insurance* for support for the proposition that Abbott's Rule 30(b)(6) topics meet the reasonable particularity requirement of Rule 30(b)(6). Abbott's Response at p. 6; *Marker v. Union Fidelity Life Insurance*, 125 F.R.D. 121 (M.D.N.C. 1989). However, in that case, in which an insured brought an action against his insurer for bad-faith failure to pay claims, the Rule 30(b)(6) topics were about defendant's claims processing and claims records, general file keeping, storage and retrieval - topics the court described as "specific and understandable," "not unduly broad or abusive," "limited and specific" and "subject to a clarifying letter so that defendant necessarily knew the scope and

9

nature of plaintiff's interest." That is clearly distinguishable from the Rule 30(b)(6) topics propounded by Abbott in this case, which are extraordinarily broad, burdensome, abusive, seek privileged information and duplicate completed discovery, including completed Rule 30(b)(6) depositions.

*Marker* is also distinguishable in its posture. In that case, the responding party did not move the Court for an order of protection pursuant to Rule 26(c), rather, it merely produced a witness who could not answer the questions on the noticed Rule 30(b)(6) topics. In holding that the responding party's refusal to provide a prepared Rule 30(b)(6) witness was unreasonable, the Magistrate Judge distinguished that scenario from one where the responding party does seek an order of protection. Therefore, *Marker* is not instructive to the disposition of the instant motion in which the responding party has properly moved for an order of protection for Rule 30(b)(6) topics that are extraordinarily broad, burdensome, abusive, duplicative and seek privileged information.

**(c) *Prizina Shipping* is Irrelevant To The Pending Motion**

In support of its argument that the Court should find that the sixty-nine remaining Rule 30(b)(6) topic and sub-topic descriptions meet the particularity requirement of Rule 30(b)(6), Abbott cites the case of *Prozina Shipping Co., Ltd. v. Thirty-Four Automobiles*, 179 F.R.D. 41, 47-48 (D. Mass. 1998). *See* Abbott's Response at pp. 4, 14. That case is not persuasive for at least two reasons. First, the plaintiff in that case sought an order of protection to prevent Rule 30(b)(1) depositions of individuals with first hand knowledge of the relevant facts, not Rule 30(b)(6) depositions. *Id.* Second, the plaintiff in *Prozina Shipping* asked that court to prohibit all oral testimonial discovery, thereby limiting the defendant to documentary discovery. *Id.*

Unlike the plaintiffs in *Prozina Shipping*, the United States seeks an order of protection

10

regarding the improper and unreasonably burdensome Rule 30(b)(6) topic descriptions as drafted by Abbott, not Rule 30(b)(1) depositions and not all Rule 30(b)(6) depositions.  The United States has provided Abbott with at least 30 deposition witnesses for a total of 49 days of testimony, including Rule 30(b)(1) depositions of nearly every requested witness (including APEX-level witnesses) and Rule 30(b)(6) depositions on the very Rule 30(b)(6) topics for which Abbott argues most fervently.  Therefore, *Prozina Shipping* is not a precedent that is helpful to the Court in resolving the instant motion.

Rather, the Court should look to Rule 30(b)(6) itself and decisions ruling on Rule 30(b)(6) depositions, as cited in the government's opening brief.  Those authorities overwhelmingly support the United States' view that Abbott's remaining Rule 30(b)(6) topic descriptions are improper for multiple independent grounds.

## **CONCLUSION**

For the reasons explained above and in the opening brief, the government respectfully requests that the Court grant the United States' motion for protective order.

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | JEFFREY D. BUCHOLTZ<br>ACTING ASSISTANT ATTORNEY GENERAL |
| George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley<br>U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>Phone: (617) 748-3272 | /s/ Elizabeth Strawn<br>Joyce R. Branda<br>Daniel R. Anderson<br>Renée Brooker<br>Justin Draycott<br>Rebecca A. Ford<br>Gejaa T. Gobena<br>Evan C. Zoldan<br>Elizabeth A. Strawn<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Phone: (202) 616-7986<br>Fax: (202) 514-0280 |
| R. ALEXANDER ACOSTA<br>UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF FLORIDA | |
| /s/ Ana Maria Martinez<br>Mark A. Lavine<br>Ana Maria Martinez<br>Ann St.Peter-Griffith<br>Special Attorneys for the Attorney General<br>99 N.E. 4th Street, 3rd Floor<br>Miami, FL 33132<br>Phone: (305) 961-9431<br>Fax: (305) 536-4101 | |

Dated: April 8, 2008