UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO | ) | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS | ) ) ) ) ) | Magistrate Judge Marianne B. Bowler |

### ABBOTT LABORATORIES INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 14, 2008 RULING RE: ACYCLOVIR DISCOVERY

After 11 years of sitting on this under-seal case, then waiting another year to add allegations relating to acyclovir, the Government made very plain that it was only charging Abbott liability for acyclovir through the first quarter of 2001. The Government's amended complaint makes the point repeatedly, and could not be clearer. (*See* Dkt. No. 4281 at ¶¶104-110 (alleging that Abbott began selling Acyclovir on April 22, 1997 and continued to maintain a large spread on the drug until April 30, 2001, when "Abbott reported new LPs and WACs for its Acyclovir products"); *id.* at ¶ 110 (describing those "revised LP, WAC and AWP [as] in keeping with the actual contract price for Abbott's Acyclovir").)

This Court, however, has ruled that the only acyclovir claims presently alive in this case are those that are "timely claims . . . without the benefit of the relation back doctrine." (Dkt. No. 5143 at 12-13.) As Abbott's motion makes clear – and as even the Government's response concedes – that means, at the very earliest, claims accruing on or after June 4, 2001.[1] By

---

[1] In fact, the United States sought leave to file its First Amended Complaint on November 7, 2007, after having improperly filed the complaint, without leave, on June 4, 2007. November 7, 2001, rather than June 4, is thus arguably the correct starting date for the Government's acyclovir claims.

alleging that Abbott's offending conduct relating to acyclovir ended with the price changes in April 2001, the Government has thus pled itself out of its acyclovir claims.

The Government contends that it nonetheless needs broad acyclovir discovery to determine whether it has any acyclovir damages.  That is disingenuous.  The Government made that decision long ago, and should not be allowed to amend its complaint *sub silentio* now.

The Government also alleges that the acyclovir discovery might (somehow) be relevant to its claims on the four families of drugs properly at issue in this suit.  Again, not so.  Magistrate Judge Bowler ruled months ago that cross-cutting documents – documents having to do with AWP, marketing the spread, and the like, irrespective of whether they specifically mention a drug from those four families – had to be produced through 2003, and Abbott has complied.  Abbott's production included any acyclovir documents that fit in this cross-cutting category.  While the Government forswears a "fishing expedition," that expedition has already concluded, within the cross-cutting boundaries set by the Court.  Additional acyclovir discovery at this point would simply allow the Government to pour through documents about a drug it has not properly charged – something this Court has recognized is improper.  (*See* Hr'g Tr. (Feb. 27, 2007) at 8 (Government is "not entitled to every drug if you haven't sued on it"); at 15 (Government cannot "use a lawsuit as a fishing expedition for ten more drugs that [it is] interested in . . . [t]hat's the big bottom line"); at 25 ("You can't have a hundred documents relating to a hundred drugs when you're suing on four").)

Finally, the Government's request for an extension of time to produce its expert reports in this case *in toto*, tied to production of acyclovir information, is improper and should be denied.  It is improper, tucked as it is into a response brief and not a motion seeking relief.  And it should be denied because, even if the additional acyclovir discovery is ordered produced (and it should

2

not be), at most the Government should be given time to *supplement* its expert reports based on that new discovery – not a blanket extension on having to produce any reports at all.

WHEREFORE, Abbott's motion should be granted. In light of this Court's March 13, 2008 ruling, which makes clear that the Government cannot rely on the relation-back doctrine and thus has no timely claims relating to acyclovir, this Court should reconsider its order requiring Abbott provide the United States with all transactional and other documentation related to acyclovir. And the Government's request for an unqualified extension of time to file its expert reports should be denied.

Dated:  April 9, 2008                                             Respectfully submitted,

/s/ Brian J. Murray
James R. Daly
Tina M. Tabacchi
Jason Winchester
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

      I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 14, 2008 RULING RE: ACYCLOVIR DISCOVERY to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 9th day of April, 2008.

                                              /s/ Brian J. Murray
                                              Brian J. Murray