UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Magistrate Judge Marianne B. Bowler |
| *Inc., Zachary T. Bentley, and T. Mark Jones* | ) | |
| *v. Abbott Laboratories, Inc.*, | ) | |
| No. 07-CV-11618-PBS | ) | |

### ABBOTT LABORATORIES, INC.'S REQUEST FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY OF DISCOVERY PENDING APPEAL

On March 14, 2008, this Court denied Abbott Laboratories, Inc.'s Motion to Dismiss Relator Ven-A-Care of the Florida Keys. Inc.'s stand-alone Erythromycin complaint for lack of subject-matter jurisdiction under the False Claims Act's ("FCA") first-to-file bar. That order decided an important and controlling question of law related to the Court's jurisdiction to hear Ven-A-Care's claims; a contrary ruling would have required immediate dismissal and would have terminated the case. Abbott respectfully requests that the question of the applicability of the first-to-file bar to Ven-A-Care's complaint be certified for an immediate interlocutory appeal to the First Circuit pursuant to 28 U.S.C. § 1292(b). Moreover, because an appeal could (and should) result in the termination of all proceedings, this Court should stay discovery in this matter pending appeal.

### BACKGROUND

On August 30, 2007, Ven-A-Care filed an "Amended Severed Complaint" alleging that Abbott violated the FCA by "report[ing] inflated pharmaceutical prices that it knew Medicaid relied upon to set reimbursement rates for Abbott's pharmaceutical prices" when its "actual sales prices. . . were far less than the prices reported." (*See United States ex rel. Ven-A-Care of the*

*Fla. Keys, Inc. v. Abbott Labs., Inc.*, No. 07-CV-11618-PBS, Dkt. No. 1, at 1-2.)  The complaint specifically sought recovery for false claims made pursuant to that alleged scheme related to the drug Erythromycin.  The case was transferred to MDL No. 1456, which also involved Abbott's alleged reporting of inflated pharmaceutical prices.

Abbott moved to dismiss the complaint for lack of subject-matter jurisdiction under the FCA's first-to-file bar, 31 U.S.C. § 3730(b)(5), which states that "[w]hen a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."  (Dkt. No. 4861 at 5.)  Abbott argued that Ven-A-Care's new suit alleged the identical fraudulent scheme that had been alleged in a *qui tam* suit that Ven-A-Care had filed in Florida in 1995 (which later was also transferred to MDL No. 1456).  The Florida *qui tam* case likewise turns on allegations that Abbott reported inaccurate prices to third-party price publishers, which "caus[ed] the. . . Medicaid programs to establish grossly inflated reimbursement rates for the pharmaceuticals."  (*See id.* at 7.)

Abbott cited authority showing that a later-filed FCA complaint is barred if it merely alleges new details about previously-alleged fraudulent schemes.  Application of the first-to-file bar does not turn on whether the second FCA suit involves "identical facts."  (*Id.* at 6-7.)  Thus, although the Florida complaint, when filed, did not specifically identify Erythromycin as one of the drugs involved in the scheme, the first-filed Florida complaint still barred the Massachusetts complaint because the Massachusetts complaint merely added additional factual details about the scheme alleged in the Florida complaint.  (*Id.* at 8-9.)

This Court denied the motion to dismiss via electronic docket entry on March 14, 2008, holding that the denial was "on the ground that the federal complaint does not make allegations

relating to Erythromycin." No further explanation was provided. The Court also ordered the parties to "propose a discover schedule on the Erythromycin claims."

## ARGUMENT

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for an immediate interlocutory appeal when the order:

- involves a "controlling question of law,"
- for which "there is substantial ground for difference of opinion," and
- "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

*See also In re Pharm. Indus. Average Wholesale Price Litig.*, No. 05-11084-PBS, 2008 WL 163644, at *1 (D. Mass. Jan. 16, 2008). The Court's March 14, 2008 order should be certified for immediate interlocutory review because (1) it involves a controlling issue of law, namely, this Court's subject-matter jurisdiction under the FCA's first-to-file bar; (2) there is "substantial ground for difference of opinion" on the resolution of that question here, and (3) a reversal would result in the immediate termination of the litigation.

