UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

IN RE: PHARMACEUTICAL INDUSTRY   :
AVERAGE WHOLESALE PRICE         :
LITIGATION                          :  MDL No. 1456
                                 :
                                 :  Civ. No. 01-CV-12257 PBS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :  Hon. Patti B. Saris

THIS DOCUMENT RELATES TO PROPOSED   :
NATIONWIDE CLASSES 2 AND 3 AS TO     :
BMS AND ASTRAZENECA            :
                                 :
                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ASTRAZENECA PHARMACEUTICAL LP'S REPLY TO AND CORRECTION OF
PLAINTIFFS' STATEMENTS REGARDING THE RECENT
CIRCUIT AUTHORITY SUBMITTED TO THE COURT**

Plaintiffs' Response regarding the recent circuit court decisions submitted by

AstraZeneca Pharmaceuticals LP mischaracterizes those decisions, in an attempt to distinguish

obviously applicable new authority.

Plaintiffs characterize In re: New Motor Vehicles Canadian Export Antitrust Litigation,

No. 07-2257, 2008 U.S. App. LEXIS 6483 (1st Cir. Mar. 28, 2008), as a case about the

incompleteness of the expert work. (Resp. at 1-4). In doing so, they seek to distract this Court

from the larger Rule 23 points announced by the First Circuit – namely, Rule 23 certification is

impermissible where, as here, the determination whether any particular class member was in fact

injured requires examining each class member's individual circumstances. Id. at *65.

Regardless of the extent of completeness of the expert's work, that work cannot support

certification under Rule 23 unless it includes "some means of determining that *each member* of

the class was in fact injured, even if the amount of individual injury could be determined in a

separate [individual damages] proceeding." Id. at *62 (emphasis supplied).

Plaintiffs' other argument regarding New Motor Vehicles is that this Court has applied a

rigorous standard to Plaintiffs' aggregate approach through its bench trial rulings on the merits

with respect to the Massachusetts-only classes.  Notwithstanding the Court's rationale for

approving the Massachusetts-only classes when it did, it is confronted now with a motion to

certify nationwide classes which must be evaluated under Rule 23.  Plaintiffs do not dispute the

key point that their proposed basis for proving liability and damages (i.e., fact of injury) on an

aggregate basis cannot establish whether any particular third-party payor was injured by the

AWPs published for AstraZeneca's products.  Indeed, Plaintiffs concede that their model is

purely an aggregate one based on an "average" class-wide expectation.  See Class Plaintiffs'

Response to AstraZeneca Pharmaceutical LP's Submission of Recent Circuit Authority [Docket

# 5210], at 3-4.  Conclusions, by so-called expert testimony or otherwise, about a "typical" third-

party payor cannot support a determination that any particular third-party payor was in fact

injured – or that all class members were actually injured.  New Motor Vehicles and McLaughlin

v. Philip Morris USA, Inc., No. 06-4666-cv, 2008 U.S. App. LEXIS 7093 (2d Cir. Apr. 3, 2008)

are a death knell to the adequacy of this type of presentation.

Plaintiffs' efforts to limit McLaughlin to the consumer context are similarly unavailing.

While the Second Circuit was confronted with a district court order certifying a consumer class

in McLaughlin, the decision did not turn on that fact, but rather on the fact that the elements of

the plaintiffs' claims (reliance, causation, injury in fact), as well as defendants' defenses thereto,

were, for each class member, dependent on that individual class members' knowledge and

decision-making process.  The Second Circuit reasoned that the uniformity of the alleged

2

misrepresentation (a "common question") constituted just one side of the equation and did not predominate over the individual issues of each class members' knowledge, motivations and expectations. It is the existence of, and requirement to litigate, these individual questions for each class member that is relevant – not whether the proposed class members are consumers, third-party payors or any other form of entity. In fact, this Court in these cases has long appreciated that the individual issues and complexities presented by the claims of third-party payors are far greater than those presented by individual consumers. See, e.g., In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61, 80., 91, 95 (D. Mass. 2005) (commenting on the individual issues of knowledge, reliance and causation implicated by third-party payor claims).

"Expectation" is no substitute for required proof. If this were a case involving several plaintiffs, each would have to prove reliance and/or causation (i.e., each person's state of knowledge) and fact of injury. In a trial of one or a few third-party payors, expert "expectation" testimony would not be relevant or admissible. Plaintiffs cannot evade their obligations by purporting to sue on behalf of tens of thousands of plaintiffs. Rule 23 is a judicial administration efficiency device, not a right-creating or defense-stripping device. That has always been the law and New Motor Vehicles and McLaughlin make it clear that neither complex cases nor the absence of practical alternatives can change that. See generally McLaughlin, 2008 U.S. App. LEXIS 7093, at * 3 (reasoning that the requirements of Rule 23 must be respected, even if that potentially leaves purported members of the class without a legal remedy); March 18, 2008 transcript of oral argument, at 27:2 – 28:12 (colloquy regarding what action this Court should take if it determined that plaintiffs' national class proposal does not satisfy Rule 23).

Dated: April 17, 2008

3

Respectfully submitted,

/s/ Sarah Cooleybeck
Nicholas C. Theodorou (BBO #496730)
Sarah Cooleybeck (BBO #631161)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA  02110

D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
DAVIS POLK & WARDWELL
450 Lexington Ave.
New York, NY  10017

*Attorneys for AstraZeneca Pharmaceuticals LP*

4

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered on April 17, 2008 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

/s/ Sarah Cooleybeck
Sarah Cooleybeck (BBO #631161)