UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**DECLARATION OF ERIC P. LACHANCE
REGARDING STATUS OF CLAIMS ADMINISTRATION ACTIVITIES RELATED TO
SETTLEMENT WITH DEFENDANT ASTRA ZENECA**

The undersigned, ERIC P. LACHANCE, states that:

1.    I submit this Declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the implementation of the Notice Plan approved by the Court in its Order of November 1, 2007, Granting Preliminary Approval of the Astra Zeneca Class 1 Settlement, Directing Notice to the Class and Scheduling Fairness Hearing ("Preliminary Approval Order").  I am over 21 years of age and am not a party to this Action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.    I am a Senior Project Administrator at Complete Claim Solutions, LLC ("CCS").

3.    CCS has been a Notice and/or Claims Administrator for several pharmaceutical settlements such as: Hytrin[1], Augmentin[2], Lupron[3], Paxil[4], Relafen[5], Remeron[6], and Warfarin[7], which included consumer classes.

---

[1] In re Terazosin Hydrochloride Antitrust Litigation (S.D.Fl. MDL No. 1317)
[2] Rosemarie Ryan House, et al. v. GlaxoSmithKline PLC and SmithKline Beecham Corporation (E.D.Va 2:02cv442)
[3] In Re Lupron® Marketing And Sales Practices Litigation (D.Ma. M.D.L. 1430)
[4] Nichols, et al., v. Smithkline Beecham Corporation (E.D.Pa. 00-CV-6222)
[5] *In Re Relafen Antitrust Litigation (D.Ma. 01-CV-12239-WGY)*
[6] In Re: Remeron End Payor Antitrust Litigation (D.N.J. 02-2007 (FSH))
[7] In re Warfarin Sodium Antitrust Litigation (D.De. MDL No. 98-1232)

4.     Pursuant to the Preliminary Approval Order, CCS was appointed as the Claims Administrator to assist in the process of providing notice of the Settlement to the potential Class Members in this Action.   Specifically, CCS was retained to cause the Notice and Claim Form ("Notice Packet") to be printed and mailed to potential Class Members.

5.     CCS received 455,550 records on disk consisting of the names and addresses of Medicare beneficiaries (potential Class Members) from Acumen, LLC as compiled by the Centers for Medicare and Medicaid Services division of the U.S. Department of Health and Human Services.   The records were uploaded into a segregated database (the "Astra Zeneca Database").

6.     CCS caused the Notice Packets to be printed and to be mailed on December 7, 2007, by standard First-Class U.S. mail, postage prepaid, to the 445,550 Class Members in the Astra Zeneca Database as described in ¶ 5, above. A copy of the Notice Packet is attached as Exhibit 1.

7.     Pursuant to the Preliminary Approval Order, Class Members residing in Alabama, Alaska, Georgia, Louisiana, Kentucky, Louisiana, Mississippi, Montana, and Virginia had the right to exclude themselves.   As such, a different Notice Packet with instructions for requesting exclusion (the "9-State Motion Packet") was mailed to Class Members from these states.   A copy of the 9-State Notice Packet is attached as Exhibit 2.

8.     As of April 14, 2008, CCS mailed an additional 38 Notice Packets to those potential Class Members who requested it by phone or in writing.

9.    As of April 14, 2008, the United States Postal Service ("USPS") returned 1,265 Notice Packets as undeliverable with a forwarding address.  CCS subsequently re-mailed Notice Packets to the addresses provided by the USPS.

10.  As of April 14, 2008, the USPS returned 70,648 Notice Packets as undeliverable without forwarding addresses.  CCS utilized the services of Accurint, an address database service to which CCS subscribes, seeking updated addresses for Class Members whose Notice Packets were returned as undeliverable.   As a result, CCS received those Class Members' updated addresses from Accurint and CCS subsequently re-mailed Notice Packets. Of the 21,828 Class Members to whom Notice Packets were remailed, 9,053 were subsequently returned by the USPS as undeliverable for a second time.

11.  Through April 14, 2008, CCS has received 9,984 Claims Forms.

12.  In accordance with our standard procedures, CCS's mailroom staff sequentially stamped each claim upon receipt with a unique "claim number" for quality control purposes. Claims were then grouped in batches of fifty (50), each claim was grouped in the order it was processed by the mailroom staff, and each batch of claims was numbered sequentially. Each Class Member's hardcopy claim form was then scanned so that an image of it was linked to a corresponding electronic claim record in the Astra Zeneca Database.  CCS data-entry staff then reviewed each image and compared the name, address, and telephone number on the claim form to the information on the electronic claim record.   Any misspellings or address corrections were made.

13.  Furthermore, data entry staff coded the electronic claim records if the corresponding hardcopy claim was in any way "deficient" (that is, missing pertinent information, in whole or in part, necessary to calculate each Class Member's claim which, if corrected, would

make the claim valid and eligible for payment). Of the claims received, CCS initially classified as deficient those claims where the Class Member (a) did not indicate whether they paid a full or partial co-payment for each administration of Zoladex; (b) chose both full and partial co-payment options for the same administration of Zoladex; (c) entered additional dates of administration but failed to provide supporting documentation; and/or (d) failed to sign the claim form. As we have done in all other similar settlements we have administered, CCS will mail letters to those Class Members notifying them that their claims are deficient, explaining the reason(s), and requesting that they provide the information necessary to remedy the deficiency.

14. In addition, CCS performed various audits on the claims data in the Astra Zeneca Database to find claims that are duplicative (that is, where two identical claims were filed by the same Class Member). CCS will mail letters to those Class Members advising them that they filed two claims and that, if deemed eligible and authorized by the Court, payment will be made only on one of them.

15. Data-entry staff also coded the claim form if it was postmarked after the March 14, 2008, filing deadline.

16. At this time, and based on the claims experience to date, CCS estimates the aggregate amount that Astra Zeneca is forecast to pay to Class Members will likely be in the range of $8,560,130.00 to $9,091,920.00. As noted in ¶ 5, above, almost 10,000 claims were filed, of which about 6,840 are initially determined to be valid. The value of these valid claims, using the distribution calculations under the Settlement and making a rough forecast based on only a small sample, is approximately $7,673,830.00. This value will only increase as Class Members cure their deficient claims (in response to CCS's letters) and as claims are more fully adjudicated and audited. We will provide the Court with updated figures at the Fairness Hearing.

