**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*State of Iowa v. Abbott Laboratories, et. al.* | Judge Patti B. Saris |

**REPLY IN SUPPORT OF
PURDUE PHARMA L.P., PURDUE FREDERICK COMPANY, AND
PURDUE PHARMA COMPANY'S INDIVIDUAL MOTION TO DISMISS**

In its Individual Memorandum, Purdue identified allegations in the State's complaint in which the State alleged FUL-based fraud generally against all defendants, including Purdue. (*See, e.g.,* Complaint ¶¶ 102-108.) Purdue argued that the Court should dismiss such claims against Purdue because the State failed to identify either a FUL or a supposed "FUL-Market Spread" for any Purdue drug. (Complaint ¶¶ 507-516, Ex. B-27.). In response, the State claims that it "does not allege any FUL-fraud claims against Purdue, so this prong of Purdue's argument should be ignored." (Omnibus Opposition to Various Defendants' Individual Motions to Dismiss ("Omnibus Opp."), at 10.) Rather than ignore the State's pleading defect, the appropriate response is to *dismiss* the State's claims to the extent they allege FUL-based fraud against Purdue.[1]

With respect to its claim of AWP-based fraud, the State makes three bare allegations: (1) that Purdue has entered into co-promotion agreements with another

---

[1] This is not an academic exercise. In related litigation, Plaintiff's counsel has claimed that general allegations of FUL-based fraud are sufficient to make out such a claim against any drug listed elsewhere in the complaint. (Reply Memorandum in Further Support of Plaintiffs' Motion to Compel Production of Data for the Designated FUL Drugs, *City of New York v. Abbott Labs.*, No. 04-cv-060504, filed Feb. 29, 2008, at 2.)

1

defendant; (2) that Purdue is supposedly under Congressional "investigation"; and (3) that a Purdue "spokesman" supposedly admitted AWPs are "deceptive." The State fails to undertake any effort to explain why any of these allegations is sufficient to meet the requirements of Rules 8(a) and 9(b). Instead, the State merely claims the allegations are "relevant." (Omnibus Opp. at 10.)

Beyond that, the State confines its defense to two footnotes. In the first, the State again points to a statement supposedly made by a Purdue "spokesman" that the term "AWP" is "deceptive" because AWPs do not reflect actual prices paid for drugs. That alleged comment did not at all suggest that Purdue has been falsely inflating AWPs; it merely acknowledges that AWP, as used in the AARP survey, is only a benchmark price used as a reference, rather than an actual price paid. Indeed, even the State concedes as much. (Complaint ¶ 71.) Thus, this public comment about the benchmark nature of AWP, which was well-known in the industry, does not raise any inference of fraud.

In its second footnote, the State repeats its claim that Purdue is under "investigation." As Purdue's Individual Memorandum argued, the State here seeks to elevate a single letter from a Congressional committee sent to Purdue in 2003 — which resulted in no further activity of any kind — into an "investigation." That is nothing like the other "investigations" alleged in the State's complaint, in which, for example, whistleblower testimony was heard by Congress (¶ 130), concrete allegations of abuse were levied by Congress (¶ 190), and Congressional and other governmental reports were issued (¶ 130). The State makes no substantive response and therefore concedes that this letter, sent to numerous companies, cannot raise an inference of fraud by Purdue.[2]

---

[2] Absent the three bare allegations discussed above, at best the State is left only with an allegation that the supposed "spread" on Purdue drugs is higher than the State believes it should be based on comparison data selectively chosen by the State. That should not be enough to make out a claim against Purdue under Rules 8(a) and 9(b), and Purdue reserves the right to assert such an argument on appeal.

Accordingly, Purdue respectfully seeks dismissal from this action, as this Court found in the nearly identical action brought by the New York County of Suffolk.

Dated: April 18, 2008

LORI A. SCHECHTER
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: /s/ Lori A. Schechter

Lori A. Schechter (*Pro Hac Vice*)
425 Market Street
San Francisco, CA 94105
(415) 268-7000
Lschechter@mofo.com

Attorneys for Defendants
Purdue Pharma L.P., Purdue Frederick
Company, and Purdue Pharma Company

## CERTIFICATE OF SERVICE

      I hereby certify that on this day I caused a true and correct copy of the foregoing **INDIVIDUAL MEMORANDUM OF PURDUE PHARMA L.P., PURDUE FREDERICK COMPANY, AND PURDUE PHARMA COMPANY IN SUPPORT OF THEIR MOTION TO DISMISS** to be served on all counsel of record electronically by causing the same to be posted via LexisNexis on the 18th day of April, 2008.

                                      /s/ Lori A. Schechter
                                      Lori A. Schechter