UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories., et. al.* | Judge Patti B. Saris |

### REPLY MEMORANDUM OF PFIZER INC. IN SUPPORT OF
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Recognizing that it cannot allege Pfizer reported, suggested, or (certainly) inflated any AWPs for its products, in its opposition to Pfizer's motion, Iowa abandons the "AWP fraud" theory that lies at the heart of its complaint, and instead insists that it has sufficiently pleaded a theory of fraud relating to Pfizer's WACs. *See* Plf. Opp. Mem. at 11. This was precisely the same argument that led to the dismissal of Pfizer in the Illinois AWP action. *See* Order entered in *Illinois v. Abbott Labs*, Case No. 05-CH-2474 (Cook County Circuit Ct) on April 11, 2008 (attached hereto as Exhibit A).

Indeed, Plaintiff's protestations that it has sufficiently alleged that Pfizer "inflated" its WAC prices are entirely belied by the spreads it alleges in its complaint. Even a most generous reading of Exhibit B reveals that nearly 2/3 of the NDCs listed for Pfizer have alleged spreads between "average market price" and AWPs of less than 30%. *See* Pfizer Mem. at 2 & n.2. Entirely absent from the Complaint and Exhibit B is any specific allegation regarding Pfizer's WACs. This is important for two reasons.

**First, Exhibit B fails to set forth how, whether, and to what extent any of Pfizer's WACs were inflated. Second, Exhibit B purports to allege *average* market prices, and there is no allegation in the Complaint that WAC was ever represented or understood to be an average of anything.**

Accordingly, Plaintiff has failed to allege its WAC "inflation" theory with any particularity as to Pfizer.

## CONCLUSION

For the reasons set forth above, in Pfizer's opening Memorandum and in the Joint briefing, the Complaint should be dismissed in its entirety as to Pfizer.

DATED: April 18, 2008.

/s/ Mark D. Smith
Mark D. Smith
Laredo & Smith LLP
15 Broad Street, Suite 600
Boston, MA 02109
Phone: 617.367.7984
Fax:  617.367.6475

Of Counsel
John C. Dodds
Erica Smith-Klocek
Abby J. Kaplan
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103

*Attorneys for Defendant*
Pfizer Inc.

## CERTIFICATE OF SERVICE

      I, Mark D. Smith, hereby certify that on this 18th day of April, 2008, a true and correct copy of the foregoing Reply Memorandum of Pfizer Inc. In Support of Motion to Dismiss Plaintiff's Complaint was filed with the Clerk of the Court for the District of Massachusetts using the Court's CM/ECF system and filed electronically using LexisNexis File & Serve for posting and notification to all parties.

                                        /s/ Mark D. Smith
                                        LAREDO & SMITH, LLP

Dated: April 18, 2008