UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories., et. al.* | |

### DEFENDANT AMGEN INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS INDIVIDUAL MOTION TO DISMISS

Defendant Amgen Inc. ("Amgen") submits this reply memorandum in further support of its individual motion to dismiss the plaintiff's Complaint ("Complaint") insofar as the State's claims relate to one of Amgen's products, Epogen®.[1]

In its Omnibus Opposition, plaintiff concedes that Epogen® used in connection with chronic renal disease was reimbursed on the fixed, statutorily-imposed rate provided for by Iowa Administrative Code § 441-78.1(1)[2] and not on AWP or any of the other pricing benchmarks purportedly utilized by Iowa to calculate its Medicaid prescription reimbursements.[3] As Amgen explained in its initial memorandum, pursuant to its licensing agreement with Ortho Pharmaceutical Corporation, Amgen markets Epogen® solely in connection with the treatment of patients with chronic renal failure on dialysis.[4]

---

[1] Amgen also joins in the Memorandum of Law in Support of Certain Defendants' Reply to Iowa's Opposition to Certain Defendants' Motion to Dismiss the Complaint, incorporated herein by reference.

[2] Iowa Administrative Code § 441-78.1(12) provides in relevant part:
"Payment will be made on the same basis as in Medicare for services associated with treatment of chronic renal disease including physician's services, hospital care, renal transplantation, and hemodialysis, whether performed on an inpatient or outpatient basis."

[3] *See* Plaintiff's Omnibus Motion at 1-2.

[4] *See* Amgen Inc., Annual Report (Form 10-K), at 21 (Dec. 31, 2006), *available at* http://www.sec.gov/Archives/edgar/data/318154/000119312507042586/d10k.htm#rom49164_10.

Plaintiff nevertheless argues that Amgen's Motion to Dismiss should be denied because *if* Epogen® was ever used in connection with something other than chronic renal disease, it would have been reimbursed on the basis of AWP.[5]  Plaintiff, however, has never alleged that Amgen engaged in such marketing.  Given Plaintiff's concession that Epogen® used to treat chronic renal disease – the only indication for which Amgen was permitted to market Epogen® – is reimbursed based on a fixed, statutorily-imposed rate,[6] Epogen® does not fit the plaintiff's theories, and plaintiff's claims relating to Epogen® should be dismissed.

## Conclusion

For the foregoing reasons, and for the reasons set forth in the defendants' joint memorandum, Amgen requests that the Complaint filed against it in this action be dismissed with prejudice.

Date:    April 18, 2008

                                              Respectfully submitted,

*/s/ Jennifer Walker/wc*
Steven F. Barley
Joseph H. Young
Jennifer A. Walker
Hogan & Hartson LLP
111 S. Calvert St., Suite 1600
Baltimore, MD 21202
410-659-2700 (phone)
410-539-6981 (fax)

*Attorneys for Amgen Inc.*

Brian P. Rickert
Michael A. Dee
Brown, Winick, Graves, Gross,

---

[5] *Id.*

[6] The fixed rate for Epogen® administered prior to 2005 was $10 per 1,000 units administered, as set forth in 42 U.S.C. § 1395rr(b)(11)(B).

     Baskerville and Schoenebaum, P.L.C.
666 Grand Avenue
Suite 2000, Ruan Center
Des Moines, IA 50309
515-242-2400 (phone)
515-283-0231 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, a true and correct copy of the foregoing was served upon all counsel of record via electronic service by causing a copy to be sent to LexisNexis File & Serve for posting and notification.