UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY  )<br>AVERAGE WHOLESALE PRICE            )<br>LITIGATION                                                  )<br>_____)<br>THIS DOCUMENT RELATES TO:            )<br>                                                                  )<br>*State of Iowa v. Abbott Laboratories, et al*   )<br>_____) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |

**ELI LILLY'S SEPARATE REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS IOWA'S COMPLAINT
OR, IN THE ALTERNATIVE, STAY DISCOVERY**

Iowa's Complaint alleges that Lilly "brazenly and intentionally" manipulated the market and engaged in other "pernicious" wrongdoing, such as "secretly polluting the entire reimbursement system with false and inflated prices," in order to defraud a government program designed to help the "poor and infirm." These are serious allegations. One would hope and expect (and the Rules require) that Iowa would have a good faith basis to impugn Lilly's reputation before making these claims.

Yet, it is clear from Iowa's own admissions, and from the face of the Complaint, that its allegations against Lilly have no reasonable basis in fact. They do not satisfy Rule 9(b). Nor do they satisfy the pleading standards established by this Court in its prior decisions in this MDL.

Iowa's allegations against Lilly rely on thirteen days of cherry picked non-representative pricing data: namely, thirteen days during December 2002 out of the fourteen-year time period (1992-2005) for which Iowa apparently seeks damages, or less than one day of data per year at issue. Other than these thirteen days of cherry picked data, Iowa does not allege that Lilly's drugs ever had a spread exceeding 30%.

As Lilly explained in its opening memorandum, and not disputed by Iowa, these thirteen days of December are not representative of Lilly's customary low reported prices. This anomaly was caused when Lilly implemented a Humalog (insulin) price increase on December 19, 2002, the first day of the thirteen-day period. Apparently, First DataBank captured Lilly's price increase in its AWP reporting on that first day, December 19, 2002. For whatever reason, McKesson, a wholesaler, apparently did not capture or implement this Humalog price increase for its ServAll customers until thirteen days later. Hence, Iowa found thirteen days of data showing a Humalog spread exceeding 30%, but ignored the other 99% of data available to it showing that Humalog's real spread was far lower.

Common sense tells us that this sort of cherry picking is not what the Court had in mind when it instructed Iowa's counsel, in virtually identical prior cases, that it must "allege a weighted average, or typical, price for each drug calculated on a reasonable, good faith basis consistent with this Court's prior opinions." *New York Counties II*, 498 F. Supp. 2d 402, 405 (D. Mass. July 30, 2007); *accord New York Counties I*, 2007 WL 1051642 (D. Mass. April 2, 2007) at *15 ("fraudulent AWP [must be] calculated on a good faith basis"); *accord* Tr. of Hearing dated July 26, 2007, at 22-23 (allegations of AWP fraud must be based on a typical or median price rather than an outlier price such as a "penny" price).

In defense of its cherry picking, Iowa contends that this "Court has not set a temporal standard for a spread to have occurred in order to be actionable." Iowa Mem. at 6. Yes, that is true as far as it goes. The Court did not specifically set a temporal standard. It said that the spreads should be "typical" and calculated in good faith. Lilly

submits that thirteen days of atypical data, plainly used out of context, do not meet the Court's requirement that the data be typical and calculated in good faith.

Iowa next contends that if the Court finds its allegations to be inadequate, it should be granted leave to amend so that it can look for other data.  But enough is enough:  Iowa and its counsel know or should know that Lilly never reported an AWP that exceeded its WAC by more than 25%.  Lilly should not have to respond to yet another complaint.  It should not have to participate in lengthy and expensive discovery.  It should not be a defendant in this case.

For all of these reasons, Iowa's complaint against Lilly fails to meet the pleading rules established by this Court pursuant to Rules 8, 9 and 12, Fed. R. Civ. P.  Lilly also joins the consolidated memoranda filed by all defendants.   In the alternative, in the event the Court does not dismiss the complaint as to Lilly, Lilly respectfully requests that discovery against it be stayed given the absence of good faith allegations that it reported spreads exceeding 30%.

Dated:  April 18, 2008                            Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　 /s/ William A. Davis
　　　　　　　　　　　　　　　　　　　　　　William M. Cowan, BBO#566940
　　　　　　　　　　　　　　　　　　　　　　William A. Davis (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Mintz, Levin, Cohn, Ferris,
　　　　　　　　　　　　　　　　　　　　　　　 Glovsky and Popeo, P.C.
　　　　　　　　　　　　　　　　　　　　　　One Financial Center
　　　　　　　　　　　　　　　　　　　　　　Boston, MA 02111
　　　　　　　　　　　　　　　　　　　　　　(617) 542-6000

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Eli Lilly and Company

## CERTIFICATE OF SERVICE

I hereby certify that I, William Davis, an attorney, caused a true and correct copy of the foregoing, MEMORANDUM OF LAW to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, on April 18, 2008, for posting and notification to all parties.

    /s/ William A. Davis_____
    William A. Davis

WDC 4309126v.1