UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Magistrate Judge Marianne B. Bowler |
| *Inc., Zachary T. Bentley, and T. Mark Jones* | ) | |
| *v. Abbott Laboratories Inc.,* | ) | |
| No. 07-CV-11618-PBS | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO
COMPLAINT FOR VIOLATIONS OF
THE FALSE CLAIMS ACT, 31 U.S.C. §3729, et seq.
AGAINST ABBOTT LABORATORIES INC.**

Defendant Abbott Laboratories Inc. ("Abbott") hereby Answers the Complaint filed by

Ven-A-Care of Florida Keys, Inc., a Florida Corporation, by and through its principal officers

and directors, Zachary T. Bentley and T. Mark Jones (the "Complaint") in corresponding

numbered paragraphs as follows:

## Preface

The Complaint improperly mixes factual allegations with legal conclusions and

inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Many of

the allegations of the Complaint are vague, conclusory, and/or argumentative.  The Complaint

also includes undefined terms that are susceptible to different meanings.

The Complaint and Exhibits to the Complaint contain purported quotations and prices

from a number of sources, nearly all of which are unidentified.  If any of the quotations or prices

originate in documents protected by the attorney-client privilege, the work-product doctrine, the

joint-defense privilege, or any other applicable privilege or doctrine, Abbott reserves the right to

assert such privileges or doctrines, and hereby moves to strike such references and demands

return of any such documents that Plaintiff may have in its possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Abbott specifically denies the existence of, or its participation in, any fraud or fraudulent scheme. Abbott further denies each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the Complaint as a whole. Moreover, Abbott specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## INTRODUCTORY PARAGRAPH

Abbott admits that Plaintiff has brought this action and demands damages and other relief as alleged in the initial paragraph of the Complaint. Abbott denies that Plaintiff is entitled to maintain this action in the manner alleged, and specifically notes that the United States has declined to intervene in this matter. Abbott denies the remaining allegations contained in the initial paragraph of the Complaint.

## I.  NATURE OF ACTION

1.      Abbott admits that Plaintiff purports to bring this action under the False Claims Act to recover damages and other monetary relief as alleged in Paragraph 1 of the Complaint.

Abbott denies that Plaintiff is entitled to maintain this action or to recover any damages or other relief.  Abbott denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.     Abbott admits that Plaintiff purports to base its claims against Abbott on alleged violations of the False Claims Act, but denies that those claims have any merit or that Plaintiff is entitled to any relief.  Abbott denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.     Abbott states that Exhibit A to the Complaint cited in Paragraph 3 of the Complaint establishes its contents.  Abbott denies that Plaintiff has accurately characterized any alleged finding, opinion, statement, or conclusion contained therein, or that such are applicable to Abbott.  Furthermore, Abbott is without knowledge or information sufficient to form a belief as to the truth of the accuracy of any reimbursement or pricing information contained in Exhibit A and, therefore, Abbott denies that Plaintiff has accurately stated any reimbursement or pricing information contained therein.  The first, second and fourth sentences in Paragraph 3 of the Complaint state legal conclusions to which no response is required.  To the extent a Response is required, Abbott denies those allegations.  Abbott denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.     Denied.

5.     Denied.

6.     Denied.

## II.  JURISDICTION

7.     The allegations contained in Paragraph 7 of the Complaint are legal conclusions to which no response is required.  To the extent a Response is required, Abbott admits that Plaintiff purports to assert jurisdiction under the statutes cited.  Abbott denies any other allegation in Paragraph 7 of the Complaint.

8.      Abbott admits that this case was filed by Ven-A-Care in the District of Massachusetts and that the Relator filed an Amended Complaint on August 30, 2007.  As to the remaining allegations contained in Paragraph 8, including footnote 1, of the Complaint, Abbott is without knowledge or information sufficient to form a belief as to their truth, and therefore Abbott denies them.

9.      The allegations contained in Paragraph 9 of the Complaint are legal conclusions to which no response is required.  To the extent a Response is required, Abbott admits only that Plaintiff purports to establish jurisdiction pursuant to the statutes cited.  Abbott admits that it transacts business across the United States, including this district, and denies any other allegation in Paragraph 9 of the Complaint.

