ATTORNEY WORK PRODUCT
DRAFT 4/18/2008

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456 |
| ) | CIVIL ACTION: 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO: ) ) | |
| *State of Iowa v. Abbott Laboratories, et al.* ) ) ) | Judge Patti B. Saris |

### SEPARATE REPLY MEMORANDUM OF DEFENDANT BOEHRINGER INGELHEIM CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS

Lauren O. Casazza
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
Tel: (212) 446-4800

Helen E. Witt, P.C.
Brian P. Kavanaugh
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, Illinois 60601-6636
Tel: (312) 861-2000

*Attorneys for Defendant:*
*BOEHRINGER INGELHEIM*
*CORPORATION*

**ATTORNEY WORK PRODUCT**
**DRAFT 4/18/2008**

In its Omnibus Opposition to Various Defendants' Individual Motions to Dismiss, plaintiff states that the Individual Motion to Dismiss of Boehringer Ingelheim Corporation ("BIC") should be denied because plaintiff has satisfied Rule 9(b) by alleging that "BIC is engaged in the business of manufacturing and selling pharmaceuticals and that BIC is part of the 'Boehringer Group.'" (Omnibus Opp'n at 3)  This is plaintiff's sole response to BIC's motion. In making this argument, plaintiff ignores both the strict pleading requirements of Rule 9(b) and this Court's prior rulings.

This Court's has found that Rule 9(b) requires conduct identified **by each defendant**, not by groups.  *In re Pharm. Indus. Average Wholesale Price Litig.,* 263 F. Supp. 2d 172, 194 (D. Mass 2003) (requiring that plaintiffs plead "**with respect to each defendant**: (1) the specific drug or drugs that were purchased from defendant, (2) the allegedly fraudulent AWP for each drug, and (3) the name of the specific plaintiff(s) that purchased the drug.") (emphasis added). Implicitly recognizing that BIC does not, in fact, manufacture or sell pharmaceutical products, plaintiff attempts to satisfy its Rule 9(b) burden by identifying drugs allegedly sold by BIC's subsidiaries, which are separately named, individual corporate entities, and lumping these entities together under the catchall title "Boehringer Group." (*See* Omnibus Opp'n at 3 (the State of Iowa's Medicaid Program "purchased millions of dollars worth of 'Boehringer Group Drugs'" and plaintiff's exhibits "identify multiple Boehringer Group drugs."))  These allegations do not and cannot satisfy Rule 9(b) because they do not allege any wrongdoing by BIC or drugs manufactured or sold by BIC.  Moreover, plaintiff does not allege any "alter ego" theory in the Complaint, nor is there any other basis to ignore the separate corporate existences of each of these companies.  See *American Home Assur. Co. v. Sport Maska, Inc.,* 808 F. Supp. 67, 73 (D. Mass. 1992) (piercing the corporate veil through an alter ego theory "is the exception, not the

ATTORNEY WORK PRODUCT
DRAFT 4/18/2008

rule," and plaintiffs "must meet a very high standard" before they will be allowed to disregard a corporate form.).

For these reasons and those articulated in BIC's Separate Memorandum in Support of its Motion to Dismiss, as well as in Defendants' Joint Motion to Dismiss, the Complaint should be dismissed as to defendant Boehringer Ingelheim Corporation.

Respectfully submitted,

*Defendant*
*BOEHRINGER INGELHEIM CORPORATION*

Dated:  April 18, 2008

/s/ Lauren Casazza
Lauren O. Casazza
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10011
Tel:  (212) 446-4800

Helen E. Witt, P.C.
Brian P. Kavanaugh
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, Illinois  60601-6636
Tel:  (312) 861-2000

ATTORNEY WORK PRODUCT<br>DRAFT 4/18/2008

## CERTIFICATE OF SERVICE

I, Lauren Casazza, hereby certify that on April 18, 2008, I caused a true and correct copy of the foregoing, **SEPARATE REPLY MEMORANDUM OF DEFENDANT BOEHRINGER INGELHEIM CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS**, to be served on all counsel of record in accordance with the Court's Case Management Order No. 2.

Dated: April 18, 2008                                                                    /s/ Lauren Casazza