UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) THIS DOCUMENT RELATES TO PROPOSED ) NATIONWIDE CLASSES 2 AND 3 AS TO ) ASTRAZENECA AND BMS ) ) | MDL No. 1456 Civil Action No. 01-CV-12257 PBS Hon. Patti B. Saris |

**BMS'S RESPONSE TO PLAINTIFFS' REPLY TO BMS'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY <u>NATIONWIDE CLASSES 2 AND 3</u>**

While we can appreciate that the Court might prefer not to receive any further briefing on this issue, we feel compelled to point out certain material mistakes in plaintiffs' latest filing.

<u>Expert Discovery</u>

Plaintiffs state that BMS "wishes to introduce new facts based on information not previously produced in the case . . . ." (Pltfs' Reply at 3.) That is not correct. All information on which BMS's expert will rely has been produced. The analysis of direct purchases by third party payors is based on BMS sales data, which has been produced. That data identifies specific sales by purchaser. The only thing new would be an effort by BMS's expert to identify particular sales in that sales data to third party payors outside of Massachusetts, using the same methodology employed for identifying such sales within Massachusetts.

<u>Knowledge and Unfairness</u>

Plaintiffs state that, even though knowledge is relevant to unfairness, "[t]here is no reason to believe that the issues will play out any differently" than they did in the Massachusetts-only trial. (Pltfs' Reply at 3.) That is not the standard. The possibility that these

issues <u>could</u> play out differently -- as plaintiffs appear to recognize -- because the jury may conclude that it needs information on the knowledge of individual class members in order to determine whether BMS's conduct was unfair to <u>them</u> under the differing laws of various states, demonstrates why this case cannot be tried as a class action.

<u>Fraud on the Market</u>

Plaintiffs contend that "the Court has already found at trial that Plaintiffs and class members believed that AWP was consistent and reliable benchmark for use in negotiating drug pricing and, therefore, relied on it as such." (Pltfs' Repy at 6.)  There is no way that the Court could have reached such a conclusion with respect to every third party payor in the United States.  As the evidence submitted by BMS demonstrates, there are third party payors who did not believe that AWP was a consistent and reliable benchmark; there are third party payors who did not rely on AWP; and there are third party payors who understood that spreads could exceed 30%.[1]  Furthermore, there are class members who purchased drugs at discounted prices and class members who paid for drugs on a basis other than AWP.[2]

The jury will have no way of knowing how many class members fall into these categories – it could be tens, hundreds or thousands.  Speculation as to what those class members may have believed or known is no substitute for evidence; and expert testimony about what a typical or average class member may have believed or known does not shed any light on what a <u>particular</u> class member may have believed or known.  As the recent case law we have cited makes abundantly clear, there is no recognized "presumption" that enables plaintiffs to avoid these issues.

---

[1] Declaration of Steven M. Edwards in Further Support of BMS's Opposition to Plaintiffs' Motion to Certify Classes 2 and 3, dated March 17, 2008 [Dkt No. 4979].
[2] See Defendant BMS's Memorandum of Law in Opposition to Plaintiffs' Motion to Certify Nationwide Classes 2 and 3, dated Jan. 4, 2008, at 7.

Dated: Boston, Massachusetts
April 21, 2008

        Respectfully submitted,

**DWYER & COLLORA, LLP**
By: /s/ Thomas E. Dwyer (BBO#139660)
    Thomas E. Dwyer (BBO# 139660)
    Jennifer M. Ryan (BBO#661498)
600 Atlantic Avenue
Boston, MA  02210
Tel:  (617) 371-1000
Fax:  (617) 371-1037
tdwyer@dwyercollora.com
jryan@dwyercollora.com

**HOGAN & HARTSON LLP**

Steven M. Edwards, Esq. (SE 2773)
Lyndon M. Tretter (LT 4031)
Thomas J. Sweeney (TS 6557)
875 Third Avenue
New York, NY  10022
Tel:  (212) 918-3640
Fax:  (212) 918-3100

*Attorneys for Defendants Bristol-Myers Squibb Company, Oncology Therapeutics Network Corporation and Apothecon, Inc.*

## CERTIFICATE OF SERVICE

I, Sandhya Kawatra, hereby certify that on April 21, 2008, I have caused true and correct copies of the foregoing BMS's Response to Plaintiffs' Reply to BMS's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Certify Nationwide Classes 2 and 3, to be served on all counsel of record by electronic service, pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to Lexis/Nexis for posting and notification to all parties.

Date:   New York, New York
        April 21, 2008

                                        /s/ Sandhya Kawatra
                                        Sandhya Kawatra

\\\NY - 058559/000059 - 1081016 v1