UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS RELATING TO TRACK 1 DEFENDANTS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**CLASS PLAINTIFFS' RESPONSE TO (1) ASTRAZENECA PHARMACEUTICAL LP'S MOTION FOR LEAVE TO FILE AND (2) ASTRAZENECA'S MISLEADING REPLY TO PLAINTIFFS' STATEMENTS REGARDING THE RECENT CIRCUIT <u>AUTHORITY SUBMITTED TO THE COURT</u>**

Class Plaintiffs submit this brief response to the motion for leave and accompanying memorandum that AstraZeneca filed on April 17, 2008 (Dkt. Nos. 5216-1 and 2).

**A.   Plaintiffs' Opposition to the Motion for Leave**

Plaintiffs oppose AstraZeneca's motion. AstraZeneca seems content on continuing to file inaccurate submissions even though Plaintiffs bear the burden of prevailing on their Rule 23 motion and should, therefore, be entitled to the final brief on this issue (and, indeed, the briefing has long been closed). And although the Court intended the parties to focus their certification briefing on state law issues, AstraZeneca continues to contest the Court's findings relating to Plaintiffs' liability and damages modeling, findings that the Court made after sifting through the substantial trial record and evaluating, first hand, the testimony of fact and expert witnesses. Thus, AstraZeneca's filings are tantamount to a very tardy motion for reconsideration. Relief, which AstraZeneca is unlikely to receive, will come if at all from the appeal that AstraZeneca is

presently pursuing with the First Circuit. Plaintiffs respectfully encourage the Court to deny AstraZeneca's motion for leave and put an end to AstraZeneca's incessant filings.

The remainder of this brief focuses on the arguments raised by AstraZeneca in its reply.

**B.     Plaintiffs' Sur-Reply to AstraZeneca's Reply**

AstraZeneca's reply contains a misleading characterization of the decisions AstraZeneca submitted as supplemental authority (*In re: New Motor Vehicles Canadian Exp. Antitrust Litig.*, 2008 U.S. App. Lexis 6483 (1st Cir. Mar. 28, 2008), and *McLaughlin v. American Tobacco Co.*, 2008 U.S. App. Lexis 7093 (2d Cir. Apr. 3, 2008)), and an errant description of Plaintiffs' liability and damages modeling here.

AstraZeneca claims that *New Motor Vehicles* bars class certification because individual inquiries are required into whether particular class members were in fact injured. AZ Br. at 1. This is ***not*** the holding of *New Motor Vehicles* (and, if it were, would preclude the vast majority of class actions that are certified each year). Rather, the First Circuit recognized and accepted circumstances where predominance can be established by common proof. 2008 U.S. App. Lexis 6483, at *62 ("Predominance is not defeated by individual damages questions as long as liability is still subject to common proof."). The court even endorsed, where appropriate, a presumption of class-wide impact. *Id.* at *66. As an example, the court pointed to a presumption of class-wide impact in price-fixing cases when "the price structure in the industry is such that nationwide the conspiratorially affected prices at the wholesale level fluctuated within a range which, though different in different regions, was higher in all regions than the range which would have existed in all regions under competitive conditions." *Id.* (quoting *Winoff Indus. Inc. v. Stone Container Corp. (In re Linderboard Antitrust Litig.)*, 305 F.3d 145, 151 (3d Cir. 2002); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 455 (3d Cir. 1977)). As the court reasoned, a

comparison could be made between prices in the real world and prices in the but-for world (which Plaintiffs have done here).  *Id.*[1]

Contrary to AstraZeneca's mischaracterization of Plaintiffs' liability and damages model (*see* AZ Br. at 2), Plaintiffs' model establishes that each class member was in fact injured; in other words, it reflects actual overcharges and actual harm caused by AstraZeneca. Notwithstanding AstraZeneca's continuing complaints, the Court has already accepted that model as admissible and persuasive.  The Court has accepted the 30% "yardstick" expectations theory and endorsed the "revealed preferences" approach employed by Dr. Hartman (the latter of which, as the Court noted, Defendants did not challenge) and rejected each of Defendants' critiques of those models.  *In re Pharm. Indus. Average Wholesale Price Litig.*, 491 F. Supp. 2d 20, 87-88 (D. Mass. 2007);[2] *see also id.* at 92 ("I conclude . . . that the 30% yardstick methodology used by Dr. Hartman was reliable and admissible under Fed. R. Evid. 702.  The yardstick is consistent with the undisputed evidence in the market establishing an industry-wide markup between WAC and AWP of 20% to 25%.").  And the Court made a factual finding expressly endorsing and adopting Plaintiff's "but-for" causation model:

