UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS RELATING TO TRACK 1 DEFENDANTS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**CLASS PLAINTIFFS' OPPOSITION TO BMS'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' REPLY TO BMS'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO <u>CERTIFY NATIONWIDE CLASSES 2 AND 3</u>**

Class Plaintiffs oppose BMS's motion for leave to file yet another submission on the issue of national class certification (Dkt. No. 5242). Plaintiffs bear the burden of prevailing on their Rule 23 motion and should, therefore, be entitled to the final brief on this issue, and the briefing has long been closed. And although the Court intended the parties to focus their briefing on state law issues, BMS – like AstraZeneca – continues to contest the Court's findings relating to Plaintiffs' liability and damages modeling, findings that the Court made after sifting through the substantial trial record and evaluating, first hand, the testimony of fact and expert witnesses. These findings are, among other things, the subject of appeals by both BMS and AstraZeneca.

Relying on the same Declaration of Steven M. Edwards (Dkt. No. 4979) that the Court already rejected at the class certification hearing since it was sprung on Plaintiffs on the night before the hearing,[1] BMS asserts that individual issues relating to the TPPs vitiate class

---

[1] Mar. 18, 2008 Hearing Trans. at 46-47.

- 1 -

001534-16 235642 V1

treatment.[2]  BMS claims that there are TPPs who do not believe AWP was a consistent benchmark and/or understood that spreads could exceed 30%.  BMS Br. at 2.  BMS even claims that some TPPs do not use AWP, *id.*, although what relevance this assertion has is unclear given that, if the TPP did not make reimbursements based on AWP, it is not included in the proposed class definitions.  In any event, BMS and other defendants have made all of these arguments before, and the Court has squarely rejected them – both as an impediment to class certification and as a defense to liability at trial.  As Plaintiffs have highlighted repeatedly in prior briefing, the Massachusetts trial demonstrated that Plaintiffs' claims were principally susceptible to common proof and that common issues predominate.  Plaintiffs will not re-plow that ground here and will instead refer the Court to other briefing on the issue, including Plaintiffs' Reply Memorandum in Support of Motion to Certify Nationwide Classes 2 and 3 against Defendants AstraZeneca and BMS (Dkt. No. 5033) at 3-6 and Class Plaintiffs' Response to (1) AstraZeneca Pharmaceutical LP's Motion for Leave to File and (2) AstraZeneca's Misleading Reply to Plaintiffs' Statements Regarding the Recent Circuit Authority Submitted to the Court at 3-4.  The same approach, based on much of the same evidence, will prevail in a nationwide trial, and the Court should reject BMS's arguments.

---

[2] Not only did the Court reject the declaration, the declaration contains citations to deposition testimony that are misleading and ignore both the context of the short "sound bites" referenced in the selected transcript pages and other statements that the witnesses made that run counter to the propositions advanced by BMS.  Plaintiffs have responded to many of these misleading citations in prior briefing and respectfully refer the Court to Plaintiffs' Appendix of Summary Charts in Support of Class Certification (filed under seal on Dec. 17, 2004), Appendices 1(a)-(d), 1(j) and 1(m), which are incorporated herein by this reference.

DATED:  April 24, 2008  By      /s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

- 3 -

- 4 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

      I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on April 24, 2008, I caused copies of **CLASS PLAINTIFFS' OPPOSITION TO BMS'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' REPLY TO BMS'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY NATIONWIDE CLASSES 2 AND 3** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

        **/s/ Steve W. Berman**
        Steve W. Berman