08/09/00 14:20 FAX 215 751 7645    SMITHKLINE                                    ☒003
Case 1:01-cv-12257-PBS   Document 5258-7   Filed 04/25/08   Page 1 of 2
                                                                    T-083 P.02/04 Job-026
AUG-09-00 11:21 From:                              TO 99#0398#58559010 P.02/03

AUG 04 '00 16:22 FR

# HOGAN & HARTSON
L.L.P.

DAVID P. KING
PARTNER
(410) 659-2709
DKING@HHLAW.COM

August 4, 2000

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202

TEL (410) 659-2700
FAX (410) 539-5931

**VIA TELECOPIER AND FIRST CLASS MAIL**

T. Reed Stephens, Esq.
United States Department of Justice
Civil Fraud Section
601 D Street, NW
9th Floor
Washington, DC 20004

Dear Mr. Stephens:

We received the Relator's Memorandum in Support of Government Intervention and in Response to Defendants' Arguments Against Government Intervention ("Relator's Memorandum"), which responds to our Analysis of why the United States Should Decline Intervention in United States ex rel. [Relator] v. [Defendants] (S.D. Fla.)(Under Seal) ("White Paper"). Because the Relator's Memorandum seriously misapprehends the important legal, factual and public policy issues involved here, we intend to respond to the Relator's Memorandum as soon as possible.

We understood from our previous discussions with you that you had committed that the Department of Justice would respond to the White Paper prior to any intervention decision being made. The Relator's Memorandum is not a substitute for the Department's response; we continue to expect to receive such a response before an intervention decision is made.

In addition, we previously requested a meeting with you, Mr. Hertz and Mr. Ogden to discuss the merits of this case before the Department makes an intervention decision. We repeat that request and ask for your commitment that such a meeting will occur.

HOGAN & HARTSON L.L.P.

T. Reed Stephens, Esq.
August 4, 2000
Page 2

We note that the Relator's Memorandum extensively quoted from (and attached) confidential documents. The Relator circulated the Relator's Memorandum and these documents to signatories to the White Paper and to non-signatories. These documents (which bear our Bates numbers) were produced to the Department of Justice pursuant to Civil Investigative Demands ("CID") and to the Department of Justice and the Department of Health and Human Services pursuant to administrative subpoenas. They have been provided to the Relators in violation of laws pertaining to the disclosure of documents produced pursuant to CIDs and of the representation that the Department of Justice would treat them as confidential. The release of these documents to the Relators and the circulation of them by the Relator is, to say the least, extremely disturbing. Please advise us immediately what steps you intend to take to prevent the further circulation and distribution of these and other confidential materials.

Finally, the Relator's Memorandum states unequivocally that this matter is headed for litigation. We continue to believe that government intervention in this case would be inappropriate. Nevertheless, we ask that you take appropriate and immediate steps to insure that your client agencies (including at a minimum HHS, HCFA, MFCU units, State Medicaid officials, single state payor agencies, and the Department of Veterans' Affairs) maintain all documents that may be relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

We look forward to discussing these matters with you further.

Very truly yours,

David P. King

cc: David Ogden, Esq. (Via Telecopier)
Michael Hertz, Esq. (Via Telecopier)