UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida* | ) | |
| *Keys, Inc., Zachary T. Bentley, and* | ) | Magistrate Judge Marianne B. Bowler |
| *T. Mark Jones v. Abbott Laboratories, Inc.*, | ) | |
| No. 07-CV-11618-PBS | ) | |

**PLAINTIFF VEN-A-CARE OF THE FLORIDA KEYS, INC.'S MEMORANDUM IN OPPOSITION TO ABBOTT LABORATORIES, INC.'S REQUEST FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) AND STAY OF DISCOVERY PENDING APPEAL**

On March 14, 2008, this Court denied in full Abbott Laboratories, Inc.'s motion to dismiss Relator Ven-A-Care of the Florida Keys Inc (VAC)'s Erythromycin complaint, and ordered the parties to propose a discovery schedule for the Erythromycin action. Abbott now seeks to delay this case by requesting certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and a stay of discovery pending appeal. Specifically, Abbott seeks certification of the Court's ruling denying the motion to dismiss for lack of jurisdiction under the False Claims Act's first-to-file bar, 31 U.S.C. § 3730(b)(5).[1]  Interlocutory review is not warranted here because there is not a "controlling question of law as to which there is a substantial ground for difference of opinion" with respect to the Court's order on the first-to-file jurisdictional issue.

---

[1] Abbott does not challenge the Court's ruling denying the motion to dismiss on statute of limitations grounds. Interlocutory appeal of the same issue was already denied by the Court in the related case against Dey. *See In re Pharm. Indus. Average Wholesale Price Litig.*, No. 05-11084-PBS, 2008 U.S. Dist. LEXIS 6360, at *83 (D. Mass. Jan. 16, 2008) (denying Dey's motion to certify for immediate appeal the Court's ruling denying Dey's motion to dismiss based on the statute of limitations).

Further, discovery should not be delayed. Abbott has declined until today to confer with Plaintiff regarding a discovery schedule, but Plaintiff believes that a discovery schedule should permit the Erythromycin claims against Abbott to closely track the schedule in effect for the pending intervened federal claims against Abbott. VAC respectfully requests that this Court not permit further delay of a case headed to trial by certifying an unwarranted interlocutory appeal. Accordingly, Abbott's request for certification of interlocutory appeal and a stay of discovery should be denied.

## ARGUMENT

28 U.S.C. § 1292(b) permits the Court to certify an order for immediate appeal where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S. C. § 1292(b); *see also In re Pharm. Indus. Average Wholesale Price Litig.*, No. 05-11084-PBS, 2008 U.S. Dist. LEXIS 6360, at *83 (D. Mass. Jan. 16, 2008).

The First Circuit has consistently interpreted Section 1292(b) very narrowly and held that "interlocutory certification . . . 'should be used sparingly and only in exceptional circumstances . . . .'" *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)); *see also Lane v. First Nat'l Bank of Boston*, 871 F.2d 166, 167, 175 (1st Cir. 1989) ("Interlocutory appeals under 28 U.S.C. § 1292(b) are disfavored; they are wholly discretionary, and should be entertained but sparingly.") As a general rule, the First Circuit does not grant interlocutory appeals from a denial of a motion to dismiss. *See McGillicuddy*, 746 F.2d at n.1; *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7 (1st Cir. 2005). Further, it is solely within the First

Circuit's discretion whether to grant an appeal, just as it is within the district court's discretion whether to certify the appeal in the first instance. *See McGillicuddy*, 746 F.2d at n.1; *Caraballo-Seda*, 395 F.3d at 9.

