UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL DOCKET NO. 1456 |
| | ) |
| | ) Civil Action No. 06-CV-11337 |
| | ) Lead Case No. 01-CV-12257 |
| _____ | ) ) |
| THIS DOCUMENT RELATES TO: | ) ) Judge Patti B. Saris |
| U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al. | ) ) ) |
| | ) Magistrate Judge Marianne B. Bowler |

### AFFIDAVIT OF LAURA A. DAHL

STATE OF ILLINOIS    )
                     :
COUNTY OF COOK       )

**LAURA A. DAHL, BEING DULY SWORN, DEPOSES AND SAYS:**

1. My name is Laura A. Dahl. I am over the age of twenty-one. I am familiar with and have personal knowledge of the facts set forth herein. I submit this affidavit in support of Defendant Abbott Laboratories Inc.'s Motion To Enforce the February 16, 2007 Protective Order and For Order Compelling Plaintiffs To Return Inadvertently Produced Privileged Documents.

2. I have worked as an attorney at Jones Day for the past six years. As such, I am one of the Jones Day attorneys representing Abbott Laboratories Inc. ("Abbott"). As a result of my representation of Abbott, I am familiar with the document review procedures utilized by Abbott in *U.S. ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, 06-CV-11337-PBS, *In re Pharmaceutical Industry Average Wholesale Price Litigations*, MDL No. 1456 / Civil Action No. 01-12257 (the "Litigation").

3.      As of May 6, 2008, Abbott has produced over one million pages of paper and electronic documents to Plaintiffs in the Litigation.

4.      On or around October 19, 2007 and November 8 and 9, 2007, Abbott produced approximately 48,000 pages of documents relating to its former Home Infusion Services business on seven CD-ROM disks, as part of its production to Plaintiffs in the Litigation (the "Home Infusion production").

5.      Prior to providing the Home Infusion production, Abbott took steps to assure that qualified Jones Day attorneys and licensed contract attorneys reviewed all of the documents collected from its former Home Infusion Services business for both responsiveness and privilege.

6.      The review proceeded in a two-tiered process.  In the first-tier review, junior Jones Day attorneys and licensed contract attorneys conducted an initial review of the Home Infusion Services documents for responsiveness and privilege.

7.      The first-tier reviewers were instructed to identify and mark all responsive Home Infusion Services documents which contained any communication to or from Abbott's in-house counsel, Abbott's legal personnel, or Abbott's outside counsel as "privileged."

8.      The first-tier reviewers were not permitted to make privilege determinations on their own; they were required to mark all responsive Home Infusion Services documents which contained any communication to or from Abbott's in-house counsel, Abbott's legal personnel, or Abbott's outside counsel as "privileged."

9.      Once the initial review for "privileged" documents was completed, all responsive Home Infusion Services documents marked "privileged" were escalated to a second-tier review

during which they were re-reviewed by a more experienced Jones Day attorney tasked with making a final determination regarding any privilege or immunity applicable to the previously-marked "privileged" Home Infusion Services documents.

10. Despite the two-tiered review process, two internal Abbott legal memos authored by a senior attorney in Abbott's General Counsel office and reflecting that attorney's legal advice failed to be flagged as "privileged" during first-tier review. These two internal memos were therefore never escalated for second-tier review.

11. The two internal Abbott legal memos, bearing the production numbers ABT-DOJ 0326756 and ABT-DOJ 0326772 were included in the November 8, 2007 set of 4 CD-ROM disks produced to Plaintiffs as part of Abbott's three-part production of Home Infusion Services documents.

12. The two internal Abbott legal memos are copies of a one-page February 27, 1991 internal Abbott memo regarding a "Business Marketing Agreement." The memo is authored by James L. Albrecht, one of Abbott's Senior Attorneys, and is addressed from "The Office of General Counsel" to Mark F. Gorman and Kathy A. Riddle. The memo includes Mr. Albrecht's legal recommendations, advice, and opinions in response to a request to render a legal opinion regarding a Business Marketing Agreement.

13. At the time the memo was drafted, Mark F. Gorman was a Manager of Contracting and Business Development at Abbott and Kathy A. Riddle was a Contract Marketing Analyst at Abbott charged with handling the Business Marketing Agreement identified in the memo and reporting her findings to Mr. Gorman in order to facilitate his decisions regarding the Agreement.

14. At the time of its production of Home Infusion Services documents, Abbott and its counsel were unaware that the two internal Abbott legal memos were included in Abbott's Home Infusion production.

Further Affiant sayeth not.

This the 7th day of May, 2008.

_____
LAURA A. DAHL,
Affiant

Sworn to and subscribed before me this
7TH day of May, 2008.

_____
Notary Public

My Commission Expires: 7-15-11

OFFICIAL SEAL
MARILYN A BUNCK
Notary Public - State of Illinois
My Commission Expires Jul 15, 2011

- 4 -