# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) |
| **THIS DOCUMENT RELATES TO:** | ) |
| | ) |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,* CIVIL ACTION NO. 05-11084-PBS | ) ) ) ) ) |

MDL No. 1456
Civil Action No. 01-12257-PBS

Hon. Patti B. Saris

### PLAINTIFF UNITED STATES OF AMERICA'S RESPONSE TO DEY DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States provides these responses to the Dey Defendants' ("Dey") First Set of Requests for Production of Documents (the "Requests") to the United States.

### GENERAL OBJECTIONS

1.      The United States objects to Dey's definitions and instructions to the extent they exceed or are inconsistent with the requirements of the Federal Rules of Civil Procedure, Local Rules of the District Court of Massachusetts, or the Case Management and Protective Orders entered in this case.

2.      The United States objects to these Requests to the extent they require the United States to draw legal conclusions or otherwise seek to impose upon the United States any requirements beyond those established by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts.

3.      The United States objects to these Requests to the extent they do not account for, or

are cumulative or duplicative of, material the United States has already voluntarily produced to Dey.

4.    To the extent these Requests are broadly directed to encompass documents related to other pharmaceutical companies and are not limited to Dey or the Subject Drugs, they are unreasonable, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, to the extent these Requests seek information concerning entities other than Dey, they may be in violation of existing seals or protective orders mandated by statute or by other courts of competent jurisdiction. Accordingly, these responses will be made only with respect to Dey.

5.    Each response is subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all other objections on grounds that would require the exclusion of any statement or information contained herein if the introduction of such evidence was sought at the time of trial, all of which objections and grounds are reserved and may be interposed at the time of trial. The fact that the United States has responded to any part or all of any particular Request is not intended to and shall not be construed to be a waiver by the United States of any such objection in this or any other action.

6.    The objections set forth herein are based on information now known to the United States and its attorneys, and are made without prejudice to the United States' right to assert additional objections should grounds for objection be discovered at a later time. The United States' responses to these Requests shall not be construed as a waiver of any objection to other discovery requests involving or relating to the same or similar subject matter of any of these Requests. The United States' response to any particular Request should not be construed as an admission or acknowledgment of any fact set forth in, assumed by, or inferred from any such Request.

2

7.     Subject to and without waiving its objections, the United States will respond to Requests or portions thereof to the best of its present ability. Because the United States has not completed its discovery of the facts pertaining to this action or its preparation of this case for trial, the United States reserves the right to supplement or amend its responses based upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

8.     The United States objects to these Requests or parts thereof to the extent that they seek information or documents which are in the possession, custody or control of Dey or are publicly available and thus can be obtained from some other source (including but not limited to, a public source) which is more convenient and less burdensome.

9.     The United States objects to these Requests to the extent that they seek information protected from disclosure by any privilege or doctrine, including the attorney-client privilege, the work-product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the law enforcement investigative files privilege or any other applicable basis for invoking privilege. The United States will screen materials and information to be released to Dey to remove privileged materials. To the extent there is any inadvertent disclosure of privileged information, such inadvertent disclosure shall be subject to Paragraph 27 of the Protective Order entered on June 22, 2007. Moreover, the United States reserves its right to object to the introduction into evidence before the Court at any time before or at trial of information that is privileged or otherwise protected under law that was revealed or produced inadvertently. The United States does not, by responding to these Requests, waive any claim of privilege or the protection of any doctrine.

10.    The United States objects to these Requests to the extent that responding would require it to violate any seal imposed by a Court, by statute in the context of a False Claims Act *qui*

3

*tam* matter, or by the Federal Rules of Criminal Procedure. The United States will not separately object to any specific Request to assert this ground where doing so would itself identify a case currently under seal.

11.     The United States objects to these Requests to the extent that they seek material which is not subject to release under the Protective Order entered in this case, or exceed the terms of the Protective Order. To the extent that these Requests call for material subject to any applicable Protective Order in this case, it will be produced subject to the terms of that order.

