# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)<br>)    MDL No. 1456<br>)    Civil Action No. 01-12257-PBS<br>) |
| **THIS DOCUMENT RELATES TO:** | )<br>)    Hon. Patti B. Saris<br>) |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v.  Dey, Inc., et al.,* CIVIL ACTION NO. 05-11084-PBS | )·<br>)<br>)<br>) |

**PLAINTIFF UNITED STATES OF AMERICA'S RESPONSE
TO DEY DEFENDANTS' SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States provides these

responses to the Dey Defendants' ("Dey") Second Set of Requests for Production of Documents (the

"Requests") to the United States.

**GENERAL OBJECTIONS**

1.     The United States objects to Dey's definitions and instructions to the extent they

exceed or are inconsistent with the requirements of the Federal Rules of Civil Procedure, Local Rules

of the District Court of Massachusetts, or the Case Management and Protective Orders entered in

this case.

2. .     The United States objects to these Requests to the extent they require the United

States to draw legal conclusions or otherwise seek to impose upon the United States any

requirements beyond those established by the Federal Rules of Civil Procedure or the Local Rules

of the United States District Court for the District of Massachusetts.

3.     The United States objects to these Requests to the extent they do not account for, or

are cumulative or duplicative of, material the United States has already voluntarily produced to Dey.

4.      To the extent these Requests are broadly directed to encompass documents related to other pharmaceutical companies and are not limited to Dey or the Subject Drugs, they are unreasonable, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, to the extent these Requests seek information concerning entities other than Dey, they may be in violation of existing seals or protective orders mandated by statute or by other courts of competent jurisdiction. Accordingly, these responses will be made only with respect to Dey.

5.      Each response is subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all other objections on grounds that would require the exclusion of any statement or information contained herein if the introduction of such evidence was sought at the time of trial, all of which objections and grounds are reserved and may be interposed at the time of trial. The fact that the United States has responded to any part or all of any particular Request is not intended to and shall not be construed to be a waiver by the United States of any such objection in this or any other action.

6.      The objections set forth herein are based on information now known to the United States and its attorneys, and are made without prejudice to the United States' right to assert additional objections should grounds for objection be discovered at a later time. The United States' responses to these Requests shall not be construed as a waiver of any objection to other discovery requests involving or relating to the same or similar subject matter of any of these Requests. The United States' response to any particular Request should not be construed as an admission or acknowledgment of any fact set forth in, assumed by, or inferred from any such Request.

2

7.      Subject to and without waiving its objections, the United States will respond to Requests or portions thereof to the best of its present ability. Because the United States has not completed its discovery of the facts pertaining to this action or its preparation of this case for trial, the United States reserves the right to supplement or amend its responses based upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

8.      The United States objects to these Requests or parts thereof to the extent that they seek information or documents which are in the possession, custody or control of Dey or are publicly available and thus can be obtained from some other source (including but not limited to, a public source) which is more convenient and less burdensome.

9.      The United States objects to these Requests to the extent that they seek information protected from disclosure by any privilege or doctrine, including the attorney-client privilege, the work-product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the law enforcement investigative files privilege or any other applicable basis for invoking privilege. The United States will screen materials and information to be released to Dey to remove privileged materials. To the extent there is any inadvertent disclosure of privileged information, such inadvertent disclosure shall be subject to Paragraph 27 of the Protective Order entered on June 22, 2007. Moreover, the United States reserves its right to object to the introduction into evidence before the Court at any time before or at trial of information that is privileged or otherwise protected under law that was revealed or produced inadvertently. The United States does not, by responding to these Requests, waive any claim of privilege or the protection of any doctrine.

10.      The United States objects to these Requests to the extent that responding would require it to violate any seal imposed by a Court, by statute in the context of a False Claims Act *qui*

3

*tam* matter, or by the Federal Rules of Criminal Procedure. The United States will not separately object to any specific Request to assert this ground where doing so would itself identify a case currently under seal.

11.     The United States objects to these Requests to the extent that they seek material which is not subject to release under the Protective Order entered in this case, or exceed the terms of the Protective Order. To the extent that these Requests call for material subject to any applicable Protective Order in this case, it will be produced subject to the terms of that order.

12.     The United States objects to the scope of these Requests to the extent they call for documents that are not within the possession, custody or control of the United States Department of Health and Human Services' Centers for Medicare and Medicaid Services ("CMS").

13.     Subject to and without waiving any objections, where appropriate, the United States will produce information available to CMS through its contracts with Medicare carriers. The United States does not waive any objections to any assertions made by Dey that those contractors are part of CMS or parties to this action. The United States does not agree to be bound by the decisions or actions of those contractors.

14.     To the extent that these Requests call for the production of documents in the possession, custody or control of a "Medicaid Intermediary," other state contractors, or from state Medicaid agencies, which are not in the possession, custody or control of the U.S. Government, the United States is not obligated to obtain such documents from these entities and produce those documents to Dey. Subject to and without waiving any objections, the United States will produce any such documents within its possession, custody or control that are not privileged or otherwise subject to protection, are relevant, or contain information reasonably calculated to lead to the

4

discovery of admissible evidence.

15.     The United States objects to the extent that the Requests seek documents relating to "Equivalent Drugs" or "any drug." These Requests are vague, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16.     The United States objects to each Request to the extent that it seeks information beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

17.     To the extent these Requests seek information outside of the relevant time period, the United States objects to these Requests as overly broad, vague, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

18.     When the United States responds that it will produce documents in response to a Request, it will produce such documents to the extent that they exist and can be reasonably obtained. By stating that it will produce documents, the United States does not represent that any such documents or things in fact exist, or that they are within its possession, custody or control.

