UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 01-CV-12257-PBS<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,*<br>Civil Action No. 05-11084-PBS | |

## MEMORANDUM OF LAW IN SUPPORT OF CONSENT MOTION FOR AN EXTENSION OF THE DISCOVERY DEADLINE

Defendants, Dey, Inc., Dey L.P., and Dey L.P., Inc. (collectively, "Dey"), by and through their undersigned counsel, hereby submit this Memorandum of Law in Support of their Consent Motion for an Extension of the Discovery Deadline.

The June 22, 2007 Case Management Order ("CMO") in this case, Docket 4406, establishes a fact discovery deadline of June 29, 2008. With Plaintiffs' consent, Dey respectfully requests that this Court grant an additional two months, to August 29, 2008, to complete fact discovery and, accordingly, extend the remaining pretrial deadlines by two months. As described below, while the parties have diligently attempted to comply with this deadline, it has become apparent that additional time will be needed for the completion of claims data productions and analysis, depositions of parties and third parties, and document productions.

## I.
## FACTUAL BACKGROUND

Plaintiffs' action against Dey is one of three related cases pending in this Court: *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories,*

1

*Inc.*, Civil Action No. 06-11337-PBS; *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc.*, et al., Civil Action No. 05-11084-PBS; and *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp.*, et al., Civil Action No. 07-10248-PBS. Dey has coordinated discovery with the other two defendants in the related actions, Abbott and Roxane. The discovery period in the Abbott action concluded on March 31, 2008, and the discovery deadline in the Roxane action is currently set for August 29, 2008. Prior to the conclusion of discovery in the Abbott action, Dey, Roxane, and the Plaintiffs coordinated depositions with Abbott. Dey has attended or participated in over fifty depositions in connection with the Abbott action.

Because of the Parties' coordination with Abbott and the time spent preparing for, attending, and participating in those depositions noticed in the Abbott case, much discovery remains to be completed in the Dey action. Discovery, moreover, was extended by six months in the Abbott action, which extended the Parties' active participation in Abbott discovery well into Dey's discovery period. During the period when the discovery in the Abbott case was ongoing, it would have been unreasonable for the Parties to simultaneously schedule the 10 general depositions allotted to the Parties in the case and the fifty state depositions allowed under the Dey CMO in paragraph 19 at the same time that Abbott discovery was proceeding.

Since the conclusion of discovery in the Abbott action, the Parties have been preparing for additional depositions, working to negotiate deposition dates and 30(b)(6) topics, and responding to discovery requests in a timely fashion. Allowing the two month extension will permit the parties to schedule the remaining depositions with reference to the Roxane action and avoid compressing discovery of over twenty states in a 60-day period.

## II.
## ARGUMENT

The Court has the discretion to modify a scheduling order governing discovery. "The 'good cause' test requires a showing that despite due diligence by the party seeking the extension, the deadline in the scheduling order could not reasonably be met." *McLaughlin v. McDonald's Corp.*, 203 F.R.D. 45, 50 (D. Mass. 2001). The fact discovery period in this complex case was set at a relatively short twelve months. As a result of the extension granted in the Abbott action, for eight of those months, discovery was ongoing in the Abbott action, leaving the Parties only four months to complete the remaining depositions in the Dey case. This case involves the review of hundreds of thousands of documents and the review and analysis of claims data for fifty states' Medicaid claims and claims data for all of Medicare. As discussed below, the state's Medicaid claims data will not be produced until the middle of June, 2008, making compliance with the current discovery cut-off difficult.

Here, while the Parties have been diligent, given the complexity of the case, the numerous documents produced by both sides, and the multi-state nature of the litigation, it is unlikely that the Parties will be able to complete the remainder of the discovery in advance of the deadline.

### A.   Claims Data

One area of discovery which will require additional time despite the due diligence of the Parties involves the Medicaid and Medicare claims data. The United States is in the process of producing claims data for the fifty states, a time-consuming process which they have informed Dey should be complete around the middle of June. In addition, the United States will be providing Dey with additional Medicare data by the middle of June as well. The Parties will not be able to review and analyze this data by June 29, 2008, the current discovery cut-off.

Because of the volume and complexity of the data, the need to process and analyze this data, and the potential that additional information may be needed for such analysis, an extension of the discovery deadline is warranted to allow for the use of the data at the state depositions.

**B.     Outstanding Depositions**

The Parties have participated in over fifty depositions noticed in the Abbott action and are in the process of negotiating dates and topics for additional depositions in this action, including 30(b)(6) depositions of the United States and of Dey. Pursuant to the CMO, both Parties are allowed one deposition per state as well as 10 additional depositions per side. The back and forth process of scheduling depositions in accordance with the CMO is time consuming, and, while the Parties are using good faith efforts to complete discovery before the deadline, scheduling difficulties make compliance difficult. This litigation reaches all fifty states. Given the need to serve subpoenas on fifty state Medicaid agencies and officials, and the time involved in the process of obtaining third-party discovery, an extension of the discovery deadline is warranted.

**C.     Document Discovery**

Both the United States and Dey are in the process of supplementing their document productions and conferring regarding document responses. The Parties are in the process of attempting to avoid motion practice by limiting document requests, among other things. These negotiations have taken time, and have delayed productions and the document review process. The Parties have been able to resolve most of these issues without intervention of the court.

In addition, in connection with the depositions of the state Medicaid officials, Dey is seeking document productions from the states and from former state employees as well. This type of third party document discovery is necessary in order to meaningfully complete the

4

depositions of state Medicaid officials and takes time for the production and review of third party documents, further justifying an extension.

### D. Chief Magistrate Bowler's Recusal Motion

Finally, as this court is aware, Chief Magistrate Bowler has filed a motion contemplating recusal. Were Magistrate Judge Bowler to recuse herself, it may take additional time for the new magistrate to become acquainted with this complex case and to rule on any future discovery motions, which would weigh in favor of the extension of the discovery cut-off.

## III.
## CONCLUSION

For the foregoing reasons, with Plaintiffs' consent, Dey respectfully requests that this Court grant an additional two months to complete fact discovery, and, accordingly, extend the remaining pretrial deadlines by two months.

Dated: May 9, 2008

Respectfully Submitted,

KELLEY DRYE & WARREN LLP

By: /s Neil Merkl
    Paul F. Doyle (BBO # 133460)
    Sarah L. Reid *(pro hac vice)*
    William A. Escobar *(pro hac vice)*
    Neil Merkl *(pro hac vice)*

101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendants Dey, Inc.
Dey, L.P., and Dey, L.P., Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on May 9, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s Neil Merkl