07-03-2007 1003 Tuesday.txt

1

```
 1              UNITED STATES DISTRICT COURT

 2               DISTRICT OF MASSACHUSETTS

 3   ---------------------------------
     IN RE:                          :    Civil Action
 4                                   :    No. 01-12257-PBS
     PHARMACEUTICAL INDUSTRY         :    Courtroom No. 19
 5   AVERAGE WHOLESALE PRICE         :    1 Courthouse Way
     LITIGATION                      :    Boston, MA 02210
 6                                   :    10:00 a.m., Tuesday
     ---------------------------------:   July 3, 2007
 7

 8                       HEARING

 9

10   Before:     THE HONORABLE PATTI B. SARIS,
                 UNITED STATES DISTRICT JUDGE
11

12

13   APPEARANCES:

14   Hagens Berman Sobol Shapiro LLP, (by Steve W. Berman, Esq.)
        1301 5th Avenue, Seattle, WA 98101-1090,
15      on behalf of the Plaintiffs.

16   Hagens Berman Sobol Shapiro LLP,
        (by Edward Notargiacomo, Esq.),
17      One Main Street, Cambridge, MA 02142,
        on behalf of the Plaintiffs.
18
     The Haviland Law Firm, LLC, (by Donald E. Haviland, Esq.)
19      740 S. Third Street, Philadelphia, PA 91912,
        on behalf of the Plaintiffs.
20
     Hogan & Hartson, (by Steven J. Edwards, Esq. and Lyndon M.
21      Tretter, Esq.), 875 Third Ave., New York, NY 10022,
        on behalf of the Defendant Bristol-Myers Squibb.
22

23                    Marie L. Cloonan
                    Federal Court Reporter
24             1 Courthouse Way - Room 7200
                Boston, MA  02210- 617-439-7086
25         Mechanical Steno - Transcript by Computer
```

2

```
 1
     APPEARANCES CONTINUED:
 2
     Dwyer & Collora, LLP, (by Thomas E. Dwyer, Jr., Esq.),
 3      600 Atlantic Avenue, Boston, MA 02210-2211,
        on behalf of the Defendant Bristol-Myers Squibb.
 4
     Kirkpatrick & Lockhart Preston Gates Ellis, LLP,
```

Page 1



07-03-2007 1003 Tuesday.txt

```
 8    wasn't done in accordance with the strict requirements
 9    of the law.
10              We understand, as Massachusetts lawyers, how
11    important the timing of the demand letter is with
12    respect to the bringing of the complaint.
13              Apparently --
14              THE COURT:  Well, that wouldn't just be class
15    cert  because, one way or another --
16              MR. DE MARCO:  No, maybe not.  But it would be
17    --
18              THE COURT:  It would be a common question --
19              MR. DE MARCO:  But, it would define the
20    parameters of consumer fraud vis-a-vis this complaint
21              THE COURT:  well, I haven't even looked at
22    that issue.
23              MR. DE MARCO:  So --
24              THE COURT:  So, you all -- I think that did
25    not come up at all.  I can't remember that issue coming
```

                                                          35

```
 1    up anywhere in this case, Track 1.
 2              MR. DE MARCO:  Oh, right.  It didn't.  It
 3    didn't.  it's indigenous to Track 2.
 4              THE COURT:  All right.
 5              So, has that all been briefed?
 6              MR. DE MARCO:  Yeah.
 7              We probably --
 8              THE COURT:  Where was that briefed?  Not in
 9    the class cert.  Was that in the --
10              MR. DE MARCO:  I need some help here.
11              THE COURT:  Where was it briefed?
12              MS. BIERMAN:  It was, your Honor, last summer.
```
                            Page 29

