UNITED STATES DISTRICT COURT, D. MASSACHUSETTS

In Re Pharmaceutical Industry Average Wholesale Price Litigation

| | |
|---|---|
| THE STATE OF UTAH, | **RENEWED MOTION TO REMAND** |
| Plaintiff, | MDL Docket No. 1456 |
| vs. | Case No.: 01CZ12257 |
| | Judge Saris |
| ASTRAZENECA, et al. | |
| Defendants. | |

In this case, the State of Utah brought an action against a number of pharmaceutical manufacturers alleging manipulation of drug prices, causing loss to the Utah Medicaid Program. There were two causes of action. First, the State alleged a violation of the State False Claims Act, UTAH CODE ANN. 26-20-1 et seq. Second, the State alleged a common law fraud claim. The State brought no federal causes of action.

Upon page eight of the original complaint, the State alleged, "Utah Medicaid also pays the 20% co-payment for Utah Medicare Part-B prescription drugs, primarily physician administered for Utah beneficiaries who are qualified to receive Medicaid benefits, often referred to as dual eligible individuals." Seizing upon this language, the defendants removed the

1

case, arguing that the reference to Medicare Part B makes the matter removable under federal question jurisdiction.

The Defendants have never answered the complaint. The notice of removal was filed on November 19, 2007. On November 20, 2007, an amended complaint was filed which omitted the offending language. The reason for this amendment was that upon examination of the State's data, the twenty percent co-pay for Medicare Part B was relatively nominal. Nevertheless, the Utah district court stayed the State's motion to remand, and the Judicial Panel included this matter in the multi-district litigation.

Notwithstanding the Defendants' argument that the amended complaint does not expressly reject Medicaid payments made for Medicare Part B, the State has stated and continues to state that it is not pursuing Medicare Part B co-payments in this suit.

Thus, the posture of the case is as follows. The State may dismiss the case without prejudice as the Defendants have failed to answer the complaint. Second, since all federal issues have been dismissed from the Amended Complaint, the Court may exercise its discretion and remand the case to the State Courts of Utah. The second option is clearly preferable as it saves the parties time, effort and money and the parties would not advance this case one iota by requiring dismissal and refiling. In spite of settled case law, it is not beyond belief that the defendants would attempt a second removal. Thus, to settle this matter once and for all, it is appropriate to exercise discretion and remand a case which no longer has even arguable federal issues.

## MEDICAID CLAIMS DO NOT IMPLICATE FEDERAL LAW

The Courts, including this Court, have unanimously held that state claims for Medicaid fraud do not implicate federal law. *In re Pharmaceutical Industry Average Wholesale Price Litigation,* 457 F. Supp. 2d 65 (D. Mass. 2006) concerned the State of Florida's allegation the drug providers defrauded the state Medicaid program by misrepresenting prices of prescription drugs. Following removal, this Court held that removal could not be sustained on grounds that federal definition of pricing would be an important issue. As there were no substantial contested federal issues, federal jurisdiction could not be sustained. The Court specifically distinguished Medicare and Medicaid. "The first is that the Court was assessing the importance of the meaning of AWP under the exclusively federal Medicare statute, not the Medicaid statute." Further, "While the meaning of the term AWP under the federal Medicare statute is a weighty federal question, the meaning of the term under the Florida Medicaid statute (when AWP plays no role in the federal piece of the Medicaid scheme) does not present a federal question."

Further, the Court refuted the notion that federal questions would arise because of the federal rebate. While such issues involve federally mandated manufacturer rebates paid to State Medicaid program, they do not raise a federal issue. Since such rebates are not at issue in this case. "Defendants proceed under a gestalt theory: Medicaid is in large part a federal program, so federal issues must somehow come into play. However, Plaintiff has not alleged that Defendants breached any federal obligations, violated any federal standard or ran afoul of the federal rebate scheme in any way."

3

Although the same result has been reached in several other cases, we call the Courts attention to *State of Missouri v. Mylan Laboratories, Inc.*, 2006 WL 1459772 (E.D. Mo. 2006). There, the petition claimed the alleged drug pricing scheme defrauded the Missouri Medicaid Program by causing it to pay excessive reimbursements to Medicaid providers. All three causes of action were based either upon Missouri statutory law or common law. The Court noted:

> Interestingly, defendants' basis for federal jurisdiction is not readily apparent, rather, in order to ascertain the basis upon which a "substantial question" of federal law arises, the Court is required to look beyond plaintiff's petition to regulations which set forth specific drugs which are entitled to Medicaid coverage, and to agreements between third parties, *i.e.*, the drug manufacturers and the federal government. This strained effort to secure jurisdiction in the Multidistrict litigation appears to be an attempt to persuade the Court to exercise what in essence amounts to a new theory of jurisdiction that, as can be gleaned from the documents in opposition to remand, might be referred to as "federal resource jurisdiction."

Thus, the Court found no substantial and disputed issues of federal law.

If there ever was an issue of federal law, it is clear that issue does not remain in the amended complaint. All possible federal issues having been resolved, the only remaining issues are those of Utah State law.

