

ROPES & GRAY LLP

ONE INTERNATIONAL PLACE    BOSTON, MA 02110-2624    617-951-7000    F 617-951-7050
BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   TOKYO   WASHINGTON, DC    www.ropesgray.com

February 13, 2008

Bryan R. Diederich
617-951-7042
bryan.diederich@ropesgray.com

**BY E-MAIL**

Joanne M. Cicala
Kirby McInerney LLP
830 Third Avenue
New York, New York  10022

Re:   *City of New York, et al. v. Abbott Labs. et al.*, MDL 1456

Dear Ms. Cicala:

You had requested a reply to your letter of January 29, 2008 to my colleague Kim Nemirow.  I write to address the several issues raised in your letter.

The first issue raised in your January 29 letter relates to the production of data regarding 9 drugs subject to FULs.  We were surprised by your decision to file a motion to compel against Schering Corporation and Warrick Pharmaceuticals Corporation in light of the fact that we had already agreed to provide you with the data you requested.  In any event, all of the data have now been produced.  On February 8, 2008, we asked you to confirm that you would withdraw your motion to compel as to Schering and Warrick.  We have not heard back from you, and our reply to your motion will be due on Friday.  We again ask that you advise us promptly that you will withdraw your motion as to Schering and Warrick.  Local Rule 7.1 requires that you confer prior to filing such a motion.  Because no Rule 7.1 conference was held, if Warrick and Schering are obligated to file responses to your motion, we will ask the Court for the costs of preparing those responses.

Second, we have now received Plaintiffs' notice of 30(b)(6) deposition directed to Schering Corporation.  In light of the Court's orders in this matter and the larger AWP Multidistrict Litigation, we do not believe that Plaintiffs have a good faith basis for seeking further discovery from Schering.  As you know, the Court has stayed discovery in this matter for all drugs in which (when calculated in good faith) the difference between the AWP and the "weighted average, or typical wholesale price alleged by plaintiffs . . . is 30% or less."  Case Management Order No. 33 ¶¶ 2(c) & 4 [Docket No. 4745].  The 30(b)(6) notice issued to Schering violates this order.  Not only does the notice purport to cover several drugs for which Plaintiffs' calculated AWP is 30%, but as Plaintiffs now know with receipt of Schering's AMP data, there are virtually no drugs for which the properly calculated spread is greater than 30%.  Were that not enough, the handful of instances in which spreads for the "subject drugs" identified in the 30(b)(6) notice exceed 30%

10909843_2.DOC



ROPES & GRAY LLP

Joanne M. Cicala  - 2 -  February 13, 2008

are insufficient to support a finding of liability. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 491 F. Supp. 2d 20, 105, 108 (D. Mass. 2007).

Because there are no drugs for which, when the data are properly alleged, your client could hope to recover against Schering, there is no point in proceeding with discovery on the ancillary topics raised in the 30(b)(6) notice. Moreover, we continue to be puzzled by your claim that you need information regarding the "methodology" used in calculated AMPs. AMP calculations are made in accordance with federal regulations and relevant statutes which define, among other things, the classes of trade to be included in the AMP calculation. We therefore request that you withdraw your notice as to Schering Corporation.

Likewise, with respect to the notice that you have served for Schering-Plough Corporation, as we have explained previously, Schering-Plough is a holding company that does not manufacture, market or sell any drugs. We, therefore, do not understand the purpose of your 30(b)(6) notice seeking testimony on sales and marketing practices from that entity. We request that you withdraw the notice.

Very truly yours,

Bryan R. Diederich

BRD:brd

cc:   John Bueker, Esq.
      Kim Nemirow, Esq.

10909843_2.DOC