EXHIBIT "K"
TO UNITED STATES' OPPOSITION TO
ABBOTT'S MOTION TO ENFORCE (D.E. 5276)



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS<br><br>Hon. Patti Saris |
| THIS DOCUMENTS RELATES TO:<br><br>*United States of America ex rel. Ven-a-Care of the Florida keys, Inc., v. Abbott Laboratories, Inc.,*<br>CIVIL ACTION NO. 06-11337-PBS | |

### DEFENDANT ABBOTT LABORATORIES INC.'S RESPONSES TO UNITED STATES' THIRD SET OF REQUESTS FOR ADMISSION

Defendant Abbott Laboratories Inc., ("Abbott") responds to the United States' Third Set of Requests For Admission ("Requests") as follows:

### GENERAL OBJECTIONS

1. Abbott objects to these Requests as untimely and unduly burdensome to the extent they purport to require Abbott to search for information going back nearly two decades. Plaintiff unsealed its case against Abbott in 2006 after having the suit under seal for more than eleven years. Plaintiff's eleven-year delay in unsealing the suit has created an unnecessary and unreasonable burden on Abbott. Plaintiff's unreasonable delay also makes it possible that evidence responsive to these Requests is no longer available.

2. Abbott objects to these Requests as argumentative, unfair, misleading, confusing and unduly prejudicial to the extent the Requests assume, or purport to impose, responsibilities and duties to report or act otherwise not found in the law.

Subject to and without waiving its objections, Abbott denies that it "pled guilty, entered into a civil settlement with the United States, or entered into a CIA" in connection with sales or marketing activities of TAP Pharmaceutical Products Inc. Abbott further denies that it was the practice of its Hospital Products Division employees to engage in "spread marketing activities." Further answering, Abbott states that the Court has ruled that the government may not obtain discovery from Abbott relating to TAP's guilty plea or settlement. (*See* Hr'g. Tr., May 16, 2007 at 62.) To the extent any response is required, Abbott denies this Request.

9. Admit that Abbott did not change its spreads or spread marketing activities concerning the Subject Drugs upon learning of its Ross Products Division conduct, for which it pled guilty, entered into a civil settlement with the United States, or entered into a CIA.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because the terms "spreads," "spread marketing activities," and "concerning" are vague and ambiguous. Abbott further objects to this Request because it seeks information protected by the attorney client privilege, the work product doctrine and other applicable privileges. Abbott further objects to this Request because it is not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information about the Ross CIA.

Subject to and without waiving its objections, Abbott denies that it was the practice of its Hospital Products Division employees to engage in "spread marketing activities." Abbott denies the remainder of this Request.

10. Admit that Abbott is not relying upon any advice of counsel defense for any purpose in this case.

**RESPONSE:** In addition to its General Objections, Abbott objects to this Request because the term "any purpose" is vague and ambiguous. Abbott further objects to this Request because it seeks information protected by the attorney client privilege, the work product doctrine and other

applicable privileges. Abbott further objects to this Request because it prematurely calls for information more properly the subject of matters contained in a pretrial order.

Dated: March 31, 2008

By: /s/ Jason G. Winchester
James R. Daly
Tina M. Tabacchi
Jason G. Winchester
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

COUNSEL FOR DEFENDANT