IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-cv-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | ) ) ) | Judge Patti B. Saris |
| *State of Utah v. Abbott Laboratories, Inc. et al.*<br>Civil Action No. 1:08-cv-10579-PBS | ) ) ) ) | Magistrate Judge Marianne B. Bowler |

## OPPOSITION TO MOTION TO REMAND

Defendants respectfully submit this opposition to Plaintiff State of Utah's renewed motion to remand this action to state court (MDL Doc. 5310).[1]

## BACKGROUND

On November 2, 2007, the State filed suit in Utah state court. 08-10579 Doc. 48/#2, Exh. A. Like plaintiffs in numerous other AWP cases pending before this MDL, the State alleges that each defendant pharmaceutical company caused Utah's Medicaid program to overpay for that company's products by reporting inflated AWPs and other price data to national drug price reporting services. *Id*., ¶¶ 28-43. Of particular relevance here, the State's original complaint charged that Defendants' allegedly inflated AWPs caused the State to make inflated Medicare Part B co-payments on behalf of individuals eligible under both Medicaid and Medicare. *Id*., ¶¶ 29, 32. The original complaint sought to recover those allegedly inflated Medicare Part B co-payments. *Id*., ¶ 3 ("the State … brings this action to recover amounts overpaid for prescription

---

[1] The docket of MDL No. 1456 is cited "MDL Doc. ___," while the docket of this particular case, No. 1:08-cv-10579-PBS, is cited "08-10579 Doc. __."

-1-

drugs by Utah Medicaid, including … Medicaid recipients' co-payments for drugs covered by Medicare Part B").

On November 19, 2007, Defendants timely removed this action to the U.S. District Court for the District of Utah.  08-10579 Doc. 48/#2.  Citing *In re Pharmaceutical Indus. Average Wholesale Price Litig. (State of Arizona v. Abbott Labs., Inc.)*, 457 F. Supp. 2d 77 (D. Mass. 2006), Defendants explained that there was federal jurisdiction because the State's Medicare claims required resolution of the meaning of AWP under federal Medicare law.  *Id*. at 4-5.

Two days later, on November 21, 2007, Defendants filed a Notice of Potential Tag-Along Action with the JPML, designating this case as a related tag-along action to those already transferred to this MDL.  08-10579 Doc. 48/#12.  On November 30, 2007, the JPML issued a Conditional Transfer Order ("CTO-41").  The State moved to vacate CTO-41, arguing that the Utah False Claims Act is "unique" and "has never been interpreted by Utah Courts"; that the AWP MDL had completed "non-Utah specific discovery"; and that the MDL court would not handle this case in an "expedited manner."  Mem. in Support of Motion to Vacate CTO at 1, 3, 4, 5 (Dec. 14, 2007).  In response, Defendants demonstrated that this matter is based on the same core allegation underlying dozens of actions already transferred to the MDL, namely that Defendants reported inflated price information to national drug price reporting services and then "marketed the spread" to those who dispense or administer the drugs; that the convenience of parties and witnesses favors transfer; and that the interests of justice and efficiency weigh in favor of transfer.  08-10579 Doc. 48/#33.

Rejecting the State's position, the JPML issued a final order transferring this matter to this Court.  08-10579 Doc. 45.  The JPML explained that this case and a similar action filed by the State against other pharmaceutical companies (*State of Utah v. Actvis US, Inc., et al.*, No.

1:08-CV-10575-PBS) "involve common questions of fact with actions … previously transferred" to this Court, and that "transfer of both actions to the District of Massachusetts for inclusion in MDL 1456 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *Id*. at 3.  (After filing its renewed motion to remand in this case, the State filed a renewed motion to remand in the *Actvis* case, and defendants in the *Actvis* case will file their own opposition in due course.)  The JPML further noted that transfer was "appropriate for the reasons set out in our original order directing centralization in this docket," *id*.; that order, in turn, held that transferring AWP actions to this MDL "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation [and] avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."  *In re Immunex Corp. Average Wholesale Price Litig.*, 201 F. Supp. 2d 1378, 1380 (J.P.M.L. 2002).

In the meantime, the State filed an Amended Complaint that deleted all express references to Medicare, 08-10579 Doc. 48/#4, followed by a motion to remand to state court, 08-10579 Doc. 48/#17.  The Utah district court stayed the remand motion pending the JPML's final decision whether to transfer this matter to the AWP MDL.  08-10579 Doc. 48/#40.[2]

On April 7, 2008, this Court consolidated this matter with the AWP MDL.  08-10579 Doc. 46.  Weeks later, the State filed a renewed motion to remand this matter to Utah state court.  MDL Doc. 5310.

---

[2] In opposing a stay, the State alternatively argued that if the matter were stayed and transferred to this MDL, "Utah will not get a hearing in which contrary authority [on its remand motion] will be heard," and that "[i]f this case is sent to Judge Saris, alleging only Medicaid Fraud[,] it is clear she will remand."  08-10579 Doc. 48/#30 at 6, 7.

