**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. NO. 1456 |
| --- | --- |
| THIS DOCUMENT RELATES TO:<br><br>*State of Iowa* v. *Abbott Labs., Inc., et al.*<br>S.D.IOWA 4:07-CV-00461-JAJ-CFB | Civil Action No.<br>01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**STATE OF IOWA'S SUR-REPLY TAP PHARMACEUTICALS' INDIVIDUAL MOTION TO DISMISS**[1]

TAP argues on Reply that the State of Iowa's claims for Prevacid should be dismissed because, under the terms of the 2001 Lupron Settlement, TAP was required to provide Average Sales Prices ("ASPs") to the State of Iowa for all TAP products and therefore the State cannot claim to have been defrauded by TAP's reported prices. TAP says that its ASPs are "true prices" (thereby implying that its AWPs are false) and that Iowa's failure to change its reimbursement formula as a result of these ASPs precludes Iowa's claims. TAP's speculation as to what Iowa knew or did not know regarding these ASPs and what Iowa did or did not do or should have done is rank *ipse dixit* and unsupported by the record. In all, TAP's argument is entirely fact-driven and inappropriate at the motion to dismiss stage. *See Suffolk II*, 2004 WL 2387125 (D. Mass) at *2-3; NY Counties Case June 16, 2006 Oral Argument Transcript at 71:19-23 (addressing Bayer's similar ASP argument concerning its Cipro settlement).

[1] The State of Iowa filed and served its Omnibus Sur-Reply on May 9, 2008. In it, the State of Iowa wrote that because TAP did not file a Reply brief the State of Iowa did not provide any further argument concerning TAP. The following week, TAP informed the State of Iowa that it had filed a Reply brief, however, it had failed to serve it. *See* Exhibit A. Per agreement with TAP, the State of Iowa agreed to file the instant Sur-Reply by June 6, 2008. *See* Exhibit B. If the Court rejects the State of Iowa's Sur-Reply as untimely, then the State of Iowa hereby moves to strike TAP's reply brief for failure to properly serve pursuant to CMO #2.

TAP also continues to argue that Iowa released all of its Lupron claims in the 2005 Lupron Settlement. This notwithstanding that the "Lupron Purchaser Class" definition expressly excludes the claims of government entities such as the Iowa Medicaid Program. That class definition reads as follows:

> All individual persons or entities who, during the Class Period, made Lupron Purchases. **Excluded from the class are** the Settling Health Plans; Defendants, their respective present and former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates; and the United States government, its officers, agents, agencies and departments**, and all other government entities' claims**, to the extent that they previously released their claims pursuant to the 2001 Settlement Agreement and Release resolving the matter of *United States of America v. TAP Pharmaceutical Products, Inc.* (D. Mass.) and related litigation.

2005 Settlement at pp. 3-4 (attached as Exhibit C to TAP Individual Motion to Dismiss) (emphasis added).

Likewise, the definition of who is a Third Party Payor Releasor in the 2005 Lupron Settlement excludes the claims of government entities such as the Iowa Medicaid Program. That definition provides:

> "Third –Party Payor" or "TPP" means a private or governmental entity that was at risk by contract to pay all or part of the cost of Lupron prescribed, provided or administered in the United States for individual beneficiaries of the TPP's prescription drug or health coverage. **Excluded are** Defendants, their respective present and former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates; and the United States government, its officers, agents, agencies and departments**, and all other government entities' claims**, to the extent that they previously released their claims pursuant to the 2001 Settlement Agreement and Release resolving the matter of *United States of America v. TAP Pharmaceutical Products, Inc.* (D. Mass.) and related litigation.

*Id.* at p. 15 (emphasis added).

TAP attempts to circumvent the above language by claiming that Iowa Medicaid is a Third Party Payor "at risk by contract" to reimburse for Lupron. But whether Iowa was "at risk by contract" to reimburse for Lupron or not is irrelevant. Iowa Medicaid's claims are expressly excluded from the 2005 Settlement.

## CONCLUSION

For all the foregoing reasons, TAP's individual motion to dismiss should be denied in its entirety.

Dated: June 6, 2008

Respectfully submitted,

KIRBY McINERNEY, LLP
*Special Counsel to the State of Iowa*

By: /s/
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
830 Third Avenue
New York, New York 10022
(212) 371-6600

TOM MILLER, ATTORNEY GENERAL
FOR THE STATE OF IOWA

C. Roderick Reynolds
J. Bradley Horn
Assistant Attorneys General
Iowa Department of Justice
1305 E. Walnut St.
Hoover Bldg., 2nd Floor
Des Moines, IA 50319
(515) 281-4055

**CERTIFICATE OF SERVICE**

I, James P Carroll Jr, hereby certify that I caused a true and correct copy of the foregoing STATE OF IOWA'S SUR-REPLY TAP PHARMACEUTICALS' INDIVIDUAL MOTION TO DISMISS, to be served on all counsel of record via electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by submitting a copy to Lexis/Nexis File & Serve for posting and notification to all parties.

Dated: June 6, 2008

/s/ James P. Carroll Jr.
James P. Carroll Jr.

# EXHIBIT A

JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: (312) 269-1563
rphilbin@jonesday.com

1648054v1:JP002271:ep
080024-105069

May 12, 2008

VIA E-MAIL JCICALA@KMLLP.COM

Ms. Joanne M. Cicala
Kirby McInerny
830 Third Avenue
New York, New York 10022

Re: Iowa v. TAP Pharmaceutical Products Inc.

Dear Joanne:

We received your Sur-reply on Friday and were confused by the statement in the opening paragraph regarding TAP not filing a Reply to Iowa's Opposition to TAP's Motion to Dismiss. After some investigation, we realized that the Reply was filed on Pacer (Docket No. 5237) but due to some miscommunication with our paralegal, it was never served via LNFS. We have attached a copy of our Reply and we are more than happy to give you as much time as you need to respond to it.

Please contact me at (312) 269-1563 so that we can discuss this further. Thank you.

Very truly yours,

Rachael E. Philbin

# EXHIBIT B

JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: (312) 269-1563
rphilbin@jonesday.com

1651712v1:JP002271:ep
080024-024371

May 30, 2008

VIA E-MAIL AND U.S.P.S.

Mr. James P. Carroll, Jr.
(jcarroll@kmllp.com)
Kirby McInerney LLP
101 College Street
Dripping Springs, TX 78620

Re: State of Iowa v. Abbott Laboratories, Inc., et al

Dear James:

As we discussed yesterday, on April 18, 2008 TAP filed a Reply to the State's Omnibus Opposition to Various Defendants' Individual Motions to Dismiss with the Court, but failed to serve a copy on the State. As a result, on May 8, 2008, the State filed a Sur-Reply Memorandum of Law that did not address TAP's Reply. Upon discovering that a copy of TAP's Reply was not served on the State, we contacted your office immediately to remedy the situation and served a copy of TAP's Reply on the State on May 12, 2008. As agreed in our conversation today, the State will file a Sur-Reply to TAP's Reply by Friday, June 6, 2008.

Please contact me if you have a different understanding of our conversation or if you have any questions. Thank you.

Very truly yours,

Rachael E. Philbin

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON