UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION

MDL NO. 1456

THIS DOCUMENT RELATES TO:

CIVIL ACTION: 01-CV-12257-PBS

*State of Arizona v. Abbott Labs., Inc., et al.*,
Cause No. 1:06-CV-11069-PBS

**DECLARATION OF ELAINE BOUGHNER IN SUPPORT
OF THE STATE OF ARIZONA'S MOTION FOR PROTECTIVE
ORDER LIMITING SCOPE OF DISCOVERY**

I, Elaine Boughner, hereby declare as follows:

1.      I am a Legal Assistant in the Antitrust Unit of the Office of the Arizona Attorney General.

2.      As part of my responsibilities, I coordinate litigation discovery, including litigation holds generally and the litigation hold issued in this case specifically.

3.      The information contained in this declaration is based on my knowledge of State of Arizona operations, the State's document retention and disposition policy, and my discussions with Arizona State agencies in connection with the litigation hold issued in this case.

4.      On February 6, 2006, our office issued a litigation hold in connection with this lawsuit.  The litigation hold was communicated through a memorandum addressed to approximately 17 State agencies which may or may not have purchased prescription drugs or reimbursed for prescription drugs.  Many of the agencies to whom the litigation hold was addressed are very large and include multiple sub-operations or sub-agencies.  These include the

Arizona Department of Corrections, the Arizona Department of Health Services, and the Arizona Department of Veterans' Services, among others.  Thus, the scope of the litigation hold was extremely wide.  A true and accurate copy of the litigation hold memorandum is attached to this declaration as Exhibit 1.

5.      I know that the litigation hold has had a significant impact on many of the agencies affected because I have heard from virtually all of them and many of their sub-organizations.  Our office has been the primary contact for questions concerning the litigation hold.  Representatives of these agencies have written or called me and others about the laborious process of maintaining the documents, associated storage pressures, and the expenses incurred by preserving the documents.  Because of the breadth of the discovery defendants might seek, the litigation hold was brought and the agencies felt paralyzed.  If the litigation hold were not in place, the majority of these documents could be released to the Arizona State Library, Archives and Public Records ("State Archives") as part of the ordinary course of business and the State's document retention and destruction plan, known as Records Retention and Disposition for Arizona State Agencies.

6.      I will describe several examples of the burdens described to me from my conversations with agencies retaining information.  The examples given are not necessarily the only times the agencies mentioned contacted me or others regarding the issue.  In addition, the figures given are only boxes of documents each specifically brought to the attention of our office.  It does not necessarily represent the entire volume of documents and other information being held as a result of the litigation hold.  These are not the only examples of burden that I am aware of.

a.      **Department of Corrections.**  The Department of Corrections

("Corrections") contacted me at least two times.  The Corrections

representative contacted me about 949 boxes they were holding; the

second time a representative contacted me about 476 additional boxes they

were holding.

b.      **Juvenile Corrections.**  The Department of Juvenile Corrections has

contacted me about 156 boxes.

c.      **The Office of the Governor of the State of Arizona.**  The Governor's

office contacted me about 440 boxes they have retained.

d.      **Arizona State University.**  Staff from the Arizona State University

system contacted me two times: the first time about 398 boxes of retained

documents and the second time about 55 boxes.

e.      **The Department of Health.**  The Department of Health has contacted me

about close to 2,000 boxes they have retained.

f.      **AHCCCS.**  AHCCCS is the State Medicaid agency.  AHCCCS contacted

us about 3,542 boxes they have retained in response to the litigation hold.

7.      Even before we review and search through the documents for any production in

the case, the preservation of documents creates a burden on these agencies.  First, the agencies

themselves have to manage the documents outside of the State retention and destruction policy,

including boxing, indexing (if any) and storage.  Second, there is the space pressure of storing

massive quantities of information.  Third, if they are stored outside of the agency or department

by Arizona State Library, Archives and Public Records ("State Library and Archives"), the State

Library and Archives  charges agencies for storing their records.  There are also various charges

- 3 -

for picking up records, retrieving stored records and re-filing them.  These charges are not discretionary.  These charges are set by statute.

