UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 01-CV-12257-PBS<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,*<br>Civil Action No. 05-11084-PBS | |

## DEY, INC., DEY, L.P., AND DEY, L.P., INC.'S CROSS MOTION FOR MODIFICATION OF THE JUNE 22, 2007 CASE MANAGEMENT ORDER

Defendants Dey, Inc., Dey L.P., and Dey L.P., Inc. (collectively, "Dey"), hereby submit this Cross-Motion for Modification of the June 22, 2007 Case Management Order (the "June 22 CMO").

In this case, Plaintiff the United States of America (the "Government") seeks damages from Dey in excess of $100 million dollars. The Government alleges Dey defrauded the federal Medicare and Medicaid programs over a sixteen year time period. State officials in each of the 50 states separately administered the Medicaid program in their states, which were ultimately supervised and independently approved by the federal agency, the Centers for Medicare and Medicaid Services ("CMS"). Each state pays its own claims differently using a different claims system. Each state relied on different information in deciding which drugs to reimburse and which reimbursement schemes to use. The Government alleges Dey misled each of the fifty state programs for 16 years.

The following are some examples of the liability related questions of fact that will be left for summary judgment or trial and which discovery is needed from each of the states:

1

1. The state's knowledge of providers' acquisition costs as compared to the amounts at which they reimbursed the providers and the published AWPs and WACs for the Dey Generics. *See, e.g., California, ex rel. Ven-A-Care of the Fla. Keys., Inc. v. Abbott Labs., Inc.*, 478 F. Supp. 2d 164, 174 (D. Mass. 2007);

2. The states' use of the difference between providers' acquisition costs and the reimbursement amounts for the ingredient portion (i.e. the acquisition of the drug) to cross-subsidize inadequate dispensing fees. *See, e.g., In re Pharm. Indus. Average Wholesale Price Litig.*, 491 F. Supp. 2d 20, 32, 38 (D. Mass. 2007);

3. How each state defined usual and customary charge and compared this charge to AWP, WAC, or other reimbursement benchmarks;

4. How each state determined the Maximum Allowable Cost ("MAC") and how MACs were applied to Dey's drugs;

5. Whether and how each state utilized the "DOJ AWPs" created and disseminated by the Department of Justice in 2000;

6. The influence of political factors on how each state set its reimbursement methodologies;

7. The states' intentional encouragement of the use of generic products through the knowing use of the spread; and

8. How each state used the Federal Upper Limit ("FUL").

State Medicaid depositions are crucial to these issues of fact. Furthermore, these issues do not even touch on damages and the extensive discovery that is needed at the state level to explain claims data and the reimbursement used on a claim by claim basis for the Dey Generics.

The June 22 CMO provides that the parties are limited to "one deposition per state as well as 10 additional depositions per side" *See* Paragraph 19. The existing limitation is too strict because it is not possible to obtain the evidence necessary for each of these issues, as well as other issues of fact and damages, for each state if Dey is limited to a single witness.

Dey therefore respectfully requests that the Court enter a new order to:

1. allow Dey to take 50 state Medicaid depositions without limitations to one deposition per state;

2. allow Dey to depose the witnesses listed on the Government's Second Supplement to Initial Disclosures to Defendants Pursuant to Fed. R. Civ. P. 26(a)(1), as well as on any future witness lists or initial disclosures;

3. allow Dey and the Government to cross-notice depositions for use at trial, including state Medicaid Depositions, now and after the fact-discovery cut-off, without having them count against the deposition limit.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Dey respectfully requests oral argument on this motion.

Dated: June 13, 2008

Respectfully Submitted,

KELLEY DRYE & WARREN LLP

By: /s Neil Merkl
Paul F. Doyle (BBO # 133460)
Sarah L. Reid *(pro hac vice)*
William A. Escobar *(pro hac vice)*
Neil Merkl *(pro hac vice)*

101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendants Dey, Inc. Dey, L.P., and Dey, L.P., Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on June 13, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                                                              /s Neil Merkl