# Exhibit E

Page 1

1               UNITED STATES DISTRICT COURT

2             FOR THE DISTRICT OF MASSACHUSETTS

3   IN RE: PHARMACEUTICAL INDUSTRY    ) MDL NO. 1456

4   AVERAGE WHOLESALE PRICE           )

5   LITIGATION                        ) CIVIL ACTION:

6                                     ) 01-CV-12257-PBS

7                                     ) Judge Patti B. Saris

8                                     ) Magistrate Judge

9                                     ) Marianne B. Bowler

10  THIS DOCUMENT RELATES TO

11  U.S. ex rel. Ven-A-Care of the

12  Florida Keys,Inc., v.

13  Abbott Laboratories, Inc., et al.

14  No. 06-CV-11337-PBS

15  (Caption continues on next page.)

16  _____

17

18              VIDEOTAPED DEPOSITION OF

19                    CODY WIBERG

20              Taken March 14, 2008

21              Commencing at 9:13 a.m.

22

```
 1                    COMMONWEALTH OF KENTUCKY

 2                 FRANKLIN CIRCUIT COURT - DIV 1

 3                   CIVIL ACTION NO. 04-CI-1487

 4   COMMONWEALTH OF KENTUCKY                          PLAINTIFF

 5   ex rel. JACK CONWAY, ATTORNEY GENERAL

 6   v.

 7   ALPHARMA USPD, INC., et al.

 8

 9                   VIDEOTAPED DEPOSITION OF

10                         CODY WIBERG

11                    Taken March 14, 2008

12                   Commencing at 9:13 a.m.

13

14        REPORTED BY:  SUZANNE HAGEN, RPR, CRR, CBC

15        Videotaped Deposition of Cody Wiberg, taken on

16   March 14, 2008, commencing at 9:15 a.m., at the law firm

17   of Meagher & Geer, 33 South Sixth Street, #4400,

18   Minneapolis, Minnesota, 55402, before Suzanne Hagen,

19   Registered Professional Reporter, Certified Realtime

20   Reporter, Certified Broadcast Captioner, and Notary

21   Public of and for the State of Minnesota.

22                         **********
```

Page 3

1                         APPEARANCES

2

3    On Behalf of Abbott Laboratories:

4    CHRISTOPHER COOK, ESQUIRE

5    JONES DAY

6    51 Louisiana Avenue, N.W.

7    Washington, D.C. 20001-2113

8    202-626-3939

9    CHRISTOPHERCOOK@JONESDAY.COM

10

11   On Behalf of the Deponent, Cody Wiberg:

12   TIERNEE MURPHY, ASSISTANT ATTORNEY GENERAL

13   MANAGER, HEALTH LICENSING DIVISION

14   STATE OF MINNESOTA ATTORNEY GENERAL

15   Bremer Tower, Suite 1400

16   445 Minnesota Street

17   St. Paul, Minnesota 55101-2131

18   tiernee.murphy@state.mn.us

19

20

21

22

Page 4

1                    APPEARANCES CONTINUED

2

3     On Behalf of Dey, Inc., Dey, L.P., and Dey, L.P., Inc.:

4     MARISA A. LORENZO, ESQUIRE

5     KELLEY & DRYE

6     101 Park Avenue

7     New York, New York 10178

8     212-808-7697

9     mlorenzo@kelleydrye.com

10

11    On behalf of the U.S. Attorney's Office for the District

12    of Massachusetts:

13    JEFF FAUCI, ESQUIRE

14    THE UNITED STATES DEPARTMENT OF JUSTICE

15    1 Courthouse Way

16    John Joseph Moakley Courthouse

17    Boston, MA 02210

18    612-748-3100

19    Jeff.Fauci@USDOJ.gov

20

21

22

```
 1                  APPEARANCES CONTINUED

 2

 3    On behalf of Ven-A-Care:

 4    LARRY BLACK, ESQUIRE

 5    7039 Comanche Trail

 6    Austin, Texas 78732

 7    512-402-1745

 8    lblack@larryblacklaw.com

 9

10    On behalf of Roxane Laboratories, Inc., et al

11    (via teleconference):

12    MIRIAM LIEBERMAN, ESQUIRE

13    KIRKLAND & ELLIS

14    200 East Randolph Drive

15    Chicago, Illinois 60601-6636

16    United States

17    312-861-2000

18

19

20

21

22
```

Page 6

1                APPEARANCES CONTINUED

2

3     On behalf of Bristol-Myers

4     (via teleconference):

5     EVA DIETZ, ESQUIRE

6     HOGAN & HARTSON

7     875 Third Avenue

8     New York, NY 10022

9     212-918-3000

10    eldietz@hhlaw.com

11

12    On behalf of Sandose, Inc.

13    (via teleconference):

