# REPLY EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL DOCKET NO. 1456 |
| | ) ) ) ) | Civil Action No. 06-CV-11337<br>Lead Case No. 01-CV-12257 |
| THIS DOCUMENT RELATES TO:<br><br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | ) ) ) ) ) ) ) | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

### AFFIDAVIT OF LAURA A. DAHL

STATE OF ILLINOIS     )
                      :
COUNTY OF COOK        )

### LAURA A. DAHL, BEING DULY SWORN, DEPOSES AND SAYS:

1. My name is Laura A. Dahl. I am over the age of twenty-one. I am familiar with and have personal knowledge of the facts set forth herein. I submit this affidavit in support of Defendant Abbott Laboratories Inc.'s Reply In Support of its Motion To Enforce the February 16, 2007 Protective Order and For Order Compelling Plaintiffs To Return Inadvertently Produced Privileged Documents.

2. I have worked as an attorney at Jones Day for the past six years. As such, I am one of the Jones Day attorneys representing Abbott Laboratories Inc. ("Abbott"). As a result of my representation of Abbott, I am familiar with the confidentiality designation procedures utilized by Abbott in *U.S. ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories,*

*Inc.*, 06-CV-11337-PBS, *In re Pharmaceutical Industry Average Wholesale Price Litigations*, MDL No. 1456 / Civil Action No. 01-12257 (the "Litigation").

3. On or around October 19, 2007 and November 8 and 9, 2007, Abbott produced approximately 48,000 pages of documents relating to its former Home Infusion Services business on seven CD-ROM disks (the "Home Infusion Documents), as part of its production to Plaintiffs in the Litigation.

4. Prior to producing the Home Infusion Documents, Abbott designated certain of the Home Infusion Documents--including ABT-DOJ 0326756, -0326759, and -0326772--as "confidential" during a confidentiality review.

5. The confidentiality review was conducted separately and after Abbott's two-tiered privilege review of the Home Infusion Documents.

6. The Jones Day staff involved in the confidentiality review was distinct from the licensed contract attorneys and junior Jones Day attorneys performing the two-tier privilege review.

7. The confidentiality designations of the Home Infusion documents were made in accordance with paragraphs 3, 4, and 15 of this Court's Protective Order.

8. Because the confidentiality review was conducted separately and after Abbott's two-tiered privilege review, the documents were not re-reviewed for either responsiveness or privilege.

9. The confidentiality review did not reveal the privileged nature of ABT-DOJ 0326756, -0326759, or -0326772.

Further Affiant sayeth not.

This the __20__ day of June, 2008.

_____
LAURA A. DAHL,
Affiant

Sworn to and subscribed before me this
_20TH_ day of May, 2008.

_____
Notary Public

My Commission Expires: _7/15/0 11_

OFFICIAL SEAL
MARILYN A BUNCK
Notary Public - State of Illinois
My Commission Expires Jul 15, 2011

- 4 -