

U.S. Department of Justice

*United States Attorney*
*Southern District of Florida*

*99 N.E. 4 Street*

*Miami, FL 33132*
*(305) 961-9000*

September 7, 2006

R. Christopher Cook
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

Re:   *U.S. ex rel. Ven-a-Care of the Florida Keys Inc v Abbott Laboratories,* MDL No. 1456/Civil Action No. 01-12257-PBS

Dear Mr. Cook:

     I suggest that a meeting be scheduled between the parties to begin to work through electronic production issues, some of which are raised in your letter of August 29, 2006 such as a file source index and native format production. However, in order to prepare for such a meeting we need to secure the basic OCR and related load information for each of the seven computer discs produced by Abbott as part of its preliminary disclosures. As I mentioned to you on the telephone, only the first disc, ABTDOJE0001, included what appeared to be OCR information in a "dat" file. You thought that Abbott only created OCR information for e-mails, but you were going to check on that and get back to me. In addition, if the materials produced by Abbott included a File Source Index or native format documents, could you please identify them for me so that I can get a better idea of what you have in mind.

     Although we have not yet been able to perform a comprehensive review of Abbott's initial disclosure documents, there are some important issues that were immediately evident and need to be promptly addressed. First, it appears that the only bates number appearing on any of the imaged documents is the "ABT-DOJ" number and that all other bates numbers from the MDL, or from any other related litigation such as that commenced by the States of Texas or West Virginia were removed. Second, I have already run across several documents which seem to have been redacted to excise the portions of the documents which mention drugs other than those specified in our complaint. It would seem to be quite difficult to identify a privilege that would support such redactions and, in any event, no privilege log has been supplied to date. Third, every document I have seen to date is designated as confidential and none seem to warrant such a designation. For example, ABT-DOJ 0190431 through ABT-DOJ 0191192 consist solely of documents transmitted by Abbott employee Jerrie Cicerale to either Redbook, First DataBank or Medispan so that those companies could then publish the information. Abbott's claim of

R. Christopher Cook
September 7, 2006
Page 2

confidentiality as to documents transmitted to third parties for publication raises a question as to whether Abbott has wielded the confidentiality designation in an appropriate and judicious manner as to any of the documents. Helpful guidance on this issue is found in the recent decision in *In re Ullico Inc. Litigation*, --- F.R.D. ----, 2006 WL 2398671 (D.D.C. July 2006)(over-designation of documents as confidential was in bad faith and justified sanctions). In sum, each of the forgoing approaches are insupportable, will hamper our review of the documents, contravenes one of the key purposes of the MDL process and need to be promptly corrected.

      I am in the process of confirming the exact scope of the First DataBank and wholesaler information as you requested. They were all produced in paper form, but they are not overly voluminous. I will provide more detailed information to you shortly.

      Your letter of August 29, 2006 additionally raised various issues regarding our damage disclosures under Rule 26. I do not agree with your interpretation of a party's obligations under Rule 26 regarding damages disclosures. A more pertinent recitation of the law in this area is contained in *Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP*, 2006 WL 1520227 (S.D.N.Y. 2006) where the Court noted that when "damages are not the product of a simple mathematical calculation and require expert testimony, the damages calculations need not be produced with the plaintiff's Rule 26(a)(1) disclosures and may be produced as part of the party's Rule 26(a)(2) disclosures." When considered in this context, it is clear that the damages information supplied in our initial disclosures is sufficient. As stated in our disclosures, we will be able to supplement the information when more detailed information is available.

      I also do not understand the point of your attack on our tainted claims theory which we set forth in our initial disclosures. The point of the initial disclosures is put you on notice of our damages theory so that you can prepare your defense. From my perspective, your letter proves that our disclosure has done just that. You not only understand our theory but have already researched the issue and prepared a competing position. Your letter makes it clear that Abbott would prefer a damages calculation that is not based on a tainted claims theory and that Abbott will present that position to the Court. How the government will calculate its damages is not subject to Abbott's election. Since we intend to utilize the tainted claims theory we are obligated to present it in our initial disclosures as we have done. You contradict yourself by criticizing in some detail the inclusion of the tainted claims theory in our disclosures, while simultaneously threatening to seek preclusion of the theory due to inadequate disclosure.

      In addition, we have provided an explanation of the alternative damages theory which we will pursue, and we have provided a substantial amount of the underlying data upon which our calculations are based at this time. More precise calculations of our alternative unwarranted theory requires substantial discovery of market information and substantial analysis by our expert witnesses. As stated in the *Kingsway* case, damage calculations of that type may be produced as

R. Christopher Cook
September 7, 2006
Page 3

part of the party's Rule 26(a)(2) disclosures.  At this point, Abbott is in possession of the best information regarding "the prices at which the products in the Complaint were generally and currently available in the marketplace."  Thus, Abbott is in a better position than the United States to perform such calculations.  When we have secured sufficient information to perform such calculations, we will be in a position to provide the information to you.

  Thank you for your attention to this matter.  If you have any questions, please feel free to contact me.

                R. ALEXANDER ACOSTA
                UNITED STATES ATTORNEY

                /s Mark Lavine

                Mark A. Lavine
                Assistant U.S. Attorney
                (305) 961-9303
                (305) 536-4101 Fax
                Mark.Lavine@usdoj.gov

N:\mlavine\venacare\ABBOTT\Correspondence\Cook1.wpd