UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |
| | ) ) | Judge Patti B. Saris |
| **THIS DOCUMENT RELATES TO:**<br>*United States of America ex rel.*<br>*Ven-a-Care of the Florida Keys, Inc., v.*<br>*Abbott Laboratories, Inc.*<br>CIVIL ACTION NO. 06-11337-PBS | ) ) ) ) ) ) | Chief Magistrate Judge Marianne B. Bowler |

### UNITED STATES' OBJECTIONS AND RESPONSES TO DEFENDANT ABBOTT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the United States provides these objections and responses to Defendant Abbott Laboratories, Inc.'s ("Abbott") First Set of Interrogatories ("Interrogatories") Directed To Plaintiff United States of America And Relator Ven-A-Care Of The Florida Keys, Inc. ("Relator").

### Introductory Statement and General Objections

1.  These Interrogatories are unclear, vague, and ambiguous to the extent they are directed jointly at the United States and the Relator. The United States further objects to the extent that it is unclear as to whether Abbott seeks responses to particular Interrogatories from either the United States or the Relator, or both. The United States objects to each Interrogatory that is directed, in whole or part, to Relator. The United States is not obligated to respond to all or part of any Interrogatory that is, or should be, directed at the Relator. Thus, the United States

1

<u>Interrogatory No. 8</u>: Describe the damages You seek from Abbott. Your response to this Interrogatory should provide all information necessary for Abbott to quantify the damages You seek and should, at a minimum:

(a) Identify by name each state as to which you seek damages in this action relating to claims for reimbursement from the Medicaid program.

(b) Identify by name any programs beyond Medicare and Medicaid for which You seek damages.

(c) Identify, by NDC, calendar quarter, state (for Medicaid claims), program *(e.g.,* Medicare, Medicaid), and on a claim-by-claim basis, the amount of damages (excluding any punitive damages and civil penalties) Plaintiff seeks in this action.

(d) Describe the methodology, including any assumptions, used to calculate those amounts.

(e) For Medicare Part B claims, Medicaid claims relating to physician-administered drugs, and other classes of claims reimbursed by use of J-Codes, explain how You determined that reimbursement was paid using AWPs or WACS for Abbott drugs and how You calculated damages for such claims.

(f) Identify the number of "false or fraudulent claims that Abbott caused to be made" (Complaint, ¶ 104), the number of "false records or false statements made by Abbott" *(Id.,* ¶ 106), and the amount of civil penalties Plaintiff seeks in this action.

(g) Identify any lawsuits, judicial proceedings, settlements, or allegations concerning allegedly false claims filed by any Provider related to reimbursement of drugs by Medicare Part B or Medicaid, and explain how You intend to account for such lawsuits, judicial proceedings,

settlements, or allegations in determining Defendant's liability and the appropriate measure of damages in this case.

(h) Identify all Documents relating to the information provided in response to this Interrogatory.

<u>Response</u>: The United States incorporates by reference its general objections and its objections to definitions and instructions implicated by this interrogatory. The United States objects to this interrogatory on the following additional grounds. Objection, to the extent this interrogatory contains multiple subparts that are not logically part of the basic interrogatory. Objection, as used in this interrogatory the following terms and phrases are vague, ambiguous, and not subject to objective application in identifying responsive information: "programs," "methodology," "assumptions," "other classes of claims," "lawsuits, judicial proceedings, settlements, or allegations concerning allegedly false claims filed by any Provider related to reimbursement of drugs," and "account for." Objection, the interrogatory is overly broad and seeks information that is not relevant to any claim or defense and is not reasonably calculated to lead to admissible evidence to the extent that it asks "identify any lawsuits, judicial proceedings, settlements, or allegations concerning allegedly false claims filed by any Provider related to reimbursement of drugs by Medicare Part B or Medicaid, and explain how You intend to account for such lawsuits, judicial proceedings, settlements, or allegations in determining Defendant's liability and the appropriate measure of damages . . ." Objection, this contention interrogatory is overly broad and unduly burdensome, premature and unreasonable at this early stage of discovery, before Abbott has responded to all the United States' factual discovery requests (including but not limited to requests for complete pricing and transactional data), before all depositions have been taken, and before third-party discovery has commenced.

