# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS RELATING TO TRACK TWO DEFENDANTS | Judge Patti B. Saris |

## CLASS PLAINTIFFS' MOTION TO ADD INDIVIDUAL PLAINTIFF AS CLASS ONE REPRESENTATIVE FOR TRACK TWO SETTLEMENT AND FOR PROTECTIVE ORDER RELATED TO NOTICE TO CLASS 3 CONSUMERS

On April 9, 2008, the parties appeared for a second time on oral argument related to the Joint Motion for Preliminary Approval of Track Two Settlement Agreement and Release (Docket No. 5131).  At that time there were a number of issues discussed with the Court that required follow up.  Among these were Class Plaintiffs' desire to seek leave of Court to add an individual plaintiff as a representative of Class 1 for purposes of the Track Two Settlement and the request of ISHP counsel for a qualified protective order under HIPAA regarding the production of protected health information by ISHP Group members identifying Class 3 consumers for purposes of direct mail notice.[1]

Accordingly, Class Plaintiffs hereby move for leave of Court to add Ms. Muriel Tonacchio, representative of the Estate of Wilma Mort, as a Class 1 representative and for entry of a [Proposed] Order related to notice to Class 3 consumers.

---

[1] The Court also requested submission of a revised preliminary approval order inserting the proposed dates for various milestones associated with administration of the Track Two Settlement.  A Revised [Proposed] Preliminary Approval Order along with Exhibit A to the Settlement Agreement, which was recently agreed to by counsel for ISHPs and Track Two Defendants, are filed contemporaneously herewith in a separate filing.

I.       Addition of Named Individual Representative of Class 1

Class Plaintiffs respectfully request leave of Court to add Ms. Muriel Tonacchio, as representative of the Estate of Wilma Mort, as a Named Representative for Class 1.  The Affidavit of Muriel Tonacchio in Support of Plaintiffs' Motion to Add Estate of Wilma Mort as Class 1 Representative for Track Two Settlement, with supporting documents, is attached hereto as Exhibit A ("*Tonacchio Aff'd*").

Ms. Tonacchio's mother, Ms. Wilma Mort, passed away from cancer on September 14, 2003.  Before her death from cancer Ms. Mort was administered chemotherapy over a period of two years in a clinic in Weirton, West Virginia and was a Medicare recipient at the time. *Tonacchio Aff'd*, ¶2.  Although Ms. Mort also had supplemental insurance which normally paid her co-payment obligations under Medicare, there was a time when her supplemental insurance refused to cover some portions of her mother's chemotherapy treatment.  Specifically Ms. Mort's supplemental insurer refused to pay her co-payment for Aventis' drug Anzemet.  *Tonacchio Aff'd*, ¶3.  Ms. Tonacchio has obtained her mother's billing records and they are attached to her affidavit.  In addition to these records, Ms. Tonacchio has confirmed with the medical center that her mother paid a co-payment for Anzemet due to her supplemental insurer's refusal to pay in May, 2003.  *Tonacchio Aff'd*, ¶4.

Ms. Tonacchio, as a representative of her mother's estate, is willing to act as a class representative in the Track Two Settlement for all Medicare Part B beneficiaries who paid or incurred an obligation to pay all or some portion of the 20% co-payment under Medicare Part B. In connection with the Track Two Settlement, Ms. Tonacchio stands ready to fulfill the duties of a class representative and to provide counsel and the Court with any additional information necessary. *Tonacchio Aff'd*, ¶5.

Class Plaintiffs have consulted with counsel for the Track Two Defendants with respect to this Motion and Track Two Defendants have no opposition to the addition of Ms. Tonacchio, as a representative of the Estate of Wilma Mort, as a named representative of Class 1 solely for purposes of the Track Two Settlement only. Accordingly, Class Plaintiffs respectfully request leave of Court to add Ms. Tonacchio as a named class representative of Class 1 for purposes of the Track Two Settlement.

## II.   Qualified Protective Order

Attached hereto as Exhibit B is a [Proposed] Order Related to Notice to Consumers of Track Two Settlement Agreement and Release and Qualified Protective Order Re: HIPPA Information and Documents. As reported to and discussed with the Court previously, ISHPs are willing to provide to the Track Two Settlement Claims Administrator the names and addresses of Class 3 consumers who made co-insurance payments for any Class A Drug as those names appear in their current claims data. In order to do so ISHPs have requested that the information provided be specifically protected by an Order of the Court that qualifies under the Health Insurance Portability and Accountability Act, 45 C.F.R. §§ 160.103 et seq (HIPAA).

The attached proposed order requires ISHPs to provide the names and addresses that can be accessed electronically (as opposed to requiring any manual process) and exempts from production the name and address of any individual whose record has been "flagged" as requiring heightened confidentiality. The order also limits the use of the produced information to the purpose of providing notice to consumers in the Track Two Settlement and requires that the Claims Administrator destroy such information after the claims process is complete.

ISHP Counsel have consulted with members of the ISHP Group who stand ready to produce the requested data upon entry of a qualified protective order. Class Plaintiffs have

consulted with counsel for the Track Two Defendants with respect to the proposed Order and Track Two Defendants have no opposition. Accordingly, Class Plaintiffs respectfully request that the Court enter the [Proposed] Order Related to Notice to Consumers of Track Two Settlement Agreement and Release and Qualified Protective Order Re: HIPAA Information and Documents, attached hereto as Exhibit B.

DATED: June 27, 2008.                    By   /s/ **Steve W. Berman**
                                                             Thomas M. Sobol (BBO#471770)
                                                             Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John A. Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

        Kenneth A. Wexler
        Jennifer Fountain Connolly
        Wexler Toriseva Wallace LLP
        One North LaSalle Street, Suite 2000
        Chicago, IL  60602
        Telephone: (312) 346-2222
        Facsimile: (312) 346-0022

        Marc H. Edelson
        Hoffman & Edelson
        45 West Court Street
        Doylestown, PA  18901
        Telephone: (215) 230-8043
        Facsimile: (215) 230-8735

        **CO-LEAD COUNSEL FOR**
        **PLAINTIFFS**

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on June 27, 2008, I caused copies of **CLASS PLAINTIFFS' MOTION TO ADD INDIVIDUAL PLAINTIFF AS CLASS ONE REPRESENTATIVE FOR TRACK TWO SETTLEMENT AGREEMENT AND FOR PROTECTIVE ORDER RELATED TO NOTICE TO CLASS 3 CONSUMERS** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

       **/s/ Steve W. Berman**
       Steve W. Berman