# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS RELATING TO TRACK TWO DEFENDANTS | Judge Patti B. Saris |

## ORDER RELATED TO NOTICE TO CONSUMERS OF TRACK TWO SETTLEMENT AGREEMENT AND RELEASE AND QUALIFIED PROTECTIVE ORDER RE: HIPAA INFORMATION AND DOCUMENTS

This matter, having come to be heard in connection with Class Plaintiffs' motion for preliminary approval of the Track Two Settlement, for entry of an Order related to notice to consumers of the Track Two Settlement Agreement and Release, and for entry of a Qualified Protective Order,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Independent Settling Health Plans (the "ISHPs") shall provide to Complete Claim Solutions ("CCS"), and CCS is hereby authorized to receive and transmit, certain "protected health information" (also referred to herein as "PHI") pertaining to Consumer Class Members, to the extent and subject to the conditions outlined herein.

2.      For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 160.501.  Without limiting the generality of the foregoing, PHI includes but is not limited to, health information including the name and address of individual Consumer Class Members and

any other information which identifies the individual or which reasonably could be expected to identify the individual.

3.       The ISHPs, as "covered entities" (as defined by 45 C.F.R. §§ 160.103), are hereby authorized to disclose PHI pertaining to Consumer Class Members to CCS.

4.       The ISHPs that maintain claims and membership databases shall use reasonable efforts to electronically match their current claims with their current, most recent members to identify the names and addresses of any Consumer Class Members who made a co-insurance payment for any Class A Drug. The ISHPs are not required to undertake the manual (i.e. non-electronic) matching of their current claims and current membership databases.

5.       The ISHPs may withhold names and addresses for members whose claim record is "flagged" or otherwise subject to heightened confidentiality designations.

6.       Those ISHPs able to electronically access and match active claims and current membership shall provide the Consumer Class Members' names and addresses to CCS by August 22, 2008.

7.       CCS shall not use or disclose PHI with the exception that CCS shall only be permitted to use or disclose the PHI to disseminate notice of the Track Two Settlement Agreement and Release, and for the purpose of administering the Track Two Settlement, and not for any other purpose.

8.       CCS shall maintain the information received until the claims process is completed.  Upon the completion of the claims process, CCS shall destroy any and all originals and copies of the information obtained through this Order, including any and all electronic and hard copies.

9.      This Order shall not control or limit the use of PHI pertaining to Consumer Class Members that comes into the possession of any party or any party's attorney from a source *other than* a "covered entity" (as that term in defined in 45 C.F.R. §§ 160.103).

SO ORDERED THIS _____ day of June, 2008.

_____
The Honorable Patti B. Saris
United States District Judge.