Exhibit A

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT
212 450 4803

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

February 2, 2007

Re:     **The State of Arizona ex rel. Terry Goddard v. Abbott Laboratories,
Inc., et al. (MDL No. 1456, 01-CV-12257-PBS)**

By Electronic Mail
Ann Thompson Uglietta
Assistant Attorney General
Consumer Protection and Advocacy Section
1275 West Washington Street
Phoenix, Arizona 85007-2997

Dear Ms. Uglietta:

I am writing on behalf of Defendants in the above-referenced litigation in
response to your email dated January 16, 2007 (the "January 16 email") to Dawn
Dauphine of Osborn Maledon in which you raised several issues concerning the
document preservation responsibilities of various State agencies. Specifically,
you request that, because the Arizona Health Care Cost Containment System
("AHCCCS" or the "State Medicaid agency") and various other Arizona non-
Medicaid agencies "do not have actionable claims in this case," Defendants
"confirm and agree that the foregoing State agencies, their employees and
documents are not subject to discovery or disclosure obligations in the AWP
litigation." January 16 email.  As a general matter, Defendants do not agree that
such agencies—even though they do not have actionable claims—"are irrelevant
and not subject to discovery or disclosure in this case." *Id.*  Thus, we cannot
agree that "the litigation hold should be released and that these agencies should be
allowed to manage these documents in accordance with their usual and customary
document retention policies and practices." *Id.*

With respect to the State non-Medicaid agencies, you state that these
agencies "participate in procurement contracts [for drugs] with MMCAP." *Id.*
Although it is our understanding that the Minnesota Multi-State Contracting
Alliance for Pharmacy ("MMCAP") does not purchase drugs on the basis of
AWP, Defendants believe that certain documents possessed by these State
agencies are relevant to the issues in this case.  For example, documents relating

Ann Thompson Uglietta                    2                    February 2, 2007

to the prices at which these agencies purchased drugs through MMCAP, as compared to the prices paid by the State Medicaid program. are relevant and, therefore, discoverable in this litigation. Defendants are willing to discuss this issue with you further in an attempt to identify certain categories of documents that are relevant.

With respect to the State Medicaid agency, you state that "[o]ur Office has not asserted any claims on behalf of AHCCCS in this case." *Id.* Notwithstanding this statement, it is not clear from a reading of the State's Complaint that such is the case. For example, the Complaint states that "Arizona consumers and AHCCCS have been the intended victims of Defendants' unlawful AWP Scheme." Compl. ¶ 21. In addition, the Complaint states that "Defendants' racketeering has resulted in excessive and illegal profits to Defendants and excessive payments by the State of Arizona and its residents." *Id.* ¶ 585. If the State is indeed not asserting any claims and not seeking damages on behalf of its Medicaid program, Defendants believe that the State has an obligation to file an amended complaint that makes this clear.

Finally, as discussed above regarding the non-Medicaid agencies, even if the State is not bringing claims on behalf of its Medicaid agency, Defendants believe that certain documents possessed by AHCCCS are relevant to the issues in this case. Again, Defendants are willing to discuss this issue with you further in an attempt to identify the categories of documents that are relevant.

We look forward to your response on these issues.

Sincerely,

James J. Duffy

cc:   All defense counsel
      via electronic mail

Exhibit B



Terry Goddard
Attorney General

**Office of the Attorney General**
State of Arizona

Ann Thompson Uglietta
Public Advocacy Division
Consumer Protection & Advocacy Section

May 8, 2007

James J. Duffy, Esq.
Davis Polk & Wardwell
450 Lexington Ave.
New York, New York 10017

In Re:  Pharmaceutical Industry Average Wholesale Price Litigation

Dear Counsel:

We are writing to resume discussions concerning the document preservation measures the State of Arizona has undertaken in connection with this lawsuit.  In January, I wrote to Dawn Dauphine to explain the steps we had taken to preserve documents pursuant to a litigation hold issued by this office.  The litigation hold was put in place as a precaution while the State investigated the pharmaceutical purchasing and reimbursement practices of state agencies.  We explained the State's position that the litigation hold had been deliberately conservative pending completion of the investigation.  We concluded that virtually all of the agencies, their documents and their employees are irrelevant to and not subject to discovery in this case.  We provided a list of the agencies that did not use AWP, as Ms.Dauphine requested.

