UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) Civil Action No. 01-12257-PBS ) |
| THIS DOCUMENT RELATES TO:<br><br>  *The City of New York, et. al.*<br>    *v.*<br>  *Abbott Laboratories, et al.* | ) ) Judge Patti B. Saris ) ) ) ) ) ) |

**PLAINTIFFS' UNOPPOSED MOTION TO EXTEND
PLAINTIFFS' TIME TO SUBMIT ANY EXPERT REPORTS RELATING TO THE
DESIGNATED FEDERAL UPPER LIMIT ("FUL") DRUGS**

Plaintiffs, the City of New York and the New York Counties, move for a thirty day extension of time to submit any expert reports relating to the Designated Federal Upper Limit ("FUL") Drugs. Pursuant to the terms of Case Management Order No. 33, dated Sept. 14, 2007, ¶ 5 [Docket No. 4745] and this Court's modification thereof by Order dated March 19, 2008 [Docket No. 5104], any plaintiffs' expert reports on the Designated FUL Drugs are now due July 31, 2008. An additional thirty days is required, however, because three defendants have yet to complete production of their sales and transactional data and one defendant produced what it considers to be its final installment of data only on June 30, 2008. Plaintiffs are now doing the work needed to confirm that this June 30, 2008 production does in fact satisfy the agreement reached between plaintiffs and that defendant regarding the scope of what defendant would produce.

To be clear, there is no existing dispute with any defendant regarding their individual transactional data productions, nor do plaintiffs have any reason to anticipate that such a dispute

will arise. Rather, the issue simply is one of timing. Plaintiffs' experts cannot do the work necessary to present the Court with the essential pricing analysis for the Designated FUL Drugs without a complete data production from all defendants who manufactured and marketed those Drugs and some of that data remain outstanding.

The specific issues are as follows: (1) defendant Watson has yet to produce data for the time period 1997-2000. Watson has apparently hired a consultant to assist with this production (Watson informs that the data is archived and more difficult to extract), but it has not yet arrived; (2) plaintiffs recently informed defendant Ivax that its production of sales and AMP data appears to be missing certain NDCs. Counsel for Ivax is investigating this now and has committed to report back to plaintiffs in the short term. It is plaintiffs' expectation that counsel for Ivax will confirm that certain data is in fact missing and will thereafter make a supplemental production; (3) defendant Teva's indirect sales data production related only to transactions with New York customers. Counsel for Teva has promised plaintiffs that a supplemental production with nationwide indirect sales data is forthcoming; and, (4) defendant Mylan did not produce any data related to its UDL NDCs until June 30, 2008. Plaintiffs are working now to confirm that this UDL production is complete.

Plaintiffs sought Defendants' consent to this motion and Defendants indicated as follows (quoting verbatim):

> Defendants dispute that there are significant deficiencies in the various transactional data productions that have been made and contend that, in any event, most, if not all, of the alleged deficiencies should have been addressed prior to March 31, 2008 in accordance with this Court's March 19, 2008 Order extending CMO 33 by 90 days [Docket No. 5104], or at the very latest before the close of the extended FUL fact discovery period on June 30, 2008. Nevertheless, Defendants do not oppose a 30-day extension of the periods of time in which to file expert reports on FUL-related issues so long as there are no further extensions of time.

Plaintiffs appreciate defendants' consent to the filing of this motion and otherwise note in response that (a) the discovery requests for the outstanding data were served in late 2007, well before the March 31, 2008 discovery cut off; (b) plaintiffs did not file any motions to compel regarding this data because defendants have never refused to produce it; the issue is one of timing; (c) plaintiffs did address the outstanding and/or tardy discovery with the four defendants involved prior to and on June 30, 2008.

Plaintiffs also note that the outstanding discovery is significant in terms of its importance, if not also its volume. Given the manner in which CMS established the FUL between 1997-2005, plaintiffs cannot prepare the necessary drug-by-drug analysis without a complete data set from all defendants who manufactured or marketed the Designated FUL Drugs. Ivax manufactured or marketed every one of the nine Designated FUL Drugs; Watson manufactured or marketed eight; Teva six. Without comprehensive data sets for each, plaintiffs' expert cannot present the Court with a complete picture of what the defendants' published prices for the Designated FUL Drugs should have been.

A proposed form of order is attached hereto.

## CONCLUSION

Given that certain defendants' data productions are not yet complete and given the work plaintiffs' experts must do with this data once production concludes, plaintiffs' motion for a thirty day extension for submission of any expert reports should be granted.

Dated: July 3, 2008

Respectfully submitted,

**KIRBY McINERNEY, LLP**
825 Third Avenue, 16th Floor
New York, New York 10022
(212) 371-6600

3

By:
/s/ Joanne M. Cicala
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)

*City of New York and New York Counties in MDL 1456 except Nassau and Orange*

Ross B. Brooks, Esq.
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
**LEVY PHILLIPS & KONIGSBERG, LLP**
800 Third Ave.
New York, NY 10022
(212) 605-6205

*Counsel for the County of Orange*

| | |
|---|---|
| **IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | ) **MDL No. 1456** <br> ) **Master File No. 01-12257-PBS** <br> ) <br> ) <br> ) **Judge Patti B. Saris** |
| **THIS DOCUMENT RELATES TO:** <br><br> *City of New York, et al. v.* <br> *Abbott Laboratories, et al.* <br> **Civil Action No. 04-cv-06054 et al.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO EXTEND PLAINTIFFS' TIME TO SUBMIT ANY EXPERT REPORTS RELATING TO THE DESIGNATED FEDERAL UPPER LIMIT ("FUL") DRUGS

Having considered Plaintiffs' Unopposed Motion To Extend Plaintiffs' Time To Submit Any Expert Reports Relating To The Designated Federal Upper Limit ("FUL") Drugs, the Court hereby grants Plaintiffs' motion.

Dated: _____              _____
                                    Hon. Patti D. Saris
                                    United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 3rd day of July, 2008 he caused a true and correct copy of Plaintiffs Unopposed Motion to Extend Plaintiffs' Time to Submit any Expert Reports Relating to the Designated FUL Drugs to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

/s/ James P. Carroll, Jr.
James P. Carroll Jr., Esq.
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 371-6600