UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

During oral argument on Defendants' Motion to Dismiss, the Court asked Iowa whether it had previously attempted to seek damages on behalf of the State (versus on behalf of individual consumers) under the Iowa Consumer Fraud Act ("CFA").  Mr. Brauch, Director of the Iowa Consumer Protection Division, replied in the affirmative, and directed the Court to the Iowa tobacco litigation.  Mr. Brauch further asserted that the Iowa tobacco trial court had sustained the CFA claim on a motion to dismiss.  The Court asked if the Iowa tobacco decision could be submitted to the Court.  Exhibit A, Transcript of June 26, 2008 hearing, at 19.  The pertinent exchange was as follows:

> THE COURT:  So has the Attorney General ever sued before to recoup damages to the state?
>
> MR. BRAUCH:  Yes.  In the tobacco case in the mid to late 1990s, the Attorney General's office filed a number of claims against the tobacco companies, including consumer fraud in Count 1 of the state's - - we call them petitions in state court there.
>
> THE COURT:  And it would be for harm that the state suffered rather than as parens patriae for the citizens?
>
> MR. BRAUCH:  Correct.

> THE COURT: And was there motion practice?
>
> MR. BRAUCH: There was motion practice. In fact, there is a ruling of the Iowa Supreme Court, but it does not go to that issue. There were other claims that were made that were denied by the district court. They were dismissed by the district court. That went up on appeal to the Iowa Supreme Court, and the Supreme Court affirmed the dismissal of those claims, but the consumer fraud claim remained.
>
> THE COURT: All right. Was there a motion to dismiss the consumer fraud claim?
>
> MR. BRAUCH: Yes, there was. That was made at the district court, and it was denied.

Ex. A at 17-18.

As the attached Petition demonstrates, Iowa did not seek CFA damages on its own behalf in the tobacco case. *See* Exhibit B, *State of Iowa v. R. J. Reynolds Tobacco Co. et al.,* No. CL 000 71048 (Polk County) at 4-5 (Introduction, ¶¶ 1 & 2) and 85-88 (Count 1). Iowa sought compensatory damages of behalf of *individual consumers* who were harmed by cigarette manufacturers. *Id.* Further, because Count 1 of the tobacco case did not seek damages on behalf of Iowa, it follows that the Iowa district court did not rule that the State could seek damages for Medicaid expenditures under the CFA. *See* Exhibit C, "Ruling on Certain Defendants' Motion To Dismiss" by Judge Linda R. Reade,[1] at 8-10. In fact, the Iowa district court dismissed all claims under which the State sought to recoup Medicaid expenditures. The Iowa district court found that the exclusive remedy for the State to recover Medicaid costs in the tobacco case was Iowa Code 249A.6, a statute authorizing liens on third-parties for Medicaid

---

[1] Judge Reade is now the Chief Judge of the United States District Court for the Northern District of Iowa.

overpayments. *Id.* at 5-6. The Iowa Supreme Court reaffirmed this decision. *See State of Iowa ex rel. Miller v. Philip Morris Inc., et al.*, 577 N.W.2d 401, 405-07 (Iowa 1998).[2]

We submit this supplemental authority to clarify the record and note that Iowa has not identified – not in its briefing and not at oral argument - a single prior instance where Iowa has utilized the CFA in the manner it seeks to use in this case.

---

[2] The Iowa district court found that the State was not entitled to recover under an unjust enrichment theory. *See* Exhibit C at 13-14. This finding was not appealed to the Iowa Supreme Court, *see* 577 N.W.2d at 403, yet Iowa seeks unjust enrichment recovery in this case.

Respectfully submitted,

| | |
|---|---|
| Dated: July 11, 2008 | **/s/ J. Andrew Jackson**<br>J. Andrew Jackson<br>Tina D. Reynolds<br>Shamir Patel<br>**DICKSTEIN SHAPIRO LLP**<br>1825 Eye Street NW<br>Washington, DC 20006<br>Telephone: (202) 420-2200<br>Facsimile: (202) 420-2201<br><br>**/s/ Peter E. Gelhaar**<br>Peter E. Gelhaar (BBO #188310)<br>**DONNELLY, CONROY & GELHAAR, LLP**<br>One Beacon Street, 33rd Floor<br>Boston, MA 02108<br>Telephone: (617) 720-2880<br>Facsimile: (617) 720-3554<br><br>Counsel for Defendants Baxter Healthcare Corporation and Baxter International Inc. and on behalf of:<br><br>Abbott Laboratories, Inc.<br>Agouron Pharmaceuticals, Inc.<br>Alpharma, Inc.<br>ALZA Corporation<br>Amgen Inc.<br>AstraZeneca LP<br>AstraZeneca Pharmaceuticals, LP<br>Aventis Behring LLC (n/k/a ZLB Behring LLC)<br>Aventis Pharmaceuticals, Inc.<br>Barr Laboratories, Inc.<br>Baxter Healthcare Corporation<br>Baxter International Inc.<br>Bayer Corporation<br>Bayer Pharmaceuticals Corporation<br>Ben Venue Laboratories, Inc.<br>Boehringer Ingelheim Corporation<br>Boehringer Ingelheim Pharmaceuticals, Inc.<br>Bristol-Myers Squibb Company<br>Chiron Corporation<br>Dey, Inc.<br>Dey, L.P.<br>Eli Lilly and Company<br>Endo Pharmaceuticals Inc.<br>Ethex Corporation<br>Ethicon, Inc. |

|  | Forest Laboratories<br>Forest Pharmaceuticals, Inc.<br>Geneva Pharmaceuticals, Inc.<br>Greenstone LTD.<br>Hoffmann-La Roche Inc.<br>Immunex Corporation<br>Ivax Corp.<br>Ivax Pharmaceuticals, Inc.<br>Janssen L.P.<br>Johnson & Johnson<br>King Pharmaceuticals, Inc.<br>King Research and Development<br>McNeil-PPC, Inc.<br>MedImmune, Inc.<br>Merck & Co., Inc.<br>Monarch Pharmaceuticals, Inc.<br>Mylan Laboratories Inc.<br>Mylan Pharmaceuticals Inc.<br>Novartis Pharmaceuticals Corporation<br>Novopharm USA, Inc.<br>Oncology Therapeutics Network Corporation<br>Ortho-Biotech Products, L.P.<br>Ortho-McNeil Pharmaceutical, Inc.<br>Par Pharmaceutical Companies, Inc.<br>Par Pharmaceutical, Inc.<br>Pfizer Inc.<br>Pharmacia Corporation<br>Purdue Pharma L.P.<br>Purepac Pharmaceutical, Co.<br>Roche Laboratories Inc.<br>Roxane Laboratories, Inc. (N/K/A Boehringer Ingelheim Roxane, Inc.)<br>Sandoz Inc.<br>Schering Corporation<br>Schering-Plough Corp.<br>Sicor, Inc.<br>SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK")<br>TAP Pharmaceutical Products Inc.<br>Teva Pharmaceuticals USA, Inc.<br>UDL Laboratories, Inc.<br>Warrick Pharmaceuticals Corporation<br>Watson Pharma, Inc.<br>Watson Pharmaceuticals, Inc.<br>Wyeth<br>Wyeth Pharmaceuticals, Inc. |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that I, Shamir Patel, an attorney, caused a true and correct copy of the foregoing, **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, on July 11, 2008, for posting and notification to all parties.

                                                       **/s/ Shamir Patel**
                                                       Shamir Patel
                                                       **DICKSTEIN SHAPIRO LLP**
                                                       1825 Eye Street NW
                                                       Washington, DC 20006
                                                       Telephone:  (202) 420-2200