

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| STATE OF IOWA, <br> Plaintiff, | No. CL 71048 |
| v. | RULING ON CERTAIN DEFENDANTS' <br> MOTION TO DISMISS |
| R.J. REYNOLDS, et al., <br> Defendants. | |

On June 27, 1997, the Motion to Dismiss filed by defendants Philip Morris Incorporated; Philip Morris Companies, Inc.; R.J. Reynolds Tobacco Co.; Brown & Williamson Tobacco Corporation, individually and as successor by merger to The American Tobacco Company; Lorillard Tobacco Company; Lorillard Inc.; United States Tobacco Company; U.S.T., Inc.; The Council for Tobacco Research --U.S.A., Inc.; Hill & Knowlton, Inc.; The Brooke Group, Limited; Liggett & Myers, Inc.; and Liggett Group, Inc. came before the court for hearing. The parties were represented by their respective attorneys of record. The issues were fully briefed. The Court permitted lengthy oral argument. After considering the briefs and arguments of counsel and being fully advised, the Court rules as follows.

This is one of many cases brought in courts across the United States against tobacco interests by state Attorneys General. In this case the Iowa Attorney General, on behalf of the citizens of Iowa, seeks compensatory damages, punitive damages, declaratory and injunctive relief, restitution and other equitable relief against the tobacco interests. The Attorney General claims that the State has been damaged because it has incurred and continues to incur substantial costs to provide health care and other services to the citizens and employees of the State of Iowa who suffer, who

3376 1827

have suffered, and who will suffer in the future from tobacco-related injuries, diseases and illnesses as a result of the tobacco industry's "wrongful conduct and unlawful activities."[1]  The Attorney General claims that defendants conspired to create a false controversy regarding the health hazards of tobacco use in order to protect the market for cigarette sales and the profits of the tobacco industry.  Plaintiff claims that the defendants suppressed scientific and medical information concerning the adverse health effects of smoking and the addictiveness of nicotine.  Plaintiff alleges defendants suppressed information concerning safer cigarettes and directed false and misleading advertising to solicit people, including minors, to purchase and become addicted to cigarettes.  Plaintiff also claims that defendants assumed a special duty to undertake all possible efforts to learn the truth about smoking and health and that they breached that duty.

At this stage in the proceeding, this Court is asked to render a decision not on the merits of the allegations, but instead on the legal soundness of the case as it is currently pled.  Defendants claim that the relief requested by the plaintiff cannot be awarded by the Court under the legal theories advanced by plaintiff in its Petition.  Defendants seek dismissal of all counts of the Petition.

Count 1 of the Petition alleges violations of the Iowa Consumer Fraud Act [Iowa Code § 714.16(2)(a)].  Count 2 alleges tort liability for deception based on alleged

---

[1]In Plaintiff's opening brief the States claims that it has also suffered direct harm by financing programs sponsored to assist employees to quit smoking.  In its brief, the State also claims loss of productivity of state employees due to tobacco-related injuries and increased costs of providing health insurance for state employees.

3376 1828

criminal conduct under Hall v. Montgomery Ward & Company, 252 N.W.2d 421, 423-24 (Iowa 1977).  In Count 3 plaintiff alleges a breach of a duty voluntarily assumed.  Count 4 seeks disgorgement of unjust profits.  In Count 5 plaintiff seeks relief on a civil conspiracy claim.  Count 6 alleges joint liability on an aider and abettor theory.  Count 7 alleges indemnity is due the State of Iowa for medical costs paid on behalf of Medicaid recipients and state employees for tobacco-related illnesses.  Count 8 alleges nuisance.  Count 9 seeks injunctive relief.

