```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| **In re Pharmaceutical Industry Average Wholesale Price Litigation**<br><br>**This document relates to:**<br>UNITED STATES OF AMERICA *ex rel.* VEN-A-CARE OF THE FLORIDA KEYS, INC., ZACHARY T. BENTLEY, and T. MARK JONES<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ABBOTT LABORATORIES, INC.,<br><br>　　　　Defendant.<br><br>CIVIL ACTION NO. 07-11618-PBS | MDL No. 1456<br>Master File No. 01-12257-PBS |

**MEMORANDUM AND ORDER**

July 15, 2008

Saris, U.S.D.J.

**INTRODUCTION**

Defendant has moved for certification of an immediate appeal pursuant to 28 U.S.C. § 1292(b). To satisfy 28 U.S.C. § 1292(b), (1) an order must involve a "controlling question of law," (2) as to which "there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendant has not demonstrated that prongs one and two of the statute have been met.

Defendant Abbott Laboratories, Inc. ("Abbott") moved to dismiss the complaint, <u>inter</u> <u>alia</u>, for lack of subject matter jurisdiction under the first-to-file bar of the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(5), which states that "[w]hen a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."  31 U.S.C. § 3730(b)(5).  The Court denied the motion in a margin order because the federal complaint "does not make allegations relating to Erythromycin."  Abbott's primary contention is that this Court erroneously applied an "identical facts" test to the first-to-file bar.

## PROCEDURAL HISTORY

Some background is helpful because of the complexities of the case history.  On June 23, 1995, Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care") filed suit under seal against a number of drug manufacturers, including Abbott, in the Southern District of Florida (the "Florida Case").  The complaint alleged that the defendants reported "grossly inflated, false and fraudulent cost and price information regarding certain pharmaceutical products" by "knowingly report[ing that price information] in a manner whereby it was used by the United States Medicare program and by federally funded States' Medicaid Programs in setting reimbursement amounts paid for pharmaceuticals sold by" the

defendants. (1995 Fla. Compl. ¶ 1.) On March 28, 1997, Ven-A-Care filed an Amended Complaint in the Florida Case, which complaint did not include Abbott as a defendant. Ven-A-Care later added Abbott back to the Florida Case in its August 1997 Second Amended Complaint. Ven-A-Care amended its complaint again in December 1999 and continued to include Abbott. In December 2002, Ven-A-Care again amended its complaint in the Florida Case. This complaint continued to allege the same general scheme and added numerous Abbott drugs and National Drug Codes[1] ("NDCs"), including several NDCs for Erythromycin products. (2002 Fla. Compl. Ex. 6 at 29.)

On April 10, 2000, Ven-A-Care filed a complaint in the District of Massachusetts (the "Massachusetts Case") alleging that several pharmaceutical companies (not including Abbott) "falsely represented the prices that they charged wholesalers for certain of their generic prescription drugs...in order to cause various State Medicaid Programs to pay claims in excessive amounts." (2000 Mass. Compl. ¶ 1.) Ven-A-Care amended its complaint in the Massachusetts Case in February 2001, alleging the same general scheme and adding Abbott as a defendant. This complaint included several NDCs for Erythromycin products. (2001 Mass. Compl. ¶¶ 84-85.) Ven-A-Care has since amended its

---

[1] The Food and Drug Administration provides for the assignment to each listed drug product of a unique 3-segment number, known as the National Drug Code.

complaint in the Massachusetts Case twice, in February 2002 and February 2005.  Its Third Amended Complaint in the Massachusetts Case added additional NDCs for Erythromycin products.

In March 2006, the Government intervened in the Florida Case, limiting its intervention to "that part of the action which alleges Medicaid and Medicare fraud with respect to Abbott Laboratories, Inc." as to certain listed drugs, which list did not include Erythromycin products.  The Government declined intervention in the other claims and filed a complaint-in-intervention against Abbott with respect to the intervened-in claims.  Ven-A-Care subsequently moved for and was granted leave to amend its complaint as to Abbott by adopting the Government's complaint-in-intervention, thereby dropping its Erythromycin products claims.  The Judicial Panel on Multidistrict Litigation consolidated the Florida Case into this multi-district litigation (MDL No. 1456) and transferred it to this Court.  The Florida Case has since been actively litigated by the Government, Ven-A-Care and Abbott.

