**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ASTRAZENECA CLASS 1 SETTLEMENT | Judge Patti B. Saris |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF CLASS COUNSEL'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH ASTRAZENECA**

I, Steve W. Berman, duly declare under penalty of perjury as follows:

1.      I am a partner of Hagens Berman Sobol Shapiro LLP, resident in its Seattle, Washington, office, and I am Co-Lead Counsel for the Plaintiffs in the above-captioned matter.  I submit this declaration under penalty of perjury in support of Class Counsel's Supplemental Memorandum in Support of Motion for Final Approval of Class Action Settlement with AstraZeneca.

2.      More specifically, this Declaration provides additional information related to claims administration and the attorneys' fee and cost reimbursement petition.

**Additional Information Relating to Projected Claims**

3.      Attached hereto as Exhibit A are true and correct redacted copies of Claim Form Nos. 18, 71 and 73.  The name and address information have been redacted to protect the identity of these class members.  Based on the proposed allocation formula, as amended to provide for trebling during the Heartland Period, these claims are projected to be paid as follows:

- Johnnie, Claim No. 18.  Johnnie, who received 32 Zoladex® administrations and made full co-pays, is projected to receive a $9,759.96 distribution.

- Steven, Claim No. 71.  Steven, who received four Zoladex® administrations and made partial co-pays, is projected to receive a $286.80 distribution.

- Robert, Claim No. 73.  Robert, who received eight Zoladex® administrations and made full co-pays, is projected to receive $4,240.59.

4.      We have also reviewed the Claim Form and supporting information submitted by Mrs. Howe on behalf of her deceased husband, Robert A. Howe.  This claim has been assigned Claim No. 9384.  Mr. Howe received three quarterly injections of Zoladex® with partial co-pays in 2003, and four quarterly injections with partial co-pays in 2004.  Under the recovery formula, Mrs. Howe will be entitled to receive $617.82.  This amount is likely to be greater than the Howes' damages, even if Mr. Howe's supplemental coverage was less generous than the "20% of 20%" standard co-pay mechanism upon which the partial co-pay table is based.  Indeed, the co-pay checks that Mrs. Howe filed with the claim form total $347.81.

**Additional Information Relating to Attorneys' Fees and Costs**

5.      This section of my Declaration provides additional factual material relating to the Court's request for more information on attorneys' fees and costs.

6.      We previously provided to the Court unaudited lodestar and expense numbers through May 31, 2007.  Since that time, these numbers have increased substantially, as Class Counsel continued to expend resources on, among other things, prosecuting the Class 2/3 case against AstraZeneca and BMS as well as the Track 2 litigation, working on the numerous appeals in the First Circuit of the GSK settlement and the Massachusetts trial verdict, and administering the various settlements.  We estimate that the lodestar has grown by over $4.5 million in the past twelve months through May 2008 to over $71.5 million, and that we have incurred added expenses of almost $1.5 million, for a total lodestar and expense estimate of over $82 million.

7.      The very nature of this case – laced as it is with complexity and a myriad of common issues – leads to great difficulty in apportioning time and expenses by defendant.  More

than 250 attorneys have spent time working on this case for the plaintiffs.  The common issue work accomplished by counsel for plaintiffs includes researching and drafting complaints; working on issues related to the initial MDL motions; a panoply of issues related to the use of AWP as a benchmark in the Medicare program and in the private insurance market; legal research and drafting of briefs on the joint motions to dismiss, joint motions for summary judgment, and briefing associated with class certification; coordination with experts regarding same; motions and discovery related to many third parties, including governmental organizations, trade associations and the hundreds of insurers, pharmacies and other market participants subpoenaed by defendants; discussions with class representatives and class members; and general trial preparation.

8.      As a result of this common work, there was no effort to tie the $8,600,000 fee/cost award to work specifically done for Class 1 or even defendant AstraZeneca.  As I explained to the Court at the May 1, 2008 hearing, the total $8,600,000 fee/cost award sought was arrived at as roughly one-third of the negotiated $24 million Settlement Value; this was the justification made to AstraZeneca during the fee part of the negotiation (although, at the time, a more realistic measure would key off $32.6 million, which is the fee and cost recovery added to $24 million Settlement Amount).  Because of the challenges of allocating time and expenses by defendant, and because the amount of fees and costs were undoubtedly reasonable under the percentage of the fund ("POF") method, no effort was made to determine the precise amount of fees and costs that would be specifically attributable to AstraZeneca Class 1.

