**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

_____
                                              )
**In re: Pharmaceutical Industry Average** )
**Wholesale Price Litigation**            )
                                              )        MDL No. 1456
                                              )
**This Document Relates to:**             )        Civil Action No. 01-12257-PBS
                                              )
*U.S. ex rel. West v. Ortho-McNeil*       )        Hon. Patti B. Saris
*Pharmaceutical, Inc., et al.*, No. 03-8239 )
(N.D. Ill.)                               )
_____)

## RELATOR'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WEST'S CLAIM FOR "MARKETING THE SPREAD TO HOSPITALS"

### A.    INTODUCTION

Relator's Second Amended Complaint (SAC) alleges that Ortho-McNeil marketed a

spread of up to 108% for the 500 mg dose of Levaquin IV.  Specifically, the SAC alleges that

between 1997 and 2000, Ortho-McNeil's reported AWP for a 500 mg dose of Levaquin IV was

$39.60; that by virtue of rebates, purchasers' per dose actual acquisition costs were as low as

$19; and that the difference between Ortho-McNeil's reported AWP and the actual acquisition

cost created a spread of up to 108%.  This easily satisfies Rule 9(b) as applied by this Court to

AWP-based fraud claims.  Because the SAC satisfies Rule 9(b) and the AWP pleading standard

set forth in earlier orders in this MDL, Ortho-McNeil's motion to dismiss for failure to plead the

fraudulent AWP must be denied.

### B.    PROCEDURAL HISTORY

On February 19, 2008, this Court issued its Memorandum and Order on Ortho-McNeil's

first and second motions to dismiss, which sought dismissal of the Relator's First Amended

Complaint ("FAC") for lack of subject matter jurisdiction, failure to state a claim under Rule

12(b)(6) and failure to plead the circumstances of Ortho-McNeil's fraud with the particularity

required by Rule 9(b).  The Court held, *inter alia*, that is has subject matter jurisdiction over the

claim that Ortho-McNeil marketed the spread between the reported Average Wholesale Price

("AWP") of Levaquin and the Medicare reimbursement for Levaquin.  Memorandum and Order

dated February 19, 2008, Docket Entry 5056 ("Memorandum and Order").

In addition to determining its own subject matter jurisdiction, this Court also held that the

FAC did not allege the AWP fraud with the specificity required by Rule 9(b) and this Court's

AWP fraud pleading standard set forth in *In re Pharmaceutical Industry Average Wholesale*

*Price Litigation*, 307 F.Supp.2d 196 (D.Mass. 2004).  Memorandum and Order at p. 43.  This

Court directed Relator to amend the FAC "to state with specificity the allegedly fraudulent

spread" or face dismissal under Rule 9(b).  Memorandum and Order at p. 46.

Relator then filed his SAC alleging that between 1997 and 2000 the reported AWP for

500 mg does of Levaquin IV was $39.60; that by virtue of rebates Ortho-McNeil paid to

purchasers, purchasers' actual acquisition costs were as low as $19 per 500 mg dose of Levaquin

IV; and that the difference between the reported AWP and the actual acquisition costs created a

spread of up to 108%.  Ortho-McNeil then filed the instant motion, again seeking dismissal of

the AWP claims.  Ortho-McNeil's motion is a classic straw man argument. It asserts – falsely -

that the AWP claims in the SAC relate *solely* to sales to hospitals, and then claims that dismissal

is required because AWP is irrelevant to hospital reimbursement.  This argument fails because

the first proposition, that the SAC is limited to hospitals, is manifestly false.  The SAC makes

allegations with respect to "physicians and other medical providers" (SAC ¶¶ 62 and 63),

"hospitals and other institutional providers" (SAC ¶ 72), and "purchasers" (SAC ¶ 76).  Because

the SAC applies to all purchasers, not merely hospitals, Ortho-McNeil's argument that Medicare

does not reimburse *hospitals* based on AWP cannot lead to dismissal of the AWP claim.

