# Exhibit D

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2                DISTRICT OF MASSACHUSETTS
 3    Civil Action No. 03-CV-11865-PBS
 4    - - - - - - - - - - - - - - - - - - - - - - - x
 5    THE COMMONWEALTH OF MASSACHUSETTS,
 6                     Plaintiff,
 7         v.
 8    MYLAN LABORATORIES, INC.; BARR LABORATORIES, INC.;
 9    DURAMED PHARMACEUTICALS, INC.; IVAX CORPORATION;
10    WARRICK PHARMACEUTICALS CORPORATION; WATSON
11    PHARMACEUTICALS, INC.; SCHEIN PHARMACEUTICAL; INC.;
12    TEVA PHARMACEUTICALS USA, INC.; PAR PHARMACEUTICAL,
13    INC.; DEY, INC.; ETHEX CORPORATION; PUREPAC
14    PHARMACEUTICAL CO.; and ROXANE LABORATORIES, INC.,
15                     Defendants.
16    - - - - - - - - - - - - - - - - - - - - - - - x
17
18     VIDEOTAPED DEPOSITION OF PAUL L. JEFFREY, Pharm.D.
19        Thursday, June 14, 2007   9:50 a.m. to 4:26 p.m.
20                        Ropes & Gray,
21       One International Place, Boston, Massachusetts
22            Reporter:   Lisa A. Moreira, RDR/CRR
```

Jeffrey, Pharm.D., Paul L.  June 14, 2007

Boston, MA

Page 2

```
 1    A P P E A R A N C E S
 2              THE COMMONWEALTH OF MASSACHUSETTS
 3              OFFICE OF THE ATTORNEY GENERAL
 4              (BY: ROBERT PATTEN, ESQ., and
 5                   COLLEEN A. McCARTHY, ESQ.)
 6              One Ashburton Place
 7              Boston, Massachusetts 02114
 8              617.727.2200
 9              robert.patten@ago.state.ma.us
10              colleen.mccarthy@ago.state.ma.us
11                   Counsel for the Plaintiff
12
13              ROPES & GRAY LLP
14              (BY: JOHN T. MONTGOMERY, ESQ., and
15                   CARISA A. KLEMEYER, ESQ.)
16              One International Place
17              Boston, Massachusetts 02110-2624
18              617.951.7000
19              john.montgomery@ropesgray.com
20              carisa.klemeyer@ropesgray.com
21                   Counsel for the Defendant, Warrick
22                   Pharmaceuticals Corporation
```

Page 3

1    A P P E A R A N C E S  (CONTINUED)

2

3            KIRKLAND & ELLIS LLP

4            (BY:  JENNIFER ATKINS, ESQ.)

5            655 15th Street NW

6            Washington, D.C. 20005

7            202.879.5000

8            jatkins@kirkland.com

9                    Counsel for the Defendants, Barr

10                   Laboratories, Inc., and Duramed

11                   Pharmaceuticals, Inc.

12

13

14   ALSO PRESENT:

15

16            Adam Mueller, Ropes & Gray

17                          Summer Associate

18            Adam Cook, Videographer

19

20

21

22

Page 4

```
 1                          I N D E X

 2   WITNESS:            DIRECT   CROSS   REDIRECT   RECROSS

 3   PAUL L. JEFFREY, Pharm.D.

 4   (By Mr. Montgomery).. 006......................

 5   (By Ms. Atkins)............ 225................

