Case 1:01-cv-12257-PBS   Document 5459-3   Filed 07/22/08   Page 1 of 2

**Rule 6.402 Application for further review.**

**6.402(1)** *Fee.* A fee of $25 shall be required for filing an application to the supreme court for further review of a decision of the court of appeals.

**6.402(2)** *Time for filing.* An application for further review in an appeal from a child in need of assistance or termination of parental rights proceeding shall be filed within ten days following the filing of the decision of the court of appeals. In all other cases, an application for further review shall be filed within twenty days following the filing of the decision of the court of appeals.

**6.402(3)** *Grounds.* An application to the supreme court for further review shall allege precisely and in what manner the court of appeals has done any of the following:

　*a.*　Made an error of law.

　*b.*　Rendered a decision which is in conflict with a prior holding of a published court of appeals decision or published supreme court decision.

　*c.*　Failed to consider a potentially controlling constitutional provision in rendering its opinion.

　*d.*　Decided a case which should have been retained by the supreme court.

**6.402(4)** *Form and length of application and resistance and number to be filed.* Each copy of the application for further review shall contain or be accompanied by a copy of the opinion of the court of appeals, showing the date of its filing. The application shall be a single document including a brief in support of the request for review. All contentions in support of the application shall be included therein, including all legal authorities and argument.

In all cases other than appeals from Iowa Code chapter 232 child in need of assistance or termination proceedings, a party who desires to file a resistance shall do so within ten days after service of the application. No resistance will be received in child in need of assistance or termination proceedings unless requested by the supreme court. The resistance shall be a single document which includes all contentions in opposition to the application. The cover of the application for further review and resistance should be yellow. The cover of the application or resistance thereto shall contain: (1) the name of the court and the appellate number of the case; (2) the title of the case (*see* rule 6.12(1)); (3) the date of filing of the court of appeals' opinion under review; (4) the title of the document; and (5) the name, address, and telephone number of counsel representing the party on whose behalf the document is filed. No authorities or argument may be incorporated into the application or the resistance by reference to another document. An application or resistance shall be in the form prescribed by rule 6.16(1), except that it may be printed or duplicated on one side of the sheet. The application or resistance shall not exceed 20 pages exclusive of the court of appeals opinion, table of contents, table of authorities and permitted evidentiary exhibits and district court orders. No materials shall be annexed to or filed with an application or resistance other than the opinion of the court of appeals, except that, if it is of unusual significance, an evidentiary exhibit not exceeding ten pages and a district court order not exceeding that length may be annexed. Eighteen copies of an application or a resistance shall be filed. In addition, two copies shall be served on each other party separately represented.

**6.402(5)** *Supplemental briefs.* If an application for further review is granted, the supreme court may require the parties to file supplemental briefs on the merits of all or some of the issues to be reviewed.

**6.402(6)** *Procedendo.* When an application for further review is denied by order of the supreme court or by operation of law, the clerk of the supreme court shall immediately issue procedendo. [Report 1977; Court Order December 23, 1985, effective February 3, 1986; May 29, 1986, effective July 1, 1986; September 22, 1999; November 9, 2001, effective February 15, 2002; January 24, 2003; April 21, 2003, effective July 1, 2003]

**Rules 6.403** to **6.450**　Reserved.

### DIVISION VII

CERTIFICATION OF QUESTIONS OF LAW

**Rule 6.451 Procedure for certification of question of law.** The procedure for answering and certifying questions of law shall be as provided in the Uniform Certification of Questions of Law Act, Iowa Code chapter 684A, and this division of the rules of appellate procedure. [Report 1980; Court Order November 9, 2001, effective February 15, 2002]

**Rule 6.452 Contents of certification order.** The certification order shall contain the matter required by Iowa Code section 684A.3 and shall be captioned as the matter was in the certifying court with the party, if any, who moved for certification of the question identified as the "movant." If the question is certified on the court's own motion, the certification order shall specify which party is to file a brief first. The certification order shall contain the names and addresses of the interested parties or their counsel if they are represented by counsel. [Report 1980; November 9, 2001, effective February 15, 2002]

**Rule 6.453 Docketing.** Upon receipt of a certified question the clerk of the supreme court shall prepare a docket page and assign a number to the matter. Within ten days after the filing of the certification order the movant or party who is to file a brief first shall pay to the clerk of the supreme court the docket fee in the amount prescribed pursuant to Iowa Code section 602.4303, for docketing an appeal from a final judgment or decree. Upon receipt of the docket fee, the clerk of the supreme court shall enter the matter upon the docket and give notice to the certifying court and all parties or their attorneys of the date on which the matter is entered on the docket. [Report 1980; 1983 Iowa Acts, ch 186, §10150; Court Order November 9, 2001, effective February 15, 2002]

