IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

FILED
SEP 20 2007
CLERK SUPREME COURT

| | |
|---|---|
| GLEN D. JAHN, LISA A. JAHN, and GLEN D. JAHN and LISA A. JAHN as Guardians and Next Friends of CASSIE L. JAHN,<br><br>Plaintiffs,<br><br>vs.<br><br>HYUNDAI MOTOR COMPANY and HYUNDAI MOTOR AMERICA, INC., d/b/a HYUNDAI MOTOR AMERICA,<br><br>Defendants. | No. 3:06-cv-00056-TJS<br><br>07-1595<br><br>**ORDER GRANTING HYUNDAI MOTOR AMERICA MOTION TO CERTIFY QUESTIONS OF LAW** |

This matter comes before the Court on an unresisted Motion to Certify Questions of Law filed by Defendant Hyundai Motor America, Inc. (Clerk's No. 25).

**FACTUAL BACKGROUND**

Plaintiffs, all Iowa residents, have brought product liability claims against the South Korean designer and manufacturer (Hyundai Motor Company) and California distributor of an automobile (Hyundai Motor America, or "HMA"). The following facts are undisputed as set forth in the parties' agreed upon Statement Of Undisputed Facts Pertinent To Resolution Of Proposed Certified Questions.

Plaintiffs Glen D. Jahn and his family ("Jahn") allege that a front, driver-side airbag in a 1998 Hyundai Elantra operated by Jahn failed to deploy in an intersection collision with another vehicle. Jahn sustained multiple serious injuries. Jahn received fracture injuries to his face, left eye and collarbones, but also received numerous injuries to his lower body and extremities, including fractures to the left hip, knee, right femur, right tibia, right ankle, and arch of the foot.

1

In addition to whether the airbag contained any defect, which of Jahn's injuries would have been prevented by deployment of the airbag, and to what extent, will be issues of dispute in the case.

The accident that is the genesis of this litigation occurred on May 10, 2004, as Jahn was operating his Hyundai Elantra, traveling on Manufacturing Drive in Clinton, Iowa. Another driver, Grace Burke ("Burke"), was at that time operating her 1996 Chevrolet Lumina on 21st Street, which intersects with Manufacturing Drive at somewhat less than a 90° angle. As Burke approached the intersection of 21st Street and Manufacturing Drive, there was a stop sign facing her, which commanded her to stop. Burke failed to stop at the stop sign on 21st Street and entered the intersection, colliding with Jahn's Hyundai vehicle within the intersection. Burke did not brake her vehicle as she entered the intersection, and was traveling in excess of 30 mph at the time of initial impact.

Jahn reached a settlement with Burke and her insurance carrier prior to filing the present suit against HMA. As part of the settlement, Jahn entered into a standard release agreement with Burke. Plaintiffs admit that Burke is a released party under the Iowa Comparative Fault Act, Iowa Code §§ 668.2 and 668.7. Jahn has responded to HMA's Requests for Admissions, admitting that Burke was at fault in operating her vehicle, that Burke's fault was a proximate cause of the accident, and was a proximate cause of the injuries sustained by Jahn. (See Def's Statement of Undisputed Facts Pertinent to Resolution of Proposed Certified Questions, Ex. A, Plaintiffs' Responses to Defendant HMA's Request for Admission) Jahn denies, however, that Burke's fault may be compared by the jury on the claims made by him against HMA. Id. Jahn's claim of injuries due to the non-deployment of his vehicle's airbag may be characterized as a product defect claim producing alleged enhanced injuries, or a "crashworthiness" claim. Consequently, a disputed legal issue is whether Iowa law prohibits or permits consideration of

2

the fault of a released party where a plaintiff concedes the incident leading to the plaintiff's injuries was proximately caused by the negligence of the released party.

To resolve this issue, Defendant HMA moves the Court to certify two questions of law to the Iowa Supreme Court (hereinafter the "Certified Questions"):

> (1) Will the Iowa Supreme Court adopt sections 16 and 17 of the Restatement (Third) of Torts: Products Liability governing liability for enhanced injury, specifically including rules of joint and several liability and comparative fault of joint tortfeasors under sections 16(d) and 17, and defining burdens of proof under sections 16(b) and 16(c)?
>
> (2) Under the Iowa Comparative Fault Act, may the fault of a released party whose negligence was a proximate cause of the underlying accident and of plaintiff's injuries be compared by the jury on plaintiff's enhanced injury claim against the product defendant?

Plaintiffs do not resist and in fact join in Hyundai Motor America's request that this question of law be certified.

## DISCUSSION

### I. Applicable Legal Standards.

Local Rule 83.1 provides that if "a question of state law may be determinative of a cause pending in this court and it appears there may be no controlling precedent in the decisions of the appellate courts of the state, any party may file a motion to certify the question to the highest appellate court of the state." LR 83.1 (2006). Because the Certified Questions present questions of Iowa law, the relevant appellate court is the Supreme Court of Iowa. That court is statutorily authorized to answer questions certified under this rule. See Iowa Code § 684A.1 (2007). The Court notes a lack of controlling precedent on the issues presented in the Certified Questions, and observes that resolution of the Certified Questions will have a substantial impact on the outcome of this litigation.

