UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | ) ) Hon. Patti Saris ) |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06-11337-PBS | ) Magistrate Judge Marianne Bowler ) ) ) ) |

**MEMORANDUM BY THE UNITED STATES IN RESPONSE
TO ABBOTT'S SUPPLEMENTAL SUBMISSION REGARDING THE
GOVERNMENT'S ASSERTION OF THE DELIBERATIVE PROCESS PRIVILEGE**

Abbott Laboratories Inc. (Abbott) has filed yet another brief challenging the Government's assertion of the deliberative process privilege. *See* Dkt. 5456. According to Abbott, an opinion stated in a report by an expert who may, potentially, be used by the plaintiffs at trial as a rebuttal witness "constitutes a waiver of the privileges that the Government has asserted to justify keeping evidence . . . out of Abbott's hands." *See id.* at 2. Abbott asks that the Court either deem the United States to have waived its deliberative process privilege, or permit Abbott to pursue its privilege challenge in the court of appeals. Neither request is justified in the circumstances here and each of Abbott's alternate requests should be denied.

Nothing in the report by Dr. Theodore Marmor gives rise to a privilege waiver. When formulating his opinions, Dr. Marmor was not given access to any documents or information protected by the deliberative process (or any other) privilege. Dr. Marmor relied exclusively upon the same non-privileged material to which Abbott, and any of its experts, has access. Accordingly, there are no grounds upon which to find waiver. See *Marcoux v. American*

*Airlines, Inc.,* 2006 WL 3518231 (E.D.N.Y. 2006) (rejecting waiver argument based on content of expert report where the court found that the expert had not been given privileged material when forming opinions).

Nor are there any grounds upon which the Court should find implied waiver based on the subject matter covered by the Marmor report.  Dr. Marmor, if he testifies at all at trial, would do so only in rebuttal to Abbott's long-standing argument that the Government's continued reliance on an AWP-based payment system that turned out to be susceptible to costly abuse somehow insulates Abbott from liability for its role in abusing that payment system.  The Government believes Abbott's argument on this point is completely untenable and will address this issue by motion prior to trial.  As indicated in the disclosure statement accompanying the Marmor report,[1] "the United States expressly reserves its rights to withdraw any opinions in this expert disclosure for any reason, including in the event that defendant withdraws or abandons at any time during the pendency of this case, any argument or defense addressed by Dr. Marmor in this disclosure. The United States further reserves its rights to move to strike, move for summary judgment of, move to exclude *in limine*, or otherwise pursue any legal remedy with regard to, defense arguments, evidence, or defenses addressed by Dr. Marmor in his expert report."[2]  *See* Ex. 1, at 3-4. In the meantime, however, the Government has deemed it prudent to retain an expert who will

---

[1] The disclosure statement is attached hereto as Exhibit One.

[2] The Government also informed Abbott that the Marmor report was not a concession that Abbott's defenses or arguments were legally sufficient and explained that by "asking Dr. Marmor to address anticipated defense arguments or defenses, the United States does not concede that arguments or defenses are relevant or admissible at trial."  The Government further advised Abbott that "Dr. Marmor's review of documents produced by defendant, its employees' testimony or third party testimony, or expert disclosures and testimony in related cases, is not a concession by the United States as to the relevance or admissibility of those materials in this case."

also be available to address this element in Abbott's defensive case by explaining that from objective, publicly-available, information, Abbott's conclusion that the Government somehow condoned Abbott's conduct is unwarranted.

In short, the Government will not be using Dr. Marmor's testimony as a sword – because the testimony will not be used to support any affirmative claim that the United States has against Abbott.  Rather, the Government is responding to certain of Abbott's defenses and arguments through expert testimony.[3]  No waiver should be found under these circumstances because the Government has not put privileged information at issue by "an affirmative act."  *See id.* at 5-8.  The report by Dr. Marmor is devoted exclusively to rebutting arguments which the United States, based on the record in this matter, expects Abbott to advance in its defense.  Moreover, from information outside the record, it appears to the Government that at least one of the defendants in the United State's actions intends to offer testimony on the same topics covered by Dr. Marmor.  In a solicitation letter to one of the Government's other experts, a local "expert witness services" firm[4] wrote:

> Our client represents a defendant pharmaceutical company in a matter brought by the U.S. Department of Justice concerning pharmaceutical drug pricing.  We are seeking an academic expert in how federal government bureaucracy operates in making decisions.  The expert will review plaintiff's expert report, point out shortcomings and errors and opine whether the government, based on the ways in which it makes decisions and changes policy, may be attributed knowledge of and

---

[3]  For example, Dr. Marmor addresses defendant's government knowledge (*see* Marmor Report, at 1, 8-9, fn. 9, 10, 11) and "cross-subsidization" (*id.* at fn. 33) arguments. (The report is attached as Exhibit Two.)

[4]  The solicitation letter was from the Round Table Group, Inc.  According to the firm's web-site, it "connects attorneys with expert witnesses in all fields. [Their] team uses rigorous methodologies, relationships with numerous professional services and consulting firms, and proprietary databases to quickly find unbiased expert witnesses and consultants."

acquiescence to our client's pharmaceutical drug pricing practices as alleged in the Department of Justice's Complaint.  Testifying experience is preferred but not required.  The expert will consult, draft a rebuttal expert report and testify.

Exhibit 3.

Lastly, the relief requested by Abbott is inappropriate under the circumstances it alleges in its latest filing.  Were it the case that a Government expert relied on privileged information in formulating an opinion, the proper remedy by the Court would be to limit the expert's testimony, not a finding of waiver.  *See Dey, L.P. v. Ivax Pharmaceuticals, Inc.,* 233 F.R.D. 567, (C.D. Cal. 2005)(holding that to the extent an expert's testimony was "based on facts not available to the public and not disclosed during fact discovery . . . it is improper, and that the court would "rule accordingly at trial, in response to specific objections during the questioning of these witnesses").

Based on the foregoing, and for the reasons stated in briefs previously filed in response to Abbott's certification request, the United States respectfully requests that the Court deny Abbott's Request for Certification of Interlocutory Appeal, as well as Abbott's request that the Court find a privilege waiver based on the contents of an expert report.

Respectfully submitted,

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | GREGORY G. KATSAS<br>ASSISTANT ATTORNEY GENERAL |
| /s/ George B. Henderson, II<br>George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>(617) 748-3272 | /s/Justin Draycott<br>Joyce R. Branda<br>Daniel R. Anderson<br>Renée Brooker<br>Justin Draycott<br>Gejaa T. Gobena<br>Rebecca A. Ford<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Phone: (202) 307-1088 |
| R. ALEXANDER ACOSTA<br>UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF FLORIDA | |

/s/ Mark A. Lavine
Mark A. Lavine
Ana Maria Martinez
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Phone: (305) 961-9003
Fax: (305) 536-4101

Dated: July 23, 2008

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day caused an electronic copy of the above MEMORANDUM BY THE UNITED STATES IN RESPONSE TO ABBOTT'S SUPPLEMENTAL SUBMISSION REGARDING THE GOVERNMENT'S ASSERTION OF THE DELIBERATIVE PROCESS PRIVILEGE to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: July 23, 2008

                                                  /s/
                                       Justin Draycott