UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | MDL No. 1456<br>Master File No.: 01-CV-12257-PBS<br>(original S. D. Iowa No. 4:07-cv-00461-JAJ-CFB)<br><br>Judge Patti B. Saris |

**DEFENDANTS' RESPONSE TO THE STATE OF IOWA'S
SUBMISSION REGARDING CERTIFICATION**

Defendants submit this response to the State of Iowa's July 22, 2008 "Submission Regarding Certification." The State takes the position that certification to the Iowa Supreme Court of the question of whether of the Iowa Attorney General has the authority to sue on behalf of the State Medicaid Program for actual damages under the Iowa Consumer Fraud Act ("CFA") is unnecessary at this stage and will cause undue delay; a position with which Defendants agree. However, Iowa also takes the opportunity to re-argue its position that the CFA allows recovery of actual damages and attempts to validate its position by appending new authority for the proposition that the State has sought CFA damages on its own behalf in other cases. Notably, the State's submission offers <u>no new</u> arguments supporting the State's claim for compensatory damages under the CFA. And the State still fails to identify a single case where it has successfully litigated its ability to seek damages for itself under the CFA.

**DISCUSSION**

**I.      Defendants Agree That Certification Is Not Advisable**

Defendants agree that certification of the CFA claim to the Iowa Supreme would be an inefficient use of resources given the extensive requirements for certification and the additional rounds of briefing that would be required. We also do not believe that discovery will

be meaningfully narrowed by a favorable ruling on certification. We therefore agree that discovery should proceed and the "question of the availability of actual damages can be resolved later, if necessary, by the trial court." State's Submission at 2. In fact, Defendants communicated this position to Iowa counsel in Defendants' draft proposed Case Management Order, which we provided to the State on July 18, 2008. Therein, we offered the following language:

> The parties have conferred and agreed that certification to the Iowa Supreme Court of the question of whether or not the State of Iowa may seek damages on its own behalf under the Iowa Consumer Fraud Statute will cause undue delay and will not meaningfully reduce the scope of discovery in this case, and is therefore not appropriate at this juncture.

As the parties agreed to request, and did receive, a 10-day extension of time to file our proposed CMO, we are unclear why the State prematurely filed a unilateral submission on this issue.

**II.     The State Offers No New Arguments As To The Availability Of Actual Damages Under The CFA**

The State uses its submission to rehash its argument that Iowa and its agencies fall within the definition "person" under the CFA. The State offers no new argument on this point, focusing on the difference between "means" and "includes." But the State fails to address the essential line of cases under which Iowa courts have held that to extend coverage under a statute to a non-enumerated entity, that entity must be of the same class and type as the enumerated entities. *See* Defendants' Reply at 6.

**III.    The State Fails To Demonstrate Any Instance Where It Has Successfully Pursued Actual Damages Under the CFA On Its Own Behalf**

After multiple rounds of briefing and oral argument before the Court, the State now - for the first time - points to other matters where the State allegedly has claimed damages on its own behalf under the CFA. In none of these cases was Iowa's ability to recoup actual damages under the CFA actually litigated. In fact, it is not even clear from reading the attached

complaints that Iowa was actually seeking CFA damages on its own behalf in these cases. This additional "authority" should not be considered by this Court.

### A. Pharmaceutical Cases

The State's Exhibits F through J are nothing more than <u>complaints</u>, each with multiple state plaintiffs, none of which were filed in Iowa. Each of the five pharmaceutical cases were brought by large numbers of State Attorneys General alleging claims under federal and state antitrust laws, consumer protection, and unfair competition laws. Other states, unlike Iowa, clearly permit the state to recover actual damages under their state consumer protection statutes, which explains why language about actual damages to states might be included in the narrative sections of such a multi-party complaint. However, the fact that Iowa was a party to these complaints does not prove it can seek actual damages under the Iowa CFA. Indeed, if one closely reviews the claimed relief in each of the complaints the State cites, it is not clear that Iowa sought actual damages for harm to state agencies in any of these cases. All the applicable requests for relief by Iowa simply incorporate by reference the prior paragraphs and then seek relief under "the Iowa Consumer Protection Act." These requests for damages could just as easily be read to apply only to consumers in the state of Iowa. Moreover, some of these cases were settled, or otherwise disposed, of within <u>days</u> of filing the complaints.[1] The existence of these complaints proves nothing, and is in fact further evidence of the weakness of Iowa's position. Iowa is grasping at straws here.

---

[1] *See, e.g., State of Maryland et al. v. Perrigo Co. and Alpharma, Inc.*, No. 1:04-CV-01398 (D.D.C. Aug. 17, 2004) (motion for stipulated permanent injunction filed seven days after the complaint was filed); Exhibit A; *State of Ohio et al. v. Bristol-Myers Squibb Co.*, No. 02-CV-01080 (D.D.C. April 24, 2003) (Order preliminarily approving proposed settlement on May 13, 2003); Exhibit B.

### B. Body Armor Case

Iowa discusses but does not supply this case, apparently filed in Bankruptcy Court in Michigan. We could not find any record of Iowa being party to this case in the Western District of Michigan. *See* Exhibit C (snapshot of Western District of Michigan Bankruptcy court Pacer docket from the date (May 27, 2005) Iowa claims to have filed a complaint). Regardless, as discussed above, the existence of such a claim proves nothing.

