# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> _____ <br><br> THIS DOCUMENT RELATES TO: <br><br> *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc., et al., v. Abbott Laboratories, Inc., et al.* | MDL DOCKET NO. 1456 <br><br> Civil Action No. 06-CV-11337 <br> Lead Case No. 01-CV-12257 <br><br> Judge Patti B. Saris <br><br> Magistrate Judge Marianne B. Bowler <br><br> **LEAVE TO FILE GRANTED ON 7/28/2008** |

## ABBOTT LABORATORIES INC.'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION TO AMEND CMO-29 AND REQUEST FOR EXPEDITED RELIEF

Instead of responding to the specific issues raised in Abbott's Emergency Motion (Dkt. No. 5407), Plaintiffs' Opposition (Dkt. No. 5422) rehashes their theory of liability and their displeasure with Abbott's production of documents. These ruminations, however, do not address the Emergency Motion's central contentions: (i) Abbott must be provided with sufficient time to review and respond to the Government's voluminous Expert Reports; and (ii) Abbott's proposed schedule does no harm to the overall schedule in the case. Indeed, the Government's continued intransigence is even more baffling in light of discussions, just today, that make clear that the Government is actually seeking to extend dates.

## ARGUMENT

Plaintiffs essentially concede that one month is not enough time for Abbott's experts to meaningfully respond to the avalanche of materials proffered by Drs. Duggan, Marmor, Perri, and Schondelmeyer (the "Government Experts"). Indeed, Plaintiffs say not a word regarding the massive scope of their Expert Reports and expert production (s*ee* Emergency Motion at 2, 4-5), the prejudice caused by the Government's production of highly relevant Medicaid Claims Data

after the close of discovery (*see id.* at 5-6), or the additional prejudice suffered as a result of Plaintiffs' failure to clearly articulate a damages model prior to the production of their Expert Reports (*see id.* at 6-7). Instead, Plaintiffs erroneously contend that (i) the proposed amendment to CMO-29 would impede the resolution of this case, and (ii) Abbott has already conducted extensive discovery involving the Government Experts' opinions. Both are wrong.

*First*, the argument that the proposed extension impedes progress towards the resolution of the case is disingenuous, for any of three reasons:

- After Abbott filed its Emergency Motion, Abbott learned that the Government needed to reschedule Dr. Schondelmeyer's deposition, which was originally set for July 7-8, 2008, due to a death in Dr. Schondelmeyer's family. The parties are working to reschedule the deposition for August. While there is no question Dr. Schondelmeyer's deposition should and will be postponed, it is regrettable that the Government nonetheless continues to press for a schedule that would leave Abbott without the opportunity to depose Dr. Schondelmeyer before it must submit its expert reports. (Abbott contacted the Government again this morning about this inconsistency, but the Government would not be moved.)

- Abbott's requested relief would not set back the summary judgment schedule, nor would it impair the mediation schedule. The summary judgment schedule, under Abbott's proposal, would not move. Mediation, pursuant to CMO-29 (as amended), is tied to the close of expert discovery – and plaintiffs cannot seriously contend that twelve additional days added at the end of expert discovery will significantly impede their overall ability to prepare for that mediation.

- In any event, the Government *just this morning* (less than 24 hours after filing its opposition to Abbott's emergency motion) proposed an entirely new schedule for this case, which would *move opening briefs for summary judgment back* to May 15, 1999 – about 7 months from the current due date, *while leaving Abbott's expert reports due on July 21, 2008*. For the Government to nonetheless contend in response to Abbott's emergency motion that the current schedule is (somehow) sacrosanct is, to put it mildly, hypocritical.

*Second*, the argument that Abbott has already conducted extensive discovery involving the Government Experts erroneously conflates the 50 distinct Medicaid programs and Medicare program at issue in this case. Not only does it conflate the 51 distinct programs, it improperly conflates those programs with Texas Medicaid – a unique and thus inappropriate model upon

which to base any opinion on non-Texas Medicaid programs and Medicare.  Indeed, as Plaintiffs' own expert explains, Texas Medicaid has several "distinctive features with respect to [its] approach to estimating acquisition costs," which set its reimbursement policies and practices apart from all other state Medicaid programs.  (*See* excerpt of July 20, 2007 Expert Report of Stephen W. Schondelmeyer, at ¶ 97 (noting that Texas Medicaid "used a unique pricing concept" which used a drug price database "maintained by the Texas VDP, rather than by an outside vendor, such as First DataBank) (Reply Ex. A).  Even assuming that the previous Texas expert reports somehow put Abbott on notice of the Government Experts' opinions regarding Texas Medicaid in this distinct litigation, Abbott's experts still have to address the Government Experts' new and discrete opinions regarding the *additional 49 Medicaid programs and the entirety of Medicare* (a completely different entitlement program that was not addressed by the expert reports tendered in the Texas case).[1]  (*See also* Emergency Motion at 8 n.10.)  Simply put, Texas Medicaid provides a overly narrow and uniquely poor model upon which Abbott experts could have predicted the Government Experts' opinions regarding reimbursement by the 49 other Medicaid programs or the federal Medicare program at issue in this litigation.

## CONCLUSION

For all these reasons, Abbott's Laboratories Inc.'s Emergency Motion To Amend CMO-29 And Request For Expedited Relief should be granted.

---

[1] And must do so without Medicaid claims data for over half of the state Medicaid programs.  (*See* Emergency Motion at 5-6.)

| | |
|---|---|
| Dated: July 3, 2008 | Respectfully submitted,<br><br>/s/ Toni-Ann Citera<br>James R. Daly<br>Jason G. Winchester<br>JONES DAY<br>77 W. Wacker Dr., Suite 3500<br>Chicago, Illinois  60601-1692<br>Telephone: (312) 782-3939<br>Fax:  (312) 782-8585<br><br>Toni Ann Citera<br>JONES DAY<br>222 East 41st Street<br>New York, New York  10017-6702<br>Telephone: (212) 326-3939<br>Fax: (212) 755-7306<br><br>R. Christopher Cook<br>David S. Torborg<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C.  20001-2113<br>Telephone:  (202) 879-3939<br>Fax:  (202) 626-1700<br><br>*Attorneys for Abbott Laboratories Inc.* |

**CERTIFICATE OF SERVICE**

   The undersigned, an attorney, hereby certifies that on July 3, 2008, the foregoing ABBOTT LABORATORIES INC.'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION TO AMEND CMO-29 AND REQUEST FOR EXPEDITED RELIEF was served upon all counsel of record in this action electronically by posting a true and correct copy of same via Lexis-Nexis.

                 /s/ Brian J. Murray