UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*U.S. ex rel. Ven-a-Care of the Florida Keys, Inc. V. Abbott Laboratories, Inc.*<br>*No. 07-CV-11618-PBS* | MDL No. 1456<br>Civil Action No. 01-12257-PBS<br><br>Hon. Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

**MOTION FOR ENTRY OF CASE MANAGEMENT ORDER**

The Relator, Ven-a-Care of the Florida Keys, Inc. ("Ven-a-Care" or the "Relator"), through its undersigned counsel respectfully files this Motion for Entry of Case Management Order and states:

**Background**

Ven-a-Care filed its pertinent Complaint on August 30, 2007.[1] This Complaint urged claims against Abbott Laboratories, Inc. ("Abbott") pertaining to drugs known as Erythromycin (referred to as "Ery") products. Subsequently, Abbott filed a Motion to Dismiss. On March 14, 2008, the Court denied Abbott's Motion to Dismiss Ven-A-Care's Complaint and ordered the parties to propose a discovery schedule. The parties initiated discussions of case management. On April 14, 2008, Abbott filed a Request for Certification Pursuant to § 1292(b) and Stay of Discovery. Ven-A-Care filed its opposition to the Request on April 29, 2008. Abbott sought leave to file a relatively extensive reply brief, with exhibits, on May 9, 2008. Ven-A-Care did not oppose the motion for leave, but requested leave to file a surreply brief which the Court

---

[1] Ven-a-Care's claims against Abbott in this matter were filed on February 15, 2001 under seal before U.S. District Judge Lasker in the District of Massachusetts (Case No. 00-CV-10698).

1

granted on June 10, 2008.  The briefing was completed and on July 15, 2008 the Court denied Abbott's Request for Certification Pursuant to § 1292(b) and Stay of Discovery.

During the course of this delay in discovery, the Relator conferred on multiple occasions with Abbott about initiating discovery.  Abbott generally opposed moving forward with discovery pending resolution of its request for interlocutory appeal and its request for a stay of discovery.  During this time no Case Management Order ("CMO") has been entered.  As recently as Friday August 1, 2008, counsel for the Relator and Abbott conferred yet again about a CMO.  Pursuant to direction provided by the Court at the July 24, 2008 hearing, Counsel for the Relator urged a CMO which aligned this case with the other federal cases asserting False Claims Act claims.  Abbott disagreed and an agreement concerning a proposed CMO was not reached.

## Argument

By this Motion, Relator seeks the entry of a CMO.  Importantly, the Relator seeks a discovery period which will enable this Ery case to be a part of the summary judgment proceedings scheduled by this Court on the other Ven-a-Care federal cases.  This approach has already been favored by this Court with respect to the other Abbott case, the Dey case and the Roxane case.  On July 24, 2008 the Court held a hearing on the scheduling of cases pending in MDL 1456 which involve claims brought by or for the benefit of the United States.  The Court directed the parties in *United States ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Abbott Laboratories, Inc.,* Civil Action No. 06-11337-PBS (the "Abbott"), *United States ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Dey, Inc.,* Civil Action No. 05-11084-PBS (the "Dey" case), and *United States ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corp., et al.,* Civil Action No. 07-10248-PBS (the "Roxane" case) to coordinate their

discovery and summary judgment proceedings.  The Court also directed that this case, *United States ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Abbott Laboratories, Inc.*, Civil Action No. 07-11618-PBS (the "Ery" case), be coordinated with these other three cases; at least as to all state Medicaid discovery.[2]  Specifically, the Court stated it would not "redo" the issues with erythromycin.  (See Exhibit 1 at pp. 35-36).  This position was consistent with the Court's repeated comments to the effect that discovery and summary judgment proceedings should not be conducted twice.  (See Exhibit 1 at pp. 12, 15, 16, 19, and 32).

The Court set dates as follows:

| | |
|---|---|
| May 30, 2009 | Motions for summary judgment shall be filed. |
| June 30, 2009 | Responses to motions for summary judgment shall be filed. |
| July 15, 2009 | Reply memoranda, if any, shall be filed. |
| July 30, 2009 | Sur-reply memoranda, if any, shall be filed. |
| September 17, 2009 (2:00pm) | Hearing on motions for summary judgment |

These dates have been incorporated into Relator's proposed Case Management Order which is attached.  (See Exhibit 2).  Other dates proposed by Relator arise from Abbott's own suggestions for discovery deadlines.  For instance, in May of this year, Abbott's counsel suggested a fact discovery close date of November 28, 2008.  Relator has chosen to adopt Abbott's previously proposed deadline for fact discovery.

Relator's proposed schedule also should be accepted because of the unique posture of this case in relation to the other cases involving claims on behalf of the federal government.  This case does not justify much new discovery, particularly from the perspective of Abbott,

---

[2]  This state Medicaid discovery has already begun.  Additional state Medicaid depositions are set to occur in September and October of this year.  Document production by state Medicaid programs has been requested by Defendants.

3

because an incredible breadth of discovery of the government and its Medicaid program has already been conducted by Abbott. Voluminous production by the United States and various states has been made to Abbott. Dozens and dozens of depositions of government officials and personnel have been taken by Abbott.  Additionally, other defendant drug companies, such as other defendants (ie., Dey and Roxane) in the cases brought by or for the United States, jointly conducted this extensive discovery of Medicaid with Abbott.  To the extent Abbott claims its Ery drugs are different than its infusion or injectable products this added defendant discovery is important because Dey and Roxane have sought discovery about self-administered drugs (ie., pills and capsules) similar to Abbott's Ery products.  Lastly, Abbott itself has conducted discovery concerning its Ery drugs.  Specific questioning of Ven-a-Care witnesses has already been conducted in the MDL by Abbott.

## Conclusion and Request for Relief

An impasse has been reached between Relator and Abbott as to the parameters of a discovery schedule and the entrance of a CMO.  Now that Abbott's requested appeal and stay of discovery has been denied, Relator requests the entry of Relator's proposed CMO; thereby enabling this Ery case to have its summary judgment issues heard in connection with the other cases brought by or for the United States.  This approach will prevent the risk of two differing factual records as well as prevent the unnecessary waste of judicial resources on duplicative proceedings.

Respectfully submitted,

For Ven-a-Care of the Florida Keys, Inc.

/s/ Jarrett Anderson

C. Jarrett Anderson
Anderson LLC
208 West 14th Street, Suite 203
Austin, TX  78701
Phone:  512-469-9191
FAX:  512-532-0585
EMAIL:  jarrett@anderson-llc.com

Susan Schneider Thomas
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Phone: 215-875-5711
FAX: 215-875-4673
EMAIL: sthomas@bm.net

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above **MOTION FOR ENTRY OF CASE MANAGEMENT ORDER** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

      /s/ Jarrett Anderson

Dated: AUGUST 6, 2008