UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti B. Saris |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, Civil Action No. 06–CV-11337-PBS | |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS; and | |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corp., et al.*, Civil Action No. 07-10248-PBS | |

**UNITED STATES' STATEMENT REGARDING THE COURT'S PRIOR RULINGS**

During the July 24, 2008 hearing on Abbott Laboratories, Inc.'s (Abbott) petition for certification for interlocutory appeal, the Court asked the United States to file a statement about whether the government is contesting the Court's adoption of a spread threshold in determining liability and damages in other AWP fraud cases. *See* 491 F. Supp. 2d 20, 92 (D. Mass. 2007). The Court sought this information to aid it in considering Abbott's motion to compel the production of non-Abbott deliberative process materials. As noted at the hearing, the government's cases involve drugs with megaspreads well above the spread thresholds identified in the prior AWP trial. These megaspread drugs have AWPs completely divorced from their actual, market prices.

In addition, as part of its damages calculation, the government added a 25% markup to

Abbott's actual market prices when determining a substitute AWP.  Thus, the United States' damages expert calculated an alternative AWP in the Abbott case that was 125% of the market-based transaction price(s) derived from Abbott's transactional records.  The United States will follow that same methodology in the Dey and Roxane cases, thus giving defendants the benefit of an imputed formulaic spread of 25%.  For example, if the actual acquisition cost for a drug was $5, the United States calculated a "real" AWP of $6.25 for damages calculation purposes.  In short, the United States's damages calculations take into account the typical differential between a manufacturer's reported prices and AWP.[1]

The United States' oppositions to Abbott's various motions to compel production of deliberative process materials and information – the impetus for the Court requesting this statement – were not premised on challenging *any* of the Court's rulings in other AWP matters in this multi-district litigation (MDL). The government opposed the deliberative process privilege challenges because the non-Abbott materials sought by Abbott were (1) outside the scope of this case, (2) privileged and (3) irrelevant to the issue of whether the government knew of and approved the specific conduct by Abbott set forth in the government's complaint in this matter.

---

[1] Further, the United States noted in its *amicus curiae* brief on how to interpret the words "national average wholesale price" as they appeared in federal law after the passage of the 1997 Balanced Budget Act, a plain meaning construction of average wholesale price could reflect a range of prices consistent with the reasonable charge principles guiding the Medicare Part B payment scheme.  Indeed, in the Abbott case, the United States often used retail pharmacy prices in determining damages, which – in the range of potential actual acquisition costs – were on the high end and then applied the 25% markup to determine the "real" AWP.

Respectfully submitted,

| For the United States of America, | GREGORY G. KATSAS |
|---|---|
| | ASSISTANT ATTORNEY GENERAL |

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

/s/ Gejaa T. Gobena

George B. Henderson, II
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3272
Fax: (617) 748-3971

Joyce R. Branda
Daniel R. Anderson
Renée Brooker
Justin Draycott
Rebecca A. Ford
Gejaa T. Gobena
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, DC  20044
Phone:  (202) 307-1088
Fax: (202) 307-3852

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Mark A. Lavine
Ana Maria Martinez
Ann St. Peter-Griffith
Special Assistant U.S. Attorneys
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

Dated: August 7, 2008

## CERTIFICATE OF SERVICE

     I hereby certify that I have this day caused an electronic copy of the above **UNITED STATES' STATEMENT REGARDING THE COURT'S PRIOR RULINGS** , to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

|  |  |
|---|---|
|  | /s/   Gejaa T. Gobena |
| Dated: August 7, 2008 | Gejaa T. Gobena |