UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Magistrate Judge Marianne B. Bowler |
| *Inc., Zachary T. Bentley, and T. Mark Jones* | ) | |
| *v. Abbott Laboratories, Inc.*, | ) | |
| No. 07-CV-11618-PBS | ) | |

### ABBOTT LABORATORIES INC.'S
### MOTION FOR ENTRY OF CASE MANAGEMENT ORDER

Ven-A-Care alone brings this case – another so-called AWP case, but involving only Abbott's self-administered Erythromycin ("Ery") drugs and the Medicaid program.  Ven-A-Care's case is fatally flawed in many ways, and the United States had ample reasons not to intervene.  Two issues, however, particularly merit early disposition here:  the lack of jurisdiction because Ven-A-Care is not the original source of these allegations and the wholesale inadequacy of Ven-A-Care's damage methodology.  Abbott seeks a case management order ("CMO") that would permit the parties to address and resolve these two issues early in the case or, in the alternative, at least would permit an appropriate amount of time for discovery in this new case.

First, Ven-A-Care, a former home infusion pharmacy now acting solely as a whistleblower litigant, brought this case in 2001, after there was, according to this Court's own description, a "perfect storm" of government knowledge concerning the existence of large spreads between AWP and providers' actual acquisition costs (*see In re Pharm. Indus. Average Wholesale Price Litig.*, 491 F. Supp. 2d 20, 40 (D. Mass. 2007)).[1]  Indeed, all of the information

---

[1] Ven-A-Care filed its claims against Abbott in 2001 under seal, which was not lifted until August 2007.

upon which the allegations in this case are based was publicly disclosed, and Ven-A-Care, having likely never dispensed the form of self-administered Ery products at issue in this case, was not the original source of that information. Rather, Ven-A-Care appears to have merely pieced together its allegations from information in the public domain and, therefore, lacks the requisite "direct and independent knowledge of the information on which the allegations are based." As a result, this Court lacks subject matter jurisdiction under 31 U.S.C. § 3730(e)(4).

Second, Ven-A-Care has indicated that its damages model will not account for the fact that the Ery products at issue here are often subject to state maximum allowable costs ("MACs") or federal upper limits ("FULs"). Medicaid payments for the Ery drugs were often based on MACs and FULs, which were calculated from prices unrelated to Abbott's reported prices. Accordingly, there would often be no damages even if Ven-A-Care could prove its allegations. Ven-A-Care, however, has stated that it will apply its usual damages computation to this case – subtracting the EAC recalculated based on what Ven-A-Care claims should have been Abbott's reported prices from the actual Medicaid payment. This formula is wholly insufficient and does not state the correct "but-for" world. Ven-A-Care's model fails to account for how its "but-for" prices would affect the MACs and FULs that are often the basis of reimbursement for the Ery products.

Abbott hereby moves this Court to enter Abbott's proposed CMO (hereto attached as Exhibit 1), which, as contemplated by Local Rule 26.3, first permits discovery and dispositive motions of the jurisdictional original source requirement of 31 U.S.C. § 3730(e)(4)(A) and the viability of Ven-A-Care's damages methodology. The Court should resolve these issues before the parties proceed with other discovery. Abbott's proposed CMO, accordingly, provides for the most efficient and reasonably timed schedule.

Alternatively, Abbott requests that, if the Court declines to enter Abbott's phased discovery schedule, the Court enter the proposed CMO attached as Exhibit 2. This alternative CMO does not bifurcate discovery, but allows more time for fact discovery than does Ven-A-Care's very aggressive and unrealistic proposed CMO. With its proposed CMO, Ven-A-Care tries to consolidate this case with the long-litigated DOJ case against Abbott, but this Ery case has just begun.

The grounds for this motion are stated in the Memorandum In Support Of Abbott Laboratories Inc.'s Motion For Entry Of Case Management Order filed contemporaneously with this motion.

WHEREFORE, for the reasons set forth in this motion and Abbott's contemporaneously filed memorandum, Abbott respectfully requests that the Court enter Abbott's proposed CMO.

Dated: August 7, 2008

Respectfully submitted,

/s/ Brian J. Murray
James R. Daly
Eric P. Berlin
Brian J. Murray
Tara A. Fumerton
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

*Counsel for Defendant Abbott Laboratories Inc.*

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Abbott hereby requests a hearing for oral argument on this motion to dismiss.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I certify that the moving party has communicated with counsel for Plaintiff in an effort to resolve the dispute referred to in this motion, and that the parties have not been able to reach agreement with respect thereto.

          /s/ Tara A. Fumerton

## CERTIFICATE OF SERVICE

I, Tara A. Fumerton, an attorney, hereby certify that I caused a true and correct copy of the foregoing **Abbott Laboratories Inc.'s Motion for Case Management Order** to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 7th day of August, 2008.

          /s/ Tara A. Fumerton