## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 Master File No.: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: *State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

## DEFENDANTS' MOTION FOR ENTRY OF IOWA CASE MANAGEMENT ORDER

Per this Court's request, Defendants and Plaintiff, the State of Iowa, have conferred and have jointly created a proposed Case Management Order, attached as Exhibit A. The parties agree on a number of issues, but a few items remain in dispute.[1] Defendants explain our position regarding the disputed language below. The numbering tracks the paragraph numbering in the proposed CMO.

**Paragraphs 2(A)& (B).** Iowa proposes to include language in this CMO that defines the terms "confidential" and "highly confidential" in a way that is inconsistent with the definitions in the existing operative protective order. Defendants take the position that the December 13, 2002 MDL Protective Order (Docket No. 276), as amended on June 8, 2004 and March 24, 2005 ("MDL Protective Order"), should govern in the Iowa AG action, as it has governed most other AG actions before this Court, including the Consolidated New York Counties litigation, which is being prosecuted by the same counsel. *See* MDL Protective Order, ¶ 1 ("This Protective Order shall apply to the actions that have been consolidated for pretrial proceedings as *In re*

---

[1] As indicated in the proposed CMO, the disputed language appears in bold (provisions Defendants request) and italics (provisions Plaintiff requests).

*Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 01-12257-PBS and all future actions that are transferred to MDL No. 1456 for coordinated or consolidated pretrial proceedings. . . .").  Defendants relied on the definitions of "confidential" and "highly confidential" in the MDL Protective Order in preparing their MDL document productions, which Iowa seeks in Paragraph 3 of the Proposed Iowa CMO (Exhibit A).  Iowa offers no compelling explanation for why the definitions of "confidential" and "highly confidential" should be changed now.  Counsel for the Plaintiff has operated under the MDL Protective Order in the Consolidated New York Counties litigation and, to our knowledge, has not complained to this Court of any burden or problem associated with confidentiality designations in that matter.

**Paragraph 2(C).**  Iowa has not demonstrated any compelling reason why "law enforcement," as it has very broadly defined the term, needs to have access to documents produced in this litigation.  States that have filed AWP suits can serve, and have served, their own discovery requests.  However, there is simply no reason for Iowa's counsel to share documents with states that have not yet filed AWP suits, other than to drum up additional business, contrary to Paragraph 8 of the MDL Protective Order.  Defendants' documents are not marketing tools, and should not be permitted to be used as such.  Finally, it is worth noting that no other state AG case pending before this Court has ever had such an overbroad "sharing" provision.

**Paragraph 3.**  Iowa seeks a blanket presumption that documents older than five years are non-confidential, notwithstanding contrary designations.  Such a sweeping directive is not appropriate in the context of this CMO.  There are a number of reasons that documents older than five years remain commercially and competitively sensitive and should retain their

2

DSMDB-2479149v02

confidentiality designations. Confidential and competitively sensitive information does not necessarily lose its importance with the passage of time. Pharmaceutical companies often develop pricing, contracting, and marketing strategies over time by building on and refining strategies from past years. Thus, strategic information from prior years may reveal the evolution of the company's strategy and provide valuable insight into the future direction the company will follow.

For example, some competitively sensitive information, such as the structure or architecture of contracts, remains essentially the same over a period of five or ten years or more. This is particularly true in market segments such as hospitals or PBMs. Public disclosure of drafts of contracts, in particular, would permit competitors and customers to ascertain a company's negotiation strategies and thus place that company at a competitive disadvantage. Further, for brand companies, business and marketing plans for patented products are often created in advance of launch, and change only incrementally over the life of the product. The disclosure of such documents to therapeutic competitors would reveal extremely sensitive information, as would disclosure of contracts reflecting pricing or rebate strategies. Generic companies also have business and marketing plans for anticipated new product launches or patent challenges that address time periods far into the future, certainly beyond five years. Strategies for the launch of a new product in a particular therapeutic area are often based on strategies of other products from that therapeutic area launched years before. The pricing, contracting, and marketing strategies for a line extension of a product may also borrow heavily from the strategies employed for the original product.

