# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

—————————————————————————— )
IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE )
LITIGATION )
—————————————————————————— )
)
THIS DOCUMENT RELATES TO: )
)
*The City of New York v. Abbott Labs., et al.* )
(S.D.N.Y. No. 04-CV-06054) )
*County of Suffolk v. Abbott Labs., et al.* )
(E.D.N.Y. No. CV-03-229) )
*County of Westchester v. Abbott Labs., et al.* )
(S.D.N.Y. No. 03-CV-6178) )
*County of Rockland v. Abbott Labs., et al.* )
(S.D.N.Y. No. 03-CV-7055) )
*County of Dutchess v. Abbott Labs, et al.* )
(S.D.N.Y. No. 05-CV-06458) )
*County of Putnam v. Abbott Labs, et al.* )
(S.D.N.Y. No. 05-CV-04740) )
*County of Washington v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00408) )
*County of Rensselaer v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00422) )
*County of Albany  v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00425) )
*County of  Warren v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00468) )
*County of Greene v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00474) )
*County of Saratoga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00478) )
*County of Columbia  v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00867) )
*Essex County v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00881) )

MDL NO. 1456
Civil Action No. 01-12257-PBS

Judge Patti B. Saris

**ANSWER OF DEFENDANT
NOVARTIS
PHARMACEUTICALS
CORPORATION TO REVISED
FIRST AMENDED CONSOLIDATED
COMPLAINT**

| | |
|---|---|
| *County of Herkimer v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of  Fulton v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of  Jefferson v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of  Genesee v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of  Wayne v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of  Seneca v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler  v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |

Defendant Novartis Pharmaceuticals Corporation ("NPC"), for its Answer to the City of New York and the captioned New York Counties' ("Counties" or "Plaintiffs") Revised First Amended Consolidated Complaint ("Revised Amended Complaint") in the captioned actions, by its undersigned counsel, alleges upon knowledge as to itself, and upon information and belief as to all other matters, as follows:

1.     Denies each and every allegation set forth in numbered paragraph 1 of the Revised Amended Complaint as to NPC, except admits that:  (i) Plaintiffs purport to bring this lawsuit to recover damages and obtain other forms of relief as set forth therein, but denies that there is any basis in law or fact on which Plaintiffs are permitted to do so; (ii) NPC manufactures, markets, and sells brand name prescription drugs in the United States; and (iii) there is a separate NDC number for each dosage and package size of each drug manufactured by NPC.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 1.  To the extent numbered paragraph 1 states conclusions or characterizations of law, no response is required.

2.     Admits that the federal government shares the cost of reimbursing for prescription drugs under New York State's Medicaid Plan with the State of New York and participating Counties, and respectfully refers the Court to N.Y. Soc. Serv. L. §§ 367-a and 368-a and 42 U.S.C. § 1396d(b) for a full and complete reading of their provisions.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 2 of the Revised Amended Complaint.  To the extent numbered paragraph 2 states conclusions  or characterizations of law, no response is required.

3.     Admits that N.Y. Soc. Serv. L. § 367-a(9) contains certain provisions regarding the price paid by New York Medicaid for prescription drugs; respectfully refers the Court to N.Y. Soc. Serv. L. § 367-a(9); 42 U.S.C. § 1396r-8; 56 FR 7049 (Feb. 21, 1991); and 60 FR 48442 (Sept. 19, 1995) for a full and complete reading of their provisions; states that to the extent numbered paragraph 3 and numbered footnote 1 of the Revised Amended Complaint state conclusions or characterizations of law, no response is required; and otherwise denies the

allegations set forth in numbered paragraph 3 and numbered footnote 1 of the Revised Amended Complaint.

4.      Denies each and every allegation set forth in numbered paragraph 4 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent numbered paragraph 4 states conclusions or characterizations of law, no response is required.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 5 of the Revised Amended Complaint and respectfully refers the Court to 42 C.F.R. § 447.331 for a full and complete reading of its provisions.   To the extent numbered paragraph 5 states conclusions or characterizations of law, no response is required.

6.      Denies each and every allegation set forth in numbered paragraph 6 and numbered footnote 2 of the Revised Amended Complaint as to NPC and respectfully refers the Court to N. Y. Soc. Serv. L. §§ 367-a(9) and  367-a(9)(c) for a full and complete reading of their provisions.   NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 6 and numbered footnote 2.   To the extent numbered paragraph 6 and numbered footnote 2 state conclusions or characterizations of law, no response is required.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 7 of the Revised Amended Complaint and respectfully refers the Court to N. Y. Soc. Serv. L. § 367-a(9) for a full and complete reading of its provisions.   To the extent numbered paragraph 7 states conclusions or characterizations of law, no response is required.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 8 of the Revised Amended Complaint.

9.      Denies each and every allegation set forth in numbered paragraph 9 of the Revised Amended Complaint as to NPC, except states that: (i) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs" for certain of its drugs; (ii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iii) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (iv) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (v) NPC does not have control over the information that First DataBank, an independent third-party, publishes.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 9.    To the extent numbered paragraph 9 states conclusions or characterizations of law, no response is required.

10.     Denies each and every allegation set forth in numbered paragraph 10 of the Revised Amended Complaint as to NPC, except states that: (i) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs" for certain of its drugs; (ii) NPC's WAC

price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iii) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (iv) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (v) NPC does not have control over the information that First DataBank, an independent third-party, publishes.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 10.   To the extent numbered paragraph 10 states conclusions or characterizations of law, no response is required.

11.     Denies each and every allegation set forth in numbered paragraph 11 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

12.     Denies each and every allegation set forth in numbered paragraph 12 of the Revised Amended Complaint as to NPC, except states that: (i) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs" for certain of its drugs; (ii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iii) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (iv) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005,

NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (v) NPC does not have control over the information that First DataBank, an independent third-party, publishes.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 12.

13.     Denies each and every allegation set forth in numbered paragraph 13 of the Revised Amended Complaint as to NPC, except states that NPC markets brand name prescription drugs in the United States; it does not market generic drugs.  NPC respectfully refers the Court to 42 CFR § 447.332 for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 13.  To the extent numbered paragraph 13 states conclusions or characterizations of law, no response is required.

14.     Denies each and every allegation set forth in numbered paragraph 14 of the Revised Amended Complaint as to NPC, except states that: (i) NPC markets brand name prescription drugs in the United States; it does not market generic drugs; (ii) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs"  for certain of its drugs; (iii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iv) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (v) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005,

NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (vi) NPC does not have control over the information that First DataBank, an independent third-party, publishes. NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 14.

15.     Denies each and every allegation set forth in numbered paragraph 15 of the Revised Amended Complaint as to NPC, except states that: (i) NPC markets brand name prescription drugs in the United States; it does not market generic drugs; (ii) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs"  for certain of its drugs; (iii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iv) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (v) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (vi) NPC does not have control over the information that First DataBank, an independent third-party, publishes. NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 15.

16.     Denies each and every allegation set forth in numbered paragraph 16 of the Revised Amended Complaint as to NPC, except states that: (i) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs" for certain of its drugs; (ii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iii) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (iv) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (v) NPC does not have control over the information that First DataBank, an independent third-party, publishes.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 16.

17.     Denies each and every allegation set forth in numbered paragraph 17 of the Revised Amended Complaint as to NPC, except states that: prescription drugs are dispensed only on a physician's or other qualified medical professional's order.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 18 of the Revised Amended Complaint, except

states that: (i) prescription drugs are dispensed only on a physician's or other qualified medical professional's order; and (ii) NPC does not market generic drugs.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 19 of the Revised Amended Complaint, except states that: (i) prescription drugs are dispensed only on a physician's or other qualified medical professional's order; and (ii) NPC does not market generic drugs.

20.     Denies each and every allegation set forth in numbered paragraph 20 of the Revised Amended Complaint as to NPC, except states that NPC does not market generic drugs and that the article, "Rx for Margins:  Hired to Cut Costs, Firms Find Profits In Generic Drugs, Pharmacy-Benefit Managers Can Take Huge Markups And Still Offer 'Discounts,' Making $170 On Just 90 Pills," *Wall Street Journal*, March 31, 2003, at A1, makes no reference to NPC, and respectfully refers the Court to the article for a full and complete reading of its contents.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 20.

21.     Denies each and every allegation set forth in numbered paragraph 21 of the Revised Amended Complaint as to NPC; states that NPC does not market generic drugs, and does not market fluoxetine; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 22 of the Revised Amended Complaint.

23.     Denies each and every allegation set forth in numbered paragraph 23 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 23 states conclusions or characterizations of law, no response is required.

24.     Denies each and every allegation set forth in numbered paragraph 24 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

25.     Denies each and every allegation set forth in numbered paragraph 25 of the Revised Amended Complaint as to NPC, except states that NPC markets brand name prescription drugs in the United States; it does not market generic drugs.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 25.

