UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The City of New York, et al.*<br>*v.*<br>*Abbott Laboratories, et al.* | ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF JULY 30, 2008 ORDERS REGARDING CERTAIN DEFENDANTS' INDIVIDUAL MOTIONS TO DISMISS**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiffs respectfully submit the instant Motion for Reconsideration of certain aspects of the Court's July 30, 2008 Orders on Defendants' Individual Motions to Dismiss the above-captioned action. Pursuant to Rule 59(e) and Rule 6(a) of the Federal Rules of Civil Procedure, Plaintiffs timely submit this motion within ten days of the Court's orders.

**BACKGROUND**

Plaintiffs filed their Consolidated Complaint on June 15, 2005. Docket No. 1304. On March 3, 2006, defendants filed a joint motion to dismiss and certain defendants filed individual motions to dismiss. The parties engaged in motion practice and the Court issued an order on April 2, 2007, which denied in part and allowed in part defendants' motions. *City of New York et al. v. Abbott Labs, Inc. et al.*, 2007 WL 1051642 (MDL 1456, April 2, 2007); Docket No. 3979. The parties then participated in a May 16, 2007 status conference in which the Court gave plaintiffs leave to file an amended complaint. Plaintiffs filed the First Amended Consolidated

Complaint ("FACC") on June 8, 2007.  Docket No. 4302.  Defendants filed a joint motion to dismiss the FACC on June 22, 2007.  A number of defendants filed individual motions to dismiss on that same date.  Oral argument on the motions to dismiss the FACC took place on July 26, 2007.  The transcript of that hearing is attached as Exhibit A. On July 30, 2007, the Court ruled on defendants' joint motion to dismiss.  *In re Pharmaceutical Industry Average Wholesale Price Litigation, City of New York et al. v. Abbott Labs, Inc., et al.*, 498 F.Supp.2d 402 (D. Mass 2007); Docket No. 4540.

For purposes of this motion, the relevant aspects of the July 30, 2007 ruling are:  (1) the Court denied defendants' joint motion to dismiss "with respect to new NDCs and spreads pleaded in the FACC" so long as the "new NDCs and spreads" pertained to drugs previously identified in the Consolidated Complaint; and (2) with respect to drugs often referred to as Physician Administered Drugs ("PADs"), the Court ruled that "[t]he plaintiffs have, at this stage of the proceedings, adequately alleged that the Counties reimbursed for [PADs] on the basis of false or inflated Average Wholesale Prices submitted by defendants." *Id.* at 405.

Also relevant is that, at the July 26, 2007 hearing, the Court ordered plaintiffs to file a revised exhibit setting forth the detailed spread allegations for each subject drug.  *See* July 26, 2007 Transcript (Exh. A hereto) at 23:17-24:7.  Plaintiffs abided the Court's instruction and filed a Revised Exhibit B to the FACC on September 28, 2007 ("FACC Revised Exhibit B").  Docket No. 4754.  At defendant Novartis's request, plaintiffs filed an amended Novartis Exhibit B on November 5, 2007.  Docket No. 4871.

## THE JULY 30, 2008 ORDERS

As stated above, the Court ruled on defendants' joint motion to dismiss the FACC on July 30, 2007.  The Court did not, however, rule at that time on the individual motions to dismiss the

FACC that had been filed. To the extent any disposition of those motions was needed, rulings were issued exactly one year later, or on July 30, 2008. The July 30, 2008 rulings concerned the individual motions of Amgen, AstraZeneca, Bayer, Ben Venue, Boehringer Ingelheim, Chiron, Eli Lilly, Endo, Hoffman LaRoche, Medimmume, Novartis, Pfizer, Purdue and TAP. By this motion, plaintiffs seek reconsideration or clarification of the orders pertaining to a subset of this group. We summarize here the issues of concern for each.

