

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>*State of Iowa* v. *Abbott Labs., Inc., et al.*<br>S.D.IOWA 4:07-CV-00461-JAJ-CFB | Civil Action No.<br>01-CV-12257-PBS<br><br>Judge Patti B. Saris |

### PLAINTIFF'S MOTION FOR ENTRY OF IOWA CASE MANAGEMENT ORDER

Plaintiff, the State of Iowa ("Plaintiff" or "Iowa"), through its undersigned counsel, respectfully files this Motion for Entry of Iowa Case Management Order ("Iowa CMO") and states:

### BACKGROUND

Iowa filed its Complaint on October 9, 2007. Subsequently, defendants moved to dismiss and oral argument was heard on June 26, 2008. At that argument, *inter alia*, the Court requested that the parties confer and submit a proposed joint case management order. The parties have done so and were able to agree on numerous aspects thereof. There are, however, particular areas where no agreement could be reached. This motion addresses those particulars.

The Proposed Iowa Case Management Order is attached hereto as Exhibit A. As described therein, text appearing in normal font is that on which both parties agree. Text in bold has been proposed by defendants. Text in italics has been proposed by Plaintiff. Each "disputed" provision is discussed below.

By this motion, plaintiff requests entry of an Iowa CMO that incorporates plaintiff's proposed text.

I. **GENERAL PROVISIONS**

**Paragraphs 2 – 3**

Paragraphs 2 – 3 of the General Provisions of the proposed Iowa CMO concern the signing of the MDL protective order and confidentiality. Plaintiff is of the view that the protective order in its case should be consistent with that which governs the Department of Justice cases pending in this MDL. Defendants disagree and seek to impose on Iowa more restrictive terms that do not reflect the Court's current thinking on how documents should be treated both in terms of confidentiality and in terms of sharing with other government entities litigating or investigating the same wrongs as those undergirding the Iowa Complaint.

Iowa sees no reasonable justification for accepting Defendants' outdated and more restrictive approach. Defendants' approach is, at bottom, an effort to complicate, delay and create inefficiencies that will hinder effective prosecution of the Iowa case. For these reasons, plaintiff respectfully submits that its version of Paragraphs 2-3 should be accepted.

**Paragraph 4**

Oral argument on defendants' motions to dismiss made clear that the Iowa case is going to proceed. *See, e.g.* Transcript of Motions Hearing ("Transcript"), June 26, 2008 at 6-7, 25, 29, 63-64. In light of this, Plaintiff has agreed to produce to defendants its claims data for the period 1992-2005. In turn, plaintiff requests that defendants provide it now with deposition transcripts from any cases or investigations involving the same facts as those undergirding Iowa's complaint. Defendants' response is that these transcripts can be produced in the ordinary course of discovery (which defendants seek to delay, see discussion of Paragraph 10 below). In plaintiff's view there is simply no good reason to delay the production of these clearly relevant transcripts. Plaintiff respectfully suggests that its version of Paragraph 4 should be entered.

**Paragraph 6**

As stated, the proposed Iowa CMO provides that Plaintiff will produce its claims data for the period 1992-2005 to defendants on or before November 1, 2008.  Plaintiff has no objection to this production given that it is clear from oral argument on defendants' motions to dismiss that the Iowa case is going to proceed.  *See, e.g.* Transcript of Motions Hearing ("Transcript"), June 26, 2008 at 6-7, 25, 29, 63-64.  In light of this, plaintiff acknowledges that there is no sound reason to delay production of this most basic and relevant information.  In turn, Plaintiff seeks production of defendants' AMP data for that same period of time.  Defendants refuse, however, and contend that they would prefer to produce AMPs in response to a discovery request.  Defendants then proceed to argue that discovery should not be permitted until the Court has issued an opinion on the motions to dismiss.  See discussion of Paragraph 10 below.  Clearly, Defendants' objective is to delay the efficient and effective prosecution of this case.  No other cause is served by their resistance to producing AMPs now, and their insistence on delaying discovery in general.  Plaintiff respectfully submits that Defendants' delay tactics should not be embraced by the Court and Plaintiff's version of paragraph 6 should be entered.

**II.**   **DISCOVERY PROVISIONS**

**Paragraph 10**

The transcript of the motions hearing on June 26, 2008 makes clear that the Iowa AWP case will proceed.  Transcript at 6-7, 25, 29, 63-64.  To this end, Plaintiff has committed already to produce its claims data by November 1, 2008.  *See* ¶ 5 of Proposed CMO and discussion above.  And yet, defendants seek to prevent any discovery from proceeding in the case pending a formal ruling from the Court on the motions to dismiss.  As stated above, this is a transparent and

unnecessary delay tactic. For all the reasons set forth herein, discovery should proceed forthwith and plaintiff's version of paragraph 10 should be entered.

## CONCLUSION

For all the foregoing reasons, Plaintiff's proposed language for the Iowa Case Management Order should be accepted.

Dated: August 8, 2008

                    Respectfully submitted,

                    KIRBY McINERNEY, LLP
                    *Special Counsel to the State of Iowa*

By:           /s/_____
                    Joanne M. Cicala (JC 5032)
                    James P. Carroll Jr. (JPC 8348)
                    Aaron D. Hovan (AH 3290)
                    825 Third Avenue
                    New York, New York 10022
                    (212) 371-6600


                    THOMAS J. MILLER, ATTORNEY
                    GENERAL FOR THE STATE OF IOWA

                    C. Roderick Reynolds
                    J. Bradley Horn
                    Assistant Attorneys General
                    Iowa Department of Justice
                    1305 E. Walnut St.
                    Hoover Bldg., 2nd Floor
                    Des Moines, IA  50319
                    (515) 281-4055

**CERTIFICATE OF SERVICE**

    I, Aaron D. Hovan, hereby certify that I caused a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR ENTRY OF CASE MANAGEMENT ORDER, to be served on all counsel of record via electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by submitting a copy to Lexis/Nexis File & Serve for posting and notification to all parties.

Dated: August 8, 2008　　　　　　　　　　　　　　　/s/ Aaron D. Hovan
　　　　　　　　　　　　　　　　　　　　　　　　Aaron D. Hovan