

21003387
Aug 8 2008
5:45PM

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | MDL No. 1456<br>Master File No.: 01-CV-12257-PBS<br>(original S. D. Iowa No. 4:07-cv-00461-JAJ-CFB)<br><br>Judge Patti B. Saris |

### [PROPOSED] IOWA CASE MANAGEMENT ORDER NO. __

[Text below appearing in normal font is that with which both parties agree. Text in bold has been proposed by the Defendants. Text in italics has been proposed by Plaintiff, State of Iowa. The individual (and sometimes competing) proposals are explained more thoroughly in individual submissions by Defendants and Plaintiff that are being filed separately.]

August ___, 2008

Saris, U.S.D.J.

WHEREAS, Plaintiff State of Iowa ("Plaintiff") filed a Complaint in the Southern District of Iowa on October 9, 2007; and

WHEREAS, the case was transferred to MDL 1456 by the Judicial Panel for Multidistrict Litigation on October 25, 2007; and

WHEREAS, certain Served Defendants (those defendants that properly have been served with process) moved to dismiss the Plaintiff's Complaint and oral argument was heard by this Court on that motion on June 26, 2008; and

WHEREAS, during the hearing on the Served Defendants' motions to dismiss, this Court requested that the parties submit a proposed CMO concerning scheduling of the case and other issues;

NOW THEREFORE, it is ORDERED, as follows:

GENERAL PROVISIONS

1. No party subject to this Order waives any jurisdictional, service of process, or other defense. This Order shall not have the effect of making any entity a party to this action unless it has been named, served, and added to this action in accordance with the Federal Rules of Civil Procedure or other orders of this Court. No party waives any rights under the Federal Rules governing joinder. This Order is made without prejudice to the right of any party to seek severance of any claim or action, or otherwise seek individual or distinct treatment of any claim or issue.

2. Within two weeks after the entry of this Case Management Order, Plaintiff, and all Served Defendants who have not previously done so, shall sign the Protective Order entered by this Court on December 13, 2002, as amended on June 8, 2004 and March 24, 2005. The Protective Order shall apply to all initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits and other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas,[ *with the following exceptions:*

   *(A) Paragraph 3, shall be amended consistent with the Court's edits to the Protective Order dated June 22, 2007 in U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al., No. 05-CV-11084-PBS as follows: The designation "CONFIDENTIAL" shall*

2

*be limited to information that any producing party, including any third party, in good faith, believes to contain (a) current proprietary or commercially sensitive information; (b) personal financial information; or (c) information that should be otherwise be subject to confidential treatment under Rule 26(c)(7) of the Federal Rules of Civil Procedure.*

*(B) Paragraph 5, shall be amended consistent with the Court's edits to the Protective Order dated June 22, 2007 in U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. V. Dey, Inc., et al., No. 05-CV-11084-PBS as follows: The designation "HIGHLY CONFIDENTIAL" shall be limited to current information that any producing party, including any third party, in good faith, believes to contain (a) current methods, procedures, and processes relating to the pricing of pharmaceuticals; (b) current marketing plans and methods; (c) current business planning and financial information; (d) trade secrets; (e) past or current company personnel or employee information; and )f) other "CONFIDENTIAL" information (as defined in Paragraph 3) the disclosure of which is likely to cause competitive or commercial injury to the producing party.*

*(C) Paragraphs 4 and 6, shall be amended consistent with the Court's edits to the Protective Order dated June 22, 2007 in U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. V. Dey, Inc., et al., No. 05-CV-11084-PBS allowing information designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL" to also be disclosed to "Law enforcement personnel including: (1) State Attorneys General, and any private counsel retained by such State Attorneys General, counsel of record for New York City and New York Counties, and their authorized subordinates, investigators, auditors, client agency personnel, or agents, in states and/or New York City and Counties that have active investigations or litigation of issues similar to those in this action, provided they have*

*executed a Certification attached hereto as Exhibit A on behalf of their office or firm; and, (2) United States Department of Justice Attorneys and United States Attorneys, their authorized subordinates, and contractors engaged for the purposes of assisting in active investigations or litigation of issues similar to those in this action.]*

(D) When responding to a discovery demand propounded by one or more Defendants in the above captioned action, the provisions of paragraph 9 of the Protective Order shall not be construed to require either Plaintiff State of Iowa or the Iowa Department of Human Services (or its successor) to notify any Defendant of the disclosure of that Defendant's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information (as defined in paragraphs 3 and 5 of the Protective Order), which would result from The State of Iowa's production in response to the discovery demand.

