# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>IN RE PHARMACEUTICAL INDUSTRY )<br>AVERAGE WHOLESALE PRICE )<br>LITIGATION )<br>_____)<br>)<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>*The City of New York v. Abbott Labs., et al.* )<br>(S.D.N.Y. No. 04-CV-06054) )<br>*County of Suffolk v. Abbott Labs., et al.* )<br>(E.D.N.Y. No. CV-03-229) )<br>*County of Westchester v. Abbott Labs., et al.* )<br>(S.D.N.Y. No. 03-CV-6178) )<br>*County of Rockland v. Abbott Labs., et al.* )<br>(S.D.N.Y. No. 03-CV-7055) )<br>*County of Dutchess v. Abbott Labs., et al.* )<br>(S.D.N.Y. No. 05-CV-06458) )<br>*County of Putnam v. Abbott Labs., et al.* )<br>(S.D.N.Y. No. 05-CV-04740) )<br>*County of Washington v. Abbott Labs., et al.* )<br>(N.D.N.Y. No. 05-CV-00408) )<br>*County of Rensselaer v. Abbott Labs., et al.* )<br>(N.D.N.Y. No. 05-CV-00422) )<br>*County of Albany v. Abbott Labs., et al.* )<br>(N.D.N.Y. No. 05-CV-00425) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |

[Caption Continues on Next Page]

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO EXTEND TIME TO SUBMIT ANY EXPERT REPORTS RELATING TO THE <u>DESIGNATED FEDERAL UPPER LIMIT ("FUL") DRUGS</u>**

| | |
|---|---|
| *County of Warren v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00468) | ) |
| *County of Greene v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00474) | ) |
| *County of Saratoga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00478) | ) |
| *County of Columbia v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00867) | ) |
| *Essex County v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00878) | ) |
| *County of Chenango v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00354) | ) |
| *County of Broome v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00456) | ) |
| *County of Onondaga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00088) | ) |
| *County of Tompkins v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00397) | ) |
| *County of Cayuga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00423) | ) |
| *County of Madison v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00714) | ) |
| *County of Cortland v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs. et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |

| | |
|---|---|
| *County of Genesee v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |

Plaintiffs' request for yet another extension of time in which to file an expert report is based on faulty premises and omits to state material facts. In opposition to plaintiffs' motion, defendants state as follows:

1. Plaintiffs' motion suggests that Harris Devor, plaintiffs' purported expert, is too consumed with the State of Missouri's litigation against Warrick Pharmaceuticals Corporation ("Warrick") "to devote the uninterrupted time" necessary to complete his analysis in this case. *See* Decl. of Harris L. Devor, at ¶ 4 (hereinafter "Devor Decl.") [Docket No. 5507-3]. What plaintiffs' motion fails to mention is that Mr. Devor produced his initial damages calculation in the Missouri litigation on January 16, 2008, and was deposed on March 6, 2008 on all opinions that he is prepared to render in that case. *See* Decl. of John P. McDonald, at ¶¶ 2-3 (filed herewith). With regard to trial preparation, Mr. Devor himself avers that, "Since July of this year, I have been engaged in preparation for trial of the Missouri case against Warrick on a *frequent and regular basis*." Devor Decl., at ¶ 1 (emphasis added). It is, therefore, hard for defendants to imagine how there is not now time available in Mr. Devor's schedule to permit him to complete his work in this case. Indeed, the recent developments in the Missouri case, specifically the mistrial, should leave Mr. Devor and his staff with *more time*, not less in which complete their work. Given recent developments, Mr. Devor is not required to be in Missouri to testify or provide support in connection with Missouri's trial against Warrick.

2. Plaintiffs' motion further claims that the Missouri case "could be called for trial at any time" and that, as a result, this distraction – that Mr. Devor "must remain on call and be prepared at all times" – is preventing him from completing his work. Again, plaintiffs' assertions are at best misleading. *See* Pls.' Emergency Mot., at p. 2 [Docket No. 5507]. Leaving aside the somewhat baffling claim that the need to be "prepared at all times" is preventing Mr.

11261453_1.DOC                                             1

Devor from completing his work, and even accepting as true the theoretical possibility that the matter "could be called for trial at any time," the claims omit to state several significant facts: (1) As reported to defendants' counsel in mid-July, the State of Missouri's expert on the subject of liability, Dr. Theodore Marmor, is unavailable in September and the first half of October and, therefore, the State would not agree to a trial during that time, *see* Declaration of James J. Virtel, at ¶ 4 (hereinafter "Virtel Decl.") (filed herewith); and (2) Judge Dowd, who is presiding over the Missouri case, has inquired about trial settings starting on or after October 13, 2008, and has not once indicated that the case might be "called for trial at any time." *Id.* at ¶ 5.

3.  Finally, plaintiffs' motion makes much of "the fluctuations in the Missouri schedule." Pls.' Emergency Mot., at p. 3. However, boiled down to its essence, what the motion says (accurately) is that the trial date has been ***continued only once*** and only for two weeks from August 4, 2008, to August 14, 2008. What it neglects to mention on this point is that the two-week continuance was occasioned by the sudden death of Warrick's lead Missouri counsel, who died of a heart attack in the St. Louis airport. *See* Virtel Decl., at ¶ 2. Substitute counsel required at least a little time to prepare for trial. *Id.* at ¶ 3.

4.  On July 26, 2007 – now more than one year ago – at a hearing on defendants' renewed motion to dismiss in this case, this Court proposed and subsequently ordered "expedited" discovery on a limited number of drugs subject to plaintiffs' so-called "FUL fraud" allegations, noting at that time, "on the FULs, let's fast track that because that's really a big issue." 7/26/07 Hrg. Tr. 31:6-7. When plaintiffs sought their first extension of time in which to make FUL expert disclosures, defendants did not oppose the motion. *See* Pls.' Unopposed Mot. To Extend Pls.' Time to Submit Any Expert Reports Relating to the Designated Federal Upper Limit Drugs, at p. 2 [Docket No. 5428]. However, at that time, defendants made clear that they

were willing to go along with the request for an extension only if plaintiffs' request was their last such request. *Id.* Apparently, it was not. As defendants have indicated throughout, defendants are anxious to have these issues joined and presented to the Court for decision.

WHEREFORE, defendants respectfully request that Plaintiffs' Emergency Motion to Extend Time to Submit Any Expert Reports Relating to the Designated Federal Upper Limit Drugs be DENIED or, alternatively, if the Court is inclined to grant the motion that it indicate in its order that plaintiffs will not be granted any further continuances of time in which to file an expert report on FUL-related issues.

Respectfully submitted,

  /s/ John P. Bueker  
John T. Montgomery (BBO#352220)  
John P. Bueker (BBO#636435)  
Bryan R. Diederich (BBO#647632)  
Kim B. Nemirow (BBO# 663258)

ROPES & GRAY LLP  
One International Place  
Boston, Massachusetts 02110-2624  
(617) 951-7000

Attorneys for Schering-Plough Corporation, Schering Corporation, and Warrick Pharmaceuticals Corporation on behalf of their clients and all defendants in this matter

Dated:  August 21, 2008

## CERTIFICATE OF SERVICE

  I hereby certify that on August 21, 2008, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                   /s/ Renée A. Coshin
                   Renée A. Coshin