UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456 CIVIL ACTION: 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO: ) ) *The City of New York*, et al. ) ) *v.* ) ) *Abbott Laboratories, et al.* ) ) | Judge Patti B. Saris |

**DEFENDANT CHIRON CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE JULY 30, 2008 ORDERS REGARDING CERTAIN DEFENDANTS' INDIVIDUAL MOTIONS TO DISMISS**

Plaintiffs' Motion for Reconsideration should be denied. In spite of the Court's consistent warnings to Plaintiffs not to add new drugs, Plaintiffs did just that with respect to Chiron. Therefore, the Court properly dismissed the new Chiron drugs Plaintiffs added in the First Amended Consolidated Complaint ("FACC").

The law clearly and unambiguously disfavors a motion to reconsider: "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.' Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006) (internal citations omitted); *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

The Court was clear:  Plaintiffs were not to add new drugs.[1]  When Plaintiffs did so in the FACC, this Court correctly dismissed those claims.[2]  The Court knew what it was doing and did not overlook anything when it issued its Order.

Moreover, Plaintiffs' attempt to reintroduce these drugs is futile.  First, one of the six dismissed new drugs, TOBI® (NDC 53905-0065-01), would otherwise be dismissed because Plaintiffs failed to plead a fraudulent spread.  *See* FACC Ex. B-11.[3]  And second, discovery is stayed in this matter for all six of the dismissed drugs because discovery is stayed for the period prior to 1997 as well as to drugs with alleged spreads less than 30%.  *See* Case Management Order No. 33 (Sept. 14, 2007).  As opposing counsel is aware, Chiron divested itself of the entirety of its generic line of business in 1996,[4] and Plaintiffs allege a spread less than 30% for TOBI (NDC 53905-0065-01).  Therefore, even if these drugs were not dismissed from this matter, discovery is stayed as to all six of them.

Plaintiffs' burden under Fed. R. Civ. P. 59(e) is extremely high and Plaintiffs' Motion fails to point to any contrary rulings of this Court, nor facts properly plead, that should alter the Court's ruling.  *See Palmer*, 465 F.3d 24, 30 (upholding the district court's denial of the

---

[1] This Court specifically held "We're not adding new defendants, new drugs, nothing." May 16, 2007 Status Conference at 45:4-5, and "[A]ny new drug should go out." July 27, 2007 Motion Hearing at 9:7-8.

[2] This Court's Order stated: "The court **DENIES** Chiron Corporation's motions to dismiss the First Amended Consolidated Complaint and the Nassau County Complaint except with respect to the six new NDC's which were added without leave of Court in the Amended Consolidated Complaint."  July 30, 2008 Order Re: Chiron Corporation's Motion to Dismiss (Docket Nos. 2186, 4372).  The new NDC's were Leucovorin (NDC 53905-0052-10), Cytarabine (NDC 53905-0132-10), Doxorubicin (NDC 53905-0237-01), Methotrexate (NDC 53905-0031-10, 53905-0032-10), and TOBI (53905-0065-01).

[3] *See also* July 30, 2008 Order Re: Pfizer's Motion to Dismiss (Docket No. 2189); July 30, 2008 Order Re: Boehringer Ingelheim Corporation's Motion to Dismiss (Docket Nos. 2199, 4402); July 30, 2008 Order Re: Eli Lilly's Motion to Dismiss (Docket Nos. 2192, 4374); July 30, 2008 Order Re: Endo Pharmaceutical Inc.'s Motion to Dismiss (Docket Nos. 2198, 4386).

[4] The Court may take judicial notice of the public filings associated with this divestiture.  *See In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 6 n.2 (1st Cir. 1999) (identifying SEC filings as appropriate for judicial notice in a 12(b)(6) motion to dismiss).  Page 4 of Chiron's 1996 10-K discusses the divestiture of its generics business, including Leucovorin (NDC 53905-0052-10), Cytarabine (NDC 53905-0132-10), Doxorubicin (NDC 53905-0237-01), Methotrexate (NDC 53905-0031-10, 53905-0032-10), and is available on the Internet at http://www.secinfo.com/dRqWm.8bZ3.htm.

plaintiff's motion for reconsideration because it "did no more than reiterate the arguments she earlier had advanced").  Instead, Plaintiffs ask this Court to reverse itself on a vast cross-section of its Orders properly winnowing this matter.

Accordingly, Plaintiffs' Motion for Reconsideration should be denied.

Dated: August 22, 2008                             /s/ D. Jacques Smith
                                                                   D. Jacques Smith, Esq. (*pro hac vice*)
                                                                   Larri A. Short, Esq.
                                                                   ARENT FOX LLP
                                                                   1050 Connecticut Avenue, NW
                                                                   Washington, DC  20036-5339
                                                                   202/857-6000 – telephone
                                                                   202/857-6395 – facsimile
                                                                   smith.jacques@arentfox.com

                                                                   *Attorneys for Defendant*
                                                                   *Chiron Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 22, 2008, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

      /s/ D. Jacques Smith
      D. Jacques Smith, Esq. (*pro hac vice*)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Patti B. Saris |
| *The City of New York, et al.* | ) ) | |
| *v.* | ) ) | |
| *Abbott Laboratories, et al.* | ) ) | |

## PROPOSED ORDER

August _____, 2008

Saris, U.S.D.J.

The Court **DENIES** Plaintiffs' Motion for Reconsideration of the July 30, 2008 Orders Regarding Certain Defendants' Individual Motions to Dismiss as to Defendant Chiron.  Plaintiffs impermissibly amended their Complaint in contradiction of the Court's prior orders and rulings.

/s/ PATTI B. SARIS
United States District Judge
