## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: *City of New York et al. v. Abbott Laboratories, et al.*, Civ. Action No. 04-cv-06054, *et al.* | Judge Patti B. Saris |

## OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF JULY 30, 2008 ORDERS DISMISSING CLAIMS RELATED TO PHYSICIAN-ADMINISTERED DRUGS

Defendants Amgen Inc., Bayer Corp., Hoffmann-La Roche, Inc., Roche Laboratories, Inc., and MedImmune, Inc. oppose plaintiffs' motion to reconsider the Court's orders dismissing all claims relating to physician-administered drugs after June 9, 1994 (Docket Nos. 5471, 5472, 5477).[1]  "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'"  *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted).  "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law."  *Id.* (citation omitted).  The Counties' motion for reconsideration fails to meet this standard.

The Court correctly dismissed all claims based on physician-administered drugs after June 1994.  This is a fraud case, in which the Counties allege that the defendants concealed from the State of New York and the Counties that AWP did not reflect the "true prices" for

---

[1] While the order at docket number 5472 is titled "Order re: Roche Laboratories, Inc.'s Motion to Dismiss (Docket No. 2209)," the electronic docket entry correctly notes that the underlying motion was filed on behalf of both Hoffmann-La Roche, Inc. and Roche Laboratories, Inc.

Amgen Inc. joins in this opposition based upon its individual motion to dismiss claims with respect to physician-administered drugs after 1994.  *See* Docket Nos. 2551 and 4387.

drugs.  *See*, *e.g.,* FACC ¶ 113 (defendants "conceal their true prices"); ¶774 ("Each defendant who reported WAC or Direct Price or other reimbursement price information to the publishers concealed that the reimbursement prices did not accurately reflect the true prices at which defendants' products were sold.").  The Court's orders accurately reflect that the Counties cannot plausibly make such claims with respect to physician-administered drugs.

Since June 1994, the State of New York has paid for physician-administered drugs in two different ways, depending on where the drugs are dispensed.  Physician-administered drugs provided and billed separately by physicians are reimbursed at the "<u>actual cost</u> of the drugs."  N.Y. Soc. Serv. Law § 367-a(9)(a) (emphasis added).  But if these same drugs were to be dispensed by a pharmacy and brown-bagged to the physician's office, they would be reimbursed based on a formula that may include AWP or FUL.  N.Y. Soc. Serv. Law § 367-a(9)(b).

The Counties contend that the Court's dismissal of all claims relating to physician-administered drugs is overbroad because the Counties are pursuing claims only for those physician-administered drugs that were paid on the basis of AWP, and not claims for those very same drugs that were reimbursed at actual cost.  But the Counties cannot proceed with a claim that they believed that AWP reflected the actual cost of physician-administered drugs by simply asking the Court to ignore the fact that they knew <u>precisely</u> what the actual cost of those drugs was.  When a party "has the means available to him of knowing, by the exercise of ordinary intelligence, the truth, or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations."  *Congress Financial Corp. v. John Morrell & Co.*, 790 F. Supp. 459 (S.D.N.Y. 1992) (*quoting Danaan Realty Corp. v. Harris*, 157 N.E.2d 597 (N.Y.

1959)).  The Court's dismissal of all claims for physician-administered drugs thus reflects both common sense and New York law.

The statute of limitations provides yet another reason for denying the Counties' motion for reconsideration.  The State has been receiving and paying the "actual cost" of physician-administered drugs since June 1994 – far beyond the applicable limitations periods. (The statute of limitations is three years for the Counties' false statements and deceptive trade practices claims, and six years for the fraud and unjust enrichment claims.)  Although the Counties have made general allegations of fraudulent concealment, FACC ¶ 733 ("[e]ach defendant prevented the Counties from knowing what the actual pricing structures for the covered drugs were"), these allegations are patently unsustainable as to physician-administered drugs since providers have billed the "actual cost" of those drugs since June 1994.  Because the first county lawsuits were filed in 2003, any claims based on physician-administered drugs are time-barred.

In sum, the Counties have failed to provide any new evidence or demonstrate that the Court "committed a manifest error of law" in concluding that the Counties cannot recover for drugs for which providers billed (and the State paid) the "actual cost" of the drugs.  *Palmer*, 465 F.3d at 30.  The motion to reconsider the dismissal of claims for physician-administered drugs should therefore be denied.

Dated: August 22, 2008

Respectfully submitted,

/s/ Scott D. Stein_____
Richard D. Raskin
Michael P. Doss
Gary Feinerman
Scott D. Stein
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Counsel for Defendant Bayer Corporation on
behalf of the defendants listed below*

John Schmidtlein
Joseph E. Fluet
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005

*Counsel for Defendant MedImmune*

Colleen Hennessey
PEABODY & ARNOLD, LLP
30 Rowes Wharf
Boston, MA  02110
Telephone: (617) 951-2100
Facsimile: (617) 951-2125

Kevin R. Sullivan
Grace M. Rodriguez
Ann Malekzadeh
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20016
Telephone (202) 737-0500
Facsimile (202) 626-3737

*Counsel for Defendants Hoffmann-La Roche, Inc.
and Roche Laboratories, Inc.*

Frank A. Libby, Jr.
Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, MA 02110
Tel.: (617) 338-9300
Fax: (617) 338-9911

Steven F. Barley
Joseph H. Young
Jennifer A. Walker
Hogan & Hartson LLP
111 South Calvert Street, Suite 1600
Baltimore, MD 21202
Tel.: (410) 659-2700
Fax: (410) 539-6981

*Counsel for Defendant Amgen Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I caused a true and correct copy of the foregoing Opposition To Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Dismissing Claims Related To Physician-Administered Drugs to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.


/s/ Scott D. Stein

CH1 4303749v.8