UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | MDL NO. 1456 |
| LITIGATION ) | Civil Action No. 01-12257-PBS |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| ) | |
| *The City of New York v. Abbott Labs., et al.* ) | |
| (S.D.N.Y. No. 04-CV-06054) ) | |
| ) | |

### ELI LILLY'S OPPOSITION TO MOTION FOR RECONSIDERATION OF JULY 30, 2008 ORDER DISMISSING, IN PART, CLAIMS AGAINST ELI LILLY

Plaintiffs' motion for reconsideration should be denied, first, because it fails to meet the high standard of review applicable to motions for reconsideration and, second, because the Court's Order dismissing some of Plaintiffs' claims against Lilly is not manifest error.

"To obtain relief [on a motion for reconsideration], the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted). Tellingly, Plaintiffs' motion omits altogether any mention of the governing legal standard. Plaintiffs' motion presents no new evidence or arguments related to Eli Lilly. Plaintiffs do no more than relitigate matters already decided, which is precisely what they are not permitted to do. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).

The Court's July 30, 2008 Order dismissing some of the claims against Lilly is not a manifest error of law. Lilly had sought dismissal of all claims against it. The New York Counties had asked that all of its claims be permitted to proceed. The Court gave neither side everything that it sought.

The history of the New York Counties' claims against Lilly is instructive.  After multiple pleading cycles and oral argument, the Court dismissed all claims against Lilly (and other members of the "Suffolk 13") with prejudice.  That should have been the end of the case for Lilly.  Undeterred, Suffolk County, joined by other New York Counties, filed the exact same claims against Lilly yet again.  Even though the Counties' claims had already been dismissed with prejudice, the Counties contended that the Court's dismissal bound only one of the New York Counties, Suffolk County, but did not bind its sister New York Counties because, while they were represented by the same counsel, their cases had not yet been formally consolidated with Suffolk County's case at the time the "Suffolk 13" dismissal Order was entered.

Irrespective whether the Court's dismissal with prejudice applied to some or all of the New York Counties, the new allegations against Lilly were no better than the old ones.  In particular, in a cynical attempt to meet this Court's pleading rules and circumvent the Suffolk County dismissal with prejudice, the remaining New York Counties cherry-picked isolated days of pricing data, where the spread allegedly briefly exceeded 30% because the wholesaler did not immediately implement a Lilly price increase.  The Counties did not allege, nor can they allege, that they paid reimbursements for Lilly drugs based on reported spreads that "typically" exceeded 30%.  Tr. of Hearing dated July 26, 2007, at 22-23 (requiring allegations to be based on a typical or median price rather than an outlier price such as a "penny" price).

For three Lilly drugs that are the subject of this motion for reconsideration, Gemzar, Darvon and Darvocet, Plaintiffs allege that the spread was 31-32% for **one**

**business day only**.[1/]  For other Lilly drugs (e.g., Nebcin and Glucagon 1mg vial), the only allegations concern pricing before 1997, a time period barred by limitations (particularly given that the first-filed County case against Lilly, Suffolk County, was dismissed with prejudice) and not subject to discovery.  For other Lilly drugs (e.g., Evista and others), Plaintiffs did not allege any spreads over 30%.

Plaintiffs' contend, with one exception (Plaintiffs now admit that at least one Lilly drug improperly was added to the Complaint), that they did not add new Lilly drugs in their most recent Complaint.  This contention is without merit.  Plaintiffs' June 2005 Complaint alleged that "evidence of Lilly's improper marketing is in the 'Exhibit B charts.'"  However, Plaintiffs' Exhibit B charts contain no mention of Lilly whatsoever.

The Court, having reviewed these data and other contentions, allowed Lilly's motion to dismiss except with respect to three of its drugs, Vancocin, Humalog, and Zyprexa.  Lilly believes the Court should have dismissed the claims as to these three drugs as well.  The Court disagreed.  While the Court did not accept all of Lilly's contentions, Lilly does not contend that the Court's ruling was manifest error.  Neither was the Court's ruling dismissing some of the Counties' claims manifest error.

---

[1/]   While the Complaint alleges a three-day period for Darvon and Darvocet, only one of the three days was a business day.  The Complaint alleges only one day for Gemzar.

For all of these reasons, the Counties' motion for reconsideration should be denied.

Dated: August 25, 2008					Respectfully submitted,


							/s/ William A. Davis_____
							William M. Cowan, BBO#566940
							Mintz, Levin, Cohn, Ferris,
							  Glovsky and Popeo, P.C.
							One Financial Center
							Boston, MA 02111
							(617) 542-6000

							William A. Davis (*pro hac vice*)
							Mintz, Levin, Cohn, Ferris,
							  Glovsky and Popeo, P.C.
							701 Pennsylvania Avenue, Suite 900
							Washington, DC 20004
							(202) 434-7300

							Attorneys for Eli Lilly and Company

## CERTIFICATE OF SERVICE

I, William A. Davis, hereby certify that on this 25th day of August 2008, a true and correct copy of the foregoing Memorandum in Opposition was served on all counsel of record by electronic service pursuant to the Case Management Order entered in this case.

/s/ William A. Davis<br>William A. Davis

ACTIVE 4412056v.1