UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| BMS CLASS 1 SETTLEMENT | Judge Patti B. Saris |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF CLASS COUNSEL'S MOTION TO PRELIMINARILY APPROVE PROPOSED PLAN OF DISTRIBUTION FOR THE BMS CLASS 1 SETTLEMENT**

I, Steve W. Berman, duly declare under penalty of perjury as follows:

1.      I am a partner of Hagens Berman Sobol Shapiro LLP, resident in its Seattle, Washington, office, and I am Class Counsel for the Plaintiffs in the above-captioned matter.  I submit this declaration under penalty of perjury in support of Class Counsel's Motion to Preliminarily Approve Proposed Plan of Distribution for the BMS Class 1 Settlement.

2.      I was personally involved in the lengthy negotiations with BMS leading up to execution of the Memorandum of Understanding ("MOU") settling the Class 1 claims against BMS.  I have also been personally involved in subsequent negotiations with BMS regarding Classes 2 and 3.

3.      As the Court can see, the MOU does not grant BMS any rights to guide the proposed distribution of the settlement amount to Class 1.  This is because it was made clear during the mediation that Class Counsel would themselves develop and propose to the Court a distribution model, and that BMS would have no right to veto it.  Thus, as a threshold matter, we believe that Class Counsel retains the sole authority to recommend a distribution plan to the

- 2 -

Court and to do so without BMS's interference. Had the parties intended BMS to be able to guide the distribution plan, this would have been specified in the MOU, but it was not.

4. At no time during the negotiations did the parties discuss a requirement that Class members present proof that they were administered BMS's version of the drug covered by the J-Code. And had the topic been raised, Class Counsel would not have agreed to such a requirement, as it would substantially reduce the number of claims filed.

5. During the negotiations leading to the MOU, BMS never raised the prospect of engrafting the Court's June 21, 2007, Trial Ruling onto the distribution of the BMS Class 1 settlement proceeds. More specifically, BMS never sought, and Class Counsel never agreed to, a distribution plan that limited recovery to the drug-specific liability rulings contained in the Trial Ruling.

6. Nor did Class Counsel ever agree that any monies left over after all Class 1 claims were processed could be set aside for the benefit of Classes 2 and 3. Indeed, not only did BMS fail to bargain for this, BMS had the opportunity to settle the Class 2 and 3 claims during the mediation leading to the Class 1 proposed settlement <u>but expressly declined to settle those claims</u>. BMS chose to settle <u>only</u> Class 1 for $13 million, and there was no settlement of Classes 2 and 3 despite final proposals being exchanged with respect to those two classes at the end of the mediation.

Executed this 25th day of August, 2008.

                <u>/s/ Steve W. Berman</u>
                STEVE W. BERMAN

- 3 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF STEVE W. BERMAN IN SUPPORT OF CLASS COUNSEL'S MOTION TO PRELIMINARILY APPROVE PROPOSED PLAN OF DISTRIBUTION FOR THE BMS CLASS 1 SETTLEMENT**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 25, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                                   /s/ Steve W. Berman
                                                                  Steve W. Berman

001534-16 258621 V1