# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

IN RE PHARMACEUTICAL INDUSTRY ) MDL NO. 1456
AVERAGE WHOLESALE PRICE LITIGATION ) Civil Action No. 01-12257-PBS

_____

)
THIS DOCUMENT RELATES TO: ) Judge Patti B. Saris
)
*The City of New York v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 04-CV-06054) )
)
*County of Albany v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00425) )
)
*County of Allegany v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06231) )
)
*County of Broome v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00456) )
)
*County of Cattaraugus v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06242) )
)
*County of Cayuga v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00423) )
)
*County of Chautauqua v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06204) )
)
*County of Chemung v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06744) )
)
*County of Chenango v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00354) )
)
*County of Columbia v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00867) )
)
[Caption Continues on Next Page] )

# ANSWER AND AFFIRMATIVE DEFENSES OF BAYER CORPORATION TO
# REVISED FIRST AMENDED CONSOLIDATED COMPLAINT

*County of Cortland v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00881)   )
   )
*County of Dutchess v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 05-CV-06458)   )
   )
*County of Essex v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00878)   )
   )
*County of Fulton v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00519)   )
   )
*County of Genesee v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06206)   )
   )
*County of Greene v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00474)   )
   )
*County of Herkimer v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00415)   )
   )
*County of Jefferson v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00715)   )
   )
*County of Lewis v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00839)   )
   )
*County of Madison v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00714)   )
   )
*County of Monroe v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06148)   )
   )
*County of Nassau v. Abbott Laboratories, Inc., et al.*   )
(E.D.N.Y. No. 04-CV-5126)   )
   )
*County of Niagara v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06296)   )
   )
*County of Oneida v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00489)   )
   )
*County of Onondaga v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00088)   )
   )

*County of Ontario v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06373)   )
   )
*County of Orange v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 07-CV-2777)   )
   )
*County of Orleans v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06371)   )
   )
*County of Putnam v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 05-CV-04740)   )
   )
*County of Rensselaer v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00422)   )
   )
*County of Rockland v. Abbott Laboratories, Inc., et al.*   )
(S.D.N.Y. No. 03-CV-7055)   )
   )
*County of Saratoga v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00478)   )
   )
*County of Schuyler v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06387)   )
   )
*County of Seneca v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06370)   )
   )
*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00479)   )
   )
*County of Steuben v. Abbott Laboratories, Inc., et al.*   )
(W.D.N.Y. No. 05-CV-06223)   )
   )
*County of Suffolk v. Abbott Laboratories, Inc., et al.*   )
(E.D.N.Y. No. CV-03-12257)   )
   )
*County of Tompkins v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00397)   )
   )
*County of Ulster v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 06-CV-0123)   )
   )
*County of Warren v. Abbott Laboratories, Inc., et al.*   )
(N.D.N.Y. No. 05-CV-00468)   )

*County of Washington v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00408)  )
  )
*County of Wayne v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06138)  )
  )
*County of Westchester v. Abbott Laboratories, Inc., et al.*  )
(S.D.N.Y. No. 03-CV-6178)  )
  )
*County of Wyoming v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 03-CV-6379)  )
  )
AND  )
  )
*County of Yates v. Abbott Laboratories, Inc., et al.*  )
(W.D.N.Y. No. 05-CV-06172)

Defendant Bayer Corporation ("Bayer"), by and through its attorneys, hereby states as an Answer and Affirmative Defenses to the Revised First Amended Consolidated Complaint as follows:

## PRELIMINARY STATEMENT

The Revised First Amended Consolidated Complaint (the "Complaint") improperly refers to Bayer, other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Bayer.  Although this is insufficient to apprise Bayer of the allegations asserted against it, Bayer nevertheless attemptesto respond to Plaintiffs' allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of other persons or entities, Bayer is generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  Bayer answers Plaintiffs' allegations solely on behalf of itself, even when Plaintiffs' allegations refer to alleged conduct by Bayer and other persons or entities.

