# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 <br> Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |

*The City of New York v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 04-CV-06054)

*County of Albany v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00425)

*County of Allegany v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06231)

*County of Broome v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00456)

*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06242)

*County of Cayuga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00423)

*County of Chautauqua v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06204)

*County of Chemung v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06744)

*County of Chenango v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00354)

*County of Columbia v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00867)

[Caption Continues on Next Page]

# ANSWER AND AFFIRMATIVE DEFENSES OF PURDUE PHARMA L.P., PURDUE FREDERICK COMPANY, AND PURDUE PHARMA COMPANY TO REVISED FIRST AMENDED CONSOLIDATED COMPLAINT

*County of Cortland v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00881) )

*County of Dutchess v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 05-CV-06458) )

*County of Essex v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00878) )

*County of Fulton v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00519) )

*County of Genesee v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06206) )

*County of Greene v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00474) )

*County of Herkimer v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00415) )

*County of Jefferson v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00715) )

*County of Lewis v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00839) )

*County of Madison v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00714) )

*County of Monroe v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06148) )

*County of Nassau v. Abbott Laboratories, Inc., et al.* )
(E.D.N.Y. No. 04-CV-05126) )

*County of Niagara v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06296) )

*County of Oneida v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00489) )

*County of Onondaga v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00088) )

*County of Ontario v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06373) )

*County of Orange v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 07-CV-02777) )

*County of Orleans v. Abbott Laboratories, Inc., et al.* )
(W.D.N.Y. No. 05-CV-06371) )

*County of Putnam v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 05-CV-04740) )

[Caption Continues on Next Page]

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00422)                                    )

*County of Rockland v. Abbott Laboratories, Inc., et al.*    )
(S.D.N.Y. No. 03-CV-07055)                                    )

*County of Saratoga v. Abbott Laboratories, Inc., et al.*    )
(N.D.N.Y. No. 05-CV-00478)                                    )

*County of Schuyler v. Abbott Laboratories, Inc., et al.*    )
(W.D.N.Y. No. 05-CV-06387)                                    )

*County of Seneca v. Abbott Laboratories, Inc., et al.*      )
(W.D.N.Y. No. 05-CV-06370)                                    )

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.* )
(N.D.N.Y. No. 05-CV-00479)                                    )

*County of Steuben v. Abbott Laboratories, Inc., et al.*     )
(W.D.N.Y. No. 05-CV-06223)                                    )

*County of Suffolk v. Abbott Laboratories, Inc., et al.*     )
(E.D.N.Y. No. 0__-CV-03229)                                   )

*County of Tompkins v. Abbott Laboratories, Inc., et al.*    )
(N.D.N.Y. No. 05-CV-00397)                                    )

*County of Ulster v. Abbott Laboratories, Inc., et al.*      )
(N.D.N.Y. No. 06-CV-00123)                                    )

*County of Warren v. Abbott Laboratories, Inc., et al.*      )
(N.D.N.Y. No. 05-CV-00468)                                    )

*County of Washington v. Abbott Laboratories, Inc., et al.*  )
(N.D.N.Y. No. 05-CV-00408)                                    )

*County of Wayne v. Abbott Laboratories, Inc., et al.*       )
(W.D.N.Y. No. 05-CV-06138)                                    )

*County of Westchester v. Abbott Laboratories, Inc., et al.* )
(S.D.N.Y. No. 03-CV-06178)                                    )

*County of Wyoming v. Abbott Laboratories, Inc., et al.*     )
(W.D.N.Y. No. 03-CV-06379)                                    )

AND                                                           )

*County of Yates v. Abbott Laboratories, Inc., et al.*       )
(W.D.N.Y. No. 05-CV-06172)                                    )

Defendants Purdue Pharma L.P., Purdue Frederick Company, and Purdue Pharma Company (collectively, "Purdue"), by and through their attorneys, hereby state as an Answer and Affirmative Defenses to the Revised First Amended Consolidated Complaint, dated October 5, 2007, as follows:

## PRELIMINARY STATEMENT

The Revised First Amended Consolidated Complaint (the "Complaint") improperly refers to Purdue Pharma L.P., Purdue Frederick Company, and Purdue Pharma Company, other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Purdue.  This is insufficient to apprise Purdue of the allegations asserted against it.  Purdue has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct, or actions of other persons or entities, Purdue is generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  Purdue states that it is answering Plaintiffs' allegations solely on behalf of itself.

Purdue denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, or implications contained in any particular averment or in the Complaint as a whole.  In addition, to the extent that factual allegations are contained in headings, footnotes, unnumbered paragraphs, or the Table of Contents in the Complaint, Purdue denies such allegations, or is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies them.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## RESPONSES TO SPECIFIC PARAGRAPHS

To the extent that the unnumbered paragraph immediately following the Table of Contents makes allegations against Purdue, Purdue denies them, except it admits that the City of New York and certain New York Counties (collectively, the "Counties") have made allegations against a number of defendants, including Purdue, as set forth in the Complaint.  To the extent that that paragraph states legal conclusions, no response is required.  To the extent the allegations of that paragraph are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1.      Purdue admits that Plaintiffs purport to bring this action as alleged in Paragraph 1 of the Complaint, but Purdue denies there is any basis for them to do so and denies that they are entitled to any relief.  Purdue also admits that Exhibit B to the Complaint purports to identify the drugs at issue in this matter by their national drug codes ("NDCs"), but denies any liability to Plaintiffs with respect to any such NDCs.  Except as expressly admitted, Purdue denies each and every allegation contained in Paragraph 1 as to Purdue.  To the extent Paragraph 1 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.      Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 or the exhibit referenced therein.  Purdue respectfully refers the Court to N.Y. Soc. Ser. L. §§ 367-a and 368-s and to 42 U.S.C. § 1396d(b) for a full and complete reading of their provisions.  To the extent Paragraph 2 states conclusions or characterizations of law, no response is required.

