# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti B. Saris |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06-CV-11337-PBS | Chief Magistrate Judge Marianne B. Bowler |

**RELATOR'S OBJECTIONS TO THE AUGUST 20, 2008 ORDER
BY THE MAGISTRATE JUDGE ON ABBOTT LABORATORIES INC.'S
MOTION TO COMPEL VEN-A-CARE TO PROVIDE ADEQUATE
RESPONSES TO INTERROGATORY NUMBER 20 OF
ABBOTT'S FOURTH SET OF INTERROGATORIES
<u>AND MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS</u>**

The Relator, Ven-A-Care of the Florida Keys, Inc., ("the Relator"), on its behalf and for the benefit of the United States of America, through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 72, respectfully files this its Objections to the August 20, 2008 Order by the Magistrate Judge on Abbott's Motion to Compel Ven-A-Care to Provide Adequate Responses to Interrogatory Number 20 of Abbott's Fourth Set of Interrogatories and Memorandum of Law in Support of Objections.

## I. BACKGROUND

On June 23, 1995, Ven-A-Care filed this *qui tam* action under seal in the Southern District of Florida (the "Original Complaint"). The Original Complaint alleged claims against Abbott Laboratories, Inc. ("Abbott") and other drug manufacturers for reporting false and

fraudulent price and cost information for numerous drugs, causing inflated Medicare and Medicaid reimbursement.[1]  On March 17, 2006 the United States intervened and filed its complaint against Abbott and brought the same claims the Relator had, to wit that Abbott violated the False Claims Act through its inflated price reports for products of its HPD division.  The Relator adopted the Government's initial Complaint and the Government's First Amended Complaint filed on June 4, 2007[Docket 4281 and 4284].  After the United States' intervention and the unsealing of this action, Abbott was served with redacted copies of the Relator's Original Complaint and all amended complaints filed under seal in the *qui tam* action.

On September 6, 2007, Abbott served Ven-A-Care with its Fourth Set of Interrogatories ("Interrogatories").  The Interrogatories included a contention interrogatory, numbered 20, related to the public disclosure provisions of 31 U.S.C. §3730(e) and related to specific assertions regarding "original source" in the Relator's prior qui tam complaints. Ven-A-Care objected to interrogatory number 20 and several other interrogatories on various bases.  Ven-A-Care objected to interrogatory number 20 mainly on the basis that through it Abbott seeks to shift the burden to the Relator to show that it is an "original source" when there has been neither an allegation nor a finding that Abbott's particular wrongdoing was publicly disclosed, within the meaning of the False Claims Act, before the Relator filed its action, or that the Relator's action is based on such a public disclosure. *See Response of Plaintiff Ven-A-Care of the Florida Keys, Inc. To Defendant Abbott*

---

[1] A detailed summary of the procedural history of the Relator's qui tam filings is located in Relator's Opposition to Abbott Laboratories, Inc.'s Motion to Dismiss or Partially Dismiss the United States' First Amended Complaint. [Docket 4662]

*Laboratories, Inc.'s Fourth Set of Interrogatories* attached as Exhibit A.  During the parties' meet and confer, Ven-A-Care agreed to review its position on its objections in an attempt to reach a compromise among the parties.  Ven-A-Care ultimately proposed a compromise that it believed would resolve its objections and provide Abbott with discoverable information.  *See Letter to David S. Torberg dated November 7, 2007* attached as Exhibit B.  With respect to interrogatory number 20, related to the public disclosure provisions of 31 U.S.C. §3730(e), Ven-A-Care agreed to provide a response once Abbott identified a public disclosure and provided Abbott with case law in support of its position.  *See Letter to David S. Torberg dated November 9, 2007* attached as Exhibit C.  Abbott rejected this proposal.

Abbott filed its Motion to Compel Ven-A-Care to Provide Adequate Responses to Abbott's Fourth Set of Interrogatories on February 4, 2008 [Docket 5035] .  Ven-A-Care filed its Opposition on February 19, 2008 [Docket 5049] and oral arguments were heard by Magistrate Judge Bowler on August 20, 2008.  Magistrate Judge Bowler ruled from the bench on August 20, 2008 and confirmed her rulings in docket text on August 20, 2008 that the Relator shall respond to interrogatory number 20 as originally written by Abbott.  The transcript was filed on September 3, 2008. [Docket 5536]  The Relator has filed this its objections to Magistrate Judge Bowler's Order issued on August 20, 2008 [Docket Text Order] with respect only to interrogatory number 20.

