UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York, et al.*<br>*v.*<br>*Abbott Laboratories, Inc., et al.* | Judge Patti B. Saris |

**PLAINTIFFS' OBJECTIONS TO AUGUST 20, 2008 RULING BY MAGISTRATE
JUDGE BOWLER GRANTING SCHERING CORPORATION'S
MOTION FOR A PROTECTIVE ORDER
OR, IN THE ALTERNATIVE,
PLAINTIFFS' REQUEST FOR CLARIFICATION AS TO WHAT
CONSTITUTES GOOD FAITH WHEN ALLEGING SPREADS BASED ON
WEIGHTED AVERAGES**

Pursuant to Fed. R. Civ. P. 72(a) and Rule 2(b) of the Rules for United States Magistrates in the District of Massachusetts, plaintiffs respectfully file objections to Magistrate Judge Bowler's ruling of August 20, 2008 granting Schering Corporation's ("Schering") motion for a protective order (the "Motion"). Dkt. No. 5296. By these objections, and for the reasons set forth herein and in the exhibits hereto, plaintiffs specifically ask this Court to overrule Magistrate Judge Bowler's ruling on the Motion.

In the alternative, and should this Court decline to overrule Magistrate Judge Bowler's August 20, 2008 ruling on the Motion, plaintiffs respectfully request clarification as to what constitutes good faith when pleading actionable spreads based on a weighted average of wholesaler prices (as opposed to a McKesson ServAll price). And,

to the extent necessary, plaintiffs request leave to file a revised exhibit to their First Amended Consolidated Complaint, Dkt. No. 4302, consistent with any such clarification.

## STANDARD OF REVIEW

The standard of review by a district court of a Magistrate Judge's non-dispositive discovery ruling is set forth in 28 U.S.C. § 636(b)(1)(A).  Pursuant to this provision, a Magistrate Judge's discovery ruling will be set aside if it is "clearly erroneous or contrary to law".  *Id.*; *In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts*, 400 F. Supp. 2d 386, 388 (D. Mass. 2005).

## ARGUMENT

### I. Magistrate Judge Bowler's August 20, 2008 Ruling On Schering's Motion For A Protective Order Was Clearly Erroneous

On September 28, 2007, plaintiffs filed a Revised Exhibit B to the City of New York/New York Counties' First Amended Consolidated Complaint ("FACC"). Dkt. No. 4754.  The primary purpose of the Revised FACC Exhibit B was to satisfy this Court's prior Fed. R. Civ. P. 9(b) rulings by identifying which drugs properly were at issue in this case based on a good faith allegation of spread.  Thus, plaintiffs' Revised Exhibit B spreads were based on either McKesson ServAll prices or the weighted average of wholesaler invoice prices to the relevant classes of trade, in compliance with the Court's prior orders and its directives at the July 26, 2007 hearing on defendants' motions to dismiss. *See In re Pharmaceutical Industry Average Wholesale Price Litigation, City of New York v. Abbott labs, Inc*. 498 F.Supp. 2d 402 (D.Mass. 2007) (Dkt. No. 4540); July 26, 2007 transcript at 23:17-24:7.   The Revised FACC Exhibit B, *inter alia,* identified twenty-five Schering brand drugs as being at-issue in this case. Dkt. No. 4754.  Plaintiffs

2

pleaded spreads in excess of 30% for nineteen of these twenty-five Schering brand drugs. *Id.*

Pursuant to CMO 33, which Schering as a defendant jointly proposed to the Court (Dkt. No. 4690), discovery was to proceed on all drugs listed in Revised FACC Exhibit B with spreads greater than 30%. Dkt. No. 4745. In contravention of the jointly-proposed CMO 33, however, Schering refused to produce discovery for those of its drugs with spreads greater than 30%, and filed its Motion for a Protective Order. Dkt. No. 5296. In its Motion, Schering argued that discovery should be stayed as to it on the ground that plaintiffs had not made "good faith" allegations of spreads for Schering brand-name drugs in excess of 30%. A copy of Schering's Motion, its memorandum of law in support and the supporting declarations and exhibits thereto are annexed hereto as Exhibit A1-A6.

Plaintiffs opposed on the grounds that their Schering spreads satisfied this Court's requirement that plaintiffs provide good faith examples of spread based on either "a typical price in McKesson [ServAll] or a weighted average." *See* Plaintiffs' Memorandum of Law in Opposition to Schering Corporation's Motion for a Protective Order. Dkt. No. 5358 ("Plaintiffs' Opposition"). A true and complete copy of Plaintiffs' Opposition and the exhibits thereto are annexed hereto as Exhibits B1-B4 and incorporated fully herein.

Plaintiffs' Opposition emphasized that: (a) this Court had never specifically stated what duration of time was required to satisfy the good faith pleading standard when a particular spread calculation was based on a weighted average, *see id.* at 2; (b) plaintiffs were ready, willing and able to file a revised exhibit to the FACC should the

Court require that weighted averages be calculated over periods of time other than those set forth in the Revised FACC Exhibit B, *see id.*; (c) Schering's effort to prevent discovery in this case based on the MDL class trial findings for Temodar and Intron-A was entirely improper given that the spreads calculated in the class trial were based on sales to the physician class of trade rather than the Pharmacy Provider class, *see id.* at 4-5; and, (d) Schering's proffer of the Addanki affidavit in support of the Motion was premature and improper given that (i) plaintiffs do not have access to the same data and information as that on which Professor Addanki relied, *see id.* at 5-7; (ii) plaintiffs have not been given the opportunity to depose Professor Addanki regarding the conclusions set forth in his affidavit, *see id.*; (iii) the proffer of the Addanki affidavit was an improper attempt to convert a discovery and pleading question into a motion for summary judgment, *see id.*; and (iv) Professor Addanki's conclusions in themselves appear entirely incorrect. Plaintiffs' calculations of AMP to AWP spreads produce results confirming the good faith of plaintiffs' allegations regarding which Schering drugs were properly in this case and subject to discovery. *See Id.* and Exhibit C thereto.

