# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS |

)
)
)

THIS DOCUMENT RELATES TO

*The City of New York v. Abbott Laboratories, Inc., et al.*
S.D.N.Y.  Case No. 04-CV-06054

*County of Albany v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0425

*County of Allegany v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-0236

*County of Broome v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0456

*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-0256

*County of Cayuga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0423

*County of Chautauqua v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-0214

*County of Chemung v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6744

*County of Chenango v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0354

*County of Columbia v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0867

*County of Cortland v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0881

*County of Dutchess v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-6458

*County of Essex v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0878

Hon. Patti B. Saris

*County of Fulton v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0519                          )
                                                       )
                                                       )
*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267                         )
                                                       )
*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474                          )
                                                       )
*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415                         )
                                                       )
*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715                          )
                                                       )
*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839                          )
                                                       )
*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714                         )
                                                       )
*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148                          )
                                                       )
*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126                         )
                                                       )
*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296                         )
                                                       )
*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489                          )
                                                       )
*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088                          )
                                                       )
*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373                          )
                                                       )
*County of Orange v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 07-CV-2777                          )
                                                       )
*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371                          )
                                                       )
*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740                         )
                                                       )
*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422                         )
                                                       )
                                                       )

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6370

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0479

*County of Saratoga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0478

*County of Steuben v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6223

*County of Suffolk v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 03-CV-12257

*County of Tompkins v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0397

*County of Ulster v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 06-CV-0123

*County of Warren v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0468

*County of Washington v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0408

*County of Wayne v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06138

*County of Westchester v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-6178

*County of Wyoming v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6379

*County of Yates v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06172

**ANSWER AND DEFENSES OF DEFENDANTS ASTRAZENECA
PHARMACEUTICALS LP AND ASTRAZENECA LP TO
PLAINTIFFS' REVISED FIRST AMENDED CONSOLIDATED COMPLAINT**

3

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively "AstraZeneca"), by and through their undersigned counsel, hereby state as an Answer and Defenses to Plaintiffs' Revised First Amended Consolidated Complaint dated October 5, 2007 (the "Complaint") as follows:

## Preface

Under the Medicaid statutes, each county of the State of New York (the "State" or "New York") is required to reimburse the State for 25% of the costs of Medicaid prescription drugs paid for by its residents.  *See* N.Y. Soc. Serv. L. § 367-b(6).  Plaintiffs, the City of New York and certain New York Counties (collectively, the "Counties" or "Plaintiffs"),  purport to bring this action to recover overpayments by them for Medicaid prescription drugs on behalf of their residents.  Plaintiffs allege, in essence, that AstraZeneca and other defendants provided inflated drug pricing information, including Average Wholesale Prices ("AWPs") and Wholesale Acquisition Costs ("WACs"), to various third-party publishers, and those prices then became the basis for calculating the amounts at which providers are reimbursed by New York and in turn by Plaintiffs. (Compl. *passim*.)  These AWPs were inflated, Plaintiffs allege, because they do not reflect the actual average of prices at which Medicaid providers, including pharmacies and physicians, are able to acquire AstraZeneca drugs.  (*E.g., id.* ¶¶ 144, 147, 152.) Plaintiffs further contend that AstraZeneca and other defendants have "hidden" discounts, credits, and rebates to keep the prices of their drugs secret and thereby wrongfully profit at the expense of the State (and the Counties) and its citizens.  (*E.g., id.* ¶¶ 157, 171.) AstraZeneca denies the allegations.

To begin with, as Plaintiffs acknowledge, the amount providers are reimbursed for prescription pharmaceuticals under the Medicaid program is determined by the State,

not by Plaintiffs.  AstraZeneca avers that it is common knowledge and universally understood, including by the State and/or its agents, that AWP is a benchmark or reference price that does not, and is not intended to, equal an actual average of wholesale prices.  Indeed, the federal government has repeatedly instructed the states to this effect. The State has made considered policy decisions to reimburse for certain pharmaceuticals at actual acquisition costs, and for other pharmaceuticals at a discount off of the AWP published by independent reporting services.  The State did so, moreover, with full knowledge, developed over decades, that AWP does not represent an actual average of wholesale prices of drugs.  AstraZeneca avers that it plays absolutely no role in the State's decisions concerning whether and how to reimburse physicians, pharmacists and other providers.  The State alone sets the reimbursement levels under various state programs, consistent with the State's obligations under federal law.

Moreover, Plaintiffs' allegation that the State overpaid for prescription drugs manufactured by AstraZeneca also fails to account for certain federally mandated rebates that AstraZeneca, and all defendants who participate in New York Medicaid, must extend to the State.  These rebates effectively insulate the State from price increases greater than the consumer price index and ensure that the State benefits from the best rebates and discounts extended to AstraZeneca's most favored commercial customers.

In addition to the foregoing deficiencies, the Complaint contains allegations that are vague, ambiguous, inflammatory or otherwise improper.  AstraZeneca responds to such allegations only to the extent that it may be susceptible to a response, and only where AstraZeneca has information sufficient to form a belief as to such allegations.

In many cases, the Complaint improperly refers to AstraZeneca, other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against AstraZeneca.  This is insufficient to apprise AstraZeneca of the allegations asserted against it.  AstraZeneca has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible.  To the extent that the Complaint's allegations refer to the knowledge, conduct or actions of other persons or entities, AstraZeneca is generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  AstraZeneca states that it is answering Plaintiffs' allegations solely on behalf of itself, even when Plaintiffs' allegations refer to alleged conduct by AstraZeneca and other persons or entities.

The Complaint also contains purported quotations from a number of sources, some of which are unidentified.  In answering allegations consisting of quotations, AstraZeneca's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or AstraZeneca's reference to the full document instead of the quote shall not constitute an admission as to the truth of the substantive content of the quote or document or that the material is relevant or admissible in this action.

Unless expressly admitted, AstraZeneca denies each and every allegation in the Complaint, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any averment or in the Complaint as a whole.  Moreover, AstraZeneca specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.

AstraZeneca denies all allegations containing legal arguments and/or conclusions of law on the ground that such allegations do not require a response.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

The following are AstraZeneca's specific answers and defenses to the Complaint.

To the extent that the unnumbered paragraph immediately following the Table of Contents makes allegations against AstraZeneca, AstraZeneca denies them, except admits that the Counties have made allegations against a number of defendants, including AstraZeneca, as set forth in the Complaint.

1.     To the extent that the allegations of paragraph 1 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 1 are directed at AstraZeneca, AstraZeneca admits that Plaintiffs purport to bring this action as alleged in paragraph 1, but denies there is any basis for them to do so and denies that they are entitled to any relief from AstraZeneca. AstraZeneca also admits that Exhibits B1-B40 to the Revised First Amended Consolidated Complaint purport to identify the prescription drugs at issue in this matter, but denies any liability to Plaintiffs with respect to any such NDCs.  To the extent that the allegations of paragraph 1 are directed at AstraZeneca, AstraZeneca denies them.  By way of further response, AstraZeneca specifically denies the existence of or participation in "fraudulent and misleading schemes" or that the New York State Medicaid Program has been "overcharge[d]" for prescription drugs.

7

2.      To the extent that the allegations of paragraph 2 of the Complaint purport to describe laws or regulations, AstraZeneca states that no response is required. AstraZeneca refers to N.Y. Soc. Serv. L. §§ 367-a and 368-a, and 42 U.S.C. § 1396d(b) for their true and complete content, which speaks for itself, and denies any characterizations thereof.  AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 or the exhibit (Exhibit A) referenced therein.

3.      To the extent that the allegations of paragraph 3 of the Complaint or the footnote cited therein (note 1) purport to describe laws or regulations, AstraZeneca states that no response is required.  AstraZeneca refers to N.Y. Soc. Serv. L. § 367-a(9), 42 U.S.C. § 1396d(b), 56 FR 7049 (Feb. 21, 1999), and 60 FR 49442 (Sept. 19, 1995) or the "Model Rebate Agreement" for their true and complete content, which speaks for itself, and denies any characterizations thereof.  AstraZeneca also refers to the relevant statutes and regulations governing reimbursement for their true and complete content. AstraZeneca states that those statutes and regulations speak for themselves and demonstrate that the State is obligated to study provider acquisition costs in setting its Medicaid reimbursement rates.  AstraZeneca admits that it pays Medicaid rebates to the State of New York and that such rebates lower the net cost to New York Medicaid for AstraZeneca's prescription drugs.  AstraZeneca is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 or the exhibit (Exhibit E) referenced therein.

4.      To the extent that the allegations of paragraph 4 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is

required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 4 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca specifically denies the existence of or participation in "fraudulent schemes," the "manipulation of the Medicaid program," or the "intentional fraudulent inflation" of wholesale prices.  AstraZeneca likewise denies that the County Medicaid Programs have been "overcharge[d] … many millions of dollars."

5.      The allegations of paragraph 5 of the Complaint purport to describe a law or regulation.  Accordingly, AstraZeneca states that no response is required.  AstraZeneca refers to 42 C.F.R. § 447.331 for its true and complete content, which speaks for itself, and denies any characterizations thereof.

6.      To the extent that the allegations of paragraph 6 of the Complaint or the footnote cited therein purport to describe a law or regulation, AstraZeneca states that no response is required.  AstraZeneca refers to N.Y. Soc. Serv. L. § 367-a(9) for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 6 or its footnote are directed at AstraZeneca, they are denied.  AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 or its footnote.

7.      To the extent that the allegations of paragraph 7 of the Complaint purport to describe a law or regulation, AstraZeneca states that no response is required.  AstraZeneca refers to N.Y. Soc. Serv. L. §367-a(9) for its true and complete content, which speaks for itself, and denies any characterizations thereof.  AstraZeneca otherwise

denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.      AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.      To the extent that the allegations of paragraph 9 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 9 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca specifically denies that it "control[led] and unlawfully inflate[d] the AWP and FULs that serve as the benchmarks for New York Medicaid reimbursements."  Additionally, AstraZeneca states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices.

