# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br> Master File No.: 01-CV-12257-PBS<br>(original S. D. Iowa No. 4:07-cv-00461-JAJ-CFB) |
| THIS DOCUMENT RELATES TO:<br> *State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

## ANSWER AND AFFIRMATIVE DEFENSES OF ELI LILLY AND COMPANY TO THE STATE OF IOWA'S COMPLAINT

Defendant Eli Lilly and Company ("Eli Lilly"), by and through its attorneys, hereby states as an Answer and Affirmative Defenses to the State of Iowa's Complaint dated October 9, 2007 ("Complaint"), as follows:

### PRELIMINARY STATEMENT

The Complaint improperly refers to Eli Lilly, other Defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Eli Lilly.  This is insufficient to apprise Eli Lilly of the allegations asserted against it.  Eli Lilly has nevertheless attempted to respond to Plaintiff's allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of other persons or entities, Eli Lilly is generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  Eli Lilly states that it is answering Plaintiff's allegations solely on behalf of itself, even when Plaintiff's allegations refer to alleged conduct by Eli Lilly and other persons or entities.

The Complaint also contains purported quotations from a number of sources. In answering the allegations in the Complaint, Eli Lilly has assumed that the stated quotations correctly and accurately reflect the document(s) or statement(s) made to which each quote refers. Eli Lilly hereby reserves the right to deny the substantive meaning and admissibility of such quotation(s) in this litigation.

Eli Lilly denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically admitted below. Any factual averments admitted herein is admitted only as to the specific facts pled, and not regarding any conclusions, characterizations, implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole. Also, Eli Lilly specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint. For ease of reference, Eli Lilly has included in this Answer and Affirmative Defenses certain captions used in the Complaint, but specifically denies any allegations contained in or inferences that could be drawn from those captions.

These comments and objections are hereby incorporated into each unnumbered and numbered paragraph of this Answer.

## SPECIFIC RESPONSES

1.     Eli Lilly admits that the State of Iowa ("State") seeks to bring this action. Eli Lilly denies that there is any basis for the State to do so. Eli Lilly denies that it engaged in any "unlawful pricing practices," and it also denies that the State is entitled to any relief.

2.     Eli Lilly denies the allegations in Paragraph 2 to the extent that they are directed at it. Eli Lilly specifically denies that it "purposefully report[s] false and inflated

price information."  To the extent the allegations in Paragraph 2 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 3 through 4.  Eli Lilly denies the allegations in Paragraphs 3-4 to the extent they are directed at it.  Eli Lilly also specifically denies that it submits "false and inflated pricing information in order to 'create a spread.'"  Eli Lilly further denies the characterization of the "spread" in Paragraphs 3-4.  To the extent the allegations in Paragraphs 3-4 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

5.      Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      Eli Lilly denies the allegations in Paragraph 6 to the extent that they are directed at it.  Eli Lilly specifically denies that it  "purposefully manipulate[s] a market that, by defendants' own design, is extremely complicated and non-transparent."  To the extent the allegations in Paragraph 6 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 7 through 8.  Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7-8.

9.      Eli Lilly denies the allegations in Paragraph 9 to the extent that they are directed at it.  Eli Lilly specifically denies that it engages in any "unlawful price reporting activity [that] infects all four [pricing] benchmarks and renders each of them false and inflated."  To the extent the allegations in Paragraph 9 are directed at parties other than

Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

10.     Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, except that it admits that it pays Medicaid rebates to Iowa and that such rebates lower the price Iowa Medicaid pays for Eli Lilly's prescription drugs.   Also Paragraph 10 and its related footnote refer to statutes or regulations that speak for themselves.  Eli Lilly denies Plaintiff's characterization of such statutes or regulations.

