## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No.: 01-CV-12257-PBS<br>(original S.D. Iowa No. 4:07-cv-00461-JAJ-CFB) |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, Inc., et al.* | JUDGE PATTI B. SARIS |

### ANSWER OF WATSON PHARMACEUTICALS INC.
### AND WATSON PHARMA INC. TO
### THE STATE OF IOWA'S COMPLAINT

Defendants Watson Pharmaceuticals, Inc. ("Watson Pharmaceuticals") and Watson

Pharma, Inc. f/k/a Schein Pharmaceutical, Inc. ("Watson Pharma"), collectively referred to

herein as "Watson," respond to The State of Iowa's (the "State") Complaint (the

"Complaint"), as follows:

### Preliminary Statement

The Complaint improperly refers to Watson, other defendants, and third parties on a

collective basis, failing to plead with requisite particularity allegations against Watson. This is

insufficient to apprise Watson (let alone each separate entity) of the allegations asserted against

it. Watson has nevertheless attempted to respond to the State's allegations to the extent

possible.

To the extent the Complaint's allegations refer to the knowledge, conduct or actions

of other persons or entities, Watson is generally without knowledge or information sufficient

to form a belief as to the truth of those allegations. Watson states that it is answering the

State's allegations solely on behalf of itself, even when the State's allegations refer to

alleged conduct by Watson and other persons or entities.

The Complaint also contains purported quotations from a number of sources, some of which are unidentified. In answering allegations consisting of quotations, Watson's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or Watson's reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

Watson denies each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any averment or in the Complaint as a whole. Moreover, Watson specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## Specific Responses

1.      Watson admits that the Complaint is purportedly brought on behalf of the State of Iowa, but denies that there is any basis on which to permit it to do so. Answering further, the remainder of Paragraph 1 of the Complaint consists solely of the State's characterization of its claims and accordingly requires no response by Watson.  To the extent a response is required, and to the extent the remaining allegations contained in Paragraph 1 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is

- 2 –

without knowledge or information sufficient to form a belief as to the truth of the allegations. Except as so admitted, Watson denies each and every allegation contained in Paragraph 1 that pertains to Watson.

2. To the extent the allegations contained in Paragraph 2 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 2 that pertains to Watson.

3. To the extent the allegations contained in Paragraph 3 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 3 that pertains to Watson.

4. To the extent the allegations contained in Paragraph 4 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 4 that pertains to Watson.

5. Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

6. To the extent the allegations contained in Paragraph 6 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 6 that pertains to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

7.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

8.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

9.     To the extent the allegations contained in Paragraph 9 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 9 that pertains to Watson.

10.     To the extent the allegations contained in Paragraph 10 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson admits that from time to time and for certain of its products it has paid rebates to Iowa Medicaid.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 10 (including FN 1) that pertains to Watson.

11.     To the extent the allegations contained in Paragraph 11 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 11 that pertains to Watson.

12.     To the extent the allegations contained in Paragraph 12 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 12 that pertains to Watson.

13.    To the extent the allegations contained in Paragraph 13 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 13 that pertains to Watson.

14.    To the extent the allegations contained in Paragraph 14 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson admits that Iowa, through its Medicaid program, reimburses for prescription drugs, that participating in the Iowa Medicaid program is voluntary and that Watson has chosen to participate in the Iowa Medicaid program. Watson denies that it has violated any State or Federal law.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 14 that pertains to Watson.

15.    To the extent the allegations contained in Paragraph 15 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson admits that Iowa, through its Medicaid program, reimburses for prescription drugs, that participating in the Iowa Medicaid program is voluntary and that Watson has chosen to participate in the Iowa Medicaid program. Watson denies that it has violated any State or Federal law. Except as so admitted, Watson denies each and every allegation contained in Paragraph 15 that pertains to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

16.   To the extent the allegations contained in Paragraph 16 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 16 that pertains to Watson.

17.   To the extent the allegations contained in Paragraph 17 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 17 that pertains to Watson.

18.   To the extent the allegations contained in Paragraph 18 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 18 that pertains to Watson.

19.   Watson admits that the Complaint is purportedly brought on behalf of the State of Iowa, but denies that there is any basis on which to permit it to do so.  Watson further admits that Tom Miller is the current Attorney General of the State of Iowa.  Answering further, the remainder of Paragraph 19 of the Complaint consists solely of the State's characterization of its claims and accordingly requires no response by Watson.  To the extent a response is required, and to the extent the remaining allegations contained in Paragraph 19 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Except as so admitted, Watson denies each and every allegation contained in Paragraph 19 that pertains to Watson.

