**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br> Master File No.: 01-CV-12257-PBS (original S. D. Iowa No. 4:07-cv-00461-JAJ-CFB) |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

**ETHEX CORPORATION'S ANSWER TO THE STATE OF IOWA'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant ETHEX Corporation respectfully submits this Answer to the State of Iowa's Complaint ("Complaint") as follows:

Unless expressly admitted or denied, ETHEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of averments referring or relating to the conduct of other defendants.  ETHEX is aware that averments relating to such conduct, and related transactions and events involving such third parties, have been the subject of press reports or other public statements.  ETHEX is not in a position, prior to discovery, to admit or deny such averments for purposes of Federal Rule of Civil Procedure 8(b), except to acknowledge the existence of such averments.

ETHEX specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.  ETHEX has included certain captions used in the Complaint for reference, but denies any allegations contained in such references.

The Complaint contains purported quotations from a number of sources.  In answering allegations consisting of quotations, ETHEX's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an

admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

The Complaint improperly refers to ETHEX, other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against ETHEX. Accordingly, the Complaint is insufficient to apprise ETHEX of the allegations asserted against it.  ETHEX has nevertheless attempted to respond to plaintiff's allegations to the extent possible.

## I.    INTRODUCTION

1.      Answering paragraph 1, ETHEX admits that the State of Iowa brought this action against ETHEX and other pharmaceutical companies purportedly seeking various forms of relief, but denies that there is any basis on which to do so with respect to ETHEX.  ETHEX also denies this paragraph to the extent it implies ETHEX is in the business of manufacturing pharmaceuticals; ETHEX markets, but does not manufacture, pharmaceuticals.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and thus denies them.

2.      Answering paragraph 2, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

3.      Answering paragraph 3, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

4.      Answering paragraph 4, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information

sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

5.       Answering paragraph 5, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

6.       Answering paragraph 6, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

7.       Answering paragraph 7, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

8.       Answering paragraph 8, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

9.       Answering paragraph 9, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

10.      Answering paragraph 10, for the sake of clarity, ETHEX affirmatively avers that Medicaid rebates are paid to the states not only for branded drugs, but also for generic drugs. ETHEX admits that it pays Medicaid rebates to Iowa and that such rebates lower the net prices Iowa pays for ETHEX's prescription drugs.  To the extent the allegations in paragraph 10 refer to statutes and regulations, ETHEX states that those sources speak for themselves and any characterizations thereof are denied.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

11.     Answering paragraph 11, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

12.     Answering paragraph 12, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

13.     Answering paragraph 13, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

14.     Answering paragraph 14, ETHEX admits that it voluntarily participates in the Iowa Medicaid program.   ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

15.     Answering paragraph 15, to the extent the averments in this paragraph refer to judicial opinions, ETHEX states that those sources speak for themselves and any characterizations thereof are denied.   ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

16.     Answering paragraph 16, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information

sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

17.     Answering paragraph 17, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

18.     Answering paragraph 18, ETHEX admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter and that Exhibit B-14 to the Complaint purports to identify the at-issue prescription drugs marketed by ETHEX.   ETHEX admits that prescription drugs are generally identified by unique national drug codes known as "NDCs", but specifically denies any liability to Plaintiff with respect to any such NDCs.   ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

19.     Answering paragraph 19, ETHEX states that to the extent the allegations paragraph 19 refer to statutes or regulations, those sources speak for themselves and any characterizations thereof is denied.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

20.     Answering paragraph 20, ETHEX admits that it is a seller of multi-source prescription drugs and that it voluntarily agreed to participate in the Iowa Medicaid program. ETHEX denies the other averment in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

21.     Answering paragraph 21, ETHEX states that it is in the business of selling pharmaceuticals and admits only that ETHEX-marketed pharmaceuticals have been purchased by entities which are physically located in the State of Iowa.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

22.     Answering paragraphs 22 through 34, ETHEX states that the allegations in Paragraphs 22 through 34 are directed to other Defendants and require no response from ETHEX.   To the extent a response is deemed to be required, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in Paragraphs 22 through 34, and thus denies them.

