# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ )<br>IN RE PHARMACEUTICAL INDUSTRY )<br>AVERAGE WHOLESALE PRICE )<br>LITIGATION )<br> )<br>_____ )<br> )<br> )<br>THIS DOCUMENT RELATES TO: )<br> )<br> )<br>*State of Iowa v. Abbott Laboratories, et al.* )<br>_____ ) | MDL NO. 1456<br>Master File No.: 01-CV-12257-PBS<br>(original S. D. Iowa No. 4:07-cv-00461-JAJ-CFB)<br><br>Judge Patti B. Saris |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS PAR PHARMACEUTICAL COMPANIES, INC. AND PAR PHARMACEUTICAL, INC. TO THE STATE OF IOWA'S COMPLAINT

Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. (collectively, "Par") hereby answers the State of Iowa's Complaint as follows:

1.     Par admits that the State of Iowa ("the State" or "Plaintiff") purports to bring this action as alleged in Paragraph 1, but Par denies that there is any basis for Plaintiff to do so and denies that Plaintiff is entitled to any relief.  Par is not required to respond to the allegations in Paragraph 1 of the Complaint that relate to other defendants.

2.     Par denies the allegations in Paragraph 2 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 2 of the Complaint that relate to other defendants.

3.     Par denies the allegations in Paragraph 3 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 3 of the Complaint that relate to other defendants.

4.      Par is without knowledge or information sufficient to form a belief as to the truth of what incentivizes Medicaid pharmacy providers.  Par denies the remaining allegations in Paragraph 4 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 4 of the Complaint that relate to other defendants.

5.      Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis denies them.

6.      Par denies the allegations in Paragraph 6 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 6 of the Complaint that relate to other defendants.

7.      Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis denies them.

8.      To the extent that Paragraph 8 of the Complaint refers to statutes and/or regulations, those statutes and/or regulations speak for themselves.  The remaining allegations in Paragraph 8 of the Complaint state legal conclusions to which a response is not required.

9.      To the extent that Paragraph 9 of the Complaint refers to statutes and/or regulations, those statutes and/or regulations speak for themselves.  The allegations in the last sentence in Paragraph 9 of the Complaint state legal conclusions to which a response is not required.  Par denies the remaining allegations in Paragraph 9 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 9 of the Complaint that relate to other defendants.

10.     Par states that 42 U.S.C. § 1396r-8, 56 Fed. Reg. 7049, and 60 Fed. Reg. 48442 speak for themselves.  Par admits that attached to the Complaint as Exhibit E is what Plaintiff purports to be a copy of the current standard Model Rebate Agreement.  Par states that Exhibit E speaks for itself.  Par is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 10 of the Complaint, and on that basis denies them.

11.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in first sentence of Paragraph 11 of the Complaint, and on that basis denies them.  The allegations in the second sentence in Paragraph 11 of the Complaint state legal conclusions to which a response is not required.  Par denies the remaining allegations in Paragraph 11 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 11 of the Complaint that relate to other defendants.

12.     Par denies the allegations in Paragraph 12 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 12 of the Complaint that relate to other defendants.

13.     Par denies the allegations in Paragraph 13 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 13 of the Complaint that relate to other defendants.

14.     The allegations in Paragraph 14 of the Complaint state legal conclusions to which a response is not required.

15.     The allegations in the first sentence of Paragraph 15 of the Complaint state legal conclusions to which a response is not required.  Par states that the judicial opinions referenced in Paragraph 15 of the Complaint speak for themselves.

16.     The allegations in the second sentence of Paragraph 16 of the Complaint state legal conclusions to which a response is not required.  Par denies the remaining allegations in Paragraph 16 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 16 of the Complaint that relate to other defendants.

17.     Par denies the allegations in Paragraph 17 of the Complaint as they relate to Par. To the extent that the allegations in Paragraph 17 of the Complaint relate to other defendants, Par is not required to respond.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint, and on that basis denies them.

18.     Par admits that attached to the Complaint as Exhibits B-1 through B-33 are charts that purport to contain examples of the defendants' drugs and to identify, among other things, the NDC, drug name, and certain pricing information with respect to those drugs.

19.     Par states that Iowa Code § 714.16 and any other statute referenced in Paragraph 19 of the Complaint speak for themselves.  Par admits that Plaintiff purports to bring this action as alleged in Paragraph 19 of the Complaint.

20.     Par admits that it manufacturers and sells prescription drugs and that it participates in the Iowa Medicaid program.  Par denies the remaining allegations in Paragraph 20 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 20 of the Complaint that relate to other defendants.

21.     Par admits that it conducts business in the State of Iowa.

22.     The allegations in Paragraph 22 of the Complaint do not require a response from Par because they relate exclusively to another defendant.

23.     The allegations in Paragraph 23 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

24.     The allegations in Paragraph 24 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

25.     The allegations in Paragraph 25 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

26.     The allegations in Paragraph 26 of the Complaint do not require a response from Par because they relate exclusively to another defendant.

27.     The allegations in Paragraph 27 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

28.     The allegations in Paragraph 28 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

29.     The allegations in Paragraph 29 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

30.     The allegations in Paragraph 30 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

31.     The allegations in Paragraph 31 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

32.     The allegations in Paragraph 32 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

33.     The allegations in Paragraph 33 of the Complaint do not require a response from Par because they relate exclusively to another defendant.

34.     The allegations in Paragraph 34 of the Complaint do not require a response from Par because they relate exclusively to another defendant.

35.     The allegations in Paragraph 35 of the Complaint do not require a response from Par because they relate exclusively to another defendant.

