# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

IN RE:  PHARMACEUTICAL
INDUSTRY AVERAGE WHOLESALE
PRICE LITIGATION

MDL No. 1456
Master File No.: 01-CV-12257-PBS
(original S. D. Iowa No. 4:07-cv-
00461-JAJ-CFB)

THIS DOCUMENT RELATES TO:
*State of Iowa v. Abbott Laboratories, et al.*

Judge Patti B. Saris

## ANSWER AND AFFIRMATIVE DEFENSES OF
## ALPHARMA INC. TO THE STATE OF IOWA'S COMPLAINT

Defendant Alpharma Inc. ("Alpharma"), by and through its attorneys, hereby

states as an Answer and Affirmative Defenses to the State of Iowa's Complaint, dated

October 9, 2007, as follows:

## PRELIMINARY STATEMENT

The State of Iowa's Complaint (the "Complaint") improperly refers to Alpharma,

other Defendants, and third parties on a collective basis, failing to plead with requisite

particularity allegations against Alpharma.  This is insufficient to apprise Alpharma of

the allegations asserted against it.  Alpharma has nevertheless attempted to respond to

Plaintiff's allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct or

actions of other persons or entities, Alpharma is generally without knowledge or

information sufficient to form a belief as to the truth of those allegations.  Alpharma

states that it is answering Plaintiff's allegations solely on behalf of itself, even when

Plaintiff's allegations refer to alleged conduct by Alpharma and other persons or entities.

The Complaint also contains purported quotations from a number of sources.  In answering allegations consisting of quotations, Alpharma's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or Alpharma's reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

Alpharma denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole.  In addition, Alpharma specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.  For ease of reference, Alpharma has included in this Answer and Affirmative Defenses certain captions used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, those captions.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## SPECIFIC RESPONSES

1. Alpharma admits that the State of Iowa (the "State") seeks to bring this action as alleged in Paragraph 1 of the Complaint, but Alpharma denies that there is any basis for the State to do so and denies that the State is entitled to any relief.

2. To the extent the allegations in Paragraph 2 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it "purposefully report[s] false

and inflated price information." To the extent the allegations in Paragraph 2 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

3-4. To the extent the allegations in Paragraphs 3-4 are directed at Alpharma, Alpharma denies them. Alpharma specifically denies that it submits "false and inflated pricing information in order to 'create a spread.'" Alpharma further denies the characterization of "spread" in Paragraphs 3-4. To the extent the allegations in Paragraphs 3-4 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

5. Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. To the extent the allegations in Paragraph 6 are directed at Alpharma, Alpharma denies them. Alpharma specifically denies that it "purposefully manipulate[s] a market that, by defendants' own design, is extremely complicated and non-transparent." To the extent the allegations in Paragraph 6 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

7-8. Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7-8.

9. To the extent the allegations in Paragraph 9 are directed at Alpharma, Alpharma denies them. Alpharma specifically denies that it engages in any "unlawful price reporting activity [that] infects all four [pricing] benchmarks and renders each of them false and inflated." To the extent the allegations in Paragraph 9 are directed at

parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

10.     Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.  To the extent the allegations in Paragraph 10 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

11.     To the extent the allegations in Paragraph 11 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraph 11 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

12.     To the extent the allegations in Paragraph 12 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it engages in "unlawful pricing schemes," the "manipulation of the Medicaid program" or the "improper reporting of false and inflated pricing information" resulting in "overcharges . . . to the Iowa Medicaid Program."  To the extent the allegations in Paragraph 12 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

13.     To the extent the allegations in Paragraph 13 are directed at Alpharma, Alpharma denies them.   Alpharma specifically denies that it engages in "wrongful practices" that have a "pernicious . . . effect on the public fisc."  To the extent the allegations in Paragraph 13 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

14-15.   To the extent the allegations in Paragraphs 14-15 are directed to Alpharma, Alpharma denies them. Specifically, Alpharma denies that it "participated" in the Iowa Medicaid program or sought "to be paid from the public fisc." To the extent the allegations in Paragraphs 14-15 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 14-15 refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied.

