# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br> Master File No.: 01-CV-12257-PBS (original S. D. Iowa No. 4:07-cv-00461-JAJ-CFB) |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

## SCHERING-PLOUGH CORPORATION'S, SCHERING CORPORATION'S AND WARRICK PHARMACEUTICAL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO THE STATE OF IOWA'S COMPLAINT

Defendants Schering-Plough Corporation ("Schering-Plough"), Schering Corporation ("Schering"), and Warrick Pharmaceuticals Corporation ("Warrick," collectively, the "Warrick Defendants") answer the State of Iowa's ("Iowa" or the "Plaintiff") Complaint, dated October 9, 2007 ("Complaint"), and state Affirmative Defenses as follows.

## PRELIMINARY STATEMENT

The Complaint improperly refers to the Warrick Defendants, other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against the Warrick Defendants.  This is insufficient to apprise the Warrick Defendants (let alone each separate entity) of the allegations asserted against them.  The Warrick Defendants have nevertheless attempted to respond to Iowa's allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct, or actions of other persons or entities, the Warrick Defendants are generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  The Warrick Defendants state that they are answering Iowa's allegations solely on behalf of themselves, even

when Iowa's allegations refer to alleged conduct by the Warrick Defendants and other persons or entities.

Throughout the Complaint, Iowa purports to describe and rely upon allegations made by unrelated parties in other litigations and investigations.  Such allegations are mere hearsay, unrelated to Plaintiff's claims here and provide no support for those claims.  To the extent that the Warrick Defendants do not expressly deny such allegations, that shall not constitute an admission that the substance of those allegations is or is not true or that such allegations are relevant or admissible in this action.

The Complaint also contains purported quotations from a number of sources.  In answering allegations consisting of quotations, the Warrick Defendants' failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or the Warrick Defendants' reference to the full document instead of the quotation shall not constitute an admission that the substantive content of the quotation or document is or is not true or that the material is relevant or admissible in this action.

The Warrick Defendants deny each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any particular averment or in the Complaint as a whole.  In addition, the Warrick Defendants specifically deny any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## SPECIFIC RESPONSES

1.      The Warrick Defendants admit that Iowa purports to bring this action as described in Paragraph 1 of the Complaint, but the Warrick Defendants deny that there is any basis for Iowa to do so and deny that Iowa is entitled to any relief.

2.      To the extent that the allegations in Paragraph 2 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 2 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

3.      To the extent that the allegations in Paragraph 3 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 3 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

4.      To the extent that the allegations in Paragraph 4 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 4 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

5.      The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore deny them.

6.     To the extent that the allegations in Paragraph 6 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 6 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

7.     The Warrick Defendants admit that Iowa is required to follow federal law when reimbursing Medicaid providers.   The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore deny them.

8.     To the extent that the allegations in Paragraph 8 of the Complaint state legal conclusions, no response is required.  To the extent that a response is required, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore deny them.

9.     To the extent that the allegations in Paragraph 9 of the Complaint state legal conclusions, no response is required.  To the extent that the allegations in Paragraph 9 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 9 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

10.     The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent that a response is still required, the

Warrick Defendants admit that Warrick and Schering have executed Rebate Agreements with HHS.  To the extent that the remaining allegations set forth in Paragraph 10 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 10 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

11.     The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent that a response is still required, the Warrick Defendants admit that Warrick and Schering have executed Rebate Agreements with HHS and provide Best Price information in accordance with those agreements. To the extent that the remaining allegations in Paragraph 11 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations in Paragraph 11 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

12.     To the extent that the allegations in Paragraph 12 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 12 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

13.     To the extent that the allegations in Paragraph 13 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 13 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

14.     The Warrick Defendants admit that they have voluntarily participated in the Iowa Medicaid program, but deny that they have violated any State or Federal law.  To the extent that the remaining allegations in Paragraph 14 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations in Paragraph 14 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

15.     To the extent the allegations in Paragraph 15 of the Complaint refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 15 truth and therefore deny them.

16.     To the extent that the allegations in Paragraph 16 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 16 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

17.     To the extent that the allegations in Paragraph 17 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 17 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

18.     The Warrick Defendants admit that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but deny any liability to Plaintiff with respect to any such NDCs.  To the extent that the remaining allegations in Paragraph 18 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent the allegations in Paragraph 18 of the Complaint are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

19.     The Warrick Defendants admit that the Attorney General purports to bring this action as described in Paragraph 19 of the Complaint.  The Warrick Defendants state that whether the Attorney General possesses the authority to bring this action under the cited statues or the common law is a question of law as to which the Warrick Defendants respectfully defer to the Court.  To the extent that further response is required, the Warrick Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

20.     The Warrick Defendants admit that Schering manufacturers and sells brand drugs and that Warrick sells only generic drugs.  The Warrick Defendants further admit that Warrick and Schering participate in the Iowa Medicaid program.  To the extent that the remaining allegations in Paragraph 20 of the Complaint are directed to entities other than the Warrick

7

Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the remaining allegations in Paragraph 20 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

21.     Warrick and Schering admit that they have sold drugs to wholesalers that were eventually purchased within Iowa.  That those sales constitute "conducting extensive business in the State of Iowa" is a legal conclusion to which no response is required.  Schering-Plough denies the remaining allegations in Paragraph 21 of the Complaint.

22-49.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 22 through 49 of the Complaint and therefore deny them.

50(a).  Schering-Plough admits that Schering-Plough is a New Jersey corporation with an address in Kenilworth, New Jersey, 07033.  Schering-Plough states that Schering-Plough is a holding company and denies that Schering-Plough Corporation has any employees and that it is engaged in or has any role or involvement in the manufacturing, marketing, or sale of Warrick or Schering products.  The Warrick Defendants deny any remaining allegations set forth in Paragraph 50a of the Complaint.

