## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br> Master File No.: 01-CV-12257-PBS (original S. D. Iowa No. 4:07-cv-00461-JAJ-CFB) |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

### ANSWER AND AFFIRMATIVE DEFENSES OF IMMUNEX CORPORATION TO THE STATE OF IOWA'S COMPLAINT

Defendant Immunex Corporation ("Immunex"), by and through its attorneys, hereby states as an Answer and Affirmative Defenses to the State of Iowa's Complaint, dated October 9, 2007, as follows:

### PRELIMINARY STATEMENT

The State of Iowa's Complaint (the "Complaint") improperly refers to Immunex Corporation, other Defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Immunex.  This is insufficient to apprise Immunex of the allegations asserted against it.  Immunex has nevertheless attempted to respond to Plaintiff's allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of other persons or entities, Immunex is generally without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies those allegations.  For instance, the Complaint improperly joins defendants Immunex and Amgen Inc. ("Amgen") together as the "Amgen Group," even though they

are separate corporations and are sued as distinct and separate defendants.  To the extent that the allegations in the Complaint are directed to Amgen, no response is required of Immunex.  Immunex states that it is answering Plaintiff's allegations solely on behalf of itself, even when Plaintiff's allegations refer to alleged conduct by other persons or entities.

The Complaint improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Many of the allegations of the Complaint are vague or conclusory.  The Complaint also includes terms which are undefined and which are susceptible to different meanings.

The Complaint also contains purported quotations from a number of sources.  In answering allegations consisting of quotations, Immunex's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or Immunex's reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

Immunex denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole.  In addition, Immunex specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint. For ease of reference, Immunex has included in this Answer and Affirmative Defenses

certain captions used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, those captions.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## SPECIFIC RESPONSES

1.      Immunex admits that the State of Iowa (the "State") seeks to bring this action as alleged in Paragraph 1 of the Complaint, but Immunex denies that there is any basis for the State to do so and denies that the State is entitled to any relief.

2.      To the extent the allegations in Paragraph 2 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it "purposefully report[ed] false and inflated price information."  To the extent the allegations in Paragraph 2 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 3 through 4.  To the extent the allegations in Paragraphs 3-4 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it submitted "false and inflated pricing information in order to 'create a spread.'"  Immunex further denies the characterization of "spread" in Paragraphs 3-4.  To the extent the allegations in Paragraphs 3-4 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

5.      Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it "purposefully manipulate[d] a market that, by defendants' own design, is extremely complicated and non-transparent."  To the extent the allegations in Paragraph 6 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 7 through 8.  Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7-8.

9.      To the extent the allegations in Paragraph 9 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it engaged in any "unlawful price reporting activity [that] infects all four [pricing] benchmarks and renders each of them false and inflated."  To the extent the allegations in Paragraph 9 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

10.      Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, except that it admits that, during the period in which it sold medicines, it paid Medicaid rebates to Iowa and that such rebates lowered the price Iowa Medicaid paid for Immunex's prescription drugs.  To the extent the allegations in Paragraph 10 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

11.      To the extent the allegations in Paragraph 11 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it did not accurately report Best Prices.  To the extent the allegations in Paragraph 11 are directed at parties other than

4

Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

12.     To the extent the allegations in Paragraph 12 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it engaged in "unlawful pricing schemes," the "manipulation of the Medicaid program" or the "improper reporting of false and inflated pricing information" resulting in "overcharges . . . to the Iowa Medicaid Program."  To the extent the allegations in Paragraph 12 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

13.     To the extent the allegations in Paragraph 13 are directed at Immunex, Immunex denies them.   Immunex specifically denies that it engaged in "wrongful practices" that have a "pernicious . . . effect on the public fisc."  To the extent the allegations in Paragraph 13 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 14 through 15.  Immunex admits that it voluntarily participated in the Iowa Medicaid program up until when it ceased selling pharmaceuticals in 2002, but denies that it has violated any State or Federal law.  To the extent the allegations in Paragraphs 14-15 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 14-15 refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied.

