# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) MDL No. 1456 |
| THIS DOCUMENT RELATES TO<br>*State of Iowa v. Abbott Laboratories, et al.* | ) Master File No.: 01-CV-12257 PBS ) (original S. D. Iowa No. 4:07-cv-00461- ) JAJ-CFB ) Judge Patti B. Saris |

## ANSWER OF DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION TO THE STATE OF IOWA'S COMPLAINT

Defendant Novartis Pharmaceuticals Corporation ("NPC"), for its Answer to the State of Iowa's Complaint (the "Complaint") in the captioned action, by its undersigned counsel, alleges upon knowledge as to itself, and upon information and belief as to all other matters, as follows:

1.    Denies each and every allegation set forth in numbered paragraph 1 of the Complaint as to NPC, except admits that Plaintiff purports to bring this lawsuit to recover damages as set forth therein.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 1 of the Complaint.  To the extent that numbered paragraph 1 of the Complaint states conclusions or characterizations of law, no response is required.

2.    Denies each and every allegation set forth in numbered paragraph 2 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 2 of the Complaint states conclusions or characterizations of law, no response is required.

3.    Denies each and every allegation set forth in numbered paragraph 3 of the Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

4.   Denies each and every allegation set forth in numbered paragraph 4 of the Complaint as to NPC, except states that prescription drugs are dispensed only on a physician's or other qualified medical professional's order, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

5.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 5 of the Complaint, except states that: (i) prescription drugs are dispensed only on a physician's or other qualified medical professional's order, and (ii) NPC markets brand name prescription drugs in the United States and does not market generic drugs.

6.   Denies each and every allegation set forth in numbered paragraph 6 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

7.   Admits that all amounts paid by Iowa Medicaid to pharmacy providers for providing brand name prescription drugs to Medicaid beneficiaries and the federal rebates received from manufacturers are relevant to determining the net price paid by Iowa Medicaid for such drugs, denies that those are the only relevant factors in determining the net price paid by Iowa Medicaid for drugs dispensed to Medicaid beneficiaries and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 7 of the Complaint.  To the extent that numbered paragraph 7 states conclusions or characterizations of law regarding prescription drug reimbursement under Medicaid and federal Medicaid rebates, no response is required.

8.   Admits that certain federal and state laws and regulations, such as 42 C.F.R. § 447.512 and Iowa Admin. Code § 441-79.1, contain certain provisions which govern the

reimbursements that Iowa Medicaid may be required to pay to providers for prescription drugs; respectfully refers the Court to 42 C.F.R. § 447.512 and Iowa Admin. Code § 441-79.1 for a full and complete reading of their provisions regarding prescription drug reimbursement under Medicaid; states that to the extent that numbered paragraph 8 states conclusions or characterizations of law regarding prescription drug reimbursement under Medicaid, no response is required; and otherwise denies the allegations set forth therein.

9.   Admits that Iowa Admin. Code § 441-79.1 and the current Iowa Medicaid Provider Manual refer to "several factors," including "average wholesale price (AWP)," "Federal Upper Limit (FUL)," "Maximum Allowable Cost (MAC)," and "State Maximum Allowable Cost (SMAC)," on which reimbursement for prescription drugs under Iowa's Medicaid program is based; respectfully refers the Court to Iowa Admin. Code § 441-79.1 and the current Iowa Medicaid Provider Manual for a full and complete reading of their provisions regarding reimbursement for prescription drugs under Iowa's Medicaid program; denies each and every other allegation set forth in numbered paragraph 9 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 9 of the Complaint states conclusions or characterizations of law regarding reimbursement for prescription drugs under Iowa's Medicaid program, no response is required.

10. Admits that NPC pays Iowa large rebates on Iowa's reimbursements for NPC products dispensed to Iowa Medicaid patients in order to reduce the net price paid by Iowa for such reimbursments, that such payments are made pursuant to a federal contract and a supplemental state contract, and that such federal contract is entered into pursuant to 42 U.S.C. § 1396r-8; respectfully refers the court to the statute for its full and complete provisions; states that

to the extent that numbered paragraph 10 and numbered footnote 1 of the Complaint state conclusions or characterizations of law regarding federal Medicaid rebate agreements, no response is required; and otherwise denies the allegations set forth in numbered paragraph 10 and numbered footnote 1 of the Complaint as to NPC.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 10 and numbered footnote 1 of the Complaint.

11. NPC states that no response is required to numbered paragraph 11 of the Complaint, because the Court has already dismissed all "Best Price claims" as to NPC.  To the extent that a response may be required, NPC admits that certain federal laws and regulations, including 42 U.S.C. § 1396r-8, contain certain provisions regarding "Best Price" and federal Medicaid rebates that drug manufacturers may be required to pay; respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of its provisions regarding "Best Price" and federal Medicaid rebates; states that to the extent that numbered paragraph 11 of the Complaint state conclusions or characterizations of law regarding "Best Price" and federal Medicaid rebates, no response is required; and otherwise denies the allegations set forth in numbered paragraph 11 of the Complaint as to NPC.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 11 of the Complaint.

12. Denies each and every allegation set forth in numbered paragraph 12 of the Complaint as to NPC and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 12 of the Complaint states conclusions or characterizations of law, no response is required.

13. Denies each and every allegation set forth in numbered paragraph 13 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief

as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 13 of the Complaint states conclusions or characterizations of law, no response is required.

14. Denies each and every allegation set forth in numbered paragraph 14 of the Complaint as to NPC, except admits that NPC is a party to a Federal Medicaid agreement pursuant to which NPC pays rebates to Iowa Medicaid if and when Iowa Medicaid reimburses a pharmacy for an NPC product dispensed to an Iowa Medicaid beneficiary; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent that numbered paragraph 14 of the Complaint states conclusions or characterizations of law, no response is required.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 15 of the Complaint as to NPC, except states that NPC has always dealt truthfully and honestly with the State of Iowa, and respectfully refers the Court to *North Memorial Medical Ctr. v. Gomez*, 59 F.3d 735, 739 (8th Cir. 1995) for a full and complete reading of its contents.  To the extent that numbered paragraph 15 of the Complaint states conclusions or characterizations of law, no response is required.

16. Denies each and every allegation in numbered paragraph 16 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 16 of the Complaint states conclusions or characterizations of law, no response is required.

17. Denies each and every allegation in numbered paragraph 17 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 17 of the Complaint states conclusions or characterizations of law, no response is required.

18. Denies each and every allegation set forth in numbered paragraph 18 of the Complaint as to NPC, except admits that there is a separate National Drug Code ("NDC") for each dosage and package size of each drug manufactured by NPC, and that Exhibits B-1 through B-33 purport to list the specific NDCs at issue in this litigation.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 18 of the Complaint.

19. Admits that Plaintiff purports to bring this action pursuant to, *inter alia*, the Iowa Consumer Fraud Act, Iowa Code § 714.16, and the common law and statutory authority of the Attorney General to represent the State of Iowa, but denies that there is any basis in law or fact on which Plaintiff is permitted to do so.

20. Denies each and every allegation in numbered paragraph 20 of the Complaint as to NPC, except admits that NPC is a party to a Federal Medicaid agreement pursuant to which NPC pays rebates to Iowa Medicaid if and when Iowa Medicaid reimburses a pharmacy for an NPC product dispensed to an Iowa Medicaid beneficiary; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 20 of the Complaint states conclusions or characterizations of law, no response is required.

21. Admits that NPC does business in the State of Iowa, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 21 of the Complaint.

22-44. Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraphs 22-44 of the Complaint.

45.  Denies each and every allegation set forth in numbered paragraph 45 of the Complaint as to NPC, except states that: (i) NPC is a Delaware corporation with its principal place of business at One Health Plaza, East Hanover, New Jersey 07936, (ii) NPC is engaged in manufacturing, marketing, and selling brand name prescription drugs in the United States, (iii) prior to December 1, 2003, Sandoz Inc., a separately named and represented Defendant in this action, engaged in manufacturing, marketing, and selling generic drugs, conducted business under the name Geneva Pharmaceuticals, Inc., (iv) prior to June 30, 2000, NPC and Sandoz Inc. were separately managed affiliated companies, (v) between June 30, 2000 and September 26, 2007, Sandoz Inc. was an independently managed and operated subsidiary of NPC, and (vi) since September 26, 2007, NPC and Sandoz Inc. have remained separately managed affiliated companies; and NPC otherwise respectfully refers the Court to Sandoz Inc.'s Answer.

46-54.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraphs 46-54 of the Complaint.

55.  Denies each and every allegation set forth in numbered paragraph 55 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 55 of the Complaint states conclusions or characterizations of law, no response is required.

56.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 56 of the Complaint, except denies that NPC participated in the course of conduct alleged herein.

57.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 57 of the Complaint, except denies that NPC participated in the coffenses alleged in the Complaint or performed acts and made statements in

furtherance of the alleged illegal conduct.  To the extent that numbered paragraph 57 of the Complaint states conclusions or characterizations of law, no response is required.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 58 of the Complaint, except denies that NPC engaged in the alleged unlawful acts referred to herein.  To the extent that numbered paragraph 58 of the Complaint states conclusions or characterizations of law, no response is required.

