**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | MDL No. 1456<br>Master File No.: 01-CV-12257-PBS<br>(original S. D. Iowa No. 4:07-cv-00461-JAJ-CFB)<br><br>Judge Patti B. Saris |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**FOREST LABORATORIES, INC. AND FOREST**
**PHARMACEUTICALS, INC. TO THE STATE OF IOWA'S COMPLAINT**

Defendant Forest Laboratories, Inc. ("FLI") and Defendant Forest Pharmaceuticals, Inc. ("FPI"), by and through their attorneys, hereby state as an Answer and Affirmative Defenses to the State of Iowa's Complaint, dated October 9, 2007, as follows:

**PRELIMINARY STATEMENT**

The State of Iowa's Complaint (the "Complaint") improperly refers to FLI, FPI, other Defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against FLI and FPI. This is insufficient to apprise FLI and FPI of the allegations asserted against them. FLI and FPI have nevertheless attempted to respond to Plaintiff's allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of other persons or entities, FLI and FPI are generally without knowledge or information sufficient to form a belief as to the truth of those allegations. FLI and FPI

state that they are answering Plaintiff's allegations solely on behalf of themselves, even when Plaintiff's allegations refer to alleged conduct by other persons or entities.

The Complaint also contains purported quotations from a number of sources. In answering allegations consisting of quotations, FLI's and FPI's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or FLI's and FPI's reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

FLI and FPI deny each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole. In addition, FLI and FPI specifically deny any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint. For ease of reference, FLI and FPI have included in this Answer and Affirmative Defenses certain captions used in the Complaint, but specifically deny any allegations contained in, or inferences that could be drawn from, those captions.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

184399.1

## SPECIFIC RESPONSES

1.      FLI and FPI admit that the State of Iowa (the "State") seeks to bring this action as alleged in Paragraph 1 of the Complaint, but FLI and FPI deny that there is any basis for the State to do so and deny that the State is entitled to any relief.

2.      To the extent the allegations in Paragraph 2 are directed at FLI and FPI, FLI and FPI deny them.  FLI and FPI specifically deny that they "purposefully report false and inflated price information."  To the extent the allegations in Paragraph 2 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

3-4.     To the extent the allegations in Paragraphs 3-4 are directed at FLI and FPI, FLI and FPI deny them.  FLI and FPI specifically deny that they submit "false and inflated pricing information in order to 'create a spread.'"  FLI and FPI further deny the characterization of "spread" in Paragraphs 3-4.  To the extent the allegations in Paragraphs 3-4 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

5.      FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 are directed at FLI and FPI, FLI and FPI deny them.  FLI and FPI specifically deny that they engaged in "deception" or that they "purposefully manipulate a market that, by defendants' own design, is extremely complicated and non-transparent."  FLI and FPI further deny that Medicaid pays more for prescription drugs than any other payor.  To the extent the allegations in

3                                    184399.1

Paragraph 6 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

7-8.   FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7-8.

9.   To the extent the allegations in Paragraph 9 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they engage in any "unlawful price reporting activity [that] infects all four [pricing] benchmarks and renders each of them false and inflated." To the extent the allegations in Paragraph 9 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

10.   FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, except admit that they pay Medicaid rebates to Iowa and that such rebates lower the price Iowa Medicaid pays for FLI's and FPI's prescription drugs. To the extent the allegations in Paragraph 10 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

11.   To the extent the allegations in Paragraph 11 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they do not accurately report Best Prices. To the extent the allegations in Paragraph 11 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

184399.1

12.     To the extent the allegations in Paragraph 12 are directed at FLI and FPI, FLI and FPI deny them.  FLI and FPI specifically deny that they engage in "unlawful pricing schemes," the "manipulation of the Medicaid program" or the "improper reporting of false and inflated pricing information" resulting in "overcharges . . . to the Iowa Medicaid Program."  To the extent the allegations in Paragraph 12 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

13.     To the extent the allegations in Paragraph 13 are directed at FLI and FPI, FLI and FPI deny them.  FLI and FPI specifically deny that they engage in "wrongful practices" that have a "pernicious . . . effect on the public fisc."  To the extent the allegations in Paragraph 13 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

14-15.     FLI and FPI admit that they voluntarily participate in the Iowa Medicaid program, but deny that they have violated any State or Federal law.  To the extent the allegations in Paragraphs 14-15 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 14-15 refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied.

