# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br> Master File No.: 01-CV-12257-PBS <br> (original S.D. Iowa No. 4:07-cv-00461-JAJ-CFB) |
| THIS DOCUMENT RELATES TO: <br> *State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

## ANSWER AND AFFIRMATIVE DEFENSES OF PFIZER INC. AND AGOURGON PHARMACEUTICALS, INC. TO THE STATE OF IOWA'S COMPLAINT

Defendants Pfizer Inc. and Agouron Pharmaceuticals, Inc. (jointly "Pfizer")[1] by and through their attorneys, hereby state as an Answer and Affirmative Defenses to the State of Iowa's Complaint, dated October 9, 2007, as follows:

### PRELIMINARY STATEMENT

The State of Iowa's Complaint (the "Complaint") improperly refers to Pfizer, other Defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Pfizer. This is insufficient to apprise Pfizer of the allegations asserted against it. Pfizer has nevertheless attempted to respond to Plaintiff's allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of other persons or entities, Pfizer is generally without knowledge or information sufficient to form a belief as to the truth of those allegations. Pfizer states that it is

---

[1] This Answer is submitted solely on behalf of Defendants Pfizer Inc. and Agouron Pharmaceuticals, Inc.

answering Plaintiff's allegations solely on behalf of itself, even when Plaintiff's allegations refer to alleged conduct by Pfizer and other persons or entities.

The Complaint also contains purported quotations from a number of sources.  In answering allegations consisting of quotations, Pfizer's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or Pfizer's reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

Pfizer denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any particular averment or in the Complaint as a whole.  In addition, Pfizer specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint. For ease of reference, Pfizer has included in this Answer and Affirmative Defenses certain captions used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, those captions.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## SPECIFIC RESPONSES

1.      Pfizer admits that the State of Iowa (the "State") seeks to bring this action as alleged in Paragraph 1 of the Complaint, but Pfizer denies that there is any basis for the State to do so and denies that the State is entitled to any relief.

2.      To the extent the allegations in Paragraph 2 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "purposefully report[s] false and inflated price information."  To the extent the allegations in Paragraph 2 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

3 & 4.  To the extent the allegations in Paragraphs 3 and 4 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it submits "false and inflated pricing information in order to 'create a spread.'"  Pfizer also denies the characterization of "spread" in Paragraphs 3 and 4.  Pfizer also specifically denies that it has competed with other drug manufacturers on alleged spread and/or reimbursement.  To the extent the allegations in Paragraphs 3 and 4 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

5.      Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "purposefully manipulate[s] a market that, by defendants' own design, is extremely complicated and non-transparent."  To the extent

the allegations in Paragraph 6 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

7 & 8.   Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7 and 8.

9.      To the extent the allegations in Paragraph 9 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it engages in any "unlawful price reporting activity [that] infects all four [pricing] benchmarks and renders each of them false and inflated."  To the extent the allegations in Paragraph 9 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

10.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, except that it admits that it pays Medicaid rebates to Iowa and that such rebates lower the price Iowa Medicaid pays for Pfizer's prescription drugs.  To the extent the allegations in Paragraph 10 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

11.     To the extent the allegations in Paragraph 11 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it does not accurately report Best Prices.  To the extent the allegations in Paragraph 11 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

12.     To the extent the allegations in Paragraph 12 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it engages in "unlawful pricing schemes," the

"manipulation of the Medicaid program" or the "improper reporting of false and inflated pricing information" resulting in "overcharges . . . to the Iowa Medicaid Program." To the extent the allegations in Paragraph 12 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

13.     To the extent the allegations in Paragraph 13 are directed at Pfizer, Pfizer denies them. Pfizer specifically denies that it engages in "wrongful practices" that have a "pernicious . . . effect on the public fisc." To the extent the allegations in Paragraph 13 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

14 & 15.   Pfizer admits that it voluntarily participates in the Iowa Medicaid program, but denies that it has violated any State or Federal law. To the extent the allegations in Paragraphs 14 and 15 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 14 and 15 refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied.

