# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br> Master File No.: 01-CV-12257-PBS<br>(original S. D. Iowa No. 4:07-cv-00461-JAJ-CFB) |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

## THE ROCHE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE STATE OF IOWA'S COMPLAINT

Defendants Hoffmann-La Roche Inc. ("HLR") and Roche Laboratories Inc. ("RLI") (collectively, "Roche"), by and through their attorneys, hereby state as an Answer and Affirmative Defenses to the State of Iowa's Complaint, dated October 9, 2007, as follows:

## PRELIMINARY STATEMENT

The State of Iowa's Complaint (the "Complaint") improperly refers to Roche, other Defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Roche.  This is insufficient to apprise Roche adequately of the allegations asserted against it.  To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of other persons or entities, Roche is generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  Roche states that it is answering Plaintiff's allegations solely on behalf of itself, even when Plaintiff's allegations refer to alleged collective conduct by Roche and other persons or entities.

The Complaint also contains purported quotations from a number of sources.  In answering allegations containing quotations, Roche's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted, or Roche's reference to the full document instead of the quote, shall not constitute an admission that the substantive content of the quote or document is, or is not true, or that the material is relevant or admissible in this action.

Roche denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts admitted and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole.  Roche specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint. For ease of reference, Roche includes in this Answer and Affirmative Defenses the caption used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, that caption.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## SPECIFIC RESPONSES

1.     Roche admits that the State of Iowa (the "State") seeks to bring this action as alleged in Paragraph 1 of the Complaint, but Roche denies that there is any basis for the State to do so as to Roche and denies that the State is entitled to any relief from Roche.  To the extent the allegations in Paragraph 1 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 1 are directed at parties other than

Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

2.      To the extent the allegations in Paragraph 2 are directed at Roche, Roche denies them.  Roche specifically denies that it "purposefully report[s] false and inflated price information," or that it engaged in any "unlawful practices."  To the extent the allegations in Paragraph 2 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

3.   To the extent the allegations in Paragraph 3 are directed at Roche, Roche denies them.  Roche specifically denies that it submits "false and inflated pricing information in order to 'create a spread.'"  Roche further denies the characterization of "spread" in Paragraph 3.  To the extent the allegations in Paragraph 3 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

4.      To the extent the allegations in Paragraph 4 are directed at Roche, Roche denies them.  Roche further denies the characterization of "spread" in Paragraph 4.  To the extent the allegations in Paragraph 4 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

5.      Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 are directed at Roche, Roche denies them.  Roche specifically denies that it  "purposefully manipulate[s] a market that,

by defendants' own design, is extremely complicated and non-transparent."  To the extent the allegations in Paragraph 6 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

7.   Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, except that Roche admits that it pays Medicaid rebates to Iowa and that such rebates lower the price Iowa Medicaid pays for Roche's prescription drugs.  Roche further states that Paragraph 7 states legal conclusions as to which no response is required.

8.   Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.  Roche further states that Paragraph 8 states legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraph 8.

9.   To the extent the allegations in Paragraph 9 are directed at Roche, Roche denies them.  Roche specifically denies that it engages in any "unlawful price reporting activity [that] infects all four [pricing] benchmarks and renders each of them false and inflated."  To the extent the allegations in Paragraph 9 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

10.   Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 or its footnote, except that it admits that it pays Medicaid rebates to Iowa and that such rebates lower the price Iowa Medicaid pays for Roche's prescription drugs.  To the extent the allegations in Paragraph 10 or its

footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

11.     To the extent the allegations in Paragraph 11 are directed at Roche, Roche denies them.  Roche specifically denies that it does not accurately report Best Prices.  To the extent the allegations in Paragraph 11 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

12.     To the extent the allegations in Paragraph 12 are directed at Roche, Roche denies them.  Roche specifically denies that it engages in "unlawful pricing schemes," the "manipulation of the Medicaid program" or the "improper reporting of false and inflated pricing information" resulting in "overcharges . . . to the Iowa Medicaid Program."  To the extent the allegations in Paragraph 12 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

13.     To the extent the allegations in Paragraph 13 are directed at Roche, Roche denies them.  Roche specifically denies that it engages in "wrongful practices" that have a "pernicious . . . effect on the public fisc."  To the extent the allegations in Paragraph 13 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

14.  To the extent the allegations in Paragraph 14 are directed at Roche, Roche denies them, except that Roche admits that it voluntarily participates in the Iowa Medicaid program.  Roche specifically denies that it has violated any State or Federal law.  To the extent the allegations in Paragraph 14 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their

truth. Roche further states that Paragraph 14 states legal conclusions as to which no response is required.

