# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | |
| AVERAGE WHOLESALE PRICE LITIGATION | ) | |
| | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-CV-12257-PBS |
| | ) | (original S.D. Iowa No. 4:07-cv-00461- |
| | ) | JAJ-CFB |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | Judge Patti B. Saris |
| *State of Iowa v. Abbott Laboratories, et al.* | ) | |

---

## ANSWER AND AFFIRMATIVE DEFENSES OF AVENTIS BEHRING, LLC TO THE STATE OF IOWA'S COMPLAINT

---

Defendant Aventis Behring, LLC (a/k/a ZLB Behring, LLC), by and through its attorneys, answers the Complaint of the State of Iowa (the "Complaint"), dated October 9, 2007, as follows:

## PRELIMINARY STATEMENT

The Complaint improperly refers to Behring, other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Behring. The Complaint also contains allegations relating to the "Sanofi-Aventis Group." No such entity exists. To the extent the "Sanofi-Aventis Group" is defined in the Complaint, it appears to include, in addition to Behring, entities that are either unrelated to Behring or not proper parties in this case. This type of pleading is insufficient to apprise Behring of the allegations asserted against it. Behring has nevertheless attempted to respond to the State's allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct, or actions of other persons or entities, Behring is generally without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.  To the extent that the allegations in the Complaint are directed to others, no response is required of Behring.  Behring states that it is answering the State's allegations solely on its own behalf, even when the State's allegations refer to alleged conduct of Behring and other persons or entities.

The Complaint also contains purported quotations from a number of sources.  In answering allegations consisting of quotations, Behring's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted, or Behring's reference to the full document instead of the quote, shall not constitute an admission that the substantive content of the quote or document is or is not true, or that the material is relevant or admissible in this action.

Behring denies each and every factual allegation contained in the Complaint and the exhibits thereto, except as specifically admitted herein, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any particular averment or in the Complaint as a whole.  Moreover, Behring specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs of the Complaint.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

The following are Behring's answers and defenses to the State's Complaint.

## SPECIFIC RESPONSES

1.    To the extent the allegations in Paragraph 1 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 1 are directed at Behring, Behring admits only that the State of Iowa (the "State") has brought this action against Behring and that Behring is a manufacturer of prescription drugs, but denies that there is any basis to do so or that the State is entitled to any damages or other form of relief from Behring. Behring denies all remaining allegations in Paragraph 1 and specifically denies that it engaged in "unlawful pricing practices."

2.    To the extent the allegations in Paragraph 2 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 2 are directed at Behring, Behring denies these allegations, including those that allege that Behring engaged in "unlawful practices" or that it reported "false and inflated price information."

3.    To the extent the allegations in Paragraph 3 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 3 are directed at Behring, Behring denies these allegations, including those that allege that Behring submitted "false and inflated price information" in order to "create a spread."  Behring further denies the characterization of "spread" contained in Paragraph 3.

4.    To the extent the allegations in Paragraph 4 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the

allegations in Paragraph 4 are directed at Behring, Behring denies these allegations. Behring specifically denies that it competed with other defendants "based on spread and reimbursement." Behring further denies the characterization of "spread" contained in Paragraph 4.

5.     Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore, denies the same.

6.     To the extent the allegations in Paragraph 6 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. To the extent the allegations in Paragraph 6 are directed at Behring, Behring denies these allegations. Behring specifically denies that it "manipulate[s]" the drug market or that it reports "false pricing information."

7-8.     Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7 and 8 of the Complaint and, therefore, denies the same.

9.     To the extent the allegations in Paragraph 9 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. To the extent the allegations in Paragraph 9 are directed at Behring, Behring denies these allegations, including those that allege that Behring engaged in "unlawful price reporting activity."

10.     Behring admits only that it pays Medicaid rebates to the State and that it has entered into a Medicaid rebate contract with the Secretary of Health and Human Services. Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and, therefore, denies the same. To the

extent the allegations in Paragraph 10 or its footnote refer to statutes or regulations, those sources speak for themselves, and any attempted summaries or characterizations thereof are denied.

11.     To the extent the allegations in Paragraph 11 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 11 are directed at Behring, Behring admits only that it reports "Best Prices" to the federal government as required by statute, and that Best Price is sometimes a component in calculating Medicaid rebate payments.  Behring denies the remaining allegations in Paragraph 11.

