UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) |  MDL No. 1456  Civil Action: 01-CV-12257-PBS  Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS and 01-CV-339  **BMS CLASS 1 SETTLEMENT** | | |

### DECLARATION OF LYNDON M. TRETTER

**(1) IN OPPOSITION TO PLAINTIFFS' MOTION TO PRELIMINARILY APPROVE THEIR PROPOSED PLAN OF DISTRIBUTION FOR THE BMS CLASS 1 SETTLEMENT; AND**

**(2) IN SUPPORT OF ITS CROSS-MOTION FOR A CONFERENCE ON A DISTRIBUTION PLAN AND OTHER SETTLEMENT ISSUES**

I, LYNDON M. TRETTER, do hereby declare that:

1.  I am a partner in the law firm of Hogan & Hartson LLP, counsel for defendants Bristol-Myers Squibb Company and Oncology Therapeutics Network Corporation (together, "BMS") in this action. I was personally involved in the negotiations with Class Counsel and the Court-appointed mediator of BMS's settlement of Class 1's claims and I drafted the Memorandum of Understanding ("MOU") executed by the parties' counsel on June 25, 2007, a copy of which is annexed hereto as Exhibit A.

2.  A key issue in the settlement negotiations concerned the implications for Class 1 of the Court's June 21, 2007 Findings of Fact and Conclusions of

Law for the "Massachusetts-only" Class 2 & 3 trial (the "June 21, 2007 Opinion"). Specifically, both sides erroneously believed that the June 21, 2007 Opinion had left open whether the 30% "speed limit" for liability and damages that the Court had articulated for Classes 2 and 3 would also apply to Class 1.

3.  The MOU provides that BMS will make a payment of $13 million to settle Class 1's claims (plus one-half of the cost of Class notice, up to $1 million). The $13 million dollar figure was negotiated based on plaintiffs' expert's damages analyses for Class 1, which did not apply the 30% speed limit. According to an analysis by BMS's counsel, applying that limit and the other principles articulated in the Court's June 21, 2007 Opinion (such as statutes of limitations) to plaintiffs' expert's damages analyses, the maximum single damages that Class 1 could obtain would be approximately $4 million even if the case had gone to trial and Class 1 had won completely.

4.  In the instant motion for preliminary approval of a proposed distribution plan for the BMS Class 1 settlement, Class counsel contends that BMS did not bargain for any "veto" rights over how counsel might decide to distribute the $13 million settlement amount to Class members. See Declaration of Steve W. Berman dated August 25, 2008. From this, counsel jumps to the conclusion that it has *carte blanche* to do with the fund anything that it proposes. That is not what the parties intended. In fact, the single-page MOU is silent on the issue of distribution and instead provides that "the terms and conditions used in settlement agreements and documents in related cases in the AWP MDL" (*i.e.*, the GSK and AstraZeneca settlements) be "use[d] . . . as guides." BMS understands those settlements to allow for an orderly claims

process in which class members are awarded amounts that are rationally related to their alleged injury.

5.    For the reasons discussed in BMS's memorandum of law accompanying this Declaration, BMS does not believe that class counsel's proposed plan of distribution for the BMS Class 1 settlement is consonant with prior settlements in this MDL or with the law. Accordingly, BMS respectfully requests that the Court deny Class counsel's motion and schedule a conference to discuss an appropriate distribution plan and other issues relating to settlement.

Executed on September 17, 2008

I declare under penalty of perjury that the foregoing is true and correct.

_____
Lyndon M. Tretter

## CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE

I, Joanna Wasick, hereby certify that I am one the attorneys for Bristol-Myers Squibb Co. and Oncology Therapeutics Network Corp. and that, on May 9, 2007, I caused a copy of **THE DECLARATION OF LYNDON M. TRETTER (1) IN OPPOSITION TO PLAINTIFFS' MOTION TO PRELIMINARILY APPROVE THEIR PROPOSED PLAN OF DISTRIBUTION FOR THE BMS CLASS 1 SETTLEMENT AND (2) IN SUPPORT OF ITS CROSS-MOTION FOR A CONFERENCE ON A DISTRIBUTION PLAN AND OTHER SETTLEMENT ISSUES** to be served on all counsel of record by electronic service pursuant to Paragraph 11 of CMO No. 2 by sending a copy to Lexis-Nexis File & Serve for posting and notification to all parties.

/s/ Joana Wasick