## MEMORANDUM OF UNDERSTANDING

This Memorandum of Understanding ("MOU") constitutes a binding agreement between Bristol-Myers Squibb Company ("BMS") and plaintiff Class 1 as defined in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456, C.A. 01-CV-12257-PBS (the "AWP MDL"). For settlement purposes only, Class 1 shall be expanded to include individuals consumers on a nationwide basis and any such person who was co-insured under Medicare Part B with a Medigap insurer, employer- or union-sponsored health plan, or any other third-party payer for any portion of a payment for one or more of the BMS drugs at issue (the "Nationwide Medicare Consumer Settlement Class"). This MOU settles all claims of the Nationwide Medicare Consumer Settlement Class of the nature alleged or that could have been alleged in the AWP MDL against defendants BMS, Oncology Therapeutics Network Corporation and Apothecon, Inc., said defendants being referred to herein collectively as the "BMS Group." (The BMS Group and the Nationwide Medicare Consumer Settlement Class are referred to herein as the "Parties").

BMS, on behalf of the BMS Group, shall pay thirteen million dollars ($13,000,000.00) in settlement of the claims of the Nationwide Medicare Consumer Settlement Class, inclusive of any and all attorneys' fees and other fees, disbursements or costs that the Nationwide Medicare Consumer Settlement incurred or that the Court may award the Class and its counsel, except that BMS shall also pay for one-half of the cost of the notice to the Class of the settlement up to a maximum payment of one million dollars ($1,000,000.00). The Nationwide Medicare Consumer Settlement Class shall provide releases of the BMS Group and shall dismiss the Class members' claims against the BMS Group with prejudice.

The Parties contemplate that they will promptly negotiate and execute a formal settlement agreement and the related documentation necessary to seek and obtain both preliminary and final approval by the Court of their settlement. Nevertheless, this MOU shall be binding as of the date below and shall not be contingent upon such future negotiation or execution. Similarly, the binding nature of this MOU shall not be affected by decisions or developments in the AWP MDL after the date below.

The Parties' counsel are familiar with the terms and conditions used in settlement agreements and documents in related cases in the AWP MDL and shall use those agreements and documents as guides. Any disputes concerning the terms and conditions of the formal settlement agreement and related documentation shall be resolved through mediation before the court-appointed mediator, Eric Green.

The undersigned corporate representative of BMS represents and warrants that she has authority on behalf of BMS and the other members of the BMS Group to enter into this MOU and to bind the corporation thereto. The undersigned counsel for the Nationwide Medicare Consumer Settlement Class represents and warrants that he has authority as court-appointed "lead counsel" for Class 1 in the AWP MDL to enter into this MOU and to bind the Class thereto.

Dated: June 25, 2007

ON BEHALF OF THE NATIONWIDE
MEDICARE CONSUMER SETTLMENT
CLASS

_____
Sean Matt, Lead Counsel

ON BEHALF OF BMS GROUP

_____
Zenola Harper, Senior Counsel