## Exhibit 1

## Claims Pursued by Arizona Foreclosed by MDL Rulings, Judgments, and Settlements[1]

| | Private Market Payments Based on AWP | Medicare Co-Payments |
|---|---|---|
| **Brand Self-Administered Drugs ("SADs")** | Claims for brand, self-administered drugs are implausible in light of:<br>• The prevalence of knowledge about "spreads" in the marketplace and the role of PBMs as evidenced by this Court's refusal to certify a class as to SADs in the private marketplace, and<br>• The separation of the prescribing function from the dispensing/reimbursement process. | • Claims for drugs with spreads under 30% (*e.g.* Temodar) or significant sales at WAC are implausible in light of this Court's prior rulings.<br>• Claims against the Track 2 Defendants covered by the Track 2 settlement – *i.e.*, those based on TPP payments or consumer payments for "Subject Drugs" – are barred by the settlement. |
| **Multi-Source SADs** | Claims for multi-source SADs are implausible in light of:<br>• The prevalence of knowledge about "spreads" in the marketplace and role of PBMs as evidenced by this Court's refusal to certify a class as to SADs in the private marketplace, and<br>• The extensive use of MACs as evidenced by this Court's requirement that the MDL class plaintiffs expressly identify which reimbursements were based on AWP and the class plaintiffs' abandoning these claims as to Class 3. | • Claims for drugs reimbursed based on a median AWP such that it is nearly impossible for any one manufacturer's reported price to have any effect on reimbursement (*e.g.*, albuterol) are implausible.<br>• Claims against the Track 2 Defendants based on TPP payments or consumer payments for "Subject Drugs" are barred by the settlement. |
| **Brand Physician Administered Drugs ("PADs")** | • Claims for drugs with spreads under 30% or significant sales at WAC (*e.g.* Etopophos, Paraplatin, Intron-A) are implausible in light of this Court's prior rulings.<br>• Claims against the Track 2 Defendants based on TPP payments or consumer payments for "Subject Drugs" are barred by the settlement. | • Claims for drugs with spreads under 30% or significant sales at WAC (*e.g.*, Etopophos, Paraplatin, Procrit, Remicade) are implausible.<br>• Claims against (i) the Track 2 Defendants based on TPP payments or consumer payments for "Subject Drugs"; (ii) AZ or BMS based on consumer payments for drugs covered their Class 1 settlements; and (iii) claims by consumers against the J&J Defendants, Schering, or Warrick subject to judgments from Track 1 trial. |
| **Multi-Source PADs** | Claims for multi-source PADs are implausible in light of:<br>• The extensive use of MACs as evidenced by this Court's requirement that the MDL class plaintiffs expressly identify which reimbursements were based on AWP and the class plaintiffs' abandoning these claims as to Class 3. | • Claims for drugs reimbursed based on a median AWP such that it is nearly impossible for any one manufacturer's reported price to have any effect on reimbursement are implausible.<br>• Claims against (i) the Track 2 Defendants based on TPP payments or consumer payments for "Subject Drugs"; (ii) BMS based on consumer payments for drugs covered their Class 1 settlements; and (iii) claims by consumers against the J&J Defendants, Schering, or Warrick subject to judgments from Track 1 trial. |

[1] All claims for drugs purchased or reimbursed after enactment of the MMA in December 2003 are implausible in light of this Court's rulings in the Track 1 trial.  Moreover, Plaintiff's claims are barred by the applicable one year statute of limitations.