UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *State of Arizona* v. *Abbott Labs, et al.* 06-CV-11069-PBS | |

**BIOGEN IDEC'S SEPARATE MEMORANDUM IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Biogen Idec Inc. ("Biogen Idec") joins the motion to dismiss and consolidated memorandum filed by its co-defendants. Biogen Idec files this separate memorandum to raise discrete issues tailored to its individual circumstances.

Biogen Idec should be dismissed from this case because Arizona fails to allege in good faith that persons in Arizona paid for Biogen Idec drugs based on reported spreads that "typically" exceeded 30%. Tr. of Hearing dated July 26, 2007, at 22-23 (requiring allegations in New York County cases to be based on a typical or median price); *accord, e.g. New York Counties*, 2007 WL 1051642, at *14 (describing required spread allegations); *In re Pharmaceutical Industry Average Wholesale Price Litig.*, 2004 WL 2387125, at *4 (D. Mass. 2004) (same). Nowhere in the complaint or the exhibits to the complaint are there any allegations that Biogen Idec's spreads typically exceeded 30%. In fact, there are no specific spread allegations at all concerning Biogen Idec and its drugs.

The absence of allegations concerning Biogen Idec spreads is not an accident or oversight. Biogen Idec has never reported an AWP price or a spread of any kind for Avonex.

Arizona's allegations that Biogen Idec "manipulated" the spread and "marketed" the spread make no sense.

The allegations in this case against Biogen Idec directly contradict the allegations that Arizona's counsel is making in its related case against McKesson and First DataBank.  In the McKesson case, Arizona's counsel alleges that Biogen Idec wanted to keep its spreads low, but that McKesson and First DataBank disregarded those wishes and increased spreads to a "normalized" 25% markup.  *New England Carpenters Health Ben. Fund v. First DataBank, Inc., et al.*, Civ. No. 05-11148, Mem. and Order dated Aug. 27, 2007, at 5-6.  Arizona's counsel specifically relies on Biogen Idec's Avonex drug in support of its allegations against McKesson and First DataBank, contending that McKesson and First DataBank (not Biogen Idec) increased the Avonex spread to 25%.  *See, e.g.,* MCKAWP 0084327 (submitted by Arizona's counsel in support of class certification against McKesson).  Because Biogen Idec never reported an Avonex AWP, it had no involvement in setting or changing the spread.

The problem goes beyond hypothetical pleading in the alternative concerning whom to blame for supposedly inflating the spread.  There is a substantial risk of double recovery and inconsistent results.  The plaintiffs here -- Arizona consumers and TPPs who paid for a drug based on AWP -- are a subset of the certified class set for trial against McKesson in December.  If McKesson and First DataBank manipulated the spread by increasing a low spread drug such as Avonex to a higher spread drug, as Arizona's counsel contends in the McKesson case, then the allegations against Biogen Idec in this case plainly are not true.

In this MDL, Biogen Idec is a defendant only in this case and in the case brought by the New York Counties (who indiscriminately sued essentially every drug manufacturer in the world whose products were prescribed for a New York Medicaid beneficiary during the past 17 years).  In the New York Counties AWP case, plaintiffs withdrew their request for production of

-2-

documents in response to Biogen Idec's motion for a protective order based on the fact that it never had a spread exceeding 30%. If Biogen Idec is dismissed from this case, then it will not have to undertake massive and expensive discovery related to claims that are not true and that contradict claims made by this same counsel in related litigation.

Dated:  September 19, 2008                           Respectfully submitted,


    /s/ William A. Davis_____
William A. Davis (*pro hac vice*)
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
701 Pennsylvania Avenue, Suite 900
Washington, DC  20004
(202) 434-7300

Attorneys for Biogen Idec Inc.

-4-

## **CERTIFICATE OF SERVICE**

      I hereby certify that I, William Davis, an attorney, caused a true and correct copy of the foregoing MEMORANDUM OF LAW to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, on September 19, 2008 or the following business day, for posting and notification to all parties.

                                _/s/ William A. Davis_____
                                     William A. Davis

4433069v.1