UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| BMS CLASS 1 SETTLEMENT | Judge Patti B. Saris |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF CLASS COUNSEL'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO PRELIMINARILY APPROVE PROPOSED PLAN OF DISTRIBUTION FOR THE BMS CLASS 1 SETTLEMENT**

I, Steve W. Berman, duly declare under penalty of perjury as follows:

1. I am a partner of Hagens Berman Sobol Shapiro LLP, resident in its Seattle, Washington, office, and I am Class Counsel for the Plaintiffs in the above-captioned matter. I submit this declaration under penalty of perjury in support of Class Counsel's Motion to Preliminarily Approve Proposed Plan of Distribution for the BMS Class 1 Settlement.

2. I was personally involved in the lengthy negotiations with BMS leading up to execution of the Memorandum of Understanding ("MOU") settling the Class 1 claims against BMS. I have also been personally involved in subsequent negotiations with BMS regarding Classes 2 and 3.

3. The bulk of negotiations were held before the Court's June 21, 2007, Trial Ruling was issued for the Massachusetts Class 2 and 3 claims. Prior to the Trial Ruling, BMS <u>never</u> indicated that any agreement to pay would be contingent upon the Court declining to apply the 30% speed limit to Class 1. Nor did BMS raise this as a precondition after the Court issued its Trial Ruling.

- 1 -

- 2 -

4.      Class Counsel were aware that the Trial Ruling did not resolve whether the Court would view Class 1 similarly to Classes 2 and 3 and apply the 30% speed limit to Class 1.  We were also aware that both sides faced risk on this issue.  But even after the Trial Ruling was issued, Dr. Hartman's damages model based on <u>no</u> speed limit for Class 1 continued to drive Class Counsel's position despite our recognition of risk on this issue.  There simply was no "mutual mistake" in arriving at the $13 million that BMS agreed to pay to settle the Class 1 claims, and <u>only</u> the Class 1 claims.

Executed this 24th day of September, 2008.

   <u>   /s/ Steve W. Berman   </u>
            STEVE W. BERMAN

- 3 -

**CERTIFICATE OF SERVICE**

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF STEVE W. BERMAN IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF CLASS COUNSEL'S MOTION TO PRELIMINARILY APPROVE PROPOSED PLAN OF DISTRIBUTION FOR THE BMS CLASS 1 SETTLEMENT**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on September 24, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                                                            **/s/ Steve W. Berman**
                                                                                            Steve W. Berman