UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti B. Saris |
| *United States of America, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06–CV–11337-PBS ) ) ) ) | Magistrate Judge Marianne B. Bowler |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO REQUIRE DEFENDANT ABBOTT LABORATORIES, INC. TO COMPLY WITH ITS DISCOVERY OBLIGATIONS AND RELATED COURT ORDERS**

# EXHIBIT 7

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS


CONSUME, ET AL,                    )
                    Plaintiffs,)
                                   )
-V-                                )   CIVIL DOCKET NO.
                                   )   01-12257-PBS
ABBOTT LABORATORIES, ET AL,        )
                                   )
                    Defendants.)


MOTION HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE


January 31, 2008

Boston, Massachusetts


APPEARANCES ON PAGE 2

Proceedings recorded by electronic sound recording,
transcript produced by Apex Reporting.

2

APPEARANCES:


For the United States:

        RENEE BROOKER, ESQ.
        GEJAA GOBENA, ESQ.
        JUSTIN DRAYCOTT, ESQ.
        U.S. Department of Justice
        604 D Street, NW
        Patrick Henry Building, Room 9028
        Washington, DC  20004

For the Defendants:

        JASON WINCHESTER, ESQ.
        JAMES DALY, ESQ.
        Jones Day
        77 West Wacker Drive
        Chicago, IL  60601
For the Intervenor:

        JAMES BREEN, ESQ.
        The Breen Law Firm, PA
        3562  Old Milton Parkway
        Alpharetta, GA  30005

58

1  Action No. 01-12257.

2        THE COURT:  Okay, No. 4984.

3        MS. BROOKER:  Thank you, your Honor.

4        Okay, I spent the ten minutes of the break trying

5  to see how I could slice and dice this and make it quicker

6  for your Honor since I'm told we have a lot to get through.

7        Suffice it to say, we disagree with many of the

8  representations made in Abbott's brief filed on Friday in

9  opposition to this motion to compel salespersons personnel

10  working files and producing them for deposition.

11        But I'm not going to go through some of those

12  arguments in detail unless Mr. Winchester does, and then, if

13  your Honor would permit me, I will address it because I

14  think I can just cut to the chase by saying I think that by

15  filing the motion to compel was productive because it did

16  make Abbott produce files and an offer of witnesses for

17  which it had not done so within the time frame of the CMO

18  29.

19        As we sit here today and, you know, your Honor,

20  the Government has been seeking this very specific discovery

21  about the sales force since November of 2006.  And we've

22  been before your Honor on this.

23        Right now the issue that the Court really needs to

24  address is the timing issue.

25        There is no dispute between the parties that this

59

1   stuff is relevant.  It's not privileged; none of that.  It's

2   all been a matter of, from our perspective, Abbott dragging

3   its feet in getting this stuff to us.

4         So, there are still currently 12 Abbott employees

5   on the table or -- I'm sorry -- I think they're former

6   Abbott employees -- that are on the table that everyone

7   agrees is going to be deposed.

8         We need dates for their depositions and we would

9   ask -- and this -- Abbott is already a month outside of the

10  time frame they're allowed under the CMO.  And we've given

11  them leeway on that even though we asked for these

12  depositions a long time ago, and their files.

13        THE COURT:  Are these employees, or former

14  employees?

15        MS. BROOKER:  These are former employees.

16        I think, and Mr. Winchester can say for sure, the

17  remaining 12 may be Hospira employees, which is formerly a

18  part of Abbott, and a third party cooperating with Abbott.

19        Some of them may not be Hospira; some of them may

20  be just former employees.

21        However, Abbott -- again, the CMO addresses former

22  employees and still provides a specific time frame.  So

23  given that Abbott is so out of time in complying with the

24  CMO, we would that those 12 employees, that dates be given

25  for their depositions in the next 20 days because we only

60

1   have, once again, we only have two months remaining for

2   discovery.

3           So we're asking those 12 employees be scheduled

4   within 20 days.

5           There are 67 outstanding personnel files for

6   employees; not the 12, but there are 67 of them.  We ask

7   that they be produced within 20 days.

8           Your Honor ordered all personnel files to be

9   produced on May 16th.  Abbott has always taken the position

10  in this case because at the hearing, I did not reiterate my

11  request for 30 days, and your Honor didn't say it out loud

12  that they didn't have 30 days.  And so we're now however

13  many months past May.  20 days is very reasonable.

