UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti B. Saris |
| *United States of America, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, CIVIL ACTION NO. 06–CV-11337-PBS ) ) ) ) | Magistrate Judge Marianne B. Bowler |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO REQUIRE DEFENDANT ABBOTT LABORATORIES, INC. TO COMPLY WITH ITS <u>DISCOVERY OBLIGATIONS AND RELATED COURT ORDERS</u>**

# EXHIBIT 17



**U.S. Department of Justice**

Civil Division
Commercial Litigation Branch
Fraud Section

601 D Street, N.W.　　　　　　　　　　　　　　　　Telephone: (202) 514-1511
Ninth Floor
Washington, DC 20004

June 30, 2008

*Via Electronic Mail*

Carol P. Geisler
Jason G. Winchester
Jeremy P. Cole
Jones Day
77 West Wacker Drive
Chicago, Illinois 60601

Re:　*U.S. ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, 06–CV-11337-PBS, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456/Civil Action No. 01-12257

Dear Counsel:

I am writing in response to Abbott's June 13th production of additional documents from former Alternate Site sales representative Jomal McNeal[1]. (*See* 6/13/08 letter from C. Geisler to R. Ford). Although your letter indicates that Mr. McNeal located the documents (documents Bates labeled by Abbott as ABTDOJ 0423262 - ABTDOJ 0423359) at his residence in Chicago after his deposition on March 26, 2008, you do not indicate when Mr. McNeal located these documents, the circumstances surrounding the late search for these documents or why Abbott did not subsequently produce these documents to the United States until well after Mr. McNeal's deposition and after the close of discovery.

At his deposition, Mr. McNeal's search for and production of documents was a subject of extensive questioning by counsel for the United States. (*See e.g.*, 3/26/08 Tr. of J. McNeal deposition at 11:7-62:1). In response to a series of questions about his search for and production of documents, Mr. McNeal testified that he produced all potentially relevant documents in his

---

[1] According to Mr. McNeal's deposition testimony, he is currently employed by Hospira as a Divisional Manager. *See* 3/26/08 Tr. of McNeal deposition at 21:7-21:18.

-2-

possession except performance assessments. (*See* 3/26/08 Tr. of J. McNeal deposition at 33:9-34:8). Mr. McNeal reiterated this testimony, even in the face of detailed questions about what documents he searched for, located and produced in response to specific requests contained in the United States' subpoena.

These late produced documents are clearly called for by the United States' subpoena to Mr. McNeal. (*See, e.g.,* requests B, D, F-I and K). They are also responsive to numerous discovery requests made by the United States to Abbott. (*See, e.g.,* requests 35-38, 40, 46, 48-50 and 54 of the United States' Second Request For Production ("RFP") to Abbott, request 27 of the United States' Third RFP to Abbott, and requests 8, 10 and 16 of the United States' Fourth RFP to Abbott). Most of these documents, however, do not appear to have previously been produced by Abbott to the United States.

The documents accompanying Mr. McNeal's June 13th production are highly relevant to the United States' case. By way of example, several of the documents belatedly produced by Mr. McNeal appear to be formal training materials used to train members of Abbott's Alternate Site sales force (*see, e.g.,* ASPS training modules related to Trends in Reimbursement and Selling Injectables in the Alternate Site Market), as well as presentations and other documentation related to Customer Challenges / Trends in the Alternate Site Market, the Senior Care Market and Exploiting a Competitive Account. Abbott's failure to produce these documents in response to the United States' discovery requests is prejudicial to plaintiffs. Among other things, Abbott's failure to produce these documents prevented the United States' from being able to question Alternate Site sales force members and national sales trainers about these documents and their contents at their depositions. The United States objects to Abbott's production of these documents after the close of discovery, and reserves its right to re-depose Alternate Site sales force members and trainers based upon the late production of Mr. McNeal's documents, and based upon the late production of other relevant documents contained in the over 2.2 million pages of discovery produced by Abbott to the United States on or after April 25, 2008.

As you know, my June 18th e-mail to you requesting a meet and confer, included as one of the several topics, Abbott's late production of these materials. As such, we look forward to discussing the issues raised herein with you further during our June 30th meet and confer.

Sincerely,

Rebecca A. Ford

Cc:  James J. Breen, Esquire
     Ann St. Peter-Griffith, Esquire