UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION )<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*United States of America, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,*<br>CIVIL ACTION NO. 06–CV-11337-PBS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   MDL No. 1456<br>Civil Action No. 01-12257-PBS<br><br>Hon. Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO REQUIRE
DEFENDANT ABBOTT LABORATORIES, INC. TO COMPLY WITH ITS
DISCOVERY OBLIGATIONS AND RELATED COURT ORDERS**

# EXHIBIT 19



**U.S. Department of Justice**

Civil Division
Commercial Litigation Branch
Fraud Section

*601 D Street, N.W.*
*Ninth Floor*
*Washington, DC 20004*

*Telephone: (202) 514-1511*

March 24, 2008

*Via Electronic Mail*

Mr. Jason G. Winchester
Ms. Tina M. Tabacchi
Ms. Carol Geisler
Jones Day
77 West Wacker Drive
Chicago, Illinois  60601-1692

Re:    *U.S. ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,* 06–CV-
       11337-PBS, *In re Pharmaceutical Industry Average Wholesale Price Litigation,* MDL
       No. 1456/Civil Action No. 01-12257

Dear Counsel:

    I write concerning the production of documents related to Abbott's former Alternate Site
sales force by Abbott and by Hospira in response to the United States' Requests for Production of
Documents ("RFPs").  The sales force documents sought by the United States' RFPs have been
the subject of numerous e-mails, letters, motions and court orders, including, but not limited to,
the United States' April 9, 2007 and January 7, 2008 Motions to Compel, the Court's May 16,
2007 and January 31, 2008 Orders to Abbott regarding sales representative documents and other
categories of documents, the Court's September 7, 2007 Order requiring Hospira to produce
certain documents, the third-party subpoena issued by the United States to Hospira on September
24, 2007, and Abbott's March 3, 2008 letter to the United States in response to Magistrate
Bowler's January 31, 2008 rulings.

    Despite its discovery obligations and Court orders to do so, there are a large number of
sales representative documents that Abbott and Hospira have yet to produce to the United States.
First, the United States has challenged Abbott's assertion with respect to the 50 personnel files
that Abbott now claims have been "located but [contain] no responsive documents".  *See* Ex. B

-2-

to the March 3, 2008 letter from J. Winchester to R. Brooker. Abbott makes such a claim with respect to these 50 personnel files, without providing any further information by which the United States can assess such a claim. Furthermore, despite representing to the United States during a July 6, 2007 meet and confer that Abbott counsel would provide a detailed list of the types of personnel documents Abbott would be producing to the United States (*see* July 25, 2007 letter from R. Ford to J. Winchester), Abbott has yet to do so. It is necessary for the United States to have such a list of the types of documents that should be maintained in the personnel files, together with further details regarding why Abbott now claims that the files of some 50 former Abbott employees contain no such records, in order to be able to properly evaluate Abbott's claim.

Second, with respect to the personnel files of an additional eight members of Abbott's former Alternate Site sales force, Abbott claims, without explanation, that it "cannot locate the file". *See* Ex. B to the March 3, 2008 letter from J. Winchester to R. Brooker. The United States requests that Abbott indicate what measures Abbott and Hospira have undertaken to locate these files, and whether Abbott and Hospira are continuing to search for these records. Should these records be located, the United States requests their immediate production.

Third, with respect to 34 former members of Abbott's Alternate Site sales force, your March 3rd letter states that "collection is ongoing". Although the United States has received sporadic productions of documents in connection with a few sales force depositions which have been taken since receipt of your letter, there are large number of employees whose files have yet to be produced to the United States. As we have informed you on numerous prior occasions, the late production of these documents is highly prejudicial to the United States. We again reiterate our request that all such documents be produced to us no later than March 31, 2008, and we reserve our right to seek leave of court to take additional depositions or seek other relief, based upon documents and information belatedly disclosed by Abbott.

Finally, Abbott has indicated in its March 3rd letter that it believes that the sales force records that may have been retained by former employees who it did not contact "are outside Abbott's possession, custody or control". Abbott's 30(b)(6) witness testimony makes clear that as of February 8, 2008, Abbott has done nothing to seek out these records. *See* Testimony of Ellen Klaus, 3/14/07 Tr. at 97:22-107:2 and 112:1-114:22. Presumably, that remains the case. It appears from the representations in Abbott's March 3rd letter that Abbott has not attempted to locate these files, nor does it intend to seek out its former salespersons to search for these records.

Despite repeatedly being asked about Abbott's position concerning former sales person files at the 30(b)(6) deposition of Ms. Klaus, this is the first time that Abbott has notified the United States of its position that these documents are no longer within its control, and therefore Abbott is not obligated to produce them or search for them. The United States is severely prejudiced because Abbott waited until after the deadline for serving subpoenas in this case and less than a month prior to the close of discovery to advise the United States of this position.

2

-3-

Because of Abbott's failure to collect these records to date, we have two choices.  Either Abbott can now seek out those records, or the United States will contact the former sales representatives to collect the records itself in view of Abbott's newly formulated position that these records are not Abbott records.  Accordingly, the United States requests that Abbott immediately provide the last known contact information and social security numbers for each former sales representative, who Abbott, in its March 3rd letter, defines as individuals "who no longer work for Abbott or Hospira".   If necessary, the United States reserves the right to seek leave of court to serve subpoenas on these former sales representatives for their documents and depositions of these individuals.

Sincerely,

Rebecca A. Ford

Cc:          James Breen, Esquire

3



**U.S. Department of Justice**

Civil Division
Commercial Litigation Branch
Fraud Section

_601 D Street, N.W._
_Ninth Floor_
_Washington, DC 20004_

_Telephone: (202) 514-1511_

March 24, 2008

<u>_Via Electronic Mail_</u>

Mr. Jason G. Winchester
Ms. Tina M. Tabacchi
Ms. Carol Geisler
Jones Day
77 West Wacker Drive
Chicago, Illinois 60601-1692

Re:  _U.S. ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc._, 06–CV-
11337-PBS, _In re Pharmaceutical Industry Average Wholesale Price Litigation_, MDL
No. 1456/Civil Action No. 01-12257

Dear Counsel:

I write in follow-up to my letter of March 6, 2008, concerning the production of
documents by Abbott's former Alternate Site sales force in response to subpoenas issued to them
by the United States and in response to Certificates of Search sent to them by Hospira. My
March 6, 2008 letter raised a number of issues to which Abbott has yet to respond. Importantly,
many of the issues raised in my letter relate to documents which the Department of Justice
believes should have been produced to the United States during discovery in this case. With the
exception of the production of 17 additional Certificates of Search obtained from former
members of Abbott's Alternate Site sales force, and a copy of the instructions accompanying the
Certificates of Search, which were sent to me via e-mail on March 13, 2008, you have yet to
respond to my letter or to produce the outstanding documents called for by that letter.

The United States reiterates its request for the production of all documents requested in
its discovery requests to Abbott in this case, as well as all documents requested in my March 6,
2008 letter, a copy of which is attached for your convenience. Please provide by March 31,
2008, these documents, as well as all documents identified in the March 3, 2008 letter from Jason

_4_

-2-

Winchester to Renee Brooker, and accompanying exhibits, as documents for which you have indicated that Abbott's collection is on-going.

Sincerely,

Rebecca A. Ford

Cc:        James Breen, Esquire

5