UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti B. Saris |
| *United States of America, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,*<br>CIVIL ACTION NO. 06–CV–11337-PBS | Magistrate Judge Marianne B. Bowler |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO REQUIRE DEFENDANT ABBOTT LABORATORIES, INC. TO COMPLY WITH ITS <u>DISCOVERY OBLIGATIONS AND RELATED COURT ORDERS</u>**

# EXHIBIT 20



**U.S. Department of Justice**

Civil Division
Commercial Litigation Branch
Fraud Section

*601 D Street, N.W.*  *Telephone: (202) 514-1511*
*Ninth Floor*
*Washington, DC 20004*

April 29, 2008

<u>Via Electronic Mail</u>

Mr. Jason G. Winchester
Ms. Tina M. Tabacchi
Ms. Carol P. Geisler
Mr. Jeremy P. Cole
Jones Day
77 West Wacker Drive
Chicago, Illinois 60601-1692

Re:   *U.S. ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, 06–CV-11337-PBS, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456/Civil Action No. 01-12257

Dear Counsel:

    I write in follow-up to three letters sent to Abbott last month for which the United States has received almost no response[1] (*see* March 6, 2008 from R. Ford to J. Winchester, T. Tabacchi and C. Geisler concerning the production of documents by Abbott's former Alternate Site sales force in response to subpoenas issued to them by the United States and in response to Certificates of Search sent to them by Hospira); March 24, 2008 letter from R. Ford to J. Winchester, T. Tabacchi and C. Geisler (reiterating the requests made in the March 6th letter and requesting a response); and March 24, 2008 letter from R. Ford to J. Winchester, T. Tabacchi and C. Geisler (requesting the production of or explanations for the non-production of remaining sales force personnel files, and requesting the personnel files of, or names, last known contact information

---

[1] To date, Abbott's minimal response to these letters appears to be limited to providing additional Certificates of Search and the instructions related to the Certificates of Search, and a spreadsheet containing the compensation history of Abbott's former Alternate Site sales force.

-2-

and social security numbers of the sales force members "who no longer work for Abbott or Hospira" and for whom Abbott informed the United States for the first time on March 3, 2008, are "outside Abbott's possession, custody or control")).

The March 6th letter, among other things, requested an explanation for the culled productions of documents produced by former Abbott sales force members in response to subpoenas issued to them by the United States, and the production of all such documents responsive to those subpoenas, the subpoena to Hospira, or the United States' discovery requests to Abbott. That letter cited two examples of sales force members (Frank Genuardi and Kaye Jessup) who testified that the volume of the documents each of them located in response to the United States' subpoenas was much larger than the volume of documents subsequently produced on their behalf by Abbott counsel to the United States. Since that time, former Abbott Alternate Site sales force member Julie Less has been deposed and provided similar testimony. (*See* Less Tr. at 20:1 - 21:14 and documents Bates stamped JL 0000001 - JL 0001337). The United States reiterates its request for the immediate production of all responsive documents gathered by sales force members that were removed from their productions by Abbott counsel.

The United States also reiterates its requests for all Alternate Site sales force personnel files yet to be produced, or in the event that Abbott maintains that it "cannot locate the file" or that the files have been "located but [contain] no responsive documents", information necessary for the United States to assess those claims, including, what efforts Abbott made to locate any missing files, and for those files located but which are said to contain "no responsive documents", a general description of the files' contents.

Finally, on March 3rd, Abbott communicated to the United States for the first time that the sales force members "who no longer work for Abbott or Hospira" are "outside Abbott's possession, custody or control". On March 24th, the United States requested that Abbott clarify its position, which appeared to be contrary to the long-standing practice of both parties, and related provisions contained in the Case Management Order governing this case. *See, e.g.,* ¶ 12 of CMO 29, Dkt. Nos. 5047-2 / 53. The United States further stated that if it was Abbott's position that it had not attempted to locate these files and would not seek out its former salespersons to search for these records, then the United States would contact the former sales representatives to collect the records. The March 24th letter to Abbott counsel further advised that the United States reserved the right to seek leave of court to serve subpoenas on these former sales representatives for their documents and for depositions of these individuals. To date, Abbott has neither clarified its position nor provided the last known contact information and social security numbers of the former sales representatives who no longer work for Abbott or Hospira.

-3-

As you know, Abbott and the United States agreed and the Court ordered, that the parties complete their productions by April 25, 2008. *See* Joint Submission and Request for Expedited Consideration Regarding Completion of Document Production and Other Pretrial Deadlines, Dkt. No. 5206, and 4/10/08 Electronic Order. Although this deadline has passed, a number of documents to which the United States is entitled appear to remain outstanding. The United States has been severely prejudiced by Abbott's failure to produce the documents discussed herein and in the earlier letters of March 6, 2008 and March 24, 2008. Please respond to the issues raised in these letters by May 6, 2008. If Abbott fails to respond, or if the responses are, in the United States' view, inadequate, we will seek relief from the Court.

                              Sincerely,

                              / s/

                              Rebecca A. Ford

Cc:     James Breen, Esquire

Encl.  March 6, 2008 letter from R. Ford to J. Winchester, T. Tabacchi and C. Geisler
       March 24, 2008 letter from R. Ford to J. Winchester, T. Tabacchi and C. Geisler
       March 24, 2008 letter from R. Ford to J. Winchester, T. Tabacchi and C. Geisler