# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
CITIZENS FOR CONSUME, et al      .  CIVIL ACTION NO. 01-12257-PBS
        Plaintiffs               .
                                 .
        V.                       .  BOSTON, MASSACHUSETTS
                                 .  MAY 16, 2007
ABBOTT LABORATORIES, et al       .
        Defendants               .
. . . . . . . . . . . . . . .
```

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the United States:   Rene Brooker, Esquire
                         Justin Draycott, Esquire
                         United States Department of Justice
                         601 D Street, NW
                         Patrick Henry Building, Room 9028
                         Washington, DC  20004
                         202-307-1088

For Ven-A-Care:          James J. Breen, Esquire
                         The Breen Law Firm, P.A.
                         3562 Old Milton Parkway
                         Alpharetta, GA 30005
                         770-740-0008

For Abbott Laboratories: James Daly, Esquire
                         Jason Winchester, Esquire
                         Jones Day Reavis & Pogue
                         77 West Wacker Drive
                         Chicago, IL  60601-1692
                         312-782-3939

Court Reporter:

Proceedings recorded by digital sound recording, transcript produced by transcription service.

---

*MARYANN V. YOUNG*
Certified Court Transcriber
240 Chestnut Street
Wrentham, Massachusetts 02093
(508) 384-2003

```
 1                          I N D E X
 2    Proceedings                                          3
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

I-3

**P R O C E E D I N G S**

(Court called into session)

THE CLERK: The Honorable Marianne B. Bowler presiding. Today is May 16th, 2007 in the case of Citizens for Consume, et al v. Abbott Laboratories, et al, Civil Action No. 01-12257 will now be heard.

Would counsel please identify themselves for the record.

MS. BROOKER: Rene Brooker on behalf of the United States.

MR. BREEN: Jim Breen on behalf of Ven-A-Care of the Florida Keyes, the relator.

MR. DRAYCOTT: Justin Draycott on behalf of the United States.

MR. DALEY: Good afternoon, Your Honor, Jim Daly on behalf of Abbott Laboratories.

MR. WINCHESTER: And Jason Winchester, also for Abbott. Your Honor, I filed an appearance, I believe yesterday, and also a motion for admission pro hac vice. I've not appeared--

THE COURT: I think I allowed it this morning.

MR. WINCHESTER: --before the Court before.

THE COURT: 8:00.

MR. WINCHESTER: Thank you, Judge.

THE COURT: All right. I have five motions that were

I-56

1           Thank you.

2           THE COURT: To be produced.

3           MR. WINCHESTER: Your Honor, could I inquire just
4  briefly about that. Is it the Court's ruling that the
5  personnel files be produced in their entirety or simply that we
6  review them and produce any material that would be responsive?

7           THE COURT: No, I think what is responsive to the
8  interrogatory because people have all other kinds of
9  information that's totally irrelevant.

10          MS. BROOKER: Yeah, I mean, there may be, we don't
11 want irrelevant stuff, Your Honor, and we're happy to, it's a
12 document request, not an interrogatory, but we're happy to
13 specify that.

14          THE COURT: You don't need copies of peoples' degrees
15 and--

16          MS. BROOKER: Exactly.

17          THE COURT: --things like that.

18          MR. WINCHESTER: But to the extent if we review a
19 personnel file and there's absolutely nothing in there from
20 which you could possibly argue that somebody was talking about
21 marketing based on spread or compensated based on marketing,
22 based on spread, it wouldn't be the Court's view they'd be
23 entitled to that file, would it?

24          MS. BROOKER: I'd like to respond to that and
25 Mr. Breen is saying he would like to respond. Your Honor, I

1  would say we will be the judge of that. It's a finite set

2  of materials. How they were evaluated may be inculpatory or

3  exculpatory, but it is important to see whether there are

4  specific goals involved, reimbursement, AWP. We don't want to

5  leave this. This is Abbott's position throughout which is

6  making discovery like pulling teeth.

7        THE COURT: I've ruled, that which is not relevant

8  should not be produced and if there is no information in the

9  file relating to the request, the file is not produced.

10        MR. WINCHESTER: Thank you, Judge.

11        THE COURT: The time is getting short, so--

12        MS. BROOKER: Yes, Your Honor, the next category of

13  documents, again, finite discrete set of documents, and

14  specifically they are, there was a Tap settlement in this case.

15  Tap was a joint venture between Abbott and another entity. We

16  are not asking that the Court require Abbott to produce

17  everything they produced in the Tap case or everything relevant

18  to the TAP case.

19        THE COURT: the Tap case in this Court?

20        MS. BROOKER: Yes, Your Honor. Very specific, at the

21  time that the Tap settlement took place, Abbott, around that

22  same exact time changed dramatically its prices which is in

23  large part the reason for the cutoff of the year 2001 for this

24  lawsuit. When we say okay your damages is stop, we believe

25  that the Tap settlement, which again it related to a different

I-72

CERTIFICATION

I, Maryann V. Young, court approved transcriber, certify that the foregoing is a correct transcript from the official digital sound recording of the proceedings in the above-entitled matter.

_____    May 21, 2007

Maryann V. Young

*YOUNG TRANSCRIPTION SERVICES*
(508) 384-2003