# EXHIBIT D

Aldy, Gary Keith                                    February 21, 2008
                         Sacramento, CA

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

--------------------------------X

In re:  PHARMACEUTICAL INDUSTRY  )

AVERAGE WHOLESALE PRICE          )

LITIGATION                       )

--------------------------------X MDL No. 1456

United States of America, ex     ) Civil Action

rel. Ven-a-Care of the Florida   ) No. 01-12257-PBS

Keys, Inc. vs. Abbott            )

Laboratories, Inc.,              )

CIVIL ACTION No. 06-11337-PBS    )

--------------------------------X


            THURSDAY, FEBRUARY 21, 2008

            VIDEOTAPED DEPOSITION OF

                GARY KEITH ALDY



Reported By:      INA C. LeBLANC

                  CSR No. 6713

22f1d8a1-b074-40da-acb4-d64cd02fe554

Aldy, Gary Keith                                    February 21, 2008
                        Sacramento, CA

---

| Page 2 |
|---|

1              A P P E A R A N C E S:
2
3    For the STATE OF CALIFORNIA:
4
5         STATE OF CALIFORNIA
6         DEPARTMENT OF JUSTICE
7         BY: ELISEO SISNEROS, Deputy Attorney General
8         110 West A Street, No. 1100
9         San Diego, California  92101
10        619.688.6043
11
12
13   For the UNITED STATES OF AMERICA:
14
15        DEPARTMENT OF JUSTICE
16        BY: REBECCA FORD, Deputy Attorney General
17        (Appearing by telephone)
18        PHB-Room 9149
19        601 D Street, N.W.
20        Washington D.C. 20004
21        202.514.1511
22

| Page 3 |
|---|

1          A P P E A R A N C E S: (CONTINUED)
2
3    For ABBOTT LABORATORIES and THE WITNESS:
4
5         JONES DAY
6         BY: JEREMY COLE, Attorney at Law
7         77 West Wacker Drive
8         Chicago, Illinois 60601
9         312.269.4093
10
11
12
13   Also Present:
14        MONTY GORDON, Videographer
15
16
17
18
19
20
21
22

| Page 4 |
|---|

1                I N D E X
2    WITNESS: GARY KEITH ALDY          PAGE
3    Examination by Mr. Sisneros................. 009
4    Examination by Ms. Ford.................... 260
5    Examination by Mr. Cole.................... 332
6    Further Examination by Ms. Ford............. 336
7
8              E X H I B I T S
9    NUMBER        DESCRIPTION          PAGE
10   Exhibit Aldy 001-Resume for G. Keith Aldy...... 014
11   Exhibit Aldy 002-Deposition Notice............. 017
12   Exhibit Aldy 003-Multipage document entitled
13        "Alternate Site Sales
14        Structure".................... 081
15   Exhibit Aldy 004-Three-page document Bates
16        stamped Harling 000355 - 357.. 112
17   Exhibit Aldy 005-Multipage document entitled
18        "Alternate Site Product Sales" 121
19   Exhibit Aldy 006-One-page letter to Infusion
20        System Specialist District
21        Managers from Dennis Walker
22        dated August 7, 1996.......... 153

| Page 5 |
|---|

1          E X H I B I T S (CONTINUED)
2    NUMBER        DESCRIPTION          PAGE
3    Exhibit Aldy 007-One-page letter to Field
4        Force District Managers from
5        Steve Kipperman dated May 26,
6        1994, with attachments........ 153
7    Exhibit Aldy 008-Multipage GeriMed Request for
8        Proposal..................... 153
9    Exhibit Aldy 009-One-page e-mail to Sean
10       O'Donnell, et al. from Deborah
11       Paulson dated September 29,
12       2003......................... 153
13   Exhibit Aldy 010-Multipage ASPS Territory
14       Management Monthly Update for
15       December 2002................. 153
16   Exhibit Aldy 010.1-One-page excerpt from the
17       ASPS Monthly Update dated
18       11/25 2992................... 193
19   Exhibit Aldy 011-Multipage ASPS Monthly
20       Significant Events for Debbie
21       Paulson dated September 2003.. 153
22   (CONTINUED)

                   Henderson Legal Services, Inc.
202-220-4158                    www.hendersonlegalservices.com

22f1d8a1-b074-40da-acb4-d64cd02fe554

Aldy, Gary Keith                                    February 21, 2008
                        Sacramento, CA

| Page 22 | Page 24 |
|---|---|

**Page 22**

1    products on contract with, any promotional
2    materials that would have been related to sales
3    and marketing, things of that nature.
4        Q.   What has happened to those files that
5    related to your work from Abbott that were in
6    your possession at the time that you started
7    working for Hospira?
8        A.   When I left Hospira -- Because the
9    divisions were the same, the hospital products
10   division was what was spun off, so my job really
11   didn't change when I went from Abbott to Hospira.
12   So I maintained all of those files to Hospira,
13   and when I left Hospira anything that I had
14   related to Hospira was turned over to the
15   district manager when I left the company.
16       Q.   Who was your district manager?
17       A.   Debbie Paulson.
18       Q.   And when you say that all your files
19   from Hospira which had been carried over from
20   Abbott were turned over to Ms. Paulson, we're
21   talking about hard copy files and electronic
22   files?

**Page 23**

1        A.   They were hard copy files, and at the
2    time I left we had company computers, and so the
3    computer that I had was turned in as well.
4        Q.   Do you know what became of those files
5    once you turned them over to Ms. Paulson?
6        MR. COLE:  Object to the form.
7        THE WITNESS:  They would go to the next
8    rep that took my position.
9    BY MR. SISNEROS:
10       Q.   Do you know who that is?
11       A.   I did know his name, but I do not
12   recall his name at the time -- right now.
13       Q.   Would he have the same alpha numerical
14   designation that you had when you worked for
15   Abbott or Hospira?
16       A.   I could not answer that.
17       Q.   Okay.  And from your -- well, I asked -
18   - excuse me.
19       I asked you earlier what type of files
20   you had on that transition from Abbott to
21   Hospira, and you gave us examples of the type of
22   files.

**Page 24**

1        From your recollection of those files,
2    were any of the documents in those files
3    responsive to the subpoena that was served on you
4    for this deposition?
5        A.   Could you clarify?  I'm not --
6        Q.   Okay.  Sure.  Let me try to ask it in a
7    different way.
8        Your testimony is that your Abbott work
9    files went with you from Abbott to Hospira,
10   correct?
11       A.   Um-hmm.
12       Q.   Is that a yes?
13       A.   Yes.  I'm sorry.
14       Q.   That's okay.
15       And once you left the employ of
16   Hospira, you turned those files over to your
17   district manager, Ms. Paulson, correct?
18       A.   Yes.
19       Q.   The question that I now have for you:
20   Those files that you turned over to Ms. Paulson
21   when you left Hospira, were some of those
22   documents responsive to the subpoena duces tecum

**Page 25**

1    served on you for this deposition?
2        MR. COLE:  Object to the form.
3        THE WITNESS:  I'm not sure I
4    understand.
5        MR. COLE:  If you don't understand the
6    question, ask him to rephrase it.
7        MR. SISNEROS:  Sure.  Let's try this.
8        THE WITNESS:  If you're asking if there
9    were hard copy communications that would be
10   customer information, yes, that's what was in
11   there.
12   BY MR. SISNEROS:
13       Q.   What about the electronic files, would
14   the information in your electronic files --
15       Were there electronic files that you
16   turned over to Ms. Paulson that would have been
17   responsive -- that would have been responsive to
18   the subpoena served on you for this deposition?
19       A.   There would have been --
20       MR. COLE:  Objection.  Form.
21       Go ahead.
22       THE WITNESS:  There would have been

22f1d8a1-b074-40da-acb4-d64cd02fe554

Aldy, Gary Keith                                    February 21, 2008
                         Sacramento, CA

                                                                    339

1          **A.    Yes, they were.**

2               MS. FORD:  Thank you.  I have no

3     further questions at this time.

4               MR. COLE:  Thanks everyone.

5               THE WITNESS:  Thank you.

6               MS. FORD:  Thank you very much for your

7     time.

8               THE VIDEOGRAPHER:  This is the end of

9     tape five, volume one.  This also concludes

10    today's deposition of Gary Keith Aldy.  The time

11    is approximately 5:28 p.m.

12               (Thereupon the deposition was

13    adjourned at 5:28 p.m.)

14

15

16

17    Signed under penalty of perjury:

18    _____

19          GARY KEITH ALDY

20

21    _____
                        4/2/08

22                              Date

                  Henderson Legal Services, Inc.

Blackwell, RonPORTIONS HIGHLY CONFIDENTIALMarch 18, 2008
Raleigh, NC

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - -

IN RE: PHARMACEUTICAL        ) MDL NO. 1456

INDUSTRY AVERAGE WHOLESALE   ) CIVIL ACTION

PRICE LITIGATION             ) 01-CV-12257-PBS

THIS DOCUMENT RELATES TO     )

U.S. ex rel. Ven-A-Care of   ) Judge Patti B. Saris

the Florida Keys, Inc.,      )

vs.                          ) Chief Magistrate

Abbott Laboratories, Inc.,   ) Judge Marianne B.

No. 06-CV-11337-PBS          ) Bowler

- - - - - - - - - - - - - - -

PORTIONS HIGHLY CONFIDENTIAL

Video Deposition of RON BLACKWELL

(Taken by Plaintiffs)

Raleigh, North Carolina

March 18, 2008


Reported by:    Marisa Munoz-Vourakis -

               RMR, CRR and Notary Public

34185696-8a04-4200-ba7b-eb0228499107

Blackwell, RonPORTIONS HIGHLY CONFIDENTIALMarch 18, 2008
Raleigh, NC

Page 2

1        Video Deposition of RON BLACKWELL, taken
2  by the Plaintiffs, at Smith Moore, 2800 Two Hanover
3  Square, Raleigh, North Carolina, on the 18th day of
4  March, 2008 at 9:11 a.m., before Marisa Munoz-
5  Vourakis, Registered Merit Reporter, Certified
6  Realtime Reporter and Notary Public.

Page 3

1  APPEARANCE OF COUNSEL:
2
3  For the Plaintiffs:
4
5        JAMIE ANN YAVELBERG, ESQ.
6        United States Department of Justice
7        P.O. Box 261, Ben Franklin Station
8        Washington, D.C. 20044
9        202-514-6514
10        jamie.yavelberg@usdoj.gov
11
12
13  For the Defendants:
14
15        GABRIEL H. SCANNAPIECO, ESQ.
16        Jones Day
17        77 West Wacker
18        Chicago, IL 60601-1676
19        312-782-3939
20        gscannapieco@jonesday.com
21
22  Also Present:  ROBERT MERRITT, Videographer

Page 4

1                    I N D E X
2  WITNESS: RON BLACKWELL              PAGE
3        EXAMINATION BY MS. YAVELBERG............. 007
4
5
6                 E X H I B I T S
7  NUMBER            DESCRIPTION          PAGE
8  Exhibit Blackwell 001-Notice of deposition and
9        subpoena................ 011
10  Exhibit Blackwell 002-TXABT-E 0007905 - 911.... 049
11  Exhibit Blackwell 003-Harling 000355 - 357..... 085
12  Exhibit Blackwell 004-ABT-DOJ-E 0007247 - 274.. 094
13  Exhibit Blackwell 005-ABT-DOJ-E 0136315 - 319.. 101
14  Exhibit Blackwell 006-ABT-DOJ 0394258.......... 113
15  Exhibit Blackwell 007-ABT-DOJ 0394399 - 452.... 115
16  Exhibit Blackwell 008-ABT-DOJ-E 0137867 - 869.. 124
17  Exhibit Blackwell 009-ABT-DOJ-E 0507959........ 141
18  Exhibit Blackwell 010-ABT-DOJ-E 0513836 - 843.. 147
19  Exhibit Blackwell 011-ABT-DOJ-E 0136917........ 167
20  Exhibit Blackwell 012-ABTWV 16960.............. 188
21  Exhibit Blackwell 013-ABT-DOJ-E 0057477 - 480.. 193
22  Exhibit Blackwell 014-AWP/MDL 197141 - 162..... 203

Page 5

1        E X H I B I T S (CONTINUED)
2  NUMBER            DESCRIPTION          PAGE
3  Exhibit Blackwell 015-Harling 000243 - 253..... 223
4  Exhibit Blackwell 016-ABT-DOJ 0082700 - 702.... 229
5  Exhibit Blackwell 017-TXABT-E 0025944 - 946.... 239
6  Exhibit Blackwell 018-TXTABT-E 0323997 - 016... 254

2 (Pages 2 to 5)

Blackwell, RonPORTIONS HIGHLY CONFIDENTIALMarch 18, 2008
Raleigh, NC

Page 10

1    A.  Yes.
2    Q.  And if your attorney instructs you not
3  to answer, I will ask you if you're accepting the
4  attorney's advice and refusing to answer the
5  question based on that advice.  Do you
6  understand?
7    A.  Yes.
8    Q.  We will take breaks from time to time,
9  and if for some reason you do need a break,
10  please let us know and we will do that.  I do
11  ask, however, that if there's a question pending,
12  that you answer the question and then we take a
13  break.  Do you understand?
14    A.  Yes.
15    Q.  If at any time you don't understand my
16  question, please let me know and I will try to
17  restate it and clarify, okay?
18    A.  Yes.
19    Q.  And if during the course of the
20  deposition you remember information relating to
21  one of your earlier answers, I would ask that you
22  please supplement your answer so that we get the

Page 11

1  most complete answer as possible, okay?
2    A.  Yes.
3    Q.  Otherwise I will assume that the
4  answers you give me are complete.
5       Okay.  So let's get started.  Did you
6  bring any documents with you today?
7    A.  Yes.
8    Q.  And what did you bring with you today?
9    A.  A copy of my resume.
10    Q.  And we have the copies of the resume
11  which Abbott has provided marked Blackwell 0001
12  and 0002.
13       Did you bring the resume in response to
14  the subpoena that you received in this matter?
15    A.  Yes.
16    MS. YAVELBERG:  I'm going to ask the
17  court reporter to mark this exhibit.
18       (The document referred to was
19  marked Plaintiff's Exhibit Blackwell 001 for
20  identification.)
21    Q.  Do you recognize this document, Mr.
22  Blackwell?

