### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | **MDL No. 1456** <br> **Master File No. 01-CV-12257-PBS** |
| **THIS DOCUMENT RELATES TO:** | **Hon. Patti B. Saris** |
| *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS | |

### DEY, INC., DEY L.P., INC., AND DEY, L.P.'S ANSWER AND DEFENSES TO THE UNITED STATES' FIRST AMENDED COMPLAINT

Defendants Dey, Inc., Dey L.P., Inc., and Dey L.P. (collectively, "Dey") by and through their attorneys Kelley Drye & Warren LLP, hereby answer the United States' First Amended Complaint (the "Amended Complaint") as follows:

Dey denies all allegations contained in headings, unnumbered paragraphs, the "Wherefore" clause in the Amended Complaint, including the unnumbered Paragraph on pages 1-2 of the Amended Complaint.

1.      Dey denies the allegations in Paragraph 1 of the Amended Complaint.

2.      Dey denies the allegations in Paragraph 2 of the Amended Complaint.

3.      Dey denies the allegations in Paragraph 3 of the Amended Complaint.

4.      Dey denies the allegations in Paragraph 4 of the Amended Complaint.

5.      Dey denies the allegations in Paragraph 5 of the Amended Complaint.

6.      Dey denies the allegations in Paragraph 6 of the Amended Complaint.

7.      Dey denies the allegations in Paragraph 7 of the Amended Complaint.

8.      Dey denies the allegations in Paragraph 8 of the Amended Complaint, except admits that Dey, L.P. has transacted business within the District of Massachusetts.

9.      Dey denies the allegations in Paragraph 9 of the Amended Complaint, except admits that Dey, L.P. has transacted business within the District of Massachusetts.

10.      Dey denies having knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 10 of the Amended Complaint and, therefore, denies those allegations.

11.      Dey denies having knowledge or information sufficient to form a belief as to the allegations in the first, second, and third sentences of Paragraph 11 of the Amended Complaint, and therefore, denies those allegations.  Dey denies the allegations in the fourth sentence of Paragraph 11 and respectfully refers the Court to the referenced statute for a complete statement of its terms.  Dey denies the allegations in the fifth sentence of Paragraph 11.

12.      Dey  admits the allegations in Paragraph 12 of the Amended Complaint.

13.      Dey admits the allegations in the first three sentences of Paragraph 13 of the Amended Complaint.  Dey denies the allegations in the last sentence of Paragraph 13 of the Amended Complaint.

14.      Dey admits the allegations in the first three sentences of Paragraph 14 of the Amended Complaint.  Dey admits the allegations in the second sentence of Paragraph 14. Dey denies the allegations in the last sentence of Paragraph 14.

15.      Dey denies the allegations in Paragraph 15 under heading IV in the Amended Complaint.

15.      Dey denies the allegations in Paragraph 15 under heading V, subheading

A, of the Amended Complaint and respectfully refers the Court to the referenced statute for a complete statement of its terms.

16.     Dey denies the allegations in Paragraph 16 under heading V, subheading A, of the Amended Complaint and respectfully refers the Court to the referenced statutes for a complete statement of their terms.

17.     Dey denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 under heading V, subheading B, of the Amended Complaint, and therefore denies those allegations and respectfully refers the Court to the referenced statute for a complete statement of its terms.

18.     Dey denies the allegations in Paragraph 17 under heading V, subheading B, of the Amended Complaint and respectfully refers the Court to the referenced statute for a complete statement of its terms.

16.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 under heading VI in the Amended Complaint and, therefore, denies those allegations.

17.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 under heading VI, subheading A, in the Amended Complaint and, therefore, denies those allegations.

18.     The allegations in Paragraph 18 under heading VI, subheading A, in the Amended Complaint are legal conclusions to which no response is required and Dey denies the allegations.  To the extent a response is required, Dey denies the allegations in Paragraph 18

under heading VI, subheading A, and respectfully refers the Court to the referenced statute for a complete statement of its terms.

19.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint, and therefore, denies those allegations.

20.     The allegations in Paragraph 20 of the Amended Complaint are legal conclusions to which no response is required, and Dey denies the allegations and respectfully refers the Court to the referenced statutes for a complete statement of their terms.

21.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint, and therefore, denies those allegations.

22.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint, and therefore, denies those allegations.

23.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint, and therefore denies those allegations.

24.     Dey denies having knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 24 of the Amended Complaint, and therefore denies those allegations.  Dey denies the allegations in the second sentence of Paragraph 24 of the Amended Complaint and respectfully refers the Court to the referenced statutes for a complete statement of their terms.

