# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 Master File No.: 01-CV-12257-PBS (original S.D. Iowa No. 4:07-cv-00461-JAJ-CFB) |
| THIS DOCUMENT RELATES TO: *State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

## ANSWER AND AFFIRMATIVE DEFENSES OF PURDUE PHARMA L.P., THE PURDUE FREDERICK COMPANY, AND THE PURDUE PHARMA COMPANY TO THE STATE OF IOWA'S COMPLAINT

Purdue Pharma L.P., The Purdue Frederick Company, and The Purdue Pharma Company (collectively, "Purdue"), by and through their attorneys, hereby state as an Answer and Affirmative Defenses to the State of Iowa's Complaint, dated October 9, 2007, as follows:

## PRELIMINARY STATEMENT

The State of Iowa's Complaint (the "Complaint") improperly refers to Purdue, other Defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Purdue.  This is insufficient to apprise Purdue of the allegations asserted against it.  Purdue has nevertheless attempted to respond to Plaintiff's allegations to the extent possible.

To the extent the allegations in the Complaint refer to the knowledge, conduct, or actions of other persons or entities, Purdue is generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  Purdue states that it is answering

Plaintiff's allegations solely on behalf of itself, even when Plaintiff's allegations refer to alleged conduct by Purdue and other persons or entities.

The Complaint also contains purported quotations from a number of sources.  In answering allegations consisting of quotations, Purdue's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or Purdue's reference to the full document instead of the quotation shall not constitute an admission that the substantive content of the quotation or document is or is not true or that the material is relevant or admissible in this action.

Purdue denies each and every allegation contained in the Complaint and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any particular averment or in the Complaint as a whole.  In addition, to the extent that factual allegations are contained in headings, footnotes, or unnumbered paragraphs in the Complaint, Purdue denies such allegations, or is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies them.  For ease of reference, Purdue has included in this Answer and Affirmative Defenses certain captions used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, those captions.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## SPECIFIC RESPONSES

1.      Purdue admits that the State of Iowa (the "State") seeks to bring this action as alleged in Paragraph 1 of the Complaint, but Purdue denies that there is any basis for the State to

do so and denies that the State is entitled to any relief.  To the extent that Paragraph 1 states conclusions or characterizations of law, no response is required.

2.      To the extent the allegations in Paragraph 2 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 2 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 2 states conclusions or characterizations of law, no response is required.

3.-4.   To the extent the allegations in Paragraphs 3-4 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraphs 3-4 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

5.      Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 6 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

7.-8.   Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7-8.  To the extent that Paragraphs 7-8 state conclusions or characterizations of law, no response is required.

9.      To the extent the allegations in Paragraph 9 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 9 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 9 states conclusions or characterizations of law, no response is required.

10.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and footnote 1, except that Purdue admits that it pays

Medicaid rebates to Iowa and that such rebates lower the price Iowa Medicaid pays for Purdue's prescription drugs.  To the extent the allegations in Paragraph 10 or its footnote refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.

11.     Purdue states that no response is required to Paragraph 11 because the Court has already dismissed all "Best Price claims" as to Purdue.  To the extent that a response may be required, Purdue denies the allegations in Paragraph 11 as to Purdue.  To the extent the allegations in Paragraph 11 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

12.     To the extent the allegations in Paragraph 12 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 12 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

13.     To the extent the allegations in Paragraph 13 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 13 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

14.     Purdue denies the allegations of Paragraph 14, except admits that Purdue Pharma L.P. and The Purdue Frederick Company participated in Iowa Medicaid as a result of its federal Medicaid agreement with CMS (formerly HCFA).  To the extent the allegations in Paragraph 14 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 14 states conclusions or characterizations of law, no response is required.

15.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.  To the extent the allegations in Paragraph 15 refer to judicial

opinions, Purdue respectfully refers the Court to those opinions for a full and fair reading of them.  To the extent that Paragraph 15 states conclusions or characterizations of law, no response is required.

16.     To the extent the allegations in Paragraph 16 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 16 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 16 states conclusions or characterizations of law, no response is required.

17.     To the extent the allegations in Paragraph 17 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 17 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 17 states conclusions or characterizations of law, no response is required.

