# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO | Civil Action No. 01-CV-12257-PBS |
| *State of Iowa v. Abbott Laboratories, Inc., et al.* | Hon. Patti B. Saris |

## ANSWER AND DEFENSES OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP TO THE STATE OF IOWA's COMPLAINT

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "AstraZeneca"), by and through their undersigned counsel, hereby state as an Answer and Defenses to the Complaint (the "Complaint") of Plaintiff, the State of Iowa (the "Plaintiff" or the "State"), dated October 9, 2007, as follows:

### PREFACE

The State purports to bring this action in its sovereign capacity to recover alleged overpayments by the Iowa Medicaid Program for certain prescription drugs covered by Iowa Medicaid. (Compl. at ¶¶ 1-2; 167.) Plaintiff alleges, in essence, that AstraZeneca and other defendants provided inflated drug pricing information, including Average Wholesale Prices ("AWPs") and Wholesale Acquisition Costs ("WACs"), to various third-party publishers, and those prices then became the basis for calculating the amounts at which providers were reimbursed by the State. (*Id.* at ¶¶ 97-99; 171.) These AWPs were inflated, Plaintiff alleges, because they do not reflect the actual average of prices at which Medicaid providers, including pharmacies and physicians, were able to acquire AstraZeneca drugs. (*Id.* at ¶¶ 93-94.) The State further contends that AstraZeneca and other defendants have hidden discounts, rebates, and

other inducements to keep the prices of their drugs secret and thereby wrongfully profit at the expense of the State and its citizens.  (*Id.* at ¶¶ 94; 127.)  AstraZeneca denies the allegations.

AstraZeneca avers that it plays absolutely no role in the State's decisions concerning whether and how to reimburse physicians, pharmacists and other providers.  The State alone sets the reimbursement levels under various state programs, consistent with the State's obligations under federal law; it has made considered policy decisions to reimburse for certain pharmaceuticals at actual acquisition costs, and for other pharmaceuticals at a discount off of the AWP published by independent reporting services.  Such decisions were made with full knowledge, developed over decades, that AWP does not represent an actual average of wholesale prices of drugs.  It is common knowledge and universally understood, including by the State and/or its agents, that AWP is a benchmark or reference price that does not, and is not intended to, equal an actual average of wholesale prices.  Indeed, the federal government has repeatedly instructed the states to this effect.

Further, the State's allegation that it overpaid for prescription drugs manufactured by AstraZeneca fails to account for certain federally-mandated rebates that AstraZeneca, and all defendants who participate in Iowa Medicaid, must extend to the State.  These rebates effectively insulate the State from price increases greater than the consumer price index, and ensure that the State benefits from the best rebates and discounts extended to AstraZeneca's most favored commercial customers.

In addition to the foregoing deficiencies, the Complaint contains allegations that are vague, ambiguous, inflammatory or otherwise improper.  AstraZeneca responds to such allegations only to the extent that they may be susceptible to a response, and only where AstraZeneca has information sufficient to form a belief as to such allegations.

2

In many instances, the Complaint improperly refers to AstraZeneca, other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against AstraZeneca.  This is insufficient to apprise AstraZeneca of the allegations asserted against it.  AstraZeneca nevertheless has attempted to respond to Plaintiff's allegations to the extent possible.  To the extent that the Complaint's allegations refer to the knowledge, conduct or actions of other persons or entities, AstraZeneca is generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  AstraZeneca states that it is answering Plaintiff's allegations solely on behalf of itself, even when Plaintiff's allegations refer to alleged conduct by AstraZeneca and other persons or entities.

The Complaint also contains purported quotations from a number of sources, some of which are unidentified.  In answering allegations consisting of quotations, AstraZeneca's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted, or AstraZeneca's reference to the full document instead of the quote, shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

Unless expressly admitted, AstraZeneca denies each and every allegation in the Complaint and the exhibits thereto, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any particular averment or in the Complaint as a whole.  Moreover, AstraZeneca specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.  AstraZeneca further denies all allegations containing legal arguments and/or conclusions of law on the ground that such allegations do not require a response.  These comments and objections are incorporated, to the extent appropriate, into each

3

numbered paragraph of this Answer.

The following are AstraZeneca's specific answers and defenses to the State's Complaint.

## SPECIFIC RESPONSES

1.      AstraZeneca admits that Plaintiff purports to bring this action as alleged in paragraph 1, but denies there is any basis for it to do so and denies that the State is entitled to any relief from AstraZeneca.  To the extent that any remaining allegations of paragraph 1 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies the existence of or participation in any "unlawful pricing practices."  To the extent that the allegations of paragraph 1 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.

2.      To the extent that the allegations of paragraph 2 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 2 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca specifically denies the existence of or participation in any "unlawful practices" and further denies that it "purposefully report[s] false and inflated price information for certain prescription drugs covered by Iowa Medicaid."

3.      To the extent that the allegations of paragraph 3 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 3 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca specifically denies

that it "submitt[ed] false and inflated pricing information in order to 'create a spread,'" and further denies the characterization of "spread" in paragraph 3.   AstraZeneca further states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices.  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.

4.      To the extent that the allegations of paragraph 4 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 4 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca denies the characterization of "spread" in paragraph 4.

5.      To the extent that the allegations of paragraph 5 refer to GeriMmed marketing materials, AstraZeneca refers to the material for their true and complete content, which speaks for itself, and denies any characterizations thereof.  AstraZeneca otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.      To the extent that the allegations of paragraph 6 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 6 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "purposefully

manipulate[s] a market that, by defendants' own design, is extremely complicated and non-transparent."

7.      AstraZeneca refers to the relevant statutes and regulations governing Medicaid reimbursement for their true and complete content.  AstraZeneca states that those statutes and regulations speak for themselves and demonstrate that the State is obligated to study provider acquisition costs in setting its Medicaid reimbursement rates.  AstraZeneca is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.      The allegations of paragraph 8 purport to describe a law or regulation. Accordingly, AstraZeneca states that no response is required.  AstraZeneca refers to 42 C.F.R. § 447.331 for its true and complete content, which speaks for itself, and denies any characterizations thereof.  By way of further response, AstraZeneca objects to the implication that it sets AWP.  AstraZeneca is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.      To the extent that the allegations of paragraph 9 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 9 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it engages in any "unlawful price reporting activity [that] infects all four [pricing] benchmarks and renders each of them false and inflated."

10.      To the extent that the allegations of paragraph 10 or the footnote contained therein (note 1) purport to describe statutes or regulations or to refer to the Model Rebate Agreement,

AstraZeneca states that no response is required.  AstraZeneca refers to 42 U.S.C. § 1396r-8, 56 Fed. Reg. 7049, 60 Fed. Reg. 48442, 42 C.F.R. 441, and the Model Rebate Agreement for their true and complete content, which speaks for itself, and denies any characterizations thereof. AstraZeneca admits that it pays Medicaid rebates to the State and that such rebates lower the net cost that Iowa Medicaid pays for AstraZeneca's prescription drugs.  To the extent that a further response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.

11.     To the extent that the allegations of paragraph 11 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 11 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it does not accurately report the Best Prices for certain of its drugs.

12.     To the extent that the allegations of paragraph 12 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 12 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it engages in the "manipulation of the Medicaid program" or any "improper reporting of false and inflated pricing information," and further denies that it has engaged in any conduct "result[ing] in overcharges of many millions of dollars to the Iowa Medicaid Program."

