**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____ )
                                          )
IN RE PHARMACEUTICAL INDUSTRY             )
AVERAGE WHOLESALE PRICE                    )    MDL NO. 1456
LITIGATION                                )    Civil Action No. 01-12257-PBS
_____ )
                                          )    Judge Patti B. Saris
                                          )
THIS DOCUMENT RELATES TO:                 )
                                          )
_The State of Iowa v. Abbott Labs., et al._ )
_____ )

## ENDO PHARMACEUTICALS INC.'S ANSWER TO THE STATE OF IOWA'S COMPLAINT

### PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 8(b), defendant Endo Pharmaceuticals Inc. respectfully submits this Answer to the State of Iowa's Complaint ("Complaint") as follows: Unless expressly admitted or denied, Endo lacks knowledge or information sufficient to form a belief as to the truth or falsity of averments referring or relating to the conduct of other defendants.

Endo specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.  Endo has included certain captions used in the Complaint for reference, but denies any allegations contained in such references.

The Complaint contains purported quotations from a number of sources.  In answering allegations consisting of quotations, Endo's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

1

The Complaint improperly refers to Endo, other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Endo. Accordingly, the Complaint is insufficient to apprise Endo of the allegations asserted against it. Endo has nevertheless attempted to respond to plaintiff's allegations to the extent possible.

1.      Answering paragraph 1, Endo admits that the State of Iowa brought this action against Endo and other pharmaceutical companies purportedly seeking various forms of relief, but denies that there is any basis on which to do so with respect to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

2.      Answering paragraph 2, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

3.      Answering paragraph 3, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

4.      Answering paragraph 4, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

5.      Answering paragraph 5, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

6.      Answering paragraph 6, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

7.    Answering paragraph 7, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

8.    Answering paragraph 8, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

9.    Answering paragraph 9, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

10.    Answering paragraph 10 and the footnote thereto, for the sake of clarity, Endo affirmatively avers that Medicaid rebates are paid to the states not only for branded drugs, but also for generic drugs.  Endo admits that it pays Medicaid rebates to the State of Iowa.  To the extent the allegations in paragraph 10 and the footnote thereto refer to statutes and regulations, Endo states that those sources speak for themselves and any characterizations thereof are denied. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and the footnote thereto.

11.    Answering paragraph 11, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

12.    Answering paragraph 12, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

13.    Answering paragraph 13, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

14.     Answering paragraph 14, Endo admits that it voluntarily participates in the Iowa Medicaid program.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

15.     Answering paragraph 15, to the extent the averments in this paragraph refer to judicial opinions, Endo states that those sources speak for themselves and any characterizations thereof are denied.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

16.     Answering paragraph 16, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

17.     Answering paragraph 17, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

18.     Answering paragraph 18, Endo admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter and that Exhibit B-13 to the Complaint purports to identify the at-issue prescription drugs marketed by Endo.  Endo admits that prescription drugs are generally identified by unique national drug codes known as "NDCs."  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

19.     Answering paragraph 19, Endo states that to the extent the allegations in paragraph 19 refer to statutes or regulations, those sources speak for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

20.     Answering paragraph 20, Endo admits that it is a seller of single-source and multi-source prescription drugs and that it voluntarily agreed to participate in the Iowa Medicaid program.  Endo further admits that it meets the definition of a "manufacturer" within the meaning of 42 U.S.C. § 1396r-8(k)(5)(B).  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

21.     Answering paragraph 21, Endo admits that it is in the business of selling pharmaceuticals and admits that Endo-marketed pharmaceuticals have been purchased by entities that are physically located in the State of Iowa.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

22-33.  Answering paragraphs 22 through 33, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 22 through 33.

34.     Answering paragraph 34, Endo admits the averment in the first sentence that Endo is a wholly owned subsidiary of Endo Pharmaceuticals Holding Inc., a Delaware corporation.  Endo further admits that it is engaged in the business of manufacturing pharmaceuticals to the extent that Endo meets the definition of a "manufacturer" within the meaning of 42 U.S.C. § 1396r-8(k)(5)(B), and admits that it is engaged in the business of selling pharmaceuticals.  Endo denies the allegations in the second sentence of paragraph 34.  Endo's principal place of business is located at 100 Endo Boulevard, Chadds Ford, PA 19317.

35-58.  Answering paragraphs 35 through 58, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 35 through 58.

