# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 04-CV-06054)<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00425)<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06231)<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00456)<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06242)<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00423)<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06204)<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06744)<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00354)<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00867)<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00881)<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 05-CV-06458)<br><br>*County of Essex County v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00878)<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00519) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br><br><br>**DEFENDANT WYETH'S ANSWER AND AFFIRMATIVE DEFENSES TO REVISED FIRST AMENDED MASTER CONSOLIDATED COMPLAINT** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06206)

*County of Greene v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00474)

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00415)

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00715)

*County of Lewis v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00839)

*County of Madison v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00714)

*County of Monroe v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06148)

*County of Nassau v. Abbott Laboratories, Inc., et al.*
(E.D.N.Y. No. 04-CV-5126)

*County of Niagara v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06296)

*County of Oneida v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00489)

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00088)

*County of Ontario v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06373)

*County of Orange v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 07-CV-2777)

*County of Orleans v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06371)

*County of Putnam v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 05-CV-04740)

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00422)

*County of Rockland v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 03-CV-7055)

| | |
|---|---|
| *County of Saratoga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00478) | |
| *County of Schuyler v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06387) | |
| *County of Seneca v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06370) | |
| *County of St. Lawrence v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00479) | |
| *County of Steuben v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06223) | |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.* (E.D.N.Y. No. CV-03-229) | |
| *County of Tompkins v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00397) | |
| *County of Ulster v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 06-CV-0123) | |
| *County of Warren v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00468) | |
| *County of Washington v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00408) | |
| *County of Wayne v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06138) | |
| *County of Westchester v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 03-CV-6178) | |
| *County of Wyoming v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 03-CV-6379) | |
| *County of Yates v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06172) | |

Defendant Wyeth, by and through its attorneys, hereby states as an Answer and Affirmative Defenses to the Revised First Amended Consolidated Complaint filed against it by New York City and the above-listed New York Counties (collectively, "Plaintiffs"), as follows:

## PRELIMINARY STATEMENT

The Revised First Amended Consolidated Complaint (the "FAMCC") improperly refers to other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Wyeth. This is insufficient to apprise Wyeth of the allegations asserted against it. Wyeth has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible.

To the extent the allegations in the FAMCC refer to the knowledge, conduct or actions of other persons or entities, Wyeth is generally without knowledge or information sufficient to form a belief as to the truth of those allegations. Wyeth states that it is answering Plaintiffs' allegations solely on behalf of itself, even when Plaintiffs' allegations refer to alleged conduct by Wyeth and other persons or entities.

The FAMCC also contains purported quotations from a number of sources. In answering allegations consisting of quotations, Wyeth's failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or Wyeth's reference to the full document instead of the quote shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

Wyeth denies each and every allegation contained in the FAMCC and the exhibits thereto, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any particular averment or in the FAMCC as a whole. In addition, Wyeth specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in

the FAMCC.  For ease of reference, Wyeth has included in this Answer and Affirmative Defenses the caption used in the FAMCC, but specifically denies any allegations contained in, or inferences that could be drawn from, that caption.

These comments and objections are incorporated, to the extent appropriate, into each unnumbered and numbered paragraph of this Answer.

## SPECIFIC RESPONSES

To the extent that the unnumbered paragraph immediately following the Table of Contents (the "FAMCC's Introductory Paragraph") makes allegations against Wyeth, Wyeth denies them, except admits that the City of New York and certain New York Counties (collectively, the "Counties") have made allegations against a number of defendants, including Wyeth, as set forth in the FAMCC.  To the extent that the FAMCC's Introductory Paragraph states legal conclusions, no response is required.  To the extent the allegations of the FAMCC's Introductory Paragraph are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1.       Wyeth admits that the Counties seek to bring this action as alleged in Paragraph 1 of the FAMCC, but Wyeth denies there is any basis for them to do so and denies that they are entitled to any relief.  Wyeth also admits that Exhibit B to the FAMCC purport to identify the prescription drugs at issue in this matter, but denies any liability to Plaintiffs with respect to any such NDCs.  To the extent the remaining allegations in Paragraph 1 are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it has been involved in "fraudulent and misleading schemes" or that the New York State Medicaid Program has been "overcharge[d]" for prescription drugs.  To the extent the remaining allegations in Paragraph 1 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

