UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS ) ) ) |  |

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S
MEMORANDUM IN SUPPORT OF ITS MOTION
FOR PARTIAL RECONSIDERATION OF THE COURT'S
OCTOBER 2, 2008 MEMORANDUM AND ORDER RE:  REQUESTED
FINAL APPROVAL OF THE ASTRAZENECA CLASS 1 SETTLEMENT**

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this memorandum of law in support of its motion for partial reconsideration of the Court's October 2, 2008 Memorandum and Order re:  Requested Final Approval of the AstraZeneca Class 1 Settlement ("October 2 Order").

**BACKGROUND**

Under the Settlement Agreement and Release of AstraZeneca dated May 21, 2007 ("Settlement Agreement"), AstraZeneca agreed to pay approved claims of Class Members[1] "up to an aggregate total of $24,000,000," subject to paragraph 5(a), which states, "If $10,000,000 or less of the Settlement Amount remains after all authorized claims of Class Members are paid, AstraZeneca shall pay such remaining amount to mutually acceptable charitable organizations funding cancer research or patient

---

[1] Class Members are defined in the Settlement Agreement as all natural persons nationwide who made a copayment based on AWP for Zoladex® under the Medicare Part B Program during the period from January 1, 1991 through December 31, 2004.  Excluded from Class 1 are those who made flat copayments, who were reimbursed fully for any copayments, or who have the right to be fully reimbursed, as well as AstraZeneca and its officers, directors, management, employees, subsidiaries, and affiliates.

care . . . ." [Docket Entry No. 4227.]

During the preliminary approval hearing on May 1, 2008, the Court expressed concern about this allocation, raising the possibility of trebling "only with respect to those in the heartland, which we've done in Track Two. By heartland, I mean the 1998 to 2002[2] group, which have by far the strongest claim, as we all know now, or at least as I believe." (5/1/08 Hrg. Tr. at 7: 13-17) The Court noted that the rationale behind this proposed modification was to "treat people similarly" with respect to Track Two and AstraZeneca, to the extent practicable. (*Id.* at 11:14.)[3]

In an effort to address the Court's concerns, AstraZeneca consented to an amendment (dated July 15, 2008) to the Settlement Agreement providing that claimants who paid for Zoladex in the so-called "heartland" time period would receive three, rather than two, times the amount of their damages. [Docket Entry No. 5447.] The October 2 Order of the Court now seeks to extend trebling beyond heartland claimants to non-heartland claimants.

## ARGUMENT

AstraZeneca has three principal objections to further revising the Class 1 settlement pursuant to the October 2 Order.

First, revised projections from the Settlement Administrator, Complete Claim Solutions, LLC ("CCS"), show that the first amendment to the settlement agreement will

---

[2] The "Heartland Period" contemplated for the AstraZeneca Settlement Agreement extends from December 1997 through December 2003. (Second Declaration of Eric P. LaChance Regarding Status of Claims Administration Activities Related to Settlement with Defendant AstraZeneca ¶ 2 (dated June 4, 2008, filed July 15, 2008) [Docket Entry No. 5450].)

[3] The Court, however, acknowledged that the two settlements were very different, for reasons including, but not limited to the fact that they were negotiated at different points in the process and involved different risks. (5/1/08 Hrg. Tr. at 11:10-12.)

result in significantly more financial benefit for claimants than originally anticipated by the parties or the Court.  In particular, CCS's latest projections indicate that trebling the payout for heartland claimants results in increased payments to those class members of approximately $4 million.  Assuming that 40% of currently deficient claims are cured, CCS estimates that approximately $17 million will be paid to class members and approximately $5 million will be paid to charity.  (*See* Third Declaration of Eric P. LaChance Regarding Status of Claims Administration Activities Related to Settlement with Defendant AstraZeneca ¶ 4 (Oct. 27, 2008) (hereinafter "Third LaChance Declaration").)

AstraZeneca respectfully submits that the first amendment to the agreement, viewed in light of the revised projections, should adequately address the Court's concerns as expressed during the May 1 conference.

Second, the October 2 Order would result in an additional transfer of approximately $1 million to beneficiaries *outside* of the heartland period.  (*See* Third LaChance Declaration ¶ 5).  This further reallocation would result in overcompensation for certain claimants who have substantially weaker claims, or who may not even have any claims, given the Court's rulings on the statute of limitations and the class period with respect to Classes 2 and 3.[4]

Indeed, the Court expressed concern at the Track Two hearing on March 14, 2008 that trebling for non-heartland claimants might improperly extend the class period.  To

---

[4] Specifically, this Court has found that the statute of limitations bars all claims by Classes 2 and 3 prior to December 1997, as passage of the Balanced Budget Act of 1997 put third-party payors on inquiry notice with respect to AWP.  *In re Pharm. Indus. Average Wholesale Price Litig.*, 491 F. Supp. 2d 20, 31 (2007).  The Court also ruled that the class period ended in 2003, with the passage of the Medicare Modernization Act, Pub. L. No. 108-173 § 303, 117 Stat. 2066, 2238-39 (2003) (codified at 42 U.S.C. § 1395w), which established new reimbursement benchmarks.

address this issue, the Track Two parties amended the settlement agreement to provide that purchases made during the December 1997 to December 2003 heartland received trebled payments, while non-heartland purchases received non-multiplied payments. (Class Plaintiffs' Notice of Filing of Amendment to Track Two Settlement Agreement and Release (April 4, 2008), at 4 [Docket Entry No. 5197].)  The Court's proposed amendment to the AstraZeneca Class 1 agreement would have the opposite result by trebling all claims both within and outside of the heartland period.

In short, there is no compelling reason for non-heartland claimants to be treated so differently in this settlement.

Third, if paid to charities as provided under the Agreement as amended rather than to non-heartland claimants, the reallocated funds will benefit the entire class of cancer patients, rather than a small segment of the class.  That is, as a practical matter, providing the funds to charitable organizations that assist cancer patients confers a meaningful benefit on all class members.  In contrast, trebling non-heartland claims will merely increase the payout to a handful of individuals with weaker claims at the expense of the broader class.  AstraZeneca respectfully submits that the existing settlement, as previously amended, strikes the fairer balance and would achieve a more equitable result for the class as a whole.

For the foregoing reasons, AstraZeneca respectfully requests that the Court reconsider the October 2 Order to the extent that it seeks to modify the Settlement Agreement to treble payments to non-heartland claimants at the expense of charitable organizations.

Dated: Boston, Massachusetts
      October 27, 2008

                      Respectfully Submitted,

                      By: /s/ Katherine B. Schmeckpeper
                          Nicholas C. Theodorou (BBO # 496730)
                          Katherine B. Schmeckpeper (BBO # 663200)
                          FOLEY HOAG LLP
                          155 Seaport Blvd.
                          Boston, Massachusetts 02210
                          Tel: (617) 832-1000

                          D. Scott Wise
                          Kimberley D. Harris
                          DAVIS POLK & WARDWELL
                          450 Lexington Avenue
                          New York, New York 10017
                          Tel: (212) 450-4000

                          Attorneys for AstraZeneca Pharmaceuticals LP

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was delivered on October 27, 2008 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

                                           By: /s/ Katherine B. Schmeckpeper
                                                Katherine B. Schmeckpeper