UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

### THIRD DECLARATION OF ERIC P. LACHANCE REGARDING STATUS OF CLAIMS ADMINISTRATION ACTIVITIES RELATED TO THE SETTLEMENT WITH DEFENDANT ASTRA ZENECA

The undersigned, ERIC P. LACHANCE, states that:

1. I submit this Declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the status of claims administration activities since June 4, 2008, the date of my second declaration filed with this Court (the "June 2008 Declaration"). I am a Senior Project Administrator at Complete Claim Solutions, LLC ("CCS"), the Court-appointed Claims Administrator in this action. I am over 21 years of age and am not a party to this Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. Specifically, I submit this Declaration after Class Counsel and Counsel for the Defendants requested that CCS calculate updated estimated payout to Class Members for administrations of Zoladex falling within the so-called "Heartland Period" of December 1997 through December 2003.

3. Following the plan of allocation as stated in ¶10(c) of the Settlement Agreement and Release of AstraZeneca dated May 21, 2007, and this Court's Preliminary Approval Order dated November 1, 2007 (the "Initial Plan"), CCS reviewed 7,283 claims with administrations that are currently determined to be eligible. CCS maintains that, in our

1

experience, the "deficient" claims which would be "cured" and, therefore, would become eligible ranges from 25% to 40%.

4. CCS calculated the current estimated payout based on the claims that are currently eligible. Applying the "Heartland Period" would now yield a total estimated payout of $14,300,783.99, which is $3,359,492.85 more than the $10,941,291.14 estimated payout stated in the June 2008 Affidavit. Applying the "Heartland Period" along with a 40% cure rate would now increase the estimated payout to $17,291,545.23, which is $4,328,354.67 more than the $12,963,190.56 estimated payout stated in the June 2008 Affidavit. Furthermore, under this scenario, the estimated payout to charities is $5,148,347.74.

5. Applying the proposed allocation formula described in the Court's Memorandum and Order dated October 2, 2008, which would triple payments on all validated claims, CCS calculates a total estimated payout of $15,432,456.60, which is $1,131,672.61 more than the $14,300,783.99 Heartland Period estimated payout without any claims being cured. Applying the proposed allocation formula along with a 40% cure rate would increase the estimated payout to $18,659,771.47, which is $1,368,226.24 more than the $17,291,545.23 Heartland Period estimated payout.

6. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Eric P. Lachance

October 29, 2008