# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>  *The City of New York, et. al.*<br>*v.*<br>  *Abbott Laboratories, et al.* | ) )<br>)  Judge Patti B. Saris<br>) )<br>) )<br>) ) |

## NOVEMBER 3, 2008 STATUS REPORT ON BEHALF OF THE CITY OF NEW YORK AND NEW YORK COUNTIES

The undersigned counsel for the City of New York and New York Counties in the above-captioned action (hereinafter "plaintiffs") hereby submit the attached Status Report for November 3, 2008, in accordance with the Court's June 17, 2004 Procedural Order.

Dated: November 3, 2008

Respectfully submitted,

**City of New York and New York Counties in MDL 1456 except Nassau and Orange, by**

**KIRBY McINERNEY, LLP**
825 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala
By:  James P. Carroll Jr.
Aaron D. Hovan
Jocelyn R. Normand
Kathryn B. Allen

1

Ross B. Brooks, Esq.
MILBERG LLP
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300
*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
LEVY PHILLIPS &
KONIGSBERG, LLP
800 Third Avenue
New York, NY  10022
(212) 605-6205
*Counsel for the County of Orange*

**November 3, 2008 Status Report on Behalf of the
City of New York and New York Counties**

## Motions to Dismiss

###   a.   Rulings on Motions to Dismiss

On July 30, 2008 the Court issued a series of rulings on individual defendants' motions to dismiss the First Amended Consolidated Complaint.   The Court ruled that the following motions are moot or no longer pending: Docket #2203 (Par Pharmaceuticals), Docket #2205 (Mylan Pharmaceuticals), Docket #2210 (Biogen Idec Inc.), Docket #4388 (Barr and Ivax), Docket #2191 (Forest Laboratories), and Docket #2208 (Merck & Co.).   And the Court entered rulings on the following defendants' motions:  Docket #5465 (Pfizer), Docket #5466 (Novartis), Docket #5467 (Tap Pharmaceuticals), Docket #5468 (EMD, Inc.), Docket #5469 (Endo Pharmaceuticals, Inc.), Docket #5470 (Eli Lilly and Company), Docket #5471 (Bayer), Docket #5472 (Roche), Docket #5473 (Purdue Pharma LP), Docket #5474 (Chiron Corporation), Docket #5475 (Amgen); Docket #5476 (Boehringer Ingelheim Pharmaceuticals Inc.); Docket #5477 (MedImmune, Inc.); Docket #5478 (AztraZeneca Pharmaceuticals LP).

On September 16, 2008, Judge Saris ruled on the Motion to Renew Individual Memorandum of defendants Purdue Pharma L.P., Purdue Frederick Company, and Purdue Pharma Company in Support of Their Motion to Dismiss the First Amended Consolidated Complaint (Docket #4404).  The Court allowed for the dismissal of Best Price claims and any claims on drugs for which a spread is not alleged, but denied all other requests for dismissal.

On September 17, 2008, the Court ruled that Teva Pharmaceutical Industries, Ltd.'s Motion to Dismiss Plaintiffs' Revised First Amended Consolidated Complaint for Lack of

Personal Jurisdiction (Docket #4824) is moot and referred counsel to prior dismissal granted in Docket #4973.

On September 18, 2008, the Court denied defendant Wyeth's Renewal of Its Motion to Dismiss the Complaint Filed by New York City and the New York Counties, including Nassau County (Docket #5608; Docket #4435).  However, the Court dismissed all Best Price claims, except with respect to Protonix.

**b.   Plaintiffs' Motion for Reconsideration of July 30, 2008 Orders**

On August 13, 2008, plaintiffs filed their Motion for Reconsideration of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions to Dismiss. (Docket # 5498).

On August 22, 2008, certain individual defendants filed the following in opposition to Plaintiffs' Motion for Reconsideration of July 30, 2008 Orders:  Defendant Chiron Corporation's Opposition To Plaintiffs' Motion For Reconsideration Of The July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss (Docket #5509); Defendant Novartis Pharmaceuticals Corporation's Response To Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss (Docket #5510); Opposition to Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Dismissing Claims Related To Physician-Administered Drugs (Docket # 5512) filed by Amgen, Bayer, Hoffman-La Roche, MedImmune, Roche Laboratories, Inc.; and Defendant Agouron's Response To Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss (Docket #5513).

On August 25, 2008, defendant Eli Lilly filed its Opposition to Motion for Reconsideration of July 30, 2008 Order Dismissing, in Part, Claims against Eli Lilly (Docket

#5516).

In response to plaintiffs' motion for reconsideration, on August 27, 2008 the Court issued a "Procedural Order re Motion to Reconsider" (Docket #5521).  In that Procedural Order the Court wrote that "[u]nfortunately, the Court based its [July 31, 2008 orders] on the "corrected Exhibit B to the Complaint rather than the "revised" Exhibit B, filed after the hearing."  The Court also directed that "the parties shall meet and confer in good faith regarding points of agreement as to which drugs were adequately pled on the 'revised' Exhibit B of the Revised First Amended Consolidated Complaint."

The parties have conferred at some length with respect to the Court's July 31, 2008 orders in so far as those rulings concern plaintiffs' claims for drugs sometimes referred to as "physician administered drugs" or PADs.  Regrettably, the parties cannot reach agreement on the point and plaintiffs will be filing a motion for reconsideration on or before November 12, 2008.

