# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*State of Iowa*<br><br>*v.*<br><br>*Abbott Laboratories Inc., et al.* | ) ) ) ) ) ) ) ) ) Judge Patti B. Saris |

## November 3, 2008 STATUS REPORT FOR THE STATE OF IOWA

The undersigned counsel for the State of Iowa (hereinafter referred to as "plaintiff") hereby submits the attached Status Report for November 3, 2008, in accordance with the Court's June 17, 2004 Procedural Order.

Dated: November 3, 2008

Respectfully submitted,

**KIRBY McINERNEY, LLP**
825 Third Avenue
New York, New York 10022
(212) 371-6600

By:   /s/ Joanne M. Cicala_____
Joanne M. Cicala
James P. Carroll Jr.
Aaron D. Hovan
Jocelyn R. Normand
Kathryn B. Allen

**November 3, 2008 Status Report for the State of Iowa**

<u>Case Management Order</u>

On August 8, 2008, plaintiff and defendants submitted separate motions for entry of a proposed Iowa Case Management Order. *See* Plaintiff's Motion for Entry of Iowa Case Management Order (Docket #5501); *see* Defendants' Motion for Entry of Iowa Case Management Order (Docket #5495). On August 27, 2008, the Court referred these motions to Magistrate Judge Bowler. The motions are *sub judice.*

<u>Answers to Complaint</u>

Plaintiff filed its Complaint in the Southern District of Iowa on October 9, 2007. On October 25, 2007, the case was transferred to MDL 1456 by the Judicial Panel for Multidistrict Litigation for pretrial purposes.

On September 17, 2008, defendants submitted answers to the Complaint, as follows: Medimmune, Inc. submitted its Affirmative Defenses and Answer to the Complaint of the State of Iowa (Docket #5555); Eli Lilly filed its Answer to the Complaint of the State of Iowa (Docket #5557).

On September 18, 2008, the following defendants submitted Answers to the Complaint: Watson Pharmaceuticals, Inc. and Watson Pharma, Inc. (Docket #5558); Ethex Corporation (Docket #5559); Johnson & Johnson (Docket #5560); Baxter Healthcare Corporation (Docket #5561); Baxter International, Inc. (Docket #5562); Abbott Laboratories, Inc. (Docket #5563); Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. (Docket #5564); Alpharma,

Inc. (Docket #5565); Teva Pharmaceuticals USA, Inc., Novopharm USA, Inc., and Sicor, Inc. (Docket #5566); Ivax Pharmaceuticals, Inc. and Ivax Corporation (Docket #5567); Bayer Corp. (Docket #5568); Schering-Plough Corporation, Schering Corporation, and Warrick Pharmaceuticals Corporation (Docket #5569); Ben Venue Laboratories, Inc. (Docket #5570); Boehringer Ingelheim Pharmaceuticals, Inc. (Docket #5571); Boehringer Ingelheim Roxane, Inc. (Docket #5572); Aventis Pharmaceuticals Inc. (Docket #5573); Wyeth (Docket #5574); Immunex Corp. (Docket #5575); Sandoz, Inc. (Docket #5576); Mylan Pharmaceuticals, Inc., UDL Laboratories, Inc., and Mylan Inc. (Docket #5577); Amgen Inc. (Docket #5578); Purepac Pharmaceutical Co. (Docket #5579); Dey Inc. and Dey L.P. (Docket #5580); Chiron (Docket #5582); Novartis Pharmaceuticals Corporation (Docket #5584); Forest Laboratories, Inc. and Forest Pharmaceuticals, Inc. (Docket # 5585); Merck & Co., Inc. (Docket #5586); Barr Laboratories, Inc. (Docket # 5587); Greenstone Ltd., Pharmacia Corporation (Docket #5588); Smithkline Beecham Corporation d/b/a Glaxo SmithKline (Docket #5589); Agouron Pharmaceuticals, Inc. and Pfizer, Inc. (Docket #5590); Roche Labs, Hoffmann LaRoche, Inc. (Docket # 5591); Merck & Co., Inc. (Docket # 5592).

