UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456<br>Master File No. 01-12257-PBS<br>Subcategory Case No. 06-11337 |
| THIS DOCUMENT RELATES TO: ) ) | Magistrate Judge Marianne B. Bowler |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS ) ) ) ) | |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO DEY DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND IN FURTHER SUPPORT OF UNITED STATE'S MOTION FOR AN ORDER TO PRODUCE PRISON INMATE MICHAEL T. RICKS FOR DEPOSITION**

The United States respectfully submits this memorandum in opposition to the Dey Defendants' Cross-Motion For a Protective Order (Doc. # 5669, Subcategory # 59), and in further support of the United States' motion to take the deposition of prison inmate Michael Ricks (Doc. #5642).

Dey raises a litany of protestations to the proposed deposition of Michael Ricks. Dey's arguments are red herrings, and none has merit.

Dey suggests that the deposition should not be allowed because the United States has been investigating Dey since 1997; because Dey has produced millions of pages of documents; and because other parties have taken a number of depositions of Dey employees yet no party has sought to depose Ricks. None of these misleading assertions is a basis for denying the United States' motion. The same rationale would preclude the

United States from taking *any* depositions in this case, which is contrary to the governing Case Management Order.  Moreover, Dey neglects to mention that it was not until 2003 that Dey began to produce the incriminating documents tending to show that its sales personnel marketed the spread on Dey drugs.  Also, Dey neglects to disclose its position, stated to the United States orally, that it will oppose any effort by the United States to use depositions of current or former Dey personnel taken in previous suits against Dey.[1]

Dey argues that the United States has obtained, and will continue to obtain, "equivalent evidence" against Dey.  This is incorrect, to put it mildly.  Tellingly, Dey does not specifically identify the evidence or how it is equivalent to the testimony that Mr. Ricks may give.  As the United States has already demonstrated, Dey denies that its employees marketed the spread except on a few "isolated occasions."  Dey's Rule 30(b)(6) witness on all sales and marketing issues, Pamela Marrs, has professed no knowledge of the marketing practices of Dey sales representatives.  According to Dey's counsel, Dey has no institutional knowledge about its sales and marketing activities during the critical time period.  Transcript of Deposition of Dey, Inc., March 11, 2005, at pp. 185-186 (Exhibit 2 hereto).  While some current and former Dey employees have been deposed in other AWP cases, these have generally been management-level employees, not the sales representatives who actually marketed Dey's products to

---

[1] Dey suggests that the United States has waited to the last minute to seek to take this deposition.  Dey neglects to note that Dey requested that contacts with former employees be made through Dey's counsel, and that the United States asked Dey to arrange this deposition by e-mail dated July 29, 2008.  (Exhibit 1.)

pharmacists and hospitals. One sales representative, Roy Barnes, was recently deposed on October 30, 2008. (The transcript is not presently available.) The day before the deposition he spent eight hours being prepared by Dey counsel. At the deposition he testified that he had no recollection whatsoever of any of the matters that were recorded in his account call records, and had no recollection of Medicare or Medicaid reimbursement, AWP, spread, pharmacy profit, or other issues important to this litigation.

Dey suggests that it would be burdensome to depose Ricks because it would be necessary to require him to submit to an examination to determine his competency to testify. This, of course, is nonsense. The fact that a person has committed crimes, even heinous crimes, does not mean that the person is incompetent to testify. Cf. United States v. Connolly, 341 F.3d 16 (1st Cir. 2003) (upholding conviction of former FBI agent based on testimony of mobster Stephen Flemmi (guilty of 10 murders), hit-man John Martorano (guilty of 20 murders), and mobster Kevin Weeks (guilty of assisting in five murders)). Such individuals can have excellent memories. Dey has offered no valid basis for requiring a competency examination, and the United States is unaware of any. Dey can challenge Ricks' credibility on cross-examination.

For the same reasons, the Court should deny Dey's request for a protective order requiring the Colorado prison authorities to produce Ricks' prison records. Dey's request would cause inappropriate inconvenience to the Colorado prison authorities, unnecessarily delay the close of discovery in this case, and enlist this Court in what is

essentially a fishing expedition for impeachment material. There is no basis for such relief.

Dey's true objection to this deposition is that Ricks may give testimony that is unfavorable to Dey. Ricks may remember receiving instructions from Dey management about how to market the spread, and he may remember routinely discussing the spread with customers and explaining to them how they could make more profit from Dey's products as compared with Dey's competitors. Such testimony would be prejudicial to Dey, but this is not the sort of prejudice that the law protects against.

The Court should also deny Dey's request for oral argument. Dey's arguments are not worthy of it, and it would only further delay the completion of discovery.

## CONCLUSION

For the foregoing reasons, the Court should deny Dey's motion for a protective

order (Doc. # 5669, Subcategory # 59) and allow the United States motion to take the deposition of Mr. Ricks (Doc. #5642).

                                            Respectfully submitted,

                                            GREGORY G. KATSAS
                                            ASSISTANT ATTORNEY GENERAL

                                            MICHAEL J. SULLIVAN
                                            UNITED STATES ATTORNEY

By:    */s/ George B. Henderson, II*
            GEORGE B. HENDERSON, II
            Assistant U.S. Attorney
            United States Courthouse
            1 Courthouse Way, Suite 9200
            Boston, MA 02210
            (617) 748-3282

            LAURIE A. OBEREMBT
            Civil Division
            Commercial Litigation Branch
            P. O. Box 261
            Ben Franklin Station

Dated: November 7, 2008            Washington, D.C.  20044

## CERTIFICATE OF SERVICE

       I hereby certify that I have this day caused an electronic copy of the above "UNITED STATES' MOTION FOR AN ORDER TO PRODUCE PRISON INMATE MICHAEL T. RICKS FOR RULE 30(a)(2)(B) DEPOSITION." to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: November 7, 2008                          */s/ George B. Henderson, II*
                                                      George B. Henderson, II