UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.*, No. 06-CV-11337-PBS; *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS; *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corp., et al.*, Civil Action No. 07-10248-PBS | MDL No. 1456 <br> Master File No. 01-CV-12257-PBS <br> Subcategory Case No. 06-11337 <br><br> Hon. Patti B. Saris |

**DEFENDANTS' REPORT IN ADVANCE OF THE
NOVEMBER 13, 2008 STATUS CONFERENCE**

Defendants Abbott Laboratories, Inc. ("Abbott"), Dey, Inc., Dey L.P., and Dey L.P., Inc. (collectively, "Dey") and Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., and Roxane Laboratories, Inc., (collectively, "Roxane") submit this Report in Advance of the November 13, 2008 Status Conference.

**I.   STATE MEDICAID DISCOVERY**

Since the July 24, 2008 hearing, Abbott, Dey, and Roxane (the "Defendants") have been working with Plaintiff the United States to complete the 30(b)(6) and 30(b)(1) depositions of the State Medicaid programs pursuant to the Court's directive at both the June 18, 2008 and July 24, 2008 hearings. Attached as Exhibit 1 is a chart listing the status of the 30(b)(6) discovery in each of the fifty states. As shown in the chart, in twenty-two (22) states 30(b)(6) discovery has been completed and/or Abbott, Dey, and Roxane have not pursued 30(b)(6) discovery, such as is the case of states with extensive discovery in state AWP actions. Abbott, Dey, and Roxane plan

1

to complete 30(b)(6) discovery in an additional twenty-one (21) states before the fact discovery cut-off and are in the process of scheduling and taking those depositions. Defendants' ability to complete such discovery will depend on the states' ability to produce documents and make witnesses available by the discovery cut-off.

In addition to the 30(b)(6) depositions listed in Exhibit 1, Abbott, Dey, and Roxane are in the process of scheduling select 30(b)(1) depositions in certain states, such as in North Carolina, where the 30(b)(6) witness was not employed for the duration of the relevant time period.[1] Because the need for 30(b)(1) depositions are affected by a variety or reasons, including but not limited to the 30(b)(6) witness put up by each state, Defendants reserve their rights to take a 30(b)(1) deposition in any state pursuant to this Court's directive.

With respect to the remaining seven (7) states of Idaho, Iowa, Mississippi, New York, Pennsylvania, South Carolina, and Utah, Dey proposed to the Government that rather than unnecessarily interfering with existing discovery timetables in these state AWP actions, the most efficient manner of proceeding in these seven states is to cross-notice the 30(b)(6) depositions when they are noticed in the state actions and to obtain documents when they are produced in response to requests in the state actions. Given the length of the time between the close of fact discovery and the schedule for summary judgment in this case, it is Dey's belief that depositions in these seven actions will occur in advance of the summary judgment deadline. Also, since the False Claims Act allows a trial subpoena to be served anywhere in the United States, as a practical matter state Medicaid witnesses may be called at trial and their transcripts used to examine them regardless of when the depositions take place. *See* October 24, 2008 letter from Neil Merkl attached as Exhibit 2.

---

[1] As of the date of this filing, Defendants have also noticed 30(b)(1) depositions of witnesses from New Jersey, North Dakota, Florida, and Idaho.

2

On November 4, 2008, the Government responded that it would not agree to Dey's proposal. *See* November 4, 2008 letter from G. Henderson attached as Exhibit 3. In order to preserve its rights, Dey informed the Government that it would serve subpoenas on these seven states and would seek relief from the Court. *See* November 6, 2008 Letter from Neil Merkl attached as Exhibit 4. Dey subsequently served notice to Plaintiffs pursuant to Rule 45 and is in the process of serving subpoenas on those seven states. However, it is still Dey's belief that in order to maximize efficiency in the state actions, it should be allowed to cross-notice and participate in depositions as they arise in the state litigations pending in these seven states after the fact discovery cut-off of December 15, 2008.

II.     **OTHER DEPOSITIONS REQUESTED BY DEFENDANTS**

In addition to the state discovery outlined above, several additional depositions in the Abbott, Dey, and Roxane actions are still outstanding, many of which will be completed by the discovery cut-off. Some, however, are or will be the subject of motion practice. For example, Abbott noticed the depositions of CMS witnesses Ira Burney and Debbie Chang over six months ago, and the United States moved for a protective order. *See* Dkts. 5128, 5129. 5135, and 5149. That motion is still pending. In addition, Abbott moved to compel testimony of nine current or former federal employees whose prior testimony was obstructed by the Government's assertion of the deliberative process privilege. *See* Dkts. 5112, 5115, 5144, 5151. The Government has filed protective orders as to certain 30(b)(6) deposition topics set forth by both Abbott and Dey, and those motions are also pending. *See* Dkts. 5156 and 5356. The Government recently informed Roxane that it refuses to produce a witness in response to Roxane's Rule 30(b)(6) deposition topics pertaining to HCFA/CMS's Regional Office review of State Medicaid Health Plans and the Government intends to file a protective order. Finally, Dey has subpoenaed the Congressional Budget Office ("CBO") and the Government Accountability Office ("GAO") for

documents and deposition testimony. Both the CBO and GAO have objected to the subpoenas in their entirety based on the speech or debate clause and the deliberative process privilege and Dey will be filing a motion to compel the production of documents and testimony from both the CBO and the GAO.

### III.     OUTSTANDING MOTIONS

Twelve motions have been fully briefed in the Abbott, Dey, and Roxane actions and are currently awaiting a decision. The motions are listed in the status report filed by Plaintiffs, Dkt. 5659. Many of these motions, such as the ones discussed above, involve deposition testimony and/or the production of documents.

Dated:  November 10, 2008

/s/ Sarah L. Reid
Paul F. Doyle (BBO # 133460)
Sarah L. Reid
Neil Merkl
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Counsel for Defendants Dey, Inc., Dey L.P, Inc. and Dey, L.P.*


/s/ David S. Torborg
R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

James R. Daly
Eric P. Berlin
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585


*Counsel for Defendant Abbott Laboratories, Inc.*

/s/ John W. Reale
Helen E. Witt, P.C.
Anne M. Sidrys, P.C.
Eric T. Gortner
John W. Reale (BBO # 654645)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

*Counsel for Defendants Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., and Roxane Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on November 10, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

        /s Sarah L. Reid