# EXHIBIT 2

<div align="center">

## KELLEY DRYE & WARREN LLP
A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE

NEW YORK, NEW YORK 10178

(212) 808-7800

</div>

WASHINGTON, DC
TYSONS CORNER, VA
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM
HONG KONG

AFFILIATE OFFICES
BANGKOK, THAILAND
JAKARTA, INDONESIA
MUMBAI, INDIA
TOKYO, JAPAN

FACSIMILE
(212) 808-7897
www.kelleydrye.com

NEIL MERKL
DIRECT LINE (212) 808-7811
E-MAIL: nmerkl@kelleydrye.com

October 24, 2008

**VIA ELECTRONIC MAIL AND U.S. MAIL**

George B. Henderson, II, Esq.
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200
Boston, Massachusetts 02210

Re: *United States ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS

Dear Bunker:

As you know, Dey has served subpoenas on numerous states pursuant to Judge Saris' direction at the June, 18, 2008 and July 24, 2008 hearings. As of yet, we have not served subpoenas for depositions and/or documents on the following states where AWP litigation is already proceeding:

1. Idaho
2. Iowa
3. Mississippi
4. New York
5. Pennsylvania
6. South Carolina
7. Utah

Rather than unnecessarily interfering with existing discovery timetables, we believe the most efficient manner of proceeding is to cross-notice depositions when they are noticed in the state actions and to obtain documents when they are produced in response to requests in the state actions. Moreover, because documents are still being produced in many of these state actions and because these state actions are operating under their own case management orders, holding a 30(b)(6) deposition before December 15, 2008 would be prejudicial to other defendants in the state


**KELLEY DRYE & WARREN** LLP

George B. Henderson, II, Esq.
October 24, 2008
Page Two

actions. Given the length of the time period between the close of fact discovery in this case and the time for summary judgment, it is our belief that depositions in the above-listed AWP actions will occur in advance of our summary judgment deadline. Therefore, we intend to let discovery proceed as scheduled in these AWP actions and to refrain from requesting depositions or documents prematurely. Also, since the False Claims Act allows a trial subpoena to be served anywhere in the United States, state Medicaid witnesses may be called at trial and their transcripts used to examine them as a practical matter regardless of when the depositions take place. *See* 31 U.S.C. 3731(a).

Additionally, Judge Saris stated that the depositions previously taken of state Medicaid witnesses can be used in this action. *See* July 24, 2008 hearing transcript at p. 24. Thus, it is our intention to use the deposition testimony taken in any AWP action. As you know, we have provided you with lists of these depositions and deposition exhibits on October 10, 2008 and October 17, 2008.

We would like to reach an agreement with the Government that Dey and the Government can participate in 30(b)(6) depositions of state Medicaid programs noticed in AWP actions that take place after the fact discovery deadline of December 15, 2008. We intend to raise this issue at the November 13, 2008 conference before Judge Saris.

Please call me next week to discuss the foregoing.

Very truly yours,

Neil Merkl /emc

cc:   Laurie Oberembt, Esq. (via e-mail)
      Gary Azorsky, Esq. (via e-mail)
      David Torborg, Esq. (via e-mail)
      John Reale, Esq. (via e-mail)
      Eric Gortner, Esq. (via e-mail)