# EXHIBIT 3



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Writer's Direct Dial Number:*
*(617) 748-3272*
*Telecopier: (617) 748-3971*

*John Joseph Moakley U.S. Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

November 4, 2008

*By E-mail transmission*

Neil Merkl, Esq.
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178

Re:  United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al., Civil Action No. 05-11084-PBS

Dear Neil:

I apologize for the delay in responding to your letter of October 24, and I apologize for not returning your phone call. I have been very busy with various depositions and related travel.

The United States is not inclined to agree to your proposal that Dey and the United States participate in depositions of certain State Medicaid agency witnesses after the December 15, 2008, discovery cutoff. The reasons are several.

The United States' complaint against Dey was unsealed on or about September 7, 2006, and Dey has had nearly two years to plan for and take discovery of state Medicaid agencies. Dey did not begin serving subpoenas duces tecum on states until January 2008 (many subpoenas were served much later), and Dey did not independently begin noticing depositions until July 2008. It appears to us that Dey made a strategic decision not to conduct discovery of many states and only now is changing its mind.

The additional State discovery you seek appears unnecessary and certainly burdensome. In our view, none of the discovery concerning State Medicaid programs to date has established the elements of a viable defense to the United States' claims, and we don't see any likelihood that more state discovery will add anything of significance.

You suggest that the deferred discovery you propose would not impact the summary judgment schedule in our case. But the Joint Scheduling Order currently in

Neil Merkl, Esq.
November 4, 2008
Page 2

place was the subject of lengthy negotiations that (at least from our perspective) took into account the need to assimilate and consider the large amount of discovery material being generated, and to allow our experts to take such information into account, before having to brief summary judgment issues. I believe it inevitable that extending discovery of the various state Medicaid programs, as you propose, would necessitate a corresponding deferral of the deadlines for expert disclosures, expert depositions, and summary judgment proceedings. I do not know what, if any, discovery schedules are in place in the seven state cases referenced in your letter, but I strongly suspect that discovery in at least some of those state cases could be extended for unknown time periods. Tying our discovery to the schedules set in seven other different cases would likely extend discovery and subsequent milestones in our case significantly. I note that there have been a number of recent jury verdicts for plaintiffs in state AWP cases, and this may prompt more states to bring AWP suits (for example, Kansas has just filed suit), and we certainly do not wish to tie ourselves to schedules in those cases. There have already been several extensions of the discovery schedule in our case, and we are generally opposed to more.

   Finally, the United States is very concerned that Dey's parent company, Mylan Pharmaceuticals, is restructuring and shrinking Dey to a shell company with no significant assets, potentially thwarting recovery of a judgment. Delaying the resolution of this litigation may prejudice the United States' ability to collect a judgment.

                                        Sincerely,

                                        [signature]

                                        George B. Henderson, II
                                        Assistant U.S. Attorney

cc:   Laurie Oberembt
      Gary L. Azorsky
      David Torborg
      Eric Gortner
      John Reale