# Exhibit D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | 

In re: PHARMACEUTICAL INDUSTRY ) 
AVERAGE WHOLESALE PRICE ) 
LITIGATION ) MDL No. 1456
_____ ) Civil Action No. 01-12257-PBS
 )
**THIS DOCUMENT RELATES TO:** ) Hon. Patti B. Saris
 )
*United States of America ex rel. Ven-a-Care of* )
*the Florida Keys, Inc., et al. v. Boehringer* )
*Ingelheim Corp., et al.*, Civil Action No. 07- )
10248-PBS )

### UNITED STATES' OBJECTIONS AND RESPONSES TO THE ROXANE DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the United States provides these objections and responses to Defendants Boehringer Ingelheim Roxane, Inc. and Roxane Laboratories, Inc.'s (Collectively "Roxane") First Set of Interrogatories ("Interrogatories") Directed to Plaintiff United States of America.

### Introductory Statement and General Objections

1. Subject to and without waiving general and specific objections, and objections to Roxane's definitions and instructions, the responses set forth herein are based on information currently known to the United States, and its attorneys, and are made without prejudice to the right of the United States to assert additional objections should grounds for objections be discovered at a later time. The United States has not completed its discovery of the facts pertaining to this action as discovery is ongoing in this case, and Roxane has not yet fully responded to the United States' discovery requests. The United States reserves the right to rely on any facts, documents, or other evidence that may be developed by the parties, or come to the United States' attention, and to supplement these Interrogatories when and if appropriate at a

**Interrogatory No. 11**: From January 1, 1984 to the present, identify all Documents, data, reports, presentations, audits, analyses, reviews, or studies (whether completed or not) performed by or on behalf of the Federal Government, or received by the Federal Government, concerning (i) the methodologies or formulas used to determine Reimbursement for drugs or the administration or dispensing of drugs within any State Medicaid program or the Medicare Part B program; (ii) the Actual Acquisition Costs to Providers for drugs, including but not limited to any studies or surveys performed by Myers & Stauffer LLC; (iii) the difference between any Pricing Element and the Actual Acquisition Cost for any prescription drug; (iv) AWP, EAC, FUL, AWP, WAC, or any Pricing Element; or (v) the cost to Providers for dispensing or administering prescription drugs, including but not limited to any studies or surveys performed by Myers & Stauffer LLC.

For each study, identify:

 (a) the entity, agency, department, organization, consultant, commission, accountant, or task force that performed the study;
 (b) all individual Persons who were involved in the study;
 (c) the time period of the study;
 (d) the particular subject matter or drug involved in the study;
 (e) any report or other Documents prepared as a result of the study;
 (f) what, if anything, was done with the results of the study;
 (g) each Person who received a report of the study or who otherwise learned of the study's conclusions; and
 (h) Documents, data, information and witness statements collected in connection with the study.

**RESPONSE:** The United States incorporates by reference its general objections and its objections to definitions and instructions implicated by this interrogatory. The United States objects to this interrogatory on the following additional grounds. Objection, the interrogatory is vague and ambiguous in its use of the following terms and phrases: "studies," "analyses," "reviews," "performed on behalf of," "Pricing Element," "individuals involved," "as a result of the study," and "the results of the study." Objection, the interrogatory is overly broad and unduly burdensome, and seeks information that is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence, because: it seeks

45

information spanning 24 years; it seeks "all" "studies, analyses, or reviews" performed "on behalf of" or even just "received by" the entire United States legislative and executive branches (according to Roxane's definition of "U.S. Government") and relating to overly broad categories such as "drug pricing"; it is not limited to defendant Roxane and the drugs at issue in the United States' Complaint; it seeks the identity of persons and details about studies that have no relevance to any claim or defense in this case; and it seeks irrelevant and overly broad details such as the identification of "each person who received a report of the study or who otherwise learned of the study's conclusions." Objection, the interrogatory is overly broad and unduly burdensome to the extent that it calls on the United States to organize and inventory for Roxane documents and information that are equally accessible to Roxane, because it is publicly available and a large number of reports of the type requested by Roxane are already in Roxane's possession; these publicly available reports contains the non-privileged information that Roxane asks the United States to identify and inventory. Objection, Roxane has issued a third party subpoena to Myers & Stauffer LLC in state litigation. Objection, the interrogatory seeks information protected from disclosure by privilege, including but not limited to, the attorney-client privilege, the work product privilege, the deliberative process privilege, and the law enforcement investigative files privilege.

  Subject to and without waiving the United States' general and specific objections, and its objections to Roxane's definitions and instructions, the United States provides the following. The United States reserves its right to supplement or amend this response. Pursuant to Rule 33(d), the United States has produced (1) reports issued by the Office of Inspector General of the

U.S. Department of Human Services relating to reimbursement of drugs under the Medicare and Medicaid programs, as well as the underlying work papers, (2) two reports by Myers & Stauffer LLC; and (3) reports provided by State Medicaid programs in connection with state plan amendments.

**Interrogatory No. 12**: From January 1, 1991 to present, identify all Persons currently or formerly employed by or serving the Federal Government, currently or formerly serving as a contractor to the Federal Government, or currently or formerly acting on behalf to the Federal Government, as an agent or otherwise, with any responsibility for, access to, involvement in, or control or influence over: (i) the AMPs reported by Manufacturers to HCFA/CMS on a quarterly basis; (ii) the calculation of the unit rebate amount; or, (iii) the amount of the rebates paid by Manufacturers under the Medicaid Drug Rebate Program. For each such person, identify (i) the Person's position; (ii) the time period and circumstances or nature of the Person's responsibility for, access to, involvement in, or control or influence over AMPs, URA calculation, or the amount of rebate paid; and (iii) the subject(s) of information the Person may have related to this Interrogatory.

**RESPONSE:** The following are persons currently or formerly employed by or serving within the Centers for Medicare and Medicare Services with material responsibilities concerning the Medicaid Drug Rebate Program:

| | |
|---|---|
| Rosanne Abato | Former Acting Director, Medicaid Bureau |
| Christine Nye | Former Director, Medicaid Bureau |
| Sally Richardson | Former Director, Medicaid Bureau and Director, Center for Medicaid and State Operations |
| Dennis G. Smith | Director, Center for Medicaid & State Operations |
| Timothy Westmoreland | Former Director, Center for Medicaid & State Operations |
| Rick Fenton | Deputy Director, Family & Children's Health Program Group, Center for Medicaid & State Operations |