UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| GSK SETTLEMENT | Judge Patti B. Saris |

**DECLARATION OF MARC H. EDELSON IN SUPPORT OF LEAD CLASS COUNSEL'S RESPONSE TO WILLIAMS' MOTION FOR COURT REVIEW OF LEAD COUNSEL'S ALLOCATION OF GSK FEE AWARD**

I, Marc H. Edelson, being duly sworn, depose and say:

1.      I am a partner of the law firm of Hoffman & Edelson, LLC one of the Co-Lead Class Counsel for plaintiffs in this matter.  I am submitting this Declaration in support of Lead Class Counsel's response to Kent Williams' motion for court review of Lead Counsel's allocation of the GSK fee award.

2.      I am an attorney in good standing and duly licensed and admitted to the Bars of New York and Pennsylvania.  The testimony set forth in this Declaration is based on first-hand knowledge, about which I could and would testify competently in open Court if called upon to do so.

3.      My firm is counsel of record for plaintiff, Philadelphia Federation of Teachers Health and Welfare Fund.  As one of Plaintiffs' Co-Lead Class Counsel, my firm collected and tracked loadstar and expenses by Plaintiffs' Class Counsel from the inception of the litigation on a periodic basis.  I reviewed all submissions for reasonableness, and the information presented reasonably reflected the efforts being made by each firm for the time periods covered.  I did not

1

spot any obvious redundancies.  Thus, although Kent Williams claims that Lead Class Counsel failed to make any effort to ensure that only properly-incurred time and expense are compensated, this is simply untrue.

4.      We did not conduct an audit of the expense and lodestar information submitted, which would have been unduly burdensome.  Lead Class Counsel do not believe that an audit is necessary given that (i) the Court has awarded and continues to award fees based on the percentage-of-the-fund method pursuant to First Circuit authority, and (ii) Lead Class Counsel did not make a lodestar-based allocation of fees across all counsel, although lodestar was a factor.

5.      Attached as Exhibit 1 is a summary by firm of Class Counsel's total unreimbursed expenses and lodestar.  This summary indicates the amount of hours spent by each firm that worked on this litigation and the lodestar calculation based on each firm's historical billing rates (the rates for each timekeeper that were in effect during this litigation, and when the work was performed).  The schedule was prepared from computerized records that were contemporaneously generated and kept by each firm in the ordinary course of its business.

6.      Total lodestar for Tier I through July 2008 is $49,208,132, which is 68.1% of total lodestar in the case.  Unreimbursed expenses advanced by Tier I are $7,487,421, which is 83.4% of total unreimbursed expenses.  Total lodestar for Tier II is $10,271,190 (14.2% of total lodestar) and total unreimbursed expenses is $934,021 (10.4% of total unreimbursed expenses).  The total lodestar for Tier III is $12,773,881 (17.68% of total lodestar) and total unreimbursed costs of $552,321 (6.15% of total unreimbursed expenses).

7.     I have previously submitted declarations to the Court in association with Class Counsel fee applications.  In a declaration filed on April 17, 2008, in association with Lead Class Counsel's petition for attorneys' fees and reimbursement of expenses in relation to the AstraZeneca Class 1 settlement, I reported a total Class Counsel lodestar of $67,227,320.87 and total expenses of $8,829,932.61 up to May 31, 2007.  *See* Dkt. No. 5222.  In a declaration filed on June 22, 2007, in association with Lead Class Counsel's petition for attorneys' fees and reimbursement of expenses in relation to the GSK settlement, I reported a total Class Counsel lodestar of $57,279,201.05 and total expenses of $5,561,128.12 through August 10, 2006.

I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct to the best of my knowledge.

Executed this 14th day of November, 2008.

Marc. H. Edelson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF MARC H. EDELSON IN SUPPORT OF LEAD CLASS COUNSEL'S RESPONSE TO WILLIAMS' MOTION FOR COURT REVIEW OF LEAD COUNSEL'S ALLOCATION OF GSK FEE AWARD**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 14, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

 /s/ Steve W. Berman
Steve W. Berman

# Exhibit 1

| Tier | Firm | Expenses thru 7/2008 | Percent | Lodestar thru 7/2008 | Percent |
|---|---|---|---|---|---|
| I | Hagens Berman Sobol Shapiro LLP | $3,283,895.64 | 36.59% | $20,913,528 | 28.94% |
| | Wexler Toriseva Wallace LLP | 1,359,184.05 | 15.15% | 10,491,712 | 14.52% |
| | Hoffman & Edelson, LLC | 1,444,809.81 | 16.10% | 9,923,403 | 13.73% |
| | Spector, Roseman & Kodroff, P.C. | 1,399,532.14 | 15.60% | 7,879,489 | 10.91% |
| | Subtotal | 7,487,421.64 | 83.44% | 49,208,132 | 68.11% |
| II | Heins, Mills & Olson, P.L.C. | 421,762.41 | 4.70% | 6,784,253 | 9.39% |
| | Kline & Specter, P.C. | 512,258.61 | 5.71% | 3,486,937 | 4.83% |
| | Subtotal | 934,021.02 | 10.41% | 10,271,190 | 14.22% |
| IIIA | Cuneo Gilbert & Laduca, LLP | 104,182.55 | 1.16% | 1,160,626 | 1.61% |
| | RodaNast, P.C. | 14,455.01 | 0.16% | 983,958 | 1.36% |
| IIIB | Bolognese & Associates, LLC | 21,812.07 | 0.24% | 485,488 | 0.67% |
| | Rossbacher Firm | 42,620.95 | 0.47% | 146,534 | 0.20% |
| | Sheller, P.C. | 95,123.75 | 1.06% | 2,066,208 | 2.86% |
| | Shepherd, Finkleman, Miller & Shah, LLC | 25,005.28 | 0.28% | 1,435,026 | 1.99% |
| | Squitieri & Fearon, LLP | 17,902.03 | 0.20% | 121,063 | 0.17% |
| IIIC | Audet & Partners, LLP | 18,550.17 | 0.21% | 353,250 | 0.49% |
| | Carey & Danis, LLC | 20,867.82 | 0.23% | 120,838 | 0.17% |
| | Cohen, Milstein, Hausfeld & Toll, LLC | 15,996.13 | 0.18% | 404,188 | 0.56% |
| | Freeman & Lorry, P.C. | 0.00 | 0.00% | 5,873 | 0.01% |
| | Hanzman, Criden & Love, P.A. | 636.79 | 0.01% | 44,575 | 0.06% |
| | Hulett Harper Stewart, LLP | 1,682.69 | 0.02% | 10,098 | 0.01% |
| | Karmel Law Firm | 423.37 | 0.00% | 31,300 | 0.04% |
| | Law Office of Adam S. Levy | 7,844.10 | 0.09% | 297,413 | 0.41% |
| | Piper & Associates | 95,886.12 | 1.07% | 782,050 | 1.08% |
| | Trujillo Rodriguez & Richards, LLC | 3,832.09 | 0.04% | 400,966 | 0.55% |
| | Weller, Green, Toups & Terrell, L.L.P. | 33,049.10 | 0.37% | 1,624,853 | 2.25% |
| | Williams Law Firm | 32,396.08 | 0.36% | 2,020,221 | 2.80% |
| | Young, Pickett & Lee | 55.87 | 0.00% | 279,353 | 0.39% |
| | Subtotal | 552,321.97 | 6.15% | 12,773,881 | 17.68% |
| | Grand Total | $8,973,764.63 | 100.00% | $72,253,203.00 | 100.00% |