UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>GSK SETTLEMENT | CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF LEAD CLASS COUNSEL'S RESPONSE TO WILLIAMS' MOTION FOR COURT REVIEW OF LEAD COUNSEL'S ALLOCATION OF GSK FEE AWARD**

I, Elizabeth A. Fegan, declare under penalty of perjury as follows:

1. I am a partner at Hagens Berman Sobol Shapiro LLP and have full knowledge of the matters stated herein.  During the course of Phase II discovery, I was responsible for directing the discovery Plaintiffs conducted with respect to defendant Baxter Healthcare ("Baxter").

2. Don Haviland offered to retain and cover the costs of two contract attorneys to be placed in Hagens Berman's Chicago office to aid in the review of the documents produced by Baxter.

3. On January 25, 2006, Mr. Haviland confirmed that he had two contract attorneys for document review lined up to start on January 30, 2006.  He advised me that he and Kent Williams had met the two reviewers in person in Chicago to prepare them for the review.

4. Between January 25, 2006 and February 27, 2006, there were substantial problems with the performance and attendance of the two contract attorneys.  Accordingly, I requested that they be removed from the project.

- 1 -

5.	I requested that Mr. Haviland work with HIRE Counsel, a temporary attorney placement firm in Chicago, to find two new contract attorneys. I understand that Mr. Haviland agreed to pay HIRE Counsel $30/hour for the two new contract attorneys. I have since learned that the contract attorneys on the Baxter document review project were ultimately retained and paid by Mr. Williams.

6.	The two contract attorneys started on or about March 6, 2006, and remained on the Baxter document review through no later than January 26, 2007 (which was the date Hagens Berman moved its Chicago offices).

7.	I had requested that Mr. Haviland and Mr. Williams help take the depositions of Baxter witnesses. Initially, we agreed to each cover one-third of the depositions. Ultimately, however, both Mr. Haviland and Mr. Williams were largely unavailable, and I took the depositions of 15 Baxter witnesses. I do not believe that Mr. Haviland took the depositions of any witnesses. I recall that Mr. Williams took one or two depositions at our Chicago offices.

I certify that the foregoing to the best of my knowledge is true and correct. Executed this 14th day of November, 2008.

_____
ELIZABETH A. FEGAN

**CERTIFICATE OF SERVICE**

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF LEAD CLASS COUNSEL'S RESPONSE TO WILLIAMS' MOTION FOR COURT REVIEW OF LEAD COUNSEL'S ALLOCATION OF GSK FEE AWARD**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 14, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

　　　　　　　　　　　　　　　　　　　 **/s/ Steve W. Berman**
　　　　　　　　　　　　　　　　　　　Steve W. Berman