UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-12257-PBS<br>Subcategory Case No. 06-11337-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti B. Saris |
| United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al., CIVIL ACTION NO. 05-11084-PBS ) ) ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER REGARDING RULE 30(b)(1) DEPOSITION OF OHIO MEDICAID OFFICIAL**

Although notified that plaintiffs are no longer pursuing claims for damages to the Ohio Medicaid program and have cancelled the Rule 30(b)(6) deposition noticed by the United States, and although defendants withdrew their cross-notice of that deposition, the Dey defendants nonetheless just noticed the Rule 30(b)(1) deposition of a retired Ohio Medicaid official, Robert Reid. There are a mere seventeen business days left of the discovery period (which the Court recently and emphatically declined to extend), and over 30 depositions left to be taken, in Washington state, Wyoming, Delaware, Florida, Arkansas, California and other states across the country. Defendants should not be permitted to waste time and resources on a deposition that simply does not matter since there is no remaining claim for damages for Ohio left in the case.

**Factual and Procedural Background**

Through this action, the United States seeks to recover damages to the Medicare program and the federal share of damages to the Medicaid program from the defendants' reporting of false and inflated prices for their pharmaceutical products, resulting in the payment of excessive reimbursement to defendants' customers. On June 22, 2007, the Court entered a Case

Management Order ("CMO"), setting June 28, 2008, as the cut-off for all fact discovery.  At a hearing on June 18, 2008, the Court suggested that the deposition discovery of the fifty states' Medicaid agencies for all defendants in the federal Ven-a-care *qui tam* AWP cases be put on the same schedule, even if that meant adjusting deadlines in some of the cases.  Accordingly, the parties submitted a revised CMO, calling for fact discovery in both the Dey and Roxane cases to end on October 31, 2008.[1]  At a status conference on July 22, 2008, the Court held further discussion on coordinating state discovery with Abbott, and subsequently the parties negotiated and submitted another revised Proposed Joint Scheduling Order, which the Court entered on October 6, 2008, calling for fact discovery to end on December 15, 2008.

On July 11, 2008, the United States noticed the Rule 30(b)(6) deposition of eight state Medicaid agencies, including the Ohio Department of Jobs and Family Services.  Defendants Dey and Roxane served a cross-notice of the Ohio deposition on July 17, 2008.  At Ohio's request, the deposition was re-scheduled to November 24 and 25, 2008.  On November 12, 2008, counsel for the United States notified all three defendants and counsel for the state of Ohio that plaintiffs were dropping their claims for damages to the Ohio Medicaid program, and therefore cancelling the deposition.  Despite there being no remaining damages claim for Ohio, on November 17, 2008, defendant Dey served a notice of the Fed. R. Civ. P. 30(b)(1) deposition of former Ohio Medicaid official Robert Reid for December 9, 2008.

## Argument

There is good cause to order that the deposition of Reid not go forward, since there is no claim for damages to the Ohio Medicaid program remaining in the case, and it would needlessly

---

[1] Plaintiffs submitted a proposed Scheduling Order and CMO.  Dey submitted Objections to specific provisions of that proposed CMO, not relevant here, but did agree on pre-trial dates, including the fact discovery cut-off.

consume resources that are sorely needed for the parties to complete the full schedule of depositions set up for the remaining days allotted to fact discovery.  Fed. R. Civ. P. 26(c) permits a party or any person from whom discovery is sought to seek a protective order from the district court, to limit or eliminate discovery sought.  Fed. R. Civ. P. 26(c).  Upon a showing of "good cause," a court may make any order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," id., including an order that the discovery not be had.  Id.; Crawford-El v. Britton, 523 U.S. 574, 599 (1998) (Rule 26(c) gives court discretion to limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects).  The district court balances the burden of the proposed discovery against the likely benefit.  Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir.1985); Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 583, 596-97, 599 (1st Cir.1980).

