**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE

NEW YORK, NEW YORK 10178

(212) 808-7800

WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DIRECT LINE: (212) 808-7811
EMAIL: nmerkl@kelleydrye.com

November 19, 2008

Barbara Healy Smith, Esq.
Assistant United States Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Re: *United States ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS

Dear Ms. Smith:

I have your November 12, 2008 letter and yesterday's letter regarding plaintiffs United States' and Ven-A-Care's decision to drop their claims in Ohio. In light of the decision, defendants are prepared to drop the 30(b)(6) deposition provided we work out appropriate documentation confirming that the claims have been dropped in the form of a "So Ordered" stipulation. Please send me what you propose.

In the interim we will withdraw the 30(b)(6) deposition notice. I am afraid we disagree on Mr. Reid, however. We feel there is still a need to depose Mr. Reid for several reasons which relate to the larger issues related to liability. We believe Mr. Reid has relevant testimony to offer concerning, but not limited to, the following matters:

1) Ohio Medicaid's communications with the federal government concerning state plan amendments;

2) Ohio Medicaid's understanding of state plan material which informed CMS's knowledge;

3) Discussions about AWP at meetings of the National Association of Medicaid Directors and the Pharmacy Technical Advisory Group, and at other meetings Mr. Reid attended or spoke at, including the National Symposium for Medicaid Pharmacy Administrators held July 19-21, 1995, and the Medicaid Rebates for Outpatient Rx Drugs Conference held June 23-24, 1993;

Barbara Healy Smith
November 19, 2008
Page Two

    4) Ohio Medicaid's discussions with Ven-A-Care, and any discussions between states or with CMS which referenced Ven-A-Care's findings;

    5) Ohio Medicaid's MAC policy on multi-source drugs, which may rebut the United State's argument that states had to rely on compendia-reported prices for Defendant's products to set payment amounts; and

    6) United States' experts' reliance on Ohio claims data in connection with rendering their opinions.

In light of the foregoing, I ask that you reconsider your statement that the Government will move for a protective order. If not, we agree that you have met your obligation to confer. Please contact me to arrange a briefing schedule. We plan to proceed as noticed.

Very truly yours,

Neil Merkl

cc:   Louise Roselle, Esq.
       Drew Duffy, Esq.
       Dave Torborg, Esq.
       Chris Cook, Esq.
       John Reale, Esq.
       Gary Azorsky, Esq.