# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No.1456<br>Master File No. 01-CV-12257-PBS<br>Subcategory Case No. 06-11337-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation, et al.*, Civil Action No. 07-10248-PBS | |

## AFFIDAVIT OF JOHN W. REALE IN SUPPORT OF BOEHRINGER INGELHEIM ROXANE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RULE 30(b)(6) DEPOSITION OF KANSAS HEALTH POLICY AUTHORITY AND MEMORANDUM IN SUPPORT THEREOF

I, John W. Reale, being duly sworn, and declare:

1.     I am a member of the bar of this Court and the bar of the Commonwealth of Massachusetts.  I am counsel to defendant Boehringer Ingelheim Roxane, Inc. ("Roxane"), f/k/a Roxane Laboratories, Inc., and have entered an appearance in this case as an attorney for Roxane.  I make this affidavit in support of the Roxane's Motion To Compel Production of Documents and Rule 30(b)(6) Deposition of Kansas Health Policy Authority ("Kansas Health") and Memorandum in Support Thereof.

2.     Attached hereto as Exhibit A is a true and correct copy of relevant pages from Roxane's Notice of Nonparty Discovery and Subpoena *Duces Tecum* served on Kansas Health, dated June 10, 2008.

3.     Attached hereto as Exhibit B is a true and correct copy of an email from M. Lieberman, Esq. to agency counsel for Kansas Health, T. Abdullah, dated July 10, 2008.

4.      Attached hereto as Exhibit C is a true and correct copy of the response of Kansas Health to Roxane's Subpoena *Duces Tecum*, dated July 31, 2008.

5.      Attached hereto as Exhibit D is a true and correct copy of Roxane's Notice of Nonparty Discovery and Subpoena For Rule 30(b)(6) Deposition served on Kansas Health, dated July 23, 2008.

6.      Attached hereto as Exhibit E is a true and correct copy of an email from T. Abdullah, Esq. to M. Lieberman, Esq., dated September 9, 2008.

7.      Attached hereto as Exhibit F is a true and correct copy of an email from T. Abdullah, Esq. to M. Lieberman, Esq., dated October 22, 2008 and time-stamped 1:08 PM EST.

8.      Attached hereto as Exhibit G is a true and correct copy of an email from T. Abdullah, Esq. to M. Lieberman, Esq., dated October 22, 2008 and time-stamped 5:14 PM EST.

9.      Attached hereto as Exhibit H is a true and correct copy of a letter from C. Carter, Esq. to J. Reale, Esq., dated October 23, 2008.

10.      Attached hereto as Exhibit I is a true and correct copy of a letter from J. Reale, Esq. to C. Carter, Esq., dated October 27, 2008.

11.      On Friday, November 7, 2008, I participated in a meet-and-confer telephone conference with Clint Carter, Esq. of the law firm of Beasley Allen, Crow, Methvin, Portis & Miles, P.C.  During the telephone conference, I explained to Mr. Carter the deadlines applicable in this case, the parties' need to complete discovery by December 15, 2008, and that Kansas Health had never objected to the subpoena for deposition.   Mr. Carter, however, simply re-asserted his position that the Rule 30(b)(6) deposition needed to be postponed indefinitely because of the recently filed Kansas AWP suit.  Although Mr. Carter suggested that Roxane could simply participate in any eventual discovery that would take place in the newly filed state

AWP action, he stated that discovery would not be completed by December 15 and could make no assurances that it would be completed by June 2009.  Mr. Carter requested that he be given until the close of business Monday, November 10, 2008 to decide whether Kansas would complete its document production and make available a deponent to address the Rule 30(b)(6) topics by December 15, 2008.  He never responded on November 10, 2008.

12.     On November 11, 2008, after I left a voice message for Mr. Carter regarding Kansas' discovery intentions, Mr. Carter confirmed by email that Kansas would not comply with the subpoenas nor allow any other further discovery of Kansas Health at this time.

13.     Attached hereto as Exhibit J is a true and correct copy of an email from C. Carter, Esq. to J. Reale, Esq., dated November 11, 2008.  Other than his November 11, 2008 email, Mr. Carter has never returned my telephone message, nor has he followed-up on his promise to call me the week of November 10, 2008.

14.     Attached hereto as Exhibit K is a true and correct copy of a letter from B. Henderson, Esq. to N. Merkl, Esq., dated November 4, 2008.

Dated: November 20, 2008

_____
John W. Reale (BBO# 654645)

Subscribed and sworn to before me
this 20th day of November, 2008.

Notary Public

"OFFICIAL SEAL"
Catherine Boyd Sullivan
Notary Public, State of Illinois
My Commission Expires November 22, 2010

## <u>CERTIFICATE OF SERVICE</u>

    I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on November 20, 2008, a copy to LexisNexis File and Serve for posting and notification to all parties.  I further certify that on November 20, 2008, the foregoing was served by overnight and electronic mail, addressed to the following:

    Clint Carter
    BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
    218 Commerce Street
    P.O. Box 4160
    Montgomery, AL  36103-4160

        By:  /s/ John W. Reale
           John W. Reale