UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
IN RE: PHARMACEUTICAL INDUSTRY                :
AVERAGE WHOLESALE PRICE                       :
LITIGATION                                    :   MDL No. 1456
                                              :
                                              :   Civ. No. 01-CV-12257 PBS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :   Hon. Patti B. Saris
THIS DOCUMENT RELATES TO PROPOSED             :
NATIONWIDE CLASSES 2 AND 3 AS TO              :
BMS AND ASTRAZENECA                           :
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**JOINT MOTION BY ASTRAZENECA PHARMACEUTICALS LP AND BRISTOL-MYERS SQUIBB COMPANY TO STAY ENTRY OF MULTISTATE CLASS CERTIFICATION ORDER PENDING APPEAL OF <u>MASSACHUSETTS CLASS JUDGMENT</u>**

Defendants AstraZeneca Pharmaceuticals LP ("AstraZeneca") and Bristol-Myers Squibb Company ("BMS") hereby move this Court to stay entry of the multistate class certification order pending resolution of AstraZeneca's and BMS's appeals from the November 20, 2007, Massachusetts class judgments. The appeals, which are currently pending in the First Circuit (Docket Nos. 08-1055, 08-1056), present many of the same Rule 23 issues raised by the multistate class certification decision, such as questions regarding the predominance of individualized issues of deception, unfairness, causation, injury, and damages. The appeals assert numerous other points of error as well, any of which, if accepted by the First Circuit, would at a minimum warrant reconsideration of the District Court proceedings that took place in the interim. The judgments presently on appeal stem from the "bellwether" case on which this Court relied as the basis for its ruling on multistate class certification. The pending appeals are almost concluded, as they have been fully briefed and were argued November 4, 2008. As set

out further below, because these appeals will soon be resolved, and because class notice and further proceedings could be mooted, or at least heavily influenced, by the results of the pending appeals, prudence dictates that this Court enter a temporary stay of proceedings on the multistate class action in the District Court, and that the Court not enter any order certifying any multistate class, pending resolution of these pending appeals.[1]

I.   Background

*Massachusetts classes.*  By motion dated September 3, 2004, Plaintiffs sought certification of nationwide classes of consumers and third party payors ("TPPs") who allegedly made payments based upon published average wholesale prices ("AWPs").  On August 16, 2005, this Court ruled that it would certify instead two Massachusetts-only classes to pursue Chapter 93A claims against the Track 1 defendants, including AstraZeneca and BMS.  The Court otherwise denied the nationwide class certification motion without prejudice.

On August 31, 2005, AstraZeneca, BMS, and the other Track 1 defendants petitioned for appellate review of the class certification order pursuant to Rule 23(f).  The First Circuit denied the Rule 23(f) petition on November 25, 2005, holding that the class certification issue could be reviewed effectively after judgment.[2]  The Court entered the class certification order on January 30, 2006.

The Massachusetts class action against the Track 1 defendants was tried in November and December 2006.  Judgment was entered for Plaintiffs in Classes 2 and 3 on November 20,

---

[1] The defendants also object to Plaintiffs' proposed form of order and will submit written objections promptly.

[2] The First Circuit also held that the Rule 23(f) appeal was premature because the class certification order had not yet issued.

2007.  AstraZeneca and BMS timely appealed to the First Circuit.  The appeals are fully briefed, and both appeals were heard at oral argument on November 4, 2008.

*Multistate classes.*  On November 21, 2007, Plaintiffs renewed their motion for nationwide class certification in this Court.  On September 26, 2008, the Court issued an opinion granting in part Plaintiffs' motion, and ordering Plaintiffs to submit a proposed class certification order consistent with the opinion.  On November 20, 2008, Plaintiffs' submitted their proposed order.  Neither AstraZeneca nor BMS was given a chance to review the proposed order before it was filed.

If any order certifying a class is entered, AstraZeneca and BMS expect to file a Rule 23(f) petition seeking review of that order by the First Circuit.  By this motion, AstraZeneca and BMS ask this Court to stay all proceedings on the multistate class, including entry of a class certification order, pending resolution of the pending First Circuit appeal from the Massachusetts class judgment.

