UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------- x
                                   :
IN RE: PHARMACEUTICAL INDUSTRY     :
AVERAGE WHOLESALE PRICE            :
LITIGATION                         :  MDL No. 1456
                                   :
                                   :  Civ. No. 01-CV-12257 PBS
---------------------------------- x
                                   :  Hon. Patti B. Saris
THIS DOCUMENT RELATES TO PROPOSED  :
NATIONWIDE CLASSES 2 AND 3 AS TO   :
ASTRAZENECA                        :
                                   :
                                   :
                                   :
---------------------------------- x

**OBJECTION BY ASTRAZENECA PHARMACEUTICALS LP TO THE PROPOSED ORDER SUBMITTED BY PLAINTIFFS WITH RESPECT TO THE CERTIFICATION UNDER RULE 23 OF MULTISTATE CLASSES**

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") hereby objects to the proposed order submitted by Plaintiffs with respect to the certification under Rule 23 of the Federal Rules of Civil Procedure of multistate classes against AstraZeneca ("Proposed Order") (ECF No. 5691).

**BACKGROUND**

*Massachusetts classes.*  By motion dated September 3, 2004, Plaintiffs sought certification of nationwide classes of consumers and third party payors ("TPPs") who allegedly made payments for prescription drugs based upon published average wholesale prices ("AWPs"). On August 16, 2005, the Court ruled that it would certify instead two Massachusetts-only classes to pursue Chapter 93A claims against the Track 1 defendants, including AstraZeneca.  The Court otherwise denied the nationwide class certification motion without prejudice.  The Massachusetts class action against the Track 1 defendants was tried in November and December 2006.

Judgment was entered for Plaintiffs against AstraZeneca in Classes 2 and 3 on November 20, 2007. AstraZeneca timely appealed to the Court of Appeals for the First Circuit. The appeal has been fully briefed and was argued on November 4, 2008.

*Multistate classes.* On November 21, 2007, Plaintiffs renewed their motion for nationwide class certification in this Court. On September 26, 2008, the Court issued an opinion granting in part Plaintiffs' motion and ordering Plaintiffs to submit a proposed class certification order consistent with its opinion. On November 20, 2008, Plaintiffs' submitted their Proposed Order. AstraZeneca was not provided an opportunity to review the Proposed Order before it was filed.

*Stay Motion.* On November 21, 2008, AstraZeneca, along with Defendant Bristol-Myers-Squibb Company ("BMS"), filed a motion to stay entry of any order certifying the multistate classes pending a decision of the Court of Appeals with respect to the appeals of the Massachusetts-only class judgments ("Stay Motion"). AstraZeneca incorporates by reference the points set forth in the Stay Motion. AstraZeneca continues to believe that staying the entry of a multistate class order is the correct and efficient course, and files this Objection to the Proposed Order to point out that it goes beyond the Court's September 26 decision and to otherwise renew AstraZeneca's previously stated objections to the certification of the multistate classes.

## OBJECTIONS

AstraZeneca objects to the Proposed Order for all of the reasons previously asserted in its opposition to the Plaintiffs' motion to certify national classes against AstraZeneca and BMS ("Opposition"). Our prior objections apply equally to the classes that the Proposed Order would certify. In addition, AstraZeneca objects to the Proposed Order for the following reasons:

1.      The Proposed Order purports to include a ruling that the Court "declines to certify issues for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or to recommend appeal pursuant to Fed. R. Civ. P. 23(f)."  These questions were not briefed or argued and were not considered in the Court's September 26 decision.  It is inappropriate to include such language in an order that the Court directed be conformed to its decision.

2.      The Proposed Order violates Rule 23 because it fails to satisfy the manageability requirements of Rule 23.  As an initial matter, no jury could be expected to understand and apply the patchwork of legal standards contemplated by the Proposed Order, which fails to indicate how the different "groupings" of state laws for each class and subclass could accurately reflect the law in each relevant state or could be applied in a single proceeding, over time periods that vary based on different class periods corresponding to each state's statute of limitations.  Further, as the Court has noted, it would need to "ask the jury specific questions" due to "varying standards" of scienter and, for seven states, provide instructions regarding "similar" but not identical punitive damages standards.  No jury could be expected to handle such a task, and the Proposed Order does not set forth any workable plan in this regard.

3.      The Proposed Order fails to state a basis for determining class membership.  In addition, the Proposed Order fails to identify means to determine which class members have claims under which of the numerous listed statutes or to otherwise connect class members to the state laws that govern their claims.  The Proposed Order also fails to specify the relevant class periods for each class.

4.      The Proposed Order also violates Rule 23 because it fails to respect the Due Process rights of AstraZeneca and class members, as well as AstraZeneca's rights and defenses under the Rules Enabling Act and the various state consumer protection laws at issue, by

effectively eliminating distinctions in state-law elements such as, for example, reliance and causation, failing to account for important state variances in tolling periods and discovery rules, and for the reasons asserted in our Opposition and above.

5.  The Proposed Order also improperly certifies a consumer class against AstraZeneca without having identified a consumer as a named plaintiff for states that do not allow third-party payors to assert consumer claims or act as consumer class representatives.

Dated: November 24, 2008

>                      Respectfully submitted,
>
>                      /s/  Catherine N. Karuga
>                      Nicholas C. Theodorou (BBO #496730)
>                      Sarah Cooleybeck (BBO #631161)
>                      Katherine B. Schmeckpeper (BBO #663200)
>                      Catherine N. Karuga (BBO #657445)
>                      FOLEY HOAG LLP
>                      155 Seaport Blvd.
>                      Boston, MA 02110
>
>                      D. Scott Wise
>                      Michael S. Flynn
>                      Kimberley D. Harris
>                      DAVIS POLK & WARDWELL
>                      450 Lexington Ave.
>                      New York, NY 10017
>
>                      *Attorneys for AstraZeneca Pharmaceuticals LP*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered on November 24, 2008 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

                                    /s/ Catherine N. Karuga
                                    Catherine N. Karuga (BBO #657445)