# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00425)<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06231)<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00456)<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06242)<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00423)<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06204)<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06744)<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00354)<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00867)<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00881)<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br><br>*County of Essex County v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00878)<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00519) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Subcategory Case No. 03-10643-PBS<br><br>Judge Patti B. Saris<br><br><br><br>**AFFIDAVIT OF FREDERICK G. HEROLD, ESQ.** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06206)

*County of Greene v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00474)

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00415)

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00715)

*County of Lewis v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00839)

*County of Madison v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00714)

*County of Monroe v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06148)

*County of Nassau v. Abbott Laboratories, Inc., et al.*
(E.D.N.Y. No. 04-CV-5126)

*County of Niagara v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06296)

*County of Oneida v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00489)

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00088)

*County of Ontario v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06373)

*County of Orange v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 07-CV-2777)

*County of Orleans v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06371)

*County of Putnam v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 05-CV-04740)

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00422)

*County of Rockland v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 03-CV-7055)

| | |
|---|---|
| *County of Saratoga v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00478) | |
| *County of Schuyler v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06387) | |
| *County of Seneca v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06370) | |
| *County of St. Lawrence v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00479) | |
| *County of Steuben v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06223) | |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.* (E.D.N.Y. No. CV-03-229) | |
| *County of Tompkins v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00397) | |
| *County of Ulster v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 06-CV-0123) | |
| *County of Warren v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00468) | |
| *County of Washington v. Abbott Laboratories, Inc., et al.* (N.D.N.Y. No. 05-CV-00408) | |
| *County of Wayne v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06138) | |
| *County of Westchester v. Abbott Laboratories, Inc., et al.* (S.D.N.Y. No. 03-CV-6178) | |
| *County of Wyoming v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 03-CV-6379) | |
| *County of Yates v. Abbott Laboratories, Inc., et al.* (W.D.N.Y. No. 05-CV-06172) | |

Frederick G. Herold, Esq., being duly sworn, deposes and says as follows:

1. I am a partner at Dechert LLP and am national counsel for defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GSK") in the AWP litigation, including in the above-caption litigation filed by a number of counties in New

3

York. In this capacity, I have become personally knowledgeable about the matters set forth herein. This Affidavit is submitted in support of Defendant GSK's Motion for Partial Summary Judgment in the New York County Cases and the Statement of Undisputed Material Facts in support thereof (hereinafter "GSK's Statement of Facts" or "GSK's SOF").

2. The document appended as Exhibit 3 to GSK's SOF is a true and correct copy of the Affidavit of David A. Moules dated February 15, 2004, which was previously filed in the public docket in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (D. Mass.).

3. The document appended as Exhibit 4 to GSK's SOF is a true and correct copy of an April 17, 2007 Stipulation Concerning the Use of Documents and Data Produced by SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, to State Attorneys General for Use in Actions Filed by Certain Counties in the State of New York, which was executed by the undersigned and by counsel for the New York Counties and was filed in the public docket in the above-captioned matter.

4. The collection of letters from GSK appended as Exhibit 5 to GSK's SOF, which announce changes in GSK's Wholesale Acquisition Cost ("WAC"), which contain a footnote that defines WAC, and which are Bates-Stamped with an "FDB/Alabama" prefix (as well as accompanying cover sheets), are true and correct copies of documents produced in the AWP litigation by First DataBank.

5. The document appended as Exhibit 6 to GSK's SOF is a true and correct copy of the Affidavit of David A. Moules dated September 25, 2006, which was previously filed in the public docket in *State of Alabama v. Abbott Laboratories, Inc., et.*

4

*al.* Civil Action No. 2005-219 (Cir. Ct. Alabama), and which has been produced to the New York County plaintiffs in the above-captioned matter.

6. The collection of letters from GSK predecessor Glaxo Wellcome, Inc. ("GW") appended as Exhibit 7 to GSK's SOF, which announce changes in GW's Net Wholesale Price ("NWP"), which contain a footnote that defines NWP, and which are Bates-Stamped with an "FDB/Alabama" prefix (as well as accompanying cover sheets), are true and correct copies of documents produced in the AWP litigation by First DataBank. The letter contained in Exhibit 7 that is Bates-Stamped with a "GSK-AG" prefix is a true and correct copy of a letter from GSK's files that was produced to the New York County plaintiffs in the above-captioned matter.

