# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | |
| THIS DOCUMENT RELATES TO: | ) ) ) | MDL NO. 1456 CIVIL ACTION NO. 01-12257-PBS |
| City of New York et al. v. Abbott Laboratories, et al. Civ. Action No. 04-CV-06054 (And Those Actions Filed By Certain Counties In the State of New York Consolidated Therewith) | ) ) ) ) ) ) | |
| County of Nassau v. Abbott Laboratories, et al. Civ. Action No. 05-CV-10179 | ) ) ) | |

## STIPULATION CONCERNING THE USE OF DOCUMENTS AND DATA PRODUCED BY SMITHKLINE BEECHAM CORPORATION, D/B/A GLAXOSMITHKLINE, TO STATE ATTORNEYS GENERAL FOR USE IN ACTIONS FILED BY CERTAIN COUNTIES IN THE STATE OF NEW YORK

This Stipulation is made between Plaintiffs, the City of New York, those counties

in the State of New York whose actions have been consolidated with the action for the

City of New York under the Consolidated Complaints filed in the above-entitled MDL

proceeding (the "Consolidated New York Counties"), the County of Nassau, and

Defendant, SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GSK"), as

follows:

WHEREAS, lawsuits have been commenced against GSK (and others) by certain

state Attorneys General concerning the manner in which defendants are alleged to have

reported prices (such as "AWPs" and "WACs") for certain of its pharmaceutical drugs

and the manner in which those drugs were reimbursed or paid for by the states, including the following actions filed by Alabama, Alaska, Hawaii, Kentucky, Mississippi, Illinois and Wisconsin which are currently pending against GSK (collectively the "State Pharmaceutical Pricing Actions"): *State of Alabama v. Abbott Laboratories, Inc., et al.*, Civil Action No. 2005-219; *State of Alaska v. Alpharma Branded Products Division Inc.*, *et. al.*, Civil Action No. 3AN-06-12026-CI; *State of Hawaii v. Abbott Laboratories, Inc., et al.*; Civil Action No. 06-1-0720-04-EEH; *People of the State of Illinois v. Abbott Laboratories, Inc., et al.*, Case No. 05 CH 2474 (which has been removed under the same name to the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 06-5528 (JWD), and transferred to the United States District Court for the District of Massachusetts for consolidated treatment under above-entitled MDL No. 1456, remand motion pending); *Commonwealth of Kentucky ex. rel. Gregory D. Stumbo, Attorney General, v. Alpharma, Inc., et al.*, Civil Action No. 04-CI-1487; *State of Mississippi v. Abbott Laboratories, et. al.*, Civil Action No. G2005-2021 (which has been removed under the same name to the United States District Court for the Southern District of Mississippi, Jackson Division, Case No. 3:06CV566HTW-LRA and transferred to the United States District Court for the District of Massachusetts for consolidated treatment under the above-entitled MDL No. 1456, with remand motion pending); and *State of Wisconsin v. Amgen, Inc., et al.*, Case No. 04 CV 1709;

WHEREAS, on April 13, 2007, in response to various discovery requests in the State Pharmaceutical Pricing Actions and to facilitate the states' preparation for upcoming depositions of GSK witnesses, GSK produced, in each of the State Pharmaceutical Pricing Actions, a "core" set of documents and data that were Bates

2

labeled starting at GSK-AG-0000001, concerning the claims and defenses in the State Pharmaceutical Pricing Actions (the "GSK Core Documents");

WHEREAS, certain counties in the State of New York have commenced the following proceedings in which they have asserted similar claims as those asserted in the State Pharmaceutical Pricing Actions: *City of New York v. Abbott Laboratories, Inc., et al.*, Civ. Action No. 04-CV-06054, as well as those actions filed by the Consolidated New York Counties (together, the "Consolidated New York County Pharmaceutical Pricing Actions"), and *County of Nassau v. Abbott Laboratories, Inc., et al.*, Civ. Action No. 05-CV-10179 (the "Nassau County Pharmaceutical Pricing Action"); and,

WHEREAS, on December 13, 2002, a Protective Order was entered in the above-entitled MDL 1456 concerning the parties' designation and treatment of "Confidential" and "Highly Confidential" documents ("the MDL Protective Order," attached hereto as Exhibit A);

NOW, THEREFORE, it is hereby stipulated, by and between the parties, through their respective counsel, as follows:

1.    All GSK Core Documents produced to date by GSK in the State Pharmaceutical Pricing Actions shall be deemed as though produced by GSK not only in the State Pharmaceutical Pricing Actions but also in the Consolidated New York County Pharmaceutical Pricing Actions and the Nassau County Pharmaceutical Pricing Action.

2.    All GSK Core Documents produced to date by GSK in the State Pharmaceutical Pricing Actions may be used not only in the State Pharmaceutical Pricing Actions but also in the Consolidated New York County Pharmaceutical Pricing Actions and the Nassau County Pharmaceutical Pricing Action as if produced in those actions.

3.      For the parties' convenience, promptly after the execution by all parties of this Stipulation GSK will produce to counsel for the City of New York and the Consolidated New York Counties and counsel for the County of Nassau the same set of GSK Core Documents produced in the State Pharmaceutical Pricing Actions, by sending a complete set of the GSK Core Documents to the attorney signing below for each such county.

4.      Documents and data included in the GSK Core Documents which have been designated as "Confidential" or "Highly Confidential" shall be governed by the terms and conditions of the attached MDL Protective Order.

5.      Each document and piece of data included in the GSK Core Documents which has been designated as "Confidential" or "Highly Confidential" shall remain so, under the terms of MDL Protective Order, unless it is determined by agreement or by a Court Order from the governing Court that the document was improperly designated as "Confidential" or "Highly Confidential" or that it shall not otherwise be treated as such.

6.      The City of New York and the New York counties that have entered into this stipulation agree to participate in the corporate depositions of GSK witnesses that have been noticed in the action currently pending in Alabama Pharmaceutical Pricing Action for May 8, 2007 and May 9, 2007 in Philadelphia, as if those depositions were cross-noticed in each of their respective actions.

7.      The parties agree that, to the extent necessary to carry out the agreements in this Stipulation (and only to that extent), any stays of litigation currently in effect in any of the City of New York or New York County cases will be modified by this Stipulation.

4

8.   ·  The parties make this stipulation without waiver or any objection to

admissibility at trial of the documents covered by this stipulation based on authenticity,

relevance, reliability, or any other grounds.

CITY OF NEW YORK AND CONSOLIDATED NEW YORK COUNTIES

By: _____
Date: ____4\18\07_____
Joanne Cicala
Kirby McInerny & Squire, LLP
830 Third Ave.
New York, NY 10022
(212) 371-6600
(212) 751-2540 (facsimile)


COUNTY OF NASSAU

By: _____
Date: ____4/15/2007_____
Ross B. Brooks, Esq.
Millberg, Weiss & Bershad, LLP
One Pennsylvania Plaza
49th Floor
New York, NY 10119
(212) 946-9465
(212) 273-4352 (facsimile)


SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE

By: _____
Date: ____4/18/07_____
Frederick G. Herold, Esq.
Dechert, LLP
1117 S California Ave.
Palo Alto, CA 94304
(650) 813-4800
(650) 813-4848 (facsimile)

5