UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO PROPOSED NATIONWIDE CLASSES 2 & 3 AS TO BRISTOL-MYERS SQUIBB COMPANY ) ) ) ) ) | Civil Action No. 01-CV-12257 PBS<br><br>Hon. Patti B. Saris |

### DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S OBJECTIONS TO CLASS PLAINTIFFS' NOVEMBER 20, 2008 PROPOSED CLASS CERTIFICATION ORDER REGARDING NATIONWIDE CLASSES 2 AND 3

On November 21, 2008, Defendant Bristol-Myers Squibb Company ("BMS") jointly moved with Defendant AstraZeneca Pharmaceuticals L.P. ("AZ") to stay entry of the proposed order submitted by Plaintiffs (ECF No. 5691) to certify under Fed. R. Civ. P. 23 multistate consumer fraud classes against BMS and AZ (the "Proposed Order"). On November 24, 2008, AZ also submitted objections to the Proposed Order (the "AZ Objections"). BMS hereby incorporates the AZ Objections and makes the following additional objections to the 11 individuals named as Class 3 representatives as to BMS:

First, Ms. Joyce Dison is the only individual named representative that the Court approved in its September 26, 2008 Memorandum and Order and it did so with some hesitancy, noting that although there was evidence that she did not pay for the BMS drug Taxol as she had claimed, "she appears to have paid for Cytoxan and Rubex, which are also at issue in this litigation." Instead of parsing through the proposed individual representatives, the Court ordered that "the named TPPs that are found to be adequate representatives can also be adequate representatives for the consumers . . . . ." (9/26/08 Mem. at 51.).

Second, even as to Ms. Dison -- and any other proposed individual Class 3 representative who received injectible Cytoxan or Rubex[1] – there can be no standing because those drugs were all "multi-source" *prior to the start of the class period* (491 F. Supp. at 97 n. 73) and thus subject to MACs. The Court has found that there was no liability in Class 3 for multi-source drugs because such drugs were reimbursed based on benchmarks other than AWP. (491 F. Supp. at 97 n.75.) Thus, while injectible Cytoxan and Rubex may be "at issue in this litigation" as to Class 2; they are not as to Class 3 for which these individuals are proposed.

Dated: Boston, Massachusetts
November 25, 2008

---

[1] Eight of the proposed plaintiffs received only adriamycin or cyclophosphamide, the generic versions of Rubex and Cytoxan. (Class Plts' Reply Mem. at 30.) These class representatives also testified that they had no idea which manufacturer's version drug they received. *See, e.g.*, Barreca Dep. at 32-33, 63; Choice Dep. at 57-59; Dison Dep. at 30-31; Kendall Dep. at 59-72; Leef Dep. at 53; Nelson Dep. at 33, 46-47; Palenica Dep. at 62-65; Vernick Dep. at 31-32. The other two plaintiffs besides Ms. Dison discussed in the text above, Scott Tell and Gerald Miller, received Paraplatin. (Tell Aff. ¶ 1; Miller Aff. ¶ 1.) However, the Court found BMS was not liable as to Paraplatin, which did not become multisource until *after* the end of the Class Period (491 F. Supp. at 106), because the "spreads" were below 30% and/or BMS achieved more than 50% of its Paraplatin net revenues in sales within 5% of list price. (491 F. Supp. at 106.) Indeed, Mr. Miller did not even receive his Paraplatin until after the close of the Class Period on December 8, 2003. (UFCW 0022505.)

Respectfully submitted,

**DWYER & COLLORA, LLP**

By: /s/ Thomas E. Dwyer (BBO#139660)
    Thomas E. Dwyer (BBO# 139660)
    Jennifer M. Ryan (BBO#661498)
600 Atlantic Avenue
Boston, MA  02210
Tel:  (617) 371-1000
Fax:  (617) 371-1037
tdwyer@dwyercollora.com
jryan@dwyercollora.com

**HOGAN & HARTSON LLP**

Steven M. Edwards, Esq. (SE 2773)
Lyndon M. Tretter (LT 4031)
Thomas J. Sweeney (TS 6557)
875 Third Avenue
New York, NY  10022
Tel:  (212) 918-3640
Fax:  (212) 918-3100

*Attorneys for Defendant Bristol-Myers Squibb Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on November 24, 2008 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

/s/ Hoa T.T. Hoang
Hoa T.T. Hoang