# Exhibit B



Jul 11 2008
4:13PM

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| **THIS DOCUMENT RELATES TO:** | ) MDL No. 1456 ) Civil Action No. 01-12257-PBS |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS, and *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corp., et al.*, Civil Action No. 07-10248-PBS | ) Hon. Patti B. Saris ) ) ) ) ) ) ) |

## UNITED STATES' NOTICE OF DEPOSITION OF THE STATE OF OHIO DEPARTMENT OF JOB & FAMILY SERVICES.

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, the United States of America by and through its undersigned attorneys, will take the deposition upon oral examination of a representative of the State of Ohio Department of Job & Family Services on the Topics of Inquiry listed in Exhibit A of the Attached Subpoena, beginning October 22, 2008, at 9:00 a.m. and continuing from day to day until completed. The deposition will take place at the United States Attorney's Office, 303 Marconi Boulevard, Suite 200, Columbus OH 43215. The deposition will be conducted under oath by an officer authorized to take such testimony. The deposition may be used for any purpose, including trial.

The State of Ohio shall designate a person or persons to testify under oath about the subjects set forth in the Areas of Inquiry set forth in Exhibit A of the attached Subpoena. The relevant time period for these purposes is January 1, 1991, to the present.

| For the United States of America, | For the relator, Ven-A-Care of the Florida Keys, Inc., |
|---|---|
| GREGORY G. KATSAS<br>ASSISTANT ATTORNEY GENERAL | JAMES J. BREEN<br>The Breen Law Firm, P.A.<br>3350 S.W. 148th Avenue<br>Suite 110<br>Miramar, FL 33027<br>Tel: (954) 874-1635<br>Fax: (954) 874-1705 |
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY<br><br>*/s/ Laurie A. Oberembt*<br><br>GEORGE B. HENDERSON, II<br>BARBRA HEALY SMITH<br>JEFFERY J. FAUCI<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>(617) 748-3272 | SHERRIE R. SAVETT<br>ROSLYN POLLACK<br>GARY L. AZORSKY<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Telephone: 215-875-3000<br>Facsimile: 215-875-4636 |
| JOYCE R. BRANDA<br>DANIEL R. ANDERSON<br>LAURIE A. OBEREMBT<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044 | Dated: July 11, 2008 |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused an electronic copy of the above document was served upon the attorney of record for each party by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: July 11, 2008

*/s/ Laurie A. Oberembt*

Laurie A. Oberembt
Senior Trial Attorney

2

## SUBPOENA EXHIBIT A: TOPICS OF INQUIRY

### Topics of Inquiry

1. From January 1, 1991, to the present, the methodology by which your Department of Job and Family Services determined the amount paid to pharmacy providers for claims they submitted for prescription drugs. This topic shall cover the source of that drug payment methodology (i.e., statute, regulation, administrative rule, state plan).

2. From January 1, 1991, to the present, the manner in which the Department of Job and Family Services or its fiscal agent implemented the payment methodology described in Topic #1. This topic shall include how you or your fiscal agent

    (a) determined the Estimated Acquisition Cost for prescription drugs and the extent to which published drug pricing was used,

    (b) obtained the Federal Upper Limit,

    (c) calculated the Maximum Allowable Cost,

    (d) determined "usual and customary" charges, and

    (e) determined the lowest of the above criteria.

3. From January 1, 1991, to the present, the manner in which your State used the Average Wholesale Price, Wholesale Acquisition Cost, Direct Price published in First DataBank's Blue Book or any other drug pricing publication.

4. From January 1, 1991, to the present, the dispensing fee normally paid by your State to providers for prescription drugs.

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | OHIO |
|---|---|---|

| | |
|---|---|
| United States *ex rel.* Ven-A-Care of the Florida Keys, Inc., *et al.*<br>V.<br>Dey, Inc., *et al.*, Civil Action No. 05-11084-PBS, and Boehringer Ingelheim Corp., *et al.*, Civil Action No. 07-10248-PBS | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  MDL No. 1456<br>01-12257-PBS (D. Mass.) |

TO: Ohio Department of Job and Family Services
c/o Helen Jones-Kelley
30 E. Broad Street - 32nd Floor
Columbus, OH  43215

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| United States Attorney's Office, 303 Marconi Boulevard, Suite 200, Columbus OH 43215 | October 22, 2008 at 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Laurie A. Oberembt* — Senior Trial Counsel for Plaintiff | 7/11/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Laurie Oberembt, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box 261, Ben Franklin Station, Washington, D.C. 20044, (202) 514-3345

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Helen Jones-Kelley | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).