# Exhibit F



Nov 17 2008
5:47PM

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | ) ) ) ) |
|  | ) **MDL No. 1456** |
|  | ) **Master File No. 01-CV-12257-PBS** |
| **THIS DOCUMENT RELATES TO:** | ) **Subcategory Case No. 06-11337** |
|  | ) |
| *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS | ) **Hon. Patti B. Saris** ) ) ) |

## NOTICE OF DEPOSITION OF ROBERT REID

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(1) and 45 of the Federal Rules of

Civil Procedure, Defendants Dey, Inc., Dey L.P., Inc. and Dey, L.P. (collectively, "Dey"), by

their undersigned attorneys, will take the deposition upon oral examination of Robert Reid.

The deposition will take place before a notary public, or any other officer authorized to

administer oaths, at the Westin Columbus, 310 South High Street, Columbus, Ohio 43215, on

December 12, 2008 beginning at 9:00 a.m. and continuing on successive days as necessary. The

attached subpoena directs the witness to appear for the deposition.

Such deposition will be recorded by stenographic and/or sound and visual means. The

deposition is being taken for the purposes of discovery, for use at trial, and for such other

purposes as permitted under the Federal Rules of Civil Procedure.

Dated: November 17, 2008

       /s/ Neil Merkl
       Paul F. Doyle (BBO # 133460)
       Sarah L. Reid (*pro hac vice*)
       William A. Escobar (*pro hac vice*)
       Neil Merkl (*pro hac vice*)
       KELLEY DRYE & WARREN LLP

101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

-and-

Martin F. Murphy (BBO # 363250)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02110
Telephone: (617) 832-1000
Facsimile: (617) 832-7000

*Attorneys for Defendants*
*Dey, Inc., Dey L.P., Inc. and Dey, L.P.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon all counsel of record electronically by sending on November 17, 2008 a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Neil Merkl
Neil Merkl

AO88 (rev. 12/06) Subpoena in a Civil Case

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br><br>*United States of America ex rel. Ven-A-Care of the*<br>*Florida Keys, Inc., et al. v. Dey, Inc., et al.,*<br>Civil Action No. 05-11084-PBS | **Pending in:**<br><br>**UNITED STATES DISTRICT COURT**<br>**FOR THE DISTRICT OF MASSACHUSETTS**<br><br>MDL NO. 1456<br>Master File No. 01-CV-12257-PBS<br>Subcategory Case No. 06-11337<br><br>Hon. Patti B. Saris |

## SUBPOENA

TO:  Mr. Robert Reid
     11430 Ann Drive
     Baltimore, OH 43105

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by stenographic means and videotape.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Westin Columbus, 310 South High Street, Columbus, Ohio 43215 | December 12, 2008 at 9:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants Dey, Inc., Dey L.P., Inc. and Dey, L.P. | November 17, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brendan Cyr, Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 (212) 808-7800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

A088 (rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

**SERVED**

SERVED ON (PRINT NAME)                                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                                    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the

testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).