

# THE HAVILAND LAW FIRM

WWW.HAVILANDLAW.COM

December 1, 2008

**VIA FIRST CLASS MAIL AND ECF**

Clerk's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

Steve Berman, Esquire
Hagens Berman Sobol Shapiro, LLP
1301 5th Avenue, Suite 2900
Seattle, WA 98101

Steven F. Barley
Hogan & Hartson, LLP
111 S. Calvert Street, Suite 1600
Baltimore, MD 21202

James P. Muehlberger
Shook Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108

    Re:   *In re Pharmaceutical Industry AWP Litigation*
             **District of Massachusetts; MDL No. 1456**

Dear Gentlemen:

      As you know, this firm represents a number of consumer plaintiffs in the above referenced lawsuit, including M. Joyce Howe, Larry Young, Therese Shepley, Hunter Walters, Harold Carter, Roger Clark, Rev. David Aaronson, James Monk, Virginia Newell, Oral Ray Roots, Katie Bean and others. Please be sure to add us to your respective service lists with respect to any further proceedings in this matter.

      Although we filed last week a Response to Class Plaintiffs' Report and Motion seeking to reset the deadlines relating to consumer claims, in which Response we sought to have the Court extend the deadline to file any objections, since that request has not been passed on by the Court as of this writing, this letter is intended to make clear that we reserve the right to interpose

THE HAVILAND LAW FIRM, LLC
111 S. INDEPENDENCE MALL EAST, SUITE 1000  ·  PHILADELPHIA, PA 19106-2526  ·  PHONE: 215-609-4661  ·  FAX: 215-392-4400

Steve W. Berman
Steven F. Barley
James P. Muehlberger
December 1, 2008
Page 2 of 3

objections to the proposed class action settlement for which you seek to proceed with a bifurcated Fairness Hearing on December 16, 2008. Should the hearing go forward, we intend to appear to protect our clients' interests and to present objections. In view of the fact that no papers in support of final approval have been filed and no fee request has been made, it is not possible for the consumer plaintiffs to evaluate requests that have not been made. Nevertheless, without waiving our objection to the lack of procedural and substantive due process, we incorporate prior objections this firm has interposed on behalf of its clients to the class action settlements tendered thus far and add the following specific objections.

    1.    The proposed class action settlement is not fair, reasonable or adequate because the amount of the settlement does not fall within the range of reasonableness as measured by other settlements and as determined by accepted methodologies for determining settlement values. Because the settlement precludes disclosure of each Settling Defendants' contributions to the overall settlement, absent further discovery and/or disclosure as to the contributions of each Defendant, the fairness, reasonableness and adequacy of the proposed class settlements with each of the individual Defendants cannot be determined. However, examination of the merits of the Plaintiff's claims against these Defendants for specific drugs being settled reveals that their pro rata shares of the overall settlement are inadequate. The settlement also fails to afford any injunctive relief for the benefit of consumers who continue to suffer from the use of AWP by the Defendant drug companies and certain large TPPs.

    2.    The proposed nationwide class certification is inappropriate because it fails to satisfy each of the requisites for certification under Rule 23, including those matters raised in Defendants' opposition to class certification in this case. The most obvious error with the proposed certification is the lack of adequate consumer representatives for each of the Defendants Sub-Classes identified by this Court.

    3.    The proposed settlement allocation between consumers and TPPs is unfair, unreasonable and inadequate, largely due to the inadequate and conflicted consumer representation in these proceedings.

    4.    The class notice is inadequate because it fails to provide material information about the settlement, allocation and attorneys' fees, among other things, that a reasonable class member would want to know.

    5.    The proposed class action settlement provides benefits to TPPs who claim to be "independent" and who, on prior occasions, have threatened to opt out of this case. While the settlement proposes to give these putative "ISHPs" substantial settlement benefits, it also seeks to shield from objection and/or court approval these payments and the further payment of 15 percent in attorney's fees.

    6.    Based on prior filings by class counsel in this case, the anticipated percentage request for attorney's fees is objectionable insofar as the Court must take account of the lodestar reasonably incurred by lawyers in pursuit of the claims against the track 2 Defendants which the

Steve W. Berman
Steven F. Barley
James P. Muehlberger
December 1, 2008
Page 3 of 3

proposed class action settlement covers. This letter incorporates by reference thereto the objections interposed by other lawyers to the award of attorneys' fees and distribution of the same for reasons set forth more fully in those pleadings.

7. The claims administration process is not fair, reasonable or adequate as it pertains to consumers insofar as it purports to determine a "recognized claim amount" for consumers, and caps their recovery out of the settlement proceeds, yet it permits TPPs to receive a pro rata amount of the entire settlement fund based on less onerous claim form requirements. *See* Exhibit "K" to the Settlement Agreement.

We reserve the right to incorporate the objections of other class members and to revise and supplement our objections in advance of any Fairness Hearing respecting the final approval of the proposed settlement, including after the December 16, 2008 hearing, should it go forward.

Respectfully submitted,

DONALD E. HAVILAND, JR.

On behalf of the firm's consumer clients

Enclosure
DEH/tmt