## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) Civil Action No. 01-12257-PBS ) Subcategory No. 03-10643 |
| THIS DOCUMENT RELATES TO:<br><br>  *The City of New York, et al.*<br>*v.*<br>  *Abbott Laboratories, et al.* | ) ) ) Judge Patti B. Saris ) ) ) ) |

## DECEMBER 1, 2008 STATUS REPORT ON BEHALF OF
## THE CITY OF NEW YORK AND NEW YORK COUNTIES

The undersigned counsel for the City of New York and New York Counties in the above-captioned action (hereinafter "plaintiffs") hereby submit the attached Status Report for December 1, 2008, in accordance with the Court's June 17, 2004 Procedural Order.

Dated: December 1, 2008

                Respectfully submitted,

                **City of New York and New York Counties in MDL 1456 except Nassau and Orange, by**

                **KIRBY McINERNEY, LLP**
                825 Third Avenue
                New York, New York 10022
                (212) 371-6600

                /s/ Joanne M. Cicala
                Joanne M. Cicala
      By:  James P. Carroll Jr.
                Aaron D. Hovan
                Jocelyn R. Normand
                Kathryn B. Allen

Ross B. Brooks, Esq.
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300
*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
LEVY PHILLIPS &
KONIGSBERG, LLP
800 Third Avenue
New York, NY 10022
(212) 605-6205
*Counsel for the County of Orange*

2

**December 1, 2008 Status Report on Behalf of the
City of New York and New York Counties**

<u>**Plaintiffs' Motion for Reconsideration of July 30, 2008 Orders**</u>

On August 13, 2008, plaintiffs filed their Motion for Reconsideration of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions to Dismiss. (Docket # 5498).

On August 22, 2008, certain individual defendants filed the following in opposition to Plaintiffs' Motion for Reconsideration of July 30, 2008 Orders:  Defendant Chiron Corporation's Opposition To Plaintiffs' Motion For Reconsideration Of The July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss (Docket #5509); Defendant Novartis Pharmaceuticals Corporation's Response To Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss (Docket #5510); Opposition to Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Dismissing Claims Related To Physician-Administered Drugs (Docket # 5512) filed by Amgen, Bayer, Hoffman-La Roche, MedImmune, Roche Laboratories, Inc.; and Defendant Agouron's Response To Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss (Docket #5513).

On August 25, 2008, defendant Eli Lilly filed its Opposition to Motion for Reconsideration of July 30, 2008 Order Dismissing, in Part, Claims against Eli Lilly (Docket #5516).

In response to plaintiffs' motion for reconsideration, on August 27, 2008 the Court issued a "Procedural Order re Motion to Reconsider" (Docket #5521).  In that Procedural Order the Court wrote that "[u]nfortunately, the Court based its [July 31, 2008 orders] on the "corrected

3

Exhibit B to the Complaint rather than the "revised" Exhibit B, filed after the hearing." The Court also directed that "the parties shall meet and confer in good faith regarding points of agreement as to which drugs were adequately pled on the 'revised' Exhibit B of the Revised First Amended Consolidated Complaint."

As set forth in prior status reports, the parties have conferred at some length with respect to the Court's July 31, 2008 orders in so far as those rulings concern plaintiffs' claims for drugs sometimes referred to as "physician administered drugs" or PADs. Regrettably, the parties cannot reach agreement on the point and plaintiffs will be filing a motion for reconsideration. The filing of that motion has been delayed given the ongoing discussion between counsel for plaintiffs and Eli Lilly with regard to the Court's ruling on Eli Lilly's individual motion. The parties are discussing focused discovery that would obviate the need for a motion for reconsideration as to the Eli Lilly ruling.

**Discovery Motions**

**a.  Magistrate Judge Bowler's August 20, 2008 Orders on Discovery Motions**

On August 20, 2008, Magistrate Judge Bowler heard arguments regarding discovery motions filed by plaintiffs and defendants in the above-captioned action. On that same day, Magistrate Judge Bowler issued orders regarding such discovery motions. These orders are described as follows.

