UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 01-CV-12257-PBS<br>Subcategory Case No. 06-11337 |
| THIS DOCUMENT RELATES TO:<br><br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,*<br>Civil Action No. 05-11084-PBS | Hon. Patti B. Saris<br><br>Magistrate Judge<br>Marianne B. Bowler |

## DECLARATION OF CLIFFORD KATZ IN SUPPORT OF DEFENDANTS DEY, INC., DEY, L.P., AND DEY L.P., INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

**CLIFFORD KATZ** declares, pursuant to 28 U.S.C. § 1746, that:

1. I am associated with the law firm of Kelley Drye & Warren LLP, counsel to Dey, Inc., Dey L.P., Inc., and Dey, L.P. (collectively "Dey"). I am admitted to practice law in the State of New York and have been admitted *pro hac vice* in this action.

2. I make this Declaration in support of Dey's Motion to Compel the Production of Documents.

3. The basis for my knowledge is my review of the files maintained by Kelley Drye & Warren LLP as part of its representation of Dey, including the documents attached hereto, information supplied by other attorneys of Kelley Drye & Warren LLP representing Dey, and my own personal knowledge of the facts and circumstances.

4. On July 16, 2008, Dey served a Subpoena *Duces Teacum* on the Georgia Department of Community Health ("Georgia DCH"). Attached hereto as Exhibit A is a true and correct copy of the Subpoena *Duces Teacum* served on Georgia DCH on July 16, 2008.

5. Georgia DCH did not object to the Subpoena.

6. In response to the Subpoena, Georgia DCH produced documents on or about August 20, 2008.

7. The documents were accompanied by a memorandum drafted by Jerry Dubberly, the Deputy Director of Medical Assistance Policy Section of Georgia DCH, which described the documents and data produced (the "Dubberly Memo"). Attached hereto as Exhibit B is a true and correct copy of the Dubberly Memo.

8. In its production, Georgia DCH flagged and highlighted certain pages of documents.

9. Georgia DCH wrote notes on the documents and CDs corresponding to the categories of documents requested.

10. Georgia DCH organized all of the electronic documents and hard-copy documents into folders corresponding to the requests in the Subpoena.

11. The Dubberly Memo categorized the documents produced according to each Subpoena request.

12. In the course of reviewing Georgia DCH's production, Dey's counsel discovered documents marked "Attorney Client Communication" and "subject to the attorney client privilege."

13. Dey's counsel notified Georgia DCH's counsel of these documents on September 5, 2008 and agreed to destroy documents identified in the letter and not to disseminate the production to the other parties pending Georgia DCH's review of its production. Dey also agreed to isolate the documents in sealed envelopes. Attached hereto as Exhibit C is a true and correct copy of the September 5, 2008 letter from Marisa Lorenzo to Michelle Townes, notifying Ms. Townes that Georgia DCH produced documents marked "Attorney Client Communication" and "subject to the attorney client privilege."

14. On September 23, 2008, eighteen days after it was notified of the potentially privileged communications, in a phone conversation, Georgia DCH's counsel informed Dey's counsel that it could proceed to disseminate the production to the other defendants, Abbott and Roxane.

15. That same day, Dey distributed the production to the Department of Justice. Attached hereto as Exhibit D is a true and correct copy of the September 23, 2008 letter from Marisa Lorenzo to Mark Lavine disseminating the documents.

16. The next day, Dey distributed the production to Abbott and Roxane.

17. On September 26, 2008, Georgia DCH's counsel contacted Dey's counsel by phone and stated its intent to recall documents, on the basis of privilege.

18. On September 29, 2008, Georgia DCH's counsel sent a letter to Dey's counsel requesting the return of its "entire production" and stated that it "inadvertently" produced documents "too voluminous to list." Attached hereto as Exhibit E is a true and correct copy of the September 29, 2008 letter from Michelle Townes to Marisa Lorenzo and Clifford Katz.

19. On October 6, 2008, Dey's counsel contacted Georgia DCH's counsel by phone with regard to the agency's request for the return of its production.

20. During the phone conference, Georgia DCH's counsel admitted that legal staff did not review the documents prior to production.

21. Georgia DCH conceded that it had relied on Jerry Dubberly – a pharmacist – to prepare its production.

22. Georgia DCH also admitted that it did not have legal staff re-review any documents after Dey informed Georgia DCH that it had produced documents marked "Attorney Client Communication" and "subject to the attorney client privilege" between September 5, 2008 and September 23, 2008.

3

23. During this conference, Georgia DCH refused to provide Dey with a list of documents it claims to be privileged, and reiterated its request for the return of its entire production.

24. Dey's counsel objected to the agency's position, but agreed to maintain the documents in sealed packages and notify the Department of Justice, Abbott, and Roxane of the situation. Attached hereto as Exhibit F is a true and correct copy of the October 6, 2008 letter from Clifford Katz to Michelle Townes.

25. Georgia DCH's counsel responded to Dey's counsel maintaining its claims of privilege and requesting that Dey's counsel return the Master CD produced to it and to destroy any copies of the allegedly "inadvertently produced" documents. Attached hereto as Exhibit G is a true and correct copy of the October 10, 2008 letter from Michelle Townes to Clifford Katz.

26. On October 15, 2008, Dey's counsel responded to Georgia DCH's letter, reiterating its objections and requesting that the agency produce a privilege log by October 25, 2008. Attached hereto as Exhibit H is a true and correct copy of the October 15, 2008 letter from Clifford Katz to Michelle Townes.

27. On October 16, 2008, Dey's counsel returned the documents at issue on the condition that Georgia DCH produce a privilege log. Attached hereto as Exhibit I is a true and correct copy of the October 16, 2008 cover letter from Clifford Katz to Michelle Townes, accompanying the return of the documents at issue.

28. Attached hereto as Exhibit J is a true and correct copy of an e-mail dated October 16, 2008 from Michelle Townes to Clifford Katz whereby Ms. Townes agreed to prepare a privilege log.

29. Dey's counsel spoke with the agency's counsel on multiple occasions, corresponding via phone and email attempting to secure the privilege log.

30. Dey requested the privilege log by October 25, 2008. At the request of counsel for Georgia DCH, Dey's counsel agreed to provide Georgia DCH a one week extension (i.e. by October 31, 2008). Attached hereto as Exhibit K is a true and correct copy of an October 24, 2008 e-mail between Clifford Katz and Michelle Townes, providing for a one week extension. Georgia DCH did not produce a privilege log by October 31, 2008.

31. Over a month has elapsed since Dey's counsel returned the documents in question to Georgia DCH, and the agency's deposition is scheduled for December 15, 2008.

32. Attached hereto as Exhibit L is true and correct copy of Georgia DCH's Amended Cross-Notice of Deposition.

33. To date, Georgia DCH has not produced a privilege log.

34. To date, Georgia DCH has not produced the disputed documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 1, 2008.

/s/ Clifford Katz
Clifford Katz

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2008, I caused a true and correct copy of the foregoing to be served on counsel for the Georgia Department of Community Health by FedEx overnight delivery at the following address:

> Michelle Townes, Esq.
> 40 Capitol Square SW
> Atlanta, Georgia 30334-1300
> *Counsel for Georgia Department of Community Health*

and on counsel for the United States, Ven-A-Care of the Florida Keys, Inc., Abbott, and Roxane by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification.

/s/ Michael J. Maloney
Michael J. Maloney