# Exhibit F

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

IOI PARK AVENUE

NEW YORK, NEW YORK IOI78

(212) 808-7800

WASHINGTON, DC

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ

_____

BRUSSELS, BELGIUM

_____

AFFILIATE OFFICES

MUMBAI, INDIA

FACSIMILE

(212) 808-7897

www.kelleydrye.com

DIRECT LINE  (212) 808-7609

EMAIL  ckatz@kelleydrye.com

October 6, 2008

**Via E-Mail & FedEx**

Michelle Townes, Esq.
40 Capitol Square SW
Atlanta, Georgia 30334-1300

Re:   *United States ex. rel. Ven-A-Care of the Florida Keys, Inc.*
      *v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS

Dear Ms. Townes:

        This firm represents Defendants Dey, Inc., Dey L.P., Inc. and Dey, L.P.
(collectively, "Dey") in the above-referenced action.  I write in response to your letter dated
September 29, 2008, which requests the return of all documents produced by the Georgia
Department of Community Health ("Georgia DCH") on or about August 20, 2008 in response to
Dey's Subpoena.  Georgia DCH claims that it "inadvertently produced" documents, but that they
are "too voluminous to list;" in other words, you claim that you inadvertently produced all of the
documents.  Dey hereby "challenges" this request, pursuant to the Protective Order entered in
this case (attached hereto as Exhibit A).

        First, Georgia DCH has failed to comply with Paragraph 27 of the Protective
Order, which provides:

        If a party has inadvertently or mistakenly produced information
        subject to a claim of protection or privilege, ***upon written request***
        made by the producing party within twenty-one (21) days of
        discovery of such inadvertent or mistaken production, ***the***
        ***information for which a claim of inadvertent production is made***,
        including all copies, shall be returned within seven (7) business
        days of such request unless the receiving party notifies the
        producing party in writing that it challenges the producing party's
        assertion of privilege or protection.

KELLEY DRYE & WARREN LLP

Michelle Townes, Esq.
October 6, 2008
Page Two

(See Ex. A. at ¶ 27, emphasis added.)

As this provision makes plain, Dey is only obligated to return the documents identified by the producing party and claimed as privileged. Georgia DCH has not specifically identified any privileged documents, and instead demands the return of both non-privileged documents and documents claimed to be privileged.

Second, Georgia DCH has failed to timely make a written request for the return of the documents. Upon our review of the documents produced by Georgia DCH, we promptly notified you on September 5, 2008 by phone and in a letter that Georgia DCH produced documents marked "Attorney Client Communication" and "subject to the attorney client privilege." (The September 5, 2008 letter is attached hereto as Exhibit B.) We then destroyed documents claimed as privileged or agreed not to use or disclose them. We also agreed not to produce any of Georgia DCH's production to the plaintiffs, Abbott or Roxane pending your further review of your production for privilege. On September 23, 2008, you informed us that we may proceed to disseminate these documents to the plaintiffs, Abbott and Roxane, which we did. Additionally, Dey disseminated one document produced by Georgia DCH to counsel for numerous defendants in other AWP litigations.

Third, Georgia also waived any privilege with respect to the produced documents because they were not "inadvertently" produced. Georgia DCH has not provided any basis for its claim that the documents were "inadvertently" produced. In considering whether documents were "inadvertently" produced, courts consider, *inter alia*, the reasonableness of the precautions taken to prevent disclosures and the extent of the inadvertent disclosure. *See Amgen v. Hoechst Marion Roussel, Inc.*, 190 F.R.D. 287, 292-93 (D. Mass. 2000). Here, you concede that Georgia DCH did not take any precautions. The production was obviously intentional. Georgia DCH prepared a detailed memorandum describing the documents it was producing.

Dey will voluntarily maintain the disputed documents in sealed packages until this matter is resolved. In an effort to expedite the resolution of this matter, Dey will file a motion by the end of the week. By copy of this letter, we are informing counsel for the United States, Abbott and Roxane of Georgia DCH's position, but we have no authority to act on their behalf.

