# Exhibit H

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE

NEW YORK, NEW YORK 10178

(212) 808-7800

WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DIRECT LINE: (212) 808-7609
EMAIL: ckatz@kelleydrye.com

October 15, 2008

**VIA E-MAIL & FEDEX**

Michelle Townes, Esq.
40 Capitol Square SW
Atlanta, Georgia 30334-1300

    Re:   *United States ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS

Dear Ms. Townes:

    Your October 10, 2008 letter requests the return of all documents produced by the Georgia Department of Community Health ("Georgia DCH") on its "Master CD" in response to the Subpoena served by Defendants Dey, Inc., Dey L.P., Inc. and Dey, L.P. (collectively, "Dey") on the grounds that the "Master CD" contains allegedly privileged documents and that Georgia DCH has not waived its privilege with respect to these documents. We disagree.

    Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Georgia DCH was required to produce documents on August 15, 2008 or make a timely, written objection. Georgia DCH produced documents on or around August 20, 2008 and did not make any written objection to the Subpoena. In complying with the Subpoena, Georgia DCH was required to act in good faith pursuant to Rule 45, and, to the extent it intended to withhold any documents on the basis of privilege, Georgia DCH was required to review the documents before production and provide a privilege log of the documents withheld. Not only did Georgia DCH take no affirmative steps to assert a privilege by providing a privilege log, Georgia furnished a written response to each request from Mr. Dubberly confirming its intention to turn over the documents. Jerry Dubberly's cover memorandum states that communications with attorneys were being produced.

    Georgia DCH, therefore, waived any privilege by intentionally producing the documents without any effort to protect or claim any privilege. Georgia DCH has admitted no attorney reviewed the documents before they were produced, and still has not identified which documents it now claims to be privileged. Georgia DCH further waived any privilege with respect to its document production when it failed to provide a privilege log pursuant to Rule

NY01/KATZC/1312684.2

KELLEY DRYE & WARREN LLP

Michelle Townes, Esq.
October 15, 2008
Page Two

45(d)(2)(A). *See In re Grand Jury Subpoena (Custodian of Records, Newparent, Inc.), A. Nameless Lawyer (A Pseudonym) et al.*, 274 F.3d 563, 576 (1st Cir. 2001).

The deposition was originally scheduled to proceed on October 8, 2008. We now have no date because of Georgia DCH's refusal to comply with the Federal Rules of Civil Procedure and the Protective Order. Notwithstanding the foregoing, and consistent with Rule 45 and the Protective Order, Dey will continue to maintain the hard-copy documents in sealed packages pending receipt of Georgia DCH's written list of documents claimed to be privileged. Dey will also return the "Master CD" provided that Georgia DCH will promptly produce a replacement CD and provide a privilege log pursuant to Rule 45(d)(2)(A).

We do not believe it is unreasonable to require Georgia DCH to identify the documents it claims as privileged. This is required by the Protective Order entered in this action, which, as the United States has advised us on your behalf, governs Georgia DCH's production. *See* Protective Order at ¶ 27. Indeed, the party in possession of a document claimed as privileged by the producing party needs to know which document is claimed as privileged in order to be able to make specific "challenges" to the producing party's privilege assertion.

You have attached screen printouts of a folder labeled "L_Drive.pst," which contains a subfolder marked "Privileged?", which you contend "should have been enough to signal" us that the documents contained in the folder were privileged. The CD containing these folders was furnished by Dey to the United States. This folder was created by us prior to September 5, 2008 in our effort to sort the documents. The question mark signifies our doubts about your privilege claims. In fact, on September 5, 2008, we returned to you the documents that seemed to be privileged at the time because they were marked "Attorney Client Communication" and "subject to the attorney client privilege" – despite the fact that any privilege attaching to these documents was waived by Georgia DCH's production. We also informed you that we would not disseminate your production until Georgia DCH had the opportunity to re-review its production. It was not our burden to perform a privilege review on your behalf, determine which documents could be privileged, and "specifically" identify each of those documents. When you informed us on September 23, 2008 that we may proceed to disseminate Georgia DCH's production, we assumed that you had re-reviewed the production and determined that no additional privilege issues existed.

Please confirm that you will furnish your list of hard-copy documents claimed to be privileged and a privilege log for any electronic documents by October 25.

NY01/KATZC/1312684.2

KELLEY DRYE & WARREN LLP

Michelle Townes, Esq.
October 15, 2008
Page Three

      Dey reserves all of its rights with respect to the foregoing, including all of its grounds to challenge any privilege asserted by Georgia DCH with respect to any of the documents on the "Master CD" or the hard-copy documents.

      Very truly yours,

      Clifford Katz

cc:    Mark Lavine, Esq. (via e-mail)
       John Reale, Esq. (via e-mail)
       David S. Torborg, Esq. (via e-mail)