UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br>THIS DOCUMENT RELATES TO: <br><br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS | MDL No. 1456 <br>Master File No. 01-CV-12257-PBS <br>Subcategory Case. No. 06-11337 <br><br>Hon. Patti B. Saris <br><br>Magistrate Judge <br>Marianne B. Bowler |

### DECLARATION OF CLIFFORD KATZ IN SUPPORT OF DEFENDANTS DEY, INC., DEY, L.P., AND DEY L.P., INC.'S MOTION TO COMPEL LUIS COBO AND VEN-A-CARE OF THE FLORIDA KEYS, INC. TO PRODUCE DOCUMENTS

**CLIFFORD KATZ** declares, pursuant to 28 U.S.C. § 1746, that:

1. I am associated with the law firm of Kelley Drye & Warren LLP, counsel to Dey, Inc., Dey L.P., Inc., and Dey, L.P. (collectively "Dey"). I am admitted to practice law in the State of New York and have been admitted *pro hac vice* in this action.

2. I make this Declaration in support of Dey's Motion to Compel Luis Cobo and Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care") to Produce Documents.

3. The basis for my knowledge is my review of the files maintained by Kelley Drye & Warren LLP as part of its representation of Dey, including the documents attached hereto, and my own personal knowledge of the facts and circumstances set forth herein.

4. Attached hereto as Exhibit A are true and correct copies of excerpts of the January 18, 2008 deposition of Luis Cobo.

5. Attached hereto as Exhibit B are true and correct copies of excerpts of the March 4, 2008 deposition of Luis Cobo.

6. Attached hereto as Exhibit C are true and correct copies of excerpts of the July 31, 2008 deposition of Luis Cobo.

7. Attached hereto as Exhibit D is a true and correct copy of the Florida Medicaid case file for Cobo Pharmacy, marked Dey Exhibit 181 and FL-AG-0002871-2970.

8. Attached hereto as Exhibit E is a true and correct copy of Ven-A-Care's Complaint Adopting United States' Complaint In Intervention Against Dey, Inc., Dey L.P., Inc. and Dey, L.P. and Requesting Additional Relief, filed October 31, 2006.

9. Ven-A-Care filed lawsuits against Dey on behalf of the State of Texas (filed under seal in 1999, unsealed in 2000), the State of California (filed under seal in 1998, unsealed in 2005), and the State of Florida (filed under seal in 1998, unsealed in 2003).

10. Ven-A-Care filed an action on behalf of the State of Texas, captioned *State of Texas, ex rel. Ven-A-Care of the Florida Keys v. Alpharma, Inc., et al.*, No. D-1-GV-08-001565 (Travis County Dist. Ct.). This action was unsealed this year and the State of Texas filed its complaint on July 9, 2008.

11. Attached hereto as Exhibit F are true and correct copies of excerpts of the December 6, 2007 deposition of John Lockwood.

12. In *The State of Florida ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corp., et al.*, Case No. 98-3032A, the State of Florida produced claims data for claims submitted by pharmacies to Florida Medicaid, including data for seven claims submitted by Cobo Pharmacy for Dey's albuterol sulfate, National Drug Code 49502069733, which is at issue in this lawsuit. For each of these claims, the Florida Medicaid data contains the billed amounts submitted by Cobo Pharmacy under the field heading "Total Claim Charge." Florida has not produced claims data for claims submitted by Ven-A-Care to Florida Medicaid for any of Dey's drugs.

13. Attached hereto as Exhibit G are true and correct copies of excerpts of the Florida Medicaid's Prescribed Drug Services, Coverage, Limitations, and Reimbursement Handbook, effective August 1998 ("Florida Medicaid Pharmacy Handbook").

14. Attached hereto as Exhibit H are true and correct copies of excerpts of the Florida Medicaid Pharmacy Handbook, effective July 1999.

15. Attached hereto as Exhibit I are true and correct copies of excerpts of the Florida Medicaid Pharmacy Handbook, effective January 1989.

16. Attached hereto as Exhibit J is a true and correct copy of Dey's subpoena *duces tecum* to Luis Cobo, served August 4, 2008 (the "Subpoena").

17. Alison W. Simon, Esq., counsel for Ven-A-Care and Luis Cobo, agreed to accept service of the Subpoena. Attached hereto as Exhibit K is a true and correct copy of an e-mail string, dated August 4, 2008, in which Ms. Simon agreed to accept service of the Subpoena.

18. Attached hereto as Exhibit L is a true and correct copy of Luis Cobo's Objections to the Subpoena, dated August 18, 2008.

19. On August 29, 2008, Clifford Katz, counsel for Dey, and Gary L. Azorsky and Alison W. Simon, counsel for Ven-A-Care and Luis Cobo, held a meet and confer regarding the Subpoena and Mr. Cobo's objections. Counsel for Ven-A-Care stated that Mr. Cobo was in possession of a larger volume of documents than one banker's box. Counsel for Ven-A-Care requested more specific document requests to which it would respond.

20. Attached hereto as Exhibit M is a true and correct copy of a September 8, 2008 letter from Clifford Katz to Gary L. Azorsky and Alison W. Simon, stating thirteen revised document requests with respect to the Subpoena, including documents concerning Medicaid claims submitted by Cobo Pharmacy, Cobo Pharmacy's Usual and Customary Charges, Cobo Pharmacy's net profits or losses, and the audits of Cobo Pharmacy performed by Mr. Cobo and

the Florida Medicaid program. Mr. Cobo did not respond to the revised document requests by September 19, 2008, as requested in the letter.

21. Attached hereto as Exhibit N is a true and correct copy of an email, dated October 3, 2008, from Alison W. Simon, counsel for Ven-A-Care and Luis Cobo, to Clifford Katz, counsel for Dey.

22. Attached hereto as Exhibit O is a true and correct copy of an email dated October 15, 2008 from Alison W. Simon, counsel for Ven-A-Care and Luis Cobo, to Clifford Katz, counsel for Dey.

23. On October 24, 2008, Alison W. Simon, counsel for Ven-A-Care and Mr. Cobo, and Clifford Katz, counsel for Dey held another meet and confer. At this time, Ms. Simon informed me that, although Mr. Cobo has twenty to thirty boxes of documents in his possession relating to Cobo Pharmacy, Mr. Cobo was refusing to produce any documents based on the ground of relevance. Ms. Simon further stated that Mr. Cobo has no documents responsive to requests eight or eleven set forth in the September 8, 2008 letter.

24. Attached hereto as Exhibit P is a true and correct copy of Dey's First Set Of Requests For Production Of Documents And Tangible Things To Relator Ven-A-Care Of The Florida Keys, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 1, 2008.

/s/ Clifford Katz
Clifford Katz

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on December 2, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Clifford Katz
Clifford Katz