# EXHIBIT L



LEXISNEXIS® FILE & SERVE
21115372
E-SERVICE
Aug 18 2008
4:14PM

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE: PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE LITIG.  )
——————————————————  )
 )
THIS DOCUMENT RELATES TO:  )
*United States of America, ex rel.*  )        MDL No. 1456
*Ven-A-Care of the Florida Keys, Inc., et al.*  )   Master File No. 01-12257-PBS
*v. Dey, Inc., et al.*  )
CIVIL ACTION NO. 05-11084-PBS  )        Hon. Patti B. Saris

## NOTICE OF OBJECTIONS TO DEFENDANTS' SUBPOENA DUCES TECUM DIRECTED TO LUIS E. COBO

      PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the attached Objections to Defendants' Subpoena Duces Tecum Directed to Luis E. Cobo will be served upon the following:

Paul F. Doyle
Sarah L. Reid
Neil Merkl
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212 808-7800
Facsimile: (212) 808-7897

*Counsel for Defendants Dey, Inc.,*
*Dey L.P., Inc., Dey, L.P.*

DATED: August 18, 2008

On behalf of Luis E. Cobo,

James J. Breen
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470
Telephone: (954)-874-1635
Fax: (954)-874-1739

malta440193.wpd

Email: jbreen@breenlaw.com

/s/ Joy Clairmont
Gary L. Azorsky
Roslyn G. Pollack
Joy Clairmont
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (215)-875-3000
Fax: (215)-875-4604
Email:gazorsky@bm.net

malta440193.wpd

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to paragraph 11 of Case Management Order No. 2 entered in the pending case in the United States District Court for the District of Massachusetts by sending on August 18, 2008, a copy to Lexis Nexis File & Serve for posting and notification to all parties.

/s/   Joy Clairmont

malta 440193.wpd

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY ) | **Pending in:** |
| AVERAGE WHOLESALE PRICE LITIG. ) | **UNITED STATES DISTRICT COURT** |
| ——————————————————— ) | **FOR THE DISTRICT OF** |
| ) | **MASSACHUSETTS** |
| THIS DOCUMENT RELATES TO: ) | |
| *United States of America, ex rel.* ) | MDL No. 1456 |
| *Ven-A-Care of the Florida Keys, Inc., et al.* ) | Master File No. 01-12257-PBS |
| *v. Dey, Inc., et al.* ) | |
| CIVIL ACTION NO. 05-CV-11084-PBS ) | Hon. Patti B. Saris |

## OBJECTIONS TO DEFENDANTS' SUBPOENA
## DUCES TECUM DIRECTED TO LUIS E. COBO

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Luis E. Cobo, by

and through his undersigned counsel, files these Objections to the subpoena duces tecum issued

by Defendants Dey Inc., Dey L.P., Inc. and Dey, L.P. ("Defendants" or "Dey")[1] and states:

### SPECIFIC OBJECTIONS TO DEFINITIONS

1.      Mr. Cobo objects to the Defendants' Definitions to the extent they are

inconsistent with or in excess of that which is required by the Federal Rules of Civil Procedure,

the Local Rules of the Southern District of Florida, the Local Rules of the District of

Massachusetts and Judge Saris's Case Management Orders relevant to the pending action in the

District Court for the District of Massachusetts.

2.      Further, to the extent that the Definitions require disclosure of Attorney-Client

communications, documents protected from discovery as attorney work product, and as materials

---

[1] A copy of the subpoena duces tecum is attached hereto.  Exhibit A to the subpoena
requests "All Documents concerning Cobo Pharmacy."

malta440193.wpd                                    1

developed in anticipation or preparation of litigation, or any other applicable privilege, Mr. Cobo objects to such Definitions and shall not be bound thereby.

3.      Mr. Cobo objects to the definition of the term "Cobo Pharmacy," (definition #1) as vague, confusing and unclear to the extent that it implies that Cobo Pharmacy is still in existence when in fact it was acquired by Eckerd in June 2000.  Further, this definition is vague, confusing and unclear in that it describes Cobo Pharmacy's location as "937 Fleming Street, Key West, Florida, 33040," a place where the pharmacy is no longer located and has not been located since 2000.

4.      Mr. Cobo objects to the definition of the term "concerning," (definition #2) as vague and ambiguous in that it includes the terms and phrases "embodying," "mentioning," "supporting," "contradicting," "whether directly or indirectly," and "as required by the context to bring within the scope of the requests," and is not subject to objective application in identifying responsive information without being unduly burdensome, unreasonable, annoying, oppressive and harassing.

## OBJECTIONS TO DOCUMENT REQUEST

**1.      All Documents concerning Cobo Pharmacy.**

Incorporating herein by reference all Objections to Definitions, Mr. Cobo, through his undersigned counsel, states the following objections to the document request:

1.      Mr. Cobo objects to the scope of the subpoena to the extent it calls for documents that are not within the possession, custody or control of Mr. Cobo.

2.      Mr. Cobo objects to the subpoena to the extent it seeks information protected from disclosure by any privilege or doctrine, including the attorney-client privilege, the work

malta440193.wpd                                    2

product doctrine, or any other applicable basis for invoking privilege.

     3.    Mr. Cobo objects to the subpoena to the extent that the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome or less expensive.

