UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>PROPOSED NATIONWIDE CLASSES 2 AND 3 AS TO ASTRAZENECA AND BMS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM IN (I) OPPOSITION TO JOINT MOTION
BY ASTRAZENECA AND BMS TO STAY ENTRY OF MULTI-STATE
CLASS CERTIFICATION ORDER PENDING APPEAL OF
MASSACHUSETTS CLASS JUDGMENT AND (II) RESPONSE
TO OBJECTIONS BY ASTRAZENECA AND BMS TO ENTRY OF ORDER**

On September 26, 2008, the Court issued an opinion granting in part Plaintiffs' renewed motion for nationwide class certification against Defendants AstraZeneca Pharmaceuticals LP and Bristol-Myers Squibb Company (Dkt. No. 5612). On November 20, 2008, and as the Court requested, Plaintiffs submitted a proposed class certification order consistent with the opinion (Dkt. No. 5691, the "Proposed Order"). AstraZeneca and BMS moved to stay entry of the Proposed Order pending resolution of their appeals from the November 20, 2007 Massachusetts trial judgments (Dkt. No. 5700). They have also filed objections to entry of the Order (AstraZeneca, Dkt. No. 5705; BMS, Dkt. No. 5709). The Court should reject the objections and the stay request.

**A.     Opposition to Motion to Stay Entry of Multi-State Class Certification Order**

The sole rationale underpinning the stay motion is that the First Circuit's pending review of the Court's November 20, 2007, Trial Ruling could impact the Proposed Order. Joint Mtn. at

3-6. It is unlikely that the First Circuit will overturn this Court's Trial Ruling, and, if it does, any reversal will not be of class certification. This is because, contrary to AstraZeneca and BMS's suggestion, they did not appeal the underlying class certification order.

BMS's points on appeal are as follows:

- The Court's ruling on the definition of AWP was wrong as a matter of law.

- The Court's ruling that Defendants are liable under state law conflicts with and is preempted by federal law.

- The claims of the Class 2 Plaintiffs are barred by federal law for failure to exhaust administrative remedies, because "fraud on HCFA" conflicts with federal law, and because federal law occupies the field of Medicare payment determinations.

- The Court erred in holding that BMS's conduct violated Chapter 93A, including argument that BMS's conduct was neither unfair nor deceptive and that Plaintiffs did not demonstrate causation.

AstraZeneca's appellate contentions largely overlap BMS's:

- The Court erred in defining the speed limit under Chapter 93A.

- Chapter 93A is preempted to the extent it imposes a duty to calculate AWP as an actual average sales price.

- AstraZeneca's calculation of AWP as a benchmark over list price was not unfair or deceptive and did not cause the alleged harm.

- Plaintiffs failed to prove a loss of money or property.

AstraZeneca did appeal entry of a class-wide judgment against it, but this played a minor role in the parties' briefing before the First Circuit, which predominantly focused on preemption, the plain meaning rule, Chapter 93A, causation, and damages. And the appeal does not involve multi-state class certification issues given that the trial was on behalf of classes certified under only Massachusetts law. In contrast, the Court's September 26, 2008, class certification opinion is limited to the application of multi-state law.

Based on the arguments contained in the appellate briefing and the questions at oral argument (none of which pertained to class certification), even if the First Circuit were to modify the Trial Ruling, it is likely that some measure of class certification will endure. Given that AstraZeneca and BMS promise to file a Rule 23(f) petition seeking review of the Proposed Order after entry, Joint Mtn. at 3, that process should not be delayed. Indeed, as the 1998 Advisory Committee comments make clear, much of the intent in establishing the procedure for appellate review set forth in Rule 23(f) was to ensure that underlying proceedings were <u>not</u> delayed as AstraZeneca and BMS propose. *See id.* ("The 10-day period for seeking permission to appeal is designed to reduce the risk that attempted appeals will disrupt continuing proceedings.").

It is likely that the briefing on the Rule 23(f) petition can be completed before the First Circuit issues its opinion on the pending appeals. And in the unlikely event that the opinion implicates class certification issues, the parties can petition the court for leave to submit supplemental Rule 23(f) briefing, or, if the Rule 23(f) appeal is still pending, ask this Court to reconsider its class certification decision in light of what the First Circuit opines. *See*, *e.g.*, *Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir. 1979) (articulating First Circuit rule that parties may move for reconsideration without seeking leave of appellate court overseeing pending appeal). Thus, there is a well-recognized mechanism for dealing with a change of controlling authority while an appeal is pending, and that mechanism is not the perpetual delay that AstraZeneca and BMS seek.

Staying the entry of the Proposed Order will only serve to prolong this litigation, which has been pending for over seven years. AstraZeneca and BMS suggest that no harm to Plaintiffs or the Classes will accrue as a result of the requested stay. Joint Mtn. at 6-7. But they overlook that Plaintiffs and the Class members are elderly Medicare patients who have undergone cancer

treatment. Given the increased mortality rate of this cohort, any delay in delivering financial relief from either a settlement or trial verdict has an adverse impact. The motion should be denied.

**B.     Response to Objections**

AstraZeneca incorporates all of its prior objections to class certification and then purports to raise additional objections. AstraZeneca Objections at 3-4. Objections two through five appear to encapsulate arguments already made by AstraZeneca and rejected by the Court. In response, Plaintiffs incorporate all of their prior class certification briefing. In any event, to the extent any "new" arguments are raised, they are most definitely <u>waived</u> at this late date, well after the close of class certification briefing and issuance of the Proposed Order. *See United States v. Boskic*, 2008 U.S. App. LEXIS 23062, at *58 n.21 (1st Cir. Oct. 22, 2008) ("Arguments advanced for the first time in a reply brief are deemed waived, *United States v. Marti-Lon*, 524 F.3d 295, 299 n.2 (1st Cir. 2008), and we therefore do not address that contention.").

