UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



FILED
IN CLERKS OFFICE
2008 NOV 28  A 9 34
U.S. DISTRICT COURT
DISTRICT OF MASS.

——————————————————X
:
IN RE PHARMACEUTICAL INDUSTRY AVERAGE        :   01-CV-12257-PBS
AVERAGE WHOLESALE PRICE LITIGATION           :   MDL No. 1456
——————————————————X

### OBJECTING CLASS MEMBER JAMES W. WILSON'S OBJECTION TO COURT'S APPROVAL OF THE SETTLEMENT AND ATTORNEYS' FEES

James King, Esquire on behalf of James W. Wilson, respectfully submits this Objection to the Court approving said settlement. An Affidavit of James W. Wilson is attached hereto which demonstrates he is a member of the class. The basic reason for the objection is that the attorneys fees are too high. Moreover, the Notice is not specific as to the amount of the attorneys fees. The Notice only states the attorneys will request 33α% plus interest. It does not specify if the percentage is from the $21.8 Million or the $125 Million. Awarding a third of either number would be too high for the result obtained.

**I.   THIS HONORABLE COURT SHOULD NOT APPROVE THE SETTLEMENT BECAUSE IT IS NOT FAIR, NOT ADEQUATE AND NOT REASONABLE**

Courts consistently favor settlement of disputed claims. <u>Williams v. First Nat'l Bank</u>, 216 U.S. 582, 595 (1910); <u>Durret v. House Auth. Of Providence</u>, 896 F. 2d 600, 604 (1st Cir. 1990); <u>In re Viatron Computer Sys. Corp. Litig.</u>, 614 F.2d 11, 15 (1st Cir. 1980); <u>In re First Commodity Corp. Customer Accounts Litig.</u>, 119 F.R.D 301, 313 (D. Mass. 1987); see also Local Rule 16.4(a) (providing that "[t]he judicial officer shall encourage the resolution of disputes by settlement . . ."). Settlement spares the litigants the uncertainty, delay, and expense of a trial, while simultaneously reducing the burden on judicial resources.

Nowhere is this policy more appropriate than in class actions. "Particularly in class action cases, 'there is an overriding public interest in favor of settlement.'" <u>Lazar v. Pierce</u>, 757 F. 2d 435, 440 (1st Cir. 1985) (noting "overriding public interest in favor of the voluntary settlement

of disputes, in particularly where class action suits are involved."); Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977) (citation omitted); See also Durret, 896 F.2d at 604; In re Fleet/Norstar Sec. Litig., 935 F.Supp. 99, 105 (D.R.I 1996) ("The district court's discretion is circumscribed by the long-recognized policy of encouraging settlements"); In re First Commodity Corp., 119 F.R.D. at 313; In re Warner Communications Sec. Litig., 618 F. Supp. 735, 740 (S.D.N.Y. 1985), aff'd. 798 F.2d 35 (2d Cir. 1986). "Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such ligation imposes upon already scarce judicial resources." Armstrong v. Bd. Of Sch. Dirs., 616 F. 2d 305, 313 (7th Cir. 1980). Approval of a class action settlement is within the sound discretion of the trail court and will not be overturned absent clear abuse of the discretion. Greenspun v. Bogan, 492 F. 2d 375, 381 (1st Cir. 1974); See also City P'Ship Co. V. Atlantic Acquisition Ltd P'Ship, 100 F.3d 1041, 1044 (1st Cir. 1996).

The Court must undertake a detailed assessment of the terms of the Settlement, the interests of the Class Members as well as any third parties that might be affected by the settlement, and the circumstances of the litigation and the proposed settlement. See Duhaime v. John Hancock Mut. Life Ins. Co., 183 F.3d 1, 2, 7 (1st Cir. 1999).

Objector Wilson maintains that after the Court undertakes a detailed assessment of the settlement the conclusion will be that this settlement is not fair, adequate or reasonable.

Respectfully submitted,

Date: November 26, 2008

JAMES KING, Esquire
Offerman & King, LLP
6420 Wellington Place
Beaumont, Texas 77706
(409) 860-9000