UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2008 DEC -1 P 3: 35
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL CLASS ACTIONS RELATING TO TRACK TWO DEFENDANTS | Hon. Patti B. Saris |

## OBJECTION TO CLASS ACTION SETTLEMENT AND NOTICE OF INTENT TO APPEAR OF CLASS MEMBER PATRICIA WEATHERLY

Class member Patricia Weatherly ("Weatherly") of Texas hereby objects to the proposed class action settlement and gives notice of her intent to appear through local counsel (Richard F. Landrigan) at the fairness hearing scheduled for December 16, 2008.

Weatherly is part of the lawsuit because she made a percentage co-payment for certain drugs identified in the class membership drug list between January 1, 1991 and March 1, 2008.

Weatherly has carefully reviewed the proposed class action settlement and has determined that it should not be approved because it is not fair, reasonable, and adequate. Weatherly adopts all of the objections made by all of the other class members and submits the following additional objections in support of her position that the proposed class action settlement it is not fair, reasonable, and adequate:

1

1.  The proposed class action settlement does not reimburse class members for any of their costs of obtaining medical records and billing records needed to substantiate their claims. Unless class members obtain their medical records and billing records, many of them are simply not going to be in a position to be able to document a claim for benefits. Additionally, many class members are not going to be able to make a claim for benefits because the costs of obtaining their medical records and billing records may exceed the benefit they may derive from the proposed settlement. Most healthcare providers charge fees to provide copies of medical records and bills. The costs have increased so much that the federal government and most states have enacted laws limiting the amount that healthcare providers may charge patients. (See, HIPAA privacy standards section 164.524 (c)(4), Texas Medical Board Rules chapter 165.2.) Even with state and federal regulations, the fees most healthcare providers may charge can exceed the anticipated benefit to the class member in this proposed class action settlement. By not reimbursing class members for the costs of obtaining their medical records and billing records, many class members will be discouraged or prevented from filing a claim. At least some amount of money should be set aside for reimbursement of class members for the costs of obtaining their medical records and billing necessary to substantiate a claim pursuant to the proposed settlement.

2.  Class members should be afforded more time to file their claim pursuant to the proposed settlement. Many class members do not presently have the information needed to substantiate a claim. Medical bills and records needed to substantiate a claim must be obtained by class members and they should be afforded sufficient time to obtain them. There should be

some type of abatement period during the time a class member is waiting to receive necessary medical records and bills.

3. The class action settlement proposes that the precise amount of each released company's contribution towards settlement is confidential. The settlement also proposes that the defendants are severally, not jointly, liable and if any defendant defaults on its obligations, that individual defendant is solely in default and such default does not affect any other released defendant. These provisions are not only unfair, but they afford inadequate notice to the class. The settlement is not fair, reasonable, or adequate if most of its funding is supposed to be paid by a company that may soon go bankrupt. In the alternative, if the defendants want to make secret contributions on the one hand and be only severally liable on the other hand, then all of the funding for the settlement should be placed in an interest bearing account before the settlement is approved. Otherwise, the defendants should be jointly liable in a joint settlement.

4. The notice to the class is inadequate in that it failed to disclose how much money the defendants are alleged to have benefited from their acts and omissions which gave rise to the lawsuit. There should be a disclosure of how much the defendants may have been unjustly enriched so that the class can make an informed decision of whether the settlement is fair, reasonable, and adequate.

5. The proposed settlement does not inform class members exactly what they receive. Instead, it only states that some class members will get up to $35.00 and some other claims may be worth more; that if there is not enough money left over to pay full amount of

claim, then the class member gets a pro rata share. Does this mean the class member will receive $1.00, $2.00, $35.00, or some other amount? The class member simply does not have enough information to make an informed decision of whether the proposed settlement is fair, reasonable, or adequate.

6. The proposed settlement provides "clear sailing" on attorney's fees.

7. The proposed release is overbroad and vague.

CONCLUSION

For each of the reasons stated above, the Court should reject the proposed class action settlement in its entirety as not being fair, reasonable, and adequate. Weatherly reserves the right to withdraw, revise, add to, and expand upon her objections and call witnesses and experts in support thereof.

Respectfully submitted
Patricia Weatherly

_____
Richard F. Landrigan, Esquire
BBO# 284960
COSTELLO & LANDRIGAN
421 Highland Avenue
Somerville, MA 02144
Tel. (617) 625-4322

Dated: December 1, 2008

## CERTIFICATE OF SERVICE

I hereby certify that I, Richard F. Landrigan, an attorney, caused a true and correct copy of the foregoing, **OBJECTION TO CLASS ACTION SETTLEMENT AND NOTICE OF INTENT TO APPEAR OF CLASS MEMBER PATRICIA WEATHERLY** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 1, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

Richard F. Landrigan