# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
IN RE: PHARMACEUTICAL INDUSTRY :
AVERAGE WHOLESALE PRICE :
LITIGATION : MDL No. 1456
:
: Civ. No. 01-CV-12257 PBS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: Hon. Patti B. Saris
THIS DOCUMENT RELATES TO PROPOSED :
NATIONWIDE CLASSES 2 AND 3 AS TO :
BMS AND ASTRAZENECA :
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY IN SUPPORT OF (1) JOINT MOTION BY ASTRAZENECA
PHARMACEUTICALS LP AND BRISTOL-MYERS SQUIBB COMPANY
TO STAY ENTRY OF MULTISTATE CLASS CERTIFICATION ORDER
PENDING APPEAL OF MASSACHUSETTS CLASS JUDGMENTS
AND (2) OBJECTIONS TO THE PROPOSED ORDER**

Defendants AstraZeneca Pharmaceuticals LP ("AstraZeneca") and Bristol-Myers Squibb Company ("BMS") respectfully submit this reply brief in support of their joint motion (ECF No. 5700) to stay entry of the multistate class certification order pending resolution of their appeals from the Massachusetts class judgments, and in support of their objections (ECF Nos. 5705, 5709) to plaintiffs' proposed class certification order. The Court's multistate class certification ruling rests in part upon holdings that are under consideration by the First Circuit in the pending appeals. Any reversal or remand by the First Circuit would likely have a dramatic impact upon the certification and litigation of the multistate class claims. Since the appeals were argued more than a month ago, and could be resolved at any time, staying proceedings on the multistate class claims at this time favors judicial economy and preserves the parties' resources.

2

I.  <u>Entry of a multistate class certification order, and all subsequent proceedings, should be stayed pending resolution of the appeals from the Massachusetts judgments.</u>

Plaintiffs oppose any stay of the multistate proceedings, arguing, incorrectly, that defendants did not appeal the Massachusetts class certification order and that defendants' appeals from the entry of a class-wide judgment played only a "minor role" in the appeal. In any event, plaintiffs argue, it is "likely" at least "some measure of class certification" will survive the pending appeals. Pl's Mem. (Dkt. 5731) at 2-3. None of these arguments justifies denying the requested stay.

In the pending appeals defendants directly challenge the Court's certification of the Massachusetts classes. AstraZeneca argued, for example, that "[a]llowing the case to proceed as a class action, despite intractably payer-specific issues, denied AstraZeneca its right to defend itself and enabled absent class members who lacked valid claims to prevail." *In re Pharmaceutical Industry Average Wholesale Price Litigation* (1st Cir.) (Dkt. 08-1056) ("*AstraZeneca Appeal"),* Brief for Defendant-Appellant AstraZeneca Pharmaceuticals LP ("AZ Br.") at 84; *see also id.*, Reply Brief for Defendant-Appellant AstraZeneca Pharmaceuticals LP at 44 ("Plaintiffs Fail to Justify Class Certification Or a Class-Wide Judgment."). BMS joined in AstraZeneca's arguments, "[i]n particular . . . AstraZeneca's contention that the District Court improperly certified the classes in this case and improperly issued class-wide judgments." *In re Pharmaceutical Industry Average Wholesale Price Litigation* (1st Cir.) (Dkt. 08-1055) (*"BMS Appeal"*), Brief for Defendant-Appellant Bristol-Myers Squibb Company ("BMS Br.") at 109.

AstraZeneca's opening and reply briefs on appeal devoted some twenty-five pages of argument to the Rule 23 issues, and AstraZeneca argued class certification at oral argument as well. *AstraZeneca Appeal*, AZ Br. at 80-91; *id.*, Reply Brief for Defendant-Appellant AstraZeneca Pharmaceuticals LP at 44-60; *id.*, Tr. of Oral Argument, at 3, 14-15. Even after

incorporating AstraZeneca's argument by reference pursuant to Fed. R. App. P. 28(i), BMS included additional argument on the class certification issues. *BMS Appeal*, BMS Br. at 109-11. Plaintiffs devoted twenty-five pages of the opposition brief they filed in AstraZeneca's appeal to arguments about the propriety of the class-wide judgment. *AstraZeneca Appeal*, Brief for Plaintiffs-Appellees at 62-87.

While the multistate class certification order gives rise to the *additional* objection that one cannot fairly apply the laws of multiple states to these classes simultaneously, it also raises all of the Rule 23 concerns at issue in the pending appeals – with the exception of the arguments concerning sections 9 and 11 of M.G.L. c. 93A. Plaintiffs' argument that the multistate class certification decision is "limited to the application of multi-state law," Pl's Mem. at 2, ignores this fact. Thus, in the Massachusetts appeal, AstraZeneca argues that the Court's class-wide judgment deprived AstraZeneca of its due process right to litigate individualized issues of knowledge, causation and injury (Argument IV.A.), and that the District Court's aggregate calculation of damages overlooked individual circumstances of absent class members (Argument IV. C.). *AstraZeneca Appeal*, AZ Br. at 81-84, 88-92; *see also BMS Appeal*, BMS Br. at 109-11. Reversal of the class-wide judgments on either of these grounds would require this Court to reconsider its multistate class certification order, which is grounded in the Court's holding that common issues predominate over individual issues of deception, unfairness, causation, injury and damages. If in the multistate decision the Court did not focus on fundamental Rule 23 issues such as predominance as fully as it did during the course of the Massachusetts case, it is precisely because the multistate decision rests so heavily on the Massachusetts judgments that are now on appeal.

