UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS RELATING TO THE TRACK TWO DEFENDANTS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**CLASS PLAINTIFFS' REPORT TO THE COURT REGARDING NOTICE IN
THE TRACK TWO SETTLEMENT AND MOTION TO
RESET CERTAIN DATES RELATED TO FILING OF CLAIMS
AS WELL AS FINAL FAIRNESS HEARING FOR CONSUMERS AND TPPS**

In July 2008 this Court entered its Order Granting Preliminary Approval of the Track Two Class Settlement, Directing Notice to the Classes, and Scheduling Fairness Hearing ("Preliminary Approval Order") [Docket No. 5426]. The Preliminary Approval Order directed Plaintiffs to give notice to the Class as prescribed by the Track Two Settlement Agreement and also set certain dates for the filing of claims, requests for exclusion and objections to the Settlement. It also set a date for a final approval hearing on December 16, 2008.

On November 21, 2008 Plaintiffs filed a Report to the Court requesting that the Court reset certain dates related to the filing of claims and requests for exclusions by consumer class members only [Docket No. 5703]. In that filing Plaintiffs explained the reasons for delay in perfecting notice to consumers, reported that notice to TPPs had been completed, and requested that the December 16, 2008 hearing be reserved to address the fairness of the settlement related to TPP class members only. Since that filing the parties have met and conferred regarding notice to TPPs and have agreed that the notice previously sent by mail to TPPs inadvertently attached

an incomplete list of the drugs at issue in the Proposed Settlement and that a further letter to TPP class members is necessary in order to clarify the total list of drugs involved in the Track Two Settlement.  The parties also agree that given the necessary clarification to TPPs, TPP class members should be provided additional time to file a claim, a request for exclusion or objection to the Proposed Settlement.

As a result Plaintiffs hereby respectfully move the Court for an order resetting certain dates related to both consumer class members and TPP class members in the Track Two Settlement as well as the date for the Final Fairness hearing with respect to the Proposed Settlement.

   **A.**  **Notice to the Classes to Date**

   1.  <u>Third Party Payors</u>

As provided for in the Court approved Notice Plan [Docket No. 5133, Exhibit G], the process of providing notice to the class members commenced August 1, 2008.  Direct mail notice to TPP class members was sent on August 1, 2008 and August 8, 2008.  Additionally, publication notice to TPP class members commenced on August 1, 2008 and was completed on September 8, 2008.  In total 41,468 notices were mailed to individual TPP class members.  The date set in the Preliminary Approval Order for the postmarking of claims and notices of exclusion by TPP class members was December 1, 2008.  To date the Court appointed claims administrator, Complete Claims Solutions, Inc. ("CCS"), has received a total of 800 claims and 15 requests for exclusion from TPP class members.  As the deadline of December 1, 2008 was the date claims were required to be postmarked, TPP claims continue to be received by the claims administrator.

The notice sent to TPP class members included an Attachment A which was referenced in the body of the notice as a list of all drugs involved in the settlement. In fact, the Attachment A that was mailed to TPPs only included those drugs that were categorized as Class A drugs. It did not include a list of all Class B drugs. While for purposes of calculating TPP payments in the Proposed Settlement, TPPs are only required to submit the amount of their purchases for Class A drugs, the settlement involves both Class A and Class B drugs. Thus the parties believe that TPP class members should be sent a letter clarifying this fact and including a copy of the complete list of drugs involved in the Proposed Settlement. For the Court's consideration a copy of the proposed letter to be sent to TPPs is attached as Exhibit A to the Proposed Order filed herewith.

Plaintiffs seek an Order reflecting the Court's permission to send this letter, along with the correct list of drugs, to TPP class members as reflected in the Proposed Order. In addition, Plaintiffs, in consultation with Defendants, will be making changes to the Track Two Settlement website (www.awptrack2settlement.com) in order to reflect the correct list of drugs.

Out of an abundance of caution, given that the TPPs, with the Court's permission, will be receiving clarification of the list of drugs involved in the settlement, the parties also believe that TPP class members should be afforded additional time to file a claim, request an exclusion from the Proposed Settlement or to file an objection prior to any Fairness Hearing.

2. <u>Consumers</u>

The Court will recall that the Notice Plan called for direct mail notice to Class 1 (Medicare Part B) consumers utilizing data obtained from the Centers for Medicare and Medicaid Services ("CMS"). With respect to Class 3 (Private Insurance) consumers the Notice Plan called for a combination of direct mail notice utilizing data obtained from members of the

Independent Settling Health Plans ("ISHPs") as well as a national publication plan directed at Class 3 consumers.

As called for in the Notice Plan, publication notice directed at Class 3 consumers commenced on August 5, 2008 and was completed on September 8, 2008. This also included internet banner ads which ran from August 15, 2008 to September 30, 2008 and 30 second cable television ads which ran from September 2, 2008 to September 9, 2008. To date, CCS has received a total of 2,740 claims from Class 3 consumers. A total of over 45,000 Class 3 Notice Claim forms have been downloaded from the settlement website. As the date set for the filing of claims in the notice sent to Class 3 members was January 31, 2009, this number is expected to increase.

