UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456 ) ) Master File No. 01-CV-12257 ) Subcategory Case. No. 06-11337 |
| THIS DOCUMENT RELATES TO: *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey Inc., et al.* Civil Action No. 05-11084-PBS | ) Hon. Patti B. Saris ) ) ) ) ) |

**DEFENDANTS DEY, INC., DEY L.P., AND DEY L.P., INC.'S MOTION TO EXTEND THE PRODUCTION DEADLINE FOR THE LIMITED PURPOSE OF RECEIVING MEDICAID CLAIMS DATA FROM STATES**

Defendants Dey, Inc., Dey L.P., and Dey L.P., Inc. (collectively, "Dey"), through their undersigned counsel, respectfully file this motion to extend the discovery deadline for the sole purpose of receiving Medicaid claims data from certain individual states as set forth below. In support, Dey states that:

1. Plaintiff United States of America ("Plaintiff") seeks recovery in this matter of the federal share paid to the Medicaid programs of all fifty states.[1] On January 17, 2008, Dey served document requests upon Plaintiff demanding, *inter alia*, production of "[c]omplete claims data . . . for every . . . Medicaid transaction for which the Plaintiffs seek recovery." In its response to Dey's request, Plaintiff agreed to produce responsive data. Responsive data necessarily includes claims data for all states upon which Plaintiff bases its damages. Dey needs this claims data in connection with its expert discovery which is scheduled to close May 22, 2009.

---

[1] Dey has settled the federal and state share for the state of Texas. Plaintiff has recently indicated it will not seek such damages for Ohio but no formal documentation has been filed to that effect.

2. Plaintiff produced state claims data for the first time in March 2008. Subsequent productions were made in May, July, August, and November 2008. These included data for some new states and additional data from states already produced.

3. Plaintiff has not produced any data whatsoever for eighteen states. Moreover, the claims data provided for many states is incomplete. Plaintiff has failed to provide claims data for any state that either covers the entire time period requested or fulfills the scope of claims data requested by Dey.

4. As of April 10, 2008, Plaintiff had provided claims data for only five states. On that date, Dey sent Plaintiff a letter clarifying that, based on its "understanding [that] the United States' claims for damages include Medicaid transactions from all fifty states, Dey expect[ed] that the United States [would] produce claims data for all states for which it seeks reimbursement." (Exh. A at 2.) Dey further urged that "such a production take place in a timely manner." (Exh. A at 2.) Plaintiff, by letter dated April 14, 2008, responded that it was "fully aware" of its discovery obligations and that it would continue to produce state claims data in a "timely fashion." (Exh. B.)

5. On July 16 and July 29, 2008, Dey sent letters to Plaintiff detailing the states for which claims data provided by Plaintiff was incomplete or insufficient. (Exhs. C and D.) On August 5, 2008, in one response to both letters, Plaintiff reiterated that it was not withholding data and that it was continuously providing all state data it received. (Exh. E.) Regardless, Plaintiff's subsequent production in August remained incomplete.

6. In tandem with the August production Plaintiff informed Dey that it had produced all state claims data in its possession. (Exh. F.) Dey responded by letter dated September 19, 2008 that claims data was still missing for nineteen states. (Exh. G.) Plaintiff

produced additional claims data in November which included three states (two of which had been previously partially produced).

7. On November 13, 2008, at a status conference before this Court, Plaintiff conceded it had not produced any claims data for many states. (Exh. H at 34:24-35:2.) As to the reason for the missing data, Plaintiff admitted that every state indeed has claims data but that Plaintiff has failed to obtain such data from all states. (Exh. H at 44:11-17.) Plaintiff concluded that "we just don't have it all, and we're unlikely to get much more." (Exh. H at 44:16-17.)

8. At the November 13 status conference, Dey's counsel pressed upon the Court the importance of such claims data to Dey's defense of this action (Exh. H at 45:10-13). Dey believes, as it has repeatedly advised Plaintiff, that if Plaintiff fails to produce the claims data it should be precluded from seeking damages based on those claims. This Court acknowledged that the issue of preclusion would require attention, but informed the parties that any decision on preclusion would be made closer to trial: "[t]his is about discovery. If they don't produce [the data], they've got a problem, but I have no idea . . . . I don't know whether it's dispositive or not. I don't know. . . . I'll get to that at summary judgment." (Exh. H at 35:25-36:5.)

9. The Court stated that if Dey wanted the missing state claims data, it should subpoena each state. (Exh. H at 45:14-16.) Immediately thereafter, Dey drafted subpoenas for individual states requesting all outstanding claims data. Dey served subpoenas on thirty-eight (38) states.[2] The first of these were served on November 20, 2008, within one week of the status conference, and the last was served on December 2, 2008.

