UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS | MDL No. 1456 <br> Master File No. 01-CV-12257-PBS <br> Subcategory Case No. 06-11337 <br> Hon. Patti B. Saris <br><br> Magistrate Judge <br> Marianne B. Bowler |

**DEY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RULE 30(b)(6) DEPOSITION OF COLORADO DEPARTMENT OF HEALTH CARE AND FINANCING**

Pursuant to Rules 37 and 45 of the Rules of Civil Procedure and Rule 37.1 of the Local Rules of this Court, Defendants Dey, Inc., Dey L.P., and Dey L.P., Inc. (collectively, "Dey") hereby move to compel compliance with a subpoena *duces tecum* and a subpoena for Rule 30(b)(6) deposition testimony (the "Subpoenas") served the Colorado Department of Health Care and Financing, the department that oversees the Colorado Medicaid program ("Colorado"), more than five months ago.  It was not until November 26, 2008 that Colorado definitively stated that it would not be producing documents or a witness in response to the Subpoenas, after Dey spent months trying to reach an agreement.  *See* Lorenzo Declaration at ¶¶ 1-24.  During that meet and confer, Colorado also stated it would be moving for a protective order that day or on Friday, November 28, 2008.  Despite this representation, Colorado has not filed a motion to quash either subpoena, nor has it sought a protective order requesting any relief from a court.  Colorado's refusal to comply with its discovery obligations or to seek relief from this, or any, Court is not

justified. Dey therefore respectfully requests that Colorado be compelled to comply with the Subpoenas.

The Subpoenas were served as a part of the *In Re: Pharmaceutical Industry Average Wholesale Price Litigation* pending before this Court. Plaintiff, the United States, seeks hundreds of millions of dollars in damages for claims related to the federal funding provided to all fifty state Medicaid programs. Discovery of each state's Medicaid program -- through Rule 30(b)(6) and 30(b)(1) depositions and document requests -- is therefore critical. The Court has agreed:

> "But it's a lot of money, and one thing I did learn from Massachusetts cases is that each Medicaid program -- it's not what first meets the eye. Each one is very complicated with its own culture, traditions, practices, policies. I just can't, with the amount of money we're talking about, say they can't take depositions."

(Transcript of Status Conference, dated July 24, 2008 ("7/24/08 Status Conf. Hr'g Tr.")). Since the July 24, 2008 status conference, Dey, along with the Roxane and Abbott Defendants, has worked with the United States to coordinate discovery of the various State Medicaid programs. The parties have sought deposition and document discovery from numerous state Medicaid agencies, including Colorado's Medicaid agency, about their programs. Dey, Roxane, and Abbott will have completed twenty 30(b)(6) depositions of state Medicaid programs and the defendants have also obtained documents in connection with those depositions.

Dey served the subpoena *duces tecum* on Colorado on or about June 4, 2008 and served a subpoena for a knowledgeable designated witness on or about July 23, 2008. *See* Lorenzo Declaration at ¶¶ 4, 17. While counsel for Department served objections to the subpoena *duces tecum*, it had subsequently told Dey it would work with Dey in order to reach a mutually agreeable scope of production. *See* Lorenzo Declaration at ¶¶ 5-11. As of September, it was Dey's understanding that Colorado had gathered documents and was preparing for a production.

*See* Lorenzo Declaration at ¶¶ 10. Furthermore, once Colorado informed Dey of the costs of conducting a privilege review, Dey attempted to continue working on a solution that would permit the production of certain documents. *See* Lorenzo Declaration at ¶¶ 12-13. However, despite these negotiations, Dey has not received any documents. *See* Lorenzo Declaration at ¶¶ 16. Dey had attempted to schedule the deposition after the production of documents, in order to ensure a meaningful examination, but has also not been able to secure Colorado's commitment to produce a witness. *See* Lorenzo Declaration at ¶¶ 17-24. However, Colorado has not moved for a protective order quashing the deposition. Colorado should not be permitted to unilaterally ignore a Federal District Court subpoena. Dey respectfully requests an order compelling Colorado's compliance with both Subpoenas.

