UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 01-CV-12257-PBS<br>Subcategory Case. No. 06-11337 |
| THIS DOCUMENT RELATES TO: | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,*<br>Civil Action No. 05-11084-PBS | Magistrate Judge<br>Marianne B. Bowler |

DECLARATION OF MARISA A. LORENZO IN SUPPORT
OF DEFENDANTS DEY, INC., DEY, L.P., AND DEY L.P., INC.'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND RULE 30(b)(6) DEPOSITION OF COLORADO
DEPARTMENT OF HEALTH CARE AND FINANCING

**MARISA A. LORENZO** declares, pursuant to 28 U.S.C. § 1746, that:

1. I am associated with the law firm of Kelley Drye & Warren LLP, counsel to Dey, Inc., Dey L.P., Inc., and Dey, L.P. (collectively "Dey"). I am admitted to practice law in the State of New York and have been admitted *pro hac vice* in this action.

2. I make this Declaration in support of Dey's Motion to Compel Production of Documents and Rule 30(b)(6) Deposition of Colorado Department of Health Care and Financing ("Colorado").

3. The basis for my knowledge is my review of the files maintained by Kelley Drye & Warren LLP as part of its representation of Dey, including the documents attached hereto, and my own personal knowledge of the facts and circumstances set forth herein.

## THE SUBPOENA *DUCES TECUM* SERVED ON COLORADO

4. Pursuant to Fed. R. Civ. P. 45, on or about June 4, 2008, Dey served its subpoena *duces tecum* on Colorado. *See* a true and correct copy of the Subpoena *duces tecum* attached as Ex. A.

5. Dey subsequently agreed to extend the deadline for Colorado's response from June 30, 2008 to July 31, 2008.

6. On June 18, 2008, Colorado served its written objections to the subpoena *duces tecum*. *See* a true and correct copy of Colorado's objections attached as Ex. B. After receipt of Colorado's objections, Dey and Colorado began negotiations in order to narrow the scope of the subpoena *duces tecum*.

7. On July 31, 2008, counsel for Colorado wrote counsel for Dey and stated that Colorado would not be producing documents requested in the subpoena on that date, but that "We have been working with you to clarify and narrow the subpoena, and hope to continue to work toward resolution." *See* a true and correct copy of the July 31, 2008 Letter attached as Ex. C.

8. On August 13, 2008, counsel for Dey sent Colorado a letter which sought to provide additional guidance as to the documents sought in the subpoena *duces tecum*. *See* a true and correct copy of the August 13, 2008 Letter attached as Ex. D.

9. In subsequent conversations, counsel for Colorado represented that responsive documents were being collected in preparation for production. On August 22, 2008, Dey informed Colorado that it would prefer an electronic production rather than a hard copy production. *See* a true and correct copy of the August 22, 2008 e-mail attached as Ex. E.

10. On August 25, 2008, counsel for Colorado sent an e-mail to counsel for Dey confirming that "the documents will not be available this week, but most likely will be available

around the end of next week." *See* a true and correct copy of the August 25, 2008 e-mail attached as Ex. F.

11.     After further discussions and in furtherance of the document production by Colorado, counsel for Dey sent a protective order on September 5, 2008. At this time, Colorado also informed counsel for Dey that it had a CD of documents ready for copying and that it would review the documents for privilege and begin producing documents the following week.

12.     On September 12, 2008 Katy Maldonado, Dey's contact at Colorado, called and let counsel for Dey know that Robert Douglas would be in touch regarding the production. Mr. Douglas subsequently informed counsel for Dey that because of the number of documents, if Dey wished to obtain the documents, they would have to cover the costs of the privilege review. Dey asked Colorado to price such a review, and after a period of time, Colorado came back with an estimate of $100,000 to $200,000.

13.     After receiving the estimate, Dey continued negotiations with Colorado in an effort to isolate portions of the production in order to limit the review. Despite seeking clarification as to the types of documents and what types of documents were the most voluminous, Dey has not received any clarification from Colorado.

14.     On November 13, 2008, counsel for Dey sent counsel for a Department an e-mail message asking Colorado to state whether it would be producing any documents. *See* a true and correct copy of the November 13, 2008 e-mail attached as Ex. G.

15.     On November 26, 2008, counsel for Colorado and counsel for Dey had a meet and confer regarding the subpoenas. During that conversation, counsel for Colorado stated that they would be filing a motion for a protective order that day or on November 28, 2008.

16.     Colorado has not produced any documents in response to Dey's subpoena *duces tecum*. In a message on December 1, 2008, counsel for Colorado stated that they were waiting

for the appropriate persons to sign an affidavit in connection with their motion, and they would likely file it the next day. As of the time of this filing, Colorado has not yet filed a motion for a protective order. Dey has informed Colorado that because of the discovery deadline of December 15, 2008, it would be filing a motion to compel on December 15, 2008 if Colorado had not filed its motion for a protective order by that date.

### THE DEPOSITION SUBPOENA SERVED ON COLORADO

17. On or around July 23, 2008, Dey served a subpoena for Rule 30(b)(6) deposition testimony from Colorado, noticing deposition for September 12, 2008. *See* a true and correct copy of the Deposition Subpoena attached as Ex. H.

18. On August 12, 2008, Colorado sent a letter stating that as a result of the narrowing of the subpoena *duces tecum*, they did not believe that Colorado should be required to conduct a burdensome review of documents under a 30(b)(6) deposition. *See* a true and correct copy of the August 12, 2008 Letter attached as Ex. I. The letter concluded by stating that "we remain open to discussing a resolution of our discovery disputes." *Id.*

19. In Dey's August 13, 2008 Letter, Dey acknowledged receipt of Colorado's August 12, 2008 Letter and sought to set up a conference to discuss both subpoenas. *See* August 13, 2008 Letter attached as Ex. D.

20. Counsel for Dey and Colorado subsequently conferred and on August 20, 2008, counsel for Dey sent counsel for Colorado an e-mail message to confirm that conversation, stating that "[w]e have agreed to postpone the deposition to allow for Dey to review the documents produced by the Colorado Department of Health Care Policy and Financing and will work towards scheduling the deposition at a mutually agreeable time for all parties." *See* a true and correct copy of the August 20, 2008 e-mail attached as Ex. J.

21. During further calls, Dey requested potential deposition dates. In a letter dated October 29, 2008, Colorado proposed two dates, November 12, 2008 and November 17, 2008 for a potential deposition, but stated that "we have yet to ascertain whether Colorado will commit to this deposition or seek relief." *See* a true and correct copy of the October 29, 2008 Letter attached as Ex. K.

22. In its e-mail dated November 13, 2008, Dey asked Colorado to confirm whether it would be putting up a witness. *See* a true and correct copy of the November 13, 2008 e-mail attached as Ex. G.

23. On November 25, 2008, counsel for Dey sent another message requesting a meet and confer as it had become apparent that Colorado would not be producing documents or a witness. *See* a true and correct copy of the November 25, 2008 e-mail attached as Ex. L.

24. In a meet and confer call on November 26, 2008, counsel for Colorado stated that they would not be putting up a witness and that they would be filing a motion for a protective order shortly. As of the time of this filing, Colorado has not sought relief from any court with respect to the subpoena seeking the deposition of a representative of Colorado.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 15, 2008.

_____
Marisa A. Lorenzo

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on December 15, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties. I further certify that on December 15, 2008, the foregoing was served by overnight and electronic mail, addressed to the following:

> Robert Douglas, Esq.
> Mary Karen Maldonado, Esq.
> State of Colorado Department of Law
> 1525 Sherman Street
> Denver, CO 80203

*[signature]*