# Exhibit B

Case 1:01-cv-12257-PBS   Document 5772-3   Filed 12/15/08   Page 1 of 4



JOHN W. SUTHERS
Attorney General

CYNTHIA H. COFFMAN
Chief Deputy Attorney General

DANIEL D. DOMENICO
Solicitor General

**STATE OF COLORADO
DEPARTMENT OF LAW**

OFFICE OF THE ATTORNEY GENERAL

STATE SERVICES BUILDING
1525 Sherman Street - 7th Floor
Denver, Colorado 80203
Phone (303) 866-4500

June 18, 2008

Marisa Lorenzo
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

RE:   United States ex rel. Ven-A-Care of the Florida Keys, Inc. et al. v. Dey Inc., et al.

Dear Ms. Lorenzo:

The Colorado Department of Health Care Policy and Financing ("Department") provides notice of its objection, pursuant to F.R.C.P. Rule 45(c)(1)(B) to the inspection and copying of all documents requested in your subpoena.

1.   The subpoena was served on the Department on June 4, 2008, and requests the production of voluminous documents on June 30, 2008.

2.   The Department objects to the subpoena on the following grounds.

    a.   The subpoena requests the production of voluminous documents, electronic as well as paper. Some of the requests are for the time period from January 1, 1984 to the present. Others are for the time period January 1, 1991 to the present. These time periods are unreasonable and burdensome, and may exceed records retention requirements. Additionally response will result in significant expense to the Department.

    b.   Many of the requests are unclear, and require the Department to expend substantial time to interpret the meaning of the request, prior to performing the work necessary to respond to the request. The subpoena is therefore burdensome.

    c.   The subpoena directs production by June 30, 2008. You have graciously agreed to extend the Department's response time to July 31, 2008, but because of discovery cutoff, you advised that further extensions would be difficult. However, even the extension to July 31, 2008 will create substantial difficulty for the Department in meeting the request. The Department is faced with examining numerous hard drives, as well as paper files to respond to he request. This difficulty is compounded by the lack of an identifiable person who can 'entify the location of all the materials requested.

Page 2

     d.    Because of the time periods covered by the subpoena, it is anticipated that significant portions of the materials requested have been archived and are not readily accessible and some may have been destroyed.

     e.    Some of the materials requested contain confidential healthcare information, including Protected Health Information, and as such cannot be provided. Additionally, the Department must maintain the confidentiality of materials and records as required by C.R.S. § 25.5-1-116.

     f.    The request addresses materials that are subject to privilege as follows:
          i..    Work Product, and investigatory files
          ii.    Attorney Client communications.
          iii.   Deliberative Process Privilege. (*City of Colorado Springs v. White*, 967 P.2d 1042 (Colo. 1998).

     g.    Much of the requested information appears to be outside the scope of discovery and not relevant to the issues, or reasonably calculated to lead to the discovery of admissible evidence.

     h.    Some of the information requested is available free of charge on line at the Department's website: http://www.chcpf.state.co.us/

     i.    The Department estimates that if it were required to produce all documents sought by the subpoena, it would require the production of pages in excess of tens of thousands. Many documents are confidential. Because of the confidentiality, the Department would be required to copy the paper documents, redact the confidential information, and recopy the files. The cost to the Department for staff time and copying costs would be unreasonable and burdensome, and additional weeks beyond July 31, 2008 would be necessary to complete the task.

     j.    The Department is not a party to this lawsuit, and would be required to undertake significant expense in producing the documents contemplated by the subpoena.

Please don't hesitate to contact me if you have any questions.

                                      Very truly yours,

                                      Mary Karen Maldonado
                                      Assistant Attorney General
                                      State Services Section
                                      Medicaid and Public Assistance Unit
                                      303-866-4371
                                      katy.maldonado@state.co.us

## CERTIFICATE OF SERVICE

      This is to certify that I have duly served this correspondence objections to subpoena upon all parties listed herein via depositing copies of same in the United States Postal Services, postage prepaid, at Denver, Colorado, this 18th day of June, 2008, addressed as follows:

Marisa Lorenzo
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178

                                        Connie Risser