## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: ASTRAZENECA CLASS 1 SETTLEMENT | |

### SECOND AMENDMENT TO SETTLEMENT AGREEMENT
### AND RELEASE OF ASTRAZENECA

This Second Amendment to Settlement Agreement and Release of AstraZeneca ("the Second Amendment") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the MDL Court, this Second Amendment is entered into between and among the Class 1 Plaintiffs and Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca");

WHEREAS, there is pending in the United States District Court for the District of Massachusetts a consolidated and coordinated proceeding, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456, (the "MDL Class Actions"), comprised of actions in which the Class 1 Plaintiffs have alleged, *inter alia*, that AstraZeneca (among others) have engaged in unlawful inflation and misrepresentation of published Average Wholesale Prices ("AWPs") and the unlawful use of AWPs in the marketing of Zoladex®, which is covered by Medicare Part B, as set forth in putative class action complaints that were transferred to and/or consolidated with the MDL Class Actions and in several consolidated Complaints filed by the Class 1 Plaintiffs in the MDL Class Actions (collectively the "MDL Class Complaints");

WHEREAS, Defendants have asserted a number of defenses to the claims by the Class Plaintiffs in all of the AWP Actions;

267502

WHERAS, the Class 1 Plaintiffs and AstraZeneca previously executed on May 21, 2007 a Settlement Agreement and Release of AstraZeneca (the "Agreement");

WHEREAS, the MDL Court preliminarily approved the Agreement subject to final approval;

WHEREAS, the MDL Court has requested that that the Class 1 Plaintiffs and AstraZeneca alter the proposed allocation formula so that Class Members with eligible valid claims receive triple their estimated damages, with Class Members who received administrations of Zoladex during the "Heartland" of the Class Period paid first, provided that AstraZeneca's total financial liability remains constant consistent with the original terms of the Agreement;

WHEREAS, the Class 1 Plaintiffs and AstraZeneca have so agreed;

WHEREAS, the Class 1 Plaintiffs and AstraZeneca agree that this Second Amendment shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by AstraZeneca or of the truth of any of the claims or allegations alleged in the AWP Actions or as a waiver of any defenses thereto;

NOW, THEREFORE, it is agreed by and between the undersigned Class Counsel on behalf of AstraZeneca and the Class 1 Plaintiffs that paragraphs 5 and 10 of the Agreement be amended as follows:

1.      For each valid claim, the Total Recognized Claim will be determined and then doubled according to the formula set forth in paragraph 10 of the Agreement.

2.      For each valid claim reflecting administrations of Zoladex within the time period December 1, 1998 through December 31, 2003, an additional allocation will be determined equal to the sum of the applicable alleged overcharges for the administrations of Zoladex within the time period December 1, 1998 through December 31, 2003 (as set forth in Exhibit D to the

267502

Agreement), prior to doubling, as determined by paragraph 10 of the Agreement (the "Heartland Allocation").

3.      Payment of Heartland Allocations is capped at the amount that would have been paid to mutually acceptable charitable organizations funding cancer research and patient care under the terms of paragraph 5 of the Agreement prior to amendment ("Original Charitable Payment").

(a)  If the aggregate value of all Heartland Allocations equals the Original Charitable Payment, each Heartland Allocation will be paid to Class members with eligible valid claims, but AstraZeneca will not be obligated to pay any amounts to mutually acceptable charitable organizations funding cancer research or patient care as originally contemplated by paragraph 5 of the Agreement.

(b)  If the aggregate value of all Heartland Allocations exceeds the Original Charitable Payment, each Heartland Allocation will be reduced proportionately and paid to Class members with eligible valid claims, and AstraZeneca will not be obligated to pay any amounts to mutually acceptable charitable organizations funding cancer research or patient care as originally contemplated by paragraph 5 of the Agreement.

(c)  If the aggregate value of all Heartland Allocations sums to a number less than the Original Charitable Payment, each Heartland Allocation will be paid to Class members with eligible valid claims and a second allocation will be determined for each valid claim equal to the sum of the applicable alleged overcharges for administrations of Zoladex within the Class Period but before December 1, 1998 and after December 31, 2003 (as set forth in Exhibit D to the Agreement), prior to doubling, as determined by paragraph 10 of the Agreement (the "Non-Heartland Allocation").

267502

- 3 -

4.      Payment of Non-Heartland Allocations is capped at the difference between the Original Charitable Payment and the aggregate value of all Heartland Allocations.

(a)  If the aggregate value of all Non-Heartland Allocations equals the difference between Original Charitable Payment and the sum of all Heartland Allocations, each Non-Heartland Allocation will be paid to Class members with eligible valid claims, but AstraZeneca will not be obligated to pay any amounts to mutually acceptable charitable organizations funding cancer research or patient care as originally contemplated by paragraph 5 of the Agreement.

(b)  If the aggregate value of all Non-Heartland Allocations exceeds the difference between the Original Charitable Payment and the sum of all Heartland Allocations, each Non-Heartland Allocation will be reduced proportionately and paid to Class members with eligible valid claims, and AstraZeneca will not be obligated to pay any amounts to mutually acceptable charitable organizations funding cancer research or patient care as originally contemplated by paragraph 5 of the Agreement.

(c)  If the aggregate value of all Non-Heartland Allocations sums to a number less than the difference between the Original Charitable Payment and the aggregate value of all Heartland Allocations, then each Non-Heartland Allocation will be paid to Class Members with eligible valid claims and AstraZeneca will pay the difference between the Original Charitable Payment and the aggregate value of all Heartland and Non-Heartland Allocations to mutually acceptable charitable organizations funding cancer research or patient care as originally contemplated by paragraph 5 of the Agreement.

267502

DATED:  December 15, 2008.

By___ _/s/ Steve W. Berman_____

   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
Spector, Roseman, Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

267502

**COUNSEL FOR DEFENDANT
ASTRAZENECA
PHARMACEUTICALS LP**


By____**/s/ Kimberley D. Harris**_____
  Nicholas C. Theodorou (BBO #496730)
  Michael B. Keating (BBO #263360)
  Michael P. Boudett (BBO #558757)
  Katherine B. Schmeckpeper (BBO
  #663200)
  FOLEY HOAG LLP
  155 Seaport Boulevard
  Boston, MA  022110

  D. Scott Wise
  Michael S. Flynn
  Kimberley D. Harris
  DAVIS POLK & WARDELL
  450 Lexington Avenue
  New York, NY  10017

267502

## CERTIFICATE OF SERVICE

        I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **SECOND AMENDMENT TO THE SETTLEMENT AGREEMENT AND RELEASE OF ASTRAZENECA** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 15, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                  **/s/ Steve W. Berman**
                                    Steve W. Berman