UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456 ) Master File No. 01-CV-12257-PBS ) Subcategory Case. No. 06-11337 ) |
| THIS DOCUMENT RELATES TO: | ) Hon. Patti B. Saris ) Magistrate Judge ) Marianne B. Bowler |
| *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS | ) ) ) ) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DEY, INC., DEY L.P., AND DEY L.P., INC.'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO SUBPOENA

Defendants Dey, Inc., Dey L.P., Inc. and Dey L.P. (collectively, "Dey"), by their attorneys, hereby move pursuant to Federal Rule of Civil Procedure 45(c)(2)(B)(i) to compel the production of documents by the Medicaid programs of Delaware, North Carolina, Oklahoma, and South Dakota which are responsive to the subpoenas served by Dey upon those states seeking Medicaid claims data.[1] This motion is a companion motion to the one filed December 10, 2008 and captioned "Dey's Motion to Extend the Production Deadline for the Limited Purpose of Receiving Medicaid Claims Data From States."

### BACKGROUND

Plaintiff United States of America ("Plaintiff") seeks recovery in this matter of the federal share paid to the Medicaid programs of all fifty states.[2] Plaintiff's claims for damages, therefore, are necessarily based on individual Medicaid transactions in all fifty states.

---

[1] The subpoenas are attached as Exhibits 1-4 of the Declaration of Damon W. Suden ("Suden Decl.").

[2] Dey has settled the federal and state share for the state of Texas. Plaintiff has recently indicated it will not seek such damages for Ohio but no formal documentation has been filed to that effect.

1

At the November 13, 2008 status conference before this Court, Dey's counsel pressed upon the Court the importance of obtaining State Medicaid claims data to Dey's defense of this action. (Suden Decl. Exh. 5 at 45:10-13.) Dey believes that if Plaintiff fails to produce the claims data it should be precluded from seeking damages based on those claims. This Court acknowledged that the issue of preclusion would require attention, but informed the parties that any decision on preclusion would be made closer to trial: "[t]his is about discovery. If they don't produce [the data], they've got a problem, but I have no idea . . . . I don't know whether it's dispositive or not. I don't know. . . . I'll get to that at summary judgment." (Suden Decl. Exh. 5 at 35:25-36:5.)

The Court stated that if Dey wanted state claims data, it should subpoena each state. (Suden Decl. Exh. 5 at 45:14-16.) Immediately thereafter, Dey drafted subpoenas for individual states requesting all outstanding claims data. Dey served subpoenas on thirty-eight (38) states and is attempting to secure claims data from additional states without a formal subpoena.

The following states have objected to the subpoena and refused to produce any data whatsoever: Delaware[3], North Carolina[4], Oklahoma[5], and South Dakota[6].

---

[3] On December 4, 2008, Delaware Health and Social Services, Division of Medicaid and Medical Assistance, filed a motion to quash the subpoena in the District of Delaware. Dey will presently move to transfer Delaware's motion to this Court. (*See* Suden Decl. Exh. 6.)

[4] By letter dated December 2, 2008, counsel for the North Carolina Department of Health and Human Services ("NCDHHS") objected to the subpoena on the grounds that the subpoena was overly broad and unduly burdensome with respect to time and cost. (*See* Suden Decl. Exh. 7.) In a letter dated December 3, 2008, Dey's counsel responded that Dey would be willing to reasonably extend the time necessary to respond to the subpoena and to compensate the State for reasonable costs incurred in producing the requested claims data. Nevertheless, NCDHHS still refuses to produce any claims data. (*See* Suden Decl. Exh. 8.)

[5] On December 11, 2008, Oklahoma left a voicemail with Dey's counsel stating that they would not produce responsive claims data because the request was allegedly overly broad and unduly burdensome.

# ARGUMENT

## A.   THIS COURT HAS JURISDICTION TO HEAR THIS MOTION

This Court has the authority to hear this motion which arises from subpoenas issued in other district courts. In another multidistrict litigation pending before Judge Saris in the District of Massachusetts, this Court held:

> [T]his Court has jurisdiction to issue orders related to the subpoenas at issue. The purpose of a multidistrict litigation consolidation is to "avoid duplicative discovery, prevent inconsistent pretrial rulings and conserve judicial resources." *In re Air Disaster*, 486 F.Supp. 241, 243 (Jud. Pan. Mult. Lit. 1980). The relevant statutes and caselaw provide for an MDL Court to resolve disputes arising from the service of Rule 45 subpoenas on non-parties located in other districts . . . .

*In re Neurontin Mktg.*, 245 F.R.D. 55, 57 (D. Mass. 2007) (overruling non-party's objection to MDL Court's exercise of jurisdiction over motion to compel documents pursuant to a subpoena).

The Court's authority arises from the statute that provides for the transfer of actions pending in different districts for the purpose of coordinated and consolidated pretrial proceedings. 28 U.S.C. § 1407(b) provides:

> The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel ***may exercise the powers of a district judge in any district*** for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.

(emphasis added).

While section 1407(b) refers to giving an MDL Judge the power to oversee depositions in other jurisdiction, this Court and other courts have extended the MDL Judge's authority to subpoenas relating to documents. As the Sixth Circuit held in *United States ex rel.*

---

[6]   On December 8, 2008, the South Dakota Department of Social Services filed objections to the subpoena in the District of South Dakota. (*See* Suden Decl. Exh. 9.)

*Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 469 n. 4 (6th Cir. 2006), "the rationale underlying the MDL statute of 'just and efficient' resolution of pretrial proceedings requires the conclusion that Section 1407(b)'s grant of authority applies to both deposition subpoenas and documents-only subpoenas." *Id.*; *see also In re Neurontin Mktg.*, 245 F.R.D. at 57.

In *Pogue*, the relator served a documents-only subpoena on HCA, Inc. ("HCA"), a non-party, issued from the Tennessee District Court. *See Pogue*, 444 F.3d at 465. Pogue moved to compel in the MDL court in the District of D.C. *See id.* at 466. The MDL court held it had jurisdiction and ordered compliance with the subpoena. *See id.* The Sixth Circuit held that the MDL district court had the authority to issue orders concerning the documents-only subpoenas at issue. As the court stated: "A judge presiding over an MDL case therefore can compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted." *Id.* at 468-69. *See also In re Sunrise Sec. Litig.*, 130 F.R.D. 560, 586 (E.D. Pa. 1989) ("multidistrict judge may decide a motion to compel a non-party in other districts even if he or she is not physically situated in those districts"); *In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 485-86 (E.D. Pa. 2005); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 117 F.R.D. 30, 31-33 (D.P.R. 1987).

Therefore, as in *Pogue* and *In re Neurontin Mkt.*, this Court has the authority to resolve a motion to compel relating to the subpoenas issued to Delaware, North Carolina, Oklahoma, and South Dakota.

### B. THE REQUESTED CLAIMS DATA IS VITAL TO DEY'S DEFENSE AND DAMAGES ANALYSIS IN THIS ACTION

4

Plaintiff is seeking damages based on the federal share of Medicaid claims reimbursements from nearly all fifty states. Therefore, claims data from those states is critical for a complete understanding of Plaintiff's proposed damages. Without the opportunity to review claims data from every state, Dey's ability to put forth a vigorous defense will be seriously hampered. This is because analysis of state claims data is the only way to know the actual bases for reimbursement of a particular Medicaid claim. Analysis shows, *inter alia*, where claims data has been produced, that a significant portion of the claims should be eliminated from any damages calculation because the actual reimbursement basis is not at issue in this case.

The state of South Dakota, for example, objects that it is not a party to this lawsuit and therefore the documents Dey seeks are not relevant. (*See* Suden Decl. Exh. 9.) However, because the damages Plaintiff seeks will be based on reimbursements made in South Dakota (and nearly every other state) and not just in those states which are pursuing their own individual actions against Dey, South Dakota's objection is groundless. If Delaware, North Carolina, Oklahoma, and South Dakota (or any other state) want to avoid producing Medicaid claims data, that state should persuade the federal government to drop claims based on the state's Medicaid reimbursements. As long as the federal government continues to insist on pursuing damages based on these states' Medicaid reimbursements, the individual Medicaid claims data is necessary to Dey's defense.

## C.   OBJECTIONS AS TO TIME AND COST ARE MERITLESS

Delaware, North Carolina, Oklahoma, and South Dakota all object to Dey's subpoenas on the grounds that the data requested places an undue burden of cost and time on the

states.[7] These objections are misplaced. Dey has agreed to pay the reasonable costs in connection with the production of the requested data. None of these states have set forth any evidence that the costs of production are so unreasonably high as to preclude compliance with the subpoena.

In addition, Dey has moved this Court to extend the deadline for production of claims data. A state's inability to produce data by the date set forth in the respective subpoenas or by the current discovery deadline of December 15, 2008 is not a basis on which to withhold responsive and crucial claims data. Nor have any of these states set forth any evidence to explain why production of the requested claims data would take such a long time. These states should be compelled to produce the requested claims data within a reasonable time.

## CONCLUSION

For the above reasons, Dey respectfully requests that this motion be granted, and that an Order be issued compelling Delaware, North Carolina, Oklahoma, and South Dakota to comply with Dey's subpoenas.[8]

---

[7] Delaware specifically objects to the subpoena on the grounds that the data requested therein is available on the federal CMS website. (Suden Decl. Exh. 6.) This is simply not true; the CMS website does not contain claim-by-claim reimbursement data for Delaware or any other state.

[8] Dey is not currently seeking to compel production from other states with which Dey is currently in contact and attempting to secure the requested claims data. However, Dey reserves the right to move to compel any other states which fail to comply with the subpoenas.

Dated: December 15, 2008

                                          Respectfully Submitted,

                                          KELLEY DRYE & WARREN LLP

                                          By: /s Sarah L. Reid
                                              Paul F. Doyle (BBO # 133460)
                                             Sarah L. Reid *(pro hac vice)*
                                             William A. Escobar *(pro hac vice)*
                                             Neil Merkl *(pro hac vice)*

                                          101 Park Avenue
                                          New York, NY 10178
                                          Telephone: (212) 808-7800
                                          Facsimile: (212) 808-7897

                                          *Attorneys for Defendants Dey, Inc.*
                                          *Dey, L.P., and Dey, L.P., Inc.*