# EXHIBIT 9

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**

| | |
|---|---|
| United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al., ) ) ) | |
| Plaintiff, ) ) | **SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES' OBJECTIONS TO SUBPOENA** |
| v. ) ) ) | |
| Dey, Inc., et al., ) ) | **Civil No. 05-11084-PBS** |
| Defendants. ) | |

Comes now the South Dakota Department of Social Services, hereinafter referred to as the Department, by and through Daniel J. Todd, Assistant Attorney General in and for the State of South Dakota, and hereby, in accordance with Rule 45(c)(2)(B), Fed. R. Civ. P. objects to the non-party subpoena (Subpoena) issued by Dey, Inc.; Dey L.P., Inc.; and Dey L.P.

As factual background, a copy of the Subpoena of Dey, Inc.; Dey L.P., Inc.; and Dey L.P was provided to the Department via fax on or about November 26, 2008. A copy of this Subpoena is attached and fully incorporated herein by reference. The Subpoena demanded production of "Claims Data. For the time period from January 1, 1991 to present complete with claims data for each instance that the State Medicaid program provided reimbursement of a claim relating to the dispensing of the Subject Drugs, with related file layouts, field definitions, manuals, data dictionaries, source tables, relationship tables, and business rules. These data are requested in electronic form used by SQL Server, Microsoft Access, Microsoft Excel, or a delimited file that can be readily uploaded into one of those programs. The complete claims data requested includes all fields, other than individual patient identifiers, contained on the Provider's claim submission and all additional fields added to process the claim, including: . . . "

and then went on for about 2 pages including the inclusions, and then added another one and one half pages of "subject drug" description.

## OBJECTIONS

1. The Department objects as the Subpoena is so broad and voluminous as to be unreasonable, oppressive, and unduly burdensome. Rule 45(c)(1) of the Federal Rules of Civil Procedure provides that the party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Subpoena violates Rule 45(c)(1) and Rule 45(c)(3)(A)(iv). It is expected that retrieval of documents or communications for seventeen (17) years is impossible and if some or all the documents or communications can be found it is estimated it would take the Department an unreasonable amount of staff hours and dollars in an attempt to fully comply with the subpoena.

2. The Department further objects to the Subpoena on the ground that the production date of December 10, 2008 fails to give the Department a reasonable time to comply, as required by Rule 45(c)(3)(A)(i), Fed. R. Civ. P. Attempted compliance with the subpoena by that date would cause undue burden to and disruption of the operations of the Department.

3. The Department further objects to the Subpoena on the ground the document requests are vague and fail to describe the demanded documents with reasonable particularity, making the Subpoena even more burdensome and making the December 10, 2008 production date even more unreasonable. These burdens are further exacerbated because the Subpoena is overbroad in time and scope, requesting information and documentation not relevant to the pending litigation or reasonably calculated to lead to the discovery of evidence admissible in the pending litigation. The breadth of the Subpoena is particularly inappropriate, and the scope far beyond the

2

permissible scope of discovery permitted under Rule 26(b), Fed. R. Civ. P., in light of the fact the Department is not a party to this proceeding, making most if not all of the requested information and documentation irrelevant.

These objections are not intended to be and should not be construed as a waiver of specific objections to specific requests, including available privileges and protections permitted under the applicable laws or rules.

Dated this 8th day of December, 2008.

                              Daniel J. Todd
                              Assistant Attorney General
                              State of South Dakota
                              700 Governors Drive
                              Pierre, SD  57501-2291
                              Telephone (605)773-3305
                              Facsimile (605)773-7223
                              Email:  Dan.Todd@state.sd.us
                              South Dakota Bar # 1725

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al., )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>Dey, Inc., et al.,   )<br>)<br>Defendants.   ) | **AFFIDAVIT OF SERVICE BY MAIL**<br><br>**Civil No. 05-11084-PBS** |

STATE OF SOUTH DAKOTA   )
                                                ) ss.
COUNTY OF HUGHES      )

Daniel J. Todd states under oath as follows:

1. I swear and affirm upon penalty of perjury that the statements made in this affidavit are true and correct.

2. I am of legal age and on the 8th day of December, 2008, I served the attached **SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES' OBJECTIONS TO SUBPOENA** upon Marisa Lorenzo, by placing a true and correct copy thereof in an envelope addressed as follows:

Cliff Katz
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

and depositing the same, with postage prepaid, in the United States mail at Pierre, South Dakota.

_____
Daniel J. Todd

Subscribed and sworn to before me
this _____ day of December, 2008.

_____
Notary Public