# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
CONSUME, ET AL,                  )
                  Plaintiffs,    )
                                 )
-V-                              )   CIVIL DOCKET NO.
                                 )   01-12257-PBS
ABBOTT LABORATORIES, ET AL,      )
                                 )
                  Defendants.    )
```

MOTION HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

January 31, 2008

Boston, Massachusetts

APPEARANCES ON PAGE 2

Proceedings recorded by electronic sound recording, transcript produced by Apex Reporting.

1  behalf of Mr. White with respect to any of these things.
2          And, at least, this process ought to go forward
3  before anything further were done in that area.
4          But, I don't think the Government has come close
5  to meeting their burden here.
6          THE COURT:  At this time, the motion is allowed as
7  to White.
8          MR. DALY:  Thank you.
9          THE COURT:  All right, as to the others --
10         MR. DALY:  Yes, your Honor.
11         The next individual I wanted to talk about -- and
12  I do want to respond briefly to counsel's discussion of the
13  law -- we cited a variety of cases in briefs, Judge, that
14  indicate that the apex deposition standards do apply to
15  former apex executives.  And what we're talking about here
16  are former -- the former CEO, the former president, the
17  former chief operating officer.  But we're not -- we're
18  talking about people who had important jobs with the
19  company, in a big company.
20         As your Honor pointed out, just because you're
21  retired doesn't mean that they're not busy.
22         And the apex considerations of not having every
23  Fortune 200 companies' former executives dragged into Court
24  for depositions all the time, just because they're retired,
25  the principles of the law applies with equal force to these

120

1  gentlemen.
2       So, with respect to those gentlemen, I did want to
3  address the particulars of what they seek with respect to
4  them.  And that is, the law is the same.
5       With respect to what we've done, we've attached
6  their affidavits.
7       The Government told us, "Here's what we want to
8  talk to them about."
9       We went to the witnesses and asked them about it.
10 They each prepared and affidavit saying either, "I've never
11 heard of this," or "I don't recall this," or "The only thing
12 I know about this is what people told me, as they advised me
13 as the senior officer.  Whatever I know is several
14 administrative levels above where the people who actually
15 know what was going on with respect to this issue would be."
16      So, with respect to Mr. Hodgson, he's the first
17 gentleman that I'd like to talk about, he's the former
18 President and Chief Operating Officer of Abbott from 1990 to
19 1999.
20      The questions that they want to talk to him about
21 are marketing and pricing information.
22      He files his affidavit and says, again, "I was way
23 up here.  I would only be told about such things on a
24 need-to-know basis and it would not be any kind of detailed
25 knowledge.  I wasn't involved in day-to-day responsibility

121

of setting prices or dealing with marketing or anything like that. That wasn't my job. You'd need to go down several levels to find somebody to do that." And, of course, the Government has already done that.

And, of course, it's also a 30(b)(6) topic in the letter that you have in front of you.

The second thing is lobbying with respect to Mr. Hodgson.

Mr. Hodgson says in his affidavit, point blank, "I wouldn't have anything to do with lobbying. That's nothing I participated in. I don't recall participating in that area."

By the say, the Government as deposed already Abbott's entire Government Affairs office in Washington, which contains all of Abbott's lobbying people.

There is another dep of another lobbying person coming up, and lobbying is topics one and two of the 30(b)(6) that we're seeking. And, again, we're giving them an affidavit for part of that, and we're putting up a 30(b)(6) witness for that, Cindy Sensival, who will answer some of the questions that they have.

So, that issue is -- it should be off the table at this point.

The other thing they want to talk about -- with Mr. Hodgson about is Lupron. I think we kind of swatted

122

1  that issue out of this case. But they want to talk about
2  the fact that he was deposed in that case and, you know, if
3  you read their brief, he knew what AWP stood for. That's
4  their first reason for it. Why not? He obviously knows
5  about pricing terms. Of course, he knows what AWP stands
6  for.
7  That doesn't give him unique and superior personal
8  knowledge that he should be dragged in here to answer a
9  question like that when there are all kinds of people who
10 can answer those questions.
11 He also sits on the boards of two public
12 companies, your Honor.
13 THE COURT: Is your argument as to these three:
14 Burnham, Gonzalez and Hodgson, is basically that there are
15 30(b)(6) depositions out there covering all of the materials
16 that are sought.
17 MR. DALY: Yes, your Honor.
18 THE COURT: Well, then I am going to allow the
19 three motions at this time. After all of the 30(b)(6)
20 deponents have been deposed, if there is still a need, I
21 will entertain it, but these three are allowed at this time.
22 MR. GOBENA: If I may briefly address that point,
23 these 30(b)(6)s are a directive for the corporation to
24 identify its corporate knowledge or position on an issue.
25 These are witnesses that are going to be witnesses

```
                                                                 123
```

1  at trial and we want 30(b)(1) testimony from them, but their
2  personal knowledge about their personal perspectives on the
3  issues in the case, I don't believe that the 30 --
4           THE COURT:  Well, haven't they told you in the
5  affidavits if they don't have any personal knowledge?
6           MR. GOBENA:  Well, but affidavits crafted by
7  lawyers don't necessarily meet the burden of us being able
8  to explore in detail what they really know.  I mean--
9           THE COURT:  You are getting into a risky area with
10 an accusation.
11          MR. GOBENA:  Well, I'm not accusing anyone of any
12 wrongdoing.  However, there's a different situation--
13          THE COURT:  That was the tone of that.
14          MR. GOBENA:  Your Honor, if that was a tone, I
15 apologize.
16          My point is that there's a difference between a
17 know-nothing affidavit being submitted, and us having the
18 ability to challenge that know-nothing affidavit with
19 documents, with evidence that we have that have these
20 people's names and information involved with it.  And that's
21 what we have.
22          One of the people, for example, Richard Gonzalez,
23 he was the head of the Hospital Products Division, which is
24 the division whose conduct is at issue here.  He was
25 directly involved in discussions about this 2001 price

1  change. A meeting was held in his office. We have
2  documents about a meeting being held there.
3        A 30(b)(6) is not going to be sufficient, in terms
4  of Abbott's perspective, for us to explore Mr. Gonzales'
5  role for example.
6        THE COURT: All right, Counsel, I gave a ruling.
7  I've given you the ability to renew, when you get all of the
8  30(b)(6) testimony and you feel you still want to pursue
9  this, I'll entertain it. But at this time, I think it's
10 premature.
11       MR. DALY: Your Honor, may I just make a request
12 on these 30(b)(6)s?
13       Your Honor's ruled, and the problem with that, I
14 think that perhaps if we could get a little bit of leeway to
15 add a 30(b)(6) topic, explicitly directed at the knowledge
16 and what, if anything, these individuals did or did not do.
17       Because we're not -- we're talking about a topic
18 here that is an emergening policy; that the CEOs, if they
19 were aware of it, then we should be able to put evidence on
20 in front of a jury that they did nothing about it; they
21 didn't educate themselves about it. That, in of itself,
22 would be relevant at trial.
23       THE COURT: Because what you are asking for is
24 something beyond the Order of December 18th. You have to
25 work with what is out there.