UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| ASTRAZENECA CLASS 1 SETTLEMENT | |

**[THIRD REVISED ~~PROPOSED~~] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT WITH ASTRAZENECA, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS, AND APPROVING CLASS COUNSELS' APPLICATION FOR ATTORNEYS FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND COMPENSATION AWARDS TO CLASS REPRESENTATIVES**

This Court having considered: (a) the Settlement Agreement and Release of AstraZeneca dated May 20, 2007, including all Exhibits thereto (the "Agreement") between the Plaintiffs and Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"); (b) the Second Amendment to Settlement Agreement and Release of AstraZeneca (the "Second Amendment"); (c) the proposed allocation and distribution of the Settlement; (d) Class Counsels' application for attorneys' fees, reimbursement of litigation expenses and compensation awards for the Class Representatives; and (e) the Court's October 2, 2008, Memorandum and Order Re: Requested Final Approval of the AstraZeneca Class 1 Settlement (Dkt. No. 5624); and having held a hearing on May 1, 2008, and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

267520

1.  This Final Order and Judgment incorporates herein and makes a part hereof, the Agreement, including the Exhibits thereto, and the Second Amendment. Unless otherwise provided herein, the terms defined in the Agreement and the Second Amendment shall have the same meanings for purposes of this Final Order and Judgment.

2.  The Court has personal jurisdiction over all Class Representatives, Class Members and Defendant AstraZeneca for purposes of this Settlement only, and has subject matter jurisdiction to approve the Agreement, as amended.

3.  Based on the record before the Court, including all submissions in support of the Settlement set forth in the Agreement, objections and responses thereto, as well as the Agreement and the Second Amendment, the Court hereby incorporates the findings of its August 16, 2005 and January 30, 2006 *Orders Re: Motion for Class Certification* and further certifies the following nationwide Class (the "Class") for settlement purposes only:

> All natural persons nationwide who made a co-payment based on AWP for Zoladex® under the Medicare Part B Program during the period from January 1, 1991 through December 31, 2004, or who incurred an enforceable obligation to make such a co-payment. Excluded from the Class are those who made flat co-payments, who were reimbursed fully for any co-payments, or who have the right to be fully reimbursed, as well as AstraZeneca and its officers, directors, management, employees, subsidiaries, and affiliates. Previously excluded from the litigation class certified on January 30, 2006 were residents of the states of Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana and Virginia; these residents are now included in the Class for purposes of the Settlement.

The Class Period is January 1, 1991 through December 31, 2004.

In so holding, the Court finds that the prerequisites of FED. R. CIV. P. 23(a) and (b)(3) have been satisfied for certification of the nationwide Class for settlement purposes: members of the Class, numbering in at least the thousands, are so numerous that joinder of all

267520

members is impracticable; there are questions of law and fact common to the Class, such as whether Class Members were overcharged for Zoladex®; the claims and defenses of the Class Representatives are typical of the claims and defenses of the members of the Class; the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class with regard to the consolidated claims of the Class; the common questions of law and fact predominate over questions affecting only individual Class Members, rendering the Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of the MDL Class Actions.

In making all of the foregoing findings, the Court has exercised its discretion in certifying the settlement Class.

4.     The record shows that Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order of November 1, 2007 (Dkt. No. 4879). The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the terms of the Settlement, and Class Members' right to object to and appear at the settlement fairness hearing held on May 1, 2008 (the "Fairness Hearing") or, in the case of Class Members who reside in Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana and Virginia, exclude themselves from the Class, (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and FED. R. CIV. P. 23.

5.     No individuals or entities, other than those listed on Exhibit A hereto, have excluded themselves from the Class. This Order shall have no force or effect on the persons or

267520                                             3

entities listed on Exhibit A hereto, in addition to those persons who previously excluded themselves in response to the notice of pendency issued earlier in this litigation.

6. The Court finds that extensive arm's-length negotiations have taken place in good faith between Lead Class Counsel and Defendant AstraZeneca's Counsel resulting in the Agreement.

7. Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Settlement set forth in the Agreement and the Second Amendment (together referred to herein as "the Settlement") and finds that the Settlement, the Agreement as amended in the Second Amendment, and the plan of distribution as set forth in Paragraphs 4 and 5 of the Agreement as amended, are, in all respects, fair, reasonable and adequate, and in the best interest of the Class. The Court's October 2, 2008, Memorandum and Order Re: Requested Final Approval of the AstraZeneca Class 1 Settlement (Dkt. No. 5624) is incorporated herein by reference.

