UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) |  MDL No. 1456<br>Master Case No. 01-12257-PBS<br>Subcategory Case No. 06-11337-PBS |
| THIS DOCUMENT RELATES TO: | ) ) | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS | ) ) ) ) ) | Magistrate Judge Marianne B. Bowler |

**UNITED STATES' MEMORANDUM IN OPPOSITION
TO DEY'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO SUBPOENA**

The defendants Dey, Inc., Dey L.P., and Dey L.P., Inc. ("Dey") have moved to compel compliance by four state Medicaid agencies with Dey's subpoena for Medicaid claims data. Dey's motion should be denied for the same reasons the Court should deny Dey's recent motion to extend the discovery deadline for the purpose of receiving such data.[1] Any late-produced data will require a corresponding extension of the entire schedule for expert discovery and summary judgment proceedings.

BACKGROUND

As explained more fully in the United States' Opposition to Dey's Motion to Extend the Production Deadline ("Opposition"), Dey has long had access to substantial

---

[1] See Dey's Motion to Extend the Production Deadline for the Limited Purpose of Receiving Medicaid Claims Data from States (Master Case Docket entry #5765), and United States' Opposition (Master Case Docket entry #5800 (Subcategory Case No. 06-11667)).

Medicaid data via the public web site maintained by the Center for Medicare and Medicaid Services (CMS). During discovery, the United States produced substantial additional data to Dey that had been collected by the CMS, and also state-level data that the Department of Justice obtained voluntarily from many, although not all, states.

Knowing full well the limitations of the United States' production of Medicaid claims data, see Opposition at 1-2 and Exhibits thereto, Dey agreed upon the fact discovery and other deadlines that were jointly submitted to and subsequently entered by the Court (see Joint Scheduling Order, Master Case Docket entry #5629). Despite the Court having made crystal clear that the fact discovery deadline would not be extended,[2] Dey first asked that the discovery deadline be extended so that it could receive claims data that it did not subpoena until late November and early December. See Master Docket entry #5765. In this so-called "companion" Motion to Compel, filed on the day discovery closed, Dey now seeks an order compelling four states to produce data that was not produced before the fact discovery cut-off, and which the four states (Delaware, North Carlina, Oklahoma and South Dakota), have reportedly indicated they will not produce.

---

[2] The only "extension" the Court approved is in connection with seven litigating states, for which the Court indicated discovery could be done in coordination with the discovery in those states' cases. See Transcript of Hearing ("Transcript"), (Exhibit H to Dey's Motion to Extend Deadline, # 5765-10) at pp. 5-11.

## ARGUMENT

As with Dey's motion to extend the production deadline, the current motion ignores the January 23, 2009, deadline for the United States to serve its expert reports. Granting Dey's current motion and Dey's earlier motion would impact the entire remaining schedule, and would be inconsistent with everything the Court said at the November 13, 2008, status conference about not extending any deadlines.[3] That is because any new state claims data would need to be analyzed and evaluated by the United States' damages expert. This cannot possibly be done in the short time remaining before the January 23, 2009, deadline.[4] If, as Dey's motions both impliedly suggest, the United States' damages expert were required to serve his report without the benefit of review of the new claims data, the United States would be at a severe disadvantage; Dey's expert would be able to consider additional data not available to the United States' expert.

If Dey's motions were granted, then the only way to avoid such unfairness would be to extend the deadline for expert reports and discovery until after all the new data is received, which would likewise require that the summary judgment deadline be put off.

---

[3] For example, when, at the November 13 conference, counsel for Dey raised the concern that not all states had produced all the documents that had been subpoenaed, the Court observed that if something wasn't turned over by the deadline, that was too bad: "[t]hat's your fault for waiting so long. . . . I'm sorry but you took too long to start it going." Transcript, at 12. The Court observed that states would "do what they reasonably can do," by December 15, and the parties would be "stuck with" whatever might be missing.

[4] As the United States previously pointed out, its experts will have difficulty meeting the deadline as it is, particularly in light of the nearly 30 days of deposition testimony taken in the last two weeks of discovery, from December 1-15.

Dey does not predict when it might receive the claims data that the four states have thus far refused to produce, but it is apparent that grounds for refusal are at least in part based on burden, expense, and difficulty.  See Dey's Memorandum at n. 4, 5.  Production could take many months.  The further delay proposed by Dey should not be allowed.  The data that has been produced is sufficient.

## CONCLUSION

For the foregoing reasons, Dey's motion should be denied.

Respectfully submitted,

GREGORY G. KATSAS
ASSISTANT ATTORNEY GENERAL

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:     /s/ Barbara Healy Smith
GEORGE B. HENDERSON, II
BARBARA HEALY SMITH
Assistant U.S. Attorneys
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

JOYCE R. BRANDA
DANIEL R. ANDERSON
LAURIE A. OBEREMBT
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Dated: December 31, 2008       Washington, D.C.  20044

## CERTIFICATE OF SERVICE

4

       I hereby certify that I have this day caused an electronic copy of the above "UNITED STATES' MEMORANDUM IN OPPOSITION TO DEY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SUBPOENA" to be served on all counsel of record via electronic service.

Dated: December 31, 2008        /s/ *Barbara Healy Smith*
                                    Barbara Healy Smith