# EXHIBIT B

# JONES DAY

51 LOUISIANA AVENUE, N.W.  •  WASHINGTON, D.C.  20001-2113

TELEPHONE: (202) 879-3939  •  FACSIMILE: (202) 626-1700

Direct Number:  (202) 879-5562
dstorborg@jonesday.com

November 20, 2008

VIA EMAIL

M. Justin Draycott, Esq.
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004

Re:    *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Justin:

This letter concerns the impact of the November 13, 2008 hearing on the Government's assertion of the deliberative process privilege to withhold certain responsive documents from production.  First, in light of Judge Saris' comments at the November 13, 2008 hearing (*see* Tr. at 16, 18), please confirm that—in addition to either producing the 200 documents on Schedule 1 to Defendants' special master briefing or submitting those documents for *in camera* review by the end of this week—the Government will identify and then produce any documents previously withheld that represent communications with individuals outside the agency (such as carrier documents and communications with state employees).  Judge Saris has clearly ruled that the deliberative process privilege does not apply to such documents.

Second, we would like to have an understanding of what the Government intends to do with respect to responsive documents from the Office of Legislation and Rulemaking Support Files.  As you know, the Government simply deemed all of those documents to fall within the deliberative process privilege.  The documents were thus never separately logged.  As Judge Saris noted throughout the hearing, her review of the materials—including materials from the Office of Legislation and Rulemaking Support Files—revealed that many of the withheld documents (or portions of the documents) were not eligible for protection under the deliberative process privilege.  Because these documents were not logged by the Government, none of documents from the Office of Legislation or the Rulemaking Support Files are included in Schedule 1 to Defendants' special master briefing.

Consistent with Judge Saris' comments at the hearing, we would propose that the Government simply produce all responsive files from the Office of Legislation or Rulemaking Support Files except for those that it really cares about.  Any documents that are not produced should then be logged, and the parties should engage in a meet-and-confer on those documents to see if a mutually agreeable resolution can be reached.  It may be that the Government can

JONES DAY

M. Justin Draycott, Esq.
November 20, 2008
Page 2

provide sufficient information to defendants to allow us to conclude some of those documents
are of little interest to us.  The remainder can then be the subject of additional proceedings.

Finally, we would also like to have an understanding of the specific regulations for which
the Government has searched or will search its Rulemaking Support Files for responsive
documents.  For example, the filing the Government made in connection with the most recent *in
camera* submission was not clear on the 1991 regulation.  In addition, we would like to know if
the United States will search the Rulemaking Support Files for the additional regulations that
Defendants identified in the special master briefing.

Please contact me with any questions.

Sincerely,

/s/ David S. Torborg

David S. Torborg

cc:     Counsel for Dey
        Counsel for Roxane