UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> State of California, *ex rel*. Ven-A-Care v. Abbott Laboratories, Inc., *et al.,* <br> CASE # 1:03-cv-11226-PBS | ) MDL No. 1456 <br> ) Master File No. 01-12257-PBS <br> ) Subcategory Case No. 06-11337 <br> ) <br> ) (Original Central District of California <br> ) No. 03-CV-2238) <br> ) <br> ) Judge Patti B. Saris <br> ) <br> ) <br> ) |

**JOINT MOTION TO CLARIFY ORDERS DATED
NOVEMBER 24, 2008, DECEMBER 17, 2008, AND
DECEMBER 18, 2008**

Plaintiffs State of California and relator Ven-A-Care of the Florida Keys ("Plaintiffs") together with Defendants Dey, Inc., Mylan Pharmaceuticals Inc., Mylan Inc., Sandoz Inc., and Warrick Pharmaceutical Corp. ("Defendants"), jointly move this Court to clarify the orders entered on November 24, 2008, December 17, 2008, and December 18, 2008, relating to the discovery schedule and subsequent deadlines in this case.

On November 14, 2008, Plaintiffs and Defendants filed a Joint Motion to Extend the Discovery Schedule and Amend CMO 31. (MDL 1456 Dkt.# 5681; Ven-A-Care Sub-Dkt. # 71.) As set forth in that motion and accompanying memorandum, the parties needed additional time to complete discovery because, among other reasons, the State of California has yet to complete its review and production of a significant volume of electronic documents. The State does not expect to complete its production before March 15, 2009. (*See* Mem. in Supp of Joint Motion to Extend Discovery Deadline and Amend CMO 31 at 4-7 (Nov. 14, 2008) (MDL 1456 Dkt # 5682, Ven-A-Care Sub-Dkt. # 72).) The motion and the Proposed Order filed with the motion sought a

11506573_1.DOC

discovery extension to June 15, 2009, along with similar extensions of other deadlines set forth in CMO 31.  (*See* Proposed Order (Nov. 14, 2008) (MDL 1456 Dkt. #5681-2 , Ven-A-Care Sub-Dkt. # 71-2).)

On November 24, 2008, the Court, by docket order, granted the Joint Motion to Extend the Discovery Schedule and Amend CMO 31 and, on the same day, entered a signed Order adopting the Proposed Order submitted by the parties and extending the fact discovery deadline to June 15, 2009.  (*See* Case Management Order (Nov. 24, 2008) (the "November 24 Order") (Ven-A-Care Sub-Dkt. # 82[1]).)  Defendants and Plaintiffs both viewed this Order, which was not only signed by the Court but contained a handwritten insertion by the Court scheduling a status conference after the completion of discovery, as a binding Order that, once entered, definitively altered the various deadlines in the matter.  Accordingly, from November 24 through December 17, the parties proceeded with discovery under the impression that the discovery deadline had been extended from the pre-existing cut-off from CMO 31 of December 15, 2008 to June 15, 2009.  For example, having obtained an extension of the discovery schedule, and in reliance on the Court's order, Defendants decided to defer noticing several planned depositions with the objective of completing them more efficiently once California's electronic document production was completed (rather than beginning the depositions, leaving them open to allow California time to produce additional documents, and bringing the witness back a second time to ask about documents or issues brought to light by California's later production).  Likewise, California deferred noticing certain depositions of Defendants that it had been planning to take.

On December 17, 2008, the Court entered a second Case Management Order, that, without reference to the November 24 Order, accelerated the deadline for completion of

---

[1] The November 24, 2008 Order was entered in the Ven-A-Care Sub-docket only (*i.e.,* there was not a corresponding entry of this order in the main docket for MDL 1456).

-2-

discovery to April 30, 2009, and similarly accelerated other aspects of the schedule set forth in the November 24 Order.  (*See* Case Management Order (Dec. 17, 2008) (the "December 17 Order") (MDL 1456 Dkt. # 5785[2]).  The following day, on December 18, 2008, the Court entered a Docket Order that, again without referencing either the November 24, 2008 Order or the December 17, 2008 Order, denied the November 14 Motion for Extension and appeared to place further restrictions on the discovery schedule in this action.  (*See* Docket Order from Judge Saris (Dec. 18, 2008) (the "December 18 Order").)[3]  In the December 18 Order denying the November 14 Motion for Extension, the Court wrote, in full:

> This extension is too long.  All depositions of defendants shall be completed by 2/29/09.  California shall produce all remaining documents by 3/15.  To the extent defendants need clean-up depositions, they shall be noticed by 3/30 and taken by 4/30.  No new discovery requests or notices shall be filed without leave of court.

(*Id.*)  The parties respectfully request, in light of the inconsistencies between the three Orders, that the Court clarify the operative schedule for this action and permit more than six weeks to take depositions following the completion of California's electronic document production.

Though the parties seek clarification with regard to the substantive differences between the November 24 Order and the December 17 Order, notably the acceleration of the discovery cut-off to April 30, 2009 from June 15, 2009, the additional restrictions set forth in the December 18, 2008 Order are of particular concern to the parties as they can be read to foreclose the parties from serving any additional discovery or noticing any new depositions.  Although the original joint motion for an extension focused on California's need for additional time to produce documents, both Plaintiffs and Defendants still need to obtain discovery from each other and

---

[2] The December 17, 2008 Order was entered in the main docket for MDL 1456 but not in the Ven-A-Care sub-docket.  The Court did, however, enter the December 17, 2008 Order into the docket specific to this action brought by the State of California (No. 03-cv-11226-PBS, Dkt. # 85.)

