UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: | |
| *United States of America ex. Rel. Ven-A-Care of the Florida Keys, Inc. et al. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS | |

MDL No. 1456
Master File No. 01-CV-12257-PBS
Subcategory Case No. 06-11337

Hon. Patti B. Saris

Magistrate Judge
Marianne B. Bowler

### DELAWARE HEALTH AND SOCIAL SERVICES' OPPOSITION TO MOTION TO COMPEL

Delaware Health and Social Services ("DHSS") opposes the Motion of Defendants Dey, Inc., Dey, L.P., and Dey L.P., Inc. ("Dey") to compel compliance with a subpoena *duces tecum*, and responds with the attached memorandum of reasons why the Motion should be denied.

### COMPLIANCE WITH LOCAL RULES 7.1(A) and 37.1

Dey's Certification of Compliance with Local Rules 7.1(A)(2) and 37.1 is puzzling. Dey has made no effort whatsoever to try to resolve or narrow the issues with DHSS presented by its Motion to Compel. It simply served a subpoena under the auspices of the District of Delaware. The subpoena required a response that violated Delaware District Court Local Rule 30.1, which requires seven days for reasonable notice for depositions. It has never contacted DHSS to make a good faith effort to narrow the scope of the subpoena as stated in its Certification of Compliance. Nor has it agreed to pay reasonable costs incurred by DHSS in connection with the production of the requested data as stated on page 6 of its Memorandum of Law.

1

## ORAL ARGUMENT

DHSS opposes the request for oral argument. DHSS is not a party to the lawsuit pending before this court and has no presence or office in Massachusetts. It is unduly burdensome for DHSS to require that it pay its attorney to travel to Massachusetts for oral argument on the pending Motion. DHSS asks that the Court decide the Motion on the papers, or in the alternative, convene a teleconference for argument on the Motion.

## MEMORANDUM OF DELAWARE HEALTH AND SOCIAL SERVICES' IN OPPOSITION TO MOTION TO COMPEL

### Background

On Friday, November 21, 2008, Dey served a subpoena for Harry Hill, the Director of the Division of Medicaid and Medical Assistance ("DMMA"). A copy of the subpoena is attached to Dey's Motion to Compel as Exhibit 1. DMMA is part of DHSS, which is the single state Medicaid agency for the State of Delaware. The subpoena was authorized by the District Court for the District of Delaware. According to the Affidavit executed by Dey's process server, the subpoena at issue was left at one of the buildings in the campus where the DMMA office is located after business hours on Friday, November 21, 2008. Exhibit A attached hereto. Mr. Hill did not see the subpoena until the following week. The return date on the subpoena was December 3, 2008.

The subpoena sought the production of complete Medicaid claims data from January 1, 1991 to December 31, 2001 for each instance when the Medicaid program provided reimbursement of claims for 26 drugs. DHSS is not a party to any of the underlying lawsuits consolidated in the District of Massachusetts.

2

DHSS filed a Motion to Quash the subpoena in the United States District Court for the District of Delaware on the grounds that the subpoena did not permit a reasonable amount of time to comply as a matter of law and that the subpoena was unduly burdensome. Dey has opposed the Motion to Quash and has filed a Cross-Motion to have the Motion to Quash transferred to this Court. Both Motions are now pending in the District of Delaware.

## Argument

Under the Local Rules of the United States District Court for the District of Delaware, under whose auspices the subpoena was issued, the subpoena was not timely served. The Dey defendants failed to allow a reasonable time for compliance pursuant to Fed. R. Civ. P. 45(c)(3) and Delaware District Court Local Rule 30.1, which requires seven days for reasonable notice. Dey served the subpoena only six business days in advance of the required time for compliance. Under Fed. R. Civ. P. 6(a), holidays and weekends are not counted. November 27, 2008 and November 28, 2008 were legal holidays. Fed. R. Civ. P. 6(a)(4). As a matter of law, therefore, the subpoena did not permit a reasonable time in which to respond – a minimum of seven days – and so the Motion to Compel should be denied on this ground alone. The compliance issues with the subpoena, however, extend far beyond the seven days' notice required under Delaware's Local Rules.

