### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *The City of New York, et al.* | ) ) |
| *v.* | ) ) |
| *Abbott Laboratories, Inc., et al.* | ) ) |

MDL NO. 1456
Civil Action No. 01-12257-PBS
Subcategory No. 03-10643

Judge Patti B. Saris

### JANUARY 2009 STATUS REPORT ON BEHALF OF
### THE CITY OF NEW YORK AND NEW YORK COUNTIES

The undersigned counsel for the City of New York and New York Counties in the above-captioned action (hereinafter "plaintiffs") hereby submit the attached Status Report for January 2009, in accordance with the Court's June 17, 2004 Procedural Order.

Dated: January 6, 2009

Respectfully submitted,

**City of New York and New York Counties in MDL 1456 except Nassau and Orange, by**

**KIRBY McINERNEY, LLP**
825 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala

By:    James P. Carroll Jr.
Aaron D. Hovan
Jocelyn R. Normand
Kathryn B. Allen

1

Ross B. Brooks, Esq.
MILBERG LLP
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300
*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
LEVY PHILLIPS &
KONIGSBERG, LLP
800 Third Avenue
New York, NY  10022
(212) 605-6205
*Counsel for the County of Orange*

**January 2009 Status Report on Behalf of the
City of New York and New York Counties**

<u>**Plaintiffs' Motion for Reconsideration of July 30, 2008 Orders**</u>

On August 13, 2008, plaintiffs filed their Motion for Reconsideration of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions to Dismiss. (Docket # 5498).

On August 22, 2008, certain individual defendants filed the following in opposition to Plaintiffs' Motion for Reconsideration of July 30, 2008 Orders:  Defendant Chiron Corporation's Opposition To Plaintiffs' Motion For Reconsideration Of The July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss (Docket # 5509); Defendant Novartis Pharmaceuticals Corporation's Response To Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss (Docket # 5510); Opposition to Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Dismissing Claims Related To Physician-Administered Drugs (Docket # 5512) filed by Amgen, Bayer, Hoffman-La Roche, MedImmune, Roche Laboratories, Inc.; and Defendant Agouron's Response To Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss (Docket # 5513).

On August 25, 2008, defendant Eli Lilly filed its Opposition to Motion for Reconsideration of July 30, 2008 Order Dismissing, in Part, Claims against Eli Lilly (Docket # 5516).

In response to plaintiffs' motion for reconsideration, on August 27, 2008 the Court issued a "Procedural Order re Motion to Reconsider" (Docket # 5521).  In that Procedural Order the Court wrote that "[u]nfortunately, the Court based its [July 31, 2008 orders] on the "corrected

3

Exhibit B to the Complaint rather than the "revised" Exhibit B, filed after the hearing."  The Court also directed that "the parties shall meet and confer in good faith regarding points of agreement as to which drugs were adequately pled on the 'revised' Exhibit B of the Revised First Amended Consolidated Complaint."

The parties have so conferred and all issues have been resolved except as follows.  The parties cannot agree that the Court's July 31, 2008 orders were mistaken or inadvertently made insofar as the Court, without any explanation whatsoever, reversed its July 31, 2007 rulings and granted defendants' motions to dismiss plaintiffs' claims for drugs sometimes referred to as "physician administered drugs" or PADs.  Plaintiffs will file a motion for reconsideration of this point on or before January 9, 2009.  Together with that motion, plaintiffs will file a statement summarizing the resolutions reached with counsel for other defendants.

