**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | CIVIL ACTION:  01-CV-12257-PBS |
| ) | |
| ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* ) | Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc.*, ) | |
| No. 06-CV-11337-PBS ) | |

**ABBOTT LABORATORIES, INC.'S OBJECTIONS TO MAGISTRATE JUDGE
BOWLER'S RULING ON ABBOTT'S MOTION TO COMPEL SUFFICIENT
<u>RESPONSES TO ABBOTT'S REQUESTS FOR ADMISSION</u>**

Pursuant to Federal Rule of Civil Procedure 72(a), defendant Abbott Laboratories, Inc. ("Abbott") respectfully files these objections to a single aspect of Magistrate Judge Bowler's rulings on Abbott's Motion to Compel Sufficient Responses to Abbott's Requests for Admission (Dkt. No. 5174).  Specifically, Abbott asks the Court to order the Government to amend its responses to those requests for admission ("RFAs") that concern documented statements or assertions made by Government officials prior to 1991 (the beginning of the damages period for this case).

Of all of the rulings made by Magistrate Bowler during the December 4, 2008 motions hearing (which involved several pending discovery motions), this is the only ruling Abbott asks be overturned.  Abbott's request does not require any additional discovery, and imposes little, if any, burden on the United States.

**BACKGROUND**

On November 30, 2007, Abbott served its revised first set of RFAs on the Plaintiffs in this matter.  (Abbott's RFAs are attached hereto as Exhibit A.)  Many of these RFAs should have been straight-forward and uncontroversial, in that they merely request the Government to admit

that various statements made by Government officials and transcribed into memoranda, official reports, or the public record were, in fact, made by those officials. (*See* RFAs 1-69 (Ex. A).) With respect to these RFAs, Abbott provided the Government with copies of the documents in which the statements were made. In addition, Abbott issued several RFAs that merely ask the Government to admit the truth of certain factual propositions made by Government officials. (*See* RFAs 144-73 (Ex. A).) Again, these propositions were taken directly from well-known reports or other documents authored by Government officials; Abbott has either provided, or offered to provide, the documents which support these RFAs to the Government.

In response to these simple RFAs, the Government issued a flurry of unfounded objections—*e.g.*, claiming a "document speaks for itself" and/or that a statement was taken "out of context." The Government's objections and added commentary render its responses to these RFAs all but worthless. (*See* United States' Objections and Responses to Abbott Laboratories, Inc.'s First Set of Requests for Admission to Plaintiff United States of America and Relator Ven-A-Care of the Florida Keys, Inc., Responses to RFAs 1-69, 144-73 (attached hereto as Exhibit B).) What is more, the Government failed to admit (or deny) the very essence of each of these RFAs: that a statement was, in fact, made and/or that a factual assertion made by a Government official was, in fact, true. (*See id.*) After an unsuccessful meet-and-confer, Abbott asked this Court to either order that these RFAs be admitted as written, or require the Government to amend its responses to provide legally appropriate admissions or denials.

This Court referred Abbott's motion to compel to Magistrate Judge Bowler. Magistrate Bowler held argument and issued oral rulings on Abbott's motion at a December 4, 2008 motions hearing. (*See* Dec. 4, 2008 Hrg. Tr. at 61-82) (attached hereto as Exhibit C). Magistrate Bowler agreed in principle with Abbott's position on these RFAs. She agreed with Abbott—and

the substantial body of case law set forth in Abbott's memorandum in support (Dkt. No. 5175)—that the Government's litany of objections to these types of RFAs were unfounded and legally inappropriate.  (*See id.* at 62-75.)  However, Magistrate Bowler limited the Government's obligation to amend its responses to only those RFAs which reference the time period from 1991 to 2001 (the damages period in this case).  On December 15, 2008, Magistrate Bowler issued an "Electronic ORDER granting in part and denying in part 5174 Motion to Compel."

On December 18, 2008, after reaching agreement with counsel for Abbott, the United States filed an Unopposed Motion to Enlarge Time.  (*See* Dkt. No. 5795.)  The unopposed motion asks the Court to allow the parties until January 7, 2009 to file any objections to Magistrate Bowler's rulings on Abbott's motion to compel sufficient responses to its RFAs.  As explained in the motion, the parties requested the extension to allow both parties the opportunity to review the transcript of the December 4, 2008 hearing in order to better understand the particulars of Magistrate Bowler's rulings relating to the RFAs.  (*See id.* at 2.)

## OBJECTIONS AND REQUESTED RELIEF

A magistrate judge's discovery ruling will be set aside if it is "clearly erroneous or contrary to law."  *See* 28 U.S.C. § 636(b)(1)(A); *In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts*, 400 F. Supp.2d 386, 388 (D. Mass. 2005).  The Government's obligation to amend its responses to Abbott's RFAs should not be limited to only those RFAs that concern statements or factual assertions made by Government officials during the damages period in this case (1991 through 2001).  Abbott requests that this Court overrule that limitation and order the Government to amend its responses to RFAs relating to statements and assertions made prior to 1991 in a way that is consistent with the rulings made by Judge Bowler on those RFAs within the 1991 through 2001 time-frame.  The pre-1991 statements and assertions at issue in this objection are RFAs 1-6, 8-28, and 144-66.

3

# ARGUMENT

## I. THE EVIDENCE AT ISSUE IN ABBOTT'S PRE-1991 REQUESTS FOR ADMISSION ARE RELEVANT TO WHAT THE GOVERNMENT KNEW, BELIEVED, OR INTENDED ON OR AFTER 1991.

