IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| United States of America ex. rel.<br>Ven-A-Care of the Florida Keys, Inc.<br>et al.<br><br>        Plaintiff,<br><br>v.<br><br>Dey, Inc., et al.<br><br>        Defendant. | ) <br> ) <br> ) Case No. MDL NO. 1456 <br> ) Civil Action No. 05-11084-PBS <br> ) Master File No. 01-CV-12257-PBS <br> ) Subcategory Case No. 06-11337 <br> ) Judge Patti B. Saris <br> ) <br> ) <br> ) <br> ) |

## OKLAHOMA HEALTH CARE AUTHORITY'S OBJECTION TO DEY DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SUBPOENA

In accordance with Local Rule 7.1(b)(2) of this Court, the Oklahoma Health Care Authority ("OHCA") objects to Defendant Dey, Inc.; Dey L.P., Inc.; and Dey L.P.'s Motion to Compel

### OBJECTIONS

OHCA objects to the Motion on the grounds that the Subpoena originally issued to OHCA on October 20, 2008 is so broad and voluminous as to be unreasonable, oppressive, and unduly burdensome. Rule 45(c)(1) of the Federal Rules of Civil Procedure provides that the party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The subpoena violates Rule 45(c)(1) and Rule 45(c)(3)(A)(iv). OHCA estimates it would take thousands of staff hours and dollars for OHCA to attempt to fully comply with the subpoena.

OHCA further objects to the subpoena on the ground the document requests are vague and fail to describe the demanded documents with reasonable particularity, making the Subpoena even more burdensome.

These objections are not intended to be and should not be construed as a waiver of specific objections to specific requests, including available privileges and protections permitted under the applicable laws or rules. Having stated its objections, OHCA further states the following.

## FACTS

Shortly after receipt of the October 20, 2008 subpoena OHCA contacted Dey Counsel, Cliff Katz and set up a meeting between Dey counsel, OHCA counsel and OHCA's designated witness in an attempt to narrow the requests to a more realistic request, one that OHCA would be able to attain in a reasonable amount of time. OHCA was under the impression that it had met those requirements and sent the relevant materials to counsel via federal express on December 3, 2008 (see letter attached as Exhibit "A"). Dey Defendants then issued another subpoena dated November 25, 2008 requesting yet again, voluminous amounts of documents. The November 25 subpoena requested two items. Item 1 "all claims involving the subject drugs from 1991 to present with detailed identifiers of the claims." Item 2 "historical information concerning MAC." OHCA had previously produced item 2 but as indicated on the Subponea attached hereto as Exhibit "B", from the list of drugs provided, it would take OHCA weeks if not months to compile such information from the time period of 1991 as requested by Defendant, Dey. Many of these records possibly are not on database due to the extended time period, and would be on microfilm, which would require many man hours of viewing fiche to compile the requested information.

2

OHCA feels as a non-party participant, it has been more than accommodating in its response to Defendant Dey's multiple requests. OHCA produced its witness in accordance with the deposition on December 12, 2008 and in fact, OHCA was still obtaining information for Defendants as of December 22, 2008, in a good faith effort to comply with Defendant Dey's requests.

Therefore, OHCA opposes Defendant Dey's Motion to Compel and requests that the Court deny its requests in granting its Motion to Compel against OHCA.

Date this 29th day of December, 2008.

>Howard J. Pallotta
>Director of Legal Services
>
>By: /s/ Lynn Rambo-Jones
>Lynn Rambo-Jones
>Assistant General Counsel
>OBA# 4785
>Oklahoma Health Care Authority
>P.O. Drawer 18497
>Oklahoma City, OK  73154-0497
>Telephone: 405-522-7183
>Facsimile: 405-530-3438
>Email: lynn.rambo-jones@ohca.org
>Attorney for the Oklahoma Health Care Authority

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **United States of America ex. rel.** ) | |
| **Ven-A-Care of the Florida Keys, Inc.** ) | |
| **et al.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **AFFIDAVIT OF SERVICE BY MAIL** |
| ) | **AND RETENTION OF DOCUMENTS** |
| ) | **Civil Action No. 05-11084-PBS** |
| **Dey, Inc., et al.** ) | |
| ) | |
| **Defendant.** ) | |

STATE OF OKLAHOMA   )
                             ) ss.
COUNTY OF OKLAHOMA )

Lynn Rambo-Jones state under oath as follows:

1. I swear and affirm upon penalty of perjury that the statements made in this affidavit are true and correct.

2. I am of legal age and on the 29th day of December, 2008, I served the attached **OKLAHOMA HEALTH CARE AUTHORITY'S OPPOSTION TO MOTION TO COMPEL** upon Nell Merkl, by placing a true and correct copy thereof in an envelope addressed as follows:

    Nell Merkl
    Kelley Drye & Warren LLP
    101 Park Avenue
    New York, N.Y. 10178

4

and depositing the same, with postage prepaid, in the United States mail at Oklahoma City, Oklahoma. That the originals of these documents shall be retained at the Office of the General Counsel of the Oklahoma Health Care Authority, 4545 N. Lincoln, Suite 124, Oklahoma City, OK 73105.

*Lynn Rambo-Jones*
Lynn Rambo-Jones

Subscribed and sworn to before me
This 29th day of December, 2008

*Carolyn Berry-Greer*
Notary Public

CAROLYN BERRY-GREER
Notary Public
State of Oklahoma
Commission # 04002523 Expires 03/16/12