# COPY

A088 (rev  12/06) Subpoena in a Civil Case

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br><br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS | **Pending in:**<br><br>**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**<br><br>MDL NO. 1456<br>Master File No. 01-CV-12257-PBS<br><br>Hon. Patti B. Saris |

## SUBPOENA

TO:   Health Care Authority, State of Oklahoma
4545 N. Lincoln Blvd., Ste 124
Oklahoma City, OK 73105

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  The deposition will be recorded by stenographic means and videotape.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
*See* Exhibit A.

| PLACE<br>511 Couch Drive, Oklahoma City, OK 73102 | DATE AND TIME<br>December 10, 2008 |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants Dey, Inc., Dey L.P., Inc. and Dey L.P. | November 25, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Neil Merkl, Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 (212) 808-7800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

**EXHIBIT**

B

A088 (rev 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | 11/26/08 | 4545 N. Lincoln #12 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Sandra | Corp. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Curtis E WEst | PPs |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___11/26/08___
DATE

SIGNATURE OF SERVER

220 N. Harvey Ave.
ADDRESS OF SERVER

OKC, OK 73102

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the

testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved

(e) CONTEMPT Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A: DOCUMENTS REQUESTED

1.    *Claims Data.* For the time period from January 1, 1991 to the present, complete claims data for each instance that the State Medicaid program provided reimbursement of a claim relating to the dispensing of the Subject Drugs, with related file layouts, field definitions, manuals, data dictionaries, source tables, relationship tables, and business rules. These data are requested in electronic form used by SQL Server, Microsoft Access, Microsoft Excel, or a delimited file that can be readily uploaded into one of those programs. The complete claims data requested includes all fields, other than individual patient identifiers, contained on the Provider's claim submission and all additional fields added to process the claim, including:

   (a)    *Identifier*: claim number, sequence number representing each line item of the claim, and other identifying information;

   (b)    *Provider type*: pharmacy, physician, physician supplier, outpatient care provider, home health provider, institutional pharmacy, physician crossover, etc.;

   (c)    *Claim Type*: any available claim type information, including but not limited to any information that indicates whether the State Medicaid Program is the secondary payor including Medicare Crossover Claims;

   (d)    *Transaction Type*: all available transaction type information, such as correction, cancellation, etc., identifiers, and source transaction information (*e.g.*, if one claim corrects another claim, information about which claim is being corrected);

   (e)    *Status*: all status information, including the payment code indicating whether the claim has been accepted, processed, and/or paid and the type of program the claim will be processed under (*e.g.*, Medicaid, Managed Care, etc.);

   (f)    *Dates*: all available dates, including the date service was provided, the date the claim was received, and the date the claim was paid;

   (g)    *Basis of payment*: coding within the claim payment transaction which identifies the reference point from which the claim payment amount is determined (*e.g.*, AWP, usual & customary, EAC, FUL, MAC, Billed Amount, Charges, etc.);

   (h)    *Provider*: all information for all relevant Providers, including number, name, address, contact information, and area/field of practice (where relevant);

   (i)    *Product*: all product information, including:

      (i)    NDC. Please provide all 11 digits (do not drop leading or trailing 0's) and ideally in three separate fields – labeler (first five digits), product (next four digits) and package size (final two digits);

    (ii)    Name;

    (iii)   Type (*e.g.*, single source, multi-source);

    (iv)   Therapeutic class; and

    (v)    Related items like diagnosis codes, place of service, and type of service (where relevant).

