UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) Civil Action No. 01-12257-PBS ) Subcategory No. 03-10643 |
| THIS DOCUMENT RELATES TO: *The City of New York, et al.* *v.* *Abbott Laboratories, et al.* | ) ) Judge Patti B. Saris ) ) ) ) ) ) |

**PLAINTIFFS' RENEWED MOTION FOR RECONSIDERATION OF JULY 30, 2008 ORDERS REGARDING CERTAIN DEFENDANTS' INDIVIDUAL MOTIONS TO DISMISS**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and this Court's procedural order of August 27, 2008, after extensive discussion with counsel for defendants, plaintiffs respectfully submit this Renewed Motion for Reconsideration of those aspects of the Court's July 30, 2008 Orders on Defendants' Individual Motions to Dismiss the above-captioned action that dismissed plaintiffs' claims for dual-channel drugs (sometimes referred to as Physician Administered Drugs or "PADs").

**BACKGROUND**

Plaintiffs filed their Consolidated Complaint on June 15, 2005. Docket No. 1304. On March 3, 2006, defendants filed a joint motion to dismiss and certain defendants filed individual motions to dismiss. The parties engaged in motion practice and the Court issued an order on April 2, 2007, which denied in part and allowed in part defendants' motions. *City of New York et al. v. Abbott Labs, Inc. et al.*, 2007 WL 1051642 (MDL 1456, April 2, 2007); Docket No. 3979. The parties then participated in a May 16, 2007 status conference in which the Court gave

plaintiffs leave to file an amended complaint.  Plaintiffs filed the First Amended Consolidated Complaint ("FACC") on June 8, 2007.  Docket No. 4302.  Defendants filed a joint motion to dismiss the FACC on June 22, 2007.  A number of defendants filed individual motions to dismiss on that same date.  Oral argument on the motions to dismiss the FACC took place on July 26, 2007.  The transcript of that argument is attached as Exhibit A. On July 30, 2007, the Court ruled on defendants' joint motion to dismiss.  *In re Pharmaceutical Industry Average Wholesale Price Litigation, City of New York et al. v. Abbott Labs, Inc., et al.*, 498 F.Supp.2d 402 (D. Mass 2007); Docket No. 4540.

For purposes of this motion, the relevant aspect of the July 30, 2007 ruling concerns dual-channel drugs sometimes also known as Physician Administered Drugs or "PADs". The Court ruled that "[t]he plaintiffs have, at this stage of the proceedings, adequately alleged that the Counties reimbursed for [PADs] on the basis of false or inflated Average Wholesale Prices submitted by defendants."  *Id.* at 405.

## THE JULY 30, 2008 ORDERS

As stated above, the Court ruled on defendants' joint motion to dismiss the FACC on July 30, 2007.  The Court did not, however, rule at that time on the individual motions to dismiss the FACC that had been filed.   To the extent any disposition of those motions was needed, rulings were issued exactly one year later, or on July 30, 2008.  The July 30, 2008 rulings concerned the individual motions of Amgen, AstraZeneca, Bayer, Ben Venue, Boehringer Ingelheim, Chiron, Eli Lilly, Endo, Hoffman LaRoche, Medimmume, Novartis, Pfizer, Purdue and TAP.  By this motion, plaintiffs seek reconsideration or clarification of one aspect of the orders pertaining to a subset of this group, *i.e.* the PAD-related rulings set forth in the Amgen [Docket No. 5475],

Bayer [Docket No. 5471], MedImmune [Docket No. 5477] and Roche [Docket No. 5472] attached as Exhibit B hereto.

