# EXHIBIT B

1

1 - 157

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CONSUME, ET AL,                )
                Plaintiffs,)
                               )
-V-                            )   CIVIL DOCKET NO.
                               )   01-12257-PBS
ABBOTT LABORATORIES, ET AL,    )
                               )
                Defendants.)

MOTION HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

January 31, 2008

Boston, Massachusetts

APPEARANCES ON PAGE 2

Proceedings recorded by electronic sound recording, transcript produced by Apex Reporting.

2

APPEARANCES:

For the United States:

    RENEE BROOKER, ESQ.
    GEJAA GOBENA, ESQ.
    JUSTIN DRAYCOTT, ESQ.
    U.S. Department of Justice
    604 D Street, NW
    Patrick Henry Building, Room 9028
    Washington, DC  20004

For the Defendants:

    JASON WINCHESTER, ESQ.
    JAMES DALY, ESQ.
    Jones Day
    77 West Wacker Drive
    Chicago, IL  60601

For the Intervenor:

    JAMES BREEN, ESQ.
    The Breen Law Firm, PA
    3562  Old Milton Parkway
    Alpharetta, GA  30005

113

1   verified the answers demonstrate that he has no personal
2   knowledge.
3           If you look back at the affidavit we filed in May,
4   which I have extra copies of it on hand, I'll hand up
5   afterwards, Judge, he has no personal knowledge of the
6   general pricing issues that the Government is seeking
7   information on.
8           And with respect to his Answers, he has answered.
9   And there's nothing else to be done on this front.
10          Now, I don't know if you want to go back and forth
11  on each one, Judge.  I'm happy to handle it any way you
12  want.
13          THE COURT:  I think that's the way to do it.
14          MR. DALY:  Okay.
15          THE COURT:  So, I'll hear you.
16          MR. DALY:  Sure.
17          MR. GOBENA:  Thank you, your Honor.
18          I want to start off first by noting that all the
19  witness for which they're seeking protective orders for --
20  these are the executives -- one thing is key to distinguish:
21  There are three former executives, okay, and one current
22  executive.
23          Mr. White, who my brother, Mr. Daly, referred to
24  just now, is the current CEO.
25          There are three other witnesses.  One is a man

114

1  named Thomas Hodgson.  Another man is Duane Burnham.
2  Another one is Richard Gonzalez.  They are all former
3  employees.
4        And, typically, when you look at the apex case
5  log, dealing with whether or not apex executives should be
6  deposed, the issues are really to be considered are burden,
7  harassment and business disruption.
8        These gentlemen are retired.  None of those
9  factors are considered there.  In fact, there is no real
10 case law that the defendants have cited that indicate that
11 the type of apex protection they're seeking should be
12 applied to former executives.  There's really no burden
13 there.
14       We believe that--
15       THE COURT:  Being retired doesn't mean that
16 they're not doing something else.
17       MR. GOBENA:  Well, fair enough.  But at the same
18 time, it's not the same kind of consideration.
19       But perhaps more importantly, all four of these
20 individuals are witnesses in this case.  They're not simply
21 apex executives.
22       It's not a situation where you have someone
23 slipping and falling in a chain convenience store and
24 someone is trying to take the deposition related to that
25 slip and fall case, of the CEO of the chain of that

124

1  change.  A meeting was held in his office.  We have
2  documents about a meeting being held there.
3         A 30(b)(6) is not going to be sufficient, in terms
4  of Abbott's perspective, for us to explore Mr. Gonzales'
5  role for example.
6         THE COURT:  All right, Counsel, I gave a ruling.
7  I've given you the ability to renew, when you get all of the
8  30(b)(6) testimony and you feel you still want to pursue
9  this, I'll entertain it.  But at this time, I think it's
10 premature.
11        MR. DALY:  Your Honor, may I just make a request
12 on these 30(b)(6)s?
13        Your Honor's ruled, and the problem with that, I
14 think that perhaps if we could get a little bit of leeway to
15 add a 30(b)(6) topic, explicitly directed at the knowledge
16 and what, if anything, these individuals did or did not do.
17        Because we're not -- we're talking about a topic
18 here that is an emergening policy; that the CEOs, if they
19 were aware of it, then we should be able to put evidence on
20 in front of a jury that they did nothing about it; they
21 didn't educate themselves about it.  That, in of itself,
22 would be relevant at trial.
23        THE COURT:  Because what you are asking for is
24 something beyond the Order of December 18th.  You have to
25 work with what is out there.

*APEX Reporting*
(617) 269-2900

                                                                    157

## CERTIFICATE OF TRANSCRIBER

This is to certify that the attached proceedings before: <u>U.S. DISTRICT COURT, DISTRICT OF MASSACHUSETTS</u> in the Matter of:

```
CONSUME, ET AL,                )
                    Plaintiffs,)
                               )
-V-                            )   CIVIL DOCKET NO.
                               )   01-12257-PBS
ABBOTT LABORATORIES, ET AL,    )
                               )
                    Defendants.)
```

Place:  Boston, Massachusetts

Date:   January 31, 2008

Were held as herein appears, and that this is the true, accurate and complete transcript prepared from the recordings taken of the above entitled proceeding.

J. Mocanu                                         02/05/08
Transcriber                                       Date

*APEX Reporting*
(617) 269-2900