UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456<br>) Master File No. 01-12257-<br>)     01-12257-PBS<br>) Subcategory Case No.<br>) 06-11337 |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*,<br>Civil Action No. 05-11084-PBS | ) Hon. Patti B. Saris<br>) Magistrate Judge<br>) Marianne B. Bowler |

### GEORGIA DEPARTMENT OF COMMUNITY HEALTH'S SECOND MOTION FOR EXTENSION OF TIME TO RESPOND TO DEY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

COMES NOW the Georgia Department of Community Health ("Georgia") in the above-styled action, by and through the Office of the Georgia Attorney General, and respectfully requests an additional two (2) weeks within which to respond to the motion to compel the production of documents (Master Docket #5725 and Subcategory Docket #89) ("Dey's Motion") filed by Dey, Inc., Dey L.P., Inc., and Dey L.P. (collectively "Dey") through and including January 26, 2009. In support of its motion, Georgia shows the following:

1.

Dey filed a motion on December 1, 2008 seeking to compel the production of documents, which include attorney client documents containing, *inter alia*, documentation of discussions

between Georgia and attorneys regarding the potential strengths and weaknesses of litigation and intra-agency documents concerning same.

2.

Georgia is not a party to this action. Counsel for Georgia has been admitted pro hac vice for purposes of the instant action but has not yet received Case Management/Electronic Case Files login information.

3.

Dey already has received the re-production of Georgia's document production as well as a replacement compact disc of Georgia's initial production on compact disc without the inclusion of privileged material.

4.

Counsel is authorized to state that Dey's counsel does not object to the extension so long as the extension is not used against Dey in obtaining the discovery it is seeking should the motion be decided in Dey's favor. Counsel notes that the discovery period already has expired and can see no further prejudice to Dey in the event the extension is granted. Accordingly, Georgia requests that it have until January 26, 2009 to respond to Dey's Motion.

5.

For the above reasons, Georgia respectfully requests that

this motion be granted and that Georgia's time to respond to Dey's Motion be extended to January 26, 2009.

         Respectfully submitted,

         THURBERT E. BAKER  033887
         Attorney General

         DENNIS R. DUNN  234098
         Deputy Attorney General

         s/SHALEN S. NELSON
         SHALEN S. NELSON  636575
         Senior Assistant Attorney General

         s/MICHELLE TOWNES
         MICHELLE TOWNES  714924
         Assistant Attorney General

PLEASE SEND ALL
COMMUNICATIONS TO:
MICHELLE TOWNES
Assistant Attorneys General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: 404-656-3446
Facsimile: 404-463-1062
E-mail: mtownes@law.ga.gov

3

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1 OF THIS COURT**

The undersigned counsel certifies that she has communicated with Dey's counsel, Clifford Katz, in an effort to resolve the dispute referred to in Dey's Motion. Mr. Katz has indicated that he has no objection to Georgia's motion for a two-week extension of time to file its response to Dey's Motion so long as the United States Department of Justice and Ven-A-Care agree that the extension will not be used against Dey in the event that Dey wins the motion to compel. Additionally, Assistant United States Attorney Mark Lavine has consented to Georgia's motion for an extension of time to respond.

                                              s/MICHELLE TOWNES
                                              Georgia Bar No. 714924
                                              Assistant Attorney General
                                              State of Georgia