UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2009 JAN -9  A 11: 35

|  |  |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456 Master File No. 01-CV-12257-PBS Subcategory Case No. 06-11337 |
| THIS DOCUMENT RELATES TO: *United States of America ex. Rel. Ven-A-Care of the Florida Keys, Inc. et al. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS ) ) ) ) ) ) ) | Hon. Patti B. Saris Magistrate Judge Marianne B. Bowler |

## DELAWARE HEALTH AND SOCIAL SERVICES' OPPOSITION TO MOTION TO COMPEL

Delaware Health and Social Services ("DHSS") opposes the Motion of Defendants Dey, Inc., Dey, L.P., and Dey L.P., Inc. ("Dey") to compel compliance with a subpoena *duces tecum*, and responds with the attached memorandum of reasons why the Motion should be denied.

## COMPLIANCE WITH LOCAL RULES 7.1(A) and 37.1

Dey's Certification of Compliance with Local Rules 7.1(A)(2) and 37.1 is puzzling. Dey has made no effort whatsoever to try to resolve or narrow the issues with DHSS presented by its Motion to Compel. It simply served a subpoena under the auspices of the District of Delaware. The subpoena required a response that violated Delaware District Court Local Rule 30.1, which requires seven days for reasonable notice for depositions. It has never contacted DHSS to make a good faith effort to narrow the scope of the subpoena as stated in its Certification of Compliance. Nor has it agreed to pay reasonable costs incurred by DHSS in connection with the production of the requested data as stated on page 6 of its Memorandum of Law.

1

## **ORAL ARGUMENT**

DHSS opposes the request for oral argument. DHSS is not a party to the lawsuit pending before this court and has no presence or office in Massachusetts. It is unduly burdensome for DHSS to require that it pay its attorney to travel to Massachusetts for oral argument on the pending Motion. DHSS asks that the Court decide the Motion on the papers, or in the alternative, convene a teleconference for argument on the Motion.

## MEMORANDUM OF DELAWARE HEALTH AND SOCIAL SERVICES' IN OPPOSITION TO MOTION TO COMPEL

### Background

On Friday, November 21, 2008, Dey served a subpoena for Harry Hill, the Director of the Division of Medicaid and Medical Assistance ("DMMA"). A copy of the subpoena is attached to Dey's Motion to Compel as Exhibit I. DMMA is part of DHSS, which is the single state Medicaid agency for the State of Delaware. The subpoena was authorized by the District Court for the District of Delaware. According to the Affidavit executed by Dey's process server, the subpoena at issue was left at one of the buildings in the campus where the DMMA office is located after business hours on Friday, November 21, 2008. Exhibit A attached hereto. Mr. Hill did not see the subpoena until the following week. The return date on the subpoena was December 3, 2008.

The subpoena sought the production of complete Medicaid claims data from January 1, 1991 to December 31, 2001 for each instance when the Medicaid program provided reimbursement of claims for 26 drugs. DHSS is not a party to any of the underlying lawsuits consolidated in the District of Massachusetts.

2

DHSS filed a Motion to Quash the subpoena in the United States District Court for the District of Delaware on the grounds that the subpoena did not permit a reasonable amount of time to comply as a matter of law and that the subpoena was unduly burdensome. Dey has opposed the Motion to Quash and has filed a Cross-Motion to have the Motion to Quash transferred to this Court. Both Motions are now pending in the District of Delaware.

## Argument

Under the Local Rules of the United States District Court for the District of Delaware, under whose auspices the subpoena was issued, the subpoena was not timely served. The Dey defendants failed to allow a reasonable time for compliance pursuant to Fed. R. Civ. P. 45(c)(3) and Delaware District Court Local Rule 30.1, which requires seven days for reasonable notice. Dey served the subpoena only six business days in advance of the required time for compliance. Under Fed. R. Civ. P. 6(a), holidays and weekends are not counted. November 27, 2008 and November 28, 2008 were legal holidays. Fed. R. Civ. P. 6(a)(4). As a matter of law, therefore, the subpoena did not permit a reasonable time in which to respond – a minimum of seven days – and so the Motion to Compel should be denied on this ground alone. The compliance issues with the subpoena, however, extend far beyond the seven days' notice required under Delaware's Local Rules.

The subpoena subjects DHSS to an undue burden. The data that Dey requests are simply not available in the format requested by the subpoena. In 2002, DHSS implemented a new MMIS system. It maintained the data from the old system on backup tapes and has verified with EDS, its fiscal agent, that the tapes still exist. Declaration of Frank O'Connor, attached hereto as Exhibit B. Indeed, DHSS could simply provide copies of the tapes to Dey but the tapes alone, in an unsupported format, would be meaningless. Instead, the subpoena requires DHSS to pay EDS

first to obtain the hardware and software required to rebuild the old MMIS system, which must be obtained from out-of-state, and then to write the procedures for extracting the data from the tapes.

DHSS would not able to assess the cost for this project until the project has been at least partially completed. Based on its limited review to date, however, DHSS estimates that it would take approximately six months to a year and $500,000 to $1,000,000 to produce the data as requested by Dey.

For these reasons, Delaware Health and Social Services, Division of Medicaid and Medical Assistance respectfully requests that the Motion to Compel be denied.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

A. Ann Woolfolk, Del. Bar #2642
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400

Attorney for Delaware Health and Social Services, Division of Medicaid and Medical Assistance

Dated: January 7, 2009