UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456 Master File No. 01-CV-12257-PBS Subcategory Case No. 06-11337 |
| THIS DOCUMENT RELATES TO: ) ) ) *United States of America ex. Rel. Ven-A-Care of the* ) *Florida Keys, Inc. et al. v. Dey, Inc., et al.*, ) Civil Action No. 05-11084-PBS ) ) | Hon. Patti B. Saris Magistrate Judge Marianne B. Bowler |

## DECLARATION OF FRANCIS O'CONNOR

I, Francis O'Connor, having been duly sworn, depose and state as follows:

1. I have been employed by Delaware Health and Social Services ("DHSS") since 1972 and since 1986 in positions involving budgetary, fiscal and automated systems aspects of the Medicaid program.

2. In 2002, DHSS switched to a new claims processing Medicaid Management Information System ("MMIS"). Electronic Data Systems ("EDS"), which is Delaware's fiscal agent for the Medicaid program, maintained the claims data from the old MMIS system on backup tapes.

3. When DHSS received a subpoena for complete state claims data from January 1, 1991 to December 31, 2001, I inquired of EDS what would be involved in recreating the claims data that predated the new MMIS and are stored on backup tapes. I learned that the claims data on the backup tapes are not maintained in an electronic form that can be readily retrieved or converted into any of the computer program formats listed in the subpoena. I learned that neither

Exhibit B

EDS nor the State of Delaware has the software or hardware needed to retrieve the claims data. EDS would have to acquire access to mainframe hardware and software that they do not currently utilize for the Delaware Medicaid program. There are other state Medicaid programs that do have the necessary hardware and software, but permission would have to be obtained by Delaware from the other state to use their hardware and software in order to retrieve the Delaware claims data in a usable format. Delaware and the other state would have to carefully consider risk and liability issues from the potential disruption of another state's Medicaid program. If other states refused to allow Delaware access to their hardware and software, then Delaware would have to purchase or lease the required hardware and software.

4. I learned from EDS that it could turn the tapes with the Delaware claims data over to a third party, like the Dey defendants, but that the third party would not have the expertise and knowledge to extract and convert the Delaware claims data into a useful format. Dey or any other outside party would have to contract with EDS to retrieve the data or at least to write the procedures for retrieving the data before the data could be accessed. I learned that EDS would need to perform the procedures itself before it would be able to produce a set of instructions that would be sufficiently detailed to assist the third party. EDS would charge DHSS for all of its work in extracting and converting the claims data.

5. There has been no offer by the Dey defendants to reimburse DHSS for the search and production costs associated with the retrieval of the complete claims data sought by the subpoena, and so DHSS has not authorized EDS to commence the work necessary to extract the data. It is impossible to accurately assess the cost of extracting the data without more time to make a complete assessment of the scope of work that would be required. A major cost factor would be acquiring access to the necessary hardware and software. If another state Medicaid

program would be cooperative, it is likely that portion of the cost would be less than if Delaware had to purchase or lease the hardware and software. Based on my 22 years of experience of procuring, contracting and financing MMIS systems and modifications to MMIS systems, and discussions l have had with EDS about such a project, l estimate that a systems project designed to retrieve the Delaware claims data and comply with the subpoena would require between six months and one year and cost between $500,000 and $1,000,000.

**I declare under penalty of perjury that the foregoing is true and correct. Executed on January 5, 2009.**

/s/ Francis O'Connor