UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,*<br>CIVIL ACTION NO. 06-11337-PBS | Magistrate Judge Marianne Bowler |

**MEMORANDUM BY THE UNITED STATES IN
RESPONSE TO DEFENDANTS' JOINT MOTION TO COMPEL
RELIEF ON DELIBERATIVE PROCESS PRIVILEGE ISSUES**

This memorandum responds to the joint motion and memorandum filed by Abbott Laboratories, Inc. (Abbott), Dey, Inc., and the Roxane Defendants (collectively, the Defendants) relating to relevancy and privilege objections stated by the Government in response to document requests and deposition questions from Abbott.

For the most part, Defendants' latest brief revisits issues previously addressed and resolved by the Court, or which are presently under consideration by the Court based on extensive briefing by the parties. In fact, Judge Saris has already denied the specific relief now sought by Defendants via a joint motion. Nonetheless, the Government will respond to the items raised by Defendants, and explain that Defendants' requests are without merit and that the appointment of a special master is not appropriate here.

## ARGUMENT

**A.  There is No Need for the Appointment of a Special Master**

Defendants' assertion that there are currently 119 documents that have been submitted *in camera* and now require judicial review is *incorrect*.  As explained below, the number is considerably less than that.  Moreover, the majority of the documents that have been submitted *in camera* have been organized and presented to the Court by category in order to simplify review.  Thus, there is no need for the appointment of a special master.

### 1.  The Documents Submitted to the Court Have Been Organized to Expedite Judicial Review

On December 8, 2008, the Government submitted 75 documents to Judge Saris – 18 documents from the files of the Center for Medicare and Medicaid Services (CMS),[1] and 57 documents from the files of the Office of Inspector General for the Department of Health and Human Services (OIG).  Defendants had initially sought judicial review of 184 documents.  Following a hearing before Judge Saris on November 13, 2008, the Government elected to produce documents covered by the majority of the entries designated by Defendants.

Furthermore, of the documents submitted to Judge Saris, 38 are from a single sub-category of material relating to entrance and exit conferences and internal review team meetings held by OIG, all of which occurred prior to release of final versions of OIG reports. The Government has suggested that the Court consider making a single determination regarding this class of material.  A considerable portion of the remaining documents outside of this category require only minimal review because the documents, on their face, (1) are irrelevant by virtue of

---

[1] CMS was formerly known as the Health Care Financing Administration (HCFA).

their subject matter, (2) are protected by other privileges, including the attorney-client privilege, (3) were created after 2003, or (4) are of a type as to which Judge Saris has already indicated she will not require production (*i.e.* draft versions of OIG reports and correspondence).  *See* Dkt. 5750 at 10-16.

### 2. Only One Document Submitted to Magistrate Judge Bowler Requires Judicial Review

At this point, only one document requires review by Judge Bowler.  The Government submitted 21 documents to Judge Bowler for *in camera* review on December 4, 2007 (Dkt. 4920), and another 21 documents for review on June 3, 2008 (Dkt. 5353).  Of the 42 documents submitted to Judge Bowler, 40 are draft versions of OIG reports.  As previously noted, during oral hearings in the latter half of 2008, Judge Saris clearly and repeatedly indicated that she did not require *in camera* submission of this category of material.  *See* Transcripts from July, 24, 2008 at 15:7, 25:8-13, 26:9-11 (Ex. 1) and Nov. 13, 2008 at 39:21- 40:4 (Ex. 2).  Thus, there is no need for further *in camera* review.

Of the two remaining documents before Judge Bowler, both are from the Government's December 4, 2007 submission and one of them has now been produced to Defendants.  (*In Camera* Submission to Judge Bowler, Re. Dkt. 4920 at Tab 21 (bearing Bates nos. HHC902-214 through 244) .)

