# EXHIBIT B

**DSS**
**Strong Families - South Dakota's Foundation and Our Future**

DEPARTMENT OF SOCIAL SERVICES
DIVISION OF LEGAL SERVICES
700 GOVERNORS DRIVE
PIERRE, SD 57501-2291
PHONE: 605-773-3305
FAX: 605-773-7223
WEB: dss.sd.gov
Dan.Todd@state.sd.us

December 30, 2008

The Honorable Patti B Sardis
US District Court Judge
John Joseph Moakley US Courthouse,
1 Courthouse Way, Suite 2300
Boston, MA 02210

Honorable Marianne B. Bowler
US Magistrate Judge
John Joseph Moakley US Courthouse,
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.;
MDL No. 1456
Master File No. 01-CV-12257-PBS
District of South Dakota Misc No. 08-00047-JES

Dear Judges,

Enclosed, please find a courtesy copy of the SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES' MEMORANDUM AND OPPOSITION TO DEFENDANT DEY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SUBPOENA, AFFIDAVIT OF LARRY CHITWOOD, and AFFIDAVIT OF BOB KALLEMEYN. These have been filed in South Dakota Misc. File No 08-00047-JES.   This has not been filed in the District of Massachusetts for reasons set forth in the memorandum.

Thank you very much,

*[signature]*
Daniel J. Todd
Assistant Attorney General
Director-DSS Division of Legal Services

Cc:   Sara L. Reid, Attorney for Defendant Dey Inc.

Enc.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br><br>United States of America ex rel. Ven-a-care of the Florida Keys, Inc., et al v. Dey, Inc., et al.,<br><br>Civil Action No. 05-11084-PBS | Pending in:<br><br>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS<br><br>MDL NO 1456<br>Master File No. 01-CV-12257-PBS<br><br>South Dakota Misc. No. 08-00047-JES |

## SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES' MEMORANDUM AND OPPOSITION TO DEFENDANT DEY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SUBPOENA

Comes now the South Dakota Department of Social Services, hereinafter referred to as the Department, by and through Daniel J. Todd, Assistant Attorney General in and for the State of South Dakota, and, in accordance with Rule 45(c)(2)(B), Fed. R. Civ. P. objected to the non-party subpoena (Subpoena) issued by Dey, Inc.; Dey L.P., Inc.; and Dey L.P, and hereby respectfully submits, pursuant to D.S.D. CIV. LR. 7.2 and in accord with LR, D. Mass 7.1 (b)(2), this Opposition to Motion to Compel for the following reasons.

1. The Motion to Compel is not properly before the court.

2. The Motion to Compel is deficient.

3. That the subpoena duces tecum imposes an undue burden or expense upon the Department.

## FACTS:

On November 25, 2008, a Subpoena Duces Tecum was issued in the name of the United States District Court for the District of South Dakota. It was signed by Cliff Katz, counsel for Defendants. Said subpoena was issued to the South Dakota Department of Social Services requiring the production of voluminous records maintained by the Department of Social Services. A copy of the Subpoena of Dey, Inc.; Dey L.P., Inc.; and Dey L.P was provided to the Department via fax on or about November 26, 2008. The Subpoena demanded production of "Claims Data. For the time period from January 1, 1991 to present complete with claims data for each instance that the State Medicaid program provided reimbursement of a claim relating to the dispensing of the Subject Drugs, with related file layouts, field definitions, manuals, data dictionaries, source tables, relationship tables, and business rules. These data are requested in electronic form used by SQL Server, Microsoft Access, Microsoft Excel, or a delimited file that can be readily uploaded into one of those programs. The complete claims data requested includes all fields, other than individual patient identifiers, contained on the Provider's claim submission and all additional fields added to process the claim, including: . . . " and then went on for about 2 pages including the inclusions, and then added another one and one half pages of "subject drug" description.

On December 8, 2008, the Department served Defendant's counsel with objections to the subpoena. These objections were filed December 11, 2008 with the District of South Dakota in SD Miscellaneous case # 08-00047-JES.[1] This case file

---

[1] This case file was opened on the District of South Dakota when the Department filed a motion to quash related to a subpoena duces tecum issued by Dey Defendants to the Department prior to the subpoena at issue here. The motion to quash was resolved by stipulation of the parties.

