# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*United States of America ex rel. Ven-a-care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,*<br><br>Civil Action No. 05-11084-PBS | Pending in:<br><br>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS<br><br>MDL NO 1456<br>Master File No. 01-CV-12257-PBS<br><br>South Dakota Misc. No. 08-00047-JES |

**DEFENDANTS DEY, INC., DEY L.P., AND DEY L.P., INC.'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR RESPONSE TO
SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES'
MEMORANDUM AND OPPOSITION TO DEFENDANTS' MOTION TO
<u>COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SUBPOENA</u>**

Defendants Dey, Inc., Dey L.P., Inc. and Dey L.P. (collectively, "Dey"), by their attorneys, hereby submit this response to South Dakota Department of Social Services' ("South Dakota") Memorandum and Opposition to Defendants' Motion to Compel Production of Documents Responsive to Subpoena ("Opposition"). Dey respectfully requests that the Court strike South Dakota's Opposition because there is no motion to compel pending in this District.

<u>BACKGROUND</u>

On or about November 26, 2008, Dey served upon South Dakota a non-party subpoena requesting Medicaid claims data in connection with a multidistrict litigation, *United States of America ex rel. Ven-A-Care of the Florida Keys v. Dey, Inc. et al.*, Civil Action No. 05-11084-PBS, MDL 1456, pending in the United States District Court for the District of Massachusetts before Judge Saris.

1

The underlying action is a complex litigation concerning Medicaid and Medicare reimbursements in nearly every state in the country. Plaintiff in the underlying action, the United States of America ("Federal Government"), brings various claims against Dey seeking, *inter alia*, recovery of the federal share paid to the Medicaid programs of almost every state, including South Dakota.[1] The Federal Government's claim for damages is based on the individual state Medicaid transactions. The claims data requested from South Dakota in the subject subpoena is therefore critical to Dey's defense of the action and for a complete understanding of the Federal Government's proposed damages.

Dey served its subpoena on South Dakota on or about November 26, 2008 and requested compliance by December 10, 2008. On December 8, 2008, South Dakota served Dey's counsel with objections to the subpoena. On December 15, 2008, in response to the objections of four states—including South Dakota's written objections—Dey made a motion to compel the production of responsive documents by the Medicaid programs of Delaware, North Carolina, Oklahoma, and South Dakota in the District Court for the District of Massachusetts. (A copy of Dey's motion to compel is attached hereto as Exhibit A.) That motion is still pending before Judge Saris in the District of Massachusetts. On December 30, 2008, rather than file an opposition in the Court where Dey's motion to compel was pending, South Dakota filed its Opposition here, in the District of South Dakota.

## ARGUMENT

There is no motion pending before this Court and Dey does not seek any relief from the District of South Dakota. Dey filed a motion to compel against four states, including

---

[1] Dey has settled the Federal Government's claims concerning Texas.

2

South Dakota, with Judge Saris in the MDL pending in the District of Massachusetts.[2] (Exhibit A.) Any opposition to that motion should therefore have been filed in the District of Massachusetts, where the motion is pending. Because there is no motion pending here, South Dakota's Opposition should be stricken from the docket.

An MDL court has the authority to decide pre-trial discovery issues, including disputes over non-party document subpoenas. *See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462 (6th Cir. 2006); *In re Neurontin Mktg.*, 245 F.R.D. 55 (D. Mass. 2007); *In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482 (E.D. Pa. 2005); *In re Sunrise Sec. Litig.*, 130 F.R.D. 560 (E.D. Pa. 1989); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 117 F.R.D. 30 (D.P.R. 1987). Generally, Rule 45 requires any disputes arising over a non-party subpoena be decided by the court that issued the subpoena. *See* Fed. R. Civ. P. 45(c)(2)(B). However, because this rule "could hamstring an MDL court's ability to conduct coordinated pretrial proceedings . . . the MDL statute empowers an MDL judge to act as a judge of the deposition or discovery district." *Pogue*, 444 F.3d at 468 (citing § 1407(b)).[3] "A judge presiding over an MDL case therefore can compel production by an extra-district party . . . notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted." *Id.* at 468-69. *See also In re Auto. Refinishing Paint*, 229 F.R.D. at 486 ("There is

---

[2] South Dakota claims in its Opposition that it doesn't know where Dey's motion was filed because there was no cover letter to the Clerk of the Court. (Opp. at 3.) The caption of Dey's motion to compel clearly states, at the top, in the center: "UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS". The caption also includes the MDL Number, the Master File Number, the Subcategory Case Number, and the name of the Judge (Hon. Patti B. Saris) and the Magistrate Judge (Marianne B. Bowler), both of whom are judges in the District of Massachusetts. Nowhere in the caption of the motion to compel does it suggest that the motion was filed in the District of South Dakota.

