# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE HEALTH AND SOCIAL SERVICES, DELAWARE DIVISION OF MEDICAID AND MEDICAL ASSISTANCE, | : : : : : | |
| Plaintiff, | : : | C.M. No. 08-215(SLR) |
| v. | : : : | |
| DEY, INC; DEY, L.R., INC.; and DEY, L.P., | : : : | |
| Defendants. | : : | |

**DELAWARE HEALTH AND SOCIAL SERVICES, DELAWARE DIVISION OF MEDICAID AND MEDICAL ASSISTANCE'S OPPOSITION TO CROSS-MOTION OF DEFENDANTS TO TRANSFER MOTION TO QUASH TO DISTRICT OF MASSACHUSETTS AND REPLY TO OPPOSITION OF PLAINTIFF'S MOTION TO QUASH**

Movant Delaware Health and Social Services, Division of Medicaid and Medical Assistance ("DMMA"), through its undersigned counsel, responds in opposition to the Cross-Motion of defendants Dey, Inc., Dey, L.P. and Dey, L.P., Inc. ("Dey") to Transfer DMMA's Motion to Quash to the District of Massachusetts and replies to the Opposition of Dey to DMMA's Motion to Quash.

**Transfer neither required by law and nor recommended in the interest of consistency and judicial economy.**

1. Nowhere in its Cross-Motion to Transfer does Dey argue that the District of Delaware does not have the jurisdiction to decide DMMA's Motion to Quash the Dey subpoena issued to nonparty DMMA. Moreover, it is the law of this circuit that

jurisdiction properly lies with the District Court where a proceeding is first filed. *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Sheraton Corp.*, 1988 WL 76096 at*1 (E. D. Pa. 1988) (" The "first-filed" rule adopted by the United States Court of Appeals for the Third Circuit nearly fifty years ago in *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir.1941) and recently revisited by the Court of Appeals in *Equal Employment Opportunity Commission v. The University of Pennsylvania,* No. 87-1547 (3d Cir. June 23, 1988) provides that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crosley, supra* at 929 (quoting *Smith v. McIver,* 22 U.S. (9 Wheat.) 531 (1824) *cert. denied,* 315 U.S. 813 (1942).")

    2.     While the underlying issues of the MDL litigation pending in the District of Massachusetts may be complex, the issues germane to this Motion to Quash are not. According to the Affidavit executed by Dey's process server, the subpoena at issue was left at one of the buildings in the campus where the DMMA office is located after business hours on Friday, November 21, 2008. Exhibit D to Dey's Cross-Motion to Transfer. The effective date of service, therefore, was Monday, November 24. The return date of the subpoena was December 3, 2008. A copy of the subpoena is attached to DMMA's Motion to Quash as Exhibit A. In its Motion to Quash, DMMA objected to the subpoena in that it fails to allow a reasonable time for compliance pursuant to Fed. R. Civ. P. 45(c)(3) and Local Rule 30.1, which requires seven days for reasonable notice for depositions. Dey served the subpoena only five business days in advance of the required time for compliance. Under Fed. R. Civ. P. 6(a), holidays and weekends are not counted. November 27, 2008 and November 28, 2008 were legal holidays. Fed. R. Civ.

P. 6(a)(4). The issue raised by the Motion to Quash is not complex and does not warrant transfer to the District of Massachusetts.

3.  This Court is in possession of all of the same documents that the District of Massachusetts would consider in connection with DMMA's Motion to Quash. Filed in this Court are;

- The transcript of the November 13 status conference with the Massachusetts MDL judge, in which she stated "[t]hat's your fault for waiting so long . . . I'm sorry but [Dey] took too long to start it going." Transcript at 12. Exhibit B to Dey's Cross-Motion to Transfer.

- The transcript of the July 24, 2008 Status Conference during which the Court set case deadlines. Exhibit C to Dey's Cross-Motion to Transfer.

- The United States Memorandum in Opposition to Dey's Motion to Extend the Production Deadline for the Limited Purpose of Receiving Medicaid Claims Data. Exhibit 1 attached hereto.

- The United States Memorandum in Opposition to Dey's Motion to Compel Production of Documents Responsive to Subpoena. Exhibit 2 attached hereto.

Thus, this Court is fully able to decide DMMA's Motion to Quash since it does not involve the factual complexities of the underlying case and does not create the risk of inconsistent rulings in the MDL case.

