THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*City of New York et al. v. Abbott Laboratories, et al.*, Civ. Action No. 04-cv-06054, *et al.* | Judge Patti B. Saris |

### RESPONSE TO PLAINTIFFS' RENEWED MOTION FOR RECONSIDERATION OF JULY 30, 2008 ORDERS DISMISSING CLAIMS RELATED TO PHYSICIAN-ADMINISTERED DRUGS

Defendants Amgen Inc., Bayer Corp., Hoffmann-La Roche, Inc., Roche Laboratories, Inc., and MedImmune, Inc. hereby respond to plaintiffs' renewed motion to reconsider (Docket No. 5838). As the Court directed, the parties conferred in good faith and resolved all but one issue with respect to the above-named defendants ("Defendants"); namely, the parties were unable to agree that the Court's July 30, 2008 rulings dismissing all claims relating to physician-administered drugs ("PADs") after June 9, 1994 (Docket Nos. 5471, 5472, 5477)[1] were "mistaken," as plaintiffs contend. As a result, the plaintiffs have filed a renewed motion for reconsideration of those rulings.

"The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest

---

[1] Although the Court's July 30, 2008 order regarding Amgen's individual motion to dismiss (Docket No. 5475) does not specifically address the PADs argument, Amgen joins in this response based upon arguments made in its individual motion to dismiss PADs claims after 1994. (Docket Nos. 2551 and 4387).

error of law." *Id.* (citation omitted). Plaintiffs' renewed motion for reconsideration fails to meet this standard.

In their renewed motion, plaintiffs urge the Court to reconsider its July 30, 2008 PADs rulings with respect to the above-named Defendants' individual motions to dismiss[2] because, according to plaintiffs, they are inconsistent with a ruling the Court made over a year ago, on July 30, 2007 (Docket No. 4540), with respect to defendants' joint motion to dismiss (Docket Nos. 4376 and 4377). Plaintiffs' presumption that the Court's July 30, 2008 rulings are inconsistent with its prior decision and thus can only be based on a "mistake" or "inadvertence", is ill-founded. The Court's July 30, 2008 rulings can be reconciled easily with its decision of a year prior, as there are other bases for the rulings that are more plausible. It is for this reason that the parties were unable to resolve their dispute.[3]

The PADs-related arguments made in defendants' joint motions to dismiss were based on Fed. R. Civ. P. 8(a) and 9(b) and, not surprisingly, the Court's July 30, 2007 PADs ruling was rendered on these grounds, holding merely that, at that stage of the proceedings, the Counties had adequately pled that they paid for certain PADs on the basis of AWP.[4] Importantly, the Court's

---

[2] *See* Defendant Amgen Inc.'s Individual Memorandum in Support of its Motion to Dismiss (Docket No. 2188); Defendant MedImmune Inc.'s Memorandum of Law in Support of (Docket No. 2201); The Roche Defendants' Supplemental Memorandum of Law in Support of Motions to Dismiss (Docket No. 2225); Defendant Bayer Corporation's Notice of Its Renewal of Its Pending Individual Motion to Dismiss (Docket No. 4391).

[3] Plaintiffs point out in their motion that certain aspects of the Court's July 30, 2008 orders were erroneous to the extent they were premised on an outdated exhibit listing at-issue drugs. The Court's rulings dismissing plaintiffs' PADs claims, however, were not dependent on those exhibits.

[4] In their initial joint motion to dismiss, the defendants argued that plaintiffs' allegations relating to PADs failed to satisfy Fed. R. Civ. P. 9(b). *See* Defendants' Joint Memorandum of Law in Support of Motion to Dismiss (1) The Consolidated Complaint of New York City and Plaintiff New York Counties Other than Nassau and (2) the Second Amended Complaint of Nassau County at pp. 26-27 (Docket No. 2207). The Court's ruling on that motion, dismissing PADs-related claims, was based on the plaintiffs' failure to satisfy Fed. R. Civ. P. 9(b). April 2, 2008 Memorandum and Order at p. 38 (Docket No. 3979). Similarly, in their joint memorandum in support of the motion to dismiss plaintiffs' amended complaint, defendants argued that plaintiffs' conclusory allegations regarding PADs did not meet their required pleading burden.

2

July 30, 2007 ruling did *not* address the merits of PADs-related arguments made in Defendants' individual motions to dismiss.

As the Court is aware, the Counties allege that the defendants fraudulently concealed that AWP did not reflect the "true prices" for drugs. *See, e.g.,* FACC ¶ 113 (defendants "conceal their true prices"); ¶774 ("Each defendant who reported WAC or Direct Price or other reimbursement price information to the publishers concealed that the reimbursement prices did not accurately reflect the true prices at which defendants' products were sold."). In their individual motions to dismiss, the above-named Defendants argued that the Counties could not maintain these fraud-based claims with respect to PADs.[5] Specifically, Defendants pointed out that although the State of New York has reimbursed some providers for PADs based on a formula that may include AWP or FUL, PADs provided and billed separately by physicians have been reimbursed at the "*actual cost* of the drug" since June 1994.[6] N.Y. Soc. Serv. Law § 367-a(9)(a) (emphasis added). Defendants argued that the knowledge of actual drug costs for PADs

---

*See* Defendants' Joint Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint at pp. 18-20 (Docket No. 4377). The Court, however, disagreed, concluding on the PADs issue that "[t]he Plaintiffs have, at this stage of the proceedings, adequately alleged that the Counties reimbursed for these drugs on the basis of false or inflated Average Wholesale Prices submitted by defendants." July 30, 2007 Order at 2 (Docket No. 4540).

