# Exhibit I

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-5562
dstorborg@jonesday.com

January 27, 2009

VIA EMAIL

M. Justin Draycott, Esq.
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004

Re:   *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Dear Justin:

Thank you for providing your thoughts on deposition scheduling, and further conferring on Abbott's motion to compel testimony withheld under the deliberative process privilege during our call last Friday. I write to summarize my understanding of where we stand on deposition scheduling, and to provide a proposal to resolve Abbott's motion.

I understand that the Government is still in the process of reviewing documents to determine if any additional documents should either be produced (in whole or in part) or submitted for *in camera* review in light of the Court's previous instructions regarding the deliberative process privilege. This review includes files from the CMS Office of Legislation.

As you know, Abbott wishes to schedule the depositions of Ira Burney and Debbie Chang, the two Office of Legislation employees who were the subject of an unsuccessful Government protective order motion. Abbott also wishes to schedule the 30(b)(6) deposition topics on which it prevailed at the December 4, 2008 hearing before Magistrate Judge Bowler. You have indicated that the Government will likely designate Don Thompson and Larry Reed to testify on some or all of the topics requested. For planning purposes, we ask that you please provide, as has been the practice, a written designation for each of the outstanding 30(b)(6) areas of inquiry as soon as possible. As we discussed, please inquire of available dates for the weeks of February 23rd, March 9th (save Monday the 9th), and March 16th, with an eye toward avoiding back-to-back dates and not scheduling everything in one week.

With respect to Abbott's motion to compel testimony withheld under the deliberative process privilege, I would like to reiterate some points we discussed Friday. First, with respect to this motion and other outstanding deliberative process privilege issues, we believe CMS should review two memoranda recently issued by President Obama, titled "Freedom of Information Act" and "Transparency and Open Government," and consider whether its assertions of the deliberative process privilege in this case are consistent with the principles set forth in

JONES DAY

M. Justin Draycott, Esq.
January 27, 2009
Page 2

those memoranda. (I have attached copies of the memoranda.) Second, we do not believe that the Government has enunciated any particular harm that would result from permitting its witnesses to testify freely and openly on the particular questions at issue in Abbott's motion to compel. Finally, Abbott did not move for relief relating to each instance that the Government asserted the deliberative process privilege to block deposition testimony. Rather, we attempted to limit our motion to those instances where we believed the witnesses had more to say on an important subject.

While Abbott believes a Court or special master should under the circumstances compel testimony on all of the deposition excerpts, at your request we have re-reviewed the specific excerpts put at issue by Abbott's motion to see if we can narrow the issues and avoid the need for additional judicial review by the Court or a special master. To the extent it would serve to resolve Abbott's motion, Abbott would be willing to accept live testimony on the following excerpts:

- **Robert Vito.** Vito 652:12-21, 654:2-15 (*see* Abbott Mem. at 4), Vito 687:11-17, 689:4-7 (*see* Abbott Memo. at 5), and Vito 6 (611:20-612:11);

- **Larry Reed.** Reed 1 (298:1-8), Reed 2 (312:6-313:22), Reed 3 (420:6-421:16), Reed 5 (491:21-494:7), Reed 6 (519:9-521:15, 522:20-523:13), Reed 7 (529:4-532:20), Reed 8 (555:11- 557:4), and Reed 9 (560:3-561:11);

- **Robert Niemann.** Niemann 2 (190:16-191:19, 197:3-21), Niemann 3 (198:19-200:19), and Niemann 8 (478:4-479:21);

- **Charles Booth.** Booth 1 (176:20-179:7), Booth 3 (204:8-205:22), Booth 4 (260:1-15);

- **David Tawes.** Tawes 1 (88:17-90:4), Tawes 2 (180:21-182:18), Tawes 3 (264:16-268:1), and Tawes 5 (395:8-396:1);

- **Linda Ragone.** Ragone 4 (480:20-484:15); and

- **Don Thompson.** Thompson 2 (73:15-75:5).

By my count, this proposal would eliminate 31 of the 54 excerpts put at issue in Abbott's motion. It would eliminate altogether the need for additional testimony from former Administrator Bruce Vladeck and CMS employees Thomas Gustafson and Amy Bassano.

We could complete what would remain under this proposal with minimal burden on the witnesses and counsel. Two of the witness, Mr. Reed and Mr. Thompson, will likely be deposed again anyway in connection the outstanding 30(b)(6) topics. There would be no reason not to

JONES DAY

M. Justin Draycott, Esq.
January 27, 2009
Page 3

simply add these lines of questioning to the deposition. We should be able to complete the questioning of Mr. Vito, Mr. Tawes, and Mr. Ragone in one relatively short visit to Philadelphia. If it is more convenient for the witnesses and counsel, we would agree to complete the questioning of Mr. Niemann and Mr. Booth through a telephone deposition.

    Please advise me as soon as possible whether the Government is agreeable to Abbott's proposal.

                              Sincerely,

                              /s/ David S. Torborg

                              David S. Torborg

cc:    Counsel for Dey
        Counsel for Roxane