# Exhibit J



**U.S. Department of Justice**

Civil Division, Fraud Section

---

*601 D Street, NW*
*Washington, D.C. 20004*

*Telephone: (202) 305-9300*
*Telecopier: (202) 616-3085*

<u>*Via Electronic Transmission*</u>

January 29, 2009

David Torborg
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113

     Re:    Average Wholesale Price Multi-District Litigation
             <u>MDL No. 1456/C.A. No. 01-12257-PBS (D. Mass.)</u>

Dear David:

     Thank you for your letter dated January 27, 2009.  I appreciate the time that you and Hilary took to discuss outstanding discovery issues with me on Friday, as well as the thought that went into your letter.

     With respect to dates for depositions on outstanding Rule 30(b)(6) topics and for Ms. Chang and Mr. Burney, I have asked agency counsel to consult with the CMS officials about their availability during the time frames we discussed.  I anticipate getting back to you early next week with proposed dates.  (I will be away from the office from this morning through the end of the week.)

     With respect to the deposition excerpts covered by Abbott's Motion to Compel Testimony of Government Witnesses, we believe that, for the most part, we should proceed in the manner suggested by Judge Bowler on December 4, 2008 - that is, by deposition upon written questions.  As I mentioned on the phone, the exception to this general position concerns any individual(s) who may testify in response to Abbott's Rule 30(b)(6) specifications.  Proceeding in the manner suggested by Judge Bowler is appropriate for numerous reasons.  First, each of the deponents listed in your letter has already been subjected to successive days of deposition.  For example, the three OIG witnesses (Vito, Tawes, Ragone) collectively appeared for eleven days of deposition.  Much of the questioning was redundant.  In light of this record, there is simply no valid reason to impose further burden and disruption upon these witnesses by making them appear for deposition in person.  Second, using a written format will facilitate the need to have the questioning conform to the relevancy parameters set out by Judge Saris with respect to the Government's assertion of the deliberative process privilege.  As indicated by Judge Saris during oral hearings on July 24 and November 13, 2008, "what [defendants] are entitled to is knowledge of mega spreads in the specific kind of drugs that these people manufacture, infusion drugs, inhalation drugs."[1]  Additional information that may be relevant is that which pertains to mega

---

[1] July 24, 2008 Transcript at 25:14-16.

-2-

spreads for Vancomycin or "cross subsidization."[2]  Judge Saris also expressed her view as to the
relevant time frame for such information.  You can also expect that Government counsel will
apply these same relevancy and time-frame parameters when objecting and instructing witnesses
during any live deposition testimony.

Thank you for your attention.

Very Truly Yours,

/s/
Justin Draycott
Trial Attorney
Commercial Litigation Branch

Enclosures
cc:     George B. Henderson
        Counsel for Dey
        Counsel for Roxane

---

[2] November 13, 2008 Transcript at 26-27.