# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                                        )
IN RE PHARMACEUTICAL INDUSTRY          )
AVERAGE WHOLESALE PRICE                     )   MDL NO. 1456
LITIGATION                                              )   Civil Action No. 01-12257-PBS
_____)   Subcategory Case No. 03-10643-PBS
                                                        )
                                                        )   Judge Patti B. Saris
THIS DOCUMENT RELATES TO:              )
                                                        )
*The City of New York v. Abbott Labs., et al.*   )
(S.D.N.Y. No. 04-CV-06054)                     )
*County of Suffolk v. Abbott Labs., et al.*       )
(E.D.N.Y. No. CV-03-229)                        )
*County of Westchester v. Abbott Labs., et al*  )
(S.D.N.Y. No. 03-CV-6178)                      )
*County of Rockland v. Abbott Labs., et al.*     )
(S.D.N.Y. No. 03-CV-7055)                      )
*County of Dutchess v. Abbott Labs., et al.*     )
(S.D.N.Y. No. 05-CV-06458)                     )
*County of Putnam v. Abbott Labs., et al.*       )
(S.D.N.Y. No. 05-CV-04740)                     )
*County of Washington v. Abbott Labs., et al.*   )
(N.D.N.Y. No. 05-CV-00408)                     )
*County of Rensselaer v. Abbott Labs., et al.*   )
(N.D.N.Y. No. 05-CV-00422)                     )
*County of Albany v. Abbott Labs., et al.*       )
(N.D.N.Y. No. 05-CV-00425)                     )
*County of Warren v. Abbott Labs., et al.*       )
(N.D.N.Y. No. 05-CV-00468)                     )
*County of Greene v. Abbott Labs., et al.*       )
(N.D.N.Y. No. 05-CV-00474)                     )
*County of Saratoga v. Abbott Labs., et al.*     )
(N.D.N.Y. No. 05-CV-00478)                     )
*County of Columbia v. Abbott Labs., et al.*     )
(N.D.N.Y. No. 05-CV-00867)                     )

[Caption Continues on Next Page]

## DEFENDANT ENDO PHARMACEUTICALS INC.'S ANSWER TO THE REVISED FIRST AMENDED CONSOLIDATED COMPLAINT OF NEW YORK CITY AND PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU

*County of Essex v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06242) )
*County of Genesee v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06206) )
*County of Wayne v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06138) )
*County of Monroe v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06148) )
*County of Yates v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06172) )
*County of Niagara v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06296) )
*County of Seneca v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06370) )
*County of Orleans v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06371) )
*County of Ontario v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06373) )

*County of Schuyler v. Abbott Labs., et al.*    )
(W.D.N.Y. No. 05-CV-06387)    )
*County of Steuben v. Abbott Labs., et al.*    )
(W.D.N.Y. No. 05-CV-06223)    )
*County of Chemung v. Abbott Labs., et al.*    )
(W.D.N.Y. No. 05-CV-06744)    )
*County of Ulster v. Abbott Labs., et al.*    )
(N.D.N.Y. Case No. 06-CV-0123)    )
*County of Wyoming v. Abbott Labs., et al.*    )
(W.D.N.Y. Case No. 05-CV-6379)    )
                                                AND    )
*County of Orange v. Abbott Labs., et al.*    )
(S.D.N.Y. Case No. 07-CV-2777)    )
_____)

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Endo Pharmaceuticals Inc. ("Endo") respectfully submits this Answer to the Revised First Amended Consolidated Complaint (the "Complaint") of the City of New York and forty-three New York Counties identified above ("the Counties") as follows:

Unless expressly admitted or denied, Endo lacks knowledge or information sufficient to form a belief as to the truth or falsity of averments referring or relating to the conduct of other defendants.

Endo specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint. Endo has included certain captions used in the Complaint for reference, but denies any allegations contained in such references.

The Complaint contains certain allegations that refer to other sources. In answering such allegations, Endo's failure to deny that the sources contain certain statements or material is not intended and should not be deemed an admission that the statements or material in those sources are or are not true or that the statements or material in those sources are relevant or admissible in this action.

3

The Complaint improperly refers to Endo, other defendants, and third parties on a collective basis, failing to plead with requisite particularity allegations against Endo. Accordingly, the Complaint is insufficient to apprise Endo of the allegations asserted against it. Endo has nevertheless attempted to respond to plaintiffs' allegations to the extent possible.

1.    Answering paragraph 1, Endo admits that the Counties bring this action against Endo and other pharmaceutical companies purportedly seeking various forms of relief, but denies that there is any basis on which to do so with respect to Endo. Endo admits that prescription drugs are generally identified by unique national drug codes known as "NDCs" and that Exhibit B-14 purports to identify the Endo NDCs at issue in this matter, but denies that plaintiffs are entitled to relief with respect to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

2.    Answering paragraph 2, to the extent the allegations in paragraph 2 and in Exhibit A refer to N.Y. Soc. Serv. L. §§ 367-a, 368-a, and 42 U.S.C. § 1396d(b), Endo states that those sources speak for themselves and any characterizations thereof are denied. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit A.

3.    Answering paragraph 3 and the footnote thereto, to the extent the allegations in paragraph 3 refer to N.Y. Soc. Serv. L. § 367-a(9), 42 U.S.C. § 1396r-8 and the Model Rebate Agreement, Endo states that those sources speak for themselves and any characterizations thereof are denied. Endo admits that it remits payment pursuant to the federal statutory formula contained in 42 U.S.C. § 1396r-8. Otherwise Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph or the footnote thereto.

