# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) Civil Action No. 01-12257-PBS ) Subcategory No. 03-10643 |
| THIS DOCUMENT RELATES TO: *The City of New York, et al.* *v.* *Abbott Laboratories, Inc., et al.* | ) ) Judge Patti B. Saris ) ) ) ) ) |

## FEBRUARY 2009 STATUS REPORT ON BEHALF OF
## THE CITY OF NEW YORK AND NEW YORK COUNTIES

The undersigned counsel for the City of New York and New York Counties in the above-captioned action (hereinafter "plaintiffs") hereby submit the attached Status Report for February 2009, in accordance with the Court's June 17, 2004 Procedural Order.

Dated: February 3, 2009

                        Respectfully submitted,

                        **City of New York and New York Counties in**
                        **MDL 1456 except Nassau and Orange, by**

                        **KIRBY McINERNEY, LLP**
                        825 Third Avenue
                        New York, New York 10022
                        (212) 371-6600

                        /s/ Joanne M. Cicala
                        Joanne M. Cicala
            By:  James P. Carroll Jr.
                        Aaron D. Hovan
                        Jocelyn R. Normand
                        Kathryn B. Allen

1

Ross B. Brooks, Esq.
MILBERG LLP
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300
*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
LEVY PHILLIPS &
KONIGSBERG, LLP
800 Third Avenue
New York, NY  10022
(212) 605-6205
*Counsel for the County of Orange*

**February 2009 Status Report on Behalf of the
City of New York and New York Counties**

## Plaintiffs' Motion for Reconsideration of July 30, 2008 Orders

On August 13, 2008, plaintiffs filed their Motion for Reconsideration of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions to Dismiss. (Docket # 5498).

On August 22, 2008, certain individual defendants filed the following in opposition to Plaintiffs' Motion for Reconsideration of July 30, 2008 Orders:  Defendant Chiron Corporation's Opposition To Plaintiffs' Motion For Reconsideration Of The July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss (Docket # 5509); Defendant Novartis Pharmaceuticals Corporation's Response To Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss (Docket # 5510); Opposition to Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Dismissing Claims Related To Physician-Administered Drugs (Docket # 5512) filed by Amgen, Bayer, Hoffman-La Roche, MedImmune, Roche Laboratories, Inc.; and Defendant Agouron's Response To Plaintiffs' Motion For Reconsideration Of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions To Dismiss (Docket # 5513).

On August 25, 2008, defendant Eli Lilly filed its Opposition to Motion for Reconsideration of July 30, 2008 Order Dismissing, in Part, Claims against Eli Lilly (Docket # 5516).

In response to plaintiffs' motion for reconsideration, on August 27, 2008 the Court issued a "Procedural Order re Motion to Reconsider" (Docket # 5521).  In that Procedural Order the Court wrote that "[u]nfortunately, the Court based its [July 31, 2008 orders] on the "corrected

Exhibit B to the Complaint rather than the "revised" Exhibit B, filed after the hearing." The Court also directed that "the parties shall meet and confer in good faith regarding points of agreement as to which drugs were adequately pled on the 'revised' Exhibit B of the Revised First Amended Consolidated Complaint."

The parties have so conferred and all issues have been resolved except as follows. The parties cannot agree that the Court's July 31, 2008 orders were mistaken or inadvertently made insofar as the Court, without any explanation whatsoever, reversed its July 31, 2007 rulings and granted defendants' motions to dismiss plaintiffs' claims for drugs sometimes referred to as "physician administered drugs" or PADs.

On January 9, 2009, Plaintiffs filed their Renewed Motion for Reconsideration of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions to Dismiss (Docket # 5838; Subdocket #23).

On January 23, 2009, defendants Amgen Inc., Bayer Corp., Hoffman-La Roche, Inc., Roche Laboratories, Inc., and MedImmune, Inc., filed their response (Docket # 5858) to plaintiffs' renewed motion for reconsideration (Docket # 5838; Subdocket # 23).

There have been extended discussions between counsel for plaintiffs and Eli Lilly with regard to the Court's ruling on Eli Lilly's individual motion. In that ruling, the Court dismissed plaintiffs' claims against Eli Lilly for all drugs other than Vancocin, Humalog and Zyprexa on the grounds that "plaintiffs do not allege any fraudulent spreads in Exhibit B with respect to any other subject drugs." *See* July 30, 2008 Eli Lilly Order (Docket # 5470). In fact, the operative Eli Lilly Exhibit to plaintiffs' complaint, FACC Revised Exhibit B-13, alleges fraudulent spreads for nine other Lilly drugs: Darvocet, Darvon, Evista, Glucagon, Gemzar, Humatrope, Humulin,

Nebcin, Prozac.[1]  *See* NY FACC Exhibit B-13.  Plaintiffs endeavored to persuade counsel for Eli Lilly that the Court's ruling as to these drugs should be reconsidered as it was made in error and in reliance on the wrong NY FACC Exhibit.  Counsel for Eli Lilly would not agree with plaintiffs' position on the grounds that even the spreads in the correct operative exhibit (NY FACC Exhibit B-13) were "cherry picked."  Counsel for Eli Lilly has made clear that they will oppose any motion for reconsideration on that basis.

