UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,*<br>CIVIL ACTION NO. 06-11337-PBS ) ) ) ) | Magistrate Judge Marianne Bowler |

CONSOLIDATED
MEMORANDUM BY THE UNITED STATES IN
RESPONSE TO DEFENDANTS' JOINT REPLY MEMORANDUM
AND
UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF
IN RESPONSE TO JOINT REPLY MEMORANDUM

The United States respectfully seeks leave to file a response to Defendants' Joint Reply Memorandum in Support of the Motion for Relief on Outstanding Deliberative Process Issues. (Docket No. 5827). The United States' response is incorporated herein.

A.  Request for Permission to File Response to Defendants' Reply Brief

At a hearing on December 4, 2008, Magistrate Judge Bowler directed the parties to meet and confer regarding Abbott's Motion to Compel Testimony of Government Witnesses (Dkt. 5112). Counsel for Abbott and the Government conferred on January 23, 2009. The Joint Reply Memorandum filed by defendants purports to describe the proposal by the United States as to how the parties could resolve the motion to compel. Counsel for Abbott indicated that he will not oppose the Government's request for leave to file this memorandum.

The Government seeks leave to respond to Defendants' Joint Reply Memorandum so that it may provide the Court with a full description of its proposal and request that the Court consider adopting that proposal as a resolution of Abbott's motion to compel. Allowing the Government to submit the proposed response may lead to a more expeditious and efficient resolution of the parties' dispute and, for that reason, the Court should permit submission of this responsive brief. The Government's response will also address one other item raised by defendants relating to the Government's production of material from audit and inspection workpapers maintained by the Office of Inspector General for the Department of Health and Humans Services (OIG).

B.  <u>Response to Defendants' Motion for Relief on Outstanding Deliberative Process Issues</u>

    1.  <u>Abbott's Motion to Compel Testimony of Government Witnesses</u>

In recent briefs, Defendants have asked that the Court "separately adjudicate or have a special master separately adjudicate," objections and instructions by Government counsel during depositions in this case. Judge Bowler heard argument on Abbott's initial Motion to Compel Testimony of Government Witnesses on December 4, 2008, and ordered Abbott and the Government to further confer regarding the deposition questions covered by the defense motion. At the conclusion of the hearing, the Court had specific suggestions as to how the parties should proceed. During the conferral with Abbott counsel on January 23, 2008, the Government made proposals to Abbott that were perfectly consistent with the directions from the Magistrate Judge. At the December 4 hearing, the Court stated:

> All right, going back for a moment to Docket Entry 5112, as to Reed and Vito, I'm inclined to agree with the government. That said, I direct you to further consult and discuss each objected to question with respect to each deposition in the context of Judge Saris' recent deliberative process rulings and any related rulings on appeal of my rulings. One option would be to provide written answers

>   to the objected to questions.  In the event that you can't agree you can renew the
>   motion at which point I will consult with either Judge Saris or her clerk and
>   decide whether or not she wants me to deal with it or she will deal with it.  I don't
>   want to end up with inconsistent rulings here. I think this is maybe a safer course.

Hearing Transcript at 61 (Ex. 1).

During discussions with Abbott's counsel on January 23, the Government proposed that the parties proceed in the manner suggested by Judge Bowler - that is, by deposition upon written questions.  The Government proposed to make an exception, and allow oral testimony, for any individual(s) who may testify in response to Abbott's outstanding Rule 30(b)(6) specifications.  The Government also suggested that Abbott drop its request for further testimony from any individual where it appeared that the witnesses had not refrained from giving testimony based on the deliberative process privilege.  The Government also stated that any testimony, whether written or oral, should follow the relevancy and time-frame parameters stated by Judge Saris, both in her written orders or during oral hearings.

