# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | **MDL No. 1456** |
| **IN RE PHARMACEUTICAL INDUSTRY** ) | **Master File No.  01-12257-PBS** |
| **AVERAGE WHOLESALE PRICE LITIGATION** ) | **Subcategory Case No. 06-11337** |
| ) | |
| ) | **Judge Patti B. Saris** |
| **THIS DOCUMENT RELATES TO:** ) | |
| *State of California, ex rel. Ven-A-Care v.* ) | **Magistrate Judge** |
| *Abbott Laboratories, et al.* ) | **Marianne B. Bowler** |
| **Case No. 03-cv-11226-PBS** ) | |
| ) | |

## PLAINTIFF STATE OF CALIFORNIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANT SANDOZ, INC. TO PRODUCE A RULE 30(B)(6) WITNESS

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, and Rules 7.1 and 37.1 of the Local Rules for the United States District Court, District of Massachusetts, Plaintiff State of California ("California") respectfully submits this Memorandum in support of its motion to compel Defendant Sandoz, Inc. ("Sandoz") to produce a witness pursuant to Fed. R. Civ. P. 30(b)(6).

The parties have a Motion for Clarification pending before the Court, which seeks clarification of three conflicting Case Management Order amendments filed by the Court between November 24, 2008 and December 17, 2008.[1] The "strictest" and most recent amendment requires California to complete its depositions by February 29, 2009.[2] California respectfully requests that the Court act on the instant Motion by February 23, 2009.

---

1. Docket No. 5812 (main docket), 139 (Ven-A-Care subdocket), filed January 5, 2009.

2. Electronic Order filed December 15, 2008, entered December 18, 2008.

# I.  FACTUAL BACKGROUND

California filed its First Amended Complaint in Intervention on August 25, 2005, alleging that from at least on or before January 1, 1994, and continuing through at least 2004, various drug manufacturers, including Sandoz, engaged in a fraudulent scheme by reporting false and inflated Average Wholesale Prices (AWPs) for their drugs, causing California's Medicaid program (Medi-Cal) to pay excessive reimbursements.

On October 14, 2008 counsel for California sent a letter to counsel for Sandoz, pursuant to Case Management Order 31,  requesting that Sandoz designate a Rule 30(b)(6) witness to testify on the six topics enumerated therein.  Sandoz responded on November 13, 2008, stating objections but providing no 30(b)(6) designees or proposed deposition date.  The parties continued to communicate concerning their respective positions (see Exhibits 1-6 attached to the Declaration of Steven U. Ross).  Sandoz continues to refuse to designate a 30(b)(6) witness, necessitating the instant motion.

# II.  ARGUMENT

Pursuant to Federal Rules of Civil Procedure 37(a)(3)(B)(ii), a party may move for an order compelling an entity to make a designation under Fed. R. Civ. P. 30(b)(6).

## A.      The Information Sought By Plaintiff From Sandoz is Relevant

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Under this Rule, "information is discoverable if there is any possibility it might be relevant to the subject matter of the action." *Cabana v. Forcier,* 200 F.R.D. 9, 17 (D. Mass. 2001), citing *EEOC v. Electro-Term, Inc.,* 167 F.R.D. 344 (D. Mass. 1996).

The standard of relevance is easily satisfied in this case.  Of the six specified topics in California's request for a Rule 30(b)(6) deposition (see Exhibit 1 to the Declaration of Steven U.

Ross), Topics 2-4 relate directly to the issue of "government knowledge" which, as this Court is well aware, constitutes the principal defense put forth by all defendants in this matter.  Topic 1 concerns Sandoz's knowledge of the laws and policies of California as they relate to reimbursement to Medi-Cal providers for the purchase of Sandoz drugs.  Topic 5 relates to the sales/transactional data provided to California by Sandoz, and Topic 6 relates to communications between Sandoz and California regarding reimbursement to Medi-Cal providers for the purchase of Sandoz drugs, and the price of those drugs.  Each of these Topics concerns an issue directly relevant to the subject matter of this action, and each describes with reasonable particularity the matters for examination.

