UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) *State of California, ex rel. Ven-A-Care v.* ) *Abbott Laboratories, et al.* ) Case No. 03-cv-11226-PBS ) ) | MDL No. 1456 Master File No.  01-12257-PBS Subcategory Case No. 06-11337  Judge Patti B. Saris  Magistrate Judge Marianne B. Bowler |

### DECLARATION OF STEVEN U. ROSS IN SUPPORT OF STATE OF CALIFORNIA'S MOTION TO COMPEL DEFENDANT SANDOZ, INC. TO PRODUCE A RULE 30(B)(6) WITNESS

I, Steven U. Ross, hereby declare as follows:

1.      I am a Deputy Attorney General for the State of California, Plaintiff in the above-captioned matter.  I submit this declaration in support of Plaintiff's motion to compel Defendant Sandoz, Inc. to produce a witness pursuant to Fed. R. Civ. P. 30(b)(6).  I am personally familiar with the matters declared below, and if called upon as a witness, I could and would competently testify thereto.

2.      On October 14, 2008 I sent a letter to Michael Gallagher, counsel for Defendant Sandoz, Inc. ("Sandoz"), pursuant to Case Management Order 31 ("CMO 31") requesting that Sandoz designate a Rule 30(b)(6) witness to testify as to the six (6) subject matters enumerated therein.  A true and correct copy of my October 14, 2008 letter is attached to this declaration as Exhibit 1 and is incorporated herein by reference.

3.      On November 13, 2008 I received Mr. Gallagher's response.  The response failed to contain either the name of any designated 30(b)(6) witness or any proposed deposition date.

1

Rather, the response contained only objections (addressed below).  A true and correct copy of Mr. Gallagher's November 13, 2008 letter is attached to this declaration as Exhibit 2 and is incorporated herein by reference.

4. On December 19, 2008 I sent a response to Mr. Gallagher, reminding him that paragraph 8G of CMO 31 required Sandoz to provide to California the identity of Sandoz's designated witness(es) and proposed dates for the deposition, along with its objections, if any, to the designated topics.  A true and correct copy of my December 19, 2008 letter is attached to this declaration as Exhibit 3 and is incorporated herein by reference.

5. On December 30, 2008 I received a response to my letter from Heather McDevitt, also counsel for Sandoz.  The response again failed to designate either the name of a 30(b)(6) witness or proposed deposition dates.  Rather, Ms. McDevitt advised that Sandoz would stand on the objections set forth in Mr. Gallagher's letter of November 13, 2008.  A true and correct copy of Ms. McDevitt's letter of December 30, 2008 is attached to this declaration as Exhibit 4 and is incorporated herein by reference.

6. On January 5, 2009 I sent a letter to Ms. McDevitt, delineating why the objections in contained in Mr. Gallagher's letter of November 13, 2008 could not justify the failure of Sandoz to designate a 30(b)(6) witness and, in light of the limited time in which the parties have remaining to conduct discovery in this matter, I requested that Ms. McDevitt advise me by January 12, 2009 whether Sandoz would comply with CMO 31 and produce a 30(b)(6) witness. I have not heard back.  A true and correct copy of my letter of January 5, 2009 is attached to this declaration as Exhibit 5 and is incorporated herein by reference.

7. In its response (Exhibit 2) to California's request for a 30(b)(6) deposition, Sandoz stated no intention (and has still stated no intention) to move for any protective order.

2

Nor has it provided, despite repeated requests, either a designated witness or proposed deposition dates. Rather, it has stated only objections.

8. Of the six specified topics in California's request (Exhibit 1), Topic Nos. 2-4 relate directly to the issue of government knowledge which, as this Court is well aware, constitutes a major (if not *the* major) defense put forth by all defendants in this matter. Topic No. 1 concerns Sandoz's knowledge of the laws and policies of California as they relate to reimbursement to Medi-Cal providers for the purchase of Sandoz drugs. Topic No. 5 relates to the sales/transactional data provided to California by Sandoz, and Topic No. 6 relates to communications between Sandoz and California regarding reimbursement to Medi-Cal providers for the purchase of Sandoz drugs, and the price of those drugs. Each of these Topics concerns an issue directly relevant to the subject matter of this action, and each describes with reasonable particularity the matters for examination.

