**EXHIBIT 5**




**BMFEA**
**Bureau of Medi-Cal Fraud & Elder Abuse**
State of California Department of Justice

Office of Attorney General
Edmund G. Brown Jr.

Bureau of
Medi-Cal Fraud
and Elder Abuse

1455 Frazee Road, Suite 315
San Diego, CA 92108

Telephone: (619) 688-6026
Facsimile: (619) 688-4200

January 5, 2009

**VIA EMAIL**

Heather K. McDevitt, Esq.
White & Case
1155 Avenue of the Americas
New York, new York 10036

Re:   State of California, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Labs, Inc. et al.
      Case No. 01-12257

Dear Ms. McDevitt:

In response to your letter of December 30, 2008, please be advised of the following. While I acknowledged in my December 19, 2008 letter to Mr. Gallagher receipt of the objections noted in Mr. Gallagher's letter of November 13, 2008, I did not, and do not agree with your characterization that the 30(b)(6) topics requested by California are "inappropriate and overly broad." Rather, as I stated in my prior letter, it is your objections and refusal to produce a 30(b)(6) witness that are inappropriate herein.

It is difficult to understand how Sandoz could object to Topics 1, 2, 3, 4 and 6 on the grounds that they "fail to describe with reasonable particularity the matters for examination," or that they are "not relevant to the claims and defenses in this action" and are "not reasonably calculated to lead to the discovery of admissible evidence." Each Topic is narrowly drawn, concerns only California/DHS, and relates directly to pricing/reimbursement of Sandoz drugs, the very issue about which this case is concerned.

It is also difficult to understand how Sandoz could refuse to produce a 30(b)(6) witness on the grounds of "attorney-client privilege and/or the work product immunity doctrine," or on the grounds that these Topics "seek legal conclusions and legal contentions." The Topics themselves do not seek the disclosure of any privileged materials and, consistent with any deposition, Sandoz is free to assert any such privilege if and when a specific question calls for such a response.

Regarding Topics 2, 3 and 4, nowhere therein do they "falsely imply that DHS was supposed to "approve" Sandoz' pricing practices." Rather, these Topics directly address the position taken by Sandoz that California either knew or approved of the pricing practices engaged in by Sandoz. These are proper subject matters for this particular action.

Heather K. McDevitt, Esq.
January 5, 2009
Page 2

---

Sandoz' refusal to produce a 30(b)(6) witness on the grounds that California has already conducted deposition discovery is also not well taken. There was no indication in any of the prior depositions that any of the individual deponents spoke for the company, or that the company accepted or adopted anything the individual deponents testified to. California needs, and is entitled to, the official position of the company on the specified Topics. Regarding the "burden and expense" of this deposition, and as you are certainly aware, California is willing to take this deposition on the date, and at the location, most convenient for all involved.

Finally, regarding Topic 5, Sandoz did not comply with the CMO 31 requirements for cross-noticing a deposition in this matter. Nevertheless, California did attend the deposition noticed by Texas, but with a specific reservation of its rights to notice its own 30(b)(6) deposition on the topic of the data provided by Sandoz to California.

In light of the limited time remaining in which to conduct discovery herein, I will hold off filing our motion to compel the deposition of Sandoz, Inc. on the topics contained in my letter of October 14, 2008 until January 12, 2009. Kindly advise me prior to that date whether Sandoz, Inc. intends to comply with our discovery request and present a witness to testify on its behalf pursuant to Fed. R. Civ. P. 30(b)(6).

Sincerely,

Steven U. Ross
Deputy Attorney General III
Bureau of Medi-Cal Fraud and Elder Abuse

For   EDMUND G. BROWN JR.
      Attorney General

SUR/agl

cc:   Nicholas N. Paul/SDAG
      Michael Gallagher
      Brian Bank

## Steven Ross - 1/5/09 Letter Re CA AWP Litigation

| | |
|---|---|
| **From:** | Consuelo Gutierrez |
| **To:** | hmcdevitt@whitecase.com |
| **Date:** | 1/5/2009 11:19 AM |
| **Subject:** | 1/5/09 Letter Re CA AWP Litigation |
| **CC:** | Brian Bank; Michael Gallagher; Nicholas Paul; Steven Ross |
| **Attachments:** | 2009-01-05 Ross Letter Re 30b6 Topics.pdf |

Dear Ms. McDevitt:

Please find attached a letter of today's date from Mr. Ross.

Sincerely,
Consuelo


Consuelo Gutierrez
Senior Legal Analyst
Bureau of Medi-Cal Fraud and Elder Abuse
Office of the Attorney General
California Department of Justice
Telephone: (619) 688-6173
E-mail: Consuelo.Gutierrez@doj.ca.gov