## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No.1456<br><br>Master File No. 01-CV-12257-PBS<br>Subcategory Case No. 06-11337-PBS |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation, et al.*, Civil Action No. 07-10248-PBS | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

### ROXANE DEFENDANTS' EMERGENCY MOTION TO COMPEL PLAINTIFFS' EXPERT TESTIMONY AND TO EXTEND ROXANE'S EXPERT REPORT DEADLINE BY THREE WEEKS

Defendants Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., and Roxane Laboratories, Inc. (collectively, Roxane), respectfully move this Court for emergency relief extending Roxane's deadline to file its expert reports from March 13, 2009 until April 3, 2009, and compelling the United States and Ven-A-Care (collectively, Plaintiffs) to produce all of their experts for depositions before March 27, 2009.

In support of this Emergency Motion, Roxane submits the accompanying Memorandum of Law and summarily states as follows:

1. Plaintiffs will not produce all of their experts for depositions before Roxane's expert reports are due and will not agree to an extension of Roxane's deadline for serving its expert reports to accommodate Plaintiffs' expert's schedule.

2. To require Roxane to file its expert reports before it has an opportunity to take Plaintiffs' expert's deposition and inquire about his analyses, and before Roxane's experts have

any opportunity to review the transcript of his deposition, would be prejudicial to Roxane and constitutes just cause for extending Roxane's disclosure deadline.

3. Compelling the depositions of Plaintiffs' experts prior to March 27 is necessary to allow Roxane's experts an opportunity to develop a factual foundation for their reports.

4. Emergency relief is warranted because the Government's refusal to make all of its experts available for depositions challenges Roxane's ability to conduct discovery during the upcoming expert deadlines.

**ORAL ARGUMENT REQUESTED**

5. In light of the complexity of the legal issues presented, Roxane respectfully requests that this Court schedule oral argument on this motion.

WHEREFORE, Roxane respectfully requests that this Court enter an order extending Roxane's deadline to file its expert reports from March 13, 2009 until April 3, 2009, and compelling the United States and Ven-A-Care to produce all of their experts for depositions before March 27, 2009.

Dated:  February 11, 2009                    Respectfully submitted,

       /s/ Eric T. Gortner
Helen E. Witt, P.C.
Eric T. Gortner
John W. Reale
Seth A. Gastwirth
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200
egortner@kirkland.com

*On behalf of Defendants Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., and Roxane Laboratories, Inc.*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

I hereby certify that counsel for Roxane has consulted in good faith with George Henderson III, counsel for the United States, concerning this action in an effort to resolve or narrow the issues in this motion. I further certify that the discussion with George Henderson III did not lead to a resolution or narrowing of the issues.

By: /s/ Eric T. Gortner
Eric. T. Gortner

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 11, 2009, a copy to LexisNexis File and Serve for posting and notification to all parties.

By: /s/ Eric T. Gortner
Eric. T. Gortner