IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No.1456<br><br>Master File No. 01-CV-12257-PBS<br>Subcategory Case No. 06-11337-PBS |
| ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: )<br>*United States of America ex rel. Ven-A-Care of* )<br>*the Florida Keys, Inc., et al. v. Boehringer* )<br>*Ingelheim Corporation*, *et al.*, Civil Action No. )<br>07-10248-PBS | Magistrate Judge Marianne B. Bowler |

**ROXANE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
EMERGENCY MOTION TO COMPEL PLAINTIFFS' EXPERT TESTIMONY
AND TO EXTEND ROXANE'S EXPERT REPORT DEADLINE BY THREE WEEKS**

Several days after the United States and Ven-A-Care (collectively, Plaintiffs) served their expert reports on Roxane, they informed Roxane that one of their key experts, Mr. Simon Platt,[1] had "limited availability" and would not be available for deposition until late March, *after* the date Roxane's expert reports are due.  (Ex. 1 at pp 2-3, 2/9/09 Email from G. Henderson) Roxane immediately notified Plaintiffs that the proposed deposition dates were fine so long as Roxane could extend the due date for its expert reports by three weeks to allow its responsive experts to review and consider Mr. Platt's deposition testimony.  (Ex. 1 at p 1, 2/10/09 Email from S. Gastwirth to G. Henderson)  Incredibly, Plaintiffs rejected Roxane's compromise and said that they would not extend the due date for Roxane's expert reports, and would likely move to strike any reports served after March 13. (Ex. 1 at p 1, 2/10/09 Email from G. Henderson to S. Gastwirth)  Plaintiffs' response is even more surprising because when negotiating the Scheduling Order, the parties explicitly discussed the fact that Roxane would need to depose the

---

[1]   Mr. Platt is an accounting expert who has been retained by Plaintiffs to analyze Roxane's transactional data.

Government's experts before the expert reports were due.  (Ex. 2 at 7, 8/26/08 Email from E. Gortner to various Plaintiffs' attorneys)

To require Roxane to file its expert reports before Roxane has had an opportunity to depose Mr. Platt, and before Roxane's experts have *any* opportunity to review Mr. Platt's testimony, would be prejudicial to Roxane and constitutes just cause for extending Roxane's disclosure deadline.[2]  Roxane respectfully requests an order extending Roxane's deadline to file expert reports by three weeks – from March 13, 2009 until April 3, 2009 – and compelling Plaintiffs to produce all of its experts for deposition by March 27, 2009.  Because the Government's refusal to make all of its experts available for depositions challenges Roxane's ability to conduct discovery during the upcoming expert deadlines, Roxane must seek emergency relief here.  There will be no prejudice to Plaintiffs – who have created this situation by withholding their expert – from granting Roxane's motion.

## ARGUMENT

The Joint Scheduling Order in this case sets forth the following deadlines for expert discovery:

| | |
|---|---|
| 2/6/09 | Plaintiffs in *Roxane* case to serve expert reports |
| 3/13/09 | Roxane's responsive expert reports due |
| 4/23/09 | Parties reserve right to provide rebuttal reports |
| 5/22/09 | Close of expert discovery |

---

[2]   Prejudice to Roxane is exacerbated by the fact that, despite having an expert disclosure deadline of February 6, Plaintiffs have not yet provided Roxane with copies of the data and code utilized by Mr. Platt that would allow its experts to review Mr. Platt's assumptions, analyses, and conclusions.  Plaintiffs have acknowledged that they still need to produce this to Roxane, but have stated that they will not do so for another week.

