UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| | MDL No. 1456 |
| | Master File No. 01-CV-12257-PBS |
| | Subcategory Case. No. 06-11337 |
| THIS DOCUMENT RELATES TO: *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey Inc., et al.* | ) ) ) ) ) |
| | Hon. Patti B. Saris |
| | Magistrate Judge Marianne B. Bowler |
| Civil Action No. 05-11084-PBS | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEY DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF SIMON D. PLATT BEFORE THE SCHEDULED DATE FOR SUBMISSION OF EXPERT REPORTS OR IN THE ALTERNATIVE TO EXTEND THE DATE TO FILE DEY'S EXPERT REPORTS TO MARCH 27, 2009 AND MOTION FOR EMERGENCY HEARING**

Defendants Dey, Inc., Dey, L.P., and Dey L.P., Inc. (collectively, "Dey"), through their undersigned counsel, respectfully file this motion to compel the deposition of Plaintiffs' expert Simon D. Platt, CPA, FCA on or before March 2, 2009, or in the alternative, to extend the date to file Dey's expert reports from March 6, 2009 to March 27, 2009, so that Mr. Platt's deposition may be taken on dates the Government has offered to make him available.

**PRELIMINARY STATEMENT**

Pursuant to the Joint Scheduling Order dated October 6, 2008, Dkt. 5629, Plaintiff the United States served five expert reports on January 22 and 23, 2009 in U.S. *ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey Inc., et al.*, Civil Action No. 05-11084-PBS (the "Dey Action").[1] Despite the parties' negotiations and agreement to include additional time in the

---

[1]  The Joint Scheduling Order amends the Case Management Orders in the Dey Action as well as the Case Management Orders in *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Abbott Laboratories, Inc., et al.*, Civil Action No. 07-11337-PBS (the "Abbott Action") and *United States of America ex rel. Ven-A-Care of the*

1

expert discovery schedule to allow for the depositions of Plaintiffs' experts prior to the submission of Defendants' expert reports, the Government has now refused to make one of its experts, Simon D. Platt CPA, FCA, available for a deposition prior to the March 6, 2009 deadline for Dey's expert reports. As set forth in the declaration of Lauren Stiroh, an economist and Senior Vice President of NERA Economic Consulting ("NERA") attached as Exhibit A to the accompanying declaration of Sarah L. Reid, Dey's experts require the deposition testimony of Mr. Platt in order to effectively prepare their own expert reports. Dey has served a notice of deposition and subpoena for a deposition of Mr. Platt on March 2, 2009 as a placeholder, but remains willing to work with the Government in scheduling Mr. Platt's deposition on a mutually agreeable date so long as the deposition is taken before the March 6, 2009 deadline for the submission of Dey's expert reports. *See* Ex. B to the Reid Decl. Alternatively, Dey is willing to take Mr. Platt's deposition on March 17 or 18, dates the Government has advised he is available, if the deadline for the submission of Dey's expert reports is adjourned three weeks to March 27, 2009. The date for completion of expert discovery is May 22, 2009.

## STATEMENT OF FACTS

The Joint Scheduling Order sets the schedule for expert discovery in the Abbott, Dey, and Roxane Actions.¹ As part of the negotiations surrounding the submission of a Proposed Joint Scheduling Order, the parties moved the deadline for the submission of Defendants' expert reports from four to six weeks after the submission of Plaintiffs' reports in order to allow additional time to take the depositions of the Government's experts. The Joint Scheduling Order was entered by this Court on October 6, 2008.

---

¹ *Florida Keys, Inc., et al. v. Boehringer Ingelheim Corp.*, et al., Civil Action No. 07-10248-PBS (the "Roxane Action").

In order to expedite the scheduling of Plaintiffs' experts' depositions, on January 9, 2009, in advance of receiving the Government's expert reports, counsel for Dey e-mailed the Government's counsel requesting proposed dates for the depositions of any experts who would be submitting expert reports in the Dey Action. *See* Ex. C to the Reid Decl. Dey was aware that Drs. Duggan, Perri, Marmor, and Schondelmeyer had submitted reports in the Abbott Action.[2] Dey's request for scheduling specifically sought dates for *any* expert who would be submitting reports in the Dey Action. Government counsel, Mr. George B. Henderson, directed Dey counsel to coordinate the scheduling of expert depositions with his colleague, Ms. Renee Brooker. *See* Ex. D to the Reid Decl. By January 14, 2009, Ms. Brooker had confirmed dates for Drs. Marmor, Schondelmeyer, Duggan and Perri. Therefore, Dey believed that all of the depositions of the Governments' experts had been scheduled as of January 14, 2009.

