# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: Pharmaceutical Industry Average Wholesale Price Litigation | CIVIL ACTION NO. 01-12257-PBS |

**DECLARATION OF LAUREN STIROH**

Lauren Stiroh declares, pursuant to 28 U.S.C. § 1746, that:

1. I am Lauren Stiroh, an economist and Senior Vice President of NERA Economic Consulting (NERA), an international economic consulting firm. I have been engaged by the defendant ("Dey") as an expert in this case. I hold a Ph.D. in Economics from Harvard University. A substantial part of my consulting practice focuses on the economics of competition and pricing and the determination of economic damages.

2. I have been asked to evaluate the claims made against Dey by the Plaintiffs and, as relevant, the opinions of Plaintiffs' experts, including Mr. Platt. My opinions would be greatly informed if I and my associates are provided with Mr. Platt's deposition testimony.

3. Without access to Mr. Platt's deposition testimony, it is not possible to evaluate completely the assumptions and calculations upon which his opinions are based. For example, Mr. Platt excludes returns from his calculations, based on his "understanding" that "return transactions do not represent a valid measurement of selling prices in the normal course of

business."[1] It is not apparent from his report, what the basis of Mr. Platt's "understanding" is. Therefore, without access to his deposition testimony, I and my associates cannot evaluate the reasonableness of Mr. Platt's assumptions and decision to exclude returns.

4. In addition, Mr. Platt opines that return transactions "could skew average prices in a given period."[2] Without access to his deposition testimony, it is not clear why he thinks excluding returns would not also skew the results. Without deposition testimony, support for Mr. Platt's opinions is incomplete. It is not possible to know whether he did any analyses to support his decision, or what impact excluding returns has on his conclusions.

5. In apparent contrast to the treatment of returns, Mr. Platt does include chargeback transaction records in his calculation of his ASPs. Like returns, chargeback transactions can also occur at various times subsequent to the original shipment date. Both chargebacks and returns may affect Mr. Platt's average sales price. Mr. Platt cites to deposition testimony from Pamela Marrs, Chief Financial Officer at Dey, who states that Dey's internal average sales price would generally be measured as "sale for that product minus returns, chargebacks, rebates and other allowances on an accrual basis divided by units."[3] Without deposition testimony, one cannot determine why Mr. Platt chose to include chargebacks and not include returns, and thus evaluate the reasonableness of this decision.

---

[1] Expert Report of Simon D. Platt, January 23, 2009 ("Platt Report"), ¶ 42.
[2] Platt Report, ¶ 42.
[3] Platt Report, ¶ 43. See also Deposition of Pamela Marrs, August 19, 2004, p. 217.

6. Mr. Platt also excludes certain data for which he says there is no "reliable date information" in his ASP calculations for indirect transaction sales.[4] He does not elaborate on what he means by unreliable date information, or what impact this exclusion has on his opinions. Without access to his deposition testimony explaining his decisions, it is not possible to evaluate fully his opinions and whether they are grounded in reasonable assumptions.

7. In addition, Mr. Platt's calculations result in negative ASPs (and in some cases positive ASPs based on negative net sales and negative shelf cartons). Without deposition testimony, it is not clear how Mr. Platt reconciles these results with his proffered method of calculating ASPs, and (although he dismisses this subset of his results) what role, if any, they played in forming his opinions.

8. The above are examples of how Mr. Platt's testimony would be useful in developing my opinions, and I reserve the right to revise my list as additional information is provided to me.

I declare under the penalty of perjury that the foregoing is true and correct.

EXECUTED THIS _11_ day of February, 2009.

_____
Lauren Stiroh

---

[4] Platt Report, ¶ 75.