UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | |
| | ) | MDL No. 1456 |
| | ) | Master Case No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) ) | |
| | ) | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS | ) ) ) ) | |

**UNITED STATES' REQUEST FOR EXPEDITED RULING ON
DEY'S MOTION TO EXTEND THE PRODUCTION DEADLINE
FOR THE LIMITED PURPOSE OF RECEIVING MEDICAID CLAIMS DATA,
AND FOR AN ORDER PRECLUDING THE PARTIES FROM REVIEWING OR
CONSIDERING LATE-PRODUCED MEDICAID CLAIMS DATA**

The United States respectfully requests an expedited ruling on Defendants Dey,

Inc., Dey L.P., and Dey L.P., Inc.'s Motion to Extend the Production Deadline for the

Limited Purpose of Receiving Medicaid Claims Data from States (Master Docket #5765,

Subcategory Docket # – ).  The motion has been fully briefed.[1]  In addition, the United

States requests that this Court issue an order precluding the parties from reviewing or

considering any state Medicaid claims data received after the December 15, 2008,

discovery cut-off (except with respect to the seven states that the Court carved out of the

_____

[1]  The United States filed an opposition on December 22, 2008 (Master Dkt #5800, Subcategory Dkt #132).  Dey filed a reply on January 6, 2009 (Master Dkt #5822, Subcategory Dkt #144).

current Joint Scheduling Order (Dkt # 5629)).[2]  The United States seeks an expedited

ruling because the entire expert discovery schedule, which this Court just declined to

extend in response to motions by Dey and the Roxane defendants, is premised on

discovery having concluded by December 15, 2008, with all parties then working from a

common set of claims data.  In addition, the United States needs to know if it must incur

additional costs by having its experts review this data and possibly prepare supplemental

reports.

     As explained in the papers previously filed by Dey and the United States, at an

earlier status conference on November 13, 2008, the Court forewarned the parties that if

materials subpoenaed from states were not turned over by the December 15 deadline, the

parties would suffer the consequences:  "[t]hat's your fault for waiting so long. . . . I'm

sorry but you took too long to start it going."  Id. at 12.  The Court observed that states

would "do what they reasonably can do," by December 15, and the parties would be

"stuck with" whatever might be missing.  Id.   In late November and early December, Dey

issued subpoenas to 38 states for Medicaid claims data.  On December 10, 2008, Dey

moved to extend the discovery deadline for purposes of receiving additional state

Medicaid claims data.  The United States opposed that motion, arguing that it would be

---

   [2]  At a scheduling conference on November 13, 2008, the Court allowed discovery
concerning seven states to proceed in coordination with the litigations involving those states.
The seven states are Idaho; Iowa; Mississippi; New York; Pennsylvania; South Carolina;
and Utah.  Discovery concerning these states is therefore not subject to the December 15, 2008,
cutoff.

impossible for its damages expert to consider new data received at such a late date, and therefore unfair to allow Dey to receive and use such information.

The United States served its expert reports in the *Dey* case on January 23, 2009, in accordance with the Joint Scheduling Order.  Nonetheless, the Dey subpoenas to various states are outstanding, and the United States understands that at least some states have produced or will produce state Medicaid claims data to Dey pursuant to the subpoenas after the December 15 deadline.  The undersigned understands that Dey received claims data from the Commonwealth of Kentucky on December 16, 2008.  The United States did not receive this data until mid-January and the government's expert has not considered this information.  The United States understands that the State of Hawaii is now producing claims data to Dey; and there may be other states that have produced data since the December 15 deadline or that will produce such data in the future absent some direction from this Court.  The United States believes that Dey's receipt and use of such data after the December 15 discovery cutoff violates the Joint Scheduling Order and undercuts the entire purpose of having deadlines to ensure that opposing experts are reviewing the same data.

Dey no doubt is in the process of preparing its expert reports, which are due March 6, 2009.  If Dey uses late-produced state claims data in any way, it will have an unfair advantage that cannot be undone.  Absent an order from this Court, Dey's experts will be able to use the late-produced data, and Dey potentially could use the data to try to impeach the United States' damages expert.  Accordingly, the United States requests that

3

the Court issue an expedited ruling on Dey's outstanding motion, and, further, that the

Court order that the parties may not use or consider any state claims data produced after

December 15, 2008 (except for data produced by the seven states referenced above).

Respectfully submitted,

MICHAEL F. HERTZ
ACTING ASSISTANT ATTORNEY
GENERAL

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:     /s/ George B. Henderson, II
GEORGE B. HENDERSON, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3282

JOYCE R. BRANDA
DANIEL R. ANDERSON
LAURIE A. OBEREMBT
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Dated: February 13, 2009          Washington, D.C.  20044

## CERTIFICATION

The undersigned counsel certifies pursuant to LR 7.1(A)(2) that counsel have

conferred on the issue raised in this motion, and have been unable to resolve or narrow the issue.

/s/ *George B. Henderson, II*

George B. Henderson, II

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused an electronic copy of the above "UNITED STATES' REQUEST FOR EXPEDITED RULING ON DEY'S MOTION TO EXTEND THE PRODUCTION DEADLINE  FOR THE LIMITED PURPOSE OF RECEIVING MEDICAID CLAIMS DATA, AND FOR AN ORDER PRECLUDING THE PARTIES FROM REVIEWING OR CONSIDERING LATE-PRODUCED MEDICAID CLAIMS DATA" to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: February 13, 2009 

/s/ *George B. Henderson, II*

George B. Henderson, II