UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey Inc., et al.* <br><br> Civil Action No. 05-11084-PBS | ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 1456 <br><br> Master File No. 01-CV-12257 <br> Subcategory Case. No. 06-11337 <br><br> Hon. Patti B. Saris |

**DEFENDANTS DEY, INC., DEY, L.P., AND DEY L.P., INC.'S
RESPONSE TO UNITED STATES' REQUEST FOR EXPEDITED RULING ON
DEY'S MOTION TO EXTEND THE PRODUCTION DEADLINE
FOR THE LIMITED PURPOSE OF RECEIVING MEDICAID CLAIMS DATA,
AND FOR AN ORDER PRECLUDING THE PARTIES FROM REVIEWING OR
<u>CONSIDERING LATE-PRODUCED MEDICAID CLAIMS DATA</u>**

Defendants Dey, Inc., Dey, L.P., and Dey L.P., Inc. (collectively, "Dey"), through their undersigned counsel, respectfully file this Response to the United States' Request For Expedited Ruling On Dey's Motion To Extend The Production Deadline For The Limited Purpose Of Receiving Medicaid Claims Data, And For An Order Precluding The Parties From Reviewing Or Considering Late-Produced Medicaid Claims Data:

1.  Dey concurs with Plaintiff's request for expedited ruling on Dey's Motion to Extend the Production Deadline (Master Docket #5765, Subcategory Docket # 111) ("Motion to Extend"). Dey also filed a Motion to Compel certain states to comply with Dey's subpoenas for Medicaid claims data (Master Docket # 5776, Subcategory Docket # 116) ("Motion to Compel") and requests that both motions be decided together as they involve the same issues.

2.  Dey opposes, however, Plaintiff's request for an order prohibiting use of Medicaid claims data received after December 15, 2008.

NY01/SUDED/1336577.2

1

3. Plaintiff's request for such an Order is in essence an unauthorized sur-reply to Dey's Motion to Extend and should be stricken. The Motion to Extend is fully briefed and no further submissions are allowed.

4. Plaintiff's position is also inconsistent with its own actions. Plaintiff has continued to pursue discovery from the Generic Pharmaceutical Association after December 15, 2008 and Dey is currently reviewing approximately 30 discs of material received from the Plaintiff after December 15, 2008.

5. The State Medicaid claims data, which Plaintiff seeks to preclude Dey from using, is vital to Dey's defense. Plaintiff wrongly believes that the Medicaid data available via a public website maintained by the Center for Medicare and Medicaid ("CMS") is sufficient to prove damages.

6. As explained in Dey's reply papers, the data publicly available from CMS includes two categories of data, SDUD data and MAX/SMRF data – both inadequate to prove damages. SDUD data is inadequate because it does not show whether Dey's AWP or WAC were actually used to pay claims; the data subpoenaed from the states will show this. Though MAX/SMRF data has some claims-level data, it is not available for all states prior to 1999, and does not include quantity for any state prior to 1996. MAX/SMRF also does not include dispensing fee and co-payments, which reduces the precision of attempts to calculate the reimbursement basis. MAX/SMRF data is also rounded, which further reduces the precision of payment basis analysis. Due to these deficiencies, it is not possible to determine how claims were actually paid – a calculation that can be performed using state claims data. The reimbursement basis is crucial to Dey's damages analysis. Since Plaintiff has alleged only that it has suffered damages as a result of AWPs and WACs reported by Dey, Dey cannot be liable for

any claims not reimbursed on the basis of Dey's report AWPs and WACs. *See State of California v. Abbott Labs., Inc.*, No. 03-CV-2238, Memorandum and Order dated 3/22/07 at 30-32.

7. Moreover, in several instances, there are discrepancies between a state's reimbursement policies and that state's actual reimbursement practices – and this also cannot be determined from the CMS data, but only from the state claims data. Examples of such discrepancies are described in Dey's reply papers on its Motion to Extend.

8. These issues directly impact both liability and any damages analysis. Indeed, without incorporating the information from the state claims data, any attempt to calculate damages would be fundamentally flawed. If complete state claims data is not produced, Dey intends to move to preclude Plaintiff from seeking damages based on those states.

9. Also, as explained in Dey's motion papers, Plaintiff agreed to produce Medicaid claims data for every Medicaid transaction for which it would seek damages. After promising Dey that such data would be produced, Plaintiff ultimately failed to do so.

10. At a status conference on November 13, 2008, Dey's counsel advised the Court that if Plaintiff did not produce Medicaid claims data for every transaction, Dey would seek to preclude any proof of damages for those transactions. The Court acknowledged that the issue of preclusion would require attention, but informed the parties that any decision on preclusion would be made closer to trial at summary judgment. The Court then stated that if Dey wanted the missing state claims data, it should subpoena each state. Immediately thereafter, Dey drafted subpoenas for 38 individual states requesting all outstanding claims data.

11. Plaintiff now argues that it is Dey's fault that claims data is being produced after December 15, 2008.[1] The only reason Dey did not subpoena Medicaid claims data earlier, however, was because Plaintiff agreed to produce the claims data and continued to lead Dey to believe that the claims data was forthcoming until shortly before the November 13, 2008 conference.

12. It would be inequitable to preclude Dey from using claims data vital to its defense simply because it was produced by States after December 15, 2008 – especially because Dey did not know it needed to subpoena the States until directed to do so by the Court on November 13, 2008.

13. Finally, if Dey is not allowed to use claims data produced after December 15, 2008, then Dey will move at the appropriate time to preclude Plaintiff from recovering any damages based on Medicaid transactions for which State Medicaid claims data has not been produced. To allow the Plaintiff to recover damages for transactions where it has failed to produce the underlying claims data and where the Court has precluded Dey from obtaining the data itself or using data already produced, would be inequitable and highly prejudicial to Dey.

---

[1] Plaintiff also quotes the Court at the November 13, 2008 status conference refusing to move the discovery deadline for already-subpoenaed materials. This comment by the Court has nothing to do with the Medicaid claims data, which Dey only subpoenaed after the status conference upon the direction of the Court.

For the above reasons, Dey respectfully requests that the Court expedite treatment of both Dey's Motion to Extend and Motion to Compel and deny Plaintiff's request for an Order precluding Dey's use of Medicaid claims data produced after December 15, 2008.

Dated: February 17, 2009

                                              Respectfully Submitted,

                                              KELLEY DRYE & WARREN LLP

                                              By: /s Sarah L. Reid
                                                   Paul F. Doyle (BBO # 133460)
                                                   Sarah L. Reid *(pro hac vice)*
                                                   William A. Escobar *(pro hac vice)*
                                                   Neil Merkl *(pro hac vice)*
                                                   Antonia F. Giuliana *(pro hac vice)*

                                              101 Park Avenue
                                              New York, NY 10178
                                              Telephone: (212) 808-7800
                                              Facsimile:  (212) 808-7897

                                              *Attorneys for Defendants Dey, Inc.*
                                              *Dey, L.P., and Dey, L.P., Inc.*

## **CERTIFICATE OF SERVICE**

       I certify that true and correct copies of Defendant Dey, Inc., Dey L.P., and Dey L.P., Inc.'s Response to the United States' Request For Expedited Ruling On Dey's Motion To Extend The Production Deadline For The Limited Purpose Of Receiving Medicaid Claims Data, And For An Order Precluding The Parties From Reviewing Or Considering Late-Produced Medicaid Claims Data were delivered to all counsel of record by electronic service by sending on February 17, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                                /s Sarah L. Reid