## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action No. 01-cv-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| CLASS 1 SETTLEMENT WITH ASTRAZENECA | |

## PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BOND
## UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7

Pursuant to Federal Rule of Appellate Procedure 7, Plaintiffs hereby move for imposition of an appeal bond in the amount of $41,536.00.  In support thereof, Plaintiffs state as follows:

1.     On December 19, 2008, the Court granted final approval of the $24 million settlement of the claims of Class 1 against AstraZeneca Pharmaceuticals L.P. ("the Settlement").

2.     M. Joyce Howe ("Objector"), represented by Donald H. Haviland ("Haviland") is the sole objector to the Settlement.  The apparent bases of her objection are that (1) the entire $24 million settlement amount should be paid out to those nearly 10,000 class members who have made claims in the amounts provided for in the CMS database; (2) class members should receive legal protection from alleged subrogation claims by TPPs; and (3) Class Counsel should only be paid fees and costs incurred pursuing the Class 1 AstraZeneca case.  Objector is also appealing the Court's January 3, 2008 order disqualifying her attorney, Mr. Haviland, as Class Counsel.

3.     As set forth in the accompanying Memorandum, this objection is frivolous because it has not been properly preserved for appeal; it was filed to further her counsel's interest of being reinstated as Class Counsel, rather than to improve the settlement; and otherwise asks

this Court to second-guess Class Counsel about the manner in which this case was resolved, which is not an appropriate role for this Court.

4.      Moreover, federal courts look particularly askance as objectors, like Objector here, who act only as "spoilers," denying the benefits of a hard-fought settlement to the remainder of the Class.  Mr. Haviland has previously shown that he will do virtually anything, in this Court and before the First Circuit, to preserve his own interests, at the expense of the Class he purportedly represents.  The filing of this appeal is no different.

5.      An appeal bond is warranted in this case; the nature and amount is left to the sound discretion of the district court.  *Sckolnick v. Harlow,* 820 F.2d 13, 15 (1st Cir. 1987); *see also Adsani v. Miller,* 139 F.3d 67, 79 (2d Cir. 1998).  Rule 7 appeal bonds may include the costs itemized in Rule 39 of the Federal Rules of Appellate Procedure (*i.e.* the costs to prepare and reproduce the briefs and appendices), as well as other "damages" such as administrative fees incurred by the delay.  *See In re Compact Disc Minimum Advertised Price Antitrust Litig.,* No. MDL 1361, 2003 WL 22417252, *3 (D. Me. Oct. 7, 2003); *Sckolnick*, 820 F.2d at 15.  This is particularly true when the appeal is deemed to be frivolous.

6.      There is good cause for requiring Objector to post an appeal bond.  Not only will the objection cause lengthy delays in distributing long-awaited relief to the class members who submitted claims, it will also cause significant additional administrative costs.  As outlined in the Glenn Declaration and explained further in the accompanying Memorandum, the delay will require the Settlement Administrator to expend additional operating expenses that will be deducted from Settlement Fund.  In addition, as set forth in the Berman Declaration attached to the accompanying Memorandum, additional costs will also be incurred if the Objector's appeal is unsuccessful.

WHEREFORE, for the reasons set forth in this Motion as well as the accompanying Memorandum, Plaintiffs respectfully request that this Court enter an order, pursuant to Rule 7 of the Federal Rule of Appellate Procedure, requiring Objector to post an appeal bond in the amount of $41,536.00, and all other relief that this Court deems just and appropriate.

Dated:  February 19, 2009

By:  /s/ Jennifer Fountain Connolly
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003

*Liaison Counsel*

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Jeffrey Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300
Facsimile:  (215) 496-6611

Marc H. Edelson
Edelson & Associates LLC
45 W. Court Street
Doylestown, PA  18901
Telephone:  (215) 230-8043
Facsimile:  (215) 230-8735

***Co-Lead Counsel for Plaintiffs***

## <u>CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE</u>

### Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on February 19, 2009, I caused copies of ***Plaintiffs' Motion for Imposition of Appeal Bond Under Federal Rule of Appellate Procedure 7*** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly