DC/MA Thornton

# United States Court of Appeals
## For the First Circuit

Judge SARIS
DC #01-12257

No. 08-1190

IN RE: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION.

Before

Howard, <u>Circuit Judge</u>,
Zobel* and Lisi,** <u>District Court Judges</u>.

JUDGMENT

Entered: June 4, 2008

    This is an appeal by the named plaintiffs in this massive class action from district court orders disqualifying the Haviland Law Firm as class counsel and designating other attorneys "to act on behalf of all Plaintiffs in the Class cases," and from a final judgment in favor of the Johnson & Johnson defendants. We issued an order to show cause why the appeal from the disqualification orders, which appear to be non-final and non-injunctive, should not be dismissed for lack of appellate jurisdiction under either 28 U.S.C. § 1291 or § 1292 and why the appeal from the judgment should not be dismissed as duplicative of No. 08-1002, plaintiffs' previously filed, ongoing appeal from the same judgment. After review of plaintiffs' response to the show cause order and of the underlying record, we dismiss the appeal.

    As to the appeal from the disqualification orders, the only potential source of appellate jurisdiction cited in plaintiffs' notice of appeal is Fed. R. Civ. P. 23(f). As we held in denying a separately filed petition for leave to appeal those orders, No. 08-8001, that provision does not authorize appeals from orders disqualifying or designating class counsel.

---

    *Of the United States District Court for the District of Massachusetts, sitting by designation.

    **Of the United States District Court for the District of Rhode Island, sitting by designation.

The only other potential sources of appellate jurisdiction are 28 U.S.C. § 1291 (authorizing appeals from final judgments); 28 U.S.C. § 1292 (authorizing appeals from interlocutory orders granting or denying injunctive relief); or the "collateral order doctrine," under which certain non-final orders are deemed to be final and appealable under section 1291. Lee-Barnes v. Puerto Ven Quarry Corp., 513 F.3d 20, 25 (1st Cir. 2008). Because the disqualification orders are not final judgments or interlocutory injunctive orders, they are not appealable under sections 1291 or 1292.[1] Nor do they fall within the "'narrow and selective'" scope, id. at 26 (quoting Will v. Hallock, 546 U.S. 345, 349 (2006)), of the collateral order doctrine, Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 440-41 (1985) (holding that orders disqualifying counsel in civil cases lack the requisite importance and urgency to be immediately appealable under the collateral order doctrine).

Plaintiffs have offered no reason why the present appeal from the final judgment in favor of the Johnson & Johnson defendants should not be dismissed as duplicative of No. 08-1002, plaintiffs' previously filed, ongoing appeal from the same judgment, and we see none.

Accordingly, this appeal is dismissed in toto. 1st Cir. R. 27.0(c).

By the Court:

/s/ Richard Cushing Donovan, Clerk.

cc:
Sarah A. Thornton
Steve Berman
Rita Hanscom
Donald Haviland
Steven Edwards
Andrew Schau
D. Scott Wise
Jill Brenner Meixel
Scott Kinsel
Jennifer F. Connolly

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY.
1ST CIRCUIT COURT OF APPEALS
BOSTON, MA
By: [signature] Date: 11/2/08

---

[1] Because the disqualification orders post-dated the final judgment in favor of the Johnson & Johnson defendants, plaintiffs cannot appeal the disqualification orders as part of their appeal from the final judgment under 28 U.S.C. § 1291. Cf. John's Insulation, Inc. v. L. Addison & Assocs. Inc., 156 F.3d 101, 105 (1st Cir. 1998) (recognizing that a notice of appeal from a final judgment "encompasses not only that judgment, but also all earlier interlocutory orders that merge in the judgment" (emphasis added)).