# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *The City of New York, et al.* <br> *v.* <br> *Abbott Laboratories, Inc., et al.* | ) MDL NO. 1456 <br> ) Civil Action No. 01-12257-PBS <br> ) Subcategory No. 03-10643 <br> ) <br> ) Judge Patti B. Saris |

## MARCH 2009 STATUS REPORT ON BEHALF OF
## THE CITY OF NEW YORK AND NEW YORK COUNTIES

The undersigned counsel for the City of New York and New York Counties in the above-captioned action (hereinafter "plaintiffs") hereby submit the attached Status Report for March 2009, in accordance with the Court's June 17, 2004 Procedural Order.

Dated: March 2, 2009

                                            Respectfully submitted,

                                            **City of New York and New York Counties in**
                                            **MDL 1456 except Nassau and Orange, by**

                                            **KIRBY McINERNEY, LLP**
                                            825 Third Avenue
                                            New York, New York 10022
                                            (212) 371-6600

                  By:   /s/ Joanne M. Cicala_____
                            Joanne M. Cicala
                            Kathryn B. Allen

Ross B. Brooks, Esq.
MILBERG LLP
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300
*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
LEVY PHILLIPS &
KONIGSBERG, LLP
800 Third Avenue
New York, NY  10022
(212) 605-6205
*Counsel for the County of Orange*

**March 2009 Status Report on Behalf of the
City of New York and New York Counties**

<u>**Plaintiffs' Motion for Reconsideration of July 30, 2008 Orders**</u>

1. Ruling on Plaintiffs' Renewed Motion for Reconsideration of July 30, 2008 Orders

On February 10, 2009, the Court entered an electronic order allowing Plaintiffs' Renewed Motion for Reconsideration of July 30, 2008 Orders Regarding Certain Defendants' Individual Motions to Dismiss (Docket # 5838; Sub-docket #23).  The Court's order states that plaintiffs' motion is "[a]llowed with respect to physician-administered drugs."

2. Plaintiffs' Renewed Motion for Reconsideration of July 30, 2008 Orders regarding Eli Lilly

There have been extended discussions between counsel for plaintiffs and Eli Lilly with regard to the Court's ruling on Eli Lilly's individual motion.  In that ruling, the Court dismissed plaintiffs' claims against Eli Lilly for all drugs other than Vancocin, Humalog and Zyprexa on the grounds that "plaintiffs do not allege any fraudulent spreads in Exhibit B with respect to any other subject drugs."  *See* July 30, 2008 Eli Lilly Order (Docket # 5470).  In fact, the operative Eli Lilly Exhibit to plaintiffs' complaint, FACC Revised Exhibit B-13, alleges fraudulent spreads for nine other Eli Lilly drugs: Darvocet, Darvon, Evista, Glucagon, Gemzar, Humatrope, Humulin, Nebcin, Prozac.[1]  *See* NY FACC Exhibit B-13.  Plaintiffs endeavored to persuade counsel for Eli Lilly that the Court's ruling as to these drugs should be reconsidered as it was made in error and in reliance on the wrong NY FACC Exhibit.  Counsel for Eli Lilly would not agree with plaintiffs' position on the grounds that even the spreads in the correct operative

---

[1]   FACC Revised Exhibit B-13 inadvertently included the Eli Lilly drug Symbyax.  Symbyax was not identified in plaintiffs' Consolidated Complaint of June 15, 2005 and should not have been listed in FACC Revised Exhibit B-13.  Plaintiffs are not asserting any claims against Lilly for this drug.

exhibit (NY FACC Exhibit B-13) were "cherry picked." Counsel for Eli Lilly has made clear that they will oppose any motion for reconsideration on that basis.

While plaintiffs remain of the view that the Court's July 31, 2008 ruling as to Eli Lilly was made inadvertently and in reliance on the wrong version of plaintiffs' Eli Lilly Exhibit, given Eli Lilly's position regarding the spreads set forth in the correct exhibit and given this Court's recent ruling in the context of the Schering motion for a protective order (Docket # 5605), plaintiffs believe the most efficient way to clarify which Eli Lilly drugs are in/out of the case would be through a motion for leave to amend plaintiffs' Exhibit B as to Eli Lilly in order to demonstrate that the identified Eli Lilly drugs are, in fact, properly in this case and that the spreads were not "cherry picked."

