# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS RELATING TO TRACK TWO DEFENDANTS | CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |

**[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL TO PROPOSED TRACK TWO CLASS ACTION SETTLEMENTS, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS, AND APPROVING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND COMPENSATION FOR CLASS REPRESENTATIVES**

This Court having considered: (a) the Track Two Settlement Agreement and Release, dated March 7, 2008, including all Exhibits thereto (the "Agreement"), between the Plaintiffs and Defendants Abbott Laboratories, Amgen Inc., Aventis Pharmaceuticals Inc., Hoechst Marion Roussel, Baxter Healthcare Corp., Baxter International Inc., Bayer Corporation, Dey, Inc., Fujisawa Healthcare, Inc., Fujisawa USA, Inc., Immunex Corporation, Pharmacia Corporation, Pharmacia & Upjohn LLC (f/k/a Pharmacia & Upjohn, Inc.), Sicor, Inc., Gensia, Inc., Gensia Sicor Pharmaceuticals, Inc., Watson Pharmaceuticals, Inc., and ZLB Behring, L.L.C. (the "Track Two Defendants"); (b) the proposed allocation and distribution of funds among the Settlement Classes; and (c) Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and compensation for the Class Representatives; and having held a hearing on April

27, 2009, and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. This Final Order and Judgment incorporates herein and makes a part hereof, the Agreement, including Exhibit B ("Class Drugs") and all other Exhibits thereto. Unless otherwise provided herein, the terms as defined in the Agreement shall have the same meanings for purposes of this Final Order and Judgment.

2. The Court has personal jurisdiction over all Class Representatives, Class Members, and the Track Two Defendants for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3. Based on the record before the Court, including all submissions in support of the Class Settlements set forth in the Agreement, objections and responses thereto, as well as the Agreement itself, the Court hereby certifies the following nationwide classes (the "Classes") for settlement purposes only:

(a) Medicare Part B Co-Payment Class ("Class 1")

All natural persons in the United States who, from January 1, 1991 through January 1, 2005, made, or incurred an obligation to make, any portion of a Medicare Part B co-payment for a Class Drug manufactured, marketed, sold, or distributed by a Released Company.

(b) Third-Party Payor MediGap Supplemental Insurance Class ("Class 2")

All TPPs in the United States who, from January 1, 1991 through January 1, 2005, made, or incurred an obligation to make, reimbursements for any portion of a Medicare Part B co-payment for a Class Drug manufactured, marketed, sold, or distributed by a Released Company.

(c) Consumer and Third-Party Payor Class For Payments Made Outside the Medicare Context ("Class 3")

All natural persons in the United States who made, or incurred an obligation to make, a non-Medicare Part B payment for a Class Drug manufactured, marketed, sold, or distributed by a Released Company, and all TPPs in the United States who made, or incurred an obligation to make, non-Medicare Part B reimbursements for a Class Drug manufactured, marketed, sold, or distributed by a Released Company, during the period from January 1, 1991, through March 1, 2008.

Excluded from each of the Settlement Classes are (1) the Released Companies; (2) their respective past, present, and future officers, directors, managers, employees, agents, sales representatives, and liability insurers; and (3) all hospitals, clinics, physicians, or physician practice groups, or other health care provider or group of providers, that purchased drugs manufactured, marketed, sold, or distributed by a Released Company, and that (a) administered, dispensed, or prescribed such drugs to a consumer and (b) billed a consumer, TPP, or ISHP from such drugs (the "Released Parties"). (The exclusion of Released Company "employees" from the Settlement Classes shall not affect the eligibility of any ERISA plans or other TPPs for settlement benefits regardless whether their plan participants might be excluded "employees.") Additionally excluded from each of the Settlement Classes are the following: (1) all natural persons who only paid flat co-payments, and not any percentage co-payments, for Class Drugs; (2) all federal, state, and local governmental entities in the United States, except any non-Medicaid state or local governmental agencies or programs that made or incurred an obligation to make a reimbursement for a Class Drug as part of a health benefit plan for their employees, but only with respect to such payments; and (3) the Independent Settling Health Plans ("ISHPs").

In so holding, the Court finds that the prerequisites of FED. R. CIV. P. 23(a) and (b)(3) have been satisfied for certification of the nationwide Classes for settlement purposes:

Class Members, numbering in the thousands, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to each of the Settlement Classes; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class Members they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Classes with regard to the consolidated claims of the Settlement Classes they represent; the common questions of law and fact predominate over questions affecting only individual Class Members, rendering the Settlement Classes sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Classes is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of the MDL Class Actions.

