## IN THE U.S. DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | ) | MDL NO. 1456 |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | CIVIL ACTION: 01-CV-12257-PBS |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | JUDGE PATTI B. SARIS |
| | ) | |

### MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT

Pursuant to Fed. R. Civ. P. 24, Corinna Connick, on behalf of herself and all those similarly situated, seeks leave of this Court to intervene by way of her Complaint in Intervention and Motion to Disqualify Class Counsel and for Appointment of Consumer Class Representatives and Counsel in the above-captioned case. *See* Complaint in Intervention and Motion to Disqualify Class Counsel and for Appointment of Consumer Class Representatives and Counsel, attached hereto as *Exhibit A*. As detailed below, the Intervenors' rights and interests are being finally compromised via the Track Two Settlement Agreement in the above-referenced case, yet those interests are not being adequately protected. Specifically, Intervenors' claims against the settling Defendants are being completely released for no consideration whatsoever, and, therefore, Intervenors are entitled to intervention as a matter of law.

Corinna Connick and her counsel seek to be appointed as representatives of the consumer Plaintiffs in this action, and to replace the inadequate and ineffectual organizations[1] and designated counsel,[2] none of which possess any of the claims of consumer Plaintiffs, which have done such a poor job representing consumer Plaintiffs' interests thus far in the litigation.

---

[1] These are listed in ¶ II. F. of the Track Two Settlement Agreement.
[2] These are listed in ¶ II. J. of the Track Two Settlement Agreement.

**BACKGROUND**

The above-captioned class action was filed on behalf of consumers, self-insured employers, health and welfare plans, health insurers, and other end-payers for prescription drugs against various pharmaceutical companies (referred to as the "Defendant Drug Manufacturers"). The Complaint was filed on behalf of all consumers who paid for the included drugs, including those who paid the full price without reimbursement by insurance or Medicare.  The Track Two Settlement offers benefits to consumers who made percentage co-payments, as well as to third party payers who paid the full price for the drugs.  It excludes from benefits consumers who paid the full price of the drugs, the so-called self-insured, while at the same time fully releasing their claims.

**ARGUMENT**

Intervenor easily meets the standards for intervention under Fed. R. Civ. P. 24, both as a matter of right under Rule 24(a), or in the alternative, as a permissive intervener under Rule 24(b).

**I.      INTERVENORS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT.**

Fed. R. Civ. P. 24 (a) grants the right to intervene when the following four conditions are satisfied:

(1)     the applicant claims an interest in the subject of the action;

(2)     disposition of the case will as a practical matter impair or impede the applicant's ability to protect that interest;

(3)     the application is timely, and

(4)     the applicant's interest is not adequately represented by existing parties.

Fed. R. Civ. P. 24(a); *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 544 (1st Cir. 2006).

    A.    <u>**Intervenors have a significant interest in the litigation.**</u>

It is self evident that, because Ms. Connick and the Intervenors are Plaintiffs in the above-captioned action, they have significant interests that can be impaired or impeded as a result of settlements and/or orders entered in this case. Intervention has been allowed when an intervenor claimed contractual rights that may be affected by a proposed remedy. *Id*. at 545. Here, Ms. Connick and the Intervenors claim legal rights against the Defendants and have actual legal claims against the settling Defendants that have been alleged on their behalf in this lawsuit. Corinna Connick paid full price for covered drugs during the Class Period. *See* Affidavit of Corinna Connick attached hereto as *Exhibit B*. By definition, Ms. Connick and the similarly situated Intervenors have an interest in the outcome of this lawsuit, and in the proposed Track Two Settlement, because the settlement as proposed would extinguish their claims and rights against the settling Defendants without consideration.

    B.    <u>**Intervenors' interests will be impaired if Plaintiffs succeed in settling the underlying case without benefitting the Intervenors who have a significantly protectable interest in the settlement.**</u>

In *Kellogg USA*, *supra*, the intervenor claimed that a proposed injunction could impair its contractual rights. Similarly, here, the Intervenors claim that a proposed settlement will extinguish their rights and claims without consideration. The test is met in both instances.

The Intervenors' rights and claims *vis a vis* the settling Defendants will not only be impaired but extinguished if this Court does not permit intervention, and proceeds to approve the proposed Track Two Settlement. Accordingly, Intervenors are entitled to intervention as of right

because the proposed settlement of the underlying action will, as both a legal and practical matter, impair and impede the Intervenors' ability to protect their claims against the settling Defendants.

### C. The Motion to Intervene is Timely.

This motion is timely because it has been filed two months before the April 27, 2009 hearing scheduled on the Track Two Settlement, and just a month after this Court ordered notice of the settlement and the revised deadlines to be mailed to class members. Intervenor Connick has yet to receive mailed written notice of the Track Two Settlement, and the terms of the Track Two Settlement were only recently disclosed and publicized. Prejudice, if any, to the parties or to the Court is minimal, and allowing intervention should not cause a delay of any of the deadlines currently set by the Court.

