IN THE U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | ) | MDL NO. 1456 |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | CIVIL ACTION: 01-CV-12257-PBS |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | JUDGE PATTI B. SARIS |
| | ) | |

**COMPLAINT IN INTERVENTION AND
MOTION TO DISQUALIFY CLASS COUNSEL
AND FOR APPOINTMENT OF CONSUMER
CLASS REPRESENTATIVES AND COUNSEL**

Now comes Plaintiff Corinna Connick, on behalf of herself and all those similarly situated, pursuant to Fed. R. Civ. P. 24(a) and 24(b), and makes this Complaint in Intervention and Motion to Disqualify Class Counsel and for Appointment of Consumer Class Representatives and Counsel in the above-captioned case. In support thereof, Plaintiff Connick alleges as follows:

1.      Plaintiff Corinna Connick is an individual residing at 12545 Ashton Trail, Chardon (Munson Twp), Ohio 44024.

2.      Between January 1, 1991 and January 1, 2008, Ms. Connick paid full price for the following covered drugs: Estradiol.  *See* Affidavit of Corrina Connick, filed herewith.

3.      Neither private insurance nor Medicare reimbursed Ms. Connick for any portion of the amounts she paid for these drugs.  *See* Affidavit of Corrina Connick, filed herewith.

4.      Plaintiff Connick and the proposed class of Intervenors are members of the Track Two Settlement "Class 3."  Namely, they are "natural persons in the United States who made, or incurred an obligation to make, a non-Medicare Part B payment for a Class Drug manufactured, marketed, sold, or distributed by a Released Company…"  ¶ I. C. of the Track Two Settlement

Agreement and Release. They possess all of the same claims and interests as every other class member, including those who made percentage co-payments.

5.      Plaintiff Connick and the proposed class of Intervenors constitute the class of Plaintiffs described in Paragraph 60 of the Fourth Amended Complaint, *i.e.*, individuals who paid out-of-pocket 100% of the costs of their prescription drugs. Intervenors' claims are contained in the Fourth Amended Complaint in Paragraphs 1 through 621, which Intervenors incorporate as if fully set forth herein.

6.      The Track Two Settlement would release Intervenors' claims against the settling Defendants without any consideration. The proposed settlement provides benefits only to consumers who made a percentage co-payment under Medicare Part B, or through private insurance. Consumers who paid the full price for the covered drugs will receive nothing from the settlement, yet will release their claims against the settling Defendants as a result of the settlement.

7.      There is no principled distinction between the Intervenors' claims and the claims of the class members who made percentage co-payments, or between the Intervenors and the third-party payers. The proposed Track Two Settlement unfairly and arbitrarily discriminates between similarly harmed subclasses.

8.      There are no consumer class representatives in this action who possess the claims and defenses of Consumer Class 1 and Class 3 class members. The Track Two Settlement Agreement identifies the following as representatives of the Class 1 consumers: Vermont Public Interest Research Group, Wisconsin Citizen Action, New York Statewide Senior Action Counsel, Citizen Action of New York, and Health Care for All. None of these is a member of

the consumer class, and none possesses any of the claims alleged on behalf of consumers in this action.

9. The Track Two Settlement Agreement identifies as representatives of Class 3 only Third Party Payers. There is not one consumer Plaintiff identified as a representative of Class 3 or Class 1.

10. The Track Two Settlement Agreement further discloses that Alex Sugarman-Brozan, Director of Prescription Access Litigation, and Jeffrey S. Goldenberg of Cincinnati, Ohio, were designated to act as "Consumer Allocation Counsel" in this litigation. Neither one of these attorneys is a consumer Plaintiff, nor does either represent a named consumer Plaintiff in this litigation.

11. Neither the public interest groups listed in ¶8 above, the Third Party Payers, or the designated counsel listed in ¶ 10 above have adequately represented the consumer Plaintiffs in this litigation, both in the allocation of the settlement between TPPS/ISHPs and consumers, or in the decision to exclude consumers who paid the full cost of their drugs from settlement benefits entirely.

12. Both *Amchem Prods., Inc., v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) require that, in order to bind a subclass to a settlement that "reflects essential allocation decisions designed to confine compensation and to limit defendants' liability," each subclass may only be bound "by consents given by those who understand that their role is to represent solely the members of their respective subgroups." *Amchem*, 521 U.S. at 627. In order to be an adequate representative of the consumer subclass in this action, a representative must possess the same claims and defenses as other members of that subclass. No

one in this litigation possesses the claims and defenses of consumers like Ms. Connick, and clearly no one adequately represented solely those interests in the settlement allocation.

13.     Ms. Connick seeks to intervene in this action in order to represent the consumer Plaintiffs, and to be appointed the named representative of the consumer subclass in order to negotiate a more equitable allocation that treats consumer class members fairly and equally.  She also seeks to have her undersigned counsel appointed as class counsel for the Consumer Subclass.  Every consumer should receive the same percentage of the amount they paid out-of-pocket for their drugs, regardless of how large or small that payment is.

**WHEREFORE**, Corinna Connick, on behalf of herself and a class of similarly situated Intervenors, requests the following relief:

(1) an Order granting intervention to Plaintiff Connick;

(2) an Order disqualifying purported counsel and non-profit organizations for Consumer Plaintiffs;

(3) an Order appointing Plaintiff Connick as representative for the Consumer Subclass; or, in the alternative, an Order appointing Plaintiff Connick as representative for Consumer Class 3;

(4) an Order appointing Plaintiff Connick's undersigned counsel as Lead Counsel for the Consumer Subclass;

(5) an Order requiring renegotiation of the allocation of the Settlement Fund between consumers and TPPs;

(6) an Order requiring that the Intervenors be afforded the same benefits relative to the amounts they paid for their covered drugs as other class members, and all other relief demanded in the Fourth Amended Complaint.

> Respectfully submitted,
> Corinna Connick,
> By her attorneys,
>
> */s/ John J. Pentz*
> John J. Pentz, Esq.
> MA Bar #561907
> 2 Clock Tower Place, Suite 260G
> Maynard, MA  01754
> Phone: (978) 461-1548
> Fax: (707) 276-2925
> Clasaxn@earthlink.net
>
> EDWARD COCHRAN
> **COCHRAN & COCHRAN**

        20030 Marchmont Road
        Shaker Hts., OH   44122
        (216) 751-5546
        fax (216) 751-6630
        edwardcochran@wowway.com

*Attorneys for Corinna Connick, et al*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on March 4, 2009 he efiled a true copy of the foregoing document via the ECF filing system of the District of Massachusetts, and as a result a copy of this document was served on every counsel of record.

        */s/ John J. Pentz*
        John J. Pentz