**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Master File No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*State of Arizona* v. *Abbott Labs, et al.*<br>06-CV-11069-PBS | Subcategory Case No. 06-CV-11069-PBS<br><br>Judge Patti B. Saris |

*State of Arizona* case header with parentheses; right column contains: MDL No. 1456; Master File No. 01-12257-PBS; Subcategory Case No. 06-CV-11069-PBS; Judge Patti B. Saris

**DEFENDANTS' RESPONSE TO NOTICE OF STATE OF ARIZONA'S**
**CONSENT TO STAY OF PROCEEDINGS PENDING APPEAL**

On February 17, 2009, the Plaintiff State of Arizona (hereinafter, "Plaintiff" or "State") filed a notice with the Court indicating that the State would consent to a stay of this case pending the First Circuit's rulings on appeals arising out of the MDL Class Action trial as long as the stay excluded its previously filed Motion for Protective Order Limiting Scope of Discovery. (*See* Notice of State of Ariz.'s Consent to Stay of Proceedings Pending Appeal at 1-2 (Feb. 17, 2009) (MDL 1456 Dkt. 5904, Ariz. Sub-Dkt. 166) (hereinafter "Consent to Stay").) Defendants do not oppose the proposed stay, nor do they oppose excluding the State's protective order motion from such a stay. Defendants respectfully submit this response, however, to address two issues raised in the State's Consent to Stay: (1) the State's request for leave, once the stay is lifted, to submit additional particularity lacking in the Amended Complaint and (2) the State's mischaracterization of Defendants' position with respect to the State's protective order motion.

Over seven years in this AWP MDL litigation, the Court has developed clear pleading standards. Three years into this particular action, Plaintiff should not be permitted to amend its pleading to remedy its failure to comply with those clear standards. At the hearing on Defendants' Motion to Dismiss Plaintiff's Amended Complaint, the Court suggested that it was

not inclined to allow the State to proceed "to the extent that the complaint does not follow the clear guidelines I have done over seven years, which is that you have to put both the price and a spread, or the AWP and the real market price, something to show that someone's done their homework."  (*See* Hr'g Tr. at 12 (Feb. 4, 2009) (hereinafter, the "2/4/09 Hr'g").)  Now, Plaintiff "requests leave to submit the additional documentation the Court identified at the February 4, 2009 hearing."  (Consent to Stay at 2.)  When counsel for Plaintiff made a similar request during the hearing, the Court responded that "[t]he thing that's frustrating me is, I've been saying this . . . so we're three years into this litigation.  Why hasn't it been done yet?"  (2/4/09 Hr'g at 28.) Defendants feel that same frustration and believe that Plaintiff should not be permitted, three years into the case, to expand the scope of the case by providing the particularity it should have provided years ago.

　　　Plaintiff's Consent to Stay, in addition to requesting that any stay exclude proceedings on its previously filed motion for a protective order goes on to re-argue that motion and mischaracterize Defendants' position.  (*See* Consent to Stay at 2-3.)  Defendants oppose Plaintiff's motion, which would prevent Defendants from obtaining *any* party discovery at all. (*See* Defendants' Mem. in Opp. to Pl. State of Ariz's Mot. for a Protective Or. Limiting Scope of Discovery (June 27, 2008) (MDL 1456 Dkt. 5377).)   In the Consent to Stay, Plaintiff lifts a quote from the February 4, 2009 hearing out of context to suggest that Defendants concede that they did not want any discovery from Arizona such that the State's motion should be allowed. (*See* Consent to Stay at 2).  Mr. Montgomery did not say that Defendants would agree to never seek any discovery from the State.  Rather, in saying that Defendants "don't want any discovery," Mr. Montgomery merely confirmed for the Court that Defendants have not sought discovery to this point and did not want any discovery *while their motion to dismiss is pending*. Lest their be any confusion, Defendants maintain their opposition to the State's Motion for Entry

of a Protective Order that would bar Defendants from seeking any and all discovery from the

State.

Respectfully submitted,

/s/ John P. Bueker
John T. Montgomery (BBO#352220)
John P. Bueker (BBO #636435)
Daniel J. Bennett (BBO #663324)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Counsel for Schering-Plough Corporation and*
*Warrick Pharmaceuticals Corporation on behalf*
*of all Defendants*

Dated:  March 5, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2009, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Daniel J. Bennett_____
Daniel J. Bennett