# EXHIBIT B

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Eric T. Gortner
To Call Writer Directly:
(312) 861-2285
egortner@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: (312) 665-9665

November 25, 2008

*VIA ELECTRONIC TRANSMITTAL*

George Henderson
Jeff Fauci
Department of Justice
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

**Re:** *United States ex rel. Ven-a-Care of the Florida Keys Inc. v. Roxane Laboratories, Inc.*, Civil Action No. 07-10248-PBS (D. Mass)

Dear Bunker and Jeff:

I am writing regarding the DOJ's October 31, 2008 letter request for a 30(b)(6) deposition of Defendants Roxane Laboratories, Inc., Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim Corporation ("Defendants") and its subsequent notice of deposition issued November 21, 1998 incorporating the 30(b)(6) topics from the prior letter. Defendants and the DOJ participated in meet and confers on November 13 and 19, 2008 to discuss the deposition topics and Defendants believe we have made substantial progress in reaching agreement on many issues. The following outlines both Defendants' objections to the letter request and notice of deposition and our understanding of agreements reached with the DOJ regarding the scope of the topics and the manner in which the depositions will proceed. Please let us know immediately if you disagree on any points.

**Timeframe Objection:** As a preliminary matter, Defendants object to all requests, except Request Nos. 15 and 16, as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek testimony on topics prior to 1996. We believe the DOJ has agreed to narrow all requests, except 15 and 16 (which are already narrowed to 2003-present), to the timeframe 1996- present, unless there is a particular request where information prior to 1996 is relevant. Please let us know if there are any requests to which you believe a broader timeframe is applicable.

**Objections Regarding Testimony from BIPI and BIC:** Defendants also object to Request Nos. 1-11 and 18-21 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek testimony from or about BIPI or BIC. These requests are not relevant to the corporate alter ego issues or interrelationships between the companies and therefore are not relevant to the DOJ's claims against Roxane. We understand that the DOJ disagrees with this position.

However, in light of impending deadlines and in an effort to avoid unnecessary motion practice, the DOJ will reserve its rights to seek testimony on these issues from BIPI and BIC and proceed with the deposition of a Roxane witness (or designations of prior Roxane testimony) on these topics. Similarly, the Defendants will hold in abeyance a motion for a protective order on these issues, pending the deposition of a Roxane witness (or designations of prior Roxane testimony). The parties agree that neither party waives its rights to request testimony from BIPI or BIC on these topics or to assert objections or move for a protective order regarding such testimony by going forward with the deposition of Roxane at this time, and that all deadlines for moving to either compel testimony or for a protective order shall be tolled until after the deposition of a Roxane witness (or designation of prior Roxane testimony) and after the parties have had an additional meet and confer to determine whether motion practice is necessary in light of the testimony obtained.

**Requests Satisfied by Prior Testimony**: Both sides agree that Request Nos. 1, 2, 18, and 21 can be satisfied by reference to prior Roxane 30(b)(6) testimony and therefore Roxane will not be producing a witness on these topics. Roxane agrees that testimony can be designated for these topics on a deposition basis as opposed to a page/line basis as long as we are able to further agree on certain general parameters regarding the types of testimony that can be designated within those depositions. For example, testimony in prior 30(b)(6) depositions that was objected to as outside the scope of the 30(b)(6) notice and allowed only in the witness' personal capacity and based on personal knowledge cannot be relied upon as corporate representative testimony by the DOJ. Please let us know with whom on your team we should discuss these issues as well as the process for identifying prior testimony to satisfy these requests.

