# Exhibit L

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corp., et al.*, Civil Action No. 07-10248-PBS ) ) ) ) | |

## CASE MANAGEMENT ORDER

1. Except as otherwise ordered by the Court, this Order shall apply only to the parties (plaintiff the United States, and all defendants, collectively referred to herein as "Roxane"), in the case of *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corp., et al.*, No. 07-10248-PBS. This Order is intended to coordinate with the case management orders previously entered in *United States ex rel. Ven-a-Care of the Florida Keys, Inc., v. Abbott Laboratories, Inc., and Hospira, Inc.*, Civil Action No. 06-11337-PBS (D. Mass.), and *United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, No. 05-11084-PBS (D. Mass.).

## DOCUMENT PRODUCTION

2. All documents reasonably available in an electronic format shall be provided in an electronic format that is feasible and acceptable to both parties. If issues regarding the compatibility of computer systems and software arise, the parties shall confer to resolve the matter.

Case 1:07-cv-10257-PBS   Document 5945-13   Filed 09/06/09   Page 3 of 8
Case 1:07-cv-10248-PBS   Document 35-15   Filed 09/05/2007   Page 2 of 7
Case 1:07-cv-10248-PBS   Document 32-2   Filed 08/31/2007   Page 2 of 7

3. Except as otherwise agreed to by the parties or as ordered by the Court, a party upon whom a document request is served shall serve a written response within 30 days after the service of such request in accordance with Rule 34 of the Federal Rules of Civil Procedure.

4. Nothing in this Case Management Order is meant to displace the provisions of Rule 5 of the Federal Rules of Civil Procedure.

5. Except as otherwise agreed to by the parties or as ordered by the Court, a responding party to a document request shall complete production of all undisputed documents within 60 days of service of such request, subject to any objections. The parties shall confer in good faith, and agree upon a reasonable rolling production, when the nature of certain document requests renders the 60-day time period impracticable. The parties shall in good faith respond to reasonably tailored priority requests as soon as practicable.

6. Privilege logs shall be provided 30 days after a production and shall be provided on a rolling basis as documents are produced. The privilege logs shall provide reasons for each document withheld from production, as well as for each redaction from a document produced.

There shall be no redaction of documents by any party on any basis other than a bona fide claim of recognized lawful privilege or trade secret or confidential business protection. No stamps of "confidential" or the like shall obscure the text of the document. An attorney of record shall review all designations of confidentiality. All sales and

marketing data older than five years is presumed not confidential.

7. Roxane is not required to produce for a second time documents that it has previously produced to the United States, except as further production is necessary to cure deficiencies in the earlier production.

## DEPOSITION PROTOCOLS

8. The following deposition protocols apply to all nonexpert deponents. The parties shall meet and confer separately on expert witness deposition protocols.

9. Roxane shall give advance notice of depositions and use reasonable efforts to coordinate deposition discovery of current and former employees of the United States government and state governments with defendants Abbott and Dey.

10. Without agreement between the parties or court order, no deposition of any party, witness, or a witness designated pursuant to Rule 30(b)(6) shall last longer than 21 hours. The noticing party shall have 14 hours for questioning, and the non-noticing party shall have 7 hours for questioning.

11. The parties shall identify any witness they are designating as a Rule 30(b)(6) witness as soon as practicable but no later than 5 business days prior to the scheduled date of the deposition. When a 30(b)(1) notice of deposition does not identify the specific individual to be deposed, the parties shall identify the witness testifying in response to the notice as soon as practicable but no later than 5 business days prior to the scheduled date of the deposition.

-3-

12.  30(b)(1) Depositions of Current or Former Employees of the Parties. Unless otherwise agreed between the parties, a requesting party wishing to take the deposition of a current or former employee of a party shall inform the responding party in a letter or email that identifies the name of the person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. The parties shall confer regarding a mutually convenient time and place and the estimated length of the deposition. Any motion for protective order shall be filed no later than 20 business days from receiving the requesting party's initial written request. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on LexisNexis File & Serve.

