# Exhibit I



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

23 December 2008

<u>Via Electronic Mail</u>

Eric Gortner, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601-6636

      Re:    *U.S. ex rel Ven-a-Care of the Florida Keys Inc. v. Roxane Laboratories, Inc. et al,*
             <u>MDL No. 1456/Civil Action No. 01-12257-PBS</u>

Dear Eric:

      This letter is to follow up on our telephone conversations (yours with me on December 10, and separately with Jim Breen on the same date), surrounding the deposition of [redacted] [redacted] As I explained at the time, in e-mails and in our phone call, we are very sympathetic towards [redacted] and [redacted] serious medical condition. We cancelled the deposition so that it would not be a source of discomfort and suffering for [redacted]

      At the same time, we would like to have another Roxane sales/marketing witness as a substitute, and we believe we are entitled to a deposition in place of the cancelled [redacted] deposition. The relevant background facts are these: with limited exceptions, we did not seek to depose a string of company witnesses who had already been deposed, and specifically avoided this when selecting the few National Account Managers we sought to depose. We also limited the "company" depositions to a handful, in an effort to conserve resources all around.

      We asked on October 8 for dates to depose [redacted] (and a few others). Three weeks later, on October 28, we still had heard nothing as to dates for any of them, and Laurie Oberembt sent a follow-up e-mail asking you where things stood. You forwarded the e-mail to Seth Gastwirth. It was not until November 12 -- *five weeks* after our initial request -- that we were offered a date for [redacted] deposition, "in Tampa or St. Petersburg." Moreover, we were offered but one single date, December 12, the second to last day of the discovery period, and a date more than *nine weeks out* from our initial request.

      On December 9, three days before the deposition, we were informed for the first time that [redacted] was terminally ill, on medication, and in constant pain. We were asked to cancel the deposition. After we obtained some additional information from Sara Rankin, we

Eric Gortner, Esq.
23 December 2008
Page 2

were asked to decide quickly whether we were willing to cancel because Sara was leaving Chicago for Tampa on Wednesday, December 9. As you know, virtually all of our team was traveling for depositions and it was difficult to confer. I therefore told you that we would agree to cancel the deposition on your representation that you would consider our proposal for an alternate witness.

The basis for our request for a deposition in place of ▓▓▓ is simple: had we been given a date for ▓▓ deposition more promptly, and an earlier date, the facts about ▓▓▓ ▓▓▓ illness would have come to light on the eve of that earlier date, as they did three days before the scheduled December 12 deposition. On December 10, with virtually all of our team on travel and booked with depositions, and the discovery period ending in three business days, we had no chance to go to an alternate plan. Had we learned the facts earlier, however, as a result of prompt attention to scheduling on Roxane's part, we would have had the opportunity to schedule an alternate sales/marketing witness, and would have done so.

Accordingly, please provide possible dates for the deposition of Alex Dusek in January. We feel strongly enough about this that we would be willing to ask the Court for a ruling, should you be take the position that you will not make him available.

Thank you for your consideration. I look forward to hearing from you soon.

Sincerely,

/s/ *Barbara Healy Smith*

Barbara Healy Smith

cc:   Laurie Oberembt
      Jeff Fauci
      Jim Breen
      Roslyn G. Pollack