# Exhibit J

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Eric T. Gortner
To Call Writer Directly:
312 861-2285
egortner@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: 312 665-9665

February 2, 2009

**Via Electronic Transmission**

Barbara Healy Smith, Esq.
Department of Justice
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

Re:   *United States ex rel. Ven-A-Care of the Florida Keys v. Roxane Laboratories, Inc., et al.*, Civil Action No. 07-10248-MEL

Dear Barbara:

I am writing in response to your December 23, 2008 letter and my subsequent meet-and-confer conversation with Jeff Fauci on January 16, 2009 regarding the deposition of ▮▮. As you know, shortly before ▮▮ deposition date, we learned that certain medical issues would likely make a full-day videotaped deposition unnecessarily challenging for ▮ in light of the Government's pending depositions of two other National Account Managers (Colin Carr-Hall and Debbie Kutner). As we discussed during our conversations with you and Jim Breen, we believed that the sensible course was to allow the Government to complete the pending depositions of Mr. Carr-Hall and Ms. Kutner to determine whether testimony from ▮▮ was truly necessary in this case.

The reason for this was obvious: Mr. Carr-Hall and Ms. Kutner held similar positions to ▮▮ and it was expected that the testimony from these deponents would be largely cumulative and duplicative of ▮▮ testimony. In addition, numerous Roxane sales personnel have been deposed in many other AWP cases, and the Government has the benefit of all these deposition transcripts. We nonetheless invited the Government to identify any outstanding topics that Mr. Carr-Hall or Ms. Kutner were unable to address, and to which the Government reasonably believed ▮▮ could testify. Under those circumstances, we agreed to re-visit the issue of deposing ▮▮ We certainly never agreed with the Government's position that ▮▮ condition entitled the Government to select a brand new deponent of its choosing. After all, the Government did not issue a Rule 30(b)(6) deposition notice for particular topics. Instead, it specifically requested ▮▮ presumably for a particular reason.

Hong Kong    London    Los Angeles    Munich    New York    San Francisco    Washington, D.C.

## KIRKLAND & ELLIS LLP

Barbara Healy Smith, Esq.
February 2, 2009
Page 2

      To-date, the Government has not identified any specific topics that it was precluded from exploring with Mr. Carr-Hall or Ms. Kutner. Nor has the Government given any indication that the cancellation of ▮▮▮▮▮▮ deposition has materially impacted the Government's discovery efforts. Indeed, the Government has yet to provide a reason for why it must depose three (as opposed to two) National Account Managers – aside from the Government's apparently arbitrary preference for three deponents. Of course, nothing in the governing CMO entitles the Government to a pre-determined number of National Account Manager depositions.

      Seeking to avoid burdening the Court with yet more discovery motion practice, Roxane has offered to once again reach out to ▮▮▮▮▮▮ and attempt to schedule a telephonic deposition. The Government, however, refuses this offer and insists on deposing a different National Account Manager, Mr. Dusek. Roxane cannot agree to the Government's proposal, which allows the Government to re-start discovery under its own selective parameters. Roxane respectfully requests that the Government reconsider its position here, and candidly assess whether additional deposition testimony is truly needed in this case.

Sincerely,

Eric T. Gortner