# Exhibit K



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

3 February 2009

Eric T. Gortner, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

    Re:    *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corp., et al.*, Civil Action No. 07-10248-PBS

Dear Eric:

    This letter responds to your of last night. Although I understand the positions you reiterated in your letter, I want to make clear that the United States did not agree to them, just as you have made clear that you did not agree with our position. First, we were not told that a "full-day videotaped deposition" of [redacted] would be "unnecessarily challenging for [redacted]." We were told there was a concern about [redacted] ability to testify because of [redacted] illness and the fact that [redacted] was in constant pain, and were asked if we would agree to cancel the deposition. You will recall that information and request came on the eve of the deposition and a few days before discovery closed, as I was about to go into a deposition in Delaware, as Sara Rankin from your firm was about to leave for Tampa, and during a time when most of our team was tied up in depositions around the country.

    While you did not agree at the time with our proposal to have a substitute deponent, we certainly did not agree to limit later discussion only to "re-visiting the issue of deposing [redacted] [redacted]" as I told you at the time. We agreed to cancel [redacted] deposition to spare [redacted] the discomfort and pain. I confirmed with you at the time that you would at least consider our proposal, made by me in an e-mail on December 10, that Roxane provide another witness in substitution. The reasons we believe it fair for Roxane to do so were set out in my letter of December 23: we were given a certain number of depositions in the CMO. We were judicious in our selection. Because of the significant delay after we asked for dates for [redacted] deposition, and because when we were finally given a date it was the second to last day of the discovery period, there was no time for us to notice the deposition of another witness, as we would have done if we'd learned of [redacted] illness earlier. I understand your view that

Attorney Eric Gortner
3 February 2009
Page 2

we should articulate some specific testimony that we couldn't get from another witness but believe we might get from ▓▓▓▓ or "a reason for why [we] must depose three (as opposed to two) National Account Managers." That is not a requirement of the CMO, however, nor would it have even come up if there had been prompt attention to scheduling the deposition so that we all learned earlier of the difficulty in deposing ▓▓, and been able to identify our "next choice" of witness. In the spirit of fairness, we would like to depose Alex Dusek. If you disagree, we will ask the Court to decide the issue. Please reply no later than Friday. Thank you.

                                                    Sincerely,

                                                    /s/ Barbara Healy Smith

                                                  Barbara Healy Smith

cc:    Laurie Oberembt
          Jeff Fauci
          Roslyn G. Pollack