# EXHIBIT B

# MEMORANDUM

To:     Dave Treanor, IUOE

From:  Renée Markus Hodin

Date:   April 4, 2006

Re:     PAL Attorney Relationships

---

PAL is represented in its cases by three law firms:

(1) Hagens Berman Sobol Shapiro (key contacts: Steve Berman & Tom Sobol) (www.hbsslaw.com)
(2) Labaton, Sucharow & Rudoff (key contacts: Bernie Persky & Hollis Salzman) (www.labaton.com)
(3) Zwerling, Schachter & Zwerling (key contact: Joe Lipofsky) (www.zsz.com)

PAL hand-picked these firms because we believe they share our mission, understand what PAL is seeking in its cases and possess the intelligence, creativity and experience to help us be successful in our cases. Please note that not every firm is involved in every PAL case.

As an advisor, counselor and consultant to PAL member plaintiffs in matters of litigation strategy, proposed settlements, and other case-related matters, PAL works with directly with the relevant firms in each case. Aside from case-specific matters, PAL consults regularly with all of its attorneys on possible new cases and other prescription drug policy issues.

The issue of associating with attorneys that would best represent our coalition's interests was foremost in our minds from the very beginning of the project in 2001. At that time, the multi-state tobacco litigation had concluded, and we were just beginning to fully understand the failings of those efforts. The litigation was supposed to bring (1) real change in the tobacco industry's practices and (2) settlement money devoted to health care improvement. However, as you know, these outcomes did not materialize. Instead, state budget shortfalls consumed much of the settlement funds. And, the tobacco industry was permitted to get away with making only cosmetic changes in the way they do business.

Our analysis of the tobacco litigation and its disappointing outcomes is that lawyers -- not consumers or the organizations that represent them -- were driving the litigation. We believe that the best results for consumers occur when legitimate representatives of those consumer interests have a governing role in the litigation, particularly in the shaping of the remedy. Given the level of competition among class action lawyers in the drug pricing arena, we also believe

that class action lawyers who can show convincingly that they are representing such legitimate consumer interests are more likely to play a lead role in the complex litigation, where sometimes dozens of law firms are vying for position.

While formulating the concept of the project, Community Catalyst consulted extensively with Tom Sobol, a highly respected and successful Boston class action litigator who at the time was becoming a major participant in the work of Health Law Advocates, the public interest law firm of Health Care For All, Massachusetts' statewide health advocacy organization.  Tom understood well the role of Community Catalyst and local and state grass roots organizations in the movement for health care justice.  He was also enthusiastic about having class actions that attack high drug prices closely aligned with our grass roots network.  Finally, he recognized that such an alignment would provide added legitimacy to his cases, and that would help persuade trial courts to appoint representatives from these cases to the executive committees responsible for prosecuting claims on behalf of all class members across the country.

However, he also understood that with such legitimacy would come responsibility, on the part of both the lawyers representing the grass roots network and the representative grass roots organizations themselves.  That responsibility is to guarantee that the litigation reflects and promotes the goals and interests of the constituencies served by these grass roots organizations. The initial participants in the creation of PAL drafted a set of principles that govern the litigation and the various relationships.  Among the key principles are:

1. **Shared mission:**   The Prescription Access Litigation (PAL) participants agree to work in a collaborative effort: (a) to achieve our shared mission of creating substantial economic value for consumers in order to remedy past unlawful practices of pharmaceutical companies; and (b) to achieve meaningful change in the way the pharmaceutical industry does business in order to increase access to affordable prescription and other drugs.

2. **Broad-based collaboration:** We recognize that implementation of our mission will require discrete litigation efforts, and that specific goals and/or organization will be necessary on a case-by-case basis depending on the circumstances of the litigation efforts.  Although each litigation effort will proceed independently, the participants agree to continue to exchange information and collaborate in a broad-based manner with respect to pharmaceutical litigation efforts to the extent such information exchange and collaboration is permitted under law and is appropriate.

3. **Highest ethical standards:**   We are committed to be bound by the highest standards of ethics and professionalism applicable to our respective fields. Among other things, we agree that lawyers involved in PAL Project efforts will continue to independently represent their clients zealously, using the PAL Project as a tool for the benefit of clients.

4. **Shared responsibility and control:**   With respect to particular litigation efforts, we express and believe and commit that the most effective representation of

classes or subclasses in pharmaceutical litigation includes representation both through the lawyers representing the class and/or subclass and through health care advocates and/or public interest lawyers who have worked in the field of consumer rights for access to affordable health care. Within the particular circumstances (which admittedly vary significantly from case to case) such representation and/or participation by health care advocates on behalf of a class or subclass should be achieved.

5.  **Compensation and cy pres awards:** When structuring compensation for work performed in litigation and for allocation of funds generated from litigation, we recognize that the details of this, too, must be undertaken on a case by case basis. However, we believe that all lawyers (either from the private bar or from the non-profit public interest bar) and health care advocacy organizations should be compensated for work and/or value contributed to each case. We also express the view that, as to allocation of class and/or subclass funds, it is frequently in the best interests of the class to establish, in part, a separate cy pres fund to be used for consumer benefits through increased advocacy for affordable health care.

These principles still guide PAL's work and its relationships with its attorneys.

Though he has changed law firms since the start of the project, Tom Sobol has remained an integral part of PAL. He has been lauded for his work on behalf of consumers and third-party payors in drug pricing cases. Incidentally, he has also "stuck his neck" out in a significant way in challenging the attorneys fees being requested by his ex-law firm in the tobacco litigation. Tom has also been instrumental in helping PAL select our other attorneys at Labaton, Sucharow & Rudoff (LSR) and Zwerling, Schachter & Zwerling (ZSZ).

In particular, we approached Bernie Persky at LSR and Joe Lipofsky at ZSZ because of their broad experience in drug pricing cases and because of their demonstrated interest in our mission. Joe is of-counsel to ZSZ and has a long history of working with legal services programs as well as with various labor unions and their ERISA funds. Bernie is a partner at LSR and head of its Antitrust Practice Group. He has also worked on civil rights cases in his career. Most importantly, both Joe and Bernie have been intimately involved in bringing major class actions against the pharmaceutical industry and in developing creative solutions that benefit consumers. For instance, in one of the early cases challenging illegal drug company practices, they developed a plan to direct tens of millions of settlement dollars to community health centers around the country for the benefit of their patients. In another case, Bernie and his firm were creators of a model of class representation that ensured that both consumers and third party payors had their interests separately advocated. That model, which has become the standard practice in drug price cases, was upheld last year by the 3rd Circuit Court of Appeals.

In sum, we feel that we have assembled a creative, experienced and committed group of attorneys that are highly engaged in PAL and its mission. We're happy to answer any questions you have about PAL's attorney relationships as well as any further questions about membership in the PAL coalition.