# EXHIBIT H



21539274

E-SERVICE
Sep 15 2008
5:58 PM

1   Vincent J. Montell (State Bar No. 014236)
2   Holloway Odegard Forrest & Kelly, P.C.
    3101 N. Central Avenue, Suite 1200
3   Phoenix, Arizona  85012
    Telephone:  (602) 240-6670
4   Facsimile:  (602) 240-6677

5

6   J. Andrew Jackson
    Dickstein Shapiro LLP
7   1825 Eye Street, NW
8   Washington, DC  20006
    Telephone:  (202) 420-2200
9   Facsimile:  (202) 420-2201

10

11  Attorneys for Defendants Baxter Healthcare Corporation and
    Baxter International Inc.
12

13              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

14               IN AND FOR THE COUNTY OF MARICOPA

15  ROBERT J. SWANSTON, individually and on        No. CV2002-004988
    behalf of himself and all others similarly situated,
16                                                  **DEFENDANTS' BRIEF IN**
17             Plaintiff,                           **RESPONSE TO PLAINTIFF'S**
                                                    **PROPOSED ORDER**
18  vs.                                             **DISMISSING CERTAIN**
                                                    **OVERLAPPING CLAIMS**
19  TAP PHARMACEUTICAL PRODUCTS, INC.,              **WITHOUT PREJUDICE,**
20  et al.,                                         **DATED AUGUST 15, 2008**

21             Defendants.                          (Assigned to the Honorable
                                                    Peter B. Swann)
22

23

24

25

26

27

28

DSMDB-2494472v04

## I.   INTRODUCTION[1]

Plaintiff Swanston and his counsel, Donald E. Haviland, propose an order that dismisses certain parties, claims, and drugs.[2]  However, they continue to press claims that are currently pending, have been adjudicated, or have been settled.  This Court should expand the breadth of the dismissal as follows:

• MDL Track Two Defendants with complete overlap of the drugs named in the Second Amended Complaint and those named in Exhibit B to Plaintiff's Proposed Order should be dismissed.

• Antitrust and injunctive relief claims should be dismissed.  The MDL Track Two Settlement Agreement and Release ("Track Two Settlement and Release")[3] includes these claims.[4]

• All third-party payor ("TPP") claims against the MDL Track Two Defendants should be dismissed.  The Track Two Settlement and Release includes all TPP claims against the MDL Track Two Defendants.

---

[1] Defendants interpret this Court's August 8, 2008 Minute Entry Order ("MEO") to limit this briefing to Defendants' objections to the parties, claims, and drugs dismissed by Plaintiff's Order Dismissing Certain Overlapping Claims Without Prejudice, dated August 15, 2008 ("Plaintiff's Proposed Order").  Defendants further understand the MEO to require Defendants to reserve any arguments they have with respect to parties, claims, and drugs that remain in this case for the October 15, 2008 submission.  Defendants' brief reflects this understanding and is limited in scope accordingly.

[2] See Plaintiff's Proposed Order.  Defendants understand Plaintiff's Proposed Order to be based on those drugs named in the Second Amended Complaint in connection with a specified Defendant(s).  Haviland's co-counsel made affirmative representations to this Court in May that the drugs listed in the Second Amended Complaint were the only drugs at issue.  Status Conference Transcript, May 12, 2008, at 11:6-15.

[3] The Track Two Settlement and Release was attached as Exhibit 20 to Defendants' August 6, 2008 Brief Regarding Plaintiff's Proposed Order of Dismissal and Related Motion for Partial Reconsideration of Ruling Dated March 19, 2008.

[4] Track Two Settlement Agreement And Release ("Track Two Settlement and Release"), *In re Pharmaceutical Indus. Average Wholesale Price Litig. ("In re AWP")*, No. 01-12257 (D. Mass. Mar. 7, 2008).

2

DSMDB-2494472v04

1    • Any claim against any MDL Track One Defendant that concerns self-

2    administered drugs should be dismissed. Judge Saris denied class certification for all self-

3    administered drugs.[5] She also denied class certification for certain other Class 1 consumer

4    claims against Schering-Plough and Warrick.[6]

5    • AstraZeneca LP, which was not included as an "Overlapping Defendant" in

6    Plaintiff's Proposed Order, should be dismissed from the case with respect to the

7    Overlapping Drugs Zoladex® and Pulmicort Respules®.

8    Defendants' Proposed Order accounts for all of these issues and should be

9    adopted by this Court.[7]

10

11   **II.   BACKGROUND**

12   On March 7, 2008, the MDL plaintiffs and the MDL Track Two Defendants filed a

13   joint motion for preliminary approval of the Track Two Settlement and Release.[8] All

14   consumer and TPP Track Two Settlement Class Members nationwide will release all

15   claims related to: (a) "any drug price published by any commercial price reporting

16   service"; (b) "any drug price . . . provided by any Released Company to any such

17   commercial price reporting service"; and (c) "any marketing activity relating to any such

18

19   [5] *In re AWP*, 233 F.R.D. 229, 232 (D. Mass. 2006).

     [6] *Id.* at 230.

20   [7] Plaintiff's Proposed Order has some critical typographical errors that should be corrected. First, with

21   respect to the MDL Track Two Defendants, Defendants believe that Plaintiff intended to dismiss Counts I
     through VI, and to preserve Count VII ("Conspiracy in Violation of the Arizona Antitrust Laws").

22   Plaintiff's Proposed Order appears to misidentify Plaintiff's "Consumer Protection Statute" claim as
     "Count IV" instead of "Count VI." Second, Plaintiff incorrectly identifies Defendants Bristol-Myers

23   Squibb Co., Oncology Therapeutics Network Corp. and Apothecon, Inc. (the "BMS Defendants") as MDL
     Track Two Defendants. Instead, the BMS Defendants are MDL Track One Defendants. *See In re AWP*,

24   233 F.R.D. at 230. In addition, there is some ambiguity in the dismissal clause due to the placement of the
     clause "with respect to Overlapping Drugs" in the second line of page 3. Defendants' Proposed Order

25   corrects these mistakes.
     [8] *See* Class Plaintiffs' and Track Two Defendants' Joint Motion for Entry of an Order Granting Preliminary

26   Approval of the Track Two Settlement, Certifying Classes for Purposes of Settlement, Directing Notice to
     the Classes and Scheduling Fairness Hearing, *In re AWP*, No. 01-12257 (D. Mass. Mar. 7, 2008); Track

27   Two Settlement and Release.

28

3

DSMDB-2494472v04

1  price, such as any reference to the difference between (1) a price paid and (2) any reported

2  price or reimbursement rate based on such a reported price, that were or could have been

3  alleged against any Released Company in any of the MDL Class Complaints" with respect

4  to any "Class Drug"[9] manufactured, marketed, sold, or distributed by the MDL Track Two

5  Defendants.[10]  TPP Track Two Settlement Class Members will also release all such claims

6  with respect to all drugs manufactured, marketed, sold, or distributed by the MDL Track

7  Two Defendants.[11]

8        On July 2, 2008, Judge Saris preliminarily approved the Track Two Settlement and

9  Release:

10        Pending Final Approval, no Settlement Class Member . . . shall
commence, continue or prosecute against [the MDL Track Two
11        Defendants] any action or proceeding in any court or tribunal
asserting any of the matters, claims, or causes of action that are to be
12        released upon Final Approval pursuant to the [Track Two Settlement]
Agreement, *and are hereby enjoined from so proceeding.*[12]
13

14 **III.   ARGUMENT**

15     ***A.    MDL Track Two Defendants***

16         1.   <u>This Court Should Dismiss All Claims Against MDL Track
Two Defendants With Complete Drug Overlap</u>

17
     For some MDL Track Two Defendants, all of the drugs Plaintiff names in the
18
Second Amended Complaint are listed in Exhibit B to Plaintiff's Proposed Order.
19
Consequently, this Court should dismiss *in toto* the following Defendants:  Abbott
20
Laboratories; Abbott Laboratories, Inc.; Amgen Inc.; Aventis Pharmaceuticals Inc.;
21
Hoechst Marion Roussel Inc.; ZLB Behring, L.L.C. (f/k/a Aventis Behring L.L.C.);
22

---

23 [9] The "Class Drugs" are the drugs listed in Exhibit B to the Track Two Settlement and Release. *See* Track
Two Settlement and Release at 7 & Ex. B.  The MDL Track Two Settlement and Release's Class Drug List
24 is identical to Exhibit B to Plaintiff's Proposed Order and Exhibit B to Defendants' Proposed Order.
[10] *Id.* at 11-14.
25 [11] *Id.* at 13-14.
[12] Order Granting Preliminary Approval of the Track Two Class Settlements, Directing Notice to the
26 Classes, and Scheduling Fairness Hearing, *In re AWP*, No. 01-12257, at 17-18 (D. Mass. July 2, 2008)
("Track Two Preliminary Approval") (emphasis added).
27

4

28

DSMDB-2494472v04

1  Immunex Corporation; Pharmacia Corporation; Pharmacia & Upjohn LLC, f/k/a

2  Pharmacia & Upjohn, Inc.; Pharmacia & Upjohn Company LLC; The Upjohn Company;

3  Adria Labs; Monsanto Company; and G.D. Searle.

4
      2.   <u>All Consumer Claims Against The MDL Track Two</u>

5
            <u>Defendants[13] Should Be Dismissed As To All Drugs In</u>
            <u>Exhibit B To Plaintiff's Proposed Order</u>

6
       The Track Two Settlement and Release releases *all claims, in law and equity,*

7
*related to the MDL Track Two Defendants' AWP-related pricing and marketing activities*

8
for all drugs included in the settlement (and listed in Exhibit B to Plaintiff's Proposed

9
Order).  Judge Saris's injunction in the Track Two Preliminary Approval prohibits

10
Plaintiff from proceeding with such claims.[14]

11

12
       Plaintiff argues that the Track Two Settlement and Release excludes "claims

13
[for] price fixing [or] antitrust violations."[15]  Plaintiff is wrong.  The release is applicable

14
to all consumer claims asserted here:

15
     JJ. "Released Consumer Class Claims" means any and all claims, . . .
     of any nature whatsoever, including . . . penalties . . ., in *law or*

16
     *equity*, that any Class Releasor . . . ever had [or] now has . . . arising
     out of any conduct, events, or transactions relating to any drug price

17
     published by any commercial price reporting service, or provided by
     any Released Company to any such commercial price reporting

18
     service . . . and or any marketing activity relating to any such
     price . . . for any drug . . . as listed on <u>Exhibit B</u> . . . .[16]

19

20
       Plaintiff misrepresents the Reservation of Claims and Rights clause in the Track

21
Two Settlement and Release, which provides:

22

23

24
[13] To the extent the Court agrees to dismiss the MDL Track Two Defendants referenced in section A(1) above, the remainder of Section A pertains to the remaining MDL Track Two Defendants.
[14] Track Two Preliminary Approval at 17-18.

25
[15] *See* Plaintiff's Brief in Support of Order Dismissing Without Prejudice Certain Claims and Defendants at

26
9-10 (filed on August 7, 2008); Plaintiff's Proposed Order at 2-3 (omitting Plaintiff's Count VII (antitrust claim) from the list of claims to be dismissed with respect to the MDL Track Two Defendants).

27
[16] Track Two Settlement and Release at 11 & Ex. B (emphasis added).

                          5

28

1 | 1.  Released Consumer Class Claims . . . shall not include claims *unrelated to AWP pricing, marketing or sales activities, including,* but not limited to, claims stemming from improper off-label marketing, price fixing, *antitrust violations,* and misrepresentation or fraud in the marketing or sales of pharmaceuticals *unrelated to the allegations in the MDL Class Complaints.*[17]

Of course, the consumer class members did not release claims *unrelated* to AWP pricing, marketing, or sales activities.  But all claims in this case – and particularly the price fixing/antitrust claims – are related to AWP pricing, marketing, or sales activities.

Under Massachusetts law,[18] settlement agreements are private contracts and their construction is governed by general contract law.[19]  The definition of Released Consumer Class Claims and the Reservation of Claims and Rights clause are clear and unambiguous.  Defendants respectfully submit that this Court should enforce the Track Two Settlement and Release and eliminate existing jurisdictional conflicts by dismissing Plaintiff's antitrust and injunctive relief claims as to the MDL Track Two Defendants.

      3.  <u>All Third-Party Payor ("TPP") Claims Against The MDL Track Two Defendants Should Be Dismissed</u>

Plaintiff has repeatedly suggested that he is only pursuing consumer claims.  Most recently, Plaintiff's counsel represented that "[a]t least now I'm focused on the consumer claims we've got here."[20]  However, Plaintiff's Proposed Order does not dismiss all non-consumer claims.  As part of the Track Two Settlement and Release, all TPP

---

[17] *Id.* at 42-43 (emphasis added).

[18] The "Choice of Law" provision in the Track Two Settlement and Release provides that the Track Two Settlement and Release shall be governed by and interpreted according to the substantive laws of Massachusetts without regard to choice of law or conflict of laws principles.  *Id.* at 46.

[19] *Warner Ins. Co. v. Comm'r of Ins.*, 548 N.E.2d 188, 192 n.7 (Mass. 1990); *see O'Brien v. Furlong*, No. 021659B, 2006 WL 1047073, at *2 (Mass. Super. Ct. Apr. 5, 2005) (applying contract law to a settlement agreement interpretation issue and noting that in the absence of an ambiguity, courts will construe the words of the agreement in their usual and ordinary sense); *see also Emmons v. Superior Court*, 192 Ariz. 509, 512, 968 P.2d 582, 585 (Ariz. Ct. App. 1998) ("Construction and enforcement of settlement agreements . . . are governed by general contract principles."); *Dixon v. City of Phoenix*, 173 Ariz. 612, 616 n.2, 845 P.2d 1107, 1111 n.2 (Ariz. Ct. App. 1992) (If the "language in a contract is clear and unambiguous, it must be given effect as written.").

[20] Status Conference Transcript, June 27, 2008, at 12:10-11.

6

1   Settlement Class Members[21] nationwide release all claims related to:  (a) "any drug price

2   published by any commercial price reporting service"; (b) "any drug price . . . provided by

3   any Released Company to any such commercial price reporting service"; and (c) "any

4   marketing activity relating to any such price, such as any reference to the difference

5   between (1) a price paid and (2) any reported price or reimbursement rate based on such a

6   reported price, that were or could have been alleged against any Released Company in any

7   of the MDL Class Complaints" for all drugs manufactured, marketed, sold, or distributed

8   by the MDL Track Two Defendants.[22]

9

10        Since Plaintiff apparently has abandoned his TPP class claims in recent filings

11   and appearances before this Court, Plaintiff's Proposed Order should dismiss all TPP

12   claims.  Otherwise, this Court should enforce the Track Two Settlement and Release and

13   dismiss all TPP claims against the MDL Track Two Defendants.

14        **B.    *MDL Track One Defendants*

15        Judge Saris denied the MDL plaintiffs' motion to certify a nationwide class of

16   persons and entities as to all self-administered drugs ("SADs").[23]  Judge Saris also denied

17   their request to certify the Class 1 consumer claims against Schering-Plough.[24]  As a

18   result, Plaintiff is collaterally estopped from bringing this putative class action as to SADs

19   and the Schering drugs allegedly at issue.  In addition, all AstraZeneca Zoladex® claims

20   should be dismissed.

21

22

23

24   [21] The Settlement Class Members comprise three classes: (1) all persons nationwide who made a Medicare
     Part B co-payment for a Class Drug; (2) all TPPs nationwide who reimbursed any portion of a Medicare
25   Part B co-payment for a Class Drug; and (3) all persons and TPPs nationwide who made a non-Medicare
     Part B payment or reimbursement for a Class Drug. *See* Track Two Settlement and Release at 5-6, 15.
26   [22] *Id.* at 11-14.
     [23] *See In re AWP*, 230 F.R.D. 61, 92-96 (D. Mass. 2005); *In re AWP*, 233 F.R.D. at 232.
27   [24] *In re AWP*, 233 F.R.D. at 230.

                                                    7
28

1.   Plaintiff Should Be Collaterally Estopped From Litigating
     Claims Against MDL Track One Defendants As To Self-
     Administered Drugs

Collateral estoppel precludes class certification where there was a denial of class certification in a prior case.[25] Collateral estoppel is applicable when (1) the issue or fact to be litigated was actually litigated in a previous proceeding, (2) a final judgment was entered and the determination was essential to the final judgment,[26] and (3) the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it.[27] All three requirements for applying collateral estoppel have been met. Class certification for SADs was actually litigated in the MDL, the MDL court fully considered the issue and denied class certification as to SADs based on predominance of individual issues and unmanageability of the class, and Swanston proposes to represent members of the MDL class.

[25] *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 333 F.3d 763 (7th Cir. 2003) (holding that denial of class certification was sufficiently firm to have collateral estoppel effect and unnamed class members who did not participate in federal class action were bound by court of appeals' determination); *Alvarez v. May Dep't Stores Co.*, 49 Cal. Rptr. 3d 892 (Cal. Ct. App. 2006), *cert. denied*, 128 S. Ct. 68 (2007); *Frosini v. Bridgestone Firestone N. Am. Tire, LLC*, 2007 WL 2781656 (C.D. Cal. Aug. 24, 2007); *Lee v. Criterion Ins. Co.*, 659 F. Supp. 813, 823 (S.D. Ga. 1987) (citing *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 336 (1980), for proposition that a denial of class certification stands as an adjudication of one of the issues litigated, and concluding that the Supreme Court's statement, "read with reference to the public policy against subjecting parties to repetitive litigation over an issue that has once been resolved by a court of competent jurisdiction, would seem to settle the matter").
[26] "The rules of res judicata are applicable only when a final judgment is rendered. However, *for purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.*" Restatement (Second) of Judgments § 13, at 132 (1982) (emphasis added); *see Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 181, 91 P.3d 1019, 1024 (Ariz. Ct. App. 2004) (recognizing Restatement (Second) of Judgments § 13 (1982)); *Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 224, 62 P.3d 966, 969 (Ariz. Ct. App. 2003) (same); *Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 515, 990 P.2d 1069, 1074 (Ariz. Ct. App. 1999) (same); *In re Bridgestone/Firestone*, 333 F.3d at 767 (same).
[27] *Chaney Bldg. Co. v. City of Tuscon*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (Ariz. 1986); *Moore Drug Co. v. Schaneman*, 10 Ariz. App. 587, 589, 461 P.2d 95, 97 (Ariz. Ct. App. 1969); Restatement (Second) of Judgments § 27 (1982); *see also Corbett v. ManorCare of Am., Inc.*, 213 Ariz. 618, 624, 146 P.3d 1027, 1033 (Ariz. Ct. App. 2006) (citing *Garcia*, 195 Ariz. at 514, 990 P.2d at 1073 (noting state elements of collateral estoppel are virtually identical to federal)). "[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979).

8

### a. The Issue Of Class Certification Of SADs Was Actually Litigated In The MDL

"When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated."[28]  The issue of class certification was "actually litigated" in the MDL:  the plaintiffs' pleadings sought class certification, the MDL court considered the issue, and the court denied class certification based upon predominance of individual issues and unmanageability.

Both the MDL plaintiffs and the Swanston putative class members alleged that Defendants published inflated AWPs, thereby causing consumers and private health insurers to overpay physicians and pharmacies for prescription drugs.  The MDL plaintiffs and the Swanston putative class members seek damages and equitable relief.  Both cases include claims of fraud, conspiracy, and violation of Arizona's consumer protection act, all of which are premised on Defendants' alleged pricing and marketing activities.  Defendants should not be forced to re-litigate these issues.

Collateral estoppel applies even though Plaintiff seeks statewide rather than nationwide class certification.  In *Frosini*, the defendants argued that a final order denying class certification in a related case ("*Littell I*") precluded certification of the class.  The plaintiffs argued that the *Littell I* decision concerned a nationwide class whereas the putative *Frosini* class was statewide.  The Court held that collateral estoppel applied regardless because, among other reasons,[29] the *Littell I* court rejected class certification for a nationwide class on the ground that the plaintiffs in *Littell I* had failed to show that common issues of fact or law predominated over individual issues of proof as to each proposed class.[30]  The *Frosini* court concluded that the state class certification issues presented were identical to the issues of predominance decided by the *Littell I* court and

---

[28] *Chaney Bldg.*, 148 Ariz. at 573, 716 P.2d at 30 (citing Restatement (Second) of Judgments § 27 (1982)).
[29] The *Littell I* court had also considered and denied certification for a California statewide class based on the predominance of individual issues. *Frosini*, 2007 WL 2781656, at *9.
[30] *Id.* at *8-*9.

9

1    that those issues were necessary to that court's order denying class certification.[31]

2    Similarly, in the MDL, Judge Saris refused to certify either a nationwide TPP class or a

3    nationwide consumer class as to SADs because individual issues would predominate and

4    because of concerns of unmanageability.[32]

5
6            b.   There Was A Final Judgment And The Determination Was
                  Essential To The Judgment

7            Judge Saris's class certification ruling is "final" for collateral estoppel purposes.  In

8    *Lummus Co. v. Commonwealth Oil Refining Co.*, the Second Circuit held:

9            Whether a judgment, not "final" in the sense of 28 U.S.C. § 1291,
10           ought nevertheless be considered "final" in the sense of precluding
             further litigation of the same issue, turns upon such factors as the
             nature of the decision (i.e., that it was not avowedly tentative), the
11           adequacy of the hearing, and the opportunity for review.  "Finality" in
12           the context here relevant may mean little more than that the litigation
             of a particular issue has reached such a stage that a court sees no
13           really good reason for permitting it to be litigated again.[33]

14           This Court should not allow Plaintiff to re-litigate class certification for SADs.

15   Judge Saris carefully considered the issue.[34]  In her Consolidated Order re Motion for

16   Class Certification, Jan. 30, 2006, she ruled:

17           This Court declines to certify a class of persons or Third-Party Payors
18           who made payments or reimbursements for self-administered drugs
             not appearing in the appended Table of Subject Drugs.  This denial is
19           with prejudice.[35]

20   Judge Saris's class certification rulings have not been appealed.

21

22   ───────────────────────

23   [31] *Id.* at *10.

     [32] *In re AWP*, 230 F.R.D. at 95.

24   [33] 297 F.2d 80, 89 (2d Cir. 1961); *see also Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) ("In
     this age of complex litigation, with multiple suits often arising from one occurrence, it ordinarily makes no
25   sense to relitigate the same issues between the same parties, with the possibility of inconsistent results.
     Once litigated in a fair forum, that result should be binding.").

26   [34] *See In re AWP*, 230 F.R.D. at 92-96 (discussing reasons for denying class certification as to a SAD
     class).

27   [35] *In re AWP*, 233 F.R.D. at 232.

                                                10
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

       c.   <u>Plaintiff And The Putative Class Members Had The Opportunity To Litigate The Issue</u>

"[T]he preclusive effect of a judgment is limited to parties and persons in privity with parties."[36] Swanston proposes to represent members of the MDL class.

       2.   <u>Plaintiff Should Be Collaterally Estopped From Litigating Claims Regarding The Schering Drugs</u>

Judge Saris denied certification as to Class 1 consumers of the Schering drugs that are allegedly at issue in this case. Again, all three requirements for applying collateral estoppel are satisfied. The class certification issue was actually litigated in the MDL, the MDL court fully considered the issue, and the court denied class certification as to the Class 1 consumers of the Schering drugs because "plaintiffs [did] not propose[] any adequate and typical representatives of that proposed subclass."[37] This case was pending (and Haviland was representing Swanston and the MDL class) at the time class certification was sought in the MDL. Judge Saris found that, to be a typical and adequate class representative, a plaintiff had to demonstrate that he had paid for at least one of the subject drugs manufactured by that defendant on the basis of AWP.[38] Plaintiff does not meet that standard. The judgment entered in the MDL in favor of Schering-Plough, Schering, and Warrick is now final.[39] Plaintiff should not now be permitted to re-litigate an issue that he (and his counsel) had a full and fair opportunity to litigate in the MDL.

---

[36] *Scottsdale Mem'l Health Sys., Inc. v. Clark*, 157 Ariz. 461, 466, 759 P.2d 607, 612 (Ariz. 1988).

[37] *Compare In re AWP*, 233 F.R.D. at 230, 232 (listing among other drugs for which class certification was sought albuterol, Integrilin, Intron-A, and Temodar), *with* Second Amended Complaint ¶ 259 (naming those same drugs).

[38] *See In re AWP*, 233 F.R.D. at 230; *see also In re AWP*, 230 F.R.D. at 78-80.

[39] Findings and Order on Motion of Track 1 Defendants for the Entry of Judgment Pursuant to Federal Rule of Civil Procedure 54(b), *In re AWP*, No. 01-12257, at 6, 11 (D. Mass. Nov. 20, 2007).

DSMDB-2494472v04

3.   <u>All Claims Relating To Zoladex® Against AstraZeneca LP<br>Should Be Dismissed[40]</u>

In the Second Amended Complaint, Plaintiff asserts claims on behalf of a purported class of consumers and TPPs against three AstraZeneca-related entities: 1) AstraZeneca Pharmaceuticals LP; 2) Zeneca Inc.; and 3) AstraZeneca LP.[41]  Since both AstraZeneca Pharmaceuticals LP and Zeneca Inc. are named Defendants in the MDL, Plaintiff's Proposed Order voluntarily dismisses all claims against these entities relating to AstraZeneca's drug Zoladex®, which is the subject of a pending settlement and class certification motion in the MDL.  Plaintiff refuses to dismiss the same Zoladex® claims against AstraZeneca LP, however, apparently on the ground that AstraZeneca LP is not a *named* Defendant in the MDL.  Plaintiff's position puts form over substance and should be rejected by this Court.  Like AstraZeneca Pharmaceuticals LP and Zeneca Inc., AstraZeneca LP is released by the pending Zoladex® settlement agreement and is effectively a target of the pending motion for class certification relating to certain Zoladex® claims.  Accordingly, all Zoladex® claims against AstraZeneca LP are "overlapping" and should be dismissed.

a.   <u>All Zoladex® Claims Against AstraZeneca LP Brought<br>On Behalf Of Medicare Part B Beneficiaries Have Been<br>Settled And Released And Should Be Dismissed</u>

The putative class on whose behalf Plaintiff is purporting to bring Zoladex® claims against AstraZeneca LP includes Medicare Part B beneficiaries in the State of

---

[40] Plaintiff concedes that claims relating to Pulmicort Respules® should be dismissed as to AstraZeneca Pharmaceuticals LP and Zeneca Inc.  *See* Plaintiff's Proposed Order.  As claims relating to Pulmicort Respules® were included within the scope of the class certification order in the MDL action (*see* Jan. 30, 2006 Consolidated Order re: Motion for Class Certification (Exhibit 1)), and the MDL plaintiffs conceded summary judgment as to Pulmicort Respules® in the MDL action, claims concerning Pulmicort Respules® asserted against AstraZeneca LP should likewise be dismissed.

[41] Although AstraZeneca PLC was also named as a Defendant in the Second Amended Complaint, it was dismissed with prejudice for lack of personal jurisdiction on September 2, 2004.

12

DSMDB-2494472v04

Arizona.[42]  However, on May 21, 2007, AstraZeneca Pharmaceuticals LP executed a

Settlement Agreement and Release with a nationwide class of Medicare Part B

beneficiaries in the MDL that was preliminarily approved by the MDL court on May 22,

2007 (the "Zoladex® MDL Settlement").  The Zoladex® MDL Settlement releases all

claims by Medicare Part B beneficiaries relating to the marketing, sale, purchase, cost,

reimbursement amount, or price of Zoladex® from 1991 through 2004 against *all*

AstraZeneca entities, including AstraZeneca LP.[43]

Specifically, Paragraph 2(j) of the Zoladex® MDL Settlement defines

"AstraZeneca Releasees" as AstraZeneca Pharmaceuticals LP and "its present and former

direct and indirect parents, subsidiaries, divisions, partners and affiliates . . . ."

AstraZeneca Pharmaceuticals LP is the 99% general partner of AstraZeneca LP.[44]  As a

result, there can be no question that AstraZeneca LP is released by the unambiguous

language of the Zoladex® MDL Settlement.  All Zoladex® claims against AstraZeneca LP

brought on behalf of Arizona Medicare Part B beneficiaries are therefore "overlapping"

with claims being adjudicated in the MDL and must be dismissed from this action.[45]

> b.   All Zoladex® Claims Against AstraZeneca LP Brought
> On Behalf Of Private Payors And Consumers Are The
> Subject Of A Pending Motion For Class Certification In
> The MDL And Should Be Dismissed

The remaining Zoladex® claims against AstraZeneca LP are being brought on

behalf of a purported class of private payors and consumers in the State of Arizona who

paid for Zoladex® based on AWP.[46]  However, these claims are also "overlapping" with

---

[42] Second Amended Complaint ¶¶ 24, 54.

[43] *See* Zoladex® MDL Settlement ¶ 2 (exhibits omitted) (Exhibit 2).

[44] *See* Declaration of Ann Booth-Barbarin in Support of Defendants' Submission ("Booth-Barbarin Decl.") ¶ 3 (Exhibit 3).

[45] Indeed, the dismissal will ultimately be "with prejudice" after the MDL court grants final approval to the Zoladex® MDL Settlement and enters a judgment dismissing the claims.

[46] Second Amended Complaint ¶¶ 24, 54.

13

DSMDB-2494472v04

1   claims being adjudicated in the MDL, because they are encompassed within a pending

2   motion in that case for nationwide class certification.[47]

3          Specifically, the proposed class definitions in the MDL with respect to

4   AstraZeneca are, in relevant part:

5   [MDL Proposed] Class 2:  Third-Party Payor MediGap Supplemental Insurance

6   Class:

7

8          All Third-Party Payors who made reimbursements . . . based on AWP
           for [Zoladex®] that was manufactured by AstraZeneca
9          (AstraZeneca[] PLC, Zeneca[] Inc., AstraZeneca Pharmaceuticals
           L[]P[], and AstraZeneca U.S.) . . . .

10  [MDL Proposed] Class 3:  Consumer and Third-Party Payor Class for Medicare

11  Part B Drugs Outside of the Medicare Context:

12

13         All natural persons who made, or who incurred an obligation
           enforceable at the time of judgment to make, a payment for
14         [Zoladex®] that was manufactured by AstraZeneca (AstraZeneca[]
           PLC, Zeneca[] Inc., AstraZeneca Pharmaceuticals L[]P[], and
15         AstraZeneca U.S.) . . . ; and all Third-Party Payors who made
           reimbursements based on contracts expressly using AWP as a pricing
16         standard for [Zoladex®] that was manufactured by AstraZeneca . . . .
           Included within this Class are natural persons who paid coinsurance
17         (i.e., co-payments proportional to the reimbursed amount) for
           [Zoladex®], where such coinsurance was based upon use of AWP as
18         a pricing standard.[48]

19  The proposed class certification order unambiguously includes claims brought under

20  Arizona law.[49]  Although Plaintiff acknowledges as a result that Zoladex® claims on

21  behalf of private payors and individuals in Arizona must be dismissed against AstraZeneca

22

23  Pharmaceuticals LP and Zeneca Inc., both of which are expressly named in the MDL

24  ────────────────

25  [47] *See* Plaintiff's Proposed Order.
    [48] Proposed Order re: Motion for Nationwide Class Certification Against Defendants AstraZeneca and
26  BMS (Nov. 21, 2007) ¶¶ I.A.1, I.B.1 (Exhibit 4).
    [49] *Id.* pmbl., ¶¶ I.A.4, I.B.4 (seeking certification of a nationwide class and citing, among other acts, the
27  Arizona consumer protection act) (Exhibit 4).

