UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | ) ) ) | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v.  Boehringer Ingelheim Corp., et al.,* Civil Action No. 07-10248-PBS | ) ) ) ) ) | |

## PLAINTIFFS' REPLY BRIEF

Defendants characterize the relief plaintiffs seek through their Motion to Compel as an "untimely fishing expedition."  On the contrary.  Plaintiffs are asking the Court to order discovery that was requested *before* the deadline and to which they are entitled under the Rules and Case Management Order.  Plaintiffs' request is neither untimely nor untoward.

**1.      30(b)(6) Testimony from BIC and BIPI**

Defendants claim that plaintiffs seek "brand new" depositions on a "nascent theory" of direct liability of BIC and BIPI that was not alleged in the Complaint.  That assertion is incorrect.  The United States' Complaint is replete with references to the conduct of the defendants (plural), alleging, for example, that "*they* maintained artificially inflated prices in order to maintain the spreads on their products," Compl. ¶ 62, that "employees at BIPI, *in concert with employees of Roxane*" decided to falsely increase the AWPs on certain Roxane drugs, *id.* ¶ 63, and that "BIC, BIPI, and Roxane acted in concert together to foster, facilitate, and promote the unlawful conduct alleged."  The Complaint refers to "The Defendants' Scheme," *id.* at p. 15, and alleges a collective "deliberate manipulation of Roxane's published

prices." *Id.* ¶ 45.   Likewise, in the specific counts, the United States alleges that "defendants"–

plural – knowingly created and manipulated the spread, thereby violating the False Claims Act,

¶¶ 70-71, 73; <u>see also</u> 76-78.  Finally, the United States "prays that judgment be entered . . .

against the defendants Roxane, BIC, and BIPI jointly and severally." *Id.* at 22.

Defendants' claim that testimony by BIC and BIPI officials is not relevant, is simply

wrong.[1]  And their suggestion that the request came after the discovery cut-off is disingenuous,

since defendants were aware when plaintiffs made their initial Rule 30(b)(6) request that

plaintiffs were seeking testimony from the other two corporate defendants, and acknowledged

that plaintiffs were expressly reserving their right to seek testimony from BIPI and BIC.  *See* Ex.

B to Defendants' Opposition Mem at 2. The Court should order defendants to produce witnesses

from BIC and BIPI, including ones to testify on lobbying efforts, since lobbying and government

relations were among the functions that RLI did not perform for itself.

**2.**     **<u>Improper Instruction Not to Answer</u>**

Defendants argue that plaintiffs impermissibly sought to "ambush" Roxane by asking

questions concerning Roxane's Ipratropium Bromide NovaPlus products, when that topic was

outside the scope of the Rule 30(b)(6) notice, and after representing that they would not need

"additional discovery" on NovaPlus drugs.  Relying on a 1985 decision of Magistrate Judge

Collings, *Paparelli v. Prudential Ins. Co. of America*, 108 F.R.D. 727, defendants argue that the

government improperly seeks to convert the Rule 30(b)(6) deposition into a Rule 30(b)(1)

deposition.  These arguments are meritless.

---

[1]While defendants take issue with the import of some of the testimony plaintiffs cited in their
Memorandum, that debate is premature.  Fed. R. Civ. P. 26 permits discovery "reasonably calculated to
lead to the discovery of admissible evidence."   Plaintiffs have more than met that standard.

First, contrary to Roxane's assertion, *Paparelli* is not "controlling case law in this district," since a prior decision by a district court judge does not limit a subsequent district court's authority to reach a different conclusion.  *See United States v. Cerceda*, 172 F.3d 806, 812 n.6 (11th Cir.) (en banc) ("The opinion of a district court carries no precedential weight, even within the same district."), *cert. denied*, 120 S. Ct. 444 (1999).[2]  This Court is as free as every other court in the country to disagree with that decision, and indeed, every published decision to have considered the issue *has* disagreed with *Paparelli*.  *E.g.*, *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995); *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 365 (N.D. Cal. 2000); *Cabot Corp. v. Yumulla Enter., Inc.*, 194 F.R.D. 499, 500 (M.D. Pa. 2000).  This Court should follow the majority view.

