UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>TRACK 2 SETTLEMENT | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**CLASS COUNSEL'S EMERGENCY MOTION AND MEMORANDUM TO (I) SEAL ATTORNEY WORK PRODUCT AND (II) STRIKE DON HAVILAND'S MEMORANDUM OF NAMED CONSUMER PLAINTIFFS IN OPPOSITION TO APPROVAL OF THE PROPOSED TRACK TWO NATIONWIDE <u>CLASS CERTIFICATION AND SETTLEMENT</u>**

Class Counsel hereby respectfully move for the following relief:  (i) an order striking Don Haviland's Memorandum of Named Consumer Plaintiffs in Opposition to Approval of the Proposed Track Two Nationwide Class Certification and Settlement (Dkt. No. 5953) (the "Memorandum"); and (ii) an order sealing and removing from the public record Exhibit J to the Declaration of Donald E. Haviland, Jr. in Support of Memorandum of Named Consumer Plaintiffs in Opposition to Approval of the Proposed Track Two Nationwide Class Certification and Settlement (the "Haviland Declaration").

In support of this motion, Class Counsel states as follows:

**A.      Motion to Seal and Redact**

Don Haviland is back, and he is up to his old tricks.  Haviland has filed a 71-page Memorandum in objection to the proposed Track 2 Settlement and a supporting declaration with exhibits.  Exhibit J to the Haviland Declaration is a memorandum dated August 17, 2005, from Steve Berman to "AWP Counsel."  The memorandum recounts Mr. Berman's mental impressions of the Court's class certification order in the Track 1 litigation, discusses legal

strategy, including the classes that Mr. Berman believes that the Court may be willing to certify provided that certain plaintiff issues are resolved, and sets forth Mr. Berman's opinion of the potential value of the self-administered part of the case.

<u>This memorandum, directed to only to fellow legal counsel and containing one attorney's protected thoughts about the legal topics referenced, is undeniably confidential and protected attorney work product</u>.  *See, e.g.,* FED. R. CIV. P. 26(b)(3)(B) (court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation"); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *Mfg. Admin. and Mgmt. Sys., Inc. v. ICT Group, Inc.*, 212 F.R.D. 110, 112-13 (E.D.N.Y. 2002).  As such, Exhibit J to the Haviland Declaration should be immediately sealed and removed from the public record, and any and all references to it on page 17 of Haviland's brief stricken and redacted.

**B.     Motion to Strike**

Haviland has also disregarded the Court's order governing page length limits.  Rather than follow the Court's rules requiring Court permission before filing a 71-page over-length Memorandum, Haviland just "assume[d] that the ordinary page limit is not applicable" because Haviland himself deemed his brief to be important:

> As the instant Memorandum is an opposition to both final approval of a class action settlement and certification of a massive nationwide settlement class of consumers and TPPs involving eighteen (18) Track 2 Defendants, and therefore is not a typical memorandum in support of or opposition to a single motion, <u>the undersigned assumes that the ordinary page limit is not applicable</u>.  However, should this Court determine that the ordinary page limit applies, Named Consumer Plaintiffs respectfully seek leave to exceed the page limit to set forth their principal objections and the reasons therefore, the balance of which may be addressed in a subsequent brief or at the Final Fairness Hearing set for April 27, 2009 at 2:00 p.m., as needed.

Memorandum at 1 n.1 (emphasis added).

Local Rule 7.1(b)(4) provides that "[m]emoranda supporting or opposing allowance of motions shall not, without leave of court, exceed twenty (20) pages, double-spaced."  Thus, Haviland was required to seek this Court's approval before he filed an over-length brief, let alone a huge one comprised of 71 pages.  The rule is clear and does not provide Haviland with the discretion to just "assume" that the ordinary page limit did not apply to him.  Nor does the rule allow Haviland to place the burden on this Court to rule, without a motion for leave, whether his Memorandum complies with Court rules.  For this reason, and because Haviland has a demonstrated track record of ignoring this Court's authority, the Court should strike the Memorandum and direct that it be re-filed within the 20-page limit.

Haviland is likely to respond with a tardy motion for leave.  If he does, the Court should not grant it.  The Haviland missive is a 71-page, unsupported rant fueled by animosity to his former firm and co-counsel and positing a self-created and non-existent conspiracy between Class Counsel and the Prescription Access Litigation Project to deprive consumers of their rightful recovery in the settlement.  It devotes some 25 pages to a largely irrelevant and at times inaccurate procedural history of the case, which alone exceeds Local Rule 7.1(b)(4)'s 20-page limit.  The substance of Haviland's argument can be presented within the 20-page presumptive limit set by this Court.  We note that the other objectors have complied with the Court's limit.  In the alternative, if the Court is inclined to permit Haviland to file a Memorandum exceeding 20 pages in length, the Court should nonetheless impose a reasonable limit substantially less than 71 pages.  Furthermore, Haviland should be required to re-submit the Memorandum <u>promptly</u> so that Class Counsel have sufficient time in which to respond (the current due date for responding to objections is March 30).

