**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | **MDL No. 1456**<br>**Master File No. 01-CV-12257-PBS**<br>**Subcategory Case. No. 06-11337** |
| **THIS DOCUMENT RELATES TO:** | **Hon. Patti B. Saris** |
| *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS | **Magistrate Judge**<br>**Marianne B. Bowler** |

**DEFENDANTS DEY, INC., DEY, L.P., AND DEY L.P., INC.'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 7.1(b)(3) of the Local Rules for the District of Massachusetts, Defendants Dey, Inc., Dey, L.P., and Dey L.P., Inc. (collectively, "Dey"), seek leave of Court to file a Reply Memorandum of Law in Further Support of Their Motion to Compel Georgia Department of Community Health ("Georgia DCH") to produce documents pursuant to Dey's Subpoena *Duces Tecum* issued on July 16, 2008.

Georgia DCH has consented to Dey's request to file a reply memorandum of law. Dey's proposed reply memorandum of law is annexed hereto as Exhibit 1.

**CERTIFICATIONS PURSUANT TO LOCAL RULES 7.1 AND 37.1**

I, Clifford Katz, hereby certify that I have conferred with Michelle Townes, Esq., counsel for Georgia DCH, on March 20, 2009, and certify that Georgia DCH has consented to Dey's request to file a reply memorandum of law.

Dated: March 20, 2009

Respectfully Submitted,

KELLEY DRYE & WARREN LLP

By: /s/ Clifford Katz
Paul F. Doyle (BBO # 133460)
Sarah L. Reid (*pro hac vice*)
William A. Escobar (*pro hac vice*)
Neil Merkl (*pro hac vice*)
Clifford Katz (*pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Defendants*
*Dey, Inc., Dey L.P., Inc. and Dey, L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2009, I caused a true and correct copy of the foregoing to be served on counsel for the Georgia Department of Community Health by FedEx overnight delivery at the following address:

Michelle Townes, Esq.
40 Capitol Square SW
Atlanta, Georgia 30334-1300
*Counsel for Georgia Department of Community Health*

and on counsel for the United States, Ven-A-Care of the Florida Keys, Inc., Abbott, and Roxane by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification.

/s/ Clifford Katz
Clifford Katz

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | **MDL No. 1456**<br>**Master File No. 01-CV-12257-PBS**<br>**Subcategory Case No. 06-11337** |
| | **Hon. Patti B. Saris** |
| **THIS DOCUMENT RELATES TO:**<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS | **Magistrate Judge Marianne B. Bowler** |

**DEFENDANTS DEY, INC., DEY L.P., INC. AND DEY, L.P.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

**PRELIMINARY STATEMENT**

Defendants Dey, Inc., Dey L.P., Inc. and Dey, L.P. (collectively, "Dey"), by their attorneys, hereby submit this reply memorandum of law in further support of their motion to compel the Georgia Department of Community Health ("Georgia DCH") to produce documents pursuant to Dey's Subpoena *Duces Tecum* (the "Subpoena") issued on July 16, 2008.[1]

Dey seeks to compel Georgia DCH to produce documents improperly withheld as privileged and a privilege log substantiating Georgia DCH's claims of privilege. In its opposition, Georgia DCH claims it has reproduced all non-privileged documents, but actually Georgia DCH has removed almost every document concerning AWP litigation, some of which could not possibly be privileged. In removing these documents from its production, Georgia DCH deleted entire electronic folders from the produced CD, which contained e-mails regarding

1 Dey only recently discovered that Georgia DCH had filed an opposition to the Motion to Compel. Georgia DCH's opposition papers were not filed in the master docket of MDL No. 1456 (as is required by CMO 35) and Dey was not served with a copy of the papers.

AWP litigation, but also e-mails regarding a variety of other topics, including payment rates for prescription drugs.

Additionally, Georgia DCH admits that it has not produced a privilege log pursuant to FED. R. CIV. PROC. 45 and claims that it does not need to do so. Georgia DCH has failed to meet its burden to support its claims of privilege for all documents withheld since it has provided nothing to support those claims other than the insufficient allegation that the existence of privilege was "clear" because some withheld documents were marked "Attorney Client Privilege." Moreover, Georgia DCH's conduct – failure to produce a privilege log, unreasonable delays, extensive disclosure of purportedly privileged documents, failure to take reasonable steps to prevent disclosure, and failure to take reasonable steps to prevent further inadvertent disclosure – constitutes a waiver of its claims of privilege.

Despite Georgia DCH's implication to the contrary, pursuant to Georgia DCH's request, Dey has destroyed the disputed electronic documents, sequestered the disputed hard-copy documents, and has not, and will not, use the disputed documents until this dispute is resolved.

