**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>Civil Action No. 01-cv-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>CLASS 1 SETTLEMENT WITH ASTRAZENECA | |

**[PROPOSED] FINDINGS AND ORDER ON JOINT MOTION OF CLASS 1 PLAINTIFFS AND ASTRAZENECA FOR THE ENTRY OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

Class 1 Plaintiffs and Defendant AstraZeneca Pharmaceuticals L.P. ("AstraZeneca") have moved for the entry of judgment pursuant to Fed. R. Civ. P. 54(b).

On May 1, 2008, the Court heard oral argument on the parties' request for final approval of the Class 1 settlement with AstraZeneca. On December 19, 2008, for the reasons set forth therein, the Court issued its Third Revised Final Order and Judgment Granting Final Approval to Proposed Class Action Settlement With AstraZeneca, Approving Proposed Allocation of Settlement Funds, and Approving Class Counsels' Application for Attorneys Fees, Reimbursement of Litigation Expenses and Compensation Awards to Class Representatives (the "Final Approval Order") (Docket No. 5802). In granting final approval, Court overruled the objection of M. Joyce Howe to the settlement.

The parties intended the Final Approval Order to be a final, appealable order despite the existence of remaining claims against certain Track 1 defendants and the pending approval of Plaintiffs' settlement with the Track 2 defendants. However, at the time of the hearing for final approval of the settlement between the parties, neither party moved for certification pursuant to

Fed. R. Civ. P. 54(b) and the proposed order submitted by the parties to the Court failed to address the finality of the requested order under Fed. R. Civ. P. 54(b).

A notice of appeal from the Final Approval Order was filed on January 19, 2009 by M. Joyce Howe (the "Howe Appeal"). On March 18, 2009, the First Circuit issued an order *sue sponte* to Ms. Howe to show cause as to why the Howe Appeal should not be dismissed for lack of jurisdiction on the part of the Court of Appeals, citing the lack of any language in the Final Approval Order that indicates this Court's intention that the Final Approval Order be a final judgment pursuant to Rule 54(b).

The parties wish to avoid the dismissal of the Howe Appeal and the procedural delay in having the Howe Appeal dismissed only to have it refiled at some later date after an order from this Court pursuant to Fed. R. Civ. P. 54(b). Any delay in the resolution of the Howe Appeal will delay distribution of the settlement proceeds to thousands of consumer class members. The Court shares this concern.

Upon consideration of the motion and the submissions of the parties, the Court ALLOWS the motion. In accordance with Rule 54(b), the Court makes the following findings. *See Spiegel v. Trs. Of Tufts Coll.*, 843 F.2d 38, 42-43 (1st Cir. 1988).[1]

### FINDINGS

1.  This is a multi-district litigation ("MDL") consolidating a number of class actions that were brought against 16 pharmaceutical manufacturers, including AstraZeneca, beginning in 2001. The actions as originally pleaded included federal claims under the Racketeering

---

[1] The Howe Notice of Appeal also sought to appeal this Court's January 3, 2008 order disqualifying Donald Haviland as Class Counsel. These Findings and Order do not certify that Order as a final judgment. *See* Docket No. 4972.

2

Influenced and Corrupt Organizations Act ("RICO") and various state consumer protection statutes.

2. In March 2004, the Court created a "fast track" consisting of five defendants or defendant groups, including AstraZeneca. The remaining defendants were placed in a "regular track" for discovery and trial. The fast track defendants became known as "Track 1" defendants, and the remaining defendants became known as "Track 2" defendants.

3. In January 2006, the Court certified three classes for trial against the Track 1 defendants: (a) Class 1 – consumers who made co-payments for drugs under Medicare Part B; (b) Class 2 – TPPs in Massachusetts who made co-payments for drugs under Medicare Part B; and (c) Class 3 – consumers and TPPs in Massachusetts who paid for drugs in non-Medicare transactions based on contracts expressly using AWP. *In re Pharm. Indus. Average Wholesale Price Litig.*, 233 F.R.D. 229 (D. Mass. 2006).

4. On May 21, 2007, Class 1 Plaintiffs and AstraZeneca filed Class Plaintiffs' and AstraZeneca's Joint Motion for Entry of an Order Granting Preliminary Approval of the AstraZeneca Class 1 Settlement and Approving the Form and Method of Notice to the Class. After a preliminary review of the settlement the Court entered an order granting preliminary approval of the settlement on May 22, 2007.

5. The approved settlement resolved, among other things, all claims of Class 1 at issue in this case with regard to Zoladex.

6. On May 1, 2008, the Court heard oral argument on the parties' request for final approval of the settlement with AstraZeneca and subsequently entered the Final Approval Order on December 19, 2008.

7. The claims against each of the remaining four Track 1 Defendants have been resolved either through settlement, by judgment after trial, or are stayed pending appellate review of judgments entered after trial. *See* Findings and Order on Motion of Track 1 Defendants for the Entry of Judgment Pursuant to Federal Rule of Civil Procedure 54(b) (Docket No. 4896) which is hereby incorporated as if set forth fully herein.

8. Rule 54(b) provides in pertinent part:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).

9. There are no remaining claims between Class 1 Plaintiffs and AstraZeneca. For the reasons set forth below, the Court finds that there is no just reason to delay the entry of judgment with respect to the claims of Class 1 against AstraZeneca in accordance with the Final Approval Order.

10. There are no subsequent proceedings between the Class 1 Plaintiffs and the Track 1 defendants that threaten to moot the need for ultimate resolution of the Howe Appeal in the Court of Appeals. Nor are there any issues with respect to the remaining Track 1 defendants or the Track 2 defendants that will affect my decision with respect to the Class 1 settlement with AstraZeneca.

11. No party to the MDL will be prejudiced by the immediate entry of judgment with respect to the claims involving AstraZeneca in accordance with the settlement agreement entered into between Class 1 Plaintiffs and AstraZeneca and as embodied in the Final Approval Order. If the Court's decision approving the Class 1 settlement with AstraZeneca were to be affirmed,

Class 1 Plaintiffs will be capable of making a distribution of the proceeds of the settlement to class members prior to the resolution of the Track 2 claims. Moreover, delay in the entry of a final judgment could delay distribution of the settlement proceeds to thousands of consumer class members.

## ORDER

IT IS THEREFORE ORDERED THAT:

The Court hereby certifies its Final Approval Order pursuant to Fed. R. Civ. P. 54(b).

Dated: March __, 2009

_____
Hon. Patti B. Saris
United States District Court Judge