# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | **MDL No. 1456** |
| **IN RE PHARMACEUTICAL INDUSTRY** ) | **Master File No.  01-12257-PBS** |
| **AVERAGE WHOLESALE PRICE LITIGATION** ) | **Subcategory Case No. 06-11337** |
| ) | |
| _____ ) | **Judge Patti B. Saris** |
| ) | |
| **THIS DOCUMENT RELATES TO:** ) | **Magistrate Judge** |
| *State of California, ex rel. Ven-A-Care v.* ) | **Marianne B. Bowler** |
| *Abbott Laboratories, Inc., et al.* ) | |
| CASE No: 1:03-cv-11226-PBS ) | |
| _____ ) | |

### STATE OF CALIFORNIA'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER RELATING TO CERTAIN RULE 30(b)(6) DEPOSITION TOPICS PROPOUNDED BY DEFENDANTS

The State of California, through its undersigned counsel, respectfully moves this Court to issue an order pursuant to Federal Rule of Civil Procedure 26(c) prohibiting Defendants Dey, Inc., Mylan Pharmaceuticals Inc., Sandoz Inc., and Warrick Pharmaceutical Corp. ("Defendants"), from subjecting government witnesses to deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on 22 of the 68 topic areas propounded by Defendants. *See* Exhibit A. California has determined it must seek a protective order on the following 22 topics: 1-16, 58-59, and 63-66. *Id.*; Exhibit B.[1]  The parties have worked together to reach compromises on all other topics to which California had objections, but have been unable to resolve their differences on the 22 topics which are the subject of the instant motion.

The 22 topics at issue seek information which implicates one or more of the attorney-client privilege, work product doctrine and common interest privilege, and/or involve inquiry into

---

1.  For the Court's convenience, Exhibit B sets forth only the twenty two topics at issue in the instant motion, with the original topic numbering (from the letter at Exhibit A) intact.

areas involving legal positions, or matters of mixed law and fact, which are more appropriately addressed through contention interrogatories.

California has already produced eight individual Rule 30(b)(6) designees who have testified on the other 46 topics (and 34 sub-topic areas therein) propounded by Defendants, over eight days and almost 27 hours of deposition testimony, with additional Rule 30(b)(6) testimony from two of the previous designees set for April or May.

## I. BACKGROUND

### A.    California's Case

California filed suit against Defendants under the California False Claims Act,  asserting that from 1994 through 2004, Defendants reported false, fraudulent and inflated prices for certain drugs to pricing compendia, knowing that California's Medicaid Program ("Medi-Cal") relied upon those reported prices to set reimbursement rates for those drugs, while selling the drugs to customers at far lower prices.  California alleges that Defendants marketed the "spread" between the reimbursement amounts calculated with the false price and the real price paid by its customers to increase sales of the drugs, thereby boosting Defendants' profits, all at the expense of the publically funded Medi-Cal program.

### B.    Defendants' Request for 30(b)(6) Depositions

On August 16, 2008, Defendants sent a letter requesting depositions pursuant to Rule 30(b)(6) on 68 topics, which collectively include an additional 46 sub-topics.  (Ex. A)  California objected to Defendants' Rule 30(b)(6) requests, and the parties exchanged correspondence attempting to resolve their differences in letters dated August 29, 2008 (Ex. C), September 16, 2008 (Ex. D), September 30, 2008 (Ex. E), October 14, 2008 (Ex. F), March 10, 2009 (Ex. G) and March 23, 2009 (Ex. H). California has determined it must seek a protective order on the following 22 topics: 1-16, 58-59, and 63-66. *See* Exhibit B.

### 1.      Contentions Regarding False and Fraudulent Conduct

Topic 1 seeks Rule 30(b)(6) testimony concerning any false or fraudulent statements or actions by Defendants "that relate in any way to the claims in the Complaint," including each false statement made by the Defendants and each false or fraudulent price representation. Topics 2 and 3 seek the same testimony from California concerning the "facts and circumstances forming the basis for" allegations in the Complaint concerning Defendants' false prices as reported to Medi-Cal, and Defendants' use of off-invoice financial inducements.  Topics 4-7 seek testimony on the facts forming California's allegations that Defendants control their prices and control the reporting of those prices to First Data Bank (FDB), that the prices reported to FDB were false and were reported knowing that California relies on the prices for its reimbursement system, and that FDB reported those prices to Medi-Cal.

