# EXHIBIT C

**BMFEA**
**Bureau of Medi-Cal Fraud & Elder Abuse**
State of California Department of Justice



Office of Attorney General
Edmund G. Brown Jr.

Bureau of
Medi-Cal Fraud
and Elder Abuse

1455 Frazee Road
Suite 315
San Diego, CA
92108-4304

Telephone: (619) 688-6099
Facsimile: (619) 688-4200

August 29, 2008

VIA EMAIL

Philip D. Robben
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York  10178

RE:     *State of California, ex rel. Ven-A-Care v. Abbott Laboratories, Inc., et al.*
        Case No. 1:03-cv-11226-PBS (MDL 1456)

Dear Philip:

In response to your letter of August 19, 2008, requesting the designation of witnesses in response to the 68 topics set forth in your letter, we respond as follows.

We object to Topics 1 through 17, 54, 58-59 and 63-66 as inappropriate, in their entirety, for a Rule 30(b)(6) deposition. The objections we believe applicable in support of our position are stated below.

We object in part to the remaining Topics, also as stated below. We have tentatively designated between four and seven witnesses for these topics (18-57, 60-62, 67-68), subject to conferring with defendants to address our objections. Subject to defendants' agreement to alter the Topics to cure plaintiff's objections, and as limited by plaintiff's objections, we propose October 21-24 for these depositions, although the expected duration, timing and number of days required are presently uncertain pending further discussion with defendants.

We understand our obligation to move for a protective order within 30 days of your letter, under CMO 31, should discussion with defendants concerning those topics to which we object in their entirety, and our objections to the remaining Topics, fail to achieve consensus between the parties. Please let me know when it would be convenient to schedule a phone call to address these and other pertinent issues.

**A.     Topics to which California objects in their entirety as inappropriate for a Rule 30(b)(6) deposition:**

<u>Topic 1</u>

"The allegedly false or fraudulent statements or actions made or taken by the Remaining Defendants that relate in any way to the claims in the Complaint,

including: false or fraudulent statements made or caused to be made by the
Remaining Defendants and their agents; false or fraudulent claims filed by the
Remaining Defendants and their agents; actions or statements that caused a false
or fraudulent claim to be filed; and false or fraudulent price representations."

California objects to this topic in its entirety on the grounds that:

(i)      it is over-broad and unduly burdensome;

(ii)     it is an inappropriate and unworkable attempt to hold a mini-trial under the guise
         of a Rule 30(b)(6) deposition;

(iii)    calls for deposition testimony concerning questions of law and is not an
         appropriate topic for a Rule 30(b)(6) deposition;

(iv)     it improperly couches matters better addressed through a contention interrogatory
         than as a topic for a Rule 30(b)(6) deposition;

(v)      it is vague and ambiguous and does not describe with particularity the matters on
         which examination is requested;

(vi)     it calls for deposition testimony on a subject protected by the work product
         doctrine, and as materials developed in anticipation of litigation;

(vii)    it is premature because discovery is not complete; and

(viii)   it calls for testimony on matters as to which California's current knowledge is
         limited by the extent of defendants' compliance with California's discovery
         demands, and defendants have not fully responded to discovery.

Topic 2

"The facts and circumstances forming the basis for the allegation, in paragraph 1
of the Complaint, that, 'Defendants defrauded [Medi-Cal] ... by reporting
excessively high and false prices for some of their prescription drugs with
knowledge that Medi-Cal used these reported prices for establishing
reimbursement to its Medi-Cal providers for these drugs.'"

California objects to this topic in its entirety on the grounds that:

(i)      it is over-broad and unduly burdensome;

(ii)     it is an inappropriate and unworkable attempt to hold a mini-trial under the guise
         of a Rule 30(b)(6) deposition;

(iii)    calls for deposition testimony concerning questions of law and is not an
         appropriate topic for a Rule 30(b)(6) deposition;

(iv)     it improperly couches matters better addressed through a contention interrogatory
         than as a topic for a Rule 30(b)(6) deposition;

(v)      it is premature because discovery is not complete;

(vi)     it calls for testimony on matters as to which California's current knowledge is
         limited by the extent of defendants' compliance with California's discovery
         demands, and defendants have not fully responded to discovery; and

(vii)    it calls for deposition testimony on a subject protected by the work product
         doctrine, and as materials developed in anticipation of litigation.

August 29, 2008

Page 3

Topic 3

"The facts and circumstances forming the basis for the allegation, in paragraph 29 of the Complaint, that, 'The Defendant manufacturers, further caused the pricing information reported to Medi-Cal to be false and misleading for their products by providing off invoice financial inducements such as free goods and cash payments.'"

California objects to this topic in its entirety on the grounds that:

(i)      it is over-broad and unduly burdensome;

(ii)     it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)    calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(v)     it is premature because discovery is not complete;

(vi)    it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and

(vii)   it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

Topic 4

"The facts and circumstances forming the basis for the allegation, in paragraph 34 of the Complaint, that, 'The manufacturers control the prices that are reported by FDB.'"

