# EXHIBIT F

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NEW YORK 10178**

(212) 808-7800

WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

PHILIP D. ROBBEN
DIRECT LINE: (212) 808-7726
EMAIL: probben@kelleydrye.com

October 14, 2008

VIA E-MAIL

Nicholas N. Paul, Esq.
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud & Elder Abuse
Office of the Attorney General
1455 Frazee Road, Suite 315
San Diego, California 92108-4304

      Re:    *State of California ex rel. Ven-A-Care v. Abbott Laboratories, Inc., et al.*,
              Case No. 1:03-cv-11226-PBS (MDL 1456)

Dear Nick:

      I am writing on behalf of Mylan, Dey, Schering-Plough, Warrick, and Sandoz ("Defendants") in response to those portions of your September 30 letter concerning California's objections to certain of Defendants' Rule 30(b)(6) deposition topics.

**Topics 1-17 and 63**

      Defendants continue to believe that these topics are appropriate for a Rule 30(6)(b) deposition because each seeks testimony concerning the central allegations of fact made in the First Amended Complaint (the "Complaint"). The cases cited in your letter are off point. None of those cases stand for the proposition that a litigant is prevented from discovering facts merely because they are held by a government investigator or attorney. Indeed, the law is to the contrary. *See, e.g., S.E.C. v. Buntrock*, 217 F.R.D. 441, 444 (N.D. Ill. 2003) (distinguishing between 30(b)(6) notices seeking the results of an attorney-conducted and directed law-enforcement investigation from notices seeking the factual bases of a complaint); *F.D.I.C. v. Butcher*, 116 F.R.D. 196 (E.D. Tenn. 1986) (holding that certain "six-part memoranda" prepared by F.D.I.C. loan investigators were protected work-product, but the facts contained therein should be extracted and used to prepare 30(b)(6) designees).

**KELLEY DRYE & WARREN** LLP

Nicholas N. Paul, Esq.
October 14, 2008
Page 2

    It is not Defendants' goal to obtain work product regarding the processes and procedures of California attorneys or investigators. Rather, Defendants' Rule 30(b)(6) topics seek the factual underpinnings of California's the allegations. To the extent that Defendants' questions of California's 30(b)(6) designee on Topics 1-17 and 63 would inadvertently call for the disclosure of protected work product or privileged material, the remedy is for California's counsel to make the appropriate objection or instruction in the context of the deposition. We know of no authority which supports a preemptive refusal to designate a Rule 30(b)(6) witness merely because a privilege issue may arise during questioning.

    Moreover, although attorneys in your office may be the most knowledgeable about the facts and circumstances that purportedly support the allegations of the Complaint, the facts sought can be readily supplied by a non-attorney working for Medi-Cal. *See, e.g., Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267 (D. Neb. 1989) (holding that an accountant who deals with reinsurance issues on an everyday basis is a reasonable 30(b)(6) deponent to testify to the facts upon which her employer relied when it made allegations of negligent reinsurance practices). An employee who deals with Medicaid reimbursement and other Medicaid issues on a daily basis can be prepared to have the necessary understanding of the factual basis of California's claims and to respond to questions concerning those claims. *See Protective Nat'l Ins.*, 137 F.R.D. at 283.

**Topics 64-66**

    Defendants also continue to press for a witness as to Topics 64 through 66. Topics 64 and 65 seek a witness to testify about when and how California learned of the fraud and false claims alleged in the Complaint. Topic 66 seeks a witness to testify concerning the extensions of time to intervene that were granted to California before this action was unsealed.

    As with Topics 1-17 and 63, these topics are completely appropriate for a Rule 30(b)(6) deposition. First, once again, Defendants only seek to discover facts, not protected work product or privileged information. Second, there is no question that this material is discoverable as these facts are relevant to, among other things, statute of limitations issues in this case and the causation and materiality elements of your causes of action.. Finally, as discussed above, to the extent questioning on these topics could reveal privileged information, or work product, the appropriate means of dealing with that concern is for California's counsel to interpose the appropriate objections and instructions at the deposition on a question-by-question basis.

**KELLEY DRYE & WARREN LLP**

Nicholas N. Paul, Esq.
October 14, 2008
Page 3

**Topics 58 and 59 (Ven-A-Care)**

Defendants appreciate your effort to craft a mutually agreeable revision of Topics 58 and 59. However, the alternatives you propose are too narrow. Defendants are agreeable to narrowing Topics 58 and 59 to cover only those communications California had with Ven-A-Care and its representatives (or those presentations made to others that California has knowledge of, by reason of attendance or otherwise). Defendants' issue with your proposed alternatives, however, is that they limit the scope to DHCS/DHS. This limitation on the scope of Topics 58 and 59 would fail to cover, for example, the March 1998 presentation by Ven-A-Care to NAMFCU that was attended by a representative of the California Department of Justice. We see no justification, and California has not offered one, for this type of arbitrary exclusion. As such, Defendants, subject to the limitation and of scope noted above, continue to seek a witness who can testify on behalf of the California (including DHCS/DHS) as to Topics 58 and 59

**California-Specific Witness/Time Period**

As your letter states, during our September 24 meet and confer we did discuss the issues of time frame and whether a California-specific witness was required. Since that time, Defendants have given consideration to California's objections on these issues. As discussed previously, Defendants are willing to defer issue of California-specific designees until a later time. While we already know there are topics where we want a witness who can speak for more than DHCS/DHS – *i.e.*, Topics 58 and 59 – we think it would be more efficient to proceed for now with DHCS/DHS witnesses and revisit this issue, if necessary, further down the road.

As for the temporal issue, we think it makes sense to address it now. Without any waiver at this point, Defendants think that pre-1994 testimony is critical for the following topics: 17-18, 21-24, 26, 28(b), 28(d), 28(e), 28(f), 28(g), 29, 32-34, 37, 39-42, 44-47, 50-54, and 56-57. Each of these topics covers an issue which cannot, for a variety of reasons, be fully explored without testimony concerning the pre-1994 period. If California is willing to designate witnesses to testify concerning the pre-1994 period as it relates to these topics, Defendants will be willing to forego pre-1994 testimony as to the other topics.

**KELLEY DRYE & WARREN** LLP

Nicholas N. Paul, Esq.
October 14, 2008
Page 4

*          *          *

Please let me know if you would like to discuss any of the foregoing issues.

Very truly yours,

Philip D. Robben

PDR/dd

cc:     All Counsel of Record (via LNFS)