# EXHIBIT G

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

| WASHINGTON, DC | **101 PARK AVENUE** | FACSIMILE |
| CHICAGO, IL | **NEW YORK, NEW YORK 10178** | (212) 808-7897 |
| STAMFORD, CT | | www.kelleydrye.com |
| PARSIPPANY, NJ | (212) 808-7800 | |
| BRUSSELS, BELGIUM | | PHILIP D. ROBBEN |
| | | DIRECT LINE: (212) 808-7726 |
| AFFILIATE OFFICES | | EMAIL: probben@kelleydrye.com |
| MUMBAI, INDIA | | |

March 10, 2009

**VIA E-MAIL**

Nicholas N. Paul, Esq.
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud & Elder Abuse
Office of the Attorney General
1455 Frazee Road, Suite 315
San Diego, California  92108-4304

    Re: *State of California ex rel. Ven-A-Care v. Abbott Laboratories, Inc., et al.*
       Case No. 1:03-cv-11226-PBS (MDL 1456)

Dear Nick:

    I write on behalf of Dey, Mylan, Warrick, Schering, and Sandoz (collectively, "Defendants") to request additional dates for the continued deposition of Kevin Gorospe as 30(b)(6) designee of the California Department of Health Care Services and the California Department of Health Services (collectively, "DHCS/DHS").  You have designated Mr. Gorospe to testify on 32 of the 68 topics Defendants requested in my August 18, 2008 letter.  Many of these topics deal with core issues in this action – such as the Medi-Cal program's pharmacy reimbursement policies – but Defendants in this action have had, to date, less than 3 hours to question Mr. Gorospe in his 30(b)(6) capacity.  Defendants request that you provide dates in the last two weeks of May to continue Mr. Gorospe's deposition.

    I also note that there are a number of unresolved issues regarding the requested topics in my August 18, 2008 letter.  First, it is my understanding that California continues to object completely to producing a 30(b)(6) witness to testify on the following topics:

- Topics 1-17 and 63 (seeking testimony concerning the central factual allegations in California's complaint)

- Topics 64-66 (seeking testimony concerning when and how California first learned of the alleged fraudulent conduct at issue in the complaint,

**KELLEY DRYE & WARREN LLP**

Nicholas N. Paul, Esq.
March 10, 2009
Page Two

      and the seven-year delay between the filing of the original sealed *qui tam* complaint and California's complaint in intervention)

For the reasons set forth in my October 14, 2008 letter, Defendants maintain that these topics are entirely appropriate for 30(b)(6) deposition testimony and that your objections to them are meritless.  Moreover, at the February 12 status conference, Judge Saris, in discussing the motion you had filed to compel 30(b)(6) testimony from Sandoz, indicated that she believes 30(b)(6) topics are proper even where they go to ultimate issues of fact or resemble contention type interrogatories.  (*See* Hear'g Tr. at 43-46 (Feb. 12, 2009).)  The Court's statements that 30(b)(6) testimony should proceed unless previous testimony covered the topic weigh against California's objections to similar topics regarding the factual bases for certain allegations by and contentions of California.  Under Case Management Order 31, if you object to any aspect of our requested 30(b)(6) topics, it is your obligation to move for a protective order within 30 days of receipt of our initial request.  If you have reconsidered your position regarding all or some of these topics, please provide us with names of witnesses and proposed dates.  If not, please file your motion so that we can resolve this matter promptly.

   As to Topics 58 and 59, we cannot accept your proposed limitations to these topics for the reasons set forth in my October 14, 2008 letter.  We have received no formal response to our counterproposal limiting these topics to communications California had with Ven-A-Care and its representatives or presentations made to others that California has knowledge of, by reason of attendance or otherwise.  If our proposal is acceptable to you, please provide us with names of witnesses who can testify on these topics and propose dates for their depositions.  If not, please file your motion promptly.

   Defendants also maintain that pre-1994 testimony is critical for Topics 17-18, 21-24, 26, 28(b), (d)-(g), 29, 32-34, 37, 39-42, 44-47, 50-54, and 56-57 and – as offered in my October 14, 2008 letter – would be willing to forgo pre-1994 testimony on other our other requested Topics if California designated witnesses who could offer pre-1994 testimony on these topics.  Again, we have received no formal response to our offer.  If our offer is acceptable to you, please provide us with witness names and dates.  If not, please file your motion promptly.

   Finally, with the exception of Topics 58 and 59 and without waiver of any rights, we are still willing to proceed with witnesses who are designated to testify solely on behalf of DHCS/DHS at this point.  However, we are still considering this issue as to some topics and may revisit it at a later date if we deem it necessary to seek testimony that is binding on the state as a whole.

**KELLEY DRYE & WARREN LLP**

Nicholas N. Paul, Esq.
March 10, 2009
Page Three

I look forward to hearing from you soon on these matters.

Very truly yours,

Philip D. Robben

cc:   All Counsel of Record (via e-mail)