# EXHIBIT H





**BMFEA**
*Bureau of Medi-Cal Fraud & Elder Abuse*
State of California Department of Justice

Office of Attorney General
Edmund G. Brown Jr.

Bureau of
Medi-Cal Fraud
and Elder Abuse

1455 Frazee Road
Suite 315
San Diego, CA
92108-4304

Telephone: (619) 688-6099
Facsimile: (619) 688-4200

March 23, 2009

VIA EMAIL & U.S. MAIL

Philip D. Robben
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York  10178

RE:   *State of California, ex rel. Ven-A-Care v. Abbott Laboratories, Inc., et al.*
      Case No. 03-cv-11226-PBS (MDL 1456)

Dear Philip:

Thank you for your letter of March 10, 2009, regarding the resolution of outstanding issues involving Defendants' Rule 30(b)(6) depositions as sought of California. In response to your letter, and as discussed during our conference call earlier today, Kevin Gorospe is available on May 28, 2009, for his continued Rule 30(b)(6) deposition. That is the only date on which he is available between May 11 and May 29. I understand counsel for Defendants will let us know if that date works, or if you would like alternate dates in early May or June.

Regarding our discussion on the topics to which California has objected in their entirety, we withdraw our objections concerning Topic 17, and will produce Dr. Gorospe to testify on that topic.

Regarding "pre-1994" testimony for the topics listed in your March 10 letter (17-18, 21-24, 26, 28(b), (d)-(g), 29, 32-34, 37, 39-42, 44-47, 50-54, and 56-57), our understanding - as we discussed earlier today - is that we generally assume this request refers to the 1988-1994 period. John Bueker qualified that assumption by pointing out there may be instances of pre-1988 events or documents on which Defendants believe they need testimony, citing a 1985 HCFA report. Despite the written objections stated in my September 16, 2008 letter to Philip, we have not actually acted to block (nor objected on the record to) any "pre-1994" questioning in the eight Rule 30(b)(6) depositions conducted to date (except possibly during the Cindy Walton deposition). I am also not under the impression that Defendants felt they were required or obligated to confine their questioning in the depositions thus far conducted to "1994 and later." In any event, as a practical matter this implicates a period of time between 15 (1994) and 24 (1985) years in the past, and it may be impossible to produce a Rule 30(b)(6) witness capable of answering all or some questions on some or most of the enumerated topics as to matters that distant in time. With that problem recognized, we will produce a designee to testify on the enumerated topics concerning the pre-1994 time period. Twelve of the topics concern areas

Philip D. Robben
March 23, 2009
Page 2

previously testified to by Craig Miller, two were addressed by Stan Rosenstein, and Kevin Gorospe provided testimony on all the others. Messrs. Miller and Rosenstein are now retired, and despite recent inquiries I have not been able to discuss this request with them. If one or both are unavailable, we will produce Dr. Gorospe for his and their topics, for the pre-1994 period.

As to topics 58 and 59, I understand Defendants deem our proposed re-wording regarding DHCS testimony as insufficient and want to know what was communicated, and when, to the California Department of Justice, as you suggested by way of a suggested or partial compromise. I stated our concerns that testimony regarding communications with Ven-A-Care - our co-plaintiff - implicate privileged matters (common interest, work product, or attorney client). I inquired whether Defendants would be interested in the alternative of interrogatories/requests for production asking for dates of communication with Ven-A-Care, and any related materials. I understand that alternative may be insufficient for your purposes, so I will include topics 58 and 59 in the motion we'll file this week, with a footnote explaining ongoing efforts between the parties to craft a compromise on those topics.

Finally, during today's call I explained that we stand on our objections to 1-16 and 63-66 (i.e., objecting to them in their entirety.) We'll get our motion filed, as I mentioned during our call, by Thursday.

Thanks for your courtesy and time today.

Sincerely,

Nicholas N. Paul
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud and Elder Abuse

For     EDMUND G. BROWN JR.
        Attorney General

cc:     John Bueker
        Daniel Bennett
        Heather McDevitt
        Lara Berwanger
        Brendan Cyr
        John Fisher
        Jim Breen