UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK 2 SETTLEMENT | MDL NO. 1456<br><br>Civil Action No. 01-cv-12257-PBS<br><br>Judge Patti B. Saris |

**CLASS PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
WITH REGARD TO MURIEL TONACCHIO DEPOSITION**

Pursuant to Fed. R. Civ. P. 26(c), Class Plaintiffs, by their undersigned counsel, respectfully move this Court to enter a protective order prohibiting Don Haviland from taking the deposition of the Class 1 representative for the Track 2 settlement, Muriel Tonacchio. As grounds for their Motion, Class Plaintiffs state as follows:

1.  On March 24, 2009, Haviland served a Notice of Deposition directed to Muriel Tonacchio. Ms. Tonacchio is one of the proposed representatives for Class 1 of the Track 2 settlement.

2.  Mr. Haviland served the Notice in connection with an objection to the Track 2 settlement filed by Haviland's clients. Haviland seeks the discovery in furtherance of his claim that Ms. Tonacchio is an inadequate and atypical class representative. Haviland seeks to have Ms. Tonacchio deemed inadequate so that his clients can replace her and Haviland can seek to replace Class Counsel as counsel for Class 1 consumers in the Track 2 settlement.

3.  The Manual for Complex Litigation explains that "[d]iscovery [by class members objecting to a settlement] should be minimal and conditioned upon a showing of need, because it will delay settlement introduce uncertainty, and might be undertaken primarily to justify an award of attorney fees to the objector's counsel." *Id.* §21.643 (4th ed. 2008). "Class members

who object to a class action settlement do not have an absolute right to discovery; the Court may, in its discretion, limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement." *In re Lupron Marketing & Sales Practices Litig.*, MDL No. 1430, 2005 U.S. Dist. LEXIS 4039, at *6 (D. Mass. Mar. 16, 2005) (Stearns, J.) (citation omitted).  "The fundamental question is whether the district judge has sufficient facts before [her] to intelligently approve or disapprove of the settlement." *Id.* (citation omitted).  "The criteria relevant to the court's decision whether or not to permit discovery are the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors." *Id.* at **6-7 (citation omitted).

4.   Here, Haviland cannot establish that the discovery he seeks will aid this Court's determination of the fairness of the Track 2 settlement.  This Court has already granted Class Plaintiffs' motion to add Ms. Tonacchio as a class representative and has, on a preliminary basis, deemed her to be adequate.

5.   District courts have considerable discretion in monitoring discovery, and, while information should be free-flowing between litigants, there are limits.  *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003).  Accordingly, upon a showing of good cause, this Court may enter a protective order either limiting or prohibiting discovery.  *See* Fed. R. Civ. P. 26(c) (upon showing of good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense.").  Good cause exists here because taking Ms. Tonacchio's deposition would not assist this Court's determination of the fairness of the settlement, and would instead allow Haviland to continue pursing his vendetta against Class Counsel at the expense of the Class.

WHEREFORE for the reasons set forth in this Motion as well as in Class Plaintiffs' accompanying Memorandum in Support of Their Motion for Protective Order With Regard to Muriel Tonacchio Deposition, this Court should enter an order granting Class Plaintiffs' Motion for a Protective Order, and all other relief that this Court deems just and appropriate.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that Class Counsel conferred with Mr. Haviland regarding the relief sought in this Motion, and attempted in good faith to resolve or narrow the issues raised herein.

DATED: March 27, 2009

By: /s/ Jennifer Fountain Connolly
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

*Liaison Counsel*

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Jeffrey Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

***Co-Lead Counsel for Plaintiffs***

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on March 27, 2009, I caused copies of ***Class Plaintiffs' Motion for Protective Order With Regard to Muriel Tonacchio Deposition*** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly