# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | Civil Action No. 01-cv-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| TRACK 2 SETTLEMENT | |

## MOTION BY PRESCRIPTION ACCESS LITIGATION, COMMUNITY CATALYST AND HEATH CARE FOR ALL TO QUASH SUBPOENAS DUCES TECUM SERVED BY DON HAVILAND

Pursuant to Fed. R. Civ. P. 26(c), Prescription Access Litigation ("PAL"), Community Catalyst, and Health Care for All ("HCFA") (collectively "the Subpoena Recipients"), by Co-Lead Counsel, respectfully move this Court to quash subpoenas duces tecum served by Don Haviland ("Haviland") on their organizations (collectively "the Subpoenas").  As grounds for their Motion, the Subpoena Recipients state as follows:

1.     Haviland served the Subpoenas on March 9.

2.     The Subpoenas were served in connection with an objection to the Track 2 settlement filed by Haviland's clients.  Haviland seeks the discovery in furtherance of his conspiracy theory that Co-Lead Counsel filed this litigation, and ignored the interests of consumers during the litigation, in order to increase *cy pres* recoveries to the Subpoena Recipients.  Haviland's conspiracy theory is baseless; he has provided no support for his allegations.  The Subpoenas are yet another act done in furtherance of Haviland's vendetta against Co-Lead Counsel.

3.     The Subpoenas are also grossly overbroad and unduly burdensome, seeking nearly every document any of the Subpoena Recipients have ever written.

4. The Manual for Complex Litigation explains that "[d]iscovery [by class members objecting to a settlement] should be minimal and conditioned upon a showing of need, because it will delay settlement introduce uncertainty, and might be undertaken primarily to justify an award of attorney fees to the objector's counsel." *Id.* § 21.643 (4th ed. 2008). "Class members who object to a class action settlement do not have an absolute right to discovery; the Court may, in its discretion, limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement." *In re Lupron Marketing & Sales Practices Litig.*, MDL No. 1430, 2005 U.S. Dist. LEXIS 4039, at *6 (D. Mass. Mar. 16, 2005) (Stearns, J.) (citation omitted). "The fundamental question is whether the district judge has sufficient facts before [her] to intelligently approve or disapprove of the settlement." *Id.* (citation omitted). "The criteria relevant to the court's decision whether or not to permit discovery are the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors." *Id.* at **6-7 (citation omitted). Here, Haviland cannot establish that the discovery he seeks will aid this Court's determination of the fairness of the Track 2 settlement.

5. District courts have considerable discretion in monitoring discovery, and, while information should be free-flowing between litigants, there are limits. *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003). Accordingly, upon a showing of good cause, this Court may enter a protective order either limiting or prohibiting discovery. *See* Fed. R. Civ. P. 26(c) (upon showing of good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."). The court's obligation to protect third parties is even more firm: Fed. R. Civ. P. 45(c)(A)(iv) "commands that a court 'shall' quash or modify a subpoena if the subpoena

'subjects a person to undue burden.'" *Heidelberg* 333 F.3d at 41.  The first step in determining whether "the burden or expense of the proposed discovery outweighs its likely benefit" within the meaning of Rule 26(b)(2)(C)(iii) is to assess the relevance and probative value of the materials sought by the subpoena. *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig*., 249 F.R.D. 8, 13 (D. Mass. 2008).

6.     Here, the Subpoenas seek wholly irrelevant information; they are likewise grossly overbroad, seeking nearly every document the Subpoena Recipients have ever authored.

WHEREFORE for the reasons set forth in the Motion by Prescription Access Litigation, Community Catalyst and Health Care for All to Quash Subpoenas Duces Tecum served by Don Haviland, this Court should enter an order quashing the Subpoenas, and all other relief that this Court deems just and appropriate.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that Co-Lead Counsel conferred with Mr. Haviland regarding the relief sought in this Motion, and attempted in good faith to resolve or narrow the issues raised herein.  Class Counsel was unable to do so.

Dated:  March 27, 2009

By: /s/ Jennifer Fountain Connolly
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
    Hagens Berman Sobol Shapiro LLP
    One Main Street, 4th Floor
    Cambridge, MA  02142
    Telephone:  (617) 482-3700
    Facsimile:  (617) 482-3003

    *Liaison Counsel*

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Jeffrey Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300
Facsimile:  (215) 496-6611

Marc H. Edelson
Edelson & Associates LLC
45 W. Court Street
Doylestown, PA  18901
Telephone:  (215) 230-8043
Facsimile:  (215) 230-8735

***Counsel for Prescription Access
Litigation, Community Catalyst, and
Health Care For All***

## <u>CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE</u>

### Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on March 27, 2009, I caused copies of ***Motion By Prescription Access Litigation, Community Catalyst and Health Care For All To Quash Subpoenas Duces Tecum Served by Don Haviland*** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly