# Exhibit C

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| In Re: Pharmaceutical Industry AWP Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  01-12257 MDL No. 1456 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To: Health Care for All
30 Winter Street, 10th Floor, Boston, MA 02108

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attached Schedule "A".

| Place: 222 Rosewood Drive, 8th Floor<br>Danvers, MA 01923 | Date and Time:<br>03/27/2009 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 3/9/09

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*
CLERK OF COURT

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Rev. David Aaronson, et al.
_____, who issues or requests this subpoena, are:

Donald E. Haviland, Jr., Esquire, The Haviland Law Firm LLC, 111 S. Independence Mall East, Suite 1000, Philadelphia, PA 19106, 215-609-4661



A True Copy Attest

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                                         *Server's signature*

                                         _____
                                                         *Printed name and title*


                                         _____
                                                         *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SUBPOENA SCHEDULE "A"

## DEFINITIONS, INSTRUCTIONS & REQUESTS

### I. DEFINITIONS

As used herein, the following terms and acronyms include the meanings set forth below:

1. The acronym "HCFA" refers to the organization known as Health Care For All (hereinafter "HCFA") and any of its predecessors, successors, subsidiaries, offices (including, but not limited to local, regional, national, executive, affiliate and/or any home office of its employees), affiliates, projects, partnerships, associations, divisions, units, branches, agents, and any present or former officers, directors, employees or agents, including HCFA's partnership with Community Catalyst. The acronym "HCFA" also includes all attorneys, accountants, advisors and all other persons or entities acting or purporting to act on HCFA's behalf.

2. The term "you" or "your" means you personally or any employee, agent, attorney or other person or entity acting on your behalf or at your request.

3. The term "entity" means an individual, corporation, partnership, proprietorship, professional corporation, association, group, agency or agent, or any other legal entity of any kind, whether for profit or not-for-profit.

4. The term "document" includes, without limitation, the originals of all writings of every kind, including, but not limited to, letters, e-mails, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents. The term "document" further includes data processing and computer printout, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film, or cassette sound and/or visual recordings and reproductions or film impressions of any of the aforementioned items. The term "document" also includes altered documents, copies of all documents which are not identical duplicates of the originals and copies of documents if the originals of documents are not in your possession, custody or control. Altered documents include, without limitation, any modifications, censorship, redaction, addition to, or change which obscures, removes, amends, changes or obliterates any part of the original language, information or meaning.

5. The term "communication" means any act, action, oral speech, written correspondence, contact, expression of words, thoughts or ideas, or transmission or exchange of data or other information to another person or entity, whether orally, person to person, in a group, by telephone, letter, personal delivery, telex, facsimile or

any other process, whether it be by electronic means or otherwise. All such communications in writing should include, without limitation, printed, typed, handwritten, electronic or other readable documents.

6. The term "relating to" or related to" includes describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on, whether legally, factually or otherwise.

7. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of this request.

8. Unless otherwise specifically stated herein, the period covered by each of these requests extends fro January 1, 1996 to the date of your response to these requests.

## II. INSTRUCTIONS

1. You are directed to produce all documents in your possession that are requested by part III below.

2. All such documents should be produced in the order in which you maintain them in the usual course of your affairs, or organized and labeled to correspond with the categories of this request.

3. You should produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be legible and bound or stapled in the same manner as the original.

4. Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these requests or if such documents are attached to documents called for by these requests and constitute routing slips, facsimile covers, transmittal memoranda or letters, comments, evaluations or similar materials. Documents attached at the time of receipt of this Subpoena and accompanying Schedule "A" or that are attached as they are kept in the usual course of your affairs should not be separated.

## III. REQUESTS FOR DOCUMENTS

1. Produce documents relating to the formation of HCFA as an entity or partner of Community Catalyst, and the formation of HCFA as a separate entity apart from Community Catalyst, including but not limited to, pre-formation consulting, memoranda of understanding, mission statements, articles of incorporation, certificates of organization, by-laws, operating agreements, minutes of all meetings (board of directors, members, stockholders, trustees, etc.), and all amendments thereto; all filings under 26 U.S.C. 501(c) along with all amendments thereto; all annual or other filings, reports, applications and/or financial or other statements required to be made by any state or federal law.

2. Produce all documents related to HCFA's association with Community Catalyst and/or Prescription Access Litigation ("PAL"), and/or members, subsidiaries, affiliates, agents, or other persons or entities acting on behalf of Community Catalyst or PAL.

3. Produce all documents related to HCFA's involvement, formal or informal, in any state or federal lawsuits including, but not limited to, involvement as "friend of the court" or through HCFA partnerships, associations, projects, subsidiaries, affiliates or coalitions, or any other entity, in which a *cy pres* or fluid recovery distribution was requested, proposed or awarded by or on behalf of HCFA or affiliated entity.

4. Produce all documents related to HCFA's involvement in this lawsuit, including the decision to participate as a plaintiff in the original Complaint filed December 2001, the decision to withdraw as plaintiff in Amended Complaint filed in July 2003, the decision to return as a proposed representative of consumers in the Track 2 settlement, and the involvement of HCFA in the negotiation or allocation of any settlement.

5. Produce all documents related to the administration by HCFA of any funds received by HCFA (or affiliated entity) by or through a *cy pres* or fluid recovery distribution from any lawsuit.

6. Produce all HCFA documents related to the issues "*cy pres*" and/or "fluid recovery", including, but not limited to: internal memoranda; policy and position statements (whether published or disseminated to any person); article and journal submissions, press releases, hearing or testimony transcripts, email, or other written documents.

7. Produce all documents related to any affiliation between HCFA and the following law firms: Hagens Berman Sobol Shapiro, LLP; Spector, Roseman, Kodroff & Willis, P.C.; Wexler Wallace, LLP, Hoffman & Edelson; Rosenfield & Rafik; and/or any of these firms' predecessors or successors, and any partner(s) thereof, including Steven Berman,

Thomas Sobol, David Nalven; Ed Notargiacomo; Jeffery Kodroff, Ken Wexler; Marc Edelson or Stephen Rosenfeld.

8. Produce all documents related to any payments of any kind (whether cash, in-kind or otherwise) made or received by PAL, to or from the following persons and/or entities: Hagens Berman Sobol Shapiro, LLP; Spector, Roseman, Kodroff & Willis, P.C.; Wexler Wallace, LLP, Hoffman & Edelson; Rosenfield & Rafik; and/or any of these firms' predecessors or successors, and any partner(s) thereof, including Steven Berman, Thomas Sobol, David Nalven; Ed Notargiacomo; Jeffery Kodroff, Ken Wexler; Marc Edelson or Stephen Rosenfeld.

9. Produce all communications or other documents relating to HCFA's involvement in the following cases, and the pursuit of *cy pres* and/or fluid recovery: Average Wholesale Price Litigation, Augmentin, Lupron, Relafen, BuSpar, Buspirone, Cardizem, Tenant Health Care Corporation, Hytrin, Lorazepam, Clorazepate, Paxil, Remeron, Taxol, Warfarin Sodium (Coumadin), Novir, Celebrex, First Databank McKesson Medispan, Ketek, Neurontin, Nexium, Oxycontin, Protonix, Provigil, Seroquel, Vioxx, and any other lawsuit in which HCFA was formally or informally involved with any of the firms or counsel listed in Request Nos. 6 and 7 above.

10. Produce all documents referring or relating to the negotiations of settlements, the allocation of settlement proceeds and/or the creation or allocation of *cy pres* or fluid recovery in this case or in *In re Lupron Marketing and Sales Practices Litig.*, MDL 1430 (D.Mass.).