```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


_____
IN RE PHARMACEUTICAL INDUSTRY      )
AVERAGE WHOLESALE PRICE            )    MDL NO. 1456
LITIGATION                         )    CIVIL ACTION NO.
_____)    01-CV-12257-PBS
                                   )
                                   )
THIS DOCUMENT RELATES TO:          )
                                   )
U.S. ex rel. Ven-A-Care of         )
the Florida Keys, Inc. v. Abbott   )
Laboratories, Inc., Civil Action   )
No. 06-11337-PBS                   )
                                   )
_____)
```

**MEMORANDUM AND ORDER RE:
DEFENDANTS' MOTION TO COMPEL RELIEF ON OUTSTANDING
DELIBERATIVE PROCESS PRIVILEGE (DOCKET ENTRY # 5810);
DEFENDANTS ABBOTT LABORATORIES, INC., DEY, INC.,
AND THE ROXANE DEFENDANTS' JOINT MOTION FOR
APPOINTMENT OF A SPECIAL MASTER
<u>(DOCKET ENTRY # 5675)</u>**

**March 30, 2009**

**BOWLER, U.S.M.J.**

    Defendants Abbott Laboratories, Inc., Dey, Inc., Dey L.P., Inc. and the Roxane defendants ("defendants") seek the appointment of a special master to conduct an in camera review of certain documents withheld by the government under the deliberative process privilege. (Docket Entry # 5675). Pursuant to Rule 53, Fed. R. Civ. P. ("Rule 53"), a special master is appointed to conduct an in camera review of the documents, described below, withheld by the government on the basis of the

deliberative process privilege and issue a report with factual findings and legal conclusions.  See Rule 53(f); see, e.g., United States v. Phillip Morris USA, Inc., 218 F.R.D. 312, 315-317 (D.D.C. 2003); Cobell v. Norton, 213 F.R.D. 1, 7-9 (D.D.C. 2003) (appointing special master to determine if documents properly withheld under deliberate process privilege); Walker v. NCNB Nat. Bank of Florida, 810 F.Supp. 11, 12 (D.D.C. 1993) (reviewing and adopting "legal conclusions and factual findings of the Special Master").

DISCUSSION

The withheld documents fall into a number of categories. The government is presently undergoing a further review of one of the categories of withheld documents ("the Carrier documents") and providing additional information on an ongoing basis to defendants.  (Docket Entry # 5847, ¶ C).  Once defendants receive and complete their review of the additional information, they may designate the documents remaining in this category for which they continue to seek production.[1]  These documents shall be included in the in camera review conducted by the special master.

The government is also ordered to re-review its files and

---

[1] The government and defendants are ordered to complete this process on or before April 9, 2009.  A failure to designate a document on a timely basis shall constitute a waiver of any objection to withholding a document in this category.

produce for in camera review before the special master the minutes of entrance and exit conferences (Docket Entry # 5813, p. 8) between the Office of the Inspector General for the Department of Health and the Center for Medicare and Medicaid Services ("CMS").  Reconsideration of the prior rulings relative to documents from the Office of Legislation and Rulemaking is denied.

In sum, the in camera review by the special master shall consist of the following documents:  (1) the 75 documents of the 184 entries in schedule one (Docket Entry # 5676, Schedule One) that the government continues to withhold; (2) the documents submitted for in camera review on December 4, 2007 and June 3, 2008; (3) the entirety of the CMS decision memorandum referenced by defendants (Docket Entry # 5867, ¶ I(C)); (4) the aforementioned minutes of entrance and exit conferences; and (5) the Carrier documents designated by defendants in accordance with the above described procedure.  The special master shall also review and adjudicate the assertion of the privilege in the 23 lines of inquiry recently designated by defendants (Docket Entry # 5867, ¶ IV) after a meet and confer process with respect to a motion to compel (Docket Entry # 5112).

The special master shall make a determination of whether all or part of a document or testimony falls within the reach of the deliberative process privilege in accordance with the law set out

by the district judge in the November 5, 2008 Order (Docket Entry # 5665) or any additional law found by the special master. The special master may also consider the concerns and comments made by the district judge at the July 24 and November 13, 2008 hearings. The report shall include a brief explanation similar to that made by the district judge in the November 5, 2008 Order (Docket Entry # 5665, pp. 17-20) or by the court in <u>General Electric Co. v. Johnson</u>, 2006 WL 2616187, * 21 (D.D.C. Sept. 12, 2006) (Tablet T-1), with respect to each withheld document or line of inquiry.

The parties shall advise this court whether they will stipulate to a review of the factual findings for clear error, <u>see</u> Rule 53(f)(3)(A), Fed. R. Civ. P., or consent to have the special master's decision "be final" as if made by the district judge or, alternatively, as if made by this court.[2] Rule 53(f)(3)(B), Fed. R. Civ. P. Any such agreement will expedite the matter. As provided for under Rule 53(a)(1)(C), the basis for appointment of the special master is to address this pretrial matter "that cannot be effectively and timely addressed" by the

---

[2] For example, a court in this district recently appointed a special master and issued an Order that he "is to decide all nondispositive pretrial motions" and that all orders on "such motions shall be as if ordered by this court." (Docket Entry # 129, Civil Action No. 07-MD-01790-JLT). A similar order would expedite the deliberative process issue in this case thereby allowing an appeal of the special master's decision as if it were made the district judge or, alternatively, as if it were made by this court.

4

district judge or by this court.  Rule 53(a)(1)(C), Fed. R. Civ. P.  Absent a stipulation or consent, review of the report shall be in accordance with Rule 53(f).  If review is under Rule 53(f), any failure to state a timely and specific objection with respect to any particular document or line of inquiry shall constitute a waiver of the objection with respect to the particular document or line of inquiry.

The parties shall jointly be responsible on a pro rata basis for the payment of the special master's compensation.  This court appoints the Honorable Allan van Gestel of JAMS as the special master.  He shall be compensated at the hourly rate of $500.  He shall be paid on a monthly basis and shall provide the parties with an itemization of fees and reasonable out of pocket expenses.  The parties shall provide the special master with the relevant filings including the March 12, 2008 Order by the district judge and Docket Entry ## 4885, 4901, 4904, 4920, 5256, 5281, 5286, 5353, 5456, 5674, 5675, 5676, 5750, 5810, 5813, 5847 and 5867.

## CONCLUSION

The motion to compel (Docket Entry # 5810) and the motion for appointment of a special master (Docket Entry # 5675) are **ALLOWED** in part and **DENIED** in part.  In accordance with the foregoing discussion, the Honorable Allan van Gestel is appointed

as the special master.

                                                    /s/ Marianne B. Bowler
                                              **MARIANNE B. BOWLER**
                                              United States Magistrate Judge