UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) Civil Action No. 01-12257-PBS ) Subcategory No. 03-10643 |
| THIS DOCUMENT RELATES TO:<br><br>   *The City of New York, et al.*<br>*v.*<br>   *Abbott Laboratories, Inc., et al.* | ) ) Judge Patti B. Saris ) ) ) ) ) |

**APRIL 2009 STATUS REPORT ON BEHALF OF
THE CITY OF NEW YORK AND NEW YORK COUNTIES**

The undersigned counsel for the City of New York and New York Counties in the above-captioned action (hereinafter "plaintiffs") hereby submit the attached Status Report for April 2009, in accordance with the Court's June 17, 2004 Procedural Order.

Dated: April 1, 2009

                                      Respectfully submitted,

                                      **City of New York and New York Counties in
MDL 1456 except Nassau and Orange, by**

                                      **KIRBY McINERNEY, LLP**
                                      825 Third Avenue
                                      New York, New York 10022
                                      (212) 371-6600

                    By:   /s/ Joanne M. Cicala_____
                            Joanne M. Cicala
                            Kathryn B. Allen

Ross B. Brooks, Esq.
MILBERG LLP
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300
*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
LEVY PHILLIPS &
KONIGSBERG, LLP
800 Third Avenue
New York, NY  10022
(212) 605-6205
*Counsel for the County of Orange*

**April 2009 Status Report on Behalf of the
City of New York and New York Counties**

**<u>Discovery</u>**

      1.  NY DOH Document Production

On February 27, 2009, plaintiffs forwarded NY DOH's final production of responsive materials to defendants.  Plaintiffs stated NY DOH will produce a privilege log on or before March 13, 2009.  Plaintiffs produced the NY DOH privilege log to defendants accordingly, and requested defendants to return or destroy certain identified privileged documents that were inadvertently produced.  On March 23, 2009, defendants objected to returning the documents identified by plaintiffs as protected by the deliberative process privilege.  In accordance with Paragraph 26 of the December 13, 2002 Protective Order (Docket # 276), defendants retained the identified documents in a sealed envelope pending resolution of the privilege issues either between the parties or the Court.  Defendants also confirmed that they destroyed all copies of one document (NYCO AWP NYDOH 08068-08069) identified as inadvertently produced and privileged as attorney-client communication.

On March 24, 2009, defendant Merck individually wrote to plaintiffs to object to plaintiffs' assertion of deliberative process privilege for certain documents identified as inadvertently produced.  Defendant Merck confirmed that they will not make use of the documents pending receipt of further information to support the asserted privilege.

      2.  Schering's Motion for a Protective Order

On August 20, 2008, Magistrate Judge Bowler granted Schering Corporation's Motion for Protective Order (Docket # 5296).  In response to the order, on September 4, 2008, plaintiffs

filed an "Objection to the August 20, 2008 ruling granting Schering Corporation's Motion for Protective Order or, In the Alternative, Plaintiffs' Request for Clarification as to What Constitutes Good Faith in Calculating Spreads Based on Weighted Averages" (Docket # 5546). Defendant Schering Corporation filed its Opposition to Plaintiffs' Objection (Docket # 5556) on September 17, 2008.  The Court denied the Objection on September 22, 2008 (Docket # 5605). However, the Court ruled that discovery on all branded drugs for which AMP to AWP spreads exceed 30 percent may proceed. *Id.*  The Court conceded the potential utility of quarterly calculations, but maintained the suitability of the one year method of calculating spreads. *Id.* Additionally, the Court ruled that plaintiffs could depose Schering's Expert, Professor Sumanth Addanki, who had submitted an expert affidavit in support of Schering's motion. *Id.* The Court ruled further that plaintiffs could submit an expert affidavit proposing alternative calculations with the stipulation that the proposed methodology is consistent and transparent. *Id.*

On October 23, 2008, plaintiffs requested that Schering produce discovery on all branded drugs for which plaintiffs calculated AMP to AWP spreads over 30%.  Schering refused on the grounds that Professor Addanki's AMP to AWP spread calculations yielded different results. Plaintiffs thus noticed the deposition of Professor Addanki and requested production of all materials relied upon by him in connection with his affidavit.  Plaintiffs took the deposition of Professor Addanki on November 20, 2008.  In the course of that deposition, plaintiffs learned that Professor Addanki had yet to produce all information regarding his methodologies.  On November 21, 2008, plaintiffs requested production of such information.  On December 2, 2008, defendant Schering produced a hard drive allegedly containing all materials used by Professor Addanki in preparing his affidavit.  Plaintiffs have reserved the right, over defendant's objection,

to continue the Addanki deposition once their review of the Addanki materials has concluded. Plaintiffs intend to file their motion to lift the Schering Protective Order together with their expert affidavit proposing alternative calculations on or before April 10, 2009.

