# Exhibit 2

```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS


IN RE:                            )
                                  )  CA No. 01-12257-PBS
PHARMACEUTICAL INDUSTRY AVERAGE   )
WHOLESALE PRICE LITIGATION        )  Pages 1-47
                                  )




                       STATUS HEARING

           BEFORE THE HONORABLE PATTI B. SARIS
              UNITED STATES DISTRICT JUDGE







                         United States District Court
                         1 Courthouse Way, Courtroom 19
                         Boston, Massachusetts
                         February 12, 2009, 10:40 a.m.







                     LEE A. MARZILLI
                  OFFICIAL COURT REPORTER
                United States District Court
                1 Courthouse Way, Room 3205
                     Boston, MA  02210
                      (617)345-6787
```

Page 43

1      MR. PAUL: We filed it. Sandoz did not want to
2  produce a 30(b)(6) witness.
3      THE COURT: Who's Sandoz?
4      MS. McDEVITT: That's me, your Honor, Heather
5  McDevitt.
6      THE COURT: What's the issue?
7      MS. McDEVITT: Well, there are a number of issues.
8  One is that we believe that some of the testimony sought,
9  which goes to Sandoz's knowledge or understanding of
10 California's Medicaid scheme, has already been -- he's
11 already testified as a fact witness.
12     THE COURT: Well, good, so designate it. We've
13 now established that you can designate that, but then are
14 there additional issues?
15     MS. McDEVITT: The additional issue that we've
16 identified is that some of the topics seem to go to issues
17 that we don't believe are appropriate for 30(b)(6)
18 testimony.
19     THE COURT: Like?
20     MS. McDEVITT: Namely, Sandoz's understanding of
21 whether California explicitly approved its setting of AWP
22 and accepted it. And it seems to be more of an ultimate
23 issue in the case, and we haven't believed that it's
24 appropriate for 30(b)(6) testimony. We also believe that
25 we've had other witnesses who have testified to the fact --

Page 44

1       THE COURT: I think it's appropriate for 30(b)(6),
2  but I also think that if it's been done, it's been done.
3  They have the right, as I've said to all of you -- you know,
4  you're all unique parties -- if there's some little cleanup,
5  that you just put it all in and then just clean up what the
6  rest is.
7       MR. PAUL: I understand, your Honor. Some of
8  Sandoz's depositions will be taken of its former employees,
9  who obviously can't bind the corporation, and we just ask
10 for one. The defendants have taken seven different 30(b)(6)
11 witnesses on 37 topics. We ask for just one person on a
12 very narrow range of topics. We think it's reasonable.
13      THE COURT: So the big issue, which it goes back
14 to what Dey is saying, is that with respect to these former
15 employees who are not management -- there's still an issue
16 speaking within the -- I don't know how low down they are or
17 how high up they are -- if they're unavailable witnesses,
18 you have that rule, and that's what you're going to have to
19 talk about if for some reason -- at most, it's not going to
20 be binding on the corporation, but it may be admissible if
21 they're unavailable parties in a litigation, right?
22      MR. PAUL: Yes, your Honor.
23      THE COURT: I don't know, do we have to retake
24 them? Can't we have some agreement on them, all the --
25      MS. McDEVITT: I'll just raise this idea now

1   because we're here and we're talking about it.  One thought
2   that we had that we were planning on identifying in our
3   opposition to the motion to compel is that a number of the
4   categories of 30(b)(6) testimony that California has
5   identified we believe could be answered in an interrogatory
6   response, and --
7           THE COURT:  No.  They're allowed to take
8   depositions.  Interrogatories are disfavored.  What's going
9   on here, the company is giving -- it's a big suit, right?
10          MS. McDEVITT:  Indeed it is a big sue.
11          THE COURT:  You are allowed to have a 30(b)(6).  I
12  don't understand what the issue is.
13          MS. McDEVITT:  We will go back and confer, and I
14  will confer with Mr. Paul, and perhaps there's a way that
15  the topics could be narrowed.
16          THE COURT:  Yes, you can just, you know, see
17  what's been done.  If you feel it's not been done well
18  enough, you can have, you know, a few hours.  You know, of
19  course your understanding about how the Medicaid system
20  works is relevant to your scienter.  So, you know --
21          MS. McDEVITT:  We believe that we've already
22  proffered the witness.
23          THE COURT:  You may have.
24          MS. McDEVITT:  But I think that perhaps the best
25  course is that Mr. Paul and I will confer, and maybe there's

Page 48

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS    ) ss.
CITY OF BOSTON               )

I, Lee A. Marzilli, Official Federal Court Reporter, do hereby certify that the foregoing transcript, Pages 1 through 47 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action No. 01-12257-PBS, In Re: Pharmaceutical Industry Average Wholesale Price Litigation, and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

In witness whereof I have hereunto set my hand this 15th day of February, 2009.

/s/ Lee A. Marzilli
_____
LEE A. MARZILLI, CRR
OFFICIAL FEDERAL COURT REPORTER