# Exhibit 3



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>State of California, *ex rel.* Ven-A-Care v. Abbott Laboratories, *et al.*<br>03-CV-11226-PBS | MDL No. 1456<br>Master File No. 01-12257-PBS<br><br>Judge Patti B. Saris |

## STATE OF CALIFORNIA'S OBJECTIONS AND RESPONSES TO DEFENDANT ABBOTT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the State of California ("Plaintiff") provides these objections and responses to the combined Defendants First Set of Interrogatories ("Interrogatories").

### Introductory Statement and General Objections

1. These Interrogatories are unclear, vague, and ambiguous to the extent they are directed jointly toward Plaintiff's "agents," reasonably construed to refer to the Relator, Ven-A-Care of the Florida Keys, Inc. ("Relator"). Plaintiff further objects to the extent it is unclear as to whether Defendants seek responses to particular Interrogatories from either Plaintiff or the Relator, or both. Plaintiff objects to each Interrogatory directed, in whole or in part, to the Relator. Plaintiff is not obligated to respond to any Interrogatory that is directed to the Relator. Accordingly, Plaintiff responds only to those Interrogatories, in whole or in part that appear to be directed toward Plaintiff.

2. These Interrogatories are unclear and confusing to the extent the Defendants' Definitions and Instructions in Defendants' First Set of Requests for Production are incorporated by reference in these Interrogatories. Notwithstanding this, Plaintiff incorporates, herein, the

INTERROGATORY NO. 7

Identify each false claim that forms the basis of your allegations in the Complaint.

RESPONSE:

Plaintiff objects to the extent this Interrogatory is unduly burdensome as the case involves millions of false claims. Plaintiff objects to the extent this Interrogatory is premature and unreasonable at this early stage of discovery before Defendants have responded to all of Plaintiff's discovery requests, before all depositions have been taken and before third-party discovery has commenced. Further, this Interrogatory is cumulative to the extent Plaintiff has already provided the information in its initial disclosures under Federal Rule of Civil Procedure 26. Subject to and without waiving its specific and general objections and its objections to Defendants' definitions and instructions, Plaintiff responds:

Plaintiff refers Defendants to the Exhibits served with the Initial Disclosures on or about July 30, 2007, which provides by each specific NDC the total units, the reimbursed amounts, and other responsive information. At this point, Plaintiff has not completed discovery of the underlying facts of the case and is unable to fully respond to this Interrogatory. Plaintiff reserves the right to supplement this response when and if the requested information becomes accessible to it.

INTERROGATORY NO. 8

Identify all actions taken by You and Ven-A-Care to insure the preservation of evidence, witness testimony, data, or other information relevant to or discoverable in this litigation, including, without limitation, the date on which the action was taken, the Persons who took the action, the specific direction to preserve evidence, the persons to whom it was communicated, and the parties to the Communication relating to the preservation of evidence.

RESPONSE:

Plaintiff objects to this Interrogatory as unduly burdensome and overbroad. Plaintiff objects to this Interrogatory to the extent it requests information regarding actions taken by the relator. Plaintiff objects to the extent the Interrogatory seeks information subject to the attorney work product and the law enforcement investigative privilege. Subject to and without waiving its specific and general objections and its objections to Defendants' definitions and instructions, Plaintiff responds:

1. The Office of Legal Services ("OLS") coordinated the actions taken to identify, locate and preserve all documents within the Department of Health Services ("Department") (now Department of Health Care Services) that could be relevant or discoverable in this litigation. For these purposes, "document" included both paper and electronic documents and was defined to include any kind of tangible material, whether written, recorded, microfilmed, microfiched, photographed, computerized, or reduced to an electronic or magnetic impulse, including papers, agreements, contracts, notes, memoranda, electronic or computer-transmitted messages, letters, emails, facsimile transmissions, statement, invoices, record books, reports, studies, analyses, minutes, working papers, charts, graphs, drawings, calendars, appointment books, diaries, indices, or tapes, and all written, printed, recorded, taped, typed, duplicated, reproduced or other tangible matter.

