UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>TRACK 2 SETTLEMENT | Judge Patti B. Saris |

**CLASS PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE
FILED BY CORINNA CONNICK**

## I.   INTRODUCTION

Corinna Connick seeks to intervene in this action in order to represent the claims of Class 3 consumers who paid full price for Class Drugs. Her motion and memorandum allege that her claims against the Track 2 Defendants "are being completely released for no consideration whatsoever." *See* Dkt. No. 5941, at 1. Because Ms. Connick believes these claims are being released, she asks that she be appointed as a representative "of the consumer Plaintiffs in this action." *Id.*[1] She likewise seeks to disqualify Class Counsel and have her own attorneys, professional objectors John Pentz and Edward Cochran, named as Class Counsel instead. *See* Dkt No. 5941-2 (Complaint in Intervention).

Ms. Connick's motion should be denied. First, her claims are not being released in this litigation. As set forth in Class Plaintiffs' Response to Objections to Final Approval of the Track

---

[1] Ms. Connick took the position in her deposition that she should be appointed to represent all Class 3 consumers, including co-insurance payors as well as cash payors, even though she made no percentage co-pays for any Class Drugs. *See* Declaration of Steve W. Berman in Support of Class Plaintiffs' Response to Objections to Final Approval of the Track Two Settlement ("Berman Decl."), Ex. 5 (Connick Dep. at 43:21-11; 44:12-45:6; 73:15-20).

- 1 -

Two Settlement, also filed today, the claims of cash payors <u>are included</u> in this settlement. Therefore, there are no interests that Ms. Connick needs to protect. Second, even if there were interests of cash payors that needed to be protected, Ms. Connick could not protect them because she lacks standing to be a class representative or to object to this settlement. Ms. Connick took Climara, which is not a Class Drug. Because consumers are only releasing their claims related to Class Drugs, her claims are not being released in this settlement. Third, because Ms. Connick's objection is a lawyer-driven objection filed by a professional objector, she should not be permitted to intervene as a proposed class representative in the settlement.

## II.     ARGUMENT

**A.     Ms. Connick has no Right to Intervene Pursuant to Rule 24(a).**

Ms. Connick seeks to intervene in this litigation pursuant to Rule 24(a) or Rule 24(b) of the Federal Rules of Civil Procedure, but she has neither the right nor ought to receive permission to do so. Rule 24(a) of the Federal Rules of Civil Procedure requires a (i) timely application (ii) by an intervener with a "direct and substantial interest in the subject matter of the litigation" (iii) whose ability to protect that interest would be "impair[ed] or impede[d]" by a disposition in the litigation and (iv) whose "interest must be inadequately represented by existing parties" before the Court may allow intervention by right pursuant to Rule 24(a). *In re Sonus Networks Inc. Sec. Litig.*, 229 F.R.D. 339, 344 (D. Mass. 2005) (denying motion to intervene by a substitute class representative who moved after a court-ordered deadline to do so). The Court must deny Ms. Connick's motion if she fails to meet <u>any</u> of these criteria. *Id.* at 347.

**1.     Ms. Connick has no interest in the subject matter of this litigation.**

Ms. Connick must demonstrate that her asserted interest "bear[s] a sufficiently close relationship to the dispute between the original litigants" and "is direct, not contingent."

- 2 -

*Massachusetts Food Ass'n v. Sullivan*, 184 F.R.D. 217, 220 (D. Mass. 1999) (denying motion to intervene), *aff'd*, 197 F.3d 560 (1st Cir. 1999).

Here, Ms. Connick has no interest in this litigation whatsoever. Ms. Connick took Climara, which is not a Class Drug. *See* Berman Decl., Ex. 5. *See also id.* (Connick Dep. at 25:19-22 (testifying that Climara was the only Class Drug Ms. Connick took)).[2] While Ms. Connick's attorney has claimed in correspondence with Class Counsel that Ms. Connick has standing because Climara is the branded version of Estradiol, which is a Class Drug, the plain language of the Settlement Agreement makes clear that the only consumer claims released in this settlement are claims related to Class Drugs. *See id*. § II (JJ). Therefore, because Ms. Connick did not take a Class Drug, her claims are not being released in this settlement.

### 2. Because her claims are not being released, Ms. Connick will not have any interest impaired if she is not permitted to intervene.

Ms. Connick likewise will not have any interest impaired if she is not permitted to intervene. Because none of her claims are being released in this litigation, she can preserve her interests by pursuing separate litigation if she chooses.

### 3. Ms. Connick's interests are not being represented by any parties to this case.

Finally, because Ms. Connick's claims are not being released in this litigation, she is not represented by any parties or counsel in this action. Therefore, she cannot claim that her interests are not being adequately represented.[3]

---

[2] In her Complaint in Intervention, Ms. Connick claims that she took Estradiol, the generic form of Climara which is a Class Drug. However, records Ms. Connick produced pursuant to subpoena at her deposition make clear that Ms. Connick took Climara, not Estradiol.

[3] Because it is so clear that Ms. Connick cannot be permitted to intervene when she has no standing and when her claims are not being released by the settlement, Class Plaintiffs assume without conceding that Ms. Connick's motion was timely in the first instance.

