- 1 -

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| GSK SETTLEMENT | Judge Patti B. Saris |

## PLAINTIFFS' MOTION FOR DISBURSEMENT OF FUNDS TO CONSUMER CLAIMANTS IN THE GSK SETTLEMENT

Class Plaintiffs hereby move for entry of an Order to disburse funds to eligible consumer claimants in the nationwide settlement with Defendant GlaxoSmithKline.  Class Counsel has conferred with counsel for GSK, who do not oppose this motion.  In support, thereof, Class Plaintiffs state as follows:

1.      This case is a consolidated class action brought against numerous pharmaceutical manufacturers including SmithKline Beecham Corporation d/b/a GlaxoSmithKline and other related entities (collectively "GSK") alleging unlawful inflation and misrepresentation of published Average Wholesale Prices ("AWPs") and the unlawful use of AWPs in the markets of certain drugs.

2.      On July 19, 2007, the Court granted final approval to the class action settlement embodied in the parties' Settlement Agreement and Release of the GlaxoSmithKline Defendants dated August 10, 2006 (the "GSK Settlement") [Docket No. 2972].  On August 7, 2007 the Court entered final judgment in accordance with the Settlement Agreement.

001534-16  297672 V1

3.      An appeal was taken by objector Demra Jordan [Docket Nos. 4642, 4914].   That

appeal has been voluntarily dismissed and judgment is now final and unappealable.

4.      The Court appointed Complete Claim Solutions, Inc. ("CCS") as the Claims

Administrator with responsibilities for implementing the distribution of the settlement proceeds.

Order Granting Preliminary Approval of Settlement, Certifying Class for Purposes of Settlement,

Directing Notice to the Class and Scheduling Fairness Hearing [Docket No. 3401], entered

November 15, 2006.  Immediately after the judgment became final and non-appealable, Class

Counsel instructed the Claims Administrator to resume its work in processing claims of would-

be Class members and to prioritize the processing of consumer claims.  As set forth in the

Affidavit of Eric Miller Regarding Allocation and Distribution of the Net Settlement Funds to

Consumer Claimants in the GSK Settlement attached hereto as Exhibit A (the "*Miller Aff'd*"),

the Claims Administrator has recently completed its review and processing of all consumer

claims.

**A.      Consumer Claims.**

5.      The Claims Administrator has calculated the Recognized Claim Amount for

eligible consumer claimants as follows:

a.      ***Eligible Consumer Claims***.  The Claims Administrator received 6,311

eligible consumer claims with a total Recognized Claim Amount of $1,596,959.08.  This figure

includes 218 claims, with a total Recognized Claim Amount of $69,279.57, that were received

after the filing deadline of May 28, 2007 but are otherwise eligible.  *Miller Aff'd* ¶ 17,18.  Class

Counsel recommend that the Court approve each of the eligible consumer claims set forth on the

Miller Affidavit, including the late consumer claims.

b.      ***Ineligible or Deficient Consumer Claims.***  As referenced in the Miller

Affidavit, CCS sent more then 9,800 letters to Consumer Claimants in an attempt to clarify

information provided by consumers or to request that they take action to resolve a deficient or

ineligible condition in their claim. *Miller Aff'd* at ¶¶ 10–15. Despite these efforts 3,394

consumer claims remain deficient in some way. *Miller Aff'd* at ¶ 19 and Exs. 1A-1E. In

addition, 3,756 consumer claims have been determined not to meet the Court's requirements for

an eligible claim. *Miller Aff'd* ¶ 19. Of these 3,756 ineligible claims 1,508 consumer claimants

with recognized claims totaling $388,980.11 provided a claim amount on their claim form, but

did not provide the required proof of their purchase or payment, 1,844 provided medical records

to the Claims Administrator without providing a claim amount on their claim form and 42

claimants failed to sign their claim form. *Miller Aff'd* at ¶ 20. Each consumer was sent at least

one letter requesting a response in an attempt to resolve the deficiency but have not responded.

**B.      Unclaimed Consumer Funds**

After distribution to consumers with approved claims there will still be a substantial

amount of money remaining in the Net Consumer Settlement Pool. Pursuant to the Settlement

Agreement, Section 22(b)(vii)(b), the disbursement of any leftover consumer funds is to be

resolved through binding mediation between counsel for the consumers, counsel for the TPPs,

counsel for the ISHPs and the participating States, under the supervision of he MDL Mediator,

Eric Green. Of course the Mediator's decision is subject to review and approval by the Court.

Class Counsel are well aware of this Court's oft-expressed desire to get as much of the

settlement funds as possible directly into the hands of consumers. At the required mediation

Class counsel will propose that the left-over consumer funds be spent in ways that benefit

consumers who paid for GSK drugs as directly as possible. That may include: conducting a

more detailed review of deficient claims to help resolve any deficiencies; making an additional

distribution to consumer claimants; making a payment to even the deficient claims; or some

other mechanism to find and pay consumers who were overcharged. Class Counsel have already

initiated the required mediation process and have recently scheduled a mediation on this issue for

June 10, 2009 and are in the process of notifying all parties, in writing, of the mediation.

However that process should not delay the pending payments to consumers.

**C.      Third Party Payor Claims Processing.**

6.      In addition to the consumer claims detailed above, CCS received and processed

2,125 claims from TPP claimants with total claims of more than $1.3 billion.  *Miller Aff'd* ¶ 23.

7.      As further outlined in the Miller Affidavit, CCS has identified deficiencies in TPP

claims and has notified TPPs by letter of deficiencies and is awaiting responses from TPP

claimants.  When all TPP claims have been fully processed, Class Counsel anticipates filing an

additional motion with the Court seeking an order allowing distribution of funds to eligible TPP

claimants.

**D.      Administration Fees and Costs**

8.      Finally, the administrative fees and costs paid to CCS to date in association with

administering the Settlement and in fees associated with processing consumers fees are set forth

in the Miller Affidavit.  *Miller Aff'd* ¶ 33.  These fees and costs were reasonably and necessarily

incurred by CCS in carrying out its duties as the Court-appointed Claims Administrator.

Attached to the Miller Affidavit as Exhibit 8 is an invoice that CCS has submitted to Class

Counsel for $106,388.42 in professional fees and costs for administering the Settlement to date.

In addition, CCS has calculated an additional $55,100.00 in professional fees and expenses to

perform the distribution to consumers and complete administration of consumer claims.  *Id.*.

WHEREFORE, Plaintiffs respectfully requests that this Court grant their Motion and

order the distribution of funds to eligible consumer claimants as determined by the Claims

Administrator.

DATED:  April 13, 2009                    By    /s/ **Steve W. Berman**
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John A. Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' MOTION FOR DISBURSEMENT OF FUNDS TO CONSUMER CLAIMANTS IN THE GSK SETTLEMENT**, to be delivered to all counsel of record by electronic April 13, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.

 **/s/ Steve W. Berman**
Steve W. Berman