# COCHRAN & COCHRAN
## Attorneys at Law

Edward W. Cochran
George W. Cochran
Not A Partnership
----------
Tel (216) 751-5546

4-22-09

20030 Marchmont Road
Shaker Heights, Ohio 44122
----------
Fax (216) 751-6630

To: John Penty (707-276-2925)
affidavit
~~Chemical Stockings~~ attached.

STATE OF OHIO,
COUNTY OF CUYAHOGA,       SS:             **AFFIDAVIT**

      **EDWARD COCHRAN**, being duly sworn according to law, deposes and says as follows:

1. My name is Edward W. Cochran and I state the matters contained in this Affidavit upon my own personal knowledge.

2. In February, 2009, I began reviewing the terms of the Track II settlement on behalf of my client, Corinne Connick. In my review of the exact terms of the agreement, I noticed that it seemed to exclude persons who paid the entire purchase price for a drug rather than a "percentage co-payment".

3. Before assuming that that was the case, and formulating an objection based thereon, I thought it a good idea to communicate directly with class counsel to clarify this point. Accordingly, I called the law firm of Hagens Berman Sobol Shapiro LLP, and I was directed to an attorney (whose name I do not recall) who was working on this case. I asked him whether it was true that "full payers" were excluded from the settlement. He stated that he believed that was true and that he would confer with other attorneys in the firm working on the case to confirm this and get back to me. Several days later, he called back and stated that he had conferred with other attorneys in the firm who confirmed that whole payers are not included in the settlement. Based on that information, I proceeded to draft my objection.

4. Later, after filing the objection, I received copies of a subpoena seeking the deposition of my client, Corrine Connick on March 16, 2009 at 9:00 a.m. The

attorney issuing the subpoena was Jennifer F. Connolly of Wexler Wallace LLP in Chicago. I had several telephone conversations with Ms. Connolly regarding an agreed-upon change in the time and place of the deposition and confirming my agreement to accept service of the subpoena for Corinne Connick.

5. In one of those conversations, I asked Jennifer Connolly what justification there was for excluding full payers from the settlement in light of the recognition a full payer claims in the McKesson settlement. She confirmed that the "full payer claims" were not included in this settlement because the "full payer" purchase of drugs in the Track II Settlement were not related to AWP in the same way as "percentage co-pay" purchases. I asked what the difference was, and Ms. Connolly said that issue would be addressed by experts in their reply to our objections.

Affiant Further Sayeth Naught.

_____
EDWARD W. COCHRAN

SWORN TO BEFORE ME and subscribed in my presence this 23rd day of April, 2009.

_____
Notary Public

DAVID MEREDITH
Notary Public, State of Ohio
My Commission Expires 03-03-2013

- 2 -