# EXHIBIT L



**Portfolio Media. Inc.** | 648 Broadway, Suite 200 | New York, NY 10012 | www.law360.com
Phone: +1 212 537 6331 | Fax: +1 212 537 6371 | customerservice@portfoliomedia.com

# Attys Chided For Revealing Sealed Info In Visa Case

By **Ben James**

Law360, New York (April 15, 2009) -- Counsel for class members in the antitrust litigation accusing Visa Inc. and MasterCard Inc. of forcing merchants to accept debit card transactions at supracompetitive prices should have sought the court's permission before disclosing sealed information related to a bid to securitize MasterCard's remaining $400 million in payment obligations from a $3 billion settlement deal, a federal judge said.

On Monday, Judge John Gleeson of the U.S. District Court for the Eastern District of New York ordered lead counsel to disclose the discount range related to the securitization to any approved claimant who requests it before April 24.

Constantine Cannon LLP and Hagens Berman Sobol Shapiro LLP are co-lead counsel, according to court papers.

On March 26, a small group of named plaintiffs — including Wal-Mart Stores Inc. and Safeway Inc. — complained about having to decide

whether or not to oppose securitization without knowing the upper limit on the possible discount rate, and lead counsel disclosed the sealed information to those plaintiffs without seeking court approval, according to Judge Gleeson.

The discount rate, or "haircut," class claimants will take for the opportunity to receive a lump sum payment is key to assessing the viability of securitization, Wal-Mart said in court papers.

In a letter to the court dated April 8, Constantine Cannon attorney Jeffrey Shinder apologized to the court for the disclosure, and recommended that the court order the disclosure of the potential discount range to any approved claimant who requests it on or before April 13.

Judge Gleeson noted that lead counsel had disclosed the sealed information to its own clients, but also wrote that the court's understanding was that the sealed information would not be disclosed to any members of the proposed class, and that lead counsel could have sought court approval before disclosing information that had been filed under seal (at lead counsel's request).

Judge Gleeson also pointed out that an expert report indicated that the securitization within the proposed range could be financially advantageous for most of the plethora of merchants in the class, but "financially neutral" for a small number of large merchants.

The maximum discount rate (expressed as a spread over U.S. Treasuries) at which lead counsel would be authorized to complete the securitization was originally filed under seal, and lead counsel felt that disclosing that

information would impair its ability to negotiate the best possible rate for the class, Judge Gleeson explained in an April 7 order to show cause.

"Lead counsel's disclosure of sealed information to a small group of large, well-capitalized merchants almost immediately upon their complaint may warrant revisiting the authority of lead counsel contemplated by the proposed order approving securitization," the April 7 order to show cause said.

If the securitization is approved, lead counsel will be able to make lump-sum distributions of residual payments to class members who filed approved claims instead of making installment payments over the next four years.

If the securitization of the MasterCard settlement payments works out, lead counsel will seek to securitize future payments from Visa as well, according to court papers.

The class in the litigation comprises businesses and organizations that accepted Visa and MasterCard credit and debit cards for payment any time between between Oct. 25, 1992, and June 21, 2003. The plaintiffs alleged that Visa and MasterCard forced merchants to accept debit card transactions at supracompetitive prices.

As part of the April 2003 settlement with the class, Visa and MasterCard agreed to stop their "Honor All Cards" policies. The companies also agreed to pitch in to pay $3.05 billion over time into a settlement fund used to provide compensation to class members.

Visa USA is represented in this matter by Heller Ehrman White & McAuliffe and Arnold & Porter LLP. MasterCard International Inc. is represented in this matter by Clifford Chance LLP, Simpson Thacher & Bartlett LLP, Hunton & Williams LLP and Paul Weiss Rifkind Wharton & Garrison LLP.

MasterCard declined to discuss the securitization bid on Wednesday. Attorneys for Constantine Cannon could not be immediately reached to discuss the case.

The case is In re: Visa Check/Mastermoney Antitrust Litigation, case number 96-5238, in the U.S. District Court for the Eastern District of New York.

--Additional reporting by Erin Coe

All Content © 2003-2009, Portfolio Media, Inc.