# EXHIBIT N

... 

Westlaw.

--- F.3d ----                                                                                   Page 1
--- F.3d ----, 2009 WL 1067185 (C.A.9 (Mont.)), 09 Cal. Daily Op. Serv. 4824
**(Cite as: 2009 WL 1067185 (C.A.9 (Mont.)))**

H
Only the Westlaw citation is currently available.

United States Court of Appeals,
Ninth Circuit.
In re TOUCH AMERICA HOLDINGS, INC.
ERISA LITIGATION,
Ross Buckingham; Kim Moran; Charles A. Porter,
Plaintiffs-Appellants,
v.
Robert Gannon; Jerrold P. Pederson; Pamela K.
Merrell; Ellen M. Senechal; R.W. Cope; Tucker
Hart Adams; Alan F. Cain; John G. Connors; R.D.
Corvette; Kay Foster; John R. Jester; Carl Lehr-
kind, III; Deborah D. McWhinney; Noble E. Vos-
burg, Defendants,
and
The Northern Trust Company, Defendant-Appellee.
In re Touch America Holdings, Inc. Erisa Litiga-
tion,
Ross Buckingham; Kim Moran; Charles A. Porter,
Plaintiffs,
v.
Robert Gannon; Jerrold P. Pederson; Pamela K.
Merrell; Ellen M. Senechal; R.W. Cope; Tucker
Hart Adams; Alan F. Cain; John G. Connors; R.D.
Corvette; Kay Foster; John R. Jester; Carl Lehr-
kind, Iii; Deborah D. McWhinney; Noble E. Vos-
burg, Defendants-Appellants,
The Northern Trust Company, Defendant-Appellee.
**Nos. 08-35059, 08-35060.**

Argued and Submitted Nov. 17, 2008.
Filed April 22, 2009.

Steve Berman and Andrew M. Volk, Hagens Ber-
man Sobol Shapiro LLP, Seattle, WA; Douglas A.
Buxbaum and John M. Fitzpatrick, Buxbaum Daue
& Fitzpatrick, Andrew D. Huppert, Missoula, MT;
Thomas M. Peterson, Morgan Lewis & Bockius,
LLP, San Francisco, CA; and J. Gerard Stranch, IV,
James G. Stranch, III and Jane B. Stranch, Branstet-
ter Stranch & Jennings PLLC, Nashville, TN, for
the plaintiffs-appellants.

J. David Jackson and Frederick Matthew Ralph,
Dorsey & Whitney, LLP, Minneapolis, MN; Nicole
A. Diller and Lisa S. Serebin, Morgan Lewis &
Bockius, LLP, San Francisco, CA; Patrick T. Flem-
ing, Fleming & O'Leary, Butte, MT, for the defend-
ants-appellants.

John A. Litwinski and Nancy G. Ross, McDermott
Will & Emery, LLP, Chicago, IL; and Chris C.
Scheithauer, McDermott Will & Emery, LLP,
Irvine, CA, for the defendant-appellee.

Appeal from the United States District Court for the
District of Montana, Sam E. Haddon, District
Judge, Presiding. D.C. No. CV-02-00106-SEH.

Before ALEX KOZINSKI, Chief Judge, BETTY B.
FLETCHER and JOHNNIE B. RAWLINSON, Cir-
cuit Judges.

**OPINION**

PER CURIAM:

**\*1** We consider whether we have jurisdiction over
an interlocutory appeal from an order disapproving
a class settlement.

**Facts**

Plaintiffs were employees of the Montana Power
Company and participated in its retirement plan.
Defendants were the plan's trustee and directors of
Montana Power. Plaintiffs allege that defendants
mismanaged the plan, in breach of their fiduciary
duty. Plaintiffs and the directors negotiated a class
settlement, the core of which was a cash payment
of nearly all the funds remaining in the directors' fi-
duciary liability insurance policy. The settlement
also included two conditions: First, the directors
agreed to cooperate in the ongoing suit against the
plan trustee; second, the district court had to bar

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

--- F.3d ----, 2009 WL 1067185 (C.A.9 (Mont.)), 09 Cal. Daily Op. Serv. 4824

**(Cite as: 2009 WL 1067185 (C.A.9 (Mont.)))**

suits for contribution or indemnity against the directors. The court disapproved the settlement and the parties seek to appeal.

