# EXHIBIT P



LEXISNEXIS® FILE & SERVE
22590770
E-SERVICE
Nov 21 2008
3:11PM

1  Michael L. Koon
   James P. Muehlberger
2  Shook Hardy & Bacon LLP
   2555 Grand Boulevard
3  Kansas City, Missouri  64108-2613

4  Pamela M. Overton
   Greenberg Traurig, LLP
5  2375 East Camelback Road, Suite 700
   Phoenix, Arizona  85016
6

7  **Counsel for Aventis Pharmaceuticals Inc.
   and Hoechst Marion Roussel, Inc.**

8

9  **[Names of Additional Defense Counsel appear on signature page]**

10

11

12                    IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

13                         IN AND FOR THE COUNTY OF MARICOPA

14

15

16 | ROBERT J. SWANSTON, individually and on behalf of himself and all others similarly situated, | No. CV2002-004988 |
17 |
   |                                                 |
18 |                                    Plaintiff,    | **REPLY IN SUPPORT OF MOTION TO STAY AS TO THE TRACK TWO DEFENDANTS** |
19 | v.                                              |
20 | TAP PHARMACEUTICAL PRODUCTS INC.; et al.,       | (Assigned to the Honorable Edward O. Burke) |
21 |
   |                                                 |
22 |                                    Defendants.   |

23

24

25

26

**INTRODUCTION**

In response to the Track Two Defendants[1] ("T2 Defendants") Motion to Stay, Plaintiff continues to contort and misrepresent the MDL parties' Track Two Settlement Agreement and Release ("T2 Settlement and Release").  As part of the T2 Settlement and Release, the T2 Defendants paid $125 million to consumers and TPPs nationwide, including every Arizona consumer who paid on the basis of AWP for T2 Defendants' class drugs—essentially the entire class that Plaintiff seeks to represent. The settlement offers putative class members here substantial economic benefits— generally speaking, a *full refund* of their out-of-pockets costs for class drugs and, in some cases, *triple* their out-of-pocket costs.[2]

In exchange for the refund, the T2 Defendants bargained for and obtained nationwide "AWP peace."  The T2 Settlement and Release provides for the release of:

> *any and all claims*, demands, actions, suits, causes of action, damages whenever incurred, *and liabilities of any nature whatsoever*…, known or unknown, suspected or unsuspected, in law or equity, that any [consumer class member]…ever had, now has, or hereafter can, shall, or may have, directly, indirectly, representatively, derivatively, or in any capacity, *arising out of any conduct, events, or transactions relating to any drug price published by any commercial price reporting service*, or provided by any [T2 Defendant] to any such commercial price reporting

---

[1]   The T2 Defendants include Abbott Laboratories, Amgen Inc., Aventis Pharmaceuticals Inc., Hoechst Marion Roussel, Baxter Healthcare Corp., Baxter International Inc., Bayer Corporation, Dey, Inc., Fujisawa Healthcare, Inc., Fujisawa USA, Inc., Immunex Corporation, Pharmacia Corporation, Pharmacia & Upjohn LLC (f/k/a Pharmacia & Upjohn, Inc.), Sicor, Inc., Gensia, Inc., Gensia Sicor Pharmaceuticals, Inc., and ZLB Behring, L.L.C. (f/k/a Aventis Behring L.L.C.).  Watson Pharmaceuticals, Inc. is part of the Track Two Settlement Agreement and Release, but is not a defendant in the *Swanston* Action.

[2]   *See* Class Plaintiffs' Notice of Filing of Amendment to Track Two Settlement and Release, *In re AWP*, No. 01-12257, at Ex. K (D. Mass. Apr. 4, 2008) (Dkt. No. 5197) (attached as Ex. 1).

PHX 328509094v1

service (including, but not limited to, AWP, SLP, WAC, NWP, WPP and Direct Price) *and or any marketing activity relating to any such price*, such as any reference to the difference between (1) a price paid and (2) any reported price or reimbursement rate based on such a reported price, *that were or could have been alleged against any [T2 Defendant] in any of the MDL Class Complaints* regarding any payment made by any Consumer Settlement Class Member for any [class] drug manufactured, marketed, sold, or distributed by any [T2 Defendant]….[3]

The release excludes claims "unrelated to AWP pricing":

