UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>   *The City of New York, et al.*<br>*v.*<br>   *Abbott Laboratories, et al.* | )<br>)  MDL NO. 1456<br>)  Civil Action No. 01-12257-PBS<br>)   Subcategory Case No: 03-10643-PBS<br>)<br>)  Judge Patti B. Saris<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS AS TO WYETH PHARMACEUTICALS, INC.**

Pursuant to Rule 56.1 of the Local Rules of this Court, plaintiffs hereby submit their Statement of Undisputed Material Facts Applicable to Defendant Wyeth Pharmaceuticals, Inc., (hereinafter "Wyeth") in support of their Motion for Partial Summary Judgment.

**I.  WYETH SPECIFIC FACTS**

**1.** The Wyeth drug and NDCs that have been examined in connection with this motion are set forth in Exhibit A hereto.  This exhibit also sets forth Wyeth's Published AWPs and WACs for this Drug and NDCs, any operative Federal Upper Limit ("FUL") and Wyeth's AMPs.  The exhibit notes which NDCs are associated with package sizes that set the FUL.

**2.** The specific Wyeth drug at issue is the Lorazepam 1MG Tablet.

**3.** Wyeth manufactures prescription drugs and transacts business in the State and City of New York.  *See* Defendant Wyeth's Answer and Affirmative Defenses to Revised First Amended Consolidated Complaint, ("Wyeth Answer") [Docket #5640] at ¶44.

**4.** Wyeth executed the federal Medicaid rebate agreement.  *See* Wyeth Answer at ¶ 116-123, ¶ 132.

5.  Wyeth launched lorazepam in 1998 and ceased selling it in 2003. *See* Wyeth 30(b)(6) (Truex, Richard) dated 6/19/08 ("Wyeth 30(b)(6)(Truex) 6/19/08 Dep.) (Exhibit B) at 109:2-4; *see also* Wyeth 30(b)(6) (Bartone, Dominick) 5/22/08 ("Wyeth 30(b)(6)(Bartone) 5/22/08 Dep.) (Exhibit C) at 35:6-8.

**Wyeth Set and Reported Its AWPs and WACs**

6.  At all times, from 1997 to 2005, Wyeth reported or caused to be reported the AWPs (in the form of SWPs) for its drugs to the publishing compendia. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 63:7-64:22; 74:22-75:8; 113:5-114:11. Wyeth knew the publishing compendia would publish the SWPs as AWPs, without altering the SWPs reported. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 63:7-64:22; 81:17-82:2.

7.  Wyeth reported or caused to be reported the same AWPs to all three of the national compendia. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 74:22-75:8.

8.  Wyeth knew and controlled the AWPs for its drugs that were published by the national drug pricing compendia. Wyeth's price catalog unit verified that the correct AWPs were published by the pricing services. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 117:2-22. If Wyeth became aware that the published AWPs were incorrect, Wyeth would request the compendia to publish the correct AWPs. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 95:14-20.

9.  At all times, from 1997 to 2005, Wyeth reported or caused to be reported WACs or DPs for its drugs to the publishing compendia. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 45:13-20.

10. Wyeth referred to WACs and DPs interchangeably. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 77:21-78:7; 86:19-22.

11. Wyeth reported or caused to be reported the same WACs/DPs to all three of the national compendia. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 77:21-78:11.

12. Wyeth knew and controlled the WACs/DPs for its drugs that were being published by the national drug pricing compendia. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 66:1-69:3. In the ordinary course of business, Wyeth received product verifications from Red Book. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 71:19-22. In the ordinary course of business, Wyeth confirmed the published WACs/DPs and returned the verification with any necessary changes. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 69:19-69:3.

13. Wyeth knows that Medicaid reimbursements can be based on AWPs. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 41:9-42:2; 43:4-6.

14. Wyeth knows that CMS sets the FUL on published prices for generic products. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 137:5-16. Wyeth understands that CMS establishes a FUL when there are at least three manufacturers of a particular generic product. *Id*. Wyeth's understanding is that the FUL is equal to 150% of the lowest published price. *Id*.

**Wyeth's Published AWPs and WACs had No Relationship to Actual Prices**

15. Wyeth set AWPs at or near the AWPs set by the competing generic manufacturers selling the same generic drug. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 60:9-18.

16. Wyeth did not factor in what wholesalers charged pharmacies in establishing suggested AWPs. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 100:6-102:13.

17. Wyeth's AWPs were not set based on actual prices, but rather based on its competitors' AWPs. *Id*.

18. According to a study Wyeth performed in the year 2000, the difference between AWP and WAC/DP ranged from 25% to 1,646%. Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at

120:6 – 20. The difference between AWP and the customers' actual prices would be even greater. *See* Truex, Richard 124:20-125:8.

19. Wyeth's contract prices were lower than Wyeth's published WAC/DP. *See* Wyeth 30(b)(6)(Bartone) 5/22/08 Dep. (Exhibit C) at 125:8-126:14.

