**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) <br> ) MDL NO. 1456 <br> ) Civil Action No. 01-12257-PBS <br> ) Subcategory No. 03-10643 <br> ) |
| THIS DOCUMENT RELATES TO: <br><br> *The City of New York, et al.* <br><br> *v.* <br><br> *Abbott Laboratories, Inc., et al.* | ) <br> ) Judge Patti B. Saris <br> ) <br> ) <br> ) <br> ) |

**JUNE 2009 STATUS REPORT ON BEHALF OF**
**THE CITY OF NEW YORK AND NEW YORK COUNTIES**

The undersigned counsel for the City of New York and New York Counties in the above-captioned action (hereinafter "plaintiffs") hereby submit the attached Status Report for June 2009, in accordance with the Court's June 17, 2004 Procedural Order.

Dated: June 1, 2009

Respectfully submitted,

**City of New York and New York Counties in**
**MDL 1456 except Nassau and Orange, by**

**KIRBY McINERNEY, LLP**
825 Third Avenue
New York, New York 10022
(212) 371-6600

By:  /s/ Joanne M. Cicala_____
Joanne M. Cicala
Kathryn B. Allen

1

Ross B. Brooks, Esq.
MILBERG LLP
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300
*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
LEVY PHILLIPS &
KONIGSBERG, LLP
800 Third Avenue
New York, NY  10022
(212) 605-6205
*Counsel for the County of Orange*

2

**June 2009 Status Report on Behalf of the**
**City of New York and New York Counties**

**Discovery**

1.  Defendants' Rule 30(b)(6) deposition of New York DOH

On April 6, 2009, defendants requested the deposition of a witness from

New York State Department of Health ("DOH") regarding the process by which the DOH

gathered and produced documents in response to defendants' 30(b)(6) subpoena.

On April 9, 2009, the NYAG, on behalf of the DOH, informed defendants that such a

deposition had never before been requested by defendants nor contemplated by Magistrate Judge

Bowler.  The NYAG reminded defendants that at the August 20, 2008 hearing regarding

defendants' motion to compel the New York State Department of Health to comply with

subpoenas, the parties and non-party DOH agreed that DOH would produce Mark-Richard Butt

in his individual capacity and as the DOH's 30(b)(6) witness on the topics identified in

defendants' subpoena.

On April 21, 2009, defendants served a revised subpoena on DOH adding an additional

topic ("Topic 31") to address the "process by which the NY DOH gathered and produced

documents" in response to the subpoena.

On May 7, 2009, the NYAG, on behalf of DOH, suggested that, prior to any deposition

on Topic 31, the parties should meet and confer as to any concerns defendants' had regarding the

NY DOH document production. The NYAG offered dates during the week of June 22, 2009 for

such a meet and confer.  The NYAG awaits defendants' response.

2.  Schering's Motion for a Protective Order

Plaintiffs intend to file their motion to lift the Schering Protective Order and expert affidavit after the Court rules on GSK's Motion for Partial Summary Judgment (Docket No. 5706).

**FUL Expert Reports and Summary Judgment Briefing**

On May 13, 2009, plaintiffs filed their Motion for Permission to File Exhibits Under Seal [Docket No. 6048, Sub-docket No. 50].  On May 21, 2009, the Court granted in-part plaintiffs' motion for permission to file exhibits under seal for all data from 2004 to the present.

On May 15, 2009, the parties filed their motions for summary judgment regarding plaintiffs' FUL claims.

Specifically, plaintiffs filed the following in support of their motion for partial summary judgment:  (i) Plaintiffs' Notice of Motion for Partial Summary Judgment on Issues Relating to the Federal Upper Limit and Under New York Social Services Law § 145-b [Docket No. 6058, Sub-docket No. 60]; (ii) Plaintiffs' Motion for Partial Summary Judgment on Issues Relating to the Federal Upper Limit and Under New York Social Services Law §145-b [Docket No. 6076; Sub-docket No. 77]; (iii) Plaintiffs' Memorandum of Law in Support of Motion for Partial Summary Judgment on Issues Relating to the Federal Upper Limit and Under New York Social Services Law § 145-b [Docket No. 6077, Sub-docket No. 78]; (iv) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts Related to Federal Upper Limits ("FULs") and Applicable to All Thirteen FUL Defendants (the "FUL Thirteen") [Docket No. 6060, Sub-docket No. 62]; (v) Declaration of Harris L. Devor in Support of Plaintiffs' Motion for Partial Summary Judgment on Issues Relating to the Federal Upper Limit and Under New York Social Services Law § 145-b [Docket No. 6061, Sub-docket No. 61]; (vi) Declaration of Joanne M. Cicala in

