# EXHIBIT 7

# Condensed Transcript

# Deposition of
# Andrew Boyer

### taken on
### May 4 - 5, 2009

**ALABAMA MEDICAID PHARMACEUTICAL
AVERAGE WHOLESALE PRICE LITIGATION
Master Docket No. 2005-219**

**This Document Relates to:**

**State of Alabama v. Watson Laboratories, Inc.
Case No. 2005-219.74**

**State of Alabama v. Watson Pharma, Inc.
Case No. 2005-219.75**

**State of Alabama v. Watson Pharmaceuticals, Inc.
Case No. 2005-219.76**



BAKER&BAKER

**Certified Court Reporters,
Certified Legal Video Specialists,
and Trial Presentation Consultants
(334) 262-3332  888-253-3377
www.baker-baker.com**

Andrew Boyer
May 4, 2009

Page 1

    \*     \*     \*     \*     \*     \*     \*     \*

The videotaped deposition of ANDREW

BOYER, VOLUME I, was taken before Cornelia

J. Baker, Certified Court Reporter, ABCR

290, and Certified Shorthand Reporter, as

Commissioner, on Monday, May 4, 2009,

commencing at approximately 1:41 p.m., in

the law offices of Alston & Bird, 90 Park

Avenue, New York, New York.

    \*     \*     \*     \*     \*     \*     \*     \*

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY
STATE OF ALABAMA

In the Matter of:

ALABAMA MEDICAID
PHARMACEUTICAL AVERAGE          MASTER DOCKET
WHOLESALE PRICE LITIGATION      NO. CV-2005-219

-------------------------------------------

This Document Relates to:

State of Alabama v.
Watson Laboratories, Inc.
No. 2005-219.74

State of Alabama v.
Watson Pharma, Inc.
No. 2005-219.75

State of Alabama v.
Watson Pharmaceuticals, Inc.
No. 2005-219.76

25

Andrew Boyer
May 4, 2009

| Page 2 | Page 4 |
|---|---|

**Page 2**

```
 1        *   *   *   *   *   *   *
 2   IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
          STATE OF HAWAII
 3
 4   State of Hawaii
 5   v.
 6   Abbott Laboratories, Inc., et al.
 7   Civil No. 06-1-0720-04-EEH
 8
 9   State of Hawaii
10   v.
11   Schering Corporation; DOE
     Corporations 1-100; DOE
12   Entities 1-100
13   Civil No. 07-1-1639-09-EEH
14
         *   *   *   *   *   *   *
15
     STATE OF WISCONSIN CIRCUIT COURT DANE COUNTY
16          Branch 9
17   State of Wisconsin
18   v.
19   AMGEN, Inc., et al.
20   No. 04-CV-1709
21       *   *   *   *   *   *   *
22
23
```

**Page 4**

```
 1        *   *   *   *   *   *   *
 2        STATE OF SOUTH CAROLINA
            COUNTY OF RICHLAND
 3
 4       IN THE COURT OF COMMON PLEAS
         FOR THE FIFTH JUDICIAL CIRCUIT
 5
 6       Master Case No. 2006-CP-40-4394
         The Honorable J. Cordell Maddox, Jr.
 7
 8   In Re: South Carolina Pharmaceutical
     Pricing Litigation
 9
10   The document relates to:
11   Watson Pharma, Inc., and
     Watson Pharmaceuticals, Inc.
12
13   Civil Action No. 06-CP-40-7152
     Civil Action No. 06-CP-40-7155
14
15       *   *   *   *   *   *   *
16   IN THE SUPERIOR COURT FOR THE
            STATE OF ALASKA
17     THIRD JUDICIAL DISTRICT AT ANCHORAGE
18   State of Alaska
19   v.        Case No. 3AN-06-12026-CI
20   Alpharma Branded Products
21   Division, Inc., et al.
22
23       *   *   *   *   *   *   *
```

**Page 3**

```
 1        *   *   *   *   *   *   *
 2       IN THE CIRCUIT COURT OF
          COOK COUNTY, ILLINOIS
 3   COUNTY DEPARTMENT, CHANCERY DIVISION
 4   The People of the State of Illinois
 5   v.
 6   Abbott Laboratories, et al.
 7   No. 05-CH-2474
 8       *   *   *   *   *   *   *
 9   IN THE DISTRICT COURT OF THE FOURTH JUDICIAL
     DISTRICT OF THE STATE OF IDAHO, IN AND FOR
10          THE COUNTY OF ADA
11   State of Idaho
12   v.
13   Alpharma USPD INC.; AstraZeneca
     Pharmaceuticals LP; AstraZeneca LP
14
     Case No. CV0C07-01847
15
16       *   *   *   *   *   *   *
17        TRAVIS COUNTY, TEXAS
           419TH JUDICIAL DISTRICT
18         CAUSE NO. D-1-GV-001566
19   The State of Texas, ex rel.,
     Ven-A-Care of the Florida Keys, Inc.,
20
     v.
21
     Alpharma USPD f/k/a
22   Barre-National, Inc., et al.
23       *   *   *   *   *   *   *
```

