# EXHIBIT 2

Case 1:01-cv-12257-PBS   Document 6128-3   Filed 06/15/09   Page 2 of 8
Case 1:01-cv-12257-PBS   Document 4745-3   Filed 09/14/2007   Page 1 of 8
Case 1:01-cv-12257-PBS   Document 4690-2   Filed 09/06/2007   Page 2 of 9

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. CV-03-229)<br>*County of Westchester v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00425) |   |

[Caption Continues on Next Page]

[PROPOSED] CASE MANAGEMENT ORDER NO. 33

September 14, 2007

Case 1:01-cv-12257-PBS    Document 6128-3    Filed 06/15/09    Page 3 of 9
Case 1:01-cv-12257-PBS    Document 4745-3    Filed 09/14/2007    Page 2 of 8
Case 1:01-cv-12257-PBS    Document 4690-2    Filed 09/06/2007    Page 3 of 9

*County of Warren v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00468) )
*County of Greene v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00474) )
*County of Saratoga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00478) )
*County of Columbia v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00867) )
*Essex County v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs. et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs., et al.*)
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs., et al.*)
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs., et al.*)
(W.D.N.Y. No. 05-CV-06242) )
*County of Genesee v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06206) )

| | |
|---|---|
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| *County of Ulster v. Abbott Labs, et al* | ) |
| (N.D.N.Y. Case No. 06-CV-0123) | ) |
| *County of Wyoming v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV06379) | ) |
| | ) |
| AND | ) |
| | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| | ) |
| *County of Orange v. Abbott Labs., et al.,* | ) |
| (S.D.N.Y. No. 07-CV-2777) | ) |
| | ) |

Saris, U.S.D.J.

WHEREAS, the Judicial Panel for Multidistrict Litigation has transferred to this Court for pre-trial purposes numerous complaints brought by individual counties of the State of

1

Case 1:01-cv-12257-PBS   Document 6128-3   Filed 06/15/09   Page 5 of 8
Case 1:01-cv-12257-PBS   Document 4745-3   Filed 09/14/2007   Page 4 of 8
Case 1:01-cv-12257-PBS   Document 4690-2   Filed 09/06/2007   Page 5 of 9

New York and by the City of New York against pharmaceutical manufacturers relating to prices for prescription drugs under New York Medicaid (collectively, the "NY County Cases"); and

WHEREAS, New York City and 41 Counties, represented by Kirby McInerney & Squire, LLP and Nassau County represented by Milberg Weiss LLP have joined in a First Amended Consolidated Complaint ("FACC"), which was filed on June 8, 2007; and

WHEREAS, Orange County, represented by a Levy Phillips & Konigsberg LLP, has asked that it be joined as a plaintiff in the FACC; and

WHEREAS, all defendants named in the FACC moved to dismiss as to issues common to them and certain individual defendants have made supplemental motions to dismiss the FACC for additional reasons; and

WHEREAS, the Court, after hearing argument on defendants' common motion to dismiss the FACC on July 26, 2007, issued an order dated July 30, 2007 granting in part and denying in part that motion; and

WHEREAS the Court on July 26, 2007 directed the parties to adopt certain case management procedures for the orderly administration of the NY County Cases.

NOW THEREFORE, it is ORDERED, as follows:

1.  Orange County is added to the FACC as a plaintiff. Any defendant named in the original Orange County complaint but not previously named in the FACC shall be made a defendant in the FACC, but only as to the claims of Orange County and neither the City of New York nor any other County in the FACC shall be deemed to have sued such defendants (the "Orange-Only Defendants"). Within the timeframes set forth below, all plaintiffs shall file and serve via LEXIS/NEXIS a FACC that contains no changes other than to include Orange County

2

Case 1:01-cv-12257-PBS   Document 6128-3   Filed 06/15/09   Page 6 of 8
Case 1:01-cv-12257-PBS   Document 4748-3   Filed 09/14/2007   Page 5 of 8
Case 1:01-cv-12257-PBS   Document 4690-2   Filed 09/06/2007   Page 6 of 9

and the new exhibits discussed below. Each plaintiff County in the FACC is deemed to have sued each defendant for statute of limitations purposes as of the date on which that County filed its original complaint in the transferor court or the date on which the plaintiff County joined in any consolidated NY County pleading, whichever is earlier. However, each plaintiff County is deemed to be proceeding against only those defendants named in the caption of the complaint filed in the transferor Court.

