# EXHIBIT T

# EXHIBIT T

Page 1

1                    UNITED STATES DISTRICT COURT
2                      DISTRICT OF MASSACHUSETTS
3
4    IN RE: PHARMACEUTICAL            )
5    INDUSTRY AVERAGE                 )   MDL No. 1456
6    WHOLESALE PRICE                  )
7    LITIGATION                       )   No.
8                                     )   01-CV-12257-PBS
9    This Document Relates to         )
10   All Actions                      )
11                                    )
12
13                    HIGHLY CONFIDENTIAL -
14                    ATTORNEYS' EYES ONLY
15                      August 19, 2004
16                         9:00 a.m.
17           Deposition of PAM MARRS, held at Hilton
18   Garden Inn, 3585 Solano Avenue, Napa, California,
19   pursuant to 30(b)(6) notices, before Wendy E. Arlen, a
20   Certified Shorthand Reporter of the State of
21   California.
22

Page 6

1  legal for Dey LP.
2      MR. WOODWARD: We do have telephone
3  conference facilities here and we have asked for
4  appearances of counsel by telephone of any party other
5  than those appearing today and no one has appeared
6  yet. If they do. We'll ask them to identify
7  themselves when they put in an appearance by
8  telephone.
9  EXAMINATION BY
10 MR. WOODWARD:
11   Q.   Mrs. Marrs, could you state your name and
12 address, please, for the record?
13   A.   Pam Marrs, 3185 Sonoma Valley Drive,
14 Fairfield, California, 94534.
15   Q.   I'd like to give you just a few preliminary
16 guidance points to facilitate the deposition. If you
17 don't understand a question, please ask me and I'll
18 try to rephrase it. If you would wait until I finish
19 asking a question before trying to answer it, it's
20 easier for the court reporter that we avoid
21 overlapping conversations, and I'll try to do the
22 same, wait for your answer before I ask the next

Page 7

1  question.
2      Also, if you would answer orally because the
3  court reporter cannot take down nods of the head or
4  body language in responses to questions. So if you'd
5  respond orally, I'd appreciate it. If you'd like to
6  change an answer or clarify an answer or return to an
7  answer at any time, you certainly may do that. Just
8  let me know that you wish to do so. And if you need
9  to take a break at any time, please let me know and we
10 can accommodate that as well.
11     Do you have any questions concerning these
12 preliminary guidance points?
13   A.   No.
14   Q.   Mrs. Marrs, have you had your deposition
15 taken before?
16   A.   Yes.
17   Q.   When was that?
18   A.   In connection with the Texas litigation.
19   Q.   And by the Texas litigation, what are you
20 referring to?
21   A.   The pricing litigation brought by the State
22 of Texas against Dey, Roxane and Warrick.

Page 8

1   Q.   Against Dey and whom? I'm sorry.
2   A.   Roxane and Warrick.
3   Q.   Do you know what court that action was filed
4  in?
5   A.   Texas. It was in Austin, I guess. I'm not
6  sure.
7   Q.   Do you know if it was a federal court or
8  state court proceeding?
9   A.   It was state.
10  Q.   And can you describe the nature of that
11 action? What was the subject matter of the action?
12  A.   The subject matter was an allegation of
13 misrepresenting pricing.
14  Q.   And by misrepresenting prices --
15  A.   With respect to WAC.
16  Q.   And by WAC you mean?
17  A.   Wholesale acquisition cost, which is the
18 invoice price to the wholesaler.
19  Q.   And you've identified the parties previously,
20 it was the State of Texas versus Dey and Warrick and
21 one other party?
22  A.   Roxane.

Page 9

1   Q.   What was the outcome of the litigation?
2   A.   We reached a settlement agreement.
3   Q.   And just generally do you recall what the
4  settlement provided for?
5   A.   It provided for -- there were some ongoing
6  reporting activities as well as a financial
7  settlement.
8   Q.   And were there changes in the manner in which
9  Dey reported WAC?
10     MR. DOYLE: Objection as to form.
11     THE WITNESS: Could you clarify in the way?
12 What do you mean by in the way?
13  Q.   MR. WOODWARD: Were there any provisions of
14 the settlement that addressed how Dey calculated or
15 reported wholesale acquisition cost?
16  A.   The calculation, no.
17  Q.   And how about the reporting of WAC?
18  A.   There were requirements for periodic
19 reporting directly to the State of Texas.
20  Q.   Was a transcript prepared of your deposition
21 in that case?
22  A.   Yes.

1           REPORTER'S CERTIFICATE

2       I certify that the witness in the foregoing

3   deposition,
                    PAM MARRS,
4   was by me duly sworn to testify in the within-entitled
    cause; that said deposition was taken at the time and
5   place therein named; that the testimony of said

6   witness was reported by me, a duly Certified Shorthand

7   Reporter of the State of California authorized to

8   administer oaths and affirmations, and said testimony

9   was thereafter transcribed into typewriting.

10       I further certify that I am not of counsel or

11  attorney for either or any of the parties to said

12  deposition, nor in any way interested in the outcome

13  of the cause named in said deposition.

14       IN WITNESS WHEREOF, I have hereunto set my

15  hand this _____ day of _____, 2004.

16

17                              _____

18                              WENDY E. ARLEN

19                              Certified shorthand Reporter

20                              State of California

21                              Certificate No. 4355

22