# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200 |
| THIS DOCUMENT RELATES TO:<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br>*v.*<br>*Baxter Hemoglobin Therapeutics and Baxter International Inc.* | Judge Patti B. Saris |

## *UNITED STATES EX REL SUN ET AL*. PROPOSED CASE MANAGEMENT ORDER NO. __

June ___, 2009

Saris, U.S.D.J.

WHEREAS, Plaintiffs Linnette Sun and Greg Hamilton ("Plaintiffs") filed a Complaint in the District of Colorado on April 22, 2005; and

WHEREAS, the case was transferred to MDL 1456 by the Judicial Panel for Multidistrict Litigation on July 14, 2008; and

WHEREAS, the parties have conferred and now submit this Case Management Order ("CMO") for the Court's approval;

NOW THEREFORE, it is ORDERED, as follows:

GENERAL PROVISIONS

1.     No party subject to this Order waives any jurisdictional, service of process, or other defense.  This Order shall not have the effect of making any entity a party to this action unless it has been named, served, and added to this action in accordance with the Federal Rules of Civil Procedure or other orders of this Court.

DSMDB-2626176v02

2. The AWP MDL Protective Order entered by this Court on December 13, 2002, as amended on June 8, 2004 and March 24, 2005, shall apply to this case. More specifically, the Protective Order shall apply to all initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits and other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoena.

3. Nothing in this CMO precludes any party from filing in the future an appropriate motion for protective order, or for extension of deadlines, or for relief from any provision herein for good cause, pursuant to Fed. R. Civ. P. 26(c).

MOTION TO DISMISS AND ANSWER

4. Motion to dismiss briefing shall proceed according to this schedule:

| | |
|---|---|
| Defendants' Motion to Dismiss | August 15, 2009 |
| Plaintiffs' Opposition | September 15, 2009 |
| Defendants' Reply | September 30, 2009 |

5. Answers, if required, shall be served 30 days after a decision on Defendants' Motion to Dismiss or, if the decision requires supplemental pleading, 30 days after Plaintiffs' filing of an amended complaint.

DISCOVERY

6. Discovery shall proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court for the District of Massachusetts except where deviations are explicitly detailed below.

7.      The parties will make the automatic disclosures described in Fed. R. Civ. P. 26(a)(1), as applicable, 10 days after Defendants' Answer is filed.

8.      Once discovery commences, Document Requests and Requests for Admission shall be subject to the following parameters:

> A.      For purposes of this paragraph, each subpart of a discovery request shall count as a separate request.
>
> B.      Defendants as a whole shall be permitted to serve a reasonable number of requests for production not to exceed 5 sets of such requests, and otherwise consistent with Fed. R. Civ. P. 34, on Plaintiffs.  Plaintiffs shall be permitted to propound 5 sets of requests for production of documents on Defendants as a whole.
>
> C.      As otherwise consistent with Fed. R. Civ. P. 36, Defendants as a whole shall be permitted to propound 50 requests for admission that seek to authenticate documents, or to lay the predicate for admissibility under the business records exception to the hearsay rule, on Plaintiff.  Plaintiffs shall be permitted to propound 50 requests for admission that seek to authenticate documents, or to lay the predicate for admissibility under the business records exception to the hearsay rule, on Defendants as a whole.
>
> D.      As otherwise consistent with Fed. R. Civ. P. 36, Defendants as a whole shall be permitted to propound 75 requests for admission that do not seek to authenticate documents, or to lay the predicate for admissibility under the

business records exception to the hearsay rule, on Plaintiffs.  Plaintiffs shall be permitted to propound 75 requests that do not seek to authenticate or to lay the predicate for admissibility under the business records exception to the hearsay rule, on Defendants as a whole.

E.  Any party seeking to serve discovery requests beyond those specified in Paragraphs 9(B) – 9(D) may do so by obtaining leave of Court, under a showing of good cause.

F.  Any documents reasonably available in electronic format shall be provided in electronic form.  The precise format of the electronic production shall be discussed between the parties in conjunction with the F.R. Civ. P. 26 conference.

G.  Except as otherwise agreed by the parties or as ordered by the Court, a party responding to a document request shall endeavor in good faith to produce all documents responsive to such request within 60 days of service of the request, subject to any objections.  If a responding party objects only in part to a document request, that party shall endeavor in good faith to produce all documents responsive to the part of the request to which the party does not object within 60 days.  The parties shall confer in good faith, and agree upon a reasonable rolling production, when the volume or nature of certain document requests renders the 60-day response period impracticable.  The parties shall

DSMDB-2626176v02

        in good faith respond to reasonably tailored priority requests as soon as practicable.

    H.    Privilege logs shall be provided on a rolling basis beginning 30 days after a production and shall continue to be provided on a rolling basis with a goal of completion 60 days after documents are produced.  The privilege logs shall provide reasons for each document withheld from production, as well as for each redaction from a document produced.  There shall be no redaction of documents by any party on any basis other than a bona fide claim of recognized lawful privilege or trade secret or confidential business protection.  No stamps of "confidential" or the like shall obscure the text of the document.

9. Depositions shall be subject to the following parameters:

    A.    The following deposition protocols apply to all non-expert deponents.  The parties shall meet and confer separately on expert witness deposition protocols.

    B.    Unless otherwise authorized by the Court or stipulated by the parties, all fact depositions shall be conducted in accordance with Fed. R. Civ. P. 30.

    C.    Only the time used by a party in the actual questioning of a witness shall count towards that party's or side's time limits on depositions set forth in this CMO.  Time spent on breaks and discussion among counsel shall be excluded.

    D.    Videotaped depositions shall be permitted pursuant to Fed. R. Civ. P. 30(b)(3).  The swearing or affirming of the witness shall be on camera.  The

    camera shall, at all times, include within its field of vision only the deponent and/or an exhibit offered into evidence.

  E. Third-Party Depositions.  A deposition of a third-party witness shall be initiated through service of a subpoena under Fed. R. Civ. P. 45.  The subpoena shall provide at least 21 days notice of the initial setting of the deposition, unless otherwise agreed by the parties.  The requesting party shall confer with the third-party and opposing counsel regarding a mutually convenient time and place and the estimated length of the deposition.  When the deposition is scheduled, the party serving the subpoena shall post the subpoena on Lexis Nexis File & Serve.

<u>PRE-TRIAL SCHEDULE</u>

10. Deadlines for fact discovery, expert reports and other materials, and expert depositions will be established at a pre-trial status conference at a date to be determined.

 SO ORDERED June _____, 2009    _____
                    PATTI B. SARIS
                    U. S. DISTRICT COURT JUDGE