# EXHIBIT A

**GSK AWP Allocation Binding Mediation Decision**

**June 22, 2009**

After reviewing the underlying settlement documentation and the submissions of the parties to the GSK AWP allocation binding mediation, and hearing the oral presentations and discussion among the representatives of the consumer class, the TPP's and ISHP's, and the states of Pennsylvania, Connecticut, Arizona, and Nevada (Montana not participating), I have determined, subject to Court review and approval, that the remaining approximately $11.6m (the "Remaining Amount") originally allocated to the consumer class should be re-allocated as follows:

1. First priority should be to ensure that as much of the Remaining Amount that was initially allocated to consumers of GSK subject drugs be disbursed to eligible consumers. Accordingly, the formulas and amounts initially selected for compensation, when the number of consumers who would come forward was unknown, should be adjusted in light of the now known facts, in a way that is reasonably consistent with compensation of consumers in other AWP settlements. In addition, an additional effort should be made to perfect consumer claims that are incomplete and to compensate consumers with incomplete claims if eligibility can be reasonably established in alternative ways, even if the compensation for claims that are imperfect or incomplete is minimal. Thus, the Remaining Amount first should be reallocated among the consumers as follows, in the order listed:

    a. Increasing total payments to valid claims to three times the out-of-pocket expenses for GSK Class A drugs (netting out amounts already paid).
    b. Increasing total payments to valid claims to three times the recognized claim amount for GSK Class B drugs (netting out amounts already paid).
    c. Making further reasonable efforts to obtain additional information from claimants themselves, from CMS, or from other sources on existing claims for which there was inadequate information or little or no information to be able to pay such claims. It is recognized that this will entail expense, time and effort, but the priority that should be given to allocating the Remaining Amount to injured consumers of GSK subject drugs is sufficiently high to justify reasonable expenditure for this purpose. Payment of the minimum

amount of $100 to these claimants based on their existing claims may be made as part of this effort to stimulate and obtain additional information that will result in a valid larger payment, or, in the discretion of the Claims Administrator, as compensation to these claimants as an end in itself. Payment of the approximately 42 otherwise valid claims submitted without signatures may be made in the discretion of the Claims Administrator only if the Claims Administrator determines through reasonable follow-up efforts, that there is a good reason why no signature was affixed, that the claim is otherwise valid, and that the recipient of the payment is legally entitled to receive the payment. By July 24, 2009, Class Counsel, with the assistance of the claims administrator, shall propose a plan, budget, schedule, and specific criteria for implementing this part of the re-allocation process, and file it with the Mediator and the Court.

2. Second priority in the re-allocation of the Remaining Amount should go to programs administered by the five participating states that are designed to and will provide compensation directly to needy consumers of drugs without additional administrative costs and expenses paid by the GSK settlement fund, such as the PACE program described by Pennsylvania. By July 24, 2009, the representatives of the five participating states shall jointly agree on how any such funds shall be divided among them, and file it with the Mediator and the Court.
3. Any remaining funds, such as funds resulting from claim checks that are uncashed, shall go to the TPP/ISHPs.
4. There should not be any remaining funds after this redistribution. If for any reason there are any remaining funds, they shall go to a cancer-directed medical cy pres fund.

Counsel are requested to seek review and approval by the Court of this Decision.

                                             Eric D. Green
                                             Mediator