## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | Hon. Patti B. Saris |
| | ) | |
| _____ | ) | |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | |
| *United States ex rel Ven-A-Care of the* | ) | |
| *Florida Keys, Inc. v. Schering Corporation,* | ) | |
| *Schering-Plough Corporation and* | ) | |
| *Warrick Pharmaceuticals Corporation* | ) | |
| Civil Action No. 09-CV-10547 | ) | |
| | | |
| *United States ex rel Ven-A-Care of the* | ) | |
| *Florida Keys, Inc. v. Schering Corporation,* | ) | |
| *Schering-Plough Corporation and* | ) | |
| *Warrick Pharmaceuticals Corporation* | ) | |
| Civil Action No. 00-10698 | ) | |

## THE PARTIES' JOINT MOTION FOR A SCHEDULING CONFERENCE

Defendants Schering Corporation, Schering-Plough Corporation and Warrick Pharmaceuticals Corporation, and the Relator Ven-A-Care of the Florida Keys, Inc. hereby jointly move this Court for an order setting a scheduling conference at the Court's earliest available date concerning the settlement agreement between the parties. Defendants and the Relator further request that the Court give notice of the scheduling conference to the United States Department of Justice and invite its representatives to attend and participate in the scheduling conference. In support of their motion, the parties state as follows:

1. The parties to this case have reached a settlement as reflected in Exhibit A to this Motion.

11962417_1.DOC

2.	The settlement is conditioned on the resolution by this Court of any potential issues concerning the compliance of Schering's brand drugs with the liability standards set forth in this Court's June 21, 2007 decision in MDL No. 1456.

3.	Since the inception of this litigation, it has been the Relator's position that AWPs for brand-name drugs that are set based on an industry standard 20%-25% mark-up from a WAC at or about which substantial sales are made cannot form the basis for a false statement or False Claims Act violation. Consistent with this perspective, the Relator and Schering have reviewed the analyses of spreads (measured as the difference between AWP and AMP) and sales within 5% of WAC for the Schering brand drugs as reflected in Exhibit A to their Settlement Agreement and Release (which analyses Schering provided to the United States Department of Justice in February 2008). The Relator and Schering have concluded that the patterns of spreads and sales at list price for those drugs fall within the parameters described above for which the MDL Court found no liability for the Schering brand drugs at issue in the MDL. The Relator made this determination on the basis of its independent pricing information and otherwise assumed that the confidential AMP information provided by Schering was the AMP data that Schering reported to CMS.

4.	To the extent that the United States Department of Justice has not reviewed and agreed to be bound by the analyses of spreads and sales at list price on the Schering brand drugs, the Relator and Schering have agreed that this Settlement is conditioned on an independent review by the Court of the analyses reflected in Exhibit A to their Settlement Agreement and Release, and on the entry of findings of fact and rulings of law concerning the relevant drugs consistent with the agreement of the parties. More specifically, the parties have agreed, and seek the Court's independent concurrence, that neither the WACs nor the AWPs for the drugs shown

11962417_1.DOC

in Exhibit A constitute false statements within the meaning of the False Claims Act and that claims for reimbursement based on such WACs and AWPs are neither deceptive nor unfair. These findings and rulings are necessary to assure that this Settlement resolves all claims of the United States to recover for any alleged injury to the Medicaid program as a result of the use of published prices for reimbursement of the Schering brand drugs shown in Exhibit A.

WHEREFORE, the parties respectfully request that the Court set a scheduling conference at which the Department of Justice can inform the Court of its position on the analyses set forth in Exhibit A to the Settlement Agreement and Release and, if necessary, the Court can schedule any further proceedings that it feels may be necessary to enable it to make the requested findings on a full record after an opportunity to be heard.

Respectfully submitted,

/s/ John P. Bueker_____
John T. Montgomery
John P. Bueker
Ropes & Gray LLP
One International Place
Boston, MA  02110-2624
(617) 951-7000


John P. McDonald
Locke Lord Bissell & Liddell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201
(214) 740-8758

Attorneys for Schering Corporation,
Schering-Plough Corporation and
Warrick Pharmaceuticals Corporation

Dated:  June 26, 2009

/s/ James J. Breen_____
James J. Breen
Alison W. Simon
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, FL  33029-7470
(954) 874-1635

Attorneys for Ven-A-Care of the
Florida Keys, Inc.

11962417_1.DOC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, a true copy of the above Joint Stipulation was served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

June 26, 2009                                          /s/ John P. Bueker
                                                                John P. Bueker

11962417_1.DOC