## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br>Subcategory Docket: 06-CV-11337-PBS |
| THIS DOCUMENT RELATES TO | ) ) | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS | ) ) ) | Magistrate Judge Marianne B. Bowler |

### ABBOTT LABORATORIES, INC.'S MOTION FOR LEAVE TO FILE OVERSIZED BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE CERTAIN OPINIONS PROFFERED BY PLAINTIFFS' EXPERT MARK G. DUGGAN, PH.D.

Defendant Abbott Laboratories, Inc. ("Abbott") hereby respectfully asks—pursuant to Federal Rules of Civil Procedure 7(b) and Local Rule 7.1(b)(4)—that the Court grant leave for Abbott to file a thirty (30) page brief in support of its motion *in limine* to exclude certain opinions proffered by plaintiffs' expert Mark G. Duggan, Ph.D. In support of this Motion, Abbott states the following:

1. Motions challenging the admissibility of expert testimony are often filed in connection with motions for summary judgment. *See Reference Manual on Scientific Evidence* at 54 (Fed. Judicial Ctr. 2d ed. 2000) ("Summary judgment motions will therefore frequently be combined with Federal Rule of Evidence 104(a) motions in limine."); *Albert v. Warner-Lambert Co.*, 234 F. Supp. 2d 101, 106-07 (D. Mass. 2002) (excluding expert testimony on damages and granting defendant's motion for summary judgment); *Dunn v. Sandoz Pharm. Corp.*, 275 F. Supp. 2d 672, 684 (M.D.N.C. 2003).

2.      Abbott's Memorandum in Support of its Motion *in Limine* to Exclude Certain Opinions Proffered by Plaintiffs' Expert Mark G. Duggan, Ph.D. is thirty (30) pages in length. Local Rule 7.1(b)(4) limits memoranda in support of motions to twenty (20) pages, without leave of Court.

3.      Abbott's brief involves significant issues of expert testimony underlying Plaintiffs' claim that the federal government has been damaged by approximately $107.1 million through alleged overpayments by the Medicare and Medicaid programs for Abbott drugs. In order to explain the flaws in Dr. Duggan's "difference" model, Abbott's brief summarizes Dr. Duggan's calculations, including (1) his across-state and within-state extrapolation for Medicaid states and (2) his across-carrier and within-carrier extrapolation for Medicare, and provides specific examples to illustrate Dr. Duggan's various methodological missteps. To put Abbott's request for leave in context, Dr. Duggan's various reports in this case total nearly 150 pages. His tables and working files, which contain the detail of his calculations, total hundreds more. Abbott requires thirty (30) pages to adequately explain Dr. Duggan's "difference" calculation and address its various flaws in a meaningful way that will assist the Court.

WHEREFORE, Abbott asks that its motion be granted, and that the Court grant Abbott leave to file a thirty (30) page brief in support of its motion.

Dated:  June 26, 2009

Respectfully submitted,

<u>/s/ R. Christopher Cook</u>
James R. Daly
Jason G. Winchester
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
Thomas J. Davis
Tara M. Stuckey
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'S MOTION FOR LEAVE TO FILE OVERSIZED BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE CERTAIN OPINIONS PROFFERED BY PLAINTIFFS' EXPERT MARK G. DUGGAN, PH.D. to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 26th day of June, 2009.

/s/ David S. Torborg
David S. Torborg

## **CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

   I certify that the moving party communicated with counsel for the Government in an effort to resolve the dispute referred to in this motion, and that the parties have not been able to reach agreement with respect thereto.

                  /s/ David S. Torborg
                  David S. Torborg