UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) | MDL NO. 1456 CIVIL ACTION: 01-CV-12257-PBS Subcategory Docket: 06-CV-11337-PBS |
| THIS DOCUMENT RELATES TO *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS | ) ) ) ) ) | Judge Patti B. Saris Magistrate Judge Marianne B. Bowler **ORAL ARGUMENT REQUESTED** |

**ABBOTT LABORATORIES, INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER THE PUBLIC DISCLOSURE BAR**

Defendant Abbott Laboratories, Inc. ("Abbott") hereby respectfully asks, pursuant to Federal Rules of Civil Procedure 12(b)(1), that this Court dismiss the United States' First Amended Complaint for lack of subject-matter jurisdiction, on the grounds that the allegations of the First Amended Complaint are based on public disclosures, and that relator Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care") is not an original source of the information therein.

Specifically, Abbott asks the Court to find that:

- As a corporation, Ven-A-Care is not an "original source;"

- Ven-A-Care has not met its burden of proving that it voluntarily provided the Government with its "direct and independent knowledge" prior to filing its qui tam lawsuit;

- Ven-A-Care has no direct and independent knowledge of the allegations in the Government's First Amended Complaint;

- Allegations of Abbott "marketing the spread" for the drugs at issue were publicly disclosed before Ven-A-Care first asserted those claims on August 12, 1997, and also before it filed any complaint on June 23, 1995.

- Allegations of bare "AWP inflation" were publicly disclosed as to Abbott before June 23, 1995 as a result of both Abbott-specific disclosures and industry-wide disclosures sufficient to put the Government on the trail of Abbott's alleged fraud.

WHEREFORE, Abbott asks that its motion be granted, and relief be provided as requested herein and in the accompanying memorandum.

| | |
|---|---|
| Dated:  June 26, 2009 | Respectfully submitted,<br><br>/s/ R. Christopher Cook<br>James R. Daly<br>Tina M. Tabacchi<br>Jason G. Winchester<br>Brian J. Murray<br>JONES DAY<br>77 West Wacker Drive, Suite 3500<br>Chicago, Illinois  60601<br>Telephone:  (312) 782-3939<br>Facsimile:   (312) 782-8585<br><br>R. Christopher Cook<br>David S. Torborg<br>Thomas J. Davis<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C.  20001-2113<br>Telephone:  (202) 879-3939<br>Facsimile:  (202) 626-1700<br><br>*Counsel for Defendant Abbott Laboratories, Inc.* |

## **CERTIFICATE OF SERVICE**

I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES, INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER THE PUBLIC DISCLOSURE BAR to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 26th day of June, 2009.

                                                    /s/ David Torborg
                                                  David S. Torborg

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that the moving party communicated with counsel for the Government in an effort to resolve the dispute referred to in this motion, and that the parties have not been able to reach agreement with respect thereto.

/s/ David S. Torborg  
David S. Torborg