# TAB 042A

**RLI194**

IN WITNESS WHEREOF, we have duly signed this instrument effective as of

the 28th     day of September    , 2001.

_____
Werner Gerstenberg

_____
Sheldon Berkle

_____
Walter Poerschmann

-3-

RLI194con

Confidential                                              BOEH04600373

RLI194

IN WITNESS WHEREOF, we have duly signed this instrument effective as of

the    28th    day of  September    , 2001.

_____
Werner Gerstenberg


_____
Sheldon Berkle

Walter Poerschmann

-3-

RLI194con.doc

Confidential                                                    BOEH04600374

**RLI195**

# ROXANE LABORATORIES, INC.

## UNANIMOUS WRITTEN CONSENT OF DIRECTORS

The undersigned, being all of the members of the Board of ROXANE LABORATORIES, INC., a Delaware corporation, do hereby adopt the following resolutions by this our unanimous written consent without a meeting pursuant to Section 141(f) of the General Corporation law of the State of Delaware, with full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly constituted meeting:

RESOLVED that, this Corporation be, and it hereby is authorized to license to Cebert Pharmaceuticals, Inc. ("Cebert") exclusive rights to market, promote, sell, and distribute certain of its methadone addiction products, under the terms and conditions of a certain License Agreement and related documents, for an amount of U.S. $5 Million to be paid by Cebert over a five (5) year period, plus royalties on Net Sales.

Methadone HCI Oral Concentrate USP (unflavored, quart)

Methadone HCI Oral Concentrate USP (cherry flavored, quart)

Methadone HCI Diskets® (40 mg, 100s)

Methadone HCI powder (50 gram bottle)

Methadone HCI U.S.P. powder (100 gram bottle)

IT IS FURTHER

RESOLVED, that this Corporation be, and it hereby is, authorized to enter into a Manufacturing Agreement for the continued manufacture and distribution of the aforemention products for a period of ten (10) years.

RESOLVED that, the President or any Vice President and the Secretary of this Corporation be, and they hereby are, authorized and empowered, in the name and on behalf of this Corporation to do all acts, to sign and deliver all documents, and to do all such other acts as they may deem necessary or advisable in order to effectuate the foregoing resolutions.

Confidential                                                          BOEH04600375

RLI195

**ROXANE LABORATORIES, INC.**

**UNANIMOUS WRITTEN CONSENT OF DIRECTORS**

The undersigned, being all of the members of the Board of ROXANE LABORATORIES, INC., a Delaware corporation, do hereby adopt the following resolutions by this our unanimous written consent without a meeting pursuant to Section 141(f) of the General Corporation law of the State of Delaware, with full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly constituted meeting:

RESOLVED that, this Corporation be, and it hereby is authorized to license to Cebert Pharmaceuticals, Inc. ("Cebert") exclusive rights to market, promote, sell, and distribute certain of its methadone addiction products, under the terms and conditions of a certain License Agreement and related documents, for an amount of U.S. $5 Million to be paid by Cebert over a five (5) year period, plus royalties on Net Sales.

Methadone HCI Oral Concentrate USP (unflavored, quart)

Methadone HCI Oral Concentrate USP (cherry flavored, quart)

Methadone HCI Diskets® (40 mg, 100s)

Methadone HCI powder (50 gram bottle)

Methadone HCI U.S.P. powder (100 gram bottle)

IT IS FURTHER

RESOLVED, that this Corporation be, and it hereby is, authorized to enter into a Manufacturing Agreement for the continued manufacture and distribution of the aforementioned products for a period of ten (10) years.

RESOLVED that, the President or any Vice President and the Secretary of this Corporation be, and they hereby are, authorized and empowered, in the name and on behalf of this Corporation to do all acts, to sign and deliver all documents, and to do all such other acts as they may deem necessary or advisable in order to effectuate the foregoing resolutions.

Confidential

BOEH04600376

RLI195

RESOLVED that, the actions of the officers and employees of the Corporation taken heretofore in connection with effectuating the foregoing resolutions are in all respects approved, ratified and confirmed.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the 9th day of October , 2001.

_____
Werner Gerstenberg

_____
Sheldon Berkle

_____
Walter Poerschmann

-2-

RLI195con.doc

Confidential                                    BOEH04600377

RLI198

## ROXANE LABORATORIES, INC.

### UNANIMOUS WRITTEN CONSENT OF DIRECTORS

The undersigned, being all of the members of the Board of Directors of ROXANE

LABORATORIES, INC, a Delaware corporation, do hereby adopt the following resolutions by

this our unanimous written consent without a meeting pursuant to Section 141(f) of the General

Corporation law of the State of Delaware, with full force and effect as if adopted by the

unanimous affirmative vote of all of us at a duly constituted meeting:

WHEREAS, in consideration of Mr. Werner Gerstenberg's multiple executive responsibilities with this Corporation's sole parent and affiliated companies and the fact that it is in the best interest of this Corporation to have a chief operating officer on site at its headquarters in Columbus, Ohio, Mr. Gerstenberg will relinquish his position as President and Chief Operating Officer of this Corporation.

NOW, THEREFORE, IT IS

RESOLVED that, effective April 8, 2002, Mr. Werner Gerstenberg be, and he hereby is removed as the President and Chief Operating Officer of this Corporation, with gratitude to Mr. Gerstenberg for his past years of service in such capacity.

RESOLVED that, effective April 8, 2002, Mr. Robert C. Fromuth be, and he hereby is, appointed to the position of President and Chief Operating Officer of this Corporation to serve as such during the pleasure of this Board of Directors.

This instrument may be signed in one or more counterparts all of which taken together

shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of

the   14th      day of   March         , 2002.

_____
Werner Gerstenberg

_____
Sheldon Berkle

_____
Walter Poerschmann

Confidential                                                    BOEH04600382

RLI198

**ROXANE LABORATORIES, INC.**

**UNANIMOUS WRITTEN CONSENT OF DIRECTORS**

The undersigned, being all of the members of the Board of Directors of ROXANE

LABORATORIES, INC, a Delaware corporation, do hereby adopt the following resolutions by

this our unanimous written consent without a meeting pursuant to Section 141(f) of the General

Corporation law of the State of Delaware, with full force and effect as if adopted by the

unanimous affirmative vote of all of us at a duly constituted meeting:

> WHEREAS, in consideration of Mr. Werner Gerstenberg's multiple executive
> responsibilities with this Corporation's sole parent and affiliated companies and the fact
> that it is in the best interest of this Corporation to have a chief operating officer on site at
> its headquarters in Columbus, Ohio, Mr. Gerstenberg will relinquish his position as
> President and Chief Operating Officer of this Corporation.

> NOW, THEREFORE, IT IS

> RESOLVED that, effective April 8, 2002, Mr. Werner Gerstenberg be, and he
> hereby is removed as the President and Chief Operating Officer of this Corporation, with
> gratitude to Mr. Gerstenberg for his past years of service in such capacity.

> RESOLVED that, effective April 8, 2002, Mr. Robert C. Fromuth be, and he
> hereby is, appointed to the position of President and Chief Operating Officer of this
> Corporation to serve as such during the pleasure of this Board of Directors.

> This instrument may be signed in one or more counterparts all of which taken together

shall constitute one and the same instrument.


IN WITNESS WHEREOF, we have duly signed this instrument effective as of

the   14th   day of   March   , 2002.

_____
Werner Gerstenberg

_____
Sheldon Berkle

_____
Walter Poerschmann

Confidential                                                                BOEH04600383

RLI198

## ROXANE LABORATORIES, INC.

### UNANIMOUS WRITTEN CONSENT OF DIRECTORS

The undersigned, being all of the members of the Board of Directors of ROXANE

LABORATORIES, INC, a Delaware corporation, do hereby adopt the following resolutions by

this our unanimous written consent without a meeting pursuant to Section 141(f) of the General

Corporation law of the State of Delaware, with full force and effect as if adopted by the

unanimous affirmative vote of all of us at a duly constituted meeting:

WHEREAS, in consideration of Mr. Werner Gerstenberg's multiple executive
responsibilities with this Corporation's sole parent and affiliated companies and the fact
that it is in the best interest of this Corporation to have a chief operating officer on site at
its headquarters in Columbus, Ohio, Mr. Gerstenberg will relinquish his position as
President and Chief Operating Officer of this Corporation.

NOW, THEREFORE, IT IS

RESOLVED that, effective April 8, 2002, Mr. Werner Gerstenberg be, and he
hereby is removed as the President and Chief Operating Officer of this Corporation, with
gratitude to Mr. Gerstenberg for his past years of service in such capacity.

RESOLVED that, effective April 8, 2002, Mr. Robert C. Fromuth be, and he
hereby is, appointed to the position of President and Chief Operating Officer of this
Corporation to serve as such during the pleasure of this Board of Directors.

This instrument may be signed in one or more counterparts all of which taken together

shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of

the ___14th___ day of ___March___ , 2002.

_____
Werner Gerstenberg


_____
Sheldon Berkle

_____
Walter Poerschmann

BOEH04600384

RLI198

## ROXANE LABORATORIES, INC.

### UNANIMOUS WRITTEN CONSENT OF DIRECTORS

The undersigned, being all of the members of the Board of Directors of ROXANE

LABORATORIES, INC, a Delaware corporation, do hereby adopt the following resolutions by

this our unanimous written consent without a meeting pursuant to Section 141(f) of the General

Corporation law of the State of Delaware, with full force and effect as if adopted by the

unanimous affirmative vote of all of us at a duly constituted meeting:

> WHEREAS, in consideration of Mr. Werner Gerstenberg's multiple executive responsibilities with this Corporation's sole parent and affiliated companies and the fact that it is in the best interest of this Corporation to have a chief operating officer on site at its headquarters in Columbus, Ohio, Mr. Gerstenberg will relinquish his position as President and Chief Operating Officer of this Corporation.

> NOW, THEREFORE, IT IS

> RESOLVED that, effective April 8, 2002, Mr. Werner Gerstenberg be, and he hereby is removed as the President and Chief Operating Officer of this Corporation, with gratitude to Mr. Gerstenberg for his past years of service in such capacity.

> RESOLVED that, effective April 8, 2002, Mr. Robert C. Fromuth be, and he hereby is, appointed to the position of President and Chief Operating Officer of this Corporation to serve as such during the pleasure of this Board of Directors.

This instrument may be signed in one or more counterparts all of which taken together

shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of

the   14th   day of   March   , 2002.

_____
Werner Gerstenberg


_____
Sheldon Berkle

_____
Walter Poerschmann

Confidential

BOEH04600385

RLI201

**ROXANE LABORATORIES, INC.**

**UNANIMOUS WRITTEN CONSENT OF DIRECTORS**

The undersigned, being all of the members of the Board of Directors of ROXANE

LABORATORIES, INC., a Delaware corporation, do hereby adopt the following resolutions by

this our unanimous written consent pursuant to Section 141(f) of the General Corporation Law of

the State of Delaware, in lieu of a meeting of said Board of Directors for the year 2002, and with

full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly

constituted annual meeting:

RESOLVED   that, the year-end closing for 2001 be, and it hereby is, approved
and the Statement of Financial Position and Statement of Income of this Corporation as
of December 31, 2001 be, and they hereby are, ratified and adopted in the forms attached
hereto.

