EXHIBIT CQ

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 95-1354-CIV-GOLD

UNITED STATES OF AMERICA,           )
ex rel. Ven-A-Care of the           )        **FILED UNDER SEAL**
Florida Keys, Inc.,                 )
                                    )
        Plaintiffs,                 )
                                    )
        v.                          )
                                    )
                                    )
Abbott Laboratories:                )
                         et al.,    )
                                    )
        Defendants.                 )
_____)

## UNITED STATES' UNOPPOSED APPLICATION FOR EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE IN QUI TAM ACTION

The United States, pursuant to 31 U.S.C. § 3730(b)(3), presents to this Court, ex parte

and under seal, this application for an extension of time of one hundred twenty (120) days up to

and including March 23, 2000, in which to notify the Court of its decision whether to intervene

in the above-captioned False Claims Act qui tam action, during which the Complaint and all

other related filings shall remain under seal.[1]

---

[1] The Legal Authority supporting the proposed extension is set forth in the Government's
Memorandum accompanying its First Motion for an Extension of Time. Rather than reiterating
the same points, the Government respectfully refers the Court to this previously submitted
memorandum.

ABT008-1008

Since the previous extension of the seal, the United States has continued to diligently investigate the allegations set forth in the relator's Second Amended Complaint and aggressively pursue settlement discussions with a large number of the defendants. At this point, the United States has reached a tentative settlement with one defendant (subject to approval by appropriate government officials) and is considering offers from two other defendants. Settlement negotiations are also proceeding with several other defendants. In addition, the relator has represented that it will dismiss two other defendants from the qui tam entirely. All defendants are now aware of the qui tam and substantial progress has resulted from the government's efforts to date.

The United States submits that the pre-litigation settlement of the allegations of the complaint against as many defendants as possible is especially desirable in a case of this magnitude and complexity. The additional extension of time, at a minimum, should allow the more advanced negotiations to come to fruition and allow the other negotiations to advance to a point where a appraisal can be made as to whether a settlement is likely. At that point, it is hoped that a decision on intervention can be made with the expectation that actual litigation will be necessary with respect to only a minority of the defendants.

As set forth in the Declaration of Mark A. Lavine ("Lavine Declaration") accompanying the instant motion, the United States has continued its non-stop agenda of meetings, witness interviews, and telephone conferences with numerous parties in an effort to meet the November 24th intervention deadline. The meetings with the defendants and the affected state Medicaid entities described herein were authorized by the Orders partially lifting the seal on the qui tam complaint. Six more face-to-face meetings lasting hours in duration each have been conducted

---

- 2 -

ABT008-1009

## CERTIFICATE OF SERVICE

IT IS HEREBY certified that a true and correct copy of the foregoing Motion for

Extension of Time was mailed this _23d_ day of November, 1999 to:

Atlee Wampler, III
James J. Breen
Wampler, Buchanan and Breen
777 Brickell Ave.
Miami, FL  33131


_____
ASSISTANT UNITED STATES ATTORNEY

November 23, 1999

ABT008-1010          L

# EXHIBIT CR

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 95-1354-CIV-GOLD

FILED BY _____ D.C.

00 MAR 23  PH 4: 11

CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES OF AMERICA,        )
ex rel. Ven-A-Care of the         )
Florida Keys, Inc.,               )
                                  )
            Plaintiffs,           )
                                  )
        v.                        )
                                  )
Abbott Laboratories;              )
                    et al.,       )
                                  )
            Defendants.           )
_____ )

**UNITED STATES' UNOPPOSED
APPLICATION FOR EXTENSION
OF TIME TO ELECT WHETHER TO
INTERVENE IN QUI TAM ACTION**

The United States, pursuant to 31 U.S.C. § 3730(b)(3), presents to this Court, ex parte

and under seal, this application for an extension of time of one hundred twenty (120) days up to

and including July 21, 2000, in which to notify the Court of its decision whether to intervene in

the above-captioned False Claims Act qui tam action, during which the Complaint and all other

related filings shall remain under seal.[1]

---

[1] The Legal Authority supporting the proposed extension is set forth in the Government's
Memorandum accompanying its First Motion for an Extension of Time. Rather than reiterating
the same points, the Government respectfully refers the Court to this previously submitted
memorandum.

Since the previous extension of the seal, the Relator filed its Third Amended Complaint which named a total of 28 defendants as compared to the 24 defendants named in its previous complaint.  In addition, the United States has continued to diligently investigate the allegations set forth in the relator's Second Amended Complaint and aggressively pursue settlement discussions with a large number of the defendants.

Significantly, the United States is now ready to implement an agreement with a party not named as a defendant which should substantially facilitate settlement with the defendants.  In particular, the United States has reached an agreement with the publishing entity responsible for gathering pharmaceutical pricing information and distributing it to the various state Medicaid programs.  The state Medicaid programs then utilize the pricing information to reimburse for pharmaceutical provided to Medicaid recipients.  This issue is important because the heart of this case has always been that the prices provided by the defendants to the publishing entity through to the Medicaid programs are vastly inflated in order to provide illegal profits to the practitioners who utilize the products.  In other words, if a physician buys a drug for $5, but gets reimbursed $100 from Medicaid because of an inflated published price, he makes a profit of $95.  Many of the defendants remain concerned that if they settle the case and correct their "published prices," some or all of their business will be lost to competitors who refuse to lower their reported prices. Since the agreement with the publishing company means that the reported prices for a large portion of the drugs will now be closer to the $5 figure,  a large impediment to settlement will have been removed.  In addition, a large portion of ongoing damages being suffered by the Medicaid programs will be eliminated.

The more accurate pricing information is scheduled to begin being published on April 1,

- 2 -

ABT008-1630

2000.  Thereafter, the United States intends to pursue an accelerated schedule of settlement discussions with the defendants in the hope that such discussions will move at a faster pace in the absence of issues regarding the loss of business to competitors.

In addition, the United States and the Relators have participated in several meetings with the Attorney General's Office for the State of Texas regarding additional investigation of the underlying facts of the case as to the many defendants named herein.  The State of Texas has assigned numerous people to assist with the case and will cooperate with the United States.  As a result, the voluminous evidence in this case should be analyzed more quickly and settlement negotiations should move more quickly as well.

The United States submits that the pre-litigation settlement of the allegations of the complaint against as many defendants as possible is especially desirable in a case of this magnitude and complexity.  The additional extension of time, at a minimum, should allow the more advanced negotiations to come to fruition and allow the other negotiations to advance to a point where a appraisal can be made as to whether a settlement is likely.  At that point, it is hoped that a decision on intervention can be made with the expectation that actual litigation will be necessary with respect to only a minority of the defendants.

As set forth in the Declaration of Mark A. Lavine ("Lavine Declaration") accompanying the instant motion, the United States has continued its non-stop agenda of meetings, witness interviews, and telephone conferences with numerous parties in an effort to meet the March 23rd intervention deadline.  The meetings with the defendants and the affected state Medicaid entities described herein were authorized by the Orders partially lifting the seal on the qui tam complaint. Many other meetings and witness interviews have taken place among counsel for the United States and the representatives of the 47 state Medicaid Fraud Control Units actively participating

- 3 -

ABT008-1631

in the assessment of this _qui tam_ matter.

