# EXHIBIT DK

NIGHT BOX
FILED

UNITED STATES DISTRICT COURT     MAR 2 1 2003
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION     CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA )
ex rel. )
    )     CIVIL ACTION NO:
VEN-A-CARE OF THE )     95-1354-CIV-GOLD
FLORIDA KEYS, INC. )
a Florida Corporation, )     **FILED IN CAMERA AND UNDER**
by and through its principal )     **SEAL PURSUANT TO**
officers and directors, )     **31 U.S.C. § 3730**
ZACHARY T. BENTLEY and )
T. MARK JONES, )
                    Plaintiff, )
    )
vs. )
    )
ABBOTT LABORATORIES; )
et al., )
                    Defendants. )

**JOINT STATUS REPORT OF THE UNITED STATES AND THE RELATOR, JOINT
APPLICATION TO EXTEND SEAL AND INTERVENTION PERIOD
FOR CERTAIN DEFENDANTS**

**COMES NOW** the United States and the relator, Ven-A-Care of the Florida Keys,

Inc. and file their Joint Status Report, and Application to Extend Seal and Intervention

Period for Certain Defendants, pursuant to the February 24, 2003 order of the Court.  In

a separate pleading, the United States also submits its Consent to Dismissal Without

Prejudice of Certain Defendants.  The United States and relator request that the Court

ABT008-1948

CIVIL ACTION NO: 95-1354-CIV-GOLD

enter such order or orders as may be appropriate to enable them to proceed in this case as stated below:

1.     The Department of Justice Civil Division wishes to inform the Court that the longtime lead Civil Division trial attorney on this matter has recently resigned his position and left the Department of Justice. The Civil Division has now assigned two new attorneys to handle this case, in conjunction with the U.S. Attorney's Office for the Southern District of Florida.  While the undersigned new attorneys are working diligently to familiarize themselves with this complex case and make decisions as to intervention, they could not, at this very early point in their assignment to this case, recommend to the Assistant Attorney General in charge of the Civil Division that the United States commence litigation right now against any of the defendants in this matter.

2.     Consistent with this Court's February 24, 2003 order, the United States and relator have reviewed the status of every defendant in this case. As a result of that review, concurrent with this filing, the United States is filing a consent to the voluntary dismissal without prejudice filed by relator as to twelve defendants in this action.  With respect to the remaining defendants, the United States and relator request that the seal and intervention period be extended until August 21, 2003, because, as detailed below, these defendants fall into one of the categories previously delineated by the Court as warranting extension of the seal.

3.     First, the United States believes that settlement negotiations must be exhausted before an intervention decision may be made with respect to the following

2

ABT008-1949

CIVIL ACTION NO: 95-1354-CIV-GOLD

defendants: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dey, Inc., EMD Pharmaceuticals, ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮ Lipha S.A., Merck KgaA, Merck-Lipha, S.A., ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ Therefore, the United States and relator request that the seal and intervention period be extended until August 21, 2003, for these defendants.

4.    Second, the United States is requesting that the Office of Inspector General for the Department of Health and Human Services ("OIG-HHS") review the allegations against the following defendants for potential administrative prosecution:    Abbott Laboratories, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Glaxo Wellcome, Inc., GlaxoSmithKline, PLC, ▮▮▮▮▮▮▮▮▮

SmithKline Beecham Corporation.  After the OIG-HHS makes it decision on whether to pursue these defendants administratively, the United States will promptly reconsider whether to intervene, decline, negotiate settlement or transfer the action with respect to those defendants and will take appropriate action to effectuate the corresponding course of action.  Therefore, the United States and relator request that the seal and intervention period be extended until August 21, 2003, for these defendants.

5.    Third, the Civil Division has asked the U.S. Attorney's Offices for the Southern District of Florida and the District of Massachusetts to evaluate whether pending related ▮▮▮▮▮▮▮ investigations in the District of Massachusetts warrant transferring venue to the District of Massachusetts as to the following defendants: ▮▮▮▮▮▮▮

3

ABT008-1950

CIVIL ACTION NO: 95-1354-CIV-GOLD

The United States also notes that although it is pursuing settlement negotiations with defendants Dey, Inc., EMD Pharmaceuticals, Lipha S.A., Merck KgaA, and Merck-Lipha, S.A., the Civil Division has asked the two districts to consider a similar venue transfer in the event that settlement negotiations are not progressing. In addition, the United States is considering a transfer of venue for defendants Therefore, the United States and relator request that the seal and intervention period be extended until August 21, 2003, for these defendants.

6.    Finally, as has been previously reported to the Court, the Department of Justice and the relator continue to vigorously investigate the relator's allegations in this case, and assist and support the prosecution of related claims by certain states on behalf of their State Medicaid Programs in accordance with this Court's prior rulings. The state of Connecticut recently filed suit against certain of the defendants in this action, including GlaxoSmithKline, Dey Inc., The state of Texas has a pending case against Dey Inc. and with related allegations. That case is scheduled for mediation in April and has an August trial date. The United States likely will attend the mediation.[1]

---

[1]    In addition, the United States and the relator continue to participate and assist in parallel cases being pursued by California, Nevada, Minnesota, New York, and West Virginia.

4

CIVIL ACTION NO: 95-1354-CIV-GOLD

WHEREFORE, the Department of Justice and the relator request that the Court

enter such order or orders as may be appropriate to enable the Department of Justice and

the relator to proceed as outlined above.

DATED this ___21st___ day of March, 2003.


Respectfully submitted,

ROBERT J. McCALLUM, Jr.
ASSISTANT ATTORNEY GENERAL

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY


MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov


JOYCE R. BRANDA
LAURENCE J. FREEDMAN
LAURIE A. OBEREMBT
ANDY MAO
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 514-3345


For The Relator,
Ven-A-Care of the Florida Keys, Inc.

5

ABT008-1952

FROM : BREENLAWFIRM                    FAX NO. :3056651508                    21 2003 04:52PM  P2

CIVIL ACTION NO: 95-1354-CIV-GOLD

James J. Breen
Fla. Bar No: 0297178
Alison W. Simon
Fla. Bar No: 0109568
The Breen Law Firm, P.A.
P. O. Box 297470
Pembroke Pines, FL   33029
Phone:  (954) 874-1635
Fax: (954) 874-1705

D:\My documents\VAC-Federal-Miami\March 2003 Final DOJ-Relator-Status-Rep-Fin 12.wpd

ABT008-1953        L

# EXHIBIT DL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

UNITED STATES OF AMERICA                    )
ex rel.                                     )
                                            )
    VEN-A-CARE OF THE                        )     CIVIL ACTION NO:
    FLORIDA KEYS, INC.                       )     95-1354-CIV-GOLD
    a Florida Corporation,                   )
    by and through its principal             )     FILED IN CAMERA AND UNDER
    officers and directors,                  )     SEAL PURSUANT TO
    ZACHARY T. BENTLEY and                   )     31 U.S.C. § 3730
    T. MARK JONES,                           )
                        Plaintiff,           )
                                            )
vs.                                          )
                                            )
ABBOTT LABORATORIES;                         )
et al.,                                      )
                        Defendants.          )

**JOINT STATUS REPORT OF THE UNITED STATES AND THE RELATOR, JOINT
APPLICATION TO EXTEND SEAL AND INTERVENTION PERIOD
FOR CERTAIN DEFENDANTS**

        **COMES NOW** the United States and the relator, Ven-A-Care of the Florida Keys, Inc.

and file their Joint Status Report, and Application to Extend Seal and Intervention Period for

Certain Defendants, pursuant to the June 13, 2003 order of the Court.  The United States and

relator request that the Court enter such order or orders as may be appropriate to enable them to

proceed in this case as stated below:

ABT008-1838

CIVIL ACTION NO: 95-1354-CIV-GOLD

1.       The Department of Justice Civil Division wishes to inform the Court that in addition to the two attorneys from the Civil Division now assigned to this matter, the Civil Division has assigned three more attorneys to handle this case, in conjunction with the U.S. Attorney's Office for the Southern District of Florida. In addition, the agent most familiar with the case from the Office of Inspector General, Department of Health and Human Services ("OIG-HHS"), has returned from military reserve duty and is actively working the case again with assistance from another OIG-HHS agent in Miami.

2.       Since the United States' and Relator's last status report, the Court has ordered the dismissal without prejudice of twelve defendants in this action, thereby streamlining the case considerably. In addition, the United States and Relator concluded a settlement agreement as to certain claims against defendants Dey, Inc., EMD Pharmaceuticals, Lipha S.A., Merck KgaA, and Merck-Lipha, S.A. (hereinafter "Dey"). The settlement with Dey was part of a joint settlement effort with the State of Texas,[1] and resulted in a total recovery for the United States and Texas of $18.25 million.

3.       With respect to the remaining defendants, the United States and relator request that the seal and intervention period be extended until December 19, 2003, because, as detailed below, these defendants fall into one of the categories previously delineated by the Court as warranting extension of the seal. With the additional personnel assigned to this case, and further examination

_____

[1]       The United States participated in the mediation of the Texas state case and the Dey settlement resulted from the mediation.

