UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 01- 12257-PBS<br>Subcategory Case No. 06-11337<br>Hon. Patti B. Saris<br>(Doc. #6208)<br>Magistrate Judge<br>Marianne B. Bowler |
| THIS DOCUMENT RELATES TO:<br><br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,*<br>Civil Action No. 05-11084-PBS | |

### DECLARATION OF SARAH L. REID IN SUPPORT OF DEFENDANTS DEY, INC., DEY, L.P., AND DEY L.P., INC.'S MOTION TO DISMISS THE RELATOR'S COMPLAINTS FOR LACK OF SUBJECT MATTER JURISDICTION

**SARAH L. REID** declares, pursuant to 28 U.S.C. § 1746, that:

1. I am a member of the law firm of Kelley Drye & Warren LLP, counsel to Dey L.P., Dey, Inc., and Dey L.P., Inc. (collectively "Dey"). I am admitted to practice law in the State of New York and have been admitted *pro hac vice* in this action.

2. I make this Declaration in support of Dey's Motion for Partial Summary Judgment.

3. The basis for my knowledge is my review of the files maintained by Kelley Drye & Warren LLP as part of its representation of Dey, including the documents attached hereto, and my own personal knowledge of the facts and circumstances set forth herein.

4. Attached hereto as Exhibit 1 is a true and correct copy of the Fourth Amended Complaint For Money Damages and Civil Penalties Under the False Claims Act 31 U.S.C. §§ 3729-3733 in the Florida Action, dated December 11, 2002.

5. Attached hereto as Exhibit 2 is a true and correct copy of the original Complaint For Money Damages and Civil Penalties Under the False Claims Act 31 U.S.C. §§ 3729-3733 in the action,

*United States ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. [Redacted]*, Civil Action No. 00-10698-MLW (D. Mass.) (the "Massachusetts Action), dated April 10, 2000.

6. Attached hereto as Exhibit 3 is a true and correct copy of the First Amended Complaint For Money Damages and Civil Penalties Under the False Claims Act 31 U.S.C. §§ 3729-3733 in the Massachusetts Action, dated February 15, 2001.

7. Attached hereto as Exhibit 4 is a true and correct copy of the Second Amended Complaint For Money Damages and Civil Penalties Under the False Claims Act 31 U.S.C. §§ 3729-3733 in the Massachusetts Action, dated February 1, 2002.

8. Attached hereto as Exhibit 5 is a true and correct copy of the Third Amended Complaint in the Massachusetts Action, dated February 15, 2005.

9. Attached hereto as Exhibit 6 is a true and correct copy of the United States' Complaint in this action, dated August 22, 2006.

10. Attached hereto as Exhibit 7 is a true and correct copy of a document entitled "Conversions from NDC Amounts to HCPCS Amounts," dated May 21, 1998, marked HHD010-0111 – 113.

11. Attached hereto as Exhibit 8 is a true and correct copy of a document entitled "Contract Report," dated September 5, 1995, marked HHD012-0238.

12. Attached hereto as Exhibit 9 is a true and correct copy of excerpts from the Task Force on Prescription Drugs Background Papers, entitled "The Drug Makers and The Drug Distributors," dated December 1968.

13. Attached hereto as Exhibit 10 is a true and correct copy of OIG report, "Changes to the Medicaid Prescription Drug Program Could Save Millions," (A-08-84-00070), previously marked as Exhibit Dey 45.

14. Attached hereto as Exhibit 11 is a true and correct copy of a memorandum from Richard P. Kusserow to Louis B. Hayes, dated September 29, 1989, available at http://oig.hhs.gov/oas/reports/region6/A-06-89-00037.pdf.

15. Attached hereto as Exhibit 12 is a true and correct copy of a Government Accounting Office report "Prescription Drugs; Companies Typically Charge More In The United States than in the United Kingdom" (GAO/HEHS-94-29), dated January 1994, available at http://archive.gao.gov/t2pbat4/150655.pdf.

16. Attached hereto as Exhibit 13 is a true and correct copy of the OIG report "Review of Pharmacy Acquisition Costs for Drugs Reimbursed Under the Medicaid Prescription Drug Program of the California Department of Health Services" (A-06-95-00062), dated May 1996, available at http://www.oig.hhs.gov/oas/reports/region6/69500062.pdf.

