# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | Subcategory Docket:  06-CV-11337-PBS |
| | ) | |
| THIS DOCUMENT RELATES TO | ) | Judge Patti B. Saris |
| | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc., et al.,* No. | ) | |
| 06-CV-11337-PBS | ) | |
| | ) | |

## DECLARATION OF BRIAN J. MURRAY

Brian J. Murray hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am an attorney-at-law at Jones Day, counsel for Defendant Abbott Laboratories, Inc., ("Abbott") and am admitted to practice before the courts of Illinois and the District of Columbia, and *pro hac vice* before this Court.

2.      This declaration is submitted pursuant in support of Abbott's Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar.

3.      The basis for my knowledge is my review of the files maintained by Jones Day as part of its representation of Abbott, including the documents attached hereto, and my own personal knowledge of the facts and circumstances set forth herein.

4.      Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit A is a true and correct copy of the United States' First Amended Complaint in MDL No. 1456, Civil Action No. 01-12257-PBS, filed in the United States District Court for the District of Massachusetts as an exhibit to the United States' motion for leave to amend on November 7, 2007.

5.      Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit B is a true and correct redacted copy of the Second Amended Complaint in Civil Action No. 95-1354-CIV-MARCUS, filed under seal in the United States District Court for the Southern District of Florida on or around August 13, 1997, by Relator Ven-A-Care.

6.      Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit C is a true and correct copy of excerpts from the deposition of T. Mark Jones, dated March 18-19, 2008.

7.      Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit D is a true and correct copy of excerpts from the deposition of John M. Lockwood, M.D., dated December 6, 2007 and January 17, 2008.

8.      Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit E is a true and correct copy of excerpts from the deposition of Luis Cobo, dated January 18, 2008 and March 4, 2008.

9.      Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit F is a true and correct redacted copy of the Complaint in Civil Action No. 95-1354-CIV-GOLD, filed under seal in the United States District Court for the Southern District of Florida on or around June 23, 1995, by Relator Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care").

10.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit G is a true and correct

copy of excerpts from the 30(b)(6) deposition of Ven-A-Care, via witness T. Mark Jones, dated May 9, 2007.

11.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit H is a true and correct copy of excerpts from the deposition of Zachary T. Bentley, dated March 5, 2008.

12.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit I is a true and correct copy of the March 17, 2009 decision of the United States Court of Appeals for the Tenth Circuit entitled *In re Natural Gas Royalties*, Nos. 06-8099, 06-8101, 06-8102, 06-8103, 06-8104, 06-8105, 06-8106, 06-8107, 06-8108, 06-8110, 06-8111, 06-8112, 06-8120, 06-8121, 06-8123, 06-8124, 06-8125, 06-8127, 06-8129, 06-8130, 06-8131, 06-8132, 06-8133, 06-8135, 06-8136, 06-8141, 06-8145, 06-8147, 06-8149, 06-8151, 06-8157, 06-8159, 06-8160, 06-8161, 06-8164, 06-8166, 06-8168, 06-8170, 06-8171, 06-8172, 06-8173, 06-8174, 06-8176, 06-8177, and 06-8178.

13.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit J is a true and correct copy of a June 10, 1996 *Barron's* article entitled "Hooked On Drugs: Why Do Insurers Pay Such Outrageous Prices For Pharmaceuticals?"

14.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit K is a true and correct copy of a July 5, 1987 *Lexington Herald-Leader* article entitled "Drug Industry Overcharging Medicaid Prescriptions Cost Taxpayers Millions Of Extra Dollars."

15.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit L is a true and correct

copy of an October 1992 memorandum from the Office of Inspector General entitled "Cost of Dialysis-Related Drugs."

16.    Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit M is a true and correct copy of an OIG work paper supporting the October 1992 memorandum cited *supra* at ¶15.

17.    Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit N is a true and correct copy of excerpts from the deposition of Bruce C. Vladeck, Ph.D. dated May 4, 2007 and June 21, 2007.

18.    Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit O is a true and correct copy of is a true and correct copy of a July 1980 *Modern Healthcare* article entitled "Hospitals Play Into Hands of Vendors Who Try to Break Group Contracts."

19.    Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit P is a true and correct copy of a November 7, 1994 *Drug Topics* article entitled "HCFA Taking Hard Look at Drug Costs."  (HHD008-0242.)

20.    Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit Q is a true and correct copy of a November 18, 1994 letter (with enclosures) from HHS Assistant Inspector General George M. Reeb to Marshall E. Kelley, Director of Florida's Medicaid Agency for Health Care Administration.  (HHD144-0151-60.)

21.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit R is a true and correct copy of excerpts of the deposition of Paul Chesser dated June 24, 2008 and October 28, 2008.

22.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit S is a true and correct copy of work papers analyzed by Office of Inspector General official Paul Chesser in connection with a 1994 OIG study of the estimate of the discount below AWP at which pharmacies purchase generic drugs.

23.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit T is a true and correct copy of an August 13, 1996 memorandum from Inspector General June Gibbs Brown to Bruce Vladeck and an attached August 1996 report entitled "Review of Pharmacy Acquisition Costs for Drugs Reimbursed Under the Medicaid Prescription Drug Program of the Florida Agency for Health Care Administration."

24.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit U is a true and correct copy of an October 3, 1989 OIG report entitled "The Use of Average Wholesale Prices in Reimbursing Pharmacies Participating in Medicaid and the Medicare Catastrophic Coverage Act Prescription Drug Program (CIN: A-06-89-00037)" containing the conclusion that "[b]ased on our work then and our current ongoing efforts, we continue to believe that AWP is not a reliable price to be used as a basis for making reimbursements for either the Medicaid or Medicare programs."

25.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit V is a true and correct copy of a June 11, 1990 *Drug Store News* article entitled "There's Nothing 'Average' About AWP."

26.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit W is a true and correct copy of a July 24, 1989 *The Pink Sheet* article entitled "V-A Obtains Rx Drug Price Discounts of 41% for Single-Source, 67% For Multisource Drugs Not Distributed by Dept., Pryor Drug Price Hearing Told."

27.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit X is a true and correct copy of a May 1, 1989 *Drug Store News* article entitled "AWPs Are a Joke, But No One Is Laughing."

28.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit Y is a true and correct copy of a February 12, 1989 *Philadelphia Inquirer* article entitled "When Drugstores Tell You No."

29.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit Z is a true and correct copy of excerpts of the 1995 Drug Topics publication *Red Book* setting forth "HCFA-approved manufacturers as of January 1995 who are participating in the Medicaid Rebate Program established under the Omnibus Budget Reconciliation Act of 1990 (OBRA '90)."

30.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit AA is a true and correct copy of a Declaration of Brian J. Murray with exhibits, dated May 12, 2009, a true and correct copy of the *Red Book* excerpts cited *supra* at ¶ 29, and a true and correct copy of excerpts from the United States Department of Health & Human Services publication *Approved Drug Products with Therapeutic Equivalence Evaluations*, commonly referred to as "The Orange Book."

31.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit AB is a true and correct copy of a "Medicaid Drug Rebate Program Fact Sheet" produced in discovery by the United States (HHD339-0254-56) and a true and correct copy of the Rebate Agreement between the Department of Health and Human Services and Abbott Laboratories, Inc., signed by the Department of Health and Human Services on February 11, 1991 and by a representative of Abbott on February 26, 1991.

32.     Attached to the Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under the Public Disclosure Bar as Exhibit AC is a true and correct copy of excerpts of the deposition of Larry Reed, dated September 26, 2007.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 30, 2009 in Chicago, Illinois.

Brian J. Murray