# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Subcategory Case No: 03-10643-PBS |
| THIS DOCUMENT RELATES TO:<br><br>  *The City of New York, et al.*<br>v.<br>  *Abbott Laboratories, et al.* | ) ) ) ) ) ) ) ) ) Judge Patti B. Saris |

## DECLARATION OF HARRIS L. DEVOR IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO EXCLUDE PROFFERED EXPERT REPORT AND TESTIMONY

Harris L. Devor, under penalty of perjury, hereby submits this declaration in opposition to Defendants' Joint Motion to exclude my Rule 26 Statement and testimony offered in support of Plaintiffs' Motion for Partial Summary Judgment on issues relating to the Federal Upper Limit and under New York Social Services Law 145-b.

1.  Defendants state, in their Joint Motion, that my expert opinions have been excluded by two federal courts and cite (at n. 2 of their Joint Motion) *In re Acceptance Ins. Cos. Inc., Sec. Litig.*, 352 F. Supp. 2d 940, 948 (D. Neb. 2004) and *In re Ikon Solutions Inc.*, 131 F. Supp.2d 680, 701 (E. D. Pa. 2001).

2.  Defendants' reading of *In re Acceptance Ins. Cos. Inc., Sec. Litig.*, is improper and superficial. In that case, I was given a narrow assignment by counsel, presented in the form of an affidavit (not oral testimony), which the District Circuit excluded on relevance, not reliability, grounds because it found I had not presented how I reached my ultimate conclusions nor the analytical processes I had employed.

3.  The Court's decision in that matter was rendered as such because I was not deposed in that matter nor did I have the opportunity to testify in Court nor was I given any other opportunity to explain my analysis for the Court or to demonstrate how I had arrived at my conclusions.

4.  Defendants reading of the decision concerning my opinions in *In re Ikon Solutions Inc.*, 131 F. Supp.2d 680, 701 (E. D. Pa. 2001) is likewise flawed. There was no Daubert challenge in that case and I was not precluded from testifying as an expert.

5.  Defendants overlook that I was accepted as an expert for the State of Missouri in its AWP case against Schering Plough/Warrick styled *State of Missouri, ex rel. Jeremiah W. (Jay) Nixon, Attorney General, et al. vs. Warrick Pharmaceuticals Corporation, et al.*; Cause No. 054-1216,

Division 31; In the Circuit Court of the City of St. Louis, State of Missouri; 22nd Judicial Circuit, the result of which was a jury verdict rendered for the State in August 2008, followed by a $33 million settlement.

6.      I was also engaged by and for the State of West Virginia in its AWP case against the same defendants. There, despite a Daubert-like challenge and a hearing at which I was given an opportunity, (unlike in *In re Acceptance Ins. Cos. Inc., Sec. Litig.*, cited by defendants), to explain to the Court the foundation underlying my methods and the rationale behind those methods, I was accepted by the Court as an expert on the computation of AWP/WAC and testified at trial on behalf of the State of West Virginia.

7.      I also testified as an expert on behalf of the State of Texas in its cases against Schering Plough, Schering and Warrick. My work there began in 2003. I issued affidavits and computations in connection therewith, and computed damages on behalf of the State of Texas. Settlement was achieved in the State of Texas matter at some point subsequent to my deposition.

8.      Further, I have been accepted as an expert and testified in the United States District Court for the District of Nebraska in a matter involving the SEC (*Securities and Exchange Commission, Plaintiff, v. David C. Guenther and Jay M. Samuelson*, Defendants; Case No. 8:02CV10) as well as in some of the largest securities fraud cases to go to trial over the past 5 years, including *In re WorldCom Inc. Securities Litigation* (Master File No: 02Civ3288) in the Southern District of New York and *Lawrence E. Jaffe Pension Plan, On Behalf of Itself and all*

*others similarly situated, Plaintiff v. Household International, Inc. et al.* (Lead Case No. 02-C-5893)(consolidated) in the Northern District of Illinois, Eastern Division.

Dated: June 30, 2009

_____
Harris L. Devor

**CERTIFICATE OF SERVICE**

       I, James P. Carroll Jr., hereby certify that I caused a true and correct copy of the foregoing DECLARATION OF HARRIS L DEVOR, DATED JUNE 30, 2009 to be served on counsel of record via electronic service pursuant to paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File and Serve for posting and notification to all parties.

Dated:  June 30, 2009

                                                        _____/s/ _____
                                                        James P. Carroll, Jr.
                                                        Kirby McInerney LLP
                                                        825 Third Avenue,16th Floor
                                                        New York, NY 10022
                                                        (212) 371-6600