UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br>Subcategory Docket: 06-CV-11337-PBS |
| THIS DOCUMENT RELATES TO | ) ) | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS | ) ) | Magistrate Judge Marianne B. Bowler |

### ABBOTT LABORATORIES INC.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO THE SPECIAL MASTER'S ORDER ON *IN CAMERA* REVIEW OF DOCUMENTS

Defendant Abbott Laboratories Inc. ("Abbott") hereby respectfully asks that the Court grant Abbott an extension of time to file objections to the Special Master's Order on *In Camera* Review of Documents, entered on June 22, 2009, and to permit Abbott to file such objections on or before July 14, 2009.  In support of this Motion, Abbott states the following:

1.      On March 30, 2009, Magistrate Judge Bowler appointed the Honorable Allan van Gestel as Special Master to conduct an *in camera* review of documents and deposition testimony withheld by the Government under the deliberate process privilege.  (Dkt. No. 5985.)

Magistrate Judge Bowler directed the parties to advise the Court "whether they will stipulate to a review of the factual findings for clear error, *see* Rule 53(f)(3)(A), Fed. R. Civ. P., or consent to have the special master's decision 'be final' as if made by the district judge or, alternatively, as if made by this court." (Dkt. No. 5985 at 4.)  *See* Fed. R. Civ. P. 53(f)(3) ("The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that: (A) the findings will be reviewed for

clear error; or (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.").

2. The parties jointly stipulated "that the decision(s) of the Special Master, for the purposes of Fed. R. Civ. P. 53(f), shall be deemed final as if made by the Magistrate Judge." (Dkt. No. 6170 at 1-2.)

3. The Special Master entered an order regarding the *in camera* review of documents on June 22, 1999 and an order regarding the *in camera* review of deposition testimony on June 29, 2009.

4. A party may file objections to a Special Master's order "no later than 20 days after a copy is served, unless the court sets a different time." Fed. R. Civ. P. 53(f)(2). Under the default rule, Abbott's objections to the Special Master's order regarding *in camera* review of documents must be filed by July 13, 2009, and its objections to the Special Master's orders regarding *in camera* review of deposition testimony must be filed by July 20, 2009. *See id.*; Fed. R. Civ. P. 6(a).

5. It is unclear whether, by permitting the parties to stipulate to "hav[ing] the special master's decision 'be final' as if made by . . . this court" (Dkt. No. 5985 at 4), the Court effectively "set[] a different time" within which objections must be filed, Fed. R. Civ. P. 53(f)(2). If the shorter 10-day provision for objections to orders by a Magistrate applies, then Abbott's objections to the Special Master's order regarding *in camera* review of documents must be filed by July 7, 2009, and its objections to the Special Master's order regarding *in camera* review of deposition testimony must be filed by July 14, 2009. *See* Fed. R. Civ. P. 72(a); Fed. R. Civ. P. 6(a).

6. This Court need not decide the question of which time provision applies in this case. If the Court grants Abbott's motion to extend the time for filing objections to the Special Master's Order on *In Camera* Review of Documents, Abbott will file all objections to the Special Master's orders—both with respect to documents and deposition testimony—on or before July 14, 2009.

7. Due to the complexities of the Special Master's order of June 22, which involves findings related to seven categories of over one hundred documents, Abbott requires an extension of time to adequately respond to the order. Moreover, because the issues involved in the Special Master's order of June 22 overlap in large part with the issues involved in the order of June 29, an extension permitting Abbott to file objections to both orders on July 14, 2009, is the most efficient and expedient means of review.

8. It is within the authority of this Court to grant Abbott's motion for extension of time. *See* Fed. R. Civ. P. 53(f)(2) (permitting the court to "set[] a different time"); Fed. R. Civ. P. 53 advisory committee's note to 2003 amend. (Rule 53's time limits for lodging objections "are not jurisdictional"); *see also* Fed. R. Civ. P. 6(b) (permitting the court to extend time "for good cause" for rules other than "Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow"); *Blake v. Murphy*, No. 05-10508-RGS, 2009 WL 605820, at *1 (D. Mass. Mar. 10, 2009) (noting that "the court extended the usual ten-day period allowed for Objections" to the Magistrate's order).

9. Abbott has conferred with the Government with respect to this motion, and the Government has indicated that it does not oppose an extension allowing Abbott to file its objections on or before July 24, or 10 days after the Special Master's ruling on any deposition

testimony questions, whichever comes first.  The latter event being the first to occur, Abbott seeks an extension until July 14, 2009.

      WHEREFORE, Abbott asks that its motion be granted, and that the Court grant Abbott permission to file objections to the Special Master's Order on *In Camera* Review of Documents on or before July 14, 2009.

Dated:  July 1, 2009

Respectfully submitted,

 /s/ Brian J. Murray
James R. Daly
Jason G. Winchester
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories Inc.*

**CERTIFICATE OF SERVICE**

I, Brian J. Murray, an attorney, hereby certify that I caused a true and correct copy of the foregoing ABBOTT LABORATORIES INC.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO THE SPECIAL MASTER'S ORDER ON *IN CAMERA* REVIEW OF DOCUMENTS to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 1st day of July, 2009.

/s/  Brian J. Murray
Brian J. Murray