# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 1456
CIVIL ACTION NO.
01–CV–12257–PBS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY | ) |
| AVERAGE WHOLESALE PRICE LITIGATION | ) |
| | ) |
| | ) |
| THIS DOCUMENT RELATES TO: *U.S. ex rel.* | ) |
| *Ven-A-Care of the Florida Keys, Inc.* v. *Abbott* | ) |
| *Laboratories, Inc.*, Civil Action No. 06-11337-PBS | ) |
| | ) |

## SUPPLEMENTAL MEMORANDUM AND ORDER ON
## *IN CAMERA* REVIEW OF DOCUMENTS AND DEPOSITION TESTIMONY

### I.  Procedural Background

On June 22, 2009 the Special Master issued his Memorandum and Order on *In Camera*

Review of Documents.  On June 25, 2009 the Special Master received a letter, dated June 24,

2009, from Justin Draycott, Esquire, counsel for the Government, raising two issues which

require this Supplemental Memorandum.  Those issues relate to five documents on which there

was some confusion by the Special Master as to whether un-redacted copies thereof had been

submitted as part of the review and as to whether, in addition to reviewing particular documents,

the Special Master should have addressed issues regarding instructions for deposition witnesses

not to answer on deliberative process privilege grounds.  Both issues are addressed here.

### II.  The Five Documents

In the June 22, 2009 Memorandum, at page 16, it is stated:

> The second set of documents presents a different problem for the Special Master.
> Except for the document bearing Bates Stamp No. HHD340 0031-0034 (which was
> provided by the Defendants in redacted form), the Government has not provided un-

redacted copies of Bates Stamp Nos. HHD337 0005-0011; HHD340 0001-0004; HHD340 0005-0010; or HHD340 0011-0030, and, consequently, no ruling can be made on them.

As for the document bearing Bates Stamp No. HHD340 0031-0034, it is undated and, like the others, contains redactions. Because the Special Master does not have an un-redacted copy of this document, it cannot be assayed for relationship to the deliberative process privilege.

As Mr. Draycott's letter explains, the Government did, in fact, provide the Special Master with un-redacted copies of the five documents, however, those five documents contained different Bates Stamp numbers. Thus, the Special Master is now aware that documents thought by him to be identified by Bates Stamp Nos. HHD337 0005-0011, HHD340 0001-0004, HHD340 0005-0010, HHD340 0011-0030 and HHD340 0031-0034, when produced by the Government in un-redacted form actually bore, in the same order, Bates Stamp Nos. HHD832 000001-000007, HHD832 000008-000011, HHD832 000032-000037, HHD832 000012-000031 and HHD832 000038-000041. Those documents now have been located and reviewed under the same strictures as all other documents were reviewed in the original Memorandum.[1]

As a result of the review, the Special Master concludes that these five documents contain the kind of predecisional comments that the deliberative process privilege is designed to shelter. The balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government with regard to these documents. Additionally, for the reasons stated in the original Memorandum, the Special Master will not get involved in relevance issues with these

---

[1] In this process, the Special Master received from Mr. Draycott a corrected copy of the

documents, other than to state that they are tangential at best.

III.  Issues Regarding Instructions for Deposition Witnesses Not to Answer
on Deliberative Process Privilege Grounds

On pages 2 and 3 of the original Memorandum it is stated:

> In addition to the seven categories of documents listed above, the
> Defendants also reference "23 instances where Government counsel asserted the
> deliberative process privilege to instruct federal employees not to answer
> deposition questions."  The Defendants also seek an order in connection with
> these instructions.  Because this latter situation was not included within the March
> 30, 2009 Order, the Special Master suggested to counsel that they should
> approach the Magistrate Judge to determine whether the Special Master has
> authority to act upon and is directed to act upon this latter issue.

Mr. Draycott suggests that this is an inaccurate statement of the March 30, 2009 Order

and that attention to the deposition witness testimony and the instructions not to answer on the

deliberative process privilege grounds should be considered and acted upon.  A review by the

Special Master of the March 30, 2009 Order appointing him reveals that the Government has

correctly stated the extent of the Special Master's duties.  Page 3 of the March 30, 2009 Order of

Magistrate Judge Bowler specifically states: "The Special Master shall also review and

adjudicate the assertion of the privilege in the 23 lines of inquiry recently designated by

defendants (Docket Entry # 5867, Para. IV) after a meet and confer process with respect to a

motion to compel (Docket Entry # 5112)."

This sent the Special Master off on a hunt to find the "23 lines of inquiry" to be assayed.

