# EXHIBIT C

**U.S. Department of Justice**

Civil Division

Tel. (202) 305-9300

JB:RB:JDraycott
DJ#: 46-18-1921

---

*Washington, D.C. 20530*

**<u>By Electronic and Overnight Delivery</u>**           June 24, 2009

The Hon. Allan van Gestel (Ret.)
17 Bayridge Lane
Rockport, MA 01966

   Re: *In Camera* Submissions by the Government in *United States ex*
     <u>*rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories, et al.*</u>

Dear Judge van Gestel:

   I am in receipt of your Memorandum and Order of June 22nd regarding the Government's *in camera* submissions in the above-referenced matter.  I am writing to provide Your Honor with additional information regarding the redacted documents for which defendants have requested *in camera* review and to direct your attention to a particular section of Judge Bowler's Order which pertains to the Government's assertion of the deliberative process privilege at the depositions of certain Government officials.

   Page 16 of the Memorandum and Order references two sets of Bates stamped documents – one set was submitted by the Government, the second was referenced in a May 7 letter from Abbott's counsel, David Torborg.  As to the second set, you noted that the Government had not provided you with unredacted versions of those documents.

   It appears that I may have inadvertently created some confusion here.  Previously, the Government provided you with two sets of documents (numbering nine in all) which had been produced to defendants in redacted form.  The copies submitted to you were unredacted, but the locations of the redactions were identified by brackets in the text and notations in the margins.  The first set (four documents) was sent with the Government's May 1, 2009 submission to Your Honor.  I sent the second set (five documents) to you on May 26, 2009.  In order to facilitate our internal handling of the documents, we affixed new Bates numbers to the unredacted versions so that we could differentiate between the versions submitted *in camera* and those which had been produced to defendants.  Because I had overlooked that Mr. Torborg had made reference to particular Bates numbers in correspondence provided to you, I neglected to explain the new Bates numbering in my letter transmitting the unredacted documents to you.

   Below is a cross-walk which shows how the unredacted documents submitted *in camera* correspond to the redacted documents produced to defendants.

| **Redacted Version Produced to Defendants:** | **Unredacted Version Submitted In Camera:** |
|---|---|
| HHD327-000001–000004 | HHD830-000001–000004 |
| HHD336-0011–0013 | HHD831-000001–000003 |
| HHD336-0014–0016 | HHD831-000004–000006 |
| HHD336-0017–0022 | HHD831-000007–000012 |
| HHD337-0005–0011 | HHD832-000001-000007 |
| HHD340-0001–0004 | HHD832-000008–000011 |
| HHD340-0005–0010 | HHD832-000032–000037 |
| HHD340-0011–0030 | HHD832-000012–000031 |
| HHD340-0031–0034 | HHD832-000038–000041 |

As I was drafting this letter, I noticed that the document in the Bates series HHD832-00001–00007 had been misnumbered.  We are providing you with a new copy of this document with the numbering glitch corrected.

On page 2 of your Memorandum and Order, you reference the "23 instances where the Government asserted the deliberative process privilege to instruct federal employees not to answer deposition questions."  It appears to us that this subject was, in fact, covered by the March 30, 2009 Order by which Judge Bowler made your appointment as Special Master (at page 3).  In the event that you wish to give further consideration to this item, the Government suggests any review might be expedited by having counsel appear in person before your Honor on this subject.

Thank you for your attention.

Sincerely,

/s/
Justin Draycott
Trial Attorney
Commercial Litigation Branch

cc:     Counsel for Abbott
        Counsel for Dey
        Counsel for Roxane