# EXHIBIT F

**U.S. Department of Justice**

Civil Division

Tel. (202) 305-9300

JB:RB:JDraycott
DJ#: 46-18-1921

*Washington, D.C. 20530*

<u>*By Electronic and Overnight Delivery*</u>     May 1, 2009

The Hon. Allan Van Gestel (Ret.)
17 Bayridge Lane
Rockport, MA 01966

    Re:    <u>*In Camera* Submissions by the Government in *United States ex rel. Ven-a-Care of the Florida Keys Inc v. Abbott Laboratories, et al.*</u>

Dear Judge Van Gestel:

    Pursuant to the Order by Magistrate Bowler and following our teleconference of April 22, 2009, please find enclosed four (4) sets of documents. Three of the sets are material submitted to the Court *in camera* by the United States on December 4, 2007, June 3, 2008, and December 8, 2008. The fourth set of material consists of (a) documents which defendants selected for review from the United States' Carrier privilege logs and as to which the Government has asserted the deliberative process privilege (*see* Judge Bowler's March 30, 2009 Order at 2 ) and (b) unredacted versions of documents previously produced to defendants in redacted form. The last category of documents is not covered by Judge Bowler's Order, however, the parties have agreed that you may review the documents to determine whether the redacted portions should be released to defendants. These submissions will be briefly discussed below – in the sequence set out by Judge Bowler in her Order of March 30, 2009 (at 3).

    1.   <u>Seventy-Five Documents From Defendants' Schedule One</u>

    The documents in this category were submitted to the Court *in camera* in December 2008 and were described in a contemporaneously-filed brief with attached declarations from agency officials which explain the Government's interest in preserving the privileged nature of this material. Accordingly, the Government respectfully refers Your Honor to that brief. *See* Docket 5750.

    2.   <u>Documents Submitted *In Camera* in December 2007 and June 2008</u>

    The Government submitted 21 documents to Judge Bowler for *in camera* review on December 4, 2007 followed by another 21 documents on June 3, 2008 along with briefs

describing the documents.  *See* Dockets 4920 and 5353.  Of the 42 documents submitted to Judge Bowler, 40 are draft versions of reports (or sections of reports) by the Office of Inspector General for the Department of Health and Human Services (OIG-DHHS).  Subsequent to the submissions by the Government, Judge Saris clearly and repeatedly indicated that she would not require *in camera* review of this category of material.  *See* Transcripts from July, 24, 2008 at 15:7, 25:8-13, 26:9-11[1/] and Nov. 13, 2008 at 39:21- 40:4.[2/]  In her Order appointing Your Honor as a Special Master, Judge Bowler directed your attention to the oral comments of Judge Saris.  *See* Judge Bowler's Order at 4.

Of the two documents remaining out of the 42, both are from the Government's December 4, 2007 submission, and one of them has already been given to defendants.  (*In Camera* Submission, Re. Dkt. 4920 at Tab 21 (bearing Bates nos. HHC902-214 through 244) .)  Accordingly, at this point, one document remains for review.  *See In Camera* Submission Re. Dkt. 4920 at Tab 20 (consisting of documents bearing Bates Nos. HHC901-689 through 710).  Based on guidance from Judge Saris, this document should not be subject to production.  The document in question is a draft version of a publicly-released HCFA Program Memorandum.[3/]  Judge Saris has not required the production of draft versions of documents where the Government has produced the final versions.  *See* Dkt. 5665, at 18-19.

   3. CMS Decision Memorandum

The document referenced at page 3 of Judge Bowler's Order as the "CMS decision memorandum" is being submitted to Your Honor *in camera* with this letter.  The document in question has already been produced to defendants in redacted form.  The text that was redacted from the copy provided to defendants is bracketed on the *in camera* copy.  Background regarding the document is set out in the Government's brief at Docket 5254 at 2.  The text that was redacted from the version produced to defendants is deliberative and pre-decisional in nature.  Text relating to the final agency decision was left in the released version of the document.  The redacted text does not relate to mega-spreads for infusion drugs, inhalants, or vancomycin, or to the issue of cross-subsidization.[4/]  Accordingly, it does not contain information of the type deemed potentially relevant by Judge Saris.  *See* Transcript from Nov. 13, 2008 at 26-27.

---

[1]  Exhibit One to Docket 5847.

[2]  Exhibit Two to Docket 5847.

[3]  In 2001, HCFA (the Health Care Financing Administration) was renamed CMS (the Centers for Medicare and Medicaid Services).

[4]  Defendants allege that CMS used excessive payments for the ingredient costs of drugs to "cross-subsidize" payment amounts for other services rendered by providers who submitted drug claims to Medicare and Medicaid.

4. Additional Memoranda Relating to Entrance and Exit Conferences

The Government has completed its re-review of its files as directed by Judge Bowler. *See* Order at pp. 2-3. The Government has located no additional memoranda relating to entrance and exit conferences by OIG-DHHS.

