# EXHIBIT M



**David S. Torborg/JonesDay**
Extension 4-5562
07/10/2009 01:02 PM

To "Draycott, Justin (CIV)" <Justin.Draycott@usdoj.gov>
cc
bcc David S. Torborg/JonesDay
Subject RE: Special master decision

History: ⇨ This message has been forwarded.

But you did not assert the attorney-client privilege and work product doctrine for these documents consistent with the Federal Rules or the CMO in this matter. And your December 2008 memorandum appears to be is inconsistent with the privileges that you did assert for these documents.

"Draycott, Justin (CIV)" <Justin.Draycott@usdoj.gov>



"Draycott, Justin (CIV)"
<Justin.Draycott@usdoj.gov>

07/10/2009 12:52 PM

To "David S. Torborg" <dstorborg@JonesDay.com>
cc
Subject RE: Special master decision

```
I wouldn't agree with your characterization.  His findings were
consistent with the factual information provided to the Court when the
documents were submitted in camera.

-----Original Message-----
From: David S. Torborg [mailto:dstorborg@JonesDay.com]
Sent: Friday, July 10, 2009 12:52 PM
To: Draycott, Justin (CIV)
Subject: RE: Special master decision

So, it looks like the Government's December 2008 memorandum (Dkt. No.
5750) relied upon by the Special Master -- wherein the Government argued
that these four documents were protected by the a/c privilege and/or w/p
doctrine -- was not consistent with the privileges that the Government
actually asserted for these four documents in its privilege logs.
Please advise me if you see it differently.

Thanks,
- Dave
```

|    | "Draycott, Justin         |                           |
|    | (CIV)"                    |                           |
|    | <Justin.Draycott@         |                           |
| To |                           |                           |
|    | usdoj.gov>                | "David S. Torborg"        |
|    |                           | <dstorborg@JonesDay.com>  |

```
cc
                    07/10/2009 12:35
                    PM
Subject
                                    RE: Special master decision
```

David, I've taken a quick look at this.  As to the reason that Judge van Gestel noted these were A/C privileged documents, I assume it's based on the memorandum we filed when we submitted the docs in camera to the Court in December 2008 - See Dkt. 5750 at pp. 10, 11, and 15.  The docs that you reference correspond to Tabs 2B, 2C, 2D, and 6A - which is the reference we used in the Govt's memorandum.  In hindsight, we probably should have noted the Bates numbers as well.

Here's a crosswalk:
2B HHC901-1023-1028
2C HHC902-0648-0651
2D HHC903-0599-0601
6A HHD954-0011-0012

Regards, Justin


-----Original Message-----
From: David S. Torborg [mailto:dstorborg@JonesDay.com]
Sent: Friday, July 10, 2009 9:25 AM
To: Draycott, Justin (CIV)
Subject: Re: Special master decision

Justin,

I hope you are well.  I have a quick question regarding four of the documents at issue in the Special Master's in camera review.  Page 8 of the June 22nd Order states as follows:

"The next three documents are said by the Government to be protected from production by the attorney-client privilege and the work product doctrine.
They do not raise issues under the deliberative process privilege. Consequently, because this Special Master was not directed to deal with anything other than the deliberative process privilege, no action was taken on these documents.  They bear Bates Stamp Nos. HHC901 1023-1028, HHC902 0648-0651, HHC903 0599-0601."

Similarly, page 10 of the June 22nd Order indicates that HHD954-0011-0012 was "withheld by the Government for attorney client privilege reasons."

I am unclear as to why Judge van Gestel determined that these documents were withheld under the a/c privilege or work product doctrine. The entries on the Government's privilege logs for these documents indicate that they were withheld under the deliberative process privilege. I have attached excerpts from the Government's privilege logs for these four documents.

Before we raise this further, I want to make sure that I am not missing something. Did the Government assert the attorney-client privilege or work product doctrine for these documents and, if so, would you please direct me to that assertion?

Because our objections are due July 14th (next Tuesday), your prompt response is appreciated. Thank you for your attention.

(See attached file: HHC901-1023-1028.pdf)

(See attached file: HHC902-0648-0651.pdf)

(See attached file: HHC903-0599-0601.pdf)

(See attached file: HHD954-0011-0012.pdf)

|  | "Draycott, Justin (CIV)" <Justin.Draycott@usdoj.gov> | <dstorborg@JonesDay.com> |
|---|---|---|
| To |  |  |
| cc |  |  |
| Subject | 06/25/2009 09:42 AM | Re: Special master decision |