# EXHIBIT A



Jul 9 2009 4:16PM

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____ )
IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE )      MDL NO. 1456
LITIGATION )                     Civil Action No. 01-12257-PBS
_____ )   Subcategory No: 03-10643
                                        )
                                        )      Judge Patti B. Saris
THIS DOCUMENT RELATES TO:               )
                                        )
*The City of New York v. Abbott Labs., et al.* )
(S.D.N.Y. No. 04-CV-06054)              )
*County of Suffolk v. Abbott Labs., et al.* )
(E.D.N.Y. No. CV-03-229)                )
*County of Westchester v. Abbott Labs., et al.* )
(S.D.N.Y. No. 03-CV-6178)               )
*County of Rockland v. Abbott Labs., et al.* )
(S.D.N.Y. No. 03-CV-7055)               )
*County of Dutchess v. Abbott Labs., et al.* )
(S.D.N.Y. No. 05-CV-06458)              )
*County of Putnam v. Abbott Labs., et al.* )
(S.D.N.Y. No. 05-CV-04740)              )
*County of Washington v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00408)              )
*County of Rensselaer v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00422)              )
*County of Albany v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00425)              )

[Caption Continues on Next Page]

## CROSS-NOTICE OF SECOND AMENDED NOTICE OF TAKING
## CONTINUED VIDEOTAPED DEPOSITION OF LYNN DONOVAN

*County of Warren v. Abbott Labs., et al.*           )
(N.D.N.Y. No. 05-CV-00468)                          )
*County of Greene v. Abbott Labs., et al.*           )
(N.D.N.Y. No. 05-CV-00474)                          )
*County of Saratoga v. Abbott Labs., et al.*         )
(N.D.N.Y. No. 05-CV-00478)                          )
*County of Columbia v. Abbott Labs., et al.*         )
(N.D.N.Y. No. 05-CV-00867)                          )
*Essex County v. Abbott Labs., et al.*               )
(N.D.N.Y. No. 05-CV-00878)                          )
*County of Chenango v. Abbott Labs., et al.*         )
(N.D.N.Y. No. 05-CV-00354)                          )
*County of Broome v. Abbott Labs., et al.*           )
(N.D.N.Y. No. 05-CV-00456)                          )
*County of Onondaga v. Abbott Labs., et al.*         )
(N.D.N.Y. No. 05-CV-00088)                          )
*County of Tompkins v. Abbott Labs., et al.*         )
(N.D.N.Y. No. 05-CV-00397)                          )
*County of Cayuga v. Abbott Labs., et al.*           )
(N.D.N.Y. No. 05-CV-00423)                          )
*County of Madison v. Abbott Labs., et al.*          )
(N.D.N.Y. No. 05-CV-00714)                          )
*County of Cortland v. Abbott Labs., et al.*         )
(N.D.N.Y. No. 05-CV-00881)                          )
*County of Herkimer v. Abbott Labs. et al.*          )
(N.D.N.Y. No. 05-CV-00415)                          )
*County of Oneida v. Abbott Labs., et al.*           )
(N.D.N.Y. No. 05-CV-00489)                          )
*County of Fulton v. Abbott Labs., et al.*           )
(N.D.N.Y. No. 05-CV-00519)                          )
*County of St. Lawrence v. Abbott Labs., et al.*     )
(N.D.N.Y. No. 05-CV-00479)                          )
*County of Jefferson v. Abbott Labs., et al.*        )
(N.D.N.Y. No. 05-CV-00715)                          )
*County of Lewis v. Abbott Labs., et al.*            )
(N.D.N.Y. No. 05-CV-00839)                          )
*County of Chautauqua v. Abbott Labs., et al.*       )
(W.D.N.Y. No. 05-CV-06204)                          )
*County of Allegany v. Abbott Labs., et al.*         )
(W.D.N.Y. No. 05-CV-06231)                          )
*County of Cattaraugus v. Abbott Labs., et al.*      )
(W.D.N.Y. No. 05-CV-06242)                          )

