# EXHIBIT A



25939285

Jul 2 2009 2:27PM

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No.: 01-CV-12257-PBS<br>Subcategory Case No. 07-12141-PBS |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

### SECOND AMENDED CROSS NOTICE OF TAKING
### CONTINUED VIDEOTAPED DEPOSITION OF LYNN DONOVAN

PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure, Purepac Pharmaceutical Co. on behalf of all Defendants in this case hereby cross-notices the continued videotaped deposition of Lynn Donovan for purposes of the above-captioned action.

This deposition will commence on Tuesday, July 20, 2009 at 9:00 AM, continuing on successive days as necessary, at the office of Goodsill Anderson Quinn & Stifel, LLP, Suite 1800, Alii Place, 1099 Alakea Street, Honolulu, Hawai`i.  This deposition will take place before a notary public, or any other officer authorized to administer oaths, and will be recorded by stenographic, sound, and visual means. Arrangements will be made so that counsel may participate by phone if they wish.  The deposition is being taking for the purposes of discovery, for use at trial, and for such other purposes as permitted under the Federal Rules of Civil Procedure.

The Second Amended Notice of Deposition was served on by defendant Sandoz, Inc. on June 30, 2009, for purposes of *State of Hawai`i v. Abbott Laboratories, Inc. et al.,* Civil Action No. 06-1-0720-04-EEH and *State of Hawai`i  v. Schering Corporation, et*

*al.,* Civil Action No. 07-1-1639-09-EEH.  A copy of the Second Amended Notice of

Deposition is attached hereto as Exhibit A.


Respectfully submitted,

| Dated July 2, 2009 | __/s/ **John R. Fleder**_____<br>John R. Fleder<br>**HYMAN, PHELPS, & MCNAMARA, P.C.**<br>700 Thirteenth Street NW<br>Suite 1200<br>Washington DC 20005<br>(202)-737-5600<br><br>Counsel for Defendant Purepac Pharmaceutical Co. |
| --- | --- |

## <u>CERTIFICATE OF SERVICE</u>

I, John Fleder, hereby certify that I caused a true and correct copy of the foregoing to be served upon all counsel of record via electronic service, pursuant to Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting to all parties.

Dated:  July 2, 2009                                    /s/ J.R. Fleder _____
                                                               John R. Fleder



1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2009 JUL 10 AM 11:00

LYN TANAKA
CLERK

Jul 10 2009 1:00PM

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

CORLIS J. CHANG                    3539-0
THOMAS BENEDICT                    5018-0
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawai'i  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

WHITE & CASE LLP

WAYNE A. CROSS (*pro hac vice*)
MICHAEL J. GALLAGHER (*pro hac vice*)
HEATHER K. McDEVITT (*pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036-2787
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113

**Attorneys for Defendant SANDOZ INC.**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| State of Hawaii,<br><br>       Plaintiff,<br><br>   vs.<br><br>Abbott Laboratories Inc., et al.<br><br>       Defendants. | CIVIL NO.  06-1-0720-04 EEH<br>(Other Civil Action)<br><br>(Complex Litigation) [Consolidated For Discovery Purposes Only]<br><br>**SECOND AMENDED** NOTICE OF TAKING CONTINUED VIDEOTAPED DEPOSITION OF **LYNN DONOVAN** UPON ORAL EXAMINATION; EXHIBIT "1"; CERTIFICATE OF SERVICE<br><br>Trial Date:    November 23, 2009<br>Trial Judge:   Hon. Eden E. Hifo |

2578639.1

| | |
|---|---|
| State of Hawaii, | CIVIL NO. 07-1-1639-09 EEH |
|         Plaintiff, | (Other Civil Action) |
| | |
|    vs. | Trial Date:      None |
| Schering Corporation, et al., | Trial Judge:   Hon. Eden E. Hifo |
|         Defendants. | |

## SECOND AMENDED NOTICE OF TAKING CONTINUED VIDEOTAPED DEPOSITION OF LYNN DONOVAN UPON ORAL EXAMINATION

TO:    ALL COUNSEL OF RECORD

        PLEASE TAKE NOTICE that Defendants will take the deposition of the following person at the office of Goodsill Anderson Quinn & Stifel LLP, Suite 1800, Alii Place, 1099 Alakea Street, Honolulu, Hawaii, on the date and time listed below:

| Name and Address | Date/Time |
|---|---|
| **Lynn Donovan** | Monday, July 20, 2009 |
| c/o Rick J. Eichor, Esq. | 9:00 a.m. |
| Price Okamoto Himeno & Lum | |
| 707 Richards St., Ste. 728 | |
| Honolulu, Hawaii 96813 | |

        Said deposition shall be upon oral examination pursuant to Rule 30 of the Hawai'i Rules of Civil Procedure, before an officer authorized by law to administer oaths. The deposition will be recorded on videotape, stenographically and/or by sound recording on magnetic tape.

