UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | MDL No. 1456<br>Master File No.: 01-CV-12257-PBS<br>Subcategory Case No. 07-12141-PBS<br><br>Judge Patti B. Saris |

### OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO QUASH

Plaintiff, State of Iowa's Emergency Motion to Quash is meritless. Plaintiff argues that the cross-notice of the deposition of Lynn Donovan should be quashed for two reasons. First, Plaintiff argues that, despite 18 days notice, "it was not timely served." Plaintiff's Mot. at 2. Counsel for Plaintiff, in a motion to quash the cross-notice of this same deposition filed in another MDL case, acknowledges that the CMO governing this case establishes a presumption that two weeks notice is timely. *See* Exhibit A (Plaintiff's Emergency Motion to Quash Defendant Schering-Plough Corporation's, Schering Corporation's and Warrick Pharmaceutical Corporation's Cross-Notice of the Continued Videotaped Deposition of Lynn Donovan) at 2 (citing to Document No. 5864, the relevant case management order ("CMO") in this case, a copy of which is attached as Exhibit B and which states that depositions should be cross-noticed "as soon as practicable, preferably at least two weeks before the deposition"). Purepac complied with the requirements of the CMO, and Plaintiff's argument to the contrary is demonstrably incorrect.

Plaintiff's suggestion that 18 days is inadequate because the deposition will take place in Hawai`i adds nothing to its argument. Plaintiff's counsel is well aware that telephonic participation and remote streaming video are typically available for depositions in these AWP cases. Indeed, the cross-notice specifically states that "[a]rrangements will be made so that counsel may participate by phone if they wish," *see* Exhibit A to Plaintiff's Mot. at 1, and counsel for Plaintiff has participated in other depositions by such means.

Moreover, in setting forth the events leading up to the currently scheduled deposition, Plaintiff's counsel fails to mention – or attach as an exhibit – the amended cross-notice of deposition, a copy of which is attached hereto as Exhibit C. This amended cross-notice was served in this case on June 16, 2009, and moved the deposition one day (from June 23 to June 24) at the request of counsel for the Plaintiff in the Hawai`i AWP cases. One day later, Plaintiff's counsel for Hawai`i unilaterally cancelled the deposition scheduled for June 24. Once the deposition was re-noticed in the Hawai`i case, it was cross-noticed in the Iowa case within two (2) days.

Notably, Plaintiff's counsel does not argue surprise concerning the deposition of Lynn Donovan and, indeed, has been involved in discussions regarding the scheduling of Ms. Donovan's deposition in Hawai`i since at least mid-June. As demonstrated in the exhibits filed in the Hawai`i matter in support of defendants' motion to compel the deposition of Ms. Donovan, Michael Winget-Hernandez (plaintiffs' counsel in both the Hawaii and New York Counties matters) has been intimately involved in the scheduling, rescheduling, cancellation, and most recent rescheduling of the deposition of Lynn Donovan. *See, e.g.*, June 17, 2009 Declaration of C. Michael Moore filed in support of

2

Defendants' Motion to Compel the Deposition of Lynn Donovan and Angie Payne (attached hereto as Exhibit D).

As a second basis to quash the cross-notice, Plaintiff argues that it "constitutes nothing more than a fishing expedition for inadmissible hearsay." Plaintiff's Mot. at 2. This argument is speculative and provides no grounds to grant Plaintiff's Motion. If, as Plaintiff asserts, the deposition will yield no evidence relevant to the Iowa case, then Plaintiff need not attend. If the deposition does yield evidence that Purepac deems relevant and Plaintiff disagrees, Plaintiff can make its evidentiary arguments in connection with a proper motion at the proper time. In any event, Plaintiff's argument does not support its requested relief. It should be noted that Plaintiff is not unfamiliar with the purposes and efficiency of cross-noticing depositions, and has recently issued several such notices.

Assuming arguendo that a showing of relevance is necessary – which it is not – Purepac offers Exhibits E and F, as two examples of emails that reflect regular communications between and among states (including but not limited to Hawai`i and Iowa and the federal government. *See* Exhibit E (email sent to both Aileen Hiramatsu (HI) and Cathy Anderson (IA) regarding Arkansas' plan "to reduce pharmacy reimbursement . . . based on our Myers and Stauffer Survey" and noting that "[t]he threat is now there will be a lawsuit alleging that if we reduce payments access will be compromised"); *see also* Exhibit F (email to both L. Donavan (HI) and Susan Parker, a Pharmacy Consultant employed by Iowa's Department of Human Services). These exhibits illustrate that the cross-noticing of Ms. Donovan's deposition is not an improper "fishing expedition" as Plaintiff alleges.

3

For all of the above-stated reasons, the Plaintiff's Motion to Quash should be denied.

Respectfully submitted,

Purepac Pharmaceutical Co.,

By its Attorneys

Dated July 16, 2009

 /s/ J.P. Ellison
John R. Fleder
J.P. Ellison
**HYMAN, PHELPS & McNAMARA, P.C.**
700 Thirteenth Street, N.W.
Suite 1200
Washington, DC  20005
(202) 737-5600

## CERTIFICATE OF SERVICE

I, J.P. Ellison, hereby certify that on July 16, 2009, I filed this document through the ECF system, which sent it electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  July 16, 2009                                        /s/ J.P. Ellison
                                                                            J.P. Ellison