**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-12257-PBS<br>Subcategory No: 03-10643 |
| THIS DOCUMENT RELATES TO: ) ) | Judge Patti B. Saris |
| *City of New York* v. *Abbott Labs., et al.* (S.D.N.Y. No. 04-CV-06054) ) ) | |
| *County of Suffolk* v. *Abbott Labs., et al.* (E.D.N.Y. No. 03-CV-229) ) ) | |
| *County of Westchester* v. *Abbott Labs., et al.* (S.D.N.Y. No. 03-CV-6178) ) ) | |
| *County of Rockland* v. *Abbott Labs., et al.* (S.D.N.Y. No. 03-CV-7055) ) ) | |
| *County of Dutchess* v. *Abbott Labs., et al.* (S.D.N.Y. No. 05-CV-06458) ) ) | |
| *County of Putnam* v. *Abbott Labs., et al.* (S.D.N.Y. No. 05-CV-04740) ) ) | |
| *County of Washington* v. *Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00408) ) ) | |
| *County of Rensselaer* v. *Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00422) ) ) | |
| *County of Albany* v. *Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00425) ) ) | |

[Caption Continues on Next Page]

**OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO QUASH DEFENDANTS SCHERING-PLOUGH CORPORATION'S, SCHERING CORPORATION'S, AND WARRICK PHARMACEUTICAL CORPORATION'S CROSS-NOTICE OF CONTINUED VIDEOTAPED DEPOSITION OF LYNN DONOVAN**

*County of Warren* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00468) )
*County of Greene* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00474) )
*County of Saratoga* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00478) )
*County of Columbia* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00867) )
*Essex County* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer* v. *Abbott Labs. et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis* v. *Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua* v. *Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany* v. *Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus* v. *Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06242) )
*County of Genesee* v. *Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06206) )
*County of Wayne* v. *Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06138) )

| | |
|---|---|
| *County of Monroe* v. *Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates* v. *Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara* v. *Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca* v. *Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans* v. *Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario* v. *Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler* v. *Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben* v. *Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung* v. *Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau* v. *Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |

Plaintiffs' Emergency Motion to Quash is meritless.  Plaintiffs argue that the cross-notice of the July 20, 2009 deposition of Lynn Donovan should be quashed for two reasons.  First, plaintiffs argue that despite eleven days notice, the deposition notice "was not timely served." Plaintiffs' Mot. at 2.  However, plaintiffs make no assertion that they have suffered or will suffer any prejudice resulting from the eleven days notice of the deposition.  Moreover, the Federal Rules require reasonable written notice to opposing counsel before the taking of an oral deposition and eleven days notice is certainly "reasonable."  *See* Fed. R. Civ. P. 30(b)(1); *see Federal Aviation Admin.* v. *Landy*, 705 F.2d 624 (2d Cir. 1983) (finding five days notice to counsel in New York of a deposition in Florida to be reasonable); *see also Hadley* v. *United States,* 45 F.3d 1345, n. 4 (requiring ten days notice for a deposition); *Dunne* v. *Smith*, 2009 WL 840651, Case No. 07-00074-BLW, *9 (E.D. Ca. March 27, 2009) (requiring that all depositions be preceded by ten days written notice).

Plaintiffs' counsel notably do not argue that they were surprised by the deposition of Lynn Donovan and,  indeed, have been involved in discussions regarding the scheduling of Ms. Donovan's deposition in Hawaii since mid-June.  As demonstrated in the exhibits filed in the Hawaii matter in support of defendants' motion to compel the deposition of Ms. Donovan and in the exhibits attached to Iowa's Emergency Motion to Quash the Deposition of Lynn Donovan, plaintiffs' counsel Michael Winget-Hernandez (plaintiffs' counsel in both the Hawaii and New York Counties matters) spoke with the Hawaii defendants' counsel on or about June 11 regarding the scheduling of Ms. Donovan's deposition.   *See* June 17, 2009 Declaration of C. Michael Moore filed in support of Defendants' Motion to Compel the Deposition of Lynn Donovan and Angie Payne (attached hereto as Exhibit A); *see also* Plaintiff's Emergency Mot. to Quash Defendants Purepac Pharmaceutical Co.'s Cross-Notice of Continued Videotapes

1

Deposition of Lynn Donovan, filed July 15, 2009 [Docket No. 6264-2].  The deposition, then scheduled for June 24 was subsequently postponed by counsel for Hawaii.  *See* June 17, 2009 Letter from C. Carter to M. Moore (attached hereto as Exhibit B).  Thus, plaintiffs' counsel have had first-hand knowledge about the deposition of Ms. Donovan since mid-June and cannot possibly argue any surprise about the date of the deposition.

Second, Plaintiffs' argument that there is no "reason" Ms. Donovan's deposition "will lead to the discovery of admissible evidence" in the New York Counties matter is incorrect in light of Ms. Donovan's extensive oral and written communications with New York Medicaid officials, including Mark Richard Butt – the witness offered by plaintiffs and the New York Department of Health ("NYDOH") for deposition testimony in compliance with Magistrate Judge Bowler's August 20, 2008 Order requiring discovery of NYDOH.  *See* August 20, 2008 Hearing Tr. at 41:11-14 (attached hereto as Ex. C).  Indeed, Ms. Donovan is a Hawaii Medicaid official and documents produced in the Hawaii AWP matter show that Ms. Donovan participated in regular communications with Medicaid Directors for other states, including New York, about efforts to reduce state Medicaid agencies' reimbursement rates.  *See*, *e.g*., Feb. 9, 2002 Email from R. Hanley (Arkansas Medicaid) to other Medicaid officials, including Kathryn Kuhmerker (New York Medicaid), at HHC014-0232 to HHC014-0235 (attached hereto as Ex. D).  Moreover, Ms. Donovan attended in-person national meetings of Medicaid Directors and took extensive notes about the statements made by representatives of other state Medicaid agencies, including statements made by New York Medicaid Director Mark Richard Butt.  *See* Aug. 2-4, 2002 National Medicaid Pharmacy Administrators' Association 16th Annual Meeting, at HI_HI 000002735, 000002743 (attached hereto as Ex. E).  Even if the testimony of Ms. Donovan herself is ultimately found to be inadmissible, it is likely that her testimony will lead to the

discovery of admissible evidence regarding New York Medicaid's understanding of AWP as a basis for reimbursement.

For all of the above-stated reasons, the Plaintiffs' Emergency Motion to Quash Should be denied.

Respectfully submitted,

 /s/ John P. Bueker
John T. Montgomery (BBO# 352220)
John P. Bueker (BBO# 636435)
Kim B. Nemirow (BBO# 663258)

ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*On Behalf of All FUL Defendants*

Dated: July 16, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2009, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

 /s/ Kim B. Nemirow
Kim B. Nemirow

3