# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 1456
CIVIL ACTION NO.
01–CV–12257–PBS

IN RE PHARMACEUTICAL INDUSTRY ⟩
AVERAGE WHOLESALE PRICE LITIGATION ⟩
⟩
⟩
THIS DOCUMENT RELATES TO: *U.S. ex rel.* ⟩
*Ven-A-Care of the Florida Keys, Inc.* v. *Abbott* ⟩
*Laboratories, Inc.*, Civil Action No. 06-11337-PBS ⟩
⟩

MEMORANDUM AND ORDER ON
*IN CAMERA* REVIEW OF DOCUMENTS

I. Procedural Background.

Pursuant to Fed. R. Civ. P. Rule 53, by Order of United States Magistrate Judge Marianne B. Bowler, dated March 30, 2009, (the "March 30, 2009 Order"), the undersigned, Hon. Allan van Gestel (Ret.), was appointed a Special Master to determine if certain documents in this matter which have been withheld from discovery by the Government fall within the deliberative process privilege and, if so, whether such documents nevertheless must be produced. The Special Master has been directed to conduct an individualized *in camera* review of the documents in issue and to make appropriate factual findings as to each document.

The Special Master has been advised by counsel that they have reported to Judge Bowler that they consent to have the Special Master's decisions in this matter "be final" as if made by the District Judge or, alternatively, as if made by the Magistrate Judge, and thereby expedite any appellate review thereof. See March 30, 2009 Order at p. 4 & n.2.

Counsel for the Defendants have provided the Special Master with a compendium of the

parties' prior briefing (and relevant exhibits) associated with the specified discovery issues, as well as copies of related prior orders by District Judge Saris and Magistrate Judge Bowler. With the exception of one group,[1] the Government has provided the Special Master with the withheld documents subject to the *in camera* review. There are seven categories of documents, generally described as follows:

75 documents identified in a schedule of documents prioritized by Defendants that the United States continues to withhold;

21 documents submitted for *in camera* review on December 4, 2007;

another 21 documents on June 3, 2008;

the entirety of a CMS Decision Memorandum;

the minutes of entrance and exit conferences for five Office of the Inspector General reports of particular interest to Defendants which have not been produced or logged by the Government;

any documents designated by the Defendants from the files of Medicare carriers which the Government continues to withhold; and

as late arrivals, certain documents produced to the Defendants with redactions.

In addition to the seven categories of documents listed above, the Defendants also reference "23 instances where Government counsel asserted the deliberative process privilege to instruct federal employees not to answer deposition questions." The Defendants also seek an order in connection with these instructions. Because this latter situation was not included within the March 30, 2009 Order, the Special Master suggested to counsel that they should approach the

---

[1] See page 16 *infra,* relating to documents bearing Bates Stamp Nos. HHD337 0005-0011, HHD340 0001-0004, HHD340 0005-0010, HHD340 0011-0030 and HHD340 0031-0034.

Magistrate Judge to determine whether the Special Master has authority to act upon and is directed to act upon this latter issue. As of this writing, the Special Master has not been advised of any additions to his authority.

## II. Legal Background.

By an Order dated November 5, 2008, District Judge Saris set forth her understanding of the law as it applies to the deliberative process privilege in play in this case. The Special Master considers himself bound by the law so stated and, therefore, sets forth below the general applicable principles recited in Judge Saris's Order by which this *in camera* review has been conducted.

The deliberative process privilege applies to "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dept. of the Interior* v. *Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). To qualify for the deliberative process privilege, a document must be (1) "predecisional," that is, prior to the adoption of the agency policy, and (2) "deliberative," that is, related to the policy-making process. *Texaco P.R., Inc.* v. *Dept. of Consumer Affairs*, 60 F.3d 867, 884 (1st Cir. 1995).

"A predecisional document may be . . . any document that contains personal opinions and is designed to assist agency decision-makers in making their decisions." *Mo. Coal. for the Env't Found.* v. *U.S. Army Corps of Eng'rs*, 542 F.3d 1204, 1281 (8th Cir. 2008). "A document will be considered 'predecisional' if the agency can (i) pinpoint the specific agency decision to which the document correlates, (ii) establish that its author prepared the document for the purpose of assisting the agency official charged with making the agency decision, and (iii) verify that the

3

document precedes, in temporal sequence, the decision to which it relates." *Providence Journal Co. v. U.S. Dept. of the Army*, 981 F.2d 552, 557 (1st Cir. 1992).

