# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br>PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE<br>LITIGATION | )<br>)<br>)<br>)<br>) | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |
| | )<br>) | Subcategory No. 06-11337 |
| **THIS DOCUMENT RELATES TO:** | )<br>) | |
| *United States ex rel Ven-A-Care of the<br>Florida Keys, Inc. v. Schering Corporation,<br>Schering-Plough Corporation and<br>Warrick Pharmaceuticals Corporation*<br>Civil Action No. 09-CV-10547 | )<br>)<br>)<br>)<br>) | Hon. Patti B. Saris |
| *United States ex rel Ven-A-Care of the<br>Florida Keys, Inc.v. Schering Corporation,<br>Schering-Plough Corporation and<br>Warrick Pharmaceuticals Corporation*<br>Civil Action No. 00-10698 | )<br>)<br>)<br>)<br>) | |

### COMMONWEALTH OF MASSACHUSETTS' OBJECTIONS TO THE VEN-A-CARE/SCHERING/WARRICK SETTLEMENT AGREEMENT AND ORDER OF DISMISSAL

Now comes the Commonwealth of Massachusetts (the "Commonwealth"), pursuant to Fed.R.Civ. P. 24, as an Intervenor, for the limited purpose of objecting to the proposed Settlement Agreement and Release (Dkt. No. 6173-2) and proposed Order Approving Settlement and Dismissal with Prejudice (Dkt. No. 6173-3) which the parties have filed in these cases, and states as follows:

#### Introduction

The Relator and the Schering/Warrick defendants have submitted to the Court an overly broad Settlement Agreement and Release, in which the Relator purports to release not only its own claims against the Schering/Warrick defendants, but also the federal

Government's claims against those defendants, as well as the claims of the Commonwealth and other states, in actions in which the Relator is not even a party. Consistent with the "shoot-for-the-Moon" philosophy of this Settlement Agreement, the Parties to it have also conditioned it on the Court being willing to issue an advisory opinion, based on a Power-Point presentation prepared by Schering/Warrick's counsel, as to matters which are not currently before the Court. This overreaching in the Settlement Agreement highlights the wisdom of the Fifth Circuit, in rejecting a similar False Claims Act qui tam settlement:

> [This] litigation demonstrates that relators can manipulate settlements in ways that unfairly enrich them and reduce benefits to the government. This case presents a relator who allegedly wants to trade on the defendants' desire to maximize preclusive effects. Plaintiffs ordinarily prefer to keep their options open; agreeing not to bring future suits can be costly. In *qui tam* litigation, however, there is a danger that a relator can boost the value of settlement by bargaining away claims on behalf of the United States.

Searcy v. Phillips Electronics North America Corporation, 117 F.3d 154, 160 (5th Cir. 1997).

This Court should reject this Settlement Agreement and the proposed Order. The Relator and the Schering/Warrick defendants should be told that if they want to resolve this case they need to draft an agreement which resolves only the Relator's claims. If the Schering/Warrick defendants want a broader settlement agreement, they can engage the United States and the litigating states in good-faith negotiations.

### Objection No. 1 – The Commonwealth Objects To Language In The Settlement Agreement And Release In Which The Relator Purports To Release The Federal Share Of Claims Brought By States.

The Settlement Agreement and Release provides, in part:

> the Relator on behalf of the United States and on behalf of the Relator … fully and finally release[s] … Schering/Warrick … from any claim, action, suit or proceeding … that the Relator has asserted or could have asserted on behalf of the United States or on its own behalf arising out of or related to the Covered Conduct for the Covered Drugs … during the Relevant Period, *including but not*

2

> *limited to the federal-share of any claim brought by a state arising out of or related to the Covered Conduct or Covered Drugs.*

Settlement Agreement and Release (Dkt. No. 6173-2), p.8, ¶5. This release has two fundamental problems: (1) the Relator cannot release claims of the United States; and (2) the Relator cannot release damages in pending civil actions brought by states.

The Relator brought these actions pursuant to 31 U.S.C. §3730(b)(1), which authorizes private persons to bring civil actions for violation of the federal False Claims Act "for the person and for the United States Government." Thus, there are two, separate causes of action, one for the *qui tam* Relator and one for the United States Government. Hughes Aircraft Company v. United States ex rel. Schumer, 520 U.S. 939, 950 (1997) ("the 1986 amendment [to the FCA] essentially creates a new cause of action.") The Relator can release its own cause of action, but it cannot release the United States Government's cause of action without the consent of the Attorney General. 31 U.S.C. §3730(b)(1) ("[t]he action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."); United States v. Health Possibilities, P.S.C., 207 F.3d 335, 342 (6th Cir. 2000) ("[t]he government's status as the real-party-in-interest renders a relator's unilateral attempt to settle akin to impermissibly bargaining away the rights of a third party"); Searcy v. Phillips Electronics North America Corporation, 117 F.3d at 155( 31 U.S.C. §3730(b)(1) is "unambiguous in its declaration that courts may not grant a voluntary dismissal in a False Claims Act suit unless the U.S. Attorney General consents to the dismissal"); United States ex rel. Globe Composite Solutions, Ltd. v. Solar Construction Inc., 528 F. Supp. 2d 1, 3 (D. Mass. 2007) (Tauro, J.) ("the Government must consent to all dismissals in a qui tam action brought by a private person, even voluntary dismissals by the plaintiff-relator") see also, In Re Pharmaceutical Industry Average Wholesale Price Litigation, 538 F. Supp. 2d 392, 397-98 (D. Mass. 2008); but see, United States

3

ex rel. Killingsworth v. Northrop Corp., 25 F. 3d 715, 722(9th Cir. 1994)("the consent provision contained in §3730(b)(1) applies only during the initial sixty-day (or extended) [seal] period.")

