# Exhibit 124A

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*,
Civil Action No. 05-11084-PBS

Exhibit to the July 24, 2009, Declaration of George B. Henderson, II
In Support of Plaintiffs' Motion For Partial Summary Judgment
and In Opposition to Dey's Motion For Partial Summary Judgment

Vladeck, Ph.D., Bruce C.                          May 4, 2007
New York, NY

```
                                                            Page 1

            UNITED STATES DISTRICT COURT

        FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------X MDL NO. 1456

IN RE:  PHARMACEUTICAL INDUSTRY   : CIVIL ACTION:

AVERAGE WHOLESALE PRICE LITIGATION : 01-CV-12257-PBS

---------------------------------X

THIS DOCUMENT RELATES TO:         :

U.S. ex rel. Ven-A-Care of the    : CIVIL ACTION:

Florida Keys, Inc. v. Abbott      : 06-CV-11337-PBS

Laboratories, Inc.                :

---------------------------------X


            IN THE CIRCUIT COURT OF

          MONTGOMERY COUNTY, ALABAMA

---------------------------------X

STATE OF ALABAMA,                 : CASE NO.

        Plaintiff,                : CV-05-219

    v.                            :

ABBOTT LABORATORIES, INC.,        : JUDGE

et al.,                           : CHARLES PRICE

        Defendants.               :

---------------------------------X
```

Henderson Legal Services
202-220-4158

a005168d-477f-4afb-97fe-d27a3af7b9a9

Vladeck, Ph.D., Bruce C.　　　　　　　　　　　　　　　May 4, 2007
　　　　　　　　　　　　　New York, NY

Page 2

1　　STATE OF WISCONSIN　　　CIRCUIT COURT　　DANE COUNTY
2　　-------------------------------------X
3　　STATE OF WISCONSIN,　　　　　　　　　　:　　CASE NO.
4　　　　　　Plaintiff,　　　　　　　　　　　:　　04-CV-1709
5　　　v.　　　　　　　　　　　　　　　　　　:
6　　AMGEN INC., et al.,　　　　　　　　　　:
7　　　　　　Defendants.　　　　　　　　　　:
8　　-------------------------------------X
9
10　　　　　IN THE COURT OF COMMON PLEAS
11　　　　　　FIFTH JUDICIAL CIRCUIT
12　　-------------------------------------X
13　　STATE OF SOUTH CAROLINA, and　　　　　:　　STATE OF
14　　HENRY D. McMASTER, in his official　 :　SOUTH CAROLINA
15　　capacity as Attorney General for　　 :　　COUNTY OF
16　　the State of South Carolina,　　　　 :　　RICHLAND
17　　　　　　Plaintiff,　　　　　　　　　　:
18　　　v.　　　　　　　　　　　　　　　　　:　CIVIL ACTION:
19　　MYLAN LABORATORIES, INC.　　　　　　　:　07-CP-40-0283
20　　　　　　Defendant.　　　　　　　　　　:
21　　-------------------------------------X
22

Henderson Legal Services
202-220-4158

a005168d-477f-4afb-97fe-d27a3af7b9a9

Page 246

1   because they were state-specific data or first to
2   HCFA and then back out to the states.
3        Q.   Did you ever look at the average
4   manufacturers' price data for any specific drugs
5   as administrator of HCFA?
6        A.   No.
7        Q.   Would you agree with me that that
8   certainly would be a source of market prices for
9   HCFA to consider in deciding appropriate
10  reimbursement amounts for Medicaid and Medicare?
11           MR. BREEN:  Objection, form.
12           MS. BROOKER:  Objection, form.
13       A.   It was my understanding that that
14  information was proprietary, and under the terms
15  of over 90 we were -- the HCFA officials who
16  received the data were not authorized to share it
17  within the agency, let alone to make it public.
18           And so I was -- it was my belief that
19  except for the folks who had actual operational
20  responsibility for the rebate programs that
21  material was not -- that information was not to
22  be made more widely available.

1    Q.   And so was it your understanding that
2  others within the agency couldn't even look at
3  the data?
4         MS. BROOKER:  Objection.  Form.
5    A.   That was my understanding.
6    Q.   And did you have an understanding of
7  whether the statute allowed, for example, the CBO
8  access to the data?
9         MS. BROOKER:  Objection, form.
10   A.   I was only advised about the sharing of
11 the data within the agency.  In terms of external
12 agencies I had no information as to who else
13 might have been granted access to it.
14   Q.   And did you have any information -- any
15 understanding at all about whether manufacturers
16 were accurately reporting their AMPs?
17        MS. BROOKER:  Objection, form.
18   A.   I had no reason to believe that they
19 were not.
20   Q.   Did your agency ever seek authority
21 from Congress to widen the -- the group of people
22 who you understood could have access to the AMPs?