# Exhibit 127

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v.  Dey, Inc., et al.*,
Civil Action No. 05-11084-PBS

Exhibit to the July 24, 2009, Declaration of George B. Henderson, II
In Support of Plaintiffs' Motion For Partial Summary Judgment
and In Opposition To Dey's Motion For Partial Summary Judgment

Gorospe, Kevin J. - December 3, 2008 09:14:00 a.m.

```
1:1                UNITED STATES DISTRICT COURT

  2                DISTRICT OF MASSACHUSETTS

  3    ------------------------------X

  4    IN RE PHARMACEUTICAL INDUSTRY  )

  5    AVERAGE WHOLESALE PRICE        )  MDL No. 1456

  6    LITIGATION                     )

  7    ------------------------------X

  8    THIS DOCUMENT RELATES TO       )  Civil Action:

  9    State of California, ex rel.   )  01-12258-PBS

 10    Ven-A-Care v. Abbott           )

 11    Laboratories, Inc., et al.     )

 12    ------------------------------X

 13                    --oOo--

 14              WEDNESDAY, DECEMBER 3, 2008

 15                    --oOo--

 16              VIDEOTAPED DEPOSITION OF

 17    THE CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES

 18              by J. KEVIN GOROSPE, Pharm.D.

 19                    --oOo--

 20

 21    Reported By:  CAROL NYGARD DROBNY, CSR No. 4018

 22                  Registered Merit Reporter
```

Gorospe, Kevin J. - December 3, 2008 09:14:00 a.m.

```
2:1              UNITED STATES DISTRICT COURT

  2               DISTRICT OF MASSACHUSETTS

  3    ---------------------------------X

  4    IN RE PHARMACEUTICAL INDUSTRY      )

  5    AVERAGE WHOLESALE PRICE LITIGATION ) MDL No. 1456

  6    ---------------------------------X

  7    THIS DOCUMENT RELATES TO           ) Civil Action:

  8    United States of America ex rel.   ) 01-12257-PBS

  9    Ven-a-Care of the Florida Keys,    )

 10    Inc., et al., v. Abbott            )

 11    Laboratories, Inc., Civil Action   )

 12    No. 06-11337-PBS; United States of )

 13    America ex rel.  Ven-a-Care of the )

 14    Florida Keys, Inc., et al., vs.    )

 15    Dey, Inc., et al., Civil Action No.)

 16    05-11084-PBS; United States of     )

 17    America ex rel. Ven-a-Care of the  )

 18    Florida Keys, Inc., et al., v.     )

 19    Boehringer Ingelheim Corp., et al.,)

 20    Civil Action No. 07-10248-PBS      )

 21    ---------------------------------X

 22
```

Gorospe, Kevin J. - December 3, 2008 09:14:00 a.m.

283:1    Manufacturer Price, and then subsequent to that

    2    Congress passed some additional legislative

    3    language that delayed the implementation of those

    4    pieces of the program until October of 2009.

    5        So the Department is waiting for all of

    6    that to transpire before we can begin work on the

    7    AMP-based reimbursement.

    8    Q.   Okay.  Manufacturers -- do

    9    manufacturers not report, generally speaking,

    10   their AMP data directly to California?

    11   A.   Manufacturers are only required to

    12   report AMP data in relationship to a supplemental

    13   rebate agreement.

    14   Q.   Okay.  And for that AMP data -- does --

    15   does California recognize any confidentiality

    16   restrictions on the use of that AMP data?

    17   A.   Yes, we do.

    18   Q.   How so?

    19   A.   Until such time as the CMS begins

    20   publishing the AMP -- AMP data as pursuant to the

    21   federal statute, the Department will hold that

    22   AMP data as confidential pursuant to federal law.

Gorospe, Kevin J. - December 3, 2008 09:14:00 a.m.

284:1       Q.   Has the Department always treated AMP

2    data as confidential?

3       A.   Yes.

4       Q.   For example, I think in earlier

5    testimony today you discussed a period between

6    1994 and May of 1996, I think, when there were --

7    there was a supplemental rebate requirement that

8    all manufacturers pay a supplemental rebate of 10

9    percent of AMP or based upon 10 percent of AMP.

10           During that period to your knowledge

11   did the Department treat the AM -- any AMP

12   information that they may have received during

13   that time as confidential?

14      A.   Yes.

15      Q.   And did the Department have any

16   position about whether or not that confidential

17   treatment would prevent the Department from using

18   AMP information for purposes of determining

19   reimbursements paid to pharmacies?

20           MR. BUEKER:  Objection as to form.

21           THE WITNESS:  Yes.

22   BY MR. HENDERSON: