# Exhibit 59



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

**HEALTH CARE FINANCI ADMINISTRATION**

Division of Medicaid

Region 1
John F. Kennedy Federal Bldg.
Government Center
Boston, MA 02203

STATE MEDICAID AGENCY REGIONAL BULLETIN
NO. 94 - 25

TO:     All Medicaid State Agencies     Date: September 6, 1994

FROM:   Associate Regional Administrator, Region I
        Health Care Financing Administration

SUBJECT: Expiration of Pharmacy Reimbursement Moratorium

On December 31, 1994 the moratorium expires that prohibits States from reducing the limits for covered outpatient drugs or dispensing fees for such drugs under Section 1927(f) of the Social Security Act. States that wish to modify either the limits for covered outpatient drugs or dispensing fees for such drugs should refer to current regulations at 42 CFR 447.301-333.

Regarding the limits for covered outpatient drugs, States may wish to make sure that their estimated acquisition cost (EAC) levels are current. By definition, EAC means the agency's best estimate of the price generally and currently paid by providers for a drug marketed or sold by a particular manufacturer or labeler in the package size of the drug most frequently purchased by providers. States wishing to modify their EAC levels may, among other methods of verification, audit an appropriate number of pharmacies to determine current acquisition costs before making modifications to the EAC levels. Additionally, States will also be able to expand or develop their own State maximum allowable cost program for multiple source drugs, as we do currently on the Federal Upper Limits (FUL) List.

Regarding the establishing of reasonable dispensing fees, we expect that States will continue their present activities to establish a reasonable dispensing fee level and that they will document this in their State plan. Such activities could include: (1) audits and surveys of operational costs; (2) compilation of data regarding professional salaries and fees; and (3) analysis of compiled data regarding pharmacy overhead costs, profits, etc. Each State should establish a dispensing fee to reflect the various characteristics of that State, e.g. per capita income,

realty costs, other pharmacy operational or overhead costs, etc. The methods or standards you utilize to establish such fees are at the discretion of the individual State but should be documented in support of the State Plan.

Regional Office oversight responsibilities concerning EAC levels will involve review of the State documentation and a comparison of the EAC levels with those of contiguous States as well as other States in the region. Any current studies of drug costs will also be considered. In regard to the oversight responsibilities on dispensing fees, the Regional Office will compare the proposed change to the related price indices, e.g. the Consumer Price Index (CPI). Any proposed changes will be compared with the dispensing fees of contiguous States, or to those of other States within the region. Proposed reductions in dispensing fees will be carefully reviewed to assure that adequate access to pharmacy services is maintained.

We would like to clarify HCFA policy that a dispensing fee determination must be separate and distinct from the EAC determination and unrelated to the cost of the drug product. In every instance, regardless of the State determination of individual prescription payment limits, the State must have established the reasonable dispensing fees which would be used to determine whether the State is in compliance with the upper limits as specified in current drug regulations at 42 CFR 447.331.

If you have any questions, please contact Ray Porter at 617 565-1260.

Ronald Preston

cc: S. Kaplan