# Exhibit 64

## JONES, DAY, REAVIS & POGUE

77 WEST WACKER

CHICAGO, ILLINOIS 60601-1692

TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

312-269-1562

177138:tac
080015-024238 August 28, 2000

**VIA FACSIMILE & FEDERAL EXPRESS**

Ms. Linda Hillier
Regional Inspector General for Investigations
Department of Health & Human Services
Office of Inspector General
Office of Investigations
8100 Oak Lane, Suite 306
Miami, FL 33016

Mr. Mark Lavine
Assistant U.S. Attorney
United States Attorneys Office
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132

Re: Subpoena Served on Abbott Laboratories

Dear Ms. Hillier and Mr. Lavine:

This letter is written on behalf of our client, Abbott Laboratories ("Abbott"), in response to the subpoena dated July 25, 2000, issued by the Department of Health and Human Services, Office of Inspector General and served by the Department of Justice. You should treat both this letter and the attached Objections to the Subpoena as our formal objections to the subpoena.

This subpoena apparently was issued as a result of a *qui tam* suit filed under seal in 1995 in the Southern District of Florida, United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc., et al., Civil Action No. 95-1354-CIV-GOLD (Under Seal). In 1997, the government served its first subpoena on Abbott in connection with this same matter. The subpoena requested voluminous records relating to the pricing and marketing of certain of Abbott's pharmaceutical products. In response to this subpoena, Abbott produced thousands of pages of documents. Now, almost three years after the first subpoena, Abbott has received a second subpoena in connection with this matter. This recent subpoena requests even more

CH: 1120282.4

ATLANTA • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • GENEVA • HONG KONG • IRVINE • LONDON • LOS ANGELES
NEW DELHI (AN ASSOCIATE FIRM) • NEW YORK • PARIS • PITTSBURGH • RIYADH • SHANGHAI • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES, DAY, REAVIS & POGUE

Mr. Mark Lavine
August 28, 2000
Page 2

voluminous records from Abbott from a much longer time period--both years earlier and years later--than the first subpoena.

This subpoena raises several issues that I would like to discuss with your office. In an attempt to discuss these issues and to obtain an extension of the response date, I telephoned you shortly after receiving the subpoena. To date, I have been unsuccessful in reaching you directly, although I attempted to do so several times while I was traveling on vacation with my family. We have, however, exchanged voice messages. In a voice message on August 16, 2000, you indicated that the government was not willing to extend the response date for the subpoena. While it is obvious that a production of documents covering the breadth of this subpoena would take months of effort to make, I am disappointed that we could not agree to an extension of time that would permit us to discuss these issues prior to the subpoena's return date.

Among the issues that we should discuss are the following:

- The new subpoena, containing 23 separate requests, is extremely broad and unduly burdensome. The subpoena calls for documents that predate your 1997 subpoena by four years, adds another three years after the date of your last subpoena, and, in total, covers a period of more than ten years. Complying with this subpoena would take months and would require an enormous amount of work and expense.

- By requiring the production of "all" documents in each of the requests, the subpoena is overly broad and unduly burdensome. Abbott cannot be certain that "all" documents and things have been identified that are responsive to the categories enumerated in the subpoena. The number of past and present employees whose files could conceivably contain documents responsive to these requests number in the thousands. For any document subpoena of this length and breadth, Abbott can only conduct a reasonable search for the requested documents and produce responsive, non-privileged documents located as a result of such a search.

- The scope of the subpoena, while difficult to ascertain, could be construed as requiring documents relating to all of Abbott's hundreds of pharmaceutical products, thereby expanding, to an unreasonable degree, the scope of the original subpoena, which for the most part was limited to 13 pharmaceutical products.

- It is difficult to understand what information the government is seeking in many of the requests. Several of the terms used in the subpoena are ambiguous and confusing. For example, the term "Spread" is defined as "the difference between the actual acquisition cost or purchase price of a Pharmaceutical (paid by purchasers for the Pharmaceuticals) and the price or cost set, published or arranged by the manufacturer or the reimbursement rate paid by third party payors (to purchasers of the Pharmaceuticals)." This definition sheds little light on what the "Spread" means. Indeed, it appears from this definition that the "Spread" could be calculated in a number of different ways using a number of

JONES, DAY, REAVIS & POGUE

Mr. Mark Lavine
August 28, 2000
Page 3

different prices. This is only one example of the difficulty we have encountered in interpreting the subpoena.

