# Exhibit 24
# Part D

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.*,
Civil Action No. 01-12257-PBS

Exhibit to the July 24, 2009, Declaration of George B. Henderson, II
In Support of United States' Common Memorandum of Law in Support of Cross-Motions for Partial Summary Judgment and in Opposition to the Defendants' Motions for Summary Judgment

**State of:** KENTUCKY

**Medicaid Pharmacy Reimbursement Methodology**

| | Prescription/Legend Drugs | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | | Estimated Acquisition Cost (EAC) [2] | | | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | | | | | |
| **Effective Time Period** | Usual and Customary | Gross Amount Due | FUL/FMAC | EAC [2] | SMAC | Brand | Generic | **SMAC Methodology** | | Brand | Generic | Brand NF Resident | Generic NF Resident | Unit Dose Packaging | **Compound Drugs** |
| 12/28/1990 - 3/31/1991 | Y | Y | Y | Y | N | AWP - 10% or DP [3] | AWP - 10% or DP [3] | | Y | $3.25 | $3.25 | $3.25 | $3.25 | Plus $.02-$.04 [5] | |
| 4/1/1991 - 6/30/1991 | Y | Y | Y | Y | N | AWP - 10% or DP [6] | AWP - 10% or DP [6] | | Y | $3.25 | $3.25 | $3.25 | $3.25 | Plus $.02-$.04 [5] | |
| 7/1/1991 - 1/15/2001 | Y | Y | Y | Y | N | AWP - 10% or DP [4] | AWP - 10% or DP [4] | | Y | $4.75 | $4.75 | $5.75 | $5.75 | Plus $.02-$.04 [8] | |
| 1/16/2001 - 3/31/2002 | Y | Y | Y | Y | N | AWP - 10% [7] | AWP - 10% [7] | | Y | $4.51 | $4.51 | $4.51 | $4.51 | Plus $.02-$.04 [9] | |
| 4/1/2002 - 3/31/2003 | Y | Y | Y | Y | N | AWP - 12% | AWP - 12% | | Y | $4.51 | $4.51 | $4.51 | $4.51 | Plus $.02-$.04 [9] | [12] |
| 4/1/2003 - 12/2/2004 | Y | Y | Y | Y | Y | AWP - 12% | AWP - 12% | [10] | Y | $4.51 | $4.51 | $4.51 | $4.51 | Plus $.02-$.04 [9] | [12] |
| 12/3/2004 - 2/22/2005 | Y [1] | Y [13] | Y | Y | Y | AWP - 12% | AWP - 12% | [11] | Y | $4.51 | $4.51 | $4.51 | $4.51 | Plus $.02-$.04 [9] | [12] |
| 2/23/2005 - Present | Y [1] | Y [15] | Y | Y | Y | AWP - 15% | AWP - 14% | [11] | Y | $4.50 | $5.00 | $4.50 | $5.00 | Plus $.02 [14] | [12] |

Data taken from Kentucky Medicaid State Plan Amendments

Data provided by John Hoffmann, Division of Information Systems

Data provided by Bahr deposition taken 1/29/08, Kustra deposition taken 5/29/08, and document production by Kentucky to Roxane

Data provided by administrative rule 907 KAR 1:020 and 1:021

1 Per KY_DMS_00000000176297, the usual and customary charge is the amount that a pharmacist can typically expect to receive from a pharmacy benefits manager (PBM); reflects the real world experience in actual reimbursement rates from PBMs

2 Per Kustra deposition pp. 366-367 and Bahr deposition pp.149 and 293-294, the Commonwealth uses First DataBank for pricing.

3 Per 907 KAR 1:020 Section 1(1)(b) adopted 6/19/91, when an AWP and a direct price are listed for drugs provided by those companies who had determined that at least 50% of their products were sold directly to Kentucky pharmacies, and for which the Medicaid Program used direct pricing as of 9/30/1990, reimbursement for the drug cost shall be **the lesser of the direct price, the FMAC, or AWP-10%, or the usual and customary billed charge.**

4 Per TN #91-12, the EAC for drugs shall not exceed AWP - 10%; if an AWP is not listed, the EAC shall be the direct price. Reimbursement for drugs provided to patients in nursing facility brain injury units and nursing facility ventilator dependent units shall be as a part of the all inclusive rate for the unit and the payments for such drugs shall be in accordance with the MAC/EAC upper limits.

5 Per 907 KAR 1:020 Section 1(1)(e) and Section 2(2) adopted 6/19/91, for nursing facility residents meeting Medicaid patient status criteria, there shall be no more than one(1) dispensing fee allowed per drug within a calendar month for maintenance drugs, and no more than two (2) dispensing fee allowed per drug within a calendar month for other drugs, except Schedules II, III, and IV controlled substances and non-solid dosage forms, including topical medication preparations, for which no more than four (4) dispensing fees per drug shall be allowed within a calendar month. An addition to the $3.25 dispensing fee shall be made for drugs dispensed through the pharmacy outpatient drug program in the amount of two (2) cents per unit dose for unit dose drugs packaged in unit dose form by the manufacturer and four (4) cents per unit dose for unit dose drugs packaged in unit dose form by the pharmacist; effective 5/1/1991 the unit dose dispensing fee addition shall be paid, as appropriate, even though the usual dispensing fee is not paid due to monthly limits on dispensing fees.

6 Per 907 KAR 1:020 Section 1(1)(b) adopted 6/19/91, when an AWP is listed, reimbursement for the drug cost shall be the lesser of the FMAC or AWP - 10% plus a dispensing fee (and unit dose add-on as appropriate) or the usual and customary billed charge. If an AWP is not listed, reimbursement shall be the lesser of the FMAC or Direct Price plus a dispensing fee (and unit-dose add-on as appropriate) or the usual and customary billed charge.

7 Per TN #01-04, the following drugs are excluded from coverage through the Outpatient Pharmacy Program: LTE (less than effective) FDA rated drugs; a drug that has reached the termination date established by the drug manufacturer; a drug for which the drug manufacturer has not entered into or has not complied with a rebate agreement in accordance with 42 USC 1396r-8(a) unless there has been a review and determination by the department that it shall be in the best interest of Medicaid recipients for the department to make payment for the non-rebated drug; and, a drug provided to a recipient in an institution in which drugs are considered a part of the reasonable allowable costs under the Kentucky Medicaid Program.

8 Per TN #91-12, for nursing facility residents meeting Medicaid patient status criteria, there shall be no more than one dispensing fee allowed per drug within a calendar month for maintenance drugs and no more than two (2) dispensing fees allowed per drug within a calendar month for other drugs, except for Schedules II, III, and IV controlled substances and for non-solid dosage forms, including topical medication preparations, for which no more than four (4) dispensing fees per drug per calendar month. An addition to the $5.75 dispensing fee shall be made in the amount of two (2) cents per unit dose for unit dose drugs packaged in unit dose form by the manufacturer and four (4) cents per unit dose for unit dose drugs packaged in unit dose form by the pharmacist.

9 Beginning with TN 01-23 effective 8/15/01, for nursing facility residents meeting Medicaid patient status, in addition to the $4.51 dispensing fee two (2) cents per unit dose for unit dose drugs packaged in unit dose form by the manufacturer and four (4) cents per unit dose for unit dose drugs packaged in unit dose form by the pharmacist.

10 Per TN #03-009, a SMAC may be established for a drug only if a federal upper limit did not exist for the drug and at least one readily and nationally available A-rated generic product did exist. (See also KY_DMS_00000000176298)

11 Per TN #04-007, a SMAC may be established for any drug (including generic) for which two or more A-rated therapeutically equivalent, multi-source, non-innovator drugs with a significant cost difference exist. The SMAC will be determined by taking into account drug price status (non-rebatable, rebatable), marketplace status (obsolete, regional availability), equivalency rating (A-rated) and relative comparable pricing. Other factors considered are clinical indications of generic substitution, utilization, and availability in the marketplace. Products are then sorted into drug groups by GCN, and then a filter is applied to remove all drug products that are obsolete, are not therapeutically equivalent, or are not available in the marketplace. The acquisition cost for the reimaining drug prodcuts are analyzed to produce the EAC for the drug group give due consideration (i.e. utilization and availability) to the lower cost products.

12 Per KY_DMS_00000000176305, payment for compounded prescription will be based upon the EAC from the current price in effect on the date of service for each ingredient, one of which must be a legend item. Effective sometime prior to 2004, a fee of $1.00 will be added to the reasonable dispensing fee for the extra compounding time required by the pharmacist.

13 Per KY_DMS_00000000176297, the gross amount due is defined as the acquisition costs of the ingredients plus the expected dispensing fee paid. This does not represent the amount that a pharmacist would expect as reimbursement from the PBM.

14 Per TN #05-004, for nursing facility residents meeting Medicaid patient status, an incentive of two (2) cents per unit dose shall be paid to the long term care pharmacist for repackaging a non-unit dose drug in unit dose form.

15 Per KY_DMS_00000000176303 (TN #05-004 effective 2/23/2005), the gross amount due is defined as the total price of a drug claimed from all sources. This includes the drug ingredient cost paid, the dispensing fee paid, and any applicable unit dose re-packaging incentive payments.

07/21/09

State of: **NORTH CAROLINA**

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Legend/Prescription Drugs | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | | | | | | | | |
| | | | | | | Estimated Acquisition Cost (EAC) [3] | | | | Dispensing Fee [1] | | |
| Effective Time Period | Usual and Customary | FUL | EAC [4] | Lowest Charge to Other 3rd Party | SMAC | Brand | Generic | SMAC Methodology | Physician Override (DAW, Brand Medically | Brand | Generic | Compound Drugs |
| 10/1/1989 - 12/31/1991 | Y | Y | Y | Y [7] | N | AWP - 10% [6] | AWP - 10% [6] | | Y | $4.85 | $4.85 | |
| 1/1/1992 - 6/30/1992 | Y | Y | Y | Y [7] | N | AWP - 10% | AWP - 10% | | Y | $5.60 | $5.60 | |
| 7/1/1992 - 11/30/2001 | Y | Y | Y | | N | AWP - 10% | AWP - 10% | | Y | $5.60 | $5.60 | |
| 12/1/2001 - Present | Y | Y | Y | | Y | AWP - 10% | AWP - 10% | [2] | Y | $4.00 | $5.60 | [5] |


Data taken from North Carolina Medicaid State Plan Amendments

Data provided by Weeks 10/21/08 deposition and exhibits

Data provided by Lisa Weeks, Pharmacy Policy Supervisor

[1] Per TN #89-09 et al. (Ex. 11, 12), the dispensing fee is paid to all providers for the initial dispensing. Refills within the same month are not paid a dispensing fee.

