# Exhibit 94



U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

September 28, 2001

Daniel E. Reidy, Esquire
Jones, Day, Reavis & Pogue
77 West Wacker
Chicago, Illinois 60601

Joseph F. Savage, Jr., Esquire
Testa Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110

Re:    Side Letter Agreement with Abbott Laboratories

Dear Mr. Reidy and Mr. Savage:

This is to confirm that, in exchange for full performance of the Plea Agreement entered into by and among the United States of America, acting through its Department of Justice and the United States Attorney for the District of Massachusetts (collectively referred to as "the United States") and your client, TAP Pharmaceutical Products Inc. ("TAP"), a copy of which plea agreement is attached hereto as Exhibit One, as well as certain other promises made herein, the United States and your client Abbott Laboratories ("Abbott"), one of the two owners of TAP, hereby agree as follows:

a.   No Criminal Prosecution of Abbott

The United States hereby declines prosecution of Abbott Laboratories for the following:

(1)   for conduct by, or attributable to, Abbott which falls within the scope of the conspiracy which is charged in the Information appended to the attached plea agreement with TAP;

(2)   for conduct by, or attributable to, Abbott falling within the scope of the grand jury investigation conducted by the U.S. Attorneys in Massachusetts and Connecticut of conduct by TAP with respect to (1) the marketing, sale and pricing of the drug Lupron in all of its dose forms for the treatment of prostate cancer, (2) the resale by physicians and others of those drugs to the Medicare, Tricare, Railroad Retirement Medicare, and state Medicaid programs; (3) TAP's contractual obligations to the state Medicaid Programs

        regarding reporting of "best price"; (4) provision of remuneration in cash or in kind to customers to induce the purchase or prescription of, or the recommendation to anyone that they purchase or prescribe, the drug Lupron for the treatment of prostate cancer; and (5) violation of any provision of the Prescription Drug Marketing Act in the marketing and sale of the drug Lupron in all of its dose forms;

    (3)    for conduct by, or attributable to, Abbott not otherwise described in this paragraph which was known to the U.S. Attorney in Massachusetts or Connecticut prior to the date of execution of this letter and which concerned the sale, pricing and marketing of the drug Lupron in all of its dose forms or the sale and marketing of the drug Prevacid.

The United States does not decline criminal prosecution of Abbott Laboratories or any of that corporation's related entities for any other conduct beyond that specifically described above, including, but not limited to, conduct involving the manufacture, sale or marketing to anyone of any other pharmaceutical product.

This agreement is not intended to and does not affect the criminal liability of any individual.

It is understood among the parties to this Side Letter Agreement that the United States' promise not to prosecute Abbott is dependent upon and subject to TAP fulfilling its obligations in the Settlement Agreement and in the TAP plea agreement.

    b.    <u>Cooperation of Abbott</u>

Abbott shall cooperate completely and truthfully in any trial or other proceeding arising out of the ongoing federal grand jury investigation of TAP and some of its former officers and employees. Abbott shall make reasonable efforts to facilitate access to, and to encourage the cooperation of, its officers and employees for interviews sought by law enforcement agents, upon request and reasonable notice, and shall furnish to law enforcement agents, upon request, all non-privileged documents and records in its possession, custody or control relating to the conduct that is within the scope of any grand jury investigation, trial or other criminal proceeding arising out of the conduct which is the subject of the attached plea agreement. Abbott shall also take reasonable measures to encourage its officers and employees to testify truthfully and completely before any grand jury, and at any trial or other hearing, at which they are requested to do so by any government entity.

