# Exhibit USAbt-L

CA Dept of Health Care Services (Gorospe, PharmD, J. Kevin)                    December 3, 2008

## Sacramento, CA

Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

------------------------------X

IN RE PHARMACEUTICAL INDUSTRY   )

AVERAGE WHOLESALE PRICE          )   MDL No. 1456

LITIGATION                       )

------------------------------X

THIS DOCUMENT RELATES TO         )   Civil Action:

State of California, ex rel.     )   01-12258-PBS

Ven-A-Care v. Abbott             )

Laboratories, Inc., et al.       )

------------------------------X

--oOo--

WEDNESDAY, DECEMBER 3, 2008

--oOo--

VIDEOTAPED DEPOSITION OF

THE CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES

by J. KEVIN GOROSPE, Pharm.D.

--oOo--

Reported By:  CAROL NYGARD DROBNY, CSR No. 4018

Registered Merit Reporter

CA Dept of Health Care Services (Gorospe, PharmD, J. Kevin)                    December 3, 2008

Sacramento, CA

Page 293

1    pursuant to the statute pay claims appropriately.

2         Q.   Okay.  Do you know whether or not the

3    Department ever, for example, would use a WAC,

4    Wholesale Acquisition Cost, published price?

5         A.   We wouldn't be allowed to pursuant to

6    the -- the reimbursement statutes.

7              Statutory change would have to occur

8    for that to -- to be able to do that.

9         Q.   All right.  Mr. Cole asked you some

10   questions about home infusion drugs and costs

11   associated with dispensing or administering those

12   drugs.

13             Did -- did Abbott Laboratories ever

14   come to the Department to your knowledge and tell

15   the Department that the dispensing fees for its

16   drugs were too low?

17             MR. COLE:  Object to the form.

18             THE WITNESS:  No.

19   BY MR. HENDERSON:

20        Q.   Did Abbott Laboratories ever come to

21   the Department and tell the Department that it

22   was inflating the AWPs for its drugs because it

CA Dept of Health Care Services (Gorospe, PharmD, J. Kevin)                December 3, 2008

## Sacramento, CA

Page 294

1    wanted to increase the -- the reimbursement for

2    providers who purchased its drugs?

3              MR. COLE:  Object to the form.

4              THE WITNESS:  No.

5    BY MR. HENDERSON:

6         Q.   Did the -- did the Department ever

7    delegate to drug manufacturers the authority to

8    determine how much dispensing fees should be paid

9    to providers?

10        A.   No.

11        Q.   Did the Department ever take a position

12   that drug manufacturers should be permitted to

13   report false AWP pricing information so that --

14   in order to compensate for inadequate dispensing

15   fees?

16             MR. BUEKER:  Objection as to form.

17             THE WITNESS:  No.

18   BY MR. HENDERSON:

19        Q.   In your opinion, Dr. Gorospe, would it

20   be a reasonable government policy to give drug

21   manufacturers the -- the power to increase

22   reimbursements in order to make up for what they

CA Dept of Health Care Services (Gorospe, PharmD, J. Kevin)                                December 3, 2008

Sacramento, CA

Page 295

1    perceive to be inadequate dispensing fees?

2            MR. BUEKER:  Objection as to form.

3            THE WITNESS:  No.

4    BY MR. HENDERSON:

5        Q.   Why not?

6            MR. BUEKER:  Same objection.

7            THE WITNESS:  Why not what?

8    BY MR. HENDERRSON:

9        Q.   Well, why wouldn't that be a reasonable

10   policy to pursue?

11           MR. BUEKER:  Same objection.

12           THE WITNESS:  The management of the --

13   the program is -- with the State of California

14   and with -- and the federal government, and to

15   allow a -- what is considered in California a

16   provider type, which a manufacturer is, to set

17   rates for providers would -- would not make

18   sense.

19   BY MR. HENDERSON:

20       Q.   It would give the manufacturer control

21   over how much money is -- of the State's money is

22   spent; is that fair to say?

Henderson Legal Services, Inc.
202-220-4158                          www.hendersonlegalservices.com
                                      da64dc31-37ca-4ff0-8b1b-f1748d285c39

CA Dept of Health Care Services (Gorospe, PharmD, J. Kevin)                                December 3, 2008

## Sacramento, CA

Page 298

1   was reporting grossly inflated Average Wholesale

2   Prices?

3              MS. DANNA:  Objection to form.

4              THE WITNESS:  No.

5   BY MR. HENDERSON:

6      Q.    I want to return to Abbott, because I

7   realized that one of my questions -- Mr. Cole may

8   have had a legitimate question to the form.

9              If -- did Abbott ever come to the

10  Department and tell the Department that it was

11  reporting grossly inflated direct prices to First

12  DataBank?

13             MR. COLE:  Object to the form.

14             THE WITNESS:  No.

15  BY MR. HENDERSON:

16     Q.    And if Abbott reported grossly inflated

17  direct prices to First DataBank knowing and

18  intending that those prices would be used by

19  Medi-Cal to pay inflated reimbursements to

20  providers who purchased Abbott's drugs, would you

21  consider that to be deceptive?

22             MR. COLE:  Objection.  Form.