# Exhibit 150

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp. et al.*
Civil Action No. 07-10248-PBS

Exhibit to the July 24, 2009, Declaration of James J. Fauci
In Support of Plaintiff's Motion for Partial Summary Judgment and
In Opposition to the Roxane Defendants' Motion For Partial Summary Judgment



*experience does matter*

# CASE:  Commonwealth of Massachusetts v. Mylan Laboratories Inc., et al.
# DATE:  July 26, 2007

Enclosed is the Original of the transcript of the testimony of **Gilmore, Gary P.** along with the errata sheet in the above-titled case.  Please have the witness read the deposition and sign the signature page before a Notary Public.

After the signature page has been notarized, please return the original transcript and errata sheets to the custodial attorney within 30 days of receipt for proper filing.

Thank you for your attention to this matter and please feel free to contact us with any questions or concerns.


Sincerely,

Henderson Legal Services



Encl.

Henderson Legal Services
Phone: 202-220-4158
Fax: 202-220-4162
Website: www.hendersonlegalservices.com

Page 1

                    UNITED STATES DISTRICT COURT

                     DISTRICT OF MASSACHUSETTS

         Civil Action No. 03-CV-11865-PBS

         - - - - - - - - - - - - - - - - - - - - - - - - - x

         THE COMMONWEALTH OF MASSACHUSETTS,

                      Plaintiff,

              v.

         MYLAN LABORATORIES, INC.; BARR LABORATORIES, INC.;

         DURAMED PHARMACEUTICALS, INC.; IVAX CORPORATION;

         WARRICK PHARMACEUTICALS CORPORATION; WATSON

         PHARMACEUTICALS, INC.; SCHEIN PHARMACEUTICAL; INC.;

         TEVA PHARMACEUTICALS USA, INC.; PAR PHARMACEUTICAL,

         INC.; DEY, INC.; ETHEX CORPORATION; PUREPAC

         PHARMACEUTICAL CO.; and ROXANE LABORATORIES, INC.,

                      Defendants.

         - - - - - - - - - - - - - - - - - - - - - - - - - x


             VIDEOTAPED DEPOSITION OF GARY P. GILMORE

           Thursday, July 26, 2007   9:34 a.m. to 5:38 p.m.

                       Greenberg Traurig, LLP

          One International Place, Boston, Massachusetts

               Reporter:  Lisa A. Moreira, RDR, CRR

Gilmore, Gary P.                                                July 26, 2007
                              Boston, MA

```
                                                              Page 2
 1     A P P E A R A N C E S

 2

 3           THE COMMONWEALTH OF MASSACHUSETTS

 4           OFFICE OF THE ATTORNEY GENERAL

 5           (BY: ROBERT PATTEN, ESQ.)

 6           One Ashburton Place

 7           Boston, Massachusetts 02114

 8           617.727.2200

 9           robert.patten@ago.state.ma.us

10                Counsel for the Plaintiff

11

12           KELLEY DRYE & WARREN LLP

13           (BY:  NEIL MERKL, ESQ., and

14                 SUNG W. KIM, ESQ.)

15           101 Park Avenue

16           New York, New York 10178

17           212.808.7811

18           nmerkl@kelleydrye.com

19           sukim@kelleydrye.com

20                Counsel for the Defendant

21                Mylan Laboratories, Inc.

22
```

 1    It is done today by a contractor.  ACS
 2    State Healthcare manages that on behalf of the
 3    state.  Prior to that it was managed more from
 4    our finance individuals, Sheila Reynolds and her
 5    department.  They're not clinical people, so as
 6    they would have a clinical question or there
 7    would be some discussion about utilization, those
 8    -- that was pretty much my interface.
 9            So I never sat with a database of URAs
10    and contemplated how they came to be or what they
11    are or what they represent.
12        Q.  You didn't perform that exercise.  You
13    didn't sit down with the URAs and calculate what
14    the AMPs are.  That's not something you did,
15    right?
16        A.  Nor has it entered my mind that I could
17    do that, or that that would be a represent -- a
18    reflection of the AMP.  I mean, reading this
19    agreement today that you provided regarding
20    Mylan's agreement, you know, it's -- I can't say
21    I never knew this, but I'm understanding today
22    that the AMP is -- represented some basis.  I

Gilmore, Gary P.                                            July 26, 2007
                              Boston, MA

Page 145

1   don't recall that I gave any thought as to what
2   the calculations were or what all went into the
3   reporting to CMS that then reported to the states
4   that went to our IT department.  That was not at
5   a level that I was interfaced or really involved
6   with.
7        Q.   You yourself were not reviewing the
8   URAs and the AMP -- and calculating AMPs from
9   them, correct?
10       A.   Correct, right.
11       Q.   You did know there was an agreement,
12  right, a rebate agreement?
13       A.   I knew there was a rebate agreement.
14       Q.   And you did know the manufacturers paid
15  rebates?
16       A.   Yes.
17       Q.   And you did know the manufacturers
18  reported pricing information under the agreement,
19  right?
20       A.   Yes.
21       Q.   All right.  And you did know that
22  information was available to MassHealth and CMS,

Gilmore, Gary P.                                              July 26, 2007
                              Boston, MA

Page 160

```
1        Q.   You have no knowledge of the level of
2   scrutiny that the --
3        A.   Correct.
4        Q.   Okay.  All right.
5             Now, the fully discounted AMP and URA
6   information is confidential, right?
7        A.   Yes.
8        Q.   Has that always been your
9   understanding?
10       A.   Yes.
11       Q.   You're not allowed to release that
12  publicly?
13       A.   Yes.
14       Q.   Okay.  So would it make sense to you
15  that AMP prices would be the same as WAC prices?
16       A.   I don't know that I've considered that.
17       Q.   Well, did it ever occur to you that WAC
18  should be the same as AMP?
19       A.   Until the meeting of the OIG, I -- my
20  assumption would be that the two should be very
21  close.
22       Q.   But they're not, right?
```

dce840ea-0762-432d-9a3c-9b72a44dcb54