# Exhibit 173

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp. et al.*
Civil Action No. 07-10248-PBS

Exhibit to the July 24, 2009, Declaration of James J. Fauci
In Support of Plaintiff's Motion for Partial Summary Judgment and
In Opposition to the Roxane Defendants' Motion For Partial Summary Judgment

HAWAII ADMINISTRATIVE RULES

TITLE 17

DEPARTMENT OF HUMAN SERVICES

SUBTITLE 12 MED-QUEST DIVISION

CHAPTER 1739.1

AUTHORIZATION, PAYMENT, AND CLAIMS IN THE
FEE-FOR-SERVICE MEDICAL ASSISTANCE PROGRAM
FOR NON-INSTITUTIONAL SERVICES

| | |
|---|---|
| §17-1739.1-1 | Purpose |
| §17-1739.1-2 | Definitions |
| §17-1739.1-3 | Controlling factors for payment |
| §17-1739.1-4 | Authorization of services |
| §17-1739.1-5 | Methods of payment |
| §17-1739.1-6 | Medicaid payments to individual practitioners |
| §17-1739.1-7 | Payments to individual practitioners providing therapy services in long-term care facilities |
| §17-1739.1-8 | Medicaid payments for other noninstitutional items and services |
| §17-1739.1-9 | Payments for intra-state transportation and related services |
| §17-1739.1-10 | Payments for out-of-state transportation and related services |
| §17-1739.1-11 | Payment for drugs and related supplies |
| §17-1739.1-12 | Advisory estimated acquisition cost committee |
| §17-1739.1-13 | Drug use review (DUR) board |
| §17-1739.1-14 | Medical payment involving third party liability |
| §17-1739.1-15 | Time limit for claim submittal and timely claims payment |

Historical Note:  This chapter is based substantially upon chapter 17-1739, subchapter 1.  [Eff 11/13/95, am 01/29/96, am 11/25/96, am 12/27/97; am 09/14/98; am 07/06/99; am 06/19/00; R 10/26/01          ]

*Payments for Drugs*

UNOFFICIAL

§17-1739.1-10

[Eff 10/26/01      ]  (Auth:  HRS §346-59; 42 C.F.R. §431.10) (Imp:  42 C.F.R. §§447.201, 447.304)

§17-1739.1-11  Payment for drugs and related supplies.  (a) The state medical assistance program shall determine allowances for prescribed drugs using the following criteria:
 (1) Single source drugs shall not exceed the lower of:
  (A) The billed charge;
  (B) The provider's usual and customary charge to the general public; or
  (C) The estimated acquisition cost (EAC) or the average wholesale price (AWP) when the AWP is the average selling price for a drug product plus a reasonable dispensing fee;
 (2) Multiple source drugs shall not exceed the lower of:
  (A) The billed charge;
  (B) The provider's usual and customary charge to the general public;
  (C) The estimated acquisition cost (EAC) or the average wholesale price (AWP) when the AWP is the average selling price for a drug product plus a reasonable dispensing fee;
  (D) The federal upper limit (FUL) price plus a reasonable dispensing fee; or
  (E) If no federal upper limit, the state maximum allowable cost (MAC) plus a reasonable dispensing fee.
 (3) Over-the-counter (OTC) drugs shall not exceed the lower of:
  (A) The billed charge;
  (B) The provider's usual and customary charge to the general public including any sale price which may be available on the day of service;
  (C) The allowance set by the program (state maximum allowable cost);
  (D) The estimated acquisition cost (EAC) or the average wholesale price (AWP) when the AWP is the average selling price for a drug product plus a reasonable dispensing fee; or
  (E) The federal upper limit (FUL) price plus a reasonable dispensing fee;  Under no

HI_HI 000001582

    circumstances shall the program pay more than the general public for the same prescription or item;
(4) Payments for medical supplies shall be the lower of:
 (A) The rate set by the department; or
 (B) Medicare's upper limit of payment;
(5) Payments for medical supplies shall be the lower of:
 (A) The rate set by the department;
 (B) The estimated acquisition cost (EAC) for a medical supply plus a reasonable dispensing fee; or
 (C) Medicare's upper limit of payment;
(6) The state medical assistance program requires that the lower cost equivalent drug product be dispensed if available in the marketplace and substitution is not prohibited by part VI, drug product selection of chapter 328, HRS. The recipient may refuse lower cost drug products but must pay the entire cost of the higher price equivalent;
(7) The federal upper limit price or the state maximum allowable cost shall not apply if the practitioner:
 (A) Certifies in his or her own handwriting that a specific brand is medically necessary for a particular recipient. A checkoff box is not acceptable but a notation of "brand medically necessary" or "do not substitute" is allowable;
 (B) Obtains medical authorization for medical necessity from the state medical assistance program for specific brands of medications designated by the program. In such cases, the payment shall not exceed the lower of:
  (i) The billed charge;
  (ii) The provider's usual and customary charge to the general public; or
  (iii) The estimated acquisition cost for a drug product plus a reasonable dispensing fee;
(8) Reimbursement for over-the-counter drugs shall be limited to the over-the-counter drug prescribed by the licensed practitioner and specifically designated by the medical assistance program. Over-the-counter drugs not specifically designated shall require

*[handwritten margin note: Pay Drug]*

HI_HI 000001583