# Exhibit 181

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp. et al.*
Civil Action No. 07-10248-PBS

Exhibit to the July 24, 2009, Declaration of James J. Fauci
In Support of Plaintiff's Motion for Partial Summary Judgment and
In Opposition to the Roxane Defendants' Motion For Partial Summary Judgment



*experience does matter*

## CASE:  In Re: Pharmaceutical Average Wholesale Price Litigation
## DATE:  May 15, 2007

Enclosed is the Original of the transcript of the testimony of **Scully, Thomas A.** along with the errata sheet in the above-titled case.  Please have the witness read the deposition and sign the signature page before a Notary Public.

After the signature page has been notarized, please return the original transcript and errata sheets to the custodial attorney within 30 days of receipt for proper filing.

Thank you for your attention to this matter and please feel free to contact us with any questions or concerns.


Sincerely,

Henderson Legal Services



Encl.

Henderson Legal Services<br>
Phone: 202-220-4158<br>
Fax: 202-220-4162<br>
Website: www.hendersonlegalservices.com

Scully, Thomas A.                                              May 15, 2007
                            Washington, DC

```
                                                              Page 2
 1              IN THE CIRCUIT COURT OF
 2            MONTGOMERY COUNTY, ALABAMA
 3   - - - - - - - - - - - - - - - - -x
 4   STATE OF ALABAMA,                  :
 5        Plaintiff,                    :
 6        vs.                           :  Case No.: CV-05-219
 7   ABBOTT LABORATORIES, INC.,         :  Judge Charles Price
 8    et al.                            :
 9        Defendants.                   :
10   - - - - - - - - - - - - - - - - -x
11
12   STATE OF WISCONSIN    CIRCUIT COURT    DANE COUNTY
13   ------------------------------X
14   STATE OF WISCONSIN,               :  CASE NO.
15          Plaintiff,                 :  04-CV-1709
16      v.                             :
17   AMGEN INC., et al.,               :
18          Defendants.                :
19   ------------------------------X
20
21
22
```

1   Videotaped Deposition of THOMAS A.
2   SCULLY, a witness herein, called for examination by
3   counsel for Abbott Laboratories in the above-entitled
4   matter, pursuant to subpoena, the witness being duly
5   sworn by SUSAN L. CIMINELLI, a Notary Public in and
6   for the District of Columbia, taken at the offices of
7   Jones Day, 51 Louisiana Avenue, Northwest,
8   Washington, D.C., at 8:49 a.m. on Tuesday, May 15,
9   2007, and the proceedings being taken down by
10  Stenotype by SUSAN L. CIMINELLI, CRR, RPR, and
11  transcribed under her direction.

Scully, Thomas A.                                    May 15, 2007
                        Washington, DC

Page 328

1                THE VIDEOGRAPHER:  Sir, you're going to
2    want to repeat that answer.
3                THE WITNESS:  Sorry.  I said clearly
4    volume of sales was affected in a tangible way by the
5    spread available to the provider.  Same thing
6    happened with Taxitier and Taxol for a couple of
7    years.
8                BY MR. DALY:
9        Q.   And beyond situations where two drugs are
10   competing allegedly based on the spread between AWP
11   and actual acquisition costs, are there any other
12   situations in which you believe manufacturers would
13   be gaming the system?
14               MR. GOBENA:  Objection to form.
15               THE WITNESS:  I'm not sure I'm in a
16   position to give you examples of that.
17               BY MR. DALY:
18       Q.   Well, I'm asking you because, again, you
19   said that manufacturers -- there is a possibility
20   that the system could be gamed by manufacturers.  And
21   my -- you've given me one example.  I'm asking you if
22   there are any other examples.

934268fd-66d9-4c40-b8d6-725605bc72fb

Page 329

1    A.    Yes.  I mean, gamed is a, you know,
2    clearly the ipratropium bromide and albuterol
3    example, the higher you cranked up your AWP, the
4    better the margin, the more likely it was that
5    somebody was going to buy your product and sell it to
6    beneficiaries for higher margin.  And that's just
7    human nature.  I'm not saying it was -- it's not my
8    place to make a judgment about the legality of it.
9    I'm just saying the policy was indefensible and
10   needed to be fixed.
11       Q.    The policy of allowing reimbursement to be
12   based on AWP?
13       A.    The policy of allowing people to make up
14   their AWP and have the government pay 95 percent of
15   it.
16       Q.    In situations where -- and we talked about
17   this briefly earlier -- but in situations where you
18   have several manufacturers participating in a single
19   J Code with generic substitutes for each other, that
20   kind of gaming does not occur, is that correct?
21              MR. GOBENA:  Objection to form.
22              THE WITNESS:  I think that's fair.  I'm