# Exhibit 1

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v.  Abbott Laboratories, Inc., et al.,*
Civil Action No. 01-12257-PBS

Exhibit to the United States' Common Memorandum of Law in Support of Cross-Motions for Partial Summary Judgment and in Opposition to the Defendants' Motions for Summary Judgment

ENT
NO
JS6

FILED
CLERK, U.S. DISTRICT COURT   FILED

AUG - 5 2002

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

ENTERED
CLERK, U. S. DISTRIC. COURT

AUG - 6 2002

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, DANIEL JORDAN, | CASE NO.: CV 95-2985 ABC (Ex) |
| Plaintiffs, | ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT No. 19 |
| v. | |
| NORTHROP GRUMMAN CORPORATION, | |
| Defendant. | |

After reviewing the materials submitted by the parties and the case file, the Court DENIES Defendant's Motion for Summary Judgment No. 19.

The Court found the matter appropriate for submission without further oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the originally scheduled hearing date of March 25, 2002 was VACATED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The background of this case is well known to the parties and to the Court and need not be recited at length here.

The instant lawsuit began on May 4, 1995, when Daniel Jordan, the Relator, filed an original complaint under seal against Northrop Grumman Corporation ("Northrop" or "Defendant") pursuant

Docketed
Copies / NTC Sent
___ JS - 5 / JS - 6
___ JS - 2 / JS - 3

639

1  to the qui tam provision of the False Claims Act, 31 U.S.C. § 3729,
2  et seq. ("FCA").  See Defendant's Statement of Uncontroverted Facts
3  ¶ 2.  The Relator filed a First Amended Complaint on May 22, 1996.
4  See Government's Statement of Genuine Issues ¶ 3.  The United
5  States filed a notice of partial intervention on November 24, 1997.
6  Id.  On January 8, 1998, the Government filed a Second Amended
7  Complaint.  Id.; Defendant's Statement of Uncontroverted Facts ¶ 3.
8  The Second Amended Complaint added for the first time the common
9  law counts payment by mistake, unjust enrichment, breach of
10 contract and fraud.  See Defendant's Statement of Uncontroverted
11 Facts ¶ 4.  The Relator filed a Third Amended Complaint on March 2,
12 1998.  The United States filed its Fourth Amended Complaint on June
13 18, 1998, id. at No. 120, and its Fifth Amended Complaint, the last
14 complaint filed in this matter, on October 4, 1999.  Id. at No.
15 225; Def's Exh. A.

16     The Government has sought damages and penalties as to some one
17 hundred and seventy seven targets listed in Attachment A to the
18 Fifth Amended Complaint that allegedly failed in operation, and for
19 twenty-three of those targets, the DD Form 250 is admitted to have
20 a date earlier than May 4, 1989.  See  Defendant's Statement of
21 Uncontroverted Facts ¶ 6.

23  **II.   STANDARD ON A MOTION FOR SUMMARY JUDGMENT**

24     The Court may grant summary adjudication on a particular claim
25 or defense under the same standards used to consider a summary
26 judgment motion.  See Fed. R. Civ. P. 56(a), (b); Pacific Fruit
27 Express Co. v. Akron, Canton & Youngstown R.R. Co., 524 F.2d 1025,
28 1029-30 (9th Cir. 1975).

1    The party moving for summary judgment has the initial burden
2  of establishing that there is "no genuine issue as to any material
3  fact and that [it] is entitled to a judgment as a matter of law."
4  Fed. R. Civ. Pro. 56(c); see British Airways Bd. v. Boeing Co., 585
5  F.2d 946, 951 (9th Cir. 1978); Fremont Indemnity Co. v. California
6  Nat'l Physician's Insurance Co., 954 F. Supp. 1399, 1402 (C.D. Cal.
7  1997).

8    If the moving party has the burden of proof at trial (e.g., a
9  plaintiff on a claim for relief, or a defendant on an affirmative
10  defense), the moving party must make a "showing sufficient for the
11  court to hold that no reasonable trier of fact could find other
12  than for the moving party." Calderone v. United States, 799 F.2d
13  254, 259 (6th Cir. 1986) (quoting from Schwarzer, Summary Judgment
14  Under the Federal Rules: Defining Genuine Issues of Material Fact,
15  99 F.R.D. 465, 487-88 (1984)). Thus, if the moving party has the
16  burden of proof at trial, that party "must establish beyond
17  peradventure all of the essential elements of the claim or defense
18  to warrant judgment in [its] favor." Fontenot v. Upjohn Co., 780
19  F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original); see
20  Calderone, 799 F.2d at 259.

