# Exhibit 2

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.*,
Civil Action No. 01-12257-PBS

Exhibit to the United States' Common Memorandum of Law in Support of Cross-Motions for Partial Summary Judgment and in Opposition to the Defendants' Motions for Summary Judgment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RECEIVED
APR 0 9 2002
Helmer,
Martins & Morgan Co. L.P.A.



| | |
|---|---|
| UNITED STATES EX REL., | CASE NO. C-1-95-970 |
| ROGER L. SANDERS, ET AL., | (WEBER. J.) |
| RELATORS | (HOGAN, M.J.) |
| VS. | |
| ALLISON ENGINE COMPANY, ET AL., | |
| DEFENDANTS | |

### REPORT AND RECOMMENDATION

Before the Court are Relators' Motion for Partial Summary Judgment as to Defendants' Affirmative Defenses (Doc. 157), Defendants' Memorandum in Opposition (Doc. 185) and Relators' Reply. (Doc. 235). Defendants assert the affirmative defenses of waiver, estoppel, laches, unclean hands and failure to mitigate. Relators categorize each these defenses as "equitable' and say that these defenses are not available to a statutory claim, such as the present one that arises under the False Claims Act. We agree and recommend that Relators' Motion for Summary Judgment be granted.

### WAIVER

The essence of the waiver argument is that when the Navy accepted and ordered Gen Sets in the early 1990s after being notified of defects in those Gen-Sets, it waived any False Claims Act violations. The same could be said of paying an arguably inflated price. Relators argue that Government employees do not have the authority to waive fraud against the Government. Relators argue that no waiver has arisen because of the decision by the Department of Justice not to intervene in this case, nor has a waiver occurred because the United States Attorney chose not to pursue a criminal prosecution. Relators argue that even if waiver did lie against the Government, Defendants neither sought nor obtained a waiver by the contracting officer.

Government employees do not have the authority either to release or compromise claims or to ratify the actions of other Government employees under the False Claims Act; only the

Department of Justice has such power. *Martin J. Simko Construction, Inc. v. United States*, 852 F.2d 540 (Fed. Cir. 1988) The False Claims Act permits, if not encourages, prosecution by qui tam Relators. The cases cited by Defendants contain equitable claims for which equitable defenses, like waiver, would be appropriate. This case, however, is statutory and the equitable defense of waiver is inappropriate. Further, the False Claims Act provides that qui tam relator may prosecute the case on his own after the Government declines to intervene. To interpret that provision as a waiver would negate the clear language of the False Claims Act. The defense of waiver is unavailable and Relators' Motion for Summary Judgment is granted insofar as it relates to the defense of waiver.

## LACHES

We have previously held that the defense of laches is unavailable to a statutory claim that was filed within the statutory period. Our previous holding was that laches is not a defense to a legal, as opposed to equitable, claim filed within the statute of limitations. Our holding was based on recent Second Circuit opinions following two Supreme Court cases: *United States v. Mack*, 295 U.S. 480 (1935) and *United States v. Summerlin*, 310 U.S. 414 (1940) and was rendered in resolving SOFCO's Motion for Summary Judgment (Doc. 155). We see no reason to expound further. Relators' Motion for Summary Judgment should be granted insofar as it seeks a ruling that the defense of latches is just as unavailable to the other Defendants in this case as it is to SOFCO.

## EQUITABLE ESTOPPEL

We have also previously held that the defense of equitable estoppel is unavailable to SOFCO. That holding should also control the equitable estoppel defense of the other Defendants. Both *United States v. Guy*, 978 U.S. 934 (6th Cir. 1992) and *Reich v. Youghiogheny & Ohio Coal Col.*, 66 F.3d 111 (6th Cir. 1995) held that proof of affirmative misconduct by the Government was essential to a claim of equitable estoppel. There are only two possible arguments relating to Governmental misconduct and one relates to SOFCO only - the statement by the Naval investigator that SOFCO was not a target of the criminal investigation. The only other possible act of Government misconduct is taking too much time to investigate the case and asking for repeated extensions of the 60-day period that the False Claims Act provides for

Governmental investigation. As we previously said, however, the repeated 60-day extensions were presumptively for good cause and the Government's requests for extensions were granted by the Court, not unilaterally taken by the Government.

