# Exhibit 121

UNITED STATES DEPARTMENT OF JUSTICE

Civil Investigative Demand No. 95-125

TO: Abbott Laboratories
    100 Abbott Park Road
    Abbott Park, Illinois  60064

    Serve on: Custodian of records or any person authorized to accept service of process for the Company.

    This Civil Investigative Demand is issued pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729. The False Claims Act investigation concerns allegations that the corporation knowingly presented or caused to be presented false and fraudulent pricing information regarding the Average Wholesale Price ("AWP") of injectable pharmaceutical drugs to the Medicare and Medicaid Programs, and, thus, caused to be submitted false and/or fraudulent claims to the Medicare and Medicaid Programs.

    This Demand requires you to provide documents to the federal Government. No copies have been served on other parties.

### Document Request

    You are required by this Demand to produce any and all of the following documents in your custody or control:

DEFINITIONS

    A.  "Document(s)" means, without limitation, any written, printed, typed, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings and the backsides of any communication or representation which all contain any of the above.

    By way of example, "document(s)" includes, but is not limited to: correspondence; memoranda; notes; drafts; records; letters; envelopes; telegrams; messages; electronic mail; analyses; agreements; accounts; working papers; reports and summaries of investigations; trade letters; press releases; comparisons; books; notices; drawings; diagrams; instructions; manuals; calendars; diaries; articles; magazines; newspapers; brochures; guidelines; notes or minutes of meetings or of other communications of any type, including inter- and intra-office or company communications; questionnaires; surveys; charts; graphs; photographs; films or videos; tapes; discs; data cells; bulletins; printouts of



EXHIBIT # 3
3/14/07

information stored or maintained by electronic data processing or word processing equipment; electronic claims filing, invoices, all other data compilations from which information can be obtained including electromagnetically sensitive stored media such as floppy discs, hard discs, hard drives and magnetic tapes; and any preliminary versions, drafts or revisions of any of the foregoing.

B. "Listed Pharmaceuticals" include the following brand name products and their respective generic products: Sodium Chloride 0.9%, Liposyn II 10%, Liposyn II 20%, Vancomycin HCL, Dextrose 5%, Lactated Ringers, Dextrose 5% with Sodium Chloride 0.9%, Dextrose in Water 50%, Dextose in Water 70%, Aminosyn II 8.5%, Aminosyn II 10% and Aminosyn II 15%.

C. "Publications" means the following three publishers that compile and distribute the Average Wholesale Price for various pharmaceuticals: The Red Book aka Drug Topics, The Blue Book aka First Data Bank, and Medi-Span, Inc.

D. "Average Wholesale Price" ("AWP") means the price that the company reported to the publications as the AWP for the listed pharmaceuticals.

E. <u>Relevant Time Period</u>: All documents requested herein refer to January 1, 1986 to the present, unless otherwise indicated, and shall include all documents that relate to such period even though prepared or published before that period.

## INSTRUCTIONS

A. Where a claim of privilege is asserted in response to any document requested, and such document, or any part thereof, is not produced on the basis of such claim, for each document or part thereof that is not produced, please provide a privilege log wherein you identify the type of document being withheld (e.g., letter, memorandum, handwritten notes, marginalia, etc.), a description of its contents, its author(s), all actual and intended recipients of the document, its date, and the specific privilege being asserted, all with sufficient particularity so as to allow the Custodian, and potentially the Court, to assess the validity of the claim of privilege.

B. All documents provided in response to this CID are to include all marginalia and post-its, as well as any attachments referred to or incorporated by the documents.

C. If information exists or can be retrieved from information stored in computerized form, this request includes the information on computer disk and the hard drive, if necessary, including an identification of the software program necessary to access and use the information.

D. Use of the word "and" or "or" should be read in the conjunctive and disjunctive (i.e., "and/or") to provide the broadest possible meaning of the request.

E. If the requested documents are no longer in the company's possession or control, the Government requests that the Company state what disposition was made of them, including identification and address of the person(s) who are or are believed to be in possession or control of such documents.

