# Exhibit 122

4409A 4409

# UNITED STATES OF AMERICA

## DEPARTMENT OF HEALTH AND HUMAN SERVICES

### OFFICE OF INSPECTOR GENERAL

### SUBPOENA DUCES TECUM

TO

Abbott Pharmaceuticals          *by service upon its registered agent:*
Division of Abbott Labs         CT Corporation
1 Abbott Park Road              1200 S. Pine Island Road
Abbott Park, IL  60024-3500     Plantation, FL 33324

*YOU ARE HEREBY COMMANDED TO APPEAR BEFORE*  Special Agent Kevin Aberle ,
*an official of the Office of Inspector General, at*  15500 New Barn Road, Suite 207

*in the City of*  Miami Lakes                         *and State of*  Florida
*on the*_____*day of*  October  31        , *19*  97 , *at*  9  *o'clock,* a  *m of*
*that day, in connection with*  an investigation of Medicaid and/or Medicare fraud

_____ ;

*and you are hereby required to bring with you and produce at said time and place the following:*

### SEE ATTACHED

*which are necessary in the performance of the responsibility of the Inspector General under Public Law 95-452 [5 USC App. 3 Section 6(a)(4)], as amended by Public Law 100-504, to conduct and supervise audits and investigations and to promote economy, efficiency and effectiveness in the administration of and to prevent and detect fraud and abuse in the programs and operations of the Department of Health and Human Services.*



*IN TESTIMONY WHEREOF*

Albert A. Hallmark  *the undersigned official of the Office of Inspector General of said DEPARTMENT OF HEALTH AND HUMAN SERVICES, has hereunto set*  his  *hand this*  6th  *day of*  October  *19* 97 .





EXHIBIT
#4
3/14/07

## DEFINITIONS

"**Listed Pharmaceuticals**" means the brand name, trade name or generic products listed on the attached Exhibit A, and includes all variations of the products (i.e., packaging, dosage, owner/manufacturer, diluence, NDC number or otherwise) which may have been produced, sold, offered for sale or assigned an NDC number.

## I.  INSTRUCTIONS

A.  Each Document Request shall be construed to include documents within the knowledge, possession or control of the subpoenaed party, its attorneys, investigators, agents, owners, officers, employees, or other representatives of the subpoenaed party and/or its attorneys, as of the date of the answers given to these Document Requests and any supplemental information, knowledge, data, documents or communication responsive to these Document Requests which is subsequently generated, obtained or discovered.

B.  If the response to any Document Request consists in whole or in part of an objection relating to or including burdensomeness, then with respect to such responses:

  1.  Provide such information as can be ascertained without undue burden;

  2.  State with particularity the basis for each such objection, including:

    (a)  a description of the process or method required to obtain any fact responsive to the Document Request; and

    (b)  the estimated costs and time required to obtain any fact responsive to the Document Request.

  3.  Describe the nature and extent of the documents or other source(s), if any, from which any fact responsive to the Document Request can be obtained; and

  4.  State whether the documents or other sources will be made available for inspection and copying.

C.    If you claim privilege as a ground for not providing documents in response to any Document Request, describe the factual basis for said claim or privilege in sufficient detail so as to permit the court to adjudicate the validity of the claim. If the claim of privilege relates to identification of a document, also state the date the document was prepared, the author, the addressees, all recipients and the general subject matter.

D.    If the response to any Document Request consists, in whole or in part, of an objection(s), state with specificity the full objection(s) and the particularized basis for each said objection.

II.   DEFINITIONS

As used in these Document Requests, the following terms include the meanings set forth below:

A.    "You" or "your" means Abbott Laboratories, Abbott Pharmaceuticals, Abbott Labs and any other affiliated company, parent, subsidiary, division, joint venture or other entity or agent acting on your behalf in manufacturing, marketing or distributing the Listed Pharmaceuticals.

B.    The term "document" means any writing or recording of any kind whether written, graphic, pictorial, photographic, phonographic, mechanical, taped, saved on computer disc, hard drives or data tapes or otherwise, and every non-identical copy now or formerly in your possession, custody or control. Different versions of the same document, such as different copies of a written record bearing different handwritten notations, are different documents within the meaning of the term as used.    In case originals or original non-identical copies are not available, "document" includes copies of originals or copies of non-identical copies as the case may be.

C.    The term "identify" has the following meanings:

1.    When used in reference to a natural person, it means to state his or her full name, his or her last known residence, business address, and business telephone number.

2.    "Identify" when referring to corporate or other entities shall mean to set forth:    (a) the name; (b) present or last known address; (c) its principal place of business; and (d) the form or

2

manner of its organization.  Once a corporation or
other entity has thus been identified, it shall be
sufficient thereafter when identifying that
corporation or other entity to state its full
name.

3.   When used in reference to a communication, it
     means:

     a)   If such communication was oral, to identify
          the person speaking and the person spoken to,
          who else was present, and to state the date
          and place of the communication and its
          substance;

     b)   if such communication was contained in a
          document, to identify the document.

