# Exhibit 134

# REED SMITH SHAW & McCLAY LLP

Writer's Direct Numbers:
Phone 202-414-9230
Fax 202-414-9299
kmcguan@reedsmith.com

*1301 K Street, N.W.*
*Suite 1100 - East Tower*
*Washington, D.C. 20005-3317*
*Phone: 202-414-9200*
*Fax: 202-414-9299*

October 5, 2000

## BY HAND DELIVERY

David W. Ogden, Esquire
Assistant Attorney General for the Civil Division
Department of Justice
Main Justice Building
Tenth Street and Constitution Avenue, NW
Room 3744
Washington, DC 20530

> Re:  *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc., et al.*
> *Civil Action No. 95-1354-CIV-GOLD (S.D. Fla.) (Under Seal)*

Dear Mr. Ogden:

I write on behalf of counsel for Abbott Laboratories, Inc., Aventis Behring L.L.C., Baxter Healthcare Corporation, Ben Venue Laboratories, Bristol Myers Squibb Company, Dey, L.P., ESI Lederle, Inc., Fujisawa Healthcare, Inc., Glaxo Wellcome, Inc., Immunex Corporation, Novartis Pharmaceuticals Corporation, Smithkline Beecham Pharmaceuticals, and Warrick Pharmaceuticals Corp. (collectively "the manufacturers") to supplement my letter of August 25, 2000.

In my letter of August 25, I expressed our concern about the basis for and conduct of the Department's investigation arising out of the above action. That concern related, in part, to the Department's failure to fulfill its promise to provide us with any response to the Analysis submitted by the manufacturers last March and to the government's issuance of new and expansive OIG subpoenas to the manufacturers almost five years after the above action was filed and three years after the issuance of the prior OIG subpoenas.

The manufacturers have received copies of a Memorandum in Support of Government Intervention and in Response to Defendants' Arguments Against Government Intervention, apparently provided by the Relator to the Department. Because that Memorandum does not represent the position of the Department, the manufacturers do not believe that it warrants a detailed reply. The manufacturers are, however, enclosing a brief Supplemental Analysis that demonstrates that the Relator's Memorandum fails utterly to address the central point in the manufacturers' Analysis. We reserve the right to provide a more detailed reply should we receive the response to their Analysis that the Department has promised.

DCLIB-0229408.01-KHMCGUA
October 5, 2000  12:21 PM

# REED SMITH SHAW & McCLAY LLP

David W. Ogden, Esq.
October 5, 2000
Page 2

      The manufacturers are aware from recent published reports that Bayer, without admitting liability, may have entered into a "tentative settlement" with the Department.  Such a settlement would not affect the need for a meeting between you and counsel for the manufacturers.  Regardless of whatever considerations may have led Bayer to settle, the manufacturers continue to believe, for the reasons set forth in their Analysis and in the enclosed Supplemental Analysis, that the Relator's Complaint is fatally defective and that the federal government should withdraw its subpoenas, terminate its investigation, and decline to intervene in support of that Complaint.

      May counsel for the manufacturers meet with you at your earliest convenience?

      Very truly yours,

      *Kathleen H. McGuan*

      Kathleen H. McGuan
      On Behalf of Counsel for the
      Manufacturers Listed Above

cc:    Linda J. Hillier
        Regional Inspector General
        for Investigations Dept. of
        Health and Human Services
    Stuart Schiffer, Esquire
    Michael Hertz, Esquire
    T. Reed Stephens, Esquire
    Mark A. Lavine, Esquire