**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No.1456 |
| | Master File No. 01-CV-12257-PBS Subcategory Case No. 06-11337-PBS |
| THIS DOCUMENT RELATES TO: *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation, et al.*, Civil Action No. 07-10248-PBS | Judge Patti B. Saris  Magistrate Judge Marianne B. Bowler |

**AFFIDAVIT OF ERIC T. GORTNER IN SUPPORT OF ROXANE'S EXPEDITED
MOTION FOR LEAVE TO DEPOSE
CAROLYN HELTON AND ROBIN KREUSH STONE**

I, Eric T. Gortner, being duly sworn, declare and state:

1.      I am counsel to defendant Boehringer Ingelheim Roxane, Inc. and Roxane Laboratories,

Inc. (collectively "Roxane") and am admitted *pro hac vice* in this case as an attorney for Roxane.

I make this affidavit in support of Roxane's Expedited Motion for Leave to Depose Carolyn

Helton and Robin Kreush Stone.

2.      In support of its Local Rule 56.1 Statement of Undisputed Material Facts as to the

Roxane Defendants and its Cross-Motion for Partial Summary Judgment and in Opposition to

the Roxane Defendants' Motion for Summary Judgment, the Government submitted two new

declarations from Carolyn Helton and Robin Kreush Stone.

3.      The declarations are both dated July 24, 2009 and relate to factual issues regarding

Novaplus ipratropium bromide NDCs that were not added to the Government's complaint until

December 2, 2008, just thirteen days before the close of fact discovery.

4.      Helton and Stone were originally deposed in February and March 2008, over eight

months before the Novaplus NDCs were added to the Government's complaint.  As such the

factual issues related to Novaplus had not yet been developed or come to light at the time of their depositions.

5.      As a result, Helton and Stone did not offer any testimony regarding how they classified Novaplus ipratropium bromide in their Medicare pricing arrays.  Nor did they testify about how they decided whether a drug was a brand or a generic product.

6.      At the time the Government amended its complaint, it represented to the Court that no additional discovery was required and that there was "no need" to re-depose the Medicare carriers because testimony and documents showed "with mathematical precision exactly how the DMERCs set reimbursement amounts for Roxane drugs—including the NovaPlus Products."

7.      The Government did not reveal that its damages theory depended on the DMERCs' classification of Novaplus as a brand—a reimbursement issue unique to the Novaplus products—until February 6, 2009, more than six weeks after the close of fact discovery.

8.      In formulating its summary judgment arguments related to Novaplus and how the DMERCs classified brands and generics, Roxane relied on the factual record developed on these issues during discovery, consisting of the deposition testimony of Cheryl Eiler and documents produced by the DMERCs.

9.      The July 24, 2009 declarations from Helton and Stone that the Government submitted to support its summary judgment filings introduced new facts into this case that contradicted Eiler's testimony and the documentary record developed through fact discovery.

10.     Roxane cannot adequately present facts essential to oppose these affidavits at summary judgment without deposing these witnesses to discover and test additional facts regarding these new issues and theories.

Dated:  July 29, 2009

Eric. T. Gortner

Subscribed and sworn to before me
this 29'' day of July, 2009.

Notary Public

"OFFICIAL SEAL"
Stacy M. Ford
Notary Public, State of Illinois
My Commission Expires Aug. 1, 2009

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on July 29 2009, a copy to LexisNexis File and Serve for posting and notification to all parties.

By:  /s/ Eric T. Gortner
Eric. T. Gortner
