# Exhibit 19A

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v.  Dey, Inc., et al.*,
Civil Action No. 05-11084-PBS

Exhibit to the July 24, 2009, Declaration of George B. Henderson, II
In Support of Plaintiffs' Motion For Partial Summary Judgment
and In Opposition to Dey's Motion For Partial Summary Judgment

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ) ) | Hon. Patti B. Saris |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al, Civil Action No. 05-11084-PBS* ) ) ) ) | |

**DEFENDANTS DEY, INC., DEY L.P., INC., AND DEY, L.P.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS DEY, INC., DEY L.P., INC. AND DEY, L.P.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules 26.5 and 33.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendants Dey, Inc., Dey L.P., and Dey, L.P., Inc. (collectively, "Dey") assert the following responses and objections to Plaintiffs' First Set of Interrogatories to Defendants Dey, Inc., Dey L.P., Inc., and Dey, L.P. (the "Interrogatories"), dated May 6, 2008, and propounded by Plaintiffs the United States of America and Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care") (collectively, "Plaintiffs"), as follows:

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1.      Where Dey states herein that it will provide or produce information or documents in accordance with the Federal Rules of Civil Procedure, it will produce such information or documents subject to the Protective Order, dated June 22, 2007.

2.      Dey objects to the Interrogatories to the extent they seek information or the production of data or documents containing trade secrets, confidential or proprietary information, including, without limitation, customer identities, customer pricing, customer

NY01/GIULA/1292393.1                   1

vague, ambiguous, or undefined, including but not limited to "use of Spreads," "potential profit margins" and "encouraging."

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

The General Objections and Reservations of Rights, Objections to Definitions, and Objections to Instructions stated above apply to, and are incorporated in, the individual responses herein, whether or not expressly incorporated by reference in such individual responses. Dey also responds and objects specifically to the individual Interrogatories following each response. Dey will answer the primary question excluding the subparts.

### INTERROGATORY NO. 1

Describe your practice of reporting prices to the Price Publications for the Pharmaceuticals at issue in this lawsuit, including but not limited to,

a. the *identity* of each Price Publication to which you reported;
b. the events or circumstances that caused you to report;
c. the *identity* of each Dey employee having responsibility concerning the reporting;
d. the frequency of reporting;
e. each occasion that You reported prices to the Price Publications for the Pharmaceuticals at issue in this lawsuit; and
f. the *identity* of each *document* concerning each such reporting.

### DEY'S RESPONSE AND OBJECTIONS

Dey states that its prior productions contain price notification letters and other correspondence with Publishers which are responsive to subparagraph (a), (d) and (e) of this Interrogatory, and the burden of compiling the information requested by Plaintiffs is substantially the same for Plaintiffs as it would be for Dey.

Dey's general practice was as follows: When Dey introduced a new generic drug product to the market, it set the AWP and WAC for its drug at a certain percentage below the AWP and

WAC for the therapeutically-equivalent branded product. Early on in Dey's business, Ed Edelstein of First Data Bank advised Dey that, for purposes of acceptance by the reporting services of Dey's product as a generic, AWP for that product should be a minimum of 10% below the innovator product's AWP, and historically, Dey has observed this principle. For example, Dey launched its generic unit dose albuterol in March 1992. As it was entitled to do, Dey set its AWP for this generic drug below the brand AWP. In early 1992, Dey understood that Proventil's AWP was approximately $35.30 and Dey set the launch AWP for its generic unit dose albuterol at $32.30.

Generally, it is Dey's practice to set an AWP for the generic drugs before they are first sold and not to subsequently change that AWP. Dey understands that this is consistent with industry practice. There are some instances to the contrary depending on the market and/or other forces. For example, Dey reduced the AWP for it generic unit dose albuterol from $32.30 to $30.25 the year after it was launched.

When each of the Subject Drugs was launched, Dey also set a WAC at a percentage below its AWP. Dey's WAC is the invoice price that Dey charges wholesalers. It has been Dey's general practice to reduce its WACs on a periodic basis as prices for the Subject Drugs have eroded in the marketplace due to generic competition. Dey's WACs for the Subject Drugs have declined over time.

When Dey launched a drug, it reported its internally determined AWPs and WACs for drugs to certain publishers and data services, including: CliniDATA Source, Inc., Facts and Comparisons, First Data Bank (which maintains the National Drug Data File), Medical Data Institute, Medi-Span, Multum Information Svs / IQ Health, and Redbook (the "Publishers").

Dey periodically reported its AWPs and WACs to the Publishers subsequent to the launch of the drug and refers Plaintiffs to its price notification letters for the occasions on which this occurred.

Dey refers Plaintiffs to Dey's pricing notification letters. While it is too burdensome to identify every letter, Dey refers Plaintiffs to the following ranges of documents: DEY-MDL-0105067 to 0105095; DEY-LABS-0292039 to 0295170; DEY-BO-0018938 to 0019071; DL-TX-090579 to 090619; DL-TX-00979 to 00980; DL-TX-091309 to 091345; DL-TX-091568 to 091584; DL-TX-094547 to 094660; DL-TX-096329 to 096514; DL-TX-105183 to 105185; DL-TX-162910 to 162921; and DL-TX-163769 to 163775.

