UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation, et al.*, Civil Action No. 07-10248-PBS | MDL No.1456<br><br>Master File No. 01-CV-12257-PBS<br>Subcategory No. 06-CV-11337-PBS<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

**UNITED STATES' OPPOSITION TO ROXANE'S MOTION FOR
LEAVE TO FILE EXHIBITS AND OTHER MATERIALS CONTAINING
CONFIDENTIAL PRICING INFORMATION UNDER SEAL**

On July 23, 2009, Roxane moved for an order requiring the United States to file under seal "certain exhibits and other material containing confidential pricing information from 2004 through 2006." (Dkt. No. 6287)  On July 24, the United States filed its summary judgment papers, including a declaration from its expert accountant, Simon Platt ("Platt Declaration"), identifying Roxane's average sales prices to the retail pharmacy class of trade, and comparing those average prices to the Average Wholesale Prices ("AWPs") Roxane reported to the pricing compendia.  In light of Roxane's motion, the United States filed the Platt Declaration under seal. For the following reasons, Roxane's motion to seal should be denied and the Platt Declaration should be publicly filed.

In the First Circuit, there is a "presumption of public access to judicial records." *See In re Boston Herald, Inc.* 321 F.3d 174, 189 (1st Cir. 2003) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)); *see also*, *e.g.*, *Panse v. Shah*, 201 Fed. Appx. 3, 3 (1st Cir. 2006) ("Sealing is disfavored as contrary to the presumption of public access to judicial records of civil proceedings" and is "justified only for compelling reasons"). A "party seeking to file a document under seal must demonstrate that 'good cause' exists to do so." *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, C.A. No. 07-11444, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008). "Demonstrating 'good cause' entails making a particularized factual showing of the harm that would be sustained if the court did not allow the filing under seal." *Id.*

Roxane has made no such showing with regard to the pricing information contained in the Platt Declaration at issue here. In the context of the AWP litigation, this Court has taken a narrow view of information that may properly be filed under seal. As Roxane points out, the Protective Order in this case, for example, provides that the designation "confidential" is "limited to *current* information" that a party believes in good faith to contain "*current* proprietary or commercially sensitive information." Even if the information might qualify for a "confidential" designation in the process of document production, it may not automatically be filed under seal. Instead, if the parties disagree, the party wishing to file under seal must seek leave of court, and show why the document is confidential.

The documents which Roxane seeks to seal here are not internal company documents. Rather, they are *summaries* of pricing data two and a half to five years old, that do not contain "current information" whose disclosure is likely to cause Roxane competitive injury. The graphs and summaries contained in the Platt Declaration *aggregate* pricing data annually (and in some

cases quarterly) across *all* retail pharmacy customers.[1]  The information at issue lacks the precision necessary to determine Roxane's sales price to any particular customer.  Under these circumstances, disclosure of such aggregate pricing summaries is not likely to provide any of Roxane's competitors a commercial advantage.   Although Roxane does not concede this point, its fellow defendant (and sometime competitor) Dey Laboratories has not objected to the public filing (in the United States' case against Dey), of similar graphs and summaries prepared by Mr. Platt based on Dey's pricing data.

Finally, the interest in public disclosure of the Platt Declaration is particularly strong in this case which, after all, relates to Roxane's reporting of inflated AWPs.  The information contained in the Platt Declaration is critical to demonstrating that Roxane's AWPs were false, and the extent to which Roxane's AWPs exceeded its actual sales prices.  In a case alleging fraudulent price reporting and damages to the public fisc, there is a compelling interest in public access to evidence of accurate pricing information. *See Gitto Global Corp. v. Worcester Telegram & Gazette Corp.*, C.A. No. 05-10334, 2005 WL 1027358, at *10 (D. Mass. May 2, 2005) (orderly public filing of report in bankruptcy proceeding, and observing that "common sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know") (internal citation omitted).

Accordingly, Roxane's Motion should be denied and the clerk directed to put the currently-sealed Exhibit # 3 to the Declaration of James J. Fauci Submitting Exhibits in Support

---

[1] The graphs and summaries for Roxanol (which contain pricing information from 1997 to 2002) are attached hereto as Exhibit A, and illustrate the type of information Roxane seeks to seal for later years.

of Plaintiff's Motion for Partial Summary Judgment and in Opposition to the Roxane Defendants' Motion for Partial Summary Judgment onto the public docket.

