UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br> Master File No. 01-12257-PBS <br> Subcategory Case. No. 06-11337 |
| THIS DOCUMENT RELATES TO: <br> *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey Inc., et al.* <br> Civil Action No. 05-11084-PBS | Hon. Patti B. Saris <br> Magistrate Judge <br> Marianne B. Bowler |

**DEFENDANTS DEY, INC., DEY, L.P., AND DEY L.P., INC.'S
MOTION FOR LEAVE TO PARTICIPATE IN THE DEPOSITIONS OF
CAROLYN HELTON AND ROBIN KREUSH STONE TO THE EXTENT
THIS COURT GRANTS ROXANE'S EXPEDITED MOTION FOR
<u>LEAVE TO DEPOSE CAROLYN HELTON AND ROBIN KREUSH STONE</u>**

Defendants Dey, Inc., Dey, L.P., and Dey L.P., Inc. (collectively, "Dey") respectfully move this Court under Federal Rules of Civil Procedure 26, 37, and 56, and pursuant to the Court's inherent power to oversee discovery, to attend the depositions of Carolyn Helton and Robin Kreush Stone and cross-examine the witnesses to the extent the Court grants Roxane's Expedited Motion for Leave to Depose Carolyn Helton and Robin Kreush Stone [Dkt. 6328]. Dey seeks this relief for all of the reasons stated in Roxane's Memorandum of Law In Support of Its Expedited Motion for Leave to Depose Carolyn Helton and Robin Kreush Stone, and the exhibits thereto [Dkt. 6329], and the Affidavit of Eric T. Gortner In Support of Roxane's Expedited Motion for Leave to Depose Carolyn Helton and Robin Kreush Stone [Dkt. 6330].

Dey has an interest in attending the depositions and cross-examining these witnesses because the United States may be seeking damages against Dey based, in part, on the classification of Roxane's ipratropium product NovaPlus. Both Dey and Roxane's products appear in certain Medicare pricing arrays for ipratropium. The United States' damages expert, Dr. Duggan, calculates Dey's alleged Medicare damages in three separate ways: (1) by changing

Dey's AWPs; (2) by changing by changing both Dey and Roxane's AWPs; and (3) by changing both Dey and Roxane's AWPs, including the AWPs for NovaPlus.  While Dey has moved for summary judgment on all damages which consider both Dey and Roxane's prices, the pricing and categorization of Roxane's NovaPlus affects the damages alleged to have been caused by Dey in one of the United States' damage models.  The United States did not disclose its NovaPlus theory of damages to Dey until the service of its expert reports on January 23, 2009, after the close of fact discovery.  Dey has therefore not examined Ms. Stone or Ms. Helton on these issues.

Because the depositions of Ms. Stone and Ms. Helton requested by Roxane also impact the damages sought by the United States against Dey, to the extent this Court grants Roxane's motion, it should also permit Dey to attend the depositions and cross-examine the witnesses.

Pursuant to Local Rules 7.1(a)(2), counsel for Dey conferred with counsel for the United States by telephone on the morning of August 18, 2009 in a good faith effort to resolve or narrow the issues set forth herein, but were unable to reach an agreement.

Dated:  August 19, 2009

        Respectfully Submitted,

        KELLEY DRYE & WARREN LLP

        By:  /s/Sarah L. Reid
            Paul F. Doyle (BBO # 133460)
            Sarah L. Reid *(pro hac vice)*
            William A. Escobar *(pro hac vice)*
            Neil Merkl *(pro hac vice)*
        101 Park Avenue
        New York, NY 10178
        Telephone: (212) 808-7800
        Facsimile: (212) 808-7897

        *Attorneys for Defendants Dey, Inc.*
        *Dey, L.P., and Dey, L.P., Inc.*

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by causing to be sent, on August 19, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.

                 /s/ Sarah L. Reid
                 Sarah L. Reid