UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*State of California, ex. Rel. Ven-A-Care v. Abbott Laboratories, Inc., et al.*<br><br>Case No. 03-cv-11226-PBS | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Subcategory No. 06-11337<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

### DEFENDANT SANDOZ INC.'S MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFF STATE OF CALIFORNIA'S RESPONSES TO SANDOZ INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant Sandoz Inc. ("Sandoz") hereby moves this Court pursuant to Rule 37.1(b) of the Local Rules for the United States District Court of Massachusetts to determine the sufficiency of the Responses of Plaintiff State of California ("Plaintiff") to Sandoz' First Set of Requests for Admission.

Sandoz has attempted to resolve this dispute with Plaintiff through numerous meet and confers, but has been unable to reach any agreement.

### FACTS

On June 15, 2009, Sandoz served Plaintiff with its First Set of Requests for Admission to Plaintiff State of California (the "Requests"). These Requests included twenty-five statements aimed at narrowing the issues at trial and streamlining the litigation. A copy of the Requests is attached hereto as Exhibit A in the Declaration of Joshua D. Weedman ("Weedman Decl.").

Rather than provide complete and accurate responses to the Requests, Plaintiff informed Sandoz, in a letter dated June 17, 2009, that it objected to the Requests as untimely under Judge

Saris' Order of March 3, 2009, which amended Case Management Order 31 and which set June 15, 2009 as the date of completion for all "fact discovery." Sandoz responded to Plaintiff on June 24, noting that the June 15, 2009 cut-off for discovery would not apply to Plaintiff's responses to the Requests, and that in any event Sandoz was willing to provide Plaintiff with the necessary time in which Plaintiff could provide satisfactory responses. Nevertheless, despite the straightforward nature of the information sought by the Requests, Plaintiff refused to give the Requests any good-faith attention. Instead, Plaintiff repeated its objection to the timing of the Requests in a letter to Sandoz dated July 13, 2009. Finally, on July 20, Plaintiff filed responses to the Requests which ignored the substance of each individual Request, and which simply restated the same objection to every Request:

> Plaintiff objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009. Under the explicit terms of that Order June 15, 2009 marks the date that "all fact discovery shall be completed." Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009. As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

<u>See</u> Response by the Plaintiff State of California to Defendant Sandoz Inc.'s First Set of Requests for Admission (the "Responses"), attached hereto in Weedman Decl. Ex. B.

Because the Requests are not covered by the rules governing discovery devices, Plaintiff's objection is improper. Furthermore, even if the Requests were subject to the June 15, 2009 discovery cut-off, Sandoz served them within the proper timeframe and Plaintiff has not shown (nor could it) any demonstrable prejudice that would result by having to respond to the Requests. As such, Plaintiff's Responses are insufficient and the Requests should be deemed admitted, or in the alternative, Plaintiff should be compelled to provide more accurate responses to Sandoz.

**LEGAL ARGUMENT**

Plaintiff's objections to the Requests for Admission are nothing more than a disingenuous effort to avoid admitting facts that it cannot in good faith deny.  That effort directly contravenes the purpose of Requests for Admission, which is to eliminate issues not genuinely in dispute and to lessen the burden on the Court and parties at trial.

Requests for Admission are governed by Rule 36 of the Federal Rules of Civil Procedure.  Rule 36 provides a mechanism by which parties can attempt to narrow or clarify the issues for trial.  McFaden v. Ballard, Spahr, Andrews & Ingersoll, 243 F.R.D. 1, 7 (D.D.C. 2007); Henry v. Champlain Enter., Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003).  In this regard, "Rule 36 serves two vital purposes, both of which are designed to reduce trial time.  Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly to narrow the issues by eliminating those that can be."  Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992) (quoting Advisory Committee Notes to 1970 Amendment).  "The principal use of admissions of fact is to serve the purpose of expediting the trial and to relieve the parties of the burdens and expense of proving at trial facts which are undisputed.  The achievement of such purposes serves the interests of the Court, the parties, and the public in the administration of justice."  Kershner v. Beloit Corp., 106 F.R.D. 498, 499 (D. Me. 1985); see also Hurt v. Coyne Cylinder Co., 124 F.R.D. 614, 614 (W.D. Tenn. 1989).

To achieve these goals, Rule 36(a)(4) of the Federal Rules of Civil Procedure requires that a denial of a request for admission "fairly respond to the substance of the matter."  Fed. R. Civ. P. 36(a)(4).  It further requires that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  Id.  Should a party lack knowledge or information to admit or deny a request, Rule

36(a)(4) requires that the party state that it has made a reasonable inquiry, and the information it knows or can readily obtain is insufficient to enable it to admit or deny. Id.

Plaintiff's Responses wholly ignore these requirements. The Responses do not attempt to address the issues in the Requests, nor do they "fairly respond to the substance of the matter." Instead, the Responses repeat the same boilerplate objection to each of the twenty-five Requests, complaining of insufficient time to respond. For the reasons set forth below, Plaintiff's Responses are inadequate.