Moreover, discovery has not yet commenced in this case, and an immediate appeal could avoid the significant time and expense of discovery and trial (which, unlike the trial of the other cases in the MDL, would take place in the District of Massachusetts). Given the Court's experience with the MDL, it should be apparent that the merits issues will be far more complex and time-consuming than the first-to-file jurisdictional issue, adjudication of which should be a straightforward exercise on appeal. As such, Abbott also requests a stay of the proceedings pending resolution of an appeal here.

I.     THE FIRST-TO-FILE BAR IS A CONTROLLING ISSUE OF LAW WHICH, IF REVERSED, WILL "MATERIALLY ADVANCE" THE TERMINATION OF THIS LITIGATION.

It is hornbook law that rulings "rejecting . . . challenges to subject-matter jurisdiction" are "[a]mong the categories of rulings that may be obviously suited for interlocutory appeal within the general criteria of" § 1292(b).  16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3931.  This is simple common sense: "a district court's ultimate conclusion on the existence . . . of subject matter jurisdiction" is reviewed "*de novo* because it is a question of law," *Esso Standard Oil Co. (P.R.) v. Rodriguez-Perez*, 455 F.3d 1, 4 (1st Cir. 2006), and "lack of subject matter jurisdiction terminates a case . . . filed in federal court."  *Moravian Sch. Advisory Bd. v. Rawlins*, 70 F.3d 270, 276 (3d Cir. 1995).  Interlocutory appeals of a district court's denial of a motion to dismiss for lack of jurisdiction are, accordingly, commonplace.  *See, e.g., United States ex rel. Wisconsin v. Dean,* 729 F.2d 1100, 1102, 1103 (7th Cir. 1984) (accepting § 1292(b) interlocutory appeal from Court's denial of motion to dismiss pursuant to FCA jurisdictional bar); *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 4 (1st Cir. 2005) (adjudicating § 1292(b) interlocutory appeal of subject-matter jurisdiction holding); *cf. Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 461 (1st Cir. 1990) (adjudicating § 1292(b) interlocutory appeal of refusal to dismiss on grounds of personal jurisdiction).

The first-to-file bar of 31 U.S.C. § 3730(b)(5) has been consistently recognized as a jurisdictional bar, as this Court itself has recognized.  *See In re Pharm. Indus. Average Wholesale Price Litig.*, 498 F. Supp. 2d 389, 400 (D. Mass. 2007) (noting that, if first-to-file bar applied, "then the Court would not have jurisdiction over the 2000 Massachusetts complaint"); *see also, e.g., Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 (10th Cir. 2004) (first-to-file bar is a "jurisdictional limit on the courts' power"); *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005) (first-to-file bar jurisdictional).  Thus, the Court's

March 14, 2008 order denying Abbott's motion to dismiss for lack of jurisdiction involves both a controlling issue of law, and an issue that would materially advance the ultimate termination of this litigation. The first and third prongs of 28 U.S.C. § 1292(b) are therefore satisfied.

## II.   THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION ON THE ISSUE OF WHETHER THE FIRST-TO-FILE BAR APPLIES.

The Court's March 14, 2008 order denying Abbott's motion to dismiss for lack of jurisdiction also presents a substantial ground for difference of opinion. Although the Court did not issue a memorandum opinion with respect to Abbott's motion, the rationale for the order— that the specific drug Erythromycin is not named in the federal complaint—conflicts with decisions of other federal circuit and district courts.

There is near-consensus among the federal courts that a later-filed suit does not need to contain *identical* facts in order for the first-to-file bar to apply. As stated in *Grynberg*, "[a]n identical facts test would be contrary to the plain meaning of the statute, which speaks of 'related' qui tam actions, not identical ones," and that "every other circuit to have addressed this issue has also rejected an 'identical facts' test in favor of an 'essential claim' or 'same material elements' standard." 390 F.3d at 1279 (citing *United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 217-18 (D.C. Cir. 2003); *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th Cir. 2001); *United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs, Inc.*, 149 F.3d 227, 233 (3d Cir. 1998)). Instead, "[t]he overwhelming majority of courts considering first-to-file issues have interpreted § 3730(b)(5) to bar a later-filed *qui tam* complaint that is based on either (1) the same 'type of fraud,' (2) the same 'essential elements' of fraud, or (3) the same 'material elements of fraud.'" 1 John T. Boese, *Civil False Claims and Qui Tam Actions* § 4.03[C][2][i] (3d ed. 2008 supp.). Courts have, therefore, held that where the fraudulent *scheme* is the same, the first-to-file bar applies even when the later

"allegations incorporate somewhat different details." *Lujan*, 243 F.3d at 1189; *LaCorte*, 149 F.3d at 232-33 (first-to-file bar implicated by subsequent suit "alleging the same elements of a fraud"); *Hampton*, 318 F.3d at 217-18 (rejecting later-filed complaint that contained "merely variations on the fraud [the first-filed] complaint described").