17.   CCS has acted as a repository for inquiries and communications from potential Class Members.  Pursuant to the Preliminary Approval Order, CCS established a Post Office Box, a toll-free telephone "hotline," and a settlement website (www.astrazenecasettlement.com).

18.   As of April 14, 2008, CCS has received approximately 6,710 calls from Class Members of which 4,278 were answered by a live operator; and 399 calls from Spanish-speaking Class Members of which 279  were answered by a live Spanish-speaking operator.

19.   As of April 14, 2008, a total of 468,700  Notice Packets have been mailed.

20.   As of April 14, 2008, the settlement website's home page has been visited 2,082 times.

21.   Pursuant to the Preliminary Approval Order, Requests for Exclusion must have been postmarked by March 14, 2008.  CCS received 116 timely Request for Exclusion from Consumers.  Due to the large number of Class Members requesting exclusion, as well as concerns regarding privacy, CCS will provide a true and correct listing upon request and under seal.

22.   I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____/s/_____

Eric P. Lachance

April 16, 2008

Exhibit 1

Authorized by the U.S. District Court for the District of Massachusetts

---

**If You Are A Medicare Part B Beneficiary and Took Zoladex®
For Prostate Cancer, You May Be Able To Receive
A Substantial Payment From A Proposed Class Action Settlement**

---

*YOU MUST COMPLETE AND RETURN THE ATTACHED CLAIM FORM IN
ORDER TO BE ELIGIBLE TO RECEIVE MONEY.*

- **If you submit a valid Claim Form, you may receive up to $125.62 for each month you paid in full a percentage co-pay for Zoladex®.**

- **You may receive up to $28.86 per month if you made partial co-payments.**

- **According to Plaintiffs' expert's calculations, these amounts may represent double your actual losses plus interest.**

### *Summary of Proposed Settlement*

- There is a Proposed Class Action Settlement with AstraZeneca Pharmaceuticals LP ("AstraZeneca"), the maker of **Zoladex®**, a drug used in the treatment of prostate cancer, advanced breast cancer, endometriosis and fibrosis. **This lawsuit is not about the safety of Zoladex®.**

- The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS, MDL No. 1456.

- The lawsuit claims that Medicare Part B Beneficiaries paid more than they should have for Zoladex®. The lawsuit claims the pricing information reported by AstraZeneca for Zoladex® was false and inflated. The pricing information is called the "average wholesale price" ("AWP"). AWPs were used to set the amount Medicare reimburses for drugs and the co-payment Medicare Part B Beneficiaries pay. AstraZeneca denies any wrongdoing.

- AstraZeneca has agreed to pay up to $24 million to Medicare Part B Beneficiaries who a) paid a percentage co-payment for Zoladex® based on AWP, and b) submit a valid Claim Form.

- You are a member of the Class if you made a percentage co-payment under Medicare Part B for Zoladex® from January 1, 1991 through December 31, 2004. Heirs and legal representatives are included.

**Para más información sobre esta demanda llame al 877-625-9451
o visite www.AstraZenecaAWPSettlement.com**

*Your Legal Rights Are Affected Even If You Do Not Act.
Read This Notice Carefully.*

## <u>What This Notice Contains</u>

**<u>Basic Information</u>**
    1. Why did I get this Notice? ................................................................................................ 2
    2. What is the lawsuit about? ................................................................................................ 2
    3. Why is this a class action? ................................................................................................ 2
    4. How do I know if I am included in the Proposed Settlement? ......................................... 3

**<u>Benefits Of The Proposed Settlement – What You Get</u>**
    5. What does the Proposed Settlement provide? ................................................................... 3
    6. How do I file a claim? ....................................................................................................... 3
    7. How are payments determined? ........................................................................................ 4

**<u>Commenting On The Settlement</u>**
    8. Can I object to or comment on the Proposed Settlement? ................................................ 5

**<u>The Lawyers Representing You</u>**
    9. Do I have a Lawyer representing my interests in this case? ............................................. 5
   10. Should I get my own lawyer? .......................................................................................... 5

**<u>The Court's Final Approval Hearing</u>**
   11. When and where will the Court decide on whether to grant final approval of the Proposed Settlement? .. 5
   12. Must I attend the Final Approval Hearing? ..................................................................... 6
   13. May I speak at the Final Approval Hearing? ................................................................... 6

**<u>Getting More Information</u>**
   14. Where do I obtain more information? ............................................................................... 6

## Basic Information

**1.      Why Did I Get This Notice?**

You were mailed this Notice because the Centers for Medicare and Medicaid Services ("CMS") indicate that you may have paid a percentage co-payment for Zoladex® between January 1, 1991 and December 31, 2004. Or, you may have requested this Notice after seeing the Summary Notice in a publication. ***Please note that CMS has not provided anyone involved with this case with your medical records***.

**2.      What Is The Lawsuit About?**

The lawsuit claims that AstraZeneca reported false and inflated AWPs for Zoladex®. The lawsuit claims that the reported AWPs were used to set reimbursement amounts that were paid by Medicare and its beneficiaries. The lawsuit asks the Court to award money damages to those who paid co-payments for Zoladex® based on AWP.

AstraZeneca denies any wrongdoing and the Proposed Settlement is not an admission of wrongdoing or an indication that any law was violated. AstraZeneca has entered into the Proposed Settlement to avoid further expense and inconvenience.

**3.      Why Is This A Class Action?**

The Court has found that a class action is the best way to proceed with the lawsuit. In a class action lawsuit, one or more people called "class representatives" sue on behalf of people who have similar claims. The people together are a "class" or "class members." A court must determine if a lawsuit should proceed as a class action. If it does, a trial then decides the lawsuit for everyone in the class. Sometimes, the parties may settle without a trial.

The Parties here have agreed to a Proposed Settlement that includes a national class of Medicare Part B Beneficiaries who made co-payments for Zoladex®.  The Court has preliminarily approved this Proposed Settlement but will hold a Hearing to decide whether it should be finally approved.  (See Question 11.)

**4.     How Do I Know If I Am Included In The Proposed Settlement?**

You are a member of the Class if you made a percentage co-payment under Medicare Part B for Zoladex® from January 1, 1991 through December 31, 2004 or became obligated to make such a co-payment.  (A spouse of a deceased class member who made such a co-payment or a legal representative of a deceased class member's estate may file a claim.)