10.     Abbott admits that the Relator purports to bring this action on behalf of itself and the United States.  The remaining allegations contained in Paragraph 10 of the Complaint are legal conclusions to which no response is required.  To the extent a Response is required, Abbott admits only that Plaintiff purports to bring this action pursuant to the statute cited.  Abbott denies any other allegation in Paragraph 10 of the Complaint.

### III.  VENUE

11.     The allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no response is required.  To the extent a Response is required, Abbott admits that Plaintiff purports to establish venue pursuant to the statutes cited.  Abbott admits that it transacts business across the United States, including this district, and denies any other allegation in Paragraph 11 of the Complaint.

## IV.  PARTIES

12.      Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore Abbott denies them.

13.      Abbott admits that Ven-A-Care purports to bring this action on behalf itself and the United States.  Abbott states that the statute cited in Paragraph 13 establishes its content. Abbott denies any remaining allegations contained in Paragraph 13 of the Complaint.

14.      Abbott states that the allegations contained in Paragraph 14 of the Complaint contain Plaintiff's inflammatory generalizations and self-serving conclusions and legal conclusions to which no response is required.  To the extent a Response is required, Abbott states that based on the vague, ambiguous, and argumentative language contained in the allegations of Paragraph 14 of the Complaint, it is without knowledge or information sufficient to form a belief as to the truth of those allegations.  However, to the extent the allegations contained in Paragraph 14 of the Complaint attempt to allege particular fraudulent conduct by Abbott or knowledge, Abbott specifically denies those allegations.

15.      Abbott is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 15 of the Complaint, and therefore Abbott denies them.  Abbott states that the statute cited in Paragraph 15 of the Complaint establishes its content.  Abbott denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.      Abbott denies that it is a corporation organized under the laws of Illinois.  Abbott admits that its principal offices are located in Abbott Park, Illinois and that it transacts business throughout the United States, including this District.  Abbott further admits that its Pharmaceutical Products Division sold and distributed certain drugs, including those named in

the Complaint, during all or part of the relevant time period.  Abbott denies the remaining

allegations contained in Paragraph 16 of the Complaint.

## V.  THE LAW

**A.**      **The False Claims Act**

17.      Abbott states that the statute cited in Paragraph 17 of the Complaint establishes its

content.  Abbott denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.      Abbott states that the statutes and regulations cited in Paragraph 18 of the

Complaint establishes their contents.  Abbott denies the remaining allegations contained in

Paragraph 18 of the Complaint.

**B.**      **The Federal Anti-Kickback Statute**

19.      The allegations contained in Paragraph 19 of the Complaint contain either

Plaintiff's generalizations and self-serving conclusions or legal conclusions, either of which

require no response.  To the extent a Response is required, Abbott states that the statutes,

regulations, and public laws cited in Paragraph 19 of the Complaint establishes their contents.

Abbott denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.      Abbott states that the statutes quoted and cited in Paragraph 19 of the Complaint

establishes their contents.  Abbott denies the remaining allegations contained in Paragraph 19 of

the Complaint.

## VI.  THE MEDICAID PROGRAM

**A.**      **THE PROGRAM**

21.      Abbott is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, Abbott denies

them.

22.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and, therefore, Abbott denies them.

**B.      FUNDING**

23.     Abbott states that the allegations contained in Paragraph 23 of the Complaint state legal conclusions to which no response is required.  To the extent a Response is required, Abbott states that the statute cited in Paragraph 23 of the Complaint establishes its content.

24.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, Abbott denies them.

25.     Abbott states that Paragraph 25 of the Complaint states a legal conclusion to which no response is required.  To the extent a Response is required, Abbott states that the statute cited in Paragraph 25 of the Complaint establishes its content.  Further responding, Abbott denies the reaming allegations contained in Paragraph 25 of the Complaint.