> [D]efendants challenge the fourth hypothesis that in the "but-for" world, total reimbursements would have been lower.  Dr. McFadden argues that drug prices would be higher than in the "as-is" world because manufacturers would not achieve greater market

---

[1] A cautionary word about *New Motor Vehicles* is in order.  AstraZeneca overplays the importance of *New Motor Vehicles* in an attempt to send an incorrect signal to the Court that the First Circuit's decision in that case has a new and dramatic impact on the certification decision that is pending here.  It does not.  As Plaintiffs previously highlighted, *New Motor Vehicles* only requires the Court to "engage in a searching inquiry into the viability of [plaintiff's] theory and the existence of the facts necessary for the theory to succeed" in cases where the facts are disputed and the theory of injury complex or novel.  2008 U.S. App. Lexis 6483, at *56.  Here, Plaintiffs' theory of injury is neither complex nor novel.  And although the Court "must evaluate the plaintiff's evidence … critically without allowing the defendant to turn the class-certification proceeding into an unwieldy trial on the merits,'" (*id.*, at *72 (quoting *In re PolyMedica Corp. Sec. Litig.*, 432 F.3d 1, 17 (1st Cir. 2005)), and "hard actual proof" at the class certification stage is not required (*id.* at *67), the Court has already found, on the merits, in favor of Dr. Hartman's liability and damages models.

[2] Under the theory of revealed preferences, "economic agents reveal their preferences, and implicitly the information they relied on, by their actual market decisions and behavior."  *Id.* at 88 (quoting Hartman Decl., ¶ 137).

- 3 -

> share by discounting, and providers would have an incentive to choose the product with the highest AWP (i.e., 95% of $100 is greater than 95% of $90). However, the proof is in the pudding. Dr. Rosenthal's testimony demonstrates that the MMA resulted in lower drug costs, even with the increase in administration fees. Moreover, if there were transparent and accurate pricing, AWPs would have likely been much lower because they would have been related to true market prices.

*Id.* at 92.

AstraZeneca claims that Plaintiffs' model does not establish whether any particular third-party payor was injured by the AWPs published for AstraZeneca's products. AZ Br. at 2. But the foregoing amply demonstrates that, in fact, ***every*** TPP making AWP-reimbursements was injured.

Furthermore, the nationwide scope of the instant motion does not change the analysis, as AstraZeneca would have us believe. AZ Br. at 2. Indeed, at trial Defendants' own experts relied on TPP-related information for TPPs located outside of the Commonwealth of Massachusetts, as did the Court. *See, e.g., In re AWP*, 491 F. Supp. 2d at 90-91 (citing Dr. Bell and Union Labor Life and Blue Cross Blue Shield of Montana testimony).

Lastly, and turning to AstraZeneca's mischaracterization of why *McLaughlin* is inapposite, Plaintiffs did not assert that *McLaughlin* is limited to the "consumer context" as AstraZeneca claims. AZ Br. at 2-3. Rather, Plaintiffs distinguished *McLaughlin* on the basis that, unlike here where the Court has already endorsed Dr. Hartman's model, the First Circuit in *McLaughlin* characterized the expert's work as "pure speculation." 2008 U.S. App. Lexis 7093, at *33. Thus, in contrast to Plaintiffs' damages model in *AWP*, the plaintiffs in *McLaughlin* had not developed a manner by which a standardized overcharge based on the actual damage caused

- 4 -

by the defendants' conduct could be determined.  That is why *McLaughlin* does not help AstraZeneca.[3]

| | |
|---|---|
| DATED:  April 24, 2008 | By  /s/ **Steve W. Berman**<br>     Thomas M. Sobol (BBO#471770)<br>     Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003 |

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

---

[3] And, for those few state UDTPAs that require reliance, AstraZeneca is completely silent as to *McLaughlin*'s express recognition that reliance can be demonstrated based on class-wide evidence.  *Id.* at *20-22 & n.7; *see also* Class Plaintiffs' Response to AstraZeneca Pharmaceutical LP's Submission of Recent Circuit Authority (Dkt. No. 5210) at 6-7 & n.2.

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

- 7 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on April 24, 2008, I caused copies of **CLASS PLAINTIFFS' RESPONSE TO (1) ASTRAZENECA PHARMACEUTICAL LP'S MOTION FOR LEAVE TO FILE AND (2) ASTRAZENECA'S MISLEADING REPLY TO PLAINTIFFS' STATEMENTS REGARDING THE RECENT CIRCUIT AUTHORITY SUBMITTED TO THE COURT** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

       **/s/ Steve W. Berman**
       Steve W. Berman