Here, Abbott's request for certification of appeal should be denied because the Court's ruling on the first-to-file jurisdictional issue does not present a controlling question of law as to which there is substantial ground for difference of opinion. The Court correctly held that Plaintiff's Erythromycin complaint is not barred by its earlier action against Abbott filed in the Southern District of Florida in 1995 (and amended in 1997) pursuant to Section 3730(b)(5) of the False Claims Act (hereafter "FCA"). Section 3730(b)(5), which establishes the first-to-file jurisdictional bar, states: "When a person brings an action under [§3730(b)], no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." The Court reasoned that the first-to-file bar did not apply to Plaintiff's Erythromycin complaint because the earlier federal case "does not make allegations relating to Erythromycin." The Court's ruling is consistent with the purpose of Section 3730(b)(5) and, contrary to Abbott's assertions, does not conflict with other legal decisions on the issue.

The cases cited by Abbott do not establish a difference of opinion with this Court's ruling. Abbott attempts to "read into" the Court's March 14, 2008 order a rationale endorsing an "identical facts" test – essentially that a second-filed lawsuit will only be barred pursuant to Section 3730(b)(5) if it contains the "identical facts" as the first suit. After setting up this straw man argument, Abbott goes on to assert that there is substantial ground for a difference of opinion on this issue as "[t]here is a near-consensus among the federal courts that a later-filed suit does not need to contain *identical* facts in order for the first-to-file bar to apply." Abbott

Request at 5.  In fact, as discussed in Plaintiff's memorandum in opposition to Abbott's motion to dismiss, see page 8, Plaintiff essentially agrees with Abbott that courts have generally rejected the notion that the bar only applies when the two complaints allege "identical facts" and have instead applied the test more broadly to see if the material facts were the same and if the second suit would permit additional recovery by the government.  *See, e.g., United States ex rel. Capella v. United Techs. Corp.*, 1999 U.S. Dist. LEXIS 10520, *17-18 (D. Conn. June 3, 1999); *United States ex rel. Erickson v. American Institute of Biological Sciences*, 716 F. Supp. 908 (E.D. Va. 1989).

Under prevailing interpretations of Section 3730(b)(5), Relator's Erythromycin complaint against Abbott naming both Erythromycin and other drug products from Abbott's Pharmaceutical Products Division ("PPD Division") (hereafter "VAC Erythromycin case") is not barred by the pending federal case which concerns a different division of Abbott and different drugs and damages (hereafter "intervened HPD case").  The intervened HPD case concerns the entirely different Hospital Products Division of Abbott and alleges FCA violations with respect to different drugs sold by different people to a different market segment.  There are no Erythromycin drugs in the intervened HPD prosecution.  Abbott's Erythromycin drugs that are the subject of this suit are marketed and sold through Abbott's PPD Division, which primarily sells oral (self-administered) drugs that are prescribed by physicians for patients.  As noted below, Abbott has continually and successfully touted this difference in limiting the scope of discovery in the intervened HPD action.

Nothing alleged by VAC in the intervened HPD case would have alerted the federal government about the fraud emanating from Abbott's PPD Division, although discovery

ultimately revealed that the AWP pricing schemes infiltrated across divisional boundaries and received support from highly placed Abbott executives. From the outset, however, Relator has never pled that Abbott, a huge multinational company, has committed pricing fraud violations with respect to all of its numerous drugs sold by all of its divisions. Indeed, this Court would never have permitted such sweeping claims without particularized allegations. Relator's allegations in the intervened HPD case were limited to infusion drugs sold in the outpatient market of specialty healthcare providers. Notably, throughout the intervened HPD litigation, Abbott has repeatedly argued that the claims are limited to the four named drug products and to the Hospital Products Division and thus that discovery must be limited to those drugs and that division. Manifestly, the intervened HPD case will not permit the federal government to recover damages caused by the pricing fraud in the PPD Division involving the erythromycin products.

Finally, in a same-relator situation such as exists here, there is no overriding concern about protecting a first relator or insulating the government from multiple awards to successive, copycat relators. Here, the same Relator brought two materially separate suits and Abbott has already secured rulings from this Court in its own favor based on those differences.