12.     The United States objects to the scope of these Requests to the extent they call for documents that are not within the possession, custody or control of the United States Department of Health and Human Services' Centers for Medicare and Medicaid Services ("CMS").

13.     Subject to and without waiving any objections, where appropriate, the United States will produce information available to CMS through its contracts with Medicare carriers. The United States does not waive any objections to any assertions made by Dey that those contractors are part of CMS or parties to this action. The United States does not agree to be bound by the decisions or actions of those contractors.

14.     To the extent that these Requests call for the production of documents in the possession, custody or control of "Medicaid Intermediaries," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Dey. Subject to and without waiving any objections, the United States will produce any such documents within its possession, custody or control that are not privileged or otherwise subject to protection, are relevant, or contain information reasonably calculated to lead to the

4

discovery of admissible evidence.

15.     The United States objects to the extent that the Requests seek documents relating to "Equivalent Drugs" or "any drug." These Requests are vague, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16.     The United States objects to each Request to the extent that it seeks information beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

17.     To the extent these Requests seek information outside of the relevant time period, the United States objects to these Requests as overly broad, vague, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

18.     When the United States responds that it will produce documents in response to a Request, it will produce such documents to the extent that they exist and can be reasonably obtained. By stating that it will produce documents, the United States does not represent that any such documents or things in fact exist, or that they are within its possession, custody or control.

19.     These General Objections apply to each Request and thus, for convenience, are not repeated after each Request, but rather are set forth herein and hereby incorporated into each response. The assertion of the same, similar, or additional objections or the provision of partial responses to individual Requests does not and should not be construed to waive or modify any of the United States' general objections to each Request.

20.     The United States reserves its right to update or supplement its responses and objections to these Requests.

21.     The United States objects to these Requests to the extent that they are cumulative and

5

duplicative of Dey's other discovery requests, including but not limited to, third-party subpoenas issued to the United States and its contractors by defendants in any other AWP litigation.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      The United States objects to the inclusion of definitions and instructions in the Requests that are neither invoked by nor referenced in any individual request. Failure of the United States to object to any particular definition or instruction in this documents, particularly definitions and instructions not applicable to these Requests in any way, should not be construed as a waiver of any objection the United States may raise to an identical definition or instruction in responding to discovery requests in this or any other action.

2.      The United States objects to Dey's Instruction A that the Requests "are not limited to documents in possession of the United States Department of Health and Human Services. ("HHS") or the central and regional offices of the Centers for Medicare and Medicaid Services ("CMS")" but include documents in the possession of the U.S. Government's "executive, administrative, and legislative offices and agencies . . . ." With respect to "Medicaid Intermediaries," to the extent that any state used a contractor to administer or assist in the administration of its Medicaid program, it was pursuant to a contract or agreement between such contractor and a state agency and not the U.S. Government.

3.      The United States objects to Dey's definition of "Equivalent Drugs" (#3) to the extent that it purports to encompass "drugs that contain the same active chemical" and are manufactured by manufacturers other than Dey, as vague, overly broad, and neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Each of Dey's Requests that calls for documents related to "Equivalent Drugs" is overly

broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The United States will answer these Requests only with respect to the "Subject Drugs" that are at issue in this litigation.

## DOCUMENTS REQUESTED FROM PLAINTIFF UNITED STATES OF AMERICA

1.      All documents concerning the calculation, determination and establishment of each FUL applicable to each of the Subject Drugs.

> RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

2.      All documents concerning why no FUL was calculated for one or more of the Subject Drugs.

> RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome, and appears to seek documents that are protected by the deliberative process privilege. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

3.      All Documents concerning the FUL Schedules for the Subject Drugs.

> RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

4.      Documents sufficient to determine the period of time that any FUL was applicable to any Subject Drug.

> RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

5.      Documents sufficient to determine the period of time that any FUL was applicable to any Subject Drug.

7

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

6.     The National Compendia consulted in setting each FUL applicable to each of the Subject Drugs.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

7.     All documents concerning each of the published prices, including the source of such prices, used to set the FUL applicable to each of the Subject Drugs, including the NDC number of the product and package size to which such price was applicable.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