19.     These General Objections apply to each Request and thus, for convenience, are not repeated after each Request, but rather are set forth herein and hereby incorporated into each response. The assertion of the same, similar, or additional objections or the provision of partial responses to individual Requests does not and should not be construed to waive or modify any of the United States' general objections to each Request.

20.     The United States reserves its right to update or supplement its responses and objections to these Requests.

21.     The United States objects to these Requests to the extent that they are cumulative and

5

duplicative of Dey's other discovery requests, including but not limited to, third-party subpoenas issued to the United States and its contractors by defendants in any other AWP litigation.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      The United States objects to the inclusion of definitions and instructions in the Requests that are neither invoked by nor referenced in any individual request. Failure of the United States to object to any particular definition or instruction in this documents, particularly definitions and instructions not applicable to these Requests in any way, should not be construed as a waiver of any objection the United States may raise to an identical definition or instruction in responding to discovery requests in this or any other action.

2.      The United States objects to Dey's Instruction #1 that the Requests "are not limited to documents in possession of the United States Department of Health and Human Services, ("HHS") or the central and regional offices of the Centers for Medicare and Medicaid Services ("CMS")" but include documents in the possession of the U.S. Government's "executive, administrative, and legislative offices and agencies . . . ." With respect to "Medicaid Intermediaries," to the extent that any state used a contractor to administer or assist in the administration of its Medicaid program, it was pursuant to a contract or agreement between such contractor and a state agency and not the U.S. Government.

3.      The United States objects to Dey's definition of "Equivalent Drugs" (#15) to the extent that it purports to encompass " any drug that contains the same active chemical" and are manufactured by manufacturers other than Dey, as vague, overly broad, and neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Each of Dey's Requests that calls for documents related to "Equivalent Drugs" is overly

6

broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The United States will answer these Requests only with respect to the "Subject Drugs" that are at issue in this litigation.

    4.    The United States objects to Dey's definition of the term "Medicaid Drug Rebate Program" (#22), to the extent that the definition asserts that the Public Health Service Section 340B Drug Pricing Program is part of the Medicaid Drug Rebate Program.

    5.    The United States objects to the definition of "Provider or Providers" (#29), to the extent it purports to include providers who would not purchase the Subject Drugs, as the definition necessarily renders the Requests that include this term overly broad, unduly burdensome and not necessarily calculated to lead to the discovery of admissible evidence.

## DOCUMENTS REQUESTED FROM PLAINTIFF UNITED STATES OF AMERICA

1.    All documents produced by You in response to requests served by Abbott and Roxane in *US. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.* No. 06-CV-11337-PBS and *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* No. 07-10248-PBS, respectively.

> RESPONSE: The United States objects to this Request to the extent it seeks individual claims data for other defendants, and will not produce such claims data to Dey. Subject to and without waiving that objection and the General Objections and Objections to Definitions and Instructions above, the United States states that it has produced documents to Dey, including in its Initial Disclosures pursuant to Rule 26, that were responsive to Requests for Production of Documents served by Abbott and Roxane, and that it will continue to provide copies to Dey (and to Roxane) of such documents, subject to the General Objections and Objections to Definitions and Instructions above and the specific objection in response to this Request.

2.    All responses by You to interrogatories served on You by Abbott and Roxane in *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.* No. 06-CV11337-PBS and *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Boehringer Ingelheim*

*Pharmaceuticals, Inc., et al.* No. 07-10248-PBS, respectively, including copies of all documents identified as part of such responses.

> RESPONSE: The United States has provided to Dey copies of its interrogatory responses to Abbott. The United States has not received any interrogatories from Roxane. To the extent documents identified in response to interrogatories were produced to Abbott, with the exception of defendant-specific claims data, the United States has produced those documents to Dey.

   3.   All documents received by the Plaintiff pursuant to subpoenas document requests to third parties, formal or informal, related to any of the Subject Drugs or any of the claims in this litigation, or in the Plaintiff's litigation with Abbott and Roxane, *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.* No. 06-CV-11337-PBS and *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* No. 07-10248-PBS, respectively.

> RESPONSE:  The United States objects to this Request to the extent it seeks documents subject to protection of any seal, privilege, or doctrine, or of Rule 6(e) of the Federal Rules of Criminal Procedure. The United States further objects to this Request to the extent it seeks individual claims data for other defendants, and will not produce such claims data to Dey. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States states that it has produced and continues to produce documents to Dey, in addition to the documents included in its Initial Disclosures pursuant to Rule 26, that the United States has "received" from third parties, including state Medicaid agencies. The United States will continue to produce such responsive, nonprivileged documents, if any.

   4.   All documents that support, contradict, or otherwise relate to Your allegations in the Complaint.

> RESPONSE:  The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

   5.   Produce all documents that support, concern, or refute your claim in paragraph 3 of the Complaint that "Dey reported false, fraudulent and inflated drug prices for certain drugs

8

(listed in paragraph 29 below) to several price reporting compendia that the Medicare and Medicaid programs relied upon to set reimbursement rates for Dey customers."