07-03-2007 1003 Tuesday.txt

13  Last June, July, briefed 93A. A motion to dismiss
14  summary judgment motion in the pleadings. It was denied
15  and you allowed plaintiffs leave to file an amended
16  complaint. They moved to amend and filed a fifth
17  amended complaint. You have not ruled on that motion,
18  yet.
19          THE COURT: Yeah.
20          And, when was that filed and opposed?
21          MS. BIERMAN: That was filed and opposed --
22          MR. DE MARCO: Just a few months ago.
23          MS. BIERMAN: -- spring, I think.
24          MR. DE MARCO: Just a few months ago, I think.
25  Now, I remember. Last summer --

36

1           THE COURT: So, the fifth amended complaint
2   deals with this letter issue, as well as the -- are
3   there any class rep issues?
4           MS. BIERMAN: I don't believe so. But, I know
5   that there are issues about outstanding drugs, new drugs
6   that we assert --
7           THE COURT: Those are new?
8           All of these things --
9           MR. DE MARCO: Right.
10          THE COURT: -- we'll probably need argument.
11  Does it make sense to -- I'm glad you raised this. Does
12  it make sense to do that on the 19th?
13          MR. DE MARCO: No, the 17th.
14          THE COURT: The 17th?
15          MR. DE MARCO: I'm in West Virginia on the
16  19th.
17          It makes sense as far as I'm concerned. But,

Page 30

07-03-2007 1003 Tuesday.txt

18  I want to talk to my colleagues to be sure that
19  everybody is on board for this.  I just have to
20  coordinate this as liaison counsel.  I can't just speak
21  off the top of my --
22              THE COURT:  All right.
23              So, we're going to use that as a big day.  And
24  so, people -- I won't be able to satisfy everybody's
25  vacation schedules, obviously.

                                                              37

1               MR. DE MARCO:  So --
2               THE COURT:  So, even if most people show up, I
3   won't prejudice someone who doesn't.  Maybe they could
4   --
5               MR. DE MARCO:  Okay.
6               THE COURT:  -- just send an emissary.
7               MR. DE MARCO:  That's okay.
8               THE COURT:  I won't rule on anything.  But, I
9   think it's a good time for you to tell me what is it I
10  -- I haven't focused on you at all until this second.
11              MR. DE MARCO:  Yeah.
12              THE COURT:  So, I will have finished Part 1
13  off, hopefully.  If they haven't settled, I'm still
14  hoping that they can still work out something globally.
15  I'll 54(b) them, but I'm not going to hold your case up
16  until the circuit works.
17              Hopefully, you'll all talk about settlements.
18  It may need to wait until whenever I rule on this thing?
19  Is that right?
20              MR. DE MARCO:  That's right.
21              THE COURT:  It may.
22              But, in any event, I'm likely to do -- unless

07-03-2007 1003 Tuesday.txt

23    there's something unique about your case -- the 93A
24    issue or the new drug issue won't make a difference with
25    class cert, as you know.

                                                              38

 1              MR. DE MARCO:  Well, you may want to hear
 2    further argument or a refresher on the class cert.
 3              THE COURT:  Maybe.  I need to reread it.
 4              MR. DE MARCO:  Yeah.  Well, I think we all do.
 5              THE COURT:  All right.  Good.
 6              All right.  So, I've run through everything,
 7    except you, Mr. Haviland, who is sitting back there.
 8              MR. HAVILAND:  Yes, your Honor.
 9              THE COURT:  You made some fairly -- what I'd
10    call serious allegations about a breach in the
11    plaintiffs' counsel -- you know, counsel's point.  And,
12    I don't really know what to do with them at this point.
13              If you feel as if you need to press them --
14              MR. HAVILAND:  I saw your Honor's order.
15              THE COURT:  I think we need to tee it up and
16    you need to file an affidavit and I need to hold a
17    hearing.  And, I can't do it based just on -- I had
18    basically two sets of attorneys vigorously, vigorously
19    disagreeing.
20              MR. HAVILAND:  I will tell you the problem,
21    your Honor.  We drafted a declaration.  In doing so,
22    what class counsel had done is interjected attorney-
23    client communications, work product, and really have
24    opened the door.  To respond to that, opens the door
25    even further and creates this problem of filing

                                                              39