## UTAH STATE LAW

The Utah False Claims Act was amended by the 2007 legislature. (UTAH STAT. ANN. 26-20-1 et. seq.) It prohibits a person from causing to be presented a false claim for medical benefits. In its civil prohibitions, the culpable mental state requires the state to prove only that a person acted in reckless disregard of the truth or in deliberate ignorance of the truth. The statute

4

does not require a specific intent to defraud. The statute provides for treble damages and civil penalties, as well as attorney's fees. Although based upon other federal and state statutes, the Utah statute is unique. It has yet to come before the Utah Court for interpretation. The State anticipates filing motions for summary judgment against each defendant, based upon that defendant's misconduct. While the State is in the process of preparing the first of those motions, the statutory scheme makes it likely that such motions will be granted. The State need prove no intent to defraud. It need prove only that the defendants "caused to be presented" a false claim. Finally, the State must only prove "reckless disregard."

Because the Utah statute is susceptible to summary judgment practice, it is important that the Court determine jurisdiction at the outset. If the Court has no jurisdiction, the parties and the Court will be put to an exercise in futility. Therefore, it is important to resolve this matter.

## THE COURT HAS DISCRETION TO REMAND

We call the Court's attention to *Howard v. Burlington Coat Factory, LLC*, 2007 W 2746784 (D. Kan. 2007). There, plaintiff filed an employment suit including a count of conspiracy under 42 U.S.C. 1985. Defendant removed. Thereafter, plaintiff filed an amended complaint which removed federal allegations. The Court held:

> Ordinarily, when only state claims remain, courts will dismiss the state claims without prejudice. *See United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002). In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988), however, the United States Supreme Court ruled that in a properly removed case, federal courts have discretion to remand the case to state court when all federal claims have been eliminated and only pendent state law claims remain. The

Supreme Court noted that in such cases, remand instead of dismissal will often best promote values of economy, convenience, fairness and comity.

In *Howard*, the Court declined to exercise jurisdiction in light of the fact that discovery had not yet begun. The Court cited *Tonkovich v. Kan. Bd. Of Regents*, 254 F.3d 941, 945 (10th Cir. 2001) for the proposition that considerations of judicial economy, convenience and fairness do not favor retaining jurisdiction where relative lack of pretrial proceedings and a total absence of discovery exists. Finally, in *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) the court stated that when all federal claims are dismissed, the court may and usually should decline to exercise jurisdiction over remaining state cases.

Here, the Defendants have not even answered the complaint. To the extent that discovery has been done in the MDL, it is equally available in the state court. No Utah specific discovery has been done. There is no pretrial memorandum or discovery plan. The parties have the benefit of the decisions in the MDL, however useful they may be. For example, the Court has defined AWP, but that definition was in the Medicare setting. To the best of Utah's knowledge, this case would be the only pure Medicaid case in the MDL. Given the unique nature of the Utah statute and the lowered burden of proof, it would make little sense to retain this case. Utah anticipates a series of Summary Judgment motions for which lack of intent to deceive is not a defense. The question under federal comity is "which Court is better suited to rule upon the Utah statute?"

## CONCLUSION

It is clear that there is no federal question remaining after the complaint was amended to eliminate any reference to Medicare Part B co-payments reimbursed by Medicaid. The Courts, including this Court, have been in unity in holding no federal questions are raised by a State bringing a Medicaid fraud action. Further, it is clear that this court has discretion to remand. This discretion should be exercised in favor of remand as the defendants have yet to answer the complaint. No time or effort will be lost. Finally, the Court should exercise discretion and remand as a matter of federal comity to enable Utah to interpret its own statute.

DATED this 30th day of April, 2008.

_____
Kenneth D. Lougee

## CERTIFICATE OF MAILING

I hereby certify that on April 30, 2008, I served the attached document by mail on the following:

Nicholas C. Theodorou
Michael B. Keating
Michael P. Boudett
Katherine B. Schmeckpeper
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 022110
Attorneys for Defendant AstraZeneca L.P.

D. Scott Wise
Kimberly Harris
L. Reid Skibell
Davis, Polk & Wardwell
450 Lexington Ave.
New York, NY 10017
Attorneys for Defendant AstraZeneca L.P.

Andrew C. Rose, Esq. of Counsel
Nixon Peabody LLP
Omni Plaza, Suite 900
30 South Pearl Street
Albany, NY 12207
Attorneys for Pharmacia Corporation

John C. Dodds
Jennifer B. Jordan
Jason E. Baranski, Esqs., of Counsel
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Attorneys for Pharmacia Corporation

Neil L. Levine, Esq., of Counsel
Whiteman Osterman & Hanna LLP
One Commerce Plaza
Albany, NY 12260
Attorneys for SmithKline Beecham Corporation

Michael L. Koon
Joseph G. Matye
Nicola R. Heskett, Esqs., of Counsel
Greenberg Traurig, LLP
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Co-Attorneys for Aventis Pharmaceuticals, Inc.

Michael P. Doss
Gary Feinerman
Richard D. Raskins
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Attorneys for Bayer Corporation

Joseph W. Steele (Utah State Bar No. 9697)
Kenneth D. Lougee (Utah State Bar No. 10682)
Special Assistant Attorney General
Steele & Biggs, LLC
5664 South Green Street, Suite 300
Salt Lake City, Utah 84123
Attorneys for the State of Utah

David R. Stallard (Utah State Bar No. 7993)
Assistant Attorney General
Utah Medicaid Fraud Control Unit
5272 College Drive, Suite 200
Salt Lake City, Utah 84123-2772
Attorneys for the State of Utah

Clinton Carter
W. Daniel "Dee" Miles, III
Beasley Allen, Crow, Methvin, Portis & Miles, PC
PO Box 4160
272 Commerce Street (36104)
Montgomery, Alabama 36103

By: _____
Jamey Green