## ARGUMENT

The State's action asserts claims under the Utah False Claims Act and for common law fraudulent misrepresentation.  08-10579 Doc. 48/#4.  The State's original complaint alleged that Defendants' reporting of inflated AWPs to national drug price reporting services caused the State to make inflated Medicare Part B co-payments to providers of prescription drugs.  Under this Court's decision in *In re Pharmaceutical Indus. Average Wholesale Price Litig. (State of Arizona v. Abbott Labs., Inc.)*, 457 F. Supp. 2d 77 (D. Mass. 2006), those Medicare-related claims satisfied the three-part test in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), for asserting federal question jurisdiction over state law causes of action.  And given the existence of federal jurisdiction over the Medicare-related claims, there was federal jurisdiction over the non-Medicare claims as well.  See 28 U.S.C. § 1367; *State of Arizona*, 457 F. Supp. 2d at 82 ("The Court has supplemental jurisdiction over Arizona's claims . . . outside the Medicare Part B program.").  Accordingly, federal jurisdiction existed at the time Defendants removed this case to federal court.

After removal, the State amended its complaint to delete all references to Medicare, and since has expressly disavowed any Medicare-related claims.  MDL Doc. 5310 at 2 ("the State has stated and continues to state that it is not pursuing Medicare Part B co-payments in this suit"); 08-10579 Doc. 48/#32 at 2-3 (same).  The State's abandonment of its Medicare claims does not destroy federal jurisdiction.  Jurisdiction depends upon the operative pleading at the time of removal, and a plaintiff cannot eliminate removal jurisdiction by amending its complaint after removal to eliminate its federal claim.  See *Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 (1st Cir. 2004) ("the dismissal of the only federal claim after removal of an action to federal court does not by itself deprive the federal court of jurisdiction over the remaining state

claims"); *In re Pharmaceutical Indus. Average Wholesale Price Litig. (State of Montana v. Abbott Labs., Inc.)*, 266 F. Supp. 2d 250, 257-58 (D. Mass. 2003) (same).

Under circumstances like these, where the plaintiff amends its complaint after removal to eliminate its federal claims, the district court has the discretion to retain jurisdiction or remand the case to state court.  See *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256-27 (1st Cir. 1996) ("In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion.").  The factors guiding the court's discretion are "judicial economy, convenience, fairness, and comity."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

These factors, taken together, strongly resemble the factors the JPML considers in deciding whether to transfer a case to an MDL court.  See 28 U.S.C. § 1407(a) (authorizing transfer to an MDL court where actions "involv[e] one or more common questions of fact" and where transfer will serve "the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions").  Applying those factors here, the JPML concluded that transferring this case to the AWP MDL would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation," and would avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties and their counsel.  08-10579 Doc. 45 at 3.

That decision rests on a solid foundation.  The State's claims here are based on the same core factual allegation underlying dozens of actions already transferred to this MDL — that Defendants reported inflated price information to a discrete set of national drug price reporting services and then "marketed the spread" to those who dispense or administer the drugs.

Compare 08-10579 Doc. 48/#4 (Am. Complt.), ¶ 26 (alleging that Defendants provides "false and inflated" price information "to various nationally known drug industry reporting services, including First DataBank (a/k/a Blue Book), Medical Economics, Inc. (a/k/a Red Book), and Medispan") with *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 460 F. Supp. 2d 277, 280, 286 (D. Mass. 2006) (Red Book and First DataBank); *State of Arizona*, 457 F. Supp. 2d at 78 (same); *State of Montana*, 266 F. Supp. 2d at 253 n.2 (Red Book, First DataBank, and Medispan). Like the prior transferred cases, this action will require the Court to consider the accuracy of this allegation and extent of harm, if any, to the State. Moreover, during the six years it has presided over the MDL, this Court has acquired substantial experience over the various issues that arise in AWP litigation.

The First Circuit recently approved the district court's retention of jurisdiction under similar circumstances. In *Grispino v. New England Mut. Life Ins. Co.*, *supra*, the plaintiff filed federal and state claims in Pennsylvania state court against an insurance company. 358 F.3d at 18. After the insurance company removed the action to federal court, the plaintiffs amended their complaint to remove their sole federal claim, and then asked the Pennsylvania federal court to remand the case back to state court. *Ibid*. In the meantime, the JPML transferred the action to *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, MDL No. 1105 (D. Mass.), where numerous similar claims against the same defendant had previously been consolidated. *Ibid*.

The Massachusetts federal court denied the plaintiffs' remand motion, and the First Circuit affirmed. The First Circuit began by noting that "the dismissal of the only federal claim after removal of an action to federal court does not by itself deprive the federal court of jurisdiction over the remaining state claims." *Id*. at 19. The court then reasoned that the district court "had already handled a large class action involving the same sorts of claims as this case

and had continuing jurisdiction," and that the court's "familiarity [with the claims] provided a sufficient basis for its decision to retain jurisdiction over the action." *Ibid*.  The same result should obtain here for the same reasons.