8.      Already, the task of maintaining all documents potentially related to drug claims has required hundreds of hours of State employee and attorney time, the expense of storage and, in some cases, the disruption of operations.  In some cases Office of the Attorney General legal staff and outside counsel have tried to walk the agencies through indices of the retained documents to eliminate some of the retained material based on the descriptive language on the indices.  This is a slow, painstaking process – one that we have had to undertake with limited staff and one that has resulted in limited eliminations.  I say it only resulted in limited eliminations because we acted conservatively.  Not knowing what defendants will ultimately ask for or what they will claim might be relevant, we felt we had to act conservatively.

9.      Overall, the  burden is so excessive and spread over so many agencies, it cannot currently be quantified.  Based on the discussions I describe above, the numbers represented to me by the agencies, my review – with others – of indices of the documents affected, and my knowledge of State of Arizona operations, I conclude and can attest with confidence to the magnitude of efforts that would be necessary to review and analyze these documents for production.

10.     The purpose of the February 6, 2006 litigation hold was to freeze electronic and hard copies of information while this office and the State's outside lawyers continued the investigation into categories of documents in the State's possession that might be relevant to or discoverable in this case.  The list of agency addressees was deliberately broad as we conducted the investigation.

I declare under penalty of perjury under the law of the State of Arizona that the foregoing

is true and correct, and that this declaration was executed on _13th_ of June 2008 at _Phoenix, Az_,

_Elaine Boughner_
Elaine Boughner

- 5 -

## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiff's attorneys and that, on
June 13, 2008, I caused copies of the foregoing document to be served on all counsel of record
by the Court's electronic filing service and posted electronically via Lexis-Nexis File & Serve.


                                          /s/ Steve W. Berman
                                        Steve W. Berman

001534-14  240843 V1

# Exhibit 1



**STATE OF ARIZONA**
**OFFICE OF THE ATTORNEY GENERAL**
PUBLIC ADVOCACY DIVISION
**CONSUMER PROTECTION & ADVOCACY SECTION**
Direct Line: (602) 542-8830 • Fax Line: (602) 542-4377
E-mail: ann.uglietta@azag.gov

## M E M O R A N D U M

TO:        **Addressees (Exhibit A hereto)**

FROM:    Ann Thompson Uglietta, Senior Litigation Counsel

DATE:    February 6, 2006

RE:        **State of Arizona ex rel. Goddard v. Abbott Laboratories (CV2005-018711,**
**Ariz. Sup. Ct.) (AWP Litigation):  Document Preservation Directive**

---

On December 6, 2005, the State of Arizona, through the Office of the Attorney General

on behalf of Arizona consumers, filed claims arising under the Consumer Fraud Act and civil

Racketeering statutes against 21 pharmaceutical manufacturers (including their subsidiaries and

affiliates) for fraudulent pricing manipulation relating to the operation of the Average Wholesale

Price ("AWP") in relation to the marketing and sale of certain identified prescription drugs.

AWP is used as a basis for reimbursing physicians and other health care providers for the

administration of certain drugs under the Medicare and Medicaid programs.  It also is used to

determine amounts paid by insurers and co-pays by consumers under the Medicare program or

through private insurance.  The result of this pricing manipulation is that consumers and third

party payors overpay for certain prescription drugs.  This lawsuit also is known as the "AWP

Litigation".

**The purpose of this memorandum is to direct the proper preservation, management**

**and handling of documents that may be relevant to the lawsuit.  The term "documents" is**

**interpreted broadly to include paper, electronic, audio and video recordings, computer-**

February 6, 2006
Page 2 of 5

based records (i.e., databases), e-records/digital records, and any other recorded forms of

information that may be related to the AWP Litigation. Such "documents" include both

"public records" and "non-public records." It is imperative that any documents that relate

to the lawsuit be identified, separated from other files and preserved and protected from

destruction or alteration. Although the relevant time period for the lawsuit is 1991 to

present, all documents that may relate to the lawsuit should be maintained and preserved

regardless of their date. All documents that may relate to the lawsuit must be maintained

in their original state, without destruction or alteration, until the Office of the Attorney

General has notified you in writing that the AWP Litigation is fully resolved.

This directive relates to documents in your agency's files (including all divisions,

sections and units), both paper and electronic, as well as documents, both paper and electronic, in

the possession, custody or control of persons for whom you have responsibility and/or oversight.