14    MILANA SALZMAN, ESQUIRE

15    WHITE AND CASE

16    1155 Avenue of the Americas

17    New York, New York

18    10036-2787

19    212-819-8711

20    msalzman@whitecase.com

21

22

```
                                                              Page 7
 1              APPEARANCES CONTINUED

 2   On behalf of Warrick-Schering and B. Braun Medical

 3   (via teleconference):

 4   KARIN TORGERSON, ESQUIRE

 5   LOCKE, LORD, BISSELL & LIDDELL

 6   2200 Ross Avenue

 7   Suite 2200

 8   Dallas, Texas 75201

 9   214-740-8725

10   ktorgerson@lockeliddell.com

11

12   On behalf of Pfizer

13   (via teleconference):

14   KATHRYN POTALIVO

15   MORGAN, LEWIS & BOCKIUS

16   1701 Market St.

17   Philadelphia, PA 19103-2921

18   215-963-5233

19   kpotalivo@morganlewis.com

20

21   Also Present:

22   Kelly Leber, Videographer
```

                                                                         Page 8

 1                              INDEX

 2

 3    WITNESS:   CODY WIBERG                                      PAGE

 4

 5    EXAMINATION BY MR. COOK:                                  11, 356

 6                MS. LORENZO:                                      245

 7                MS. LIEBERMAN:                                    275

 8                MR. FAUCI:                                   282, 375

 9                MR. BLACK:                                   309, 382

10

11

12

13    EXHIBITS MARKED:

14    Exhibit Abbott 650, JDWIBERG0015 to 0022                        9

15    Exhibit Abbott 651, KY_DMS_00000000117257                      207

16    Exhibit Dey 124,    DEY-MDL-0105083 to 0105089                 245

17

18

19

20

21

22

```
 1      Q.  And to go back to what you described earlier
 2   on about a perfect world of reimbursement --
 3      A.  Uh-huh.
 4      Q.  In a perfect world of transparency, if AWPs
 5   were actually an average of what providers were
 6   paying, what would you expect would be the effect
 7   that would have on the other aspects of the
 8   Medicaid system?
 9      A.  Well, if AWP actually reflected the average
10   --
11      Q.  An empirical average.
12      A.  Yeah, an average of what most providers were
13   paying, actually paying, in terms of the pharmacy
14   side of things -- it's more complicated, I think,
15   on the physician facility side, because they also
16   get paid for office visits and things like that.
17   But on the pharmacy side, if the AWP, on average,
18   was what you would expect most providers to be
19   actually paying for the drug when they purchase it,
20   you would end up raising the dispensing fee, to a
21   certain extent.  And to what extent you raise it
22   would depend -- depend on your policy
```

1   Q.  Okay.

2   A.  Again, as I testified earlier, we didn't

3   really use WAC.  I guess it makes sense.  That

4   stands for Wholesaler Acquisition Cost.  It makes

5   sense that that would be some sort of price that

6   manufacturers who supplied the drugs to wholesalers

7   charged them.

8       The rest of the statement -- states --

9   statements in there about WAC -- again, we didn't

10  use WAC.  The statements about AWP, where it says,

11  "AWP listed here does not represent any actual

12  price, which will or has been charged or paid for

13  this product," that would have been my

14  understanding, as I have testified earlier. That

15  AWP is not -- does not actually reflect what

16  providers pay for products.  I can't comment on

17  whether or not it's Dey's practice to set an AWP

18  for a product. I don't know what Dey's practice

19  was, or the practice of any other manufacturer, and

20  how they determine AWPs.  I don't know if Dey's

21  practice -- if that, in fact, is Dey's practice, if

22  that's an industry -- industry practice.  The

1
2
3
4
5
                            _____
6                             SIGNATURE OF THE WITNESS
7
8 Subscribed and sworn to and before me
9 this _____ day of _____, 20\_\_\_\_.
10
11
12 _____
13         Notary Public
14
15
16
17
18
19
20
21
22

1        REPORTER'S CERTIFICATE

2

3

4   STATE OF MINNESOTA      )

5                           ) ss.

6   COUNTY OF SHERBURNE     )

7

8       I hereby certify that I reported the videotaped

9   deposition of Doctor Cody Wiberg on March 14, 2008 in

10  Minneapolis, Minnesota, and that the witness was by me

11  first duly sworn to tell the whole truth;

12      That the testimony was transcribed by me and is a

13  true record of the testimony of the witness;

14

15      That the cost of the original has been charged to the

16  party who noticed the deposition, and that all parties

17  who ordered copies have been charged at the same rate

18  for such copies;

19      That I am not a relative or employee or attorney or

20  counsel of any of the parties, or a relative or employee

21  of such attorney or counsel;

22      That I am not financially interested in the action

Case 1:01-cv-12257-PBS   Document 5383-6   Filed 06/13/08   Page 14 of 14

Wiberg, Cody                                                                         March 14, 2008

Page 387

1   and have no contract with the parties, attorneys, or

2   persons with an interest in the action that affects or

3   has a substantial tendency to affect my impartiality;

4

5       That the right to read and sign the deposition by the

6   witness was not waived.

7       WITNESS MY HAND AND SEAL THIS 19th day of March,

8   2008.

9

10

11              ---------------------------------------

12       Suzanne Hagen, RPR, CRR, CBC

13       Notary Public, Sherburne County, Minnesota

14       My commission expires January 2012.

15

16

17

18

19

20

21

22

Henderson Legal Services, Inc.
202-220-4158                                                    www.hendersonlegalservices.com