Objection, serving such a contention interrogatory at the outset of discovery in an attempt to mandate supplementation as "additional information becomes available," or as otherwise required by the Federal Rules of Civil Procedure, imposes an undue burden on the United States by (a) requiring the United States to respond multiple times over the course of this complex case, (b) disrupting the effective administration of the United States' case, and (c) improperly infringing on attorney work product by requiring what would amount to frequent or periodic reports on counsels' ongoing review and analysis of the evidence. Objection, this interrogatory is unduly burdensome to the extent that it seeks an identification of damages by NDC, calendar quarter, state, program, and on a "claim-by-claim basis." Objection, this interrogatory is unreasonably broad and burdensome to the extent that it seeks the number of "false records or false statements" made by Abbott. Objection, by seeking identification of "all Documents," the interrogatory calls for the production of documents and information protected from disclosure by privilege and doctrine, including but not limited to, the attorney-client privilege, the work product doctrine, the common interest privilege, the consulting expert privilege, the deliberative process privilege, and the law enforcement investigative files privilege. Objection, to the extent that this interrogatory is a premature request for information that may be contained in the plaintiffs' testifying experts' reports that will be disclosed in accordance with Fed. R. Civ. P. 26 and any applicable scheduling orders. Objection, to the extent the interrogatory purports to require the United States to draw pure conclusions of law.

    Subject to and without waiving the United States' general and specific objections, and its objections to Abbott's definitions and instructions, the United States provides the following. The United States reserves its right to supplement or amend this response.

The United States has already provided responsive information and documents contained in the United States' initial disclosures which were previously provided to Abbott pursuant to Fed. R. Civ. P. 26. In addition, the United States provides the following.

The United States seeks damages for the Medicaid Programs of all 50 states. The United States is not seeking damages for any programs beyond Medicare and Medicaid at this time.

The United States has not received complete pricing and transaction data from Abbott. That information is needed for detailed damage calculations. Damage methodologies may include, but are not limited to:

- calculating all amounts paid by Medicare and Medicaid for the drugs in the United States' Complaint from January 1991 to January 2001, as all the claims were tainted by kickbacks;

- calculating the difference between what Medicare and Medicaid actually paid for the drugs in the Complaint from January 1991 to January 2001, and what would have been paid had Abbott not engaged in its scheme;

- calculating the amount by which Abbott was enriched by its scheme as measured by the profits received by Abbott for its sales of the drugs at issue in the Complaint from January 1991 to January 2001; the United States will also be conducting discovery as to Abbott's direct participation in the process of submitting claims to Medicaid and/or Medicare; Abbott may have been additionally enriched by directly receiving part of the spread that Abbott created for its customers through its fraudulent scheme;

- calculating the value of the kickbacks received by Abbott's customers; and

- penalties of $5,000 to $10,000 per Medicare and Medicaid claim for the Abbott drugs in the Complaint from January 1991 to September 28, 1999; and penalties of $5,500 to $11,000 per Medicare and Medicaid claim for the Abbott drugs in the Complaint from September 29, 1999 to January 31, 2001.

The United States will rely on testifying experts to provide damage calculations. The expert reports will be provided pursuant to Fed. R. Civ. P. 26 and the Court's scheduling order in this case.

<u>Interrogatory No. 9</u>: Paragraph 109 of the Complaint states that "Abbott has been unjustly enriched, including profits earned by Abbott because of illegal inducements Abbott arranged to be paid to its Customers." Identify with particularity all evidence that supports your contention, all illegal inducements that Abbott allegedly arranged to be paid to its Customers, and all payments by which Abbott allegedly was unjustly enriched. Identify all Documents relating to the information provided in response to this Interrogatory.

<u>Response</u>: The United States incorporates by reference its general objections and its objections to definitions and instructions implicated by this interrogatory. The United States objects to this interrogatory on the following additional grounds. Objection, as used in this interrogatory the term "payments" is vague, ambiguous, and not subject to objective application in identifying responsive information. Objection, this contention interrogatory is overly broad and unduly burdensome, premature and unreasonable at this early stage of discovery, before Abbott has responded to all the United States' factual discovery requests, before all depositions have been taken, and before third-party discovery has commenced. Objection, serving such a contention interrogatory at the outset of discovery in an attempt to mandate supplementation as