In addition, we advised you that the Attorney General's Office had not asserted any claims on behalf of AHCCCS, the State Medicaid agency, in this case.  Because no claims are asserted on behalf of AHCCCS, we concluded that the AHCCCS, its employees and documents are irrelevant to and not subject to discovery in this case.

The State requested that Defendants confirm and agree that the State agencies, their employees and documents are not subject to discovery or disclosure obligations in this case.  Defendants responded by letter dated February 2, 2007 (James J. Duffy to Ann Thompson Uglietta) and raised concerns about certain paragraphs in the original Complaint that they believed might be construed as bringing claims on behalf of AHCCCS.  The State responded by amending the complaint to remove such references, as well as to make other changes not pertinent here.  Arizona's Amended Complaint was filed on March 13, 2007 (Dkt. No. 3840).  The Amended Complaint contains none of the ambiguities about which Defendants were concerned.

In addition, Defendants suggested that various State agencies would be subject to discovery or disclosure obligations even if they do not have actionable claims in this case.  Defendants did not articulate what possible relevant information such State agency files could contain.  The one

example given ("the prices at which these agencies purchased drugs through MMCAP, as compared to the prices paid by the State Medicaid program") bears no relationship to the consumer claims here.

This is a case brought by Attorney General Goddard on behalf of Arizona citizens who have paid for medications based in whole or in part of the Defendants' use of AWP. It is not a case brought on behalf of AHCCCS or other State entities. Since the State has not asserted claims on behalf of itself or its agencies, government knowledge is absolutely irrelevant and immaterial to the claims. There is no demonstrable link between material in the files of the affected State agencies and claims or defenses in the case.

Now that the complaint has been amended to address defense concerns, the State repeats its request that the Defendants confirm and agree that the foregoing State agencies, their employees and documents are not subject to discovery or disclosure obligations in the AWP litigation, because such agencies do not have actionable claims in this case. The litigation hold is placing a tremendous burden on State resources. We must resolve this issue quickly. The State believes we can reach an agreement with Defendants, but if we cannot we will approach the Court for relief from the burden.

We look forward to discussing this matter with you.

Sincerely,

Ann Thompson Uglietta
Senior Litigation Counsel

ATU/rh

Exhibit C

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois  60601

Eric T. Gortner
To Call Writer Directly:
312 861-2285
egortner@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: 312 665-9665

June 11, 2007

## Via Electronic Transmission

Ann Thompson Uglietta, Esq.
Office of the Attorney General
State of Arizona
1275 West Washington
Phoenix, Arizona 85007-2926

Re:   *United States ex rel. Ven-A-Care of the Florida Keys v. Roxane
       Laboratories, Inc., et al*, Civil Action No. 07-10248-MEL

Dear Ms. Uglietta:

I am writing in reference to your May 8, 2007 letter and May 22, 2007 email
correspondence to James Duffy regarding the State of Arizona's contention that the State
Medicaid Agency (AHCCS), and other affiliated agencies, are not subject to an ongoing
litigation hold pertaining to the AWP litigation brought by Attorney General Goddard.  As you
know, in January of this year, the United States Department of Justice unsealed a federal *qui tam*
action against Roxane Laboratories, Inc., as well as several entities related to Boehringer
Ingelheim Corporation, in which it alleges that Roxane reported inflated AWPs and WACs,
allegedly causing losses to the Medicare and Medicaid programs.  With respect to the Medicaid
program, the DOJ apparently seeks recovery for the Federal Medical Assistance Percentage
("FMAP") for all fifty states, including Arizona. (*See, e.g.,* U.S. Compl. ¶ 73.)  As a result,
documents related to AHCCS's reimbursement of prescription drugs, and issues related to AWPs
and WACs, are plainly relevant to the DOJ's action.  Accordingly, the State of Arizona's duties
to preserve any and all documents that may be relevant to the DOJ litigation remain in place,
irrespective of whether the case brought by Attorney General Goddard on behalf of the Arizona
citizens imposes the same duties.