It is significant that Iowa, unlike Florida[2], has not enacted any legislation which specifically grants the State the right to proceed directly against tobacco companies to recover for medical expenses paid by the State on behalf of Iowa citizens who have sustained alleged smoking related illnesses.[3] Therefore, in this case in order to survive

---

[2] Fla. Stat. § 409.910(1) et. seq. (1995);  See Agency for Health Care Administration v. Associated Industries of Florida, Inc., 678 So.2d 1239 (Fla. 1996).

[3] In 1996, the Iowa legislature declined to enact a bill with similarities to the Florida statute which would have added a new section to the Iowa recoupment statute governing recovery of medical assistance expenditures due to smoking.  The "Explanation" section of the bill provided:

> This bill establishes a cause of action to be brought by the attorney general for the recovery of medical assistance expenses, made on behalf of a resident of the state who is a recipient for medical expenses reasonably attributable to the use of cigarettes and other tobacco products, from a manufacturer of cigarettes or tobacco products doing business in the state. The bill establishes criteria for determining liability and the amount of medical expenses recoverable.  The bill provides that the chapter regarding comparative fault is not applicable to the cause of action established in this bill.  The bill takes effect upon enactment and damages may be collected for up to two years preceding the date of enactment.

House File 2482.

3

33'76 1829

a motion to dismiss the plaintiff must convince the Court that based on the facts pled in the Petition there is a legally-recognized basis for a common law or statutory action by the State against the tobacco industry. A petition, no matter how compelling and persuasively written, cannot compensate for the absence of a claim which is recognized in the common law or the statutory law of Iowa or the United States. Every petition must rest on a solid legal foundation built of common law or statutes permitting a remedy under the facts pled. While the allegations of plaintiff's petition, if proven, have wide-spread implications for our citizenry and certainly the State's coffers, this Court cannot by judicial decision usurp the power of the Iowa legislature and Congress by creating a cause of action where one currently does not exist. Therefore the Court will examine in turn the defendants' argument that the Petition does not state a legally cognizable claim.

Defendants argue that the Petition should be dismissed in its entirety because the Petition fails to state a claim on which any relief can be granted. Two independent reasons are advanced to support defendants' argument. First, defendants argue that the State's exclusive remedy to recover Medicaid costs incurred by the State of Iowa is the assignment/lien/subrogation procedure enacted by the Iowa legislature and now codified in Iowa Code § 249A.6. The second argument is that the State is improperly seeking to recover damages for alleged remote and derivative economic injuries it suffered as a result of alleged personal injuries to third parties for whom the State paid health care costs pursuant to its statutory obligations.

A "motion to dismiss should be sustained where the challenged pleading fails to state a claim on which any relief asked can be allowed." LaMotte Independent School

3376 1830

District v. Jackson County Board of Education, 261 Iowa 961, 963-63, 155 N.W.2d 423,

425 (1968).  A motion to dismiss is a disfavored motion in Iowa.  Cutler v. Klass,

Whicher & Mishne, 473 N.W.2d 178, 181 (Iowa 1991); however, the Iowa Supreme

Court has affirmed orders granting motions to dismiss.  See e.g. Muzingo v. St. Luke's

Hosp., 518 N.W.2d 776 (Iowa 1994); Renander v. Inc., Ltd., 500 N.W.2d 39 (Iowa

1993); Cutler v. Klass, Whicher & Mishne, 473 N.W.2d 178 (Iowa 1991).  Dismissal is

appropriate only if accepting all pleaded facts as true, and resolving all ambiguities or

doubts in the plaintiff's favor, the Court can conclude that no state of facts is

conceivable under which the plaintiff may establish a right of recovery.  See, e.g.,

Muzingo v.  St. Luke's Hospital, 518 N.W. 2d at 777.  A motion to dismiss is based on

the contents of the pleadings.  Any facts not in the pleadings must be ignored.  Lone

Tree Community School District of the Counties of Johnson and Louisa v.  County

Board of Education of Louisa County, 159 N.W.2d 522, 525 (Iowa 1968).