With respect to the Massachusetts Case, Ven-A-Care explains that it severed its Erythromycin claims as to Abbott.  Ven-A-Care filed the present amended severed Complaint on August 30, 2007.  This complaint includes 43 NDCs related to Erythromycin products and alleges that Abbott violated the False Claims Act by "report[ing] inflated pharmaceutical prices that it knew Medicaid

-4-

relied upon to set reimbursement rates for Abbott's pharmaceutical products" when its "actual sales prices...were far less than the prices reported."  (2007 Mass. Compl. 1.)  On September 20, 2007, Ven-A-Care moved to transfer its amended severed Complaint to MDL No. 1456.  Its motion was granted.  Abbott filed the relevant motion to dismiss shortly thereafter.

## DISCUSSION

The first-to-file bar "prevents private plaintiffs 'from bringing related actions based on the same underlying facts.'" United States ex rel. Duxbury v. Ortho Biotech Prods., L.P., No. 03-12189, 2008 WL 244304, at *8 (D. Mass. Jan. 25, 2008) (quoting United States ex rel. Lujan v. Hughes Aircraft Co., 243 F.3d 1181, 1187 (9th Cir. 2001)).  "[T]he majority of courts interpret § 3730(b)(5) to bar a later allegation which 'states all the essential facts of a previously-filed claim,' even if the later claim 'incorporates somewhat different details.'"  Ortho Biotech, 2008 WL 244304 at *8 (quoting United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc., 149 F.3d 227, 232-33 (3d Cir. 1998)).  "The first-to-file bar furthers the policy of the FCA in that '[t]he first-filed claim provides the government notice of the essential facts of an alleged fraud, while the first-to-file bar stops repetitive claims.'"  Ortho Biotech, 2008 WL 244304 at *8 (quoting Lujan, 243 F.3d at 1187).

The "first-to-file bar is not limited to situations in which

the original and subsequent complaints rely on identical facts." Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1279 (10th Cir. 2004) (explaining that such a limitation "would be contrary to the plain meaning of the statute, which speaks of 'related' qui tam actions, not identical ones." (citing 31 U.S.C. § 3730(b)(5))).  "Once the government is put on notice of its potential fraud claim, the purpose behind allowing qui tam litigation is satisfied."  Id.  Although the First Circuit has not specifically addressed the standard, see Ortho Biotech, 2008 WL 244304 at *8, other circuits that have addressed the issue have generally rejected an "identical facts" test in favor of an "essential claim" or "same material elements" standard. Grynberg, 390 F.3d at 1279.  See, e.g., United States ex rel. Hampton v. Columbia / HCA Healthcare Corp., 318 F.3d 214, 217-18 (D.C. Cir. 2003) (holding that "§ 3730(b)(5) bars any action incorporating the same material elements of fraud as an action filed earlier" and "reject[ing] another possible test, one barring claims based on 'identical facts.'"); LaCorte, 149 F.3d at 233 ("we note that interpreting section 3730(b)(5) to bar only suits alleging facts identical to those in previous actions would defeat the law's primary objectives.").

   Here, the Court did not apply an identical facts test.  The most recently filed complaint in the Florida Case at the time the first complaint involving Abbott in the Massachusetts Case was

filed did not provide the government with notice of the essential fact that the alleged fraudulent scheme involved Erythromycin. The complaint in the Florida Case involved different drugs marketed by a different division of Abbott.  Significantly, Erythromycin is primarily a self-administered drug and the other drugs are generally administered by physicians.  Notice of fraud in one drug's pricing is not notice of fraud in another drug's pricing, as Abbott well knows.  This is because drugs are often marketed, reimbursed, sold, and priced in different ways. See In re Pharm. Indus. Average Wholesale Price Litig., No. 01-12257, 2007 WL 4287572, at *3 (D. Mass. Dec. 6, 2007) ("The conclusory allegation of one 'broad scheme' is inadequate particularly in light of the evidence in this MDL demonstrating that each drug must be analyzed differently.").  For this reason, this Court has required plaintiffs to plead the allegedly fraudulent average wholesale price of each drug with specificity under Rule 9(b). See In re Pharm. Indus. Average Wholesale Price Litig., 263 F. Supp. 2d 172, 194 (D. Mass. 2003).

   My decision that the first-to-file bar does not preclude jurisdiction does not involve a pivotal question of law.  Rather, based on a seven-year extensive factual record, I have determined that the failure to specify the drug Erythromycin in the earlier action constitutes a failure to state all the essential facts under the "same material elements" standard in established

caselaw.

## **CONCLUSION**

The Court **DENIES** the Defendant's motion for a certification of an immediate appeal pursuant to 28 U.S.C. § 1292(b) (Docket No. 5213).

**S/PATTI B. SARIS**
United States District Judge