9.      The Court has requested additional information on the billing rates underpinning the May 31, 2007 lodestar reported to the Court.  The rates underpinning the lodestar calculations by firm range from a low of $165 per hour for junior associate attorneys to a high of

- 3 -

$650 per hour for the most experienced partners and reflect the firms' hourly rates paid by
hourly-billed clients and, separately, approved for payment by other courts in class and
derivative litigation.  The table below summarizes the rates by firm and should be reviewed in
conjunction with the schedule attached to the previously filed Declaration of Marc H. Edelson in
Support of Class Plaintiffs' Joint Petition for Attorneys' Fees and Reimbursement of Expenses in
Relation to Settlement with AstraZeneca (Dkt. 5222):

| Firm | Paralegal Hourly Rate Range | Attorney Hourly Rate Range |
|---|---|---|
| Audet & Partners, LLP | $100 | $325-475 |
| Bolognese & Associates, LLC | n/a | $175-475 |
| Carey & Danis, LLC | $150 | $250-400 |
| Cohen, Milstein, Hausfeld & Toll, LLC | $85-275 | $195-575 |
| Cuneo Gilbert & Lacua, LLP | $150-175 | $325-475 |
| Freeman & Lorry, P.C. | n/a | $225 |
| Hagens Berman Sobol Shapiro, LLP | $70-150 | $250-600 |
| Hanzman, Criden & Love, P.A. | $150 | $300-500 |
| Heins, Mills & Olson, P.L.C. | $130-175 | $165-650 |
| Hoffman & Edelson, LLC | $175 | $300-460 |
| Hulett Harper Stewart, LLP | n/a | $510 |
| Karmel Law Firm | n/a | $400 |
| Kline & Specter, P.C. | $125-135 | $250-525 |
| Law office of Adam S. Levy | n/a | $385 |
| Milberg Weiss & Bershad, LLP | $155-170 | $260-495 |
| Piper  & Associates | n/a | $350-500 |
| RodaNast, P.C. | $100-140 | $210-575 |
| Rossbacher Firm | $125 | $235-490 |
| Sheller, P.C. | $125-130 | $250-420 |
| Shepherd, Finkelman, Miller & Shah, LLC | $95 | $330-475 |
| Spector, Roseman & Kodroff, P.C. | $100-160 | $250-560 |
| Squitieri & Fearon, LLP | $325 | $595 |
| Trujillo Rodriguez & Richards, LLC | $105 | $220-490 |
| Weller, Green, Toups & Terrell, L.L.P. | $250 | $330-450 |
| Wexler Toriseva Wallace LLP | $100-160 | $226-550 |
| Williams Law Firm | n/a | $190-495 |
| Young, Pickett & Lee | n/a | $400-450 |

001534-16 243587 V1

As an example, the rates customarily charged by attorneys at Hagens Berman Sobol Shapiro LLP who have worked on the AWP litigation range from a low of $250 for less-experienced associate attorneys to a high of $600, which is my rate as Managing Partner and senior litigator in the firm.

10.     Attached as Exhibit B is a true and correct copy of *The National Law Journal*'s 2007 survey of law firm billing rates.  As this survey reveals, the foregoing attorney rate ranges are well within the market norm.  I note that some of the firms appearing for defendants in this very litigation have partner rates that top out well above $600 per hour, including Covington & Burling ($800), Dickstein Shapiro ($825), Hogan & Hartson ($850), Kelley Drye & Warren ($800), Morgan Lewis & Bockius ($850), and Perkins Coie ($805).

11.     Even if the Court were to lower the top-end rates for purposes of doing the lodestar cross-check, it would not substantially modify the lodestar here.  For example, lowering my rate to $575 from $600 has a negligible effect on the overall lodestar, reducing it by $112,303.75.

12.     The Court has also inquired about the expenses allocated specifically to the AstraZeneca portion of the AWP litigation.  Like splitting attorney and paralegal time by defendant, splitting expenses by defendant is very difficult to do given the existence of so many common issues.  Moreover, the very nature of the expenses themselves makes allocation by defendant extremely difficult.  Counsel did not track expenses by defendant and, with some limited exceptions, we are unable to go back and re-assign expenses by defendant.  These include expenses incurred for expert work, including the development of Dr. Rosenthal and Dr. Hartman's many reports and the rendering of their testimony; Court fees (including fees incurred for use of the Court's electronic filing system); subpoena costs; technology services, including maintaining and servicing computer stations for document review; mail and fax charges;

- 5 -

computer research charges (*e.g.*, Lexis/Nexis); photocopy expenses; and some travel expenses. All of the expenses incurred were reasonable and necessary for the prosecution of this litigation, even though they are not readily amenable to division by particular defendant.

13.     It may be possible to construct an expense allocation model taking into consideration reasonable assumptions based on the number of defendants, but this would be very time consuming and not necessary where the lodestar is used as a cross-check to the POF approach.  It was not done to arrive at the $2.1 million in costs.  The $8.6 million fee and cost amount was disaggregated into a fee and cost portion at my suggestion as a means of laying the foundation for requesting counsel to inject the $2.1 million cost "piece" back into the AWP litigation fund on a going forward basis.  It just so happened that $2.1 million was about one-fourth of the total costs incurred to date, and there were four defendants effectively left in Track 1 at the time.


Executed this 15th day of July, 2008.


_____
                                             **/s/ Steve W. Berman**
                                             STEVE W. BERMAN

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY NATIONWIDE CLASSES 2 AND 3 AGAINST DEFENDANTS ASTRAZENECA AND BMS**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on July 15, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

By_____**/s/ Steve W. Berman**_____
    Steve W. Berman
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    (206) 623-7292

001534-16 243587 V1