> **C.      THE FACTS ALLEDGED IN THE SAC EASILY MEET THE**
> **FRAUDULENT AWP PLEADING STANDARD**

On this motion to dismiss, the Court must accept as true all well-pleaded facts alleged in

the SAC, including all reasonable inferences therefrom.  *Clark v. Boscher*, 514 F.3d 107,112 (1st

Cir. 2008) (citation omitted).  A complaint survives Rule 12(b)(6) when it contains well-pleaded

facts with enough heft to "show that [plaintiff is] entitled to relief. " *Id.*, quoting *Bell Atlantic*

*Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007).  Because this

action arises under the False Claims Act, the SAC must also allege with particularity the

circumstances constituting the fraud.  Rule 9(b), Fed.R.Civ.P.   Where, as here, the alleged false

claims were submitted by third parties rather that Ortho-McNeil, "the relator need not allege the

details of the particular claims, so long as 'the complaint as a whole is sufficiently particular to

pass muster under the FCA.'" Memorandum and Order at p. 43; *U.S. ex rel. Rost v. Pfizer, Inc.*,

507 F.3d 720, 732 (1st Cir. 2007).

In the context of pleading AWP fraud, this Court has previously found that in order to

satisfy 9(b), an AWP-based claim must allege "(1) the specific drug or drugs that were purchased

from defendant, (2) the allegedly fraudulent AWP for each drug, and (3) the name of the specific

plaintiff(s) that purchased the drug." *In re Pharm. Indus. Average Wholesale Price Litig.*, 307

F.Supp. 2d 198, 208 (D.Mass. 2004), *quoting In re Pharmaceutical Industry Average Wholesale*

*Price Litigation*,  263 F.Supp.2d. 172, 194 (D.Mass. 2003).  The SAC meets this standard.  The

SAC alleges that "[b]eginning in 1997, Ortho-McNeil embarked on an aggressive strategy of

paying kickbacks and unlawful remuneration to **physicians and other medical providers** to

capture a share of the flouroquinoline market" and that "by late 2001, Levaquin held

approximately a 40% share" of that market.  SAC at ¶ 62 (emphasis added).  It alleges that

"[f]rom 1997 to 2000, the Average Wholesale Price for 500 mg of Levaquin IV was $39.60."  *Id.*

at ¶ 76.  It alleges that "Ortho-McNeil employed a multi-tiered rebates system, whereby

**purchasers** (such as hospitals) would pay the highest rate for 500 mg of Levaquin IV, which

was $32, throughout the year."  *Id.* (emphasis added, parenthetical in original).  The SAC further

alleges that Ortho-McNeil paid rebates that resulted in "eight actual levels of pricing ($32, $31,

$29, $27, $25, $23, $21 and $19), with lower prices being given to **purchasers** with larger

market shares"  *Id.* (emphasis added, parenthetical in original).  The SAC further alleges that the

spread "between what the **purchasers** paid for the 500 mg of Levaquin and the AWP exceeded

30% for all **purchasers** who paid from $29 to $19" and that "this 'spread' was 108% if the

**purchaser** received the highest discounted rate of $19 per dose."  *Id.* (emphasis added).

In short, the SAC meets the fraudulent AWP pleading standard as to all purchasers – not

just hospitals.  The issue of whether the government has been injured by the submission of

claims by hospitals pertains solely to the amount of damages the government has sustained.

**F.      Conclusion**

The SAC alleges Ortho-McNeil committed AWP-related fraud in connection with

marketing and sales not just to hospitals, but also to physicians, medical providers, other

institutional providers, and purchasers. The SAC alleges (1) the specific drug that was purchased

from defendant – here Levaquin, (2) the allegedly fraudulent AWP for each drug - here, an AWP

of $39.60 and a spread of 108%, and (3) the name of the specific plaintiff that purchased the drug

– here the United States of America.  Ortho-McNeil's motion must be denied.