 6

 7                    INDEX OF EXHIBITS               PAGE

 8   Exhibit Jeffrey 001, MA001466 to 473........... 059

 9   Exhibit Jeffrey 002, MA001286.................. 064

10   Exhibit Jeffrey 003, MA012663 to 682........... 070

11   Exhibit Jeffrey 004, MA016310 to 311........... 089

12   Exhibit Jeffrey 005, MA006810 to 812........... 098

13   Exhibit Jeffrey 006, MA001359 to 360........... 106

14   Exhibit Jeffrey 007, MA001435 to 437........... 121

15   Exhibit Jeffrey 008, MA012501 to 503........... 125

16   Exhibit Jeffrey 009, MA001251.................. 127

17   Exhibit Jeffrey 010, MA001289.................. 142

18   Exhibit Jeffrey 011, MA003514 to 525........... 147

19   Exhibit Jeffrey 012, MA003442 to 448........... 161

20   Exhibit Jeffrey 013, MA001337 to 338........... 196

21   Exhibit Jeffrey 014, MA012348 to 352........... 197

22   Exhibit Jeffrey 015, MA003598 to 603........... 205
```

1   statement meant.

2   Q. But shouldn't that lower rate have been

3   reported as the usual and customary rate if it

4   was lower?

5   A. I'm not sure I know exactly what you're

6   asking.

7   Q. Well, I'm trying to -- I'm trying to

8   determine generally whether this observation that

9   you've made, you know, in 2003 conformed to the

10  requirements, whether the actual reimbursement of

11  pharmacies conformed to the requirements of the

12  Massachusetts program.

13  A. Well, the reason I wanted to read it

14  was, we can only know that if we go and look, so

15  we're dependent upon the pharmacies to report to

16  us or to send a charge to us that is at the most

17  -- at the usual and customary rate. So we have

18  that protection built into the system, if you

19  will, but there's a degree of accepting that the

20  pharmacy providers, in fact, do that.

21  Q. But am I correct that you were

22  asserting in 2003 that -- at least to some extent

Jeffrey, Pharm.D., Paul L.  June 14, 2007
Boston, MA

102

1  that pharmacies were not complying with the usual

2  and customary reporting and reimbursement

3  requirements?

4        A.   Yes, I was asserting that.

5        Q.   And in making that assertion, did you

6  have a view at the time of the extent of the

7  noncompliance by pharmacies with the reporting

8  requirements?

9        A.   I didn't recall it until I read it, but

10 I say here that it could be happening 25 percent

11 of the time.

12       Q.   Did you have any view at the time of

13 the extent of the overreimbursement to pharmacies

14 by the Commonwealth?

15       A.   You mean the dollar figure, for

16 example?

17       Q.   Dollar figure.

18       A.   I might have had a back-of-the-envelope

19 calculation.  I don't recall what it was.

20       Q.   Do you know if there were any documents

21 that were prepared that contained estimates of

22 the extent of the dollar overreimbursement?

Page 230

1  was -- I'm not sure what word you used.  Did you
2  say "false statements" or --
3       Q.   I asked if you were personally aware of
4  any false statements made to the Commonwealth by
5  Barr?
6       A.   No.
7            MS. ATKINS:  That's all I have.  Thank
8  you.
9            THE WITNESS:  Okay.  Thanks.
10           THE VIDEOGRAPHER:  The time is 4:26.
11 This is the end of Cassette No. 3 and the
12 conclusion of the deposition.  We are off the
13 record.
14           (Whereupon the deposition was
15 concluded at 4:26 p.m.)
16
17           _____
18                PAUL L. JEFFREY, PHARM.D.
19 Subscribed and sworn to and before me
20 this _____ day of _____, 20____.
21 _____
22           Notary Public

1  Commonwealth of Massachusetts
2  Suffolk, ss.

3      I, Lisa A. Moreira, Registered Diplomate
4  Reporter, Certified Real-Time Reporter and Notary
5  Public in and for the Commonwealth of Massachusetts,
6  do hereby certify that PAUL L. JEFFREY, Pharm.D.,
7  the witness whose deposition is hereinbefore set
8  forth, was duly sworn by me and that such deposition
9  is a true record of the testimony given by the
10 witness.
11     I further certify that I am neither related to or
12 employed by any of the parties in or counsel to this
13 action, nor am I financially interested in the
14 outcome of this action.
15     In witness whereof, I have hereunto set my hand
16 and seal this 20th day of June, 2007.

17     _____
18              Lisa A. Moreira, RDR, CRR
19              Notary Public
20              CSR No. 146299
21 My commission expires
22 December 25, 2009