**Rule 6.454 Briefs.** The parties shall file and serve all briefs within the expedited times for filings prescribed by rule 6.17 in the manner outlined by rule 6.13(1). Rules 6.13(6), 6.14, and 6.16(1) shall apply to briefs with those portions applicable to appellant's briefs applying to briefs of the movant or the party who is to file a brief first and those portions applicable to appellee's brief applying to the brief of the responding party. [Report 1980; Court Order January 27, 1993, effective July 1, 1993; November 9, 2001, effective February 15, 2002]

**Rule 6.455 Appendix.** The movant or party who is to file a brief first shall file and serve the briefs and appendix in the manner of an appellant. The appendix shall contain the certification order and such portions of the record relevant to the question as the parties by agreement or the certifying court by order may determine. Rules 6.15(1), 6.15(3), 6.15(4), 6.15(5), and 6.16(1) shall apply to the appendix to the greatest extent possible. [Report 1980; Court Order January 27, 1993, effective July 1, 1993; November 9, 2001, effective February 15, 2002]

**Rule 6.456 Record.** The certifying court shall attach to its certification order a copy of the portions of the record made in that court which it deems necessary for a full understanding of the question. If the entire record is not included, the supreme court may, in its discretion, order that a copy of all or any portion of the remaining record be filed with its clerk. [Report 1980; Court Order November 9, 2001, effective February 15, 2002]

**Rule 6.457 Submission and oral argument.** The matter shall be considered ready for submission after the certification order, initial brief, appendix, and responding brief have been filed. Rule 6.21 shall apply. [Report 1980; Court Order November 9, 2001, effective February 15, 2002]

**Rule 6.458 Opinion and rehearing.** Upon the filing of an opinion on a certified question the clerk of the supreme court shall comply with Iowa Code section 684A.7. A petition for rehearing shall not be allowed. [Report 1980; Court Order November 9, 2001, effective February 15, 2002]

**Rule 6.459 Costs and fees.** Printing costs shall be certified by the parties as provided in rule 6.16(3). Upon the filing of the supreme court's opinion on a certified question, its clerk shall prepare and transmit to the clerk of the certifying court a bill of costs indicating the docket fee and reasonable printing costs and the parties who paid them. The clerk of the certifying court shall be responsible for collecting and apportioning the fee and costs pursuant to Iowa Code section 684A.5. [Report 1980; Court Order November 9, 2001, effective February 15, 2002]

**Rule 6.460 State as amicus curiae.** When the constitutionality of an Act of the legislature of this state affecting the public interest is drawn in question in a certification to which the state of Iowa or an officer, agency, or employee thereof is not a party, the supreme court shall notify the attorney general and shall permit the state of Iowa to file an amicus curiae brief pursuant to rule 6.18, on the question of constitutionality. [Report 1980; Court Order November 9, 2001, effective February 15, 2002]

**Rule 6.461 Changes in rules.** Rules of procedure concerning the answering and certification of questions of law may be revoked, changed, or supplemented as provided in rule 6.601. [Report 1980; Court Order November 9, 2001, effective February 15, 2002]

**Rules 6.462 to 6.500** Reserved.

## DIVISION VIII
### OTHER PROCEEDINGS

**Rule 6.501 Procedure in other proceedings.** Procedure in all other proceedings in the appellate courts shall, unless otherwise ordered, be the procedure prescribed in the rules of appellate procedure to the full extent not inconsistent with rules specifically prescribing the procedure or with a statute. An appendix under the rules of appellate procedure shall be deemed an abstract of record. [Report 1977; Court Order November 9, 2001, effective February 15, 2002]

**Rule 6.502 Procedure in abortion notification appeals.**

*6.502(1) Notice of appeal.* A pregnant minor may appeal from a district court order denying a petition for waiver of notification regarding abortion. The notice of appeal shall be filed within 24 hours of issuance of the district court order. The notice of appeal shall be filed with the clerk of the district court where the order was entered in person or by facsimile transmission if available in the clerk's office. The notice shall also be filed with the clerk of the supreme court in person or by facsimile transmission at (515) 242-6164. The notice of appeal shall contain the date the petition was filed. A notice of appeal is filed for purposes of this rule when it is date and time stamped if filed in person or when it is received if transmitted by facsimile.

*6.502(2) Procedure on appeal.* Within 24 hours after the filing of a notice of appeal, the court reporter shall file the original of the completed transcript with the clerk of the district court. Within 48 hours after the filing of a notice of appeal, the clerk shall transmit to the supreme court any relevant district court papers, including the district court decision and the transcript. The minor shall file a written argument supporting her appeal with the clerk of the supreme court within 48 hours of filing the notice of appeal. The written argument shall include a statement designating the method by which the minor chooses to receive notice of the supreme court's final decision.