3

A variety of factors guide the Court when determining whether to certify questions of law. See Zimmer v. Travelers Ins. Co., 454 F. Supp. 2d 839, 861 (S.D. Iowa 2006); Erickson-Puttmann v. Gill, 212 F. Supp. 2d 960, 974 n.6 (N.D. Iowa 2002). Specifically, a court should consider:

> "(1) the extent to which the legal issue under consideration has been left unsettled by the state courts; (2) the availability of legal resources which would aid the court in coming to a conclusion on the legal issue; (3) the court's familiarity with the pertinent state law; (4) the time demands on the court's docket and the docket of the state supreme court; (5) the frequency that the legal issue in question is likely to recur; and (6) the age of the current litigation and the possible prejudice to the litigants which may result from certification."

Zimmer, 454 F. Supp. 2d at 861 (quoting Erickson-Puttmann, 212 F. Supp. 2d at 974 n.6). These factors are addressed in turn.

## II. Analysis.

Beginning with the first factor, the Court concludes the legal issues presented in the Certified Questions are unsettled. The Supreme Court of Iowa has not decided whether it will continue its uninterrupted trend of adopting portions of the *Restatement (Third)* when presented with the opportunity to do so by declaring sections 16 and 17 to be the law in Iowa, nor has it decided whether, within the context of an enhanced injury claim, the Iowa Comparative Fault Act requires or bars comparison of the fault of a settling party whose negligence was a proximate cause of a plaintiff's injuries. Because neither question has been answered, this Court would be forced to guess as to the outcome of both. This factor favors certification.

Factor two requires the Court to examine the legal resources that would aid in resolving the legal issues presented. While the physical resources of each body to resolve the Certified

Questions are probably equivalent, the Supreme Court of Iowa is in a clearly superior position to resolve unsettled questions of state law. As a result, this factor weighs in favor of certification.

The third factor requires the Court to assay its own familiarity with the legal principles presented in the Certified Questions. While this Court is familiar with the standards governing Iowa products liability law and is well versed in the legal principles animating the Iowa Comparative Fault Act, the Court cannot be familiar with the legal principles governing the Certified Questions because there are no legal principles to apply: the Supreme Court of Iowa has never decided whether to adopt sections 16 and 17 of the *Restatement (Third)* and has not decided whether the Iowa Comparative Fault Act permits or requires consideration of the fault of a settling party in the factual context this case presents. This factor favors certification.

Factor four requires consideration of the time demands on this Court and upon the Supreme Court of Iowa. Both courts feature crowded dockets. Because the Certified Questions present novel questions of state law, the Supreme Court of Iowa has a greater interest in settling the issues presented than this Court does in predicting any outcome.

Turning to the fifth factor, the Court concludes the frequency with which the legal issues presented are likely to recur is substantial. Iowa residents will doubtlessly continue to claim product defects either failed to mitigate or enhanced injuries they suffer in an underlying accident. Consequently, this factor weighs in favor of certification as well.

Concluding with the sixth factor, the Court finds no party will suffer prejudice while the Supreme Court of Iowa answers the Certified Questions. This Court has resolved Hyundai Motor America's motion with much time to pass before discovery closes. Trial is sufficiently distant to permit consideration of the legal issues presented before any continuance would be required. The Court further observes any potential prejudice Plaintiffs would otherwise incur is

obviated by their joinder in Hyundai Motor America's motion. Factor six tips in favor of certification.

### III. Conclusion.

The Court concludes the unresisted Motion to Certify Questions of Law filed by Defendant Hyundai Motor America (Clerk's No. 25) must be **granted**. This Court hereby certifies to the Supreme Court of Iowa the following questions of law:

> (1) Will the Iowa Supreme Court adopt sections 16 and 17 of the *Restatement (Third) of Torts: Products Liability* governing liability for enhanced injury, specifically including rules of joint and several liability and comparative fault of joint tortfeasors under sections 16(d) and 17, and defining burdens of proof under sections 16(b) and 16(c)?

> (2) Under the Iowa Comparative Fault Act, may the fault of a released party whose negligence was a proximate cause of the underlying accident and of plaintiff's injuries be compared by the jury on plaintiff's enhanced injury claim against the product defendant?

The Clerk of this Court is directed to forward this Order to the Iowa Supreme Court under this Court's official seal, pursuant to Iowa Code §684A.4.

**IT IS SO ORDERED.**

Dated this 14 day of September, 2007

HON. THOMAS J. SHIELDS
CHIEF UNITED STATES MAGISTRATE JUDGE

**ECF CERTIFICATION**
I DO HEREBY ATTEST AND CERTIFY THIS IS A TRUE AND FULL COPY OF A DOCUMENT WHICH IS PART OF THE ELECTRONIC CASE FILE MAINTAINED BY THE U.S. DISTRICT COURT.
DATE: 09-17-2007
MARJORIE E. KRAHN, CLERK
BY: _____
DEPUTY CLERK