### C. Tobacco Case

Defendants described in our July 11, 2008 Notice of Supplemental Authority, that the tobacco case alluded to at oral argument by Iowa counsel did not seek actual CFA damages on behalf of the State. We quoted the applicable language in our prior filing and supplied the tobacco complaint. Any fair reading of that complaint shows that Iowa did not seek CFA damages on its own behalf in that case, Iowa's assertions to the contrary notwithstanding. A request for an order of "disgorgement" of profits for the benefit of the State's consumers is not a claim for compensatory damages on behalf of the State.[2]

## CONCLUSION

Defendants agree with the State that, for sake of efficiency, the question of the State's ability to recover actual damages under the CFA should not be certified to the Iowa Supreme Court, and should grant Defendants' motion to dismiss the State's CFA claims.

---

[2] In its tobacco complaint, Iowa's CFA disgorgement request was worded as follows: "Additionally, the State of Iowa, pursuant to the Iowa Consumer Fraud Act. . . seeks to disgorge from the Defendants all monies which they acquired through their unlawful practices <u>and to restore said monies to the consumers of Iowa from whom it (*sic*) was unlawfully acquired</u>." (Defendants' Notice of Supplemental Authority, Exhibit A, Introduction, ¶ 2) (emphasis added).

Respectfully submitted,

| | |
|---|---|
| Dated: July 25, 2008 | **/s/ J. Andrew Jackson**<br>J. Andrew Jackson<br>Tina D. Reynolds<br>Shamir Patel<br>**DICKSTEIN SHAPIRO LLP**<br>1825 Eye Street NW<br>Washington, DC 20006<br>Telephone: (202) 420-2200<br>Facsimile: (202) 420-2201<br><br>**/s/ Peter E. Gelhaar**<br>Peter E. Gelhaar (BBO #188310)<br>**DONNELLY, CONROY & GELHAAR, LLP**<br>One Beacon Street, 33rd Floor<br>Boston, MA 02108<br>Telephone: (617) 720-2880<br>Facsimile: (617) 720-3554<br><br>Counsel for Defendants Baxter Healthcare Corporation and Baxter International Inc. and on behalf of:<br><br>Abbott Laboratories, Inc.<br>Agouron Pharmaceuticals, Inc.<br>Alpharma, Inc.<br>ALZA Corporation<br>Amgen Inc.<br>AstraZeneca LP<br>AstraZeneca Pharmaceuticals, LP<br>Aventis Behring LLC (n/k/a ZLB Behring LLC)<br>Aventis Pharmaceuticals, Inc.<br>Barr Laboratories, Inc.<br>Baxter Healthcare Corporation<br>Baxter International Inc.<br>Bayer Corporation<br>Bayer Pharmaceuticals Corporation<br>Ben Venue Laboratories, Inc.<br>Boehringer Ingelheim Corporation<br>Boehringer Ingelheim Pharmaceuticals, Inc.<br>Bristol-Myers Squibb Company<br>Chiron Corporation<br>Dey, Inc.<br>Dey, L.P.<br>Eli Lilly and Company<br>Endo Pharmaceuticals Inc.<br>Ethex Corporation<br>Ethicon, Inc. |

| | |
|---|---|
| | Forest Laboratories<br>Forest Pharmaceuticals, Inc.<br>Geneva Pharmaceuticals, Inc.<br>Greenstone LTD.<br>Hoffmann-La Roche Inc.<br>Immunex Corporation<br>Ivax Corp.<br>Ivax Pharmaceuticals, Inc.<br>Janssen L.P.<br>Johnson & Johnson<br>King Pharmaceuticals, Inc.<br>King Research and Development<br>McNeil-PPC, Inc.<br>MedImmune, Inc.<br>Merck & Co., Inc.<br>Monarch Pharmaceuticals, Inc.<br>Mylan Laboratories Inc.<br>Mylan Pharmaceuticals Inc.<br>Novartis Pharmaceuticals Corporation<br>Novopharm USA, Inc.<br>Oncology Therapeutics Network Corporation<br>Ortho-Biotech Products, L.P.<br>Ortho-McNeil Pharmaceutical, Inc.<br>Par Pharmaceutical Companies, Inc.<br>Par Pharmaceutical, Inc.<br>Pfizer Inc.<br>Pharmacia Corporation<br>Purdue Pharma L.P.<br>Purepac Pharmaceutical, Co.<br>Roche Laboratories Inc.<br>Roxane Laboratories, Inc. (N/K/A Boehringer Ingelheim Roxane, Inc.)<br>Sandoz Inc.<br>Schering Corporation<br>Schering-Plough Corp.<br>Sicor, Inc.<br>SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK")<br>TAP Pharmaceutical Products Inc.<br>Teva Pharmaceuticals USA, Inc.<br>UDL Laboratories, Inc.<br>Warrick Pharmaceuticals Corporation<br>Watson Pharma, Inc.<br>Watson Pharmaceuticals, Inc.<br>Wyeth<br>Wyeth Pharmaceuticals, Inc. |

DSMDB-2474940v01

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of DEFENDANTS' RESPONSE TO THE STATE OF IOWA'S SUBMISSION REGARDING CERTIFICATION was delivered to all counsel of record by sending a copy to LexisNexis File and Serve, on July 25, 2008, for posting and notification to all parties.

July 25, 2008                              /s/ Shamir Patel
                                           Shamir Patel