Because of the individualized concerns that exist, we have proposed to Iowa that it instead follow the approach that has been used successfully in the Pennsylvania and Wisconsin

DSMDB-2479149v02

AG actions.  In those cases, defendants individually negotiated with the plaintiffs to come to agreements regarding confidentiality.  Some defendants simply agreed that all documents older than five years could be presumed non-confidential.  Other defendants requested narrow exceptions to the presumption, with which the states agreed.  Some defendants re-reviewed their entire productions, ensuring that documents marked confidential were current or reflected on current practices.  It would be particularly unfair to these defendants to have wasted the time and expense they incurred in these re-reviews because of a subsequent blanket presumption.

A more individualized approach would permit Defendants to preserve confidentiality in appropriate circumstances while giving the State the additional flexibility to use documents more freely.  If the State cannot reach an agreement with a particular Defendant, then the State can raise an objection with the Court.  We therefore ask the Court not to accept Iowa's language and instead, if Iowa wants to seek de-designation, it may negotiate individually with the Defendants or follow the procedures that already exist in the MDL Protective Order (*see* MDL Protective Order, ¶17).

Finally, Iowa has not articulated any burden associated with continuing to recognize the confidentiality of older documents.  Counsel for Iowa does not operate with a blanket de-designation provision in the Consolidated New York County cases, and to our knowledge has not raised any concerns in that case because of confidentiality designations.  The risk of releasing competitively sensitive information to a company's competitors is simply too great, and the burden of preserving confidentiality too small, to justify adoption of Iowa's proposed provision in this CMO.

**Paragraph 4.**  Iowa seeks access to all depositions and exhibits generated in any other AWP, WAC, or DP lawsuit or investigation.  Defendants are not opposed to producing

DSMDB-2479149v02

deposition transcripts and exhibits to Iowa where appropriate, but believe the proper vehicle for such an exchange is through a document production request in accordance with the Federal Rules of Civil Procedure.  The exceptions as articulated by Iowa in sub-paragraphs 4(A)&(B) are subject to differing interpretations and are confusing.  Defendants respectfully request the Court not to include Paragraph 4 in its Iowa CMO and instead to afford those Defendants with appropriate objections the opportunity to respond to Iowa's requests.

**Paragraph 6.**  Iowa seeks AMP data through this CMO.  As with the deposition transcripts discussed in connection with Paragraph 4, AMP information is more properly the subject of requests for document production directed to the Defendants, so that Defendants with unique objections can interpose them through the discovery process.  Further, Iowa is not entitled to damages for the entire time period 1992 through 2003, so it is not entitled to AMPs for that entire time period.

**Paragraph 10.**  Defendants seek the inclusion of a stay of discovery pending a ruling on Defendants' motions to dismiss Iowa's complaint.  We do not believe that it is proper to move forward with discovery at this time, considering that Defendants will not provide Answers or Rule 26(a) disclosures until after a ruling on motions to dismiss (*see* ¶¶ 9 and 14 of Proposed Iowa CMO).  After this Court decides the motions to dismiss, certain Defendants may not be subject to discovery at all or may have drugs that are not subject to discovery.  We believe that awaiting a decision on Defendants' motions to dismiss is more efficient for all concerned and will not cause undue delay.