26.     Denies each and every allegation set forth in numbered paragraph 26 of the Revised Amended Complaint as to NPC, except states that NPC markets brand name prescription drugs in the United States; it does not market generic drugs.  NPC respectfully refers the Court to Department of Health and Human Services, Office of Inspector General, "Medicaid Pharmacy-Additional Analyses of the Actual Acquisition Cost of Prescription Drug Products" (Sept. 16, 2002) (A-06-02-00041) for a full and complete reading of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 26.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 27 of the Revised Amended Complaint, and respectfully refers the Court to "Medicaid Prescription Drug Reimbursement: Why the Government Pays Too Much," Hearing Before the House Subcomm. on Oversight and Investigations, 108th Cong., December 7, 2004 ("House Hearing") Tr. at 3-4, 5 (statement of Joe

Barton, Chairman, House Subcomm. on Oversight and Investigations) for a full and complete reading of its contents.

28.     Denies each and every allegation set forth in numbered paragraph 28 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

29.     Denies each and every allegation set forth in numbered paragraph 29 of the Revised Amended Complaint as to NPC, except states that: (i) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs"  for certain of its drugs; (ii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iii) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (iv) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (v) NPC does not have control over the information that First DataBank, an independent third-party, publishes.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 29.

30.     Denies each and every allegation set forth in numbered paragraph 30 of the Revised Amended Complaint as to NPC, except states that NPC markets brand name prescription drugs in the United States; it does not market generic drugs.  NPC otherwise denies

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 30.

31.     Admits that 42 U.S.C. § 1396r-8 contains certain provisions regarding the federally mandated Medicaid rebates that drug manufacturers may be required to pay; respectfully refers the Court to 42 U.S.C. § 1396r-8; 42 U.S.C. § 1396r-8(c)(1)(C); and 42 U.S.C. § 1396r-8(k)(1) for a full and complete reading of their provisions; states that to the extent numbered paragraph 31 and numbered footnote 3 state conclusions or characterizations of law, no response is required; and otherwise denies the allegations set forth in numbered paragraph 31 and numbered footnote 3 of the Revised Amended Complaint as to NPC.

32.     Denies each and every allegation set forth in numbered paragraph 32 of the Revised Amended Complaint as to NPC, except admits that NPC pays rebates to the State of New York and that these rebates lower the State of New York's cost of prescription drugs for Medicaid patients, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent numbered paragraph 32 states conclusions or characterizations of law, no response is required.

33.     Denies each and every allegation set forth in numbered paragraph 33 and numbered footnote 4 of the Revised Amended Complaint as to NPC, respectfully refers the Court to 42 U.S.C. § 1396r-8(c)(1)(C)(ii)(III) for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 33 and numbered footnote 4.   To the extent numbered paragraph 33 and numbered footnote 4 state conclusions or characterizations of law, no response is required.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 34 of the Revised Amended Complaint, and respectfully refers the Court to "Medicaid Drug Rebates – Sales to Repackagers Excluded From Best Price Determinations," Department of Health and Human Services, Office of the Inspector General (Mar. 27, 2001) for a full and complete reading of its contents.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 35 of the Revised Amended Complaint.

36.     Denies each and every allegation set forth in numbered paragraph 36 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

37.     Denies each and every allegation set forth in numbered paragraph 37 of the Revised Amended Complaint as to NPC, admits that Plaintiffs purport to bring this lawsuit to recover damages and obtain other forms of relief as set forth therein, but denies that there is any basis in law or fact on which Plaintiffs are permitted to do so, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 37 states conclusions or characterizations of law, no response is required.

38.     Denies each and every allegation set forth in numbered paragraph 38 of the Revised Amended Complaint as to NPC, admits that Plaintiffs claim violations of, *inter alia*, the Social Security Act, 42 U.S.C. § 1396 *et seq.*, N.Y. Social Services Law §§ 145-b and 367a, and N.Y. General Business Law § 349, and breach of contract, unjust enrichment, and common law fraud, but denies that there is any basis in law or fact on which Plaintiffs are permitted to do so, and otherwise denies knowledge or information sufficient to form a belief as to the truth of

14

the allegations set forth in numbered paragraph 38.  To the extent numbered paragraph 38 states conclusions or characterizations of law, no response is required.

39.     Admits that Plaintiffs claim that this Court has subject matter and supplemental jurisdiction, but denies that subject matter and supplemental jurisdiction is proper, and respectfully refers the Court to 28 U.S.C. § 1331, 42 U.S.C. § 1396 *et seq.*, and 42 U.S.C. § 1396r-8 for a full and complete reading of their provisions.   To the extent numbered paragraph 39 states conclusions or characterizations of law, no response is required.

40.     Denies each and every allegation set forth in numbered paragraph 40 of the Revised Amended Complaint as to NPC, except admits that Plaintiffs claim that venue is proper and that each of the captioned matters has been transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to 28 U.S.C. § 1407, respectfully refers the Court to 28 U.S.C. §§ 1391(b) and (c) for a full and complete reading of their provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 40.  To the extent numbered paragraph 40 states conclusions or characterizations of law, no response is required.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 41 of the Revised Amended Complaint; respectfully refers the Court to N.Y. Soc. Serv. L. §§ 367-a and 368-a for a full and complete reading of their provisions; and states that to the extent numbered paragraph 41 of the Revised Amended Complaint states conclusions or characterizations of law, no response is required.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 42 of the Revised Amended Complaint; respectfully refers the Court to N.Y. Soc. Serv. L. §§ 367-a and 368-a for a full and complete

reading of their provisions; and states that to the extent numbered paragraph 42 of the Revised Amended Complaint states conclusions or characterizations of law, no response is required.

42A.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 42A of the Revised Amended Complaint; respectfully refers the Court to N.Y. Soc. Serv. L. §§ 367-a and 368-a for a full and complete reading of their provisions; and states that to the extent numbered paragraph 42A of the Revised Amended Complaint states conclusions or characterizations of law, no response is required.

43.   Admits that Plaintiffs purport to sue certain defendants with certain exceptions, refers to Case Management Order No. 33, dated September 14, 2007, ¶¶ 1, 3 for a list of which plaintiffs are suing which defendants, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 43 and numbered footnote 5.

44.   Denies each and every allegation set forth in numbered paragraph 44 of the Revised Amended Complaint as to NPC, except admits that NPC conducts extensive business in the State of New York and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 44.

45-70.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraphs 45-70 of the Revised Amended Complaint.

71.   Denies each and every allegation set forth in numbered paragraph 71 of the Revised Amended Complaint as to NPC, except states that:   (i) NPC is a Delaware corporation with its principal place of business at One Health Plaza, East Hanover, New Jersey 07936; (ii) NPC is engaged in manufacturing, marketing, and selling brand name prescription drugs in the United States; (iii) prior to December 1, 2003, Sandoz Inc., a separately named and

represented Defendant in this action, engaged in manufacturing, marketing, and selling generic drugs, conducted business under the name Geneva Pharmaceuticals, Inc.; (iv)  prior to June 30, 2000, NPC and Sandoz Inc. were separately managed affiliated companies; (v) between June 30, 2000 and September 26, 2007, Sandoz Inc. was an independently managed and operated subsidiary of NPC; and (vi) since September 26, 2007, NPC and Sandoz Inc. have remained separately managed affiliated companies, and NPC otherwise respectfully refers the Court to Sandoz Inc.'s Answer.

72.-84.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraphs 72-84 of the Revised Amended Complaint.

85.    Denies each and every allegation set forth in numbered paragraph 85 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent numbered paragraph 85 states conclusions or characterizations of law, no response is required.

86.    Denies each and every allegation set forth in numbered paragraph 86 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 86.

87.    Denies each and every allegation set forth in numbered paragraph 87 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 87.

88.    Denies each and every allegation set forth in numbered paragraph 88 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 88.

To the extent numbered paragraph 88 states conclusions or characterizations of law, no response is required.

89.    Admits that Title XIX of the Federal Social Security Act (the "Act"), 42 U.S.C. §§ 1396 *et seq*., established the program known as Medicaid (the "Medicaid Program"); respectfully refers the Court to 42 U.S.C. §§ 1396 *et seq*. for a full and complete reading of the provisions of the law governing the Medicaid Program; states that, to the extent that numbered paragraph 89 of the Revised Amended Complaint states conclusions or characterizations of the law governing the Medicaid Program, no response is required; and otherwise denies the allegations set forth in numbered paragraph 89.

90.    Admits that state participation in the Medicaid Program is voluntary; respectfully refers the Court to N.Y. Social Services Law § 363 *et seq*., 42 U.S.C. § 1396a(a) and (b), 42 C.F.R. § 433.32, at 79-29 and 42 C.F.R. § 433.33, at 80-84 for a full and complete reading of the provisions of the law regarding state participation in the Medicaid Program; states that, to the extent that numbered paragraph 90 of the Revised Amended Complaint states conclusions or characterizations of the law governing state participation in the Medicaid Program, no response is required; and otherwise denies the allegations set forth in numbered paragraph 90 of the Revised Amended Complaint.