**Amgen.** Reversing the PAD ruling set forth in its July 30, 2007 order, the Court's July 30, 2008 Amgen Order dismissed plaintiffs' claims for PADs after June 1994. *See* July 30, 2008 Amgen Order [Docket No. 5475] attached as Exh. B. This reversal was made without any explanation whatsoever. *Id.* Plaintiffs respectfully submit that this reversal was made in error and possibly due to oversight. As set forth herein, during both oral argument on the joint motion to dismiss the FACC and in its July 30, 2007 order, the Court agreed that plaintiffs' claims for PADs reimbursed on AWP would not be dismissed from the instant case. *See* discussion at Point I, *infra*. There is nothing whatsoever in Amgen's individual motion to suggest the Court's July 30, 2007 PAD ruling was made in error. Amgen never moved for reconsideration of the July 30, 2007 PAD ruling. The record simply does not support the July 30, 2008 reversal of this Court's prior PAD ruling.

The July 30, 2008 Amgen Order also dismissed claims for Amgen drugs other than Neupogen on the grounds that "only a spread for Neupogen is specified in the Complaint". *Id.* In fact, plaintiffs have also alleged spreads for Aranesp, Enbrel, Epogen and Infergen. *See* FACC Revised Exhibit B-3, attached as Exh. C. As set forth below, each of these FACC Amgen drugs were also identified in plaintiffs' Consolidated Complaint, filed June 15, 2005. Plaintiffs respectfully submit that there is no basis for dismissing their claims as to these Amgen drugs.

3

**Bayer.**  Plaintiffs only seek reconsideration of that part of the Court's order on Bayer's individual motion that represented a reversal of the July 30, 2007 ruling on plaintiffs' PAD claims.  *See* July 30, 2008 Bayer Order [Docket No. 5471]  attached as Exh. D.

**Chiron.**  Plaintiffs seek reconsideration of that part of the Court's July 30, 2008 order on Chiron's individual motion that dismissed "six new NDCs" from the FACC. *See* July 30, 2008 Chiron Order [Docket 5474] attached as Exh. E.  As set forth more fully below, each of these NDCs pertain to Chiron drugs that were previously identified in plaintiffs' Consolidated Complaint, filed June 15, 2005.  As such, pursuant to the Court's July 30, 2007 order, the NDCs are not "new" and should remain in the case.

**Eli Lilly**.  Plaintiffs seek reconsideration of that part of the Court's July 30, 2008 order on Eli Lilly's individual motion that dismissed all drugs other than Vancocin, Humalog and Zyprexa from the case.  The Court reasoned that "plaintiffs do not allege any fraudulent spreads in Exhibit B with respect to any other subject drugs".  *See* July 30, 2008 Eli Lilly Order [Docket 5470] attached as Exh G.  In fact, FACC Revised Exhibit B-13 alleges fraudulent spreads for nine other Lilly drugs: Darvocet, Darvon, Evista, Glucagon, Gemzar, Humatrope, Humulin, Nebcin, Prozac.[1]  *See* NY FACC Exhibit B-13 attached as Exh. H. And, as set forth more fully below, each of these Lilly drugs was also identified in plaintiffs Consolidated Complaint of June 15, 2005.  Plaintiffs respectfully submit that, pursuant to the Court's July 30, 2007 order, Lilly's motion to dismiss plaintiffs' claims for these nine drugs should not have been granted.

**Endo.**  Plaintiffs only seek reconsideration or clarification of that part of the Court's July 30, 2008 Endo order that references the relevant Endo Exhibit B.  The Court made reference to

---

[1]  FACC Revised Exhibit B-13 inadvertently included the Eli Lilly drug Symbyax.  Symbyax was not identified in plaintiffs' Consolidated Complaint of June 15, 2005 and should not have been listed in FACC Revised Exhibit B-13.  Plaintiffs are not asserting any claims against Lilly for this drug.

4

Exhibit B-12.  *See* July 30, 2008 Endo Order [Docket 5469] attached as Exhibit I.  In fact, the operative Endo Exhibit is FACC Revised Exhibit B-14.  *See* FACC Revised Exhibit B-14 attached as Exh. J.

**MedImmune**.  Plaintiffs seek reconsideration of two aspects of the Court's July 30, 2008 ruling as to MedImmune.  First, as with Amgen, Bayer, and Roche Laboratories, plaintiffs seek reconsideration of the Court's reversal of its prior ruling on plaintiffs' PAD claims. *See* July 30, 2008 MedImmune Order [Docket 5477] attached as Exh. K.  Second, the Court dismissed all of plaintiffs' claims for Respigam and Synagis on the grounds that "plaintiffs have not alleged a spread in the complaint or Exhibit B".  *Id.* In fact, FACC Revised Exhibit B-23 pleads fraudulent spreads for Respigam and Synagis. *See* FACC Revised Exhibit B-23 attached as Exh.L.