3. Plaintiff shall have access to all documents previously produced, to date, by the Served Defendants in MDL 1456 and in accordance with CMO 9. *[All documents more than five (5) years old from the date of this order will presumptively not fall within the designation of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" even if so stamped, unless agreed to by the Parties or ordered by the Court. No Party shall be required to de-designate or re-produce a non-stamped version of any document that has already been stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and falls within the presumption of this paragraph.]*

4. *[ Plaintiff also shall have access to all deposition transcripts and exhibits that have been generated in MDL 1456 or in any other lawsuit or government investigation in which that Defendant is or was alleged to have overstated the Average Wholesale Price (AWP), Wholesale Acquisition Cost (WAC) or Direct Price (DP), including state court AWP, WAC or DP price*

*reporting actions. Notwithstanding the language above, Defendants are not required to produce:*

> *(A) documents or deposition transcripts relating to drugs that are not identified in the State of Iowa's complaint; and*
>
> *(B) documents or deposition transcripts produced by a defendant that are not otherwise relevant to the claims asserted against that defendant in the State of Iowa's complaint, except that Defendants must produce "cross cutting" sales documents inclusive of broad based marketing documents, and all documents that reflect any alleged effort on the part of a defendant to market the spread, or to manipulate the published AWP, WAC or DP, for any drug marketed or sold by the same division or department as a drug identified in the State of Iowa's complaint. As to the aforementioned documents to be produced, they should include inter alia all documents regarding other drugs marketed and sold by a Defendant to the extent such documents show how a Defendant allegedly "marketed the spread." The aforementioned requirements also apply equally to Defendants' responses to all discovery demands propounded by Plaintiff, subject to any appropriate claim of privilege. Plaintiff likewise will not withhold documents from its Initial Disclosures or otherwise responsive to Defendants' discovery demands merely because the document(s) concern a drug or drugs not named in the operative Complaint, unless the document is withheld under an otherwise appropriate claim of privilege.]*

5. Defendants shall be provided with Iowa Medicaid claims data and accompanying data tables, data dictionaries, and all other information necessary to interpret the data, for all claims made by Iowa. The data shall span the period 1992 through 2005 and shall be identified by NDC. Documents and data shall be exchanged on or before November 1, 2008.

6.  *[Plaintiffs shall be provided defendants' AMPs for the period 1992 to 2003 for all at issue drugs with spreads of greater than 30% on or before November 1, 2008.]*

7.  The parties agree that, at the appropriate time, this case may be suitable for mediation. The parties agree to use Eric D. Green as a mediator and will work together to set up a mediation schedule. In no event will such mediation take place prior to such time as the parties exchange the documents and data described in Paragraphs 3-6, above.

8.  The parties have conferred and agreed that certification to the Iowa Supreme Court of the question of whether or not the State of Iowa may seek damages on its own behalf under the Iowa Consumer Fraud Statute will cause undue delay and will not meaningfully reduce the scope of discovery in this case, and is therefore not appropriate at this juncture.

9.  Nothing in this CMO precludes any party from filing in the future an appropriate motion for protective order, or extension of deadlines, or for relief from any provision herein for good cause, pursuant to Fed. R. Civ. P. 26(c).

DISCOVERY

10. **[Except as discussed herein, no other discovery shall be conducted in this case pending the Court's decision on the Served Defendants' motions to dismiss.]** The parties are not required to make the automatic disclosures described in prior CMOs or Fed. R. Civ. P. 26(a)(1), as applicable, until all of the Served Defendants' motions to dismiss have been adjudicated.

11. No discovery related to any drugs subject to the Federal Upper Limit or FUL shall proceed until such time as this Court has ruled on the viability of claims related to FUL drugs in connection with the Consolidated New York Counties case, which is also part of MDL 1456. In addition, as discussed at the June 26, 2008 hearing, no discovery shall proceed as to the

following drugs: (a) Lupron® (TAP), (b) Prevacid® (after December 3, 2001) (TAP), (c) Zoladex (AstraZeneca), and (d) Epogen® (Amgen), as relates to Amgen's marketing or sale of Epogen® used in the treatment of chronic renal disease, including end stage renal disease. Further, as discussed at the June 26, 2008 hearing, unless and until such time as Plaintiff can make a showing (through expert affidavit or otherwise) that discovery is appropriate, no discovery shall proceed as to: (a) all drugs with a "spread" of 30% or less, (b) Humalog (Eli Lilly), or (c) all Chiron drugs named in the Iowa complaint and included in the exhibits thereto.

12. Once discovery commences, Document Requests, Interrogatories, and Requests for Admission shall be subject to the following parameters:

> A. For purposes of this paragraph, each subpart of a discovery request shall count as a separate request.
>
> B. Defendants as a whole shall be permitted to serve 50 interrogatories on Plaintiff. In addition, individual Defendants shall each be permitted to propound an additional 25 interrogatories on Plaintiff. Plaintiff shall be permitted to serve 75 interrogatories on each Defendant.
>
> C. Defendants as a whole shall be permitted to serve a reasonable number of requests for production not to exceed 5 sets of such requests, and otherwise consistent with Fed. R. Civ. P. 34, on Plaintiff. In addition, individual Defendants shall each be permitted to propound an additional 2 sets of requests for production on Plaintiff. Plaintiff shall be permitted to propound 7 sets of requests for production of documents on each Defendant.