The Complaint also contains purported quotations from numerous sources.  In answering allegations consisting of quotations, Bayer's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted, or Bayer's reference to the full document instead of the quote, shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

Bayer denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations,

implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole.  In addition, Bayer specifically denies any allegations contained in headings, footnotes, and unnumbered paragraphs in the Complaint.  For ease of reference, Bayer has included in this Answer and Affirmative Defenses the caption used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, that caption.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

### SPECIFIC RESPONSES

To the extent the unnumbered paragraph immediately following the Table of Contents (the "Complaint's Introductory Paragraph") makes allegations against Bayer, Bayer denies them, except admits that the City of New York and certain New York Counties (collectively, the "Counties") have made allegations against numerous defendants, including Bayer.  To the extent the allegations of the Complaint's Introductory Paragraph are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1.       Bayer admits that the Counties seek to bring this action as alleged in Paragraph 1 of the Complaint, but Bayer denies that they are entitled to any relief.  Bayer also admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter by their national drug codes ("NDCs"), but denies any liability to Plaintiffs with respect to any such NDCs.  To the extent the remaining allegations in Paragraph 1 are directed at Bayer, Bayer denies them.  To the extent the remaining allegations in Paragraph 1 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

2.      Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 or the exhibit referenced therein.  To the extent the allegations in Paragraph 2 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

3.      Bayer admits that it pays Medicaid rebates to the State of New York and that such rebates lower the price New York Medicaid pays for Bayer's prescription drugs.  To the extent the allegations in Paragraph 3 refer to statutes, regulations or agreements, those sources speak for themselves, and any characterizations thereof are denied.

4.      To the extent the allegations in Paragraph 4 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 4 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

5.      The regulations cited in Paragraph 5 speak for themselves, and any characterizations thereof are denied.

6.      To the extent the allegations in Paragraph 6 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Bayer denies the remaining allegations of Paragraph 6.

7.      The statute referenced in Paragraph 7 speaks for itself, and any characterizations thereof are denied.

8.      Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      To the extent the allegations in Paragraph 9 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 9 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

10.     To the extent the allegations in Paragraph 10 are directed at Bayer, Bayer denies them, except Bayer admits that it has provided certain price information to certain industry pricing compendia.  To the extent the allegations in Paragraph 10 are directed at or concern the actions of parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

11.     To the extent the allegations in Paragraph 11 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 11 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

12.     To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

13.     To the extent the allegations in Paragraph 13 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 13 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 13 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth, except Bayer admits that CMS has established FULs for certain drugs.

14.     To the extent the allegations in Paragraph 14 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 14 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

15.     To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

16-17.     To the extent the allegations in Paragraphs 16-17 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraphs 16-17 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

18-19.     Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 18-19.

20.     Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent the allegations in Paragraph 20 refer to a Wall Street Journal article, the article speaks for itself, and any characterizations thereof are denied.

21.     Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 or the exhibit referenced therein.

22.     Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     To the extent the allegations in Paragraph 23 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 23 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

24.     To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

25.     To the extent the allegations in Paragraph 25 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 25 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

26.     Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.  To the extent the allegations in Paragraph 26 refer to a report of the Department of Health and Human Services, Office of Inspector General ("HHS OIG"), the report speaks for itself, and any characterizations thereof are denied.

27.     Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.  To the extent the allegations in Paragraph 27 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

28.     To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at Bayer, Bayer denies them.  Bayer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the

State of New York and by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average.  To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

29.     To the extent the allegations in Paragraph 29 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 29 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

30.     To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

31.     The statutes referenced in Paragraph 31 speak for themselves, and any characterizations thereof are denied.  Bayer admits that it pays Medicaid rebates as required by law.

32.     To the extent the allegations in Paragraph 32 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 32 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

33.     To the extent the allegations in Paragraph 33 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 33 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent

the allegations in Paragraph 33 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

34.     To the extent the allegations in Paragraph 34 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 34 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 34 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

35.     To the extent allegations in this paragraph are directed to Bayer, Bayer admits only that in April 2003, Bayer pled guilty to a one-count Information alleging that Bayer failed to list particular drugs with the Food and Drug Administration in violation of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*; that Bayer entered into a settlement covering these claims with federal and state governments, including New York; and that New York and other government agencies released all claims against Bayer related to the drugs that were the subject of the suit.  Bayer denies that Plaintiffs have accurately characterized the contents, findings, opinions, statements or conclusions of the matters leading to this settlement.  To the extent the remaining allegations in Paragraph 35 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 35 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

36.     To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

37.    Bayer admits that the Counties seeks the relief listed in Paragraph 37, but Bayer denies that they are entitled to any relief.  To the extent the remaining allegations in Paragraph 37 are directed at Bayer, Bayer denies them.  To the extent the remaining allegations in Paragraph 37 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

38.    Bayer admits that the Counties seek to bring this action as alleged in Paragraph 38, but Bayer denies that they are entitled to any relief.