3.      Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 or footnote 1, except Purdue admits that it pays Medicaid rebates to the State of New York and that such rebates lower the price New York Medicaid pays for Purdue's prescription drugs.  Purdue respectfully refers the Court to N.Y. Soc. Serv. L. § 367-a(9), 42 U.S.C. § 1396r-8, and 56 FR 7049 for a full and complete reading of their

provisions.  To the extent Paragraph 3 or footnote 1 states conclusions or characterizations of law, no response is required.

4.      To the extent the allegations in Paragraph 4 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.      Purdue respectfully refers the Court to 42 C.F.R. § 447.331 for a full and complete reading of its provisions.  To the extent Paragraph 5 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      Purdue respectfully refers the Court to N.Y. Soc. Serv. L. § 367-a(9) for a full and complete reading of its provisions.  Purdue denies knowledge or information sufficient to form a belief as to the truth of each of the allegations in Paragraph 6 and footnote 2, except Purdue denies that it "actively encourage[s] physicians to write DAW in order to secure AWP-based reimbursement for pharmacies."  To the extent Paragraph 6 or footnote 2 states conclusions or characterizations of law, no response is required.

7.      Purdue respectfully refers the Court to N.Y. Soc. Serv. L. § 369-a(9) for a full and complete reading of its provisions.  Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.  To the extent Paragraph 7 states conclusions or characterizations of law, no response is required.

8.      Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      To the extent the allegations in Paragraph 9 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.     Purdue admits that it has provided information such as Case Cost and suggested AWPs to certain third-party publishers and states that Purdue does not have control over the markups applied by these publishers or the information published by them.  Except as expressly

admitted, Purdue denies each and every allegation contained in Paragraph 10 as to Purdue. Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.     To the extent the allegations in Paragraph 11 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.     To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 or the exhibit referenced therein.

13.     To the extent the allegations in Paragraph 13 are directed at Purdue, Purdue denies them.  Purdue respectfully refers the Court to 42 C.F.R. § 447.332 for a full and complete reading of its provisions.  To the extent Paragraph 13 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     To the extent the allegations in Paragraph 16 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     To the extent the allegations in Paragraph 17 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  Purdue respectfully refers the Court to the *Wall Street Journal* article referenced in Paragraph 20 for a full and complete reading of it.

21.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 or the exhibit referenced therein.

22.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     To the extent the allegations in Paragraph 23 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 or the exhibit referenced therein.

25.     To the extent the allegations in Paragraph 25 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.  To the extent the allegations in Paragraph 26 refer to a Department of Health and Human Services, Office of Inspector General report, Purdue respectfully refers the Court to that report for a full and complete reading of it.

27.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.  To the extent the allegations in Paragraph 27 refer to a

transcript of a congressional hearing, Purdue respectfully refers the Court to that transcript for a full and complete reading of it.

28.     To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 or the exhibit referenced therein.

29.     To the extent the allegations in Paragraph 29 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 or the exhibit referenced therein.

31.     To the extent the allegations in Paragraph 31 or footnote 3 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 31 or footnote 3 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and footnote 3.

32.     To the extent the allegations in Paragraph 32 are directed at Purdue, Purdue denies them except that Purdue admits that it pays rebates to the State of New York and that these rebates lower the State of New York's cost of prescription drugs for Medicaid patients.  To the extent Paragraph 32 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     To the extent the allegations in Paragraph 33 or footnote 4 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 33 or footnote 4 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete

reading of them.  To the extent Paragraph 33 or footnote 4 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 or footnote 4.

34.     To the extent the allegations in Paragraph 34 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 34 refer to an HHS Office of the Inspector General report, Purdue respectfully refers the Court to that report for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 or the exhibit referenced therein.

37.     Purdue admits that Plaintiffs seek the relief listed in Paragraph 37, but Purdue denies there is any basis for them to do so and denies that Plaintiffs are entitled to any relief.  To the extent the remaining allegations in Paragraph 37 are directed at Purdue, Purdue denies them. To the extent Paragraph 37 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.     Purdue admits that Plaintiffs claim violations of, *inter alia*, the Social Security Act, 42 U.S.C. § 1396 et seq., N.Y. Soc. Ser. L. §§ 145-b and 367a, and N.Y. General Business Law § 349, and breach of contract, unjust enrichment, and common law fraud, but denies there is any basis for these claims and denies that Plaintiffs are entitled to any relief.  To the extent Paragraph 38 states conclusions or characterizations of law, no response is required.

39.     To the extent Paragraph 39 states conclusions or characterizations of law, no response is required.  To the extent the allegations in Paragraph 39 refer to statutes, Purdue

respectfully refers the Court to those provisions for a full and complete reading of them.  Purdue otherwise denies the allegations set forth in Paragraph 39.

40.      Purdue denies the allegations in Paragraph 40 as to Purdue, except it admits that each of the captioned matters has been transferred to this Court by the Judicial Panel on Multi-District Litigation pursuant to 28 U.S.C. § 1407.  To the extent Paragraph 40 states conclusions or characterizations of law, no response is required.  To the extent the allegations in Paragraph 40 refer to statutes, Purdue respectfully refers the Court to those provisions for a full and complete reading of their contents.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.      Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.  To the extent the allegations in Paragraph 41 refer to statutes, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 41 states conclusions or characterizations of law, no response is required.

42.      Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.  To the extent the allegations in Paragraph 42 refer to statutes, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 42 states conclusions or characterizations of law, no response is required.

42A.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42A.  To the extent the allegations in Paragraph 42A refer to statutes, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 42A states conclusions or characterizations of law, no response is required.

43.      Purdue admits that Plaintiffs purport to sue certain defendants with certain exceptions and that the County of Suffolk's claims against Purdue have been dismissed.  Purdue

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and footnote 5.

44.     To the extent the allegations in Paragraph 44 are directed at Purdue, Purdue denies them, except Purdue admits that it manufactures, markets, and sells prescription drugs and that it transacts business in the State and City of New York.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45-74.  Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 45-74.