## II.  ARGUMENT

### THE OPERATION OF THE PUBLIC DISCLOSURE BAR OF 31 U.S.C. §3730(e)(4) WAS MISINTERPRETED AND MISAPPLIED IN ORDERING THE RELATOR TO RESPOND TO INTERROGATORY NUMBER 20

Federal Rule of Civil Procedure 72 provides that for nondispositive matters the district judge must consider objections to a magistrate judge's order and "modify or set aside any part of the order that is clearly erroneous or is contrary to law".  The Relator asserts that the Order of August 20, 2008 is contrary to law in that it misinterprets and misapplies the "public disclosure" provisions of 31 U.S.C. §3730(e) .[1]

In briefest summary, the Magistrate Judge's order requires the Relator to marshal the evidence of its "original source" status, even though Abbott has not identified, and the court has not determined the existence of, any "public disclosure" that might require the Relator to invoke that protected status to overcome the operation of the "public disclosure" bar.  This is fundamentally incorrect for two separate, but related, reasons:  first, this procedure incorrectly imposes a burden on Relator of coming forward with evidence concerning "original source" even before that has been made an issue in the case; and second, the burden of showing that Relator is an "original source" of information, that was allegedly the subject of a prior public disclosure, is magnified and nearly impossible to meet without specific identification of what was publicly disclosed and when.

The August 20, 2008 Order requires the Relator to respond to interrogatory number 20 as written by Abbott.  In short, the Order requires Ven-A-Care to show it is an "original source" of, and had "direct and independent knowledge" of, every allegation in its initial qui

---

[1] The Relator incorporates the arguments it made in its original Opposition to Abbott's Motion to Compel filed on February 19, 2008 [Docket 5049] herein by reference.

4

tam complaint and in each of its four amended qui tam complaints, even though Abbott has not identified any "public disclosure" of the Relator's allegations against it, and even though there has been no determination that there was a "public disclosure" or that the Relator's allegations are "based upon" a public disclosure.  Absent the preconditions that trigger the Relator's right to invoke "original source" status to overcome the operation of the "public disclosure" bar, it is premature and unduly burdensome to require the Relator to marshal its evidence on a topic on which issue is not joined.  Nor will requiring Relator to respond to this interrogatory lead to the discovery of relevant evidence.

Section 3730(e)(4) provides as follows:

(4) (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government [General] Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. 3730(e)(4). A substantial body of federal authority establishes that "original source" is a protected status that a Relator can assert to overcome the "public disclosure" barrier, once it is raised, and that a Relator's obligation to demonstrate "original source" status thus arises only if the court first finds that the Relator's suit is "based on" a prior "public disclosure" of the wrongful conduct by the defendant that is the subject of the Relator's pleadings. Abbott, instead, has sought through overbroad interrogatory number 20 to shift the burden to the Relator to show that it is an "original source" without first alleging and obtaining findings (a) that Abbott's particular wrongdoing was publicly disclosed, within the meaning of the False Claims Act, before the Relator filed its action, and (b) that the Relator's action is based on such a public disclosure. *Unites States ex rel. Rost v. Pfizer et al.,* 446 F. Supp. 2d 6, 2006 U.S. Dist. Lexis 61720, **21 (D. Mass. 2006)(J. Tauro)(finding that the court will consider whether the plaintiff is an "original source" only if the court finds the allegations of fraud in the plaintiff's complaint were "publicly disclosed" before the filing of the action and that the allegations were "based upon" that public disclosure);*U.S. ex rel. Mayfield, et al., v. Lockheed Eng'g Sci. Serv. Co.*, 2003 U.S. App. LEXIS 12820,*11-12(5th Cir. 2003); *U.S. ex rel. Springfield Terminal Ry. v. Quinn*, 14 F.3d 654, 651 (D.C. Cir. 1994) (court will proceed to "original source" inquiry "[i]f – and only if – the answer to the first question is in the affirmative"); *U.S. ex rel. Precision Co. v. Koch Industries*, 971 F.2d 548, 552 (10th Cir. 1992) (court must first determine whether action is "based upon the public disclosure of allegations or transactions"; if so, court must then determine whether plaintiff qualifies as an "original source."); *see also United States ex rel. Cooper v. Blue Cross and Blue Shield of Florida,*

*Inc.*, 19 F. 3d 562, 565 (11th Cir. 1994)(stating that the court reaches the original source question only if it finds the plaintiff's suit is based on information publicly disclosed and providing a detailed step by step procedure regarding the application of the public disclosure provisions of the False Claims Act). In fact, this Court in *United States ex rel. West v. Ortho-McNeil Pharmaceutical, Inc. et al.*, 538 F. Supp. 2d 367, 376-380 (D. Mass. 2008) examined closely the operation of the "public disclosure bar" and found that courts must first determine whether an "allegation or transaction" was publicly disclosed.[2]