Also in support of their opposition, plaintiffs submitted exhibits confirming the good faith of their Revised FACC Exhibit B spread calculations. *See Id.* and Exhibits A-C thereto.

Magistrate Judge Bowler was unpersuaded by plaintiffs' opposition and granted Schering's motion. Plaintiffs respectfully maintain that this ruling was clearly erroneous given that (a) plaintiffs' spread allegations for the Schering drugs were made in good faith, as evidenced by the exhibits submitted in support of Plaintiffs' Opposition, and thus satisfied this Court's prior rulings; (b) the ruling effectively embraces the premature and

4

untested fact-based arguments set forth in the Addanki affidavit; (c) the ruling suggests that this Court's conclusions from the MDL Class trial concerning spreads -- which were based on sales to classes of trade that are indisputably not relevant in the instant litigation[1] -- can be used by defendants to bar discovery here.  The ruling is also highly prejudicial to plaintiffs in that, if left to stand, it will preclude plaintiffs from obtaining essential discovery -- to which they are entitled pursuant to CMO 33 and this Court's prior rulings -- regarding their Schering brand drug claims.

For these reasons, plaintiffs respectfully request that this Court reverse Magistrate Judge Bowler's August 20, 2008 ruling on the Motion.

## II. In The Alternative, Plaintiffs Request Clarification From The Court Regarding What Is Required To Satisfy The Good Faith Pleading Standard When Spreads Are Calculated Based On Weighted Averages

The parties disagree as to what constitutes good faith when pleading actionable spreads based on a weighted average of wholesaler invoice prices (as opposed to a McKesson ServAll Price).  Should this Court be disinclined to overrule Magistrate Judge Bowler's August 20, 2008 ruling on Schering's Motion, plaintiffs respectfully request that the Court issue clarification or guidance regarding what is required to satisfy this good faith pleading standard for spreads based on a weighted average and that plaintiffs be given leave to file promptly a revised exhibit (for Schering and all other defendants) consistent with this clarified standard.  By way of example, the Court could determine that when an actionable spread is based on a weighted average (as opposed to a McKesson ServAll price), that weighted average must be calculated over the duration of a quarter.  In such case, plaintiffs request leave to file promptly a revised exhibit to their pleading such as that attached hereto as Exhibit C.  With only minor exceptions that

---

[1] *See* Plaintiffs Opposition, Dkt. 5358 and Exhibit C hereto at 4.

result from data unavailability, Exhibit C sets forth, for every previously identified at-issue Schering drug, an actionable spread based on either a McKesson ServAll price or a weighted average calculated over a one quarter period of time.[2]  With leave, plaintiffs would promptly file comparable exhibits for all defendants in this action.

---

[2] Plaintiffs note that the spreads set forth in Exhibit D remain conservative as they are based on wholesaler invoice data that does not account for the discounts, rebates and other credits or fees routinely paid by defendants herein to wholesalers.  Such discounts, rebates and other credits or fees, when accounted for on a full record, will have the effect of increasing the spread between a true acquisition cost and defendants' reported prices.  Notably, that is a subject for summary judgment, not pleading.  Once again, the sole purpose of plaintiffs' FACC Exhibit B is to identify which drugs are properly in this case and subject to discovery.  Exhibit B is not plaintiffs' liability or damage model.

## CONCLUSION

For all the foregoing reasons, Magistrate Judge Bowler's August 20, 2008 Ruling on Schering's Motion for a Protective Order should be overruled. In the alternative, plaintiffs request clarification from this Court as to what constitutes good faith in the context of pleading actionable spreads based on weighted averages of wholesaler prices and leave to file promptly a revised Exhibit B for all defendants that is consistent with any such clarification. A proposed form of order is filed together herewith.

Dated: September 4, 2008

By:

**KIRBY McINERNEY LLP**

   /s/
Joanne M. Cicala, Esq.
James P. Carroll Jr., Esq.
Aaron D. Hovan, Esq.
825 Third Avenue
New York, NY 10022
(212) 371-6600

*Counsel for the City of New York and New York Counties in MDL 1456 except Nassau and Orange*

Ross B. Brooks, Esq.
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
**LEVY PHILLIPS & KONIGSBERG, LLP**
800 Third Ave.
New York, NY 10022
(212) 605-6205

*Counsel for the County of Orange*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on the 4th day of September, 2008 he caused a true and correct copy of Plaintiffs' Objections to August 20, 2008 Ruling by Magistrate Judge Bowler Granting Schering Corporation's Motion for a Protective Order or, in the Alternative, Plaintiffs' Request for Clarification as to What Constitutes Good Faith when Alleging Spreads Based on Weighted Averages to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

                                                /s/ Aaron D. Hovan
                                                Aaron D. Hovan
                                                Kirby McInerney LLP
                                                825 Third Avenue
                                                New York, NY 10022
                                                (212) 371-6600