10.      To the extent that the allegations of paragraph 10 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 10 are directed at AstraZeneca, AstraZeneca denies the allegations, except admits that AstraZeneca provides information on the list price, also known as the WAC, for its products to independent third-party publishers and, until 2002, provided suggested AWPs to these publishers that reflected the well-known industry

10

11.     To the extent that the allegations of paragraph 11 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 11 are directed at AstraZeneca, AstraZeneca denies the allegations, except admits that it is generally accepted and understood that AWPs are 20% or 25% higher than WACs for branded products.

12.     To the extent that the allegations of paragraph 12 of the Complaint or the exhibit referenced therein (Exhibit F) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 12 or Exhibit F are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca specifically denies that it has "report[ed] a false and inflated WAC or WAC equivalent" to industry pricing compendia.  AstraZeneca further states that, consistent with industry practice for branded products, the AWP for AstraZeneca's products is and has been a standard 20% or 25% above the WAC, or list price, of AstraZeneca's products.

13.     To the extent that the allegations of paragraph 13 of the Complaint purport to describe a law or regulation, AstraZeneca states that no response is required.  AstraZeneca refers to 42 C.F.R. § 447.332  for its true and complete content, which

speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 13 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 13 are directed at AstraZeneca, AstraZeneca states that no response is necessary.  As Exhibits A (filed with the Court on November 5, 2007) and B (filed with the Court on September 28, 2007) to the Complaint demonstrate, Plaintiffs have not, and cannot, allege that AstraZeneca engaged in FUL fraud.  To the extent that Plaintiffs purport to assert FUL allegations against AstraZeneca, AstraZeneca denies these allegations and expressly denies that it "control[s] the FUL."

14.     To the extent that the allegations of paragraph 14 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 14 are directed at AstraZeneca, AstraZeneca states that no response is necessary.  As Exhibits A and B demonstrate, Plaintiffs have not, and cannot, allege that AstraZeneca engaged in FUL fraud.  To the extent that Plaintiffs purport to assert FUL allegations against AstraZeneca, AstraZeneca denies the allegations and expressly denies that it "cause[d] false and inflated FULs to issue."

15.     To the extent that the allegations of paragraph 15 of the Complaint and the exhibit referenced therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required,

AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 15 and Exhibit B are directed at AstraZeneca, AstraZeneca states that no response is necessary.  As Exhibits A and B demonstrate, Plaintiffs have not, and cannot,  allege that AstraZeneca engaged in FUL fraud.  To the extent that Plaintiffs purport to assert FUL allegations against AstraZeneca, AstraZeneca denies these allegations and expressly denies that its "failure to report an accurate price for its drug resulted in a false and inflated FUL being set" or it engaged in "FUL fraud."

16.     To the extent that the allegations of paragraph 16 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 16 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca specifically denies that it "submitt[ed] false and inflated price information to the publishing compendia," and further denies the characterization of the "spread" in paragraph 16.   AstraZeneca further states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices. AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.

17.     To the extent that the allegations of paragraph 17 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 17 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca denies the characterization of "spread" in paragraph 17.

18.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20.     To the extent that the allegations of paragraph 20 of the Complaint refer to a Wall Street Journal article, the article speaks for itself, and any characterizations thereof are denied.  AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint or the exhibit referenced therein (Exhibit B-6).

22.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23.     To the extent that the allegations of paragraph 23 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is

required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 23 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca specifically denies that it "secretly pollut[ed] the entire reimbursement system with false and inflated prices."  AstraZeneca states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices. AstraZeneca further states that, consistent with industry practice for branded products, the AWP for AstraZeneca's products is and has been a standard 20% or 25% above the WAC, or list price, of AstraZeneca's products.  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.  Moreover, AstraZeneca states that at all times the State controlled what reimbursement rates it used for its Medicaid program.

24.     To the extent that the allegations of paragraph 24 of the Complaint and the exhibit cited therein (Exhibit B-19) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 24 and Exhibit B-19 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "cause[d] false and inflated published reimbursement prices" and denies the

characterization of "spread" in paragraph 24.  By way of further response, AstraZeneca refers to its response to paragraph 23.

25.     To the extent that the allegations of paragraph 25 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 25 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca expressly denies that it "create[d], inflate[d] manipulate[d] and market[ed] the spread."

26.     To the extent that the allegations of paragraph 26 of the Complaint refer to a Department of Health and Human Services Office of Inspector General ("HHS OIG") report, the report speaks for itself, and any characterizations thereof are denied. AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27.     To the extent that the allegations of paragraph 27 of the Complaint refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.  AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.     To the extent that the allegations of paragraph 28 of the Complaint or the exhibit referenced therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 28 or Exhibit B are

directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca expressly denies that it has caused "intentional AWP inflation" or participated in "fraud."  By way of further response, AstraZeneca refers to its response to paragraph 23.

29.     To the extent that the allegations of paragraph 29 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 29 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca expressly denies that it has "reported or caused to be reported [] false and inflated" WACs or engaged in any "unlawful and undisclosed manipulation of the price reporting system."  By way of further response, AstraZeneca refers to its response to paragraph 23.

30.     To the extent that the allegations of paragraph 30 of the Complaint or the exhibit referenced therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 30 or Exhibit B are directed at AstraZeneca, no response is necessary.  As Exhibits A and B demonstrate, Plaintiffs have not, and cannot, allege that AstraZeneca engaged in FUL fraud.  To the extent that Plaintiffs purport to assert FUL allegations against AstraZeneca, AstraZeneca denies these allegations and expressly denies that it "has caused the false and inflated FULs to issue" or that it has engaged in any "pricing misconduct."

31.     To the extent that the allegations of paragraph 31 of the Complaint or the footnote referenced therein purport to describe a law or regulation, AstraZeneca states that no response is required.  AstraZeneca refers to 42 U.S.C. § 1396r-8, 42 U.S.C. § 1396r-8(c)(1)(C), 42 U.S.C. § 1396r-8(k)(1), 42 U.S.C. § 1396r-8(c)(3), and N.Y. Soc. Serv. L. § 367(a)(7)(d) for their true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 31 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 31 are directed at AstraZeneca, no response is required, as AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

32.     To the extent that the allegations of paragraph 32 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 32 are directed at AstraZeneca, no response is required, as AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

33.     To the extent that the allegations of paragraph 33 of the Complaint or the footnote cited therein purport to describe a law or regulation, AstraZeneca states that no response is required.  AstraZeneca refers to 42 U.S.C. § 1396r-8(c)(1)(C)(ii)(III) for its true and complete content, which speaks for itself, and denies any characterizations

thereof.  To the extent that the allegations of paragraph 33 or its footnote are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 33 or its footnote are directed at AstraZeneca, no response is required, as AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

34.     To the extent that the allegations of paragraph 34 of the Complaint refer to an HHS OIG report, AstraZeneca refers to the report for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 34 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 34 are directed at AstraZeneca, no response is required, as AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

35.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

36.     To the extent that the allegations of paragraph 36 of the Complaint and the exhibit referenced therein (Exhibit D) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 36 or Exhibit D are

19

directed at AstraZeneca, AstraZeneca denies the allegations of paragraph 36 and Exhibit

D referenced therein, except admits that AstraZeneca Pharmaceuticals LP entered into a

civil settlement with the federal government and certain states, including New York,

which resolved certain allegations relating to an AstraZeneca product named Zoladex and

involved the payment by AstraZeneca Pharmaceuticals LP and Zeneca Inc. to the United

States and the various states of approximately $354 million.  By way of further response,

AstraZeneca specifically denies that it engaged in "fraud" with respect to "Medicaid

pricing."

37.     To the extent paragraph 37 of the Complaint consists of legal arguments or

conclusions of law, AstraZeneca states that no response is required.  To the extent that

the allegations of paragraph 37 are directed at parties other than AstraZeneca,

AstraZeneca states that no response is required.  To the extent that a response is required,

AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of

the allegations.  To the extent that the allegations of paragraph 37 are directed at

AstraZeneca, AstraZeneca denies the allegations.  By way of further response,

AstraZeneca specifically denies that it has been involved in any "fraudulent and illegal

manipulation of drug prices" or that it engaged in "intentional misconduct."  AstraZeneca

further denies that Plaintiffs are entitled to any relief from AstraZeneca.

38.     AstraZeneca denies the allegations or paragraph 38, except admits that

Plaintiffs purport to bring this action pursuant to the Social Security Act, 42 U.S.C. §

1396, *et seq.*, certain New York statutes, and New York common law.  AstraZeneca

denies that Plaintiffs are entitled to any relief under the cited statutes or the common law

of New York, or on any other basis.

39.     To the extent paragraph 39 of the Complaint consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca.

40.     To the extent that paragraph 40 of the Complaint consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, except admits that Plaintiffs allege that venue is proper in this judicial district and that each of the captioned matters has been transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to 28 U.S.C. § 1407.  AstraZeneca denies that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca, and specifically denies that it engaged in "illegal actions, as alleged in this complaint."

41-42A.     To the extent that the allegations of paragraphs 41, 42, and 42A of the Complaint refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 41, 42, and 42A.

43.     AstraZeneca admits that Plaintiffs purport to bring suit against certain entities with certain exceptions listed in paragraph 43 of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 or the footnote cited therein (footnote 5).  By way of further

21

response, AstraZeneca refers to Case Management Order No. 33, dated September 14, 2007, ¶¶ 1, 3.

44.     To the extent that the allegations of paragraph 44 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of these allegations.  To the extent that the allegations of paragraph 44 of the Complaint are directed at AstraZeneca, AstraZeneca denies them, except admits that it manufactures and sells prescription drugs and that it transacts business in the State of New York.  AstraZeneca specifically denies that it "manufactures, markets and sells prescription drugs with false and inflated wholesale prices."