11.     Eli Lilly denies the allegations in Paragraph 11 to the extent that they are directed at it.  Eli Lilly specifically denies Plaintiff's assertions that Eli Lilly fails to report Best Prices accurately.  To the extent the allegations in Paragraph 11 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

12.     Eli Lilly denies the allegations in Paragraph 12 to the extent that they are directed at it.  Eli Lilly specifically denies that it engages in "unlawful pricing schemes," the "manipulation of the Medicaid program" or the "improper reporting of false and inflated pricing information" resulting in "overcharges . . . to the Iowa Medicaid Program."  To the extent the allegations in Paragraph 12 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

13.     Eli Lilly denies the allegations in Paragraph 13 to the extent that they are directed at it.  Eli Lilly specifically denies that it engages in "wrongful practices" that have a "pernicious . . . effect on the public fisc."   To the extent the allegations in

Paragraph 13 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 14 through 15.  Eli Lilly admits that it voluntarily participates in the Iowa Medicaid program, but denies that it has violated any State or Federal law.  To the extent the allegations in Paragraphs 14-15 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 14-15 refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied.

16.     Eli Lilly denies the allegations in Paragraph 16 to the extent that they are directed at it.  Eli Lilly specifically denies that it "intentionally report[s] false prices to the government."  To the extent the allegations in Paragraph 16 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

17.     Eli Lilly denies the allegations in Paragraph 17 to the extent that they are directed at it.  Eli Lilly specifically denies that it engages in "fraudulent, unfair and deceptive practices."  To the extent the allegations in Paragraph 17 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

18.     Eli Lilly admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any assertion that it is liable to the Plaintiff as a result of conduct relating to any listed NDCs.  To the extent the allegations in Paragraph 18 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

19.     Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.  To the extent the allegations in Paragraph 19 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

20.     To the extent that the allegations in Paragraph 20 are directed at Eli Lilly, Eli Lilly denies them, except Eli Lilly admits that it manufactures and sells prescription drugs and that it participates in the Iowa Medicaid Program.  To the extent the allegations in Paragraph 20 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

21.     Eli Lilly admits that it conducts business in the State of Iowa.

Paragraphs 22 through 33.  The allegations in Paragraphs 22-33 are directed to other Defendants, and Eli Lilly need not respond to those allegations.  To the extent a response is deemed to be required, Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 22-33.

34.     With respect to the allegations in Paragraph 34, Eli Lilly admits that it is an Indiana corporation, with its principal place of business located at Lilly Corporate Center, Indianapolis, Indiana 46285.  Eli Lilly also admits that it manufactures and sells pharmaceuticals.  Eli Lilly otherwise denies all other allegations in Paragraph 34.

Paragraphs 35 through 58.  The allegations in Paragraphs 35-58 are directed to other Defendants, and Eli Lilly need not respond to those allegations.  To the extent a response is deemed to be required, Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 35-58.

59.     Eli Lilly admits that the State seeks to bring this action as alleged in Paragraph 59, but Eli Lilly denies there is any basis for the State to do so and denies that the State is entitled to any relief.

Paragraphs 60 through 61.  Paragraphs 60-61 state legal conclusions to which no response is required.  To the extent a response is deemed to be required, Eli Lilly denies the allegations in Paragraphs 60-61, and notes that this matter was transferred to this Court by the Judicial Panel on Multi District Litigation, pursuant to 28 U.S.C. § 1407.

62.     With respect to the allegations in Paragraph 62, Eli Lilly admits that Medicaid was established by Title XIX of the Social Security Act.  Eli Lilly further states that the provisions of Title XIX speak for themselves, and denies any characterizations thereof.

63.     Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, except that Eli Lilly admits that State participation in Medicaid is voluntary and that State Medicaid plans must be approved by the Federal government.  To the extent the allegations in Paragraph 63 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 64 through 65.  Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 64-65.  To the extent the allegations in Paragraphs 64-65 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

66.     Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, except it admits that national drug codes are assigned to prescription drugs.

67.     To the extent the allegations in Paragraph 67 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Eli Lilly otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.  To the extent the allegations in Paragraph 68 refer to an OIG report, the report speaks for itself, and any characterizations thereof are denied.