- 6 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

20.   To the extent the allegations contained in Paragraph 20 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson admits that Watson Pharmaceuticals and Watson Pharma are drug manufacturers or prescription drug sellers that voluntarily participate in the Iowa Medicaid program.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 20 that pertains to Watson.

21.   To the extent the allegations contained in Paragraph 21 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson admits that Watson Pharmaceuticals and Watson Pharma are drug manufacturers or prescription drug sellers that transact business in the State of Iowa.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 21 that pertains to Watson.

22-52.  The allegations contained in Paragraphs 22-52 of the Complaint are directed to other defendants and require no response from Watson.  To the extent that the allegations of Paragraphs 22-52 are deemed to include allegations against Watson, Watson denies generally and specifically each and every allegation.

53.   (a). Watson admits that Watson Pharmaceuticals is a Nevada corporation with its principal place of business located at 311 Bonnie Circle, Corona, CA 92880. Watson admits that Watson Pharmaceuticals is involved in manufacturing or selling pharmaceuticals.  Except as so admitted, Watson denies each and every the allegation contained in Paragraph 53(a).

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

(b). Watson admits that Watson Pharma was known as Schein Pharmaceutical, Inc. ("Schein") prior to 2000, and that since 2000, Watson Pharma has been a wholly owned subsidiary of Watson Pharmaceuticals. Watson also admits that Watson Pharma is a Delaware corporation. Watson admits that Watson Pharma is involved in manufacturing or selling pharmaceuticals. Except as so admitted, Watson denies each and every the allegation contained in Paragraph 53(b).

54.     The allegations contained in Paragraph 54 of the Complaint are directed to other defendants and require no response from Watson.  To the extent that the allegations of Paragraph 54 are deemed to include allegations against Watson, Watson denies generally and specifically each and every allegation.

55.     To the extent the allegations contained in Paragraph 55 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 55 that pertains to Watson.

56.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

57.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

58.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

59.     Paragraph 59 of the Complaint consists solely of the State's characterization of its claims and accordingly requires no response by Watson.  To the extent a response is required, and to the extent the remaining allegations contained in Paragraph 59 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Except as so admitted, Watson denies each and every allegation contained in Paragraph 59 that pertains to Watson.

60.     The allegations of Paragraph 60 of the Complaint consist solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the remaining allegations contained in Paragraph 60 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every remaining allegation contained in Paragraph 60 that pertains to Watson.

61.     The allegations of Paragraph 61 of the Complaint consist solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 61 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 60 that pertains to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

62.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

63.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

64.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

65.     Watson lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

66.     Watson admits that national drug codes are assigned to prescription drugs. Watson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 66 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

67.     The allegations of Paragraph 67 of the Complaint consist solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 67 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 60 that pertains to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

68.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

69.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

70.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

71.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

72.     To the extent the allegations contained in Paragraph 72 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 72 that pertains to Watson.

73.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Answering further, Watson states that the document cited in Paragraph 73 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of the document, or that such are applicable to Watson.

- 11 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

74.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Answering further, Watson states that the document cited in Paragraph 74 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of the document, or that such are applicable to Watson.

75.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

76.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Answering further, Watson states that the document cited in Paragraph 76 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of the document, or that such are applicable to Watson.

77.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Answering further, Watson states that the document cited in Paragraph 77 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of the document, or that such are applicable to Watson.

- 12 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

78.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

79.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

80.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

81.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

82.     To the extent the allegations contained in Paragraph 82 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 82 that pertains to Watson.

83.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

84.     To the extent the allegations contained in Paragraph 84 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson

- 13 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 84 that pertains to Watson.

85.     To the extent the allegations contained in Paragraph 85 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 85 that pertains to Watson.

86.     To the extent the allegations contained in Paragraph 86 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 86 that pertains to Watson.

87.     To the extent the allegations contained in Paragraph 87 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Answering further, Watson states that "wholesale acquisition cost" or "WAC" is commonly understood to mean the cost invoiced to wholesalers in connection with their acquisition of a particular product from a manufacturer, not including any discounts, rebates, chargebacks or other adjustments.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 87 that pertains to Watson.

88.     To the extent the allegations contained in Paragraph 88 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 88 that pertains to Watson.