23.     Answering paragraph 35, ETHEX admits the allegation in the first sentence that ETHEX is a wholly owned subsidiary of KV Pharmaceutical Company, but denies the other averments in the first sentence.   ETHEX is a Missouri corporation with its principal place of business located at One Corporate Woods Drive, St. Louis, Missouri 63044.   ETHEX admits the allegations in the second sentence of paragraph 35.   Regarding the allegations in the third sentence, ETHEX admits that it markets and sells prescription pharmaceuticals. .

24.     Answering paragraphs 36 through 54, ETHEX states that the allegations in Paragraphs 36 through 54 are directed to other Defendants and require no response from ETHEX.   To the extent a response is deemed to be required, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in Paragraphs 36 through 54, and thus denies them.

25.     Answering paragraphs 55, ETHEX denies the other averment in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information

sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

26.     Answering paragraphs 56 through 58, ETHEX states that the allegations in Paragraphs 56 through 58 are directed to other Defendants and require no response from ETHEX.  To the extent a response is deemed to be required, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in Paragraphs 56 through 58, and thus denies them.

27.     Answering paragraph 59, ETHEX admits that the Plaintiff seeks to bring this action as alleged in Paragraph 59, but denies there is any basis for Plaintiff to do so with respect to ETHEX and denies that Plaintiff is entitled to any relief.

28.     Answering paragraph 60, ETHEX states that the allegations set forth legal conclusions to which no response is required.  To the extent a response is required, ETHEX denies the averments made in this paragraph.

29.     Answering paragraph 61, ETHEX states that the allegations set forth legal conclusions to which no response is required.  To the extent a response is required, ETHEX denies the averments made in this paragraph.

30.     Answering paragraph 62, ETHEX admits that Medicaid was established by Title XIX of the Social Security Act.  ETHEX further states that the provisions of Title XIX speak for themselves and any characterizations thereof are denied.

31.     Answering paragraph 63, ETHEX admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in Paragraph 63 refer to statutes and regulations, ETHEX states that those sources speak for themselves and any characterizations thereof are denied.  Otherwise, ETHEX

lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

32.     Answering paragraph 64, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.  To the extent the allegations in Paragraph 64 refer to statutes and regulations, ETHEX states that those sources speak for themselves and any characterizations thereof are denied.

33.     Answering paragraph 65, to the extent the allegations in Paragraph 65 refer to statutes and regulations, ETHEX states that those sources speak for themselves and any characterizations thereof are denied.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

34.     Answering paragraph 66, ETHEX admits that national drug codes ("NDCs") are assigned to prescription drugs and that such codes typically identify the labeler, strength, and package size of a particular prescription drug.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

35.     To the extent the allegations in Paragraph 67 refer to statutes and regulations, ETHEX states that those sources speak for themselves and any characterizations thereof are denied.

36.     Answering paragraph 68, to the extent the allegations in Paragraph 68 refer to a report issued by the United States Department of Health and Human Services Office of the Inspector General ("OIG") in September 2004, ETHEX states that report speaks for itself and any characterizations thereof are denied.   Otherwise, ETHEX lacks knowledge or information

sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

37.     Answering paragraph 69, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

38.     Answering paragraph 70, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

39.     Answering paragraph 71, ETHEX admits that at all times relevant to the Complaint it has been common knowledge, understood, and known, including by the State and its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

40.     Answering paragraph 72, ETHEX admits that at all times relevant to the Complaint it has been common knowledge, understood, and known,  including by the State and its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

41.     Answering paragraph 73, to the extent the allegations in Paragraph 73 refer to statutes, regulations, or other sources, ETHEX states that those sources speak for themselves and any characterizations thereof are denied.  ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

42.     Answering paragraph 74, to the extent the allegations in Paragraph 74 refer to a written source, ETHEX states that the source speaks for itself and any characterizations thereof are denied.  ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

43.     Answering paragraph 75, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

44.     Answering paragraph 76, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

45.     Answering paragraph 77, to the extent the allegations in Paragraph 74 refer to a written source, ETHEX states that the source speaks for itself and any characterizations thereof are denied.  ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