36.     The allegations in Paragraph 36 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

37.     The allegations in Paragraph 37 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

38.     The allegations in Paragraph 38 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

39.     The allegations in Paragraph 39 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

40.     The allegations in Paragraph 40 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

41.     The allegations in Paragraph 41 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

42.     The allegations in Paragraph 42 of the Complaint do not require a response from Par because they relate exclusively to another defendant.

43.     The allegations in Paragraph 43 of the Complaint do not require a response from Par because they relate exclusively to another defendant.

44.     The allegations in Paragraph 44 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

45.     The allegations in Paragraph 45 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

46.     Par admits the allegations in the first sentence of Paragraph 46(a) of the Complaint.  Par admits that Plaintiff purports to bring this action as alleged in the second sentence of Paragraph 46(a).  Par admits the allegations in Paragraph 46(b) of the Complaint.

47.     The allegations in Paragraph 47 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

48.     The allegations in Paragraph 48 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

49.     The allegations in Paragraph 49 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

50.     The allegations in Paragraph 50 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

51.     The allegations in Paragraph 51 of the Complaint do not require a response from Par because they relate exclusively to another defendant.

52.     The allegations in Paragraph 52 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

53.     The allegations in Paragraph 53 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

54.     The allegations in Paragraph 54 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

55.     The allegations in Paragraph 55 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

56.     The allegations in Paragraph 56 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

57.     The allegations in Paragraph 57 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

58.     The allegations in Paragraph 58 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

59.     Par admits that Plaintiff purports to bring this action as alleged in Paragraph 59 of the Complaint.

60.     Par states that 28 U.S.C. §§ 1331 and 1367, 42 U.S.C. §§ 1396 *et seq*. and 1396r-8 speak for themselves.  The remaining allegations in Paragraph 60 of the Complaint state legal conclusions to which a response is not required.

61.     Par states that 28 U.S.C. §§ 1391 speaks for itself.  The remaining allegations in Paragraph 61 of the Complaint state legal conclusions to which a response is not required.

62.     Par states that 42 U.S.C. §§ 1396 *et seq.* speak for themselves.  The remaining allegations in Paragraph 62 of the Complaint state legal conclusions to which a response is not required.

63.     Par states that 42 U.S.C. § 1396a speaks for itself.  The remaining allegations in Paragraph 63 of the Complaint state legal conclusions to which a response is not required.

64.     Par states that 42 U.S.C. §§ 1396a and 1396b speak for themselves.  The remaining allegations in Paragraph 64 of the Complaint state legal conclusions to which a response is not required.

65.     Par states that 42 U.S.C. § 1396d speaks for itself.  The remaining allegations in Paragraph 65 of the Complaint state legal conclusions to which a response is not required.

66.     Par admits that national drug codes ("NDCs") are assigned to prescription drugs and that such NDCs typically identify the drug's manufacturer, strength, and package size.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 of the Complaint, and on that basis denies them.

67.     Par states that 42 C.F.R. § 447.331 speaks for itself.  The remaining allegations in Paragraph 67 of the Complaint state legal conclusions to which a response is not required.

68.     Par states that the report issued in September 2004 by the United States Department of Health and Human Services Office of Inspector General ("HHS OIG"), entitled "Variation in State Medicaid Drug Prices, September 2004," speaks for itself.  Par is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 of the Complaint, and on that basis denies them.

69.     To the extent that the allegations in Paragraph 69 of the Complaint refer to statutes and/or regulations, Par states that those statutes and/or regulations speak for themselves. The remaining allegations in Paragraph 69 of the Complaint state legal conclusions to which a response is not required.

70.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint, and on that basis denies them.

71.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint, and on that basis denies them.

72.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint, and on that basis denies them.

73.     Par states that 42 C.F.R. §§ 447.331–447.332, Iowa Admin. Code 441-79.1(8), and Iowa's 2006 Medicaid Provider Manual speak for themselves.  Par denies the allegations in Paragraph 73 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 73 of the Complaint that relate to other defendants.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 of the Complaint, and on that basis denies them.

74.     Par states that Iowa's 2006 Medicaid Provider Manual speaks for itself.

75.     Par states that 2001 Iowa Acts, Chapter 191, section 31 speaks for itself.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 of the Complaint, and on that basis denies them.

76.     Par states that the version of Iowa's Medicaid Provider Manual referenced in Paragraph 76 of the Complaint speaks for itself.

77.     Par states that Iowa's 2006 Medicaid Provider Manual speaks for itself.

78.     To the extent that the allegations in Paragraph 78 of the Complaint refer to statutes and/or regulations, Par states that those statutes and/or regulations speak for themselves. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78 of the Complaint, and on that basis denies them.

79.     To the extent that the allegations in Paragraph 79 of the Complaint refer to statutes and/or regulations, Par states that those statutes and/or regulations speak for themselves. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 of the Complaint, and on that basis denies them.

80.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint, and on that basis denies them.

81.     Par admits that pharmaceutical industry pricing publications periodically publish AWPs for certain pharmaceutical products, but otherwise denies the allegations in the first sentence of Paragraph 81 of the Complaint.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 of the Complaint, and on that basis denies them.

82.     Par denies the allegations in Paragraph 82 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 82 of the Complaint that relate to other defendants.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 of the Complaint, and on that basis denies them.

83.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, and on that basis denies them.

84.     Par denies the allegations in Paragraph 84 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 84 of the Complaint that relate to other defendants.

85.     Par admits that attached to the Complaint as Exhibit A is a chart that purports to summarize Plaintiff's claims against the defendants.  Par denies the allegations in Paragraph 85 of the Complaint and Exhibit A to the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 85 of the Complaint or Exhibit A to the Complaint that relate to other defendants.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 of the Complaint, and on that basis denies them.