16.   To the extent the allegations in Paragraph 16 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it "intentionally report[s] false prices to the government."  To the extent the allegations in Paragraph 16 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

17.   To the extent the allegations in Paragraph 17 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it engages in "fraudulent, unfair and deceptive practices."  To the extent the allegations in Paragraph 17 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

18.   Alpharma admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability to Plaintiff with respect to any such NDCs.  To the extent the allegations in Paragraph 18 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

19.     Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.  To the extent the allegations in Paragraph 19 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

20.     To the extent that the allegations in Paragraph 20 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraph 20 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

21.     To the extent that the allegations in Paragraph 21 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraph 21 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

22.     Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 22.

23.     (a) Alpharma admits that it is a Delaware corporation.  Alpharma denies that it manufactures or sells pharmaceuticals.  Alpharma further denies that its principal place of business is One Executive Drive, Fort Lee, NJ 07024.  Alpharma states that its principal place of business is 440 Route 22 East Bridgewater, New Jersey USA 08807; (b) Alpharma denies that Purepac Pharmaceutical Co. ("Purepac"), is a wholly-owned subsidiary of Alpharma.  Alpharma admits that it directly or indirectly acquired Purepac in or around December 2001.  Alpharma lacks knowledge or information sufficient to form a belief as to the remainder or subparagraph 23(b).

24-58.  The allegations in Paragraphs 24-58 are directed to other Defendants and require no response from Alpharma.  To the extent a response is deemed to be required, Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 24-58.

59.  Alpharma admits that the State seeks to bring this action as alleged in Paragraph 59, but Alpharma lacks there is any basis for the State to do so and denies that the State is entitled to any relief.

60-61.  Paragraphs 60-61 state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Alpharma denies the allegations in Paragraphs 60-61, and notes that this captioned matter has been transferred to this Court by the Judicial Panel on Multi District Litigation, pursuant to 28 U.S.C. § 1407.

62.  With respect to the allegations in Paragraph 62, Alpharma admits that Medicaid was established by Title XIX of the Social Security Act.  Alpharma further states that the provisions of Title XIX speak for themselves, and any characterizations thereof are denied.

63.  Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, except Alpharma admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in Paragraph 63 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

64-65.  Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 64-65.  To the extent the allegations in Paragraphs 64-65 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

66.     Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, except admits that national drug codes are assigned to prescription drugs.

67.     To the extent the allegations in Paragraph 67 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Alpharma otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.  To the extent the allegations in Paragraph 68 refer to an OIG report, the report speaks for itself, and any characterizations thereof are denied.

69.     Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.  To the extent the allegations in Paragraph 69 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

70.     Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71-72.  To the extent the allegations in Paragraphs 71-72 are directed at Alpharma, Alpharma lacks them.  Alpharma further states that for years, and at all times

relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 71-72 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

73-80.  Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 73-80 or their subsections.  To the extent the allegations in Paragraphs 73-80 or their subsections refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

81.  Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, except that it admits that pricing compendia such as First DataBank and Medi-Span publish AWPs and FULs, and denies that Alpharma has any control over such prices.

82.  To the extent the allegations in Paragraph 82 are directed at Alpharma, Alpharma lacks them.  Alpharma specifically denies that it "purposefully and fraudulently conceal[s]" the "true prices" of its drugs by "claiming they are proprietary trade secrets."  To the extent the allegations in Paragraph 82 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

83.  Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.  To the extent the allegations in Paragraph 84 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it "fraudulently

misrepresent[s]" its true prices or that it reports "false and inflated prices." To the extent the allegations in Paragraph 84 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

85. To the extent the allegations in Paragraph 85 are directed at Alpharma, Alpharma denies them, except that Alpharma admits that Exhibit A purports to identify total expenditures, but incorrectly and improperly considers Alpharma and Purepac as "Alpharma." Alpharma specifically denies any "unfair practices, deception, and fraud." To the extent the allegations in Paragraph 85 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

86. To the extent the allegations in Paragraph 86 are directed at Alpharma, Alpharma denies them. Alpharma specifically denies conducting any "fraudulent practices." To the extent the allegations in Paragraph 86 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

87-89. To the extent the allegations in Paragraphs 87-89 are directed at Alpharma, Alpharma denies them. Alpharma specifically denies that it reports "false and inflated" "WACs or WAC equivalents." To the extent the allegations in Paragraphs 87-89 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