50(b).  Schering admits that Schering is a New Jersey corporation, that Schering has an address in Madison, New Jersey, and that Schering manufactures, sells and distributes certain branded prescription drugs.  The Warrick Defendants deny any remaining allegations set forth in Paragraph 50(b) of the Complaint.

50(c).  Warrick admits that Warrick is a Delaware corporation, that Warrick maintains an address in Reno, Nevada, that Schering-Plough is the parent of Schering, that Schering is the parent of Warrick, and that Warrick sells generic pharmaceuticals.  The Warrick Defendants deny any remaining allegations set forth in Paragraph 50(c) of the Complaint.

51-58.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 51 through 58 of the Complaint and therefore denies them.

59.  The Warrick Defendants admit that the Complaint asserts claims for "violation of the Social Security Act, 42 U.S.C. § 1396 et seq, the Iowa Consumer Fraud Act, Iowa Code § 714.16, and for breach of contract, unjust enrichment, and common law fraud."  The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008.  To the extent that further response is required, the Warrick Defendants deny the remaining allegations in Paragraph 59 of the Complaint.

60.  To the extent that the allegations in Paragraph 60 of the Complaint state legal conclusions, no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations in Paragraph 60 of the Complaint.

61.  To the extent that the allegations in Paragraph 61 of the Complaint state legal conclusions, no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     The Warrick Defendants admit that Medicaid was established by Title XIX of the Social Security Act.  The Warrick Defendants further state that the provisions of Title XIX speak for themselves, and any characterizations in Paragraph 62 of the Complaint are denied.  With respect to the remaining allegations in Paragraph 62 of the Complaint, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

63.     The Warrick Defendants admit that state participation in Medicaid is voluntary, that once a state agrees to participate, the state must comply with all federal requirements, and state Medicaid plans must be approved by the federal government.  With respect to the remaining allegations in Paragraph 63 of the Complaint, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent the allegations in Paragraph 63 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

64.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth of the allegations in Paragraph 64 of the Complaint and therefore deny them.  To the extent the allegations in Paragraph 64 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

65.     The allegations set forth in Paragraph 65 of the Complaint purport to state legal conclusions to which no response is required.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth of the allegations in Paragraph 65 of the Complaint and therefore deny them.  To the extent the allegations in Paragraph 65 refer to

statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

66.     The Warrick Defendants admit that national drug codes are assigned to prescription drugs.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 of the Complaint and therefore deny them.

67.     To the extent the allegations in Paragraph 67 of the Complaint refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

68.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and therefore deny them.  To the extent the allegations in Paragraph 68 refer to an OIG report, the report speaks for itself, and any characterizations thereof are denied.

69.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore deny them.  To the extent the allegations in Paragraph 69 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

70.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and therefore deny them.

71.     To the extent that the allegations in Paragraph 71 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or

information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 71 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

72.     To the extent that the allegations in Paragraph 72 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 72 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

73.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint or its subsections and therefore deny them.  To the extent the allegations in Paragraph 73 or its subsections refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

74.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint or its subsections and therefore deny them.  To the extent the allegations in Paragraph 74 or its subsections refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

75.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and therefore deny them.  To the extent the allegations in Paragraph 75 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

76.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and therefore deny them.  To the extent the allegations in Paragraph 76 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

77.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint or its subsections and therefore deny them.  To the extent the allegations in Paragraph 77 or its subsections refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

78.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and therefore deny them.  To the extent the allegations in Paragraph 78 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

79.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint or its subsections and therefore deny them.  To the extent the allegations in Paragraph 79 or its subsections refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

80.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and therefore deny them.  To the extent the allegations in Paragraph 80 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

81.     The Warrick Defendants admit that the pricing compendia such as First DataBank and Medi-Span publish some pricing information.  To the extent that the remaining allegations in Paragraph 81 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the remaining allegations in Paragraph 81 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

82.     To the extent that the allegations in Paragraph 82 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 82 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

83.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint and therefore deny them.

84.     To the extent that the allegations in Paragraph 84 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 84 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

85.     To the extent that the allegations in Paragraph 85 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent

that the allegations in Paragraph 85 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

86.     To the extent that the allegations in Paragraph 86 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 86 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

87.     To the extent that the allegations in Paragraph 87 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 87 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

88.     To the extent that the allegations in Paragraph 88 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 88 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

89.     To the extent that the allegations in Paragraph 89 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 89 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

90.     To the extent that the allegations in Paragraph 90 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 90 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

91.     To the extent that the allegations in Paragraph 91 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 91 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

92.     To the extent that the allegations in Paragraph 92 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 92 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

93.     The Warrick Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     To the extent that the allegations in Paragraph 94 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 94 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

95.     To the extent that the allegations in Paragraph 95 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 95 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

96.     To the extent that the allegations in Paragraph 96 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 96 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

97.     To the extent that the allegations in Paragraph 97 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 97 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

98.     To the extent that the allegations in Paragraph 98 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 98 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them. To the extent that Paragraph 98 purports to quote from a document, the Warrick Defendants respectfully refer the Court to the document itself for a complete and accurate statement of its contents.

99.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and therefore deny them.

100.    To the extent that the allegations in Paragraph 100 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 100 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

101.    To the extent that the allegations in Paragraph 101 of the Complaint and Exhibit C referenced therein are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 101 of the Complaint and Exhibit C referenced therein are directed to the Warrick Defendants, the Warrick Defendants deny them.

102.    The Warrick defendants admit the existence of a Federal Upper Limit ("FUL") established by the Center for Medicare and Medicaid Services for generic prescription drugs. The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 102 of the Complaint and therefore deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 102 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the

allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

103.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore deny them.