16.     To the extent the allegations in Paragraph 16 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it "intentionally report[ed] false prices to the government."  To the extent the allegations in Paragraph 16 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

17.     To the extent the allegations in Paragraph 17 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it engages in "fraudulent, unfair and deceptive practices."  To the extent the allegations in Paragraph 17 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

18.     Immunex admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability to Plaintiff with respect to any such NDCs.  To the extent the allegations in Paragraph 18 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

19.     Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.  To the extent the allegations in Paragraph 19 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

20.     To the extent that the allegations in Paragraph 20 are directed at Immunex, Immunex denies them, except Immunex admits that, until 2002, it manufactured and sold prescription drugs and that it participated in the Iowa Medicaid Program.  To the extent

the allegations in Paragraph 20 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

21.     Immunex admits that it once conducted business in the State of Iowa, but that it has not done so since 2002.

Paragraphs 22 through 23.   The allegations in Paragraphs 22-23 are directed to other Defendants and require no response from Immunex.   To the extent a response is deemed to be required, Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 22-23.

24.     With respect to the allegations in Paragraphs 24 (a)-(b), Immunex admits that since July 2002 it has been a wholly owned subsidiary of Amgen, which is a Delaware corporation with its principal place of business in Thousand Oaks, California. Immunex further admits that it is a Washington state corporation that was formerly engaged in the business of manufacturing and selling pharmaceuticals.   Immunex further admits that its principal place of business was once located at 51 University Street, Seattle, Washington.   This Answer is submitted solely on behalf of Defendant Immunex, and Defendant Amgen is submitting a separate Answer.   Immunex otherwise denies the allegations in Paragraphs 24 (a)-(b) of the Complaint.

Paragraphs 25 through 58.   The allegations in Paragraphs 25-58 are directed to other Defendants and require no response from Immunex.   To the extent a response is deemed to be required, Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 25-58.

LEGAL14656847.1

59.     Immunex admits that the State seeks to bring this action as alleged in Paragraph 59, but Immunex denies there is any basis for the State to do so and denies that the State is entitled to any relief.

Paragraphs 60 through 61.  Paragraphs 60-61 state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Immunex denies the allegations in Paragraphs 60-61, and notes that this captioned matter has been transferred to this Court by the Judicial Panel on Multi District Litigation, pursuant to 28 U.S.C. § 1407.

62.     With respect to the allegations in Paragraph 62, Immunex admits that Medicaid was established by Title XIX of the Social Security Act.  Immunex further states that the provisions of Title XIX speak for themselves, and any characterizations thereof are denied.

63.     Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, except Immunex admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in Paragraph 63 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 64 through 65.  Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 64-65.  To the extent the allegations in Paragraphs 64-65 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

66.     Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, except admits that national drug codes are assigned to prescription drugs.

67.     To the extent the allegations in Paragraph 67 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Immunex otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.  To the extent the allegations in Paragraph 68 refer to an OIG report, the report speaks for itself, and any characterizations thereof are denied.

69.     Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.  To the extent the allegations in Paragraph 69 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

70.     Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

Paragraphs 71 through 72.  To the extent the allegations in Paragraphs 71-72 are directed at Immunex, Immunex denies them.  Immunex further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not

intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 71-72 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 73 through 80.  Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 73-80 or their subsections. To the extent the allegations in Paragraphs 73-80 or their subsections refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

81.     Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, except that it admits that pricing compendia such as First DataBank and Medi-Span publish AWPs and FULs, and denies that Immunex had any control over such prices.

82.     To the extent the allegations in Paragraph 82 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it "purposefully and fraudulently conceal[ed]" the "true prices" of its drugs by "claiming they are proprietary trade secrets."  To the extent the allegations in Paragraph 82 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

83.     Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     To the extent the allegations in Paragraph 84 are directed at Immunex, Immunex denies them.   Immunex specifically denies that it "fraudulently misrepresent[ed]" its true prices or that it reported "false and inflated prices."   To the extent the allegations in Paragraph 84 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

85.     To the extent the allegations in Paragraph 85 are directed at Immunex, Immunex denies them, except that Immunex admits that Exhibit A purports to identify total expenditures by Defendant.   Immunex specifically denies any "unfair practices, deception, and fraud."   To the extent the allegations in Paragraph 85 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