59. Admits that Plaintiff purports to assert claims for violation of the Social Security Act, 42 U.S.C. § 1396 *et seq*, the Iowa Consumer Fraud Act, Iowa Code § 714.16, and for breach of contract, unjust enrichment, and common law fraud, but denies that there is any basis in law or fact on which Plaintiff is permitted to do so as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 59 of the Complaint states conclusions or characterizations of law, no response is required.

60. Admits that Plaintiff claims that this Court has subject matter and supplemental jurisdiction, but denies that subject matter and supplemental jurisdiction is proper, and respectfully refers the Court to 28 U.S.C. § 1331, 42 U.S.C. § 1396 *et seq.*, 42 U.S.C. § 1396r-8, and 28 U.S.C. § 1367 for a full and complete reading of their provisions.  To the extent that numbered paragraph 60 of the Complaint states conclusions or characterizations of law, no response is required.

61. Denies each and every allegation set forth in numbered paragraph 61 of the Complaint as to NPC; except admits that Plaintiff claims that venue is proper; respectfully refers the Court to 28 U.S.C. §§ 1391(b) and (c) for a full and complete reading of their provisions; and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that numbered paragraph 61 of he Complaint states conclusions or characterizations of law, no response is required.

62. Admits that Title XIX of the Federal Social Security Act (the "Act"), 42 U.S.C. §§ 1396 *et seq.*, established the program known as Medicaid (the "Medicaid Program"); respectfully refers the Court to 42 U.S.C. §§ 1396 *et seq.* for a full and complete reading of the provisions of the law governing the Medicaid Program; states that, to the extent that numbered paragraph 62 of the Complaint states conclusions or characterizations of the law governing the Medicaid Program, no response is required; and otherwise denies the allegations set forth in numbered paragraph 62 of the Complaint.

63. Admits that state participation in the Medicaid Program is voluntary; respectfully refers the Court to 42 U.S.C. §§ 1396a(a) and (b) for a full and complete reading of the provisions of the law regarding state participation in the Medicaid Program; and otherwise denies the allegations set forth in numbered paragraph 63 of the Complaint. To the extent that numbered paragraph 63 of the Complaint states conclusions or characterizations of the law regarding state participation in the Medicaid Program, no response is required.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 64 of the Complaint, and respectfully refers the Court to 42 U.S.C. § 1396a(a)(25)(A) & (B) and 42 U.S.C. § 1396b(d)(3)(A) for a full and complete reading of their provisions. To the extent that numbered paragraph 64 of the Complaint states conclusions or characterizations of law, no response is required.

65. Admits that Medicaid does not require state Medicaid programs to provide Medicaid beneficiaries with prescription drug coverage; respectfully refers the Court to 42 U.S.C.

§ 1396d(a)(2) for a full and complete reading of its provisions; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 65 of the Complaint.  To the extent that numbered paragraph 65 of the Complaint states conclusions or characterizations of law, no response is required.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 66 of the Complaint, except admits that there is a separate National Drug Code ("NDC") which identifies each dosage and package size of each drug manufactured by NPC.

67. Admits that certain federal laws and regulations, including 42 C.F.R. § 447.331 (which has now become 42 C.F.R. § 447.512), contain certain provisions which govern the reimbursements that State Medicaid Programs may be required to pay to providers for prescription drugs; respectfully refers the Court to 42 C.F.R. § 447.331 for a full and complete reading of its provisions regarding prescription drug reimbursement under Medicaid; and otherwise denies each and every allegation set forth in numbered paragraph 67 of the Complaint. To the extent that numbered paragraph 67 of the Complaint states conclusions or characterizations of law regarding prescription drug reimbursement under Medicaid, no response is required.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 68 of the Complaint regarding what States typically base EAC on and respectfully refers the Court to United States Department of Health and Human Services Office of Inspector General, "Variation in State Medicaid Drug Prices, September 2004" (OEI-05-02-00681), for a full and complete reading of its contents.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 69 of the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 70 of the Complaint, which are set forth without any source or reference.

71. Admits that many States, including Iowa, set reimbursements for brand name prescription drugs, including NPC products, based on a discount off of published AWP because all of the States, including Iowa, knew that AWP was a reference or benchmark price that was ordinarily higher than retailer acquisition cost for brand name prescription drugs by at least 20-30%, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 71 of the Complaint..   To the extent that numbered paragraph 71 of the Complaint states conclusions or characterizations of law, no response is required.

72. Denies each and every allegation set forth in numbered paragraph 72 of the Complaint as to NPC; states that: (i) AWP is broadly understood by all participants in pharmaceutical markets, including plaintiff and other third party payors like it, to be a benchmark, which, for brand name prescription drugs, is generally 20-25% percent above manufacturers' list prices to wholesalers and generally at least 20-30% higher than retailers' actual acquisition cost, and (ii) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and otherwise denies

knowledge or information sufficient to form a belief as to the truth of the matters set forth therein.

73. Admits that 42 C.F.R. § 447.331 (which has now become 42 C.F.R. § 447.512), 42 C.F.R. § 447.332 (which has now become 42 C.F.R. § 447.514), and Iowa Admin. Code 441-79.1(8) contain certain provisions regarding reimbursement for prescription drugs under Medicaid; respectfully refers the Court to Iowa's 2006 Medicaid Provider Manual, 42 C.F.R. § 447.331, 42 C.F.R. § 447.332, and Iowa Admin. Code 441-79.1(8) for a full and complete reading of their provisions regarding reimbursement for prescription drugs under Medicaid; states that NPC markets brand name prescription drugs in the United States and does not market generic drugs; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 73 of the Complaint.  To the extent that numbered paragraph 73 of the Complaint states conclusions or characterizations of law regarding reimbursement for prescription drugs under Medicaid, no response is required.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 74 of the Complaint; respectfully refers the Court to the 2006 Iowa Medicaid Provider Manual for a full and complete reading of its provisions regarding reimbursement for generic prescription drugs under Medicaid; states that NPC markets brand name prescription drugs in the United States and does not market generic drugs; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 74 of the Complaint.  To the extent that numbered paragraph 74 of the Complaint states conclusions or characterizations of law regarding reimbursement for generic prescription drugs under Medicaid, no response is required.

75. NPC states that no response is required to numbered paragraph 75 of the Complaint, because the Court has already dismissed "all claims based on SMAC."  To the extent that a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 75 of the Complaint; states that NPC markets brand name prescription drugs in the United States and does not market generic drugs; and respectfully refers the Court to 2001 Iowa Acts, Chapter 191, section 31 for a full and complete reading of its provisions.  To the extent that numbered paragraph 75 of the Complaint states conclusions or characterizations of law, no response is required.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 76 of the Complaint; respectfully refers the Court to the Iowa Medicaid Provider Manual for a full and complete reading of its provisions; and states that NPC markets brand name prescription drugs in the United States and does not market generic drugs.  To the extent that numbered paragraph 76 of the Complaint states conclusions or characterizations of law, no response is required.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 77 of the Complaint and respectfully refers the Court to the Iowa 2006 Medicaid Provider Manual for a full and complete reading of its provisions.  To the extent that numbered paragraph 77 of the Complaint states conclusions or characterizations of law, no response is required.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 78 of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 79 of the Complaint.

80. Admits that Exhibit B purports to identify the drugs at issue that were allegedly reimbursed by Iowa Medicaid based on AWP, MAC/FUL or, since 2001, SMAC, and otherwise denies each and every allegation set forth in numbered paragraph 80 of the Complaint and Exhibit B.

81. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in numbered paragraph 81 of the Complaint, except admits that: (i) First DataBank and Medi-Span are independent third-party publishers that publish price information on NPC drugs, (ii) from time to time since its creation in 1997, NPC provided price lists to third-party publishers, including First DataBank and Medi-Span, and (iii) NPC does not have control over the information that First DataBank and Medi-Span, independent third parties, publish.

82. Denies each and every allegation set forth in numbered paragraph 82 of the Complaint.  To the extent that numbered paragraph 82 of the Complaint states conclusions or characterizations of law, no response is required.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 83 of the Complaint.

84. Denies each and every allegation set forth in numbered paragraph 84 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 84 of the Complaint states conclusions or characterizations of law, no response is required.

85. Denies each and every allegation set forth in the first sentence of numbered paragraph 85 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 85 of the Complaint, except admits that Exhibit A purports to set forth Iowa Medicaid's total expenditures

14

for the years 1992 through 2005 for drugs for which plaintiff asserts claims, but denies that Exhibit A is accurate as to NPC. To the extent that numbered paragraph 85 of the Complaint states conclusions or characterizations of law, no response is required.