16.     To the extent the allegations in Paragraph 16 are directed at FLI and FPI, FLI and FPI deny them.  FLI and FPI specifically deny that they ignored any obligation or that they "intentionally report false prices to the government."  To the extent the

allegations in Paragraph 16 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

17.     To the extent the allegations in Paragraph 17 are directed at FLI and FPI, FLI and FPI deny them.  FLI and FPI specifically deny that they engage in "fraudulent, unfair and deceptive practices."  To the extent the allegations in Paragraph 17 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

18.     FLI and FPI admit that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but deny any liability to Plaintiff with respect to any such NDCs.  To the extent the allegations in Paragraph 18 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

19.     FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.  To the extent the allegations in Paragraph 19 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

20.     To the extent that the allegations in Paragraph 20 are directed at FLI and FPI, FLI and FPI deny them, except FLI and FPI admit that they manufacture and sell prescription drugs and that they participate in the Iowa Medicaid Program.  To the extent the allegations in Paragraph 20 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

184399.1

21.     FLI and FPI admit that they conduct business in the State of Iowa.

22-35.          The allegations in Paragraphs 22-35 are directed to other Defendants and require no response from FLI and FPI. To the extent a response is deemed to be required, FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 22-35.

36.     With respect to the allegations in Paragraphs 36 (a)-(b), FLI admits that it is a Delaware Corporation with its principal place of business in New York, New York. FPI further admits that it is a corporation with a principal place of business at 13600 Shoreline Drive, St. Louis, MO 63045. FLI and FPI admit that FPI is a wholly owned subsidiary of FLI. FLI and FPI further admit that they are engaged in the business of manufacturing, and selling pharmaceuticals.

37-58.          The allegations in Paragraphs 37-58 are directed to other Defendants and require no response from FLI and FPI. To the extent a response is deemed to be required, FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 37-58.

59.     FLI and FPI admit that the State seeks to bring this action as alleged in Paragraph 59, but FLI and FPI deny there is any basis for the State to do so and deny that the State is entitled to any relief.

60-61.          Paragraphs 60-61 state legal conclusions as to which no response is required. To the extent a response is deemed to be required, FLI and FPI deny the allegations in Paragraphs 60-61, and note that this captioned matter has been transferred

184399.1

to this Court by the Judicial Panel on Multi District Litigation, pursuant to 28 U.S.C. § 1407.

62.     With respect to the allegations in Paragraph 62, FLI and FPI admit that Medicaid was established by Title XIX of the Social Security Act. FLI and FPI further state that the provisions of Title XIX speak for themselves, and any characterizations thereof are denied.

63.     FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, except FLI and FPI admit that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government. To the extent the allegations in Paragraph 63 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

64-65.     FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 64-65. To the extent the allegations in Paragraphs 64-65 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

66.     FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, except admit that national drug codes are assigned to prescription drugs.

67.     To the extent the allegations in Paragraph 67 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are

184399.1

denied. FLI and FPI otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68. To the extent the allegations in Paragraph 68 refer to an OIG report, the report speaks for itself, and any characterizations thereof are denied.

69.     FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69. To the extent the allegations in Paragraph 69 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

70.     FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71-72.     To the extent the allegations in Paragraphs 71-72 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI further state that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices. To the extent the allegations in Paragraphs 71-72 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

73-80.     FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 73-80 or their subsections. To the

extent the allegations in Paragraphs 73-80 or their subsections refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

81.    FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, except that they admit that pricing compendia such as First DataBank and Medi-Span publish AWPs and FULs, and deny that FLI and FPI have any control over such prices.