16.     To the extent the allegations in Paragraph 16 are directed at Pfizer, Pfizer denies them. Pfizer specifically denies that it "intentionally report[s] false prices to the government." To the extent the allegations in Paragraph 16 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

17.     To the extent the allegations in Paragraph 17 are directed at Pfizer, Pfizer denies them.   Pfizer specifically denies that it engages in "fraudulent, unfair and

deceptive practices." To the extent the allegations in Paragraph 17 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

18. Pfizer admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability to Plaintiff with respect to any such NDCs. To the extent the allegations in Paragraph 18 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

19. Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19. To the extent the allegations in Paragraph 19 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

20. To the extent that the allegations in Paragraph 20 are directed at Pfizer, Pfizer denies them, except Pfizer admits that it manufactures and sells prescription drugs and that it participates in the Iowa Medicaid Program. To the extent the allegations in Paragraph 20 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

21. Pfizer admits that it conducts business in the State of Iowa.

22-46. The allegations in Paragraphs 22-46 are directed to other Defendants and require no response from Pfizer. To the extent a response is deemed to be required,

Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 22-46.

47.    With respect to the allegations in Paragraphs 47(a)-(d), Pfizer admits that Pfizer Inc. is a Delaware corporation with its principal place of business located at 235 East 42nd Street, New York, NY 10017.    Pfizer admits that defendant Agouron Pharmaceuticals, Inc. is a California corporation with its principal located at 10777 Science Center Dr., San Diego, CA 92121.    Pfizer otherwise denies the allegations in Paragraphs 47(a)-(d) of the Complaint.    Pfizer specifically denies the characterization of Pfizer Inc. and Agrouron Pharmaceuticals, Inc. as part of the "Pfizer Group."    These entities have been sued as separate defendants in this matter and this Answer is submitted solely on behalf of Defendants Pfizer Inc. and Agouron Pharmaceuticals, Inc. Defendants Pharmacia Corporation and Greenstone, Ltd. are submitting a separate Answer.

48-58.    The allegations in Paragraphs 48-58 are directed to other Defendants and require no response from Pfizer.    To the extent a response is deemed to be required, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 48-58.

59.    Pfizer admits that the State seeks to bring this action as alleged in Paragraph 59, but Pfizer denies there is any basis for the State to do so and denies that the State is entitled to any relief.

60 & 61.    Paragraphs 60 and 61 state legal conclusions as to which no response is required.    To the extent a response is deemed to be required, Pfizer denies the allegations

in Paragraphs 60 and 61, and notes that this captioned matter has been transferred to this Court by the Judicial Panel on Multi District Litigation, pursuant to 28 U.S.C. § 1407.

62.    With respect to the allegations in Paragraph 62, Pfizer admits that Medicaid was established by Title XIX of the Social Security Act.  Pfizer further states that the provisions of Title XIX speak for themselves, and any characterizations thereof are denied.

63.    Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, except Pfizer admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in Paragraph 63 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

64 & 65.  Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 64 and 65.  To the extent the allegations in Paragraphs 64 and 65 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

66.    Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, except admits that national drug codes are assigned to prescription drugs.

67.    To the extent the allegations in Paragraph 67 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are

denied.  Pfizer otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.  To the extent the allegations in Paragraph 68 refer to an OIG report, the report speaks for itself, and any characterizations thereof are denied.

69.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.  To the extent the allegations in Paragraph 69 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

70.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71 & 72.  To the extent the allegations in Paragraphs 71 and 72 are directed at Pfizer, Pfizer denies them.  Pfizer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 71 and 72 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

73-80.  Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 73-80 or their subsections.  To the extent the

allegations in Paragraphs 73-80 or their subsections refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

81.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, except that it admits that pricing compendia such as First DataBank and Medi-Span publish AWPs and FULs, and denies that Pfizer has any control over such prices.

82.     To the extent the allegations in Paragraph 82 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "purposefully and fraudulently conceal[s]" the "true prices" of its drugs by "claiming they are proprietary trade secrets."  To the extent the allegations in Paragraph 82 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

83.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     To the extent the allegations in Paragraph 84 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "fraudulently misrepresent[s]" its true prices or that it reports "false and inflated prices."  To the extent the allegations in Paragraph 84 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

85.     To the extent the allegations in Paragraph 85 are directed at Pfizer, Pfizer denies them, except that Pfizer admits that Exhibit A purports to identify total expenditures by Defendant.  Pfizer specifically denies any "unfair practices, deception,

and fraud." To the extent the allegations in Paragraph 85 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

86.     To the extent the allegations in Paragraph 86 are directed at Pfizer, Pfizer denies them. Pfizer specifically denies conducting any "fraudulent practices." To the extent the allegations in Paragraph 86 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