15.     To the extent the allegations in Paragraph 15 are directed at Roche, Roche denies them. To the extent the allegations in Paragraph 15 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 15 refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied. Roche further states that Paragraph 15 states legal conclusions as to which no response is required. To the extent a response is deemed to be required, Roche denies the allegations in Paragraph 15.

16.     To the extent the allegations in Paragraph 16 are directed at Roche, Roche denies them. To the extent the allegations in Paragraph 16 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

17.     To the extent the allegations in Paragraph 17 are directed at Roche, Roche denies them. Roche specifically denies that it engages in "fraudulent, unfair and deceptive practices" and that Iowa Medicaid suffered "millions of dollars in damages." To the extent the allegations in Paragraph 17 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

18.     Roche admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability to Plaintiff with respect to any such NDCs. To the extent the allegations in Paragraph 18 are directed at parties

other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

19.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.  To the extent the allegations in Paragraph 19 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

20.     To the extent that the allegations in Paragraph 20 are directed at Roche, Roche denies them, except Roche admits that it manufactures and sells certain prescription drugs and that it participates in the Iowa Medicaid Program.  To the extent the allegations in Paragraph 20 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 20 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

21.     Roche admits that it conducts business in the State of Iowa.  To the extent the allegations in Paragraph 21 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

22-37.  The allegations in Paragraphs 22-37 are directed to other Defendants and require no response from Roche.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraphs 22-37 to the extent they are directed at Roche, and denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than Roche.

38.     Roche admits that HLR is a New Jersey corporation with its principal place of business located at 340 Kingsland Street, Nutley, NJ 07110-1199, and that RLI is a wholly-owned subsidiary of HLR and a Delaware corporation with its principal place of business at 340 Kingsland Street, Nutley, NJ 07110-1199.  Roche denies that Plaintiff has any viable claims against HLR, RLI, or any other Roche subsidiary or division, and otherwise denies the allegations in Paragraph 38 of the Complaint.

39-54.  The allegations in Paragraphs 39-54 are directed to other Defendants and require no response from Roche.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraphs 39-54 to the extent they are directed at Roche, and denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than Roche.

55-58.  The allegations in Paragraphs 55-58 are directed to unknown defendants and require no response from Roche.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraphs 55-58.

59.     Roche admits that the State seeks to bring this action as alleged in Paragraph 59, but Roche denies there is any basis for the State to do so as to Roche and denies that the State is entitled to any relief from Roche.

60.  Paragraph 60 states legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraph 60, and notes that this captioned matter has been transferred to this Court by the Judicial Panel on Multi District Litigation, pursuant to 28 U.S.C. § 1407.

61.     Paragraph 61 states legal conclusions as to which no response is required. To the extent a response is deemed to be required, Roche denies the allegations in Paragraph 61, and notes that this captioned matter has been transferred to this Court by the Judicial Panel on Multi District Litigation, pursuant to 28 U.S.C. § 1407.

62.     Roche states that Paragraph 62 states legal conclusions as to which no response is required, and further states that the provisions of Title XIX of the Social Security Act speak for themselves, and denies any characterizations thereof.

63.     Roche states that Paragraph 63 states legal conclusions as to which no response is required.  To the extent a response is deemed required, Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, except Roche admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in Paragraph 63 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

64.  Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.  To the extent the allegations in Paragraph 64 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

65.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.  To the extent the allegations in Paragraph 65 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

66.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, except admits that national drug codes are assigned to prescription drugs and that the FDA assigns such codes.

67.     Roche states that Paragraph 67 states legal conclusions as to which no response is required.  To the extent a response is deemed required, Roche states that  the statutes and regulations discussed and cited speak for themselves, and any characterizations thereof are denied.

68.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.  To the extent the allegations in Paragraph 68 refer to an OIG report, the report speaks for itself, and any characterizations thereof are denied.

69.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.  To the extent the allegations in Paragraph 69 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

70.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.  Roche further denies that Iowa did not have access to actual acquisition costs.

71.  To the extent the allegations in Paragraph 71 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 71 are directed at parties other

than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

72.     To the extent the allegations in Paragraph 72 are directed at Roche, Roche denies them.  Roche further states that at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices. To the extent the allegations in Paragraph 72 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

73.   Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 or its subsections.  To the extent the allegations in Paragraph 73 or its subsections refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

74.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 or their subsections.  To the extent the allegations in Paragraph 74 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

75.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.  To the extent the allegations in Paragraph 75 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

76.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.  To the extent the allegations in Paragraph 76 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

77.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 or its subsections.   To the extent the allegations in Paragraph 77 or its subsections refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

78.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.  To the extent the allegations in Paragraph 78 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

79.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.  To the extent the allegations in Paragraph 79 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

80.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.  To the extent the allegations in Paragraph 80 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

81.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, except Roche admits that pricing compendia such as First DataBank and Medi-Span publish AWPs and FULs, and denies that Roche has any control over such prices.