12.     To the extent the allegations in Paragraph 12 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 12 are directed at Behring, Behring denies these allegations.  Behring specifically denies that it has engaged in "unlawful pricing schemes," "manipulation of the Medicaid program," or "improper reporting of false and inflated pricing information."  Behring further denies that the State was "overcharge[d]."

13.     To the extent the allegations in Paragraph 13 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 13 are directed at Behring, Behring denies these allegations, including those that allege that Behring engaged in any "wrongful practices."

14.     To the extent the allegations in Paragraph 14 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form

a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 14 are directed at Behring, Behring admits only that it participates in the Iowa Medicaid program.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies the same.

15.     To the extent Paragraph 15 of the Complaint purports to recite case law, the excerpted quotation speaks for itself, and any attempted summaries or characterizations thereof are denied.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and, therefore, denies the same.

16.     To the extent the allegations in Paragraph 16 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 16 are directed at Behring, Behring denies the allegations, including those that allege that Behring report[s] "false prices to the government."

17.     To the extent the allegations in Paragraph 17 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 17 are directed at Behring, Behring denies these allegations, including those that allege that Behring engaged in "fraudulent, unfair and deceptive practices."

18.     To the extent the allegations in Paragraph 18 of the Complaint are directed at Behring, Behring admits only that the State has attached an Exhibit B to the Complaint, which purports to identify a list of NDC codes at issue in this litigation, but denies any liability to the State with respect to any such NDCs.  Behring denies all remaining allegations in Paragraph 18.

19.     To the extent the allegations in Paragraph 19 of the Complaint are directed at Behring, Behring admits only that the State purports to bring this action on behalf of itself and that Tom Miller is the Attorney General.  Behring denies the remaining allegations in Paragraph 19.  To the extent the allegations in Paragraph 19 refer to statutes or regulations, those sources speak for themselves, and any attempted summaries or characterizations thereof are denied.

20.     To the extent the allegations in Paragraph 20 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 20 are directed at Behring, Behring admits only that it is a manufacturer of drugs and that it participates in the Iowa Medicaid program.  Behring denies the remaining allegations in Paragraph 20.  Behring specifically denies engaging in an "unlawful, misleading or deceptive scheme."

21.     To the extent the allegations in Paragraph 21 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 21 are directed at Behring, Behring admits only that it manufactures drugs that are prescribed to Iowa citizens.  Behring denies the remaining allegations in Paragraph 21.

22-48.  Paragraphs 22 through 48 of the Complaint allege identifying information as to other defendants.  Behring lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 22 through 48 and, therefore, denies the same.

49.     With respect to the allegations in Paragraph 49 of the Complaint and the sub-parts thereof, Behring states as follows:

a.      Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in sub-part 49(a) and, therefore, denies the same.

b.      Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in sub-part 49(b) and, therefore, denies the same.

c.      Behring admits that it is a limited liability company organized under the laws of Delaware, with its principal offices at 1020 First Avenue, King of Prussia, Pennsylvania; that Centeon LLC was re-named Aventis Behring, LLC in 2000; and that Aventis Behring, LLC was Armour Pharmaceutical Co.'s successor-in-interest with respect to certain drugs.  Behring denies the remaining allegations in sub-part 49(c).

d.      Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in sub-part 49(d) and, therefore, denies the same.

50-58. Paragraphs 50 through 58 of the Complaint allege identifying information as to other defendants.  Behring lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 50 through 58 and, therefore, denies the same.

59.      Behring admits only that the State purports to bring this action as alleged in Paragraph 59 of the Complaint but denies that there is any basis to do so or that the State is entitled to any damages or other form of relief.

60.     To the extent Paragraph 60 of the Complaint states legal conclusions, no response is required.  To the extent a response is required, Behring denies the allegations in Paragraph 60.

61.     To the extent Paragraph 61 of the Complaint states legal conclusions, no response is required.  To the extent the allegations in Paragraph 61 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 61 are directed at Behring, Behring admits only that it manufactures and sells pharmaceuticals that are prescribed to Iowa citizens. Behring denies the remaining allegations in Paragraph 61.  Behring specifically denies engaging in "illegal actions."