14          We would ask that those 67 personnel files be

15  produced and, also, the working files of the employees,

16  which we have now learned, apparently, are different.  There

17  are different sets of files.

18          THE COURT:  The working files of the 12?

19          MS. BROOKER:  All of the employees; all of the

20  salespersons.

21          I'm not even sure what they number now because

22  Abbott has over time continued to identify new salespersons.

23          But whatever that number is, we ask that all of

24  their working files, a very specific set of materials.

25  Abbott is very familiar with what the working files mean.

61

1          We ask that they also be produced for all

2    salespersons within 20 days.

3          And we also ask that to the extent that Abbott

4    continues to locate, or name, new employees, that every time

5    it does so that it produce the personnel files and the

6    working files for that person within 10 days because we're

7    running out of time here.

8          Also -- I'm sorry.

9          THE COURT:  Why isn't that doable Mr. Winchester?

10         MS. BROOKER:  Can I just raise one other request?

11   I'm sorry, your Honor, I apologize.

12         Abbott has now, in its opposition, for the first

13   time we have seen the sales reps certifications; where the

14   sales rep apparently is signing a form.  And some of them

15   were signed a long time ago.  Some of them are more recent

16   saying, "I searched for documents."  I believe what the

17   representative is saying is they searched for their

18   documents in their personal files they may have taken with

19   them.

20         We have asked if they had ever been produced

21   before, but we have never gotten a response.

22         So we haven't seen them before, as far as we know.

23         We ask that those certifications be provided,

24   again, within 20 days for every one of the personnel and,

25   also, that Hospira and Abbott do their own certification.

62

1        It is not sufficient for the individual former

2   employee to search their files.  Also, Abbott should be

3   searching its files, as well as Hospira, for those records.

4        Thank you.

5        MR. WINCHESTER:  Okay, Judge.

6        Almost everything you just heard is wrong, so let

7   me quickly go through where it was.

8        The issue here, let's talk about depositions

9   first, has to do with 39 people who formerly worked in

10  Abbott's alternate site sales force.  Not a single one of

11  them still works for Abbott.

12       Yet, we've gone to extraordinary lengths to try

13  and find these people and get them produced.

14       Of those 39, two are deceased; 21 still work for

15  Hospira, and 16 of them are former employees scattered

16  around the country who are not at the call of either Abbott

17  or Hospira, who is not a party in this case, but who is

18  working very cooperatively with us to produce these people

19  and their files.

20       We have to date given dates to the Government for

21  every one of the 21 persons still employed by Hospira, other

22  than a single person who is on family medical leave.

23       THE COURT:  Okay, so you've got those dates.

24       MR. WINCHESTER:  She has those.  We have--

25       MS. BROOKER:  Yes, your Honor.  I was just

63

1  referring to, of the huge subset that we've been negotiating

2  here, there are still 12 that are outstanding at my last

3  count.

4          MR. WINCHESTER:  That is not true.

5          THE COURT:  And are you telling me that 12 are in

6  the 39?

7          MR. WINCHESTER:  There would certainly be the 39.

8          When this came down in November, they gave us a

9  request for 39 people.  They followed that up in December

10  with a request for another 61 people, but they've since told

11  us that they're not really looking for dates for those 61.

12  We're talking about the 39.

13          We have 21 current employees; we've given them

14  dates for every one other than the person on leave.

15          Of the 16 former employees, we have given them

16  dates right now for 11 of the 16.

17          So, right now, we are really talking about four

18  depositions that we still owe them.

19          One person had a death in the family.  We've told

20  the Government that.  We're looking to call that person next

21  week to give them some time to handle their family affairs.

22          The other people who don't work for us, who don't

23  work for Hospira, we can't find.  We've searched every

24  address we have.  We're trying to find them; we will

25  continue to try and find them.

64

1          But, when the representation is made that there

2    are still 12 of the 39 outstanding, that is wrong.   There

3    are, at most, five:   four former employees; one current

4    employee who is on leave.

5          As to depositions, there is no issue.

6       People we can find, they are going to get.

7          THE COURT:  All right, that seems to resolve that.

8          MR. WINCHESTER:  Yes.

9          Personnel files:  We are told 67 are outstanding.

10   That also is wrong.  We have completed our production of

11   personnel files, as ordered by the Court.  We've told the

12   Government this.

13         Every personnel file that contained responsive

14   information, under the Court's order, we have given them.