Page 12

1    MS. YAVELBERG:  Sorry, I don't have an
2  extra copy.  I forgot to make an extra copy.
3    A.  Yes.
4    Q.  And what is it?
5    A.  Deposition.
6    Q.  And does it have anything attached to
7  it, the notice of deposition?  Do you see on the
8  third page?
9    A.  A subpoena.
10    Q.  Subpoena?
11    A.  Yes.
12    Q.  And the subpoena calls for documents
13  that pertain to the litigation?
14    A.  Yes.
15    Q.  Did you do a search for the documents
16  that were requested in the subpoena?
17    A.  Yes.
18    Q.  And what did you do to search for those
19  documents?
20    A.  I didn't have any of the documents, so
21  the search was ended fairly shortly.
22    Q.  Did you check your computer for

Page 13

1  documents responsive to the subpoena?
2    A.  No.
3    Q.  You don't think you had any on there?
4    A.  I don't have that computer.
5    Q.  Did you return it to the company?
6    A.  Yes.
7    Q.  And you didn't keep hard copies of
8  files from when you worked at Abbott?
9    A.  Did I keep hard copies?
10    Q.  Yes.
11    A.  Yes.
12    Q.  But you didn't have any to produce
13  today?
14    A.  No.
15    Q.  Did you destroy those documents?
16    A.  No.
17    Q.  Where are they?
18    A.  They were returned.
19    Q.  To the company?
20    A.  To the company.
21    Q.  When you separated from employment?
22    A.  Yes.

4 (Pages 10 to 13)

Henderson Legal Services, Inc.

34185696-8a04-4200-ba7b-eb0228499107

Bukaty, Kelly R.          CONFIDENTIAL          March 19, 2008
                            Chicago, IL

Page 1

          IN THE UNITED STATES DISTRICT COURT

            FOR THE DISTRICT OF MASSACHUSETTS

----------------------------X

In re:  PHARMACEUTICAL        )  MDL NO. 1456

INDUSTRY AVERAGE WHOLESALE  )  CIVIL ACTION

PRICE LITIGATION              )  01-CV-12257-PBS

----------------------------X

THIS DOCUMENT RELATES TO:    )

United States of America, ex )

rel. Ven-A-Care of the       )

Florida Keys, Inc. v. Abbott )

Laboratories, Inc., CIVIL    )

ACTION NO. 06-11337-PBS      )

----------------------------X

      (CAPTIONS CONTINUED ON FOLLOWING PAGE)


                    CONFIDENTIAL

      Videotaped Deposition of KELLY R. BUKATY,

at 77 West Wacker Drive, Chicago, Illinois,

commencing at 9:00 a.m. on Wednesday, March 19,

2008, before Donna M. Kazaitis, RPR, CSR No.

084-003145.

a6c24cf2-822e-4fcc-90a4-e6bf5dc43321

Bukaty, Kelly R.                CONFIDENTIAL              March 19, 2008
                                Chicago, IL

Page 2

1        IN THE UNITED STATES DISTRICT COURT
2        FOR THE DISTRICT OF MASSACHUSETTS
3    ---------------------------X
4    In re: PHARMACEUTICAL     ) MDL NO. 1456
5    INDUSTRY AVERAGE WHOLESALE  ) MASTER FILE NO.
6    PRICE LITIGATION          ) 01-12257-PBS
7    ---------------------------X
8    THIS DOCUMENT RELATES TO:   ) Judge Patti B.
9    State of California, ex rel. )  Saris
10   Ven-A-Care v. Abbott       )
11   Laboratories, Inc., et al. ) Magistrate Judge
12   CASE #: 1:03-cv-11226-PBS   ) Marianne Bowler
13   ---------------------------X
14
15
16
17
18
19
20
21
22

Page 3

1    APPEARANCES OF COUNSEL:
2
3    FOR THE UNITED STATES:
4        U.S. DEPARTMENT OF JUSTICE
5        CIVIL DIVISION
6        BY: MS. DIANA YOUNTS
7        601 D Street, N.W.
8        Patrick Henry Building - 9149
9        Washington, D.C. 20044
10       (202) 307-0240
11       diana.younts@usdoj.gov
12
13   FOR THE STATE OF CALIFORNIA:
14       STATE OF CALIFORNIA DEPARTMENT OF JUSTICE
15       BUREAU OF MEDI-CAL FRAUD & ELDER ABUSE
16       BY: MR. ELISEO SISNEROS
17          (via teleconference)
18       110 West A Street
19       Suite 1100
20       San Diego, California 92101
21       (619) 688-6043
22       eliseo.sisneros@doj.ca.gov

Page 4

1    APPEARANCES OF COUNSEL: (CONTINUED)
2
3    FOR THE RELATOR VEN-A-CARE OF THE FLORIDA
4    KEYS, INC.:
5        ANDERSON LLC
6        BY: MR. C. JARRETT ANDERSON
7        208 West 14th Street, Suite 3-B
8        Austin, Texas 78701
9        (512) 469-9191
10       jarrett@anderson-llc.com
11
12   FOR ABBOTT LABORATORIES:
13       JONES DAY
14       BY: MR. MARK DEMONTE
15       77 West Wacker Drive
16       Chicago, Illinois 60601-1692
17       (312) 782-3939
18       mdemonte@jonesday.com
19
20   ALSO PRESENT:
21
22       Anthony Micheletto, Videographer

Page 5

1              I N D E X
2
3    WITNESS: KELLY R. BUKATY              PAGE
4       Examination By Mr. Anderson................. 007
5       Examination By Ms. Younts.................. 244
6
7              E X H I B I T S
8    NUMBER        DESCRIPTION           PAGE
9    Exhibit Bukaty 001, Resume..................... 009
10   Exhibit Bukaty 002, AWP/MDL 197141 - 162....... 090
11   Exhibit Bukaty 003, Harling 000243 - 253....... 139
12   Exhibit Bukaty 004, ABT-DOJ-E 0136281 - 283.... 158
13   Exhibit Bukaty 005, ABT-DOJ-E 0057477 - 480.... 178
14   Exhibit Bukaty 006, ABT-DOJ-E 0148720 - 721.... 190
15   Exhibit Bukaty 007, TXABT 131263............... 204
16   Exhibit Bukaty 008, TXABT-E 0323997 - 016...... 220
17   Exhibit Bukaty 009, ABT-DOJ-E 0136917 - 956.... 263
18   Exhibit Bukaty 010, 3/19/08 letter from
19             Jones Day.................. 285
20
21
22

2  (Pages 2 to 5)

a6c24cf2-822e-4fcc-90a4-e6bf5dc43321

Bukaty, Kelly R.          CONFIDENTIAL          March 19, 2008
                          Chicago, IL

| Page 274 |
|---|

1  there were a lot of training materials that were
2  handled by multiple trainers.
3      Q.  Do you mean trainers other than in
4  Alternate Site?
5      A.  Yes.
6      Q.  So were the documents that were in the
7  central area they were used by more than the
8  trainers in Alternate Site?
9      A.  They may have been or they may have
10 just had access to them, one way or the other.
11     Q.  At the time you left Abbott, what
12 happened to the documents that you maintained in
13 your office?
14     A.  When I left Hospira?
15     Q.  No, when you left Abbott.
16     A.  When the spin happened?
17     Q.  Yes.
18     A.  Our materials were, we had already
19 moved to a new building, and our materials had
20 already transferred with us.
21     Q.  So all the materials that had been in
22 your office when you were an Abbott worker

| Page 275 |
|---|

1  transferred with you when you became a Hospira
2  workers; is that correct?
3      A.  To the best of my knowledge.  I mean I
4  put them in boxes and then somebody else came in
5  to take them away.  So to the best of my
6  knowledge, that is what happened.
7      Q.  When you left Hospira, what happened to
8  the documents in your office?  Do you know?
9      A.  The documents in my home office were
10 all transferred to the predecessor, I mean to my
11 predecessor.
12     Q.  You mean to your successor?
13     A.  I mean, sorry, yeah, my successor, yes.
14     Q.  You said your home office.
15     A.  Yes.
16     Q.  Tell me about that because I thought
17 you worked in an Abbott facility.  When did you
18 start working from a home office?
19     A.  I worked in a home office on a couple
20 of different positions that I've held with Abbott
21 and Hospira.
22     Q.  I just want to back up because I just

| Page 276 |
|---|

1  want the record to be clear about these records.
2      You had records in your office while
3  you were at Abbott; correct?
4      A.  Yes.
5      Q.  And that was an office within an Abbott
6  facility; correct?
7      A.  A couple of the positions, yes.
8      Q.  When you were a national sales trainer,
9  you had documents -- and actually, I'm just
10 asking you questions about when you were a
11 national sales trainer --
12     A.  Okay.
13     Q.  -- with the Alternate Site Product
14 Sales division.
15     A.  Okay.  Then my documents were in my
16 office at Abbott and/or Hospira.
17     Q.  And when you left Hospira, what
18 happened to the documents that were in your
19 office at Hospira?
20     A.  My last position with Hospira inside
21 was an inside sales manager position.  They
22 stayed in the office and went to the new manager.

| Page 277 |
|---|

1      Q.  Referring only to your training
2  materials that you had in your office when you
3  were a national sales trainer, did those
4  documents travel with you from Abbott who
5  Hospira?
6      A.  Yes.  Like I stated earlier, we packed
7  up our files and they hired a moving company,
8  they came and moved everything to the new
9  building.
10     Q.  And the documents that were the
11 training materials that you had that went with
12 you to the Hospira office, what happened to those
13 documents when you left Hospira?
14     A.  They stayed with Hospira.
15     Q.  Did those documents go to your
16 successor at Hospira, or would there have been
17 any reason for those documents to go to your
18 successor at Hospira?
19     A.  I don't know the specifics because my
20 position didn't get backfilled right away.  So I
21 don't know.  I mean they just stayed in that
22 physical location as far as I know.  Once I left,

70 (Pages 274 to 277)

a6c24cf2-822e-4fcc-90a4-e6bf5dc43321

Bukaty, Kelly R.                CONFIDENTIAL                March 19, 2008
                                   Chicago, IL

287

1                          (WHEREUPON said deposition was so

2          adjourned.)

3

4

5                              K R Bukaty

6                              KELLY R. BUKATY

7

8          Subscribed and sworn to and before me

9          this  21  day of  May            , 20 08 .

10

11          Mary Dale Houston

12                    Notary Public

13                              OFFICIAL SEAL
                                MARY DALE HOUSTON
14                          NOTARY PUBLIC - STATE OF ILLINOIS
                            MY COMMISSION EXPIRES:10/30/09
15

16

17

18

19

20

21

22

Cannon, Robert                                    February 26, 2008
                          Orlando, FL

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------X

IN RE:  PHARMACEUTICAL          )

INDUSTRY AVERAGE WHOLESALE      )

PRICE LITIGATION                )

-----------------------------X

THIS DOCUMENT RELATES TO:       )

State of California, ex rel.    )

Ven-A-Care v. Abbott            )

Laboratories, Inc., et al.      )

CASE #: 1:03-cv-11226-PBS       )

-----------------------------X

        VIDEOTAPED DEPOSITION OF ROBERT CANNON

   Taken on Behalf of the U.S. Department of Justice

                   Volume I

        DATE TAKEN          February 26, 2008

        TIME:               9:10 a.m. - 6:20 p.m.