- 4 -

25.     The allegations in Paragraph 25 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Dey denies having knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 25 of the Amended Complaint, and therefore denies those allegations. Dey denies having knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 25 of the Amended Complaint, and therefore denies those allegations.  Dey denies having knowledge or information sufficient to form a belief as to the allegations in the third sentence of Paragraph 25 of the Amended Complaint and therefore denies those allegations and respectfully refers the Court to the referenced statutes for a complete statement of their terms.

26.     Dey denies the allegations in Paragraph 26 of the Amended Complaint and respectfully refers the Court to the referenced statutes for a complete statement of their terms.

27.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint and therefore denies those allegations and respectfully refers the Court to the referenced statutes for a complete statement of their terms.

28.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint, and therefore denies those allegations.

29.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint, except Dey admits that

its five-digit labeler code is 49502 and that it has sold Albuterol, Albuterol Sulfate, Cromolyn Sodium, and Ipratropium Bromide in various package sizes and strengths.

30.     Dey denies the allegations in Paragraph 30 of the Amended Complaint, except admits that Dey has not typically submitted claims for reimbursement to federal health care programs and that Dey marketed and sold its products to its customers, some of which purchased drugs from Dey and some of which purchased drugs from wholesalers and distributors.

31.     Dey denies the allegations in Paragraph 31 of the Amended Complaint and respectfully refers the Court to the rules, regulations, and procedures in place in each State.

32.     Dey denies the allegations in Paragraph 32 of the Amended Complaint and respectfully refers the Court to the rules, regulations, and procedures in place in each State.

33.     Dey admits the allegations in the first sentence of Paragraph 33 of the Amended Complaint.  Dey admits the allegations in the second sentence of Paragraph 33 of the Amended Complaint.  Dey denies the allegations in the third sentence of Paragraph 33 of the Amended Complaint.

34.     Dey denies the allegations in Paragraph 34, except admits that Dey reports certain pricing information for its products to certain pharmaceutical industry compendia.

35.     Dey denies the allegations in Paragraph 35 of the Amended Complaint and respectfully refers the Court to the referenced documents as the best evidence of their contents.

36.     Dey denies the allegations in Paragraph 36 of the Amended Complaint.

37.     Dey denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Amended Complaint, and therefore denies those allegations.

38.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 38 of the Amended Complaint, and therefore denies those allegations, except admits that reimbursement formulas vary from state to state.

39.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint, and therefore denies those allegations.

40.     Dey denies the allegations in Paragraph 40 of the Amended Complaint.

41.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Amended Complaint, and therefore denies those allegations.

42.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint, and therefore denies those allegations.

43.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Amended Complaint, and therefore denies those allegations.

44.     Dey denies the allegations in Paragraph 44 of the Amended Complaint and respectfully refers the Court to the referenced statute for a complete statement of its terms.

45.     Dey denies the allegations in the first sentence of Paragraph 45 of the Amended Complaint and respectfully refers the Court to the referenced statute for a complete statement of its terms.  Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 45 of the Amended Complaint, and therefore denies those allegations.

46.     Dey denies the allegations in Paragraph 46 of the Amended Complaint and respectfully refers the Court to the referenced statute for a complete statement of its terms.

47.     Dey denies the allegations in Paragraph 47 of the Amended Complaint and respectfully refers the Court to the referenced statutes and regulations for a complete statement of their terms.

48.     Dey denies having knowledge or information as to the truth of the allegations in Paragraph 48 of the Amended Complaint, and therefore denies those allegations.

49.     Dey denies having knowledge or information as to the truth of the allegations in Paragraph 49 of the Amended Complaint, and therefore denies those allegations.

50.     Dey denies the allegations in Paragraph 50 of the Amended Complaint.

51.     Dey denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Dey denies the allegations in Paragraph 52 of the Amended Complaint.

53.     Dey denies the allegations in Paragraph 53 of the Amended Complaint and respectfully refers the Court to the entirety of the referenced memorandum for the best evidence of its contents.

54.     Dey denies the allegations of Paragraph 54 of the Amended Complaint and respectfully refers the Court to the entirety of the referenced marketing plan for the best evidence of its contents.

55.     Dey denies the allegations in Paragraph 55 of the Amended Complaint, including the allegations set forth in Exhibit A to the Amended Complaint, except admits that competition tended to lower Dey's prices to wholesalers and other customers over time.