18.     Purdue admits that Exhibit B to the Complaint purports to identify the specific National Drug Codes ("NDCs") at issue in this matter, but denies any liability to Plaintiff with respect to any such NDCs.  To the extent the allegations in Paragraph 18 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

19.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.  To the extent the allegations in Paragraph 19 refer to statutes, regulations, or other legal authority, Purdue respectfully refers the Court to those provisions for a full and fair reading of them.   To the extent that Paragraph 19 states conclusions or characterizations of law, no response is required.

20.     To the extent that the allegations in Paragraph 20 are directed at Purdue, Purdue denies them, except Purdue admits that it manufactures and sells prescription drugs and that it participates in the Iowa Medicaid Program.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent that Paragraph 20 states conclusions or characterizations of law, no response is required.

21.     Purdue admits that it conducts business in the State of Iowa.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.-47.  The allegations in Paragraphs 22-47 are directed to other Defendants and require no response from Purdue.  To the extent a response is deemed to be required, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 22-47.

48.     With respect to the allegations in Paragraphs 48(a)-(c), Purdue admits that Purdue Pharma L.P. is a Delaware limited partnership; The Purdue Frederick Company is a New York corporation; The Purdue Pharma Company was a Delaware general partnership; Purdue's principal place of business is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut; and Purdue is engaged in manufacturing and selling brand-name prescription drugs. Purdue otherwise denies the allegations in Paragraph 48 of the Complaint.

49.-54.  The allegations in Paragraphs 49-54 are directed to other Defendants and require no response from Purdue.  To the extent a response is deemed to be required, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 49-54.

55.     Purdue denies each and every allegation in Paragraph 55 as to Purdue, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.   To the extent that Paragraph 55 states conclusions or characterizations of law, no response is required.

56.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.   To the extent that Paragraph 56 states conclusions or characterizations of law, no response is required.

57.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, except Purdue denies that it participated in the offenses alleged in the Complaint.   To the extent that Paragraph 57 states conclusions or characterizations of law, no response is required.

58.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.   To the extent that Paragraph 58 states conclusions or characterizations of law, no response is required.

59.     Purdue admits that the State seeks to bring this action as alleged in Paragraph 59, but Purdue denies there is any basis for the State to do so and denies that the State is entitled to any relief.

60.-61.   Paragraphs 60-61 state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, Purdue denies the allegations in Paragraphs 60-61 as to Purdue.   To the extent the allegations in Paragraph 61 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.   To the extent the allegations in Paragraphs 60-61 refer to statutes, Purdue respectfully refers the Court to those provisions for a full and fair reading of them.

62.     With respect to the allegations in Paragraph 62, Purdue admits that Medicaid was established by Title XIX of the Social Security Act.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.  To the extent the allegations in Paragraph 62 refer to statutes, Purdue respectfully refers the Court to those provisions for a full and fair reading of them.  To the extent that Paragraph 62 states conclusions or characterizations of law, no response is required.

63.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, except Purdue admits that state participation in Medicaid is voluntary.  To the extent the allegations in Paragraph 63 refer to statutes, Purdue respectfully refers the Court to those provisions for a full and fair reading of them.  To the extent that Paragraph 63 states conclusions or characterizations of law, no response is required.

64.-65.  Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 64-65.  To the extent the allegations in Paragraphs 64-65 refer to statutes, Purdue respectfully refers the Court to those provisions for a full and fair reading of them.  To the extent that Paragraphs 64-65 state conclusions or characterizations of law, no response is required.

66.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, except Purdue admits that there is a separate National Drug Code ("NDC") that identifies each dosage and package size of each drug manufactured by Purdue.

67.     To the extent the allegations in Paragraph 67 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and fair reading of them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 67.  To the extent that Paragraph 67 states conclusions or characterizations of law, no response is required.

68.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.  To the extent the allegations in Paragraph 68 refer to an OIG report, Purdue respectfully refers the Court to that report for a full and fair reading of it.

69.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.  Purdue further states that at all times relevant to the Complaint, the State and/or its agents knew that AWP was a reference or benchmark price that was ordinarily higher than retailer acquisition cost for brand name prescription drugs.  To the extent that Paragraph 71 states conclusions or characterizations of law, no response is required.