13.     To the extent that the allegations of paragraph 13 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is

7

required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth

of the allegations.  To the extent that the allegations of paragraph 13 are directed at AstraZeneca,

AstraZeneca denies the allegations.  AstraZeneca specifically denies that it engages in any

"wrongful practices."

       14.    To the extent that the allegations of paragraph 14 are directed at parties other than

AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is

required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth

of the allegations.  To the extent that the allegations of paragraph 14 are directed at AstraZeneca,

AstraZeneca admits only that it voluntarily participates in the Iowa Medicaid Program and that

AstraZeneca products are reimbursed by Iowa Medicaid.  AstraZeneca further states that it

complies with all applicable state and federal laws.

       15.    To the extent that the allegations of paragraph 15 refer to judicial opinions,

AstraZeneca states that no response is required.  AstraZeneca refers to those opinions for their

true and complete content, which speaks for itself, and denies any characterizations thereof.

       16.    To the extent paragraph 16 consists of legal arguments or conclusions of law,

AstraZeneca states that no response is required.  To the extent that the allegations of paragraph

16 are directed at parties other than AstraZeneca, AstraZeneca again states that no response is

required.  To the extent that a response is required, AstraZeneca denies knowledge or

information sufficient to form a belief as to the truth of the allegations.  To the extent that the

allegations of paragraph 16 are directed at AstraZeneca, AstraZeneca denies the allegations.

AstraZeneca specifically denies that it "report[s] false prices to the government."

       17.    To the extent that the allegations of paragraph 17 are directed at parties other

than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response

is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 17 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it engages in any "fraudulent, unfair and deceptive practices."  AstraZeneca further denies that it engaged in any conduct which caused the Iowa Medicaid Program to suffer "millions of dollars in damages."

18.     AstraZeneca admits that Exhibits B1 through B33 purport to identify the prescription drugs at issue in this matter, but denies any liability to Plaintiff with respect to any such NDCs.  To the extent that the allegations of paragraph 18 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.

19.     To the extent that the allegations of paragraph 19 purport to describe statutes or other authorities, AstraZeneca states that no response is required.  AstraZeneca refers to Iowa Code § 714.16 for its true and complete content, which speaks for itself, and denies any characterizations thereof.  AstraZeneca admits that Plaintiff purports to bring this action as alleged in paragraph 19, but denies that the State is entitled to any damages or other form of relief.

20.     To the extent that the allegations of paragraph 20 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 20 are directed at AstraZeneca, AstraZeneca denies the allegations, except AstraZeneca admits that it manufactures and sells prescription drugs, and that it participates in the Iowa Medicaid Program.  AstraZeneca specifically denies that it engaged in any "unlawful, misleading and deceptive scheme."

9

21.     To the extent that the allegations of paragraph 21 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 21 are directed at AstraZeneca, AstraZeneca admits that it conducts business in the State of Iowa.

22-24.  The allegations of paragraphs 22 through 24 are directed at parties other than AstraZeneca and therefore require no response from AstraZeneca.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 22 through 24.

25.     AstraZeneca admits that AstraZeneca Pharmaceuticals LP and AstraZeneca LP are Delaware limited partnerships engaged in the business of manufacturing and selling pharmaceuticals with their principal place of business located at 1800 Concord Pike, Wilmington, Delaware.  AstraZeneca otherwise denies the allegations of paragraph 25.

26-54.  The allegations of paragraphs 26 through 54 are directed at parties other than AstraZeneca and therefore require no response from AstraZeneca.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 26 through 54.

55-58.  The allegations of paragraphs 55 through 58 are directed at unknown defendants and therefore require no response from AstraZeneca.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 55 through 58.  AstraZeneca denies that it has engaged in any "wrongful acts" or "illegal conduct" or has caused the alleged damages suffered by Iowa.

59.     AstraZeneca admits that Plaintiff purports to bring this action pursuant to the

Social Security Act, 42 U.S.C. § 1396, *et seq.*, the Iowa Consumer Fraud Act, Iowa Code § 714.16, and Iowa common law, but denies that Plaintiff is entitled to any relief under the cited statutes, under the common law of Iowa, or on any other basis.

60.     To the extent paragraph 60 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

61.     To the extent that paragraph 61 consists of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.  Further, AstraZeneca specifically denies that it engaged in "illegal actions…as alleged in th[e] complaint" or "caused damage to Plaintiff."

62.     The allegations of paragraph 62 purport to describe a law or regulation and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to Title XIX of the Federal Social Security Act, 42 U.S.C. § 1396 *et seq.*, for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that a response is required, AstraZeneca denies the allegations set forth in paragraph 62, except admits that Title XIX of the Federal Social Security Act, 42 U.S.C. § 1396 *et seq.*, established the program known as Medicaid.

63.     To the extent that the allegations of paragraph 63 purport to describe laws or regulations, AstraZeneca states that no response is required.  AstraZeneca refers to 42 U.S.C. §

1396a(a) and (b) for their true and complete content, which speaks for itself, and denies any characterizations thereof.  AstraZeneca otherwise denies the allegations of paragraph 63, except admits that state participation in Medicaid is voluntary.

64.     The allegations of paragraph 64 purport to describe laws or regulations. Accordingly, AstraZeneca states that no response is required.  AstraZeneca refers to 42 U.S.C. § 1396a(a)(25)(A) & (B) and 42 U.S.C. § 1396b(d)(3)(A) for their true and complete content, which speaks for itself, and denies any characterizations thereof.

65.     To the extent that the allegations of paragraph 65 purport to describe a law or regulation, AstraZeneca states that no response is required.  AstraZeneca refers to 42 U.S.C. § 1396d(a)(2) for its true and complete content, which speaks for itself, and denies any characterizations thereof.

66.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66, except admits that national drug codes are assigned to prescription drugs.

67.     The allegations of paragraph 67 purport to describe a law or regulation. Accordingly, AstraZeneca states that no response is required.  AstraZeneca refers to 42 C.F.R. § 447.331 for its true and complete content, which speaks for itself, and denies any characterizations thereof.

68.     To the extent that the allegations of paragraph 68 purport to describe a report issued by the U.S. Department of Health and Human Services ("HHS") Office of Inspector General ("OIG"), AstraZeneca states that no response is required.  AstraZeneca refers to the cited OIG report for its true and complete content, which speaks for itself, and denies any characterizations thereof.

12

69.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69.  To the extent the allegations of paragraph 69 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

70.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71.     To the extent that the allegations of paragraph 71 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 71 are directed at AstraZeneca, AstraZeneca denies the allegations.

72.     To the extent that the allegations of paragraph 72 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 72 are directed at AstraZeneca, AstraZeneca denies the allegations.

73.     The allegations of paragraph 73 purport to describe laws, regulations or a publication of Iowa Medicaid and, as such, AstraZeneca states that no response is required. AstraZeneca refers to 42 C.F.R. §§ 447.331 and 447.332, Iowa Admin. Code 441-79.1(8), and Iowa's 2006 Medicaid Provider Manual for their true and complete content, which speaks for itself, and denies any characterizations thereof.

74.     The allegations of paragraph 74 purport to describe a publication of Iowa Medicaid and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to

Iowa's 2006 Medicaid Provider Manual for its true and complete content, which speaks for itself, and denies any characterizations thereof.