59.     Answering paragraph 59, Endo admits that the Plaintiff asserts claims for violation of the Social Security Act, 42 U.S.C. § 1396 et seq, the Iowa Consumer Fraud Act, Iowa Code § 714.16, and for breach of contract, unjust enrichment, and common law fraud, but Endo denies that Plaintiff is entitled to any relief as to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 59.

60.     Answering paragraph 60, Endo admits the averments made in this paragraph.

61.     Answering paragraph 61, Endo admits the averments contained in the first sentence of this paragraph.  Endo further admits that it does business and is qualified to do business in the State of Iowa.  Endo denies the remaining averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

62.     Answering paragraph 62, Endo admits that Medicaid was established by Title XIX of the Social Security Act.  Endo further states that the provisions of Title XIX speak for themselves and any characterizations thereof are denied.

63.     Answering paragraph 63, Endo admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in paragraph 63 refer to statutes and regulations, Endo states that those sources speak for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

64.     Answering paragraph 64, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.  To the extent the allegations in paragraph 64 refer to statutes and regulations, Endo states that those sources speak for themselves and any characterizations thereof are denied.

65.     Answering paragraph 65, to the extent the allegations in paragraph 65 refer to statutes and regulations, Endo states that those sources speak for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

66.     Answering paragraph 66, Endo admits that national drug codes ("NDCs") are assigned to prescription drugs and that such codes typically identify the labeler, strength, and package size of a particular prescription drug.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

67.     Answering paragraph 67, Endo states that to the extent the allegations in paragraph 67 refer to statutes and regulations, Endo states that those sources speak for themselves and any characterizations thereof are denied.   Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

68.     Answering paragraph 68, to the extent the allegations in paragraph 68 refer to a report issued by the United States Department of Health and Human Services Office of the Inspector General ("OIG") in September 2004, Endo states that report speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

69.     Answering paragraph 69, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

70.     Answering paragraph 70, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

71.     Answering paragraph 71, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

72.     Answering paragraph 72, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

73.     Answering paragraph 73 and the sub-parts thereto, to the extent the allegations in paragraph 73 refer to statutes, regulations, or other sources, Endo states that those sources speak for themselves and any characterizations thereof are denied.  Endo denies the averments in this paragraph and the sub-parts thereto to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and the sub-parts thereto.

74.     Answering paragraph 74, to the extent the allegations in paragraph 74 refer to a written source, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

75.     Answering paragraph 75, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

76.     Answering paragraph 76, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

77.     Answering paragraph 77, to the extent the allegations in paragraph 77 refer to a written source, Endo states that the source speaks for itself and any characterizations thereof are

denied.  Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

78.      Answering paragraph 78, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

79.      Answering paragraph 79, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

80.      Answering paragraph 80, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

81.      Answering paragraph 81, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

82.      Answering paragraph 82, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

83.      Answering paragraph 83, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

84.      Answering paragraph 84, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

85.      Answering paragraph 85, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

86.     Answering paragraph 86, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

87.     Answering paragraph 87, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

88.     Answering paragraph 88, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

89.     Answering paragraph 89, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

90.     Answering paragraph 90, Endo admits that it offers discounts to certain customers under certain conditions but otherwise denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

91.     Answering paragraph 91, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

92.     Answering paragraph 92, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

93.     Answering paragraph 93, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

94.     Answering paragraph 94, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

95.     Answering paragraph 95, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

96.     Answering paragraph 96, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

97.     Answering paragraph 97, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

98.     Answering paragraph 98, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

99.     Answering paragraph 99, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

100.    Answering paragraph 100, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

101.     Answering paragraph 101, Endo denies the averments in this paragraph and in Exhibit C to the Complaint to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit C to the Complaint.

102.     Answering paragraph 102, Endo admits that FULs are established by the Center for Medicare and Medicaid Services ("CMS").  To the extent the allegations in paragraph 102 refer to statutes and regulations, Endo states that those sources speak for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

103.     Answering paragraph 103, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

104.     Answering paragraph 104, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

105.     Answering paragraph 105, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

106.     Answering paragraph 106, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

107.     Answering paragraph 107, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

108.    Answering paragraph 108, Endo denies the averments in this paragraph and in Exhibit B to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit B.