2.      Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 or the exhibit referenced therein.  To the extent the allegations in Paragraph 2 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

3.      Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 or its footnote, except admits that it pays Medicaid rebates to the State of New York and that such rebates lower the price New York Medicaid pays for Wyeth's prescription drugs.  To the extent the allegations in Paragraph 3 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

4.      To the extent the allegations in Paragraph 4 are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it was involved in "fraudulent schemes," the "manipulation of the Medicaid program" or the "intentional fraudulent inflation" of wholesale prices, or that the Counties' Medicaid Programs were "overcharge[d]."  To the extent the allegations in Paragraph 4 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

5.      To the extent the allegations in Paragraph 5 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Wyeth otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. Wyeth otherwise denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 6 or its footnote, except Wyeth denies that it "actively encourage[s] physicians to write DAW in order to secure AWP-based reimbursement for pharmacies."

7.      To the extent the allegations in Paragraph 7 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Wyeth otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      To the extent the allegations in Paragraph 9 are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it "control[s] and unlawfully inflates[s]" average wholesale prices ("AWPs") or federal upper limits ("FULs").  To the extent the allegations in Paragraph 9 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

10.     To the extent the allegations in Paragraph 10 are directed at Wyeth, Wyeth denies them, except Wyeth admits that it has provided the wholesale list price of its drugs to certain industry pricing compendia and that publishers apply their own markups to the list prices.  Wyeth specifically denies that it "set[s] AWP."  To the extent the allegations in Paragraph 10 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

11.     To the extent the allegations in Paragraph 11 are directed at Wyeth, Wyeth denies them.  To the extent the allegations in Paragraph 11 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

12.     To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it has "report[ed] a false and inflated WAC or WAC equivalent" to industry pricing compendia.  To the extent the allegations in Paragraph 12 or the exhibit referenced therein are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

13.     To the extent the allegations in Paragraph 13 are directed at Wyeth, Wyeth denies them, except Wyeth admits that CMS has established FULs for certain drugs.  Wyeth specifically denies that it "control[s] the FUL."  To the extent the allegations in Paragraph 13 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraph 13 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

14.     To the extent the allegations in Paragraph 14 are directed at Wyeth, Wyeth denies them.  To the extent the allegations in Paragraph 14 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

15.     To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at Wyeth, Wyeth denies them.  To the extent the allegations in Paragraph 15 or the exhibit referenced therein are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

16-17. To the extent the allegations in Paragraphs 16-17 are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it "submit[s] false and inflated price information to the publishing compendia."  Wyeth further denies the characterization of "spread" in Paragraphs 16-17.  To the extent the allegations in Paragraphs 16-17 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

18-19.   Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 18-19.

20.      Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent the allegations in Paragraph 20 refer to a Wall Street Journal article, the article speaks for itself, and any characterizations thereof are denied.

21.      Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 or the exhibit referenced therein.

22.      Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.      To the extent the allegations in Paragraph 23 are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it has "secretly polluted the entire reimbursement system with false and inflated prices."  To the extent the allegations in Paragraph 23 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

24.      To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it has "cause[d] false and inflated published reimbursement prices to issue."  Wyeth further denies the characterization of "spread" in Paragraph 24.  To the extent the allegations in Paragraph 24 or the exhibit referenced therein are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

25.      To the extent the allegations in Paragraph 25 are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it has "create[d], inflate[d], manipulate[d] and market[ed] the spread for both brand name and generic drugs."  To the extent the allegations in Paragraph 25 are

directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

26.    Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.  To the extent the allegations in Paragraph 26 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

27.    Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.  To the extent the allegations in Paragraph 27 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

28.    To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it has engaged in "intentional AWP inflation" or "fraud."  Wyeth further states that for years, and at all times relevant to the FAMCC, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices or have an expected relationship to such an average.  To the extent the allegations in Paragraph 28 or the exhibit referenced therein are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

29.    To the extent the allegations in Paragraph 29 are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it has "reported or caused to be reported [] false and inflated" WACs or engaged in any "unlawful and undisclosed manipulation of the price reporting system." To the extent the allegations in Paragraph 29 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

30.     To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it has engaged in any "pricing misconduct."  To the extent the allegations in Paragraph 30 or the exhibit referenced therein are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

31.     To the extent the allegations in Paragraph 31 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Wyeth otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 or its footnote, except Wyeth admits that it pays Medicaid rebates as required by law.