Counsel for plaintiffs and Eli Lilly continue to meet and confer with regard to the Court's ruling on Eli Lilly's individual motion.  If the parties cannot reach agreement, a motion for reconsideration of the Eli Lilly ruling will be included with that which plaintiffs file on or before November 14, 2008.

**<u>Discovery Motions</u>**

**a.  Magistrate Judge Bowler's August 20, 2008 Orders on Discovery Motions**

On August 20, 2008, Magistrate Judge Bowler heard arguments regarding discovery motions filed by plaintiffs and defendants in the above-captioned action.  On that same day, Magistrate Judge Bowler issued orders regarding such discovery motions.  These orders are described as follows.

Magistrate Judge Bowler issued an order denying without prejudice Plaintiffs' Motion to Compel Production from Boehringer Ingelheim Roxane Laboratories, Inc., ("Boehringer-Roxane"), concerning discovery for NDCs reimbursed on the basis of both AWP and FUL. (Docket #4991).   The ruling ordered plaintiffs to produce a list of the Boehringer-Roxane drugs reimbursed based on both AWP and FUL ("the AWP/FUL NDCs") and to identify the allegedly fraudulent spreads associated with each reimbursement basis.  Plaintiffs produced this list on October 31, 2008 together with a proposal designed to permit plaintiffs some of the discovery they need now without creating a severe burden on Roxane.  Specifically, plaintiffs proposed (a) that Roxane produce all sales and transactional data and AMP data for the AWP/FUL NDCs now; (b) that documentary discovery on the AWP/FUL NDCs could be delayed until after Judge Saris addresses the FUL Summary Judgment activity.

On August 20, 2008, Magistrate Judge Bowler issued an order granting in part Defendants' Motion to Compel Commissioner of New York State Department of Health and Three Key Witnesses to Comply with Subpoenas, to the extent set forth on the record in open court, after the "meet and confer."  (Docket #5052).   On October 30, 2008, Plaintiffs filed a Status Report Concerning Production of Claims Data and Documents from the New York State Department of Health, in accordance with Magistrate Judge Bowler's August 20, 2008 procedural order  (Docket #5652), which is attached hereto as Exhibit A and incorporated herein. Therefore, plaintiffs indicated that the New York State Department of Health ("NY DOH") document production would commence on or before November 7, 2008.  This production will be made on a rolling basis.

On August 20, 2008, Magistrate Judge Bowler entered an order withdrawing without

6

prejudice Defendants' Motion to Compel Production of Claims Data (Docket #5092).   On September 3, 2008, defendants took the deposition of New York State Department of Health ("NY DOH") employee, Mr. Woopill Hwang, regarding plaintiffs' May 9, 2008 claims data production.   During that deposition, plaintiffs and the NY DOH agreed to make a supplemental production of claims data as follows:   Phase One is the production of a corrected set of data that has been "reverse engineered" to identify the basis of reimbursement (AWP, FUL or U&C) for every claim at issue.   This production occurred on October 31, 2008.   Phase Two will be the production from a larger set of claims data as identified in the correspondence between Counsel. Both productions are also described in the October 30, 2008 Status Report Concerning Production of Claims Data and Documents from the New York State Department of Health (Docket #5652), which is attached hereto and incorporated herein.

On August 20, 2008, Magistrate Judge Bowler granted Schering Corporation's Motion for Protective Order (Docket #5296).   In response to the order, on September 4, 2008, plaintiffs filed an "Objection to the August 20, 2008 ruling granting Schering Corporation's Motion for Protective Order or, In the Alternative, Plaintiffs' Request for Clarification as to What Constitutes Good Faith in Calculating Spreads Based on Weighted Averages" (Docket #5546). Defendant Schering Corporation filed its Opposition to Plaintiffs' Objection (Docket #5556) on September 17, 2008.   The Court denied the Objection (Docket #5605) on September 22, 2008. However, the Court ruled that discovery on all branded drugs for which AWP to AMP spreads exceed 30 percent may proceed.   The Court conceded the potential utility of quarterly calculations, but maintained the suitability of the present method of calculating spreads. Additionally, the Court ruled that plaintiffs may depose Professor Addanki and submit an expert

affidavit proposing alternative calculations with the stipulation that the proposed methodology is consistent and transparent.  On October 23, 2008, plaintiffs requested that Schering produce the requested discovery on all branded drugs for which plaintiffs calculated AWP to AMP spreads over 30%.  Schering refused on the grounds that Professor Addanki's spread calculations yielded different results.  Plaintiffs served a notice to take Professor Addanki's deposition on December 3, 2008.  That date does not work for defendant and/or Professor Addanki.  Counsel for plaintiffs and Schering are now working to set a date convenient for all involved.

**FUL Expert Report and Related Discovery**

On August 22, 2008 Judge Saris issued an Order granting Plaintiffs' Emergency Motion for Extension of Time to September 30, 2008 to File Plaintiffs' Expert Reports Relating to the Designated FUL Drugs. (Docket #5507).