On September 19, 2008, Aventis Behring, L.L.C. filed its Answer to the Complaint of the State of Iowa (Docket #5594).  On that same day, King Pharmaceuticals, Inc., Monarch Pharmaceuticals, Inc., and King Research and Development filed its Answer to the Complaint (Docket #5597).

On October 20, 2008, the following four defendants filed their respective answers to the Complaint of the State of Iowa:  defendant TAP Pharmaceutical Products Inc. (Docket # 5635);

defendant Purdue (Purdue Pharma L.P., Purdue Pharma Company, and Purdue Frederick Company) (Docket # 5636); defendant AstraZeneca (AstraZeneca Pharmaceuticals and AstraZeneca LP) (Docket # 5638); and Endo Pharmaceuticals (Docket # 5639).

## Orders on Motions to Dismiss

On September 18, 2008, the Court entered the following orders on Defendants' individual motions to dismiss:

1. The Court granted in part and denied in part Amgen's Motion to Dismiss (Docket #5070), stating that the Motion is "[a]llowed to the extent Epogen was administered in connection with chronic kidney disease" but "[o]therwise denied."

2. The Court denied the Motion to Dismiss of Chiron (Docket #5072), without prejudice.

3. The Court denied without prejudice Eli Lilly's Separate Motion to Dismiss or, in the Alternative, to Stay Discovery (Docket # 5082).

4. The Court granted in part the individual Motion to Dismiss of Astra Zeneca, LP (Docket #5067), stating "[a]ll [Zoladex] claims prior to September 4, 2003 are dismissed on the grounds they were released by the settlement agreement," and "[a]ll discovery is stayed on the Zoladex claim for reasons stated at the hearing."

5. The Court denied without prejudice Endo Pharmaceutical's Motion to Dismiss (Docket #5079) and deferred the motion "until the 'FUL' methodology is better understood and briefed."

6.   The Court denied the Motion to Dismiss of Purdue Pharma L.P., Purdue Frederick Company, and Purdue Pharma Company (Docket #5080), "except with respect to the claims of FUL-based fraud."

7.   The Court denied Pfizer Inc.'s Individual Motion to Dismiss Plaintiff's Complaint (Docket #5075) "on the ground that AWP and WAC have a formulaic relationship."  The Court stated that discovery is stayed on all NDCs with spreads of 30 percent or less.

8.   The Court denied without prejudice Pharmacia Corporation's and Greenstone Ltd.'s Motion to Dismiss Plaintiffs' Complaint (Docket #5074).  The Court deferred the "'FUL' issue" until there is further briefing.

9.   The Court ruled on Tap's Individual Memorandum in Support of Motion to Dismiss (Docket #5159) as follows:  "As stated at the hearing, all claims subject to the settlement agreement are dismissed.  All discovery with respect to other claims involving Lupron is stayed.  With respect to Prevacid, discovery is stayed only for the period after TAP began providing ASPs."

10. The Court granted SmithKline Beecham Corporation, d/b/a GlaxoSmithKline's ("GSK") Individual Motion to Dismiss Previously Settled Claims Against GSK (Docket #5076), stating, it is "allowed without opposition" (Docket #5171).

11. The Court granted Boehringer Ingelheim's Separate Memorandum in Support of Its Motion to Dismiss (Docket #5081).  The Court stated, however, that discovery will be permitted regarding the relationship between the parent and subsidiaries.

**<u>Other Filings</u>**

On October 31, 2008, Plaintiff filed a Notice of Voluntary Dismissal of Teva
Pharmaceuticals Industries Inc., Ltd. (Docket # 5655).  Teva Pharmaceuticals Industries Inc.,
Ltd., does not manufacture or sell pharmaceutical products in the United States.  Therefore,
Plaintiff voluntarily dismissed all claims against Teva Pharmaceuticals Industries Inc., Ltd.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 3rd day of November, 2008, she caused a true and correct copy of the above November 3, 2008 STATUS REPORT FOR THE STATE OF IOWA to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

Dated:  November 3, 2008

/s/ Kathryn B. Allen
Kathryn B. Allen
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600