  Here, plaintiffs have dropped their claim for the federal share of Medicaid damages for claims in the state of Ohio for the specific drugs and during the time period at issue.  Any testimony regarding the Ohio Medicaid system is simply no longer relevant to these proceedings.  While Dey's counsel has proffered reasons why the deposition might still be relevant, see letter dated November 19, 2008, Ex. A, the arguments do not show any benefit that would outweigh the burden and expense.  First, Dey refers to "communications," meetings, and "discussions" to which Ohio was not the sole party; such discovery can be had from other parties and through review of documents.  Second, Dey refers to Ohio policy which "may rebut" arguments by the United States; this is sheer speculation, and indicates the Notice is really designed to effect a fishing expedition.  Finally, Reid has no information about what the United States' experts' relied on in terms of Ohio's data, and since the claims have been dropped, any such reliance is

no longer likely or relevant.  In any event, defedants are free to cross-examine the damages experts.  In short, allowing the deposition of Reid to go forward would cause an unnecessary expenditure of time and resources for all parties, with no perceivable benefit to Dey.  The discovery period is scheduled to end December 15, 2008; there are literally dozens of depositions scheduled over the next three weeks – some for two days – of party witnesses and state agencies all over the country, in states where damages are still at issue. There is simply no reason to require counsel to go to Ohio, and to drag a former state official out of retirement to testify about a program that is not at issue.

Rule 26(b)(2)(C) likewise provides in relevant part that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative ...; [or] (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).  Now that there is no claim for damages specific to the Ohio Medicaid program, any discovery from Ohio officials as to state Medicaid programs and practices in general would be cumulative and duplicative of discovery in other states.  Moreover, given the tight schedule remaining and the many depositions being squeezed into less than three weeks, the burden and expense of taking the deposition of a state where damages are not claimed provide ample grounds to prohibit the deposition under Rule 26(b)(2)(C)(iii).  Given that defendants Dey and Roxane delayed until the closing weeks of discovery to notice most of the state 30(b)(6) depositions, so that plaintiffs have to deploy more than ten attorneys to over twenty different

states in seventeen days,[2] and that in these last weeks defendant Roxane has been producing large amounts of documents that should have been produced last winter,[3] defendants should be precluded from conducting discovery in a state where there are no longer damages claimed.

For the foregoing reasons, plaintiffs request that the Court grant their motion and enter an order prohibiting all defendants from taking the deposition of Reid or other Ohio official.[4]

Respectfully submitted,

| | |
|---|---|
| For the United States of America, | For the relator, Ven-A-Care of the Florida Keys, Inc., |
| GREGORY G. KATSAS<br>ASSISTANT ATTORNEY GENERAL | JAMES J. BREEN<br>The Breen Law Firm, P.A. |
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | 3350 S.W. 148th Avenue Suite 110<br>Miramar, FL 33027<br>Tel: (954) 874-1635 |
| By: /S/ *Barbara Healy Smith*<br>GEORGE B. HENDERSON, II<br>BARBARA HEALY SMITH<br>JEFFREY FAUCI<br>Assistant United States Attorneys<br>John Joseph Moakley U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>(617) 748-3263 | ROSLYN G. POLLACK<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Telephone: (215) 875-3000 |

---

[2]At the June 18, 2008, hearing, the Court expressed surprise that the state discovery wasn't "almost over," or at least well under way, and told defendants Dey and Roxane to "go to it," so that they would be able to finish the depositions by October 31. Defendant Dey said they would start the Rule 30(b)(6) depositions of states "immediately." Tr. of Hearing at 10, 31, 33. Three weeks later, when defendants still had not noticed a single state 30(b)(6) deposition, the *United States* issued notices for eight states. And as of the July 24, 2008, status conference, nearly five weeks after being told by the Court to get going on the Rule 30(b)(6) depositions, defendants had only noticed five states, and cross-noticed ones noticed by the United States. They were still serving notices in October and November.

[3]For example, last week they produced two external hard drives and two DVDs that totaled 15 DVDs' worth of documents.

[4]In a letter to counsel last night, followed by e-mail service of a Notice and subpoena this afternoon, counsel for defendant Abbott indicated Abbott's intention to notice a deposition of Reid.

-5-

## CERTIFICATE OF SERVICE

      I hereby certify that on the date set forth below I caused a copy of the foregoing Memorandum to be served on all counsel of record via electronic filing.


Dated:   20 November 2008                                      /s/ *Barbara Healy Smith*
                                                                        Barbara Healy Smith
                                                                        Assistant United States Attorneys