II.     Argument

    A.     It Would Be Inefficient to Litigate a Multistate Class Action While the Core Holdings on Which it is Based are the Subject of Pending Appeals

Proceeding to litigate the multistate class action risks substantial waste of time and resources by this Court and by the parties to this litigation.  Merely providing class notice in this multistate class action involving "more than 11,000 TPPs and substantially more consumers," *In re Pharm. Indus. Average Wholesale Price Litig. ("AWP")*, 252 F.R.D. 83, 103 (D. Mass. 2008), will be an enormous undertaking.  As the litigation proceeds beyond the class notice period, the parties and the Court will be required to address the differing legal requirements of the laws of numerous states against a complex factual and regulatory background.

Yet this investment of resources could easily be mooted in full or in part by any number of possible outcomes in the pending First Circuit appeals, ranging from a reversal on Rule 23 grounds to a complete reversal of the underlying basis for liability for unfair and deceptive trade practices.  With respect to Rule 23, AstraZeneca and BMS have appealed from this Court's certification of the Massachusetts classes on the grounds that, among other things, the Court failed to take into account the predominance of individual issues of deception, unfairness, causation, injury, and damages, and improperly relied upon aggregated proof from Plaintiffs' experts to establish those elements.  *See, e.g.*, *In re Pharmaceutical Industry Average Wholesale Price Litigation* (1st Cir.) (Dkt. 08-1056) ("*AstraZeneca Appeal*"), Brief for Defendant-Appellant AstraZeneca Pharmaceuticals LP at 80-91; *AstraZeneca Appeal*, Reply Brief for Defendant-Appellant AstraZeneca Pharmaceuticals LP at 44-60; *In re Pharmaceutical Industry Average Wholesale Price Litigation* (1st Cir.) (Dkt. 08-1055), Brief for Defendant-Appellant Bristol-Myers Squibb Company at 109-11.

These same issues are raised by the Court's multistate certification decision.  The Court decided that individual issues related to deception, unfairness, causation, injury, and damages did *not* create predominance problems, by ruling that aggregated proof could be used to establish those elements for every class member.  The Court relied upon its acceptance of aggregate proof in its bench-trial findings with respect to the two Massachusetts-only classes to support its Rule 23 conclusion that such individual issues will not predominate.  *AWP*, 252 F.R.D. at 96-97, 100-03.

Even aside from the Rule 23 issues, the multistate class certification order and the pending appeals rest upon a common foundation.  In certifying the multistate class, this Court repeatedly and expressly relied on the findings and conclusions of the "bellwether"

4

Massachusetts-only bench trial and the decisions leading up to and following that trial. *See*, *e.g.*, *id.* at 87 ("The Court has issued multiple decisions explaining the complexities of drug pricing for physician-administered drugs, which in this phase of the litigation mostly include branded drugs for cancer treatment. The Court incorporates and relies on factual findings in those cases as the basis for this class certification opinion.") (citations omitted); *id.* at 92 ("The bellwether trial, together with seven years of presiding over this multi-district litigation, permits the Court to take a searching look at the critical fact disputes, to make fact-findings for purposes of class certification and to make grounded predictions as to how the key contested issues will play out."); *id.* at 96-97 (discussing reliance and relying on "evidence submitted at the bench trial"); *id.* at 99 (discussing scienter and relying on facts developed during the "bellwether trial"); *id.* at 100-01 (discussing causation and relying on facts concerning TPP behavior from the "bellwether trial"); *id.* at 101-02 (discussing statute of limitations and relying on experience from "the bellwether trial"); *id.* at 103 (discussing damages and citing the findings of "the 2006 trial"). It is the same record and the same issues that are now before the First Circuit in the pending appeals, which challenge not only the Court's Rule 23 rulings but also the Court's holdings as to liability, causation and damages. The Court's recent certification decision also relies on the yardstick approach propounded by Plaintiffs' expert in the Massachusetts case, Dr. Hartman, to find liability whenever the spreads on Zoladex, the BMS multi-source and other physician-administered drugs exceeded 30%. In the pending appeals, AstraZeneca and BMS assert that the use of that yardstick as the basis for classwide liability constituted error of law. At the very least, the First Circuit's decisions on the pending appeals could influence the drugs and time periods – and thus the class definitions – in any future multi-state proceedings.