7. The collection of letters from GSK predecessor SmithKline Beecham ("SB") appended as Exhibit 8 to GSK's SOF, which announce changes in SB's Wholesale Purchase Price ("WPP") and Suggested List Price ("SLP"), which contain a footnote that defines these terms, and which are Bates-Stamped with an "FDB/Alabama" prefix (as well as accompanying cover sheets), are true and correct copies of documents produced in the AWP litigation by First DataBank. The letter contained in Exhibit 8 that is Bates-Stamped with a "GSK-AG" prefix is a true and correct copy of a letter from GSK's files that was produced to the New York County plaintiffs in the above-captioned matter.

8. The document appended as Exhibit 9 to GSK's SOF is a true and correct copy of a 1990 Market Adjustment Agreement between Glaxo and the New York State Department of Social Services which defines Glaxo's term "Net Wholesale Price" on

page 2, and which was produced from GSK's files to the New York County plaintiffs in the above-captioned matter.

9. The document appended as Exhibit 10 to GSK's SOF is a true and correct copy of excerpts (discussing the meaning of WAC) from a publicly available 2001 HHS-OIG report entitled "Cost Containment of Medicaid HIV/AIDS Drug Expenditures."

10. The document appended as Exhibit 11 to GSK's SOF is a true and correct copy of excerpts (discussing the meaning of WAC) from a publicly available 2001 GAO report entitled "Medicare Payments for Covered Outpatient Drugs Exceed Providers' Costs."

11. The document appended as Exhibit 12 to GSK's SOF is a true and correct copy of excerpts (discussing the meaning of WAC) from a book published in 1997 entitled "Elements of Pharmaceutical Pricing," by E.M. (Mick) Kolassa, Ph.D.

12. The document appended as Exhibit 13 to GSK's SOF is a true and correct copy of the Complaint filed in the public docket captioned *The People of the State of New York, by Eliot Spitzer, Attorney General of the State of New York, v. GlaxoSmithKline, plc. et. al.*, Index No. 905-03 (Sup. Ct. N.Y., February 13, 2003) (the "State of New York Case").

13. The State of New York's case against GSK was vigorously litigated for more than three years. During that litigation, GSK provided the State with detailed GSK sales transaction data for a large number of GSK drugs and NDCs (both self-administered and physician-administered) covered by the New York Medicaid program. The document appended as Exhibit 14 to GSK's SOF is a true and correct copy of a cover letter dated March 28, 2005 from the undersigned to Rose E. Firestein, Esq., Assistant

Attorney General for the State of New York, which describes documents and data produced by GSK in the State of New York Case.

14.     After extensive analysis of the actual transaction prices at which GSK sold its drugs, including analysis of the discounts, rebates and chargebacks contained within GSK's data systems, the State of New York and GSK reached a settlement agreement that resolved the case in its entirety. The document appended as Exhibit 15 to GSK's SOF is a true and correct copy of the settlement agreement in the State of New York Case, which was styled as a Consent Order and Judgment, and which was entered in the public docket in that case on August 14, 2006.

15.     The documents appended as Exhibit 16 to GSK's SOF are true and correct copies of separate cover letters, both dated April 18, 2007, from the undersigned to Joanne Cicala, counsel to certain New York Counties, which describe certain documents and data produced by GSK to the New York Counties in the above-captioned matter on that date. Identical letters (and the accompanying GSK productions) were also sent on that date to Ross B. Brooks, Esq., counsel to Nassau County.

16.     The documents appended as Exhibit 17 to GSK's SOF are true and correct copies of three separate cover letters, dated June 13, 2007, February 28, 2008 and June 30, 2008, respectively, from the undersigned to Joanne Cicala, counsel to certain New York Counties, which describe certain documents and data produced by GSK to the New York Counties in the above-captioned matter on those dates. Identical letters (and the accompanying GSK productions) were also sent on those dates to Ross B. Brooks, Esq., counsel to Nassau County.

17. The document appended as Exhibit 18 to GSK's SOF is a true and correct copy of an opinion, dated June 1, 2004, issued by the Honorable Louis C. Benza in the State of New York Case.

Frederick G. Herold

Sworn before me this 24th day of November, 2008.

Notary Public

State of California County of
SANTA CLARA
Subscribed and sworn to (or affirmed)
before me on this 24th day of November, 2008, by
FREDERICK G. HEROLD
proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.
Signature
(Seal)

LESLIE D. GATES
Commission # 1684107
Notary Public - California
Santa Clara County
My Comm. Expires Mar 26, 2010

8