Magistrate Judge Bowler issued an order denying without prejudice Plaintiffs' Motion to Compel Production from Boehringer Ingelheim Roxane Laboratories, Inc., ("Boehringer-Roxane"), concerning discovery for NDCs reimbursed on the basis of both AWP and FUL. (Docket #4991). The ruling ordered plaintiffs to produce a list of the Boehringer-Roxane drugs

reimbursed based on both AWP and FUL ("the AWP/FUL NDCs") and to identify the allegedly fraudulent spreads associated with each reimbursement basis.  Plaintiffs produced this list on October 31, 2008 together with a proposal designed to permit plaintiffs some of the discovery they need now without creating a severe burden on Roxane.  Specifically, plaintiffs proposed (a) that Roxane produce all sales and transactional data and AMP data for the AWP/FUL NDCs now; (b) that documentary discovery on the AWP/FUL NDCs could be delayed until after Judge Saris addresses the FUL Summary Judgment activity.  Roxane has raised certain questions with regard to that which plaintiffs have supplied and proposed.  The parties will meet and confer further in an effort to resolve.

On August 20, 2008, Magistrate Judge Bowler issued an order granting in part Defendants' Motion to Compel Commissioner of New York State Department of Health and Three Key Witnesses to Comply with Subpoenas, to the extent set forth on the record in open court, after the "meet and confer." (Docket #5052).  On October 30, 2008, plaintiffs filed a Status Report Concerning Production of Claims Data and Documents from the New York State Department of Health, in accordance with Magistrate Judge Bowler's August 20, 2008 procedural order (Docket #5652).  Therein, plaintiffs indicated that the New York State Department of Health ("NY DOH") document production would commence on or before November 7, 2008.  Plaintiffs commenced the NY DOH document production accordingly.  On November 12, 2008, the parties submitted to the Court their agreement to defer the scheduled November 13, 2008 status conference to a date in January, as assigned by the Court.  (Docket #5677).  This report also relayed plaintiffs' understanding that the NY DOH document production would be complete on or before December 19, 2008.

On August 20, 2008, Magistrate Judge Bowler entered an order withdrawing without prejudice Defendants' Motion to Compel Production of Claims Data (Docket #5092). On September 3, 2008, defendants took the deposition of New York State Department of Health ("NY DOH") employee, Mr. Woopill Hwang, regarding plaintiffs' May 9, 2008 claims data production. During that deposition, plaintiffs and the NY DOH agreed to make a supplemental production of claims data as follows: Phase One is the production of a corrected set of data that has been "reverse engineered" to identify the basis of reimbursement (AWP, FUL or U&C) for every claim at issue. This production occurred on October 31, 2008. Phase Two will be the production from a larger set of claims data as identified in the correspondence between counsel. On December 1, 2008, plaintiffs are producing the first installment of Phase Two which includes data from the larger set of fields requested for the time period of October 1, 2003 to December 31, 2005. Plaintiffs are working with NY DOH to produce data for January 1, 1997 to September 30, 2003 in the shortest term possible.

On August 20, 2008, Magistrate Judge Bowler granted Schering Corporation's Motion for Protective Order (Docket #5296). In response to the order, on September 4, 2008, plaintiffs filed an "Objection to the August 20, 2008 ruling granting Schering Corporation's Motion for Protective Order or, In the Alternative, Plaintiffs' Request for Clarification as to What Constitutes Good Faith in Calculating Spreads Based on Weighted Averages" (Docket #5546). Defendant Schering Corporation filed its Opposition to Plaintiffs' Objection (Docket #5556) on September 17, 2008. The Court denied the Objection (Docket #5605) on September 22, 2008. However, the Court ruled that discovery on all branded drugs for which AWP to AMP spreads exceed 30 percent may proceed. The Court conceded the potential utility of quarterly

6

calculations, but maintained the suitability of the present method of calculating spreads. Additionally, the Court ruled that plaintiffs may depose Professor Addanki and submit an expert affidavit proposing alternative calculations with the stipulation that the proposed methodology is consistent and transparent. On October 23, 2008, plaintiffs requested that Schering produce the requested discovery on all branded drugs for which plaintiffs calculated AWP to AMP spreads over 30%. Schering refused on the grounds that Professor Addanki's spread calculations yielded different results. Plaintiffs took the deposition of Professor Addanki on November 20, 2008. In the course of that deposition, plaintiffs learned that Professor Addanki had yet to produce all information regarding his methodologies. Plaintiffs requested such production on November 21, 2008, and await its receipt.