KELLEY DRYE & WARREN LLP

Michelle Townes, Esq.
October 6, 2008
Page Three

Dey reserves all of its rights with respect to the foregoing, including the right to challenge any documents claimed to be privilege on additional grounds.

Very truly yours,

Clifford Katz

Attachments

cc:   Mark Lavine, Esq. (via e-mail)
      John Reale, Esq. (via e-mail)
      David S. Torborg, Esq. (via e-mail)

# EXHIBIT A

US Draft, 06/13/2007

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL | ) | MDL NO. 1456 |
| INDUSTRY AVERAGE WHOLESALE | ) | |
| PRICE LITIGATION | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | |
| | ) | Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida* | ) | |
| *Keys, Inc. v. Dey, Inc., et al.,* No. 05- | ) | |
| CV-11084-PBS | ) | |

### PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by and between the parties, through their respective counsel, as follows:

**IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:**

1.     This Protective Order shall apply to *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.,* No. 06-CV-11084-PBS (the "Litigation"), which has been consolidated for pretrial proceedings with *In re Pharmaceutical Industry Average Wholesale Price Litigation,* MDL No. 1456, Civil Action No. 01-12257-PBS.

2.     The terms and conditions of this Order shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas including federal subpoenas and authorized federal investigative demands issued prior to the filing of the United States' Complaint.

3.     The designation "CONFIDENTIAL" shall be limited to information that any producing party, including any third party, in good faith, believes to contain (a) current proprietary or commercially sensitive information; (b) personal financial information; or (c) information that should otherwise be subject to confidential treatment under Rule 26(c) (7) of the Federal Rules of Civil Procedure.

US Draft, 06/13/2007

*current*

4.      The designation "HIGHLY CONFIDENTIAL" shall be limited to information

that any producing party, including third parties, in good faith, believes to contain (a) current ~~and~~

~~past (to the extent they reflect on current)~~ methods, procedures, and processes relating to the

pricing of pharmaceuticals; (b) current ~~and past (to the extent they reflect on current)~~ marketing

plans and methods; (c) current ~~and past (to the extent they reflect on current)~~ business planning

and financial information; (d) trade secrets; (e) past or current company personnel or employee

information; and (f) other "CONFIDENTIAL" information (as defined in Paragraph 3) the

disclosure of which is likely to cause competitive or commercial injury to the producing party.

5.      Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

may be disclosed only to the following persons:

(a)      in-house counsel of a named party, and any officer of Ven-A-Care of the Florida
         Keys, Inc., who has executed a Certification attached hereto as Exhibit A;

(b)      outside counsel of record representing a named party in the Litigation, including
         all paralegal assistants, and stenographic and clerical employees working under
         the supervision of such counsel;

(c)      court reporters, interpreters, translators, copy services, graphic support services,
         document imaging services, and database/coding services retained by counsel,
         provided these individuals or an appropriate company official with authority to do
         so on behalf of the company executes a Certification attached hereto as Exhibit A;

(d)      an expert or consultant who (i) is retained by any attorney described in Paragraphs
         6(a) and (b) to assist with of the Litigation, (ii) is not a current employee of a
         party or subsidiary or affiliate of a party; and (iii) such expert or consultant
         executes a Certification attached hereto as Exhibit A;

(e)      a person who prepared, received, or reviewed the "CONFIDENTIAL" or
         "HIGHLY CONFIDENTIAL" information prior to its production in the
         Litigation;

(f)      during depositions and preparation for depositions, a deposition witness who is
         (1) a current employee of the producing party; (2) a former employee of the
         producing party who is asked to execute a Certification attached hereto as Exhibit
         A; or (3) someone whom the counsel questioning the witness or preparing the
         witness has a good faith basis to question about the document, and who is asked
         to execute a Certification attached hereto as Exhibit A, provided that the witness
         is not permitted to retain a copy of any "CONFIDENTIAL" or "HIGHLY
         CONFIDENTIAL" information;

US Draft, 06/13/2007

- (g) any private mediators utilized in the Litigation, provided such person executes a Certification attached hereto as Exhibit A;

- (h) the Court, and any Special Masters and/or Mediators appointed by the Court, under seal: and

- (i) Law enforcement personnel including: (1) State Attorneys General, and any private counsel retained by such State Attorneys General, counsel of record for New York City and New York Counties, and their authorized subordinates, investigators, auditors, client agency personnel, or agents, in states and/or New York City and Counties that have active investigations or litigation of issues similar to those in this action, provided they have executed a Certification attached hereto as Exhibit A on behalf of their office or firm; and (2) United States Department of Justice Attorneys and United States Attorneys, their authorized subordinates, and contractors engaged for the purposes of assisting the same with the Litigation or investigation of the Litigation.