     4.    Mr. Cobo objects to the subpoena as overly broad, unduly burdensome, unreasonable, annoying, oppressive and harassing in that it seeks information for an unlimited time period which potentially could extend back 54 years to when Cobo Pharmacy first opened. Also, the subpoena presumably covers a period of time (since 2000) when Mr. Cobo has not even owned Cobo Pharmacy nor been in charge of the integrity of the records.

     5.    Mr. Cobo objects to the subpoena as overly broad, unduly burdensome, unreasonable, annoying, oppressive and harassing in that it does not at all limit the scope of the documents requested. It fails to describe the documents sought with any level of particularity whatsoever.

     6.    Mr. Cobo objects to the subpoena as seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence in violation of Rule 26(b)(1). Cobo Pharmacy was, before it was purchased by Eckerd in 2000, a licensed pharmacy and not a party to the present litigation.

     7.    Mr. Cobo objects to the subpoena as overly burdensome and inconvenient in designating a location in Miami, Florida as the place of production when Mr. Cobo lives and works more than 100 miles away in Key West, Florida. He would need to drive at least three hours to produce documents in Miami in order to comply with this subpoena.

     8.    Mr. Cobo is withholding documents which he believes are responsive to this

malta440193.wpd                                 3

subpoena for the reasons stated herein.

9.      The objections set forth herein are based on information now known to Mr. Cobo

and his attorneys and are made without prejudice to Mr. Cobo's right to assert additional

objections should grounds for objection be discovered at a later time.

DATED: August 18, 2008

On behalf of Luis E. Cobo,

James J. Breen
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470
Telephone: (954)-874-1635
Fax: (954)-874-1739
Email: jbreen@breenlaw.com

/s/ Joy Clairmont
Gary L. Azorsky
Roslyn G. Pollack
Joy Clairmont
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (215)-875-3000
Fax: (215)-875-4604
Email: gazorsky@bm.net

malta440193.wpd

A088 (rev. 12/06) Subpoena in a Civil Case



21115372

Aug 18 2008
4:14PM

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br><br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS | **Pending in:**<br><br>**UNITED STATES DISTRICT COURT**<br>**FOR THE DISTRICT OF MASSACHUSETTS**<br><br>MDL NO. 1456<br>Master File No. 01-CV-12257-PBS<br><br>Hon. Patti B. Saris |

## SUBPOENA DUCES TECUM

TO:    Luis E. Cobo
       c/o Alison W. Simon, Esq.
       The Breen Law Firm, P.A.
       P.O. Box 297470
       Pembroke Pines, Florida 33029

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Exhibit A

| PLACE<br>Broad & Cassel<br>One Biscayne Tower<br>2 South Biscayne Blvd., 21st Floor<br>Miami, FL 33131 | DATE AND TIME<br>September 4, 2008 at 9:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants Dey, Inc., Dey L.P., Inc. and Dey, L.P.  *Clifford Katz* | August 4, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Clifford Katz, Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 (212) 808-7800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

A088 (rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

SERVED

SERVED ON (PRINT NAME)      MANNER OF SERVICE

SERVED BY (PRINT NAME)      TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE                            SIGNATURE OF SERVER

                                                     ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## Documents Requested

1.      All Documents concerning Cobo Pharmacy.

## Definitions

1.      "Cobo Pharmacy" means the pharmacy that was owned in whole or in part by Luis E. Cobo, located at 937 Fleming Street, Key West, Florida 33040.

2.      "Concerning" means referring to, relating to, regarding, describing, explaining, stating, evidencing, recording, constituting, pertaining to, reflecting, comprising, containing, embodying, mentioning, showing, supporting, contradicting, and discussing, whether directly or indirectly, as required by the context to bring within the scope of the request any document or documents that might be deemed outside their scope by another construction.

3.      The term "Documents" is used in its broadest sense as construed by the Federal Rules of Civil Procedure and means and includes, without limitation, graphic matter of any kind or nature, whether written, printed, typed, recorded, filmed, punched, transcribed, taped or produced or reproduced by any other means. The term "Documents" means and includes, without limitation, all appraisals, records, notes, e-mails, cablegrams, telexes, facsimiles, studies, calendars, day-timers, diaries, desk calendars, appointment books, agendas, minutes, pamphlets, envelopes, telephone messages, graphs, records of meetings, summaries, records or recordings of telephone conversations, summaries or records of personal conversations of interviews, summaries or records of meetings or conferences, tabulations, logs, analyses, evaluations, projections, work papers, statements, agreements, memoranda, reports, journals, billing records, invoices, correspondence, letters, audits, financial statements, balance sheets, accounting entries, tax returns, loan documents, books, pamphlets, checks or other records of payment, bills, claims, brochures, manuals, instructions, and/or all written or recorded matter of any kind whatsoever. The term "Documents" also means and includes every other means by which information is recorded or transmitted including, without limitation, photographs, videotapes, tape recordings, microfilms, punchcards, computer programs, printouts, computer disks, diskettes or CD-ROMs, software, all recordings made through data processing or computer techniques, and the written information necessary to understand and use such materials. The term "Documents" is further defined to mean the original, any drafts, and any nonidentical copies (*e.g.*, those bearing notations or marks not found on the original document).