AstraZeneca also objects to inclusion of the provision declining to certify issues for interlocutory appeal. AstraZeneca Objections at 3. These provisions were contained in the Court's original class certification order, and Plaintiffs included them in the Proposed Order for consistency. If AstraZeneca (and BMS) are not seeking such certifications, then the provision can be removed from the Proposed Order.

BMS purports to incorporate AstraZeneca's objections and then raises additional objections to the 11 individuals named as Class 3 representatives as to BMS. First, BMS claims that Joyce Dison was the only individual named class representative that the Court approved in its September 26, 2008 Order. BMS Objections at 1. This is not a reasonable interpretation of the Court's opinion. While the Court specifically reviewed and rejected BMS's challenges to

Ms. Dison's standing specifically, the Court also noted that BMS had challenged "most of the 14 individual consumer Non-Medicare Class representatives" on the same grounds. *In re Pharm. Indus. Average Wholesale Price Litig.*, 252 F.R.D. 83, 2008 U.S. Dist. LEXIS 73687, at *80-81 (D. Mass. Sept. 26, 2008). In rejecting BMS's challenges to Ms. Dison's standing, the Court found that "Ms. Dison appears to have paid for Cytoxan and Rubex, which are also at issue in this litigation." *Id.* at *81. As set forth in Plaintiffs' reply brief in support of their motion for class certification (Dkt. No. 5033, at 38), in addition to Ms. Dison, this <u>same</u> reasoning applies to the remaining representatives named in the Proposed Order as to BMS (Cheryl Barreca, Anna Choice, Donna Kendall, Sandra Leef, Gerald Miller, Constance Nelson, Andrea Palenica, Scott Tell, Pauline Vernick, and Mardolyn Vescovi). They are, therefore, adequate Class 3 representatives as to BMS.[1]

Second, BMS claims that the proposed Class 3 representatives cannot be representatives because the drugs that they were administered were all multi-source prior to the class period. BMS did not raise this argument in opposition to Plaintiffs' motion. *See* Defendant BMS's Memorandum of Law in Opposition to Plaintiffs' Motion to Certify Nationwide Classes 2 & 3 (Dkt. No. 4979), at 20-21. Therefore, it has been waived. *See Boskic*, 2008 U.S. App. LEXIS 23062, at *58 n.21. Nonetheless, and as BMS acknowledges, proposed representatives Scott Tell and Gerald Miller received Paraplatin, *see* BMS Objections at 2 n.1, which was not multi-source prior to the class period. BMS asserts that their claims should nonetheless be precluded because this Court found that the spreads for Paraplatin were below 30%. But as the Court also found, a jury could adopt a different benchmark. 2008 U.S. Dist. LEXIS 73687, at *78-79 (upholding CMHV as a class representative because jury could find different damages benchmarks).

---

[1] In their Reply Brief, Plaintiffs also listed Regina Shoemaker, but this Court found that Ms. Shoemaker could not be a Class 3 representative because she resides in Indiana. *See* 2008 U.S. Dist. LEXIS 73687, at *83.

Therefore, the Court's previous finding of non-liability is not controlling in determining whether Messrs. Miller and Tell are adequate Class 3 representatives; they are adequate, in addition to the others.

In conclusion, Plaintiffs respectfully request that the Court reject the AstraZeneca and BMS objections and stay request and enter the Proposed Order without delay.

DATED: December 2, 2008				By	/s/ **Steve W. Berman**
						    Thomas M. Sobol (BBO#471770)
						    Edward Notargiacomo (BBO#567636)
						Hagens Berman Sobol Shapiro LLP
						One Main Street, 4th Floor
						Cambridge, MA  02142
						Telephone: (617) 482-3700
						Facsimile: (617) 482-3003

						**LIAISON COUNSEL**

						Steve W. Berman
						Sean R. Matt
						Hagens Berman Sobol Shapiro LLP
						1301 Fifth Avenue, Suite 2900
						Seattle, WA  98101
						Telephone: (206) 623-7292
						Facsimile: (206) 623-0594

						Jeffrey Kodroff
						John A. Macoretta
						Spector, Roseman Kodroff & Willis, P.C.
						1818 Market Street, Suite 2500
						Philadelphia, PA  19103
						Telephone: (215) 496-0300
						Facsimile: (215) 496-6611

						Kenneth A. Wexler
						Jennifer Fountain Connolly
						Wexler Wallace LLP
						55 W. Monroe, Suite 3300
						Chicago, IL  60603
						Telephone: (312) 346-2222
						Facsimile: (312) 346-0022

        Marc H. Edelson
        Hoffman & Edelson
        45 West Court Street
        Doylestown, PA  18901
        Telephone: (215) 230-8043
        Facsimile: (215) 230-8735

        **CO-LEAD COUNSEL FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' MEMORANDUM IN (I) OPPOSITION TO JOINT MOTION BY ASTRAZENECA AND BMS TO STAY ENTRY OF MULTISTATE CLASS CERTIFICATION ORDER PENDING APPEAL OF MASSACHUSETTS CLASS JUDGMENT AND (II) RESPONSE TO OBJECTIONS BY ASTRAZENECA AND BMS TO ENTRY OF ORDER**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 2, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                                     **/s/ Steve W. Berman**
                                                                     Steve W. Berman