4

Moreover, Plaintiffs fail to acknowledge that reversal of the Massachusetts judgments on grounds *other* than Rule 23 would also require the Court to reconsider the multistate class certification order and any subsequent proceedings. Joint Mot. for Stay (Dkt. 5700) at 1, 4-6. In other words, even if defendants had not appealed class certification, a reversal or remand of the Massachusetts judgments would almost certainly impact the multistate class proceedings. For example, the Court's construction of the term "average wholesale price," and the "speed limit" derived from Dr. Hartman's "yardstick" approach to liability, were key components of plaintiffs' case in the Massachusetts trial and are central issues in the pending appeals. These issues are also central to this Court's analysis of the multistate class certification. Were the First Circuit to reject the Hartman speed limit, for example, plaintiffs would need to present a new theory of liability, which would in turn have to be analyzed to determine whether individual issues would predominate over common issues. Similarly, were the First Circuit to conclude, as both AstraZeneca and BMS argue on appeal, that any aspect of plaintiffs' claims is preempted by federal law, multistate class proceedings would be mooted in whole or in part, and if mooted in part, the issue of predominance of individual issues and other class certification issues would need to be revisited.

Plaintiffs correctly point out that the pending appeals from the Massachusetts judgments do not involve issues of multistate class certification. Pl's Mem. at 2. This is in part why a stay makes so much sense here. The requested stay would make it possible to brief the complex issues of multistate class certification only after resolution of distinct issues in the pending appeals that could require substantial reworking of the multistate class certification order.

Plaintiffs' argument that at least "some measure of class certification" is "likely" to survive the pending appeals is self-serving and beside the point. If the First Circuit's rulings

5

have the effect of altering the scope of the certified classes, then any interim proceedings – including, for example, class notice – will likely have to be repeated.[1]  The prospect of having to repeat class notice to tens of thousands of potential class members across the country, and the corresponding risk of confusion, strongly counsels in favor of a stay.

Finally, plaintiffs' assertion that a stay would mean "perpetual delay" is unfounded.  Pl's Mem. at 3.  The First Circuit appeals have been briefed and argued, and await only a decision.  While no one can say with certainty when a decision will issue, this request for a stay until that time is hardly prejudicial.  Particularly after choosing to wait two months to prepare a proposed order, plaintiffs should not be heard to object to a limited stay to aid in the orderly resolution of this undeniably complex litigation.  Moreover, the classes at issue are predominantly made up of insurance companies and other commercial payers, not individual patients as plaintiffs misleadingly suggest.

This Court intended the Massachusetts trial as a bellwether case that would "provide important information for an accurate evaluation of claims under other states' laws," and it relied upon holdings made in the bellwether trial when ruling on multistate class certification.  *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 86 (D. Mass. 2005); *In re Pharm. Indus. Average Wholesale Price Litig.*, 252 F.R.D. 83 (D. Mass. 2008); Motion for Stay at 5.  Precisely for this reason, the Court should await the First Circuit's imminent review of the bellwether trial before replicating it in dozens of states.

---

[1] Plaintiffs themselves recognize that supplemental briefing of a Rule 23(f) petition and/or reconsideration of this Court's multistate class certification decision would be required if Rule 23 issues are implicated in the First Circuit's ruling on the Massachusetts judgments.  Pl's Mem. at 3.

II.   Even If the Stay is Denied, the Proposed Order Cannot Issue in its Current Form.

For all of the foregoing reasons, the Court should stay entry of any multistate class certification order. Nonetheless, defendants also briefly explain here why plaintiffs' responses to defendants' specific objections to plaintiffs' proposed order lack merit.

A.   *The Class 3 Individual BMS Representatives Do Not Have Standing*

Contrary to plaintiffs' assertion, BMS did not waive its argument that the proposed Class 3 individual representatives lack standing if they received only Cytoxan, Rubex or Paraplatin. That is precisely what BMS stated in its opposition to Plaintiffs' motion to certify nationwide Classes 2 and 3, when it argued that, of the 14 proposed individual Class 3 representatives, only Ms. Dison received a BMS drug, Taxol, at issue in the case. (BMS's Opp. Class Cert. Br. at 19, Dkt. No. 4979.) BMS singled out Taxol as the only drug at issue because (a) Cytoxan and Rubex were multi-source even before the start of the class period and thus subject to MACs for which there is no liability, *In re Pharm. Indus. Average Wholesale Price Litig.*, 491 F. Supp. 2d 20, 97 nn.73 & 75 (D. Mass. 2007) and (b) the Court had found that no liability attached to Paraplatin because the spreads were below 30% during the class period and/or BMS achieved more than 50% of its net revenues in sales within 5% of list price. *Id.* at 106. [2]  Plaintiffs well understood BMS's argument; indeed, they responded to it in their Reply Memorandum dated February 1, 2008 (Dkt. No. 5033) at 29.   Since this argument was not waived, we now turn to Plaintiffs' only response on the merits.