At the time of preliminary approval, Plaintiffs, along with CCS, provided the Court with their best estimates as to when direct mail notice to consumers in Classes 1 and 3 could be reasonably accomplished. The dates set forth in the proposed Preliminary Approval Order provided to the Court were based on these estimates. The estimates were based on prior experience obtaining data from CMS in the GSK AWP Settlement as well as experience working with that data in the AstraZeneca Class 1 Settlement. Because of the magnitude of the Track Two Settlement in relation to these previous settlements, those estimates were inaccurate.

Plaintiffs are still in the process of working with CMS to obtain the correct data related to Class 1 members. The delay in receiving the data occurred because this request for data contained more information, and more data fields, than were previously requested. As the Court may recall, Class 1 notice in this settlement will provide each consumer identified in CMS' database with the total amount of their claim without need for additional documentation from the consumer. In order to do this accurately, CCS needed to work through with CMS the relevant

fields of data from among the 100's of fields available in CMS's database and to ensure that CCS understood the information contained in each field.

As for data related to Class 3 consumers, there was also a delay in obtaining data from ISHP members. That delay was the subject of a motion for extension of the date by which data needed to be provided [Docket No. 5506] which was granted by the Court. That data has now been received and it is being reviewed by CCS. Preliminary indications are that the data may not be complete. Plaintiffs are attempting to clarify these issues with ISHP counsel. This should be complete within the next two weeks. As a result of these delays, no direct mail notice has yet gone to consumers in Classes 1 or 3.

    3.    <u>Objections</u>

To date, the parties have received no objections to the settlement from TPP class members. The parties have received a total of three objections from consumer class members. Plaintiffs propose to respond to these, as well as any further objections received, in accordance with the schedule requested below prior to the final approval hearing.

    **B.**    **Request to Reset Certain Dates Related to Consumer Claims, Requests for Exclusion**

Plaintiffs hereby respectfully move for a modification of certain dates set forth in the Court's Preliminary Approval Order in order to give Plaintiffs sufficient time to accomplish direct mail notice to Class 1 and 3 consumers and to send the proposed letter to TPP class members clarifying the list of drugs involved in the Proposed Settlement. Plaintiffs have provided a Proposed Order setting forth the new proposed dates related to consumers for the Court's consideration. In addition, the new dates are set forth in the chart below. Plaintiffs believe these dates will provide sufficient time for Plaintiffs and CCS to receive and work with the data from CMS, clarify any issues related to the ISHP data, finalize direct mail notice to all

consumers and clarify for the TPPs the list of drugs involved in the settlement prior to the final Fairness Hearing.

Accordingly, Plaintiffs respectfully move that the Court enter the attached Proposed Order altering the dates set forth in the Preliminary Approval Order as they relate to both consumer and TPP class members.  In addition, Plaintiffs will provide notice on the website associated with the Track Two Settlement of these new dates, including a copy of the Court's Order setting new dates, and inform all class members of the new dates in all future communications.  No class member who has already received notice will be prejudiced as the new proposed dates would provide each class member additional time in which to submit and perfect their claims.

| **Event** | **Original Date** | **Revised Date** |
| --- | --- | --- |
| Filing of Materials in Support of Final Approval including Attorneys Fees | November 10, 2008 | March 2, 2009 |
| Filing of Request for Exclusion | Postmarked by December 1, 2008 | Postmarked by March 16, 2009 |
| Notice of Intention to Appear at Fairness Hearing Stating Reasons for Opposition to Proposed Settlement Filed | December 1, 2008 | March 16, 2009 |
| Filing and Service of Appearance of Counsel at Fairness Hearing | December 9, 2008 | March 9, 2009 |

| | | |
|---|---|---|
| Continued Final Approval Hearing | December 16, 2008 | April 15, 2009 or later<br><br>(to be determined by the Court) |
| Filing of Claim (Consumers Only) | Postmarked January 31, 2009 (Consumers Only) | Postmarked May 1, 2009 (Consumers Only) |
| Filing of Claim (TPP Class Members Only) | Postmarked by December 1, 2009<br>(TPPs Only) | Postmarked by March 16, 2009<br>(TPPs Only) |

For the reasons set forth above, Class Plaintiffs respectfully request that the Court enter the attached [Proposed] Order Resetting Certain Dates Related to Claims in the Track Two Settlement as well as the Date for a Fairness Hearing Related to the Proposed Settlement.

DATED: December 9, 2008

By    /s/ Steve W. Berman
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

        Jeffrey Kodroff
        John A. Macoretta
        Spector, Roseman Kodroff & Willis, P.C.
        1818 Market Street, Suite 2500
        Philadelphia, PA  19103
        Telephone: (215) 496-0300
        Facsimile: (215) 496-6611

        Kenneth A. Wexler
        Jennifer Fountain Connolly
        Wexler Wallace LLP
        55 W. Monroe, Suite 3300
        Chicago, IL  60603
        Telephone: (312) 346-2222
        Facsimile: (312) 346-0022

        Marc H. Edelson
        Hoffman & Edelson
        45 West Court Street
        Doylestown, PA  18901
        Telephone: (215) 230-8043
        Facsimile: (215) 230-8735


        **CO-LEAD COUNSEL FOR**
        **PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **CLASS PLAINTIFFS' REPORT TO THE COURT REGARDING NOTICE IN THE TRACK TWO SETTLEMENT AND MOTION TO RESET CERTAIN DATES RELATED TO FILING OF CLAIMS AS WELL AS FINAL FAIRNESS HEARING FOR CONSUMERS AND TPPS** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 9, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                           **/s/ Steve W. Berman**
                                           Steve W. Berman