---

[2] Dey subpoenaed states for which it had no claims data as well as states for which substantial time periods of claims data were not produced by Plaintiff. The status of the twelve states which Dey did not subpoena immediately following the November 13, 2008 status conference is as follows:

10. To date, only one state, Iowa, has produced data in response to these subpoenas.

11. Multiple other states have informed Dey's counsel that compliance with the December 15, 2008 discovery deadline is unlikely or impossible. In fact, some states do not expect to have the data available for production for another two months.[3] Dey's counsel has been in constant contact with many of the states in an attempt to expedite the production of their respective claims data as much as possible.

12. The following states have indicated that they will attempt to produce the claims data by the December 15, 2008 deadline, however they may require more time: Alaska, Kentucky, South Carolina, Virginia, and Wyoming. The following states cannot meet the December 15, 2008 deadline but will attempt to produce the claims data as quickly as possible thereafter: California (requested thirty-day extension), Colorado (as soon as possible), Hawaii (intrastate request for data has been made), Maine (two weeks upon processing request), Maryland (January 20, 2009), New Mexico (December 31, 2008), Oregon (as soon as possible), and Tennessee (currently estimating amount of time required to produce data). The following states have been in contact with Dey's counsel, however no indication was given as to the time needed to produce the claims data: Arizona, Arkansas, Connecticut, Indiana, Massachusetts,

---

- This Court has granted extensions for discovery in the seven state actions and Dey anticipates using the claims data produced in those actions in the present action;

- Dey has settled the federal and state share for one state, precluding Dey's need for its claims data; and

- For the remaining states, Dey has engaged in informal attempts to obtain the claims data. Should these informal communications fail, Dey will formally serve the state with a subpoena.

[3] Plaintiff's counsel foreshadowed such a consequence at the status conference, stating that "it's very time-consuming to collect this data, so we have not done it for all fifty states, and some states simply haven't produced it to us." (Exh. H at 44:13-16.)

Minnesota, North Dakota, Oklahoma, Washington and Wisconsin. The following states have either not responded in any way to the subpoena or have refused to produce the claims data requested: Delaware, Florida, Illinois, Kansas, Michigan, New Jersey, Nevada, North Carolina, South Dakota, and West Virginia. The following are states which have not been subpoenaed yet and from which Dey is attempting to obtain claims data without a subpoena: Georgia, Missouri, Nebraska, and Vermont.

13.     Thus, while some states are attempting to produce the requested data on or before December 15, 2008, there is no guarantee that they will meet that deadline. Other states have already advised that they cannot meet the December 15, 2008 deadline. And it appears that Dey will be forced to file a motion to compel on another subset of states which have simply failed to respond to the subpoena. In all cases where requested data has not yet been produced, an extension is required to obtain complete state claims data.

14.     In light of the importance of the claims data to Dey's defense, and especially its damages analysis in this action, and the Plaintiff's failure to obtain complete or adequate information from any of the fifty states,[4] the states should be afforded the time needed to produce the relevant data and the deadline for production should be extended to allow each state the time it needs to produce the requested data.

---

[4]     As stated by Plaintiff's counsel at the November 13, 2008 conference:
> MR. HENDERSON: I think probably every state has claims data. They process claims. We have not had, quite frankly, the resources to go out and – it's very time-consuming to collect this data, so we have not done it for all fifty states, and some states simply haven't produced it to us. So we just don't have it all, and we're unlikely to get much more. It's possible we could get another state or two before December 15, but –

(Exh. H at 44:11-18.)

For the above reasons, Dey respectfully requests that this motion be granted, and an Order be entered extending the production deadline for any states which have not yet produced complete Medicaid claims data.

Dated: December 10, 2008

                Respectfully Submitted,

                KELLEY DRYE & WARREN LLP

                By: /s Sarah L. Reid
                    Paul F. Doyle (BBO # 133460)
                    Sarah L. Reid *(pro hac vice)*
                    William A. Escobar *(pro hac vice)*
                    Neil Merkl *(pro hac vice)*

                101 Park Avenue
                New York, NY 10178
                Telephone: (212) 808-7800
                Facsimile: (212) 808-7897

                *Attorneys for Defendants Dey, Inc.*
                *Dey, L.P., and Dey, L.P., Inc.*

## CERTIFICATE OF SERVICE

I certify that true and correct copies of Defendant Dey, Inc., Dey L.P., and Dey L.P., Inc.'s Motion to Extend the Production Deadline for the Limited Purpose of Receiving Medicaid Claims Data from States were delivered to all counsel of record by electronic service by sending on December 10, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s Sarah L. Reid