## ARGUMENT

### I.  LEGAL STANDARD

Federal Rules of Civil Procedure 34 and 45 permit a party to command documents and testimony from non-parties by way of subpoena. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). *See, e.g.*, *Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001).

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(ii), a party may move for an order compelling an entity to make a designation under Rule 30(b)(6). And, upon a non-party's failure to properly comply with a subpoena *duces tecum*, the party serving the subpoena "may, upon notice to the person commanded to produce, move at any time for an order to compel production." Fed. R. Civ. P. 45(c)(2)(B).

This Court has the authority to hear this motions arising from the subpoenas *duces tecum* and deposition subpoena issued by the District of Colorado because it arises in connection with

the multi-district litigation. This Court has recently held in another pending MDL that it could hear motions related to subpoenas issued by other districts in that MDL:

> [T]his Court has jurisdiction to issue orders related to the subpoenas at issue. The purpose of a multidistrict litigation consolidation is to "avoid duplicative discovery, prevent inconsistent pretrial rulings and conserve judicial resources." *In re Air Disaster*, 486 F.Supp. 241, 243 (Jud. Pan. Mult. Lit. 1980). The relevant statutes and caselaw provide for an MDL Court to resolve disputes arising from the service of Rule 45 subpoenas on non-parties located in other districts . . .

*In re Neurontin Mktg.*, 245 F.R.D. 55, 57 (D. Mass. 2007) (overruling non-party's objection to MDL Court's exercise of jurisdiction over motion to compel documents pursuant to a subpoena *duces tecum*) (Saris, J.).

## II.   THIS COURT SHOULD ORDER COLORADO TO COMPLY WITH THE SUBPOENA *DUCES TECUM*

There is no valid basis for Colorado's refusal to comply with either subpoena. Colorado's objections to the subpoena *duces tecum*, served on June 18, 2008, included nine objections to the production of documents. *See* Ex. B to Lorenzo Dec. These objections included objections to: the production of voluminous documents; the burdensome nature of the subpoena because of the clarity of the requests; the timeframe for the response; the accessibility of certain documents; the privileged or confidential nature of certain documents; the relevancy of the requests; the public nature of some of the information sought; the review and redaction of confidential information; and Colorado's position that it is not a party to this litigation. *Id*. However, in subsequent discussions and negotiations with Colorado, Dey provided clarification and information to resolve many of Colorado's initial objections. *See* Lorenzo Declaration at ¶¶ 6-9. For example, Dey sent a letter further narrowing and clarifying its requests, and provided Colorado with the protective order applicable to this case, which explicitly covers documents produced in response to subpoenas. *See* Lorenzo Declaration at Ex. D.

After numerous representations that Colorado would be beginning a rolling production of documents, Colorado abruptly informed Dey that it would not in fact be producing documents as scheduled because those documents had to be reviewed for privilege. *See* Lorenzo Declaration at ¶ 12.

Colorado then informed Dey that the estimate for a privilege review was between $100,000 to $200,000.

Dey should not have to pay for a privilege review conducted by Colorado. "A non-party can be required to bear some or all of its expenses where the equities of a particular case demand it." *Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass 2008). Courts consider three factors in determining cost allocation in regards to a subpoena: "(1) whether the non-party actually has an interest in the outcome of the case, (2) whether the non-party can more readily bear the costs than the requesting party, and (3) whether the litigation is of public importance." *Id.*, *citing In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C.1992). Here, an evaluation of these three factors demonstrate that Colorado should be required to absorb costs pursuant to the Subpoenas. First, because Colorado's interests are aligned with Plaintiffs, it has an interest in the outcome of the litigation which seeks the recovery of funds paid to the Colorado Medicaid program. *See id.* at 86. Second, Dey has offered reasonable accommodations to reduce the volume of documents to be reviewed  See Lorenzo Declaration at ¶ 13. Third, the litigation is of public importance because it affects the Medicaid and Medicare programs, including the program administered by Colorado. Just as the Court in *Behrend* compelled the production of documents and refused to order the party that served the subpoena to pay for a privilege review, this Court should do the same here.