8. The parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Agreement, as amended. In addition, the parties are authorized to agree to and adopt such amendments and modifications to the Agreement as (i) shall be consistent in all material respects with this Final Order and Judgment, and (ii) do not limit the rights of the Class.

9. The claims against AstraZeneca on behalf of the Class in the MDL Class Actions are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

10. Upon the Effective Date of the Agreement, the Class Releasors (as defined in Paragraph 2(e) of the Agreement) shall release and forever discharge the AstraZeneca Releasees

267520

4

(as defined in Paragraph 2(j) of the Agreement) from the Released Class Claims (as defined in Paragraph 2(q) of the Agreement).

11. Nothing in this Final Order and Judgment, the Settlement, or the Agreement as amended is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any of the AstraZeneca Releasees.

12. The Court has considered the objection filed by M. Joyce Howe through attorney Donald Haviland (the "Objection"), the only objection to the Settlement that was filed despite the distribution of notice of the Settlement to 455,550 Medicare beneficiaries who had been administered Zoladex® during the Class Period, and finds that the Objection is without merit in all respects. More particularly, the Court finds that:

(a) The requirement that Class Members complete a Claim Form is necessary in order to identify, among those Medicare beneficiaries who had been administered Zoladex® during the Class Period, those who are truly Class Members by virtue of making co-payments for Zoladex®. Thus, Mrs. Howe's suggestion that a Claim Form not be used and that, instead, checks be mailed to all 455,550 Medicare beneficiaries who had been administered Zoladex® during the Class Period is unreasonable and would result in Class Members receiving a substantially lower recovery than they otherwise would under the Settlement.

(b) Class Members who made partial co-payments for Zoladex® administrations, like Mrs. Howe, will be reimbursed in an amount greater than the alleged damage that they incurred, even though the allocation formula provides a lower recovery for Class members who made partial co-pays as compared to Class members who made full co-pays (and who, therefore, suffered greater damage).

267520

5

(c)   The small proportion of Class members who made more than a 20% of 20% co-payment for Zoladex® administrations, like Mrs. Howe, will still be reimbursed in an amount greater than the alleged damage that they incurred, even though the damage table governing the allocation for partial co-pays is based on a 20% of 20% co-pay.

(d)   All of the many remaining arguments made by Mrs. Howe against the fairness and reasonability of the Settlement are rejected.

13.   Class Counsel have moved pursuant to FED. R. CIV. P. 23(h), 54(d) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rule 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)   that the Settlement confers a substantial benefit on the Class;

(b)   that the value conferred on the Class is immediate and readily quantifiable. Upon this Judgment becoming final, each Class Member who has submitted a valid Claim Form will receive a cash payment that represents a significant portion of the alleged financial harm alleged to have been incurred as a result of AstraZeneca's alleged conduct, if not more than the alleged harm;

(c)   that Class Counsel vigorously and effectively pursued the Class Members' claims before this Court in this highly complex case;

(d)   that the Settlement was obtained as a direct result of Class Counsel's skillful advocacy;

(e)   that the Settlement was reached following extensive negotiation between Lead Class Counsel and Defendant AstraZeneca's Counsel, and was negotiated in good-faith and in the absence of collusion;

(f)   that Class Members were advised in the Notice approved by the Court that

Class Counsel intended to apply for an award of attorneys' fees and costs in an amount of $8,600,000, to be paid directly by AstraZeneca separate and apart from the Settlement;

(g)     that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984), and;

(h)     that AstraZeneca's agreement to pay attorneys' fees and costs directly means that the fees and costs will not come out of the Settlement Amount nor serve to reduce the amount of Class Members' claims.

Accordingly, Class Counsel are hereby awarded $8,580,000, as their cost and fee award, which is 30 percent of the estimated $28.6 million value of the Settlement. The Court finds this award to be fair and reasonable, and which amount shall be paid to Class Counsel by AstraZeneca in accordance with the terms of the Agreement. The attorneys' fees and expenses awarded by the Court shall be allocated among Class Counsel by Lead Class Counsel at their discretion.

14.     Class Representatives Townsend and Howe are hereby granted compensation awards in the amounts of $4,500 and $5,000 each, respectively, which shall be paid by AstraZeneca in accordance with the terms of the Agreement and the Court's prior order.