[3] The December 18 Order was entered in the main docket for MDL 1456 only and was not entered in the Ven-A-Care cases sub-docket.

from third parties.  Given the November 24 Order's extension of the discovery cut-off to June 15, 2009, the Parties did not endeavor to notice all remaining depositions or serve all remaining discovery requests before the pre-existing December 15, 2008 cut-off.  The parties did continue to discuss additional discovery and the scheduling of additional depositions, but did not believe it was efficient, cost-effective, or that they were required to serve all discovery or notice all those depositions on or before December 15 in light of the November 24 Order.  For example, days before the Court's Orders of December 17 and 18, the parties conferred and agreed to schedule the deposition of John Rodriguez, a former California employee whose deposition had not yet been noticed, for January 13, 2009; however, neither the deposition notice nor the subpoena to Mr. Rodriguez were served before the Court entered the December 18 Order calling into question whether the deposition can be noticed without leave of Court.

Similarly, the parties have additional discovery that they had planned to serve and depositions that they had planned to notice but, given the November 24 Order, did not do so before December 15.  Attached as Exhibit A is a list of possible depositions that, based on California's productions to date, Defendants planned to take in this action and that have not yet been noticed.  (Defendants expect to refine the list as discovery proceeds.)  In addition, Defendants also planned to serve targeted document requests aimed at specific categories of documents not covered in California's production to date (*e.g.*, documents relating to 340B pricing and documents relating to AMPs) and targeted interrogatories seeking additional information about specific documents produced by California or specific claims Plaintiffs made against Defendants in the First Amended Complaint, as well as targeted requests and interrogatories to various third parties.  Similarly, Plaintiffs deferred certain discovery of Defendants.  Attached as Exhibit B is the list of the remaining depositions that California

currently anticipates taking before the conclusion of discovery, although California has outstanding to Defendants certain supplemental document requests and interrogatories that were served within the last 30 days and to which responses are due on January 9, 2009.  Had the parties known that they would be prohibited from serving additional notices and discovery demands without leave of court, they would have endeavored to serve demands and notices for the discovery listed in the exhibits before December 15.  Moreover, there may be a need to serve additional discovery that the parties cannot anticipate at this time.  Accordingly, the parties request that the Court clarify that the December 18 Order does not prohibit new discovery from being served or noticed in this action or, in the alternative, grant leave to serve the discovery requests identified herein.

WHEREFORE, for the reasons set forth above, the Plaintiffs and Defendants respectfully request that the Court:

1) clarify the operative discovery and other deadlines in this action in light of the competing deadlines contained in the November 24 Order, December 17 Order, and December 18 Order and declare that the fact discovery cutoff will be June 15, 2009;

2) clarify that the operative Order does not preclude serving new discovery before the discovery cut-off, or, in the alternative, grant leave to the parties to serve the discovery described in this motion; or

3) to the extent that the Court is not inclined to grant the relief sought herein and/or requires additional information regarding the course of discovery to date, schedule a status conference so that the parties can detail for the Court their ongoing efforts to resolve disputes in good faith and to complete the remaining discovery as efficiently and expeditiously as is reasonably practicable.

Respectfully Submitted,


By:   */s/ Nicholas N. Paul*
NICHOLAS N. PAUL
CA State Bar No:  190605
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud and Elder Abuse
Office of The Attorney General
1455 Frazee Road, Suite 315
San Diego, California  92108
Tel:   (619) 688-6099
Fax:   (619) 688-4200

**Attorneys for Plaintiff,
STATE OF CALIFORNIA**



THE BREEN LAW FIRM, P.A.
By:   */s/ James J. Breen*
JAMES J. BREEN
5755 No. Point Parkway, Suite 260
Alpharetta, Georgia  30022
Telephone:  (770) 740-0008
Fax:  (770) 740-9109

**Attorneys for *Qui Tam* Plaintiff,
VEN-A-CARE OF THE
FLORIDA KEYS, INC.**



By: /s/ Philip D. Robben
Philip D. Robben (admitted *pro hac vice*)
Brendan Cyr (admitted *pro hac vice*)
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
(212) 808-7800

**Attorneys for Defendants Dey, Inc.,
Mylan Inc., and Mylan Pharmaceuticals Inc.**

By: */s/ Daniel J. Bennett*
Brien T. O'Connor (BBO #546767)
John P. Bueker (BBO #636435)
Daniel J. Bennett (BBO #663324)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

**Attorneys for Defendants Schering-Plough Corporation and Warrick Pharmaceuticals Corporation**

By: */s/ Michael J. Gallagher*
Wayne A. Cross (*pro hac vice*)
Michael J. Gallagher (*pro hac vice*)
Heather McDevitt
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
(212) 819-8200

**Attorneys for Defendant Sandoz Inc.**

Dated: January 5, 2009

-8-

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 5, 2009, I caused a true and correct copy of the JOINT MOTION TO CLARIFY ORDERS DATED NOVEMBER 24, 2008, DECEMBER 17, 2008, AND DECEMBER 18, 2008 to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                             /s/ Daniel J. Bennett
                                                        Daniel J. Bennett