The subpoena subjects DHSS to an undue burden. The data that Dey requests are simply not available in the format requested by the subpoena. In 2002, DHSS implemented a new MMIS system. It maintained the data from the old system on backup tapes and has verified with EDS, its fiscal agent, that the tapes still exist. Declaration of Frank O'Connor, attached hereto as Exhibit B. Indeed, DHSS could simply provide copies of the tapes to Dey but the tapes alone, in an unsupported format, would be meaningless. Instead, the subpoena requires DHSS to pay EDS

3

first to obtain the hardware and software required to rebuild the old MMIS system, which must be obtained from out-of-state, and then to write the procedures for extracting the data from the tapes.

DHSS would not able to assess the cost for this project until the project has been at least partially completed.  Based on its limited review to date, however, DHSS estimates that it would take approximately six months to a year and $500,000 to $1,000,000 to produce the data as requested by Dey.

For these reasons, Delaware Health and Social Services, Division of Medicaid and Medical Assistance respectfully requests that the Motion to Compel be denied.

>STATE OF DELAWARE
>DEPARTMENT OF JUSTICE
>
>/s/ A. Ann Woolfolk_____
>A. Ann Woolfolk, Del. Bar #2642
>Deputy Attorney General
>Carvel State Office Building
>820 N. French Street, 6th floor
>Wilmington, DE 19801
>(302) 577-8400
>
>Attorney for Delaware Health and Social Services, Division of Medicaid and Medical Assistance

Dated: January 5, 2009



NOV-24-2008  15:31

| | | |
|---|---|---|
| COURT | UNITED STATES DISTRICT COURT | MDL |
| COUNTY OF | DISTRICT OF DELAWARE | Index No 1456 |
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | | MASTER FILE NO. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO | Plaintiff(s) | AFFIDAVIT OF SERVICE OF SUBPOENA |
| UNITED STATES OF AMERICA EX REL. VEN-A-CARE OF THE FLORIDA KEYS, INC., ET AL. V. DEY, INC., ET AL., CIVIL ACTION NO. 05-11084-PBS | against Defendant(s) | |

STATE OF DELAWARE, COUNTY OF NEW CASTLE         SS:   The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides ☒ IN THE STATE OF DELAWARE

That on 11/21/08          at   4:50 P.M. at   1901 N. DU PONT HIGHWAY, NEW CASTLE, DELAWARE

deponent served the within subpoena on   DELAWARE HEALTH AND SOCIAL SERVICES                        witness therein named,
                                          DIVISION OF MEDICAID AND MEDICAL ASSISTANCE

**INDIVIDUAL**
1. ☐  by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said subpoena.

**CORPORATION**
2. ☒  a DOMESTIC corporation, by delivering thereat a true copy to SLANIA CASTRO personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be MANAGING AGENT thereof.

**SUITABLE AGE PERSON**
3. ☐  by delivering thereat a true copy to                                                        a person of suitable age and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.**
4. ☐  by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4**
3A. ☐  Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness at witness' last known residence, at                                                          and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 2 OR 4**
3B. ☐  Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to witness at witness' actual place of business, at                                                          in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the witness.

**DESCRIPTION USE WITH 1, 2, OR 3** ☒

☐ Male   ☐ White Skin   ☐ Black Hair   ☐ White Hair   ☐ 14-20 Yrs.   ☐ Under 5'      ☐ Under 100 Lbs.
☒ Female ☐ Black Skin   ☒ Brown Hair   ☐ Balding      ☒ 21-35 Yrs.   ☒ 5'0"-5'3"    ☒ 100-130 Lbs.
         ☐ Yellow Skin  ☐ Blonde Hair  ☐ Mustache     ☐ 36-50 Yrs.   ☐ 5'4"-5'8"    ☐ 131-160 Lbs.
         ☒ Brown Skin   ☐ Gray Hair    ☐ Beard        ☐ 51-65 Yrs.   ☐ 5'9"-6'0"    ☐ 161-200 Lbs.
         ☐ Red Skin     ☐ Red Hair     ☐ Glasses      ☐ Over 65 Yrs. ☐ Over 6'      ☐ Over 200 Lbs.