The filing of plaintiffs' reconsideration motion was delayed due to extended discussion between counsel for plaintiffs and Eli Lilly with regard to the Court's ruling on Eli Lilly's individual motion. In that ruling, the Court dismissed plaintiffs' claims against Eli Lilly for all drugs other than Vancocin, Humalog and Zyprexa on the grounds that "plaintiffs do not allege any fraudulent spreads in Exhibit B with respect to any other subject drugs."  *See* July 30, 2008 Eli Lilly Order (Docket # 5470).  In fact, the operative Eli Lilly Exhibit to plaintiffs' complaint, FACC Revised Exhibit B-13, alleges fraudulent spreads for nine other Lilly drugs: Darvocet, Darvon, Evista, Glucagon, Gemzar, Humatrope, Humulin, Nebcin, Prozac.[1]  *See* NY FACC Exhibit B-13.   Plaintiffs endeavored to persuade counsel for Eli Lilly that the Court's ruling as

---

[1]      FACC Revised Exhibit B-13 inadvertently included the Eli Lilly drug Symbyax.  Symbyax was not identified in plaintiffs' Consolidated Complaint of June 15, 2005 and should not have been listed in FACC Revised Exhibit B-13.  Plaintiffs are not asserting any claims against Lilly for this drug.

to these drugs should be reconsidered as it was made in error and in reliance on the wrong NY FACC Exhibit.  Counsel for Eli Lilly would not agree with plaintiffs' position on the grounds that even the spreads in the correct operative exhibit (NY FACC Exhibit B-13) were "cherry picked."   Counsel for Eli Lilly has made clear that they will oppose any motion for reconsideration on that basis.

While plaintiffs remain of the view that the Court's July 31, 2008 ruling as to Eli Lilly was made inadvertently and in reliance on the wrong version of plaintiffs' Lilly Exhibit, given Lilly's position regarding the spreads set forth in the correct exhibit and given this Court's recent ruling in the context of the Schering motion for a protective order (Docket # 5605), plaintiffs believe the most efficient way to clarify which Lilly drugs are in/out of the case would be through a motion for leave to amend plaintiffs' Exhibit B as to Lilly in order to demonstrate that the identified Lilly drugs are, in fact, properly in this case and that the spreads were not "cherry picked."  Plaintiffs will file this motion on or before January 13, 2009.   Plaintiffs have asked Eli Lilly whether it will consent to the filing of this motion for leave.

**<u>Discovery Motions</u>**

    1.  NY DOH Document Production

On August 20, 2008, Magistrate Judge Bowler issued an order (a) granting in part Defendants' Motion to Compel Commissioner of New York State Department of Health and Three Key Witnesses to Comply with Subpoenas, to the extent set forth on the record in open court, after a "meet and confer;" (b) requesting the submission of a status report from plaintiffs on October 30, 2008; and (c) setting a status conference for November 13, 2008 (Docket # 5052).

Plaintiffs filed the requested status on October 30, 2008.  (Docket # 5652).  Therein, plaintiffs indicated that the New York State Department of Health ("NY DOH") document production would commence on or before November 7, 2008.  Plaintiffs commenced the NY DOH document production accordingly.

On November 12, 2008, the parties submitted to the Court their agreement to defer the scheduled November 13, 2008 status conference to a date in January 2009, as assigned by the Court (Docket # 5677).

On November 21, 2008, plaintiffs produced a second installment of documents from NY DOH to defendants.

On December 19, 2008, plaintiffs produced a third installment of documents from NY DOH to defendants.  Based on statements made by NY DOH, plaintiffs had expected this to be the final installment of responsive materials from NY DOH, however, plaintiffs were informed that additional materials from the New York State Office of Medicaid Inspector General ("OMIG") may be forthcoming.  In addition, the NY EPIC program continues to pull responsive materials.  Plaintiffs will produce any additional materials received from the OMIG and EPIC immediately upon receipt.  Plaintiffs were told that additional materials were also being reviewed for privilege.  As soon as that review is complete, plaintiffs will forward  additional responsive documents and/or a privilege log.