While Abbott does not appeal Magistrate Bowler's decision to cut off those RFAs relating to statements made after the 2001 close of the damages period, Abbott does respectfully ask this Court to overrule Magistrate Bowler on the other end of the time period. That is, Abbott asks this Court to order the Government to amend its responses to RFAs relating to documents and statements prior to 1991. Those facts are relevant to what the Government knew, believed, or intended on or after 1991.

An example is instructive. Under Magistrate Bowler's ruling, the Government would not be required to simply admit or deny the truth of the following statement:

> **157. On May 16, 1988, HCFA believed there was a preponderance of evidence that AWP significantly overstated the price pharmacy providers paid for drug products and that AWP was not the price generally and currently paid by providers.**

(RFA No. 157 (Ex. A).) This statement is taken *verbatim* from a formal memorandum from the HCFA Administrator to the State of Louisiana (the document is attached hereto as Exhibit D).

The relevance of this particular RFA is clear: If HCFA believed in 1988 that AWP significantly overstated the price pharmacy providers paid for drug products and was *not* the price generally and currently paid by providers, the Government should not be permitted to take the position in this case that the Secretary believed the contrary in 1991 and later. The fact that the statement was made in 1988, rather than 1991, has no bearing on whether the Government should be required to admit or deny the truth of the statement.

The remaining RFAs at issue in this motion are similar. That is, Abbott has identified a statement or factual assertion made by a Government official and provided, or offered to provide,

to the Government the document from which the statement or assertion was taken.  Abbott is not asking the Government to admit that these statements or assertions are admissible evidence; rather, Abbott simply asks the Government to admit that the statements were made and/or that the assertions made by Government officials are true.  All of these RFAs relate to the Government's knowledge, beliefs, and intentions regarding AWP and Medicare or Medicaid reimbursement for drugs between 1968 and 1990.

Abbott clearly should be permitted to demonstrate the extent of the Government's knowledge, beliefs, and intentions regarding AWP and drug reimbursement policy *before* the beginning of the damages period in this case.  *See In re Pharmaceutical Industry Average Wholesale Price Litigation*, 254 F.R.D. 35, 42-43 (D. Mass. 2008) (noting "the government has asserted a common law fraud claim so Abbott has the right to explore reasonable reliance," and stating (in the False Claims Act context) that government knowledge can negate the fraud and falsity required by the FCA depending on state of government knowledge "before that claim [for payment] is presented").[1]

Furthermore, the Government itself clearly plans to introduce evidence about what it knew, believed, or intended relating to AWP and drug reimbursement policy prior to 1991.  For example, one of the Government's experts, Professor Theodore R. Marmor, PhD, has issued a report (attached as Exhibit E hereto) that addresses "the historical record of Federal (and/or State) government policy on Medicare and Medicaid drug reimbursement."  (*See* Ex. E at 1.) Professor Marmor's report contains an extensive discussion of Medicare and Medicaid policy in the drug reimbursement area going back to 1965.  (*See* Ex. E at 12-34.)  Professor Marmor claims, for example, that there is "no empirical foundation" to the "claim that in the 1980s the

---

[1] *See, e.g.*, *Atlantic City Racing Ass'n v. Sonic Fin. Corp.*, 90 F.Supp.2d 497, 505 (D.N.J. 2000) (evaluating state of knowledge "before finalizing the sale" in determining whether plaintiff "reasonably relied on this misrepresentation"); *Kezer v. Mark Stimson Associates*, 742 A.2d 898, 905 (Me. 1999) (same).

5

federal government's Medicaid officials accepted that pharmacists should be cross-subsidized by inflating acquisition costs." (*Id.* at 28, footnote 41.) Professor Marmor also puts the timing of the Government's knowledge pertaining to AWP squarely at issue. (*See id.* at 49-50: "And, until VAC's revelations, there was little or no understanding of the scale or role of manufacturers in causing inflated reimbursement. In short, clear understanding arrived much later.").)

## II.     THERE IS LITTLE, IF ANY, BURDEN ASSOCIATED WITH PROVIDING LEGALLY APPROPRIATE RESPONSES TO THE PRE-1991 REQUESTS FOR ADMISSION.

It appears that Magistrate Bowler limited the time period of the Government's obligation to amend its RFA responses in response to a Government claim of burden. (*See* Dec. 4, 2008 Hrg. Tr. at 68-69.) In truth, however, there is hardly any burden at all in fairly answering these RFAs. All the Government need do is to refer to the documents provided by Abbott (Abbott remains willing to provide copies of any documentation the Government cannot find), and admit the statements and assertions were made and/or were true.

Granting Abbott's request will not alter any previous discovery rulings in this case, and will not require that any additional discovery be taken.

## CONCLUSION

For the foregoing reasons, the Court should overrule Magistrate Bowler's ruling limiting the Government's obligation to provide amended responses to Abbott's RFAs to only those RFAs that concern statements or factual assertions made by Government officials during the damages period in this case (1991 through 2001). Abbott further requests that this Court order the Government to amend its responses to RFAs relating to documents and statements prior to 1991 in a way that is consistent with the rulings made by Judge Bowler concerning those RFAs within the 1991 through 2001 time-frame.

Dated:  January 7, 2009

Respectfully submitted,

/s/ James R. Daly
James R. Daly
Tina M. Tabacchi
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 7th day of January, 2009.

/s/ David S. Torborg
David S. Torborg