(j)    *Units*: all units information with decimals in the correct position, including submitted units, allowed units, and unit of measure (*e.g.*, capsule vs. bottle, milliliter, etc.);

(k)    *Other Data for Payment*: any other data used to determine the amount of the payment not listed above (*e.g.*, channel of procurement, etc.);

(l)    *Payments*: all fields related to billed amounts, payment limit amounts, allowed amount, and actual amounts paid along with the bases for the payment, all with decimals in the correct position, including:

    (i)    Billed charges;

    (ii)    Basis of payment (*e.g.*, billed charges, ingredient cost, EAC, FUL, MAC, Billed Amount, acquisition cost, AWP, WAC, etc.);

    (iii)   Dispensing fee;

    (iv)   Service administration fee (*e.g.*, provider service fees);

    (v)    Allowed amount or contracted amount;

    (vi)   Any other payment amount (*e.g.*, inventory management fee/profit factor, delivery fee, generic incentive fee, etc.);

    (vii)   Any amounts used to reduce amount paid (*e.g.*, payments received from other payors and the number, name, and other information associated with such payors, co-insurance, co-payment, deductible); and

    (viii)  Amount paid.

(m)   *Comments*: all other memo or free-form fields.

2.    From January 1, 1991 to the present, Documents sufficient to identify the historical state MAC, if any, for the Subject Drugs or Subject HCPCS Codes.

## EXHIBIT B

### DEFINITIONS AND INSTRUCTIONS

#### Definitions

1.      "AWP" or "Average Wholesale Price" means any figures so categorized and periodically published by any Publisher.

2.      "Documents" means all original written, recorded, or graphic matters whatsoever, and any and all non-identical copies thereof, including but not limited to advertisements, affidavits, agreements, analyses, applications, appointment books, bills, binders, books, books of account, brochures, calendars, charts, checks or other records of payment, communications, computer printouts, computer stores data, conferences, or other meetings, contracts, correspondence, diaries, electronic mail, evaluations, facsimiles, files, filings, folders, forms, interviews, invoices, jottings, letters, lists, manuals, memoranda, microfilm or other data compilations from which information can be derived, minutes, notations, notebooks, notes, opinions, pamphlets, papers, photocopies, photographs or other visual images, policies, recordings of telephone or other conversations, records, reports, resumes, schedules, scraps of paper, statements, studies, summaries, tangible things, tapes, telegraphs, telephone logs, telex messages, transcripts, website postings, and work papers, which are in the possession of the Carrier as defined above. A draft or non-identical copy is a separate document within the meaning of this term.

3.      "EAC" or "Estimated Acquisition Cost" shall have the meaning set forth in 42 C.F.R. § 447.301

4.      "FUL" means "Federal Upper Limit" and shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 447.332.

5.      "J-Code reimbursement basis" refers to the reimbursement of drugs through use of a subset of the HCPCS code set with a high-order value of "J" (compare to "NDC reimbursement basis").

6.      "MAC" or "Maximum Allowable Cost" shall have the meaning set forth in 42 C.F.R. § 447.332.

7.      "Manufacturer" means a company that manufacturers pharmaceutical products.

8.      "Medicaid" means and refers to the jointly-funded Federal-State health insurance program enacted in 1965 as an amendment to the Social Security Act to pay for the costs of certain medical services and care.

9.      "Medicaid Crossover Claim" means claims for which Medicare is the primary payor and the State Medicaid is the secondary payor.

10. "NDC reimbursement basis" refers to the reimbursement of drugs based on a Provider's submission of a National Drug Code ("NDC") (compare to "J-code reimbursement basis").

11. "Person" means any natural person or any business, legal, or governmental agency or association.

12. "Point of Sale System" means a computer-transmitted claims processing system used by Providers to submit claims to Medicaid.

13. "Provider" or "Providers" means and refers to any and all persons or entities that render health care services, including but not limited to pharmacists, institutional pharmacies, home health agencies, physicians, nurses, nurse practitioners, physicians' assistants, specialty pharmacy, nursing home personnel, laboratory technicians, x-ray and other medical equipment technicians, and other hospital or physician-office personnel.

14. "Subject Drugs" means and refers to those drugs listed on attached Schedule A.

15. "Subject J-Codes" means those J-Codes identified in attached Schedule B.

16. "WAC" means "Wholesale Acquisition Cost."

17. The terms "and" and "or" shall mean "and/or."

18. Any word written in the singular shall include the plural and vice versa.

19. In case of doubt as to the scope of a clause including "and," "or," "any," "all," "each," and "every," the intended meaning is inclusive rather than exclusive.