Reversing the PAD ruling set forth in its July 30, 2007 order, the Court's July 30, 2008 Orders for Amgen, Bayer, MedImmune, and Roche (the "PAD defendants") dismissed plaintiffs' claims for PADs after June 1994.  *See* Exhibit B hereto. This reversal was made without any explanation whatsoever. *Id.*  Plaintiffs respectfully submit that this reversal was made in error and possibly due to oversight.  As set forth herein, during both oral argument on the joint motion to dismiss the FACC and in its July 30, 2007 order, the Court agreed that plaintiffs' claims for PADs reimbursed on AWP would not be dismissed from the instant case.  *See* discussion at Point I, *infra*.  There is nothing whatsoever in the PAD defendants' individual motion to suggest the Court's July 30, 2007 PAD ruling was made in error.  No PAD defendant ever moved for reconsideration of the July 30, 2007 PAD ruling.  The record simply does not support the July 30, 2008 reversal of this Court's prior PAD ruling.

## PROCEDURAL HISTORY TO THIS RENEWED MOTION

On August 13, 2008, plaintiffs filed their Motion for Reconsideration of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions to Dismiss. Docket No. 5498.

On August 22, 2008, certain individual defendants filed the following in opposition to Plaintiffs' Motion for Reconsideration of July 30, 2008 Orders:  Defendant Chiron Corporation's Opposition To Plaintiffs' Motion For Reconsideration Of The July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss [Docket No. 5509]; Defendant Novartis Pharmaceuticals Corporation's Response To Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss [Docket No. 5510]; Opposition to Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Dismissing

Claims Related To Physician-Administered Drugs [Docket No. 5512] filed by Amgen, Bayer, Hoffman-La Roche, MedImmune, Roche Laboratories, Inc.; and Defendant Agouron's Response To Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss.  Docket No. 5513.

On August 25, 2008, defendant Eli Lilly filed its Opposition to Motion for Reconsideration of July 30, 2008 Order Dismissing, in Part, Claims against Eli Lilly. Docket No. 5516.

In response to plaintiffs' motion for reconsideration, on August 27, 2008 the Court issued a "Procedural Order re Motion to Reconsider." Docket #5521.  In that Procedural Order the Court wrote that "[u]nfortunately, the Court based its [July 31, 2008 orders] on the "corrected Exhibit B to the Complaint rather than the "revised" Exhibit B, filed after the hearing."  The Court also directed that "the parties shall meet and confer in good faith regarding points of agreement as to which drugs were adequately pled on the 'revised' Exhibit B of the Revised First Amended Consolidated Complaint."  The Court further ruled, "[a]fter conferring with prior counsel, plaintiff may file a renewed motion for reconsideration which shall state where there is an agreement about drugs that were included in subsequent pleadings or resolved in prior hearings." *Id.*  This is that renewed motion.

This motion reflects that, consistent with the Court's direction, the parties have conferred and all issues have been resolved (*see* "Statement of Resolved Issues" below) except as follows:

(1) The parties cannot agree that the Court's July 31, 2008 orders were mistaken or inadvertently made insofar as the Court, without any explanation whatsoever, reversed its July 31, 2007 rulings and granted defendants' motions to dismiss plaintiffs' claims for drugs sometimes referred to as "physician administered drugs" or PADs.   Hence, the instant motion.

(2) Plaintiffs and counsel for Eli Lilly also cannot reach agreement but plaintiffs believe the best course for resolution of that dispute is in the context of a motion for leave to amend the operative Lilly Exhibit, rather than through the instant motion. Counsel for plaintiffs and Eli Lilly engaged in extensive discussion over a number of months with regard to the Court's ruling on Eli Lilly's individual motion. In that ruling, the Court dismissed plaintiffs' claims agains Eli Lilly for all drugs other than Vancocin, Humalog and Zyprexa on the grounds that "plaintiffs do not allege any fraudulent spreads in Exhibit B with respect to any other subject drugs." *See* July 30, 2008 Eli Lilly Order. Docket No. 5470. In fact, the operative Eli Lilly Exhibit to plaintiffs' complaint, FACC Revised Exhibit B-13, alleges fraudulent spreads for nine other Lilly drugs: Darvocet, Darvon, Evista, Glucagon, Gemzar, Humatrope, Humulin, Nebcin, Prozac.[1] *See* Revised NY FACC Exhibit B-13. Plaintiffs endeavored to persuade counsel for Eli Lilly that the Court's ruling should be reconsidered as it was made in error and in reliance on the wrong FACC Exhibit. Counsel for Eli Lilly would not agree with plaintiffs' position on the grounds that even the spreads in the correct operative exhibit (NY FACC Exhibit B-13) were insufficient and "cherry picked." Counsel for Eli Lilly has made clear that they will oppose any motion for reconsideration on that basis.