Accordingly, at this juncture, just one document remains for review by Judge Bowler. *See In Camera* Submission Re. Dkt. 4920 at Tab 20 (consisting of documents bearing Bates Nos. HHC901-689 through 710).  Based on guidance from Judge Saris, this document should not be subject to production.  The document in question is a draft version of a publicly-released HCFA Program Memorandum.  Judge Saris has not required the Government to produce draft versions

of documents where the Government has produced the final versions.  *See* Dkt. 5665, at 18, 19. Thus, there is minimal to no judicial review required at this point with respect to the December 2007 and June 2008 submissions to Judge Bowler.

**B.  Entrance and Exit Conference Notes from the Work Papers of the OIG**

This specific category of material has been the subject of multiple briefs by Abbott, filed with both Judge Bowler[2] and Judge Saris.[3]  To date, none of the decisions by either Magistrate Judge Bowler on Abbott's motions, or by Judge Saris resolving Abbott's objections to the decisions by the Magistrate Judge, has required production of this category of material.  There is no reason for the Court to order otherwise now.

As noted above, Defendants previously submitted to the Court a schedule of selected privilege log entries in which they took particular interest - a substantial portion of those entries involves memoranda from the work papers of the OIG relating to entrance and exit conferences held by that office prior to the release of final versions of OIG reports.  When submitting those documents to the Court for *in camera* review, the Government explained that it had already produced voluminous material from the work papers of the OIG, including information assembled during the audits and inspections, all the pricing data, notes of contact with Government personnel (except contacts with CMS staff in the context of an entrance or exit conference), research performed by audit and inspection personnel, and anything else assembled during an audit or inspection.  *See* Dkt. 5750 at 13.  The Government further argued that the entrance and exit conference notes and review team meeting notes are conceptually the same as

---

[2]  *See* Abbott Motions at  Dkt. 3960 at 7; Dkt. 4474 at 9; Dkt. 5112 at 3-5.

[3]  *See* Abbott's Brief at Dkt. 4722 at 8-12.

draft versions of the final written reports - a category of material which the Court has not required the Government to produce. *See id.* at 14.

Judge Saris's prior orders upholding decisions of the Magistrate Judge which denied Abbott's motions for compelled production of entrance and exit conference notes were, and continue to be, correct. To the extent the Court were to reconsider this category of material, the Government respectfully submits that the Court can make a determination about the production of this type of OIG memoranda in light of the existing record and based on the entrance and exit conference memoranda that were included in the Government's December 8 *in camera* submission - which is now pending with the Court. (*See* Dec. 8, 2008 *In Camera* Submission at Tab 3.)

## C. The Majority of Communications Outside the Agency Have Been Produced

Defendants ask that the Court order the Government to produce documents "that represent communications with individuals outside the agency (such as carrier documents and communications with state employees)." The lack of specificity to this request makes a response difficult. That said, the Government expects that there are few if any documents in this category that have not been produced to defendants. For example, with respect to material from the Office of Legislation, the Government specifically stated that it would produce documents reflecting communications in this category and produced that material in January 2008. In any event, as stated to the Court at the hearing on November 13, 2008, the Government is undertaking a comprehensive review of documents withheld from production and will evaluate them based on the guidance from the Court at the hearing. That process began with consideration of privilege log entries specified in a schedule appended to Defendants' initial motion for a special master. It is now continuing with respect to material beyond the entries designated by Defendants.

With respect to Carrier documents,[4] a Carrier document was submitted *in camera* to the Court on December 8, 2008, along with a brief which provided citation to case law upholding the deliberative process privilege in situations where the deliberations included communications with consultants who were not Government employees. *See* Dkt. 5750 at 12. As explained in the Government's accompanying brief, however, the primary reason for not ordering disclosure of the Carrier document stems from the irrelevant nature of its contents. *See id*. at 11. Nevertheless, over the past month, the Government has been reviewing and producing to defendants material described on its Carrier privilege logs. When the review process is complete, the United States, consistent with its earlier practices, will provide Defendants with sufficient information for them to understand precisely what material has been released and what has been withheld.