2

contains the various pleadings pertaining to a prior subpoena duces tecum issued to the Department of Social Services by Defendants. On December 16, 2008, the Department received a copy of Dey Defendants' Motion to Compel Production of Documents Responsive to Subpoena (Motion). However, there was no cover letter to the clerk of court. Therefore, the Department is unaware of which file, if any, the Motion was filed in. However, it does not appear to be filed in the District of South Dakota.

## ARGUMENT

### A. THE MOTION TO COMPEL IS NOT PROPERLY BEFORE THIS COURT

Defendant's Memorandum in Support of the Motion asserts that this "Court" has jurisdiction to hear this Motion. However, Defendant fails to articulate what it means by "Court." If Defendant's reference to "Court" means the District Court of Massachusetts, such a position is not supported by the cited authority.

The Defendant argues that 28 USCA § 1407(b), *In re Neuriontin Mktg* 245 FRD 55,57 (D. Mass 2007), and *United States ex rel Pogue v Diabetes Treatment Ctrs. Of Am., Inc.*, 444 F.3d 462, 469 n. 4 (6th Cir., 2006); stand for the proposition that this Court has jurisdiction to enforce the Motion. However, even a cursory review of these authorities indicates that the District court of Massachusetts is not the "court" to compel compliance. Rather, the District of South Dakota is the proper court with jurisdiction of the matter. Although the Judge of the MDL (multidistrict litigation) has the authority to decide such discovery matters, the MDL judge's powers are really exercised as a Judge of the District of South Dakota.[2]

---

[2] 28 USCA 1407(b) provides:
Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation. For this purpose, upon request of the panel, a circuit judge or a district judge may be designated and assigned temporarily for service in the transferee district by the Chief Justice of the United States or the chief judge of the circuit, as may be

3

In *Pogue., supra.*, the court explained the subpoena power of Fed.R.Civ.P. 45, the power authorized in 28 USCA § 1407(b), and the relationship the two had on issues of appeal. 444 F.3d 463, 468-469. The Court found that the power to compel and enforce subpoenas lies with the issuing Court. *Id.* at 468., citing Fed.R.Civ.P. 45(c)(3)(A). The Pogue Court observed the problems of having multiple judges in multiple Federal Districts issuing independent, and potentially conflicting, decisions. "Because these rules could hamstring an MDL court's ability to conduct coordinated pretrial proceedings over cases that have been consolidated from far-flung foreign districts, the MDL statute empowers an MDL judge to act as a judge of the deposition or discovery district." 444 F.3d at 468. "However, because the MDL judge is acting as a judge of the deposition or discovery district when he uses the authority outlined in Section 1407(b), appeal from the exercise of such authority lies in the circuit court embracing that deposition or discovery district." *Id.* at 469.

In this case, the Motion has not been filed in the SD Miscellaneous Case file. The failure to file the motion within the proper case is a violation of Fed.R.Civ.P. 7(b)(1). Without such a pleading in the South Dakota file, the MDL has no authority to enforce the subpoena under 1407(b). See Fed.R.Civ.P. 45 *Practice Commentaries by David D. Siegel,* C45-21. Notably, if the matter is to be appealed, the South Dakota file would constitute the record on appeal, not the Massachusetts file. Therefore, this court should deny the Motion presumably filed in Massachusetts.

B. VENUE ON A PROPER MOTION LIES IN THE DISTRICT OF SOUTH DAKOTA.

---

required, in accordance with the provisions of chapter 13 of this title. With the consent of the transferee district court, such actions may be assigned by the panel to a judge or judges of such district. The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel *may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.* (emphasis added).

4

In addition, Defendant's memorandum requested Oral Argument. Presumably, Defendant's are requesting an in-person hearing. However, such a contested hearing (if properly before the court) must be held in South Dakota, not Massachusetts. Pursuant to Fed.R.Civ.P. 45(c)(3)(A)(ii), a non-party cannot be compelled to travel more than 100 miles. *Pogue,* 444 F.3d at 468. See also, Fed.R.Civ.P. 45 Commentary C45-21. It is counter-intuitive to only allow service of a subpoena within the District of the court issuing the subpoena, *require* the District court to quash a subpoena that requires the witness to travel beyond 100 miles, yet permit the parties to require the non-party to travel nearly two thousand miles to assert its rights and be afforded the protections of the federal rules. Fed.R.Civ.P. 45 (b)(2), & 45(c)(3)(A)(ii).