[3] 28 U.S.C. § 1407(b) provides: "The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings."

3

no requirement that the [MDL] court or judge be physically present in the other district to decide a motion to compel production pursuant to a subpoena issued by another district."); *In re Sunrise Sec.*, 130 F.R.D. at 586 ("a multidistrict judge may decide a motion to compel a non-party in other districts even if he or she is not physically situated in those districts"); *Neurontin*, 245 F.R.D. at 59 n.3 (noting the general rule that Rule 45 subpoenas be enforced by the issuing court but holding that MDL Judge had authority to resolve dispute over Rule 45 subpoena served on non-party); *In re San Juan*, 117 F.R.D. at 31-33 (same).

Indeed, South Dakota admits that "the Judge of the MDL (multidistrict litigation) has the authority to decide such discovery matters" and apparently believes that Judge Saris can and should rule on Dey's motion to compel. (Opp. at 3.) Yet, without citation to any relevant authority, South Dakota asserts that Dey should have filed its motion to compel in the District of South Dakota. (Opp. at 3-4.) This is unsupported. The entire purpose of the MDL proceeding is to centralize and consolidate all pre-trial discovery proceedings in one place. Under South Dakota's theory, discovery motions cannot be filed in the District of Massachusetts before Judge Saris, but instead must be filed in the original transferor courts (of which there are dozens). Then, the MDL would rule on these discovery motions filed in other district courts, conducting telephonic hearings or even traveling to the states in question to hear evidence. (Opp. at 5.) It was proper for Dey to file its motion to compel directly with Judge Saris on the docket in the District of Massachusetts and that is where the motion should be decided.

South Dakota also argues that Dey's failure to file its motion in South Dakota violates Rule 7(b)(1) and vitiates the authority of the MDL court to enforce the subpoena. (Opp. at 4.) Rule 7(b)(1) requires a request for a court order to be made by motion and to be in writing, state with particularity the grounds for seeking the order, and state the relief sought. Fed. R. Civ.

P. 7(b)(1). The rule is silent as to where a motion must be filed. Because Dey is seeking a court order from Judge Saris in the District of Massachusetts, Dey filed its motion, in accordance with Rule 7(b)(1), in the District of Massachusetts.[4]

South Dakota's citation to Rule 45(c)(3)(A)(ii) (Opp. at 5) is also inapplicable because that provision only governs the permissible travel distance allowed to comply with a subpoena. Here, Dey's subpoena provided an address for the production of documents in District of South Dakota, in compliance with Rule 45. South Dakota protests, however, that it is "counter-intuitive to only allow service of a subpoena within the District of the court issuing the subpoena . . . yet permit the parties to require the non-party to travel nearly two thousand miles to assert its rights and be afforded the protections of the federal rules." (Opp. at 5.) In an MDL proceeding, like the one here, Section 1407(b) gives the MDL Court jurisdiction to hear disputes concerning non-party subpoenas for the purpose of consolidating and centralizing all discovery before one judge in order to avoid inconsistent rulings and waste of judicial resources.

South Dakota also asserts that "as a District of South Dakota matter, the local rules of South Dakota apply [to this proceeding], not the local rules of Massachusetts" and that therefore Dey needed to have South Dakota local counsel sign the motion to compel. (Opp. at 5.) However, because Dey filed the motion to compel in the District of Massachusetts, there was no need for local counsel in South Dakota. In fact, it is unlikely that South Dakota counsel would be allowed to sign and file papers in the District of Massachusetts.

In any event, even if there were some defect in Dey's motion to compel, the motion is pending before Judge Saris in the District of Massachusetts, and she should adjudicate

---

[4] South Dakota's citation to Siegel's Practice Commentaries to Rule 45 is also misplaced. Those commentaries have nothing to do with MDL procedures or Section 1407(b), which vests the MDL Court with jurisdiction to hear disputes concerning non-party subpoenas.