**Motion to Quash should be granted.**

4.  In its opposition to DMMA's Motion to Quash, Dey asserts that the burden was upon DMMA to seek a reasonable compliance timeframe. Dey Cross-Motion at 8. Prior to issuing the subpoena, and even to date, Dey has made no effort to

contact DMMA and offer the amount of time needed to comply with the subpoena. Nor has it offered to pay reasonable search and production costs.

5. DMMA reserves the right to promptly submit a Supplementary Affidavit containing factual information on the burden associated with complying with the subpoena, both in terms of time and cost to DMMA. DMMA has been unable to supply such an affidavit because of the intervening holidays.

WHEREFORE, for the foregoing reasons, DMMA respectfully requests that the subpoena be quashed pursuant to Fed. R. Civ. P. 45(c)(3) and that the Cross-Motion to Transfer be denied..

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/A. Ann Woolfolk
A. Ann Woolfolk, #2642
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400

Attorney for Delaware Heath and
Social Services, Division of
Medicaid and Medical Assistance

Dated: December 31, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE HEALTH AND SOCIAL SERVICES, DELAWARE DIVISION OF MEDICAID AND MEDICAL ASSISTANCE, | : : : : : | |
| Plaintiff, | : : | Misc. Case No. 08-MC-00215 SLR |
| v. | : : | |
| DEY, INC, et al., | : : | |
| Defendant. | : | |

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on December 31, 2008, she caused the attached, *Delaware Health and Social Services, Delaware Division of Medicaid and Medical Assistance's Opposition to Cross-Motion of Defendants to Transfer Motion to Quash to District of Massachusetts and Reply to Opposition of Plaintiff's Motion to Quash*, to be filed with the Clerk of the Court using CM/ECF and to be delivered to the following person(s):

**NAME AND ADDRESS OF RECIPIENT(S):**

Candice Toll Aaron, Esq.
222 Delaware Avenue, 12th Floor
P.O. Box 1266
Wilmington, DE 19899

Neil Merkl, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178-0002

**MANNER OF DELIVERY:**

__X__   Two true copies by first cla ss mail, postage prepaid, to each recipient.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/A. Ann Woolfolk
A. Ann Woolfolk, #2642
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400

Attorney for Delaware Heath and Social Services, Division of Medicaid and Medica l Assistance

Case 1:01-cv-12257-PBS   Document 5851-11   Filed 01/16/09   Page 7 of 17
Case 1:08-mc-00215-SLR   Document 4-2   Filed 12/31/2008   Page 1 of 6
Case 1:06-cv-11337-PBS   Document 132   Filed 12/22/2008   Page 1 of 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS | MDL No. 1456 <br> Master Case No. 01-12257-PBS <br> Subcategory Case No. 06-11667-PBS <br> Hon. Patti B. Saris <br> Docket No. 5800 |

### UNITED STATES' MEMORANDUM IN OPPOSITION TO DEY'S MOTION TO EXTEND THE PRODUCTION DEADLINE FOR THE LIMITED PURPOSE OF RECEIVING MEDICAID CLAIMS DATA

The defendants Dey, Inc., Dey L.P., and Dey L.P., Inc. ("Dey") have moved for an indefinite extension of the deadline for completing fact discovery for the purpose of receiving Medicaid claims data from various states. Except as to South Carolina, on which deadlines have already been deferred by the Court, Dey's motion should be denied because any extension would require a corresponding extension of the entire schedule for expert discovery and summary judgment proceedings.

### BACKGROUND

Since long before this litigation commenced, Dey has had access to substantial Medicaid data via a public web site maintained by the Center for Medicare and Medicaid Services (CMS).[1] During discovery, the United States has produced to Dey additional

---

[1] See http://www.resdac.umn.edu/Medicaid/medicaidFAQ.asp#4 for a general description of CMS Medicaid data files. And see

Exh 1

Case 1:01-cv-12257-PBS    Document 5851-11    Filed 01/16/09    Page 8 of 17
Case 1:08-mc-00215-SLR    Document 4-2    Filed 12/31/2008    Page 2 of 6
Case 1:06-cv-11337-PBS    Document 132    Filed 12/22/2008    Page 2 of 6

Medicaid claims data collected by the CMS in the usual course of its administration of the Medicaid program (SDUD data, SMRF/MAX data, and MSIS data), and has also produced more detailed state-level data that the Department of Justice has obtained through voluntary efforts from certain States. The United States has never represented, and Dey does not assert otherwise, that the United States would obtain and produce state-level data from all 50 states covering all relevant times.