[5] *See, e.g.* Defendant MedImmune Inc.'s Memorandum of Law in Support of Motion to Dismiss at p. 3 (Docket No. 2201) ("Under N.Y. Soc. Serv. Law § 367-a(9)(a) & (9)(b)(ii), when the administering physician bills directly and seeks Medicaid reimbursement, such reimbursement is based on 'actual cost,' not AWP. Thus, Plaintiffs must be aware that AWP is *not* an 'actual cost.'"); *see also* The Roche Defendants' Supplemental Memorandum of Law in Support of Motions to Dismiss at 5 (Docket No. 2225) ("In addition, Plaintiffs fail to explain how Roche's physician-administered drugs…could be subject to pricing fraud. As this Court noted in its first *Suffolk* decision, New York Medicaid requires physician-administered drugs to be 'billed by the physician at the 'actual cost of the drugs to practitioners.'" Plaintiffs do not explain how, given this mandate, Roche could have possibly executed any pricing fraud with regard to physician-administered drugs.")

[6] *Id.*

3

defeated the Counties' claims – claims based on the alleged belief that AWP reflected the actual cost of PADs.[7]

Alternatively, plaintiffs' receipt of information regarding the "actual cost" of PADs since June 1994 rendered their claims time barred,[8] providing a separate possible basis for the Court's decision. Although the Counties made general allegations of fraudulent concealment, FACC ¶ 733 ("[e]ach defendant prevented the Counties from knowing what the actual pricing structures for the covered drugs were"), these allegations are unsustainable as to PADs since providers have billed the "actual cost" of those drugs since June 1994.

In sum, although defendants do not know the precise bases for the reasoning behind the Court's July 30, 2008 PADs rulings, there are meritorious independent bases for the Court's 2008 rulings that are not the least bit inconsistent with its 2007 ruling. Plaintiffs have offered nothing to show why a decision based on the merits of those arguments would have been a "mistake" or "inadvertent," much less "a manifest error of law." *Palmer*, 465 F.3d at 30. Plaintiffs' renewed motion to reconsider the dismissal of claims for PADs, therefore, should be denied.

---

[7] *Id.* When a party "has the means available to him of knowing, by the exercise of ordinary intelligence, the truth, or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations." *Congress Financial Corp. v. John Morrell & Co.*, 790 F. Supp. 459 (S.D.N.Y. 1992) (*quoting Danaan Realty Corp. v. Harris*, 157 N.E.2d 597 (N.Y. 1959)).

[8] The statute of limitations is three years for the Counties' false statements and deceptive trade practices claims, and six years for the fraud and unjust enrichment claims. *See* N.Y. C.P.L.R. §§ 213 and 214. Because the first county lawsuits were filed in 2003, any claims based on PADs are time-barred.

4

Dated: January 23, 2009

                                                Respectfully submitted,

                                                */s/ Jennifer A. Walker*
                                                Frank A. Libby, Jr.
                                                Douglas S. Brooks
                                                Kelly, Libby & Hoopes, P.C.
                                                175 Federal Street, 8th Floor
                                                Boston, MA 02110
                                                Tel.: (617) 338-9300
                                                Fax: (617) 338-9911

                                                Steven F. Barley
                                                Joseph H. Young
                                                Jennifer A. Walker
                                                Hogan & Hartson LLP
                                                111 South Calvert Street, Suite 1600
                                                Baltimore, MD 21202
                                                Tel.: (410) 659-2700
                                                Fax: (410) 539-6981

                                                *Counsel for Defendant Amgen Inc.*
                                                *on behalf of the defendants listed below*

                                                Richard D. Raskin
                                                Michael P. Doss
                                                Gary Feinerman
                                                Scott D. Stein
                                                Sidley Austin LLP
                                                One South Dearborn Street
                                                Chicago, Illinois 60603
                                                (312) 853-7000

                                                *Counsel for Defendant Bayer Corporation*

                                                John Schmidtlein
                                                Joseph E. Fluet
                                                Williams & Connolly LLP
                                                725 12th Street, NW
                                                Washington, DC 20005

                                                *Counsel for Defendant MedImmune*

Colleen Hennessey
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110
Telephone: (617) 951-2100
Facsimile: (617) 951-2125

Kevin R. Sullivan
Grace M. Rodriguez
Ann Malekzadeh
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20016
Telephone (202) 737-0500
Facsimile (202) 626-3737

*Counsel for Defendants Hoffmann-La Roche, Inc.
and Roche Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2009, I caused a true and correct copy of the foregoing Response To Plaintiffs' Renewed Motion For Reconsideration Of July 30, 2008 Orders Dismissing Claims Related To Physician-Administered Drugs to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

                                                /s/ Laurice Y. Chen