4

4.      Answering paragraph 4, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

5.      Answering paragraph 5, to the extent the allegations in paragraph 5 refer to 42 C.F.R. § 447.331, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

6.      Answering paragraph 6 and the footnote thereto, to the extent the allegations in paragraph 6 refer to N.Y. Soc. Serv. L. § 367-a(9), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and the footnote thereto.

7.      Answering paragraph 7, to the extent the allegations in paragraph 7 refer to N.Y. Soc. Serv. L. § 367-a(9), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

8.      Answering paragraph 8, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

9.      Answering paragraph 9, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

10.      Answering paragraph 10, Endo admits that, at certain times, it has supplied publishers with certain pricing information, including information denominated by Endo as AWP

and WAC.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

11.     Answering paragraph 11, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

12.     Answering paragraph 12, Endo denies the averments in this paragraph, and in Exhibit F, to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit F.

13.     Answering paragraph 13, to the extent the allegations in paragraph 13 refer to 42 C.F.R. § 447.332, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

14.     Answering paragraph 14, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

15.     Answering paragraph 15, Endo denies the averments in this paragraph, and in Exhibit B, to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit B.

16.     Answering paragraph 16, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

17.     Answering paragraph 17, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

18.     Answering paragraph 18, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

19.     Answering paragraph 19, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

20.     Answering paragraph 20, to the extent the allegations in paragraph 20 refer to a *Wall Street Journal* article, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

21.     Answering paragraph 21, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

22.     Answering paragraph 22, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

23.     Answering paragraph 23, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

24.     Answering paragraph 24, Endo denies the averments in this paragraph, and in Exhibit B, to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit B.

25.     Answering paragraph 25, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

26.     Answering paragraph 26, to the extent the allegations in paragraph 26 refer to a Department of Health and Human Services report, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

27.     Answering paragraph 27, to the extent the allegations in paragraph 27 refer to a transcript of a congressional hearing, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

28.     Answering paragraph 28, Endo denies the averments in this paragraph, and in Exhibit B, to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit B.

29.     Answering paragraph 29, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

30.     Answering paragraph 30, Endo denies the averments in this paragraph, and in Exhibit B, to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit B.

31.     Answering paragraph 31 and the footnote thereto, to the extent the allegations in paragraph 31 refer to 42 U.S.C. § 1396r-8 and N.Y. Soc. Serv. L. § 367-a(7)(d), Endo states that those sources speak for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and the footnote thereto.

32.     Answering paragraph 32, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

33.     Answering paragraph 33 and the footnote thereto, to the extent the allegations in paragraph 33 and the footnote thereto refer to 42 U.S.C. § 1396r-8(c)(1)(C)(ii)(III), Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo further denies the averments in this paragraph and the footnote thereto, to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and the footnote thereto.

34.     Answering paragraph 34, to the extent the allegations in paragraph 34 refer to a Department of Health and Human Services report, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo further denies the averments in this paragraph, to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

35.     Answering paragraph 35, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

36.     Answering paragraph 36, Endo denies the averments in this paragraph and in Exhibit D, to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or

information sufficient to form a belief as to the truth of the averments made in this paragraph and in Exhibit D.

37.      Answering paragraph 37, Endo admits that the Counties seek the relief listed but denies that any such relief is justified or appropriate.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

38.      Answering paragraph 38, Endo admits that the Counties claim the violations stated in this paragraph, but denies that there is any basis for them to do so.

39.      Answering paragraph 39, Endo admits the averments of this paragraph.

40.      Answering paragraph 40, Endo admits the averments contained in the first and second sentences of this paragraph.  Endo further admits that it does business and is qualified to do business in the City of New York and the Counties.  Endo denies the remaining averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

41.      Answering paragraph 41, to the extent the allegations in paragraph 41 refer to N.Y. Soc. Serv. L. §§ 367-a and 368-a, Endo states that those sources speak for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

42.      Answering paragraph 42, to the extent the allegations in paragraph 42 refer to N.Y. Soc. Serv. L. §§ 367 and 368, Endo states that those sources speak for themselves and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they allege that Endo is a defendant in *County of Nassau v. Abbott Laboratories, Inc., et al.*

(E.D.N.Y. No. 04-CV-5126), which it is not.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

42 A.   Answering paragraph 42 A, to the extent the allegations in paragraph 42 A refer to N.Y. Soc. Serv. L. §§ 367 and 368, Endo states that those sources speak for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

43.   Answering paragraph 43 and the footnote thereto, Endo denies the averments in this paragraph to the extent they allege that Endo is a defendant in *County of Nassau v. Abbott Laboratories, Inc., et al.*  (E.D.N.Y. No. 04-CV-5126), which it is not.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and the footnote thereto.

44.   Answering paragraph 44, Endo admits that it meets the definition of a "manufacturer" within the meaning of 42 U.S.C. § 1396r-8(k)(5)(B).  Endo further admits that it markets and sells prescription drugs and that it conducts business in the State of New York, including the City of New York and the Counties.  Endo denies the remaining averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

45-59.  Answering paragraphs 45 through 59, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in these paragraphs.

60.   Answering paragraph 60, Endo admits that it is a wholly owned subsidiary of Endo Pharmaceuticals Holding Inc., a Delaware corporation.  Endo further admits that it is engaged in the business of manufacturing pharmaceuticals to the extent that Endo meets the definition of a "manufacturer" within the meaning of 42 U.S.C. § 1396r-8(k)(5)(B), and admits

that it is engaged in the business of selling pharmaceuticals.  Endo denies the allegations in the second sentence of paragraph 60.  Endo's principal place of business is located at 100 Endo Boulevard, Chadds Ford, PA 19317.