While plaintiffs remain of the view that the Court's July 31, 2008 ruling as to Eli Lilly was made inadvertently and in reliance on the wrong version of plaintiffs' Lilly Exhibit, given Lilly's position regarding the spreads set forth in the correct exhibit and given this Court's recent ruling in the context of the Schering motion for a protective order (Docket # 5605), plaintiffs believe the most efficient way to clarify which Lilly drugs are in/out of the case would be through a motion for leave to amend plaintiffs' Exhibit B as to Lilly in order to demonstrate that the identified Lilly drugs are, in fact, properly in this case and that the spreads were not "cherry picked."  While plaintiffs initially planned to file this motion on or before January 13, 2009, plaintiffs will file this motion on or before February 13, 2009.  Plaintiffs have asked Eli Lilly whether it will consent to the filing of this motion for leave and await Eli Lilly's response.

**Discovery Motions**

    1. NY DOH Document Production

On August 20, 2008, Magistrate Judge Bowler issued an order (a) granting in part Defendants' Motion to Compel Commissioner of New York State Department of Health and

---

[1] FACC Revised Exhibit B-13 inadvertently included the Eli Lilly drug Symbyax.  Symbyax was not identified in plaintiffs' Consolidated Complaint of June 15, 2005 and should not have been listed in FACC Revised Exhibit B-13.  Plaintiffs are not asserting any claims against Lilly for this drug.

Three Key Witnesses to Comply with Subpoenas, to the extent set forth on the record in open court, after a "meet and confer;" (b) requesting the submission of a status report from plaintiffs on October 30, 2008; and (c) setting a status conference for November 13, 2008 (Docket # 5052).

Plaintiffs filed the requested status on October 30, 2008. (Docket # 5652). Therein, plaintiffs indicated that the New York State Department of Health ("NY DOH") document production would commence on or before November 7, 2008. Plaintiffs commenced the NY DOH document production accordingly.

On November 12, 2008, the parties submitted to the Court their agreement to defer the scheduled November 13, 2008 status conference to a date in January 2009, as assigned by the Court (Docket # 5677).

On November 21, 2008, plaintiffs produced a second installment of documents from NY DOH to defendants.

On December 19, 2008, plaintiffs produced a third installment of documents from NY DOH to defendants.

On January 16, 2009, plaintiffs produced a fourth installment of documents from NY DOH to defendants.

On January 23, 2009, defendants inquired as to whether NY DOH will produce any additional documents in response to defendants' subpoenas to NY DOH. On January 26, 2009, plaintiffs responded that NY DOH will produce its final installment of responsive materials on or before February 27, 2009. This production will be made subject to NY DOH's continuing obligation to supplement. NY DOH will also produce a privilege log on that same date.

3.  Schering's Motion for a Protective Order

On August 20, 2008, Magistrate Judge Bowler granted Schering Corporation's Motion for Protective Order (Docket # 5296). In response to the order, on September 4, 2008, plaintiffs filed an "Objection to the August 20, 2008 ruling granting Schering Corporation's Motion for Protective Order or, In the Alternative, Plaintiffs' Request for Clarification as to What Constitutes Good Faith in Calculating Spreads Based on Weighted Averages" (Docket # 5546). Defendant Schering Corporation filed its Opposition to Plaintiffs' Objection (Docket # 5556) on September 17, 2008. The Court denied the Objection on September 22, 2008 (Docket # 5605). However, the Court ruled that discovery on all branded drugs for which AMP to AWP spreads exceed 30 percent may proceed. *Id.* The Court conceded the potential utility of quarterly calculations, but maintained the suitability of the present method of calculating spreads. *Id.* Additionally, the Court ruled that plaintiffs could depose Schering's Expert, Professor Sumanth Addanki, who had submitted an expert affidavit in support of Schering's motion. *Id.* The Court ruled further that plaintiffs could submit an expert affidavit proposing alternative calculations with the stipulation that the proposed methodology is consistent and transparent. *Id.* On October 23, 2008, plaintiffs requested that Schering produce discovery on all branded drugs for which plaintiffs calculated AMP to AWP spreads over 30%. Schering refused on the grounds that Professor Addanki's AMP to AWP spread calculations yielded different results. Plaintiffs thus noticed the deposition of Professor Addanki and requested production of all materials relied upon by him in connection with his affidavit. Plaintiffs took the deposition of Professor Addanki on November 20, 2008. In the course of that deposition, plaintiffs learned that Professor Addanki had yet to produce all information regarding his methodologies. On November 21,

2008, plaintiffs requested production of such information. On December 2, 2008, defendant Schering produced a hard drive allegedly containing all materials used by Professor Addanki in preparing his affidavit. Plaintiffs have reserved the right, over defendant's objection, to continue the Addanki deposition once their review of the Addanki materials has concluded.