Proceeding in this manner is appropriate for numerous reasons.  First, the deponents whose testimony is covered by Abbott's motion have already been subjected to successive days of deposition; several of the witnesses have been deposed *for five or six days, each*.  For example, the three witnesses from the Office of Inspector General (Vito, Tawes, Ragone) collectively appeared for *eleven days* of deposition.  Much of the questioning by defense counsel was redundant.  In light of this record, there is simply no valid reason to impose further burden and disruption upon these witnesses by making them appear for deposition in person.  The Government agreed to additional oral testimony by at least one witness, Larry Reed, given that he would be testifying further as a Rule 30(b)(6) designee –  notwithstanding that Judge Bowler had specifically stated that she was inclined to *deny Abbott's motion with respect to this witness*.

Second, using a written format – as suggested by Judge Bowler – will help ensure that the questioning conforms to the relevancy parameters set out by Judge Saris with respect to the Government's assertion of the deliberative process privilege.  As indicated by Judge Saris during oral hearings on July 24 and November 13, 2008, "what [defendants] are entitled to is knowledge of mega spreads in the specific kind of drugs that these people manufacture, infusion drugs, inhalation drugs."[1]  Additional information that may be relevant is that which pertains to mega spreads for Vancomycin or "cross subsidization."[2]  Judge Saris also expressed her view as to the relevant time frame for such information.

The Government continues to believe that Abbott's motion to compel should be denied in its entirety.  However, as indicated above, the Government was not inflexible when conferring with defense counsel pursuant to the Court's directive, and made a reasonable proposal in good faith to resolve Abbott's motion without further intervention by the Court.

　　2.　Entrance and Exit Conference Notes for Certain OIG Reports

The Government has, since the outset of discovery in these cases, either produced the entire contents of workpaper files relating to inspections and audits by OIG, or prepared logs which identify documents which have been withheld from production.  Final statements setting out HCFA's response to OIG's findings and recommendations are included in the published versions of inspection reports.  The OIG's privilege logs generally include internal agency memoranda relating to entrance and exit conferences which OIG held with the Health Care Financing Administration ("HCFA" (now known as the Centers for Medicare and Medicaid

---

[1] July 24, 2008 Transcript at 25:14-16 (Dkt. 5847, Ex.1).

[2] Nov. 13, 2008 Transcript at 26-27 (Dkt. 5847, Ex.2).

Services)) prior to issuance of the final reports.  Although it was often the practice for certain OIG components to record notes relating to conferences with HCFA and to include such documents with inspection workpapers, this practice may not have been followed in every audit or inspection.

Defendants assert that because there are a few OIG reports for which the Government's logs do not contain an entry relating to an entrance or exit conference, these documents are somehow "missing."  At any rate, as noted above, with respect OIG's workpapers, the Government has either produced the material or logged it.  There are no memoranda from OIG's workpapers that the Government has intentionally omitted from its privilege logs.  Nonetheless, OIG staff are now in the process of re-checking the workpapers relating to the reports identified by Abbott.  In the unlikely event that any additional entrance or exit conference notes are found, they will be logged.

For the United States of America,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>UNITED STATES ATTORNEY | MICHAEL F. HERTZ<br>ACTING ASSISTANT ATTORNEY GENERAL |

/s/ George B. Henderson, II
George B. Henderson, II
Barbara Healy Smith
Jeffrey Fauci
Assistant U.S. Attorneys
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
(617) 748-3272
(617) 748-3398

/s/Justin Draycott
Joyce R. Branda
Daniel R. Anderson
Renée Brooker
Justin Draycott
Gejaa T. Gobena
Rebecca A. Ford
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 305-9300

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

/s/ Mark A. Lavine
Mark A. Lavine
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Phone: (305) 961-9003
Fax: (305) 536-4101

Dated: February 5, 2009

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day caused an electronic copy of the above CONSOLIDATED MEMORANDUM BY THE UNITED STATES IN  RESPONSE TO DEFENDANTS' JOINT REPLY MEMORANDUM AND UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF IN RESPONSE TO JOINT REPLY MEMORANDUM to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                            /s/

Dated: Feb. 5, 2009                                Justin Draycott