**B.      Plaintiff is Entitled to Depose Sandoz Pursuant to Rule 30(b)(6)**

Sandoz takes the position that Plaintiff is not entitled to take a Rule 30(b)(6) deposition on the designated topics on the grounds that California has already conducted deposition discovery (Rule 30(b)(1) fact depositions) in this matter. (Exhibit 2 to the Declaration of Steven U. Ross).  That is no basis on which to refuse to produce a designee.

"[A] corporation served with a Rule 30(b)(6) notice of deposition has a duty to ' produce such number of persons as will satisfy the request [and] more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.'" *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 504 (D.Md. 2000), quoting *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989). A party need only designate, with reasonable particularity, the topics for examination. *Banks v. Office of the Senate Sergeant-At-Arms*, 241 F.R.D. 370, 373 (D.D.C. 2007). The corporation then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.  *Id.* Finally, the responding corporation must prepare the deponent so that he or she

can testify on matters both within his or her personal knowledge as well as those "reasonably known by the responding entity*." Id.,* quoting *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 137, 139-41 (D.D.C.1998).

California has taken no Rule 30(b)(6) depositions of Sandoz to this point.[3/]  All previous depostions of Sandoz's current or former employees were noticed as fact depositions and were taken in their individual capacities.  There was no indication in any of the prior depositions that any of the individual deponents spoke for Sandoz, or that Sandoz accepted or adopted anything the individual deponents testified to.  "An individual designated by a corporate party pursuant to Rule 30(b)(6), Fed.Rules Civ.Proc. is treated as a corporate party in Rule 37(d), Fed.Rules Civ.Proc.  Other corporate representatives or employees are treated as non-parties for the purposes of depositions."  *W. R. Grace & Co. v. Pullman Inc.*, 74 F.R.D. 80, 83 (D.C. Okl. 1977).

California needs, and is entitled to, the official position of Sandoz on the topics designated in Plaintiff's request for a Rule 30(b)(6) deposition.  There is no evidence whatsoever that any testimony elicited during such a 30(b)(6) deposition will be cumulative or duplicative of any prior Rule 30(b)(6) testimony.  Finally, regarding the "burden and expense" of a 30(b)(6) deposition, and as counsel for Sandoz is certainly aware, Plaintiff is willing to take this deposition on the date, and at the location, most convenient for all involved. California has never raised "burden and expense" as an objection to any of the seven Rule 30(b)(6) depositions noticed and taken by Sandoz of California agency officials.

---

3.  In contrast, Sandoz has taken, with the other three remaining Defendants, 30(b)(6) depositions of 7 California Medicaid officials covering 45 topics, with another scheduled on February 10.

## III.   CONCLUSION

For the reasons set forth above, California respectfully urges this Court to grant this

motion and to compel Sandoz to produce a witness pursuant to Fed. R. Civ. P. 30(b)(6) to give

testimony on the six (6) topics designated in Plaintiff's deposition request (Exhibit 1 to the

Declaration of Steven U. Ross).

Dated: February 6, 2009                          Respectfully submitted,


                                                   /s/ *Steven U. Ross*
                                                 NICHOLAS N. PAUL
                                                 Supervising Deputy Attorney General
                                                 STEVEN U. ROSS
                                                 Deputy Attorney General III
                                                 CA State Bar No:  101294
                                                 California Department of Justice
                                                 1455 Frazee Road, Suite 315
                                                 San Diego, CA 92108
                                                 Telephone:  (619) 688-6026
                                                 Facsimile:   (619) 688-4200

                                                 Attorneys for Plaintiff,
                                                 STATE OF CALIFORNIA

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 6, 2009, a copy to Lexis-Nexis for posting and notification to all parties.


  /s/ *Steven U. Ross*
Steven U. Ross