9. As noted above, Sandoz has refused to designate a single 30(b)(6) witness (California has already produced seven 30(b)(6) witnesses for deposition, and one more is upcoming). The objections put forth by Sandoz (see Exhibit 2) are boilerplate and inappropriate. For example, it is difficult to understand how Sandoz could object to Topics 1, 2, 3, 4 and 6 on the grounds that they "fail to describe with reasonable particularity the matters for examination," or that they are "not relevant to the claims and defenses in this action" and are "not reasonably calculated to lead to the discovery of admissible evidence." Each Topic is narrowly drawn, concerns only California/DHS, and relates directly to pricing/reimbursement of Sandoz drugs, the very issue about which this case is concerned. It is also difficult to understand how Sandoz could refuse to produce a 30(b)(6) witness on the grounds of "attorney-client privilege and/or the work product immunity doctrine," or on the grounds that these Topics "seek legal conclusions and legal contentions." The Topics themselves do not seek the disclosure of any privileged

3

materials and, consistent with any deposition, Sandoz is free to assert any such privilege if and when a specific question calls for such a response.

10.     Regarding Topics 2, 3 and 4, nowhere therein do they "falsely imply that DHS was supposed to "approve" Sandoz' pricing practices."  Rather, these Topics directly address the position taken by Sandoz that California either knew or approved of the pricing practices engaged in by Sandoz.  These Topics go directly to the government knowledge defense, and are proper subject matters for this particular action.

11.     Sandoz's refusal to produce a 30(b)(6) witness on the grounds that California has already conducted deposition discovery is also not well taken.  There was no indication in any of the prior depositions that any of the individual deponents spoke for the company, or that the company accepted or adopted anything the individual deponents testified to.  Further, there is no evidence that any testimony elicited during a 30(b)(6) deposition will be cumulative or duplicative of any prior testimony.  California needs, and is entitled to, the official position of the company on the specified Topics.  Regarding the "burden and expense" of a 30(b)(6) deposition, and as counsel for Sandoz is certainly aware, California is willing to take this deposition on the date, and at the location, most convenient for all involved.

12.     Finally, regarding Topic 5 (sales/transactional data), Sandoz cross-noticed in the California case a 30(b)(6) deposition originally noticed by Texas in its state court case against Sandoz.  Although counsel for Sandoz did not comply with the CMO 31 requirements for cross-noticing a deposition in this matter, California nevertheless did attend the deposition noticed by Texas, but with a specific reservation of its rights to notice its own 30(b)(6) deposition on the topic of the data provided by Sandoz to California.  A true and correct copy of the email exchange with counsel for Sandoz on this issue is attached to this declaration as Exhibit 6 and is incorporated herein by reference.

4

13. On February 5, 2009 I called and spoke with Ms. McDevitt. I advised her that California intended to immediately file a motion to compel Sandoz to produce a Rule 30(b)(6) witness, and I requested that Sandoz cooperate with me in the scheduling of that deposition. Ms. McDevitt left a voice mail for me shortly thereafter stating that Sandoz intended to stand on its previous objections, and would not produce a 30(b)(6) witness.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on February 5, 2009, in San Diego, California.

Respectfully submitted,

  /s/ *Steven U. Ross*
STEVEN U. ROSS
Deputy Attorney General III
CA State Bar No: 101294
California Department of Justice
1455 Frazee Road, Suite 315
San Diego, CA 92108
Telephone: (619) 688-6026
Facsimile: (619) 688-4200

Attorneys for Plaintiff,
STATE OF CALIFORNIA

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 6, 2009, a copy to Lexis-Nexis for posting and notification to all parties.

      /s/ *Steven U. Ross*
      Steven U. Ross