(Ex 3 at 2-3, 10/6/08 Joint Scheduling Order)  As evidenced by the five-week gap between the Plaintiffs' and Roxane's deadlines for serving their expert reports, the parties intended for Plaintiffs' experts to be made available for deposition prior to Roxane's deadline for filing its expert reports.  Indeed, Plaintiffs and Roxane addressed this very issue when negotiating due dates for the proposed Scheduling Order.  (Ex. 2 at 7, 8/26/08 Email from E. Gortner to Plaintiffs)  For Plaintiffs to now refuse to **both** extend the due date for Roxane's expert reports *and* to produce their own expert before March 13 is prejudicial to Roxane and contrary to the spirit of the Scheduling Order.  Roxane's experts need the opportunity to review, consider, and analyze Plaintiffs' expert testimony before finalizing their expert reports.  Review and consideration of Mr. Platt's testimony is particularly important because the opinions of Plaintiffs' other economics expert, Dr. Mark Duggan, heavily depend on Mr. Platt's analysis.  Thus, without an opportunity to depose Mr. Platt prior to filing its expert reports, Roxane is prejudiced in its ability to respond to *two* of Plaintiffs' experts.

Under both the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, this Court has broad discretion over the conduct of discovery, including the authority to modify its scheduling order for good cause and to compel deposition testimony. Fed. R. Civ. P. 16(b)(4); Local Rule 16.1(g); *see also United States Steel v. M. DeMatteo Constr. Co.*, 315 F.3d 43, 53 (1st Cir. 2002) ("The management of pretrial discovery lies primarily within the sound discretion of the district court.").  Allowing a party the benefit of deposition testimony constitutes good cause for modifying a scheduling order and extending a party's filing deadlines under Rule 16.  *See Arizmendi v. ORC Indus., Inc.*, No. B-06-125, 2007 WL 1672120, *3-4 (S.D. Tex. June 7, 2007) (modifying court's scheduling order and extending a party's deadline for filing expert report based on good cause where, among other things, a deposition transcript of one of the opposing experts was not available for review before the discovery

deadline); *see also Muniz v. Kmart Corp.*, No. 06-CV-0084-WDM-PAC, 2007 WL 1964069, *6 (D. Colo. July 2, 2007) (modifying scheduling order to allow plaintiffs to file an amended pleading after deadline for amendments had passed where new pleading was based on information revealed in a deposition taken 90 days after the deadline).  Similarly, the "interest of justice" may require this Court to compel Plaintiffs to produce their experts for deposition to allow Roxane's experts to develop a sufficient factual foundation for their report.  *See Vitronics Corp. v. Conceptronic, Inc.*, No. C-91-696-L, 1994 WL 253687, , *2 (D.N.H. Mar. 14, 1994) (adjusting discovery deadlines that were "contingent upon [the parties'] good faith cooperation" in making their witnesses available, and compelling depositions of fact witnesses "in the interest of justice" so that the expert could develop a factual foundation for his opinion); *see also Cytyc Corp. v. Tripath Imaging, Inc.*, No. Civ. A 03-11142-DPW, 2005 WL 1527883, *6 (D. Mass. June 21, 2005) (granting motion to compel timely completion of expert depositions).

Extending the due date of Roxane's experts until after Plaintiffs' experts are deposed would give Roxane's experts an opportunity to further develop a factual foundation for their conclusions and constitutes good cause for modifying this Court's discovery schedule. Moreover, granting Roxane an extension will not impact the ultimate expert discovery deadline since seven weeks remain between April 3 and May 22 for Plaintiffs to depose Roxane's experts.

## **CONCLUSION**

For the foregoing reasons, Roxane respectfully requests the Court grant its motion to amend the scheduling order to extend its deadline to serve expert reports until April 3, 2009, and to compel Plaintiffs to produce all of its experts for deposition before March 27, 2009.

Dated:  February 11, 2009

Respectfully submitted,

    /s/ Eric T. Gortner
Helen E. Witt, P.C.
Eric T. Gortner
John W. Reale
Seth A. Gastwirth
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200
egortner@kirkland.com

*On behalf of Defendants Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., and Roxane Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 11, 2009, a copy to LexisNexis File and Serve for posting and notification to all parties.

By: /s/ Eric T. Gortner
Eric. T. Gortner