The Government timely served its expert disclosures and the reports for Drs. Perri, Schondelmeyer, and Marmor and Duggan. In addition, the Government served a fifth expert report for Simon D. Platt, CPA, FCA (the "Platt Report"). This was the first time Dey had heard of the existence of a fifth expert.

On January 27, 2009, Dey's counsel proposed Tuesday, February 24 for a one-day deposition of Mr. Platt in New York. However, on January 28, 2009, Mr. Henderson informed counsel for Dey that not only was Mr. Platt not available on February 24, but Mr. Platt would be out of the country that entire week and his deposition might have to be taken later in March. *See* Ex. E to the Reid Decl. Plaintiff's counsel ultimately proposed the week of March 16 and March 23, 24, 25, and 30 for a deposition of Mr. Platt in Boston after stating that Mr.

---

[2] Abbott has been served with four expert reports, and, upon information at belief, all four of those experts are available for deposition before the March 6, 2009 deadline for Abbott's expert reports.

Platt would be in Europe the week of February 23, in California the week of March 2, and in Texas for most of the week of March 9.

Dey's counsel immediately informed Plaintiff's counsel that they could accommodate Mr. Platt's schedule, but that Dey would be unable to submit its expert reports by March 6, 2009 if it did not have an opportunity to depose Mr. Platt first. Government counsel rejected any extension of the March 6 date.

In a meet and confer on January 30, 2009, Dey's counsel reminded Plaintiff's counsel of the August 2008 negotiations about the timing of expert depositions in drafting the Joint Scheduling Order. Counsel for Dey even offered to take the Platt deposition on a weekend in February. On February 2, 2009, Government counsel declined to schedule the Platt deposition prior to March 6, 2009 or to agree to move the deadline for Dey to submit its expert reports.

While in the process of attempting to schedule Mr. Platt's deposition, Dey completed its review of the supporting material submitted with the Platt report and found it did not contain various raw files, working data files, and programs. On February 9, 2009, Dey wrote a letter to Government counsel highlighting the deficiencies. Counsel for the United States responded on February 10, 2009 saying they would send a new CD, which is expected by the end of this week. As of today's date, Counsel has advised Dey it will not provide the requested programs. Review of this information is necessary for a full and complete deposition of Mr. Platt, which means the deposition should occur after Dey has had the opportunity to review this material with necessary programs but no later than March 2 if the March 6 deadline is not moved. Dey remains willing to accommodate Mr. Platt's schedule by deposing him on March 17 or 18 so long as the deadline for submitting Dey's expert reports is extended until

March 27, 2009. The cut-off for expert discovery would not be affected by such a brief extension since the cut-off is May 22, 2009.

## ARGUMENT

I.  **MR. PLATT'S DEPOSITION IS NECESSARY PRIOR TO THE SUBMISSION OF DEY'S EXPERT REPORTS**

The Platt Report contains central calculations of the selling prices for certain products at issue in the Dey Action and opines on the reporting of those selling prices by Dey to pharmaceutical industry pricing compendia. It also provides much of the foundation for the Duggan Report damage calculations. Specifically, Mr. Platt calculates average selling prices of the Dey subject drugs, compares his average selling prices ("ASP") with data provided by Dey to the pricing compendia, and assesses his opinion of the ability of Dey to report selling prices reflective of the prices generally and currently paid by its customers. In order for Dey's experts to fully respond to Mr. Platt's report and to test his findings, Mr. Platt's deposition is needed to provide an opportunity to explore his methodology and conclusions. As detailed in the attached affidavit of Lauren Stiroh, they are unable to provide a complete statement of their opinions and the basis and reasons for them without having first reviewed Mr. Platt's deposition testimony.

For example, in his report, Mr. Platt excludes certain returns from his calculations based on his "understanding" that "return transactions do not represent a valid measurement of selling prices in the normal course of business." (Ex. A to Reid Decl. at ¶ 3.) Mr. Platt does however include chargeback transaction records in the calculation of his "average sales prices." (*Id*. at ¶ 5.) Yet returns and chargeback transactions can both occur at various times subsequent to the original shipment date and both may affect Mr. Platt's average sales price. (*Id.*) In fact, Mr. Platt cites to deposition testimony from Pamela Marrs, Chief Financial Officer at Dey, stating that sales dollars for a particular product in the context of internal sales price would

5

generally be measured as "sale for that product minus returns, chargebacks, rebates and other allowances on an accrual basis divided by units." (*Id.*)  Mr. Platt's deposition is needed to explain the basis of his "understanding" about returns and why he chose to include chargebacks but not returns in his calculations.  (Ex. A to Reid Decl. at ¶¶ 3, 5.)