Plaintiffs are seeking discovery from Eli Lilly to obtain the necessary information to serve such a motion. On February 20, 2009, plaintiffs served a Revised 30(b)(6) Notice of Deposition of Eli Lilly and plaintiffs' counsel wrote to Eli Lilly's counsel to schedule a meet and confer regarding defendant's responses to plaintiffs' first request for production of documents. That meet and confer will take place March 3, 2009.

**Discovery Motions**

    1. NY DOH Document Production

On August 20, 2008, Magistrate Judge Bowler issued an order (a) granting in part Defendants' Motion to Compel Commissioner of New York State Department of Health and Three Key Witnesses to Comply with Subpoenas, to the extent set forth on the record in open court, after a "meet and confer;" (b) requesting the submission of a status report from plaintiffs on October 30, 2008; and (c) setting a status conference for November 13, 2008 (Docket #

4

5052).

Plaintiffs filed the requested status on October 30, 2008. (Docket # 5652). Therein, plaintiffs indicated that the New York State Department of Health ("NY DOH") document production would commence on or before November 7, 2008. Plaintiffs commenced the NY DOH document production accordingly.

On November 12, 2008, the parties submitted to the Court their agreement to defer the scheduled November 13, 2008 status conference to a date in January 2009, as assigned by the Court (Docket # 5677).

On November 21, 2008, plaintiffs produced a second installment of documents from NY DOH to defendants.

On December 19, 2008, plaintiffs produced a third installment of documents from NY DOH to defendants.

On January 16, 2009, plaintiffs produced a fourth installment of documents from NY DOH to defendants.

On January 23, 2009, defendants inquired as to whether NY DOH will produce any additional documents in response to defendants' subpoenas to NY DOH. On January 26, 2009, plaintiffs responded that NY DOH will produce its final installment of responsive materials on or before February 27, 2009.

On February 27, 2009, plaintiffs forwarded NY DOH's final production of responsive materials to defendants. Plaintiffs stated NY DOH will produce a privilege log on or before March 13, 2009.

    2. Schering's Motion for a Protective Order

On August 20, 2008, Magistrate Judge Bowler granted Schering Corporation's Motion for Protective Order (Docket # 5296).  In response to the order, on September 4, 2008, plaintiffs filed an "Objection to the August 20, 2008 ruling granting Schering Corporation's Motion for Protective Order or, In the Alternative, Plaintiffs' Request for Clarification as to What Constitutes Good Faith in Calculating Spreads Based on Weighted Averages" (Docket # 5546). Defendant Schering Corporation filed its Opposition to Plaintiffs' Objection (Docket # 5556) on September 17, 2008.  The Court denied the Objection on September 22, 2008 (Docket # 5605). However, the Court ruled that discovery on all branded drugs for which AMP to AWP spreads exceed 30 percent may proceed. *Id.*  The Court conceded the potential utility of quarterly calculations, but maintained the suitability of the one year method of calculating spreads. *Id.* Additionally, the Court ruled that plaintiffs could depose Schering's Expert, Professor Sumanth Addanki, who had submitted an expert affidavit in support of Schering's motion. *Id.* The Court ruled further that plaintiffs could submit an expert affidavit proposing alternative calculations with the stipulation that the proposed methodology is consistent and transparent. *Id.*

On October 23, 2008, plaintiffs requested that Schering produce discovery on all branded drugs for which plaintiffs calculated AMP to AWP spreads over 30%.  Schering refused on the grounds that Professor Addanki's AMP to AWP spread calculations yielded different results. Plaintiffs thus noticed the deposition of Professor Addanki and requested production of all materials relied upon by him in connection with his affidavit.  Plaintiffs took the deposition of Professor Addanki on November 20, 2008.  In the course of that deposition, plaintiffs learned that Professor Addanki had yet to produce all information regarding his methodologies.  On November 21, 2008, plaintiffs requested production of such information.  On December 2, 2008,

6

defendant Schering produced a hard drive allegedly containing all materials used by Professor Addanki in preparing his affidavit. Plaintiffs have reserved the right, over defendant's objection, to continue the Addanki deposition once their review of the Addanki materials has concluded. Plaintiffs intend to file their motion to lift the Schering Protective Order together with their expert affidavit proposing alternative calculations on or before March 11, 2009.