In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Classes, based, *inter alia*, upon the Court's familiarity with the claims and parties in these and other cases, including prior AWP class settlements, the interests of the various constituent groups, and the negotiation process overseen by MDL Mediator Eric Green.

4. The record shows that Notice has been given to the Settlement Classes in the manner approved by the Court in its Preliminary Approval Order of March 7, 2008 [Docket No. 5426]. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the terms of the Agreement and Class Settlements, and Class Members' right to object to or exclude themselves from the Settlement Classes and appear at the settlement fairness hearing held on April 27, 2009 (the "Fairness Hearing"), (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and FED. R. CIV. P. 23.

5. No individuals or entities, other than those listed on Exhibit A hereto, have excluded themselves from the Settlement Classes. This Order shall have no force or effect on the persons or entities listed on Exhibit A hereto.

6. The Court finds that extensive arm's-length negotiations have taken place in good faith between Lead Class Counsel and the Track Two Defendants' Counsel resulting in the Agreement. Additionally the Court finds that extensive arm's-length negotiations have taken place on behalf of separate counsel appointed by Lead Class Counsel to represent the interests of Consumer Class Members and TPP Class Members in order to apportion the Settlement Fund between these constituencies and that these arm's length negotiations afforded the structural protection required to ensure adequate representation of these constituencies.

7. The Court finds that the designated class representatives are appropriate representatives for settlement purposes. The Court finds that each of these representatives, or an agent or member thereof, has made a purchase or reimbursement payment for one or more of the Class Drugs.

8. The Court has considered all of the factors enumerated in FED. R. CIV. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Classes.

9. Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Class Settlements set forth in the Agreement ("the Class Settlements") and finds that the Class Settlements, the Agreement, and the plan of distribution as set forth in Paragraphs III.E-G of the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Classes.

10. The Court further approves the establishment of the Settlement Fund as set forth in the Agreement and the Escrow Agreement submitted by the Parties. The Parties are hereby directed to implement and consummate the Class Settlements according to the terms and provisions of the Agreement. In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Agreement that (i) are consistent in all material respects with this Final Order and Judgment, and (ii) do not limit the rights of the Settlement Classes.

11. The claims against the Track Two Defendants on behalf of the Classes in the MDL Class Actions are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

12. Upon the Effective Date of the Agreement, the Class Releasors (as defined in Paragraph II.E of the Agreement) shall release and forever discharge the Released Parties (as defined in Paragraph II.MM of the Agreement) from their respective Released Consumer Class Claims and Released TPP Class Claims (as defined in Paragraphs II.JJ and II.NN of the Agreement).

13. The Court finds that the Escrow Account is a "Qualified Settlement Fund" as defined in section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The Escrow Account is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

(b) The Escrow Account is established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liability arising out of an alleged violation of law; and

(c) The assets of the Escrow Account are segregated from other assets of the Track Two Defendants, the transferor of payments to the Settlement Fund, and from the assets of persons related to the Track Two Defendants.

14. Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a) The Escrow Account met the requirements of paragraphs 13 of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b) The Track Two Defendants and the "administrator" under section 1.468B-2(k)(3) of the Treasury Regulations may jointly elect to treat the Escrow Account as coming into existence as a "Qualified Settlement Fund" on the later of the date the Escrow Account met the requirements of paragraphs 13(b) and 13(c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph 13 of this Order are met. If such relation-back election is made, the assets held by the Escrow Account on such date shall be treated as having been transferred to the Escrow Account on that date.

15. Nothing in this Final Order and Judgment, the Class Settlements, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any of the Released Parties.

16. Class Counsel have moved pursuant to FED. R. CIV. P. 23(h), 54(d) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a) that the Class Settlements confer substantial benefits on the Members of each of the Settlement Classes;

(b) that the value conferred on the Settlement Classes is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid Claim Forms will receive cash payments that represent a significant portion of their alleged financial harms);

(c) that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this highly complex case;

(d) that the Class Settlements were obtained as a direct result of Class Counsel's skillful advocacy;

(e) that the Class Settlements were reached following extensive negotiation between Lead Class Counsel and the Track Two Defendants' Counsel, and were negotiated in good-faith and in the absence of collusion;

(f) that during the prosecution of the Track Two Claims in the MDL Class Actions, Class Counsel incurred expenses at least in the amount of $10,520,273.88, which included costs for expert witnesses and other expenses which the Court finds to be reasonable and necessary to the representation of the Settlement Classes;