Intervenor's motion is timely because it was filed within weeks of the time when the threatened impairment of her interests became manifest. Before the settlement was publicized, there was no reason to suspect that the Track Two Settlement would differ from the prior settlements in this case, which treated all consumers equally and offered benefits to consumers who paid the full price of their drugs. *See Exhibit C*, GSK consumer settlement notice (providing benefits to consumers who paid full amount out of pocket).

Moreover, in their Memorandum of Law in Support of Final Approval, Class Counsel have announced that individual notice to Class 1 Consumer Plaintiffs has not even been completed yet, and that they anticipate the need to ask for a further extension of the deadlines for Class 1 Consumers to object or file claims. Memorandum at pp. 6-7. Any supplemental notice to Class 3 Consumers could be accomplished within the same time frame.

### D. **Intervenors' interest are not adequately represented by any parties to the litigation.**

To obtain intervention of right, a proposed intervenor has a "minimal" burden to show that existing parties may not adequately represent their interests. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Three factors govern whether an applicant's interests are adequately represented by existing parties: "(1) whether the interest of a present party is such that it will undoubtedly make all of the Intervenors' arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be Intervenors' would offer any necessary elements to the proceedings that other parties would neglect." *Southwest Ctr. for Biol. Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001). To satisfy this test, it is sufficient for an applicant to show that "because of the differences in interest, it is likely that [existing parties] will not advance the same arguments as applicants." *Id.* at 824.

Clearly, in the instant case, no existing party is going to make the arguments advanced by the Intervenors, because no one has made them up to now. Therefore, by definition, no existing party adequately represents the interest of the Intervenors. ¶ 60 of the Fourth Amended Complaint names Rebecca Hopkins as a consumer Plaintiff who paid full price for her drugs. Ms. Hopkins has clearly failed to adequately represent the Intervenors' interests. The Track Two Settlement provides no compensation to Ms. Hopkins and persons similarly situated to her. Ms. Hopkins' acquiescence is all the more perplexing in light of the GSK settlement, which provided her and similarly situated consumers with settlement benefits. There is nothing apparent in the record that would explain why Intervenors have been excluded from participation in the Track Two Settlement. Intervenors suspect that, rather than assenting to a settlement that is directly contrary to her interests, Ms. Hopkins was in fact never informed of the Track Two Settlement,

and never consented to it.

Intervention by Ms. Connick on behalf of herself and similarly situated consumers is both permitted by Rule 24(a) and necessary in order to protect the interests of members of Class 3 of the Track Two Settlement. Because Ms. Connick meets all of the elements for Rule 24(a) intervention, her motion should be granted.

## II.     IN THE ALTERNATIVE, INTERVENORS SHOULD BE GRANTED PERMISSIVE INTERVENTION.

Permissive intervention is also warranted under Rule 24(b). The court may grant permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." *In re: Sonus Networks, Inc. Sec. Litig.,* 229 F.R.D. 339, 345 (D. Mass. 2005). Courts are directed to "consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id*. As demonstrated above, Intervenors are in fact unnamed Plaintiffs in this action, and allowance of this motion will not cause any *undue* delay.[3] Intervenors seek intervention solely to protect the claims of consumers who paid the full price for their drugs, and who are not currently being adequately represented by either Rebecca Hopkins or Class Counsel. Both intervention of right and permissive intervention are warranted in this case.

---

[3] It should be noted that an appropriate amendment of the Track Two Settlement agreement to permit Intervenors to receive settlement benefits may require a further adjournment of the fairness hearing, and some supplemental notice. This delay is not *undue*, however, since it is necessary to correct a gross unfairness in the settlement that would require the settlement to be rejected.

## CONCLUSION

In light of the lack of adequate representation evidenced by the Track Two Settlement, and for all other reasons discussed above, Corinna Connick respectfully request that this Court grant her Motion to Intervene in this action on behalf of herself and all others similarly situated.

Respectfully submitted,
Corinna Connick by her attorneys,


*/s/ John J. Pentz*
John J. Pentz, Esq.
MA Bar # 561907
2 Clock Tower Place, Suite 260G
Maynard, MA  01754
Phone: (978) 461-1548
Fax: (707) 276-2925
Clasaxn@earthlink.net

EDWARD COCHRAN
**COCHRAN & COCHRAN**
20030 Marchmont Road
Shaker Hts., OH   44122
(216) 751-5546
fax (216) 751-6630
edwardcochran@wowway.com


## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on March 4, 2009 he efiled a true copy of the foregoing document via the ECF filing system of the District of Massachusetts, and as a result a copy of this document was served on every counsel of record.

*/s/ John J. Pentz*
John J. Pentz