**Request Nos. 3-10:** With respect to Request Nos. 3-10, Roxane objects to subparts (a) - (d) in each of these requests, which seek testimony regarding the identity of "each employee (current or former)" holding a particular belief, the time period the belief was held and "each communication and the identity of each document" and "all other information" relied upon in forming the belief. These requests are overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Roxane also objects to Request Nos. 7 and 10 because it disagrees with the implicit factual assumption that Roxane caused Medicare or Medicaid

programs to reimburse providers in excess of provider acquisition costs and because the DOJ can obtain the relevant information through Request Nos. 5, 6, 8 and 9. Accordingly, subject to and without waiving its objections, Roxane agrees only to produce a witness to speak generally regarding the topics described in Nos. 3, 4, 5, 6, 8 and 9.

Our understanding is that the DOJ has agreed to withdraw Request Nos. 7 and 10, but will not agree to narrow subparts (a)-(d) of the remaining requests (although it acknowledges that these requests must be interpreted within the bounds of reasonableness. Although disagreement remains, in light of impending deadlines, the DOJ will reserve its rights to seek complete testimony pursuant to subparts (a)-(d) and will proceed with the deposition of a Roxane witness on these topics. Similarly, the Defendants will hold in abeyance a motion for a protective order on these issues, pending the deposition. The parties agree that neither party waives its rights to seek additional testimony consistent with subparts (a)-(d) or to assert objections or move for a protective order regarding such testimony by going forward with the deposition at this time, and that all deadlines for moving to either compel testimony or for a protective order shall be tolled until after the deposition of and after the parties have had an additional meet and confer to determine whether motion practice is necessary in light of the testimony obtained.

**Request No. 11** (mistakenly numbered 13 in the 10/31/08 letter): Roxane objects to this request as overly broad, unduly burdensome, vague, as not specified with reasonable particularity and to the extent it seeks information protected by the attorney-client or work-product privilege. As discussed during our conversations, Roxane does not believe it ever took any actions to link compensation paid to its sales personnel to marketing the spread to customers, and it will produce a witness to testify to this effect in response to Request No. 11.

**Request Nos. 12 and 13**: With respect to Request Nos. 12 and 13, Defendants object to these requests as overly broad, unduly burdensome, as not described with reasonable particularity and to the extent they seek information protected by the attorney-client privilege or work product doctrine. During our meet and confers, the DOJ agreed to narrow Request No. 12 to testimony relating to sales and/or transfers of Atrovent/ipratropium bromide between Roxane and BIPI, including Roxane's manufacturing of Atrovent for BIPI. The DOJ explained that it was interested in procedures for invoicing, accounting and paying for such sales/transfers and for negotiating and determining terms and prices for such sales/transfers. The DOJ further agreed to narrow Request No. 13 to testimony regarding the 2005 creation of Boehringer Ingelheim Roxane, Inc. and the new Roxane Laboratories, Inc. Subject to and without waiving its objections, Roxane agrees to produce a witness to testify regarding Request Nos. 12 and 13 as narrowed during the parties' meet and confers.

**Request No. 14:** This Request relates to board meetings and minutes. The DOJ has agreed that, if Defendants are able to confirm that minutes were created for every board meeting that occurred, it will rely upon board documents produced in lieu of testimony. Defendants will let the DOJ know as soon as it has an answer on this issue.

**Request No. 15:** This request seeks testimony regarding the transfer of funds, stock or assets from 2003 - present. Defendants object to this request as overly broad, unduly burdensome, as not described with reasonable particularity and as seeking information that is irrelevant and not likely to lead to admissible evidence. The DOJ has agreed to withdraw this request as it relates to "any parent or sister corporation" of Defendants. The DOJ further explained that the types of information it was looking for included testimony regarding the movement of funds between Defendant companies, the payment or transfer of dividends between Defendant companies and the transfer of assets, such as real estate or drug ownership rights, between the companies. Subject to and without waiving its objections, Defendants agree to produce a witness to testify generally regarding the types of information the DOJ has described. Defendants note that the DOJ referenced the transfer of the drug Viramune (which is not a drug at issue) between Roxane and BIPI as an example of one of the issue for which it was seeking testimony pursuant to this request, however, the transfer of Viramune occurred prior to 2003 and therefore falls outside the scope of this request.