13.  30(b)(6) Depositions. Unless otherwise agreed between the parties, a requesting party wishing to take the deposition of a party under Rule 30(b)(6) shall send a letter or email to the responding party that describes with reasonable particularity the matters on which examination is requested. The parties shall confer regarding a mutually convenient time and place and the estimated length of the deposition. Any motion for protective order shall be filed no later than 20 business days from receiving the requesting party's initial written request. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on LexisNexis File & Serve.

14.  Third-Party Depositions. A deposition of a third-party witness shall be initiated through service of a subpoena under Rule 45 and a notice of deposition under Rule 30. A copy of the subpoena and notice of deposition shall be provided to opposing

-4-

counsel contemporaneously. The subpoena and notice of deposition shall provide at least two-weeks' notice. The requesting party shall confer with the third-party witness and opposing counsel regarding a mutually convenient time and place and the estimated length of the deposition. When the deposition is scheduled, the party serving the subpoena shall post the subpoena and notice of deposition on LexisNexis File & Serve.

Fed. R. Civ. P. 30(b)(6)

15. The parties are allowed __1__ deposition per state as well as 18 additional depositions per side. For purposes of the discovery limits outlined in this paragraph, the United States and the Relator shall collectively constitute one party. Each party is allowed 30 interrogatories, 60 requests to admit and 3 sets of requests for production. Page limits will be strictly enforced unless the parties get advance approval for an alternative limitation. All depositions in related cases are admissible if the parties agree. For example, the parties may agree that a deposition will be admissible subject to a brief opportunity for cross-examination. The Court (or Magistrate Judge) will address any disputes about admissibility.

16. Cross-Noticed Depositions. A party in this case seeking to cross-notice a deposition in another Average Wholesale Price (AWP) case (e.g., state or federal AWP litigation) shall inform opposing counsel in writing as soon as practicable, preferably not later than two weeks from the date of the scheduled deposition. When the deposition is cross-noticed, the party cross-noticing the deposition shall serve a notice of deposition and post the notice on LexisNexis File & Serve. Depositions (and exhibits) in other AWP cases that are cross-noticed by a party in this case may be used by any party in this case

-5-

for any purpose or use that would be permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence if the deposition were taken in this case, as long as all parties to this case had notice of the deposition.

17.  Videotaped depositions shall be permitted pursuant to Fed. R. Civ. P. 30(b)(2) and (3). The swearing or affirming of the witness shall be on camera. The camera shall, at all times, include within its field of vision, only the deponent and/or an exhibit offered in evidence. The camera shall remain stationary at all times during the deposition and shall not zoom in or out.

18.  Nothing in this Order is intended to preclude any party from filing an appropriate motion for protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

### PRE-TRIAL SCHEDULE

19.  The following pre-trial schedule shall apply:

### DEADLINE ACTION

| | |
|---|---|
| September 14, 2007 | Initial Disclosures shall be served. |
| August 29, 2008 | All fact discovery shall be completed. |
| September 15, 2008 | Plaintiffs shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| October 15, 2008 | Defendants shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). |
| December 15, 2009 | Close of expert discovery. |
| February 13, 2009 | Motions for Summary Judgment shall be filed. |

March 13, 2009          Response to Motions for Summary Judgment shall be filed.

March 27, 2009          Replies to Motions for Summary Judgment shall be filed.

April 10, 2009          Surreplies to Motions for Summary Judgment shall be filed.

## MEDIATION

20.     Consistent with the representations made to the Court during the August 27, 2007 hearing regarding mediation, the Plaintiffs and Roxane have agreed to initiate mediation with mediator Eric Green. If the parties determine that mediation should be pursued through an alternate method, the parties will advise the Court accordingly.

**SO ORDERED** this 5 day of September, 2007

Patti B Saris
United States District Judge