                                        14

28

1    complaint and in the proposed class certification order, Plaintiff refuses to similarly

2    dismiss such Zoladex® claims against AstraZeneca LP.

3      Although "AstraZeneca LP" is not listed in Plaintiff's Proposed Order (or in the

4    MDL complaint), AstraZeneca Pharmaceuticals LP, which is named in the MDL

5    complaint and in Plaintiff's Proposed Order, is the 99% general partner of AstraZeneca

6    LP.[50] The two legal entities do not operate as separate pharmaceutical businesses. Rather,

7    AstraZeneca's U.S. pharmaceutical business — which spans both legal entities —

8    functions cohesively.[51] The corporate officers responsible for overseeing AstraZeneca's

9    U.S. pharmaceutical business are common to AstraZeneca Pharmaceuticals LP and

10   AstraZeneca LP, and manage AstraZeneca's U.S. pharmaceutical business as a whole.[52]

11   Sales, marketing, contracting, and pricing activity for the U.S. pharmaceutical business is

12   conducted by the same groups for AstraZeneca LP and AstraZeneca Pharmaceuticals LP.[53]

13   To this end, AstraZeneca's products are sold in the United States through the same sales

14

15   force, and marketing activities for AstraZeneca's U.S. pharmaceutical business are

16   undertaken by the same marketing force.[54]

17     As a result, as a functional matter, any Zoladex® claims against AstraZeneca

18   LP would effectively be defended by AstraZeneca Pharmaceuticals LP. Thus, to the

19   extent Zoladex® claims against AstraZeneca Pharmaceuticals LP in this case overlap with

20   claims being adjudicated in the MDL, the same holds true for AstraZeneca LP, regardless

21   of whether it is formally named as a defendant. To find otherwise would simply ignore

22

23   [50] Booth-Barbarin Decl. ¶ 3 (Exhibit 3).

24   [51] Indeed, "AstraZeneca US," which is named in the MDL complaint and in the proposed class certification order, is often used by AstraZeneca to describe the US business conducted through the joint activity of AstraZeneca Pharmaceuticals LP and AstraZeneca LP, although it is not a legal entity and therefore not a proper defendant in the MDL. *See* www.astrazeneca-us.com; Booth-Barbarin Decl. ¶ 5 (Exhibit 3).

25   [52] Booth-Barbarin Decl. ¶ 6 (Exhibit 3).

26   [53] *See id.* ¶¶ 5, 9 (Exhibit 3).

27   [54] *See id.* ¶ 8 (Exhibit 3).

        15

28

the fundamental economic and structural reality of AstraZeneca's U.S. business, as well as the history of the MDL action, which AstraZeneca has defended on behalf of both entities. Mr. Haviland has already agreed to dismiss Zoladex® claims against AstraZeneca Pharmaceuticals LP.  For the reasons set forth above, AstraZeneca respectfully requests that this Court also dismiss the overlapping Zoladex® claims against AstraZeneca LP brought on behalf of private entities and individuals in Arizona.

## III.   CONCLUSION

For the foregoing reasons, we ask this Court to expand the scope of the dismissal. Defendants' Proposed Order is attached hereto.[55]

DATED this 15th day of September, 2008.

HOLLOWAY ODEGARD FORREST & KELLY, P.C.

By _____

Vincent J. Montell, Esq.
Holloway Odegard Forrest & Kelly, P.C.
3101 N. Central Avenue, Suite 1200
Phoenix, Arizona  85012
Telephone:  (602) 240-6670
Facsimile:  (602) 240-6677
Attorneys for Baxter Healthcare
Corporation and Baxter International Inc.

J. Andrew Jackson, Esq.
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC  20006
Telephone:   (202) 420-2200
Facsimile:   (202) 420-2201
National Counsel for Baxter Healthcare
Corporation and Baxter International Inc.

---

[55] Defendants' Proposed Order is based on Plaintiff's Proposed Order.  Attached for the Court's convenience is a redline comparison of the competing proposed orders (Exhibit 5).

DSMDB-2494472v04

1
2

COPY of the foregoing electronically filed
this 15th day of September, 2008 to:

3

Clerk of the Superior Court

4
5

COPY of the foregoing hand-delivered
this 15th day of September, 2008 to:

6

Honorable Peter B. Swann

7
8

COPY of the foregoing e-filed with Lexis/Nexis
and copied to:

9

All counsel of Record

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          17

28

DSMDB-2494472v04

1

<u>CERTIFICATE OF ELECTRONIC SERVICE</u>

2       I hereby certify that I caused a true and correct copy of the foregoing Defendants'

3 Brief In Response To Plaintiff's Proposed Order Dismissing Certain Overlapping Claims

4 Without Prejudice, Dated August 15, 2008 to be served electronically on all counsel of

5 record in this case via Lexis-Nexis File & Serve on September 15, 2008.

6

7

8

9                                                    /s/ Eden M. Heard
10                                                  Eden M. Heard