Once the holding of *Paparelli* is rejected, Roxane's other protestations fall away.  There is no "ambush" where a party notices a Rule 30(b)(6) deposition and asks questions on other topics, any more than there is at any other deposition.  Defendants' assertion that in moving to amend its Complaint to add NovaPlus the United States represented that "it did not need any additional discovery," misstates the record.  The United States represented that the amended complaint "will not require any change in the <u>defendants</u>' defenses or trial strategies as Roxane's marketing of its Ipratropium Bromide products was already fully at issue in the case," and pointed out that the "inclusion of additional versions of the same Ipratropium Bromide products

---

[2]*See In re Executive Office of the President*, 215 F.3d 20, 24 (D.C.Cir.2000) ( "District Court decisions do not establish the law of the circuit, nor, indeed, do they even establish the law of the district.") (citations and internal quotation marks omitted); *Hawkins v. Steingut*, 829 F.2d 317, 321 (2nd Cir. 1987) ("[A] district court decision does not 'clearly establish' the law even of its own circuit, much less that of other circuits.  Although district judges within a particular circuit will frequently find each other's decisions persuasive, they remain free to disagree."); *United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir. 1987) ("[A single district court decision] is not binding on the circuit, or even on other district judges in the same district.").

will not require <u>the defendants</u> to conduct any additional discovery," because it would not "alter the legal landscape of the case." Mem. in Support of Plaintiffs' Motion For Leave to File Amended Complaint (Dkt #84) (Ex. C to Roxane's Opposition Mem.) at 6 (emphasis added).

The United States did aver that the amendment would "not significantly add to the defendants' discovery obligations," *id.*, but certainly did not represent that plaintiffs would refrain from asking *any* questions about NovaPlus of witnesses being deposed in the case. Plaintiffs were entitled to ask questions on this topic of Roxane's 30(b)(6) designee, a corporate official knowledgeable about strategy and marketing of Ipratropium Bromide products.   It was improper for counsel to instruct the witness not to answer.  The only remedy for the impropriety is to order that the deposition be reconvened.

**3.      The 11th-hour Cancellation of a Deposition Defendants Had Delayed Scheduling**

The Case Management Order permitted each party to take 18 depositions.  Plaintiffs noticed only eight 30(b)(1) depositions of current or former employees, including witness A.  On the same day that plaintiffs were asked to cancel the deposition of Witness A, plaintiffs proposed that they take the deposition of a "substitute" sales/marketing witness.[3]  There was nothing "unreasonably cumulative or duplicative" about that request, yet defendants refused – insisting that plaintiffs had to show prejudice or a "material impact," testimony that is "specifically needed," or "topics of which . . .Witness A has unique knowledge."  Had defendants not delayed scheduling Witness A's deposition for so many weeks, plaintiffs would have had the opportunity

---

[3]Defendants misleadingly suggest plaintiffs had "ample opportunity"to obtain information about sales and marketing from two other witnesses.  Plaintiffs were asked to cancel Witness A's deposition on Wednesday, December 10 – the *same day* Ms. Kutner's deposition was taking place, and two days before Mr. Carr-Hall's deposition (both by different attorneys and in different cities).  The suggestion that there was ample time to make adjustments to those depositions, and that testimony by those witnesses would be the same as testimony from a different, independent witness, is silly.

to notice and schedule a different witness.  Ignoring that plaintiffs deposed fewer than half the witnesses to which they were entitled under the CMO, defendants seek to turn their own dilatory scheduling practices to their advantage; such conduct should not be countenanced.  The Court should order defendants to make Mr. Dusek available for a deposition.

Respectfully submitted,

For the United States of America,

MICHAEL F. HERTZ
DEPUTY ASSISTANT ATTORNEY GENERAL

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ Barbara Healy Smith
GEORGE B. HENDERSON, II
BARBARA HEALY SMITH
JAMES J. FAUCI
Assistant United States Attorneys
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
(617) 748-3263

JOYCE R. BRANDA
DANIEL R. ANDERSON
JOHN K. NEAL
LAURIE A. OBEREMBT
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
(202) 514-3345

For the relator, Ven-A-Care of the Florida Keys, Inc.,

JAMES J. BREEN
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue Suite 110
Miramar, FL 33027
Tel: (954) 874-1635

ROSLYN G. POLLACK
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000

5