### C.     The Emergent Nature of this Motion

Class Counsel respectfully request that the Court expedite the consideration of this motion.  First, the attorney work product that Haviland placed in the public record should be quickly removed from the Court file.  Otherwise, Class Counsel face the risk of having the protection of the doctrine waived.  *See United States v. Textron*, 553 F.3d 87, 102 (1st Cir. 2009) ("Unlike attorney-client privilege, 'work product protection is provided against 'adversaries,' so only disclosing material in a way inconsistent with keeping it from an adversary waives work product protection.'").  Second, the Court has required Class Counsel to respond to all objections by March 30.  Although we look forward to another opportunity to highlight the fairness and substantial benefits of the proposed Track 2 Settlement and to, once again, expose Haviland's objections as unsupported, we will need time to evaluate which arguments Haviland seeks to preserve in a re-filed Memorandum should the Court direct him to shorten his submission.

### D.     The Need to Restrain Haviland

The record of Haviland's disregard for the Class, the Civil Rules, and this Court is already voluminous.  The Court has found that Haviland engaged in a "breach of trust as class counsel" when he sought "a nationwide class in New Jersey at the same time he was seeking to represent a nationwide class here without disclosing the conflict of interest to this Court."  Jan. 3, 2008, Memorandum and Order at 8 (Dkt. No. 4972).  The Court found that Haviland made a material misrepresentation to the New Jersey court regarding his status as class counsel here.  *Id.* at 9.  The Court found that "Mr. Haviland intended to coerce the Court into appointing him as Co-Lead Class Counsel or risk losing class representatives in a class action involving the sick and elderly."  *Id.* at 10.

Moreover, Haviland has improperly disclosed confidential attorney communications before.  As the Court found in connection with approval of the AstraZeneca Class 1 settlement,

Haviland submitted "confidential information about the mediation proceedings, in direct violation of the confidentiality obligations under the mediation agreement" and, thereby, "breached a duty of care by publicly placing on the docket sensitive negotiating positions of plaintiffs." *Id.* at 10-11. Thus, the Court has <u>already</u> reprimanded Haviland for previously placing confidential attorney communications in the public record.

The foregoing findings led the Court to strike him as class counsel. *Id.* at 11 ("In sum, these incidents demonstrate that Haviland cannot serve as an adequate representative of the interests of the class, and I strike him as class counsel."). Undaunted, Haviland attempted to continue acting on behalf of the Class by purporting to maintain an appeal in the First Circuit against the Johnson & Johnson defendants. This required the First Circuit, by order dated February 15, 2008, to strike his attempt and substitute Class Counsel to prosecute the appeal.

And now Haviland is back, this time in an attempt to derail the proposed Track 2 Settlement. He has begun his latest quest by, incredibly, again revealing confidential attorney work product and by blatantly ignoring the Court's briefing page limitations. In light of the substantial record of Haviland's abuse of process and Haviland's disregard for Court attempts to discourage him from engaging in improper behavior, stronger medicine is required. Class Counsel respectfully urge the Court to consider taking stronger deterrent measures, including but not limited to, revoking Haviland's permission to appear before this Court *pro hac vice*. History strongly suggests that, as long as Haviland is permitted to appear in this Court, his improper conduct will continue – no matter what strictures the Court seeks to place upon him.

- 5 -

| | |
|---|---|
| DATED:  March 18, 2009. | By    /s/ **Steve W. Berman**     <br>   Thomas M. Sobol (BBO#471770)<br>   Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003<br><br>**LIAISON COUNSEL**<br><br>Steve W. Berman<br>Sean R. Matt<br>Hagens Berman Sobol Shapiro LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA  98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br><br>Jeffrey Kodroff<br>John Macoretta<br>Spector, Roseman Kodroff & Willis, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone: (215) 496-0300<br>Facsimile: (215) 496-6611<br><br>Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>Wexler Wallace LLP<br>55 W. Monroe, Suite 3300<br>Chicago, IL  60603<br>Telephone: (312) 346-2222<br>Facsimile: (312) 346-0022<br><br>Marc H. Edelson<br>Hoffman & Edelson LLC<br>45 West Court Street<br>Doylestown, PA  18901<br>Telephone: (215) 230-8043<br>Facsimile: (215) 230-8735<br><br>**CLASS COUNSEL** |

- 6 -

- 7 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **CLASS COUNSEL'S EMERGENCY MOTION AND MEMORANDUM TO (I) SEAL ATTORNEY WORK PRODUCT AND (II) STRIKE DON HAVILAND'S MEMORANDUM OF NAMED CONSUMER PLAINTIFFS IN OPPOSITION TO APPROVAL OF THE PROPOSED TRACK TWO NATIONWIDE CLASS CERTIFICATION AND SETTLEMENT**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on March 18, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                       **/s/ Steve W. Berman**
                                       Steve W. Berman

001534-16 292092 V1