## ARGUMENT

### I. THIS COURT SHOULD COMPEL GEORGIA DCH TO PRODUCE THE DISPUTED DOCUMENTS AND A PRIVILEGE LOG IN ACCORDANCE WITH RULE 45

#### A. Georgia DCH Has Improperly Withheld Non-Privileged, Responsive Documents

Georgia DCH claims it reproduced its entire production with the exception of documents withheld under the claim of privilege. (*See* Georgia DCH's Response to Dey's Motion to Compel the Production of Documents ("Opposition"), at pp. 3, 4.) If this is accurate,

then Georgia DCH is withholding at least some documents based on a completely meritless ground of privilege.[2]

Despite Dey's continued insistence that Georgia DCH re-review its document production on a document-by-document basis and request the return of only privileged documents, Georgia DCH has refused to do so. Instead, Georgia DCH removed entire categories of documents (*i.e.*, all documents regarding "Pricing/Litigation"), *see* Opposition, Ex. 1, and entire electronic folders which had contained the purportedly privileged documents, as well as non-privileged documents. Indeed, the original electronic e-mail production included a few hundred e-mails, but the replacement production only contains **THREE (3)** e-mails.[3]

For example, in response to topic 14 in the Subpoena, Georgia DCH originally produced on its "Master CD" a folder labeled "Number 14", which contained documents described in the Dubberly Memo as "several communications with attorney, provider associations, etc., which are responsive to this request." (Katz Decl., Ex. B.) Even if Georgia DCH could properly establish that the attorney communications referenced were privileged, which it has failed to do, the communications with provider associations are clearly not privileged because they are communications with third-parties. Yet, when Georgia DCH re-produced a revised copy of the Master CD, it withheld folder "Number 14" and all of the documents contained in that folder – including the non-privileged, responsive communications with providers. Similarly, the Dubberly memo describes non-privileged, responsive documents

---

2 Dey does not concede that any documents were properly withheld. In addition to waiver of the privilege, *see* Point II, *infra*, Dey will have document-specific arguments as to why no privilege applies, but needs a privilege log to make these arguments (since the documents have been destroyed or sequestered).

3 Dey's counsel does not know the precise number of e-mails in the original production because the electronic documents were destroyed pursuant to Georgia DCH's request.

in folders "Number 8", "Number 9", "Number 13", and "Number 24"; however, all documents in these folders were also withheld from the re-produced version of the Master CD.

Pursuant to FED. R. CIV. PROC. 45, Georgia DCH is required to produce all non-privileged documents responsive to the Subpoena. *See, e.g., Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n.*, 914 F. Supp. 1172, 1174-76 (E.D. Pa. 1996). Here, it is evident that Georgia DCH has improperly withheld non-privileged, responsive documents by removing entire categories of documents from its replacement production without performing a document-by-document privilege review.

**B. Georgia DCH Has Improperly Failed to Produce a Privilege Log**

Not only has Georgia DCH conceded that it has failed to produce a privilege log as required under FED. R. CIV. PROC. 45, it brazenly contends that it need not do so without an order from the Court. (*See* Opposition at p. 5-6.) This position expressly violates the plain language of Rule 45, which "***requires*** a party resisting disclosure to produce a document index or privilege log." *In re Grand Jury Subpoena*, 274 F.3d 563, 575-76 (1st Cir. 2001) (affirming denial of motion to quash subpoena seeking corporate documents because movants failed to generate a list of documents alleged to be privileged) (emphasis added) (*citing Bregman v. District of Columbia*, 182 F.R.D. 352 (D.D.C. 1998) and *First American Corp. v. Al-Nahyan*, 2 F. Supp. 2d 58, 63 n.5 (D.D.C. 1998)). *See also Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996); *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 195 (D.D.C. 2003) (holding that Rule 45 is "obviously mandatory," thus nonparty was not excused from producing a privilege log).

To meet its burden under FED. R. CIV. PROC. 45 to prove its claims of privilege, Georgia DCH must produce a privilege log sufficient to allow the Court to assess the claims of privilege. *See Marx v. Kelly, Hart & Hallman P.C.*, 929 F.2d 8, 12 (1st Cir. 1992) ("the

assertion of privilege must be timely and must be accompanied by sufficient information to allow the court to rule intelligently on the privilege claim"). Pursuant to Rule 45, Georgia DCH is required to "do the best that [it] reasonably can to describe the materials to which [its] claims adheres." *See In re Grand Jury Subpoena*, 274 F.3d at 575-76; *Cavallaro v. U.S.*, 153 F. Supp. 2d 52, 56 ("The party invoking a recognized privilege has the burden of establishing … the existence of that privilege…."); *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 190 F.R.D. 287, 289 (D. Mass. 2000); *In re Lernout & Hauspie Securities Litigation*, 222 F.R.D. 29, 36 (D. Mass. 2004) ( the "party resisting production … [bears] the burden of demonstrating [privilege]"). By failing to produce a privilege log or otherwise substantiating its claims of privilege, Georgia DCH is in direct violation of FED. R. CIV. PROC. 45.