Topics 8-10, and 15, similarly seek testimony on the factual basis for allegations in the Complaint that Defendants' falsely inflated prices caused Medi-Cal to pay inflated amounts for Defendants' prescription drugs, that Defendants inflated their prices to compete and to increase their market share and profits, that Defendants' reported prices were used in Medi-Cal's reimbursement system, and that Defendants have thereby profited at the expense of Medi-Cal. Topics 11 and 12 seek testimony on the factual basis for allegations in the Complaint regarding the effects of Defendants' inflated price reporting on Federal Upper Limit (FUL) reimbursement.

Topics 13 and 14, which are comprised of 12 sub-topics, seek Rule 30(b)(6) testimony on the factual basis for allegations in the Complaint concerning the four Defendants' inflated drug pricing and "spreads," and in particular seek the name of every Defendant employee who marketed the spread, the provider to whom the spread was marketed, the drug marketed, the date, time and place of the alleged marketing, the content of the marketing, the provider's subsequent purchase of any drugs, and "all evidence that supports or refutes California's contention that the

Provider purchased the product because of the spread between acquisition cost and reimbursement, as opposed to some other reason."  Topic 16 asks for testimony identifying the prices the Defendants "should have reported in lieu of the allegedly fraudulent prices" to FDB and California, and how those prices were determined by California. Topic 63 similarly seeks testimony from California regarding "each category of damages for which California seeks a recovery" including the "methodology" to calculate damages and all documents supporting California's damages claim.

### 2.      Seal Extensions and California's Investigation

Topic 66 seeks testimony regarding the filing of seal extensions in the original California False Claims Act case filed by the relator in the San Diego County Superior Court, "including but not limited to the reasons given for the delay, the number of extensions granted, the legal bases for these extensions, and California's conduct of its investigation into the allegations [in the relator's Complaint]." Topics 64 and 65 similarly seek Rule 30(b)(6) testimony regarding California's investigation, under the guise of asking when California learned of Defendants' fraud.

### 3.      Communications with Ven-A-Care

Topic 58 seeks Rule 30(b)(6) testimony regarding "Communications with [the relator] Ven-A-Care," including all its principals, as well as communications with Ven-A-Care's counsel. Topic 59 seeks testimony regarding instances in which Ven-A-Care made a presentation to "any state or federal government agency, department, division, or unit," including any Ven-A-Care presentation to various U.S. officials at USDOJ, CMS, or to any state Medicaid agency.

## II. ARGUMENT

Federal Rule of Civil Procedure 30(b)(6) provides as follows:

Notice or Subpoena Directed to an Organization.  In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.  A subpoena must advise a nonparty organization of its duty to make this designation.  The persons designated must testify about information known or reasonably available to the organization.  This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

The purpose of Rule 30(b)(6) depositions, as explained by the Advisory Committee, is:

It will reduce the difficulties now encountered in determining, prior to the taking of the deposition, whether a particular employee or agent is a 'managing agent.' . . . It will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it. . . . The provision should also assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge.

Fed. R. Civ. P. Rule 30(b)(6) advisory committee's note (internal citations omitted).

For the reasons explained below, the Court should issue an order protecting California from designating a witness for the 22 topics depicted in Exhibit B and described above.  The topics are subject to one or more privileges and are improper Rule 30(b)(6) topics, and are more appropriately the subject of contention interrogatories.[2]

### A.    Defendants' Rule 30(b)(6) Topics 58-59 and 64-66 Seek Information Protected by the Attorney-Client Privilege,  Work Product Doctrine and Common Interest Privilege

Topics 58-59 and 64-66 are characterized by descriptions which call for testimony that would reveal matters protected by the attorney-client privilege, work product doctrine and/or the

---

2.  California has stated other objections to the remaining topics, as set forth in exhibits C and E.  The parties reached a compromise on the remaining 46 topics and associated 34 sub-topics.

common interest privilege. A party is not entitled to obtain discovery of information that is

privileged. Fed. R. Civ. P. 26(b)(1). With regard to deposition discovery, the district court must

quash a subpoena that "requires disclosure of privileged or other protected matter." Fed. R. Civ.