California objects to this topic in its entirety on the grounds that:

(i)      it is over-broad and unduly burdensome;

(ii)     it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)    calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(v)     it is premature because discovery is not complete;

(vi)    it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and

(vii)   it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

Topic 5

"The facts and circumstances forming the basis for the allegation, in paragraph 35(d) of the Complaint, that, 'FDB reported AWPs, DPs, wholesale acquisition costs ("WACs") and FULs for the specified prescription drugs based on the price information provided by the Defendants for their respective drugs.'"

California objects to this topic in its entirety on the grounds that:

(i)      it is over-broad and unduly burdensome;

(ii)     it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)    calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(v)     it is premature because discovery is not complete;

(vi)    it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and

(vii)   it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

Topic 6

"The facts and circumstances forming the basis for the allegation, in paragraph 36 of the Complaint, that, 'The Defendants reported or caused to be reported false or misleading prices to Medi-Cal by providing false or misleading price information ... to the compendia including FDB with knowledge that they in turn would utilize such false and misleading price information in determining the AWPs and DPs that were reported to Medi-Cal.'"

California objects to this topic in its entirety on the grounds that:

(i)      it is over-broad and unduly burdensome;

(ii)     it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)    calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(v)     it is premature because discovery is not complete;

(vi)    it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and

(vii)   it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

August 29, 2008
Page 5

Topic 7

"The facts and circumstances forming the basis for the allegation, in paragraph 38 of the Complaint, that, 'Each Defendant, at a minimum, provided such pricing information at least annually to FDB for the express purpose of causing FDB to report such prices to Medi-Cal.'"

California objects to this topic in its entirety on the grounds that:

(i)     it is over-broad and unduly burdensome;

(ii)    it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)   calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(v)     it is premature because discovery is not complete;

(vi)    it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and

(vii)   it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

Topic 8

"The facts and circumstances forming the basis for the allegation, in paragraph 42 of the Complaint, that, 'Defendants' inflation of their reported prices caused many, if not most, claims paid by Medi-Cal for Defendants' specified prescription drugs to be false claims.'"

California objects to this topic in its entirety on the grounds that:

(i)     it is over-broad and unduly burdensome;

(ii)    it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)   calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(v)     it is premature because discovery is not complete;

(vi)    it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and

(vii)   it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

Topic 9

    "The facts and circumstances forming the basis for the allegation, in paragraph 44 of the Complaint, that, 'Defendants competed with each other by inflating their spread. Defendants used the spread as an unlawful financial inducement to increase their market share and profits."

California objects to this topic in its entirety on the grounds that:

(i)      it is over-broad and unduly burdensome;

(ii)    it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)   calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)   it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(v)    it is premature because discovery is not complete;

(vi)   it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and

(vii)  it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

Topic 10

    "The facts and circumstances forming the basis for the allegation, in paragraph 47 of the Complaint, that, 'As a result of their fraudulent scheme, Defendants and their customers have reaped hundreds of millions of dollars in illegal profits at the expense of California, and directly contributed to Medi-Cal's soaring cost of providing prescription drugs to California's needy, poor, elderly, and disabled.'"

California objects to this topic in its entirety on the grounds that:

(i)      it is over-broad and unduly burdensome;

(ii)    it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)   calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)   it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(v)    it is premature because discovery is not complete;

(vi)   it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and

(vii)  it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

Topic 11

"The facts and circumstances forming the basis for the allegation, in paragraph 48 of the Complaint, that, 'Because FULs were based on reported prices, Defendants' reporting of inflated prices corrupted the FULs and prevented California from gaining the full benefit of the FUL safeguard.'"

California objects to this topic in its entirety on the grounds that:
(i)    it is over-broad and unduly burdensome;
(ii)    it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;
(iii)    calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;
(iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;
(v)    it is premature because discovery is not complete;
(vi)    it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and
(vii)    it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

Topic 12

"The facts and circumstances forming the basis for the allegation, in paragraph 48 of the Complaint, that, 'However, if truthful prices had been reported, the FUL prices would have exceeded reimbursement based on many companies' reported prices and the FUL upper limit prices would not have been utilized for reimbursement.'"

California objects to this topic in its entirety on the grounds that:

(i)    it is over-broad and unduly burdensome;
(ii)    it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;
(iii)    calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;
(iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;
(v)    it is premature because discovery is not complete;
(vi)    it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and
(vii)    it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

August 29, 2008
Page 8

Topic 13

> "The facts and circumstances forming the basis for the allegations: (a) in paragraphs 80 through 89 of the Complaint concerning Dey; (b) in paragraphs 90 through 93 and paragraph 129 through 132 concerning Sandoz; (c) in paragraphs 123 through 128 concerning Mylan; (d) in paragraphs 170 through 176 concerning Warrick; and (e) in paragraphs 177 through 180 to the extent these allegations are directed toward any of the Remaining Defendants."