**FUL Expert Reports, Related Discovery and Summary Judgment Briefing**

On September 30, 2008, plaintiffs served the Rule 26 Statement of Harris L. Devor, C.P.A., to all counsel on LexisNexis File and Serve (Docket # 5620).  The exhibits to Mr. Devor's reports were served directly on counsel for each defendant, given each defendant's confidentiality concerns regarding the pricing data contained therein.

Pursuant to agreement with liaison counsel, on October 6, 2008, plaintiffs served each defendant with revised exhibits to the Rule 26 Statement of Harris L. Devor, C.P.A.

Due to confidentiality concerns raised by counsel for defendant Ethex, on October 10, 2008, plaintiffs served a redacted Rule 26 Statement of Harris L. Devor, C.P.A., on LexisNexis File & Serve.

On December 5, 2008, defendant Mylan produced to plaintiffs a dataset containing chargeback data from its CARS system which had not been previously produced.

Defendants took the deposition of Harris L. Devor, C.P.A., on December 9, 10 and 11, 2008.  Consistent with discussions between counsel at that deposition, plaintiffs served corrected exhibits to the September 30, 2008 Rule 26 Statement of Harris L. Devor, C.P.A., on December 19, 2008.  The corrected exhibits were for defendants Par, Ivax, Watson, and Warrick.

On December 12, 2008, defendant Mylan informed plaintiffs that certain data previously produced for the Mylan FUL drugs needed to be supplemented and corrected, and that Mylan still had not produced all relevant UDL data.  Plaintiffs informed defendants that Mr. Devor

5

would need to prepare revised exhibits as to Mylan after the corrected and complete Mylan data was received. The corrected Mylan data was not completely produced until February 25, 2009. Plaintiffs served Mr. Devor's revised Mylan exhibits on March 6, 2009.

Mr. Devor's reconvened deposition on the Ivax, Par, Watson & Warrick corrections and the revised Mylan exhibits took place on March 11, 2009.

Defendants served the expert report of Dr. Sumanth Addanki on March 18, 2009. Plaintiffs will take the deposition of Dr. Addanki on April 22-23, 2009. Plaintiffs and defendants now are negotiating a joint motion for entry of a briefing schedule on FUL Summary Judgment issues.

**GSK Motion for Partial Summary Judgment**

On November 24, 2008, defendant SmithKlineBeecham Corporation d/b/a GlaxoSmithKline ("GSK") filed a motion for Partial Summary Judgment (Docket # 5706), submitting a Memo in Support Thereof (Docket # 5707), a Statement of Undisputed Material Facts (Docket #5708) and the expert affidavit of Eric M. Gaier, Ph.D. (Docket # 5708). In response, plaintiffs demanded the immediate production of all materials relied upon, considered or used in any way by Dr. Gaier, prior statements (of any kind) by Dr. Gaier in AWP matters, and Dr. Gaier's deposition. GSK agreed. GSK then forwarded materials used in Dr. Gaier's calculations, including a method for reproducing said calculations. Thereafter, on December 15, 2008, GSK produced a compilation of Dr. Gaier's prior statements in AWP-related matters. On January 14, 2009, plaintiffs took the deposition of Dr. Gaier concerning his expert affidavit. (Docket # 5708).

Pursuant to stipulation entered by the Court (Docket # 5878; Subdocket # 31), on

February 11, 2009, plaintiffs filed their Memorandum of Law in Opposition to GSK's Motion for Partial Summary Judgment (Docket # 5892; Subdocket # 33), Affidavit of Harris L. Devor (Docket # 5893, Sub-docket # 34), and Counter Statement of Material Facts L.R. 56.1 (Docket # 5894, Sub-docket # 35).

GSK filed its Reply Brief in Support of its Motion for Partial Summary Judgment on March 4, 2009. (Docket # 5940, Subdocket # 37). On March 18, 2009, plaintiffs filed their Sur-Reply to GSK's Motion for Summary Judgment on March 18, 2009 (Docket # 5960, Subdocket # 38), Supplemental Affidavit of Joanne M. Cicala, Esq. (Docket # 5961, Subdocket # 39), and Supplemental Affidavit of Harris L. Devor, C.P.A. (Docket # 5962, Subdocket # 40).

On March 30, 2009, the Court scheduled a hearing regarding GSK's Motion for Partial Summary Judgment for 9:00 A.M. on April 16, 2009.

7

## CERTIFICATE OF SERVICE

    I, Kathryn Allen, hereby certify that on the 1st day of April, 2009, I caused a true and correct copy of the above April 2009 Status Report for the City of New York and New York Counties to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

Dated:  April 1, 2009

                                              /s/ Kathryn B. Allen
                                              Kathryn B. Allen
                                              Kirby McInerney LLP
                                              825 Third Avenue
                                              New York, NY 10022
                                              (212) 371-6600