2. OLS was notified of the pending litigation by letter dated September 25, 2003, from the Bureau of Medi-Cal Fraud & Elder Abuse ("Bureau"). The letter notified OLS of the pending litigation, the potential defendants and the anticipated

discovery demands. The letter also listed specific items and categories of documents.

3. By letter dated September 10, 2004, the Bureau requested the material identified in its previous letter of September 25, 2003. The Pharmacy Policy and Contracting Section ("Pharmacy Policy"), Medi-Cal Benefits Branch, Medi-Cal Policy Division, Medical Care Services, was notified of the need to locate and preserve all documents that could be potentially discoverable in relation to the litigation.

4. On November 5, 2004 OLS met with Pharmacy Policy to review the specific items and categories of documents that had been identified as being subject to discovery demands in the pending litigation, and Pharmacy Policy was directed to preserve all documents that could be discoverable. On November 8, 2004, OLS met with Pharmacy Policy and the Rebate Collection & Vision Care Section ("Rebate Section") to discuss the pending litigation and the need to identify and preserve all documents that could be discoverable.

5. On December 2, 2005, OLS met with Pharmacy Policy and again reviewed the need to preserve all documents. The following areas of the Department were identified as those that could have discoverable documents:

    a. The Executive Office of the Department;

    b. Medical Care Services, including Pharmacy Policy, Rebate Section, and the Medical Policy Section;

    c. Medi-Cal Operations Division;

  d. Payment Systems Division, including the fiscal intermediary, electronic Data Systems ("EDS");

  e. Audits and Investigations;

  f. Information Technology Services Division;

  g. Legislative and Governmental Affairs;

  h. Fiscal Forecasting and Data Management Branch, Administration; and

  i. OLS.

6. On December 9, 2005, OLS sent an email notice to all the branches and offices listed in paragraph No. 5, above, notifying them of the pending litigation and the need to preserve all documents that could be discoverable. The notice was also sent to the offices listed below:

  a. California Conference of Local Health Officers;

  b. Office of Long Term Care;

  c. Primary Care and Family Health;

  e. Prevention Services;

  g. Health Information and Strategic Planning;

  h. Office of Aids; and

  i. Office of Public Affairs.

7. Notices to identify and preserve all discoverable documents were also sent to all the offices listed in paragraph 5 on April 12, 2006, August 5, 2006 and June 22, 2007. Additional notices have been sent to individual offices and sections on December 23, 2005, December 29 and 30, 2005, January 20, 2006, February 22,

2006, February 23, 2006, March 3, 2006, , March 30, 2006, April 6, 2006, April 20, 2006, October 18, 2006, December 8, 2006, December 11, 2006, December 27, 2006, and June 22, 2007.

8.  OLS has met in person with staff in the offices listed in paragraph 5 to discuss the pending litigation, the need to preserve documents and the need to identify and locate all discoverable documents on the following dates:  December 22, 2005, January 3, 2006, January 6, 2006, January 13, 2006, January 26, 2006, February 17, 2006, February 23, 2006, February 24, 2006, March 8, 2006, March 15, 2006, March 20, 2006, March 30, 2006, April 3, 2006, April 12, 2006, April 20, 2006, May 1, 2006, May 2, 2006, May 5, 2006, May 10, 2006, May 17, 2006, May 24, 2006,June 29, 2006, July 26, 2006,December 19, 2006, January 5, 2007, February 7, 2007, March 1, 2007, June 7, 2007, June 25, 2007, October 17, 2007, October 18, 2007.

9.  OLS also took additional steps to preserve electronic data.  On December 23, 2005, OLS sent a notice to the Information Technology Division to immediately suspend deletion of all back-up tapes and servers.  A litigation hold was imposed on all electronic data created and stored by the Department, including email back-up tapes and servers.

10. On December 29, 2005, a notice was sent to the Information Technology Division to suspend cleaning and reassigning of computers.