### B.   Ms. Connick has not Demonstrated She is Entitled to Permissive Intervention Pursuant to Rule 24(b).

Rule 24(b) of the Federal Rules of Civil Procedure permits intervention if a proposed intervenor has "a claim or defense that shares with the main action a common question of law or fact." This Court has the discretion to deny intervention, and it ought to do so here. *In re Sonus*, 229 F.R.D. at 345.

#### 1.   Ms. Connick has not met Rule 24(b)'s requirements for permissive intervention.

The Court should consider three other factors in determining that Ms. Connick should not be allowed to intervene permissively:

> (1) [whether] "the applicant's claim or defense and the main action have a question of law or fact in common;" (2) [whether] the applicant's interests are not adequately represented by an existing party; and (3) [whether] intervention would not result in undue delay or prejudice to the original parties.

*Massachusetts Food*, 184 F.R.D. at 224 (citations omitted).

Here, Ms. Connick claims the proposed settlement is unfair to her and others like her. This is not a common question of law before the Court because (i) the settlement is not unfair to cash payors, because their claims are included in the settlement and (ii) the Court does not have to evaluate the proposed fairness of the settlement to individuals who are not members of any of the proposed settlement Classes.

#### 2.   Permissive intervention is unwarranted because the interests Ms. Connick seeks to advance are not at issue at the Fairness Hearing.

Permissive intervention is likewise unwarranted because, although Ms. Connick may not be represented by the current parties, there is no reason she <u>should be</u> represented, because she is not a member of any of the Classes whose claims this settlement seeks to release.

### 3. Allowing Ms. Connick to intervene would unduly prejudice the parties to this litigation.

Finally, it would prejudice the parties to allow Ms. Connick to intervene solely to disrupt this settlement. Class Plaintiffs have already spent substantial time and resources reviewing Ms. Connick's objection, responding to her motion to intervene, seeking documents from her and taking her deposition. Because the results of all those efforts have established that she has no standing in the first instance, she should not be permitted to further delay this settlement by being permitted to intervene.

Further, it is within the Court's discretion to deny permissive intervention to avoid "open[ing] the floodgates to innumerable others" at the fairness hearing. *United States v. Metropolitan Dist. Comm'n*, 147 F.R.D. 1, 6 (D. Mass. 1993) (denying permissive intervention by MASPC because "allow[ing] MASPC to intervene would open the floodgates to innumerable others with the potential for drowning the whole project in a sea of litigation"). Allowing non-Class members who object to this settlement to intervene would open such a floodgate. The Court should not permit it here.

This Court should particularly exercise that discretion where, as here, Ms. Connick's objection is lawyer-driven and filed by a professional objector. Ms. Connick learned about this settlement from her husband, an attorney who promptly referred the case to attorney Edward Cochran.[4] Mr. Cochran is a professional objector who has filed multiple objections to settlements, particularly pharmaceutical class actions.[5]

---

[4] *See* Berman Decl., Ex. 5 (Connick Dep. at 11:11-21).

[5] *See, e.g., In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52 (D. Mass. 2005); *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207 (D.N.J. 2005); *In re Serzone Prods. Liab. Litig.*, 231 F.R.D. 221 (S.D. W. Va. 2005); *In re Lorazepam & Clorazepate Antitrust Litig.* 205 F.R.D. 369, 379 (D.D.C. 2002); *Downey v. Mortgage Guar. Ins. Corp.*, 2001 U.S. Dist. LEXIS 24918 (S.D. Ga. Oct. 1, 2001); *Shaw v. Toshiba Am. Info. Sys.*, 91 F. Supp. 2d 926 (E.D. Tex. 1999).

Ms. Connick was unable to articulate any specific knowledge about the Class 1 and 3 representatives notwithstanding her complaint that they were inadequate for consumers; she likewise was not aware that there is indeed a consumer representative for Class 1.[6] Ms. Connick had no information about whether the Association plaintiffs had interests adverse to consumers;[7] believed that consumers were not represented in the allocation proceedings (when, in fact, they were);[8] and had never looked at the claim form before taking the position that it is difficult to complete.[9]

### III.   CONCLUSION

Ms. Connick has no standing to object to the Track 2 settlement or to become a class representative in this case. Accordingly, the Court should deny her motion to intervene and overrule her objection to the Settlement.

DATED:  April 9, 2009

By:     s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Liaison Counsel

---

[6] Berman Decl., Ex. 5 (Connick Dep. at 15:14-16:9).

[7] *Id*. at 16:10-17:21; 18:9-13.

[8] *Id*. at 50:21-51:12.

[9] *Id*. at 63:3-11.

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Kenneth A. Wexler
Jennifer Fountain Connolly
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Jeffrey Kodroff
John A. Macoretta
SPECTOR, ROSEMAN, KODROFF
   & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
HOFFMAN & EDELSON LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Co-Lead Counsel for Plaintiffs

- 8 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on April 9, 2009, I caused copies of ***Class Plaintiffs' Opposition to Motion to Intervene Filed by Corinna Connick*** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

>               s/ Steve W. Berman
> Steve W. Berman