## Analysis

**1.** We normally review only "final decisions of the district courts of the United States."28 U.S.C. § 1291. This reflects a preference against piecemeal appeals as old as the first Judiciary Act. *Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 178 (1955), *rev'd on other grounds, Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 282-83 (1988). The parties agree that disapproving a class settlement isn't a final decision.

However, we also have jurisdiction to review "[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions."28 U.S.C. § 1292(a)(1)."Because § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, we have construed the statute narrowly," but some disapprovals of class settlements are appealable under the section as orders refusing an injunction. *Carson v. American Brands, Inc.,* 450 U.S. 79, 84 (1981). To be immediately appealable, orders disapproving class settlements must satisfy three requirements: "First, the interlocutory order must have the practical effect of denying an injunction. Second, the order must have 'serious, perhaps irreparable, consequence[s].' Finally, the order must be one that can be 'effectively challenged' only by immediate appeal." *EEOC v. Pan Am World Airways, Inc.,* 796 F.2d 314, 316 (9th Cir.1986) (citing *Carson,* 450 U.S. at 83-84).

The order here fails to meet the second requirement, so we need not consider the first or the third. The parties offer two reasons why they believe the order's consequences are "serious, perhaps irreparable." First, quoting *Carson,* they contend that the order has "the 'serious, perhaps irreparable, consequence' of denying the parties their right to compromise their dispute on mutually agreeable terms."

450 U.S. at 88. It is of course true that the parties were not permitted to settle the case on terms they found mutually agreeable; that's true of every order disapproving a proposed settlement. But it's not by itself sufficient to meet the second *Carson* requirement.

**\*2** As *EEOC* explained, *Carson's* conclusion that the order would have serious and potentially irreparable consequences relied on its further finding that the order "completely foreclosed any further settlement negotiations short of outright admission of [liability] ... and complete restructuring of the class relief." *EEOC,* 796 F.2d at 317. If the parties are "not being denied the right to settle the case on *any* mutually agreeable terms," but "merely being denied the right to settle the case on the *particular* terms of the current proposed consent decree, which the district court found unreasonable," this is not a sufficiently serious consequence for the order to be appealable.*Id.*

Here, the district court did not indicate that it would disapprove of any possible settlement, or even that it absolutely disapproved of any term of the proposed settlement. Rather, the district court found that the particular combination of terms that the parties had agreed upon was unfair to the class. As in *EEOC,* the court's objections to the proposed agreement "focuse[d] primarily on the inadequacy of the monetary settlement." 796 F.2d at 317. The court here explained that "the real ... significant issue of this proposed settlement is the amount of money to be paid."It characterized the proposed settlement as "three cents on the dollar ... that's not good in terms of recovery. It's a pittance ... of the total amount of loss."

While the district court also had reservations about the bar order and cooperation provision, it might have been willing to approve those provisions if the monetary settlement had been larger, or to approve the monetary settlement if the other provisions had been absent. The order left the parties free to negotiate a settlement agreement more favorable to the class. *See Grant v. Local 638,* 373 F.3d 104, 109

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

(2d Cir.2004) (the parties "may be deprived of [their] opportunity to settle this case ... on terms as favorable as those contained in the settlement agreement. However ... more is required in order to find irreparable harm" under *Carson* ).

The parties' second argument is that the "wasting insurance policy" which was to pay for the settlement will be depleted by further litigation. This is not adequate to show that the order will have serious, perhaps irreparable consequences; the parties have not shown that the insurance fund is the only source for a settlement or recovery. Indeed, one of the district court's principal objections to the agreement was that it limited the monetary settlement to the insurance fund, allowing the defendants to "walk away from this lawsuit with no personal liability."In *Carson,* the refused injunctive relief would have led to an "immediate restructuring of[the employer's] transfer and promotional policies," so the employees were harmed by the continuing effect of the allegedly discriminatory policies. 450 U.S. at 89. Here, the parties simply point to the cost of further litigation; this is not a serious or irreparable consequence. We lack jurisdiction over this appeal.

**\*3 2.** In the alternative, the parties ask us to treat their appeal as a petition for a writ of mandamus. Mandamus is not appropriate here; the district court's order did not constitute "usurpation of judicial power or a clear abuse of discretion." *Cordoza v. Pacific States Steel Corp.,* 320 F.3d 989, 998(9th Cir.2003).

**DISMISSED.**

C.A.9 (Mont.),2009.
In re Touch America Holdings, Inc. Erisa Litigation
--- F.3d ----, 2009 WL 1067185 (C.A.9 (Mont.)), 09 Cal. Daily Op. Serv. 4824

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.