B. Reservation of Claims and Rights.

1. Released Consumer Class Claims…shall not include claims *unrelated to AWP pricing, marketing or sales activities, including, but not limited to*, claims stemming from improper off-label marketing, price fixing, *antitrust violations*, and misrepresentation or fraud in the marketing or sales of pharmaceuticals *unrelated to the allegations in the MDL Class Complaints*.[4]

Plaintiff's counsel, Donald Haviland, was at one time "co-lead" class counsel for the MDL plaintiffs.[5]  On January 3, 2008, the MDL Court struck Mr. Haviland as class counsel because, among other reasons, he made several "misrepresentations" and "inconsistent" statements to courts, which Judge Saris found to be "a breach of trust as class counsel."[6]  Having been struck as class counsel in the MDL, Mr. Haviland now seeks to undermine the T2 Settlement Agreement and Release, and obtain double recovery from this Court on behalf of certain class members included in the T2 MDL settlement classes.  The Court should grant the T2 Defendants' Motion

---

[3]    T2 Settlement and Release, *In re AWP*, No. 01-12257, at 11-12 (D. Mass. Mar. 7, 2008) (Dkt. No. 5133) (emphasis added) (attached to Motion to Stay as Ex. 8).

[4]    T2 Settlement and Release at 42-43 (emphasis added).

[5]    *See* Memorandum and Order, *In re AWP*, No. 01-12257, at 1 (D. Mass. Jan. 3, 2008) (Dkt. No. 4972) (attached as Ex. 2).

[6]    *See id.* at 5 n.2 & 5-9.

PHX 328509094v1

1   to Stay, and give effect to the MDL Court's injunction that prohibits overlapping

2   AWP-related actions.

3                                    **ARGUMENT**

4       The cardinal principle in construing contracts is to effectuate the intent of the

5   parties.[7]   Rules of construction, such as *ejusdem generis*, are secondary and apply

6   only when the intent of the parties is unclear.[8]  This is not such a case.

7       First, the release in the T2 Settlement and Release is clear and unambiguous:  it

8   includes *all* claims related to AWP pricing, marketing or sales activities, and excludes

9   *all* claims unrelated to AWP pricing, marketing or sales activities.  Indeed, the AWP

10  MDL proceedings involved antitrust claims.[9]   Resolution of all AWP-related claims,

11  whether for fraud, consumer protection, conspiracy, *or violation of antitrust laws*, was

12  the clearly expressed intent of the parties.

13      Second, although Plaintiff attempts to invoke the doctrine of *ejusdem generis*,

14  the MDL parties' use of "including, but not limited to" language in the Reservation of

15  Claims clause confirms that the parties' intended that *ejusdem generis* would <u>*not*</u> be

16  applicable.  *See Cintech Indus. Coatings, Inc. v. Bennett Indus., Inc.*, 85 F.3d 1198,

17  1202-03 (6th Cir. 1996) ("The *ejusdem generis* rule only applies…if the provision in

18  question does not express a contrary intent….  Numerous courts have found that the

19  use of the words 'including, but not limited to'…reflect such a contrary intent.").[10]

---

20  [7]      *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 153, 854 P.2d 1134, 1139 (1993) (internal quotation omitted).

21  [8]      *U.S. v. Migi*, 329 F.3d 1085, 1088-89 (9th Cir. 2003) (*ejusdem generis* does not apply where the contract or statute's "plain meaning is apparent"); *Nat'l*
22  *Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 96 n.1 (9th Cir. 1983); *State v. Casey*, 10 Ariz. App. 516,519, 460 P.2d 52, 55 (1969).

23  [9]      *See* Complaint, *In re AWP*, No. 01-12257 (D. Mass. Dec. 19, 2001) (Dkt. No. 1) (asserting antitrust claims based on the Clayton and Sherman acts).
24
    [10]     *See also Migi*, 329 F.3d at 1088-89 ("'including, but not limited
25  to[,]'…mitigates the sometimes unfortunate results of rigid application of the ejusdem generis rule"); *Ramirez, Leal & Co. v. City Demonstration Agency*,
26  549 F.2d 97, 104 (9th Cir. 1976) (same).