20. As competition progressed, the price Wyeth charged its customers would decline, but Wyeth never would lower its WAC/DP when it lowered the prices to its customers. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) 46:5-48:22.

21. The majority of sales to Wyeth customers would be at a price less than the DP/WAC. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 49:5-11.

22. At all times from 1997 to 2005, Wyeth sold its drugs to the three national wholesalers and/or one of their predecessor companies. *See* Wyeth 30(b)(6)(Bartone) 5/22/08 Dep. (Exhibit C) at 44:10 - 45:5.

23. The WAC, used interchangeably with Direct Price, reported or caused to be reported by Wyeth does not account for rebates paid to wholesalers. *See* Wyeth 30(b)(6)(Bartone) 5/22/08 Dep. (Exhibit C) at 175:14-177:11.

24. As a standard practice, Wyeth offered its wholesaler customers quarterly rebates that reduced the wholesalers' acquisition cost. *See* Wyeth 30(b)(6)(Bartone) 5/22/08 Dep.(Exhibit C) at 129:11-131:2. Such quarterly rebates are based on net sales to the wholesaler – they are based on "sales less chargeback units, adjustments and returns." *See* Wyeth 30(b)(6)(Bartone) 5/22/08 Dep. (Exhibit C) at 133:8-18.

25. Wyeth sells drugs to pharmacies pursuant to contract. *See* Wyeth 30(b)(6)(Bartone) 5/22/08 Dep.(Exhibit C) 64:9-14; 68:7-14.

26.     Wyeth's contract prices are generally lower than Wyeth's published prices. *See* Wyeth 30(b)(6)(Bartone) 5/22/08 Dep. (Exhibit C) at 125:8-126:14.

27.     Wyeth offers discounts and promotions for its generic products to retail pharmacy customers. *See* Wyeth 30(b)(6)(Bartone) 5/22/08 Dep. (Exhibit C) at 90:1-12. These discounts and promotions include free shelf-keeping units, extending a one-time 10% discount on initial stocking orders, and free goods. *See* Wyeth 30(b)(6)(Bartone) 5/22/08 Dep. (Exhibit C) at 91:6-93:10, 96:20-97:3, 99:14-20.

**Wyeth Marketed the Spread**

28.     Wyeth's customers were interested in evaluating, and made purchasing decisions based on the reimbursement spread between its cost and the reimbursement price of an AWP. Wyeth believed it was at a competitive disadvantage because there were other drug manufacturers who reported higher AWPs. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 130:17-131:9. Wyeth understood that retail customers were incentivized to purchase generic products with the largest difference between their acquisition cost and the reimbursement price. *Id*. Wyeth admits that it could have reported lower AWPs than it did, but Wyeth believes retailers would not have purchased their product. *See* Wyeth 30(b)(6)(Truex) 6/19/08 (Exhibit B) at 131:13-132:3.

**Wyeth's AMPs**

29.     At all times, from 1997 to 2005, Wyeth has calculated on a quarterly basis the average manufacturer's price ("AMP") for all its products as required by the federal rebate statute. Wyeth reports AMPs to HHS. *See* Wyeth Answer at ¶ 126.

Dated: May 15, 2009                     Respectfully submitted,

**City of New York and New York Counties in MDL 1456 except Nassau and Orange by**

**KIRBY McINERNEY, LLP**
825 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala_____
By:    Joanne M. Cicala
James P. Carroll Jr.
Jocelyn R. Normand
Kathryn B. Allen

Ross B. Brooks, Esq.
MILBERG LLP
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300
*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
LEVY PHILLIPS &
KONIGSBERG, LLP
800 Third Avenue
New York, NY  10022
(212) 605-6205
*Counsel for the County of Orange*

**CERTIFICATE OF SERVICE**

    I, James P. Carroll Jr., hereby certify that I caused a true and correct copy of the foregoing PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS AS TO WYETH PHARMACEUTICALS, INC., to be served on counsel of record via electronic service pursuant to paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File and Serve for posting and notification to all parties. The confidential exhibits to the foregoing have been served electronically directly to counsel for Wyeth Pharmaceuticals, Inc.

Dated: May 15, 2009

                                                                                                                   /s/
                                                 James P. Carroll, Jr.
                                                 Kirby McInerney LLP
                                                 825 Third Avenue, 16th Floor
                                                 New York, NY 10022
                                                 (212) 371-6600

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Subcategory Case No: 03-10643-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York, et al.*<br>*v.*<br>*Abbott Laboratories, et al.* | ) ) ) ) ) ) ) ) ) Judge Patti B. Saris |

**CONFIDENTIAL EXHIBITS**

**TO**
**PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS AS TO WYETH PHARMACEUTICALS, INC.**

**MAY 15, 2009**

**SUBJECT TO MOTION FOR LEAVE TO FILE UNDER SEAL**