Support of Plaintiffs' Memorandum of Law in Support of Motion for Partial Summary Judgment on Issues Relating to the Federal Upper Limit and Under New York Social Services Law § 145-b [Docket No. 6075, Sub-docket No. 76]; (vii) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts as to Barr Laboratories, Inc. [Docket No. 6062, Sub-docket No. 63]; (viii) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts as to Dey L.P. and Dey, Inc. [Docket No. 6063, Sub-docket No. 64]; (ix) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts as to Ethex Corporation [Docket No. 6064, Sub-docket No. 65]; (x) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts as to Ivax Corporation and Ivax Pharmaceuticals Inc. [Docket No. 6065, Sub-docket No. 66]; (xi) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts as to Mylan Laboratories Inc., Mylan Pharmaceuticals Inc., and UDL Laboratories Inc. [Docket No. 6066, Sub-docket No. 67]; (xii) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts as to Par Pharmaceuticals Company, Inc., and Par Pharmaceutical, Inc. [Docket No. 6067, Sub-docket No. 68]; (xiii) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts as to Purepac Pharmaceutical Co. [Docket No. 6068, Sub-docket No. 69]; (xiv) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts as to Boehringer Ingelheim Roxane, Inc. [Docket No. 6069, Sub-docket No. 70]; (xv) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts as to Sandoz, Inc. [Docket No. 6070, Sub-docket No. 71]; (xvi) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts as to Teva Pharmaceuticals USA, Inc. [Docket No. 6071, Sub-docket No. 72]; (xvii) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts as to Schering Corporation, Schering-Plough Corporation, and Warrick Pharmaceuticals Corporation [Docket No. 6072, Sub-docket No. 73]; (xviii) Plaintiffs' Local Rule 56.1 Statement of Undisputed

Material Facts as to Watson Pharmaceuticals Inc., and Watson Pharma Inc. [Docket No. 6073, Sub-docket No. 74]; (xix) Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts as to Wyeth Pharmaceuticals, Inc. [Docket No. 6074, Sub-docket No. 75].

Defendants filed the following in support of their motion for summary judgment: (i) Defendants' Joint Motion for Leave to File Memorandum in Excess of Twenty Pages (granted on May 28, 2009) [Docket No. 6051, Sub-docket No. 52]; (ii) Defendants' Joint Motion for Summary Judgment on Plaintiffs' "FUL Fraud" Claims [Docket No. 6052, Sub-docket No. 53]; (iii) Defendants' Memorandum in Support of their Joint Motion for Summary Judgment on Plaintiffs' "FUL Fraud" Claims [Docket No. 6084, Sub-docket No. 79]; (iv) Local Rule 56.1 Statement of Undisputed Material Facts Supporting Defendants' Joint Motion for Summary Judgment on Plaintiffs' "FUL Fraud" Claims [Docket No. 6054, Sub-docket No. 55]; (v) Declaration of Kim B. Nemirow Transmitting Deposition Testimony and Hearing Transcripts Relied Upon in Support of Defendants' Joint Motion for Summary Judgment on Plaintiffs' "FUL Fraud" Claims [Docket No. 6055, Sub-docket No. 56]; (vi) Affidavit of Dr. Sumanth Addanki [Docket No. 6056, Sub-docket No. 57]; (vii) Affidavit of Cesar A. Perales [Docket No. 6057, Sub-docket No. 58].

The parties are scheduled to file their opposition briefs on June 15, 2009. Replies are due June 30, 2009. Oral argument is set for July 8, 2009.

**GSK Motion for Partial Summary Judgment**

On April 16, 2009, the Court heard oral arguments regarding defendant GSK's Motion for Partial Summary Judgment (Docket No. 5706). At the hearing, the Court ordered GSK to produce a rebate witness in response to plaintiffs' 30(b)(6) notice. And the Court ordered the

6

parties to submit any supplemental briefs and expert affidavits solely addressing utilization rebates on or before May 30, 2009.  *See* April 16, 2009 Hearing Transcript, 51:1-9.  After the hearing, the Court entered electronic notes on GSK's motion stating that the "Court takes matter under advisement."

On May 21, 2009, the Court granted the parties' Stipulation for Additional Proceedings with Respect to GlaxoSmithKline's Motion for Partial Summary Judgment, filed May 13, 2009 [Docket No. 6049, Sub-docket No. 51].  The stipulation provides:  (1) on June 3, 2009, plaintiffs will take a Rule 30(b)(6) deposition regarding rebate issues; "(2) [o]n or before June 16, 2009, plaintiffs will file a supplemental brief and/or expert affidavit that further addresses the issue of how the Court should treat rebates under the WAC List Price test; (3) [o]n or before June 30, 2009, defendant GSK will file a response to [p]laintiffs' June 16th filing; and (4) the parties may request an additional oral argument with respect to GSK's motion for partial summary judgment and the rebate issues to be scheduled by the Court at its convenience after June 30, 2009."

## Other Proceedings

On May 28, 2009, plaintiffs appeared in front of the Court for a status conference regarding the status of settlements in all actions, in accordance with the Court's notice of status conference entered on May 6, 2009.   Plaintiffs reported that they had reached settlements in principle with ten (10) defendants and that draft settlement agreements were being exchanged.

## CERTIFICATE OF SERVICE

I, Kathryn Allen, hereby certify that on the 1st day of June, 2009, I caused a true and correct copy of the above June 2009 Status Report on behalf of the City of New York and New York Counties to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

Dated:  June 1, 2009

/s/ Kathryn B. Allen
Kathryn B. Allen
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600