**Page 5**

```
 1        *   *   *   *   *   *   *
 2       IN THE CHANCERY COURT OF
         RANKIN COUNTY, MISSISSIPPI
 3       20TH CHANCERY COURT DIVISION
 4   State of Mississippi
 5   v.        Civil Action No. G2009-65597
 6   Watson Pharma, Inc.
 7
 8   State of Mississippi
 9   v.        Civil Action No. G2009-65629
10   Watson Pharmaceuticals, Inc.
11
12   State of Mississippi
13   v.        Civil Action No. G2009-65630
14   Watson Laboratories, Inc.
15       *   *   *   *   *   *   *
16
17
18
19
20
21
22
23
```

2 (Pages 2 to 5)

Andrew Boyer
May 4, 2009

Page 266

1          A. I think the intent of this was
2    to market it competitively with Mylan in the
3    marketplace.
4          Q. Well, we'll move along then.
5    Let's talk about a different subject.
6               Would you agree that AWP is not
7    a price that is regularly paid by retail
8    pharmacists to purchase Watson's drugs?
9          A. At what point in time?
10         Q. Any point in time.
11         A. Today, I wouldn't believe that
12   anybody is purchasing product for AWP -- but
13   I'm guessing -- or paying it at retail. I
14   can't tell you back eighteen, nineteen years
15   ago how much the markup above the contract or
16   WAC or price would have been.
17         Q. Can you point to a single
18   example for this Jury of a single retail
19   pharmacist that ever paid the AWP that was
20   calculated by either Schein or Watson?
21         A. I would have no way of knowing
22   that.
23         Q. So the answer is no, you

Page 267

1    cannot, correct?
2          A. I'm telling you that I've had
3    no way of knowing what they paid at retail
4    unless they purchased it directly from
5    Watson.
6          Q. Well, that -- with all due
7    respect, Mr. Boyer --
8          A. Yes.
9          Q. -- you, in fact, have about 90
10   percent of your business through contracts,
11   direct contracts with customers, correct?
12         A. That's today, yes.
13         Q. And that goes back for some
14   time, at least to 1996, correct?
15         A. That's correct -- to '96? I
16   don't know about '96, but, you know, it goes
17   back.
18         Q. With those direct customers,
19   you knew exactly what price Schein was
20   charging them, or Watson, correct?
21            MR. FARQUHAR: Objection.
22            Schein and Watson weren't
23            charging the prices to the

Page 268

1               contracts, the wholesalers
2          were.
3          A. We are selling to direct
4    customers, being chains, wholesalers, mail
5    order. What they chose after that to sell
6    the product for, a wholesale distributer
7    marketplace, I don't have any control over.
8    I don't know what price that would be.
9          Q. Well, chain --
10         A. There is a markup, I just don't
11   know what it is.
12         Q. Chain drugstores, Mr. Boyer --
13         A. Yes.
14         Q. -- they are retail pharmacies,
15   correct?
16         A. That is correct.
17         Q. Watson and Schein both sell
18   directly to those retail pharmacies, correct?
19         A. That is correct.
20         Q. Those retail pharmacies include
21   the major chains, such as Rite Aid,
22   Walgreens, Walmart, correct?
23         A. That is correct.

Page 269

1          Q. In those instances, Watson and
2    Schein knew exactly what those retail
3    pharmacies were paying for their drugs,
4    correct?
5          A. That would be correct.
6          Q. Let's limit my question to
7    those types of retail customers. Are you
8    with me?
9          A. Absolutely.
10         Q. Can you point this Jury to a
11   single one of those customers that ever paid
12   AWP for a single Schein or Watson drug?
13         A. No, I cannot.
14         Q. Let's move on to the next
15   topic.
16            Are you aware that there is a
17   certain window of time when a brand name drug
18   goes off patent and generic manufacturers
19   come into the marketplace that there is no
20   Federal Upper Limit or Maximum Allowable Cost
21   in place?
22         A. It's not something that I'm
23   aware of. Not something that I would

68  (Pages 266 to 269)