    2.    On or before September 30, 2007, Plaintiffs shall file amended Exhibits B to the FACC that contain the information appearing at Exhibits B-1 and D to the Declaration of Joanne M. Cicala dated July 11, 2007 ("Cicala Declaration"); provided however, that said Exhibits to the Cicala Declaration shall be further amended to create a new FACC Exhibit B-1 as follows:

    (a)    plaintiffs shall delete all NDCs relating to the 348 new drugs identified in Cicala Declaration Exhibit A-2;

    (b)    plaintiffs shall allege a weighted average, or typical, price for each drug calculated on a reasonable good faith basis consistent with ¶ 5 of this Court's July 30, 2007 order and prior opinions.

    c)    any NDC for which the percentage difference between the weighted average, or typical, wholesale price alleged by plaintiffs and the published Average Wholesale Price ("AWP") for that NDC is 30% or less shall be moved from FACC Exhibit B-1 and placed in an amended FACC Exhibit B-2;

    (d)    Amended FACC Exhibits B-1 and B-2 shall identify which NDCs are dual channel, i.e. NDCs that were dispensed either by a physician and reimbursed by New

3

Case 1:01-cv-12257-PBS    Document 6128-3    Filed 06/15/09    Page 7 of 8
Case 1:01-cv-12257-PBS    Document 4748-3    Filed 09/14/2007    Page 6 of 8
Case 1:01-cv-12257-PBS    Document 4690-2    Filed 09/06/2007    Page 7 of 9

York Medicaid based on actual cost or by a pharmacy provider and reimbursed by New York Medicaid based on AWP or FUL by the Counties that are parties to the FACC, during the time period covered by the FACC.

        3.        On or before November 30, 2007, Orange County shall file new FACC Exhibits B-3 and B-4 that shall identify the Orange-Only Defendants and shall contain the same information and format as new FACC Exhibits B-1 and B-2, but which exhibits shall contain information limited to the NDCs of the Orange-Only Defendants in the original Orange County complaint. The parties agree that this deadline may be extended if, notwithstanding Orange County's best efforts, there is a delay in the production of the necessary data that results from events beyond Orange's control. With the addition of Exhibits B-3 and B-4, the FACC shall be deemed Orange County's amended complaint. No discovery shall be sought from any of the Orange-Only Defendants until, at the earliest, after that defendant has filed an answer, as discussed in paragraph 8.

        4.        Discovery is stayed as to all NDCs appearing in new FACC Exhibits B-2 and B-4 until such time as the plaintiffs submit an expert affidavit providing a good faith basis for a 20-25% spread threshold.

        5.        The Court adopts the following procedures for targeted discovery on drugs subject to Federal Upper Limits ("FULs") and that were paid for by New York Medicaid on the basis of such FULs

        (a)        on or before October 1, 2007, plaintiffs and defendants shall each as a group identify five (5) drugs by chemical name for a total of ten drugs (the "Designated FUL Drugs");

4

(b)    plaintiffs and defendants shall engage in such party and third-party discovery as they deem relevant to the prosecution and defense of the claims in the FACC relating to FULs generally; however, there shall be no discovery on particular drugs or NDCs subject to and paid by New York Medicaid based on FULs other than those relating to the Designated FUL Drugs and for such Designated FUL Drugs, discovery is limited to the period 1997 to 2005;

(c)    fact discovery pursuant to this paragraph shall be completed on or before March 31, 2008;

(d)    plaintiffs shall provide an expert report relating to the Designated FUL Drugs specifically and their FUL allegations generally on or before April 30, 2008 and shall within 30 days thereafter submit their experts for depositions;

(e)    defendants shall provide an expert report relating to the Designated FUL Drugs specifically and their FUL defense generally on or before June 20, 2008 and shall within 30 days thereafter submit their experts for depositions.

6.    At the conclusion of expert discovery in paragraph 5, the parties shall schedule another status conference with the Court to discuss briefing of summary judgment or other motion practice as to the Designated FUL Drugs, as well as other issues in the NY County Cases.

7.    Discovery on all drugs in new FACC Exhibits B-1 and B-3, and on all other issues in the FACC generally, to the extent not covered by paragraphs 4 and 5 above shall proceed in accordance with the Federal Rules of Civil Procedure and this Court's past Case Management Orders. The Court finds that AWP-based claims that accrued prior to ~~2001~~ *1998* face a 

5

substantial statutes of limitations defense and accordingly limits the time period for discovery on drugs covered in this paragraph seven to the period ~~2001~~ *1997* to 2005.

8.    Except for (1) the Orange-Only Defendants and (2) any defendant named in the FACC that has an individual motion to dismiss outstanding or has previously entered into a stipulation for an extension of time to answer the FACC, defendants shall answer the FACC on or before October 26, 2007. Any defendant whose motion to dismiss remains pending shall, if the motion is not granted, answer the FACC within thirty (30) days of the Court's order disposing of the motion. Although not bound by the Court's prior decisions in the NY County Cases, the Orange-Only Defendants may file motions to dismiss in lieu of answering the FACC only if they believe there are meritorious arguments not previously addressed in the Court's decisions in the NY County Cases and that are unique to them. Any such motions by the Orange-Only Defendants shall be filed no later than 30 days after Orange files Exhibits B-3 and B-4 as described above. If any such Orange-Only motions are denied, the Orange-Only defendant shall answer the FACC within thirty (30) days of the Court's order on such motions. If the Orange-Only Defendants elect to answer the FACC in lieu of moving for dismissal, such answers shall be filed no later than 30 days after Orange files Exhibits B-3 and B-4 as described above.

_____
Patti B. Saris, U.S.D.J.

6