RESOLVED that, effective immediately, the following named persons be, and
they hereby are, appointed officers of this Corporation, each to serve as such during the
pleasure of this Board of Directors in the capacity or capacities set forth opposite his
name:

| | |
|---|---|
| Mr. Werner Gerstenberg | Chairman of the Board |
| Mr. Robert C. Fromuth | President and Chief Operating Officer |
| Mr. Peter Dickinson | Vice President - Operations |
| Ursula B. Bartels, Esq. | Secretary |
| Mr. Holger Huels | Treasurer |
| Judy Orinski | Assistant Secretary |
| Edward B. Peel, Esq. | Assistant Secretary |
| Frank A. Pomer, Esq. | Assistant Secretary |
| Robert P. Raymond, Ph.D., J.D. | Assistant Secretary |

Confidential

RLI201

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the 10th day of June , 2002.

_____
Werner Gerstenberg

_____
Robert C. Fromuth

_____
Walter Poerschmann

- 2 -

Rli201con

Confidential

BOEH04600393

RLI201

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the 10th day of June , 2002.

_____
Werner Gerstenberg

*Robert C. Fromuth*
_____
Robert C. Fromuth

_____
Walter Poerschmann

- 2 -

Rli201con.doc

Confidential                                                                    BOEH04600394

**RLI201**

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the   10th   day of   June        , 2002.

_____
Werner Gerstenberg


_____
Robert C. Fromuth

Walter Poerschmann

- 2 -

Rli201con.doc

RLI201 Attachment
Page 1 of 2

## ROXANE LABORATORIES, INC.
## STATEMENT OF INCOME

Thousands U.S.$

| | 2000 Actual | 2001 Budget | Actual | 2001 of Budget 2001 | of Actual 2000 | 2002 Budget |
|---|---|---|---|---|---|---|
| Net Sales | 632,006 | 598,453 | 563,563 | 94% | 89% | 430,916 |
| Cost of Goods Sold | 364,510 | 408,543 | 396,929 | 97% | 109% | 365,464 |
| Marketing & Advertising | 70,213 | 53,990 | 29,658 | 55% | 42% | 7,313 |
| Research & Medical, I | 45,529 | 40,253 | 39,508 | 98% | 87% | 31,422 |
| Administration | 13,660 | 6,325 | 8,090 | 128% | 59% | 7,882 |
| Distribution and Royalties | 31,507 | 29,051 | 26,670 | 92% | 85% | 15,069 |
| All Other, I | 25,135 | 3,857 | 779 | 20% | 3% | 1,738 |
| Contribution III | 81,452 | 56,434 | 61,929 | 110% | 76% | 2,028 |
| Process Development | - | 282 | 967 | >300% | - | 2,766 |
| Cost of Idle Cap. / Production Var. | 1,561 | 4,116 | 14,784 | >300% | >300% | 4,197 |
| All Other, II | 5,450 | - | (174,810) | - | <(300%) | 457 |
| Contribution IV | 74,441 | 52,036 | 220,888 | >300% | 297% | (5,392) |
| Research & Medical, II | - | - | 19 | - | - | - |
| All Other, III | 3,513 | 1,095 | 967 | 88% | 28% | 211 |
| Operating Income (Loss) | 70,928 | 50,941 | 220,002 | >300% | >300% | (5,603) |
| Financial Income (Expense) | (1,366) | (2,021) | 2,794 | 238% | >300% | 5,127 |
| Holding Income (Expense) | - | - | - | - | - | - |
| Extraordinary Items | - | - | - | - | - | - |
| Profit Before Tax | 69,562 | 48,920 | 222,796 | >300% | >300% | (476) |
| Income Tax | 27,238 | 19,080 | 83,795 | >300% | >300% | (185) |
| Net Income After Tax | 42,324 | 29,840 | 139,001 | >300% | >300% | (291) |

Confidential

BOEH04600396

## ROXANE LABORATORIES, INC.

### STATEMENT OF FINANCIAL POSITION

| | 2000 Actual | 2001 Budget | 2001 Actual | 2002 Budget |
|---|---|---|---|---|
| **Assets** | | | | |
| Cash | - | - | - | - |
| Trade Accounts Receivable | 87,419 | 41,136 | 51,950 | 17,000 |
| Receivable from Affiliates | - | - | | |
| Short-Term Advances to Affiliates | 41,324 | 25,808 | 149,504 | 195,539 |
| Prepaid Expenses | 137 | - | 120 | 100 |
| Inventories | 86,483 | 90,358 | 112,271 | 97,493 |
| Total Current Assets | 215,363 | 157,302 | 313,845 | 310,132 |
| Intangible Assets | 14,418 | 10,861 | 5,705 | 7,300 |
| Investment in Affiliates | - | - | | |
| Property, Plant and Equipment | 132,414 | 130,733 | 119,807 | 133,128 |
| Other Assets | 23,643 | 20,700 | 131,414 | 105,300 |
| Total Assets | 385,838 | 319,596 | 570,771 | 555,860 |
| **Liabilities** | | | | |
| Accounts Payable & Accrued Liabilities | 116,171 | 76,342 | 157,847 | 88,225 |
| Payables to Banks | 2,134 | 4,631 | 1,804 | - |
| Accrued Taxes | 28,805 | 9,000 | 35,321 | 41,000 |
| Payables to Affiliates | 10,453 | 12,000 | 8,523 | 15,000 |
| Loans from Affiliates | - | - | - | - |
| Total Liabilities | 157,563 | 101,973 | 203,495 | 144,225 |
| **Stockholder's Equity** | | | | |
| Capital Stock | 19 | 19 | 19 | 19 |
| Additional Paid-In Capital | 8,735 | 8,735 | 8,735 | 8,735 |
| Retained Earnings | 219,521 | 208,869 | 358,522 | 402,881 |
| Total Stockholder's Equity | 228,275 | 217,623 | 367,276 | 411,635 |
| Total Liabilities & Stockholder's Equity | 385,838 | 319,596 | 570,771 | 555,860 |

Confidential

BOEH04600397

RLI207

## ROXANE LABORATORIES, INC.

### UNANIMOUS WRITTEN CONSENT OF DIRECTORS

The undersigned, being all of the members of the Board of Directors of Roxane Laboratories, Inc., a Delaware corporation, do hereby adopt the following resolutions by this our unanimous written consent without a meeting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, in lieu of a meeting of said Board of Directors, and with full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly constituted meeting:

RESOLVED that, a dividend in the amount of Three Hundred Twenty Million Dollars ($320,000,000) be, and it hereby is, declared to be paid out of the accumulated retained earnings of this Corporation to the sole stockholder of this Corporation, Boehringer Ingelheim Corporation, on or before November 30, 2002.

RESOLVED that, the President or any Vice-President and the Secretary of this Corporation be, and they hereby are, authorized and empowered to sign and deliver all documents and to do all such other acts consistent with the foregoing resolution as they may deem necessary or advisable in order to effectuate the foregoing resolution.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the 26th    day of  November    , 2002.

_____
Werner Gerstenberg

_____
Robert C. Fromuth

_____
Walter Poerschmann

Confidential                                                        BOEH04600413

RLI207

## ROXANE LABORATORIES, INC.

### UNANIMOUS WRITTEN CONSENT OF DIRECTORS

The undersigned, being all of the members of the Board of Directors of Roxane Laboratories, Inc., a Delaware corporation, do hereby adopt the following resolutions by this our unanimous written consent without a meeting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, in lieu of a meeting of said Board of Directors, and with full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly constituted meeting:

RESOLVED that, a dividend in the amount of Three Hundred Twenty Million Dollars ($320,000,000) be, and it hereby is, declared to be paid out of the accumulated retained earnings of this Corporation to the sole stockholder of this Corporation, Boehringer Ingelheim Corporation, on or before November 30, 2002.

RESOLVED that, the President or any Vice-President and the Secretary of this Corporation be, and they hereby are authorized and empowered to sign and deliver all documents and to do all such other acts consistent with the foregoing resolution as they may deem necessary or advisable in order to effectuate the foregoing resolution.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the 26th day of November , 2002.

_____
Werner Gerstenberg

_____
Robert C. Fromuth

_____
Walter Poerschmann

BOEH04600414

RLI207

## ROXANE LABORATORIES, INC.

### UNANIMOUS WRITTEN CONSENT OF DIRECTORS

The undersigned, being all of the members of the Board of Directors of Roxane Laboratories, Inc., a Delaware corporation, do hereby adopt the following resolutions by this our unanimous written consent without a meeting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, in lieu of a meeting of said Board of Directors, and with full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly constituted meeting:

RESOLVED that, a dividend in the amount of Three Hundred Twenty Million Dollars ($320,000,000) be, and it hereby is, declared to be paid out of the accumulated retained earnings of this Corporation to the sole stockholder of this Corporation, Boehringer Ingelheim Corporation, on or before November 30, 2002.

RESOLVED that, the President or any Vice-President and the Secretary of this Corporation be, and they hereby are authorized and empowered to sign and deliver all documents and to do all such other acts consistent with the foregoing resolution as they may deem necessary or advisable in order to effectuate the foregoing resolution.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the 26th day of November , 2002.

_____
Werner Gerstenberg

_____
Robert C. Fromuth

_____
Walter Poerschmann

Confidential                                    BOEH04600415

RLI210

## ROXANE LABORATORIES, INC.

### UNANIMOUS WRITTEN CONSENT OF DIRECTORS

The undersigned, being all of the members of the Board of Directors of ROXANE

LABORATORIES, INC., a Delaware corporation, do hereby adopt the following resolutions by

this our unanimous written consent pursuant to Section 141(f) of the General Corporation Law of

the State of Delaware, in lieu of a meeting of said Board of Directors for the year 2003, and with

full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly

constituted annual meeting:

RESOLVED that, the year-end closing for 2002 be, and it hereby is, approved and the Balance Sheet and Statement of Income of this Corporation as of December 31, 2002 be, and they hereby are, ratified and adopted in the forms attached hereto.

RESOLVED that, this Corporation acknowledges Mr. Holger Huels' election to retire effective June 30, 2003, and expresses its gratitude to Mr. Huels for his past years of service to this Corporation in his capacity as Treasurer.

RESOLVED that, effective July 1, 2003, Mr. Holger Huels be, and he hereby is, removed from the position of Treasurer of this Corporation.

RESOLVED that, effective July 1, 2003, the following named persons be, and they hereby are, appointed officers of this Corporation, each to serve as such during the pleasure of this Board of Directors in the capacity or capacities set forth opposite his name:

| | |
|---|---|
| Mr. J. Martin Carroll | Chairman of the Board |
| Mr. Robert C. Fromuth | President and Chief Operating Officer |
| Mr. Glenn Marina | Vice President - Operations |
| Mr. George Doyle | Vice President – Quality Control |
| Mr. Randall Wilson | Vice President – Scientific Affairs |

Confidential

BOEH04600430

RLI210

| | |
|---|---|
| Ursula B. Bartels, Esq. | Secretary |
| Mr. Hermann Tetzner | Treasurer |
| Ms. Judy Orinski | Assistant Secretary |
| Edward B. Peel, Esq. | Assistant Secretary |
| Frank A. Pomer, Esq. | Assistant Secretary |
| Robert P. Raymond, Ph.D., J.D. | Assistant Secretary |

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the 14th    day of    May          , 2003.