As a result of this activity, plaintiff's counsel has been able to meet or commence discussions with counsel for all defendants except for those named for the first time in the Relator's Third Amended Complaint. The requested extension will permit counsel for the United States to (1) continue its witness interviews, (2) continue its current settlement negotiations with defendants, including the finalization of at least one agreement, (3) pursue additional efforts to mitigate the damages allegedly suffered by the Medicare and Medicaid programs, and (4) push for additional compliance with the agency subpoenas served on the defendants. The United States intends to place particular emphasis on completing any settlement negotiations that may result in a narrowing of the participants in this extensive _qui tam_ matter. Given the newly available resources assisting on the case as well as the imminent resolution of the competitive pressures which have complicated settlement discussions to date, the United States is hopeful that significant progress will be made over the extension period.

Counsel for the United States has kept the relator's representatives actively involved in the investigation so there would be no question from relator's perspective as to whether the United States has been moving expeditiously over these past months. Relator agrees that a one hundred twenty (120) day extension will allow the United States and the State representatives to complete this investigation.

## CONCLUSION

For the foregoing reasons and those set forth in the accompanying declaration, plaintiff respectfully requests that the Court grant the instant request for a one hundred twenty (120) day extension of time in which to elect to intervene — during which this _qui tam_ matter will remain under seal.

- 4 -

ABT008-1632

Respectfully submitted,

DAVID W. OGDEN
ASSISTANT ATTORNEY GENERAL

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9003 Tel.
(305) 536-4101 Fax
Fla. Bar No. 648876

By: _____
MICHAEL F. HERTZ
JOYCE R. BRANDA
T. REED STEPHENS
GEORGE C. VITELLI
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 307-0404

March 23, 2000

ABT008-1633

# EXHIBIT CS

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 95-1354-CIV-GOLD

UNITED STATES OF AMERICA,                )
ex rel. Ven-A-Care of the                )          **FILED UNDER SEAL**
Florida Keys, Inc.,                      )
                                         )
            Plaintiffs,                  )
                                         )
                v.                       )
                                         )
Abbott Laboratories;                     )
                                 t al.,  )
                                         )
                                         )
    Defendants.                          )
_____  )

## UNITED STATES' UNOPPOSED APPLICATION FOR EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE IN QUI TAM ACTION AND MEMORANDUM OF LAW

The United States, pursuant to 31 U.S.C. § 3730(b)(3), presents to this Court, ex parte

and under seal, this application for an extension of time of ninety (90) days up to and including

October 19, 2000, in which to notify the Court of its decision whether to intervene in the above-

captioned False Claims Act qui tam action, during which the Complaint and all other related

filings shall remain under seal.[1]

---

[1] The Legal Authority supporting the proposed extension is set forth in the Government's
Memorandum accompanying its First Motion for an Extension of Time. Rather than reiterating
the same points, the Government respectfully refers the Court to this previously submitted
memorandum.

This case is a _qui tam_ action against 29 pharmaceutical manufacturers[2] initiated by relator Ven-A-Care of the Florida Keys, Inc. ("relator"), pursuant to the False Claims Act, as amended, 31 U.S.C. § 3730(b).  In sum, the Third Amended Complaint alleges that the defendants have purposely caused the publication of artificially high (i.e. false) drug prices which are relied upon by third-party payors such as Medicare and Medicaid to set reimbursement levels. As a result, the providers (physicians, home health care companies and pharmacies) enjoy a large profit because they are able to actually purchase the drugs for a significantly discounted price and get reimbursed at the much higher, false, published price.  The Complaint further alleges that this approach is used a marketing tool in order to generate additional sales of the drugs.

Since the time of the last extension request, the United States has made substantial progress in this investigation.  Of great significance is that the publishing entity responsible for gathering pharmaceutical pricing information and distributing it to the various state Medicaid programs has implemented a change in the way it does business[3].  As of May 1, 2000, the publishing entity began providing more accurate prices for many of the drugs whose prices were



[2]  The named defendants include Abbott Laboratories, Inc., ████████████████████ Bayer Corporation, ████████████████████ Dey, Inc., ████████████████████ Glaxo Wellcome, Inc., ████████████████████

[3]  As noted in the Unites States' previous memorandum, the state Medicaid programs utilize the pricing information published by this entity to reimburse for pharmaceuticals provided to Medicaid recipients.  This issue is important because the heart of this case has always been that the prices provided by the defendants through the publishing entity to the Medicaid programs are vastly inflated in order to provide illegal profits to the practitioners who utilize the products. In other words, if a physician buys a drug for $5, but gets reimbursed $100 from Medicaid, he makes a profit of $95.

ABT008-1612

most exaggerated. The published prices for a large portion of the drugs will now be closer to the actual selling prices of the drugs. Thus, the wrongful conduct of the defendants won't be able to cause windfall profits to the medical community. In addition, a large portion of ongoing damages being suffered by the Medicaid programs is in the process of being eliminated.

In addition, as stated in the United States's previous motion, the United States has begun to pursue an accelerated schedule of settlement discussions with the defendants in the hope that such discussions will move at a faster pace, in part because of the publication of the more accurate prices. Settlement negotiations are very near to conclusion with Bayer Laboratories. The representatives of the state and federal governments met with Bayer's representatives for several hours on May 1st to set up a framework of resolving outstanding settlement issues. This led to additional lengthy face-to-face meetings on June 7th, July 11th and July 12th. The parties continue to work on the few remaining outstanding settlement issues and plan to reconvene on July 25th in what the parties hope will be the last substantive settlement conference.

As part of a further push to both move this case toward settlement and to conclude the United States' intervention investigation, the Department of Health and Human Services is in the process of serving subpoenas to the defendants and various witnesses. Follow-up subpoenas will be served on the 24 defendants previously named as defendants in the case. New subpoenas will be served on the 6 new defendants named for the first time in the Relator's recently filed Third Amended Complaint and upon 9 pharmaceutical wholesalers who regularly deal in the goods at issue.

Other efforts to spur this case forward are moving forward as well. A 96-page memorandum of law prepared by the Relators was recently provided to many of the defendants as an additional inducement to settle the case. The memorandum contains a detailed explanation of the law underlying the claims in the case. In addition, over the next few weeks, the United

States is going to invite every defendant to participate in a uniform settlement process with the goal of pushing through as many settlements as possible prior to commencing litigation in this matter. The United States submits that the pre-litigation settlement of the allegations of the complaint against as many defendants as possible is especially desirable in a case of this magnitude and complexity. The additional extension of time, at a minimum, should allow the more advanced negotiations to come to fruition and allow the other negotiations to advance to a point where a appraisal can be made as to whether a settlement is likely. At that point, it is hoped that a decision on intervention can be made with the expectation that actual litigation will be necessary with respect to only a minority of the defendants.

As a result of this activity, plaintiff's counsel has been able to meet or commence discussions with counsel for all defendants except for those named for the first time in the Relator's Third Amended Complaint. Indeed, the Department of Justice's policy is generally to afford a defendant an opportunity to be apprized of the False Claims Act allegations and make a substantive response before the government makes its election to intervene in a matter such as this. To date, the defendants have insisted mostly on face-to-face meetings with Counsel for the United States. The sheer volume of defendants has, however, made it impossible for Counsel for the United States — despite its best efforts — to give a meaningful opportunity to each of the defendants. Additional time is also needed to complete this process which will allow all parties to fully frame the legal and factual issues.