2

ABT008-1839

CIVIL ACTION NO: 95-1354-CIV-GOLD

of the defendants, the United States has placed certain defendants in different categories now as indicated below.

3.    First, the United States believes that settlement negotiations must be exhausted before an intervention decision may be made with respect to the following defendants: ████████

████████        Dey, Inc., EMD Pharmaceuticals, Lipha S.A., Merck KgaA, and Merck-Lipha, S.A., In addition, the United States now believes that Abbott Laboratories, ████████

Glaxo Wellcome, Inc., GlaxoSmithKline, PLC, ████████         and SmithKline Beecham

Corporation should also be placed in this category. Therefore, the United States and relator request that the seal and intervention period be extended until December 19, 2003, for these defendants.

4.    Second, the United States has requested that the OIG-HHS review the allegations against the following defendants for potential administrative prosecution: ████████

████████

████████                The United States also believes that the following defendants

merit review by OIG-HHS: ████████

████████

████████                                              After the

OIG-HHS makes it decision on whether to pursue these defendants administratively, the United States will promptly reconsider whether to intervene, decline, negotiate settlement or transfer the action with respect to those defendants and will take appropriate action to effectuate the corresponding course of action. Therefore, the United States and relator request that the seal and intervention period be extended until December 19, 2003, for these defendants.

3

ABT008-1840

AUG 22 2003 3:10PM   THE—RREEN LAW FIRM   9548241705   P.5

FROM : BREENLAWFIRM            FAX NO. :3056651500        Aug. 21 2003 03:20PM  P4/7

CIVIL ACTION NO: 95-1354-CIV-GOLD

5.   Third, the Civil Division and the U.S. Attorney's Offices for the Southern District of

Florida and the District of Massachusetts have not yet decided whether

In

addition, the United States is considering a transfer of venue for

Therefore, the United States and relator request that the seal and intervention period be extended

until December 19, 2003, for these defendants.

6.   Finally, as has been previously reported to the Court, the Department of Justice and

the relator continue to vigorously investigate the relator's allegations in this case, and assist and

support the prosecution of related claims by certain states on behalf of their State Medicaid Programs

in accordance with this Court's prior rulings. The state of Florida recently filed suit against certain

of the defendants in this action, including

The state of Texas has a pending case

4

ABT008-1841

against ▮▮▮▮▮▮▮▮▮ with related allegations. That case is scheduled for trial in April 2004.[2]

CIVIL ACTION NO: 95-1354-CIV-GOLD

7.    In addition, the United States has participated in three separate conferences with representatives of various State Medicaid Fraud Control Units and Attorneys General's offices, in an effort to ensure coordination amongst the various state and federal parties that have litigation pending or are considering whether to file claims against certain of the defendants. As part of that coordination effort, the United States also is creating a database of relevant documents and intends to make the database accessible to other districts and states.

WHEREFORE, the Department of Justice and the relator request that the Court enter such order or orders as may be appropriate to enable the Department of Justice and the relator to proceed as outlined above.

DATED this 2▮ day of August, 2003.

Respectfully submitted,

PETER D. KEISLER
ASSISTANT ATTORNEY GENERAL

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

---

[2]    In addition, the United States and the relator continue to participate and assist in parallel cases being pursued by California, Connecticut, Nevada, Minnesota, New York, and West Virginia.

5

ABT008-1842

AUG 22 2003 3:10PM   THE GREEN LAW FIRM          9549241705          P.7

FROM : BREENLAWFIRM              FAX NO. : 3056651508          Aug. 21 2003 03:20PM P6/7

P.02

CIVIL ACTION NO: 95-1354-CIV-GOLD

*Mark A. Lavine* (by LAO)

MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132
Phone: (305) 961-9003

Fax: (305) 536-4101
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov

*Laurie A. Oberembt*

JOYCE R. BRANDA
LAURENCE J. FREEDMAN
JUSTIN R. DRAYCOTT
GEJAA T. GOBENA
ANDY MAO
LAURIE A. OBEREMBT
JAMIE A. YAVELBERG
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 514-3345

6

ABT008-1843

AUG 22 2003 3:11PM   THE GREEN LAW FIRM          9549241705                p.8

FROM : BREENLAWFIRM          FAX NO. :3056651508          Aug. 21 2003 03:21PM P7/7

CIVIL ACTION NO: 95-1354-CIV-GOLD

For The Relator,
Ven-A-Care of the Florida Keys, Inc.


_Alison W. Simon_
James J. Breen
Fla. Bar No: 0297178
Alison W. Simon
Fla. Bar No: 0109568
The Breen Law Firm, P.A.
P. O. Box 297470
Pembroke Pines, FL  33029
Phone:  (954) 874-1635
Fax: (954) 874-1705

C:\Documents and Settings\Aileen\Local Settings\Temporary Internet Files\OLK4C\August 2003 Fina) DOJ-Relator-Status-Rep-Fin 12.wpd

7

ABT008-1844

# EXHIBIT DM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. | ) ) ) |
| VEN-A-CARE OF THE FLORIDA KEYS, INC. a Florida Corporation, by and through its principal officers and directors, ZACHARY T. BENTLEY and T. MARK JONES, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ABBOTT LABORATORIES; et al., | ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO:
95-1354-CIV-GOLD

**FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730**

FILED BY
03 DEC 19  PM 3: 51
CLARENCE MADDOX
CLERK U.S. DIST.
S.D. OF FL.-MIA
D.C.

**JOINT STATUS REPORT OF THE UNITED STATES AND THE RELATOR, JOINT APPLICATION TO EXTEND SEAL AND INTERVENTION PERIOD FOR CERTAIN DEFENDANTS**

**COMES NOW** the United States and the relator, Ven-A-Care of the Florida Keys, Inc. and

file their Joint Status Report, and Application to Extend Seal and Intervention Period for Certain

Defendants, pursuant to the December 18, 2003 order of the Court.[1]  The United States and relator

---

[1]    The proposed order submitted by the United States in its August filing was apparently signed by the Court on September 3, 2003, but the Order cannot be located.  On December 18, the Court signed the Order *nunc pro tunc* to September 3, 2003.

12/14/03

ABT008-1821

CIVIL ACTION NO: 95-1354-CIV-GOLD

request that the Court enter such order or orders as may be appropriate to enable them to proceed in this case as stated below:

1.    The Department of Justice Civil Division now has five attorneys assigned to this matter, and in addition to agents from the Office of Inspector General, Department of Health and Human Services, the Federal Bureau of Investigation is also providing investigative assistance now.

2.    Since the United States' and Relator's last status report, the United States is scheduled to participate in a mediation with defendant �In January 2004 as part of a joint settlement effort with the State of Texas.

3.    With respect to the remaining defendants, the United States and relator request that the seal and intervention period be extended until April 23, 2004, because, as detailed below, these defendants fall into one of the categories previously delineated by the Court as warranting extension of the seal.

3.    First, the United States believes that settlement negotiations must be concluded before an intervention decision may be made with respect to the following defendants: Abbott Laboratories ▮, Dey, Inc., EMD Pharmaceuticals, Glaxo Wellcome, Inc., GlaxoSmithKline, PLC, Lipha S.A. ▮ Merck KgaA, Merck-Lipha, S.A. ▮ SmithKline Beecham Corporation.   In addition, the United States now believes that ▮ ▮ should also be placed in this category.  A number of these defendants recently notified the United States that they have discovered additional documents that must be reviewed in order to determine if they are responsive to the two HHS/OIG subpoenas already

2

ABT008-1822

CIVIL ACTION NO: 95-1354-CIV-GOLD

served in this matter. Certain other defendants recently produced a significant number of boxes in response to the subpoenas also. Therefore, the United States and relator request that the seal and intervention period be extended until April 23, 2004, for these defendants.

4.      Second, the United States has requested that the OIG-HHS review the allegations against the following defendants for potential administrative prosecution:

Two OIG-HHS attorneys have begun reviewing the files on these defendants. After the OIG-HHS makes its decision on whether to pursue these defendants administratively, the United States will promptly reconsider whether to intervene, decline, negotiate settlement or transfer the action with respect to those defendants and will take appropriate action to effectuate the corresponding course of action. Therefore, the United States and relator request that the seal and intervention period be extended until April 23, 2004, for these defendants.

5.      Third, the Civil Division and the U.S. Attorney's Offices for the Southern District of Florida and the District of Massachusetts The District of Massachusetts has now assigned additional lawyers to this matter. In addition, the United States is considering a transfer of venue for defendants Therefore, the United

3

CIVIL ACTION NO: 95-1354-CIV-GOLD

States and relator request that the seal and intervention period be extended until April 23, 2004, for these defendants.