17. Attached hereto as Exhibit 14 is a true and correct copy of the OIG report "Review of Pharmacy Acquisition Costs for Drugs Reimbursed Under the Medicaid Prescription Drug Program of the Montana Department of Health and Human Services" (A-06-95-00068), dated July 1996, available at http://www.oig.hhs.gov/oas/reports/region6/69500068.pdf.

18. Attached hereto as Exhibit 15 is a true and correct copy of the OIG report "Review of Pharmacy Acquisition Costs for Drugs Reimbursed Under the Medicaid Prescription Drug Program of the Florida Agency for Health Care Administration" (A-06-95-00065), dated August 1996, available at http://www.oig.hhs.gov/oas/reports/region6/69500065.pdf.

19. Attached hereto as Exhibit 16 is a true and correct copy of the OIG report "Review of Pharmacy Acquisition Costs for Drugs Reimbursed Under the Medicaid Prescription Drug Program of the North Carolina Department of Human Resources" (A-06-95-00071), dated September 1996, available at http://www.oig.hhs.gov/oas/reports/region6/69500071.pdf.

20.     Attached hereto as Exhibit 17 is a true and correct copy of the OIG report "Review of Pharmacy Acquisition Costs for Drugs Reimbursed Under the Medicaid Prescription Drug Program of the Delaware Department of Health and Social Services" (A-06-95-00063), dated September 1996, available at http://www.oig.hhs.gov/oas/reports/region6/69500063.pdf.

21.     Attached hereto as Exhibit 18 is a true and correct copy of the OIG report "Review of Pharmacy Acquisition Costs for Drugs Reimbursed Under the Medicaid Prescription Drug Program of the Virginia Department of Medical Assistance Services" (A-06-95-00072), dated November 1996, available at http://oig.hhs.gov/oas/reports/region6/69500072.pdf.

22.     Attached hereto as Exhibit 19 is a true and correct copy of the OIG report "Review of Pharmacy Acquisition Costs for Drugs Reimbursed Under the Medicaid Prescription Drug Program of the New Jersey Department of Human Services" (A-06-95-00070), dated December 1996, available at http://oig.hhs.gov/oas/reports/region6/69500070.pdf.

23.     Attached hereto as Exhibit 20 is a true and correct copy of the OIG report "Review of Pharmacy Acquisition Costs for Drugs Reimbursed Under the Medicaid Prescription Drug Program of the Nebraska Department of Social Services" (A-06-95-00069), dated December 1996, available at http://oig.hhs.gov/oas/reports/region6/69500069.pdf.

24.     Attached hereto as Exhibit 21 is a true and correct copy of the OIG report "Review of Pharmacy Acquisition Costs for Drugs Reimbursed Under the Medicaid Prescription Drug Program of the Missouri Department of Social Services" (A-06-95-00067), dated January 1997, available at http://oig.hhs.gov/oas/reports/region6/69500067.pdf.

25.     Attached hereto as Exhibit 22 is a true and correct copy of the OIG report "Review of Pharmacy Acquisition Costs for Drugs Reimbursed Under the Medicaid Prescription Drug Program of

the District of Columbia Department of Human Services" (A-06-95-00064), dated January 1997, available at http://oig.hhs.gov/oas/reports/region6/69500064.pdf.

26. Attached hereto as Exhibit 23 is a true and correct copy of the OIG report "Review of Pharmacy Acquisition Costs for Drugs Reimbursed Under the Medicaid Prescription Drug Program of the Maryland Department of Health and Mental Hygiene (A-06-95-00066), dated February 1997, available at http://oig.hhs.gov/oas/reports/region6/69500066.pdf.

27. Attached hereto as Exhibit 24 is a true and correct copy of the *Lexington Herald-Leader* article "Drug Industry Overcharging Medicaid Prescriptions Costs Taxpayers Millions of Extra Dollars," dated July 5 1987.

28. Attached hereto as Exhibit 25 is a true and correct copy of the *Barron's* article "Hooked on Drugs," dated June 10, 1996.