Docket Entry # 5112 is a Motion to Compel and a supporting Memorandum filed by the Abbott

defendant.  Included within the body of the supporting Memorandum are, among other things,

_____

document with Bates Stamp No. HHD832 000001-000007.

excerpts of deposition testimony of Robert Vito (652:12-21, 654:2-15) and (689:4-7). Also, said

to be attached to the Memorandum part of Docket Entry # 5112 as "Exhibit 1," but actually

discovered by the Special Master as "Exhibit I" to Docket Entry # 5867, the latter being a Motion

and Joint Reply Memorandum of the Defendants, is a series of what purports to be deposition

transcript excerpts for the following witnesses:  Robert Vito 6 (611:20-612:12); Larry Reed

1 (298:1-8), 2 (312:6-313:22), 3 (420:6-421:16), 5 (491:21-494:7), 7 (529:4-532:20), 8 (555:11-

557:4) and 9 (560:3-561:11); Robert Niemann 2 (190:16-191:19), 3 (198:19-200:19) and

8 (478:4-479:21); Charles Booth 1 (176:20-179:7), 3 (204:8-205:22) and 4 (260:1-15); David

Tawes 1 (88:17-90:4), 2 (180:21-182:18), 3 (264:16-268:1) and 5 (395:8-396:1); and Linda

Ragone 4 (480:20-484:15).[2]

One additional deponent, Don Thompson, was also mentioned. The Special Master

located the supposed excerpt of his deposition, said to be 2 (73:15-75:5), attached as "Exhibit 1"

to Docket Entry # 5740, a Supplemental Filing by the Abbott defendant.

The Special Master has recited the forgoing scavenger hunt for the deposition excerpts to

alert the parties that, although he thinks he has now located what he is supposed to review, he

may have missed something. All that said, this Supplemental Memorandum now turns to the

substance of the review.

The Special Master begins by observing, as he did in his original Memorandum, that the

---

[2]  The Special Master takes the page and line numbers for these deposition excerpts from
a January 27, 2009 letter from David S. Torborg, Esquire to Mr. Draycott.  The actual excerpts
contain no page or line numbers, leaving the Special Master to assume their correctness.

deliberative process privilege generally applies to "*documents* reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." (Emphasis added.) *Dept. of the Interior* v. *Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Examining a document to determine whether it is predecisional or part of the Government's deliberative process, although not always easy, is a significantly different process than that which applies when assaying the assertion of the deliberative process privilege in the give-and-take of a deposition examination. So, too, is the application of the balancing process between the public interest and the particularized needs of the movant. Broadly worded questions seldom lead to precision as to what the answer sought might reveal. Nor do broad assertions of a privilege of the nature in play here assist very much the task of the decider of determining whether what the privilege exists for is in danger if the question must be answered.

When the courts look at the application of the deliberative process privilege to documents they speak in terms that have little application to deposition questioning. As noted in the original Memorandum, for example:

> "A document will be considered 'predecisional' if the agency can (i) pinpoint the specific agency decision to which the document correlates, (ii) establish that its author prepared the document for the purpose of assisting the agency official charged with making the agency decision, and (iii) verify that the document precedes, in temporal sequence, the decision to which it relates." *Providence Journal Co.* v. *U.S. Dept. of the Army*, 981 F.2d 552, 557 (1st Cir. 1992).

> A document is "deliberative" if it "(i) formed an essential link in a specified consultative process, (ii) reflect[s] the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency." *Id.* at 559. Thus, "a document is 'predecisional' if it precedes in time the decision to which it was applied and it is 'deliberative' if it constitutes a statement of opinion regarding final policy rather than a description of the

ultimate policy itself." *United States* v. *Cicilline*, No. 07-10008 NMG, 2008 WL 427286, at *1 (D. Mass., Feb. 13, 2008).

The deliberative process privilege does not shield documents that simply state or explain a decision that the Government has already made, *NLRB* v. *Sears, Roebuck & Co.*, 421 U.S. 132, 151-152 (1975), nor does it protect material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of the document that its disclosure would inevitably reveal the Government's deliberations. *Providence Journal Co.*, 981 F.2d at 562.

In a deposition being conducted by counsel for a defendant, when the Government is the plaintiff, all of the kinds of things courts expect the Government to demonstrate in order to receive the shelter of the deliberative process privilege are not readily available. Counsel asking the question generally does not know what the answer will be or the context in which the information revealed in that answer was made, and, as here, the reviewing Special Master knows little, if anything, of the context in which the communication took place. In short, none of the criteria justifying invocation of the privilege and none of the information needed for a reviewer to perform the requisite balancing between the public's interests and the particularized needs of the defendant are available.