5. Carrier Documents Designated by Defendants

Over the course of the litigation with the three defendants, the Government produced privilege logs describing material from the files of CMS's Medicare Carriers which has been withheld from production. Over roughly the last six to seven months, the Government re-reviewed the logs and produced documents to defendants. With respect to the remaining material, the Government reorganized the entries from its previously-issued logs into four categories: (a) a single document that is privileged and arguably subject to *in camera* review under criteria stated by Judge Saris, (b) two documents that are privileged and which relate generally to the subject matter of this case, but which do not meet the relevancy criteria stated by Judge Saris, (c) material that is privileged but irrelevant to any issue in this litigation, and (d) documents which are protected from disclosure by the attorney-client or investigative files privileges and/or the attorney work product doctrine. Documents in sub-categories (a)-(c) are being submitted to Your Honor with this letter. The Government believes that the attorney-client communications and work product in sub-category (d) do not fall within the scope of Judge Bowler's order, by which "a special master [was] appointed to conduct an *in camera* review of [documents] withheld by the Government *on the basis of the deliberative process privilege*...." *See* Judge Bowler's Order at 1-2 (emphasis added).

      a. Draft Version of HCFA Program Memorandum

HCFA Program Memorandum AB-00-86 notified the agency's Medicare Carriers that they could use pricing information assembled by the Department of Justice when determining the Medicare payment amount for certain drugs. HCFA publicly released the final version of the document in 2000. The document described on the Carrier privilege log is a draft version of the Program Memorandum that is very similar to the draft version at Tab 20 to the Government's December 2007 *in camera* submission discussed above. Accordingly, the version from the Carrier files should not be released for the reasons set out above, in section 2 of this letter.[5]

      b. Draft Versions of Carrier Manual Provisions

There are two documents in this sub-category, both of which are draft versions of Carrier

---

[5] For case law upholding assertion of deliberative process privilege in situations where the deliberations included communications with consultants who were not Government employees, please see Docket 5750 at 12.

Manual Provisions.  Neither of the documents sets out information covered by Judge Saris's directions regarding the type of documents that should be submitted for *in camera* review.  The documents do not discuss mega-spreads for inhalants, infusion drugs, vancomycin, cross-subsidization, etc.  Final versions of the Carrier manuals are, of course, publicly available – a factor noted by Judge Saris when she declined to order the production of draft versions of documents as to which the Government had produced final versions.  *See* Docket 5665 at 18-19.

> c. Documents Irrelevant to Claims or Defenses in these Cases

The six documents in this category were selected for review by defendants from a Carrier Privilege Log which is captioned "Non-Responsive/Irrelevant Documents."  The material in question does not relate to pharmaceutical pricing and is wholly irrelevant to any claim or defense in these cases.

This material consists largely of documents generated by the Steering Committee of the Carrier Medical Directors (CMD) and relates, for the most part, to "coverage" issues.  With respect to the payment of virtually any Medicare claim, there are essentially two fundamental issues.  The first is whether a billed-for service, diagnostic test, piece of medical equipment, or medication will be deemed medically necessary for the treatment of the beneficiary's condition - in short, whether Medicare will "cover" the cost of the item(s) to which a claim relates.  Whether the drugs which are the subject of this litigation were "covered" drugs for which payment would be made is not an issue in these cases.

The second fundamental issue pertinent to the processing of a Medicare claim relates to the amount that the Government will pay for a covered service.  This is a subject at issue in this litigation.  However, the existence of AWP-based spreads, and the issue of cross-subsidization, or even more generally, the methods used to determine payment amounts for drugs, are not topics covered by the documents in sub-category "c."

A sub-issue related to Carrier claims processing concerns "coding" - that is, the use of alpha-numeric codes to designate the items for which payment is sought.  Coding issues, a topic as to which Carriers have substantial responsibilities, is also discussed in the documents.  For example, the last document in this sub-category, AWQ917-0065, is devoted exclusively to coding issues.  Coding, however, is also not at issue in this litigation.

Your Honor should not order the production of material in this sub-category based on its irrelevance to any issue in this litigation.

> 6. Documents Produced to Defendants with Redactions

As discussed during the April 22, 2008 teleconference, the Government agreed to submit to Your Honor unredacted copies of documents which it had produced to defendants in redacted form.  The text that was redacted is identified by brackets on the *in camera* copies.  The subject of the documents is the proposal, in or around 2000, that CMS allow its Medicare Carriers to use

pricing information obtained by DOJ to determine the payment amounts for certain drugs. Ultimately, the agency's policy on this proposal was set out in Program Memorandum AB-00-86 - draft versions of which are discussed above.

      The redacted text in the attached documents reflects the recommendations of agency staff made prior to release of the final Program Memorandum. The redacted material is, on its face, predecisional and deliberative. It is also completely irrelevant. *See United States v. Lachman*, 387 F.3d 42, 54 (1st Cir. 2004)(holding that any interpretive issue relating to a federal regulation is resolved through reference to the official public record). *See also United States ex rel. Wright v. Agip, et al.*, No. 03-Cv-00264 at 7-9 (E.D. Tex. June 29, 2007) (denying motion to compel deposition of Government personnel regarding their understanding of regulations and holding that "personal opinions of agency employees that were never communicated to a Defendant are simply irrelevant to either issues of falsity or knowledge" in a False Claims Act case).

      As indicated during our April 22 teleconference, I would be pleased to meet with Your Honor regarding the foregoing if that will facilitate your review of the Government's *in camera* submissions. Thank you for your attention.

                        Sincerely,

                        Justin Draycott
                        Trial Attorney
                        Commercial Litigation Branch
                        Civil Division

cc (without enclosures):

 Lisa Powel (JAMS)
 James Daley and David Torborg (for Abbott)
 Eric Gortner (for Roxane)
 Neil Merkel and Sarah Reid (for Dey)