*County of Genesee v. Abbott Labs., et al.*       )
(W.D.N.Y. No. 05-CV-06206)                        )
*County of Wayne v. Abbott Labs., et al.*         )
(W.D.N.Y. No. 05-CV-06138)                        )
*County of Monroe v. Abbott Labs., et al.*        )
(W.D.N.Y. No. 05-CV-06148)                        )
*County of Yates v. Abbott Labs., et al.*         )
(W.D.N.Y. No. 05-CV-06172)                        )
*County of Niagara v. Abbott Labs., et al.*       )
(W.D.N.Y. No. 05-CV-06296)                        )
*County of Seneca v. Abbott Labs., et al.*        )
(W.D.N.Y. No. 05-CV-06370)                        )
*County of Orleans v. Abbott Labs., et al.*       )
(W.D.N.Y. No. 05-CV-06371)                        )
*County of Ontario v. Abbott Labs., et al.*       )
(W.D.N.Y. No. 05-CV-06373)                        )
*County of Schuyler v. Abbott Labs, et al.*       )
(W.D.N.Y. No. 05-CV-06387)                        )
*County of Steuben v. Abbott Labs., et al.*       )
(W.D.N.Y. No. 05-CV-06223)                        )
*County of Chemung v. Abbott Labs., et al.*       )
(W.D.N.Y. No. 05-CV-06744)                        )
                               AND                )
*County of Nassau v. Abbott Labs., et al.*        )
(E.D.N.Y. No. 04-CV-5126)                         )
_____  )

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Schering-Plough Corporation, Schering Corporation and Warrick Pharmaceuticals

Corporation hereby cross-notice the second amended notice of taking continued deposition of

Lynn Donovan for purposes of the above-captioned action.

On June 30, 2009, attorneys for Defendant Sandoz, Inc. served a second amended notice

of taking continued deposition of Lynn Donovan for purposes of *State of Hawaii v. Abbott*

*Laboratories, Inc.*, No. 06-1-0720-04 EEH and *State of Hawaii v. Schering Corporation*, No. 07-

1-1639-09 EEH.  The notice is attached as Exhibit A.  Through this cross-notice, counsel in the

above-caption action are informed that this deposition will also be proceeding for purposes of

*The City of New York v. Abbott Labs., et al.,* Civil Action No. 01-CV-12257-PBS, MDL 1456,

Subcategory Case No. 03-10643-PBS.

The deposition will take place before a notary public, or any other officer authorized to

administer oaths, at Goodsill Anderson Quinn & Stifel LLP, Suite 1800, Alii Place, 1099 Alakea

Street, Honolulu, Hawaii 96813 .  The deposition of Lynn Donovan will take place on July 20,

2009, beginning at 9:00 a.m.  The deposition will be taken upon cross-examination.

Such deposition will be recorded by stenographic and/or sound and visual means. The

deposition is being taken for the purposes of discovery, for use at trial, and for such other

purposes as permitted under the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ John P. Bueker
John T. Montgomery (BBO#352220)
John P. Bueker (BBO#636435)
Kim B. Nemirow (BBO# 663258)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Counsel for Schering-Plough Corporation,*
*Schering Corporation and Warrick*
*Pharmaceuticals Corporation*

Dated:  July 9, 2009

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 9, 2009, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.


<u>/s/ Kim B. Nemirow</u>
Kim B. Nemirow

# EXHIBIT B



1ST CIRCUIT COURT
STATE OF HAWAII
FILED
2009 JUL 13   AM 11:00

Jul 13 2009
1:00PM

M.N. TANAKA
CLERK

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

CORLIS J. CHANG                     3539-0
THOMAS BENEDICT                     5018-0
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawai'i 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

WHITE & CASE LLP

WAYNE A. CROSS (*pro hac vice*)
MICHAEL J. GALLAGHER (*pro hac vice*)
HEATHER K. McDEVITT (*pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

**Attorneys for Defendant SANDOZ INC.**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| State of Hawaii, | CIVIL NO. 06-1-0720-04 EEH<br>(Other Civil Action) |
| Plaintiff, | |
| vs. | (Complex Litigation) [Consolidated For<br>Discovery Purposes Only] |
| Abbott Laboratories Inc., et al. | **SECOND AMENDED** NOTICE OF<br>TAKING CONTINUED VIDEOTAPED<br>DEPOSITION OF **LYNN DONOVAN**<br>UPON ORAL EXAMINATION;<br>EXHIBIT "1"; CERTIFICATE OF<br>SERVICE |
| Defendants. | |
| | Trial Date:     November 23, 2009<br>Trial Judge:   Hon. Eden E. Hifo |