        Deponent will be required to bring with her records described in Exhibit "1" attached hereto.

The oral examination will be continued the following day, if necessary.  You are invited to appear and cross-examine the deponent.

DATED: Honolulu, Hawai'i, June 30, 2009.

_____

CORLIS J. CHANG
THOMAS BENEDICT
WAYNE A. CROSS (*pro hac vice*)
MICHAEL J. GALLAGHER (*pro hac vice*)
HEATHER K. McDEVITT (*pro hac vice*)

**Attorneys for Defendant SANDOZ INC.**
*(With permission on behalf of all Defendants)*

3

EXHIBIT "1"

## Definitions

1.     The terms "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests the greatest possible responsive information, and the terms "each," "any," and "all" shall mean "each and every."

2.     The term "ACS" refers to Affiliated Computer Services.

3.     "AMP" or "Average Manufacturer Price" shall have the meaning set forth in 42 U.S.C. § 1396r-8(k)(1).

4.     The term "Communication" means any form of written or oral communication, including, without limitation, letters, memoranda, electronic mail, voicemail, telegrams, invoices, telephone conversations, face-to-face meetings, and other similar forms or communication or correspondence.

5.     The term "Document" shall be used in a comprehensive sense as contemplated by Rule 34 of the Hawaii Rules of Civil Procedure and shall mean any kind of tangible material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including, but not limited to, papers, agreements, contracts, notes, memoranda, electronic or computer-transmitted messages viewed via monitor, correspondence, letters, e-mails, facsimile transmissions, statements, invoices, record books, reports, studies, analyses, transcripts, minutes, working papers, charts, graphs, drawings, calendars, appointment books, diaries, indices, tapes, summaries and/or notes regarding telephone conversations, personal conversations, interviews, and meetings, and any and all other written, printed, recorded, taped, typed, duplicated, reproduced or other tangible matter in your possession, custody or control, including all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes, or other notations not present on the original Document as originally typed, written, or otherwise prepared.

6.     "EAC" or "Estimated Acquisition Cost" shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 447.301.

7.     The term "HMSA" refers to the Hawaii Medical Service Association.

8.     The term "Knowledge" means information within the possession of an individual or entity.

9.     The term "MMCAP" means the Minnesota Multi-State Contracting Alliance for Pharmacy.

10.     The term "MMIS" refers to the Medicaid Management Information System.

11.     The term "Price" means any payment made for a drug with or without discounts, rebates or other incentives affecting the cost of the drug, including reimbursement of other parties for drug-related expenditures.

12.     The term "PBM" means pharmacy benefits manager.

13.     The term "Reimbursement" or "Reimburse" means any payment to a medical or pharmaceutical provider for a prescription drug provided to any patient, including but not limited to the ingredient cost and any dispensing fee.

14.     The terms "Relating to" and/or "Regarding" shall mean relating to, regarding, consisting of, referring to, reflecting, manifesting, prepared in connection with, in comparison to, describing, containing, attesting to, or being in any way legally, logically, or factually connected with the matter discussed, whether directly or indirectly.

15.     The terms "State," "Hawaii," or "Plaintiff" refer collectively to the State of Hawaii, including but not limited to the Office of the Attorney General, the Department of Human Services, the Med-QUEST Division, the state Auditor, the state legislature, legislative committees, all successors and predecessors, and officials, agents, employees, commissions, boards, divisions, departments, agencies, instrumentalities, administrators and other Persons or entities acting on their behalf and/or involved in administering, overseeing, or monitoring any State program, including Medicaid, that provides reimbursement for pharmaceutical products.

16.     The terms "You" or "Your" refer to Lynn Donovan.

## Instructions

1.     Each document request shall be construed to include documents within the knowledge, possession or control of the subpoenaed party, his/her attorneys, investigators, agents, owners, offices, employees, or other representatives of the subpoenaed party and/or his/her attorneys, as of the date of the answers given to those document requests and any supplemental information, knowledge, data, documents or communications responsive to these document requests which is subsequently obtained or discovered.

2.     If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was more recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document.  If the document has been destroyed, state the reason for and the date of its destruction.

3.     If you claim privilege as a ground for not providing documents in response to any document request, describe the factual basis for said claim of privilege in sufficient detail so as to permit the court to adjudicate the validity of the claim, including the date the document was prepared, its title, the author, the addresses, all recipients and the general subject matter.

4.     If the response to any document request consists, in whole or in part, of any objection(s), state with specificity the full objection(s) and the particularized basis for each said objection.

5.     Unless otherwise indicated in a specific request, the requests herein refer to documents created from January 1, 1980 to the present and the documents relating to such period even though created before that period.