A document is "deliberative" if it "(i) formed an essential link in a specified consultative process, (ii) reflect[s] the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency." *Id.* at 559. Thus, "a document is 'predecisional' if it precedes in time the decision to which it was applied and it is 'deliberative' if it constitutes a statement of opinion regarding final policy rather than a description of the ultimate policy itself." *United States v. Cicilline*, No. 07-10008 NMG, 2008 WL 427286, at *1 (D. Mass., Feb. 13, 2008).

The deliberative process privilege does not shield documents that simply state or explain a decision that the Government has already made, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151-152 (1975), nor does it protect material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of the document that its disclosure would inevitably reveal the Government's deliberations. *Providence Journal Co.*, 981 F.2d at 562. Even factual material is protected if its disclosure "would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.*

The deliberative process privilege "is a qualified one" and "is not absolute." *Texaco P.R., Inc.*, 60 F.3d at 885. In exercising its discretion a Court or, here, a Special Master "should consider, among other things, the interests of the litigants, society's interest in the accuracy and integrity of fact-finding, and the public's interest in honest, effective government." *Id.* There must be a balance between the public interest in the protection of the deliberative process and the

movant's particularized need for the information as evidence in the case before the court.  See,

e.g., *Comm. for Nuclear Responsibility, Inc.* v. *Seaborg*, 463 F.2d 788, 791 (D.C. Cir. 1971).  To

compel disclosure, the party seeking it must "make a showing of necessity sufficient to outweigh

the adverse effects the production would engender."  *Carl Zeiss Stiftung* v. *V.E.B. Carl Zeiss,

Jena*, 40 F.R.D. 318, 328-329 (D.D.C. 1966).

There are numerous factors to consider when balancing the competing interests involved.

They include:

> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the "seriousness" of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*In re Franklin Nat'l Bank Sec. Litig.*, 478 F. Supp. 577, 583 (E.D.N.Y. 1979).

III.  Individualized <em>In Camera</em> Revue of Documents.

With the above standards and issues in mind, and one additional caveat,[2] based upon an

individualized review of the several documents, the Special Master makes the following

findings.

1.  The 75 documents identified in a schedule of documents prioritized by Defendants that the United States continues to withhold.

There are two main packets of documents that have been submitted in this grouping – 18

documents which are from the files of the Centers for Medicare and Medicaid Services

---

[2] The caveat is the obvious:  reviewing the documents submitted was a particularly dense project, intellectually and otherwise, especially for someone with as little connection and familiarity with this very complex case as your Special Master.

("CMS"), and 57 documents from the files of the Office of the Inspector General of HHH ("OIG"). Further, the OIG documents fall into two subcategories: workpapers associated with audits and inspections and documents (a) created outside the time frame at issue in this case or (b) drafts of documents, the final versions of which have been publicly released.

With regard to the CMS documents, the Special Master observes that there is a group that constitutes draft versions of preamble language relating to fee schedules from 1996 and 1998. These documents contain handwritten marginalia and proposed edits. The final versions of these preambles have been released in the Federal Register. These documents are predecisional and deliberative. They seem hardly relevant to the issues in the underlying case and the balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government. These documents bear Bates Stamp Nos. HHC902 0053-0055 and HHC902 0035-0052.

The next three documents consist of notes written by a CMS program analyst discussing provisions deleted from a set of CMS final rules during deliberations relating to rule-making. Although not dated it is clear that these documents are predecisional and deliberative. Again, they seem hardly relevant to the issues in the underlying case and the balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government. These documents bear Bates Stamp Nos. HHC903 0105-0107.

The next document is an "AWP Payment Impact" dated 7-25-03. It became part of a rule issued after August 20, 2003. This document is predecisional and deliberative. Again, it

6

seems hardly relevant to the issues in the underlying case and the balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government.  This document bears Bates Stamp Nos. HHD929 0028-0029.