The Relator certainly has no authority to release any portion of the damages suffered by the Commonwealth, or any other state, as a result of actions of the Schering/Warrick defendants. The Relator is not a party to the Commonwealth's action and has no authority to take any action relating to the case. The language in the purported release, set forth in italics above, purporting to release the federal share of pending state civil actions, is simply beyond the Relator's authority to grant. The Commonwealth asks that the Court expressly find that the relator has no authority to take any action, or release any claim, relating to the Commonwealth's case.

### Objection No. 2 – The Commonwealth Objects To Schering's Attempt To Obtain an Advisory Opinion Relating To Drugs Not at Issue In These Cases.

The Settlement Agreement and Release provides, in part:

> This Settlement is conditioned on the resolution by the Court of any potential issues concerning the compliance by Schering with the liability standards set forth in the Court's June 21, 2007 decision in MDL No. 1456.

Dkt. No. 6173-2, p.8, ¶6. The Settlement Agreement goes on to state that the Relator and Schering have reviewed certain spread analyses for Schering brand name drugs and they have "concluded that the patterns of spreads and sales at list price for those drugs fall within the parameters ... for which the MDL Court found no liability." Id. at p. 9. The parties further state that they have agreed "that neither the WACs nor the AWPs for the [Schering] drugs ... constitute false statements within the meaning of the False Claims Act and that claims for reimbursement based on such WACs and AWPs are neither deceptive nor unfair." Id. Because the United States Department of Justice has not agreed to be bound by this analysis, the parties state they have conditioned the Settlement Agreement on the Court entering "findings of fact and

4

rulings of law concerning the [Schering] drugs consistent with the agreement of the parties." Id. The parties provide a proposed Order which contains "Findings" which are acceptable to them. Dkt. No. 6173-3. pp. 4-6, ¶s 1-5.

The Commonwealth objects to the "Findings" which the Relator and the Schering/Warrick defendants are asking the Court to make. The Schering drugs are not currently included in either of the pending cases. The parties have agreed that the Relator will amend the complaint in the Florida civil action, to add the Schering drugs, even though the parties have also agreed there is no liability as to these drugs. Settlement Agreement, Dkt. No. 6173-2, p.10, ¶7 and Exhibit B. This entire process is nothing less than an attempt to manipulate the Court into issuing an advisory opinion to reassure the Schering/Warrick defendants. As the First Circuit has repeatedly made clear, federal courts have limited jurisdiction to resolve actual cases and controversies and are forbidden from issuing advisory opinions. Overseas Military Sales Corporation, Ltd. v. Giralt-Armada, 503 F.3d 12, 16-17 (1st Cir. 2007) (federal courts "do not render advisory opinions"); Osediacz v. City of Cranston, 414 F.3d 136, 139 (1st Cir. 2005) ("[f]ederal courts ... are not empowered to offer advisory opinions"); State of Rhode Island v. Narragansett Indian Tribe, 19 F.3d 685, 705 (1st Cir. 1994) ("Article III of the Constitution forbids courts from issuing advisory opinions.").

The Commonwealth is concerned that if the Court issues the advisory opinion which is requested, the Schering/Warrick defendants will attempt to use that opinion to the Commonwealth's detriment, including, but not limited to, trying to limit the scope of various issues, either at trial of the Commonwealth's case, or in settlement discussions. Advisory opinions are disfavored because, among other reasons, they do not

emerge "from a clash of adversary argument." United States v. Fruehauf, 365 U.S. 146, 157 (1961). There are no adversaries in the process envisioned under the Settlement Agreement.

## Conclusion

The Commonwealth urges the Court to advise the Relator and the Schering/Warrick defendants that it will not approve the Settlement Agreement, as drafted, or enter the Order they request. The parties need to be told that the Relator can release only its own claims and that the Court will not issue advisory opinions. If the Schering/Warrick defendants want a broader resolution than the Relator can deliver, they should be required to talk directly with the litigating states and the federal government. The Settlement Agreement and proposed Order will only serve to create uncertainty regarding issues in the Commonwealth's case and hinder any potential settlement discussions.

Respectfully submitted,

MARTHA COAKLEY
Attorney General

By:  /s/Peter A. Mullin
Peter A. Mullin (BBO# 360620)
K. Nathaniel Yeager (BBO# 630992)
Colleen A. McCarthy (BBO# 660581)
John H. Pina, III (BBO# 652247)
Gregory W. Matthews (BBO# 653316)
Robyn Pozza Dollar (BBO# 674480)
Assistant Attorneys General
One Ashburton Place
Dated: July 22, 2009          Boston, MA 02114

### Certificate of Service

I hereby certify I have caused a copy of the foregoing Memorandum to be served on counsel for each other party in these actions by filing it electronically in the Court's CM/ECF system, this 22nd day of July, 2009.

/s/Peter A. Mullin
Peter A. Mullin
Assistant Attorney General