- The subpoena, though dated July 25, 2000, was not served upon Abbott's counsel until it was sent by Federal Express on August 3, 2000. In a telephone conversation on July 21, 2000, where I agreed to accept service of this subpoena, you declined to send the subpoena to me via facsimile. Instead, I first received the subpoena when I returned to the office from business engagements on August 9, 2000. As a result, Abbott lost over a week of time in responding to the subpoena. Moreover, my long-scheduled family vacation began shortly after we received the subpoena, further hindering our ability to respond by August 28, 2000.

- To the extent that the subpoena seeks documents containing confidential or proprietary information, I would like to discuss with you an appropriate agreement to protect the confidentiality of these documents.

In addition to these general issues, Abbott submits the attached objections to the subpoena.

Abbott requests an opportunity to discuss these issues and to determine if we can reach an agreement on a reasonable way in which this subpoena can be substantially narrowed so that Abbott might respond to it.

I look forward to speaking with you at your earliest convenience.

Very truly yours,

R. Christopher Cook

Attachment

cc: Stacey Chronis, Esq.
Daniel E. Reidy, Esq.
Toni-Ann Citera, Esq.

CH: 1120282.4

## ABBOTT LABORATORIES' OBJECTIONS TO THE SUBPOENA ISSUED BY THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, OFFICE OF INSPECTOR GENERAL AND BY THE DEPARTMENT OF JUSTICE

Abbott Laboratories ("Abbott") objects as follows to the Subpoena Duces Tecum served by the Department of Health and Human Services, Office of Inspector General and by the Department of Justice on Abbott, dated July 25, 2000. By making these objections, Abbott does not waive its right to challenge the subpoena on any additional grounds, nor does Abbott waive any defense that may be raised in response to an action to enforce the subpoena.

### GENERAL OBJECTIONS

1.  Abbott objects to the subpoena because it is overly broad and unduly burdensome.

2.  Abbott objects to the subpoena and, specifically, to the definitions of terms contained in the subpoena as vague, ambiguous and confusing.

3.  Abbott objects to the length of the time frame for which documents are sought.

4.  Abbott objects to the subpoena to the extent that it seeks the production of documents containing confidential and/or proprietary information.

5.  Abbott objects to the subpoena to the extent that it seeks documents protected by any privilege, including documents covered by the attorney-client privilege or the work product doctrine.

6.  Abbott objects to the subpoena to the extent it seeks documents outside Abbott's possession, custody or control.

7.  Abbott objects to the response date of the subpoena as it does not provide sufficient time in which to collect, review, copy and produce responsive, non-privileged documents.

8.  Abbott objects to the subpoena to the extent that it infringes on the right of Abbott, its employees or its shareholders to exercise any rights protected by the Constitution of the United States, including the First Amendment right to petition the government and to speak to Congress.

### SPECIFIC OBJECTIONS

**Request 1.**  All documents (excluding invoices) which mention, evidence or reflect any Price Representations for a Listed Pharmaceutical sent or directed by you or on your behalf to any government office or official (or their privately contracted agents) responsible for receiving, processing, and/or paying claims for Medicaid or Medicare reimbursement for the Listed Pharmaceuticals, setting the rates of reimbursement for the Listed Pharmaceuticals, or for calculating Medicaid rebates for the Listed Pharmaceuticals.

**OBJECTION:**  Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. The Request, as written, would require Abbott to search Medicaid rebate files as well

as Medicaid and Medicare reimbursement files for all fifty states. Abbott further objects to this Request on the grounds that it is vague, ambiguous and confusing.

**Request 2.** All documents transmitted between you and any organization, trade group, committee, lobbyist or consultant (including entities such as the American Society of Clinical Oncologists) which mention, evidence or reflect any explanation or definition of any terms commonly used to describe Price Representations or charge-back arrangements.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to the Listed Pharmaceuticals, this Request, as written, would require Abbott to search the files of every Abbott product in every Abbott division.

**Request 3.** All documents transmitted between you and any organization, trade group, committee, lobbyist or consultant (including entities such as the American Society of Clinical Oncologists) which mention, evidence or reflect any Price Representations regarding the Listed Pharmaceuticals.

**OBJECTION:** Abbott objects to this Request on the grounds that it is duplicative of Request 2 and on the grounds that it is overly broad and unduly burdensome. .