[2] SMAC methodology - reimbursement is based on 150 percent of the lowest priced generic. In cases where 150 percent results in a price less than the cost of the second-lowest generic product, at least an additional 10 percent margin is added to the cost of the second-lowest drug to establish the MAC price. (Deposition pp. 45-46, 49) For established generic drugs with only one supplier, the MAC price is established between the actual acquisition cost and the average wholesale price of the generic drug. A minimum reimbursement of 20 percent above actual acquisition is guaranteed for these drugs. In most cases, MAC pricing is substantially higher than the 20 percent. (Deposition pp. 95, 263-265, Ex. 13)

[3] Per TN #92-05 et al., the state uses First DataBank for pricing (Ex. 12). (See also deposition pp. 43-44, 91-92)

[4] Per TN #89-09 et al., EAC is referred to as NCEAC or North Carolina Estimated Acquisition Cost. (See also deposition pp. 86-87)

[5] Compound drugs have been treated like generics regarding dispensing fee ($5.60) since the 2001 reduction in the brand dispensing fee to $4.00. If these drugs come through pharmacy point-of-sale, then they are reimbursed as other drugs.

[6] Per deposition pp. 41-43, AWP - 10% was implemented in the early 1990's. Prior to that, EAC was set at 100% AWP

[7] Per deposition pp. 82-85, state had no way to enforce lowest charge to other 3rd party, therefore it was removed from the State Plan (pp. 89-90).

State of: **NORTH DAKOTA**

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Legend/Prescription Drugs | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | | Estimated Acquisition Cost (EAC) [3] | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | | | |
| **Effective Time Period** | Usual and Customary | FUL | EAC [3] | SMAC | DOJ Pricing | Brand/Generic | | Brand | Generic | Compound Drugs | **Pill Splitting** |
| 7/1/1990 - 6/30/1991 [8] | Y | Y | Y | N | | AWP - 10% | Y | $3.56 [8] | $3.56 [8] | | |
| 7/1/1991 [8] - 6/30/1995 [8] | Y | Y | Y | N | | AWP - 10% | | $4.25 [8] | $4.25 [8] | | |
| 7/1/1995 [8] - 7/31/1997 [8] | Y | Y | Y | N | | AWP - 10% | | $4.50 [8] | $4.50 [8] | | |
| 8/1/1997 [8] - 3/31/2002 | Y | Y | Y | N | Y [6] | AWP - 10% | Y [8] | $4.60 [8] | $4.60 [8] | | |
| 4/1/2002 - 1/5/2003 | Y | Y | Y | Y [1, 8] | | AWP - 10% | Y [8] | $4.60 | $4.60 | $10.00 [5, 8] | + $.15/pill [2] |
| 1/6/2003 - 7/31/2003 | Y | Y | Y | Y [1] | | AWP - 10% | Y [8] | $5.10 | $5.10 | $10.00 [5, 8] | + $.15/pill [2] |
| 8/1/2003 [7] - 9/30/2005 [8] | Y | Y | Y | Y [1] | | AWP - 10% | Y [8] | $4.60 [7] | $5.60 [7] | $10.00 [5, 8] | + $.15/pill [2] |
| 10/1/2005 [8] - Present [8] | Y | Y | Y | Y [1] | | Lesser of: AWP - 10% or WAC + 12.5% [4] | Y | $4.60 | $5.60 | $10.00 [5, 8] | + $.15/pill [2] |

Data taken from North Dakota Medicaid State Plan Amendments

Data provided by Joyce deposition taken on 12-12-08 and Dey Exhibits

[1] Per TN #02-022 (HHD038-0107) , State MAC added. SMAC pricing did not become effective until 1/6/2003. Methodology is based on actual costs for pharmacies and not WAC or AWP. State MAC includes hemophilia factors. Synagis, immunogiobulin.

[2] Beginning with TN #02-013 (HHD038-0100) , a fee of fifteen cents per pill will be added to the dispensing fee for the service of pill-splitting. Pill splitting is entirely voluntary for the patient and the pharmacist. Pill splitting will only be permitted when Medical Services determines it is cost effective, the pill is scored for ease of splitting, and the pharmacy staff splits the pill. This fee will only be allowed for medications that have been evaluated by the state for cost-effectiveness and entered into the Point-of-Sale system.

[3] Beginning with TN #90-06 (HHD038-0034) First DataBank used for pricing. (See also Deposition Ex. 723. HHD006-0301.)

[4] State asked First Data Bank to change reimbursement rates to the lesser of AWP-10% or WAC+12.5% effective 10/1/2005, but it wasn't loaded until December 2005 (Contained in Ex. 001: verified as accurate per deposition pp. 249-253.) (EAC change effective 11/1/05 per TN #05-005 (HHD038-0120) .)

[5] Compounds are reimbursed by calculating EAC for all ingredients and then given a dispensing fee of $10 for the entire compound. (Contained in Ex. 001: verified as accurate per deposition pp. 249-253.)

[6] State implemented DOJ prices in June 2000 and discontinued them in August 2000. (Deposition Ex. 723, HHD006-0302) (Contained in Ex. 001: verified as accurate per deposition pp. 249-253.)

[7] Per TN #03-009 (Ex. 714, deposition pp. 135-136.)

[8] Dates, dispensing fees, compound fees and other information contained in Ex. 001 verified as accurate per deposition pp. 249-253.

07/21/09

State of: **OKLAHOMA**

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Legend/Prescription Drugs | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | | Estimated Acquisition Cost (EAC)[5] | | | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | |
| Effective Time Period | Usual and Customary | FUL | EAC[5] | DOJ Pricing | SMAC | Brand | Generic | SMAC Description | | Brand | Generic |
| 3/1/1990 - 9/30/1995 | Y | Y | Y | | Y[1] | AWP - 10.5% | AWP - 10.5% | [1] | Y[2] | Max. $5.10 | Max. $5.10 |
| 10/1/1995 - 2/11/2002 | Y | Y | Y | Y[6] | Y[7] | AWP - 10.5% | AWP - 10.5% | [3] | Y | Max. $4.15 | Max. $4.15 |
| 2/12/2002 - Present[8] | Y | Y | Y | [6] | Y | AWP - 12% | AWP - 12% | [4] | Y | Max. $4.15 | Max. $4.15 |

Data taken from Medicaid State Plan Amendments

Data taken from Nesser Deposition (12-12-08) and Roxane Exhibits

Data taken from OHCA pharmacy program website 10/27/08 and 6/18/09

[1] State MAC established effective 7/1/93 per TN #93-16: State MAC products and price are established based upon the recommendation of a special committee consisting of representatives from the Medical, Osteopathic and Pharmaceutical Associations. The price is set as a percentile of the available medication specific products. (HHD076-0084)

[2] Per TN #93-16, brand necessary exception does not apply to State MAC. (HHD076-0081)

[3] Per TN #00-02, effective 4/8/2000, the SMAC price is established for certain products which have an FDA approved generic equivalent. The products and SMAC price are established based upon the recommendation of the DUR Board to the Agency CEO based on an average of two pricing formulas: (1) the OK State and Education Employees Group Insurance Board (OSEEGIB) MAC value and (2) the lower of AWP-15% or WAC plus 12%. The DUR Board computes formula number (1) and computes the lower of formula number (2). The formulas in (1) and (2) will then be averaged to comprise the SMAC price. (HHD075-0080)

[4] Per TN #03-15 effective 10/1/2003, the SMAC is established for certain products which have an FDA approved generic equivalent and are not narrow therapeutic index drugs. There are two calculations done for each product. The first is unit AWP-15% and the second is unit WAC+12%. For each product, the lower value is to be considered. The median value of the "lower of" or "lesser of" values then becomes the SMAC price. (HHD076-0077)

[5] Division has always used First DataBank for pricing. (Deposition pp. 317-318)

[6] Per Roxane Exhibit 022 dated 12-12-08, OK implemented DOJ prices on May 1, 2000 and was still using those prices as of 1/11/2001 (See also deposition pp. 232-233) Per deposition p. 343, DOJ prices are no longer being used; they have been replaced with invoice information over time.

[7] Per Nesser deposition pages 198 and 202, OK established a State MAC program in the 1980's, then the program dwindled and was re-established in 2000.

[8] Per deposition pp. 78-80, the basic formula for reimbursement has not changed since 2002.

07/21/2009

State of: OREGON

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Prescription/Legend Drugs | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Reimbursement is always lowest of either FUL or EAC or SMAC or U&C | | | | | Estimated Acquisition Cost (EAC) [10] Pay the lower of each formula listed | | | | | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | | |
| | | | | | | | | Mail Order | | | | | | |
| Effective Time Period | Usual and Customary | FUL | EAC | SMAC [2] | DOJ Pricing | Retail | Institutional | Brand | Generic | SMAC Methodology | | Retail | Institutional | Compound Drug Fee (Retail) |
| 1/1/1991 - 9/30/2001 | Y | Y | Y | N | Y [11] | DP [1]; AWP - 11% | DP [1]; AWP - 11% | | | | Y | $3.91 [3] | [3] | |
| 10/1/2001 - 8/31/2002 | Y | Y | Y | Y [2] | Y [11] | AWP - 13% | AWP - 13% | | | | Y | $3.50 | $3.91 | $3.50 [8] |
| 9/1/2002 - 2/14/2003 | Y | Y | Y | Y | Y [11] | AWP - 14% | AWP - 14% | | | [4] | Y | $3.50 | $3.91 | $3.50 [8] |
| 2/15/2003 - 5/31/2003 | Y | Y | Y | Y | Y [11] | AWP - 14% | AWP - 14% | AWP - 21% [6] | AWP - 60% [6] | [5] | Y | $3.50 | $3.91 | $3.50 [8] |
| 6/1/2003 - 10/31/2003 | Y | Y | Y | Y | Y [11] | AWP - 15% | AWP - 11% | AWP - 21% [6] | AWP - 60% [6] | [7] | Y | $3.50 | $3.91 | $3.50 [8] |
| 11/1/2003 - Present | Y | Y | Y | Y | Y [11] | AWP - 15% | AWP - 11% | AWP - 21% [6] | AWP - 60% [6] | [7] | Y | $3.50 | $3.91 | $7.50 [9] |

Data taken from Oregon Medicaid State Plan Amendments

Data provided by Anderson deposition taken 12/16/08 and exhibits and by documents produced during discovery in *In Re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456

Data provided by Roger Magrish, Pharmacy Program Manager

Data taken from the Pharmaceutical Benefits Survey published by the National Pharmaceutical Council

[1] NPCs report direct price (DP) for 9 selected companies. (See also deposition pp. 62-66, Ex. 1)

[2] Per TN #91-8 (HHD074-0266), Oregon MAC is referred to as OMAC and became effective on 3/1/2002 per the state.