Provided, however, notwithstanding any provision of this agreement, that: (1) Abbott is not required to request of its present or former officers, directors, employees or agents that they forego seeking the advice of an attorney nor that they act contrary to that advice; (2) Abbott is not required to take any action against its officers, directors, employees, or agents for following their attorney's advice; and (3) Abbott is not required to waive any privilege or claim of work product, except to the

2

extent required in the previously signed Limited Privilege Waiver Letter.

c. <u>Abbott Accounting of Costs</u>

If applicable, for government contracting purposes and for Medicare, Railroad Retirement Medicare, CHAMPUS, and state Medicaid purposes, Abbott agrees to treat as unallowable all costs (as defined in the Federal Acquisition Regulations ("FAR") §31.205.47(a)) incurred by or on behalf of Abbott, its parents, affiliates, divisions, subsidiaries, and its predecessors, successors, assigns, transferees or any of its present or former officers, directors, agents, employees, shareholders and agents in connection with (a) the matters covered by this Agreement; (b) the Government's investigation of the matters covered by this Agreement and the corresponding civil settlement and corporate integrity agreement; (c) all investigation, defense and corrective actions resulting from the civil and criminal investigation of TAP; (d) the negotiation and performance of this agreement and the corresponding civil settlement; and (e) all payments made to the United States in connection therewith. If applicable, these amounts shall be separately estimated and accounted for and Abbott will not charge such costs directly or indirectly to any contracts with the United States, or to any cost report submitted to the Medicare, Tricare, state Medicaid programs or other Federal health care programs.

d. <u>Who Is Bound By Agreement</u>

This letter agreement is binding upon the Attorney General of the United States, the United States Department of Justice, including all United States Attorneys, except that this agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

It is expressly understood that this letter agreement will have no effect on state or local prosecuting authorities, except to the extent compromised in the settlement agreement between TAP and the State Medicaid programs.

e. <u>Complete Agreement</u>

This agreement, the TAP Plea Agreement, the Settlement Agreement, and the Civil Side Letter ancillary thereto, all of which are attached hereto, are the complete and only agreement between the parties. No promises, agreements or conditions have been entered into other than those set forth or referred to in this letter. This agreement supersedes prior understandings, if any, of the parties, whether written or oral. This agreement cannot be modified other than in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement entered into between the United States and your client, Abbott Laboratories, and if the Board of Directors of Abbott Laboratories has authorized you to enter into this agreement, please sign below and return the original of this letter to Health Care Fraud Chief Michael K. Loucks.

Very truly yours,

MICHAEL CHERTOFF
Assistant Attorney General
for the Criminal Division
United States Department of Justice

MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

MICHAEL K. LOUCKS
Health Care Fraud Chief
District of Massachusetts

4

## Corporate Acknowledgment of Side Letter

The Board of Directors of Abbott Laboratories has authorized me to execute this Side Letter Agreement on behalf of Abbott Laboratories. The Board has been fully informed regarding this document and all attachments in their entirety and has discussed them fully with Abbott Laboratories' attorney. The Board acknowledges that these documents fully set forth Abbott's agreements with the United States. The Board further states that no additional promises or representations have been made to the Board by any officials of the United States in connection with this matter, other than those set forth in this Side Letter Agreement.

[NAME]
[Position]
Abbott Laboratories

Dated: 28 Sept 2001

DANIEL E. REIDY, ESQUIRE
Jones Day Reavis & Pogue

Dated: 9/28/01

JOSEPH E. SAVAGE, JR. ESQUIRE
Testa Hurwitz & Thibeault, LLP

## Corporate Acknowledgment of Side Letter

The Board of Directors of Abbott Laboratories has authorized me to execute this Side Letter Agreement on behalf of Abbott Laboratories. The Board has been fully informed regarding this document and all attachments in their entirety and has discussed them fully with Abbott Laboratories' attorney. The Board acknowledges that these documents fully set forth Abbott's agreements with the United States. The Board further states that no additional promises or representations have been made to the Board by any officials of the United States in connection with this matter, other than those set forth in this Side Letter Agreement.

9/28/01

THOMAS C. FREYMAN
Senior VP, Finance and Chief Financial Officer
Abbott Laboratories

Dated:

DANIEL E. REIDY, ESQUIRE
Jones Day Reavis & Pogue

Dated:

JOSEPH F. SAVAGE, JR. ESQUIRE
Testa Hurwitz & Thibeault, LLP