21    If, as here, the opponent has the burden of proof at trial,
22  the moving party has no burden to negate the opponent's claim.
23  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving
24  party does not have the burden to produce any evidence showing the
25  absence of a genuine issue of material fact. Id. at 325.
26  "Instead, . . . the burden on the moving party may be discharged by
27  'showing' - that is, pointing out to the district court - that
28  there is an absence of evidence to support the nonmoving party's

3

1 | case."  Id. (citations omitted).

2 | Once the moving party satisfies this initial burden, "an
3 | adverse party may not rest upon the mere allegations or denials of
4 | the adverse party's pleadings . . . [T]he adverse party's response
5 | . . . **must set forth specific facts** showing that there is a genuine
6 | issue for trial."  Fed. R. Civ. Pro. 56(e) (emphasis added).  A
7 | "genuine issue" of material fact exists only when the nonmoving
8 | party makes a sufficient showing to establish the essential
9 | elements to that party's case, and on which that party would bear
10 | the burden of proof at trial.  Celotex, 477 U.S. at 322-23.  "The
11 | mere existence of a scintilla of evidence in support of the
12 | plaintiff's position will be insufficient; there must be evidence
13 | on which a reasonable jury could reasonably find for plaintiff."
14 | Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  The
15 | evidence of the nonmovant is to be believed, and all justifiable
16 | inferences are to be drawn in favor of the nonmovant.  Id. at 248.
17 | However, the Court must view the evidence presented "through the
18 | prism of the substantive evidentiary burden."  Id. at 252.

19 |

20 |                          **III.  DISCUSSION**

21 | Defendant's instant motion for partial summary judgment, based
22 | on the applicable statutes of limitation, seeks the following
23 | adjudication: (1) that the Government cannot seek damages or
24 | penalties based on the FCA for any alleged claims dated prior to
25 | May 4, 1989; (2) that the Government cannot seek damages or
26 | remedies, pursuant to the payment by mistake, unjust enrichment,
27 | and breach of contract claims for relief, for targets delivered by
28 | invoices for which the Government made payment prior to January 8,

1   1992 (six years before the Government's complaint-in-intervention);
2   and that the Government cannot seek damages pursuant to the fraud
3   claim for relief for targets delivered by invoices for which the
4   Government made payment prior to January 8, 1995 (three years
5   before the Government's complaint-in-intervention).  Defendant
6   contends that the Government cannot rely on tolling provisions in
7   the applicable statutes of limitations in order to forestall
8   operation of the time-bar to the Government's claims.  See Motion
9   at 2, citing 31 U.S.C. § 3731(b)(2)(tolling period based on
10  Government lack of knowledge of material facts after reasonable
11  diligence); 28 U.S.C. § 2416 (tolling rule for common counts).
12  Defendant argues that Government knowledge of certain material
13  facts on which the Government bases its case precludes tolling.
14  See Motion at 2.

15       The Government argues that Defendant's motion should be denied
16  because (1) the United States is entitled to the statutory tolling
17  provisions under the FCA and common law and (2) all of the United
18  States' claims relate back to the filing date of the relator's qui
19  tam complaint.

20  **A.   False Claims Act**

21       Defendant argues that under the application of the FCA's six-
22  year statute of limitations period, it is entitled to a partial
23  summary judgment that the Government may not obtain damages or
24  penalties based on claims for payment presented to the Government
25  prior to May 4, 1989.  Defendant also asserts that the Government
26  is not entitled to the alternative limitations period for those
27  actions in which the Government's reasonable lack of knowledge
28  tolls the limitations period.

5

1    The FCA statute of limitations provides:

2    (b) A civil action under section 3730 may not be brought –

3    (1) more than 6 years after the date on which the violation of section 3729 is committed, or

4

5    (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to
6    act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs
7    last.

8    31 U.S.C. § 3731(b).

9    Accordingly, the statute of limitation for a FCA is six years
10   after the date on which the violation is committed.  Under the
11   tolling provision, a FCA action is barred if not brought within 3
12   years after the date when facts material to the right of action are
13   known or reasonably should have been known by the official of the
14   United States charged with responsibility to act in the
15   circumstances.