Nevertheless, Defendants argue that estoppel against the Government is permitted by the law when the estoppel is used in a defensive mode, rather than by one seeking a Government benefit. We find that proposition to be directly opposed to the Sixth Circuit's holding in the *Guy* case, a suit by the Government to recover an erroneous tax refund from a taxpayer. The Defendant in *Guy* argued that the interest amount was caused by Governmental delay and by assuring him that IRS would not attempt to collect further taxes from him. In other words, the taxpayer in the *Guy* case was using the estoppel argument as a defensive tactic. We cannot follow Defendants' theory of the law because *Guy* requires a showing of "some affirmative misconduct" by the Government and Defendants cannot point to any.

## UNCLEAN HANDS

The unclean hands defense was originally asserted by Defendant General Tool only. Defendants report that "General Tool now withdraws and consents to the entry of summary judgment as to the defense of unclean hands." (See Memorandum In Opposition (Doc. 185) p.1, n.1) Relators' Motion is hereby granted with reference to the defense of unclean hands.

## FAILURE TO MITIGATE

Defendants view this case as a breach of contract action and say that the Government has a duty to mitigate its damages as would any contacting party. Paying the bill for the individual Gen-Set units or otherwise accepting those units without any complaints as to defects and/or price is failing to mitigate one's losses or so Defendants assert. Defendants place great weight on *United States v. Bornstein*, 423 U.S. 303 (1976), a case that has nothing whatever to do with mitigation of damages. *Bornstein*, a False Claims Act case arising prior to the time when damages were trebled, held that the Government's original damages should be first doubled and be then subject to a set-off for damages paid by a co-defendant, rather than first applying the set-off and then doubling the remainder. By citing a case that does not in any manner support their argument, Defendants have not scored any points with this Judge.

Relators, on the other hand, have cited a number of cases, none of which are from this

Circuit, but all of which support Relators' argument that mitigation of damages is not an issue in a False Claims Act case. See *Toepleman v. United States*, 263 F.2d 697 (4th Cir. 1959); *United States v. Consolidated Aeronautics Corp.*, No. CV 90-3408-AWT (C.D. Cal. Feb. 11, 1991); *United States ex rel. Marcus v. Hess*, 41 F. Supp. 197 (W.D. Pa. 1941); *FDIC v. Oldenburg*, 38 F.3d 1119 (10th Cir. 1994); and *FDIC v. Isham*, 782 F. Supp. 524 (D. Colo. 1992). The *Oldenburg* and *Isham* cases were both negligence actions brought by the Federal Deposit Insurance Corporation against officers and directors of failed banking institutions. The public is described as the "intended beneficiary of the FDIC," the same relationship, Relators argue, that exists between the public and the False Claims Act. Mitigation of damages was not permitted as a defense on the theory that the FDIC owed a duty to the public and not to the financial institutions or their officers. *Toepleman, Consolidated Aeronautics* and *Hess* are all False Claims Act cases  We are convinced that the Relators' position is sound and that mitigation of damages cannot be asserted as a defense in a False Claims Act case.

## RES JUDICATA AND COLLATERAL ESTOPPEL

Relators also move for summary judgment on the defenses of res judicata and collateral estoppel. The basis for Relators' Motion is General Tool's response to Interrogatory No. 15. The directive posed by the Interrogatory was to identify all facts that support the defenses of res judicata and collateral estoppel. General Tool's response was that "GTC no longer asserts this defense." There is therefore no issue of material fact in relation to this defense and Relators are entitled to summary judgment.

**IT IS THEREFORE RECOMMENDED** that Relators' Motion for Summary Judgment be granted in all respects.

April 5, 2002

Timothy S. Hogan
United States Magistrate Judge