F. Scope of search required: This CID calls for all documents in the possession, custody or control of the Company, including, but not limited to, its officers, directors, employees, agents, consultants and contractors. The Company is required to search all files reasonably likely to contain responsive documents, including files left behind by former officers, directors, agents and employees.

G. Manner of production: All documents produced in response to this CID shall comply with the following instructions:

(a) The Company shall conduct its search for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

(b) All documents produced in response to this CID shall be segregated and labelled to show the document request to which the documents are responsive and the source and location where the document was found.

(c) To the extent that documents are found in file folders and other similar containers which have labels or other identifying information, the documents shall be produced with such file folder and label information intact.

(d) To the extent that documents are found attached to other documents, by means of paper clips, staples or other means of attachment, such documents shall be produced together in their condition when found.

H. If there are no responsive documents to a particular request, please specify that the Company has no responsive documents.

- 4 -

## DOCUMENTS REQUESTED

1. All documents that discuss, analyze or comment upon the setting of the direct price, wholesale acquisition cost, and/or AWP as reported to the publishers for the listed pharmaceuticals.

2. All documents that discuss, analyze or comment upon the setting of the price of the listed pharmaceuticals that you actually use when you sell the product to wholesalers or direct purchasers.

3. All documents that discuss, analyze or refer to the discrepancy between the direct price and/or AWP as reported by you to the publishers and the price that you and or the wholesaler actually charge for the listed pharmaceuticals.

4. All documents that discuss, analyze or comment upon the decision to increase your AWP in 1995 while maintaining or reducing the price for which you actually sold the following products: sodium chloride .9%, Liposyn II 10%, Dextrose 5% in water, Liposyn II 20%, Dextrose in Water 70%, Aminosyn 10% and Aminosyn 15%.

5. All documents that discuss, analyze or comment upon the decision to increase your AWP in 1994 while maintaining or reducing the price for which you actually sold the following products: Liposyn II 10% for NDC numbers 00074979001 & 00074979003, Vancomycin HCL, Dextrose 5% in Water for NDC number 00074152203, Liposyn 20%, Lactated Ringers, Dextrose in Water 50%, Dextrose in Water 70%, Aminosyn II 8.5% and Aminosyn II 10%.

6. All communications between you and the publications regarding pricing of the listed pharmaceuticals.

7. All communications between you and wholesalers and/or providers referring to pricing and reimbursement by the Medicare or Medicaid programs for the listed pharmaceuticals.

8. All invoices to wholesalers, providers and/or suppliers where you sold the listed pharmaceuticals for the published AWP.

9. All licensing or distribution agreements between you and other manufacturers or distributors of the listed pharmaceuticals allowing them to market or distribute your product.

10. All documents between you and any Medicare or Medicaid representative regarding pricing of the listed pharmaceuticals.

- 5 -

You must make this material available to Michael C. Theis, who has been designated as a False Claims Act custodian in this case.

These documents shall be produced on or before February 28, 1996, at the office of the Department of Justice, Room 3646, 10th and Constitution Avenue, N.W., Washington, D.C. 20530, or at another location to be mutually agreed upon by yourself and the False Claims Act custodian. The production of documentary material in response to this Demand must be made under a sworn certificate in the form printed in this Demand.

Issued at Washington, D.C., this 22 day of January, 1996.

/s/ JR
JANET RENO
Attorney General

## VERIFIED RETURN OF SERVICE

I, _S/A Jerome McNichols_, an employee of the United States working under the direction and supervision of attorney Michael C. Theis in connection with a false claims law investigation, hereby certify that at the time of _____, on the _1st_ day of _February_, 1996, I personally served Civil Investigative Demand No. 95-125 on _VIRGINIA FINNEGAN SECRETARY, LEGAL_ by delivering _CIVIL INVESTIGATIVE DEMAND_, an executed copy of such Demand at _ABBOTT LABORATORIES 100 ABBOTT PARK RD ABBOTT PARK ILL._

I declare under penalty of perjury that the foregoing is true and correct. Executed on this _1st_ day of _Feb_, 1996.

_S/A Jerome McNichol_ HHS-OIG-OI