4.   When used in reference to a document, it means to
     state the type of document (e.g., letter,
     telegram, magnetic tape, chart, etc.), describing
     it sufficiently (date, author, recipient(s)) for
     purposes of a request to produce or subpoena duces
     tecum.   In lieu of identification of a document,
     the document may be made available for inspection
     and copying.  If any such document was, but is no
     longer in your possession, or subject to your
     control, please state what disposition was made of
     it.

5.   When used in reference to a course of conduct, it
     means to furnish the names, addresses, and
     positions of those persons who have committed the
     acts alleged and the names, addresses, and
     positions of those persons who have knowledge of
     the conduct as identified.

   D.   The term "communication" means a transmittal of
information, or request for information, by document or otherwise
and includes any conversation in person, by telephone or by any
other means, as well as any utterance heard by another person
whether in person, by telephone or otherwise.

   E.   The term "entity" means an individual, corporation,
partnership, proprietorship, professional corporation,
association, group, governmental agency or agent, municipal
corporation, state government, local government, political
subdivision, or any other legal entity of any kind, whether for

3

profit or not for profit.

F.   The words **"and"** and **"or"** shall mean "and/or."

G.   The term **"relate to"** means concerning, embodying, considering, mentioning, respecting, bearing on, referring to or addressed in whole or in part to that subject.

H.   The term **"interest"** shall mean any form of monetary investment in or control over an entity.

I.   The term **"affiliated"** shall mean any form of business relationship, including, but not limited to, employee, director, officer, owner, agent, consultant, or contractor.

J.   Words in the singular should be construed as including the plural, and plural words should be construed as including the singular.

K.   The phrase **"possession or control"** means to have physical possession, legal or effective control, or majority or joint ownership.  This includes assets that are being held by another party on behalf of an individual or entity.

L.   **"Pricing Correspondence"** means any document (excluding invoices) containing a representation of price for a Listed Pharmaceutical directed to any or all of the state government offices  (or privately contracted agents) of the states of Texas, Florida, Colorado, Alabama, Massachusetts and Maryland that are responsible for receiving, processing, and/or paying claims for Medicaid reimbursement for the Listed Pharmaceuticals or setting the rates of reimbursement for the Listed Pharmaceuticals.

M.   **"Request for Information for New Drug Product Or Request for Additional Information of Products Currently Included in Texas Medicaid"** means the survey/questionnaire required by the state of Texas Department of Health Bureau of Vendor Drug for the approval for reimbursement of any pharmaceutical under the Texas Vendor Drug Program.

N.   **"Publishers"** means the publishers of the following pharmaceutical pricing guides and/or databases:  the Medical Economics *Drug Topics Red Book*; the Hearst Corporation's *First DataBank*; or *Medi-Span, Inc.*

O.   **"AWP"** means the price that you report, advertise or publish as the average wholesale price for the Listed Pharmaceuticals.

4

P.     **"Direct Price"** means the price you report, advertise or publish as the "DP" or direct price for the Listed Pharmaceuticals.

Q.     **"Best Price"** means the price you report, advertise or publish as the best price for the Listed Pharmaceuticals.

R.     **"AMP"** means the price you report, advertise or publish as the "average manufacturer's price" for the Listed Pharmaceuticals.

S.     **"Medicaid representative"** means any state's Medicaid program employees or officials, or their agents, fiscal agents, sub-contractors or designees.

T.     **"Price representations"** means any statement, assertion or declaration of the price of the Listed Pharmaceuticals, including but not limited to Average Wholesale Price, Wholesale Acquisition Cost, Wholesale Net Price, Direct Price, or Suggested Net Trade.

**Relevant Time Period:**  The requests herein refer to documents created from January 1, 1994 to the present and documents relating to such period even though created before that period.


## DOCUMENTS REQUESTED


1.     All documents that reflect, discuss, analyze or comment upon the prices which you have set for the sale of, or at which you have sold, any of the Listed Pharmaceuticals to Florida Infusion/Nation's Drug, Ultracare, Oncology Therapeutics Network, FFF Enterprises, Inc., National Specialty Services, ASD (a subsidiary of Bergen Brunswig Drug Co.), and/or Oncology Supply Co., Inc. (a division of ASD) for the years 1994, 1995, and 1996, including but not limited to contracts, price lists, or any documents reflecting charge back agreements, rebates, discounts or other items of value offered or given.

2.     All documents that reflect, discuss, analyze or comment upon the prices which you have set for the sale of, or at which you have sold, any of the Listed

Pharmaceuticals to GNYHA Alternate Care, Automated Health Technologies, Pharmaceutical Buyers, Inc., Amerinet, Gerimed/IV Med, and/or Health Care Purchasing Agency (a subsidiary of Bergen Brunswig Co.), for the years 1994, 1995, and 1996 including but not limited to contracts, price lists, or any documents reflecting charge back agreements, rebates, discounts or other items of value offered or given.