Dey further states that from 1993 to 2002, Robert Mozak, Dey's former vice president of sales and marketing, and various employees in Dey's marketing department, including former employees Debra Bronstein, Helen Burnham Selenati, and Todd Galles, participated in recommending, or determining AWP and WAC prices for the Subject Drugs. More recently, the persons responsible for reviewing AWP and WAC pricing have included various members of the contracts, sales, marketing, and finance departments, including Julia Bradsher and Russ Johnston.

Dey makes its above response subject to and without waiving the foregoing general objections and the following specific objections. Dey objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Dey further objects to this Interrogatory on the grounds that it contains terms that are themselves vague, ambiguous, overbroad, or undefined, including "prices" and " reporting." Dey objects to this Interrogatory as overbroad in that it is not limited to the Subject Drugs, seeks information outside the relevant limitations period, and outside the scope of the allegations in the Complaint. Dey further objects to this Interrogatory as overbroad and unduly burdensome to the extent that it seeks a list of

"each occasion." Dey further objects to this Interrogatory to the extent it purports to require Dey to summarize information that Plaintiffs have the ability to summarize by reviewing documents that Dey has produced to Plaintiffs. Dey further objects to this Interrogatory as unduly burdensome because it seeks information regarding the conduct of presently unknown and unspecified multiple present and former employees. Dey objects to this Interrogatory to the extent it contains subparts which exceed the limit of Interrogatories set forth in the Federal Rules of Civil Procedure.

### INTERROGATORY NO. 2

Identify each occasion where You disclosed to Medicare and Medicaid officials responsible for reimbursement for Your Pharmaceuticals that You marketed the Spreads on Your Pharmaceuticals, and *identify* all *documents* that form a basis for your response and all persons having knowledge of facts concerning your response.

### DEY'S RESPONSE AND OBJECTIONS

Dey incorporates its Response and Objections to Interrogatory No. 1 herein. Dey objects to the use of the phrase "marketing the spread" in this Interrogatory because that phrase's meaning is hotly contested in this litigation and because it does not define the conduct that Plaintiffs believe to constitute "marketing the spread."

To the extent Plaintiffs define "marketing the spread" as a difference between AWP or WAC and the final net price to a customer, Dey explained to Medicaid officials exactly what Dey's AWP and WAC represent and their relationship to the final "cost" to the purchaser. With respect to AWP, starting in at least 2000, Dey informed Medicaid officials:

> As you know, the AWP listed here does not represent the actual price, which will be or has been charged or paid for this product. Dey believes this to be clearly understood by state and federal Medicaid regulators.

With respect to WAC, starting in at least 1999, Dey informed Medicaid officials:

set forth in the Federal Rules of Civil Procedure.

Dated: June 19, 2008

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: /s/ Antonia F. Giuliana
    Paul F. Doyle (BBO # 133460)
    Sarah L. Reid
    Neil Merkl
    Antonia F. Giuliana
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Counsel for Defendant Dey, Inc.,*
*Dey L.P., Inc. and Dey, L.P.*

## **VERIFICATION**

I, PAMELA R. MARRS, having first been duly sworn, hereby state that I am the Senior Vice-President and Chief Financial Officer of Dey, Inc, and am authorized by Dey, L.P. to verify the foregoing. I have read the foregoing **DEY, INC. AND DEY, L.P.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS DEY, INC., DEY, L.P., and DEY L.P., INC.** and verify that the information contained in response to the foregoing interrogatories is true and correct to my best knowledge, information and belief.

*/s/ Pamela R. Marrs*
Pamela R. Marrs
Senior Vice-President and Chief Financial Officer
of Dey, Inc.
2751 Napa Valley Corporate Drive
Napa, California 94558

~~Dated: June ___, 2008~~   See Attached

~~Sworn to and Subscribed Before me this ___ day of June 2008~~

NY01/GIULA/1292033.1

## CALIFORNIA JURAT WITH AFFIANT STATEMENT

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____        _____
Signature of Document Signer No. 1                           Signature of Document Signer No. 2 (if any)

State of California

County of _NAPA_

Subscribed and sworn to (or affirmed) before me on this

_19th_ day of _June_, 20_08_, by
   Date         Month              Year

(1) _Pamela R. Marrs_,
              Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) _NONE_,
              Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _Nancy Kendall_
              Signature of Notary Public

**NANCY KENDALL**
COMM. #1721827
Notary Public-California
NAPA COUNTY
My Comm. Exp. Feb 26, 2011

Place Notary Seal Above

——————— *OPTIONAL* ———————

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document

**Further Description of Any Attached Document**

Title or Type of Document: _Verification_

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _None_

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder Call Toll-Free 1-800-876-6827

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a copy of the above "Dey, Inc., Dey L.P., and Dey L.P., Inc.'s Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants Dey, Inc., Dey L.P., and Dey, L.P., Inc." to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: June 23, 2008                           /s/ Antonia F. Giuliana