DATED:  July 31, 2009                    Respectfully submitted,

                                                        MICHAEL F. HERTZ
                                                        DEPUTY ASSISTANT ATTORNEY GENERAL

                                                        MICHAEL J. LOUCKS
                                                        ACTING UNITED STATES ATTORNEY

                          By:    /s/ James J. Fauci
                                                        GEORGE B. HENDERSON, II
                                                          BARBARA HEALY SMITH
                                                          JAMES J. FAUCI
                                                          Assistant U.S. Attorneys
                                                          United States Courthouse
                                                          1 Courthouse Way, Suite 9200
                                                          Boston, MA 02210
                                                          (617) 748-3272

                                                          JOYCE R. BRANDA
                                                          DANIEL R. ANDERSON
                                                          LAURIE A. OBEREMBT
                                                          Civil Division
                                                          Commercial Litigation Branch
                                                          P. O. Box 261, Ben Franklin Station
                                                          Washington, D.C.  20044
                                                          (202) 514-3345

                                                          For the relator, Ven-A-Care of the Florida
                                                          Keys, Inc.,
                                                          JAMES J. BREEN
                                                          The Breen Law Firm, P.A.
                                                          Suite 260
                                                          5755 North Point Parkway
                                                          Alpharetta, Georgia 30022
                                                          Phone (770) 740-0008

        SUSAN S. THOMAS
        GARY L. AZORSKY
        ROSLYN G. POLLACK
        Berger & Montague, P.C.
        1622 Locust Street
        Philadelphia, PA 19103
        Telephone: 215-875-3000

## CERTIFICATE OF SERVICE

     I hereby certify that I have this day caused an electronic copy of the above to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

        /s/ James J. Fauci
        JAMES J. FAUCI

Dated: July 31, 2009

# Exhibit A

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v.  Boehringer Ingelheim Corp. et al.*
Civil Action No. 07-10248-PBS

United States' Opposition to Roxane's Motion For Leave to File Exhibits
and Other Materials Containing Confidential Pricing Information Under Seal



Graph A8
Roxane Indirect Transaction Data
Reported AWP & WAC vs. Calculated Average @ Contract Price for Pharmacy COT
Roxanol 54375150

**Summary A8 - Roxanol AWP and WAC Comparison for Pharmacy COT**
**Roxane Indirect Transaction Data**

| Year | Reported AWP (adj. to per case) | Reported WAC (adj. to per case) | Calculated Average @ Contract Price | AWP Spread [1] | WAC Spread [2] |
|---|---|---|---|---|---|
| **Roxanol 54375150** | | | | | |
| 1997 | $ 77.96 | $ 50.31 | $ 33.66 | 131.6% | 49.5% |
| 1998 | $ 77.96 | $ 50.31 | $ 25.67 | 203.7% | 96.0% |
| 1999 | $ 77.96 | $ 50.31 | $ 25.02 | 211.6% | 101.1% |
| 2000 | $ 77.96 | $ 50.31 | $ 22.98 | 239.2% | 118.9% |
| 2001 | $ 77.96 | $ 50.31 | $ 18.73 | 316.1% | 168.6% |
| 2002 | $ 77.96 | $ 50.31 | $ 17.82 | 337.4% | 182.3% |
| **Roxanol 54375144** | | | | | |
| 1997 | $ 20.76 | $ 13.40 | $ 8.38 | 147.8% | 59.9% |
| 1998 | $ 20.76 | $ 13.40 | $ 7.13 | 191.0% | 87.9% |
| 1999 | $ 20.76 | $ 13.40 | $ 6.98 | 197.2% | 91.9% |
| 2000 | $ 20.76 | $ 13.40 | $ 6.08 | 241.4% | 120.4% |
| 2001 | $ 20.76 | $ 13.40 | $ 5.42 | 282.8% | 147.1% |
| 2002 | $ 20.76 | $ 13.40 | $ 5.31 | 291.3% | 152.6% |
| **Roxanol 54375158** | | | | | |
| 1997 | $ 131.22 | $ 73.61 | $ 68.07 | 92.8% | 8.1% |
| 1998 | $ 131.22 | $ 73.61 | $ 56.98 | 130.3% | 29.2% |
| 1999 | $ 131.22 | $ 73.61 | $ 56.03 | 134.2% | 31.4% |
| 2000 | $ 131.22 | $ 73.61 | $ 43.70 | 200.3% | 68.4% |
| 2001 | $ 131.22 | $ 73.61 | $ 32.98 | 297.9% | 123.2% |
| 2002 | $ 131.22 | $ 73.61 | $ 31.75 | 313.3% | 131.9% |

[1] For purposes of this summary, AWP Spread is calculated as: (Reported AWP less the Calculated Average @ Contract Price)/Calculated Average @ Contract Price.

[2] For purposes of this summary, WAC Spread is calculated as: (Reported WAC less the Calculated Average @ Contract Price)/Calculated Average @ Contract Price.