First, because Requests for Admission are not generally viewed as discovery requests, the Requests are not subject to the June 15, 2009 cutoff for fact discovery. Indeed, Rule 36 is not a discovery device at all, because it assumes that the party proceeding under it already knows the relevant facts or has the relevant documents and is merely seeking the opposing party to authenticate their genuineness. See 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2253 (2007). This is the view recently adopted by another district court in the First Circuit. See, e.g., Bouchard v. United States, 241 F.R.D. 72, 75-76 (D. Me. 2007) ("[s]trictly speaking Rule 36 is not a discovery procedure at all....") (quoting Wright & Miller § 2253). This approach is further consistent with decisions of numerous other courts around the country. See, e.g., Misco, Inc. v. U.S. Steel Corp., 784 F.2d 198, 205 (6th Cir. 1986) (holding that "[r]equests for admissions are not a general discovery device"); Coyne Cylinder Co., 124 F.R.D. at 614-15 (holding that requests for admissions are not discovery devices and are not subject to discovery deadlines); O'Neill v. Medad, 166 F.R.D. 19, 21-2 (E.D. Mich. 1996) (holding that Requests for Admission served on the discovery cutoff date were proper and must be responded to); Pickens v. Equitable Life Assurance Soc'y, 413 F.2d 1390, 1393 (5th Cir. 1969) ("Rule 36 is not a discovery device, and its proper use is as a means of avoiding the

necessity of proving issues which the requesting party will doubtless be able to prove."). Consequently, Plaintiff's objection to the timeliness of the Requests is meritless.

Second, even if the Requests were considered discovery requests, Plaintiff's Responses are still insufficient. To begin with, Sandoz does not read Judge Saris' opinion of March 3, 2009 as requiring all responses to discovery request to be served by June 15, 2009. Instead, Sandoz reads the order to require the parties to serve all fact discovery requests by that date. See Amended CMO 31 (Mar. 30, 2009). Furthermore, Plaintiff has shown no prejudice that would result if it were required to respond to the Requests. See Kershner, 106 F.R.D. at 499 (compelling responses to Requests for Admission served outside the discovery cutoff where there was no prejudice to the responding party). To the contrary, the Requests are "highly likely to save the parties time and expense and to benefit the Court by avoidance of unduly prolonging the trial for no significant purpose." Id. This is because the Requests are limited in scope and designed to achieve the "unique and generally beneficent effect…[of] isolating the actually disputed factual issues for trial and [] accomplishing significant judicial economy in the trial phases of the case." Id. Additionally, Sandoz has already communicated its willingness to work with Plaintiff on a mutually agreeable timeframe in which Plaintiff can respond to the Requests, and remains ready to discuss such timing issues.

Plaintiff's failure to show any prejudice that would result by responding to the Requests is understandable. This is because any delay in the service of the Requests is a direct result of Plaintiff's own actions. As noted at the February 12, 2009, status conference, one of the reasons underlying the extension of the discovery deadline to June 15 was Plaintiff's delay completing its production of documents in response to Defendants' First Set of Requests for Production, served on October 4, 2007. See Feb. 12, 2009 Status Conf. Tr., No. 01-12257-PBS, at 6:20 to 12:10.

However, Plaintiff did not substantially complete its production until March 16, 2009, and in fact continued to make supplemental productions well beyond that date.  See Weedman Decl. Exs. C, D, and E (Letter from Nicholas N. Paul to All Defense Counsel (Mar. 16, 2009); Letter from Nicholas N. Paul to Philip D. Robben (Apr. 24, 2009); Letter from Nicholas N. Paul to Philip D. Robben (May 5, 2009)).  Indeed, Plaintiff even made a production on the eve of the fact discovery cutoff of June 15, 2009, a full three months after the date it was to have completed all production.  See Weedman Decl. at Ex. F (Letter from Nicholas N. Paul to Philip D. Robben (June 12, 2009)).  Moreover, the Requests seek straightforward and easily addressed admissions, which Plaintiff cannot reasonably assert are burdensome to answer.  See, e.g., Weedman Decl. at Ex. A (Request No. 16 (asking Plaintiff to authenticate several documents)).  Plaintiff, having delayed its own production from which Sandoz deduced many facts that are the basis for the Requests, cannot now reasonably claim it is prejudiced by having to answer the Requests.

In sum, because Requests for Admission are distinct and separate from typical forms of discovery devices, Sandoz was not required to serve the Requests by the June 15 fact discovery cutoff.  Furthermore, responding to the Requests would not impose any burden on Plaintiff and would significantly narrow the issues for trial such that judicial economy is advanced.  Plaintiff should therefore be required to provide complete and satisfactory responses.

## CONCLUSION

For each of the foregoing reasons, Sandoz respectfully requests that the Court find Plaintiff's responses to the Requests insufficient, and as a result deem the Requests admitted.  In the alternative, Sandoz respectfully requests that the Court compel Plaintiff to supplement its responses to the Requests with sufficient and complete responses.

Dated: August 21, 2009
          New York, NY

           Respectfully submitted,


           /s/ Wayne A. Cross
           WHITE & CASE LLP
           Wayne A. Cross (admitted *pro hac vice*)
           Michael J. Gallagher (admitted *pro hac vice*)
           Heather K. McDevitt (admitted *pro hac vice*)
           1155 Avenue of the Americas
           New York, New York 10036
           Telephone: (212) 819-8200
           Facsimile: (212) 354-8113


           *Attorneys for Defendant Sandoz Inc.*

## **CERTIFICATE OF SERVICE**

      I, Jacqueline L. Chung, hereby certify that on this 21st day of August, 2009, a true and correct copy of the foregoing Defendant Sandoz Inc.'s Motion to Determine the Sufficiency of the State of California's Responses to Sandoz Inc.'s First Set of Requests for Admission was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                    /s/ Jacqueline L. Chung
                                                    Jacqueline L. Chung