In this case, there is no question that the later-filed Massachusetts complaint alleged the same fraudulent scheme that was alleged in the Florida complaint; indeed, Ven-A-Care did not even argue otherwise in its opposition to Abbott's Motion to Dismiss. (*See generally* Dkt. No. 4912.) The only salient difference between the two complaints is that the specific drug Erythromycin was not specifically named in the Florida complaint (although the first-filed Florida complaint did explicitly allege that the Abbott's alleged fraudulent scheme involved more drugs than those specifically identified therein). (Dkt. No. 4861 at 8.) The first-to-file bar should, thus, apply here.

At the very least, there is substantial ground for a difference of opinion on this point—for other courts have applied the first-to-file bar in similar situations. For instance:

- In *Hampton*, 318 F.3d at 27, the first-filed complaint "alleged a corporate-wide" fraud by defendants; it identified "instances of fraud at particular home health agencies in only six specific states"; and it "described these as 'examples' and 'samplings' of" the larger scheme. The second-filed complaint identified different transactions in a different state; nevertheless, the Court held that the first-to-file bar applied, as these additional details "were merely variations on the fraud [that the first-filed] complaint described." *Id.* at 27.

- In *LaCorte*, 149 F.3d at 236, the first-filed complaint alleged that defendant improperly "began separately billing for a whole series of tests." The later-filed complaint alleged the same scheme, and although it "specifically list[ed] the names of the tests," the Third Circuit found this "immaterial" and applied the first-to-file bar. *Id.*

- In *United States ex rel. Tillson v. Lockheed Martin Energy Systems, Inc.*, No. 5:00CV-39-M, 2004 WL 2403114, at *9 (W.D. Ky. Sept. 30, 2004), the first-filed complaint alleged false claims related to improper materials disposal, while the second complaint "set forth a description" of some of the wastes involved in the scheme. The district court held that the fact that the second complaint "specifically

>   listed the [] waste" was "immaterial and does not change the fact that both complaints allege the same elements with respect to this claim." *Id.* It thus applied the first-to-file bar. *Id.*

Thus, where, as here, a first-filed complaint alleges a broad scheme, but does not identify all of the activities which comprise that scheme, significant authority holds that a later-filed complaint which adds those details should still be barred by § 3730(b)(5). These cases show a substantial ground for a difference of opinion with this Court's contrary holding. *See Muniz v. Sabol*, 517 F.3d 29, 32 (1st Cir. 2008) (noting "split in the district courts" as supporting finding of "substantial ground for difference of opinion"); *Lahey Hosp. Clinic*, 399 F.3d at 7 (similar).

Finally, the first-to-file issue "presents [a] difficult and pivotal question[] of law not settled by controlling authority," as is required by the First Circuit for 1292(b) appeals. *See Camacho v. Puerto Rico Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004). The First Circuit has decided relatively few cases involving the FCA, and does not appear to have ever addressed the first-to-file bar of § 3730(b)(5) in a published decision. This "open question," which "the litigation would benefit from prompt resolution" of, thus meets all requirements for permission to pursue an interlocutory appeal. *Camacho*, 369 F.3d at 573.

## CONCLUSION

The question of whether the first-to-file bar applies to Ven-A-Care's Massachusetts complaint squarely meets the criteria for immediate interlocutory appeal under § 1292(b). This Court should therefore certify its March 14, 2008 order denying Abbott's jurisdictional motion to dismiss for appeal.

Moreover, because an appeal could (and should) result in the termination of all proceedings, this Court should stay discovery in this matter pending appeal. *See* 16 Wright, supra, at § 3929 (noting that where § 1292(b) interlocutory appeal is certified, "[a] stay may be

appropriate if the certified order may dispose of the entire case without need for further proceedings.").

Dated:  April 14, 2008                                   Respectfully submitted,

/s/ Brian J. Murray
James R. Daly
Jason G. Winchester
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
Thomas J. Davis
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

  I, Brian J. Murray, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES' REQUEST FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 14th day of April 2008.

            /s/ Brian J. Murray
            Brian J. Murray