**You are <u>not</u> a member of the Class if you made a flat co-payment or if you did not make a co-payment at all or if insurance paid all of your co-payment.**

You need not do anything to become part of the Class, **but you must complete the Claim Form in order to be eligible to receive a portion of the Settlement**.  Please note that if you previously elected to exclude yourself from the Class in response to an earlier notice sent to you in this case, you may not participate in this Proposed Settlement.

> **IMPORTANT:** *This is not a bill or a collection notice.  The Court is not suggesting, requesting or requiring that Medicare Part B Beneficiaries who were billed for Zoladex® but did not pay, or were not billed at all, should pay their doctor or pharmacist now or that they are obligated to do so under the Medicare statute or regulations.*

Benefits Of The Proposed Settlement – What You Get

**5.     What Does The Proposed Settlement Provide?**

AstraZeneca will pay up to $24 million for claims that are submitted and accepted as provided by the Proposed Settlement.  In addition, AstraZeneca will pay notice and administration costs, as well as attorneys' fees of $6,500,000 and attorneys' expenses of $2,100,000.  The two class representatives will be paid $100 per hour for time spent providing documents and testimony in connection with this case.  The Court must approve all aspects of this Proposed Settlement.

If valid claims total less than $24 million, the difference between the total claims and the $24 million will be paid to charitable organizations funding cancer research or patient care, up to a maximum of $10 million.  Organizations such as the American Cancer Society, CancerCare and the National Prostate Cancer Coalition will be considered.  Subject to the $24 million maximum payment, AstraZeneca will not have to pay any additional monies after paying valid claims and the maximum $10 million payment to charity.

**6.     How Do I File A Claim?**

Attached to this Notice is a Claim Form.  ***You must fill out the Claim Form and submit it to the Claims Administrator, postmarked on or before March 14, 2008***, and addressed to:

AstraZeneca AWP Settlement Administrator<br>c/o Complete Claim Solutions, LLC<br>P.O. Box 24787<br>West Palm Beach, FL  33416

**As part of your claim, you must provide proof that you made a percentage co-payment for Zoladex® under Medicare Part B and identify, to the best of your ability, the months and years that you paid for Zoladex®.**

Any of the following are acceptable as proof of a percentage co-payment for Zoladex®:

    (1)     A receipt, cancelled check, or credit card statement that shows a payment for Zoladex® (other than a flat co-payment); or

    (2)     A letter from a doctor saying that he or she prescribed Zoladex® and you paid part of the cost of Zoladex® (other than a flat co-payment) at least once; or

3

(3)     A statement signed by you under penalty of perjury in the form supplied that you paid a percentage co-payment for Zoladex® during the period from January 1, 1991 through December 31, 2004; or

(4)     Any of the above executed by a spouse of a deceased class member or a legal representative of the deceased class member's estate.

If, **after** receiving this Notice, you make a percentage co-pay for Zoladex® under Medicare Part B based on a bill that you received from a doctor or clinic related to taking Zoladex® from January 1, 1991 through December 31, 2004, you may submit a claim.  With your claim, you **must** submit a receipt, cancelled check, or credit card statement showing that the payment was for Zoladex® taken between January 1, 1991 and December 31, 2004, or your claim will not be valid.

Please note that your signature on the Claim Form indicates that you declare, under penalty of perjury, that you (or the deceased class member) made a percentage co-payment for Zoladex® at some time during the Class Period.  As a result, providing false information on the Claim Form could constitute perjury.

**7.     How Are Payments Determined?**

How much you receive from this Proposed Settlement depends on a) the length of time that you paid a percentage co-payment for Zoladex®, and b) the volume and amount of claims submitted by other class members.

Plaintiffs' expert has calculated estimated overcharges, including interest, associated with the alleged price inflation for Zoladex® which will provide the basis for payment.  The alleged overcharge varies based on the year and whether you had supplemental insurance that paid part of your co-pay.

**The amount to which you are entitled will be calculated by taking the number of months that you paid a percentage co-payment for Zoladex®, multiplying that number by the alleged overcharge that applies for that year, and then doubling the total.**  If total valid class member claims exceed $24 million, all claims will be reduced proportionately.

The tables below contain calculations performed by Plaintiffs' expert and will be used to determine the amount that you will get under this Proposed Settlement.

<u>Table 1</u>

If you did not have supplemental insurance, Table 1 will be used to calculate the amount that you will be eligible to receive.

| Table 1: Monthly Amounts, Including Interest, by Year for Class Members Who Made Medicare Part B Co-Payments for Zoladex® and Did Not Have Private Third-Party Supplemental Insurance | | | |
|---|---|---|---|
| 1991: $23.88 | 1995: $32.86 | 1999: $72.15 | 2003: $61.30 |
| 1992: $22.92 | 1996: $37.89 | 2000: $67.94 | 2004: $59.73 |
| 1993: $18.97 | 1997: $50.48 | 2001: $65.56 | |
| 1994: $19.41 | 1998: $67.43 | 2002: $62.81 | |

<u>Table 2</u>

If you had supplemental insurance but still made a percentage co-pay, Table 2 is used.  If you had supplemental insurance and did not make a percentage co-payment, you are not a member of the Class and you are not entitled to payment.

| Table 2: Monthly Amounts, Including Interest, by Year for Class Members Who Made Partial Medicare Co-Payment for Zoladex® Because They Had Private Third-Party Supplemental Insurance Polices That Covered Part of the Co-Pay | | | |
|---|---|---|---|
| 1991: $4.78 | 1995: $6.57 | 1999: $14.43 | 2003: $12.26 |
| 1992: $4.58 | 1996: $7.58 | 2000: $13.59 | 2004: $11.95 |
| 1993: $3.79 | 1997: $10.10 | 2001: $13.11 | |
| 1994: $3.88 | 1998: $13.49 | 2002: $12.56 | |

If you had supplemental insurance for only part of the time that you took Zoladex®, both tables will be used.

## Commenting On The Proposed Settlement

**8.     Can I Object To, Or Comment On, The Proposed Settlement?**

If you have comments about, or disagree with, any aspect of the Proposed Settlement, you may express your views to the Court through a written response to the Proposed Settlement.  The written response should include your name, address, telephone number and a brief explanation of your reasons for objection.  The document **must** be signed to ensure the Court's review.  The response must be postmarked on or before **April 1, 2008**, and mailed to:

Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

In addition, your document must clearly state that it relates to the following Civil Action Number:  01-CV-12257-PBS, MDL No. 1456.