26.     Abbott states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and, therefore, Abbott denies them.

27.     Abbott states that the allegations contained in Paragraph 27 of the Complaint state legal conclusions to which no response is required.  To the extent a Response is required, Abbott states that the statutes cited in Paragraph 27 of the Complaint establish their contents.  Abbott denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.     Abbott states that the allegations contained in Paragraph 28 of the Complaint state legal conclusions to which no response is required.  To the extent a Response is required, Abbott states that the regulation cited in Paragraph 28 of the Complaint establishes its content.  Abbott is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint, and, therefore, Abbott denies them.

29.     Abbott states that the allegations contained in Paragraph 29 of the Complaint state legal conclusions to which no response is required.  To the extent a Response is required, Abbott states that the regulation cited in Paragraph 29 of the Complaint establishes its content.

30.     Abbott states that the allegations contained in Paragraph 30 contain either Plaintiff's generalizations and self-serving conclusions or legal conclusions, either of which require no response.  To the extent a Response is required, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and, therefore, Abbott denies them.

31.     Abbott states that the allegations contained in Paragraph 31 contain either Plaintiff's generalizations and self-serving conclusions or legal conclusions, to which no response is required.  To the extent a Response is required, Abbott states that the statutes cited in Paragraph 31 of the Complaint establish their contents.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint, and, therefore, Abbott denies them.

32.     Denied.

**C.     <u>DRUG REIMBURSEMENT</u>**

33.     Abbott states that the allegations contained in the first and second sentences in Paragraph 33 of the Complaint state legal conclusions to which no response is required.  To the extent a Response is required, Abbott states that the statutes and regulations cited in the first and second sentences in Paragraph 33 of the Complaint establish their contents.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 33 and, therefore, Abbott denies those allegations.  Abbott admits

that Plaintiff purports to assert claims in this action based on the drugs listed in Paragraph 33, but denies that those claims have any merit.  Abbott denies all remaining allegations contained in Paragraph 33 of the Complaint.

34.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 34 and, therefore, Abbott denies those allegations.  Abbott admits that it sold its products to its customers directly and through wholesalers and that some of its customers purchased products through group purchasing organizations.  Abbott further admits that it, in some instances, for some drugs, Abbott negotiated prices with certain customers.  Abbott denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, Abbott denies them.

36.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, Abbott denies them.

37.     Abbott denies the first and second sentences of Paragraph 37 of the Complaint. Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint and, therefore, Abbott denies them.

38.     Abbott admits that, from time to time, it reported certain prices to certain pricing publishers for certain products and that the pricing publishers published certain of that information.  Abbott is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 38 of the Complaint and, therefore, Abbott denies them.

39.     Abbott denies the first and third sentences of Paragraph 39 of the Complaint. Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint and, therefore, Abbott denies them.

40.     Abbott states that the federal and state governments have always known during the relevant time period and earlier that pricing information provided to and/or published by the pricing publishers did not, and was never intended to, include discounts and price reductions that may have affected the net price paid by the provider.  Abbott denies the allegations contained in Paragraph 40 of the Complaint.

**D.     REIMBURSEMENT FORMULAS**

41.     Abbott states that the allegations contained in Paragraph 41 contain either Plaintiff's generalizations and self-serving conclusions or legal conclusions, either of which require no response.  To the extent a Response is required, Abbott states that the regulations cited in Paragraph 41 of the Complaint establish their contents.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Complaint, and, therefore, Abbott denies them.

42.     The allegations contained in Paragraph 42 contain either Plaintiff's generalizations and self-serving conclusions or legal conclusions, either of which require no response.  To the extent a Response is required, Abbott states that the regulations cited in Paragraph 42 of the Complaint establish their contents.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint, and, therefore, Abbott denies them.

43.     Abbott states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and, therefore, Abbott denies them.

44.     Abbott denies the allegations contained in the first sentence of Paragraph 44 of the Complaint.  Abbott lacks knowledge or information sufficient to form a belief as to whether the allegations in the second sentence of Paragraph 44 of the Complaint are true throughout the entire pharmaceutical industry, and therefore denies them.  Abbott denies the remaining allegations contained in Paragraph 44 of the Complaint.

42.     Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, Abbott denies the allegations contained in this second paragraph numbered 42 of the Complaint.

45.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, including those contained in footnote 2, and, therefore, Abbott denies them.