As noted, Abbott's cited cases do not demonstrate substantial grounds for a difference of opinion as to the applicability of the first-to-file bar in this case. In *United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3 227 (3d Cir. 1998), for example, where the second-filed relator did not file a case until a substantial settlement had been negotiated in the first-filed action, the court focused on avoiding competing relators and determining whether the new claims would permit additional recovery for the government. *Id*. at 234. Key to the court's reasoning was its determination that "once the government [knew] the

essential facts of a fraudulent scheme, it [had] enough information to discover related frauds." *Id*.  Similarly, in *United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.,* 318 F.3d 214, 218 (D.C.Cir. 2003), the court found that the second-filed complaint's allegations "were merely variations on" the fraud alleged in the first-filed complaint.  While the second complaint did mention fraudulent transactions at a home health agency in a state not mentioned in the first, the initial complaint's allegations describe a "corporate-wide" problem which extended to "550 home health locations in 37 states."  *Id*.  Likewise in *United States ex rel. Tillson v. Lockheed Martin Energy Systems*, *Inc.*, 2004 WL 2403114 (W.D.Ky. 2004), the court repeatedly analyzed whether the second-filed complaint merely added detail and whether "such duplicative claims [would] help reduce fraud or return funds to the federal fisc, since once the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds."  *Id*. at *5.  In these AWP cases, where this Court has repeatedly identified the specific market prices on particular drugs as necessary elements of asserting fraudulent pricing claims, it is clear that allegations concerning some drugs in one corporate division did not provide the government with "enough information to discover related frauds" in a different division involving different drugs and different markets, and that permitting additional drug products to be named will permit additional recoveries by the government.

      Abbott has also failed to met the second pre-requisite for § 1292(b) certification, that interlocutory appeal would materially advance the termination of the litigation.  Discovery in this case should not be further delayed.  Discovery in this case should not entail "significant time and expense" as alleged by Abbott, nor will the merits issues be "complex and time-consuming," largely due to the far-ranging discovery of the government programs already conducted by

Abbott as well as the extensive company-wide and divisional discovery already completed in the intervened HPD and Texas actions. Accordingly, barring the unnecessary delay occasioned by Abbott's certification and stay request, this case could be readied for trial with relatively little additional discovery and in tandem with the intervened HPD case against Abbott. Thus, certification of an appeal of the Court's Order will not save much time, energy or expense, as the case can be expeditiously readied for trial.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Abbott's request for certification of an interlocutory appeal and stay of discovery.

Dated:  April 29, 2008

Respectfully submitted,
Attorneys for Plaintiff
Ven-A-Care of the Florida Keys, Inc.

   /s/ Susan Schneider Thomas
BERGER & MONTAGUE, P.C.
Sherrie R. Savett
Susan Schneider Thomas
Roslyn G. Pollack
Joy Clairmont
1622 Locust Street
Philadelphia, PA 19103
Phone: 215-875-3000

STERN, SHAPIRO, WEISSBERG & GARIN LLP
Jonathan Shapiro (BBO No. 454220)
90 Canal Street, 5th Floor
Boston, MA 02114-2022
Phone: 617-742-5800

THE BREEN LAW FIRM
James J. Breen (Florida Bar No. 297178)
P.O. Box 297470
Pembroke Pines, FL 33029-7470
Phone: 954-874-1635
Fax: 954-874-1705

GOODE, CASSEB, JONES, RIKLIN,
    CHOATE & WATSON
John E. Clark
2122 North Main Avenue
San Antonio, TX 78212-9680
Phone: 210-733-6030

**CERTIFICATE OF SERVICE**

I, William J. Mecoli, Paralegal, hereby certify that I caused a true and correct copy of the foregoing PLAINTIFF VEN-A-CARE OF THE FLORIDA KEYS, INC.'S MEMORANDUM IN OPPOSITION TO ABBOTT LABORATORIES, INC.'S REQUEST FOR CERTIFICATIONOF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) AND STAY OF DISCOVERY PENDING APPEAL tp be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 29th day of April 2008.

/s: William J. Mecoli