8.     All documents concerning the price actually used to determine each FUL applicable to each of the Subject Drugs, including the type of price, the source of the price, and any particular drug – identified by NDC – to which the price is applicable.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

9.     All documents containing any information concerning drugs covered by FULs, other than pricing information, which was used in the determination or establishment of each FUL applicable to each of the Subject Drugs. This request includes, but is not limited, to information regarding drug forms, dosages, strengths, and package sizes.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome and vague and ambiguous as to "drugs covered by FULs . . . ." Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

10.     Documents concerning any effort made to determine the actual availability

8

in the marketplace of at least three therapeutic and pharmaceutical equivalents for each of the Subject Drugs for any period during which a FUL was applicable to a Subject Drug.

> RESPONSE:  The United States objects to this Request because it is overly broad and unduly burdensome.  Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

11.    All documents concerning the criteria for determining which drugs were pharmaceutically and therapeutically equivalent for purposes of setting the FUL for each of the Subject Drugs.

> RESPONSE:  The United States objects to this Request because it is overly broad and unduly burdensome, and appears to seek documents that are protected by the deliberative process privilege.  Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

12.    All documents concerning the identification of those drug products that are or were determined to be "A" rated in connection with the setting of the FUL for each of the Subject Drugs.

> RESPONSE:  The United States objects to this Request because it is overly broad and unduly burdensome.  Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

13.    All documents concerning the efforts used to verify the published prices used to set the FUL applicable to each of the Subject Drugs.

> RESPONSE:  The United States objects to this Request because it is overly broad and unduly burdensome.  Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

14.    All documents concerning the criteria used to determine whether a published price should be considered in setting a FUL applicable to each of the Subject Drugs.

> RESPONSE:  The United States objects to this Request because it is overly broad and unduly burdensome, and appears to seek documents that are protected by the deliberative process privilege.  Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

15.     All documents concerning the criteria used to determine the most commonly available package size in connection with the setting of an FUL applicable to each of the Subject Drugs.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome, and appears to seek documents that are protected by the deliberative process privilege. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

16.     All documents concerning the criteria used to determine which price was used to set the FUL when published prices from multiple manufacturers were identical.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome, and appears to seek documents that are protected by the deliberative process privilege. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

17.     All documents concerning communications between CMS and any other state or federal government agency concerning the FUL applicable to the Subject Drugs or Equivalent Drugs.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome, and to the extent it seeks documents related to "Equivalent Drugs," not reasonably calculated to the lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents, if any.

18.     All documents concerning any effort made to determine whether the establishment of a FUL for any of the Subject Drugs would likely result in savings to the Medicaid program.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome, and appears to seek documents that are protected by the deliberative process privilege. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

19.     All documents concerning any effort made to ensure that State Medicaid Program expenditures for drugs subject to FULs were within the upper limits set during the Relevant Period.

10

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and appears to seek documents that are protected by the deliberative process privilege. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

20.     All documents concerning any state's adoption of FUL as all or part of the reimbursement methodology for the Subject Drugs.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

21.     All documents concerning communications between CMS and any State Medicaid Program concerning such program's compliance or lack of compliance with the upper limits applicable to the Subject Drugs pursuant to the FUL Program.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome, and to the extent it seeks documents related to "Equivalent Drugs," not reasonably calculated to the lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents, if any.

22.     All documents concerning communications between CMS and any State Medicaid Program concerning the means by which any FUL applicable to any Subject Drug was determined, calculated, or decided upon.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

23.     All documents concerning a comparison of the FULs and any state maximum allowable cost amount applicable to any drug.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome, and to the extent it seeks documents related to "Equivalent Drugs," not reasonably calculated to the lead to the discovery of admissible evidence. Subject to and without waiving those objections and the

11

General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents, if any.

24.     All documents concerning any analysis, study, or research concerning the use of average manufacturer prices (AMPs) or average sales prices (ASPs) as the basis for the FUL applicable to any drug.