RESPONSE: The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

6. Produce all documents that support, concern, or refute your claim in paragraph 3 of the Complaint that Dey "marketed to existing and potential customers the government-funded 'spread' between the inflated reimbursement amounts and the actual acquisition costs of the drugs to boost Dey's sales and profits."

RESPONSE: The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

7. Produce all documents that support, concern, or refute your claim in paragraph 6 of the Complaint that "Dey also routinely made false statements directly to state Medicaid programs by reporting these same fraudulently inflated prices to the states."

RESPONSE: The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

8. Produce all documents that support, concern, or refute your claim in paragraph 35

9

of the Complaint that "Dey documents show that Dey knew of the impact of its price representations on government reimbursement for claims submitted by its customers for Dey's drugs."

> RESPONSE: The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

9. Produce all documents that support, concern, or refute your claim in paragraph 50 of the Complaint that "Dey knowingly made false or fraudulent representations about drug prices and costs to the *Red Book*, First DataBank, and MediSpan, while knowing that Medicare and Medicaid would use this information in paying or approving claims for such drugs. Dey further made these representations in order to use the 'spread' between cost and reimbursement to induce purchasers to buy Dey's drugs."

> RESPONSE: The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

10. Produce all documents that support, concern, or refute your claim in paragraph 51 of the Complaint that "To inflate the spread, and thereby induce purchases of its drugs, Dey purposely reported to *Red Book*, First DataBank, and MediSpan (and in some instances, the states) inflated AWPs and WACs for its drugs, while simultaneously arranging for its retail customers to purchase these drugs through wholesalers at far lower prices."

> RESPONSE: The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial

10

Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

11.     Produce all documents that support, concern, or refute your claim in paragraph 52 of the Complaint that "When Dey prepared to launch its albuterol, cromolyn sodium, and ipratropium bromide products in 1992, 1993, and 1996, respectively, Dey established and reported its AWP with the specific purpose of creating an attractive spread between the AWP and the actual price, so as to create an inducement- at the expense of the Medicare and Medicaid programs-for providers to purchase the Dey product."

RESPONSE: The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

12.     Produce all documents that support, concern, or refute your claim in paragraph 55 of the Complaint that "the spread on Dey's drugs were large and exceed 500% in some instances."

RESPONSE: The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

13.     Produce all documents that support, concern, or refute your claim in paragraph 56 of the Complaint that "the AWP per unit for Dey's most popular albuterol sulfate solution stayed constant at $30.25 per unit from 1994 through 2002. Meanwhile, the actual sales price to customers such as Ven-A-Care steadily dropped, reaching a low of $3.70 in 2002."

RESPONSE: The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey. Subject to and

11

without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

14.    Produce all documents that support, concern, or refute your claim in paragraph 56 of the Complaint that "the AWP per unit for Dey's ipratropium inhalation solution (size 30s) stayed constant at $52.80 per unit from 1997 through 2002, while sales price to customer such as Ven-A-Care decreased significantly, declining to $8.25 in 2002."

RESPONSE:  The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey.  Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures.  The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

15.    Produce all documents that support, concern, or refute your claim in paragraph 57 of the Complaint that "Dey trained its sales force on the significance of Medicare and Medicaid reimbursement and the importance of 'spread' between the AWP and the customer's actual cost."

RESPONSE:  The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey.  Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures.  The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

16.    Produce all documents that support, concern, or refute your claim in paragraph 58 of the Complaint that "Dey also reported falsely inflated WAC prices to the *Red Book*, First DataBank, and MediSpan in order to create a spread in states that relied on WAC as a basis for Medicaid reimbursement."

RESPONSE:  The United States objects to this Request to the extent it seeks

documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey.. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

17.    Produce all documents that support, concern, or refute your claim in paragraph 60 of the Complaint that "Throughout the relevant time period, despite steadily reducing the prices it charged its customers, Dey did not update its AWP pricing information to any of the price reporting services."

RESPONSE: The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

18.    Produce all documents that support, concern, or refute your claim in paragraph 60 of the Complaint that "Over time, Dey's AWPs bore little or no relation to the price actually charged to any customer."

RESPONSE: The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey. Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures. The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

19.    Produce all documents that support, concern, or refute your claim in paragraph 61 of the Complaint that "As a result of Dey's conduct, pharmacists and other providers submitted thousands of claims to the Medicare and Medicaid programs and received millions of dollars in excessive reimbursement."

13

RESPONSE:  The United States objects to this Request to the extent it seeks documents subject to the work product doctrine, and to the extent it seeks documents already in the possession, custody or control of Dey.  Subject to and without waiving those objections or the General Objections and Objections to Definitions and Instructions above, the United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures, and has provided and continues to provide claims data.  The United States reserves the right to supplement this response based upon Dey's responses to discovery requests propounded by the United States to Dey and information obtained during discovery in this case.

20.    All documents concerning the alleged losses, damages, or overpayments purportedly resulting from Dey's alleged conduct.

RESPONSE:  The United States objects to this Request because it is overly broad and vague, and to the extent it seeks documents subject to the work product doctrine.  Subject to and without waiving its specific and general objections, and objections to Dey's definitions and instructions, the United States has produced and will continue to produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.

21.    For the time period 1990 through the present, all documents concerning the actual acquisition costs that Dey's Customers and/or Providers paid for the Subject Drugs.

RESPONSE: The United States objects to this Request, to the extent that this Request is overly broad and vague, and to the extent it seeks documents held by Dey.  Subject to and without waiving its specific and general objections, and objections to Dey's definitions and instructions, the United States will produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.