There is an additional factor here supporting the retention of jurisdiction.  In *Carnegie-Mellon Univ. v. Cohill*, *supra*, the Supreme Court recognized that "a plaintiff whose suit has been removed to federal court [may attempt] to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." 484 U.S. at 357.  The Court held that when a plaintiff attempts "to manipulate the forum" in that way, the district court "should take this behavior into account in determining whether the balance of factors … support a remand in the case." *Ibid*.

In this case, the State has attempted to manipulate the forum in precisely that way, making it quite clear that its only reason for excising the Medicare Part B claims from this case was to obtain a remand to Utah state court.  See MDL Doc. 5310 (renewed motion to remand); 08-10579 Doc. 48/#18 (brief in support of original motion to remand).  Indeed, the State candidly admitted that if this case is remanded to state court, it might proceed to "file a federal lawsuit" to recover the allegedly inflated Medicare Part B co-payments (08-10579 Doc. 48/#32 at 2-3) — thus confirming that its only interest in (temporarily) disavowing any Medicare-related claims is to stave off a federal forum.  Courts have routinely retained jurisdiction in the face of less brazen attempts to manipulate the forum.  See, *e.g.*, *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) (affirming denial of remand where plaintiff's "sole apparent reason" for dropping federal claims was to obtain a remand); *Guillot v. Bellsouth Telecommunications, Inc.*, 923 F. Supp. 112, 114 (W.D. La. 1996) (same, noting that tactic is

"precisely the sort of forum manipulation proscribed by *Carnegie-Mellon*") (internal quotations omitted).

The State's arguments for remand fail to persuade.  Noting that the Utah False Claims Act is "unique" and has "yet to come before the Utah Court for interpretation," the State maintains that a Utah state court is "better suited" than this Court to decide the issues of Utah law presented by this case.  MDL Doc. 5310 at 5, 6.  This parochial suggestion is directly at odds with the purpose of the MDL statute, 28 U.S.C. § 1407, which anticipates the transfer of cases from around the nation for resolution before the same federal district court.  In this MDL, for example, most of the cases present state law issues.  And in *Grispino*, the First Circuit affirmed the district court's retention of jurisdiction over the plaintiff's state law claims even though "many unsettled questions of Pennsylvania state law … were presented."  358 F.3d at 19.

The State also cited three cases from the Tenth Circuit for the proposition that district courts should exercise their discretion to remand when a case is in its early stages and discovery has not yet commenced.  MDL Doc. 5310 at 5-6 (citing *Howard v Burlington Coat Factory LLC*, 2007 WL 2746784 (D. Kan. 2007); *Tonkovich v. Kansas Bd. of Regents*, 254 F.3d 941, 945 (10th Cir. 2001); *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998)).  While that proposition may have force in many cases, it is inapposite where, as here, an MDL court has handled procedural, discovery and substantive issues in dozens of similar cases over a period of several years.  See *Grispino*, 358 F.3d at 19 (MDL court's "familiarity [with the same sorts of claims] provided a sufficient basis for its decision to retain jurisdiction over the action" after the plaintiffs amended their complaint to delete all federal claims).

## **CONCLUSION**

For the foregoing reasons, this Court should deny the State's remand motion.

Respectfully submitted,

  /s/  Frederick G. Herold
Frederick G. Herold
DECHERT, LLP
2440 W. El Camino Real/Ste. 700
Mountain View, CA  94040
Tele: (650) 813-4800
Fax:  (650) 813-4848

Mark H. Lynch
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
P.O. Box 7566
Washington, D.C.  20044-7566
Tele: (202) 662-6000
Fax:  (202) 662-6291

*Counsel for Defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline*

*On Behalf of All Served Defendants*

June 6, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 6, 2008, I caused a true and correct copy of the foregoing Opposition to Renewed Motion to Remand to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456, and also to be served by First Class Mail on the following:

      W. Daniel "Dee" Miles, III
      Clinton C. Carter
      Special Assistant Attorneys General
      Beasley, Allen, Crow, Methvin, Portis and Miles, P.C.
      272 Commerce Street
      P.O. Box 4160
      Montgomery, AL 36103-4160

      Joseph W. Steele
      Special Assistant Attorney General
      Garretson Steele, LLC
      5664 South Green Street, Suite 300
      Salt Lake City, UT 84123

      David R. Stallard
      Assistant Attorney General
      Utah Medicaid Fraud Control Unit
      5272 College Drive, Suite 200
      Salt Lake City, UT 84123

      R. Willis Orton
      Alexander Dushku
      Kirton & McConkie
      60 East South Temple, Suite 1800
      Salt Lake City, UT 84111-1004

                                    /s/ Frederick G. Herold
                                    Frederick G. Herold
                                    DECHERT, LLP
                                    2440 W. El Camino Real/Ste. 700
                                    Mountain View, CA  94040
                                    Tele: (650) 813-4800
                                    Fax:  (650) 813-4848