The directive also relates to responsive documents from the relevant time period that may

currently be in ARCHIVES or OTHER STORAGE. These documents are to be treated as any

other documents falling within the directive and thus destruction schedules for them should be

suspended until the Office of the Attorney General notifies otherwise. Further, by this Directive,

we request that you immediately undertake preservation of your agency's electronic information

currently stored on the agency's most recent (earliest dated) back-up tape(s), by having the

tape(s) copied and retained for our Office.

Generally, all documents that may be related to prescription drug benefits, coverage,

purchasing, claims, and reimbursement must be separated from other files and documents, and

February 6, 2006
Page 3 of 5

preserved in their original state without alteration.  Documents containing information within the following categories would be of the type that must be preserved:

- State's reimbursement or expenditures for pharmaceutical products or dispensing fees;

- Pricing for reimbursements or expenditures:  AWP, MAP, MAC, WAC, EAC, Best Price or other prices from any source;

- Methodologies for pricing and/or setting reimbursement rates;

- Cost of drugs;

- Legislative testimony and preparation for legislative testimony involving any topics related to pharmaceutical products;

- Public hearings, preparation for public hearings and any public comment involving any topic relating to pharmaceutical products;

- Communications with the federal government (including but not limited to HHS Office of the Inspector General, HCFA, General Accounting Office), state governments or pharmaceutical manufacturers and/or their employees relating to pharmaceutical products and pricing including but not limited to studies and reports;

- Pharmaceutical company information regarding drug pricing;

- NDC codes;

- J-codes;

- Federal Supply Schedule;

- Rebate and supplemental rebate programs related to pharmaceutical drugs, including the programs themselves and any hearing mechanism for rebate disputes;

- Provider comments regarding reimbursement or expenditures for drugs and dispensing fees;

- Documents relating to Third Party Administrators, Benefits Consultants, or PBMs, whether or not actually retained by the State;

- Reviews or evaluations or studies of the State Medicaid Program;

- Dual eligible;

- Provider payments;

- Cost containment efforts relating to State expenditures for drugs;

- Communications with National Association of Medicaid Fraud Control Units, the National Association of Attorneys General, PAL;

- Responses to federal or state assessment, study, analysis, review or audit concerning pharmaceutical products, definitions or methods of determining EAC, use of AWP  or other prices or dispensing fees.

- See also, First Set of Interrogatories and Request for Production of Documents to State of Nevada (attached hereto as Exhibit B).  These requests were propounded by defendant pharmaceutical manufacturers in AWP litigation filed by the State of Nevada.  They serve as examples of the type of documents and information that may be requested by the defendants in the State of Arizona's AWP Litigation.

February 6, 2006
Page 5 of 5

The above list is not comprehensive, and is not intended to act as a substitute for careful review of all files to identify those documents that may be relevant to the lawsuit and therefore subject to preservation.

The Office of the Attorney General will be in touch with you regarding review and production of responsive information.  In the meanwhile, please contact the following persons with respect to questions relating to this directive, as well as document management relating to the AWP Litigation:

Ann Uglietta, Senior Litigation Counsel, Office of the Attorney General, 602-542-8830

Nancy Bonnell, Antitrust Unit Chief, Office of the Attorney General, 602-542-7728

Steve Berman, Hagens Berman Sobol Shapiro, 206-623-7292 (State of Arizona's outside counsel)

**EXHIBIT A**

| Agency | Addressee | Mailing Address | Courtesy Copies |
|---|---|---|---|
| Governor's Office | Tim Nelson, General Counsel | 1700 W. Washington Phoenix, AZ 85007 | |
| AHCCCS | Anthony D. Rodgers, Director | 801 E. Jefferson Mail Drop 4500 Phoenix, AZ 85034 | David Botsko, Director of Program Integrity<br><br>Del Swan, Pharmacy Program Administrator<br><br>Kari Price, Division of Healthcare Management<br><br>Ray Hernandez, Program Compliance Auditor Supervisor<br><br>Michael Veit, Contracts & Purchasing, MMCAP Representative |
| Arizona Department of Corrections | Dora B. Schriro, Director | 1601 W. Jefferson St. Mail Code 233 Phoenix, AZ 85007 | |
| Arizona Department of Juvenile Corrections | Michael D. Branham, Director | 1624 W. Adams Phoenix, AZ 85007 | |
| Arizona State Prison Complex, Perryville | Paulette Boothby, RPh., MMCAP Representative | 2455 Citrus Road P.O. Box 3000 Goodyear, AZ 85338 | |
| Arizona Department of Health Services | Susan Gerard, Director | 150 N. 18th Avenue Phoenix, AZ 85007 | |