Please feel free to call me if any questions arise.

Hong Kong       London       Los Angeles       Munich       New York       San Francisco       Washington, D.C.

# KIRKLAND & ELLIS LLP

June 11, 2007
Page 2

Sincerely,

/s/ Eric Gortner

Eric Gortner

cc:   Laurie A. Oberembt, Esq.
      Richard Goldstein, Esq.

Exhibit D

# DAVIS POLK & WARDWELL

<table>
<tr><td>1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005</td><td rowspan="4">450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017<br>212 450 4000<br>FAX 212 450 3800<br><br>WRITER'S DIRECT<br><br>212 450 4803</td><td>MESSETURM<br>60308 FRANKFURT AM MAIN</td></tr>
<tr><td>1600 EL CAMINO REAL<br>MENLO PARK, CA 94025</td><td>MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID</td></tr>
<tr><td>99 GRESHAM STREET<br>LONDON EC2V 7NG</td><td>1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033</td></tr>
<tr><td>15, AVENUE MATIGNON<br>75008 PARIS</td><td>3A CHATER ROAD<br>HONG KONG</td></tr>
</table>

June 22, 2007

Re:   **The State of Arizona ex rel. Terry Goddard v. Abbott Laboratories, Inc.,** *et al.* **(MDL No. 1456, 01-CV-12257-PBS)**

<u>By Electronic Mail</u>
Ann Thompson Uglietta
Assistant Attorney General
Consumer Protection and Advocacy Section
1275 West Washington Street
Phoenix, Arizona 85007-2997

Dear Ms. Uglietta:

I am writing on behalf of Defendants in the above-referenced litigation as a follow-up to my May 30, 2007 e-mail to you regarding document preservation issues in the case. With respect to these document preservation issues, the State of Arizona has taken the position that "[s]ince the State has not asserted claims on behalf of itself or its agencies, … [t]here is no demonstrable link between materials in the files of the affected State agencies and claims or defenses in the case." (May 8, 2007 Letter from Ann Thompson Uglietta to James J. Duffy at 2.) Thus, the State has requested that Defendants "confirm and agree that the foregoing State agencies, their employees and documents are not subject to discovery or disclosure obligations in the AWP litigation [] because such agencies do not have actionable claims in this case." (*Id.*)

As I stated in my May 30 e-mail, Defendants cannot responsibly confirm or agree with the State's assertion concerning the relevance of State records to the State's claims in this litigation when the Defendants have not seen these documents. Defendants believe that the various State agencies might possess documents that are in fact relevant to the issues of this case,[1] including, for example:

---

[1] Also, as noted in my May 30 e-mail, the various State agencies might possess certain documents that are relevant to the issues involved in the Department of Justice's claims on behalf of Arizona Medicaid that have been filed against some of the Defendants, although I am not writing on behalf of the defendants in that case.

Ann Thompson Uglietta                    2                    June 22, 2007

- Correspondence between the State and various private insurers, self-insured employers or private individuals concerning drug reimbursement;

- Correspondence between the State and the State Medicare carrier(s) concerning drug reimbursement; and

- Internal or external analyses or studies concerning drug reimbursement.

Defendants believe that the State is in the same position with respect to the preservation of documents as is any other plaintiff that files a lawsuit, and Defendants here are in no better position than are defendants generally to advise plaintiffs on how they should meet their document preservation obligations. Of course, discovery might shed light on these issues, which we are always open to discuss.