### EXCLUSIVE REMEDY FOUND IN IOWA CODE § 249A.6

Defendants allege that plaintiff's exclusive remedy to recover Medicaid benefits

paid by the State is found in Iowa Code § 249A.6.  Plaintiff argues that the State is not

seeking reimbursement under Iowa Code § 249A.6 (1997).  The State argues that it

has a right to directly sue defendants on common law theories for economic injuries

suffered by the State.

This Court concludes that under Iowa law, the State of Iowa cannot recover

Medicaid costs under the common law theories pled as Counts 2, 3 and 7 of the

Petition.  Medicaid costs are recoverable from liable third parties only under Iowa Code

3376 1831

§ 249A.6.[4]

Iowa Code § 249A.6 (1997) provides in pertinent part:

> 1. When payment is made by the department for medical care or
> expenses through the medical assistance program on behalf of a
> recipient, the department shall have a lien, to the extent of those
> payments, upon all monetary claims which the recipient may have
> against third parties. ***

The statute defines "third party" to include "an attorney, individual, institution,

corporation, or public or private agency which is or may be liable to pay part or all of the

medical costs incurred as a result of injury, disease or disability by or on behalf of an

applicant for or recipient of assistance under the medical assistance program." Iowa

Code § 249A.6(5). The statute provides that the department may enforce its lien by a

civil action against any liable third party. Iowa Code § 249A.6(6).

At common law, there was no right to recover Medicaid costs from the recipient

or third parties. Hill v. State Department of Human Services, 493 N.W.2d 803, 805

(Iowa 1992); State ex rel. Dep't of Human Services v. Brooks, 412 N.W.2d 613, 614

(Iowa 1987). The Iowa Supreme Court has long recognized the legal principle that

statutes creating rights and liabilities that did not exist at common law provide the

exclusive remedy for enforcing those rights and liabilities. See Cole v. City of

Muscatine, 14 Iowa 296, 298-99 (1862); Van Baale v. City of Des Moines, 550 N.W.2d

153, 156 (Iowa 1996). The Court finds that because at common law there was no right

to recover Medicaid costs from the recipient or third parties, plaintiff's exclusive remedy

---

[4] Iowa Code § 249A.6 was amended in 1993. However, both the pre-1993 statute and the
current statutory provisions are traditional assignment/lien/subrogation statutes and not direct
action statutes.

6

3376 1832

to recover Medicaid costs in this case is found at Iowa Code § 249A.6(6).  Counts 2,3 and 7 seeking to recover Medicaid payments from defendants must be dismissed for failure to state a claim upon which relief can be granted.

<u>DERIVATIVE AND REMOTE INJURIES</u>

Defendants also allege that the State cannot recover damages under the theories pled in this case for injuries allegedly caused by defendants because the injuries are derivative and too remote.  The Court agrees only as to Counts 2, 3 and 7 of the Petition.

Unless the legislature provides to the contrary, a plaintiff may not recover in a direct action against a third party for remote and derivative injuries resulting from that third party's conduct toward another.  Stated another way, in the absence of statutory provisions to the contrary, plaintiff cannot recover for injuries unless such injuries are proximately caused by the offending conduct of the defendants.  <u>Anderson Plasterers v. Meinecke</u>, 543 N.W.2d 612 (Iowa 1996)(Anderson denied recovery from third party whose negligence injured his employee);  <u>Eddy v. Casey's Gen. Store Inc.</u>, 485 N.W.2d 633, 636-37 (Iowa 1992)(absent dramshop act, link between seller of alcohol and injured party is too remote to impose liability).  <u>See also</u> Restatement of Torts § 766C.

The Court finds that the plaintiff is trying to bring a direct action in Counts 2,3 and 7 on facts that constitute at best a derivative claim. The claim of the State of Iowa derives from the injuries allegedly caused by defendants to the smokers who were Medicaid recipients or State employees. It is derivative for the reason that if  torts have been committed, they were committed against the Medicaid recipient or State employee who smoked.  In this case under Counts 2, 3, and 7 the plaintiff will not be able to

7

3376 1833

establish the requisite causal link between defendants' alleged wrongful conduct and plaintiff's alleged injury.