Respectfully submitted,

SIMMONSCOOPER LLC


By: ____/s/John A. Bruegger_____
    John A. Bruegger - #6278821
    Kenneth J. Brennan
    707 Berkshire Blvd.
    East Alton, Illinois  62024
    (618) 259-2222 ~ Ext. 506
    (618) 259-2251 ~ Fax
    Email: jbruegger@simmonscooper.com
    Email: kbrennan@simmonscooper.com

    George A. Zelcs - #3123738
    KOREIN TILLERY
    205 North Michigan Ave.
    Chicago, Illinois 60601
    (312) 641-9750 tel
    (312) 641-9751 fax
    Email: gzelcs@koreintillery.com

    Donald M. Flack
    KOREIN TILLERY
    505 North 7th Street, Suite 3600
    St. Louis, Missouri  63101
    (314) 241-4844
    (314) 241-3525 ~ Fax
    dflack@koreintillery.com

    Attorneys for Relator

## CERTIFICATE OF SERVICE

John A. Bruegger, an attorney, hereby certifies that on May 1, 2008, he electronically filed the foregoing with the Clerk of the United States District Court for the District of Massachusetts using the Court's CM/ECF system.

A copy of the foregoing also has been served on May 1, 2008 on the following individuals by depositing a copy in the U.S. mail, first-class postage pre-paid:


Samuel S. Miller

United States Attorney's Office
219 South Dearborn Street
Suite 500
Chicago, IL  60604

Mary Louise Cohen
Phillips & Cohen LLP
2000 Massachusetts Ave., N.W.
Washington, DC  20036

Erika A. Kelton
Phillips & Cohen LLP
2000 Massachusetts Ave., N.W.
Washington, DC  20036

Timothy D. Nimrod
Gregory Hooggasian, Esq.
Medicaid Fraud Control Unit
100 W. Randolph St.
12th Floor
Chicago, IL  60601

Lisa Madigan
Attorney General of Illinois
100 West Randolph Street
12th Floor
Chicago, IL  60601

Charles J. Crist, Jr.
The Capitol PL-01
Tallahassee, FL  32399-1050

M Jane Brady
Carvel State Office Building
Consumer Protection-5th Floor
820 North French Street
Wilmington, DE  19801

Collin Wong
Bureau of  Medi-Cal Fraud
Office of the Attorney General
1425 River Park Drive
Ste. 300
Sacramento, CA  95815

L Timothy Terry

Office of the Attorney General
100 North Carson Street
Carson City, NV  89701

Randall L. Clouse
Medicaid Fraud Control Unit
900 East Main St.
5th Floor
Richmond, VA  23219

Steven Fermon
Medicaid Fraud Control Unit Illinois State Police
200 Isles Park Place
Ste. 230
Springfield, IL  62703

Robert Spagnoletti
District of Columbia Attorney's Office
Office of Corporation Counsel
441 4th St., NW
Washington, DC  20001

W Rick Copeland
Medicaid Fraud Control Unit
Office of the Attorney General
Austin, TX  78711

Jerry Kilgore
Virginia Attorney General
Office of the Attorney General
900 E. Main St.
5th Floor
Richmond, VA  23219

Susan Kennedy
Medicaid Fraud Control Unit
Office of DC Inspector General
Washington, DC  20005

Robert Schlafly
Medicaid Fraud Control Unit Bureau of Investigations
901 R.S. Gass Blvd.
Nashville, TN  37216

Paul G. Summers
Tennessee Attorney General

500 Charlotte Avenue
Nashville, TN  37243

Bill Lockyear
Office of the Attorney General
1300 I Street
Ste. 1740
Sacramento, CA  95814

Gary K. Senega
Deputy Attorney General State of Hawaii
333 Queen Street
10th Floor
Honolulu, HI  96813

Greg Abbott
Texas Attorney General
Office of the Attorney General
Capital Station, PO BOX 12548
Austin, TX  78711

                                        /s/ John A. Bruegger