DSMDB-2479149v02

Respectfully submitted,

| Dated:  August 8, 2008 | **/s/ J. Andrew Jackson** |
| | J. Andrew Jackson |
| | Tina D. Reynolds |
| | Shamir Patel |
| | **DICKSTEIN SHAPIRO LLP** |
| | 1825 Eye Street NW |
| | Washington, DC 20006 |
| | Telephone:  (202) 420-2200 |
| | Facsimile:   (202) 420-2201 |
| | |
| | **/s/ Peter E. Gelhaar** |
| | Peter E. Gelhaar (BBO #188310) |
| | **DONNELLY, CONROY & GELHAAR, LLP** |
| | One Beacon Street, 33rd Floor |
| | Boston, MA 02108 |
| | Telephone: (617) 720-2880 |
| | Facsimile:  (617) 720-3554 |
| | |
| | Counsel for Defendants Baxter Healthcare Corporation and Baxter International Inc. and on behalf of: |
| | |
| | Abbott Laboratories, Inc. |
| | Agouron Pharmaceuticals, Inc. |
| | Alpharma, Inc. |
| | ALZA Corporation |
| | Amgen Inc. |
| | AstraZeneca LP |
| | AstraZeneca Pharmaceuticals, LP |
| | Aventis Behring LLC (n/k/a ZLB Behring LLC) |
| | Aventis Pharmaceuticals, Inc. |
| | Barr Laboratories, Inc. |
| | Baxter Healthcare Corporation |
| | Baxter International Inc. |
| | Bayer Corporation |
| | Bayer Pharmaceuticals Corporation |
| | Ben Venue Laboratories, Inc. |
| | Boehringer Ingelheim Corporation |
| | Boehringer Ingelheim Pharmaceuticals, Inc. |
| | Bristol-Myers Squibb Company |
| | Chiron Corporation |
| | Dey, Inc. |
| | Dey, L.P. |
| | Eli Lilly and Company |
| | Endo Pharmaceuticals Inc. |

DSMDB-2479149v02

| | |
|---|---|
| | Ethex Corporation<br>Ethicon, Inc.<br>Forest Laboratories<br>Forest Pharmaceuticals, Inc.<br>Geneva Pharmaceuticals, Inc.<br>Greenstone LTD.<br>Hoffmann-La Roche Inc.<br>Immunex Corporation<br>Ivax Corp.<br>Ivax Pharmaceuticals, Inc.<br>Janssen L.P.<br>Johnson & Johnson<br>King Pharmaceuticals, Inc.<br>King Research and Development<br>McNeil-PPC, Inc.<br>MedImmune, Inc.<br>Merck & Co., Inc.<br>Monarch Pharmaceuticals, Inc.<br>Mylan Laboratories Inc.<br>Mylan Pharmaceuticals Inc.<br>Novartis Pharmaceuticals Corporation<br>Novopharm USA, Inc.<br>Oncology Therapeutics Network Corporation<br>Ortho-Biotech Products, L.P.<br>Ortho-McNeil Pharmaceutical, Inc.<br>Par Pharmaceutical Companies, Inc.<br>Par Pharmaceutical, Inc.<br>Pfizer Inc.<br>Pharmacia Corporation<br>Purdue Pharma L.P.<br>Purepac Pharmaceutical, Co.<br>Roche Laboratories Inc.<br>Roxane Laboratories, Inc. (N/K/A Boehringer Ingelheim Roxane, Inc.)<br>Sandoz Inc.<br>Schering Corporation<br>Schering-Plough Corp.<br>Sicor, Inc.<br>SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK")<br>TAP Pharmaceutical Products Inc.<br>Teva Pharmaceuticals USA, Inc.<br>UDL Laboratories, Inc.<br>Warrick Pharmaceuticals Corporation<br>Watson Pharma, Inc.<br>Watson Pharmaceuticals, Inc.<br>Wyeth<br>Wyeth Pharmaceuticals, Inc. |

DSMDB-2479149v02

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I certify that the moving party has communicated with counsel for Plaintiff in an effort to resolve the dispute referred to in this motion, and that the parties have not been able to reach agreement with respect thereto.

**/s/ Shamir Patel**

## CERTIFICATE OF SERVICE

I hereby certify that I, Shamir Patel, an attorney, caused a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR ENTRY OF IOWA CASE MANAGEMENT ORDER** to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, on August 8, 2008, for posting and notification to all parties.

**/s/ Shamir Patel**
Shamir Patel
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200