91.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 91 of the Revised Amended Complaint, except admits that the federal government shares the cost of reimbursing for prescription drugs under New York State's Medicaid Plan, and respectfully refers the Court to N.Y. Social Services Law § 368-a and 42 U.S.C. § 1396(d)(b) for a full and complete reading of their provisions.  To the

extent numbered paragraph 91 states conclusions or characterizations of law, no response is required.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 92 of the Revised Amended Complaint and respectfully refers the Court to 42 U.S.C. § 1396a(a)(25)(A) & (B); 42 U.S.C. § 1396b(d)(3)(A); and N.Y. Soc. Serv. L. § 145-b(2) for a full and complete reading of their provisions.  To the extent numbered paragraph 92 states conclusions or characterizations of law, no response is required.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 93 of the Revised Amended Complaint, and respectfully refers the Court to N.Y. Soc. Serv. L. § 367-a(9)(b)(i) for a full and complete reading of its provisions.   To the extent numbered paragraph 93 states conclusions or characterizations of law, no response is required.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 94 of the Revised Amended Complaint and respectfully refers the Court to N.Y.Soc. Serv.L. § 367-a(9)(c) for a full and complete reading of its provisions.  To the extent numbered paragraph 94 states conclusions or characterizations of law, no response is required.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 95 of the Revised Amended Complaint, and respectfully refers the Court to N.Y. Soc. Serv. L. § 367-a(9)(b)(ii) for a full and complete reading of its provisions.   To the extent numbered paragraph 95 states conclusions or characterizations of law, no response is required.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 96 and numbered footnote 6 of the Revised Amended Complaint and respectfully refers the Court to N.Y. Soc. Serv. L. § 367-a(9)(b)(ii) and N.Y Laws 2003, Ch. 62, Part Z2 for a full and complete reading of their provisions.  To the extent numbered paragraph 96 and numbered footnote 6 state conclusions or characterizations of law, no response is required.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 97 and numbered footnote 7 of the Revised Amended Complaint and respectfully refers the Court to N.Y. Soc. Serv. L. § 367-a(9); N.Y. Soc. Serv. L. § 367-a(9)(e); Laws 2004, Ch. 58, Part C, § 36; N.Y. Soc. Serv. L §367-a(9)(f); and N.Y. Soc. Serv. L. §367-a(9)(b)(ii) for a full and complete reading of their provisions.  To the extent numbered paragraph 97 and numbered footnote 7 state conclusions or characterizations of law, no response is required.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 98 of the Revised Amended Complaint and respectfully refers the Court to N.Y. Soc. Serv. L. § 367-a(9)(d) for a full and complete reading of its provisions.  To the extent numbered paragraph 98 states conclusions or characterizations of law, no response is required.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 99 of the Revised Amended Complaint.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 100 of the Revised Amended Complaint,

except states that there is a separate NDC number for each dosage and package size of each drug manufactured by NPC.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 101 of the Revised Amended Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 102 of the Revised Amended Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 103 of the Revised Amended Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 104 and numbered footnote 8 of the Revised Amended Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 105 of the Revised Amended Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 106 of the Revised Amended Complaint.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 107 of the Revised Amended Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 108 of the Revised Amended Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 109 of the Revised Amended Complaint.  To the extent numbered paragraph 109 states conclusions or characterizations of law, no response is required.

110.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 110 of the Revised Amended Complaint.

111.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 111 of the Revised Amended Complaint and respectfully refers the Court to N.Y. Soc. Serv. Law § 367-a(9)(a) for a full and complete reading of its provisions.  To the extent numbered paragraph 111 states conclusions or characterizations of law, no response is required.

112.     Denies each and every allegation set forth in numbered paragraph 112 of the Revised Amended Complaint as to NPC, except admits that: (i) First DataBank is an independent third-party publisher that publishes price information on NPC drugs; (ii) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank; and (iii) NPC does not have control over the information that First DataBank, an independent third-party, publishes.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 112.

113.     Denies each and every allegation set forth in numbered paragraph 113 of the Revised Amended Complaint as to NPC, except states that NPC may keep certain competitively sensitive pricing information confidential, and respectfully refers the Court to House Hearing Tr. at 23 for a full and complete reading of its contents.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 113.

114.     Denies each and every allegation set forth in numbered paragraph 114 of the Revised Amended Complaint as to NPC, except admits that Off. of Inspector Gen., Dep't of Health   and   Human   Services,   *Compliance   Program   Guidance   for   Pharmaceutical*

22

*Manufacturers*, at 12 (2003) contains a section that discusses "manufacturers' reported prices,"; respectfully refers the Court to Off. of Inspector Gen., Dep't of Health and Human Services, *Compliance Program Guidance for Pharmaceutical Manufacturers* (2003) for a full and complete reading of its contents regarding "manufactureres' reported prices"; and states that to the extent numbered paragraph 114 of the Revised Amended Complaint states conclusions or characterizations of law, no response is required.

115. Admits that the Off. of Inspector Gen., Dep't of Health and Human Services, *Compliance Program Guidance for Pharmaceutical Manufacturers*, at 26-27 (2003) contains a section entitled "Average Wholesale Price" that discusses AWP; respectfully refers the Court to the *Compliance Program Guidance for Pharmaceutical Manufacturers*, at 26-27 for a full and complete reading of its contents regarding Average Wholesale Price and AWP; states that, to the extent that numbered paragraph 115 of the Revised Amended Complaint states conclusions or characterizations of law, no response is required; and otherwise denies the allegations set forth in numbered paragraph 115 of the Revised Amended Complaint.

116. Admits that 42 U.S.C. § 1396r-8 contains certain provisions regarding the circumstances pursuant to which a manufacturer of a drug must enter into a Medicaid rebate agreement with the Secretary of Health and Human Services; respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of the provisions of the law regarding Medicaid rebate agreements; states that, to the extent that numbered paragraph 116 of the Revised Amended Complaint states conclusions or characterizations of the law governing Medicaid rebate agreements, no response is required; and otherwise denies the allegations set forth in numbered paragraph 116 of the Revised Amended Complaint.

117.    Admits that 42 U.S.C. § 1396r-8 contains certain provisions regarding the calculation of Medicaid rebates; respectfully refers the Court to 42 U.S.C. §§ 1396r-8(c)(1)-(2) and N.Y. Soc. Serv. L. § 367(a)(7)(d) for a full and complete reading of their provisions; states that to the extent numbered paragraph 117 of the Revised Amended Complaint states conclusions or characterizations of law, no response is required, and otherwise denies the allegations set forth in numbered paragraph 117 of the Revised Amended Complaint.

118.    Admits that 42 U.S.C. § 1396r-8 contains certain provisions regarding the reporting of pricing information by manufacturers of single source or brand name innovator drugs and the payment of rebates to state Medicaid programs; respectfully refers the Court to 42 U.S.C. § 1396r-8(b)(1)(A); 42 U.S.C. § 1396r-8(c)(3); and N.Y. Soc. Serv. L. § 367 (a)(7)(d) for a full and complete reading of their provisions; states that to the extent numbered paragraph 118 and numbered footnote 9 of the Revised Amended Complaint state conclusions of law, no response is required; and otherwise denies the allegations set forth in numbered paragraph 118 and numbered footnote 9 of the Revised Amended Complaint.

119.    Admits that 42 U.S.C. § 1396r-8(c)(2) contains certain provisions regarding the payment of additional Medicaid rebates; respectfully refers the Court to 42 U.S.C. § 1396r-8(c)(2) for a full and complete reading of the provisions of the law regarding the payment of additional Medicaid rebates; states that, to the extent that numbered paragraph 119 of the Revised Amended Complaint states conclusions or characterizations of the law governing the payment of additional Medicaid repates, no response is required; and otherwise denies the allegations set forth in numbered paragraph 119 of the Revised Amended Complaint.

120.    Admits that 42 U.S.C. § 1396r-8(c)(1)(C)(i) contains certain provisions regarding Best Price; respectfully refers the Court to 42 U.S.C. § 1396r-8(c)(1)(C)(i) for a full

and complete reading of its provisions regarding Best Price; states that, to the extent that numbered paragraph 120 of the Revised Amended Complaint states conclusions or characterizations of law, no response is required; and otherwise denies the allegations set forth in numbered paragraph 120 of the Revised Amended Complaint.

121.    Admits that 42 U.S.C. § 1396r-8(c)(1)(C)(ii) contains certain provisions regarding Best Price; respectfully refers the Court to 42 U.S.C. § 1396r-8(c)(1)(C)(ii) for a full and complete reading of its provisions regarding Best Price; states that, to the extent that numbered paragraph 121 of the Revised Amended Complaint states conclusions or characterizations of law, no response is required; and otherwise denies the allegations set forth in numbered paragraph 121 of the Revised Amended Complaint,.

122.    Admits that 42 U.S.C. § 1396r-8(k)(1) contains certain provisions regarding AMP, respectfully refers the Court to 42 U.S.C. § 1396r-8(k)(1) for a full and complete reading of its provisions, and otherwise denies the allegations set forth in numbered paragraph 122 of the Revised Amended Complaint.  To the extent numbered paragraph 122 states conclusions or characterizations of law, no response is required.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 123 of the Revised Amended Complaint and respectfully refers the Court to H.R. Rep. No. 101-881 at 96-8 (1990), U.S.C.C.A.N. 1990, 2017, 2108-2110 for a full and complete reading of its contents.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 124 of the Revised Amended Complaint and respectfully refers the Court to New York Social Service Law § 367-a(7)(d) and 42 U.S.C.

§ 1396r-8 for a full and complete reading of their provisions. To the extent numbered paragraph 124 states conclusions or characterizations of law, no response is required.

125.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 125 of the Revised Amended Complaint, and respectfully refers the Court to the New York Social Service Law for a full and complete reading of its relevant provisions. To the extent numbered paragraph 125 states conclusions or characterizations of law, no response is required.