**Novartis.**  Plaintiffs only seek reconsideration or clarification of that part of the Court's July 30, 2008 Novartis order that references the operative Novartis Exhibit B.  The Court made reference to Exhibit B-23. *See* July 30, 2008 Novartis Order [Docket 5466] attached as Exh. M. In fact, the operative Novartis Exhibits are FACC Revised Exhibits B-30a and B-30b.  *See* FACC Revised Exhibits B-30a and b attached as Exh. N.

**Pfizer.**  Plaintiffs seek reconsideration of that part of the Court's July 30, 2008 Pfizer order that dismissed plaintiffs' claims against Pfizer Group defendant Agouron on the grounds "there are no allegations that this company sold any of the subject drugs with a fraudulent spread".  *See* July 30, 2008 Pfizer order [Docket 5465] attached as Exh. O.  In fact, FACC Revised Exhibit B-28 alleges fraudulent spreads for 5 Agouron NDCs. *See* FACC Revised Exh. B-28 attached as Exh. P. The FACC itself alleges that Agouron manufactured and/or sold the drugs at issue in this matter.  *See* Docket No. 4302 at ¶¶ 64, 144-145, 615-617, *e.g.*

**Roche Laboratories**. Plaintiffs only seek reconsideration of that part of the Court's July 30, 2008 order on Roche Laboratories' individual motion that represented a reversal of the July 30, 2007 ruling on plaintiffs' PAD claims. *See* July 30, 2008 Roche Laboratories Order [Docket 5472] attached as Exh. Q.

## ARGUMENT

### I. Reconsideration of the July 30, 2008 Ruling Regarding PADs is Proper

The July 30, 2008 Orders on certain defendants' individual motions reverse, without any explanation, this Court's prior ruling regarding plaintiffs' PAD claims. As stated above, in its July 30, 2007 Order on defendants' joint motion to dismiss, this Court had determined that plaintiffs' claims regarding PADs reimbursed on the basis of AWP should not be dismissed. The Court ruled, "[t]he plaintiffs have, at this stage of the proceedings, adequately alleged that the Counties reimbursed for [PADs] on the basis of false or inflated Average Wholesale Prices submitted by defendants." *City of New York et al. v. Abbott Labs, Inc.,* 498 F.Supp.2d at 405.

This ruling was consistent with the Court's comments during the July 27, 2007 oral argument on defendants' joint motion to dismiss, *inter alia,* the PAD claims.

THE COURT: I understand. But the physician-administered drugs –

MR. TRETTER: I can explain that in two shakes, your Honor.

THE COURT: Yes

MR. TRETTER: Where we started is that when the drug is administered by a physician in a physician's office, it is not reimbursed on an AWP logic, and therefore, it is out of the case. Everybody agrees with that.

THE COURT: Right, and they still do.

MR. TRETTER: Now, you have the same drug that could be theoretically brown-bagged to the physician's office. In other words, it can be purchased or picked up

6

>by the Medicaid patient from a retail pharmacist, for example, and walked over to the doctor's office.  And in that case, what the plaintiffs are alleging is, the retail pharmacist is entitled to be reimbursed for that same physician-administered drug on an AWP logic.  So it's the situs of where it's infused or dispensed.
>
>THE COURT:  Okay, so why isn't that enough to count?
>
>MR. TRETTER:  Because what they do is, they have one allegation that we spent $1.4 billion on such non-physician providers.  And we say, and your Honor's –
>
>THE COURT:  They say they get it out of their records that they paid for these based on AWP, so they came from the pharmacy.
>
>MR. TRETTER:  Right, but what we're saying is that they don't have any particularization as to any county.  For instance, we don't' know whether Onondaga County …
>
>THE COURT:  Why does it matter?...
>
>MR. TRETTER:  I would like to just put a practical point on it your Honor.  I would like to know for a chemotherapy drug how much they're really contending was issued out of retail pharmacies and whether the retail pharmacies gets it at the doctor's price or –
>
>THE COURT:  You know what, that's why you have discovery.  I'm not doing that on a motion to dismiss…

*See* Transcript of July 26, 2007 hearing, 12:15-13:21, 16:16-22, attached as Exh. A hereto.