D. As otherwise consistent with Fed. R. Civ. P. 36, Defendants as a whole shall be permitted to propound 100 requests for admission that seek to authenticate documents, or to lay the predicate for admissibility under the business records exception to the hearsay rule, on Plaintiff. In addition, individual Defendants shall each be permitted to propound an additional 50 requests for admission that seek to authenticate or to lay the predicate for admissibility under the business records exception to the hearsay rule, on Plaintiff. Plaintiff shall be permitted to propound 150 requests for admission that seek to authenticate documents, or to lay the predicate for admissibility under the business records exception to the hearsay rule, on each individual Defendant.

E. As otherwise consistent with Fed. R. Civ. P. 36, Defendants as a whole shall be permitted to propound 100 requests for admission that do not seek to authenticate documents, or to lay the predicate for admissibility under the business records exception to the hearsay rule, on Plaintiff. In addition, individual Defendants shall each be permitted to propound an additional 25 requests for admission that do not seek to authenticate or to lay the predicate for admissibility under the business records exception to the hearsay rule, on Plaintiff. Plaintiff shall be permitted to propound 125 requests that do not seek to authenticate or to lay the predicate for admissibility under the business records exception to the hearsay rule, on each individual Defendant.

F. Any party seeking to serve discovery requests beyond those specified in Paragraphs 9(A) – 9(E) may do so by obtaining leave of Court, under a showing of good cause.

G. Any documents reasonably available in electronic format shall be provided in an electronic format that is feasible, usable and acceptable to both parties, including but not limited to OCR format. If issues regarding compatibility of computer systems and software arise, the parties shall confer to resolve the matters, including agreeing upon an acceptable format.

H. Except as otherwise agreed to by the parties or ordered by the Court, a party upon whom a document request is served shall serve a written response within 30 days after the service of such request in accordance with Fed. R. Civ. P. 34.

I. Except as otherwise agreed by the parties or as ordered by the Court, a party responding to a document request shall endeavor in good faith to produce all documents responsive to such request within 60 days of service of the request, subject to any objections. If a responding party objects only in part to a document request, that party shall endeavor in good faith to produce all documents responsive to the part of the request to which the party does not object within 60 days. The parties shall confer in good faith, and agree upon a reasonable rolling production, when the volume or nature of certain document requests renders the 60-day response period impracticable. The parties shall in good faith respond to reasonably tailored priority requests as soon as practicable.

  J. Privilege logs shall be provided on a rolling basis beginning 30 days after a production and shall continue to be provided on a rolling basis with a goal of completion 60 days after documents are produced. The privilege logs shall provide reasons for each document withheld from production, as well as for each redaction from a document produced. There shall be no redaction of documents by any party on any basis other than a bona fide claim of recognized lawful privilege or trade secret or confidential business protection. No stamps of "confidential" or the like shall obscure the text of the document.

13. Depositions shall be subject to the following parameters:

  A. The following deposition protocols apply to all non-expert deponents. The parties shall meet and confer separately on expert witness deposition protocols.

  B. Defendants will conduct depositions of Iowa Medicaid officials jointly. Unless otherwise agreed by the parties, depositions of Iowa Medicaid officials shall take place in Des Moines.

  C. Plaintiff's depositions of Defendants' current and former employees will be taken in the appropriate place-of-business locations as determined by respective Defense counsel unless otherwise agreed by the parties.

D. Only the time used by a party in the actual questioning of a witness shall count towards that party's or side's time limits on depositions set forth in this CMO. Time spent on breaks and discussion among counsel shall be excluded.

E. Unless otherwise ordered by the Court or agreed to by the parties, no deposition of any individual person shall last longer than 21 hours. The side taking the deposition shall have 14 hours for questioning, and the side defending the deposition shall have 7 hours for questioning. These limitations apply only to parties in this case.

F. Unless otherwise authorized by the Court or stipulated by the parties, all fact depositions shall be conducted in accordance with Fed. R. Civ. P. 30.

G. Videotaped depositions shall be permitted pursuant to Fed. R. Civ. P. 30(b)(2) and (3). The swearing or affirming of the witness shall be on camera. The camera shall, at all times, include within its field of vision only the deponent and/or an exhibit offered into evidence.