39-40.    Paragraphs 39-40 state legal conclusions as to which no response is required.

41-42A.    To the extent the allegations in Paragraphs 41-42 and 42A refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Bayer denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 41-42 and 42A.

43.    Bayer denies the allegations in Paragraph 43, and refers to Case Management Order No. 33, dated September 14, 2007, ¶¶ 1, 3, for a statement of which plaintiffs are suing which defendants.

44.    To the extent the allegations in Paragraph 44 are directed at Bayer, Bayer denies them, except Bayer admits that it manufactures and sells prescription drugs and that it transacts business in the State and City of New York.  To the extent the allegations in Paragraph 44 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

45-51.    The allegations in Paragraphs 45-51 are directed to other defendants and require no response from Bayer.  To the extent a response is required, Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 45-51.

52.    Bayer Corporation admits that it is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania.  Bayer Corporation admits that it is a wholly-owned United States subsidiary of Bayer AG.  Bayer Corporation denies that it is involved in manufacturing and selling pharmaceuticals.  Bayer HealthCare Pharmaceuticals Inc., as successor in interest to Bayer Pharmaceuticals, is not a defendnat in this matter.  Bayer Corporation admits that Bayer HealthCare Pharmaceuticals Inc. is a Delaware corporation with its principal place of business at 6 West Belt, Wayne, New Jersey, and that Bayer HealthCare Pharmaceuticals Inc. is involved in manufacturing and selling pharmaceuticals.  Bayer otherwise denies the allegations in Paragraph 52.

53-84.    The allegations in Paragraphs 53-84 are directed to other defendants and require no response from Bayer.  To the extent a response is required, Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 53-84.

85-88.    The allegations in Paragraphs 85-88 are directed to unknown defendants and require no response from Bayer.  To the extent a response is required, Bayer denies that it was involved any conspiracy related to drug pricing with named or unknown defendants, and also denies that it has engaged in any "wrongful acts" related to drug pricing.

89.    To the extent the allegations in Paragraph 89 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

90.     To the extent the allegations in Paragraph 90 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Bayer admits that state participation in Medicaid is voluntary.

91-99.     To the extent the allegations in Paragraphs 91-99 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Bayer denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 91-99.

100.     Bayer admits that NDCs are assigned to prescription drugs and that the FDA assigns such codes, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100.

101-111.     To the extent the allegations in Paragraphs 101-111 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Bayer denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 101-111.

112.     Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, except admits that pricing compendia such as Blue Book publish AWPs and FULs, and further admits that it has provided certain price information to certain such compendia.

113.     To the extent the allegations in Paragraph 113 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 113 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent

the allegations in Paragraph 113 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

114-115.   To the extent the allegations in Paragraphs 114-115 are directed at Bayer, Bayer denies them.  Bayer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State of New York and by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average.  To the extent the allegations in Paragraphs 114-115 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 114-115 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

116-123.   To the extent the allegations in Paragraphs 116-123 are directed at Bayer, Bayer admits that the Medicaid statute includes a rebate provision, that it has entered into a rebate agreement with the Secretary of Health and Human Services ("HHS"), and that rebates help reduce state Medicaid drug expenditures.  Bayer further states that the rebate provision speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 116-123 refer to additional statutes, regulations or congressional reports, those sources also speak for themselves, and any characterizations thereof are also denied.

124-125.   To the extent the allegations in Paragraphs 124-125 refer to statutes, regulations, agreements, or actions taken by the federal government, those sources speak for themselves, and any characterizations thereof are denied.  Bayer denies that the Counties are intended third-party beneficiaries of Medicaid rebate agreements.

126.    To the extent the allegations in Paragraph 126 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Bayer admits that drug manufacturers report Best Prices and AMPs to HHS.

127-130.    To the extent the allegations in Paragraphs 127-130 refer to statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and any characterizations thereof are denied.  Bayer admits that it reports Medicaid information to HHS and pays rebates to States.  Bayer denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 127-130.