75.     Purdue admits that Purdue Pharma L.P. is a Delaware limited partnership; the Purdue Frederick Company is a New York corporation; the Purdue Pharma Company was a Delaware general partnership; Purdue's principal place of business is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut; and Purdue is engaged in manufacturing and selling brand-name prescription drugs.  Purdue otherwise denies the allegations in Paragraph 75 of the Complaint.

76-84.  Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 76-84.

85.     To the extent the allegations in Paragraph 85 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.  To the extent Paragraph 85 states conclusions or characterizations of law, no response is required.

86.     To the extent the allegations in Paragraph 86 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.     To the extent the allegations in Paragraph 87 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.     To the extent the allegations in Paragraph 88 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89.     With respect to the allegations in Paragraph 89, Purdue respectfully refers the Court to 42 U.S.C. §§ 1396 et seq. for a full and complete reading of this law.  To the extent Paragraph 89 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies the allegations set forth in Paragraph 89.

90.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, except Purdue admits that state participation in Medicaid is voluntary.  To the extent the allegations in Paragraph 90 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 90 states conclusions or characterizations of law, no response is required.

91.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.  To the extent the allegations in Paragraph 91 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 91 states conclusions or characterizations of law, no response is required.

92.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.  To the extent the allegations in Paragraph 92 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 92 states conclusions or characterizations of law, no response is required.

93.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.  To the extent the allegations in Paragraph 93 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 93 states conclusions or characterizations of law, no response is required.

94.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.  To the extent the allegations in Paragraph 94 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 94 states conclusions or characterizations of law, no response is required.

95.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.  To the extent the allegations in Paragraph 95 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 95 states conclusions or characterizations of law, no response is required.

96.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 or footnote 6.  To the extent the allegations in Paragraph 96 or footnote 6 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 96 or footnote 6 states conclusions or characterizations of law, no response is required.

97.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 or footnote 7.  To the extent the allegations in Paragraph 97 or footnote 7 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 97 or footnote 7 states conclusions or characterizations of law, no response is required.

98.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.  To the extent the allegations in Paragraph 98 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent Paragraph 98 states conclusions or characterizations of law, no response is required.

99.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, except Purdue states that there is a separate NDC number for each dosage and package size of each drug manufactured by Purdue.

101.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102.

103.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103.

104.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and footnote 8.

105.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

106.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.

108.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108.

109.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109.  To the extent Paragraph 109 states conclusions or characterizations of law, no response is required.

110.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111.  To the extent the allegations in Paragraph 111 refer to a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.

To the extent Paragraph 111 states conclusions or characterizations of law, no response is required.

112.     Purdue admits that pricing compendia such as First DataBank publish pricing information on Purdue drugs, but denies that Purdue has any control over the information that First DataBank, an independent third party, publishes.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112.

113.     To the extent the allegations in Paragraph 113 are directed at Purdue, Purdue denies them. To the extent the allegations in Paragraph 113 refer to the transcript of a congressional hearing, Purdue respectfully refers the Court to this transcript for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114.     To the extent the allegations in Paragraph 114 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 114 refer to an HHS OIG report, Purdue respectfully refers the Court to this report for a full and complete reading of it.   To the extent Paragraph 114 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115.     To the extent the allegations in Paragraph 115 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 115 refer to an HHS OIG report, Purdue respectfully refers the Court to this report for a full and complete reading of it.   To the extent Paragraph 115 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.     With respect to the allegations in Paragraph 116, Purdue admits that the Medicaid statute includes a rebate provision, that Purdue has entered into a rebate agreement with the Secretary of Health and Human Services, and that rebates help reduce state Medicaid drug expenditures.  To the extent the allegations in Paragraph 116 refer to a statute, Purdue

respectfully refers the Court to this statute for a full and complete reading of it.  To the extent Paragraph 116 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117.    Purdue respectfully refers the Court to the provisions referenced in Paragraph 117 for a full and complete reading of them.   To the extent Paragraph 117 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies the allegations in Paragraph 117.

118.    Purdue respectfully refers the Court to the provisions referenced in Paragraph 118 and footnote 9 for a full and complete reading of them.   To the extent Paragraph 118 and footnote 9 state conclusions or characterizations of law, no response is required.  Purdue otherwise denies the allegations in Paragraph 118 and footnote 9.

119.    Purdue respectfully refers the Court to the provision referenced in Paragraph 119 for a full and complete reading of it.   To the extent Paragraph 119 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies the allegations in Paragraph 119.

120.    Purdue respectfully refers the Court to the provision referenced in Paragraph 120 for a full and complete reading of it.  To the extent Paragraph 120 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies the allegations in Paragraph 120.

121.    Purdue respectfully refers the Court to the provision referenced in Paragraph 121 for a full and complete reading of it.   To the extent Paragraph 121 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies the allegations in Paragraph 121.

122.    Purdue respectfully refers the Court to the provision referenced in Paragraph 122 for a full and complete reading of it.  To the extent Paragraph 122 states conclusions or characterizations of law, no response is required.

123.     Purdue respectfully refers the Court to the provisions referenced in Paragraph 123 for a full and complete reading of them.  To the extent Paragraph 123 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123.

124.     To the extent the allegations in Paragraph 124 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them. To the extent Paragraph 124 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124.

125.     To the extent the allegations in Paragraph125 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them. To the extent Paragraph 125 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125.

126.     With respect to the allegations in Paragraph 126, Purdue respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of this provision.  To the extent Paragraph 126 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126.

127.     To the extent the allegations in Paragraph 127 refer to a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  To the extent Paragraph 127 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128.     To the extent the allegations in Paragraph 128 refer to a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  To the extent Paragraph 128 states conclusions or characterizations of law, no response is required.  Purdue

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128.

129.    To the extent the allegations in Paragraph 129 refer to an amicus brief and a statute, Purdue respectfully refers the Court to those materials for a full and complete reading of them.  To the extent Paragraph 129 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129.