The above cases do not deal with discovery issues; however, they demonstrate that Abbott's inquiry into "original source," and the Order objected to, is premature when a purported "public disclosure" has not even been identified, much less determined to constitute a bar the Relator must bear the burden of overcoming.[3]

Ven-A-Care merely contends that any interrogatory that requires a relator to explain why the relator may be an original source must be directed to specifically identified "public disclosures" in order to avoid being overly broad and unduly burdensome and in order to permit a direct response that cannot later be misleadingly taken out of context. Therefore,

---

[2] At oral argument, Abbott wrongly cited West for the proposition that the Relator bears the burden on the "public disclosure bar" jurisdictional question. [Docket *5536, Transcript of the Motion Hearing Before the Honorable Marianne B. Bowler, United States Magistrate Judge*, August 20, 2008, p. 67, Lines 6-11.]

[3] Abbott cites *U.S. ex rel. O'Keefe v. Sverdup Corp.*, 131 F. Supp. 2d 87(D. Mass. 2001)(J.Saris) for the proposition that issues of original source and public disclosure are resolved at summary judgment. While it is true that public disclosure issues may generally be decided at summary judgment, it does not follow that the burden of proving the existence or non-existence of a public disclosure shifts to the relator and that the relator should have to put forth evidence that it is an original source of each and every statement in its qui tam complaint and amended complaints regardless of the existence of or allegation of a public disclosure.

Ven-A-Care initially proposed that if Abbott would identify a specific "public disclosure" that it contends Ven-A-Care's allegations are based upon, then Ven-A-Care would state the basis for Ven-A-Care's rebuttal position that its action is not barred by 31 U.S.C. §3730(e). *See Letter to David S. Torberg dated November 7, 2007* attached as Exhibit B. The August 20, 2008 Order ignores the applicable case law and requires Ven-A-Care to respond to Abbott's interrogatory as originally written.

Abbott argued at hearing that interrogatory number 20 merely sought the basis of Ven-A-Care's contentions in its qui tam complaints. Ven-A-Care, in previous sealed qui tam complaints, did assert that it was an original source of information in its complaints; but given the absence of any purported public disclosure that could raise the issue and Ven-A-Care's belief that there was – and is – none, that assertion was mere surplusage. Regardless of Ven-A-Care's allegations in previous sealed qui tam complaints, "original source" is a protected status a Relator may invoke defensively when the "public disclosure" bar is raised as an obstacle. The authorities cited demonstrate that there must be, at the very least, the assertion of a specific public disclosure before Ven-A-Care can be required to respond to discovery related to the "public disclosure bar."

### III.  CONCLUSION

WHEREFORE, the Relator respectfully requests, pursuant to Rule 72(a), that this Court either reverse the August 20, 2008 Order and deny Abbott's Motion to Compel or modify the Order and provide that once Abbott identifies a specific "public disclosure" that it contends Ven-A-Care's allegations are based upon, then Ven-A-Care will state the basis for Ven-A-Care's rebuttal position, that its action is not barred by 31 U.S.C. §3730(e), as

contemplated in Ven-A-Care's counsel's letter dated November 7, 2007 attached as Exhibit B.

        Respectfully submitted,
        For the Relator, Ven-a-Care of the Florida Keys, Inc.,

        **/s/ Alison W. Simon**
        James. J. Breen
        Alison W. Simon
        The Breen Law Firm
        3350 S.W. 148th Avenue, Suite 110
        Miramar, FL 33027
        Tel: (954) 874-1635
        Fax: (954) 874-1705
        Email: jbreen@breenlaw.com

        Sherrie R. Savett
        Susan Schneider Thomas
        Gary L. Azorsky
        1622 Locust Street
        Philadelphia, PA 19103
        Tel: (215) 875-3000
        Fax: (215) 875-4604

        Jonathan Shapiro
        Stern, Shapiro, Weissberg & Garin LLP
        90 Canal Street
        Boston, MA 02114-5800
        Tel: (617) 742-5800
        Fax: (617) 742-5858

Dated: September 4, 2008

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this day caused an electronic copy of the above *RELATOR'S OBJECTIONS TO THE AUGUST 20, 2008 ORDER BY THE MAGISTRATE JUDGE ON ABBOTT LABORATORIES INC.'S MOTION TO COMPEL VEN-A-CARE TO PROVIDE ADEQUATE RESPONSES TO INTERROGATORY NUMBER 20 OF ABBOTT'S FOURTH SET OF INTERROGATORIES AND MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS* to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

      Dated: September 4, 2008

                                                                **/s/ Alison W. Simon**