45-48.  The allegations of paragraphs 45 through 48 of the Complaint are directed at parties other than AstraZeneca and therefore require no response from AstraZeneca. To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 45 through 48.

49.     AstraZeneca admits that AstraZeneca Pharmaceuticals LP and AstraZeneca LP are Delaware limited partnerships engaged in the business of manufacturing and selling pharmaceuticals with their principal place of business located at 1800 Concord Pike, Wilmington, Delaware, 19850.  AstraZeneca also admits that AstraZeneca LP is a wholly-owned subsidiary of AstraZeneca PLC.  AstraZeneca otherwise denies the allegations of paragraph 49 of the Complaint.

50-84.  The allegations of paragraphs 50 through 84 of the Complaint are directed at parties other than AstraZeneca and therefore require no response from AstraZeneca.

To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 50 through 84.

85-88.  The allegations of paragraphs 85 through 88 of the Complaint are directed at unknown defendants and therefore require no response from AstraZeneca.  To the extent a response is required, AstraZeneca denies that it was involved in any conspiracy related to drug pricing with either named or unknown defendants.  AstraZeneca also denies that it has engaged in any "wrongful acts" related to drug pricing.

89.  The allegations of paragraph 89 of the Complaint purport to describe a law or regulation and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to Title XIX of the Federal Social Security Act, 42 U.S.C. §§ 1396, *et seq.*, for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that a response is required, AstraZeneca admits that Title XIX of the Federal Social Security Act, 42 U.S.C. §§ 1396, *et seq*., established the program known as Medicaid and otherwise denies the allegations set forth in numbered paragraph 89.

90.  To the extent that the allegations of paragraph 90 of the Complaint purport to describe laws or regulations, AstraZeneca states that no response is required.  AstraZeneca refers to N.Y. Soc. Serv. L. § 363, *et seq.*, 42 U.S.C. § 1396a(a) and (b), 42 C.F.R. § 433.32, and 42 C.F.R. § 433.33 for their true and complete content, which speaks for itself, and denies any characterizations thereof.  AstraZeneca otherwise denies the allegations of paragraph 90, except admits that state participation in Medicaid is voluntary.

91.     To the extent that the allegations of paragraph 91 of the Complaint purport to describe laws or regulations, AstraZeneca states that no response is required. AstraZeneca refers to N.Y. Soc. Serv. L. § 368-a and 42 U.S.C. §§ 1396(d)(b) for their true and complete content, which speaks for itself, and denies any characterizations thereof.

92.     The allegations of paragraph 92 of the Complaint purport to describe laws or regulations.  Accordingly, AstraZeneca states that no response is required. AstraZeneca refers to 42 U.S.C. §§ 1396a(a)(25)(A) & (B), 42 U.S.C. § 1396b(d)(3)(A), and N.Y. Soc. Serv. L. § 145-b(2) for their true and complete content, which speaks for itself, and denies any characterizations thereof.

93.     The allegations of paragraph 93 of the Complaint purport to describe laws or regulations and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to N.Y. Soc. Serv. L. § 367-a(9)(b)(i) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

94.     The allegations of paragraph 94 of the Complaint purport to describe laws or regulations and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to N.Y. Soc. Serv. L. § 367-a(9)(c) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

95.     The allegations of paragraph 95 of the Complaint purport to describe laws or regulations and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to N.Y. Soc. Serv. L. § 367-a(9)(b)(ii) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

96.     The allegations of paragraph 96 of the Complaint purport to describe laws or regulations and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to N.Y. Soc. Serv. L. § 367-a(9)(b)(ii) and N.Y. Laws 2003, Ch. 62, Part Z2 for their true and complete content, which speaks for itself, and denies any characterizations thereof.

97.     The allegations of paragraph 97 of the Complaint purport to describe laws or regulations and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to N.Y. Soc. Serv. L. § 367-a(9), N.Y. Soc. Serv. L. § 367-a(9)(f), N.Y. Soc. Serv. L. § 367-a(9)(b)(ii), and Laws 2004, Ch. 58, Part C, § 36 for their true and complete content, which speaks for itself, and denies any characterizations thereof.

98.     The allegations of paragraph 98 of the Complaint purport to describe laws or regulations and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to N.Y. Soc. Serv. L. § 367-a(9)(d) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

99.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 of the Complaint.

100.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 of the Complaint, except states that there is a separate NDC number for each dosage and package size of each drug manufactured by AstraZeneca.

101.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 of the Complaint.

102.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Complaint.

103.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 of the Complaint.

104.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 of the Complaint or the footnote cited therein (note 8).

105.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 of the Complaint.

106.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 of the Complaint.

107.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 of the Complaint.

108.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 of the Complaint.

109.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 of the Complaint.

110.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110 of the Complaint.

111.     To the extent that the allegations of paragraph 111 of the Complaint purport to describe a law or regulation, AstraZeneca states that no response is required. AstraZeneca refers to N.Y. Soc. Serv. L. § 367-a(9)(a) for its true and complete content,

112.     To the extent that the allegations of paragraph 112 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 112 are directed at AstraZeneca, AstraZeneca denies the allegations, except admits that independent pharmaceutical industry compendia— including First DataBank—publish AWPs for prescription medicines sold in this country. AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

113.     To the extent that the allegations of paragraph 113 of the Complaint refer to the transcript of a congressional hearing, AstraZeneca refers to the transcript for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 113 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 113 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca expressly denies that it has "fraudulently conceal[ed]" the "true prices" of its drugs.

114.     To the extent that the allegations of paragraph 114 of the Complaint refer to an HHS OIG report, AstraZeneca refers to the report for its true and complete content,

which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 114 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 114 are directed at AstraZeneca, AstraZeneca denies the allegations.

115.    To the extent that the allegations of paragraph 115 of the Complaint refer to an HHS OIG report AstraZeneca refers to the report for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 115 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 115 are directed at AstraZeneca, AstraZeneca denies the allegations.

116.    The allegations of paragraph 116 of the Complaint purport to describe a law or regulation.  Accordingly, AstraZeneca states that no response is required. AstraZeneca refers to 42 U.S.C. § 1396r-8 for its true and complete content, which speaks for itself, and denies any characterizations thereof.

117.    The allegations of paragraph 117 of the Complaint purport to describe laws or regulations.  Accordingly, AstraZeneca states that no response is required. AstraZeneca refers to 42 U.S.C. § 1396r-8(c)(1)-(2) and N.Y. Soc. Serv. L. § 367(a)(7)(d) for their true and complete content, which speaks for itself, and denies any characterizations thereof.

28

118.    To the extent that the allegations of paragraph 118 of the Complaint and its footnote (note 9) purport to describe laws or regulations, AstraZeneca states that no response is required.  AstraZeneca refers to 42 U.S.C. § 1396r-8(c)(3), 42 U.S.C. § 1396r-8(b)(1)(A), and N.Y. Soc. Serv. L. § 367(a)(7)(d) for their true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 118 or its footnote are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 118 or its footnote are directed at AstraZeneca, no response is required, as AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

119.    The allegations of paragraph 119 of the Complaint purport to describe a law or regulation and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to 42 U.S.C. § 1396r-8(c)(2) for its true and complete content, which speaks for itself, and denies any characterizations thereof.  By way of further response, AstraZeneca states that it has entered into a rebate agreement with the Secretary of Health and Human Services, pursuant to which it has paid rebates to the State of New York.

120.    The allegations of paragraph 120 of the Complaint purport to describe a law or regulation and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to 42 U.S.C. § 1396r-8(c)(1)(C)(i) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

121.    The allegations of paragraph 121 of the Complaint purport to describe a law or regulation and, as such, AstraZeneca states that no response is required. AstraZeneca refers to 42 U.S.C. § 1396r-8(c)(1)(C)(ii) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

122.    The allegations of paragraph 122 of the Complaint purport to describe a law or regulation and, as such, AstraZeneca states that no response is required. AstraZeneca refers to 42 U.S.C. § 1396r-8(k)(1) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

123.    The allegations of paragraph 123 of the Complaint refer to a congressional report.  Accordingly, AstraZeneca refers to the report for its true and complete content, which speaks for itself, and denies any characterizations thereof.

124.    The allegations of paragraph 124 of the Complaint purport to describe laws or regulations and, as such, AstraZeneca states that no response is required. AstraZeneca refers to N.Y. Soc. Serv. L. § 367-a(7)(d) and 42 U.S.C. § 1396r-8 for their true and complete content, which speaks for itself, and denies any characterizations thereof.

125.    To the extent that the allegations of paragraph 125 of the Complaint purport to describe a law or regulation, no response is required.  AstraZeneca refers to N.Y. Social Service Law for its true and complete content, which speaks for itself, and denies any characterizations thereof.  AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125.

126.    The allegations of paragraph 126 of the Complaint purport to describe a law or regulation and, as such, AstraZeneca states that no response is required.

AstraZeneca refers to 42 U.S.C. § 1396r-8(b)(3)(A), (D) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

127.    The allegations of paragraph 127 of the Complaint purport to describe a law or regulation and, as such, AstraZeneca states that no response is required. AstraZeneca refers to 42 U.S.C. § 1396r-8(b)(2) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

128.    To the extent that the allegations of paragraph 128 of the Complaint purport to describe a law or regulation, AstraZeneca states that no response is required. AstraZeneca refers to 42 U.S.C. § 1396r-8(b) for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 128 of the Complaint refer to the Model Rebate Agreement, AstraZeneca refers to the Model Rebate Agreement for its true and complete content, which speaks for itself, and denies any characterizations thereof.  AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

129.    To the extent that the allegations of paragraph 129 of the Complaint purport to describe a law or regulation, AstraZeneca states that no response is required. AstraZeneca refers to 42 U.S.C. § 1396r-8(b)(2) for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 129 refer to an *Amicus Curiae* brief, AstraZeneca refers to the brief for its complete content, which speaks for itself, and denies any characterizations thereof.