69.     Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.  To the extent the allegations in Paragraph 69 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

70.     Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

Paragraphs 71 through 72.  Eli Lilly denies the allegations in Paragraphs 71-72 to the extent that they are directed at it.  Eli Lilly further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in

Paragraphs 71-72 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 73 through 80.  Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 73-80 or their subsections. To the extent the allegations in Paragraphs 73-80 or their subsections refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

81.     Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, except that it admits that pricing compendia such as First DataBank and Medi-Span publish AWPs and FULs.  Eli Lilly denies that it has any control over such prices.

82.     Eli Lilly denies the allegations in Paragraph 82 to the extent that they are directed at it.  Eli Lilly specifically denies that it "purposefully and fraudulently conceal[s]" the "true prices" of its drugs by "claiming they are proprietary trade secrets." To the extent the allegations in Paragraph 82 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

83.     Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     Eli Lilly denies the allegations in Paragraph 84 to the extent that they are directed at it.  Eli Lilly specifically denies that it "fraudulently misrepresent[s]" its true prices or that it reports "false and inflated prices."   To the extent the allegations in Paragraph 84 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

85.     Eli Lilly admits that Exhibit A purports to identify Plaintiff's total expenditures from 1992 through 2005.   Otherwise, Eli Lilly denies the allegations contained in Paragraph 85.  Eli Lilly specifically denies that it committed any "unfair practices, deception, and fraud."   To the extent the allegations in Paragraph 85 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

86.     Eli Lilly denies the allegations in Paragraph 86 to the extent that they are directed at it.  Eli Lilly specifically denies conducting any "fraudulent practices."  To the extent the allegations in Paragraph 86 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 87 through 89.  Eli Lilly denies the allegations in Paragraphs 87-89 to the extent that they are directed at it.  Eli Lilly specifically denies that it reports "false and inflated" "WACs or WAC equivalents."  To the extent the allegations in Paragraphs 87-89 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 90 through 92.  Eli Lilly denies the allegations in Paragraphs 90-92 to the extent that they are directed at it.  Eli Lilly further states that these allegations wrongly assume that discounts, charge backs, and other price concessions are supposed to be included in prices reported to industry compendia.  To the extent the allegations in Paragraphs 90-92 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 93 through 98.  Eli Lilly admits that it provided accurate prices of its drugs to certain industry pricing compendia and that publishers apply their own markups

to these prices.  But, to the extent that the remaining allegations are directed at Eli Lilly, it otherwise denies the allegations in Paragraphs 93-98.  Eli Lilly specifically denies that it "either report[s] or caused to be reported false and inflated AWPs," "false WAC or WAC equivalents," or that Eli Lilly "alone control[s] the false and inflated AWPs that are published for [its] drugs."  Eli Lilly further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 93-98 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

99.     Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.     Eli Lilly denies the allegations in Paragraph 100 to the extent that they are directed at it.  To the extent the allegations in Paragraph 100 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

101.     Eli Lilly denies the allegations in Paragraph 101 or the exhibit referenced therein to the extent that they are directed at it.  To the extent the allegations in Paragraph 101 or the exhibit referenced therein are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

102.     Eli Lilly denies the allegations in Paragraph 102 to the extent that they are directed at it.  To the extent the allegations in Paragraph 102 are directed at parties other

than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

103.    This Paragraph does not contain a factual averment about Eli Lilly to which a response is required.

104.    Eli Lilly denies the allegations in Paragraph 104 to the extent that they are directed at it.  To the extent the allegations in Paragraph 104 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

105.    This Paragraph does not contain a factual averment about Eli Lilly to which a response is required.

106.    Eli Lilly denies the allegations in Paragraph 106 to the extent that they are directed at it.  To the extent the allegations in Paragraph 106 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

107.    Eli Lilly denies the allegations in Paragraph 107 to the extent that they are directed at it.  To the extent the allegations in Paragraph 107 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

108.    Eli Lilly denies the allegations in Paragraph 108 to the extent that they are directed at it.  To the extent the allegations in Paragraph 108 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

109.    The allegations in Paragraph 109 require no response from Eli Lilly on the grounds that the Iowa SMAC claims have been dismissed by the Court.