- 14 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

89.     To the extent the allegations contained in Paragraph 89 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Answering further, Watson states that "wholesale acquisition cost" or "WAC" is commonly understood to mean the cost invoiced to wholesalers in connection with their acquisition of a particular product from a manufacturer, not including any discounts, rebates, chargebacks or other adjustments.  Watson further admits that, at times, it offers different prices to different customers and that it considers its pricing information proprietary and protects it accordingly. Except as so admitted, Watson denies each and every allegation contained in Paragraph 89 that pertains to Watson.

90.     To the extent the allegations contained in Paragraph 90 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Answering further, Watson states that "wholesale acquisition cost" or "WAC" is commonly understood to mean the cost invoiced to wholesalers in connection with their acquisition of a particular product from a manufacturer, not including any discounts, rebates, chargebacks or other adjustments.  Watson admits that, at times, it offers different prices to different customers. Except as so admitted, Watson denies each and every allegation contained in Paragraph 90 that pertains to Watson.

91.     To the extent the allegations contained in Paragraph 91 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

truth of the allegations.  Watson denies each and every allegation contained in Paragraph 91 that pertains to Watson.

92.     To the extent the allegations contained in Paragraph 92 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 92 that pertains to Watson.

93.     To the extent the allegations contained in Paragraph 93 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Answering further, Watson states that during the relevant time period, it was widely known, including by the State of Iowa, that AWPs were not averages of prices charged by wholesalers to their customers.  This fact was reported in reports from various branches of the federal government and, upon information and belief, in documents from the files of various agencies of the State of Iowa. Except as so admitted, Watson denies each and every  allegation contained in Paragraph 93 that pertains to Watson.

94.     To the extent the allegations contained in Paragraph 94 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Answering further, Watson states that during the relevant time period, it was widely known, including by the State of Iowa, that AWPs were not averages of prices charged by wholesalers to their customers.  This fact was reported in reports from various branches of the federal

- 16 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

government and, upon information and belief, in documents from the files of various agencies of the State of Iowa. Except as so admitted, Watson denies each and every allegation contained in Paragraph 94 that pertains to Watson.

95.     To the extent the allegations contained in Paragraph 95 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 95 that pertains to Watson.

96.     To the extent the allegations contained in Paragraph 96 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 96 that pertains to Watson.

97.     To the extent the allegations contained in Paragraph 97 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 97 that pertains to Watson.

98.     To the extent the allegations contained in Paragraph 98 of the S Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 98 that pertains to Watson.

- 17 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

99.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

100.     To the extent the allegations contained in Paragraph 100 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 100 that pertains to Watson.

101.     To the extent the allegations contained in Paragraph 101 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 101 that pertains to Watson.

102.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

103.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

104.     To the extent the allegations contained in Paragraph 104 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 104 that pertains to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

105.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

106.     To the extent the allegations contained in Paragraph 106 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 106 that pertains to Watson.

107.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

108.     To the extent the allegations contained in Paragraph 108 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 108 that pertains to Watson.

109.     The allegations in Paragraph 109 require no response from Watson on the grounds that the Iowa SMAC claims have been dismissed by the Court.  To the extent a response is required, and to the extent the allegations contained in Paragraph 109 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 109 that pertains to Watson.

110.     To the extent the allegations contained in Paragraph 110 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

is without knowledge or information sufficient to form a belief as to the truth of the allegations.
Watson admits that it has executed a rebate agreement with HHS, which speaks for itself.
Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the
Complaint as to Watson.  Except as so admitted, Watson denies each and every allegation
contained in Paragraph 110 that pertains to Watson.

111.     To the extent the allegations contained in Paragraph 111 of the Complaint refer to
the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson
is without knowledge or information sufficient to form a belief as to the truth of the allegations.
Watson admits that it has executed a rebate agreement with HHS, which speaks for itself.
Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the
Complaint as to Watson.  Except as so admitted, Watson denies each and every allegation
contained in Paragraph 111 that pertains to Watson.

112.     The allegations of Paragraph 112 of the Complaint consist solely of conclusions
of law to which no response is required.  To the extent a response is required and to the extent
the allegations contained in Paragraph 112 of the Complaint refer to the knowledge, conduct or
actions of persons, entities or defendants other than Watson, Watson is without knowledge or
information sufficient to form a belief as to the truth of the allegations and further denies each
and every allegation contained in Paragraph 112 that pertains to Watson.