46.     Answering paragraph 78, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

47.     Answering paragraph 79, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

48.     Answering paragraph 80, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

49.     Answering paragraph 81, ETHEX admits only that it has communicated AWP information to First DataBank and other industry pricing compendia.  ETHEX denies that ETHEX had control over the price information published by these entities.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

50.     Answering paragraph 82, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

51.     Answering paragraph 83, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

52.     Answering paragraph 84, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

53.     Answering paragraph 85, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

54.     Answering paragraph 86, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

55.     Answering paragraph 87, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

56.     Answering paragraph 88, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information

sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

57.     Answering paragraphs 89 through 92, ETHEX denies the averments in these paragraphs to the extent they refer or relate to ETHEX.  ETHEX specifically denies that it reports "false and inflated" "WAC's or WAC equivalents."  ETHEX does not report WACs to the industry compendia.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

58.     Answering paragraph 93, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

59.     Answering paragraph 94, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

60.     Answering paragraph 95, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

61.     Answering paragraph 96, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

62.     Answering paragraphs 97 and 98, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX. ETHEX specifically denies that it has "control" over the AWP or WAC prices published by the industry compedia, and denies that it reported any WAC to any pricing compedia during the relevant time period.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

63.     Answering paragraph 99, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

64.     Answering paragraph 100, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

65.     Answering paragraph 101, ETHEX denies the averments in this paragraph or Exhibit C to the Complaint to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph or Exhibit C to the Complaint, and thus denies them.

66.     Answering paragraph 102, ETHEX admits that FULs are established by the Center for Medicare and Medicaid Services ("CMS").   To the extent the allegations in Paragraph 102 refer to statutes and regulations, ETHEX states that those sources speak for themselves and any characterizations thereof are denied.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

67.     Answering paragraph 103, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

68.     Answering paragraph 104, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

69.     Answering paragraph 105, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

70.     Answering paragraph 106, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

71.     Answering paragraph 107, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

72.     Answering paragraph 108, ETHEX denies the averments in this paragraph and in Exhibit B to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit B, and thus denies them.

73.     Answering paragraph 109, ETHEX states that the allegations in Paragraph 109 require no response from ETHEX on the grounds that the Iowa SMAC claims have dismissed by the Court.

74.     Answering paragraphs 110 through 132, the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to ETHEX and no response from ETHEX is required.  To the extent the allegations in those paragraphs are directed at ETHEX, ETHEX

denies the averments, except ETHEX admits that it has executed a rebate agreement with the HHS.  To the extent the allegations refer to the rebate agreement, statutes, or regulations, those sources speak for themselves and any characterizations thereof are denied.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 110 through 132, and thus denies them.

75.     Answering paragraph 133, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

76.     Answering paragraph 134, to the extent the allegations in Paragraph 134 refer to transcript of the December 7, 2004 hearing before the House Energy and Commerce Committee, ETHEX states that transcript speaks for itself and any characterizations thereof are denied. ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

77.     Answering paragraph 135, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

78.     Answering paragraph 136, ETHEX admits that certain of its contracts are subject to confidentiality agreements and that ETHEX offers discounts to certain of its customers. ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

79.     Answering paragraph 137, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

80.     Answering paragraph 138, to the extent the allegations in Paragraph 138 refer to the transcript of a 2005 congressional hearing before the Senate Finance Committee, ETHEX states that the transcript speaks for itself, and any characterizations thereof are denied.   ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

81.     Answering paragraph 139, to the extent the allegations in Paragraph 139 refer to the transcript of a 2005 congressional hearing before the Senate Finance Committee, ETHEX states that the transcript speaks for itself, and any characterizations thereof are denied.   ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

82.     Answering paragraph 140, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

83.     Answering paragraph 141, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

84.    Answering paragraph 142, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

85.    Answering paragraph 143, ETHEX denies the averments in this paragraph and in Exhibit B to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit B, and thus denies them.