86.     Par denies the allegations in Paragraph 86 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 86 of the Complaint that relate to other defendants.

87.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint, and on that basis denies them.

88.     Par denies the allegations in Paragraph 88 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 88 of the Complaint that relate to other defendants.

89.     Par admits that from time to time it enters into contracts with wholesalers and providers for the sale of Par's drugs.  Par also admits that it establishes a WAC in its dealings with its customers and invoices certain wholesaler customers at WAC.  Except as thus expressly admitted, Par denies the allegations in Paragraph 89 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 89 of the Complaint that relate to other defendants.  The remaining allegations in Paragraph 89 of the Complaint relate to third parties,

and Par is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies them.

90.     Par admits that from time to time it offers discounts to certain wholesalers in connection with sales of Par's drugs.  Except as thus expressly admitted, Par denies the allegations in Paragraph 90 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 90 of the Complaint that relate to other defendants.

91.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint, and on that basis denies them.

92.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint, and on that basis denies them.

93.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint, and on that basis denies them.

94.     Par admits that it has submitted the AWPs of particular products to one or more pharmaceutical industry data publishers.  Except as thus expressly admitted, Par denies the allegations in Paragraph 94 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 94 of the Complaint that relate to other defendants.

95.     Par denies the allegations in Paragraph 95 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 95 of the Complaint that relate to other defendants.  The remaining allegations in Paragraph 95 of the Complaint state legal conclusions to which a response is not required.

96.     Par admits that it has submitted the AWPs of particular products to one or more pharmaceutical industry data publishers.  Except as thus expressly admitted, Par denies the allegations in Paragraph 96 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 96 of the Complaint that relate to other defendants.

97.    Par admits that it has submitted the AWPs of particular products to one or more pharmaceutical industry data publishers.  Except as thus expressly admitted, Par denies the allegations in Paragraph 97 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 97 of the Complaint that relate to other defendants.

98.    Par denies that it has caused "false AWPs [to] appear in publishing compendia that are utilized by Medicaid and other payors."  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 of the Complaint, and on that basis denies them.

99.    Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint, and on that basis denies them.

100.    The allegations in Paragraph 100 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

101.    The allegations in Paragraph 100 of the Complaint and Exhibit C to the Complaint do not require a response from Par because they relate exclusively to other defendants.

102.    Par states that 42 C.F.R. § 447.332 speaks for itself.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 of the Complaint, and on that basis denies them.

103.    Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint, and on that basis denies them.

104.    Par denies the allegations in Paragraph 104 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 104 of the Complaint that relate to other defendants.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the Complaint.

105.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint.

106.     Par admits that it is aware of the prices it charges in connection with its own sales of its drugs to providers.  Except as thus expressly admitted, Par denies the allegations in Paragraph 106 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 106 of the Complaint that relate to other defendants.

107.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint, and on that basis denies them.

108.     Par admits that attached to the Complaint as Exhibit B is a series of charts that purport to contain examples of the defendants' drugs and to identify, among other things, certain pricing information with respect to those drugs.  Par denies the allegations in Paragraph 108 of the Complaint and Exhibit B to the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 108 of the Complaint and Exhibit B to the Complaint that relate to other defendants.

109.     The allegations in Paragraph 109 of the Complaint require no response on the ground that Plaintiff's claims predicated on the Iowa SMAC have been dismissed by the Court.  To the extent that a response may be required, Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint, and on that basis denies them.

110.     Par states that 42 U.S.C. § 1396r-8 speaks for itself.  Otherwise, Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint, and on that basis denies them.

111.     Par admits that it executed a Rebate Agreement and states that the Rebate Agreement speaks for itself.

112.    The allegations in Paragraph 112 of the Complaint state legal conclusions to which a response is not required.

113.    Par states that 42 U.S.C. § 1396r-8(c)(1)–(2) speak for themselves.

114.    Par states that 42 U.S.C. § 1396r-8(c)(3) speaks for itself.

115.    The allegations in Paragraph 115 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court. Moreover, the allegations in Paragraph 115 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

116.    Par states that 42 U.S.C. § 1396r-8(c)(1)(C)(i) speaks for itself.

117.    Par states that the Model Rebate Agreement speaks for itself.

118.    Par states that 42 U.S.C. § 1396r-8(k)(1) speaks for itself.

119.    Par states that 42 U.S.C. § 1396r-8(b)(2) speaks for itself.

120.    Par states that 42 U.S.C. § 1396r-8(b)(3)(A) and (D) speak for themselves.  The remaining allegations in Paragraph 120 of the Complaint state legal conclusions to which a response is not required.

121.    Par states that the Model Rebate Agreement speaks for itself.  The remaining allegations in Paragraph 121 of the Complaint state legal conclusions to which a response is not required.

122.    Par states that the Model Rebate Agreement speaks for itself.  Par admits that it pays rebates to the state Medicaid programs pursuant to its own Rebate Agreement.  Par is not required to respond to the allegations in Paragraph 122 of the Complaint that relate to other defendants.

123.    Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 123 of the Complaint, and on that basis

denies them.  Par states that 42 U.S.C. § 1396r-8(b)(3)(D) speaks for itself.  The remaining allegations in Paragraph 123 of the Complaint state legal conclusions to which a response is not required.

124.    The allegations in Paragraph 124 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 124 of the Complaint, and on that basis denies them.  The remaining allegations in Paragraph 124 of the Complaint state legal conclusions to which a response is not required.

125.    The allegations in Paragraph 125 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par states that 42 U.S.C. § 1396r-8(b)(3)(C)(ii) speaks for itself.