90-92. To the extent the allegations in Paragraphs 90-92 are directed at Alpharma, Alpharma denies them. Alpharma further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia. To the extent the allegations in

Paragraphs 90-92 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

93-98.   To the extent the allegations in Paragraphs 93-98 are directed at Alpharma, Alpharma denies them.   Alpharma denies that it has provided the list price of any drugs to certain industry pricing.   Alpharma specifically denies that it "either report[s] or caused to be reported false and inflated AWPs," "false WAC or WAC equivalents," or that Alpharma "alone control[s] the false and inflated AWPs that are published for [its] drugs."   Alpharma further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.   To the extent the allegations in Paragraphs 93-98 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

99.   Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.   To the extent the allegations in Paragraph 100 are directed at Alpharma, Alpharma denies them.   To the extent the allegations in Paragraph 100 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

101.   To the extent the allegations in Paragraph 101 or the exhibit referenced therein are directed at Alpharma, Alpharma denies them.   To the extent the allegations in Paragraph 101 or the exhibit referenced therein are directed at parties other than

Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

102-108.   The allegations in Paragraphs 102-108 require no response from Alpharma on the grounds that Exhibit B does not purport to name any Alpharma drugs subject to the FUL.  To the extent the allegations in Paragraphs 102-108 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

109.   The allegations in Paragraph 109 require no response from Alpharma on the grounds that the Iowa SMAC claims have been dismissed by the Court.

110-128.   To the extent the allegations in Paragraphs 110-128 are directed at Alpharma, Alpharma denies them.  Alpharma further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Alpharma.  In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 110-128 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 110-128 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

129-132.   To the extent the allegations in Paragraphs 129-132 are directed at Alpharma, Alpharma denies them, and further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Alpharma.  To the extent the allegations in Paragraphs 129-132 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.  To the extent

the allegations in Paragraphs 129-132 refer to statutes, regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

133.    To the extent the allegations in Paragraph 133 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it has participated in any "pricing scheme . . . by exacerbating the complexities of the  . . .  drug market."  To the extent the allegations in Paragraph 133 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

134.    To the extent the allegations in Paragraph 134 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it "purposefully conceal[s its] true prices."  To the extent the allegations in Paragraph 134 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 134 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

135.    To the extent the allegations in Paragraph 135 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraph 135 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

136.    To the extent the allegations in Paragraph 136 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraph 136 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

137.    To the extent the allegations in Paragraph 137 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it "obscure[s] the true prices for [its] drugs with [its] policy of treating different classes of trade differently."  To the extent the allegations in Paragraph 137 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

138-139.    To the extent the allegations in Paragraphs 138-139 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it "maintain[s] two sets of pricing records:  one with [] inflated prices and another with [] actual prices."  To the extent the allegations in Paragraphs 138-139 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 138-139 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

140-141.    To the extent the allegations in Paragraphs 140-141 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it "hide[s its] real drugs prices by secretly providing free drugs and phony grants" or that it conceals its true prices "to create spreads between actual cost and reimbursement amounts . . . to influence market share."  To the extent the allegations in Paragraphs 140-141 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

142.    To the extent the allegations in Paragraph 142 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraph 142 are directed at

parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

143.     To the extent the allegations in Paragraph 143 are directed at Alpharma, Alpharma denies them.  Alpharma further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraph 143 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

144-145.   To the extent the allegations in Paragraphs 144-145 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it has engaged in any "unlawful and undisclosed manipulation of the price reporting system" or caused the "publication of a false WAC," AWP, or FUL.  To the extent the allegations in Paragraphs 144-145 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

146.     To the extent the allegations in Paragraph 146 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it has "caus[ed] false prices to be published."  To the extent the allegations in Paragraph 146 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

147.     To the extent the allegations in Paragraph 147 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it "submit[s] false and inflated wholesale price information in order to create a spread."  Alpharma further denies the

characterization of "spread" in Paragraph 147.  To the extent the allegations in Paragraph 147 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

148.   To the extent the allegations in Paragraph 148 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it has "corrupted the market for prescription drugs" or has "deliberately sought to create a powerful financial incentive for providers to prescribe drugs based primarily on the spread."  Alpharma further denies the characterization of "spread" in Paragraph 148.  To the extent the allegations in Paragraph 148 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