104.    To the extent that the allegations in Paragraph 104 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 104 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

105.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 and therefore deny them. The Warrick Defendants further state that to the extent the allegations in Paragraph 105 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

106.    To the extent that the allegations in Paragraph 106 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 106 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

107.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore deny them.

108.    The Warrick Defendants admit that Exhibit B to the Complaint purports to identify the prescription drugs for which "FUL fraud" is alleged in this matter, but deny any liability to Plaintiff with respect to any such NDCs.  To the extent that the remaining allegations in Paragraph 108 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the remaining allegations in Paragraph 108 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

109.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 109 of the Complaint and therefore deny them.

110.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent that a response is still required, the Warrick Defendants admit that Warrick and Schering have executed Rebate Agreements with HHS.  To the extent that the remaining allegations set forth in Paragraph 110 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.  The Warrick Defendants further state that to the extent the allegations in Paragraph 110 of the Complaint purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations

20

differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

111.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.   To the extent that a response is still required, the Warrick Defendants admit that Warrick and Schering have executed Rebate Agreements with HHS.  To the extent that the remaining allegations set forth in Paragraph 111 of the Complaint are directed at the Warrick Defendants, the Warrick Defendants deny the allegations.   To the extent that the remaining allegations in Paragraph 111 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.   To the extent that Paragraph 111 purports to quote from a document, the Warrick Defendants respectfully refer the Court to the document itself for a complete and accurate statement of its contents.

112.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  Further, the allegations set forth in Paragraph 112 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.

113.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.   To the extent that a response is still required, the Warrick Defendants are without information sufficient to form a belief as to the truth of the

allegations in Paragraph 113 of the Complaint and therefore deny them.   The Warrick Defendants further state that to the extent the allegations in Paragraph 113 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.   To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

114.   The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.   To the extent that a response is still required, the Warrick Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint and therefore deny them.   The Warrick Defendants further state that to the extent the allegations in Paragraph 114 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.   To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

115.   The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.   To the extent that a response is still required and to the extent the allegations in Paragraph 115 are directed to entities other than the Warrick Defendants, the  Warrick Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint and therefore deny them.   To the extent the allegations in Paragraph 115 are directed to the Warrick Defendants, the Warrick Defendants deny them.

116.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent that a response is still required, the Warrick Defendants further state that to the extent the allegations in Paragraph 116 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

117.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent that a response is still required, the Warrick Defendants further state that to the extent the allegations in Paragraph 117 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

118.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent that a response is still required, the Warrick Defendants further state that to the extent the allegations in Paragraph 118 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the

terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

119.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.   To the extent that a response is still required, the Warrick Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint and therefore deny them.   The Warrick Defendants further state that to the extent the allegations in Paragraph 119 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.   To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

120.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.   To the extent that a response is still required, the Warrick Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint and therefore deny them.   The Warrick Defendants further state that to the extent the allegations in Paragraph 120 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.   To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

121.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008

and, therefore, no response is required.  To the extent that a response is still required, the allegations set forth in Paragraph 112 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations. The Warrick Defendants further state that to the extent the allegations in Paragraph 121 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

122.     The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent that a response is still required, the Warrick Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint and therefore deny them.  The Warrick Defendants further state that to the extent the allegations in Paragraph 122 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

123.     The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent that a response is still required, the Warrick Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint and therefore deny them.  The Warrick Defendants further state that to the extent the allegations in Paragraph 123 purport to represent

accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

124.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  Further, the allegations set forth in Paragraph 124 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the  Warrick Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint and therefore deny them.

125.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.   To the extent that a response is still required, the Warrick Defendants further state that to the extent the allegations in Paragraph 125 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

126.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent that the allegations in Paragraph 126 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are

without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 126 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

127.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent that the allegations in Paragraph 127 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 127 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

128.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent that the allegations in Paragraph 128 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 128 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  The Warrick Defendants further state that to the extent the allegations in Paragraph 128 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

129.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent a response is still required and that the allegations in Paragraph 129 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 129 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  The Warrick Defendants further state that to the extent the allegations in Paragraph 129 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

130.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent a response is still required and that the allegations in Paragraph 130 of the Complaint and Exhibit F referenced therein are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 130 of the Complaint and Exhibit F referenced therein are directed to the Warrick Defendants, the Warrick Defendants deny them.

131.    The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent that a response is still required, the

Warrick Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint and therefore deny them.

132.     The Warrick Defendants state that the Court dismissed all Medicaid rebate-related allegations in the Complaint as to the Warrick Defendants in an Order dated August 19, 2008 and, therefore, no response is required.  To the extent a response is still required and that the allegations in Paragraph 132 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 132 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

133.     To the extent that the allegations in Paragraph 133 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 133 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

134.     To the extent that the allegations in Paragraph 134 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 134 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  The Warrick Defendants further state that to the extent the allegations in Paragraph 134 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the

extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

135.    To the extent that the allegations in Paragraph 135 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 135 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

136.    To the extent that the allegations in Paragraph 136 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 136 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

137.    To the extent that the allegations in Paragraph 137 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 137 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

138.    To the extent that the allegations in Paragraph 138 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 138 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  The Warrick Defendants further state that to the extent the

allegations in Paragraph 138 purport to represent accurately the transcript of a congressional hearing, that transcript is the best evidence of its contents, and any characterizations thereof are denied.

139.    The Warrick Defendants deny the allegations in Paragraph 139 of the Complaint. The Warrick Defendants further state that to the extent the allegations in Paragraph 139 purport to represent accurately the transcript of a congressional hearing, that transcript is the best evidence of its contents, and any characterizations thereof are denied.