86.     To the extent the allegations in Paragraph 86 are directed at Immunex, Immunex denies them.   Immunex specifically denies conducting any "fraudulent practices."   To the extent the allegations in Paragraph 86 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 87 through 89.  To the extent the allegations in Paragraphs 87-89 are directed at Immunex, Immunex denies them.   Immunex specifically denies that it reported "false and inflated" "WACs or WAC equivalents."   To the extent the allegations in Paragraphs 87-89 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

11

Paragraphs 90 through 92.  To the extent the allegations in Paragraphs 90-92 are directed at Immunex, Immunex denies them.  Immunex further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia.  To the extent the allegations in Paragraphs 90-92 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 93 through 98.  To the extent the allegations in Paragraphs 93-98 are directed at Immunex, Immunex denies them, except Immunex admits that, during the period in which it sold medicines, it provided the list price of its pharmaceuticals to certain industry pricing compendia and that publishers applied their own markups to the list prices.  Immunex specifically denies that it "either report[ed] or caused to be reported false and inflated AWPs," "false WAC or WAC equivalents," or that Immunex "alone control[led] the false and inflated AWPs that [were] published for [its] drugs."  Immunex further denies that it communicated suggested AWPs to the publishers after 1995.  Immunex also states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 93-98 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

99.     Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.    To the extent the allegations in Paragraph 100 are directed at Immunex, Immunex denies them.  To the extent the allegations in Paragraph 100 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

101.    To the extent the allegations in Paragraph 101 or the exhibit referenced therein are directed at Immunex, Immunex denies them.  To the extent the allegations in Paragraph 101 or the exhibit referenced therein are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 102 through 108.  The allegations in Paragraphs 102-108 require no response from Immunex on the grounds that Exhibit B does not name any Immunex drugs subject to the FUL.  To the extent the allegations in Paragraphs 102-108 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

109.    The allegations in Paragraph 109 require no response from Immunex on the grounds that the Iowa SMAC claims have been dismissed by the Court.

Paragraphs 110 through 128.  To the extent the allegations in Paragraphs 110-128 are directed at Immunex, Immunex denies them, except Immunex admits that it has executed a rebate agreement with HHS.  Immunex further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Immunex.  In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied. To the extent the allegations in Paragraphs 110-128 are directed at parties other than

Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 110-128 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 129 through 132. To the extent the allegations in Paragraphs 129-132 are directed at Immunex, Immunex denies them, and further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Immunex. To the extent the allegations in Paragraphs 129-132 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 129-132 refer to statutes, regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

133. To the extent the allegations in Paragraph 133 are directed at Immunex, Immunex denies them. Immunex specifically denies that it has participated in any "pricing scheme . . . by exacerbating the complexities of the . . . drug market." To the extent the allegations in Paragraph 133 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

134. To the extent the allegations in Paragraph 134 are directed at Immunex, Immunex denies them. Immunex specifically denies that it "purposefully conceal[ed its] true prices." To the extent the allegations in Paragraph 134 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 134 refer to the transcript of a

congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

135.    To the extent the allegations in Paragraph 135 are directed at Immunex, they are denied.  To the extent the allegations in Paragraph 135 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

136.    To the extent the allegations in Paragraph 136 are directed at Immunex, they are denied, except Immunex admits that certain of its contracts are subject to confidentiality agreements and that, during the period in which it manufactured and sold pharmaceuticals, Immunex did offer discounts to certain of its customers.  To the extent the allegations in Paragraph 136 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

137.    To the extent the allegations in Paragraph 137 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it "obscure[ed] the true prices for [its] drugs with [its] policy of treating different classes of trade differently."  To the extent the allegations in Paragraph 137 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 138 through 139.  To the extent the allegations in Paragraphs 138-139 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it "maintain[ed] two sets of pricing records:  one with [] inflated prices and another with [] actual prices."  To the extent the allegations in Paragraphs 138-139 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a

LEGAL14656847.1

belief as to their truth.  To the extent the allegations in Paragraphs 138-139 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

Paragraphs 140 through 141.  To the extent the allegations in Paragraphs 140-141 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it "hid[ its] real drugs prices by secretly providing free drugs and phony grants" or that it concealed its true prices "to create spreads between actual cost and reimbursement amounts . . . to influence market share."  To the extent the allegations in Paragraphs 140-141 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