86. Admits that Iowa Admin. Code § 441-79.1 and the current Iowa Medicaid Provider Manual refer to "several factors" on which reimbursement for prescription drugs under Iowa's Medicaid program is based; respectfully refers the Court to Iowa Admin. Code § 441-79.1 and the current Iowa Medicaid Provider Manual for a full and complete reading of their provisions regarding reimbursement for prescription drugs under Iowa's Medicaid program; denies each and every other allegation set forth in numbered paragraph 86 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that numbered paragraph 86 of the Complaint states conclusions or characterizations of law, no response is required.

87. Denies each and every allegation set forth in numbered paragraph 87 of the Complaint, except admits that – consistent with longstanding industry practice, marketplace understanding and federal law – WAC is "the manufacturer's list price . . . to wholesalers or direct purchasers in the United States, not including prompt pay or other discounts, rebates or reductions in price" (*see* 42 U.S.C. § 1395w-3a(6)(B)). To the extent that numbered paragraph 87 of the Complaint states conclusions or characterizations of law, no response is required.

88. Denies that NPC reports WACs or WAC equivalents (such as Direct Prices, Book Prices, Wholesale Net Prices, Catalog Prices or List Prices) for its products that are false and inflated, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 88 of the Complaint.

15

89. Denies each and every allegation set forth in numbered paragraph 89 of the Complaint as to NPC and states that – consistent with longstanding industry practice, marketplace understanding and federal law – WAC is NPC's "list price . . . to wholesalers or direct purchasers in the United States, not including prompt pay or other discounts, rebates or reductions in price" (*see* 42 U.S.C. § 1395w-3a(6)(B)), and that chargebacks, to the extent that they are made, do not reduce the price paid by wholesalers for NPC drugs.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 89 of the Complaint.  To the extent that numbered paragraph 89 of the Complaint states conclusions or characterizations of law, no response is required.

90. Denies each and every allegation set forth in numbered paragraph 90 of the Complaint as to NPC and states that: (i) consistent with longstanding industry practice, marketplace understanding and federal law, WAC is NPC's "list price . . . to wholesalers or direct purchasers in the United States, not including prompt pay or other discounts, rebates or reductions in price" (*see* 42 U.S.C. § 1395w-3a(6)(B)), (ii) purchasers who pay within 30 days are entitled to a customary 2% credit for prompt payment, (iii) in the first few weeks following the launch of certain new products, purchasers may earn a one-time stocking allowance to stock products in advance of prescriptions, (iv) when NPC takes a price increase on a product, NPC may, for inventory management purposes, permit some wholesalers and warehousing retail chains to purchase a certain quantity of the product at the old price for a limited time, and (v) because WAC is the list price, not including prompt pay or other discounts, rebates or reductions in price, it does not reflect such discounts and allowances.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered

paragraph 90 of the Complaint.  To the extent that numbered paragraph 90 of the Complaint states conclusions or characterizations of law, no response is required.

91. Denies each and every allegation set forth in numbered paragraph 91 of the Complaint as to NPC; except admits that: (i) AWP is broadly understood by all participants in pharmaceutical markets, including plaintiff and other third party payors like it, to be a benchmark, which, for brand name prescription drugs, is generally 20-25% percent above manufacturers' list prices to wholesalers and generally at least 20-30% higher than retailers' actual acquisition cost, and (ii) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and denies that NPC has reported inflated WACs or AWPs for its products.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 91 of the Complaint.  To the extent that numbered paragraph 91 of the Complaint states conclusions or characterizations of law, no response is required.

92. Denies each and every allegation set forth in numbered paragraph 92 of the Complaint as to NPC; states that NPC markets brand name prescription drugs in the United States and does not market generic drugs; further states that NPC has not reported inflated WACs for its products; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 92 of the Complaint states conclusions or characterizations of law, no response is required.

93. Denies each and every allegation set forth in numbered paragraph 93 of the Complaint, except admits that AWP is broadly understood by all participants in pharmaceutical markets, including plaintiff and other third party payors like it, to be a benchmark, which, for brand name prescription drugs, is generally 20-25% percent above manufacturers' list prices to wholesalers and generally at least 20-30% higher than retailers' actual acquisition cost. To the extent that numbered paragraph 93 of the Complaint states conclusions or characterizations of law, no response is required.

94. Denies that NPC reported or caused to be reported false and inflated AWPs; states that: (i) AWP is broadly understood by all participants in pharmaceutical markets, including plaintiff and other third party payors like it, to be a benchmark, which, for brand name prescription drugs, is generally 20-25% percent above manufacturers' list prices to wholesalers and generally at least 20-30% higher than retailers' actual acquisition cost, and (ii) from at least 1997, when NPC was created, until NPC stopped reporting AWP in 2005, NPC's price lists containing AWP have stated that AWP is set as a percentage above the price at which each product is generally offered to wholesalers and is not intended to be a price charged by NPC for any product to any customer; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 94 of the Complaint. To the extent that numbered paragraph 94 of the Complaint states conclusions or characterizations of law, no response is required.

95. Denies that the published WACs and AWPs are either "false or inflated," denies that the standard markup on brand name prescription drugs is deceptive or misleading in any way as it is well understood by all participants in the markets for brand name prescription drugs, including plaintiff and third party payors like it; states that the use of list prices and pricing

18

benchmarks is legitimate commercial conduct common to many industries; and otherwise denies each and every allegation set forth in numbered paragraph 95 of the Complaint..  To the extent that numbered paragraph 95 of the Complaint states conclusions or characterizations of law, no response is required.

96. Denies that NPC reports false AWPs, directly or otherwise, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 96 of the Complaint.  To the extent that numbered paragraph 96 of the Complaint states conclusions or characterizations of law, no response is required.

97. Denies each and every allegation set forth in numbered paragraph 97 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 97 of the Complaint states conclusions or characterizations of law, no response is required.

98. Denies that First DataBank supplied to plaintiff, or purported to supply to plaintiff, AWPs for NPC products provided by NPC, admits that First DataBank has at various times defined AWP in various ways, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 98 of the Complaint. To the extent that numbered paragraph 98 of the Complaint states conclusions or characterizations of law, no response is required.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 99 of the Complaint, except admits that some time in 2001 or 2002 First DataBank unilaterally changed its methodology for calculating AWPs and that the effect of that change was to increase the standard markup First DataBank applied to

create First DataBank's "Blue Book AWP" for most NPC products from published WAC plus 20% to published WAC plus 25%.

100.    Denies each and every allegation set forth in numbered paragraph 100 of the Complaint as to NPC, except admits that NPC became aware that First DataBank's published AWPs for many NPC drugs were higher than the AWPs that Novartis reported to First DataBank for those drugs, contacted First DataBank about the issue, and was advised that First DataBank's AWPs were based on survey information, and further states that NPC does not have control over the information that First DataBank, an independent third party, publishes, and that the AWPs reported by NPC were neither inaccurate nor inflated; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 100 of the Complaint states conclusions or characterizations of law, no response is required.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 101 of the Complaint, except admits that Exhibit C purports to set forth the specific NDCs for which plaintiff alleges that the AWPs were increased by First DataBank by 5%.  To the extent that numbered paragraph 101 of the Complaint states conclusions or characterizations of law, no response is required.

102.    Admits that 42 C.F.R. § 447.332 (which has now become 42 C.F.R. § 447.514) contains certain provisions regarding the establishment by CMS of "upper limits" on payments for multiple source drugs; respectfully refers the Court to 42 C.F.R. § 447.332 for a full and complete reading of its provisions regarding the establishment by CMS of "upper limits" on payments for multiple source drugs; states that NPC markets brand name prescription drugs in the United States and does not market generic drugs; and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 102 of the Complaint states conclusions or characterizations of law, no response is required.

103.    Denies the allegation set forth in numbered paragraph 103 of the Complaint, states that the methodology for setting FUL prices is set forth in 42 C.F.R. § 447.332 (which has now become 42 C.F.R. § 447.514) and respectfully refers the Court to the statute for a full and complete reading of its provisions.  To the extent that numbered paragraph 103 of the Complaint states conclusions or characterizations of law, no response is required.

104.    Denies that NPC failed to report accurate pricing information to the pricing or publishing compendia and each and every other allegation set forth in numbered paragraph 104 of the Complaint as to NPC; states that NPC markets brand name prescription drugs in the United States and does not market generic drugs; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 104 of the Complaint states conclusions or characterizations of law, no response is required.

105.    Admits that 42 C.F.R. § 447.332 (which has now become 42 C.F.R. § 447.514) contains certain provisions regarding the establishment by CMS of "upper limits" on payments for multiple source drugs; respectfully refers the Court to 42 C.F.R. § 447.332 for a full and complete reading of its provisions regarding the establishment by CMS of "upper limits on payments for multiple source drugs; states that NPC markets brand name prescription drugs in the United States and does not market generic drugs; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered

paragraph 105 of the Complaint.  To the extent that numbered paragraph 105 of the Complaint states conclusions or characterizations of law, no response is required.