82.    To the extent the allegations in Paragraph 82 are directed at FLI and FPI, FLI and FPI deny them.  FLI and FPI specifically deny that they "purposefully and fraudulently conceal" the "true prices" of their drugs by "claiming they are proprietary trade secrets."  To the extent the allegations in Paragraph 82 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

83.    FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.    To the extent the allegations in Paragraph 84 are directed at FLI and FPI, FLI and FPI deny them.  FLI and FPI specifically deny that they "fraudulently misrepresent" their true prices or that they report "false and inflated prices."  To the extent the allegations in Paragraph 84 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

184399.1

85.     To the extent the allegations in Paragraph 85 are directed at FLI and FPI,
FLI and FPI deny them, except that FLI and FPI admit that Exhibit A purports to identify
total expenditures by Defendant.  FLI and FPI specifically deny any "unfair practices,
deception, and fraud."  To the extent the allegations in Paragraph 85 are directed at
parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to
form a belief as to their truth.

86.     To the extent the allegations in Paragraph 86 are directed at FLI and FPI,
FLI and FPI deny them.  FLI and FPI specifically deny conducting any "fraudulent
practices."  To the extent the allegations in Paragraph 86 are directed at parties other than
FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to
their truth.

87-89.     To the extent the allegations in Paragraphs 87-89 are directed at
FLI and FPI, FLI and FPI deny them.  FLI and FPI specifically deny that they report
"false and inflated" "WACs or WAC equivalents."  To the extent the allegations in
Paragraphs 87-89 are directed at parties other than FLI and FPI, FLI and FPI deny
knowledge or information sufficient to form a belief as to their truth.

90-92.     To the extent the allegations in Paragraphs 90-92 are directed at
FLI and FPI, FLI and FPI deny them.  FLI and FPI further state that these allegations
wrongly assume that discounts, chargebacks and other price concessions are supposed to
be included in prices reported to industry compendia.  To the extent the allegations in
Paragraphs 90-92 are directed at parties other than FLI and FPI, FLI and FPI deny
knowledge or information sufficient to form a belief as to their truth.

184399.1

93-98.        To the extent the allegations in Paragraphs 93-98 are directed at
FLI and FPI, FLI and FPI deny them, except FLI and FPI admit that they have provided
certain prices with respect to their drugs to certain industry pricing compendia.  FLI and
FPI specifically deny that they "either report or caused to be reported false and inflated
AWPs," "false WAC or WAC equivalents," or that FLI and FPI "alone control the false
and inflated AWPs that are published for their drugs."  FLI and FPI further state that for
years, and at all times relevant to the Complaint, it has been common knowledge and
universally understood, including by the State and/or its agents, that AWP does not, and
is not intended to, reflect an actual average of wholesale prices.  To the extent the
allegations in Paragraphs 93-98 are directed at parties other than FLI and FPI, FLI and
FPI deny knowledge or information sufficient to form a belief as to their truth.

99.        FLI and FPI deny knowledge or information sufficient to form a belief as
to the truth of the allegations in Paragraph 99.

100.        To the extent the allegations in Paragraph 100 are directed at FLI and FPI,
FLI and FPI deny them.  FLI and FPI specifically deny that they took no action with
respect to the referenced AWP increase by FDB.  To the extent the allegations in
Paragraph 100 are directed at parties other than FLI and FPI, FLI and FPI deny
knowledge or information sufficient to form a belief as to their truth.

101.        To the extent the allegations in Paragraph 101 or the exhibit referenced
therein are directed at FLI and FPI, FLI and FPI deny them.  To the extent the allegations
in Paragraph 101 or the exhibit referenced therein are directed at parties other than FLI

184399.1

and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to
their truth.

102.   FLI and FPI deny knowledge or information sufficient to form a belief as
to the truth of the allegations in Paragraph 102. To the extent the allegations in
Paragraph 102 refer to statutes or regulations, those sources speak for themselves, and
any characterizations thereof are denied.

103.   FLI and FPI deny knowledge or information sufficient to form a belief as
to the truth of the allegations in Paragraph 103. To the extent the allegations in
Paragraph 103 refer to statutes or regulations, those sources speak for themselves, and
any characterizations thereof are denied.