87-89.  To the extent the allegations in Paragraphs 87-89 are directed at Pfizer, Pfizer denies them. Pfizer specifically denies that it reports "false and inflated" "WACs or WAC equivalents." To the extent the allegations in Paragraphs 87-89 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

90-92.  To the extent the allegations in Paragraphs 90-92 are directed at Pfizer, Pfizer denies them. Pfizer further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia. To the extent the allegations in Paragraphs 90-92 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

93-98.  To the extent the allegations in Paragraphs 93-98 are directed at Pfizer, Pfizer denies them, except Pfizer admits that it has provided the list price of its drugs to certain industry pricing compendia and that publishers apply their own markups to the list prices. Pfizer specifically denies that it "either report[s] or caused to be reported false

and inflated AWPs," "false WAC or WAC equivalents," or that Pfizer "alone control[s] the false and inflated AWPs that are published for [its] drugs." Pfizer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices. To the extent the allegations in Paragraphs 93-98 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

99.     Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.    To the extent the allegations in Paragraph 100 are directed at Pfizer, Pfizer denies them. To the extent the allegations in Paragraph 100 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

101.    To the extent the allegations in Paragraph 101 or the exhibit referenced therein are directed at Pfizer, Pfizer denies them. To the extent the allegations in Paragraph 101 or the exhibit referenced therein are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

102-108.    To the extent these allegations relate to the federal government's processes and regulations regarding Federal Upper Limits, those regulations speak for themselves and any characterizations thereof are denied. The allegations in Paragraphs 102-108 require no response from Pfizer on the grounds that Exhibit B does not name any Pfizer drugs subject to the FUL. To the extent the allegations in Paragraphs 102-108

are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

109.   The allegations in Paragraph 109 require no response from Pfizer on the grounds that the Iowa SMAC claims have been dismissed by the Court.

110-128.   To the extent the allegations in Paragraphs 110-128 are directed at Pfizer, Pfizer denies them, except that Pfizer Inc. admits that it has executed a rebate agreement with HHS.   The rebate agreement speaks for itself and any characterizations thereof are denied.   Pfizer further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Agouron Pharmaceuticals, Inc.   To the extent any rebate-related allegations remain against Pfizer Inc., Pfizer denies the allegations and states that such allegations are subject to and precluded by a settlement agreement entered into with Iowa on or about January 14, 2003.   To the extent the allegations in Paragraphs 110-128 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraphs 110-128 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

129-132.   To the extent the allegations in Paragraphs 129-132 are directed at Pfizer, Pfizer denies them, and further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Agouron Pharmaceuticals, Inc.   To the extent any rebate-related allegations remain against Pfizer Inc., Pfizer denies the allegations and states that such allegations are subject to and precluded by a settlement agreement entered into with Iowa on or about January 14, 2003.   To the extent the

allegations in Paragraphs 129-132 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 129-132 refer to statutes, regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

133.    To the extent the allegations in Paragraph 133 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has participated in any "pricing scheme . . . by exacerbating the complexities of the  . . . drug market."  To the extent the allegations in Paragraph 133 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

134.    To the extent the allegations in Paragraph 134 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "purposefully conceal[s its] true prices." To the extent the allegations in Paragraph 134 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 134 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

135.    To the extent the allegations in Paragraph 135 are directed at Pfizer, they are denied.  To the extent the allegations in Paragraph 135 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

136.    To the extent the allegations in Paragraph 136 are directed at Pfizer, they are denied, except Pfizer admits that certain of its contracts are subject to confidentiality agreements and that Pfizer does offer discounts to certain of its customers.  To the extent

the allegations in Paragraph 136 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

137.    To the extent the allegations in Paragraph 137 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "obscure[s] the true prices for [its] drugs with [its] policy of treating different classes of trade differently."  To the extent the allegations in Paragraph 137 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

138 & 139.  To the extent the allegations in Paragraphs 138 and 139 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "maintain[s] two sets of pricing records:  one with [] inflated prices and another with [] actual prices."  To the extent the allegations in Paragraphs 138 and 139 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 138 and 139 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

140 & 141.  To the extent the allegations in Paragraphs 140 and 141 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "hide[s its] real drugs prices by secretly providing free drugs and phony grants" or that it conceals its true prices "to create spreads between actual cost and reimbursement amounts . . . to influence market share."  To the extent the allegations in Paragraphs 140 and 141 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