82.     To the extent the allegations in Paragraph 82 are directed at Roche, Roche denies them.  Roche specifically denies that it "purposefully and fraudulently conceal[s]" the "true prices" of its drugs by "claiming they are proprietary trade secrets."  To the extent the allegations in Paragraph 82 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

83.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     To the extent the allegations in Paragraph 84 are directed at Roche, Roche denies them.   Roche specifically denies that it "fraudulently misrepresent[s]" its true prices or that it reports "false and inflated prices."   To the extent the allegations in Paragraph 84 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

85.     To the extent the allegations in Paragraph 85 are directed at Roche, Roche denies them, except that Roche admits that Exhibit A purports to identify total expenditures by Defendant.  Roche specifically denies any "unfair practices, deception, and fraud."  To the extent the allegations in Paragraph 85 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

86.     To the extent the allegations in Paragraph 86 are directed at Roche, Roche denies them.  Roche specifically denies conducting any "fraudulent practices."  To the extent the allegations in Paragraph 86 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

87.  To the extent the allegations in Paragraph 87 are directed at Roche, Roche denies them.  Roche further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia, including WACs.  To the extent the allegations in Paragraph 87 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

88.     To the extent the allegations in Paragraph 88 are directed at Roche, Roche denies them.  Roche specifically denies that it reports "false and inflated" "WACs or WAC equivalents."  Roche further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia, including WACs.  To the extent the allegations in Paragraph 88 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

89.     To the extent the allegations in Paragraph 89 are directed at Roche, Roche denies them.  Roche specifically denies that it reports "false and inflated" "WACs or WAC equivalents."  Roche further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia, including WACs.  To the extent the allegations in

Paragraph 89 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

90.     To the extent the allegations in Paragraph 90 are directed at Roche, Roche denies them.   Roche specifically denies that it reports "inflated" "WACs or WAC equivalents."  Roche further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia, including WACs.  To the extent the allegations in Paragraph 90 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

91.     To the extent the allegations in Paragraph 91 are directed at Roche, Roche denies them.   Roche specifically denies that it reports "inflated" "WACs or WAC equivalents."  Roche further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia, including WACs.  To the extent the allegations in Paragraph 91 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

92.     To the extent the allegations in Paragraph 92 are directed at Roche, Roche denies them.   Roche specifically denies that it reports "inflated" "WACs or WAC equivalents."  Roche further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia, including WACs.  To the extent the allegations in Paragraph 92 are directed at parties other than Roche, Roche denies knowledge or information sufficient to

form a belief as to their truth.  Roche further states that the allegations in Paragraph 92 require no response from Roche on the grounds that the Complaint does not name any Roche drugs subject to the FUL.

93.   To the extent the allegations in Paragraph 93 are directed at Roche, Roche denies them.  Roche further states that at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices. To the extent the allegations in Paragraph 93 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

94.    To the extent the allegations in Paragraph 94 are directed at Roche, Roche denies them.  Roche further states that at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices. To the extent the allegations in Paragraph 94 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

95.    To the extent the allegations in Paragraph 95 are directed at Roche, Roche denies them, except that Roche admits that it has provided the WAC for its drugs to certain industry pricing compendia and that publishers apply their own markups to the WAC prices.  To the extent the allegations in Paragraph 95 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

96.     To the extent the allegations in Paragraph 96 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 96 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

97.     To the extent the allegations in Paragraph 97 are directed at Roche, Roche denies them, except that Roche admits that it has provided the WAC for its drugs to certain industry pricing compendia and that publishers apply their own markups to the WAC prices.  To the extent the allegations in Paragraph 97 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

98.     To the extent the allegations in Paragraph 98 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 98 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

99.     To the extent the allegations in Paragraph 99 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 99 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

100.    To the extent the allegations in Paragraph 100 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 100 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

101.    To the extent the allegations in Paragraph 101 or the exhibit referenced therein are directed at Roche, Roche denies them.   To the extent the allegations in Paragraph 101 or the exhibit referenced therein are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

102-108.  The allegations in Paragraphs 102-108 require no response from Roche on the grounds that Exhibit B does not name any Roche drugs subject to the FUL.  To the extent the allegations in Paragraphs 102-108 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

109.    The allegations in Paragraph 109 require no response from Roche on the grounds that the Iowa SMAC claims have been dismissed by the Court.  To the extent a response is deemed required, Roche denies the allegations in Paragraph 109.