62.     To the extent Paragraph 62 of the Complaint refers to statutes or regulations, those sources speak for themselves, and any attempted summaries or characterizations thereof are denied.  As to the remaining allegations in Paragraph 62, Behring admits only that Medicaid was established by Title XIX of the Federal Social Security Act.

63.     To the extent Paragraph 63 of the Complaint refers to statutes or regulations, those sources speak for themselves, and any attempted summaries or characterizations thereof are denied.  Behring admits only that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and, therefore, denies the same.

64-65. To the extent Paragraphs 64 and 65 of the Complaint refer to statutes or regulations, those sources speak for themselves, and any attempted summaries or characterizations thereof are denied.  Behring is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraphs 64 and 65 and, therefore, denies the same.

66.     Behring admits that there are over 65,000 separate National Drug Codes ("NDCs") as alleged in Paragraph 66 of the Complaint.   Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and, therefore, denies the same.

67.     To the extent Paragraph 67 of the Complaint refers to statutes or regulations, those sources speak for themselves, and any attempted summaries or characterizations thereof are denied.   Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and, therefore, denies the same.

68.     To the extent Paragraph 68 of the Complaint purports to recite from public documents, those documents speak for themselves, and any attempted summaries or characterizations thereof are denied.   Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and, therefore, denies the same.

69-70. Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 69 and 70 of the Complaint and, therefore, denies the same.

71.     To the extent the allegations in Paragraph 71 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.   To the extent the allegations in Paragraph 71 are directed at Behring, Behring denies these allegations, specifically

those that allege that Behring "caused to be reported" AWPs that were higher than what pharmacies paid.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 of the Complaint and, therefore, denies the same.

72.     To the extent the allegations in Paragraph 72 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 72 are directed at Behring, Behring denies these allegations.

73.     To the extent Paragraph 73 of the Complaint or its subsections refer to statutes or regulations, those documents speak for themselves, and any attempted summaries or characterizations thereof are denied.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and, therefore, denies the same.  Behring specifically denies that it "falsely report[s] [its] prices" or "cause[s] false and inflated SMACs to be set."

74-80.  Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 74 through 80 of the Complaint and, therefore, denies the same.

81.     Behring admits only that pricing compendia, such as First DataBank and Medi-Span, publish AWPs as alleged in Paragraph 81 of the Complaint, but denies that Behring has any control over the publishing of those AWPs.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and, therefore, denies the same.

82.     To the extent the allegations in Paragraph 82 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 82 are directed at Behring, Behring denies these allegations.  Behring specifically denies that it "purposefully and fraudulently conceal[s] [its] true prices."

83.     Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint and, therefore, denies the same.

84.     To the extent the allegations in Paragraph 84 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 84 are directed at Behring, Behring denies these allegations.  Behring specifically denies that it "fraudulently misrepresent[s]" its true prices or that it reports "false and inflated prices."

85.     To the extent the allegations in Paragraph 85 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 85 are directed at Behring, Behring admits only that Exhibit A purports to identify the State's total expenditures for defendants' drugs.  Behring denies the remaining allegations in Paragraph 85, specifically those that allege any "unfair practices, deception and fraud."

86.     To the extent the allegations in Paragraph 86 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the

allegations in Paragraph 86 are directed at Behring, Behring denies the allegations, including those that allege that Behring was engaged in "fraudulent practices."

87.     Behring denies the allegations set forth in Paragraph 87 of the Complaint.

88.     To the extent the allegations in Paragraph 88 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 88 are directed at Behring, Behring denies the allegations.

89.     To the extent the allegations in Paragraph 89 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 89 are directed at Behring, Behring denies the allegations.

90.     To the extent the allegations in Paragraph 90 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 90 are directed at Behring, Behring denies the allegations, specifically those that allege it reported "false and inflated" prices.

91-92.  Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 91 and 92 of the Complaint and, therefore, denies the same.

93.     To the extent the allegations in Paragraph 93 of the Complaint are directed at Behring, Behring denies the allegations.  Behring further states that for years, and at all times relevant to the Complaint, it has been common knowledge and understood, including by the State

and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.

94.     To the extent the allegations in Paragraph 94 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.   To the extent the allegations in Paragraph 94 are directed at Behring, Behring denies the allegations, specifically those that allege it "report[ed] or cause[d] to be reported false and inflated AWPs."