15   Every one we could find, they got it.  So if they don't have

16   it, we don't have it.

17         Or, there are a few files for which we looked at

18   them, and they only contained information that was of the

19   nature your Honor said was not responsive:  resumes,

20   applications, things of that nature.

21         To the extent we found files that contained any

22   information your Honor told us we had to produce:  about

23   what these people were paid, how they were paid, any of that

24   kind of information, we have produced it.

25         If they don't have them, it's because we don't

65

1   have them; or they had none of the information that your

2   Honor told us to be produced.

3           The personal working files of all these people is

4   a much more difficult undertaking to deal with.

5           What they're talking about is, what do the people

6   distributed across the country, out in the field, doing

7   field sales have in their personal files at home.  Most of

8   these people work at home; they don't have an office.

9           And they're looking for it back to 1991, for

10  people who work in a division of Abbott from 1991 to 2003

11  and then later discontinued; the entire division.

12          What we're doing to try and comply with that

13  request is multi-fold and it takes a lot of time and is a

14  big effort.

15          First, the Court should understand in terms of

16  what working files these people in the field have.  It is

17  our understanding a lot of witness have testified to this,

18  that when these people would leave Abbott -- obviously, a

19  lot of the people we're talking about on this list of

20  persons who have worked over the years are no longer with

21  Abbott or with Hospira.

22          When they would leave, their working files went to

23  the person who took over the group, or took over the

24  territory.

25          And so, it would be our expectation that those

66

1    files, to the extent they came through the years, would be

2    in the possession of the current sales force of Hospira

3    which, basically, amounts to the former HPD sales force.

4          So we have asked Hospira and Hospira is

5    cooperating in pulling together from across the country, the

6    working files of all of its current employees, which we

7    believe should capture the files through the years that came

8    over from Abbott.

9          We're in the process of doing that and producing

10   that information to the Government.  It takes -- I think the

11   Court could appreciate -- a long time to do.

12         We are also looking through any archive records

13   that might be under these individuals to see if there might

14   be additional materials they have.

15         When we make contact, when we have the witnesses

16   that they want, we have asked them specifically again, "Look

17   through your files and make sure you don't have any

18   responsive information."

19         Persons that look and say they don't, have

20   executed these certifications, which we;re giving to the

21   Government, we're happy to continue giving them to the

22   Government, so they know and can make sure we've checked

23   them all.

24         Persons that have information that's potentially

25   responsive, they give it to us, we look at it, we give it to

67

1   them if it is responsive.

2          So, that's where we are.  They are also, for all

3   these former employees, they are serving subpoenas on.

4          So, on top of everything we're already doing, they

5   are serving individuals subpoenas on the formers.

6          I have them go look through all of their files to

7   see if there is anything still left.  Some of them do have

8   things.  If they've got them and they're responsive, we give

9   them to them.

10          So, that's where we are.  I think we are

11  cooperating fully.  We are going, particularly with respect

12  to all these former employees, since not a single one of

13  these people still works for Abbott.  From my perspective,

14  they're all formers.

15          I think we're going well above and beyond the call

16  of duty in producing them for deposition and pulling

17  together the documents.

18          So, I can tell the Court:  depositions, not an

19  issue; personnel files, they have them all; working files,

20  we're working as hard as we can in bringing the things

21  together.

22          I don't know that I can say to the Court we could

23  have this done within 20 days.  It is a big operation when

24  you're talking about pulling together these files from

25  across the country; both of the current Hospira sales force

68

1        --

2                    THE COURT:  30 days.

3                    MR. WINCHESTER:  -- and the 39.

4                    THE COURT:  30 days.

5                    MS. BROOKER:  Your Honor, if I could just ask for

6       some -- thank your, your Honor -- and just first some

7       clarification.

8                    United States always learned much more from

9       Mr. Winchester when we come to Court than we can ever get

10      from meet and confers because this is information we have

11      been seeking for 14 months now.

12                   There were very vague statements made about these

13      witnesses.  I know what the numbers are of witnesses and

14      personnel files that we have not -- we do not have.

15                   Now, I have just indicated that we do not have 67

16      personnel files.  This is the first time I heard that they

17      don't have those personnel files.

18                   We were sitting here waiting for personnel files.

19      We didn't know that they have searched for them and have

20      none.