        PLACE:              Orlando, Florida  32801

             Stenographically Reported by:

                     Soon Britt

          Court Reporter and Notary Public

Cannon, Robert                                          February 26, 2008
                         Orlando, FL

---

**Page 2**

| | |
|---|---|
| 1 | APPEARANCES: |
| 2 | |
| 3 | Counsel for United States Department of Justice: |
| 4 | |
| 5 |     ELIZABETH STRAWN, ESQUIRE |
| 6 |     U.S. Department of Justice |
| 7 |     601 D Street, NW |
| 8 |     Patrick Henry 9541 |
| 9 |     Washington, DC  20004 |
| 10 |     (202) 616-7986 |
| 11 | |
| 12 | |
| 13 | Counsel for Ven-A-Care: |
| 14 | |
| 15 |     CAROL P. GEISLER, ESQUIRE |
| 16 |     Jones Day |
| 17 |     77 West Wacker |
| 18 |     Chicago, Illinois  60601-1692 |
| 19 |     (312) 269-4174 |
| 20 | |
| 21 | |
| 22 | (CONTINUED) |

---

**Page 3**

| | |
|---|---|
| 1 | APPEARANCES:  (Continued) |
| 2 | |
| 3 | Counsel for the Relator: |
| 4 | (appearing via telephone) |
| 5 | |
| 6 |     JARRETT ANDERSON, ESQUIRE |
| 7 |     Anderson, LLC |
| 8 |     1300 Guadalupe |
| 9 |     Suite 103 |
| 10 |     Austin, Texas  78701 |
| 11 | |
| 12 | |
| 13 | Counsel for the Relator: |
| 14 | (appearing via telephone) |
| 15 | |
| 16 |     RAND J. RIKLIN, ESQUIRE |
| 17 |     Goode, Casseb, Jones, Riklin, Choate & Watson, PC |
| 18 |     2122 North Main Avenue |
| 19 |     Post Office Box 120480 |
| 20 |     San Antonio, Texas  78212 |
| 21 |     (210) 733-6030 |
| 22 | |

---

**Page 4**

| | |
|---|---|
| 1 | APPEARANCES:  (Continued) |
| 2 | |
| 3 | Counsel for the State of California: |
| 4 | (appearing via telephone) |
| 5 | |
| 6 |     ELISEO Z. SISNEROS, ESQUIRE |
| 7 |     Deputy Attorney General |
| 8 |     Bureau of Medi-Cal Fraud and Elder Abuse |
| 9 |     Office of the Attorney General |
| 10 |     1455 Frazee Road |
| 11 |     Suite 315 |
| 12 |     San Diego, California  92108 |
| 13 |     (619) 688-6043 |
| 14 | |
| 15 | |
| 16 | ALSO PRESENT: |
| 17 | |
| 18 |     Jamie Hollingsworth, videographer |
| 19 | |
| 20 | |
| 21 | |
| 22 | |

---

**Page 5**

| | |
|---|---|
| 1 |        I N D E X |
| 2 | |
| 3 | WITNESS: ROBERT CANNON      PAGE |
| 4 |   Direct Examination by Ms. Strawn.......... 009 |
| 5 |   Cross-Examination by Mr. Anderson........ 381 |
| 6 |   Redirect Examination by Ms. Strawn....... 456 |
| 7 | |
| 8 |     E X H I B I T S |
| 9 | NUMBER    DESCRIPTION     PAGE |
| 10 | Exhibit Cannon 001-No Bates Refs............... 014 |
| 11 | Exhibit Cannon 002-No Bates Refs............... 032 |
| 12 | Exhibit Cannon 003-TXTABT-E 0007905 to 7911.... 073 |
| 13 | Exhibit Cannon 004-ABT-DOJ-E 0338084 to 338085. 115 |
| 14 | Exhibit Cannon 005-ABT-DOJ 0184305 to 184307... 211 |
| 15 | Exhibit Cannon 006-ABT-DOJ-E 0007247 to 7274... 231 |
| 16 | Exhibit Cannon 007-ABT-DOJ 0069184 to 69216.... 258 |
| 17 | Exhibit Cannon 008-ABT014-0548................. 259 |
| 18 | Exhibit Cannon 009-Harling 00243 to 253........ 274 |
| 19 | Exhibit Cannon 010-ABT006333 to 6376.......... 282 |
| 20 | Exhibit Cannon 011-No Bates Refs............... 287 |
| 21 | Exhibit Cannon 012-ABT072-0565 to 567.......... 288 |
| 22 | Exhibit Cannon 013-TXTABT-E 0323997 to 324016.. 321 |

Henderson Legal Services, Inc.

202-220-4158                    www.hendersonlegalservices.com

881e5aa9-9b10-4d6f-98c2-24a7ef7f1d17

Cannon, Robert                          February 26, 2008
                    Orlando,  FL

| Page 130 |
|---|
| 1     A.  Right.  Or if I choose to take it and |
| 2  then take the tax consequences. |
| 3     Q.  And 401(k)? |
| 4     A.  I did have that. |
| 5     Q.  Do you still have the -- the same |
| 6  401(k) that you had with -- with Abbott? |
| 7     A.  No. |
| 8     Q.  Do you have any other retirement |
| 9  benefits from Abbott? |
| 10    A.  No. |
| 11    Q.  Do you own any stock? |
| 12    A.  Yes. |
| 13    Q.  Is that stock you were awarded when you |
| 14 were an employee? |
| 15    A.  Yes. |
| 16    Q.  And how much stock were you awarded |
| 17 each year? |
| 18    A.  It was only a one-time, and it was just |
| 19 five shares. |
| 20    Q.  And when was it? |
| 21    A.  I -- I couldn't -- I couldn't name the |
| 22 time frame.  I'd have to look for you. |

| Page 132 |
|---|
| 1     Q.  -- litigation with Abbott? |
| 2     A.  No. |
| 3     Q.  Are any of your family members employed |
| 4  by Abbott? |
| 5     A.  No. |
| 6     Q.  Do you have any ties to Abbott? |
| 7     A.  As towards working relationship or... |
| 8     Q.  Any ties that you have to Abbott. |
| 9     A.  Oh. |
| 10       Currently, I'm their customer. |
| 11    Q.  Any other ties? |
| 12    A.  No. |
| 13    Q.  Did you take any documents with you |
| 14 when you left Abbott's employment? |
| 15    A.  No. |
| 16    Q.  What happened to your -- to your |
| 17 working files when you -- well, actually, let me |
| 18 back up and ask what happened to your working |
| 19 files when -- during the spin-off to Hospira? |
| 20    A.  Uh-huh. |
| 21    Q.  Did you keep all the same files?  Did |
| 22 you maintain all the same files? |

| Page 131 |
|---|
| 1     Q.  Was it from -- towards the -- the early |
| 2  part of your employment or towards the end? |
| 3     A.  Not towards the end.  I know that. |
| 4     Q.  And I'm sorry, did you say four shares? |
| 5     A.  Five shares. |
| 6     Q.  Five shares. |
| 7     A.  Five shares of stock. |
| 8     Q.  And do you recall the approximate |
| 9  market value of those shares when awarded? |
| 10    A.  No, I don't. |
| 11    Q.  How about stock options? |
| 12    A.  Nope.  Didn't have it. |
| 13    Q.  Do you still have the stock? |
| 14    A.  Yes. |
| 15    Q.  Did you purchase any additional stock? |
| 16    A.  No. |
| 17    Q.  Have you ever been involved in |
| 18 litigation with Abbott? |
| 19    A.  No. |
| 20    Q.  Such as employment or discrimination or |
| 21 wrongful termination or any sort of -- |
| 22    A.  No. |

| Page 133 |
|---|
| 1     A.  We maintained everything except for |
| 2  Ultane.  All of the Ultane marketing materials -- |
| 3  anything we had on Ultane had to be sent back and |
| 4  -- because that was an Abbott-owned product now. |
| 5     Q.  So it was sent back to Abbott? |
| 6     A.  Right. |
| 7     Q.  And all the rest of your files and |
| 8  everything you maintained as you had before? |
| 9     A.  Transferred right over. |
| 10    Q.  How about when you left Hospira in |
| 11 August of 2004?  What happened to all of your |
| 12 documents, your files, everything? |
| 13    A.  There was a checkout process that I |
| 14 went through with my manager that he had a sheet |
| 15 we went through, and I gave him everything.  It |
| 16 was all in the car, and he left with it. |
| 17    Q.  So did he keep sort of an inventory of, |
| 18 at least, some of the documents? |
| 19    A.  Right.  Because you had to have |
| 20 inventory of certain sales training products that |
| 21 we had, like pumps and -- and sets and things |
| 22 like that.  There was -- I had two key account |

Henderson Legal Services, Inc.

202-220-4158                    www.hendersonlegalservices.com

881e5aa9-9b10-4d6f-98c2-24a7ef7f1d17

Cannon, Robert                                          February 26, 2008
                        Orlando, FL

485

1    p.m.)

2

3

4                          STIPULATIONS

5

6          IT WAS STIPULATED BETWEEN counsel for the

7    respective parties, with the consent of the witness,

8    that reading and signing of the foregoing deposition by

9    the witness will be reserved.

10          THEREUPON, the videotaped deposition of ROBERT

11   CANNON, taken at the instance of the United States

12   Department of Justice, was concluded at 6:20 p.m.

13

14

15                    _____

16                    ROBERT CANNON

17   Subscribed and sworn to and before me

18   this 31st day of March            , 20 08 .

19

20

21   _____

22          Notary Public

                                    Nancy F. LaFleur
                                    Commission DD 717525
                                    Expires October 17, 2011
                                    Bonded Thru Troy Fain Insurance 800-385-7019

French, Eric                              September 26, 2007
                    Louisville, KY

Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS


------------------------------X

In re:  PHARMACEUTICAL INDUSTRY)

AVERAGE WHOLESALE PRICE         )

LITIGATION                      ) MDL No. 1456

_____) Civil Action No.

                                ) 01-12257-PBS

THIS DOCUMENT RELATES TO:       )

United States of America, ex    ) Judge Patti B. Saris

rel. Ven-a-Care of Florida      ) Magistrate Judge

Keys, Inc., v. Abbott           ) Marianne B. Bowler

Laboratories, Inc.,             )

CIVIL ACTION NO. 06-11337-PBS   )

------------------------------X


Deposition of ERIC FRENCH, taken at 500 West

Jefferson Street, Louisville, Kentucky, commencing

at 9:03 a.m., Wednesday, September 26, 2007, before

Kimberley Ann Keene, RPR No. 041331.


Henderson Legal Services
202-220-4158

dcdedbfb-13a3-4f21-86b9-d5cc6c19544b

French, Eric                                    September 26, 2007
                        Louisville, KY

|  | Page 2 |
|---|---|
| 1 | APPEARANCES OF COUNSEL |
| 2 | |
| 3 | FOR THE PLAINTIFF UNITED STATES OF AMERICA |
| 4 | BY:  REBECCA A. FORD, ESQ. |
| 5 | U.S. Department of Justice |
| 6 | Commercial Litigation, Fraud |
| 7 | Civil Division |
| 8 | 601 D. Street, N.W. |
| 9 | Patrick Henry Building - 9133 |
| 10 | Washington, D.C. 20044 |
| 11 | 202.514.1511 |
| 12 | rebecca.ford@usdoj.gov |
| 13 | |
| 14 | FOR THE STATE OF ARIZONA AND MDL PLAINTIFFS |
| 15 | WEXLER TORISEVA WALLACE LLP |
| 16 | BY:  AMBER NESBITT, ESQ. |
| 17 | 55 West Monroe |
| 18 | Suite 3300 |
| 19 | Chicago, Illinois  60603 |
| 20 | (via telephone) |
| 21 | |
| 22 | |

|  | Page 3 |
|---|---|
| 1 | APPEARANCES OF COUNSEL (CONTINUED) |
| 2 | |
| 3 | FOR THE STATE OF CALIFORNIA |
| 4 | BY:  TIMOTHY FOOTE, ESQ. |
| 5 | Deputy Attorney General |
| 6 | Bureau of Medi-Cal Fraud and Elder Abuse |
| 7 | State of California Department of Justice |
| 8 | 110 West A. Street, No. 1100 |
| 9 | San Diego, California  92101 |
| 10 | 619.688.6043 |
| 11 | (via telephone) |
| 12 | |
| 13 | FOR THE DEFENDANTS ABBOTT LABORATORIES |
| 14 | JONES DAY |
| 15 | BY:  JEREMY P. COLE, ESQ. |
| 16 | 77 West Wacker |
| 17 | Chicago, Illinois  60601-1692 |
| 18 | jcole@jonesday.com |
| 19 | 312.782.3939 |
| 20 | |
| 21 | ALSO PRESENT: |
| 22 | Butch Ellis, Video Operator |

|  | Page 4 |
|---|---|
| 1 | I N D E X |
| 2 | |
| 3 | WITNESS: ERIC FRENCH                        PAGE |
| 4 | Examination by Ms. Ford............ 006, 231, 241 |
| 5 | Examination by Ms. Nesbitt.................. 223 |
| 6 | Examination by Mr. Foote................ 227, 248 |
| 7 | Examination by Mr. Cole..................... 235 |
| 8 | |
| 9 | |
| 10 | E X H I B I T S |
| 11 | NUMBER          DESCRIPTION                 PAGE |
| 12 | Exhibit French 1375-ABT-DOJ-E 0007638 to 7639.. 029 |
| 13 | Exhibit French 1376-ABT-DOJ-E 0008348 to 8349.. 036 |
| 14 | Exhibit French 1377-ABT-DOJ 0251692 to 0251703. 043 |
| 15 | Exhibit French 1378-ABGM-000130 to 000169...... 051 |
| 16 | Exhibit French 1379-BMW 159-0016 to 0033....... 056 |
| 17 | Exhibit French 1380-BMW 159-0486 to 0502....... 058 |
| 18 | Exhibit French 1381-VTP 004-0895 to 0912....... 060 |
| 19 | Exhibit French 1382-ABRX-000118 to 000159...... 069 |
| 20 | Exhibit French 1383-ABGM-000065 to 000095...... 080 |
| 21 | Exhibit French 1384-ABRX-000089 to 000117...... 085 |
| 22 | Exhibit French 1385-ABT-DOJ 0184423............ 218 |

|  | Page 5 |
|---|---|
| 1 | E X H I B I T S (PREVIOUSLY MARKED) |
| 2 | NUMBER          DESCRIPTION                 PAGE |
| 3 | Exhibit Burchieri 1191-ABT072-0565 to 0567..... 193 |
| 4 | Exhibit Burchieri 1192-ABT AWP/MDL 197141 to |
| 5 | 197162................. 142 |
| 6 | |
| 7 | Plaintiff's Exhibit 1321-ABT-DOJ 0085415 to |
| 8 | 0085704.............. 091 |
| 9 | |
| 10 | Exhibit Dawson 985-TXABT-E 0003873 to 3889..... 207 |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |

2 (Pages 2 to 5)

dcdedbfb-13a3-4f21-86b9-d5cc6c19544b

French, Eric                                          September 26, 2007
                              Louisville, KY

| Page 118 | Page 120 |
|---|---|
| 1  happening in the future? | 1  print out all of your significant event reports? |
| 2      A.  Yes. | 2      A.  No. |
| 3      Q.  Okay.  What types of information would | 3      Q.  What happened when you left alternate |
| 4  you have included in significant events reports | 4  site as a sales rep to become a contract |
| 5  when you were in contract marketing? | 5  marketing analyst? |
| 6      A.  Okay.  In contract marketing? | 6          What -- did you keep your same |
| 7      Q.  Yes. | 7  computer? |
| 8      A.  It would be anniversaries that are | 8      A.  No. |
| 9  coming up that I need to work on.  As we talked | 9      Q.  Okay.  What did you do with your files |
| 10  earlier, you know, most contracts had an | 10  at that point? |
| 11  anniversary date.  So, for the current 30 days, | 11      A.  My -- my -- my customer files? |
| 12  it's what contracts that I worked on, infusion | 12      Q.  Uh-huh. |
| 13  pumps, agreements that I did, and then the next | 13      A.  I gave them to the person that replaced |
| 14  30 days are the ones I was planning to work on. | 14  me. |
| 15      Q.  And you had just mentioned infusion | 15      Q.  Okay.  And what about the files that |
| 16  pumps, but you actually had a broader | 16  you maintained on the computer? |
| 17  responsibility than just pumps when you were in | 17      A.  They stayed on the computer. |
| 18  contract marketing, right? | 18      Q.  And what happened to the computer? |
| 19      A.  Right. | 19      A.  It was a personal computer, and so |
| 20      Q.  So, would you also include information | 20  eventually I got rid of it. |
| 21  about your buying group contracts? | 21      Q.  Okay.  At any time before getting rid |
| 22      A.  Yeah.  That's what I meant when I said | 22  of your personal computer -- and I'm assuming you |

| Page 119 | Page 121 |
|---|---|
| 1  contract anniversaries that were coming up -- | 1  used this personal computer for work? |
| 2      Q.  Okay. | 2      A.  Yes. |
| 3      A.  -- and things of that nature.  So, I | 3      Q.  For your job responsibilities at |
| 4  would include that in the report. | 4  Abbott? |
| 5      Q.  Okay.  Did you maintain copies of the - | 5      A.  Yes. |
| 6  - of the significant events reports that you | 6      Q.  Okay.  Did you do anything when you got |
| 7  created? | 7  rid of your computer to transfer the files off, |
| 8      A.  Yes. | 8  your work-related files? |
| 9      Q.  During the time that you were an | 9      A.  No. |
| 10  alternate site sales rep, you would provide a | 10      Q.  So, I guess, when did you get rid of |
| 11  copy of the significant event report to your | 11  your -- the computer that you had during the 1997 |
| 12  supervisor; is that right? | 12  to 2000 time period? |
| 13      A.  Yes. | 13      A.  I don't remember the exact date.  The |
| 14      Q.  Mr. Ramsey? | 14  hardware -- the hard drive -- |
| 15      A.  Yes.  Mike Ramsey, yes. | 15      Q.  Uh-huh. |
| 16      Q.  And was it your practice to also | 16      A.  -- it died on it, so I just tossed it |
| 17  maintain a copy of that for yourself? | 17  out.  There was nothing I could do with it. |
| 18      A.  Yes. | 18      Q.  Okay.  Was it ever your practice, |
| 19      Q.  Okay.  And where would you maintain | 19  during that 1997 to 2000 time period, to maintain |
| 20  them? | 20  copies of the information on your computer?  A |
| 21      A.  On the computer. | 21  backup, for example? |
| 22      Q.  Okay.  And at any point, did you ever | 22      A.  Information that pertained to my |

                                          31 (Pages 118 to 121)

dcdedbfb-13a3-4f21-86b9-d5cc6c19544b

Johnson, Deborah L.    CONFIDENTIAL              March 13, 2008
                        Chicago, IL

Page 1

        THE UNITED STATES DISTRICT COURT

        FOR THE DISTRICT OF MASSACHUSETTS

----------------------------X

In re:  PHARMACEUTICAL       )  MDL No. 1456

INDUSTRY AVERAGE WHOLESALE   )  Civil Action No.

PRICE LITIGATION             )  01-12257-PBS

----------------------------X

THIS DOCUMENT RELATES TO:    )  Judge Patti B.

United States of America,    )  Saris

ex rel. Ven-a-Care of the    )

Florida Keys, Inc. v.        )  Magistrate Judge

Abbott Laboratories, Inc.,   )  Marianne B. Bowler

CIVIL ACTION NO. 06-11337-PBS)

----------------------------X


        (CAPTIONS CONTINUE ON FOLLOWING PAGE)


        CONFIDENTIAL VIDEOTAPED DEPOSITION OF

              DEBORAH L. JOHNSON

                MARCH 13, 2008

              CHICAGO, ILLINOIS

Johnson, Deborah L.      CONFIDENTIAL           March 13, 2008
                          Chicago, IL

---

Page 2

1        THE UNITED STATES DISTRICT COURT
2         FOR THE DISTRICT OF MASSACHUSETTS
3      ----------------------------X
4    In re: PHARMACEUTICAL      ) MDL NO. 1456
5    INDUSTRY AVERAGE WHOLESALE  ) Master File No.
6    PRICE LITIGATION          ) 01-12257-PBS
7      ----------------------------X
8    THIS DOCUMENT RELATES TO:   ) Judge Patti B.
9    State of California, ex rel. ) Saris
10   Ven-A-Care v. Abbott        )
11   Laboratories, Inc., et al.   )
12   Case No. 03-cv-11226-PBS    )
13     ----------------------------X
14
15        CONFIDENTIAL Videotaped Deposition of
16   DEBORAH L. JOHNSON, at 77 West Wacker Drive,
17   Chicago, Illinois, commencing at 9:00 a.m. on
18   Thursday, March 13, 2008, before Donna M.
19   Kazaitis, RPR, CSR No. 084-003145.
20
21
22

---

Page 3

1    APPEARANCES OF COUNSEL:
2
3    FOR THE UNITED STATES:
4        U.S. DEPARTMENT OF JUSTICE
5        CIVIL DIVISION
6        BY: MS. REBECCA A. FORD, ESQ.
7        601 D Street, N.W.
8        Patrick Henry Building - 9149
9        Washington, D.C. 20044
10       (202) 514-1511
11       rebecca.ford@usdoj.gov
12
13   FOR THE STATE OF CALIFORNIA:
14       STATE OF CALIFORNIA DEPARTMENT OF JUSTICE
15       BUREAU OF MEDI-CAL FRAUD & ELDER ABUSE
16       BY: MR. ELISEO SISNEROS, ESQ.
17          (via teleconference)
18       110 West A Street
19       Suite 1100
20       San Diego, California 92101
21       (619) 688-6043
22       eliseo.sisneros@doj.ca.gov

---

Page 4

1    APPEARANCES OF COUNSEL: (CONTINUED)
2
3    FOR ABBOTT LABORATORIES:
4        JONES DAY
5        BY: MR. GABRIEL H. SCANNAPIECO, ESQ.
6        77 West Wacker Drive
7        Chicago, Illinois 60601-1676
8        (312) 782-3939
9        gscannapieco@jonesday.com
10
11
12   ALSO PRESENT:
13
14       Ben Stanson, Videographer
15
16
17
18
19
20
21
22

---

Page 5

1              I N D E X
2
3    WITNESS: DEBORAH L. JOHNSON            PAGE
4      Examination By Ms. Ford.................. 009
5      Examination By Mr. Sisneros.............. 391
6      Examination By Ms. Ford.................. 422
7
8
9            E X H I B I T S
10   NUMBER       DESCRIPTION         PAGE
11   Exhibit Johnson 001, Subpoena and Notice of
12      Deposition................. 015
13   Exhibit Johnson 002, Resume and Certificate of
14      Search.................... 017
15   Exhibit Johnson 003, ABT-DOJ-E 0007247 - 274... 044
16   Exhibit Johnson 004, TXABT-E 0007905 - 911..... 054
17   Exhibit Johnson 005, ABT-DOJ 0394339 - 370..... 097
18   Exhibit Johnson 006, ABT-DOJ 0394256........... 116
19   Exhibit Johnson 007, ABT-DOJ 0394258........... 119
20   Exhibit Johnson 008, ABT-DOJ 0394266 - 279..... 120
21   Exhibit Johnson 009, ABT-DOJ-E 0136315 - 319... 127
22   Exhibit Johnson 010, 1994 Red Book............. 141

---

Henderson Legal Services, Inc.

202-220-4158                    www.hendersonlegalservices.com

1bb8d343-e4b9-451f-9d2f-580a7b8199f9

Johnson, Deborah L.    CONFIDENTIAL          March 13, 2008
                        Chicago, IL

Page 22

1    But at the time that would have been Abbott; is
2    that right?
3       A.  I'm sorry.  That's Abbott.
4       Q.  And if I understood you correctly, when
5    you were an account manager you were an account
6    manager in the Alternate Site business unit of
7    the Hospital Products Division; is that correct?
8       A.  Correct.
9       Q.  What were your primary responsibilities
10   as an account manager?
11      A.  As an account manager, I sold the full
12   line of hospital products to surgery centers,
13   home care pharmacies, long-term care, and some
14   distributors.
15      Q.  Who was your manager at that point?
16      A.  My district manager was Mike Beck.
17      Q.  Was Mr. Beck your district manager the
18   entire time that you were an account manager?
19      A.  Yes.
20      Q.  Now, during the time that you were an
21   account manager, did you maintain records related
22   to your accounts?

Page 23

1       A.  Yes.
2       Q.  What kind of records did you keep then?
3          MR. SCANNAPIECO:  Object to the form.
4          THE WITNESS:  I would keep copies of
5    signed contracts for customers; I would keep
6    copies of price lists that went with those
7    contracts; and any product literature for
8    products that I was selling.
9    BY MS. FORD:
10      Q.  Would you also have maintained
11   correspondence with customers?
12         MR. SCANNAPIECO:  Object to the form.
13         THE WITNESS:  Yes.
14   BY MS. FORD:
15      Q.  Would you have maintained any
16   documentation that you would have received from
17   Alternate Site corporate office?
18      A.  Yes.
19      Q.  How did you maintain those -- let me
20   step back.
21         Did you have a home office at that
22   point?

Page 24

1       A.  Yes, I did.
2       Q.  Did you maintain your files in your
3    home office?
4       A.  Yes, I did.
5       Q.  Did you maintain them in paper format
6    or on the computer?
7       A.  Both.
8       Q.  With respect to your paper files, what
9    happened when you left the account manager
10   position for your next position within Abbott?
11      A.  I left the files there in Oklahoma.
12      Q.  I guess when you, your next position
13   after account manager was a Contract Marketing
14   analyst; is that correct?
15      A.  That's correct.
16      Q.  Was that a promotion?
17      A.  Yes.
18      Q.  Did you have to move to take that job?
19      A.  Yes.
20      Q.  And where did you move to?
21      A.  Back to corporate here in North Chicago
22   with Abbott.

Page 25

1       Q.  And at the time of the move what did
2    you do with your files?
3       A.  The files from Oklahoma?
4       Q.  The files from your account manager
5    position.
6       A.  They were put in a storage facility,
7    and the key to that was left with my district
8    manager.
9       Q.  Was it a storage facility, do you know
10   if it was owned by Abbott?
11      A.  It was not.
12      Q.  Was it just a storage facility that you
13   could go out and rent a storage space?
14      A.  Yes, it was.
15      Q.  Do you know what happened to the
16   records after you gave the key to your district
17   manager?
18      A.  No.
19      Q.  When you left the account manager
20   position to go to Contract Marketing, did you
21   take your computer with you?
22      A.  I took my computer with me but it was

7 (Pages 22 to 25)

Johnson, Deborah L.          CONFIDENTIAL          March 13, 2008
Chicago, IL

428

1          MS. FORD:  The United States agrees and

2     agrees to the extent that a third party has

3     designated a document as "Confidential" or

4     "Highly Confidential," that designation stands

5     and is in no way implicated by the letter

6     provided to counsel or the Court Reporter today.