56.     Dey denies the allegations in Paragraph 56 of the Amended Complaint, except admits that the AWPs for the referenced products stayed constant during the referenced time periods, while other sales prices for Dey products were lowered over time.

57.     Dey denies the allegations in Paragraph 57 of the Amended Complaint and respectfully refers the Court to the referenced document as the best evidence of its contents.

58.     Dey denies the allegations in Paragraph 58 of the Amended Complaint.

59.     Dey denies the allegations in Paragraph 59 of the Amended Complaint and respectfully refers the Court to the entirety of the referenced communication as the best evidence of its contents.

60.     Dey denies the allegations in Paragraph 60 of the Amended Complaint, except admits that competition tended to cause Dey to lower prices to wholesalers and other customers over time, and that Dey generally did not lower its AWPs for the subject drugs.

61.     Dey denies the allegations in Paragraph 61 of the Amended Complaint.

62.     Answering Paragraph 62 of the Amended Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 61 of the Amended Complaint.

63.     Dey denies the allegations in Paragraph 63 of the Amended Complaint.

64.     Dey denies the allegations in Paragraph 64 of the Amended Complaint.

65.     Answering Paragraph 65 of the Amended Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 61 of the Amended Complaint.

66.     Dey denies the allegations in Paragraph 66 of the Amended Complaint.

67.     Dey denies the allegations in Paragraph 67 of the Amended Complaint.

68.     Answering Paragraph 68 of the Amended Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 61 of the Amended Complaint.

69.     To the extent the allegations in Paragraph 69 of the Amended Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 69 of the Amended Complaint.

70.     Dey denies the allegations in Paragraph 70 of the Amended Complaint.

71.     To the extent the allegations in Paragraph 71 of the Amended Complaint state legal conclusions, no response is required.  To the extent a response is required, Dey denies the allegations in Paragraph 71 of the Amended Complaint.

72.     Answering Paragraph 72 of the Amended Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 61 of the Amended Complaint.

73.     Dey denies the allegations in Paragraph 73 of the Amended Complaint.

74.     Dey denies the allegations in Paragraph 74 of the Amended Complaint.

75.     Dey denies the allegations in Paragraph 75 of the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiff fails to state a claim against Dey upon which relief may be granted.

### Second Defense

Some or all of Plaintiff's claims against Dey are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

The United States has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Dey as alleged in the Amended Complaint, and the Plaintiff's claims should barred for failure to prosecute.

### Fourth Defense

To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, they are barred from seeking recovery against Dey based on the Amended Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Fifth Defense

Plaintiff's claims against Dey are barred, in whole or in part, by the First Amendment to the United States Constitution.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has

released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### Seventh Defense

Any and all actions taken by Dey with respect to any of the matters alleged in the Amended Complaint were taken in good faith and in accordance with established industry practice.

### Eighth Defense

Plaintiff's claims against Dey are barred because Dey has complied with all applicable regulations of the federal and state governments.

### Ninth Defense

Plaintiff's claims against Dey are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

### Tenth Defense

Plaintiff's claims against Dey are barred, in whole or in part, because they violate Dey's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, because Dey's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss.

### Twelfth Defense

Plaintiff fail to state with particularity facts to support the fraud and fraud-based allegations against Dey contained in the Amended Complaint.

### Thirteenth Defense

Plaintiff's claims against Dey are barred, in whole or in part, because Dey did not make any false statements to the United States or to any State.  As to any statement asserted against Dey that Plaintiff allege to be false or misleading, Dey had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Fourteenth Defense

Plaintiff's claims against Dey are barred because Dey did not directly or indirectly engage in any conduct in violation of state or federal law.  All of Dey's acts and/or omissions were justified, fair, lawful, and/or not fraudulent.

### Fifteenth Defense

To the extent that Plaintiff seeks equitable relief against Dey, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of mistake and mutual mistake.

### Seventeenth Defense

To the extent that Plaintiff seeks injunctive relief against Dey, such relief is barred by the doctrines of *in pari delicto* and/or unclean hands.

### Eighteenth Defense

Plaintiff's claims are barred to the extent that the claims involve drugs reimbursed or paid for without reference to AWP or WAC.

**Nineteenth Defense**

Plaintiff's claims against Dey are barred, in whole or on part, due to their failure to join indispensable parties.

**Twentieth Defense**

Plaintiff's claims against Dey are barred, in whole or on part, because the United States suffered no damages as a result of the matters alleged in the Amended Complaint.