72.     Purdue denies each and every allegation in Paragraph 72 as to Purdue.  Purdue further states that at all times relevant to the Complaint, the State and/or its agents knew that AWP was a reference or benchmark price that was ordinarily higher than retailer acquisition cost for brand name prescription drugs.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73.-80.  To the extent the allegations in Paragraphs 73-80 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 73-80 or their subsections.  To the extent the allegations in Paragraphs 73-80 or their subsections refer to statutes or regulations, Purdue respectfully

refers the Court to those provisions for a full and complete reading of them. To the extent that Paragraphs 73-80 state conclusions or characterizations of law, no response is required.

81. Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, except that Purdue admits that pricing compendia such as First DataBank and Medi-Span publish pricing information, and denies that Purdue has any control over the information that such pricing compendia publish.

82. To the extent the allegations in Paragraph 82 are directed at Purdue, Purdue denies them. To the extent the allegations in Paragraph 82 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

83. Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84. To the extent the allegations in Paragraph 84 are directed at Purdue, Purdue denies them. To the extent the allegations in Paragraph 84 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth. To the extent that Paragraph 84 states conclusions or characterizations of law, no response is required.

85. To the extent the allegations in Paragraph 85 are directed at Purdue, Purdue denies them, except that Purdue admits that Exhibit A purports to identify total expenditures for the drugs for which Plaintiff asserts claims, and Purdue denies that Exhibit A is accurate as to Purdue. To the extent the allegations in Paragraph 85 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth. To the extent that Paragraph 85 states conclusions or characterizations of law, no response is required.

86.     To the extent the allegations in Paragraph 86 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 86 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 86 states conclusions or characterizations of law, no response is required.

87.-89.  To the extent the allegations in Paragraphs 87-89 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraphs 87-89 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraphs 87-89 state conclusions or characterizations of law, no response is required.

90.-92.  To the extent the allegations in Paragraphs 90-92 are directed at Purdue, Purdue denies them.  Purdue further states that these allegations wrongly assume that discounts, chargebacks, and other price concessions are supposed to be included in prices reported to industry compendia.  To the extent the allegations in Paragraphs 90-92 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraphs 90-92 state conclusions or characterizations of law, no response is required.

93.-98.  To the extent the allegations in Paragraphs 93-98 are directed at Purdue, Purdue denies them, except Purdue admits that it has provided the list price of its drugs to certain industry pricing compendia and that publishers apply their own markups to list prices.  Purdue further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the

allegations in Paragraphs 93-98 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraphs 93-98 state conclusions or characterizations of law, no response is required.

99.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.     To the extent the allegations in Paragraph 100 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 100 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 100 states conclusions or characterizations of law, no response is required.

101.     To the extent the allegations in Paragraph 101 or the exhibit referenced therein are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 101 or the exhibit referenced therein are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 101 states conclusions or characterizations of law, no response is required.

102.-108.  The allegations in Paragraphs 102-108 require no response from Purdue on the grounds that Exhibit B does not name any Purdue drugs subject to the FUL.  To the extent a response is deemed to be required, Purdue denies the allegations in Paragraphs 102-108 as to Purdue.  To the extent the allegations in Paragraphs 102-108 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraphs 102-108 state conclusions or characterizations of law, no response is required.

109.    The allegations in Paragraph 109 require no response from Purdue on the grounds that the Iowa SMAC claims have been dismissed by the Court.  To the extent that a response may be required, Purdue denies each and every allegation in Paragraph 109 as to Purdue, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

110.-128.  To the extent the allegations in Paragraphs 110-128 are directed at Purdue, Purdue denies them, except Purdue admits that it has executed a rebate agreement with HHS. Purdue further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Purdue.   In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 110-128 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 110-128 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.  To the extent that Paragraphs 110-128 state conclusions or characterizations of law, no response is required.

129.-132.  To the extent the allegations in Paragraphs 129-132 are directed at Purdue, Purdue denies them, and further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to Purdue.  To the extent the allegations in Paragraphs 129-132 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 129-132 refer to statutes, regulations, or reports, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.   To the extent that Paragraphs 129-132 state conclusions or characterizations of law, no response is required.

133.    To the extent the allegations in Paragraph 133 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 133 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

134.    To the extent the allegations in Paragraph 134 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 134 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 134 refer to the transcript of a congressional hearing, Purdue respectfully refers the Court to that transcript for a full and complete reading of its contents.