75.     The allegations of paragraph 75 purport to describe a law or regulation and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to 2001 Iowa Acts, Chapter 191, section 31 for its true and complete content, which speaks for itself, and denies any characterizations thereof.

76.     The allegations of paragraph 76 purport to describe a publication of Iowa Medicaid and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to Iowa's Medicaid Provider Manual for its true and complete content, which speaks for itself, and denies any characterizations thereof.

77.     The allegations of paragraph 77 purport to describe a publication of Iowa Medicaid and, as such, AstraZeneca states that no response is required.  AstraZeneca refers to Iowa's 2006 Medicaid Provider Manual for its true and complete content, which speaks for itself, and denies any characterizations thereof.

78.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78.

79.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81.     To the extent that the allegations of paragraph 81 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is

14

required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth

of the allegations.  To the extent that the allegations of paragraph 81 are directed at AstraZeneca,

AstraZeneca denies the allegations, except admits that independent pharmaceutical industry

compendia – including First DataBank and Medi-Span – publish AWPs for prescription

medicines sold in the United States.  AstraZeneca otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations.

82.     To the extent that the allegations of paragraph 82 are directed at parties other than

AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is

required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth

of the allegations.  To the extent that the allegations of paragraph 82 are directed at AstraZeneca,

AstraZeneca denies the allegations.  AstraZeneca expressly denies that it has "fraudulently

conceal[ed]" the "true prices" of its drugs.

83.     AstraZeneca denies knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 83.

84.     To the extent that the allegations of paragraph 84 are directed at parties other than

AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is

required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth

of the allegations.  To the extent that the allegations of paragraph 84 are directed at AstraZeneca,

AstraZeneca denies the allegations.  AstraZeneca expressly denies that it has "fraudulently

misrepresent[ed] the true prices" of its drugs and that it "report[s] false and inflated prices."

85.     To the extent that the allegations of paragraph 85 are directed at parties other than

AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is

required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth

of the allegations.  To the extent that the allegations of paragraph 85 are directed at AstraZeneca,

AstraZeneca denies the allegations, except admits that Exhibit A purports to identify total

expenditures by Iowa Medicaid for AstraZeneca's drugs.  AstraZeneca expressly denies that it

has engaged in "unfair practices, deception and fraud."

86.     To the extent that the allegations of paragraph 86 are directed at parties other than

AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is

required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth

of the allegations.  To the extent that the allegations of paragraph 86 are directed at AstraZeneca,

AstraZeneca denies the allegations, and expressly denies that it has engaged in any "fraudulent

practices."

87.     AstraZeneca denies the allegations of paragraph 87.  AstraZeneca states that it has

been common knowledge and universally understood for years, including by the State and its

agents, that WAC is a list price for pharmaceutical products that does not include customary

prompt pay discounts and incentives.

88.     To the extent that the allegations of paragraph 88 are directed at parties other than

AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is

required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth

of the allegations.  To the extent that the allegations of paragraph 88 are directed at AstraZeneca,

AstraZeneca denies the allegations, and expressly denies that it "report[s] WACs or WAC

equivalents" that are "false and inflated."  AstraZeneca also states that it has been common

knowledge and universally understood for years, including by the State and its agents, that WAC

is a list price for pharmaceutical products that does not include customary prompt pay discounts

and incentives.

89.     To the extent that the allegations of paragraph 89 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 89 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.

90.     To the extent that the allegations of paragraph 90 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 90 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that the WACs it reports are "false and inflated."  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives. By way of further response, AstraZeneca states that these allegations incorrectly assume that discounts, chargebacks, and other price concessions are supposed to be included in prices provided to industry compendia.

91.     To the extent that the allegations of paragraph 91 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 91 are directed at AstraZeneca,

AstraZeneca denies the allegations.  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.  By way of further response, AstraZeneca states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices.

92.     To the extent that the allegations of paragraph 92 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 92 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.  Further, AstraZeneca states that as Exhibits A and B to the Complaint demonstrate, Plaintiff has not, and cannot, allege that AstraZeneca engaged in FUL fraud.

93.     To the extent that the allegations of paragraph 93 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 93 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of

wholesale prices.

94.     To the extent that the allegations of paragraph 94 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 94 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "either report[s] or cause[s] to be reported false and inflated AWPs."  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices.

95.     To the extent that the allegations of paragraph 95 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 95 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca states that it was independent pharmaceutical industry compendia such as First DataBank, not AstraZeneca, that ultimately determined what AWPs would be published for AstraZeneca's drugs.  AstraZeneca specifically denies that it "cause[s] false and inflated AWPs to be reported" or that it "report[s] false WACs or WAC equivalents."  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices.  AstraZeneca further states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for

pharmaceutical products that does not include customary prompt pay discounts and incentives.

96.     To the extent that the allegations of paragraph 96 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 96 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "directly report[s] false AWPs."

97.     To the extent that the allegations of paragraph 97 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 97 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "alone control[s] the false and inflated AWPs that are published for [its] drugs."  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices.  AstraZeneca further states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.

98.     To the extent that the allegations of paragraph 98 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 98 are directed at AstraZeneca,

AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits only that independent pharmaceutical industry compendia – including First DataBank – publish AWPs and WACs for prescription medicines sold in the United States. AstraZeneca states that it was the publications, not AstraZeneca, that ultimately determined what AWPs would be published for AstraZeneca's drugs.  To the extent that Plaintiff purports to quote from unidentified sources, AstraZeneca refers to those sources for their true and complete content, which speaks for itself, and denies any characterizations thereof.

99.     AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99.

100.     To the extent that the allegations of paragraph 100 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 100 are directed at AstraZeneca, AstraZeneca denies the allegations.

101.     To the extent that the allegations of paragraph 101 or the exhibit referenced therein (Exhibit C) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 101 are directed at AstraZeneca, AstraZeneca denies the allegations, except admits that Exhibit C purports to list certain NDCs whose AWPs were increased by First DataBank by 5%.

102-108.  The allegations of paragraphs 102 through 108 require no response from AstraZeneca, because as demonstrated by Exhibits A and B to the Complaint, Plaintiff has not,

and cannot, allege that AstraZeneca engaged in FUL fraud.  To the extent that the allegations of paragraphs 102 through 108 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.

109.    The allegations of paragraph 109 require no response from AstraZeneca because the Iowa SMAC claims have been dismissed by the Court.

110-128.  To the extent the allegations of paragraphs 110 through 128 are directed at AstraZeneca, AstraZeneca denies them, except admits that it executed a rebate agreement with HHS.  AstraZeneca further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to AstraZeneca.  In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied.  To the extent the allegations of paragraphs 110 through 128 are directed at parties other than AstraZeneca, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the allegations of paragraphs 110 through 128 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

129-132.  To the extent the allegations of paragraphs 129 through 132 are directed at AstraZeneca, AstraZeneca denies them, and further states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to AstraZeneca. To the extent the allegations in Paragraphs 129 through 132 are directed at parties other than AstraZeneca, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations of paragraphs 129 through 132 refer to statutes, regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

133.     To the extent that the allegations of paragraph 133 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 133 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca expressly denies that it "purposely conceal[ed] [its] pricing scheme from Iowa and other payors."

134.     To the extent that the allegations of paragraph 134 purport to describe the transcript of a Congressional hearing, AstraZeneca states that no response is required. AstraZeneca refers to the hearing transcript for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 134 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 134 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca expressly denies that it "purposefully conceal[s] [its] true prices."  By way of further response, AstraZeneca states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices.  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.