109.    Answering paragraph 109, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

110.    Answering paragraph 110, Endo states that to the extent the allegations of paragraph 110 refer to 42 U.S.C. § 1396r-8, that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

111.    Answering paragraph 111, Endo admits that it has executed a rebate agreement with the Secretary of Health and Human Services, refers to the agreement for its terms, and denies any characterization thereof.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

112.    Answering paragraph 112, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

113.    Answering paragraph 113, Endo states that to the extent the allegations of paragraph 113 refer to 42 U.S.C. §§ 1396r-8(c)(1)–(2), those sources speaks for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

114.    Answering paragraph 114, Endo states that to the extent the allegations of paragraph 114 refer to 42 U.S.C. § 1396r-8(c)(3), that source speaks for itself and any

characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

115.    Answering paragraph 115, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

116.    Answering paragraph 116, Endo states that to the extent the allegations of paragraph 116 refer to 42 U.S.C. § 1396r-8(c)(1)(C)(i), that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

117.    Answering paragraph 117, Endo states that to the extent the allegations of paragraph 117 refer to the Model Rebate Agreement, that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

118.    Answering paragraph 118, Endo states that to the extent the allegations of paragraph 118 refer to 42 U.S.C. § 1396r-8(k)(1), that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

119.    Answering paragraph 119, Endo states that to the extent the allegations of paragraph 119 refer to 42 U.S.C. § 1396r-8(b)(2), that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

120.    Answering paragraph 120, Endo states that to the extent the allegations of paragraph 120 refer to 42 U.S.C. § 1396r-8(b)(2), that source speaks for itself and any

characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

121.    Answering paragraph 121, Endo states that to the extent the allegations of paragraph 121 refer to the Model Rebate Agreement, that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

122.    Answering paragraph 122, Endo admits that it pays rebates to state Medicaid programs.  As to the remaining averments in the paragraph, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

123.    Answering paragraph 123, Endo states that to the extent the allegations of paragraph 123 refer to 42 U.S.C. § 1396r-8(b)(3)(D), that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

124.    Answering paragraph 124, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

125.    Answering paragraph 125, Endo states that to the extent the allegations of paragraph 125 refer to 42 U.S.C. § 1396r-8(b)(3)(C)(ii), that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

126.    Answering paragraph 126, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

127.     Answering paragraph 127, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

128.     Answering paragraph 128, Endo states that to the extent the allegations of paragraph 128 refer to the Model Rebate Agreement, that source speaks for itself and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

129.     Answering paragraph 129, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Endo states that to the extent the allegations of paragraph 129 refer to 42 U.S.C. § 1396r-8(b)(3)(C)(ii), that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

130.     Answering paragraph 130, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

131.     Answering paragraph 131, Endo states that to the extent the allegations of paragraph 131 refer to 42 U.S.C. § 1396r-8(c)(1)(C)(ii)(III), that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

132.     Answering paragraph 132, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

133.     Answering paragraph 133, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

134.     Answering paragraph 134, to the extent the allegations in paragraph 134 refer to the transcript of a December 7, 2004 hearing before the House Energy and Commerce Committee, Endo states that transcript speaks for itself and any characterizations thereof are denied.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

135.     Answering paragraph 135, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

136.     Answering paragraph 136, Endo admits that it considers some of its drug pricing information proprietary.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

137.     Answering paragraph 137, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

138.     Answering paragraph 138, to the extent the allegations in paragraph 138 refer to the transcript of a 2005 congressional hearing before the Senate Finance Committee, Endo states that the transcript speaks for itself, and any characterizations thereof are denied.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo

17

lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

139.    Answering paragraph 139, to the extent the allegations in paragraph 139 refer to the transcript of a 2005 congressional hearing before the Senate Finance Committee, Endo states that the transcript speaks for itself, and any characterizations thereof are denied.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

140.    Answering paragraph 140, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

141.    Answering paragraph 141, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

142.    Answering paragraph 142, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

143.    Answering paragraph 143, Endo denies the averments in this paragraph and in Exhibit B to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit B.