32.     To the extent the allegations in Paragraph 32 are directed at Wyeth, Wyeth denies them.  To the extent the allegations in Paragraph 32 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

33.     To the extent the allegations in Paragraph 33 or its footnote are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it has "abused" any Medicaid statute.  To the extent the allegations in Paragraph 33 or its footnote are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 33 or its footnote refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

34.     To the extent the allegations in Paragraph 34 are directed at Wyeth, Wyeth denies them.  To the extent the allegations in Paragraph 34 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent

the allegations in Paragraph 34 refer to a HHS OIG report, the report speaks for itself, and any characterizations thereof are denied.

35.     Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at Wyeth, Wyeth denies them, except Wyeth admits that it settled without an admission of liability a government investigation related to drug pricing.  To the extent the allegations in Paragraph 36 or the exhibit referenced therein are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

37.     Wyeth admits that the Counties seeks the relief listed in Paragraph 37, but Wyeth denies there is any basis for them to do so and denies that they are entitled to any relief.  To the extent the remaining allegations in Paragraph 37 are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it has been involved in any "fraudulent and illegal manipulation of drug prices."  To the extent the remaining allegations in Paragraph 37 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

38.     Wyeth admits that the Counties seek to bring this action as alleged in Paragraph 38, but Wyeth denies there is any basis for them to do so and denies that they are entitled to any relief.

39-40.  Paragraphs 39-40 state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, Wyeth denies the allegations in Paragraphs 39-40, except admits that each of the captioned matters has been transferred to this Court by the Judicial Panel on Multi District Litigation pursuant to 28 U.S.C. 1407.

41-42.  Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 41-42 and 42A.  To the extent the allegations in Paragraphs 41-42

and 42A refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

43.     Wyeth denies the allegations in Paragraph 43 and its footnote, and refers to Case Management Order No. 33, dated September 14, 2007, ¶¶ 1, 3 for which plaintiffs are suing which defendants.

44.     To the extent the allegations in Paragraph 44 are directed at Wyeth, Wyeth denies them, except Wyeth admits that it manufactures and sells prescription drugs and that it transacts business in the State and City of New York.  Wyeth specifically denies that it "manufactures, markets and sells prescription drugs with false and inflated wholesale prices."  To the extent the allegations in Paragraph 44 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

45-82.  The allegations in Paragraphs 45-82 are directed to other defendants and require no response from Wyeth.  To the extent a response is deemed to be required, Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 45-82.

83.     Wyeth states that is was formerly American Home Products Corporation.  The remainder of the allegations in Paragraph 83 are admitted.

84.     Wyeth denies that Wyeth-Ayerst is currently a division of Wyeth.  Wyeth admits that its pharmaceuticals business is headquartered in Collegeville, Pennsylvania, but Wyeth denies the remaining allegations in the second sentence of Paragraph 84.  Wyeth states that its pharmaceutical business is primarily conducted through Wyeth Pharmaceuticals, an unincorporated division of Wyeth, and Wyeth's wholly owned subsidiary corporation, Wyeth Pharmaceuticals Inc.

85-88.   The allegations in Paragraphs 85-88 are directed to unknown defendants and require no response from Wyeth.  To the extent a response is deemed to be required, Wyeth denies that it was involved any conspiracy related to drug pricing with either named or unknown defendants.  Wyeth also denies that it has engaged in any "wrongful acts" related to drug pricing.

89.   With respect to the allegations in Paragraph 89, Wyeth admits that Medicaid was established by Title XIX of the Social Security Act.  Wyeth further states that the provisions of Title XIX speak for themselves, and any characterizations thereof are denied.