On September 30, 2008, plaintiffs served the Rule 26 Statement of Harris L. Devor, C.P.A., to all counsel on LexisNexis File and Serve (Docket #5620).  The exhibits to Mr. Devor's reports were served directly on counsel for each defendant, given each defendant's confidentiality concerns regarding the pricing data contained therein.

Pursuant to agreement with liaison counsel, on October 6, 2008, plaintiffs served each defendant with its revised exhibit to the Rule 26 Statement of Harris L. Devor, C.P.A.

Due to confidentiality concerns raised by counsel for defendant Ethex, on October 10, 2008, plaintiffs served a redacted Rule 26 Statement of Harris L. Devor, C.P.A., on Lexis Nexis File & Serve.

Plaintiffs and defendants have agreed that Mr. Devor deposition will take place in New York December 9-11, 2008.

**Related Orders**

On August 27, 2008, Magistrate Judge Bowler issued an Order stipulating that the time period for defendant Serono, Inc. to respond to the Revised First Amended Complaint of New York State and Consolidated Counties is extended to October 31, 2008 (Docket #5504). Serono, Inc., n/k/a EMD Serono, Inc. filed a second stipulation on October 20, 2008, extending its time to answer, move, or otherwise respond to the revised First Amended Consolidated Complaint to December 19, 2008 (Docket #5637).

On August 29, 2008, Magistrate Judge Bowler issued an Order stipulating that the time period for defendant Endo Pharmaceuticals, Inc. to respond to the Revised First Amended Complaint of New York State and Consolidated Counties is extended to September 29, 2008. (Docket #5524). Due to trial commitments of Endo's counsel in another matter, Endo requested additional time to respond to the FACC. Thus, on September 26, 2008, Endo Pharmaceuticals, Inc. filed its Second Stipulated Extension of Time for Its Answer to Plaintiffs' Revised First Amended Consolidated Complaint (Docket #5613), to October 29, 2008. A second extension was thereafter requested by Endo and thus, on October 28, 2008, Endo filed a Further Stipulation of Extension of Time to December 1, 2008 for the Filing of Its Answer to Plaintiffs Revised First Amended Consolidated Complaint (Docket #5650). The parties are now scheduled to meet and confer pursuant to the Court's August 27, 2008 order (Docket #5521). No further extensions of Endo's time to answer are expected.

**Other Filings**

On September 16, 2008, defendant Astrazeneca filed its Answer to the Plaintiffs' Complaint (Docket # 5554).

On October 20, 2008, defendant Wyeth filed its Answer and Affirmative Defenses to Plaintiffs' Revised First Amended Consolidated Complaint (Docket # 5640).

Plaintiffs filed Objections and Responses to Defendant Bayer Corporation's First Set of Interrogatories to Plaintiffs on October 30, 2008 (Docket # 5653).  Plaintiffs subsequently filed a corrected version (Docket #5656) of their Objections and Responses, to reflect the separate response of counsel for the Counties of Orange and Nassau.

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on the 3rd day of November, 2008, she caused a true and correct copy of the above NOVEMBER 3, 2008 STATUS REPORT FOR THE CITY OF NEW YORK AND NEW YORK COUNTIES to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

Dated:  November 3, 2008

/s/ Kathryn B. Allen
Kathryn B. Allen
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600

11

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | MDL NO. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) ) |
| *The City of New York, et. al.* | ) Judge Patti B. Saris ) |
| *v.* | ) ) |
| *Abbott Laboratories, et al.* | ) ) |

## NOTICE OF FILING OF STATUS REPORT CONCERNING PRODUCTION OF CLAIMS DATA AND DOCUMENTS FROM THE NEW YORK STATE DEPARTMENT OF HEALTH

The undersigned counsel for the City of New York and New York Counties in the above-captioned action (hereinafter "plaintiffs") hereby submit the attached Status Report concerning production of claims data and documents from the New York State Department of Health, in accordance with Magistrate Judge Bowler's August 20, 2008 Procedural Order.

Dated: October 30, 2008

Respectfully submitted,

**City of New York and New York Counties in MDL 1456 except Nassau and Orange, by**

**KIRBY McINERNEY, LLP**
825 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala_____
Joanne M. Cicala
By:   James P. Carroll Jr.
Aaron D. Hovan
Jocelyn R. Normand
Kathryn B. Allen

1

Ross B. Brooks, Esq.
MILBERG LLP
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300
*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
LEVY PHILLIPS &
KONIGSBERG, LLP
800 Third Avenue
New York, NY  10022
(212) 605-6205
*Counsel for the County of Orange*

**October 30, 2008 Status Report on Behalf of the
City of New York and New York Counties Concerning Production of Claims Data
and Documents from the New York State Department of Health**

**Background**

At an August 20, 2008 hearing on assorted discovery motions in the NY AWP case,
Magistrate Judge Bowler heard argument, *inter alia*, on Defendants' Motion to Compel
Commissioner of New York State Department of Health ("NY DOH") and Three Key Witnesses
to Comply with Subpoenas.  At the conclusion of such argument, Magistrate Judge Bowler
directed the parties to immediately meet and confer regarding the scope of any NY DOH
production in an effort to resolve their differences.  The parties, together with a representative
from the New York Attorney General's office appearing on behalf of the NY DOH for purposes
of the August 20, 2008 hearing, engaged in this immediate meet and confer and reached
agreement on the NY DOH production.  The parties then re-appeared before Magistrate Judge
Bowler (on the afternoon of August 20) to report the results of their meet and confer.  Magistrate
Judge Bowler ordered plaintiffs to file the instant status report on October 30, 2008 and set a
status hearing for 10am on November 13, 2008.