In short, the holdings placed squarely before the First Circuit in the pending Massachusetts class appeals form the basis of this Court's multistate class certification order.  If the Massachusetts class judgments are reversed on any ground, the multistate class claims will either have to be dismissed on the merits, or, at minimum, the Court will have to reconsider its multistate class certification ruling in light of the First Circuit's decision.  To proceed to litigate the multistate class action now, when in a matter of months the First Circuit will be resolving critical factual and legal issues upon which this Court's multistate class certification decision is based, risks wasting judicial resources and burdening the parties with the costs of unnecessary litigation.  *Cf. Spano v. Boeing Co.*. 2007 WL 2688456 (S.D. Ill. Sept. 10, 2007) (Dkt. 06-cv-743-DRH) (staying motion for class certification pending Rule 23(f) appeal in another case presenting the same issues).

      B.      <u>The Requested Stay is Short, and Will Cause No Harm to Plaintiffs or Others.</u>

The requested stay will be short and will cause no harm to Plaintiffs or others.  Because the appeals have already been argued, they await only the First Circuit's decision.  There is no disadvantage to waiting until the appeals are resolved and, as discussed above, substantial risk in proceeding while the outcome of the appeals remains uncertain.  Plaintiffs' claims do not involve allegations of ongoing harm; indeed, the class period ends December 8, 2003, *AWP*, 252 F.R.D. at 106.  There has never been any suggestion that the amount of time required to pursue this multi-district litigation (now over seven years) has caused any harm whatsoever to Plaintiffs.  On balance, prudence clearly dictates awaiting the First Circuit's views on the propriety of class certification as well as the central substantive holdings underlying the "bellwether" case, before proceeding with the lengthy and costly multistate phase.

6

III.  Conclusion

Wherefore, AstraZeneca and Bristol-Myers Squibb respectfully request that this Court grant this motion and stay all proceedings on the multistate class claims under the Court's September 26, 2008, class certification ruling, pending resolution of First Circuit Appeals Nos. 08-1055 and 08-1056.

Dated: November 21, 2008

                    Respectfully submitted,

| /s/ Jennifer M. Ryan | /s/ Katherine B. Schmeckpeper |
|---|---|
| Thomas E. Dwyer, Jr. (BBO #139660) | Nicholas C. Theodorou (BBO #496730) |
| Jennifer M. Ryan (BBO #661498) | Sarah Cooleybeck (BBO #631161) |
| DWYER & COLLORA, LLP | Katherine B. Schmeckpeper (BBO #663200) |
| 600 Atlantic Avenue, 12th Floor | FOLEY HOAG LLP |
| Boston, MA  02210 | 155 Seaport Blvd. |
| | Boston, MA  02110 |
| Steven M. Edwards | D. Scott Wise |
| Lyndon M. Tretter | Michael S. Flynn |
| Ira M. Feinberg | Kimberley D. Harris |
| HOGAN & HARTSON LLP | DAVIS POLK & WARDWELL |
| 875 Third Avenue | 450 Lexington Ave. |
| New York, NY  10022 | New York, NY  10017 |
| *Attorneys for Bristol-Myers Squibb Company* | *Attorneys for AstraZeneca Pharmaceuticals LP* |

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I certify that I conferred with counsel for Plaintiffs pursuant to L.R. 7.1 prior to filing this motion but was unable to resolve or narrow the issue.

        /s/ Sarah Cooleybeck
        Sarah Cooleybeck (BBO #631161)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on November 21, 2008 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

        /s/ Katherine B. Schmeckpeper
        Katherine B. Schmeckpeper (BBO #663200)