### **FUL Expert Report and Related Discovery**

On September 30, 2008, plaintiffs served the Rule 26 Statement of Harris L. Devor, C.P.A., to all counsel on LexisNexis File and Serve (Docket #5620). The exhibits to Mr. Devor's reports were served directly on counsel for each defendant, given each defendant's confidentiality concerns regarding the pricing data contained therein.

Pursuant to agreement with liaison counsel, on October 6, 2008, plaintiffs served each defendant with its revised exhibit to the Rule 26 Statement of Harris L. Devor, C.P.A.

Due to confidentiality concerns raised by counsel for defendant Ethex, on October 10, 2008, plaintiffs served a redacted Rule 26 Statement of Harris L. Devor, C.P.A., on LexisNexis File & Serve.

Plaintiffs and defendants have agreed that Mr. Devor's deposition will take place on December 9-11, 2008.

**Related Orders**

On August 27, 2008, Magistrate Judge Bowler issued an Order stipulating that the time period for defendant Serono, Inc. to respond to the Revised First Amended Consolidated Complaint of New York State and Consolidated Counties is extended to October 31, 2008 (Docket #5504).  Serono, Inc., n/k/a EMD Serono, Inc. filed a second stipulation on October 20, 2008, extending its time to answer, move, or otherwise respond to the revised First Amended Consolidated Complaint to December 19, 2008 (Docket #5637).

On August 29, 2008, Magistrate Judge Bowler issued an Order stipulating that the time period for defendant Endo Pharmaceuticals, Inc. to respond to the Revised First Amended Consolidated Complaint of New York State and Consolidated Counties is extended to September 29, 2008.  (Docket #5524).  Due to trial commitments of Endo's counsel in another matter, Endo requested additional time to respond to the FACC.  Thus, on September 26, 2008, Endo Pharmaceuticals, Inc. filed its Second Stipulated Extension of Time for Its Answer to Plaintiffs' Revised First Amended Consolidated Complaint (Docket #5613), to October 29, 2008.  A second extension was thereafter requested by Endo and thus, on October 28, 2008, Endo filed a Further Stipulation of Extension of Time to December 1, 2008 for the Filing of Its Answer to Plaintiffs Revised First Amended Consolidated Complaint (Docket #5650).  The parties are now scheduled to meet and confer pursuant to the Court's August 27, 2008 order (Docket #5521).  Thereafter, Endo requested yet another extension from plaintiffs to which plaintiffs agreed Endo's time to answer is December 19, 2008 (Docket # 5719).

**Case Management Orders**

On November 4, 2008, the Court issued Case Management Order No. 35 (docket #5664), with respect to current and future filings in the instant MDL 1456. The order created subcategory case numbers (e.g. 03-10643 for all New York Counties cases) and corresponding dockets. In addition, the Court ordered the parties to identify all documents previously filed in the master docket that should also be identified in the subcategory docket. The parties intend to file this stipulation on December 4, 2008, pursuant to CMO 35 (docket #5664).

**Other Filings**

Plaintiffs filed a Notice of Voluntary Dismissal of defendant Aventis Pharmaceuticals, Inc. and its subsidiaries on November 20, 2008 (docket # 5696). This Notice awaits final execution by order of the Court.

On November 24, 2008, defendant SmithKlineBeecham Corporation d/b/a GlaxoSmithKline ("GSK") moved for Partial Summary Judgment in the New York Counties Cases (Docket #5706), submitting both its Memo in Support Thereof (Docket #5707) and a Statement of Material Facts (Docket #5708) and affidavit of Eric M. Gaier, Ph.D. (expert) (Docket #5708). In response, plaintiffs demanded the immediate production of all materials relied upon, considered or used in any way by Dr. Gaier, prior statements (of any kind) by Dr. Gaier in AWP matters, and Dr. Gaier's deposition. GSK has agreed to produce Dr. Gaier's background materials. Plaintiffs await a response to their query for prior statements. Thereafter, the parties will confer to schedule Dr. Gaier's deposition and a briefing schedule on plaintiffs' opposition to GSK's motion.

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on the 1st day of December, 2008, she caused a true and correct copy of the above DECEMBER 1, 2008 STATUS REPORT FOR THE CITY OF NEW YORK AND NEW YORK COUNTIES to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

Dated:  December 1, 2008

/s/ Kathryn B. Allen
Kathryn B. Allen
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600