- 6. This Order does not apply to any information or documents:

- (a) already in the possession of a receiving party and not subject to any obligation or claim of confidentiality; and

- (b) acquired by a receiving party from a third party without being designated confidential or similar material unless the third party received the information or documents subject to any form of confidentiality protection.

- 7. Any person or party receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that receives, from a person or entity not otherwise subject to disclosure pursuant to paragraph 5 above, a request or subpoena for production or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall promptly give notice by facsimile to the producing party identifying the information sought and enclosing a copy of the subpoena or request. Provided that the producing party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the producing party or until ordered by a court of competent jurisdiction.

- 8. All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Order and produced or exchanged in the course of the Litigation shall be used or disclosed solely for the purpose of the Litigation [or investigations or

3

US Draft, 06/13/2007

litigation of issues similar to those in this Litigation] and in accordance with the provisions of this Order. Such "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information shall not be used for any business purpose, or in any litigation or proceeding other than described in the preceding sentence, or for any other purpose, except by Court Order or otherwise required by law.

9.      Nothing contained in this Order shall abrogate any legal obligation of any party to disclose upon appropriate request to any agency or department of the United States, or any division of any such agency or department, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order abrogate any legal right to use any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information by a federal agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that (1) the agency shall maintain the confidentiality of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information consistent with the terms of this Order, and (2) the disclosing party shall notify the producing party of the disclosure.

10.     Nothing contained in this Order shall abrogate any legal obligation of any party to disclose any document or information to the Congress pursuant to a Congressional request; provided, however, that the disclosing party shall notify the producing party of the disclosure.

11.     Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information the terms of this Order, as well as the obligation to comply with those terms. Persons receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information are prohibited from disclosing it to any person except in conformance with this Order. The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order. The parties agree, and agree to inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, that damages for violation of this Order are not an adequate remedy and that the appropriate

US Draft, 06/13/2007

remedy is injunctive relief. Counsel agrees to maintain a file of all Certifications (Exhibit A) required by this Order.

12.    The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

13.    "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as by way of example and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which comprise, embody or summarize information about the producing party's business, products, practices and procedures.

14.    In designating information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing or testifying party or person, including third parties, will make such designation only as to that information that it in good faith believes is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in the Litigation may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing or disclosing party or person by marking the appropriate legend on the face of the document and each page so designated: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

15.    The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the Litigation as "CONFIDENTIAL" or "HIGHLY

5

Case 1:01-cv-12257-PBS   Document 5727-7   Filed 12/01/08   Page 11 of 17
Case 1:01-cv-12257-PBS   Document 4417   Filed 06/22/2007   Page 6 of 11
Case 1:01-cv-12257-PBS   Document 4350-2   Filed 06/14/2007   Page 6 of 11

US Draft, 06/13/2007

CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate all or portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL" information. If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

(a)    A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute;

16.    Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, shall be filed under seal in an envelope marked "CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" or "HIGHLY CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" and bear the caption of the Litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated.

6

US Draft, 06/13/2007

Any party or third party filing a document or pleading that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall also contemporaneously, or as soon as practicable, file a public, redacted version of the same document or pleading that is not under seal.

17.    At the request of a producing party, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

18.    Nothing in this Order shall be construed in any way as a finding that information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" actually is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information. Any party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to the Litigation disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the parties cannot resolve the dispute within twenty-one (10) days of service of a written objection, the party challenging the designation may thereafter file a motion to compel. The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion. The party that designated the information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of demonstrating the propriety of its designation.