Plaintiffs contend that the Court's willingness to certify CMHV as a class representative means that the Court is willing to allow a jury in a nationwide Class 2/3 trial to adopt different

---

[2] As to Taxol, BMS noted that the Court limited BMS's liability to sales of Taxol for a six-month period in 2001. (Id. at 19 n.24.) With respect to Ms. Dison, BMS demonstrated that her insurer paid for Taxol in full. (Id. at 19.)

liability thresholds from those used by the Court in the Massachusetts trial.  This makes no sense. Liability "thresholds" or "speed limits" are <u>irrelevant</u> for drugs like Cytoxan or Rubex that were subject to MACs even before the class period began and thus were not even reimbursed based on AWP.[3]  More importantly, Plaintiffs' suggestion as to the Court's willingness to depart from the 30% threshold is untenable in light of the Court's entry of judgment against Class 1 as to the Johnson & Johnson Defendants ("J&J") with respect to Procrit and Remicade, two J&J drugs that had spreads at or below 30%, pursuant to Fed. R. Civ. P. 54(b).  (Findings and Order on Motion of Track 1 Defendants for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) at 5, Dkt. No. 4896.)  The Court entered judgment against Class 1 as to J&J because it determined as a matter of law that the 30% liability threshold should apply to Class 1 as it held applied to Classes 2 and 3.  If the Court had left it up to a jury to adopt a different benchmark as Plaintiffs contend, the Court would not have entered judgment against Class 1 as to J&J.

For all these reasons, the Court should strike all of the proposed individual Class 3 representatives as to BMS and allow the named TPP Class 3 representatives to represent their members.

      B.    *Plaintiffs Present No Substantive Response to AstraZeneca's Objections.*

Plaintiffs assert that objections two through five of AstraZeneca's written objections to the proposed multistate class certification (Dkt. No. 5705) were raised previously.  Pl's Mem. at 4.  As such, these objections are not waived as plaintiffs suggest.  AstraZeneca's renewed

---

[3] The Court found CMHV was an adequate Class 3 representative because its claims data showed payment for Cytoxan and <u>Vepesid</u>.  Vepesid did not become multi-source until 1994, 491 F. Supp. 2d 20, 97 n. 73, after the class period began.  Thus, CMHV arguably had standing to assert an AWP claim unlike the individual class representatives who received only Cytoxan or Rubex.

objections highlighted certain issues that the Court may wish to consider before issuing a multistate class certification order. Plaintiffs present no substantive response to these objections.

AstraZeneca's remaining objection relates to the final paragraph of plaintiffs' proposed order, in which Plaintiffs would have the Court expressly decline to certify or recommend this case for interlocutory appeal.[4] To date, no party has briefed this issue in the District Court, and Plaintiffs concede that this last paragraph of their proposed order can be removed. Pl's Mem. at 4.

III.     Conclusion.

Wherefore, defendants AstraZeneca and BMS respectfully request that this Court grant their motion to stay entry of the multistate class certification order pending final resolution of the appeals of the Massachusetts class judgments.

Dated: December 9, 2008

Respectfully submitted,

/s/ Jennifer M. Ryan
Thomas E. Dwyer, Jr. (BBO #139660)
Jennifer M. Ryan (BBO #661498)
DWYER & COLLORA, LLP
600 Atlantic Avenue, 12th Floor
Boston, MA  02210

Steven M. Edwards
Lyndon M. Tretter
Ira M. Feinberg
HOGAN & HARTSON LLP
875 Third Avenue
New York, NY  10022

*Attorneys for Bristol-Myers Squibb Company*

/s/  Katherine B. Schmeckpeper
Nicholas C. Theodorou (BBO #496730)
Sarah Cooleybeck (BBO #631161)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA  02110

D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
DAVIS POLK & WARDWELL
450 Lexington Ave.
New York, NY  10017

*Attorneys for AstraZeneca Pharmaceuticals LP*

---

[4] As stated previously, if the multistate class certification order is entered, defendants intend to file a Rule 23(f) petition in the First Circuit seeking interlocutory review.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered on December 9, 2008 to counsel for plaintiffs and to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, via LexisNexis File & Serve.

                                        /s/ Katherine B. Schmeckpeper
                                        Katherine B. Schmeckpeper (BBO #663200)