III. **THIS COURT SHOULD ORDER COLORADO TO COMPLY WITH THE SUBPOENA FOR A RULE 30(B)(6) DEPOSITION**

Dey, Abbott, and Roxane have subpoenaed over 30 states and as of the end of the date of this filing, will have completed twenty 30(b)(6) depositions of state Medicaid witnesses in the Federal action.[1] The production of a 30(b)(6) witness has been permitted by this Court. All of these depositions were taken pursuant to mirror image subpoenas similar to that served on Colorado. Colorado has not given any reason why its circumstances are such that the deposition cannot feasibly go forward, and has not given any reason why it has ultimately chosen not to do so. Colorado has also not sought relief from any court in order to relieve it of the obligation to present a witness as directed by the subpoena.

Colorado has not demonstrated that the utility of the testimony, already recognized by this Court, is outweighed by any burden to Colorado. It should be ordered to present a 30(b)(6) witness for a deposition pursuant to Dey's subpoena. Protective orders may issue for good cause: "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). A party seeking a protective order must demonstrate particular and specific facts to establish good cause. *Prozina Shipping Co. v. Thirty-Four Autos.*, 179 F.R.D. 41, 48 (D. Mass. 1998) (denying motion for a protective order). Furthermore, "[p]rohibiting the taking of depositions is an extraordinary measure. The moving party has a heavy burden of showing 'extraordinary circumstances' based on 'specific facts' that would justify such an order." *Id*. In determining whether to issue a protective order, courts must balance the burden of the proposed discovery against the likely benefit. Here, the only burden to Colorado was articulated in its August 12, 2008 letter where it stated that "we do not believe that

---

[1]   This figure does not include 30(b)(6) depositions that have taken place in state actions or 30(b)(1) depositions taken in the Federal actions.

you can require Colorado to conduct a burdensome review of documents under a 30(b)(6) deposition where those documents would not be subject to production under F.R.C.P. 45." *See* Lorenzo Declaration at Ex. I. Colorado has not pointed to particular topics that it finds objectionable, but rather has refused to produce a witness entirely. Colorado can object to particular topics, and the parties can address issues of adequate or inadequate preparation after the deposition has taken place. Colorado's wholesale refusal to present a witness, however, is not justified, especially in light of the fact that the alleged burden claimed by Colorado does not exceed the likely benefit of allowing the deposition of Colorado to proceed.

## CONCLUSION

For the foregoing reasons, Dey requests that the Court enter an order compelling the Colorado Department of Health Care and Financing to produce all documents in its possession responsive to Dey's subpoena *duces tecum*, and make a designation under Rule 30(b)(6) for its representative(s) to testify on all of the topics listed in the deposition subpoena within a reasonable time frame as determined by the Court.

Dated: December 15, 2008

Respectfully Submitted,

KELLEY DRYE & WARREN LLP

By: _/s/ Neil Merkl_____
    Paul F. Doyle (BBO # 133460)
    Sarah L. Reid *(pro hac vice)*
    William A. Escobar *(pro hac vice)*
    Neil Merkl *(pro hac vice)*
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendants Dey, Inc.*
*Dey, L.P., and Dey, L.P., Inc.*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on December 15, 2008, a copy to LexisNexis File and Serve for posting and notification to all parties. I further certify that on December 15, 2008, the foregoing was served by overnight and electronic mail, addressed to the following:

>Robert Douglas, Esq.
>Mary Karen Maldonado, Esq.
>State of Colorado Department of Law
>1525 Sherman Street
>Denver, CO 80203

By: ___/s/ Neil Merkl___
     Neil Merkl