15.     Without affecting the finality of this Final Order and Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Agreement, the Second Amendment and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose. Defendant AstraZeneca, Class Representatives and each member of the Class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this

267520                                         7

Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and the Second Amendment, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

16. In the event that the Settlement does not become effective according to the terms of the Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Agreement, shall be vacated and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

17. No Class Member, either directly or indirectly, representatively, or in any other capacity (other than a Class Member who validly and timely elected to be excluded from the Class), shall commence, continue or prosecute against any or all AstraZeneca Releasees any action or proceeding in any court or tribunal asserting any of the Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

DATED: _____        _____
                              Honorable Patti B. Saris

# EXHIBIT A

## INDIVIDUALS WHO HAVE PROPERLY EXCLUDED THEMSELVES FROM THE NATIONWIDE CLASS

267520

9

### EXCLUSIONS IN ASTRAZENECA SETTLEMENT

1. James L. Barnes
2. Rolland Zipse
3. Adeline McAdams
4. Sammie L. Brewer
5. Emmett F. Goines
6. Robert Mendelsohn
7. James E. Moore
8. James J. Britt, III
9. Richard Waller
10. Alvin Daughtry, Jr.
11. Sherman L. Call
12. Miles T. Bird
13. Morris E. Curren
14. Archie M. Stotts
15. Albert E. Steuck
16. Ruth LaBlane
17. Martin L. Huber
18. Opal V. Hutchison
19. Dorothy A. Newberry
20. James A. Choate
21. Lyle H. Certain
22. Edward K. Moore, II
23. Francis L. Baker
24. James F. Poff
25. Joseph Trahan
26. Eugene Johnson
27. John D. Murray, Jr.
28. Oren V. Maxwell
29. Florence A. Prack
30. Gary G. Watson
31. Virginia I. Owens
32. Curtis Ortega
33. Nyal D. McMullin
34. Ray A. Minkler, Jr.

001534-16 234723 V1

35. Donald D. Strode
36. Jerry M. Bloomer
37. Esther Reckkemmer
38. Roy M. Showalter
39. Olin W. Taylor
40. James L. McDonnell Sr.
41. Gordon E. Miller
42. Herbert Becker
43. Eddie Williams
44. Orlando L. Peterson
45. Margaret H. Anderson
46. Robert L. Bryant
47. Paul P. Polly
48. Paul E. Varisco
49. Andre Miraya
50. Fred Ingram
51. Gerald Jones
52. Joseph Marcucci
53. John E. Hughes
54. William W. Kohl
55. Gibson R. Harrell
56. Jack T. Gilstrap
57. Elaine W. Couch
58. Thomas L. Wonder Sr.
59. Otto Hinds
60. William H. La Rue
61. Francis J. Barton
62. Landon G. Osborne
63. Rayburn A. Parker
64. Alfred R. Lambert
65. James C. Wallace
66. Jasper L. Whitsell
67. Stephen F. Holup
68. Donald P. Ott
69. Robert L. Barcus
70. John C. Allen Sr.
71. Jo J. Chance

Case 1:01-cv-12257-PBS     Document 5775     Filed 12/15/2008     Page 12 of 14

72. Esther E. Smith
73. Helen Golmaat
74. Ernest W. Deree
75. John R. Skaggs
76. Robert P Laing
77. Melvin E. Wiener
78. Francis A. McCoy
79. James H. Willis
80. Dorothy G. Wolfe
81. Emyl G. Griffin
82. Bernice F. Ogelsby
83. Marilyn Holcombe
84. Francis A. Roberts
85. Mario J. Mannarino
86. Jefferson D. Collings
87. Earnistine Fisher
88. Daniel J. Shannon
89. Whayne D. Wyatt
90. James H. Johnson
91. Haskel Patrick
92. Dorothy Ludwig
93. William H. Mead
94. James W. Lowman
95. Frances Webster
96. Manuel Salas
97. Norval W. Armstrong
98. Ernest W. Olson
99. Carolyn M. Phillips
100. Oscar Brister
101. Carl Shifflett
102. Marvin Hester
103. Norman P. Judy
104. Henry Lee Roush
105. Stanley T. Sweincher
106. Eleanor Fiztgibbons
107. Charles L. Kessler
108. Theodore Selin

109. Daniel C. Martin
110. George W. McGrory
111. Ann E. Schuber
112. Lynn E. Elliott
113. J. Pal Brodit
114. James Mayfield
115. Dorothy P. Cushman

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **[THIRD REVISED PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT WITH ASTRAZENECA, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS, AND APPROVING CLASS COUNSELS' APPLICATION FOR ATTORNEYS FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND COMPENSATION AWARDS TO CLASS REPRESENTATIVES** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 15, 2008, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Steve W. Berman
Steve W. Berman