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $ NO FEE                     the authorized traveling expenses and one day's witness fee.

_[signature]_
Sworn to before me on  11/25/08

CAREY M. SHEA
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires May 24, 2011

_[signature]_ Michael Powers
MICHAEL POWERS
License No. _____

NOV-24-2008  15:57                    212 3490338                    93%                    TOTAL P.02
                                                                                              P.02

Exhibit A

B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                      )   MDL No. 1456
In re: PHARMACEUTICAL INDUSTRY        )   Master File No. 01-CV-12257-PBS
AVERAGE WHOLESALE PRICE LITIGATION    )   Subcategory Case No. 06-11337
                                      )
_____)
                                      )   Hon. Patti B. Saris
THIS DOCUMENT RELATES TO:             )
                                      )   Magistrate Judge
*United States of America ex. Rel. Ven-A-Care of the*  )   Marianne B. Bowler
*Florida Keys, Inc. et al. v. Dey, Inc., et al.,*      )
Civil Action No. 05-11084-PBS         )
_____)

**DECLARATION OF FRANCIS O'CONNOR**

I, Francis O'Connor, having been duly sworn, depose and state as follows:

1. I have been employed by Delaware Health and Social Services ("DHSS") since 1972 and since 1986 in positions involving budgetary, fiscal and automated systems aspects of the Medicaid program.

2. In 2002, DHSS switched to a new claims processing Medicaid Management Information System ("MMIS"). Electronic Data Systems ("EDS"), which is Delaware's fiscal agent for the Medicaid program, maintained the claims data from the old MMIS system on backup tapes.

3. When DHSS received a subpoena for complete state claims data from January 1, 1991 to December 31, 2001, I inquired of EDS what would be involved in recreating the claims data that predated the new MMIS and are stored on backup tapes. I learned that the claims data on the backup tapes are not maintained in an electronic form that can be readily retrieved or converted into any of the computer program formats listed in the subpoena. I learned that neither

# Exhibit B

EDS nor the State of Delaware has the software or hardware needed to retrieve the claims data. EDS would have to acquire access to mainframe hardware and software that they do not currently utilize for the Delaware Medicaid program. There are other state Medicaid programs that do have the necessary hardware and software, but permission would have to be obtained by Delaware from the other state to use their hardware and software in order to retrieve the Delaware claims data in a usable format. Delaware and the other state would have to carefully consider risk and liability issues from the potential disruption of another state's Medicaid program. If other states refused to allow Delaware access to their hardware and software, then Delaware would have to purchase or lease the required hardware and software.

4. I learned from EDS that it could turn the tapes with the Delaware claims data over to a third party, like the Dey defendants, but that the third party would not have the expertise and knowledge to extract and convert the Delaware claims data into a useful format. Dey or any other outside party would have to contract with EDS to retrieve the data or at least to write the procedures for retrieving the data before the data could be accessed. I learned that EDS would need to perform the procedures itself before it would be able to produce a set of instructions that would be sufficiently detailed to assist the third party. EDS would charge DHSS for all of its work in extracting and converting the claims data.

5. There has been no offer by the Dey defendants to reimburse DHSS for the search and production costs associated with the retrieval of the complete claims data sought by the subpoena, and so DHSS has not authorized EDS to commence the work necessary to extract the data. It is impossible to accurately assess the cost of extracting the data without more time to make a complete assessment of the scope of work that would be required. A major cost factor would be acquiring access to the necessary hardware and software. If another state Medicaid

program would be cooperative, it is likely that portion of the cost would be less than if Delaware had to purchase or lease the hardware and software.  Based on my 22 years of experience of procuring, contracting and financing MMIS systems and modifications to MMIS systems, and discussions I have had with EDS about such a project, I estimate that a systems project designed to retrieve the Delaware claims data and comply with the subpoena would require between six months and one year and cost between $500,000 and $1,000,000.

**I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 5, 2009.**

/s/ Francis O'Connor\_\_\_\_