2.  NY Pharmacy Claims Data

On August 20, 2008, Magistrate Judge Bowler entered an order withdrawing without prejudice Defendants' Motion to Compel Production of Claims Data (Docket # 5092).  On September 3, 2008, defendants took the deposition of New York State Department of Health

("NY DOH") employee, Mr. Woopill Hwang, regarding plaintiffs' May 9, 2008 claims data production.  During that deposition, plaintiffs and the NY DOH agreed to make a supplemental production of claims data as follows:  Phase One would be the production of a corrected set of data that had been "reverse engineered" to identify the basis of reimbursement (AWP, FUL or U&C) for every claim at issue.  This production occurred on October 31, 2008.  Phase Two would be the production from a larger set of claims data as identified in the correspondence between counsel.  The Phase Two production was completed on December 16, 2008.  On that day, plaintiffs produced a hard drive with New York Medicaid pharmacy claims data from January 1, 1997 to December 31, 2005 for all data fields requested by defendants.

    3.  Schering's Motion for a Protective Order

On August 20, 2008, Magistrate Judge Bowler granted Schering Corporation's Motion for Protective Order (Docket # 5296).  In response to the order, on September 4, 2008, plaintiffs filed an "Objection to the August 20, 2008 ruling granting Schering Corporation's Motion for Protective Order or, In the Alternative, Plaintiffs' Request for Clarification as to What Constitutes Good Faith in Calculating Spreads Based on Weighted Averages" (Docket # 5546). Defendant Schering Corporation filed its Opposition to Plaintiffs' Objection (Docket # 5556) on September 17, 2008.  The Court denied the Objection on September 22, 2008 (Docket # 5605). However, the Court ruled that discovery on all branded drugs for which AMP to AWP spreads exceed 30 percent may proceed. *Id.*  The Court conceded the potential utility of quarterly calculations, but maintained the suitability of the present method of calculating spreads. *Id.* Additionally, the Court ruled that plaintiffs could depose Schering's Expert, Professor Sumanth Addanki, who had submitted an expert affidavit in support of Schering's motion. *Id.* The Court

ruled further that plaintiffs could submit an expert affidavit proposing alternative calculations with the stipulation that the proposed methodology is consistent and transparent. *Id.* On October 23, 2008, plaintiffs requested that Schering produce discovery on all branded drugs for which plaintiffs calculated AMP to AWP spreads over 30%.  Schering refused on the grounds that Professor Addanki's AMP to AWP spread calculations yielded different results.  Plaintiffs thus noticed the deposition of Professor Addanki and requested production of all materials relied upon by him in connection with his affidavit.  Plaintiffs took the deposition of Professor Addanki on November 20, 2008.  In the course of that deposition, plaintiffs learned that Professor Addanki had yet to produce all information regarding his methodologies.  On November 21, 2008, plaintiffs requested production of such information.  On December 2, 2008, defendant Schering produced a hard drive allegedly containing all materials used by Professor Addanki in preparing his affidavit.  Plaintiffs have reserved the right, over defendant's objection, to continue the Addanki deposition once their review of the Addanki materials has concluded.

**FUL Expert Report and Related Discovery**

On September 30, 2008, plaintiffs served the Rule 26 Statement of Harris L. Devor, C.P.A., to all counsel on LexisNexis File and Serve (Docket # 5620).  The exhibits to Mr. Devor's reports were served directly on counsel for each defendant, given each defendant's confidentiality concerns regarding the pricing data contained therein.

Pursuant to agreement with liaison counsel, on October 6, 2008, plaintiffs served each defendant with revised exhibits to the Rule 26 Statement of Harris L. Devor, C.P.A.

Due to confidentiality concerns raised by counsel for defendant Ethex, on October 10, 2008, plaintiffs served a redacted Rule 26 Statement of Harris L. Devor, C.P.A., on LexisNexis

File & Serve.

Defendants took the deposition of Harris L. Devor on December 9, 10 and 11, 2008. Consistent with discussions between counsel at that deposition, plaintiffs served corrected exhibits to the September 30, 2008 Rule 26 Statement of Harris L. Devor, C.P.A., on December 19, 2008. The corrected exhibits were for defendants Par, Ivax, Watson, and Warrick.