## Instructions

1. When an objection is made to any request or any subpart thereof, please state with specificity the part or subpart of the document request considered to be objectionable and all grounds for the objection.

2. If you find the meaning of any term in these document requests to be unclear, please assume a reasonable meaning, state what that assumed meaning is, and answer the request on the basis of that assumed meaning.

## SCHEDULE 1:  SUBJECT DRUGS

| DRUG DESCRIPTION | NDC |
|---|---|
| Albuterol Inhalation Aerosol Metered-Dose Inhaler, 17g | 49502-0303-17 |
| Albuterol Inhalation Aerosol Metered-Dose Inhaler, 17g | 49502-0333-17 |
| Albuterol Inhalation Aerosol MDI Refill, 17g | 49502-0303-27 |
| Albuterol Inhalation Aerosol MDI Refill, 17g | 49502-0333-27 |
| Albuterol Sulfate Inhalation Solution 0.5%, 5mg/ml, 20mL multi-dose | 49502-0196-20 |
| Albuterol Sulfate Inhalation Solution 0.5% (Sterile) 20mL multi-dose | 49502-0105-01 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, 2.5 mg/3ml, package of 25 | 49502-0697-03 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, 2.5 mg/3ml, package of 25 | 49502-0697-24 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, 2.5 mg/3ml, package of 30 | 49502-0697-33 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, 2.5 mg/3mL, package of 30 | 49502-0697-29 |
| Albuterol Sulfate Inhalation Solution Single-Pak™, 0.083% 3 mL, package of 30 | 49502-0697-30 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, 2.5mg/3ml, package of 60 | 49502-0697-60 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, 2.5mg/3ml, package of 60 | 49502-0697-61 |
| Cromolyn Sodium Inhalation Solution 20 mg/2 ml, unit dose vials, package of 120 | 49502-0689-12 |
| Cromolyn Sodium, Inhalation Solution 20 mg/2 ml, unit dose vials, package of 60 | 49502-0689-02 |
| Cromolyn Sodium, Inhalation Solution 20 mg/2 ml, unit dose vials, package of 60 | 49502-0689-61 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5 ml, package of 25 | 49502-0685-03 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5 ml, package of 25 | 49502-0685-24 |
| Ipratropium Bromide Inhalation Solution 0.02%, 2.5 ml, package of 25 | 49502-0685-26 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5 ml, package of 30 | 49502-0685-33 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5 ml, package of 30 | 49502-0685-29 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5 ml, package of 30 | 49502-0685-31 |
| Ipratropium Bromide Inhalation Solution 0.02%, Single-Pak™ 2.5 ml, package of 30 | 49502-0685-30 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5ml, package of 60 | 49502-0685-60 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5ml, package of 60 | 49502-0685-61 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5ml, package of 60 | 49502-0685-62 |

## SCHEDULE 2: SUBJECT HCPCS CODES

| HCPCS CODE | DRUG DESCRIPTION |
|---|---|
| J7611 | Albuterol, Inhalation Solution, FDC-Approved Final Product, Non-Compounded, Administered Through DME, Concentrated Form, 1 mg |
| J7613, J7618 | Albuterol, Inhalation Solution, Administered Through DME, Unit Dose, 1 mg |
| J7619, J7620, K0505 | Albuterol, All Formulations Including Separated Isomers, Inhalation Solution Administered Through DNE, Unit Dose, per 1 mg (Albuterol) or per 0.5 mg (Levalbuterol) |
| J7625, K0504 | Albuterol Sulfate, 0.5%, per ml, Inhalation Solution, Administered Through DME |
| J7630, J7631, K0511 | Cromolyn Sodium, Inhalation Solution Administered Through DME, Unit Dose Form, per 10 Milligrams |
| J7644, J7645, K0518 | Ipratropium Bromide, Inhalation Solution Administered Through DME, Unit Dose Form, per milligram |