While plaintiffs remain of the view that the Court's July 31, 2008 ruling as to Eli Lilly was made inadvertently and in reliance on the wrong version of plaintiffs' Lilly Exhibit, given Lilly's position regarding the spreads set forth in the operative exhibit and given this Court's recent ruling in the context of the Schering motion for a protective order [Docket No. 5605], plaintiffs believe the most efficient way to clarify what Lilly drugs are in/out of the case is

---

[1] FACC Revised Exhibit B-13 inadvertently included the Eli Lilly drug Symbyax. Symbyax was not identified in plaintiffs' Consolidated Complaint of June 15, 2005 and should not have been listed in FACC Revised Exhibit B-13. Plaintiffs are not asserting any claims against Lilly for this drug.

through a motion for leave to amend the Revised FACC Exhibit B as to Lilly in order to demonstrate that the identified Lilly drugs are, in fact, properly in this case and that the spreads were not "cherry picked."  Plaintiffs will file this motion on or before January 13, 2009. Plaintiffs have asked Eli Lilly whether it will consent to the filing of this motion for leave.  Lilly has yet to respond.

## STATEMENT OF RESOLVED ISSUES

The majority of issues raised by the July 30, 2008 orders were resolved through good faith negotiations between the parties.

Regarding the Chiron Order [Docket No. 5474], the parties have agreed that plaintiffs are only pursuing claims again Chiron for Tobi and Proleukin and will file an amended Chiron Exhibit B reflecting this fact.  The parties have agreed further that plaintiffs' alleged spreads for these drugs are, based on the wholesaler data employed to create Revised FACC Exhibit B, 30% or below and that therefore, based on the current rulings of the Court, discovery as to those drugs will be stayed at this time.

Regarding the Endo Order [Docket No. 5469], the parties have agreed that the operative Endo Exhibit to the Revised FACC is Revised FACC B-14, not B-12 as referenced in the July 30, 2008 Endo Order.

Regarding the Novartis Order [Docket No. 5466], the parties have agreed that the operative Novartis Exhibits to the Revised FACC are Revised FACC Exhibits B-30a and B-30b, not B-23 as referenced in the July 30, 3008 Novartis Order.

Regarding the Pfizer/Agouron Order [Docket No. 5465], the parties have agreed that Revised FACC Exhibit B-28 alleges fraudulent spreads for 5 Agouron NDCs and that those NDCs are at issue in this case.  The parties also have agreed that since the alleged spreads in

Revised FACC Exhibit B-28 for the 5 Agouron NDCs are 30% or below, discovery as to those NDCs is stayed at this time.

In addition to addressing plaintiffs' claims for PADs (the subject of this motion), the Court's July 30, 2008 Amgen Order [Docket No. 5475 and "B" hereto] also dismissed claims for Amgen drugs other than Neupogen on the grounds that "only a spread for Neupogen is specified in the Complaint". *Id.* In plaintiffs' original motion for reconsideration [Docket No. 5498], plaintiffs explained that their operative Amgen Exhibit alleged spreads for other Amgen drugs, i.e. Aranesp, Enbrel, Epogen and Infergen. *Id.* at 3-4; *citing* FACC Revised Exhibit B-3. Plaintiffs further noted that each of these Amgen drugs were also identified in plaintiffs' Consolidated Complaint, filed June 15, 2005. Plaintiffs argued that there was therefore no basis for the Court's July 30, 2008 dismissal of their claims as to these Amgen drugs. Amgen's opposition to plaintiffs' original motion for reconsideration [Docket No. 5512] appears to concede the point *sub silentio*. Plaintiffs believe that Amgen therefore agrees and acknowledges that the foregoing Amgen drugs are at issue in this case.