**D. The Court has Already Ruled on Abbott's Motions to Compel Production of Documents from the Office of Legislation and the Rulemaking Support Files**

    **1. Prior Motions and Orders Relating to the Legislative and Rulemaking Material**

Documents from CMS's Rulemaking Support Files and the Office of Legislation have already been the subject of extensive briefing by the parties and decisions by both Magistrate Judge Bowler and Judge Saris. It has been the consistent practice of the Government since the inception of this litigation to make its production and withholding of documents completely transparent. The Government advised Defendants early in discovery that it would not produce or log documents from these two discrete sources (except that the Government agreed to produce documents from the Office of Legislation reflecting communications with outside entities or

---

[4] Carrier documents are those maintained by the contractors used by CMS to administer and process claims to the Medicare program.

individuals, including Members of Congress). Abbott moved to compel production of material from the Office of Legislation and the Rulemaking Support Files on October 11, 2007, and then filed additional briefs in support of this request in the ensuing weeks. *See* Dkts. 4791, 4890, 4892. In moving to compel, Abbott particularly took issue with the Government's decision not to produce document-specific privilege logs for material in the Rulemaking Support Files or obtained from the Office of Legislation. *See, e.g.,* Dkt. 4791 at 13-14.

The Government's response to Abbott's prior motion described the function of the Office of Legislation and the content and nature of the Rulemaking Support Files. *See* Dkt. 4869 at 8-9. The Government also provided agency declarations regarding the sensitive nature of the material at issue. The Office of Legislation has no role in administering payment on Medicare or Medicaid claims. Rather, that office is concerned with policy development and responding to issues brought to the attention of CMS by any Member of Congress. The Government respectfully refers the Court to its prior briefs for a full description of the agency files at issue.

The Government opposed Abbott's October 2007 motion to compel, relying principally on F.R.C.P. 26 (b)(1) which places express limits on the scope of permissible discovery based on the relevance of the sought-after material and the burden associated with its production. The Government argued that the material in question is irrelevant in light of both the Court's seminal rulings on key legal issues in this case and First Circuit precedent discussing the evidentiary significance of precisely the type of material that was the focus of Abbott's motion.[5] *See id*. at 13-14. The Government further argued that based on the lack of relevance, there was not sufficient reason to impose on the Government the substantial burden of reviewing and logging

---

[5] *United States v. Lachman,* 387 F.3d 42, 54 (1st Cir. 2004) ("non-public or informal understandings of agency officials concerning the meaning of a regulation are . . . not relevant").

material from the Office of Legislation in light of the particular mission assigned to that office within CMS. *Id*. at 12,14.

On February 1, 2008, Magistrate Judge Bowler denied the motion by Abbott to compel production of documents from the Office of Legislation and the Rulemaking Support Files based on the lack of relevancy of this material. The Magistrate Judge entered an electronic order

> denying 4790 Motion to Compel, as overly burdensome and cumulative. The burden imposed outweighs the likely benefit of the information. *See* Rule 26(b)(2)(C). And denying 4892 Motion to Compel for reasons stated by the government. Furthermore, the requested information is cumulative and the burden imposed outweighs the likely benefit within the meaning of Rule 26(b)(2)(C).

On February 15, 2008, Abbott filed its Objections to Judge Bowler's Order. *See* Dkt. 5049. In its objections, Abbott particularly took issue with the fact that the Magistrate had not ordered the Government to produce a document-specific privilege log for the Rulemaking Support Files and Material from the Office of Legislation. *See id.* at 5. The particular relief requested of Judge Saris by Abbott was that the Court order the Government to produce a privilege log for documents from these sources. *Id.* at 7.

On March 14, 2008, Judge Saris ruled on Abbott's objections and directed that:

> **The government shall review all its files (including the Office of Legislation and Rulemaking Support Files) for documents relating to Abbott's marketing the spread or the drugs at issue in this litigation. If there is a claim of privilege, the document shall be reviewed by the Magistrate Judge. Otherwise, the objections are denied.** (Emphasis supplied.)