However, the Department recognizes that requiring a federal judge to travel to multiple foreign jurisdictions is not a very efficient means of handling pretrial proceedings. The Department's position is that if a hearing is set before District of South Dakota Court, the MDL judge may preside over the matter telephonically at her discretion. *Neurontin, supra.* Obviously, if testimony or other evidence is necessary to resolve the matter presiding telephonically may create difficulties. If such is the case, the Department welcomes the MDL judge and opposing counsel to the great State of South Dakota.

C. LOCAL RULES OF THE DISTRICT OF SOUTH DAKOTA APPLY

As discussed above, compulsion of the subpoena is a proceeding that would properly lie in the District Court of South Dakota, which the MDL judge may rule upon as a transferred judge to the District of South Dakota. However, as a District of South Dakota matter, the local rules of South Dakota apply, not the local rules of Massachusetts. *Pogue v. Diabetes Treatment Centers of America Inc.,* 238 F.Supp.2d 270, 278 (D.D.C. 2002) (MDL judge sitting in District of Columbia noting violation of the

5

local rules of Tennessee as a deficiency of motion to quash.)   Pursuant to local rule, attorneys who are not members of the Bar of the District Court of South Dakota, may only participate *pro hac vice* before the court upon proper motion and approval by the presiding judge. US Dist.Ct. Rules D.S.D. Civ. LR 83.2(E). See also: Fed.R.Civ.P. 45 *Practice Commentaries by David D. Siegel*, C45-5. In addition, Defense counsel must associate with local counsel. *Id.* Local counsel must sign all motions and other papers filed and be present for all proceedings. *Id.*

In this case, it is the Department's information that Defense counsels are not members of the Bar of the District Court of South Dakota. There is also no indication that any of Defense counsel has made a motion to appear *pro hac vice*. Finally, the Motion was not signed by local counsel in South Dakota. While the court may be inclined to consider the filing of the Motion in the Massachusetts file as being filed in the South Dakota proceeding, the failure of local counsel to sign the pleading prevents such a quick fix. Fed. R. Civ. P. 7(b) requires a Rule 11 signature by an attorney, but the Local Rule effectively dictates that the Rule 11 signature be that of the Local Counsel. Therefore, the absence of a signature by local counsel means the motion is without a signature, and therefore not a motion and in violation of Fed. R. Civ. P. 7(b).

While the application of the South Dakota local rules may seem to be trivial and mere technicality, they are in place to ensure accountability for actions occurring within the jurisdiction and violations of the local rules require the denial of the motions. *In re Tri-State Ethanol Co., LLC*, 369 B.R. 481, 489, 495 (D.S.D.,2007). (Finding motion should have been denied solely based on local counsel's failure to sign motion). Even the District of Massachusetts has recognized the rule regarding local counsel "imposes a significant, ongoing responsibility on a local counsel and should not be taken lightly." *Brown v. Phillip Morris Inc.*, 291 F. Supp 2d 3, 6 (D. Mass, 2003).

### D. THE SUBPOENA DUCES TECUM CREATES AN UNDUE BURDEN OR EXPENSE UPON THE DEPARTMENT.

The Department objected as the Subpoena is so broad and voluminous as to be unreasonable, oppressive, and unduly burdensome. Rule 45(c)(1) of the Federal Rules of Civil Procedure provides that the party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Subpoena violates Rule 45(c)(1) and Rule 45(c)(3)(A)(iv). It is expected that retrieval of documents or communications for seventeen (17) years is impossible and if some or all the documents or communications can be found it is estimated it would take the Department an unreasonable amount of staff hours and dollars in an attempt to fully comply with the subpoena.

The Department further objected to the Subpoena on the ground that the production date of December 10, 2008 failed to give the Department a reasonable time to comply, as required by Rule 45(c)(3)(A)(i), Fed. R. Civ. P. Attempted compliance with the subpoena by that date would cause undue burden to and disruption of the operations of the Department.