5

the issue. South Dakota's request in its Opposition for the District of South Dakota to deny or dismiss Dey's motion, which is pending in the District of Massachusetts, is without any basis in the law. One district court should not exercise jurisdiction over a motion pending in another district court. In *Pogue*, the *Pogue* matter was consolidated for pretrial proceedings in the District of Columbia. 444 F. 3d at 465. The plaintiff served a documents-only subpoena on a non-party in the District of Tennessee. *Id.* Upon the parties' failure to negotiate compliance with the subpoena, plaintiff moved to enforce the subpoena in the D.C. district court. *Id.* The non-party filed a short response in that proceeding and then filed a motion to quash in the Tennessee district court. *Id.* at 465-66. Plaintiff opposed the motion to quash on the grounds that the MDL court was the appropriate forum to decide any motion surrounding the subpoena. *Id.* The Tennessee district court denied the non-party's motion to quash, finding that it in fact lacked jurisdiction to consider the motion. *Id.*

Finally, to the extent this Court interprets South Dakota's Opposition as a motion itself, it should be denied because of the "first-filed" rule. In the interest of judicial economy and to avoid conflicting rulings, "the first-filed rule gives priority, when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999). *See also Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) ("The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'") (citation omitted). This is especially true in the context of an MDL where centralized and consolidated discovery proceedings are required. Jurisdiction over Dey's motion to compel now rests with the District of Massachusetts and that is where it should be decided.

## CONCLUSION

For the above reasons, Dey respectfully requests that the Court strike South Dakota's Opposition.

Dated: January 9, 2008

                                      Respectfully Submitted,

                                      SCHAFFER LAW OFFICE, PROF., LLC

                                      By: /s/ Michael J. Schaffer
                                             Michael J. Schaffer

                                    412 West 9th Street
                                    Sioux Falls SD 57104
                                    Telephone: (605) 274-6760
                                    Facsimile: (605) 274-6764

                                    Of counsel:

                                    KELLEY DRYE & WARREN LLP

                                        Paul F. Doyle
                                        Sarah L. Reid
                                        William A. Escobar
                                        Neil Merkl

                                    101 Park Avenue
                                    New York, NY 10178
                                    Telephone: (212) 808-7800
                                    Facsimile: (212) 808-7897

                                    *Attorneys for Defendants Dey, Inc.*
                                    *Dey, L.P., and Dey, L.P., Inc.*



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 01-CV-12257-PBS<br>Subcategory Case. No. 06-11337 |
| THIS DOCUMENT RELATES TO:<br><br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*,<br>Civil Action No. 05-11084-PBS | Hon. Patti B. Saris<br>Magistrate Judge<br>Marianne B. Bowler |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DEY, INC., DEY L.P., AND DEY L.P., INC.'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO SUBPOENA

Defendants Dey, Inc., Dey L.P., Inc. and Dey L.P. (collectively, "Dey"), by their attorneys, hereby move pursuant to Federal Rule of Civil Procedure 45(c)(2)(B)(i) to compel the production of documents by the Medicaid programs of Delaware, North Carolina, Oklahoma, and South Dakota which are responsive to the subpoenas served by Dey upon those states seeking Medicaid claims data.[1] This motion is a companion motion to the one filed December 10, 2008 and captioned "Dey's Motion to Extend the Production Deadline for the Limited Purpose of Receiving Medicaid Claims Data From States."

### BACKGROUND

Plaintiff United States of America ("Plaintiff") seeks recovery in this matter of the federal share paid to the Medicaid programs of all fifty states.[2] Plaintiff's claims for damages, therefore, are necessarily based on individual Medicaid transactions in all fifty states.

---

[1] The subpoenas are attached as Exhibits 1-4 of the Declaration of Damon W. Suden ("Suden Decl.").

[2] Dey has settled the federal and state share for the state of Texas. Plaintiff has recently indicated it will not seek such damages for Ohio but no formal documentation has been filed to that effect.