On June 20, 2008, the United States served on all parties, including Dey (via the LexisNexis service) the report of its damages expert, Professor Mark Duggan, in the Abbott case. See excerpts attached as Exhibit 1 hereto.[2] That report clearly explained what Medicaid data was and was not available, and it explained how, for the 38 states where state-level claims data was not available at that time, damages would be calculated using the SDUD and SMRF/MAX data publicly available from CMS. Approximately two months later, on August 20, 2008, the United States informed Dey that it had produced to Dey the last of the state Medicaid claims data in its possession. See Exhibit F to Dey's motion (Master Docket entry #7565-8) and Exhibit 1 attached hereto (letter

---

http://www.cms.hhs.gov/MedicaidDataSourcesGenInfo/07_MAXGeneralInformation.asp. The data files generally consist of State Drug Utilization Data ("SDUD"), and Medicaid Analytic eXtract ("MAX") data (formerly known as "SMRF" data). The SMRF/MAX data is extracted from the Medicaid Statistical Information System (MSIS), which is not publicly available. The pertinent MSIS data was produced to Dey on August 20, 2008.

[2] The full report is well over 150 pages long and is therefore not reproduced in full here.

2

Case 1:01-cv-12257-PBS   Document 5851-11   Filed 01/16/09   Page 9 of 17
Case 1:08-mc-00215-SLR   Document 4-2   Filed 12/31/2008   Page 3 of 6
Case 1:06-cv-11337-PBS   Document 132   Filed 12/22/2008   Page 3 of 6

dated August 20, 2008).[3] Knowing full well the limitations of the United States' production of Medicaid claims data, Dey proceeded to negotiate and agree upon the current litigation deadlines, which were proposed jointly by the parties on August 29, 2008 (see Joint Motion to Amend Case Management Order, Master Case Docket entry #5533) and entered by the Court on October 6, 2008 (Joint Scheduling Order, Master Case Docket entry #5629). The Joint Scheduling Order set a deadline for fact discovery in the Dey and Roxane cases of December 15, 2008.

At the status conference on November 13, 2008, the Court made clear its distaste for delaying proceedings further. Counsel for Dey asked that discovery concerning seven litigating states be done in coordination with the litigation in those states. Transcript of Hearing (Exhibit H to Dey's motion, # 5765-10) at pp. 5-11. Notwithstanding concerns expressed by the United States, the Court agreed to Dey's proposal, but emphasized that discovery as to all other states would not be extended. Id. at pp. 9-10 ("So I think what makes sense is, why don't we – I'm not going to extend the schedule. We are going to keep to this schedule. If these states can do – rather than kill you over Thanksgiving and Christmas to try and put all these in, it is cost-effective to piggyback on what's happening with these other [seven] states, and in the meantime, put all the other states on the

---

[3] The email accompanying the United States' letter to Dey stated, "This is the last of the national claims data and represents all the state claims data we have. We may receive more state claims data, but we are up to date on our production." Exhibit F to Dey's motion.

3

Case 1:01-cv-12257-PBS   Document 5851-11   Filed 01/16/09   Page 10 of 17
Case 1:08-mc-00215-SLR   Document 4-2   Filed 12/31/2008   Page 4 of 6
Case 1:06-cv-11337-PBS   Document 132   Filed 12/22/2008   Page 4 of 6

schedule we agreed to.").[4] At the November 13 status conference, counsel for Dey raised the concern, in relation to scheduled depositions, that not all states had produced all the documents that had been subpoenaed. The Court observed that if something wasn't turned over by the deadline, that was too bad: "[t]hat's your fault for waiting so long. . . . I'm sorry but you took too long to start it going." Id. at 12. The Court observed that states would "do what they reasonably can do," by December 15, and the parties would be "stuck with" whatever might be missing. Later in the status conference, in the context of discussing what discovery motions were pending, the Court reiterated that "I'm not extending the deadline short of family illness or personal illness." Id. at 16-17.