61-84.  Answering paragraphs 61-84, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in these paragraphs.

85.    Answering paragraph 85, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

86.    Answering paragraph 86, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

87.    Answering paragraph 87, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

88.    Answering paragraph 88, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

89.    Answering paragraph 89, to the extent the allegations in paragraph 89 refer to Title XIX of the Social Security Act, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

90.    Answering paragraph 90, to the extent the allegations in paragraph 90 refer to N.Y. Soc. Serv. L. § 363 *et seq*., 42 U.S.C. § 1396a(a) and (b), 42 C.F.R. §§ 433.32 and 433.33, Endo states that those sources speak for themselves and any characterizations thereof are denied.

Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

91.     Answering paragraph 91, to the extent the allegations in paragraph 91 refer to N.Y. Soc. Serv. L. § 368-a and 42 U.S.C. § 1396(d)(b), Endo states that those sources speak for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

92.     Answering paragraph 92, to the extent the allegations in paragraph 92 refer to N.Y. Soc. Serv. L. § 145-b(2), 42 U.S.C. §§ 1396a(a)(25)(A) & (B) and 1396b(d)(3)(A), Endo states that those sources speak for themselves and any characterizations thereof are denied. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

93.     Answering paragraph 93, to the extent the allegations in paragraph 93 refer to N.Y. Soc. Serv. L. § 367-a(9)(b)(i), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

94.     Answering paragraph 94, to the extent the allegations in paragraph 94 refer to N.Y. Soc. Serv. L. § 367-a(9)(c), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

95.     Answering paragraph 95, to the extent the allegations in paragraph 95 refer to N.Y. Soc. Serv. L. § 367-a(9)(b)(ii), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

96.     Answering paragraph 96 and the footnote thereto, to the extent the allegations in paragraph 96 refer to N.Y. Soc. Serv. L. § 367-a(9)(b)(ii) and N.Y. Laws 2003, Ch. 62, Part Z2, Endo states that those sources speak for themselves and any characterizations thereof are denied. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and the footnote thereto.

97.     Answering paragraph 97 and the footnote thereto, to the extent the allegations in paragraph 97 refer to N.Y. Soc. Serv. L. § 367-a(9) and N.Y. Laws 2004, Ch. 58, Part C, § 36, Endo states that those sources speak for themselves and any characterizations thereof are denied. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and the footnote thereto.

98.     Answering paragraph 98, to the extent the allegations in paragraph 98 refer to N.Y. Soc. Serv. L. § 367-a(9)(d), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

99.     Answering paragraph 99, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

100.     Answering paragraph 100, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

101.     Answering paragraph 101, to the extent the allegations in paragraph 101 refer to the "List of Medicaid Reimbursable Drugs," that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

102.    Answering paragraph 102, to the extent the allegations in paragraph 102 refer to the "List of Medicaid Reimbursable Drugs," that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

103.    Answering paragraph 103, to the extent the allegations in paragraph 103 refer to the "List of Medicaid Reimbursable Drugs," that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

104.    Answering paragraph 104 and the footnote thereto, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and the footnote thereto.

105.    Answering paragraph 105, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

106.    Answering paragraph 106, to the extent the allegations in paragraph 106 refer to the "List of Medicaid Reimbursable Drugs," that source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

107.    Answering paragraph 107, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

108.    Answering paragraph 108, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

109.    Answering paragraph 109, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

110.     Answering paragraph 110, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

111.     Answering paragraph 111, to the extent the allegations in paragraph 111 refer to N.Y. Soc. Serv. L. § 367-a(9)(a), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

112.     Answering paragraph 112, Endo admits that non-party publishing compendia such as First Data Bank's Blue Book publish and report pricing information.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

113.     Answering paragraph 113, to the extent the allegations in paragraph 113 refer to a House Committee transcript, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

114.     Answering paragraph 114, to the extent the allegations in paragraph 114 refer to a Department of Health and Human Services report, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

115.     Answering paragraph 115, to the extent the allegations in paragraph 115 refer to a Department of Health and Human Services report, Endo states that the source speaks for itself

16

and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

116.     Answering paragraph 116, to the extent the allegations in paragraph 116 refer to 42 U.S.C. § 1396r-8, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

117.     Answering paragraph 117, to the extent the allegations in paragraph 117 refer to 42 U.S.C. § 1396r-8(c)(1) –(2) and N.Y. Soc. Serv. L. § 367(a)(7)(d), Endo states that those sources speak for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

118.     Answering paragraph 118 and the footnote thereto, to the extent the allegations in paragraph 118 and the footnote thereto refer to 42 U.S.C. §§ 1396r-8(b)(1)(A), (c)(3) and N.Y. Soc. Serv. L. § 367(a)(7)(d), Endo states that those sources speak for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and the footnote thereto.