**FUL Expert Report and Related Discovery**

On September 30, 2008, plaintiffs served the Rule 26 Statement of Harris L. Devor, C.P.A., to all counsel on LexisNexis File and Serve (Docket # 5620). The exhibits to Mr. Devor's reports were served directly on counsel for each defendant, given each defendant's confidentiality concerns regarding the pricing data contained therein.

Pursuant to agreement with liaison counsel, on October 6, 2008, plaintiffs served each defendant with revised exhibits to the Rule 26 Statement of Harris L. Devor, C.P.A.

Due to confidentiality concerns raised by counsel for defendant Ethex, on October 10, 2008, plaintiffs served a redacted Rule 26 Statement of Harris L. Devor, C.P.A., on LexisNexis File & Serve.

On December 5, 2008, defendant Mylan produced to plaintiffs a dataset containing chargeback data from its CARS system which had not been previously produced.

Defendants took the deposition of Harris L. Devor on December 9, 10 and 11, 2008. Consistent with discussions between counsel at that deposition, plaintiffs served corrected exhibits to the September 30, 2008 Rule 26 Statement of Harris L. Devor, C.P.A., on December 19, 2008. The corrected exhibits were for defendants Par, Ivax, Watson, and Warrick.

On December 12, 2008, defendant Mylan informed plaintiffs that some of the data previously produced for the Mylan FUL drugs needed to be supplemented and corrected, and

8

that Mylan had not produced all relevant UDL data.  On December 22, 2008, plaintiffs' counsel wrote Mylan to request confirmation that Mylan will produce a corrected and complete set of sales and transactional data by late January 2009.  Plaintiffs informed defendants that Mr. Devor will likely need to prepare revised exhibits as to Mylan after this corrected and complete Mylan data is received.

On January 22, 2009, defendants requested to recovene Harris L. Devor, C.P.A.'s deposition regarding corrections made to his FUL report.  Defendants proposed that the deposition take place within two weeks after he completes his work with respect to defendant Mylan.  And then, within one week after the deposition, defendants would make their expert disclosures.

On January 26, 2009, plaintiffs responded to defendants' January 22, 2009 request.  Given that Mylan had not yet produced the promised corrected and supplemental data, plaintiffs proposed that defendants take Harris L. Devor, C.P.A.'s deposition regarding the revised exhibits for defendants Par, Ivax, Watson and Warrick served on Decmber 19, 2009.  Plaintiffs offered Mr. Devor's availability for February 10, 11, or 12, 2009.  Defendants could then serve their expert report within one week thereafter.  Plaintiffs further offered that once plaintiffs receive Mylan's corrected and supplemental data, Harris L. Devor, C.P.A. will create revised Mylan exhibits and plaintiffs would then make Mr. Devor available for 2 to 3 hours for questioning on the subject of the revised Mylan exhibits.  Plaintiffs proposed this bifurcated approach to defendants' expert report in order to prevent the Mylan situation from delaying defendants' service of their expert report.

On January 27, 2009, defendants responded to plaintiffs' January 26, 2009 proposals.

Defendants agreed with plaintiffs' proposal as long as plaintiffs could assure defendants that plaintiffs would not file any additional revised exhibits, other than the revised exhibit for defendant Mylan.  On January 29, 2009, plaintiffs agreed.

On January 30, 2009, defendant Mylan produced corrected and supplemental data to plaintiffs.

**Case Management Orders**

On November 4, 2008, the Court issued Case Management Order No. 35 (Docket # 5664) with respect to current and future filings in the instant MDL 1456.  The order created subcategory case numbers (e.g. 03-10643 for all New York Counties cases) and corresponding dockets.  In addition, the Court ordered the parties to identify all documents previously filed in the master docket that should also be identified in the subcategory docket.

On December 3, 2008, all parties in MDL 1456 filed their Joint Motion for Extension of Time to Comply with Case Management Order No. 35 (Docket # 5742).  The parties requested that the deadline for complying with Case Management Order No. 35 (Docket # 5742) be extended to January 9, 2009, due to the large volume of entries requiring sub-categorization.  The Court granted the motion on December 16, 2008.  On January 9, 2009, the parties filed a Stipulation Identifying Previously Filed Documents in New York Counties Cases.  (Docket # 5832; Subdocket # 29).