Mr. Platt further opines in his report that return transactions "could skew average prices in a given period." (*Id.* at ¶ 4.)  Without deposition testimony offering an explanation, it is unclear why Mr. Platt believes that excluding returns would not also skew the results.  (*Id.*)  The support of his opinions is thus rendered incomplete and Dey's experts cannot determine whether Mr. Platt performed any analysis to support this contention, or what impact excluding returns has on his conclusions.  (*Id.*)

Mr. Platt also excludes, in his ASP calculations for indirect transaction sales, certain data for which he believes there is no "reliable date information."  But Mr. Platt does not explain what he means by unreliable date information or what impact this exclusion has on his opinions.  (Ex. A to Reid Decl. at ¶ 6.)  Without his deposition testimony, Dey's experts are not privy to necessary explanations of Mr. Platt's decisions and must base their reports on "tentative conclusions" as to his reasoning and calculations.  (*See id.*)  Furthermore, Mr. Platt does not explain why his formula results in negative average selling prices for some periods.  (*Id.* at ¶ 7.)

## II.   THIS COURT SHOULD USE ITS BROAD POWER TO COMPEL THE DEPOSITION OF MR. PLATT OR IN THE ALTERNATIVE, TO AMEND THE DEADLINE FOR THE SUBMISSION OF DEY'S EXPERT REPORTS

The First Circuit has held that "[t]he management of pretrial discovery lies primarily within the sound discretion of the district court." *United States Steel v. M. DeMatteo Constr. Co.*, 315 F.3d 43, 53 (1st Cir. 2002) (internal citations omitted).  This Court has broad discretion over the conduct of discovery, including the authority to compel deposition testimony and to modify its scheduling order for good cause pursuant to both the Federal Rules and the

Local Rules. *See* Fed. R. Civ. P. 16(b)(4); Local Rule 16.1(g). Good cause for modifying a scheduling order and extending a party's filing deadlines under Rule 16 exists when additional time is needed to allow a party the benefit of deposition testimony. *See Arizmendi v. ORC Indus., Inc.*, No. B-06-125, 2007 WL 1672120, at *3-4 (S.D. Tex. June 7, 2007) (modifying court's scheduling order and extending a party's deadline for filing expert report based on good cause where, among other things, a deposition transcript of one of the opposing experts was not available for review before the discovery deadline); *see also Muniz v. Kmart Corp.*, No. 06-CV-0084-WDM-PAC, 2007 WL 1964069, at *6 (D. Colo. July 2, 2007).

In addition, it is in the "interest of justice" to compel Plaintiffs to produce Mr. Platt for deposition to allow Dey's experts to develop a sufficient factual foundation for their reports. *See Vitronics Corp. v. Conceptronic, Inc.*, No. C-91-696-L, 1994 WL 253687, at *2 (D.N.H. Mar. 14, 1994) (adjusting discovery deadlines that were "contingent upon [the parties'] good faith cooperation" in making their witnesses available, and compelling depositions of fact witnesses "in the interest of justice" so that the expert could develop a factual foundation for his opinion).

7

**CONCLUSION**

For the above reasons, Dey respectfully requests that its motion be granted, and an Order be entered compelling the deposition of Simon D. Platt on or before March 2, 2009, or in the alternative, adjourning the deadline for submission of Dey's expert reports to March 27, 2009 to allow Dey to take Mr. Platt's deposition on March 17 or 18, 2009.

Dated: February 12, 2009

> Respectfully Submitted,
>
> KELLEY DRYE & WARREN LLP
>
> By: /s Sarah L. Reid
>     Paul F. Doyle (BBO # 133460)
>     Sarah L. Reid *(pro hac vice)*
>     William A. Escobar *(pro hac vice)*
>     Neil Merkl *(pro hac vice)*
>
> 101 Park Avenue
> New York, NY 10178
> Telephone: (212) 808-7800
> Facsimile: (212) 808-7897
>
> *Attorneys for Defendants Dey, Inc.*
> *Dey, L.P., and Dey, L.P., Inc.*

**CERTIFICATE OF SERVICE**

      I certify that true and correct copies of Defendant Dey, Inc., Dey L.P., and Dey L.P., Inc.'s Motion to Compel the Deposition of Simon D. Platt were delivered to all counsel of record by electronic service by sending on February 12, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.


      By:   /s/ Sarah L. Reid
            Sarah L. Reid