**FUL Expert Report and Related Discovery**

On September 30, 2008, plaintiffs served the Rule 26 Statement of Harris L. Devor, C.P.A., to all counsel on LexisNexis File and Serve (Docket # 5620). The exhibits to Mr. Devor's reports were served directly on counsel for each defendant, given each defendant's confidentiality concerns regarding the pricing data contained therein.

Pursuant to agreement with liaison counsel, on October 6, 2008, plaintiffs served each defendant with revised exhibits to the Rule 26 Statement of Harris L. Devor, C.P.A.

Due to confidentiality concerns raised by counsel for defendant Ethex, on October 10, 2008, plaintiffs served a redacted Rule 26 Statement of Harris L. Devor, C.P.A., on LexisNexis File & Serve.

On December 5, 2008, defendant Mylan produced to plaintiffs a dataset containing chargeback data from its CARS system which had not been previously produced.

Defendants took the deposition of Harris L. Devor on December 9, 10 and 11, 2008. Consistent with discussions between counsel at that deposition, plaintiffs served corrected exhibits to the September 30, 2008 Rule 26 Statement of Harris L. Devor, C.P.A., on December 19, 2008. The corrected exhibits were for defendants Par, Ivax, Watson, and Warrick.

On December 12, 2008, defendant Mylan informed plaintiffs that certain data previously

produced for the Mylan FUL drugs needed to be supplemented and corrected, and that Mylan still had not produced all relevant UDL data. Plaintiffs informed defendants that Mr. Devor would need to prepare revised exhibits as to Mylan after the corrected and complete Mylan data was received. The corrected Mylan data was not completely produced until February 25, 2009. Plaintiffs will serve Mr. Devor's revised Mylan exhibits on March 6, 2009.

Mr. Devor's reconvened deposition on the Ivax, Par, Watson & Warrick corrections and the revised Mylan exhibits will take place on March 11, 2009.

**Other Filings**

1. Dismissal of Defendant Serono, Inc.

On February 27, 2009, the parties filed a Stipulation of Dismissal from the Consolidated NY Counties' action as to Defendant Serono, Inc. (Docket # 5926).

2. GSK Motion for Partial Summary Judgment

On November 24, 2008, defendant SmithKlineBeecham Corporation d/b/a GlaxoSmithKline ("GSK") filed a motion for Partial Summary Judgment (Docket # 5706), submitting a Memo in Support Thereof (Docket # 5707), a Statement of Undisputed Material Facts (Docket #5708) and the expert affidavit of Eric M. Gaier, Ph.D. (Docket # 5708). In response, plaintiffs demanded the immediate production of all materials relied upon, considered or used in any way by Dr. Gaier, prior statements (of any kind) by Dr. Gaier in AWP matters, and Dr. Gaier's deposition. GSK agreed. GSK then forwarded materials used in Dr. Gaier's calculations, including a method for reproducing said calculations. Thereafter, on December 15, 2008, GSK produced a compilation of Dr. Gaier's prior statements in AWP-related matters. On January 14, 2009, plaintiffs took the deposition of Dr. Gaier concerning his expert affidavit.

(Docket # 5708).

Pursuant to stipulation so entered by the Court (Docket # 5878; Subdocket # 31), on February 11, 2009, plaintiffs filed their Memorandum of Law in Opposition to GSK's Motion for Partial Summary Judgment (Docket # 5892; Subdocket # 33), Affidavit of Harris L. Devor (Docket # 5893, Sub-docket # 34), and Counter Statement of Material Facts L.R. 56.1 (Docket # 5894, Sub-docket # 35).

GSK's Reply is due March 4, 2009.  Plaintiffs' Sur-Reply is due March 18, 2009.

**CERTIFICATE OF SERVICE**

I, Kathryn Allen, hereby certify that on the 2nd day of March, 2009, I caused a true and correct copy of the above March 2009 Status Report for the City of New York and New York Counties to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

Dated: March 2, 2009

/s/ Kathryn B. Allen
Kathryn B. Allen
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600