(g) that Settlement Class Members were advised in the Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount of up to 33 1/3% of the Settlement Fund (plus interest thereon from the date of funding of the Settlement Fund) plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, to be paid from the Settlement Fund;

(h) that _________ Member(s) of the Settlement Classes has (have) submitted

written objection(s) to the award of attorneys' fees and expenses;

(i) that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984);

(j) that use of the percentage of the fund method in common fund cases is the prevailing practice in this Circuit for awarding attorneys' fees and permits the Court to focus on a showing that a fund conferring benefit on a class resulted from the lawyers' efforts. *In re Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig*., 56 F.3d 295 (1st Cir. 1995); and

(k) the requested fee award is within the applicable range of percentage awards in this Circuit; *In re Relafen Antitrust Litig*., No. 01-12239 (D. Mass. April 9, 2004) [Doc. No. 297]; *Mowbray v. Waste Management Holdings*, No. 98-11534-WGY (D. Mass. Aug. 2, 2001); *In re Copley Pharmaceutical, Inc. Sec. Litig*., No. 94-11897-WGY (D. Mass. Feb. 8, 1996); *Wilensky v. Digital Equipment Corp*., No. 94-10752-JLT (D. Mass. July 11, 2001). Accordingly, Class Counsel are hereby awarded $__________________ from the balance of the Settlement Fund, as their fee and expense award which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement, with interest from ______________ (the date of the funding of the Settlement Fund) to the date of payment, at the same net interest rate earned by the Settlement Fund. The attorneys' fees and expenses awarded by the Court shall be allocated among Class Counsel by Lead Class Counsel.

17. The Class Representatives and other appropriate parties, as identified in the Order

Granting Preliminary Approval of the Track Two Class Settlements, Directing Notice to the Classes, and Scheduling Fairness Hearing, dated March 7, 2008, are hereby compensated in the amounts set forth in their declarations concerning the amount of time spent on this case.

18. Without affecting the finality of this Final Order and Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose. The Track Two Defendants, Class Representatives, and all Settlement Class Members are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

19. In the event that the Class Settlements do not become effective according to the terms of the Agreement, this Final Order and Judgment shall be rendered null and void as provided by the Agreement, shall be vacated and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

20. No Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elected to be excluded from one or more of the Classes), shall commence, continue, or prosecute any action or proceeding against any or all Released Party or Parties in any court or tribunal asserting any of the Released Class Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

21. Pursuant to FED. R. CIV. P. 54(b) this Court expressly finds that there are no remaining claims between Class Plaintiffs and the Track Two Defendants in the MDL. There are no subsequent proceedings between the Class Plaintiffs and any remaining party in the MDL that will affect the Court's decision with respect to Class Plaintiffs' settlement with the Track Two Defendants. No party in the MDL will be prejudiced by the immediate entry of this Final Order and Judgment in accordance with the Settlement Agreement. Pursuant to FED. R. CIV. P. 54(b), this Court expressly determines that there is no just cause for delay and expressly directs that this Final Order and Judgment, upon filing in 01-CV-12257-PBS, be deemed as a final judgment with respect to each of the Settlement Classes, and specifically all such Settlement Class Members' Released Claims against the Track Two Defendants and all Released Parties.

DATED: ______________________ ______________________________
Hon. Patti B. Saris

**EXHIBIT A**

INDIVIDUALS THAT HAVE PROPERLY EXCLUDED THEMSELVES FROM CLASS 1 IN ACCORDANCE WITH THE ORDER OF ______, 2009 (Docket No. ___).

**[list all Class 1 Opt Outs]**

ENTITIES THAT HAVE PROPERLY EXCLUDED THEMSELVES FROM CLASS 2 IN ACCORDANCE WITH THE ORDER OF ______, 2009 (Docket No. ___).

**[list all Class 2 Opt Outs]**

INDIVIDUALS AND ENTITIES THAT HAVE PROPERLY EXCLUDED THEMSELVES FROM CLASS 3 IN ACCORDANCE WITH THE ORDER OF ______, 2009 (Docket No. ___).

1. Individuals

**[list all Class 3 Individual Opt Outs]**

2. Entities

**[list all Class 3 TPP Opt Outs]**

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on March 2, 2009, I caused copies of **[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL TO PROPOSED TRACK TWO CLASS ACTION SETTLEMENTS, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS, AND APPROVING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND COMPENSATION FOR CLASS REPRESENTATIVES** to be served on all counsel of record by causing same to be posted electronically via LEXIS-Nexis File & Serve.

**/s/ Steve W. Berman**
Steve W. Berman