**Request No. 16:** Defendants object to Request No. 16, which seeks annual financial information, as overly broad and unduly burdensome as it relates to entities other than Roxane and as cumulative of financial statements previously produced by Roxane. With respect to Defendant Roxane, the DOJ has agreed to rely upon documents in lieu of testimony on this topic. Similarly, if audited financial statements are produced by BIPI and BIC, the DOJ will agree to rely upon those in lieu of testimony. Defendants are determining whether it will produce such documents and will let the DOJ know as soon as possible.

**Request No. 17**: Defendants object to Request No. 17 as vague, overly broad, unduly burdensome, as not described with reasonable particularity, and to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. The DOJ explained during our meet and confer that this request is seeking testimony regarding the ownership of each of the named drugs and the transfer or sale of ownership, licensing, sales or distribution rights of named drugs between two Defendant entities. Subject to and without waiving its objections, Defendants agree to produce a witness to testify generally regarding the ownership of the named drugs and any sales or transfers of rights to named drugs between the Defendant companies. Defendants note again that the DOJ referenced the transfer of the drug Viramune between Roxane and BIPI as an example of one of the issues for which it was seeking testimony pursuant

to this request, however, Viramune is not a drug at issue in the case and is not named in this request and therefore falls outside the scope of this request.

**Request No. 19:** Roxane objects to Request No. 19, which relates to compliance programs and efforts, as overly broad, unduly burdensome, not described with reasonable particularity, and to the extent it seeks information protected by the attorney-client privilege and work-product doctrine. We explained that most, if not all, information related to this topic would be privileged because Defendants' counsel was intimately involved in compliance efforts. However, subject to and without waiving its objections, Defendants will produce a witness to testify generally regarding any non-privileged final compliance programs and actions implemented by Roxane.

**Request No. 20:** With regard to Request No. 20 related to lobbying efforts, Defendants object to the request as overly broad and unduly burdensome because it does not conform to Judge Bowler's October 29, 2008 ruling, which held that Plaintiffs' request for lobbying documents was overbroad and limited the request to "defendant Roxane" (not BIC and BIPI) and to the time period of 1996 to 2003. Roxane believes that any testimony on this issue must similarly be narrowed. We understand that the DOJ disagrees with this interpretation and that there is a motion for clarification pending before Judge Bowler. While neither party waives its right to move to compel testimony or to seek a protective order, our understanding is that Roxane did not lobby "to advocate that the Medicare and/or Medicaid programs continue to use either AWP or WAC as a benchmark for reimbursement purposes" during the pertinent time period, and thus there is no testimony to provide on this topic.

The parties also discussed the scheduling and logistics of the 30(b)(6) depositions. The DOJ informed Defendants that it would have one questioner for topics 1-11 and one for topics 12-21, excluding those where we have agreed prior testimony will suffice, and therefore will require two days to complete the depositions. Defendants are agreeable to this procedure in light of the fact that multiple witnesses will probably be necessary in any event to cover the different topics. Subject to and without waiving the objections set forth in this letter and subject to the agreements and limitations set forth in this letter, Roxane will produce a 30(b)(6) witness to testify regarding Request Nos. 3-6, 8-9 and 11 on December 12, 2008. Defendants indicated that topics 12-17, and 19 relating to corporate structure and inter-company dealings are not topics for which Defendants have previously provided testimony in any AWP case and that they cover broad-ranging, complicated issues that will require significant time and effort to research and prepare a corporate representative to testify about. Accordingly, the DOJ stated it would agree to schedule the corporate designee deposition(s) covering these topics after the December 15 discovery cut-off date, and the parties will determine the best way to convey this to the Court.

KIRKLAND & ELLIS LLP



Please let myself or Maria Rivera know if you disagree with any agreements set forth in this letter or if further discussion is needed.

Very truly yours,

Eric T. Gortner

cc: Maria Rivera