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                18

28

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
IN RE PHARMACEUTICAL INDUSTRY       )
AVERAGE WHOLESALE PRICE             )   M.D.L. No. 1456
LITIGATION                          )
_____ )   CIV. ACTION NO. 01-12257-PBS
                                    )
THIS DOCUMENT RELATES TO:           )
ALL ACTIONS                         )
_____ )
```

**CONSOLIDATED ORDER RE: MOTION FOR CLASS CERTIFICATION**

January 30, 2006

Saris, U.S.D.J.

Pursuant to Fed. R. Civ. P. 23, plaintiffs have moved for an order certifying a class in this action. After considering the submissions of the parties and the record in this case, and after hearing on January 19, 2006, I order that plaintiffs' motion for class certification is **ALLOWED IN PART and DENIED IN PART** as to the claims asserted in the Third Amended Master Consolidated Class Action Complaint ("TAMCCAC"). The Court relies on the reasons stated in court and in In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61 (D. Mass. 2005). The classes are certified as follows:

**I. CLASSES AND SUBCLASSES CERTIFIED**

**A.   Class 1:  Medicare Part B Co-Payment Class**

1. Class Definition:

All natural persons nationwide who made, or who

incurred an obligation enforceable at the time of
judgment to make, a co-payment based on AWP for a
Medicare Part B covered Subject Drug[1] that was
manufactured by AstraZeneca (AstraZeneca, PLC,
Zeneca, Inc., AstraZeneca Pharmaceuticals L.P.,
and AstraZeneca U.S.), the BMS Group (Bristol-
Myers Squibb Co., Oncology Therapeutics Network
Corp., and Apothecon, Inc.), SmithKline Beecham
Corporation d/b/a GlaxoSmithKline, or the Johnson
& Johnson Group (Johnson & Johnson, Centocor,
Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen
Pharmaceutica Products, L.P.). Excluded from the
Class are those who made flat co-payments, who
were reimbursed fully for any co-payments, or who
have the right to be fully reimbursed; and the
residents of the states of Alabama, Alaska,
Georgia, Iowa, Kentucky, Louisiana, Mississippi,
Montana, and Virginia (where consumer protection
statutes do not permit class actions).

2.   The Court certifies four Subclasses corresponding to
each of the defendant groups.

3.   The Court certifies the following plaintiffs as
representatives of these Subclasses pursuant to Fed. R. Civ. P.
23(b)(3). Leroy Townsend (AstraZeneca); David and Susan Ruth
Aaronson (GlaxoSmithKline, the BMS Group); Joyce Howe,
individually and on behalf of the Estate of Robert Howe
(AstraZeneca); James and Teresa Shepley (the Johnson & Johnson
Group); Larry Young, individually and on behalf of the Estate of

---

[1] The Subject Drugs are identified in the Table of Subject
Drugs found at the end of this Order. Defendants recently
raised the issue that some drugs were improperly included. After
conferring, the parties may move to strike drugs included in
error.

Patricia Young (the Johnson & Johnson Group).  The representative of a Subclass need only have paid for one of the Subject Drugs manufactured or marketed by a defendant group.  I decline to certify a class of persons who made co-payments for drugs manufactured by the Schering Plough Group (Schering-Plough Corporation and Warrick Pharmaceuticals Corporation) because plaintiffs have not proposed any adequate and typical representatives of that proposed subclass.

4.  The consumer protection act of each state shall apply to these Subclasses.  Specifically, the Medicare Part B Co-payment Class is certified for claims under the following statutes: (a) Ariz. Rev. Stat. § 44-1522, *et seq.*; (b) Ark. Code § 4-88-101, *et seq.*; (c) Cal. Bus. & Prof. Code §§ 17200, *et seq.*, 1770; (d) Colo. Rev. Stat. § 6-1-105, *et seq.*; (e) Conn. Gen. Stat. § 42-110b, *et seq.*; (f) 6 Del. Code § 2511, *et seq.*; (g) D.C. Code § 28-3901, *et seq.*; (h) Fla. Stat. § 501.201, *et seq.*; (i) Haw. Rev. Stat. § 480, *et seq.*; (j) Idaho Code § 48-601, *et seq.*; (k) 815 ILCS § 505/1, *et seq.*; (l) Ind. Code Ann. § 24-5-0.5.1, *et seq.*; (m) Kan. Stat. § 50-623, *et seq.*; (n) Md. Com. Law Code § 13-101, *et seq.*; (o) Mass. Gen. L. Ch. 93A, *et seq.*; (p) Mich. Stat. § 445.901, *et seq.*; (q) Minn. Stat. § 325F.67, *et seq.*; (r) Mo. Rev. Stat. § 407.010, *et seq.*; (s) Neb. Rev. Stat. § 59-1601, *et seq.*; (t) Nev. Rev. Stat. § 598.0903, *et seq.*;

(u) N.H. Rev. Stat. § 358-A:1, *et seq.*; (v) N.J. Stat. Ann. § 56:8-1, *et seq.*; (w) N.M. Stat. Ann. § 57-12-1, *et seq.*; (x) N.Y. Gen. Bus. Law § 349, *et seq.*; (y) N.C. Gen. Stat. § 75-1.1, *et seq.*; (z) N.D. Cent. Code § 51-15-01, *et seq.*; (aa) Ohio Rev. Stat. § 1345.01, *et seq.*; (bb) Okla. Stat. tit. 15 § 751, *et seq.*; (cc) Or. Rev. Stat. § 646.605, *et seq.*; (dd) 73 Pa. Stat. § 201-1, *et seq.*; (ee) R.I. Gen. Laws. § 6-13.1-1, *et seq.*; (ff) S.C. Code Laws § 39-5-10, *et seq.*; (gg) S.D. Code Laws § 37-24-1, *et seq.*; (hh) Tenn. Code § 47-18-101, *et seq.*; (ii) Tex. Bus. & Com. Code § 17.41, *et seq.*; (jj) Utah Code Ann. § 13-1 1-1, *et seq.*; (kk) Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*; (ll) Wash. Rev. Code § 19.86.010, *et seq.*; (mm) W. Va. Code § 46A-6-101, *et seq.*; (nn) Wis. Stat. § 100.18, *et seq.*; and (oo) Wyo. Stat. § 40-12-100, *et seq.* Plaintiffs allege that they have complied with the notice provisions of all consumer protection acts requiring such notice.

5.   This Class is certified pursuant to Fed. R. Civ. P. 23(b)(3).

**B.   Class 2:   Third-Party Payor MediGap Supplemental Insurance Class**

1.   Class Definition:

> All Third-Party Payors who made reimbursements for drugs purchased in Massachusetts, or who made reimbursements for drugs and have their principal place of business in Massachusetts, based on AWP

4

for a Medicare Part B covered Subject Drug that was manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.), the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.), SmithKline Beecham Corporation d/b/a GlaxoSmithKline, the Johnson & Johnson Group (Johnson & Johnson, Centocor, Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen Pharmaceutica Products, L.P.), or the Schering Plough Group (Schering-Plough Corporation and Warrick Pharmaceuticals Corporation).

2.   The Court certifies five Subclasses corresponding to each of the defendant groups.

3.   The Court certifies plaintiffs Blue Cross/Blue Shield of Massachusetts and Sheet Metal Workers National Health Fund as the representatives for this Class.

4.   The claims for this Class are certified under Mass. Gen. Laws ch. 93A.

5.   This Class is certified pursuant to Fed. R. Civ. P. 23(b)(3).

C.   **Class 3:  Consumer and Third-Party Payor Class for Medicare Part B Drugs Outside of the Medicare Context**.

1.   Class Definition:

All natural persons who made or who incurred an obligation enforceable at the time of judgment to make a payment for purchases in Massachusetts, all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard for purchases in Massachusetts, and all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard and have their principal place of

business in Massachusetts, for a physician-administered Subject Drug that was manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.), the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.), SmithKline Beecham Corporation d/b/a GlaxoSmithKline, the Johnson & Johnson Group (Johnson & Johnson, Centocor, Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen Pharmaceutica Products, L.P.), or the Schering Plough Group (Schering-Plough Corporation and Warrick Pharmaceuticals Corporation). Included within this Class are natural persons who paid coinsurance (*i.e.*, co-payments proportional to the reimbursed amount) for a Subject Drug purchased in Massachusetts, where such coinsurance was based upon use of AWP as a pricing standard. Excluded from this Class are any payments or reimbursements for generic drugs that are based on MAC and not AWP.

2.   The Court certifies five Subclasses corresponding to each of the defendant groups.

3.   The Court certifies plaintiff Pipefitters Local 537 Trust Funds and Blue Cross/Blue Shield of Massachusetts as the representatives for this Class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3). The Court also certifies Health Care For All as the representative for this Class pursuant to Fed R. Civ. P. 23(b)(2).

4.   The claims for this Class are certified under Mass. Gen. Laws ch. 93A.

## II. CLASSES NOT CERTIFIED

1.   With respect to Class 2, plaintiffs have not submitted

6

an adequate analysis of the feasibility of a nationwide class of Third-Party Payors.  Therefore, the Court declines at this time to certify this Class under the consumer protection laws of states other than Massachusetts.  However, this denial is without prejudice.

2.  With respect to Class 3, the Court declines at this time to certify this Class under the consumer protection laws of states other than Massachusetts.  However, this denial is without prejudice.

3.  The Court declines to certify a class of persons or Third-Party Payors who made payments or reimbursements for self-administered drugs not appearing in the appended Table of Subject Drugs.  This denial is with prejudice.

### III.  MISCELLANEOUS

1.  The Class Period for Class 1 and Class 2 is January 1, 1991 to January 1, 2005.  The class period for Class 3 is January 1, 1991 to the present.

2.  Excluded from these Classes are: any subsidiaries or affiliates of defendants; the officers and directors of defendants during the Class Period; members of defendants' immediate families; any person, firm, trust, corporation, officer, director, or any individual or entity in which any defendant has a controlling interest or which is related to, or

7

affiliated with, any defendant; the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded parties and governmental entities.

3.  Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as Co-Lead Counsel:  Hagens Berman Sobol Shapiro LLP; Spector Roseman & Kodroff, P.C.; Hoffman & Edelson; The Wexler Firm; and Kline & Specter.

4.  The "Together Rx" claims are not certified because they are dismissed without prejudice by the filing of the TAMCCAC.

5.  The Court retains the discretion under Rule 23 to modify this Order.  Modifications may include adding new class representatives, striking existing class representatives, and striking drugs from the Table of Subject Drugs.

6.  The Court declines to certify issues for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or to recommend appeal pursuant to Fed. R. Civ. P. 23(f).


PATTI B. SARIS
United States District Judge

8

# TABLE OF SUBJECT DRUGS

**AstraZeneca**

| NDC | Description |
|-----|-------------|
| 00186198804 | PULMICORT RESPULES 60 mls 2 X 30.25mg/2mL |
| 00186198904 | PULMICORT RESPULES 60 mls 2x30 .5mg/2mL |
| 00310096036 | Zoladex 3.6mg 1x1EA Depot |
| 00310096130 | Zoladex 10.8mg 1x1EA Depot |
| 00310095130 | Zoladex 10.8mg 1x1EA Depot |
| 00310095036 | Zoladex 3.6mg 1x1EA Depot |

**BMS Group**

| NDC | Description |
|---|---|
| 00015301026 | BLENOXANE INJ 15 UNIT VHA |
| 00015301020 | BLENOXANE INJ 15 UNIT VL |
| 00015306326 | BLENOXANE INJ 30 UNIT VHA |
| 00015306301 | BLENOXANE INJ 30 UNIT VL |
| 00590032435 | COUMADIN INJ 5MG VIAL |
| 00015053910 | CYTOXAN 100MG LYOPH W/CYT |
| 00015054812 | CYTOXAN 1G 6X50ML VHA+ |
| 00015054810 | CYTOXAN 1GM LYOPH W/CYTOG |
| 00015054610 | CYTOXAN 200MG LYOPH W/CYT |
| 00015054912 | CYTOXAN 2G 6X100ML VHA+ |
| 00015054910 | CYTOXAN 2GM LYOPH W/CYTOG |
| 00015054710 | CYTOXAN 500MG LYOPH W/CYT |
| 00015050001 | CYTOXAN FOR INJ 100 MG |
| 00015050041 | CYTOXAN INJ 100MG |
| 00015050641 | CYTOXAN INJ 1X2GM VIAL |
| 00015050241 | CYTOXAN INJ 1X500MG VIAL |
| 00015050141 | CYTOXAN INJ 200MG |
| 00015054712 | CYTOXAN LYO 500MG VL VHA |
| 00015054741 | CYTOXAN LYOPH 500MG |
| 00015053941 | CYTOXAN LYOPHILIZED 100MG |
| 00015054841 | CYTOXAN LYOPHILIZED 1GM |
| 00015054641 | CYTOXAN LYOPHILIZED 200MG |
| 00015054941 | CYTOXAN LYOPHILIZED 2GM |
| 00015050541 | CYTOXAN PINJ 1X1G VIAL |
| 00015050303 | CYTOXAN TABLETS 50 MG |
| 00015050302 | CYTOXAN TABLETS 50MG |
| 00015050401 | CYTOXAN TABS 25MG |
| 00015050301 | CYTOXAN TABS 50MG |
| 00015050348 | CYTOXAN TABS 50MG |
| 00015340420 | ETOPOPHOS 100MG VIAL |
| 00015321429 | PARAPLATIN 10X15ML VHA+ |
| 00015321529 | PARAPLATIN 10X45ML VHA+ |
| 00015321329 | PARAPLATIN 10X5ML VHA+ |
| 00015321410 | PARAPLATIN 150MG LYOPH CY |
| 00015321430 | PARAPLATIN 1X150MG LYO VL |
| 00015321530 | PARAPLATIN 1X450MG LYO VL |
| 00015321510 | PARAPLATIN 450MG VL W/CYT |
| 00015321330 | PARAPLATIN 50MG LYOPHILIZ |
| 00015321310 | PARAPLATIN 50MG W/CYTO |
| 00015335322 | RUBEX 100 MG LYOPHILIZED |
| 00015335324 | RUBEX 100MG IMMUNEX LABEL |
| 00015335124 | RUBEX 10MG IMMUNEX LABEL |
| 00015335122 | RUBEX 10MG LYOPHILIZED |
| 00015335224 | RUBEX 50MG IMMUNEX LABEL |
| 00015335222 | RUBEX 50MG LYOPHILIZED |
| 00015347630 | TAXOL 100MG INJ MULTIDOSE |
| 00015347627 | TAXOL 100MG SEM-SYN VIAL |
| 00015347620 | TAXOL 100MG/16.7ML VHA+ L |
| 00015347911 | TAXOL 300MG/50ML VIAL |
| 00015345620 | TAXOL 30MG CONC FOR INJ |

11

| | |
|---|---|
| 00015347530 | TAXOL 30MG INJ MULTIDOSE |
| 00015347527 | TAXOL 30MG SEM-SYN VIAL |
| 00015347520 | TAXOL 30MG/5ML VHA+ LABEL |
| 00015309510 | VEPESID 100MG VIAL W/CYTO |
| 00015309530 | VEPESID 100MG VL W/O CYTO |
| 00015306224 | VEPESID 1G 50ML VIAL VHA+ |
| 00015306220 | VEPESID 1GM/50ML |
| 00015306120 | VEPESID 500MG |
| 00015306124 | VEPESID 500MG 25ML VL VHA |
| 00015309145 | VEPESID 50MG CAPSULES |
| 00015309520 | VEPESID INJ 100MG/5ML |
| 00015308420 | VEPESID INJ 150MG/7.5ML |

**SmithKline Beecham Corporation d/b/a GlaxoSmithKline**

| NDC | Description |
|-----|-------------|
| 00173013093 | ALKERAN I.V. INJ 50 MG |
| 00173004535 | ALKERAN TAB 2MG 50S |
| 00173044902 | IMITREX INJ 0.5ML 12MG/ML 5S VIALS |
| 00173044901 | IMITREX INJ 12MG/ML 0.5ML 2S PFLD SRNG |
| 00173044903 | IMITREX INJ 12MG/ML 0.5ML2S KIT,SELFDOSE |
| 00173047900 | IMITREX INJ 12MG/ML STAT DOSE KIT |
| 00173047800 | IMITREX INJ 12MG/ML STAT DOSE RFL 2'S |
| 00173403291 | IMITREX SELFDOSE SYSTEM  SELFDOSE UNIT/C |
| 00173408367 | ITMD ZOVIRAX STERILE POWDER 1000MG (BWX9 |
| 00029415105 | KYTRIL 1 MG TABS 20'S SUP |
| 00029415139 | KYTRIL 1MG TABS 2'S |
| 00029415201 | KYTRIL 1MG/ML INJECTION 4ML VIAL |
| 00029414975 | KYTRIL INJ SGL DOSE VIAL 1MG/ML VHA |
| 00029414901 | KYTRIL INJ SINGLE DOSE VIAL 1MG/ML |
| 00173026010 | LANOXIN INJ 0.5MG   -PART 1.00 |
| 00173026035 | LANOXIN INJ 0.5MG 2ML 50S |
| 00173026210 | LANOXIN INJ PEDIATRIC 0.1MG/ML |
| 00173026015 | LANOXIN INJECTION   -PART 1.00 |
| 00173026055 | LANOXIN INJECTION   -PART 1.00 |
| 00173071325 | MYLERAN TAB 2MG 25S |
| 00173065601 | NAVELBINE INJ 10MG 1ML |
| 00173065644 | NAVELBINE INJ 50MG 5ML |
| 00173010793 | RETROVIR IV INF 10MG/ML 20ML 10 |
| 00173041900 | VENTOLIN NEB SOL INH    0.083% 3ML 25S |
| 00173041901 | VENTOLIN NEB SOL INH    0.083% 3ML 5S S |
| 00173038501 | VENTOLIN SOL INH 0.5% 5MG/ML 10ML |
| 00173038558 | VENTOLIN SOL INH 0.5% 5MG/ML 20ML |
| 00173044200 | ZOFRAN INJ 2MG/ML 20ML |
| 00173044202 | ZOFRAN INJ 2MG/ML 2ML 5S |
| 00173046100 | ZOFRAN INJ PRMXD 32MG/50ML |
| 00173046200 | ZOFRAN INJ PRMXD 4MG/50ML |
| 00173056900 | ZOFRAN ODT 4MG 5X2 30S |
| 00173057004 | ZOFRAN ODT 8MG 5X2 10'S |
| 00173057000 | ZOFRAN ODT 8MG 5X2 30S |
| 00173048900 | ZOFRAN ORAL SOL 4MG/5ML  50ML |
| 00173068000 | ZOFRAN TAB 24MG 1S |
| 00173044601 | ZOFRAN TAB 4MG 100S |
| 00173044602 | ZOFRAN TAB 4MG 100S UD |
| 00173044600 | ZOFRAN TAB 4MG 30S |
| 00173044604 | ZOFRAN TAB 4MG 3S |
| 00173044701 | ZOFRAN TAB 8MG 100S |
| 00173044702 | ZOFRAN TAB 8MG 100S UD |
| 00173044700 | ZOFRAN TAB 8MG 30S |
| 00173044704 | ZOFRAN TAB 8MG 3S |
| 00173095201 | ZOVIRAX FOR INJECTION 1000MG 20ML 10S © |
| 00173099501 | ZOVIRAX FOR INJECTION 500MG 10ML 10S (C# |

13

**Johnson & Johnson Group**

| NDC | Description |
| --- | --- |
| 57894003001 | C168J REMICADE 1PCK |
| 59676031201 | PROCRIT 10,000 U/ML |
| 59676031002 | PROCRIT 10000 U |
| 59676031001 | PROCRIT 10000 U/ML |
| 00062740103 | PROCRIT 10000U/ML AMG |
| 59676032001 | PROCRIT 20,000 U/ML |
| 59676030202 | PROCRIT 2000 U/ |
| 59676030201 | PROCRIT 2000 U/ML 6 |
| 00062740201 | PROCRIT 2000U/ML AMG |
| 59676030302 | PROCRIT 3000 U/ |
| 59676030301 | PROCRIT 3000 U/ML 6 |
| 00062740503 | PROCRIT 3000 U/ML INST |
| 00062740501 | PROCRIT 3000U/ML AMG |
| 59676030402 | PROCRIT 4000 U/ |
| 59676030401 | PROCRIT 4000 U/ML 6 |
| 00062740004 | PROCRIT 4000 U/ML INST |
| 59676034001 | PROCRIT 40000 U/ML |
| 00062740003 | PROCRIT 4000U/ML AMG |
| 00062542307 | PWRWNG PERMANEN |

14

## Schering Plough Group

| NDC | Description |
|---|---|
| 59930151504 | ALBUTEROL INHALATION SOLUTION |
| 59930164702 | ALBUTEROL INHALATION SOLUTION |
| 59930150006 | ALBUTEROL SULFATE INHAL. SOL. |
| 59930150008 | ALBUTEROL SULFATE INHAL. SOL. |
| 59930151701 | ALBUTEROL SULFATE SOLUTION |
| 59930151702 | ALBUTEROL SULFATE SOLUTION |
| 59930155020 | ALBUTEROL SULFATE SOLUTION |
| 00085113601 | INTEGRILIN |
| 00085117701 | INTEGRILIN |
| 00085117702 | INTEGRILIN |
| 00085123501 | INTRON A FOR INJ MULTIDOSE PEN |
| 00085124201 | INTRON A FOR INJ MULTIDOSE PEN |
| 00085125401 | INTRON A FOR INJ MULTIDOSE PEN |
| 00085116801 | INTRON A INJ 18MIU HSA FREE |
| 00085113301 | INTRON A INJ 25MIU HSA FREE |
| 00085118401 | INTRON A INJ 3MIU HSA FREE |
| 00085118402 | INTRON A INJ 3MIU HSA FREE |
| 00085119101 | INTRON A INJ 5MIU HSA FREE |
| 00085119102 | INTRON A INJ 5MIU HSA FREE |
| 00085117901 | INTRON A INJ PAK10MIU HSA FREE |
| 00085117902 | INTRON A INJ PAK10MIU HSA FREE |
| 00085057102 | INTRON A INJECTABLE 10MILLN IU |
| 00085057106 | INTRON A INJECTABLE 10MILLN IU |
| 00085111001 | INTRON A INJECTABLE 18MILLN IU |
| 00085028502 | INTRON A INJECTABLE 25MILLN IU |
| 00085064703 | INTRON A INJECTABLE 3MILLN IU |
| 00085064704 | INTRON A INJECTABLE 3MILLN IU |
| 00085064705 | INTRON A INJECTABLE 3MILLN IU |
| 00085012002 | INTRON A INJECTABLE 5 MILLN IU |
| 00085012003 | INTRON A INJECTABLE 5 MILLN IU |
| 00085012004 | INTRON A INJECTABLE 5 MILLN IU |
| 00085012005 | INTRON A INJECTABLE 5 MILLN IU |
| 00085053901 | INTRON A INJECTABLE 50MILLN IU |
| 00085068901 | INTRON A INJECTION 18 MIU |
| 00085092301 | INTRON A SOL FOR INJ 10 MILLI |
| 00085076901 | INTRON A SOL. FOR INJ. 25MILLN |
| 00085095301 | INTRON A SOLUTION 18MIU 3ML |
| 59930160001 | PERPHENAZINE |
| 59930160002 | PERPHENAZINE |
| 59930161001 | PERPHENAZINE 16MG |
| 59930160501 | PERPHENAZINE 8MG |
| 59930160502 | PERPHENAZINE 8MG |
| 59930160301 | PERPHENAZINE TABLETS |
| 59930160302 | PERPHENAZINE TABLETS |
| 00085133601 | PROVENTIL INHALATION SOLUTION |
| 00085020901 | PROVENTIL SOLUTION .083MG/ML |
| 00085180601 | PROVENTIL SOLUTION .083MG/ML |
| 00085020802 | PROVENTIL SOLUTION 5MG/ML |
| 00085020852 | PROVENTIL SOLUTION 5MG/ML |
| 00085125901 | TEMODAR 100MG |

| 00085125902 | TEMODAR 100MG |
| 00085124401 | TEMODAR 20MG |
| 00085124402 | TEMODAR 20MG |
| 00085125201 | TEMODAR 250MG |
| 00085125202 | TEMODAR 250MG |
| 00085124801 | TEMODAR 5MG |
| 00085124802 | TEMODAR 5MG |

16

# Exhibit 2



14951342
E-SERVICE
May 21 2007
3:44PM

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

## SETTLEMENT AGREEMENT AND RELEASE OF ASTRAZENECA

This Settlement Agreement and Release of AstraZeneca ("this Agreement" or this "Settlement") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the MDL Court, this Agreement is entered into between and among the Class 1 Plaintiffs and Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca");

WHEREAS, there is pending in the United States District Court for the District of Massachusetts a multi-district litigation captioned, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456, comprised of putative class actions that were transferred to and/or coordinated with or consolidated in MDL 1456 (the "MDL Class Actions");

WHEREAS, the complaints filed in the MDL Class Actions, including the consolidated complaints filed by the Class 1 Plaintiffs in MDL 1456 ("MDL Class Complaints"), allege, *inter alia*, that AstraZeneca (among others) has engaged in unlawful inflation and misrepresentation of the published Average Wholesale Prices ("AWPs") for Zoladex®, which is covered by Medicare Part B, and the unlawful use of AWPs in the marketing of Zoladex®;

WHEREAS, AstraZeneca has asserted a number of legal and factual defenses to the claims alleged in the MDL Class Actions and denies any liability to the Class 1 Plaintiffs;

172797

WHEREAS, the Class 1 Plaintiffs and AstraZeneca agree that this Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by AstraZeneca or of the truth of any of the claims or allegations alleged in the MDL Class Actions or as a waiver of any defenses thereto;

WHEREAS, Class 1 Plaintiffs' Counsel have concluded, after extensive discovery and investigation of the facts and after carefully considering the circumstances of the MDL Class Actions, including the claims asserted in the complaints filed in the MDL Class Actions and the possible legal and factual defenses thereto, and the trial of claims involving Classes 2 and 3, that it would be in the best interests of the Class 1 Plaintiffs to enter into this Agreement in order to avoid the uncertainties of trial and to assure that the benefits reflected herein are obtained for the members of Class 1 herein defined; and, further, that counsel representing the Class 1 Plaintiffs consider the settlement set forth in this Agreement to be fair, reasonable and adequate and in the best interests of Class 1;

WHEREAS, Defendant AstraZeneca, through its counsel, and the Class 1 Plaintiffs, through their counsel, after vigorous, arms-length negotiations, have conditionally agreed herein to payment by AstraZeneca of up to Twenty-Four Million Dollars ($24,000,000) (the "Settlement Amount") to settle the claims of Class 1 on a nationwide basis;

NOW, THEREFORE, it is agreed by and between the undersigned on behalf of AstraZeneca and the Class 1 Plaintiffs that the Class 1 claims be settled, compromised and dismissed on the merits and with prejudice, subject to the approval of the MDL Court, on the following terms and conditions:

1.    Class Definition.  Class 1 is comprised of all natural persons nationwide who made a co-payment based on AWP for Zoladex® under the Medicare Part B Program during the period from January 1, 1991 through December 31, 2004. Excluded from Class 1 are those who

172797

- 2 -

made flat co-payments, who were reimbursed fully for any co-payments, or who have the right to be fully reimbursed, as well as AstraZeneca and its officers, directors, management, employees, subsidiaries, and affiliates.  This class is referred to herein as "Class 1" or the "Class."

2.     Definitions.  As used in this Agreement, the following terms shall have the indicated meanings:

(a)     "Class Counsel" means all attorneys and law firms that have appeared in the MDL Class Actions on behalf of Class Plaintiffs.

(b)     "Class 1 Member" means any natural person falling within the definition of Class 1 as defined in Paragraph 1 above.

(c)     "Class Period" means January 1, 1991 through December 31, 2004, inclusive.

(d)     "Class 1 Representatives" means Leroy Townsend, or in the event of Mr. Townsend's death, his spouse or a legal representative of Mr. Townsend's estate, and Joyce Howe, on behalf of the Estate of Robert Howe.

(e)     "Class Releasors" means each Class 1 Member, including a Class 1 Members' successors, heirs, executors, trustees, administrators, legal representatives and assigns.

(f)     "Claims Administrator" means the entity chosen pursuant to the procedure described in Paragraph 10(a) below.

(g)     "CMS" means the Centers for Medicare and Medicaid Services of the United States Department of Health and Human Services.

(h)     "Effective Date" is the date defined in Paragraph 11 below.

(i)     "AstraZeneca" means AstraZeneca Pharmaceuticals LP.

172797

(j)     "AstraZeneca Releasees" means AstraZeneca and its present and former direct and indirect parents, subsidiaries, divisions, partners and affiliates, and its respective present and former stockholders, officers, directors, employees, managers, agents, attorneys and any of their legal representatives, and its predecessors, successors, heirs, executors, trustees, administrators and assigns as of the date of this Agreement.  As used in this Paragraph, "affiliates" means entities controlling, controlled by or under common control with AstraZeneca.

(k)     "Lead Class Counsel" means the law firms of Hagens Berman Sobol Shapiro LLP, Spector Roseman & Kodroff, Wexler Toriseva Wallace LLP, Edelson & Associates LLC and The Haviland Law Firm, LLC.

(l)     "MDL Court" means the Honorable Patti B. Saris, or if she is unavailable, another judge of the United States District Court for the District of Massachusetts, presiding over *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456 (D. Mass.).

(m)     "MDL Class Actions" means all putative class actions in which any AstraZeneca Releasees are named as defendants and which have been transferred to and/or coordinated with or consolidated in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456 (D. Mass.).

(n)     "MDL Class Complaints" means all of the putative class action complaints filed in MDL Class Actions that were transferred to and/or coordinated with or consolidated in MDL 1456, including all of the Master Consolidated Class Action Complaints (through and including the Fourth Amended Master Consolidated Class Action Complaint) filed in the MDL Class Actions, including all counts of such complaints that were previously dismissed by the MDL Court (e.g. putative class RICO claims).

172797

(o)   "MDL Mediator" means Eric Green of Resolutions, LLC of Boston, Massachusetts.

(p)   "Named Plaintiff" means all persons and entities that have been named plaintiffs in the Fourth Amended Master Consolidated Class Action Complaint filed with the MDL Court.

(q)   "Released Class Claims" means any and all claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that any Class Releasor who has not timely excluded himself or herself from Class 1, whether or not they object to the settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly or indirectly, representatively, derivatively or in any capacity, arising out of any conduct, events or transactions relating to the marketing, sale, purchase, cost, reimbursement amount or price of Zoladex® during the Class Period. "Released Class Claims" shall not include any claim against any person or entity that is not an AstraZeneca Releasee, any claim arising out of this Agreement, or any claim between any Class 1 Member and any AstraZeneca Releasee that is unrelated to the allegations of the MDL Complaints and/or the marketing, sale, purchase, cost, reimbursement amount or price of Zoladex®, and any claim relating to the efficacy or safety of Zoladex®.

(r)   "Released Claims" means any and all claims released by this Agreement.

(s)   "Settlement Amount" means the sum of Twenty Four Million Dollars ($24,000,000).

172797

- 5 -

(t)    "Settlement Notice" means the Notice of Proposed Settlement of

Class Action, Motion for Attorneys' Fees and Settlement Hearing substantially in the form

annexed hereto as Exhibit B-1 and the Summary Notice for publication annexed hereto as

Exhibit B-2, as the same may be modified in accordance with the Court's rulings with

respect to the motion for preliminary approval of this settlement.

3.    Settlement Consideration.

(a)    Settlement Amount for Class 1 Members.  Subject to the provisions

hereof, and in full, complete and final settlement of the claims of the Class 1 Members as

provided herein, AstraZeneca shall pay up to $24,000,000 in the aggregate to satisfy valid

claims submitted pursuant to this Agreement.

(b)    Settlement Notice and Administration Costs.  AstraZeneca shall pay

the full and complete costs of settlement notice and administration of this Settlement

separately from, and in addition to, the $24,000,000.  AstraZeneca shall have the right of

prior approval for any costs relating to settlement notice and administration.

(c)    Class Representatives.  Subject to Court approval, AstraZeneca shall

pay $5,000 each to the two Class Representatives (such payment to be made separately

from, and in addition to, the $24,000,000).  These payments shall be made to the Class

Representatives upon final approval by the MDL Court of this Class Settlement.

(d)    Attorneys' Fees and Costs.  Subject to the approval of the MDL

Court, AstraZeneca shall pay attorneys' fees and costs in the amount of $6,500,000 in fees

and $2,100,000 in costs (such payments to be made separately from, and in addition to, the

$24,000,000 and the payments to the Class Representatives set forth above).  These fees

and costs will be paid to Lead Counsel upon final approval by the MDL Court of this Class

Settlement, following notice to members of Class 1 and a hearing, as prescribed by Rule 23

172797

of the Federal Rules of Civil Procedure, subject to repayment if so required by an appeal or later event (it is intended that this be a "Quick Pay" provision). If repayment is required, the entire amount shall be repaid, with interest, within 90 days of the appeal or later event requiring repayment. Each law firm designated as Lead Class Counsel shall have joint and several liability for the entire amount.

    4.    <u>Distribution of the Settlement Amount</u>.

AstraZeneca will pay the authorized claims of Class Members as such claims are approved by the Claims Administrator, up to an aggregate total of $24,000,000 and subject to Paragraph 10(d). If the total amount of authorized claims to be paid exceeds $24,000,000, payments to Class 1 Members will be reduced proportionately.

    5.    <u>Distribution of Cy Pres</u>.

        (a)    If $10,000,000 or less of the Settlement Amount remains after all authorized claims of Class Members are paid, AstraZeneca shall pay such remaining amount to mutually acceptable charitable organizations funding cancer research or patient care (the "Cy Pres Amount"). If the Parties are unable to agree on acceptable organizations, the MDL Mediator will mediate the issue, subject to the Court's final determination and approval.

        (b)    If more than $10,000,000 of the Settlement Amount remains after all authorized claims of Class Members are paid, AstraZeneca shall only be required to pay the $10,000,000 Cy Pres Amount as provided in subsection (a) immediately above and no more.

    6.    <u>Motion for Preliminary Approval</u>. Concurrent with the submission of this Agreement for consideration by the MDL Court, Lead Class Counsel shall submit to the MDL Court a motion for preliminary approval of the settlement set forth in this Agreement, which

172797

requests entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A, and which includes a provision that enjoins Class 1 Members from litigating Released Claims pending final approval of the settlement.

7.     Settlement Fairness Hearing; Report of the MDL Mediator.  In connection with the Settlement Fairness Hearing, the MDL Mediator shall provide to the Court his opinion regarding the arms-length nature of the settlement negotiations and process, the fairness of the settlement and the zealousness of class counsel in representing Class 1.

8.     Entry of Final Judgment.  If, following the Settlement Fairness Hearing scheduled by the MDL Court pursuant to the Preliminary Approval Order, the MDL Court approves this Agreement, then counsel for the parties shall request that the MDL Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit C.

9.     Notice to Class 1 Members.

(a)     In the event the MDL Court preliminarily approves the Settlement set forth in this Agreement, Lead Class Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Preliminary Approval Order, provide all those members of the Class 1 who can be identified by reasonable means, and who have not previously elected to opt-out of Class 1, with the best notice practicable under the circumstances, as ordered by the MDL Court, in substantially the form annexed hereto as Exhibits B-1 and B-2 or as otherwise ordered by the MDL Court, which shall include publication on a web site established by Lead Class Counsel or the Claims Administrator. The Proposed Settlement Notice Plan is set forth in Exhibit B-3.

(b)     As part of the class notice program referenced above, Lead Class Counsel will seek, through the MDL Court if necessary, information from CMS concerning the identity, contact (including last known address) and payment information of individuals

who may be members of Class 1 as defined in Paragraph 1 above. This information will be utilized to provide notice to such individuals during the class notice period and to assist in the class claims administration process.

(c)     All costs of notice to Class 1 shall be paid by AstraZeneca in addition to, and separate from, the Settlement Amount, subject to the right of prior approval referenced in Paragraph 3(b) above.

10.   Class Claims Process.

(a)     The Claims Administrator shall be chosen by mutual agreement of the parties within 14 days of the entry of an order granting preliminary approval of the Settlement. Any disputes regarding the selection of the Claims Administrator shall be mediated by the MDL Mediator.

(b)     Class 1 Members will be required to submit to the Claims Administrator proof of a co-payment based on AWP for Zoladex® under the Medicare Part B Program. Submission of one of the following items will satisfy this proof: (1) a receipt, cancelled check, or credit card statement that shows a payment for Zoladex® (other than a flat co-payment); (2) a letter from a doctor saying that he or she prescribed Zoladex® and the class member paid part of the cost of Zoladex® (other than a flat co-payment) at least once; (3) a statement under penalty of perjury saying that he or she made a percentage co-payment for Zoladex® during the Class Period; or (4) any of the foregoing executed by a spouse of a deceased class member or a legal representative of a deceased class member's estate. Each class member must specify on the form the time period during which they paid for Zoladex®. Notwithstanding the above, a Medicare Part B beneficiary who, after receiving notice of this Settlement, makes a percentage co-payment for Zoladex® based on a bill received for an administration of Zoladex® during the Class Period may submit a

172797

- 9 -

claim, but must submit a receipt, cancelled check or credit card statement, as well as proof

that the payment was for an administration of Zoladex® during the Class Period, in order

for the claim to be valid.

   (c) Class 1 Members will be paid according to the April 23, 2007

Hartman Analysis of Consumer Damages as set forth in Exhibit D.  Table 1, Row 6, of

Exhibit D provides Dr. Hartman's calculation of the alleged monthly overcharge, including

interest, for each year in the Class Period for Class 1 Members who paid the full 20% co-

payment for Zoladex® under the Medicare Part B program:

| Year | Overcharge |
|------|-----------|
| 1991 | $23.88 |
| 1992 | $22.92 |
| 1993 | $18.97 |
| 1994 | $19.41 |
| 1995 | $32.86 |
| 1996 | $37.89 |
| 1997 | $50.48 |
| 1998 | $67.43 |
| 1999 | $72.15 |
| 2000 | $67.94 |
| 2001 | $65.56 |
| 2002 | $62.81 |
| 2003 | $61.30 |
| 2004 | $59.73 |

172797

Table 2, Row 6, of Exhibit D provides the alleged monthly overcharge, including interest, for each year in the Class Period for Class 1 Members who had private third party supplemental insurance requiring a percentage co-payment and therefore paid only 20% of the 20% co-payment under the Medicare Part B program:

| Year | Overcharge |
|------|------------|
| 1991 | $4.78 |
| 1992 | $4.58 |
| 1993 | $3.79 |
| 1994 | $3.88 |
| 1995 | $6.57 |
| 1996 | $7.58 |
| 1997 | $10.10 |
| 1998 | $13.49 |
| 1999 | $14.43 |
| 2000 | $13.59 |
| 2001 | $13.11 |
| 2002 | $12.56 |
| 2003 | $12.26 |
| 2004 | $11.95 |

The amount that a Class 1 Member will be eligible to receive will be based on the number of months that he or she took and paid for Zoladex® and whether he or she was uninsured or had private third-party supplemental insurance during some or all of that time period. The total amount would then be doubled. For example, an uninsured Class 1 Member who took Zoladex® for the entirety of 2002 and 2003 and paid the full 20% co-payment under

172797

- 11 -

the Medicare Part B program for each administration of Zoladex® during that time period

would be eligible to receive $2976 calculated as follows:

| | | | |
|---|---|---|---|
| 2002 overcharge per month | $62.81 | = | $753 annually |
| 2003 overcharge per month | $61.30 | = | $735 annually |
| Total Recognized Claim | | = | $1488 |
| Total Claim Would be Doubled | | = | $2976 |

(d)     All claims forms received by the Claims Administrator from

members of Class 1 shall be available at reasonable times for inspection and copying by

AstraZeneca's counsel prior to any payments being mailed to Class 1 members.  AstraZeneca

shall have the right to dispute the validity of any claim that it believes in good faith does not

meet the requirements set forth on the Claim Form, is not tendered by a Medicare Part B

beneficiary or the spouse or legal representative of a Medicare Part B beneficiary, and/or

represents an attempt to fraudulently obtain payment.  Any disputes regarding the validity of a

claim shall, in the first instance, be decided by the Claims Administrator, with a right to seek

review by the MDL Mediator and ultimately the MDL Court.  AstraZeneca will not contact any

Class Member in connection with the audit process, and neither AstraZeneca nor Class Counsel

will contact any Class 1 Member's provider in connection with the audit process.

11.     Effective Date.  The settlement detailed in this Agreement shall be effective on

the first date after all of the following events have occurred:

(a)     entry of the Preliminary Approval Order substantially in the form

annexed hereto as Exhibit A, or entry of a Preliminary Approval Order not substantially in

the form of annexed hereto with respect to which neither party invokes any rights of

termination pursuant to Paragraph 12 below;

172797

- 12 -

(b) final approval by the MDL Court of this Class Settlement, following notice to members of Class 1 and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(c) entry by the MDL Court of an Order and Final Judgment, substantially in the form set forth in Exhibit C annexed hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the MDL Court enters an order and final judgment in form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Class Settlement as permitted by Paragraph 12, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

12. Termination. AstraZeneca's Counsel and Lead Class Counsel shall each have the right to terminate the Settlement and this Agreement by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of: (a) the MDL Court declining to enter the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A; (b) a decision by the MDL Court declining to approve this Agreement or any material part of it; (c) the MDL Court declining to enter the Order and Final Judgment substantially in the form annexed hereto as Exhibit C; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the U.S. Court of Appeals or the U.S. Supreme Court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the U.S. Court of Appeals or the U.S. Supreme Court.

13.    <u>All Class Claims Satisfied by Settlement</u>.  Each Class 1 Member shall look solely to the Settlement Amount for settlement and satisfaction, as provided herein, of all Released Class Claims.

14.    <u>Class Releases</u>.  Upon the Effective Date of this Agreement in accordance with Paragraph 11 above, the AstraZeneca Releasees (as defined in Paragraph 2(j) above) shall be released and forever discharged by the Class Releasors from all Released Class Claims, as defined in Paragraph 2(q) above.  All Class Releasors hereby covenant and agree that they shall not hereafter seek to establish liability against any AstraZeneca Releasee based, in whole or in part, on any of the Released Class Claims.  In addition, each Class Releasor hereby expressly waives and releases, upon the Settlement Agreement becoming effective, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542.  <u>General Release; extent</u>.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Each Class Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Paragraph 14, but each Class Releasor hereby expressly waives and fully, finally and forever settles and releases, upon this Agreement becoming effective, any known or unknown, suspected or unsuspected, contingent or non-contingent Released Class Claims with respect to the subject matter of this Paragraph 14 whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  Each Class Releasee also hereby expressly waives and fully, finally and forever settles and releases any and all Released Class Claims it may have against Defendants under § 17200, *et seq.*, of the California Business and

172797

- 14 -

Professions Code relating to the marketing, sale, purchase, cost, reimbursement amount or price of Zoladex® during the Class Period, which claims are expressly incorporated into this Paragraph 14.

15.    Reservation of Claims.  Notwithstanding Paragraph 14 above, "Released Class Claims" shall not include any claim against any person or entity that is not an AstraZeneca Releasee, any claim arising out of this Agreement, any claim between any Class 1 Member or and any AstraZeneca Releasee that is unrelated to the allegations of the MDL Complaints and/or the marketing, sale, purchase, cost, reimbursement amount or price of Zoladex®, and any claim relating to the efficacy or safety of Zoladex®.

16.    Preservation of Rights.  The parties hereto agree that this Agreement, whether or not the Effective Date occurs, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party (other than those that have been compromised herein), and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by AstraZeneca or of the truth of any of the claims or allegations contained in any complaint or any other pleading, whether in the MDL Class Actions or in any other action or proceeding.  The parties expressly reserve all their rights if this Agreement does not become final and effective substantially in accordance with the terms of this Agreement.