Georgia DCH cannot evade the requirements of Fed R. Civ. Proc 45 by claiming that the Court has not ordered the production of a privilege log. The text of FED. R. CIV. PROC. 45 does not make the production of a privilege log contingent on the issuance of a court order, and the cases cited Georgia DCH do not stand for this proposition. Rather, those cases merely state that without a court order, a withholding party need not submit additional evidence to fill in gaps in the evidence it has already proffered to support its assertions of privilege. *See In re Imperial Corp. of America v. Shields*, 174 F.R.D. 475, 477 (S.D. Calif. 1997). The withholding party is still required to meet its burden to prove the asserted privilege. *See Id.* at 477, 479; *Marx*, 929 F.2d at 12; *Cavallaro v. U.S.*, 153 F. Supp. at 56.

Here, Georgia DCH has failed to produce anything even close to meeting its burden to prove its claims of privilege. Instead, Georgia DCH relies on the unspecified, blanket assertion that the existence of privilege in this case "was clear" because some of the documents were marked "Attorney Client Privilege." First, only a handful of documents were actually

marked "Attorney Client Privilege." All documents marked "Attorney Client Privilege" or "Attorney Client Communication" were destroyed or sequestered by Dey on September 5, 2008. Second, not all communications with attorneys are privileged. For example, in Georgia, "[n]o attorney-client relationship exists between individuals who are attorneys and employed by an executive agency and other agency officers and employees." *See* Official Opinion 95-1, Office of The Attorney General of the State of Georgia, 1995 Ga. AG LEXIS 73 (Jan. 9, 1995); Official Opinion 84-88, Office of the Attorney General of the State of Georgia (July 27, 1984). To establish the existence of the privilege, Georgia DCH must establish all of the elements of the privilege it is asserting, which it has failed to do. *See, e.g., Cavallaro*, 153 F. Supp. at 58. Thus, Georgia DCH's bald assertion of privilege is woefully insufficient to satisfy its burden. *See, e.g., Marx*, 929 F.2d at 12.

Furthermore, Georgia DCH has failed to establish that it is exempt from the requirement to produce a document-by-document privilege log on the grounds that the purportedly privileged documents are too voluminous. First, Georgia DCH has not and cannot show that the purportedly privileged documents are too voluminous – the documents in dispute consist of a few folders of hard-copy documents (less than one banker's box) and a few hundred e-mails and other electronic documents which were previously on the Master CD. (*See* Katz Decl., Ex. B.) The entire original production consisted of only 2 boxes, 1 Master CD containing electronic documents, and 7 CDs containing data (which are not in dispute). *In re Imperial Corp. of America*, the case cited by Georgia DCH, is inapposite. The size of the production at issue in that case was on the order of "hundreds of thousands, if not millions. . . ." 174 F.R.D. at 478. Second, even if this exception did apply, which it does not, Georgia DCH is still required to

make some prima facie showing that the disputed documents are protected by privilege. *See Marx*, 929 F.2d at 12. It has refused to meet even this minimum showing.

## II. GEORGIA DCH HAS WAIVED ITS CLAIMS OF PRIVILEGE WITH RESPECT TO DOCUMENTS PRODUCED PURSUANT TO THE SUBPOENA

### A. Failure to Provide a Privilege Log Constitutes a Waiver of Georgia DCH's Claims of Privilege

Georgia DCH waived its claims of privilege to the disputed documents by failing to produce a privilege log despite having possession of the documents, knowledge of the communications contained therein, and the opportunity to prepare a privilege log. *See In re Grand Jury Subpoena*, 274 F.R.D. at 576 (finding that a withholding party had waived its claims of privilege because it had knowledge of the disputed communications and opportunity to prepare a privilege log but failed to do so).

Georgia DCH here had ample opportunity and the requisite knowledge to review the disputed documents and provide a privilege log but has simply refused to do so. The Dubberly Memo, prepared by Georgia DCH for the initial production, expressly stated that certain documents in the production involved communications with attorneys, and Georgia DCH was notified by Dey of the possibility that some documents in the production might be privileged. Even though approximately 5 months have passed since Dey first requested a privilege log, Georgia DCH has failed to prepare a privilege log. Instead, it continues to assert bald, unsubstantiated claims of privilege. Moreover, Georgia DCH expressly agreed to produce a privilege log so long as Dey returned the production and original Master CD. (*See* Katz Decl. ¶ 28, 30, Exs I, K.) Dey upheld its end of the bargain, but Georgia DCH broke its promise.