P. 45(c)(3); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.* 244 F.3d 189, 192 (1st Cir.

2001). The work product doctrine protects against disclosure of materials prepared by an attorney

or her agent in anticipation of litigation, absent a showing of substantial need for the information

and an inability to obtain equivalent information without undue hardship. *See* Fed R. Civ. P.

26(b)(3); *Upjohn Co. v. United States*, 449 U.S. 383, 399-401; *McKenzie v. McCormick*, 27 F.3d

1415, 1420 (9th Cir. 1994). Attorney "mental impressions, conclusions, opinions or legal

theories," known as "opinion work product," are afforded particularly strong protection, which

can be overcome only by a "far greater showing of necessity and unavailability by other means."

Fed. R. Civ. P. 26(b)(3); *Upjohn*, 449 U.S. at 401-02; *McKenzie*, 27 F.3d at 1420. Defendants

have made no showing to overcome any of these protections. *See, e.g., In re Grand Jury

Subpoena Dated November 8, 1979*, 622 F.2d 933, 936 (6th Cir. 1980) (on the standard to show

the protections of the work product doctrine was waived).

Topics 64 and 65 seek testimony regarding the initiation and conduct of California's

investigation and inquiry into the relator's allegations, prior to filing suit against the Defendants,

as well as the circumstances under which California became aware of the matters alleged in the

Complaint. Topic 66 similarly seeks information regarding the filing of seal extensions in the

California False Claims Act case filed by the relator in the San Diego County Superior Court,

"including but not limited to the reasons given for the delay, the number of extensions granted,

the legal bases for those extensions, and California's conduct of its investigation into the

allegations in the Ven-A-Care Qui Tam Complaint." Topic 58 seeks Rule 30(b)(6) testimony

regarding "Communications with [the relator] Ven-A-Care," including communications with

Ven-A-Care's counsel. Topic 59 seeks testimony regarding instances in which Ven-A-Care made a presentation to "any state or federal government agency, department, division, or unit," i.e., California Department of Health Care Services (CDHCS).[3/]

California has previously provided, to those Defendants who requested them, copies of the relator's sealed original and sealed first amended complaints. Those pleadings speak for themselves regarding the facts and circumstances explaining how California learned of the fraud and false claims alleged in the operative First Amended Complaint in Intervention. It is similarly improper to seek Rule 30(b)(6) testimony from CDHCS,[4/] which administers Medi-Cal, regarding the California Department of Justice's investigation into the relator's allegations prior to the Department of Justice's decision to file suit. Any such testimony inevitably implicates communications between the Department of Justice and CDHCS or its agents, which are at the heart of the attorney-client privilege and work product doctrine. *See, e.g., F.D.I.C. v. Ogden Corp.*, 202 F.3d 454, 460-61 (1st Cir. 2000)(on the attorney-client privilege); *United States v. One Tract of Real Property*, 95 F.3d 422, 427-28 (6th Cir. 1996) (applying work product doctrine to work of government attorneys); Fed. R. Civ. P. 26(b)(3).

The courts have consistently held that inquiries into an adversary's investigation are not properly the subject of discovery. *See Massachusetts v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149, 153 (D. Mass. 1986) ("agree[ing] with the line of cases beginning with the *Uinta Oil* case in

---

3.  California offered Defendants reworded versions of topics 58 and 59, which Defendants declined with a counterproposal. The parties have been attempting to arrive at compromise wording on these topics, or to possibly conduct discovery on these topics, instead through a combination of interrogatory and document production discovery. The lack of consensus to date requires the inclusion of these topics in the instant motion.