California objects to this topic in its entirety on the grounds that:

(i)     it is over-broad and unduly burdensome;

(ii)    it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)   calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(v)     it is vague and ambiguous and does not describe with particularity the matters on which examination is requested;

(vi)    it is premature because discovery is not complete;

(vii)   it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and

(viii)  it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

Topic 14

> "The facts in California's possession relating to each and every instance in which any of the Remaining Defendants marketed the 'spread' to any Provider as alleged, among other places, in paragraphs 82 (Dey), 125 (Mylan), and 174 (Warrick) of the Complaint, including, for each such instance: (a) the employee of who allegedly marketed the spread; (b) the Provider to whom the spread was marketed (and the individual employees of the Provider involved in the interaction); (c) the drug that was marketed; (d) the place and time of the alleged marketing; (e) the content of the alleged marketing (including the precise facts on which California bases its assertion that the employee 'marketed the spread'); (f) whether the Provider purchased or did not purchase the product; and (g) if applicable, all evidence that supports or refutes California's contention that the Provider purchased the product because of the spread between acquisition cost and reimbursement, as opposed to some other reason."

California objects to this topic in its entirety on the grounds that:

(i)     it is over-broad and unduly burdensome;

(ii)     it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)    calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(v)     it is premature because discovery is not complete;

(vi)    it calls for testimony on matters as to which plaintiff's current knowledge is limited by the extent of defendants' compliance with plaintiff's discovery demands, and defendants have not fully responded to discovery; and

(vii)   it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

## Topic 15

"The basis for any contention that the prices allegedly reported or represented by the Remaining Defendants for any drug were used in determining Medi-Cal reimbursement."

California objects to this topic in its entirety on the grounds that:

(i)      it is over-broad and unduly burdensome;

(ii)     it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)    calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(v)     it is vague and ambiguous and does not describe with particularity the matters on which examination is requested;

(vi)    it is premature because discovery is not complete;

(vii)   it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and

(viii)  it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

## Topic 16

"The actual prices the Remaining Defendants should have reported in lieu of the allegedly fraudulent prices, how those actual prices were determined, and whether California contends that the Remaining Defendants should have reported each of those prices to Medi-Cal."

California objects to this topic in its entirety on the grounds that:

(i)      it is over-broad and unduly burdensome;

    (ii)     it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

    (iii)    calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

    (iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition ;

    (v)     it is vague and ambiguous and does not describe with particularity the matters on which examination is requested;

    (vi)    it is premature because discovery is not complete;

    (vii)   it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery;

    (viii)   it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation; and

    (ix)    it is duplicative of and cumulative to completed discovery responses (see, e.g., Plaintiff's response and supplemental response to Defendants' Interrogatory 35).

## Topic 17

"Whether and to what extent California was aware of the market prices for the Remaining Defendants' Subject Drugs and that the Remaining Defendants were allegedly marketing the spread."

California objects to this topic in its entirety on the grounds that:

    (i)     it is over-broad and unduly burdensome;

    (ii)    it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

    (iii)    calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

    (iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

    (v)     it is vague and ambiguous and does not describe with particularity the matters on which examination is requested;

    (vi)    it is premature because discovery is not complete;

    (vii)   it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and

    (viii)   it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

## Topic 54

"The November 27-28, 1990 Pharmacy Reform Tag Meeting and the positions advocated by each attendee (including California's attendee) regarding the contemplated disclosure by HCFA to the states of AMP data."

California objects to this topic in its entirety on the grounds that:

(i)    the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal; and

(ii)    it is unduly burdensome because it concerns an event occurring 18 years ago and because no DHCS designee has been identified, to date, with any knowledge of, or knowledge of the sources of any information about, this meeting.

Plaintiff understands, but has not been able to confirm, that Len Terra may have some knowledge of this meeting. Mr. Terra is no longer a DHCS employee and has not been for some time, and is therefore not an appropriate Rule 30(b)(6) designee. Defendants are deposing Mr. Terra in October. Plaintiff suggests defendants instead address the matters raised in this topic during Mr. Terra's fact deposition.

Topic 58

"Communications with Ven-A-Care and any of its representatives, including but not limited to, Zachary T. Bentley, T. Mark Jones, Luis Cobo, John Lockwood, The Breen Law Firm, James J. Breen, Esq., Atlee Wampler, Esq., and Alison W. Simon, Esq."

California objects to this topic in its entirety on the grounds that:

(i)    it is over-broad and unduly burdensome;

(ii)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(iii)    it is vague and ambiguous and does not describe with particularity the matters on which examination is requested; and

(iv)    it calls for deposition testimony on a subject protected by the joint prosecution privilege, the attorney-client privilege, the work product doctrine, and protected as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation.

Topic 59

"Ven-A-Care's presentations to any state or federal government agency, department, division, or unit, including, but not limited to Ven-A-Care's presentation to the National Association of Medicaid Fraud Control Units in 1998, Ven-A-Care's presentation to Nancy-Ann Min DeParle in 1998, any Ven-A-Care presentation to CMS, any Ven-A-Care presentation to the U.S.