11. On December 29, 2005, the local LAN administrators for Pharmacy Policy, the Medi-Cal Policy Division, Medi-Cal Operations and Audits and Investigations were told to suspend deletion of back-up tapes and servers.

12. On March 15, 2006, and October 17, 2007, OLS met with the local LAN administrators and gave them a presentation on the litigation and need to preserve data.

13. On March 30, 2006, OLS sent a reminder notice to the local LAN administrators not to delete any data from backup tapes, or to overwrite tapes that had been previously used, or to destroy any data on servers that were not being backed up and not to wipe clean any servers that had been taken offline.

14. Based upon its discussions and meetings with the various areas of the Department affected by the litigation hold, OLS determined that some areas and sections do not have any potentially discoverable documents. The litigation hold was therefore lifted for these areas as listed below:

    a. On March 24, 2006, the hold was lifted for approximately 40 servers, maintained by the Network Technology Support Section, Infrastructure Support Branch, Information Technology Services, that provide infrastructure support, but do not contain any documents within the subject area of potential discovery requests;

    b. Laboratory Field Services;

    c. Office of County Health Services;

    d. Office of Women's Health;

    e. Multicultural Health;

    f. Office of Long Term Care;

    g. Prevention Services;

      h.     Administrative Claiming Local & Schools Services Section, Benefits Analysis Section, Medi-Cal Benefits Branch;

      i.     Program Review Section and Policy Sections A, B and C, Medi-Cal Eligibility Branch;

      j.     In-Home Operations and Monitoring & Oversight Section, Home & Community Based Services Branch;

      k.     California Conference of Local Health Officers (CCLHO); and

      l.     Health Information & Strategic Planning.

15.     On February 15, 2007, the litigation hold on computer servers was modified by changing from a daily backup of all tapes and servers subject to the hold to a monthly backup. The monthly backup has been continued for all units and sections that have not been released from the litigation hold.

16.     In addition to the actions described above, the Bureau has also sent notices to the Department, reminding it of its duty to preserve and produce all discoverable electronic data and documents, by letters dated January 17, 2006, October 17, 2006, July 20, 2007, September 28, 2007, November 1, 2007 and December 3, 2007.

<u>INTERROGATORY NO. 9</u>

Identify the statutes, regulations, rules or other authority on which You rely to claim that Defendants had a legal duty to price their prescription drugs in any particular way; refrain from discounting the prices of their prescription drugs; refrain from confidential price negotiations concerning their prescription drugs; or, publicly disclose the results of confidential price negotiations.

specific drug's actual selling prices were to the retail market which will be gathered during the current discovery process, Plaintiff does not possess all of the necessary components in which to calculate what the "correct" FUL should have been or what the specific percentage of the spread between any inflated FUL and what the FUL actually should have been based on accurate price reporting.

                                                  Respectfully submitted,
                                                  EDMUND G. BROWN JR.
                                                  Attorney General for the State of California

Dated:  December 21, 2007              By: ___/s/ *Nicholas N. Paul*
                                                  NICHOLAS N. PAUL
                                                  CA State Bar No:  190605
                                                  Supervising Deputy Attorney General
                                                  Bureau of Medi-Cal Fraud and Elder Abuse
                                                  Office of the Attorney General
                                                  1455 Frazee Road, Suite 315
                                                  San Diego, California  92108
                                                  Tel:  (619) 688-6099
                                                  Fax:  (619) 688-4200

                                                 **Attorneys for Plaintiff,**
                                                 **STATE OF CALIFORNIA**

## VERIFICATION

I declare under penalty of perjury that the facts provided in the answers of the California Department of Health Care Services Care [DHCS] in the foregoing responses to Interrogatory numbers [1-24 and 27-45] from Defendant's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

Signed by: _____

Dated: 12/24/07

Name: J. Kevin Gorsope, Pharm.D

Title: Chief, Pharmacy Policy Branch