- 4 -

1  Accordingly, Plaintiff's arguments are unfounded and should be rejected.

2        Moreover, whereas *ejusdem generis* is a principle that restricts and limits the

3  meaning of general terms,[11] Plaintiff misapplies the principle to *expand* the meaning

4  of the phrase "unrelated to AWP pricing, marketing or sales activities" to include *all*

5  antitrust claims—even those that relate to AWP pricing.  This absurd application of

6  the doctrine would violate another canon of statutory construction:  That language

7  must be interpreted "according to its plain meaning, except in the rare cases [in

8  which] the literal application of a statute will produce a result demonstrably at odds

9  with the intentions of its drafters."[12]  Using *ejusdem generis* to expand the plain

10 meaning of "unrelated to AWP pricing, marketing or sales activities" to include

11 antitrust claims *related* to AWP pricing is clearly inconsistent with the MDL parties'

12 intent.

13       Finally, even assuming *arguendo* that *ejusdem generis* would apply, that

14 doctrine supports the T2 Defendants' interpretation.  "AWP pricing," which concerns

15 a narrow factual situation and claims based on a specific pricing metric, is much more

16 specific than the general term "antitrust violations," which encompasses a universe of

17 potential conduct of all types.  Under the *ejusdem generis* doctrine, the meaning of the

18 general term "antitrust violations" must be restricted to the specific term that precedes

19

20 _____
   [11]  *See Aqua-Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 677 (9th Cir.
21 1997) (*ejusdem generis* restricts general terms); *Arizona Biltmore Estates
   Assoc. v. Tezak*, 177 Ariz. 447, 449, 868 P.2d 1030, 1032 (1993) ("general
22 language must be *confined* in its meaning by the specific enumeration which
   precedes it unless an intention to the contrary is clearly shown.") (emphasis
23 added).

   [12]  *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1147 (9th Cir. 2002); *see also
24 Texas v. United States*, 292 U.S. 522, 534, 54 Sup. Ct. 819, 825, 78 L. Ed.
   1402 (1934) ("The rule of 'ejusdem generis' is applied as an aid in
25 ascertaining the intention of the Legislature, not to subvert it when
   ascertained"); *Arizona Dep't of Revenue v. Gen. Motors*, 188 Ariz. 441, 444-
26 445, 937 P.2d 363, 366-367 (App. 1996).

1    it: "unrelated to AWP pricing."[13]

2         The release in the T2 Settlement and Release clearly excludes only antitrust

3    claims that are "unrelated to AWP pricing, marketing or sales activities," and the

4    AWP MDL federal district court has enjoined Plaintiff from pursuing overlapping

5    AWP claims against the T2 Defendants.  The T2 Defendants therefore request that the

6    Court stay all proceedings against the T2 Defendants.

7                                    **CONCLUSION**

8         Based upon the foregoing reasons, the Court should stay this action as it

9    pertains to Abbott Laboratories, Amgen Inc., Aventis Pharmaceuticals Inc.,

10   Hoechst Marion Roussel, Baxter Healthcare Corp., Baxter International Inc.,

11   Bayer Corporation, Dey, Inc., Fujisawa Healthcare, Inc., Fujisawa USA, Inc.,

12   Immunex Corporation, Pharmacia Corporation, Pharmacia & Upjohn LLC (f/k/a

13   Pharmacia & Upjohn, Inc.), Sicor, Inc., Gensia, Inc., Gensia Sicor

14   Pharmaceuticals, Inc., and ZLB Behring, L.L.C. (f/k/a Aventis Behring L.L.C.).

15   RESPECTFULLY SUBMITTED this 21st day of November, 2008.

16

17                      **Counsel for Abbott Laboratories:**

18
                        Randy Papetti
19                      Lewis and Roca LLP
                        40 North Central Avenue
20                      Phoenix, Arizona  85004-4429

21

22

23

24   _____
     [13]    *See Arizona Biltmore Estates Assoc.*, 177 Ariz. at 449, 868 P.2d at 1032
25           ("general language must be confined in its meaning by the specific
             enumeration which precedes it unless an intention to the contrary is clearly
26           shown.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Lee Ann Russo
Adam W. Wiers
Jones Day
77 W. Wacker Drive
Chicago, IL 60601-1692

**Counsel for Pharmacia Corporation,
Pharmacia & Upjohn, Inc.,
Monsanto Company, and G.D. Searle
& Company:**

Barry D. Halpern
Joseph G. Adams
Snell & Wilmer L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, Arizona  85004-2202

John C. Dodds
Jamie L. Ghen
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania  19103-2921

Scott A. Stempel, Esq.
J. Clayton Everett, Jr.
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