_J. Martin Carroll_
J. Martin Carroll

_____
Robert C. Fromuth

_____
Walter Poerschmann

- 2 -

Rli210con.doc

Confidential                                                                     BOEH04600431

**RLI210**

| | |
|---|---|
| Ursula B. Bartels, Esq. | Secretary |
| Mr. Hermann Tetzner | Treasurer |
| Ms. Judy Orinski | Assistant Secretary |
| Edward B. Peel, Esq. | Assistant Secretary |
| Frank A. Pomer, Esq. | Assistant Secretary |
| Robert P. Raymond, Ph.D., J.D. | Assistant Secretary |

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the 14th day of May , 2003.

_____
J. Martin Carroll

_Robert C. Fromuth_
Robert C. Fromuth

_____
Walter Poerschmann

- 2 -

Rli210con.doc

Confidential                                                                 BOEH04600432

**RLI210**

| | |
|---|---|
| Ursula B. Bartels, Esq. | Secretary |
| Mr. Hermann Tetzner | Treasurer |
| Ms. Judy Orinski | Assistant Secretary |
| Edward B. Peel, Esq. | Assistant Secretary |
| Frank A. Pomer, Esq. | Assistant Secretary |
| Robert P. Raymond, Ph.D., J.D. | Assistant Secretary |

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the  14th   day of  May          , 2003.

_____
J. Martin Carroll

_____
Robert C. Fromuth

_____
Walter Poerschmann

- 2 -

Rli210con.doc

**ROXANE LABORATORIES, INC.**
**BALANCE SHEET**
Attachment to RLI210

| T US$ | Actual 2001 | Budget 2002 | Actual 2002 | Budget 2003 |
|---|---|---|---|---|
| **Assets** | | | | |
| Cash | - | - | - | - |
| Trade Accounts Receivable | 51,950 | 17,000 | 35,718 | 33,904 |
| Receivable from Affiliates | - | - | - | - |
| Short-Term Advances to Affiliates | 149,504 | 195,539 | - | 122,913 |
| Prepaid Expenses | 120 | 100 | 91 | 120 |
| Inventories | 112,271 | 97,493 | 78,737 | 86,592 |
| Total Current Assets | 313,845 | 310,132 | 114,546 | 243,529 |
| Intangible Assets | 5,705 | 7,300 | 4,953 | 4,201 |
| Investment in Affiliates | - | - | - | - |
| Property, Plant and Equipment | 119,807 | 133,128 | 126,664 | 163,528 |
| Other Assets | 131,414 | 105,300 | 129,639 | 81,915 |
| Total Assets | 570,771 | 555,860 | 375,802 | 493,173 |
| **Liabilities** | | | | |
| Accounts Payable & Accrued Liabilities | 157,847 | 88,225 | 118,928 | 162,129 |
| Payables to Banks | 1,804 | - | - | - |
| Accrued Taxes | 35,321 | 41,000 | 49,470 | 15,000 |
| Payables to Affiliates | 8,523 | 15,000 | 12,103 | - |
| Loans from Affiliates | - | - | 140,426 | - |
| Total Liabilities | 203,495 | 144,225 | 320,927 | 177,129 |
| **Stockholder's Equity** | | | | |
| Capital Stock | 19 | 19 | 19 | 19 |
| Additional Paid-In Capital | 8,735 | 8,735 | 8,735 | 8,735 |
| Retained Earnings | 358,522 | 402,881 | 46,121 | 307,290 |
| Total Stockholder's Equity | 367,276 | 411,635 | 54,875 | 316,044 |
| Total Liabilities & Stockholder's Equity | 570,771 | 555,860 | 375,802 | 493,173 |

RI210con Balance Sheet.xls-mdandanell

Confidential

BOEH04600434

**ROXANE LABORATORIES, INC.**
**STATEMENT OF INCOME**
Attachment to RLI210

| T US$ | Actual 2001 | Budget 2002 | 2002 Actual | of Budget 2002 | of Actual 2001 | Budget 2003 |
|---|---|---|---|---|---|---|
| Net Sales | 563,563 | 430,916 | 552,560 | 128% | 98% | 627,918 |
| Cost of Goods Sold | 396,929 | 365,464 | 455,873 | 125% | 115% | 535,767 |
| Marketing & Advertising | 29,658 | 7,313 | 5,973 | 82% | 20% | 6,407 |
| Research & Medical, I | 39,508 | 31,422 | 28,407 | 90% | 72% | 33,464 |
| Administration | 8,090 | 7,882 | 9,367 | 119% | 116% | 9,191 |
| Distribution and Royalties | 26,670 | 15,069 | 17,379 | 115% | 65% | 23,230 |
| All Other, I | 779 | 1,738 | 2,301 | 132% | 295% | (3,530) |
| Contribution III | 61,929 | 2,028 | 33,260 | >300% | 54% | 23,389 |
| Process Development | 967 | 2,766 | 3,908 | 141% | >300% | 2,566 |
| Cost of Idle Cap. / Production Var. | 14,784 | 4,197 | 8,248 | 197% | 56% | 5,157 |
| All Other, II | (174,810) | 457 | 8,896 | >300% | 105% | (2,703) |
| Contribution IV | 220,988 | (5,392) | 12,208 | >300% | 6% | 18,369 |
| Research & Medical, II | 19 | - | 13 | - | 68% | 332 |
| All Other, III | 967 | 211 | 1,887 | >300% | 195% | 194 |
| Operating Income (Loss) | 220,002 | (5,603) | 10,308 | 284% | 5% | 17,843 |
| Financial Income (Expense) | 2,794 | 5,127 | 1,945 | 38% | 70% | 2,874 |
| Holding Income (Expense) | - | - | - | | | |
| Extraordinary Items | - | - | - | | | |
| Profit Before Tax | 222,796 | (476) | 12,253 | >300% | 5% | 20,717 |
| Income Tax | 83,795 | (185) | 4,652 | >300% | 6% | 8,079 |
| Net Income After Tax | 139,001 | (291) | 7,601 | >300% | 5% | 12,638 |

RI210con Income Statement.xls-mfandiredl

Confidential

BOEH04600435

RLI226

## ROXANE LABORATORIES, INC.

### UNANIMOUS WRITTEN CONSENT OF DIRECTORS

The undersigned, being all of the members of the Board of Directors of ROXANE LABORATORIES, INC., a Delaware corporation, do hereby adopt the following resolutions by this our unanimous written consent pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, in lieu of a meeting of said Board of Directors for the year 2004, and with full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly constituted annual meeting for year 2004:

RESOLVED that, the year-end closing for 2003 be, and it hereby is, approved and the Balance Sheet and Statement of Income of this Corporation as of December 31, 2003 be, and they hereby are, ratified and approved in the forms attached hereto as Exhibit A.

RESOLVED that, the 2004 Budget for this Corporation be, and it hereby is, ratified and approved in the form attached hereto as Exhibit B.

RESOLVED that, effective immediately, Edward B. Peel, Esq. be, and he hereby is, removed as an Assistant Secretary of this Corporation.

RESOLVED that, effective immediately, the following named persons be, and they hereby are, appointed officers of this Corporation, each to serve as such during the pleasure of this Board of Directors in the capacity or capacities set forth opposite his name:

| | |
|---|---|
| Mr. J. Martin Carroll | Chairman of the Board |
| Mr. Robert C. Fromuth | President<br>and Chief Operating Officer |
| Mr. George Doyle | Vice President – Quality Control |
| Mr. Glenn Marina | Vice President - Operations |
| Mr. Randall Wilson | Vice President – Scientific Affairs |

Confidential

RLI226

| | |
|---|---|
| Ursula B. Bartels, Esq. | Secretary |
| Mr. Hermann Tetzner | Treasurer |
| Michael P. Morris, Esq. | Assistant Secretary |
| Ms. Judy Orinski | Assistant Secretary |
| Frank A. Pomer, Esq. | Assistant Secretary |
| Robert P. Raymond, Ph.D., J.D. | Assistant Secretary |

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the    26th    day of    May         , 2004.

J. Martin Carroll
_____
J. Martin Carroll

_____
Robert C. Fromuth

_____
Walter Poerschmann

- 2 -

Rli226con.doc

Confidential                                                              BOEH04600466

**RLI226**

| | |
|---|---|
| Ursula B. Bartels, Esq. | Secretary |
| Mr. Hermann Tetzner | Treasurer |
| Michael P. Morris, Esq. | Assistant Secretary |
| Ms. Judy Orinski | Assistant Secretary |
| Frank A. Pomer, Esq. | Assistant Secretary |
| Robert P. Raymond, Ph.D., J.D. | Assistant Secretary |

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the 26th day of May , 2004.

_____
J. Martin Carroll

*Robert C. Fromuth*
Robert C. Fromuth

_____
Walter Poerschmann

- 2 -

RLI226con.doc

MAY 18 2004 09:44                    6142761416        PAGE.01

Confidential                                                    BOEH04600467

RLI226

| | |
|---|---|
| Ursula B. Bartels, Esq. | Secretary |
| Mr. Hermann Tetzner | Treasurer |
| Michael P. Morris, Esq. | Assistant Secretary |
| Ms. Judy Orinski | Assistant Secretary |
| Frank A. Pomer, Esq. | Assistant Secretary |
| Robert P. Raymond, Ph.D., J.D. | Assistant Secretary |

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the   26th   day of   May   , 2004.

_____
J. Martin Carroll

_____
Robert C. Fromuth

_____
Walter Poerschmann

- 2 -

RIi226con.doc

RLI226

EXHIBIT A

## ROXANE LABORATORIES, INC.
## STATEMENT OF INCOME

| T USS | Actual 2002 | Budget 2003 | 2003 Actual | 2003 of Budget 2003 | 2003 of Actual 2002 | Budget 2004 |
|---|---|---|---|---|---|---|
| Net Sales | 552,560 | 627,918 | 518,235 | 83% | 94% | 476,241 |
| Cost of Goods Sold | 455,873 | 535,767 | 402,180 | 75% | 88% | 341,619 |
| Marketing & Advertising | 5,973 | 6,407 | 6,011 | 94% | 101% | 7,026 |
| Research & Medical, I | 28,407 | 33,464 | 30,085 | 90% | 106% | 40,052 |
| Administration | 9,367 | 9,191 | 10,898 | 119% | 116% | 9,492 |
| Distribution and Royalties | 17,379 | 23,230 | 25,035 | 108% | 144% | 27,803 |
| All Other, I | 2,301 | (3,530) | (10,252) | 290% | <(300%) | 1,895 |
| Contribution III | 33,260 | 23,389 | 54,278 | 232% | 163% | 48,354 |
| Process Development | 3,908 | 2,566 | 3,660 | 143% | 94% | 4,079 |
| Cost of Idle Cap. / Production Var. | 8,248 | 5,157 | 10,203 | 198% | 124% | 13,519 |
| Income Expense II (*) | - | - | - | - | - | (12,732) |
| All Other, II | 8,896 | (2,703) | 8,507 | >300% | 96% | 7,592 |
| Contribution IV | 12,208 | 18,369 | 31,908 | 174% | 261% | 35,896 |
| Research & Medical, II | 13 | 332 | 537 | 162% | >300% | - |
| All Other, III | 1,887 | 194 | 162 | 84% | 9% | 243 |
| Operating Income (Loss) | 10,308 | 17,843 | 31,209 | 175% | >300% | 35,653 |
| Financial Income (Expense) | 1,945 | 2,874 | (771) | (127%) | (140%) | (2,108) |
| Profit Before Tax | 12,253 | 20,717 | 30,438 | 147% | 248% | 33,545 |
| Income Tax | 4,652 | 8,079 | 11,169 | 138% | 240% | 13,083 |
| Net Income After Tax | 7,601 | 12,638 | 19,269 | 152% | 254% | 20,462 |

(*) Includes USD $5.7 2% Savings, in addition to USD $7.0 Marinol payment.