In sum, the requested extension will permit counsel for the United States to (1) continue its witness interviews and depositions, (2) continue its current settlement negotiations with defendants, including the finalization of at least one agreement, (3) pursue additional efforts to mitigate the damages allegedly suffered by the Medicare and Medicaid programs, (4) push for compliance with the new agency subpoenas served on the defendants and other witnesses and (5) analyze the additional documents subpoenaed from the defendants and witnesses. As before, the

ABT008-1614

Respectfully submitted,

DAVID W. OGDEN
ASSISTANT ATTORNEY GENERAL

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9003 Tel.
(305) 536-4101 Fax
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov


By: _____
MICHAEL F. HERTZ
JOYCE R. BRANDA
T. REED STEPHENS
DIANA YOUNTS
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 307-0404

July 21, 2000

ABT008-1615

EXHIBIT CT

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-1354-CIV-GOLD

UNITED STATES OF AMERICA,          )
ex rel. Ven-A-Care of the          )        **FILED UNDER SEAL**   $1|17|01$
Florida Keys, Inc.,                )
                                   )
            Plaintiffs,            )
                                   )
        v.                         )        **NIGHT BOX**
                                   )         **FILED**
Abbott Laboratories:               )
                          et al.,  )        **JAN 1 7 2001**
                                   )
                                   )        CLARENCE MADDOX
            Defendants.            )        CLERK, USDB / SDFL / MIA
_____)

## UNITED STATES' UNOPPOSED APPLICATION FOR EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE IN QUI TAM ACTION AND MEMORANDUM OF LAW

The United States, pursuant to 31 U.S.C. § 3730(b)(3), presents to this Court, ex parte

and under seal, this application for an extension of time of ninety (90) days up to and including

April 17, 2001, in which to notify the Court of its decision whether to intervene in the above-

captioned False Claims Act qui tam action, during which the Complaint and all other related

filings shall remain under seal.[1]

_____

[1] The Legal Authority supporting the proposed extension is set forth in the Government's
Memorandum accompanying its First Motion for an Extension of Time. Rather than reiterating
the same points, the Government respectfully refers the Court to this previously submitted
memorandum.

$1|17|01$

ABT008-1570

This case is a <u>qui tam</u> action against 29 pharmaceutical manufacturers[2] initiated by relator Ven-A-Care of the Florida Keys, Inc. ("relator"), pursuant to the False Claims Act, as amended, 31 U.S.C. § 3730(b). In sum, the Third Amended Complaint alleges that the defendants have purposely caused the publication of artificially high (i.e. false) drug prices which are relied upon by third-party payors such as Medicare and Medicaid to set reimbursement levels. As a result, the providers (physicians, home health care companies and pharmacies) enjoy a large profit because they are able to actually purchase the drugs for a significantly discounted price and get reimbursed at the much higher, false, published price. The Complaint further alleges that this approach is used a marketing tool in order to generate additional sales of the drugs.

Since the time of the last extension request, the United States has continued to make substantial progress in this investigation. Most significant is that the United States has continued to make progress in connection with its proposed settlement with defendant Bayer Corporation. As planned, the United States has made an intervention decision and obtained an order partially lifting the seal on this case against Bayer Corporation in order to consummate a settlement agreement which had been reached in principle. Because it is the first settlement in an exceedingly complex case, however, the conclusion of the Bayer settlement has been elusive.

---

[2] The named defendants include Abbott Laboratories, Inc. ▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ Bayer Corporation, ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆ Glaxo Wellcome, Inc., ▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆ SmithKline Beecham Corporation, ▆▆▆▆▆▆▆▆

2

ABT008-1571

Part of the reason that reaching a final settlement with Bayer has been so time-consuming has been because of the need to negotiate a parallel "Corporate Integrity Agreement" ("CIA") with the Department of Health & Human Services.  Negotiation of the CIA is a time-consuming process because its purpose is to ensure that the company institutes internal policies and procedures that will prevent similar problems from arising in the future.  As such, it directly impacts the operation of the company, thereby leading to extremely close scrutiny by the company.  In addition, this settlement also needed to be approved by the numerous individual state Medicaid programs.  Nonetheless, it appears that the last few obstacles to consummating the Bayer settlement have been overcome and the United States is again hopeful that it will be concluded in the near future.

As before, settlement efforts continue to be pursued with other defendants, including those who showed renewed interest in pursuing settlement after the announcement that a settlement had been reached in principle with Bayer.  The United States hopes that its forthcoming announcement of the consummation of the Bayer settlement will generate additional settlement discussions with other defendants.  Likewise, because a settlement framework has already been hammered out in the context of the Bayer settlement, it is hoped that any other settlements will move much more quickly.

In its last extension request the United States also indicated that it, together with the Department of Health and Human Services Office of Inspector General ("HHS OIG"), were in the process of reviewing the numerous new documents which have been received in response to the 35 new subpoenas issued by HHS OIG.  Significant progress has been made with respect to reviewing those documents.  However, although numerous documents have been received and

3

ABT008-1572

reviewed in connection with those subpoenas, approximately 12 of the defendants objected to the subpoenas in their entirety and refused to produce any documents. The United States has recently renewed its efforts to secure compliance with the subpoenas (following a meeting between the United States and the various objecting defendants at which the parties productively exchanged their competing views of the case). If documents are not forthcoming in the very near future, the United States will consider seeking court enforcement of the subpoenas. In any event, the United States would like to complete its review of the additional and missing documents prior to making an intervention decision as to the remaining defendants because each defendant's circumstances needs to be evaluated individually.

The United States submits that the pre-litigation settlement of the allegations of the complaint against as many defendants as possible is especially desirable in a case of this magnitude and complexity. The additional extension of time, at a minimum, should allow the more advanced negotiations to come to fruition and allow the other negotiations to advance to a point where an appraisal can be made as to whether a settlement is likely. At that point, it is hoped that a decision on intervention can be made with the expectation that actual litigation will be necessary with respect to only a minority of the defendants.

In sum, the requested extension will permit counsel for the United States to (1) continue witness interviews, including the taking of sworn statements from cooperating witnesses, (2) continue its current settlement negotiations with defendants, (3) pursue additional efforts to mitigate the damages allegedly suffered by the Medicare and Medicaid programs, (4) negotiate or seek enforcement of compliance with the new agency subpoenas served on the defendants and other witnesses and (5) analyze the additional documents that were produced pursuant to

4

ABT008-1573

subpoenas to the defendants and witnesses. As before, the United States intends to place particular emphasis on completing any settlement negotiations that may result in a narrowing of the participants in this extensive qui tam matter. The United States is hopeful that significant progress will be made over the extension period.

Counsel for the United States has kept the relator's representatives actively involved in the investigation so there would be no question from relator's perspective as to whether the United States has been moving expeditiously over these past months. Relator agrees that a ninety (90) day extension will allow the United States and the State representatives to complete this investigation.

In addition, to date, no defendant has expressed any reservations regarding the continuance of the seal. To the contrary, the defendants — rather than asserting prejudice at the continuance — have, instead, suggested that they need additional time to rebut the allegations prior to the intervention deadline. This circumstance has been caused primarily by the number of defendants.

<u>CONCLUSION</u>

For the foregoing reasons and those set forth in the accompanying declaration, plaintiff respectfully requests that the Court grant the instant request for a ninety (90) day extension of time in which to elect to intervene — during which this qui tam matter will remain under seal.