6.     Finally, as has been previously reported to the Court, the Department of Justice and the relator continue to vigorously investigate the relator's allegations in this case, and assist and support the prosecution of related claims by certain states on behalf of their State Medicaid Programs in accordance with this Court's prior rulings. The United States is coordinating with the state of Florida in connection with its recent suit against certain of the defendants in this action, including                          Dey Inc.,                          Lipha S.A., Merck KgaA, and Merck-Lipha. The state of Texas has a pending case against                          with related allegations. That case remains scheduled for trial in April 2004.[2]

WHEREFORE, the Department of Justice and the relator request that the Court enter such order or orders as may be appropriate to enable the Department of Justice and the relator to proceed as outlined above.

---

[2]     In addition, the United States and the relator continue to participate and assist in parallel cases being pursued by California, Connecticut, Nevada, Minnesota, New York, Kentucky, Massachusetts and West Virginia.

4

ABT008-1824

CIVIL ACTION NO: 95-1354-CIV-GOLD

DATED this _____19ʰ_____ day of December, 2003.

Respectfully submitted,

PETER D. KEISLER
ASSISTANT ATTORNEY GENERAL

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_____

MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL   33132
Phone:  (305) 961-9003

Fax: (305) 536-4101
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov

_____

JOYCE R. BRANDA
LAURENCE J. FREEDMAN
JUSTIN R. DRAYCOTT
GEJAA T. GOBENA
ANDY MAO
LAURIE A. OBEREMBT
JAMIE A. YAVELBERG
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 514-3345

5

ABT008-1825

CIVIL ACTION NO: 95-1354-CIV-GOLD

For The Relator,
Ven-A-Care of the Florida Keys, Inc.


James J. Breen
Fla. Bar No: 0297178
Alison W. Simon
Fla. Bar No: 0109568
The Breen Law Firm, P.A.
P. O. Box 297470
Pembroke Pines, FL   33029
Phone:  (954) 874-1635
Fax: (954) 874-1705

N:\mlavine\venacare\Pleadings\Dec 2003 Final DOJ-Relator-Status-Rep-Fin 2.wpd

6

ABT008-1826      L

# EXHIBIT DN

Sealed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

2004 APR 22  PM 4: 22
CLARENCE MADDOX
CLERK U.S. DIST CT
S.D. OF FLA.-MIAMI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| ex rel. | ) | |
| | ) | CIVIL ACTION NO: |
| | ) | 95-1354-CIV-GOLD |
| VEN-A-CARE OF THE | ) | 02-23609-CIV-GOLD |
| FLORIDA KEYS, INC. | ) | |
| a Florida Corporation, | ) | |
| by and through its principal | ) | **FILED IN CAMERA AND UNDER** |
| officers and directors, | ) | **SEAL PURSUANT TO** |
| ZACHARY T. BENTLEY and | ) | **31 U.S.C. § 3730** |
| T. MARK JONES, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| ABBOTT LABORATORIES; | ) | |
| et al., | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT OF THE UNITED STATES AND THE RELATOR, JOINT
APPLICATION TO EXTEND SEAL AND INTERVENTION PERIOD
FOR CERTAIN DEFENDANTS**

**COMES NOW** the United States and the relator, Ven-A-Care of the Florida Keys, Inc. and

file their Joint Status Report, and Application to Extend Seal and Intervention Period for Certain

Defendants, pursuant to the December 23, 2003 order of the Court. The United States and relator

request that the Court enter such order or orders as may be appropriate to enable them to proceed in

these cases [United States ex rel. Ven-A-Care v. Abbott, et al., Civil Action No. 95-1354-CIV-

ABT008-1810

CIVIL ACTION NO: 95-1354-CIV-GOLD

GOLD; United States ex rel. Ven-A-Care v. Abbott, et al., Civil Action No. 02-23609-CIV-GOLD]

stated below:[1]

1.      With respect to Civil Action No. 95-1354-CIV-GOLD, subsequent to the United States'

and relator's last status report, the United States and the State of Texas reached agreement to settle claims

in this action against defendants ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

involving the Texas Medicaid Program for approximately $20 million, with ▓▓▓▓▓▓▓

paying an additional $7 million in fees and costs. A settlement agreement must be negotiated, but the

United States and relator are hopeful that it can be completed very soon. Promptly thereafter, the United

States will confirm the settlement with the Court and seek any necessary relief.

2.      The United States has retained three teams of accounting and data analysis experts to assist

both with settlement negotiations and the overall investigation.

3.      With respect to the remaining defendants, the United States and relator request that the seal

and intervention period be extended until September 23, 2004, because, as detailed below, these

defendants fall into one of the categories previously delineated by the Court as warranting extension of the

seal.

4.      First, the United States believes that discussions with the following defendants must be

concluded before an intervention decision may be made:  Abbott Laboratories, Inc., ▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Glaxo Wellcome, Inc.,

GlaxoSmithKline, PLC, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[1] These cases were consolidated by Order of this Court dated February 21, 2003.

2

CIVIL ACTION NO: 95-1354-CIV-GOLD

████████████████████████████████ and SmithKline Beecham Corporation. The United States also believes that ██████████████████████████████ should be added to this category. A number of these defendants are continuing to produce documents in response to the two HHS/OIG subpoenas already served in this matter, and certain of the defendants recently made extensive presentations to the United States. Therefore, the United States and relator request that the seal and intervention period be extended until September 23, 2004, for these defendants.

5.    Second, the United States has requested that the OIG-HHS review the allegations against the following defendants for potential administrative prosecution: ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████ The Office of Counsel for the OIG is continuing to review the files on these defendants. After the OIG-HHS makes its decision on whether to pursue these defendants administratively, the United States will promptly reconsider whether to intervene, decline, negotiate settlement or transfer the action with respect to those defendants and will take appropriate action to effectuate the corresponding course of action. Therefore, the United States and relator request that the seal and intervention period be extended until September 23, 2004, for these defendants.

---

[2] These negotiations concern the federal share of Medicaid claims outside of Texas and nationwide Medicare claims.

3

ABT008-1812

CIVIL ACTION NO: 95-1354-CIV-GOLD

6.    <u>Third</u>, the United States has determined that pending related ▮▮▮▮▮ investigations in the District of Massachusetts warrant transferring venue to the District of Massachusetts as to the following defendants: Dey, Inc., EMD Pharmaceuticals, Lipha S.A., Merck KgaA, and Merck-Lipha, S.A. Following the filing of this extension request, the United States intends to file a motion to sever and transfer venue as to these defendants.  The United States may seek similar transfers in the future for other claims in this case that are related to pending ▮▮▮▮ ▮▮▮▮ investigations in the District of Massachusetts, including the remaining claims against ▮▮▮▮ ▮▮▮▮▮▮▮▮ In addition, as previously reported, the United States is considering a transfer of venue for defendants ▮▮▮▮ ▮▮▮▮▮▮▮▮ for similar reasons. Therefore, the United States and relator request that the seal and intervention period be extended until September 23, 2004, for these defendants.

7.    Finally, as has been previously reported to the Court, the United States and the relator continue to vigorously investigate the relator's allegations in this case, and assist and support the prosecution of related claims by certain states on behalf of their State Medicaid Programs in accordance with this Court's prior rulings.  Three of the attorneys assigned to this matter are scheduled to meet with attorneys for the State of Texas in the first week of May to further coordinate the pursuit of the allegations of this case against several of the defendants.  The United States is coordinating with the states of Kentucky, Massachusetts and Ohio in connection with their recent suits against certain of the defendants in this action, including Abbott Laboratories, Inc., Dey Inc. and ▮▮▮▮

4

ABT008-1813

▮▮▮▮▮▮▮▮ among others. In addition, the United States and the relator continue to participate

and assist in parallel cases being pursued by California, Connecticut, Nevada, Minnesota, New York,

Texas and West Virginia.

WHEREFORE, the United States and the relator request that the Court enter such order or

orders as may be appropriate to enable the United States and the relator to proceed as outlined above.

DATED this ____22____ day of April, 2004.

5

ABT008-1814

CIVIL ACTION NO: 95-1354-CIV-GOLD

Respectfully submitted,

PETER D. KEISLER
ASSISTANT ATTORNEY GENERAL

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY


_____
MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL   33132
Phone:  (305) 961-9003


Fax: (305) 536-4101
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov


_____
JOYCE R. BRANDA
LAURENCE J. FREEDMAN
JUSTIN R. DRAYCOTT
GEJAA T. GOBENA
ANDY MAO
LAURIE A. OBEREMBT
JAMIE A. YAVELBERG
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 514-3345

6

ABT008-1815

CIVIL ACTION NO: 95-1354-CIV-GOLD

For The Relator,
Ven-A-Care of the Florida Keys, Inc.