29. Attached hereto as Exhibit 26 is a true and correct copy of the *Drug Store News* article "There's Nothing Average About AWP," dated June 11, 1990.

30. Attached hereto as Exhibit 27 is a true and correct copy of the *Pink Sheet* article "VA Obtains Rx Drug Price Discounts," dated July 24, 1989.

31. Attached hereto as Exhibit 28 is a true and correct copy of the *Drug Store News* article "AWPs Are a Joke but No One Is Laughing," dated May 1, 1989.

32. Attached hereto as Exhibit 29 is a true and correct copy of the *Philadelphia Inquirer* article "When Drug Stores Tell You No," dated February 12, 1989.

33. Attached hereto as Exhibit 30 is a true and correct copy of an excerpt of the Blue Book, 1996 Edition, marked HHD013-0355 -356.

34. Attached hereto as Exhibit 31 is a true and correct copy of a document marked HHD051-0079 – 81.

35. Attached hereto as Exhibit 32 is a true and correct copy of the OIG report "Medicaid Pharmacy – Actual Acquisition Cost of Generic Prescription Drug Products" (A-06-97-00011), dated July 1997, available at http://oig.hhs.gov/oas/reports/region6/69700011.pdf.

36. Attached hereto as Exhibit 33 is a true and correct copy of the *Drug Topics* article "HCFA Taking Hard Look at Drug Costs," dated November 7, 1994.

37. Attached hereto as Exhibit 34 is a true and correct copy of a letter from George Reeb to Marshall E. Kelley, dated November 18, 1994, marked HHD141-0151 – 0160, previously marked as Exhibit Chesser 81.

38. Attached hereto as Exhibit 35 are true and correct copies of excerpts from the transcript of the deposition of Louis Cobo, taken on January 18, 2008.

39. Attached hereto as Exhibit 36 are true and correct copies of excerpts from the transcript of the deposition of Paul Chesser, taken on October 28, 2008.

40. Attached hereto as Exhibit 37 are true and correct copies of excerpts from the transcript of the deposition of Ven-A-Care of the Florida Keys, Inc.'s Rule 30(b)(6) designee, T. Mark Jones, taken on March 19, 2008.

41. Attached hereto as Exhibit 38 are true and correct copies of excerpts from the transcript of the deposition of Ven-A-Care of the Florida Keys, Inc.'s Rule 30(b)(6) designee, T. Mark Jones, taken on December 9, 2008.

42. Attached hereto as Exhibit 39 are true and correct copies of excerpts from the transcript of the deposition of John Lockwood, taken on December 6, 2007.

43. Attached hereto as Exhibit 40 is a true and correct copy of a fax from "Zach" to Rob Vito, dated November 10, 1997, marked VAC MDL43712 – 714, previously marked as Exhibit Dey 313.

44. Attached hereto as Exhibit 41 is a true and correct copy of the Response of Plaintiff Ven-A-Care of the Florida Keys, Inc. to the Dey Defendants First Set of Interrogatories, dated December 3, 2008.

45. Attached hereto as Exhibit 42 is a true and correct copy of a letter from Randy W. Durbin to Criticare of the Florida Keys, attention Zachary Bentley, dated August 25, 1995, marked VAC MDL 48643 -644, previously marked as Exhibit Dey 303.

46. Attached hereto as Exhibit 43 are true and correct copies of excerpts of the transcript of the deposition of Robert Vito, taken on June 19, 2007.

47. Attached hereto as Exhibit 44 61 are true and correct copies of excerpts of the transcript of the deposition of Robert Vito, taken on February 6, 2008.

48. Attached hereto as Exhibit 45 is a true and correct copy of a fax from Robert M. Zone, M.D., to Robert Vito, dated February 13, 1995, marked HHD011-0311 – 331, previously marked as Exhibit Dey 47.

49. Attached hereto as Exhibit 46 are true and correct copies of excerpts from the transcript of the deposition of Ven-A-Care of the Florida Keys, Inc.'s Rule 30(b)(6) designee, T. Mark Jones, taken on December 8, 2008.

Executed on June 29, 2009.

                                                          /s/Sara L. Reid
                                                          Sarah L. Reid

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on June 29, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/Sarah L. Reid
Sarah L. Reid