Here, what the witnesses were being asked, for the most part, was whether they had had discussions about a certain subject and what was said in those discussions. The Government's objections -- presumably, although not always so stated, based on the deliberative process privilege -- were often nothing more than a caution to the deponent that he or she should not answer some broad based question "to the extent it would reveal the communications and deliberations that occurred" in those discussions. That hardly enables or warrants a conclusion by this Special Master that the answer would reveal something that formed an essential link in a specified consultative process, reflecting the personal opinion of the speaker rather than the

6

policy of the agency, and, if given, would inaccurately reflect or prematurely disclose the views

of the agency.  It is not enough to point out, as was done in many of the excerpts here under

review, that a given conversation inquired about involved "something that HCFA considered," or

that they were "communications with HCFA officials," or "that those discussions were

deliberations that ended up with the adoption of a policy on that issue," or were with "anybody

who preferred to stay with AWP rather than go to EAC," or were with "others at CMS about

what the drug policy should be," or were discussions that "have taken place at exit and entrance

conferences."  How can the Special Master presume that the answers will do more than simply

recite or explain a decision or determination that the Government had already made, or merely

state something that is purely factual?  Without some kind of *in camera* offer of proof as to what

the answer to a specific question will be this Special Master is at a complete loss as to whether

the deliberative process privilege even comes into play, to say nothing about how, and about

what administration of the balancing test might do to alter the situation.

Having reviewed what it believes to be the 23 instances of deliberative process privilege

objections, this Special Master concludes that the particular witnesses should be produced for

further interrogation on the subjects in issue.  That is not to say that there never can be a valid

objection on deliberative process grounds, but rather that a much more detailed set of

information must be presented before the blunt barring of information by the objection can be

deemed effective.  A reviewing Court or Master will need to know, for example, whether what is

asked for will reveal a deliberative process by which a Governmental decision or policy is being

formed, what that decision or policy is, and whether advisory opinions and recommendations will

be revealed and, if so, what will be the result of a balance of harm between the parties.  That is a

far cry from, for example, whether there were conversations in which Government representatives revealed their awareness that AWP's reported in national compendia were not reliable indicators for the prices at which pharmacists and physicians purchased drugs, or what were the reasons for the Government paying amounts above those acquisition costs.

## IV.  Order

For the foregoing reasons, none of the five additional documents discussed in this Supplemental Memorandum need be produced in un-redacted form.

Also for the foregoing reasons, Abbott Laboratories, Inc.'s Motion to Compel Testimony of Government Witnesses, Docket Entry # 5112, is ALLOWED to the extent of the testimony of the particular witnesses described in the body of this Supplemental Memorandum.

Allan van Gestel
Special Master

DATED:      June 29, 2009

8

## <u>PROOF OF SERVICE BY EMAIL & U.S. MAIL</u>

Re: United States ex rel. Ven-A-Care of the Florida Keys, Inc. / Abbott Laboratories, Inc.
Reference No. 1400012060

   I, Lisa Powell, not a party to the within action, hereby declare that on June 29, 2009 I served

the attached Supplemental Memorandum and Order on In Camera Review of Documents and Deposition

Testimony on the parties in the within action by Email and by depositing true copies thereof enclosed in

sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Boston,

MASSACHUSETTS, addressed as follows:

James R. Daly Esq.
Jones Day
77 West Wacker Dr.
Suite 3500
Chicago, IL 60601-1692  USA
Tel: 312-269-4141
Email: jrdaly@jonesday.com

Eric Tomas Gortner Esq.
Kirkland & Ellis, LLP
200 East Randolph Dr.
54th Floor
Chicago, IL 60601-6636  USA
Tel: 312-861-2285
Email: egortner@kirkland.com

James J. Breen Esq.
The Breen Law Firm
5755 North Point Parkway
Suite 260
Alpharetta, GA 30022  USA
Tel: 770-740-0008
Email: jbreen@breenlaw.com

Marisa A. Lorenzo Esq.
Kelley Drye & Warren LLP
101 Park Ave.
New York, NY 10178-0002
Tel: (212) 808-7697
Email: mlorenzo@kelleydrye.com

David S. Torborg Esq.
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001  USA
Tel: 1.202.879.5562
Email: dstorborg@jonesday.com

Sarah L. Reid Esq.
Kelley Drye & Warren LLP
101 Park Ave.
New York, NY 10178-0002
Tel: (212) 808-7720
Email: sreid@kelleydrye.com

M. Justin Draycott Esq.
Department of Justice
601 D Street, NW
Washington, DC 20044
Tel: 202-305-9300
Email: justin.draycott@usdoj.gov

   I declare under penalty of perjury the foregoing to be true and correct. Executed at Boston,
MASSACHUSETTS on June 29, 2009.

Lisa Powell
lpowell@jamsadr.com