2578639.1

| | |
|---|---|
| State of Hawaii,<br><br>         Plaintiff,<br><br>   vs.<br><br>Schering Corporation, et al.,<br><br>         Defendants. | CIVIL NO. 07-1-1639-09 EEH<br>(Other Civil Action)<br><br>Trial Date:    None<br>Trial Judge:  Hon. Eden E. Hifo |

### SECOND AMENDED NOTICE OF TAKING CONTINUED VIDEOTAPED DEPOSITION OF LYNN DONOVAN UPON ORAL EXAMINATION

TO:   ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that Defendants will take the deposition of the following person at the office of Goodsill Anderson Quinn & Stifel LLP, Suite 1800, Alii Place, 1099 Alakea Street, Honolulu, Hawaii, on the date and time listed below:

| Name and Address | Date/Time |
|---|---|
| **Lynn Donovan**<br>c/o Rick J. Eichor, Esq.<br>Price Okamoto Himeno & Lum<br>707 Richards St., Ste. 728<br>Honolulu, Hawaii 96813 | Monday, July 20, 2009<br>9:00 a.m. |

Said deposition shall be upon oral examination pursuant to Rule 30 of the Hawai'i Rules of Civil Procedure, before an officer authorized by law to administer oaths. The deposition will be recorded on videotape, stenographically and/or by sound recording on magnetic tape.

Deponent will be required to bring with her records described in Exhibit "1" attached hereto.

The oral examination will be continued the following day, if necessary.  You are invited to appear and cross-examine the deponent.

DATED: Honolulu, Hawai'i, June 30, 2009.

_____
CORLIS J. CHANG
THOMAS BENEDICT
WAYNE A. CROSS (*pro hac vice*)
MICHAEL J. GALLAGHER (*pro hac vice*)
HEATHER K. McDEVITT (*pro hac vice*)

*Attorneys for Defendant SANDOZ INC.*
*(With permission on behalf of all Defendants)*

3

EXHIBIT "1"

### Definitions

1.      The terms "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests the greatest possible responsive information, and the terms "each," "any," and "all" shall mean "each and every."

2.      The term "ACS" refers to Affiliated Computer Services.

3.      "AMP" or "Average Manufacturer Price" shall have the meaning set forth in 42 U.S.C. § 1396r-8(k)(1).

4.      The term "Communication" means any form of written or oral communication, including, without limitation, letters, memoranda, electronic mail, voicemail, telegrams, invoices, telephone conversations, face-to-face meetings, and other similar forms or communication or correspondence.

5.      The term "Document" shall be used in a comprehensive sense as contemplated by Rule 34 of the Hawaii Rules of Civil Procedure and shall mean any kind of tangible material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including, but not limited to, papers, agreements, contracts, notes, memoranda, electronic or computer-transmitted messages viewed via monitor, correspondence, letters, e-mails, facsimile transmissions, statements, invoices, record books, reports, studies, analyses, transcripts, minutes, working papers, charts, graphs, drawings, calendars, appointment books, diaries, indices, tapes, summaries and/or notes regarding telephone conversations, personal conversations, interviews, and meetings, and any and all other written, printed, recorded, taped, typed, duplicated, reproduced or other tangible matter in your possession, custody or control, including all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes, or other notations not present on the original Document as originally typed, written, or otherwise prepared.

6.      "EAC" or "Estimated Acquisition Cost" shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 447.301.

7.      The term "HMSA" refers to the Hawaii Medical Service Association.

8.      The term "Knowledge" means information within the possession of an individual or entity.

9.      The term "MMCAP" means the Minnesota Multi-State Contracting Alliance for Pharmacy.

10.     The term "MMIS" refers to the Medicaid Management Information System.

2578639.1

11.     The term "Price" means any payment made for a drug with or without discounts, rebates or other incentives affecting the cost of the drug, including reimbursement of other parties for drug-related expenditures.

12.     The term "PBM" means pharmacy benefits manager.

13.     The term "Reimbursement" or "Reimburse" means any payment to a medical or pharmaceutical provider for a prescription drug provided to any patient, including but not limited to the ingredient cost and any dispensing fee.

14.     The terms "Relating to" and/or "Regarding" shall mean relating to, regarding, consisting of, referring to, reflecting, manifesting, prepared in connection with, in comparison to, describing, containing, attesting to, or being in any way legally, logically, or factually connected with the matter discussed, whether directly or indirectly.