6.     Documents should be produced as they are maintained in the normal course of business, and thus if documents are maintained in electronic form, they should be produced in electronic form. Data must be produced in the data format in which it is typically used and maintained. Moreover, to the extent a responsive document has been electronically scanned (for any purpose), that document must be produced in a readable and accessible electronic format, with the opportunity provided to review the original document(s).

7.     To the extent you object to any portion of a document request, you must respond to the remaining portion of the request to which you do not object.

## Documents to Be Produced

1.     Any documents regarding or relating to Your role as Med-QUEST Pharmacy Consultant for the State of Hawai'i, or any other positions you held for Plaintiff or other parties contracting with Plaintiff, including but not limited to documents regarding or relating to Your qualifications, responsibilities, and duties in these roles.

2.     All documents concerning the meaning or calculation of (i) "AWP" or "average wholesale price," (ii) "MAC" or "maximum allowable cost," (iii) "WAC" or "wholesale acquisition cost," (iv) "U&C" or "usual & customary" costs, (v) "FUL" or "Federal Upper Limit," (vi) "DP" or "direct price," (vii) "AMP" or "average manufacturer price," or (viii) any other price used to reimburse Hawai'i providers.

3.     All documents regarding or relating to Your Knowledge or Plaintiff's Knowledge regarding or relating to (i) "AWP" or "average wholesale price," (ii) "MAC" or "maximum allowable cost," (iii) "WAC" or "wholesale acquisition cost," (iv) "U&C" or "usual & customary" costs, (v) "FUL" or "Federal Upper Limit," (vi) "DP" or "direct price," (vii) "AMP" or "average manufacturer price," or (viii) any other price used to reimburse Hawai'i providers.

4.     All documents concerning "EAC" or "estimated acquisition cost" for prescription drugs reimbursed under Hawai'i Medicaid.

5.     All documents concerning reimbursement of prescription drugs, Medicaid provider dispensing fees, or other fees for the supply and administration of prescription drugs.

6.     All Documents regarding or relating to the payment formula or other basis on which each prescription drug was purchased and/or reimbursed by the Hawai'i Department of Human Services (including the Adult Mental Health Division, the Child/Adolescent Mental Health Division, and the Benefit Employment & Support Services Division), the Hawai'i Med-QUEST

3

Division, or any other state entity, including but not limited to the following: Department of Health (including the Hawai'i State Hospital System), Office of Youth Services in the Hawai'i Youth Correctional Facility, Department of Public Safety, Executive Agency on Aging, Department of Commerce and Consumer Affairs (limited to the Office of Consumer Protection, the Insurance Division and the Regulated Industries Complaints Office), and the Department of Accounting and General Services.

7.      All documents concerning any studies, requests for proposals or proposals regarding reimbursement rates, amounts, or policies for reimbursement of any prescription drugs.

8.      All documents concerning First DataBank or any other publisher of pharmaceutical pricing information, including but not limited to documents produced by and communications with First DataBank defining or concerning AWP or WAC, the process by which First Databank calculated AWP or WAC, and all First DataBank manuals, instructions and directions.

9.      All documents concerning communications between you and any drug manufacturer regarding any pricing or cost information.

10.     All documents concerning communications between you and the federal Department of Health and Human Services, the Health Care Financing Administration, the Centers for Medicare and Medicaid Services, and or any other federal agency regarding drug pricing issues, AWP, MAC, WAC, U&C, FUL, DP, or AMP.

11.     All documents concerning communications to or from lobbyists, other industry trade groups, public relations firms, consultants and accountants regarding drug pricing issues, AWP, MAC, WAC, U&C, FUL, DP, or AMP.

12.     All documents concerning communications with or presentations to or from any person relating to pharmaceutical pricing or reimbursement of prescription drugs, including but not limited to all documents sent to or received from:

      a.      any distributors, wholesalers, PBMs, and/or other third-party pharmacy benefit providers, MMCAP, or any other drug purchaser;

      b.      any Medicaid or pharmacists' associations;

      c.      any fiscal agent or claims administrator, including, but not limited to HMSA, ACS, First Health Services Corp., MMIS, Anthem and Cyrca;

      d.      any physicians, pharmacists or other Medicaid providers;

      e.      Medicaid listservs or distribution lists to which you subscribed or belonged.

13.     All current and historical organizational charts sufficient to describe fully Your role and the time period during which you were employed by Plaintiff.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| State of Hawaii,<br><br>             Plaintiff,<br><br>vs.<br><br>Abbott Laboratories Inc., et al.<br><br>             Defendants. | CIVIL NO. 06-1-0720-04 EEH<br>(Other Civil Action)<br><br>(Complex Litigation) [Consolidated For<br>Discovery Purposes Only]<br><br>CERTIFICATE OF SERVICE<br><br>Trial Date:      November 23, 2009<br>Trial Judge:     Hon. Eden E. Hifo |
| State of Hawaii,<br><br>             Plaintiff,<br><br>vs.<br><br>Schering Corporation, et al.,<br><br>             Defendants. | CIVIL NO. 07-1-1639-09 EEH<br>(Other Civil Action)<br><br>Trial Date:      None<br>Trial Judge:     Hon. Eden E. Hifo |

## CERTIFICATE OF SERVICE

Pursuant to Case Management Order No. 1, I hereby certify that a copy of the foregoing document was duly served upon all counsel of record through the LexisNexis File & Serve® system on this date.