The next group of documents consist of option papers and proposals developed by CMS staff.  All of these documents are predecisional and deliberative.  They relate to options and recommendations for certain methods for using data for determining payment amounts for various drugs.  They seem hardly relevant to the issues in the underlying case and the balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government. These documents bear Bates Stamp Nos. HHC901 0788-0789; HHC904 0187-0191; HHC904 0603-0606; HHD924 0009-0016; HHC902 0271-0310; HHC902 0187-0201; and HHC902 0059-0062.

The next CMS documents are drafts of an "Initial Notice of Inherent Reasonableness" which contain comments from agency and carrier personnel.  The final version of the notice has been produced.  These are predecisional and deliberative.  The balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government. These documents bear Bates Stamp Nos. HHC907 0800-0816.

There is a document bearing Bates Stamp Nos. HHD938 0001-0008 prepared by the Special Assistant to the President for Economic Policy.  It bears a "Close Hold" stamp on it, which the Special Master is advised means that it should not be released.  Further, this

document did not originate with CMS.  Counsel for the Government in this case has not yet determined the position of the White House regarding the status of this document.  An examination of this document suggests that it is hardly relevant to the issues in the underlying case and the balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government under the particular status of this document.

The next three documents are said by the Government to be protected from production by the attorney-client privilege and the work product doctrine.  They do not raise issues under the deliberative process privilege.  Consequently, because this Special Master was not directed to deal with anything other than the deliberative process privilege, no action was taken on these documents.  They bear Bates Stamp Nos. HHC901 1023-1028; HHC902 0648-0651; and HHC903 0599-0601.

The next document, bearing Bates Stamp Nos. HHD900 0854-0865, on review, seems wholly unconnected or relevant to anything in this case.  It is predecisional and the balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government.

The next document, bearing Bates Stamp Nos. HHD902 0017-0018, constitutes preliminary comments on issues to be discussed at an upcoming meeting in April of 1996.  It is clearly predecisional and deliberative.  The balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government.

This report now shifts to those 57 documents from the files of the OIG.  As noted earlier,

8

these documents consist of memoranda which record comments by agency personnel during entrance and exit conferences and memoranda recording discussion points raised at internal review team meetings. Most relate to inspections and audits by OIG in connection with CMS programs. These are the kinds of documents regularly recognized as being protected by the deliberative process doctrine. They are predecisional and deliberative. The bulk of OIG workpapers has already been released. These particular documents seem of limited relevance to the issues in the underlying case and the balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government. These documents bear Bates Stamp Nos. HHD900 0729-0739; HHD900 0906-0915; HHD900 0933; HHD900 1065-1067; HHD900 1122; HHD900 1909-1911; HHD900 1913-1914; HHD900 1947-1950; HHD900 1976-1978; HHD900 2237-2238; HHD900 2274; HHD900 2536; HHD911 0354; HHD911 0355-0356; HHD911 0546-0547; HHD911 0878-0880; HHD911 0881-0883; HHD911 0885-0886; HHD911 2013-2039; HHD918 0217-0218; HHD926 0059-0060; HHD928 0345-0346; HHD943 0023; HHD944 0056-0057; HHD944 0062-0067; HHD944 0068; HHD944 0100-0101; HHD944 0102-0103; HHD944 0104; HHD944 0718-0720; HHD951 0071; HHD951 0072; HHD951 0228; HHD958 0001-0002; HHD958 0007; HHD967 0139-0140; and HHD968 0125.

There are some documents consisting of draft versions of OIG reports or draft language that was being considered for inclusion in OIG reports. There are 11 documents in this category. They are predecisional and deliberative. They also appear to be of limited relevance to the issues in the underlying case and the balance between the public interest in the protection

of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government. These documents bear Bates Stamp Nos. HHC903 0008-0022; HHC903 0817-0821; HHD919 0025-0026; HHD920 2223-2224; HHD920 2234-2237; HHD944 0320-0356; HHD049 0708-0725; HHD951 0205-0206; HHD972 0447-0449; HHD972 0677-0681; and HHD972 0746-0751.

There follow a series of OIG documents created in 2005. They are beyond the time limitation for this case and, for that reason alone, need not be produced. These documents bear Bates Stamp Nos. HHD960 0112-0115; HHD962 0563-0566; HHD962 0567-0571; HHD962 0572-0576; HHD962 0587-0590; and HHD903 0811.