**Request 4.** All documents transmitted between you and any organization, trade group, committee, lobbyist or consultant (including entities such as the American Society of Clinical Oncologists) which mention, evidence or reflect any reimbursement information regarding the Medicare Program or any Medicaid Program.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to the Listed Pharmaceuticals, this Request, as written, would require Abbott to search the files of every Abbott product in every Abbott division. Abbott also objects to this Request on the grounds that the terms "reimbursement information" are vague and ambiguous.

**Request 5.** All documents which mention, evidence or reflect any Price Representation for a Listed Pharmaceutical sent or provided by you or on your behalf to any elected official of any State or the United States.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome.

**Request 6.** All documents which mention, evidence or reflect any explanation or definition of any terms commonly used to describe Price Representations, AMP, Best Price or charge-back arrangements sent or provided by you or on your behalf to any elected official of any State or the United States.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to the Listed Pharmaceuticals, this Request, as written, would require Abbott to search the files of every Abbott product in every Abbott division.

**Request 7.**   All documents which mention, evidence or reflect any Price Representations sent to or received from any Publishers for any of the Listed Pharmaceuticals, including but not limited to new product submissions, data requests or price updates.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks Price Representations for the List Pharmaceuticals sent to any Publisher over the course of ten years.

**Request 8.**   All documents which mention, evidence or reflect the purpose, goal or reason for the transmittal of the information described in paragraphs 1 - 7, including internal memoranda, cover letters, analysis or strategy discussions.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to the Listed Pharmaceuticals, this Request, as written, would require Abbott to search the files of every Abbott product in every Abbott division. Abbott also objects to this Request on the grounds that it is vague, ambiguous and confusing. Abbott further objects to this Request to the extent it seeks information that is confidential and proprietary to Abbott and that is protected by the attorney-client privilege and the work-product doctrine.

**Request 9.**   All documents which mention, evidence or reflect the reimbursement rates set or methodologies used by any state's Medicaid program, the Medicare program, or any private insurance program, including all documents which mention, evidence or reflect how those reimbursement rates affect your marketing or sale of any of your Pharmaceuticals.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to the Listed Pharmaceuticals, this Request, as written, would require Abbott to search the files of every Pharmaceutical that Abbott sells. Abbott further objects to this Request on the grounds that it seeks information that is not primarily in Abbott's possession, custody or control.

**Request 10.**   All documents which mention, evidence or reflect the Price Representations of any of your Pharmaceuticals in comparison to or in connection with the reimbursement rates of any state's Medicaid program, the Medicare program, or any private insurance program.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to the Listed Pharmaceuticals, this Request, as written, would require Abbott to search the files of every Pharmaceutical that Abbott sells. Abbott further objects to this Request on the grounds that it is vague, ambiguous and confusing.

**Request 11.**   All documents which mention, evidence or reflect other drug manufacturers' Price Representations in comparison to or in connection with (a) your Price Representations or (b) the reimbursement rates of any state's Medicaid program, the Medicare program, or any private insurance program.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to the Listed Pharmaceuticals, this Request, as written, would require Abbott to search the files of every Abbott product in every Abbott division.

**Request 12.** All "Applications for Inclusion of a New Product and the Recertification of Products Presently Included in the Texas Vendor Drug Program" sent to the Texas Medicaid Program and all other similar forms or applications, and drafts thereof.

**OBJECTION:** Abbott objects to this Request on the grounds that it is vague and ambiguous. The phrase "all other similar forms or applications" is neither explained in the Request itself nor defined in the Definitions section of the subpoena. This Request, as written, could be construed to seek similar forms or applications submitted to Medicaid programs in other states. To the extent that the Request calls for such forms or applications, Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome.

**Request 13.** All documents, not otherwise described in paragraph 12, transmitted to the Texas Medicaid Program which contained any Price Representations regarding any of your Pharmaceuticals, and drafts thereof.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to the Listed Pharmaceuticals, this Request, as written, would require Abbott to search the files of every Pharmaceutical that Abbott sells.

**Request 14.** All documents which mention, evidence or reflect any discussions or analysis regarding supplying or otherwise reporting the information described in paragraphs 12 and 13.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Abbott further objects to this Request to the extent it seeks information that is confidential and proprietary to Abbott and that is protected by the attorney-client and work product privileges.