[3] Per TN #91-8 (HHD074-0265), dispensing fee payment mechanism is four-tiered, based on yearly prescription sales volume, the percentage of dispensing sales volume that is Medicaid dispensings, and the type of unit dose dispensing system used: $4.05 for 15-30K volume of scripts; $4.17 for 1-15K; and $4.28 for 1-15K with 20% > Medicaid volume. (Deposition pp. 62-66, Ex. 1)

[4] Per TN #02-04 (HHD074-0328), OMAC is determined on selected multiple-source drugs designated as bioequivalent by the FDA. The upper limit of payment for a selected multiple-source drug is set at a level where one bioequivalent drug product is available from at least two wholesalers serving the State of Oregon. When the OMAC is based upon AWP, it will be set at 14% below AWP.

[5] Per TN #02-16 (HHD074-0413), OMAC is determined on selected multiple-source drugs designated as bioequivalent by the FDA. The upper limit of payment for a selected multiple-source drug is set at a level where one bioequivalent drug product is available from at least two wholesalers serving the State of Oregon. When the OMAC is based upon AWP, it will be set at 14% below AWP and below 11% for institutional pharmacies.

[6] Per TN #02-16 (HHD074-0413) et al., brand drugs purchased through DHS mail order vendor are paid the lesser of OMAC, FULs, AWP-21%; plus dispensing fee. Generic drugs purchased through DHS mail order vendor are paid the lesser of OMAC, FULs, AWP-60%; plus dispensing fee.

[7] Per TN #02-17 (HHD074-0418), OMAC is determined on selected multiple-source drugs designated as bioequivalent by the FDA. The upper limit of payment for a selected multiple-source drug is set at a level where one bioequivalent drug product is available from at least two wholesalers serving the State of Oregon. When the OMAC is based upon AWP, it will be set at 15% below AWP and below 11% for institutional pharmacies.

[8] Per TN #01-12 (HHD074-0389) et al., fee allowances are made for preparation time and dispensing of compound prescriptions. Pharmacies must list all applicable NDCs included in the compound and will receive a dispensing fee of $3.50 for each ingredient listed.

[9] Per TN #04-10 (HHD074-0316), fee allowances are made for preparation time and dispensing of compound prescriptions. Pharmacies must list all applicable NDCs included in the compound and will receive a dispensing fee of $7.50 for each ingredient listed.

[10] The State has always used First DataBank for pricing. (Deposition pp. 226-227, and pp. 62-66, Ex. 1)

[11] Per deposition pp. 203-206, from 2001 DOJ prices were being paid instead of First DataBank's AWP. Per state, DOJ pricing was used on selected drugs from First DataBank through 7/1/2005.

State of: PENNSYLVANIA

Medicaid Pharmacy Reimbursement Methodology Summary

Legend/Prescription Drugs

| | "Lower of" Reimbursement Methodology | | | | | | | Estimated Acquisition Cost (EAC) [2] | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Brand | | Generic | | | | | | | | | |
| Effective Time Period | Usual and Customary | EAC | Usual and Customary | FUL | EAC | SMAC | DOJ Pricing [3] | Brand/Generic | | Brand | Generic | Compound Prescription |
| 3/1/1987 - 1/9/1991 | Y | Y | Y | Y | Y | Y | | AWP | Y | $2.75 | $2.75 | Y [1] |
| 1/10/1991 - 9/30/1995 | Y | Y | Y | Y | Y | Y | | AWP | Y | $3.50 | $3.50 | Y [1] |
| 10/1/1995 - 8/9/2005 | Y | Y | Y | Y | Y | Y | | AWP-10% | Y | $4.00 | $4.00 | Y [1] |

| | "Lower of" Reimbursement Methodology | | | | | | Estimated Acquisition Cost (EAC) [2] | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Brand | | Generic | | | | Brand | Generic | | | | |
| Effective Time Period | Usual and Customary | EAC | Usual and Customary | FUL | EAC | SMAC | Pay the "lower of" | Pay the "lower of" | | | | |
| 8/10/2005 - Present | Y | Y | Y | Y | Y | Y [4] | WAC + 7% or AWP - 14% | WAC + 66% or AWP - 25% | Y | $4.00 | $4.00 | Y [1] |

Data taken from Pennsylvania Medicaid State Plan Amendments

Data taken from Pennsylvania Medical Assistance Bulletins

Data provided by Terri Cathers, Director Pharmacy Programs

Data taken from the Pharmaceutical Benefits Survey published by the National Pharmaceutical Council

[1] Per NPC summaries beginning with 1991, for compound prescriptions, an additional fee of $1.00 fee is allowed to a pharmacy, bringing the total dispensing fee to $3.75. A compounded prescription for the purposes of medical assistance payment is one which is prepared at the time of dispensing and involves the weighing of at least one solid ingredient which must be a compensable item or a legend drug in a therapeutic amount. (This information was later corroborated by SPA TN #95-22)

[2] Beginning on 1/10/2005 until 8/9/2005, the State used "dynamic pricing" from First DataBank, Micromedex, and Medi-Span, to determine the lower of the AWP or WAC, as well as the pricing formula of AWP-10%. Then from 8/10/2005 to present, EAC is calculated utilizing AWP from the three vendors as well as new pricing formulas. Prior to dynamic pricing, beginning 10/1/1995, EAC is calculated based upon AWP-10% from one pricing vendor, First DataBank.

[3] Pennsylvania is listed as a "DOJ special pricing state" in the OIG Report, "Medicaid's Use of Revised Average Wholesale Prices" (OEI-03-01-00010, September 2001), but state staff were unable to verify implementation of this pricing policy.

[4] Per State, effective 8/22/05, the State MAC pricing methodology was changed to the lower of: FUL; or, if the generic product is available from more than one manufacturer, the base price of 150% of the lowest acquisition cost for the generic product, unless 150% of the lowest acquisition cost is not at least 120% of the second lowest acquisition cost, the base price will be set at 120% of the second lowest acquisition cost. If the generic product is available from only one manufacturer, the base price is 120% of the acquisition cost for the generic product.

**State of:** RHODE ISLAND

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Prescription/Legend Drugs [8] | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | Estimated Acquisition Cost (EAC) [4] | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | |
| **Effective Time Period** | Usual and Customary | FUL | EAC [4] | SMAC | Brand/Generic | | In-home | Institution |
| 10/1/1987 - 12/31/1994 | Y | Y | Y | Y [1] | Pay lower of: AWP [5], DP [2] | Y | $3.40 | $2.85 |
| 1/1/1995 - 6/30/1995 | Y [3] | Y | Y | N | WAC + 10% [7] | Y | $3.40 | $2.85 |
| 7/1/1995 - 7/31/2006 | Y [3] | Y | Y | N | WAC + 5% [7] | Y | $3.40 | $2.85 |
| 8/1/2006 - Present | Y [3] | Y | Y | N | WAC [6,7] | Y | $3.40 | $2.85 |



Data taken from Rhode Island Medicaid State Plan Amendments

Data provided by Young deposition taken on 12/3/08 and by Avarista deposition taken on 12/4/08 and Declaration of Paula Avarista dated 7/21/09

1 Per TN #87-15 (HHD040-0062) SMAC referred to as State Upper Payment Limits. State MAC program was discontinued effective 1/1/1995 (Avarista deposition p.102).

2 Per NPC reports for 1991 and 1992, Direct Price applies to ten manufacturers: Abbott-Ross, Lederle, Merck Sharp & Dohme, Parke-Davis, Pfipharmics, Pfizer-Roerig, Squibb, Upjohn, Warner-Chilcott, Wyeth-Ayerst). NPCs for 1993 and 1994 report nine: Abbott-Ross, Lederle, Merck & Co., Pfipharmics, Pfizer-Roerig, Squibb, Upjohn, Warner-Chilcott, Wyerst-Ayerst. (Direct price confirmed Avarista deposition p. 59.)

3 Beginning with TN #95-005 effective 1/1/1994, the usual and customary charge to the general public should include all discounts such as senior citizen discounts, or if lower, the amount reimbursed by other third party payors. (HHD040-0061)

4 Per Avarista deposition pp. 204-205, MediSpan was used for pricing until 1991 and was then switched to First DataBank, which has been used ever since.

5 Per Avarista deposition pp. 43-44, 59, 201-202.

6 Per Young deposition pp. 165 and 229, WAC + 5 changed to WAC.

7 Per Avarista deposition pp. 210-211, since 1995, WAC is primary pricing. However, AWP - 15% is used for pricing if WAC, direct price, or FUL are not available.

8 All information on summary reviewed and verified as accurate in Avarista Declaration.

State of: SOUTH CAROLINA

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Legend/Prescription Drugs | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | | Estimated Acquisition Cost (EAC)[3] | | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | |
| **Effective Time Period** | Usual and Customary | FUL | EAC | DOJ Pricing | SMAC | Brand/Generic | **SMAC Description** | | Independent | Institutional |
| 7/1/1990 - 8/31/1991 | Y | Y | Y | | Y | AWP - 9 1/2% [1,2] | SMAC - 9 1/2% | Y | $3.05 | $2.15 |
| 9/1/1991 - 9/30/1995 | Y | Y | Y | | Y | AWP - 9 1/2% [1,2] | SMAC - 9 1/2% | Y | $4.05 | $3.15 |
| 10/1/1995 - 9/30/1999 | Y | Y | Y | | Y | AWP - 10% [1,2] | SMAC - 10% | Y | $4.05 | $3.15 |
| 10/1/1999 - 6/30/2000 | Y | Y | Y | | Y | AWP - 13% [1,2] | SMAC - 13% | Y | $4.05 | $3.15 |
| 7/1/2000 - 11/30/2001 | Y | Y | Y | Y [6] | Y | AWP - 10% [1,2] | SMAC - 10% | Y | $4.05 | $3.15 |
| 12/1/2001 - Present | Y [4,5] | Y [4,5] | Y [4,5] | Y [6] | Y [4,5] | AWP - 10% [1,2] | SMAC - 10% | Y | $4.05 | $3.15 |

Data taken from South Carolina Medicaid State Plan Amendments

Data provided by Medicaid Bulletins

Data provided by James Assey, Division Director of Health Services

[1] Beginning with MA #90-20 effective 7/1/1990, for pharmaceutical products having no AWP and whose billing price includes services other than ingredient cost, the state will impute its EAC based on available data. Final reimbursement is based on the imputed EAC plus the current dispensing fee.