16   The parties differ as to the relevant date of the violation
17   and as to who is considered the "official of the United States
18   charged with responsibility to act in the circumstances." See 31
19   U.S.C. § 3731(b)(2).  Defendant, noting the split in the courts,
20   contends that the majority rule is that the date of the claim
21   rather than the date of accrual constitutes the relevant date.
22   See Motion at n.4.  The Government, on the other hand, contends
23   that the relevant date is the date of payment of the claim.  See
24   Opp'n. at 4.  The Court need not resolve this dispute as it cannot
25   find, as a matter of law, that the Government is barred from
26   invoking the statutory tolling provision as discussed below.
27   Defendant contends that the Government cannot rely on the
28   tolling provision of the FCA to preclude application of the six-

6

1   year limitations period for two reasons.  First, the "responsible
2   officials" for purposes of Section 3731 of the FCA, and Section
3   2416, include the Administrative Contract Officers ("ACOs") for the
4   Targets contracts and the Quality Assurance Representatives
5   ("QARs") to whom the ACOs delegated certain quality assurance
6   functions.  See Motion at 8.  Second, the ACOs and QARs for the
7   targets program knew of or should have known of the "facts material
8   to the right of action" at the very time the alleged claims against
9   Northrop accrued.  Id.

10          **1.  Responsible Officials**

11          Defendant contends that the "responsible officials" for
12   purposes of the FCA, include the ACOs for the Targets contracts and
13   the Quality Assurance Representatives ("QARs") to whom the ACOs
14   delegated certain quality assurance functions.  See Motion at 8.
15   Defendant cites an unpublished case as support for this
16   proposition.  The Government disagrees and argues that in FCA
17   cases, the "responsible official" is an official within the
18   Department of Justice.  See Opp'n. at 6.  The Government cites to a
19   number of published cases, as well as legislative history as
20   support.  See Opp'n. at 6, citing United States v. Macomb
21   Contracting Co., 763 F.Supp. 272, 274 (M.D. Tenn. 1990)("[T]he
22   'official of the United States charged with responsibility' could
23   only have been the appropriate official of the Civil Division of
24   the Department of Justice, which alone has the authority to
25   initiate litigation under the Act."); S. Rep. No. 345, 99th Cong.,
26   2d Sess. 30 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5295
27   ("[T]he statute of limitations does not begin to run until the
28   material facts are known by an official within the Department of

                                    7

1  Justice with the authority to act in the circumstances.")   The
2  Government further contends that the relevant official of the
3  United States did not know, nor reasonably should have known, of
4  any of the "facts material to the right of action" until April 1995
5  at the earliest.   See Opp'n. at 9.   Special Agent Nancy Rich
6  explains that the Naval Criminal Investigative Service ("NCIS")
7  first learned of some of the material facts on March 30, 1995, when
8  it interviewed a knowledgeable witness.   See Opp'n. at 9, citing
9  Rich Decl. ¶ 3.   Special Agent Rich brought the allegations to the
10 attention of the United States Attorneys' Office, Criminal
11 Division, in April 1995.   Id. ¶ 5.   Dennis C. Egan, a Department of
12 Justice Trial Attorney, was the first attorney assigned to the case
13 when the Relator filed his complaint on May 4, 1995.   See Egan
14 Decl. ¶¶ 1-2.   In his declaration, Egan confirms that the
15 Department of Justice, Civil Division, was not aware of the conduct
16 alleged in Relator's complaint until it was filed.   Id. at ¶¶ 3-5.

17      Based upon the legislative history, the Court finds that the
18 relevant official is one withing the Department of Justice.
19 However, even if the ACO and QAR were the "relevant officials," as
20 posited by Northrop, Northrop has failed to show that the ACO or
21 QAR knew or should have known that Northrop was knowingly
22 submitting false claims.   Accordingly, the Government is entitled
23 to seek to invoke the alternative limitations period for those
24 actions in which the Government's reasonable lack of knowledge
25 tolls the limitations period.