3.    All documents that reflect, discuss, analyze or comment upon the prices which you have set for the sale of, or at which you have sold, any of the Listed Pharmaceuticals to Texas Oncology Pharmacy Services, Inc. (a subsidiary of Physician Reliance Network, Inc.), Lessner & Troner, M.D.'s. P.A., NMC Homecare, Inc., Caremark, Coram Health Care, Quantum Health Resources, Olsten Health Services, Kimberly Care, Vital Systems, Texas Health Resources, Nova Factor, American Pharmaceutical Services, Abbey Health Care, Home Patient Care, Inc. (a/k/a HPC, Inc.) and/or Home Patient Care, America (HPC America) for the years 1994, 1995, and 1996, including but not limited to contracts, price lists, or any documents reflecting charge back agreements, rebates, discounts or other items of value offered or given.

4.    All Pricing Correspondence, and drafts thereof, for any of the Listed Pharmaceuticals.

5.    All documents that reflect, discuss, analyze or comment upon any decision to increase the amounts of any of the Price representations of a Listed Pharmaceutical as reported by you to the Publishers, to any state's Medicaid representatives or to any Medicare carrier while maintaining at the same level or reducing the price at which you actually sold any of the Listed Pharmaceuticals to physicians, physicians groups, hospital groups, home infusion or IV pharmacies, wholesalers (including but not limited to Florida Infusion/Nation's Drug, Ultracare, Oncology Therapeutics Network, FFF Enterprises, Inc., National Specialty Services, ASD (a subsidiary of Bergen Brunswig Drug Co.), Oncology Supply Co., Inc. (a division of ASD), GNYHA Alternate Care, Automated Health Technologies, Pharmaceutical Buyers, Inc., Amerinet, Gerimed/IV Med, Health Care Purchasing Agency (a subsidiary of Bergen Brunswig Co.), Lessner & Troner, M.D.'s. P.A., NMC Homecare, Inc., Caremark,

6

Coram Health Care, Quantum Health Resources, Olsten Health Services, Kimberly Care, Vital Systems, Texas Health Resources, Nova Factor, American Pharmaceutical Services, Abbey Health Care, Home Patient Care, Inc. (a/k/a HPC, Inc.) and/or Home Patient Care, America (HPC America) and/or any other entity marketing the Listed Pharmaceuticals) in any or all of the following states: Texas, Florida, Colorado, Alabama, Massachusetts and Maryland.

6.   All communications between you and any distributor, wholesaler, home infusion or IV pharmacy, physician, buying group, or hospital group, that discuss the Price Representations of any of the Listed Pharmaceuticals in comparison to the reimbursement rates of the Medicaid programs in any or all of the following states:Texas, Florida, Colorado, Alabama, Massachusetts and Maryland for any of the Listed Pharmaceuticals.

7.   All of your internal communications that discuss the Price representations of any of the Listed Pharmaceuticals in comparison to the reimbursement rates of the Medicaid programs in any or all of the following states:Texas, Florida, Colorado, Alabama, Massachusetts and Maryland for any of the Listed Pharmaceuticals.

8.   All documents created by you that compare or analyze other drug manufacturers' published Price Representations with your Price Representations for any of the Listed Pharmaceuticals or their generic equivalents.

9.   All documents that discuss or refer to the "wholesale acquisition cost" or "WAC" reimbursement rates set by the Alabama, Florida and/or Colorado Medicaid programs and/or how those reimbursement rates affect your marketing or sale of any of the Listed Pharmaceuticals.

10.  All documents that discuss or refer to the "wholesale estimated acquisition cost" or "WEAC" reimbursement rates set by the Texas Medicaid program and/or how those reimbursement rates affect your marketing or sale of any of the Listed Pharmaceuticals.

11.  All documents that discuss or refer to the "direct

7

estimated acquisition cost" or "DEAC" reimbursement rate set by the Texas Medicaid program and/or how those reimbursement rates affect your marketing or sale of any of the Listed Pharmaceuticals.

12. All documents that reflect the price used by you to compute the rebate you paid to each of the Medicaid programs of Texas, Florida, Colorado, Alabama, Massachusetts and Maryland for each of the Listed Pharmaceuticals from 1990 to the present.

13. All "Applications for Inclusion of a New Product and the Recertification of Products Presently Included in the Texas Vendor Drug Program" sent to the Texas Medicaid Program, and drafts thereof.

14. All documents, not otherwise described in paragraph 13, transmitted to the Texas Medicaid Program which contained any Price Representations regarding any of the Listed Pharmaceuticals, and drafts thereof.

15. All documents which mention, evidence or reflect any discussions or analysis regarding the manner in which to provide the information described in paragraphs 13 and 14.

8

# EXHIBIT A

# ABBOTT LABORATORIES

1) Amikacin Sulfate
2) Clindamycin Phosphate
3) Dextrose 5%
4) Dextrose 5%/Sodium Chloride 0.9%
5) Furosemide
6) Heparin Lock Flush
7) Pentamidine Isethionate
8) Lactated Ringers
9) Sodium Bicarbonate
10) Sodium Chloride 0.9%
11) Tobramycin Sulfate
12) Vancomycin HCL
13) Water for Injection, Sterile