## The Lawyers Representing You

**9.     Do I Have A Lawyer Representing My Interests In This Case?**

Yes.  The Court has appointed the following law firms to represent you and other Class Members:

Hagens Berman Sobol Shapiro LLP
www.hbsslaw.com
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
        ***and***
One Main Street, 4th Floor
Cambridge, MA 02142

Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901

Spector Roseman & Kodroff, PC
www.srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Wexler Toriseva Wallace LLP
www.wtwlaw.us
One North LaSalle Street, Suite 2000
Chicago, IL 60602

These lawyers are called Class Counsel.  You won't be charged personally for these lawyers, but they will ask the Court to award them a fee that AstraZeneca has agreed to pay.  More information about Class Counsel and their experience is available at the Web sites listed above.

**10.     Should I Get My Own Lawyer?**

You don't need to hire your own lawyer.  However, if you want your own lawyer to speak for you or appear in Court, you must file a Notice of Appearance. (See Question 13.)  Hiring a lawyer to appear for you in the lawsuit will be at your own expense.

## The Court's Final Approval Hearing

**11.     When and Where Will The Court Decide On Whether To Grant Final Approval Of The Proposed Settlement?**

The Court will hold a Final Approval Hearing on May 1, 2008 at 2:00 p.m.. to consider whether the Proposed Settlement is fair, reasonable and adequate.  At the Hearing, the Court will decide whether to approve the Proposed Settlement and the request for attorneys' fees and expenses.  If comments or objections have been received, the Court will consider them at this time.

Note: The Hearings may be postponed to a different date without additional notice.  Updated information will be posted on the AstraZeneca AWP Settlement Web site at www.AstraZenecaAWPSettlement.com.

**12.      Must I Attend The Final Approval Hearing?**

Attendance is not required, even if you properly mailed a written response.  Class Counsel is prepared to answer the Court's questions on your behalf.  If you or your personal attorney still want to attend the Hearing, you are more than welcome at your expense.  However, it is not necessary that either of you attend.  As long as the objection was postmarked before the deadline the Court will consider it.

**13.      May I Speak At The Final Approval Hearing?**

If you want your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance."  The Notice of Appearance should include the name and number of the lawsuit, and state that you wish to enter an appearance at the Final Approval Hearing.  It also must include your name, address, telephone number and signature.  Your Notice of Appearance **must** be postmarked on or before **April 1, 2008**.  You cannot speak at the Hearing if you previously asked to be excluded from the Proposed Settlement Class and are not submitting a Claim Form now.

The Notice of Appearance must be filed with the Court at the following address:

Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

The Notice of Appearance must be filed using the following Civil Action Number:  01-CV-12257-PBS, MDL No. 1456.

## Getting More Information

**14.      Where Do I Obtain More Information?**

More details are in the Complaint filed by Class Counsel, the Answer filed by AstraZeneca, and the other legal documents that have been filed with the Court in this lawsuit.   You can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit the AstraZeneca AWP Settlement Web site at www.AstraZenecaAWPSetlement.com

- Call toll-free 1-877-625-9451 (hearing impaired call 1-561-253-7732)

- Write to:  AstraZeneca AWP Settlement Administrator
  c/o Complete Claim Solutions, LLC
  P.O. Box 24787
  West Palm Beach, FL 33416.


December 7, 2007                                              BY ORDER OF THE COURT

| | |
|---|---|
| **Must Be Postmarked On or Before MARCH 14, 2008** | **ZOLADEX® SETTLEMENT** <br> **CLAIM FORM** |

For Official Use Only

If you would like to submit a claim in the Settlement, complete this form and mail it to the address below, along with proof of payment for Zoladex® (see Section E below).  You may be asked for more information at a later time.

---

## SECTION A:  CLAIMANT INFORMATION (Please print or type)

◯  Please check the box if name and address are different from information on left and complete Section B below.

Please indicate whether you are claiming on your own behalf as a Class Member or on behalf of someone else who is a Class Member:

___  I am a Class Member

___  I am the spouse of a deceased Class Member

___  I am the legal representative of a deceased Class Member's estate

---

## SECTION B:  CONTACT INFORMATION (Please print or type)

_____        _____

*Class Member's Name*                                    *Class Member's Birth Date*

_____

*Applicant Name (if different from pre-printed name in Section A above)*

_____        _____

*Street Address*                                              *Apartment*

_____     _____     _____

*City*                                           *State*               *Zip Code*

*Daytime Telephone Number: (_____)_____*

*AZ*                                                                                         1

## SECTION C:  NAME OF PROVIDER(S) WHO ADMINISTERED ZOLADEX®

*Please Print or Type Name of Provider(s)*

## SECTION D:  PURCHASE INFORMATION

Medicare records indicate that you took Zoladex® on or about the dates shown in the chart below (Column A).

You must complete the rest of the chart by checking the appropriate box in Columns B or C, if they apply.

   (1)    If you paid **in full a percentage co-payment** for Zoladex®, place a check mark in Column B next to the date.  Do <u>not</u> place a check mark for any dates for which your percentage co-payment was covered <u>in full</u> by insurance.  (In other words, you are not entitled to receive a settlement payment if your percentage co-payment was paid in full by insurance or if you were entitled to have your co-payment paid in full by insurance but did not submit a claim to your insurance company.)

   (2)    If you had supplemental insurance that covered **part** of your percentage co-payment for Zoladex® at any time, but you **still** paid a percentage co-payment as well, place a check mark in Column C.  Do <u>not</u> place a check mark next to any dates for which your insurance only required you to pay a <u>flat</u> co-payment.

| A<br>Date of Zoladex®<br>Administration | B<br>I made a full percentage co-payment for this administration | C<br>I made a partial percentage co-payment for this administration |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

*AZ*

## SECTION D:  PURCHASE INFORMATION *(continued)*

| A<br>Date of Zoladex®<br>Administration | B<br>I made a full percentage co-<br>payment for this administration | C<br>I made a partial percentage co-<br>payment for this administration |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

*AZ*

## SECTION E:  PROOF OF PAYMENT

As part of your claim, you **_must_** provide proof that you made a percentage co-payment for Zoladex® under Medicare Part B.