46.     Abbott admits that the State of Texas requested that drug manufacturers submit a form containing certain information and a certification for drugs to be included on the Texas's formulary.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint and, therefore, Abbott denies them.

**E.     DRUG WHOLESALERS' ROLE**

47.     Abbott admits that for certain time periods and certain products, Abbott sold its drugs to wholesalers who resold those drugs to certain providers.  Abbott denies the remaining allegations in Paragraph 47 of the Complaint.

48.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and, therefore, Abbott denies them.

## VII.  ABBOTT'S SCHEME

49.     The allegations contained in Paragraph 49 of the Complaint state legal conclusions and, therefore, no response is required.  To the extent a Response is required, Abbott denies the allegations contained in Paragraph 49 of the Complaint.

50.     Abbott admits that Plaintiff purports to bring this action based on the drugs alleged in Paragraphs 33 and 50 of the Complaint, but denies Plaintiff is entitled to maintain such an action, or that such claims have any merit.  Abbott denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Abbott admits that its Pharmaceutical Products Division has marketed and sold certain of its products, including certain of the Drugs named in the Complaint to certain customers at certain periods of time.  Abbott further admits that some of its customers purchased Abbott's products directly from Abbott, through group purchasing organizations, or through wholesalers.  Abbott denies the remaining allegations contained in Paragraph 51 of the Complaint.

52.     Abbott admits that, in some instances, for some drugs, its Pharmaceutical Products Division negotiated prices with certain customers.  Abbott denies the remaining allegations contained in Paragraph 52 of the Complaint.

53.     The allegations contained in Paragraph 53 of the Complaint contain either Plaintiff's generalizations and self-serving conclusions or legal conclusions, either of which require no response.  To the extent a Response is required, Abbott admits that, in some instances, for some drugs, its Pharmaceutical Products Division negotiated prices with certain customers.

Abbott states that Exhibit B to the Complaint cited in Paragraph 53 of the Complaint establishes its content.  Abbott denies that Plaintiff has accurately characterized any alleged finding, opinion, statement, or conclusion contained therein, or that such are applicable to Abbott. Furthermore, Abbott is without knowledge or information sufficient to form a belief as to the truth of the accuracy of any information contained in Exhibit B and, therefore, Abbott denies that Plaintiff has accurately stated any information contained therein.  Abbott specifically denies the last sentence contained in Paragraph 53 of the Complaint.  Abbott denies the remaining allegations contained in Paragraph 53 of the Complaint.

54.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence in Paragraph 54 of the Complaint and, therefore, Abbott denies them.  Abbott denies the remaining allegations contained in Paragraph 54 of the Complaint.

55.     Denied.

56.     Abbott states that the prices published by the drug pricing compendia and Abbott correspondence with the compendia establish their contents.  Abbott denies that Plaintiff has accurately characterized any opinion, statement or conclusion in such documents or that such are applicable to Abbott.  Abbott states that the pricing compendia calculated AWP for Abbott's products based upon the compendia's own internal consideration.  Further responding, Abbott states that it, from time to time, reported certain prices to certain pricing publishers for certain products and that the pricing publishers published certain of that information.  Abbott denies the remaining allegations contained in Paragraph 56 of the Complaint.

57.     Abbott states that its correspondence with the drug pricing compendia establish their contents.  Abbott denies that Plaintiff has accurately characterized any opinion, statement or

conclusion in such correspondence or that such are applicable to Abbott.  Abbott admits that, during the time frame alleged in Paragraph 57 of the Complaint, certain of the prices Abbott reported to the drug pricing compendia increased periodically, or stayed the same, or decreased. Abbott admits that, during the time frame alleged in Paragraph 57 of the Complaint, certain prices that Abbott charged to certain customers for certain products decreased, or stayed the same, or increased.  Abbott denies the remaining allegations contained in Paragraph 57 of the Complaint.

58.     Abbott denies the first, second, third and fifth sentences of Paragraph 58 of the Complaint.  Abbott states that Exhibit A of the Complaint establishes its content.  Abbott denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion in the exhibit, or that such are applicable to Abbott.  Further responding, Abbott is without knowledge or information sufficient to form a belief as to the truth of the accuracy of the fourth sentence of Paragraph 58 of the Complaint or any information contained in Exhibit A and, therefore, Abbott denies the fourth sentence of Paragraph 58 of the Complaint.  Abbott denies the remaining allegations contained in Paragraph 58 of the Complaint.