RESPONSE: In responding to this Request, the United States assumes that the term "average manufacturer prices (AMPs)" as used herein shall have the meaning set forth in 42 U.S.C. § 1396r-8(k)(1). The United States objects to this Request as vague and ambiguous because the terms "average sales prices (ASPs)" and "any drug" are undefined, and further objects because it is overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and appears to seek documents that are protected by the deliberative process privilege. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

25.     All documents concerning any analysis, study, or research concerning the potential impact of the changes to the FUL which took effect on January 1, 2007 pursuant to § 6001 of the Deficit Reduction Act of 2005, Pub. L. 109-171, 120 Stat. 4 (2006).

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and appears to seek documents that are protected by the deliberative process privilege. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

26.     All documents concerning any effort made prior to the enactment of the Deficit Reduction Act of 2005, Pub. L. 109-171, 120 Stat. 4 (2006), to modify the process by which FUL is established, including the consideration of any proposal to use AMPs or ASPs as the starting point for calculation of FUL.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome, and appears to seek documents that are protected by the deliberative process privilege. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents if any.

27.     All documents concerning the relationship between ingredient cost and dispensing fee reimbursement for any drug subject to a FUL during the Relevant Period.

RESPONSE: The United States objects to this Request as vague and ambiguous because

the term "any drug" is undefined, and further objects because it is overly broad and unduly burdensome.

28.　　All documents concerning the reports titled "Comparison of Medicaid Federal Upper Limit Amounts to Average Manufacturer Prices," OEI-03-05-00110 (HHS-OIG, June 2005) and "How Inflated Published Prices Affect Drugs Considered for the Federal Upper Limit List," OEI-03-05-00350 (HHS-OIG, September 2005).

RESPONSE:  The United States objects to this Request because it is overly broad and unduly burdensome, and appears to seek documents that are protected by the deliberative process privilege.  Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

29.　　All documents concerning communications between CMS and any State Medicaid Program concerning the FUL Program.

RESPONSE:  The United States objects to this Request as overly broad and unduly burdensome, and appears to seek documents that are protected by the deliberative process privilege.

30.　　All documents concerning the purpose, motive, or policy behind the establishment of the FUL Program or similar upper payment limits for multiple source drugs, and any modifications to the FUL Program or upper payment limits. This request seeks documents for the period from January 1, 1965 to the present.

RESPONSE:  The United States objects to this Request as overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and because it appears to seek documents that are protected by the deliberative process privilege.

31.　　All documents concerning the history of the FUL Program, including any similar predecessor program or policy providing for payment limits for multiple source drugs. This request seeks documents for the period from January 1, 1965 to the present.

RESPONSE:  The United States objects to this Request as overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and because it appears to seek documents that are protected by the deliberative process privilege.

32.　　All documents concerning presentations made to Congress or any congressional committees regarding the FUL Program and any proposed rules relating to the setting of FULs. This request seeks documents for the period from January 1, 1965 to the

present.

RESPONSE: The United States objects to this Request as overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and because it appears to seek documents that are protected by the deliberative process privilege.

JEFFREY S. BUCHOLTZ
ACTING ASSISTANT ATTORNEY
GENERAL

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:

GEORGE B. HENDERSON, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

JOYCE R. BRANDA
DANIEL R. ANDERSON
LAURIE A. OBEREMBT
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 514-3345

14

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a copy of the foregoing Plaintiff United States of America's Response to Defendant Dey's First Request for Production of Documents to be served via Federal Express overnight delivery and e-mail on the following counsel.

James J. Breen, Esq.
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL 33027
Tel: (954) 874-1635
Fax: (954) 874-1705
Email: jbreen@breenlaw.com
*Counsel for Relator*

Martin F. Murphy, Esq.
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600
Tel: (617) 832-1000
Fax: (617) 832-7000
Email: MMurphy@foleyhoag.com
*Counsel for Defendants*

Neil Merkl, Esq.
Clifford Katz, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: NMerkl@Kelleydrye.com
*Counsel for Defendants*

Dated: 2/19/08

Laurie A. Oberembt