22.    All documents concerning or consisting of communications with Providers regarding reimbursement for any of the Subject Drugs.

RESPONSE: The United States objects to this Request as overly broad, vague, and unduly burdensome.  The United States further objects to the extent that the Request is unnecessarily cumulative and duplicative of Dey's Requests for claims data.

23.    All documents concerning your efforts to encourage use of generic pharmaceuticals.

14

RESPONSE: The United States objects to this Request because it is overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and appears to seek documents protected by the deliberative process privilege.

24.    All documents containing pricing or reimbursement or cost comparisons between the Subject Drugs and generic or branded pharmaceuticals and the Equivalent Drugs.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome, and to the extent it seeks documents related to "Equivalent Drugs" or other unidentified drugs, not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce such responsive information as is contained in the Office of Inspector General (OIG) documents being produced by the United States.

25.    All documents, including but not limited to correspondence, reports, and memoranda concerning the reimbursement and pricing of inhalation drugs.

RESPONSE: The United States objects to this Request because it is vague as to the meaning of "inhalation drugs," overly broad and unduly burdensome, and to the extent it seeks documents related to drugs other than the Subject Drugs, not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce such responsive information as is contained in the OIG documents being produced by the United States.

26.    All documents, including but not limited to correspondence, reports, and memoranda concerning the reimbursement, pricing, or costs for the Subject Drugs and the Equivalent Drugs.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome, and to the extent it seeks documents related to "Equivalent Drugs," not reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent that the Request is unnecessarily cumulative and duplicative of Dey's Requests for claims data. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce such responsive information as is contained in the OIG documents being produced by the United States.

27.     All documents evidencing, reflecting, or otherwise concerning discussions, studies, analyses, considerations, or proposals by You or on Your behalf to alter the reimbursement methodology applicable to the Subject Drugs.

> RESPONSE:  The United States objects to this Request because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents subject to and protected by the deliberative process privilege.  Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States states that it has previously produced documents responsive to this Request to Dey as copies of documents produced to Abbott and Roxane, and in its Initial Disclosures pursuant to Rule 26.  The United States will produce additional responsive nonprivileged documents, if any, subject to the objections to this Request and the General Objections and Objections to Definitions and Instructions above.

28.     All documents concerning any requests by You for information concerning the prices, costs, or reimbursement of the Subject Drugs, including, but not limited to, contracts, agreements, or communications.

> RESPONSE:  The United States objects to this Request because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents subject to and protected by the deliberative process privilege.

29.     All documents that discuss, comment on, reflect or illustrate the difference between any AWP or WAC and the list or sales price (to any purchaser) of any of the Subject Drugs or Equivalent Drug sold by another manufacturer.

> RESPONSE:  The United States objects to this Request because it is overly broad and unduly burdensome, and to the extent it seeks documents related to "Equivalent Drugs," not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce such responsive information as is contained in the OIG documents being produced by the United States.

30.     All documents that discuss, comment on, reflect, illustrate or demonstrate the difference between reimbursement profit, loss or gain on any of the Subject Drugs, as compared with the reimbursement profit, loss or gain on another pharmaceutical product, including competing products.

RESPONSE: The United States objects to this Request because it is vague, overly broad and unduly burdensome, and to the extent it seeks documents related to other unidentified drugs, not reasonably calculated to lead to the discovery of admissible evidence.

31.     All documents concerning the costs associated with drugs administered through durable medical equipment ("DME").

RESPONSE: The United States objects to this Request because it is vague, overly broad and unduly burdensome, and to the extent it seeks documents related to other unidentified drugs, not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce such responsive information as is contained in the OIG documents being produced by the United States.

32.     All documents in the possession of CMS which relate to the reimbursement and pricing of the Subject Drugs by Medicare or Medicaid, including but not limited to correspondence, regulations, and memoranda.

RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks publicly available documents, and seeks documents subject to and protected by the deliberative process privilege. The United States further objects to the extent that the Request is unnecessarily cumulative and duplicative of Dey's Requests for claims data. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States states that it has previously produced documents responsive to this Request to Dey as copies of documents produced to Abbott and Roxane, and in its Initial Disclosures pursuant to Rule 26. The United States will produce additional responsive nonprivileged documents, if any, subject to the objections to this Request and the General Objections and Objections to Definitions and Instructions above.

33.     All correspondence between CMS and State Medicaid Programs regarding the reimbursement and pricing of the Subject Drugs.

RESPONSE: The United States objects to this Request because it is overly broad and unduly burdensome. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States has produced and will continue to produce responsive nonprivileged documents.

17

34.    All documents constituting or concerning any requests, surveys, studies or other efforts, actually conducted or proposed to be conducted by You or on Your behalf to determine the acquisition costs of the Subject Drugs to Providers, including but not limited to communications between You and any Provider[.]

> RESPONSE:  The United States objects to this Request because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents subject to and protected by the deliberative process privilege.  Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States states that it has previously produced documents responsive to this Request to Dey as copies of documents produced to Abbott and Roxane, and in its Initial Disclosures pursuant to Rule 26.  The United States will produce additional responsive nonprivileged documents, subject to the objections to this Request and the General Objections and Objections to Definitions and Instructions above.