| | | | |
|---|---|---|---|
| Arizona State Hospital | John C. Cooper, CEO | 2500 E. Van Buren St. Phoenix, AZ 85003 | Deanne Estes, Pharmacy Manager |
| Arizona Department of Health Services, Division of Behavior Health Services | Vicki Staples, Bureau Chief | 150 N. 18th Avenue 2nd Floor Phoenix, AZ 85007 | |
| University of Arizona | Judith E. Leonard, General Counsel | Administrative Building, Room 103, P.O. Box 210066 Tucson, AZ 85721-0066 | |
| University Medical Center | Greg Pivirotto, CEO | 1501 N. Campbell Ave. Tucson, AZ 85724-5175 | |
| Arizona State University | Paul Ward, General Counsel | P.O. Box 877405 Tempe, AZ 85287-7705 | |
| Northern Arizona University | Mark Neumayr, General Counsel | P.O. Box 4092 Flagstaff, AZ 86011 | |
| Arizona Pioneer's Home | Gary Olson, Superintendent | 300 S. McCormick St. Prescott, AZ 86301 | |
| Arizona Department of Veterans' Services | Pat Chorpenning, Director | 3839 N. 3rd Street Suite 200 Phoenix, AZ 85012 | |
| Arizona Department of Economic Security | David A. Berns, Director | P.O. Box 6123 Site Code 791A Phoenix, AZ 85005 | |
| Arizona Department of Administration | Bill Bell, Director | 100 N. 15th Avenue #301 Phoenix, AZ 85007 | Michael Murphy, Manager, Property, Liability & Workers' Compensation Claims |
| Arizona Department of Emergency & Military Affairs | Michael Virgin, Director Joint Programs | 5636 E. McDowell Rd. Phoenix, AZ 85008-3495 | |
| AHCCCS | Matt Devlin, In House Counsel | 701 E. Jefferson St. Mail Drop 6200 Phoenix, AZ 85034 | |

| Office of the Attorney General | Mark Wilson, Administrative Law Section | 15 South 15th Ave. Phoenix, AZ 85007 | Counsel for ADOC, ADOJC, Board of Regents (all universities), Arizona Pioneers' Home, and ADOA |
|---|---|---|---|
| Office of the Attorney General | Kevin Ray, Education & Health Section | 15 South 15th Ave. Phoenix, AZ 85007 | Counsel for Arizona Department of Health Services |
| Office of the Attorney General | Jeffrey Dollins, Administrative Law Section | 15 South 15th Ave. Phoenix, AZ 85007 | Counsel for Arizona Department of Veterans' Services |
| Office of the Attorney General | Sharon Sergent, Child & Family Protection | 15 South 15th Ave. Phoenix, AZ 85007 | Counsel for Arizona Department of Administration |
| Office of the Attorney General | James Walsh Chief Deputy | 1275 W. Washington Phoenix, AZ 85007 | |
| Office of the Attorney General | Susan Segal Division Chief | 1275 W. Washington Phoenix, AZ 85007 | |
| Office of the Attorney General | Rene Rebillot Section Chief | 1275 W. Washington Phoenix, AZ 85007 | |
| Office of the Attorney General | Nancy Bonnell Antitrust Unit Chief | 1275 W. Washington Phoenix, AZ 85007 | |
| Hagens Berman Sobol Shapiro LLP | Jeniphr Breckenridge, Outside Counsel for State of Arizona | 1301 Fifth Avenue Suite 2900 Seattle, WA 98101 | |
| Hagens Berman Sobol Shapiro LLP | Steve Berman, Outside Counsel for State of Arizona | 1301 Fifth Avenue Suite 2900 Seattle, WA 98101 | |