Sincerely,

James J. Duffy

cc:    Jeniphr A. E. Breckenridge
       Hagens Berman Sobol Shapiro LLP
       All defense counsel

Exhibit E

## Bueker, John P.

| | |
|---|---|
| **From:** | Bueker, John P. |
| **Sent:** | Thursday, May 08, 2008 5:14 PM |
| **To:** | 'Jeniphr@hbsslaw.com' |
| **Cc:** | Bueker, John P. |
| **Subject:** | State of Arizona v. Abbott Laboratories |
| **Attachments:** | Active_11057493_1.DOC; Active_11057523_1.DOC |

Jeniphr,

I write in response to your letter addressed to Steven Kaufman regarding the State of Arizona's litigation hold in connection with the above-referenced case. Mr. Kaufman has retired from the practice of law. In the future, please direct all correspondence to my attention. With regard to your request, defendants cannot consent to the release of any litigation hold while the matter remains pending. If Arizona wishes defendants to consent to its release of the litigation hold, please execute and return the attached Joint Stipulation of Dismissal with Prejudice to me so that there is no doubt as to the status of the matter. We will then file the Stipulation along with the attached Consent Order. Upon the Court's entry of the Consent Order, defendants agree to the release of the State of Arizona's litigation hold. We look forward to receiving the executed Stipulation soon. Please contact me if you have questions or concerns about the Stipulation or the Consent Order.

Very truly yours,

John

 

Active_11057493_1  Active_11057523_1
.DOC (72 KB)      .DOC (68 KB)

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | ) | |
| *The State of Arizona v. Abbott Laboratoires,* | ) | |
| *Inc., et al.,*  06-CV-11069 (D. Ariz) | ) | |
| | ) | |
| | ) | |

## <u>THE PARTIES' JOINT STIPULATION OF DISMISSAL WITH PREJUDICE</u>

The Plaintiff State of Arizona, through its attorneys Hagens Berman Sobol Shapiro LLP

("Plaintiff"), and all Defendants in the above-captioned matter, through the attorneys for

Defendants Schering-Plough Corporation and Warrick Pharmaceuticals Corporation, Ropes &

Gray LLP ("Defendants"), hereby stipulate and agree to dismiss all claims pending in this matter

with prejudice.

The Parties further stipulate and agree that each party shall bear its own costs, and that

this stipulation may be signed in counterparts and a facsimile signature shall be as effective as an

original.

_____
Steve Berman
Jeniphr Breckenridge
HAGENS BERMAN SOBOL SHAPIRO
1301 Fifth Avenue, Suite 2900
Seattle, WA, 98101

Attorneys for Plaintiff State of Arizona

10567098_2.DOC

ROPES & GRAY LLP
Brien T. O'Connor
John P. Bueker
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624

Attorneys for Defendants Schering- Plough Corporation
and Warrick Pharmaceuticals Corporation on behalf of all
Defendants

Dated:  May __, 2008

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | ) | |
| *The State of Arizona v. Abbott Laboratoires,* | ) | |
| *Inc., et al.,*  06-CV-11069 (D. Ariz) | ) | |
| | ) | |
| | ) | |

## <u>CONSENT ORDER DISMISSING THE CASE WITH PREJUDICE</u>

Pursuant to Federal Rule of Civil Procedure 41(a)(2), based on the Parties Joint

Stipulation of Dismissal with Prejudice, attached hereto as Exhibit A, the Court hereby orders

that this case and all the claims against the Defendants are hereby DISMISSED with prejudice.

IT IS SO ORDERED.


Dated:_____          _____
                                                                                   Patti B. Saris
                                                                                   United States District Judge

Exhibit F

## Danganan, Jobe G.

| | |
|---|---|
| **From:** | Bennett, Daniel J. |
| **Sent:** | Friday, June 15, 2007 8:05 AM |
| **To:** | sean@hbsslaw.com; jeniphr@hbsslaw.com |
| **Cc:** | Danganan, Jobe G.; Kaufman, Steven A. |
| **Subject:** | FW: Arizona Defense Contact Information |

**Attachments:**      Active_10567098_2.DOC

Sean and Jeniphr,

I am writing to follow up on my e-mail below regarding the Proposed CMO. We would like to submit that Proposed CMO jointly to the court. Please let us now if you have any problems with our doing so.