The State's alleged injuries are also remote.  There are many potentially intervening factors between the defendants alleged conduct and the State's alleged damages including but not limited to: the reasons the smoker began smoking, the smoker's awareness of the risks of smoking; and other factors which might account for the smoker's health difficulties.  Minnesota ex rel. Humphrey v. Philip Morris, Inc., 551 N.W.2d 490, 492 (Minn. 1996).

The holding in this case is consistent with a long line of cases, some involving insurance payments, which stand for the proposition that one who pays the medical expenses of another allegedly injured by a third party has no independent right of action against that third party. See e.g. Anthony v. Slaid, 52 Mass. (11 Metc.,) 290 (1846); Great American Ins. Co. v. U.S., 575 F.2d 1031, 1033-34 (2nd Cir. 1978); Mobile Life Ins. Co. V. Brame, 95 U.S. 754 (1877); Northern State Contracting Co. v. Oakes, 253 N.W.2d 371 (Minn 1934); R.K. Constructors Inc. v. Fusco Corp., 650 A.2d 153, 157 (Conn. 1994).

### IOWA CONSUMER FRAUD ACT

In Count 1, plaintiff seeks relief in the form of disgorgement, an injunction, civil penalties and costs under the Iowa Consumer Fraud Act.  The Iowa Consumer Fraud Act expressly authorizes the Attorney General to bring actions on behalf of consumers to seek various remedies for violations of the Act.  Iowa Code § 714.16(7).[5] By virtue of

---

[5] The Iowa Consumer Fraud Act outlaws any "unlawful practice," which is defined as follows:

8

3376 1834

this express statutory authorization, no motion to dismiss can be sustained based on claims that the harms involved are "indirect" or "remote."

Defendants seek dismissal of Count I of the Petition, claiming that the pleading fails to allege the necessary elements of reliance, damages and intent to deceive. In addition, defendants claim the count must be dismissed because allegations of false or misleading advertising may not be predicated on defendants' advertising and packaging which are regulated by and comply with the Federal Cigarette Labeling and Advertising Act.

While the statute requires proof at time of trial of reliance, damages and intent in an action for the concealment, suppression, or omission of a material act [Iowa Code § 714.16(7)], such elements are not necessary for other acts included within the scope of the Act such as employment of an unfair practice, deception, fraud, false pretense, false promise and misrepresentation. Id. From the face of the Petition, the Court notes that both types of violations under the act are pled and therefore it would be incorrect to dismiss Count 1 of the Petition on the ground it fails to state a claim upon which relief can be granted.

The defendants claim that regulation of cigarette advertising is the exclusive providence of the federal government under the Federal Cigarette Labeling and

---

> The act, use or employment by a person of an unfair practice, deception, fraud, false pretense, false promise, or misrepresentation, or the concealment, suppression, or omission of a material fact with intent that others rely upon the concealment, suppression, or omission, in connection with the lease, sale or advertisement of any merchandise...whether or not a person has in fact been misled, deceived, or damaged,***

Iowa Code § 714.16(2)(a).

9

3376 1835

Advertising Act.  Defendants rely on the case of <u>Cipollone v. Liggett Group</u>, 505 U.S. 504 (1992).

The Court notes that not all of the claims in Count 1 are based on false and misleading advertising.  Some claims relate to false and misleading public statements and unfair trade practices such as manipulating nicotine levels and marketing harmful tobacco products to minors.  Therefore a dismissal of Count 1 at this stage of the proceedings would be error.