126.   Admits that 42 U.S.C. §§ 1396r-8 contains certain provisions regarding the reporting of pricing information to the Secretary of Health and Human Services and the confidentiality of such pricing information; respectfully refers the Court to 42 U.S.C. §§ 1396r-8(b)(3)(A), (D) for a full and complete reading of their provisions; states that to the extent numbered paragraph 126 of the Revised Amended Complaint states conclusions or characterizations of law, no response is required; and otherwise denies the allegations set forth in numbered paragraph 126 of the Revised Amended Complaint.

127.   Admits that 42 U.S.C. §§ 1396r-8 contains certain provisions regarding the reporting of information by the states to manufacturers and to the Secretary of Health and Human Services for drugs for which payment has been made; respectfully refers the Court to U.S.C. § 1396r-8(b)(2) for a full and complete reading of its provisions; states that to the extent numbered paragraph 127 of the Revised Amended Complaint states conclusions or characterizations of law, no response is required; and otherwise denies the allegations set forth in numbered paragraph 127 of the Revised Amended Complaint.

128.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 128 of the Revised Amended Complaint,

except admits that NPC pays rebates to the State of New York and that these rebates lower the State of New York's cost of prescription drugs for Medicaid patients.   To the extent numbered paragraph 128 states conclusions or characterizations of law, no response is required.

129.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 129 of the Revised Amended Complaint and respectfully refers the Court to 42 U.S.C. § 1396r-8(b)(3)(D) for a full and complete reading of its provisions.   To the extent numbered paragraph 129 states conclusions or characterizations of law, no response is required.

130.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 130 of the Revised Amended Complaint.

131.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 131 of the Revised Amended Complaint.   To the extent numbered paragraph 131 states conclusions or characterizations of law, no response is required.

132.   Denies each and every allegation set forth in numbered paragraph 132 of the Revised Amended Complaint as to NPC, except admits that, pursuant to 42 U.S.C. § 1396r-8, NPC's predecesor companies, Sandoz Pharmaceuticals Corporation and Ciba-Geigy Corporation, entered into a rebate agreement with the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain states, entitled "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement," which requires NPC to report certain specific pricing information to the federal government and to remit rebate payments to the State of New York (and other participating states), and that these rebates lower the State of New York's cost of prescription

drugs for Medicaid patients, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent numbered paragraph 132 states conclusions or characterizations of law, no response is required.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 133 of the Revised Amended Complaint. To the extent numbered paragraph 133 states conclusions or characterizations of law, no response is required.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 134 of the Revised Amended Complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 135 of the Revised Amended Complaint.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 136 of the Revised Amended Complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 137 of the Revised Amended Complaint and respectfully refers the Court to N.Y. Soc. Serv. L. §§ 56, 61-62 for a full and complete reading of their provisions. To the extent numbered paragraph 137 states conclusions or characterizations of law, no response is required.

138.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 138 of the Revised Amended Complaint and respectfully refers the Court to 42 U.S.C. § 1396a (a)(25)(A) for a full and complete reading of its provisions. To the extent numbered paragraph 138 states conclusions or characterizations of law, no response is required.

139.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 139 of the Revised Amended Complaint and respectfully refers the Court to 42 U.S.C. 1396a (a)(25)(B) for a full and complete reading of its provisions.  To the extent numbered paragraph 139 states conclusions or characterizations of law, no response is required.

140.    Admits that 42 U.S.C. § 1396r-8(c)(ii) contains certain provisions regarding penalties for the knowing provision of false information; respectfully refers the Court to 42 U.S.C. § 1396r-8(c)(ii) for a full and complete reading of its provisions; states that to the extent numbered paragraph 140 of the Revised Amended Complaint states conclusions or characterizations of law, no response is required; and otherwise denies the allegations set forth in numbered paragraph 140 of the Revised Amended Complaint.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 141 of the Revised Amended Complaint and respectfully refers the Court to New York Social Services Law § 145-b for a full and complete reading of its provisions.   To the extent numbered paragraph 141 states conclusions or characterizations of law, no response is required.

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 142 of the Revised Amended Complaint.

143.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 143 of the Revised Amended Complaint.  To the extent numbered paragraph 143 states conclusions or characterizations of law, no response is required.

144.    Denies each and every allegation set forth in numbered paragraph 144 of the Revised Amended Complaint as to NPC, except states that: (i) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs" for certain of its drugs; (ii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iii) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (iv) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (v) NPC does not have control over the information that First DataBank, an independent third-party, publishes.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 144.

145.    Denies each and every allegation set forth in numbered paragraph 145 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

146.    Denies each and every allegation set forth in numbered paragraph 146 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

147.    Denies each and every allegation set forth in numbered paragraph 147 of the Revised Amended Complaint as to NPC, except states that: (i) from time to time since its

creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs" for certain of its drugs; (ii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iii) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (iv) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (v) NPC does not have control over the information that First DataBank, an independent third-party, publishes.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 147.

148.     Denies each and every allegation set forth in numbered paragraph 148 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 148 states conclusions or characterizations of law, no response is required.

149.     Denies each and every allegation set forth in numbered paragraph 149 of the Revised Amended Complaint as to NPC and states that: (i) NPC markets brand name prescription drugs in the United States; it does not market generic drugs; (ii) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs" for certain of its drugs;

(iii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iv) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (v) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (vi) NPC does not have control over the information that First DataBank, an independent third-party, publishes.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 149.

150.    Denies each and every allegation set forth in numbered paragraph 150 of the Revised Amended Complaint as to NPC and states that NPC markets brand name prescription drugs in the United States; it does not market generic drugs.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 150.

151.    Denies each and every allegation set forth in numbered paragraph 151 of the Revised Amended Complaint as to NPC and states that NPC markets brand name prescription drugs in the United States; it does not market generic drugs.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 151.

152.    Denies each and every allegation set forth in numbered paragraph 152 of the Revised Amended Complaint as to NPC and states that: (i) NPC markets brand name prescription drugs in the United States; it does not market generic drugs; (ii) from time to time

since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs" for certain of its drugs; (iii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iv) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (v) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (vi) NPC does not have control over the information that First DataBank, an independent third-party, publishes.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 152.

153.   Denies each and every allegation set forth in numbered paragraph 153 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

154.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 154 of the Revised Amended Complaint.

155.   Denies each and every allegation set forth in numbered paragraph 155 of the Revised Amended Complaint as to NPC, except states that: (i) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia* "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs" for certain of its drugs; (ii) NPC's WAC

price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iii) purchasers who pay within 30 days are entitled to a customary 2% credit for prompt payment; (iv) in the first few weeks following the launch of certain new products, purchasers may earn a one-time stocking allowance to stock products in advance of prescriptions; (v) when NPC takes a price increase on a product, NPC may, for inventory management purposes, permit some wholesalers and warehousing retail chains to purchase a certain quantity of the product at the old price for a limited time; (vi) because WAC is the list price, it does not reflect such discounts and allowances; (vii) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (vii) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (viii) NPC does not have control over the information that First DataBank, an independent third-party, publishes. NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 155.

156.     Denies each and every allegation set forth in numbered paragraph 156 of the Revised Amended Complaint as to NPC, except admits that NPC pays chargebacks to wholesalers in connection with certain sales of NPC's products and states that: (i) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia* "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs" for certain of its drugs; (ii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and

certain commercial direct purchasers for NPC products; (iii) because WAC is the list price, it does not reflect chargebacks; and (iv) NPC does not have control over the information that First DataBank, an independent third-party, publishes.   NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 156.

157.   Denies each and every allegation set forth in numbered paragraph 157 of the Revised Amended Complaint as to NPC, except states that: (i) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (ii) purchasers who pay within 30 days are entitled to a customary 2% credit for prompt payment; (iii) in the first few weeks following the launch of certain new products, purchasers may earn a one-time stocking allowance to stock products in advance of prescriptions; (iv) when NPC takes a price increase on a product, NPC may, for inventory management purposes, permit some wholesalers and warehousing retail chains to purchase a certain quantity of the product at the old price for a limited time; (v) because WAC is the list price, it does not reflect such discounts and allowances; (vi) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; and (vii) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer.   NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 157.

158.     Denies each and every allegation set forth in numbered paragraph 158 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

159.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 159 of the Revised Amended Complaint.

160.     Admits the allegations set forth in numbered paragraph 160 of the Revised Amended Complaint.

161.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 161 of the Revised Amended Complaint and respectfully refers the Court to *Rx for Margins:  Hired to Cut Costs, Firms Find Profits In Generic Drugs, Pharmacy-Benefit Managers Can Take Huge Markups And Still Offer 'Discounts,' Making $170 on just 90 Pills*, WSJ, March 31, 2003, at A1 for a full and complete reading of its contents.

162.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 162 of the Revised Amended Complaint and respectfully refers the Court to *Rx for Margins:  Hired to Cut Costs, Firms Find Profits In Generic Drugs, Pharmacy-Benefit Managers Can Take Huge Markups And Still Offer 'Discounts,' Making $170 on just 90 Pills*, WSJ, March 31, 2003, at A1 for a full and complete reading of its contents.

163.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 163 of the Revised Amended Complaint.

164.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 164 of the Revised Amended Complaint.