Notwithstanding the above colloquy and the July 30, 2007 ruling on defendant's joint motion to dismiss, on July 30, 2008, the Court reversed itself without explanation and allowed motions to dismiss plaintiffs' claims regarding PADs for the following four defendants:  Amgen, Bayer, MedImmune and Roche Laboratories.  *See* Exhibits B, D, K and Q hereto.  Plaintiffs respectfully submit that these July 30, 2008 rulings should be reconsidered in light of the Court's prior order.

As pleaded in the FACC itself (*See* ¶¶ 99-111) and as discussed in plaintiffs' opposition and sur-reply to defendants' joint motion to dismiss the FACC, every drug listed in Exhibit B to

7

the FACC was reimbursed based on either AWP or FUL when a claim was submitted by a Pharmacy Provider, even if the drug could also be physician-administered. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Joint Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint, Filed July 11, 2007, [Docket No. 4452] at 13, Section II. *See also* Plaintiffs' Sur-Reply Memorandum of Law in Further Opposition to Defendants' Joint Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint, Filed July 24, 2007, [Docket No. 4498] at 12, Section II. Thus, when a PAD or dual-channel drug is dispensed by a Pharmacy Provider, that drug is reimbursed based on AWP or FUL and this Court previously ruled that plaintiffs' claims for it should not be dismissed. *City of New York et al. v. Abbott Labs, Inc.,* 498 F.Supp.2d at 405. There is nothing in the record to suggest the July 30, 2007 ruling was in error. No defendant timely moved for reconsideration of that ruling. In short, it is respectfully submitted that there is simply no basis for a reversal of the July 30, 2007 order on this point, and the PAD-specific rulings set forth in the recent Amgen, Bayer, Hoffman-LaRoche and MedImmune Orders should be reconsidered.

**II. Certain Individual July 30, 2008 Rulings Should Be Reconsidered or Clarified**

    **A.    Amgen**

In addition to reversing itself without explanation on plaintiffs' PAD claims (*See* discussion, *supra*, at Point I), the July 30, 2008 Amgen order dismissed plaintiffs' claims with respect to all Amgen drugs except for Neupogen. *See* Exh. B hereto. The Court's reasoned that "a spread for only Neupogen is specified in the complaint." *Id*. In fact, FACC Revised Exhibit B-3 alleges fraudulent spreads for not only Neupogen, but also for Aranesp, Enbrel, Epogen and Infergen. *See* Exh. C hereto. Moreover, each of the above-listed Amgen drugs were previously

identified in Plaintiffs' Consolidated Complaint, filed June 15, 2005. *See* Docket 1304 at 72, n.14; 73, ¶ 235, and Exhibit A thereto.

The July 30, 2008 Amgen order also states that "[p]laintiffs list the 'subject drugs' it contends have fraudulent AWPs and Best Prices in Exhibit A:  Neupogen, Epogen and Infergen." *See* Exh. B hereto.  It appears the Court is here referring to Exhibit A of plaintiffs' Consolidated Complaint, filed June 15, 2005.  However, that is not the operative complaint in this case.   The operative complaint is the FACC filed June 8, 2007.  FACC Revised Exhibit B-3 sets forth the Amgen drugs at issue in plaintiffs' case.  *See* Exh. C hereto.

In all, plaintiffs respectfully request that the Court's July 30, 2008 order as to Amgen be reconsidered such that (a) Amgen's motion to dismiss be denied not only as to Neupogen, but also as to Aranesp, Enbrel, Epogen and Infergen; and (b) Amgen's motion to dismiss plaintiffs' claims for drugs commonly referred to as PADs be denied, consistent with this Court's July 30, 2008 ruling.