H. Fed. R. Civ. P. 30(b)(1) Depositions of Current or Former Employees of the Parties. Unless otherwise agreed between the parties, a requesting party wishing to take the deposition of a current or former employee of a party shall inform the responding party in a letter that identifies the name of the person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. As soon as practicable, the responding party shall contact the

requesting party with a proposed date or dates for the deposition, unless the party intends to move for a protective order regarding the deposition. With respect to requests for depositions of current employees, the parties agree to endeavor in good faith to provide a proposed date or dates within 10 business days from receiving the letter (except as agreed by the parties). With respect to the deposition of former employees, the parties will use best efforts to secure the deponent's attendance at deposition. If such efforts are unsuccessful, a subpoena may be necessary. When the deposition request letter does not identify the specific individual to be deposed, the responding party shall identify the witness testifying in response to the request. The parties shall confer regarding a mutually convenient time and place and the estimated length of the deposition. Absent good cause or agreement between the parties, the responding party shall propose a date or dates within 45 calendar days from the date of the requesting party's initial request. Any motion for protective order shall be filed no later than 30 calendar days from receipt of the initial request; any response to the motion for protective order shall be filed within 14 calendar days of the filing of the motion for protective order. The filing of a motion for protective order shall stay the deposition, pending adjudication or other disposition of the motion. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on Lexis Nexis File & Serve.

I. Fed. R. Civ. P. 30(b)(6) Depositions. Unless otherwise agreed by the parties, a requesting party wishing to take the deposition of a party under Fed. R. Civ.

P. 30(b)(6) shall send a letter to the responding party that describes with reasonable particularity the matters on which examination is requested, as required by Rule 30(b)(6). As soon as practicable but no later than 30 calendar days from receiving the letter (except as agreed by the parties), the responding party shall contact the requesting party, identifying the designated witness(es) and providing a proposed date or dates for the deposition, along with the party's objections to the topics, if any, unless the party intends to move for a protective order regarding the deposition. The parties shall confer regarding a mutually convenient time and place and the estimated length of the deposition. Absent good cause or agreement between the parties, the responding party shall propose a date within 45 calendar days from the date of the requesting party's initial request. Any motion for protective order shall be filed no later than 30 calendar days from receipt of the initial request; any response to the motion for protective order shall be filed within 14 calendar days of the filing of the motion for protective order. The filing of a motion for protective order shall stay the deposition, pending adjudication or other disposition of the motion. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on Lexis Nexis File & Serve.

J. Third-Party Depositions. A deposition of a third-party witness shall be initiated through service of a subpoena under Fed. R. Civ. P. 45. The subpoena shall provide at least 21 days notice of the initial setting of the deposition, unless otherwise agreed by the parties. The requesting party shall

confer with the third-party and opposing counsel regarding a mutually convenient time and place and the estimated length of the deposition. When the deposition is scheduled, the party serving the subpoena shall post the subpoena on Lexis Nexis File & Serve.

K. The deposition limits set forth in Local Rule 26.1 of the Rules for the District of Massachusetts, and in the Federal Rules of Civil Procedure, shall not apply to the parties in this matter unless otherwise specified herein.

L. Cross-Noticed Depositions. Absent agreement of all affected parties, a party in this case seeking to cross-notice a deposition in another AWP, DP or WAC case (*e.g.*, state Attorney General litigation) shall inform opposing counsel in writing as soon as practicable, preferably at least two weeks before the date of the scheduled deposition. When the deposition is cross-noticed, the party cross-noticing the deposition shall serve a notice of deposition and post the notice on Lexis Nexis File & Serve. A deposition (and exhibits) in another AWP, DP or WAC case that is cross-noticed by a party in this case may be used by any party in this case for any purpose or use that would be permitted if the deposition were taken in this case, as long as all parties to this case had notice of the deposition. A party may object to cross-noticing on relevancy or other grounds. If a party objects to such cross-notice, it will notify the noticing party promptly and, if the parties cannot reach an agreement, the objecting party shall move to quash or for a protective order.

ANSWERS AND PRE-TRIAL SCHEDULE

14.  Answers in this case shall be served within 30 days following a decision on the Served Defendants' motions to dismiss. In the event that the decision on the motions to dismiss requires Plaintiff to file an amended complaint, answers (or other responsive pleadings) will be due 30 days after service of the amended complaint.

15.  The parties propose the following pre-trial schedule:

| ACTION | DEADLINE |
| --- | --- |
| Parties to engage in mediation. | Fall 2008/TBD |
| All fact discovery completed. | December 1, 2009 |
| Plaintiff shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). | February 1, 2010 |
| Defendants shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). | April 1, 2010 |
| All expert depositions shall be completed. | May 1, 2010 |

Remaining deadlines will be set at a pre-trial status conference at a date to be determined.

SO ORDERED _____, 2008    _____
                                  PATTI B. SARIS
                                  UNITED STATES DISTRICT JUDGE