131.    The agreement referenced in Paragraph 131 speaks for itself, and any characterizations thereof are denied.

132.    To the extent the allegations in Paragraph 132 are directed at Bayer, Bayer admits that it has executed a rebate agreement with HHS.  Bayer further states that the rebate agreement speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 132 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 132 refer to the Model Rebate Agreement, that document also speaks for itself, and any characterizations thereof are also denied.

133-136.    The provisions of the Model Rebate Agreement referenced in Paragraphs 133-136 speak for themselves, and any characterizations thereof are denied.

137-143.    To the extent the allegations in Paragraphs 137-143 refer to statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and

any characterizations thereof are denied.  Bayer denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 137-143, except Bayer denies that the Counties are Medicaid payors or intended third-party beneficiaries of Medicaid rebate agreements.

144.    To the extent the allegations in Paragraph 144 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 144 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

145-149.    To the extent the allegations in Paragraphs 145-149 are directed at Bayer, Bayer admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at Bayer, Bayer denies them.  To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

150-153.    To the extent the allegations in Paragraphs 150-153 are directed at Bayer, Bayer denies them.  Bayer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State of New York and by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average.  To the extent the allegations in Paragraphs 150-153 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

154.    Paragraph 154 purports to contain a statement from HHS OIG, but Bayer denies knowledge or information sufficient to form a belief as to its accuracy because the source thereof

is not provided.  To the extent the source of the statement is provided, the source speaks for itself, and any characterizations thereof are denied.

155-158.    To the extent the allegations in Paragraphs 155-158 are directed at Bayer, Bayer denies them.  Bayer further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry pricing compendia.  To the extent the allegations in Paragraphs 155-158 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

159-165.    Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 159-165, except Bayer admits that PBMs are involved in administering and managing prescription drug benefit programs and that certain PBMs also operate mail order pharmacies.  To the extent the allegations in Paragraphs 159-165 refer to articles or reports, those sources speak for themselves, and any characterizations thereof are denied.

166.    To the extent the allegations in Paragraph 166 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 166 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

167.    Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

168-172.    To the extent the allegations in Paragraphs 168-172 are directed at Bayer, Bayer denies them, except that Bayer admits that it has executed a rebate agreement with HHS.

The rebate agreement speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 168-172 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 168-172 refer to statutes, regulations and the Model Rebate Agreement, those sources speak for themselves, and any characterizations thereof are denied.

173.    To the extent allegations in this paragraph are directed to Bayer, Bayer admits only that in April 2003, Bayer pled guilty to a one-count Information alleging that Bayer failed to list particular drugs with the Food and Drug Administration in violation of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*; that Bayer entered into a settlement covering these claims with federal and state governments, including New York; and that New York and other government agencies released all claims against Bayer related to the drugs that were the subject of the suit.  Bayer denies that Plaintiffs have accurately characterized the contents, findings, opinions, statements or conclusions of the matters leading to this settlement.  To the extent the remaining allegations in Paragraph 173 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 173 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 173 refer to statutes, regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

174-176.    To the extent the allegations in Paragraphs 174-176 are directed at Bayer, Bayer denies them, except that Bayer admits that it attempts to sell the drugs it manufactures, including through the use of discounts.  To the extent the allegations in Paragraphs 174-176 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 174-176 refer to statutes,

regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

177.    To the extent the allegations in Paragraph 177 are directed at Bayer, Bayer denies them, except admits that Bayer has resolved certain government investigations relating to pharmaceutical pricing.  To the extent the allegations in Paragraph 177 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

178-194.    To the extent the allegations in Paragraphs 178-194 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraphs 178-194 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 178-194 refer to reports, articles, letters, congressional hearing transcripts, or other documents, those sources speak for themselves, and any characterizations thereof are denied.

195.    To the extent the allegations in Paragraph 195 are directed at Bayer, Bayer denies them, except Bayer admits that its contracts with purchasers sometimes included discounts.  To the extent the allegations in Paragraph 195 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

196.    To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

197-313.   The allegations in Paragraphs 197-313 are directed to other defendants and require no response from Bayer.  To the extent a response is required, Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 197-313.

314.   Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314 or the exhibit referenced therein, except Bayer denies that it engaged in any "fraud," and states that Exhibits A and B to the Complaint have changed since the filing of the Complaint.

315.   Bayer denies the allegations in Paragraph 315 and the exhibit referenced therein, and states that Exhibits A and B to the Complaint have changed since the filing of the Complaint.