130.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130.

131.    To the extent the allegations in Paragraph 131 are directed at Purdue, Purdue denies them.  To the extent Paragraph 131 states conclusions or characterizations of law, no response is required.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131.

132.    To the extent the allegations in Paragraph 132 are directed at Purdue, Purdue admits that it has executed a rebate agreement with HHS.  Purdue further states that the rebate agreement speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 132 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to the truth of those allegations.

133.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133.  To the extent Paragraph 133 states conclusions or characterizations of law, no response is required.

134.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134.

135.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135.

136.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136.

137.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137.  To the extent the allegations in Paragraph 137 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it. To the extent Paragraph 137 states conclusions or characterizations of law, no response is required.

138.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138.  To the extent the allegations in Paragraph 138 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it. To the extent Paragraph 138 states conclusions or characterizations of law, no response is required.

139.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139.  To the extent the allegations in Paragraph 139 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it. To the extent Paragraph 139 states conclusions or characterizations of law, no response is required.

140.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.  To the extent the allegations in Paragraph 140 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it. To the extent Paragraph 140 states conclusions or characterizations of law, no response is required.

141.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.  To the extent the allegations in Paragraph 141 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it. To the extent Paragraph 141 states conclusions or characterizations of law, no response is required.

142.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142.

143.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143.  To the extent Paragraph 143 states conclusions or characterizations of law, no response is required.

144.    To the extent the allegations in Paragraph 144 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144.

145.    To the extent the allegations in Paragraph 145 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145.

146.    To the extent the allegations in Paragraph 146 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146.

147.    To the extent the allegations in Paragraph 147 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147.

148.    To the extent the allegations in Paragraph 148 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148.

149.    To the extent the allegations in Paragraph 149 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149.

150.    To the extent the allegations in Paragraph 150 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150.

151.    To the extent the allegations in Paragraph 151 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151.

152.    To the extent the allegations in Paragraph 152 are directed at Purdue, Purdue denies them.  Purdue further states that for years, and at all times relevant to the Complaint, it has been common knowledge throughout the industry that AWP is a benchmark price and not an average price charged by wholesalers.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152.

153.    To the extent the allegations in Paragraph 153 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153.

154.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154.

155.    To the extent the allegations in Paragraph 155 are directed at Purdue, Purdue denies them.  Purdue further states that those allegations wrongly assume that discounts, chargebacks, and other price concessions must be included in list prices reported to price compendia.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155.

156.    To the extent the allegations in Paragraph 156 are directed at Purdue, Purdue denies them.  Purdue further states that those allegations wrongly assume that discounts, chargebacks, and other price concessions must be included in list prices reported to price compendia.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156.

157.    To the extent the allegations in Paragraph 157 are directed at Purdue, Purdue denies them.  Purdue further states that those allegations wrongly assume that discounts, chargebacks, and other price concessions must be included in list prices reported to price compendia.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157.

158.    To the extent the allegations in Paragraph 158 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158.

159.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

160.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160.

161.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161.  To the extent the allegations in Paragraph 161 reference a news article, Purdue respectfully refers the Court to that article for a full and complete reading of it.

162.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162.  To the extent the allegations in Paragraph 162 reference a news article, Purdue respectfully refers the Court to that article for a full and complete reading of it.

163.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163.

164.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164.

165.    To the extent the allegations in Paragraph 165 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 165 reference a report, Purdue respectfully refers the Court to that report for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165.

166.    To the extent the allegations in Paragraph 166 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166.

167.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

168.    To the extent the allegations in Paragraph 168 are directed at Purdue, Purdue denies them, except Purdue admits it has entered into a rebate agreement with the Secretary of the Department of Health and Human Services.  To the extent the allegations in Paragraph 168 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168.  To the extent Paragraph 168 states conclusions or characterizations of law, no response is required.

169.    To the extent the allegations in Paragraph 169 are directed at Purdue, Purdue denies them, except Purdue admits it pays rebates to the State of New York and that those rebates lower the State of New York's cost of prescription drugs for Medicaid patients.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169.  To the extent Paragraph 169 states conclusions or characterizations of law, no response is required.

170.    To the extent the allegations in Paragraph 170 are directed at Purdue, Purdue denies them.  Purdue further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170.  To the extent Paragraph 170 states conclusions or characterizations of law, no response is required.

171.    To the extent the allegations in Paragraph 171 are directed at Purdue, Purdue denies them.  Purdue further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.  To the extent Paragraph 171 states conclusions or characterizations of law, no response is required.

172.    To the extent the allegations in Paragraph 172 are directed at Purdue, Purdue denies them.  Purdue further states that the Court has dismissed all Medicaid rebate-related

allegations in the Complaint as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172.  To the extent Paragraph 172 states conclusions or characterizations of law, no response is required.

173.    To the extent the allegations in Paragraph 173 are directed at Purdue, Purdue denies them.  Purdue further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Purdue.  To the extent the allegations in Paragraph 173 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173.  To the extent Paragraph 173 states conclusions or characterizations of law, no response is required.

174.    To the extent the allegations in Paragraph 174 are directed at Purdue, Purdue denies them.  Purdue further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Purdue.  To the extent the allegations in Paragraph 174 reference an OIG report, Purdue respectfully refers the Court to that report for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174.

175.    To the extent the allegations in Paragraph 175 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175.

176.    To the extent the allegations in Paragraph 176 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 176 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176.  To the extent Paragraph 176 states conclusions or characterizations of law, no response is required.

177.    To the extent the allegations in Paragraph 177 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177.

178.    To the extent the allegations in Paragraph 178 and footnote 10 are directed at Purdue, Purdue denies them, except that Purdue admits it received a letter from the House Committee on Energy and Commerce on or around June 26, 2003.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and footnote 10.

179.    To the extent the allegations in Paragraph 179 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179.

180.    To the extent the allegations in Paragraph 180 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180.

181.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and footnote 11.