31

130.     To the extent that the allegations of paragraph 130 of the Complaint purport to describe a law or regulation, AstraZeneca states that no response is required. AstraZeneca refers to the governing law or regulation for its true and complete content, which speaks for itself, and denies any characterizations thereof.  AstraZeneca otherwise denies knowledge or information to form a belief as to the truth of the allegations.

131.     The allegations of paragraph 131 of the Complaint refer to the Model Rebate Agreement.  Accordingly, AstraZeneca refers to that document for its true and complete content, which speaks for itself, and denies any characterizations thereof.

132.     To the extent that the allegations of paragraph 132 of the Complaint and the exhibit referenced therein (Exhibit E) refer to the Model Rebate Agreement, AstraZeneca refers to that document for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 132 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 132 are directed at AstraZeneca, AstraZeneca denies the allegations of paragraph 132, except admits that it has executed a rebate agreement with HHS.

133.     The allegations of paragraph 133 of the Complaint refer to the Model Rebate Agreement.  AstraZeneca refers to that document for its true and complete content, which speaks for itself, and denies any characterizations thereof.

134.    The allegations of paragraph 134 of the Complaint refer to the Model Rebate Agreement.  AstraZeneca refers to that document for its true and complete content, which speaks for itself, and denies any characterizations thereof.

135.    The allegations of paragraph 135 of the Complaint refer to the Model Rebate Agreement.  AstraZeneca refers to that document for its true and complete content, which speaks for itself, and denies any characterizations thereof.

136.    The allegations of paragraph 136 of the Complaint refer to the Model Rebate Agreement.  AstraZeneca refers to that document for its true and complete content, which speaks for itself, and denies any characterizations thereof.

137.    To the extent that the allegations of paragraph 137 of the Complaint purport to describe laws or regulations, AstraZeneca states that no response is required. AstraZeneca refers to N.Y. Soc. Serv. L. §§ 56, and 61-62 for their true and complete content, which speaks for itself, and denies any characterizations thereof.   AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137.

138.    The allegations of paragraph 138 of the Complaint purport to describe a law or regulation.  Accordingly, AstraZeneca states that no response is required. AstraZeneca refers to 42 U.S.C. § 1396(a)(25)(A) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

139.    The allegations of paragraph 139 of the Complaint purport to describe a law or regulation.  Accordingly, AstraZeneca states that no response is required. AstraZeneca refers to 42 U.S.C. § 1396(a)(25)(B) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

140.   The allegations of paragraph 140 of the Complaint purport to describe a law or regulation.  Accordingly, AstraZeneca states that no response is required. AstraZeneca refers to 42 U.S.C. § 1396r-8(c)(ii) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

141.   The allegations of paragraph 141 of the Complaint purport to describe a law or regulation.  Accordingly, AstraZeneca states that no response is required. AstraZeneca refers to N.Y. Soc. Serv. L. §145-b for its true and complete content, which speaks for itself, and denies any characterizations thereof.

142.   The allegations of paragraph 142 of the Complaint refer to an *Amicus Curiae* brief.  AstraZeneca refers to the brief for its complete content, which speaks for itself, and denies any characterizations thereof.

143.   AstraZeneca denies the allegations of paragraph 143 of the Complaint.

144.   To the extent that the allegations of paragraph 144 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 144 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca specifically denies that it "intentionally reported, or caused to be reported, to industry publications wholesale pricing information that it knew to be false and inflated," denies the characterization of "spread" in paragraph 144, and denies that it "improperly inflate[d] reimbursement prices."

145.    To the extent that the allegations of paragraph 145 of the Complaint and the exhibit cited therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 145 and Exhibit B are directed at AstraZeneca, AstraZeneca denies the allegations of paragraph 145, except admits that Exhibit B purports to list drugs that Plaintiffs allege are at issue in this litigation.

146.    To the extent that the allegations of paragraph 146 of the Complaint and the exhibit cited therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 146 and Exhibit B are directed at AstraZeneca, AstraZeneca denies the allegations.  As Exhibits A and B demonstrate, Plaintiffs have not, and cannot, allege that AstraZeneca engaged in FUL fraud.

147.    To the extent that the allegations of paragraph 147 of the Complaint and the exhibit cited therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 147 and Exhibit B are directed at AstraZeneca, AstraZeneca denies the allegations.

148.     To the extent that the allegations of paragraph 148 of the Complaint and the exhibit cited therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 148 and Exhibit B are directed at AstraZeneca, AstraZeneca denies the allegations.  To the extent Plaintiffs are asserting FUL allegations against AstraZeneca, AstraZeneca specifically denies those allegations.

149.     To the extent that the allegations of paragraph 149 of the Complaint and the exhibit cited therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 149 and Exhibit B are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "routinely submitted fraudulent prices."

150.     To the extent that the allegations of paragraph 150 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 150 are directed at AstraZeneca, AstraZeneca denies the allegations.

151.     To the extent that the allegations of paragraph 151 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is

36

required.  To the extent that a response is required, AstraZeneca denies knowledge or

information sufficient to form a belief as to the truth of the allegations.  To the extent that

the allegations of paragraph 151 are directed at AstraZeneca, AstraZeneca denies the

allegations.

152.    To the extent that the allegations of paragraph 152 of the Complaint are

directed at parties other than AstraZeneca, AstraZeneca states that no response is

required.  To the extent that a response is required, AstraZeneca denies knowledge or

information sufficient to form a belief as to the truth of the allegations.  To the extent that

the allegations of paragraph 152 are directed at AstraZeneca, AstraZeneca denies the

allegations.  AstraZeneca expressly denies that "AWPs are completely fictitious prices

that no one ever actually pays" that are "created out of thin air based on false pricing data

and for the sole purpose of creating a marketable spread."  AstraZeneca further states that

it has been common knowledge and universally understood, including by the State and its

agents, that AWPs are benchmarks or reference prices that do not, and are not intended

to, reflect an actual average of wholesale prices.

153.    To the extent that the allegations of paragraph 153 of the Complaint are

directed at parties other than AstraZeneca, AstraZeneca states that no response is

required.  To the extent that a response is required, AstraZeneca denies knowledge or

information sufficient to form a belief as to the truth of the allegations.  To the extent that

the allegations of paragraph 153 are directed at AstraZeneca, AstraZeneca denies the

allegations.

154.    Paragraph 154 of the Complaint purports to contain a statement from HHS

OIG, but AstraZeneca denies knowledge or information sufficient to form a belief as its

37

accuracy because the source thereof is not provided.  To the extent that the source of the statement is provided, that source speaks for itself; accordingly, AstraZeneca denies any characterizations thereof.

155.    To the extent that the allegations of paragraph 155 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 155 are directed at AstraZeneca, AstraZeneca denies the allegations.

156.    To the extent that the allegations of paragraph 156 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 156 are directed at AstraZeneca, AstraZeneca denies the allegations.

157.    To the extent that the allegations of paragraph 157 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 157 are directed at AstraZeneca, AstraZeneca denies the allegations.

158.    To the extent that the allegations of paragraph 158 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is

required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 158 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it engaged in "purposeful manipulation," as alleged in paragraph 158, and also denies the characterization of the "spread" in paragraph 158.

159.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159 of the Complaint.

160.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160 of the Complaint.

161.    To the extent paragraph 161 of the Complaint refers to a Wall Street Journal article, AstraZeneca refers to that article for its true and complete content, which speaks for itself, and denies any characterizations thereof.   AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161.

162.    To the extent paragraph 162 of the Complaint refers to a Wall Street Journal article, AstraZeneca refers to that article for its true and complete content, which speaks for itself, and denies any characterizations thereof.   AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162.

163.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163 of the Complaint.

164.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164 of the Complaint.

165.    To the extent paragraph 165 of the Complaint refers to U.S. Senate Committee testimony, AstraZeneca refers to that testimony, which speaks for itself, and denies any characterizations thereof.   AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165.

166.    To the extent that the allegations of paragraph 166 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 166 are directed at AstraZeneca, AstraZeneca denies the allegations.

167.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167 of the Complaint.

168.    To the extent that the allegations of paragraph 168 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 168 are directed at AstraZeneca, AstraZeneca denies the allegations, except admits that it entered into a rebate agreement with the Secretary of Health and Human Services, pursuant to which it has paid rebates to the State of New York.  By way of further response, AstraZeneca respectfully refers to the Court's April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

40

169.    To the extent that the allegations of paragraph 169 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 169 are directed at AstraZeneca, AstraZeneca denies the allegations except admits that it entered into a rebate agreement with the Secretary of Health and Human Services, pursuant to which it has paid rebates to the State of New York.  By way of further response, AstraZeneca respectfully refers to the Court's April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

170.    To the extent that the allegations of paragraph 170 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 170 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca respectfully refers to the Court's April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

171.    To the extent that the allegations of paragraph 171 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 171 are directed at AstraZeneca, AstraZeneca denies the allegations.

172.     To the extent that the allegations of paragraph 172 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 172 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca respectfully refers to the Court's April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

173.     To the extent that the allegations of paragraph 173 of the Complaint purport to describe a law or regulation, AstraZeneca states that no response is required.  AstraZeneca refers to 42 U.S.C. § 1396r-8(c)(ii) for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 173 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 173 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca respectfully refers to the Court's April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

174.     To the extent that the allegations of paragraph 174 of the Complaint refer to an HHS OIG report, AstraZeneca refers to the report for its true and complete content, which speaks for itself, and denies any characterizations thereof.  AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

175.    To the extent that the allegations of paragraph 175 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 175 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca respectfully refers to the Court's April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

176.    To the extent that the allegations of paragraph 176 of the Complaint purport to describe a law or regulation, AstraZeneca states that no response is required.  AstraZeneca refers to 42 U.S.C. § 1396r-8(c)(1)(C)(ii)(III) for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 176 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 176 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca respectfully refers to the Court's April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

177.    To the extent that the allegations of paragraph 177 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that

the allegations of paragraph 177 are directed at AstraZeneca, AstraZeneca denies the allegations.