Paragraphs 110 through 128.   Eli Lilly admits that it has executed a rebate agreement with HHS, which speaks for itself.   Eli Lilly further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Eli Lilly.   Eli Lilly denies the allegations in Paragraphs 110-128 to the extent that they are directed at it, including all characterizations of the above-mentioned "rebate agreement."   To the extent the allegations in Paragraphs 110-128 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraphs 110-128 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 129 through 132.   Eli Lilly denies the allegations in Paragraphs 129-132 to the extent that they are directed at it.   Eli Lilly further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Eli Lilly.   To the extent the allegations in Paragraphs 129-132 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraphs 129-132 refer to statutes, regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

133.    Eli Lilly denies the allegations in Paragraph 133 to the extent that they are directed at it.   Eli Lilly specifically denies that it has participated in any "pricing scheme . . . by exacerbating the complexities of the  . . . drug market."   To the extent the allegations in Paragraph 133 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

134.   Eli Lilly denies the allegations in Paragraph 134 to the extent that they are directed at it.  Eli Lilly specifically denies that it "purposefully conceal[s its] true prices." To the extent the allegations in Paragraph 134 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 134 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

135.   Eli Lilly denies the allegations in Paragraph 135 to the extent that they are directed at it.  To the extent the allegations in Paragraph 135 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

136.   Eli Lilly admits that it enters into contracts with customers, that some of these contracts are subject to confidentiality provisions, and that Eli Lilly offers certain discounts to some of its customers.  Eli Lilly denies all other allegations and inferences included in this Paragraph 136.  To the extent the allegations in Paragraph 136 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

137.   Eli Lilly denies the allegations in Paragraph 137 to the extent that they are directed at it.  Eli Lilly specifically denies that it "obscure[s] the true prices for [its] drugs with [its] policy of treating different classes of trade differently."  To the extent the allegations in Paragraph 137 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 138 through 139.  Eli Lilly denies the allegations in Paragraphs 138-139 to the extent that they are directed at it.  Eli Lilly specifically denies that it

14

"maintain[s] two sets of pricing records:  one with [] inflated prices and another with [] actual prices."  To the extent the allegations in Paragraphs 138-139 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 138-139 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

Paragraphs 140 through 141.  Eli Lilly denies the allegations in Paragraphs 140-141 to the extent that they are directed at it.  Eli Lilly specifically denies that it "hide[s its] real drugs prices by secretly providing free drugs and phony grants" or that it conceals its true prices "to create spreads between actual cost and reimbursement amounts . . . to influence market share."  To the extent the allegations in Paragraphs 140-141 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

142.   Eli Lilly denies the allegations in Paragraph 142 to the extent that they are directed at it.  To the extent the allegations in Paragraph 142 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

143.   Eli Lilly denies the allegations in Paragraph 143 to the extent that they are directed at it.  Eli Lilly further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraph 143 are directed

at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 144 through 145. Eli Lilly denies the allegations in Paragraphs 144-145 to the extent that they are directed at it. Eli Lilly specifically denies that it has engaged in any "unlawful and undisclosed manipulation of the price reporting system" or caused the "publication of a false WAC," AWP, or FUL. To the extent the allegations in Paragraphs 144-145 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

146. Eli Lilly denies the allegations in Paragraph 146 to the extent that they are directed at it. Eli Lilly specifically denies that it has "caus[ed] false prices to be published." To the extent the allegations in Paragraph 146 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

147. Eli Lilly denies the allegations in Paragraph 147 to the extent that they are directed at it. Eli Lilly specifically denies that it "submit[s] false and inflated wholesale price information in order to create a spread." Eli Lilly further denies the characterization of the "spread" in Paragraph 147. To the extent the allegations in Paragraph 147 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