113.     Watson lacks knowledge and information sufficient to form a belief as to the truth
of the allegations set forth in Paragraph 113 of the Complaint, and on that basis denies generally
and specifically each and every allegation set forth therein.  Watson further states that the Court
has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO
THE STATE OF IOWA'S COMPLAINT**

114.    Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

115.    Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

116.    Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

117.    Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

118.    Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

119.    Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119 of the Complaint, and on that basis denies generally

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

120.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

121.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

122.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

123.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

124.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

125.    Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

126.    To the extent the allegations contained in Paragraph 126 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson admits that it has executed a rebate agreement with HHS, which speaks for itself. Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 126 that pertains to Watson.

127.    To the extent the allegations contained in Paragraph 127 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson admits that it has executed a rebate agreement with HHS, which speaks for itself. Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 127 that pertains to Watson.

128.    To the extent the allegations contained in Paragraph 128 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson admits that it has executed a rebate agreement with HHS, which speaks for itself.

- 23 –

Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 128 that pertains to Watson.

129.     To the extent the allegations contained in Paragraph 129 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 129 that pertains to Watson.

130.     To the extent the allegations contained in Paragraph 130 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 130 that pertains to Watson.

131.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

132.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of the Complaint, and on that basis denies generally

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

and specifically each and every allegation set forth therein.  Watson further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Watson.

133.    To the extent the allegations contained in Paragraph 133 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 133 that pertains to Watson.

134.    To the extent the allegations contained in Paragraph 134 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 134 that pertains to Watson. Answering further, Watson states that the document cited in Paragraph 134 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of the document, or that such are applicable to Watson.

135.    To the extent the allegations contained in Paragraph 135 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 135 that pertains to Watson.

136.    To the extent the allegations contained in Paragraph 136 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson admits that it considers its pricing information proprietary and protects it accordingly.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

Except as so admitted, Watson denies each and every allegation contained in Paragraph 136 that pertains to Watson.

137.     To the extent the allegations contained in Paragraph 137 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson admits that, at times, it offers different prices to different customers. Except as so admitted, Watson denies each and every allegation contained in Paragraph 137 that pertains to Watson.

138.     To the extent the allegations contained in Paragraph 138 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 138 that pertains to Watson. Answering further, Watson states that the testimony cited in Paragraph 138 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of the testimony or that such are applicable to Watson.

139.     To the extent the allegations contained in Paragraph 139 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 139 that pertains to Watson. Answering further, Watson states that the testimony cited in Paragraph 139 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has

– 26 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

accurately characterized the findings, opinions, statements or conclusions of the testimony or that such are applicable to Watson.

140.   To the extent the allegations contained in Paragraph 140 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 140 that pertains to Watson.

141.   To the extent the allegations contained in Paragraph 141 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 141 that pertains to Watson.

142.   To the extent the allegations contained in Paragraph 142 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 142 that pertains to Watson.

143.   To the extent the allegations contained in Paragraph 143 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Answering further, Watson states that during the relevant time period, it was widely known, including by the State of Iowa, that AWPs were not averages of prices charged by wholesalers to their customers.  This fact was reported in reports from various branches of the federal government and, upon information and belief, in documents from the files of various agencies of

- 27 –

the State of Iowa. Except as so admitted, Watson denies each and every allegation contained in Paragraph 143 that pertains to Watson.

144.    To the extent the allegations contained in Paragraph 144 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Answering further, Watson states that "wholesale acquisition cost" or "WAC" is commonly understood to mean the cost invoiced to wholesalers in connection with their acquisition of a particular product from a manufacturer, not including any discounts, rebates, chargebacks or other adjustments.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 144 that pertains to Watson.

145.    To the extent the allegations contained in Paragraph 145 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 145 that pertains to Watson.

146.    To the extent the allegations contained in Paragraph 146 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 146 that pertains to Watson.

147.    To the extent the allegations contained in Paragraph 147 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 147 that pertains to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

148.    To the extent the allegations contained in Paragraph 148 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 148 that pertains to Watson.

149.    To the extent the allegations contained in Paragraph 149 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 149 that pertains to Watson.

150.    To the extent the allegations contained in Paragraph 150 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 150 that pertains to Watson.

151.    To the extent the allegations contained in Paragraph 151 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 151 that pertains to Watson.