86.    Answering paragraph 144, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

87.    Answering paragraph 145, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

88.    Answering paragraph 146, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

89.    Answering paragraph 147, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

90.     Answering paragraph 148, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

91.     Answering paragraph 149, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

92.     Answering paragraph 150, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

93.     Answering paragraph 151, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

94.     Answering paragraph 152, to the extent the allegations in Paragraph 152 refer to the transcript of a 2004 congressional hearing, ETHEX states that the transcript speaks for itself, and any characterizations thereof are denied.   ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

95.     Answering paragraph 153, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information

sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

96.     Answering paragraph 154, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

97.     Answering paragraph 155, to the extent the allegations in Paragraph 155 refer to statutes and regulations, ETHEX states that those sources speak for themselves, and any characterizations thereof are denied.  ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX and further denies that the "reported prices" to which the quoted text refers include either AWP or WAC.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

98.     Answering paragraph 156, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

99.     Answering paragraph 157, to the extent the allegations in Paragraph 157 refer to an OIG report or reports, ETHEX states that those sources speak for themselves, and any characterizations thereof are denied.  ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

100.     Answering paragraph 158, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

101.     Answering paragraph 159, ETHEX admits that it participates in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for ETHEX drugs.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

102.     Answering paragraph 160, ETHEX admits that it participates in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for ETHEX drugs.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

103.     Answering paragraph 161, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

104.     Answering paragraph 162, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

105.     Answering paragraph 163, ETHEX admits that it participates in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for ETHEX drugs.  ETHEX denies the other averments in this paragraph to the extent they refer or

relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

106.    Answering paragraph 164, to the extent the allegations in Paragraph 164 refer to judicial opinions, ETHEX states that those sources speak for themselves, and any characterizations thereof are denied.  ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

107.    Answering paragraph 165, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

108.    Answering paragraph 166, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

109.    Answering paragraph 167, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

110.    Answering paragraph 168, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

111.    Answering paragraph 169, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

112.    Answering paragraph 170, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

113.    Answering paragraph 171, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

114.    Answering paragraph 172, ETHEX admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.   ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

115.    Answering paragraph 173, ETHEX admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.   ETHEX affirmatively avers that the purported acquisition prices ("AACs") of certain ETHEX products listed on Exhibit B-14 appear not to have been selected in good faith, e.g., the Weighted Average Market Price of several ETHEX products indicates that the "Start Date" and "End Date" for the prices(s) in question are the same day.   To the extent the allegations in Paragraph 173 refer to other documents or sources in AWP MDL 1456, ETHEX

states that those documents or sources speak for themselves, and any characterizations thereof are denied.  ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

116.    Answering paragraph 174, ETHEX admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

117.    Answering paragraph 175, ETHEX admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

118.    Answering paragraph 176, ETHEX admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

119.    Answering paragraph 177, ETHEX admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

120.     Answering paragraph 178, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

121.     Answering paragraph 179, ETHEX admits that it offers discounts to certain customers under certain conditions.  ETHEX denies the other averments in this paragraph to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

122.     Answering paragraph 180, ETHEX denies the averments in this paragraph and in Exhibit A to the extent they refer or relate to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit A, and thus denies them.

123.     Answering paragraphs 181 through 368, ETHEX states that the allegations in Paragraphs 181 through 368 are directed to other Defendants and require no response from ETHEX.  To the extent a response is deemed to be required, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in Paragraphs 181 through 368, and thus denies them.  To the extent the allegations in Paragraphs 181 through 368 refer to other statutes, regulations, transcripts, or other documents, ETHEX states that those sources speak for themselves and denies any characterizations thereof.

124.     Answering paragraph 369, ETHEX admits that Plaintiff purports to bring the causes of action asserted in Paragraph 369 and on Exhibit A, but denies that there is any basis on which to do so with respect to ETHEX and denies that Plaintiff is entitled to any relief.  ETHEX

lacks knowledge or information sufficient to form a belief as to the truth of the other averments made in this paragraph, and thus denies them.

125.     Answering paragraph 370, ETHEX denies the averments made in this paragraph and on Exhibit B-14.

126.     Answering paragraph 371, ETHEX admits that it enters into contracts with customers and offers discounts to certain customers under certain conditions, but denies that these practices are improper.  ETHEX denies the remaining averments made in this paragraph including the averments that ETHEX reports WACs to pricing compedia.