126.    The allegations in Paragraph 126 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par denies the allegations in Paragraph 126 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 126 of the Complaint that relate to other defendants.

127.    The allegations in Paragraph 127 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par denies the allegations in Paragraph 127 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 127 of the Complaint that relate to other defendants.

128.     The allegations in Paragraph 128 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par states that the Model Rebate Agreement speaks for itself.  Par denies the allegations in Paragraph 128 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 128 of the Complaint that relate to other defendants.

129.     The allegations in Paragraph 129 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  Moreover, the allegations in Paragraph 129 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

130.     The allegations in Paragraph 130 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  Moreover, the allegations in Paragraph 130 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

131.     The allegations in Paragraph 131 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par states that 42 U.S.C. § 1396r-8(c)(1)(C)(ii)(III) speaks for itself.  The remaining allegations in Paragraph 131 of the Complaint state legal conclusions to which a response is not required.

132.     The allegations in Paragraph 132 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  Moreover, the allegations in Paragraph 132 of the Complaint do not require a response from Par because they relate exclusively to other defendants.

133.    Par denies the allegations in Paragraph 133 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 133 of the Complaint that relate to other defendants.

134.    Par states that George M. Reeb's December 7, 2004 testimony to the House Energy and Commerce Committee speaks for itself.  Par denies the allegations in Paragraph 134 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 134 of the Complaint that relate to other defendants.

135.    Par denies the allegations in Paragraph 135 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 135 of the Complaint that relate to other defendants.

136.    Par admits that it considers certain pricing information relating to its drugs as proprietary and takes certain measures that seek to restrict the access that competing drug manufacturers may have to Par's proprietary information.  Except as thus expressly admitted, Par denies the allegations in Paragraph 136 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 136 of the Complaint that relate to other defendants.

137.    Par admits that different customers may receive different prices for certain of Par's drugs, depending on the specific terms and conditions of sale negotiated between Par and each of its different customers.  Except as thus expressly admitted, Par denies the allegations in Paragraph 137 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 137 of the Complaint that relate to other defendants.

138.    Par states that Patrick J. O'Connell's testimony to the Senate Finance Committee speaks for itself.  Par denies the allegations in Paragraph 138 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 138 of the Complaint that relate to other defendants.

139.    The allegations in Paragraph 139 of the Complaint do not require a response from Par because they relate exclusively to another defendant.

140.    Par denies the allegations in Paragraph 140 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 140 of the Complaint that relate to other defendants.

141.    Par denies the allegations in Paragraph 141 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 141 of the Complaint that relate to other defendants.

142.    The allegations in Paragraph 142 of the Complaint do not require a response from Par because they relate exclusively to another defendant.

143.    Par denies that it engaged in any fraudulent conduct and denies the allegations in Paragraph 143 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 143 of the Complaint that relate to other defendants. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143 of the Complaint, and on that basis denies them.

144.    Par denies that it engaged in any unlawful conduct and denies the allegations in the fourth and fifth sentences of Paragraph 144 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 144 of the Complaint that relate to other defendants. Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144 of the Complaint, and on that basis denies them.

145.    Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Complaint, and on that basis denies them.

146.    Par denies that it "caus[ed] false prices to be published" and denies the allegations in the first sentence of Paragraph 146 of the Complaint as they relate to Par. Par is not required

to respond to the allegations in the first sentence of Paragraph 146 of the Complaint that relate to other defendants.  The remaining allegations in the first sentence of Paragraph 146 of the Complaint state legal conclusions to which a response is not required.  Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 146 of the Complaint, and on that basis denies them.

147.    The allegations in the fourth sentence of Paragraph 147 of the Complaint state legal conclusions to which a response is not required.  Par denies the remaining allegations in Paragraph 147 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 147 of the Complaint that relate to other defendants.

148.    The allegations in the third sentence of Paragraph 148 of the Complaint state legal conclusions to which a response is not required.  Par denies the remaining allegations in Paragraph 148 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 148 of the Complaint that relate to other defendants.

149.    Par denies the allegations in Paragraph 149 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 149 of the Complaint that relate to other defendants.

150.    Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 150 of the Complaint, and on that basis denies them.  Par denies the remaining allegations in Paragraph 150 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 150 of the Complaint that relate to other defendants.

151.    The allegations in Paragraph 151 of the Complaint do not require a response from Par because they relate exclusively to another defendant.

152.     Par states that Mark Jones' testimony to the House Energy and Commerce Committee speaks for itself.  Par denies the allegations in Paragraph 152 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 152 of the Complaint that relate to other defendants.

153.     Par denies the allegations in Paragraph 153 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 153 of the Complaint that relate to other defendants.

154.     Par denies the allegations in Paragraph 154 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 154 of the Complaint that relate to other defendants.

155.     Par states that the report issued in April 2003 by the HHS OIG, entitled "Compliance Program Guidance for Pharmaceutical Manufacturers," speaks for itself.  Par denies the remaining allegations in Paragraph 155 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 155 of the Complaint that relate to other defendants.

156.     Par denies the allegations in Paragraph 156 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 156 of the Complaint that relate to other defendants.

157.     Par states that the report issued in April 2003 by the HHS OIG, entitled "Compliance Program Guidance for Pharmaceutical Manufacturers," speaks for itself.

158.     To the extent that the allegations in Paragraph 158 of the Complaint state legal conclusions, a response is not required.  Par denies the remaining allegations in Paragraph 158 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 158 of the Complaint that relate to other defendants.