149-150.   To the extent the allegations in Paragraphs 149-150 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it "market[s its] products based on the spread between reimbursement (based on AWP, WAC, or a WAC equivalent) and actual acquisition cost" or that it "compete[s] on reimbursement and profit rather than cost."  To the extent the allegations in Paragraphs 149-150 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

151-152.   To the extent the allegations in Paragraphs 151-152 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraphs 151-152 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 151-152 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

153-154.   To the extent the allegations in Paragraphs 153-154 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it has "intentionally manipulat[ed] the nation's drug reimbursement system . . . with false and inflated prices." To the extent the allegations in Paragraphs 153-154 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

155-157.   To the extent the allegations in Paragraphs 155-157 are directed at Alpharma, Alpharma denies them.   Alpharma specifically denies that it reports "reimbursement prices . . . to the publishing compendia" or that it engages in "purposeful AWP manipulation."   Alpharma further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.   To the extent the allegations in Paragraphs 155-157 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraphs 155-157 refer to HHS OIG reports, the reports speak for themselves, and any characterizations thereof are denied.

158.   To the extent the allegations in Paragraph 158 are directed at Alpharma, Alpharma lacks them.  Alpharma specifically denies that it reports "price information that . . . does not comply with the HHS OIG's guidelines" by not accounting for various types of discounts.  To the extent the allegations in Paragraph 158 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

159-165.   Alpharma lacks knowledge or information to form a belief as to the truth of the allegations in Paragraphs 159-165.  Alpharma further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average.  To the extent the allegations in Paragraphs 159-165 refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied.

166.   To the extent the allegations in Paragraph 166 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraph 166 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

167-171.   To the extent that the allegations in Paragraphs 167-171 are directed at Alpharma, Alpharma denies them, except Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the "Iowa Medicaid Program spent over $1.6 billion for defendants' drugs between 1992 and 2005 alone." Alpharma specifically denies that it "knowingly interfered with Iowa's ability to reimburse providers at EAC."  To the extent the allegations in Paragraphs 167-171 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

172-177.  With respect to the allegations in Paragraphs 172-177, Alpharma admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  To the extent the remaining

allegations in Paragraphs 172-177 or Exhibit B are directed at Alpharma, Alpharma denies them. Alpharma specifically denies that it "routinely submitted false prices" to pricing compendia. Alpharma further denies the characterization of "spread" in Paragraphs 172-177 and Exhibit B. To the extent the allegations in Paragraphs 172-177 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

178.    To the extent the allegations in Paragraph 178 are directed at Alpharma, Alpharma denies them. To the extent the allegations in Paragraph 178 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

179.    To the extent the allegations in Paragraph 179 are directed at Alpharma, Alpharma denies them. To the extent the allegations in Paragraph 179 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

180.    To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at Alpharma, Alpharma denies them. To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

181-200.  The allegations in Paragraphs 181-200 are directed to other Defendants and require no response from Alpharma. To the extent a response is deemed to be required, Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 181-200.

201.    To the extent the allegations in Paragraph 201 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraph 201 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

202.    To the extent the allegations in Paragraph 202 are directed at Alpharma, Alpharma denies them.  Alpharma specifically denies that it "promote[d]" or sold any drugs.  Alpharma further denies that it "maintain[ed] false and inflated reimbursement prices."  To the extent the allegations in Paragraph 202 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

203.    To the extent the allegations in Paragraph 203 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraph 203 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

204.    To the extent the allegations in Paragraph 204 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraph 204 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

205.    To the extent the allegations in Paragraph 205 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraph 205 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

206-613.  The allegations in Paragraphs 206-613 are directed to other Defendants and require no response from Alpharma.  To the extent Paragraph 585 references Alpharma, the allegations in that paragraph are denied.  To the extent a response is deemed to be required to the remaining paragraphs, Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 206-613.

614-616.  To the extent the allegations in Paragraphs 614-616 are directed at Alpharma, Alpharma denies them, except Alpharma lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Iowa's Medicaid program "spent over $1.6 billion for defendants' drugs in state and federal dollars from 1992 through 2005 alone."  Alpharma specifically denies that it was involved in any "false price reporting scheme" or "misconduct," or that it has been "unjustly enriched."  To the extent the allegations in Paragraphs 614-616 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

617-632.  To the extent the allegations in Paragraphs 617-632 are directed at Alpharma, Alpharma denies them.  Alpharma further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 617-632 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 630 refer to *The Pink Sheet*, that document speaks for itself, and any characterizations thereof are denied.