140.    To the extent that the allegations in Paragraph 140 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 140 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

141.    To the extent that the allegations in Paragraph 141 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 141 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

142.    To the extent that the allegations in Paragraph 142 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 142 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

143.     To the extent that the allegations in Paragraph 143 of the Complaint and Exhibit B referenced therein are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 143 of the Complaint and Exhibit B referenced therein are directed to the Warrick Defendants, the Warrick Defendants deny them.

144.     To the extent that the allegations in Paragraph 144 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 144 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

145.     To the extent that the allegations in Paragraph 145 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 145 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

146.     To the extent that the allegations in Paragraph 146 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 146 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

147.    To the extent that the allegations in Paragraph 147 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 147 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

148.    To the extent that the allegations in Paragraph 148 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 148 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

149.    To the extent that the allegations in Paragraph 149 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 149 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

150.    To the extent that the allegations in Paragraph 150 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 150 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

151.    To the extent that the allegations in Paragraph 151 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or

information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 151 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

152.    To the extent that the allegations in Paragraph 152 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 152 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  The Warrick Defendants further state that to the extent the allegations in Paragraph 152 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

153.    To the extent that the allegations in Paragraph 153 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 153 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

154.    To the extent that the allegations in Paragraph 154 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 154 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

155.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155 and therefore deny them. The Warrick Defendants further state that to the extent the allegations in Paragraph 155 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

156.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Complaint and therefore deny them.  The Warrick Defendants further state that to the extent the allegations in Paragraph 156 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

157.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 157 and therefore deny them. The Warrick Defendants further state that to the extent the allegations in Paragraph 157 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

158.    To the extent that the allegations in Paragraph 158 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 158 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

159.    The Warrick Defendants admit that Warrick and Schering participate in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for Warrick and Schering's drugs.  To the extent that the remaining allegations in Paragraph 159 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the remaining allegations in Paragraph 159 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

160.    The Warrick Defendants admit that Warrick and Schering participate in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for Warrick and Schering's drugs.  To the extent that the remaining allegations in Paragraph 160 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the remaining allegations in Paragraph 160 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

161.    To the extent that the allegations in Paragraph 161 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations in Paragraph 161 of the Complaint are directed to entities other than the Warrick Defendants, the

Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

162.     To the extent that the allegations in Paragraph 162 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations in Paragraph 162 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

163.     To the extent that the allegations in Paragraph 163 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations in Paragraph 163 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

164.     The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 164. The Warrick Defendants further state that to the extent the allegations in Paragraph 164 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.

165.     To the extent that the allegations in Paragraph 165 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations in Paragraph 165 of the Complaint are directed to entities other than the Warrick Defendants, the

Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

166.    To the extent that the allegations in Paragraph 166 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations in Paragraph 166 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

167.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 167 and therefore deny them.

168.    To the extent that the allegations in Paragraph 168 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations in Paragraph 168 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

169.    To the extent that the allegations in Paragraph 169 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations in Paragraph 169 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

170.    To the extent that the allegations in Paragraph 170 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations

in Paragraph 170 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

171.    To the extent that the allegations in Paragraph 171 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations in Paragraph 171 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

172.    The Warrick Defendants admit that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraph 172 or Exhibit B attached thereto are directed at the Warrick Defendants, the Warrick Defendants deny them.  To the extent the allegations in Paragraph 172 are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

173.    The Warrick Defendants admit that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraph 173 or Exhibit B attached thereto are directed at the Warrick Defendants, the Warrick Defendants deny them.  The Warrick Defendants specifically denies that "all three of these AAC sources have been blessed by the federal court with jurisdiction over the AWP MDL 1456."  To the extent the allegations in Paragraph 173 are directed at parties other than the Warrick Defendants, the Warrick Defendants

are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

174.    To the extent that the allegations in Paragraph 174 of the Complaint and Exhibit B referenced therein are directed to the Warrick Defendants, the Warrick Defendants deny them. To the extent that the allegations in Paragraph 174 of the Complaint and Exhibit B referenced therein are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

175.    To the extent that the allegations in Paragraph 175 of the Complaint and Exhibit B referenced therein are directed to the Warrick Defendants, the Warrick Defendants deny them. To the extent that the allegations in Paragraph 175 of the Complaint and Exhibit B referenced therein are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

176.    To the extent that the allegations in Paragraph 176 of the Complaint and Exhibit B referenced therein are directed to the Warrick Defendants, the Warrick Defendants deny them. To the extent that the allegations in Paragraph 176 of the Complaint and Exhibit B referenced therein are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

177.    To the extent that the allegations in Paragraph 177 of the Complaint and Exhibit B referenced therein are directed to the Warrick Defendants, the Warrick Defendants deny them.

To the extent that the allegations in Paragraph 177 of the Complaint and Exhibit B referenced therein are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

178.    To the extent that the allegations in Paragraph 178 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations in Paragraph 178 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

179.    To the extent that the allegations in Paragraph 179 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that the allegations in Paragraph 179 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

180.    To the extent that the allegations in Paragraph 180 of the Complaint and Exhibit A referenced therein are directed to the Warrick Defendants, the Warrick Defendants deny them. To the extent that the allegations in Paragraph 180 of the Complaint and Exhibit A referenced therein are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.

181-536.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 181 through 536 of the Complaint.

41

537.     The Warrick Defendants admit Iowa alleged both AWP and FUL fraud claims against the Warrick Defendants.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 537 of the Complaint or Exhibits A and B-29 referenced therein and therefore deny them.

538.     The Warrick Defendants deny the allegations set forth in Paragraph 538 of the Complaint.

539.     The Warrick Defendants admit that Schering-Plough is the parent of Schering and that Schering is the parent of Warrick.  The Warrick Defendants further admit that Warrick is engaged in the business of manufacturing and selling generic pharmaceuticals.  The Warrick Defendants deny the remaining allegations set forth in Paragraph 539 of the Complaint.