142.    To the extent the allegations in Paragraph 142 are directed at Immunex, Immunex denies them.  To the extent the allegations in Paragraph 142 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

143.    To the extent the allegations in Paragraph 143 are directed at Immunex, Immunex denies them.  Immunex further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraph 143 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 144 through 145.  To the extent the allegations in Paragraphs 144-145 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it has engaged in any "unlawful and undisclosed manipulation of the price reporting system" or caused the "publication of a false WAC," AWP, or FUL.  To the extent the allegations in Paragraphs 144-145 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

146.    To the extent the allegations in Paragraph 146 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it has "caus[ed] false prices to be published."  To the extent the allegations in Paragraph 146 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

147.    To the extent the allegations in Paragraph 147 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it "submit[s] false and inflated wholesale price information in order to create a spread."  Immunex further denies the characterization of "spread" in Paragraph 147.   Immunex also denies that it communicated suggested AWPs to the publishers after 1995.   To the extent the allegations in Paragraph 147 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

148.    To the extent the allegations in Paragraph 148 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it has "corrupted the market for prescription drugs" or has "deliberately sought to create a powerful financial incentive for providers to prescribe drugs based primarily on the spread."  Immunex further denies the

characterization of "spread" in Paragraph 148.  To the extent the allegations in Paragraph 148 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 149 through 150.  To the extent the allegations in Paragraphs 149-150 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it "market[ed its] products based on the spread between reimbursement (based on AWP, WAC, or a WAC equivalent) and actual acquisition cost" or that it "compete[d] on reimbursement and profit rather than cost."  To the extent the allegations in Paragraphs 149-150 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 151 through 152.  To the extent the allegations in Paragraphs 151-152 are directed at Immunex, Immunex denies them.  To the extent the allegations in Paragraphs 151-152 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 151-152 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

Paragraphs 153 through 154.  To the extent the allegations in Paragraphs 153-154 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it has "intentionally manipulat[ed] the nation's drug reimbursement system . . . with false and inflated prices."  To the extent the allegations in Paragraphs 153-154 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 155 through 157.  To the extent the allegations in Paragraphs 155-157 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it reported "reimbursement prices . . . to the publishing compendia" or that it engaged in "purposeful AWP manipulation."  Immunex further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 155-157 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 155-157 refer to HHS OIG reports, the reports speak for themselves, and any characterizations thereof are denied.

158.    To the extent the allegations in Paragraph 158 are directed at Immunex, Immunex denies them.  Immunex specifically denies that it reported "price information that . . . does not comply with the HHS OIG's guidelines" by not accounting for various types of discounts.  To the extent the allegations in Paragraph 158 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 159 through 165.  Immunex denies knowledge or information to form a belief as to the truth of the allegations in Paragraphs 159-165, except Immunex admits that, until 2002 when it ceased manufacturing and selling medicines, it participated in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for Immunex drugs.  Immunex further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally

understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average. To the extent the allegations in Paragraphs 159-165 refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied.

166.   To the extent the allegations in Paragraph 166 are directed at Immunex, Immunex denies them. To the extent the allegations in Paragraph 166 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 167 through 171. To the extent that the allegations in Paragraphs 167-171 are directed at Immunex, Immunex denies them, except Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegation that the "Iowa Medicaid Program spent over $1.6 billion for defendants' drugs between 1992 and 2005 alone." Immunex specifically denies that it "knowingly interfered with Iowa's ability to reimburse providers at EAC." To the extent the allegations in Paragraphs 167-171 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 172 through 177. With respect to the allegations in Paragraphs 172-177, Immunex admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein. To the extent the remaining allegations in Paragraphs 172-177 or Exhibit B are directed at Immunex, Immunex denies them. Immunex specifically denies that it

"routinely submitted false prices" to pricing compendia. Immunex further denies the characterization of "spread" in Paragraphs 172-177 and Exhibit B. To the extent the allegations in Paragraphs 172-177 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

178. To the extent the allegations in Paragraph 178 are directed at Immunex, Immunex denies them. To the extent the allegations in Paragraph 178 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

179. To the extent the allegations in Paragraph 179 are directed at Immunex, Immunex denies them, except Immunex admits that its contracts with purchasers sometimes included discounts. To the extent the allegations in Paragraph 179 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

180. To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at Immunex, Immunex denies them. To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 181 through 205. The allegations in Paragraphs 181-205 are directed to other Defendants and require no response from Immunex. To the extent a response is deemed to be required, Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 181-205.