106.    Denies each and every allegation set forth in numbered paragraph 106 of the Complaint as to NPC; states that NPC markets brand name prescription drugs in the United States and does not market generic drugs; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

107.    Denies each and every allegation set forth in numbered paragraph 107 of the Complaint as to NPC; states that NPC markets brand name prescription drugs in the United States and does not market generic drugs; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

108.    Denies that NPC reported inaccurate pricing information for any of its drugs and each and every other allegation set forth in numbered paragraph 108 of the Complaint as to NPC, except admits that Exhibit B purports to identify examples of alleged "FUL fraud" for specific defendants; states that NPC markets brand name prescription drugs in the United States and does not market generic drugs; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

109.    NPC states that no response is required to numbered paragraph 109 of the Complaint because the Court has already dismissed "all claims based on SMAC."  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 109 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

110.    Admits that 42 U.S.C. § 1396r-8 contains certain provisions regarding the circumstances in which a manufacturer of a drug may be required to enter into a Medicaid rebate

agreement with the Secretary of the Department of Health and Human Services ("HHS") pursuant to which the manufacturer may be required to pay rebates to the States; respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of its provisions regarding Medicaid rebate agreements; and otherwise denies denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 110 of the Complaint.  To the extent that numbered paragraph 110 of the Complaint states conclusions or characterizations of the law regarding Medicaid rebate agreements, no response is required.

111.    Denies each and every allegation set forth in numbered paragraph 111 of the Complaint as to NPC, except admits that, pursuant to 42 U.S.C. § 1396r-8, NPC's predecesor companies, Sandoz Pharmaceuticals Corporation and Ciba-Geigy Corporation, entered into a rebate agreement with the Secretary of HHS, on behalf of HHS and certain states, entitled "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement," which requires NPC to report certain specific pricing information to the federal government and to remit rebate payments to the State of Iowa (and other participating states), and that these rebates lower the State of Iowa's cost of prescription drugs for Medicaid patients.   NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 111 of the Complaint.  To the extent that numbered paragraph 111 of the Complaint states conclusions or characterizations of law, no response is required.

112.    Denies each and every allegation set forth in numbered paragraph 112 of the Complaint, and respectfully refers the Court to the terms of the rebate agreements executed by NPC's predecessor companies with the Secretary of HHS.   To the extent that numbered

paragraph 112 of the Complaint states conclusions or characterizations of law, no response is required.

113.    Admits that 42 U.S.C. §§ 1396r-8(c)(1)-(2) contain certain provisions regarding federal Medicaid rebates for brand name drugs; respectfully refers the Court to 42 U.S.C. §§ 1396r-8(c)(1) -(2) for a full and complete reading of their provisions regarding federal Medicaid rebates for brand name drugs; and otherwise denies each and every allegation set forth in numbered paragraph 113 of the Complaint.  To the extent that numbered paragraph 113 of the Complaint states conclusions or characterizations of law, no response is required.

114.    Admits that 42 U.S.C. § 1396r-8(c)(3) contains certain provisions regarding federal Medicaid rebates for generic drugs; states that NPC markets brand name prescription drugs in the United States and does not market generic drugs; respectfully refers the Court to 42 U.S.C. § 1396r-8(c)(3) for a full and complete reading of its provisions regarding federal Medicaid rebates for generic drugs; and otherwise denies each and every allegation set forth in numbered paragraph 114 of the Complaint.  To the extent that numbered paragraph 114 of the Complaint states conclusions or characterizations of law regarding federal Medicaid rebates for generic drugs, no response is required.

115.    NPC states that no response is required to numbered paragraph 115 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 115 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

116.    NPC states that no response is required to numbered paragraph 116 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC.  To the

extent that a response may be required, NPC admits that 42 U.S.C. § 1396r-8(c)(1)(C)(i) contains certain provisions regarding Best Price; respectfully refers the Court to 42 U.S.C. § 1396r-8(c)(1)(C)(i) for a full and complete reading of its provisions regarding Best Price; and otherwise denies each and every allegation set forth in numbered paragraph 116 of the Complaint.  To the extent that numbered paragraph 116 of the Complaint states conclusions or characterizations of law, no response is required.

117.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 117 of the Complaint.  To the extent that numbered paragraph 117 of the Complaint states conclusions or characterizations of law, no response is required.

118.    Admits that 42 U.S.C. § 1396r-8(k)(1) contains certain provisions regarding AMP; respectfully refers the Court to 42 U.S.C. § 1396r-8(k)(1) for a full and complete reading of its provisions; and otherwise denies each and every allegation set forth in numbered paragraph 118 of the Complaint.  To the extent that numbered paragraph 118 of the Complaint states conclusions or characterizations of law, no response is required.

119.    Admits that 42 U.S.C. § 1396r-8 contains certain provisions regarding the reporting of information by the states to manufacturers and to the Secretary of HHS for drugs for which payment has been made; respectfully refers the Court to U.S.C. § 1396r-8(b)(2) for a full and complete reading of its provisions; and otherwise denies each and every allegation set forth in numbered paragraph 119 of the Complaint.  To the extent that numbered paragraph 119 of the Complaint states conclusions or characterizations of law, no response is required.

120.    Admits that 42 U.S.C. § 1396r-8 contains certain provisions regarding the reporting of pricing information to the Secretary of Health and Human Services and the

confidentiality of such pricing information; respectfully refers the Court to 42 U.S.C. §§ 1396r-8(b)(3)(A), (D) for a full and complete reading of their provisions; denies knowledge or information sufficient to form a belief as to what HHS relies on for Best Price and AMP data; and otherwise denies each and every allegation set forth in numbered paragraph 120 of the Complaint. To the extent that numbered paragraph 120 of the Complaint states conclusions or characterizations of law, no response is required.

121.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 121 of the Complaint. To the extent that numbered paragraph 121 of the Complaint states conclusions or characterizations of law, no response is required.

122.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 122 of the Complaint, except admits that NPC pays rebates to the State of Iowa and that these rebates lower the State of Iowa's cost of prescription drugs for Medicaid patients. To the extent that numbered paragraph 122 of the Complaint states conclusions or characterizations of law, no response is required.

123.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 123 of the Complaint, and respectfully refers the Court to 42 U.S.C. § 1396r-8(b)(3)(D) for a full and complete reading of its provisions. To the extent that numbered paragraph 123 of the Complaint states conclusions or characterizations of law, no response is required.

124.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 124 of the Complaint. To the extent that numbered

paragraph 124 of the Complaint states conclusions or characterizations of law, no response is required.

125.    Admits that 42 U.S.C. § 1396r-8(c)(ii) contains certain provisions regarding penalties for the knowing provision of false information; respectfully refers the Court to 42 U.S.C. § 1396r-8(c)(ii) for a full and complete reading of its provisions; and otherwise denies each and every allegation set forth in numbered paragraph 125 of the Complaint.  To the extent that numbered paragraph 125 of the Complaint states conclusions or characterizations of law, no response is required.

126.    NPC states that no response is required to numbered paragraph 126 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 126 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 126 of the Complaint states conclusions or characterizations of law, no response is required.

127.    NPC states that no response is required to numbered paragraph 127 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 127 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 127 of the Complaint states conclusions or characterizations of law, no response is required.

128.    NPC states that no response is required to numbered paragraph 128 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 128 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 128 of the Complaint states conclusions or characterizations of law, no response is required.

129.    NPC states that no response is required to numbered paragraph 129 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 129 of the Complaint as to NPC; respectfully refers the Court to 42 U.S.C. § 1396r-8(c)(ii) for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 129 of the Complaint states conclusions or characterizations of law, no response is required.

130.    NPC states that no response is required to numbered paragraph 130 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 130 of the Complaint as to NPC, except admits that Exhibit F purports to be a January 31, 2007 letter from the Senate Finance Committee to CMS and  respectfully refers the Court to Exhibit F for a full and complete reading of its contents, and further admits that NPC was among the manufacturers from whom the Senate Finance Committee requested information regarding the Nominal Price Exception on or around April 29, 2004; and otherwise denies

knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 130 of the Complaint states conclusions or characterizations of law, no response is required.

131.    NPC states that no response is required to numbered paragraph 131 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC.  To the extent that a response may be required, NPC admits that 42 U.S.C. § 1396r-8(c)(1)(C)(ii)(III) contains certain provisions regarding certain nominally priced sales that are exempt from Best Price calculations; respectfully refers the Court to 42 U.S.C. § 1396r-8(c)(1)(C)(ii)(III) for a full and complete reading of its provisions regarding certain nominally priced sales that are exempt from Best Price calculations; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 131 of the Complaint.  To the extent that numbered paragraph 131 of the Complaint states conclusions or characterizations of law, no response is required.

132.    NPC states that no response is required to numbered paragraph 132 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC.  To the extent that a response may be required, NPC denies that it abused the NPE or made unlawful use of the "nominal price" exception and each and every other allegation set forth in numbered paragraph 132 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 132 of the Complaint states conclusions or characterizations of law, no response is required.