104.   FLI and FPI deny knowledge or information sufficient to form a belief as
to the truth of the allegations in Paragraph 104. To the extent allegations in Paragraphs
104 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or
information sufficient to form a belief as to their truth.

105.   FLI and FPI deny knowledge or information sufficient to form a belief as
to the truth of the allegations in Paragraph 105. To the extent the allegations in
Paragraph 105 refer to statutes or regulations, those sources speak for themselves, and
any characterizations thereof are denied.

106-107.   To the extent allegations in Paragraphs 106-107 are directed at FLI
and FPI, FLI and FPI deny them. FLI and FPI further state that for years, and at all times
relevant to the Complaint, it has been common knowledge and universally understood,

184399.1

including by the State of Iowa and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices. To the extent allegations in Paragraphs 106-107 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

108.   FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108. To the extent allegations in Paragraphs 108 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

109.   The allegations in Paragraph 109 require no response from FLI and FPI on the grounds that the Iowa SMAC claims have been dismissed by the Court.

110-128.   To the extent the allegations in Paragraphs 110-128 are directed at FLI and FPI, FLI and FPI deny them, except FLI admits that it has executed a rebate agreement with HHS. FLI and FPI further state that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to FLI and FPI. In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied. To the extent the allegations in Paragraphs 110-128 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 110-128 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

129-132.   To the extent the allegations in Paragraphs 129-132 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI further state that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to FLI and FPI. To

14

the extent the allegations in Paragraphs 129-132 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 129-132 refer to statutes, regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

133.    To the extent the allegations in Paragraph 133 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they have participated in any "pricing scheme . . . by exacerbating the complexities of the  . . . drug market." To the extent the allegations in Paragraph 133 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

134.    To the extent the allegations in Paragraph 134 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they "purposefully conceal their true prices." To the extent the allegations in Paragraph 134 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 134 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

135.    To the extent the allegations in Paragraph 135 are directed at FLI and FPI, FLI and FPI deny them. To the extent the allegations in Paragraph 135 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

136.    To the extent the allegations in Paragraph 136 are directed at FLI and FPI, FLI and FPI deny them, except FLI and FPI admit that certain of their contracts are

15                          184399.1

subject to confidentiality agreements and that FLI and FPI do offer discounts to certain of their customers. To the extent the allegations in Paragraph 136 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

137.    To the extent the allegations in Paragraph 137 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they "obscure the true prices for their drugs with their policy of treating different classes of trade differently." To the extent the allegations in Paragraph 137 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

138-139.       To the extent the allegations in Paragraphs 138-139 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they "maintain two sets of pricing records: one with the inflated prices and another with the actual prices." To the extent the allegations in Paragraphs 138-139 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 138-139 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

140-141.       To the extent the allegations in Paragraphs 140-141 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they "hide their real drugs prices by secretly providing free drugs and phony grants" or that they conceal their true prices "to create spreads between actual cost and reimbursement amounts . . . to influence market share." To the extent the allegations in Paragraphs 140-141 are directed

16                                        184399.1

at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

142.    To the extent the allegations in Paragraph 142 are directed at FLI and FPI, FLI and FPI deny them.  To the extent the allegations in Paragraph 142 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

143.    To the extent the allegations in Paragraph 143 are directed at FLI and FPI, FLI and FPI deny them.  FLI and FPI further state that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraph 143 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

144-145.       To the extent the allegations in Paragraphs 144-145 are directed at FLI and FPI, FLI and FPI deny them.  FLI and FPI specifically deny that they have engaged in any "unlawful and undisclosed manipulation of the price reporting system" or caused the "publication of a false WAC," AWP, or FUL.  FLI and FPI further state that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that discounts were provided off of WAC.  To the extent the allegations in Paragraphs 144-145 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

17                                            184399.1

146.    To the extent the allegations in Paragraph 146 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they have "caus[ed] false prices to be published." To the extent the allegations in Paragraph 146 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

147.    To the extent the allegations in Paragraph 147 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they "submit false and inflated wholesale price information in order to create a spread." FLI and FPI further deny the characterization of "spread" in Paragraph 147. To the extent the allegations in Paragraph 147 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