142.    To the extent the allegations in Paragraph 142 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraph 142 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

143.    To the extent the allegations in Paragraph 143 are directed at Pfizer, Pfizer denies them.  Pfizer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraph 143 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

144 & 145.  To the extent the allegations in Paragraphs 144 and 145 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has engaged in any "unlawful and undisclosed manipulation of the price reporting system" or caused the "publication of a false WAC," AWP, or FUL.  To the extent the allegations in Paragraphs 144 and 145 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

146.    To the extent the allegations in Paragraph 146 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has "caus[ed] false prices to be published." To the extent the allegations in Paragraph 146 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

147.    To the extent the allegations in Paragraph 147 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "submit[s] false and inflated wholesale price information in order to create a spread."  Pfizer further denies the characterization of "spread" in Paragraph 147.  To the extent the allegations in Paragraph 147 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

148.    To the extent the allegations in Paragraph 148 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has "corrupted the market for prescription drugs" or has "deliberately sought to create a powerful financial incentive for providers to prescribe drugs based primarily on the spread."   Pfizer further denies the characterization of "spread" in Paragraph 148.  To the extent the allegations in Paragraph 148 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

149 & 150.  To the extent the allegations in Paragraphs 149 and 150 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it "market[s its] products based on the spread between reimbursement (based on AWP, WAC, or a WAC equivalent) and actual acquisition cost" or that it "compete[s] on reimbursement and profit rather than cost."  To the extent the allegations in Paragraphs 149 and 150 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

151 & 152.  To the extent the allegations in Paragraphs 151 and 152 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraphs 151 and 152 are

directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 151 and 152 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

153 & 154.  To the extent the allegations in Paragraphs 153 and 154 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it has "intentionally manipulat[ed] the nation's drug reimbursement system . . . with false and inflated prices." To the extent the allegations in Paragraphs 153 and 154 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

155-157.  To the extent the allegations in Paragraphs 155-157 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it reports "reimbursement prices . . . to the publishing compendia" or that it engages in "purposeful AWP manipulation."  Pfizer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 155-157 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 155-157 refer to HHS OIG reports, the reports speak for themselves, and any characterizations thereof are denied.

158.    To the extent the allegations in Paragraph 158 are directed at Pfizer, Pfizer denies them.  Pfizer specifically denies that it reports "price information that . . . does not

comply with the HHS OIG's guidelines" by not accounting for various types of discounts.  To the extent the allegations in Paragraph 158 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

159-165.  Pfizer denies knowledge or information to form a belief as to the truth of the allegations in Paragraphs 159-165, except Pfizer admits that it participates in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for Pfizer drugs.  Pfizer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average.  To the extent the allegations in Paragraphs 159-165 refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied.

166.  To the extent the allegations in Paragraph 166 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraph 166 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

167-171.  To the extent that the allegations in Paragraphs 167-171 are directed at Pfizer, Pfizer denies them, except Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegation that the "Iowa Medicaid Program spent over $1.6 billion for defendants' drugs between 1992 and 2005 alone."  Pfizer specifically denies that it "knowingly interfered with Iowa's ability to reimburse providers at EAC."

To the extent the allegations in Paragraphs 167-171 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

172-177.   With respect to the allegations in Paragraphs 172-177, Pfizer admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.   To the extent the remaining allegations in Paragraphs 172-177 or Exhibit B are directed at Pfizer, Pfizer denies them. Pfizer specifically denies that it "routinely submitted false prices" to pricing compendia. Pfizer further denies the characterization of "spread" in Paragraphs 172-177 and Exhibit B.   To the extent the allegations in Paragraphs 172-177 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

178.   To the extent the allegations in Paragraph 178 are directed at Pfizer, Pfizer denies them.   To the extent the allegations in Paragraph 178 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

179.   To the extent the allegations in Paragraph 179 are directed at Pfizer, Pfizer denies them, except Pfizer admits that its contracts with purchasers sometimes included discounts.   To the extent the allegations in Paragraph 179 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

180.   To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at Pfizer, Pfizer denies them.   To the extent the allegations in

Paragraph 180 or the exhibit referenced therein are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

181-487.   The allegations in Paragraphs 181-487 are directed to other Defendants and require no response from Pfizer.   To the extent a response is deemed to be required, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 181-487.