110-132.  The allegations in Paragraphs 110-132 require no response from Roche on the grounds that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Roche.  To the extent a response is deemed required, Roche denies the allegations contained in Paragraphs 110-132 to the extent they are directed at Roche, except Roche admits that HLR has a rebate agreement with HHS.  In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied.   To the extent the allegations in Paragraphs 110-132 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 110-132 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

133.     To the extent the allegations in Paragraph 133 are directed at Roche, Roche denies them.  Roche specifically denies that it has participated in any "pricing scheme . . . by exacerbating the complexities of the  . . . drug market."  To the extent the allegations in Paragraph 133 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

134.     To the extent the allegations in Paragraph 134 are directed at Roche, Roche denies them.  Roche specifically denies that it "purposefully conceal[s its] true prices."  To the extent the allegations in Paragraph 134 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 134 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

135.     To the extent the allegations in Paragraph 135 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 135 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

136.     To the extent the allegations in Paragraph 136 are directed at Roche, Roche denies them, except Roche admits that certain of its contracts, in full accord with the law, are subject to confidentiality agreements and that its contracts with purchasers for certain products at certain times included discounts.  To the extent the allegations in Paragraph 136 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

137.   To the extent the allegations in Paragraph 137 are directed at Roche, Roche denies them.  Roche specifically denies that it "obscure[s] the true prices for [its] drugs with [its] policy of treating different classes of trade differently."  To the extent the allegations in Paragraph 137 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

138.  To the extent the allegations in Paragraph 138 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 138 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraph 138 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

139.   To the extent the allegations in Paragraph 139 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 139 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraph 139 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

140.  To the extent the allegations in Paragraph 140 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 140 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

141.    To the extent the allegations in Paragraph 141 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 141 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

142.    To the extent the allegations in Paragraph 142 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 142 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

143.    To the extent the allegations in Paragraph 143 are directed at Roche, Roche denies them.  Roche further states that at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraph 143 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

144.  To the extent the allegations in Paragraph 144 are directed at Roche, Roche denies them.   Roche specifically denies that it has engaged in any "unlawful and undisclosed manipulation of the price reporting system" or caused the "publication of a false WAC," AWP, or FUL.  To the extent the allegations in Paragraph 144 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

145.    To the extent the allegations in Paragraph 145 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 145 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

146.    To the extent the allegations in Paragraph 146 are directed at Roche, Roche denies them.  Roche specifically denies that it has "caus[ed] false prices to be published."  To the extent the allegations in Paragraph 146 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

147.    To the extent the allegations in Paragraph 147 are directed at Roche, Roche denies them.  Roche specifically denies that it "submit[s] false and inflated wholesale price information in order to create a spread."  Roche further denies the characterization of "spread" in Paragraph 147.  To the extent the allegations in Paragraph 147 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

148.    To the extent the allegations in Paragraph 148 are directed at Roche, Roche denies them.  Roche specifically denies that it has "corrupted the market for prescription drugs" or "deliberately sought to create a powerful financial incentive for providers to prescribe drugs based primarily on the spread."  Roche further denies the characterization of "spread" in Paragraph 148.  To the extent the allegations in Paragraph 148 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

149.  To the extent the allegations in Paragraph 149 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 149 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

150.  To the extent the allegations in Paragraph 150 are directed at Roche, Roche denies them.  Roche further states that there are no Roche generic drugs at issue in this case.  To the extent the allegations in Paragraph 150 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

151.  To the extent the allegations in Paragraph 151 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 151 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

152.  To the extent the allegations in Paragraph 152 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 152 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 152 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

153.  To the extent the allegations in Paragraph 153 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 153 are directed at parties other

than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

154.    To the extent the allegations in Paragraph 154 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 154 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

155.  To the extent the allegations in Paragraph 155 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 155 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 155 refer to an HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

156.  To the extent the allegations in Paragraph 156 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 156 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

157.    To the extent the allegations in Paragraph 157 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 157 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 157 refer to an HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

158.    To the extent the allegations in Paragraph 158 are directed at Roche, Roche denies them.  Roche specifically denies that it reports "price information that . . . does not comply with the HHS OIG's guidelines" by not accounting for various types of discounts.  To the extent the allegations in Paragraph 158 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

159.  To the extent the allegations in Paragraph 159 are directed at Roche, Roche denies them, except that Roche admits that it participates in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for Roche drugs.  To the extent the allegations in Paragraph 159 are directed at parties other than Roche, Roche denies information sufficient to form a belief as to their truth.