95.     To the extent the allegations in Paragraph 95 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.   To the extent the allegations in Paragraph 95 are directed at Behring, Behring denies the allegations.

96.     To the extent the allegations in Paragraph 96 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.   To the extent the allegations in Paragraph 96 are directed at Behring, Behring denies the allegations.

97.     To the extent the allegations in Paragraph 97 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.   To the extent the allegations in Paragraph 97 are directed at Behring, Behring denies the allegations.   Behring specifically denies that it "alone control[s] the false and inflated AWPs that are published for [its] drugs."

98.     Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint and, therefore, denies the same.

99.     Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and, therefore, denies the same.

100.     To the extent the allegations in Paragraph 100 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 100 are directed at Behring, Behring denies the allegations.

101.     Behring admits only that there is a list of NDCs set forth in Exhibit C to the Complaint as alleged in Paragraph 101.   Behring denies all remaining allegations in Paragraph 101.

102-108.     To the extent the allegations in Paragraphs 102 through 108 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraphs 102 through 108 are directed at Behring, no response is required on the grounds that Exhibit B does not name any Behring drugs subject to the FUL.  To the extent a response is required, Behring denies the allegations in Paragraphs 102 through 108.

109.     To the extent the allegations in Paragraph 109 of the Complaint are directed at Behring, no response is required on the grounds that the Iowa SMAC claims have been dismissed by the Court.

110-132.     To the extent the allegations in Paragraphs 110 through 132 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the

same.  To the extent the allegations in Paragraphs 110 through 132 are directed at Behring, Behring admits only that is has entered into a rebate agreement with HHS.  Behring denies all remaining allegations in Paragraphs 110 through 132.  Behring further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Behring.  In any event, the rebate agreement speaks for itself, and any attempted summaries or characterizations thereof are denied.  To the extent the allegations in Paragraphs 110 through 132 refer to statutes or regulations, those sources speak for themselves, and any attempted summaries or characterizations thereof are denied.

133.    To the extent the allegations in Paragraph 133 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 133 are directed at Behring, Behring denies the allegations.  Behring specifically denies engaging in a "drug pricing scheme" or "exacerbating the complexities of the … drug market."

134.    To the extent the allegations in Paragraph 134 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 134 are directed at Behring, Behring denies the allegations.  Behring specifically denies that it "purposefully conceal[s] [its] true prices."  To the extent the allegations in Paragraph 134 purport to recite from a congressional hearing transcript, the transcript speaks for itself, and any attempted summaries or characterizations thereof are denied.

135.    To the extent the allegations in Paragraph 135 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 135 are directed at Behring, Behring denies the allegations.

136.    To the extent the allegations in Paragraph 136 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 136 are directed at Behring, Behring denies the allegations.

137.    To the extent the allegations in Paragraph 137 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 137 are directed at Behring, Behring denies the allegations.  Behring specifically denies that it "obscure[s] the true prices for [its] drugs."

138-139.    To the extent the allegations in Paragraphs 138 and 139 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraphs 138 and 139 are directed at Behring, Behring denies the allegations.  Behring specifically denies that it "maintain[s] two sets of pricing records" or that is has "inflated prices."  To the extent the allegations in Paragraphs 138 and 139 purport to recite from a congressional hearing transcript, the transcript speaks for itself, and any attempted summaries or characterizations thereof are denied.

140.   To the extent the allegations in Paragraph 140 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 140 are directed at Behring, Behring denies the allegations.  Behring specifically denies that it "hide[s] [its] real drug prices by secretly providing free drugs and phony grants."

141.   To the extent the allegations in Paragraph 141 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 141 are directed at Behring, Behring denies the allegations.  Behring specifically denies that it "conceal[s] [its] true prices" or causes "false and inflated AWPs to be published" in order to "create spreads between actual cost and reimbursement amounts … to influence market share."

142.   To the extent the allegations in Paragraph 142 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 142 are directed at Behring, Behring denies the allegations.

143.   To the extent the allegations in Paragraph 143 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 143 are directed at Behring, Behring denies the allegations.

144-145.     To the extent the allegations in Paragraphs 144 and 145 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraphs 144 and 145 are directed at Behring, Behring denies the allegations.  Behring specifically denies engaging in any "unlawful and undisclosed manipulation of the price reporting system" or that it caused the "publication of a false WAC," AWP, or FUL.