21                   So, we would like certifications from Abbott, that

22      for all of the employees, salespersons it identified, that

23      it has no personnel -- I mean, they should give us a simple

24      chart; identifies the witness that they disclosed late in

25      the interrogatory.

69

1        The next column should say, "No personnel file

2   could be found," or "Personnel file found and produced."

3        The next column should say, "Working files."  "No

4   working files found," or "Working files produced," because

5   we're always talking in vagaries here.  We are trying to

6   ascertain--

7        THE COURT:  It would be nice for them to do that,

8   but I thing they can give you the information, you can make

9   the chart.

10       MS. BROOKER:  Your Honor, I'm just saying, that's

11  how simple it is.

12       But we need names.  I don't want to hear that

13  there are a number of people who are former employees they

14  can't locate.  We don't know who those people are, which of

15  them.

16       So, we would like within 30 days, as your Honor

17  just said, in addition to ordering them to produce the

18  witnesses and the files, for a definitive word on what we're

19  getting and what we're not getting, so we know what it is --

20  what's the scope of what we should be seeking by way of

21  spoliation.

22       Thank you, your Honor.

23       MR. WINCHESTER:  I'm sorry, Judge.

24       Quickly, that just isn't true.  Ms. Brooker does

25  not deal with these depositions.  The person who does deal

70

1   with them has been given specific information about who

2   we've been able to contact and who we haven't.

3          To come to Court today, all I did was call back

4   and check last night; get the numbers.

5          Coming in here and saying it's 12, is just wrong.

6   They have full -- and as quick as we can get it -- up to

7   date information, where they are.

8          The notion that they hadn't heard before today

9   that personnel files were completed; it's in our brief.

10  It's in the associated correspondence.

11         We've told them, "We've given you all the

12  personnel files we have."

13         THE COURT:  All right, 30 days.

14         MS. BROOKER:  Thank you, your Honor.

15         MR. WINCHESTER:  To do what?  What are we going to

16  do in the 30 days?  I just want to make clear.

17         THE COURT:  That you will provide information as

18  to all of the files.  Either produced, can't be found, so

19  that we know what we are going to get.

20         MR. WINCHESTER:  Okay.

21         MS. BROOKER:  And the witnesses, as well, produced

22  for deposition, any that are outstanding.

23         Thank you, your Honor.

24         MR. WINCHESTER:  Judge, as to a couple of them, as

25  I told you, we can't find them.

71

1          THE COURT:  Well, you just have to have that put

2     in affidavit form.

3          MR. WINCHESTER:  Correct.  We're happy, I guess,

4     at a certain point to turn over last known address to the

5     Government and they could try to find them.

6          But, I don't want to put myself in the position of

7     violating an order.

8          MS. BROOKER:  Thank you, your Honor.

9          That is it for that motion, your Honor.

10          I'm going to be switching seats here with another

11     attorney from the Department of Justice for the next three

12     motions.

13          THE COURT:  All right.  All Government counsel can

14     sit at the table --s.

15          MS. BROOKER:  Thank you.  I'll move down.

16          THE COURT:  Okay, the next is Abbott's motion

17     4692, a motion for protective order.  Mr. Daly?

18          MR. DALY:  Your Honor, I wanted to make a

19     suggestion, if it please the Court.  We have a series of

20     three motions.  All of them are apex deposition motions.

21          If it's all right with the Court, I'd like --

22     because the facts and the law are the same--

23          THE COURT:  4692, 4774 and 4781.

24          MR. DALY:  That's right, Judge; keep them

25     together?  Thank you.

120

1          MR. DALY:  Thanks for accommodating us.

2          MS. BROOKER:  Thanks for all your time today, your

3   Honor.

4          (Whereupon the hearing was concluded at 3:36 p.m.)

5

121

## CERTIFICATE OF TRANSCRIBER

This is to certify that the attached proceedings

before: U.S. DISTRICT COURT, DISTRICT OF MASSACHUSETTS

in the Matter of:

```
CONSUME, ET AL,                    )
                     Plaintiffs,)
                                   )
-V-                                )   CIVIL DOCKET NO.
                                   )   01-12257-PBS
ABBOTT LABORATORIES, ET AL,        )
                                   )
                     Defendants.)
```

Place: Boston, Massachusetts

Date:   January 31, 2008

Were held as herein appears, and that this is the true,

accurate and complete transcript prepared from the

recordings taken  of the above entitled proceeding.

```
J. Mocanu                          02/05/08
Transcriber                        Date
```