7          THE VIDEOGRAPHER:  We are off the

8     record at 5:40 p.m. with the conclusion of the

9     deposition of Deborah L. Johnson.

10               (WHEREUPON said deposition was so

11     adjourned.)

12

13

14     _____

15          DEBORAH L.  JOHNSON

16

17     Subscribed and sworn to and before me

18     this  7th  day of  April          , 2008 .

19

20     _____

21          Notary Public

OFFICIAL SEAL
ALISON STORAASLI
NOTARY PUBLIC · STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 24, 2008

22

Sweeney, Edwin Joseph CONFIDENTIAL                March 6, 2008
                        Chicago, IL

Page 1

                    THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF MASSACHUSETTS

---------------------------X

In re:  PHARMACEUTICAL         ) MDL NO. 1456

INDUSTRY AVERAGE WHOLESALE   ) CIVIL ACTION NO.

PRICE LITIGATION             ) 01-12257-PBS

---------------------------X

THIS DOCUMENT RELATES TO:   ) Judge Patti B. Saris

United States of America, ex )

rel. Ven-a-Care of the       ) Magistrate Judge

Florida Keys, Inc. v. Abbott ) Marianne B. Bowler

Laboratories, Inc., CIVIL    )

ACTION NO. 06-11337-PBS      )

---------------------------X


                        CONFIDENTIAL


        Videotaped Deposition of EDWIN JOSEPH

SWEENEY, at 77 West Wacker Drive, Chicago,

Illinois, commencing at 9:00 a.m. on Thursday,

March 6, 2008, before Donna M. Kazaitis, RPR, CSR

No. 084-003145.

30669b9d-1142-4831-8c81-809db5479bce

Sweeney, Edwin Joseph CONFIDENTIAL          March 6, 2008
                    Chicago, IL

| | Page 2 |
|---|---|
| 1 | APPEARANCES OF COUNSEL: |
| 2 | |
| 3 | FOR THE UNITED STATES: |
| 4 | U.S. DEPARTMENT OF JUSTICE |
| 5 | CIVIL DIVISION |
| 6 | BY: MS. PATRICIA R. DAVIS, ESQ. |
| 7 | 601 D Street, N.W. |
| 8 | Patrick Henry Building - 9154 |
| 9 | Washington, D.C. 20044 |
| 10 | (202) 307-0238 |
| 11 | pat.davis@usdoj.gov |
| 12 | |
| 13 | FOR THE STATE OF CALIFORNIA: |
| 14 | STATE OF CALIFORNIA DEPARTMENT OF JUSTICE |
| 15 | BUREAU OF MEDI-CAL FRAUD & ELDER ABUSE |
| 16 | BY: MR. ELISEO SISNEROS, ESQ. |
| 17 | (via teleconference) |
| 18 | 110 West A Street |
| 19 | Suite 1100 |
| 20 | San Diego, California 92101 |
| 21 | (619) 688-6043 |
| 22 | eliseo.sisneros@doj.ca.gov |

| | Page 4 |
|---|---|
| 1 | I N D E X |
| 2 | WITNESS: EDWIN JOSEPH SWEENEY          PAGE |
| 3 | Examination By Ms. Davis................. 008 |
| 4 | Examination By Mr. Sisneros............... 187 |
| 5 | Examination By Mr. Cole................... 288 |
| 6 | |
| 7 | E X H I B I T S |
| 8 | NUMBER          DESCRIPTION          PAGE |
| 9 | Exhibit Sweeney 001, Notice of Deposition...... 009 |
| 10 | Exhibit Sweeney 002, Resume................... 023 |
| 11 | Exhibit Sweeney 003, Harling 355 - 357......... 043 |
| 12 | Exhibit Sweeney 004, ABT-DOJ 0302182 - 184..... 050 |
| 13 | Exhibit Sweeney 005, Harling 000243 - 253...... 056 |
| 14 | Exhibit Sweeney 006, ABT AWP/MDL 197141 - 162.. 063 |
| 15 | Exhibit Sweeney 007, ABT-DOJ 0302241........... 066 |
| 16 | Exhibit Sweeney 008, ABT-DOJ 0302243 - 247..... 072 |
| 17 | Exhibit Sweeney 009, TXABT37182 - 225.......... 090 |
| 18 | Exhibit Sweeney 010, TXTABT-E 0323997 - 016.... 094 |
| 19 | Exhibit Sweeney 011, ABT-DOJ-E 0007247 - 274... 099 |
| 20 | Exhibit Sweeney 012, ABT-DOJ 0189049 - 078..... 105 |
| 21 | Exhibit Sweeney 013, VTP004-0314 - 339......... 109 |
| 22 | Exhibit Sweeney 014, ABT-DOJ 0189043........... 111 |

| | Page 3 |
|---|---|
| 1 | APPEARANCES OF COUNSEL: (CONTINUED) |
| 2 | |
| 3 | FOR ABBOTT LABORATORIES: |
| 4 | JONES DAY |
| 5 | BY: MR. JEREMY P. COLE, ESQ. |
| 6 | 77 West Wacker Drive |
| 7 | Chicago, Illinois 60601-1692 |
| 8 | (312) 782-3939 |
| 9 | jpcole@jonesday.com |
| 10 | |
| 11 | |
| 12 | ALSO PRESENT: |
| 13 | |
| 14 | Stephan Hoog, Videographer |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |

| | Page 5 |
|---|---|
| 1 | E X H I B I T S (CONTINUED) |
| 2 | NUMBER          DESCRIPTION          PAGE |
| 3 | Exhibit Sweeney 015, TXABT 60852............... 112 |
| 4 | Exhibit Sweeney 016, ABT-DOJ 0085415.......... 117 |
| 5 | Exhibit Sweeney 017, TXABT-E 0025944 - 946..... 128 |
| 6 | Exhibit Sweeney 018, (skipped) |
| 7 | Exhibit Sweeney 019, ABT-DOJ-E 0137867 - 869.... 137 |
| 8 | Exhibit Sweeney 020, ABT-DOJ 0178600........... 140 |
| 9 | Exhibit Sweeney 021, ABT-DOJ 0178619........... 143 |
| 10 | Exhibit Sweeney 022, ABT-DOJ 0178620........... 143 |
| 11 | Exhibit Sweeney 023, ABT-DOJ 0178404 - 406..... 149 |
| 12 | Exhibit Sweeney 024, ABT-DOJ 0178361 - 403..... 152 |
| 13 | Exhibit Sweeney 025, ABT-DOJ 0178267........... 155 |
| 14 | Exhibit Sweeney 026, ABT-DOJ 0302156........... 158 |
| 15 | Exhibit Sweeney 027, TXABT42562 - 576.......... 161 |
| 16 | Exhibit Sweeney 028, VTP083-4815 - 838......... 162 |
| 17 | Exhibit Sweeney 029, AB0019453 - 505........... 163 |
| 18 | Exhibit Sweeney 030, ABT-DOJ 0178574 - 575..... 164 |
| 19 | Exhibit Sweeney 031, ABT-DOJ 0178576 - 585..... 173 |
| 20 | Exhibit Sweeney 032, ABT-DOJ 0178564 - 571..... 175 |
| 21 | Exhibit Sweeney 033, ABT-DOJ-E 0057477 - 480... 176 |
| 22 | Exhibit Sweeney 034, ABT-DOJ 0228268 - 270..... 178 |

2 (Pages 2 to 5)

30669b9d-1142-4831-8c81-809db5479bce

Sweeney, Edwin Joseph CONFIDENTIAL                    March 6, 2008
                          Chicago, IL

Page 82

1    account manager.
2        Q.  So when you were a sales rep, you
3    didn't have any Abbott computer?
4        A.  No.
5        Q.  So how did you communicate through e-
6    mail?
7        A.  Outlook Express.
8        Q.  On your own computer?
9        A.  Correct.
10       Q.  I know it's been a long time and you've
11   probably changed computers five times, but do you
12   by any chance have any of those electronic files?
13       A.  No.  Those computers are long gone.
14       Q.  When you left Abbott, did you turn in
15   your laptop to them?
16       A.  Yes.
17       Q.  Do you have any of the records from
18   that time period?
19       A.  No.  I left everything.  Since I was no
20   longer an employee and not staying in the
21   industry, I walked out empty handed.
22       Q.  Okay.  When you were a sales rep, did

Page 83

1    you prepare any records of sales calls?
2        A.  Yes.
3        Q.  What were they called?
4        A.  You know, when I first started I was
5    required I think for about a six-month
6    probationary time just to it was like a fill-in-
7    the-blank, date, who you called, general subject.
8    You did that on a weekly basis.
9        Q.  How long were you supposed to keep
10   those?
11       A.  I never, I mean I turned it in.  It was
12   a form, paper form, you wrote on it and handed it
13   in.
14       Q.  I see.  So this was a form that when
15   you first got to Abbott you would prepare and say
16   I called on "X" this week, here's what we talked
17   about?
18       A.  Uh-huh.
19       Q.  Would you do something to prepare
20   before you went to the sales call?
21       A.  It just depended on the situation.
22   Sometimes it was reading literature, sometimes it

Page 84

1    was getting doughnuts.  So yes, we prepared.
2        Q.  For example, did you put down on a
3    piece of paper, you know, I'm going to go see the
4    pharmacist at XYZ Pharmacy and here are the
5    things I'm going to discuss with him?
6        A.  I'm not a big planner/organizer.  I
7    would have a Day Planner and have my schedule.  I
8    might jot down discuss Ultane or discuss Clave
9    or, you know, to remind myself to grab a piece of
10   literature or something like that.
11       Q.  But you didn't sit down and do a call
12   plan or anything like that?
13       A.  No, no.  I should have.
14       Q.  And then what about the notes that you
15   made after the fact, how detailed were they?
16       A.  Not very.
17       Q.  And those were sent to your manager?
18       A.  Yeah, my district manager.
19       Q.  Your district manager, okay.
20           And then how long did you do those?
21       A.  Probably the first six months.
22       Q.  And then after that you didn't have to

Page 85

1    do that?
2        A.  Well, then after that it was just a
3    monthly basis and every, yeah, every month.  It
4    was kind of a Significant Event thing.
5        Q.  Was it like a page or a couple of
6    sentences?
7        A.  It just depended on what was going on.
8    I mean it could be, at different times it was a
9    one-page, we only want one page, and then it was
10   there was a template, and then people complained
11   about that, and then it was, you know, a
12   spreadsheet.  So there was different, it was
13   never the same.
14       Q.  But for the whole time you were a sales
15   rep, you did something called a Monthly
16   Significant Events --
17       A.  Significant Events, correct.
18       Q.  We need to not talk over each other.
19       A.  I'm sorry.
20       Q.  Let me ask for question.
21           So for the entire period when you were
22   a sales rep, were you required to send a Monthly

                                  22  (Pages 82 to 85)

30669b9d-1142-4831-8c81-809db5479bce

Less, Julie                     CONFIDENTIAL              March 27, 2008
                              San Diego, CA

Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

--------------------------------)

In re: PHARMACEUTICAL INDUSTRY    )

AVERAGE WHOLESALE PRICE           )

LITIGATION                        ) MDL No. 1456

--------------------------------) CIVIL ACTION NO.

THIS DOCUMENT RELATES TO:         ) 01-12257-PBS

UNITED STATES OF AMERICA, ex rel.)

VEN-A-CARE of the FLORIDA KEYS,   )

INC. v ABBOTT LABORATORIES, INC. )

CIVIL ACTION NO. 06-11337-PBS     )

--------------------------------)

AND RELATED CROSS-ACTIONS         )

--------------------------------)


     Deposition of Julie Less, taken at Jones Day,

12265 El Camino Real, Suite 200, San Diego,

California, commencing at 10:00 a.m., Thursday,

March 27, 2008, before Kathy L. Pa'u, CSR No.

5684.