**Twenty-First Defense**

Plaintiff's claims against Dey are barred, in whole or on part, because any injuries sustained by the United States were the result of its own conduct or the intervening or superseding conduct of third parties.

**Twenty-Second Defense**

Plaintiff's claims against Dey for damages are barred, in whole or in part, because: (1) the United States failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of fault, if any exists, attributable to Dey; (2) Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Amended Complaint; (3) by the doctrine of consent and/or ratification to the extent that United States has received and paid for drugs produced, marketed and sold by Dey after the filing of Relator's Amended Complaint in 1995; and (4) Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

**Twenty-Third Defense**

Dey is entitled to a set-off, should any damages be awarded against it, for the

entire amount of all damages or settlement amounts recovered by Plaintiff or any State, with respect to the same alleged injuries.

### Twenty-Fourth Defense

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Dey.

### Twenty-Fifth Defense

Plaintiff fails to allege facts or a cause of action against Dey sufficient to support a claim for attorneys' fees or treble damages.

### Twenty-Sixth Defense

Plaintiff's punitive damages claims and statutory penalty claims against Dey:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Amended Complaint are legally insufficient to support a claim against Dey for punitive damages; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Dey prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Dey's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the applicable law would violate Dey's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable States' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Dey for

punitive damages arising from the distribution, supply, marketing, sale, or use of Dey's drugs

and therapies would constitute impermissible multiple punishments for the same wrong, in

violation of Dey's due process and equal protection rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution and would constitute double jeopardy in violation

of the Constitution; (6) cannot be sustained because any award of punitive damages without the

apportionment of the award separately and severally between or among the joint tortfeasors, as

determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would

violate Dey's due process and equal protection rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution; and (7) cannot be sustained because any award of

punitive damages, which are penal in nature, without according Dey the same protections that are

accorded to all criminal defendants, including the protection against unreasonable searches and

seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a

speedy trial, and the effective assistance of counsel, would violate Dey's rights guaranteed by the

Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the

United States Constitution.

### Twenty-Seventh Defense

Plaintiff's claim for punitive damages and statutory penalties against Dey cannot

be sustained because an award of punitive damages by a jury that:  (1) is not provided

constitutionally adequate standards of sufficient clarity for determining the appropriate

imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately

instructed on the limits of punitive damages imposed by the applicable principles of deterrence

and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining

the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Dey, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Dey's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### Twenty-Eighth Defense

Plaintiff's claim for punitive damages and statutory penalties against Dey cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed:  (1) would violate Dey's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and (2) would violate Dey's right not to be subjected to an excessive award.

### Twenty-Ninth Defense

The granting of relief prayed for in Plaintiff's Amended Complaint is unconstitutional under the United States Constitution in that it violates Due Process and Equal Protection guarantees, places an undue burden on interstate commerce, and violates Constitutional proscriptions against excessive fines.

**Thirtieth Defense**

The granting of the relief prayed for in Plaintiff's Amended Complaint is unconstitutional in that it would violate Dey's right of commercial speech under the United States Constitution.

**Thirty-First Defense**

Plaintiff's Amended Complaint and each purported cause of action set forth against Dey are barred because Plaintiff lacks standing or capacity to bring some or all of the claims raised in this suit.

**Thirty-Second Defense**

Plaintiff's claims are time-barred by the applicable statute of limitations in whole or in part, including but not limited to the limitations set forth in 31 U.S.C. § 3731(b)(1) and 28 U.S.C. § 2415(a) and (b).

**Thirty-Third Defense**

Dey alleges, in the alternative and without admitting any liability whatsoever, and without admitting that the United States has suffered or will suffer any loss, damage, or injury whatsoever, that if such persons have suffered, or will in the future suffer, any loss, damage or injury, as alleged in Plaintiff's Amended Complaint or otherwise, the same is in the direct and proximate result, either entirely or partly, of the acts of third parties, and that said acts should proportionately reduce the recovery of such persons and the allocation of any fault attributed to Dey.

**Thirty-Fourth Defense**

Plaintiff's claims are barred by the filed-rate doctrine.

- 18 -

### Thirty-Fifth Defense

In the event of a determination that this action, or some part thereof, is governed by the substantive laws of one or more States other than of the United States, Dey asserts all defenses available to it under those States' common laws or statutes.

### Thirty-Sixth Defense

Plaintiff's claims are barred, in whole or in part, because Dey did not owe a duty to the United States.  Plaintiff's claims are barred, in whole or in part, because of a lack of privity between Dey and the United States.