135.    To the extent the allegations in Paragraph 135 are directed at Purdue, they are denied, except Purdue states that it considers its competitively sensitive pricing information confidential and seeks to maintain the confidentiality of such competitively sensitive pricing information.  To the extent the allegations in Paragraph 135 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

136.    To the extent the allegations in Paragraph 136 are directed at Purdue, they are denied, except Purdue states it considers its competitively sensitive pricing information confidential and seeks to maintain the confidentiality of such competitively sensitive pricing information.  To the extent the allegations in Paragraph 136 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

137.    To the extent the allegations in Paragraph 137 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 137 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

138.     To the extent the allegations in Paragraph 138 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 138 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 138 refer to the transcript of a congressional hearing, Purdue respectfully refers the Court to that transcript for a full and complete reading of its contents.

139.     To the extent the allegations in Paragraph 139 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 139 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 139 refer to the transcript of a congressional hearing, Purdue respectfully refers the Court to that transcript for a full and complete reading of its contents.

140.     To the extent the allegations in Paragraph 140 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 140 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

141.     To the extent the allegations in Paragraph 141 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 141 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

142.     To the extent the allegations in Paragraph 142 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 142 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

143.     To the extent the allegations in Paragraph 143 are directed at Purdue, Purdue denies them.  Purdue further states that for years, and at all times relevant to the Complaint, it

has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices. To the extent the allegations in Paragraph 143 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

144.    To the extent the allegations in Paragraph 144 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 144 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 144 states conclusions or characterizations of law, no response is required.

145.    Purdue denies that it reported WACs that are in any way false, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145.  To the extent that Paragraph 145 states conclusions or characterizations of law, no response is required.

146.    To the extent the allegations in Paragraph 146 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 146 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 146 states conclusions or characterizations of law, no response is required.

147.    To the extent the allegations in Paragraph 147 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 147 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 147 states conclusions or characterizations of law, no response is required.

148.    To the extent the allegations in Paragraph 148 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 148 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

149.-150.  To the extent the allegations in Paragraphs 149-150 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraphs 149-150 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

151.    To the extent the allegations in Paragraph 151 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 151 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

152.    To the extent the allegations in Paragraph 152 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 152 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 152 refer to the transcript of a congressional hearing, Purdue respectfully refers the Court to that transcript for a full and complete reading of its contents.

153.-154.  To the extent the allegations in Paragraphs 153-154 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraphs 153-154 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraphs 153-154 state conclusions or characterizations of law, no response is required.

155.-157.  To the extent the allegations in Paragraphs 155-157 are directed at Purdue, Purdue denies them.  Purdue further states that for years, and at all times relevant to the

Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 155-157 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 155-157 refer to HHS OIG reports, Purdue respectfully refers the Court to those reports for a full and complete reading of their contents.  To the extent that Paragraphs 155-157 state conclusions or characterizations of law, no response is required.

158.    To the extent the allegations in Paragraph 158 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 158 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 158 states conclusions or characterizations of law, no response is required.

159.-165.  To the extent the allegations in Paragraphs 159-165 are directed at Purdue, Purdue denies them, except Purdue admits that it participates in the Federal Medicaid Rebate Program through which Iowa Medicaid reimburses providers for Purdue drugs.  Purdue further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average.  To the extent the allegations in Paragraphs 159-165 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 159-165 refer to judicial opinions, Purdue respectfully refers the Court to those opinions for a full and complete reading of their contents.

To the extent that Paragraphs 159-165 state conclusions or characterizations of law, no response is required.

166.    To the extent the allegations in Paragraph 166 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 166 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraph 166 states conclusions or characterizations of law, no response is required.

167.-171.  To the extent that the allegations in Paragraphs 167-171 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 167-171.  To the extent that Paragraphs 167-171 state conclusions or characterizations of law, no response is required.

172.-177.  With respect to the allegations in Paragraphs 172-177, Purdue admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter, but Purdue denies the accuracy of the data listed therein as to Purdue.  To the extent the remaining allegations in Paragraphs 172-177 or Exhibit B are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraphs 172-177 or Exhibit B are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent that Paragraphs 172-177 state conclusions or characterizations of law, no response is required.

178.    To the extent the allegations in Paragraph 178 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 178 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To

the extent that Paragraph 178 states conclusions or characterizations of law, no response is required.