135.     To the extent that the allegations of paragraph 135 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is

required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 135 are directed at AstraZeneca, AstraZeneca denies the allegations.

136.     To the extent that the allegations of paragraph 136 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 136 are directed at AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices.  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.

137.     To the extent that the allegations of paragraph 137 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 137 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "obscure[s] the true prices for [its] drugs."

138.     To the extent that the allegations of paragraph 138 purport to describe the transcript of a Congressional hearing, AstraZeneca states that no response is required. AstraZeneca refers to the hearing transcript for its true and complete content, which speaks for

itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 138 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 138 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca expressly denies that it  "purposefully maintain[s] two sets of pricing records: one with [ ] inflated prices and another with [ ] actual prices."

139.    To the extent that the allegations of paragraph 139 purport to describe the transcript of a Congressional hearing, AstraZeneca states that no response is required.  AstraZeneca refers to the hearing transcript for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 139 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 139 are directed at AstraZeneca, AstraZeneca denies the allegations.

140.    To the extent that the allegations of paragraph 140 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 140 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca expressly denies that it "hide[s its] real drug prices by secretly providing free drugs and phony grants."

141.    To the extent that the allegations of paragraph 141 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response

25

is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 141 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "cause[d] false and inflated AWPs to be published" and denies the characterization of "spread" in paragraph 141.

142.    To the extent that the allegations of paragraph 142 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 142 are directed at AstraZeneca, AstraZeneca denies the allegations.

143.    To the extent that the allegations of paragraph 143 or the exhibit referenced therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 143 or Exhibit B are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca further states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices.

144.    To the extent that the allegations of paragraph 144 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 144 are directed at

AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca expressly denies that it has engaged in any "unlawful and undisclosed manipulation of the price reporting system." AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.

145.    To the extent that the allegations of paragraph 145 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 145 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca expressly denies that it has engaged in any "false WAC pricing."

146.    To the extent that the allegations of paragraph 146 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 146 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "cause[d] false prices to be published."

147.    To the extent that the allegations of paragraph 147 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 147 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "submit[ted] false and inflated wholesale price information" and further denies the

characterization of "spread" in paragraph 147.

148.     To the extent that the allegations of paragraph 148 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 148 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it has "corrupted the market for prescription drugs" and that it has "deliberately sought to create a powerful financial incentive for providers to prescribe drugs based primarily on the spread." AstraZeneca further denies the characterization of "spread" in paragraph 148.

149.     To the extent that the allegations of paragraph 149 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 149 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "market[s its] products based on the spread between reimbursement…and actual acquisition cost."  AstraZeneca further denies the characterization of "spread" in paragraph 149.

150.     To the extent that the allegations of paragraph 150 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 150 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "compete[s] on reimbursement and profit rather than cost."  AstraZeneca further denies the characterization of "spread" in paragraph 150.

151.    To the extent that the allegations of paragraph 151 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 151 are directed at AstraZeneca, AstraZeneca denies the allegations.

152.    To the extent that the allegations of paragraph 152 purport to describe the transcript of a Congressional hearing, AstraZeneca refers to the hearing transcript for its true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 152 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 151 are directed at AstraZeneca, AstraZeneca denies the allegations.

153.    To the extent that the allegations of paragraph 153 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 153 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "intentionally manipulat[ed] the nation's drug reimbursement system."

154.    To the extent that the allegations of paragraph 154 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 154 are directed at

AstraZeneca, AstraZeneca denies the allegations.  By way of further response, AstraZeneca specifically denies that it "secretly pollut[ed] the entire reimbursement system with false and inflated prices."  AstraZeneca states that it has been common knowledge and universally understood for years, including by the State and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices.  AstraZeneca further states that, consistent with industry practice for branded products, the AWP for AstraZeneca's products is and has been a standard 20% or 25% above the WAC, or list price, of AstraZeneca's products.  AstraZeneca also states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.  Moreover, AstraZeneca states that at all times the State controlled what reimbursement rates it used for its Medicaid program.

155.    To the extent that the allegations of paragraph 155 refer to a section of the Federal Register, AstraZeneca refers to that document for its true and complete content, which speaks for itself, and denies any characterizations thereof.

156.    To the extent that the allegations of paragraph 156 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 156 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "sell[s] the vast majority of [its] drugs at prices that bear little or no relation to the reimbursement prices" published by the publishing compendia.

157.    To the extent that the allegations of paragraphs 157 refer to a section of the

Federal Register, AstraZeneca refers to that document for its true and complete content, which speaks for itself, and denies any characterizations thereof.

158.    To the extent that the allegations of paragraph 158 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 158 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it reports "price information that [it] know[s] does not comply with the HHS OIG's guidelines."

159-163.  To the extent that the allegations of paragraphs 159 through 163 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 159 through 163 are directed at AstraZeneca, AstraZeneca denies the allegations, except AstraZeneca admits that it participates in the Federal Medicaid Rebate Program through which Iowa Medicaid is obligated to reimburse providers for AstraZeneca drugs.

164.    To the extent that the allegations of paragraph 164 refer to judicial opinions, AstraZeneca states that no response is required.  AstraZeneca refers to those opinions for their true and complete content, which speaks for itself, and denies any characterizations thereof.  To the extent that the allegations of paragraph 164 are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 164 are directed at AstraZeneca, AstraZeneca denies the allegations.

165.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165.

166.    To the extent that the allegations of paragraph 166 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 166 are directed at AstraZeneca, AstraZeneca denies the allegations.

167-171.  To the extent that the allegations of paragraphs 167 through 171 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraphs 167 through 171 are directed at AstraZeneca, AstraZeneca denies them and specifically denies that it "interfered with Iowa's ability to reimburse providers at EAC" and that it was involved in any "fraudulent scheme."  AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegation that the Iowa Medicaid Program "spent over $1.6 billion for defendants' drugs between 1992 and 2005 alone."

172.    To the extent that the allegations of paragraph 172 and the exhibit cited therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 172 and Exhibit B are directed at AstraZeneca, AstraZeneca denies the allegations of paragraph 172, except admits that Exhibit B purports to list drugs that Plaintiff alleges are at issue in this litigation.

173.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 173.

174.    To the extent that the allegations of paragraph 174 and the exhibit cited therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 174 and Exhibit B are directed at AstraZeneca, AstraZeneca denies the allegations.  As Exhibits A and B demonstrate, Plaintiff has not, and cannot, allege that AstraZeneca engaged in FUL fraud.

175.    To the extent that the allegations of paragraph 175 and the exhibit cited therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 175 and Exhibit B are directed at AstraZeneca, AstraZeneca denies the allegations.

176.    To the extent that the allegations of paragraph 176 and the exhibit cited therein (Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 176 and Exhibit B are directed at AstraZeneca, AstraZeneca denies the allegations.  To the extent Plaintiff is asserting FUL allegations against AstraZeneca, AstraZeneca specifically denies those allegations.

177.    To the extent that the allegations of paragraph 177 and the exhibit cited therein

(Exhibit B) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 177 and Exhibit B are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "routinely submitted fraudulent prices."

178.    To the extent that the allegations of paragraph 178 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 178 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it engaged in any "wrongful conduct," "unlawful activity," or "misconduct."

179.    To the extent that the allegations of paragraph 179 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 179 are directed at AstraZeneca, AstraZeneca denies the allegations, except admits that at times it offers discounts and rebates to particular customers on certain products.