144.     Answering paragraph 144, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

145.     Answering paragraph 145, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

146.     Answering paragraph 146, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

147.     Answering paragraph 147, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

148.     Answering paragraph 148, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

149.     Answering paragraph 149, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

150.     Answering paragraph 150, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

151.     Answering paragraph 151, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

152.     Answering paragraph 152, to the extent the allegations in paragraph 152 refer to the transcript of a 2004 congressional hearing, Endo states that the transcript speaks for itself, and any characterizations thereof are denied.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

153.     Answering paragraph 153, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

154.     Answering paragraph 154, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

155.     Answering paragraph 155, to the extent the allegations in paragraph 155 refer to documents, Endo states that those sources speak for themselves, and any characterizations thereof are denied.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

156.     Answering paragraph 156, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

157.     Answering paragraph 157, to the extent the allegations in paragraph 157 refer to an OIG report or reports, Endo states that those sources speak for themselves, and any characterizations thereof are denied.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

158.     Answering paragraph 158, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

159.     Answering paragraph 159, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

160.     Answering paragraph 160, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

161.     Answering paragraph 161, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

162.     Answering paragraph 162, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

163.     Answering paragraph 163, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

164.     Answering paragraph 164, to the extent the allegations in paragraph 164 refer to judicial opinions, Endo states that those sources speak for themselves, and any characterizations thereof are denied.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

165.     Answering paragraph 165, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

166.     Answering paragraph 166, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

167.     Answering paragraph 167, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

168.     Answering paragraph 168, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

169.     Answering paragraph 169, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

170.     Answering paragraph 170, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

171.    Answering paragraph 171, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

172.    Answering paragraph 172, Endo admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter.  Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the second sentence of this paragraph.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made this paragraph.

173.    Answering paragraph 173, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

174.    Answering paragraph 174, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

175.    Answering paragraph 175, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

176.    Answering paragraph 176, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

177.    Answering paragraph 177, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

178.     Answering paragraph 178, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

179.     Answering paragraph 179, Endo admits that it offers discounts to certain customers under certain conditions.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

180.     Answering paragraph 180, Endo denies the averments in this paragraph and in Exhibit A to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit A.

181-360.     Answering paragraphs 181 through 360 and the footnotes thereto, Endo states that the allegations in paragraphs 181 through 360 and the footnotes thereto are directed to other defendants and require no response from Endo.  To the extent a response is deemed to be required, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 181 through 360 and the footnotes thereto.  To the extent the allegations in paragraphs 181 through 368 and the footnotes thereto refer to other statutes, regulations, transcripts, or other documents, Endo states that those sources speak for themselves and denies any characterizations thereof.

361.     Answering paragraph 361 and the footnote thereto, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the first sentence of this paragraph.  Endo admits that Plaintiff purports to seek relief for the specific Endo NDCs in Exhibit B-13, but Endo denies that such relief is warranted.  Otherwise, Endo lacks knowledge

or information sufficient to form a belief as to the truth of the other averments made in this paragraph and the footnote thereto.

362.    Answering paragraph 362, Endo denies the averments made in this paragraph and in Exhibit B-13.

363.    Answering paragraph 363, Endo admits that it offers discounts to certain customers under certain conditions.  Endo denies the remaining averments made in this paragraph.

364.    Answering paragraph 364, Endo denies the averments in this paragraph.

365.    Answering paragraph 365, Endo denies the averments in this paragraph and in Exhibit B-13.

366.    Answering paragraph 366, Endo denies the averments in this paragraph.

367.    Answering paragraph 367, Endo denies the averments in this paragraph.

368.    Answering paragraph 368, Endo denies the averments in this paragraph and in Exhibit B-13.

369-613.    Answering paragraphs 369 through 613 and the footnotes thereto, Endo states that the allegations in paragraphs 369 through 613 and the footnotes thereto are directed to other defendants and require no response from Endo.  To the extent a response is deemed to be required, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 369 through 613 and the footnotes thereto.  To the extent the allegations in paragraphs 369 through 613 and the footnotes thereto refer to other statutes, regulations, transcripts, or other documents, Endo states that those sources speak for themselves and denies any characterizations thereof.

614.    Answering paragraph 614, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the first sentence of this paragraph.  Endo denies the averments contained in the second sentence of this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the second sentence of this paragraph.