90.   Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, except Wyeth admits that state participation in Medicaid is voluntary and that state Medicaid plans must be approved by the federal government.  To the extent the allegations in Paragraph 90 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

91-99.   Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 91-99 or their footnotes.  To the extent the allegations in Paragraphs 91-99 or their footnotes refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

100.   Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100,  except admits that national drug codes are assigned to prescription drugs and that the FOA assigns such codes.

101-111.  Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 101-111 or their footnotes.  To the extent the allegations in Paragraphs 101-111 or their footnotes refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

112.    Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112,  except admits that pricing compendia such as Blue Book publish AWPs and FULs, and denies that Wyeth has any control over such prices.

113.    To the extent the allegations in Paragraph 113 are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it has "fraudulently conceal[ed]" the "true prices" of its drugs by "claiming they are proprietary trade secrets."  To the extent the allegations in Paragraph 113 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 113 refer to the transcript of a congressional hearing, the transcript speaks for itself, and any characterizations thereof are denied.

114-115. To the extent the allegations in Paragraphs 114-115 are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it reports "reimbursement prices . . . to the publishing compendia" or that it has engaged in the "purposeful manipulation of reimbursement prices generally, and AWP in particular."  Wyeth further states that for years, and at all times relevant to the FAMCC, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 114-115 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 114-115 refer to HHS OIG reports, the reports speak for themselves, and any characterizations thereof are denied.

116-123. With respect to the allegations in Paragraphs 116-123 and their footnotes, Wyeth admits that the Medicaid statute includes a rebate provision, that it has entered into a rebate agreement with the Secretary of Health and Human Services, and that rebates help reduce state Medicaid drug expenditures.  Wyeth further states that the rebate provision speaks for itself, and

any characterizations thereof are denied.  To the extent the allegations in Paragraphs 116-123 or their footnotes refer to additional statutes, regulations or congressional reports, those sources also speak for themselves, and any characterizations thereof are also denied.

124-125. Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 124-125.  To the extent the allegations in Paragraphs 124-125 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  Wyeth denies that the Counties are intended third-party beneficiaries of Medicaid rebate agreements.

126.    With respect to the allegations in Paragraph 126, Wyeth admits that drug manufacturers report Best Prices and AMPs to HHS.  To the extent the allegations in Paragraph 126 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

127-130. Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 127-130, except admits that it reports Medicaid information to HHS and pays rebates to States.  To the extent the allegations in Paragraphs 127-130 refer to statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and any characterizations thereof are denied.

131.    To the extent the allegations in Paragraph 131 are directed at Wyeth, Wyeth denies them.  To the extent the allegations in Paragraph 131 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 131 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.

132.     To the extent the allegations in Paragraph 132 are directed at Wyeth, Wyeth admits that it has executed a rebate agreement with HHS.  Wyeth further states that the rebate agreement speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 132 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 132 refer to the Model Rebate Agreement, that document also speaks for itself, and any characterizations thereof are also denied.

133-136. Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 133-136.  To the extent the allegations in Paragraphs 133-136 refer to the Model Rebate Agreement, that document speaks for itself, and any characterizations thereof are denied.

137-143. Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 137-143, except Wyeth denies that the Counties are Medicaid payors or intended third-party beneficiaries of Medicaid rebate agreements.  To the extent the allegations in Paragraphs 137-143 refer to statutes, regulations or amicus briefs filed by the United States, those sources speak for themselves, and any characterizations thereof are denied.

144.     To the extent the allegations in Paragraph 144 are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it "intentionally reported, or caused to be reported, to industry publications wholesale pricing information that it knew to be false and inflated."  Wyeth further denies the characterization of "spread" in Paragraph 144.  To the extent the allegations in Paragraph 144 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

145-149.  With respect to the allegations in Paragraphs 145-149, Wyeth admits that Exhibit B to the FAMCC purports to identify the prescription drugs at issue in this matter, but denies the accuracy of the data listed therein.  To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it "routinely submitted fraudulent prices" to pricing compendia.  Wyeth further denies the characterization of "spread" in Paragraphs 145-149 and Exhibit B.  To the extent the remaining allegations in Paragraphs 145-149 or Exhibit B are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

150-153.  To the extent the allegations in Paragraphs 150-153 are directed at Wyeth, Wyeth denies them.  Wyeth further states that for years, and at all times relevant to the FAMCC, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 150-153 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

154.  Paragraph 154 purports to contain a statement from HHS OIG, but Wyeth denies knowledge or information sufficient to form a belief as to its accuracy because the source thereof is not provided.  To the extent the source of the statement is provided, the source speaks for itself, and any characterizations thereof are denied.