**Status**

**Status of NYDOH Document Production**

Plaintiffs will commence the NY DOH document production on or before November 7,
2008[1].  This production will be made on a rolling basis.

---

[1]  Plaintiffs' October 2, 2008 Monthly Status Report to Judge Saris (Docket No. 5625) indicated
that plaintiffs intended to provide the initial NYDOH document production by October 31, 2008.
Subsequent events beyond plaintiffs' control and due to obligations impacting the availability of
necessary participants from the NY DOH rendered an October 31, 2008 production impossible.

**Status of Supplemental NYDOH Claims Data Production**

On September 3, 2008, defendants took the deposition of NYDOH employee, Mr. Woopill Hwang, regarding the New York Medicaid pharmacy claims data production to date. In the wake of that deposition, plaintiffs and the NY DOH agreed to make a supplemental production of claims data as follows: Phase One will be the production of a corrected set of New York Medicaid pharmacy claims data that has been "reverse engineered" to identify the basis of reimbursement (AWP, FUL or U&C) for every claim at issue. The results of this reverse engineering will be produced, together with all underlying data utilized to conduct the reverse engineering, on October 31, 2008.

Phase Two will be the production of a larger set of New York Medicaid pharmacy claims data, as described in the attached Exhibits A and B. *See* John P. Bueker, Esq. Sept. 8, 2008, letter attached hereto as Exhibit A; and Joanne M. Cicala, Esq. October 3, 2008 letter attached hereto as Exhibit B. Plaintiffs have been informed by NY DOH that the Phase Two production will occur on or before December 1, 2008.

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on the 30th day of October, 2008, she caused a true and correct copy of the above OCTOBER 30, 2008 STATUS REPORT ON BEHALF OF THE CITY OF NEW YORK AND NEW YORK COUNTIES CONCERNING PRODUCTION OF CLAIMS DATA AND DOCUMENTS FROM THE NEW YORK STATE DEPARTMENT OF HEALTH to be delivered to counsel of record for defendants by electronic service pursuant to the August 20, 2008 procedural rulings of Magistrate Judge Bowler.

Dated:  October 30, 2008

/s/ Kathryn B. Allen
Kathryn B. Allen
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600

# EXHIBIT A



ROPES & GRAY LLP
ONE INTERNATIONAL PLACE
BOSTON, MA 02110-2624
WWW.ROPESGRAY.COM

September 8, 2008

John P. Bueker
617-951-7951
617-235-0609 fax
john.bueker@ropesgray.com

**BY E-MAIL**

Joanne M. Cicala, Esq.
Kathryn B. Allen, Esq.
Kirby McInerney LLP
101 College Street
Dripping Springs, TX  78620

Shoshanah V. Asnis, Esq.
Assistant Attorney General, Litigation Bureau
Office of the Attorney General
The Capitol
Albany, NY 12224

Gregor N. Macmillan, Esq.
Director, Bureau of Health Insurance Programs
Division of Legal Affairs
Empire State Plaza, Corning Tower, 24th Floor
Albany, NY 12237

Re:    *In re Pharmaceuticals Industry Average Wholesale Pricing Litigation*, MDL No. 1456

Dear Ms. Cicala, Ms. Allen, Ms. Asnis, and Mr. Macmillan:

At the conclusion of last week's claims data deposition, Ms. Asnis asked me to prepare a list of
those fields that defendants think might be necessary to accurately determine the basis on which
particular claims were paid or might be relevant to other issues (such as identifying which Counties
are responsible for which claims). Working with our experts, we started from the data dictionary
that was produced by the New York Department of Health ("NYDOH") in the Abbott DOJ
litigation and shared with you last week, and selected those fields that are not only essential to
doing any "reverse engineering" calculation, but also those fields that our experts believe would
assist in verifying the accuracy of such a calculation. A list of the fields that we identified is
enclosed. Data for most of these fields was produced by the NYDOH in the Abbot DOJ action. At
a minimum, defendants are entitled to receive all of the data contained in the fields shown on the
enclosed list together with whatever other data was or will be used by the NYDOH to "reverse
engineer" the supposed basis of payment for each claim contained in the data produced.

With regard to the universe of relevant transactions, Mr. Hwang testified that he restricted the May
9, 2008 claims data production to only claims submitted by pharmacies using the data field
"SURS_COS_CODE" and the code "14." Mr. Hwang's testimony came in response to my
questioning him about how defendants could identify in the claims data those claims for drugs
administered by a physician, as opposed to dispensed by a pharmacy or other Medicaid provider.