19.    Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the Litigation. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

20.    Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "HIGHLY

7

US Draft, 06/13/2007

CONFIDENTIAL" information so long as the attorney does not disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

21.     The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall constitute a waiver of any claim of confidentiality unless: (a) the producing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure and, (b) within thirty (30) days of such notice, the producing party provides properly redesignated documents to the receiving party. During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice. Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the producing party within five (5) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice.

22.     Should any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party shall: (a) use its best efforts to obtain the return of any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and to bind such person or party to the terms of this Order; (b) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the producing party; and (c) request such person or party to sign the Certification attached hereto as Exhibit A. The executed Certification shall be served upon counsel for the producing party within ten (10) business days of its execution. Nothing in this Paragraph is intended to limit the remedies that the producing party may pursue for breach of this Order.

23.     A producing person or entity who is not a party in the Litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record. Thereafter, a producing person or entity may designate as

8

US Draft, 06/13/2007

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only testimony, information, documents or things that such producing person or entity has produced or provided in the action.

24.     This Order shall survive the termination of this Litigation and shall continue in full force and effect thereafter.

25.     After final termination of this Litigation [or of an investigation or litigation referenced in Paragraph 5(i) above], the counsel for a named party in the terminated matter may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court. Nothing herein shall require the return or destruction of attorney work product. Such material shall continue to be treated as designated under this Order. Within sixty (60) days after final termination of the Litigation, [or of an investigation or litigation referenced in Paragraph 5(i) above], at the request of the producing party, counsel for the receiving party in the terminated matter either shall (a) return all additional "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in discovery or (b) certify destruction thereof to the producing party's counsel. As to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information reflected in computer databases or backup tapes or any other electronic form, the receiving party shall erase all such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

26.     Pursuant to Local Rule 7.2, within thirty (30) days after final termination of the Litigation [or of an investigation or litigation referenced in Paragraph 5(i) above], counsel for a named party in the terminated matter shall retrieve from the Court all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information that it filed with the Court during the Litigation and return or dispose of such information in accordance with Paragraph 25.

27.     If information subject to a claim of privilege or work product protection is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product protection for such information. If a party has inadvertently or mistakenly produced information subject to a

US Draft, 06/13/2007

claim of protection or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party notifies the producing party in writing that it challenges the producing party's assertion of privilege or protection. Any document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving party objects in writing to the return of such information within the seven (7) business day period described above, then the receiving party shall retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information until such time as the producing party either fails to file a motion for an order compelling the return of such information within fifteen (15) days of receipt of the receiving party's written objection, or, if such a motion is filed within such time period, then  pending the Court's ruling on such motion, and thereafter only in accordance with such ruling.

28.     Provided a party has followed the procedures set forth herein, the Court deems that the party has complied with the requirements of Local Rule 7.2, Impounded and Confidential Materials.

29.     Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or modification of this Order.

30.     It is further ordered that all pleadings, memoranda or other documents filed in court shall be treated as public regardless of the terms of this order unless the counsel for the party seeking protection certifies and explains why the material is ~~current and~~ confidential. To the extent that a brief or other document contains some confidential information, it shall be redacted in a public version.

Dated: 6 | 22 , 2007

_____
Patti B. Saris
United States District Judge

10

## CERTIFICATION – EXHIBIT A

I hereby certify that I have read the attached Protective Order in *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS, dated _____, 2006 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in accordance with the Order, I will use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the above-referenced action **[or an active investigation or litigation involving similar issues]** and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order. I agree that the United States District Court for the District of Massachusetts has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____, 2006          _____

                                   _____

                                   [Print Name]

                                   _____

                                   [Print Name]

                                   [Address]

## CERTIFICATION – EXHIBIT A
[Corrected to be consistent with the Court's Order]

I hereby certify that I have read the attached Protective Order in *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, No. 05-CV-11084-PBS, MDL No. 1456, dated June 22, 2007, (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in accordance with the Order, I will use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the above-referenced action and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order. I agree that the United States District Court for the District of Massachusetts has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____        _____

                             [Print Name]

Dated: _____        _____

                             [Print Name]

Dated: _____        _____

                             [Print Name]