On December 12, 2008, defendant Mylan informed plaintiffs that some of the data previously produced for the Mylan FUL drugs needed to be corrected, and that Mylan had not produced all relevant UDL data. On December 22, 2008, plaintiffs' counsel wrote Mylan to request confirmation that Mylan will produce a corrected and complete set of sales and transactional data by late January 2009. Plaintiffs await a response from defendant Mylan. Plaintiffs have informed defendants that Mr. Devor will likely need to prepare revised exhibits as to Mylan after this corrected and complete Mylan data is received.

**Case Management Orders**

On November 4, 2008, the Court issued Case Management Order No. 35 (Docket # 5664) with respect to current and future filings in the instant MDL 1456. The order created subcategory case numbers (e.g. 03-10643 for all New York Counties cases) and corresponding dockets. In addition, the Court ordered the parties to identify all documents previously filed in the master docket that should also be identified in the subcategory docket. On December 3, 2008, all parties in MDL 1456 filed their Joint Motion for Extension of Time to Comply with Case Management Order No. 35 (Docket # 5742). The parties requested that the deadline for complying with Case Management Order No. 35 (Docket # 5742) be extended to January 9,

2009, due to the large volume of entries requiring sub-categorization. The Court granted the motion on December 16, 2008.

**Other Filings**

1. Aventis Dismissal

Plaintiffs filed a Notice of Voluntary Dismissal of defendant Aventis Pharmaceuticals, Inc. and its subsidiaries on November 20, 2008 (Docket # 5696). On December 4, 2008, the Court entered an order granting plaintiffs' voluntary dismissal of Aventis Pharmaceuticals (Docket # 5743).

2. Serono Stipulation

On January 6, 2009, the Court endorsed the Stipulation Extending the Time for Serono, Inc., n/k/a EMD Serono, Inc., to Answer, Move, or Otherwise Respond to the Revised First Amended Consolidated Complaint Until January 20, 2009 (Docket # 5798).

3. Endo Stipulation

On January 6, 2009, the Court endorsed a Further Stipulated Extension of Time for the Filing of Endo's Answer to Plaintiff's Revised First Amended Consolidated Complaint (Docket # 5799). Defendant Endo's Answer is due January 16, 2009.

4. GSK Motion for Partial Summary Judgment

On November 24, 2008, defendant SmithKlineBeecham Corporation d/b/a GlaxoSmithKline ("GSK") filed a motion for Partial Summary Judgment (Docket # 5706), submitting a Memo in Support Thereof (Docket # 5707), a Statement of Material Facts (Docket #5708) and the expert affidavit of Eric M. Gaier, Ph.D. (Docket # 5708). In response, plaintiffs demanded the immediate production of all materials relied upon, considered or used in any way

by Dr. Gaier, prior statements (of any kind) by Dr. Gaier in AWP matters, and Dr. Gaier's deposition.   GSK agreed.   GSK then forwarded materials used in Dr. Gaier's calculations, including a method for reproducing said calculations.   Thereafter, on December 15, 2008, GSK produced a compilation of Dr. Gaier's prior statements in AWP-related matters.   The parties agreed that plaintiffs will take Dr. Gaier's deposition on January 14, 2008.   In addition, the parties have filed a Stipulation for Scheduling with Respect to GlaxoSmithKline's Motion for Partial Summary Judgment (Sub-Docket #19).   The stipulation was filed in the sub-docket on December 23, 2008, and in the master docket on January 5, 2008 (Docket # 5820).   It proposes the following briefing schedule on GSK's Motion:   January 30, 2009 for filing of plaintiffs' Opposition; February 13, 2009 for GSK's Reply; and February 27, 2009 for plaintiffs' Sur-Reply.  The stipulation is *sub judice*.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 6th day of January, 2009, she caused a true and correct copy of the above January 2009 Status Report for the City of New York and New York Counties to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

Dated:  January 6, 2009

/s/ Kathryn B. Allen
Kathryn B. Allen
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600