Likewise, the Court's July 30, 2008 MedImmune Order [Docket No. 5477], in addition to addressing plaintiffs' claims for PADs (the subject of the instant motion), dismissed all of plaintiffs' claims for Respigam and Synagis on the grounds that "plaintiffs have not alleged a spread in the complaint or Exhibit B" for these drugs. *Id.* In plaintiffs' original motion for reconsideration [Docket No. 5498], plaintiffs explained that their operative MedImmune Exhibit did in fact plead fraudulent spreads for Respigam and Synagis. *Id.* at 11, *citing* FACC Revised Exhibit B-23. Plaintiffs argued that the Court's ruling as to these drugs was therefore made in error and in reliance on the wrong MedImmune exhibit. MedImmune's opposition to plaintiffs' original motion for reconsideration [Docket No. 5512] appears to concede the point *sub silentio*.

Plaintiffs believe that MedImmune therefore agrees and acknowledges that Respigam and Synagis are at issue in this case.

## ARGUMENT

### I. Reconsideration of the July 30, 2008 Ruling Regarding PADs is Proper

The July 30, 2008 Orders on certain defendants' individual motions reverse, without any explanation, this Court's prior ruling regarding plaintiffs' PAD claims. As stated above, in its July 30, 2007 Order on defendants' joint motion to dismiss, this Court had determined that plaintiffs' claims regarding PADs reimbursed on the basis of AWP should not be dismissed. The Court ruled, "[t]he plaintiffs have, at this stage of the proceedings, adequately alleged that the Counties reimbursed for [PADs] on the basis of false or inflated Average Wholesale Prices submitted by defendants." *City of New York et al. v. Abbott Labs, Inc.,* 498 F.Supp.2d at 405.

This ruling was consistent with the Court's comments during the July 27, 2007 oral argument on defendants' joint motion to dismiss, *inter alia,* the PAD claims.

> THE COURT: I understand. But the physician-administered drugs –
>
> MR. TRETTER: I can explain that in two shakes, your Honor.
>
> THE COURT: Yes
>
> MR. TRETTER: Where we started is that when the drug is administered by a physician in a physician's office, it is not reimbursed on an AWP logic, and therefore, it is out of the case. Everybody agrees with that.
>
> THE COURT: Right, and they still do.
>
> MR. TRETTER: Now, you have the same drug that could be theoretically brown-bagged to the physician's office. In other words, it can be purchased or picked up by the Medicaid patient from a retail pharmacist, for example, and walked over to the doctor's office. And in that case, what the plaintiffs are alleging is, the retail pharmacist is entitled to be reimbursed for that same physician-administered drug on an AWP logic. So it's the situs of where it's infused or dispensed.

>THE COURT:  Okay, so why isn't that enough to count?
>
>MR. TRETTER:  Because what they do is, they have one allegation that we spent $1.4 billion on such non-physician providers.  And we say, and your Honor's –
>
>THE COURT:  They say they get it out of their records that they paid for these based on AWP, so they came from the pharmacy.
>
>MR. TRETTER:  Right, but what we're saying is that they don't have any particularization as to any county.  For instance, we don't' know whether Onondaga County …
>
>THE COURT:  Why does it matter?...
>
>MR. TRETTER:  I would like to just put a practical point on it your Honor.  I would like to know for a chemotherapy drug how much they're really contending was issued out of retail pharmacies and whether the retail pharmacies gets it at the doctor's price or –
>
>THE COURT:  You know what, that's why you have discovery.  I'm not doing that on a motion to dismiss…

*See* Transcript of July 26, 2007 hearing, 12:15-13:21, 16:16-22, attached as Exh. A hereto.