The Court clarified this order at a July 2008 hearing by directing that the Government should also include in any *in camera* submission documents which related to the spread for "infusion" drugs or "inhalants" and documents relating to the issue of "cross-subsidization." *See* Ex. 2, at 20:10-11, 23:19-24:14. The Court further addressed the issue of the Government's document production at a hearing on November 13, 2008, but did not otherwise alter the scope of

8

the type of privileged material which is to be reviewed by the Court.  *See* Ex. 2 (hearing transcript) at 26:15-29, 27:7-8.

Based on the foregoing record, Defendants' fundamental claim that the Government has somehow been remiss with respect to its production of documents or assertion of the deliberative process privilege is meritless.  As evidenced by the four *in camera* submissions to date, the Government has been diligently working to comply with the Court's directions and has been mindful of the Court's rulings on particular documents in its November 8, 2008 Order.  In sum, the United States has complied, and continues to comply, with the Court's orders.

    **2.**    **The Government's Current Review Efforts and the Status of Any Remaining Material**

        a.  Documents from the Office of Legislation

The Government included material from the Office of Legislation with the documents submitted *in camera* to Judge Saris on September 15, 2008.  As indicated by Government counsel at the November 13, 2008 hearing and above, the Government is reviewing the documents withheld from production and will evaluate them based on the directions stated by the Court at that hearing.  As noted above, the Government produced non-privileged material from the Office of Legislation in January 2008 and again in November of 2008.  Given the prior productions and the considerable work that has already been done reviewing the remaining material from this source, the Government expects that the volume of documents which fall within the criteria stated by Judge Saris will be relatively compact – indeed if there are any at all.  The Government expects to be able to give a final report regarding the status of the on-going review within 30 days, if not sooner.

### b. The Rulemaking Support Files

As noted above, material from this source was the subject of a prior motion to compel by Abbott as well as an Objection filed by Abbott with Judge Saris. In briefs to both Magistrate Judge Bowler and Judge Saris, the Government explained that under CMS's current records disposition authority, a "Rulemaking Support File" consists of internal, pre-decisional documents and drafts, including drafts of the rules, internal comments received on the drafts, regulation logs, regulation specifications, preliminary actuarial estimates, internal recommendations and briefing papers. In 2005, CMS was given approval by the National Archives & Records Administration to segregate and maintain the Rulemaking Support Files apart from the rest of the Official Rulemaking Record because of the sensitive and confidential nature of this material. The Government agreed to make available for inspection by Defendants documents comprising the Official Rulemaking Record, exclusive of the Rulemaking Support File. *See* Dkt. 4791 at 5-6.

The volume of material in the Rulemaking Support Files for just six of the regulations which were the subject of Abbott's discovery requests is very substantial - the Government estimates the material comprises tens of thousands of pages. Government attorneys and paralegals devoted hundreds of hours to the review of that material in order to comply with the rulings and directions by Judge Saris noted above. By far and away, most of the material in the Rulemaking Support Files consist of draft versions of either Notices of Proposed Rulemaking (NPRMs) or Notices of Final Rulemakings (NFRMs). Obviously, final versions of the draft documents are published in the Federal Register after they have been approved by the Secretary of HHS. (Individual pages of draft regulations obtained from other files at CMS were submitted

*in camera* to Judge Saris last month. *See* Dec. 8, 2008 *In Camera* Submission at Tabs 1A and 1B).

The vast bulk of the material in the Rulemaking Files reviewed by the Government has nothing to do with the determination of payment amounts for drugs. For example, the NFRM relating to the Physician Fee Schedule for 1992 (which includes a provision relating to the methodology for determining payments for drugs furnished incident to a physician's service) spans over 300 pages in the Federal Register. The NFRM contains, at most, a few paragraphs relating to the payment methodology for drugs.[6] The Rulemaking Support File is comprised primarily of multiple versions of double-spaced drafts that were developed over the course of the rulemaking and span thousands of pages. As is the case with the NFRM, the vast bulk of the draft documents are concerned with provisions unrelated to the payment for drugs – for example, the calculation of Relative Value Units related to physician services and other features of an extremely complex payment system.[7]

After expending considerable attorney and paralegal time reviewing the material, the Government submitted to the Court *in camera* documents from the Rulemaking Support Files on September 15, 2008. *See* Dkt. 5551, at 16. At this time, the Government does not expect to submit any further material from this source to the Court. The prior rulings by the Court and the Magistrate Judge on Abbott's earlier motions to compel were correct at the time and continue to

---

[6] *See In Re Average Wholesale Price Litig.,* 460 F. Supp. 2d 277, 280 (D. Mass. 2006).