The Department further objected to the Subpoena on the ground the document requests are vague and fail to describe the demanded documents with reasonable particularity, making the Subpoena even more burdensome and making the December 10, 2008 production date even more unreasonable. These burdens are further exacerbated because the Subpoena is overbroad in time and scope, requesting information and documentation not relevant to the pending litigation or reasonably calculated to lead to the discovery of evidence admissible in the pending litigation. The breadth of the Subpoena is particularly inappropriate, and the scope far beyond the permissible scope of discovery permitted under Rule 26(b), Fed. R. Civ. P., in light of

the fact the Department is not a party to this proceeding, making most if not all of the requested information and documentation irrelevant.

Perhaps the most burdensome aspect of the subpoena duces tecum is Defendants failure to appreciate the age and limitations of the Department's information system. If compliance with the subpoena were as simple as hitting the print button and sending a bill, this matter would not come before the Court. For example, the subpoena requires production of historical state MAC information on each drug listed on schedule 1. The Department's information system is not set up for such an application. A computer program must be created from scratch by Bureau of Information and Technology (BIT) personnel. It is estimated that it would take twenty hours to write the program and format the information. For each hour of labor, it costs BIT forty-eight dollars ($48). This figure represents the calculated costs of employee time, computer time as well as other factor to ascertain the actual cost. There is no profit in the $48 figure. This cost is then billed to the Department. Therefore, it is estimated that the cost to the Department to provide the historical MAC information is approximately $960.

Furthermore, the subpoena requests claims data on all claims for the drugs on Schedule 1 from 1991 to present. The Department should be able provide a report with *most* of the requested fields from a database created for the rebate program. It is estimated that this will require 20 hours of labor. This translates into an additional $960 of expense to the Department. However, the database the claims information is located on contains a gap for claims between 1997 and 2003. In order to generate a report on these claims data it could take an estimated 400 man hours. Of course, this estimate presumes the information can even be located and accessed. Moreover, as an employee of State government, the individual with the knowledge and expertise to access and interpret the sought information has responsibility for day-to-day operations

8

that cannot be suspended. He cannot dedicate every hour of every day to chip away at the 400 hours of labor. Therefore it would require seven to eight months to fill in the gap of claims data at a cost of $19,200 to the Department.

## CONCLUSION

In light of the foregoing, the Department respectfully requests the Motion of the Dey Defendants be denied. The Motion has not been properly brought before this Court and lacks an authorized signature. Finally, the burden and cost of compliance with the subpoena is unjust.

Dated this 30 day of December, 2008.

Daniel J. Todd
Assistant Attorney General
State of South Dakota
700 Governors Drive
Pierre, SD  57501-2291
Telephone (605)773-3305
Facsimile (605)773-7223
Email: Dan.Todd@state.sd.us
South Dakota Bar # 1725

9

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br><br>*United States of America ex rel. Ven-a-care of the Florida Keys, Inc., et al v. Dey, Inc., et al.,*<br><br>Civil Action No. 05-11084-PBS | Pending in:<br><br>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS<br><br>MDL NO 1456<br>Master File No. 01-CV-12257-PBS<br><br>South Dakota Misc. No. 08-00047-JES |

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF SOUTH DAKOTA )
                      ) ss.
COUNTY OF HUGHES      )

Daniel J. Todd states under oath as follows:

1. I swear and affirm upon penalty of perjury that the statements made in this affidavit are true and correct.

2. I am of legal age and on the 30th day of December, 2008, I served the attached **SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES' MEMORANDUM AND OPPOSITION TO DEFENDANT DEY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SUBPOENA** upon Sarah L. Reid, by placing a true and correct copy thereof in an envelope addressed as follows:

Sarah L. Reid
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

and depositing the same, with postage prepaid, in the United States mail at Pierre, South Dakota.

_____
Daniel J. Todd

Subscribed and sworn to before me this 30th day of December, 2008.

_____
Jenna McFarlane
Notary Public

Jenna McFarlane
NOTARY PUBLIC
SOUTH DAKOTA
SEAL

2

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>South Dakota Miscellaneous No. 08-00047-JES<br><br>THIS DOCUMENT RELATES TO<br><br>*United States of America ex rel. Ven-a-care of the Florida Keys, Inc., et al v. Dey, Inc., et al.,*<br><br>Civil Action No. 05-11084-PBS | Pending in:<br><br>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS<br><br>MDL NO 1456<br>Master File No. 01-CV-12257-PBS |

## AFFIDAVIT OF BOB KALLEMEYN

STATE OF SOUTH DAKOTA )
                       ) SS
COUNTY OF HUGHES       )

Comes now your Affiant, Bob Kallemeyn, being of full age and after being duly sworn and hereby deposes and states:

1. That your affiant is employed by the State of South Dakota Bureau of Information and Telecommunications (BIT), Division of Development, Team 4, as an Senior Program Analyst.