1



At the November 13, 2008 status conference before this Court, Dey's counsel pressed upon the Court the importance of obtaining State Medicaid claims data to Dey's defense of this action. (Suden Decl. Exh. 5 at 45:10-13.) Dey believes that if Plaintiff fails to produce the claims data it should be precluded from seeking damages based on those claims. This Court acknowledged that the issue of preclusion would require attention, but informed the parties that any decision on preclusion would be made closer to trial: "[t]his is about discovery. If they don't produce [the data], they've got a problem, but I have no idea . . . I don't know whether it's dispositive or not. I don't know. . . . I'll get to that at summary judgment." (Suden Decl. Exh. 5 at 35:25-36:5.)

The Court stated that if Dey wanted state claims data, it should subpoena each state. (Suden Decl. Exh. 5 at 45:14-16.) Immediately thereafter, Dey drafted subpoenas for individual states requesting all outstanding claims data. Dey served subpoenas on thirty-eight (38) states and is attempting to secure claims data from additional states without a formal subpoena.

The following states have objected to the subpoena and refused to produce any data whatsoever: Delaware[3], North Carolina[4], Oklahoma[5], and South Dakota[6].

---

[3] On December 4, 2008, Delaware Health and Social Services, Division of Medicaid and Medical Assistance, filed a motion to quash the subpoena in the District of Delaware. Dey will presently move to transfer Delaware's motion to this Court. (See Suden Decl. Exh. 6.)

[4] By letter dated December 2, 2008, counsel for the North Carolina Department of Health and Human Services ("NCDHHS") objected to the subpoena on the grounds that the subpoena was overly broad and unduly burdensome with respect to time and cost. (See Suden Decl. Exh. 7.) In a letter dated December 3, 2008, Dey's counsel responded that Dey would be willing to reasonably extend the time necessary to respond to the subpoena and to compensate the State for reasonable costs incurred in producing the requested claims data. Nevertheless, NCDHHS still refuses to produce any claims data. (See Suden Decl. Exh. 8.)

[5] On December 11, 2008, Oklahoma left a voicemail with Dey's counsel stating that they would not produce responsive claims data because the request was allegedly overly broad and unduly burdensome.

2

## ARGUMENT

### A.   THIS COURT HAS JURISDICTION TO HEAR THIS MOTION

This Court has the authority to hear this motion which arises from subpoenas issued in other district courts. In another multidistrict litigation pending before Judge Saris in the District of Massachusetts, this Court held:

> [T]his Court has jurisdiction to issue orders related to the subpoenas at issue. The purpose of a multidistrict litigation consolidation is to "avoid duplicative discovery, prevent inconsistent pretrial rulings and conserve judicial resources." *In re Air Disaster*, 486 F.Supp. 241, 243 (Jud. Pan. Mult. Lit. 1980). The relevant statutes and caselaw provide for an MDL Court to resolve disputes arising from the service of Rule 45 subpoenas on non-parties located in other districts . . . .

*In re Neurontin Mktg.*, 245 F.R.D. 55, 57 (D. Mass. 2007) (overruling non-party's objection to MDL Court's exercise of jurisdiction over motion to compel documents pursuant to a subpoena).

The Court's authority arises from the statute that provides for the transfer of actions pending in different districts for the purpose of coordinated and consolidated pretrial proceedings. 28 U.S.C. § 1407(b) provides:

> The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel ***may exercise the powers of a district judge in any district*** for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.

(emphasis added).

While section 1407(b) refers to giving an MDL Judge the power to oversee depositions in other jurisdiction, this Court and other courts have extended the MDL Judge's authority to subpoenas relating to documents. As the Sixth Circuit held in *United States ex rel.*

---

[6]   On December 8, 2008, the South Dakota Department of Social Services filed objections to the subpoena in the District of South Dakota. (See Suden Decl. Exh 9.)

3

*Pogue v. Diabetes Treatment Ctrs. of Am., Inc*, 444 F.3d 462, 469 n. 4 (6th Cir. 2006), "the rationale underlying the MDL statute of 'just and efficient' resolution of pretrial proceedings requires the conclusion that Section 1407(b)'s grant of authority applies to both deposition subpoenas and documents-only subpoenas." *Id.*; *see also In re Neurontin Mktg.*, 245 F.R.D. at 57.