At the November 13 scheduling conference, counsel for Dey and Roxane also asserted that the United States had not produced state claims data. Counsel for the United States reiterated that the government had produced everything in its possession. The Court told Dey's counsel that if defendants wanted more state claims data, defendants should subpoena it. Transcript of Hearing at 45. But this was not a grant of a further extension of the discovery schedule. To permit an extension of the deadline for Dey to "receive" documents and claims data from states would run counter to the very clear, very adamant view of the Court that the deadline would not be moved, and that the Court was

---

[4] Because the Court allowed more time to complete discovery of seven states, the United States does not oppose Dey's motion as to South Carolina, which is the only one of the seven states that Dey seeks an extension for. The United States is proceeding on the assumption that the discovery, expert disclosure, and briefing deadlines in the Joint Scheduling Order are extended as to all of the seven states.

4

Case 1:01-cv-12257-PBS   Document 5851-11   Filed 01/16/09   Page 11 of 17
Case 1:08-mc-00215-SLR   Document 4-2   Filed 12/31/2008   Page 5 of 6
Case 1:06-cv-11337-PBS   Document 132   Filed 12/22/2008   Page 5 of 6

"not putting this off." Id. at 11. In late November and early December, Dey served subpoenas on 38 states for claims data. See Dey Motion at 3.

## ARGUMENT

Dey's motion blithely ignores that the deadline for the United States to serve its expert reports is January 23, 2009. It is obvious that any new state claims data would need to be analyzed and evaluated by the United States' damages expert. This cannot possibly be done in the short time remaining before the January 23, 2009, deadline.[5] If, as Dey's motion seems to contemplate, the United States' damages expert were required to serve his report without the benefit of having analyzed and considered the new claims data, the United States would be at a severe disadvantage, as Dey's expert would be able to consider additional data not available to the United States' expert. At the very least, the United States' expert would have to re-do his analysis and write a new report after considering the new data.

The only way to avoid such unfairness and disruption would be to extend the deadline for expert reports and discovery until after all the new data is received. Dey does not proffer a date when the new data will be produced, and it is likely that the production of data from 38 states could take many months. The further delay proposed by Dey should not be allowed. The data that has been produced is sufficient.

---

[5] The United States' experts will have difficulty meeting the deadline as it is. During the two weeks before the December 15 deadline, nearly 30 days of deposition testimony were taken, some of which undoubtedly will need to be evaluated by the experts.

5

Case 1:01-cv-12257-PBS   Document 5851-11   Filed 01/16/09   Page 12 of 17
Case 1:08-mc-00215-SLR   Document 4-2   Filed 12/31/2008   Page 6 of 6
Case 1:06-cv-11337-PBS   Document 132   Filed 12/22/2008   Page 6 of 6

In short, Dey has long been on notice of the limitations in the available Medicaid claims data, and has waited to the last minute to serve subpoenas for additional data. Dey has simply waited too long.

## CONCLUSION

For the foregoing reasons, Dey's motion should be denied.

Respectfully submitted,

GREGORY G. KATSAS
ASSISTANT ATTORNEY GENERAL

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ George B. Henderson, II
GEORGE B. HENDERSON, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3282

LAURIE A. OBEREMBT
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Dated: December 22, 2008    Washington, D.C. 20044

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused an electronic copy of the above "UNITED STATES' MEMORANDUM IN OPPOSITION TO DEY'S MOTION TO EXTEND THE PRODUCTION DEADLINE FOR THE LIMITED PURPOSE OF RECEIVING MEDICAID CLAIMS DATA" to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: December 22, 2008                     /s/ George B. Henderson, II
                                             George B. Henderson, II

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) |
| | MDL No. 1456 Master Case No. 01-12257-PBS Subcategory Case No. 06-11337-PBS |
| THIS DOCUMENT RELATES TO: | ) ) ) Docket No. 5808 |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al.* v. *Dey, Inc., et al.*, Civil Action No. 05-11084-PBS | ) ) ) ) ) ) Hon. Patti B. Saris  Magistrate Judge Marianne B. Bowler |

### UNITED STATES' MEMORANDUM IN OPPOSITION TO DEY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SUBPOENA

The defendants Dey, Inc., Dey L.P., and Dey L.P., Inc. ("Dey") have moved to compel compliance by four state Medicaid agencies with Dey's subpoena for Medicaid claims data. Dey's motion should be denied for the same reasons the Court should deny Dey's recent motion to extend the discovery deadline for the purpose of receiving such data.[1] Any late-produced data will require a corresponding extension of the entire schedule for expert discovery and summary judgment proceedings.