119.     Answering paragraph 119, to the extent the allegations in paragraph 119 refer to 42 U.S.C. § 1396r-8(c)(2), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

120.     Answering paragraph 120, to the extent the allegations in paragraph 120 refer to 42 U.S.C. § 1396r-8(c)(1)(C)(i), Endo states that the source speaks for itself and any

characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

121.    Answering paragraph 121, to the extent the allegations in paragraph 121 refer to 42 U.S.C. § 1396r-8(c)(1)(C)(ii), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

122.    Answering paragraph 122, to the extent the allegations in paragraph 122 refer to 42 U.S.C. § 1396r-8(k)(1), Endo states that the source speaks for itself and any characterizations thereof are denied. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

123.    Answering paragraph 123, to the extent the allegations in paragraph 123 refer to a House Report, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

124.    Answering paragraph 124, to the extent the allegations in paragraph 124 refer to N.Y. Soc. Serv. L. § 367-a(7)(d), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

125.    Answering paragraph 125, to the extent the allegations in paragraph 125 refer to New York Social Service Law, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

18

126.    Answering paragraph 126, to the extent the allegations in paragraph 126 refer to 42 U.S.C. §§ 1396r-8(b)(3)(A) & (D), Endo states that those sources speak for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

127.    Answering paragraph 127, to the extent the allegations in paragraph 127 refer to 42 U.S.C. § 1396r-8(b)(2), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

128.    Answering paragraph 128, Endo admits that it pays rebates to state Medicaid programs.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

129.    Answering paragraph 129, to the extent the allegations in paragraph 129 refer to 42 U.S.C. § 1396r-8(b)(3)(D) and an amicus brief filed by the United States, Endo states that those sources speak for themselves and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

130.    Answering paragraph 130, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

131.    Answering paragraph 131, to the extent the allegations in paragraph 131 refer to the Model Rebate Agreement, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

132.    Answering paragraph 132, Endo admits that it has executed a rebate agreement with the Secretary of Health and Human Services, refers to the agreement for its terms, and denies any characterizations thereof.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

133.    Answering paragraph 133, to the extent the allegations in paragraph 133 refer to the Model Rebate Agreement, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

134.    Answering paragraph 134, to the extent the allegations in paragraph 134 refer to the Model Rebate Agreement, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

135.    Answering paragraph 135, to the extent the allegations in paragraph 135 refer to the Model Rebate Agreement, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

136.    Answering paragraph 136, to the extent the allegations in paragraph 136 refer to the Model Rebate Agreement, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

137.    Answering paragraph 137, to the extent the allegations in paragraph 137 refer to N.Y. Soc. Serv. L. §§ 56, 61, and 62, Endo states that those sources speak for themselves and

any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

138.    Answering paragraph 138, to the extent the allegations in paragraph 138 refer to 42 U.S.C. § 1396a(a)(25)(A), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

139.    Answering paragraph 139, to the extent the allegations in paragraph 139 refer to 42 U.S.C. § 1396a(a)(25)(B), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

140.    Answering paragraph 140, to the extent the allegations in paragraph 140 refer to 42 U.S.C. § 1396r-8(c)(ii), Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

141.    Answering paragraph 141, to the extent the allegations in paragraph 141 refer to N.Y. Soc. Serv. L. § 145-b, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

142.    Answering paragraph 142, to the extent the allegations in paragraph 142 refer to an amicus brief filed by the Secretary of HHS, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

143.    Answering paragraph 143, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

144.    Answering paragraph 144, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

145.    Answering paragraph 145, Endo admits that Exhibit B to the Complaint purports to identify the prescription drugs at issue in this matter.  Endo denies the remaining averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

146.    Answering paragraph 146, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

147.    Answering paragraph 147, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

148.    Answering paragraph 148, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

149.    Answering paragraph 149, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

150.     Answering paragraph 150, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

151.     Answering paragraph 151, to the extent the allegations in paragraph 151 refer to a DOJ study, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo further denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

152.     Answering paragraph 152, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

153.     Answering paragraph 153, to the extent the allegations in paragraph 153 refer to government investigations and litigations, Endo states that the records of those proceedings speak for themselves and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

154.     Answering paragraph 154, to the extent the allegations in paragraph 154 refer to a HHS OIG publication, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

155.     Answering paragraph 155, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

156.     Answering paragraph 156, Endo admits that, at times, it allows certain credits, sometimes referred to as "chargebacks," to wholesalers.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

157.     Answering paragraph 157, Endo admits that it offers discounts to certain customers who comply with certain payment terms and at times allows certain credits, sometimes referred to as "prompt pay discounts."  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information to admit or deny the truth of the averments made in this paragraph.

158.     Answering paragraph 158, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

159.     Answering paragraph 159, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

160.     Answering paragraph 160, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

161.     Answering paragraph 161, to the extent the allegations in paragraph 161 refer to a *Wall Street Journal* article, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

162.     Answering paragraph 162, to the extent the allegations in paragraph 162 refer to a *Wall Street Journal* article, Endo states that the source speaks for itself and any characterizations

thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

163.    Answering paragraph 163, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

164.    Answering paragraph 164, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

165.    Answering paragraph 165, to the extent the allegations in paragraph 165 refer to a Senate Committee report, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

166.    Answering paragraph 166, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

167.    Answering paragraph 167, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

168.    Answering paragraph 168, Endo admits that it has executed a Rebate Agreement. Endo refers to the Rebate Agreement for its terms and denies any characterization thereof. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

169.    Answering paragraph 169, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

170.    Answering paragraph 170, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

171.    Answering paragraph 171, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

172.    Answering paragraph 172, to the extent the allegations in paragraph 172 refer to the Model Rebate Agreement, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the remaining averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

173.    Answering paragraph 173, to the extent the allegations in paragraph 173 refer to 42 U.S.C. § 1396r-8(c)(ii), Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the remaining averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

174.    Answering paragraph 174, to the extent the allegations in paragraph 174 refer to an OIG report, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the remaining averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

175.    Answering paragraph 175, Endo admits that it uses various business practices in selling its products, including offering discounts to certain customers.  Endo denies the

remaining averments in this paragraph to the extent that they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

176.    Answering paragraph 176, to the extent the allegations in paragraph 176 refer to 42 U.S.C. § 1396r-8(c)(1)(C)(ii)(III), Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the remaining averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

177.    Answering paragraph 177, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

178.    Answering paragraph 178 and the footnote thereto, to the extent the allegations in paragraph 178 refer to a House Committee Press Release, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the remaining averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and the footnote thereto.