**Other Filings**

    1. Serono Stipulation

On January 6, 2009, the Court endorsed the Stipulation Extending the Time for Serono,

Inc., n/k/a EMD Serono, Inc., to Answer, Move, or Otherwise Respond to the Revised First Amended Consolidated Complaint Until January 20, 2009 (Docket # 5798).  On January 20, 2009, Serono, Inc. filed a Stipulation Extending the Time for Serono, Inc., n/k/a EMD Serono, Inc., to Answer, Move, or Otherwise Respond to the Revised First Amended Consolidated Complaint until February 3, 2009.  (Docket # 5856).  On January 29, 2009, the Honorable Judge Patti B. Saris entered an order granting the Stipulation Extending the Time for Serono, Inc., n/k/a EMD Serono, Inc. to Answer, Move, or otherwise Respond to the Revised First Amended Consolidated Complaint until February 3, 2009.

     2. Endo Stipulation

On January 6, 2009, the Court endorsed a Further Stipulated Extension of Time for the Filing of Endo's Answer to Plaintiff's Revised First Amended Consolidated Complaint (Docket # 5799).  Defendant Endo's Answer was due January 16, 2009.  On January 16, 2009, defendant Endo filed a Further Stipulated Extension of Time for the Filing of Endo Pharmaceuticals, Inc.'s Answer to Plaintiffs' Revised First Amended Consolidated Complaint so that Endo's Answer would not be due until January 23, 2009.  (Docket # 5853; Subdocket # 24).  On January 22, 2009, the Honorable Judge Patti B. Saris entered an order granting the Stipulation to Extend the Time for the Filing of Endo Pharmaceutical Inc.'s Answer to Plaintiffs' Revised First Amended Consolidated Complaint.  (Docket # 5853; Subdocket # 24).  On January 23, 2009, Endo filed a Stipulation to Further Extend the Time for the Filing of Endo Pharmaceuticals, Inc.'s Answer to Plaintiffs' Revised First Amended Consolidated Complaint and to Open Discovery.  (Docket # 5859; Subdocket # 25).  The stipulation proposed that Endo's answer would not be due until 5 days after the Court entered an order disposing of plaintiffs' Renewed Motion for

Reconsideration of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions to Dismiss (Docket # 5838).

On January 29, 2009, the Honorable Patti B. Saris entered an electronic order denying the Stipulation to Further Extend the Time for Filing of Answer to Revised First Amended Consolidated Complaint and to Open Discovery, filed by Endo Pharmaceuticals, Inc. (Docket # 5859; Subdocket # 25).

On January 30, 2009, defendant Endo filed their Answer to the Revised First Amended Consolidated Complaint of New York City and Plaintiff New York Counties Other than Nassau. (Docket # 5870; Subdocket # 29).

3.  GSK Motion for Partial Summary Judgment

On November 24, 2008, defendant SmithKlineBeecham Corporation d/b/a GlaxoSmithKline ("GSK") filed a motion for Partial Summary Judgment (Docket # 5706), submitting a Memo in Support Thereof (Docket # 5707), a Statement of Material Facts (Docket #5708) and the expert affidavit of Eric M. Gaier, Ph.D. (Docket # 5708). In response, plaintiffs demanded the immediate production of all materials relied upon, considered or used in any way by Dr. Gaier, prior statements (of any kind) by Dr. Gaier in AWP matters, and Dr. Gaier's deposition. GSK agreed. GSK then forwarded materials used in Dr. Gaier's calculations, including a method for reproducing said calculations. Thereafter, on December 15, 2008, GSK produced a compilation of Dr. Gaier's prior statements in AWP-related matters.

On January 14, 2009, plaintiffs took the deposition of Dr. Gaier concerning his expert affidavit. (Docket # 5708).

The parties filed a Stipulation for Scheduling with Respect to GlaxoSmithKline's Motion

for Partial Summary Judgment (Sub-Docket #19).  The stipulation was filed in the sub-docket on December 23, 2008, and in the master docket on January 5, 2008 (Docket # 5820).  It proposed the following briefing schedule on GSK's Motion:  January 30, 2009 for filing of plaintiffs' Opposition; February 13, 2009 for GSK's Reply; and February 27, 2009 for plaintiffs' Sur-Reply.

On January 30, 2009, the parties filed a Revised Stipulation for Scheduling with Respect to GlaxoSmithKline's Motion for Partial Summary Judgment.  (Docket # 5868; Subdocket # 26).  It proposes the following briefing schedule:  February 4, 2009 for filing of plaintiffs' Opposition; February 18, 2009 for GSK's Reply; and March 4, 2009 for plaintiffs' Sur-Reply.  This stipulation is *sub judice*.

**CERTIFICATE OF SERVICE**

I, Kathryn Allen, hereby certify that on the 3rd day of February, 2009, I caused a true and correct copy of the above February 2009 Status Report for the City of New York and New York Counties to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

Dated:  February 3, 2009

/s/ Kathryn B. Allen
Kathryn B. Allen
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600