17.    Effect of Termination.  If this Agreement is terminated pursuant to Paragraph 12 hereto, or the Effective Date is prevented from occurring for any reason, then (a) this Agreement shall be of no force or effect, except for payment of notice and administrative fees and costs or refunds as referenced herein; (b) any release by Class Members or Named Class Representatives pursuant hereto shall be of no force or effect; and (c) the parties shall request the MDL Court to

172797

set the Class 1 claims for trial.  The parties expressly reserve all of their rights if this Agreement is terminated or does not become final and effective.

18.     No Admission.  Nothing in this Agreement shall be construed as an admission in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority present or future, by any AstraZeneca Releasee including, without limitation, that any AstraZeneca Releasee has engaged in any conduct or practice that violates any unfair and deceptive trade practices statute or other law.  Neither this Agreement, nor any negotiations preceding it, nor any proceedings undertaken in accordance with the terms set forth herein, shall be construed as or deemed to be evidence of or an admission or concession by any AstraZeneca Releasee as to the validity of any claim that the Named Plaintiffs or Class 1 Members have or could have asserted against them or as to any liability by them, which liability is hereby expressly denied and disclaimed by the AstraZeneca Releasees.  Neither this Agreement, nor any of its provisions, nor any statement or document made or filed in connection herewith nor the fact of this Agreement, shall be filed, offered, received in evidence or otherwise used in any action or proceeding or any arbitration, except in connection with (a) settlement discussions in other matters; (b) the parties' application for approval or enforcement of this Agreement and all proceedings incident thereto, including requests for attorneys' fees, costs and disbursements and compensation to the Class; and (c) any other disputes arising from this Agreement.

19.     Stay and Resumption of Proceedings.  The parties agree, subject to the preliminary approval of the MDL Court of the Settlement, that all Class 1 proceedings in the MDL Class Actions as relate to any AstraZeneca Releasee, other than proceedings relating to the Settlement contemplated herein, shall be stayed.  In the event that this Agreement is not approved by the MDL Court or the settlement is terminated or the Effective Date is prevented

172797

from occurring, all such stayed proceedings in the MDL Class Actions as relate to any

AstraZeneca Releasee will resume in a reasonable manner to be approved by the MDL Court.

20.     Dismissal of Claims.  The parties agree that upon the Effective Date of this

Agreement in accordance with Paragraph 11 above, all Released Class Claims shall be released

pursuant to the terms of this Agreement and shall be dismissed with prejudice pursuant to the

Final Order of Approval.

21.     Consent to Jurisdiction.  AstraZeneca and the Class Plaintiffs hereby irrevocably

submit to the exclusive jurisdiction of the MDL Court only for the specific purpose of any suit,

action, proceeding or dispute arising out of or relating to this Agreement or the applicability of

this Agreement.

22.     Resolution of Disputes; Retention of Jurisdiction.  Any disputes between or

among AstraZeneca and any Class 1 Members concerning matters contained in this Agreement

shall, if they cannot be resolved by negotiation and agreement, be submitted to the MDL

Mediator, and then, if they cannot be resolved by the MDL Mediator, to the MDL Court.  The

MDL Court shall retain jurisdiction over the implementation and enforcement of this Agreement.

23.     Enforcement of Agreement.  Notwithstanding Paragraph 18 above, this

Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding

that has been or may be instituted, prosecuted or attempted with respect to any of the Released

Class Claims and may be filed, offered and received into evidence and otherwise used for such

defense.

24.     Binding Effect.  This Agreement shall be binding upon, and inure to the benefit

of, the successors and assigns of the parties hereto.

25.     Authorization to Enter Agreement.  The undersigned representatives of

AstraZeneca represent that they are fully authorized to enter into and to execute this Agreement

172797

- 17 -

on behalf of AstraZeneca. Lead Class Counsel represent that they are fully authorized to conduct settlement negotiations with defense counsel on behalf of the Class Representatives and Class 1 Members and to enter into, and to execute, this Agreement on behalf of the Class Representatives and Class 1 Members, subject to Court approval pursuant to Fed. R. Civ. P. 23(e).

26.     No Party Is the Drafter.  None of the parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of construction that would or might cause any provision to be construed against the drafter hereof.

27.     Choice of Law.  All terms of this Agreement shall be governed by and interpreted according to the substantive laws of the State of Massachusetts without regard to its choice of law or conflict of laws principles.

28.     Amendment or Waiver.  This Agreement shall not be modified in any respect except by a writing executed by all the parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party.  The waiver by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Agreement.

29.     Execution in Counterparts.  This Agreement may be executed in counterparts. Facsimile or PDF signatures shall be considered as valid signatures as of the date thereof, although the original signature pages shall thereafter be appended to this Agreement and filed with the MDL Court.

30.     Integrated Agreement.  This Agreement, including the exhibits hereto, contains an entire, complete, and integrated statement of each and every term and provision agreed to by and between the parties hereto.

172797

31.    <u>Construction</u>.  This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the Released Claims with respect to the AstraZeneca Releasees.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Agreement as of the date first herein above written.

DATED:  May 21, 2007                    By  _Steve W. Berman_

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

172797

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

172797

COUNSEL FOR DEFENDANT
ASTRAZENECA
PHARMACEUTICALS LP


By _____
D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY  10017

Nicholas C. Theodorou (BBO #496730)
Michael B. Keating (BBO #263360)
Michael P. Boudett (BBO #558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  022110

172797

# Exhibit 3

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ROBERT J. SWANSTON, individually and on behalf of himself and all others similarly situated, | Case No.: CV2002-004988 |
| Plaintiffs, | **DECLARATION OF ANN BOOTH-BARBARIN IN SUPPORT OF DEFENDANTS' SUBMISSION** |
| vs. | (Assigned to the Hon. Peter Swann) |
| TAP PHARMACEUTICAL PRODUCTS, INC., et al., | |
| Defendants. | |

Ann Booth-Barbarin declares and says:

1.      I am the Assistant Secretary of both AstraZeneca Pharmaceuticals LP and AstraZeneca LP.

2.      Following the April 6, 1999 merger between Zeneca Group PLC and Astra AB, the U.S. pharmaceutical business for AstraZeneca operates through AstraZeneca Pharmaceuticals LP and AstraZeneca LP, collectively.

3.      AstraZeneca LP is a limited partnership organized under the laws of Delaware. AstraZeneca Pharmaceuticals LP is the 99% general partner of AstraZeneca LP. Merck & Co., Inc. is a 1% residual limited partner.

4.      AstraZeneca PLC is the indirect parent of Zeneca Inc., AstraZeneca Pharmaceuticals LP, and AstraZeneca LP.

5.      AstraZeneca's U.S. pharmaceutical business (i.e. non-biologics) is conducted through the combined efforts of AstraZeneca LP and AstraZeneca Pharmaceuticals LP.  For instance, marketing, sales, and contracting functions are conducted by the same groups for AstraZeneca LP and AstraZeneca Pharmaceuticals LP.

6.      AstraZeneca's U.S. pharmaceutical business is conducted under the joint leadership of AstraZeneca Pharmaceuticals LP and AstraZeneca LP, as indicated on the AstraZeneca United States website (http://www.astrazeneca-us.com/).  Indeed, the corporate officers responsible for overseeing AstraZeneca's U.S. pharmaceutical business are the same officers for both AstraZeneca Pharmaceuticals LP and AstraZeneca LP.

7.      The performance of the U.S. pharmaceutical business is measured in accordance with a single "AZ US Scorecard," which is a performance management system that helps to enable the organization to translate its strategy and vision into action.

8.      AstraZeneca's products are sold in the United States through the same sales force.  Similarly, all marketing activities for AstraZeneca's U.S. pharmaceutical business are undertaken by the same marketing force.  Thus, the same marketing and sales personnel support the AstraZeneca products marketed and sold in the United States.

9.      Pricing and contracting strategy for AstraZeneca's U.S. pharmaceutical business is developed in a coordinated fashion.

10.     As with the sales and marketing services, legal,  finance, tax,  human resources, budgeting and planning, information services, public affairs, and headquarters

2

operations are provided by the same groups to both AstraZeneca LP and AstraZeneca Pharmaceuticals LP.

By: _____

Ann Booth-Barbarin

Dated:   September 15, 2008

3

# Exhibit 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| TRACK 1 TRIAL | Judge Patti B. Saris |

**[PROPOSED] ORDER RE:  MOTION FOR NATIONWIDE CLASS CERTIFICATION AGAINST DEFENDANTS ASTRAZENECA AND BMS**

December __, 2007

Saris, U.S.D.J.

Pursuant to Fed. R. Civ. P. 23, plaintiffs have moved for an order certifying a nationwide class in this action against Defendants AstraZeneca and BMS.  After considering the submissions of the parties and the record in this case, including prior class certification proceedings and hearings, I order that plaintiffs' motion for nationwide class certification is **GRANTED** as to the claims asserted in the Fifth Amended Master Consolidated Class Action Complaint ("FAMCCAC").  The Court relies on the reasons stated in (i) court; (ii) *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61 (D. Mass. 2005); (iii) January 30, 2006 Consolidated Order Re: Motion for Class Certification (Docket No. 2097-1); (iv) the findings of fact and conclusions of law set forth in *In re Pharm. Indus. Average Wholesale Price Litig.*, 491 F. Supp. 2d 20 (D. Mass. 2007); and (v) the November 1, 2007 Memorandum and Order regarding final judgment (Docket No. 4867).  The classes are certified as follows:

- 1 -

## I.   CLASSES AND SUBCLASSES CERTIFIED

A.   **Class 2:  Third-Party Pavor MediGap Supplemental Insurance Class**

    1.    Class Definition:

> All Third-Party Payors who made reimbursements for drugs based
> on AWP for a Medicare Part B covered Subject Drug that was
> manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc.,
> AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.) or the
> BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics
> Network Corp., and Apothecon, Inc.).

    2.    The Court certifies two Subclasses corresponding to each of defendant group.

    3.    The Court certifies plaintiffs United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund ("UFCW") and Sheet Metal Workers National Health Fund ("SMW Health Fund") as the representatives for this Class.  These representatives' claims are typical of those of other class members, and the Court finds them to be adequate representatives.

    4.    The consumer protection act of each state shall apply to this Class.  Specifically, the Third-Party Pavor MediGap Supplemental Insurance Class is certified for claims under the following statutes:  (a) Ariz. Rev. Stat. § 44-1522, et seq.; (b) Ark. Code § 4-88- 101, et seq.; (c) Cal. Bus. & Prof. Code § 17200, et seq., 1770; (d) Colo. Rev. Stat. § 6-1-105, et seq.; (e) Conn. Gen. Stat. § 42-110b, et seq.; (f) 6 Del. Code § 2511, et seq.; (g) Fla. Stat. § 501.210, et seq.; (h) Idaho Code § 48-601, et seq.; (i) 815 ILCS § 505/1, et seq.; (j) Mich. Stat. § 445.901, et seq.; (k) Minn. Stat. § 325F.67, et seq.; (l) Mo. Rev. Stat. § 407.010, et seq.; (m) Neb. Rev. Stat. § 59-1601, et seq.; (n) Nev. Rev. Stat. § 598.0903, et seq.; (o) N.H. Rev. Stat. § 358-A:1, et seq.; (p) N. J. Stat. Ann. § 56:8-1, et seq.; (q) N.M. Stat. Ann. § 57-12-1, et seq.; (r) N.Y. Gen. Bus. Law § 349, et seq.; (s) N.C. Gen. Stat. § 75-1.1, et seq.; (t) N.D. Cent. Code § 51-15-01, et seq.; (u) Or. Rev. Stat. § 646.605, et seq.; (v) S.C. Code Laws § 39-5-10, et seq.; (w) S.D. Code

Laws § 37-24-1, *et seq.*; (x) Tenn. Code § 47-18-101, *et seq.*; (y) Tex. Bus. & Com. Code

§ 17.41, *et seq.* (but only to the extent the TPP has assets less than $25 million); (z) Vt. Stat.

Ann. tit. 9, § 245 1, *et seq.*; (aa) Wash. Rev. Code § 19.86.010, *et seq.*; (bb) W. Va. Code § 46A-

6-101, *et seq.*; (cc) Wis. Stat. § 100.18, *et seq.*; and (dd) Wyo. Stat. § 40-12-100, *et seq.*

Plaintiffs allege that they have complied with the notice provisions of all consumer protection

acts requiring such notice.

       5.    This Class is certified pursuant to Fed. R. Civ. P. 23(b)(3).

**B.   Class 3:  Consumer and Third-Party Payor Class for Medicare Part B Drugs Outside of the Medicare Context**

       1.    Class Definition:

> All natural persons who made, or who incurred an obligation enforceable at the time of judgment to make, a payment for a physician-administered Subject Drug that was manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.) or the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.); and all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard for a physician-administered Subject Drug that was manufactured by AstraZeneca or the BMS Group. Included within this Class are natural persons who paid coinsurance (*i.e.*, co-payments proportional to the reimbursed amount) for a Subject Drug, where such coinsurance was based upon use of AWP as a pricing standard. Excluded from this Class are any payments or reimbursements for generic drugs that are based on MAC and not AWP.

       2.    The Court certifies two Subclasses corresponding to each of defendant group.

       3.    The Court certifies plaintiffs UFCW, Pirelli Armstrong Tire Corporation Retiree

Medical Benefits Trust ("PMBT"), Board of Trustees of Carpenters and Millwrights of Houston

and Vicinity Welfare Trust Fund ("CMHV"), Teamsters Health & Welfare Fund of Philadelphia

and Vicinity ("THWF"), Philadelphia Federation of Teachers Health and Welfare Fund

("PFTHW"), Man-U Service Contract Trust Fund ("Man-U Service Fund"), Cheryl Barreca (for

- 3 -

BMS only), Mary Cauble (for BMS only), Anna Choice (for BMS only), Joyce Dison (for BMS only), Tracy Garcia (for BMS only), Donna Kendall (for BMS only), Sandra Leef (for BMS only), Gerald Miller (for BMS only), Constance Nelson (for BMS only), Andrea Palenica (for BMS only), Regina Shoemaker (for BMS only), Scott Tell (for BMS only), Pauline Vernick (for BMS only), Mardolyn Vescovi (for BMS only), and Susan Wessels (for AstraZeneca only) as representatives for this Class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3). The Court also certifies Health Care For All as the representative for this Class pursuant to Fed R. Civ. P. 23(b)(2). These representatives' claims are typical of those of other class members, and the Court finds them to be adequate representatives.

4.     The consumer protection act of each state shall apply to this Class. Specifically, the Consumer and Third-Party Payor Class for Medicare Part B Drugs Outside of the Medicare Context Class is certified for claims under the following statutes: (a) Ariz. Rev. Stat. § 44-1522, *et seq.*; (b) Ark. Code § 4-88- 101, *et seq.*; (c) Cal. Bus. & Prof. Code § 17200, *et seq.*, 1770; (d) Colo. Rev. Stat. § 6-1-105, *et seq.*; (e) Conn. Gen. Stat. § 42-110b, *et seq.*; (f) 6 Del. Code § 2511, *et seq.*; (g) Fla. Stat. § 501.210, *et seq.*; (h) Idaho Code § 48-601, *et seq.*; (i) 815 ILCS § 505/1, *et seq.*; (j) Mich. Stat. § 445.901, *et seq.*; (k) Minn. Stat. § 325F.67, *et seq.*; (l) Mo. Rev. Stat. § 407.010, *et seq.*; (m) Neb. Rev. Stat. § 59-1601, *et seq.*; (n) Nev. Rev. Stat. § 598.0903, *et seq.*; (o) N.H. Rev. Stat. § 358-A:1, *et seq.*; (p) N. J. Stat. Ann. § 56:8-1, *et seq.*; (q) N.M. Stat. Ann. § 57-12-1, *et seq.*; (r) N.Y. Gen. Bus. Law § 349, *et seq.*; (s) N.C. Gen. Stat. § 75-1.1, *et seq.*; (t) N.D. Cent. Code § 51-15-01, *et seq.*; (u) Or. Rev. Stat. § 646.605, *et seq.*; (v) S.C. Code Laws § 39-5-10, *et seq.*; (w) S.D. Code Laws § 37-24-1, *et seq.*; (x) Tenn. Code § 47-18-101, *et seq.*; (y) Tex. Bus. & Com. Code § 17.41, *et seq.* (but only to the extent the TPP has assets less than $25 million); (z) Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*; (aa) Wash. Rev. Code § 19.86.010, *et*

seq.; (bb) W. Va. Code § 46A-6-101, *et seq.*; (cc) Wis. Stat. § 100.18, *et seq.*; and (dd) Wyo. Stat. § 40-12-100, *et seq.* Plaintiffs allege that they have complied with the notice provisions of all consumer protection acts requiring such notice.

5.      The Court certifies a consumer Subclass for purposes of applying the following, additional consumer protection acts (which do not afford a legal remedy to commercial entities like TPPs): (a) D.C. Code § 28-3901, *et seq.*; (b) Haw. Rev. Stat. § 480, *et seq.*; (c) Ind. Code Ann. § 24-5- 0.5.1, *et seq.*; (d) Kan. Stat. § 50-623, *et seq.*; (e) Md. Com. Law Code § 13-101, *et seq.*; (f) Okla. Stat. tit. 15 § 751, *et seq.*; (g) 73 Pa. Stat. § 201-1, *et seq.*; and (h) R.I. Gen. Laws. § 6-13.1-1, *et seq.*

## II.    MISCELLANEOUS

1.      The Class Period for Class 2 and Class 3 is January 1, 1991 to January 1, 2005.

2.      Excluded from these Classes are: any subsidiaries or affiliates of defendants; the officers and directors of defendants during the Class Period; members of defendants' immediate families; any person, firm, trust, corporation, officer, director, or any individual or entity in which any defendant has a controlling interest or which is related to, or affiliated with, any defendant; the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded parties and governmental entities.

3.      Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as Co-Lead Counsel: Hagens Berman Sobol Shapiro LLP; Spector Roseman & Kodroff, P.C.; Hoffman & Edelson LLC; and Wexler Toriseva Wallace LLP.

5.      The Court retains the discretion under Rule 23 to modify this Order.

6.      The Court declines to certify issues for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or to recommend appeal pursuant to Fed. R. Civ. P. 23(f).

7.      Trial of the claims on behalf of the Classes will commence on _____, 2008.

- 5 -

HONORABLE PATTI B. SARIS
United States District Judge

001534-16 208928 V1

## TABLE OF SUBJECT DRUGS

**AstraZeneca**

| **NDC** | **Description** |
| --- | --- |
| 00310096036 | Zoladex 3.6mg 1xlEA Depot |
| 003100961 30 | Zoladex 10.8mg 1xlEA Depot |
| 00310095130 | Zoladex 10.8mg 1x1 EA Depot |
| 00310095036 | Zoladex 3.6mg 1xlEA Depot |

001534-16 208928 V1

**BMS GROUP**

| NDC | Description |
|---|---|
| 00015301026 | BLENOXANE INJ 15 UNIT VHA |
| 00015301020 | BLENOXANE INJ 15 UNIT VL |
| 00015306326 | BLENOXANE INJ 30 UNIT VHA |
| 00015306301 | BLENOXANE INJ 30 UNIT VL |
| 00590032435 | COUMADIN INJ. 5MG VIAL |
| 00015053910 | CYTOXAN 100MG LYOPH W/CYT |
| 00015054812 | CYTOXAN 1G 6X50ML VHA+ |
| 00015054810 | CYTOXAN IGM LYOPH W/CYTOG |
| 00015054610 | CYTOXAN 200MG LYOPH W/CYT |
| 00015054912 | CYTOXAN 2G 6X100ML VHA+ |
| 00015054910 | CYTOXAN 2GM LYOPH W/CYTOG |
| 00015054710 | CYTOXAN 500MG LYOPH W/CYT |
| 00015050001 | CYTOXAN FOR INJ 100 MG |
| 00015050041 | CYTOXAN INJ 100MG |
| 00015050641 | CYTOXAN INJ IX2GM VIAL |
| 00015050241 | CYTOXAN INJ 1X500MG VIAL |
| 00015050141 | CYTOXAN INJ 200MG |
| 00015054712 | CYTOXAN LYO 500MG VL VHA |
| 00015054741 | CYTOXAN LYOPH 500MG |
| 00015053941 | CYTOXAN LYOPHILIZED 100MG |
| 00015054841 | CYTOXAN LYOPHILIZED 1GM |
| 00015054641 | CYTOXAN LYOPHILIZED 200MG |
| 00015054941 | CYTOXAN LYOPHILIZED 2GM |
| 00015050541 | CYTOXAN PINJ 1X1G VIAL |
| 00015050303 | CYTOXAN TABLETS 50 MG |
| 00015050302 | CYTOXAN TABLETS 50MG |
| 00015050401 | CYTOXAN TABS 25MG |
| 00015050301 | CYTOXAN TABS 50MG |
| 00015050348 | CYTOXAN TABS 50MG |
| 00015340420 | ETOPOPHOS 100MG VIAL |
| 00015321429 | PARAPLATIN 10X15ML VHA+ |
| 00015321529 | PARAPLATIN 10X45ML VHA+ |
| 00015321329 | PARAPLATIN 10X5ML VHA+ |
| 00015321410 | PARAPLATIN 150MG LYOPH CY |
| 00015321430 | PARAPLATIN 1X150MG LYO VL |
| 00015321530 | PARAPLATIN 1X450MG LYO VL |
| 00015321510 | PARAPLATIN 450MG VL W/CYT |
| 00015321330 | PARAPLATIN 50MG LYOPHILIZ |
| 00015321310 | PARAPLATIN 50MG W/CYTO |
| 00015335322 | RUBEX 100 MG LYOPHILIZED |
| 00015335324 | RUBEX 100MG IMMUNEX LABEL |
| 00015335124 | RUBEX 10MG IMMUNEX LABEL |
| 00015335122 | RUBEX 10MG LYOPHILIZED |

- 8 -

| | |
|---|---|
| 00015335224 | RUBEX 50MG IMMUNEX LABEL |
| 00015335222 | RUBEX 50MG LYOPHILIZED |
| 00015347630 | TAXOL 100MG INJ MULTIDOSE |
| 00015347627 | TAXOL 100MG SEM-SYN VIAL |
| 00015347620 | TAXOL 100MG/16.7ML VHA+ L |
| 00015347911 | TAXOL 300MG/50ML VIAL |
| 00015345620 | TAXOL 30MG CONC FOR INJ |
| 00015347530 | TAXOL 30MG INJ MULTIDOSE |
| 00015347527 | TAXOL 30MG SEM-SYN VIAL |
| 00015347520 | TAXOL 30MG/5ML VHA+ LABEL |
| 00015309510 | VEPESID 100MG VIAL W/CYTO |
| 00015309530 | VEPESID 100MG VL W/O CYTO |
| 00015306224 | VEPESID 1G 50ML VIAL VHA+ |
| 00015306220 | VEPESID 1GM/50ML |
| 00015306120 | VEPESID 500MG |
| 00015306124 | VEPESID 500MG 25ML VL VHA |
| 00015309145 | VEPESID 50MG CAPSULES |
| 00015309520 | VEPESID INJ 100MG/5ML |
| 00015308420 | VEPESID INJ 150MG/7.5ML |

- 9 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on November 21, 2007, I caused copies of **[PROPOSED] ORDER RE: MOTION FOR NATIONWIDE CLASS CERTIFICATION AGAINST DEFENDANTS ASTRAZENECA AND BMS** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Steve W. Berman
Steve W. Berman

- 10 -

# Exhibit 5

1   Vincent J. Montell (State Bar No. 014236)
2   **Holloway Odegard Forrest & Kelly, P.C.**
    3101 N. Central Avenue, Suite 1200
3   Phoenix, Arizona  85012
    Telephone:  (602) 240-6670
4   Facsimile:  (602) 240-6677

5

6   J. Andrew Jackson
    **Dickstein Shapiro LLP**
7   1825 Eye Street, NW
8   Washington, DC  20006
    Telephone: (202) 420-2200
9   Facsimile: (202) 420-2201

10

11   Attorneys for Defendants Baxter Healthcare Corporation and
    Baxter International Inc.
12

13      **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

14         **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| ROBERT J. SWANSTON, individually and on behalf of himself and all others similarly situated, | No. CV2002-004988 |
| Plaintiff, | **ORDER DISMISSING CERTAIN OVERLAPPING CLAIMS WITHOUT PREJUDICE** |
| vs. | |
| TAP PHARMACEUTICAL PRODUCTS, INC., et al., | (Assigned to the Honorable Peter B. Swann) |
| Defendants. | |

22        **THIS MATTER** comes before the Court on competing orders submitted by the

23   parties.

24        **WHEREAS**, certain defendants in the *In re Pharmaceutical Industry Average*

25   *Wholesale Price Litigation*, CA No. 01-12257-PBS, MDL No. 1456 (D. Mass.) ("MDL

26   1456") are also defendants in this case (collectively "the Overlapping Defendants").  The

27   Overlapping Defendants consist of the following defendants in Track ~~1 of MDL~~One of

                                     DSMDB-2493792v03

MDL 1456 (the "Track ~~1~~One Overlapping Defendants"): Zeneca Inc.; AstraZeneca

Pharmaceuticals LP; ~~Johnson & Johnson; Centocor, Inc.;~~AstraZeneca LP; Bristol-Myers Squibb

Co.; ~~Ortho Biotech Products, L.P. See Exhibit "A" hereto.~~Oncology Therapeutics Network

Corp.; Apothecon, Inc.; Johnson & Johnson; Centocor, Inc.; Ortho Biotech Products, L.P.;

Schering-Plough Corporation; Schering Corporation; and Warrick Pharmaceuticals Corporation.

See Exhibit A hereto.  The Overlapping Defendants also consist of the following defendants

in Track ~~2~~Two of MDL 1456 (the "Track Two Overlapping Defendants"):  Abbott

Laboratories; Amgen Inc.; Aventis Pharmaceuticals Inc.; Hoechst Marion Roussel, Inc.;

ZLB Behring, L.L.C. (f/k/a Aventis Behring L.L.C.); Baxter International Inc.; Baxter

Healthcare Corporation; Bayer Corporation; ~~Bristol-Myers Squibb Co.; Oncology~~

~~Therapeutics Network Corp.; Apothecon, Inc.;~~ Dey, Inc.; Fujisawa Healthcare, Inc.; Fujisawa

USA, Inc.; Immunex Corporation; Pharmacia Corporation; Pharmacia & Upjohn LLC,

f/k/a Pharmacia & Upjohn, Inc.; Monsanto Company; Sicor, Inc.; Gensia, Inc., and Gensia

Sicor Pharmaceuticals, Inc.

~~See Exhibit "B" hereto;~~

**WHEREAS**, there exist claims in this case against the Overlapping Defendants

that overlap with class claims in MDL 1456 ("the Overlapping Claims").  The

Overlapping Claims consist of the following claims in this case:  ~~common law fraud~~

~~(Count II of the Amended Complaint), civil conspiracy (Count III of the Amended Complaint),~~

~~and consumer fraud pursuant to Ariz.~~Unjust Enrichment (Count I of the Second Amended

Complaint); Common Law Fraud (Count II of the Second Amended Complaint); Civil Conspiracy

(Count III of the Second Amended Complaint); Concert of Action (Count IV of the Second

Amended Complaint); Aiding/Abetting (Count V of the Second Amended Complaint); Consumer

Fraud pursuant to Ariz. Rev. Stat. § 44-1521, *et seq.* (Count ~~IV~~VI of the Second Amended

2

1     Complaint); and Conspiracy in Violation of the Arizona Antitrust Laws, Ariz. Rev. Stat. § 44-

2     1402; Art. 14, §15 of the Arizona Constitution  (Count VII of the Second Amended Complaint);

3     **WHEREAS**, the Overlapping ~~Claims concern some, but not all, of the drugs at~~

4     ~~issue in this case ("the Overlapping Drugs").  The Overlapping~~ Drugs are set forth in

5     Exhibits "A" and "B" hereto ("the Overlapping Drugs");

6     **WHEREAS**, to eliminate the Overlapping Claims against Overlapping

7     Defendants with respect to Overlapping Drugs;

8     On this ___ day of ~~August~~September, 2008,

9

10     It is hereby **ORDERED,** that all claims against the Track ~~1~~One Overlapping

11     Defendants with respect to the Overlapping Drugs shall be dismissed without prejudice~~,~~

12     ~~and the above-described Overlapping Claims brought against the Track 2 Overlapping~~

13     ~~Defendants, as well as Count I (unjust enrichment), Count IV (concert of action) and Count V~~

14     ~~(aiding & abetting/facilitating), with respect to Overlapping Drugs shall be dismissed without~~

15     ~~prejudice~~.

16     **IT IS FURTHER ORDERED,** that all claims against the Track Two Overlapping

17     Defendants with respect to Overlapping Drugs shall be dismissed without prejudice.

18     IT IS FURTHER ORDERED, that all claims against the Track One Overlapping

19     Defendants with respect to Self-Administered Drugs shall be dismissed without prejudice.

20     IT IS FURTHER ORDERED, that the following Track Two Overlapping Defendants

21     shall be dismissed without prejudice:  Abbott Laboratories; Abbott Laboratories, Inc.; Amgen

22     Inc.; Aventis Pharmaceuticals Inc.; Hoechst Marion Roussel Inc.; ZLB Behring, L.L.C. (f/k/a

23     Aventis Behring L.L.C.); Immunex Corporation; Pharmacia Corporation; Pharmacia & Upjohn

24     LLC, f/k/a Pharmacia & Upjohn, Inc.; Pharmacia & Upjohn Company LLC; The Upjohn

25     Company; Adria Labs; Monsanto Company; and G.D. Searle.

26

27

28                             3

1      IT IS FURTHER ORDERED that all claims by Third-Party Payor Members of the

2   putative class against the following Track Two Overlapping Defendants shall be dismissed

3   without prejudice:  Baxter International Inc.; Baxter Healthcare Corporation; Bayer Corporation;

4   Dey, Inc.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Sicor, Inc. (f/k/a Gensia Sicor

5   Pharmaceuticals, Inc., f/k/a Gensia, Inc.).

6      IT IS FURTHER ORDERED, that all claims against the following defendants

7   (who are not Overlapping Defendants in MDL 1456) are dismissed in their entirety,

8   without prejudice: Ethicon Endo-Surgery, Indigo Medical Inc., Christopher Coleman,

9   Michael T. Gendelman, Eddy James Hack, Scott Hidalgo, and David Jett.

10

11     **IT IS FURTHER ORDERED,** that the above dismissals are with the express

12   understanding that the ~~status~~statute of limitations with respect to such claims is tolled until

13   such time as they have either been decertified as class claims in MDL 1456 or MDL 1456

14   has concluded.

15     **SO ORDERED**.

16      Filed this ___ day of ~~August~~September, 2008.

17

18                                         _____

19                                         The Honorable Peter B. Swann

20

21

22

23

24

25

26

27

28                                4



21539274

Sep 15 2008
5:58PM

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | M.D.L. No. 1456<br><br>CIV. ACTION NO. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>**ALL ACTIONS** | ) ) ) ) ) |  |

## CONSOLIDATED ORDER RE: MOTION FOR CLASS CERTIFICATION

January 30, 2006

Saris, U.S.D.J.

Pursuant to Fed. R. Civ. P. 23, plaintiffs have moved for an order certifying a class in this action.  After considering the submissions of the parties and the record in this case, and after hearing on January 19, 2006, I order that plaintiffs' motion for class certification is **ALLOWED IN PART and DENIED IN PART** as to the claims asserted in the Third Amended Master Consolidated Class Action Complaint ("TAMCCAC").  The Court relies on the reasons stated in court and in In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61 (D. Mass. 2005).  The classes are certified as follows:

### I. CLASSES AND SUBCLASSES CERTIFIED

**A.  Class 1:  Medicare Part B Co-Payment Class**

1.  Class Definition:

All natural persons nationwide who made, or who

incurred an obligation enforceable at the time of
judgment to make, a co-payment based on AWP for a
Medicare Part B covered Subject Drug[1] that was
manufactured by AstraZeneca (AstraZeneca, PLC,
Zeneca, Inc., AstraZeneca Pharmaceuticals L.P.,
and AstraZeneca U.S.), the BMS Group (Bristol-
Myers Squibb Co., Oncology Therapeutics Network
Corp., and Apothecon, Inc.), SmithKline Beecham
Corporation d/b/a GlaxoSmithKline, or the Johnson
& Johnson Group (Johnson & Johnson, Centocor,
Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen
Pharmaceutica Products, L.P.).  Excluded from the
Class are those who made flat co-payments, who
were reimbursed fully for any co-payments, or who
have the right to be fully reimbursed; and the
residents of the states of Alabama, Alaska,
Georgia, Iowa, Kentucky, Louisiana, Mississippi,
Montana, and Virginia (where consumer protection
statutes do not permit class actions).

2.   The Court certifies four Subclasses corresponding to
each of the defendant groups.

3.   The Court certifies the following plaintiffs as
representatives of these Subclasses pursuant to Fed. R. Civ. P.
23(b)(3).  Leroy Townsend (AstraZeneca); David and Susan Ruth
Aaronson (GlaxoSmithKline, the BMS Group); Joyce Howe,
individually and on behalf of the Estate of Robert Howe
(AstraZeneca); James and Teresa Shepley (the Johnson & Johnson
Group); Larry Young, individually and on behalf of the Estate of

---

[1] The Subject Drugs are identified in the Table of Subject
Drugs found at the end of this Order.  Defendants recently
raised the issue that some drugs were improperly included.  After
conferring, the parties may move to strike drugs included in
error.

2

Patricia Young (the Johnson & Johnson Group).  The representative
of a Subclass need only have paid for one of the Subject Drugs
manufactured or marketed by a defendant group.  I decline to
certify a class of persons who made co-payments for drugs
manufactured by the Schering Plough Group (Schering-Plough
Corporation and Warrick Pharmaceuticals Corporation) because
plaintiffs have not proposed any adequate and typical
representatives of that proposed subclass.

    4.  The consumer protection act of each state shall apply to
these Subclasses.  Specifically, the Medicare Part B Co-payment
Class is certified for claims under the following statutes:
(a) Ariz. Rev. Stat. § 44-1522, *et seq.*; (b) Ark. Code § 4-88-
101, *et seq.*; (c) Cal. Bus. & Prof. Code §§ 17200, *et seq.*, 1770;
(d) Colo. Rev. Stat. § 6-1-105, *et seq.*; (e) Conn. Gen. Stat.
§ 42-110b, *et seq.*; (f) 6 Del. Code § 2511, *et seq.*; (g) D.C.
Code § 28-3901, *et seq.*; (h) Fla. Stat. § 501.201, *et seq.*;
(i) Haw. Rev. Stat. § 480, *et seq.*; (j) Idaho Code § 48-601, *et
seq.*; (k) 815 ILCS § 505/1, *et seq.*; (l) Ind. Code Ann. § 24-5-
0.5.1, *et seq.*; (m) Kan. Stat. § 50-623, *et seq.*; (n) Md. Com.
Law Code § 13-101, *et seq.*; (o) Mass. Gen. L. Ch. 93A, *et seq.*;
(p) Mich. Stat. § 445.901, *et seq.*; (q) Minn. Stat. § 325F.67, *et
seq.*; (r) Mo. Rev. Stat. § 407.010, *et seq.*; (s) Neb. Rev. Stat.
§ 59-1601, *et seq.*; (t) Nev. Rev. Stat. § 598.0903, *et seq.*;

(u) N.H. Rev. Stat. § 358-A:1, *et seq.*; (v) N.J. Stat. Ann.
§ 56:8-1, *et seq.*; (w) N.M. Stat. Ann. § 57-12-1, *et seq.*;
(x) N.Y. Gen. Bus. Law § 349, *et seq.*; (y) N.C. Gen. Stat. § 75-
1.1, *et seq.*; (z) N.D. Cent. Code § 51-15-01, *et seq.*; (aa) Ohio
Rev. Stat. § 1345.01, *et seq.*; (bb) Okla. Stat. tit. 15 § 751, *et
seq.*; (cc) Or. Rev. Stat. § 646.605, *et seq.*; (dd) 73 Pa. Stat.
§ 201-1, *et seq.*; (ee) R.I. Gen. Laws. § 6-13.1-1, *et seq.*;
(ff) S.C. Code Laws § 39-5-10, *et seq.*; (gg) S.D. Code Laws § 37-
24-1, *et seq.*; (hh) Tenn. Code § 47-18-101, *et seq.*; (ii) Tex.
Bus. & Com. Code § 17.41, *et seq.*; (jj) Utah Code Ann. § 13-1 1-
1, *et seq.*; (kk) Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*; (ll)
Wash. Rev. Code § 19.86.010, *et seq.*; (mm) W. Va. Code § 46A-6-
101, *et seq.*; (nn) Wis. Stat. § 100.18, *et seq.*; and (oo) Wyo.
Stat. § 40-12-100, *et seq.*  Plaintiffs allege that they have
complied with the notice provisions of all consumer protection
acts requiring such notice.

    5.   This Class is certified pursuant to Fed. R. Civ.
P. 23(b)(3).

## B.   **Class 2:   Third-Party Payor MediGap Supplemental Insurance Class**

    1.  Class Definition:

> All Third-Party Payors who made reimbursements for
> drugs purchased in Massachusetts, or who made
> reimbursements for drugs and have their principal
> place of business in Massachusetts, based on AWP

4

for a Medicare Part B covered Subject Drug that
was manufactured by AstraZeneca (AstraZeneca, PLC,
Zeneca, Inc., AstraZeneca Pharmaceuticals L.P.,
and AstraZeneca U.S.), the BMS Group (Bristol-
Myers Squibb Co., Oncology Therapeutics Network
Corp., and Apothecon, Inc.), SmithKline Beecham
Corporation d/b/a GlaxoSmithKline, the Johnson &
Johnson Group (Johnson & Johnson, Centocor, Inc.,
Ortho Biotech, McNeil-PPC, Inc., and Janssen
Pharmaceutica Products, L.P.), or the Schering
Plough Group (Schering-Plough Corporation and
Warrick Pharmaceuticals Corporation).

2. The Court certifies five Subclasses corresponding to
each of the defendant groups.

3. The Court certifies plaintiffs Blue Cross/Blue Shield of
Massachusetts and Sheet Metal Workers National Health Fund as the
representatives for this Class.

4. The claims for this Class are certified under Mass. Gen.
Laws ch. 93A.

5. This Class is certified pursuant to Fed. R. Civ.
P. 23(b)(3).

**C. Class 3: Consumer and Third-Party Payor Class for Medicare
Part B Drugs Outside of the Medicare Context.**

1. Class Definition:

All natural persons who made or who incurred an
obligation enforceable at the time of judgment to
make a payment for purchases in Massachusetts, all
Third-Party Payors who made reimbursements based
on contracts expressly using AWP as a pricing
standard for purchases in Massachusetts, and all
Third-Party Payors who made reimbursements based
on contracts expressly using AWP as a pricing
standard and have their principal place of

5

business in Massachusetts, for a
physician-administered Subject Drug that was
manufactured by AstraZeneca (AstraZeneca, PLC,
Zeneca, Inc., AstraZeneca Pharmaceuticals L.P.,
and AstraZeneca U.S.), the BMS Group (Bristol-
Myers Squibb Co., Oncology Therapeutics Network
Corp., and Apothecon, Inc.), SmithKline Beecham
Corporation d/b/a GlaxoSmithKline, the Johnson &
Johnson Group (Johnson & Johnson, Centocor, Inc.,
Ortho Biotech, McNeil-PPC, Inc., and Janssen
Pharmaceutica Products, L.P.), or the Schering
Plough Group (Schering-Plough Corporation and
Warrick Pharmaceuticals Corporation). Included
within this Class are natural persons who paid
coinsurance (*i.e.*, co-payments proportional to the
reimbursed amount) for a Subject Drug purchased in
Massachusetts, where such coinsurance was based
upon use of AWP as a pricing standard. Excluded
from this Class are any payments or reimbursements
for generic drugs that are based on MAC and not
AWP.

2. The Court certifies five Subclasses corresponding to
each of the defendant groups.

3. The Court certifies plaintiff Pipefitters Local 537
Trust Funds and Blue Cross/Blue Shield of Massachusetts as the
representatives for this Class pursuant to Fed. R. Civ. P.
23(b)(2) and 23(b)(3). The Court also certifies Health Care For
All as the representative for this Class pursuant to Fed R. Civ.
P. 23(b)(2).

4. The claims for this Class are certified under Mass. Gen.
Laws ch. 93A.

## II. CLASSES NOT CERTIFIED

1. With respect to Class 2, plaintiffs have not submitted

6

an adequate analysis of the feasibility of a nationwide class of
Third-Party Payors.  Therefore, the Court declines at this time
to certify this Class under the consumer protection laws of
states other than Massachusetts.  However, this denial is without
prejudice.

    2.  With respect to Class 3, the Court declines at this time
to certify this Class under the consumer protection laws of
states other than Massachusetts.  However, this denial is without
prejudice.

    3.  The Court declines to certify a class of persons or
Third-Party Payors who made payments or reimbursements for self-
administered drugs not appearing in the appended Table of Subject
Drugs.  This denial is with prejudice.

### III.  MISCELLANEOUS

    1.  The Class Period for Class 1 and Class 2 is January 1,
1991 to January 1, 2005.  The class period for Class 3 is January
1, 1991 to the present.

    2.  Excluded from these Classes are: any subsidiaries or
affiliates of defendants; the officers and directors of
defendants during the Class Period; members of defendants'
immediate families; any person, firm, trust, corporation,
officer, director, or any individual or entity in which any
defendant has a controlling interest or which is related to, or

affiliated with, any defendant; the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded parties and governmental entities.

3.  Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as Co-Lead Counsel:  Hagens Berman Sobol Shapiro LLP; Spector Roseman & Kodroff, P.C.; Hoffman & Edelson; The Wexler Firm; and Kline & Specter.

4.  The "Together Rx" claims are not certified because they are dismissed without prejudice by the filing of the TAMCCAC.

5.  The Court retains the discretion under Rule 23 to modify this Order.  Modifications may include adding new class representatives, striking existing class representatives, and striking drugs from the Table of Subject Drugs.

6.  The Court declines to certify issues for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or to recommend appeal pursuant to Fed. R. Civ. P. 23(f).

PATTI B. SARIS
United States District Judge

Case 1:01-cv-12257-PBS   Document 2097   Filed 03/30/2006   Page 1 of 8

# TABLE OF SUBJECT DRUGS

**AstraZeneca**

| NDC | Description |
|---|---|
| 00186198804 | PULMICORT RESPULES 60 mls 2 X 30.25mg/2mL |
| 00186198904 | PULMICORT RESPULES 60 mls 2x30 .5mg/2mL |
| 00310096036 | Zoladex 3.6mg 1x1EA Depot |
| 00310096130 | Zoladex 10.8mg 1x1EA Depot |
| 00310095130 | Zoladex 10.8mg 1x1EA Depot |
| 00310095036 | Zoladex 3.6mg 1x1EA Depot |

**BMS Group**

| NDC | Description |
|---|---|
| 00015301026 | BLENOXANE INJ 15 UNIT VHA |
| 00015301020 | BLENOXANE INJ 15 UNIT VL |
| 00015306326 | BLENOXANE INJ 30 UNIT VHA |
| 00015306301 | BLENOXANE INJ 30 UNIT VL |
| 00590032435 | COUMADIN INJ 5MG VIAL |
| 00015053910 | CYTOXAN 100MG LYOPH W/CYT |
| 00015054812 | CYTOXAN 1G 6X50ML VHA+ |
| 00015054810 | CYTOXAN 1GM LYOPH W/CYTOG |
| 00015054610 | CYTOXAN 200MG LYOPH W/CYT |
| 00015054912 | CYTOXAN 2G 6X100ML VHA+ |
| 00015054910 | CYTOXAN 2GM LYOPH W/CYTOG |
| 00015054710 | CYTOXAN 500MG LYOPH W/CYT |
| 00015050001 | CYTOXAN FOR INJ 100 MG |
| 00015050041 | CYTOXAN INJ 100MG |
| 00015050641 | CYTOXAN INJ 1X2GM VIAL |
| 00015050241 | CYTOXAN INJ 1X500MG VIAL |
| 00015050141 | CYTOXAN INJ 200MG |
| 00015054712 | CYTOXAN LYO 500MG VL VHA |
| 00015054741 | CYTOXAN LYOPH 500MG |
| 00015053941 | CYTOXAN LYOPHILIZED 100MG |
| 00015054841 | CYTOXAN LYOPHILIZED 1GM |
| 00015054641 | CYTOXAN LYOPHILIZED 200MG |
| 00015054941 | CYTOXAN LYOPHILIZED 2GM |
| 00015050541 | CYTOXAN PINJ 1X1G VIAL |
| 00015050303 | CYTOXAN TABLETS 50 MG |
| 00015050302 | CYTOXAN TABLETS 50MG |
| 00015050401 | CYTOXAN TABS 25MG |
| 00015050301 | CYTOXAN TABS 50MG |
| 00015050348 | CYTOXAN TABS 50MG |
| 00015340420 | ETOPOPHOS 100MG VIAL |
| 00015321429 | PARAPLATIN 10X15ML VHA+ |
| 00015321529 | PARAPLATIN 10X45ML VHA+ |
| 00015321329 | PARAPLATIN 10X5ML VHA+ |
| 00015321410 | PARAPLATIN 150MG LYOPH CY |
| 00015321430 | PARAPLATIN 1X150MG LYO VL |
| 00015321530 | PARAPLATIN 1X450MG LYO VL |
| 00015321510 | PARAPLATIN 450MG VL W/CYT |
| 00015321330 | PARAPLATIN 50MG LYOPHILIZ |
| 00015321310 | PARAPLATIN 50MG W/CYTO |
| 00015335322 | RUBEX 100 MG LYOPHILIZED |
| 00015335324 | RUBEX 100MG IMMUNEX LABEL |
| 00015335124 | RUBEX 10MG IMMUNEX LABEL |
| 00015335122 | RUBEX 10MG LYOPHILIZED |
| 00015335224 | RUBEX 50MG IMMUNEX LABEL |
| 00015335222 | RUBEX 50MG LYOPHILIZED |
| 00015347630 | TAXOL 100MG INJ MULTIDOSE |
| 00015347627 | TAXOL 100MG SEM-SYN VIAL |
| 00015347620 | TAXOL 100MG/16.7ML VHA+ L |
| 00015347911 | TAXOL 300MG/50ML VIAL |
| 00015345620 | TAXOL 30MG CONC FOR INJ |

11