Thus, Georgia DCH's refusal to produce a privilege log so that Dey can assess the claims of privilege constitutes a waiver of the asserted claims of privilege. *See id.*

**B. Alternatively, Georgia DCH's Grossly Negligent Conduct Merits a Waiver of Privilege Claims**

Georgia DCH's purposeful and grossly negligent conduct also constitutes a waiver of its claims of privilege. *See Amgen*, 190 F.R.D. at 293 (denying the party's motion for the return of inadvertently produced documents claimed to be privileged because the privilege was waived based on gross negligence) (*citing In re Grand Jury Subpoena (Zerendow)*, 925 F. Supp. 849, 855 (D. Mass. 1995) (Saris, J.)). *See also VLT, Inc. v. Lucent Technologies, Inc.*, No. 00-11049-PBS, 2003 WL 151399, at *2 (D. Mass. Jan. 21, 2003) (Saris, J.) (where protective order provided for return of inadvertently produced documents, but did not define "inadvertent production," "disclosures deemed 'grossly negligent' would be deemed outside the protective order's ambit").

First, Georgia DCH's production was far from inadvertent. Indeed, the evidence as a whole indicates that Georgia DCH carefully chose each document that was produced and purposely produced communications with attorneys. (*See* Memorandum of Law in Support, at pp.11-12; Katz Decl. ¶ 7, Ex. B.) Moreover, the evidence shows that Georgia DCH chose to make its initial production without having a single attorney review the documents before production. (*See* Katz Decl. ¶ 21.) Georgia DCH's argument disputing this fact is not supported by any evidence and Georgia DCH never disputed this point when Dey's counsel stated in its October 15, 2008 letter that Georgia DCH admitted that no attorney reviewed the production before it was sent to Dey. (*See* Katz Decl. ¶¶ 26-28, Exs. H, I, J.)

Second, the timing of Georgia DCH's conduct in responding to the initial notice of possible inadvertent disclosure demonstrates a failure to take reasonable measures to avoid further inadvertent disclosure. Eighteen days after Dey contacted Georgia DCH about inadvertent disclosure, Georgia DCH authorized Dey to proceed to disseminate the production.

(*See* Katz Decl. at ¶ 14.) Six days later, Georgia DCH sent a letter to Dey's counsel requesting the return of its entire production on the grounds of inadvertent disclosure. (*See* Katz Decl. at ¶ 18.) Thus, it is apparent that Georgia DCH took no reasonable measures to review its production for privilege after counsel for Dey alerted Georgia DCH of the possibility of inadvertent production. Moreover, Georgia DCH's conduct in seeking the return of the production was not reasonable because Georgia DCH failed to abide by the procedures set forth in the Protective Order.

Third, the scope of Georgia DCH's production and the extent of the inadvertent disclosure of potentially privileged documents favors waiver. A claim of privilege may be waived when there is a "substantial release of privilege information. . . ." *Amgen*, 190 F.R.D. at 293. Here, there was a substantial release of privileged information that gives rise to waiver of Georgia DCH's claims of privilege. For example, Georgia DCH produced hundreds of e-mail on the original Master CD produced to Dey. Yet, Georgia DCH's re-production of the Master CD contains only three e-mails. The production of the hundreds of e-mails on the original Master CD, which Georgia DCH has now withheld as purportedly privileged, constitutes a substantial release of privileged information. Indeed, the agency itself stated that its allegedly inadvertent disclosure required the return of its "entire production" and that privileged documents were "too voluminous to list." (Katz Decl. ¶ 18.)

The interest of fairness and justice weigh in favor of finding a waiver. Georgia DCH failed to take reasonable precautions to prevent inadvertent disclosure, failed to timely recognize its error, and produced a large number of purportedly privileged documents. (*See* Memorandum of Law in Support of Motion to Compel, at pp.11-13.) Additionally, a finding of waiver is also supported by Georgia DCH's grossly negligent decisions not to have an attorney

review its outgoing production and not to recall the potentially privileged documents at issue but instead to allow Dey to distribute documents to other defendants. In the interest of fairness and justice, Georgia DCH should not be rewarded for its gross negligence, and its claims of privilege should be waived. *See Marrero Hernandez v. Esso Standard Oil Co.*, No. 03-1485, 2006 WL 1967364, at *5 (D.P.R. Jul. 11, 2006).

**CONCLUSION**

For the foregoing reasons, Dey respectfully requests that this Court grant Dey's Motion to Compel pursuant to Federal Rules of Civil Procedure 37, 45, and Local Rule 37.1.

Dated: March 20, 2009

Respectfully Submitted,

KELLEY DRYE & WARREN LLP

By: /s/ Clifford Katz

Paul F. Doyle (BBO # 133460)
Sarah L. Reid (*pro hac vice*)
William A. Escobar (*pro hac vice*)
Neil Merkl (*pro hac vice*)
Clifford Katz (*pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Counsel for Defendants*
*Dey, Inc., Dey L.P., Inc. and Dey, L.P.*