4.  Although Defendants do not specify the governmental agency from which they seek Rule 30(b)(6) testimony, California assumes it seeks such testimony from CDHCS, which administers Medi-Cal, and not the California Department of Justice.

1964 and continuing through the *Board of Education of Evanston TP* case in 1984 which hold that

interrogatories which seek the names of persons interviewed by an adverse party's attorney

together with the dates and places of such interviews are improper"); *Board of Education of*

*Evanston TP v. Admiral Heating*, 104 F.R.D. 23, 32 (N.D. Ill. 1984)(denying a motion to compel

the names of persons interviewed because "to tell plaintiffs whom defendants have interviewed,

where and when such interviews took place and whether or not a record was made -  is to give

plaintiffs no more knowledge of substantive relevant facts, but rather to afford them the potential

for significant insights into the defense lawyers' preparation of their case (and thus their mental

processes"); *Uinta Oil Refining Co. v. Continental Oil Co.*, 226 F. Supp. 495, 506 (D. Utah

1964)(denying request for "the names of all persons from whom plaintiffs, or their officers,

employees or agents, have taken or requested statements [which] in and of itself is not a proper

subject for discovery").[5/]

---

5.  *See also E.E.O.C. v. Collegeville/Imagineering Ent.*, No. CV-05-3033, 2007 WL
1089712, at *1-2 (D. Ariz. April 10, 2007)(where a party does not seek to learn of witnesses
with knowledge about the case, and instead seeks to learn who has been contacted by opposing
counsel, work product concerns arise [because] [s]uch discovery requests seek to track the steps
of opposing counsel and their witness interview choices [and thus] focus on the actions of
lawyers rather than knowledge of witnesses"); *Lamer v. Williams Communications, LLC*, No.
04-CV-847, 2007 WL 445511, at *2 (N.D.Okla. Feb. 6, 2007)("even mere disclosure of the
names of non-party witnesses Plaintiff's counsel has interviewed would represent an invasion of
counsel's mental impressions and strategies"); *In re Veeco Instruments, Inc. Securities Litig.*,
No. 05MDL1695, 2007 WL 274800, at *1 (S.D.N.Y. Jan. 29, 2007)(denying motion to compel
where "[d]efendants essentially seek the identify of witnesses interviewed by counsel for the
Lead Plaintiffs and relied upon in the preparation of the complaint"); *Plumbers & Pipefitters
Local 572 Pension Fund v. Cisco Systems, Inc.*, No. C01-20418, 2005 WL 1459555, at *4 (N.D.
Cal. Jun. 21, 2005)("parties may be compelled to disclose the identify of persons having
knowledge, but may not be forced to disclose which of these individuals have in fact been
interviewed"); *Ferruza v. MTI Technology*, No. SACV 00-0745 DOC, 2002 WL 32344347, at *3
(C.D. Cal. June 13, 2002)("Although the identity and location of witnesses that may have
knowledge of any discoverable matter is not protected, the identity of witnesses interviewed by
opposing counsel is protected."); *Appeal of Hughes*, 633 F.2d 282, 289 (3d Cir. 1980)("Focusing
on the list of persons interviewed, we think it is plain that such a list . . . would appear to fall
within the definition of work product . . ."); 8 Wright, Miller & Marcus, Federal Practice and
Procedure: Civil 2d § 2028 (2007)("surely an interrogatory asking a party to identify all persons

Finally, because topics 58-59 and 64-66 seek information regarding California's communications with the relator, Ven-A-Care, during the course of the pre-filing investigation or after the case was filed, the information sought is also protected by the common interest privilege. *See United States ex rel. Purcell v. MWI Corp*., 238 F.R.D. 321, 325-26 (D.D.C. 2006); *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990)("[P]ersons who share a common interest in litigation should be able to communicate with each other to more effectively prosecute or defend their claims"); *United States v. Bay State Ambulance & Hosp. Rental Serv., Inc*., 874 F.2d 20, 28 (1st Cir. 1989)(recognizing the common interest privilege).

In sum, topics 58-59 and 64-66 are improper subjects for Rule 30(b)(6) examination because they seek testimony on matters protected by the attorney-client privilege, work product doctrine and common interest privilege.