Department of Justice, and any Ven-A-Care presentation to a State Medicaid agency."

California objects to this topic in its entirety on the grounds that:

(i)     it is over-broad and unduly burdensome;
(ii)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;
(iii)   it is vague and ambiguous and does not describe with particularity the matters on which examination is requested;
(iv)    it calls for deposition testimony on a subject protected by the joint prosecution privilege, the attorney-client privilege, the work product doctrine, and protected as confidential communications between parties with a common interest, and as materials developed in anticipation of litigation; and
(v)     it requires California to prepare a witness for Rule 30(b)(6) testimony on a topic properly directed to Ven-A-Care.

Topic 63

"Each category of damages for which California seeks a recovery from the Remaining Defendants for each of such defendant's Subject Drugs in this action, including: (a) the amount of damages; (b) the methodology used to calculate or derive that amount; and (c) all facts and documents upon which California relies to support its claims as to the nature and extent of each category of damages."

California objects to this topic in its entirety on the grounds that:

(i)     it is over-broad and unduly burdensome;
(ii)    it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;
(iii)   calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;
(iv)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;
(v)     it is vague and ambiguous and does not describe with particularity the matters on which examination is requested;
(vi)    it is premature because discovery is not complete;
(vii)   it calls for testimony on matters as to which California's current knowledge is limited by the extent of defendants' compliance with California's discovery demands, and defendants have not fully responded to discovery; and
(viii)  it calls for deposition testimony on a subject protected by the work product doctrine, and as materials developed in anticipation of litigation.

Topic 64

"The dates, facts and circumstances describing when and how California learned of the fraud and false claims alleged in the Complaint."

California objects to this topic in its entirety on the grounds that:

(i)     it is over-broad and unduly burdensome;

(ii)    it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)   calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)    it is vague and ambiguous and does not describe with particularity the matters on which examination is requested;

(v)     it is premature because discovery is not complete;

(vi)    it improperly couches matters better addressed through a contention interrogatory than as a topic for a Rule 30(b)(6) deposition;

(vii)   it calls for deposition testimony on a subject protected by the joint prosecution privilege, the attorney-client privilege, and protected as confidential communications between parties with a common interest; and

(viii)  it calls for deposition testimony on a subject protected by the work product doctrine, the law enforcement investigatory privilege, and as materials developed in anticipation of litigation.

<u>Topic 65</u>

"How and when California learned of the facts underlying the allegations in paragraphs 49 through 176 of the Complaint."

California objects to this topic in its entirety on the grounds that:

(i)     it is over-broad and unduly burdensome;

(ii)    it is an inappropriate and unworkable attempt to hold a mini-trial under the guise of a Rule 30(b)(6) deposition;

(iii)   calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iv)    it is vague and ambiguous and does not describe with particularity the matters on which examination is requested;

(v)     it is premature because discovery is not complete;

(vi)    it calls for deposition testimony on a subject protected by the joint prosecution privilege, the attorney-client privilege, and protected as confidential communications between parties with a common interest; and

(vii)   it calls for deposition testimony on a subject protected by the work product doctrine, the law enforcement investigatory privilege, and as materials developed in anticipation of litigation.

<u>Topic 66</u>

"The extensions of time to intervene in this action which were granted to California, including but not limited to the reasons given for the delay, the number of extensions granted, the legal bases for those extensions, and California's conduct of its investigation into the allegations in the Ven-A-Care Qui Tam Complaint."

California objects to this topic in its entirety on the grounds that:

(i)     it is over-broad and unduly burdensome;

(ii)    calls for deposition testimony concerning questions of law and is not an appropriate topic for a Rule 30(b)(6) deposition;

(iii)   it is vague and ambiguous and does not describe with particularity the matters on which examination is requested;

(iv)    it calls for deposition testimony on a subject protected by the joint prosecution privilege, the attorney-client privilege, and protected as confidential communications between parties with a common interest; and

(v)     it calls for deposition testimony on a subject protected by the work product doctrine, the law enforcement investigatory privilege, and as materials developed in anticipation of litigation.

## B. Topics to which California objects in part:

### Topic 18

"Any guidance, instruction, or requests communicated by California to any of the Remaining Defendants concerning how to establish published and list prices."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal; and

(ii)    it is over-broad and unduly burdensome because no time period is defined.

### Topic 19

"Any guidance, instruction, or requests communicated by California to any of the Remaining Defendants regarding marketing the spread."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered,

exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal; and

(ii)     it is over-broad and unduly burdensome because no time period is defined.

## Topic 20

"The continued use of AWP, WAC, and other Pricing data as means for reimbursement to Medi-Cal Providers."

California objects to this topic in part on the grounds that:

(i)      it is over-broad and unduly burdensome because no time period is defined; and

(ii)     it is vague and ambiguous, and does not describe with particularity the matters on which examination is requested, regarding the phrase "the continued use."

## Topic 21

"Any survey, study, report, or like document, concerning the acquisition costs of pharmaceuticals, including but not limited to the Myers and Stauffer LC survey alleged in paragraph 41 of the Complaint."