**Counsel for Bayer Corporation:**

D. Samuel Coffman
Mariscal, Weeks, McIntyre & Friedlander, P.A.
2901 N. Central Ave., Suite 200
Phoenix, Arizona 85012

Richard D. Raskin
Michael P. Doss
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603

- 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Counsel for Fujisawa Healthcare, Inc.
and Fujisawa USA, Inc.**

Kathleen H. McGuan
Andrew L. Hurst
Reed Smith LLP
1301 K Street NW
Suite 1100 - East Tower
Washington, D.C.  20005

Michael T. Scott
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania  19103-7301

Martin A. Aronson
William D. Cleaveland
Morrill & Aronson, P.L.C.
One E. Camelback Road, Suite 340
Phoenix, Arizona  85012-1648

**Counsel for Dey, Inc.:**

Paul F. Doyle
Christopher C. Palermo
Philip Robben
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York  10178

Don Bivens
SNELL & WILMER, L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, AZ  850004-2202

**Counsel for Aventis Pharmaceuticals Inc.
and Hoechst Marion Roussel, Inc.:**

Michael L. Koon
James P. Muehlberger
Shook Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, Missouri  64108-2613

- 8 -

Pamela M. Overton
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona  85016


**Counsel for Baxter International
and Baxter Healthcare Corporation:**

J. Andrew Jackson
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006

Vincent J. Montell
Anthony J. Fernandez
Holloway, Odegard, Forrest & Kelly P.C.
3101 N. Central Ave., Suite 1200
Phoenix, Arizona  85012


**Counsel for Amgen Inc.:**

Joseph H. Young
Steven F. Barley
Jennifer A. Walker
Hogan & Hartson L.L.P.
111 S. Calvert Street, Suite 1600
Baltimore, Maryland  21202

Andrew S. Gordon
James D. Jorgensen
Coppersmith Gordon Schermer,
  Owens & Nelson P.L.C.
2800 N. Central Avenue, Suite 1000
Phoenix, Arizona  85004-1007


**Sicor Inc. (f/k/a Sicor Pharmaceuticals, Inc.,
f/k/a Gensia Sicor Pharmaceuticals, Inc.):**

Michael J. O'Connor
Jennings, Strouss & Salmon, PLC
201 E. Washington Street
Phoenix, Arizona  85004

- 9 -

1    Jay P. Lefkowitz
     Kirkland & Ellis LLP
2    153 East 53rd Street
     New York, New York  10022
3

4    Jennifer G. Levy
     Patrick M. Bryan
5    John K.D. Chrisham
     Kirkland & Ellis LLP
6    655 Fifteenth Street N.W.
     Washington D.C.  20005
7

8    **Counsel for ZLB Behring, L.L.C. (f/k/a Aventis Behring L.L.C.):**

9    William D. Nussbaum
     Jonathan T. Rees
10   Hogan & Hartson L.L.P.
     555 13th Street, N.W., Suite 13-W
11   Washington, D.C.  20004

12
     Pamela M. Overton
13   Greenberg Traurig, LLP
     2375 East Camelback Road, Suite 700
14   Phoenix, Arizona  85016

15
     **Counsel for Immunex Corporation:**
16
     David J. Burman
17   Kathleen M. O'Sullivan
     Perkins Coie LLP
18   1201 Third Avenue, Suite 4800
     Seattle, Washington  98101-3099
19

20   Michael K. Kennedy
     Gallagher & Kennedy, P.A.
21   2575 E. Camelback Road
     Phoenix, Arizona  85016-9225
22

23

24

25

26

- 10 -

1       By  /s/ Pamela M. Overton
           Pamela M. Overton

2

      Attorneys for Defendants Counsel for Aventis Pharmaceuticals
3      Inc. and Hoechst Marion Roussel, Inc. and on behalf of
      Defendants listed above for purposes of this Motion only
4

5
This document has been e-filed, and copies have been
6 sent  by e-mail to the all parties to this action that have
subscribed to LexisNexis File & Serve in this case
7 on this 21st day of November, 2008:

8 COPY of the foregoing also hand-delivered
this 21st day of November, 2008, to:
9

The Honorable Edward O. Burke
10 Maricopa County Superior Court
125 W. Washington, OCH 101
11 Phoenix, Arizona 85003

12

13  /s/ Pamela M. Overton

14

15

16

17

18

19

20

21

22

23

24

25

26

- 11 -

PHX 328509094v1