BOEH04600469

**ROXANE LABORATORIES, INC.**
**STATEMENT OF INCOME**
**ACTUAL 2003  vs.  BUDGET 2003**

<u>Millions U.S. $</u>

<u>Net Sales</u>
- Total Net Sales were $109.7 below Budget.
    - Affiliate Net Sales are $120.7 below Budget due to a significant shortfall in sales to BIPI. The major product drivers are Mobic $107.6 – which was transferred to Mexico, Combivent $19.2 and Micardis $16.5.  Favorable affiliate sales included Catapres TTS $7.8 and Viramune $5.3.
    - Roxane also experienced strong Multisource sales of $22.6 above Budget.  These products include Prednisone $10.0, Lithium $4.7, Roxicet $4.6 and Furosemide $3.9 which were offset by unfavorable sales of Mirtazapine $8.6 and Clonidine $15.8 – generic which was not launched in 2003.
    - Toll Manufacturing was $8.6 unfavorable due to a decline in the Elan products including Oramorph, Roxanol and Roxicodone.

<u>Cost of Goods Sold</u>
- Total Cost of Goods Sold were $133.6 below Budget.
    - This was a direct result of lower sales, in particular lower affiliate sales of Mobic.

<u>Admininistration</u>
- Total Administration expenses were above Budget by $1.7.
    - The primary driver was due to Outside Services – Legal expenses.

<u>Distribution and Royalties</u>
- Total Distribution and Royalties were $1.8 above Budget.
    - This was due to unfavorable Indirect Cost of Distribution for product destructions / obsolescence and donations of short dated product.  This is offset by favorable Direct Cost of Distribution expenses due to lower distribution fees caused by a decrease in backorders.

<u>Other, I</u>
- Other, I is better than Budget by $6.7.
    - This is primarily due to an unbudgeted payment that RLI received from Solvay Pharmaceuticals (Unimed) for invoices relating to Medicaid claims and returns for Marinol product in the Brand business.

<u>Process Development</u>
- Process Development spending exceeded Budget by $1.1.
    - This is due to higher than anticipated work on the new Multisource products.

<u>Cost of Idle Capacity / Production Variances / Other II</u>
- Cost of Idle Capacity / Production Variances and Other II exceeded Budget by $16.3.
    - The main drivers for these items include the write-off of UDV assets for $10.1, unfavorable process order variances and capitalized production variances. There was a favorable variance for Cost of Idle Capacity in the Affiliate business due to the higher level of production activity.

BOEH04600470

# ROXANE LABORATORIES, INC.
## BALANCE SHEET

| T US$ | Actual 2002 | Budget 2003 | Actual 2003 | Budget 2004 |
|---|---|---|---|---|
| **Assets** | | | | |
| Trade Accounts Receivable | 35,718 | 33,904 | 37,055 | 120,279 |
| Short-Term Advances to Affiliates | - | 122,913 | - | - |
| Prepaid Expenses | 91 | 120 | 343 | 125 |
| Inventories | 78,737 | 86,592 | 109,543 | 107,137 |
| **Total Current Assets** | 114,546 | 243,529 | 146,941 | 227,541 |
| Intangible Assets | 4,953 | 4,201 | 4,206 | 3,459 |
| Property, Plant and Equipment | 126,664 | 163,528 | 137,997 | 185,501 |
| Other Assets | 129,639 | 81,915 | 43,696 | 50,252 |
| **Total Assets** | 375,802 | 493,173 | 332,840 | 466,753 |
| **Liabilities** | | | | |
| Accounts Payable & Accrued Liabilities | 118,928 | 162,129 | 116,943 | 146,550 |
| Accrued Taxes | 49,470 | 15,000 | 72,761 | 17,000 |
| Payables to Affiliates | 12,103 | - | 6,650 | 9,000 |
| Loans from Affiliates | 140,426 | - | 62,342 | 204,388 |
| **Total Liabilities** | 320,927 | 177,129 | 258,696 | 376,938 |
| **Stockholder's Equity** | | | | |
| Capital Stock | 19 | 19 | 19 | 19 |
| Additional Paid-In Capital | 8,735 | 8,735 | 8,735 | 8,735 |
| Retained Earnings | 46,121 | 307,290 | 65,390 | 81,061 |
| **Total Stockholder's Equity** | 54,875 | 316,044 | 74,144 | 89,815 |
| **Total Liabilities & Stockholder's Equity** | 375,802 | 493,173 | 332,840 | 466,753 |

BOEH04600471

**ROXANE LABORATORIES, INC.**
**STATEMENT OF FINANCIAL POSITION**
**ACTUAL 2003  vs.  BUDGET 2003**

<u>Millions U.S. $</u>

<u>Trade Accounts Receivable Third Parties</u>

o   Trade Accounts Receivable Third Parties were $3.2 above Budget.

   - The increase is primarily the result of payment terms for some customers being extended to 60 or 90 days.

<u>Short-Term Advances to Affiliates</u>

o   Short-Term Advances to Affiliates were $122.9 below Budget.

   - This was due to an increase of the dividend from 2002.

<u>Inventories</u>

•   Inventories were above Budget by $23.0.

   - This was due primarily to higher inventories for new products.

<u>Property, Plant and Equipment</u>

•   Property, Plant and Equipment was below Budget by $25.5.

   - This can be attributed to reduced capital spending in Manufacturing Pharma -$9.2, R&D-$3.2 as well as unbudgeted asset disposals.

<u>Other Assets</u>

•   Other Assets decreased by $38.2 versus Budget due to receipt of payment for $51.4 from AAI Pharma for the sale of the Pain / Palliative product line from Elan.  Also received $7.1 from Solvay Pharmaceuticals (Unimed) for claims submitted relating to Marinol product per our lawsuit settlement. This is offset by an increase in Deferred Tax Assets of  $21.9 due to the acceleration of the Elan payment agreement.

<u>Accounts Payable & Accrued Liabilities</u>

•   Accounts Payable & Accrued Liabilities are $45.2 below Budget.

   - Trade Accounts Payable was below Budget by $30.4 due to a significant reduction in the GR/IR account balance.  In addition, Deferred Income was $8.5 below Budget due to the receipt of $7.1 from Solvay Pharmaceuticals (Unimed) relating to Marinol product claims submitted per our lawsuit settlement.

<u>Accrued Taxes</u>

•   Accrued Taxes were over Budget by $57.8.

   - The main drivers were Tax Provisions increased by $44.9 because the Budget anticipated that tax accruals would be paid out during the year, meanwhile, tax law allowed for the deferral of payment until March 2004.   Deferred Tax Provisions also increased by $12.8 versus Budget due to unbudgeted 2002 tax liabilities.

<u>Loans from Affiliates</u>

•   Loans from Affiliates were $62.3 above Budget.

   - The reason for the increase is the interim dividend payment made in 2002.  For the Budget, the planned dividend was $75.0 versus the actual payment of $320.

<u>Retained Earnings</u>

•   Retained Earnings was $241.9 below Budget.

   - This reduction is the result of the increased dividend payment made at year end 2002.

Confidential                                                                                  BOEH04600472

**Boehringer Ingelheim**

BE1

Income Statement
Company

| | | No. | Description |
|---|---|---|---|
| Company | | 1548 | ROXANE COLUMBUS |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Budget | Curr. | Scale | |
|---|---|---|---|
| 12/2004 | USD | 3 | |

| Text | PNR | Expect. 31.12.2003 | Budget 31.12.2004 | |
|---|---|---|---|---|
| Gross Sales of Goods | 8030 | 625,779 | 995,537 | |
| Sales Discounts | 8050 | 106,847 | 524,992 | |
| Translation/-action Differ from Receivables | 8060 | 0 | 0 | |
| Royalty Income | 8080 | 202 | 241 | |
| Other Income | 8090 | 13,949 | 5,455 | |
| NET SALES | 8100 | 533,083 | 476,241 | |
| Standard Cost of Goods Sold | 8200 | 425,284 | 341,619 | |
| Direct Cost of Distribution | 8210 | 7,588 | 10,906 | |
| Royalties | 8220 | 2,043 | 3,922 | |
| CONTRIBUTION I | 8300 | 98,168 | 119,794 | |
| Direct Promotion Cost | 8320 | 815 | 1,032 | |
| Cost of Free Goods and Samples | 8340 | 0 | 0 | |
| CONTRIBUTION IA | 8500 | 97,353 | 118,762 | |
| Own Field Force | 8502 | 2,038 | 2,538 | |
| Rented Field Force | 8503 | 0 | 0 | |
| Commission Co.-Promotion | 8504 | 0 | 0 | |
| CONTRIBUTION II | 8505 | 95,315 | 116,224 | |
| General Promotion - Activities | 8510 | 0 | 0 | |
| Marketing and Sales Organization | 8520 | 3,460 | 3,456 | |
| Indirect Cost of Distribution | 8540 | 15,064 | 12,975 | |
| Research and Development I | 8550 | 18,693 | 21,848 | |
| Medicine I | 8560 | 15,356 | 18,204 | |
| Administration Cost | 8610 | 10,678 | 9,492 | |
| Variances Cost of Goods | 8629 | -78 | 0 | |
| Variances from other Int. Serv.Charges | 8630 | 278 | 0 | |
| Income/Expense I | 8640 | -10,063 | 1,895 | |
| Cash Subsidies/Adjustment Payments | 8650 | 0 | 0 | |
| Other Translation/Transaction Differences | 8660 | 0 | 0 | |
| CONTRIBUTION III | 8700 | 41,927 | 48,354 | |
| Marketing II | 8733 | 0 | 0 | |
| Process Development | 8735 | 2,567 | 4,079 | |
| Cost of Reserved Capacity | 8737 | 0 | 7,725 | |
| Cost of Idle Cap. | 8738 | 4,643 | 5,930 | |
| Variances Production | 8739 | -976 | -136 | |
| Income/Expense II | 8742 | -1,000 | -12,732 | |
| Other Expenses in Production | 8743 | 11,680 | 7,592 | |
| CONTRIBUTION IV | 8755 | 25,013 | 35,896 | |
| Research and Development II | 8756 | 158 | 0 | |
| Medicine II | 8757 | 174 | 0 | |
| Income/Expense III | 8762 | 170 | 243 | |
| OPERATING INCOME (LOSS) | 8800 | 24,511 | 35,653 | |
| Financial Income / Expense | 8810 | -778 | -2,108 | |
| Holding Income / Expense | 8820 | 0 | 0 | |
| Extraordinary Items | 8830 | 0 | 0 | |

#4156 / 02/02/2004 / Page 1

Confidential

BOEH04600473

**Boehringer Ingelheim**

**BE1**
Income Statement
Company

| | No. | Description |
|---|---|---|
| Company | 1548 | ROXANE COLUMBUS |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Budget | Curr. | Scale | |
|---|---|---|---|
| 12/2004 | USD | 3 | |

| Text | PNR | Expect. 31.12.2003 | Budget 31.12.2004 | |
|---|---|---|---|---|
| INCOME (LOSS) BEFORE TAXES | 8900 | 23,733 | 33,545 | |
| Taxes | 8910 | 9,255 | 13,083 | |
| INCOME (LOSS) AFTER TAXES | 8990 | 14,478 | 20,462 | |