5

Respectfully submitted,

DAVID W. OGDEN
ASSISTANT ATTORNEY GENERAL

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL  33132
(305) 961-9003 Tel.
(305) 536-4101 Fax
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov

By: _____
MICHAEL F. HERTZ
JOYCE R. BRANDA
T. REED STEPHENS
DIANA YOUNTS
PAT DAVIS
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044
(202) 307-0404

January 17, 2001

6

ABT008-1575

## CERTIFICATE OF SERVICE

IT IS HEREBY certified that a true and correct copy of the foregoing Motion for

Extension of Time was mailed this 18th day of January, 2001 to:

Atlee Wampler, III
James J. Breen
Wampler, Buchanan and Breen
777 Brickell Ave.
Miami, FL  33131

_____
ASSISTANT UNITED STATES ATTORNEY

7

ABT008-1576          L

# EXHIBIT CU

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

01   JUL 27   AM 11: 12

CASE NO. 95-1354-CIV-GOLD

UNITED STATES OF AMERICA,            )
ex rel. Ven-A-Care of the            )          **FILED UNDER SEAL**
Florida Keys, Inc.,                  )
                                     )
              Plaintiffs,            )
                                     )
                   v.                )
                                     )
Abbott Laboratories; ▮▮▮▮▮           )
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ et al.,              )
                                     )
                                     )
              Defendants.            )
─────────────────────────────────── )

## UNITED STATES' UNOPPOSED APPLICATION FOR EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE IN QUI TAM ACTION AND MEMORANDUM OF LAW

The United States, pursuant to 31 U.S.C. § 3730(b)(3), presents to this Court, ex parte

and under seal, this application for an extension of time of ninety (90) days up to and including

October 23, 2001, in which to notify the Court of its decision whether to intervene in the above-

captioned False Claims Act qui tam action, during which the Complaint and all other related

filings shall remain under seal.[1]

---

[1] The Legal Authority supporting the proposed extension is set forth in the Government's Memorandum accompanying its First Motion for an Extension of Time. Rather than reiterating the same points, the Government respectfully refers the Court to this previously submitted memorandum.

7/27/01

This case is a <u>qui</u> <u>tam</u> action against 29 pharmaceutical manufacturers[2] initiated by relator Ven-A-Care of the Florida Keys, Inc. ("relator"), pursuant to the False Claims Act, as amended, 31 U.S.C. § 3730(b).  In sum, the Third Amended Complaint alleges that the defendants have purposely caused the publication of artificially high (i.e. false) drug prices which are relied upon by third-party payors such as Medicare and Medicaid to set reimbursement levels. As a result, the providers (physicians, home health care companies and pharmacies) enjoy a large profit because they are able to actually purchase the drugs for a significantly discounted price and get reimbursed at the much higher, false, published price.  The Complaint further alleges that this approach is used a marketing tool in order to generate additional sales of the drugs.

Since the time of the last extension request, the United States has continued to make substantial progress in this investigation.  The United States has consummated its proposed settlement with defendant Bayer Corporation.  Although some of the individual States still need to confirm their agreement with the settlement, Bayer has made full payment to the United States and has begun compliance with the related Corporate Integrity Agreement.  Once the requisite number of states have confirmed their agreement with the settlement, payment of all remaining monies will be made.  A stipulation dismissing Bayer is forthcoming.

---

[2] The named defendants include Abbott Laboratories. Inc.. ███████████████

████████████████ Bayer Corporation ███████████████

███ Dey, Inc., ████████████████████████████

██ Glaxo Wellcome, Inc., ████████████

████ SmithKline Beecham Corporation, ██████████

███████████████████████

As before, settlement efforts also continue to be pursued with other defendants, including those who showed renewed interest in pursuing settlement after the announcement that a settlement had been reached in principle with Bayer. The announcement of the consummation of the Bayer settlement generated additional settlement discussions with three other defendant companies. The discussions with those companies are continuing. Likewise, because a settlement framework has already been hammered out in the context of the Bayer settlement, it is hoped that any other settlements will move more quickly.

In its last extension request the United States also indicated that it, together with the Department of Health and Human Services Office of Inspector General ("HHS OIG"), were in the process of reviewing the numerous new documents which have been received in response to the 35 new subpoenas issued by HHS OIG. Significant progress has been made with respect to reviewing those documents and much of that project has been completed. However, as noted in the United States' previous application, approximately 12 of the defendants objected to the subpoenas in their entirety and refused to produce any documents.

The United States renewed its efforts to secure compliance with the subpoenas (following a meeting between the United States and the various objecting defendants at which the parties productively exchanged their competing views of the case) and it appears that compliance with the outstanding subpoenas may be getting back on track. In order to resolve the outstanding concerns of the defendants, the United States has developed a revised confidentiality agreement that should safeguard the interests of all parties. Some additional documents have already been received and many more are expected in the coming weeks. While it does not appear that the United States will need to seek judicial enforcement of the subpoenas, the United States would

3

like to complete its review of the additional and missing documents prior to making an intervention decision as to the remaining defendants because each defendant's circumstances needs to be evaluated individually.

The United States submits that the pre-litigation settlement of the allegations of the complaint against as many defendants as possible is especially desirable in a case of this magnitude and complexity. The additional extension of time, at a minimum, should allow the more advanced negotiations to come to fruition and allow the other negotiations to advance to a point where an appraisal can be made as to whether a settlement is likely. At that point, it is hoped that a decision on intervention can be made with the expectation that actual litigation will be necessary with respect to only a minority of the defendants.

In sum, the requested extension will permit counsel for the United States to (1) continue witness interviews, including the taking of sworn statements from cooperating witnesses, (2) continue its current settlement negotiations with defendants, (3) pursue additional efforts to mitigate the damages allegedly suffered by the Medicare and Medicaid programs, (4) negotiate or seek enforcement of compliance with the new agency subpoenas served on the defendants and other witnesses and (5) analyze the additional documents that were produced pursuant to subpoenas to the defendants and witnesses. As before, the United States intends to place particular emphasis on completing any settlement negotiations that may result in a narrowing of the participants in this extensive qui tam matter.

Counsel for the United States has kept the relator's representatives actively involved in the investigation so there would be no question from relator's perspective as to whether the United States has been moving expeditiously over these past months. Relator agrees that a ninety

4

(90) day extension will allow the United States and the State representatives to complete this investigation.

In addition, to date, no defendant has expressed any reservations regarding the continuance of the seal.

<div align="center">CONCLUSION</div>

For the foregoing reasons and those set forth in the accompanying declaration, plaintiff respectfully requests that the Court grant the instant request for a ninety (90) day extension of time in which to elect to intervene — during which this qui tam matter will remain under seal.

Respectfully submitted,

STUART E. SCHIFFER
ACTING ASSISTANT ATTORNEY GENERAL

GUY A. LEWIS
UNITED STATES ATTORNEY

By:

MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9003 Tel.
(305) 536-4101 Fax
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov

By:

MICHAEL F. HERTZ
LAURENCE J. FREEDMAN
T. REED STEPHENS
DIANA YOUNTS
PAT DAVIS
Civil Division
Commercial Litigation Branch

<div align="center">5</div>

P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044
(202) 307-0404

July 25, 2001

## CERTIFICATE OF SERVICE

IT IS HEREBY certified that a true and correct copy of the foregoing Motion for

Extension of Time was mailed this 27th day of July, 2001 to:

Atlee Wampler, III
James J. Breen
Wampler, Buchanan and Breen
777 Brickell Ave.
Miami, FL 33131

ASSISTANT UNITED STATES ATTORNEY

- 2 -

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-1354-CIV-GOLD

UNITED STATES OF AMERICA,                        )
ex rel. Ven-A-Care of the                        )          **FILED UNDER SEAL**
Florida Keys, Inc.,                              )
                                                 )
            Plaintiffs,                          )
                                                 )
        v.                                       )
                                                 )
Abbott Laboratories;                            )
                      et al.,                    )
                                                 )
                                                 )
            Defendants.                          )
_____)

## UNITED STATES' UNOPPOSED APPLICATION FOR EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE IN QUI TAM ACTION AND MEMORANDUM OF LAW

The United States, pursuant to 31 U.S.C. § 3730(b)(3), presents to this Court, ex

parte and under seal, this application for an extension of time of one hundred twenty

(120) days up to and including February 22, 2001 in which to notify the Court of its

decision whether to intervene in the above-captioned False Claims Act qui tam action,

during which the Complaint and all other related filings shall remain under seal.[1]

_____

[1] The Legal Authority supporting the proposed extension is set forth in the Government's
Memorandum accompanying its First Motion for an Extension of Time. Rather than reiterating
the same points, the Government respectfully refers the Court to this previously submitted
memorandum.