James J. Breen
Fla. Bar No: 0297178
Alison W. Simon
Fla. Bar No: 0109568
The Breen Law Firm, P.A.
P. O. Box 297470
Pembroke Pines, FL   33029
Phone:  (954) 874-1635
Fax: (954) 874-1705

7

ABT008-1816      L

# EXHIBIT DO

AUSA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

UNITED STATES OF AMERICA )
ex rel. )
 )
 )          CIVIL ACTION NO:
   VEN-A-CARE OF THE )          95-1354-CIV-GOLD
   FLORIDA KEYS, INC. )
   a Florida Corporation, )
   by and through its principal )
   officers and directors, )          **FILED IN CAMERA AND UNDER**
   ZACHARY T. BENTLEY and )          **SEAL PURSUANT TO**
   T. MARK JONES, )          **31 U.S.C. § 3730**
                    Plaintiff, )
 )
vs. )
 )
   ABBOTT LABORATORIES; )
   et al., )
                    Defendants. )

### JOINT STATUS REPORT OF THE UNITED STATES AND THE RELATOR, JOINT APPLICATION TO EXTEND SEAL AND INTERVENTION PERIOD FOR CERTAIN DEFENDANTS

**COMES NOW** the United States and the relator, Ven-A-Care of the Florida Keys, Inc. and

file their Joint Status Report, and Application to Extend Seal and Intervention Period for Certain

Defendants, pursuant to the April 29, 2004 Order of the Court. The United States and relator request

that the Court enter such order or orders as may be appropriate to enable them to proceed in these

cases [United States ex rel. Ven-A-Care v.Abbott, et al., Civil Action No. 95-1354-CIV-GOLD;

                                                                                          stated

below:[1]

---

[1] These cases were consolidated by Order of this Court dated February 21, 2003.

CIVIL ACTION NO: 95-1354-CIV-GOLD

1.     With respect to Civil Action No. 95-1354-CIV-GOLD, subsequent to the United States' and relator's last status report, the United States and the State of Texas finalized their settlement agreement with defendants [REDACTED] which resulted in a total recovery of $20 million to the United States and Texas.

2.     The United States has determined that pending related [REDACTED] investigations in the District of Massachusetts warrant transferring venue to the District of Massachusetts as to the following defendants: Dey, Inc., EMD Pharmaceuticals, Lipha S.A., Merck KgaA, and Merck-Lipha, S.A. The United States anticipates filing its motion to transfer venue within the next few months. Out of an abundance of caution, the United States and relator request that the seal and intervention period be extended until December 23, 2004, for these defendants.

3.     With respect to the remaining defendants, the United States and relator request that the seal and intervention period be extended until March 24, 2005, because, as detailed below, these defendants fall into one of the categories previously delineated by the Court as warranting extension of the seal.

4.     First, the United States believes that discussions with the following defendants must be concluded before an intervention decision may be made: Abbott Laboratories, Inc. [REDACTED]

[REDACTED]

[REDACTED] Glaxo Wellcome, Inc.,

GlaxoSmithKline, PLC, [REDACTED]

2

ABT008-1799

CIVIL ACTION NO: 95-1354-CIV-GOLD

████████████████████████████████ and SmithKline Beecham

Corporation.  The United States is currently engaged in active settlement discussions with several of the

above defendants.  With regard to many of these defendants, the parties have had extensive meetings

and made presentations on damages and the legal theories of the case.  While the discussions have

been productive, the parties require additional time to resolve the outstanding issues and to negotiate an

appropriate resolution.  The United States will promptly notify the Court when any such settlement is

reached and will seek any necessary relief.  As to the remaining defendants, the United States is

continuing to review documents produced in response to the HHS/OIG subpoenas issued,  pursue the

production of additional responsive materials and privilege logs,  interview relevant witnesses, and

prepare damages analyses.  For the above reasons, the United States and relator request that the seal

and intervention period be extended until March 24, 2005, for these defendants.

     5.    <u>Second</u>, the Office of Inspector General, Department of Health and Human Services

(OIG-HHS) is currently evaluating whether to initiate administrative proceedings against the following

defendants: ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ Once the OIG-HHS makes

its decision on whether to pursue these defendants administratively, the United States will promptly

reconsider whether to intervene, decline, negotiate settlement or transfer the action with respect to

---

   [2] These negotiations concern the federal share of Medicaid claims outside of Texas and
nationwide Medicare claims.

3

CIVIL ACTION NO: 95-1354-CIV-GOLD

those defendants and will take appropriate action to effectuate the corresponding course of action. Therefore, the United States and relator request that the seal and intervention period be extended until March 24, 2005, for these defendants.

     6.     Finally, as has been previously reported to the Court, the United States and the relator continue to vigorously investigate the relator's allegations in this case, and assist and support the prosecution of related claims by certain states on behalf of their State Medicaid Programs in accordance with this Court's prior rulings. The attorneys assigned to this matter are actively coordinating with the states in their investigations and suits against certain defendants in this action. For example, the United States is working closely with the State of Texas in its investigation of [redacted] and Abbott, and with Kentucky, Massachusetts and Ohio in connection with their suits against Abbott Laboratories, Inc., Dey Inc. and [redacted] among others. In addition, the United States and the relator continue to participate and assist in parallel cases being pursued by California, Connecticut, Nevada, Minnesota, New York, Florida, and West Virginia. During the past several months, many witnesses have been contacted and/or interviewed and many meetings and discussions have been held both with the numerous states pursuing parallel investigations and with many of the defendants. More interviews, meetings and discussions are scheduled to be held in the coming weeks and months. In order to properly coordinate the instant matters with those cases that may be pursued in other state or federal courts, the United States has requested, by separate motion, a partial lifting of the seal in these cases in order to disclose these matters to those courts, in the United States' discretion.

4

CIVIL ACTION NO: 95-1354-CIV-GOLD



WHEREFORE, the United States and the relator request that the Court enter such order or

orders as may be appropriate to enable the United States and the relator to proceed as outlined above.

5

ABT008-1802

CIVIL ACTION NO: 95-1354-CIV-GOLD

DATED this _____ day of September, 2004.

Respectfully submitted,

PETER D. KEISLER
ASSISTANT ATTORNEY GENERAL

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_____
MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL   33132
Phone:  (305) 961-9003

Fax: (305) 536-4101
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov

_____
MICHAEL F. HERTZ
JOYCE R. BRANDA
LAURENCE J. FREEDMAN
JUSTIN R. DRAYCOTT
GEJAA T. GOBENA
ANDY MAO
LAURIE A. OBEREMBT
JAMIE A. YAVELBERG
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 514-3345

6

ABT008-1803

CIVIL ACTION NO: 95-1354-CIV-GOLD

For The Relator,
Ven-A-Care of the Florida Keys, Inc.

_____

James J. Breen
Fla. Bar No: 0297178
Alison W. Simon
Fla. Bar No: 0109568
The Breen Law Firm, P.A.
P. O. Box 297470
Pembroke Pines, FL   33029
Phone:  (954) 874-1635
Fax: (954) 874-1705

7

ABT008-1804      L

# EXHIBIT DP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 95-1354-CIV-GOLD
Case No. 02-23609-CIV-GOLD

FILED BY _____ D.C.

2005 MAR 24  PM 3: 35

CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES OF AMERICA       )
ex rel.                        )
                               )
        VEN-A-CARE OF THE      )
        FLORIDA KEYS, INC.     )
        a Florida Corporation, )
        by and through its principal )
        officers and directors, )
        ZACHARY T. BENTLEY and )
        T. MARK JONES,         )
                    Plaintiff, )
                               )
vs.                            )
                               )
ABBOTT LABORATORIES;           )
et al.,                        )
                    Defendants. )

FILED **IN CAMERA** AND UNDER
SEAL PURSUANT TO
31 U.S.C. § 3730

**JOINT STATUS REPORT OF THE UNITED STATES AND THE RELATOR, JOINT
APPLICATION TO EXTEND SEAL AND INTERVENTION PERIOD
FOR CERTAIN DEFENDANTS**

**COMES NOW** the United States and the relator, Ven-A-Care of the Florida Keys, Inc. and

file their Joint Status Report, and Application to Extend Seal and Intervention Period for Certain

Defendants, pursuant to the April 29, 2004 Order of the Court.  The United States and relator request

that the Court enter such order or orders as may be appropriate to enable them to proceed in these

cases [United States ex rel. Ven-A-Care v. Abbott, et al., Civil Action No. 95-1354-CIV-GOLD;

ABT008-2385

CIVIL ACTION NO: 95-1354-CIV-GOLD

████████████████████████████████████████████ stated

below:[1]

1. With respect to Civil Action No. 95-1354-CIV-GOLD, subsequent to the United

States' and relator's last status report, the United States filed its motion to transfer venue to the District

of Massachusetts as to the following defendants:  Dey, Inc., EMD Pharmaceuticals, Lipha S.A., Merck

KgaA, and Merck-Lipha, S.A.  That motion was granted by this Court and the case with respect to

those five defendants has now been transferred to the District of Massachusetts.

2. With respect to the remaining defendants, the United States and relator request that the

seal and intervention period be extended until July 24, 2005, because, as detailed below, these

defendants fall into one of the categories previously delineated by the Court as warranting extension of

the seal.