15.     The terms "State," "Hawaii," or "Plaintiff" refer collectively to the State of Hawaii, including but not limited to the Office of the Attorney General, the Department of Human Services, the Med-QUEST Division, the state Auditor, the state legislature, legislative committees, all successors and predecessors, and officials, agents, employees, commissions, boards, divisions, departments, agencies, instrumentalities, administrators and other Persons or entities acting on their behalf and/or involved in administering, overseeing, or monitoring any State program, including Medicaid, that provides reimbursement for pharmaceutical products.

16.     The terms "You" or "Your" refer to Lynn Donovan.

## Instructions

1.     Each document request shall be construed to include documents within the knowledge, possession or control of the subpoenaed party, his/her attorneys, investigators, agents, owners, offices, employees, or other representatives of the subpoenaed party and/or his/her attorneys, as of the date of the answers given to those document requests and any supplemental information, knowledge, data, documents or communications responsive to these document requests which is subsequently obtained or discovered.

2.     If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was more recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for and the date of its destruction.

3.     If you claim privilege as a ground for not providing documents in response to any document request, describe the factual basis for said claim of privilege in sufficient detail so as to permit the court to adjudicate the validity of the claim, including the date the document was prepared, its title, the author, the addresses, all recipients and the general subject matter.

2

4.     If the response to any document request consists, in whole or in part, of any objection(s), state with specificity the full objection(s) and the particularized basis for each said objection.

5.     Unless otherwise indicated in a specific request, the requests herein refer to documents created from January 1, 1980 to the present and the documents relating to such period even though created before that period.

6.     Documents should be produced as they are maintained in the normal course of business, and thus if documents are maintained in electronic form, they should be produced in electronic form. Data must be produced in the data format in which it is typically used and maintained. Moreover, to the extent a responsive document has been electronically scanned (for any purpose), that document must be produced in a readable and accessible electronic format, with the opportunity provided to review the original document(s).

7.     To the extent you object to any portion of a document request, you must respond to the remaining portion of the request to which you do not object.

### Documents to Be Produced

1.     Any documents regarding or relating to Your role as Med-QUEST Pharmacy Consultant for the State of Hawai'i, or any other positions you held for Plaintiff or other parties contracting with Plaintiff, including but not limited to documents regarding or relating to Your qualifications, responsibilities, and duties in these roles.

2.     All documents concerning the meaning or calculation of (i) "AWP" or "average wholesale price," (ii) "MAC" or "maximum allowable cost," (iii) "WAC" or "wholesale acquisition cost," (iv) "U&C" or "usual & customary" costs, (v) "FUL" or "Federal Upper Limit," (vi) "DP" or "direct price," (vii) "AMP" or "average manufacturer price," or (viii) any other price used to reimburse Hawai'i providers.

3.     All documents regarding or relating to Your Knowledge or Plaintiff's Knowledge regarding or relating to (i) "AWP" or "average wholesale price," (ii) "MAC" or "maximum allowable cost," (iii) "WAC" or "wholesale acquisition cost," (iv) "U&C" or "usual & customary" costs, (v) "FUL" or "Federal Upper Limit," (vi) "DP" or "direct price," (vii) "AMP" or "average manufacturer price," or (viii) any other price used to reimburse Hawai'i providers.

4.     All documents concerning "EAC" or "estimated acquisition cost" for prescription drugs reimbursed under Hawai'i Medicaid.

5.     All documents concerning reimbursement of prescription drugs, Medicaid provider dispensing fees, or other fees for the supply and administration of prescription drugs.

6.     All Documents regarding or relating to the payment formula or other basis on which each prescription drug was purchased and/or reimbursed by the Hawai'i Department of Human Services (including the Adult Mental Health Division, the Child/Adolescent Mental Health Division, and the Benefit Employment & Support Services Division), the Hawai'i Med-QUEST

Division, or any other state entity, including but not limited to the following: Department of Health (including the Hawai'i State Hospital System), Office of Youth Services in the Hawai'i Youth Correctional Facility, Department of Public Safety, Executive Agency on Aging, Department of Commerce and Consumer Affairs (limited to the Office of Consumer Protection, the Insurance Division and the Regulated Industries Complaints Office), and the Department of Accounting and General Services.