DATED: Honolulu, Hawaiʻi, June 30, 2009.

CORLIS J. CHANG
THOMAS BENEDICT
WAYNE A. CROSS (*pro hac vice*)
MICHAEL J. GALLAGHER (*pro hac vice*)
HEATHER K. McDEVITT (*pro hac vice*)

**Attorneys for Defendant SANDOZ INC.**
*(With permission on behalf of all Defendants)*

2578639.1

# EXHIBIT B



25452996

Jun  2 2009
1:28PM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No.: 01-CV-12257-PBS<br>Subcategory Case No. 07-12141-PBS |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

## <u>CROSS NOTICE OF TAKING CONTINUED VIDEOTAPED DEPOSITION OF LYNN DONOVAN</u>

PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure, Purepac Pharmaceutical Co. on behalf of all Defendants in this case hereby cross-notices the continued videotaped deposition of Lynn Donovan for purposes of the above-captioned action.

This deposition will commence on Tuesday, June 23, 2009 at 9:00 AM, continuing on successive days as necessary, at the office of Goodsill Anderson Quinn & Stifel, LLP, Suite 1800, Alii Place, 1099 Alakea Street, Honolulu, Hawai`i.  This deposition will take place before a notary public, or any other officer authorized to administer oaths, and will be recorded by stenographic, sound, and visual means. Arrangements will be made so that counsel may participate by phone if they wish.  The deposition is being taking for the purposes of discovery, for use at trial, and for such other purposes as permitted under the Federal Rules of Civil Procedure.

This deposition was originally noticed on May 28, 2009, by defendant Sandoz, Inc. for purposes of *State of Hawai`i v. Abbott Laboratories, Inc. et al.,* Civil Action No. 06-1-0720-04-EEH and *State of Hawai`i  v. Schering Corporation, et al.,* Civil Action

No. 07-1-1639-09-EEH.  A copy of the notice of deposition is attached hereto as Exhibit

A.


Respectfully submitted,

| Dated June 2, 2009 | /s/ **John R. Fleder** |
| --- | --- |
| | John R. Fleder |
| | **HYMAN, PHELPS, & MCNAMARA, P.C.** |
| | 700 Thirteenth Street NW |
| | Suite 1200 |
| | Washington DC 20005 |
| | (202)-737-5600 |
| | |
| | Counsel for Defendant Purepac Pharmaceutical Co. |

## **CERTIFICATE OF SERVICE**

I, John Fleder, hereby certify that I caused a true and correct copy of the foregoing to be served upon all counsel of record via electronic service, pursuant to Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting to all parties.

Dated:  June 2, 2009                                     /s/ J.R. Fleder _____
                                                          John R. Fleder



25452996

Jun  2 2009
1:28PM

# EXHIBIT A

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

CORLIS J. CHANG                    3539-0
THOMAS BENEDICT                    5018-0
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawai'i 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

WHITE & CASE LLP

WAYNE A. CROSS (*pro hac vice*)
MICHAEL J. GALLAGHER (*pro hac vice*)
HEATHER K. McDEVITT (*pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

**Attorneys for Defendant SANDOZ INC.**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| State of Hawaii,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Abbott Laboratories Inc., et al.<br><br>                    Defendants. | CIVIL NO.  06-1-0720-04 EEH<br>(Other Civil Action)<br><br>(Complex Litigation) [Consolidated For Discovery Purposes Only]<br><br>NOTICE OF TAKING CONTINUED VIDEOTAPED DEPOSITION OF **LYNN DONOVAN** UPON ORAL EXAMINATION; EXHIBIT "A'; CERTIFICATE OF SERVICE<br><br>Trial Date:        November 23, 2009<br>Trial Judge:      Hon. Eden E. Hifo |
| State of Hawaii,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Schering Corporation, et al.,<br><br>                    Defendants. | CIVIL NO. 07-1-1639-09 EEH<br>(Other Civil Action)<br><br>Trial Date:        None<br>Trial Judge:      Hon. Eden E. Hifo |

2538604 1

NOTICE OF TAKING CONTINUED VIDEOTAPED
DEPOSITION OF LYNN DONOVAN UPON ORAL EXAMINATION

TO:   ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that Defendants will take the deposition of the

following person at the office of Goodsill Anderson Quinn & Stifel LLP, Suite 1800, Alii Place,

1099 Alakea Street, Honolulu, Hawaii, on the date and time listed below:

| Name and Address | Date/Time |
| --- | --- |
| **Lynn Donovan** | Tuesday, June 23, 2009 |
| c/o Rick J. Eichor, Esq. | 9:00 a.m. |
| Price Okamoto Himeno & Lum | |
| 707 Richards St., Ste. 728 | |
| Honolulu, Hawaii 96813 | |

Said deposition shall be upon oral examination pursuant to Rule 30 of the Hawaiʻi

Rules of Civil Procedure, before an officer authorized by law to administer oaths.  The

deposition will be recorded on videotape, stenographically and/or by sound recording on

magnetic tape.