There remain two additional OIG documents. One bears Bates Stamp Nos. HHD954 0011-0012. It is withheld by the Government for attorney client privilege reasons. This Special Master, therefore, takes no action concerning it. The other, bearing Bates Stamp Nos. HHD919 0027-0038, is a letter to OIG's Office of Criminal Investigations. It does not discuss drug pricing. It seems wholly irrelevant to the matters in this case and will not be ordered produced for that reason alone.

2. The 21 documents submitted for *in camera* review on December 4, 2007.

These are the 21 documents called for by Judge Saris's November 9, 2007 Order. What is involved are two categories of materials, one from the OIG, and the second from the CMS. There are 19 documents in the first category and two in the second.

The 19 documents in the first category consist of draft versions of two OIG reports entitled "Excessive Medicare Reimbursement for Prescription Drugs" produced in 1997 and "Medicaid's Use of Revised Average Wholesale Prices" produced in 2001. The Special Master

10

is informed that final versions of each of these reports have already been produced.  It also has been reported that the Defendants have deposed the principal authors of the reports and have been able to interrogate them regarding the underlying facts.  It is, therefore, not clear why the Defendants need these draft versions.  With respect to these two categories of documents, the balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government.  The knowledge that there could be public displays of comments, criticisms, edits and suggestions in the drafting phase leading to the ultimate reports released would have a severe and stifling impact on necessary candid dialogue.  This would cause significant harm to the work of the OIG.

The documents relating to the 1997 report bear Bates Stamp Nos. HHD900 1270-1324; HHD900 1349-1373; HHD900 1374-1399; HHD900 1411-1437; HHD900 1438-1463; HHD900 1476-1485; HHD900 1486-1570; HHD900 1515-1536; HHD900 1537-1558; HHD900 1563-1587; HHD900 1588-1615; HHD900 1621-1645; and HHD900 1656-1680.

The documents relating to the 2001 report bear Bates Stamp Nos. HHD900 0622-0637; HHD900 0638-0652; HHD900 0653-0668; HHD900 0669-0683; HHD900 1209-1237; and HHD900 1238-1269.

This second category of documents consists of draft documents relating to a decision by the CMS to notify Medicare carriers in 2000 about the availability of pricing information that had been assembled by the DOJ.  The draft versions have appended lists that include prices for several of the subject drugs in this case.  The final version contains those same price lists, and the final version has been publically available for a long time and has been produced in this

case. Thus, like the situation with the 19 OIG drafts discussed above, it is not clear why the Defendants need these draft versions. Also, similar to the 19 OIG drafts, the balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government. Further, there have been depositions exploring the information in the final version. There is a strong likelihood of serious harm to the deliberative process if these documents are forced to be produced.

These documents bear Bates Stamp Nos. HHC901 0689-0710 and HHC902 0214-0244.

3. The 21 documents submitted for *in camera* review on June 3, 2008.

This group of documents, somewhat like those reviewed above, relates to two reports by OIG-DHHS. The reports are entitled "Cost of Dialysis-Related Drugs" and "The Impact of High-Priced Generic Drugs on Medicare and Medicaid." These are draft versions of aspects of the two reports that contain comments and recommendations about the content and language of the reports. Once again, the Defendants already have the final versions of these two reports.

Thus, like the situation with the drafts above, it is not clear why the Defendants need these draft versions. Also, similar to the drafts above, the balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government. There is a strong likelihood of serious harm to the deliberative process if these documents are forced to be produced.

Those documents relating to the report entitled "Cost of Dialysis-Related Drugs" bear Bates Stamp Nos. HHD946 0017-0056; HHD946 0058-0069; HHD946 0070-0087; HHD946 0088-0103; HHD946 0104-0116; HHD946 0122-0138; HHD946 0160-0180; and HHD946

0181–0186.

Those documents relating to "The Impact of High-Priced Generic Drugs on Medicare and Medicaid." report bear Bates Stamp Nos. HHD911 1479-1500; HHD911 1501-1527; HHD911 1528-1574; HHD911 1580-1607; HHD911 1711-1730; HHD911 1762-1803; HHD911 1804-1828; HHD911 1829-1842; HHD911 1843-1848; HHD911 1961-2002; HHD911 2058-2085; HHD911 2087-2108; and HHD911 2127-2142.