**Request 15.** All documents that mention, evidence or reflect any impact upon the net purchase or sale price of any Listed Pharmaceutical due to any payment or proposed payment in cash or in kind directly or indirectly, including charge backs, discounts, the Spread, rebates, free pharmaceuticals, administrative fees, sponsorship of meetings, drug studies, educational or research grants or off-invoice pricing.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to particular customers, this Request, as written, would require Abbott to search every single customer contract and customer file. Abbott further objects to this Request on the grounds that it is vague, ambiguous and confusing. The phrases "net purchase price" and "sale price" are neither explained in the Request itself nor defined in the Definitions section of the subpoena.

**Request 16.** All documents that mention, evidence or reflect any impact of the Spread upon the sale of your Pharmaceuticals to any purchaser, including any documents analyzing the gross profit or estimated gross profit of any purchaser.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to the Listed Pharmaceuticals, this Request, as written, would require Abbott to search the files of every Pharmaceutical that Abbott sells. Furthermore, without any limitation to particular customers, this Request, as written, would require Abbott to search every

single customer contract and customer file. Abbott further objects to this Request on the grounds that it is vague, ambiguous and confusing.

**Request 17.** All documents that mention, evidence or reflect the gross profits or estimated gross profits for any purchaser with respect to any of the Listed Pharmaceuticals.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to particular customers, this Request, as written, would require Abbott to search every single customer contract and customer file. Abbott further objects to this Request on the grounds that it is vague, ambiguous and confusing.

**Request 18.** All documents that summarize or describe the function of any system for connecting or interfacing with physicians' billing systems or practice management systems.

**OBJECTION:** Abbott objects to this Request on the grounds that it is vague, ambiguous and confusing. The term "system" is neither explained in the Request itself nor defined in the Definitions section of the subpoena.

**Request 19.** All documents that mention, evidence or reflect any payment in cash or in kind directly or indirectly to any employee of any agency involved in the administration of any Medicaid program or the Medicare program, or to any of their family members.

**OBJECTION:** Abbott objects to this Request on the grounds that it is vague, ambiguous and confusing. The term "indirectly" is neither explained in the Request itself nor defined in the Definition section of the subpoena. Furthermore, as written, this Request, could be broadly construed to require documents relating to any rebate payment that Abbott has made to any Medicaid program. Abbott also objects to this Request to the extent that it suggests that Abbott engaged in improper conduct.

**Request 20.** All documents that mention, evidence or reflect any communications directed by you or on your behalf to any purchaser which mention, evidence or reflect either reimbursement amounts for the Listed Pharmaceuticals or the Spread, including documents which reference AWP or WAC.

**OBJECTION:** Abbott objects to this Request on the grounds that it is vague, ambiguous and confusing. As written, it is unclear whether the term "Spread" is limited to the Listed Pharmaceuticals. To the extent that the Request seeks documents that mention, evidence, or reflect the Spread of non-Listed Pharmaceuticals, Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Furthermore, without any limitation to particular customers, this Request, as written, would require Abbott to search every single customer contract and customer file.

**Request 21.** All documents which mention, evidence or reflect any occasion whereby the net price or cost to a purchaser was less than that reflected on the invoice to the purchaser, including any arrangement whereby payments were made directly to the purchaser or free goods were delivered directly to the purchaser thereby resulting in a reduction of the net price or net cost of the purchaser.

**OBJECTION:** Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to the Listed Pharmaceuticals, this Request, as written, would

CH: 11201254                                        5

require Abbott to search the files of every Abbott product in every Abbott division. Furthermore, without any limitation to particular customers, this Request, as written, would require Abbott to search every single customer contract and customer file.

**Request 22.**   All documents which mention, evidence or reflect any price changes or changes in Price Representations to any of your Pharmaceuticals from April 30, 2000 to the present.

**OBJECTION:**   Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to the Listed Pharmaceuticals, this Request, as written, would require Abbott to search the files of every Pharmaceutical that Abbott sells.

**Request 23.**   All documents which mention, evidence or reflect the reason for any price change or changes in Price Representations described in paragraph 22.

**OBJECTION:**   Abbott objects to this Request on the grounds that it is overly broad and unduly burdensome. Without any limitation to the Listed Pharmaceuticals, this Request, as written, would require Abbott to search the files of every Pharmaceutical that Abbott sells. Abbott further objects to this Request to the extent it seeks information that is confidential and proprietary to Abbott and that is protected by the attorney-client privilege and the work-product doctrine.