[2] Beginning with MA #90-20 effective 7/1/1990, a provider of pharmaceutical services to LTC facilities may opt to be reimbursed under the Alternate Reimbursement Methodology (ARM). The ARM rate is based on historical reimbursement and utilization data for prescriptions of residents of LTC facilities. Reimbursement is based on the established rate times the estimated patient day totals for those recipients served by the contracted provider. Adjustment of the reimbursement is made when a comparison of the estimated vs. actual patient days for the month yields a difference. The ARM rate will not exceed the upper limits of payments under the non-LTC reimbursement methodology. Discontinued on 1/1/06 according to State Plan #05-013.

[3] Per 5/15/08 telephone call, pricing compendium has always been First DataBank.

[4] Per SC DHHS Medicaid Bulletin Pharm 01-06 dated November 7, 2001: Effective with dates of service December 1, 2001, the Medicaid prescription payment amount shall not exceed the lowest of: AWP less 10%, plus the dispensing fee of $4.05, **less $2.05**; FUL or SCMAC less 10%, plus the dispensing fee of $4.05, **less $2.05**; or the provider's usual and customary charge.

[5] Per SC DHHS Medicaid Bulletin Pharm 02-04 dated June 26, 2002: Effective with dates of service July 1, 2002, the Medicaid prescription payment amount shall not exceed the lowest of: AWP less 10%, plus the dispensing fee of $4.05; FUL or SCMAC less 10%, plus the dispensing fee of $4.05; or the provider's usual and customary charge. (The reduction of "less $2.05" was removed).

[6] The State applied DOJ pricing supplied by First Data Bank to the same price methodology.

07/21/09

State of: **SOUTH DAKOTA**

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Prescription/Legend Drugs [6] | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | Estimated Acquisition Cost (EAC) [2] | | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | | |
| Effective Time Period | Usual and Customary | FUL | EAC [2] | SMAC | Brand/Generic (Non-SMAC) | Class II Substances | | Brand | Generic | Unit Dose |
| 1/1/1990 - 6/30/1991 | Y | Y | Y | N [1] | AWP - 10.5% | 100% AWP [5] | Y | $4.25 | $4.25 | $5.05 |
| 7/1/1991 - 11/15/2002 | Y | Y | Y | N [1] | AWP - 10.5% | 100% AWP [5] | Y | $4.75 [3] | $4.75 [3] | $4.75 + $.80 |
| 11/16/2002 [1] - Present | Y | Y | Y | Y [4] | AWP - 10.5% | | Y | $4.75 | $4.75 | $4.75 + $.80 |



Data taken from South Dakota Medicaid State Plan Amendments

Data provided by Iversen deposition taken 12/15/2008 and exhibits; and Declaration of Mike Jockheck dated July 22, 2009

[1] Per 12/15/08 Iversen deposition p. 76, 78, and 87. SMAC was set at the FUL until November 2002 when a state-specific MAC was implemented.

[2] Pricing provided by First DataBank. (12/15/08 Iversen deposition p. 139)

[3] Per 12/15/08 Iversen deposition p. 79.

[4] Per dep. p. 87-89, 100-101, MAC methodology unknown because prices are determined by an outside vendor.

[5] State plans TN #90-11 and #91-16 report Schedule II paid at 100% AWP , but state reports that AWP - 10.5% was paid.

[6] All pricing information in this summary reviewed and verified as accurate in Jockheck Declaration.

**State of:** TENNESSEE

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Legend/Prescription Drugs | | | | | | | | | | Dispensing Fee | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | | Estimated Acquisition Cost (EAC)[8] | | | | Physician Override (DAW, Brand Medically Necessary) | Retail Pharmacy Network | | Specialty Network Pharmacy | Non-Network Pharmacy | Unit Dose | | Compound Drugs |
| **Effective Time Period** | Usual and Customary | FUL | EAC[8] | SMAC[1] | DOJ Pricing | Retail Pharmacy Network | Specialty Network Pharmacy | Non-Network Pharmacy | Schedule II Drugs | | Brand | Generic | | | Brand | Generic | |
| 10/1/1990 - 6/30/1998 | Y | Y | Y | Y | | AWP - 8%[2, 3] | | | 100% AWP[2] | N | $3.91 | $3.91 | | | $6.00 | $6.00 | |
| 7/1/1998 - 6/30/2000 | Y | Y | Y | Y | Y[17] | AWP - 13%[4] | | | 100% AWP | N[11] | $2.50[5] | $2.50[5] | | | $6.00 | $6.00 | |
| 7/1/2000 - 6/30/2003 | Y | Y | Y | Y | Y[17] | AWP - 13%[4] | | | 100% AWP[2] | N[11] | $2.50[6] | $2.50[6] | | | $5.00[7] | $5.00[7] | $25.00[16] |
| 7/1/2003 - 9/30/2008 | Y | Y | Y | Y | Y[17] | AWP - 13%[4] | | | | N[11] | $2.50[10] | $3.00[10] | | | $5.00[9] | $6.00[9] | $25.00[16] |
| 10/1/2008 - Present | Y | Y | Y | Y | Y[17] | AWP - 13%[4, 12] | [13] | AWP - 16%[14] | | N[11] | $2.50[12] | $3.00[12] | $1.50[13] | $1.50[14] | $5.00[15] | $6.00[15] | $25.00[16] |

Data taken from Tennessee Medicaid State Plan Amendments

Data provided by Sullivan deposition taken 3/12/08 and exhibits

Data provided by TennCare Pharmacy Manual Version 1.2 dated February 7, 2008 and Version 2.1 dated October 2008

Data provided by TennCare staff

[1] Per TN #90-32 et al., state MAC is defined as Tennessee Maximum Allowable Cost, TMAC.

[2] Per TN #90-32 and #2003-2, DEA Schedule II drugs shall be Blue Book published AWP. Discontinuation of Schedule II pricing occurred sometime prior to 7/1/2003.

[3] Per TN #90-32, when covered drugs are repackaged by an FDA-licensed repackager into unit dose packaging, an additional amount not to exceed a maximum of $0.03 per unit dose packaging will be allowed.

[4] Per TN #98-9 et al., payment for covered drugs may be made through a contract with one or more pharmacy benefits vendors or directly to participating pharmacies.

[5] Per TN #98-9, the dispensing fee is $2.50 for each prescription dispensed by pharmacy providers who comply with state-approved preferred provider credentialing requirements or special exemption requirements, and $2.00 for each prescription dispensed by other pharmacy providers.

[6] Per TN #2000-6, the dispensing fee is $2.50 for each prescription dispensed by pharmacy providers who comply with all of the TennCare pharmacy requirements.

[7] Per TN #2000-6, long-term care unit dose vendors who comply with all of the TennCare pharmacy requirements will receive a $5.00 dispensing fee for residents when the quantity dispensed is greater than a 28-day supply and $2.50 if the quantity is less.

[8] Per deposition pp. 265-266 (see also Abbott Exhibit 583), pricing provided by First DataBank until 9/30/08, at which time pricing service was switched to MediSpan as part of the SXC contract as the TennCare PBM, (per 2/6/09 telephone call with the State).

[9] Per TN #2003-2, paid for long-term care phamacy claims when the days supply is greater than 28 days.

[10] Per TN #2003-2, pharmacy providers who maintain a 90% or greater compliance with TennCare's preferred drug list (PDL) for each 6 month time period, will be paid an additional $0.10 for each TennCare prescription dispensed during that period. Per 1/8/09 telephone call with the State, this policy is believed to have ended with the increase to a $3.00 generic dispense fee, which occurred in late 2004 or early 2005.

[11] TennCare is a mandatory generic program, in which DAW1 is not allowed to override the mandatory generic requirement; exceptions may be requested through the PBM. There is also a short list of exceptions to the mandatory generic policy where TennCare prefers a brand product over a generic. For these medications, pharmacies are paid the generic dispensing fee.

[12] Pharmacies in the Retail Pharmacy Network are reimbursed the lesser of AWP-13% + dispensing fee, or MAC + dispensing fee, or FUL + dispensing fee, or U&C. Exceptions to this rule occur if the retail pharmacy dispenses a Specialty Pharmacy product, in which case they are reimbursed the lesser of the Specialty Rate, or MAC + $1.50 dispensing fee, or FUL + $1.50 dispensing fee, or U&C.

[13] Pharmacies in the Specialty Pharmacy Network are reimbursed the lesser of the Specialty Rate, or AWP-16% + $1.50 dispensing fee (if the product is not on the Specialty list), or MAC + $1.50 dispensing fee, or FUL + $1.50 dispensing fee, or U&C.

[14] Non-Network pharmacies are reimbursed the lesser of AWP-16% + $1.50 dispensing fee (DF), or MAC + $1.50 DF, or FUL + $1.50 DF, or U&C. Exceptions to this include specialty products, for which non-network pharmacies are reimbursed at a 2% deeper discount than the Specialty Rate plus a $1.50 DF (for example, if the Specialty Rate is AWP-17%, then the non-network rate for that product would be AWP-19% + $1.50).

[15] Paid for drugs with days supply greater than or equal to 28 days.

[16] For compound drug pricing, each individual ingredient is priced according to the "lower of" methodology plus the applicable dispense fee. The lesser of calculated amount, Usual and Customary, and Gross Amount Due are reimbursed. Dispense fees up to $25.00 are allowed; however, antibiotics are not authorized for this amount and pay the standard $2.50 dispense fee.

[17] Per Abbott Exhibit 583 and deposition pp. 223-233, 238-241, DOJ prices were implemented 5/1/2000 but it is unclear whether the prices remain in effect today.