26      **2.  Knowledge of Facts Material to the Right of Action**
27      Defendant contends that the ACOs and QARs for the Targets
28 program knew or should have known of the matters on which this FCA

8

1 | is based.  Northrop contends that the ACOs' and QARs' knowledge is
2 | apparent because (1) Northrop approved and reviewed each of
3 | Northrop's quality assurance plans, (2) the ACO and QAR continually
4 | investigated and evaluated Northrop's quality procedures, (3) the
5 | QAR and ACO approved the level of "flow-down" to suppliers, (4) the
6 | ACO and QAR knew the targets were not meeting their reliable
7 | operating life of twenty flights and (5) the QAR and ACO knew that
8 | Northrop employees were improperly conducting inspections.   The
9 | Court has addressed and rejected these arguments relating to the
10 | Government's knowledge in its August 5, 2002 Order Denying
11 | Defendant's Motions Nos. 2, 3 and 8, issued concurrently with the
12 | instant order.  Accordingly, the Court will not address these
13 | arguments again, except to note that the Government has shown that
14 | genuine issues of fact exist regarding whether the ACOs or QARs
15 | knew or should have known of the matters on which the FCA claims
16 | are based.

17 | **B.   Common Law Claims**

18 |      Defendant contends that certain of the Government's claims are
19 | barred by the applicable statute of limitations.  Defendant argues
20 | that the Government is not entitled to damages for payment by
21 | mistake, unjust enrichment and breach of contract for claims for
22 | which the Government paid before January 8, 1992 (six years before
23 | the United States filed it Second Amended Complaint).  See Motion
24 | at 1-2.  Defendant argues that damages for common law fraud are
25 | precluded for claims for which the Government paid before January
26 | 8, 1995 (three years before the Government's Second Amended
27 | Complaint).  Id.

28 |      The Government contends that Defendant's arguments must fail

9

1  because they are based on two erroneous applications of the law.
2  First, the United States is entitled to the statutory tolling
3  provision set forth in 28 U.S.C. § 2416(c). The Government asserts
4  that it can show the existence of a factual dispute regarding when
5  the United States knew or reasonably should have known of the
6  material facts. Second, the United States' common law claims
7  relate back to the filing date of the Relator's complaint. The
8  Government asserts that the common law claims arise out of the same
9  "conduct, transaction, or occurrence" as the Relator's complaint.
10 Thus, the Government asserts that its claims for damages for
11 payment by mistake, unjust enrichment and breach of contract for
12 claims for which the Government paid before January 8, 1992 cannot
13 be barred as a matter of law.

14      **1. Statute of Limitations**

15      The Government has alleged common law claims of payment by
16 mistake, unjust enrichment, breach of contract and fraud. The
17 statute of limitations for the Government's common law claims is
18 set forth in 28 U.S.C. § 2415.

19      Under § 2415, every action for money damages founded on a
20 contract or on money erroneously paid must be filed within six
21 years after the right of action accrues. See 28 U.S.C. § 2415(a).
22 The government's claims of payment by mistake, unjust enrichment
23 and breach of contract are governed by this provision. According
24 to 28 U.S.C. § 2415(b), claims founded on a tort must be filed
25 within three years after the right of action first accrues. See
26 28 U.S.C. § 2415(b). Therefore, the Government's claim of common
27 law fraud is subject to a three year statute of limitations.
28      Section 2416(c) sets forth a statutory tolling provision for

10

1   purposes of computing the statutes of limitations set forth in §
2   2415.   Section 2416 provides for the exclusion of all periods
3   during which "facts material to the right of action are not known
4   and reasonably could not be known by an official of the United
5   States charged with the responsibility to act in the
6   circumstances."  28 U.S.C. § 2416(c).  The period of time set forth
7   in § 2415 does not begin to run, then, until the facts material to
8   the right of action were known (or reasonably could have been
9   known) by the relevant official.

10      **2.  Genuine Issues of Fact Exist Precluding a Judgment that**
11         **the Government is Not Entitled to Tolling**

12      Generally, a limitation defense is an affirmative defense and
13   the burden of proof is on the party asserting it.  See e.g.
14   Goldsmith v. Learjet, Inc., 90 F.3d 1490 (10th Cir. 1996)(applying
15   state law); Bradford-White Corp. v. Whinney, 872 F.2d 1153, 1161
16   (3d Cir.), cert. denied, 493 U.S. 993 (1989)("[T]he statute of
17   limitations is an affirmative defense, and the burden of
18   establishing its applicability to a particular claim rests with the
19   defendant.").  If the statute is applicable, the burden then shifts
20   to the plaintiff to show a basis for tolling the period.  See Van
21   Buskirk v. Carey Canadian Mines Ltd., 760 F.2d 481 (3d Cir. 1985).