**Any** of the following are acceptable as proof of a percentage co-payment for Zoladex®:

(1)     A receipt, cancelled check, or credit card statement that shows a payment for Zoladex® (other than a flat co-payment); or

(2)     A letter from a doctor saying that he or she prescribed Zoladex® and you paid part of the cost of Zoladex® (other than a flat co-payment) at least once; or

(3)     A statement signed by you under penalty of perjury in the form supplied (see Section F below) that you paid a percentage co-payment for Zoladex® during the period from January 1, 1991 through December 31, 2004; or

(4)     Any of the above executed by a spouse of a deceased class member or a legal representative of the deceased class member's estate.

If, **after** receiving this Notice, you make a percentage co-payment for Zoladex® under Medicare Part B based on a bill that you received from a doctor or clinic related to taking Zoladex® from January 1, 1991 through December 31, 2004, you may submit a claim but **must** submit a receipt, cancelled check, or credit card statement evidencing the payment and proof that the payment was for Zoladex® taken between January 1, 1991 and December 31, 2004 in order to be eligible to participate in the Settlement.

## SECTION F:  SWORN STATEMENT REGARDING PAYMENTS MADE

I declare under penalty of perjury that the information provided here is, to the best of my knowledge, correct.  I also declare under penalty of perjury that I paid a percentage co-payment for Zoladex® at some time during the period from January 1, 1991 through December 31, 2004.  If not submitting this for myself, I am authorized to submit this form on behalf of the Class Member identified above because I am the spouse of a deceased Class Member or the legal representative of a deceased Class Member's estate.[1]

_____          _____

*Signature*                                                                                                      *Date*

### _Your Claim Form should be mailed to:_

AstraZeneca AWP Settlement Administrator

c/o Complete Claim Solutions, LLC

P.O. Box 24787

West Palm Beach, FL  33416

*Toll-Free Telephone: 877-625-9451*

***www.AstraZenecaAWPSettlement.com***

---

[1]   Please note that your signature on this Claim Form indicates that you declare, under penalty of perjury, that you (or someone on whose behalf you are acting) made a percentage co-payment for Zoladex® at some time during the Class Period.  As a result, providing false information on this Claim Form could constitute perjury.

**\*AZ\***                                                                                                                                    4

Exhibit 2

Authorized by the U.S. District Court for the District of Massachusetts

---

**If You Are A Medicare Part B Beneficiary and Took Zoladex®
For Prostate Cancer, You May Be Able To Receive
A Substantial Payment From A Proposed Class Action Settlement**

---

*YOU MUST COMPLETE AND RETURN THE ATTACHED CLAIM FORM IN
ORDER TO BE ELIGIBLE TO RECEIVE MONEY.*

- **If you submit a valid Claim Form, you may receive up to $125.62 for each month you paid in full a percentage co-pay for Zoladex®.**

- **You may receive up to $28.86 per month if you made partial co-payments.**

- **According to Plaintiffs' expert's calculations, these amounts may represent double your actual losses plus interest.**

### *Summary of Proposed Settlement*

- There is a Proposed Class Action Settlement with AstraZeneca Pharmaceuticals LP ("AstraZeneca"), the maker of **Zoladex®**, a drug used in the treatment of prostate cancer, advanced breast cancer, endometriosis and fibrosis. **This lawsuit is not about the safety of Zoladex®.**

- The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS, MDL No. 1456.

- The lawsuit claims that Medicare Part B Beneficiaries paid more than they should have for Zoladex®. The lawsuit claims the pricing information reported by AstraZeneca for Zoladex® was false and inflated. The pricing information is called the "average wholesale price" ("AWP"). AWPs were used to set the amount Medicare reimburses for drugs and the co-payment Medicare Part B Beneficiaries pay. AstraZeneca denies any wrongdoing.

- AstraZeneca has agreed to pay up to $24 million to Medicare Part B Beneficiaries who a) paid a percentage co-payment for Zoladex® based on AWP, and b) submit a valid Claim Form.

- You are a member of the Class if you made a percentage co-payment under Medicare Part B for Zoladex® from January 1, 1991 through December 31, 2004. Heirs and legal representatives are included.

**Para más información sobre esta demanda llame al 877-625-9451
o visite www.AstraZenecaAWPSettlement.com**

*Your Legal Rights Are Affected Even If You Do Not Act.
Read This Notice Carefully.*

# <u>What This Notice Contains</u>

**Basic Information**
  1. Why did I get this Notice? ..................................................................................2
  2. What is the lawsuit about? ................................................................................ 2
  3. Why is this a class action? ............................................................................... 3
  4. How do I know if I am included in the Proposed Settlement? ........................................... 3

**Benefits Of The Proposed Settlement – What You Get**
  5. What does the Proposed Settlement provide? ................................................................ 3
  6. How do I file a claim? .................................................................................... 3
  7. How are payments determined? ............................................................................. 4

**Remaining in the Class**
  8. What am I giving up if I do nothing and stay in the Class? ............................................... 5

**Excluding Yourself from the Settlement**
  9. What do I do if I don't want to be included in the Proposed Settlement ................................... 5
  10. How do I exclude myself from the Proposed Settlement? ................................................... 5

**Commenting on the Proposed Settlement**
  11. Can I object to or comment on the Proposed Settlement? ................................................. 6
  12. What is the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement? ...................................................................................... 6

**The Lawyers Representing You**
  13. Do I have a Lawyer representing my interests in this case? ............................................. 6
  14. Should I get my own lawyer? ............................................................................ 6

**The Court's Final Approval Hearing**
  15. When and where will the Court decide on whether to grant final approval of the Proposed Settlement? ... 7
  16. Must I attend the Final Approval Hearing? .............................................................. 7
  17. May I speak at the Final Approval Hearing? ............................................................. 7

**Getting More Information**
  18. Where do I obtain more information? .................................................................... 7

---

## Basic Information

**1.      Why Did I Get This Notice?**

You were mailed this Notice because the Centers for Medicare and Medicaid Services ("CMS") indicate that you may have paid a percentage co-payment for Zoladex® between January 1, 1991 and December 31, 2004.  Or, you may have requested this Notice after seeing the Summary Notice in a publication.  ***Please note that CMS has not provided anyone involved with this case with your medical records.***

**2.      What Is The Lawsuit About?**

The lawsuit claims that AstraZeneca reported false and inflated AWPs for Zoladex®.  The lawsuit claims that the reported AWPs were used to set reimbursement amounts that were paid by Medicare and its beneficiaries.  The lawsuit asks the Court to award money damages to those who paid co-payments for Zoladex® based on AWP.