59.     Abbott states that Exhibit B of the Complaint establishes its content.  Abbott denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion in the exhibit, or that such are applicable to Abbott.  Furthermore, Abbott is without knowledge or information sufficient to form a belief as to the truth of the accuracy of any information contained in Exhibit B and, therefore, Abbott denies that Plaintiff has accurately stated any information contained therein.  Abbott denies the remaining allegations found Paragraph 59 of the Complaint.

60.     Denied.

61.     Abbott states that the federal and state governments have known that price information provided to and/or published by the drug pricing compendia did not, and was never intended to, include discounts and price reductions that may affect the net price paid by a provider.  Abbott denies the remaining allegations contained in Paragraph 61 of the Complaint.

62.     Denied.

63.     Abbott states that its correspondence with the drug pricing compendia establish their contents.  Abbott denies that Plaintiff has accurately characterized any opinion, statement or conclusion in such correspondence or that such are applicable to Abbott.  Abbott admits that, during the time frame alleged in Paragraph 63 of the Complaint, certain of the prices Abbott reported to the drug pricing compendia increased periodically, or stayed the same, or decreased. Abbott admits that, during the time frame alleged in Paragraph 63 of the Complaint, certain prices that Abbott charged to certain customers for certain products decreased, or stayed the same, or increased.  Abbott denies the remaining allegations contained in Paragraph 63 of the Complaint.

64.     Abbott denies the allegations contained in Paragraph 64 of the Complaint.  To the extent it is necessary, Abbott states that Exhibit C of the Complaint establishes its content. Abbott denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion in the exhibit, or that such are applicable to Abbott.  Furthermore, Abbott is without knowledge or information sufficient to form a belief as to the truth of the accuracy of any information contained in Exhibit C and, therefore, Abbott denies that Plaintiff has accurately stated any information contained therein.

65.     The allegations contained in Paragraph 65 of the Complaint contain either Plaintiff's generalizations and self-serving conclusions or legal conclusions, either of which

require no response.  To the extent a Response is required, Abbott states that the prices published

by the drug pricing compendia and Abbott's correspondence with the compendia establish their

contents.  Abbott denies that Plaintiff has accurately characterized any opinion, statement or

conclusion in the documents or that such are applicable to Abbott.  Abbott admits that at times it

offered certain discounts, rebates and price reductions to certain customers on certain products.

Abbott further admits that, during the time frame alleged in Paragraph 65 of the Complaint,

certain of the prices Abbott reported to the drug pricing compendia increased periodically, or

stayed the same, or decreased.  Abbott denies the remaining allegations contained in Paragraph

65 of the Complaint.

66.     The allegations contained in Paragraph 66 of the Complaint contain Plaintiff's

generalizations and self-serving conclusions to which no response is required.  To the extent a

Response is required, Abbott admits only that the WAC for ERY-TAB 333 MG was $29.45 in

1994 and $31.10 in 2005.  Abbott denies any remaining allegations in Paragraph 66 of the

Complaint.

67.     The allegations contained in Paragraph 67 of the Complaint contain either

Plaintiff's generalizations and self-serving conclusions or legal conclusions, either of which

require no response.  To the extent a Response is required, Abbott states that the prices published

by the drug pricing compendia and Abbott's correspondence with the compendia establish their

contents.  Abbott denies that Plaintiff has accurately characterized any opinion, statement or

conclusion in the documents or that such are applicable to Abbott.  Abbott admits that at times it

offered certain discounts, rebates and price reductions to certain customers on certain products.

Abbott further admits that, during the time frame alleged in Paragraph 67 of the Complaint,

certain of the prices Abbott reported to the drug pricing compendia increased periodically, or

stayed the same, or decreased.  To the extent it is necessary, Abbott states that Exhibit D of the

Complaint establishes its content.  Abbott denies that Plaintiff has accurately characterized any

alleged finding, opinion, statement or conclusion in the exhibit, or that such are applicable to

Abbott.  Furthermore, Abbott is without knowledge or information sufficient to form a belief as

to the truth of the accuracy of any information contained in Exhibit D and, therefore, Abbott

denies that Plaintiff has accurately stated any information contained therein. Abbott denies the

remaining allegations contained in Paragraph 67 of the Complaint.