35.    Complete claims data, including any annual, quarterly, or other periodic summaries relating to the claims data, for all the Subject Drugs during the Relevant Claim Period for every Medicare and Medicaid transaction for which the Plaintiffs seek recovery, including the following data: (1) the NDC; (2) units billed; (3) amount billed; (4) the date the claim was submitted; (5) the date the claim was paid; (6) the amount paid; (7) the dispensing fee; (8) the basis for reimbursement (e.g., AWP, WAC, MAC, FUL, or usual and customary price); (9) HCPCS/J Code; (10) identification number, name and address for the Provider; (11) identification number for the Participant or Beneficiary; (12) identification number of the claim; (13) date of birth of the Participant or Beneficiary; (14) Medicare and/or Medicaid payment amount; (15) date of service; and (16) claim status (e.g., denied, accepted, pending). This data shall be submitted in electronic form in a format to be agreed upon by the parties pursuant to the case management order in this case.

> RESPONSE:  The United States has provided substantial materials which are responsive to this Request as part of its Rule 26 Initial Disclosures and as part of its continuing production to Dey.  Subject to and without waiving its specific and general objections, and objections to Abbott's definitions and instructions, the United States will continue to produce documents that fall within this category regarding any matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.

36.    For all periods within the Relevant Claim Period, all documents relating to how DMERCs or Medicare Carriers determined the payment amount for the Subject Drugs.

> RESPONSE:  The United States objects to this Request because it is overly broad and unduly burdensome.  Subject to and without waiving these objections and the

18

General Objections and Objections to Definitions and Instructions above, the United States states that it previously produced to Dey documents responsive to this Request, including in its Initial Disclosures pursuant to Rule 26, and will continue to produce responsive documents.

37.    For the Subject Drugs, all communications concerning AMP between and among Manufacturers, the U.S. Government, any State Medicaid Program, or any DMERC, Medicare Carrier, or Medicaid Intermediary, as well as documents sufficient to identify which Persons within the State and Federal Governments received AMP information for the Subject Drugs.

RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents subject to and protected by the deliberative process privilege. The United States further objects to the extent it seeks documents concerning AMPs reported by manufacturers other than Dey. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents, if any.

38.    From January 1, 1992 to the end of the Relevant Claim Period, all communications between *CMS/HCFA*, HHS, or HHS-OIG and VA, CHAMPUS/Tricare Department of Defense, or any 340B Provider concerning the payment, purchase price, or expenditure of VA, CHAMPUS/Tricare, Department of Defense, or any 340B Provider for the Subject Drugs.

RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, vague, seeks documents subject to and protected by the deliberative process privilege, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

39.    From January 1, 1992 to the end of the Relevant Claim Period, copies of all Federal Supply Schedules listing the Subject Drugs, as well as all documents relating to the prices the VA, Department of Defense or any 340B Provider paid to obtain the Subject Drugs.

RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, or seeks information or documents which are publicly available and thus equally accessible to both parties.

40.    Documents sufficient to identify the amounts received each year by each state

19

under the Medicaid Drug Rebate Program for the Subject Drugs.

> RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States states that it has already produced to Dey some documents responsive to this Request, including in its Initial Disclosures, and that it will produce additional documents responsive to this Request regarding the Subject Drugs that are not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.

41.     All documents concerning the Medicaid Rebates for the Subject Drugs, including, but not limited to, documents containing AMPs and/or unit rebate amounts and other documents concerning Medicaid Rebates for the Subject Drugs.

> RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, seeks documents already in Dey's possession and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

42.     All documents concerning invoices for Medicaid Rebates sent by or on behalf of You to Dey for the Subject Drugs.

> RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, seeks documents already in Dey's possession and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce responsive nonprivileged documents.

43.     All documents sufficient to identify all DMERCs and Medicare Carriers during the Relevant Claim Period for the Subject Drugs, as well as the time period and geographical areas for which they served, including their names, addresses, and contact information.

> RESPONSE: The United States has previously produced to Dey documents responsive to this Request, including in its Initial Disclosures pursuant to Rule 26. Subject to and without waiving the General Objections and Objections to Definitions and Instructions above, the United States will produce additional nonprivileged documents that fall within this category, if any, regarding any

matter not privileged and that are relevant to the claims and defenses in this case or which may lead to the discovery of admissible evidence.

44.     Documents sufficient to identify the corporate structure as well as documents sufficient to identify the names, titles, and/or job descriptions of employees of all DMERCs, Medicare Carriers, and Medicare Intermediaries during the period that they acted as DMERCs, Medicare Carriers, or Medicare Intermediaries for the Subject Drugs.

RESPONSE:  Subject to and without waiving the General Objections and Objections to Definitions and Instructions above,  the United States states that it has previously produced documents responsive to this Request to Dey as copies of documents produced to Abbott, and also in its Initial Disclosures.  The United States will produce additional responsive documents, if any, subject to the objections to this Request and the General Objections and Objections to Definitions and Instructions above.

45.     From January 1, 1990 to the end of the Relevant Claim Period, all communications between any DMERC, Medicare Carrier, or Medicare Intermediary, and any other DMERC, Medicare Carrier, Medicaid Intermediary, Provider, CMS office or official, or OIG official concerning AWP, WAC, AMP, Direct price and/or List price, or the methodology to be used in calculating payment for drugs under Medicare Part B, including all pricing arrays for each drug calculated periodically for the Subject Drugs.