Best,
Dan

----------------------------------------
**Daniel J. Bennett**
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624
T: (617) 951-7715
F: (617) 951-7050


| | |
|---|---|
| **From:** | Bennett, Daniel J. |
| **Sent:** | Monday, June 11, 2007 7:40 PM |
| **To:** | 'Sean R. Matt (Sean@hbsslaw.com)'; 'Jeniphr A. Breckeinridge (Jeniphr@hbsslaw.com)' |
| **Cc:** | Danganan, Jobe G.; Kaufman, Steven A. |
| **Subject:** | RE: Arizona Defense Contact Information |

Sean and Jeniphr,

As promised in our conversation last Tuesday and in Steve's e-mail below, I am attaching our proposal for a CMO in the Arizona case.

We look forward to working with you to finalize and submit the proposed CMO to the Court. Please feel free to contact me with any questions.

Thanks,
Dan

----------------------------------------
**Daniel J. Bennett**
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624
T: (617) 951-7715
F: (617) 951-7050



Active_10567098_2
  .DOC (76 KB)

| | |
|---|---|
| **From:** | Kaufman, Steven A. |
| **Sent:** | Wednesday, June 06, 2007 9:32 AM |
| **To:** | Sean R. Matt (Sean@hbsslaw.com) |
| **Cc:** | Bennett, Daniel J.; Danganan, Jobe G.; Jeniphr A. Breckeinridge (Jeniphr@hbsslaw.com); Duffy, James J. |
| **Subject:** | Arizona Defense Contact Information |

Sean:  As I mentioned yesterday over the phone, Ropes & Gray will be coordinating communications with the defense in the Arizona case in lieu of Davis Polk.  Dan Bennett will be the principal point of contact, and Jobe Danganan and I will be available if and when Dan is not.  Our contact information is provided below.

We will be sending you soon a proposed form of CMO.  As I mentioned, that will take us a little longer than it would have taken Davis Polk because we're learning some of what they already know.

Daniel J. Bennett
Ropes & Gray
One International Place
Boston, MA 02110-2624
T 617-951-7715
F 617-235-7605
617-854-2947 secretary
daniel.bennett@ropesgray.com

Jobe G. Danganan
Ropes & Gray
One International Place
Boston, MA 02110-2624
T 617-951-7290
F 617-235-7314
617-854-2215 secretary
jobe.danganan@ropesgray.com

Steven A. Kaufman
Ropes & Gray
One International Place
Boston, MA 02110-2624
T 617-951-7540
F 617 235-0059
617-854-2179 secretary
steven.kaufman@ropesgray.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | ) | |
| *The State of Arizona v. Abbott Laboratoires,* | ) | |
| *Inc., et al.,*  06-CV-11069 (D. Ariz) | ) | |
| | ) | |
| | ) | |

### [PROPOSED] CASE MANAGEMENT ORDER NO. _____

WHEREAS, Plaintiff State of Arizona filed its First Amended Complaint on March 13, 2007; and

WHEREAS, Plaintiff and Defendants have reached an agreement on a briefing schedule for Defendants to respond to the First Amended Complaint with a responsive pleading or motion;

NOW THEREFORE, it is ORDERED, as follows:

1.   This Case Management Order (CMO) shall apply to the parties to the case captioned above.  To the extent that any other CMO is applicable to the parties in this action and is inconsistent with a provision(s) in this CMO, the provisions of this CMO shall apply.

2.   This CMO is not intended to affect any claim or defense of any party to this action including lack of jurisdiction, service of process, joinder, severance or any other matter not expressly addressed herein.