<u>BREACH OF A DUTY VOLUNTARILY ASSUMED</u>

Plaintiff alleges defendants breached a duty voluntarily assumed.  The tort known as breach of a duty voluntarily assumed has been recognized in Iowa.  In recognizing the tort, the Supreme Court relied on two sections of the Restatement (Second) of Torts, specifically § § 323 and 324A. <u>DeBurkarte v. Louvar</u>, 393 N.W.2d 131, 135 (Iowa 1986)(adopted § 323); <u>Thompson v. Bohlken</u>, 312 N.W.2d 501, 507 (Iowa 1981)(adopted § 324A).

Section 323 of the Restatement (Second) of Torts defines the tort and the elements of the tort as follows:

> Negligent Performance of Undertaking to Render Services.  One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

10

3376 1836

Restatement (Second) of Torts § 323 (1965).

    Section 324A states:

> Liability to Third Person for Negligent Performance of Undertaking. One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

    Restatement (Second) of Torts § 324A (1965).

    Defendants claim that Count 3 of the Petition alleging breach of a duty voluntarily assumed does not state a claim for two reasons. First, the State has not suffered any physical harm which is an element required for recovery. Second, the State's alleged losses are strictly economic in nature and thus recovery is barred by the economic loss doctrine.

    In this case, plaintiff, the State of Iowa, has not suffered any physical harm which is an element required for recovery under both § 323 and § 324A of the Restatement (Second) of Torts. Iowa courts have recognized that physical harm to the plaintiff is a prerequisite for recovery under a tort theory of breach of a special duty voluntarily assumed. See e.g., American State Bank v. Enabnit, 471 N.W.2d 829, 832 (Iowa 1991); DeBurkarte, 393 N.W.2d at 135-38; Thompson, 312 N.W.2d at 507-08. Therefore, Count 3 of the Petition must be dismissed because there are no set of facts

3376 1837

that would allow the State to recover under Count 3.

Defendants argue that the claim must be dismissed because it is barred by the economic loss doctrine described in <u>Nebraska Innkeepers, Inc. v. Pittsburgh-Des Moines Corp.</u>, 345 N.W.2d 124, 126, 127 (Iowa 1984). The Supreme Court has stated:

> The well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.
>
>                      ***
>
> Courts which have addressed this issue have repeatedly expressed concern that a contrary rule would open the door to virtually limitless suits, often of a highly speculative and remote nature. Such suits would expose the negligent defendants to a severe penalty, and would produce serious problems in litigation, particularly in the areas of proof and apportionment of damages.

<u>Id.</u> at 127.

Plaintiff seeks purely economic damages from defendants in this case. The State does not claim it has suffered any physical injuries. The Court finds that recovery under Count 3 is barred by the economic loss doctrine.

<u>UNJUST ENRICHMENT</u>

In Count 4, plaintiff pled a claim for unjust enrichment. Iowa recognizes the equitable claim of unjust enrichment. <u>Gard v. Razanskas</u>, 85 N.W.2d 612, 614 (Iowa 1957). "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." § 1 Restatement of Restitution (1937). At time of trial, the plaintiff would have to prove the following to recover on the unjust enrichment claim in Count 4:

1. An enrichment;

2. An impoverishment;

12

3376 1838

3. A connection between the enrichment and impoverishment;

4. Absence of justification for the enrichment and impoverishment; and

5. An absence of a remedy provided by law.

Irons v. Community State Bank, 461 N.W.2d 849, 855 (Iowa Ct. App. 1990).

Defendants claim this cause of action against the tobacco industry should be dismissed because the remedy is unavailable where, as here, the State has an adequate remedy at law. Second, the claim is made that the State has not alleged and cannot allege, the necessary elements of an unjust enrichment claim.