165.   Denies each and every allegation set forth in numbered paragraph 165 of the Revised Amended Complaint as to NPC, respectfully refers the Court to *Providing Prescription Drug Coverage Through Medicare: The Role of Pharmacy Benefit Managers*, U.S. Senate   Committee   on   Finance   (Mar. 29,   2000),   at   4-5,   found   at http://www.senate.gov/~finance/3-29mcca.htm, for a full and complete reading of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 165.

166.   Denies each and every allegation set forth in numbered paragraph 166 of the Revised Amended Complaint as to NPC, except states that: (i) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs"  for certain of its drugs; (ii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iii) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (iv) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (v) NPC does not have control over the information that First DataBank, an independent third-party, publishes.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 166.

167.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 167 of the Revised Amended Complaint

168.     Denies each and every allegation set forth in numbered paragraph 168 of the Revised Amended Complaint as to NPC, except admits that, pursuant to 42 U.S.C. 1396r-8, NPC's predecesor companies, Sandoz Pharmaceuticals Corporation and Ciba-Geigy Corporation, entered into a rebate agreement with the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, entitled "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement," which requires NPC to report certain specific pricing information to the federal government and to remit rebate payments to the State of New York (and other participating states), and that these rebates lower the State of New York's cost of prescription drugs for Medicaid patients, and respectfully refers the Court to 42 U.S.C. § 1396-r-8 for a full and complete reading of its provisions.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 168.  To the extent numbered paragraph 168 states conclusions or characterizations of law, no response is required.

169.     Denies each and every allegation set forth in numbered paragraph 169 of the Revised Amended Complaint as to NPC, except admits that NPC pays rebates to the State of New York and that such rebates lower the State of New York's cost of prescription drugs for Medicaid patients and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 169 of the Revised Amended Complaint states conclusions or characterizations of law, no response is required.

170.    Denies each and every allegation set forth in numbered paragraph 170 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent numbered paragraph 170 states conclusions or characterizations of law, no response is required.

171.    Denies each and every allegation set forth in numbered paragraph 171 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent numbered paragraph 171 states conclusions or characterizations of law, no response is required.

172.    Denies each and every allegation set forth in numbered paragraph 172 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent numbered paragraph 172 states conclusions or characterizations of law, no response is required.

173.    Denies each and every allegation set forth in numbered paragraph 173 of the Revised Amended Complaint as to NPC, respectfully refers the Court to 42 U.S.C. § 1396r-8(c)(ii) for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent numbered paragraph 173 states conclusions or characterizations of law, no response is required.

174.    Denies each and every allegation set forth in numbered paragraph 174 of the Revised Amended Complaint as to NPC, respectfully refers the Court to OIG, Medicaid Drug Rebates – Sales To Repackagers Excluded From Best Price Determinations, at 1, 4 (March 2001) for a full and complete reading of its contents, and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 174 states conclusions or characterizations of law, no response is required.

175.    Denies each and every allegation set forth in numbered paragraph 175 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

176.    Denies each and every allegation set forth in numbered paragraph 176 of the Revised Amended Complaint as to NPC, respectfully refers the Court to 42 U.S.C. § 1396r-8(c)(1)(C)(ii)(III) for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 176 states conclusions or characterizations of law, no response is required.

177.    Denies each and every allegation set forth in numbered paragraph 177 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

178.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 178 and numbered footnote 10 of the Revised Amended Complaint.

179.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 179 of the Revised Amended Complaint.

180.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 180 of the Revised Amended Complaint.

181.    Denies each and every allegation set forth in numbered paragraph 181 and numbered footnote 11 of the Revised Amended Complaint as to NPC, except admits that NPC

received a letter from the Senate Finance Committee on or around April 29, 2004 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

182.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 182 of the Revised Amended Complaint.

183.     Denies each and every allegation set forth in numbered paragraph 183 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

184.     Denies each and every allegation set forth in numbered paragraph 184 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

185.     Denies each and every allegation set forth in numbered paragraph 185 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

186.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 186 of the Revised Amended Complaint, and respectfully refers the Court to GAO, *Payments for Covered Outpatient Drugs Exceed Providers' Cost*, Sept. 2001 (GAO-01-1118) at 4, for a full and complete reading of its contents.

187.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 187 of the Revised Amended Complaint and respectfully refers the Court to GAO, *Payments for Covered Outpatient Drugs Exceed Providers' Cost*, Sept. 2001 (GAO-01-1118) at 11-12, for a full and complete reading of its contents.

188.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 188 of the Revised Amended Complaint and respectfully refers the Court to HHS OIG, *Medicaid Pharmacy – Additional Analyses of the Actual Acquisition Costs of Prescription Drugs* (A-06-02-00041) (September 16, 2002), at 1, for a full and complete reading of its contents.

189.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 189 of the Revised Amended Complaint and respectfully refers the Court to OIG, *Compliance Program Guidance for Pharmaceutical Manufacturers*, 68 Fed. Reg. 23,731-35 (May 5, 2003), for a full and complete reading of its contents.

190.    Denies each and every allegation set forth in numbered paragraph 190 of the Revised Amended Complaint as to NPC, respectfully refers the Court to the March 27, 2001, report entitled *Medicaid Drug Rebates – Sales to Repackagers Excluded From Best Price Determinations* (A-06-00-00056), issued by the HHS OIG, at 1, 4, for a full and complete reading of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

191.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 191 of the Revised Amended Complaint and respectfully refers the Court to the March 27, 2001, report entitled *Medicaid Drug Rebates – Sales to Repackagers Excluded From Best Price Determinations* (A-06-00-00056), issued by the HHS OIG, at 1, for a full and complete reading of its contents.

192.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 192 of the Revised Amended Complaint and

respectfully refers the Court to the March 27, 2001, report entitled *Medicaid Drug Rebates – Sales to Repackagers Excluded From Best Price Determinations* (A-06-00-00056), issued by the HHS OIG, at cover page, and *Drug Companies' Repackaging Scheme Costs Taxpayers Over $100 Million In 1998 And 1999*, April 5, 2001, pg. 1 of 1, available at http://www.house.gov/reform/min/pdfs/pdf_inves/pdf_medi_drug_IG_press.pdf, for a full and complete reading of its contents.

193. Denies each and every allegation set forth in numbered paragraph 193 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

194. Denies each and every allegation set forth in numbered paragraph 194 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent numbered paragraph 194 states conclusions or characterizations of law, no response is required.

195. Denies each and every allegation set forth in numbered paragraph 195 of the Revised Amended Complaint as to NPC, except states that: (i) from time to time during since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank, which contained, *inter alia*, "Wholesaler Price" or "Cost Price to Wholesaler," sometimes referred to as WAC or "ex-factory" price, and "AWPs" for certain of its drugs; (ii) NPC's WAC price is a list price at which NPC makes its drugs available to wholesalers and certain commercial direct purchasers for NPC products; (iii) AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers; (iv) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at

which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and (v) NPC does not have control over the information that First DataBank, an independent third-party, publishes.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 195.

196.    Denies each and every allegation set forth in numbered paragraph 196 of the Revised Amended Complaint as to NPC and Exhibit A and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

197.-588.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraphs 197-588 of the Revised Amended Complaint.

589.    Denies each and every allegation set forth in numbered paragraph 589 and numbered footnote 42 of the Revised Amended Complaint as to NPC and denies the existence of a "Novartis/Sandoz Group," and states that: (i) prior to December 1, 2003, Sandoz Inc., a separately named and represented Defendant in this action, conducted business under the name Geneva Pharmaceuticals, Inc.; (ii)  prior to June 30, 2000, NPC and Sandoz Inc. were separately managed affiliated companies; (iii) between June 30, 2000 and September 26, 2007, Sandoz Inc. was an independently managed and operated subsidiary of NPC engaged in manufacturing, marketing, and selling generic drugs; and (iv) since September 26, 2007, NPC and Sandoz Inc. have remained separately managed affiliated companies, and NPC otherwise respectfully refers the Court to Sandoz Inc.'s Answer.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 589 and numbered footnote 42.

590.    Denies each and every allegation set forth in numbered paragraph 590 of the Revised Amended Complaint as to NPC and denies the existence of a "Novartis/Sandoz Group," and states that: (i) prior to December 1, 2003, Sandoz Inc., a separately named and represented Defendant in this action, conducted business under the name Geneva Pharmaceuticals, Inc.; (ii)  prior to June 30, 2000, NPC and Sandoz Inc. were separately managed affiliated companies; (iii) between June 30, 2000 and September 26, 2007, Sandoz Inc. was an independently managed and operated subsidiary of NPC engaged in manufacturing, marketing, and selling generic drugs; and (iv) since September 26, 2007, NPC and Sandoz Inc. have remained separately managed affiliated companies, and NPC otherwise respectfully refers the Court to Sandoz Inc.'s Answer.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 590.

591.    Denies each and every allegation set forth in numbered paragraph 591 of the Revised Amended Complaint as to NPC and denies the existence of a "Novartis/Sandoz Group," and states that: (i) prior to December 1, 2003, Sandoz Inc., a separately named and represented Defendant in this action, conducted business under the name Geneva Pharmaceuticals, Inc.; (ii)  prior to June 30, 2000, NPC and Sandoz Inc. were separately managed affiliated companies; (iii) between June 30, 2000 and September 26, 2007, Sandoz Inc. was an independently managed and operated subsidiary of NPC engaged in manufacturing, marketing, and selling generic drugs; and (iv) since September 26, 2007, NPC and Sandoz Inc. have remained separately managed affiliated companies, and NPC otherwise respectfully refers the Court to Sandoz Inc.'s Answer.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 591.