**B.     Chiron**

The Court's July 30, 2008 Chiron order denied Chiron's motion to dismiss the FACC "except with respect to the six new NDC's which were added without leave of Court in the Amended Consolidated Complaint."  *See* Exhibit E hereto.  In fact, all NDCs for which plaintiffs pled fraudulent spreads in FACC Revised Exhibit B-11 relate to Chiron drugs that were originally identified in plaintiffs' Consolidated Complaint, filed June 15, 2005.[2]

---

[2]     All at issue Chiron NDCs relate to the following drugs:  Leucovorin, Cytarabine, Doxorubicin, Methotrexate, Tobi, and Proleuken.  *See* FACC Revised Exhibit B-11 attached hereto as Exh. F.  Plaintiffs specifically pled fraudulent spreads for Cytarabine, Doxorubucin, leucovorin and Methotrexate in the body of the Consolidated Complaint filed June 15, 2005.  *See* Docket No. 1304 at 104-106, ¶ 391, ¶392, ¶394 and Exh. A thereto.

At the July 26, 2007 hearing the Court specifically ruled that it was proper for plaintiffs to add new NDCs and spreads for drugs that had already been identified in the Consolidated Complaint.

> THE COURT:  Let me just say, NDC is different.  Different NDCs can come in.
>
> MS. CICALA:  Right.

*See* Transcript of July 26, 2007, 9:17-10:4, attached hereto as Exhibit A. Consistent with this, the Court's July 30, 2007 order denied defendants' joint motion to dismiss new NDCs so long as the NDCs were associated with drugs previously identified in the Consolidated Complaint.  *See City of New York et al. v. Abbott Labs, Inc.,* 498 F.Supp.2d at 405. As such, none of the Chiron NDCs referenced in the July 30, 2008 Order can be properly described as "new."    Plaintiffs respectfully request that the Court reconsider this aspect of its July 30, 2008 Chiron order.

### C. Eli Lilly

In its July 30, 2008 order, the Court allowed Eli Lilly's motion to dismiss "with respect to all subject drugs except Vancocin, Humalog, and Zyprexa."  *See* Exh. G hereto.  The Court reasoned, "[p]laintiffs do not allege any fraudulent spreads in Exhibit B with respect to any other subject drugs."  *Id.*  In fact, FACC Revised Exhibit B-13 alleges fraudulent spreads for the following additional Eli Lilly drugs:  Darvocet, Darvon, Evista, Glucagon, Gemzar, Humatrope, Humulin, Nebcin, Prozac, Tazidime, and Vancomycin[3].  *See* Exh. H hereto.  Therefore, plaintiffs respectfully request that the Court reconsider its July 30, 2008 order regarding plaintiffs' claims for the above Eli Lilly drugs.

---

[3]  As stated, *supra*, in footnote 1, FACC Revised Exhibit B-13 inadvertently included the Eli Lilly drug Symbyax. Symbyax was not identified in plaintiffs' Consolidated Complaint and should not have been listed in Revised Exhibit B-13.  Plaintiffs are not asserting any claims against Lilly for this drug.

**D.     Endo**

The Court allowed defendant Endo's motion to dismiss all plaintiffs' claims "relating to subject drugs for which a fraudulent spread is not alleged (Ex. B-12). Otherwise, the motion is denied." *See* Exh. I hereto. The order appears to reference an outdated exhibit to a prior complaint. Plaintiffs' fraudulent spreads for Endo drugs are set forth in FACC Revised Exhibit B-14. *See* Exh. J hereto. Plaintiffs respectfully request that the Court's July 30, 2008 rulings be clarified to reflect the operative Endo exhibit, FACC Revised Exh. B-14.

**E.     MedImmune**

In addition to reversing without explanation its July 30, 2007 ruling denying defendants' joint motion to dismiss plaintiffs' PAD claims, the Court's July 30, 2008 MedImmune order dismissed plaintiffs' claims with respect to "subject drugs Respigam and Synagis for which plaintiffs have not alleged a spread in the complaint or Exhibit B." *See* Exh. K hereto. In fact, FACC Revised Exhibit B-23 pleads fraudulent spreads for all MedImmune subject drugs, including Respigam and Synagis. *See* Exhibit L hereto. Plaintiffs respectfully request that the Court's July 30, 2008 ruling on MedImmune's motion to dismiss be reconsideresd such that (a) the motion be denied as to Respigam and Synagis claims; and (b) the motion to dismiss plaintiffs' claims for PADs be denied, consistent with the July 30, 2007 ruling.