316-323.   To the extent Paragraphs 316-323 concern products and conduct covered by Bayer's 2001 or 2003 settlement agreements, Bayer states that the Court has dismissed those claims and therefore that no response is required.  To the extent a response is required, Bayer denies that it engaged in any wrongful conduct with respect to AWP or Best Price, and denies the remaining allegations of Paragraphs 316-323.

324.   Bayer admits that it has been named as a defendant in lawsuits filed by the states of Alabama, Illinois, Kentucky, Montana, Pennsylvania and Wisconsin, and denies that it engaged in any "wrongdoing."

325-326.   Bayer denies that it engaged in any wrongful conduct with respect to AWP and Best Price, and respectfully refers to its SEC filings for a discussion of any known government investigations of its pricing practices.  Bayer further states that it entered into a settlement agreement in 2001 with the federal and state governments, including the State of New

York, for claims relating to Koate, Kogenate, Konyne-80, Gamimune N 5%, Gamimune N 10%, and Thrombate III, in which the governments released all claims against Bayer related to the subject drugs.  Bayer denies any remaining allegations in Paragraphs 325-326.

327.    Bayer admits that in 2001 it reached a settlement agreement with the federal government and numerous state governments, including the State of New York, for claims related to Koate, Kogenate, Konyne-80, Gamimune N 5%, Gamimune N 10%, and Thrombate III.  By the 2001 settlement agreement, the governments, including the State of New York, released all claims related to the subject drugs in exchange for Bayer's payment of $14 million. Bayer denies any remaining allegations in Paragraph 327.

328.    Bayer denies that it engaged in any wrongdoing with respect to the reporting of drug prices.  The *qui tam* action cited in Paragraph 328 speaks for itself, and Bayer denies that Plaintiff has accurately characterized the contents, findings, opinions, statements or conclusions of the *qui tam* action.  Bayer admits that in 2001 it reached a settlement agreement with federal and state governments, including the State of New York, for claims related to Koate, Kogenate, Konyne-80, Gamimune N 5%, Gamimune N 10%, and Thrombate III.  The DOJ's January 23, 2001, press release cited in Paragraph 328 speaks for itself, and Bayer denies that Plaintiff has accurately characterized the statements of the press release.  Bayer denies any remaining allegations in Paragraph 328.

329-330.    Bayer denies that it engaged in any wrongdoing with respect to AWP.  Bayer states the 2001 settlement agreement and corporate integrity agreement cited in Paragraphs 329-330 speak for themselves, and Bayer denies that Plaintiff has accurately characterized the contents of the settlement agreement and corporate integrity agreement.  Bayer admits that in

2001 it entered a settlement agreement and corporate integrity agreement with federal and state governments, including the State of New York.  Bayer further admits that under the settlement agreement and corporate integrity agreement, it has provided federal and state governments, including the State of New York, with the quarterly average sale prices for all Bayer drugs since early 2001 and that the 2001 settlement agreement requires such reporting for a period of five years.  Bayer denies the remaining allegations in Paragraphs 329-330.

331.    Bayer denies that it engaged in any wrongdoing with respect to Medicaid reimbursements or drug pricing.  Bayer admits that in 2003, it entered a civil settlement agreement with federal and state governments, including the State of New York, to resolve allegations that it misrepresented the "Best Price" for two of its products, Cipro and Adalat CC. Bayer further admits that pursuant to this civil settlement agreement, it paid approximately $242 million.  Bayer further admits that in 2003, it entered a guilty plea to a one-count Information alleging that Bayer failed to properly list Cipro with the Food and Drug Administration in violation of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq., and that Bayer agreed to pay approximately $5.6 million in connection with the plea.  Bayer denies the remaining allegations in Paragraph 331.

332.    Bayer denies the allegation in Paragraph 332.  Bayer further states that in an order dated July 30, 2008, this Court dismissed any claims against Bayer based on sales between January 1993 and August 1999 of drugs covered by the 2001 settlement agreement and any claims based on Best Price for Cipro and Adalat CC during the time period covered by the 2003 settlement.  Bayer entered into these settlements to resolve the AWP and Best Price claims in this case.  Additionally, Bayer has been providing federal and state governments, including the State of New York, with the quarterly average sale prices for all Bayer drugs pursuant to the

2001 settlement agreement, further precluding any claims based on the reporting of drug prices after early 2001.