182.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182.

183.    To the extent the allegations in Paragraph 183 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183.

184.    To the extent the allegations in Paragraph 184 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184.

185.    To the extent the allegations in Paragraph 185 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185.

186.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186.  To the extent the allegations in Paragraph 186 reference a GAO report, Purdue respectfully refers the Court to that report for a full and complete reading of it.

187.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187.  To the extent the allegations in Paragraph 187 reference a GAO report, Purdue respectfully refers the Court to that report for a full and complete reading of it.

188.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188.  To the extent the allegations in Paragraph 188 reference an HHS OIG report, Purdue respectfully refers the Court to that report for a full and complete reading of it.

189.     To the extent the allegations in Paragraph 189 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189.  To the extent the allegations in Paragraph 189 reference a federal regulation, Purdue respectfully refers the Court to that provision for a full and complete reading of it.

190.     To the extent the allegations in Paragraph 190 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190.  To the extent the allegations in Paragraph 190 reference an HHS OIG report, Purdue respectfully refers the Court to that report for a full and complete reading of it.  To the extent Paragraph 190 states conclusions or characterizations of law, no response is required.

191.     To the extent the allegations in Paragraph 191 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191.  To the extent the allegations in Paragraph 191

reference an HHS OIG report, Purdue respectfully refers the Court to that report for a full and complete reading of it.

192.    To the extent the allegations in Paragraph 192 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192.  To the extent the allegations in Paragraph 192 reference an HHS OIG report, Purdue respectfully refers the Court to that report for a full and complete reading of it.

193.    To the extent the allegations in Paragraph 193 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193.

194.    To the extent the allegations in Paragraph 194 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194.  To the extent Paragraph 194 states conclusions or characterizations of law, no response is required.

195.    To the extent the allegations in Paragraph 195 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195.

196.    To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and the exhibit referenced therein.

197-636.      Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 197-636.

637.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 637, footnote 46, or the exhibit referenced in Paragraph 637, except Purdue denies that plaintiffs are entitled to the relief they seek.

638.    Purdue denies the allegations in Paragraph 638 and the exhibit referenced therein.

639. To the extent the allegations in Paragraph 639 and the exhibit referenced therein are directed at Purdue, Purdue denies them. Purdue states that it does not have control over the information that third party compendia publish. Purdue further states that for years, and at all times relevant to the Complaint, it has been common knowledge throughout the industry that AWP is a benchmark price and not an average of prices charged by wholesalers. Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 639 and the exhibit referenced therein.

640. To the extent the allegations in Paragraph 640 and the exhibit referenced therein are directed at Purdue, Purdue denies them. Purdue states that it does not have control over the information that third party compendia publish. Purdue further states that for years, and at all times relevant to the Complaint, it has been common knowledge throughout the industry that AWP is a benchmark price and not an average of prices charged by wholesalers. Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 640 and the exhibit referenced therein.

641. Purdue admits that it or a related entity designed, manufactured, patented, developed, marketed, distributed, and sold OxyContin throughout the United States, including New York.

642. Purdue denies the allegations in Paragraph 642, except it admits that it had an agreement with Abbott Laboratories ("Abbott") under which Abbott co-promoted OxyContin to a limited group of physicians.

643. Purdue denies the allegations in Paragraph 643 as to Purdue, except it admits that it had an agreement with Abbott under which Abbott co-promoted OxyContin to a limited group of physicians.

644. Purdue denies the allegations in Paragraph 644.

645. Purdue denies the allegations in Paragraph 645, except Purdue admits that a Purdue employee was referenced in an article published in *The Boston Globe* on April 13, 2005. Purdue further states that for years, and at all times relevant to the Complaint, it has been

common knowledge throughout the industry that AWP is a benchmark price and not an average of prices charged by wholesalers.

646.    To the extent the allegations in Paragraph 646 are directed at Purdue, Purdue denies them, except Purdue admits that it received a letter from the House Committee on Energy and Commerce on or about June 26, 2003.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 646.

647-769.        Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 647-769.

770.    To the extent the allegations in Paragraph 770 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 770.  To the extent Paragraph 770 states conclusions or characterizations of law, no response is required.

771.    To the extent the allegations in Paragraph 771 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 771.  To the extent Paragraph 771 states conclusions or characterizations of law, no response is required.

772.    To the extent the allegations in Paragraph 772 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 772.  To the extent Paragraph 772 states conclusions or characterizations of law, no response is required.

773.    To the extent the allegations in Paragraph 773 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 773.  To the extent Paragraph 773 states conclusions or characterizations of law, no response is required.

774.    To the extent the allegations in Paragraph 774 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 774.  To the extent Paragraph 774 states conclusions or characterizations of law, no response is required.

775.     To the extent the allegations in Paragraph 775 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 775.  To the extent Paragraph 775 states conclusions or characterizations of law, no response is required.

776.     To the extent the allegations in Paragraph 776 are directed at Purdue, Purdue denies them, except Purdue admits that it may keep certain competitively sensitive pricing information confidential.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 776.  To the extent Paragraph 776 states conclusions or characterizations of law, no response is required.

777.     To the extent the allegations in Paragraph 777 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 777.

778.     To the extent the allegations in Paragraph 778 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 778.  To the extent Paragraph 778 states conclusions or characterizations of law, no response is required.

779.     To the extent the allegations in Paragraph 779 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 779.  To the extent Paragraph 779 states conclusions or characterizations of law, no response is required.

780.     To the extent the allegations in Paragraph 780 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 780.  To the extent Paragraph 780 states conclusions or characterizations of law, no response is required.

781.     To the extent the allegations in Paragraph 781 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 781.  To the extent Paragraph 781 states conclusions or characterizations of law, no response is required.

782.     To the extent the allegations in Paragraph 782 are directed at Purdue, Purdue denies them, except Purdue admits that it may keep certain competitively sensitive information confidential.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 782.  To the extent Paragraph 782 states conclusions or characterizations of law, no response is required.