178-193.   To the extent that the allegations of paragraphs 178 through 193 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.   To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.   To the extent that the allegations of paragraphs 178 though 193 or their footnotes are directed at AstraZeneca, AstraZeneca denies them.   To the extent that the allegations of paragraphs 178 through 193 or their footnotes refer to reports, articles, letters, congressional hearing transcripts, or other documents, those sources speak for themselves, and any characterizations thereof are denied.

194.   To the extent that the allegations of paragraph 194 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.   To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.   To the extent that the allegations of paragraph 194 are directed at AstraZeneca, AstraZeneca denies the allegations.   AstraZeneca specifically denies that it engaged in any "wrongful conduct," "unlawful activity," or "misconduct."

195.   To the extent that the allegations of paragraph 195 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.   To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.   To the extent that the allegations of paragraph 195 are directed at AstraZeneca, AstraZeneca denies the

allegations, except admits that at times it offers discounts and rebates to particular customers on certain products and otherwise denies the allegations.

196.    To the extent that the allegations of paragraph 196 of the Complaint or the exhibit referenced therein (Exhibit A) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 196 or Exhibit A are directed at AstraZeneca, AstraZeneca denies these allegations, except admits that Exhibit A purports to present Plaintiffs' summary of certain aspects of the case as to AstraZeneca.  AstraZeneca denies there is any basis for Plaintiffs to bring or maintain this action against AstraZeneca and denies that they are entitled to any relief from AstraZeneca.

197-259.  The allegations of paragraphs 197 through 259 of the Complaint are directed at a party other than AstraZeneca and AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 197 through 259.

260.    AstraZeneca denies the allegations of paragraph 260 of the Complaint and the footnote cited therein (note 18).  In particular, AstraZeneca denies that the Counties have alleged FUL claims against AstraZeneca.  By way of further response, AstraZeneca states that Exhibits A and B indicate that Plaintiffs have not alleged that AstraZeneca engaged in FUL fraud.  AstraZeneca further states that Exhibits A (as filed November 5, 2007) and B (as filed September 28, 2007) have been revised since these allegations were

initially set forth in the Complaint (filed June 8, 2007).  AstraZeneca denies that Exhibit B-5 (as filed on September 28, 2007) sets forth AstraZeneca NDCs and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Exhibit B-5 in paragraph 260 or contained in Exhibit B-5 itself.

261.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Exhibit B-5 in paragraph 261 of the Complaint or contained in Exhibit B-5 itself.  AstraZeneca otherwise denies the allegations of paragraph 261 and specifically denies "maintaining false and inflated reimbursement prices" and the characterization of "spread" in paragraph 261.

262.    AstraZeneca denies the allegations of paragraph 262 of the Complaint. AstraZeneca states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices. AstraZeneca further states that, consistent with industry practice for branded products, the AWP for AstraZeneca's products is and has been a standard 20% or 25% above the WAC, or list price, of AstraZeneca's products.  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.  By way of further response, AstraZeneca states that these allegations incorrectly assume that discounts, chargebacks, and other price concessions are supposed to be included in prices provided to industry compendia.

263.     AstraZeneca denies the allegations of paragraph 263 of the Complaint.  To the extent that Plaintiffs purport to quote from unidentified sources, AstraZeneca refers to those sources for their true and complete content, which speaks for itself, and denies any characterizations thereof.

264.     AstraZeneca denies the allegations of paragraph 264 of the Complaint and specifically denies creating or marketing "the difference between AWP and actual acquisition cost."  AstraZeneca also specifically denies that characterization of the "spread" in paragraph 264.

265.     To the extent that this Court has dismissed Zoladex claims, AstraZeneca states that a response to this paragraph is not necessary.  To the extent that a response is necessary, AstraZeneca denies the allegations of paragraph 265 of the Complaint.  AstraZeneca respectfully refers the Court to its July 30, 2008 Order [Docket Entry No. 5478] dismissing Plaintiffs' claims for Zoladex.

266.     AstraZeneca denies the allegations of paragraph 266 of the Complaint.  To the extent that Plaintiffs purport to quote from unidentified sources, AstraZeneca refers to those sources for their true and complete content, which speaks for itself, and denies any characterizations thereof.

267.     AstraZeneca denies the allegations of paragraph 267 of the Complaint.  To the extent that Plaintiffs purport to describe contracts between AstraZeneca and PBMs, AstraZeneca refers to those contracts for their true and complete content, which speaks for itself, and denies any characterizations thereof.

268.     AstraZeneca denies the allegations of paragraph 268 of the Complaint, except admits that it has been sued by Illinois, Kentucky, and Wisconsin.  AstraZeneca

denies that those lawsuits are relevant to the claims asserted by Plaintiffs or that Illinois,
Kentucky, or Wisconsin is entitled to relief.

269.    To the extent the allegations of paragraph 269 refer to the Illinois
complaint, AstraZeneca refers to that complaint for its complete content, which speaks
for itself, and denies any characterizations thereof.  AstraZeneca otherwise denies the
allegations of paragraph 269.

270.    AstraZeneca denies the allegations of paragraph 270 of the Complaint.

271.    AstraZeneca denies the allegations of paragraph 271 of the Complaint,
except admits that it has been investigated by the Department of Justice and the Office of
the Inspector General of the U.S. Department of Health and Human Services with respect
to its drug Zoladex®.  AstraZeneca denies that this investigation is relevant to the claims
asserted by Plaintiffs, and respectfully refers to this Court's July 30, 2008 ruling [Docket
Entry No. 5478] granting AstraZeneca's motion to dismiss the claims regarding Zoladex
before December 3, 2003.

272.    AstraZeneca refers to "AstraZeneca's 2002 20-F" for its true and complete
content, which speaks for itself, and denies any characterizations thereof.   To the extent
that the allegations of paragraph 272 of the Complaint refer to an article in "The Pink
Sheet" and a March 2004 SEC filing, AstraZeneca refers to these documents for their true
and complete content, which speaks for itself, and denies any characterizations thereof.

273.    AstraZeneca refers to "AstraZeneca 2003 20-F" for its true and complete
content, which speaks for itself, and denies any characterizations thereof.  AstraZeneca
denies that the allegations of paragraph 273 are relevant to the claims asserted by
Plaintiffs.

48

274.     AstraZeneca refers to "AstraZeneca 2003 20-F" for its true and complete content, which speaks for itself, and denies any characterizations thereof.   AstraZeneca denies that the allegations of paragraph 274 are relevant to the claims asserted by Plaintiffs.

275.     AstraZeneca denies the allegations of paragraph 275 of the Complaint, except admits that a doctor licensed to practice in New Jersey was indicted for and pleaded guilty to conspiracy to violate the Prescription Drug Marketing Act, 21 U.S.C. §§ 353(c), 331(t), and 333(b)(a)(B) ("PDMA").  AstraZeneca denies that this indictment is relevant to the claims asserted by Plaintiffs, and respectfully refers to this Court's July 30, 2008 ruling [Docket Entry No. 5478] granting AstraZeneca's motion to dismiss the claims regarding Zoladex before December 3, 2003.  AstraZeneca otherwise refers to the indictment for its true and complete content, which speaks for itself, and denies any characterizations thereof.

276.     AstraZeneca denies the allegations of paragraph 276 of the Complaint, except admits that in June 2003, AstraZeneca Pharmaceuticals LP pleaded guilty to a one-count Information alleging a conspiracy to violate the PDMA, and agreed to pay a criminal fine of approximately $63,872,156.  By way of further response, AstraZeneca states that this plea and documents related thereto are not relevant to the claims asserted by Plaintiffs against AstraZeneca.  These allegations are included in the Complaint solely to prejudice AstraZeneca.  Further, AstraZeneca respectfully refers to this Court's July 30, 2008 ruling [Docket Entry No. 5478] granting AstraZeneca's motion to dismiss the claims regarding Zoladex before December 3, 2003.

277.     AstraZeneca denies the allegations of paragraph 277 of the Complaint,
except admits that it entered into a Corporate Integrity Agreement with the Office of the
Inspector General of the Department of Health and Human Services and that it entered
into a settlement with the federal government and forty-nine states, including the State of
New York, and refers to the Corporate Integrity Agreement and the settlement
agreements for their true and complete content, which speaks for itself; accordingly,
AstraZeneca denies all characterizations thereof.  By way of further response,
AstraZeneca states that neither the Corporate Integrity Agreement nor the settlement
agreements are relevant to the claims asserted by the Plaintiffs.  Averments to the
Corporate Integrity Agreement and the settlements are included within the Complaint
solely to prejudice AstraZeneca.  Further, AstraZeneca respectfully refers to this Court's
July 30, 2008 ruling [Docket Entry No. 5478] granting AstraZeneca's motion to dismiss
the claims regarding Zoladex before December 3, 2003.

278.     AstraZeneca denies the allegations of paragraph 278 of the Complaint, and
refers to the Corporate Integrity Agreement for its true and complete content, which
speaks for itself.  AstraZeneca denies any characterization thereof.

279.     AstraZeneca denies the allegations of paragraph 279 of the Complaint, and
refers to the Corporate Integrity Agreement for its true and complete content, which
speaks for itself.  AstraZeneca denies any characterization thereof.

280.     AstraZeneca denies the allegations of paragraph 280 of the Complaint, and
refers to the Corporate Integrity Agreement for its true and complete content, which
speaks for itself.  AstraZeneca denies any characterization thereof.

281.     AstraZeneca denies the allegations of paragraph 281 of the Complaint, and refers to the Corporate Integrity Agreement for its true and complete content, which speaks for itself.  AstraZeneca denies any characterization thereof.

282.     AstraZeneca denies the allegations of paragraph 282 of the Complaint.

283-769.  The allegations of paragraphs 283 through 769 of the Complaint are directed at parties other than AstraZeneca and require no response from AstraZeneca.  To the extent a response is deemed to be required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 283-769.