148. Eli Lilly denies the allegations in Paragraph 148 to the extent that they are directed at it. Eli Lilly specifically denies that it has "corrupted the market for prescription drugs" or has "deliberately sought to create a powerful financial incentive for providers to prescribe drugs based primarily on the spread." Eli Lilly further denies the

characterization of the "spread" in Paragraph 148.   To the extent the allegations in Paragraph 148 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 149 through 150.  Eli Lilly denies the allegations in Paragraphs 149-150 to the extent that they are directed at it.  Eli Lilly specifically denies that it "market[s its] products based on the spread between reimbursement (based on AWP, WAC, or a WAC equivalent) and actual acquisition cost" or that it "compete[s] on reimbursement and profit rather than cost."   To the extent the allegations in Paragraphs 149-150 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 151 through 152.  Eli Lilly denies the allegations in Paragraphs 151-152 to the extent that they are directed at it.  To the extent the allegations in Paragraphs 151-152 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 151-152 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

Paragraphs 153 through 154.  Eli Lilly denies the allegations in Paragraphs 153-154 to the extent that they are directed at it.  Eli Lilly specifically denies that it has "intentionally manipulat[ed] the nation's drug reimbursement system . . . with false and inflated prices."   To the extent the allegations in Paragraphs 153-154 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 155 through 157.  Eli Lilly denies the allegations in Paragraphs 155-157 to the extent that they are directed at it.  Eli Lilly specifically denies that it reports "reimbursement prices . . . to the publishing compendia" or that it engages in "purposeful AWP manipulation."  Eli Lilly further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 155-157 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 155-157 refer to HHS OIG reports, the reports speak for themselves, and any characterizations thereof are denied.

158.    Eli Lilly denies the allegations in Paragraph 158 to the extent that they are directed at it.  Eli Lilly specifically denies that it reports "price information that . . . does not comply with the HHS OIG's guidelines" by not accounting for various types of discounts.  To the extent the allegations in Paragraph 158 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 159 through 165.   Eli Lilly denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 159-165, except that Eli Lilly admits that it participates in the Federal Medicaid Rebate Program.  Eli Lilly further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that the AWP does not, and is not intended to, reflect an actual average of

wholesale prices or have an expected relationship to such an average.  To the extent the allegations in Paragraphs 159-165 refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied.

166.    Eli Lilly denies the allegations in Paragraph 166 to the extent that they are directed at it.  To the extent the allegations in Paragraph 166 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 167 through 171.  Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegation that the "Iowa Medicaid Program spent over $1.6 billion for defendants' drugs between 1992 and 2005 alone."  Eli Lilly denies that it "knowingly interfered with Iowa's ability to reimburse providers at EAC."  Eli Lilly generally denies all other allegations in Paragraphs 167-171 to the extent that they are directed at it.  To the extent the allegations in Paragraphs 167-171 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 172 through 177.  Eli Lilly admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  Eli Lilly denies the allegations in Paragraphs 172-177 or Exhibit B, including all assertions and inferences regarding the drugs listed in Exhibit B to the extent that they are directed at Eli Lilly.  Eli Lilly specifically denies that it "routinely submitted false prices" to pricing compendia.  Eli Lilly further denies the characterization of the "spread" in Paragraphs 172-177 and Exhibit B.  To the extent the

allegations in Paragraphs 172-177 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

178.    Eli Lilly denies the allegations in Paragraph 178 to the extent that they are directed at it.  To the extent the allegations in Paragraph 178 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

179.    Eli Lilly admits that its contracts with certain customers include discounts. Otherwise, Eli Lilly denies the allegations in Paragraph 179 to the extent that they are directed at it.  To the extent the allegations in Paragraph 179 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

180.    Eli Lilly denies the allegations in Paragraph 180 or the exhibit referenced therein to the extent that they are directed at it.  To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 181 through 349.  The allegations in Paragraphs 181-349 are directed to other Defendants and require no response from Eli Lilly.  To the extent a response is deemed to be required, Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 181-349.

350.    Eli Lilly admits that the specific Eli Lilly NDCs for which the State seeks relief are set forth in Exhibit B-12 to the Complaint.  Eli Lilly denies that there is any basis to grant the State such relief, and denies all other allegations and inferences contained in this Paragraph.

351.   Eli Lilly denies the allegations contained in this Paragraph.

352.   Eli Lilly denies the allegations contained in this Paragraph.

353.   Eli Lilly admits that in September 1999 it sold the rights to market Lorabid in the United States and Puerto Rico to King Pharmaceuticals, Inc.  Eli Lilly denies all other allegations or inferences contained in this Paragraph.