152.    To the extent the allegations contained in Paragraph 152 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 152 that pertains to Watson. Answering further, Watson states that the testimony cited in Paragraph 152 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has

accurately characterized the findings, opinions, statements or conclusions of the testimony or that such are applicable to Watson.

153.   To the extent the allegations contained in Paragraph 153 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 153 that pertains to Watson.

154.   To the extent the allegations contained in Paragraph 154 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 154 that pertains to Watson.

155.   To the extent the allegations contained in Paragraph 155 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 155 that pertains to Watson. Answering further, Watson states that the testimony cited in Paragraph 155 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of the testimony or that such are applicable to Watson.

156.   To the extent the allegations contained in Paragraph 156 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 156 that pertains to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

157.    To the extent the allegations contained in Paragraph 157 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 157 that pertains to Watson. Answering further, Watson states that the testimony cited in Paragraph 157 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of the testimony or that such are applicable to Watson.

158.    To the extent the allegations contained in Paragraph 158 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 158 that pertains to Watson.

159.    To the extent the allegations contained in Paragraph 159 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson admits that Iowa, through its Medicaid program, reimburses for prescription drugs, and that Watson has chosen to participate in the Iowa Medicaid program.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 159 that pertains to Watson.

160.    To the extent the allegations contained in Paragraph 160 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson admits that Iowa, through its Medicaid program, reimburses for prescription drugs, and

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

that Watson has chosen to participate in the Iowa Medicaid program.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 160 that pertains to Watson.

161.    To the extent the allegations contained in Paragraph 161 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 161 that pertains to Watson.

162.    To the extent the allegations contained in Paragraph 162 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 162 that pertains to Watson.

163.    To the extent the allegations contained in Paragraph 163 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 163 that pertains to Watson.

164.    The allegations of Paragraph 164 of the Complaint consist solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 164 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 164 that pertains to Watson.

165.    To the extent the allegations contained in Paragraph 165 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson

- 32 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 165 that pertains to Watson.

166.    To the extent the allegations contained in Paragraph 166 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 166 that pertains to Watson.

167.    Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 167 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  To the extent the remaining allegations contained in Paragraph 167 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 167 that pertains to Watson.

168.    To the extent the allegations contained in Paragraph 168 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 168 that pertains to Watson.

169.    To the extent the allegations contained in Paragraph 169 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 169 that pertains to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

170.     To the extent the allegations contained in Paragraph 170 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 170 that pertains to Watson.

171.     To the extent the allegations contained in Paragraph 171 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 171 that pertains to Watson.

172.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 172 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

173.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 173 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  To the extent the remaining allegations contained in Paragraph 173 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 173 that pertains to Watson.

174.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 174 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

- 34 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

175.     Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 175 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

176.     To the extent the allegations contained in Paragraph 176 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 176 that pertains to Watson.

177.     To the extent the allegations contained in Paragraph 177 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 177 that pertains to Watson.

178.     Paragraph 178 of the Complaint consists solely of the State's characterization of its claims and accordingly requires no response by Watson.  To the extent a response is required, and to the extent the allegations contained in Paragraph 178 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 178 that pertains to Watson.

179.     To the extent the allegations contained in Paragraph 179 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations. Watson denies each and every allegation contained in Paragraph 179 that pertains to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

180.    Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 180 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

181-587.    The allegations contained in Paragraphs 181-587 of the Complaint are directed to other defendants and require no response from Watson.  To the extent that the allegations of Paragraphs 181-587 are deemed to include allegations against Watson, Watson denies generally and specifically each and every allegation.

588.    Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 588 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

589.    Watson denies the allegations set forth in Paragraph 589 of the Complaint.

590.    Watson admits that it has received notices or subpoenas from various state and federal agencies and that other lawsuits relating to pharmaceutical pricing and Medicaid have been filed in other jurisdictions against Watson.  Answering further, to the extent the remaining allegations contained in Paragraph 590 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 590 that pertains to Watson.

591.    To the extent the allegations contained in Paragraph 591 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 591 that pertains to Watson.  Answering

- 36 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

further, Watson states that the "report" cited in Paragraph 591 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of the "report" or that such are applicable to Watson.

592.    Watson denies the allegations set forth in Paragraph 592 of the Complaint. Answering further, Watson states that the document cited in Paragraph 592 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of that document or that such are applicable to Watson.

593.    Watson admits that other lawsuits relating to pharmaceutical pricing and Medicaid have been filed in other jurisdictions against Watson.  Watson denies that the State has accurately characterized the claims asserted in those actions.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 593.