127.     Answering paragraph 372, ETHEX admits that during 2002 the net price paid for Nitroglycerin 9mg caplets by at least one customer was approximately $4.08 and that the reported AWP of $24.90 was in effect during part of 2002.  ETHEX denies the remaining averments made in this paragraph to the extent they refer or relate to ETHEX.

128.     Answering paragraph 373, ETHEX admits the averments in this paragraph to the extent they allege that during 2003 the net price paid for Hydromorphone HCL 4mg tablets by at least one customer was approximately $15.98 and that the reported AWP of $69.61 was in effect during 2003.  ETHEX denies the remaining averments made in this paragraph to the extent they refer or relate to ETHEX.

129.     Answering paragraph 374, ETHEX admits that at times there was a FUL in place for some of ETHEX's drugs.  ETHEX also admits the FUL for Doxazosin Mesylate 4mg tablets was $.6210/unit in 2002.  ETHEX denies the remaining averments in this paragraph.

130.     Answering paragraph 375, ETHEX denies that its pricing and reporting practices were improper or that they led to damage to Iowa Medicaid.  ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in this paragraph, and thus denies them.

**ETHEX Corporation's Answer to the State of Iowa's Complaint -- Page 25**

131.    Answering paragraph 376, ETHEX denies that allegation in first sentence of this paragraph.   Answering the second and third sentences of paragraph 376, to the extent the allegations in the second and third sentences relate or refer to ETHEX, ETHEX states that the House Committee on Energy and Commerce requested certain documents from ETHEX and interviewed ETHEX personnel in relation to the Committee's investigation of the Medicaid drug reimbursement system as a whole.   To the best of ETHEX's knowledge, the Committee has neither taken nor recommended any adverse action against ETHEX, nor has it issued any adverse findings against ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the second and third sentences, and thus denies them.   Answering the fourth sentence of paragraph 376, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this sentence, and thus denies them.

132.    Answering paragraphs 377 through 613, ETHEX states that the allegations in Paragraphs 377 through 613 are directed to other Defendants and require no response from ETHEX.   To the extent a response is deemed to be required, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in Paragraphs 377 through 613, and thus denies them.   To the extent the allegations in Paragraphs 377 through 613 refer to other statutes, regulations, transcripts, or other documents, ETHEX states that those sources speak for themselves and denies any characterizations thereof.

133.    Answering paragraph 614, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the first sentence of this paragraph. ETHEX denies the averments contained in the second sentence of this paragraph to the extent they relate or refer to ETHEX.   Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the second sentence of this paragraph.

134.    Answering paragraph 615, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

135.    Answering paragraph 616, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

136.    Answering paragraphs 617 through 632, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX.  ETHEX further states that for years, and at all times relevant to the Complaint, it has been common knowledge, understood, and known, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  ETHEX further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are required to be included in prices reported to industry compedia.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 617 through 632, and thus denies them.  To the extent the allegations in Paragraph 630 refer to *The Pink Sheet*, the document speaks for itself and any characterizations thereof are denied.

### COUNT I
### VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. § 1396r-8 (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

137.    Answering paragraph 633, ETHEX restates and incorporates by reference its answers to Paragraphs 1 through 632 as if fully set forth herein.

138.    Answering paragraphs 634 through 642, ETHEX states that the Court has dismissed the claims to which these allegations relate and thus no response is required.  To the

extent that a response is still required, ETHEX denies the averments contained in paragraphs 634 through 642 to the extent they relate or refer to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 634 through 642, and thus denies them.

## COUNT II
## BREACH OF CONTRACT

139.    Answering paragraph 643, ETHEX restates and incorporates by reference its answers to Paragraphs 1 through 642 as if fully set forth herein.

140.    Answering paragraphs 644 through 651, ETHEX states that the Court has dismissed the claims to which these allegations relate and thus no response is required.  To the extent that a response is still required, ETHEX denies the averments contained in paragraphs 644 through 651 to the extent they relate or refer to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 644 through 651, and thus denies them.