159.     Par admits that it participates in the federal Medicaid Rebate Program through which Iowa Medicaid is under certain obligations to reimburse providers who dispense Par drugs to qualified Medicaid beneficiaries.  Except as thus expressly admitted, Par denies the allegations in Paragraph 159 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 159 of the Complaint that relate to other defendants.

160.     Par admits that it participates in the federal Medicaid Rebate Program through which Iowa Medicaid is under certain obligations to reimburse providers who dispense Par drugs to qualified Medicaid beneficiaries.  Except as thus expressly admitted, Par denies the allegations in Paragraph 160 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 160 of the Complaint that relate to other defendants.

161.     Par denies the allegations in Paragraph 161 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 161 of the Complaint that relate to other defendants.

162.     Par denies the allegations in Paragraph 162 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 162 of the Complaint that relate to other defendants.

163.     To the extent that the allegations in Paragraph 163 of the Complaint state legal conclusions, a response is not required.  Par denies the remaining allegations in Paragraph 163 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 163 of the Complaint that relate to other defendants.

164.     The allegations in the first sentence of Paragraph 164 of the Complaint state legal conclusions to which a response is not required.  Par denies the remaining allegations in Paragraph 164 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 164 of the Complaint that relate to other defendants.

165.    Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Complaint, and on that basis denies them.

166.    To the extent that the allegations in Paragraph 166 of the Complaint state legal conclusions, a response is not required.  Par denies the remaining allegations in Paragraph 166 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 166 of the Complaint that relate to other defendants.

167.    Par denies that it engaged in any "fraudulent scheme."  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167 of the Complaint, and on that basis denies them.

168.    Par denies the allegations in Paragraph 168 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 168 of the Complaint that relate to other defendants.

169.    Par denies the allegations in Paragraph 169 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 169 of the Complaint that relate to other defendants.

170.    Par denies the allegations in Paragraph 170 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 170 of the Complaint that relate to other defendants.

171.    Par denies that it published any false prices.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171 of the Complaint, and on that basis denies them.

172.    Par admits that attached to the Complaint as Exhibit B is a series of charts that purport to contain examples of the defendants' drugs and to identify, among other things, the NDC, drug name, and certain pricing information with respect to those drugs.  Par states that

Exhibit B speaks for itself.  Par denies the allegations in Exhibit B as they relate to Par.  Par is not required to respond to the allegations in Exhibit B that relate to other defendants.

173.    Par states that Exhibit B to the Complaint speaks for itself.  Par denies the allegations in Paragraph 173 of the Complaint and Exhibit B to the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 173 of the Complaint and Exhibit B to the Complaint that relate to other defendants.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 173 of the Complaint, and on that basis denies them.

174.    Par states that Exhibit B to the Complaint speaks for itself.  Par denies the allegations in Paragraph 174 of the Complaint and Exhibit B to the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 174 of the Complaint and Exhibit B to the Complaint that relate to other defendants.

175.    Par states that Exhibit B to the Complaint speaks for itself.

176.    Par denies the allegations in Paragraph 176 of the Complaint and Exhibit B to the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 176 of the Complaint and Exhibit B to the Complaint that relate to other defendants.

177.    Par states that Exhibit B to the Complaint speaks for itself.  Par denies the allegations in Paragraph 177 of the Complaint and Exhibit B to the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 177 of the Complaint and Exhibit B to the Complaint that relate to other defendants.

178.    Par states that Plaintiff's defendant-specific allegations speak for themselves.

179.    Par denies the allegations in Paragraph 179 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 179 of the Complaint that relate to other defendants.

180.    Par admits that attached to the Complaint as Exhibit A is a chart that purports to summarize Plaintiff's claims against the defendants.  Par denies the allegations in Paragraph 180 of the Complaint and Exhibit A to the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 180 of the Complaint or Exhibit A to the Complaint that relate to other defendants.

181–481.  The allegations in Paragraphs 181–481 of the Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

482.    Par admits that Plaintiff purports to bring this action as alleged in Paragraph 482 of the Complaint.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 482 of the Complaint, and on that basis denies them.

483.    Par denies the allegations in Paragraph 483 of the Complaint.

484.    Par admits the allegations in the first sentence of Paragraph 484 of the Complaint.  Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 484 of the Complaint, and on that basis denies them.  Par denies the remaining allegations in Paragraph 484 of the Complaint.

485.    Par admits that Alabama, Alaska, Hawaii, Idaho, Illinois, Kentucky, Massachusetts, Mississippi, South Carolina, the City of New York, and forty-two counties within the State of New York have also filed lawsuits against numerous pharmaceutical manufacturers, including Par.  Par denies that it engaged in any wrongful conduct and denies the remaining allegations in Paragraph 485 of the Complaint.

486.    Par states that the Form 10-K it filed with the Securities and Exchange Commission on March 15, 2004 speaks for itself.

487.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 487 of the Complaint, and on that basis denies them.

488–613.  The allegations in Paragraphs 488–613 of the Complaint do not require a response from Par because their allegations relate exclusively to other defendants.

614.     Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 614 of the Complaint, and on that basis denies them.  Par denies the remaining allegations in Paragraph 614 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 614 of the Complaint that relate to other defendants.

615.     Par denies the allegations in Paragraph 615 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 615 of the Complaint that relate to other defendants.

616.     Par admits that Plaintiff purports to bring this action as alleged in the first sentence of Paragraph 616 of the Complaint.  Par denies the remaining allegations in Paragraph 616 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 616 of the Complaint that relate to other defendants.

617.     Par denies the allegations in Paragraph 617 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 617 of the Complaint that relate to other defendants.

618.     Par denies the allegations in Paragraph 618 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 618 of the Complaint that relate to other defendants.