## COUNT I

## VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. § 1396r-8
## (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

633.     In response to Paragraph 633, Alpharma repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 632.

634-642.   To the extent the allegations in Paragraphs 634-642 are directed at Alpharma, Alpharma states that the Court has dismissed the claim to which these allegations relate.  To the extent that a response is still required, Alpharma denies the allegations as to itself.  To the extent the allegations in Paragraphs 634-642 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

## COUNT II

## BREACH OF CONTRACT

643.     In response to Paragraph 643, Alpharma repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 642.

644-651.   To the extent the allegations in Paragraphs 644-651 are directed at Alpharma, Alpharma states that the Court has dismissed the claim to which these allegations relate.  To the extent that a response is still required, Alpharma lacks the allegations as to itself.  To the extent the allegations in Paragraphs 644-651 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.

## COUNT III

### IOWA CONSUMER FRAUD ACT
### (Iowa Code § 714.16)

652.     In response to Paragraph 652, Alpharma repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 651.

653.     To the extent the allegations in Paragraph 653 and the exhibits referenced therein are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraph 653 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 653 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

654-657.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto refer to statutes, those sources speak for themselves and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto contain legal conclusions, no response is required.

## COUNT IV

## FRAUD

658.   In response to Paragraph 658, Alpharma repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 657.

659-662.  To the extent the allegations in Paragraphs 659-662 and the exhibits referenced therein are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraphs 659-662 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 659-662 refer to Iowa law, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 659-662 contain legal conclusions, no response is required.

## COUNT V

## UNJUST ENRICHMENT

663.   In response to Paragraph 663, Alpharma repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 662.

664-666.  To the extent the allegations in Paragraphs 664-666 are directed at Alpharma, Alpharma denies them.  To the extent the allegations in Paragraphs 664-666 are directed at parties other than Alpharma, Alpharma lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 664-666 contain legal conclusions, no response is required.

667-675. Alpharma denies that the State is entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 667-675 of the Complaint.

**WHEREFORE**, Alpharma demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Alpharma reasserts and incorporates herein by reference the assertions of Paragraphs 1 through 675 hereof.

### First Affirmative Defense

Plaintiff fails to state a claim against Alpharma upon which relief can be granted.

### Second Affirmative Defense

No statements, actions or inaction by Alpharma was the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff because Alpharma never manufactured or marketed any drugs.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because it did not rely on any alleged misrepresentations or fraud by Alpharma.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the state action doctrine.

### Seventh Affirmative Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Prescription Drug, Improvement and Modernization Act of 2003, including all amendments to the same and all regulations promulgated thereunder.

### Eighth Affirmative Defense

Plaintiff's claims against Alpharma are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Ninth Affirmative Defense

Plaintiff has failed to plead with particularity allegations of fraud by Alpharma contained in the Complaint.

### Tenth Affirmative Defense

Plaintiff fails to state with particularity facts to support claims of fraudulent conduct and fraudulent concealment against Alpharma contained in the Complaint.

### Eleventh Affirmative Defense

Plaintiff's claims for fraud and fraudulent concealment are barred because the Plaintiff cannot predicate a claim for fraud on reliance by a third party.

## Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a consumer within the meaning of the Iowa Consumer Fraud Act.

## Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a person within the meaning of the Iowa Consumer Fraud Act.

## Fourteenth Affirmative Defense

Some or all of Plaintiff's claims against Alpharma arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

## Fifteenth Affirmative Defense

Alpharma denies that Plaintiff has a valid consumer protection claim against Alpharma under the Iowa Consumer Fraud Act.  However, if such claim is found to exist, Alpharma pleads all available defenses under the Act.

## Sixteenth Affirmative Defense

To the extent that Plaintiff attempts to seek equitable relief against Alpharma, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

## Seventeenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Nineteenth Affirmative Defense

Plaintiff's claims against Alpharma are barred, in whole or in part, due to their failure to join indispensable parties.

### Twentieth Affirmative Defense

Plaintiff's claims against Alpharma are barred, in whole or in part, because Plaintiff has not suffered damages as a result of the matters alleged in the Complaint.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Alpharma.