540.     The Warrick Defendants deny the allegations set forth in Paragraph 540 of the Complaint.  In addition, the Warrick Defendants state that to the extent the allegations in Paragraph 540 of the Complaint consist of claims made by other parties unrelated to Iowa's allegations, those claims are irrelevant to the allegations in the Complaint.

541.     The Warrick Defendants deny the allegations set forth in Paragraph 541 of the Complaint.

542.     The Warrick Defendants admit that Warrick is engaged in the business of manufacturing and selling certain generic pharmaceuticals and that Schering is engaged in the business of manufacturing and selling certain branded pharmaceuticals.  The Warrick Defendants deny that Schering-Plough Corporation is engaged in or has any role or involvement in the

manufacturing, marketing, or sale of Warrick or Schering products.  The Warrick Defendants deny the remaining allegations set forth in Paragraph 542 of the Complaint.

543.    The Warrick Defendants deny the allegations set forth in Paragraph 543 of the Complaint.

544.    The Warrick Defendants deny the allegations set forth in Paragraph 544 of the Complaint.

545.    The Warrick Defendants admit that in 2004, Schering-Plough Corporation agreed to settle litigation relating to best price reporting of Claritin®.  The Warrick Defendants further state that neither Schering-Plough nor Schering "plead guilty to criminal charges that [they] cheated Medicaid."  To the extent that the allegations set forth in Paragraph 545 purport to describe the terms of the settlement, the settlement agreement speaks for itself.  The Warrick Defendants deny the remaining allegations set forth in Paragraph 545 of the Complaint.

546.    The Warrick Defendants admit that in 2004, the Warrick Defendants agreed to settle litigation filed in Texas with the State of Texas, Ven-a-Care of the Florida Keys, Inc., and the United States.  To the extent that the allegations set forth in Paragraph 546 purport to describe the terms of the settlement, the settlement agreement speaks for itself.  The Warrick Defendants further state that to the extent the allegations set forth in Paragraph 546 of the Complaint purport to represent accurately the substance of a Press Release by the Office of the Attorney General, State of Texas, that source is the best evidence of its contents.   To the extent the allegations differ from the terms of that source, the Warrick Defendants deny the allegations.

547.     The Warrick Defendants state that the allegations set forth in Paragraph 547 of the Complaint purport to represent accurately the substance of a press release and Form 10-K. Those documents are the best source of evidence as to their contents.  To the extent the allegations differ from the terms of those sources, the Warrick Defendants deny the allegations. The Warrick Defendants deny any remaining allegations set forth in Paragraph 547 of the Complaint.

548.     The Warrick Defendants deny the allegations set forth in Paragraph 548 of the Complaint.

549.     The Warrick Defendants deny the allegations set forth in Paragraph 549 of the Complaint.

550.     The Warrick Defendants admit that they offered certain customers discounts on their drugs and that, because WAC is defined by the federal government as an undiscounted list price and because, at least in the case of branded drugs, AWP is set based on WAC, neither WAC nor AWP are intended or expected to reflect these discounts.  The Warrick Defendants deny the remaining allegations set forth in Paragraph 550 of the Complaint.

551.     The Warrick Defendants admit several states have investigated and filed lawsuits against the Warrick Defendants and other pharmaceutical companies concerning the prices charged for prescription drugs.  The Warrick Defendants further state that the Warrick Defendants fully prevailed on the claims brought against them by the state of West Virginia. The Warrick Defendants deny these lawsuits have merit and deny all remaining allegations set forth in Paragraph 551 of the Complaint.

552.    The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 552 of the Complaint and, therefore, deny the allegations.

553.    The Warrick Defendants admit several states have investigated and filed lawsuits against the Warrick Defendants and other pharmaceutical companies concerning the prices charged for prescription drugs.  The Warrick Defendants further state that the Warrick Defendants fully prevailed on the claims brought against them by the state of West Virginia. The Warrick Defendants deny these lawsuits have merit and deny all remaining allegations set forth in Paragraph 553 of the Complaint.

554-613.  The Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 554 through 613.

614.    To the extent that the allegations in Paragraph 614 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 614 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

615.    To the extent that the allegations in Paragraph 615 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 615 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

616.     To the extent that the allegations in Paragraph 616 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 616 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

617.     To the extent that the allegations in Paragraph 617 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 617 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

618.     To the extent that the allegations in Paragraph 618 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 618 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

619.     To the extent that the allegations in Paragraph 619 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 619 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

620.     To the extent that the allegations in Paragraph 620 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or

information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 620 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

621.    To the extent that the allegations in Paragraph 621 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 621 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

622.    To the extent that the allegations in Paragraph 622 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 622 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

623.    To the extent that the allegations in Paragraph 623 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 623 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

624.    To the extent that the allegations in Paragraph 624 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent

that the allegations in Paragraph 624 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

625.     To the extent that the allegations in Paragraph 625 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 625 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

626.     To the extent that the allegations in Paragraph 626 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 626 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

627.     To the extent that the allegations in Paragraph 627 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 627 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

628.     To the extent that the allegations in Paragraph 628 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 628 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

629.    To the extent that the allegations in Paragraph 629 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 629 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

630.    To the extent that the allegations in Paragraph 630 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 630 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.  To the extent that Paragraph 630 purports to quote from a document, the Warrick Defendants respectfully refer the Court to the document itself for a complete and accurate statement of its contents.

631.    To the extent that the allegations in Paragraph 631 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 631 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

632.    To the extent that the allegations in Paragraph 632 of the Complaint are directed to entities other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny them.  To the extent that the allegations in Paragraph 632 of the Complaint are directed to the Warrick Defendants, the Warrick Defendants deny them.