21

206.    Immunex admits that the specific NDCs for which Plaintiffs seek relief are set forth on revised Exhibit B-3, but denies that Plaintiffs have any basis to do so. Immunex further denies the accuracy of the information in Exhibit B-3 and objects to the lumping together of Amgen and Immunex drugs into one group, and objects to the inclusion of data or information after Immunex stopped selling any medicines. Immunex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 206, and on that basis denies the allegations.

207.    To the extent the allegations in Paragraph 207 are directed at Immunex, Immunex denies the allegations. Immunex specifically denies that it maintained "false and inflated reimbursement prices" and the accuracy of the information and data in Exhibit B-3. To the extent the allegations in Paragraph 207 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

208.    To the extent the allegations in Paragraph 208 are directed at Immunex, Immunex denies the allegations. To the extent the allegations in Paragraph 208 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

209.    To the extent that the allegations in Paragraph 209 refer to third-party sources, those sources speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraph 209 are directed at Immunex, Immunex denies the allegations. To the extent the allegations in Paragraph 209 are directed at Amgen,

Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

210 – 215.     The allegations in Paragraphs 210-215 are directed to Amgen and therefore require no response from Immunex.  To the extent allegations in Paragraphs 210-215 are deemed to include allegations against Immunex, Immunex denies them.

216.     To the extent the allegations in Paragraph 216 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in Paragraph 216 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

217.     To the extent the allegations in Paragraph 217 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in Paragraph 217 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

218.     To the extent the allegations in Paragraph 218 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in Paragraph 218 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

219.     To the extent the allegations in Paragraph 219 are directed at Immunex, Immunex denies the allegations.  To the extent the allegations in Paragraph 219 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

LEGAL14656847.1

220.    To the extent that the allegations in Paragraph 220 refer to Amgen's 2002 Form 10-K, that source speaks for itself, and any characterizations thereof are denied. To the extent the allegations in Paragraph 220 are directed at Immunex, Immunex denies the allegations. To the extent the allegations in Paragraph 220 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

221.    To the extent that the allegations in Paragraph 221 refer to Amgen's Answer to the AMCC's Second Amended Consolidated Complaint, that source speaks for itself, and any characterizations thereof are denied. Immunex specifically denies that Amgen's pleadings can be attributed to Immunex, and therefore denies the allegations in Paragraph 221.

222.    To the extent that the allegations in Paragraph 222 refer to Amgen's Form 10-K, that source speaks for itself, and any characterizations thereof are denied. To the extent the allegations in Paragraph 222 are directed at Immunex, Immunex denies the allegations except that it admits that, up until it ceased manufacturing and selling pharmaceuticals in 2002, it sold some products at prices discounted from list prices. To the extent the allegations in Paragraph 222 are directed at Amgen, Immunex is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

223.    The allegations in Paragraph 223 are directed to Amgen and therefore require no response from Immunex. To the extent allegations in Paragraph 223 are deemed to include allegations against Immunex, Immunex denies them.

Paragraphs 224 through 613.  The allegations in Paragraphs 263-613 are directed to other Defendants and require no response from Immunex.  To the extent Paragraph 283 references Immunex, Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283.  To the extent a response is deemed to be required to the remaining paragraphs, Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 263-613.

Paragraphs 614 through 616.  To the extent the allegations in Paragraphs 614-616 are directed at Immunex, Immunex denies them, except Immunex denies knowledge or information sufficient to form a belief as to the truth of the allegation that Iowa's Medicaid program "spent over $1.6 billion for defendants' drugs in state and federal dollars from 1992 through 2005 alone."  Immunex specifically denies that it was involved in any "false price reporting scheme" or "misconduct," or that it has been "unjustly enriched."  To the extent the allegations in Paragraphs 614-616 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

Paragraphs 617 through 632.  To the extent the allegations in Paragraphs 617-632 are directed at Immunex, Immunex denies them.  Immunex further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 617-632 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.  To the

extent the allegations in Paragraph 630 refer to *The Pink Sheet*, that document speaks for itself, and any characterizations thereof are denied.