133.     Denies each and every allegation set forth in numbered paragraph 133 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

134.     Denies each and every allegation set forth in numbered paragraph 134 of the Complaint as to NPC; respectfully refers the Court to *Medicaid Prescription Drug Reimbursements:  Why The Government Pays Too Much:  Hearing before the Subcomm. on Oversight and Investigations of the Comm. on Energy and Commerce House of Representatives*, 108th Cong., (2004) (statement of George M. Reeb, Assistant Inspector General for CMS explained to the House Energy and Commerce Committee) for a full and complete reading of its contents; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

135.     Denies each and every allegation set forth in numbered paragraph 135 of the Complaint as to NPC, except admits that NPC may keep certain competitively sensitive information confidential, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

136.     Denies each and every allegation set forth in numbered paragraph 135 of the Complaint as to NPC, except admits that NPC considers its competitively sensitive pricing information confidential and seeks to maintain the confidentiality of such competitvely sensitive pricing information, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

137.     Denies each and every allegation set forth in numbered paragraph 137 of the Complaint as to NPC, except admits that NPC sells its products directly only to wholesalers, distributors, and warehousing retailers (retail chains that have ten or more stores that have

warehouses performing wholesale-type functions for those stores that do not purchase NPC products through wholesalers), and sells such products at its WAC price; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

138.    Denies each and every allegation set forth in numbered paragraph 138 of the Complaint as to NPC; respectfully refers the Court to *Medicaid Waste, Fraud and Abuse: Threatening the Health Care Safety Net:  Hearings before the Senate Finance Comm.*, 109th Cong. (2005) (statement of Patrick J. O'Connell, Chief of the Civil Medicaid Fraud Section of the Office of the Texas Attorney General) for a full and complete reading of its contents; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

139.    Denies each and every allegation set forth in numbered paragraph 139 of the Complaint as to NPC; respectfully refers the Court to *Medicaid Waste, Fraud and Abuse: Threatening the Health Care Safety Net:  Hearings before the Senate Finance Comm.*, 109th Cong. (2005) (statement of Beatrice Manning) for a full and complete reading of its contents; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

140.    Denies each and every allegation set forth in numbered paragraph 140 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

141.    Denies each and every allegation set forth in numbered paragraph 141 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

142.    Denies each and every allegation set forth in numbered paragraph 142 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

143.    Denies each and every allegation set forth in numbered paragraph 143 of the Complaint and Exhibit B as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

144.    Denies each and every allegation set forth in numbered paragraph 144 of the Complaint as to NPC, and further states that: (i) consistent with longstanding industry practice, marketplace understanding and federal law, WAC is NPC's "list price . . . to wholesalers or direct purchasers in the United States, not including prompt pay or other discounts, rebates or reductions in price" (*see* 42 U.S.C. § 1395w-3a(6)(B)), and (ii) NPC has never reported a false WAC and does not have control over the information that independent third parties publish. NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 144 of the Complaint.  To the extent that numbered paragraph 144 of the Complaint states conclusions or characterizations of law, no response is required.

145.    Denies that NPC's reported WACs are in any way false, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in numbered paragraph 145 of the Complaint.  To the extent that numbered paragraph 145 of the Complaint states conclusions or characterizations of law, no response is required.

146.    Denies that NPC has caused any false price information to be published and each and every other allegation set forth in numbered paragraph 146 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth therein.  To the extent that numbered paragraph 146 of the Complaint states conclusions or characterizations of law, no response is required.

147.    Denies that NPC has submitted any false or inflated wholesale price information and each and every other allegation set forth in numbered paragraph 147 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 147 of the Complaint states conclusions or characterizations of law, no response is required.

148.    Denies each and every allegation set forth in numbered paragraph 148 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

149.    Denies each and every allegation set forth in numbered paragraph 149 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

150.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 150 of the Complaint, and further states that NPC markets brand name prescription drugs in the United States and does not market generic drugs.

151.    Denies each and every allegation set forth in numbered paragraph 151 of the Complaint as to NPC, except admits that brand name drugs protected by patent may face competition from other brand name drugs which treat similar illnesses or conditions or are in the same therapeutic class, that such drugs may also compete with each other for placement on drug formularies, and that placement on drug formularies, among other things, encourages access and utilization, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

152.    Denies each and every allegation set forth in numbered paragraph 152 of the Complaint as to NPC; respectfully refers the Court to *Medicaid Prescription Drug Reimbursements: Why The Government Pays Too Much: Hearings before the Subcomm. on Oversight and Investigations of the Comm. on Energy and Commerce House of Representatives*, 108th Cong., 2nd Sess., (2004) (statement of Mark Jones, President, Ven-a-Care of the Florida Keys, Inc.) for a full and complete reading of its contents; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

153.    Denies each and every allegation set forth in numbered paragraph 153 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

154.    Denies each and every allegation set forth in numbered paragraph 154 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 154 of the Complaint states conclusions or characterizations of law, no response is required.

155.    Admits that Off. of Inspector Gen., Dep't of Health and Human Services, *Compliance Program Guidance for Pharmaceutical Manufacturers*, 68 Fed. Reg. 23731 (2003) contains a section that discusses "manufacturers' reported prices"; respectfully refers the Court to Off. of Inspector Gen., Dep't of Health and Human Services, *Compliance Program Guidance for Pharmaceutical Manufacturers* (2003) for a full and complete reading of its contents regarding "manufactureres' reported prices"; and otherwise denies the allegations set forth therein.

156.    Denies each and every allegation set forth in numbered paragraph 156 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

157.    Admits that the Off. of Inspector Gen., Dep't of Health and Human Services, *Compliance Program Guidance for Pharmaceutical Manufacturers*, 68 Fed. Reg. 23731 (2003) contains a section entitled "Average Wholesale Price" that discusses Average Wholesale Price and AWP; respectfully refers the Court to the *Compliance Program Guidance for Pharmaceutical Manufacturers*, 68 Fed. Reg. 23731 (2003) for a full and complete reading of its contents regarding Average Wholesale Price and AWP; and otherwise denies the allegations set forth in numbered paragraph 157 of the Complaint.  To the extent that numbered paragraph 157 of the Complaint states conclusions or characterizations of law, no response is required.

158.    Denies each and every allegation set forth in numbered paragraph 158 of the complaint as to NPC, and states that – consistent with longstanding industry practice, marketplace understanding and federal law – WAC is NPC's "list price . . . to wholesalers or direct purchasers in the United States, not including prompt pay or other discounts, rebates or reductions in price" (*see* 42 U.S.C. § 1395w-3a(6)(B)); and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 158 of the Complaint.

159.    Admits that NPC believes that all Medicaid patients should have access to NPC's lifesaving and life improving brand name prescription drugs and for that reason NPC's predecesor companies, Sandoz Pharmaceuticals Corporation and Ciba-Geigy Corporation, entered into a rebate agreement with the Secretary of HHS, pursuant to which the State of Iowa is obligated to reimburse providers for dispensing NPC drugs under the State of Iowa's Medicaid

program and NPC pays rebates to the State of Iowa to reduce its net cost for NPC products reimbursed by it; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 159 of the Complaint.

160.    Denies each and every allegation set forth in numbered paragraph 160 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 160 of the Complaint states conclusions or characterizations of law, no response is required.

161.    Denies each and every allegation set forth in numbered paragraph 161 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

162.    Denies each and every allegation set forth in numbered paragraph 162 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

163.    Denies each and every allegation set forth in numbered paragraph 163 of the Complaint as to NPC, and states that NPC has always dealt truthfully and honestly with the State of Iowa; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 163 of the Complaint states conclusions or characterizations of law, no response is required.

164.    Denies each and every allegation set forth in numbered paragraph 164 of the Complaint as to NPC; respectfully refers the Court to *FTC v. Colgate-Palmolive Co.*, 380 U.S. 372 (1965) and *FTC v. The Crescent Publishing Group, Inc.*, 129 F. Supp. 2d 311 (S.D.N.Y. 2001) for a full and complete reading of their contents; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the

36

extent that numbered paragraph 164 of the Complaint states conclusions or characterizations of law, no response is required.

165.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 165 of the Complaint.

166.    Denies each and every allegation set forth in numbered paragraph 166 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 166 of the Complaint states conclusions or characterizations of law, no response is required.

167.    Denies each and every allegation set forth in numbered paragraph 167 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 167 of the Complaint states conclusions or characterizations of law, no response is required.

168.    Denies each and every allegation set forth in numbered paragraph 168 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 168 of the Complaint states conclusions or characterizations of law, no response is required.

169.    Denies each and every allegation set forth in numbered paragraph 169 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

170.    Denies each and every allegation set forth in numbered paragraph 170 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

171.    Denies each and every allegation set forth in numbered paragraph 171 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

172.    Denies each and every allegation set forth in numbered paragraph 172 of the Complaint and Exhibit B as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

173.    Denies that the "AACs" for NPC products identified in Exhibit B were properly calculated on a good faith basis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 173 of the Complaint and Exhibit B.