148.    To the extent the allegations in Paragraph 148 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they have "corrupted the market for prescription drugs" or have "deliberately sought to create a powerful financial incentive for providers to prescribe drugs based primarily on the spread." FLI and FPI further deny the characterization of "spread" in Paragraph 148. To the extent the allegations in Paragraph 148 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

149-150.    To the extent the allegations in Paragraphs 149-150 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they "market their products based on the spread between reimbursement (based on AWP, WAC, or a WAC equivalent) and actual acquisition cost" or that they "compete on reimbursement

18

and profit rather than cost." To the extent the allegations in Paragraphs 149-150 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

151-152.    To the extent the allegations in Paragraphs 151-152 are directed at FLI and FPI, FLI and FPI deny them. To the extent the allegations in Paragraphs 151-152 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 151-152 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

153-154.    To the extent the allegations in Paragraphs 153-154 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they have "intentionally manipulat[ed] the nation's drug reimbursement system . . . with false and inflated prices." To the extent the allegations in Paragraphs 153-154 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

155-157.    To the extent the allegations in Paragraphs 155-157 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they report "reimbursement prices . . . to the publishing compendia" or that they engage in "purposeful AWP manipulation." FLI and FPI further state that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices. To the extent the allegations in Paragraphs 155-

19                                          184399.1

157 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 155-157 refer to HHS OIG reports, the reports speak for themselves, and any characterizations thereof are denied.

158.    To the extent the allegations in Paragraph 158 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they report "price information that . . . does not comply with the HHS OIG's guidelines" by not accounting for various types of discounts. To the extent the allegations in Paragraph 158 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

159-165.        FLI and FPI deny knowledge or information to form a belief as to the truth of the allegations in Paragraphs 159-165, except FLI and FPI admit that they participate in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for FLI's and FPI's drugs. FLI and FPI further state that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average. To the extent the allegations in Paragraphs 159-165 refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied.

166.    To the extent the allegations in Paragraph 166 are directed at FLI and FPI, FLI and FPI deny them. To the extent the allegations in Paragraph 166 are directed at

184399.1

parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

167-171.    To the extent that the allegations in Paragraphs 167-171 are directed at FLI and FPI, FLI and FPI deny them, except FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegation that the "Iowa Medicaid Program spent over $1.6 billion for defendants' drugs between 1992 and 2005 alone." FLI and FPI specifically deny that they "knowingly interfered with Iowa's ability to reimburse providers at EAC." To the extent the allegations in Paragraphs 167-171 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

172-177.    With respect to the allegations in Paragraphs 172-177, FLI and FPI admit that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but deny the accuracy of the data listed therein. To the extent the remaining allegations in Paragraphs 172-177 or Exhibit B are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI specifically deny that they "routinely submitted false prices" to pricing compendia. FLI and FPI further deny the characterization of "spread" in Paragraphs 172-177 and Exhibit B. To the extent the allegations in Paragraphs 172-177 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

178.    To the extent the allegations in Paragraph 178 are directed at FLI and FPI, FLI and FPI deny them. To the extent the allegations in Paragraph 178 are directed at

184399.1

parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

179.    To the extent the allegations in Paragraph 179 are directed at FLI and FPI, FLI and FPI deny them, except FLI and FPI admit that their contracts with purchasers sometimes included discounts.  FLI and FPI specifically deny that any price information they supply was "false and inflated."  To the extent the allegations in Paragraph 179 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

180.    To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at FLI and FPI, FLI and FPI deny them.  To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

181-376.    The allegations in Paragraphs 181-376 are directed to other Defendants and require no response from FLI and FPI.  To the extent a response is deemed to be required, FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 181-376.

377.    FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377 or its footnote or exhibit referenced therein.

184399.1

378.    FLI and FPI deny the allegations in Paragraph 378 and the exhibit referenced therein.

379-380.    FLI and FPI deny the allegations in Paragraphs 379 through 380, except FLI and FPI state that they sometimes offered discounts from the prices of some of their drugs, and further state that they achieved substantial sales at or near the list prices for drugs listed on Exhibit B-15.