488.   Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 488 or its footnote or exhibit referenced therein.   To the extent the allegations in Paragraph 488 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

489.   Pfizer denies the allegations in Paragraph 489 and the exhibit referenced therein.   To the extent the allegations in Paragraph 489 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

490.   Pfizer denies the allegations in Paragraph 490.   Pfizer denies any characterization or inference resulting from the Plaintiff's reference to unidentified documents.   To the extent the allegations in Paragraph 490 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

491-493.   To the extent the allegations in Paragraph 491-493 are directed at Pfizer, Pfizer denies them.   To the extent the allegations in Paragraph 491-493 are

directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

494. Pfizer denies the allegations in Paragraphs 494(a)-(f), except Pfizer admits that it entered into a CIA with the HHS OIG on October 24, 2002 and a settlement agreement with the United States and various states. These documents speak for themselves, and Pfizer specifically denies any characterization or inference resulting from Plaintiff's references to these documents. To the extent the allegations in Paragraphs 494(a)-(f) are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

495. To the extent to which the allegations in Paragraph 495 are directed at Pfizer, Pfizer denies them. To the extent the allegations in Paragraph 495 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

496. Pfizer denies the allegations in Paragraph 496. Pfizer further states that the Court has dismissed all Medicaid "Best Price" and rebate-related allegations in the Complaint as to Agouron Pharmaceuticals, Inc. To the extent any "Best Price" and rebate-related allegations remain against Pfizer Inc., Pfizer denies the allegations and states that such allegations are subject to and precluded by a settlement agreement entered into with Iowa on or about January 14, 2003. To the extent to which the allegations in Paragraphs 496 refer to documents or proceedings in other matters, those documents and transcripts of proceedings speak for themselves and any characterization thereof is denied. To the extent the allegations in Paragraph 496 are directed at parties

other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

497.    To the extent the allegations in Paragraph 497 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraph 497 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

498 & 499.  To the extent the allegations in Paragraphs 498 and 499 are directed at Pfizer, Pfizer denies the allegations in Paragraphs 498 and 499.  To the extent that the allegations in Paragraph 498 and 499 refer to a letter from Representative Stark, the letter speaks for itself, and Pfizer denies any characterization or inference resulting from the Plaintiff's citation.   Pfizer denies that Plaintiff's have accurately characterized the findings, opinions, statements, or conclusions of the letter.

500.    To the extent to which the allegations in Paragraph 500 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraph 500 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

501-506.    To the extent to which the allegations in Paragraphs 501-505 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraph 501-505 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations refer to or are based upon any writing, data or other source, Pfizer denies that Plaintiff has accurately characterized, analyzed, or summarized those sources.

507-613.   The allegations in Paragraphs 507-613 are directed to other Defendants and require no response from Pfizer.   To the extent Paragraph 507-613 references Pfizer, the allegations in that paragraph are denied.   To the extent a response is deemed to be required to the remaining paragraphs, Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 507-613.

614-616.   To the extent the allegations in Paragraphs 614-616 are directed at Pfizer, Pfizer denies them, except Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegation that Iowa's Medicaid program "spent over $1.6 billion for defendants' drugs in state and federal dollars from 1992 through 2005 alone."   Pfizer specifically denies that it was involved in any "false price reporting scheme" or "misconduct," or that it has been "unjustly enriched."   To the extent the allegations in Paragraphs 614-616 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

617-632.   To the extent the allegations in Paragraphs 617-632 are directed at Pfizer, Pfizer denies them.   Pfizer further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.   To the extent the allegations in Paragraphs 617-632 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraph 630 refer to *The Pink Sheet*, that document speaks for itself, and any characterizations thereof are denied.

**COUNT I**

**VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8**
**(FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)**

633.   In response to Paragraph 633, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 632.

634-642.   To the extent the allegations in Paragraphs 634-642 are directed at Pfizer, Pfizer states that the Court has dismissed the claim to which these allegations relate. To the extent that a response is still required, Pfizer denies the allegations as to itself. To the extent the allegations in Paragraphs 634-642 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

## COUNT II

### BREACH OF CONTRACT

643.   In response to Paragraph 643, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 642.

644-651.   To the extent the allegations in Paragraphs 644-651 are directed at Pfizer, Pfizer states that the Court has dismissed the claim to which these allegations relate. To the extent that a response is still required, Pfizer denies the allegations as to itself. To the extent the allegations in Paragraphs 644-651 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.