160.    To the extent the allegations in Paragraph 160 are directed at Roche, Roche denies them, except that Roche admits that it participates in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for Roche drugs.  To the extent the allegations in Paragraph 160 are directed at parties other than Roche, Roche denies information sufficient to form a belief as to their truth.

161.    To the extent the allegations in Paragraph 161 are directed at Roche, Roche denies them, except that Roche admits that it participates in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for Roche drugs.  To the extent the allegations in Paragraph 161 are directed at parties other than Roche, Roche denies information sufficient to form a belief as to their truth.

162.     To the extent the allegations in Paragraph 162 are directed at Roche, Roche denies them, except that Roche admits that it participates in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for Roche drugs.  To the extent the allegations in Paragraph 162 are directed at parties other than Roche, Roche denies information sufficient to form a belief as to their truth.

163.     To the extent the allegations in Paragraph 163 are directed at Roche, Roche denies them, except that Roche admits that it participates in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for Roche drugs.  To the extent the allegations in Paragraph 163 are directed at parties other than Roche, Roche denies information sufficient to form a belief as to their truth.

164.     To the extent the allegations in Paragraph 164 are directed at Roche, Roche denies them, except that Roche admits that it participates in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for Roche drugs.  To the extent the allegations in Paragraph 164 are directed at parties other than Roche, Roche denies information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 164 refer to judicial opinions, those sources speak for themselves, and any characterizations thereof are denied.

165.     To the extent the allegations in Paragraph 165 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 165 are directed at parties other than Roche, Roche denies information sufficient to form a belief as to their truth.

166.     To the extent the allegations in Paragraph 166 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 166 are directed at parties

other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

167.   To the extent that the allegations in Paragraph 167 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 167 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

168.   To the extent that the allegations in Paragraph 168 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 168 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

169.   To the extent that the allegations in Paragraph 169 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 169 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

170.   To the extent that the allegations in Paragraph 170 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 170 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

171.   To the extent that the allegations in Paragraph 171 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 171 are directed at parties

other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

172.  With respect to the allegations in Paragraph 172, Roche admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability as to Roche with respect to any such NDCs and denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraph 172 or Exhibit B are directed at Roche, Roche denies them.  Roche further denies the characterization of "spread" in Paragraph 172 and Exhibit B.  To the extent the allegations in Paragraph 172 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

173.  With respect to the allegations in Paragraph 173, Roche admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability as to Roche with respect to any such NDCs and denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraph 173 or Exhibit B are directed at Roche, Roche denies them.  Roche further denies the characterization of "spread" in Exhibit B.  To the extent the allegations in Paragraph 173 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

174.  The allegations in Paragraph 174 require no response from Roche on the grounds that Exhibit B does not name any Roche drugs subject to the FUL.  To the extent a response is deemed required, Roche admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability as to Roche

with respect to any such NDCs and denies the accuracy of the data listed therein.  Roche denies the remaining allegations in Paragraph 174 to the extent they are directed at Roche.  Roche further denies the characterization of "spread" in Exhibit B.  To the extent the allegations in Paragraph 174 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

175.   With respect to the allegations in Paragraph 175, Roche admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability as to Roche with respect to any such NDCs and denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraph 175 or Exhibit B are directed at Roche, Roche denies them.  Roche further denies the characterization of "spread" in Exhibit B.  To the extent the allegations in Paragraph 175 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

176.   With respect to the allegations in Paragraph 176, Roche admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability as to Roche with respect to any such NDCs and denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraph 176 or Exhibit B are directed at Roche, Roche denies them.  Roche further denies the characterization of "spread" in Paragraph 176 and Exhibit B.   To the extent the allegations in Paragraph 176 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

177.    With respect to the allegations in Paragraph 177, Roche admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but denies any liability as to Roche with respect to any such NDCs and denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraph 177 or Exhibit B are directed at Roche, Roche denies them.  Roche further denies the characterization of "spread" in Paragraph 177 and Exhibit B.   To the extent the allegations in Paragraph 177 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth..

178.    To the extent the allegations in Paragraph 178 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 178 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

179.    To the extent the allegations in Paragraph 179 are directed at Roche, Roche denies them, except Roche admits that its contracts with purchasers for certain products at certain times included discounts.   Roche specifically denies that Roche provided any "false and inflated prices."  To the extent the allegations in Paragraph 179 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

180.    To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

181-404.  The allegations in Paragraphs 181-404 are directed at other Defendants and require no response from Roche.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraphs 181-404 to the extent they are directed at Roche, and denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than Roche in Paragraphs 181-404.

405.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 405 or its footnote or the exhibits referenced therein, except Roche admits that Exhibits A and B purport to contain the information cited by Plaintiff, but denies that Plaintiff is entitled to any relief against Roche.