146.     To the extent the allegations in Paragraph 146 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 146 are directed at Behring, Behring denies the allegations.  Behring specifically denies engaging in any "scheme" or that it "cause[ed] false prices to be published."

147.     To the extent the allegations in Paragraph 147 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 147 are directed at Behring, Behring denies the allegations.  Behring specifically denies that it "submit[s] false and inflated wholesale price information in order to create a spread."  Behring further denies the characterization of "spread" contained in Paragraph 147.

148.     To the extent the allegations in Paragraph 148 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To

the extent the allegations in Paragraph 148 are directed at Behring, Behring denies the allegations. Behring specifically denies that it engaged in an "unlawful scheme" that has "corrupted the market for prescription drugs" or that it has "deliberately sough to create a powerful financial incentive for providers to prescribe drugs based primarily on spread." Behring further denies the characterization of "spread" contained in Paragraph 148.

149-150.    To the extent the allegations in Paragraphs 149 and 150 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. To the extent the allegations in Paragraphs 149 and 150 are directed at Behring, Behring denies the allegations. Behring specifically denies that it "market[s] [its] products based on spread" or that it "compete[s] on reimbursement and profit rather than cost."

151.    To the extent the allegations in Paragraph 151 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. To the extent the allegations in Paragraph 151 are directed at Behring, Behring denies the allegations.

152.    To the extent the allegations in Paragraph 152 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. To the extent the allegations in Paragraph 152 are directed at Behring, Behring denies the allegations. To the extent the allegations in Paragraph 152 purport to recite from a congressional hearing transcript, the transcript speaks for itself, and any attempted summaries or characterizations thereof are denied.

153-154.    To the extent the allegations in Paragraphs 153 and 154 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraphs 153 and 154 are directed at Behring, Behring denies the allegations.  Behring specifically denies that it "intentionally manipulate[ed] the nations' drug reimbursement system … with false and inflated prices."

155-157.    To the extent the allegations in Paragraphs 155 through 157 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraphs 155 through 157 are directed at Behring, Behring denies the allegations.  Behring specifically denies that it reports "reimbursement prices … to the publishing compendia" or that it engages in "purposeful AWP manipulation."  To the extent the allegations in Paragraphs 155 through 157 purport to recite from HHS OIG reports, the reports speak for themselves, and any attempted summaries or characterizations thereof are denied.

158.    To the extent the allegations in Paragraph 158 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 158 are directed at Behring, Behring denies the allegations.  Behring specifically denies that it reports "price information that … does not comply with the HHS OIG's guidelines."

159-163.    To the extent the allegations in Paragraphs 159 through 163 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or

information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraphs 159 through 163 are directed at Behring, Behring denies the allegations.

164-165.    Behring denies the allegations in Paragraphs 164 and 165 of the Complaint.

166.    To the extent the allegations in Paragraph 166 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 166 are directed at Behring, Behring denies the allegations.

167-169.    Behring denies the allegations in Paragraphs 167 through 169 of the Complaint.

170.    To the extent the allegations in Paragraph 170 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 170 are directed at Behring, Behring denies the allegations.  Behring specifically denies that it publishes "false and inflated  wholesale prices" or that it "knowingly interfered with Iowa's ability to reimburse providers at EAC."

171.    Behring denies the allegations in Paragraph 171 of the Complaint.

172-177.    To the extent the allegations in Paragraphs 172 through 177 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraphs 172 through 177 are directed at Behring,

Behring admits only that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this litigation, but denies the accuracy of the data listed therein.  Behring denies all remaining allegations in Paragraphs 172 through 177.  Behring specifically denies that it "routinely submitted false prices" to the pricing compendia.  Behring further denies the characterization of "spread" contained in Paragraphs 172 through 177.

178.   To the extent the allegations in Paragraph 178 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 178 are directed at Behring, Behring denies the allegations.

179.   To the extent the allegations in Paragraph 179 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 179 are directed at Behring, Behring denies the allegations.

180.   To the extent the allegations in Paragraph 180 of the Complaint or the exhibit referenced therein are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at Behring, Behring denies the allegations.

181-516.   The allegations in Paragraphs 181 through 516 of the Complaint are directed to other defendants and require no response from Behring.  To the extent a response

is required, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 181 through 516 and, therefore, denies the same.