Less, Julie                 CONFIDENTIAL              March 27, 2008
                         San Diego, CA

| | Page 2 |
|---|---|
| 1 | APPEARANCES OF COUNSEL: |
| 2 | |
| 3 | For the California Department of Justice: |
| 4 | |
| 5 | Bureau of Medi-Cal Fraud & Elder Abuse |
| 6 | BY: ELISEO SISNEROS, DEPUTY ATTORNEY GENERAL |
| 7 | RAYMOND LIDDY, DEPUTY ATTORNEY |
| 8 | GENERAL |
| 9 | 110 West "A" Street, Suite 1100 |
| 10 | San Diego, California 92101 |
| 11 | (619)688-6043 |
| 12 | |
| 13 | |
| 14 | For the Unites States Department of Justice: |
| 15 | |
| 16 | U.S. Department of Justice, Civil Division |
| 17 | BY: REBECCA A. FORD, ESQ. |
| 18 | 601 D Street, NW |
| 19 | Patrick Henry Building - 9149 |
| 20 | Washington, DC 20004 |
| 21 | (202)514-1511 |
| 22 | |

| | Page 3 |
|---|---|
| 1 | APPEARANCES OF COUNSEL: (CONTINUED) |
| 2 | |
| 3 | For the Defendant Abbott Laboratories, Inc. |
| 4 | and the Witness: |
| 5 | |
| 6 | Law Offices of Jones Day |
| 7 | BY: JEREMY P. COLE |
| 8 | 77 West Wacker |
| 9 | Chicago, Illinois 60601-1692 |
| 10 | (312)782-3939 |
| 11 | |
| 12 | |
| 13 | ALSO PRESENT: Grant Meisenholder, Videographer |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |

| | Page 4 |
|---|---|
| 1 | I N D E X |
| 2 | |
| 3 | WITNESS: Julie Less               PAGE |
| 4 | Examination By Mr. Sisneros................. 009 |
| 5 | Examination By Ms. Ford.................... 268 |
| 6 | Examination By Mr. Cole.................... 338 |
| 7 | Examination By Ms. Ford.................... 344 |
| 8 | Examination By Mr. Cole.................... 347 |
| 9 | Examination By Ms. Ford.................... 347 |
| 10 | Examination By Mr. Cole.................... 348 |
| 11 | |
| 12 | |
| 13 | E X H I B I T S |
| 14 | NUMBER       DESCRIPTION           PAGE |
| 15 | Exhibit Less 001-Amended Notice of Deposition.. 014 |
| 16 | Exhibit Less 002-JL000014 to 15................ 022 |
| 17 | Exhibit Less 003-ABT-DOJ-E 0007247 to 7261..... 029 |
| 18 | Exhibit Less 004-BMW033-0803................... 069 |
| 19 | Exhibit Less 005-CMOAL232492 to 232513......... 099 |
| 20 | Exhibit Less 006-Harling 000243 to 253......... 112 |
| 21 | Exhibit Less 007-TXABT37182 to 37225........... 131 |
| 22 | Exhibit Less 008-TXABT60852................... 142 |

| | Page 5 |
|---|---|
| 1 | E X H I B I T S (CONTINUED) |
| 2 | NUMBER       DESCRIPTION           PAGE |
| 3 | Exhibit Less 009-JL000039.................... 156 |
| 4 | Exhibit Less 010-JL000040.................... 162 |
| 5 | Exhibit Less 011-ABT237-2228 to 2230........... 164 |
| 6 | Exhibit Less 012-ABT072-0565 to 0567.......... 167 |
| 7 | Exhibit Less 013-ABT-DOJ 0301310 to 1311....... 184 |
| 8 | Exhibit Less 014-ABTAWP/MDL 230548 to 230549... 200 |
| 9 | Exhibit Less 015-ABT AWP/MDL 230546 to 230547.. 201 |
| 10 | Exhibit Less 016-ABT AWP/MDL 230548 to 230549.. 206 |
| 11 | Exhibit Less 017-ABT AWP/MDL 230546 to 230547.. 207 |
| 12 | Exhibit Less 018-ABT AWP/MDL 230542 to 230545.. 207 |
| 13 | Exhibit Less 019-ABT AWP/MDL 230537 to 230540.. 212 |
| 14 | Exhibit Less 020-ABT AWP/MDL 230533 to 230536.. 216 |
| 15 | Exhibit Less 021-ABT AWP/MDL 230528 to 230532.. 218 |
| 16 | Exhibit Less 022-ABT AWP/MDL 230524 to 230527.. 221 |
| 17 | Exhibit Less 023-ABT AWP/MDL 230519 to 230522.. 225 |
| 18 | Exhibit Less 024-ABT AWP/MDL 230514 to 230518.. 227 |
| 19 | Exhibit Less 025-ABT AWP/MDL 239181 to 239188.. 231 |
| 20 | Exhibit Less 026-ABT239-2096 to 2103........... 235 |
| 21 | Exhibit Less 027-ABT AWP/MDL 230954 to 230960.. 238 |
| 22 | Exhibit Less 028-ABT239-1361 to 1386........... 238 |

Henderson Legal Services, Inc.

202-220-4158              www.hendersonlegalservices.com

602b5eb6-9634-4542-b72a-d9e6b6c64c7c

Less, Julie                 CONFIDENTIAL              March 27, 2008
                          San Diego, CA

---

**Page 322**

1 that the documents that you produced in response
2 to the subpoena were from a desktop computer in
3 your home; is that correct?
4     A.  Yes.
5     Q.  And that you obtained that desktop
6 computer sometime around 2004 was your best
7 guess?
8     A.  My best guess, yes.
9     Q.  Did you have a computer before that?
10     A.  Yes.
11     Q.  Was that also a home computer?
12     A.  Yes.
13     Q.  And did you use that computer for
14 Abbott business purposes?
15     A.  Yes.
16     Q.  What happened to that computer?
17     A.  I don't know.
18     Q.  Do you recall at some point just
19 upgrading and get being a new computer?
20     A.  Yeah.
21     Q.  Do you still have the old computer at
22 your home?

---

**Page 323**

1     A.  No.
2     Q.  Prior to the 2004 computer, how many
3 computers did you use for Abbott business
4 purposes?
5     A.  I think just that one.
6     Q.  Okay.  And at the time that you got
7 your new computer, did you transfer any of the
8 files from your old computer?
9     A.  I believe I did.
10     Q.  Okay.  Do you know if you transferred
11 all the files that were on your old computer?
12     A.  I don't remember, because I don't
13 remember what was on there.
14     Q.  Do you remember sitting down at the old
15 computer and deciding what was worth transferring
16 and what you didn't need any longer?
17     A.  I don't remember.
18     Q.  Okay.  I'm sorry, you no longer have
19 that old computer; is that right?
20     A.  No.
21     Q.  So it was disposed of in some manner?
22     A.  Yes.

---

**Page 324**

1     Q.  Okay.  When you left Hospira's
2 employment, did Hospira ask you for any Abbott or
3 Hospira information related information that you
4 had in your home?
5     A.  Yes.
6     Q.  How did you go about getting that
7 information to them?
8     A.  I just boxed it all up and gave it to
9 Debbie.
10     Q.  Your district manager?
11     A.  Yeah.
12     Q.  Did that include giving her your
13 computer files?
14     A.  Well, we had laptops then.  So I wasn't
15 using my home computer any more.
16     Q.  Okay.
17     A.  So I gave her my laptop, yes.
18     Q.  And what about the information that was
19 on your home computer that related to Abbott or
20 Hospira business, did you provide that to Debbie?
21     A.  No, because they were all like old --
22 when I looked back, they were all like old

---

**Page 325**

1 proposals.  Nothing that was relevant.
2     Q.  And you indicated earlier that some of
3 the types of the electronic files that you copied
4 in response to the most recent subpoena or the
5 subpoena were, you mentioned, proposals and
6 analyses; is that correct?
7     A.  Yeah.
8     Q.  Are those two separate kinds of
9 documents?
10     A.  Yeah, proposal would be, you know, they
11 want pricing on 25 pumps.  And then an analysis
12 would be, you know, they are using this product
13 and were comparing it to Abbott's product and see
14 if we could save them some money.
15     Q.  Would both of those documents be
16 relating to the customers that you called on?
17     A.  Yes.
18     Q.  And you also indicated that you
19 produced hard copy files; is that correct?
20     A.  Yes.
21     Q.  And were those like files from a file
22 cabinet?

---

82 (Pages 322 to 325)

Henderson Legal Services, Inc.

202-220-4158                      www.hendersonlegalservices.com

602b5eb6-9634-4542-b72a-d9e6b6c64c7c

Paulson, Deborah          CONFIDENTIAL          March 28, 2008
                              Irvine, CA

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

---------------------------------X

In re:  PHARMACEUTICAL INDUSTRY   )

AVERAGE WHOLESALE PRICE LITIGATION) MDL No. 1456

---------------------------------) Civil Action No.

THIS DOCUMENT RELATES TO:         ) 01-12257-PBS

United States of America, ex rel. ) Judge Patti

Ven-a-Care of the Florida Keys,   ) B. Saris

Inc., v. Abbott Laboratories, Inc.) Magistrate Judge

CIVIL Action No. 06-11337-PBS     ) Marianne  Bowler

---------------------------------X


CONFIDENTIAL VIDEOTAPED DEPOSITION

OF DEBORAH PAULSON

   The videotaped deposition of DEBORAH PAULSON,

taken before Dianne K. Miller, CSR, a Certified

Shorthand Reporter for the State of California, with

principal office in the County of Orange, commencing

on Friday, March 28, 2008, 10:04 a.m. at 3 Park

Plaza, 11th Floor, Irvine, California.

bbf63724-9f5c-4d70-8f7f-94cea0483742

Paulson, Deborah          CONFIDENTIAL          March 28, 2008
                          Irvine, CA

Page 18

1    Q.  Okay.  All right.  All right.  And the
2  search that you conducted for the file cases, are
3  these files that were in hard copy format?
4    A.  Yes.
5    Q.  Okay.  Did you do any kind of search
6  for electronic files?
7    A.  No.
8    Q.  You did have electronic files from your
9  work at Abbott and Hospira; is that correct?
10   A.  Yes.
11   Q.  Okay.
12       MR. COLE:  Go ahead.
13   Q.  BY MR. SISNEROS:  Did you -- do you
14 have possession of those electronic files?
15   A.  No, I don't.
16       When I retired, I gave my computer back
17 to Hospira.
18   Q.  Who did you give it to?
19   A.  Tony D'Antonio, my director of sales.
20       Well, actually the computer went to the
21 IMS Department.  And the -- so the computer
22 itself went to the -- the Information Management

Page 19

1  Department.
2    Q.  Okay.  Then what is it that you gave to
3  Tony Diamante (phonetic)?
4    A.  D'Antonio.
5    Q.  D'Antonio.
6    A.  A -- I think they are called a magic
7  stick or a memory stick that had the information
8  that was on my computer so that he could give
9  that to the next manager that was coming in.
10   Q.  That would be the next manager that
11 would take over the western district?
12   A.  Yes.
13   Q.  And who -- do you know who that is?
14   A.  It's Craig Smith.
15   Q.  As far as you know, Craig Smith would
16 have been the one that received the electronic
17 files you gave to Mr. D'Antonio?
18   A.  Yes.
19       I don't know if he did get them.  But
20 he would be the person that should have received
21 them.
22   Q.  And in the electronic -- strike that.

Page 20

1        What type of information did you have
2  stored in the electronic files?
3    A.  Monthly reports, performance
4  evaluations, some analyses -- account analyses.
5    Q.  Anything else?
6    A.  Contracts or, I should say, price
7  lists.
8    Q.  That it?
9    A.  Pretty much.
10       That's -- that's all I can think of
11 offhand.
12   Q.  How about e-mail?
13   A.  There would be some e-mails that had
14 been saved.
15   Q.  Regarding your e-mails, did you have a
16 retention policy?
17       MR. COLE:  Object to the form.
18       MR. SISNEROS:  Let me rephrase it.
19   Q.  Did you have a practice with regard to
20 deleting or retaining e-mails Abbott-related?
21   A.  A personal policy or an Abbott policy?
22       Could you clarify that?

Page 21

1    Q.  Well, either one.
2    A.  There was -- I'm not aware of a
3  specific policy regarding e-mails.
4    Q.  Then what was your personal practice?
5    A.  I would save e-mails that had data that
6  I knew I was going to be needing in the future
7  relating to customers or certain groups or
8  national accounts and things like that.
9    Q.  When -- when did you turn over your
10 compute -- the electronic files that were in your
11 computer to Mr. D'Antonio?
12   A.  September 24th.
13   Q.  What year?
14   A.  2007.
15   Q.  By then, you -- well, when did you
16 shift over from Abbott to Hospira?
17   A.  I believe that was May, 2004.
18   Q.  Okay.  So when you turned over the
19 electronic files to Mr. D'Antonio, you had
20 already been at Hospira for about three and a
21 half years -- something like that?
22   A.  Yes.

6 (Pages 18 to 21)

bbf63724-9f5c-4d70-8f7f-94cea0483742

Paulson, Deborah                  CONFIDENTIAL                  March 28, 2008
                                    Irvine, CA

341

1           DECLARATION UNDER PENALTY OF PERJURY

2

3           I, DEBORAH PAULSON, do hereby certify under

4    penalty of perjury that I have read the foregoing copy

5    of my deposition; that I have made such corrections as

6    appear noted herein in ink, initialed by me; that my

7    testimony as contained herein, as corrected, is true

8    and correct.

9

10          DATED this *20th* day of *May*

11   2008, at *Hermosa Beach*              , California.

12

13

14

15                              *Deborah Paulson*

16                              DEBORAH PAULSON

17          State of California County of
            LOS ANGELES
18          Subscribed and sworn to (or affirmed)
            before me on this 20 day of MAY, 2008, by
19          DEBORAH PAULSON
            personally known to me or proved to me on
20          the basis of satisfactory evidence to be the
            person(s) who appeared before me.
21          Signature *Vince H Hewitt*

22                       (Seal)

                    VINCENT J. HEWITT JR.
                    Commission # 1562621
                    Notary Public - California
                    Los Angeles County
                    My Comm. Expires Mar 22, 2009

Henderson Legal Services, Inc.
202-220-4158            www.hendersonlegalservices.com

Steenolsen, Scot A.     CONFIDENTIAL          March 31, 2008
Los Angeles, CA

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS


------------------------------)

In re:  PHARMACEUTICAL        )MDL No. 1456

INDUSTRY AVERAGE WHOLESALE    )CIVIL ACTION

PRICE LITIGATION             )01-12257-PBS

------------------------------)

THIS DOCUMENT RELATES TO:     )Judge Patti B. Saris

United States of America,     )

ex rel. Ven-A-Care of the     )Chief Magistrate

Florida Keys, Inc.,           )Judge Marianne B.