### Thirty-Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine.

### Thirty-Eighth Defense

Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine.

### Thirty-Ninth Defense

Plaintiff's Amended Complaint and each purported cause of action set forth therein against Dey are barred, in whole or in part, by the doctrine of consent to the extent that the United States has received and paid for the subject drugs after the filing of the Relator's Amended Complaint and after first learning of the information that forms the basis for the allegations in the Amended Complaint.

### Fortieth Defense

Plaintiff's claims are barred, in whole or in part, by the Noerr-Pennington doctrine

to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Dey in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Forty-First Defense

To the extent Plaintiff's claims are based on alleged certifications, express or implied, those claims are barred, in whole or in part, because the payments at issue were not conditioned on the alleged certifications and the alleged certifications did not influence the payments at issue.

### Forty-Second Defense

To the extent civil penalties are sought against Dey, such civil penalties cannot be sustained because an award of the civil penalties would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII, and the Due Process Clauses of the Fifth and Fourteenth Amendments, U.S. Const. amend. V and XIV.

### Forty-Third Defense

This Court lacks subject matter jurisdiction over all or some of the claims asserted by Plaintiff for failure to comply with the terms of the federal False Claims Act, 31 U.S.C. § 3729-33.

### Forty-Fourth Defense

This Court lacks subject matter jurisdiction based on the doctrines of exclusive and primary jurisdiction and failure to exhaust administrative remedies.  Specifically, the action brought by Plaintiff is within the exclusive, or in the alternative, primary jurisdiction of the Department of Health and Human Services.

## Forty-Fifth Defense

Plaintiff's claims under the False Claims Act, 31 U.S.C. § 3729-3733, are barred because Dey did not act with the requisite intent.

## Forty-Sixth Defense

Plaintiff's claims under the False Claims Act, 31 U.S.C. § 3729-3733, are barred because the Attorney General did not have "good cause" for extensions of the seal.

## Forty-Seventh Defense

Plaintiff Ven-A-Care of the Florida Keys, Inc. lacks standing to pursue this action because the allegations in the Amended Complaint are based upon public disclosures of information and it was not the "original source" of that information pursuant to 31 U.S.C. § 3730.

## Forty-Eighth Defense

Some or all of Plaintiff's claims against Dey arise from the States' failure to follow their federal and state statutory and regulatory obligations.

## Forty-Ninth Defense

The claims alleged herein, based on the facts alleged, are barred, in whole or in part, by the United States' or the States' culpable intervening conduct. Among other things, the claims disregard the States' obligations under federal law, and they ignore the States' affirmative misstatements and declarations that were intended to cover up and hide from view of the federal regulatory authority, and the States' citizens and taxpayers, the States' failings referenced herein, as well as other inappropriate conduct by the States.

### Fiftieth Defense

The Amended Complaint fails to sufficiently or specifically plead special damages as required by FED. R. CIV. P. 9(g).

### Fifty-First Defense

Plaintiff's claims against Dey are barred, in whole or in part, because Dey's conduct as alleged in the Amended Complaint was not material to any alleged payment of any alleged false or fraudulent claims.

### Fifty-Second Defense

Plaintiff's claims against Dey are barred, in whole or in part, because the United States did not rely on Dey's conduct as alleged in the Amended Complaint.

### Fifty-Third Defense

Plaintiff's claims against Dey are barred, in whole or in part, by the existence of and the terms of the written rebate agreement between Dey and the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and all States, entitled, "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturer Identified in Section XI of this Agreement", which was entered into pursuant to 42 U.S.C. § 1396r-8.

### Fifty-Fourth Defense

Plaintiff's claims against Dey are barred, in whole or in part, because Plaintiff's enforcement of the False Claims Act intentionally treats Dey differently from its similarly situated competitors without a rational basis and, therefore, violates the Equal Protection Clauses of the United States Constitution.

### Fifty-Fifth Defense

Plaintiff's claims against Dey are barred, in whole or in part, because the applicable statute and regulations relied upon by Plaintiff in its Amended Complaint are unconstitutionally vague as applied to Dey in violation of Dey's rights under the due process clauses of the United States Constitution.

### Fifty-Sixth Defense

Plaintiff is estopped from claiming entitlement to the sum they seek because they have known throughout the relevant time period, from various public sources, including government reports prepared by the United States, that the AWPs and WACs published in industry sources were not what Plaintiff now claims them to have been.  The United States was aware that the reimbursement rates used by the States to reimburse providers were greater than the acquisition cost of those drugs, and knowingly authorized state plans with reimbursement rates higher than the acquisition cost for policy reasons.