179.     To the extent the allegations in Paragraph 179 are directed at Purdue, Purdue denies them, except Purdue states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraph 179 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

180.     To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 180 or the exhibit referenced therein are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.

181.-506.  The allegations in Paragraphs 181-506 are directed to other Defendants and require no response from Purdue.  To the extent a response is deemed to be required, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 181-506.

507.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 507, its footnote, or the exhibit referenced therein, except Purdue denies that Plaintiff is entitled to any relief for the Purdue NDCs it identifies in Exhibit B-27.

508.     Purdue denies each and every allegation in Paragraph 508 and the exhibit referenced therein.

509.     Purdue denies each and every allegation in Paragraph 509 and the exhibit referenced therein as to Purdue, and states that it does not control the pricing information that

independent third-party pricing compendia publish.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 509.  To the extent that Paragraph 509 states conclusions or characterizations of law, no response is required.

510.    Purdue denies each and every allegation in Paragraph 510 and the exhibit referenced therein as to Purdue, and states that it does not control the pricing information that independent third-party pricing compendia publish.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 510.  To the extent that Paragraph 510 states conclusions or characterizations of law, no response is required.

511.    Purdue denies the allegations in Paragraph 511, except admits that Purdue Pharma L.P., The Purdue Frederick Company, The Purdue Pharma Company, or a related entity designed, manufactured, patented, developed, marketed, distributed, and sold OxyContin throughout the United States, including Iowa.

512.    Purdue denies the allegations in Paragraph 512, except it admits that it had an agreement with Abbott Laboratories ("Abbott") under which Abbott co-promoted OxyContin to a limited group of physicians.

513.    Purdue denies the allegations in Paragraph 513 as to Purdue, except it admits that it had an agreement with Abbott under which Abbott co-promoted OxyContin to a limited group of physicians.  To the extent Paragraph 513 is directed to other parties, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 513.

514.    Purdue denies the allegations in Paragraph 514.

515.    Purdue denies the allegations in Paragraph 515, except Purdue admits that a Purdue employee was referenced in an article published in *The Boston Globe* on April 13, 2005.  Purdue further states that for years, and at all times relevant to the Complaint, it has been

common knowledge throughout the industry that AWP is a benchmark price and not an average of prices charged by wholesalers.

516.    To the extent the allegations in Paragraph 516 are directed at Purdue, Purdue denies them, except Purdue admits that it received a letter from the House Committee on Energy and Commerce on or about June 26, 2003.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 516.

517.-613.  The allegations in Paragraphs 517-613 are directed to other Defendants and require no response from Purdue.  To the extent a response to these paragraphs is deemed to be required, Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 517-613.

614.-616.  To the extent the allegations in Paragraphs 614-616 are directed at Purdue, Purdue denies them.  Purdue otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 614-616.  To the extent the allegations in Paragraphs 614-616 state conclusions or characterizations of law, no response is required.

617.-632.  To the extent the allegations in Paragraphs 617-632 are directed at Purdue, Purdue denies them.  Purdue further states that for years, and at all times relevant to the Complaint, it has been common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 617-632 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 617-632 state conclusions or characterizations of law, no response is required.

## COUNT I

## VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396R-8
## (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

633.     In response to Paragraph 633, Purdue repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 632.

634.-642.   To the extent the allegations in Paragraphs 634-642 are directed at Purdue, Purdue states that no response is required because the Court has dismissed the claim to which these allegations relate.   To the extent that a response is still required, Purdue denies the allegations as to itself.  To the extent the allegations in Paragraphs 634-642 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 634-642 state conclusions or characterizations of law, no response is required.  To the extent the allegations in Paragraphs 634-642 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.

## COUNT II

## BREACH OF CONTRACT

643.     In response to Paragraph 643, Purdue repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 642.

644-651.   To the extent the allegations in Paragraphs 644-651 are directed at Purdue, Purdue states that the Court has dismissed the claim to which these allegations relate.  To the extent that a response is still required, Purdue denies the allegations as to itself.  To the extent the allegations in Paragraphs 644-651 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 644-651 state conclusions or characterizations of law, no response is

required.  To the extent the allegations in Paragraphs 644-651 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.

## COUNT III

## IOWA CONSUMER FRAUD ACT
### (Iowa Code § 714.16)

652.     In response to Paragraph 652, Purdue repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 651.

653.     To the extent the allegations in Paragraph 653 and the exhibits referenced therein are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 653 and the exhibits referenced therein are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 653 state conclusions or characterizations of law, no response is required.  To the extent the allegations in Paragraph 653 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.