180.    To the extent that the allegations of paragraph 180 or the exhibit referenced therein (Exhibit A) are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 180 or Exhibit A are directed at AstraZeneca, AstraZeneca denies these allegations, except admits that Exhibit A purports to present Plaintiff's summary of certain

34

aspects of the case as to AstraZeneca.  AstraZeneca denies there is any basis for Plaintiff to bring

or maintain this action against AstraZeneca and denies that the State is entitled to any relief from

AstraZeneca.

181-223.  The allegations of paragraphs 181 through 223 are directed at parties other than

AstraZeneca and AstraZeneca states that no response is required.  To the extent a response is

required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraphs 181 through 223.

224.    AstraZeneca denies the allegations of paragraph 224 and the footnote cited therein

(note 7).  In particular, AstraZeneca denies that Plaintiff has alleged FUL claims against

AstraZeneca.  By way of further response, AstraZeneca states that Exhibits A and B indicate that

Plaintiff has not alleged that AstraZeneca engaged in FUL fraud.  AstraZeneca otherwise denies

knowledge or information sufficient to form a belief as to the truth of the allegations concerning

Exhibit B-4 of paragraph 224 or contained in Exhibit B-4 itself.

225.    AstraZeneca denies knowledge or information sufficient to form a belief as to the

truth of the allegations concerning Exhibit B-4 of paragraph 225 or contained in Exhibit B-4

itself.  AstraZeneca otherwise denies the allegations of paragraph 225 and specifically denies

"maintaining false and inflated reimbursement prices" and the characterization of "spread" in

paragraph 225.

226.    AstraZeneca denies the allegations of paragraph 226.  AstraZeneca states that it

has been common knowledge and universally understood for years, including by Iowa and its

agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect

an actual average of wholesale prices.  AstraZeneca further states that, consistent with industry

practice for branded products, the AWP for AstraZeneca's products is and has been a standard

20% or 25% above the WAC, or list price, of AstraZeneca's products.  AstraZeneca also states

that it has been common knowledge and universally understood for years, including by the State

and its agents, that WAC is a list price for pharmaceutical products that does not include

customary prompt pay discounts and incentives.  By way of further response, AstraZeneca states

that these allegations incorrectly assume that discounts, chargebacks, and other price concessions

are supposed to be included in prices provided to industry compendia.  To the extent that

Plaintiff purports to describe Performance Incentive Reimbursement contracts with AstraZeneca

customers, AstraZeneca refers to those sources for their true and complete content, which speaks

for itself, and denies any characterizations thereof.

      227.    AstraZeneca denies the allegations of paragraph 227.  To the extent that Plaintiff

purports to quote from unidentified sources, AstraZeneca refers to those sources for their true

and complete content, which speaks for itself, and denies any characterizations thereof.

      228.    AstraZeneca denies the allegations of paragraph 228, and specifically denies

creating or marketing "the difference between AWP and actual acquisition cost."  AstraZeneca

also specifically denies that characterization of the "spread" in paragraph 228.  To the extent that

Plaintiff purports to describe unidentified sources, AstraZeneca refers to those sources for their

true and complete content, which speaks for itself, and denies any characterizations thereof.

      229.    AstraZeneca respectfully refers the Court to its September 18, 2008 electronic

order granting AstraZeneca's motion to dismiss the claims regarding Zoladex® prior to

September 4, 2003.  To the extent that this Court has dismissed claims regarding Zoladex®,

AstraZeneca states that a response to this paragraph is not necessary.  To the extent that a

response is necessary, AstraZeneca denies the allegations of paragraph 229.  Further, to the

extent that Plaintiff purports to describe unidentified sources, AstraZeneca refers to those sources

for their true and complete content, which speaks for itself, and denies any characterizations thereof.

230.     AstraZeneca denies the allegations of paragraph 230.  To the extent that Plaintiff purports to quote from unidentified sources, AstraZeneca refers to those sources for their true and complete content, which speaks for itself, and denies any characterizations thereof.

231.     AstraZeneca denies the allegations of paragraph 231.

232.     AstraZeneca denies the allegations of paragraph 232.  To the extent that Plaintiff purports to describe contracts between AstraZeneca and PBMs, AstraZeneca refers to those contracts for their true and complete content, which speaks for itself, and denies any characterizations thereof.

233.     AstraZeneca denies the allegations of paragraph 233, except admits that it has been sued by Alabama, Alaska, Idaho, Illinois, Kentucky, Mississippi, Montana, Nevada, Pennsylvania, Wisconsin, and the City of New York and a number of New York counties. AstraZeneca denies that those lawsuits are relevant to the claims asserted by Plaintiff or that any of the plaintiffs in those lawsuits is entitled to relief.

234.     AstraZeneca denies the allegations of paragraph 234, except admits that it has been investigated by the Department of Justice and the OIG with respect to its drug Zoladex®. AstraZeneca denies that this investigation is relevant to the claims asserted by Plaintiff, and respectfully refers the Court to its September 18, 2008 electronic order granting AstraZeneca's motion to dismiss the claims regarding Zoladex® prior to September 4, 2003.

235.     AstraZeneca denies the allegations of paragraph 235, except admits that a doctor licensed to practice in New Jersey was indicted for and pleaded guilty to conspiracy to violate

the Prescription Drug Marketing Act, 21 U.S.C. §§ 353(c), 331(t), and 333(b)(a)(B) ("PDMA"). AstraZeneca denies that this indictment is relevant to the claims asserted by Plaintiff, and respectfully refers the Court to its September 18, 2008 electronic order granting AstraZeneca's motion to dismiss the claims regarding Zoladex® prior to September 4, 2003.  AstraZeneca otherwise refers to the indictment for its true and complete content, which speaks for itself, and denies any characterizations thereof.

236.    AstraZeneca denies the allegations of paragraph 236, except admits that in June 2003, AstraZeneca Pharmaceuticals LP pleaded guilty to a one-count Information alleging a conspiracy to violate the PDMA, and agreed to pay a criminal fine of approximately $63,872,156.  AstraZeneca denies that this plea and documents related thereto are relevant to the claims asserted by Plaintiff against AstraZeneca.  These allegations are included in the Complaint solely to prejudice AstraZeneca.  AstraZeneca respectfully refers the Court to its September 18, 2008 electronic order granting AstraZeneca's motion to dismiss the claims regarding Zoladex® prior to September 4, 2003.

237.    AstraZeneca denies the allegations of paragraph 237, except admits that it entered into a Corporate Integrity Agreement with the OIG and that it entered into a settlement with the federal government and forty-nine states, including Iowa, and refers to the Corporate Integrity Agreement and the settlement agreements for their true and complete content, which speaks for itself; accordingly, AstraZeneca denies all characterizations thereof.  AstraZeneca denies that either the Corporate Integrity Agreement or the settlement agreements are relevant to the claims asserted by Plaintiff.  Averments to the Corporate Integrity Agreement and the settlements are included within the Complaint solely to prejudice AstraZeneca.  AstraZeneca respectfully refers the Court to its September 18, 2008 electronic order granting AstraZeneca's motion to dismiss

the claims regarding Zoladex® prior to September 4, 2003.

238.     AstraZeneca denies the allegations of paragraph 238, and refers to the Corporate Integrity Agreement for its true and complete content, which speaks for itself.  AstraZeneca denies any characterization thereof.