615.    Answering paragraph 615, Endo denies the averments contained this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

616.    Answering paragraph 616, Endo denies the averments contained this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

617.    Answering paragraph 617, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

618.    Answering paragraph 618, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

619.    Answering paragraph 619, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

620.    Answering paragraph 620, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

621.    Answering paragraph 621, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

622.    Answering paragraph 622, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

623.    Answering paragraph 623, to the extent the allegations in paragraph 623 refer to a congressional report issued by Senator Grassley, Endo states that the report speaks for itself, and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

624.    Answering paragraph 624, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

625.    Answering paragraph 625, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

626.    Answering paragraph 626, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

627.    Answering paragraph 627, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

628.     Answering paragraph 628, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

629.     Answering paragraph 629, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

630.     Answering paragraph 630, to the extent the allegations in paragraph 630 refer to a publication known as *The Pink Sheet*, Endo states that the publication speaks for itself, and any characterizations thereof are denied.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

631.     Answering paragraph 631, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

632.     Answering paragraph 632, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## COUNT I
## VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C.  § 1396r-8 (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

633.     Answering paragraph 633, Endo restates and incorporates by reference its answers to paragraphs 1 through 632 as if fully set forth herein.

634-642.       Answering paragraphs 634 through 642, Endo states that the Court has dismissed the claims to which these allegations relate and thus no response is required.  To the

extent that a response is required, Endo denies the averments contained in paragraphs 634 through 642 to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 634 through 642.

## COUNT II
## BREACH OF CONTRACT

643.    Answering paragraph 643, Endo restates and incorporates by reference its answers to paragraphs 1 through 642 as if fully set forth herein.

644-651.    Answering paragraphs 644 through 651, Endo states that the Court has dismissed the claims to which these allegations relate and thus no response is required.  To the extent that a response is still required, Endo denies the averments contained in paragraphs 644 through 651 to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 644 through 651.

## COUNT III
## IOWA CONSUMER FRAUD ACT
## Iowa Code § 714.16

652.    Answering paragraph 652, Endo restates and incorporates by reference its answers to paragraphs 1 through 651 as if fully set forth herein.

653.    Answering paragraph 653, Endo denies the averments contained this paragraph, and the exhibits referenced thereto, to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.  To the extent the allegations in paragraph 653 refer to statutes or regulations, those sources speak for themselves and any characterizations thereof are denied.

654.     Answering paragraph 654, Endo denies the averments contained this paragraph and the sub-parts thereto, to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

655.     Answering paragraph 655, Endo denies the averments contained this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

656.     Answering paragraph 656, Endo states that the allegation contains a legal conclusion to which no response is required.  To the extent a response is required, Endo denies the averments contained this paragraph to the extent they relate or refer to Endo.  To the extent the allegations in paragraph 656 refer to statutes or regulations, those sources speak for themselves and any characterizations thereof are denied.

657.     Answering paragraph 657, Endo states that the allegation contains a legal conclusion to which no response is required.  To the extent a response is required, Endo denies the averments contained this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## COUNT IV
## FRAUD

658.     Answering paragraph 658, Endo restates and incorporates by reference its answers to paragraphs 1 through 657 as if fully set forth herein.

659.     Answering paragraph 659, Endo denies the averments contained this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

660.     Answering paragraph 660, Endo denies the averments contained this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

661.     Answering paragraph 661, Endo denies the averments contained this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

662.     Answering paragraph 662, Endo states that the allegation contains a legal conclusion to which no response is required.  To the extent a response is required, Endo denies the averments contained this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### COUNT V
### UNJUST ENRICHMENT

663.     Answering paragraph 663, Endo restates and incorporates by reference its answers to paragraphs 1 through 662 as if fully set forth herein.

664.     Answering paragraph 664, Endo denies the averments contained this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

665.     Answering paragraph 665, Endo denies the averments contained this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

666.     Answering paragraph 666, Endo states that the allegation contains a legal conclusion to which no response is required.  To the extent a response is required, Endo denies the averments contained this paragraph to the extent they relate or refer to Endo.  Otherwise,

Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## PRAYER FOR RELIEF

667-675.        Answering paragraphs 667 through 675, Endo denies any relief is appropriate.

**WHEREFORE**, Endo demands judgment dismissing the Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Endo repeats and incorporates by reference paragraphs 1 through 675 above.  Without assuming any burden of proof that it would not otherwise bear, Endo also asserts the following defenses:

### First Affirmative Defense

Plaintiff fails to state a claim against Endo upon which relief may be granted.