155-158.  To the extent the allegations in Paragraphs 155-158 are directed at Wyeth, Wyeth denies them.  Wyeth further states that these allegations wrongly assume that discounts, chargebacks and other price concessions are supposed to be included in prices reported to industry compendia.  To the extent the allegations in Paragraphs 155-158 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

159-165.  Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 159-165, except Wyeth admits that PBMs are involved in administering and managing prescription drug benefit programs and that certain PBMs also operate mail order pharmacies.  To the extent the allegations in Paragraphs 159-165 refer to articles or reports, those sources speak for themselves, and any characterizations thereof are denied.

166.    To the extent the allegations in Paragraph 166 are directed at Wyeth, Wyeth denies them.  Wyeth specifically denies that it "control[s] the published reimbursement prices."  To the extent the allegations in Paragraph 166 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

167.    Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

168-172.  To the extent the allegations in Paragraphs 168-172 are directed at Wyeth, Wyeth denies them, except Wyeth that it has executed a rebate agreement with HHS.  Wyeth further states that the Court has dismissed all Medicaid rebate-related allegations in the FAMCC as to Wyeth.  In any event, the rebate agreement speaks for itself, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 168-172 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 168-172 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

173-176.  To the extent the allegations in Paragraphs 173-176 are directed at Wyeth, Wyeth denies them, and further states that the Court has dismissed all Medicaid rebate-related allegations in the FAMCC as to Wyeth.  To the extent the allegations in Paragraphs 173-176 are directed at

parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 173-176 refer to statutes, regulations or reports, those sources speak for themselves, and any characterizations thereof are denied.

177.    To the extent the allegations in Paragraph 177 are directed at Wyeth, Wyeth denies them, except admits that Wyeth has settled certain government investigations of pharmaceutical pricing without an admission of liability.  To the extent the allegations in Paragraph 177 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

178-194. To the extent the allegations in Paragraphs 178-194 or their footnotes are directed at Wyeth, Wyeth denies them.  To the extent the allegations in Paragraphs 178-194 or their footnotes are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 178-194 or their footnotes refer to reports, articles, letters, congressional hearing transcripts, or other documents, those sources speak for themselves, and any characterizations thereof are denied.

195.    To the extent the allegations in Paragraph 195 are directed at Wyeth, Wyeth denies them, except Wyeth admits that its contracts with purchasers sometimes included discounts.  To the extent the allegations in Paragraph 195 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

196.    To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at Wyeth, Wyeth denies them.  To the extent the allegations in Paragraph 196 or the exhibit referenced therein are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

197-754. The allegations in Paragraphs 197-754 are directed to other defendants and require no response from Wyeth.  To the extent a response is deemed to be required, Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 197-754.

755.    Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 755 or its footnote or exhibit referenced therein.

756.    Wyeth denies the allegations in Paragraphs 756 and the exhibit referenced therein.

757.    Wyeth denies the allegations in Paragraphs 757 and the exhibit referenced therein.

758.    Wyeth denies the allegations in Paragraphs 758.

759.    Wyeth admits that it entered into an agreement with King concerning Altace at some point during the time period alleged in the FAMCC.  To the extent the allegations in Paragraph 759 refer to any such agreement, the agreement speaks for itself, and any characterizations thereof are denied.   Wyeth denies the remaining allegations of Paragraph 759.

760.    Wyeth admits that at one time it was named as a defendant in a lawsuit filed by the State of California, but that Wyeth was dropped from that lawsuit when the State of California filed its First Amended Complaint In Intervention in this Court in August 2005.  Wyeth denies knowledge or information sufficient to form a belief as to the truth or accuracy of the numbers in the chart reproduced in Paragraph 760, including the apparent methodology used to arrive at these numbers.  Wyeth denies the remaining allegations of Paragraph 760.