ROPES & GRAY LLP

Ms. Cicala, Ms. Allen, Ms. Asnis, and          - 2 -                    September 8, 2008
   Mr. Macmillan

Mr. Hwang testified that only a subset of the claims data for the NDCs allegedly at issue in this case had been produced, as claims submitted by physicians and paid on the basis of actual acquisition cost were not included in the data produced to defendants. While such claims certainly could never form the basis for any damages claim, they are clearly relevant to other core issues, including the extent to which the State of New York and the Counties understood AWP to be an approximation of acquisition cost. Accordingly, as the NYDOH is re-extracting the claims data for production in this case, defendants request that all claims in the so-called "Data Mart" for each NDC allegedly at issue be gathered regardless of the provider type and produced along with the "SURS_COS_CODE" field so that defendants can both determine what the NYDOH knew about the prices being paid in the marketplace for physician-administered drugs and identify which of the claims were allegedly paid to pharmacies and, thus, form a possible basis for the Counties' damages claim.

Finally, to avoid having to redo the claims data production yet again, we request the opportunity to speak with the NYDOH and its technical representatives to discuss what fields will be extracted from the Data Mart and for which NDCs before the NYDOH triggers the most time-consuming part of the process (the actual data run). In advance of the NYDOH's taking that step, we propose to arrange a call between appropriate representatives of the NYDOH and defendants' experts to try to ensure that the query will capture adequate data.

Very truly yours,

John P. Bueker

Enclosure

cc:      Kelly J. Davidson, Esq.
         Kim B. Nemirow, Esq.
         Scott D. Stein, Esq.
         Kathleen M. O'Sullivan, Esq.

| Number | COLUMN NAME: This is the name used in the EISG data base | DATA TYPE | DATA LENGTH | DED equivalent | Equivalent MMIS variable name, from Data Element Dictionary (DED) | comments | Value definitions. Click on hyperlink | One day sample frequency distribution of contents, by invoice type, and category of service Click on hyperlink |
|---|---|---|---|---|---|---|---|---|
| 1 | AD_CLAIM_SEQNO | N | 22 | N/A | N/A | Not an ADJ field | created by DW | NA |
| 2 | AD_RECIP_CTY_CODE | V2 | 2 | 1220 | County Code | Recipient County, county that is fiscally responsible for case. For institutionalized recipients, may be different from the current county of residence. | open code sheet | Sample of contents: |
| 3 | AD_CATE_SERVICE | V2 | 4 | 2019 | Provider Category of Service | Mutually exclusive code to categorize providers | open code sheet | NA |
| 4 | AD_PROV_IDENT_NUM | V2 | 8 | 2001 | Provider ID | MMIS ID of Registered Provider responsible for providing the service to the recipient. Not to be confused with "DE c198 "Service provider ID" | | NA |
| 5 | AD_DOS | DT | 7 | 3013 | Service Date | Date the service was provided | | NA |
| 6 | AD_CLM_REF_NUM | V2 | 15 | 3001 | Claim Reference Number | Unique number identifying each claim transaction received. May be voided or adjusted by susequent transactions. See DE 3250. | | NA |
| 7 | AD_AMT_PAID | N | 22 | 3157 | Amount Paid for claim | Amount paid by Medicaid for this claim | | NA |
| 8 | AD_SPEC_FF_IND | V2 | 1 | c538 | Special Funding Indicator | Indicates claim subject to special funding rules, such as OMH, Long Term Care, etc. | open code sheet | Sample of contents: |
| 9 | AD_PARTA_COVAMT_CHARGE | N | 22 | 3034 | Medicare Part A covered amount Charged. (Deductible) | Shows the amount charged to Medicare. Used to compute Amount Due on a Medicare Involved Claim | | Sample of contents: |
| 10 | AD_PARTB_PATIENT_RESP | N | 22 | 3326 | Medicare Part B Patient Responsibility | Amount of Deductible or Coinsurance for Part B Inpatient Services (e.g. professional component) for which the patient is liable | | Sample of contents: |
| 11 | AD_POST_CHARGE_AMT | N | 22 | 3324 | Posted Charges Amount | Value of "self pay" days applicable to certain surplus cases | | Sample of contents: |
| 12 | AD_OTHER_COV_AMT | N | 22 | C242 | Other Coverage Amount | Amount paid over and above the per diem times the Medicaid days. Indicates payment was not for MA days | | Sample of contents: |
| 13 | AD_REDUCTION_AMT | N | 22 | C244 | Reduction Amount | sum of all payment reductions. Good summary of offsets | | Sample of contents: |
| 14 | AD_PROV_TYPE | V2 | 3 | #N/A | #N/A | #N/A | Defined as Category of service less last character | Sample of contents: |