Notwithstanding the above colloquy and the July 30, 2007 ruling on defendants' joint motion to dismiss, on July 30, 2008, the Court reversed itself without explanation and allowed motions to dismiss plaintiffs' claims regarding PADs for the following four defendants:  Amgen, Bayer, MedImmune and Roche Laboratories.  *See* Exhibit B hereto.  Plaintiffs respectfully submit that these July 30, 2008 rulings should be reconsidered in light of the Court's prior order.

As pleaded in the FACC itself (*See* ¶¶ 99-111) and as discussed in plaintiffs' opposition and sur-reply to defendants' joint motion to dismiss the FACC, every drug listed in Exhibit B to the FACC was reimbursed based on either AWP, Usual and Customary ("UAC") or FUL when a claim was submitted by a Pharmacy Provider, even if the drug could also be physician-administered.  *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Joint Motion to

9

Dismiss Plaintiffs' First Amended Consolidated Complaint, Filed July 11, 2007, [Docket No. 4452] at 13, Section II.  *See also* Plaintiffs' Sur-Reply Memorandum of Law in Further Opposition to Defendants' Joint Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint, Filed July 24, 2007, [Docket No. 4498] at 12, Section II.  Thus, when a PAD or dual-channel drug is dispensed by a Pharmacy Provider, that drug is reimbursed based on AWP or FUL and this Court previously ruled that plaintiffs' claims for it should not be dismissed.  *City of New York et al. v. Abbott Labs, Inc.,* 498 F.Supp.2d at 405.  There is nothing in the record to suggest the July 30, 2007 ruling was in error.  No defendant timely moved for reconsideration of that ruling.  Moreover, defendants are now in possession of the New York Medicaid Pharmacy Claims data which demonstrates unequivocally that dual-channel drugs, or PADs, were reimbursed on the basis of AWP, UAC or FUL when dispensed by Pharmacy Providers. Such AWP, FUL or U&C-based reimbursement is not contrary to New York's statutory scheme.  That scheme provides that all Medicaid covered drugs dispensed by Pharmacy Providers are reimbursed on the basis of FUL, AWP or U&C.  N.Y. Soc. Serv. Law §367-a(9).  It is only when Medicaid covered drugs are "provided by a medical practitioner and claimed separately" that they are reimbursed based on the practitioner's actual cost. N.Y. Soc. Serv. Law §367-a(9)(a)

In short, it is respectfully submitted that there is simply no basis for a reversal of the July 30, 2007 order on this point, and the PAD-specific rulings set forth in the recent Amgen, Bayer, Hoffman-LaRoche and MedImmune Orders should be reconsidered.

## CONCLUSION

For all the foregoing reasons, plaintiffs' renewed motion for reconsideration should be granted in all respects.

Dated:  January 9, 2009

Respectfully submitted,

**City of New York and New York Counties in MDL 1456 except Nassau and Orange by**

**KIRBY McINERNEY, LLP**
825 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala_____

By:   Joanne M. Cicala, Esq.
James P. Carroll Jr., Esq.
Aaron D. Hovan, Esq.
Jocelyn R. Normand, Esq.
Kathryn B. Allen, Esq.


Ross B. Brooks, Esq.
MILBERG LLP
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300
*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
LEVY PHILLIPS &
KONIGSBERG, LLP
800 Third Avenue
New York, NY  10022
(212) 605-6205
*Counsel for the County of Orange*

11

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

The undersigned counsel certifies pursuant to Local Rule 7.1(a)(2) that she conferred with counsel for defendants in an effort to resolve or narrow the issues raised in this motion, and that the parties were unable to reach agreement with respect thereto.

/s/ Joanne M. Cicala
Joanne M. Cicala

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of January, 2009 she caused a true and correct copy of Plaintiffs' Renewed Motion for Reconsideration of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions to Dismiss to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

/s/ Kathryn Bale Allen
Kathryn Bale Allen
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600