[7] The relatively *de minimus* amount of space devoted to the payment methodology for "incident to" drugs compared to other payment systems in the 1992 fee setting rule provides further context for the observation of the Court's independent expert "that governmental inertia in fixing the problem of the inaccuracy of the AWP can be explained by the fact that drug expenditures were not a large portion of healthcare costs [and that the] inertia reflected the principle of 'the importance of being unimportant'." *In Re Average Wholesale Price Litig.,* 491 F. Supp. 2d 20, 42-43 (D. Mass. 2007).

be now.  There is no basis upon which the Court should appoint a special master to review material from the Rulemaking Support Files, especially in light of the time and effort that has already been devoted to the review of material from this source.

### E. The United States' Recent Production of a Newly Redacted Version of a CMS "Decision" Memorandum Satisfies Its Discovery Obligations

Defendants have asked the Court to order that the Government produce an unredacted version of a 2002 internal memorandum from CMS which related to the review of Medicaid State Plan Amendments.  The parties have already completed considerable briefing on this document.  The Government produced a version of the memorandum with redactions in February 2008.  On March 31, 2008, Abbott moved to compel the production of an unredacted version.  *See* Dkt. 5173.  (Background relating to the document and the parties' dispute over its production is set forth at Dkt. 5254, at 2-3.)  At a December 4, 2008 hearing before Judge Bowler, Government counsel advised the Court that he would confer further with CMS about the document in light of the rulings and statements by Judge Saris described in the earlier sections of this brief.

On January 9, 2009, the Government amended the redactions on the document and produced it to Defendants.  (The newly redacted version of the document is appended to this brief as Exhibit 3.)  The Government's production of the redacted version of the memorandum is entirely sufficient.  The Government has a produced a version of the document which sets out background information regarding the matter at issue, in addition to the final decision by the Administrator on options presented to him.  The redacted material pertains to the analysis and recommendations by CMS staff.  What is relevant here, if at all, is the Administrator's decision, not the internal recommendation of his staff.

**F. <u>The Magistrate Judge Has Already Ruled on Abbott's Motion to Compel Testimony</u>**

Defendants' most recent brief asks that the Court "separately adjudicate or have a special master separately adjudicate," objections and instructions by Government counsel during specified depositions in this case. This request was the subject of a prior motion by Abbott that was addressed by Judge Bowler on December 4, 2008, when she ordered Abbott and the Government to further confer regarding the deposition questions covered by Abbott's motion. In their December 31 motion, Defendants incorrectly state that the Government has ignored Abbott's request to meet and confer as ordered by Judge Bowler.

Abbott's first and only request to confer about the deposition testimony came in an email sent by counsel on December 16, 2008 at 5:12 p.m. *See* Dkt. 5810, Ex. D. At that time, Abbott's counsel presented a two-day window (Dec. 17 and 18) in the week prior to Christmas for a meeting on multiple outstanding issues. It appears that the author of the email – who has been the point attorney on the issues on which conferral was requested – was on leave from his firm *from December 19 through the end of the year*. Defense counsel never indicated that he was unwilling to confer as directed by Judge Bowler after he returned from vacation. Accordingly, the Government expected that discussions on this and other outstanding issues would occur early in the new year. On December 31, 2008, nevertheless, Defendants filed a joint brief complaining about, *inter alia*, the Government's response, or purported lack thereof, to the meet and conferral directive. The United States remains more than willing to confer with Defendants as directed by the Magistrate Judge.