2. As a team 4 member, I work with the South Dakota Department of Social Services.

3. That I have reviewed the subpoena issued November 25, 2008 and the attachments thereto including "Exhibit A" and "Schedule 1."

4. That I am familiar with the Department of Social Services information systems pertaining to prescription drugs.

5. That the current pharmacy program for the Department does not have the capability to provide historical state MAC data as requested in Exhibit A, 2.

6. To provide the historical state MAC data, a computer program will need to be written to pull the information.

7. I estimate that to write the program and format the data in accordance with the subpoena specifications would require approximately 20 hours of labor.

8. That for every hour of labor, it costs BIT forty-eight dollars. ($48)

I declare under the penalty of perjury pursuant to 28 USC § 1746 that the foregoing is true and correct. Further your affiant sayith not.

Dated this 30 day of December, 2008 at Pierre, South Dakota.

_____
Bob Kallemeyn
Affiant

Subscribed and sworn to before me, the undersigned officer, this 30 day of December, 2008.

_____
Notary Public – South Dakota
My Commission Expires: 7/9/2013

Jenna McFarlane
NOTARY PUBLIC
SOUTH DAKOTA

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>South Dakota Miscellaneous No. 08-00047-JES<br><br>THIS DOCUMENT RELATES TO<br><br>*United States of America ex rel. Ven-a-care of the Florida Keys, Inc., et al v. Dey, Inc., et al.,*<br><br>Civil Action No. 05-11084-PBS | Pending in:<br><br>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS<br><br>MDL NO 1456<br>Master File No. 01-CV-12257-PBS |

## AFFIDAVIT OF LARRY CHITWOOD

STATE OF SOUTH DAKOTA )
                                              ) SS
COUNTY OF HUGHES            )

Comes now your Affiant, Larry Chitwood, being of full age and after being duly sworn and hereby deposes and states:

1. That your affiant is employed by the State of South Dakota Bureau of Information and Telecommunications (BIT), Division of Development, Team 4, as an Information Technology Specialist.

2. As a team4 member, I work with the South Dakota Department of Social Services.

3. That I have reviewed the subpoena issued November 25, 2008 and the attachments thereto including "Exhibit A" and "Schedule 1."

4. That I am familiar with the Department of Social Services information systems pertaining to prescription drugs.

5. That I created a computer database for the Medicaid Drug Rebate Program which allows the Department to identify particular fields of drug claims submitted to the Medicaid program.

6. The computer database which required 2-3 years of work contains data from 1991 to present. However, a gap exists and the database does not contain claims data between 1997 and 2003.

7. I estimate that if I am able to retrieve the requested information from 1997 to 2003, it would require approximately 400 hours of labor.

8. That because day-to-day activities of State government cannot be suspended, the 400 labor hours cannot be continuous and would require 7 to 8 months to complete.

9. To provide the claims data conforming to Schedule 1 of the subpoena, and excluding the gap between 1997 and 2003, would require approximately 20 hours of labor.

10. That because day-to-day activities of State government that cannot be suspended, the 20 labor hours cannot be continuous and would require at least two work weeks to complete.

11. That for every hour of labor, it costs BIT forty-eight dollars. ($48)

12. That the Subpoena and Schedule is vague as to what is intended by the terms manuals, source tables, relationships tables, and business rules.

13. That the vagueness of terminology prevents me from reasonably identifying the materials sought, determining the availability, and estimating time and cost to provide.

I declare under the penalty of perjury pursuant to 28 USC § 1746 that the foregoing is true and correct. Further your affiant sayith not.

Dated this ____ day of December, 2008 at Pierre, South Dakota.

_____
LARRY CHITWOOD
Affiant

Subscribed and sworn to before me, the undersigned officer, this 30th day of December, 2008.

_____
Notary Public – South Dakota
My Commission Expires: 7/9/2013

Jenna McFarlane
NOTARY PUBLIC
SOUTH DAKOTA