In *Pogue*, the relator served a documents-only subpoena on HCA, Inc. ("HCA"), a non-party, issued from the Tennessee District Court. *See Pogue*, 444 F.3d at 465. Pogue moved to compel in the MDL court in the District of D.C. *See id.* at 466. The MDL court held it had jurisdiction and ordered compliance with the subpoena. *See id.* The Sixth Circuit held that the MDL district court had the authority to issue orders concerning the documents-only subpoenas at issue. As the court stated: "A judge presiding over an MDL case therefore can compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted." *Id.* at 468-69. *See also In re Sunrise Sec. Litig.*, 130 F.R.D. 560, 586 (E.D. Pa. 1989) ("multidistrict judge may decide a motion to compel a non-party in other districts even if he or she is not physically situated in those districts"); *In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 485-86 (E.D. Pa. 2005); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 117 F.R.D. 30, 31-33 (D.P.R. 1987).

Therefore, as in *Pogue* and *In re Neurontin Mkt.*, this Court has the authority to resolve a motion to compel relating to the subpoenas issued to Delaware, North Carolina, Oklahoma, and South Dakota.

### B. THE REQUESTED CLAIMS DATA IS VITAL TO DEY'S DEFENSE AND DAMAGES ANALYSIS IN THIS ACTION

Plaintiff is seeking damages based on the federal share of Medicaid claims reimbursements from nearly all fifty states. Therefore, claims data from those states is critical for a complete understanding of Plaintiff's proposed damages. Without the opportunity to review claims data from every state, Dey's ability to put forth a vigorous defense will be seriously hampered. This is because analysis of state claims data is the only way to know the actual bases for reimbursement of a particular Medicaid claim. Analysis shows, *inter alia*, where claims data has been produced, that a significant portion of the claims should be eliminated from any damages calculation because the actual reimbursement basis is not at issue in this case.

The state of South Dakota, for example, objects that it is not a party to this lawsuit and therefore the documents Dey seeks are not relevant. (*See* Suden Decl. Exh. 9.) However, because the damages Plaintiff seeks will be based on reimbursements made in South Dakota (and nearly every other state) and not just in those states which are pursuing their own individual actions against Dey, South Dakota's objection is groundless. If Delaware, North Carolina, Oklahoma, and South Dakota (or any other state) want to avoid producing Medicaid claims data, that state should persuade the federal government to drop claims based on the state's Medicaid reimbursements. As long as the federal government continues to insist on pursuing damages based on these states' Medicaid reimbursements, the individual Medicaid claims data is necessary to Dey's defense.

C.   **OBJECTIONS AS TO TIME AND COST ARE MERITLESS**

Delaware, North Carolina, Oklahoma, and South Dakota all object to Dey's subpoenas on the grounds that the data requested places an undue burden of cost and time on the

5

states.[7] These objections are misplaced. Dey has agreed to pay the reasonable costs in connection with the production of the requested data. None of these states have set forth any evidence that the costs of production are so unreasonably high as to preclude compliance with the subpoena.

In addition, Dey has moved this Court to extend the deadline for production of claims data. A state's inability to produce data by the date set forth in the respective subpoenas or by the current discovery deadline of December 15, 2008 is not a basis on which to withhold responsive and crucial claims data. Nor have any of these states set forth any evidence to explain why production of the requested claims data would take such a long time. These states should be compelled to produce the requested claims data within a reasonable time.

## CONCLUSION

For the above reasons, Dey respectfully requests that this motion be granted, and that an Order be issued compelling Delaware, North Carolina, Oklahoma, and South Dakota to comply with Dey's subpoenas.[8]

---

[7] Delaware specifically objects to the subpoena on the grounds that the data requested therein is available on the federal CMS website. (Suden Decl. Exh. 6.) This is simply not true; the CMS website does not contain claim-by-claim reimbursement data for Delaware or any other state.

[8] Dey is not currently seeking to compel production from other states with which Dey is currently in contact and attempting to secure the requested claims data. However, Dey reserves the right to move to compel any other states which fail to comply with the subpoenas.

6

Dated: December 15, 2008

        Respectfully Submitted,

        KELLEY DRYE & WARREN LLP

        By: /s Sarah L. Reid
            Paul F. Doyle (BBO # 133460)
            Sarah L. Reid *(pro hac vice)*
            William A. Escobar *(pro hac vice)*
            Neil Merkl *(pro hac vice)*

        101 Park Avenue
        New York, NY 10178
        Telephone: (212) 808-7800
        Facsimile: (212) 808-7897

        *Attorneys for Defendants Dey, Inc.*
        *Dey, L.P., and Dey, L.P., Inc.*