### BACKGROUND

As explained more fully in the United States' Opposition to Dey's Motion to Extend the Production Deadline ("Opposition"), Dey has long had access to substantial

---

[1] See Dey's Motion to Extend the Production Deadline for the Limited Purpose of Receiving Medicaid Claims Data from States (Master Case Docket entry #5765), and United States' Opposition (Master Case Docket entry #5800 (Subcategory Case No. 06-11667)).

Medicaid data via the public web site maintained by the Center for Medicare and Medicaid Services (CMS). During discovery, the United States produced substantial additional data to Dey that had been collected by the CMS, and also state-level data that the Department of Justice obtained voluntarily from many, although not all, states.

Knowing full well the limitations of the United States' production of Medicaid claims data, see Opposition at 1-2 and Exhibits thereto, Dey agreed upon the fact discovery and other deadlines that were jointly submitted to and subsequently entered by the Court (see Joint Scheduling Order, Master Case Docket entry #5629). Despite the Court having made crystal clear that the fact discovery deadline would not be extended,[2] Dey first asked that the discovery deadline be extended so that it could receive claims data that it did not subpoena until late November and early December. See Master Docket entry #5765. In this so-called "companion" Motion to Compel, filed on the day discovery closed, Dey now seeks an order compelling four states to produce data that was not produced before the fact discovery cut-off, and which the four states (Delaware, North Carlina, Oklahoma and South Dakota), have reportedly indicated they will not produce.

---

[2]The only "extension" the Court approved is in connection with seven litigating states, for which the Court indicated discovery could be done in coordination with the discovery in those states' cases. See Transcript of Hearing ("Transcript"), (Exhibit H to Dey's Motion to Extend Deadline, # 5765-10) at pp. 5-11.

2

ARGUMENT

As with Dey's motion to extend the production deadline, the current motion ignores the January 23, 2009, deadline for the United States to serve its expert reports. Granting Dey's current motion and Dey's earlier motion would impact the entire remaining schedule, and would be inconsistent with everything the Court said at the November 13, 2008, status conference about not extending any deadlines.[3] That is because any new state claims data would need to be analyzed and evaluated by the United States' damages expert. This cannot possibly be done in the short time remaining before the January 23, 2009, deadline.[4] If, as Dey's motions both impliedly suggest, the United States' damages expert were required to serve his report without the benefit of review of the new claims data, the United States would be at a severe disadvantage; Dey's expert would be able to consider additional data not available to the United States' expert.

If Dey's motions were granted, then the only way to avoid such unfairness would be to extend the deadline for expert reports and discovery until after all the new data is received, which would likewise require that the summary judgment deadline be put off.

---

[3] For example, when, at the November 13 conference, counsel for Dey raised the concern that not all states had produced all the documents that had been subpoenaed, the Court observed that if something wasn't turned over by the deadline, that was too bad: "[t]hat's your fault for waiting so long. . . . I'm sorry but you took too long to start it going." Transcript, at 12. The Court observed that states would "do what they reasonably can do," by December 15, and the parties would be "stuck with" whatever might be missing.

[4] As the United States previously pointed out, its experts will have difficulty meeting the deadline as it is, particularly in light of the nearly 30 days of deposition testimony taken in the last two weeks of discovery, from December 1-15.

3

Dey does not predict when it might receive the claims data that the four states have thus far refused to produce, but it is apparent that grounds for refusal are at least in part based on burden, expense, and difficulty. See Dey's Memorandum at n. 4, 5. Production could take many months. The further delay proposed by Dey should not be allowed. The data that has been produced is sufficient.

## CONCLUSION

For the foregoing reasons, Dey's motion should be denied.

Respectfully submitted,

GREGORY G. KATSAS
ASSISTANT ATTORNEY GENERAL

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ *Barbara Healy Smith*
GEORGE B. HENDERSON, II
BARBARA HEALY SMITH
Assistant U.S. Attorneys
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

JOYCE R. BRANDA
DANIEL R. ANDERSON
LAURIE A. OBEREMBT
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044

Dated: December 31, 2008

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above "UNITED STATES' MEMORANDUM IN OPPOSITION TO DEY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SUBPOENA" to be served on all counsel of record via electronic service.

Dated: December 31, 2008        /s/ Barbara Healy Smith
                                Barbara Healy Smith