179.    Answering paragraph 179, to the extent the allegations in paragraph 179 refer to a House Committee Press Release, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

180.    Answering paragraph 180, to the extent the allegations in paragraph 180 refer to a House Committee hearing transcript, Endo states that the source speaks for itself and any

characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

181.    Answering paragraph 181 and the footnote thereto, to the extent the allegations in paragraph 181 refer to a Senate Finance Committee Press Release, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and the footnote thereto.

182.    Answering paragraph 182, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

183.    Answering paragraph 183, to the extent the allegations in paragraph 183 refer to a letter from the House Committee on Ways and Means, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

184.    Answering paragraph 184, to the extent the allegations in paragraph 184 refer to a letter from the House Committee on Ways and Means, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

185.    Answering paragraph 185, to the extent the allegations in paragraph 185 refer to a congressional record, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate

to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

186.    Answering paragraph 186, to the extent the allegations in paragraph 186 refer to a GAO report, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

187.    Answering paragraph 187, to the extent the allegations in paragraph 187 refer to a GAO report, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

188.    Answering paragraph 188, to the extent the allegations in paragraph 188 refer to a HHS OIG report, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

189.    Answering paragraph 189, to the extent the allegations in paragraph 189 refer to OIG guidance, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

190.    Answering paragraph 190, to the extent the allegations in paragraph 190 refer to an OIG report and the Model Rebate Agreement, Endo states that those sources speak for themselves and any characterizations thereof are denied.  Endo denies the averments in this

paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

191.    Answering paragraph 191, to the extent the allegations in paragraph 191 refer to an OIG report, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

192.    Answering paragraph 192, to the extent the allegations in paragraph 192 refer to an OIG report and the statement of Representative Waxman, Endo states that those sources speak for themselves and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

193.    Answering paragraph 193, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

194.    Answering paragraph 194, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

195.    Answering paragraph 195, Endo admits that it offers discounts to certain customers under certain conditions.  Endo denies the other averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

196.    Answering paragraph 196, Endo denies the averments in this paragraph and in Exhibit A to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and

in Exhibit A.

197-443.      Answering paragraphs 197 through 443 and the footnotes thereto, Endo states that the allegations in paragraphs 197 through 443 and the footnotes thereto are directed to other defendants and require no response from Endo.  To the extent a response is deemed to be required, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 197 through 443 and the footnotes thereto.  To the extent the allegations in paragraphs 197 through 443 and the footnotes thereto refer to other statutes, regulations, transcripts, or other documents, Endo states that those sources speak for themselves and denies any characterizations thereof.

444.      Answering paragraph 444 and the footnote thereto, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the first sentence of this paragraph.  Endo denies that plaintiffs purport to seek relief for the specific Endo NDCs in Exhibit B-15.  Endo states that Exhibit B-14 appears to identify Endo products, but Endo denies the averments contained in that Exhibit and denies that any relief is warranted. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the other averments made in this paragraph and the footnote thereto.

445.      Answering paragraph 445, Endo denies the averments made in this paragraph and in Exhibit B-14 and in Exhibit B-15.

446.      Answering paragraph 446, Endo admits that it offers discounts to certain customers under certain conditions.  Endo denies the remaining averments made in this paragraph.

447.      Answering paragraph 447, Endo denies the averments in this paragraph.

448.    Answering paragraph 448, Endo denies the averments in this paragraph and in Exhibit B-14 and in Exhibit B-15.

449.    Answering paragraph 449, Endo denies the averments in this paragraph.

450.    Answering paragraph 450, Endo denies the averments in this paragraph and in Exhibit B-14 and in Exhibit B-15.

451.    Answering paragraph 451, Endo denies the averments in this paragraph and in Exhibit B-14 and in Exhibit B-15.

452-769.    Answering paragraphs 452 through 769 and the footnotes thereto, Endo states that the allegations in paragraphs 452 through 769 and the footnotes thereto are directed to other defendants and require no response from Endo.  To the extent a response is deemed to be required, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 452 through 769 and the footnotes thereto.  To the extent the allegations in paragraphs 452 through 769 and the footnotes thereto refer to other statutes, regulations, transcripts, or other documents, Endo states that those sources speak for themselves and denies any characterizations thereof.

770.    Answering paragraph 770, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the first sentence of this paragraph.  Endo denies the averments contained in the second sentence of this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

771.    Answering paragraph 771, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

772.    Answering paragraph 772, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

773.    Answering paragraph 773, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

774.    Answering paragraph 774, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

775.    Answering paragraph 775, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

776.    Answering paragraph 776, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

777.    Answering paragraph 777, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

778.    Answering paragraph 778, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

779.     Answering paragraph 779, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

780.     Answering paragraph 780, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

781.     Answering paragraph 781, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

782.     Answering paragraph 782, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

783.     Answering paragraph 783, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

784.     Answering paragraph 784, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

785.     Answering paragraph 785, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

786.     Answering paragraph 786, to the extent that the allegations in paragraph 786 refer to a publication known as *The Pink Sheet*, Endo states that the publication speaks for itself and

any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

787.    Answering paragraph 787, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

788.    Answering paragraph 788, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

789.    Answering paragraph 789, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

790.    Answering paragraph 790, Endo denies the averments in the paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

**COUNT I**
**VIOLATION OF FEDERAL MEDICAID STATUTE, 42 U.S.C. § 1396r-8 (FAILURE TO COMPLY WITH FEDERAL MEDICAID REBATE PROVISION)**

791.    Answering paragraph 791, Endo restates and incorporates by reference its answers to paragraphs 1 through 790 as if fully set forth herein.