```
00015347530     TAXOL 30MG INJ MULTIDOSE
00015347527     TAXOL 30MG SEM-SYN VIAL
00015347520     TAXOL 30MG/5ML VHA+ LABEL
00015309510     VEPESID 100MG VIAL W/CYTO
00015309530     VEPESID 100MG VL W/O CYTO
00015306224     VEPESID 1G 50ML VIAL VHA+
00015306220     VEPESID 1GM/50ML
00015306120     VEPESID 500MG
00015306124     VEPESID 500MG 25ML VL VHA
00015309145     VEPESID 50MG CAPSULES
00015309520     VEPESID INJ 100MG/5ML
00015308420     VEPESID INJ 150MG/7.5ML
```

**SmithKline Beecham Corporation d/b/a GlaxoSmithKline**

| NDC | Description |
|---|---|
| 00173013093 | ALKERAN I.V. INJ 50 MG |
| 00173004535 | ALKERAN TAB 2MG 50S |
| 00173044902 | IMITREX INJ 0.5ML 12MG/ML 5S VIALS |
| 00173044901 | IMITREX INJ 12MG/ML 0.5ML 2S PFLD SRNG |
| 00173044903 | IMITREX INJ 12MG/ML 0.5ML2S KIT,SELFDOSE |
| 00173047900 | IMITREX INJ 12MG/ML STAT DOSE KIT |
| 00173047800 | IMITREX INJ 12MG/ML STAT DOSE RFL 2'S |
| 00173403291 | IMITREX SELFDOSE SYSTEM  SELFDOSE UNIT/C |
| 00173408367 | ITMD ZOVIRAX STERILE POWDER 1000MG (BWX9 |
| 00029415105 | KYTRIL 1 MG TABS 20'S SUP |
| 00029415139 | KYTRIL 1MG TABS 2'S |
| 00029415201 | KYTRIL 1MG/ML INJECTION 4ML VIAL |
| 00029414975 | KYTRIL INJ SGL DOSE VIAL 1MG/ML VHA |
| 00029414901 | KYTRIL INJ SINGLE DOSE VIAL 1MG/ML |
| 00173026010 | LANOXIN INJ 0.5MG  -PART 1.00 |
| 00173026035 | LANOXIN INJ 0.5MG 2ML 50S |
| 00173026210 | LANOXIN INJ PEDIATRIC 0.1MG/ML |
| 00173026015 | LANOXIN INJECTION   -PART 1.00 |
| 00173026055 | LANOXIN INJECTION   -PART 1.00 |
| 00173071325 | MYLERAN TAB 2MG 25S |
| 00173065601 | NAVELBINE INJ 10MG 1ML |
| 00173065644 | NAVELBINE INJ 50MG 5ML |
| 00173010793 | RETROVIR IV INF 10MG/ML 20ML 10 |
| 00173041900 | VENTOLIN NEB SOL INH    0.083% 3ML 25S |
| 00173041901 | VENTOLIN NEB SOL INH    0.083% 3ML 5S S |
| 00173038501 | VENTOLIN SOL INH 0.5% 5MG/ML 10ML |
| 00173038558 | VENTOLIN SOL INH 0.5% 5MG/ML 20ML |
| 00173044200 | ZOFRAN INJ 2MG/ML 20ML |
| 00173044202 | ZOFRAN INJ 2MG/ML 2ML 5S |
| 00173046100 | ZOFRAN INJ PRMXD 32MG/50ML |
| 00173046200 | ZOFRAN INJ PRMXD 4MG/50ML |
| 00173056900 | ZOFRAN ODT 4MG 5X2 30S |
| 00173057004 | ZOFRAN ODT 8MG 5X2 10'S |
| 00173057000 | ZOFRAN ODT 8MG 5X2 30S |
| 00173048900 | ZOFRAN ORAL SOL 4MG/5ML  50ML |
| 00173068000 | ZOFRAN TAB 24MG 1S |
| 00173044601 | ZOFRAN TAB 4MG 100S |
| 00173044602 | ZOFRAN TAB 4MG 100S UD |
| 00173044600 | ZOFRAN TAB 4MG 30S |
| 00173044604 | ZOFRAN TAB 4MG 3S |
| 00173044701 | ZOFRAN TAB 8MG 100S |
| 00173044702 | ZOFRAN TAB 8MG 100S UD |
| 00173044700 | ZOFRAN TAB 8MG 30S |
| 00173044704 | ZOFRAN TAB 8MG 3S |
| 00173095201 | ZOVIRAX FOR INJECTION 1000MG 20ML 10S © |
| 00173099501 | ZOVIRAX FOR INJECTION 500MG 10ML 10S (C# |

**Johnson & Johnson Group**

| NDC | Description |
| --- | --- |
| 57894003001 | C168J REMICADE 1PCK |
| 59676031201 | PROCRIT 10,000 U/ML |
| 59676031002 | PROCRIT 10000 U |
| 59676031001 | PROCRIT 10000 U/ML |
| 00062740103 | PROCRIT 10000U/ML AMG |
| 59676032001 | PROCRIT 20,000 U/ML |
| 59676030202 | PROCRIT 2000 U/ |
| 59676030201 | PROCRIT 2000 U/ML 6 |
| 00062740201 | PROCRIT 2000U/ML AMG |
| 59676030302 | PROCRIT 3000 U/ |
| 59676030301 | PROCRIT 3000 U/ML 6 |
| 00062740503 | PROCRIT 3000 U/ML INST |
| 00062740501 | PROCRIT 3000U/ML AMG |
| 59676030402 | PROCRIT 4000 U/ |
| 59676030401 | PROCRIT 4000 U/ML 6 |
| 00062740004 | PROCRIT 4000 U/ML INST |
| 59676034001 | PROCRIT 40000 U/ML |
| 00062740003 | PROCRIT 4000U/ML AMG |
| 00062542307 | PWRWNG PERMANEN |

14

## Schering Plough Group

| NDC | Description |
|-----|-------------|
| 59930151504 | ALBUTEROL INHALATION SOLUTION |
| 59930164702 | ALBUTEROL INHALATION SOLUTION |
| 59930150006 | ALBUTEROL SULFATE INHAL. SOL. |
| 59930150008 | ALBUTEROL SULFATE INHAL. SOL. |
| 59930151701 | ALBUTEROL SULFATE SOLUTION |
| 59930151702 | ALBUTEROL SULFATE SOLUTION |
| 59930155020 | ALBUTEROL SULFATE SOLUTION |
| 00085113601 | INTEGRILIN |
| 00085117701 | INTEGRILIN |
| 00085117702 | INTEGRILIN |
| 00085123501 | INTRON A FOR INJ MULTIDOSE PEN |
| 00085124201 | INTRON A FOR INJ MULTIDOSE PEN |
| 00085125401 | INTRON A FOR INJ MULTIDOSE PEN |
| 00085116801 | INTRON A INJ 18MIU HSA FREE |
| 00085113301 | INTRON A INJ 25MIU HSA FREE |
| 00085118401 | INTRON A INJ 3MIU HSA FREE |
| 00085118402 | INTRON A INJ 3MIU HSA FREE |
| 00085119101 | INTRON A INJ 5MIU HSA FREE |
| 00085119102 | INTRON A INJ 5MIU HSA FREE |
| 00085117901 | INTRON A INJ PAK10MIU HSA FREE |
| 00085117902 | INTRON A INJ PAK10MIU HSA FREE |
| 00085057102 | INTRON A INJECTABLE 10MILLN IU |
| 00085057106 | INTRON A INJECTABLE 10MILLN IU |
| 00085111001 | INTRON A INJECTABLE 18MILLN IU |
| 00085028502 | INTRON A INJECTABLE 25MILLN IU |
| 00085064703 | INTRON A INJECTABLE 3MILLN IU |
| 00085064704 | INTRON A INJECTABLE 3MILLN IU |
| 00085064705 | INTRON A INJECTABLE 3MILLN IU |
| 00085012002 | INTRON A INJECTABLE 5 MILLN IU |
| 00085012003 | INTRON A INJECTABLE 5 MILLN IU |
| 00085012004 | INTRON A INJECTABLE 5 MILLN IU |
| 00085012005 | INTRON A INJECTABLE 5 MILLN IU |
| 00085053901 | INTRON A INJECTABLE 50MILLN IU |
| 00085068901 | INTRON A INJECTION 18 MIU |
| 00085092301 | INTRON A SOL FOR INJ 10 MILLI |
| 00085076901 | INTRON A SOL. FOR INJ. 25MILLN |
| 00085095301 | INTRON A SOLUTION 18MIU 3ML |
| 59930160001 | PERPHENAZINE |
| 59930160002 | PERPHENAZINE |
| 59930161001 | PERPHENAZINE 16MG |
| 59930160501 | PERPHENAZINE 8MG |
| 59930160502 | PERPHENAZINE 8MG |
| 59930160301 | PERPHENAZINE TABLETS |
| 59930160302 | PERPHENAZINE TABLETS |
| 00085133601 | PROVENTIL INHALATION SOLUTION |
| 00085020901 | PROVENTIL SOLUTION .083MG/ML |
| 00085180601 | PROVENTIL SOLUTION .083MG/ML |
| 00085020802 | PROVENTIL SOLUTION 5MG/ML |
| 00085020852 | PROVENTIL SOLUTION 5MG/ML |
| 00085125901 | TEMODAR 100MG |

15

| 00085125902 | TEMODAR 100MG |
| 00085124401 | TEMODAR 20MG |
| 00085124402 | TEMODAR 20MG |
| 00085125201 | TEMODAR 250MG |
| 00085125202 | TEMODAR 250MG |
| 00085124801 | TEMODAR 5MG |
| 00085124802 | TEMODAR 5MG |

# Exhibit 2



14951342

May 21 2007
3:44PM

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

## SETTLEMENT AGREEMENT AND RELEASE OF ASTRAZENECA

This Settlement Agreement and Release of AstraZeneca ("this Agreement" or this "Settlement") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the MDL Court, this Agreement is entered into between and among the Class 1 Plaintiffs and Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca");

WHEREAS, there is pending in the United States District Court for the District of Massachusetts a multi-district litigation captioned, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456, comprised of putative class actions that were transferred to and/or coordinated with or consolidated in MDL 1456 (the "MDL Class Actions");

WHEREAS, the complaints filed in the MDL Class Actions, including the consolidated complaints filed by the Class 1 Plaintiffs in MDL 1456 ("MDL Class Complaints"), allege, *inter alia*, that AstraZeneca (among others) has engaged in unlawful inflation and misrepresentation of the published Average Wholesale Prices ("AWPs") for Zoladex®, which is covered by Medicare Part B, and the unlawful use of AWPs in the marketing of Zoladex®;

WHEREAS, AstraZeneca has asserted a number of legal and factual defenses to the claims alleged in the MDL Class Actions and denies any liability to the Class 1 Plaintiffs;

172797

WHEREAS, the Class 1 Plaintiffs and AstraZeneca agree that this Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by AstraZeneca or of the truth of any of the claims or allegations alleged in the MDL Class Actions or as a waiver of any defenses thereto;

WHEREAS, Class 1 Plaintiffs' Counsel have concluded, after extensive discovery and investigation of the facts and after carefully considering the circumstances of the MDL Class Actions, including the claims asserted in the complaints filed in the MDL Class Actions and the possible legal and factual defenses thereto, and the trial of claims involving Classes 2 and 3, that it would be in the best interests of the Class 1 Plaintiffs to enter into this Agreement in order to avoid the uncertainties of trial and to assure that the benefits reflected herein are obtained for the members of Class 1 herein defined; and, further, that counsel representing the Class 1 Plaintiffs consider the settlement set forth in this Agreement to be fair, reasonable and adequate and in the best interests of Class 1;

WHEREAS, Defendant AstraZeneca, through its counsel, and the Class 1 Plaintiffs, through their counsel, after vigorous, arms-length negotiations, have conditionally agreed herein to payment by AstraZeneca of up to Twenty-Four Million Dollars ($24,000,000) (the "Settlement Amount") to settle the claims of Class 1 on a nationwide basis;

NOW, THEREFORE, it is agreed by and between the undersigned on behalf of AstraZeneca and the Class 1 Plaintiffs that the Class 1 claims be settled, compromised and dismissed on the merits and with prejudice, subject to the approval of the MDL Court, on the following terms and conditions:

1.    Class Definition. Class 1 is comprised of all natural persons nationwide who made a co-payment based on AWP for Zoladex® under the Medicare Part B Program during the period from January 1, 1991 through December 31, 2004. Excluded from Class 1 are those who

172797

made flat co-payments, who were reimbursed fully for any co-payments, or who have the right to be fully reimbursed, as well as AstraZeneca and its officers, directors, management, employees, subsidiaries, and affiliates.  This class is referred to herein as "Class 1" or the "Class."

2.      <u>Definitions</u>.  As used in this Agreement, the following terms shall have the indicated meanings:

(a)      "Class Counsel" means all attorneys and law firms that have appeared in the MDL Class Actions on behalf of Class Plaintiffs.

(b)      "Class 1 Member" means any natural person falling within the definition of Class 1 as defined in Paragraph 1 above.

(c)      "Class Period" means January 1, 1991 through December 31, 2004, inclusive.

(d)      "Class 1 Representatives" means Leroy Townsend, or in the event of Mr. Townsend's death, his spouse or a legal representative of Mr. Townsend's estate, and Joyce Howe, on behalf of the Estate of Robert Howe.

(e)      "Class Releasors" means each Class 1 Member, including a Class 1 Members' successors, heirs, executors, trustees, administrators, legal representatives and assigns.

(f)      "Claims Administrator" means the entity chosen pursuant to the procedure described in Paragraph 10(a) below.

(g)      "CMS" means the Centers for Medicare and Medicaid Services of the United States Department of Health and Human Services.

(h)      "Effective Date" is the date defined in Paragraph 11 below.

(i)      "AstraZeneca" means AstraZeneca Pharmaceuticals LP.

172797

(j) "AstraZeneca Releasees" means AstraZeneca and its present and former direct and indirect parents, subsidiaries, divisions, partners and affiliates, and its respective present and former stockholders, officers, directors, employees, managers, agents, attorneys and any of their legal representatives, and its predecessors, successors, heirs, executors, trustees, administrators and assigns as of the date of this Agreement. As used in this Paragraph, "affiliates" means entities controlling, controlled by or under common control with AstraZeneca.

(k) "Lead Class Counsel" means the law firms of Hagens Berman Sobol Shapiro LLP, Spector Roseman & Kodroff, Wexler Toriseva Wallace LLP, Edelson & Associates LLC and The Haviland Law Firm, LLC.

(l) "MDL Court" means the Honorable Patti B. Saris, or if she is unavailable, another judge of the United States District Court for the District of Massachusetts, presiding over *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456 (D. Mass.).

(m) "MDL Class Actions" means all putative class actions in which any AstraZeneca Releasees are named as defendants and which have been transferred to and/or coordinated with or consolidated in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456 (D. Mass.).

(n) "MDL Class Complaints" means all of the putative class action complaints filed in MDL Class Actions that were transferred to and/or coordinated with or consolidated in MDL 1456, including all of the Master Consolidated Class Action Complaints (through and including the Fourth Amended Master Consolidated Class Action Complaint) filed in the MDL Class Actions, including all counts of such complaints that were previously dismissed by the MDL Court (e.g. putative class RICO claims).

(o)   "MDL Mediator" means Eric Green of Resolutions, LLC of Boston, Massachusetts.

(p)   "Named Plaintiff" means all persons and entities that have been named plaintiffs in the Fourth Amended Master Consolidated Class Action Complaint filed with the MDL Court.

(q)   "Released Class Claims" means any and all claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that any Class Releasor who has not timely excluded himself or herself from Class 1, whether or not they object to the settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly or indirectly, representatively, derivatively or in any capacity, arising out of any conduct, events or transactions relating to the marketing, sale, purchase, cost, reimbursement amount or price of Zoladex® during the Class Period. "Released Class Claims" shall not include any claim against any person or entity that is not an AstraZeneca Releasee, any claim arising out of this Agreement, or any claim between any Class 1 Member and any AstraZeneca Releasee that is unrelated to the allegations of the MDL Complaints and/or the marketing, sale, purchase, cost, reimbursement amount or price of Zoladex®, and any claim relating to the efficacy or safety of Zoladex®.

(r)   "Released Claims" means any and all claims released by this Agreement.

(s)   "Settlement Amount" means the sum of Twenty Four Million Dollars ($24,000,000).

172797

(t)    "Settlement Notice" means the Notice of Proposed Settlement of

Class Action, Motion for Attorneys' Fees and Settlement Hearing substantially in the form

annexed hereto as Exhibit B-1 and the Summary Notice for publication annexed hereto as

Exhibit B-2, as the same may be modified in accordance with the Court's rulings with

respect to the motion for preliminary approval of this settlement.

3.    Settlement Consideration.

(a)    Settlement Amount for Class 1 Members.  Subject to the provisions

hereof, and in full, complete and final settlement of the claims of the Class 1 Members as

provided herein, AstraZeneca shall pay up to $24,000,000 in the aggregate to satisfy valid

claims submitted pursuant to this Agreement.

(b)    Settlement Notice and Administration Costs.  AstraZeneca shall pay

the full and complete costs of settlement notice and administration of this Settlement

separately from, and in addition to, the $24,000,000.  AstraZeneca shall have the right of

prior approval for any costs relating to settlement notice and administration.

(c)    Class Representatives.  Subject to Court approval, AstraZeneca shall

pay $5,000 each to the two Class Representatives (such payment to be made separately

from, and in addition to, the $24,000,000).  These payments shall be made to the Class

Representatives upon final approval by the MDL Court of this Class Settlement.

(d)    Attorneys' Fees and Costs.  Subject to the approval of the MDL

Court, AstraZeneca shall pay attorneys' fees and costs in the amount of $6,500,000 in fees

and $2,100,000 in costs (such payments to be made separately from, and in addition to, the

$24,000,000 and the payments to the Class Representatives set forth above).  These fees

and costs will be paid to Lead Counsel upon final approval by the MDL Court of this Class

Settlement, following notice to members of Class 1 and a hearing, as prescribed by Rule 23

of the Federal Rules of Civil Procedure, subject to repayment if so required by an appeal or later event (it is intended that this be a "Quick Pay" provision). If repayment is required, the entire amount shall be repaid, with interest, within 90 days of the appeal or later event requiring repayment. Each law firm designated as Lead Class Counsel shall have joint and several liability for the entire amount.

      4.      <u>Distribution of the Settlement Amount</u>.

AstraZeneca will pay the authorized claims of Class Members as such claims are approved by the Claims Administrator, up to an aggregate total of $24,000,000 and subject to Paragraph 10(d). If the total amount of authorized claims to be paid exceeds $24,000,000, payments to Class 1 Members will be reduced proportionately.

      5.      <u>Distribution of Cy Pres</u>.

      (a)      If $10,000,000 or less of the Settlement Amount remains after all authorized claims of Class Members are paid, AstraZeneca shall pay such remaining amount to mutually acceptable charitable organizations funding cancer research or patient care (the "Cy Pres Amount"). If the Parties are unable to agree on acceptable organizations, the MDL Mediator will mediate the issue, subject to the Court's final determination and approval.

      (b)      If more than $10,000,000 of the Settlement Amount remains after all authorized claims of Class Members are paid, AstraZeneca shall only be required to pay the $10,000,000 Cy Pres Amount as provided in subsection (a) immediately above and no more.

      6.      <u>Motion for Preliminary Approval</u>. Concurrent with the submission of this Agreement for consideration by the MDL Court, Lead Class Counsel shall submit to the MDL Court a motion for preliminary approval of the settlement set forth in this Agreement, which

172797

requests entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A, and which includes a provision that enjoins Class 1 Members from litigating Released Claims pending final approval of the settlement.

7.      Settlement Fairness Hearing; Report of the MDL Mediator.  In connection with the Settlement Fairness Hearing, the MDL Mediator shall provide to the Court his opinion regarding the arms-length nature of the settlement negotiations and process, the fairness of the settlement and the zealousness of class counsel in representing Class 1.

8.      Entry of Final Judgment.  If, following the Settlement Fairness Hearing scheduled by the MDL Court pursuant to the Preliminary Approval Order, the MDL Court approves this Agreement, then counsel for the parties shall request that the MDL Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit C.

9.      Notice to Class 1 Members.

        (a)     In the event the MDL Court preliminarily approves the Settlement set forth in this Agreement, Lead Class Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Preliminary Approval Order, provide all those members of the Class 1 who can be identified by reasonable means, and who have not previously elected to opt-out of Class 1, with the best notice practicable under the circumstances, as ordered by the MDL Court, in substantially the form annexed hereto as Exhibits B-1 and B-2 or as otherwise ordered by the MDL Court, which shall include publication on a web site established by Lead Class Counsel or the Claims Administrator. The Proposed Settlement Notice Plan is set forth in Exhibit B-3.

        (b)     As part of the class notice program referenced above, Lead Class Counsel will seek, through the MDL Court if necessary, information from CMS concerning the identity, contact (including last known address) and payment information of individuals

who may be members of Class 1 as defined in Paragraph 1 above. This information will be utilized to provide notice to such individuals during the class notice period and to assist in the class claims administration process.

(c)    All costs of notice to Class 1 shall be paid by AstraZeneca in addition to, and separate from, the Settlement Amount, subject to the right of prior approval referenced in Paragraph 3(b) above.

10.    <u>Class Claims Process</u>.

(a)    The Claims Administrator shall be chosen by mutual agreement of the parties within 14 days of the entry of an order granting preliminary approval of the Settlement. Any disputes regarding the selection of the Claims Administrator shall be mediated by the MDL Mediator.

(b)    Class 1 Members will be required to submit to the Claims Administrator proof of a co-payment based on AWP for Zoladex® under the Medicare Part B Program. Submission of one of the following items will satisfy this proof: (1) a receipt, cancelled check, or credit card statement that shows a payment for Zoladex® (other than a flat co-payment); (2) a letter from a doctor saying that he or she prescribed Zoladex® and the class member paid part of the cost of Zoladex® (other than a flat co-payment) at least once; (3) a statement under penalty of perjury saying that he or she made a percentage co-payment for Zoladex® during the Class Period; or (4) any of the foregoing executed by a spouse of a deceased class member or a legal representative of a deceased class member's estate. Each class member must specify on the form the time period during which they paid for Zoladex®. Notwithstanding the above, a Medicare Part B beneficiary who, <u>after</u> receiving notice of this Settlement, makes a percentage co-payment for Zoladex® based on a bill received for an administration of Zoladex® during the Class Period may submit a

claim, but must submit a receipt, cancelled check or credit card statement, as well as proof that the payment was for an administration of Zoladex® during the Class Period, in order for the claim to be valid.

      (c)     Class 1 Members will be paid according to the April 23, 2007 Hartman Analysis of Consumer Damages as set forth in Exhibit D.  Table 1, Row 6, of Exhibit D provides Dr. Hartman's calculation of the alleged monthly overcharge, including interest, for each year in the Class Period for Class 1 Members who paid the full 20% co-payment for Zoladex® under the Medicare Part B program:

| Year | Overcharge |
|------|-----------|
| 1991 | $23.88 |
| 1992 | $22.92 |
| 1993 | $18.97 |
| 1994 | $19.41 |
| 1995 | $32.86 |
| 1996 | $37.89 |
| 1997 | $50.48 |
| 1998 | $67.43 |
| 1999 | $72.15 |
| 2000 | $67.94 |
| 2001 | $65.56 |
| 2002 | $62.81 |
| 2003 | $61.30 |
| 2004 | $59.73 |

Table 2, Row 6, of <u>Exhibit D</u> provides the alleged monthly overcharge, including interest, for each year in the Class Period for Class 1 Members who had private third party supplemental insurance requiring a percentage co-payment and therefore paid only 20% of the 20% co-payment under the Medicare Part B program:

| Year | Overcharge |
|------|-----------|
| 1991 | $4.78 |
| 1992 | $4.58 |
| 1993 | $3.79 |
| 1994 | $3.88 |
| 1995 | $6.57 |
| 1996 | $7.58 |
| 1997 | $10.10 |
| 1998 | $13.49 |
| 1999 | $14.43 |
| 2000 | $13.59 |
| 2001 | $13.11 |
| 2002 | $12.56 |
| 2003 | $12.26 |
| 2004 | $11.95 |

The amount that a Class 1 Member will be eligible to receive will be based on the number of months that he or she took and paid for Zoladex® and whether he or she was uninsured or had private third-party supplemental insurance during some or all of that time period. The total amount would then be doubled. For example, an uninsured Class 1 Member who took Zoladex® for the entirety of 2002 and 2003 and paid the full 20% co-payment under

the Medicare Part B program for each administration of Zoladex® during that time period would be eligible to receive $2976 calculated as follows:

| | | | |
|---|---|---|---|
| 2002 overcharge per month | $62.81 | = | $753 annually |
| 2003 overcharge per month | $61.30 | = | $735 annually |
| Total Recognized Claim | | = | $1488 |
| Total Claim Would be Doubled | | = | $2976 |

     (d)     All claims forms received by the Claims Administrator from members of Class 1 shall be available at reasonable times for inspection and copying by AstraZeneca's counsel prior to any payments being mailed to Class 1 members. AstraZeneca shall have the right to dispute the validity of any claim that it believes in good faith does not meet the requirements set forth on the Claim Form, is not tendered by a Medicare Part B beneficiary or the spouse or legal representative of a Medicare Part B beneficiary, and/or represents an attempt to fraudulently obtain payment. Any disputes regarding the validity of a claim shall, in the first instance, be decided by the Claims Administrator, with a right to seek review by the MDL Mediator and ultimately the MDL Court. AstraZeneca will not contact any Class Member in connection with the audit process, and neither AstraZeneca nor Class Counsel will contact any Class 1 Member's provider in connection with the audit process.

     11.     <u>Effective Date</u>. The settlement detailed in this Agreement shall be effective on the first date after all of the following events have occurred:

     (a)     entry of the Preliminary Approval Order substantially in the form annexed hereto as <u>Exhibit A</u>, or entry of a Preliminary Approval Order not substantially in the form of annexed hereto with respect to which neither party invokes any rights of termination pursuant to Paragraph 12 below;

(b)      final approval by the MDL Court of this Class Settlement, following notice to members of Class 1 and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(c)      entry by the MDL Court of an Order and Final Judgment, substantially in the form set forth in Exhibit C annexed hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the MDL Court enters an order and final judgment in form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Class Settlement as permitted by Paragraph 12, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

12.      Termination.  AstraZeneca's Counsel and Lead Class Counsel shall each have the right to terminate the Settlement and this Agreement by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of:  (a) the MDL Court declining to enter the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A; (b) a decision by the MDL Court declining to approve this Agreement or any material part of it; (c) the MDL Court declining to enter the Order and Final Judgment substantially in the form annexed hereto as Exhibit C; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the U.S. Court of Appeals or the U.S. Supreme Court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the U.S. Court of Appeals or the U.S. Supreme Court.

13.     <u>All Class Claims Satisfied by Settlement</u>.  Each Class 1 Member shall look solely to the Settlement Amount for settlement and satisfaction, as provided herein, of all Released Class Claims.

14.     <u>Class Releases</u>.  Upon the Effective Date of this Agreement in accordance with Paragraph 11 above, the AstraZeneca Releasees (as defined in Paragraph 2(j) above) shall be released and forever discharged by the Class Releasors from all Released Class Claims, as defined in Paragraph 2(q) above.  All Class Releasors hereby covenant and agree that they shall not hereafter seek to establish liability against any AstraZeneca Releasee based, in whole or in part, on any of the Released Class Claims.  In addition, each Class Releasor hereby expressly waives and releases, upon the Settlement Agreement becoming effective, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542.  <u>General Release; extent</u>.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Each Class Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Paragraph 14, but each Class Releasor hereby expressly waives and fully, finally and forever settles and releases, upon this Agreement becoming effective, any known or unknown, suspected or unsuspected, contingent or non-contingent Released Class Claims with respect to the subject matter of this Paragraph 14 whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  Each Class Releasee also hereby expressly waives and fully, finally and forever settles and releases any and all Released Class Claims it may have against Defendants under § 17200, *et seq.*, of the California Business and

172797

- 14 -

Professions Code relating to the marketing, sale, purchase, cost, reimbursement amount or price of Zoladex® during the Class Period, which claims are expressly incorporated into this Paragraph 14.