**B.      Defendants' Rule 30(b)(6) Topics 1-16 and 63 Impermissibly Seek To Ascertain California's Legal Positions Or Seek Testimony Involving Matters of Mixed Law and Fact Not Appropriate for Rule 30(b)(6) Discovery**

Defendants' Rule 30(b)(6) topics 1-16 seek testimony on subjects appropriately sought via contention interrogatories, and most topics seek improperly seek testimony to ascertain California's legal positions. As worded, several topics seek testimony on subjects which mix matters of law and fact.  Topic 63 prematurely seeks discovery regarding California's (as yet uncompleted) damages, when that line of discovery should be sought through the deposition of California's damages expert.

Topic 1 seeks testimony regarding "the allegedly false or fraudulent statements or actions made or taken by [Defendants] that relate in any way to the claims in the Complaint," including

---

interviewed would contravene work product").

9

all statements by Defendants and their agents, all false and fraudulent price representations, and all false claims they caused to be filed.

Topic 2 seeks testimony on "facts and circumstances" regarding the legal position asserted in the Complaint that Defendants defrauded Medi-Cal by reporting high prices. Topic 3 seeks testimony regarding the legal position asserted in the Complaint that Defendants caused FDB's pricing information reported to Medi-Cal to false and misleading.

Topic 6 is similar in wording to Topic 3 and again seeks "facts and circumstances" supporting the legal position asserted in the Complaint regarding Defendants' reporting of false or misleading prices to Medi-Cal. Topics 8-12 seek "facts and circumstances" testimony regarding the legal positions asserted in the Complaint that Defendants caused Medi-Cal to pay claims falsified by Defendants' pricing; that Defendants used the "spread" on their drugs as an unlawful financial inducement to their customers; that Defendants and their customers obtained profits from their fraudulent pricing; and that the prices on which Medi-Cal paid would have been lower absent Defendants' fraudulent pricing. Topics 4, 5, 7, and 15 seek "facts and circumstances" testimony regarding allegations in the Complaint concerning Defendants' control over and reporting of the false prices at issue to FDB, with knowledge that Medi-Cal relied on the same prices to operate its reimbursement system.

Topics 13 and 14, which contain a total of 12 sub-topics and focus on 25 numbered paragraphs in California's Complaint, seek "facts and circumstances" testimony regarding the legal positions asserted in the Complaint as to particularized allegations involving each Defendant's conduct in causing Medi-Cal to overpay provider claims, based on each Defendant's respective pricing practices. Topic 16 seeks testimony regarding the truthful prices California contends should have been reported by Defendants, and Topic 63 seeks detailed testimony from a

30(b)(6) witness regarding California's damages, damages methodology, and all supporting damages documentation.

As to topics 1-16, Defendants are demanding, in effect, Rule 30(b)(6) testimony designed to conduct a "mini-trial" on the merits of the State's case, even while California has yet to receive all of the pricing information and transactional data sought from Defendants through discovery, and in advance of any opportunity by California's experts to complete their assessment of damages in the case. Defendants nonetheless seek a Rule 30(b)(6) witness to set forth in full detail every item of evidence and every aspect of legal authority - i.e., facts and circumstances to support the legal positions regarding Defendants' fraudulent conduct which are asserted in the Complaint - that support California's factual and legal positions in this litigation.

California must assume Defendants intend to use the transcripts of the resultant depositions to limit the evidence and arguments which California could later produce, or to argue on motions for summary judgment that there are insufficient bases for one or more of California's contentions or positions. A more appropriate vehicle for such discovery would be sensibly framed contention interrogatories submitted at the close of discovery.  This is a data-intensive case of some complexity, which involves almost 500 drug NDCs over an 11-year period, over twenty million paid claims from the largest Medicaid program in the country,[6] and arcane transactional data from Defendants (complete and comprehensible collations of these materials are still being sought via discovery from Defendants) involving, to date, over 200,000,000 sales transactions. Given the data complexity of this case, no individual could reliably and completely set forth,