California objects to this topic in part on the grounds that:

(i)      it is over-broad and unduly burdensome because no time period is defined; and

(ii)     it is vague and ambiguous, and does not describe with particularity the matters on which examination is requested, regarding the phrase "pharmaceuticals."

## Topic 22

"Any survey, study, report, or like document, concerning the cost to Providers to dispense pharmaceuticals."

California objects to this topic in part on the grounds that:

(i)      it is over-broad and unduly burdensome because no time period is defined; and

(ii)     it is vague and ambiguous, and does not describe with particularity the matters on which examination is requested, regarding the phrase "pharmaceuticals."

## Topic 23

"California's knowledge of actual acquisition costs for the Subject Drugs for any Provider, including but not limited to, pharmacies, physicians, wholesalers, PBMs, drug purchasing pools, or the state itself."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal. No designee at DHCS could possibly testify under Rule 30(b)(6) for "the state itself" as to the matters described in Topic 23; and

(ii)    it is over-broad and unduly burdensome because no time period is defined.

Topic 24

"All attempts by California to ascertain Providers' actual acquisition costs for any prescription drugs reimbursed by the state Medicaid program."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal; and

(ii)    it is over-broad and unduly burdensome because no time period is defined.

Topic 25

"Communications between California and Providers regarding reimbursement for acquiring, dispensing, or administering the Subject Drugs."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than

DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal; and

(ii)     it is over-broad and unduly burdensome because no time period is defined.

Topic 26

"California's administration or oversight of Medi-Cal, including but not limited to:

a.      The utilization of Subject Drugs by patients covered by the Medi-Cal;
b.      Your efforts to reduce or limit expenditures for Subject Drugs;
c.      Information provided to or received from the federal government in connection with Medi-Cal relating to prescription drug pricing or dispensing fees;
d.      Payments made by state or other entities, such as local agencies, to providers in connection with Medi-Cal;
e.      Payments from the state to other entities, such as local agencies, in connection with Medi-Cal; and
f.      The state budgetary source of the money used by California to make payments in connection with Medi-Cal."

California objects to this topic in part on the grounds that:

(i)      the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)     it is over-broad and unduly burdensome because no time period is defined; and

(iii)    it is over-broad and unduly burdensome because it requires DHCS to testify regarding "payments made by . . . other entities, such as local agencies, to providers in connection with Medi-Cal." It is unreasonable to expect DHCS to have any knowledge of matters under the purview of "other entities, such as local agencies," a phrase itself infected by vagueness, ambiguity and a lack of requisite particularity.

Topic 27

"The manner in which funds paid to California by the United States of America, or any Federal Agency, pursuant to 42 U.S.C. § 1396b, are applied for, calculated, received, processed, and allocated or distributed by California."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal; and

(ii)    it is over-broad and unduly burdensome because no time period is defined.

## Topic 28

"The administration of reimbursement to providers for any Subject Drug in connection with Medi-Cal, including but not limited to:

a.    The manner in which claims for reimbursement of Subject Drugs are submitted and verified;

b.    Calculation, monitoring, processing, and payment of claims for reimbursement to providers for Subject Drugs under Medi-Cal during the Relevant Period;

c.    California' s negotiation, authoring, or execution of any contract or memorandum of understanding or agreement , or contribution to any contract or memorandum of understanding or agreement , between California and any Provider relating to AWP or WAC or the reimbursement of prescription drugs;

d.    California' s establishment, consideration, determination, calculation , or setting of the dispensing fees or fees for other professional services payable in connection with the supply or administration of pharmacy-dispensed and physician administered drugs;

e.    All reports, meetings and other information relating to any analysis by California of any change to the reimbursement formula (including dispensing fee) under Medicaid for the Subject Drugs and California ' s adoption, rejection, or consideration of such proposal;

f.    The circumstances surrounding each change or discussion of a potential change in Medi-Cal reimbursement rates;

g.    California's use or consideration of any Pricing data provided to the state directly by any drug manufacturer, including how or if such information has been used, relied upon, referenced, or considered in evaluating, revising, or setting payments to Providers under Medi-Cal."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of

California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal; and

(ii)    it is over-broad and unduly burdensome because no time period is defined.

## Topic 29

"California's adoption, rejection, or consideration of recommendations and information related to AWP, WAC, or other Pricing data, received from any other state, the federal government or any agency of the foregoing."

California objects to this topic in part on the grounds that:

(i)    the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal; and

(ii)    it is over-broad and unduly burdensome because no time period is defined.

## Topic 30

"During the Relevant Period, the organizational structure of Medi-Cal, including but not limited to identifying which individuals held what positions, how long the individuals held those positions, and what were the job duties of those position."

California objects to this topic on the grounds that:

(i)    it is over-broad and unduly burdensome, in that DHCS employs thousands of employees and it is unreasonable to expect a designee or designees to testify to Topic 30 under such circumstances; and

(ii)    it is vague and ambiguous and does not describe with particularity the matters on which examination is requested, in that DHCS employs thousands of employees, and it is unreasonable to expect a designee or designees to testify to Topic 30 under such circumstances.