#4158 / 02/02/2004 / Page 2

| Boehringer Ingelheim | | No. | Description |
|---|---|---|---|
| | Company | 1548 | ROXANE COLUMBUS |
| **BB1** | | | |
| Balance Sheet | | | |
| Assets | | | |
| | | | |
| | | | |

| Budget | Curr. | Scale |
|---|---|---|
| 12/2004 | USD | 3 |

| Text | PNR | Expect. 31.12.2003 | Budget 31.12.2004 | |
|---|---|---|---|---|
| Concess.,Pat.,Llc.,Tradem.,etc. | 1010 | 4,206 | 3,459 | |
| Goodwill | 1020 | 0 | 0 | |
| Advance Payments f.Intangibles | 1030 | 0 | 0 | |
| TOTAL INTANGIBLE ASSETS | 1090 | 4,206 | 3,459 | |
| Land and Buildings | 1100 | 53,621 | 50,265 | |
| Machinery and Equipment | 1120 | 29,205 | 25,637 | |
| Furniture, Fixt.and Motor Veh. | 1140 | 22,379 | 32,890 | |
| Adv.Paym.and Constr.in Progress | 1160 | 40,573 | 76,709 | |
| TOTAL PROPERTY,PLANT A.EQUIPM. | 1190 | 145,778 | 185,501 | |
| Investments in Affiliates | 1200 | 0 | 0 | |
| Loans Receivable fr. Affiliates | 1210 | 0 | 0 | |
| Investm. in Related Companies | 1220 | 0 | 0 | |
| Loans Receivable fr. Rel.Comp. | 1230 | 0 | 0 | |
| Long Term Investments | 1240 | 0 | 0 | |
| Other Loans | 1250 | 45 | 10 | |
| TOTAL LONG-TERM INVESTMENTS | 1290 | 45 | 10 | |
| TOTAL PROP.,PLANT,EQUIPM.,INV. | 1300 | 150,029 | 188,970 | |
| Raw Materials and Supplies | 1310 | 47,231 | 37,461 | |
| Work in Process | 1330 | 25,461 | 9,877 | |
| Finished Goods | 1335 | 37,232 | 59,799 | |
| Goods for Resale | 1339 | 0 | 0 | |
| Advance Payments to Vendors | 1360 | 0 | 0 | |
| TOTAL INVENTORIES | 1390 | 109,924 | 107,137 | |
| Trade Acc.Receiv. Third Parties | 1400 | 38,459 | 120,279 | |
| Trade Acc.Receiv. fr.Affiliates | 1410 | 0 | 0 | |
| Short-Term Advances to Aff. | 1420 | 0 | 0 | |
| Trade Acc.Receiv. fr.Rel.Comp. | 1430 | 0 | 0 | |
| Short-Term Adv. to Rel.Comp. | 1440 | 0 | 0 | |
| Other Assets | 1500 | 57,554 | 25,242 | |
| Deferred Tax Assets | 1510 | 8,000 | 25,000 | |
| Subscr. Capital Called not Paid | 1540 | 0 | 0 | |
| Investm. in Aff. and own Shares | 1550 | 0 | 0 | |
| TOTAL RECEIVABLES | 1590 | 104,013 | 170,521 | |
| Other Securities | 1620 | 0 | 0 | |
| Term Deposits | 1700 | 0 | 0 | |
| Cash | 1740 | 0 | 0 | |
| TOTAL LIQUID FUNDS | 1790 | 0 | 0 | |
| Prepaid Exp. a.o.Deferred Items | 1890 | 125 | 125 | |
| TOTAL CURRENT ASSETS | 1900 | 214,062 | 277,783 | |
| BALANCE SHEET TOTAL | 1000 | 364,091 | 466,753 | |

#4156 / 02/02/2004 / Page 1

Confidential

BOEH04600475

**Boehringer Ingelheim**

**BB2**

**Balance Sheet**
**Equity & Liabilities**

|  | No. | Description |
|---|---|---|
| Company | 1548 | ROXANE COLUMBUS |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| Budget | Curr. | Scale |
|---|---|---|
| 12/2004 | USD | 3 |

| Text | PNR | Expect. 31.12.2003 | Budget 31.12.2004 |  |
|---|---|---|---|---|
| Share Capital | 2010 | 19 | 19 | |
| Additional Paid-in Capital | 2020 | 8,735 | 8,735 | |
| Legal Reserves | 2030 | 0 | 0 | |
| Reserves Req.by Company's Stat. | 2040 | 0 | 0 | |
| Other Reserves | 2050 | 0 | 0 | |
| Ret.Earnings, Opening Balance | 2200 | 46,121 | 60,599 | |
| Interim Dividends | 2207 | 0 | 0 | |
| Net Income (Loss), Curr. Period | 2210 | 14,478 | 20,462 | |
| Compensation Consolidation | 2052 | 0 | 0 | |
| TOTAL SHAREHOLDERS' EQUITY | 2300 | 69,353 | 89,815 | |
|  |  |  |  | |
| Prov.f.Pensions a.o.Obligations | 2410 | 22,000 | 24,000 | |
| Tax Provisions | 2450 | 16,000 | 17,000 | |
| Deferred Tax Provisions | 2470 | 0 | 0 | |
| Other Provisions and Accruals | 2500 | 57,500 | 73,024 | |
| TOTAL PROVISIONS | 2600 | 95,500 | 114,024 | |
| Trade Accounts Payable | 2610 | 45,180 | 48,776 | |
| Payable to Banks | 2630 | 0 | 0 | |
| Payable to Affil. Companies | 2720 | 7,000 | 9,000 | |
| Loans from Affil. Companies | 2740 | 140,525 | 204,388 | |
| Payable to Related Companies | 2760 | 0 | 0 | |
| Loans from Related Companies | 2780 | 0 | 0 | |
| Advance Payments from Customers | 2800 | 0 | 0 | |
| Notes Payable | 2810 | 0 | 0 | |
| Other Liabilities | 2820 | 500 | 750 | |
| TOTAL LIABILITIES | 2900 | 193,205 | 262,914 | |
| Deferred Income a.o. Def. Credits | 2950 | 6,033 | 0 | |
| TOTAL LIABILITIES AND PROVISIONS | 2990 | 294,738 | 376,938 | |
| BALANCE SHEET TOTAL | 2000 | 364,091 | 466,753 | |

#4158 / 02/02/2004 / Page 1

Confidential

BOEH04600476

**Boehringer Ingelheim**

**BB3**

**Funds Flow Analysis**

| | No. | Description |
|---|---|---|
| Company | 1548 | ROXANE COLUMBUS |
| | | |
| | | |
| | | |
| | | |
| | | |

| Budget | Curr. | Scale |
|---|---|---|
| 12/2004 | USD | 3 |

| Text | PNR | Expect. 31.12.2003 | Budget 31.12.2004 | |
|---|---|---|---|---|
| LIQUID FUNDS PER 01.01. | 5000 | 0 | 0 | |
| INCOME (LOSS) AFTER TAXES | 8990 | 14,478 | 20,462 | |
| Depr. Prop.,Plant a.Equipm. | 5100 | 17,904 | 17,412 | |
| Write-ups Prop.,Plant a.Equipm. | 5110 | 0 | 0 | |
| Variance Prov. for Pensions | 5120 | 5,498 | 2,000 | |
| CASH FLOW | 5190 | 37,880 | 39,874 | |
| Variance Inventories | 5200 | -31,187 | 2,787 | |
| Variance Total Rec./def.Items | 5210 | 61,081 | -66,508 | |
| Variance Other Provisions | 5220 | -35,716 | 16,524 | |
| Variance Total Liab./Def.Items | 5230 | 3,930 | -187 | |
| Difference of EURO conversion | 5235 | 0 | 0 | |
| VARIANCE NET CURRENT ASSETS | 5290 | -1,892 | -47,384 | |
| Additions to Intangible Assets | 5300 | 0 | 0 | |
| Additions to Pro., Plant and Equipm | 5310 | -37,018 | -57,135 | |
| Var.Inv.(exc. Long Term Inv.) | 5320 | 184 | 35 | |
| Net Disp.Prop.,Plant a. Equipm. | 5350 | 747 | 747 | |
| VAR. PROP.,PLANT,EQU.A.INV. | 5390 | -36,087 | -56,353 | |
| | | | | |
| Dividend Payment | 5490 | 0 | 0 | |
| Increase/Decrease Share Capital | 5500 | 0 | 0 | |
| Var.Loans from/to Aff.a.Rel.Co. | 5510 | 99 | 63,863 | |
| Var. Loans from 3rd Parties | 5520 | 0 | 0 | |
| EXTERNAL FINANCING | 5590 | 99 | 63,863 | |
| OTHER VAR. SHAREHOLDER EQUITY | 5600 | 0 | 0 | |
| VARIANCE LIQUID FINANCIAL ASSETS | 5800 | 0 | 0 | |
| LIQUID FINANCIAL ASSETS PER 31.12. | 5900 | 0 | 0 | |
| Thereof: | | | | |
| TOTAL LIQUID FUNDS | 1790 | 0 | 0 | |
| Long Term Investments | 1240 | 0 | 0 | |
| | | | | |
| Receivables from/Payables to Cash Pool | 9243 | -147,525 | -213,388 | |

#4156 / 02/02/2004 / Page 1

Confidential

BOEH04600477

RLI235

**ROXANE LABORATORIES, INC.**

**UNANIMOUS WRITTEN CONSENT OF DIRECTORS**

The undersigned, being all of the members of the Board of Directors of ROXANE LABORATORIES, INC., a Delaware corporation, do hereby adopt the following resolution by this our unanimous written consent pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, in lieu of a meeting of said Board of Directors, and with full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly constituted meeting:

WHEREAS, it is in the best interest of this Corporation to separate the businesses of sales and marketing of its multisource products business, including the intellectual property rights of such products, from its business of manufacturing, and to have such aforementioned sales and marketing business distributed to its sole shareholder, Boehringer Ingelheim Corporation, in a transaction that is intended to be tax-free; and

WHEREAS, in order to accomplish the foregoing, it is in the best interest of this Corporation to create and incorporate under Nevada law a wholly-owned subsidiary.

NOW, THEREFORE, BE IT

RESOLVED that, this Corporation be, and it hereby is, authorized and empowered to cause the creation and incorporation of a new corporation to be 100% owned by this Corporation.

RESOLVED that, the new corporation be organized under the laws of the State of Nevada in the United States of America.

RESOLVED that, the name of the new corporation be "RLI Newco, Inc."

Rli235con.doc

Confidential

RLI235

RESOLVED that, the new corporation shall have a Board of Directors consisting of three directors which shall be, until otherwise changed by its sole shareholder:

> J. Martin Carroll
> Thomas Murphy
> Walter Poerschmann

RESOLVED that, for the purpose of organizing and establishing the new corporation, the President and any Vice President (or any of them) of this Corporation be, and they hereby are, authorized and empowered to execute and deliver such agreements, filings, certificates of incorporation, by-laws and other instruments and documents containing such terms and conditions not inconsistent with the intent of these resolutions as the officer executing the same may approve, such approval to be conclusively evidenced by his or her execution and delivery thereof, and to do all such other acts as they may deem necessary or advisable in furtherance of the Corporation's rights and obligations thereunder, and the Secretary and any Assistant Secretary be, and they hereby are authorized where required or appropriate, to attest and affix the corporate seal to any such instruments and documents.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the ___26th___ day of ___January___, 2005.