ABT008-1544

This case is a <u>qui tam</u> action against 29 pharmaceutical manufacturers[2] initiated by relator Ven-A-Care of the Florida Keys, Inc. ("relator"), pursuant to the False Claims Act, as amended, 31 U.S.C. § 3730(b).  In sum, the Third Amended Complaint alleges that the defendants have purposely caused the publication of artificially high (i.e. false) drug prices which are relied upon by third-party payors such as Medicare and Medicaid to set reimbursement levels. As a result, the providers (physicians, home health care companies and pharmacies) enjoy a large profit because they are able to actually purchase the drugs for a significantly discounted price and get reimbursed at the much higher, false, published price.  The Complaint further alleges that this approach is used a marketing tool in order to generate additional sales of the drugs.

Since the time of the last extension request, the United States has continued to make substantial progress in this investigation.  At this time, the United States is engaged in serious settlement negotiations with a number of defendants, including ▨▨▨▨▨▨▨

▨▨▨▨▨▨▨  Each negotiation is separate and apart from the others and requires the same high level of detail and attention.  We have conducted numerous face-to-face meetings and conference calls with defense counsel in furtherance of these settlement negotiations and anticipate that additional time will be needed if

---



[2] The named defendants include Abbott Laboratories, Inc., ▨▨▨▨▨▨▨ Bayer Corporation, ▨▨▨▨▨▨ Dey, Inc., GlaxoSmithKline Corporation (f/k/a Glaxo Wellcome, Inc. and SmithKline Beecham), ▨▨▨▨▨▨▨

agreements are to be reached. In addition to the financial terms of settlement, the United States must negotiate a corporate compliance agreement with each defendant that will govern certain aspects of the defendants' conduct.

Previously, the United States notified the Court that the Department of Health and Human Services Office of Inspector General ("HHS OIG") issued new subpoenas to help bring this investigation to its conclusion. As planned, a total of 35 subpoenas were issued and served by HHS OIG. The United States, together with HHS-OIG, is in the process of reviewing the numerous new documents produced. Several defendants, however, refused to produce documents in response to the subpoena unless an extensive confidentiality agreement was entered into by the parties. After several months of negotiations, defendants have just this month agreed to produce the responsive documents. The United States has just begun receiving a new influx of documents from GlaxoSmithKline,                    Dey, and
         GlaxoSmithKline has stated that it will be producing over 200 boxes of documents that have been previously withheld from the United States. Thirty-seven boxes of documents were received *today* from Dey Laboratories.

Furthermore, in order to move the investigation forward more quickly, the United States has committed additional resources to the investigation. At the same time, the Attorney General's office of Texas, Florida and California have all assigned new resources to their parallel investigations. The Texas Office of Attorney General is litigating with two defendants in this matter, Dey Laboratories and         The United States is coordinating with these state investigators to avoid following duplicative areas of discovery. For example, the Texas Office of Attorney General is currently conducting depositions of Dey and         employees. Defendants, in turn, are conducting depositions of relevant state officials. The new resources are

ABT008-1546

expected to assist in the progress of the investigation. In particular, the additional resources are expected to facilitate the continued investigation of the kickback allegations raised by the relator in its complaint.

The United States submits that the pre-litigation settlement of the allegations of the complaint against as many defendants as possible is especially desirable in a case of this magnitude and complexity. The additional extension of time, at a minimum, should allow the more advanced negotiations to come to fruition and allow the other negotiations to advance to a point where an appraisal can be made as to whether a settlement is likely. At that point, it is hoped that a decision on intervention can be made with the expectation that actual litigation will be necessary with respect to only a minority of the defendants.

In sum, the requested extension will permit counsel for the United States to (1) continue witness interviews, including the taking of sworn statements from cooperating witnesses, (2) continue its current settlement negotiations with defendants, (3) pursue additional efforts to mitigate the damages allegedly suffered by the Medicare and Medicaid programs, (4) review the subpoenaed records that are just now being produced by several of the defendants, and (5) analyze the additional documents that were produced pursuant to subpoenas to the defendants and witnesses. As before, the United States intends to place particular emphasis on completing any settlement negotiations that may result in a narrowing of the participants in this extensive qui tam matter. The United States is hopeful that significant progress will be made over the extension period.

Counsel for the United States has kept the relator's representatives actively involved in the investigation so there would be no question from relator's perspective as to whether the United States has been moving expeditiously over these past months. Relator agrees that a one

ABT008-1547

hundred twenty (120) day extension will allow the United States and the State representatives to complete this investigation.

In addition, to date, no defendant has expressed any reservations regarding the continuance of the seal. To the contrary, the defendants — rather than asserting prejudice at the continuance — have, instead, suggested that they need additional time to rebut the allegations prior to the intervention deadline. This circumstance has been caused primarily by the number of defendants.

## CONCLUSION

For the foregoing reasons and those set forth in the accompanying declaration, plaintiff respectfully requests that the Court grant the instant request for a one hundred twenty (120) day extension of time in which to elect to intervene — during which this qui tam matter will remain under seal.

Respectfully submitted,

ROBERT J. McCALLUM, Jr.
ASSISTANT ATTORNEY GENERAL

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____

MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9003 Tel.
(305) 536-4101 Fax
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov

By: _____

MICHAEL F. HERTZ
JOYCE R. BRANDA
T. REED STEPHENS
DIANA YOUNTS
PAT DAVIS
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044
(202) 307-0404

October 26, 2001

ABT008-1549        L

Sealed

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-1354-CIV-GOLD

UNITED STATES OF AMERICA,                      )
ex rel. Ven-A-Care of the                      )        **FILED UNDER SEAL**
Florida Keys, Inc.,                            )
                                               )
            Plaintiffs,                        )
                                               )
                    v.                         )
                                               )
Abbott Laboratories;                           )        FILED by
            et al.,                            )        INTAKE _____ D.C.
                                               )
                                               )        FEB 21 2002
            Defendants.                        )
                                               )        CLARENCE MADDOX
                                                        CLERK U.S. DIST. CT.
                                                        S.D. OF FLA. - MIAMI

**UNITED STATES' AGREED APPLICATION FOR EXTENSION OF TIME TO ELECT
WHETHER TO INTERVENE IN QUI TAM ACTION AND MEMORANDUM OF LAW**

The United States, pursuant to 31 U.S.C. § 3730(b)(3), presents to this Court, ex parte

and under seal, this application for an extension of time of one hundred twenty (120) days up to

and including June 22, 2001 in which to notify the Court of its decision whether to intervene in

the above-captioned False Claims Act qui tam action, during which the Complaint and all other

related filings shall remain under seal.[1]

_____

[1] The Legal Authority supporting the proposed extension is set forth in the Government's
Memorandum accompanying its First Motion for an Extension of Time. Rather than reiterating
the same points, the Government respectfully refers the Court to this previously submitted
memorandum.