4. First, the United States believes that discussions with the following defendants must be

concluded before an intervention decision may be made:  Abbott Laboratories, Inc., ███████

███████████████████████████████████████████████████████

██████████████████████████████████ Glaxo Wellcome, Inc.,

GlaxoSmithKline, PLC, █████████████████████████████████████

---

[1] These cases were consolidated by Order of this Court dated February 21, 2003.

2

ABT008-2386

CIVIL ACTION NO: 95-1354-CIV-GOLD

[2] and SmithKline Beecham

Corporation.

The United States currently is engaged in active settlement discussions with several of the above defendants. With regard to many of these defendants, the parties have had extensive meetings in which both the United States and the defendants have made presentations on damages and the legal theories of the case. While the discussions have been productive, the parties require additional time to resolve the outstanding issues and to negotiate an appropriate resolution. Some of the issues to be resolved have required substantial additional work. For example, in connection with discussions with one defendant, it has been necessary to retain an expert to analyze data reflecting several years worth of pharmaceutical sales, and to issue supplemental HHS subpoenas. The United States also has worked to locate and interview former employees and industry experts. Substantial progress is expected in the case over the next four months. The United States will promptly notify the Court when any such settlement is reached and will seek any necessary relief.

As to the remaining defendants, the United States is continuing to review documents produced in response to the HHS/OIG subpoenas issued, pursue the production of additional responsive materials and privilege logs, interview relevant witnesses, and prepare damages analyses. For the above reasons, the United States and relator request that the seal and intervention period be extended until July 25, 2005, for these defendants.

---

[2] These negotiations concern the federal share of Medicaid claims outside of Texas and nationwide Medicare claims.

3

ABT008-2387

CIVIL ACTION NO: 95-1354-CIV-GOLD

5.    Second, the Office of Inspector General, Department of Health and Human Services

(OIG-HHS) is continuing to evaluate whether to initiate administrative proceedings against the following

defendants:

Once the OIG-HHS makes

its decision on whether to pursue these defendants administratively, the United States will promptly

reconsider whether to intervene, decline, negotiate settlement or transfer the action with respect to

those defendants and will take appropriate action to effectuate the corresponding course of action.

Therefore, the United States and relator request that the seal and intervention period be extended until

July 25, 2005, for these defendants.

6.    Finally, as has been previously reported to the Court, the United States and the relator

continue to vigorously investigate the relator's allegations in this case, and assist and support the

prosecution of related claims by certain states on behalf of their State Medicaid Programs in

accordance with this Court's prior rulings.  The attorneys assigned to this matter are actively

coordinating with the states in their investigations and suits against certain defendants in this action.  For

example, the United States is working closely with the State of Texas in its investigation of

Abbott, and with Kentucky, Massachusetts and Ohio in connection with their suits against

Abbott Laboratories, Inc., Dey Inc. and                              among others.  In addition, the

United States and the relator continue to participate and assist in parallel cases being pursued by

California, Connecticut, Nevada, Minnesota, New York, Florida, and West Virginia.  During the past

4

ABT008-2388

several months, many witnesses have been contacted and/or interviewed and many meetings and

discussions have been held both with the numerous states pursuing parallel investigations and with many

of the defendants. More interviews, meetings and discussions are scheduled to be held in the coming

weeks and months.



WHEREFORE, the United States and the relator request that the Court enter such order or

orders as may be appropriate to enable the United States and the relator to proceed as outlined above.

5

ABT008-2389

CIVIL ACTION NO: 95-1354-CIV-GOLD

DATED this _____24th_____ day of March, 2005.

Respectfully submitted,

PETER D. KEISLER
ASSISTANT ATTORNEY GENERAL

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY


_____
MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov


_____
MICHAEL F. HERTZ
JOYCE R. BRANDA
JUSTIN R. DRAYCOTT
GEJAA T. GOBENA
ANDY MAO
LAURIE A. OBEREMBT
JAMIE A. YAVELBERG
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 514-3345

6

CIVIL ACTION NO: 95-1354-CIV-GOLD

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_____

MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov

_____

MICHAEL F. HERTZ
JOYCE R. BRANDA
JUSTIN R. DRAYCOTT
GEJAA T. GOBENA
ANDY MAO
LAURIE A. OBEREMBT
JAMIE A. YAVELBERG
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 514-3345

For The Relator,
Ven-A-Care of the Florida Keys, Inc.

_____
James J. Breen
Fla. Bar No: 0297178
Alison W. Simon
Fla. Bar No: 0109568

6

ABT008-2391

# EXHIBIT DQ

Sealed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 95-1354-CIV-GOLD

NIGHT BOX
FILED

CLARENCE MADDOX

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **FILED IN CAMERA AND UNDER** |
| ex rel. | ) **SEAL PURSUANT TO** |
| | ) **31 U.S.C. § 3730** |
| VEN-A-CARE OF THE | ) |
| FLORIDA KEYS, INC. | ) |
| a Florida Corporation, | ) |
| by and through its principal | ) |
| officers and directors, | ) |
| ZACHARY T. BENTLEY and | ) |
| T. MARK JONES, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ABBOTT LABORATORIES; | ) |
| et al., | ) |
| Defendants. | ) |

## JOINT STATUS REPORT OF THE UNITED STATES AND THE RELATOR, JOINT APPLICATION TO EXTEND SEAL AND INTERVENTION PERIOD FOR CERTAIN DEFENDANTS

**COMES NOW** the United States and the relator, Ven-A-Care of the Florida Keys, Inc. and

file their Joint Status Report, and Application to Extend Seal and Intervention Period for Certain

Defendants, pursuant to the April 29, 2004 Order of the Court. The United States and relator request

that the Court enter such order or orders as may be appropriate to enable them to proceed in these

cases [United States ex rel. Ven-A-Care v. Abbott, et al., Civil Action No. 95-1354-CIV-GOLD;

as stated

below:[1]

_____

[1] These cases were consolidated by Order of this Court dated February 21, 2003.

ABT008-2354

CIVIL ACTION NO: 95-1354-CIV-GOLD

1.      Substantial progress has been made in the overall investigation of the matters raised in

the complaint filed in 95-1354.  The United States is prepared to intervene against one defendant, is

extremely close to settling with another group of defendants, has substantially advanced other settlement

discussions, and has continued to collect, analyze and organize the evidence necessary to making

intervention decisions as to the remaining defendants and issues.

2.      The United States is prepared to intervene against defendant Abbott Laboratories, Inc.[2]

("Abbott").  Nonetheless, rather than immediately proceeding to file its formal notice of intervention and

commence litigation, the United States seeks additional time to pursue settlement with Abbott.  The

United States has already contacted Abbott to inform it that it has obtained authority to intervene and to

attempt to accelerate settlement discussions in advance of a formal notice of intervention.  In an

abundance of caution, the United States is also drafting its own complaint in the event that an amicable

resolution is not possible at this time.  Accordingly, the United States and the Relator seek additional

time in which to pursue settlement discussions with Abbott in advance of formal intervention, and to

prepare a complaint for filing by the United States if necessary.

3.      In addition, settlement negotiations are well advanced between the United States and

GlaxoSmithKline, PLC,  Glaxo Wellcome, Inc., SmithKline Beecham Corporation (the

"GlaxoSmithKline defendants").  The parties are substantially in agreement on the written form of the

settlement at this time.  However, the settlement is quite substantial and some of the ancillary issues

---

[2]      The United States is also prepared to intervene against the five defendants transferred
from this Court to the District of Massachusetts (Dey, Inc., EMD Pharmaceuticals, Lipha S.A., Merck
KgaA, and Merck-Lipha, S.A.).

2

ABT008-2355

have taken longer to resolve than was anticipated. In any event, it is hoped that the proceedings

regarding the GlaxoSmithKline defendants will be concluded within 30 - 60 days.

4.    In the experience of the United States, a decision to intervene creates public disclosure

obligations on the part of publicly traded corporations (such as Abbott), may create (correctly or not)

the impression that discussions are breaking down and could thereby result in the hardening of positions

which otherwise may have been more amenable to change.

5.    Accordingly, the United States and relator request that the seal and intervention period

be extended until November 28, 2005, because, as detailed below, the defendants fall into one of the

categories previously delineated by the Court as warranting extension of the seal.

4.    First, it is expected at this time that the settlement discussions with Glaxo Wellcome,

Inc., GlaxoSmithKline, PLC and SmithKline Beecham Corporation are nearing completion, and an

attempt to accelerate settlement discussions with Abbott should be pursued in advance of any formal

notice of intervention. The United States also believes that discussions with the following defendants

must be concluded before an intervention decision may be made: ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

---

[3] These negotiations concern the federal share of Medicaid claims outside of Texas (which have
been previously resolved by settlement), as well as nationwide Medicare claims.