7.     All documents concerning any studies, requests for proposals or proposals regarding reimbursement rates, amounts, or policies for reimbursement of any prescription drugs.

8.     All documents concerning First DataBank or any other publisher of pharmaceutical pricing information, including but not limited to documents produced by and communications with First DataBank defining or concerning AWP or WAC, the process by which First Databank calculated AWP or WAC, and all First DataBank manuals, instructions and directions.

9.     All documents concerning communications between you and any drug manufacturer regarding any pricing or cost information.

10.    All documents concerning communications between you and the federal Department of Health and Human Services, the Health Care Financing Administration, the Centers for Medicare and Medicaid Services, and or any other federal agency regarding drug pricing issues, AWP, MAC, WAC, U&C, FUL, DP, or AMP.

11.    All documents concerning communications to or from lobbyists, other industry trade groups, public relations firms, consultants and accountants regarding drug pricing issues, AWP, MAC, WAC, U&C, FUL, DP, or AMP.

12.    All documents concerning communications with or presentations to or from any person relating to pharmaceutical pricing or reimbursement of prescription drugs, including but not limited to all documents sent to or received from:

      a.     any distributors, wholesalers, PBMs, and/or other third-party pharmacy benefit providers, MMCAP, or any other drug purchaser;

      b.     any Medicaid or pharmacists' associations;

      c.     any fiscal agent or claims administrator, including, but not limited to HMSA, ACS, First Health Services Corp., MMIS, Anthem and Cyrca;

      d.     any physicians, pharmacists or other Medicaid providers;

      e.     Medicaid listservs or distribution lists to which you subscribed or belonged.

13.    All current and historical organizational charts sufficient to describe fully Your role and the time period during which you were employed by Plaintiff.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| State of Hawaii, | CIVIL NO.  06-1-0720-04 EEH |
| Plaintiff, | (Other Civil Action) |
| vs. | (Complex Litigation) [Consolidated For |
| Abbott Laboratories Inc., et al. | Discovery Purposes Only] |
| Defendants. | CERTIFICATE OF SERVICE |

Trial Date:        November 23, 2009
Trial Judge:       Hon. Eden E. Hifo

State of Hawaii,

       Plaintiff,

   vs.

Schering Corporation, et al.,

       Defendants.

CIVIL NO. 07-1-1639-09 EEH
(Other Civil Action)

Trial Date:        None
Trial Judge:       Hon. Eden E. Hifo

CERTIFICATE OF SERVICE

Pursuant to Case Management Order No. 1, I hereby certify that a copy of the

foregoing document was duly served upon all counsel of record through the LexisNexis File &

Serve® system on this date.

DATED: Honolulu, Hawai'i, June 30, 2009.

*[signature]*

CORLIS J. CHANG
THOMAS BENEDICT
WAYNE A. CROSS (*pro hac vice*)
MICHAEL J. GALLAGHER (*pro hac vice*)
HEATHER K. McDEVITT (*pro hac vice*)

**Attorneys for Defendant SANDOZ INC.**
*(With permission on behalf of all Defendants)*

EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 Civil Action No. 01-12257-PBS Subcategory Case No. 07-12141-PBS |
| THIS DOCUMENT RELATES TO: *City of New York, et al.* *v.* *Abbott Laboratories, et al.* | ) ) ) ) ) ) ) | Judge Patti J. Saris Magistrate Judge Marianne B. Bowler |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION TO QUASH DEFENDANT SCHERING-PLOUGH CORPORATION'S, SCHERING CORPORATION'S AND WARRICK PHARMACEUTICAL CORPORATION'S CROSS-NOTICE OF CONTINUED VIDEOTAPED DEPOSITION OF LYNN DONOVAN**

Having considered Plaintiffs' Emergency Motion to Quash Defendant Schering-Plough Corporation's, Schering Corporation's and Warrick Pharmaceutical Corporation's (hereinafter collectively referred to as "Schering") Cross-Notice of Continued Videotaped Deposition of Lynn Donovan, the Court hereby grants plaintiffs' motion.

It is hereby ordered that pursuant to Federal Rule 45 the cross-notice of the deposition of Lynn Donovan issued by Schering to plaintiffs is hereby quashed.

Dated: _____

_____
Hon. Marianne B. Bowler
United States Magistrate Judge