Deponent will be required to bring with her records described in the Subpoena

Duces Tecum in the form attached hereto as Exhibit "A", which will be served upon the

deponent pursuant to Rule 30(b)(1) of the Hawaiʻi Rules of Civil Procedure.

The oral examination will be continued the following day, if necessary.  You are

invited to appear and cross-examine the deponent.

DATED: Honolulu, Hawai'i, May 28, 2009.

CORLIS J. CHANG
THOMAS BENEDICT
WAYNE A. CROSS (*pro hac vice*)
MICHAEL J. GALLAGHER (*pro hac vice*)
HEATHER K. McDEVITT (*pro hac vice*)

**Attorneys for Defendant SANDOZ INC.**
*(With permission on behalf of all Defendants)*

3

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

CORLIS J. CHANG          3539-0
THOMAS BENEDICT          5018-0
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawai'i 96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

WHITE & CASE LLP

WAYNE A. CROSS (*pro hac vice*)
MICHAEL J. GALLAGHER (*pro hac vice*)
HEATHER K. McDEVITT (*pro hac vice*)
1155 Avenue of the Americas
New York, NY 10036-2787
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113

**Attorneys for Defendant SANDOZ INC.**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| State of Hawaii,<br><br>            Plaintiff,<br><br>    vs.<br><br>Abbott Laboratories Inc., et al.<br><br>            Defendants. | CIVIL NO.  06-1-0720-04 EEH<br>(Other Civil Action)<br><br>(Complex Litigation) [Consolidated For Discovery Purposes Only]<br><br>SUBPOENA DUCES TECUM; EXHIBIT "1"<br><br>Deponent:        Lynn Donovan<br>Date and Time:   June 23, 2009, 9:00 a.m.<br><br>Trial Date:       November 23, 2009<br>Trial Judge:      Hon. Eden E. Hifo |
| State of Hawaii,<br><br>            Plaintiff,<br><br>    vs.<br><br>Schering Corporation, et al.,<br><br>            Defendants. | CIVIL NO. 07-1-1639-09 EEH<br>(Other Civil Action)<br><br>Trial Date:       None<br>Trial Judge:      Hon. Eden E. Hifo |

2538604.1

**EXHIBIT A**

## SUBPOENA DUCES TECUM

THE STATE OF HAWAII

TO THE SHERIFF of the State of Hawaii or his Deputy, or any Police Officer in the State of Hawaii:

YOU ARE COMMANDED to Subpoena:

> Lynn Donovan
> c/o Rick J. Eichor, Esq.
> Price Okamoto Himeno & Lum
> 707 Richards Street, Suite 728
> Honolulu, Hawaii 96813

to appear at the offices of Goodsill Anderson Quinn & Stifel LLP, Suite 1800, Alii Place, 1099 Alakea Street, Honolulu, Hawai'i, before a notary public duly authorized to administer oaths on **Tuesday, June 23, 2009 at 9:00 a.m.**, to testify as a witness on the part of Defendants in the above-entitled matter and to bring for production and turning over each of the items listed on Exhibit "1," attached hereto.

DATED:  Honolulu, Hawai'i, _____.


_____

Clerk of the Above-Entitled Court

2

## RETURN OF SERVICE

Received this Subpoena Duces Tecum at <u>Suite 1800, 1099 Alakea Street, Honolulu,</u>

<u>Hawai'i  96813</u> on _____ and on _____, at ___.m. at <u>Price Okamoto</u>

<u>Himeno & Lum – 707 Richards St., Suite 728, Honolulu, Hawai'i  96813,</u> I served it on the

within named <u>Rick J. Eichor, Esq.</u> by delivering a copy to <u>him</u> and tendering to <u>him</u> the fee for

one day's attendance allowed by law.

DATED:  Honolulu, Hawaii, _____.

_____

Acknowledgment:

_____
Signature

_____
Print Name

Dated: _____

Time: _____

Position/Title: _____

3

## EXHIBIT "1"

### Definitions

1.      The terms "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests the greatest possible responsive information, and the terms "each," "any," and "all" shall mean "each and every."

2.      The term "ACS" refers to Affiliated Computer Services.

3.      "AMP" or "Average Manufacturer Price" shall have the meaning set forth in 42 U.S.C. § 1396r-8(k)(1).