4.  The entirety of a CMS Decision Memorandum.

This document has a different provenance than the others under review.  What the Defendants seek is the final version of a CMS decision memorandum dated October 22, 2002. The document bears Bates Stamp Nos.  HHD830 000001-000004.  The document has been produced, but two parts of it have been redacted by the Government.  The first redacted part is an explanatory sentence about certain regulations that States are required to follow to set payment rates for drugs.  The second redacted portion consist of five relatively short paragraphs which make up the entirety of the "Analysis" section.

A draft version of this same document, bearing Bates Stamp Nos. HHC004 0188-0190, was apparently produced, perhaps inadvertently, and was the subject of deposition questioning relating to "Deposition Exhibit Abbott 328," the produced draft.

The Defendants argue that any privilege for the final version has been waived by the production of the draft version.  This Special Master has not been charged with assaying anything other than the deliberative process privilege, and will, therefore, only examine this document through that lens.  Whether there is a waiver by virtue of an inadvertent production of the draft is not here determined.

13

It should be noted that the Special Master has examined the redacted portions of the document against the corresponding portions of the draft.  The differences appear quite minor and of minimal substance.  More importantly, what appears in the final version seems hardly predecisional – it is, rather, the final decision.

Given the prior history, the similarities between the produced-draft and the redacted-final version, and the fact that the final version is not predecisional, the balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case does not fall on the side of the Government.  Also, there is no strong likelihood of serious harm to the deliberative process if the final version of this document is compelled to be produced.  Thus, insofar as the deliberative process privilege is concerned, the particular CMS Decision Memorandum in its final and un-redacted form should be produced.

5.  <u>The minutes of entrance and exit conferences for five Office of the Inspector General reports of particular interest to the Defendants which have not been produced or logged by the Government.</u>

The Government has reported to the Special Master that it has completed its re-review of its files, as directed by Magistrate Judge Bowler, and "has located no additional memoranda relating to entrance and exit conferences by OIG-DHHS."  For that reason, there is no action to be taken on this subject.

6.  <u>The documents designated by the Defendants from the files of Medicare carriers which the Government continues to withhold.</u>

The Government has submitted three categories of documents under this heading:  A draft

version of an HCFA Program Memorandum (Bates Stamp Nos. AWQ917 0167-0169); draft

versions of Carrier Manual Provisions (Bates Stamp Nos. AWQ917 0053-0064 and AWQ917

0114-0128); and documents claimed to be irrelevant to claims or defenses in this case (Bates

Stamp Nos. AWP901 0213-0222; AWP902 0488; AWP902 0489-0499; AWP902 0615-0617;

AWP902 0618-0625; and AWQ917 0065-0080).

The first document examined here is a draft version of a Program Memorandum.  It

contains underlinings in the nature of comments on what became the final version.  It is

predecisional and the underlinings seem hardly relevant to the issues in the underlying case.  The

balance between the public interest in the protection of the deliberative process and the

Defendants' particularized need for the information in this case falls clearly on the side of the

Government with regard to this document.

The next two documents are draft versions of Carrier Manual Provisions.  Final versions

of the Carrier Manuals are publicly available.  Like the document above, these two documents

are predecisional and the underlinings and handwritten comments in them seem hardly relevant

to the issues in the underlying case.  The balance between the public interest in the protection of

the deliberative process and the Defendants' particularized need for the information in this case

falls clearly on the side of the Government with regard to these two documents.

The next six documents do not seem to relate to pharmaceutical pricing and are of

questionable relevance to this case.  They contain materials generated by the Steering Committee

of the Carrier Medical Directors and relate, for the most part, to "coverage" issues.  Again,

however, this Special Master is not charged with making production decisions on anything other

than the deliberative process privilege.  Relevance is not included.  Thus, no action will be taken

regarding those documents bearing Bates Stamp Nos. AWP901 0213-0222; AWP902 0488; AWP902 0489-0499; AWP902 0615-0617; AWP902 0618-0625; and AWQ917 0065-0080.