07/21/2009

State of: **TEXAS**

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Reimbursement of Legend Drugs [17] | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | Estimated Acquisition Cost (EAC) [6,7] (Pay lower of WEAC, DEAC or MAC) | | | | | | Dispensing Fee Formula Factors | | |
| Effective Time Period | Usual and Customary | FUL | EAC [6] | DOJ Pricing | WEAC [7] (Pay lower of) | DEAC [7] | MAC/ SMAC [7] | SMAC Methodology | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee Formula/ Average Dispensing Fee | Dispensing Expense | Inventory Management Factor | Delivery |
| 5/1/1990 - 1/31/1991 | Y | Y | Y | | AWP - 10.49% or wc + 12% [9] | [3] | Y | | Y | [1,2,4] | 4.26 | 3.0% | $0.10 |
| 2/1/1991 - 3/30/1992 | Y | Y | Y | | AWP - 10.49% or wc + 12% [9] | [3] | Y | | Y | [1,2,4] | 4.53 | 3.0% | $0.10 |
| 4/1/1992 - 8/31/1992 | Y | Y | Y | | AWP - 10.49% or wc + 12% [9] | [3] | Y | | Y | [1,2,4] | 4.55 | 3.0% | $0.10 |
| 9/1/1992 - 8/31/1997 | Y | Y | Y | | AWP - 10.49% or wc + 12% [9] | [3] | Y | | Y | [1,2,4,5] | 4.55 | 7.0% | $0.10 |
| 9/1/1997 - 10/15/2003 | Y | Y | Y [7] | Y [8] | AWP - 15% or wc + 12% [9] | [3,7,10,11] | Y [7,12] | [12] | Y | $5.27 [5,13] | 5.27 | 2.0% | $0.15 |
| 10/16/2003 - 11/30/2004 | Y | Y | Y [7] | Y [8] | AWP - 15% or wc + 12% [9] | [10,11] | Y [7,12] | [12] | Y | $5.14 [14] | 5.14 | 1.95% | $0.15 |
| 12/1/2004 - 8/31/2007 | Y | Y | Y [7] | Y [8] | AWP - 15% or wc + 12% [9] | [10,11] | Y [7,12] | [12] | Y | $5.14 [14,15,16] | 5.14 | 1.95% | $0.15 |
| 9/1/2007 - Present | Y | Y | Y [7] | Y [8] | AWP - 15% or wc + 12% [9] | [10] | Y [7,12] | [12] | Y | $5.14 [14,15,16] | 7.50 | 2.0% | $0.15 |

Data taken from Texas Medicaid State Plan Amendments

Data provided by the Declaration of Barbara Dean dated 7/21/09

[1] TN 90-12 and 96-01 (5/1/90 - 8/31/1997) report that the Department reimburses contracted Medicaid pharmacy providers on a **cost-related basis** (through cost reports) for prescription dispensing services and drug products provided to Medicaid recipients. This reimbursement is accomplished through **assignment of a dispensing fee for each prescription.** The department determines the dispensing fee after analyzing statewide financial and demographic information about the total cost of dispensing prescriptions.

[2] TN 90-12 and 96-01 (5/1/90 - 8/31/1997) report that the dispensing fee is based on the projected statewide median dispensing expense and a predetermined formula that provides an opportunity for profit on each prescription.

[3] NPC summaries for 1990 and 1991 list DEAC as part of the pricing formula. Summaries for 1992, 1993, and 1994 report Direct Prices for Abbott, Merck, Upjohn and Wyeth-Ayerst. Summaries for 1995 and 1996 report DP for Abbott, Upjohn and Wyeth-Ayerst. NPC Summaries for 1997, 1998, and 1999 report Direct Prices for Abbott, Pharmacia & Upjohn, and Wyeth-Ayerst.

[4] NPC 1990 formula: (EAC + 4.26) divided by 0.970 = amount paid + $.10 delivery service. NPC 1991 formula: (EAC + 4.53) divided by 0.970 = amount paid + $.10 delivery service. NPC 1992 formula: (EAC + 4.55) divided by 0.970 = amount

[5] NPC Summaries for 1993 through 1997 report the following formula: (EAC + 4.55) divided by 0.930 = amount paid + $.10 delivery service.

[6] The Department uses First DataBank and the Redbook as pricing references.

[7] Per TN #97-15 et al., EAC is defined as wholesale estimated acquisition cost (WEAC) or direct estimated acquisition cost (DEAC), according to the pharmacist's usual purchasing source and the pharmacist's usual purchasing quantity; or as a maximum allowable cost (MAC) for multi-source products.

[8] The Department began reducing drug costs based on DOJ pricing beginning in 2000.

[9] Per TN #97-15, all drug purchases from a central purchasing entity must be billed to the department as warehouse purchases. The WEAC is established by the department using the current Redbook, Redbook update, First Databank or manufacturer pricing less a discount of 15%, which represents discounts received by pharmacists on wholesale drug purchases. The WEAC may not exceed wholesaler cost (wc), as supplied by the drug manufacturers, plus a 12% markup representing wholesaler operating costs and profits. Exceptions to the percentages may be made on certain drugs and/or drug categories where additional information supplied to the department by the manufacturer indicates that application of the specific WEAC percentages does not reflect customarily available prices. Wholesaler cost (wc) clarifed to be a net cost effective 10/21/2001 (TAC section 355.8541)

[10] Per TN #97-15, the DEAC is established by the department using direct price information supplied by drug manufacturers. Providers are reimbursed only at the DEAC on all drug products that are available from select manufacturers/distributors who actively seek and encourage direct purchasing.

[11] NPC Summaries for 2000, 2001 and 2002 report DEAC available only for Wyeth-Ayerst. Summaries for 2003, 2004, and 2005/2006 report DEAC available for Wyeth-Ayerst and Abbott.

[12] Per TN #97-15, SMAC referred to as Texas Maximum Allowable Cost, or TMAC. The TMAC reimbursement limit applies only to multi-source drugs included in the Vendor Drug Program's formulary (Texas Drug Code Index, or TDCI). Multi-source drugs are sorted into therapeutic categories based on the drug and strength, and in some cases, on the dosage form and package size. The TMAC reimbursement limit selected for each therapeutic category is determined using the WEAC of all drugs in the respective category. The TMAC reimbursement limits are maximum reimbursement limits. If a pharmacy provider dispenses a drug with a WEAC or DEAC below the TMAC limit, reimbursement is made at the lower cost based on the provider's source of purchase of the drug. If a drug is subject to both TMAC limits and federal maximum allowable cost limits, the lower of the two limits is the maximum reimbursement limit.

[13] Eff. 09-01-97 (TN 97-15), the dispensing fee is determined by the following formula: Dispensing Fee = (((Estimated Drug Ingredient Cost + Estimated Dispensing Expense) divided by (1 - Inventory Management Factor)) - Estimated Drug Ingredient Cost) + Delivery Incentive. NPC 1999 - 2002 formula: (EAC + 5.27) divided by 0.980 = amount paid + $0.15 delivery service. NPC 2003 formula: (EAC + 5.14) divided by 0.9805 = amount paid + $0.15 delivery service.

[14] Beginning with TN #03-26, the estimated dispensing expense is $5.14, and the inventory management factor is 1.95%. The total dispensing fee should not exceed $200 per prescription. The delivery incentive was $0.15 per prescription.

[15] Per TN #04-31 effective 12/1/2004, dispensing fee is determined by the following formula: Dispensing Fee = (((Estimated Drug Ingredient Cost + Estimated Dispensing Expense) divided by (1 - Inventory Management Factor)) - Estimated Drug Ingredient Cost) + Delivery Fee + Preferred Generic Fee.

[16] Per TN #04-31 effective 12/1/2004, a generic drug dispensing incentive of $0.50 per prescription shall be paid on all Medicaid prescriptions filled for preferred generic drugs for which a manufacturer has agreed to pay a supplemental rebate. Preferred generic drugs are subject to the requirements for placement on the Preferred Drug List.

[17] All information contained in this summary reviewed and verified as accurate in Dean Declaration.

07/21/09

State of: UTAH

Medicaid Pharmacy Reimbursement Methodology Summary

| | Prescription/Legend Drugs | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | | Estimated Acquisition Cost (EAC) [1] | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | | | | | |
| Effective Time Period | Usual and Customary | FUL | EAC [1] | MAC [2] | DOJ Pricing | Brand/Generic | | Brand/Generic | Rural Pharmacy [3] | Category J [8] | Category K [8] | Category L [8] | Category M [8] |
| 7/1/1990 - X/X/1992 | Y | Y | Y | Y | | AWP - 12% | | $3.65 | $4.15 | | | | |
| X/X/1992 - 3/31/2001 | Y | Y | Y | Y | | AWP - 12% [4, 6] | Y [5] | $3.90 | $4.40 | | | | |
| 4/1/2001 - 12/31/2002 | Y | Y | Y | Y | Y [9] | AWP - 12% | Y [5] | $3.90 | $4.40 | $8.90 [7] | $18.90 [7] | $22.90 [7] | $33.90 [7] |
| 1/1/2003 - Present | Y | Y | Y | Y | Y [9] | AWP - 15% | Y [5, 10] | $3.90 | $4.40 | $8.90 [7] | $18.90 [7] | $22.90 [7] | $33.90 [7] |

Data taken from Utah Medicaid State Plan Amendments

Data provided by documents produced during discovery in *In Re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456

Data taken from United State Medicaid DUR Committee - The Amber Sheet, Volume 9, dated April 2001 and Pharmacy Manual

Data taken from the Pharmaceutical Benefits Survey published by the National Pharmaceutical Council

1 Beginning with TN #89-02, effective 01/01/1989, the Average Wholesale Price (AWP) is determined for each drug by the Utah contract with American Druggist, Blue Book First DataBank. They provide a monthly update of drug prices for the Reference File. First Data Bank uses AWP from wholesalers in many states for determining AWP in specific regions. Except for special category fees, reimbursement is based on lower of : 1) the Utah MAC plus a reason dispensing fee or the provider's usual and customary charge (billed charge) to the general public; 2) the Utah EAC plus a reasonable dispensing fee or the provider's usual and customary charge (billed charge) to the general public. (HHD038-0535)

2 Per TN #89-02, effective 01/01/1989 (and continuing through the present), the Utah Maximum Allowable Cost reimbursement established by the Utah Department of Health, Division of Health Care Financing, for selected multiple-source (generic) drugs not appearing on the federal upper limit list. These drugs are listed in the Pharmacy Provider Manual. (HHD038-0535)

3 Per TN #93-002, effective 01/01/1993: In recognition of lower volume and higher acquisition costs, rural pharmacies are paid a $.50 dispensing fee differential. The differential is paid in addition to the dispensing fee paid to urban pharmacies. Rural is defined as those pharmacies located outside of Weber, Davis, Utah and Salt Lake counties. (HHD038-0538)

4 Per 1994 - 1996 NPC Publications: An increasing number of Medicaid recipients are enrolled in MCOs, and pharmacy benefits are received through the Managed Care. Per 1997 NPC Publication, pharmacy benefit is a carve-out from managed care. Per 1998 - 2000 NPC Publications, pharmacy benefits provided through state.

5 Per 1996 - 2004 NPC Publications, override requires "Brand Medically Necessary"; per 2005/2006 NPC, override requires prior approval and chart documentation that generic(s) have been tried and failed.