22      The Government contends that Northrop has the burden of
23   proving its statute of limitations defense and argues that
24   "Northrop has failed to meet its burden of showing that the United
25   States did not exercise due diligence in uncovering the alleged
26   wrongs or that it knew of the wrongs."  See Opposition at 19.  The
27   Government cites to two unpublished district court cases as support
28   for its position.  Neither of these cases persuade the Court to

11

1 | impose the burden posited by the Government on Defendant.   The
2 | first case cited by the Government, <u>United States <i>ex rel.</i> Colunga</u>
3 | <u>v. Hercules, Inc.</u>, No. 89-CV-954, 1998 WL 310481 (D. Utah 1998),
4 | essentially contradicts the Government's position as it noted that
5 | "Generally, a limitation defense is an affirmative defense and the
6 | burden of proof is on the party asserting it.   If the statute is
7 | applicable, the burden then shifts to the plaintiff to show a basis
8 | for tolling the period."   <u>Id</u>. at *1, citing <u>Van Buskirk v. Carey</u>
9 | <u>Canadian Mines Ltd.</u>, 760 F.2d 481 (3d Cir. 1985).   While the second
10 | case cited by the Government, <u>United States v. Kensington Hospital</u>,
11 | No. CV-90-5430, 1993 WL 21446 (E.D. Penn. 1993), supports the
12 | Government's argument, the Court declines to follow its holding.
13 | The <u>Kensington</u> court concluded that "the burden is on the defendant
14 | asserting a statute of limitations defense against the Government
15 | to show that section 2415 and 2416(c) together bar the Government's
16 | asserted cause of action."   <u>Id</u>. at *5.   While the Court is
17 | cognizant of the legislative history of 28 U.S.C. §§ 2415 and 2416,
18 | the Court is not convinced that the legislative history, which
19 | reveals that the general purpose of these sections is to equalize
20 | the rights of private litigants and the Government in civil
21 | actions, supports a blanket rule that the defendant always bears
22 | the burden of showing that the tolling provision in § 2416(c) is
23 | barred.

24 |    Defendant concedes that it has the burden to show that the
25 | applicable statute of limitations periods apply, but argues that
26 | the Government has the burden of proof as to tolling.   <u>See</u> Reply at
27 | 4.   The Defendant contends that "the Government should have carried
28 | its burden of proof to show tolling by submitting evidence in the

1  form of declaration or otherwise that relevant "responsible
2  officials' did not know, and could not have known, of these
3  allegations during the times the government contends the statutes
4  were tolled."  See Reply at 13.

5       The Court has rejected the Government's argument that
6  Defendant has the burden of proof as to tolling.  However, the
7  Court is similarly unpersuaded by Defendant's argument that the
8  Government should have carried its burden as to tolling by
9  submitting declarations.  The instant motion is Defendant's motion
10 for summary adjudication that any of the Government's claims for
11 payment by mistake, unjust enrichment, and breach of contract for
12 which the Government made payment prior to January 8, 1992 are
13 barred and that the Government's claims for fraud for which the
14 Government made payment prior to January 8, 1995 are barred.
15 Implicit in Defendant's motion is a request for adjudication that
16 the §2416(c) tolling provision does not apply to the Government's
17 claims.  While at trial, the Government will have the burden to
18 show that the tolling provision applies, at this stage the
19 Government's burden is only to show that genuine issues of fact
20 exist precluding an adjudication that the tolling provision does
21 not apply.  The Court finds that the Government has satisfied that
22 burden and shown that genuine issues of fact exist concerning
23 whether an official of the Government knew or reasonably could have
24 known facts material to the right of action.  See August 5, 2002
25 Order Re: Motions Nos. 2, 3 and 8.

26 **C.  Relation Back**

27      It is undisputed that the Government's FCA claims relate back
28 to the date when the Relator filed his complaint.  See Opp'n. at

1 20.    However, with respect to the common law claims, Defendant

2 argues that those claims do not relate back to the date of

3 Relator's complaint.   The Government disagrees and argues that all

4 of the Government's claims relate back to May 4, 1995.