AstraZeneca denies any wrongdoing and the Proposed Settlement is not an admission of wrongdoing or an indication that any law was violated. AstraZeneca has entered into the Proposed Settlement to avoid further expense and inconvenience.

### 3.   Why Is This A Class Action?

The Court has found that a class action is the best way to proceed with the lawsuit. In a class action lawsuit, one or more people called "class representatives" sue on behalf of people who have similar claims. The people together are a "class" or "class members." A court must determine if a lawsuit should proceed as a class action. If it does, a trial then decides the lawsuit for everyone in the class. Sometimes, the parties may settle without a trial.

The Parties here have agreed to a Proposed Settlement that includes a national class of Medicare Part B Beneficiaries who made co-payments for Zoladex®. The Court has preliminarily approved this Proposed Settlement but will hold a Hearing to decide whether it should be finally approved. (See Question 15.)

### 4.   How Do I Know If I Am Included In The Proposed Settlement?

Unless you exclude yourself as described below, you are a member of the Class if you made a percentage co-payment under Medicare Part B for Zoladex® from January 1, 1991 through December 31, 2004 or became obligated to make such a co-payment. (A spouse of a deceased class member who made such a co-payment or a legal representative of a deceased class member's estate may file a claim.)

**You are <u>not</u> a member of the Class if you made a flat co-payment or if you did not make a co-payment at all or if insurance paid all of your co-payment.**

You need not do anything to become part of the Class, **but you must complete the Claim Form in order to be eligible to receive a portion of the Settlement**.

> **IMPORTANT:** *This is not a bill or a collection notice. The Court is not suggesting, requesting or requiring that Medicare Part B Beneficiaries who were billed for Zoladex® but did not pay, or were not billed at all, should pay their doctor or pharmacist now or that they are obligated to do so under the Medicare statute or regulations.*

## Benefits Of The Proposed Settlement – What You Get

### 5.   What Does The Proposed Settlement Provide?

AstraZeneca will pay up to $24 million for claims that are submitted and accepted as provided by the Proposed Settlement. In addition, AstraZeneca will pay notice and administration costs, as well as attorneys' fees of $6,500,000 and attorneys' expenses of $2,100,000. The two class representatives will be paid $100 per hour for time spent providing documents and testimony in connection with this case. The Court must approve all aspects of this Proposed Settlement.

If valid claims total less than $24 million, the difference between the total claims and the $24 million will be paid to charitable organizations funding cancer research or patient care, up to a maximum of $10 million. Organizations such as the American Cancer Society, CancerCare and the National Prostate Cancer Coalition will be considered. Subject to the $24 million maximum payment, AstraZeneca will not have to pay any additional monies after paying valid claims and the maximum $10 million payment to charity.

### 6.   How Do I File A Claim?

Attached to this Notice is a Claim Form. *You must fill out the Claim Form and submit it to the Claims Administrator, postmarked on or before March 14, 2008*, and addressed to:

AstraZeneca AWP Settlement Administrator
c/o Complete Claim Solutions, LLC
P.O. Box 24787
West Palm Beach, FL  33416

**As part of your claim, you must provide proof that you made a percentage co-payment for Zoladex® under Medicare Part B and identify, to the best of your ability, the months and years that you paid for Zoladex®.**

Any of the following are acceptable as proof of a percentage co-payment for Zoladex®:

    (1)    A receipt, cancelled check, or credit card statement that shows a payment for Zoladex® (other than a flat co-payment); or

    (2)    A letter from a doctor saying that he or she prescribed Zoladex® and you paid part of the cost of Zoladex® (other than a flat co-payment) at least once; or

    (3)    A statement signed by you under penalty of perjury in the form supplied that you paid a percentage co-payment for Zoladex® during the period from January 1, 1991 through December 31, 2004; or

    (4)    Any of the above executed by a spouse of a deceased class member or a legal representative of the deceased class member's estate.

If, **after** receiving this Notice, you make a percentage co-pay for Zoladex® under Medicare Part B based on a bill that you received from a doctor or clinic related to taking Zoladex® from January 1, 1991 through December 31, 2004, you may submit a claim.  With your claim, you **must** submit a receipt, cancelled check, or credit card statement showing that the payment was for Zoladex® taken between January 1, 1991 and December 31, 2004, or your claim will not be valid.

Please note that your signature on the Claim Form indicates that you declare, under penalty of perjury, that you (or the deceased class member) made a percentage co-payment for Zoladex® at some time during the Class Period.  As a result, providing false information on the Claim Form could constitute perjury.

**7.  How Are Payments Determined?**

How much you receive from this Proposed Settlement depends on a) the length of time that you paid a percentage co-payment for Zoladex®, and b) the volume and amount of claims submitted by other class members.

Plaintiffs' expert has calculated estimated overcharges, including interest, associated with the alleged price inflation for Zoladex® which will provide the basis for payment.  The alleged overcharge varies based on the year and whether you had supplemental insurance that paid part of your co-pay.

**The amount to which you are entitled will be calculated by taking the number of months that you paid a percentage co-payment for Zoladex®, multiplying that number by the alleged overcharge that applies for that year, and then doubling the total.**  If total valid class member claims exceed $24 million, all claims will be reduced proportionately.

The tables below contain calculations performed by Plaintiffs' expert and will be used to determine the amount that you will get under this Proposed Settlement.