68.     The allegations contained in Paragraph 68 of the Complaint contain Plaintiff's

generalizations and self-serving conclusions to which no response is required.  To the extent a

Response is required, Abbott admits only that the WAC for ERY-TAB 250 MG was $19.00 in

1994 and $21.13 in 2005.  Abbot denies any remaining allegations in Paragraph 68 of the

Complaint.

69.     Denied.

70.     Denied.

## FIRST CAUSE OF ACTION

(False Claims Act: Presentation of False Claims)
(31 U.S.C. § 3729(a)(I))

71.     Abbott realleges and incorporates by reference its Responses to Paragraphs 1

through 70 of the Complaint.

72.     Denied.

73.     Denied.

## SECOND CAUSE OF ACTION

(False Claims Act: Making or Using False
Records or Statements to Cause Claims to be Paid)
(31 U.S.C. § 3729(a)(2))

74.     Abbott realleges and incorporates by reference its Responses to Paragraphs 1
through 70 of the Complaint.

75.     Denied.

76.     Denied.

Abbott denies Plaintiff is entitled to a judgment or any other relief requested in their
numbered "WHEREFORE" Paragraphs following any Paragraph in the Complaint.

Abbott denies each and every remaining allegation not otherwise expressly admitted in
this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

By asserting the defenses set forth below and herein, Abbott does not allege or admit that
it has the burden of proof and/or the burden of persuasion with respect to any of these defenses
or that Plaintiff is relieved of their burdens to prove each and every element of their claims and
the damages, if any, to which they are entitled.  As for its affirmative and other defenses, Abbott
reasserts and reincorporates as if fully set forth herein its responses to Paragraphs 1 through 76
above.

## FIRST DEFENSE

Plaintiff fails to state a claim against Abbott upon which relief may be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the political question
and separation of powers doctrines.

- 18 -

## THIRD DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Abbott as alleged in the Complaint.

## FOURTH DEFENSE

To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, they are barred from seeking recovery against Abbott based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United State Constitution.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## SEVENTH DEFENSE

Any and all actions taken by Abbott with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## EIGHTH DEFENSE

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## NINTH DEFENSE

Plaintiff's claims are preempted by the Commerce Clause of the United States Constitution.

## TENTH DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, because Abbott has complied with all applicable regulations of the federal and state governments.

## ELEVENTH DEFENSE

Plaintiff's claims against Abbott are untimely and barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver, and by the Due Process clause of the United States Constitution.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate Abbott's rights under the Due Process and Ex Post Facto clauses of the United States Constitution, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Abbott's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

## FOURTEENTH DEFENSE

Plaintiff fails to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multiple-source drug allegations against Abbott contained in the Complaint.

## FIFTEENTH DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, because Abbott did not make, directly or indirectly, any false statements to the Plaintiff.  As to any statement asserted against Abbott that Plaintiff allege to be false or misleading, Abbott had no reasonable grounds

to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## SIXTEENTH DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, because Abbott did not directly or indirectly engage in any conduct in violation of state or federal law.

## SEVENTEENTH DEFENSE

To the extent that Plaintiff seeks equitable relief against Abbott, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

## EIGHTEENTH DEFENSE

Plaintiff Ven-A-Care of the Florida Keys, Inc., lacks standing to pursue this action because the allegations contained in the Complaint are based upon public disclosures of information and it was not the "original source" of that information.

## NINETEENTH DEFENSE

To the extent Plaintiff seeks injunctive relief against Abbott, such relief would be barred by the doctrines of in pari delicto and/or unclean hands.

## TWENTIETH DEFENSE

Some or all of Plaintiff's claims against Abbott arise from the Plaintiff's failure to follow its federal statutory and regulatory obligation to set reimbursement rates at an appropriate Estimated Acquisition Cost.