RESPONSE:  The United States objects to this Request because it is overly broad, unduly burdensome, and seeks documents subject to and protected by the deliberative process privilege.  Subject to and without waiving these objections and the General Objections and Objections to Definitions and Instructions above, the United States states that it continues to produce and previously produced to Dey documents responsive to this Request, including in its Initial Disclosures pursuant to Rule 26.

46.  Documents exchanged by and between State and Federal Governments concerning how unit rebate amount ("URA") is determined.

RESPONSE:  The United States objects to the extent that this Request seeks confidential proprietary information concerning other pharmaceutical manufacturers, and seeks documents subject to and protected by the deliberative process privilege.  The United States further objects to the extent that the Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

47.     All documents sufficient to explain the process by which State Medicaid

21

Programs share any amounts received by a drug manufacturer pursuant to the Medicaid Rebate Program with the Federal Government, if any.

> RESPONSE: The United States objects to the extent that the Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege.

48.   All documents, such as surveys, concerning whether or not a State is or was in compliance with 42 U.S.C. § 1396a(a)(30).

> RESPONSE: The United States objects to the extent that the Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege.

49.   All documents relating to actions taken by You (or not taken) to ensure that pharmacists and physician are reimbursed at their "usual and customary charge," as set forth in 42 C.F.R. 447.331, under Medicaid if it is lower than the state-determined EAC.

> RESPONSE: The United States objects to the extent that the Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege.

50.   All documents, including communications with FirstDataBank, Blue Book, Medi-Span, and Red Book, concerning Your alleged decision to rely on or not rely on or otherwise use or not use information about drug prices that were published or provided by any Publisher.

> RESPONSE: The United States objects to the extent that the Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege.

51.   All documents concerning what the information published or provided by any

22

Publisher reflected or represented.

> RESPONSE: The United States objects to the extent that the Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege.

52.      All documents concerning the difference between the AMP and Providers' acquisition costs of any pharmaceutical product, including, but not limited to, reports, studies, presentations, publications, legislative materials, or other documents issued by or on behalf of You or any other federal or state government entity or agency, correspondence sent or addressed to Your employees or agents, and transcripts of Congressional testimony.

> RESPONSE: The United States objects to the extent that the Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege.

53.      All studies concerning dispensing costs of Providers and all documents concerning any such studies.

> RESPONSE: The United States objects to the extent that the Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States will produce such responsive information as is contained in the OIG documents being produced by the United States.

54.      All documents reflecting communications between and among any of Your employees or agents concerning dispensing fees or the pricing or reimbursement of prescription drugs.

> RESPONSE: The United States objects to the extent that the Request is overly broad, vague, unduly burdensome, or seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent

23

the Request seeks documents subject to and protected by the deliberative process privilege.

55.    All documents concerning Ven-A-Care, including, but not limited to, documents concerning Ven-A-Care's presentation to the National Association of Medicaid Fraud Control Units in or about March 1998.

RESPONSE:  The United States objects to this Request to the extent it seeks a document that is protected by the law enforcement investigative file privilege, as well as the False Claims Act, which provides that a relator's statement of material evidence is not a public document and is provided to the Government under seal to assist its investigation.  The document may also be protected by privileges that may be asserted by the Relator, and accordingly, to the extent that the United States possesses the document, it is protected by the joint prosecution/common interest doctrine.  The United States also objects to this Request to the extent it seeks information and documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States has produced pricing information sent by Ven-A-Care directly to CMS, and will produce such responsive information as is contained in the Office of Inspector General work papers being produced by the United States.

56.    All documents sent to or received from Ven-A-Care concerning the reimbursement of prescription drugs.

RESPONSE:  The United States objects to this Request to the extent it seeks a document that is protected by the law enforcement investigative file privilege, as well as the False Claims Act, which provides that a relator's statement of material evidence is not a public document and is provided to the Government under seal to assist its investigation.  The document may also be protected by privileges that may be asserted by the Relator, and accordingly, to the extent that the United States possesses the document, it is protected by the joint prosecution/common interest doctrine.  The United States also objects to this Request to the extent it seeks information and documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States has produced pricing information sent by Ven-A-Care directly to CMS, and will produce such responsive information as is contained in the OIG documents being produced by the United States.

57.    All documents reflecting or concerning any communications or meetings with

24

Ven-A-Care concerning the reimbursement of prescription drugs.

> RESPONSE: The United States objects to this Request to the extent it seeks documents that are protected by the law enforcement investigative file privilege, as well as the False Claims Act, which provides that a relator's statement of material evidence is not a public document and is provided to the Government under seal to assist its investigation. The document may also be protected by privileges that may be asserted by the Relator, and accordingly, to the extent that the United States possesses the document, it is protected by the joint prosecution/common interest doctrine. The United States also objects to this Request to the extent it seeks information and documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

58.     All documents concerning the creation of the federal Medicaid drug rebate program and any Medicaid drug rebate agreement pursuant to 42 U.S.C. § 1396r-8, including but not limited to those relating to Dey, Inc. and Dey, L.P.

> RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege.

59.     All correspondence between CMS and Congress relating to federal Medicaid drug rebate program and any Medicaid drug rebate agreement pursuant to 42 U.S.C. § 1396r-8, generic drugs, or the reimbursement of prescription drugs.

> RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

60.     All documents relating to meetings, conferences, or presentations between any OIG or CMS employee and any state Medicaid director or state Medicaid directors' association, such as NASMD (National Association of State Medicaid Directors) or SMDA (State Medicaid Directors' Association), including but not limited to "Pharmacy TAG Minutes," agendas, presentation materials and notes.

> RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery

of admissible evidence.   The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege.

61.     All documents from 1988 to 1990 from CMS or Congress relating to the negotiations and implementation of the Medicaid drug rebate agreement program.

RESPONSE:   The United States objects to this Request because it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege.

62.     All correspondence between Plaintiff and any State Medicaid Director relating to the reimbursement of prescription drugs.

RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege.

63.     All files from CMS's regional offices pertaining to state plans and the state's reimbursement of prescription drugs.

RESPONSE:  The United States objects to this Request because it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege.  Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States has produced responsive documents and will continue to do so.

64.     All files created or maintained by CMS's regional offices pertaining to audits or reviews of the amounts claimed by the states on CMS Form 37 and CMS Form 64.

RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  The United States further objects to the extent the

26

Request seeks documents subject to and protected by the deliberative process privilege.

65.   Complete files maintained by all individuals named in the United States' Initial Disclosures, Supplemental Disclosures, and Second Supplemental Disclosures to Dey, Abbott and Roxane.

RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege. Subject to and without waiving those objections and the General Objections and Objections to Definitions and Instructions above, the United States has produced documents from individuals' files and will continue to do so.

66.   All documents created or maintained by the United States Government Accountability Office relating to the reimbursement of prescription drugs, including but not limited to the working files for the following GAO reports:

(a)   GAO-HRD-36, Programs to Control Prescription Drug Costs Under Medicare and Medicaid Should Be Strengthened (Dec. 31, 1980);

(b)   HRD-92-110, Prescription Drugs: Companies Typically Charge More in the United States Than in Canada (September 30, 1992);

(c)   T-HRD-93-5, Prescription Drugs: Companies Typically Charge More in the United States Than in Canada (February 22, 1993);

(d)   GAO-RPT, "Prescription Drugs: Companies Typically Charge More in the United States Than in the United Kingdom" (Letter Report, 1/12/1994, GAO/HEHS-94-29);

(e)   GAO-RPT, "Prescription Drugs - Spending Controls in Four European Countries" (GAO/HEHS-94-30, May 17, 1994);

(f)   HEHS-95-210, Medicare Spending: Modem Management Strategies Needed to Curb Billions in Unnecessary Payments (September 19, 1995);

(g)   GAO-RPT, "Medicare Drug and Nutrient Prices" (Letter from William Scanlon to Representative Pete Stark)" (GAOIHEHS-97-22R, Oct. 11, 1996);

(h)   GAO-RPT, "Drug Prices - Effects of Opening Federal Supply for Pharmaceuticals Are Uncertain" (GAOIHEHS-97-60, June 11, 1997);

(i)   GAO/HEHS-00-118, "Prescription Drugs - Expanding Access to Federal Prices Could Cause Other Price Changes" (Aug. 7, 2000);

(j)   GAO-RPT, "United States Prescription Drug Pricing and Reimbursement Policies" (John Hansen, GAO) (Oct. 1,2000);

(k)   GAO-01-175R, "Drug Prices Paid by DOD and VA are, On Average, Lower Than Those Certified to HCFA as Best Price" (Letter from R.H. Hast, GAO Office of Special Investigations to Rep. H. Waxman) (Oct. 31, 2000);

(l)   GAO-O1-1118, "Medicare-Payments for Covered Outpatient Dfugs Exceed Providers' Costs" (Sept. 21, 2001);

(m)   GAO-01-1142T, "Medicare Part B Drugs: Program Payments Should Reflect Market Prices" (Sept. 21, 2001);

(n)   GAO-02-531T, "Medicare Outpatient Drugs: Program Payments Should Better Reflect Market Prices" (Mar. 14, 2002);

(o)   GAO-02-833T, "Medicare: Challenges Remain in Setting Payments for Medical Equipment and Supplies and Covered Drugs" (June *15, 2002);*

(p)   GAO-O5-72, Medicare: Appropriate Dispensing Fee Needed for Suppliers of Inhalation Therapy Drugs (October 12,2004);

(q)   GAO-O5-102, "Medicaid Drug Rebate Program: Inadequate Oversight Raises Concerns about Rebates Paid to States" (Feb. 2005);

(r)   GAO-O5-850T, Medicaid Drug Rebate Program: Inadequate Oversight Raises Concerns about Rebates Paid to States (June 22, 2005);

(s)   GAO-05-836T, Medicaid: States' Efforts to Maximize Federal Reimbursements Highlight Need for Improved Federal Oversight (June 28,2005);

(t)   GAO-O5-855T, Medicaid Fraud and Abuse: CMS's Commitment to Helping States Safeguard Program Dollars Is Limited (June 28, 2005);

(u)   GAO-O5-779, Prescription Drugs: Price Trends for Frequently Used Brand

28

and Generic Drugs from 2000 through 2004 (August *15,2005);*

(v)     GAO-06-69R, Medicaid: States' Payments for Outpatient Prescription
        Drugs (October 31,2005);

(w)     GAO-06-578T, Medicaid Integrity: Implementation of New Program
        Provides Opportunities for Federal Leadership to Combat Fraud and Abuse
        (March 28, 2006);

(x)     GAO-06-971T, Medicare Part B Drugs: CMS Data Source for Setting
        Payments Is Practical but Concerns Remain (July 13,2006);

(y)     GAO-07-481T, Prescription Drugs: Oversight of Drug Pricing in Federal
        Programs (February 9, 2007).