### BRIEFING SCHEDULE FOR MOTIONS OR RESPONSIVE PLEADINGS

3.   On or before June 29, 2007, Defendants shall file and serve a response to the First Amended Complaint in the form of a responsive pleading or motion.  In the event Defendants

file a motion to dismiss, they shall, at the same time, file a consolidated brief of no more than 40 pages.  Individual defendants may file and serve separate briefs of no more than 5 pages relating specifically to issues unique to each of them.

4.   On or before August 3, 2007, Plaintiff shall file and serve a consolidated brief of no more than 40 pages in opposition to Defendants' consolidated motion to dismiss.  Plaintiff may, at the same time, file and serve briefs of no more than 5 pages in response to any individual defendant-specific brief.

5.   On or before August 24, 2007, Defendants may file and serve a consolidated reply brief of no more than 20 pages in support of the Defendants' consolidated motion to dismiss.  Individual defendants may, at the same time, file and serve separate reply briefs of no more than 3 pages relating specifically to issues unique to each of them.

**<u>DISCOVERY WHILE MOTIONS TO DISMISS ARE PENDING</u>**

6.   While the Court's decision on any motion to dismiss is pending, all documents relating to drugs identified in the First Amended Complaint ("Subject Drugs") that were previously produced by these Defendants in any case that is part of this MDL proceeding – MDL 1456 – or by any third party in MDL 1456, shall be deemed available to Plaintiff for use in this action in accordance with CMO 9.  In addition, all documents relating to Subject Drugs that were previously produced by these Defendants in *Swanston v. Tap Pharmaceutical Products, et al.*, CV 2002-004988, pending in the Superior Court of Arizona in and for the County of Maricopa, or by any third party in *Swanston*, shall be deemed available to Plaintiff for use in this case.  This CMO shall not prevent any party from seeking discovery from a non-party to this litigation. However, no other discovery shall be conducted in this case pending the Court's decision on Defendants' motions to dismiss.

**DISCOVERY PLAN FOLLOWING A RULING ON MOTIONS TO DISMISS**

7.  If and to the extent necessary, within twenty (20) days following the Court's ruling on Defendants' motions to dismiss, Plaintiff shall confer separately with each defendant pursuant to Rule 26(f).

8.  If and to the extent necessary, within thirty (30) days following the Court's ruling on Defendants' motions to dismiss, Plaintiff shall make the initial disclosures required by Rule 26(a)(1), including: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that Plaintiff may use to support its claims and the subjects of information; (B) a copy of, or a description by category of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of Plaintiff and that Plaintiff may use to support its claims; (C) a computation of any category of damages, including civil penalties, claimed by Plaintiff, making available for inspection and copying the documents or other evidentiary material on which such computation is based.  Plaintiff's disclosures relating to damages and civil penalties will include the claims data or other evidence on which Plaintiff intends to rely in order to establish the extent to which Subject Drugs dispensed to consumers in the State of Arizona were reimbursed or purchased at a cost based on AWP and to establish harm to Arizona residents.  Defendants are deemed to have satisfied their initial disclosure obligations under Rule 26(a)(1) by making available those documents produced in this MDL and in *Swanston* as described in Paragraph 6 of this CMO.

9.  If and to the extent necessary, the Parties will submit to the Court a discovery plan, in accordance with Rule 16(b), within forty (40) days following the Court's ruling on Defendants' motions to dismiss.  The Court will schedule a Rule 16(b) conference to consider the proposed discovery plan.

10.   The Rule 30(b)(6) deposition notices served by Plaintiff upon various defendants on May 29, 2007 will be deemed properly served, without need for re-service, as of the first day such notices are permitted under a discovery schedule adopted by the Court.  The dates for those depositions are postponed to mutually agreeable times.  All objections to those Rule 30(b)(6) deposition notices other than proper service are preserved by Defendants including objections to the designation of materials to be produced and motions for protective order.

Dated: _____, 2007          _____

                                                               PATTI B. SARIS
                                                               UNITED STATES DISTRICT JUDGE