There is no dispute that to recover restitution under Count 4 of the Petition for unjust enrichment, plaintiff must prove it does not have an adequate remedy at law. See Potter v. Oster, 426 N.W.2d 148, 151 (Iowa 1988); Irons v. Community State Bank, 461 N.W.2d at 855. In this case, the State does have an adequate remedy in Iowa § 249A.6. Section 249A.6 provides the State with a specific means for recovery of Medicaid expenses that are allegedly attributable to smoking-related injuries or diseases. The remedy under Section 249A.6 is complete, sufficient and certain so as to do full justice to the State an third parties. Berry Seed Co. v. Hutchings, 247 Iowa 417, 422, 74 N.W.2d 233, 237 (Iowa 1956). The State's argument that § 249A.6 is procedurally impractical and inconvenient given the facts of this case, does not render § 249A.6 inadequate.

The State claims that because the defendants have been unjustly enriched by profits from the sale of cigarettes, while the State has allegedly borne the cost of treating the smoking-related disease of Iowans, defendants are liable to the State because defendants should bear these costs.

13

3376 1839

A benefit bestowed on a third party is insufficient to support a claim for unjust enrichment. Krieger v. Iowa Dep't of Human Servs., 439 N.W.2d 200, 203 (Iowa 1989). Where a plaintiff undertakes a duty with no expectation of compensation from a defendant, and incidentally confers a benefit on the defendant in the performance of that duty, the defendant has not been "unjustly enriched" at the expense of the plaintiff. See e.g., United States v. Pacific R.R. Co., 120 U.S. 227 (1887); Major-Blakeney Corp. v. Jenkins, 263 P.2d 655, 664 (Cal. Ct. App. 1953); County of Cook v. City of Chicago, 593 N.E.2d 928, 931 (Ill. Ct. App. 1992); Restatement of Restitution §§ 106, 115 (1936).

The Court finds that if defendants have in fact been unjustly enriched by realizing increased profits from wrongful conduct, the enrichment was at the expense of the individual smokers and not at the expense of the State of Iowa. Defendants owed no duty to individual smokers that the State has satisfied by paying Medicaid or health care costs for them. The State has an independent statutory duty to pay those medical costs and any benefit to defendants was incidental to the State's fulfillment of that duty. There is no connection between the alleged enrichment enjoyed by the defendants and the alleged improverishment suffered by the State.

The Court finds Count 4 should be dismissed.

### NUISANCE

Count 8 of the Petition alleging nuisance was not directly addressed in defendants' motion to dismiss. Nuisance is statutorily defined as follows:

> Whatever is injurious to health, indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or

14

3376 1840

property is a nuisance and a civil action by ordinary proceedings may be brought to enjoin and abate the same and to recover damages sustained on account thereof.

Iowa Code § 657.1 (1997).

The elements of common law public nuisance are: (1) unlawful or antisocial conduct that (2) in some way injures (3) a substantial number of people.

State ex rel. Turner v. Younker Bros., Inc., 210 N.W.2d 550, 564 (Iowa 1973).

The defendants have failed to demonstrate that there are no set of facts under which the plaintiff can recover under Count 8 of the Petition and accordingly Count 8 is not dismissed.

### COUNTS 5, 6 AND 9

With regard to the remaining counts (5, 6 and 9), the Court concludes defendants have failed to demonstrate that they should be dismissed for failure to state a claim.  Counts 5, 6 and 9 should not be dismissed.

### RULING

IT IS ORDERED, ADJUDGED AND DECREED that for the reasons stated above, the Motion to Dismiss is sustained as to counts 2, 3, 4 and 7 of plaintiff's Petition, and denied as to Counts 1, 5, 6, 8 and 9.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Court shall not entertain Motions to Reconsider or Rehear matters decided in this ruling relating to certain defendants' Motion to Dismiss.  The parties have previously briefed the issues thoroughly, lengthy oral argument was received, and the Court has fully considered each and every argument prior to making this ruling, even though each and every argument may not be discussed herein.

15

3376 1841

DATED this 26th day of August, 1997.

LINDA R. READE, JUDGE
FIFTH JUDICIAL DISTRICT

original filed
copies mailed to counsel of record

16

3376 1842