592.     Denies each and every allegation set forth in numbered paragraph 592 of the Revised Amended Complaint as to NPC, except admits that the States of Illinois, Kentucky, and Wisconsin have filed lawsuits against NPC in connection with pharmaceutical pricing, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 592.

593.     Denies each and every allegation set forth in numbered paragraph 593 of the Revised Amended Complaint as to NPC, except admits that the States of Illinois, Kentucky, and Wisconsin have filed lawsuits against NPC in connection with pharmaceutical pricing and that Kentucky alleges a spread of 40% for Tegretol 200mg (NDC Code 00083-0027-30) in 2000.

594.     Denies each and every allegation set forth in numbered paragraph 594 of the Revised Amended Complaint as to NPC and denies the existence of a "Novartis/Sandoz Group," and states that: (i) prior to December 1, 2003, Sandoz Inc., a separately named and represented Defendant in this action, conducted business under the name Geneva Pharmaceuticals, Inc.; (ii)  prior to June 30, 2000, NPC and Sandoz Inc. were separately managed affiliated companies; (iii) between June 30, 2000 and September 26, 2007, Sandoz Inc. was an independently managed and operated subsidiary of NPC engaged in manufacturing, marketing, and selling generic drugs; and (iv) since September 26, 2007, NPC and Sandoz Inc. have remained separately managed affiliated companies, and NPC otherwise respectfully refers the Court to Sandoz Inc.'s Answer.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 594.

595.     Denies each and every allegation set forth in numbered paragraph 595 of the Revised Amended Complaint as to NPC and denies the existence of a "Novartis/Sandoz" [sic], and states that: (i) prior to December 1, 2003, Sandoz Inc., a separately named and

represented Defendant in this action, conducted business under the name Geneva Pharmaceuticals, Inc.; (ii)  prior to June 30, 2000, NPC and Sandoz Inc. were separately managed affiliated companies; (iii) between June 30, 2000 and September 26, 2007, Sandoz Inc. was an independently managed and operated subsidiary of NPC engaged in manufacturing, marketing, and selling generic drugs; and (iv) since September 26, 2007, NPC and Sandoz Inc. have remained separately managed affiliated companies, and NPC otherwise respectfully refers the Court to Sandoz Inc.'s Answer.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 595.

596.    Denies each and every allegation set forth in numbered paragraph 596 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

597.    Denies each and every allegation set forth in numbered paragraph 597 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

598.- 769.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraphs 598-769 of the Revised Amended Complaint.

770.    Denies each and every allegation set forth in numbered paragraph 770 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 770 states conclusions or characterizations of law, no response is required.

771.    Denies each and every allegation set forth in numbered paragraph 771 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 771 states conclusions or characterizations of law, no response is required.

772.    Denies each and every allegation set forth in numbered paragraph 772 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 772 states conclusions or characterizations of law, no response is required.

773.    Denies each and every allegation set forth in numbered paragraph 773 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 773 states conclusions or characterizations of law, no response is required.

774.    Denies each and every allegation set forth in numbered paragraph 774 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 774 states conclusions or characterizations of law, no response is required.

775.    Denies each and every allegation set forth in numbered paragraph 775 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 775 states conclusions or characterizations of law, no response is required.

776.    Denies each and every allegation set forth in numbered paragraph 776 of the Revised Amended Complaint as to NPC, except admits that NPC may keep certain competitively sensitive pricing information confidential, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the

extent numbered paragraph 776 states conclusions or characterizations of law, no response is required.

777.    Denies each and every allegation set forth in numbered paragraph 777 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

778.    Denies each and every allegation set forth in numbered paragraph 778 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 778 states conclusions or characterizations of law, no response is required.

779.    Denies each and every allegation set forth in numbered paragraph 779 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 779 states conclusions or characterizations of law, no response is required.

780.    Denies each and every allegation set forth in numbered paragraph 780 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 780 states conclusions or characterizations of law, no response is required.

781.    Denies each and every allegation set forth in numbered paragraph 781 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 781 states conclusions or characterizations of law, no response is required.

782.    Denies each and every allegation set forth in numbered paragraph 782 of the Revised Amended Complaint as to NPC, except admits that NPC may keep certain

competitively sensitive pricing information confidential, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent numbered paragraph 782 states conclusions or characterizations of law, no response is required.

783.    Denies each and every allegation set forth in numbered paragraph 783 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent numbered paragraph 783 states conclusions or characterizations of law, no response is required.

784.    Denies each and every allegation set forth in numbered paragraph 784 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent numbered paragraph 784 states conclusions or characterizations of law, no response is required.

785.    Denies each and every allegation set forth in numbered paragraph 785 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 785. To the extent numbered paragraph 785 states conclusions or characterizations of law, no response is required.

786.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 786 of the Revised Amended Complaint.

787.    Denies each and every allegation set forth in numbered paragraph 787 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent numbered paragraph 787 states conclusions or characterizations of law, no response is required.

788.   Denies each and every allegation set forth in numbered paragraph 788 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent numbered paragraph 788 states conclusions or characterizations of law, no response is required.

789.   Denies each and every allegation set forth in numbered paragraph 789 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent numbered paragraph 789 states conclusions or characterizations of law, no response is required.

790.   Denies each and every allegation set forth in numbered paragraph 790 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent numbered paragraph 790 states conclusions or characterizations of law, no response is required.

791.   NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 790 above.

792.   NPC states that no response is required to numbered paragraph 792 of the Revised Amended Complaint because this Court has already dismissed this cause of action.   To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 792 of the Revised Amended Complaint as to NPC, except admits that certain state Medicaid programs have at certain times paid for a portion of certain NPC drugs prescribed to their beneficiaries, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

793.   NPC states that no response is required to numbered paragraph 793 of the Revised Amended Complaint because this Court has already dismissed this cause of action.   To

the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 793 of the Revised Amended Complaint as to NPC, except admits that NPC is subject to a rebate agreement with the Secretary of the Department of Health and Human Services ("HHS") pursuant to which NPC reports certain pricing information to the federal government and remits rebate payments to the State of New York (and other participating states), and that these rebates lower the State of New York's cost of prescription drugs for Medicaid patients, respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of its provisions, and  otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 793.  To the extent numbered paragraph 793 states conclusions or characterizations of law, no response is required.

794.    NPC states that no response is required to numbered paragraph 794 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 794 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 794 states conclusions or characterizations of law, no response is required.

795.    NPC states that no response is required to numbered paragraph 795 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 795 of the Revised Amended Complaint as to NPC, respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set

forth in numbered paragraph 795.  To the extent numbered paragraph 795 states conclusions or characterizations of law, no response is required.

796.    NPC states that no response is required to numbered paragraph 796 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 796 of the Revised Amended Complaint as to NPC, respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 796.  To the extent numbered paragraph 796 states conclusions or characterizations of law, no response is required.

797.    NPC states that no response is required to numbered paragraph 797 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 797 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 797 states conclusions or characterizations of law, no response is required.

798.    NPC states that no response is required to numbered paragraph 798 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 798 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth

therein.  To the extent numbered paragraph 798 states conclusions or characterizations of law, no response is required.

799.    NPC states that no response is required to numbered paragraph 799 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 799 of the Revised Amended Complaint.   To the extent numbered paragraph 799 states conclusions or characterizations of law, no response is required.

800.    NPC states that no response is required to numbered paragraph 800 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 800 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 800 states conclusions or characterizations of law, no response is required.

801.    NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 800 above.

802.    NPC states that no response is required to numbered paragraph 802 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 802 of the Revised Amended Complaint as to NPC, except admits that certain state Medicaid programs have at certain times paid for a portion of certain NPC drugs

prescribed to their beneficiaries, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

803.    NPC states that no response is required to numbered paragraph 803 of the Revised Amended Complaint because this Court has already dismissed this cause of action. To the extent a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 803 of the Revised Amended Complaint as to NPC, and respectfully refers the Court to 42 U.S.C. § 1396r-8 and New York Social Services Law § 367-a(7)(d) for a full and complete reading of their provisions. To the extent numbered paragraph 803 states conclusions or characterizations of law, no response is required.

804.    NPC states that no response is required to numbered paragraph 804 of the Revised Amended Complaint because this Court has already dismissed this cause of action. To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 804 of the Revised Amended Complaint as to NPC, respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 804. To the extent numbered paragraph 804 states conclusions or characterizations of law, no response is required.

805.    NPC states that no response is required to numbered paragraph 805 of the Revised Amended Complaint because this Court has already dismissed this cause of action. To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 805 of the Revised Amended Complaint as to NPC, respectfully refers the Court to N.Y. Soc. Serv. L. § 367-a(7)(d) for a full and complete reading of its provisions, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 805.  To the extent numbered paragraph 805 states conclusions or characterizations of law, no response is required.

806.    NPC states that no response is required to numbered paragraph 806 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 806 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 806 states conclusions or characterizations of law, no response is required.

807.    NPC states that no response is required to numbered paragraph 807 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 807 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 807 states conclusions or characterizations of law, no response is required.