**F.     Novartis**

The Court's July 30, 2008 order allowed Novartis's motion to dismiss "with respect to all drugs for which a spread is not specified in Exhibit B-23 and Paragraph 593." *See* Exh. M hereto. The order appears to reference an outdated exhibit to a prior complaint. Plaintiffs' fraudulent spreads for Novartis drugs are set forth in FACC Revised Exhibits B-30a and b. *See*

Exh. N hereto.  Plaintiffs respectfully request that the Court's July 30, 2008 ruling be clarified to reflect the operative Novartis exhibit, FACC Revised Exhibit  B-30a and B-30b.

> **G.** **Pfizer**

In the Court's July 30, 2008 Pfizer order, the Court dismissed all  claims against Agouron Pharmaceuticals, Inc. ("Agouron") "because there are no allegations that this company sold any of the subject drugs with a fraudulent spread.  See Exhibit B."  *See* Exh. O hereto.  In fact, FACC Revised Exhibit B-28 specifically alleges fraudulent spreads for 5 Agouron NDCs, with the labeler code 63010.  *See* Exh. P hereto.  These five NDCs are for the Agouron drugs:  Rescriptor and Viracept.  Both Rescriptor and Viracept were identified in Exhibit A to the Consolidated Complaint, filed June 15, 2008.  *See* Docket 1304 at 77, 78.  These are not "new drugs."  *See City of New York v. Abbott Labs, Inc., et al.*, 498 F.Supp.2d at 405.  Moreover, the FACC itself alleges that Agouron manufactured and/or sold the drugs at issue in this matter.  *See* FACC [Docket 4302], at ¶¶64, 144-145, 615-617, *e.g.*  Plaintiffs respectfully request that the Court reconsider its July 30, 2008 order insofar as it concerns plaintiffs' claims for Agouron drugs.

## CONCLUSION

For all the foregoing reasons, plaintiffs' motion for reconsideration should be granted in all respects.

Dated:  August 13, 2008

>Respectfully submitted,
>
>**City of New York and New York Counties in MDL 1456 except Nassau and Orange by**
>
>**KIRBY McINERNEY, LLP**
>825 Third Avenue
>New York, New York 10022
>(212) 371-6600
>
>/s/ Joanne M. Cicala_____
>By:   Joanne M. Cicala, Esq.
>       James P. Carroll Jr., Esq.
>       Aaron D. Hovan, Esq.
>       Jocelyn R. Normand, Esq.
>       Kathryn B. Allen, Esq.
>
>
>Ross B. Brooks, Esq.
>MILBERG LLP
>One Pennsylvania Plaza
>New York, NY  10119
>(212) 594-5300
>*Special Counsel for the County of Nassau*
>
>Theresa A. Vitello, Esq.
>LEVY PHILLIPS &
>KONIGSBERG, LLP
>800 Third Avenue
>New York, NY  10022
>(212) 605-6205
>*Counsel for the County of Orange*

CERTIFICATION PURSUANT TO LOCAL RULE 7.1

The undersigned counsel certifies pursuant to Local Rule 7.1(a)(2) that she conferred with counsel for defendants on the issues raised in this motion. Counsel for Chiron and Novartis kindly indicated that they would review plaintiffs' filed motion and thereafter inform the Court and plaintiffs if they did not object.

Counsel for Pfizer and Endo expressly stated that they did not consent to plaintiffs' motion.

Counsel for Eli Lilly and MedImmune indicated *sub silentio* that they did not consent to plaintiffs' motion.

Other counsel indicated that they would not or could not assent to plaintiffs' motion without reviewing the actual submission prior to filing. Regrettably, timing prevented such a pre-filing review of plaintiffs' final motion.

/s/ Joanne M. Cicala
Joanne M. Cicala

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 13th day of August, 2008 she caused a true and correct copy of Plaintiffs' Motion for Reconsideration of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions to Dismiss to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

/s/ Kathryn Bale Allen
Kathryn Bale Allen
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600