333-662.   The allegations in Paragraphs 333-662 are directed to other defendants and require no response from Bayer.  To the extent a response is required, Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 333-662.

663.   To the extent allegations in this paragraph are directed to Bayer, Bayer admits only that in April 2003, Bayer pled guilty to a one-count Information alleging that Bayer failed to list particular drugs with the Food and Drug Administration in violation of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*; that Bayer entered into a settlement covering these claims with federal and state governments, including New York; and that New York and other government agencies released all claims against Bayer related to the drugs that were the subject of the suit.  Bayer denies that Plaintiffs have accurately characterized the contents, findings, opinions, statements or conclusions of the matters leading to this settlement.  To the extent the remaining allegations in Paragraph 663 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 663 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

664-769.   The allegations in Paragraphs 664-769 are directed to other defendants and require no response from Bayer.  To the extent a response is required, Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 664-769.

770-772.   To the extent the allegations in Paragraphs 770-772 are directed at Bayer, Bayer denies them, except Bayer denies knowledge or information sufficient to form a belief as to the truth of the allegation that the Counties' Medicaid programs "spent over $20 billion for

defendants' drugs from 1992 – 2005." To the extent the allegations in Paragraphs 770-772 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

773-790.    To the extent the allegations in Paragraphs 773-790 are directed at Bayer, Bayer denies them.  Bayer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State of New York and by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average.  To the extent the allegations in Paragraphs 773-790 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 786 refer to *The Pink Sheet*, that document speaks for itself, and any characterizations thereof are denied.

## COUNT I

### VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8 (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

791.    In response to Paragraph 791, Bayer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 790.

792-800.    To the extent the allegations in Paragraphs 792-800 are directed at Bayer, Bayer states that the Court has dismissed them.  To the extent a response is required, Bayer denies the allegations as to itself.  To the extent the allegations in Paragraphs 792-800 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

## COUNT II

### VIOLATION OF N.Y. SOCIAL SERVICES LAW 367-a(7)(d) (FAILURE TO COMPLY WITH STATE MEDICAID REBATE PROVISION)

801.    In response to Paragraph 801, Bayer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 800.

802-807.    To the extent the allegations in Paragraphs 802-807 are directed at Bayer, Bayer states that the Court has dismissed them.  To the extent a response is required, Bayer denies the allegations as to itself.  To the extent the allegations in Paragraphs 802-807 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

## COUNT III

### VIOLATION OF NEW YORK SOCIAL SERVICES LAW 145-b (OBTAINING PUBLIC FUNDS BY FALSE STATEMENTS)

808.    In response to Paragraph 808, Bayer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 807.

809.    Bayer states that the statute referenced in Paragraph 809 speaks for itself, and any characterizations thereof are denied.

810-813.    To the extent that the allegations in Paragraphs 810-813 are related to Best Price, Bayer states that the Court has dismissed them.  To the extent the allegations in Paragraphs 810-813 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraphs 810-813 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 810-813

refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

## COUNT IV

### VIOLATION OF NEW DEPARTMENT OF HEALTH REGULATIONS 18 N.Y.C.R.R. 512.2(b)4) and (5)

814.    In response to Paragraph 814, Bayer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 813.

815-817.    To the extent the allegations in Paragraphs 815-817 are directed at Bayer, Bayer states that the Court has dismissed them.  To the extent a response is required, Bayer denies the allegations as to itself.  To the extent the allegations in Paragraphs 815-817 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

## COUNT V

### BREACH OF CONTRACT

818.    In response to Paragraph 818, Bayer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 817.

819-830.    To the extent the allegations in Paragraphs 819-830 are directed at Bayer, Bayer states that the Court has dismissed them.  To the extent a response is required, Bayer denies the allegations as to itself.  To the extent the allegations in Paragraphs 819-830 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

## COUNT VI

## UNFAIR TRADE PRACTICES (Violations of N.Y. Gen. Bus. Law 349 *et seq.*)

831.     In response to Paragraph 831, Bayer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 830.

832-839.     To the extent the allegations in Paragraphs 832-839 and the exhibits referenced therein are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraphs 832- 835 and the exhibits referenced therein are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 832-835 and the exhibits referenced therein refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

## COUNT VII

## FRAUD

840.     In response to Paragraph 840, Bayer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 839.

841-843.     To the extent the allegations in Paragraphs 841-843 and the exhibits referenced therein are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraphs 841-843 and the exhibits referenced therein are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

844.     Bayer states that the statute referenced in Paragraph 844 speaks for itself, and any characterizations thereof are denied.