783.     To the extent the allegations in Paragraph 783 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 783.  To the extent Paragraph 783 states conclusions or characterizations of law, no response is required.

784.     To the extent the allegations in Paragraph 784 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 784.  To the extent Paragraph 784 states conclusions or characterizations of law, no response is required.

785.     To the extent the allegations in Paragraph 785 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 785.  To the extent Paragraph 785 states conclusions or characterizations of law, no response is required.

786.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 786.

787.     To the extent the allegations in Paragraph 787 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 787.  To the extent Paragraph 787 states conclusions or characterizations of law, no response is required.

788.     To the extent the allegations in Paragraph 788 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 788.  To the extent Paragraph 788 states conclusions or characterizations of law, no response is required.

789.     To the extent the allegations in Paragraph 789 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 789.  To the extent Paragraph 789 states conclusions or characterizations of law, no response is required.

790.     To the extent the allegations in Paragraph 790 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 790.  To the extent Paragraph 790 states conclusions or characterizations of law, no response is required.

791.     In response to Paragraph 791, Purdue repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 790.

792.     Purdue states that no response to Paragraph 792 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 792 as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 792.

793.     Purdue states that no response to Paragraph 793 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 793 as to Purdue, except it admits that Purdue has entered into a rebate agreement with the Secretary of the Department of Health and Human Services pursuant to which Purdue remits rebate payments to the State of New York (and other participating states) and that these rebates lower the State of New York's cost of prescription drugs for Medicaid patients.  To the extent the allegations in Paragraph 793 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in

30

Paragraph 793.  To the extent Paragraph 793 states conclusions or characterizations of law, no response is required.

794.    Purdue states that no response to Paragraph 794 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 794 as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 794.  To the extent Paragraph 794 states conclusions or characterizations of law, no response is required.

795.    Purdue states that no response to Paragraph 795 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 795 as to Purdue.  To the extent the allegations in Paragraph 795 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 795.  To the extent Paragraph 795 states conclusions or characterizations of law, no response is required.

796.    Purdue states that no response to Paragraph 796 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 796 as to Purdue.  To the extent the allegations in Paragraph 796 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 796.  To the extent Paragraph 796 states conclusions or characterizations of law, no response is required.

797.    Purdue states that no response to Paragraph 797 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 797 as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 797.  To the extent Paragraph 797 states conclusions or characterizations of law, no response is required.

798.    Purdue states that no response to Paragraph 798 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 798 as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 798.  To the extent Paragraph 798 states conclusions or characterizations of law, no response is required.

799.    Purdue states that no response to Paragraph 799 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 799.  To the extent Paragraph 799 states conclusions or characterizations of law, no response is required.

800.    Purdue states that no response to Paragraph 800 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 800 as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 800.  To the extent Paragraph 800 states conclusions or characterizations of law, no response is required.

801.    In response to Paragraph 801, Purdue repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 800.

802.    Purdue states that no response to Paragraph 802 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 802 as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 802.

803.    Purdue states that no response to Paragraph 803 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 803 as to Purdue.  To the extent the allegations in Paragraph 803 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 803.  To the extent Paragraph 803 states conclusions or characterizations of law, no response is required.

804.    Purdue states that no response to Paragraph 804 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 804 as to Purdue.  To the extent the allegations in Paragraph 804 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 804.  To the extent Paragraph 804 states conclusions or characterizations of law, no response is required.

805.    Purdue states that no response to Paragraph 805 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 805 as to Purdue.  To the extent the allegations in Paragraph 805 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 805.  To the extent Paragraph 805 states conclusions or characterizations of law, no response is required.

806.    Purdue states that no response to Paragraph 806 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 806 as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 806.  To the extent Paragraph 806 states conclusions or characterizations of law, no response is required.

807.    Purdue states that no response to Paragraph 807 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 807 as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 807.  To the extent Paragraph 807 states conclusions or characterizations of law, no response is required.

808.     In response to Paragraph 808, Purdue repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 807.

809.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 809.  To the extent the allegations in Paragraph 809 refer to a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  To the extent Paragraph 809 states conclusions or characterizations of law, no response is required.

810.     To the extent the allegations in Paragraph 810 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 810 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 810.  To the extent Paragraph 810 states conclusions or characterizations of law, no response is required.

811.     To the extent the allegations in Paragraph 811 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 811 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 811.  To the extent Paragraph 811 states conclusions or characterizations of law, no response is required.

812.     To the extent the allegations in Paragraph 812 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 812 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 812.  To the extent Paragraph 812 states conclusions or characterizations of law, no response is required.

813.     To the extent the allegations in Paragraph 813 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 813 reference a statute, Purdue

respectfully refers the Court to that provision for a full and complete reading of it.  Purdue
otherwise denies knowledge or information sufficient to form a belief as to the truth of the
allegations in Paragraph 813.  To the extent Paragraph 813 states conclusions or
characterizations of law, no response is required.

814.    In response to Paragraph 814, Purdue repeats and incorporates as if fully set forth
herein each and every response to the allegations in Paragraphs 1 through 813.

815.    Purdue states that no response to Paragraph 815 is required because the Court has
dismissed this cause of action.  To the extent that a response may be required, Purdue denies
knowledge or information sufficient to form a belief as to the truth of the allegations in
Paragraph 815.  To the extent the allegations in Paragraph 815 reference a regulation, Purdue
respectfully refers the Court to that provision for a full and complete reading of it.  To the extent
Paragraph 815 states conclusions or characterizations of law, no response is required.

816.    Purdue states that no response to Paragraph 816 is required because the Court has
dismissed this cause of action.  To the extent that a response may be required, Purdue denies
knowledge or information sufficient to form a belief as to the truth of the allegations in
Paragraph 816.  To the extent the allegations in Paragraph 816 reference a regulation, Purdue
respectfully refers the Court to that regulation for a full and complete reading of it.  To the extent
Paragraph 816 states conclusions or characterizations of law, no response is required.