770-772.  To the extent that the allegations of paragraphs 770 through 772 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraphs 770 through 772 are directed at AstraZeneca, AstraZeneca denies them, except AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegation that the Counties' Medicaid programs "spent over $20 billion for defendants' drugs from 1992 – 2005."  AstraZeneca specifically denies that it was involved in any "false price reporting scheme" or "misconduct," or that it has been "unjustly enriched."

773.     To the extent that the allegations of paragraph 773 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that

51

the allegations of paragraph 773 are directed at AstraZeneca, AstraZeneca denies the allegations and specifically denies any "fraudulent conduct" and the concealment thereof.

774.     To the extent that the allegations of paragraph 774 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 774 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca further states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.  AstraZeneca specifically denies that it "concealed" the true prices of its drugs.

775.     To the extent that the allegations of paragraph 775 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 775 are directed at AstraZeneca, AstraZeneca denies the allegations.

776.     To the extent that the allegations of paragraph 776 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that

52

the allegations of paragraph 776 are directed at AstraZeneca, AstraZeneca denies the allegations.

777.    To the extent that the allegations of paragraph 777 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 777 are directed at AstraZeneca, AstraZeneca denies the allegations.

778.    To the extent that the allegations of paragraph 778 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 778 are directed at AstraZeneca, AstraZeneca denies the allegations.

779.    To the extent that the allegations of paragraph 779 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 779 are directed at AstraZeneca, AstraZeneca denies the allegations.  Further, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

780.    To the extent that the allegations of paragraph 780 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent

that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 780 are directed at AstraZeneca, AstraZeneca denies the allegations.  Further, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

781.    To the extent that the allegations of paragraph 781 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 781 are directed at AstraZeneca, AstraZeneca denies the allegations.  Further, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

782.    To the extent that the allegations of paragraph 782 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 782 are directed at AstraZeneca, AstraZeneca denies the allegations.

783.    To the extent that the allegations of paragraph 783 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that

the allegations of paragraph 783 are directed at AstraZeneca, AstraZeneca denies the allegations and specifically denies that it "create[d] a marketable spread" on its drugs.

784.    To the extent that the allegations of paragraph 784 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 784 are directed at AstraZeneca, AstraZeneca denies the allegations and specifically denies that it "conceal[ed] its pricing structures."

785.    To the extent that the allegations of paragraph 785 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 785 are directed at AstraZeneca, AstraZeneca denies the allegations, and specifically denies that it "inflated" its prices.  Further, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

786.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the statement in paragraph 786 of the Complaint.  AstraZeneca refers to "The Pink Sheet" entry for its true and complete content, which speaks for itself, and denies any characterizations thereof.

787.    AstraZeneca denies the allegations of paragraph 787 of the Complaint.

788.    To the extent that the allegations of paragraph 788 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is

required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 788 are directed at AstraZeneca, AstraZeneca denies the allegations.

789-790.  The allegations of paragraphs 789 through 790 of the Complaint are legal arguments or conclusions of law and, as such, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies that the tolling of relevant statutes of limitation are warranted or appropriate.

791.    In response to paragraph 791, AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the preceding paragraphs.  Further, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

792.    AstraZeneca states that no response is required to paragraph 792 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations, except admits that it manufactures certain products that have been covered by Medicaid.  Further, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

793.     AstraZeneca states that no response is required to paragraph 793 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations, except admits that it has entered into a rebate agreement with the Secretary of Health and Human Services, pursuant to which it has paid rebates to the State of New York.  AstraZeneca refers the Court to 42 U.S.C. § 1396r-8 for its true and complete content, which speaks for itself, and denies any characterizations thereof.  Further, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

794.     AstraZeneca states that no response is required to paragraph 794 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations.  Further, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

795.     AstraZeneca states that no response is required to paragraph 795 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent paragraph 795 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations.  Further, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

796.     AstraZeneca states that no response is required to paragraph 796 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent paragraph 796 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations.  Further, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

797.     AstraZeneca states that no response is required to paragraph 797 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent paragraph 797 consists of legal arguments or conclusions of law, AstraZeneca

states that no response is required.  To the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations.  Further, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

798.    AstraZeneca states that no response is required to paragraph 798 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent paragraph 798 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations.  Moreover, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

799.    AstraZeneca states that no response is required to numbered paragraph 799 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent paragraph 799 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies the allegations.  Further, AstraZeneca respectfully refers the Court to

its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

800.     AstraZeneca states that no response is required to paragraph 800 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent paragraph 800 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations.  Moreover, AstraZeneca respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

801.     In response to paragraph 801 of the Complaint, AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the preceding paragraphs.

802.     AstraZeneca states that no response is required to paragraph 802 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations, except admits that it manufactures certain products that have been covered by Medicaid.

803.    AstraZeneca states that no response is required to paragraph 803 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent paragraph 803 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca refers to the laws or regulations cited in paragraph 803 for their true and complete content, which speaks for itself.  AstraZeneca denies any characterizations thereof.

804.    AstraZeneca states that no response is required to paragraph 804 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations.

805.    AstraZeneca states that no response is required to paragraph 805 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent paragraph 805 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations.

806.     AstraZeneca states that no response is required to paragraph 806 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent paragraph 806 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations.

807.     AstraZeneca states that no response is required to paragraph 807 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent paragraph 807 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations.

808.     In response to paragraph 808 of the Complaint, AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the preceding paragraphs.

809.     The allegations of paragraph 809 of the Complaint purport to describe laws or regulations and, as such, no response is required.  AstraZeneca respectfully refers

810.     Paragraph 810 of the Complaint consists of legal conclusion to which no response is required.  Further, to the extent that the allegations of paragraph 810 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 810 are directed at AstraZeneca, AstraZeneca denies the allegations.

811.     Paragraph 811 of the Complaint consists of legal conclusion to which no response is required.  Further, to the extent that the allegations of paragraph 811 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 811 are directed at AstraZeneca, AstraZeneca denies the allegations, and expressly denies that it has "violate[d] Social Services Law § 145-b."

812.     Paragraph 812 of the Complaint consists of legal arguments or conclusions of law and, as such, AstraZeneca states that no response is required.  Further, to the extent that the allegations of paragraph 812 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of

the allegations.  To the extent that the allegations of paragraph 812 are directed at AstraZeneca, AstraZeneca denies the allegations.

813.    Paragraph 813 of the Complaint consists of legal arguments or conclusions of law and, as such, AstraZeneca states that no response is required.  Further, to the extent that the allegations of paragraph 813 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 813 are directed at AstraZeneca, AstraZeneca denies the allegations.

814.    In response to paragraph 814 of the Complaint, AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the preceding paragraphs.

815.    AstraZeneca states that no response is required to paragraph 815 of the Complaint because the Court has already dismissed this cause of action.  Further, the allegations of paragraph 815 purport to describe a law or regulation and, as such, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca refers to 18 N.Y.C.R.R. §515.2(b)(4) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

816.    AstraZeneca states that no response is required to paragraph 816 of the Complaint because the Court has already dismissed this cause of action.  Further, the allegations of paragraph 816 of the Complaint purport to describe a law or regulation and, as such, AstraZeneca states that no response is required.  To the extent that a response is

64

required, AstraZeneca refers to 18 N.Y.C.R.R. §515.2(b)(5) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

817.     AstraZeneca states that no response is required to paragraph 817 of the Complaint because the Court has already dismissed this cause of action.  Further, paragraph 817 consists of legal arguments or conclusions of law and, as such, AstraZeneca states that no response is required.  To the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations.

818.     In response to paragraph 818 of the Complaint, AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the preceding paragraphs.

819.     AstraZeneca states that no response is required to paragraph 819 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent paragraph 819 purports to describe a law or regulation, AstraZeneca again states that no response is required.  To the extent that the allegations are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca. To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations, except admits that it has entered into a rebate agreement with the Secretary of Health and Human Services, pursuant to which it has paid rebates to the State of New

York.  AstraZeneca refers the Court to 42 U.S.C. § 1396r-8 for its true and complete content, which speaks for itself, and denies any characterizations thereof.

820.    AstraZeneca states that no response is required to paragraph 820 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent that the allegations of paragraph 820 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca.  To the extent that the allegations are directed at AstraZeneca, AstraZeneca refers to the rebate agreement that it entered into with the Secretary of Health and Human Services for its true and complete content, which speaks for itself, and denies any characterizations thereof.

821.    AstraZeneca states that no response is required to paragraph 821 of the Complaint because the Court has already dismissed this cause of action.  Further, paragraph 821 purports to describe a law or regulation and, as such, no response is required.  To the extent that a response is required, AstraZeneca refers to 42 U.S.C. § 1396a(a)(25)(A) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

822.    AstraZeneca states that no response is required to paragraph 822 of the Complaint because the Court has already dismissed this cause of action.  Further, paragraph 822 purports to describe a law or regulation and, as such, no response is required.  To the extent that a response is required, AstraZeneca refers to t42 U.S.C. § 1396a(a)(25)(B) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

66

823.     AstraZeneca states that no response is required to paragraph 823 of the Complaint because the Court has already dismissed this cause of action.  Further, paragraph 823 purports to describe laws or regulations and, as such, no response is required.  To the extent that a response is required, AstraZeneca refers to the laws cited therein for their true and complete content, which speaks for itself, and denies any characterizations thereof.

824.     AstraZeneca states that no response is required to paragraph 824 of the Complaint because the Court has already dismissed this cause of action.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 824.

825.     AstraZeneca states that no response is required to paragraph 825 of the Complaint because the Court has already dismissed this cause of action.  Further, paragraph 825 purports to describe laws or regulations and, as such, no response is required.  To the extent that a response is required, AstraZeneca refers to the laws cited therein for their true and complete content, which speaks for itself, and denies any characterizations thereof.