354.   To the extent that the allegations contained in this Paragraph reference information provided to and relied on by the House Committee of Energy and Commerce, such information speaks for itself.  Eli Lilly denies the allegations contained in this Paragraph.

355.   To the extent that the allegations in this Paragraph summarize published information or information contained in Exhibits to the Complaint, such information speaks for itself.  Eli Lilly denies all allegations made in this Paragraph.

356.   Eli Lilly denies the allegations made in this Paragraph.

357.   Eli Lilly admits that it has contracts with certain GPO customers pursuant to which these customers obtain discounts on the purchase of specified products.  Eli Lilly denies that these contracts are inappropriate or illegal, and denies the remaining allegations in this Paragraph.

358.   To the extent that the allegations in this Paragraph summarize published information or information contained in Exhibits to the Complaint, such information speaks for itself.  Eli Lilly denies all allegations made in this Paragraph.

359.   Eli Lilly does not know whether it currently is under investigation as alleged in this Paragraph.  Accordingly, it is without knowledge or information sufficient to form a belief as to the truth of these allegations.

360.    Eli Lilly does not know whether it currently is under investigation as alleged in this Paragraph.  Accordingly, it is without knowledge or information sufficient to form a belief as to the truth of these allegations.  Eli Lilly specifically denies that it routinely sells its brand products for nominal prices.

Paragraphs 361 through 613.  The allegations in Paragraphs 361-613 are directed at other Defendants and require no response from Eli Lilly.  To the extent that any Paragraph references Eli Lilly, those allegations are denied.  To the extent a response is deemed to be required to the remaining paragraphs, Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 361-613.

Paragraphs 614 through 616.  Eli Lilly denies the allegations in Paragraphs 614-616 to the extent that they are directed at it, except Eli Lilly denies knowledge or information sufficient to form a belief as to the truth of the allegation that Iowa's Medicaid program "spent over $1.6 billion for defendants' drugs in state and federal dollars from 1992 through 2005 alone."  Eli Lilly specifically denies that it was involved in any "false price reporting scheme" or "misconduct," or that it has been "unjustly enriched."  To the extent the allegations in Paragraphs 614-616 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 617 through 632.   Eli Lilly denies the allegations in Paragraphs 617-632 to the extent that they are directed at it.  Eli Lilly further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not

intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 617-632 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 630 refer to *The Pink Sheet*, that document speaks for itself, and any characterizations thereof are denied.

**COUNT I**
**VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8**
**(FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)**

633.     In response to Paragraph 633, Eli Lilly repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 632.

Paragraphs 634 through 642.  To the extent that the allegations in Paragraphs 634-642 are directed at Eli Lilly, Eli Lilly states that the Court has dismissed the claim to which these allegations relate.  To the extent that a response is still required, Eli Lilly denies the allegations as to itself.  To the extent the allegations in Paragraphs 634-642 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

## COUNT II
## BREACH OF CONTRACT

643.     In response to Paragraph 643, Eli Lilly repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 642.

Paragraphs 644 through 651.  To the extent that the allegations in Paragraphs 644-651 are directed at Eli Lilly, Eli Lilly states that the Court has dismissed the claim to which these allegations relate.  To the extent that a response is still required, Eli Lilly denies the allegations as to itself.  To the extent the allegations in Paragraphs 644-651 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.

## COUNT III
## IOWA CONSUMER FRAUD ACT
### (Iowa Code § 714.16)

652.     In response to Paragraph 652, Eli Lilly repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 651.

653.     To the extent that the allegations in Paragraph 653 and the exhibits referenced therein are directed at Eli Lilly, Eli Lilly denies them.  To the extent the allegations in Paragraph 653 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 653 refers to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 654 through 657.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto are directed at Eli Lilly, Eli Lilly denies them.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to

their truth.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto refer to statutes, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto contain legal conclusions, no response is required.