594.    Watson admits that it has sold Dicyclomine 20 mg.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 594.

595.    Watson admits that it has sold Methylphenidate 10 mg tablets.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 595.

596.    Watson admits that it received and responded to a subpoena issued by the Commonwealth of Massachusetts relating to pharmaceutical pricing and Medicaid.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 596.

597.    Watson admits that it was named in a lawsuit by the Commonwealth of Massachusetts relating to pharmaceutical pricing and Medicaid.  Watson denies that the State has

– 37 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

accurately characterized the claims asserted in that action.  Except as so admitted, Watson denies each and every allegation contained in Paragraph 597.

598.    Watson denies the allegations set forth in Paragraph 598 of the Complaint.

599.    The document cited in Paragraph 599 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of that document or that such are applicable to Watson.  Watson denies each and every allegation contained in Paragraph 599.

600.    Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 600 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

601-613.    The allegations contained in Paragraphs 601-613 of the Complaint are directed to other defendants and require no response from Watson.  To the extent that the allegations of Paragraphs 601-613 are deemed to include allegations against Watson, Watson denies generally and specifically each and every allegation.

614.    Watson lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 614 of the Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.  To the extent the remaining allegations contained in Paragraph 614 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 614 that pertains to Watson.

- 38 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

615.     To the extent the allegations contained in Paragraph 615 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 615 that pertains to Watson.

616.     To the extent the allegations contained in Paragraph 616 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 616 that pertains to Watson.

617.     To the extent the allegations contained in Paragraph 617 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 617 that pertains to Watson.

618.     To the extent the allegations contained in Paragraph 618 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 618 that pertains to Watson.

619.     To the extent the allegations contained in Paragraph 619 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 619 that pertains to Watson.

620.     To the extent the allegations contained in Paragraph 620 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without

- 39 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 620 that pertains to Watson.

621.    To the extent the allegations contained in Paragraph 621 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 621 that pertains to Watson.

622.    To the extent the allegations contained in Paragraph 622 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 622 that pertains to Watson.

623.    To the extent the allegations contained in Paragraph 623 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 623 that pertains to Watson.  Answering further, Watson states that the document cited in Paragraph 623 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of that document or that such are applicable to Watson.

624.    To the extent the allegations contained in Paragraph 624 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 624 that pertains to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

625.     To the extent the allegations contained in Paragraph 625 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 625 that pertains to Watson.

626.     To the extent the allegations contained in Paragraph 626 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 626 that pertains to Watson.

627.     To the extent the allegations contained in Paragraph 627 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 627 that pertains to Watson.

628.     To the extent the allegations contained in Paragraph 628 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 628 that pertains to Watson.

629.     To the extent the allegations contained in Paragraph 629 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 629 that pertains to Watson.

630.     To the extent the allegations contained in Paragraph 630 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 630 that pertains to Watson.  Answering further, Watson states that the document cited in Paragraph 630 of the Complaint speaks for itself and is the best evidence of its contents. Watson denies that the State has accurately characterized the findings, opinions, statements or conclusions of that document or that such are applicable to Watson.

631.    The allegations of Paragraph 631 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 631 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 631 that pertains to Watson.

632.    The allegations of Paragraph 632 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 632 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 632 that pertains to Watson.

## COUNT I

### VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8 (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

633.    Watson realleges and incorporates its responses to the allegations in Paragraphs 1-632 of the Complaint.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

634-642.  To the extent the allegations in Paragraphs 634-642 are directed at Watson, Watson states that the Court has dismissed the claim to which these allegations relate.  To the extent a response is required and to the extent the allegations contained in Paragraph 634-642 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 634-642 that pertains to Watson.

## COUNT II
## BREACH OF CONTRACT

643.    Watson realleges and incorporates its responses to the allegations in Paragraphs 1-642 of the Complaint.

644-651.  To the extent the allegations in Paragraphs 644-651 are directed at Watson, Watson states that the Court has dismissed the claim to which these allegations relate.  To the extent a response is required and to the extent the allegations contained in Paragraph 644-651 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 644-651 that pertains to Watson.

## COUNT III
## IOWA CONSUMER FRAUD ACT
## (Iowa Code § 714.16)

652.    Watson realleges and incorporates its responses to the allegations in Paragraphs 1-651 of the Complaint.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

653.    To the extent the allegations contained in Paragraph 653 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 653 that pertains to Watson.