## COUNT III

## IOWA CONSUMER FRAUD ACT
## Iowa Code § 714.16

141.    Answering paragraph 652, ETHEX restates and incorporates by reference its answers to Paragraphs 1 through 651 as if fully set forth herein.

142.    Answering paragraph 653, ETHEX denies the averments contained this paragraph, and the exhibits referenced therein, to the extent they relate or refer to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.  To the extent the allegations in Paragraph 653 refer to statutes or regulations, those sources speak for themselves and any characterizations thereof are denied.

143.     Answering paragraph 654, ETHEX denies the averments contained this paragraph and the sub-parts thereto, to the extent they relate or refer to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

144.     Answering paragraph 655, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

145.     Answering paragraph 656, ETHEX states that the allegation contains a legal conclusion to which no response is required.  To the extent a response is required, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX.  To the extent the allegations in Paragraph 656 refer to statutes or regulations, those sources speak for themselves and any characterizations thereof are denied.

146.     Answering paragraph 657, ETHEX states that the allegation contains a legal conclusion to which no response is required.  To the extent a response is required, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them. To the extent the allegations in Paragraph 657 refer to statutes or regulations, those sources speak for themselves and any characterizations thereof are denied.

## COUNT IV

## FRAUD

147.     Answering paragraph 658, ETHEX restates and incorporates by reference its answers to Paragraphs 1 through 657 as if fully set forth herein.

148.     Answering paragraph 659, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

149.     Answering paragraph 660, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

150.     Answering paragraph 661, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

151.     Answering paragraph 662, ETHEX states that the allegation contains a legal conclusion to which no response is required.  To the extent a response is required, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

## COUNTY V

### UNJUST ENRICHMENT

152.     Answering paragraph 663, ETHEX restates and incorporates by reference its answers to Paragraphs 1 through 662 as if fully set forth herein.

153.     Answering paragraph 664, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX.  Otherwise, ETHEX lacks knowledge or information

sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

154.    Answering paragraph 665, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

155.    Answering paragraph 666, ETHEX states that the allegation contains a legal conclusion to which no response is required.  To the extent a response is required, ETHEX denies the averments contained this paragraph to the extent they relate or refer to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and thus denies them.

## PRAYER FOR RELIEF

156.    Answering paragraphs 667 through 675, ETHEX denies that the Plaintiff is entitled to a judgment, order, or any other relief requested in Paragraphs 667 through 675 or in the unnumbered "WHEREFORE" clause on page 166 of the Complaint.

**WHEREFORE,** ETHEX demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incured herein, and for such further relief as the Court deems just and proper.

## DEFENSES

ETHEX repeats and incorporates by reference paragraphs 1 through 156 above.  Without assuming any burden of proof that it would not otherwise bear, ETHEX also asserts the following defenses:

## FIRST DEFENSE

Plaintiff fails to state a claim against ETHEX upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred because Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by ETHEX in judicial, legislative or administrative proceedings of any kind of at any level of government.

## FOURTH  DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Prescription Drug, Improvement and Modernization Act of 2003, including all amendments to the same and all regulations promulgated thereunder.

## FIFTH  DEFENSE

Plaintiff's claims against ETHEX are barred, in whole or in part, by the applicable statutes of limitations and repose, rule of repose, and by the doctrines of laches, estoppel and waiver.

## SIXTH DEFENSE

To the extent that Plaintiff attempts to seek equitable relief against ETHEX, Plaintiff is not entitled to such relief because it has an adequate remedy at law.

## SEVENTH DEFENSE

Plaintiff's claims against ETHEX are barred, in whole or in part, due to its failure to join indispensable parties.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

## NINTH DEFENSE

Plaintiff's claims against ETHEX for damages are barred, in whole or in part because it failed to mitigate its damages.

## TENTH DEFENSE

Plaintiff's claims against ETHEX are barred, in whole or in part, by the doctrines of consent and/or ratification.

## ELEVENTH DEFENSE

Any damages recovered by plaintiff from ETHEX must be limited by the applicable statutory ceilings on recoverable damages.