619.     Par denies the allegations in Paragraph 619 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 619 of the Complaint that relate to other defendants.

620.     Par denies the allegations in Paragraph 620 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 620 of the Complaint that relate to other defendants.

621.     Par denies the allegations in Paragraph 621 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 621 of the Complaint that relate to other defendants.

622.     The allegations in Paragraph 622 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par denies the allegations in Paragraph 622 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 622 of the Complaint that relate to other defendants.

623.     The allegations in Paragraph 623 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par denies the allegations in Paragraph 623 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 623 of the Complaint that relate to other defendants.

624.     The allegations in Paragraph 624 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par denies the allegations in Paragraph 624 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 624 of the Complaint that relate to other defendants.

625.     The allegations in Paragraph 625 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par denies the allegations in Paragraph 625 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 625 of the Complaint that relate to other defendants.

626.     Par denies the allegations in Paragraph 626 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 626 of the Complaint that relate to other defendants.

627.     Par denies the allegations in Paragraph 627 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 627 of the Complaint that relate to other defendants.

628.     Par denies the allegations in Paragraph 628 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 628 of the Complaint that relate to other defendants.

629.     Par denies the allegations in Paragraph 629 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 629 of the Complaint that relate to other defendants.

630.     Par states that Barbara Ryan's statement in *The Pink Sheet* 2004/2005 Almanac speaks for itself.

631.     Par denies the allegations in the first sentence of Paragraph 631 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 631 of the Complaint that relate to other defendants.  Par is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence and the allegations in the second sentence of Paragraph 631 of the Complaint, and on that basis denies them.  The

remaining allegations in Paragraph 631 of the Complaint state legal conclusions to which a response is not required.

632.    The allegations in Paragraph 632 of the Complaint state legal conclusions to which a response is not required.  To the extent a response may be required, Par denies the allegations in Paragraph 632 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 632 of the Complaint that relate to other defendants.

## COUNT I

633.    Par incorporates its responses to the allegations in Paragraphs 1–632 as if fully set forth herein.

634.    The allegations in Paragraph 634 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par admits the allegations in Paragraph 634 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 634 of the Complaint that relate to other defendants.

635.    The allegations in Paragraph 635 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par admits that it entered into a rebate agreement with the Medicaid program and states that the rebate agreement and 42 U.S.C. § 1396r-8 speak for themselves.  The remaining allegations in Paragraph 635 of the Complaint state legal conclusions to which a response is not required.

636.    The allegations in Paragraph 636 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par denies the allegations in Paragraph 636 of the

Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 636 of the Complaint that relate to other defendants.

637.    The allegations in Paragraph 637 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court. Moreover, the allegations in Paragraph 637 of the Complaint state legal conclusions to which a response is not required.  To the extent that a response may be required, Par denies the allegations in Paragraph 637 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 637 of the Complaint that relate to other defendants.

638.    The allegations in Paragraph 638 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par denies the allegations in Paragraph 638 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 638 of the Complaint that relate to other defendants.

639.    The allegations in Paragraph 639 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par denies the allegations in Paragraph 639 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 639 of the Complaint that relate to other defendants.

640.    The allegations in Paragraph 640 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par denies the allegations in Paragraph 640 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 640 of the Complaint that relate to other defendants.

641.    The allegations in Paragraph 641 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court. Moreover, the allegations in Paragraph 641 of the Complaint state legal conclusions to which a response is not required.

642.    The allegations in Paragraph 642 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court. Moreover, the allegations in Paragraph 642 of the Complaint state legal conclusions to which a response is not required.

## COUNT II

643.    Par incorporates its responses to the allegations in Paragraphs 1–642 as if fully set forth herein.

644.    Par admits that it entered into a rebate agreement with the Secretary of HHS and states that the rebate agreement and 42 U.S.C. § 1396r-8 speak for themselves.  The remaining allegations in Paragraph 644 of the Complaint state legal conclusions to which a response is not required.

645.    Par states that its rebate agreement speaks for itself.

646.    Par states that 42 U.S.C. § 1396a(a)(25)(A) speaks for itself.

647.    Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 647 of the Complaint, and on that basis denies them.

648.    The allegations in Paragraph 648 of the Complaint state legal conclusions to which a response is not required.  To the extent a response may be required, Par states that the Model Rebate Agreement speaks for itself.

649.    The allegations in Paragraph 649 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the

extent that a response may be required, Par denies the allegations in Paragraph 649 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 649 of the Complaint that relate to other defendants.

650.     The allegations in Paragraph 650 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  To the extent that a response may be required, Par denies the allegations in Paragraph 650 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 650 of the Complaint that relate to other defendants.

651.     The allegations in Paragraph 651 of the Complaint require no response on the ground that Plaintiff's federal Medicaid rebate claims have been dismissed by the Court.  Moreover, the allegations in Paragraph 651 of the Complaint state legal conclusions to which a response is not required.  To the extent a response may be required, Par denies the allegations in Paragraph 651 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 651 of the Complaint that relate to other defendants.

**COUNT III**

652.     Par incorporates its responses to the allegations in Paragraphs 1–651 as if fully set forth herein.

653.     The allegations in Paragraph 653 of the Complaint state legal conclusions to which a response is not required.  To the extent a response may be required, Par denies the allegations in Paragraph 653 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 653 of the Complaint that relate to other defendants.

654.     The allegations in Paragraph 654 of the Complaint state legal conclusions to which a response is not required.  To the extent a response may be required, Par denies the

allegations in Paragraph 654 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 654 of the Complaint that relate to other defendants.