### Twenty-Second Affirmative Defense

Plaintiff's claims against Alpharma are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

### Twenty-Third Affirmative Defense

Plaintiff's claims against Alpharma are barred, in whole or in part, because they violate Alpharma's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Iowa Constitution, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims against Alpharma are barred because Plaintiff and/or its agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of pharmaceuticals. Legal and equitable principles preclude this action for damages and injunctive relief.

### Twenty-Fifth Affirmative Defense

The claims alleged herein, based on the facts alleged, are barred in whole or in part by Plaintiff's own negligence or gross negligence and the doctrines of comparative and/or contributory negligence. Among other things, the claims disregard Iowa's obligations under federal law.

### Twenty-Sixth Affirmative Defense

Plaintiff's prayers for relief in the form of restitution are barred, in whole or in part, because Alpharma did not retain any money belonging to Plaintiff as a result of any alleged overpayments.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims against Alpharma are barred because Plaintiff lacks standing or capacity to bring the some or all of the claims asserted against Alpharma under Iowa law.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims against Alpharma are barred in whole or in part by the doctrine of voluntary payment.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims against Alpharma for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirtieth Affirmative Defense

Plaintiff's claims against Alpharma for unjust enrichment are barred because the Complaint does not allege that Defendants received any payment or property from the Plaintiff.

### Thirty-First Affirmative Defense

Plaintiff's claims against Alpharma for injunctive relief against Alpharma are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Second Affirmative Defense

Plaintiff's claims against Alpharma are misjoined with Plaintiff's claims against other Defendants and must be severed.

### Thirty-Third Affirmative Defense

Any damages recovered by the Plaintiff must be limited by any applicable statutory ceiling on recoverable damages.

### Thirty-Fourth Affirmative Defense

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Alpharma (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Alpharma; (3) cannot be sustained because the laws regarding the standards for determining liability for, and the amount of, punitive damages fail to give Alpharma prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Alpharma's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution; and (4) cannot be sustained because any award of

punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Alpharma's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and be improper under the Iowa Constitution and Iowa common law.

### Thirty-Fifth Affirmative Defense

Plaintiff fails to allege facts or a cause of action against Alpharma sufficient to support a claim for prejudgment interest or any other relief.

### Thirty-Sixth Affirmative Defense

Plaintiff has not suffered, and will not suffer, any injuries to a legally protected or cognizable interest by reason of the conduct of Alpharma as alleged in the Complaint.

### Thirty-Seventh Affirmative Defense

Plaintiff's claims against Alpharma are barred because Alpharma has complied with all applicable regulations of the federal and state governments.

### Thirty-Eighth Affirmative Defense

Plaintiff's claims against Alpharma are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of intervening or superseding conduct of third parties.

### Thirty-Ninth Affirmative Defense

Plaintiff's claims against Alpharma are barred, in whole or in part, because Alpharma did not make any false statements to the Plaintiff.  As to any statement asserted against Alpharma that Plaintiff alleges to be false or misleading, Alpharma had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## Fortieth Affirmative Defense

Plaintiff fails to allege facts or a cause of action sufficient to support a claim against Alpharma for compensatory damages, attorneys' fees, enhanced damages, treble damages and/or legal fees or costs.

## Forty-First Affirmative Defense

Alpharma adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

## Forty-Second Affirmative Defense

Alpharma hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its Answer to assert such defense.


Dated:   September 18, 2008                    Respectfully submitted,


                                               /s/ J.P. Ellison
                                               J.P. Ellison
                                               Hyman, Phelps & McNamara, P.C.
                                               700 13th Street, N.W., Suite 1200
                                               Washington, D.C.  20005
                                               Tel:  (202) 737-5600
                                               Fax:  (202) 737-9329

                                               Counsel for Defendant Alpharma Inc.

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the ANSWER AND AFFIRMATIVE DEFENSES OF ALPHARMA INC. TO THE STATE OF IOWA'S COMPLAINT was delivered to all counsel of record by sending a copy to LexisNexis File and Serve, on September 18, 2008, for posting and notification to all parties.


　　　　　　　　　　　　　　　 /s/ J.P. Ellison
　　　　　　　　　　　　　　　　 J.P. Ellison