## COUNT I

## VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8

## (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

633.    In response to Paragraph 633, the Warrick Defendants repeat and incorporate as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 632.

634.    To the extent the allegations in Paragraph 634 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 634 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

635.    To the extent the allegations in Paragraph 635 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 635 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

636.    To the extent the allegations in Paragraph 636 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 636 of the Complaint purport to

state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

637.    To the extent the allegations in Paragraph 637 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 637 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

638.    To the extent the allegations in Paragraph 638 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 638 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

639.    To the extent the allegations in Paragraph 639 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 639 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

640.    To the extent the allegations in Paragraph 640 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 640 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

641.    To the extent the allegations in Paragraph 641 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 641 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

642.     To the extent the allegations in Paragraph 642 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 642 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is still required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations.

## COUNT II

## BREACH OF CONTRACT

643.     In response to Paragraph 643, the Warrick Defendants repeat and incorporate as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 642.

644.     To the extent the allegations in Paragraph 644 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 644 of the Complaint purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

645. To the extent the allegations in Paragraph 645 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008. To the extent that a response is required, the Warrick Defendants deny the allegations. To the extent that Paragraph 645 purports to quote from a document, the Warrick Defendants respectfully refer the Court to the document itself for a complete and accurate statement of its contents.

646. To the extent the allegations in Paragraph 646 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008. To the extent that a response is required, the Warrick Defendants deny the allegations. To the extent the allegations in Paragraph 646 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

647. To the extent the allegations in Paragraph 647 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008. Further, the allegations set forth in Paragraph 647 of the Complaint purport to state legal conclusions to which no response is required. To the extent that a response is required, the Warrick Defendants deny the allegations. To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

648. To the extent the allegations in Paragraph 648 and Exhibit E referenced therein are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008. Further, the allegations set forth in Paragraph 648 of the Complaint purport to state legal conclusions to which no response is required. To the extent

that Paragraph 648 and Exhibit E referenced therein purports to quote from a document, the Warrick Defendants respectfully refer the Court to the document itself for a complete and accurate statement of its contents.   To the extent that a response is required, the Warrick Defendants deny the allegations.

649.   To the extent the allegations in Paragraph 649 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 649 of the Complaint purport to state legal conclusions to which no response is required.   To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

650.   To the extent the allegations in Paragraph 650 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 650 of the Complaint purport to state legal conclusions to which no response is required.   To the extent that a response is required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

651.   To the extent the allegations in Paragraph 651 are directed at the Warrick Defendants, the Warrick Defendants state that the Court dismissed them in its Order dated August 19, 2008.  Further, the allegations set forth in Paragraph 651 of the Complaint purport to state legal conclusions to which no response is required.   To the extent that a response is

required, the Warrick Defendants deny the allegations.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

## COUNT III

## IOWA CONSUMER FRAUD ACT

## (Iowa Code § 714.16)

652.    In response to Paragraph 652, the Warrick Defendants repeat and incorporate as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 651.

653.    To the extent the allegations in Paragraph 653 and the exhibits referenced therein are directed at the Warrick Defendants, the Warrick Defendants deny them.  Further, the allegations set forth in Paragraph 653 of the Complaint purport to state legal conclusions to which no response is required.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them. To the extent the allegations in Paragraph 653 refers to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

654.    To the extent the allegations in Paragraph 654 and the sub-parts thereto are directed at the Warrick Defendants, the Warrick Defendants deny them.  Further, the allegations set forth in Paragraph 654 of the Complaint purport to state legal conclusions to which no response is required.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them. To the extent the allegations in

Paragraph 654 and the sub-parts thereto refer to statutes, those sources speak for themselves, and any characterizations thereof are denied.

655.     To the extent the allegations in Paragraph 655 are directed at the Warrick Defendants, the Warrick Defendants deny them.  Further, the allegations set forth in Paragraph 655 of the Complaint purport to state legal conclusions to which no response is required.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

656.     The allegations set forth in Paragraph 656 of the Complaint purport to state legal conclusions to which no response is required.  The Warrick Defendants further state that to the extent the allegations in Paragraph 656 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.  To the extent a response is needed, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 656 and therefore deny them.

657.     The allegations set forth in Paragraph 657 of the Complaint purport to state legal conclusions to which no response is required.  The Warrick Defendants further state that to the extent the allegations in Paragraph 657 purport to represent accurately the substance of various statutes, regulations, or other documents, those sources are the best evidence of their contents.  To the extent the allegations differ from the terms of the statutes, regulations, or other documents, the Warrick Defendants deny the allegations.  To the extent a response is needed, the

Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 657 and therefore deny them.

## COUNT IV

### FRAUD

658.     In response to Paragraph 658, the Warrick Defendants repeat and incorporate as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 657.

659.     To the extent the allegations in Paragraph 659 are directed at the Warrick Defendants, the Warrick Defendants deny them.  Further, the allegations set forth in Paragraph 659 of the Complaint purport to state legal conclusions to which no response is required.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

660.     To the extent the allegations in Paragraph 660 are directed at the Warrick Defendants, the Warrick Defendants deny them.  Further, the allegations set forth in Paragraph 660 of the Complaint purport to state legal conclusions to which no response is required.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

661.     To the extent the allegations in Paragraph 661 are directed at the Warrick Defendants, the Warrick Defendants deny them.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

662.    To the extent the allegations in Paragraph 662 are directed at the Warrick Defendants, the Warrick Defendants deny them.  Further, the allegations set forth in Paragraph 662 of the Complaint purport to state legal conclusions to which no response is required.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

## COUNT VIII

## UNJUST ENRICHMENT

663.    In response to Paragraph 663, the Warrick Defendants repeat and incorporate as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 662.