## COUNT I

### VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8
### (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

633.    In response to Paragraph 633, Immunex repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 632.

Paragraphs 634 through 642.  To the extent the allegations in Paragraphs 634-642 are directed at Immunex, Immunex states that the Court has dismissed the claim to which these allegations relate.  To the extent that a response is still required, Immunex denies the allegations as to itself.  To the extent the allegations in Paragraphs 634-642 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

## COUNT II

### BREACH OF CONTRACT

643.    In response to Paragraph 643, Immunex repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 642.

Paragraphs 644 through 651.  To the extent the allegations in Paragraphs 644-651 are directed at Immunex, Immunex states that the Court has dismissed the claim to which these allegations relate.  To the extent that a response is still required, Immunex denies

the allegations as to itself.  To the extent the allegations in Paragraphs 644-651 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.

## COUNT III

### IOWA CONSUMER FRAUD ACT
### (Iowa Code § 714.16)

652.    In response to Paragraph 652, Immunex repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 651.

653.    To the extent the allegations in Paragraph 653 and the exhibits referenced therein are directed at Immunex, Immunex denies them.  To the extent the allegations in Paragraph 653 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 653 refers to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 654 through 657.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto are directed at Immunex, Immunex denies them.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto refer to statutes, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto contain legal conclusions, no response is required.

**COUNT IV**

**FRAUD**

658.    In response to Paragraph 658, Immunex repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 657.

Paragraphs 659 through 662.  To the extent the allegations in Paragraphs 659-662 and the exhibits referenced therein are directed at Immunex, Immunex denies them.  To the extent the allegations in Paragraphs 659-662 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 659-662 refer to Iowa law, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 659-662 contain legal conclusions, no response is required.

**COUNT VIII**

**UNJUST ENRICHMENT**

663.    In response to Paragraph 663, Immunex repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 662.

Paragraphs 664 through 666.  To the extent the allegations in Paragraphs 664-666 are directed at Immunex, Immunex denies them.  To the extent the allegations in Paragraphs 664-666 are directed at parties other than Immunex, Immunex denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 664-666 contain legal conclusions, no response is required.

LEGAL14656847.1

Paragraphs 667 through 675. Immunex denies that the State is entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 667-675 of the Complaint.

**WHEREFORE**, Immunex demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## DEFENSES AND AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Immunex does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiff is relieved of their burdens to prove each and every element of their claims and the damages, if any, to which they are entitled. As for its defenses and affirmative defenses, Immunex asserts the following:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Immunex has not acted in a manner that is illegal, oppressive, or fraudulent and in fact Immunex acted in good faith, with just cause, and in accordance with established industry practices and government requirements and policies.

### Third Defense

The federal government adopted AWP as a reimbursement benchmark with knowledge that it was not a calculation of actual average prices and with no express or implicit definition contrary to industry practice. For public policy and other reasons, the

federal government retained AWP as a reimbursement benchmark in the face of years of criticism that it was not a calculation of actual average prices.  To the extent Plaintiff has adopted the federal government's AWP term, Plaintiff is bound by the defenses applicable to the federal government.  Among the defenses that arise from those and other relevant circumstances are the following:

A.      Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

B.      Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine. The relief sought by Plaintiff would interfere with legislative decisions and functions.

C.      Plaintiff's claims are barred, in whole or in part, because Immunex has complied with all applicable statutes and regulations.

D.      Plaintiff's claims are barred, in whole or in part, because they violate Immunex's rights under the Due Process and Ex Post Facto Clauses of the United States Constitution, as well as the Iowa State Constitution, insofar, among other things, as the Plaintiff seek to impose liability under vague or nonexistent standards or retroactively for conduct that was not actionable at the time it occurred.