174.    Denies that NPC failed to report accurate prices and each and every other allegation set forth in numbered paragraph 174 of the Complaint and Exhibit B as to NPC, except admits that Exhibit B purports to identify specific alleged instances of defendants' failure to report accurate prices, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

175.    Denies each and every allegation set forth in numbered paragraph 175 of the Complaint and Exhibit B as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

176.    Denies each and every allegation set forth in numbered paragraph 176 of the Complaint and Exhibit B as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 176 of the Complaint states conclusions or characterizations of law, no response is required.

177.    Denies each and every allegation set forth in numbered paragraph 177 of the Complaint and Exhibit B as to NPC; further states that NPC markets brand name prescription drugs in the United States and does not market generic drugs; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

178.    Denies each and every allegation set forth in numbered paragraph 178 of the Revised Amended Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 178 of the Complaint states conclusions or characterizations of law, no response is required.

179.    Denies each and every allegation set forth in numbered paragraph 179 of the Complaint as to NPC, except admits that: (i) consistent with longstanding industry practice, marketplace understanding and federal law, WAC is NPC's "list price . . . to wholesalers or direct purchasers in the United States, not including prompt pay or other discounts, rebates or reductions in price" (*see* 42 U.S.C. § 1395w-3a(6)(B)), (ii) AWP is broadly understood by all participants in pharmaceutical markets, including plaintiff and other third party payors like it, to be a benchmark,  which,  for brand name prescription drugs, is generally 20-25% percent above manufacturers' list prices to wholesalers and generally at least 20-30% higher than retailers' actual acquisition cost, and (iii) from at least 1997, until NPC stopped reporting AWP in 2005, NPC reported AWPs that were set set as a percentage above the WAC price and were not intended to be an average price charged by wholesalers for any NPC product.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 179 of the Complaint.

180.    Admits that Exhibit A purports to identify for each defendant the NDCs at issue for alleged AWP and FUL/MAC fraud, and otherwise denies each and every allegation set forth in numbered paragraph 180 of the Complaint and Exhibit A as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

181-473. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraphs 181-473 and numbered footnotes 2-28 of the Complaint.

474.    Admits that Exhibit B-24 purports to set forth the specific NDCs at issue for the "Novartis/Sandoz Group," and otherwise denies each and every allegation set forth in numbered paragraph 474 and numbered footnote 29 of the Complaint and Exhibit B-24 as to NPC, and denies the existence of a "Novartis/Sandoz Group" as alleged, and states that: (i) prior to December 1, 2003, Sandoz Inc., a separately named and represented Defendant in this action, conducted business under the name Geneva Pharmaceuticals, Inc., (ii) prior to June 30, 2000, NPC and Sandoz Inc. were separately managed affiliated companies, (iii) between June 30, 2000 and September 26, 2007, Sandoz Inc. was an independently managed and operated subsidiary of NPC engaged in manufacturing, marketing, and selling generic drugs, and (iv) since September 26, 2007, NPC and Sandoz Inc. have remained separately managed affiliated companies.  NPC otherwise respectfully refers the Court to Sandoz Inc.'s Answer and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 474 and numbered footnote 29 of the Complaint.

475.    Denies each and every allegation set forth in numbered paragraph 475 of the Complaint  and Exhibit B-24 as to NPC and denies the existence of a "Novartis/Sandoz Group"

as alleged, for the reasons set forth in the response to numbered paragraph 474 herein.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 475 of the Complaint.

476.    Denies each and every allegation set forth in numbered paragraph 476 of the Complaint as to NPC and denies the existence of a "Novartis/Sandoz Group" as alleged, for the reasons set forth in the response to numbered paragraph 474 herein; and otherwise respectfully refers the Court to Sandoz Inc.'s Answer.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 476 of the Complaint.

477.    Denies each and every allegation set forth in numbered paragraph 477 of the Complaint as to NPC, except admits that the States of Alabama, Alaska, Hawaii, Idaho, Illinois, Kentucky, Mississippi, Montana, Nevada, South Carolina, Wisconsin, the City of New York and 42 New York Counties have filed lawsuits against NPC in connection with pharmaceutical pricing, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 477 of the Complaint.

478.    Denies each and every allegation set forth in numbered paragraph 478 of the Complaint as to NPC and denies the existence of a "Novartis/Sandoz Group" as alleged, for the reasons set forth in the response to numbered paragraph 474 herein, and further states that NPC does not market Ranitidine, and otherwise respectfully refers the Court to Sandoz Inc.'s Answer. NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 478 of the Complaint.

479.    Denies each and every allegation set forth in numbered paragraph 479 of the Complaint as to NPC, denies knowledge or information regarding any report published by the

Office of Inspector General in 2000 allegedly documenting NPC's "inflated AWP" for Aredia, and denies the existence of a "Novartis/Sandoz Group" as alleged, for the reasons set forth in the response to numbered paragraph 474 herein, and otherwise respectfully refers the Court to Sandoz Inc.'s Answer.  NPC otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 479 of the Complaint.

480.    Denies that NPC has been "the target" of government investigation into it AWP and pharmaceutical pricing and states that, as the Form 20-F issued by its ultimate parent company in 2004 notes, NPC has voluntarily participated in an ongoing Congressional inquiry on the subject of AWP and pharmaceutical pricing, and otherwise denies each and every allegation set forth in numbered paragraph 480 of the Complaint.

481.    States that numbered paragraph 481 of the Complaint makes no allegations as to NPC and therefore does not require an answer from NPC, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Geneva and Abbott set forth therein, which have nothing to do with NPC and, to the extent that numbered paragraph 481 of the Complaint may be construed as making allegations as to NPC, denies each and every such allegation.

482-613.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraphs 482-613 and numbered footnotes 30-42 of the Complaint.

614.    Denies each and every allegation set forth in numbered paragraph 614 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 614 of the Complaint states conclusions or characterizations of law, no response is required.

615.    Denies each and every allegation set forth in numbered paragraph 615 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 615 of the Complaint states conclusions or characterizations of law, no response is required.

616.    Denies each and every allegation set forth in numbered paragraph 616 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 616 of the Complaint states conclusions or characterizations of law, no response is required.

617.    Denies each and every allegation set forth in numbered paragraph 617 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 617 of the Complaint states conclusions or characterizations of law, no response is required.

618.    Denies each and every allegation set forth in numbered paragraph 618 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 618 of the Complaint states conclusions or characterizations of law, no response is required.

619.    Denies each and every allegation set forth in numbered paragraph 619 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 619 of the Complaint states conclusions or characterizations of law, no response is required.

620.    Denies each and every allegation set forth in numbered paragraph 620 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief

as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 620 of the Complaint states conclusions or characterizations of law, no response is required.

621.    Denies each and every allegation set forth in numbered paragraph 621 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 621 of the Complaint states conclusions or characterizations of law, no response is required.

622.    NPC states that no response is required to numbered paragraph 622 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 622 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 622 of the Complaint states conclusions or characterizations of law, no response is required.

623.    NPC states that no response is required to numbered paragraph 623 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 623 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 623 of the Complaint states conclusions or characterizations of law, no response is required.

624.    NPC states that no response is required to numbered paragraph 624 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in

numbered paragraph 624 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that numbered paragraph 624 of the Complaint states conclusions or characterizations of law, no response is required.

625. NPC states that no response is required to numbered paragraph 625 of the Complaint because the Court has already dismissed all "Best Price claims" as to NPC. To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 625 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that numbered paragraph 625 of the Complaint states conclusions or characterizations of law, no response is required.

626. Denies each and every allegation set forth in numbered paragraph 626 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that numbered paragraph 626 of the Complaint states conclusions or characterizations of law, no response is required.

627. Denies each and every allegation set forth in numbered paragraph 627 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that numbered paragraph 627 of the Complaint states conclusions or characterizations of law, no response is required.

628. Denies each and every allegation set forth in numbered paragraph 628 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that numbered paragraph 628 of the Complaint states conclusions or characterizations of law, no response is required.

629.    Denies each and every allegation set forth in numbered paragraph 629 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 629 of the Complaint states conclusions or characterizations of law, no response is required.

630.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 630 of the Complaint.

631.    Denies each and every allegation set forth in numbered paragraph 631 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 631 of the Complaint states conclusions or characterizations of law, no response is required.

632.    Denies each and every allegation set forth in numbered paragraph 632 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 632 of the Complaint states conclusions or characterizations of law, no response is required.

633.    NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 632 above.

634.    NPC states that no response is required to numbered paragraph 634 of the Complaint because the Court has already dismissed this cause of action.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 634 of the Complaint as to NPC, except admits that certain state Medicaid programs have at certain times paid for a portion of certain NPC drugs prescribed to their beneficiaries, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

635.     NPC states that no response is required to numbered paragraph 635 of the Complaint because the Court has already dismissed this cause of action.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 635 of the Complaint as to NPC, except admits that NPC is subject to a rebate agreement with the Secretary of HHS pursuant to which NPC reports certain pricing information to the federal government and remits rebate payments to the State of Iowa (and other participating states), and that these rebates lower the State of Iowa's cost of prescription drugs for Medicaid patients, respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of its provisions, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 635 of the Complaint states conclusions or characterizations of law, no response is required.