381.    FLI and FPI deny the allegations in Paragraph 381, except FLI and FPI admit that they were asked to supply information to the Senate Finance Committee. FLI and FPI specifically deny that they "routinely offer[]" products as described in Paragraph 381.

382-613.    The allegations in Paragraphs 382-613 are directed to other Defendants and require no response from FLI and FPI.  To the extent a response is deemed to be required, FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 382-613.

614-616.    To the extent the allegations in Paragraphs 614-616 are directed at FLI and FPI, FLI and FPI deny them, except FLI and FPI deny knowledge or information sufficient to form a belief as to the truth of the allegation that Iowa's Medicaid program "spent over $1.6 billion for defendants' drugs in state and federal dollars from 1992 through 2005 alone."  FLI and FPI specifically deny that they were involved in any "false price reporting scheme" or "misconduct," or that they have been "unjustly enriched."  To the extent the allegations in Paragraphs 614-616 are directed at parties other than FLI and

184399.1

FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

617-632.    To the extent the allegations in Paragraphs 617-632 are directed at FLI and FPI, FLI and FPI deny them. FLI and FPI further state that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices. To the extent the allegations in Paragraphs 617-632 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 630 refer to *The Pink Sheet*, that document speaks for itself, and any characterizations thereof are denied.

## COUNT I

## VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8 (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

633.    In response to Paragraph 633, FLI and FPI repeat and incorporate as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 632.

634-642.    To the extent the allegations in Paragraphs 634-642 are directed at FLI and FPI, FLI and FPI state that the Court has dismissed the claim to which these allegations relate. To the extent that a response is still required, FLI and FPI deny the allegations as to themselves. To the extent the allegations in Paragraphs 634-642 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

184399.1

## COUNT II

## BREACH OF CONTRACT

643.    In response to Paragraph 643, FLI and FPI repeat and incorporate as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 642.

644-651.    To the extent the allegations in Paragraphs 644-651 are directed at FLI and FPI, FLI and FPI state that the Court has dismissed the claim to which these allegations relate.  To the extent that a response is still required, FLI and FPI deny the allegations as to themselves.  To the extent the allegations in Paragraphs 644-651 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.

## COUNT III

## IOWA CONSUMER FRAUD ACT
### (Iowa Code § 714.16)

652.    In response to Paragraph 652, FLI and FPI repeat and incorporate as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 651.

653.    To the extent the allegations in Paragraph 653 and the exhibits referenced therein are directed at FLI and FPI, FLI and FPI deny them.  To the extent the allegations in Paragraph 653 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 653 refers to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

184399.1

654-657.    To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto are directed at FLI and FPI, FLI and FPI deny them.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto refer to statutes, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto contain legal conclusions, no response is required.

## COUNT IV

### FRAUD

658.    In response to Paragraph 658, FLI and FPI repeat and incorporate as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 657.

659-662.    To the extent the allegations in Paragraphs 659-662 and the exhibits referenced therein are directed at FLI and FPI, FLI and FPI deny them.  To the extent the allegations in Paragraphs 659-662 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 659-662 refer to Iowa law, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 659-662 contain legal conclusions, no response is required.

184399.1

## COUNT VIII

## UNJUST ENRICHMENT

663.   In response to Paragraph 663, FLI and FPI repeat and incorporate as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 662.

664-666.   To the extent the allegations in Paragraphs 664-666 are directed at FLI and FPI, FLI and FPI deny them.  To the extent the allegations in Paragraphs 664-666 are directed at parties other than FLI and FPI, FLI and FPI deny knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 664-666 contain legal conclusions, no response is required.

667-675.   FLI and FPI deny that the State is entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 667-675 of the Complaint.

**WHEREFORE**, FLI and FPI demand judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

FLI and FPI reassert and incorporate herein by reference the assertions of paragraphs 1 through 675 hereof.

### First Affirmative Defense

27

Plaintiff fails to state a claim against FLI and FPI upon which relief may be granted.

## Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because it did not rely on any alleged misrepresentations or fraud by FLI and FPI. Plaintiff knew that providers could obtain FLI and FPI drugs at prices below AWP prior to the relevant time period stated in the Complaint.

## Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the state action doctrine.

## Sixth Affirmative Defense

To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, Plaintiff is barred from seeking recovery against FLI and FPI based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

## Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged

184399.1

statements or conduct by FLI and FPI in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiff's claims.

### Ninth Affirmative Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Prescription Drug, Improvement and Modernization Act of 2003, including all amendments to the same and all regulations promulgated thereunder.

### Tenth Affirmative Defense

Plaintiff's claims against FLI and FPI are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Eleventh Affirmative Defense

Plaintiff fails to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against FLI and FPI contained in the Complaint.

### Twelfth Affirmative Defense

Any and all actions taken by FLI and FPI with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established

184399.1

industry practice.

## Thirteenth Affirmative Defense

FLI's and FPI's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

## Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a consumer within the meaning of the Iowa Consumer Fraud Act.

## Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a person within the meaning of the Iowa Consumer Fraud Act.

## Sixteenth Affirmative Defense

Some or all of Plaintiff's claims against FLI and FPI arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

## Seventeenth Affirmative Defense

FLI and FPI deny that Plaintiff has a valid consumer protection claim against FLI and FPI under the Iowa Consumer Fraud Act.  However, if such claim is found to exist, FLI and FPI plead all available defenses under the Act.

## Eighteenth Affirmative Defense

To the extent that Plaintiff attempts to seek equitable relief against FLI and FPI, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

184399.1

### Nineteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Twentieth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by FLI and FPI after the filing of the Complaint.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Twenty-Second Affirmative Defense

Plaintiff's claims against FLI and FPI are barred, in whole or in part, due to their failure to join indispensable parties.

### Twenty-Third Affirmative Defense

Plaintiff's claims against FLI and FPI are barred, in whole or in part, because Plaintiff has not suffered damages as a result of the matters alleged in the Complaint.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, (1) because Plaintiff failed to mitigate damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to FLI and FPI; (2) because Plaintiff would be unjustly enriched if allowed to recover any

184399.1

portion of the damages alleged in the Complaint; and (3) because damages are speculative and remote and because of the impossibility of ascertaining and allocating alleged damages.

### Twenty-Fifth Affirmative Defense

FLI and FPI are entitled to a set-off, should any damages be awarded against them, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims against FLI and FPI are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Iowa Constitution.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims against FLI and FPI are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims against FLI and FPI are barred, in whole or in part, because they violate FLI's and FPI's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Iowa Constitution, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims against FLI and FPI are barred because Plaintiff and/or its agents knew and were aware that AWP was not an actual average of wholesale prices or

184399.1

the actual acquisition cost of pharmaceuticals.  Legal and equitable principles preclude this action for damages and injunctive relief.

### Thirtieth Affirmative Defense

The claims alleged herein, based on the facts alleged, are barred in whole or in part by Plaintiff's own negligence or gross negligence and the doctrines of comparative and/or contributory negligence.  Among other things, the claims disregard Iowa's obligations under federal law.

### Thirty-First Affirmative Defense

Plaintiff's prayers for relief in the form of restitution are barred, in whole or in part, because FLI and FPI did not retain any money belonging to Plaintiff as a result of any alleged overpayments.

### Thirty-Second Affirmative Defense

Plaintiff has failed to plead with particularity allegations of fraud by FLI and FPI contained in the Complaint.

### Thirty-Third Affirmative Defense

Plaintiff's claims for fraud and fraudulent concealment are barred because the Plaintiff cannot predicate a claim for fraud on reliance by a third party.

### Thirty-Fourth Affirmative Defense

Plaintiff's claims against FLI and FPI are barred because Plaintiff lacks standing or capacity to bring the some or all of the claims asserted against FLI and FPI under Iowa law.

184399.1

### Thirty-Fifth Affirmative Defense

Plaintiff's claims against FLI and FPI are barred in whole or in part by the doctrine of voluntary payment.