## COUNT III

### IOWA CONSUMER FRAUD ACT
**(Iowa Code § 714.16)**

652.     In response to Paragraph 652, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 651.

653.     To the extent the allegations in Paragraph 653 and the exhibits referenced therein are directed at Pfizer, Pfizer denies them.   To the extent the allegations in Paragraph 653 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraph 653 refers to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

654-657.  To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto are directed at Pfizer, Pfizer denies them.   To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto refer to statutes, those sources speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraphs 654-657 and the sub-parts thereto contain legal conclusions, no response is required.

## COUNT IV

## FRAUD

658.     In response to Paragraph 658, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 657.

659-662.     To the extent the allegations in Paragraphs 659-662 and the exhibits referenced therein are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraphs 659-662 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 659-662 refer to Iowa law, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 659-662 contain legal conclusions, no response is required.

**COUNT VIII**

**UNJUST ENRICHMENT**

663.     In response to Paragraph 663, Pfizer repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 662.

664-666.   To the extent the allegations in Paragraphs 664-666 are directed at Pfizer, Pfizer denies them.  To the extent the allegations in Paragraphs 664-666 are directed at parties other than Pfizer, Pfizer denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 664-666 contain legal conclusions, no response is required.

667-675.  Pfizer denies that the State is entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 667-675 of the Complaint.

**WHEREFORE**, Pfizer demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Pfizer reasserts and incorporates herein by reference the assertions of paragraphs 1 through 675 hereof.

### First Affirmative Defense

Plaintiff fails to state a claim against Pfizer upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because it did not rely on any alleged misrepresentations or fraud by Pfizer.  Plaintiff knew that providers could obtain Pfizer drugs at prices below AWP prior to the relevant time period stated in the Complaint.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the state action doctrine.

### Sixth Affirmative Defense

To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, Plaintiff is barred from seeking recovery against Pfizer based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Pfizer in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiff's claims.

### Ninth Affirmative Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Prescription Drug, Improvement and Modernization Act of 2003, including all amendments to the same and all regulations promulgated thereunder.

### Tenth Affirmative Defense

Plaintiff's claims against Pfizer are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Eleventh Affirmative Defense

Plaintiff fails to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against Pfizer contained in the Complaint.

### Twelfth Affirmative Defense

Any and all actions taken by Pfizer with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Thirteenth Affirmative Defense

Pfizer's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a consumer within the meaning of the Iowa Consumer Fraud Act.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a person within the meaning of the Iowa Consumer Fraud Act.

### Sixteenth Affirmative Defense

Some or all of Plaintiff's claims against Pfizer arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

### Seventeenth Affirmative Defense

Pfizer denies that Plaintiff has a valid consumer protection claim against Pfizer under the Iowa Consumer Fraud Act.  However, if such claim is found to exist, Pfizer pleads all available defenses under the Act.

### Eighteenth Affirmative Defense

To the extent that Plaintiff attempts to seek equitable relief against Pfizer, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Twentieth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by Pfizer after the filing of the Complaint.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Twenty-Second Affirmative Defense

Plaintiff's claims against Pfizer are barred, in whole or in part, due to their failure to join indispensable parties.

### Twenty-Third Affirmative Defense

Plaintiff's claims against Pfizer are barred, in whole or in part, because Plaintiff has not suffered damages as a result of the matters alleged in the Complaint.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, (1) because Plaintiff failed to mitigate damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Pfizer; (2) because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; and (3) because damages are speculative and remote and because of the impossibility of ascertaining and allocating alleged damages.

### Twenty-Fifth Affirmative Defense

Pfizer is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims against Pfizer are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Iowa Constitution.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims against Pfizer are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims against Pfizer are barred, in whole or in part, because they violate Pfizer's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Iowa Constitution, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims against Pfizer are barred because Plaintiff and/or its agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of pharmaceuticals.  Legal and equitable principles preclude this action for damages and injunctive relief.

### Thirtieth Affirmative Defense

The claims alleged herein, based on the facts alleged, are barred in whole or in part by Plaintiff's own negligence or gross negligence and the doctrines of comparative and/or contributory negligence.  Among other things, the claims disregard Iowa's obligations under federal law.

### Thirty-First Affirmative Defense

Plaintiff's prayers for relief in the form of restitution are barred, in whole or in part, because Pfizer did not retain any money belonging to Plaintiff as a result of any alleged overpayments.