406.    Roche denies the allegations in Paragraph 406 and the exhibit referenced therein.

407.    Roche denies the allegations in Paragraph 407.

408.    Roche denies the allegations in Paragraph 408.

409.    Roche denies the allegations in Paragraph 409, except that Roche admits that it responded to requests for information from congressional committees.

410.    Roche denies the allegations in Paragraph 410, except that Roche admits that it responded to requests for information from congressional committees.

411-613.    The allegations in Paragraphs 411-613 are directed at other Defendants and require no response from Roche.  To the extent a response is deemed to be required, Roche denies the allegations in Paragraphs 411-613 to the extent they are

directed at Roche, and denies knowledge or information sufficient to form a belief as to the truth of those allegations directed at parties other than Roche.

614.  To the extent the allegations in Paragraph 614 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 614 are directed at parties or entities other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

615.  To the extent the allegations in Paragraph 615 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 615 are directed at parties or entities other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

616.  To the extent the allegations in Paragraph 616 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 616 are directed at parties or entities other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

617.  To the extent the allegations in Paragraph 617 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 617 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

618.  To the extent the allegations in Paragraph 618 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 618 are directed at parties

other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

619.    To the extent the allegations in Paragraph 619 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 619 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

620.    To the extent the allegations in Paragraph 620 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 620 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

621.    To the extent the allegations in Paragraph 621 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 621 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

622.    To the extent the allegations in Paragraph 622 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 622 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

623.    To the extent the allegations in Paragraph 623 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 623 are directed at parties

other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

624.    To the extent the allegations in Paragraph 624 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 624 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

625.    To the extent the allegations in Paragraph 625 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 625 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

626.    To the extent the allegations in Paragraph 626 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 626 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

627.    To the extent the allegations in Paragraph 627 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 627 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

628.    To the extent the allegations in Paragraph 628 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 628 are directed at parties

other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

629.     To the extent the allegations in Paragraph 629 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 629 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

630.     To the extent the allegations in Paragraph 630 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 630 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 630 refer to *The Pink Sheet*, that document speaks for itself, and any characterizations thereof are denied.

631.     To the extent the allegations in Paragraph 631 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 631 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

632.     To the extent the allegations in Paragraph 632 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 632 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

## COUNT I

**VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8**
**(FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)**

633.    In response to Paragraph 633, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 632.

634-642.   To the extent the allegations in Paragraphs 634-642 are directed at Roche, Roche states that the Court has dismissed this claim, and therefore no response is required.  To the extent that a response is still required, Roche denies the allegations as to itself, except admits that HLR is a manufacturer of a drug covered by Medicaid, but denies that Plaintiff has viable claims against HLR or any other Roche entity.  To the extent the allegations in Paragraphs 634-642 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.

## COUNT II

## BREACH OF CONTRACT

643.    In response to Paragraph 643, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 642.

644-651.       To the extent the allegations in Paragraphs 644-651 are directed at Roche, Roche states that the Court has dismissed this claim, and therefore no response is required.  To the extent that a response is still required, Roche denies the allegations as to itself, except admits that HLR entered into a rebate agreement with HHS.  Roche further denies that Plaintiff is an intended third party beneficiary of the rebate agreement.  To the extent the allegations in Paragraphs 644-651 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 644-651 refer to statutes, those statutes speak for themselves, and any characterizations thereof are denied.

**COUNT III**

**IOWA CONSUMER FRAUD ACT**
**(Iowa Code § 714.16)**

652.    In response to Paragraph 652, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 651.

653.    To the extent the allegations in Paragraph 653 and the exhibits referenced therein are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 653 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 653 refers to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

654.  To the extent the allegations in Paragraph 654 and the sub-parts thereto are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 654 and the sub-parts thereto are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 654 and the sub-parts thereto contain legal conclusions, no response is required.

655.    To the extent the allegations in Paragraph 655 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 655 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 655 contain legal conclusions, no response is required.

656.    To the extent the allegations in Paragraph 656 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 656 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 656 refer to statutes, those sources speak for themselves, and any characterizations thereof are denied.   To the extent the allegations in Paragraph 656 contain legal conclusions, no response is required.

657.    To the extent the allegations in Paragraph 657 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 657 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 657 refer to statutes, those sources speak for themselves, and any characterizations thereof are denied.   To the extent the allegations in Paragraph 657 thereto contain legal conclusions, no response is required.

## COUNT IV

## FRAUD

658.    In response to Paragraph 658, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 657.

659.     To the extent the allegations in Paragraph 659 and the exhibits referenced therein are directed at Roche, Roche denies them.   To the extent the allegations in Paragraph 659 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 659 contain legal conclusions, no response is required.