517.    Behring denies that all the NDCs identified on Exhibit B-28 are NDCs that are associated with Behring, or that it engaged in any "fraud" as alleged in Paragraph 517 of the Complaint.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 517 or its footnote or the exhibit referenced therein and, therefore, denies the same.

518.    Behring denies the allegations in Paragraph 518 of the Complaint and the exhibit referenced therein.

519.    To the extent the allegations in Paragraph 519 of the Complaint and the exhibit referenced therein are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 519 and the exhibit referenced therein are directed at Behring, Behring denies the allegations.

520.    To the extent the allegations in Paragraph 520 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraph 520 are directed at Behring, Behring denies the allegations.

521-525.    To the extent the allegations in Paragraphs 521 through 525 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the

same.   To the extent the allegations in Paragraphs 521 through 525 are directed at Behring, Behring denies the allegations.

526.   To the extent the allegations in Paragraph 526 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.   To the extent the allegations in Paragraph 526 are directed at Behring, Behring admits only that it sold Bioclate and Helixate and manufactured and sold Gammar.   Behring denies the remaining allegations in Paragraph 526.   Behring specifically denies the State's characterization of "Anzemet" as a Behring product.   To the extent the allegations in Paragraph 526 refer to a report published by DHHS, the report speaks for itself, and any attempted summaries or characterizations thereof are denied.

527.   To the extent the allegations in Paragraph 527 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.   To the extent the allegations in Paragraph 527 are directed at Behring, Behring admits only that it manufactured and sold Gammar.   Behring denies the remaining allegations in Paragraph 527 of the Complaint.   Behring specifically denies that any of its products have "inflated AWPs."   To the extent the allegations in Paragraph 527 refer to a report published by the OIG, the report speaks for itself, and any attempted summaries or characterizations thereof are denied.

528.   Behring denies the allegations in Paragraph 528 and states that it has appropriately disclosed those investigations of which it is aware.

529-536.   To the extent the allegations in Paragraphs 529 through 536 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or

information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. To the extent the allegations in Paragraphs 529 through 536 are directed at Behring, Behring denies the allegations and states that it has appropriately disclosed those investigations of which it is aware. Behring specifically denies that it has engaged in any "improper pricing practices" or that it has "abused the nominal price exception." Behring further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Behring. To the extent the allegations in Paragraphs 529 through 536 refer to SEC filings, the filings speak for themselves, and any attempted summaries or characterizations thereof are denied.

537-613.     The allegations in Paragraphs 537 through 613 of the Complaint are directed to other defendants and require no response from Behring. To the extent a response is required, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 537 through 613 and, therefore, denies the same.

614-616.     To the extent the allegations in Paragraphs 614 through 616 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. Behring is without knowledge or information sufficient to form a belief as to the truth of the allegation that Iowa Medicaid "spent over $1.6 billion for defendants' drugs … from 1992 through 2005." Behring denies the remaining allegations in Paragraphs 614 through 616, specifically those that allege that it engaged in any "false price reporting scheme" or "misconduct," or that it has been "unjustly enriched." Behring further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Behring.

617-632.     To the extent the allegations in Paragraphs 617 through 632 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or

information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraphs 617 through 632 are directed at Behring, Behring denies the allegations.  To the extent the allegations in Paragraph 630 refer to *The Pink Sheet*, that document speaks for itself, and any attempted summaries or characterizations thereof are denied.  Behring further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Behring.

## COUNT I

### VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8 (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

633.    In response to Paragraph 633 of the Complaint, Behring repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 632.

634-642.       To the extent the allegations in Paragraphs 634 through 642 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraphs 634 through 642 are directed at Behring, Behring states that the Court has dismissed the claim to which these allegations relate.  To the extent a response is still required, Behring denies the allegations.

## COUNT II

### BREACH OF CONTRACT

643.    In response to Paragraph 643 of the Complaint, Behring repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 642.

644-651.    To the extent the allegations in Paragraphs 644 through 651 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.   To the extent the allegations in Paragraphs 644 through 651 are directed at Behring, Behring states that the Court has dismissed the claim to which these allegations relate.   To the extent a response is still required, Behring denies the allegations.

### COUNT III

### IOWA CONSUMER FRAUD ACT
### (Iowa Code § 714.16)

652.    In response to Paragraph 652 of the Complaint, Behring repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 651.