CIVIL ACTION NO. 06-11337-PBS )Bowler

------------------------------)


Videotaped Deposition of

SCOT A. STEENOLSEN, held at 555 South Flower Street,

Los Angeles, California, commencing at 9:23 a.m.,

Monday, March 31, 2008, before Janice Schutzman, CSR

No. 9509.

Henderson Legal Services, Inc.

202-220-4158                    www.hendersonlegalservices.com

8d4c776c-6fa0-4583-8182-5c83219b632e

Steenolsen, Scot A.    CONFIDENTIAL          March 31, 2008
                    Los Angeles, CA

| | Page 2 |
|---|---|
| 1 | APPEARANCES OF COUNSEL: |
| 2 | |
| 3 | On behalf of the Untied States of America: |
| 4 | REBECCA A. FORD, ESQ. |
| 5 | United States Department of Justice |
| 6 | 601 D Street, N.W. |
| 7 | Patrick Henry Bldg. 9149 |
| 8 | Washington, D.C. 20004 |
| 9 | 202.514.1511 |
| 10 | rebecca.ford@usdoj.gov |
| 11 | |
| 12 | |
| 13 | On behalf of the State of California: |
| 14 | ELISEO SISNEROS, ESQ. |
| 15 | Deputy Attorney General |
| 16 | BMFEA |
| 17 | 110 West A Street |
| 18 | Suite 1100 |
| 19 | San Diego, California 92101, |
| 20 | 619.688.6043 |
| 21 | eliseo.sisneros@doj.ca.gov |
| 22 | |

| | Page 3 |
|---|---|
| 1 | APPEARANCES OF COUNSEL (CONTINUED): |
| 2 | |
| 3 | For Abbott Laboratories and the Witness: |
| 4 | GABRIEL H. SCANNAPIECO, ESQ. |
| 5 | Jones Day |
| 6 | 77 West Wacker |
| 7 | Chicago, Illinois 60601 |
| 8 | 312.269.4301 |
| 9 | jcole@jonesday.com |
| 10 | |
| 11 | |
| 12 | ALSO PRESENT: |
| 13 | |
| 14 | CHRISTOPHER SAPORITO, Videographer |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |

| | Page 4 |
|---|---|
| 1 | C O N T E N T S |
| 2 | |
| 3 | WITNESS NAME: SCOT A. STEENOLSEN        PAGE |
| 4 | Examination by Ms. Ford.............. 008, 421 |
| 5 | Examination by Mr. Sisneros............... 366 |
| 6 | |
| 7 | |
| 8 | E X H I B I T S |
| 9 | NUMBER       DESCRIPTION       PAGE |
| 10 | Exhibit Steenolsen 001-Amended Notice of |
| 11 | Deposition.............. 011 |
| 12 | Exhibit Steenolsen 002-Resume................. 016 |
| 13 | Exhibit Steenolsen 003-ABT-DOJ-E 0007247 - 274. 026 |
| 14 | Exhibit Steenolsen 004-ABT-DOJ-E 0136315 - 319. 046 |
| 15 | Exhibit Steenolsen 005-ABT-DOJ 0264691 - 696... 065 |
| 16 | Exhibit Steenolsen 006-ABT AWP/MDL 156144...... 072 |
| 17 | Exhibit Steenolsen 007-ABT-DOJ 0184971 - 974... 080 |
| 18 | Exhibit Steenolsen 008-ABT-DOJ-E 0007384 - 390. 096 |
| 19 | Exhibit Steenolsen 009-ABT-DOJ 0394339 - 370... 115 |
| 20 | Exhibit Steenolsen 010-ABT-DOJ 0394256......... 136 |
| 21 | Exhibit Steenolsen 011-ABT-DOJ 0394258......... 136 |
| 22 | Exhibit Steenolsen 012-Harling 000355 - 357.... 143 |

| | Page 5 |
|---|---|
| 1 | E X H I B I T S (CONTINUED) |
| 2 | NUMBER       DESCRIPTION       PAGE |
| 3 | Exhibit Steenolsen 013-TXABT 60852............. 152 |
| 4 | Exhibit Steenolsen 014-ABT-DOJ-E 0384105 - 114. 168 |
| 5 | Exhibit Steenolsen 015-ABT-DOJ-E 0393296....... 194 |
| 6 | Exhibit Steenolsen 016-Harling 000243 - 253.... 221 |
| 7 | Exhibit Steenolsen 017-AWP/MDL 197141 - 162.... 238 |
| 8 | Exhibit Steenolsen 018-ABT-DOJ-E 0516644 - 646. 249 |
| 9 | Exhibit Steenolsen 019-ABT-DOJ 0513800 - 802. 257 |
| 10 | Exhibit Steenolsen 020-ABT-DOJ-E 0516629....... 262 |
| 11 | Exhibit Steenolsen 021-ABT-DOJ-E 05166330 - 635 264 |
| 12 | Exhibit Steenolsen 022-ABT-DOJ-E 0513780....... 265 |
| 13 | Exhibit Steenolsen 023-ABT-DOJ-E 0513781 - 788. 270 |
| 14 | Exhibit Steenolsen 024-ABT-DOJ-E 0513503 - 509. 272 |
| 15 | Exhibit Steenolsen 025-TXABT 135885 - 889...... 275 |
| 16 | Exhibit Steenolsen 026-ABT-DOJ-E 0387327 - 328. 279 |
| 17 | Exhibit Steenolsen 027-ABT-DOJ-E 0057477 - 480. 304 |
| 18 | Exhibit Steenolsen 028-TXABT-E 0025944 - 946... 319 |
| 19 | Exhibit Steenolsen 029-TXABT-E 0003873 - 889... 348 |
| 20 | Exhibit Steenolsen 030-ABT-DOJ-E 0392396 - 402. 352 |
| 21 | Exhibit Steenolsen 031-TXTABT-E 0101565 - 567.. 353 |
| 22 | Exhibit Steenolsen 032-TXABT 472652............ 366 |

Henderson Legal Services, Inc.

202-220-4158                    www.hendersonlegalservices.com

8d4c776c-6fa0-4583-8182-5c83219b632e

Steenolsen, Scot A.    CONFIDENTIAL         March 31, 2008
                    Los Angeles, CA

Page 362

1      A.  No.
2      Q.  Do you know what happened to it?
3      A.  When I moved from my Long Beach
4  facility, I kind of purged because I'd already
5  left Abbott and that thing was a really old
6  computer, and I basically turned a bunch of stuff
7  over to, like, Goodwill or what -- I forget the
8  name. Dorothy, whatever the charity was.
9      Q.  At that time, did you transfer off the
10  information that was related to Abbott?
11      A.  No.
12      Q.  At the time that you left Hospira's
13  employment, what happened to your work files?
14      A.  When I left Hospira, I -- I had taken
15  all my information that I had, whatever
16  literature I had left over, I loaded it all into
17  my company car. I drove up. I met my manager at
18  a storage unit, unloaded everything out of the
19  car, and then basically signed off and, you know,
20  terminated my employment.
21      Q.  So you handed over the car there as
22  well?

Page 363

1      A.  Correct, everything.
2      Q.  Did you hand over your company-issued
3  computer?
4      A.  Everything, yes.
5      Q.  And you handed over your hard copy
6  files?
7      A.  Yes.
8      Q.  About -- were they in boxes?
9      A.  Yeah, I think so. They -- yeah. I
10  think they were boxes or crates. I think they
11  were plastic crates, stuff like that.
12      Q.  Do you recall how many plastic crates?
13      A.  I don't.
14      Q.  Did you have to make more than one
15  trip?
16      A.  No. We had a cart. But I had -- see,
17  I know we had -- I had a fair amount of -- of
18  literature. That's just kind of how I made sure
19  that customers that wanted information, they had
20  it, and a fair amount of it -- excuse me -- was
21  literature.
22      Q.  Did you bring that with you --

Page 364

1      A.  Oh, yeah.
2      Q.  -- to storage?
3      A.  Yeah.
4      Q.  Do you recall other types of files that
5  you brought.
6      A.  Just customer files, you know. If --
7  if a customer had signed a contract or something
8  like that, if I had a copy of that, I'd keep a
9  file. I would keep it in their file. I just
10  turned it all over to whoever was going to be
11  taking over the new territory.
12      Q.  Do you know who took over your
13  territory?
14      A.  No, I do not.
15      Q.  And did you physically hand over your
16  files to that person?
17      A.  No.  No, I gave everything to my
18  manager.
19      Q.  And so the last time you saw those
20  files and the computer were at that storage
21  facility?
22      A.  Yes.

Page 365

1      Q.  And you don't know what happened to
2  them after that; is that correct?
3      A.  Correct.
4      Q.  I'm just trying to get a sense for the
5  volume.
6         Did you fill up the car?
7      A.  I don't remember.  I think it was maybe
8  two boxes similar to the box you have, like that,
9  like a crate size of customer files and maybe
10  another couple of boxes of -- of catalogs, stuff
11  like that.
12         MS. FORD:  Okay.  And let the record
13  reflect that the witness is pointing to a bankers
14  box.
15         In the interest of time, I'm happy to
16  pass the witness for now and check my notes and
17  see if I have any further questions.
18         MR. SCANNAPIECO:  Okay.
19         (Off the written record.)
20         THE VIDEOGRAPHER:  Videotaped
21  deposition off record at 5:12.
22         (Recess taken.)

                              92 (Pages 362 to 365)

8d4c776c-6fa0-4583-8182-5c83219b632e

Steenolsen, Scot A.          CONFIDENTIAL          March 31, 2008
                              Los Angeles, CA

427

1    to object to the portions of the transcripts that

2    are permanently designated once it receives

3    copies of those designations.

4             THE VIDEOGRAPHER:  The videotaped

5    deposition of Monday, March 31st, 2008 is now

6    concluded at 6:21 P.M.  This concludes tape 4 of

7    4 of today's deposition.

8             (TIME NOTED: 6:21 p.m.)

9

10

11

12

13

14        I declare under penalty of perjury

15    under the laws of the State of California

16    that the foregoing is true and correct.

17        Executed on *5/16/8*           , 2008,

18    at *Palos Verde Ests.* , *California*          .

19

20

21    _____

22        SCOT A. STEENOLSEN

Strassner, Matthew HIGHLY CONFIDENTIAL       March 5, 2008
Chicago, IL

Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

-----------------------------X

IN RE PHARMACEUTICAL            )

INDUSTRY AVERAGE WHOLESALE      )

PRICE LITIGATION                )

-----------------------------)  MDL No. 1456

THIS DOCUMENT RELATES TO:       ) Civil Action

United States of America,       ) #01-12257-PBS

ex rel. Van-A-Care of the       )

Florida Keys, Inc., v.          ) Judge Patti B. Saris

Abbott Laboratories, Inc.,      )

and Hospira, Inc., CIVIL        )

ACTION NO. 06-11337-PBS         )

-----------------------------X

(CAPTIONS CONTINUED ON FOLLOWING PAGE)

HIGHLY CONFIDENTIAL

VIDEOTAPED DEPOSITION OF MATTHEW STRASSNER

MARCH 5, 2008

CHICAGO, ILLINOIS

Henderson Legal Services, Inc.