### Fifty-Seventh Defense

The United States was negligent, careless, committed willful misconduct or was otherwise at fault in and about the matter referred to in the Amended Complaint, and such conduct on the part of the United States caused and contributed to the injury complained of, if any actually occurred.

### Fifty-Eighth Defense

The United States directed, ordered, approved and/or ratified Dey's conduct, and the United States is, therefore, barred from asserting any claims based thereon.

## Fifty-Ninth Defense

The States contribute funding from for a percentage of the prescription drug reimbursements made under the Medicaid program.  Any of the Plaintiff's recovery should be substantially if not entirely set off by appropriate percentages of those amounts and should also be reduced by any benefits and rebates they received from Dey.

## Sixtieth Defense

Plaintiff's claims against Dey for damages are barred, in whole or in part, because the Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Amended Complaint.

## Sixty-First Defense

Plaintiff's claims for damages against Dey are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the Plaintiff has received and paid for pharmaceuticals manufactured, marketed and sold by Dey after the filing of the Plaintiff's Amended Complaint and after first learning of the information that forms the basis for the allegations in the Amended Complaint.

## Sixty-Second Defense

Plaintiff's claims against Dey are barred, in whole or in part, for failure to comply with the federal False Claims Act, 31 U.S.C. § 3729-33.

## Sixty-Third Defense

Plaintiff's claims against Dey are barred, in whole or in part, for failure to comply with the Federal Rules of Civil Procedure while this action remained sealed.

### Sixty-Fourth Defense

Dey hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves their right to amend its answer to assert such defense.

### Sixty-Fifth Defense

Plaintiff's claims against Dey are barred, in whole or in part, because Plaintiff has known throughout the relevant time period, from various public sources, including Dey's published WACs, government reports prepared by the United States, and other documents, that the acquisition costs for Dey's drugs named in the Amended Complaint were significantly lower than the AWP prices published in industry sources, and that so-called mega-spreads existed as a result.

### Sixty-Sixth Defense

Plaintiff's claims for damages under the Medicaid and Medicare programs are barred, in whole or in part, to the extent it reimbursed drugs not manufactured by Dey, reimbursed fraudulent claims filed by providers, and/or reimbursed based on a methodology unrelated to AWP or WAC.

### Sixty-Seventh Defense

Dey's published WAC prices were transactional prices which declined over time. Plaintiff's claims are therefore barred in whole or in part.

### Sixty-Eighth Defense

Plaintiff suffered no damages because, pursuant to federal and state statutes,

regulations and rules, Plaintiff was prohibited from reimbursing the provider at an amount greater than the provider's usual and customary or billed charge.  Any reimbursement based on AWP or WAC was lower than these provider-certified charges, and hence no overpayment occurred.

## DEMAND FOR JURY TRIAL

Dey hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on every claim and issue so triable.

**WHEREFORE**, Dey respectfully requests that the Court:

1.      Dismiss the United States' First Amended Complaint with prejudice and enter judgment in favor of Dey and against Plaintiff;

2.      Award Dey its costs, expenses, and attorneys' fees; and

3.      Grant Dey such other, further, and different relief as the Court deems to be just and proper.

Of Counsel:                                    Respectfully Submitted,

                                               KELLEY DRYE & WARREN LLP

                                               By:___/s/ Neil Merkl_____
                                                   Paul F. Doyle (BBO #133460)
                                                   Sarah L. Reid
                                                   William A. Escobar (admitted *pro hac vice*)
                                                   Neil Merkl (admitted *pro hac vice*)
                                                   Christopher C. Palermo (admitted *pro hac vice*)
                                                   Philip D. Robben (admitted *pro hac vice*)

                                               101 Park Avenue
                                               New York, NY 10178
                                               Telephone: (212) 808-7800

- 26 -

Facsimile: (212) 808-7897

-and-

By: ___/s/ Martin F. Murphy_____
Martin F. Murphy (BBO # 363250)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110
Telephone:  (617) 832-1000
Facsimile:  (617) 832-7000

Dated: October 16, 2008                    *Attorneys for Defendants Dey, Inc.,*
                                           *Dey L.P., Inc. and Dey, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I, Neil Merkl, hereby certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on October 16, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

<u>      /s/ Neil Merkl           </u>
Neil Merkl

- 28 -