654.     To the extent the allegations in Paragraph 654 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 654 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 654 state conclusions or characterizations of law, no response is required.

655.     To the extent the allegations in Paragraph 655 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 655 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 655 state conclusions or characterizations of law, no response is required.

656.     Purdue denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 656.  To the extent the allegations in Paragraph 656 refer to statutes, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.   To the extent the allegations in Paragraph 656 state conclusions or characterizations of law, no response is required.

657.     To the extent the allegations in Paragraph 657 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 657 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 657 state conclusions or characterizations of law, no response is required.   To the extent the allegations in Paragraph 657 refer to statutes or regulations, Purdue respectfully refers the Court to those provisions for a full and complete reading of them.

## COUNT IV

## FRAUD

658.     In response to Paragraph 658, Purdue repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 657.

659.     To the extent the allegations in Paragraph 659 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 659 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 659 state conclusions or characterizations of law, no response is required.

660.     To the extent the allegations in Paragraph 660 are directed at Purdue, Purdue denies them.  To the extent the allegations in Paragraph 660 are directed at parties other than

Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 660 state conclusions or characterizations of law, no response is required.

661.    To the extent the allegations in Paragraph 661 are directed at Purdue, Purdue denies them. To the extent the allegations in Paragraph 661 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 661 state conclusions or characterizations of law, no response is required.

662.    To the extent the allegations in Paragraph 662 are directed at Purdue, Purdue denies them. To the extent the allegations in Paragraph 662 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 662 state conclusions or characterizations of law, no response is required.

## COUNT V

## UNJUST ENRICHMENT

663.    In response to Paragraph 663, Purdue repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 662.

664.-666.  Purdue states that Plaintiff conceded that its unjust enrichment claims should be dismissed as to certain Defendants and certain drugs. To the extent that Plaintiff's unjust enrichment claims are not dismissed as to Purdue, Purdue denies each and every allegation set forth in Paragraphs 664-666 as to Purdue. To the extent the allegations in Paragraphs 664-666 are directed at parties other than Purdue, Purdue denies knowledge or information sufficient to

form a belief as to their truth.  To the extent the allegations in Paragraphs 664-666 contain legal conclusions, no response is required.

Purdue denies that the State is entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph following Paragraph 666 of the Complaint.

667.-675.  Purdue denies that there is any basis in law or fact for Plaintiff to obtain the relief requested in Paragraphs 667-675 of the Complaint.

## AFFIRMATIVE DEFENSES

Purdue reasserts and incorporates herein by reference the assertions of Paragraphs 1 through 675 hereof.

By alleging the matters set forth below, Purdue does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters, or that Plaintiff is relieved of its burden to prove each and every element of its claims and the damages, if any, to which it is entitled.  As for its affirmative defenses, Purdue alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Purdue upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because it did not rely on any alleged misrepresentations or fraud by Purdue.  Prior to the relevant time period stated in the Complaint, Plaintiff knew that providers could obtain Purdue drugs at prices below AWP.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the political-question and separation-of-powers doctrines.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, Plaintiff is barred from seeking recovery against Purdue based on the Complaint, pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Purdue in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction of, or otherwise compromised Plaintiff's claims.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employee Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Prescription Drug Improvement, and Modernization Act of 2003, including all amendments to the same and all regulations promulgated thereunder, and by the existence and terms of written rebate agreements with the

Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, including the State of Iowa.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state with particularity facts to support its claims of fraudulent conduct and fraudulent concealment and to support its allegations against Purdue regarding multi-source drugs.