239.     AstraZeneca denies the allegations of paragraph 239, and refers to the Corporate Integrity Agreement for its true and complete content, which speaks for itself.  AstraZeneca denies any characterization thereof.

240.     AstraZeneca denies the allegations of paragraph 240, and refers to the Corporate Integrity Agreement for its true and complete content, which speaks for itself.  AstraZeneca denies any characterization thereof.

241.     AstraZeneca denies the allegations of paragraph 241, and refers to the Corporate Integrity Agreement for its true and complete content, which speaks for itself.  AstraZeneca denies any characterization thereof.

242.     AstraZeneca denies the allegations of paragraph 242.

243-613.  The allegations of paragraphs 243 through 613 are directed at parties other than AstraZeneca and AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 243 through 613.

614-616.  To the extent that the allegations of paragraphs 614 through 616 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraphs 614

through 616 are directed at AstraZeneca, AstraZeneca denies them and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Iowa Medicaid "spent over $1.6 billion for defendants' drugs in state and federal dollars from 1992 through 2005 alone."  AstraZeneca specifically denies that it was involved in any "false price reporting scheme" or "misconduct," or that it has been "unjustly enriched."  AstraZeneca further denies that it engaged in any "abuses result[ing] in millions of dollars in excessive payments by Iowa Medicaid for Medicaid-covered drugs."

617.    To the extent that the allegations of paragraph 617 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 617 are directed at AstraZeneca, AstraZeneca denies the allegations, and specifically denies any "fraudulent conduct" and the concealment thereof.

618.    To the extent that the allegations of paragraph 618 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 618 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "concealed" the true prices at which its drugs were sold.

619.    To the extent that the allegations of paragraph 619 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 619 are directed at

AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca further states that it has been common knowledge and universally understood for years, including by the State and its agents, that WAC is a list price for pharmaceutical products that does not include customary prompt pay discounts and incentives.  AstraZeneca further states that it has been common knowledge and universally understood for years, including by Iowa and its agents, that AWPs are benchmark or reference prices that do not, and are not intended to, reflect an actual average of wholesale prices.

620.    To the extent that the allegations of paragraph 620 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 620 are directed at AstraZeneca, AstraZeneca denies the allegations.

621.    To the extent that the allegations of paragraph 621 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 621 are directed at AstraZeneca, AstraZeneca denies the allegations.

622-625.  To the extent that the allegations of paragraphs 622 through 625 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 622 through 625 are directed at AstraZeneca, AstraZeneca denies the allegations.  To the extent that the allegations purport to describe Exhibit F, AstraZeneca refers to Exhibit F for its true and

complete content, which speaks for itself, and denies any characterizations thereof.  By way of further response, AstraZeneca states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to AstraZeneca.

626.    To the extent that the allegations of paragraph 626 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 626 are directed at AstraZeneca, AstraZeneca denies the allegations.

627.    To the extent that the allegations of paragraph 627 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 627 are directed at AstraZeneca, AstraZeneca denies the allegations.  AstraZeneca specifically denies that it "create[d] a spread between reimbursement price and acquisition cost" of its drugs.

628.    To the extent that the allegations of paragraph 628 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 628 are directed at AstraZeneca, AstraZeneca denies the allegations and specifically denies that it "conceal[ed] its pricing structures."

629.    To the extent that the allegations of paragraph 629 are directed at parties other than AstraZeneca, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the

truth of the allegations.  To the extent that the allegations of paragraph 629 are directed at AstraZeneca, AstraZeneca denies the allegations, and specifically denies that it "inflated" its prices.  By way of further response, AstraZeneca states that the Court has dismissed all Medicaid rebate-related allegations in the Complaint as to AstraZeneca.

630.    AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the statement in paragraph 630.  AstraZeneca refers to "The Pink Sheet" entry for its true and complete content, which speaks for itself, and denies any characterizations thereof.

631-632.  The allegations of paragraphs 631 through 632 are legal arguments or conclusions of law and, as such, AstraZeneca states that no response is required.  To the extent a response is required, AstraZeneca denies that the tolling of relevant statutes of limitation are warranted or appropriate.

633.    In response to paragraph 633, AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the allegations of paragraphs 1 through 632.

634-642.  To the extent the allegations in paragraphs 634 through 642 are directed at AstraZeneca, AstraZeneca states that no response is required because the Court has dismissed the claim to which these allegations relate with respect to AstraZeneca.  To the extent paragraphs 634 through 642 purport to describe a law or regulation, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies the allegations as to itself.  To the extent the allegations in paragraphs 634 through 642 are directed at parties other than AstraZeneca, AstraZeneca denies deny knowledge or information sufficient to form a belief as to the truth of the allegations.

643.    In response to paragraph 643, AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the allegations of paragraphs 1 through 643.

43

644-651. To the extent the allegations of paragraphs 644 through 651 are directed at AstraZeneca, AstraZeneca states that no response is required because the Court has dismissed the claim to which these allegations relate with respect to AstraZeneca. To the extent paragraphs 644 through 651 purport to describe a law or regulation, AstraZeneca again states that no response is required. To the extent that a response is required, AstraZeneca denies the allegations as to itself. To the extent the allegations of paragraphs 644 through 651 are directed at parties other than AstraZeneca, AstraZeneca denies knowledge or information sufficient to form a belief as to the allegations.

652. In response to paragraph 652, AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the allegations of paragraphs 1 through 651.

653. To the extent that the allegations of paragraph 653 consist of legal arguments or conclusions of law, AstraZeneca states that no response is required. To the extent that the allegations of paragraph 653 are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at parties other than AstraZeneca. To the extent that the allegations are directed at AstraZeneca, AstraZeneca denies the allegations.

654. To the extent that the allegations of paragraph 654 consist of legal arguments or conclusions of law, AstraZeneca states that no response is required. To the extent that the allegations of paragraph 654 are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required. To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the allegations of paragraph 654 are directed at AstraZeneca, AstraZeneca denies the

44

allegations.

655.    To the extent that the allegations of paragraph 655 consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations of paragraph 655 are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 655 are directed at AstraZeneca, AstraZeneca denies the allegations, and specifically denies any "wrongful conduct" and that the State "overpaid millions of dollars in Medicaid pharmacy costs" as a result of such conduct.

656.    To the extent that the allegations of paragraph 656 consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.

657.    To the extent that the allegations of paragraph 657 consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  AstraZeneca denies that Plaintiff is entitled to judgment or any other relief as requested in paragraph 657 and specifically denies that it has engaged in "wrongful practices."

658.    In response to paragraph 658, AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the allegations of paragraphs 1 through 657.

659.    To the extent that the allegations of paragraph 659 consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the

45

allegations of paragraph 659 are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 659 are directed at AstraZeneca, AstraZeneca denies the allegations, and specifically denies that it "engaged in actual fraudulent reporting of pricing information" or "acted intentionally and with actual malice."

660.    To the extent that the allegations of paragraph 660 consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations of paragraph 660 are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 660 are directed at AstraZeneca, AstraZeneca denies the allegations.

661.    To the extent that the allegations of paragraph 661 consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations of paragraph 661 are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 661 are directed at AstraZeneca, AstraZeneca denies the allegations.

662.    To the extent that the allegations of paragraph 662 consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations of paragraph 662 are directed at parties other than AstraZeneca, AstraZeneca again

46

states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 662 are directed at AstraZeneca, AstraZeneca denies the allegations.