### Second Affirmative Defense

Plaintiff lacks standing or capacity to bring some or all of the claims it asserts.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Noerr-Pennington doctrine to the extent that such claims are premised on alleged statements or conduct by Endo in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Fourth Affirmative Defense

Plaintiff's state law claims against Endo are preempted, in whole or in part, by federal law, including, without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments

32

thereto and all regulations promulgated thereunder, and by the existence and terms of written rebate agreement(s) with the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, including the State of Iowa, entitled "Rebate Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement" (the "Rebate Agreement"), which was entered into pursuant to 42 U.S.C. § 1396r-8 and pursuant to which Endo reports certain specific pricing information to the federal government and remits rebate payments to the State of Iowa based on that information.

### Fifth Affirmative Defense

Plaintiff's claims against Endo are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of *in pari delicto*, laches, estoppel, and/or waiver.

### Sixth Affirmative Defense

Any and all actions taken by Endo with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Seventh Affirmative Defense

Endo's statements or actions were not the proximate cause or cause in fact of any injury to, or alleged loss by, plaintiff.

### Eighth Affirmative Defense

To the extent that plaintiff attempts to seek equitable relief against Endo, it is not entitled to such relief because it has an adequate remedy at law.

### Ninth Affirmative Defense

Plaintiff's claims against Endo are barred, in whole or in part, due to its failure to join indispensable parties.

33

**Tenth Affirmative Defense**

Plaintiff's claims against Endo are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

**Eleventh Affirmative Defense**

To the extent Plaintiff obtains recovery in any other proceeding predicated on the same factual allegations, Plaintiff is barred from seeking recovery against Endo based on the Complaint pursuant to the doctrines of *res judicata*, collateral estoppel, and/or the prohibition on double recovery for the same injury.

**Twelfth Affirmative Defense**

Plaintiff's claims against Endo are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised any of its claims.

**Thirteenth Affirmative Defense**

Plaintiff's claims against Endo for damages are barred, in whole or in part:  (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to Endo; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by Endo after the filing of the Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

**Fourteenth Affirmative Defense**

Endo is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff.  All rebates paid by Endo to the State of Iowa should be taken into account in determining the amount of damages, if any, awarded.

**Fifteenth Affirmative Defense**

Any damages recovered by Plaintiff from Endo must be limited by the applicable statutory ceilings on recoverable damages.

**Sixteenth Affirmative Defense**

Plaintiff fails to allege facts or a cause of action against Endo sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, prejudgment interest, or any other relief.

**Seventeenth Affirmative Defense**

To the extent punitive or treble damages are sought, plaintiff's punitive or treble damages claims against Endo:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive or treble damages against Endo; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive or treble damages fail to give Endo prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Endo's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Iowa; (4) cannot be sustained because any award of punitive or treble damages exceeding the limits authorized by the laws or other comparable laws would violate

Endo's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Iowa; (5) cannot be sustained because an award of punitive or treble damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Endo for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Endo's products would constitute impermissible multiple punishments for the same wrong, in violation of Endo's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Iowa; (6) cannot be sustained because any award of punitive or treble damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Endo's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Iowa; and (7) cannot be sustained because any award of punitive or treble damages, which are penal in nature, without according Endo the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Endo's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Iowa.

**Eighteenth Affirmative Defense**

To the extent punitive or treble damages are sought, plaintiff's claims for punitive or treble damages against Endo cannot be sustained because an award of punitive or treble damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive or treble damages award; (2) is not adequately instructed on the limits of punitive or treble damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive or treble damages, or determining the amount of an award of punitive or treble damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Endo; (4) is permitted to award punitive or treble damages under a standard for determining liability for punitive or treble damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive or treble damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Endo's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Iowa.

**Nineteenth Affirmative Defense**

To the extent punitive or treble damages are sought, plaintiff's claims for punitive or treble damages against Endo cannot be sustained because an award of punitive or treble damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages

or a maximum amount of punitive or treble damages that may be imposed, would: (1) violate Endo's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Endo's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Iowa.

### Twentieth Affirmative Defense

Some or all of plaintiff's claims against Endo are barred, in whole or in part, because those claims arise from plaintiff's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

### Twenty-First Affirmative Defense

Plaintiff's claims for injunctive relief against Endo are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Twenty-Second Affirmative Defense

Plaintiff fails to plead fraud with particularity, including failing to state with particularity facts to support its claims of fraudulent conduct or fraudulent concealment.