761.    Wyeth denies the allegations in Paragraph 761.

762.    Wyeth admits that it received a letter from the Senate Finance Committee.  To the extent the allegations in Paragraph 762 refer to any such letter, the letter speaks for itself, and any characterizations thereof are denied. Wyeth denies the remaining allegations of Paragraph 762.

763.     Wyeth denies the allegations in the Paragraph 763 or its footnote or exhibit referenced therein.

764.     To the extent the allegations in Paragraph 764 refer to certain documents, those documents speak for themselves, and any characterizations thereof are denied.  Wyeth denies the remaining allegations of Paragraph 764.

765.     Wyeth denies the allegations in Paragraph 765.

766.     Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 766.

767.     Wyeth denies the allegations in Paragraph 767.

768.     Wyeth denies the allegations in Paragraph 768.

769.     Wyeth denies the allegations in Paragraph 769.

770-772. To the extent the allegations in Paragraphs 770-772 are directed at Wyeth, Wyeth denies them, except Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegation that the Counties' Medicaid programs "spent over $20 billion for defendants' drugs from 1992 – 2005."  Wyeth specifically denies that it was involved in any "false price reporting scheme" or "misconduct," or that it has been "unjustly enriched."  To the extent the allegations in Paragraphs 770-772 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

773-790. To the extent the allegations in Paragraphs 773-790 are directed at Wyeth, Wyeth denies them.  Wyeth further states that for years, and at all times relevant to the FAMCC, it has been common knowledge and universally understood, including by the Counties and/or their agents, that AWP does not, and is not intended to, reflect an actual average of wholesale prices.  To the extent the allegations in Paragraphs 773-790 are directed at parties other than Wyeth, Wyeth

denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraph 786 refer to *The Pink Sheet*, that document speaks for itself, and any characterizations thereof are denied.

## COUNT I
## VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. 1396r-8 (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)

791.    In response to Paragraph 791, Wyeth repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 790.

792-800. To the extent the allegations in Paragraphs 792-800 are directed at Wyeth, Wyeth states that the Court has dismissed them.  To the extent that a response is still required, Wyeth denies the allegations as to itself.  To the extent the allegations in Paragraphs 792-800 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

## COUNT II
## VIOLATION OF N.Y. SOCIAL SERVICES LAW 367-a(7)(d) (FAILURE TO COMPLY WITH STATE MEDICAID REBATE PROVISION)

801.    In response to Paragraph 801, Wyeth repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 800.

802-807. To the extent the allegations in Paragraphs 802-807 are directed at Wyeth, Wyeth states that the Court has dismissed them.  To the extent that a response is still required, Wyeth denies the allegations as to itself.  To the extent the allegations in Paragraphs 802-807 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

## COUNT III
## VIOLATION OF NEW YORK SOCIAL SERVICES LAW 145-b (OBTAINING PUBLIC FUNDS BY FALSE STATEMENTS)

808.     In response to Paragraph 808, Wyeth repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 807.

809.     Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 809.  To the extent the allegations in Paragraph 809 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

810-813. To the extent the allegations in Paragraphs 810-813 are directed at Wyeth, Wyeth denies them.  To the extent the allegations in Paragraphs 810-813 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 810-813 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraphs 810-813 contain legal conclusions, no response is required.

## COUNT IV
## VIOLATION OF NEW DEPARTMENT OF HEALTH REGULATIONS 18 N.Y.C.R.R. 512.2(b)4) and (5)

814.     In response to Paragraph 814, Wyeth repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 813.

815-817. To the extent the allegations in Paragraphs 815-817 are directed at Wyeth, Wyeth states that the Court has dismissed them.  To the extent that a response is still required, Wyeth denies the allegations as to itself.  To the extent the allegations in Paragraphs 814-817 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

## COUNT V
## BREACH OF CONTRACT

818.     In response to Paragraph 818, Wyeth repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 817.

819-830. To the extent the allegations in Paragraphs 819-830 are directed at Wyeth, Wyeth states that the Court has dismissed them.  To the extent that a response is still required, Wyeth denies the allegations as to itself.  To the extent the allegations in Paragraphs 819-830 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