| Number | COLUMN_NAME: This is the name used in the EISG data base | DATA_TYPE | DATA_LENGTH | DED equivalent | Equivalent MMIS variable name, from Data Element Dictionary (DED) | comments | Value definitions. Click on hyperlink | One day sample frequency distribution of contents, by invoice, type, and category of service  Click on hyperlink |
|---|---|---|---|---|---|---|---|---|
| 15 | AD_PERSC_NUM | V2 | 6 | 3099 | Prescription Number | Number assigned by Pharmacist to a prescription when it is filled. Applies to Pharmacy, Special Services, Eye appliances | | NA |
| 16 | AD_PAYMENT_DATE | DT | 7 | 3150 | Payment Date | Date the payment to provider was generated. Correlates to payment cycle for original claims, but be aware that retros and new claims are paid on a different days within the cycle. Carries date of original payment for "credit" voids and adjustments, (claims that cancel out originals) but carries payment date for current cycle for "debit" voids and adjustments (claims that replace originals). | | Sample of contents: |
| 17 | AD_BILLING_DATE | V2 | 6 | 3010 | Bill Date | date entered by provider on claim indicating when it was prepared. | | Sample of contents: |
| 18 | AD_AMT_CHARGED | N | 22 | 3199 | Claim Charge | Amount billed by the provider for each individual service. | | NA |
| 19 | AD_TTL_MEDICARE_APP | N | 22 | 3235 | Medicare Approved | Amount Approved by Medicare for this line item. | | Sample of contents: |
| 20 | AD_MEDICARE_AMT_PAID | N | 22 | 3033 | Medicare Amount Paid | Amount paid by Medicare towards this claim amount | | Sample of contents: |
| 21 | AD_OTH_INS_PAID | N | 22 | 3031 | other insurance Paid | | | Sample of contents: |
| 22 | AD_ORG_CLM_REF_NUM | V2 | 15 | 3250 | Former Claim Reference Number | Indicates the existing CRN which is being adjusted or voided by this claim.  A very important value for sorting out claims and voids. | | Sample of contents: |
| 23 | AD_SVC_PROV_TYPE | V2 | 2 | C239 | Service ID Type | Type of license held by service provider, if not an MMIS provider | open code sheet | Sample of contents: |
| 24 | AD_ADJ_VOID_IND | V2 | 1 | 3249 | Adjustment/void indicator Code or void | Indicates if claim is an adjustment or void - Not a good indicator to use, because it does not give enough information.  DE C188 is a better indicator, because it tells what kind of adjustment or void it is. | open code sheet | Sample of contents: |

| Number | COLUMN_NAME: This is the name used in the EISG data base | DATA_TYPE | DATA_LENGTH | DED equivalent | Equivalent MMIS variable name, from Data Element Dictionary (DED) | comments | Value definitions. Click on hyperlink | One day sample frequency distribution of contents, by invoice type, and category of service Click on hyperlink |
|---|---|---|---|---|---|---|---|---|
| 25 | AD_RATE_CODE | V2 | 4 | 2078 | Rate Code | Identifies a service or product that is reimbursed through a rate (As opposed to a fee). For pricing rate based services it is the equivalent of the procedure or formulary file. Within a given rate code, there are often provider specific rates. | | Sample of contents: |
| 26 | AD_QTY_UNITS | V2 | 4 | 3251 | quantity dispensed | This is a number that indicates the "quantity" of a drug that is dispensed it may be in liters, Units, pills, grams, or indicate the volume of a given solution at a specific level of concentration. In general, this value cannot be added meaningfully.across more than one formulary code. However, within a formulary code, it can often be decoded. | | Sample of contents: |
| 27 | AD_FORMUL_CODE | V2 | 11 | 5014 | Formulary Code | identifier of a particular drug, sickroom supply, DME Item, orthotic supply, or hearing aide. | Use Formulary tables from Data Warehouse | Sample of contents: |
| 28 | AD_INVOICE_NUMBER | V2 | 8 | 3110 | Invoice Number | Number on Claim Form, which may contain many claim lines. Not the same as the CRN, each claim line has its own CRN. | | NA |
| 29 | AD_PROVIDER_COUNTY | V2 | 2 | 2017 | Provider County Code | Location of Providers "place of Business" | | Sample of contents: |
| 30 | AD_AJUD_STATUS | V2 | 2 | 3055 | Adjudication Status | Pay Pend Deny etc.v All claims in the current DW are status '20' , Pay | open code sheet | Sample of contents: |
| 31 | AD_RETRO_IND | V2 | 1 | C289 | Retro rate adjustment indicator | Indicates retroactive adjustment | 0 = no, 1 or 3 = yes | Sample of contents: |
| 32 | AD_CLAIM_STAT_TYPE | V2 | 1 | C188 | Claim Status Type | Identifies original claims vs adjustments, credits etc. 1 = original, 2 = adjustment debit, 3 = adjustment credit, 4 = void debit, 5 = void credit, 6 = surs mpha add on adjustment, 7 = current claim Lombardi adjustment, 8 = retroactive rate Lombardi adjustment | open code sheet | Sample of contents: |
| 33 | AD_DAYS_SUPPLY | V2 | 3 | 3232 | Days Supply | Number of days supply of a drug. Useful to track refill dates. | | Sample of contents: |