The Government respectfully submits that an appropriate response from the Court would be to direct counsel to confer as ordered by the Magistrate Judge - but that any meeting be scheduled in a manner that is reasonable and convenient for all concerned. That said, the

13

Government respectfully submits that conferral over certain topics covered by Abbott's motion to compel testimony should be deferred pending the Court's review of the Government's December 8, 2008 *in camera* submission. A very substantial portion of the deposition excerpts which are the subject of Abbott's motion relate to the content of exit and entrance conferences held by the OIG prior to final issuance of audit and inspection reports  A ruling on memoranda reflecting the content of those conferences shall be produced will likely impact whether testimony on precisely the same subject matter should be compelled.

## CONCLUSION

By virtue of the notice and comment procedure used by CMS to promulgate policy and the public release of OIG's audit and inspection reports, CMS's understanding about drug prices and the principles and purposes which underlie Medicare and Medicaid payment policy are an open book. Notwithstanding controlling First Circuit precedent, the Court's resolution of key legal issues in seminal orders, and well-founded relevancy and burdensomeness objections, the United States has produced abundant material concerning the Government's knowledge of the actual purchase price for drugs, its efforts to understand the drug market, and its policy-making processes. The Government has declined production of very discrete categories of documents or material from two particular sources. The Government has steadfastly sought to produce factual information about drug pricing and its knowledge of Defendants' conduct and to withhold only that material which would reveal the opinions and recommendations of individuals who contributed to the policy-making processes within the Government. Moreover, the only evidence which is relevant to Defendants' scienter is that which Defendants possessed when they were creating the mega-spreads for the drugs upon which the United States has brought suit - a category of evidence that is not implicated, in any way, by the motion now before the Court.

The Government has produced detailed information about both the sources of the material that it has produced – contemporaneous with its production – and has also been entirely transparent with respect to the precise nature of the material which it has withheld.  As a result, Defendants were able to litigate issues relating to the Government's production and withholding, beginning over two years ago in December 2006.[8]  Over the ensuing years, both Judge Bowler and Judge Saris have ruled on Abbott's repeated and repetitious briefs - for the most part denying the relief sought by Abbott.  As detailed above, Defendants' December 31, 2008 motion is yet another attempt to re-litigate or distort matters that have already been resolved.

At this juncture, there are essentially only two outstanding items.  The first relates to the documents submitted to Judge Saris *in camera* on December 8, 2008, which were drawn from privilege log entries selected by Defendants.  The Government respectfully submits that the Court should complete its review of the discrete categories of material submitted on December 8 and that no further action is required at this time.  In the meantime, the Government will complete its re-review of the remaining material from CMS's Office of Legislation.  The Government will apply the directions and principles articulated by Judge Saris in written orders and during oral hearings.  The Government will report to the Court regarding the result no later than within 30 days of the date of this brief.

Based on the foregoing, the United States respectfully requests that the Court deny Defendants' Motion to Compel Relief on Outstanding Deliberative Process Issues.

---

[8] On December 27, 2006, Abbott fired its first volley at the Government's invocation of the deliberative process privilege.  *See* Dkt. 3512.

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | GREGORY G. KATSAS<br>ASSISTANT ATTORNEY GENERAL |
| /s/ George B. Henderson, II<br>George B. Henderson, II<br>Barbara Healy Smith<br>Jeffrey Fauci<br>Assistant U.S. Attorneys<br>John Joseph Moakley U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>(617) 748-3272<br>(617) 748-3398 | /s/Justin Draycott<br>Joyce R. Branda<br>Daniel R. Anderson<br>Renée Brooker<br>Justin Draycott<br>Gejaa T. Gobena<br>Rebecca A. Ford<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Phone:  (202) 305-9300 |

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

/s/ Mark A. Lavine
Mark A. Lavine
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101


Dated: January 15, 2009

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day caused an electronic copy of the above MEMORANDUM BY THE UNITED STATES IN RESPONSE TO DEFENDANTS' JOINT MOTION TO COMPEL RELIEF ON DELIBERATIVE PROCESS PRIVILEGE ISSUES to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: January 15, 2009

/s/
Justin Draycott