792-800.      Answering paragraphs 792 through 800, Endo states that the Court has dismissed the claims to which these allegations relate and thus no response is required.  To the extent that a response is required, Endo denies the averments contained in paragraphs 792 through 800 to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or

information sufficient to form a belief as to the truth of the averments made in paragraphs 792 through 800.

**COUNT II**
**VIOLATION OF N.Y. SOCIAL SERVICES LAW § 367-a(7)(d) (FAILURE TO COMPLY WITH STATE MEDICAID REBATE PROVISION)**

801.    Answering paragraph 801, Endo restates and incorporates by reference its answers to paragraphs 1 through 800 as if fully set forth herein.

802-807.         Answering paragraphs 802 through 807, Endo states that the Court has dismissed the claims to which these allegations relate and thus no response is required.  To the extent that a response is required, Endo denies the averments contained in paragraphs 802 through 807 to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 802 through 807.

**COUNT III**
**VIOLATION OF NEW YORK SOCIAL SERVICES LAW § 145-b (OBTAINING PUBLIC FUNDS BY FALSE STATEMENTS)**

808.    Answering paragraph 808, Endo restates and incorporates by reference its answers to paragraphs 1 through 807 as if fully set forth herein.

809.    Answering paragraph 809, Endo states that to the extent that paragraph 809 refers to N.Y. Soc. Serv. L. § 145-b, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

810.    Answering paragraph 810, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

811.    Answering paragraph 811, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

812.    Answering paragraph 812, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

813.    Answering paragraph 813, Endo states that the allegation contains a legal conclusion to which no response is required.  To the extent a response is required, Endo denies the averments contained in this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

## COUNT IV
## VIOLATION OF NEW YORK DEPARTMENT OF HEALTH REGULATIONS 18 N.Y.C.R.R. § 515.2(b)(4) and (5)

814.    Answering paragraph 814, Endo restates and incorporates by reference its answers to paragraphs 1 through 813 as if fully set forth herein.

815-817.        Answering paragraphs 815 through 817, Endo states that the Court has dismissed the claims to which these allegations relate and thus no response is required. To the extent that a response is required, Endo denies the averments contained in paragraphs 815 through 817 to the extent they relate or refer to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 815 through 817.

## COUNT V
## BREACH OF CONTRACT

818.   Answering paragraph 818, Endo restates and incorporates by reference its answers to paragraphs 1 through 817 as if fully set forth herein.

819-830.   Answering paragraphs 819 through 830, Endo states that the Court has dismissed the claims to which these allegations relate and thus no response is required.  To the extent that a response is required, Endo denies the averments contained in paragraphs 819 through 830 to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in paragraphs 819 through 830.

## COUNT VI
## UNFAIR TRADE PRACTICES
### (Violations of N.Y. Gen. Bus. Law § 349 *et seq.*)

831.   Answering paragraph 831, Endo restates and incorporates by reference its answers to paragraphs 1 through 830 as if fully set forth herein.

832.   Answering paragraph 832, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

833.   Answering paragraph 833, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

834.   Answering paragraph 834, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

835.     Answering paragraph 835, Endo states that to the extent that paragraph 835 refers to N.Y. Soc. Serv. L. §§ 367-b and 363-b(2), Endo states that those sources speak for themselves and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

836.     Answering paragraph 836, Endo states that to the extent that paragraph 836 refers to N.Y. Soc. Serv. L. § 363, Endo states that the source speaks for itself and any characterizations thereof are denied.  Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

837.     Answering paragraph 837, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

838.     Answering paragraph 838 and the subparts thereto, Endo denies the averments in this paragraph and in its subparts to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph and in its subparts.

839.     Answering paragraph 839, Endo states that the allegation contains a legal conclusion to which no response is required.  To the extent a response is required, Endo denies the averments contained in this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

## COUNT VII
## FRAUD

840.    Answering paragraph 840, Endo restates and incorporates by reference its answers to paragraphs 1 through 839 as if fully set forth herein.

841.    Answering paragraph 841, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

842.    Answering paragraph 842, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

843.    Answering paragraph 843, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

844.    Answering paragraph 844, Endo states that to the extent that paragraph 844 refers to N.Y. Soc. Serv. L. § 366-b, Endo states that the source speaks for itself and any characterizations thereof are denied.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

845.    Answering paragraph 845, Endo states that the allegation contains a legal conclusion to which no response is required.  To the extent a response is required, Endo denies the averments contained in this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

## COUNT VIII
## UNJUST ENRICHMENT

846.    Answering paragraph 846, Endo restates and incorporates by reference its answers to paragraphs 1 through 845 as if fully set forth herein.

847.    Answering paragraph 847, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

848.    Answering paragraph 848, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

849.    Answering paragraph 849, Endo states that the allegation contains a legal conclusion to which no response is required.  To the extent a response is required, Endo denies the averments contained in this paragraph to the extent they relate or refer to Endo.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the paragraph.

## **PRAYER FOR RELIEF**

850-858.       Answering paragraphs 850 through 858, Endo denies that any relief is appropriate.