15.     Reservation of Claims.  Notwithstanding Paragraph 14 above, "Released Class Claims" shall not include any claim against any person or entity that is not an AstraZeneca Releasee, any claim arising out of this Agreement, any claim between any Class 1 Member or and any AstraZeneca Releasee that is unrelated to the allegations of the MDL Complaints and/or the marketing, sale, purchase, cost, reimbursement amount or price of Zoladex®, and any claim relating to the efficacy or safety of Zoladex®.

16.     Preservation of Rights.  The parties hereto agree that this Agreement, whether or not the Effective Date occurs, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party (other than those that have been compromised herein), and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by AstraZeneca or of the truth of any of the claims or allegations contained in any complaint or any other pleading, whether in the MDL Class Actions or in any other action or proceeding.  The parties expressly reserve all their rights if this Agreement does not become final and effective substantially in accordance with the terms of this Agreement.

17.     Effect of Termination.  If this Agreement is terminated pursuant to Paragraph 12 hereto, or the Effective Date is prevented from occurring for any reason, then (a) this Agreement shall be of no force or effect, except for payment of notice and administrative fees and costs or refunds as referenced herein; (b) any release by Class Members or Named Class Representatives pursuant hereto shall be of no force or effect; and (c) the parties shall request the MDL Court to

172797

set the Class 1 claims for trial.  The parties expressly reserve all of their rights if this Agreement is terminated or does not become final and effective.

       18.   <u>No Admission</u>.  Nothing in this Agreement shall be construed as an admission in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority present or future, by any AstraZeneca Releasee including, without limitation, that any AstraZeneca Releasee has engaged in any conduct or practice that violates any unfair and deceptive trade practices statute or other law.  Neither this Agreement, nor any negotiations preceding it, nor any proceedings undertaken in accordance with the terms set forth herein, shall be construed as or deemed to be evidence of or an admission or concession by any AstraZeneca Releasee as to the validity of any claim that the Named Plaintiffs or Class 1 Members have or could have asserted against them or as to any liability by them, which liability is hereby expressly denied and disclaimed by the AstraZeneca Releasees.  Neither this Agreement, nor any of its provisions, nor any statement or document made or filed in connection herewith nor the fact of this Agreement, shall be filed, offered, received in evidence or otherwise used in any action or proceeding or any arbitration, except in connection with (a) settlement discussions in other matters; (b) the parties' application for approval or enforcement of this Agreement and all proceedings incident thereto, including requests for attorneys' fees, costs and disbursements and compensation to the Class; and (c) any other disputes arising from this Agreement.

       19.   <u>Stay and Resumption of Proceedings</u>.  The parties agree, subject to the preliminary approval of the MDL Court of the Settlement, that all Class 1 proceedings in the MDL Class Actions as relate to any AstraZeneca Releasee, other than proceedings relating to the Settlement contemplated herein, shall be stayed.  In the event that this Agreement is not approved by the MDL Court or the settlement is terminated or the Effective Date is prevented

172797

from occurring, all such stayed proceedings in the MDL Class Actions as relate to any

AstraZeneca Releasee will resume in a reasonable manner to be approved by the MDL Court.

20.     <u>Dismissal of Claims</u>.  The parties agree that upon the Effective Date of this

Agreement in accordance with Paragraph 11 above, all Released Class Claims shall be released

pursuant to the terms of this Agreement and shall be dismissed with prejudice pursuant to the

Final Order of Approval.

21.     <u>Consent to Jurisdiction</u>.  AstraZeneca and the Class Plaintiffs hereby irrevocably

submit to the exclusive jurisdiction of the MDL Court only for the specific purpose of any suit,

action, proceeding or dispute arising out of or relating to this Agreement or the applicability of

this Agreement.

22.     <u>Resolution of Disputes; Retention of Jurisdiction</u>.  Any disputes between or

among AstraZeneca and any Class 1 Members concerning matters contained in this Agreement

shall, if they cannot be resolved by negotiation and agreement, be submitted to the MDL

Mediator, and then, if they cannot be resolved by the MDL Mediator, to the MDL Court.  The

MDL Court shall retain jurisdiction over the implementation and enforcement of this Agreement.

23.     <u>Enforcement of Agreement</u>.  Notwithstanding Paragraph 18 above, this

Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding

that has been or may be instituted, prosecuted or attempted with respect to any of the Released

Class Claims and may be filed, offered and received into evidence and otherwise used for such

defense.

24.     <u>Binding Effect</u>.  This Agreement shall be binding upon, and inure to the benefit

of, the successors and assigns of the parties hereto.

25.     <u>Authorization to Enter Agreement</u>.  The undersigned representatives of

AstraZeneca represent that they are fully authorized to enter into and to execute this Agreement

172797

on behalf of AstraZeneca.  Lead Class Counsel represent that they are fully authorized to conduct

settlement negotiations with defense counsel on behalf of the Class Representatives and Class 1

Members and to enter into, and to execute, this Agreement on behalf of the Class

Representatives and Class 1 Members, subject to Court approval pursuant to Fed. R. Civ. P.

23(e).

        26.     No Party Is the Drafter.  None of the parties hereto shall be considered to be the

drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule

of construction that would or might cause any provision to be construed against the drafter

hereof.

        27.     Choice of Law.  All terms of this Agreement shall be governed by and interpreted

according to the substantive laws of the State of Massachusetts without regard to its choice of

law or conflict of laws principles.

        28.     Amendment or Waiver.  This Agreement shall not be modified in any respect

except by a writing executed by all the parties hereto, and the waiver of any rights conferred

hereunder shall be effective only if made by written instrument of the waiving party.  The waiver

by any party of any breach of this Agreement shall not be deemed or construed as a waiver of

any other breach, whether prior, subsequent or contemporaneous, of this Agreement.

        29.     Execution in Counterparts.  This Agreement may be executed in counterparts.

Facsimile or PDF signatures shall be considered as valid signatures as of the date thereof,

although the original signature pages shall thereafter be appended to this Agreement and filed

with the MDL Court.

        30.     Integrated Agreement.  This Agreement, including the exhibits hereto, contains an

entire, complete, and integrated statement of each and every term and provision agreed to by and

between the parties hereto.

172797

31.    Construction. This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the Released Claims with respect to the AstraZeneca Releasees.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Agreement as of the date first herein above written.

DATED: May 21, 2007                     By  *Steve W. Berman*
                                            Thomas M. Sobol (BBO#471770)
                                            Edward Notargiacomo (BBO#567636)
                                            Hagens Berman Sobol Shapiro LLP
                                            One Main Street, 4th Floor
                                            Cambridge, MA  02142
                                            Telephone: (617) 482-3700
                                            Facsimile: (617) 482-3003

                                        **LIAISON COUNSEL**

                                            Steve W. Berman
                                            Sean R. Matt
                                            Robert F. Lopez
                                            Hagens Berman Sobol Shapiro LLP
                                            1301 Fifth Avenue, Suite 2900
                                            Seattle, WA  98101
                                            Telephone: (206) 623-7292
                                            Facsimile: (206) 623-0594

                                            Elizabeth A. Fegan
                                            Hagens Berman Sobol Shapiro LLP
                                            60 W. Randolph Street, Suite 200
                                            Chicago, IL  60601
                                            Telephone: (312) 762-9235
                                            Facsimile: (312) 762-9286

172797

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Donald E. Haviland, Jr.
The Haviland Law Firm, LLC
740 S. Third Street
Third Floor
Philadelphia, PA  19147
Facsimile:  (215) 609-4661
Telephone:  (215) 392-4400

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

**COUNSEL FOR DEFENDANT**
**ASTRAZENECA**
**PHARMACEUTICALS LP**


By _____
D. Scott Wise
Michael S. Flynn
Kimberley D. Harris
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY  10017

Nicholas C. Theodorou (BBO #496730)
Michael B. Keating (BBO #263360)
Michael P. Boudett (BBO #558757)
Katherine B. Schmeckpeper (BBO #663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  022110



21539274

Sep 15 2008
5:58PM

# Exhibit 3

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ROBERT J. SWANSTON, individually and on behalf of himself and all others similarly situated, | Case No.: CV2002-004988 |
| Plaintiffs, | **DECLARATION OF ANN BOOTH-BARBARIN IN SUPPORT OF DEFENDANTS' SUBMISSION** |
| vs. | (Assigned to the Hon. Peter Swann) |
| TAP PHARMACEUTICAL PRODUCTS, INC., et al., | |
| Defendants. | |

Ann Booth-Barbarin declares and says:

1.      I am the Assistant Secretary of both AstraZeneca Pharmaceuticals LP and AstraZeneca LP.

2.      Following the April 6, 1999 merger between Zeneca Group PLC and Astra AB, the U.S. pharmaceutical business for AstraZeneca operates through AstraZeneca Pharmaceuticals LP and AstraZeneca LP, collectively.

3.      AstraZeneca LP is a limited partnership organized under the laws of Delaware.  AstraZeneca Pharmaceuticals LP is the 99% general partner of AstraZeneca LP.  Merck & Co., Inc. is a 1% residual limited partner.

4.      AstraZeneca PLC is the indirect parent of Zeneca Inc., AstraZeneca Pharmaceuticals LP, and AstraZeneca LP.

5.      AstraZeneca's U.S. pharmaceutical business (i.e. non-biologics) is conducted through the combined efforts of AstraZeneca LP and AstraZeneca Pharmaceuticals LP.  For instance, marketing, sales, and contracting functions are conducted by the same groups for AstraZeneca LP and AstraZeneca Pharmaceuticals LP.

6.      AstraZeneca's U.S. pharmaceutical business is conducted under the joint leadership of AstraZeneca Pharmaceuticals LP and AstraZeneca LP, as indicated on the AstraZeneca United States website (http://www.astrazeneca-us.com/).  Indeed, the corporate officers responsible for overseeing AstraZeneca's U.S. pharmaceutical business are the same officers for both AstraZeneca Pharmaceuticals LP and AstraZeneca LP.

7.      The performance of the U.S. pharmaceutical business is measured in accordance with a single "AZ US Scorecard," which is a performance management system that helps to enable the organization to translate its strategy and vision into action.

8.      AstraZeneca's products are sold in the United States through the same sales force.  Similarly, all marketing activities for AstraZeneca's U.S. pharmaceutical business are undertaken by the same marketing force.  Thus, the same marketing and sales personnel support the AstraZeneca products marketed and sold in the United States.

9.      Pricing and contracting strategy for AstraZeneca's U.S. pharmaceutical business is developed in a coordinated fashion.

10.     As with the sales and marketing services, legal,  finance, tax,  human resources, budgeting and planning, information services, public affairs, and headquarters

operations are provided by the same groups to both AstraZeneca LP and AstraZeneca Pharmaceuticals LP.

By: _____

Ann Booth-Barbarin

Dated:   September 15, 2008

3

# Exhibit 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| TRACK 1 TRIAL | Judge Patti B. Saris |

**[PROPOSED] ORDER RE:  MOTION FOR NATIONWIDE CLASS
CERTIFICATION AGAINST DEFENDANTS ASTRAZENECA AND BMS**

December __, 2007

Saris, U.S.D.J.

Pursuant to Fed. R. Civ. P. 23, plaintiffs have moved for an order certifying a nationwide

class in this action against Defendants AstraZeneca and BMS.  After considering the submissions

of the parties and the record in this case, including prior class certification proceedings and

hearings, I order that plaintiffs' motion for nationwide class certification is **GRANTED** as to the

claims asserted in the Fifth Amended Master Consolidated Class Action Complaint

("FAMCCAC").  The Court relies on the reasons stated in (i) court; (ii) *In re Pharm. Indus.*

*Average Wholesale Price Litig.*, 230 F.R.D. 61 (D. Mass. 2005); (iii) January 30, 2006

Consolidated Order Re: Motion for Class Certification (Docket No. 2097-1); (iv) the findings of

fact and conclusions of law set forth in *In re Pharm. Indus. Average Wholesale Price Litig.*, 491

F. Supp. 2d 20 (D. Mass. 2007); and (v) the November 1, 2007 Memorandum and Order

regarding final judgment (Docket No. 4867).  The classes are certified as follows:

## I.   CLASSES AND SUBCLASSES CERTIFIED

A.   **Class 2: Third-Party Pavor MediGap Supplemental Insurance Class**

1.   Class Definition:

All Third-Party Payors who made reimbursements for drugs based on AWP for a Medicare Part B covered Subject Drug that was manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.) or the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.).

2.   The Court certifies two Subclasses corresponding to each of defendant group.

3.   The Court certifies plaintiffs United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund ("UFCW") and Sheet Metal Workers National Health Fund ("SMW Health Fund") as the representatives for this Class. These representatives' claims are typical of those of other class members, and the Court finds them to be adequate representatives.

4.   The consumer protection act of each state shall apply to this Class. Specifically, the Third-Party Pavor MediGap Supplemental Insurance Class is certified for claims under the following statutes: (a) Ariz. Rev. Stat. § 44-1522, *et seq.*; (b) Ark. Code § 4-88- 101, *et seq.*; (c) Cal. Bus. & Prof. Code § 17200, *et seq.*, 1770; (d) Colo. Rev. Stat. § 6-1-105, *et seq.*; (e) Conn. Gen. Stat. § 42-110b, *et seq.*; (f) 6 Del. Code § 2511, *et seq.*; (g) Fla. Stat. § 501.210, *et seq.*; (h) Idaho Code § 48-601, *et seq.*; (i) 815 ILCS § 505/1, *et seq.*; (j) Mich. Stat. § 445.901, *et seq.*; (k) Minn. Stat. § 325F.67, *et seq.*; (l) Mo. Rev. Stat. § 407.010, *et seq.*; (m) Neb. Rev. Stat. § 59-1601, *et seq.*; (n) Nev. Rev. Stat. § 598.0903, *et seq.*; (o) N.H. Rev. Stat. § 358-A:1, *et seq.*; (p) N. J. Stat. Ann. § 56:8-1, *et seq.*; (q) N.M. Stat. Ann. § 57-12-1, *et seq.*; (r) N.Y. Gen. Bus. Law § 349, *et seq.*; (s) N.C. Gen. Stat. § 75-1.1, *et seq.*; (t) N.D. Cent. Code § 51-15-01, *et seq.*; (u) Or. Rev. Stat. § 646.605, *et seq.*; (v) S.C. Code Laws § 39-5-10, *et seq.*; (w) S.D. Code

Laws § 37-24-1, *et seq.*; (x) Tenn. Code § 47-18-101, *et seq.*; (y) Tex. Bus. & Com. Code

§ 17.41, *et seq.* (but only to the extent the TPP has assets less than $25 million); (z) Vt. Stat.

Ann. tit. 9, § 245 1, *et seq.*; (aa) Wash. Rev. Code § 19.86.010, *et seq.*; (bb) W. Va. Code § 46A-

6-101, *et seq.*; (cc) Wis. Stat. § 100.18, *et seq.*; and (dd) Wyo. Stat. § 40-12-100, *et seq.*

Plaintiffs allege that they have complied with the notice provisions of all consumer protection

acts requiring such notice.

     5.     This Class is certified pursuant to Fed. R. Civ. P. 23(b)(3).

**B.    Class 3:  Consumer and Third-Party Payor Class for Medicare Part B Drugs Outside of the Medicare Context**

     1.     Class Definition:

> All natural persons who made, or who incurred an obligation enforceable at the time of judgment to make, a payment for a physician-administered Subject Drug that was manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.) or the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.); and all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard for a physician-administered Subject Drug that was manufactured by AstraZeneca or the BMS Group. Included within this Class are natural persons who paid coinsurance (*i.e.*, co-payments proportional to the reimbursed amount) for a Subject Drug, where such coinsurance was based upon use of AWP as a pricing standard. Excluded from this Class are any payments or reimbursements for generic drugs that are based on MAC and not AWP.

     2.     The Court certifies two Subclasses corresponding to each of defendant group.

     3.     The Court certifies plaintiffs UFCW, Pirelli Armstrong Tire Corporation Retiree

Medical Benefits Trust ("PMBT"), Board of Trustees of Carpenters and Millwrights of Houston

and Vicinity Welfare Trust Fund ("CMHV"), Teamsters Health & Welfare Fund of Philadelphia

and Vicinity ("THWF"), Philadelphia Federation of Teachers Health and Welfare Fund

("PFTHW"), Man-U Service Contract Trust Fund ("Man-U Service Fund"), Cheryl Barreca (for

BMS only), Mary Cauble (for BMS only), Anna Choice (for BMS only), Joyce Dison (for BMS only), Tracy Garcia (for BMS only), Donna Kendall (for BMS only), Sandra Leef (for BMS only), Gerald Miller (for BMS only), Constance Nelson (for BMS only), Andrea Palenica (for BMS only), Regina Shoemaker (for BMS only), Scott Tell (for BMS only), Pauline Vernick (for BMS only), Mardolyn Vescovi (for BMS only), and Susan Wessels (for AstraZeneca only) as representatives for this Class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3).  The Court also certifies Health Care For All as the representative for this Class pursuant to Fed R. Civ. P. 23(b)(2).  These representatives' claims are typical of those of other class members, and the Court finds them to be adequate representatives.

      4.      The consumer protection act of each state shall apply to this Class.  Specifically, the Consumer and Third-Party Payor Class for Medicare Part B Drugs Outside of the Medicare Context Class is certified for claims under the following statutes:  (a) Ariz. Rev. Stat. § 44-1522, *et seq.*; (b) Ark. Code § 4-88- 101, *et seq.*; (c) Cal. Bus. & Prof. Code § 17200, *et seq.*, 1770; (d) Colo. Rev. Stat. § 6-1-105, *et seq.*; (e) Conn. Gen. Stat. § 42-110b, *et seq.*; (f) 6 Del. Code § 2511, *et seq.* (g) Fla. Stat. § 501.210, *et seq.*; (h) Idaho Code § 48-601, *et seq.*; (i) 815 ILCS § 505/1, *et seq.*; (j) Mich. Stat. § 445.901, *et seq.*; (k) Minn. Stat. § 325F.67, *et seq.*; (l) Mo. Rev. Stat. § 407.010, *et seq.*; (m) Neb. Rev. Stat. § 59-1601, *et seq.*; (n) Nev. Rev. Stat. § 598.0903, *et seq.*; (o) N.H. Rev. Stat. § 358-A:1, *et seq.*; (p) N. J. Stat. Ann. § 56:8-1, *et seq.*; (q) N.M. Stat. Ann. § 57-12-1, *et seq.*; (r) N.Y. Gen. Bus. Law § 349, *et seq.*; (s) N.C. Gen. Stat. § 75-1.1, *et seq.*; (t) N.D. Cent. Code § 51-15-01, *et seq.*; (u) Or. Rev. Stat. § 646.605, *et seq.*; (v) S.C. Code Laws § 39-5-10, *et seq.*; (w) S.D. Code Laws § 37-24-1, *et seq.*; (x) Tenn. Code § 47-18-101, *et seq.*; (y) Tex. Bus. & Com. Code § 17.41, *et seq.* (but only to the extent the TPP has assets less than $25 million); (z) Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*; (aa) Wash. Rev. Code § 19.86.010, *et*

*seq.*; (bb) W. Va. Code § 46A-6-101, *et seq.*; (cc) Wis. Stat. § 100.18, *et seq.*; and (dd) Wyo. Stat. § 40-12-100, *et seq.*  Plaintiffs allege that they have complied with the notice provisions of all consumer protection acts requiring such notice.

5.      The Court certifies a consumer Subclass for purposes of applying the following, additional consumer protection acts (which do not afford a legal remedy to commercial entities like TPPs): (a) D.C. Code § 28-3901, *et seq.*; (b) Haw. Rev. Stat. § 480, *et seq.*; (c) Ind. Code Ann. § 24-5- 0.5.1, *et seq.*; (d) Kan. Stat. § 50-623, *et seq.*; (e) Md. Com. Law Code § 13-101, *et seq.*; (f) Okla. Stat. tit. 15 § 751, *et seq.*; (g) 73 Pa. Stat. § 201-1, *et seq.*; and (h) R.I. Gen. Laws. § 6-13.1-1, *et seq.*

## II.    MISCELLANEOUS

1.      The Class Period for Class 2 and Class 3 is January 1, 1991 to January 1, 2005.

2.      Excluded from these Classes are: any subsidiaries or affiliates of defendants; the officers and directors of defendants during the Class Period; members of defendants' immediate families; any person, firm, trust, corporation, officer, director, or any individual or entity in which any defendant has a controlling interest or which is related to, or affiliated with, any defendant; the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded parties and governmental entities.

3.      Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as Co-Lead Counsel: Hagens Berman Sobol Shapiro LLP; Spector Roseman & Kodroff, P.C.; Hoffman & Edelson LLC; and Wexler Toriseva Wallace LLP.

5.      The Court retains the discretion under Rule 23 to modify this Order.

6.      The Court declines to certify issues for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or to recommend appeal pursuant to Fed. R. Civ. P. 23(f).

7.      Trial of the claims on behalf of the Classes will commence on _____, 2008.

_____
HONORABLE PATTI B. SARIS
United States District Judge

001534-16 208928 V1

# TABLE OF SUBJECT DRUGS

**AstraZeneca**

| NDC | Description |
|---|---|
| 00310096036 | Zoladex 3.6mg 1xlEA Depot |
| 003100961 30 | Zoladex 10.8mg 1xlEA Depot |
| 00310095130 | Zoladex 10.8mg 1x1 EA Depot |
| 00310095036 | Zoladex 3.6mg 1xlEA Depot |

- 7 -

BMS GROUP

| NDC | Description |
|---|---|
| 00015301026 | BLENOXANE INJ 15 UNIT VHA |
| 00015301020 | BLENOXANE INJ 15 UNIT VL |
| 00015306326 | BLENOXANE INJ 30 UNIT VHA |
| 00015306301 | BLENOXANE INJ 30 UNIT VL |
| 00590032435 | COUMADIN INJ. 5MG VIAL |
| 00015053910 | CYTOXAN 100MG LYOPH W/CYT |
| 00015054812 | CYTOXAN 1G 6X50ML VHA+ |
| 00015054810 | CYTOXAN IGM LYOPH W/CYTOG |
| 00015054610 | CYTOXAN 200MG LYOPH W/CYT |
| 00015054912 | CYTOXAN 2G 6X100ML VHA+ |
| 00015054910 | CYTOXAN 2GM LYOPH W/CYTOG |
| 00015054710 | CYTOXAN 500MG LYOPH W/CYT |
| 00015050001 | CYTOXAN FOR INJ 100 MG |
| 00015050041 | CYTOXAN INJ 100MG |
| 00015050641 | CYTOXAN INJ IX2GM VIAL |
| 00015050241 | CYTOXAN INJ 1X500MG VIAL |
| 00015050141 | CYTOXAN INJ 200MG |
| 00015054712 | CYTOXAN LYO 500MG VL VHA |
| 00015054741 | CYTOXAN LYOPH 500MG |
| 00015053941 | CYTOXAN LYOPHILIZED 100MG |
| 00015054841 | CYTOXAN LYOPHILIZED 1GM |
| 00015054641 | CYTOXAN LYOPHILIZED 200MG |
| 00015054941 | CYTOXAN LYOPHILIZED 2GM |
| 00015050541 | CYTOXAN PINJ 1X1G VIAL |
| 00015050303 | CYTOXAN TABLETS 50 MG |
| 00015050302 | CYTOXAN TABLETS 50MG |
| 00015050401 | CYTOXAN TABS 25MG |
| 00015050301 | CYTOXAN TABS 50MG |
| 00015050348 | CYTOXAN TABS 50MG |
| 00015340420 | ETOPOPHOS 100MG VIAL |
| 00015321429 | PARAPLATIN 10X15ML VHA+ |
| 00015321529 | PARAPLATIN 10X45ML VHA+ |
| 00015321329 | PARAPLATIN 10X5ML VHA+ |
| 00015321410 | PARAPLATIN 150MG LYOPH CY |
| 00015321430 | PARAPLATIN 1X150MG LYO VL |
| 00015321530 | PARAPLATIN 1X450MG LYO VL |
| 00015321510 | PARAPLATIN 450MG VL W/CYT |
| 00015321330 | PARAPLATIN 50MG LYOPHILIZ |
| 00015321310 | PARAPLATIN 50MG W/CYTO |
| 00015335322 | RUBEX 100 MG LYOPHILIZED |
| 00015335324 | RUBEX 100MG IMMUNEX LABEL |
| 00015335124 | RUBEX 10MG IMMUNEX LABEL |
| 00015335122 | RUBEX 10MG LYOPHILIZED |

- 8 -

| | |
|---|---|
| 00015335224 | RUBEX 50MG IMMUNEX LABEL |
| 00015335222 | RUBEX 50MG LYOPHILIZED |
| 00015347630 | TAXOL 100MG INJ MULTIDOSE |
| 00015347627 | TAXOL 100MG SEM-SYN VIAL |
| 00015347620 | TAXOL 100MG/16.7ML VHA+ L |
| 00015347911 | TAXOL 300MG/50ML VIAL |
| 00015345620 | TAXOL 30MG CONC FOR INJ |
| 00015347530 | TAXOL 30MG INJ MULTIDOSE |
| 00015347527 | TAXOL 30MG SEM-SYN VIAL |
| 00015347520 | TAXOL 30MG/5ML VHA+ LABEL |
| 00015309510 | VEPESID 100MG VIAL W/CYTO |
| 00015309530 | VEPESID 100MG VL W/O CYTO |
| 00015306224 | VEPESID 1G 50ML VIAL VHA+ |
| 00015306220 | VEPESID 1GM/50ML |
| 00015306120 | VEPESID 500MG |
| 00015306124 | VEPESID 500MG 25ML VL VHA |
| 00015309145 | VEPESID 50MG CAPSULES |
| 00015309520 | VEPESID INJ 100MG/5ML |
| 00015308420 | VEPESID INJ 150MG/7.5ML |

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on November 21, 2007, I caused copies of **[PROPOSED] ORDER RE: MOTION FOR NATIONWIDE CLASS CERTIFICATION AGAINST DEFENDANTS ASTRAZENECA AND BMS** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

  **/s/ Steve W. Berman**
Steve W. Berman

- 10 -

# Exhibit 5

Vincent J. Montell (State Bar No. 014236)
**Holloway Odegard Forrest & Kelly, P.C.**
3101 N. Central Avenue, Suite 1200
Phoenix, Arizona  85012
Telephone:  (602) 240-6670
Facsimile:  (602) 240-667<u>7</u>

J. Andrew Jackson
**Dickstein Shapiro LLP**
1825 Eye Street, NW
Washington, DC  20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201

Attorneys for Defendants Baxter Healthcare Corporation and
Baxter International Inc.

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ROBERT J. SWANSTON, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TAP PHARMACEUTICAL PRODUCTS, INC., et al.,<br><br>Defendants. | No. CV2002-004988<br><br>**ORDER DISMISSING CERTAIN OVERLAPPING CLAIMS WITHOUT PREJUDICE**<br><br>(Assigned to the Honorable Peter B. Swann) |

**THIS MATTER** comes before the Court on competing orders submitted by the parties.

**WHEREAS**, certain defendants in the *In re Pharmaceutical Industry Average Wholesale Price Litigation*, CA No. 01-12257-PBS, MDL No. 1456 (D. Mass.) ("MDL 1456") are also defendants in this case (collectively "the Overlapping Defendants").  The Overlapping Defendants consist of the following defendants in Track ~~1 of MDL~~ One of

MDL 1456 (the "Track ~~1~~One Overlapping Defendants"):  Zeneca Inc.; AstraZeneca

Pharmaceuticals LP; ~~Johnson & Johnson; Centocor, Inc.;~~AstraZeneca LP; Bristol-Myers Squibb

Co.; ~~Ortho Biotech Products, L.P.  See Exhibit "A" hereto.~~ Oncology Therapeutics Network

Corp.; Apothecon, Inc.; Johnson & Johnson; Centocor, Inc.; Ortho Biotech Products, L.P.;

Schering-Plough Corporation; Schering Corporation; and Warrick Pharmaceuticals Corporation.

See Exhibit A hereto.  The Overlapping Defendants also consist of the following defendants

in Track ~~2~~Two of MDL 1456 (the "Track Two Overlapping Defendants"):  Abbott

Laboratories; Amgen Inc.; Aventis Pharmaceuticals Inc.; Hoechst Marion Roussel, Inc.;

ZLB Behring, L.L.C. (f/k/a Aventis Behring L.L.C.); Baxter International Inc.; Baxter

Healthcare Corporation; Bayer Corporation; ~~Bristol-Myers Squibb Co.; Oncology~~

~~Therapeutics Network Corp.; Apothecon, Inc.;~~ Dey, Inc.; Fujisawa Healthcare, Inc.; Fujisawa

USA, Inc.; Immunex Corporation; Pharmacia Corporation; Pharmacia & Upjohn LLC,

f/k/a Pharmacia & Upjohn, Inc.; Monsanto Company; Sicor, Inc.; Gensia, Inc., and Gensia

Sicor Pharmaceuticals, Inc.

~~See Exhibit "B" hereto;~~

**WHEREAS**, there exist claims in this case against the Overlapping Defendants

that overlap with class claims in MDL 1456 ("the Overlapping Claims").  The

Overlapping Claims consist of the following claims in this case:  ~~common law fraud~~

~~(Count II of the Amended Complaint), civil conspiracy (Count III of the Amended Complaint),~~

~~and consumer fraud pursuant to Ariz.~~Unjust Enrichment (Count I of the Second Amended

Complaint); Common Law Fraud (Count II of the Second Amended Complaint); Civil Conspiracy

(Count III of the Second Amended Complaint); Concert of Action (Count IV of the Second

Amended Complaint); Aiding/Abetting (Count V of the Second Amended Complaint); Consumer

Fraud pursuant to Ariz. Rev. Stat. § 44-1521, *et seq.* (Count ~~IV~~VI of the Second Amended