---

6.  California's Medicaid program is the largest in the country in terms of beneficiaries and drug costs. Defendants long since received data files involving all paid claims for each of their NDCs at issue in the Complaint in California's initial disclosures, in September 2007, as well as subsequent data files (in August 2008) detailing all paid claims NOT at issue in the case as a result of Judge Saris's decision denying Defendants' motions to dismiss.

orally at deposition, a comprehensive and sufficiently coherent account of all the "facts and circumstances" supporting the contentions asserted in the Complaint regarding Defendants' allegedly fraudulent pricing practices. And this is not a situation in which Defendants can reasonably contend they have been denied access to the allegedly fraudulent "facts and circumstances" pricing information sought by the Rule 30(b)(6) topics at issue, as that pricing information is held by the Defendants themselves.

The witness designated would have to be thoroughly prepared by those who conducted California's investigation.  As the court stated in *SEC v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992), citing *Mitsui & Co. In. v. Puerto Rico Water Resource Authority*, 93 F.R.D. 62, 67 (D.P.R. 1981), Rule 30(b)(6) requires the subject of the Rule 30(b)(6) notice to prepare "persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant matters."  Since the investigation was conducted by California Department of Justice attorneys, preparation of the witness would necessarily include disclosure of those same DOJ attorneys' legal and factual theories concerning the alleged fraudulent pricing by Defendants and the significance of documents, credibility of witnesses, and other matters constituting attorney work product.  Moreover, this examination would inevitably require, given the wording of the topics at issue, the requirement for the deponent to reason about the relationship between the facts and the legal positions asserted in California's Complaint regarding Defendants' fraudulent acts.  *See* Exhibit B.  Such testimony would inevitably trespass into areas protected by the attorney work product doctrine and attorney-client privilege, regardless of whether the deponent was a lawyer or an agent of the lawyer, which further vitiates the soundness of attempting Rule 30(b)(6) deposition discovery on the topics at issue.

One of the reasons courts disfavor the use of depositions for topics that involve a party's legal contentions is the likelihood that issues of work product and attorney-client privilege will

arise.  *See, e.g., BB&T Corp. v. United States*, 233 F.R.D. 447, 449 and n.2 (M.D.N.C. 2006)

(contention discovery normally requires the assistance of an attorney, and depositions provide "a

greater chance for argumentative exchanges... touching on sensitive matters such as attorney-

client confidences [or] work product");[7/] *Morelli*, 143 F.R.D. at 47 (barring 30(b)(6) deposition

regarding the SEC's legal contentions, based on work product concerns); *Goss Int'l Americas,

Inc. v. MAN Roland, Inc*, No. Civ. 03-CV-513-SM 2006 WL 1134930 at *5 (D.N.H. April 28,

2006) (denying motion to compel Rule 30(b)(6) deposition regarding claim construction noting,

"claim construction is a question of law, and legal contentions are not a proper subject for factual

discovery.");  *Smithkline Beecham Corp. v. Apotex Corp*., No. 99-CV-4304, 2004 WL 739959, at

*3 (E.D. Pa. Mar. 23, 2004) (ruling that certain categories of proposed Rule 30(b)(6) deposition

pertained to legal positions that should be ascertained by means of interrogatories rather than

deposition because "[i]t would be very difficult for a non-attorney witness to answer such

questions at a deposition."); *In re Indep. Serv. Orgs. Antitrust Litig*., 168 F.R.D. 651, 654 (D.

Kan. 1996)(granting protective order against Rule 30(b)(6) deposition inquiry into legal

conclusions, on grounds that producing responses to such questions is "overbroad, inefficient, and

unreasonable"); *McCormick-Morgan, Inc. v. Teledyne Indus., Inc*., 134 F.R.D. 275, 285-88 (N.D.