Topic 31

"State Medicaid plan provisions and state Medicaid plan amendments relating to prescription drugs and the process by which such plan amendments are approved, amended, and implemented."

California objects to this topic in part on the grounds that:

(i)     it is over-broad and unduly burdensome because no time period is defined.

Topic 32

"The establishment, nature, and purpose of the state's MAIC program, including but not limited to the drugs that were subject to MAIC reimbursement, the procedure for selecting which drugs would be subject to MAIC reimbursement, the procedure for setting and changing MAICs, the criteria and information used to establish and change MAICs, and the changes to the MAIC program that were considered or implemented over time."

California objects to this topic in part on the grounds that:

(i)     it is over-broad and unduly burdensome because no time period is defined.

Topic 33

"Communications between Medi-Cal and any member of the state legislature or representative of the governor concerning reimbursement rates for prescription drugs. "

California objects to this topic in part on the grounds that:

(i)     it is over-broad and unduly burdensome because no time period is defined; and
(ii)    it is vague and ambiguous, and some of the communications conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged on deliberative process and/or other grounds.

Topic 34

"Communications between Medi -Cal and Congress, Federal Agencies, or any other agency or entity concerning implementation of the FUL regulations."

California objects to this topic in part on the grounds that:

(i)     it is over-broad and unduly burdensome because no time period is defined;
(ii)    it is vague and ambiguous, and some of the communications conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged on deliberative process and/or other grounds as to that portion of the Topic referring to "any other agency or entity;" and

(iii)    it is duplicative of and cumulative to completed discovery responses (see, e.g., Plaintiff's response and supplemental response to Defendants' Interrogatory 34).

<u>Topic 35</u>

"Any pending or threatened litigation, claims, allegations, or charges that Medi-Cal is not in compliance with Federal or state law or otherwise violates Federal or state law."

California objects to this topic in part on the grounds that:

(i)    it is over-broad and unduly burdensome because no time period is defined;

(ii)    it is over-broad and unduly burdensome because it is inappropriately expansive to require a Rule 30(b)(6) designee to testify on such matters other than litigation specifically involving pharmaceutical manufacturer drug pricing. DHCS is routinely involved in litigation alleging all manner of statutory or regulatory violations which have no conceivable connection to defendants' alleged fraudulent conduct in this case, and DHCS objects to producing a designee to testify to matters beyond the limitations stated in this objection; and

(iii)    it is vague and ambiguous, and some of the communications conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged on deliberative process and/or other grounds as to that portion of the Topic referring to "any other agency or entity."

<u>Topic 36</u>

"Any audits or compliance efforts California made to ensure that Providers were in compliance with their obligations to report usual and customary charges pursuant to 42 C.F.R. § 512(b)(2), or any applicable state regulation. "

California objects to this topic in part on the grounds that:

(i)    it is vague and ambiguous in that no such regulation exists. To the extent defendants intend the Topic to refer to 42 C.F.R. § 447.512(b)(2), plaintiffs object that no such provider audit or provider compliance requirement is stated in 42 C.F.R. § 447.512(b)(2), and therefore no Rule 30(b)(6) designee could be produced by plaintiff;

(ii)    the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal; and

(iii)    it is over-broad and unduly burdensome because no time period is defined.

Topic 37

"Communications between California and other states or Federal Agencies concerning the reimbursement of prescription drugs under Medicaid."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)    it is over-broad and unduly burdensome because no time period is defined; and

(iii)   it is vague and ambiguous and does not describe with particularity the matters on which examination is requested.

Topic 38

"Communications, arrangements, contracts or other Documents reflecting a relationship between California and any Publisher regarding the purchase of or access to information regarding prescription drug pricing."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)    it is over-broad and unduly burdensome because no time period is defined; and

(iii)   it is vague and ambiguous as to the phrase "reflecting a relationship between California and any Publisher" and therefore does not describe with particularity the matters on which examination is requested.

Topic 39

"California's receipt, knowledge, review, adoption, or rejection of government surveys, studies, reports, audits, instructions, and recommendations concerning: (a) Medicaid reimbursement; (b) Medicare reimbursement; (c) the use of AWP and other Pricing data as the basis for Medicaid reimbursement; and (d) Provider's acquisition costs for pharmaceutical products."

California objects to this topic in part on the grounds that:

(i)      the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal; and

(ii)     it is over-broad and unduly burdensome because no time period is defined.

Topic 40

"The following topics concerning the Medicaid Drug Rebate Program: (a) the purpose and creation of the Medicaid Drug Rebate Program; (b) the prices used in determining Medicaid Rebates; (c) information provided by drug manufacturers; (d) determinations of Medicaid Rebate amounts; (e) invoices for Medicaid Rebates sent by or on behalf of California to any Remaining Defendant; (f) Communications between California and CMS concerning Medicaid Rebates; (g) Communications between any defendant and California concerning Medicaid Rebates; and (h) the terms of the agreements entered into by the Remaining Defendants in connection with the Medicaid Drug Rebate Program."