_J. Martin Carroll_

_____
Walter Poerschmann

_____
Robert C. Fromuth

2

Rli235con.doc

RLI235

RESOLVED that, the new corporation shall have a Board of Directors consisting of three directors which shall be, until otherwise changed by its sole shareholder:

> J. Martin Carroll
> Thomas Murphy
> Walter Poerschmann

RESOLVED that, for the purpose of organizing and establishing the new corporation, the President and any Vice President (or any of them) of this Corporation be, and they hereby are, authorized and empowered to execute and deliver such agreements, filings, certificates of incorporation, by-laws and other instruments and documents containing such terms and conditions not inconsistent with the intent of these resolutions as the officer executing the same may approve, such approval to be conclusively evidenced by his or her execution and delivery thereof, and to do all such other acts as they may deem necessary or advisable in furtherance of the Corporation's rights and obligations thereunder, and the Secretary and any Assistant Secretary be, and they hereby are authorized where required or appropriate, to attest and affix the corporate seal to any such instruments and documents.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the __26th__ day of __January__, 2005.

_____
J. Martin Carroll

_____
Walter Poerschmann

_____
Robert C. Fromuth

2

Rli235con.doc

Confidential

BOEH04600506

RLI235

RESOLVED that, the new corporation shall have a Board of Directors consisting of three directors which shall be, until otherwise changed by its sole shareholder:

> J. Martin Carroll
> Thomas Murphy
> Walter Poerschmann

RESOLVED that, for the purpose of organizing and establishing the new corporation, the President and any Vice President (or any of them) of this Corporation be, and they hereby are, authorized and empowered to execute and deliver such agreements, filings, certificates of incorporation, by-laws and other instruments and documents containing such terms and conditions not inconsistent with the intent of these resolutions as the officer executing the same may approve, such approval to be conclusively evidenced by his or her execution and delivery thereof, and to do all such other acts as they may deem necessary or advisable in furtherance of the Corporation's rights and obligations thereunder, and the Secretary and any Assistant Secretary be, and they hereby are authorized where required or appropriate, to attest and affix the corporate seal to any such instruments and documents.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the __26th__ day of __January__, 2005.

_____
J. Martin Carroll

_____
Walter Poerschmann

*Robert C. Fromuth*
Robert C. Fromuth

2

Rli235con.doc

**RLI240**
**(Delaware)**

### ROXANE LABORATORIES, INC.

#### UNANIMOUS WRITTEN CONSENT OF DIRECTORS

The undersigned, being all of the members of the Board of Directors of ROXANE LABORATORIES, INC., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by this, our unanimous written consent pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, in lieu of a meeting of said Board of Directors, and with full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly constituted meeting:

WHEREAS, the Corporation's sole shareholder, Boehringer Ingelheim Corporation ("BIC"), desires to separate the business of sales and marketing of multisource pharmaceutical products from the manufacturing operations of the Corporation in order to benefit from the operational efficiencies resulting from the improved line of sight management for such products;

WHEREAS, the Directors of the Corporation deem it expedient and in the best interest of the Corporation to separate the business of sales and marketing of its multisource pharmaceutical products, including the intellectual property rights of such products, from its business of manufacturing and to have such aforementioned businesses distributed to BIC, in a transaction that is intended to be tax-free; and

WHEREAS, the Corporation owns all the issued and outstanding stock of RLI Newco, Inc. ("Newco").

NOW, THEREFORE, BE IT

RESOLVED that, the Corporation be, and it hereby is, authorized to contribute to Newco its entire right, title and interest in the sales and marketing business of its multisource pharmaceutical products, including the intellectual property rights of such products, in a transaction that is intended to be tax-free in accordance with the provisions of Section 351 and Section 368(a)(1)(D) of the Internal Revenue Code of 1986, as amended (the "Code");

RESOLVED that, immediately after the contributions to Newco as set forth in the preceding resolutions, the Corporation be, and it hereby is, authorized to

G:\LEGAL\Corporate Secretarial\Reorganizations\Reorg Multisource\4) BIC-RLI (De)-Newco Reorg&CorpSep\RLI240con.doc

Confidential                                                                BOEH04600521

RLI240
(Delaware)

distribute all of the issued and outstanding stock of Newco, its wholly-owned subsidiary, to BIC in a distribution that is intended to qualify as a tax-free reorganization pursuant to Section 355 of the Code;

RESOLVED that, the form, terms and provisions of the proposed Agreement and Plan of Reorganization and Corporate Separation (the "Agreement") between and among the Corporation, BIC, and Newco be, and it hereby is, in all respects approved and ratified substantially in the form set forth in Exhibit I attached hereto and made a part hereof; and

RESOLVED that, the President or any Vice President and the Secretary or Assistant Secretary of the Corporation be, and they hereby are, authorized and empowered, in the name and on behalf of the Corporation to do all acts, to sign and deliver all documents and to do all such other acts as they may deem necessary or advisable in order to effectuate the foregoing resolution.

This instrument may be signed in one or more counterparts all of which taken

together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the

_____15th_____ day of __March__ , 2005.

J. Martin Carroll

_____
Robert Fromuth

_____
Walter Poerschmann

2

BOEH04600522

**RLI240**
**(Delaware)**

distribute all of the issued and outstanding stock of Newco, its wholly-owned subsidiary, to BIC in a distribution that is intended to qualify as a tax-free reorganization pursuant to Section 355 of the Code;

RESOLVED that, the form, terms and provisions of the proposed Agreement and Plan of Reorganization and Corporate Separation (the "Agreement") between and among the Corporation, BIC, and Newco be, and it hereby is, in all respects approved and ratified substantially in the form set forth in Exhibit I attached hereto and made a part hereof; and

RESOLVED that, the President or any Vice President and the Secretary or Assistant Secretary of the Corporation be, and they hereby are, authorized and empowered, in the name and on behalf of the Corporation to do all acts, to sign and deliver all documents and to do all such other acts as they may deem necessary or advisable in order to effectuate the foregoing resolution.

This instrument may be signed in one or more counterparts all of which taken

together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the

_15th_ day of _March_ , 2005.

_____
J. Martin Carroll

_Robert Fromuth_
Robert Fromuth

_____
Walter Poerschmann

2

Confidential

RLI240
(Delaware)

distribute all of the issued and outstanding stock of Newco, its wholly-owned subsidiary, to BIC in a distribution that is intended to qualify as a tax-free reorganization pursuant to Section 355 of the Code;

RESOLVED that, the form, terms and provisions of the proposed Agreement and Plan of Reorganization and Corporate Separation (the "Agreement") between and among the Corporation, BIC, and Newco be, and it hereby is, in all respects approved and ratified substantially in the form set forth in Exhibit I attached hereto and made a part hereof; and

RESOLVED that, the President or any Vice President and the Secretary or Assistant Secretary of the Corporation be, and they hereby are, authorized and empowered, in the name and on behalf of the Corporation to do all acts, to sign and deliver all documents and to do all such other acts as they may deem necessary or advisable in order to effectuate the foregoing resolution.

This instrument may be signed in one or more counterparts all of which taken

together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the

__15th__ day of __March__ , 2005.

_____
J. Martin Carroll

_____
Robert Fromuth

_____
Walter Poerschmann

2

Confidential                                                                         BOEH04600524

**Exhibit I**
**RLI240**

## AGREEMENT AND PLAN OF REORGANIZATION
## AND CORPORATE SEPARATION

AGREEMENT, made this _____ day of _____, 2005 between Roxane Laboratories, Inc. ("Roxane"), a Delaware corporation, RLI Newco, Inc. ("Newco"), a Nevada corporation, and Boehringer Ingelheim Corporation, a Nevada corporation ("BIC").

WHEREAS, Roxane is engaged in the business of manufacturing of pharmaceutical products;

WHEREAS, Roxane is engaged in the business of sales and marketing of multisource pharmaceutical products, as well as owning the intellectual property associated with such products;

WHEREAS, Roxane owns all of the issued and outstanding stock of Newco, its wholly-owned subsidiary;

WHEREAS, BIC desires to separate the business of sales and marketing of multisource pharmaceutical products from the manufacturing operations of Roxane, its wholly-owned subsidiary, in order to benefit from the operational efficiencies resulting from the improved line of sight management for such products; and

WHEREAS, Roxane deems it expedient and in its best interest to separate the business of sales and marketing of its multisource pharmaceutical products, including the intellectual property rights of such products, from its business of manufacturing and to have such aforementioned businesses distributed to its sole shareholder, BIC, in a transaction that is intended to be tax-free.

NOW, THEREFORE, in consideration of the mutual covenants herein set forth, the parties agree as follows:

1. **Transfer of Sales and Marketing of Multisource Pharmaceutical Products and Intellectual Property Rights Therein**

It is hereby agreed that Roxane shall, as soon as is administratively feasible after April 4, 2005, contribute to Newco its entire right, title and interest in the sales and marketing of its multisource pharmaceutical products and its entire right, title and interest to the intellectual property associated with such multisource pharmaceutical products, in a transaction that is intended to be tax-free in accordance with the provisions of Section 351 and Section 368(a)(1)(D) of the Internal Revenue Code of 1986, as amended (the "Code"), and Newco hereby agrees to accept all such property.

2. **Distribution of Newco Stock**

It is hereby agreed that Roxane shall, immediately after the transfers set forth in the aforementioned paragraph 1, distribute all of its stock in Newco, which shall constitute all such

Confidential                                                        BOEH04600525

stock outstanding, to its sole shareholder, BIC, in a distribution that is intended to qualify as a tax-free reorganization pursuant to Section 355 of the Code.

This Agreement constitutes the entire agreement and understanding between the parties.

This Agreement shall be governed by the laws of the State of Delaware.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

ROXANE LABORATORIES, INC.

Corporate Seal

ATTEST:                                   By:_____
                                                   Robert C. Fromuth
                                          Title:    President and Chief Operating Officer

_____

Assistant Secretary


RLI NEWCO, INC.

Corporate Seal

ATTEST:                                   By:_____
                                                   Thomas Murphy
                                          Title:    President and Chief Operating Officer

_____
Scott M. Terrillion
Secretary


BOEHRINGER INGELHEIM
CORPORATION

Corporate Seal

ATTEST:                                   By:_____
                                                   J. Martin Carroll
                                          Title:    President and Chief Executive Officer

_____

Assistant Secretary


2

G:\LEGAL\Corporate Secretarial\Reorganizations\Reorg Multisource\4) BIC-RLI (De)-Newco Reorg&CorpSep\RLI240conAtt.doc

Confidential                                                        BOEH04600526

**AGREEMENT AND PLAN OF REORGANIZATION
AND CORPORATE SEPARATION**

AGREEMENT, made this __29th__ day of __March__, 2005 between Roxane Laboratories, Inc. ("Roxane"), a Delaware corporation, RLI Newco, Inc. ("Newco"), a Nevada corporation, and Boehringer Ingelheim Corporation, a Nevada corporation ("BIC").