2/21/02

ABT008-1509

This case is a qui tam action against 29 pharmaceutical manufacturers[2] initiated by relator Ven-A-Care of the Florida Keys, Inc. ("relator"), pursuant to the False Claims Act, as amended, 31 U.S.C. § 3730(b). In sum, the Third Amended Complaint alleges that the defendants have purposely caused the publication of artificially high (i.e., false) drug prices which are relied upon by third-party payors such as Medicare and Medicaid to set reimbursement levels. As a result, the providers (physicians, home health care companies and pharmacies) enjoy a large profit because they are able to actually purchase the drugs for a significantly discounted price and get reimbursed at the much higher, false, published price. The Complaint further alleges that this approach is used a marketing tool in order to generate additional sales of the drugs.

Since the time of the last extension request, the United States has continued to make substantial progress in this investigation. At this time, the United States has continued to engage in serious settlement negotiations with a number of defendants, including [redacted] Each negotiation is separate and apart from the others and requires the same high level of detail and attention. We have conducted numerous face-to-face meetings and conference calls with defense counsel in

---

[2] The named defendants include Abbott Laboratories, Inc., [redacted] Bayer Corporation, B. [redacted] Dey, Inc., [redacted] GlaxoSmithKline Corporation (f/k/a Glaxo Wellcome, Inc. and SmithKline Beecham), [redacted]

furtherance of these settlement negotiations and anticipate that additional time will be needed if agreements are to be reached. In addition to the financial terms of settlement, the United States must negotiate a corporate compliance agreement with each defendant that will govern certain aspects of the defendants' conduct.

Previously, the United States notified the Court that it had just begun receiving a new influx of documents from several defendants in response to subpoenas issued several months earlier. Hundreds of boxes of documents with thousands of documents have now been received. Substantial effort has been devoted to reviewing these documents. At one point, a team of ten people were simultaneously reviewing the voluminous documents. Smaller teams are continuing to review the documents on a regular basis. Thus, substantial progress has been made on that project although it is not yet complete and our efforts are ongoing.

Furthermore, in order to move the investigation forward more quickly, the United States has continued to work closely with the many parallel state investigations. At this time, the Attorney General's office of Texas, Florida, Nevada and California are pursuing or have agreed to pursue particular defendants in order to maximize the overall progress of the investigation. The United States has also been working with the Attorney General's Offices from the States of Florida, Illinois and New York. As before, the United States is coordinating with these state investigators to avoid following duplicative areas of discovery.

The United States submits that the pre-litigation settlement of the allegations of the complaint against as many defendants as possible is especially desirable in a case of this magnitude and complexity. The additional extension of time, at a minimum, should allow the more advanced negotiations to come to fruition and allow the other negotiations to advance to a point where an appraisal can be made as to whether a settlement is likely. At that point, it is

hoped that a decision on intervention can be made with the expectation that actual litigation will be necessary with respect to only a minority of the defendants.

In sum, the requested extension will permit counsel for the United States to (1) continue witness interviews, including the taking of sworn statements from cooperating witnesses, (2) continue its current settlement negotiations with defendants, (3) pursue additional efforts to mitigate the damages allegedly suffered by the Medicare and Medicaid programs, (4) review the subpoenaed records that are just now being produced by several of the defendants, and (5) analyze the additional documents that were produced pursuant to subpoenas to the defendants and witnesses.  As before, the United States intends to place particular emphasis on completing any settlement negotiations that may result in a narrowing of the participants in this extensive qui tam matter.  The United States is hopeful that significant progress will be made over the extension period.

Counsel for the United States has kept the relator's representatives actively involved in the investigation so there would be no question from relator's perspective as to whether the United States has been moving expeditiously over these past months. Relator agrees that a one hundred twenty (120) day extension will allow the United States and the State representatives to complete this investigation.

In addition, to date, no defendant has expressed any reservations regarding the continuance of the seal.  To the contrary, the defendants — rather than asserting prejudice at the continuance — have, instead, suggested that they need additional time to rebut the allegations prior to the intervention deadline.  This circumstance has been caused primarily by the number of defendants.

<div align="center">CONCLUSION</div>

For the foregoing reasons and those set forth in the accompanying declaration, plaintiff respectfully requests that the Court grant the instant request for a one hundred twenty (120) day extension of time in which to elect to intervene — during which this qui tam matter will remain under seal.

Respectfully submitted,

ROBERT J. McCALLUM, Jr.
ASSISTANT ATTORNEY GENERAL

GUY A. LEWIS
UNITED STATES ATTORNEY

By:

MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9003 Tel.
(305) 536-4101 Fax
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov

By:

MICHAEL F. HERTZ
JOYCE R. BRANDA
T. REED STEPHENS
DIANA YOUNTS
PAT DAVIS
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 307-0404

February 20, 2002

ABT008-1513

## CERTIFICATE OF SERVICE

IT IS HEREBY certified that a true and correct copy of the foregoing Motion for

Extension of Time was mailed this _____ day of February, 2002 to:

James J. Breen
The Breen Law Firm, P.A.
8201 Peters Road, Suite 1000
Plantation, FL  33322


_____
ASSISTANT UNITED STATES ATTORNEY

- 2 -

ABT008-1514          L

# EXHIBIT CX

Sealed          IN THE UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA           BOX
                                                      FILED

                CASE NO. 95-1354-CIV-GOLD             JUN 2 4 2002

UNITED STATES OF AMERICA,           )                 CLARENCE MADDOX
                                    )                 CLERK; USDC / SDFL / MIA
ex rel. Ven-A-Care of the           )      **FILED UNDER SEAL**
Florida Keys, Inc.,                 )
                                    )
          Plaintiffs,               )
                                    )
              v.                    )
                                    )
Abbott Laboratories; ▇▇▇▇▇▇         )
▇▇▇▇▇▇▇▇▇ et al.,                   )
                                    )
          Defendants.               )
_____)

### UNITED STATES' APPLICATION FOR EXTENSION OF TIME TO ELECT
### WHETHER TO INTERVENE IN QUI TAM ACTION AND MEMORANDUM OF LAW

The United States, pursuant to 31 U.S.C. § 3730(b)(3), presents to this Court, ex parte

and under seal, this application for an extension of time of one hundred twenty (120) days up to

and including October 22, 2001 in which to notify the Court of its decision whether to intervene

in the above-captioned False Claims Act qui tam action, during which the Complaint and all

other related filings shall remain under seal.[1]

_____

[1] The Legal Authority supporting the proposed extension is set forth in the Government's
Memorandum accompanying its First Motion for an Extension of Time. Rather than reiterating
the same points, the Government respectfully refers the Court to this previously submitted
memorandum.

6/24/02

This case is a qui tam action against 29 pharmaceutical manufacturers[2] initiated by relator Ven-A-Care of the Florida Keys, Inc. ("relator"), pursuant to the False Claims Act, as amended, 31 U.S.C. § 3730(b).  In sum, the Third Amended Complaint alleges that the defendants have purposely caused the publication of artificially high (i.e., false) drug prices which are relied upon by third-party payors such as Medicare and Medicaid to set reimbursement levels.  As a result, the providers (physicians, home health care companies and pharmacies) enjoy a large profit because they are able to actually purchase the drugs for a significantly discounted price and get reimbursed at the much higher, false, published price.  The Complaint further alleges that this approach is used a marketing tool in order to generate additional sales of the drugs.