3

ABT008-2356

CIVIL ACTION NO: 95-1354-CIV-GOLD

The United States continues to be engaged in active settlement discussions with several of the above defendants (in addition to the GlaxoSmithKline defendants and Abbott). With regard to these defendants, the parties have had extensive meetings in which both the United States and the defendants have made presentations on damages and the legal theories of the case. While the discussions have been productive, the parties require additional time to resolve the outstanding issues and to negotiate an appropriate resolution. Many meetings have been held over the last few months and more are scheduled in the future. For example, a counter-offer of settlement is expected from one of the other defendants at a meeting scheduled for August 10, 2005.

Some of the settlement-related issues to be resolved have required substantial additional work. For example, in connection with discussions with one defendant, it has been necessary that the Inspector General for the Department of Health and Human Services (HHS-IG) issue supplemental HHS subpoenas to the defendant and to several of its customers. Full and complete responses have not yet been obtained to those subpoenas. Similarly, many thousands of documents and ten years' worth of published prices have recently been obtained from one of the pricing compendia and are currently being reviewed. The United States also has worked to locate and interview former employees and industry experts. For example, the United States has recently located and interviewed an industry witness regarding background information from as far back as 1969.

As to the remaining defendants, the United States is continuing to review documents produced in response to the HHS-IG subpoenas issued, pursue the production of additional responsive materials and privilege logs, interview relevant witnesses, and prepare damages analyses. For the above reasons,

4

ABT008-2357

CIVIL ACTION NO: 95-1354-CIV-GOLD

the United States and relator request that the seal and intervention period be extended until November 28, 2005, for these defendants.

5.   Second, the HHS-IG is continuing to evaluate whether to initiate administrative proceedings against the following defendants:

Once the HHS-IG makes its decision on whether to pursue these defendants administratively, the United States will promptly reconsider whether to intervene, decline, negotiate settlement or transfer the action with respect to those defendants and will take appropriate action to effectuate the corresponding course of action. Therefore, the United States and relator request that the seal and intervention period be extended until November 28, 2005, for these defendants.

6.   Finally, as has been previously reported to the Court, the United States and the relator continue to vigorously investigate the relator's allegations in this case, and assist and support the prosecution of related claims by certain states on behalf of their State Medicaid Programs in accordance with this Court's prior rulings. The attorneys assigned to this matter are actively coordinating with the states in their investigations and suits against certain defendants in this action. For example, the United States is working closely with the State of Texas in its investigation of and Abbott, and with Kentucky, Massachusetts and Ohio in connection with their suits against Abbott Laboratories, Inc., Dey Inc. and among others. In addition, the United States and the relator continue to participate and assist in parallel cases being pursued by

5

ABT008-2358

CIVIL ACTION NO: 95-1354-CIV-GOLD

California, Connecticut, Nevada, Minnesota, New York, and Florida.  During the past several months, many witnesses have been contacted and/or interviewed and many meetings and discussions have been held both with the numerous states pursuing parallel investigations and with many of the defendants. More interviews, meetings and discussions are scheduled to be held in the coming weeks and months. The Court is also referred to the separate application concurrently filed herewith on an *in camera* basis regarding additional efforts to coordinate and manage these proceedings.



6

ABT008-2359

CIVIL ACTION NO: 95-1354-CIV-GOLD

8      In sum, steady progress continues to be made in this case and substantial progress is

expected in the case over the next four months.  Definitive steps regarding nine of the named defendants

have now been recently taken or are imminent.  Accordingly the United States and the Relator request

that the Court enter such order or orders as may be appropriate to enable them to proceed in these

cases as set forth herein.

WHEREFORE, the United States and the relator request that the Court enter such order or

orders as may be appropriate to enable the United States and the relator to proceed as outlined above.

DATED this ___*25th*___ day of July, 2005.

Respectfully submitted,

PETER D. KEISLER
ASSISTANT ATTORNEY GENERAL

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
MARK A. LAVINE
Assistant U.S. Attorney
99 N.E. 4th Street
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101
Fla. Bar No. 648876
Mark.Lavine@usdoj.gov

7

ABT008-2360

CIVIL ACTION NO: 95-1354-CIV-GOLD

_____

MICHAEL F. HERTZ
JOYCE R. BRANDA
JUSTIN R. DRAYCOTT
GEJAA T. GOBENA
ANDY MAO
LAURIE A. OBEREMBT
JAMIE A. YAVELBERG
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 514-3345


For The Relator,
Ven-A-Care of the Florida Keys, Inc.


_____

James J. Breen
Fla. Bar No: 0297178
Alison W. Simon
Fla. Bar No: 0109568
The Breen Law Firm, P.A.
P. O. Box 297470
Pembroke Pines, FL   33029
Phone:  (954) 874-1635
Fax: (954) 874-1705

8

ABT008-2361

FROM :BREENLAWFIRM          FAX NO. :3056651508          26 2005 09:03AM P2/2

CIVIL ACTION NO: 95-1354-CIV-GOLD

MICHAEL F. HERTZ
JOYCE R. BRANDA
JUSTIN R. DRAYCOTT
GEJAA T. GOBENA
ANDY MAO
LAURIE A. OBEREMBT
JAMIE A. YAVELBERG
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 514-3345


For The Relator,
Ven-A-Care of the Florida Keys, Inc.

James J. Breen
Fla. Bar No: 0297178
Alison W. Simon
Fla. Bar No: 0109568
The Breen Law Firm, P.A.
P. O. Box 297470
Pembroke Pines, FL  33029
Phone: (954) 874-1635
Fax: (954) 874-1705

8

ABT008-2362          L

EXHIBIT DR

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                    +
_____
In re. PHARMACEUTICAL INDUSTRY          )        MDL No. 1456
AVERAGE WHOLESALE PRICE                  )        Civil Action No. 01-12257-PBS
LITIGATION                               )
_____        )        Hon. Patti Saris
THIS DOCUMENT RELATES TO                 )
UNITED STATES OF AMERICA, EX             )
REL. VEN-A-CARE OF THE FLORIDA           )
KEYS, INC. v. ABBOTT LABORATORIES,       )
INC., AND HOSPIRA, INC.                  )
_____        )

## PLAINTIFFS' RULE 26(a)(1) DISCLOSURES

The United States ("Government") and Ven-A-Care of the Florida Keys, Inc. ("Relator")

(collectively "Plaintiffs"), hereby provide their Rule 26(a)(1) Disclosures:

### A.  Witness Disclosures

The individuals identified on the attached **Exhibit A** may have discoverable information

that the Plaintiffs may use to support the claims in this case.[1]  Exhibit "A" also identifies

generally the subject matter upon which the identified individuals may be knowledgeable.  If an

identified individual is an employee of a corporate entity or a state, the information that each may

provide may be subject to the approval of their employer and/or counsel representing that

employer.

All contact and/or deposition scheduling of employees of the Government and the Relator

identified herein should be coordinated through an Assistant United States Attorney or a

---

[1] To the extent that any document covered by Section B of these disclosures identifies
additional persons not named herein who the Plaintiffs later determine may have information
supporting their claims, the names of those persons are incorporated in this initial disclosure.

1

Department of Justice Trial Attorney who has entered an appearance in this case or, where appropriate, through Relator's counsel.

Because Medicaid is a joint federal and state program, the Defendants may seek to obtain discoverable information – whether on liability or damages – from employees or representatives from various states throughout the country.  At this stage, Plaintiffs do not anticipate calling any such individuals at trial.  If that position changes, Plaintiffs will supplement these disclosures. To the extent Defendants nonetheless pursue such evidence, Defendants are referred to each individual state's Attorney General, Medicaid Agency legal representative, or other state legal representatives, who will be responsible for designating individual state witnesses authorized to provide information or testimony on each state's behalf.

**B.      Document Disclosures**

The United States is producing the documents identified in **Exhibit B** that may be used to support the Plaintiffs' claims in this case.  The Relator has identified in **Exhibit C** documents in the possession, custody or control of Ven-A-Care of the Florida Keys, Inc. and/or its attorneys that may be used to support the Plaintiffs' claims in this case.

The Plaintiffs reserve all rights to object to any documents produced in this case, including but not limited to objections based on relevancy and materiality.  The Plaintiffs also reserve the right to supplement the foregoing identified documents and witnesses.

**C.  Damages**

The United States seeks the recovery of damages to the Medicaid and Medicare programs arising from the Defendants' unlawful conduct.  Defendants have not yet fully produced

2

complete pricing and transaction data that is essential to identifying and understanding the amount of the United State's damages.  Until then, Plaintiffs will be unable to complete their damages analyses.  Hence, the amounts identified herein are estimates based on Plaintiffs' preliminary information and are subject to revision.  Plaintiffs will refine their damage calculations as they obtain and analyze relevant information from Defendants through discovery and reserve their rights to fully amend and supplement this disclosure as necessary.