4.      The term "Communication" means any form of written or oral communication, including, without limitation, letters, memoranda, electronic mail, voicemail, telegrams, invoices, telephone conversations, face-to-face meetings, and other similar forms or communication or correspondence.

5.      The term "Document" shall be used in a comprehensive sense as contemplated by Rule 34 of the Hawaii Rules of Civil Procedure and shall mean any kind of tangible material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including, but not limited to, papers, agreements, contracts, notes, memoranda, electronic or computer-transmitted messages viewed via monitor, correspondence, letters, e-mails, facsimile transmissions, statements, invoices, record books, reports, studies, analyses, transcripts, minutes, working papers, charts, graphs, drawings, calendars, appointment books, diaries, indices, tapes, summaries and/or notes regarding telephone conversations, personal conversations, interviews, and meetings, and any and all other written, printed, recorded, taped, typed, duplicated, reproduced or other tangible matter in your possession, custody or control, including all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes, or other notations not present on the original Document as originally typed, written, or otherwise prepared.

6.      "EAC" or "Estimated Acquisition Cost" shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 447.301.

7.      The term "HMSA" refers to the Hawaii Medical Service Association.

8.      The term "Knowledge" means information within the possession of an individual or entity.

9.      The term "MMCAP" means the Minnesota Multi-State Contracting Alliance for Pharmacy.

10.     The term "MMIS" refers to the Medicaid Management Information System.

11.     The term "Price" means any payment made for a drug with or without discounts, rebates or other incentives affecting the cost of the drug, including reimbursement of other parties for drug-related expenditures.

12.     The term "PBM" means pharmacy benefits manager.

13.     The term "Reimbursement" or "Reimburse" means any payment to a medical or pharmaceutical provider for a prescription drug provided to any patient, including but not limited to the ingredient cost and any dispensing fee.

14.     The terms "Relating to" and/or "Regarding" shall mean relating to, regarding, consisting of, referring to, reflecting, manifesting, prepared in connection with, in comparison to, describing, containing, attesting to, or being in any way legally, logically, or factually connected with the matter discussed, whether directly or indirectly.

15.     The terms "State," "Hawaii," or "Plaintiff" refer collectively to the State of Hawaii, including but not limited to the Office of the Attorney General, the Department of Human Services, the Med-QUEST Division, the state Auditor, the state legislature, legislative committees, all successors and predecessors, and officials, agents, employees, commissions, boards, divisions, departments, agencies, instrumentalities, administrators and other Persons or entities acting on their behalf and/or involved in administering, overseeing, or monitoring any State program, including Medicaid, that provides reimbursement for pharmaceutical products.

16.     The terms "You" or "Your" refer to Lynn Donovan.

### Instructions

1.     Each document request shall be construed to include documents within the knowledge, possession or control of the subpoenaed party, his/her attorneys, investigators, agents, owners, offices, employees, or other representatives of the subpoenaed party and/or his/her attorneys, as of the date of the answers given to those document requests and any supplemental information, knowledge, data, documents or communications responsive to these document requests which is subsequently obtained or discovered.

2.     If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was more recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document.  If the document has been destroyed, state the reason for and the date of its destruction.

3.     If you claim privilege as a ground for not providing documents in response to any document request, describe the factual basis for said claim of privilege in sufficient detail so as to permit the court to adjudicate the validity of the claim, including the date the document was prepared, its title, the author, the addresses, all recipients and the general subject matter.

4.      If the response to any document request consists, in whole or in part, of any objection(s), state with specificity the full objection(s) and the particularized basis for each said objection.

5.      Unless otherwise indicated in a specific request, the requests herein refer to documents created from January 1, 1980 to the present and the documents relating to such period even though created before that period.

6.      Documents should be produced as they are maintained in the normal course of business, and thus if documents are maintained in electronic form, they should be produced in electronic form. Data must be produced in the data format in which it is typically used and maintained. Moreover, to the extent a responsive document has been electronically scanned (for any purpose), that document must be produced in a readable and accessible electronic format, with the opportunity provided to review the original document(s).

7.      To the extent you object to any portion of a document request, you must respond to the remaining portion of the request to which you do not object.

<u>**Documents to Be Produced**</u>

1.      Any documents regarding or relating to Your role as Med-QUEST Pharmacy Consultant for the State of Hawai'i, or any other positions you held for Plaintiff or other parties contracting with Plaintiff, including but not limited to documents regarding or relating to Your qualifications, responsibilities, and duties in these roles.

2.      All documents concerning the meaning or calculation of (i) "AWP" or "average wholesale price," (ii) "MAC" or "maximum allowable cost," (iii) "WAC" or "wholesale acquisition cost," (iv) "U&C" or "usual & customary" costs, (v) "FUL" or "Federal Upper Limit," (vi) "DP" or "direct price," (vii) "AMP" or "average manufacturer price," or (viii) any other price used to reimburse Hawai'i providers.