7.  <u>The later arrived documents produced to the Defendants with redactions.</u>

There are two sets of later arrived documents produced with redactions.  The first set was provided by the Government and bears Bates Stamp Nos. HHD831 000001-000003; HHD831 000004-000006; and HHD831 000007-000012.  The second set was referenced in a letter to the Special Master from the Jones Day law office dated May 7, 2009.  This group bears Bates Stamp Nos. HHD337 0005-0011; HHD340 0001-0004; HHD340 0005-0010; HHD340 0011-0030; and HHD340 0031-0034.

As to the first set of documents (Bates Stamp Nos. HHD831 000001-000003; HHD831 000004-000006; and HHD831 000007-000012) the Special Master has examined all of the various redactions and concludes that they are the kind of predecisional comments that the deliberative process privilege is designed to shelter.  The balance between the public interest in the protection of the deliberative process and the Defendants' particularized need for the information in this case falls clearly on the side of the Government with regard to these documents.  Additionally, for the reasons stated above, the Special Master will not get involved in the relevance issues with these documents.

The second set of documents presents a different problem for the Special Master.  Except for the document bearing Bates Stamp No. HHD340 0031-0034 (which was provided by the Defendants in redacted form), the Government has not provided un-redacted copies of Bates Stamp Nos. HHD337 0005-0011; HHD340 0001-0004; HHD340 0005-0010; or HHD340 0011-0030, and, consequently, no ruling can be made on them.

As for the document bearing Bates Stamp No. HHD340 0031-0034, it is undated and, like the others, contains redactions.  Because the Special Master does not have an un-redacted copy of this document, it cannot be assayed for relationship to the deliberative process privilege.

## IV.  Order

The Government shall produce that document bearing Bates Stamp Nos. HHD830 000001-000004 for the reasons provided in this Memorandum and Order.  No other documents submitted for this *in camera* review need be produced.[3]

/ s /
_____
Allan van Gestel
Special Master

DATED:      June 22, 2009

---

[3]  The Special Master shall retain all of the documents provided to him by the Government and the Defendants subject to this *in camera* review until all issues relating thereto are finally resolved or until otherwise ordered by the District Judge, the Magistrate Judge or any appropriate appellate court.

## PROOF OF SERVICE BY E-Mail

Re: United States ex rel. Ven-A-Care of the Florida Keys, Inc. / Abbott Laboratories, Inc.
Reference No. 1400012060

I, Lisa Powell, not a party to the within action, hereby declare that on June 22, 2009 served

the attached Memorandum and Order on In Camera Review of Documents on the parties in the within

action by electronic mail at Boston, MASSACHUSETTS, addressed as follows:

James R. Daly Esq.
Jones Day
77 West Wacker Dr.
Suite 3500
Chicago, IL 60601-1692  USA
Tel: 312-269-4141
Email: jrdaly@jonesday.com

David S. Torborg Esq.
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001  USA
Tel: 1.202.879.5562
Email: dstorborg@jonesday.com

Eric Tomas Gortner Esq.
Kirkland & Ellis, LLP
200 East Randolph Dr.
54th Floor
Chicago, IL 60601-6636  USA
Tel: 312-861-2285
Email: egortner@kirkland.com

Sarah L. Reid Esq.
Kelley Drye & Warren LLP
101 Park Ave.
New York, NY 10178-0002
Tel: (212) 808-7720
Email: sreid@kelleydrye.com

James J. Breen Esq.
The Breen Law Firm
5755 North Point Parkway
Suite 260
Alpharetta, GA 30022  USA
Tel: 770-740-0008
Email: jbreen@breenlaw.com

M. Justin Draycott Esq.
Department of Justice
601 D Street, NW
Washington, DC 20044
Tel: 202-305-9300
Email: justin.draycott@usdoj.gov

Marisa A. Lorenzo Esq.
Kelley Drye & Warren LLP
101 Park Ave.
New York, NY 10178-0002
Tel: (212) 808-7697
Email: mlorenzo@kelleydrye.com

I declare under penalty of perjury the foregoing to be true and correct. Executed at Boston,

MASSACHUSETTS on June 22, 2009.

Lisa Powell
JAMS The Resolution Experts
lpowell@jamsadr.com ADDRESS