6 Per TN #93-002, effective 01/01/1993: special category fees apply to the following: (1) Payment for insulin, birth control pills, and non-legend (OTC) drugs and (2) Payment for non-legend OTC antacid liquids. This fee is a negotiated fee initially developed in cooperation with the Utah Pharmaceutical Association and other key pharmacists to apply to specific drugs historically advertised and dispensed to the general public at minimum prices. (HHD038-0797)

7 Beginning with TN #01-004, effective 04/01/2001: special category fees includes differential fee payment for select drugs reconstituted for Home IV infusion as typically prepared by a specialty pharmacy. Specialty pharmacies have low volume but high overhead expenses. The Department of Justice (DOJ) in year 2000 repriced the AWP for 437 NDC specific products. The repriced products necessitated four new dispensing fees. The four fees are defined as Category J, Category K, Category L, and Category M. (HHD038-0824)

8 Per the United State Medicaid DUR Committee - The Amber Sheet, Volume 9, dated April 2001: Categories two through five (J - M) are increasingly difficult prescriptions with category five being the most difficult and expensive to prepare. Category five includes chemotherapy IVs, pain management, and cardiac ionotropics; Category four includes complex antibiotics that require laboratory monitoring and reporting; Category three includes simple IV antibiotics, anticoagulant treatments, IV gamma globulin, etc.; Category two includes nebulizer preparations, growth hormone, etc. (HHD038-0816)

9 Per the Utah Medicaid Provider Manual Pharmacy Services, Page Updated January 2007, DOJ prices were implemented with an effective date of August 1, 2001. This included the establishment of a "true AWP" for 437 NDC specific products, each of which is placed into one of five categories and assigned a new dispensing fee.

10 According to the Utah Medicaid Provider Manual, Pharmacy Services, (updated January 2007), brand name drugs require a prior approval if an 'AB' rated generic alternative is available. The Utah Pharmacy Practice Act mandates use of a generic unless the treating physician demonstrates to the Department of Health a medical necessity for dispensing the non-generic, brand-name legend drug.

07/21/2009

State of: Vermont

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Prescription/Legend Drugs | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology Pay the lower of each formula listed | | | | | Estimated Acquisition Cost (EAC)[1] | | | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | | |
| Effective Time Period | Usual and Customary | FUL | EAC[1] | SMAC | DOJ Pricing[12] | Brand | Generic | Specialty Pharmacy | | In-State | Out-of-State | Compound Drugs |
| 10/1/1990 - 10/31/1991 | Y | Y | Y | N | | AWP - 10% | AWP - 10% | | | $3.95[2] | | |
| 11/1/1991 - 4/30/1996 | Y | Y | Y | N | | AWP - 10% | AWP[4] | | Y[6] | $4.25[3] | | |
| 5/1/1996 - 1/31/2000 | Y | Y | Y | N | | AWP - 10% | AWP[4] | | Y[6] | $4.25 | | [5] |
| 2/1/2000 - 6/30/2000 | Y | Y | Y | Y | | AWP - 10% | AWP[4] | | Y[6] | $4.25 | | [5] |
| 7/1/2000 - 6/30/2005 | Y | Y | Y | Y | | AWP - 11.9% | AWP[4] | | Y[7] | $4.25 | | [5] |
| 7/1/2005 - 7/1/2007 | Y | Y | Y | Y | | AWP - 11.9%[8] | AWP[4,8] | | Y[7] | $4.75 | $3.65 | $5.25[5,9] |
| 7/2/2007 - Present | Y | Y | Y | Y | | AWP - 11.9%[8] | AWP[4,8] | [11] | Y[7] | $4.75 | $3.65 | $15.00[10] |

Data provided by Vermont Medicaid State Plan Amendments

Data provided by Rugg deposition taken 12/15/08 and exhibits, and other documents produced by the Government on December 11, 2008

Data provided by Pharmacy Provider Manual and Bulletins

Data provided by Mary Day

Data provided by the Pharmaceutical Benefits Survey published by the National Pharmaceutical Council

[1] Per Rugg deposition pp. 355-356, state used First DataBank since at least 1993 (and maybe earlier) and switched to Medispan on January 1, 2006.

[2] Per NPC 1990, dispensing fee becomes 10% of cost of ingredients when ingredients exceed $39.50, capped at $7.50.

[3] Per NPC 1991, dispensing fee becomes 10% of cost of ingredients when ingredients exceed $42.50, capped at $7.50. This provision is not reported anymore beginning with NPC 1996.

[4] Beginning with TN #91-12 (Ex. Rugg 6), state plan amendments report that multiple source drugs are paid at the lowest of the amount charged, the average wholesale price plus dispensing fee or the uper limit determined by the state (EAC) derived from the upper limit established by HCFA plus a dispensing fee. (See also deposition testimony pp. 90 - 135).

[5] Beginning with TN # 91-12, payment for compounded prescriptions is made at the lower of the actual amount charged or at the AWP on file plus a compounding fee plus a dispensing fee. (HHD040-0198)

[6] Beginning with TN # 91-12, "physician certified as brand necessary" are paid at the lower of the amount charged or the average wholesale price less 10 percent plus a dispensing fee.

[7] TN # 00-06 reports that physician certified as brand necessary are paid at the lower of the amount charged or the average wholesale price less 11.9 percent plus a dispensing fee.

[8] Per 33 V.S.A. 1955b (DOJ HHD301-0008), beginning July 1, 2005, each pharmacy's monthly assessment shall be $0.10 for each prescription filled and refilled.

[9] According to NPC 2005/2006, effective 1/1/06, pharmacists will receive an additional $5.25 for compounded scripts.

[10] According to Pharmacy Provider Bulletin, dated 10/30/07, an additional fee of $15.00 for level of effort and other changes in pharmacy compound fees were implemented on 7/2/2007. Claims submissions were difficult, therefore, an automatic assignment of $15.00 per properly billed compound drugs was implemented on 11/1/2007. The $15.00 fee is in addition to the EAC and the standard dispensing fee.

[11] According to the Provider Manual (OVHA PBM Provider Manual 010609), two specialty pharmacies have been selected to service Medicaid beneficiaries. Dispensing of specialty drugs is limited to these pharmacies. Implementation dates are 10/1/2008, 22/3/2008, and 2/16/2009.

[12] Vermont is listed as a "DOJ special pricing state" in the OIG Report, "Medicaid's Use of Revised Average Wholesale Prices" (OEI-03-01-00010, September 2001), but state staff were unable to verify implementation of this pricing policy.

State of: VIRGINIA

Medicaid Pharmacy Reimbursement Methodology Summary

| | Legend/Prescription Drugs | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | Estimated Acquisition Cost (EAC) [2] | | | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | | | Home Infusion Therapy |
| Effective Time Period | Usual and Customary | FUL | EAC | SMAC [1] | Brand | Generic | SMAC Description | | Brand | Generic | Unit Dose | |
| 10/1/1990 [1] - 6/30/1995 | Y | Y | Y | Y | AWP - 9% | AWP - 9% | | Y | $4.40 | $4.40 | 4 | |
| 7/1/1995 - 6/30/2002 | Y | Y | Y | Y | AWP - 9% | AWP - 9% | 3 | Y | $4.25 | $4.25 | 4 | 10 |
| 7/1/2002 - 6/30/2003 | Y | Y | Y | Y | AWP - 10.25% [8] | AWP - 10.25% [8] | 3 | Y | $4.25 | $4.25 | 4 | 10 |
| 7/1/2003 - 11/5/2003 | Y | Y | Y | Y | AWP - 10.25% [8] | AWP - 10.25% [8] | 3 | Y | $3.75 | $3.75 | 4 | 10 |
| 11/6/2003 - 11/30/2004 | Y | Y | Y | Y | AWP - 10.25% [8] | AWP - 10.25% [8] | 5 | Y | $3.75 | $3.75 | $5.00 [6] | 10 |
| 12/1/2004 - 6/30/2005 | Y | Y | Y | Y | AWP - 10.25% [8] | AWP - 10.25% [8] | 7 | Y | $3.75 | $3.75 | $5.00 [6] | 10 |
| 7/1/2005 - 4/30/2006 | Y | Y | Y | Y | AWP - 10.25% [8] | AWP - 10.25% [8] | 7 | Y | $3.75 | $4.00 | $5.00 [6] | 10 |
| 5/1/2006 - Present [11] | Y | Y | Y | Y [9] | AWP - 10.25% [8] | AWP - 10.25% [8] | 7, 9 | Y | $4.00 | $4.00 | $5.00 [6] | 10 |

Data provided by Virginia Medicaid State Plan Amendments


Data provided in AWP-MDL Deposition Transcript and Exhibits; Hayashi 12/4/08 deposition; Tomlinson 11/3/08 deposition

Data provided in 2/12/09 letter with attachments from Usha Koduru to Laurie Oberembt (Bates stamped 000002396 - 000002448)

1 Pricing information for this period provided in TN #91-30 (Roxane VA Ex. 5, 11/3/08). State MAC referred to as VMAC.

2 Per Hayashi deposition pp. 23-24 and Tomlinson deposition p. 73. First DataBank used for pricing.

3 Per TN #95-07 (HHC007-0920), VMAC based on 60th percentile or maximum cost level.

4 Per TN #02-08 et al., program pays additional reimbursement for the 24-hour unit dose delivery system of dispensing drugs for patients residing in NFs. Per Abbott Exhibit 1160 (11-4-08) VAC MDL 75692: Effective 10/1/1990, for unit-dose packaging, an allowance of $0.0157 per tablet, per capsule, or per 10 ml (average dose) oral liquid for non-commercial unit-dose packaging; and for unit-dose dispensing fee, an allowance of add-on payment of a $0.01 per oral tablet or oral capsule (the add-on is also applicable to each 10 ml of oral liquid dispensed). Per TN #02-08, effective 7/1/2002, if the claim is coded with 4 in the unit dose field, $0.0157 for each tablet, capsule, and $0.0016 for each ml (repackaging).

5 Per TN #03-09 (HHD039-0414), VMAC defined as the 75th percentile cost level, or the 60th percentile cost level for unit dose drugs, of the aggregate for each generic manufacturers' drug for each GCN. Manufacturers' costs are supplied by the most current First Data Bank File.

6 Per TN #03-09 (HHD039-0415), for nursing facility residents, the unit dose dispensing fee is $5.00 per recipient per month per pharmacy provider.

7 Per TN #04-16 (HHD039-0386), VMAC shall be the higher of either: (i) the lowest WAC plus 10%, or (ii) the second lowest WAC plus 6%. Additional detail for development of the VMAC is also included in the State Plan.

8 Per Bates Stamp #000002437, beginning 11/1/2002, EAC for hemophilia drugs is AWP-25%. Pricing continues through today per Tomlinson deposition p. 203.