5      The Court need not reach the relation back issue as it has

6 found that the Government has raised a genuine issue as to whether

7 the statutes of limitations on the common law claims were tolled.[1]

8

9      [1] The Court notes that if it were to reach the relation back
issue, it would find, based on the evidence presently before the
10 Court, that the Government's common law counts "relate back" to an
earlier claim filed by the Relator.   Both the policy behind the FCA
11 and the decisions of other district courts persuade the Court that
the Government's common law counts should "relate back."
12

13      First, the Court notes  that it would be inequitable to find
that the common law claims do not relate back to the date of the
14 Relator's original complaint while the United States, pursuant to
provisions of the FCA, is investigating the case when it is under
15 seal.   Second, the Court finds that an unworkable situation could
arise if the Government were forced to bring common law claims
16 before it had fully investigated the Relator's FCA complaint and
made an intervention decision.   For example, if the Government
17 brought a suit under common law, then intervened in a separate FCA
case, it would have two cases at once against the same defendant
18 for the same conduct.   Therefore, the practicalities of FCA
19 litigation and the policy behind the FCA warrant that the common
law claims relate back to the filing date of Relator's complaint.
20

21      In addition, other district courts have permitted common law
claims to "relate back" to a relator's earlier complaint in similar
22 cases.   For example, in United States ex rel. v. Flanagan v.
Baptist Health Sys., Inc., No. CV-97-B-3070-S, slip op. at 29-33
23 (N.D. Ala. March 20, 2001), the court permitted the Government's
common law claims to relate back to the date of the relator's
24 complaint because it arose out of the same alleged conduct as the
claims in the relator's complaint.   See Government's Request for
25 Judicial Notice, Exh. F.   The court characterized the state law
misrepresentation claim as an amendment to the complaint originally
26 filed by the relator.   Id. at 32.   The court also noted that if the
27 Government's claims for unjust enrichment and payment by mistake
had been outside the statute of limitations, they would also relate
28                                                      (continued...)

14

1

2

3

4

5

6

7

[1](...continued)
back.  Id. at 32 n.15.  The Court rejects Defendant's objection to
this case on the ground that it applies "relation back" tests for
new plaintiffs that are different from the applicable Ninth Circuit
test.  First, Defendant has failed to set forth any Ninth Circuit
test which covers the facts of the instant case.  Second, the Ninth
Circuit case on which Defendant relies, In re Syntex Corp.
Securities Litigation v. Syntex Corp., 95 F.3d 922 (9th Cir. 1996),
involved a securities class action suit, not a FCA case.

    The case cited by Defendant to support its argument that
common law claims do not "relate back" to an earlier complaint,
United States v. Reagan, No. CIV 97-169, 1999 U.S. Dist. LEXIS
22287 (D. Ariz. April 19, 1999), is unpersuasive.  In Reagan, the
relator filed a FCA complaint on April 22, 1994, and the Government
declined to intervene on June 1, 1995.  The relator proceeded to
litigate the case, and the district court dismissed the relator's
case on grounds that the relator was not  a proper relator.  Id. at
*4.   The relator appealed to the Ninth Circuit.  At that time, the
Government sought to leave to intervene, which was granted.  Id. at
*5.   The Government filed an amended complaint on January 30, 1998,
alleging FCA violations and adding a common law claim for unjust
enrichment.  Id. at *6.   The defendants argued that the
Government's amended complaint did not relate back to the realtor's
complaint.  The court held that the FCA claims do relate back, but
that the unjust enrichment claim did not.  Id. at *13-15.  In its
holding that the common law claim did not relate back, the court
relied on the fact that the Government had once declined to
intervene.  Reagan is distinguishable from the instant case.  In
Reagan, the Government first declined to intervene, then filed an
amended complaint two-and-a-half years after its declination.
Here, the Government asserted its common law claims promptly after
intervention.  The defendants in Reagan litigated for years against
the FCA claims before the unjust enrichment claim was asserted, and
might have been prejudiced if it had to begin a new defense at that
stage.  Here, by contrast, any prejudice to Defendant was minimized
because the Government asserted its common law claims promptly
after its intervention.

1

2                              **IV.   CONCLUSION**

3          Based on the foregoing, the Court hereby DENIES

4     Defendant's Motion for Summary Judgment Based on Applicable

5     Statutes of Limitation.

6

7     **DATED:** _____Aug 5, 2009_____

8                                              _____Audry B Collins_____

9                                              **AUDREY B. COLLINS**
                                               **UNITED STATES DISTRICT JUDGE**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28