**Table 1**

If you did not have supplemental insurance, Table 1 will be used to calculate the amount that you will be eligible to receive.

| Table 1:  Monthly Amounts, Including Interest, by Year for Class Members Who Made Medicare Part B Co-Payments for Zoladex® and Did Not Have Private Third-Party Supplemental Insurance | | | |
|---|---|---|---|
| 1991: $23.88 | 1995: $32.86 | 1999: $72.15 | 2003: $61.30 |
| 1992: $22.92 | 1996: $37.89 | 2000: $67.94 | 2004: $59.73 |
| 1993: $18.97 | 1997: $50.48 | 2001: $65.56 | |
| 1994: $19.41 | 1998: $67.43 | 2002: $62.81 | |

**Table 2**

If you had supplemental insurance but still made a percentage co-pay, Table 2 is used.  If you had supplemental insurance and did not make a percentage co-payment, you are not a member of the Class and you are not entitled to payment.

| Table 2: | Monthly Amounts, Including Interest, by Year for Class Members Who Made Partial Medicare Co-Payment for Zoladex® Because They Had Private Third-Party Supplemental Insurance Polices That Covered Part of the Co-Pay | | |
|---|---|---|---|
| 1991: $4.78 | 1995: $6.57 | 1999: $14.43 | 2003: $12.26 |
| 1992: $4.58 | 1996: $7.58 | 2000: $13.59 | 2004: $11.95 |
| 1993: $3.79 | 1997: $10.10 | 2001: $13.11 | |
| 1994: $3.88 | 1998: $13.49 | 2002: $12.56 | |

If you had supplemental insurance for only part of the time that you took Zoladex®, both tables will be used.

## Remaining In The Class

**8.     What Am I Giving Up if I do Nothing and Stay In The Class?**

If you do nothing, you will be included in the Class.  You will be bound by the terms and conditions of the Proposed Settlement.  You will not be able to pursue any other lawsuit against AstraZeneca concerning the claims covered by the Proposed Settlement.  If the Proposed Settlement is approved, Plaintiffs claims against AstraZeneca will be "released."

Class members agree to forever release all claims even if s/he later discovers new facts regarding the claims in the lawsuit.  This includes any claims related to the subject matter of the lawsuit whether known or unknown, suspected or unsuspected, contingent or non-contingent.  All claims related to the subject matter of the lawsuit will be released forever whether or not the facts were concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

## Excluding Yourself From The Settlement

**9.     What Do I Do if I Don't Want to Be Included In The Proposed Settlement?**

If you don't want to be in the Class and you want to keep the right to sue AstraZeneca about the same claims on your own, you must take steps to get out of the Class.  This is called excluding yourself.  By excluding yourself, you keep the right to file your own lawsuit or join another lawsuit against AstraZeneca about the claims in this lawsuit.  But if you exclude yourself from the Class, you will not be able to file a claim for money and you will not be in the Proposed Settlement.

**10.     How Do I Exclude Myself From The Proposed Settlement?**

To exclude yourself from the Class, you must send a letter signed by you that includes all of the following:

- Your name, address, and telephone number;
- The name and number of the lawsuit: *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS, MDL No. 1456;
- If you have hired your own lawyer, the name, address, and telephone number of your lawyer; *and*
- A statement that you want to be excluded from the Class.

Your exclusion letter must be mailed first class, **postmarked no later than March 14, 2008,** to:

AstraZeneca AWP Settlement Administrator
c/o Complete Claim Solutions, LLC
P.O. Box 24787
West Palm Beach, FL  33416

Please remember that you can't exclude yourself by phone or by sending an email.

## Commenting On The Proposed Settlement

**11.     Can I Object To, Or Comment On, The Proposed Settlement?**

If you have comments about, or disagree with, any aspect of the Proposed Settlement, you may express your views to the Court through a written response to the Proposed Settlement.  The written response should include your name, address, telephone number and a brief explanation of your reasons for objection.  The document **must** be signed to ensure the Court's review.  The response must be postmarked on or before **April 1, 2008**, and mailed to:

Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

In addition, your document must clearly state that it relates to the following Civil Action Number:  01-CV-12257-PBS, MDL No. 1456.

**12.     What Is The Difference Between Objecting To The Proposed Settlement and Excluding Myself From The Proposed Settlement?**

An objection to the Proposed Settlement is made when you wish to remain a class member and be subject to the Proposed Settlement, but disagree with some aspect of the Proposed Settlement.  An objection allows your views to be heard in Court.  In contrast, exclusion means that you no longer are a class member and ultimately do not want to be subject to the Proposed Settlement's terms and conditions.  Once excluded, you lose any right to object to the Proposed Settlement or to the attorneys' fees because the case no longer affects you.

## The Lawyers Representing You

**13.     Do I Have A Lawyer Representing My Interests In This Case?**

Yes.  The Court has appointed the following law firms to represent you and other class members:

| | | |
|---|---|---|
| Hagens Berman Sobol Shapiro LLP | Edelson & Associates LLC | Spector Roseman & Kodroff, PC |
| www.hbsslaw.com | 45 West Court Street | www.srk-law.com |
| 1301 Fifth Avenue, Suite 2900 | Doylestown, PA  18901 | 1818 Market Street, Suite 2500 |
| Seattle, WA 98101 | | Philadelphia, PA 19103 |
| *and* | | |
| One Main Street, 4th Floor | | Wexler Toriseva Wallace LLP |
| Cambridge, MA 02142 | | www.wtwlaw.us |
| | | One North LaSalle Street, Suite 2000 |
| | | Chicago, IL 60602 |

These lawyers are called Class Counsel.  You won't be charged personally for these lawyers, but they will ask the Court to award them a fee that AstraZeneca has agreed to pay.  More information about Class Counsel and their experience is available at the Web sites listed above.

**14.     Should I Get My Own Lawyer?**

You don't need to hire your own lawyer.  However, if you want your own lawyer to speak for you or appear in Court, you must file a Notice of Appearance. (See Question 17.)  Hiring a lawyer to appear for you in the lawsuit will be at your own expense.

## The Court's Final Approval Hearing

**15.   When and Where Will The Court Decide On Whether To Grant Final Approval Of The Proposed Settlement?**

The Court will hold a Final Approval Hearing on May 1, 2008 at 2:00 p.m. to consider whether the Proposed Settlement is fair, reasonable and adequate.  At the Hearing, the Court will decide whether to approve the Proposed Settlement and the request for attorneys' fees and expenses.  If comments or objections have been received, the Court will consider them at this time.

Note: The Hearings may be postponed to a different date without additional notice.  Updated information will be posted on the AstraZeneca AWP Settlement Web site at www.AstraZenecaAWPSettlement.com.

**16.   Must I Attend The Final Approval Hearing?**

Attendance is not required, even if you properly mailed a written response.  Class Counsel is prepared to answer the Court's questions on your behalf.  If you or your personal attorney still want to attend the Hearing, you are more than welcome at your expense.  However, it is not necessary that either of you attend.  As long as the objection was postmarked before the deadline, the Court will consider it.