## TWENTY-FIRST DEFENSE

Plaintiff's claims against Abbott are barred, in whole or part, by the filed-rate doctrine.

## TWENTY-SECOND DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, due to their failure to join one or more indispensable parties as set forth in Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19.

## TWENTY-THIRD DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, because the Plaintiff suffered no damages as a result of the matters alleged in the Complaint.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, because any injuries sustained by the Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims against Abbott for damages are barred, in whole or in part, because:  (1) Plaintiff failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recover of such persons and the allocation of any fault, if any exists, attributable to Abbott; (2) Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that the Plaintiff has received and paid for medicines manufactured, marketed and sold by Abbott after the filing of the original complaint on July 28, 1998; and (4) Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## TWENTY-SIXTH DEFENSE

Abbott is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

## TWENTY-SEVENTH DEFENSE

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Abbott.

## TWENTY-EIGHTH DEFENSE

Plaintiff fails to allege facts or a cause of action against Abbott sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

## TWENTY-NINTH DEFENSE

To the extent Plaintiff will seek punitive damages, such relief is barred by Plaintiff's failure to plead for such relief in the Complaint.

## THIRTIETH DEFENSE

The Complaint fails to sufficiently or specifically plead special damages as required by Fed. R. Civ. P. 9(g).

## THIRTY-FIRST DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, because Abbott's conduct as alleged in the Complaint was not material to any alleged payment of any alleged false or fraudulent claims.

## THIRTY-SECOND DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, because neither the United States nor the States relied on Abbott's conduct as alleged in the Complaint.

## THIRTY-THIRD DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, by the existence and of terms of the written rebate agreement between Abbott and the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and all States, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in Section XI of this Agreement", which was entered into pursuant to 42 U.S.C. § 1396r-8.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, because Plaintiff's enforcement of the Federal False Claims Act intentionally treats Abbott differently from its similarly situated competitors without a rational basis and, therefore, violates the Equal Protection Clause of the United States Constitution.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, because the applicable statute and regulations relied upon by Plaintiff in their Complaint are unconstitutionally vague as applied to Abbott in violation of Abbott's rights under the due process clause of the United States Constitution.

## THIRTY-SIXTH DEFENSE

Plaintiff and/or its agents knew and were aware that AWP did not represent an actual average of wholesale prices or the actual acquisition cost of drugs.  Legal and equitable principles preclude this action and the Due Process Clause of the U.S. Constitution preclude Plaintiff from bringing claims and seeking damages as alleged in the Complaint.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Noerr-Pennington doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Abbott in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## THIRTY-EIGHTH DEFENSE

To the extent Plaintiff is asserting claims for unjust enrichment, they are barred, in whole or in part, because Plaintiff has failed to allege that any government payor conferred any benefit to Abbott.

## THIRTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory and/or comparative fault because Plaintiff's own actions or failures to act helped to bring about any injuries sustained.

## FORTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed in whole or in part by a person and/or entity that purchased the medicine directly, and/or an intermediate purchaser, and was not passed through to Plaintiff.

## FORTY-FIRST DEFENSE

Abbott hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

Dated:  April 18, 2008                              Respectfully submitted,


                                                    /s/ Brian J. Murray


                                                    James R. Daly
                                                    Jason G. Winchester
                                                    Brian J. Murray
                                                    JONES DAY
                                                    77 W. Wacker Dr., Suite 3500
                                                    Chicago, Illinois  60601-1692
                                                    Telephone: (312) 782-3939
                                                    Facsimile:  (312) 782-8585

                                                    R. Christopher Cook
                                                    David S. Torborg
                                                    JONES DAY
                                                    51 Louisiana Avenue, N.W.
                                                    Washington, D.C.  20001-2113
                                                    Telephone:  (202) 879-3939
                                                    Fax:  (202) 626-1700


                                                    *Attorneys for Abbott Laboratories Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on April 18, 2008, the foregoing *ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT, 31 U.S.C. §3729, et seq. AGAINST ABBOTT LABORATORIES INC.* was served upon all counsel of record in this action electronically by posting a true and correct copy of same via Lexis-Nexis.

/s/ Brian J. Murray