RESPONSE:  The United States objects to this Request because it is overly broad,
unduly burdensome, vague, and seeks documents that are neither relevant to the
claims or defenses of any party nor reasonably calculated to lead to the discovery
of admissible evidence.  The United States further objects because the Request
calls for documents that were not created or maintained by CMS or even HHS.

67.     All documents contained in the primary and secondary working files (including,
but not limited to, the table contents, background and preinspection, design, data collection and
analysis, communication, report and draft reports, and follow-up) for the following HHS-OIG
reports:

(a)     HHS-OIG: "A Comparison of Albuterol Sulfate Prices" (OEI-03-94-00392,
        June 1996);

(b)     HHS-OIG: "Questionable Practices Involving Nebulizer Drug Therapy" (OEI03-
        94-00391, March 1997);

(c)     HHS-OIG: "Are Medicare Allowances for Albuterol Sulfate Reasonable?"
        (OEI03-97-00292, August 1998);

(d)     HHS-OIG: "Cost Containment of Medicaid HIV/AIDS Drug Expenditures"
        (OEI-05-99-006l1, July 2001);

(e)     HHS-OIG: "Excessive Medicare Reimbursement for Albuterol" (OEI-03-0l00410,
        March 2002);

(f)     HHS-OIG: "Excessive Medicare Reimbursement for Ipratropium Bromide"
        (OEI-03-01-00411, March 2002);

(g)    HHS-OIG: "State Strategies To Contain Medicaid Drug Costs" (OEI-05-0200680, October 2003);

(h)    HHS-OIG: "Update: Excessive Medicare Reimbursement For Ipratropium Bromide" (OEI-03-03-00520, January 2004);

(i)    HHS-OIG: "Update: Excessive Medicare Reimbursement For Albuterol" (OEI03-03-00510, January 2004);

(j)    HHS-OIG: "Variation In State Medicaid Drug Prices" (OEI-05-02-00681, September 2004);

(k)    HHS-OIG: "Medicaid Drug Price Comparisons: Average Manufacturer Price To Published Prices" (OEI-05-05-00240, June 2005);

(l)    HHS-OIG: "Review OfServices Provided By Inhalation Drug Suppliers" (OEI01-05-00090, September 2005);

(m)    HHS-OIG: "Calculation Of Volume-Weighted Average Sales Price For Medicare Part B Prescription Drugs" (OEI-03-05-00310, February 2006);

(n)    HHS-OIG: "Monitoring Medicare Part B Drug Prices: A Comparison of Average Sales Prices To Average Manufacturer Prices" (OEI-03-04-00430, April 2006);

(o)    HHS-OIG: "A Comparison of Average Sales Prices To Widely Available Market Prices: Fourth Quarter 2005" (OEI-03-05-00430, June 2006);

(p)    HHS-OIG: "Comparison of Fourth-Quarter 2005 Averages Sales Prices To Average Manufacturer Prices: Impact on Medicare Reimbursement For Second Quarter 2006" (OEI-03-06-00370, July 2006); and

(q)    HHS-OIG: "Generic Drug Utilization in State Medicaid Programs" (OEI-05-0500360, July 2006).

RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege. Subject to and without waiving its specific and general objections, the United States has already produced, is continuing to produce, and/or will produce responsive documents in connection with certain of these reports.

68.    All documents created or maintained by the Office of Pharmacy Affairs relating to the reimbursement of prescription drugs and generic prescription drugs.

RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome, vague, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent the Request seeks documents subject to and protected by the deliberative process privilege.

69.    All documents that reflect evidence that AWP was ever used as a true transaction price for any generic drug.

RESPONSE: The United States objects to this Request because it is overly broad, unduly burdensome and vague, and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence.

Date: March 5, 2008

                                   JEFFREY S. BUCHOLTZ
                                   ACTING ASSISTANT ATTORNEY
                                   GENERAL

                                   MICHAEL J. SULLIVAN
                                   UNITED STATES ATTORNEY

                           By:     _____
                                   GEORGE B. HENDERSON, II
                                   Assistant U.S. Attorney
                                   United States Courthouse
                                   1 Courthouse Way, Suite 9200
                                   Boston, MA 02210
                                   (617) 748-3272

                                   JOYCE R. BRANDA
                                   DANIEL R. ANDERSON
                                   LAURIE A. OBEREMBT
                                   Civil Division
                                   Commercial Litigation Branch
                                   P.O. Box 261
                                   Ben Franklin Station
                                   Washington, D.C. 20044
                                   (202) 514-3345

31

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a copy of the foregoing Plaintiff United States of America's Response to Defendant Dey's Second Request for Production of Documents to be served via Federal Express overnight delivery and e-mail on the following counsel.

James J. Breen, Esq.
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL 33027
Tel:  (954) 874-1635
Fax: (954) 874-1705
Email: jbreen@breenlaw.com
*Counsel for Relator*

Martin F. Murphy, Esq.
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600
Tel: (617) 832-1000
Fax: (617) 832-7000
Email: MMurphy@foleyhoag.com
*Counsel for Defendants*

Neil Merkl, Esq.
Clifford Katz, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: NMerkl@Kelleydrye.com
*Counsel for Defendants*

Dated:  3/5/08

Laurie A. Oberembt

32

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on May 9, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s Sarah L. Reid