808.    NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 807 above.

809.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 809 of the Revised Amended Complaint, and respectfully refers the Court to New York Social Services Law § 145-b for a full and complete

reading of its provisions. To the extent numbered paragraph 809 states conclusions or characterizations of law, no response is required.

810. Denies each and every allegation set forth in numbered paragraph 810 of the Revised Amended Complaint as to NPC, respectfully refers the Court to Soc. Serv. L. § 145-b for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 810. To the extent numbered paragraph 810 states conclusions or characterizations of law, no response is required.

811. Denies each and every allegation set forth in numbered paragraph 811 of the Revised Amended Complaint as to NPC, respectfully refers the Court to Soc. Serv. L. § 145-b for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 811. To the extent numbered paragraph 811 states conclusions or characterizations of law, no response is required.

812. Denies each and every allegation set forth in numbered paragraph 812 of the Revised Amended Complaint as to NPC, respectfully refers the Court to N.Y. Soc. Serv. L. § 145-b for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 812. To the extent numbered paragraph 812 states conclusions or characterizations of law, no response is required.

813. Denies each and every allegation set forth in numbered paragraph 813 of the Revised Amended Complaint as to NPC, respectfully refers the Court to N.Y. Soc. Serv. L. § 145-b for a full and complete reading of its provisions, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 813.  To the extent numbered paragraph 813 states conclusions or characterizations of law, no response is required.

814.    NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 813 above.

815.    NPC states that no response is required to numbered paragraph 815 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 815 of the Revised Amended Complaint, and respectfully refers the Court to Regulations of the New York City Department of Health, 18 N.Y.C.R.R. § 515.2(b)(4) for a full and complete reading of its provisions.  To the extent numbered paragraph 815 states conclusions or characterizations of law, no response is required.

816.    NPC states that no response is required to numbered paragraph 816 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 816 of the Revised Amended Complaint, and respectfully refers the Court to Regulations of the New York Department of Health, 18 N.R.C.R.R. § 515.2(b)(5) for a full and complete reading of its provisions.  To the extent numbered paragraph 816 states conclusions or characterizations of law, no response is required.

817.    NPC states that no response is required to numbered paragraph 817 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To

the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 817 of the Revised Amended Complaint as to NPC, respectfully refers the Court to 18 N.Y.C.R.R. § 515.2(b)(4) and (5) for a full and complete reading of their provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 817. To the extent numbered paragraph 817 states conclusions or characterizations of law, no response is required.

818. NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 817 above.

819. NPC states that no response is required to numbered paragraph 819 of the Revised Amended Complaint because this Court has already dismissed this cause of action. To the extent a response may be required NPC denies each and every allegation set forth in numbered paragraph 819 of the Revised Amended Complaint as to NPC,, except admits that NPC is subject to a rebate agreement with the Secretary of HHS pursuant to which NPC reports certain pricing information to the federal government and remits rebate payments to the State of New York (and other participating states), and that these rebates lower the State of New York's cost of prescription drugs for Medicaid patients, respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 819. To the extent numbered paragraph 819 states conclusions or characterizations of law, no response is required.

820. NPC states that no response is required to numbered paragraph 820 of the Revised Amended Complaint because this Court has already dismissed this cause of action. To the extent a response may be required, NPC denies knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in numbered paragraph 820 of the Revised Amended Complaint.   To the extent numbered paragraph 820 states conclusions or characterizations of law, no response is required.

821.   NPC states that no response is required to numbered paragraph 821 of the Revised Amended Complaint because this Court has already dismissed this cause of action.   To the extent a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 821 of the Revised Amended Complaint, and respectfully refers the Court to 42 U.S.C. § 1396a (a)(25)(A) for a full and complete reading of its provisions.   To the extent numbered paragraph 821 states conclusions or characterizations of law, no response is required.

822.   NPC states that no response is required to numbered paragraph 822 of the Revised Amended Complaint because this Court has already dismissed this cause of action.   To the extent a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 822 of the Revised Amended Complaint, and respectfully refers the Court to 42 U.S.C. § 1396a (a)(25)(B) for a full and complete reading of its provisions.   To the extent numbered paragraph 822 states conclusions or characterizations of law, no response is required.

823.   NPC states that no response is required to numbered paragraph 823 of the Revised Amended Complaint because this Court has already dismissed this cause of action.   To the extent a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 823 of the Revised Amended Complaint, and respectfully refers the Court to N.Y. Soc. Serv. L. §§ 360a, 363 and

N.Y. Soc. Serv. L. § 145-(b) for a full and complete reading of their provisions.  To the extent numbered paragraph 823 states conclusions or characterizations of law, no response is required.

824.    NPC states that no response is required to numbered paragraph 824 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 824 of the Revised Amended Complaint as to NPC, and respectfully refers the Court to New York State's Medicaid Plan for a full and complete reading of its contents. NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 824.  To the extent numbered paragraph 824 states conclusions or characterizations of law, no response is required.

825.    NPC states that no response is required to numbered paragraph 825 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 825 of the Revised Amended Complaint, and respectfully refers the Court to New York Social Services Law § 367-a(7)(D) and 42 U.S.C. § 1396r-8 for a full and complete reading of their provisions.  To the extent numbered paragraph 825 states conclusions or characterizations of law, no response is required.

826.    NPC states that no response is required to numbered paragraph 826 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 826 of the Revised

Amended Complaint.   To the extent numbered paragraph 826 states conclusions or characterizations of law, no response is required.

827.   NPC states that no response is required to numbered paragraph 827 of the Revised Amended Complaint because this Court has already dismissed this cause of action.   To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 827 of the Revised Amended Complaint as to NPC, and respectfully refers the Court to N.Y. Soc. Serv. L. §§ 55, 61-62 for a full and complete reading of their provisions. NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 827.   To the extent numbered paragraph 827 states conclusions or characterizations of law, no response is required.

828.   NPC states that no response is required to numbered paragraph 828 of the Revised Amended Complaint because this Court has already dismissed this cause of action.   To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 828 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent numbered paragraph 828 states conclusions or characterizations of law, no response is required.

829.   NPC states that no response is required to numbered paragraph 829 of the Revised Amended Complaint because this Court has already dismissed this cause of action.   To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 829 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth

therein.  To the extent numbered paragraph 829 states conclusions or characterizations of law, no response is required.

830.    NPC states that no response is required to numbered paragraph 830 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 830 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 830 states conclusions or characterizations of law, no response is required.

831.    NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 830 above.

832.    Denies each and every allegation set forth in numbered paragraph 832 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 832 states conclusions or characterizations of law, no response is required.

833.    Denies each and every allegation set forth in numbered paragraph 833 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 833 states conclusions or characterizations of law, no response is required.

834.    Denies each and every allegation set forth in numbered paragraph 834 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 834 states conclusions or characterizations of law, no response is required.

835.     Denies each and every allegation set forth in numbered paragraph 835 of the Revised Amended Complaint as to NPC, respectfully refers the Court to N.Y. Soc. Serv. L §§ 367-b, 363-b(2) for a full and complete reading of their provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 835.   To the extent numbered paragraph 835 states conclusions or characterizations of law, no response is required.

836.     Denies each and every allegation set forth in numbered paragraph 836 of the Revised Amended Complaint as to NPC, respectfully refers the Court to N.Y. Soc. Serv. L. 363 for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 836.  To the extent numbered paragraph 836 states conclusions or characterizations of law, no response is required.

837.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 837 of the Revised Amended Complaint.  To the extent numbered paragraph 837 states conclusions or characterizations of law, no response is required.

838.     Denies each and every allegation set forth in numbered paragraph  838, including subparagraphs (a) through (d), of the Revised Amended Complaint as to NPC, respectfully refers the Court to New York's Social Services Law, § 367-a, and § 145-b and New York's Gen. Bus. Law § 349 for a full and complete reading of their provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 838.  To the extent numbered paragraph 838 states conclusions or characterizations of law, no response is required.

839.    Denies each and every allegation set forth in numbered paragraph  839 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 839 states conclusions or characterizations of law, no response is required.

840.    NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 839 above.

841.    Denies each and every allegation set forth in numbered paragraph 841 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 841 states conclusions or characterizations of law, no response is required.

842.    Denies each and every allegation set forth in numbered paragraph  842 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 842 states conclusions or characterizations of law, no response is required.

843.    Denies each and every allegation set forth in numbered paragraph  843 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 843 states conclusions or characterizations of law, no response is required.

844.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 844 of the Revised Amended Complaint and respectfully refers the Court to New York's Social Service Law § 366-b for a full and complete reading of its provisions.   To the extent numbered paragraph 844 states conclusions or characterizations of law, no response is required.

845.   Denies each and every allegation set forth in numbered paragraph 845 of the Revised Amended Complaint as to NPC, respectfully refers the Court to New York Social Services Law § 366-b for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 845 states conclusions or characterizations of law, no response is required.

846.   NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 845 above.

847.   NPC states that no response is required to numbered paragraph 847 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph  847 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 847 states conclusions or characterizations of law, no response is required.

848.   NPC states that no response is required to numbered paragraph 848 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 848 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 848 states conclusions or characterizations of law, no response is required.