845.     To the extent the allegations in Paragraph 845 contain claims based on New York's Social Service Law § 366-b, Bayer states that the Court has dismissed them.  To the extent the allegations in Paragraph 845 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraph 845 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 845 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

## COUNT VIII

## UNJUST ENRICHMENT

846.     In response to Paragraph 846, Bayer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 845.

847-849.    To the extent the allegations in Paragraphs 847-849 are directed at Bayer, Bayer denies them.  To the extent the allegations in Paragraphs 847-849 are directed at parties other than Bayer, Bayer denies knowledge or information sufficient to form a belief as to their truth.

850-858.    Bayer denies that the Counties are entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 850-858 of the Complaint.

**WHEREFORE**, Bayer demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Bayer reasserts and incorporates herein by reference the assertions of paragraphs 1 through 858 hereof.

### First Affirmative Defense

Plaintiff fails to state a claim against Bayer upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they did not rely, or reasonably rely, on any alleged misrepresentations or fraud by Bayer.  Plaintiffs knew that providers could obtain Bayer drugs at prices below AWP prior to the relevant time period stated in the Complaint.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine.

### Sixth Affirmative Defense

To the extent Plaintiffs or the State of New York obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Bayer based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Bayer in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiffs' claims.

### Ninth Affirmative Defense

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Tenth Affirmative Defense

Plaintiffs' claims against Bayer are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Eleventh Affirmative Defense

Plaintiffs fail to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against Bayer contained in the Complaint.

### Twelfth Affirmative Defense

Any and all actions taken by Bayer with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Thirteenth Affirmative Defense

Bayer's alleged statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs.

### Fourteenth Affirmative Defense

Bayer denies that Plaintiffs have valid consumer protection claims against Bayer under New York's Unfair Trade Practices Act.  However, if such claims are found to exist, Bayer pleads all available defenses under the Act.

### Fifteenth Affirmative Defense

To the extent that Plaintiffs attempt to seek equitable relief against Bayer, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiffs have received and paid for medicines manufactured, marketed and sold by Bayer after the filing of the complaint of Suffolk County.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Nineteenth Affirmative Defense

Plaintiffs' claims against Bayer are barred, in whole or in part, due to their failure to join indispensable parties.

### Twentieth Affirmative Defense

Insofar as Plaintiffs have suffered any injury arising from the facts alleged in the Complaint, said injury was caused by the State of New York and/or its departments, employees or agents, not by Bayer.

### Twenty-First Affirmative Defense

Plaintiffs' claims against Bayer are barred, in whole or in part, because Plaintiffs have not suffered damages as a result of the matters alleged in the Complaint.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, and that failure to mitigate damages should proportionately reduce Plaintiffs' recovery and the allocation of any fault, if any exists, attributable to Bayer.

### Twenty-Third Affirmative Defense

Bayer is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

### Twenty-Fourth Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Bayer are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Bayer.

### Twenty-Fifth Affirmative Defense

To the extent punitive damages are sought, Plaintiffs' damages claims against Bayer cannot be sustained because an award of punitive damages would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1 and the

analogous provisions contained in the Constitutions of the State of New York and any other States whose laws are or become relevant in the course of this lawsuit.

## **Twenty-Sixth Affirmative Defense**

Bayer adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## **Twenty-Seventh Affirmative Defense**

Bayer hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

Dated: August 29, 2008                          Respectfully submitted,

                                                /s/ Richard Raskin

                                                Richard D. Raskin
                                                Michael P. Doss
                                                Gary Feinerman
                                                Scott D. Stein
                                                Sidley Austin LLP
                                                One South Dearborn Street
                                                Chicago, Illinois 60603
                                                (312) 853-7000

                                                Robert Sherman
                                                DLA Piper US LLP
                                                33 Arch Street, 26th Floor
                                                Boston, Massachusetts 02110-1447
                                                (617) 406-6035

                                                *Counsel for Defendant Bayer Corporation*

## <u>CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE</u>

I hereby certify that on August 29, 2008, I caused a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF BAYER CORPORATION TO REVISED FIRST AMENDED CONSOLIDATED COMPLAINT to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

/s/    Gary Feinerman
_____