817.    Purdue states that no response to Paragraph 817 is required because the Court has
dismissed this cause of action.  To the extent that a response may be required, Purdue denies the
allegations in Paragraph 817 as to Purdue.  To the extent the allegations in Paragraph 817
reference a regulation, Purdue respectfully refers the Court to that regulation for a full and
complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a
belief as to the truth of the allegations in Paragraph 817.  To the extent Paragraph 817 states
conclusions or characterizations of law, no response is required.

818.    In response to Paragraph 818, Purdue repeats and incorporates as if fully set forth
herein each and every response to the allegations in Paragraphs 1 through 817.

35

819.    Purdue states that no response to Paragraph 819 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 819 as to Purdue, except admits that Purdue has entered into a rebate agreement with the Secretary of the Department of Health and Human Services pursuant to which Purdue remits rebate payments to the State of New York (and other participating states), and that these rebates lower the State of New York's cost of prescription drugs for Medicaid patients.  To the extent the allegations in Paragraph 819 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 819.  To the extent Paragraph 819 states conclusions or characterizations of law, no response is required.

820.    Purdue states that no response to Paragraph 820 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 820.  To the extent Paragraph 820 states conclusions or characterizations of law, no response is required.

821.    Purdue states that no response to Paragraph 821 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 821.  To the extent the allegations in Paragraph 821 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  To the extent Paragraph 821 states conclusions or characterizations of law, no response is required.

822.    Purdue states that no response to Paragraph 822 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 822.  To the extent the allegations in Paragraph 822 reference a statute, Purdue

respectfully refers the Court to that provision for a full and complete reading of it.  To the extent Paragraph 822 states conclusions or characterizations of law, no response is required.

823.    Purdue states that no response to Paragraph 823 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 823.  To the extent the allegations in Paragraph 823 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  To the extent Paragraph 823 states conclusions or characterizations of law, no response is required.

824.    Purdue states that no response to Paragraph 824 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 824 as to Purdue.  To the extent the allegations in Paragraph 824 reference New York State's Medicaid Plan, Purdue respectfully refers the Court to that Plan for a full and complete reading of it.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 824.  To the extent Paragraph 824 states conclusions or characterizations of law, no response is required.

825.    Purdue states that no response to Paragraph 825 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 825.  To the extent the allegations in Paragraph 825 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  To the extent Paragraph 825 states conclusions or characterizations of law, no response is required.

826.    Purdue states that no response to Paragraph 826 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 826.  To the extent Paragraph 826 states conclusions or characterizations of law, no response is required.

37

827.    Purdue states that no response to Paragraph 827 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 827 as to Purdue.  To the extent the allegations in Paragraph 827 reference statutes, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 827.  To the extent Paragraph 827 states conclusions or characterizations of law, no response is required.

828.    Purdue states that no response to Paragraph 828 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 828 as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 828.  To the extent Paragraph 828 states conclusions or characterizations of law, no response is required.

829.    Purdue states that no response to Paragraph 829 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 829 as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 829.  To the extent Paragraph 829 states conclusions or characterizations of law, no response is required.

830.    Purdue states that no response to Paragraph 830 is required because the Court has dismissed this cause of action.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 830 as to Purdue.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 830.  To the extent Paragraph 830 states conclusions or characterizations of law, no response is required.

831.    In response to Paragraph 831, Purdue repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 830.

832.    Purdue denies the allegations in Paragraph 832 and the exhibits referenced therein as to Purdue and otherwise denies knowledge or information sufficient to form a belief as to the

truth of these allegations.  To the extent Paragraph 832 states conclusions or characterizations of law, no response is required.

833.    Purdue denies the allegations in Paragraph 833 as to Purdue and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 833.  To the extent Paragraph 833 states conclusions or characterizations of law, no response is required.

834.    Purdue denies the allegations in Paragraph 834 as to Purdue and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 834.  To the extent Paragraph 834 states conclusions or characterizations of law, no response is required.

835.    To the extent the allegations in Paragraph 835 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 835 reference statutes, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 835.  To the extent Paragraph 835 states conclusions or characterizations of law, no response is required.

836.    To the extent the allegations in Paragraph 836 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 836 reference statutes, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 836.  To the extent Paragraph 836 states conclusions or characterizations of law, no response is required.

837.    Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 837.  To the extent Paragraph 837 states conclusions or characterizations of law, no response is required.

838.    To the extent the allegations in Paragraph 838 and its subparts are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 838 and its subparts

reference statutes, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 838.  To the extent Paragraph 838 states conclusions or characterizations of law, no response is required.

839.     To the extent the allegations in Paragraph 839 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 839.  To the extent Paragraph 839 states conclusions or characterizations of law, no response is required.

840.     In response to Paragraph 840, Purdue repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 839.

841.     To the extent the allegations in Paragraph 841 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 841.  To the extent Paragraph 841 states conclusions or characterizations of law, no response is required.

842.     To the extent the allegations in Paragraph 842 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 842.  To the extent Paragraph 842 states conclusions or characterizations of law, no response is required.

843.     To the extent the allegations in Paragraph 843 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 843.  To the extent Paragraph 843 states conclusions or characterizations of law, no response is required.

844.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 844.  To the extent the allegations in Paragraph 844 reference a statute, Purdue respectfully refers the Court to that provision for a full and complete reading of it.  To the extent Paragraph 844 states conclusions or characterizations of law, no response is required.

845.    To the extent the allegations in Paragraph 845 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 845 reference statutes, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 845.  To the extent Paragraph 845 states conclusions or characterizations of law, no response is required.

846.    In response to Paragraph 846, Purdue repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 845.

847.    Purdue states that no response is required to Paragraph 847 because the Court has already dismissed this cause of action as to Purdue.  To the extent a response may be required, Purdue denies the allegations in Paragraph 847 as to Purdue and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 847.  To the extent Paragraph 847 states conclusions or characterizations of law, no response is required.