826.     AstraZeneca states that no response is required to paragraph 826 of the Complaint because the Court has already dismissed this cause of action.  Further, to the extent paragraph 826 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that a response is required, on information and belief, AstraZeneca denies the allegations.

827.     AstraZeneca states that no response is required to paragraph 827 of the Complaint because the Court has already dismissed this cause of action.  Further, to the

67

extent that paragraph 827 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca refers to the laws cited therein for their true and complete content, which speaks for itself, and denies any characterizations thereof. AstraZeneca otherwise denies the allegations.

828. AstraZeneca states that no response is required to paragraph 828 of the Complaint because the Court has already dismissed this cause of action. Further, to the extent that the allegations of paragraph 828 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations and respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

829. AstraZeneca states that no response is required to paragraph 829 of the Complaint because the Court has already dismissed this cause of action. Further, to the extent that the allegations of paragraph 829 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations and respectfully refers the Court to its April 2, 2007 Order dismissing Plaintiffs' Best Price claims with respect to AstraZeneca.

830. AstraZeneca states that no response is required to paragraph 830 of the Complaint because the Court has already dismissed this cause of action. Further, paragraph 830 consists of legal arguments or conclusions of law and, as such,

831.    AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the preceding paragraphs.

832.    To the extent that the allegations of paragraph 832 of the Complaint consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  Further, to the extent that the allegations of paragraph 832 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 832 are directed at AstraZeneca, AstraZeneca denies the allegations, and specifically denies that it "intentionally and wrongfully reported inaccurate, false and misleading wholesale pricing information."

833.    To the extent that the allegations of paragraph 833 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 833 are directed at AstraZeneca, AstraZeneca denies the allegations.

69

834.    To the extent that the allegations of paragraph 834 of the Complaint consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  Further, to the extent that the allegations of paragraph 834 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 834 are directed at AstraZeneca, AstraZeneca denies the allegations, and specifically denies any "intentional wrongful acts."

835.    To the extent that the allegations of paragraph 835 of the Complaint consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  Further, to the extent that the allegations of paragraph 835 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 835 are directed at AstraZeneca, AstraZeneca denies the allegations, and specifically denies any "intentional misconduct."  Furthermore, to the extent the allegations reference a law or regulation, AstraZeneca respectfully refers to that law (N.Y. Soc. Serv. L §§ 367-b, 363-b(2)) for its true and complete content, which speaks for itself, which speaks for itself, and denies any characterizations thereof.

836.    To the extent that the allegations of paragraph 836 of the Complaint are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that

the allegations of paragraph 836 are directed at AstraZeneca, AstraZeneca denies the allegations, and specifically denies any "deceptive acts." Further, to the extent the allegations reference a law or regulation, AstraZeneca respectfully refers to that law (N.Y. Soc. Serv. L 363) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

837.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 837 of the Complaint.

838.    To the extent that the allegations of paragraph 838 of the Complaint consist of legal arguments or conclusions of law, AstraZeneca states that no response is required. Further, to the extent that the allegations of paragraph 838 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations of paragraph 838 are directed at AstraZeneca, AstraZeneca denies the allegations. Furthermore, to the extent the allegations reference laws or regulations, AstraZeneca refers to those sources for their true and complete content, which speaks for itself, and denies any characterizations thereof.

839.    To the extent that the allegations of paragraph 839 of the Complaint consist of legal arguments or conclusions of law, AstraZeneca states that no response is required. Further, to the extent that the allegations of paragraph 839 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required. To the extent that a response is required,  AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the

allegations of paragraph 839 are directed at AstraZeneca, AstraZeneca denies the allegations, and specifically denies any "wrongful conduct" and that the Counties "suffered actual damages" as a result of such conduct.

840.    AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the preceding paragraphs.

841.    To the extent that the allegations of paragraph 841 of the Complaint consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  Further, to the extent that the allegations of paragraph 841 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 841 are directed at AstraZeneca, AstraZeneca denies the allegations, and specifically denies that it "engaged in actual fraudulent reporting of pricing information" or "acted intentionally and with actual malice."

842.    To the extent that the allegations of paragraph 842 of the Complaint consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  Further, to the extent that the allegations of paragraph 842 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 842 are directed at AstraZeneca, AstraZeneca denies the allegations.

843.    To the extent that the allegations of paragraph 843 of the Complaint consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  Further, to the extent that the allegations of paragraph 843 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 843 are directed at AstraZeneca, AstraZeneca denies the allegations.

844.    The allegations of paragraph 844 of the Complaint purport to describe laws or regulations and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to N.Y. Soc. Servs. Law § 366-b for its true and correct content, which speaks for itself, and denies any characterizations thereof.

845.    Paragraph 845 of the Complaint consists of a legal argument or conclusion of law and, as such, AstraZeneca states that no response is required. Further, to the extent that the allegations of paragraph 845 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 845 are directed at AstraZeneca, AstraZeneca denies the allegations.

846.    AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the preceding paragraphs.

847.    To the extent that the allegations of paragraph 847 of the Complaint consist of legal arguments or conclusions of law, AstraZeneca states that no response is

required.  Further, to the extent that the allegations of paragraph 847 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 847 are directed at AstraZeneca, AstraZeneca denies the allegations.

848.    To the extent that the allegations of paragraph 848 of the Complaint consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  Further, to the extent that the allegations of paragraph 848 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 848 are directed at AstraZeneca, AstraZeneca denies the allegations.

849.    Paragraph 849 of the Complaint consists of legal arguments or conclusions of law and, as such, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies the allegations.  Specifically, AstraZeneca denies that "an accounting" or "establishment of a constructive trust" are warranted or appropriate.

AstraZeneca denies that the Counties are entitled to judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph.

850-858.    AstraZeneca denies that the Counties are entitled to judgment or any other relief as requested in paragraphs 850 through 858 of the Complaint.

74

**ASTRAZENECA'S AFFIRMATIVE DEFENSES**

Without assuming the burden of proof of such defenses that it would not otherwise have, AstraZeneca alleges the following defenses:

<u>FIRST DEFENSE</u>

The Complaint fails to state a claim against AstraZeneca upon which relief may be granted.

<u>SECOND DEFENSE</u>

The State, the Counties and their agents knew and were aware at all relevant times that AWP was not an average wholesale price or the actual acquisition cost of drugs and made their reimbursement choices with such knowledge.  Legal and equitable principles preclude this action for damages and injunctive relief, and the Due Process Clauses of the U.S. Constitution and Article I, and the Constitution of the State of New York preclude the Counties from bringing claims and seeking damages as alleged in the Complaint.

<u>THIRD DEFENSE</u>

The Counties' claims against AstraZeneca for injunctive relief were mooted by the passage of the Medicare Prescription Drug Improvement and Modernization Act of 2003 ("MMA"), which requires participating prescription drug manufacturers to report Average Sales Price ("ASP") quarterly and defines ASP as the manufacturer's "sales to all purchasers . . . in the United States for such drug or biological in the calendar quarter; divided by the total number of such units of such drug or biological sold by the manufacturer in such quarter."  42 U.S.C. §§ 1396r-8(b)(3)42 & 1395w-3a(c)(1).

<u>FOURTH DEFENSE</u>

The State was required by federal law to conduct surveys and have statistics and data justifying, and to represent and warrant to the federal government, that its Medicaid

reimbursement rates for single source drugs were necessary and appropriate, as a condition to obtaining federal funds.  This action, with respect to single source drugs, is inconsistent with and precluded by the State's actions, representations and promises, and assumes that with respect to single source drugs, the State made false claims to the federal government to obtain federal funds.

FIFTH DEFENSE

All rebates paid by AstraZeneca to the State of New York should be taken into account in determining whether Plaintiffs have been damaged and, if so, in what amount.

SIXTH DEFENSE

Any and all actions taken by AstraZeneca with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.  As to any assertion, representation or statement of fact which the Counties claim was made or caused to be made by AstraZeneca, AstraZeneca had no reasonable grounds to believe and did not believe at the time the assertion, representation or statement was made or caused to be made that the assertion, representation or statement was false or deceptive.

SEVENTH DEFENSE

This action is barred by the Supremacy Clause of the United States Constitution. The State's reimbursement rates for drugs for Medicaid recipients were filed with, reviewed, and approved by a federal regulatory agency with authority to do so under the Medicaid Act.  Actions in a state court seeking relief, including alleged damages, contending that rates approved by a federal regulatory agency do not apply or are not

binding are, as the United States Supreme Court has held, precluded by the Supremacy Clause.

EIGHTH DEFENSE

The Counties' claims are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

NINTH DEFENSE

The Counties' claims are barred, in whole or in part, because they violate AstraZeneca's rights under the Due Process and Ex Post Facto clauses of the United State's Constitution, as well as the Constitution of the State of New York, insofar as the Counties seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

TENTH DEFENSE

The Counties' claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder, and by the existence and terms of written rebate agreement(s) with the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, including the State of New York, entitled "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement" (the "Rebate Agreement"), which was entered pursuant to 42 U.S.C. § 1396r-8.  Pursuant to the Rebate Agreement, AstraZeneca reports certain specific pricing information to the federal government and remits rebate payments to the State of New York based on that information.

<u>ELEVENTH DEFENSE</u>

The Counties' claims against AstraZeneca are barred because AstraZeneca did not directly or indirectly engage in any conduct in violation of state or federal law.

<u>TWELFTH DEFENSE</u>

The Counties' claims are barred, in whole or in part, by the Noerr-Pennington doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by AstraZeneca in judicial, legislative, or administrative proceedings of any kind or at any level of government.

<u>THIRTEENTH DEFENSE</u>

The Counties' claims are barred, in whole or in part, by the filed rate doctrine.

<u>FOURTEENTH DEFENSE</u>

The Counties' claims against AstraZeneca are barred because AstraZeneca has complied with all applicable regulations of the federal and state governments.