## COUNT IV
## FRAUD

658.   In response to Paragraph 658, Eli Lilly repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 657.

Paragraphs 659 through 662.  To the extent the allegations in Paragraphs 659-662 and the exhibits referenced therein are directed at Eli Lilly, Eli Lilly denies them.  To the extent the allegations in Paragraphs 659-662 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 659-662 refer to Iowa law, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 659-662 contain legal conclusions, no response is required.

## COUNT VIII
## UNJUST ENRICHMENT

663.   In response to Paragraph 663, Eli Lilly repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 662.

Paragraphs 664 through 666.  To the extent the allegations in Paragraphs 664-666 are directed at Eli Lilly, Eli Lilly denies them.  To the extent the allegations in Paragraphs 664-666 are directed at parties other than Eli Lilly, Eli Lilly denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 664-666 contain legal conclusions, no response is required.

Paragraphs 667 through 675. Eli Lilly denies that the State is entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 667-675 of the Complaint.

**WHEREFORE**, Eli Lilly demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Eli Lilly reasserts and incorporates herein by reference the assertions of paragraphs 1 through 675 hereof.

### First Affirmative Defense

Plaintiff fails to state a claim against Eli Lilly upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because it did not rely on any alleged misrepresentations or fraud by Eli Lilly.  Plaintiff knew that providers could obtain Eli Lilly drugs at prices below AWP prior to the relevant time period stated in the Complaint.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the state action doctrine.

## Sixth Affirmative Defense

To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, Plaintiff is barred from seeking recovery against Eli Lilly based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

## Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Eli Lilly in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiff's claims.

## Ninth Affirmative Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Prescription Drug, Improvement and Modernization Act of 2003, including all amendments to the same and all regulations promulgated thereunder.

## Tenth Affirmative Defense

Plaintiff's claims against Eli Lilly are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

## Eleventh Affirmative Defense

Plaintiff fails to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against Eli Lilly contained in the Complaint.

## Twelfth Affirmative Defense

Any and all actions taken by Eli Lilly with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## Thirteenth Affirmative Defense

Eli Lilly's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

## Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a consumer within the meaning of the Iowa Consumer Fraud Act.

## Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a person within the meaning of the Iowa Consumer Fraud Act.

### Sixteenth Affirmative Defense

Some or all of Plaintiff's claims against Eli Lilly arise from Plaintiff's failure to follow its Federal and State statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

### Seventeenth Affirmative Defense

Eli Lilly denies that Plaintiff has a valid consumer protection claim against Eli Lilly under the Iowa Consumer Fraud Act. However, if such claim is found to exist, Eli Lilly pleads all available defenses under the Act.

### Eighteenth Affirmative Defense

To the extent that Plaintiff attempts to seek equitable relief against Eli Lilly, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Twentieth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by Eli Lilly after the filing of the Complaint.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Twenty-Second Affirmative Defense

Plaintiff's claims against Eli Lilly are barred, in whole or in part, due to their failure to join indispensable parties.

### Twenty-Third Affirmative Defense

Plaintiff's claims against Eli Lilly are barred, in whole or in part, because Plaintiff has not suffered damages as a result of the matters alleged in the Complaint.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, (1) because Plaintiff failed to mitigate damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Eli Lilly; (2) because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; and (3) because damages are speculative and remote and because of the impossibility of ascertaining and allocating alleged damages.

### Twenty-Fifth Affirmative Defense

Eli Lilly is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims against Eli Lilly are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Iowa Constitution.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims against Eli Lilly are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims against Eli Lilly are barred, in whole or in part, because they violate Eli Lilly's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Iowa Constitution, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims against Eli Lilly are barred because Plaintiff and/or its agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of pharmaceuticals.  Legal and equitable principles preclude this action for damages and injunctive relief.

### Thirtieth Affirmative Defense

The claims alleged herein, based on the facts alleged, are barred in whole or in part by Plaintiff's own negligence or gross negligence and the doctrines of comparative and/or contributory negligence.  Among other things, the claims disregard Iowa's obligations under federal law.

### Thirty-First Affirmative Defense

Plaintiff's prayers for relief in the form of restitution are barred, in whole or in part, because Eli Lilly did not retain any money belonging to Plaintiff as a result of any alleged overpayments.