654.    To the extent the allegations contained in Paragraph 654 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 654 that pertains to Watson.

655.    To the extent the allegations contained in Paragraph 655 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 655 that pertains to Watson.

656.    The allegations of Paragraph 656 of the Complaint consist solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 656 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 656 that pertains to Watson.

657.    The allegations of Paragraph 657 of the Complaint consist solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 657 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or

- 44 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 657 that pertains to Watson.

**COUNT IV**
**FRAUD**

658.   Watson realleges and incorporates its responses to the allegations in Paragraphs 1-657 of the Complaint.

659.   To the extent the allegations contained in Paragraph 659 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 659 that pertains to Watson.

660.   The allegations contained in the last sentence of Paragraph 660 of the Complaint consist solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 660 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 660 that pertains to Watson.

661.   To the extent the allegations contained in Paragraph 661 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 661 that pertains to Watson.

662.   The allegations of Paragraph 662 of the Complaint consist solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 662 of the Complaint refer to the knowledge, conduct or

– 45 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 662 that pertains to Watson.

**COUNT VIII**
**UNJUST ENRICHMENT**

663.    Watson realleges and incorporates its responses to the allegations in Paragraphs 1-662 of the Complaint.

664.    To the extent the allegations contained in Paragraph 664 of the Complaint refer to the knowledge, conduct or actions of persons, or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Watson denies each and every allegation contained in Paragraph 664 that pertains to Watson.

665.    The allegations contained in the last sentence of Paragraph 665 of the Complaint contain of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 665 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 665 that pertains to Watson.

666.    The allegations of Paragraph 666 of the Complaint consist solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 666 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 666 that pertains to Watson.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof or burden of going forward not required by law, Watson alleges the following defenses:

### First Defense

Iowa fails to state a claim against Watson upon which relief may be granted.

### Second Defense

Iowa lacks standing to bring its claim.

### Third Defense

Iowa's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Watson in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Fourth Defense

Iowa's claims are preempted, in whole or in part, by federal law, including the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Fifth Defense

Iowa's claims against Watson are barred, in whole or in part, by the applicable statutes of limitations and repose, rule of repose, and by the doctrines of laches, estoppel, and waiver.

### Sixth Defense

Any and all actions taken by Watson with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

- 47 –

ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO
THE STATE OF IOWA'S COMPLAINT

### Seventh Defense

Watson's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Iowa.

### Eighth Defense

To the extent that Iowa attempts to seek equitable relief against Watson, Iowa is not entitled to such relief because it has an adequate remedy at law.

### Ninth Defense

Iowa's claims against Watson are barred, in whole or in part, due to its failure to join indispensable parties and for misjoinder of parties.

### Tenth Defense

Iowa's claims against Watson are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

### Eleventh Defense

Iowa's claims are barred, in whole or in part, because it did not rely on any alleged misrepresentations or fraud by Watson.  Iowa knew that providers could obtain Watson drugs at prices below AWP prior to the relevant time period stated in the Complaint.

### Twelfth Defense

Iowa's claims against Watson for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of Iowa and the allocation of any fault, if any exists, attributable to Watson, (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that Iowa has paid

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

for products manufactured, marketed and sold by Watson after the filing of the Complaint; and

(4) because they are speculative and remote and because of the impossibility of ascertaining and

allocating of those alleged damages.

Thirteenth Defense

Any damages recovered by Iowa from Watson must be limited by the applicable

statutory ceilings on recoverable damages.

Fourteenth Defense

Iowa fails to allege facts or a cause of action against Watson sufficient to support a claim

for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

Fifteenth Defense

To the extent punitive or treble damages are sought, Iowa's punitive or treble damages

claims against Watson: (1) have no basis in law or fact; (2) are not recoverable because the

allegations of the Complaint are legally insufficient to support a claim for punitive or treble

damages against Watson, (3) cannot be sustained because the laws regarding the standards for

determining liability for and the amount of punitive or treble damages fail to give Watson prior

notice of the conduct for which punitive damages may be imposed and the severity of the penalty

that may be imposed, and are void for vagueness in violation of Watson's Due Process rights

guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the

Constitution of the State of Iowa; (4) cannot be sustained because any award of punitive or treble

damages exceeding the limits authorized by the laws or other comparable laws would violate

Watson's due process and equal protection rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution and would be improper under the Constitution,