## TWELFTH  DEFENSE

To the extent punitive or treble damages are sought, Plaintiff's punitive or treble damages claims against ETHEX:  1) have no basis in law or fact; 2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive or treble damages against ETHEX; 3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive or treble damages fail to give ETHEX prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of ETHEX's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Iowa; 4) cannot be sustained because any award of punitive or treble damages exceeding the limits authorized by the laws or other comparable laws would violate

ETHEX's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Iowa.

## THIRTEENTH DEFENSE

To the extent punitive or treble damages are sought, Plaintiff's punitive and treble damages claims against ETHEX cannot be sustained because an award of punitive or treble damages by a jury that 1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive or treble damages award; 2) is not adequately instructed on the limits of punitive or treble damages imposed by the applicable principles of deterrence and punishment; 3) is not expressly prohibited from awarding punitive or treble damages, or determining the amount of an award of punitive or treble damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of ETHEX; 4) is permitted to award punitive or treble damages under a standard for determining liability for punitive or treble damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; 5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive or treble damages; and 6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate ETHEX's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution, and would be improper under the Constitution, common law and public policies of the State of Iowa.

## FOURTEENTH DEFENSE

To the extent punitive or treble damages are sought, plaintiff's claims for punitive or treble damages against ETHEX cannot be sustained because an award of punitive or treble damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive or treble damages that may be imposed, would 1) violate ETHEX's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; 2) violate ETHEX's right not to be subjected to an excessive award; and 3) be improper under the Constitution, common law, and public policies of the State of Iowa.

## FIFTEENTH DEFENSE

Plaintiff's claims for injunctive relief against ETHEX are barred by the doctrines of *in pari delicto* and/or unclean hands.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a consumer within the meaning of the Iowa Consumer Fraud Act.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a person within the meaning of the Iowa Consumer Fraud Act.

## TWENTIETH DEFENSE

ETHEX denies that Plaintiff has a valid consumer protection claim against ETHEX under the Iowa Consumer Fraud Act.  However, if such claim is found to exist, ETHEX pleads all available defenses under the Act.

## TWENTY-FIRST DEFENSE

Plaintiff's claims against ETHEX are barred, in whole or in part, because they violate ETHEX's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Iowa Constitution, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## TWENTY-SECOND DEFENSE

Plaintiff's prayers for relief in the form of restitution are barred, in whole or in part, because ETHEX did not retain any money belonging to Plaintiff as a result of any alleged overpayments.

## TWENTY-THIRD DEFENSE

Plaintiff's claims against ETHEX are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

## TWENTY-FOURTH  DEFENSE

Plaintiff's claims against ETHEX are misjoined with Plaintiff's claims against other Defendants and must be severed.

## TWENTY-FIFTH DEFENSE

ETHEX hereby adopts and incorporates by reference any and the other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to ETHEX.

## JURY DEMAND

ETHEX hereby demands a trial by jury.


## CONCLUSION

ETHEX reserves the right to amend this Answer to the Complaint and to assert other defenses as this action proceeds.

WHEREFORE, ETHEX denies that plaintiff is entitled to any relief from ETHEX and prays that this Court:

1)      Dismiss the Complaint with prejudice and enter judgment in favor of ETHEX;

2)      Award ETHEX its costs and expenses; and

3)      Grant such other and further relief for ETHEX as this Court deems just and proper.

Respectfully submitted,


By: /s/ C. Michael Moore

C. Michael Moore (*pro hac vice*)
Margaret "Peg" Donahue Hall
SONNENSCHEIN NATH & ROSENTHAL LLP
1717 Main Street, Suite 3400
Dallas, TX 75201-7395
(214) 259-0900 (Phone)
(214) 259-0910 (Fax)

**COUNSEL FOR ETHEX CORPORATION**


Dated:  September 18, 2008

## <u>CERTIFICATE OF SERVICE</u>

       I certify that a true and correct copy of the foregoing document was delivered to all counsel of record by sending a copy to LexisNexis File and Serve, on September 18, 2008, for posting and notification to all parties.

<u>/s/ C. Michael Moore</u>
C. Michael Moore