655.    The allegations in Paragraph 655 of the Complaint state legal conclusions to which a response is not required.  To the extent a response may be required, Par denies the allegations in Paragraph 655 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 655 of the Complaint that relate to other defendants.

656.    The allegations in Paragraph 656 of the Complaint state legal conclusions to which a response is not required.  To the extent a response may be required, Par states that Iowa Code § 714.16 speaks for itself.

657.    Par denies that Plaintiff is entitled to any relief.

## COUNT IV

658.    Par incorporates its responses to the allegations in Paragraphs 1–657 as if fully set forth herein.

659.    The allegations in Paragraph 659 of the Complaint state legal conclusions to which a response is not required.  To the extent a response may be required, Par denies the allegations in Paragraph 659 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 659 of the Complaint that relate to other defendants.

660.    The allegations in Paragraph 660 of the Complaint state legal conclusions to which a response is not required.  To the extent a response may be required, Par denies the allegations in Paragraph 660 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 660 of the Complaint that relate to other defendants.

661.    Par denies the allegations in Paragraph 661 of the Complaint as they relate to Par. Par is not required to respond to the allegations in Paragraph 661 of the Complaint that relate to other defendants.

662.     The allegations in Paragraph 662 of the Complaint state legal conclusions to which a response is not required.  To the extent a response may be required, Par denies the allegations in Paragraph 662 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 662 of the Complaint that relate to other defendants.

**COUNT V**

663.     Par incorporates its responses to the allegations in Paragraphs 1–662 as if fully set forth herein.

664.     The allegations in Paragraph 664 of the Complaint state legal conclusions to which a response is not required.  To the extent a response may be required, Par denies the allegations in Paragraph 664 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 664 of the Complaint that relate to other defendants.

665.     The allegations in Paragraph 665 of the Complaint state legal conclusions to which a response is not required.  To the extent a response may be required, Par denies the allegations in Paragraph 665 of the Complaint as they relate to Par.  Par is not required to respond to the allegations in Paragraph 665 of the Complaint that relate to other defendants.

666.     Par denies that Plaintiff is entitled to any relief.

\* \* \*

667–675.     Par denies that Plaintiff is entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 667–675 of the Complaint.

\* \* \*

Par denies all allegations in the Complaint (including headings) not specifically admitted above.

\* \* \*

Par sets forth the following affirmative and other defenses.  Par does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden.  Par reserves the right to assert in the future such other and further defenses as may become available or apparent during pretrial proceedings.

### FIRST DEFENSE

The State fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The State's claims are barred by the doctrines of unclean hands, estoppel, ratification, and waiver.

### THIRD DEFENSE

The State's claims are barred because of the failure to join indispensable parties.

### FOURTH DEFENSE

The State's claims are barred in whole or in part by the defense of laches.

### FIFTH DEFENSE

The State's claims are barred by the failure to exhaust applicable administrative remedies.

### SIXTH DEFENSE

The State's claims are barred in whole or in part by the applicable statute(s) of limitations.

### SEVENTH DEFENSE

The State's claims are barred by the failure to mitigate damages.

### EIGHTH DEFENSE

The State's claims are barred in whole or in part by the failure to comply with applicable statutes and regulations.

## NINTH DEFENSE

The State's claims are preempted in whole or in part by federal law.

## TENTH DEFENSE

The State's claims are barred because they require resolution of a nonjusticiable controversy.

## ELEVENTH DEFENSE

The State fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## TWELFTH DEFENSE

The State's claims are barred in whole or in part because the amounts claimed as damages were voluntary payments by the State.

## THIRTEENTH DEFENSE

Par pleads all procedural and substantive limitations to the imposition of punitive damages.

## FOURTEENTH DEFENSE

The imposition of punitive damages violates the excessive fines provisions and Due Process and Equal Protection Clauses of the United States Constitution and the Constitution, common law, and public policies of the State of Iowa.

## FIFTEENTH DEFENSE

Should Par be held liable to the State, which liability is specifically denied, applicable statutory ceilings on recoverable damages must limit any damages recovered by the State from Par.

## SIXTEENTH DEFENSE

Should Par be held liable to the State, which liability is specifically denied, Par is entitled to a set off in an amount to be determined by the trier of fact.

## SEVENTEENTH DEFENSE

The State lacks standing or capacity to bring some or all of the claims asserted.

## EIGHTEENTH DEFENSE

The State's claims against Par are misjoined with the State's claims against other defendants and must be severed.

## NINETEENTH DEFENSE

The State's claims against Par are barred in whole or in part because it has suffered no damages as a result of the matters alleged in the Complaint.

## TWENTIETH DEFENSE

Par's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by the State.

## TWENTY-FIRST DEFENSE

The State's claims are barred in whole or in part by the filed rate doctrine.

## TWENTY-SECOND DEFENSE

The State's claims against Par are barred, in whole or in part, because any injuries sustained by the State were the result of its own conduct or the intervening or superseding conduct of third parties.

## TWENTY-THIRD DEFENSE

The comparative negligence or responsibility of all parties causing or contributing to the State's damages, if any, should be compared and the State's damages reduced in proportion to its own responsibility therefore.  Further, to the extent that the State's negligence or

responsibility for its own damages equals or exceeds that of Par, the State should have no recovery from Par.

## TWENTY-FOURTH DEFENSE

The claims alleged herein, based on the facts alleged, are barred in whole or in part by the State's own negligence or gross negligence.

## TWENTY-FIFTH DEFENSE

The State and/or its agents knew and were aware that AWP was not an average wholesale price or the actual acquisition cost of drugs. Legal and equitable principles preclude this action for damages and injunctive relief, and the Due Process Clauses of the U.S. Constitution and the Iowa Constitution preclude the State from bringing claims and seeking damages as alleged in the Complaint.