664.    To the extent the allegations in Paragraph 664 are directed at the Warrick Defendants, the Warrick Defendants deny them.  Further, the allegations set forth in Paragraph 664 of the Complaint purport to state legal conclusions to which no response is required.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

665.    To the extent the allegations in Paragraph 665 are directed at the Warrick Defendants, the Warrick Defendants deny them.  To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

666.    The allegations set forth in Paragraph 666 of the Complaint purport to state legal conclusions to which no response is required.  To the extent a response is necessary and to the

extent the allegations in Paragraph 666 are directed at the Warrick Defendants, the Warrick Defendants deny them.   To the extent the allegations are directed at parties other than the Warrick Defendants, the Warrick Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

The Warrick Defendants deny that Iowa is entitled to a judgment or any other relief as requested in their numbered (667-675) and unnumbered "WHEREFORE" Paragraphs following Paragraph 666 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Over the past several decades, numerous publicly available agency reports, studies, news articles, materials from third-party publishing services, and other publications have set forth that the AWPs published by third-party publishing services do not reflect, and are not intended to reflect, actual provider acquisition costs, and are often higher.   Since at least 1997, most third-party payors understood that the AWP of a drug was not the providers' acquisition price. Additionally, since January 2002, Warrick has sent the Iowa Department of Human Services and the Iowa Board of Pharmacy a monthly letter providing its high and low product prices to its three main classes of trade (wholesalers, chain and generic distributors).   Also, since January 2002, Schering Corporation has regularly furnished the Iowa Department of Human Services and the Iowa Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct Price for each branded product and package size sold by Schering Corporation.   The monthly letter, combined with other relevant publicly available information, disclosed any supposed disparity between the AWPs or WACs reported by third-party publishers and what Plaintiff now

asserts those AWPs and WACs should have been.  Thus, any alleged wrongdoing committed by

the Warrick Defendants would have occurred long before Plaintiff commenced this action.

Plaintiff's claims, and the claims of any person on whose behalf Plaintiff purports to bring this

action, are therefore barred in whole or in part by the applicable statutes of limitations and

repose.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of any person on whose behalf Plaintiff purports to

bring this action, are barred in whole or in part because Plaintiff has no standing or capacity to

assert some or all of the claims.

## THIRD AFFIRMATIVE DEFENSE

Over the past several decades, numerous publicly available agency reports, studies, new

articles, materials from third-party publishing services, and other publications have set forth that

the AWPs published by third-party publishing services do not reflect, and are not intended to

reflect, actual provider acquisition costs, and are often higher.  Since at least 1997, most third-

party payors understood that the AWP of a drug was not the providers' acquisition price.

Additionally, since January 2002, Warrick has sent the Iowa Department of Human Services and

the Iowa Board of Pharmacy a monthly letter providing its high and low product prices to its

three main classes of trade (wholesalers, chain and generic distributors).  Also, since January

2002, Schering Corporation has regularly furnished the Iowa Department of Human Services and

the Iowa Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct

Price for each branded product and package size sold by Schering Corporation.  Thus, Plaintiff

was aware, during the relevant time period, that the reimbursement rates it was paying providers

were greater than the providers' acquisition costs.  Plaintiff chose to establish and administer the

system of prescription drug reimbursement as it did in order to advance its program objectives, including access.  In so doing, Plaintiff intentionally and voluntarily relinquished its known rights.  Therefore, Plaintiff's claims, and the claims of any person on whose behalf Plaintiff purports to bring this action, are barred in whole or in part by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Over the past several decades, numerous publicly available agency reports, studies, news articles, materials from third-party publishing services, and other publications have set forth that the AWPs published by third-party publishing services do not reflect, and are not intended to reflect, actual provider acquisition costs, and are often higher.  Since at least 1997, most third-party payors understood that the AWP of a drug was not the providers' acquisition price.  Additionally, since January 2002, Warrick has sent the Iowa Department of Human Services and the Iowa Board of Pharmacy a monthly letter providing its high and low product prices to its three main classes of trade (wholesalers, chain and generic distributors).  Also, since January 2002, Schering Corporation has regularly furnished the Iowa Department of Human Services and the Iowa Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct Price for each branded product and package size sold by Schering Corporation.  Notwithstanding this information, Plaintiff knowingly chose to base Iowa Medicaid Program prescription drug reimbursement, in part, on the AWPs and/or WACs published by third-party publishing services.  Plaintiff was aware, during the relevant time period, that the reimbursement rates it chose to pay providers were greater than the provider's acquisition costs.  Hence, Plaintiff's claims, and the claims of any person on whose behalf Plaintiff purports to bring this action, are barred in whole or in part by their own failure to avoid, mitigate or reduce their alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Over the past several decades, numerous publicly available agency reports, studies, news articles, materials from third-party publishing services, and other publications have set forth that the AWPs published by third-party publishing services do not reflect, are not intended to reflect, actual provider acquisition costs, and are often higher.  Since at least 1997, most third-party payors understood that the AWP of a drug was not the providers' acquisition price.  Additionally, since January 2002, Warrick has sent the Iowa Department of Human Services and the Iowa Board of Pharmacy a monthly letter providing its high and low product prices to its three main classes of trade (wholesalers, chain and generic distributors).  Also, since January 2002, Schering Corporation has regularly furnished the Iowa Department of Human Services and the Iowa Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct Price for each branded product and package size sold by Schering Corporation.  Notwithstanding this information, Plaintiff knowingly chose to base Iowa Medicaid Program prescription drug reimbursement, in part, on the AWPs and/or WACs published by third-party publishing services.  Plaintiff was aware, during the relevant time period, that the reimbursement rates it chose to pay providers were greater than the provider's acquisition costs.  Hence, Plaintiff's claims, and the claims of any person on whose behalf Plaintiff purports to bring this action, are barred in whole or in part by the doctrine of ratification.