E.      Plaintiff's claims are barred, in whole or in part, because Immunex did not make any false statements to Plaintiff.  Immunex had no reasonable grounds to believe, and did not believe, that any statement was false or misleading or capable of being false or misleading.

F.      The communications and conduct of Immunex and others are protected by the First Amendment to the United States Constitution, the Iowa Constitution, and

common law privileges, and it would violate those protections to construe the AWP practice and term of art as fraudulent.

G.      Plaintiff's claims are barred, in whole or in part, by the government contractor and similar defenses because the reimbursement system, including the use of AWP in excess of actual average prices, was designed and approved by the federal government to serve its purposes.

H.      Immunex relied on the policies and practices of the federal and Iowa governments, and the Plaintiff is estopped or otherwise barred from seeking to impose liability for such reliance.

I.      Plaintiff's approach to AWP would discourage legitimate price competition and is inconsistent with and preempted by the Sherman Act.

### Fourth Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the federal Medicare Act, the federal Medicaid Act, and the Prescription Drug, Improvement and Modernization Act of 2003, including all regulations promulgated under those acts.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or expressive conduct by Immunex, healthcare providers, or others directed at judicial, legislative, or administrative bodies of government.

## Sixth Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

## Seventh Defense

Plaintiff's claims are preempted by the Commerce Clause and/or dormant Commerce Clause of the United States Constitution.

## Eighth Defense

To the extent Plaintiff or the State of Iowa recovers or benefits from another entity's recovery in this or any other case or through any other method predicated on the same factual allegations, Plaintiff is barred on the basis of res judicata, collateral estoppel, and the prohibition on double recovery, from seeking recovery against Immunex based on the Complaint.

## Ninth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

## Tenth Defense

Plaintiff's claims are barred, in whole or in part, due to their failure to join indispensable parties.

## Eleventh Defense

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by the Plaintiff were the result of their own conduct or the intervening or superseding conduct of third parties.

## Twelfth Defense

Plaintiff's claims are barred, in while or in part, because Plaintiff has not suffered damages as a result of the matters alleged in the Complaint.

## Thirteenth Defense

Plaintiff's claims for damages are barred, in whole or in part because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

## Fourteenth Defense

Plaintiff's claims for damages are barred, in whole or in part because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery and the allocation of any fault, if any exists, attributable to Immunex.

## Fifteenth Defense

Plaintiff's claims for damages are barred, in whole or in part, because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

## Sixteenth Defense

Immunex is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

## Seventeenth Defense

Maintenance of this action in one proceeding against many defendants would violate Immunex's rights as provided by the United States and Iowa Constitutions by denying Immunex procedural and substantive safeguards.

## Eighteenth Defense

Plaintiff fails to state with particularity facts to support their claims of fraudulent conduct, fraudulent concealment, and multi-source allegations against Immunex.

## Nineteenth Defense

Plaintiff's claims are barred, in whole or in part, by the state action doctrine.

## Twentieth Defense

Immunex's conduct was not the proximate cause or cause in fact of any alleged loss or damage sustained by Plaintiff.

## Twenty-First Defense

To the extent that Plaintiff seek equitable relief against Immunex, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

LEGAL14656847.1

## **Twenty-Second Defense**

Immunex denies that it has engaged in any conduct that entitles the Plaintiff to recover punitive damages and avers that the Complaint fails to state a claim upon which punitive damages may be awarded to the Plaintiff.

## **Twenty-Third Defense**

Plaintiff's claims for punitive damages against Immunex violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions contained in the Constitution of the State of Iowa on the following grounds:

A.      any punitive damages would be excessive, penal in nature, and subject Immunex to multiple and retroactive liability and deny Immunex constitutionally adequate standards, instructions, and procedures;

B.      the Plaintiff's claims for punitive damages are barred by the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

C.      the Plaintiff's claim for punitive damages against Immunex cannot be sustained without the apportionment of the award separately and severally between or among the defendants and other alleged responsible parties, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor;

D.      the Plaintiff's claim for punitive damages would violate Immunex's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

LEGAL14656847.1

### Twenty-Fourth Defense

To the extent that punitive damages are sought, Plaintiff's punitive damages claims against Immunex are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages.

### Twenty-Fifth Defense

Plaintiff did not rely on the allegedly fraudulent statements or representations of Immunex.