636.     NPC states that no response is required to numbered paragraph 636 of the Complaint because the Court has already dismissed this cause of action.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 636 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 636 of the Complaint states conclusions or characterizations of law, no response is required.

637.     NPC states that no response is required to numbered paragraph 637 of the Complaint because the Court has already dismissed this cause of action.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 637 of the Complaint as to NPC; respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of its provisions; and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 637 of the Complaint states conclusions or characterizations of law, no response is required.

638.    NPC states that no response is required to numbered paragraph 638 of the Complaint because the Court has already dismissed this cause of action.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 638 of the Complaint as to NPC; respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of its provisions; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 638 of the Complaint states conclusions or characterizations of law, no response is required.

639.    NPC states that no response is required to numbered paragraph 639 of the Complaint because the Court has already dismissed this cause of action.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 639 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 639 of the Complaint states conclusions or characterizations of law, no response is required.

640.    NPC states that no response is required to numbered paragraph 640 of the Complaint because the Court has already dismissed this cause of action.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 640 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that

numbered paragraph 640 of the Complaint states conclusions or characterizations of law, no response is required.

641.    NPC states that no response is required to numbered paragraph 641 of the Complaint because the Court has already dismissed this cause of action.  To the extent that a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 641 of the Complaint.  To the extent that numbered paragraph 641 of the Complaint states conclusions or characterizations of law, no response is required.

642.    NPC states that no response is required to numbered paragraph 642 of the Complaint because the Court has already dismissed this cause of action.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 642 of the Complaint as to NPC; resectfully refers the Court to the terms of the rebate agreements executed by NPC's predecessor companies with the Secretary of HHS; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 642 of the Complaint states conclusions or characterizations of law, no response is required.

643.    NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 642 above.

644.    NPC states that no response is required to numbered paragraph 644 of the Complaint because the Court has already dismissed this cause of action as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 644 of the Complaint as to NPC, except admits that NPC is subject to a rebate agreement with the Secretary of HHS pursuant to which NPC reports certain pricing information

to the federal government and remits rebate payments to the State of Iowa (and other participating states), and that these rebates lower the State of Iowa's cost of prescription drugs for Medicaid patients; respectfully refers the Court to 42 U.S.C. § 1396r-8 for a full and complete reading of its provisions; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 644 of the Complaint states conclusions or characterizations of law, no response is required.

645.   NPC states that no response is required to numbered paragraph 645 of the Complaint because the Court has already dismissed this cause of action as to NPC.  To the extent that a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 645 of the Complaint.  To the extent that numbered paragraph 645 of the Complaint states conclusions or characterizations of law, no response is required.

646.   NPC states that no response is required to numbered paragraph 646 of the Complaint because the Court has already dismissed this cause of action as to NPC.  To the extent that a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 646 of the Complaint, and respectfully refers the Court to 42 U.S.C. § 1396a (a)(25)(A) for a full and complete reading of its provisions.  To the extent that numbered paragraph 646 of the Complaint states conclusions or characterizations of law, no response is required.

647.   NPC states that no response is required to numbered paragraph 647 of the Complaint because the Court has already dismissed this cause of action as to NPC.  To the extent that a response may be required, NPC denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 647 of the Complaint.  To

the extent that numbered paragraph 647 of the Complaint states conclusions or characterizations of law, no response is required.

648.   NPC states that no response is required to numbered paragraph 648 of the Complaint because the Court has already dismissed this cause of action as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 648 of the Complaint as to NPC; resectfully refers the Court to the terms of the rebate agreements executed by NPC's predecessor companies with the Secretary of HHS; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 648 of the Complaint states conclusions or characterizations of law, no response is required.

649.   NPC states that no response is required to numbered paragraph 649 of the Complaint because the Court has already dismissed this cause of action as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 649 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 649 of the Complaint states conclusions or characterizations of law, no response is required.

650.   NPC states that no response is required to numbered paragraph 650 of the Complaint because the Court has already dismissed this cause of action as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 650 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that

numbered paragraph 650 of the Complaint states conclusions or characterizations of law, no response is required.

651.   NPC states that no response is required to numbered paragraph 651 of the Complaint because the Court has already dismissed this cause of action as to NPC.  To the extent that a response may be required, NPC denies each and every allegation set forth in numbered paragraph 651 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 651 of the Complaint states conclusions or characterizations of law, no response is required.

652.   NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 651 above.

653.   Denies each and every allegation set forth in numbered paragraph 653 of the Complaint as to NPC; respectfully refers the Court to Iowa Code §§ 714.16(1)(f), 714.16(1)(n), and 714.16(2)(a) for a full and complete reading of their provisions; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 653 of the Complaint states conclusions or characterizations of law, no response is required.

654.   Denies each and every allegation set forth in numbered paragraph 654 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 654 of the Complaint states conclusions or characterizations of law, no response is required.

655.   Denies each and every allegation set forth in numbered paragraph 655 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief

as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 655 of the Complaint states conclusions or characterizations of law, no response is required.

656.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 656 of the Complaint and respectfully refers the Court to Iowa Code § 714.16(7) for a full and complete reading of its provisions.  To the extent that numbered paragraph 656 of the Complaint states conclusions or characterizations of law, no response is required.

657.    Denies each and every allegation set forth in numbered paragraph 657 of the Complaint as to NPC; respectfully refers the Court to Iowa Code § 714.16(7) for a full and complete reading of its provisions; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 657 of the Complaint states conclusions or characterizations of law, no response is required.

658.    NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 657 above.

659.    Denies each and every allegation set forth in numbered paragraph 659 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 659 of the Complaint states conclusions or characterizations of law, no response is required.

660.    Denies each and every allegation set forth in numbered paragraph 660 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 660 of the Complaint states conclusions or characterizations of law, no response is required.

661.    Denies each and every allegation set forth in numbered paragraph 661 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 661 of the Complaint states conclusions or characterizations of law, no response is required.

662.    Denies each and every allegation set forth in numbered paragraph 662 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 662 of the Complaint states conclusions or characterizations of law, no response is required.

663.    NPC repeats and incorporates by reference its responses to numbered paragraphs 1 through 662 above.

664.    NPC states that Plaintiff conceded that its unjust enrichment claims should be dismissed as to certain defendants and certain drugs.  *See* Memorandum and Order (Saris, J.) (Aug. 19, 2008) at 14, ¶ 4 (ordering parties to submit a stipulation specifying which defendants and/or drugs "for which they agree that the unjust enrichment claims were not alleged with adequate particularity[]" and are therefore dismissed).  To the extent that Plaintiff's unjust enrichment claims are not dismissed as to NPC, NPC denies each and every allegation set forth in numbered paragraph 664 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that numbered paragraph 664 of the Complaint states conclusions or characterizations of law, no response is required.

665.    NPC states that Plaintiff conceded that its unjust enrichment claims should be dismissed as to certain defendants and certain drugs.  *See* Memorandum and Order (Saris, J.) (Aug. 19, 2008) at 14, ¶ 4 (ordering parties to submit a stipulation specifying which defendants

and/or drugs "for which they agree that the unjust enrichment claims were not alleged with adequate particularity[]" and are therefore dismissed).   To the extent that Plaintiff's unjust enrichment claims are not dismissed as to NPC, NPC denies each and every allegation set forth in numbered paragraph 665 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent that numbered paragraph 665 of the Complaint states conclusions or characterizations of law, no response is required.

666.    NPC states that Plaintiff conceded that its unjust enrichment claims should be dismissed as to certain defendants and certain drugs.   *See* Memorandum and Order (Saris, J.) (Aug. 19, 2008) at 14, ¶ 4 (ordering parties to submit a stipulation specifying which defendants and/or drugs "for which they agree that the unjust enrichment claims were not alleged with adequate particularity[]" and are therefore dismissed).   To the extent that Plaintiff's unjust enrichment claims are not dismissed as to NPC, NPC denies each and every allegation set forth in numbered paragraph 666 of the Complaint as to NPC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.   To the extent that numbered paragraph 666 of the Complaint states conclusions or characterizations of law, no response is required.

NPC denies that Plaintiff is entitled to a judgment or any other relief requested as to NPC in the unnumbered "WHEREFORE" paragraph following numbered paragraph 666 of the Complaint.

667.    Denies that there is any basis in law or fact for Plaintiff to obtain the relief requested in numbered paragraph 667 of the Complaint as to NPC and states that the Court has already dismissed the causes of action under 42 U.S.C. § 1396r-8.

668.     Denies that there is any basis in law or fact for Plaintiff to obtain the relief requested in numbered paragraph 668 of the Complaint as to NPC.

669.     Denies that there is any basis in law or fact for Plaintiff to obtain the relief requested in numbered paragraph 669 of the Complaint as to NPC.