### Thirty-Sixth Affirmative Defense

Plaintiff's claims against FLI and FPI for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Seventh Affirmative Defense

Plaintiff's claims against FLI and FPI for unjust enrichment are barred because the Complaint does not allege that Defendants received any payment or property from the Plaintiff.

### Thirty-Eighth Affirmative Defense

Plaintiff's claims against FLI and FPI for injunctive relief against FLI and FPI are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Ninth Affirmative Defense

Plaintiff's claims against FLI and FPI are misjoined with Plaintiff's claims against other Defendants and must be severed.

### Fortieth Affirmative Defense

Any damages recovered by the Plaintiff must be limited by any applicable statutory ceiling on recoverable damages.

### Forty-First Affirmative Defense

To the extent punitive damages are sought, Plaintiff's punitive damages claims against FLI and FPI (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for

184399.1

punitive damages against FLI and FPI; (3) cannot be sustained because the laws

regarding the standards for determining liability for, and the amount of, punitive damages

fail to give FLI and FPI prior notice of the conduct for which punitive damages may be

imposed and the severity of the penalty that may be imposed and are void for vagueness

in violation of FLI'S and FPI'S due process rights guaranteed by the Fifth and the

Fourteenth Amendments to the United States Constitution; (4) cannot be sustained

because any award of punitive damages exceeding the limits authorized by the laws or

other comparable laws would violate FLI'S and FPI'S due process and equal protection

rights guaranteed by the Fifth and Fourteenth Amendments to the United States

Constitution and be improper under the Iowa Constitution and Iowa common law.

### Forty-Second Affirmative Defense

Plaintiff fails to allege facts or a cause of action against FLI and FPI sufficient

to support a claim for prejudgment interest or any other relief.

### Forty-Third Affirmative Defense

Plaintiff has not suffered, and will not suffer, any injuries to a legally

protected or cognizable interest by reason of the conduct of FLI and FPI as alleged in the

Complaint.

### Forty-Fourth Affirmative Defense

Plaintiff's claims against FLI and FPI are barred because FLI and FPI have

complied with all applicable regulations of the federal and state governments.

184399.1

### Forty-Fifth Affirmative Defense

Plaintiff's claims against FLI and FPI are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of intervening or superseding conduct of third parties.

### Forty-Sixth Affirmative Defense

Plaintiff's claims against FLI and FPI are barred, in whole or in part, because FLI and FPI did not make any false statements to the Plaintiff. As to any statement asserted against FLI and FPI that Plaintiff alleges to be false or misleading, FLI and FPI had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Forty-Seventh Affirmative Defense

Plaintiff fails to allege facts or a cause of action sufficient to support a claim against FLI and FPI for compensatory damages, attorneys' fees, enhanced damages, treble damages and/or legal fees or costs.

### Forty-Eighth Affirmative Defense

FLI and FPI adopt by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

### Forty-Ninth Affirmative Defense

FLI and FPI hereby give notice that they intend to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend their Answer to assert such defense.

Dated: September 18, 2008

Respectfully submitted,

DORNBUSH SCHAEFFER STRONGIN &
VENAGLIA, LLP

Peter J. Venaglia, Esq.
Cynthia L. Ebbs, Esq.
Jessica A. Jablon, Esq.
Attorneys for Forest Laboratories, Inc. and
     Forest Pharmaceuticals, Inc.
747 Third Avenue
New York, New York 10017
Telephone: (212) 759-3300
Facsimile: (212) 753-7673


*Attorneys for Forest Laboratories, Inc.
and Forest Pharmaceuticals, Inc.*

184399.1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the ANSWER AND AFFIRMATIVE

DEFENSES OF FOREST LABORATORIES, INC. AND FOREST

PHARMACEUTICALS, INC. TO THE STATE OF IOWA'S COMPLAINT was

delivered to all counsel of record by sending a copy to LexisNexis File and Serve, on

September 18, 2008, for posting and notification to all parties.

Dated:        September 18, 2008

Jessica A. Jablon

184399.1