### Thirty-Second Affirmative Defense

Plaintiff has failed to plead with particularity allegations of fraud by Pfizer contained in the Complaint.

### Thirty-Third Affirmative Defense

Plaintiff's claims for fraud and fraudulent concealment are barred because the Plaintiff cannot predicate a claim for fraud on reliance by a third party.

### Thirty-Fourth Affirmative Defense

Plaintiff's claims against Pfizer are barred because Plaintiff lacks standing or capacity to bring the some or all of the claims asserted against Pfizer under Iowa law.

### Thirty-Fifth Affirmative Defense

Plaintiff's claims against Pfizer are barred in whole or in part by the doctrine of voluntary payment.

### Thirty-Sixth Affirmative Defense

Plaintiff's claims against Pfizer for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Seventh Affirmative Defense

Plaintiff's claims against Pfizer for unjust enrichment are barred because the Complaint does not allege that Defendants received any payment or property from the Plaintiff.

### Thirty-Eighth Affirmative Defense

Plaintiff's claims against Pfizer for injunctive relief against Pfizer are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Ninth Affirmative Defense

Plaintiff's claims against Pfizer are misjoined with Plaintiff's claims against other Defendants and must be severed.

### Fortieth Affirmative Defense

Any damages recovered by the Plaintiff must be limited by any applicable statutory ceiling on recoverable damages.

### Forty-First Affirmative Defense

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Pfizer (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive

damages against Pfizer; (3) cannot be sustained because the laws regarding the standards for determining liability for, and the amount of, punitive damages fail to give Pfizer prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Pfizer's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Pfizer's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and be improper under the Iowa Constitution and Iowa common law.

### Forty-Second Affirmative Defense

Plaintiff fails to allege facts or a cause of action against Pfizer sufficient to support a claim for prejudgment interest or any other relief.

### Forty-Third Affirmative Defense

Plaintiff has not suffered, and will not suffer, any injuries to a legally protected or cognizable interest by reason of the conduct of Pfizer as alleged in the Complaint.

### Forty-Fourth Affirmative Defense

Plaintiff's claims against Pfizer are barred because Pfizer has complied with all applicable regulations of the federal and state governments.

### Forty-Fifth Affirmative Defense

Plaintiff's claims against Pfizer are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of intervening or superseding conduct of third parties.

### Forty-Sixth Affirmative Defense

Plaintiff's claims against Pfizer are barred, in whole or in part, because Pfizer did not make any false statements to the Plaintiff.  As to any statement asserted against Pfizer that Plaintiff alleges to be false or misleading, Pfizer had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Forty-Seventh Affirmative Defense

Plaintiff fails to allege facts or a cause of action sufficient to support a claim against Pfizer for compensatory damages, attorneys' fees, enhanced damages, treble damages and/or legal fees or costs.

### Forty-Eighth Affirmative Defense

Pfizer adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

### Forty-Ninth Affirmative Defense

Pfizer hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its Answer to assert such defense.

DATED:  September 18, 2008.                    Respectfully submitted,

   /s/   Ezra Dodd Church
Mark D. Smith
Laredo & Smith LLP
15 Broad Street, Suite 600
Boston, MA 02109
Phone: 617.367.7984
Fax:  617.367.6475

Of Counsel
John C. Dodds
Erica Smith-Klocek
Ezra Dodd Church
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103

*Attorneys for Defendants*
Pfizer Inc. and Agouron Pharmaceuticals, Inc.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the ANSWER AND AFFIRMATIVE DEFENSES OF PFIZER INC. AND AGOURON PHARMACEUTICALS, INC. TO THE STATE OF IOWA'S COMPLAINT was delivered to all counsel of record by sending a copy to LexisNexis File and Serve, on September 18, 2008, for posting and notification to all parties.

September 18, 2008              /s/ Ezra Dodd Church
                               Ezra Dodd Church

## CERTIFICATE OF SERVICE

I, Mark D. Smith, hereby certify that on this 18th day of September, 2008, a true and correct copy of the foregoing Answer and Affirmative Defenses of Pfizer Inc. and Agourgon Pharmaceuticals, Inc. to the State of Iowa's Complaint was filed with the Clerk of the Court for the District of Massachusetts using the Court's CM/ECF system.


/s/ Mark D. Smith
LAREDO & SMITH, LLP


Dated: September 18, 2008