660.     To the extent the allegations in Paragraph 660 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 660 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 660 contain legal conclusions, no response is required.

661.     To the extent the allegations in Paragraph 661 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 661 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 661 contain legal conclusions, no response is required.

662.     To the extent the allegations in Paragraph 662 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 662 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 662 refer to Iowa law, those sources speak for themselves, and any characterizations or inferences of actionable conduct by Roche thereof are denied.  To the extent the allegations in Paragraph 662 contain legal conclusions, no response is required.

## COUNT VIII

## UNJUST ENRICHMENT

663.     In response to Paragraph 663, Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 662.

664.     To the extent the allegations in Paragraph 664 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 664 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 664 contain legal conclusions, no response is required.

665.     To the extent the allegations in Paragraph 665 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 665 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 665 contain legal conclusions, no response is required.

666.     To the extent the allegations in Paragraph 666 are directed at Roche, Roche denies them.  To the extent the allegations in Paragraph 666 are directed at parties other than Roche, Roche denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 666 contain legal conclusions, no response is required.

## PRAYER FOR RELIEF

667-675.     Roche denies that the State is entitled to a judgment or any other relief as to Roche as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 667-675 of the Complaint.  Roche restates its responses to Paragraphs 1-666 herein.

**WHEREFORE**, Roche demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Roche reasserts and incorporates herein by reference the assertions of paragraphs 1 through 675 hereof.

### First Affirmative Defense

Plaintiff fails to state a claim against Roche upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because it did not rely on any alleged misrepresentations or fraud by Roche. Plaintiff knew that providers could obtain Roche drugs at prices below AWP.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the state action doctrine.

### Sixth Affirmative Defense

To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, Plaintiff is barred from seeking any or all recovery against

Roche based on the Complaint pursuant to the doctrines of set-off, *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Roche in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiff's claims.

### Ninth Affirmative Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Prescription Drug, Improvement and Modernization Act of 2003, including all amendments to the same and all regulations promulgated thereunder.

### Tenth Affirmative Defense

Plaintiff's claims against Roche are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Eleventh Affirmative Defense

Plaintiff fails to state with particularity facts sufficient to support all claims of

fraud, fraudulent conduct and fraudulent concealment against Roche.

### Twelfth Affirmative Defense

Any and all actions taken by Roche with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Thirteenth Affirmative Defense

Roche's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a consumer within the meaning of the Iowa Consumer Fraud Act.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a person within the meaning of the Iowa Consumer Fraud Act.

### Sixteenth Affirmative Defense

Some or all of Plaintiff's claims against Roche arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

### Seventeenth Affirmative Defense

Roche denies that Plaintiff has a valid consumer protection claim against Roche under the Iowa Consumer Fraud Act.  However, if such claim is found to exist, Roche pleads all available defenses under the Act.

### Eighteenth Affirmative Defense

To the extent that Plaintiff attempts to seek equitable relief against Roche, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Twentieth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by Roche after the filing of the Complaint.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Twenty-Second Affirmative Defense

Plaintiff's claims against Roche are barred, in whole or in part, due to Plaintiff's failure to join indispensable parties.

### Twenty-Third Affirmative Defense

Plaintiff's claims against Roche are barred, in whole or in part, because Plaintiff has suffered no injury or damages as a result of the matters alleged in the Complaint.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages, and that failure to mitigate damages should proportionately reduce Plaintiff's recovery and the allocation of any fault, if any exists, attributable to Roche.

### Twenty-Fifth Affirmative Defense

Roche is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims against Roche are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Iowa Constitution.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims against Roche are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims against Roche are barred, in whole or in part, because they violate Roche's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Iowa Constitution, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims against Roche are barred because Plaintiff and/or its agents knew or had reason to know that AWP was not an actual acquisition cost of drugs, and

that WAC did not include rebates, discounts, chargebacks, and/or other price concessions.

### Thirtieth Affirmative Defense

The claims alleged herein, based on the facts alleged, are barred in whole or in part by Plaintiff's own negligence or gross negligence and the doctrines of comparative and/or contributory negligence.   Among other things, the claims disregard Iowa's obligations under federal law.

### Thirty-First Affirmative Defense

Plaintiff's prayers for relief in the form of restitution are barred, in whole or in part, because Roche did not retain any money belonging to Plaintiff as a result of any alleged overpayments.

### Thirty-Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Roche did not owe a duty to Plaintiffs.

### Thirty-Third Affirmative Defense

Plaintiff's claims for fraud and fraudulent concealment are barred because the Plaintiff cannot predicate a claim for fraud on reliance by a third party.