653-657.    To the extent the allegations in Paragraphs 653 through 657 of the Complaint and the sub-parts thereto are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.   To the extent the allegations in Paragraphs 653 through 657 and the sub-parts thereto are directed at Behring, Behring denies the allegations.   To the extent the allegations in Paragraphs 653 through 657 and the sub-parts thereto refer to statutes, those sources speak for themselves, and any attempted summaries or characterizations thereof are denied.   To the extent the allegations in Paragraphs 653 through 657 and the sub-parts thereto contain legal conclusions, no response is required.

### COUNT IV

### FRAUD

658.    In response to Paragraph 658 of the Complaint, Behring repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 657.

659-662.    To the extent the allegations in Paragraphs 659 through 662 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraphs 659 through 662 are directed at Behring, Behring denies the allegations.  To the extent the allegations in Paragraphs 659 through 662 refer to Iowa law, those sources speak for themselves, and any attempted summaries or characterizations thereof are denied.  To the extent the allegations in Paragraphs 659 through 662 contain legal conclusions, no response is required.

## COUNT V

## UNJUST ENRICHMENT

663.    In response to Paragraph 663 of the Complaint, Behring repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 662.

664-666.    To the extent the allegations in Paragraphs 664 through 666 of the Complaint are directed at defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent the allegations in Paragraphs 664 through 666 are directed at Behring, Behring denies the allegations.  To the extent the allegations in Paragraphs 664 through 666 contain legal conclusions, no response is required.

667-675.    Behring denies that the State is entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 667 through 675 of the Complaint.

**WHEREFORE**, Behring demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## BEHRING'S AFFIRMATIVE DEFENSES

Behring reasserts and incorporates herein by reference the assertions of paragraphs 1 through 675 hereof.

### First Affirmative Defense

Plaintiff fails to state a claim against Behring upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because it did not rely on any alleged misrepresentations or fraud by Behring.   Plaintiff knew that providers could obtain Behring drugs at prices below AWP prior to and throughout the relevant time period stated in the Complaint.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the state action doctrine.

### Sixth Affirmative Defense

To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, Plaintiff is barred from seeking recovery against Behring based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Behring in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiff's claims.

### Ninth Affirmative Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employee Retirement Income Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Prescription Drug, Improvement and Modernization Act of 2003, including all amendments to the same and all regulations promulgated thereunder.

### Tenth Affirmative Defense

Plaintiff's claims against Behring are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Eleventh Affirmative Defense

Plaintiff fails to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against Behring contained in the Complaint.

### Twelfth Affirmative Defense

Any and all actions taken by Behring with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Thirteenth Affirmative Defense

Behring's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a consumer within the meaning of the Iowa Consumer Fraud Act.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a person within the meaning of the Iowa Consumer Fraud Act.

### Sixteenth Affirmative Defense

Some or all of Plaintiff's claims against Behring arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

**Seventeenth Affirmative Defense**

Behring denies that Plaintiff has a valid consumer protection claim against Behring under the Iowa Consumer Fraud Act.  However, if such claim is found to exist, Behring pleads all available defenses under the Act.

**Eighteenth Affirmative Defense**

To the extent that Plaintiff attempts to seek equitable relief against Behring, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

**Nineteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

**Twentieth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by Behring after the filing of the Complaint.

**Twenty-First Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

**Twenty-Second Affirmative Defense**

Plaintiff's claims against Behring are barred, in whole or in part, due to their failure to join indispensable parties.

### Twenty-Third Affirmative Defense

Plaintiff's claims against Behring are barred, in whole or in part, because Plaintiff has not suffered damages as a result of the matters alleged in the Complaint.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, (1) because Plaintiff failed to mitigate damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Behring; (2) because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; and (3) because damages are speculative and remote and because of the impossibility of ascertaining and allocating alleged damages.

### Twenty-Fifth Affirmative Defense

Behring is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims against Behring are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Iowa Constitution.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims against Behring are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims against Behring are barred, in whole or in part, because they violate Behring's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Iowa Constitution, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims against Behring are barred because Plaintiff and/or its agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of pharmaceuticals. Legal and equitable principles preclude this action for damages and injunctive relief.