202-220-4158                 www.hendersonlegalservices.com

a3500c59-9b50-4bd6-8fae-2b151a6e1d88

Strassner, Matthew HIGHLY CONFIDENTIAL          March 5, 2008
                              Chicago, IL

| Page 2 |
| --- |

```
1              UNITED STATES DISTRICT COURT
2            FOR THE DISTRICT OF MASSACHUSETTS
3      -----------------------------X
4    IN RE PHARMACEUTICAL        )
5    INDUSTRY AVERAGE WHOLESALE   ) MDL No. 1456
6    PRICE LITIGATION            ) Master File No.
7    -----------------------------) 01-12257-PBS
8    THIS DOCUMENT RELATES TO:   )
9    State of California, ex rel. ) Judge Patti B. Saris
10   Ven-A-Care v. Abbott        )
11   Laboratories, Inc., et al., ) Magistrate Judge
12   Case #: 1:03-cv-11226-PBS   ) Marianne Bowler
13   -----------------------------X
14        Videotaped deposition of MATTHEW
15   STRASSNER, taken pursuant to the Federal Rules of
16   Civil Procedure for the United States District
17   Courts pertaining to the taking of depositions,
18   taken before Laura E. Locascio, Certified Shorthand
19   Reporter and Notary Public in and for the County of
20   Cook, State of Illinois, at 77 West Wacker Drive,
21   Chicago, Illinois commencing at 9:01 a.m. on the 5th
22   day of March, A.D., 2008.
```

| Page 4 |
| --- |

```
1    A P P E A R A N C E S: (CONTINUED)
2
3    On behalf of the Defendants:
4
5        JONES DAY
6        BY: MR. GABRIEL SCANNAPIECO, ESQ.
7        77 West Wacker Drive
8        Chicago, Illinois 60601
9        Phone: 312-782-3939
10
11
12
13   Also Present:
14
15        MR. BEN STANSON, Videographer
16
17
18
19
20
21
22
```

| Page 3 |
| --- |

```
1    A P P E A R A N C E S:
2
3    On behalf of the United States of America:
4
5        UNITED STATES DEPARTMENT OF JUSTICE
6        BY: MS. ELIZABETH STRAWN, ESQ.
7        601 D Street, NW
8        Patrick Henry 9541
9        Washington, DC 20004
10       Phone: 202-616-7986
11
12
13   On behalf of the State of California:
14
15       STATE OF CALIFORNIA
16       DEPARTMENT OF JUSTICE
17       Deputy Attorney General
18       Bureau of Medi-Cal Fraud & Elder Abuse
19       BY: MR. ELISEO SISNEROS, ESQ.
20       110 West A Street, Suite 1100
21       San Diego, California 92101
22       Phone: 619-688-6043
```

| Page 5 |
| --- |

```
1                    I N D E X
2
3    WITNESS: MATTHEW STRASSNER          PAGE
4        EXAMINATION BY MS. STRAWN.............. 009
5        EXAMINATION BY MR. SISNEROS.............. 350
6
7
8               E X H I B I T S
9    NUMBER      DESCRIPTION      PAGE
10   Exhibit Strassner 001-subpoena................ 014
11   Exhibit Strassner 002-certificate of search.... 017
12   Exhibit Strassner 003-ABT-DOJ 0394371.......... 073
13   Exhibit Strassner 004-Harling 000355.......... 108
14   Exhibit Strassner 005-ABT-DOJ-D 0007247........ 130
15   Exhibit Strassner 006-ABT-DOJ 0189049.......... 133
16   Exhibit Strassner 007-ABT-DOJ 0208247.......... 147
17   Exhibit Strassner 008-ABT-DOJ 0069184.......... 171
18   Exhibit Strassner 009-VTP004-0314.............. 171
19   Exhibit Strassner 010-ABT014-0548.............. 178
20   Exhibit Strassner 011-ABTWV 16960.............. 186
21   Exhibit Strassner 012-VTP003-0174.............. 194
22   Exhibit Strassner 013-ABT-DOJ-E 0136315........ 198
```

                                          2  (Pages 2 to 5)

Strassner, Matthew HIGHLY CONFIDENTIAL          March 5, 2008
                    Chicago, IL

Page 54

1       MR. SCANNAPIECO: Objection. Form.
2       THE WITNESS: No.
3    BY MS. STRAWN:
4       Q.  What was the general nature of the
5    projects that you just referred to?
6       A.  Things that I had created in either the
7    sales training role or in the national
8    distributor role that demonstrated my ability
9    for, say, marketing or presentation skills.
10      Q.  And what kind of documents were those?
11      MR. SCANNAPIECO: Objection. Form.
12      THE WITNESS: A simulation of an E-
13   learning program for the GemStar infusion device.
14   A presentation -- a PowerPoint presentation I
15   created for field sales regarding selling the
16   GemStar infusion device, a customer facing
17   presentation.  I cannot recall the list of
18   things, but they were all within that general
19   nature.
20   BY MS. STRAWN:
21      Q.  What happened to your working files --
22   from when you were at Abbott and Hospira, what

Page 55

1    happened to those when you left?
2       MR. SCANNAPIECO: Objection. Form. Is
3    it possible to clarify whether you're talking
4    about Abbott or Hospira just for the purposes of
5    my objections?
6       I don't know if you're conflating the
7    two.  If you're asking about things specifically
8    as to Abbott separately from Hospira, just so I
9    can object appropriately and not object if it's -
10   -
11      MS. STRAWN: Sure.  I'll clarify my
12   question.
13   BY MS. STRAWN:
14      Q.  When was the spinoff from Abbott to
15   Hospira?
16      A.  2004.  Approximately April or May of
17   2004.
18      Q.  And your departure from Hospira last
19   month, what did you do with your working files
20   when you left Hospira last month?
21      MR. SCANNAPIECO: Objection. Form.
22      THE WITNESS: Left them on my computer,

Page 56

1    which I left with my manager.  And the hard copy
2    files stayed in a file cabinet that was in my
3    cubicle.
4    BY MS. STRAWN:
5       Q.  And where was the cubicle?
6       A.  In the H-1 building at 275 Northfield
7    Drive.
8       Q.  When you referred to the computer you
9    returned to your manager, is that what you
10   referred to as your personal computer or your
11   work computer?
12      A.  That was my work computer.
13      Q.  And was that a desktop or a laptop?
14      A.  It was a laptop.
15      Q.  Did you copy any of those working files
16   before you left?
17      A.  Only the ones as I stated previously
18   that pertained to personal projects that I wanted
19   to demonstrate to potential future employers.
20      Q.  Who represents you in this case?
21      A.  The Jones Day law firm.
22      Q.  And how are your legal fees being

Page 57

1    handled?
2       A.  I'm not certain.
3       Q.  Well, have you received or do you
4    expect to receive any bills?
5       A.  No.
6       Q.  Do you understand Abbott to be paying
7    your legal fees?
8       MR. SCANNAPIECO: Objection. Form.
9       THE WITNESS: I don't completely
10   understand who is finally responsible for the
11   bills, no.
12   BY MS. STRAWN:
13      Q.  Do you know if anyone is paying your
14   legal bills?
15      A.  Do I know for certain?  No.
16      Q.  Do you have an idea who will be paying
17   for your legal representation?
18      MR. SCANNAPIECO: Objection. Form.
19      THE WITNESS: It would be an assumption
20   that Abbott would.
21   BY MS. STRAWN:
22      Q.  When you said earlier that from August

                              15  (Pages 54 to 57)

a3500c59-9b50-4bd6-8fae-2b151a6e1d88

Young, Diana    PORTIONS HIGHLY CONFIDENTIALMarch 28, 2008
Detroit, MI

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

-------------------------X

IN RE PHARMACEUTICAL        )

INDUSTRY AVERAGE WHOLESALE ) MDL No. 1456

PRICE LITIGATION,           ) Civil Action No

THIS DOCUMENT RELATES TO:  ) 01-12257-PBS

United States of America,  ) Judge Patti B.

ex rel. Ven-A-Care of the  ) Saris

Florida Keys, Inc., v.     ) Mag. Judge

Abbott Laboratories Inc.   ) Marianne Bowler

Civil Action No.            )

06-11337-PBS                )

-------------------------X

        (cross-captions on following pages)

    PORTIONS DESIGNATED HIGHLY CONFIDENTIAL

    The  Videotape Deposition of DIANA YOUNG,

    Taken at 400 Renaissance Center,

    Detroit, Michigan,

    Commencing at 9:16 a.m.,

    Friday, March 28, 2008,

    Before Gay Ann Nosek, CSR 2515.

Henderson Legal Services, Inc.

7ce3b7b2-8838-4084-a1b6-be810c6dd473

Young, Diana   PORTIONS HIGHLY CONFIDENTIALMarch 28, 2008
Detroit, MI

| Page 2 |
|---|
| 1    UNITED STATES DISTRICT COURT |
| 2    DISTRICT OF MASSACHUSETTS |
| 3    --------------------------X |
| 4    In re: PHARMACEUTICAL     ) |
| 5    INDUSTRY AVERAGE WHOLESALE ) |
| 6    PRICE LITIGATION          ) |
| 7    --------------------------) MDL NO. 1456 |
| 8    THIS DOCUMENT RELATES TO:  ) Master File No. |
| 9    State of California ex rel. ) 01-12257-PBS |
| 10   Ven-A-Care v. Abbott       ) Judge Patti B. Saris |
| 11   Laboratories, Inc., et al. ) |
| 12   Case # 1:03-CV-11226-PBS   ) |
| 13   --------------------------X |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |

Page 4

1    A P P E A R A N C E S : (CONTINUED)
2
3    Appearing telephonically on behalf of the
4    State of California.
5         RAYMOND LIDDY, ESQ.
6         Assistant Attorney General, California
7         1455 Frazee
8         Suite 315
9         San Diego, California  92165
10        (619) 688-6482
11        raymond.liddy@dojca.gov
12
13
14   ALSO PRESENT:
15
16        Steve Alfonsi, Videographer
17
18
19
20
21
22

Page 3

1    A P P E A R A N C E S :
2
3    Appearing on behalf of the
4    Pharmaceutical Industry.
5         GABRIEL H. SCANNAPIECO, ESQ.
6         Jones Day
7         77 West Wacker
8         Chicago, Illinois  60601 1676
9         (312) 782-3939
10        Gscannapieco@jonesday.com
11
12
13   Appearing on behalf of the United States
14   of America.
15        PATRICIA R. DAVIS, ESQ.
16        United States Department of Justice
17        Civil Division
18        601 D Street NW
19        Room 9154
20        Washington, DC  20004
21        (202) 307-0238
22        pat.davis@usdoj.gov

Page 5

1              I N D E X
2
3    WITNESS: DIANA YOUNG           PAGE
4      EXAMINATION BY MS. DAVIS................... 009
5      EXAMINATION BY MR. SCANNAPIECO............. 163
6
7
8          E X H I B I T S
9    NUMBER    DESCRIPTION          PAGE
10   Exhibit Young 001-Notice of Deposition, dated
11        2/5/08...................... 010
12   Exhibit Young 002-CHIP System Reimbursement/
13        Financial Subcommittee,
14        Bates ABT-258-3208........... 025
15   Exhibit Young 003-Client: HomeMed (Michigan)
16        Bates ABT-DOJ-319614......... 028
17   Exhibit Young 004-Alternate Site Product Sales
18        Bates ABT-DOJ-E0007247....... 043
19   Exhibit Young 005-Abbott Home Infusion
20        Services, 1994 Incentive
21        Program, Bates
22        ABT-DOJ-310418.............. 050

2  (Pages 2 to 5)

7ce3b7b2-8838-4084-a1b6-be810c6dd473

Young, Diana   PORTIONS HIGHLY CONFIDENTIALMarch 28, 2008
Detroit, MI

Page 14

1    Q.  Every so often your attorney may
2  object.  Unless he says don't answer the
3  question, just -- the objection is for the
4  record.  You can just go ahead and answer
5  whatever the question was.
6        If you don't remember because of the
7  objection, just ask and we can repeat it.  Okay?
8    A.  Okay.
9    Q.  We can take breaks whenever you want.
10 So if you want a break, just let me know.  Okay.
11 Let's see -- sometimes, you know, people go to
12 lunch and then they come back and while at lunch
13 they think, gee, you know that question I
14 answered this morning, I didn't really answer
15 that completely or maybe a little different.
16       If during the course of the day you
17 think back on a question and you think, gee, I
18 should have answered a little bit differently,
19 just let us know and we'll let you clarify the
20 record.  Okay?
21   A.  Okay.
22   Q.  Okay.  I asked you about documents.

Page 15

1  When you looked for documents, where did you
2  look?
3    A.  I have a home office that I currently
4  use.  I looked there as well as I have a couple
5  of closets in the basement that something could
6  have been in but nothing was there.
7    Q.  Okay.  So you think when you left
8  Abbott's employ, you just got rid of everything?
9    A.  I gave it back to Abbott.
10   Q.  Gave it back.
11   A.  Um-hmm (affirmatively).
12   Q.  And did you have files?
13   A.  Yes.
14   Q.  And you gave those back to Abbott as
15 well?
16   A.  Yes.
17   Q.  What about a computer?
18   A.  That went -- that went back to Abbott.
19   Q.  Okay.  So you had a laptop that was
20 Abbott's laptop?
21   A.  It was a desktop and -- well, I have a
22 desktop with Abbott and a laptop with Hospira.

Page 16

1    Q.  Okay.  Have you ever had any criminal
2  convictions?
3    A.  No.
4    Q.  Okay.  Ever been arrested?
5    A.  No.
6    Q.  Have you ever gone -- let's put it this
7  way first.  Give us just your full name and the
8  address for the record.
9    A.  Diana Lynn Young, 29166 Creek Bend
10 Drive, Farmington Hills, Michigan 48331.
11   Q.  Okay.  Have you ever gone by any other
12 names, nicknames, middle name, maiden name?
13   A.  Maiden name, Diana Duncan.
14   Q.  When did your name change?
15   A.  1980 when I got married.
16   Q.  Okay.  And you have to let me finish
17 asking my question.
18   A.  Sorry.
19   Q.  Do you have any plans to change
20 locations, to move in the near future?
21   A.  No.
22   Q.  Okay.  When were you first notified

Page 17

1  that you were going to be deposed?
2    A.  Two months ago.
3    Q.  Okay.  And who contacted you?
4    A.  Gabe.
5    Q.  Okay.  So have you talked to anybody
6  else from Abbott representing Abbott?
7    A.  No.
8    Q.  Okay.  So Gabe is the only one you
9  talked to?
10   A.  Yes.
11   Q.  Okay.  And how long did you talk to
12 him?
13   A.  Gabe?
14   Q.  Um-hmm (affirmatively).
15   A.  The first time a few minutes on the
16 phone.  And then an hour on the phone -- two
17 hours at another point.
18   Q.  Okay.  Did you review any documents?
19   A.  No.
20   Q.  Do you keep in touch with your former
21 colleagues from Abbott?
22   A.  A few friends.

5 (Pages 14 to 17)

7ce3b7b2-8838-4084-a1b6-be810c6dd473