## ELEVENTH AFFIRMATIVE DEFENSE

Any and all actions taken by Purdue with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a consumer within the meaning of the Iowa Consumer Fraud Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any allegedly fraudulent, deceptive, or unfair statement or conduct of Purdue was not directed to consumers as required under the Iowa Consumer Fraud Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue under the Iowa Consumer Fraud Act are barred in whole or in part to the extent that the Act: (i) does not allow (or did not allow at the time of the conduct alleged herein) for recovery by indirect purchasers; and (ii) does not govern conduct that was primarily interstate in nature.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a person within the meaning of the Iowa Consumer Fraud Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims against Purdue arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Purdue denies that Plaintiff has valid claims against Purdue under the Iowa Consumer Fraud Act or common law fraud.  However, if such claims are found to exist, Purdue pleads all available defenses under the Iowa Consumer Fraud Act and to common law fraud.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to seek equitable relief against Purdue, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for products manufactured, marketed, or sold by Purdue after the filing of the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue are barred, in whole or in part, due to its failure to join indispensable parties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue are barred, in whole or in part, because Plaintiff has not suffered damages as a result of the matters alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part: (1) because Plaintiff failed to mitigate damages, and that failure to mitigate damages should proportionately reduce the recovery of Plaintiff and the allocation of any fault, if any exists, attributable to Purdue; (2) because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) because damages are speculative and remote; and (4) because of the impossibility of ascertaining and allocating the alleged damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Purdue is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

All rebates paid by Purdue to the State of Iowa should be taken into account in determining the amount of damages, if any, to which Plaintiff is entitled.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue are barred, in whole or in part, because they violate Purdue's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Iowa Constitution, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue are barred because Plaintiff and/or its agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of pharmaceuticals.  Legal and equitable principles preclude this action for damages and injunctive relief.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims alleged herein, based on the facts alleged, are barred in whole or in part by Plaintiff's own negligence or gross negligence and the doctrines of comparative and/or contributory negligence.  Among other things, the claims disregard Iowa's obligations under federal law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's prayers for relief in the form of restitution are barred, in whole or in part, because Purdue did not retain any money belonging to Plaintiff as a result of any alleged overpayments.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for fraud and fraudulent concealment are barred because Plaintiff cannot predicate a claim for fraud on reliance by a third party.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue are barred because Plaintiff lacks standing or capacity to bring some or all of the claims asserted against Purdue under Iowa law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue are barred in whole or in part by the doctrine of voluntary payment.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue for unjust enrichment are barred because the Complaint does not allege that Purdue received any payment or property from Plaintiff.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief against Purdue are barred by the doctrines of *in pari delicto* and/or unclean hands.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue are misjoined with Plaintiff's claims against other Defendants and must be severed.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Any damages recovered by Plaintiff must be limited by any applicable statutory ceiling on recoverable damages.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Purdue: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Purdue; (3) cannot be sustained because the laws regarding the standards for determining liability for, and the amount of, punitive damages fail to give Purdue prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Purdue's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution; and (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the law would violate Purdue's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and be improper under the Iowa Constitution and Iowa common law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts or a cause of action against Purdue sufficient to support a claim for prejudgment interest or any other relief.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff has not suffered, and will not suffer, any injuries to a legally protected or cognizable interest by reason of the conduct of Purdue as alleged in the Complaint.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue are barred because Purdue has complied with all applicable regulations of the federal and state governments.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Purdue are barred, in whole or in part, because Purdue did not make any false statements to Plaintiff.  As to any statement asserted against Purdue that Plaintiff alleges to be false or misleading, Purdue had no reasonable grounds to believe, and did not believe at the time such statement was made, that the statement was false or misleading.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts or a cause of action sufficient to support a claim against Purdue for compensatory damages, attorneys' fees, enhanced damages, treble damages, and/or legal fees or costs.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Purdue adopts by reference any additional, applicable defense pled by any other Defendant not otherwise pled herein.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Purdue hereby gives notice that it intends to rely upon any other additional defense that is now or may become available or appear during, or as a result of, the discovery proceedings in this action and hereby reserves its right to amend its Answer to assert such defense.

WHEREFORE, Purdue demands judgment dismissing the Complaint with prejudice, awarding reasonable attorneys' fees and costs incurred herein, and awarding further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  October 20, 2008

/s/ Lori A. Schechter
Lori A. Schechter
Tiffany Cheung
**Morrison & Foerster LLP**
425 Market Street
San Francisco, CA 94105
Telephone:  (415) 268-7000
Facsimile:   (415) 268-7522

Counsel for Defendants Purdue Pharma L.P., The Purdue Frederick Company, and The Purdue Pharma Co.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was delivered to all counsel of record by sending a copy to LexisNexis File and Serve, on October 20, 2008, for posting and notification to all parties.

/s/ Lori A. Schechter
Lori A. Schechter