663.    In response to paragraph 663, AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the allegations of paragraphs 1 through 662.

664.    To the extent that the allegations of paragraph 664 consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations of paragraph 664 are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 664 are directed at AstraZeneca, AstraZeneca denies the allegations.

665.    To the extent that the allegations of paragraph 665 consist of legal arguments or conclusions of law, AstraZeneca states that no response is required.  To the extent that the allegations of paragraph 665 are directed at parties other than AstraZeneca, AstraZeneca again states that no response is required.  To the extent that a response is required, AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that the allegations of paragraph 665 are directed at AstraZeneca, AstraZeneca denies the allegations.

666.    Paragraph 666 consists of legal arguments or conclusions of law and, as such, AstraZeneca states that no response is required.  To the extent that a response is required, AstraZeneca denies the allegations.  Specifically, AstraZeneca denies that "an accounting" or

"establishment of a constructive trust" are warranted or appropriate.

667-675.   AstraZeneca denies that Plaintiff is entitled to judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph or in paragraphs 667 through 675.

WHEREFORE AstraZeneca demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## ASTRAZENECA'S AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, AstraZeneca alleges the following defenses:

### FIRST DEFENSE

The Complaint fails to state a claim against AstraZeneca upon which relief may be granted.

### SECOND DEFENSE

The State and its agents knew and were aware at all relevant times that AWP was not an average wholesale price or the actual acquisition cost of drugs, and made their reimbursement choices with such knowledge.  Legal and equitable principles preclude this action for damages and injunctive relief, and the Due Process Clauses of the United States Constitution and the analogous provisions of the Constitution of the State of Iowa preclude Iowa from bringing claims and seeking damages as alleged in the Complaint.

### THIRD DEFENSE

The State's claims against AstraZeneca for injunctive relief were mooted by the passage of the Medicare Prescription Drug Improvement and Modernization Act of 2003 (the "MMA"), which requires participating prescription drug manufacturers to report Average Sales Prices

("ASPs") quarterly and defines ASP as the manufacturer's "sales to all purchasers…in the
United States for such drug or biological in the calendar quarter; divided by the total number of
such units of such drug or biological sold by the manufacturer in such quarter."  42 U.S.C. §§
1396r-8(b)(3) and 1395w-3a(c)(1).

FOURTH DEFENSE

The State was required by federal law to conduct surveys and have statistics and data
justifying, and to represent and warrant to the federal government, that its Medicaid
reimbursement rates for single source drugs were necessary and appropriate, as a condition to
obtaining federal funds.  This action, with respect to single source drugs, is inconsistent with and
precluded by the State's actions, representations and promises, and assumes that with respect to
single source drugs, the State made false claims to the federal government to obtain federal
funds.

FIFTH DEFENSE

All rebates paid by AstraZeneca to Plaintiff should be taken into account in determining
whether Plaintiff has been damaged and, if so, in what amount.

SIXTH DEFENSE

Any and all actions taken by AstraZeneca with respect to any of the matters alleged in the
Complaint were taken in good faith and in accordance with established industry practice.  As to
any assertion, representation or statement of fact which Iowa claims was made or caused to be
made by AstraZeneca, AstraZeneca had no reasonable ground to believe and did not believe at
the time the assertion, representation or statement was made or caused to be made that the
assertion, representation or statement was false or deceptive.

<u>SEVENTH DEFENSE</u>

This action is barred by the Supremacy Clause of the United States Constitution.  Iowa's reimbursement rates for drugs for Medicaid recipients were filed with, reviewed, and approved by a federal regulatory agency with authority to do so under the Medicaid Act.  Actions in a federal court seeking relief, including alleged damages, contending that rates approved by a federal regulatory agency do not apply or are not binding are, as the United States Supreme Court has held, precluded by the Supremacy Clause.

<u>EIGHTH DEFENSE</u>

The State's claims are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

<u>NINTH DEFENSE</u>

The State's claims are barred, in whole or in part, because they violate AstraZeneca's rights under the Due Process and Ex Post Facto clauses of the United States Constitution, as well as the Constitution of the State of Iowa, insofar as the State seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

<u>TENTH DEFENSE</u>

The State's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder, and by the existence and terms of written rebate agreements with the Secretary of HHS on behalf of HHS and certain States, including the State of Iowa, entitled "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement" (the "Rebate Agreement"), which was

entered pursuant to 42 U.S.C. § 1396r-8.  Pursuant to the Rebate Agreement, AstraZeneca

reports certain specific pricing information to the federal government and remits rebate payments

to the State of Iowa based on that information.

ELEVENTH DEFENSE

The State's claims against AstraZeneca are barred because AstraZeneca did not directly

or indirectly engage in any conduct in violation of state or federal law.

TWELFTH DEFENSE

The State's claims are barred, in whole or in part, by the Noerr-Pennington doctrine and

the Constitution of the State of Iowa to the extent that such claims are premised, in whole or in

part, on alleged statements or conduct by AstraZeneca in judicial, legislative, or administrative

proceedings of any kind or at any level of government.

THIRTEENTH DEFENSE

The State's claims are barred, in whole or in part, by the filed rate doctrine.

FOURTEENTH DEFENSE

The State's claims against AstraZeneca are barred because AstraZeneca has complied

with all applicable regulations of the federal and state governments.

FIFTEENTH DEFENSE

The State has no standing or capacity to bring some or all of the claims, or to recover

some or all of the claimed damages, in the Complaint.

SIXTEENTH DEFENSE

To the extent that the State obtains, or is barred from, recovery in any other case

predicated on the same factual allegations, the State is barred from seeking recovery against

AstraZeneca based on the Complaint pursuant to the doctrines of claim preclusion and issue

51

preclusion, and the prohibitions on double recovery for the same injury.

## SEVENTEENTH DEFENSE

The State's claims against AstraZeneca are barred, in whole or in part, due to the State's failure to join indispensable parties.

## EIGHTEENTH DEFENSE

The State's claims against AstraZeneca are misjoined with the State's claims against other defendants and must be severed.

## NINETEENTH DEFENSE

The State's claims against AstraZeneca are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## TWENTIETH DEFENSE

AstraZeneca's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by the State.

## TWENTY-FIRST DEFENSE

The State's claims are barred, in whole or in part, because any injuries sustained by the State were the result of its own conduct or the intervening or superseding conduct of third parties.

## TWENTY-SECOND DEFENSE

The State's claims for injunctive relief against AstraZeneca are barred by the doctrines of *in pari delicto* and/or unclean hands.

## TWENTY-THIRD DEFENSE

To the extent that the State attempts to seek equitable relief against AstraZeneca, the State is not entitled to such relief because the State has an adequate remedy at law.

## TWENTY-FOURTH DEFENSE

Plaintiff's prayers for relief in the form of restitution are barred, in whole or in part, because AstraZeneca did not retain any money belonging to Plaintiff as a result of any alleged overpayments.

## TWENTY-FIFTH DEFENSE

AstraZeneca denies that Plaintiff has a valid claim against AstraZeneca under any of the claims asserted in the Complaint, including the Iowa Consumer Fraud Act.  However, if any valid claims are found to exist, AstraZeneca pleads all applicable defenses available under the claims asserted in the Complaint, including those available pursuant to the Iowa Consumer Fraud Act.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is neither a "consumer" nor a "person" within the meaning of the Iowa Consumer Fraud Act.