### Twenty-Third Affirmative Defense

Endo hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to Endo.

### Twenty-Fourth Affirmative Defense

Any damage, loss, or liability sustained by plaintiff must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Endo under the principles of equitable allocation, recoupment, set-off, proportionate

responsibility, and comparative fault, including the provisions of applicable state and federal law.

### Twenty-Fifth Affirmative Defense

Under the principles of contribution and indemnity, persons or entities other than Endo are wholly or partially responsible for the purported damages, if any, plaintiff may have sustained.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrines of express and implied waiver, mistake, and mutual mistake.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that they have been dismissed by the Court's August 19, 2008 Memorandum and Order on Certain Defendants' Motion to Dismiss the Complaint and the Court's September 17, 2008 Order on Endo Pharmaceuticals Inc.'s Individual Motion To Dismiss The Complaint Of The State Of Iowa And Memorandum Of Law In Support Thereof.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by its failure to exhaust applicable administrative remedies.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

### Thirtieth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Iowa.

**Thirty-First Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

**Thirty-Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because they violate Endo's rights under the Due Process and Ex Post Facto clauses of the United States Constitution, as well as the Constitution of the State of Iowa, insofar as plaintiff seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

**Thirty-Third Affirmative Defense**

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Endo did not retain any money belonging to the plaintiff as a result of any alleged overpayments.

**Thirty-Fourth Affirmative Defense**

Plaintiff's claims against Endo are barred because Endo has complied with all applicable federal and state regulations.

**Thirty-Fifth Affirmative Defense**

During part of the relevant time period, Endo has affirmatively stated on its published price lists that it did not set the AWP reported on its lists.  Endo has also affirmatively stated that the List Price published in its price lists was the undiscounted price offered to wholesalers and did not reflect discounts, rebates, or other price concessions that may have been offered, and does not necessarily represent the actual price paid by wholesalers or direct customers. Accordingly, plaintiff is estopped from claiming to have been defrauded by virtue of any action by Endo.

### Thirty-Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, as to all prescription drug products named by plaintiff in the Complaint and exhibits thereto, that are neither distributed nor sold by Endo Pharmaceuticals Inc.

### Thirty-Seventh Affirmative Defense

Plaintiff's claims are preempted by the Commerce Clause or the dormant Commerce Clause of the United States Constitution.

### Thirty-Eighth Affirmative Defense

Plaintiff's claims against Endo for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### Thirty-Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

### Fortieth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine.

### Forty-First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because it did not rely on any alleged misrepresentations or fraud by Endo.

### Forty-Second Affirmative Defense

Plaintiff's claims against Endo are barred, in whole or in part, by the filed rate doctrine.

### Forty-Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a person or a consumer within the meaning of the Iowa Consumer Fraud Act.

### Forty-Fourth Affirmative Defense

Endo denies that Plaintiff has a valid consumer protection claim against Endo under the Iowa Consumer Fraud Act.  However, if such claim is found to exist, Endo pleads all available defenses under the Act.

### Forty-Fifth Affirmative Defense

Plaintiff's claims against Endo are barred, in whole or in part, because of the lack of consideration and failure to suffer damages as a result of the matters alleged in the  Complaint.

### Forty-Sixth Affirmative Defense

Due in part to the lack of particularity in the Complaint, Endo hereby gives notice that it intends to rely upon any other additional defense that is now or may become available or appear during, or as a result of, the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

### JURY DEMAND

Endo hereby demands a trial by jury.

### CONCLUSION

Endo reserves the right to amend this Answer to the Complaint and to assert other defenses as this action proceeds.

**WHEREFORE**, Endo denies that plaintiff is entitled to any relief from Endo and prays that this Court:

1) Dismiss the Complaint with prejudice and enter judgment in favor of Endo;

2) Award Endo its costs and expenses; and

3) Grant such other and further relief for Endo as this Court deems just and proper.

Dated: October 20, 2008

Respectfully submitted,
Endo Pharmaceuticals Inc.
By Its Attorneys

/s/ David D. Fauvre
Jonathan L. Stern (*pro hac vice*)
David D. Fauvre (*pro hac vice*)
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206
Tel: 202-942-5000
Fax: 202-942-5999

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Court's Case Management Order No. 2, by sending on October 20, 2008 a copy to Lexis-Nexis for posting and notification to all parties.

/s/ David D. Fauvre