## COUNT VI
## UNFAIR TRADE PRACTICES (Violations of N.Y. Gen. Bus. Law 349 *et seq*.)

831.     In response to Paragraph 831, Wyeth repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 830.

832-835. To the extent the allegations in Paragraphs 832-835 and the exhibits referenced therein are directed at Wyeth, Wyeth denies them.  To the extent the allegations in Paragraphs 832-835 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 832-835 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

836-837. To the extent the allegations in Paragraphs 836-837 are directed at Wyeth, Wyeth denies them.  To the extent the allegations in Paragraphs 836-837 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 836-837 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

838-839. To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at Wyeth, Wyeth denies them. To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraphs 838-839 and the sub-parts thereto contain legal conclusions, no response is required.

**COUNT VII**
**FRAUD**

840.    In response to Paragraph 840, Wyeth repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 839.

841-843. To the extent the allegations in Paragraphs 841-843 and the exhibits referenced therein are directed at Wyeth, Wyeth denies them. To the extent the allegations in Paragraphs 841-843 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.

844.    Wyeth denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 844. To the extent the allegations in Paragraph 844 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

845.    To the extent the allegations in Paragraph 845 are directed at Wyeth, Wyeth denies them. To the extent the allegations in Paragraph 845 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth. To the extent the allegations in Paragraph 845 refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraph 845 contain legal conclusions, no response is required.

## COUNT VIII
## UNJUST ENRICHMENT

846.     In response to Paragraph 846, Wyeth repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 845.

847-849. To the extent the allegations in Paragraphs 847-849 are directed at Wyeth, Wyeth denies them.  To the extent the allegations in Paragraphs 847-849 are directed at parties other than Wyeth, Wyeth denies knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations in Paragraphs 847-849 contain legal conclusions, no response is required.

850-858. Wyeth denies that the Counties are entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph and Paragraphs 850-858 of the FAMCC.

**WHEREFORE**, Wyeth demands judgment dismissing the FAMCC with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## <u>AFFIRMATIVE DEFENSES</u>

Without assuming the burden of proof or persuasion of such defenses that it would not otherwise have, Wyeth asserts the following separate defenses:

### <u>First Defense</u>

Plaintiffs fail to state a claim against Wyeth upon which relief may be granted.

### <u>Second Defense</u>

Plaintiffs' claims are barred, in whole or in part, because they did not rely on any allegedly misleading, false, or deceptive statements or representations of a material fact.

### Third Defense

Plaintiffs' claims are barred because the State, the Counties and their agents knew that providers could obtain Wyeth drugs at prices below AWP prior to the relevant time period stated in the FAMCC and they also knew that AWP was not an average wholesale price or the actual acquisition costs of drugs. The State, the Counties and their agents made their reimbursement choices with such knowledge.

### Fourth Defense

Plaintiffs lack standing or capacity to bring some or all of the claims, or to recover some or all of the claimed damages, in the FAMCC.

### Fifth Defense

To the extent Plaintiffs or the State of New York obtain recovery in any other case predicated on the same factual allegations, Plaintiffs are barred from seeking recovery against Wyeth based on the FAMCC pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### Sixth Defense

Plaintiffs' claims against Wyeth are barred because Wyeth has complied with all applicable regulations of the federal and state governments.

### Seventh Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiffs' claims.

### Eighth Defense

Plaintiffs' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the

Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder, and by the existence and terms of written rebate agreement(s) with the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, including the State of New York, entitled "Rebate Agreement Between the Secretary of the Department of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement" ("Rebate Agreement"), which was entered into pursuant to 42 U.S.C. § 1396r-8.

## Ninth Defense

Plaintiffs' claims against Wyeth are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, waiver, *in pari delicto* or unclean hands.

## Tenth Defense

Plaintiffs fail to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against Wyeth contained in the FAMCC.

## Eleventh Defense

Any and all actions taken by Wyeth with respect to any of the matters alleged in the FAMCC were taken in good faith and in accordance with established industry practice.

## Twelfth Defense

Plaintiffs' claims fail because it has suffered no damage as a consequence of any act or omission of Wyeth as alleged in the Complaint, or otherwise.