| Number | COLUMN_NAME: This is the name used in the EISG data base | DATA_TYPE | DATA_LENGTH | DED equivalent | Equivalent MMIS variable name, from Data Element Dictionary (DED) | comments | Value definitions. Click on hyperlink | One day sample frequency distribution of contents, by invoice type, and category of service Click on hyperlink |
|---|---|---|---|---|---|---|---|---|
| 34 | AD_REFILL_IND | V2 | 1 | 3233 | Refill Indication code | A code indicating wether a prescription is an original or a refill. Synonym. New/refill number. Values 0 to 5 from provider manual. See also DE 3018 and DE 5022. Represents the actual sequence number of the refill, beginning with 0 as the original, 1 as the first refill etc. | | Sample of contents: |
| 35 | AD_PRESC_SRC | V2 | 1 | 3231 | Prescription Source Code | Type of Prescriber, who wrote the prescription, useful as a Descriptive category | open code sheet | Sample of contents: |
| 36 | AD_NUM_REFILL_AUTH | V2 | 1 | 3018 | Number of refills authorized code | The number of refills that a prescriber authorizes for a given prescription. Limits the number of times a pharmacist can fill a prescription. See also DE 3018 and DE 5022. This value is up to the prescriber, but he cannot exceed the limit set by DE 5022 | | Sample of contents: |
| 37 | AD_BRAND_IND | V2 | 1 | 3234 | Brand Necessary Indicator (Pharmacy) | Indicates whether the Prescriber indicated Brand Necessary or Substitution Permissible | 0=no, 1=yes on file, n=no, y=yes on form | Sample of contents: |
| 38 | AD_SA_EXCEPT_CODE | V2 | | 3426 | SA Exception Code | Service authorization code, gives reason for override of service limit. | J = immediate, urgent care, K= Services rendered in retroactive period, L = Client has temp MA Authorization card, n = request from county for 2nd opinion to see if recip can work, P = override request pending, S = Special handling. | Sample of contents: |

| Number | COLUMN_NAME: This is the name used in the EISG data base | DATA_TYPE | DATA_LENGTH | DED equivalent | Equivalent MMIS variable name, from Data Element Dictionary (DED) | comments | Value definitions. Click on hyperlink | One day sample frequency distribution of contents, by invoice type, and category of service  Click on hyperlink |
|---|---|---|---|---|---|---|---|---|
| 39 | AD_DOSAGE_FORM | V2 | 3 | 5127 | Dosage Form | dosage form, vial, tablet, spray etc. | open code shee t | Sample of contents: |
| 40 | AD_FORM_THERAP_CODE | V2 | 5 | 5024 | Therapeutic Code | Broad therapeutic category of drug.  Good way to categorize drug by its therapeutic use. | open code shee t | Sample of contents: |
| 41 | AD_FORM_ITEM_TYPE_CO DE | V2 | 2 | 5026 | Formulary Item Type Code | Type of item, i.e. class 1 drug, class v drug, DME, etc. Can be used to ID controlled substances. | open code shee t | Sample of contents: |
| 42 | AD_FORM_PACK_IND | V2 | 1 | 5132 | Package Indicator | indicates sold in a package    $b$ = breakable, $n$ = non breakable (e.g. divisible into smaller units) | | Sample of contents: |
| 43 | AD_ALLOW_REFILL_IND | V2 | 1 | 5022 | Allowable refill indicator | Limits the number of allowable refills that a provider can authorize. Coded into the system. Does not tell you how many refills are authorized, or the sequence number of the current refill. Date Dependent. Value of 0 to 5. Provides a mechanism to aid in controlling the excessive dispensing of a given drug to an individual.  (refer to DE 5026, "Formulary Item Type Code", which indicates to system wether this DE is invoked.) See also DE 3018 and DE 3233 | | Sample of contents: |
| 44 | AD_FORM_GENERIC_CODE | V2 | 5 | 5035 | Formulary Generic Code | drug class by Chemical composition  Identifies generically identical drugs. | field in use, referenced by DED, but coding not in DED. | Sample of contents: |
| 45 | AD_FORM_UNIT_COST | V2 | 9 | 5112 | Formulary Unit Cost - MRA | Maximum Reimburseable Amount (RMA) for a given pricing unit. cost per one unit of the Rx in question,  time specific | | Sample of contents: |
| 46 | AD_MCAL_INS_CODE | V2 | 2 | 1280 | Recipient Other Insurance Code | Code which identifies the insurance company with whom the recipient has thirdy party medical coverage | open code sheet | Sample of contents: |
| 47 | AD_SPEC_CONS_CODE | V2 | 1 | 3169 | Special Consideration Ind. | Indicates that adjudication should consider attached memos or documents | open code sheet | Sample of contents: |
| 48 | AD_CLAIM_CLASS | V2 | 2 | C279 | Claim Class | Controls which "daily logic edit" , (ie. processing program) is used to process the claim. | open code sheet | Sample of contents: |