**WHEREFORE**, Endo demands judgment dismissing the Revised First Amended Consolidated Complaint with prejudice, and awarding reasonable expenses and costs incurred herein, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Endo repeats and incorporates by reference paragraphs 1 through 858 as if fully set forth herein.  Without assuming any burden of proof that it would not otherwise bear, Endo also asserts the following defenses:

### First Affirmative Defense

Plaintiffs fail to state a claim against Endo upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs lack standing or capacity to bring some or all of the claims they assert to recover Medicaid expenditures, to seek injunctive relief, or to recover some or all of the claimed damages in the Revised First Amended Consolidated Complaint.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they did not rely on any alleged misrepresentations or fraud by Endo.

### Fourth Affirmative Defense

Plaintiffs' claims against Endo are barred, in whole or in part, because they suffered no damages as a result of the matters alleged in the Revised First Amended Consolidated Complaint.

### Fifth Affirmative Defense

Plaintiffs' claims against Endo are barred, in whole or in part, by the filed rate doctrine.

### Sixth Affirmative Defense

Plaintiffs' claims against Endo are barred, in whole or in part, because of the lack of consideration between the Counties and Endo.

42

### Seventh Affirmative Defense

Any and all actions taken by Endo with respect to any of the matters alleged in the Revised First Amended Consolidated Complaint were taken in good faith and in accordance with established industry practice.

### Eighth Affirmative Defense

To the extent plaintiffs obtain recovery in any other proceeding predicated on the same factual allegations, plaintiffs are barred from seeking recovery against Endo based on the Revised First Amended Consolidated Complaint pursuant to the doctrines of *res judicata*, collateral estoppel, and/or the prohibition on double recovery for the same injury.

### Ninth Affirmative Defense

Plaintiffs' claims against Endo are barred, in whole or in part, due to their failure to join indispensable parties.

### Tenth Affirmative Defense

Plaintiffs' claims against Endo are barred, in whole or in part, to the extent that plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised any of plaintiffs' claims.

### Eleventh Affirmative Defense

Plaintiffs' state law claims against Endo are preempted, in whole or in part, by federal law, including, without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments thereto and all regulations promulgated thereunder, and by the existence and terms of written rebate agreement(s) with the Secretary of the Department of Health and Human Services ("HHS"), on behalf of HHS and certain States, including the State of New York, entitled "Rebate

Agreement Between the Secretary of Health and Human Services and the Manufacturers Identified in Section XI of this Agreement" (the "Rebate Agreement"), which was/were entered pursuant to 42 U.S.C. § 1396r-8 and pursuant to which Endo reports certain specific pricing information to the federal government and remits rebate payments to the State of New York based on that information.

### Twelfth Affirmative Defense

Plaintiffs' claims against Endo are barred because Endo has complied with all applicable federal and state regulations.

### Thirteenth Affirmative Defense

Plaintiffs' claims against Endo are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of *in pari delicto*, laches, estoppel, and/or waiver. Further, plaintiffs' claims for injunctive relief against Endo are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Fourteenth Affirmative Defense

Some or all of plaintiffs' claims against Endo are barred, in whole or in part, because those claims arise from plaintiffs' failure to follow their federal and state statutory and regulatory obligations to properly establish reimbursement rates.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because any injuries sustained by plaintiffs were the result of their own conduct or the intervening or superseding conduct of third parties.

### Sixteenth Affirmative Defense

Plaintiffs' claims against Endo for damages are barred, in whole or in part:  (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of plaintiffs and the allocation of any fault, if any exists, attributable to Endo; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the Revised First Amended Consolidated Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiffs have paid for products manufactured, marketed and sold by Endo after the filing of the complaint of Suffolk County, which alleged claims nearly identical to the claims alleged in the Revised First Amended Consolidated Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Seventeenth Affirmative Defense

Plaintiffs' claims against Endo for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### Eighteenth Affirmative Defense

During part of the relevant time period, Endo has affirmatively stated on its price lists that it did not set the AWP reported on its lists.  Endo has also affirmatively stated that the List Prices on its price lists were the undiscounted prices offered to wholesalers and did not reflect discounts, rebates, or other price concessions that may have been offered, and did not necessarily represent the actual prices paid by wholesalers or direct customers.  Accordingly, plaintiffs are estopped from claiming to have been defrauded by virtue of any action by Endo.

### Nineteenth Affirmative Defense

Plaintiffs fail to plead fraud with particularity, including failing to state with particularity facts to support their claims of fraudulent conduct or fraudulent concealment.

### Twentieth Affirmative Defense

Endo's statements or actions were not the proximate cause or the cause in fact of any injury to or alleged loss by plaintiffs.

### Twenty-First Affirmative Defense

Endo denies that plaintiffs have valid consumer protection claims against Endo under New York's Unfair Trade Practices Act.  However, if such claims are found to exist, Endo pleads all available defenses under the Act.

### Twenty-Second Affirmative Defense

Plaintiffs' unjust enrichment claims are barred, in whole or in part, because Endo did not retain any money belonging to the plaintiffs as a result of any alleged overpayments, and plaintiffs did not confer any benefit on Endo.

**Twenty-Third Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

**Twenty-Fourth Affirmative Defense**

Plaintiffs fail to allege facts or a cause of action against Endo sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, prejudgment interest, or any other relief.