2

1  Complaint); and Conspiracy in Violation of the Arizona Antitrust Laws, Ariz. Rev. Stat. § 44-

2  1402; Art. 14, §15 of the Arizona Constitution  (Count VII of the Second Amended Complaint);

3            **WHEREAS**, the Overlapping ~~Claims concern some, but not all, of the drugs at~~

4  ~~issue in this case ("the Overlapping Drugs").  The Overlapping~~ Drugs are set forth in

5  Exhibits "A" and "B" hereto ("the Overlapping Drugs");

6            **WHEREAS**, to eliminate the Overlapping Claims against Overlapping

7  Defendants with respect to Overlapping Drugs;

8         On this ___ day of ~~August~~September, 2008,

9         It is hereby **ORDERED**, that all claims against the Track ~~1~~One Overlapping

10  Defendants with respect to the Overlapping Drugs shall be dismissed without prejudice~~,~~

11  ~~and the above-described Overlapping Claims brought against the Track 2 Overlapping~~

12  ~~Defendants, as well as Count I (unjust enrichment), Count IV (concert of action) and Count V~~

13  ~~(aiding & abetting/facilitating), with respect to Overlapping Drugs shall be dismissed without~~

14  ~~prejudice.~~

15

16         **IT IS FURTHER ORDERED**, that all claims against the Track Two Overlapping

17  Defendants with respect to Overlapping Drugs shall be dismissed without prejudice.

18         IT IS FURTHER ORDERED, that all claims against the Track One Overlapping

19  Defendants with respect to Self-Administered Drugs shall be dismissed without prejudice.

20         IT IS FURTHER ORDERED, that the following Track Two Overlapping Defendants

21  shall be dismissed without prejudice:  Abbott Laboratories; Abbott Laboratories, Inc.; Amgen

22  Inc.; Aventis Pharmaceuticals Inc.; Hoechst Marion Roussel Inc.; ZLB Behring, L.L.C. (f/k/a

23  Aventis Behring L.L.C.); Immunex Corporation; Pharmacia Corporation; Pharmacia & Upjohn

24  LLC, f/k/a Pharmacia & Upjohn, Inc.; Pharmacia & Upjohn Company LLC; The Upjohn

25  Company; Adria Labs; Monsanto Company; and G.D. Searle.

26

27

28                         3

1      IT IS FURTHER ORDERED that all claims by Third-Party Payor Members of the

2  putative class against the following Track Two Overlapping Defendants shall be dismissed

3  without prejudice:  Baxter International Inc.; Baxter Healthcare Corporation; Bayer Corporation;

4  Dey, Inc.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Sicor, Inc. (f/k/a Gensia Sicor

5  Pharmaceuticals, Inc., f/k/a Gensia, Inc.).

6      IT IS FURTHER ORDERED, that all claims against the following defendants

7  (who are not Overlapping Defendants in MDL 1456) are dismissed in their entirety,

8  without prejudice: Ethicon Endo-Surgery, Indigo Medical Inc., Christopher Coleman,

9  Michael T. Gendelman, Eddy James Hack, Scott Hidalgo, and David Jett.

10

11      **IT IS FURTHER ORDERED,** that the above dismissals are with the express

12  understanding that the ~~status~~statute of limitations with respect to such claims is tolled until

13  such time as they have either been decertified as class claims in MDL 1456 or MDL 1456

14  has concluded.

15      **SO ORDERED**.

16      Filed this ___ day of ~~August~~September, 2008.

17

18                          The Honorable Peter B. Swann

19

20

21

22

23

24

25

26

27

28

DSMDB-2493792v03



21539274

Sep 15 2008
5:58PM

1  Vincent J. Montell (State Bar No. 014236)
2  **Holloway Odegard Forrest & Kelly, P.C.**
   3101 N. Central Avenue, Suite 1200
3  Phoenix, Arizona 85012
   Telephone: (602) 240-6670
4  Facsimile: (602) 240-6677

5

6  J. Andrew Jackson
7  **Dickstein Shapiro LLP**
   1825 Eye Street, NW
8  Washington, DC 20006
   Telephone: (202) 420-2200
9  Facsimile: (202) 420-2201

10

11  Attorneys for Defendants Baxter Healthcare Corporation and
    Baxter International Inc.
12

13        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

14            **IN AND FOR THE COUNTY OF MARICOPA**

15  ROBERT J. SWANSTON, individually and on          No. CV2002-004988
    behalf of himself and all others similarly situated,
16
                                                      **ORDER DISMISSING CERTAIN**
17              Plaintiff,                             **OVERLAPPING**
                                                      **CLAIMS WITHOUT**
18  vs.                                               **PREJUDICE**

19                                                    (Assigned to the Honorable
    TAP PHARMACEUTICAL PRODUCTS, INC.,                Peter B. Swann)
20  et al.,

21              Defendants.

22        **THIS MATTER** comes before the Court on competing orders submitted by the

23  parties.

24        **WHEREAS,** certain defendants in the *In re Pharmaceutical Industry Average*

25  *Wholesale Price Litigation,* CA No. 01-12257-PBS, MDL No. 1456 (D. Mass.) ("MDL

26  1456") are also defendants in this case (collectively "the Overlapping Defendants"). The

27  Overlapping Defendants consist of the following defendants in Track One of MDL 1456

28

(the "Track One Overlapping Defendants"):  Zeneca Inc.; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Bristol-Myers Squibb Co.; Oncology Therapeutics Network Corp.; Apothecon, Inc.; Johnson & Johnson; Centocor, Inc.; Ortho Biotech Products, L.P.; Schering-Plough Corporation; Schering Corporation; and Warrick Pharmaceuticals Corporation. *See* Exhibit A hereto.  The Overlapping Defendants also consist of the following defendants in Track Two of MDL 1456 (the "Track Two Overlapping Defendants"):  Abbott Laboratories; Amgen Inc.; Aventis Pharmaceuticals Inc.; Hoechst Marion Roussel, Inc.; ZLB Behring, L.L.C. (f/k/a Aventis Behring L.L.C.); Baxter International Inc.; Baxter Healthcare Corporation; Bayer Corporation; Dey, Inc.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Immunex Corporation; Pharmacia Corporation; Pharmacia & Upjohn LLC, f/k/a Pharmacia & Upjohn, Inc.; Monsanto Company; Sicor, Inc.; Gensia, Inc., and Gensia Sicor Pharmaceuticals, Inc.

**WHEREAS**, there exist claims in this case against the Overlapping Defendants that overlap with class claims in MDL 1456 ("the Overlapping Claims").  The Overlapping Claims consist of the following claims in this case:  Unjust Enrichment (Count I of the Second Amended Complaint); Common Law Fraud (Count II of the Second Amended Complaint); Civil Conspiracy (Count III of the Second Amended Complaint); Concert of Action (Count IV of the Second Amended Complaint); Aiding/Abetting (Count V of the Second Amended Complaint); Consumer Fraud pursuant to A.R.S. § 44-1521, *et seq.* (Count VI of the Second Amended Complaint); and Conspiracy in Violation of the Arizona Antitrust Laws, A.R.S. § 44-1402; Art. 14, §15 of the Arizona Constitution  (Count VII of the Second Amended Complaint);

**WHEREAS**, the Overlapping Drugs are set forth in Exhibits A and B hereto ("the Overlapping Drugs");

2

1

2

**WHEREAS**, to eliminate the Overlapping Claims against Overlapping

Defendants with respect to Overlapping Drugs;

3

4

On this ___ day of September, 2008,

5

It is hereby **ORDERED,** that all claims against the Track One Overlapping

6

Defendants with respect to the Overlapping Drugs shall be dismissed without prejudice.

7

**IT IS FURTHER ORDERED**, that all claims against the Track Two

8

Overlapping Defendants with respect to Overlapping Drugs shall be dismissed without

9

prejudice.

10

**IT IS FURTHER ORDERED**, that all claims against the Track One

11

Overlapping Defendants with respect to Self-Administered Drugs shall be dismissed

12

without prejudice.

13

14

**IT IS FURTHER ORDERED**, that the following Track Two Overlapping

15

Defendants shall be dismissed without prejudice:  Abbott Laboratories; Abbott

16

Laboratories, Inc.; Amgen Inc.; Aventis Pharmaceuticals Inc.; Hoechst Marion Roussel

17

Inc.; ZLB Behring, L.L.C. (f/k/a Aventis Behring L.L.C.); Immunex Corporation;

18

Pharmacia Corporation; Pharmacia & Upjohn LLC, f/k/a Pharmacia & Upjohn, Inc.;

19

Pharmacia & Upjohn Company LLC; The Upjohn Company; Adria Labs; Monsanto

20

Company; and G.D. Searle.

21

**IT IS FURTHER ORDERED** that all claims by Third-Party Payor Members

22

of the putative class against the following Track Two Overlapping Defendants shall be

23

dismissed without prejudice:  Baxter International Inc.; Baxter Healthcare Corporation;

24

Bayer Corporation; Dey, Inc.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Sicor, Inc.

25

(f/k/a Gensia Sicor Pharmaceuticals, Inc., f/k/a Gensia, Inc.).

26

**IT IS FURTHER ORDERED**, that all claims against the following defendants

27

(who are not Overlapping Defendants in MDL 1456) are dismissed in their entirety,

28

3

without prejudice: Ethicon Endo-Surgery, Indigo Medical Inc., Christopher Coleman, Michael T. Gendelman, Eddy James Hack, Scott Hidalgo, and David Jett.

**IT IS FURTHER ORDERED,** that the above dismissals are with the express understanding that the statute of limitations with respect to such claims is tolled until such time as they have either been decertified as class claims in MDL 1456 or MDL 1456 has concluded.

**SO ORDERED.**

Filed this ___ day of September, 2008.

_____
The Honorable Peter B. Swann

# EXHIBIT A

Westlaw.

233 F.R.D. 229                                                                    Page 1
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

▷
In re Pharmaceutical Industry Average
Wholesale Price Litigation
D.Mass.,2006.

United States District Court,D.
Massachusetts.
In re PHARMACEUTICAL
INDUSTRY AVERAGE
WHOLESALE PRICE LITIGATION.
M.D.L. No. 1456.
Civ.A. No. 01-12257 PBS.

Jan. 30, 2006.

*CONSOLIDATED ORDER RE:
MOTION FOR CLASS
CERTIFICATION*

SARIS, District Judge.
   Pursuant to Fed.R.Civ.P. 23,
plaintiffs have moved for an order
certifying a class in this action. After
considering the submissions of the
parties and the record in this case, and
after hearing on January 19, 2006, I
order that plaintiffs' motion for class

certification*230 is *ALLOWED IN
PART and DENIED IN PART* as to
the claims asserted in the Third
Amended Master Consolidated Class
Action Complaint ("TAMCCAC").
The Court relies on the reasons stated in
court and in *In re Pharm. Indus.
Average Wholesale Price Litig.*, 230
F.R.D. 61 (D.Mass.2005). The classes
are certified as follows:

## I. CLASSES AND SUBCLASSES CERTIFIED

A. *Class 1:   Medicare Part B
Co-Payment Class*

   1. Class Definition:
   All natural persons nationwide who
made, or who incurred an obligation
enforceable at the time of judgment to
make, a co-payment based on AWP for
a Medicare Part B covered Subject
Drug [FN1] that was manufactured by
AstraZeneca (AstraZeneca, PLC,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229                                                                                    Page 2
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.), the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.), SmithKline Beecham Corporation d/b/a GlaxoSmithKline, or the Johnson & Johnson Group (Johnson & Johnson, Centocor, Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen Pharmaceutica Products, L.P.). Excluded from the Class are those who made flat co-payments, who were reimbursed fully for any co-payments, or who have the right to be fully reimbursed; and the residents of the states of Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana, and Virginia (where consumer protection statutes do not permit class actions).

FN1. The Subject Drugs are identified in the Table of Subject Drugs found at the end of this Order. Defendants recently raised the issue that some drugs were improperly included. After conferring, the parties may move to strike drugs included in error.

2. The Court certifies four Subclasses corresponding to each of the defendant groups.

3. The Court certifies the following plaintiffs as representatives of these Subclasses pursuant to Fed.R.Civ.P. 23(b)(3). Leroy Townsend (AstraZeneca); David and Susan Ruth Aaronson (GlaxoSmithKline, the BMS Group); Joyce Howe, individually and on behalf of the Estate of Robert Howe (AstraZeneca); James and Teresa Shepley (the Johnson & Johnson Group); Larry Young, individually and on behalf of the Estate of Patricia Young (the Johnson & Johnson Group). The representative of a Subclass need only have paid for one of the Subject Drugs manufactured or marketed by a defendant group. I decline to certify a class of persons who made co-payments for drugs manufactured by the Schering Plough Group (Schering-Plough Corporation and Warrick Pharmaceuticals Corporation) because plaintiffs have not proposed any adequate and typical representatives of that proposed subclass.

4. The consumer protection act of each state shall apply to these Subclasses. Specifically, the Medicare

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Part B Co-payment Class is certified for claims under the following statutes: (a) Ariz.Rev.Stat. § 44-1522, *et seq.;* (b) Ark.Code § 4-88-101, *et seq.;* (c) Cal. Bus. & Prof.Code §§ 17200, *et seq.,* 1770; (d) Colo.Rev.Stat. § 6-1-105, *et seq.;* (e) Conn. Gen.Stat. § 42-110b, *et seq.;* (f) 6 Del.Code § 2511, *et seq.;* (g) D.C.Code § 28-3901, *et seq.;* (h) Fla. Stat. § 501.201, *et seq.;* (i) Haw.Rev.Stat. § 480, *et seq.;* (j) Idaho Code § 48-601, *et seq.;* (k) 815 ILCS § 505/1, *et seq.;* (l) Ind.Code Ann. § 24-5-0.5.1, *et seq.;* (m) Kan. Stat. § 50-623, *et seq.;* (n) Md. Com. Law Code § 13-101, *et seq.;* (o) Mass. Gen. L. Ch. 93A, *et seq.;* (p) Mich. Stat. § 445.901, *et seq.;* (q) Minn.Stat. § 325F.67, *et seq.;* (r) Mo.Rev.Stat. § 407.010, *et seq.;* (s) Neb.Rev.Stat. § 59-1601, *et seq.;* (t) Nev.Rev.Stat. § 598.0903, *et seq.;* (u) N.H.Rev.Stat. § 358-A:1, *et seq.;* (v) N.J. Stat. Ann. § 56:8-1, *et seq.;* (w) N.M. Stat. Ann. § 57-12-1, *et seq.;* (x) N.Y. Gen. Bus. Law § 349, *et seq.;* (y) N.C. Gen.Stat. § 75-1.1, *et seq.;* (z) N.D. Cent.Code § 51-15-01, *et seq.;* (aa) Ohio Rev. Stat. § 1345.01, *et seq.;* (bb) Okla. Stat. tit. 15 § 751, *et seq.;* (cc) Or.Rev.Stat. § 646.605, *et seq.;* (dd) 73 Pa. Stat. § 201-1, *et seq.;* (ee) R.I. Gen. Laws. § 6-13.1-1, *et seq.;* (ff) S.C.Code Laws § 39-5-10, *et seq.;* (gg) S.D.Code Laws § 37-24-1, *et seq.;* (hh) *231 Tenn.Code § 47-18-101, *et seq.;* (ii) Tex. Bus. & Com.Code § 17.41, *et seq.;* (jj) Utah Code Ann. § 13-11-1, *et seq.;* (kk) Vt. Stat. Ann. tit. 9, § 2451, *et seq.;* (ll) Wash. Rev.Code § 19.86.010, *et seq.;* (mm) W. Va.Code § 46A-6-101, *et seq.;* (nn) Wis. Stat. § 100.18, *et seq.;* and (oo) Wyo. Stat. § 40-12-100, *et seq.* Plaintiffs allege that they have complied with the notice provisions of all consumer protection acts requiring such notice.

5. This Class is certified pursuant to Fed.R.Civ.P. 23(b)(3).

**B. Class 2:   Third-Party Payor MediGap Supplemental Insurance Class**

1. Class Definition:

All Third-Party Payors who made reimbursements for drugs purchased in Massachusetts, or who made reimbursements for drugs and have their principal place of business in Massachusetts, based on AWP for a Medicare Part B covered Subject Drug that was manufactured by AstraZeneca

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

(AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.), the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.), SmithKline Beecham Corporation d/b/a GlaxoSmithKline, the Johnson & Johnson Group (Johnson & Johnson, Centocor, Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen Pharmaceutica Products, L.P.), or the Schering Plough Group (Schering-Plough Corporation and Warrick Pharmaceuticals Corporation).

2. The Court certifies five Subclasses corresponding to each of the defendant groups.

3. The Court certifies plaintiffs Blue Cross/Blue Shield of Massachusetts and Sheet Metal Workers National Health Fund as the representatives for this Class.

4. The claims for this Class are certified under Mass. Gen. Laws ch. 93A.

5. This Class is certified pursuant to Fed.R.Civ.P. 23(b)(3).

**C. Class 3: Consumer and Third-Party Payor Class for Medicare Part B Drugs Outside of the Medicare Context.**

1. Class Definition:

All natural persons who made or who incurred an obligation enforceable at the time of judgment to make a payment for purchases in Massachusetts, all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard for purchases in Massachusetts, and all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard and have their principal place of business in Massachusetts, for a physician-administered Subject Drug that was manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.), the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.), SmithKline Beecham Corporation d/b/a GlaxoSmithKline, the Johnson & Johnson Group (Johnson & Johnson, Centocor, Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

Pharmaceutica Products, L.P.), or the Schering Plough Group (Schering-Plough Corporation and Warrick Pharmaceuticals Corporation). Included within this Class are natural persons who paid coinsurance (*i.e.,* co-payments proportional to the reimbursed amount) for a Subject Drug purchased in Massachusetts, where such coinsurance was based upon use of AWP as a pricing standard. Excluded from this Class are any payments or reimbursements for generic drugs that are based on MAC and not AWP.

2. The Court certifies five Subclasses corresponding to each of the defendant groups.

3. The Court certifies plaintiff Pipefitters Local 537 Trust Funds and Blue Cross/Blue Shield of Massachusetts as the representatives for this Class pursuant to Fed.R.Civ.P. 23(b)(2) and 23(b)(3). The Court also certifies Health Care For All as the representative for this Class pursuant to Fed R. Civ. P. 23(b)(2).

4. The claims for this Class are certified under Mass. Gen. Laws ch. 93A.

## II. CLASSES NOT CERTIFIED

1. With respect to Class 2, plaintiffs have not submitted an adequate analysis of the *232 feasibility of a nationwide class of Third-Party Payors. Therefore, the Court declines at this time to certify this Class under the consumer protection laws of states other than Massachusetts. However, this denial is without prejudice.

2. With respect to Class 3, the Court declines at this time to certify this Class under the consumer protection laws of states other than Massachusetts. However, this denial is without prejudice.

3. The Court declines to certify a class of persons or Third-Party Payors who made payments or reimbursements for self-administered drugs not appearing in the appended Table of Subject Drugs. This denial is with prejudice.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

## III. MISCELLANEOUS

1. The Class Period for Class 1 and Class 2 is January 1, 1991 to January 1, 2005. The class period for Class 3 is January 1, 1991 to the present.

2. Excluded from these Classes are: any subsidiaries or affiliates of defendants; the officers and directors of defendants during the Class Period; members of defendants' immediate families; any person, firm, trust, corporation, officer, director, or any individual or entity in which any defendant has a controlling interest or which is related to, or affiliated with, any defendant; the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded parties and governmental entities.

3. Pursuant to Fed.R.Civ.P. 23(g), the Court appoints the following firms as Co-Lead Counsel: Hagens Berman Sobol Shapiro LLP; Spector Roseman & Kodroff, P.C.; Hoffman & Edelson; The Wexler Firm; and Kline & Specter.

4. The "Together Rx" claims are not certified because they are dismissed

without prejudice by the filing of the TAMCCAC.

5. The Court retains the discretion under Rule 23 to modify this Order. Modifications may include adding new class representatives, striking existing class representatives, and striking drugs from the Table of Subject Drugs.

6. The Court declines to certify issues for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or to recommend appeal pursuant to Fed.R.Civ.P. 23(f).

## TABLE OF SUBJECT DRUGS

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

### AstraZeneca

| NDC | Description |
| --- | --- |
| 0018619 8804 | PULMICORT RESPULES 60 mls 2 X 30.25mg/2mL |
| 0018619 8904 | PULMICORT RESPULES 60 mls 2x30 .5mg/2mL |
| 0031009 6036 | Zoladex 3.6mg 1x1EA Depot |
| 0031009 6130 | Zoladex 10.8mg 1x1EA Depot |
| 0031009 5130 | Zoladex 10.8mg 1x1EA Depot |
| 0031009 5036 | Zoladex 3.6mg 1x1EA Depot |

### BMS Group

| NDC | Description |
| --- | --- |
| 0001530 1026 | BLENOXANE INJ 15 UNIT VHA |
| 0001530 1020 | BLENOXANE INJ 15 UNIT VL |
| 0001530 6326 | BLENOXANE INJ 30 UNIT VHA |
| 0001530 6301 | BLENOXANE INJ 30 UNIT VL |
| 0059003 2435 | COUMADIN INJ 5MG VIAL |
| 0001505 3910 | CYTOXAN 100MG LYOPH W/CYT |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

| 0001505 4812 | CYTOXAN 1G 6X50ML VHA+ |
| 0001505 4810 | CYTOXAN 1GM LYOPH W/CYTOG |
| 0001505 4610 | CYTOXAN 200MG LYOPH W/CYT |
| 0001505 4912 | CYTOXAN 2G 6X100ML VHA+ |
| 0001505 4910 | CYTOXAN 2GM LYOPH W/CYTOG |
| 0001505 4710 | CYTOXAN 500MG LYOPH W/CYT |
| 0001505 0001 | CYTOXAN FOR INJ 100 MG |
| 0001505 0041 | CYTOXAN INJ 100MG |
| 0001505 0641 | CYTOXAN INJ 1X2GM VIAL |
| 0001505 0241 | CYTOXAN INJ 1X500MG VIAL |
| 0001505 0141 | CYTOXAN INJ 200MG |
| 0001505 4712 | CYTOXAN LYO 500MG VL VHA |
| 0001505 4741 | CYTOXAN LYOPH 500MG |
| 0001505 3941 | CYTOXAN LYOPHILIZED 100MG |
| 0001505 4841 | CYTOXAN LYOPHILIZED 1GM |
| 0001505 4641 | CYTOXAN LYOPHILIZED 200MG |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

| 0001505 4941 | CYTOXAN LYOPHILIZED 2GM |
| 0001505 0541 | CYTOXAN PINJ 1X1G VIAL |
| 0001505 0303 | CYTOXAN TABLETS 50 MG |
| 0001505 0302 | CYTOXAN TABLETS 50MG |
| 0001505 0401 | CYTOXAN TABS 25MG |
| 0001505 0301 | CYTOXAN TABS 50MG |
| 0001505 0348 | CYTOXAN TABS 50MG |
| 0001534 0420 | ETOPOPHOS 100MG VIAL |
| 0001532 1429 | PARAPLATIN 10X15ML VHA+ |
| 0001532 1529 | PARAPLATIN 10X45ML VHA+ |
| 0001532 1329 | PARAPLATIN 10X5ML VHA+ |
| 0001532 1410 | PARAPLATIN 150MG LYOPH CY |
| 0001532 1430 | PARAPLATIN 1X150MG LYO VL |
| 0001532 1530 | PARAPLATIN 1X450MG LYO VL |
| 0001532 1510 | PARAPLATIN 450MG VL W/CYT |
| 0001532 1330 | PARAPLATIN 50MG LYOPHILIZ |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

Page 10

| | |
|---|---|
| 0001532 1310 | PARAPLATIN 50MG W/CYTO |
| 0001533 5322 | RUBEX 100 MG LYOPHILIZED |
| 0001533 5324 | RUBEX 100MG IMMUNEX LABEL |
| 0001533 5124 | RUBEX 10MG IMMUNEX LABEL |
| 0001533 5122 | RUBEX 10MG LYOPHILIZED |
| 0001533 5224 | RUBEX 50MG IMMUNEX LABEL |
| 0001533 5222 | RUBEX 50MG LYOPHILIZED |
| 0001534 7630 | TAXOL 100MG INJ MULTIDOSE |
| 0001534 7627 | TAXOL 100MG SEM-SYN VIAL |
| 0001534 7620 | TAXOL 100MG/16.7ML VHA+ L |
| 0001534 7911 | TAXOL 300MG/50ML VIAL |
| 0001534 5620 | TAXOL 30MG CONC FOR INJ |
| 0001534 7530 | TAXOL 30MG INJ MULTIDOSE |
| 0001534 7527 | TAXOL 30MG SEM-SYN VIAL |
| 0001534 7520 | TAXOL 30MG/5ML VHA+ LABEL |
| 0001530 9510 | VEPESID 100MG VIAL W/CYTO |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

| 0001530 9530 | VEPESID 100MG VL W/O CYTO |
|---|---|
| 0001530 6224 | VEPESID 1G 50ML VIAL VHA+ |
| 0001530 6220 | VEPESID 1GM/50ML |
| 0001530 6120 | VEPESID 500MG |
| 0001530 6124 | VEPESID 500MG 25ML VL VHA |
| 0001530 9145 | VEPESID 50MG CAPSULES |
| 0001530 9520 | VEPESID INJ 100MG/5ML |
| 0001530 8420 | VEPESID INJ 150MG/7.5ML |

**SmithKline Beecham Corporation d/b/a GlaxoSmithKline**

| NDC | Description |
|---|---|
| 0017301 3093 | ALKERAN I.V. INJ 50 MG |
| 0017300 4535 | ALKERAN TAB 2MG 50S |
| 0017304 4902 | IMITREX INJ 0.5ML 12MG/ML 5S VIALS |
| 0017304 4901 | IMITREX INJ 12MG/ML 0.5ML 2S PFLD SRNG |
| 0017304 4903 | IMITREX INJ 12MG/ML 0.5ML2S KIT,SELFDOSE |
| 0017304 7900 | IMITREX INJ 12MG/ML STAT DOSE KIT |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med'GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

    0017304    IMITREX INJ 12MG/ML STAT DOSE
7800    RFL 2'S
    0017340    IMITREX SELFDOSE SYSTEM
3291    SELFDOSE UNIT/C
    0017340    ITMD ZOVIRAX STERILE POWDER
8367    1000MG (BWX9
    0002941    KYTRIL 1 MG TABS 20'S SUP
5105
    0002941    KYTRIL 1MG TABS 2'S
5139
    0002941    KYTRIL 1MG/ML INJECTION 4ML VIAL
5201
    0002941    KYTRIL INJ SGL DOSE VIAL 1MG/ML
4975    VHA
    0002941    KYTRIL INJ SINGLE DOSE VIAL
4901    1MG/ML
    0017302    LANOXIN INJ 0.5MG -PART 1.00
6010
    0017302    LANOXIN INJ 0.5MG 2ML 50S
6035
    0017302    LANOXIN INJ PEDIATRIC 0.1MG/ML
6210
    0017302    LANOXIN INJECTION -PART 1.00
6015
    0017302    LANOXIN INJECTION -PART 1.00
6055
    0017307    MYLERAN TAB 2MG 25S
1325
    0017306    NAVELBINE INJ 10MG 1ML
5601
    0017306    NAVELBINE INJ 50MG 5ML
5644

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

| 0017301 | RETROVIR IV INF 10MG/ML 20ML 10 0793 |
| 0017304 | VENTOLIN NEB SOL INH 0.083% 3ML 1900   25S |
| 0017304 | VENTOLIN NEB SOL INH 0.083% 3ML 1901   5S S |
| 0017303 | VENTOLIN SOL INH 0.5% 5MG/ML 8501   10ML |
| 0017303 | VENTOLIN SOL INH 0.5% 5MG/ML 8558   20ML |
| 0017304 | ZOFRAN INJ 2MG/ML 20ML 4200 |
| 0017304 | ZOFRAN INJ 2MG/ML 2ML 5S 4202 |
| 0017304 | ZOFRAN INJ PRMXD 32MG/50ML 6100 |
| 0017304 | ZOFRAN INJ PRMXD 4MG/50ML 6200 |
| 0017305 | ZOFRAN ODT 4MG 5X2 30S 6900 |
| 0017305 | ZOFRAN ODT 8MG 5X2 10'S 7004 |
| 0017305 | ZOFRAN ODT 8MG 5X2 30S 7000 |
| 0017304 | ZOFRAN ORAL SOL 4MG/5ML 50ML 8900 |
| 0017306 | ZOFRAN TAB 24MG 1S 8000 |
| 0017304 | ZOFRAN TAB 4MG 100S 4601 |
| 0017304 | ZOFRAN TAB 4MG 100S UD 4602 |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

0017304    ZOFRAN TAB 4MG 30S
4600

0017304    ZOFRAN TAB 4MG 3S
4604

0017304    ZOFRAN TAB 8MG 100S
4701

0017304    ZOFRAN TAB 8MG 100S UD
4702

0017304    ZOFRAN TAB 8MG 30S
4700

0017304    ZOFRAN TAB 8MG 3S
4704

0017309    ZOVIRAX FOR INJECTION 1000MG
5201        20ML 10S ©

0017309    ZOVIRAX FOR INJECTION 500MG
9501        10ML 10S (C#


**Johnson & Johnson Group**

| NDC | Description |
|---|---|
| 5789400 3001 | C168J REMICADE 1PCK |
| 5967603 1201 | PROCRIT 10,000 U/ML |
| 5967603 1002 | PROCRIT 10000 U |
| 5967603 1001 | PROCRIT 10000 U/ML |
| 0006274 0103 | PROCRIT 10000U/ML AMG |
| 5967603 2001 | PROCRIT 20,000 U/ML |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

| | |
|---|---|
| 5967603 0202 | PROCRIT 2000 U/ |
| 5967603 0201 | PROCRIT 2000 U/ML 6 |
| 0006274 0201 | PROCRIT 2000U/ML AMG |
| 5967603 0302 | PROCRIT 3000 U/ |
| 5967603 0301 | PROCRIT 3000 U/ML 6 |
| 0006274 0503 | PROCRIT 3000 U/ML INST |
| 0006274 0501 | PROCRIT 3000U/ML AMG |
| 5967603 0402 | PROCRIT 4000 U/ |
| 5967603 0401 | PROCRIT 4000 U/ML 6 |
| 0006274 0004 | PROCRIT 4000 U/ML INST |
| 5967603 4001 | PROCRIT 40000 U/ML |
| 0006274 0003 | PROCRIT 4000U/ML AMG |
| 0006254 2307 | PWRWNG PERMANEN |

**Schering Plough Group**

| NDC | Description |
|---|---|
| 5993015 1504 | ALBUTEROL INHALATION SOLUTION |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Mod & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

| | |
|---|---|
| 5993016 4702 | ALBUTEROL INHALATION SOLUTION |
| 5993015 0006 | ALBUTEROL SULFATE INHAL. SOL. |
| 5993015 0008 | ALBUTEROL SULFATE INHAL. SOL. |
| 5993015 1701 | ALBUTEROL SULFATE SOLUTION |
| 5993015 1702 | ALBUTEROL SULFATE SOLUTION |
| 5993015 5020 | ALBUTEROL SULFATE SOLUTION |
| 0008511 3601 | INTEGRILIN |
| 0008511 7701 | INTEGRILIN |
| 0008511 7702 | INTEGRILIN |
| 0008512 3501 | INTRON A FOR INJ MULTIDOSE PEN |
| 0008512 4201 | INTRON A FOR INJ MULTIDOSE PEN |
| 0008512 5401 | INTRON A FOR INJ MULTIDOSE PEN |
| 0008511 6801 | INTRON A INJ 18MIU HSA FREE |
| 0008511 3301 | INTRON A INJ 25MIU HSA FREE |
| 0008511 8401 | INTRON A INJ 3MIU HSA FREE |
| 0008511 8402 | INTRON A INJ 3MIU HSA FREE |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

|   |   |
|---|---|
| 0008511 | INTRON A INJ 5MIU HSA FREE |
| 9101 | |
| 0008511 | INTRON A INJ 5MIU HSA FREE |
| 9102 | |
| 0008511 | INTRON A INJ PAK10MIU HSA FREE |
| 7901 | |
| 0008511 | INTRON A INJ PAK10MIU HSA FREE |
| 7902 | |
| 0008505 | INTRON A INJECTABLE 10MILLN IU |
| 7102 | |
| 0008505 | INTRON A INJECTABLE 10MILLN IU |
| 7106 | |
| 0008511 | INTRON A INJECTABLE 18MILLN IU |
| 1001 | |
| 0008502 | INTRON A INJECTABLE 25MILLN IU |
| 8502 | |
| 0008506 | INTRON A INJECTABLE 3MILLN IU |
| 4703 | |
| 0008506 | INTRON A INJECTABLE 3MILLN IU |
| 4704 | |
| 0008506 | INTRON A INJECTABLE 3MILLN IU |
| 4705 | |
| 0008501 | INTRON A INJECTABLE 5 MILLN IU |
| 2002 | |
| 0008501 | INTRON A INJECTABLE 5 MILLN IU |
| 2003 | |
| 0008501 | INTRON A INJECTABLE 5 MILLN IU |
| 2004 | |
| 0008501 | INTRON A INJECTABLE 5 MILLN IU |