Cal. 1991) *rev'd in other part,* 765 F. Supp. 611 (N.D. Cal. 1991) (ordering both parties to use

contention interrogatories rather than Rule 30(b)(6) deposition to ascertain other side's legal

---

7.  As previously noted, the work product doctrine protects against disclosure of
materials prepared by an attorney or her agent in anticipation of litigation, absent a showing of
substantial need for the information and an inability to obtain equivalent information without
undue hardship. *See* Fed R. Civ. P. 26(b)(3); *Upjohn*, 449 U.S. at 399-401, 101 S. Ct. 677, 66 L.
Ed. 2d 584 (1981); *McKenzie*, 27 F.3d at 1420. Attorney "mental impressions, conclusions,
opinions or legal theories," known as "opinion work product," are afforded particularly strong
protection, which can be overcome only by a "far greater showing of necessity and unavailability
by other means." Fed. R. Civ. P. 26(b)(3); *Upjohn*, 449 U.S. at 401-02; *McKenzie*, 27 F.3d at
1420. Again, Defendants have made no showing to overcome any of these protections.  *See*, *e.g.*,
*In re Grand Jury Subpoena*, 622 F.2d at 936.

positions.); *United States v. District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America*, No. 90 Civ. 5722, 1992 WL 208284, *11 (S.D.N.Y. 1992) ("[A] party may not secure disclosure of an adversary counsel's view of the case or trial preparation by seeking disclosure of those facts or sources of facts which counsel considers more significant than others and has devoted time to pursuing.")

Even for topics that mix law and fact, as is the case in several of the topics at issue in the instant motion, courts are hesitant to allow the use of a Rule 30(b)(6) deposition, generally preferring the use of contention interrogatories. *See, e.g., BB&T*, 233 F.R.D. at 449 (granting protective order against "contention depositions" because requestor failed "to show why a motion to compel answers to the contention interrogatories was not first pursued... [U]ntil a party has first shown that the interrogatory process cannot be used, it may not seek to use depositions for contention discovery."); *Smithkline Beecham*, 2004 WL 739959 at *3 (ruling that contention interrogatories are more appropriate than a deposition for opinions regarding certain patents).

In sum, topics 1-16 and 63 are improper subjects for Rule 30(b)(6) examination because they seek testimony on matters more appropriate for contention interrogatories and because they implicate matters protected by the attorney-client privilege, work product doctrine and common interest privilege. All of Defendants' topics calling, in whole or in part, for testimony on the government's legal positions are improper, and all the topics calling, in whole or in part, for testimony on matters of fact and law are equally improper for Rule 30(b)(6) discovery.

14

## III.  CONCLUSION

For the reasons stated above, California respectfully requests that the Court enter an order

of protection with respect to Defendants' proposed Rule 30(b)(6) topics 1-16, 58-59 and 63-66.

Dated:  March 26, 2009                     Respectfully submitted,

                                           EDMUND G. BROWN JR.
                                           Attorney General for the State of California


                                           By:    _/s/Nicholas N. Paul_____
                                                  NICHOLAS N. PAUL
                                                  CA State Bar No. 190605
                                                  Supervising Deputy Attorney General
                                                  Bureau of Medi-Cal Fraud and Elder Abuse
                                                  Office of The Attorney General
                                                  1455 Frazee Road, Suite 315
                                                  San Diego, CA  92108
                                                  Telephone:  (619) 688-6099
                                                  Fax:  (619) 688-4200

                                           **Attorneys for Plaintiff,**
                                           **STATE OF CALIFORNIA**

**<u>EXHIBIT LIST</u>**

Exhibit A       August 19, 2008 letter from P. Robben to N. Paul

Exhibit B       List of Topics (from those listed in Exhibit A) as to which California seeks a
                protective order.

Exhibit C       August 29, 2008 letter from N. Paul to P. Robben

Exhibit D       September 16, 2008 letter from P. Robben to N. Paul

Exhibit E       September 30, 2008 letter from N. Paul to P. Robben

Exhibit F       October 14, 2008 letter from P. Robben to N. Paul

Exhibit G       March 10, 2009 letter from P. Robben to N. Paul

Exhibit H       March 23, 2009 letter from N. Paul to P. Robben

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on March 26, 2009, a copy to Lexis-Nexis for posting and notification to all parties.


 /s/ *Nicholas N. Paul*
Nicholas N. Paul