California objects to this topic in part on the grounds that:

(i)      the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)     it is over-broad and unduly burdensome because no time period is defined; and

(iii)     to the extent the Medicaid Drug Rebate Program was created by the federal government, it is unreasonable to expect or require that DHCS produce a designee to testify regarding the purpose of the Rebate Program's creation.

Topic 41

"The following topics concerning any California supplemental rebate program: (a) the purpose and creation of the supplemental rebate program; (b) the criteria used to select the drugs for which supplemental rebates would be required; (c) the prices used in determining supplemental rebates; (d) information provided by drug manufacturers; (e) negotiations with drug manufacturers; (f) determinations of supplemental rebate amounts; (g) invoices for supplemental rebates sent by or on behalf of California to any Remaining Defendant; (h) Communications between California and any defendant concerning supplemental rebates; (i) analyses performed by California or on California's behalf concerning implementation of a supplemental rebate program; and (j) the terms of any supplemental rebate agreements entered into by any of the Remaining Defendants."

California objects to this topic in part on the grounds that:

(i)      the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)     it is over-broad and unduly burdensome because no time period is defined; and

(iii)    Some of the communications conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants.

Topic 42

"California's knowledge and understanding of the calculation of AMP from the unit rebate amount ("URA") supplied to California by CMS pursuant to the Medicaid Drug Rebate Program."

California objects to this topic in part on the grounds that:

(i)    the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)    it is over-broad and unduly burdensome because no time period is defined; and

(iii)    some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants.

## Topic 43

"Any actual calculation or approximation of AMP from URA."

California objects to this topic in part on the grounds that:

(i)    it is over-broad and unduly burdensome because no time period is defined;

(ii)    it is vague and ambiguous and does not describe with particularity the matters on which examination is requested; and

(iii)    some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants.

## Topic 44

"Any analysis of AMP or URA, or proposed or actual use of AMP or URA, connection (sic) with reimbursement under Medi-Cal."

California objects to this topic in part on the grounds that:

(i)    it is over-broad and unduly burdensome because no time period is defined; and

(ii)    some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants.

Topic 45

"Any comparison performed by California or on California's behalf between URA or AMP and any other price."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)    it is over-broad and unduly burdensome because no time period is defined; and

(iii)   some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants.

Topic 46

"Communications between California and CMS concerning AMP."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)    it is over-broad and unduly burdensome because no time period is defined;

(iii)   some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which

Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants; and

(iv)     it is vague and ambiguous as to the phrases "Communications between" and "concerning AMP" and does not describe with particularity the matters on which examination is requested.

Topic 47

"Communications between California and CMS concerning URA."

California objects to this topic in part on the grounds that:

(i)      the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)     it is over-broad and unduly burdensome because no time period is defined;

(iii)    some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants; and

(iv)     it is vague and ambiguous as to the phrases "Communications between" and "concerning URA" and does not describe with particularity the matters on which examination is requested.

Topic 48

"Communications between California and any defendant concerning AMP."

California objects to this topic in part on the grounds that:

(i)      the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in

response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)    it is over-broad and unduly burdensome because no time period is defined;

(iii)    some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants; and

(iv)    it is vague and ambiguous as to the phrases "Communications between" and "concerning AMP" and does not describe with particularity the matters on which examination is requested.

## Topic 49

"Communications between California and any defendant concerning URA."

California objects to this topic in part on the grounds that:

(i)    the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)    it is over-broad and unduly burdensome because no time period is defined;

(iii)    some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants; and

(iv)    it is vague and ambiguous as to the phrases "Communications between" and "concerning URA" and does not describe with particularity the matters on which examination is requested.

## Topic 50

"Communications between California (or entity acting on California's behalf) and any drug manufacturer, Provider, Provider association, government agency, or Person regarding AMP."

California objects to this topic in part on the grounds that:

(i)      the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)     it is over-broad and unduly burdensome because no time period is defined, and because the phrase "any . . . person" imposes an impossible burden on the designee regarding the undefinable extent and range and types of conversations he or she would be expected to testify about;

(iii)    some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants; and

(iv)    it is vague and ambiguous as to the phrases "Communications between," and "regarding AMP" and does not describe with particularity the matters on which examination is requested.

## Topic 51

"California's receipt, use, knowledge, understanding, and discussion of AMP information from CMS."

California objects to this topic in part on the grounds that:

(i)      the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)     it is over-broad and unduly burdensome because no time period is defined;

(iii)    some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants; and

(iv)    it is vague and ambiguous as to the phrase "discussion of AMP" and therefore does not describe with particularity the matters on which examination is requested.

Topic 52

"California's receipt, use, knowledge , understanding, and discussion of URA information from CMS."