WHEREAS, Roxane is engaged in the business of manufacturing of pharmaceutical products;

WHEREAS, Roxane is engaged in the business of sales and marketing of multisource pharmaceutical products, as well as owning the intellectual property associated with such products;

WHEREAS, Roxane owns all of the issued and outstanding stock of Newco, its wholly-owned subsidiary;

WHEREAS, BIC desires to separate the business of sales and marketing of multisource pharmaceutical products from the manufacturing operations of Roxane, its wholly-owned subsidiary, in order to benefit from the operational efficiencies resulting from the improved line of sight management for such products; and

WHEREAS, Roxane deems it expedient and in its best interest to separate the business of sales and marketing of its multisource pharmaceutical products, including the intellectual property rights of such products, from its business of manufacturing and to have such aforementioned businesses distributed to its sole shareholder, BIC, in a transaction that is intended to be tax-free.

NOW, THEREFORE, in consideration of the mutual covenants herein set forth, the parties agree as follows:

1. **Transfer of Sales and Marketing of Multisource Pharmaceutical Products and Intellectual Property Rights Therein**

It is hereby agreed that Roxane shall, as soon as is administratively feasible after April 4, 2005, contribute to Newco its entire right, title and interest in the sales and marketing of its multisource pharmaceutical products and its entire right, title and interest to the intellectual property associated with such multisource pharmaceutical products, in a transaction that is intended to be tax-free in accordance with the provisions of Section 351 and Section 368(a)(1)(D) of the Internal Revenue Code of 1986, as amended (the "Code"), and Newco hereby agrees to accept all such property.

2. **Distribution of Newco Stock**

It is hereby agreed that Roxane shall, immediately after the transfers set forth in the aforementioned paragraph 1, distribute all of its stock in Newco, which shall constitute all such

BOEH04600527

stock outstanding, to its sole shareholder, BIC, in a distribution that is intended to qualify as a tax-free reorganization pursuant to Section 355 of the Code.

This Agreement constitutes the entire agreement and understanding between the parties.

This Agreement shall be governed by the laws of the State of Delaware.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

**ROXANE LABORATORIES, INC.**

Corporate Seal

ATTEST:                                    By: _Robert C. Fromuth_
                                               Robert C. Fromuth
_Michael P. Morris_                        Title:    President and Chief Operating Officer

Assistant Secretary


**RLI NEWCO, INC.**

Corporate Seal

ATTEST:                                    By: _____
                                               Thomas Murphy
                                           Title:    President and Chief Operating Officer


_____
Scott M. Terrillion
Secretary


**BOEHRINGER INGELHEIM CORPORATION**

Corporate Seal

ATTEST:                                    By: _J. Martin Carroll_
                                               J. Martin Carroll
_____           Title:    President and Chief Executive Officer

Assistant Secretary

2

C:\DOCUME~1\hnewton\LOCALS~1\Temp\RLI240conAtt.doc

Confidential                                            BOEH04600528

stock outstanding, to its sole shareholder, BIC, in a distribution that is intended to qualify as a tax-free reorganization pursuant to Section 355 of the Code.

This Agreement constitutes the entire agreement and understanding between the parties.

This Agreement shall be governed by the laws of the State of Delaware.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

**ROXANE LABORATORIES, INC.**

Corporate Seal

ATTEST:                                     By:_____
                                                           Robert C. Fromuth
                                            Title:    President and Chief Operating Officer

_____

Assistant Secretary


Corporate Seal                              **RLI NEWCO, INC.**

ATTEST:                                     By:_____
                                                           Thomas Murphy
                                            Title:    President and Chief Operating Officer

_____
Scott M. Terrillion
Secretary


Corporate Seal                              **BOEHRINGER INGELHEIM CORPORATION**

ATTEST:                                     By:_____
                                                           J. Martin Carroll
                                            Title:    President and Chief Executive Officer

_____

Assistant Secretary


2

Confidential                                                        BOEH04600529

**RLI243**
**(Delaware)**

## ROXANE LABORATORIES, INC.

### UNANIMOUS WRITTEN CONSENT OF DIRECTORS

The undersigned, being all of the members of the Board of Directors of ROXANE LABORATORIES, INC., a Delaware corporation, (the "Corporation") do hereby adopt the following resolutions by this our unanimous written consent without a meeting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, with full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly constituted meeting:

WHEREAS, this Board of Directors of the Corporation recommends the adoption of an Amendment to the Certificate of Incorporation, as amended, of the Corporation to change the name of the Corporation to Boehringer Ingelheim Roxane, Inc., such change of name to be effective upon the filing with the Secretary of State of Delaware of an Amendment to Certificate of Incorporation of the Corporation.

NOW, THEREFORE, IT IS

RESOLVED that, this Board of Directors of the Corporation hereby recommends the adoption of an Amendment to the Certificate of Incorporation, as amended, of the Corporation to change the name of the Corporation to Boehringer Ingelheim Roxane, Inc., such name change to be effective upon the filing with the Secretary of State of Delaware of the Amendment to Certificate of Incorporation, and directs that the same be submitted to the sole stockholder of this Corporation for its written consent.

RESOLVED that, Article 1 of the Certificate of Incorporation, as amended, of this Corporation be amended to read as follows:

"1. The name of the corporation is:  Boehringer Ingelheim Roxane, Inc.;"

RESOLVED that, in order to change the name of the Corporation to Boehringer Ingelheim Roxane, Inc., the proper officers of the Corporation be, and they hereby are directed to:  (1) after stockholder approval, make and execute a Certificate of Amendment of Certificate of Incorporation, changing the name of the Corporation to Boehringer Ingelheim Roxane, Inc.; (2) after stockholder approval, cause an executed copy of said Certificate of Amendment of Certificate of Incorporation be to filed with the Secretary of

G:\legal\corporate Secretarial\reorganizations\reorg Multisource\6) RLI (Old DE) Name Change Docs\RLI243con ( DE) DirConsent-Name Change.doc

Confidential                                                                                 BOEH04600533

RLI243

State of Delaware; and (3) do all acts and things whatsoever, whether within or without the State of Delaware, which may be necessary or proper to effect said name change.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the 30th day of March , 2005.

J. Martin Carroll

_____
Robert Fromuth

_____
Walter Poerschmann

-2-

BOEH04600534

**RLI243**

State of Delaware; and (3) do all acts and things whatsoever, whether within or without the State of Delaware, which may be necessary or proper to effect said name change.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the  30th   day of   March          , 2005.

_____
J. Martin Carroll

_____
Robert Fromuth

_____
Walter Poerschmann

-2-

RLI243

State of Delaware; and (3) do all acts and things whatsoever, whether within or without the State of Delaware, which may be necessary or proper to effect said name change.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the    30th    day of    March    , 2005.

_____
J. Martin Carroll

_____
Robert Fromuth

_____
Walter Poerschmann

-2-

Confidential                                                BOEH04600536

RLI238

## ROXANE LABORATORIES, INC.

## UNANIMOUS WRITTEN CONSENT OF DIRECTORS

The undersigned, being all of the members of the Board of Directors of Roxane Laboratories, Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by this, our unanimous written consent, pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, in lieu of a meeting of said Board of Directors, and with full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly constituted meeting:

WHEREAS, it is advisable and in the best interests of the Corporation and its sole shareholder, Boehringer Ingelheim Corporation, a Nevada corporation ("BIC"), that Ridgebury Pharmaceuticals, Inc. a Delaware corporation ("Ridgebury"), be merged with and into this Corporation pursuant to the provisions of Section 251 of the General Corporation Law of the State of Delaware; and

WHEREAS, the aforementioned merger would be carried out in accordance with the terms and provisions of the Agreement and Plan of Merger of Ridgebury Pharmaceuticals, Inc. with and into Roxane Laboratories, Inc. (the "Agreement"), a copy of which is attached hereto as Exhibit A and hereby made a part hereof, in a transaction intended to qualify as a tax-free reorganization pursuant to Section 368 of the Internal Revenue Code.

NOW THEREFORE, BE IT

RESOLVED, that the Agreement be, and it hereby is, approved and adopted;

RESOLVED, that the Agreement be submitted to the Corporation's sole shareholder, BIC, for approval and adoption;

RESOLVED that, upon such approval and adoption by the Corporation's sole shareholder, BIC, the appropriate officers of the Corporation be, and they hereby are, authorized and directed to execute the Agreement; and

G:\LEGAL\Corporate Secretarial\Reorganizations\Reorg Multisource\3) RLI (De)-RPI Merger\RLI238con.doc

Confidential

BOEH04600538

RLI238

RESOLVED, that, the appropriate officers of the Corporation be, and they hereby are authorized to do all such other acts and things and to execute such documents agreements, and certificates in the name of and on behalf of the Corporation, and to deliver or file such documents agreements and certificates when executed, and to take all such other actions, with any such person, as is necessary to effectuate the merger, and to pay all filing fees and other fees, expenses and charges as they, or any of them, may deem necessary or appropriate to effectuate the Agreement and the full intent and purposes thereof.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the __1st___ day of ___April_____, 2005.

_J. Martin Carroll_
J. Martin Carroll

_____
Robert C. Fromuth

_____
Walter Poerschmann

- 2 -

BOEH04600539

RLI238

RESOLVED, that, the appropriate officers of the Corporation be, and they hereby are authorized to do all such other acts and things and to execute such documents agreements, and certificates in the name of and on behalf of the Corporation, and to deliver or file such documents agreements and certificates when executed, and to take all such other actions, with any such person, as is necessary to effectuate the merger, and to pay all filing fees and other fees, expenses and charges as they, or any of them, may deem necessary or appropriate to effectuate the Agreement and the full intent and purposes thereof.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the _____1st_____ day of _____April_____, 2005.

_____
J. Martin Carroll

_Robert C. Fromuth_
_____
Robert C. Fromuth

_____
Walter Poerschmann

- 2 -

Confidential                                                    BOEH04600540

RLI238

RESOLVED, that, the appropriate officers of the Corporation be, and they hereby are authorized to do all such other acts and things and to execute such documents agreements, and certificates in the name of and on behalf of the Corporation, and to deliver or file such documents agreements and certificates when executed, and to take all such other actions, with any such person, as is necessary to effectuate the merger, and to pay all filing fees and other fees, expenses and charges as they, or any of them, may deem necessary or appropriate to effectuate the Agreement and the full intent and purposes thereof.

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the
_____1st_____ day of ____April____, 2005.


_____
J. Martin Carroll


_____
Robert C. Fromuth


_____
Walter Poerschmann


- 2 -

Confidential                                                                          BOEH04600541

**Exhibit A**
**to RLI238**

**Agreement and Plan of Merger**
**Of**
**Ridgebury Pharmaceuticals, Inc.**
**with and into**
**Roxane Laboratories, Inc.**

**AGREEMENT** is made as of this _____ day of _____, 2005 by and between ROXANE LABORATORIES, INC. ("RLI"), a corporation organized and existing under the laws of the State of Delaware, having its principal office at 1809 Wilson Road, Columbus, Ohio 43228 and RIDGEBURY PHARMACEUTICALS, INC. ("RIDGEBURY"), a corporation organized and existing under the laws of State of Delaware, having its principal office and place of business at 900 Ridgebury Road, Ridgefield, Connecticut 06877.