Since the time of the last extension request, the United States has continued to make substantial progress in this investigation.  At this time, the United States has continued to engage in serious settlement negotiations with a number of defendants, including ▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Each negotiation is separate and apart from the others and requires the same high level of detail and attention.  We

---

[2]  The named defendants include Abbott Laboratories, Inc., ▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Bayer Corporation, B.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dey, Inc., ▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ GlaxoSmithKline

Corporation (f/k/a Glaxo Wellcome, Inc. and SmithKline Beecham), ▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2

have conducted numerous face-to-face meetings and conference calls with defense counsel in furtherance of these settlement negotiations and anticipate that additional time will be needed if agreements are to be reached. In addition to the financial terms of settlement, the United States must negotiate a corporate compliance agreement with each defendant that will govern certain aspects of the defendants' conduct.

Previously, the United States notified the Court that it had begun receiving a new influx of documents from several defendants in response to subpoenas issued several months earlier. A total of approximately 500 boxes of documents with tens of thousands of documents have now been received in this investigation. Substantial effort has been devoted to reviewing these documents. At one point, a team of ten people were simultaneously reviewing the voluminous documents. Smaller teams are continuing to review the documents on a regular basis. Thus, substantial progress has been made on that project although it is not yet complete and our efforts are ongoing. However, the large bulk of the documents have now been reviewed and the more significant documents identified. The process of analyzing the significant documents in more detail is continuing on an ongoing basis.

As before, in order to move the investigation forward more quickly, the United States has continued to work closely with the many parallel state investigations. Two more state Attorney General's Offices have now commenced investigations of the same underlying facts and circumstances. At this time, the Attorney General's offices of West Virginia, Minnesota, Texas, Florida, Nevada and California are pursuing or have agreed to pursue particular defendants in order to maximize the overall progress of the investigation. The United States has also been working with the Attorney General's Offices from the States of Florida, Illinois and New York.

3

ABT008-1501

As before, the United States is coordinating with these state investigators to avoid following duplicative areas of discovery.  The United States has provided a high level of support to the state investigators to help advance their own investigations.  On June 13, a meeting was held which included the participation of over 15 of the many persons involved in the state and federal investigations.  The meeting was designed to help coordinate and focus the efforts of the various parties in order to move the investigation forward as efficiently as possible.  A follow-up meeting is scheduled for next month.

The United States submits that the pre-litigation settlement of the allegations of the complaint against as many defendants as possible is especially desirable in a case of this magnitude and complexity.  The additional extension of time should allow the more advanced negotiations to come to fruition and allow the other negotiations to advance to a point where an appraisal can be made as to whether a settlement is likely.  At that point, it is hoped that a decision on intervention can be made with the expectation that actual litigation will be necessary with respect to only a minority of the defendants.

In sum, the requested extension will permit counsel for the United States to (1) continue witness interviews, including the taking of sworn statements from cooperating witnesses, (2) continue its current settlement negotiations with defendants, (3) pursue additional efforts to mitigate the damages allegedly suffered by the Medicare and Medicaid programs and (4) complete the review of the subpoenaed records which were recently produced by several of the defendants.  As before, the United States intends to place particular emphasis on completing any settlement negotiations that may result in a narrowing of the participants in this extensive qui tam matter.  The United States is hopeful that significant progress will be made over the extension

4

ABT008-1502

period.

Counsel for the United States has kept the relator's representatives actively involved in the investigation so there would be no question from relator's perspective as to whether the United States has been moving expeditiously over these past months. However, the United States has not yet received confirmation from the Relator regarding their agreement to this motion although their response is expected in the near future.

In addition, to date, no defendant has expressed any reservations regarding the continuance of the seal. To the contrary, the defendants — rather than asserting prejudice at the continuance — have, instead, suggested that they need additional time to rebut the allegations prior to the intervention deadline. This circumstance has been caused primarily by the number of defendants.

## CONCLUSION

For the foregoing reasons and those set forth in the accompanying declaration, plaintiff respectfully requests that the Court grant the instant request for a one hundred twenty (120) day extension of time in which to elect to intervene — during which this qui tam matter will remain under seal.

5

Respectfully submitted,

ROBERT J. McCALLUM, Jr.
ASSISTANT ATTORNEY GENERAL

GUY A. LEWIS
UNITED STATES ATTORNEY

By:

MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9003 Tel.
(305) 536-4101 Fax
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov

By:

MICHAEL F. HERTZ
JOYCE R. BRANDA
T. REED STEPHENS
DIANA YOUNTS
PAT DAVIS
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 307-0404

June 24, 2002

6

ABT008-1504

## CERTIFICATE OF SERVICE

IT IS HEREBY certified that a true and correct copy of the foregoing Motion for

Extension of Time was mailed this ___25___ day of June, 2002 to:


James J. Breen
The Breen Law Firm, P.A.
8201 Peters Road, Suite 1000
Plantation, FL  33322


_____
ASSISTANT UNITED STATES ATTORNEY

ABT008-1505        L

EXHIBIT CY

NIGHT BOX
FILED

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OCT 22 2002

CASE NO. 95-1354-CIV-GOLD

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA,                )
ex rel. Ven-A-Care of the                )     **FILED UNDER SEAL**
Florida Keys, Inc.,                      )
                                         )
            Plaintiffs,                  )
                                         )
        v.                               )
                                         )
Abbott Laboratories; ███████             )
█████████████████ et al.,                )
                                         )
                                         )
            Defendants.                  )
_____  )

## UNITED STATES' APPLICATION FOR EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE IN QUI TAM ACTION AND MEMORANDUM OF LAW

The United States, pursuant to 31 U.S.C. § 3730(b)(3), presents to this Court, ex parte

and under seal, this application for an extension of time of one hundred twenty (120) days up to

and including February 19, 2003 in which to notify the Court of its decision whether to intervene

in the above-captioned False Claims Act qui tam action, during which the Complaint and all

other related filings shall remain under seal.[1]

_____

[1] The Legal Authority supporting the proposed extension is set forth in the Government's
Memorandum accompanying its First Motion for an Extension of Time. Rather than reiterating
the same points, the Government respectfully refers the Court to this previously submitted
memorandum.

10/22/02

ABT008-1485

This case is a qui tam action against 29 pharmaceutical manufacturers[2] initiated by
relator Ven-A-Care of the Florida Keys, Inc. ("relator"), pursuant to the False Claims Act, as
amended, 31 U.S.C. § 3730(b).  In sum, the Third Amended Complaint alleges that the
defendants have purposely caused the publication of artificially high (i.e., false) drug prices
which are relied upon by third-party payors such as Medicare and Medicaid to set reimbursement
levels.  As a result, the providers (physicians, home health care companies and pharmacies) enjoy
a large profit because they are able to actually purchase the drugs for a significantly discounted
price and get reimbursed at the much higher, false, published price.  The Complaint further
alleges that this approach is used a marketing tool in order to generate additional sales of the
drugs.