### 1.     FCA and Common Law Fraud Damages

**Medicaid**:      Information regarding damages suffered by the Medicaid Programs of each state in connection with NDC-based reimbursement is provided in the accompanying disc labeled "Damages 1" in the file named NDC.Damages.xls.  There are a variety of different damages theories that may apply to the Defendants' false price reporting conduct and the resulting harm to the Medicaid Programs.  The Medicaid Programs paid approximately $125 million for the Defendants' products identified in the Complaint.  The payments were all tainted by the illegal kickbacks alleged in the United States' Complaint.  Under a damages theory based on the claims being paid as a result of the Defendants' unlawful conduct, the single damages suffered by the Medicaid Programs would be the entire $125 million paid for the Defendants' products listed in the Complaint. Under an alternative damages theory, single damages would equal the difference between the reimbursements inflated by the Defendants' false price reporting and the prices at which the products in the Complaint were generally and currently available in the marketplace. Plaintiffs have engaged experts to explore alternative damages theories arising from NDC-based Medicaid reimbursement for the Defendants' drugs identified in the Complaint and will supplement this part of its initial disclosures as necessary.

Information regarding damages suffered by each state's Medicaid Program in connection with J-Code based reimbursement is not available at this time.  Plaintiffs do estimate that the total amount of Medicaid J-Code reimbursement could exceed the amount of Medicaid NDC-based reimbursement.  Plaintiffs have engaged experts to explore various Medicaid J-Code damages theories, including the damages theory based upon the claims having been paid as a result of the Defendants' wrongful conduct.

**Medicare**:      Information regarding damages suffered by the Medicare Program in connection with J-Code based reimbursement is provided in the accompanying disc labeled "Damages 1" in the file named Abbott Medicare Damages 1.xls.  The Medicare program paid approximately $210 million in total reimbursement for the specified J-Codes between 1993 and 2000.  Additional damages may also have been caused in connection with additional reimbursement paid in all or a portion of 2001.  The spreadsheet tab labeled Vancomycin calculates the portion of the total Vancomycin reimbursement paid for the Defendants' products based upon its estimated minimum market share for each year at issue.  The spreadsheet tab labeled Solutions calculates the portion of the total solutions reimbursement paid for the Defendants' products based upon its estimated minimum market share for each year at issue.  The payments were all tainted by the illegal kickbacks alleged in the United States' Complaint.  Under the damages theory that bases damages upon the claims paid as a result of the Defendants' unlawful conduct set forth above, the entire amount of reimbursement for the Defendants' products was improper, which for the Defendants is estimated to be approximately $89 million in single damages.  In addition to that theory, the Plaintiffs have engaged experts to explore

4

alternative Medicare damages theories and will supplement this part of its initial disclosures as necessary.

***

Additionally, Plaintiffs seek treble the amount of its actual damages under the False Claims Act, plus penalties of between $5,000/$5,500 and $10,000/$11,000 for each false claim submitted or caused to be submitted by the Defendants to Medicaid and Medicare during the time period identified in the Complaint.  For the common law fraud claims, the Plaintiffs seek compensatory and punitive damages in an amount to be determined, together with costs and interest.

**2.     Unjust Enrichment**

As set forth in the Complaint, the recovery sought for the Plaintiffs' unjust enrichment claim is the amounts by which the Defendants were unjustly enriched, including an accounting of all revenues unlawfully obtained by the Defendants, the imposition of a constructive trust upon such revenues, and the disgorgement of the illegal profits obtained by the Defendants, plus interest, costs, and expenses.  The information required to quantify these amounts is solely in the Defendants' possession and will be sought in discovery.

DATED this _____ day of August, 2006.

5

Respectfully submitted,

PETER D. KEISLER
ASSISTANT ATTORNEY GENERAL

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____

MARK A. LAVINE
ANA MARIA MARTINEZ
ANN ST. PETER-GRIFFITH
Assistant U.S. Attorneys
99 N.E. 4th Street
Miami, FL   33132
Phone:  (305) 961-9003
Fax: (305) 536-4101
Mark.Lavine@usdoj.gov

_____

MICHAEL F. HERTZ
JOYCE R. BRANDA
RENÉE BROOKER
JUSTIN DRAYCOTT
GEJAA T. GOBENA
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 307-1088

ATTORNEYS FOR THE UNITED STATES

6

JAMES J. BREEN
ALISON W. SIMON
THE BREEN LAW FIRM, P.A.
P. O. Box 297470
Pembroke Pines, FL 33029
Telephone: 954-874-1635
Facsimile: 954-874-1705


SHERRIE R. SAVETT
GARY L. AZORSKY
SUSAN S. THOMAS
JEANNE A. MARKEY
JOY CLAIRMONT
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: 215-875-3000
Facsimile: 215-875-4636


ATTORNEYS FOR VEN-A-CARE
OF THE FLORIDA KEYS, INC.

<u>CERTIFICATE OF SERVICE</u>

   I, Mark Lavine, hereby certify that this document served by electronic mail and express mail to counsel listed below, on this date.

August 9, 2006            _____

                Mark Lavine

### **SERVICE LIST**

James J. Breen
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue
Suite 110
Miramar, FL 33027
Tel:  (954) 874-1635
Fax: (954) 874-1705
Email: jbreen@breenlaw.com
*Counsel for Relator*

R. Christopher Cook
Daniel Reidy, Esq.
James Daly, Esq.
Jones, Day, Reavis & Pogue
77 West Wacker
Chicago, Illinois 60601-1692
Tel: (312) 782-3939
Fax: (312) 782-8585
Email: jrdaly@jonesday.com

*Counsel for Defendant*s

# EXHIBIT DS

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY | ) | MDL No. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| **THIS DOCUMENT RELATES TO:** | ) | |
| *United States of America ex rel.* | ) | Chief Magistrate Judge Marianne B. Bowler |
| *Ven-a-Care of the Florida Keys, Inc., v.* | ) | |
| *Abbott Laboratories, Inc.* | ) | |
| CIVIL ACTION NO. 06-11337-PBS | ) | |
| | ) | |

## UNITED STATES' OBJECTIONS AND RESPONSES
## TO DEFENDANT ABBOTT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the United States

provides these objections and responses to Defendant Abbott Laboratories, Inc.'s ("Abbott")

First Set of Interrogatories ("Interrogatories") Directed To Plaintiff United States of America

And Relator Ven-A-Care Of The Florida Keys, Inc. ("Relator").

### Introductory Statement and General Objections

1.      These Interrogatories are unclear, vague, and ambiguous to the extent they are

directed jointly at the United States and the Relator.  The United States further objects to the

extent that it is unclear as to whether Abbott seeks responses to particular Interrogatories from

either the United States or the Relator, or both.  The United States objects to each Interrogatory

that is directed, in whole or part, to Relator.  The United States is not obligated to respond to all

or part of any Interrogatory that is, or should be, directed at the Relator.  Thus, the United States

1

Interrogatory No. 8: Describe the damages You seek from Abbott. Your response to this

Interrogatory should provide all information necessary for Abbott to quantify the damages You

seek and should, at a minimum:

(a) Identify by name each state as to which you seek damages in this action relating to claims for

reimbursement from the Medicaid program.

(b) Identify by name any programs beyond Medicare and Medicaid for which You seek

damages.

(c) Identify, by NDC, calendar quarter, state (for Medicaid claims), program *(e.g.,* Medicare,

Medicaid), and on a claim-by-claim basis, the amount of damages (excluding any punitive

damages and civil penalties) Plaintiff seeks in this action.

(d) Describe the methodology, including any assumptions, used to calculate those amounts.

(e) For Medicare Part B claims, Medicaid claims relating to physician-administered drugs, and

other classes of claims reimbursed by use of J-Codes, explain how You determined that

reimbursement was paid using AWPs or WACS for Abbott drugs and how You calculated

damages for such claims.

(f) Identify the number of "false or fraudulent claims that Abbott caused to be made"

(Complaint, ¶ 104), the number of "false records or false statements made by Abbott" *(Id.,* ¶

106), and the amount of civil penalties Plaintiff seeks in this action.

(g) Identify any lawsuits, judicial proceedings, settlements, or allegations concerning allegedly

false claims filed by any Provider related to reimbursement of drugs by Medicare Part B or

Medicaid, and explain how You intend to account for such lawsuits, judicial proceedings,

36

settlements, or allegations in determining Defendant's liability and the appropriate measure of damages in this case.

(h) Identify all Documents relating to the information provided in response to this Interrogatory.

Response:  The United States incorporates by reference its general objections and its objections to definitions and instructions implicated by this interrogatory.  The United States objects to this interrogatory on the following additional grounds.  Objection, to the extent this interrogatory contains multiple subparts that are not logically part of the basic interrogatory. Objection, as used in this interrogatory the following terms and phrases are vague, ambiguous, and not subject to objective application in identifying responsive information:  "programs," "methodology," "assumptions," "other classes of claims," "lawsuits, judicial proceedings, settlements, or allegations concerning allegedly false claims filed by any Provider related to reimbursement of drugs," and "account for."  Objection, the interrogatory is overly broad and seeks information that is not relevant to any claim or defense and is not reasonably calculated to lead to admissible evidence to the extent that it asks "identify any lawsuits, judicial proceedings, settlements, or allegations concerning allegedly false claims filed by any Provider related to reimbursement of drugs by Medicare Part B or Medicaid, and explain how You intend to account for such lawsuits, judicial proceedings, settlements, or allegations in determining Defendant's liability and the appropriate measure of damages . . ."  Objection, this contention interrogatory is overly broad and unduly burdensome, premature and unreasonable at this early stage of discovery, before Abbott has responded to all the United States' factual discovery requests (including but not limited to requests for complete pricing and transactional data), before all depositions have been taken, and before third-party discovery has commenced.