3.      All documents regarding or relating to Your Knowledge or Plaintiff's Knowledge regarding or relating to (i) "AWP" or "average wholesale price," (ii) "MAC" or "maximum allowable cost," (iii) "WAC" or "wholesale acquisition cost," (iv) "U&C" or "usual & customary" costs, (v) "FUL" or "Federal Upper Limit," (vi) "DP" or "direct price," (vii) "AMP" or "average manufacturer price," or (viii) any other price used to reimburse Hawai'i providers.

4.      All documents concerning "EAC" or "estimated acquisition cost" for prescription drugs reimbursed under Hawai'i Medicaid.

5.      All documents concerning reimbursement of prescription drugs, Medicaid provider dispensing fees, or other fees for the supply and administration of prescription drugs.

6.      All Documents regarding or relating to the payment formula or other basis on which each prescription drug was purchased and/or reimbursed by the Hawai'i Department of Human Services (including the Adult Mental Health Division, the Child/Adolescent Mental Health Division, and the Benefit Employment & Support Services Division), the Hawai'i Med-QUEST

Division, or any other state entity, including but not limited to the following: Department of Health (including the Hawai'i State Hospital System), Office of Youth Services in the Hawai'i Youth Correctional Facility, Department of Public Safety, Executive Agency on Aging, Department of Commerce and Consumer Affairs (limited to the Office of Consumer Protection, the Insurance Division and the Regulated Industries Complaints Office), and the Department of Accounting and General Services.

7.      All documents concerning any studies, requests for proposals or proposals regarding reimbursement rates, amounts, or policies for reimbursement of any prescription drugs.

8.      All documents concerning First DataBank or any other publisher of pharmaceutical pricing information, including but not limited to documents produced by and communications with First DataBank defining or concerning AWP or WAC, the process by which First Databank calculated AWP or WAC, and all First DataBank manuals, instructions and directions.

9.      All documents concerning communications between you and any drug manufacturer regarding any pricing or cost information.

10.     All documents concerning communications between you and the federal Department of Health and Human Services, the Health Care Financing Administration, the Centers for Medicare and Medicaid Services, and or any other federal agency regarding drug pricing issues, AWP, MAC, WAC, U&C, FUL, DP, or AMP.

11.     All documents concerning communications to or from lobbyists, other industry trade groups, public relations firms, consultants and accountants regarding drug pricing issues, AWP, MAC, WAC, U&C, FUL, DP, or AMP.

12.     All documents concerning communications with or presentations to or from any person relating to pharmaceutical pricing or reimbursement of prescription drugs, including but not limited to all documents sent to or received from:

        a.      any distributors, wholesalers, PBMs, and/or other third-party pharmacy benefit providers, MMCAP, or any other drug purchaser;

        b.      any Medicaid or pharmacists' associations;

        c.      any fiscal agent or claims administrator, including, but not limited to HMSA, ACS, First Health Services Corp., MMIS, Anthem and Cyrca;

        d.      any physicians, pharmacists or other Medicaid providers;

        e.      Medicaid listservs or distribution lists to which you subscribed or belonged.

13.     All current and historical organizational charts sufficient to describe fully Your role and the time period during which you were employed by Plaintiff.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| State of Hawaii, | CIVIL NO.  06-1-0720-04 EEH |
| Plaintiff, | (Other Civil Action) |
| vs. | (Complex Litigation) [Consolidated For Discovery Purposes Only] |
| Abbott Laboratories Inc., et al. | CERTIFICATE OF SERVICE |
| Defendants. | Trial Date:          November 23, 2009 |
| | Trial Judge:        Hon. Eden E. Hifo |
| State of Hawaii, | CIVIL NO. 07-1-1639-09 EEH |
| Plaintiff, | (Other Civil Action) |
| vs. | Trial Date:          None |
| Schering Corporation, et al., | Trial Judge:        Hon. Eden E. Hifo |
| Defendants. | |

CERTIFICATE OF SERVICE

Pursuant to Case Management Order No. 1, I hereby certify that a copy of the

foregoing document was duly served upon all counsel of record through the LexisNexis File &

Serve® system on this date.

DATED: Honolulu, Hawai'i, May 28, 2009.

CORLIS J. CHANG
THOMAS BENEDICT
WAYNE A. CROSS (*pro hac vice*)
MICHAEL J. GALLAGHER (*pro hac vice*)
HEATHER K. McDEVITT (*pro hac vice*)

**Attorneys for Defendant SANDOZ INC.**
*(With permission on behalf of all Defendants)*

2538604.1

# EXHIBIT C



25785815

Jun 23 2009
1:30PM

Via Lexis Nexis File & Serve

To:        All Counsel of Record

From:      James P. Ellison

Re:        IN RE:  PHARMACEUTICAL INDUSTRY AVERAGE
           WHOLESALE PRICE LITIGATION

           State of Iowa v. Abbott Laboratories, et al.