9 Effective July 1, 2008, DMAS initiated a Specialty MAC program. The drug classes that will be priced by the Specialty MAC program include: (1) Hematapoietic Agents; (2) Anti Tumor Necrosis Factor Agents (Rheumatoid Arthritis); (3) Immunomodulator Agents (Immune Suppressants); (4) Agents to treat Muscular Sclerosis; (5) Growth Hormones; and, (6) Interferon Agents for Hepatitis C. The new Specialty MAC reimbursement amount will be determined by and based on the Wholesale Acquisition Cost (WAC) + 4.75%. (Bates Stamp #000002401)

10 Per Roxane VA Ex. 12, 11-3-008, the Virginia Register of Regulations, dated 10/11/1999, page 209 reports that: "The following therapy categories shall have pharmacy service day rate payment allowable: hydration therapy, chemotherapy, pain management therapy, drug therapy, total parenteral nutrition (TPN). The service day rate payment for the pharmacy component shall apply to the basic components and services intrinsic to the therapy category. (See also TN #02-08.)

11 Pricing established or in effect on 5/1/2006 and later according to footnotes #8 and #9 are effective through the present according to Bates Stamp #000002434-2436.

State of: **WASHINGTON**

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Prescription/Legend Drugs | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology [1,7] Pay the lower of each formula listed | | | | | | Estimated Acquisition Cost (EAC) | | | | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | | | | | |
| Effective Time Period | Usual and Customary | FUL | E-AC [10] | A-MAC | S-MAC [9] | DOJ Pricing | Brand | Generic | Schedule II Drugs | Mail Order | | Retail pharm. <15,000 Rxs | Retail pharm. 15,000-35,000 | Retail pharm. >35,000 Rxs | Unit dose sys. NH Rxs | Contracted Mail-order | Compound Drugs [12] |
| 1/1/1990 - 6/30/1992 | Y | Y | Y | | Y | | AWP - 11% [8] | AWP - 11% [8] | 100% AWP [8] | | | $4.33 | $3.70 | $3.24 | $4.33 | | [2] |
| 7/1/1992 - 12/31/1992 | Y | Y | Y | | Y | | AWP - 11% [8] | AWP - 11% [8] | 100% AWP [8] | | | $4.38 | $3.75 | $3.45 | $4.38 | | [2] |
| 1/1/1993 - 6/30/1995 | Y | Y | Y | | Y | | AWP - 11% [8] | AWP - 11% [8] | 100% AWP [8] | | | $4.50 | $3.90 | $3.65 | $4.50 | | [2] |
| 7/1/1995 - 6/30/1996 | Y | Y | Y | | Y | | AWP - 11% [8] | AWP - 11% [8] | 100% AWP [8] | | | $4.59 | $3.98 | $3.72 | $4.59 | | [2, 6] |
| 7/1/1996 - 6/30/1997 | Y | Y | Y | Y [3] | Y | | AWP - 11% [8] | AWP - 11% [8] | 100% AWP [8] | | Y | $4.68 | $4.06 | $3.79 | $4.68 | | [6] |
| 7/1/1997 - 6/30/1999 | Y | Y | Y | Y [3] | Y | | AWP - 11% [8] | AWP - 11% [8] | 100% AWP [8] | | Y | $4.82 | $4.18 | $3.90 | $4.82 | | [6] |
| 7/1/1999 - 6/30/2001 | Y | Y | Y | Y [3] | Y | | AWP - 11% [8] | AWP - 11% [8] | 100% AWP [8] | | Y | $4.92 | $4.26 | $3.98 | $4.92 | | [6] |
| 7/1/2001 - 6/30/2002 | Y | Y | Y | Y [3] | Y | | AWP - 11% [8] | AWP - 11% [8] | 100% AWP [8] | | Y | $5.12 | $4.44 | $4.14 | $5.12 | | [6] |
| 7/1/2002 - 1/31/2003 | Y | Y | Y | Y [3] | Y | Y [11] | AWP - 14% [4] | AWP - 14%; AWP - 50% [4] | | | Y | $5.20 | $4.51 | $4.20 | $5.20 | | [6] |
| 2/1/2003 - 6/30/2005 | Y | Y | Y | Y [3] | Y | Y [11] | AWP - 14% [4] | AWP - 14%; AWP - 50% [4] | | [5] | Y | $5.20 | $4.51 | $4.20 | $5.20 | $3.25 | [6] |
| 7/1/2005 - Present | Y | Y | Y | Y [3] | Y | Y [11] | AWP - 14% [4] | AWP - 14%; AWP - 50% [4] | | [5] | Y | $5.25 | $4.56 | $4.24 | $5.25 | $3.25 [5] | [6] |

Data provided by Washington Medicaid State Plan Amendments

Data provided by Hautee-Wimpee depositions taken 11/24/08 and 12/2/08. Davis deposition taken 12/3/08, and exhibits; and by documents produced during discovery in *In Re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456

Data provided by Westlaw Wash. Admin. Code 388-530-7000, 7050, 7250, 7350, 8000, 8050, 8100, and 8150

Data provided by Myra Davis, Manager Pharmacy Rates Unit

Data provided by the Pharmaceutical Benefits Survey published by the National Pharmaceutical Council

1 Primary pricing provided by First DataBank drug file; secondary was Redbook for comparisons, special issues, etc. Switched to Medispan on 10/20/2008. (Hautea-Wimpee dep. pp.51,137; Davis dep. pp. 22-24; Ex. 011)

2 Per Ex. Abbott 578 Sullivan 3/12/08, Jan.-Feb. 1988, pharmacies paid an additional $13.95/hr or $1.16 per 5 min. for compounding time. Per Ex. 011 Hautea-Wimpee, July 1993, pharmacies paid an additional $15.60/hr or $1.30 per 5 min.

3 Per Hautee-Wimpee Ex. 022 and 11/24/08 dep. pp. 168-169, A-MAC became effective on 11/8/1996. Per TN# 97-04 (and TN #03-019), automated maximum allowable cost (AMAC) pricing shall apply to multi-source drugs which are not on HCFA upper limits or the agency's MAC list but are produced by three or more manufacturers/labelers under the federal drug rebate agreement. AMAC reimbursement for all products within a generic code number sequence shall be at the EAC of the third lowest priced product in that sequence, or the EAC of the lowest priced drug under a federal rebate agreement in that sequence, whichever is higher. AMAC is recalculated each time there are pricing updates to any product in the sequence. (HHD074-0484, DOJ Ex. 026)

4 Per TN# 02-022 (ATP081-0045) these EAC percentages are effective for dates of service on and after 8/1/02; EAC is AWP- 14% for multisource drugs with four or fewer manufacturers/labelers; AWP- 50% for multisource drugs with five or more manufacturers/labelers and no MAC or FUL; and 100% of certified AWP for infusion, injectable, and inhalation drugs with certified AWPs. (See also Hautea-Wimpee 11/24/08 dep. pp. 406, 78)

5 Per TN #03-004 and #03-019, for the contracted mail-order delivery service of prescription drugs, the contractor/pharmacy guarantees that the average annual multisource discount, in aggregate for all drugs dispensed will be at least 60% of AWP. An annual reconciliation will be performed and the contractor will pay any shortfall on a dollar-for-dollar basis. Contracted mail order delivery service for prescription drugs started 2/1/03. The EAC percentages for the contractor/pharmacy are: AWP-19% for single source drugs; and AWP-15% for multi-source drugs. (HHD074-0434, HHD074-0440, DOJ Ex. 025, 026). Per Davis dep. pp. 50-51, mail order service ended sometime in 2008 (1/31/2008).

6 Per Ex. Abbott-WA-002, effective 3/13/1996, each reimburseable ingredient for a compound drug will receive a separate dispensing fee; a separate compounding fee for time will no longer be paid. (See also TN #97-04.)

7 On 3/13/1996, State implemented HRSA's point-of-sale (POS) system that looks at multiple items to price and pay a claim: group file, plan file, drug file, specific system logic (examples: peak-flow meters and spacers; S-MAC'd drugs or specific product exclusions from AWP-50% pricing). Authorizations and provider files are also part of the information used to process the claims. The POS pays the lesser of the prices posted to the drug file for the drug in question. The drug's manufacturer must have a signed federal rebate agreement in order for the drug to be payable on the system. (There are a very few exceptions to the rebate requirement.) The POS system calculates the system's allowable ingredient cost (units x the lesser of EAC, S-MAC, A-MAC, or FUL) and compares it to the submitted ingredient cost. The lesser of the two is the allowed ingredient cost. Then it adds the allowed ingredient cost plus the dispensing fee and this figure becomes the allowed charge shown on the claim. It then compares the allowed charge to the total claim charge and the lesser amount equals the amount paid on the claim.

8 Per Hautea-Wimpee dep. p. 77, "lower of" methodology and EAC unchanged from 1991-2002. EAC for Schedule II drugs/Clozaril paid 100% AWP (pp. 114-116) Special pricing discontinued on 4/01/02.

9 The State Maximum Allowable Cost (S-MAC) sets a price on multiple source drugs as a result of specific knowledge of available products and pharmacy acquisition costs. S-MAC is a fixed price across an entire Generic Code Number (GCN) that overrides A-MACs. New or revised S-MACs are published monthly and loaded into the system on a monthly basis. The current S-MAC list has approximately 1200 GCNs on the list.

10 E-AC is HRSA's estimate of the price providers generally and currently pay for a drug marketed or sold by a particular manufacturer or retailer. It is generally the price paid for single-source or brand-name drugs and is the highest available price on the drug file. When there is specific information informing the estimate of acquisition costs, the State may have a different, lower amount payable on the drug file such as for some clotting factors.

11 Per Hautea-Wimpee dep. pp. 175-178, 438-440, 534. Certified AWPs (CAWP) were applied for particular products according to instruction. These CAWPs were entered as fixed sums into the "lesser than" payment algorithm. For systems functionality reasons, the CAWPs were entered into the MAC field but are not MACs and have always been known as certified AWPs. Also due to functionality reasons in the legacy system, the CAWPs have remained in the payment algorithm. They will be removed in the new POS system.

12 Per Hautea-Wimpee dep., pp. 494-495 and 589-591, clinical staff implemented a demonstration project related to infusion therapies, in which infusion therapy providers were reimbursed on a per diem basis. The project took place sometime in the mid-1990's and ran only a short time.