**17.   May I Speak At The Final Approval Hearing?**

If you want your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance."  The Notice of Appearance should include the name and number of the lawsuit, and state that you wish to enter an appearance at the Final Approval Hearing.  It also must include your name, address, telephone number and signature.  Your Notice of Appearance **must** be postmarked on or before **April 1, 2008**.  You cannot speak at the Hearing if you asked to be excluded from the Proposed Settlement Class and are not submitting a Claim Form now.

The Notice of Appearance must be filed with the Court at the following address:

Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

The Notice of Appearance must be filed using the following Civil Action Number:  01-CV-12257-PBS, MDL No. 1456.

## Getting More Information

**18.   Where Do I Obtain More Information?**

More details are in the Complaint filed by Class Counsel, the Answer filed by AstraZeneca, and the other legal documents that have been filed with the Court in this lawsuit.   You can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit the AstraZeneca AWP Settlement Web site at www.AstraZenecaAWPSettlement.com
- Call toll-free 1-877-625-9451 (hearing impaired call 1-561-253-7732)
- Write to: AstraZeneca AWP Settlement Administrator, c/o Complete Claim Solutions, LLC, P.O. Box 24787, West Palm Beach, FL 33416.

December 7, 2007                                                  BY ORDER OF THE COURT

*THIS PAGE LEFT BLANK*

*INTENTIONALLY*

For Official Use Only

*Must Be Postmarked
On or Before
MARCH 14, 2008*

# ZOLADEX® SETTLEMENT
### CLAIM FORM

If you would like to submit a claim in the Settlement, complete this form and mail it to the address below, along with proof of payment for Zoladex® (see Section E below).  You may be asked for more information at a later time.

## SECTION A:  CLAIMANT INFORMATION (Please print or type)

◯  Please check the box if name and address are different from information on left and complete Section B below.

Please indicate whether you are claiming on your own behalf as a Class Member or on behalf of someone else who is a Class Member:

___   I am a Class Member

___   I am the spouse of a deceased Class Member

___   I am the legal representative of a deceased Class Member's estate

## SECTION B:  CONTACT INFORMATION (Please print or type)

_____          _____
*Class Member's Name*                                                               *Class Member's Birth Date*

_____
*Applicant Name (if different from pre-printed name in Section A above)*

_____          _____
*Street Address*                                                                          *Apartment*

_____     _____     _____
*City*                                                              *State*                       *Zip Code*

*Daytime Telephone Number: (_____)*_____

*AZ*                                                                                                            1

## SECTION C:  NAME OF PROVIDER(S) WHO ADMINISTERED ZOLADEX®

_____

*Please Print or Type Name of Provider(s)*

## SECTION D:  PURCHASE INFORMATION

Medicare records indicate that you took Zoladex® on or about the dates shown in the chart below (Column A).

You must complete the rest of the chart by checking the appropriate box in Columns B or C, if they apply.

(1)     If you paid **in full a percentage co-payment** for Zoladex®, place a check mark in Column B next to the date.  Do <u>not</u> place a check mark for any dates for which your percentage co-payment was covered <u>in full</u> by insurance.  (In other words, you are not entitled to receive a settlement payment if your percentage co-payment was paid in full by insurance or if you were entitled to have your co-payment paid in full by insurance but did not submit a claim to your insurance company.)

(2)     If you had supplemental insurance that covered **part** of your percentage co-payment for Zoladex® at any time, but you **still** paid a percentage co-payment as well, place a check mark in Column C.  Do <u>not</u> place a check mark next to any dates for which your insurance only required you to pay a <u>flat</u> co-payment.

| A<br>Date of Zoladex®<br>Administration | B<br>I made a full percentage co-payment for this administration | C<br>I made a partial percentage co-payment for this administration |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*AZ*

## SECTION D:  PURCHASE INFORMATION *(continued)*

| A<br>Date of Zoladex®<br>Administration | B<br>I made a full percentage co-<br>payment for this administration | C<br>I made a partial percentage co-<br>payment for this administration |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

*AZ*

## SECTION E:  PROOF OF PAYMENT

As part of your claim, you **_must_** provide proof that you made a percentage co-payment for Zoladex® under Medicare Part B.

**Any** of the following are acceptable as proof of a percentage co-payment for Zoladex®:

(1)     A receipt, cancelled check, or credit card statement that shows a payment for Zoladex® (other than a flat co-payment); or

(2)     A letter from a doctor saying that he or she prescribed Zoladex® and you paid part of the cost of Zoladex® (other than a flat co-payment) at least once; or

(3)     A statement signed by you under penalty of perjury in the form supplied (see Section F below) that you paid a percentage co-payment for Zoladex® during the period from January 1, 1991 through December 31, 2004; or

(4)     Any of the above executed by a spouse of a deceased class member or a legal representative of the deceased class member's estate.

If, **after** receiving this Notice, you make a percentage co-payment for Zoladex® under Medicare Part B based on a bill that you received from a doctor or clinic related to taking Zoladex® from January 1, 1991 through December 31, 2004, you may submit a claim but **must** submit a receipt, cancelled check, or credit card statement evidencing the payment and proof that the payment was for Zoladex® taken between January 1, 1991 and December 31, 2004 in order to be eligible to participate in the Settlement.

## SECTION F:  SWORN STATEMENT REGARDING PAYMENTS MADE

I declare under penalty of perjury that the information provided here is, to the best of my knowledge, correct.  I also declare under penalty of perjury that I paid a percentage co-payment for Zoladex® at some time during the period from January 1, 1991 through December 31, 2004.  If not submitting this for myself, I am authorized to submit this form on behalf of the Class Member identified above because I am the spouse of a deceased Class Member or the legal representative of a deceased Class Member's estate.[1]

_____          _____

_Signature_                                                                              _Date_

### _Your Claim Form should be mailed to:_

AstraZeneca AWP Settlement Administrator
c/o Complete Claim Solutions, LLC
P.O. Box 24787
West Palm Beach, FL  33416
_Toll-Free Telephone: 877-625-9451_
_www.AstraZenecaAWPSettlement.com_

---

[1]   Please note that your signature on this Claim Form indicates that you declare, under penalty of perjury, that you (or someone on whose behalf you are acting) made a percentage co-payment for Zoladex® at some time during the Class Period.  As a result, providing false information on this Claim Form could constitute perjury.

*AZ*                                                                                                          4