849.   NPC states that no response is required to numbered paragraph 849 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent a response may be required, NPC denies each and every allegation set forth in numbered paragraph 849 of the Revised Amended Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent numbered paragraph 849 states conclusions or characterizations of law, no response is required.

NPC denies that Plaintiff is entitled to a judgment or any other relief requested as to NPC in the unnumbered "WHEREFORE" paragraph following numbered paragraph 849 of the Revised Amended Complaint.

850.   Denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in numbered paragraph 850 as to NPC and states that the Court has already dismissed the causes of action under N.Y. Soc. Serv. L. §§ 367-a(7)(d), 42 U.S.C. § 1396r-8, and 18 N.Y.C.R.R. 515.2(b)(4) and (5).

851.   Denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in numbered paragraph 851 as to NPC.

852.   Denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in numbered paragraph 852 as to NPC.

853.   NPC states that no response is required to numbered paragraph 853 of the Revised Amended Complaint because this Court has already dismissed this cause of action.  To the extent that a response may be required, NPC admits that Plaintiffs seek the relief requested in numbered paragraph 853, but denies that there is any basis in law or fact for Plaintiffs to obtain such relief as to NPC.

854.    Denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in numbered paragraph 854 as to NPC.

855.    Denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in numbered paragraph 855 as to NPC.

856.    Denies that there is any basis in law or fact for Plaintiffs to obtain  the relief requested in numbered paragraph 856 as to NPC.

857.    Denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in numbered paragraph 857 as to NPC.

858.    Denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in numbered paragraph 858 as to NPC.

## NOVARTIS PHARMACEUTICALS
## CORPORATION'S AFFIRMATIVE DEFENSES

By alleging the matters set forth below, NPC does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters, or that Plaintiffs are relieved of their burdens to prove each and every element of their claims and the damages, if any, to which they are entitled.  As and for its affirmative defenses, NPC alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against NPC upon which relief may be granted, and the Revised Amended Complaint should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have no standing or capacity to bring some or all of the claims raised in the Revised Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of NPC as alleged in the Revised Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs or the State of New York obtain recovery in any other proceeding predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against

NPC based on the Revised Amended Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all actions taken by NPC with respect to any of the matters alleged in the Revised Amended Complaint were taken in good faith and in accordance with established industry practice.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by federal law, including without limitation the Federal Medicare Act and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder, and by the existence and terms of written rebate agreement(s) with the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, including the State of New York, entitled "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement" (the "Rebate Agreement"), which was entered pursuant to 42 U.S.C. § 1396r-8 and purusant to which NPC reports certain specific pricing information to the federal government and to remit rebate payments to the State of New York based on that information.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by the Commerce Clause or the dormant Commerce Clause of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against NPC are barred because NPC has complied with all applicable regulations of the federal and state governments.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against NPC are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they violate NPC's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as under the Constitution of the State of New York, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## THIRTEENTH AFFIRMATIVE DEFENSE

NPC's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs attempt to seek equitable relief against NPC, they are not entitled to such relief because they have an adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against NPC for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement, and Modernization Act ("MMA") in 2003, which requires participating prescription drug manufacturers to report Average Sales Price ("ASP") quarterly and defines ASP as the manufacturer's "sales to all purchasers . . . in the United States for such drug or biological in the calendar quarter; divided by the total number of such units of

such drug or biological sold by the manufacturer in such quarter."  42 U.S.C. §§ 1396r-8(b)(3)42
& 1395w-3a(c)(1).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against NPC are barred, in whole or in part, due to their failure to join
indispensable parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against NPC are barred, in whole or in part, because of lack of
consideration and failure to suffer damages as a result of the matters alleged in the Revised
Amended Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any injuries sustained by
Plaintiffs were the result of their own conduct or the intervening or superceding conduct of third
parties.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against NPC for damages are barred, in whole or in part:  (i) because
they failed to mitigate their damages, and their failure to mitigate damages should
proportionately reduce the recovery of Plaintiffs and the allocation of any fault, if any exists,
attributable to NPC; (ii) by the doctrine of consent and/or ratification to the extent that Plaintiffs
have paid for products manufactured, marketed and sold by NPC after the filing of Plaintiffs'
original Complaint; and (iii) because they are speculative and remote, and because of the
impossibility of ascertaining and allocating those alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Any damages recovered by the Plaintiffs from NPC must be limited by the applicable statutory ceilings on recoverable damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to allege facts or a cause of action against NPC sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against NPC are misjoined with Plaintiffs' claims against other defendants and must be severed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs and/or their agents knew and were aware at all relevant times that AWP was not an average wholesale price or the actual acquisition cost of drugs and made their reimbursement choices with such knowledge.  Legal and equitable principles preclude this action for damages and injunctive relief, and the Due Process Clause of the U.S. Constitution and the Constitution of the State of New York, prohibiting the absolute and arbitrary abuse of power, preclude Plaintiffs from bringing claims and seeking damages as alleged in the Revised Amended Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state with particularity facts to support the claims of fraudulent conduct against NPC in the Revised Amended Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs fail to allege facts or a cause of action against NPC sufficient to support a claim for prejudgment interest or any other relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against NPC are barred, in whole or in part, because NPC did not make any false statements to Plaintiffs or their agents.  As to any statement asserted against NPC that Plaintiffs allege to be false or misleading, NPC had no reasonable grounds to believe, and did not believe at the time such statement was made, that the statement was false or misleading.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

NPC denies that Plaintiffs have valid claims against NPC under General Business Law § 349 and New York Social Services Law § 145-b and for common law fraud.  However, if such claims are found to exist, NPC pleads all applicable defenses under General Business Law § 349 and New York Social Services Law § 145-b and to common law fraud.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any allegedly fraudulent statement or conduct of NPC was not consumer-oriented as required under General Business Law § 349.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

NPC's conduct was neither "deceptive," misleading," or "unlawful" as required under General Business Law § 349.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs did not rely on the allegedly fraudulent statements or conduct of NPC.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against NPC under General Business Law § 349 are barred in whole or in part to the extent that the Act: (i) does not allow (or did not allow at the time the conduct was alleged herein) for recovery by indirect purchasers; and (ii) does not govern conduct that was primarily interstate in nature.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Any discounts that were provided by NPC were earned discounts and therefore appropriate business decisions.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Any alleged misconduct by NPC was not a substantial factor in Plaintiffs' decision to reimburse for NPC products.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

All rebates paid by NPC to the State of New York should be taken into account in determining the amount of damages, if any, to which Plaintiffs are entitled.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against NPC are barred in whole or in part by the existence and terms of the written rebate agreement(s) between NPC and the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, including the State of New York, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in Section XI of this Agreement," which was entered into pursuant to 42 U.S.C. §1396r-8 and requires NPC to report to the federal government the average discounted unit prices for its drugs and to remit rebate payments to the State of New York based on those average discounted unit prices.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief against NPC are barred by the doctrines of in pari delicto and/or unclean hands.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' prayers for relief in the form of restitution are barred, in whole or in part, because NPC did not retain any money belonging to the Plaintiffs as a result of any alleged overpayments, and by the existence of express, written agreements covering the subject matter of Plaintiffs' claims.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by NPC in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## FORTY-FIRST AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against NPC: (i) have no basis in law or fact; (ii) are not recoverable because the allegations of the Revised Amended Complaint are legally insufficient to support a claim for punitive damages against NPC; (iii) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give NPC prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of NPC's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York; (iv) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate NPC's due process and equal

protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of New York; (v) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against NPC for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of NPC's products would constitute impermissible multiple punishments for the same wrong, in violation of NPC's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of New York; (vi) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate NPC's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of New York; and (vii) cannot be sustained because any award of punitive damages, which are penal in nature, without according NPC the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate NPC's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of New York.

## FORTY-SECOND AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiffs' claims for punitive damages against NPC cannot be sustained because an award of punitive damages by a jury that: (i) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (ii) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of NPC; (iv) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (v) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and (vi) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate NPC's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of New York.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement" (the "Rebate Agreement"), which was entered pursuant to 42. U.S.C. § 1396r-8, constitutes the entire agreement with the State of New

York and governs the relationship between them, such that the provisions of General Business Law § 349 do not apply to the relations between the parties.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

NPC hereby adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.  NPC gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, Novartis Pharmaceuticals Corporation prays as follows:

That all claims contained in Plaintiffs' Revised Amended Complaint against it be dismissed with prejudice.

That it be awarded costs and attorneys' fees.

That it have such other and further relief as this Court deems just and proper.

Dated:   Boston, Massachusetts
August 13, 2008

Respectfully submitted,

/s/ Karen F. Green

/s/ Melissa B. Coffey
Karen F. Green (BBO# 209050)
Melissa Coffey (BBO# 660750)
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

-and-

Jane W. Parver
Saul P. Morgenstern
Mark D. Godler
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York  10022
Telephone:  (212) 836-8000
Facsimile:  (212) 836-8689

*Attorneys for Defendant
Novartis Pharmaceuticals Corporation*

**<u>Certificate of Service</u>**

I, Melissa Coffey, certify that pursuant to Case Management Order No. 2, I caused a copy of the foregoing document to be served on all counsel of record via electronic service by sending a copy to LexisNexis File & Serve for posting and notification to all parties in this action on this 13 day of Aug., 2008.

_/s/ Melissa Coffey_____