848.    Purdue states that no response is required to Paragraph 848 because the Court has already dismissed this cause of action as to Purdue.  To the extent a response may be required, Purdue denies the allegations in Paragraph 848 as to Purdue and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 848.  To the extent Paragraph 848 states conclusions or characterizations of law, no response is required.

849.    Purdue states that no response is required to Paragraph 849 because the Court has already dismissed this cause of action as to Purdue.  To the extent a response may be required, Purdue denies the allegations in Paragraph 849 as to Purdue and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 849.  To the extent Paragraph 849 states conclusions or characterizations of law, no response is required.

Purdue denies that the Counties are entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph following numbered Paragraph 849.

850.    Purdue denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in Paragraph 850 as to Purdue and states that the Court has already dismissed the

causes of action under N.Y. Soc. Serv. L. § 367-a(7)(d), 42 U.S.C. § 1396r-8, and 18 N.Y.C.R.R. 515.2(b)(4) and (5).

851.    Purdue denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in Paragraph 851 as to Purdue.

852.    Purdue denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in Paragraph 852 as to Purdue.

853.    Purdue states that no response is required to Paragraph 853 because the Court has already dismissed this cause of action.  To the extent a response may be required, Purdue denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in Paragraph 853 as to Purdue.

854.    Purdue denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in Paragraph 854 as to Purdue.

855.    Purdue denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in Paragraph 855 as to Purdue.

856.    Purdue denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in Paragraph 856 as to Purdue.

857.    Purdue denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in Paragraph 857 as to Purdue.

858.    Purdue denies that there is any basis in law or fact for Plaintiffs to obtain the relief requested in Paragraph 858 as to Purdue.

## PURDUE'S AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Purdue does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters, or that Plaintiffs are relieved of their burdens to prove each and every element of their claims and the damages, if any, to which they entitled.  As for its affirmative defenses, Purdue alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim against Purdue upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they did not rely on any alleged misrepresentations or fraud by Purdue.  Plaintiffs knew that providers could obtain Purdue drugs at prices below AWP prior to the relevant time period stated in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs or the State of New York obtains recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Purdue based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by

Purdue in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction of, or otherwise compromised Plaintiffs' claims.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Purdue are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state with particularity facts to support claims of fraudulent conduct and fraudulent concealment against Purdue in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Any and all actions taken by Purdue with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## TWELFTH AFFIRMATIVE DEFENSE

Purdue's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Purdue denies that Plaintiffs have valid consumer protection claims against Purdue under New York's Unfair Trade Practices Act.  However, if such claims are found to exist, Purdue pleads all available defenses under the Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs attempt to seek equitable relief against Purdue, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiffs have paid for products manufactured, marketed, and sold by Purdue after the filing of Plaintiffs' original Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Purdue are barred, in whole or in part, due to their failure to join indispensable parties.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Purdue are barred, in whole or in part, because Plaintiffs have not suffered damages as a result of the matters alleged in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, and that failure to mitigate damages should proportionately reduce Plaintiffs' recovery and the allocation of any fault, if any exists, attributable to Purdue.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Purdue is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are preempted, in whole or in part, by federal law, including without limitation the Federal Medicare Act and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder, and by the existence and terms of written rebate agreement(s) with the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, including the State of New York, entitled "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement" (the "Rebate Agreement"), which was entered into pursuant to 42 U.S.C. § 1396r-8.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they violate Purdue's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as under the Constitution of the State of New York, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable a the time it occurred.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Purdue are misjoined with Plaintiffs' claims against other defendants and must be severed.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs and/or their agents knew and were aware at all relevant times that AWP was not an average wholesale price or the actual acquisition cost of drugs and made their reimbursement choices with such knowledge.  Legal and equitable principles preclude this action for damages and injunctive relief, and the Due Process Clause of the U.S. Constitution and the Constitution of the State of New York, prohibiting the absolute and arbitrary abuse of power, preclude Plaintiffs from bringing claims and seeking damages as alleged in the Revised Amended Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

All rebates paid by Purdue to the State of New York should be taken into account in determining the amount of damages, if any, to which Plaintiffs are entitled.

46

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Purdue are barred in whole or in part, by the existence and terms of the written rebate agreement(s) between Purdue and the Secretary of the Department of Health and Human Services, on behalf of HHS and certain States, including the State of New York, entitled "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement," which was entered into pursuant to 42 U.S.C. § 1396r-8.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Purdue are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Purdue.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiffs' damages claims against Purdue cannot be sustained because an award of punitive damages would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV § 1 and the analogous provisions contained in the Constitutions of the State of New York and any other States whose laws are or become relevant in the course of this lawsuit.

## THIRTIETH AFFIRMATIVE DEFENSE

Purdue hereby adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.  Purdue gives notice that it intends to rely upon any other additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action, and hereby reserves its right to amend its answer to assert such defense.

**WHEREFORE**, Purdue prays as follows:

That all claims contained in Plaintiffs' Revised Amended Complaint against it be dismissed with prejudice.

That it be awarded costs and attorneys' fees.

That it have such other and further relief as this Court deems just and proper.

Dated: San Francisco, California
       August 29, 2008

                                        Respectfully submitted,


                                        By:  /s/ Lori A. Schechter
                                        Lori A. Schechter
                                        Tiffany Cheung
                                        Morrison & Foerster LLP
                                        425 Market Street
                                        San Francisco, CA 94105
                                        (415) 268-7000

                                        *Attorneys for Purdue Pharma L.P., Purdue*
                                        *Frederick Company, Purdue Pharma*
                                        *Company*


                         **<u>CERTIFICATE OF SERVICE</u>**

        I, Lori A. Schechter, certify that pursuant to Case Management Order No. 2, I caused a
copy of the foregoing document to be served on all counsel of record via electronic service by
sending a copy to LexisNexis File & Serve for posting and notification to all parties in this action
on this 29th day of August, 2008.


                                        /s/ Lori A. Schechter


48