<u>FIFTEENTH DEFENSE</u>

The Counties have no standing or capacity to bring some or all of the claims, or to recover some or all of the claimed damages, in the Complaint.

<u>SIXTEENTH DEFENSE</u>

To the extent that the Counties obtain, or are barred from, recovery in any other case predicated on the same factual allegations, the Counties are barred from seeking recovery against AstraZeneca based on the Complaint pursuant to the doctrines of claim preclusion and issue preclusion, and the prohibitions on double recovery for the same injury.

## SEVENTEENTH DEFENSE

The Counties' claims against AstraZeneca are barred, in whole or in part, due to the Counties' failure to join indispensable parties.

## EIGHTEENTH DEFENSE

The Counties' claims against AstraZeneca are misjoined with the Counties' claims against other defendants and must be severed.

## NINETEENTH DEFENSE

The Counties' claims against AstraZeneca are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## TWENTIETH DEFENSE

AstraZeneca's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by the Counties.

## TWENTY-FIRST DEFENSE

The Counties' claims are barred, in whole or in part, because any injuries sustained by the Counties were the result of its own conduct or the intervening or superseding conduct of third parties.

## TWENTY-SECOND DEFENSE

The Counties' claims for injunctive relief against AstraZeneca are barred by the doctrines of *in pari delicto* and/or unclean hands.

## TWENTY-THIRD DEFENSE

To the extent that the Counties attempt to seek equitable relief against AstraZeneca, the Counties are not entitled to such relief because the Counties have an adequate remedy at law.

## TWENTY-FOURTH DEFENSE

The Counties' prayers for relief in the form of restitution are barred, in whole or in part, because AstraZeneca did not retain any money belonging to the Counties as a result of any alleged overpayments, and by the existence of express, written agreements covering the subject matter of the Counties' claims.

## TWENTY-FIFTH DEFENSE

AstraZeneca has not knowingly made or caused to be made any misleading, false, or deceptive statement or representation of a material fact, as required to sustain a claim under New York law.

## TWENTY-SIXTH DEFENSE

The Counties did not rely on the allegedly misleading, false, or deceptive statements or representations of AstraZeneca.

## TWENTY-SEVENTH DEFENSE

Any alleged misconduct by AstraZeneca was not a substantial factor in the Counties' decision to buy or use AstraZeneca's products.

## TWENTY-EIGHTH DEFENSE

Any discounts which were provided by AstraZeneca were earned discounts and therefore appropriate business decisions.

## TWENTY-NINTH DEFENSE

The Counties' unjust enrichment claims are barred, in whole or in part, because AstraZeneca did not collect or retain any money belonging to the Counties as a result of any alleged overpayments and the Counties did not confer any benefit on AstraZeneca, as required to sustain a claim for unjust enrichment under New York law.

## THIRTIETH DEFENSE

The Counties' unjust enrichment claims are barred, in whole or in part, by contracts to which the State and AstraZeneca are parties.

## THIRTY-FIRST DEFENSE

The Rebate Agreement, which was entered pursuant to 42 U.S.C. § 1396r-8, constitutes the entire agreement with the State of New York and governs the relationship between them, such that the provisions of General Business Law § 349 do not apply to the relations between the parties.

## THIRTY-SECOND DEFENSE

The Counties' unjust enrichment claims are barred because AstraZeneca has not accepted or retained any benefits from the Counties under circumstances where it would be inequitable for AstraZeneca to do so.

## THIRTY-THIRD DEFENSE

The Counties' claims are barred, in whole or in part, to the extent that the Counties have released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

## THIRTY-FOURTH DEFENSE

The Counties' Medicaid-related claims relating to the drug Zoladex have been dismissed as set forth in the Court's July 30, 2008 Order [Docket Entry No. 5478].

## THIRTY-FIFTH DEFENSE

The Counties' claims against AstraZeneca are barred, in whole or in part, because of a lack of consideration and because it has suffered no damages as a result of the matters alleged in the Complaint.

## THIRTY-SIXTH DEFENSE

The Counties' claims against AstraZeneca for damages are barred, in whole or in part, because it failed to mitigate its damages, if any.

## THIRTY-SEVENTH DEFENSE

The Counties' claims against AstraZeneca for damages are barred, in whole or in part, because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

## THIRTY-EIGHTH DEFENSE

The Counties' claims against AstraZeneca for damages are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the Counties have paid for products manufactured, marketed and sold by AstraZeneca after the filing of the Counties' Complaint.

## THIRTY-NINTH DEFENSE

The Counties' claims against AstraZeneca for damages are barred, in whole or in part, because they are speculative and remote and because of the impossibility of allocating those alleged damages.

## FORTIETH DEFENSE

AstraZeneca is entitled to a set-off or recoupment, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the Counties with respect to the same alleged injuries.

## FORTY-FIRST DEFENSE

Any damages, forfeiture or penalties recoverable by the Counties from AstraZeneca are limited by the applicable statutory ceilings on recoverable damages.

## FORTY-SECOND DEFENSE

The Counties fail to allege facts or a cause of action against AstraZeneca sufficient to support a claim for prejudgment interest or any other relief.

## FORTY-THIRD DEFENSE

The Counties' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## FORTY-FOURTH DEFENSE

The Counties fail to state with particularity facts to support the claims of fraudulent conduct against AstraZeneca.

## FORTY-FIFTH DEFENSE

The Counties fail to allege facts or a cause of action against AstraZeneca sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## FORTY-SIXTH DEFENSE

AstraZeneca denies that the Counties have valid claims against AstraZeneca under any of the claims asserted in the complaint, including General Business Law § 349

and New York Social Services Law § 145-b and common law fraud. However, if such claims are found to exist, AstraZeneca pleads all applicable defenses under the claims asserted in the Complaint, including General Business Law § 349 and New York Social Services Law § 145-b and common law fraud.

## FORTY-SEVENTH DEFENSE

Any allegedly fraudulent statement or conduct of AstraZeneca was not consumer-oriented as required under General Business Law § 349.

## FORTY-EIGHTH DEFENSE

AstraZeneca's conduct was neither "deceptive," misleading," or "unlawful" as required under General Business Law § 349.

## FORTY-NINTH DEFENSE

The Counties did not rely on the allegedly fraudulent statements or conduct of AstraZeneca.

## FIFTIETH DEFENSE

The Counties' claims against AstraZeneca under General Business Law § 349 are barred in whole or in part to the extent that the Act: (i) does not allow (or did not allow at the time the conduct was alleged herein) for recovery by indirect purchasers; and (ii) does not govern conduct that was primarily interstate in nature.

## FIFTY-FIRST DEFENSE

The Counties' claims are barred, in whole or in part, by the voluntary payment doctrine and/or the economic loss doctrine.

<u>FIFTY-SECOND DEFENSE</u>

To the extent punitive damages are sought, the Counties' punitive damages claims against AstraZeneca:  (i) have no basis in law or fact; (ii) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against AstraZeneca; (iii) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give AstraZeneca prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of AstraZeneca's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York; (iv) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate AstraZeneca's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of New York; (v) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against AstraZeneca for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of AstraZeneca's products would constitute impermissible multiple punishments for the same wrong, in violation of AstraZeneca's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of New York; (vi) cannot be sustained because any award of

punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate AstraZeneca's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of New York; and (vii) cannot be sustained because any award of punitive damages, which are penal in nature, without according AstraZeneca the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate AstraZeneca's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution, and would be improper under the Constitution, common law and public policies of the State of New York.

<u>FIFTY-THIRD DEFENSE</u>

To the extent punitive damages are sought, the Counties' claims for punitive damages against AstraZeneca cannot be sustained because an award of punitive damages by a jury that:  (i) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (ii) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory

characteristics, including without limitation the residence, wealth, and corporate status of AstraZeneca; (iv) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (v) is not properly instructed regarding the Counties' burden of proof with respect to each and every element of a claim for punitive damages; and (vi) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate AstraZeneca's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of New York.

## FIFTY-FOURTH DEFENSE

AstraZeneca denies that it has engaged in any conduct that entitles the Counties to recover the penalty assessments demanded by the Counties and avers that the Counties' Complaint fails to state a claim upon which penalty assessments may be awarded to the Counties.

## FIFTY-FIFTH DEFENSE

The Counties' claims against AstraZeneca are barred in whole or in part by the existence and terms of the written rebate agreement(s) between AstraZeneca and the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, including the State of New York, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in

87

Section XI of this Agreement," which was entered into pursuant to 42 U.S.C. § 1396r-8 and requires AstraZeneca to report to the federal government certain pricing information for its drugs, as defined by federal law, and to remit rebate payments to the State of New York based on that pricing information, as defined by federal law.

<u>FIFTY-SIXTH DEFENSE</u>

AstraZeneca hereby adopts by reference any additional applicable defense pleaded by any other defendant not otherwise pleaded herein and any defense available under the statutes relied upon by the Counties.  AstraZeneca hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of, the discovery proceedings in this action and hereby reserves its right to amend its answer to assert any such defense.

Dated:   Boston, Massachusetts
         September 16, 2008

                          Respectfully Submitted,


                          By:   /s/ Katherine B. Schmeckpeper
                                Nicholas C. Theodorou (BBO #496730)
                                Katherine B. Schmeckpeper (BBO #663200)
                                FOLEY HOAG LLP
                                155 Seaport Blvd.
                                Boston, Massachusetts  02210
                                Tel:  (617) 832-1000

                                D. Scott Wise
                                Kimberley D. Harris
                                DAVIS POLK & WARDWELL
                                450 Lexington Avenue
                                New York, New York  10017
                                Tel:  (212) 450-4000

                                Attorneys for AstraZeneca Pharmaceuticals LP
                                and AstraZeneca LP

## <u>CERTIFICATE OF SERVICE</u>

      I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on September 16 2008, a copy to LexisNexis File & Serve for posting and notification of all parties.

                     /s/ Katherine B. Schmeckpeper
                    Katherine B. Schmeckpeper