### Thirty-Second Affirmative Defense

Plaintiff has failed to plead with particularity allegations of fraud by Eli Lilly contained in the Complaint.

### Thirty-Third Affirmative Defense

Plaintiff's claims for fraud and fraudulent concealment are barred because the Plaintiff cannot predicate a claim for fraud on reliance by a third party.

### Thirty-Fourth Affirmative Defense

Plaintiff's claims against Eli Lilly are barred because Plaintiff lacks standing or capacity to bring the some or all of the claims asserted against Eli Lilly under Iowa law.

### Thirty-Fifth Affirmative Defense

Plaintiff's claims against Eli Lilly are barred in whole or in part by the doctrine of voluntary payment.

### Thirty-Sixth Affirmative Defense

Plaintiff's claims against Eli Lilly for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Seventh Affirmative Defense

Plaintiff's claims against Eli Lilly for unjust enrichment are barred because the Complaint does not allege that Defendants received any payment or property from the Plaintiff.

### Thirty-Eighth Affirmative Defense

Plaintiff's claims against Eli Lilly for injunctive relief against Eli Lilly are barred by the doctrines of *in pari delicto* and/or unclean hands.

## **Thirty-Ninth Affirmative Defense**

Plaintiff's claims against Eli Lilly are misjoined with Plaintiff's claims against other Defendants and must be severed.

## **Fortieth Affirmative Defense**

Any damages recovered by the Plaintiff must be limited by any applicable statutory ceiling on recoverable damages.

## **Forty-First Affirmative Defense**

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Eli Lilly (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Eli Lilly; (3) cannot be sustained because the laws regarding the standards for determining liability for, and the amount of, punitive damages fail to give Eli Lilly prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Eli Lilly's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Eli Lilly's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and be improper under the Iowa Constitution and Iowa common law.

## **Forty-Second Affirmative Defense**

Plaintiff fails to allege facts or a cause of action against Eli Lilly sufficient to support a claim for prejudgment interest or any other relief.

### Forty-Third Affirmative Defense

Plaintiff has not suffered, and will not suffer, any injuries to a legally protected or cognizable interest by reason of the conduct of Eli Lilly as alleged in the Complaint.

### Forty-Fourth Affirmative Defense

Plaintiff's claims against Eli Lilly are barred because Eli Lilly has complied with all applicable regulations of the federal and state governments.

### Forty-Fifth Affirmative Defense

Plaintiff's claims against Eli Lilly are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of intervening or superseding conduct of third parties.

### Forty-Sixth Affirmative Defense

Plaintiff's claims against Eli Lilly are barred, in whole or in part, because Eli Lilly did not make any false statements to the Plaintiff.  As to any statement asserted against Eli Lilly that Plaintiff alleges to be false or misleading, Eli Lilly had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Forty-Seventh Affirmative Defense

Plaintiff fails to allege facts or a cause of action sufficient to support a claim against Eli Lilly for compensatory damages, attorneys' fees, enhanced damages, treble damages and/or legal fees or costs.

## <u>Forty-Eighth Affirmative Defense</u>

Eli Lilly adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

## <u>Forty-Ninth Affirmative Defense</u>

Eli Lilly hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its Answer to assert such defense.

| Dated:  September 17, 2008 | _/s/ William A. Davis_____<br>William A. Davis (*pro hac vice*)<br>**MINTZ LEVIN COHN FERRIS GLOVSKY**<br>**AND POPEO, P.C.**<br>701 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>Telephone:  (202) 434-7300<br>Facsimile:  (202) 434-7400<br><br>Counsel for Defendant Eli Lilly and Company |
|---|---|
|  |  |

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the ANSWER AND AFFIRMATIVE DEFENSES OF ELI LILLY CORPORATION TO THE STATE OF IOWA'S COMPLAINT will be delivered to all counsel of record by sending a copy to LexisNexis File and Serve, on September 18, 2008, for posting and notification to all parties.

/s/ William A. Davis
William A. Davis

4429825v.2