- 49 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO
THE STATE OF IOWA'S COMPLAINT**

common law and laws of the State of Iowa; (5) cannot be sustained because an award of punitive or treble damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Watson for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Watson's products would constitute impermissible multiple punishments for the same wrong, in violation of Watson's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Iowa; (6) cannot be sustained because any award of punitive or treble damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Watson's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Iowa; and (7) cannot be sustained because any award of punitive or treble damages, which are penal in nature, without according Watson the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Watson's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Iowa.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

<u>Sixteenth Defense</u>

To the extent punitive or treble damages are sought, Iowa's claims for punitive or treble damages against Watson cannot be sustained because an award of punitive or treble damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive or treble damages award; (2) is not adequately instructed on the limits of punitive or treble damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive or treble damages, or determining the amount of an award of punitive or treble damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Watson, (4) is permitted to award punitive or treble damages under a standard for determining liability for punitive or treble damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Iowa's burden of proof with respect to each and every element of a claim for punitive or treble damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Watson's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Iowa.

<u>Seventeenth Defense</u>

To the extent punitive or treble damages are sought, Iowa's claims for punitive or treble damages against Watson cannot be sustained because an award of punitive or treble damages that

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive or treble damages that may be imposed, would: (1) violate Watson's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Watson's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Iowa.

## Eighteenth Defense

Some or all of Iowa's claims against Watson arise from Iowa's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

## Nineteenth Defense

Iowa's claims for injunctive relief against Watson are barred by the doctrines of *in pari delicto* and/or unclean hands.

## Twentieth Defense

Iowa's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## Twenty-First Defense

Iowa's claims are barred, in whole or in part, by the filed rate doctrine.

## Twenty-Second Defense

Iowa's claims are barred, in whole or in part, by the state action doctrine.

## Twenty-Third Defense

To the extent Iowa obtains recovery in any other case predicated on the same factual allegations, Iowa is barred from seeking recovery against Watson based on the Complaint

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### Twenty-Fourth Defense

Iowa's claims are barred, in whole or in part, to the extent that Iowa has released, settled, entered into an accord and satisfaction or otherwise compromised Iowa's claims.

### Twenty-Fifth Defense

Iowa fails to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against Watson contained in the Complaint.

### Twenty-Sixth Defense

Watson's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Iowa.

### Twenty-Seventh Defense

Iowa's claims are barred, in whole or in part, because Iowa is not a consumer within the meaning of the Iowa Consumer Fraud Act.

### Twenty-Eighth Defense

Iowa's claims are barred, in whole or in part, because Iowa is not a person within the meaning of the Iowa Consumer Fraud Act.

### Twenty-Ninth Defense

Watson denies that Iowa has a valid consumer protection claim against Watson under the Iowa Consumer Fraud Act.  However, if such claim is found to exist, Watson pleads all available defenses under the Act.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

### Thirtieth Defense

Iowa's claims against Watson are barred, in whole or in part, due to their failure to join indispensable parties.

### Thirty-First Defense

Iowa's claims against Watson are barred, in whole or in part, because Iowa has not suffered damages as a result of the matters alleged in the Complaint.

### Thirty-Second Defense

Iowa's claims against Watson are barred because Iowa and/or its agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of pharmaceuticals.  Legal and equitable principles preclude this action for damages and injunctive relief.

### Thirty-Third Defense

Iowa's claims against Watson are improperly joined with its claims against other defendants and must be severed.

### Thirty-Fourth Defense

Watson adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Thirty-Firth Defense

Watson hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

## JURY DEMAND

Watson hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Watson Pharmaceuticals, Inc. and Watson Pharma, Inc.

request

    A.  That the County of Iowa's Complaint be dismissed with prejudice, and

    B.  That the Court award such further relief as the Court may deem just and proper.


Respectfully submitted,

**Watson Pharmaceuticals, Inc. and Watson Pharma, Inc.**

By its attorneys,


/s/ Katy E. Koski
James W. Matthews, BBO# 560560
Katy E. Koski, BBO# 650613
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
617.646.2000

September 18, 2008


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served electronically upon all counsel of record through the Court's CM/ECF system on September 18, 2008.

- 55 –

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**

/s/ Katy E. Koski
Katy E. Koski

**ANSWER OF WATSON PHARMACEUTICALS. INC. AND WATSON PHARMA. INC. TO THE STATE OF IOWA'S COMPLAINT**