## TWENTY-SIXTH DEFENSE

Some or all of the State's claims against Par arise from the State's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

## TWENTY-SEVENTH DEFENSE

All actions taken by Par with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## TWENTY-EIGHTH DEFENSE

The State's reimbursement rates for drugs for Medicaid recipients were filed with, reviewed by, and approved by a federal regulatory agency with authority to do so under the Medicaid Act. Actions brought pursuant to state law seeking relief, including alleged damages, contending that rates approved by a federal regulatory agency do not apply or are not binding

are, as the United States Supreme Court directed, precluded by the Supremacy Clause.  This action is barred by the Supremacy Clause of the United States Constitution.

### TWENTY-NINTH DEFENSE

The State's claims are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

### THIRTIETH DEFENSE

The State's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Medicare Act and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### THIRTY-FIRST DEFENSE

The State's claims against Par are barred because Par has complied with all applicable regulations of the federal and state governments.

### THIRTY-SECOND DEFENSE

To the extent that the State obtains, or is barred from, recovery in any other case predicated on the same factual allegations, the State is barred from seeking recovery against Par based on the Complaint pursuant to the doctrines of claim preclusion and issue preclusion.

### THIRTY-THIRD DEFENSE

The Attorney General may lack authorization to bring this action on behalf of the State.

### THIRTY-FOURTH DEFENSE

To the extent that the State attempts to seek equitable relief against Par, the State is not entitled to such relief because the State has an adequate remedy at law.

### THIRTY-FIFTH DEFENSE

The State did not rely on the allegedly fraudulent statements or representations of Par.

### THIRTY-SIXTH DEFENSE

Any alleged misconduct by Par was not a substantial factor in the State's purchase or reimbursement of any prescription medications.

### THIRTY-SEVENTH DEFENSE

The State's claims against Par for damages are barred, in whole or in part, because such damages are speculative and remote.

### THIRTY-EIGHTH DEFENSE

The State's unjust enrichment claims are barred, in whole or in part, because Par did not collect or retain any money belonging to the State as a result of any alleged overpayments.

### THIRTY-NINTH DEFENSE

The State's unjust enrichment claims are barred because Par has not accepted or retained any benefits under circumstances where it would be inequitable for Par to do so.

### FORTIETH DEFENSE

The State's claims against Par for damages are barred, in whole or in part, because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### FORTY-FIRST DEFENSE

The State's claims are barred, in whole or in part, to the extent that the State has released, settled, entered into an accord and satisfaction, or otherwise compromised its claims.

### FORTY-SECOND DEFENSE

The State's claims are barred, in whole or in part, because they violate Par's rights under the Due Process and Ex Post Facto clauses of the United States Constitution and Iowa Constitution, insofar as the State seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### FORTY-THIRD DEFENSE

The State's claims against Par are barred in whole or in part by the existence and terms of the written rebate agreement between Par and the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and all certain States, including Iowa, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in Section XI of this Agreement," which was entered into pursuant to 42 U.S.C. § 1369r-8.

### FORTY-FOURTH DEFENSE

The State's claims against Par are barred in whole or in part by the State's quarterly receipt of data, known as Unit Rebate Amounts ("URAs"), which were derived from pricing data provided by Par to the Centers for Medicare and Medicaid Services ("CMS").

### FORTY-FIFTH DEFENSE

The State's claims against Par are barred in whole or in part by the municipal cost recovery rule, which prevents recovery of the cost of public services by claiming that the negligence of a particular defendant caused a governmental unit to provide such services.

### FORTY-SIXTH DEFENSE

The State's claims are barred in whole or in part with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed

in whole or in part by a person and/or entity that purchased the medicine directly, and/or by an intermediate indirect purchaser, and was not passed through to the State.

<strong><u>FORTY-SEVENTH DEFENSE</u></strong>

The State's claims are barred, in whole or in part, because the State is not a consumer within the meaning of the Iowa Consumer Fraud Act.

<strong><u>FORTY-EIGHTH DEFENSE</u></strong>

The State's claims are barred, in whole or in part, because Plaintiff is not a person within the meaning of the Iowa Consumer Fraud Act.

<strong><u>FORTY-NINTH DEFENSE</u></strong>

Par denies that the State has a valid consumer protection claim against Par under the Iowa Consumer Fraud Act.  However, if such claim is found to exist, Par pleads all available defenses under the Act.

<strong><u>FIFTIETH DEFENSE</u></strong>

Par incorporates, by reference, any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

<strong><u>FIFTY-FIRST DEFENSE</u></strong>

Par intends to rely upon any other and additional defense that is now or may become available or appear during, or as the result of, the discovery proceedings in this action or any developments in constitutional, statutory, administrative, regulatory, or decisional law, and hereby reserves its right to amend its Answer to assert such defense.

* * *

WHEREFORE, Par prays that this Court: (1) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Par against Plaintiff; (2) award Par its costs and expenses; and (3) award such other and further relief as the Court may deem just and proper.

- 42 -

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ Paul K. Dueffert
Paul K. Dueffert (*pro hac vice*)
Andrew T. Boone (*pro hac vice*)
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

AHLERS & COONEY P.C.

By: /s/ David H. Luginbill
David H. Luginbill
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone:  (515) 243-7611
Facsimile:  (515) 243-2149

Dated:  September 18, 2008

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on September 18, 2008, a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. to the State of Iowa's Complaint was served on all counsel of record by sending a copy to Lexis-Nexis File & Serve for posting and notification to all parties.


_____/s/ Andrew T. Boone_____
Andrew T. Boone