## SIXTH AFFIRMATIVE DEFENSE

Over the past several decades, pursuant publicly available agency reports, studies, news articles, materials from third-party publishing services, and other publications have set forth that the AWPs published by third-party publishing services do not reflect, and are not intended to reflect, actual provider acquisition costs, and are often higher.  Since at least 1997, most third-party payors understood that the AWP of a drug was not the provides' acquisition price.

Additionally, since January 2002, Warrick has sent the Iowa Department of Human Services and the Iowa Board of Pharmacy a monthly letter providing its high and low product prices to its three main classes of trade (wholesalers, chain and generic distributors).  Also, since January 2002, Schering Corporation has regularly furnished the Iowa Department of Human Services and the Iowa Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct Price for each branded product and package size sold by Schering Corporation.  Notwithstanding this information, Plaintiff knowingly chose to base Iowa Medicaid Program prescription drug reimbursement, in part, on the AWPs and/or WACs published by third-party publishing services. Since Plaintiff was aware since the early 1990s at the latest that the reimbursement rates it chose to pay providers were greater than the providers' acquisition costs, Plaintiff's delay in bringing its claim, and the claims of those persons on whose behalf it purports to bring this action, was unreasonable and prejudicial to the Warrick Defendants.  Accordingly, Plaintiff's claims, and the claims of any person on whose behalf Plaintiff purports to bring this action, are barred in whole or in part by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Over the past several decades, numerous publicly available agency reports, studies, news articles, materials from third-party publishing services, and other publications have set forth that the AWPs published by third-party publishing services do not reflect, and are not intended to reflect, actual provider acquisition costs, and are often higher.  Since at least 1997, most third-party payors understood that the AWP of a drug was not the providers' acquisition price. Additionally, since January 2002, Warrick has sent the Iowa Department of Human Services and the Iowa Board of Pharmacy a monthly letter providing its high and low product prices to its three main classes of trade (wholesalers, chain and generic distributors).  Also, since January

2002, Schering Corporation has regularly furnished the Iowa Department of Human Services and the Iowa Board of Pharmacy with a quarterly letter showing, among other things, a Net Direct Price for each branded product and package size sold by Schering Corporation.  Thus, Plaintiff was aware, during the relevant time period, that the reimbursement rates it was paying providers were greater than the providers' acquisition costs.  Plaintiff's continuous and longstanding use of AWPs and/or WACs published by third-party publishing services in calculating drug reimbursement rates operated as an approval of such AWPs and/or WACs on which the Warrick Defendants reasonably relied.  Thus, Plaintiff's claims, and the claims of any person on whose behalf Plaintiff purports to bring this action, are barred in whole or in part by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of any person on whose behalf Plaintiff purports to bring this action, are barred in whole or in part by the written rebate agreement(s) with the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, entitled "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement," which was entered into pursuant to 42 U.S.C. section 1986r-8.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any person on whose behalf Plaintiff purports to bring this action are barred in whole or in part by the Plaintiff's failure to join a necessary and/or indispensable party.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any person on whose behalf Plaintiff purports to bring this action against the Warrick Defendants are misjoined and must be severed.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Plaintiff's alleged injuries and damages were not legally or proximately caused by any acts or omissions of the Warrick Defendants or their employees and/or were caused, if at all, by the conduct of the Plaintiff and/or the intervening or superseding conduct of third parties.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Warrick defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims alleged herein, based on the facts alleged, are barred in whole or in part by Plaintiff's own negligence or gross negligence and the doctrines of comparative and/or contributory negligence.  Among other things, the claims disregard Iowa's obligations under federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege facts or a cause of action against the Warrick defendants sufficient to support an award of attorney's fees, penalties, compensatory damages, or punitive damages against Warrick defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff of penalty assessments and/or compensatory damages and/or punitive damages is barred in whole or in part because the amounts requested by Plaintiff are so excessive as to bear no rational relationship to a legitimate state interest in punishment or

deterrence or to appropriate compensation for Plaintiff's alleged losses. The amounts requested by Plaintiff would, if awarded, be arbitrary and capricious in violation of the Due Process Clauses of the United States and State of Iowa Constitutions.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state with particularity facts to support the fraud allegations, the fraudulent concealment and the multi-source allegations against the Warrick Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Warrick Defendants hereby give notice that they intend to rely on, and reserve the right to amend this Answer to include, any additional defenses of which they may learn through further investigation and/or discovery.

## JURY DEMAND

The Warrick Defendants hereby demand a trial by jury.

## CONCLUSION

WHEREFORE, the Warrick Defendants pray for judgment as follows:

1.      That Plaintiff take nothing from the Warrick Defendants by way of its Complaint, that the Complaint be dismissed with prejudice, and that judgment be entered in favor of the Warrick Defendants and against Plaintiff7;

2.      That the Warrick Defendants be awarded their costs of suit herein, including reasonable attorneys' fees; and

3.      That the Court provide such other relief as justice may require.

Schering-Plough Corporation, Schering
Corporation, and Warrick Pharmaceuticals
Corporation

By their attorneys,


/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
John P. Bueker (BBO#636435)
Kim B. Nemirow (BBO# 663258)

ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Date:   September 18, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 18, 2008, I caused a true and correct copy of Defendants Schering-Plough Corporation's, Schering Corporation's, And Warrick Pharmaceuticals Corporation's Answer To Iowa's Complaint to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

<div style="margin-left:40%;">

/s/ Kim B. Nemirow
Kim B. Nemirow

</div>