### Twenty-Sixth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a consumer within the meaning of the Iowa Consumer Fraud Act.

### Twenty-Seventh Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a person within the meaning of the Iowa Consumer Fraud Act.

### Twenty-Eighth Defense

Some or all of Plaintiff's claims against Immunex arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

### Twenty-Ninth Defense

Any and all of Immunex's payment of Medicaid rebates to the State of Iowa reduces or eliminates the amount of damages alleged by Plaintiff.  All rebates paid by Immunex to the State of Iowa should be taken into account in determining the amount of damages, if any, to which Plaintiff is entitled.

### Thirtieth Defense

Plaintiff's claims against Immunex are barred because Plaintiff and/or its agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of pharmaceuticals.  Legal and equitable principles preclude this action for damages and injunctive relief.

### Thirty-First Defense

The claims alleged herein, based on the facts alleged, are barred in whole or in part by Plaintiff's own negligence or gross negligence and the doctrines of comparative and/or contributory negligence.  Among other things, the claims disregard Iowa's obligations under federal law.

### Thirty-Second Defense

Plaintiff's prayers for relief in the form of restitution are barred, in whole or in part, because Immunex did not retain any money belonging to Plaintiff as a result of any alleged overpayments.

### Thirty-Third Defense

Plaintiff's claims for fraud and fraudulent concealment are barred because the Plaintiff cannot predicate a claim for fraud on reliance by a third party.

### Thirty-Fourth Defense

Plaintiff's claims against Immunex are barred because Plaintiff lacks standing or capacity to bring the some or all of the claims asserted against Immunex under Iowa law.

## Thirty-Fifth Defense

Plaintiff's claims against Immunex are barred in whole or in part by the doctrine of voluntary payment.

## Thirty-Sixth Defense

Plaintiff's claims against Immunex for unjust enrichment are barred because the Complaint does not allege that Defendants received any payment or property from the Plaintiff.

## Thirty-Seventh Defense

Plaintiff's claims against Immunex for injunctive relief against Immunex are barred by the doctrines of *in pari delicto* and/or unclean hands.

## Thirty-Eighth Defense

Plaintiff's claims against Immunex are misjoined with Plaintiff's claims against other Defendants and must be severed.

## Thirty-Ninth Defense

Any damages recovered by the Plaintiff must be limited by any applicable statutory ceiling on recoverable damages.

## Fortieth Defense

Plaintiff fails to allege facts or a cause of action against Immunex sufficient to support a claim for prejudgment interest or any other relief.

## Forty-First Defense

Plaintiff has not suffered, and will not suffer, any injuries to a legally protected or cognizable interest by reason of the conduct of Immunex as alleged in the Complaint.

## Forty-Second Defense

Plaintiff fails to allege facts or a cause of action sufficient to support a claim against Immunex for compensatory damages, attorneys' fees, enhanced damages, treble damages and/or legal fees or costs.

## Forty-Third Defense

Immunex denies that Plaintiff has valid consumer protection claims against Immunex under Iowa Consumer Fraud Act.  However, if such claims are found to exist, Immunex pleads all available defenses under the Act.

## Forty-Fourth Defense

Immunex adopts by reference any additional applicable defense pled by any other defendant not otherwise pled in this answer.

## Forty-Fifth Defense

Immunex hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.  Immunex also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part of it, is governed by the substantive law of a state other than Iowa.

LEGAL14656847.1

Respectfully submitted,

Dated:  September 18, 2008

 /s/ **Kathleen M. O'Sullivan**
David J. Burman
Kathleen M. O'Sullivan
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4000
Seattle, WA 98101
Telephone:  (206) 359-8000
Facsimile:  (206) 359-9000

Counsel for Defendant Immunex Corporation

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the ANSWER AND AFFIRMATIVE DEFENSES OF IMMUNEX CORPORATION TO THE STATE OF IOWA'S COMPLAINT was delivered to all counsel of record by sending a copy to LexisNexis File and Serve, on September 18, 2008, for posting and notification to all parties.

September 18, 2008                              /s/ Kathleen M. O'Sullivan__
                                               Kathleen M. O'Sullivan