670.     NPC states that no response is required to numbered paragraph 670 of the Complaint because the Court has already dismissed this cause of action as to NPC.  To the extent that a response may be required, NPC denies that there is any basis in law or fact for Plaintiff to obtain the relief requested in numbered paragraph 670 of the Complaint as to NPC.

671.     Denies that there is any basis in law or fact for Plaintiff to obtain the relief requested in numbered paragraph 671 of the Complaint as to NPC.

672.     Denies that there is any basis in law or fact for Plaintiff to obtain the relief requested in numbered paragraph 672 of the Complaint as to NPC.

673.     Denies that there is any basis in law or fact for Plaintiff to obtain the relief requested in numbered paragraph 673 of the Complaint as to NPC.

674.     Denies that there is any basis in law or fact for Plaintiff to obtain the relief requested in numbered paragraph 674 of the Complaint as to NPC.

675.     Denies that there is any basis in law or fact for Plaintiff to obtain the relief requested in numbered paragraph 675 of the Complaint as to NPC.

## NOVARTIS PHARMACEUTICALS
## CORPORATION'S AFFIRMATIVE DEFENSES

By alleging the matters set forth below, NPC does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters, or that Plaintiff is relieved of its burden to prove each and every element of its claims and the damages, if any, to which it is entitled.  As and for its affirmative defenses, NPC alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against NPC upon which relief may be granted, and the Complaint should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has no standing or capacity to bring some or all of the claims raised in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of NPC as alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff obtains recovery in any other proceeding predicated on the same factual allegations, Plaintiff is barred from seeking recovery against NPC based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff' claims are barred, in whole or in part, by the filed rate doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all actions taken by NPC with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Medicare Act and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder, and by the existence and terms of written rebate agreement(s) with the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, including the State of Iowa, entitled "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement," which was entered into pursuant to 42 U.S.C. § 1396r-8 and pursuant to which NPC reports certain specific pricing information to the federal government and remits rebate payments to the State of Iowa based on that information.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the Commerce Clause or the dormant Commerce Clause of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against NPC are barred because NPC has complied with all applicable regulations of the federal and state governments.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against NPC are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate NPC's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as under the Constitution of the State of Iowa, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## THIRTEENTH AFFIRMATIVE DEFENSE

NPC's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to seek equitable relief against NPC, it is not entitled to such relief because Plaintiff has an adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against NPC for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement, and Modernization Act in 2003, which requires participating prescription drug manufacturers to report Average Sales Price ("ASP") quarterly and defines ASP as the manufacturer's "sales to all purchasers . . . in the United States for such drug or biological in the calendar quarter; divided by the total number of such units of such drug or biological sold by the manufacturer in such quarter."  42 U.S.C. §§ 1396r-8(b)(3)42 & 1395w-3a(c)(1).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against NPC are barred, in whole or in part, due to its failure to join indispensable parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against NPC are barred, in whole or in part, because of lack of consideration and failure to suffer damages as a result of the matters alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against NPC for damages are barred, in whole or in part:  (i) because Plainitff failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of Plaintiff and the allocation of any fault, if any exists, attributable to NPC; (ii) by the doctrine of consent and/or ratification to the extent that Plaintiff has paid for products manufactured, marketed and sold by NPC after the filing of the Complaint; and (iii) because they are speculative and remote, and because of the impossibility of ascertaining and allocating those alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Any damages recovered by the Plaintiff from NPC must be limited by the applicable statutory ceilings on recoverable damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts or a cause of action against NPC sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against NPC are misjoined with Plaintiff's claims against other defendants and must be severed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff and/or its agents knew and were aware at all relevant times that AWP was not an average wholesale price or the actual acquisition cost of drugs and made their reimbursement choices with such knowledge.  Legal and equitable principles preclude this action for damages and injunctive relief, and the Due Process Clause of the U.S. Constitution and the Constitution of the State of Iowa, prohibiting the absolute and arbitrary abuse of power, preclude Plaintiff from bringing claims and seeking damages as alleged in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state with particularity facts to support the claims of fraudulent conduct against NPC in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts or a cause of action against NPC sufficient to support a claim for prejudgment interest or any other relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against NPC are barred, in whole or in part, because NPC did not make any false statements to Plaintiff or its agents.  As to any statement asserted against NPC that

Plaintiff alleges to be false or misleading, NPC had no reasonable grounds to believe, and did not believe at the time such statement was made, that the statement was false or misleading.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

NPC denies that Plaintiff has valid claims against NPC under the Iowa Consumer Fraud Act and for common law fraud.  However, if such claims are found to exist, NPC pleads all applicable defenses under the Iowa Consumer Fraud Act and to common law fraud.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any allegedly fraudulent, deceptive, or unfair statement or conduct of NPC was not directed to consumers as required under the Iowa Consumer Fraud Act.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

NPC's conduct was neither fraudulent, deceptive or unfair as required under the Iowa Consumer Fraud Act.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a "consumer" within the meaning of the Iowa Consumer Fraud Act.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a "person" within the meaning of the Iowa Consumer Fraud Act.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff did not rely on the allegedly fraudulent statements or conduct of NPC.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against NPC under the Iowa Consumer Fraud Act, Iowa Code § 714.16 are barred in whole or in part to the extent that the Act: (i) does not allow (or did not allow at the

time the conduct was alleged herein) for recovery by indirect purchasers; and (ii) does not govern conduct that was primarily interstate in nature.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Any discounts that were provided by NPC were earned discounts and therefore appropriate business decisions.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Any alleged misconduct by NPC was not a substantial factor in Plaintiff's decision to reimburse for NPC products.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

All rebates paid by NPC to the State of Iowa should be taken into account in determining the amount of damages, if any, to which Plaintiff is entitled.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief against NPC are barred by the doctrines of in pari delicto and/or unclean hands.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for relief in the form of restitution is barred, in whole or in part, because NPC did not retain any money belonging to Plaintiff as a result of any alleged overpayments, and by the existence of express, written agreements covering the subject matter of Plaintiff's claims.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by NPC in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## FORTY-SECOND AFFIRMATIVE DEFENSE

To the extent that punitive damages are sought, Plaintiff's punitive damages claims against NPC: (i) have no basis in law or fact; (ii) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against NPC; (iii) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give NPC prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of NPC's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Iowa; (iv) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate NPC's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Iowa; (v) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against NPC for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of NPC's products would constitute impermissible multiple punishments for the same wrong, in violation of NPC's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Iowa; (vi) cannot

be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate NPC's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Iowa; and (vii) cannot be sustained because any award of punitive damages, which are penal in nature, without according NPC the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate NPC's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Iowa.

## FORTY-THIRD AFFIRMATIVE DEFENSE

To the extent that punitive damages are sought, Plaintiff's claims for punitive damages against NPC cannot be sustained because an award of punitive damages by a jury that: (i) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (ii) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of NPC; (iv) is permitted to award punitive damages under a standard for

determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (v) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (vi) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate NPC's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Iowa.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement," which was entered into pursuant to 42. U.S.C. § 1396r-8, constitutes the entire agreement with the State of Iowa and governs the relationship between the parties, such that the provisions of Iowa Code § 714 do not apply to the relations between the parties.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

NPC hereby adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.  NPC gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, Novartis Pharmaceuticals Corporation prays as follows:

That all claims contained in Plaintiff's Complaint against it be dismissed with prejudice.

That it be awarded costs and attorneys' fees.

That it have such other and further relief as this Court deems just and proper.

Dated:   Boston, Massachusetts
         September 18, 2008

                                        Respectfully submitted,

                                         _/s/ Karen F. Green_____
                                         _/s/ Melissa B. Coffey_____
                                        Karen F. Green (BBO# 209050)
                                        Melissa Coffey (BBO# 660750)
                                        **WILMER CUTLER PICKERING
                                        HALE AND DORR LLP**
                                        60 State Street
                                        Boston, Massachusetts  02109
                                        Telephone:  (617) 526-6000
                                        Facsimile:  (617) 526-5000

                                                -and-

                                        Jane W. Parver
                                        Saul P. Morgenstern
                                        Mark D. Godler
                                        **KAYE SCHOLER LLP**
                                        425 Park Avenue
                                        New York, New York  10022
                                        Telephone:  (212) 836-8000
                                        Facsimile:  (212) 836-8689

                                                -and-

                                        Andrew Anderson
                                        Brian S. McCormac
                                        Diana L. Grimes
                                        **FAEGRE & BENSON LLP**
                                        801 Grand Avenue
                                        Des Moines, Iowa 50309
                                        Telephone:  (515) 248-9000
                                        Facsimile:  (515) 248-9010

                                        *Attorneys for Defendant*
                                        *Novartis Pharmaceuticals Corporation*

## **Certificate of Service**

I, Melissa Coffey, certify that pursuant to Case Management Order No. 2, I caused a copy of the foregoing document to be served on all counsel of record via electronic service by sending a copy to LexisNexis File & Serve for posting and notification to all parties in this action on this 18th day of September 2008.


\_/s/ Melissa Coffey_____