### Thirty-Fourth Affirmative Defense

Plaintiff's claims against Roche are barred because Plaintiff lacks standing or capacity to bring the some or all of the claims asserted against Roche under Iowa law.

### Thirty-Fifth Affirmative Defense

Plaintiff's claims against Roche are barred in whole or in part by the voluntary payment doctrine.

### Thirty-Sixth Affirmative Defense

Plaintiff's claims against Roche for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Seventh Affirmative Defense

Plaintiff's unjust enrichment claim is barred because Roche has not accepted or retained any benefits under circumstances in which it would be inequitable for Roche to do so.

### Thirty-Eighth Affirmative Defense

Plaintiff's claims for equitable relief against Roche are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Ninth Affirmative Defense

Plaintiff's claims against Roche are misjoined with Plaintiff's claims against other Defendants and must be severed.

### Fortieth Affirmative Defense

Any damages recovered by the Plaintiff must be limited by any applicable statutory ceilings on recoverable damages.

### Forty-First Affirmative Defense

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Roche (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Roche; (3) cannot be sustained because any award of punitive damages would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment (U.S. Const. amend. VIII), and the Due Process Clause of the Fourteenth

Amendment (U.S. Const. amend. XIV § 1), and the analogous provisions contained in the Iowa Constitution, Iowa common law, and any other States whose laws are or become relevant in the course of this lawsuit.

### Forty-Second Affirmative Defense

Plaintiff fails to allege facts or a cause of action against Roche sufficient to support a claim for prejudgment interest or any other relief.

### Forty-Third Affirmative Defense

Plaintiff has not suffered, and will not suffer, any injuries to a legally protected or cognizable interest by reason of the conduct of Roche as alleged in the Complaint.

### Forty-Fourth Affirmative Defense

Plaintiff's claims against Roche are barred because Roche has complied with all applicable regulations of the federal and state governments.

### Forty-Fifth Affirmative Defense

Plaintiff's claims against Roche are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of Plaintiff's own conduct or the intervening or superseding conduct of third parties.

### Forty-Sixth Affirmative Defense

Plaintiff's claims against Roche are barred, in whole or in part, because Roche did not make any false statements to the Plaintiff.  With respect to any assertion, representation, or statement of fact that Plaintiff claims Roche made or caused to be made, Roche had no reasonable grounds to believe and did not believe at the time the

assertion, representation, or statement was made or caused to be made that the assertion, representation, or statement was untrue, deceptive, or misleading.

### Forty-Seventh Affirmative Defense

Plaintiff fails to allege facts or a cause of action sufficient to support a claim against Roche for compensatory damages, attorneys' fees, enhanced damages, treble damages and/or legal fees or costs.

### Forty-Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine.

### Forty-Ninth Affirmative Defense

Any or all of Plaintiff's claims are barred because of the lack of privity between Roche and Plaintiff, and because Plaintiff is not an intended beneficiary of the Medicaid Rebate Agreement between Roche and the federal government, and Plaintiff has no standing to bring any claims that relate to the calculation or payment of Medicaid rebates.

### Fiftieth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the existence and terms of the written rebate agreement between Roche and the Secretary of the Department of Health and Human Services (HHS) and certain States, which was entered into pursuant to 42 U.S.C. § 1396r-8.

## Fifty-First Affirmative Defense

Roche adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

## Fifty-Second Affirmative Defense

Roche hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its Answer to assert such defense.

Respectfully submitted,

| Dated:  September 18, 2008 | _/s/   **Colleen M. Hennessey**_____ |
| --- | --- |
| | Colleen M. Hennessey, Esq. |
| | **PEABODY & ARNOLD, LLP** |
| | Federal Reserve Plaza |
| | 600 Atlantic Avenue |
| | Boston, MA 02210-2261 |
| | Telephone:  (617) 951-2100 |
| | Facsimile:   (617) 951-2125 |
| | |
| | Counsel for Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc. |

Of Counsel:

Grace Rodriguez
Kevin Sullivan
Ann Malekzadeh
Simeon Schopf
King & Spalding LLP
1700 Pennsylvania Avenue NW
Washington DC 20006
Tel:  202-737-0500
Fax:  202-626-3737

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the ANSWER AND AFFIRMATIVE DEFENSES OF HOFFMANN-LA ROCHE INC. AND ROCHE LABORATORIES INC. TO THE STATE OF IOWA'S COMPLAINT was delivered to all counsel of record by sending a copy to LexisNexis File and Serve, on September 18, 2008, for posting and notification to all parties.

September 18, 2008                              /s/ Colleen M. Hennessey___
                                               Colleen M. Hennessey