### Thirtieth Affirmative Defense

The claims alleged herein, based on the facts alleged, are barred in whole or in part by Plaintiff's own negligence or gross negligence and the doctrines of comparative and/or contributory negligence. Among other things, the claims disregard Iowa's obligations under federal law.

### Thirty-First Affirmative Defense

Plaintiff's prayers for relief in the form of restitution are barred, in whole or in part, because Behring did not retain any money belonging to Plaintiff as a result of any alleged overpayments.

### Thirty-Second Affirmative Defense

Plaintiff has failed to plead with particularity allegations of fraud by Behring contained in the Complaint.

### Thirty-Third Affirmative Defense

Plaintiff's claims for fraud and fraudulent concealment are barred because Plaintiff cannot predicate a claim for fraud on reliance by a third party.

### Thirty-Fourth Affirmative Defense

Plaintiff's claims against Behring are barred because Plaintiff lacks standing or capacity to bring some or all of the claims asserted against Behring under Iowa law.

### Thirty-Fifth Affirmative Defense

Plaintiff's claims against Behring are barred, in whole or in part, by the doctrine of voluntary payment.

### Thirty-Sixth Affirmative Defense

Plaintiff's claims against Behring for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Seventh Affirmative Defense

Plaintiff's claims against Behring for unjust enrichment are barred because the Complaint does not allege that Defendants received any payment or property from the Plaintiff.

### Thirty-Eighth Affirmative Defense

Plaintiff's claims against Behring for injunctive relief against Behring are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Ninth Affirmative Defense

Plaintiff's claims against Behring are misjoined with Plaintiff's claims against other Defendants and must be severed.

### Fortieth Affirmative Defense

Any damages recovered by the Plaintiff must be limited by any applicable statutory ceiling on recoverable damages.

### Forty-First Affirmative Defense

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Behring (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Behring; (3) cannot be sustained because the laws regarding the standards for determining liability for, and the amount of, punitive damages fail to give Behring prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Behring's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and be improper under the Iowa Constitution and Iowa common law.

### Forty-Second Affirmative Defense

Plaintiff fails to allege facts or a cause of action against Behring sufficient to support a claim for prejudgment interest or any other relief.

### Forty-Third Affirmative Defense

Plaintiff has not suffered, and will not suffer, any injuries to a legally protected or cognizable interest by reason of the conduct of Behring as alleged in the Complaint.

### Forty-Fourth Affirmative Defense

Plaintiff's claims against Behring are barred because Behring has complied with all applicable regulations of the federal and state governments.

### Forty-Fifth Affirmative Defense

Plaintiff's claims against Behring are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of intervening or superseding conduct of third parties.

### Forty-Sixth Affirmative Defense

Plaintiff's claims against Behring are barred, in whole or in part, because Behring did not make any false statements to the Plaintiff.  As to any statement asserted against Behring that Plaintiff alleges to be false or misleading, Behring had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Forty-Seventh Affirmative Defense

Plaintiff fails to allege facts or a cause of action sufficient to support a claim against Behring for compensatory damages, attorneys' fees, enhanced damages, treble damages and/or legal fees or costs.

### Forty-Eighth Affirmative Defense

Behring adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

### Forty-Ninth Affirmative Defense

Behring hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery

proceedings in this action, and hereby reserve its right to amend its Answer to assert such defense.

Dated:  September 18, 2008

By:  /s/ Jonathan T. Rees
     Jonathan T. Rees, Esq.
     HOGAN & HARTSON L.L.P.
     555 13th Street, NW
     Washington, D.C. 20004
     Tel:  (202) 637-5600
     Fax:  (202) 637-5910

     Michael DeMarco, Esq. (BBO #1199690)
     Aimee E. Bierman, Esq. (BBO #640385)
     K&L GATES LLP
     State Street Financial Center
     One Lincoln Street
     Boston, MA 02111
     Tel: (617) 261-3100
     Fax: (617) 261-3175
     ATTORNEYS FOR DEFENDANT
     AVENTIS BEHRING, LLC (A/K/A ZLB BEHRING, LLC)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September, 2008, a true and correct copy of the forgoing Answer and Affirmative Defenses of Aventis Behring, LLC (a/k/a ZLB Behring, LLC) to the State of Iowa's Complaint was served on all counsel of record via Lexis Nexis File & Serve®.


_____/s/ Jonathan T. Rees_____