## TWENTY-SEVENTH DEFENSE

AstraZeneca's conduct was neither fraudulent, deceptive, nor unfair as required under the Iowa Consumer Fraud Act.

## TWENTY-EIGHTH DEFENSE

The State did not rely on the allegedly misleading, false, or deceptive statements or representations of AstraZeneca.

## TWENTY-NINTH DEFENSE

Any discounts which were provided by AstraZeneca were earned discounts and therefore appropriate business decisions.

<u>THIRTIETH DEFENSE</u>

Any alleged misconduct by AstraZeneca was not a substantial factor in the State's decision to buy or use AstraZeneca's products.

<u>THIRTY-FIRST DEFENSE</u>

The State's unjust enrichment claims are barred, in whole or in part, because AstraZeneca did not collect or retain any money belonging to the State as a result of any alleged overpayments.

<u>THIRTY-SECOND DEFENSE</u>

The State's unjust enrichment claims are barred, in whole or in part, by contracts to which the State and AstraZeneca are parties.

<u>THIRTY-THIRD DEFENSE</u>

The State's unjust enrichment claims are barred because AstraZeneca has not accepted or retained any benefits from the State under circumstances where it would be inequitable for AstraZeneca to do so.

<u>THIRTY-FOURTH DEFENSE</u>

The State's claims are barred, in whole or in part, to the extent that the State has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

<u>THIRTY-FIFTH DEFENSE</u>

All of the State's claims relating to the drug Zoladex® prior to September 4, 2003 have been dismissed.  The only remaining claims with respect to Zoladex® are those arising out of the reporting of AWP for Zoladex® to First DataBank or any other national reporting service for use in Medicaid reimbursement submitted subsequent to September 4, 2003.

### THIRTY-SIXTH DEFENSE

The State's claims against AstraZeneca are barred, in whole or in part, because of a lack of consideration and because it has suffered no damages as a result of the matters alleged in the Complaint.

### THIRTY-SEVENTH DEFENSE

The State's claims against AstraZeneca for damages are barred, in whole or in part, because it failed to mitigate its damages, if any.

### THIRTY-EIGHTH DEFENSE

The State's claims against AstraZeneca for damages are barred, in whole or in part, because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### THIRTY-NINTH DEFENSE

The State's claims against AstraZeneca for damages are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the State has paid for products manufactured, marketed and sold by AstraZeneca after the filing of the State's Complaint.

### FORTIETH DEFENSE

The State's claims against AstraZeneca for damages are barred, in whole or in part, because they are speculative and remote.

### FORTY-FIRST DEFENSE

AstraZeneca is entitled to a set-off or recoupment, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the State with respect to the same alleged injuries.

## FORTY-SECOND DEFENSE

Any damages, forfeiture or penalties recoverable by the State from AstraZeneca are limited by the applicable statutory ceilings on recoverable damages.

## FORTY-THIRD DEFENSE

The State fails to allege facts or a cause of action against AstraZeneca sufficient to support a claim for prejudgment interest or any other relief.

## FORTY-FOURTH DEFENSE

The State's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## FORTY-FIFTH DEFENSE

The State fails to state with particularity facts to support the claims of fraudulent conduct against AstraZeneca.

## FORTY-SIXTH DEFENSE

The State fails to allege facts or a cause of action against AstraZeneca sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## FORTY-SEVENTH DEFENSE

The State's claims are barred, in whole or in part, by the voluntary payment doctrine and/or the economic loss doctrine.

## FORTY-EIGHTH DEFENSE

To the extent punitive damages are sought, the State's punitive damages claims against AstraZeneca: (i) have no basis in law or fact; (ii) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against AstraZeneca; (iii) cannot be sustained because the Constitution of the State of Iowa provides that

excessive fines shall not be imposed, (iv) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give AstraZeneca prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of AstraZeneca's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Iowa; (v) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate AstraZeneca's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and laws of the State of Iowa; (vi) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against AstraZeneca for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of AstraZeneca's products would constitute impressible multiple punishments for the same wrong, in violation of Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Iowa; (vii) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate AstraZeneca's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Iowa; and (viii) cannot be sustained because any

award of punitive damages, which are penal in nature, without according AstraZeneca the same protections that are accorded to all criminal defendants would be improper under the Constitution, common law and public policies of the State of Iowa.

FORTY-NINTH DEFENSE

To the extent punitive damages are sought, the State's claims for punitive damages against AstraZeneca cannot be sustained, because an award of punitive damages by a jury that: (i) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (ii) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of AstraZeneca; (iv) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (v) is not properly instructed regarding the State's burden of proof with respect to each and every element of a claim for punitive damages; and (vi) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate AstraZeneca's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Iowa.

### FIFTIETH DEFENSE

AstraZeneca denies that it has engaged in any conduct that entitles the State to recover the penalty assessments demanded by the State and avers that the State's Complaint fails to state a claim upon which penalty assessments may be awarded.

### FIFTY-FIRST DEFENSE

The Rebate Agreement, which was entered into pursuant to 42 U.S.C. § 1396r-8, constitutes the entire agreement with the State and governs the relationship between the parties, such that the provisions of Iowa Code § 714 do not apply to the relations between the parties.

### FIFTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the state action doctrine.

### FIFTY-THIRD DEFENSE

Plaintiff's claims against AstraZeneca are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Iowa Constitution.

### FIFTY-FOURTH DEFENSE

Plaintiff's claims for fraud and fraudulent concealment are barred because the Plaintiff cannot predicate a claim for fraud on reliance by a third party.

### FIFTY-FIFTH DEFENSE

Plaintiff has not suffered, and will not suffer, any injuries to a legally protected or cognizable interest by reason of the conduct of AstraZeneca as alleged in the Complaint.

### FIFTY-SIXTH DEFENSE

The claims alleged herein, based on the facts alleged, are barred in whole or in part by Plaintiff's own negligence or gross negligence and the doctrines of comparative and/or

contributory negligence.

<u>FIFTY-SEVENTH DEFENSE</u>

AstraZeneca hereby adopts by reference any additional applicable defense pleaded by any other defendant not otherwise pleaded herein and any defense available under the statutes relied upon by Plaintiff.  AstraZeneca hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of, the discovery proceedings in this action and hereby reserves its right to amend its answer to assert any such defense.

Dated:   Boston, Massachusetts
          October 20, 2008

Respectfully Submitted,

By:   /s/ Katherine B. Schmeckpeper
       Nicholas C. Theodorou (BBO #496730)
       Katherine B. Schmeckpeper (BBO #663200)
       FOLEY HOAG LLP
       155 Seaport Blvd.
       Boston, Massachusetts  02210
       Tel:  (617) 832-1000

       Kimberley D. Harris
       DAVIS POLK & WARDWELL
       450 Lexington Avenue
       New York, New York  10017
       Tel:  (212) 450-4000

       *Attorneys for AstraZeneca Pharmaceuticals LP*
             *and AstraZeneca LP*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was delivered to all counsel of

record by sending a copy to LexisNexis File and Serve on October 20, 2008, for posting and

notification to all parties.

Dated:   October 20, 2008          By:   /s/ Katherine B. Schmeckpeper
                                         Nicholas C. Theodorou (BBO #496730)
                                         Katherine B. Schmeckpeper (BBO #663200)
                                         FOLEY HOAG LLP
                                         155 Seaport Blvd.
                                         Boston, Massachusetts  02210
                                         Tel:  (617) 832-1000