## Thirteenth Defense

Wyeth's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs.

## Fourteenth Defense

Wyeth denies that Plaintiffs have valid consumer protection claims against Wyeth under New York's Unfair Trade Practices Act.  However, if such claims are found to exist, Wyeth pleads all available defenses under the Act.

## Fifteenth Defense

To the extent that Plaintiffs attempt to seek equitable relief against Wyeth, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

## Sixteenth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages alleged in the FAMCC.

## Seventeenth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiffs have received and paid for medicines manufactured, marketed and sold by Wyeth after the filing of the complaint of Suffolk County.

## Eighteenth Defense

Plaintiffs' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## Nineteenth Defense

Plaintiffs' claims against Wyeth are barred, in whole or in part, due to their failure to join indispensable parties.

## Twentieth Defense

Plaintiffs' claims against Wyeth are barred, in whole or in part, because Plaintiffs have not suffered damages as a result of the matters alleged in the FAMCC.

## Twenty-First Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, and that failure to mitigate damages should proportionately reduce Plaintiffs' recovery and the allocation of any fault, if any exists, attributable to Wyeth.

## Twenty-Second Defense

Wyeth is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs, with respect to the same alleged injuries.

## Twenty-Third Defense

To the extent punitive damages are sought, Plaintiffs' punitive damages claims against Wyeth are not recoverable because the allegations of the FAMCC are legally insufficient to support a claim for punitive damages against Wyeth.

## Twenty-Fourth Defense

To the extent punitive damages are sought, Plaintiffs' damages claims against Wyeth cannot be sustained because an award of punitive damages would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1 and the analogous provisions contained in the Constitutions of the State of New York and any other States whose laws are or become relevant in the course of this lawsuit.

### Twenty-Fifth Defense

Plaintiffs' claims against Wyeth for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### Twenty-Sixth Defense

All rebates paid by Wyeth to the State of New York should be taken into account in determining whether Plaintiffs have been damages and, if so, in what amount.

### Twenty-Seventh Defense

Plaintiffs' claims against Wyeth are barred, in whole or in part, because they violate Wyeth's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of New York, insofar as Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Eighth Defense

Plaintiffs' claim is barred, in whole or in part, by the political question and separation of powers doctrines.

### Twenty-Ninth Defense

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

### Thirtieth Defense

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine.

### Thirty-First Defense

Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Wyeth in judicial, legislative, or administrative proceedings of any kind or at any level of government.

**Thirty-Second Defense**

Plaintiffs' claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

**Thirty-Third Defense**

Plaintiffs' unjust enrichment claims are barred, in whole or in part, because Wyeth did not retain any money belonging to Plaintiffs as a result of any alleged overpayments and the Plaintiffs did not confer any benefit on Wyeth.

**Thirty-Fourth Defense**

The Rebate Agreement constitutes the entire agreement with the State of New York, its Counties and their agents and governs the relationship between the parties, such that the provisions of General Business Law § 349 do not apply to the relationship between the parties.

**Thirty-Fifth Defense**

Plaintiffs' unjust enrichment claims are barred, in whole or in part, by contracts to which the State and Wyeth are parties.

**Thirty-Sixth Defense**

Plaintiffs' claims against AstraZeneca for damages are barred, in whole or in part, because they are speculative and remote and because of the impossibility of allocating those alleged damages.

**Thirty-Seventh Defense**

Wyeth adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

**<u>Thirty-Eighth Defense</u>**

Wyeth hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense

Dated:  October 20, 2008                         Respectfully submitted,


/s/  Kelly J. Davidson_____
Kelly J. Davidson
S. Craig Holden
M. Hamilton Whitman
Elissa F. Borges
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120
(410) 547-0699

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a true copy of Defendant Wyeth's Answer and Affirmative Defenses to Plaintiffs' Revised First Amended Master Consolidated Complaint was served this 20th day of October, 2008 upon all counsel of record by electronic service, in accordance with Case Management Order No. 2, by sending a copy to Lexis Nexis File and Serve for posting and notification to all parties.


                 /s/
                 Kelly J. Davidson