| Number | COLUMN_NAME: This is the name used in the EISG data base | DATA_TYPE | DATA_LENGTH | DED equivalent | Equivalent MMIS variable name, from Data Element Dictionary (DED) | comments | Value definitions. Click on hyperlink | One day sample frequency distribution of contents, by invoice type, and category of service Click on hyperlink |
|---|---|---|---|---|---|---|---|---|
| 49 | AD_FAM_PLAN_IND | V2 | 1 | 3203 | Family Planning | Identifies Family planning services for higher Fed funding. | 0 or N = no, 1 or Y = yes, | Sample of contents: |
| 50 | AD_RECIP_AMT_PAID | N | 22 | 1560 | Recipient Patient Participation Amt. | Amount of Patient Payment, Must be interpretrd by DE 1550, since meaning varies by category of service. For instance, LTC patients contribution is NAMI, ambulatory recipients contribution is called "excess income" or spenddown. | | Sample of contents: |
| 51 | AD_MEDICAID_OTHER | N | 22 | 3288 | Medicaid Other (including part B) Amount | Amount received from sources not indicated as prior third parties or patient participation. Includes amount paid under part B Medicare. | | Sample of contents: |
| 52 | AD_SP_PROG_CODE1 | V2 | 1 | 5076 | Special Program Code | 10 occurances of 1x, ids special programs that the recipient is enrolled in. | 1 - does not apply,  1 Applies, blank - error | Sample of contents: |
| 53 | AD_SPC_FUND_IND | V2 | 1 | C538 | Special Funding Indicator | Indicates claim subject to special funding rules, such as OMH, Long Term Care, etc. | open code sheet | Sample of contents: |
| 54 | AD_MAID_COVERAGE | V2 | 4 | 1380 | Recipient Medicaid Coverage Codes | Type of Medicaid Coverage * = cs19 update, 0 not eligible,1 all benefits, 2 all benefits, 3 outpatient only, etc | open code sheet | Sample of contents: |
| 55 | AD_OUT_STATE_CODE | V2 | 1 | 2006 | Provider Out of State Code/Confidentiality code. | Identifies and categorizes out of state providers. | open code sheet | Sample of contents: |
| 56 | AD_ORIGIN_CLAIM | V2 | 1 | C502 | Origin of Claim | tape, paper, etc., and type of claim form, ie A, B, UBF-1 etc. | open code sheet | Sample of contents: |
| 57 | AD_CLAIM_MED_TYPE | V2 | 1 | 3403 | Claim Medium Type | paper, tape etc | open code sheet | Sample of contents: |
| 58 | AD_LOCAL_PCT | N | 22 | C237 | Local Shares | local share percent | | Sample of contents: |
| 59 | AD_STATE_PCT | N | 22 | C236 | State Share | State share percent | | Sample of contents: |
| 60 | AD_FED_PCT | N | 22 | C235 | Federal Shares | federal share percent | | Sample of contents: |
| 61 | AD_PAYMENT_SRC_MEDIC | V2 | 1 | 3405 | Medicare Payment Source | Tells whether provider billed Medicare, and wether medicare approved or denied. | 1 = No Medicare, 2 = Medicare was billed and paid, 3 = Medicare was billed and denied the claim | Sample of contents: |

| Number | COLUMN_NAME: This is the name used in the EISG data base | DATA_TYPE | DATA_LENGTH | DED equivalent | Equivalent MMIS variable name, from Data Element Dictionary (DED) | comments | Value definitions. Click on hyperlink | One day sample frequency distribution of contents, by invoice type, and category of service   Click on hyperlink |
|---|---|---|---|---|---|---|---|---|
| 62 | AD_PAYMENT_SRC_OTHER | V2 | 1 | 3406 | Other Payment Source | Tells whether other insurance paid part of claim. | open code sheet | Sample of contents: |
| 63 | AD_MAX_ALLOWABLE_FEE | V2 | 9 | C511 | Max Allowable Fee | Maximum Allowable fee computed by claims processing. | | Sample of contents: |

# EXHIBIT B

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

**VIA EMAIL**

October 3, 2008

John P. Bueker, Esq.
Ropes & Gray LLP
One International Place
Boston, MA  02110-2624

Re: *The City of New York, et al. v. Abbott Labs., Inc. et al.*, MDL 1456;
Plaintiffs' Supplemental Production of New York Medicaid Pharmacy
Claims Data

Dear John:

This concerns the supplemental production of New York Medicaid Pharmacy Claims
Data.

First, as we discussed yesterday, plaintiffs have been told by the New York
Department of Health ("NY DOH") that the supplemental reverse engineering calculation
will be complete on or before October 31, 2008.  We will produce these results as soon as
they are available and all fields related to or used in connection with the process.

Those fields are:

> Formulary code
> Service date
> Report date
> Provider ID
> Quantity dispensed
> Medicaid Claim status type code
> Claim sequence number
> Recipient Medicare code
> Paid amount
> Other insurance paid amount
> Copayment amount
> Charged amount
> Generic product code
> Drug pricing table (When drug on/off FUL)
> Price Base (FUL, AWP or U&C)

NEW YORK         TEXAS

KIRBY McINERNEY LLP
John P. Bueker, Esq.
October 3, 2008
Page Two

Thereafter, plaintiffs will produce a larger set of pharmacy claims data that will include all of the fields identified in the attachment to your September 8, 2008 letter with the following minor exceptions or emendations:

| Number | Column Name | |
|--------|-------------|---|
| 11 | AD_POST_CHARGE_AMT | Not available in DataMart or Data Warehouse |
| 14 | ADJ_PROV_TYPE | Not available in DataMart but its contents are subsumed in the Row 3 field "Ad_Cate_Serv". NY DOH has agreed to create this row and add it to the production. |
| 24 | AD_ADJ_VOID_IND | Not available in DataMart but your September 8, 2008 chart acknowledges it is not a good indicator and the information in Row 32 (DED  Equivalent C188) is better.  NYDOH is producing Row 32. |

As I indicated during our phone call yesterday, plaintiffs are working to obtain a date certain for this larger production.  I will provide that to you as soon as I have it.

Please let me know if you wish to discuss any of what is written here.

Very truly yours,

Joanne M. Cicala

cc:    Gregor Macmillan, Esq.
       Shoshanah V. Asnis, Esq.
       Kelly J. Davidson, Esq.
       Kim B. Nemirow, Esq.
       Scott D. Stein, Esq.
       Kathleen M. O'Sullivan, Esq.