**Twenty-Fifth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust applicable administrative remedies.

**Twenty-Sixth Affirmative Defense**

To the extent punitive or treble damages are sought, plaintiffs' punitive or treble damages claims against Endo:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Revised First Amended Consolidated Complaint are legally insufficient to support a claim for punitive or treble damages against Endo; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive or treble damages fail to give Endo prior notice of the conduct for which punitive or treble damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Endo's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York; (4) cannot be sustained because any award of punitive or treble damages exceeding the limits authorized by the laws or other comparable laws would violate Endo's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would

be improper under the Constitution, common law and laws of the State of New York; (5) cannot

be sustained because an award of punitive or treble damages in this case, combined with any

prior, contemporaneous, or subsequent judgments against Endo for punitive or treble damages

arising from the design, development, manufacture, fabrication, distribution, supply, marketing,

sale, or use of Endo's products would constitute impermissible multiple punishments for the

same wrong, in violation of Endo's Due Process and Equal Protection rights guaranteed by the

Fifth and Fourteenth Amendments to the United States Constitution and would constitute double

jeopardy in violation of the Constitution, common law, and statutory laws of the State of New

York; (6) cannot be sustained because any award of punitive or treble damages without the

apportionment of the award separately and severally between or among the alleged joint

tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged

tortfeasor, would violate Endo's Due Process and Equal Protection rights guaranteed by the Fifth

and Fourteenth Amendments to the United States Constitution and would be improper under the

Constitution, common law, and public policies of the State of New York; and (7) cannot be

sustained because any award of punitive or treble damages, which are penal in nature, without

according Endo the same protections that are accorded to all criminal defendants, including the

protection against unreasonable searches and seizures, the privilege against self-incrimination,

and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of

counsel, would violate Endo's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as

incorporated into the Fourteenth Amendment to the United States Constitution and would be

improper under the Constitution, common law, and public policies of the State of New York.

## **Twenty-Seventh Affirmative Defense**

To the extent punitive or treble damages are sought, plaintiffs' claims for punitive or

treble damages against Endo cannot be sustained because an award of punitive or treble damages

by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive or treble damages award; (2) is not adequately instructed on the limits of punitive or treble damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive or treble damages, or determining the amount of an award of punitive or treble damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Endo; (4) is permitted to award punitive or treble damages under a standard for determining liability for punitive or treble damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive or treble damages permissible; (5) is not properly instructed regarding plaintiffs' burden of proof with respect to each and every element of a claim for punitive or treble damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Endo's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of New York.

### Twenty-Eighth Affirmative Defense

To the extent punitive or treble damages are sought, plaintiffs' claims for punitive or treble damages against Endo cannot be sustained because an award of punitive or treble damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive or treble damages that may be imposed, would:  (1) violate Endo's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United

States Constitution; (2) violate Endo's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of New York.

### Twenty-Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they violate Endo's rights under the Due Process and *Ex Post Facto* Clauses of the United States Constitution, as well as the Constitution of the State of New York, insofar as plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Thirtieth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of New York.

### Thirty-First Affirmative Defense

To the extent that plaintiffs attempt to seek equitable relief against Endo, they are not entitled to such relief because they have an adequate remedy at law.

### Thirty-Second Affirmative Defense

Any damage, loss, or liability sustained by plaintiffs must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Endo under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including the provisions of applicable state and federal law.

### Thirty-Third Affirmative Defense

Under the principles of contribution and indemnity, persons or entities other than Endo are wholly or partially responsible for the purported damages, if any, plaintiffs may have sustained.

### Thirty-Fourth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of express and implied waiver, mistake, and mutual mistake.

### Thirty-Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that they have been dismissed by the Court's April 2, 2007 Order on Defendants' Joint Motion To Dismiss Plaintiffs' First Amended Consolidated Complaint, the Court's July 30, 2008 Order granting in part Endo's Individual Motion to Dismiss the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau and its Renewal of its Individual Motion to Dismiss the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau, and any other existent or future order dismissing claims against Endo.

### Thirty-Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, as to all prescription drug products named by plaintiffs in the Revised First Amended Consolidated Complaint and exhibits thereto, that are neither distributed nor sold by Endo Pharmaceuticals Inc.

### Thirty-Seventh Affirmative Defense

Plaintiffs' claims are preempted by the Commerce Clause or the dormant Commerce Clause of the United States Constitution.

### Thirty-Eighth Affirmative Defense

Endo is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiffs.  All rebates and other relevant payments paid by Endo to the State of New York should be taken into account in determining the amount of damages, if any, awarded.

### Thirty-Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

### Fortieth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine.

### Forty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine to the extent that such claims are premised on alleged statements or conduct by Endo in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Forty-Second Affirmative Defense

Due in part to the lack of particularity in the Revised First Amended Consolidated Complaint, Endo hereby gives notice that it intends to rely upon any other additional defense that is now or may become available or appear during, or as a result of, the discovery proceedings in this action and hereby reserves its right to amend its Answer to assert such defense.

### Forty-Third Affirmative Defense

Endo hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to Endo.

## JURY DEMAND

Endo hereby demands a trial by jury.

## CONCLUSION

Endo reserves the right to amend this Answer and to assert other defenses as this action proceeds.

**WHEREFORE**, Endo denies that plaintiffs are entitled to any relief from Endo and prays that this Court:

1) Dismiss the Revised First Amended Consolidated Complaint with prejudice and enter judgment in favor of Endo;

2) Award Endo its costs and expenses; and

3) Grant such other and further relief for Endo as this Court deems just and proper.

Dated: January 30, 2009

Respectfully Submitted,
Endo Pharmaceuticals Inc.
By Its Attorneys

/s/ David D. Fauvre
Jonathan L. Stern (*pro hac vice*)
David D. Fauvre (*pro hac vice*)
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206
Tel: 202-942-5000
Fax: 202-942-5999

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to the Court's Case Management Order No. 2, by sending on January 30, 2009 a copy to Lexis-Nexis for posting and notification to all parties.

/s/ David D. Fauvre