| 2005 | |
| 0008505 | INTRON A INJECTABLE 50MILLN IU |
| 3901 | |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229                                                           Page 18
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

   0008506    INTRON A INJECTION 18 MIU
8901
   0008509    INTRON A SOL FOR INJ 10 MILLI
2301
   0008507    INTRON A SOL FOR INJ. 25MILLN
6901
   0008509    INTRON A SOLUTION 18MIU 3ML
5301
   5993016    PERPHENAZINE
0001
   5993016    PERPHENAZINE
0002
   5993016    PERPHENAZINE 16MG
1001
   5993016    PERPHENAZINE 8MG
0501
   5993016    PERPHENAZINE 8MG
0502
   5993016    PERPHENAZINE TABLETS
0301
   5993016    PERPHENAZINE TABLETS
0302
   0008513    PROVENTIL INHALATION SOLUTION
3601
   0008502    PROVENTIL SOLUTION .083MG/ML
0901
   0008518    PROVENTIL SOLUTION .083MG/ML
0601
   0008502    PROVENTIL SOLUTION 5MG/ML
0802
   0008502    PROVENTIL SOLUTION 5MG/ML
0852

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229                                                                              Page 19
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

   0008512    TEMODAR 100MG
5901
   0008512    TEMODAR 100MG
5902
   0008512    TEMODAR 20MG
4401
   0008512    TEMODAR 20MG
4402
   0008512    TEMODAR 250MG
5201
   0008512    TEMODAR 250MG
5202
   0008512    TEMODAR 5MG
4801
   0008512    TEMODAR 5MG
4802

D.Mass.,2006.
In re Pharmaceutical Industry Average
Wholesale Price Litigation
233 F.R.D. 229, Med & Med GD (CCH) P
301,781

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

## CLASS MEMBERSHIP DRUG LIST: CLASS DRUGS IDENTIFIED IN FIFTH AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

### CLASS A DRUGS

Anzemet (injection & tablets)
Aranesp
Epogen
Ferrlecit
InFed
Neulasta
Neupogen

### CLASS B DRUGS

AccuNeb
Acetylcysteine
Acyclovir sodium
Adenosine
Adriamycin PFS/RFS
Adrucil
Aggrastat
Albuterol sulfate
Alcohol injection
A-methapred
Amikacin sulfate
Aminocaproic acid
Aminosyn / Aminosyn II / Amino acid
Amphocin / Amphotericin B
Aristocort / Aristospan
Aromasin
Ativan
Azmacort
Bebulin
Bioclate
Bleomycin sulfate
Brevibloc
Buminate
Bupivacaine
Calcijex
Calcimar
Camptosar / Irinotecan hydrochloride
Carbocaine / Mepivicaine
Cefizox
Chromium tr meta / Chromic chloride

Cimetidine hydrochloride
Cipro / Ciprofloxacin hydrochloride
Cisplatin
Claforan
Cleocin T / Clindamycin phosphate
Copper trace / Cupric chloride
Cromolyn sodium
Cytosar-U / Cytarabine
Depo provera / Medroxyprogesterone acetate
Depo-testosterone / Testosterone cypionate
Dexamethasone acetate /Dexamethasone sodium / Dexamethasone sodium phosphate
Dextrose / Dextrose sodium chloride / Ringers lactated with dextrose
Diazepam
Dicarbazine (dtic -- dome)
Diltiazem hydrochloride
Dopamine hydrochloride
Doxorubicin / Doxorubicin hydrochloride
DTIC Dome
Eligard
Ellence / Epirubicin HCL
Enalaprilat
Enbrel
Epinephrine
Erythromycin / Erythromycin base
Estradiol
Etoposide
Famotidine
Fentanyl citrate
Fluorouracil
Fluphenazine HCL
Furosemide
Gamimune N / Gammagard / Gammagard S/D / Gammar / Gammar P.I.V.
Gentamicin sulfate
Gentran / Gentran NACL
Glycopyrrolate
Helixate / Helixate FS
Heparin / Heparin lock flush / Heparin sodium
Humate-P
Hydromorphine
Idamycin / Idarubicin hydrochloride
Imipramine HCL
Intal
Ipratropium bromide
Iveegam
Ketorolac / Ketorolac tromethamine
Kineret
Koate- HP
Kogenate
Labetalol

Lasix
Leucovorin calcium
Leukine
Levofloxacin
Lidocaine hydrochloride
Liposyn II / Fat emulsion
Lorazepam
Lovenox
Lyphocin
Magnese chloride
Magnesium sulfate
Mannitol
Marcaine
Medrol / Methylprednisolone
Metaproterenol sulfate
Methotrexate sodium
Metoclopramide
Midazolam hydrochloride
Mithracin
Monoclate / Monoclate-P
Mononine
Morphine sulfate
Nadolol
Nalbuphine
Nebupent
Neosar / Cyclophospamide
Neostigmine methylsulfate
Novacaine / Procaine
Novantrone
Osmitrol
Pancuronium bromide
Pentam /Pentamidine isethionate
Perphenazine
Phenylephrine
Potassium acetate / Potassium chloride
Prograf
Promethazine
Propranolol HCL
Propofol
Ranitidine HCL
Recombinate
Sodium acetate
Sodium chloride
Solu-cortef / Hydrocortisone sodium succinate
Solu-medrol
Succinylcholine chloride
Taxotere
Thioplex / Thiotepa
Tobramycin sulfate / Tobramycin/sodium chloride

Toposar
Travasol / Travasol with dextrose
Trelstar / Triptorelin pamoate
Vancocin / Vancocin HCL / Vancomycin / Vancomycin HCL
Verapamil HCL
Vinblastine sulfate
Vincasar / Vincristine / Vinscristine sulfate
Water for injection bacteriostatic
Zemplar
Zinc chloride



21539274

Sep 15 2008
5:58PM

# EXHIBIT A

Westlaw.

233 F.R.D. 229                                                                     Page 1
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
**(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))**

▷

In re Pharmaceutical Industry Average
Wholesale Price Litigation
D.Mass.,2006.

United States District Court,D.
Massachusetts.
In re PHARMACEUTICAL
INDUSTRY AVERAGE
WHOLESALE PRICE LITIGATION.
**M.D.L. No. 1456.**
**Civ.A. No. 01-12257 PBS.**

Jan. 30, 2006.

*CONSOLIDATED ORDER RE:*
*MOTION FOR CLASS*
*CERTIFICATION*

SARIS, District Judge.
　　Pursuant to Fed.R.Civ.P. 23,
plaintiffs have moved for an order
certifying a class in this action. After
considering the submissions of the
parties and the record in this case, and
after hearing on January 19, 2006, I
order that plaintiffs' motion for class

certification*230 is *ALLOWED IN*
*PART and DENIED IN PART* as to
the claims asserted in the Third
Amended Master Consolidated Class
Action Complaint ("TAMCCAC").
The Court relies on the reasons stated in
court and in *In re Pharm. Indus.*
*Average Wholesale Price Litig.,* 230
F.R.D. 61 (D.Mass.2005). The classes
are certified as follows:

**I. CLASSES AND SUBCLASSES**
**CERTIFIED**

**A.  *Class    1:     Medicare    Part    B***
***Co-Payment Class***

　　1. Class Definition:
　　All natural persons nationwide who
made, or who incurred an obligation
enforceable at the time of judgment to
make, a co-payment based on AWP for
a Medicare Part B covered Subject
Drug [FN1] that was manufactured by
AstraZeneca (AstraZeneca, PLC,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.), the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.), SmithKline Beecham Corporation d/b/a GlaxoSmithKline, or the Johnson & Johnson Group (Johnson & Johnson, Centocor, Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen Pharmaceutica Products, L.P.). Excluded from the Class are those who made flat co-payments, who were reimbursed fully for any co-payments, or who have the right to be fully reimbursed; and the residents of the states of Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana, and Virginia (where consumer protection statutes do not permit class actions).

> FN1. The Subject Drugs are identified in the Table of Subject Drugs found at the end of this Order. Defendants recently raised the issue that some drugs were improperly included. After conferring, the parties may move to strike drugs included in error.

2. The Court certifies four Subclasses corresponding to each of the defendant groups.

3. The Court certifies the following plaintiffs as representatives of these Subclasses pursuant to Fed.R.Civ.P. 23(b)(3). Leroy Townsend (AstraZeneca); David and Susan Ruth Aaronson (GlaxoSmithKline, the BMS Group); Joyce Howe, individually and on behalf of the Estate of Robert Howe (AstraZeneca); James and Teresa Shepley (the Johnson & Johnson Group); Larry Young, individually and on behalf of the Estate of Patricia Young (the Johnson & Johnson Group). The representative of a Subclass need only have paid for one of the Subject Drugs manufactured or marketed by a defendant group. I decline to certify a class of persons who made co-payments for drugs manufactured by the Schering Plough Group (Schering-Plough Corporation and Warrick Pharmaceuticals Corporation) because plaintiffs have not proposed any adequate and typical representatives of that proposed subclass.

4. The consumer protection act of each state shall apply to these Subclasses. Specifically, the Medicare

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
**(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))**

Part B Co-payment Class is certified for claims under the following statutes: (a) Ariz.Rev.Stat. § 44-1522, *et seq.;* (b) Ark.Code § 4-88-101, *et seq.;* (c) Cal. Bus. & Prof.Code §§ 17200, *et seq.,* 1770; (d) Colo.Rev.Stat. § 6-1-105, *et seq.;* (e) Conn. Gen.Stat. § 42-110b, *et seq.;* (f) 6 Del.Code § 2511, *et seq.;* (g) D.C.Code § 28-3901, *et seq.;* (h) Fla. Stat. § 501.201, *et seq.;* (i) Haw.Rev.Stat. § 480, *et seq.;* (j) Idaho Code § 48-601, *et seq.;* (k) 815 ILCS § 505/1, *et seq.;* (l) Ind.Code Ann. § 24-5-0.5.1, *et seq.* (m) Kan. Stat. § 50-623, *et seq.;* (n) Md. Com. Law Code § 13-101, *et seq.;* (o) Mass. Gen. L. Ch. 93A, *et seq.;* (p) Mich. Stat. § 445.901, *et seq.;* (q) Minn.Stat. § 325F.67, *et seq.;* (r) Mo.Rev.Stat. § 407.010, *et seq.;* (s) Neb.Rev.Stat. § 59-1601, *et seq.;* (t) Nev.Rev.Stat. § 598.0903, *et seq.;* (u) N.H.Rev.Stat. § 358-A:1, *et seq.;* (v) N.J. Stat. Ann. § 56:8-1, *et seq.;* (w) N.M. Stat. Ann. § 57-12-1, *et seq.;* (x) N.Y. Gen. Bus. Law § 349, *et seq.;* (y) N.C. Gen.Stat. § 75-1.1, *et seq.;* (z) N.D. Cent.Code § 51-15-01, *et seq.;* (aa) Ohio Rev. Stat. § 1345.01, *et seq.;* (bb) Okla. Stat. tit. 15 § 751, *et seq.;* (cc) Or.Rev.Stat. § 646.605, *et seq.;* (dd) 73 Pa. Stat. § 201-1, *et seq.;* (ee) R.I. Gen. Laws. § 6-13.1-1, *et seq.;* (ff) S.C.Code Laws § 39-5-10, *et seq.;* (gg) S.D.Code Laws § 37-24-1, *et seq.;* (hh) *231 Tenn.Code § 47-18- 101, *et seq.;* (ii) Tex. Bus. & Com.Code § 17.41, *et seq.;* (jj) Utah Code Ann. § 13-11-1, *et seq.;* (kk) Vt. Stat. Ann. tit. 9, § 2451, *et seq.;* (ll) Wash. Rev.Code § 19.86.010, *et seq.;* (mm) W. Va.Code § 46A-6-101, *et seq.;* (nn) Wis. Stat. § 100.18, *et seq.;* and (oo) Wyo. Stat. § 40-12-100, *et seq.* Plaintiffs allege that they have complied with the notice provisions of all consumer protection acts requiring such notice.

5. This Class is certified pursuant to Fed.R.Civ.P. 23(b)(3).

**B. *Class 2: Third-Party Payor MediGap Supplemental Insurance Class***

1. Class Definition:
All Third-Party Payors who made reimbursements for drugs purchased in Massachusetts, or who made reimbursements for drugs and have their principal place of business in Massachusetts, based on AWP for a Medicare Part B covered Subject Drug that was manufactured by AstraZeneca

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

(AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.), the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.), SmithKline Beecham Corporation d/b/a GlaxoSmithKline, the Johnson & Johnson Group (Johnson & Johnson, Centocor, Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen Pharmaceutica Products, L.P.), or the Schering Plough Group (Schering-Plough Corporation and Warrick Pharmaceuticals Corporation).

2. The Court certifies five Subclasses corresponding to each of the defendant groups.

3. The Court certifies plaintiffs Blue Cross/Blue Shield of Massachusetts and Sheet Metal Workers National Health Fund as the representatives for this Class.

4. The claims for this Class are certified under Mass. Gen. Laws ch. 93A.

5. This Class is certified pursuant to Fed.R.Civ.P. 23(b)(3).

## C. Class 3: Consumer and Third-Party Payor Class for Medicare Part B Drugs Outside of the Medicare Context.

1. Class Definition:

All natural persons who made or who incurred an obligation enforceable at the time of judgment to make a payment for purchases in Massachusetts, all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard for purchases in Massachusetts, and all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard and have their principal place of business in Massachusetts, for a physician-administered Subject Drug that was manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.), the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.), SmithKline Beecham Corporation d/b/a GlaxoSmithKline, the Johnson & Johnson Group (Johnson & Johnson, Centocor, Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
**(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))**

Pharmaceutica Products, L.P.), or the Schering Plough Group (Schering-Plough Corporation and Warrick Pharmaceuticals Corporation). Included within this Class are natural persons who paid coinsurance (*i.e.,* co-payments proportional to the reimbursed amount) for a Subject Drug purchased in Massachusetts, where such coinsurance was based upon use of AWP as a pricing standard. Excluded from this Class are any payments or reimbursements for generic drugs that are based on MAC and not AWP.

2. The Court certifies five Subclasses corresponding to each of the defendant groups.

3. The Court certifies plaintiff Pipefitters Local 537 Trust Funds and Blue Cross/Blue Shield of Massachusetts as the representatives for this Class pursuant to Fed.R.Civ.P. 23(b)(2) and 23(b)(3). The Court also certifies Health Care For All as the representative for this Class pursuant to Fed R. Civ. P. 23(b)(2).

4. The claims for this Class are certified under Mass. Gen. Laws ch. 93A.

## II. CLASSES NOT CERTIFIED

1. With respect to Class 2, plaintiffs have not submitted an adequate analysis of the *232 feasibility of a nationwide class of Third-Party Payors. Therefore, the Court declines at this time to certify this Class under the consumer protection laws of states other than Massachusetts. However, this denial is without prejudice.

2. With respect to Class 3, the Court declines at this time to certify this Class under the consumer protection laws of states other than Massachusetts. However, this denial is without prejudice.

3. The Court declines to certify a class of persons or Third-Party Payors who made payments or reimbursements for self-administered drugs not appearing in the appended Table of Subject Drugs. This denial is with prejudice.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

## III. MISCELLANEOUS

1. The Class Period for Class 1 and Class 2 is January 1, 1991 to January 1, 2005.   The class period for Class 3 is January 1, 1991 to the present.

2. Excluded from these Classes are: any subsidiaries or affiliates of defendants; the officers and directors of defendants during the Class Period; members of defendants' immediate families;   any person, firm, trust, corporation, officer, director, or any individual or entity in which any defendant has a controlling interest or which is related to, or affiliated with, any defendant;   the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded parties and governmental entities.

3. Pursuant to Fed.R.Civ.P. 23(g), the Court appoints the following firms as Co-Lead Counsel: Hagens Berman Sobol Shapiro LLP; Spector Roseman & Kodroff, P.C.; Hoffman & Edelson; The Wexler Firm; and Kline & Specter.

4. The "Together Rx" claims are not certified because they are dismissed without prejudice by the filing of the TAMCCAC.

5. The Court retains the discretion under Rule 23 to modify this Order. Modifications may include adding new class representatives, striking existing class representatives, and striking drugs from the Table of Subject Drugs.

6. The Court declines to certify issues for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or to recommend appeal pursuant to Fed.R.Civ.P. 23(f).

## TABLE OF SUBJECT DRUGS

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229                                                                     Page 7
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

**AstraZeneca**

| NDC | Description |
|-----|-------------|
| 0018619 8804 | PULMICORT RESPULES 60 mls 2 X 30.25mg/2mL |
| 0018619 8904 | PULMICORT RESPULES 60 mls 2x30 .5mg/2mL |
| 0031009 6036 | Zoladex 3.6mg 1x1EA Depot |
| 0031009 6130 | Zoladex 10.8mg 1x1EA Depot |
| 0031009 5130 | Zoladex 10.8mg 1x1EA Depot |
| 0031009 5036 | Zoladex 3.6mg 1x1EA Depot |

**BMS Group**

| NDC | Description |
|-----|-------------|
| 0001530 1026 | BLENOXANE INJ 15 UNIT VHA |
| 0001530 1020 | BLENOXANE INJ 15 UNIT VL |
| 0001530 6326 | BLENOXANE INJ 30 UNIT VHA |
| 0001530 6301 | BLENOXANE INJ 30 UNIT VL |
| 0059003 2435 | COUMADIN INJ 5MG VIAL |
| 0001505 3910 | CYTOXAN 100MG LYOPH W/CYT |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

| | | |
|---|---|---|
| 0001505 | CYTOXAN 1G 6X50ML VHA+ | 4812 |
| 0001505 | CYTOXAN 1GM LYOPH W/CYTOG | 4810 |
| 0001505 | CYTOXAN 200MG LYOPH W/CYT | 4610 |
| 0001505 | CYTOXAN 2G 6X100ML VHA+ | 4912 |
| 0001505 | CYTOXAN 2GM LYOPH W/CYTOG | 4910 |
| 0001505 | CYTOXAN 500MG LYOPH W/CYT | 4710 |
| 0001505 | CYTOXAN FOR INJ 100 MG | 0001 |
| 0001505 | CYTOXAN INJ 100MG | 0041 |
| 0001505 | CYTOXAN INJ 1X2GM VIAL | 0641 |
| 0001505 | CYTOXAN INJ 1X500MG VIAL | 0241 |
| 0001505 | CYTOXAN INJ 200MG | 0141 |
| 0001505 | CYTOXAN LYO 500MG VL VHA | 4712 |
| 0001505 | CYTOXAN LYOPH 500MG | 4741 |
| 0001505 | CYTOXAN LYOPHILIZED 100MG | 3941 |
| 0001505 | CYTOXAN LYOPHILIZED 1GM | 4841 |
| 0001505 | CYTOXAN LYOPHILIZED 200MG | 4641 |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

    0001505    CYTOXAN LYOPHILIZED 2GM
4941
    0001505    CYTOXAN PINJ 1X1G VIAL
0541
    0001505    CYTOXAN TABLETS 50 MG
0303
    0001505    CYTOXAN TABLETS 50MG
0302
    0001505    CYTOXAN TABS 25MG
0401
    0001505    CYTOXAN TABS 50MG
0301
    0001505    CYTOXAN TABS 50MG
0348
    0001534    ETOPOPHOS 100MG VIAL
0420
    0001532    PARAPLATIN 10X15ML VHA+
1429
    0001532    PARAPLATIN 10X45ML VHA+
1529
    0001532    PARAPLATIN 10X5ML VHA+
1329
    0001532    PARAPLATIN 150MG LYOPH CY
1410
    0001532    PARAPLATIN 1X150MG LYO VL
1430
    0001532    PARAPLATIN 1X450MG LYO VL
1530
    0001532    PARAPLATIN 450MG VL W/CYT
1510
    0001532    PARAPLATIN 50MG LYOPHILIZ
1330

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

    0001532     PARAPLATIN 50MG W/CYTO
1310

    0001533     RUBEX 100 MG LYOPHILIZED
5322

    0001533     RUBEX 100MG IMMUNEX LABEL
5324

    0001533     RUBEX 10MG IMMUNEX LABEL
5124

    0001533     RUBEX 10MG LYOPHILIZED
5122

    0001533     RUBEX 50MG IMMUNEX LABEL
5224

    0001533     RUBEX 50MG LYOPHILIZED
5222

    0001534     TAXOL 100MG INJ MULTIDOSE
7630

    0001534     TAXOL 100MG SEM-SYN VIAL
7627

    0001534     TAXOL 100MG/16.7ML VHA+ L
7620

    0001534     TAXOL 300MG/50ML VIAL
7911

    0001534     TAXOL 30MG CONC FOR INJ
5620

    0001534     TAXOL 30MG INJ MULTIDOSE
7530

    0001534     TAXOL 30MG SEM-SYN VIAL
7527

    0001534     TAXOL 30MG/5ML VHA+ LABEL
7520

    0001530     VEPESID 100MG VIAL W/CYTO
9510

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

    0001530      VEPESID 100MG VL W/O CYTO
9530
    0001530      VEPESID 1G 50ML VIAL VHA+
6224
    0001530      VEPESID 1GM/50ML
6220
    0001530      VEPESID 500MG
6120
    0001530      VEPESID 500MG 25ML VL VHA
6124
    0001530      VEPESID 50MG CAPSULES
9145
    0001530      VEPESID INJ 100MG/5ML
9520
    0001530      VEPESID INJ 150MG/7.5ML
8420


   **SmithKline Beecham Corporation d/b/a
GlaxoSmithKline**
   **NDC**        **Description**
    0017301      ALKERAN I.V. INJ 50 MG
3093
    0017300      ALKERAN TAB 2MG 50S
4535
    0017304      IMITREX INJ 0.5ML 12MG/ML 5S VIALS
4902
    0017304      IMITREX INJ 12MG/ML 0.5ML 2S PFLD
4901      SRNG
    0017304      IMITREX INJ 12MG/ML 0.5ML2S
4903      KIT,SELFDOSE
    0017304      IMITREX INJ 12MG/ML STAT DOSE KIT
7900

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

0017304    IMITREX INJ 12MG/ML STAT DOSE
7800    RFL 2'S
    0017340    IMITREX SELFDOSE SYSTEM
3291    SELFDOSE UNIT/C
    0017340    ITMD ZOVIRAX STERILE POWDER
8367    1000MG (BWX9
    0002941    KYTRIL 1 MG TABS 20'S SUP
5105
    0002941    KYTRIL 1MG TABS 2'S
5139
    0002941    KYTRIL 1MG/ML INJECTION 4ML VIAL
5201
    0002941    KYTRIL INJ SGL DOSE VIAL 1MG/ML
4975    VHA
    0002941    KYTRIL INJ SINGLE DOSE VIAL
4901    1MG/ML
    0017302    LANOXIN INJ 0.5MG -PART 1.00
6010
    0017302    LANOXIN INJ 0.5MG 2ML 50S
6035
    0017302    LANOXIN INJ PEDIATRIC 0.1MG/ML
6210
    0017302    LANOXIN INJECTION -PART 1.00
6015
    0017302    LANOXIN INJECTION -PART 1.00
6055
    0017307    MYLERAN TAB 2MG 25S
1325
    0017306    NAVELBINE INJ 10MG 1ML
5601
    0017306    NAVELBINE INJ 50MG 5ML
5644

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

0017301     RETROVIR IV INF 10MG/ML 20ML 10
0793

0017304     VENTOLIN NEB SOL INH 0.083% 3ML
1900        25S

0017304     VENTOLIN NEB SOL INH 0.083% 3ML
1901        5S S

0017303     VENTOLIN SOL INH 0.5% 5MG/ML
8501        10ML

0017303     VENTOLIN SOL INH 0.5% 5MG/ML
8558        20ML

0017304     ZOFRAN INJ 2MG/ML 20ML
4200

0017304     ZOFRAN INJ 2MG/ML 2ML 5S
4202

0017304     ZOFRAN INJ PRMXD 32MG/50ML
6100

0017304     ZOFRAN INJ PRMXD 4MG/50ML
6200

0017305     ZOFRAN ODT 4MG 5X2 30S
6900

0017305     ZOFRAN ODT 8MG 5X2 10'S
7004

0017305     ZOFRAN ODT 8MG 5X2 30S
7000

0017304     ZOFRAN ORAL SOL 4MG/5ML 50ML
8900

0017306     ZOFRAN TAB 24MG 1S
8000

0017304     ZOFRAN TAB 4MG 100S
4601

0017304     ZOFRAN TAB 4MG 100S UD
4602

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

0017304    ZOFRAN TAB 4MG 30S
4600
0017304    ZOFRAN TAB 4MG 3S
4604
0017304    ZOFRAN TAB 8MG 100S
4701
0017304    ZOFRAN TAB 8MG 100S UD
4702
0017304    ZOFRAN TAB 8MG 30S
4700
0017304    ZOFRAN TAB 8MG 3S
4704
0017309    ZOVIRAX FOR INJECTION 1000MG
5201       20ML 10S ©
0017309    ZOVIRAX FOR INJECTION 500MG
9501       10ML 10S (C#


**Johnson & Johnson Group**

| NDC | Description |
|-----|-------------|
| 5789400<br>3001 | C168J REMICADE 1PCK |
| 5967603<br>1201 | PROCRIT 10,000 U/ML |
| 5967603<br>1002 | PROCRIT 10000 U |
| 5967603<br>1001 | PROCRIT 10000 U/ML |
| 0006274<br>0103 | PROCRIT 10000U/ML AMG |
| 5967603<br>2001 | PROCRIT 20,000 U/ML |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))

| NDC | Description |
|---|---|
| 5967603 | PROCRIT 2000 U/ |
| 0202 | |
| 5967603 | PROCRIT 2000 U/ML 6 |
| 0201 | |
| 0006274 | PROCRIT 2000U/ML AMG |
| 0201 | |
| 5967603 | PROCRIT 3000 U/ |
| 0302 | |
| 5967603 | PROCRIT 3000 U/ML 6 |
| 0301 | |
| 0006274 | PROCRIT 3000 U/ML INST |
| 0503 | |
| 0006274 | PROCRIT 3000U/ML AMG |
| 0501 | |
| 5967603 | PROCRIT 4000 U/ |
| 0402 | |
| 5967603 | PROCRIT 4000 U/ML 6 |
| 0401 | |
| 0006274 | PROCRIT 4000 U/ML INST |
| 0004 | |
| 5967603 | PROCRIT 40000 U/ML |
| 4001 | |
| 0006274 | PROCRIT 4000U/ML AMG |
| 0003 | |
| 0006254 | PWRWNG PERMANEN |
| 2307 | |

**Schering Plough Group**

| NDC | Description |
|---|---|
| 5993015 | ALBUTEROL INHALATION SOLUTION |
| 1504 | |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

| 5993016 | ALBUTEROL INHALATION SOLUTION |
| 4702 | |
| 5993015 | ALBUTEROL SULFATE INHAL. SOL. |
| 0006 | |
| 5993015 | ALBUTEROL SULFATE INHAL. SOL. |
| 0008 | |
| 5993015 | ALBUTEROL SULFATE SOLUTION |
| 1701 | |
| 5993015 | ALBUTEROL SULFATE SOLUTION |
| 1702 | |
| 5993015 | ALBUTEROL SULFATE SOLUTION |
| 5020 | |
| 0008511 | INTEGRILIN |
| 3601 | |
| 0008511 | INTEGRILIN |
| 7701 | |
| 0008511 | INTEGRILIN |
| 7702 | |
| 0008512 | INTRON A FOR INJ MULTIDOSE PEN |
| 3501 | |
| 0008512 | INTRON A FOR INJ MULTIDOSE PEN |
| 4201 | |
| 0008512 | INTRON A FOR INJ MULTIDOSE PEN |
| 5401 | |
| 0008511 | INTRON A INJ 18MIU HSA FREE |
| 6801 | |
| 0008511 | INTRON A INJ 25MIU HSA FREE |
| 3301 | |
| 0008511 | INTRON A INJ 3MIU HSA FREE |
| 8401 | |
| 0008511 | INTRON A INJ 3MIU HSA FREE |
| 8402 | |

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

   0008511    INTRON A INJ 5MIU HSA FREE
9101

   0008511    INTRON A INJ 5MIU HSA FREE
9102

   0008511    INTRON A INJ PAK10MIU HSA FREE
7901

   0008511    INTRON A INJ PAK10MIU HSA FREE
7902

   0008505    INTRON A INJECTABLE 10MILLN IU
7102

   0008505    INTRON A INJECTABLE 10MILLN IU
7106

   0008511    INTRON A INJECTABLE 18MILLN IU
1001

   0008502    INTRON A INJECTABLE 25MILLN IU
8502

   0008506    INTRON A INJECTABLE 3MILLN IU
4703

   0008506    INTRON A INJECTABLE 3MILLN IU
4704

   0008506    INTRON A INJECTABLE 3MILLN IU
4705

   0008501    INTRON A INJECTABLE 5 MILLN IU
2002

   0008501    INTRON A INJECTABLE 5 MILLN IU
2003

   0008501    INTRON A INJECTABLE 5 MILLN IU
2004

   0008501    INTRON A INJECTABLE 5 MILLN IU
2005

   0008505    INTRON A INJECTABLE 50MILLN IU
3901

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

0008506    INTRON A INJECTION 18 MIU
8901
0008509    INTRON A SOL FOR INJ 10 MILLI
2301
0008507    INTRON A SOL FOR INJ. 25MILLN
6901
0008509    INTRON A SOLUTION 18MIU 3ML
5301
5993016    PERPHENAZINE
0001
5993016    PERPHENAZINE
0002
5993016    PERPHENAZINE 16MG
1001
5993016    PERPHENAZINE 8MG
0501
5993016    PERPHENAZINE 8MG
0502
5993016    PERPHENAZINE TABLETS
0301
5993016    PERPHENAZINE TABLETS
0302
0008513    PROVENTIL INHALATION SOLUTION
3601
0008502    PROVENTIL SOLUTION .083MG/ML
0901
0008518    PROVENTIL SOLUTION .083MG/ML
0601
0008502    PROVENTIL SOLUTION 5MG/ML
0802
0008502    PROVENTIL SOLUTION 5MG/ML
0852

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

233 F.R.D. 229
233 F.R.D. 229, Med & Med GD (CCH) P 301,781
**(Cite as: 233 F.R.D. 229, 233 F.R.D. 229 (Mem))**

    0008512    TEMODAR 100MG
5901
    0008512    TEMODAR 100MG
5902
    0008512    TEMODAR 20MG
4401
    0008512    TEMODAR 20MG
4402
    0008512    TEMODAR 250MG
5201
    0008512    TEMODAR 250MG
5202
    0008512    TEMODAR 5MG
4801
    0008512    TEMODAR 5MG
4802

D.Mass.,2006.
In re Pharmaceutical Industry Average Wholesale Price Litigation
233 F.R.D. 229, Med & Med GD (CCH) P 301,781

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



21539274

Sep 15 2008
5:58PM

# EXHIBIT B

## CLASS MEMBERSHIP DRUG LIST: CLASS DRUGS IDENTIFIED IN FIFTH AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

### CLASS A DRUGS

Anzemet (injection & tablets)
Aranesp
Epogen
Ferrlecit
InFed
Neulasta
Neupogen

### CLASS B DRUGS

AccuNeb
Acetylcysteine
Acyclovir sodium
Adenosine
Adriamycin PFS/RFS
Adrucil
Aggrastat
Albuterol sulfate
Alcohol injection
A-methapred
Amikacin sulfate
Aminocaproic acid
Aminosyn / Aminosyn II / Amino acid
Amphocin / Amphotericin B
Aristocort / Aristospan
Aromasin
Ativan
Azmacort
Bebulin
Bioclate
Bleomycin sulfate
Brevibloc
Buminate
Bupivacaine
Calcijex
Calcimar
Camptosar / Irinotecan hydrochloride
Carbocaine / Mepivicaine
Cefizox
Chromium tr meta / Chromic chloride

Cimetidine hydrochloride
Cipro / Ciprofloxacin hydrochloride
Cisplatin
Claforan
Cleocin T / Clindamycin phosphate
Copper trace / Cupric chloride
Cromolyn sodium
Cytosar-U / Cytarabine
Depo provera / Medroxyprogesterone acetate
Depo-testosterone / Testosterone cypionate
Dexamethasone acetate /Dexamethasone sodium / Dexamethasone sodium phosphate
Dextrose / Dextrose sodium chloride / Ringers lactated with dextrose
Diazepam
Dicarbazine (dtic – dome)
Diltiazem hydrochloride
Dopamine hydrochloride
Doxorubicin / Doxorubicin hydrochloride
DTIC Dome
Eligard
Ellence / Epirubicin HCL
Enalaprilat
Enbrel
Epinephrine
Erythromycin / Erythromycin base
Estradiol
Etoposide
Famotidine
Fentanyl citrate
Fluorouracil
Fluphenazine HCL
Furosemide
Gamimune N / Gammagard / Gammagard S/D / Gammar / Gammar P.I.V.
Gentamicin sulfate
Gentran / Gentran NACL
Glycopyrrolate
Helixate / Helixate FS
Heparin / Heparin lock flush / Heparin sodium
Humate-P
Hydromorphine
Idamycin / Idarubicin hydrochloride
Imipramine HCL
Intal
Ipratropium bromide
Iveegam
Ketorolac / Ketorolac tromethamine
Kineret
Koate- HP
Kogenate
Labetalol

Lasix
Leucovorin calcium
Leukine
Levofloxacin
Lidocaine hydrochloride
Liposyn II / Fat emulsion
Lorazepam
Lovenox
Lyphocin
Magnese chloride
Magnesium sulfate
Mannitol
Marcaine
Medrol / Methylprednisolone
Metaproterenol sulfate
Methotrexate sodium
Metoclopramide
Midazolam hydrochloride
Mithracin
Monoclate / Monoclate-P
Mononine
Morphine sulfate
Nadolol
Nalbuphine
Nebupent
Neosar / Cyclophospamide
Neostigmine methylsulfate
Novacaine / Procaine
Novantrone
Osmitrol
Pancuronium bromide
Pentam /Pentamidine isethionate
Perphenazine
Phenylephrine
Potassium acetate / Potassium chloride
Prograf
Promethazine
Propranolol HCL
Propofol
Ranitidine HCL
Recombinate
Sodium acetate
Sodium chloride
Solu-cortef / Hydrocortisone sodium succinate
Solu-medrol
Succinylcholine chloride
Taxotere
Thioplex / Thiotepa
Tobramycin sulfate / Tobramycin/sodium chloride

Toposar
Travasol / Travasol with dextrose
Trelstar / Triptorelin pamoate
Vancocin / Vancocin HCL / Vancomycin / Vancomycin HCL
Verapamil HCL
Vinblastine sulfate
Vincasar / Vincristine / Vinscristine sulfate
Water for injection bacteriostatic
Zemplar
Zinc chloride