California objects to this topic in part on the grounds that:

(i)    the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)    it is over-broad and unduly burdensome because no time period is defined;

(iii)    some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants; and

(iv)    it is vague and ambiguous as to the phrase "discussion of URA" and therefore does not describe with particularity the matters on which examination is requested.

Topic 53

'California's receipt, use, knowledge, understanding, and discussion of AMP information from any defendant."

California objects to this topic in part on the grounds that:

(i)    the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in

response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)    it is over-broad and unduly burdensome because no time period is defined;

(iii)    some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants; and

(iv)    it is vague and ambiguous as to the phrase "discussion of AMP" and therefore does not describe with particularity the matters on which examination is requested.

## Topic 55

"The manner in which federal matching funds are applied for, calculated, received, processed, and allocated or distributed to California."

California objects to this topic in part on the grounds that:

(i)    the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)    it is over-broad and unduly burdensome because no time period is defined' and

(iii)    it is over-broad and unduly burdensome because it implicates components of the Medicaid program with no conceivable relationship to drug reimbursement and the allegedly fraudulent conduct of defendants in setting and reporting prices for their drugs, and therefore fails to describe with reasonable particularity the matters on which DHCS's designee is expected to be prepared to testify.

## Topic 56

"The manner in which rebates under the Medicaid Drug Rebate Program or any supplemental rebate program are calculated, received, processed, allocated, or distributed."

California objects to this topic in part on the grounds that:

(i)    it is over-broad and unduly burdensome because no time period is defined; and

(ii)    some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or

otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants.

Topic 57

"Communications between California and any defendant regarding AWP, WAC, Medicaid Rebates, supplemental rebates, drug prices, sales or marketing practices, Medi-Cal, or any allegation in the Complaint."

California objects to this topic in part on the grounds that:

(i)      the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)     it is over-broad and unduly burdensome because no time period is defined;

(iii)    some of the responsive testimony conceivably implicated in this Topic, depending on the questions directed at the designee, may be objectionable as privileged or otherwise non-discloseable because to discuss them would violate proprietary commercial or trade secret information as to particular manufacturers which Medi-Cal is required to protect. This statement does not apply to the extent questioning is confined to matters involving the Remaining Defendants; and

(iv)    it is over-broad, vague and ambiguous as to the phrases "Communications between" and "regarding AWP, WAC, Medicaid Rebates, supplemental rebates, drug prices, sales or marketing practices , Medi-Cal, or any allegation in the Complaint, " and therefore does not describe with particularity the matters on which examination is requested.

Topic 60

"Medi-Cal's definition of usual and customary charge, usual and customary billed charge, or any variation of the term for the amount submitted with a claim by the Provider to Medi-Cal (the 'Usual and Customary Charge'), and how and why that definition has changed."

California objects to this topic in part on the grounds that:

(i)      it is over-broad and unduly burdensome because no time period is defined.

Topic 61

>"Communications with Providers regarding Medi-Cal's definition of the Usual and Customary Charge, including any guidance or instruction to providers regarding how to determine the Usual and Customary Charge submitted with a claim by the Provider to Medi-Cal."

California objects to this topic in part on the grounds that:

(i)     it is over-broad and unduly burdensome because no time period is defined.

Topic 62

>"Efforts made by California to encourage Providers to dispense or administer generic drugs and any actual or projected savings attributed to such efforts."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal;

(ii)    it is over-broad and unduly burdensome because no time period is defined;

(iii)   it is vague and ambiguous as to the phrases "Efforts made by California to encourage Providers" and "attributed to such efforts" and therefore does not describe with particularity the matters on which examination is requested; and

(iv)    it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Topic 67

>"California's retention, destruction and public disclosure policies regarding Documents and California's compliance with those policies."

California objects to this topic in part on the grounds that:

(i)     the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than

DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal; and

(ii) it is over-broad and unduly burdensome because no time period is defined.

Topic 68

"California's computer systems, networks, or databases that might store or contain Documents, data, and Communications, including but not limited to e-mail, responsive to Defendants' First Set of Request for Production to Plaintiff State of California, served on October 4, 2007."

California objects to this topic in part on the grounds that:

(i) the use of the word "California" therein implies a demand by the Remaining Defendants that a designee testify on behalf of "the State." The First Amended Complaint In Intervention alleges injury to the fee-for-service component of California's Medicaid program, known as Medi-Cal. Medi-Cal is administered, exclusively, by the California Department of Health Care Services (DHCS). California objects to producing any designees from any state entity other than DHCS. To the extent that any of the topics listed in the August 19, 2008 letter are suitable Rule 30(b)(6) topics, there are no individuals suitable for designation in response thereto other than DHCS officials, who can testify under Rule 30(b)(6) on behalf of DHCS and Medi-Cal.

Sincerely,

Nicholas N. Paul
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud and Elder Abuse

For    EDMUND G. BROWN JR.
Attorney General

cc:    Janet Alexander (DHCS)
Brian L. Bank
Daniel J. Bennett
Lara A. Berwanger
Jim Breen
John P. Bueker
Catherine S. Gratton
David Zlotnick