The following terms and conditions, herein referred to as the "Plan of Merger", shall govern the merger of RIDGEBURY with and into RLI, which is intended to qualify as a tax-free reorganization under Section 368 (a)(1)(A) of the Internal Revenue Code:

1. **Surviving Corporation**.

   a. Both RIDGEBURY and RLI are wholly owned subsidiaries of Boehringer Ingelheim Corporation ("BIC"), a Nevada corporation.

   b. RLI shall be the surviving corporation and all references in this Agreement and Plan of Merger to the "surviving corporation" shall refer to RLI.

   c. RIDGEBURY shall be the merged corporation and all references in this Agreement and Plan of Merger to the "merged corporation" shall refer to RIDGEBURY.

2. **Management**.

   a. The Certificate of Incorporation of RLI shall be and shall remain the Certificate of Incorporation of the surviving corporation following the effective date of the merger, until the same shall be subsequently altered or amended.

   b. The Corporate Bylaws of RLI shall be and remain the Corporate Bylaws of the surviving corporation following the effective date of this merger until subsequently altered, amended, or repealed.

G:\LEGAL\Corporate Secretarial\Reorganizations\Reorg Multisource\3) RLI (De)-RPI Merger\RLI238conAtt.doc

     c.     The officers and directors of RLI in office on the effective date of the merger shall continue in office and shall constitute the directors and officers of the surviving corporation following the effective date of this merger for the term elected until their respective successors shall be elected or appointed and qualified.

3.     **Effective Date**.

     The effective date of the merger shall be April 04, 2005.

4.     **Rights, Privileges, etc**.

     a.     On the effective date of the merger, RLI shall possess all the rights, privileges, immunities, powers, and franchises of a public and private nature, and shall be subject to all of the restrictions, disabilities and duties of the merged corporation; and all of the property, real, personal and mixed, and all debts due on whatever account, and all other assignable rights of action and all and every other interest of or belonging to or due to the merged corporation shall be deemed to be transferred to and vested in RLI without further act or deed, and the title to any property or any interest therein, vested in the merged corporation shall not revert or be in any way impaired by reason of the merger.

     b.     On the effective date of the merger, RLI shall be deemed responsible and liable for all the liabilities and obligations of the merged corporation; and any claims existing by or against the merged corporation may be prosecuted to judgment as if the merger had not taken place, or RLI may be substituted in place of the merged corporation.  The rights of the creditors shall not be impaired by this merger.  RLI shall execute and deliver any and all documents which may be required for it to assume or otherwise comply with the outstanding obligations of the merged corporation.

5.     **Conversion of Shares**.

     BIC at present owns all of the outstanding shares of stock of RIDGEBURY, the merged corporation.  On the effective date of the merger, all the outstanding shares of stock of the merged corporation shall be cancelled, and the certificates therefor shall be surrendered and also canceled.  The existing shares of common stock of RLI, whether authorized or issued on the effective date of the merger, shall not be converted, exchanged, cancelled or otherwise affected as a result of the merger, and no new shares of stock shall be issued by reason of this merger.

6.     **Expenses of Merger**.

     RLI and RIDGEBURY shall each pay their own expenses of accomplishing the merger.

-2-

Confidential

7.     **Subsequent Acts**.

        If at any time RLI shall consider or be advised that any further assignment or assurances in law are necessary or desirable to vest or to perfect or confirm of record in RLI the title to any property or rights of the merged corporation or to otherwise carry out the provisions hereof, the proper officers and directors of the merged corporation as of the effective date of the merger shall execute and deliver any and all proper assignments and assurances in law, and do all things necessary or proper to vest, perfect, or confirm title to such property or rights in RLI and to otherwise carry out the provisions hereof.

8.     **Miscellaneous**

        This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

        **IN WITNESS WHEREOF**, the above-mentioned corporations have caused this instrument to be executed in their behalf, pursuant to the authority of their Boards of Directors, by the President of each corporation, and their corporate seals to be attached, attested by the secretary of each corporation as of the day and year first above written.

                                                        ROXANE LABORATORIES, INC.

Corporate Seal

ATTEST:                                            By:_____
                                                              Robert C. Fromuth
                                                        Title:   President and Chief Operating Officer

_____

Assistant Secretary


                                                        RIDGEBURY PHARMACEUTICALS, INC.

Corporate Seal

ATTEST:                                            By:_____
                                                              J. Martin Carroll
                                                        Title:   President and Chief Operating Officer

_____

Assistant Secretary


-3-

Confidential

BIRI251

**BOEHRINGER INGELHEIM ROXANE, INC.**

**UNANIMOUS WRITTEN CONSENT OF DIRECTORS**

The undersigned, being all of the members of the Board of Directors of BOEHRINGER INGELHEIM ROXANE, INC., a Delaware corporation, do hereby adopt the following resolutions by this our unanimous written consent pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, in lieu of a meeting of said Board of Directors for the year 2005, and with full force and effect as if adopted by the unanimous affirmative vote of all of us at a duly constituted annual meeting for year 2005:

RESOLVED that, the year-end closing for 2004 be, and it hereby is, approved and the Balance Sheet and Statement of Income of this Corporation as of December 31, 2004 as set forth in Exhibit A attached hereto be, and they hereby are, ratified and approved.

RESOLVED that, the 2005 Budget for this Corporation as set forth in Exhibit A attached hereto be, and it hereby is, ratified and approved.

RESOLVED that, effective September 1, 2005, the following named persons be, and they hereby are, appointed officers of this Corporation, each to serve as such during the pleasure of this Board of Directors in the capacity or capacities set forth opposite his name:

| | |
|---|---|
| Mr. J. Martin Carroll | Chairman of the Board |
| Mr. Robert C. Fromuth | President and Chief Operating Officer |
| Mr. Everett Hoekstra | Vice President – Finance |
| Marla S. Persky, Esq. | Secretary |
| Andrea Kochensparger, Esq. | Assistant Secretary |
| Frank A. Pomer, Esq. | Assistant Secretary |
| Scott M. Terrillion, Esq. | Assistant Secretary |

Confidential

**BIRI251**

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the   8th   day of   August   , 2005.

_J. Martin Carroll_
J. Martin Carroll

_____
Robert C. Fromuth

_____
Thomas Zimmer

- 2 -

BIRI251con.doc

Confidential                                                                          BOEH04600610

**BIRI251**

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the   8th   day of August            , 2005.

_____
J. Martin Carroll


_____
Robert C. Fromuth


_____
Thomas Zimmer

- 2 -

BIRI251con.doc

Confidential                                                    BOEH04600611

**BIRI251**

This instrument may be signed in one or more counterparts all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, we have duly signed this instrument effective as of the   8th   day of   August   , 2005.

_____
J. Martin Carroll


_____
Robert C. Fromuth


_____
Thomas Zimmer

- 2 -

BIRI251con.doc

BOEH04600612

BIRIZ>1
EXHIBIT A

Page 1 of 2

**Boehringer Ingelheim**

# ROXANE LABORATORIES, INC
## BALANCE SHEET

(As of April 7, 2005
name changed to
Boehringer Ingelheim
Roxane, Inc.)

| TUS$ | Actual 2003 | Budget 2004 | Actual 2004 | Budget 2005 |
|---|---|---|---|---|
| **Assets** | | | | |
| Trade Accounts Receivable | 37,055 | 120,279 | 56,378 | 97,588 |
| Short-Term Advances to Affiliates | - | - | - | - |
| Prepaid Expenses | 343 | 125 | 439 | 410 |
| Inventories | 109,543 | 107,137 | 115,607 | 118,917 |
| **Total Current Assets** | 146,941 | 227,541 | 172,424 | 216,915 |
| Intangible Assets | 4,206 | 3,459 | 3,459 | 2,712 |
| Property, Plant and Equipment | 137,997 | 185,501 | 163,009 | 204,199 |
| Other Assets | 43,696 | 50,252 | 54,859 | 43,008 |
| **Total Assets** | 332,840 | 466,753 | 393,751 | 466,834 |
| **Liabilities** | | | | |
| Accounts Payable & Accrued Liabilities | 116,943 | 146,550 | 121,215 | 150,760 |
| Accrued Taxes | 72,761 | 17,000 | 52,191 | 31,037 |
| Payables to Affiliates | 6,650 | 9,000 | 71,428 | 10,000 |
| Loans from Affiliates | 62,342 | 204,388 | 88,721 | 182,387 |
| **Total Liabilities** | 258,696 | 376,938 | 333,555 | 374,184 |
| **Stockholder's Equity** | | | | |
| Capital Stock | 19 | 19 | 19 | 19 |
| Additional Paid-In Capital | 8,735 | 8,735 | 8,735 | 8,735 |
| Retained Earnings | 65,390 | 81,061 | 51,442 | 83,896 |
| **Total Stockholder's Equity** | 74,144 | 89,815 | 60,196 | 92,650 |
| **Total Liabilities & Stockholder's Equity** | 332,840 | 466,753 | 393,751 | 466,834 |

Confidential

BOEH04600613

# ROXANE LABORATORIES, INC
## STATEMENT OF INCOME

(As of April 5, 2005
name changed to
Boehringer Ingelheim
Roxane, Inc.)

Boehringer
Ingelheim

| T.US$ | Actual 2003 | Budget 2004 | Actual 2004 | 2004 of Budget 2004 | of Actual 2003 | Budget 2005 |
|---|---|---|---|---|---|---|
| Net Sales | 518,235 | 476,241 | 535,958 | 113% | 103% | 473,117 |
| Cost of Goods Sold | 402,180 | 341,619 | 420,717 | 123% | 105% | 299,904 |
| Marketing & Advertising | 6,011 | 7,026 | 6,627 | 94% | 110% | 7,347 |
| Research & Medical, I | 30,085 | 40,052 | 35,822 | 89% | 119% | 47,328 |
| Administration | 10,898 | 9,492 | 8,005 | 84% | 73% | 11,859 |
| Distribution and Royalties | 25,035 | 27,803 | 50,084 | 180% | 200% | 29,132 |
| All Other, I | (10,252) | 1,895 | 6,324 | >300% | 162% | 1,410 |
| Contribution III | 54,278 | 48,354 | 8,379 | 17% | 15% | 76,137 |
| Process Development | 3,660 | 4,079 | 5,212 | 128% | 142% | 15,205 |
| Cost of Idle Cap. / Production Var. | 10,203 | 13,519 | 14,981 | 111% | 147% | (13,225) |
| Income Expense II (*) | - | (12,732) | (37,720) | - | - | - |
| All Other, II | 8,507 | 7,592 | 14,968 | 197% | 176% | 12,891 |
| Contribution IV | 31,908 | 35,896 | 10,938 | 30% | 34% | 61,266 |
| Research & Medical, II | 537 | - | - | - | 0% | - |
| All Other, III | 162 | 243 | 253 | 104% | 156% | 208 |
| Operating Income (Loss) | 31,209 | 35,653 | 10,685 | 30% | 34% | 61,058 |
| Financial Income (Expense) | (771) | (2,108) | (3,234) | 153% | >300% | (5,775) |
| Profit Before Tax | 30,438 | 33,545 | 7,451 | 22% | 24% | 55,283 |
| Income Tax | 11,169 | 13,083 | 2,130 | 16% | 19% | 17,509 |
| Net Income After Tax | 19,269 | 20,462 | 5,321 | 26% | 28% | 37,774 |

Confidential