Since the time of the last extension request, the United States has continued to make
substantial progress in this investigation.  At this time, the United States has serious settlement
negotiations in progress with a number of defendants, including ██████████████████
████████████████████████████████████  Each negotiation is separate
and apart from the others and requires the same high level of detail and attention.  Conclusion of

---

[2] The named defendants include Abbott Laboratories. Inc. ████████████████
█████████████████████████████████████ Bayer Corporation, ██
██████████████████████████████ Dey, Inc. █████████████
█████████████████████ GlaxoSmithKline
Corporation (f/k/a Glaxo Wellcome, Inc. and SmithKline Beecham), ████████████
████████████████████████████████████████████████
███████████████████████████████████████████

2

ABT008-1486

a settlement with [REDACTED] is impending, and is subject only to resolution of damage

calculations with the State of California. [REDACTED] and the State of California are

engaging in on-going settlement discussions on those unresolved issues.

At the same time, authority is being sought to make an intervention decision against one

of the defendants. A formal request for such authority has been made but remains pending at this

time. The United States also plans to seek authority to make an intervention decision on at least

two other defendants in the near future as well. Once an intervention decision is made, the

underlying litigation will then commence and help to allow this case to move forward to

conclusion.

Previously, the United States notified the Court that it had begun receiving a new influx

of documents from several defendants in response to subpoenas issued several months earlier. A

total of approximately 500 boxes of documents with tens of thousands of documents have now

been received in this investigation. Substantial effort has been devoted to reviewing these

documents. At one point, a team of ten people were simultaneously reviewing the voluminous

documents. Smaller teams are continuing to review the documents on a regular basis. Thus,

substantial progress has been made on that project although it is not yet complete and our efforts

are ongoing. However, the large bulk of the documents have now been reviewed and the more

3

significant documents identified.  The process of analyzing the significant documents in more

detail is continuing on an ongoing basis.  One of the defendants produced 18 boxes of documents

earlier this month and those documents are being scanned and catalogued at this time.

As before, in order to move the investigation forward more quickly,  the United States has

continued to work closely with the many parallel state investigations.  At this time, the Attorney

General's offices of West Virginia, Minnesota, Texas, Florida, Nevada and California are

pursuing or have agreed to pursue particular defendants in order to maximize the overall progress

of the investigation.  The United States has also been working with the Attorney General's

Offices from the States of Florida, Illinois and New York.  As before, the United States is

coordinating with these state investigators to avoid following duplicative areas of discovery.  The

United States has provided a high level of support to the state investigators to help advance their

own investigations which are expected to help resolve the issues raised in this matter.  On August

28 and September 30,  meetings were held which included the participation of over 15 of the

many persons involved in the state and federal investigations.  The meeting was designed to help

coordinate and focus the efforts of the various parties in order to move the investigation forward

as efficiently as possible.  Another meeting is scheduled for October 31, 2002.

A project which has taken considerable effort has also been ongoing with respect to

efforts to create a database of scanned documents.  The goal of the project will be to make all of

the scanned documents available in a secure fashion over the internet to all attorneys and

investigators working on this case, both state and federal.  The technical obstacles are high, but

not insurmountable and significant progress on this effort is expected within the next 30 days.

Numerous meetings have been held to advance this project, including several meetings and

4

demonstrations from vendors, with technical personnel from the Department of Justice and with the many attorneys who will utilize the document database.

The United States submits that the pre-litigation settlement of the allegations of the complaint against as many defendants as possible is especially desirable in a case of this magnitude and complexity. The additional extension of time should allow the more advanced negotiations to come to fruition and allow the other negotiations to advance to a point where an appraisal can be made as to whether a settlement is likely. At that point, it is hoped that a decision on intervention can be made with the expectation that actual litigation will be necessary with respect to only a minority of the defendants. The additional time will also allow the document database to be made available over the internet and ████████████████████████

██████████████████████████████████████████████

In sum, the requested extension will permit counsel for the United States to (1) continue witness interviews, including the taking of sworn statements from cooperating witnesses, (2) continue its current settlement negotiations with defendants, (3) pursue additional efforts to mitigate the damages allegedly suffered by the Medicare and Medicaid programs, (4) complete the review of the subpoenaed records which were recently produced by several of the defendants, (5) create an on-line database of the documents, (6) seek and/or obtain authority to make an intervention decision on at least some of the defendants and (7) ███████████████████

██████████████████████████████ As before, the United States intends to place particular emphasis on completing any settlement negotiations that may result in a narrowing of the participants in this extensive qui tam matter. The United States is hopeful that significant progress will be made over the extension period.

5

Counsel for the United States has kept the relator's representatives actively involved in the investigation so there would be no question from relator's perspective as to whether the United States has been moving expeditiously over these past months. However, the Relator is not in agreement with the relief requested herein.

In addition, to date, no defendant has expressed any reservations regarding the continuance of the seal. To the contrary, the defendants — rather than asserting prejudice at the continuance — have, instead, suggested that they need additional time to rebut the allegations prior to the intervention deadline. This circumstance has been caused primarily by the number of defendants.

<u>CONCLUSION</u>

For the foregoing reasons and those set forth in the accompanying declaration, plaintiff respectfully requests that the Court grant the instant request for a one hundred twenty (120) day extension of time in which to elect to intervene — during which this <u>qui tam</u> matter will remain under seal.

6

ABT008-1490

Respectfully submitted,

ROBERT J. McCALLUM, Jr.
ASSISTANT ATTORNEY GENERAL

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By:    _____
MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9003 Tel.
(305) 536-4101 Fax
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov

By:    _____
MICHAEL F. HERTZ
JOYCE R. BRANDA
T. REED STEPHENS
DIANA YOUNTS
PAT DAVIS
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 307-0404

October 22, 2002

7

ABT008-1491

EXHIBIT CZ

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

95 AUG 18 PM 3: 10

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

UNITED STATES OF AMERICA,       )
ex rel. Ven-A-Care of the       )
Florida Keys, Inc.,             )
                                )
                                )       FILED UNDER SEAL
        Plaintiffs,             )
                                )       Case No. 95-1354-Civ-Marcus
        v.                      )
                                )
Abbott Laboratories: ████████   )
████████████████ , et al.,      )
                                )
        Defendants.             )
_____)

UNITED STATES OF AMERICA'S MOTION FOR EXTENSION OF SEAL
ON QUI TAM COMPLAINT AND RELATED FILINGS AND FOR EXTENSION
OF THE GOVERNMENT'S EVALUATORY PERIOD

The United States, pursuant to 31 U.S.C. § 3730(b)(3),
presents to this Court, ex parte and under seal, this motion for
an extension of time of ninety days up to and including November
26, 1995, in which to notify the Court of its decision whether
to intervene in the above-captioned False Claims Act qui tam
action and during which the Complaint and all other related
filings shall remain under seal.

The seal on this matter is due to expire August 26, 1995.
Although the government has begun investigating the allegations
of Medicare fraud made by the relator, the investigation will
not be complete by the August 26, 1995 deadline.  Since a
complete investigation is needed in order for the government to
make an informed decision whether to intervene and take over
this action pursuant to 31 U.S.C. § 3730(b)(4), the United
States has made this motion, ex parte and under seal, for the

ABT008-0217

Court to extend both the evaluatory period and the time during which the Complaint and all other related filings remain under seal for an additional 90 days.  The relator has no objection to this request.

The Court is respectfully referred to the Memorandum in Support of this application, the Declaration of Department of Justice Attorney Sara Strauss, and the Proposed Order filed herewith.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General

KENDALL COFFEY
United States Attorney
Southern District of Florida

MARK LAVINE
Assistant United States Attorney
Southern District of Florida
99 Northeast 4th Street
Miami, Florida 33132

MICHAEL F. HERTZ
JOYCE R. BRANDA
SARA STRAUSS
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044
(202) 616-1437

2

ABT008-0218    L