37

Objection, serving such a contention interrogatory at the outset of discovery in an attempt to mandate supplementation as "additional information becomes available," or as otherwise required by the Federal Rules of Civil Procedure, imposes an undue burden on the United States by (a) requiring the United States to respond multiple times over the course of this complex case, (b) disrupting the effective administration of the United States' case, and (c) improperly infringing on attorney work product by requiring what would amount to frequent or periodic reports on counsels' ongoing review and analysis of the evidence.  Objection, this interrogatory is unduly burdensome to the extent that it seeks an identification of damages by NDC, calendar quarter, state, program, and on a "claim-by-claim basis."  Objection, this interrogatory is unreasonably broad and burdensome to the extent that it seeks the number of "false records or false statements" made by Abbott.  Objection, by seeking identification of "all Documents," the interrogatory calls for the production of documents and information protected from disclosure by privilege and doctrine, including but not limited to, the attorney-client privilege, the work product doctrine, the common interest privilege, the consulting expert privilege, the deliberative process privilege, and the law enforcement investigative files privilege.  Objection, to the extent that this interrogatory is a premature request for information that may be contained in the plaintiffs' testifying experts' reports that will be disclosed in accordance with Fed. R. Civ. P. 26 and any applicable scheduling orders.  Objection, to the extent the interrogatory purports to require the United States to draw pure conclusions of law.

Subject to and without waiving the United States' general and specific objections, and its objections to Abbott's definitions and instructions, the United States provides the following. The United States reserves its right to supplement or amend this response.

38

The United States has already provided responsive information and documents contained in the United States' initial disclosures which were previously provided to Abbott pursuant to Fed. R. Civ. P. 26.  In addition, the United States provides the following.

The United States seeks damages for the Medicaid Programs of all 50 states.  The United States is not seeking damages for any programs beyond Medicare and Medicaid at this time.

The United States has not received complete pricing and transaction data from Abbott. That information is needed for detailed damage calculations.  Damage methodologies may include, but are not limited to:

- calculating all amounts paid by Medicare and Medicaid for the drugs in the United States' Complaint from January 1991 to January 2001, as all the claims were tainted by kickbacks;

- calculating the difference between what Medicare and Medicaid actually paid for the drugs in the Complaint from January 1991 to January 2001, and what would have been paid had Abbott not engaged in its scheme;

- calculating the amount by which Abbott was enriched by its scheme as measured by the profits received by Abbott for its sales of the drugs at issue in the Complaint from January 1991 to January 2001; the United States will also be conducting discovery as to Abbott's direct participation in the process of submitting claims to Medicaid and/or Medicare; Abbott may have been additionally enriched by directly receiving part of the spread that Abbott created for its customers through its fraudulent scheme;

- calculating the value of the kickbacks received by Abbott's customers; and

39

- penalties of $5,000 to $10,000 per Medicare and Medicaid claim for the Abbott drugs in the Complaint from January 1991 to September 28, 1999; and penalties of $5,500 to $11,000 per Medicare and Medicaid claim for the Abbott drugs in the Complaint from September 29, 1999 to January 31, 2001.

The United States will rely on testifying experts to provide damage calculations. The expert reports will be provided pursuant to Fed. R. Civ. P. 26 and the Court's scheduling order in this case.

Interrogatory No. 9: Paragraph 109 of the Complaint states that "Abbott has been unjustly enriched, including profits earned by Abbott because of illegal inducements Abbott arranged to be paid to its Customers." Identify with particularity all evidence that supports your contention, all illegal inducements that Abbott allegedly arranged to be paid to its Customers, and all payments by which Abbott allegedly was unjustly enriched. Identify all Documents relating to the information provided in response to this Interrogatory.

Response: The United States incorporates by reference its general objections and its objections to definitions and instructions implicated by this interrogatory. The United States objects to this interrogatory on the following additional grounds. Objection, as used in this interrogatory the term "payments" is vague, ambiguous, and not subject to objective application in identifying responsive information. Objection, this contention interrogatory is overly broad and unduly burdensome, premature and unreasonable at this early stage of discovery, before Abbott has responded to all the United States' factual discovery requests, before all depositions have been taken, and before third-party discovery has commenced. Objection, serving such a contention interrogatory at the outset of discovery in an attempt to mandate supplementation as

40

"additional information becomes available," or as otherwise required by the Federal Rules of Civil Procedure, imposes an undue burden on the United States by (a) requiring the United States to respond multiple times over the course of this complex case, (b) disrupting the effective administration of the United States' case, and (c) improperly infringing on attorney work product by requiring what would amount to frequent or periodic reports on counsels' ongoing review and analysis of the evidence. Objection, by seeking an inventory of "all evidence" that supports "your contention," "all illegal inducements," "all payments," and "all Documents" "relating to" the United States' contentions, regardless of the level of significance or volume of such facts and documents, the interrogatory is overly broad and unduly burdensome. Objection, the interrogatory is overly broad and unduly burdensome to the extent that it calls on the United States to organize and inventory for Abbott documents and information produced by Abbott to the United States, and Abbott can easily identify all documents produced to the United States that "relate to" United States' contentions from Abbott's own files. Objection, by seeking identification of "all Documents," the interrogatory calls for the production of documents and information protected from disclosure by privilege and doctrine, including but not limited to, the attorney-client privilege, the work product doctrine, the common interest privilege, the consulting expert privilege, the deliberative process privilege, and the law enforcement investigative files privilege. Objection, to the extent that this interrogatory is a premature request for information that may be contained in the United States' testifying experts' reports that will be disclosed in accordance with Fed. R. Civ. P. 26 and any applicable scheduling orders. Objection, to the extent the interrogatory purports to require the United States to draw pure conclusions of law.

41

Subject to and without waiving the United States' general and specific objections, and its objections to Abbott's definitions and instructions, the United States provides the following. The United States reserves its right to supplement or amend this response.

The doctrine of unjust enrichment allows for restitution when it would be unconscionable to permit another to retain the benefit received. Abbott benefitted from reporting false prices by maintaining or increasing its market position as a result of its scheme. For example, in 1991, publically-available State Drug Utilization Data ("SDUD") showed that less than 10% of Abbott's Vancomycin sales were reimbursed by Medicaid; SDUD data shows that Abbott's market share eventually increased to approximately 80%. The relation between this increased market share and Abbott's fraudulent reporting of prices is evidenced by Abbott documents, which show consideration by Abbott employees of the additional profits that could be obtained by artificially inflating prices. While Abbott profited from this fraudulent price reporting from at least 1991 through 2001, Medicare and Medicaid paid in excess of $69 million for Vancomycin alone and approximately $145 million for large volume parenterals referred to in the United States' Complaint. The payments from the government flowed to Abbott's customers, who in turn paid Abbott for the drugs both directly and through wholesalers and group purchasing organizations, thereby maintaining and increasing Abbott's market share.

The market share maintained and increased as a result of Abbott's fraudulent scheme increased Abbott's profits. In addition, the United States will be conducting discovery as to Abbott's direct participation in the process of submitting claims to Medicaid and/or Medicare. Abbott may have caused additional damages and have been additionally enriched by directly receiving part of the spread that Abbott created for its customers through its fraudulent scheme.

42

The United States provided information responsive to this interrogatory in its initial disclosures under Fed. R. Civ. P. 26. The United States will rely on testifying experts to provide further damage calculations. The expert reports will be provided pursuant to Fed. R. Civ. P. 26 and the Court's scheduling order in this case.

Interrogatory No. 10: During the over ten years between the filing of the Ven- A-Care Qui Tam Complaint and the U.S. Government's decision to intervene in the action, Identify:

(a) all Persons or organizations the U.S. Government or Ven-A-Care contacted in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;

(b) all Persons the U.S. Government interviewed or spoke with in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;

(c) all Persons the U.S. Government deposed or questioned in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;

(d) every subpoena or document request the U.S. Government issued in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;

(e) every response to any subpoena or document request the U.S. Government issued in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint;

(f) all documents, transcripts, recordings (video or audio), or other materials that the U.S. Government received or that were generated in connection with its investigation of the allegations in the Ven-A-Care Qui Tam Complaint.

Response: The United States incorporates by reference its general objections and its objections to definitions and instructions implicated by this interrogatory. The United States objects to this interrogatory on the following additional grounds. Objection, part or all of this