           Deposition of Lynn Donovan

The deposition of Lynn Donovan, cross-noticed in this case for June 24, 2009, was
cancelled by counsel for Plaintiff in the Hawaii case in which it was originally
noticed.  Consequently, the deposition will not take place on that date.

We will provide additional information once a new date for the deposition has
been set.

# EXHIBIT D

**Subject:** RE: Meet and confer re Lynn Donovan deposition
**From:** "John R. Fleder" <JFleder@hpm.com>
**Date:** Fri, 10 Jul 2009 15:46:30 -0400
**To:** "Jocelyn Normand" <jnormand@kmllp.com>
**CC:** "Joanne Cicala" <jcicala@kmllp.com>

Jocelyn:  This is in response to your email and two telephone calls over
the past 20 hours. You claim that Iowa does not know why Lynn Donovan's
deposition has been cross-noticed in the Iowa case. Regardless of what
Iowa knows, we are quite confident that Iowa's counsel knows exactly why
that deposition has been noticed in Iowa. As has been made clear in some
of the cross notices in other jurisdictions (which your firm has
undoubtedly seen), Ms. Donovan attended a number of national Medicaid
pharmacy conferences that were attended by other states' Medicaid
officials. Those state Medicaid administrators heard presentations
concerning, among other things, the use and meaning of AWP. Thus, a
number of the exhibits to be used at that deposition and Ms. Donavan's
testimony will have cross-state applicability.

You indicate that you are contemplating filing a Motion to Quash the
cross notice. We find that threat to be surprising in terms of the
substance for the reasons outlined above. Such a Motion would also be
dilatory. We issued our first Iowa cross notice regarding Miss Donovan's
deposition on June 2, 2009. We issued an amended cross notice on June
16, 2009. We issued a second amended cross notice on July 2, 2009 for a
deposition that is now scheduled to begin on July 20, 2009. While we
certainly cannot prevent Iowa from filing a Motion, you need to explain
why it has taken Iowa so long to first raise on July 9, 2009, a question
that could have been raised well before now.

*************************************************************
This e-mail is sent by a law firm and may contain information
that is privileged or confidential. If you are not the intended
recipient, please delete the e-mail and any attachments and
notify us immediately.
*************************************************************

-----Original Message-----
From: Jocelyn Normand [mailto:jnormand@kmllp.com]
Sent: Friday, July 10, 2009 3:15 PM
To: John R. Fleder
Cc: Joanne Cicala
Subject: Meet and confer re Lynn Donovan deposition

John,

Further to the voicemails I have left for you, I write regarding your
July 2, 2009 cross notice to the State of Iowa for the deposition of
Lynn Donovan.  We understand that Ms. Donovan is an employee of the
Hawaii Medicaid program.  We would like to meet and confer to learn what

information you feel Ms. Donovan has relevant to the Iowa Medicaid
program or why you otherwise feel this cross notice is proper.  If we do

not hear from you by noon Eastern Monday July 13, 2009 we will assume
you are not going to withdraw the notice and we will move to quash.

Best,
Jocelyn

--
Jocelyn R. Normand
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: 212.371.6600
Fax: 212.699.1194
jnormand@kmllp.com
www.kmllp.com

CONFIDENTIALITY NOTICE: This e-mail message and any associated
attachments are private communication and may contain confidential,
legally privileged information meant solely for the intended recipient.
If you are not the intended recipient, you are hereby notified that any
disclosure, copying, distribution, or the taking of any action in
reliance on the contents of this transmission is strictly prohibited. If

you have received this e-mail in error, please notify the sender
immediately and do not disclose its contents, use it for any purpose, or

store/copy the information in any medium. Thank you.

7/10/2009 7:26 PM

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 Civil Action No. 01-12257-PBS Subcategory Case No. 07-12141-PBS |
| THIS DOCUMENT RELATES TO:<br><br>   *State of Iowa*<br><br>*v.*<br><br>   *Abbott Laboratories, et al.* | ) ) ) ) ) ) ) | Judge Patti J. Saris Magistrate Judge Marianne B. Bowler |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO QUASH DEFENDANT PUREPAC PHARMACEUTICAL CO.'S CROSS-NOTICE OF CONTINUED VIDEOTAPED DEPOSITION OF LYNN DONOVAN**

Having considered Plaintiff's Emergency Motion to Quash Defendant Purepac Pharmaceutical Co.'s (hereinafter referred to as "Purepac") Cross-Notice of Continued Videotaped Deposition of Lynn Donovan, the Court hereby grants plaintiff's motion.

It is hereby ordered that pursuant to Federal Rule 45 the cross-notice of the deposition of Lynn Donovan issued by Purepac to plaintiff is hereby quashed.

Dated: _____

_____
Hon. Marianne B. Bowler
United States Magistrate Judge