State of: **WEST VIRGINIA**

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Prescription/Legend Drugs | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | | Estimated Acquisition Cost (EAC) [6] | | | | Dispensing Fee | | |
| Effective Time Period | Usual and Customary | FUL | EAC | DOJ Pricing | SMAC | Brand | Generic | SMAC Description | Physician Override (DAW, Brand Medically Necessary) | Brand | Generic | Compounded Prescriptions |
| 1/1/1991 [1] - 12/31/1995 | Y | Y | Y | | N | 100% AWP | 100% AWP | | Y | $2.75 | $2.75 | Add $1.00 |
| 1/1/1996 [2] - 9/14/2003 | Y | Y | Y | Y [7] | N | AWP - 12% | AWP - 12% | | Y | $3.90 | $3.90 | Add $1.00 [2] |
| 9/15/2003 [3] - 6/30/2005 | Y | Y | Y | Y [7] | Y [3] | AWP - 12% | AWP - 12% | [3] | Y | $3.90 | $3.90 | Add $1.00 [2] |
| 7/1/2005 [4] - Present | Y | Y | Y | Y [7] | Y [3] | AWP - 15% [4, 5] | AWP - 30% [4, 5] | [3] | Y | $2.50 [4] | $5.30 [4] | Add $1.00 [2] |

Data taken from West Virginia Medicaid State Plan Amendments

Data provided by documents produced during discovery in *In Re Pharmaceutical Industry Average Wholesale Price Litigation* . MDL No. 1456

Data provided by the Bureau for Medical Services

Data taken from the Pharmaceutical Benefits Survey published by the National Pharmaceutical Council

[1] Month and day begin date arbitrarily assigned since no State Plan information was available.

[2] 1/1/1996 through 12/31/1997 information obtained from NPC since no State Plan information was available. Effective 1/1/1998 per TN #97-12 (HHD039-0546), a fee of $1.00 will be added to the reasonable dispensing fee for the extra compounding time by the pharmacist. Effective 1/1/01 per TN #00-11 (HHD039-0538 thru 0539), payment for parentally administered drugs will be based upon the EAC of the drug plus a compounding fee determined by the agency to cover the cost of specially prepared admixtures and case management services for drugs requiring parenteral administration. Per State, the $1.00 fee applies to all compounded drug mixtures with at least one legend ingredient, and not just for parentally administered drugs.

[3] Per TN #03-10 effective 9/15/03, SMAC will be determined using **130% of the lowest WAC** as provided by national drug information suppliers for 3 manufacturers or SMAC based on a mean average of pharmacy provider costs obtained through a survey of a percentage of pharmacy providers that are representative of the overall geographical distribution, service volume, and business structures of all pharmacies serving the WV Medicaid Program. In those instances where less than 3 manufacturers supply products in the marketplace, the following steps are followed (See Attachment 4.19-B, Page 9, 9a and 9b). Per State, SMAC was not actually implemented until 7/1/2005.

[4] Per State, changes to EAC and DFs included in TN #05-03 effective 7/1/2005 (HHD039-0567 and HHD039-0471) did not actually become effective until 4/17/2006.

[5] TN #05-03 (HHD039-0471) includes a fifth pricing option in the "lower of" methodology: (e) reimbursement will be at the Medicare price or Bureau for Medical Services assigned fee for any drug that has an HCPCS code.

[6] First DataBank has been used for at least the last ten years.

[7] DOJ prices for the originally identified 437 NDC codes (some no longer active) have been used since 1/1/2001.

07/21/2009

State of: **WISCONSIN**

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Legend/Prescription Drugs | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology | | | | | Estimated Acquisition Cost (EAC) [1] Pay the lower of each formula listed | | | Physician Override (DAW, Brand Medically Necessary) | Dispensing Fee | | | |
| | | | | | | | | | | Traditional | | | |
| Effective Time Period | Usual and Customary | FUL | EAC | SMAC | DOJ Pricing | Brand | Generic | Schedule II [3] | | Brand | Generic | Unit Dose | Other |
| 7/1/1990 - 6/30/1997 | Y | Y | Y | Y | | AWP-10%; DP [2] | AWP-10%; DP [2] | 100% AWP | Y | 4.69 [4] | 4.69 [4] | $6.67 | 5, 6, 7 |
| 7/1/1997 - 6/30/1998 | Y | Y | Y | Y | | AWP-10%; DP [2] | AWP-10%; DP [2] | 100% AWP | Y | 4.78 [4] | 4.78 [4] | $6.67 | 5, 6, 7 |
| 7/1/1998 - 3/31/2000 [2] | Y | Y | Y | Y | | AWP-10%; DP [2] | AWP-10%; DP [2] | 100% AWP | Y | $4.88 [4] | $4.88 [4] | $6.94 | 5, 6, 7 |
| 4/1/2000 [2] - 6/30/2001 | Y | Y | Y | Y | Y [8] | AWP - 10% | AWP - 10% | | Y | $4.88 [4] | $4.88 [4] | $6.94 | 5, 6, 7 |
| 7/1/2001 - 8/14/2003 | Y | Y | Y | Y | Y [8] | AWP - 11.25% | AWP - 11.25% | | Y | $4.88 [4] | $4.88 [4] | $6.94 | 5, 6, 7 |
| 8/15/2003 - 6/30/2004 | Y | Y | Y | Y | Y [8] | AWP - 12% | AWP - 12% | | Y | $4.88 [4] | $4.88 [4] | $6.94 [9] | 5, 6, 7 |
| 7/1/2004 - 11/7/2008 | Y | Y | Y | Y | Y [8] | AWP - 13% | AWP - 13% | | Y [10] | $4.88 [4] | $4.88 [4] | | 5, 6, 7 |
| 11/8/2008 - Present | Y | Y | Y | Y | Y [8] | AWP - 14% | AWP - 14% | | Y [10] | $3.44 | $3.94 | | |

Data taken from Wisconsin Medicaid State Plan Amendments

Data provided by Vavra depositions taken 8/16/07 and 9/27/07, and documents produced during discovery in *In Re Pharmaceutical Industry Average Wholesale Price Litigation* , MDL No. 1456

Data provided by on-line BadgerCare Plus and Medicaid Handbook, Medicaid Update August 2003, No. 2003-142, and 2/10/09 email message from Kimberly Smithers to Frank Remington

Data provided by Kimberly Smithers, Medicaid Systems Specialist

Data taken from the Pharmaceutical Benefits Survey published by the National Pharmaceutical Council

[1] Per TN #90-0003 et al., the State uses First DataBank for pricing. See also Vavra 8/16/07 deposition pp. 208 - 209.

[2] Per TN #90-0003 effective 7/1/1990, EAC for drugs marketed by Bristol-Myers Squibb, Wyeth-Ayerst, Merck Sharp & Dohme, and Upjohn will be at the direct price. Discontinued on 3/31/2000 per state. (See also Vavra 8/16/07 deposition pp. 54-56, 125 and 9/27/07 deposition p. 603)

[3] From 1/1/1992 through 03/31/2000, pricing applies to Schedule II drugs that were not on the MAC table.

[4] Maximum of two dispensing fees per month.

[5] Per TN #01-009, effective 07/01/1996, the dispensing fees for pharmaceutical care are dependent upon the pharmaceutical care intervention being performed: $9.45 for 1-5 min.; $14.68 for 6-15 min., $22.16 for 16-30 min.; $40.11 for 31-60 min.; $40.11 for 60+ min. Effective 04/01/1998, the time allowance for compound drugs is dependent upon the time it takes the pharmacist to complete the compound: $9.45 for 0-5 min.; $14.68 for 6-15 min.; $22.16 for 16-30 min.; $22.16 for 31-60 min.; $22.16 for 60+ min. Compound drugs prior to 1998 were priced manually by pharmacy consultants. With the implementation of the point-of-sale system in 1998, compound drugs could have been priced manually or using the pricing methodologies previously documented. (See also HHD075-0421.)

[6] Per TN #01-009, effective 07/01/95, per prescription drug payment reduction of $0.50 per prescription dispensed. (See also HHD075-0421 and Vavra 8/16/07 deposition p. 123.)

[7] Per TN #01-009, effective 4/1/1997, dispensing allowance for re-packaging of $0.015/unit. (See also HHD075-0421.)

[8] DOJ pricing went into effect for specific drugs beginning on 05/01/2000. Effective 8/1/2000, WI Medicaid set a MAC price for IV materials higher than the DOJ prices. Pricing remains in effect through the

[9] Reimbursement for unit dose dispensing fee was discontinued on 9/1/2003. (See also Vavra 8/16/07 deposition pp. 136-137)

[10] BMN current policy per Vavra 9/27/07 deposition p. 562.

State of: **WYOMING**

**Medicaid Pharmacy Reimbursement Methodology Summary**

| | Prescription/Legend Drugs | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | "Lower of" Reimbursement Methodology Pay the lower of each formula listed | | | | Estimated Acquisition Cost (EAC) [4] | | | | Dispensing Fee | |
| Effective Time Period | Usual and Customary | FUL | EAC [4] | SMAC | Brand | Generic | SMAC Methodology | Physician Override (DAW, Brand Medically Necessary) | Retail | Nursing Home |
| 1/1/1991 - 6/30/2001 | Y | Y | Y | N | AWP - 4% [1] | AWP - 4% [1] | | Y | $4.70 [1] | $4.70 [1] |
| 7/1/2001 - Present [6] | Y | Y | Y | Y [2] | AWP - 11% [5] | AWP - 11% [5] | | Y | $5.00 [3, 5] | $5.00 [3, 5] |

Data taken from Wyoming Medicaid State Plan Amendments

Data provided by depositions taken 12/2/08 and 12/3/08 by Homar and 12/3/08 by Jones, exhibits, and by documents produced during discovery in *In Re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456

Data taken from the Pharmaceutical Benefits Survey published by the National Pharmaceutical Council

[1] TN #91-09 (HHD038-0840 and 0841) reports the EAC as AWP-11% and the dispensing fee as $4.70 + .07(AWP). Per Homar deposition 12-2-08, pp. 343 and 265, neither was implemented, and the State used AWP - 4% plus $4.70 instead.

[2] Per Homar 12/2/08 deposition pp.194 and 219, Wyoming implemented a limited SMAC program beginning in 2001. The program was expanded beginning in 2002.

[3] TN #01-004 (HHD038-0827) includes general language only with both the specific EAC formula and dispensing fee amount for legend drugs removed. The $5.00 dispensing fee amount (but not the EAC) is then formally re-added to the State Plan through TN #02-002 effective 4/1/2002 (HHD038-0874).

[4] TN #01-004 (HHD038-0827) reports use of First DataBank for pricing (see also 12/3/2008 deposition p. 315.)

[5] Pricing methodology confirmed in Roxane, WY, Exhibit 18, Final Rule dated January 24, 2002.

[6] Present pricing confirmed in Jones deposition pp. 48-49.