# EXHIBIT A



25663210

Jun 15 2009
6:56PM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*State of California, ex. Rel. Ven-A-Care v. Abbott Laboratories, Inc., et al.*<br><br>Case No. 03-cv-11226-PBS | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |

### DEFENDANT SANDOZ INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF STATE OF CALIFORNIA

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Sandoz Inc. serves the following Requests for Admission upon the State of California (the "State or "Plaintiff") to be answered under oath within 30 days after service. These Requests for Admission are continuing and therefore may require supplemental responses pursuant to the Federal Rules of Civil Procedure.

### DEFINITIONS

The terms used in these Requests, whether or not capitalized, are defined as follows:

1. "AAC" or "Actual Acquisition Cost" means the net price (after discounts and rebates) that an individual healthcare Provider or pharmacist pays to purchase a prescription drug intended for resale.

2. "AMP" means Average Manufacturer Price as reported to the Secretary of Health and Human Services pursuant to 42 U.S.C. § 1396r-8.

3. "AWP" or "Average Wholesale Price" means any figure so categorized and periodically published by one or more Publisher, including but not limited to Medical Economics

Company's Drug Topics Red Book ("Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First Data Bank"), Essential Directory of Pharmaceuticals ("Blue Book"), and Medi-Span's Master Drug Database ("Medi-Span") and shall include the meaning ascribed to that term pursuant to Cal. Code Reg. Title 22, § 51513.

4. "Communication" means any form of written or oral Communication, including, without limitation, letters, memoranda, electronic mail, voicemail, invoices, telephone conversations, face-to-face meetings, and other forms of communication.

5. "Concern" and "Concerning" mean directly or indirectly referring to, relating to, constituting, comprising, setting forth, summarizing, reflecting, stating, describing, recording, noting, discussing, or evaluating.

6. "Direct Purchaser" means any State of California governmental entity, department, agency, or organization that purchases pharmaceuticals directly from drug Manufacturers, wholesalers, or other suppliers of drugs.

7. "Document" shall have the same full meaning as contemplated by the Federal Rules of Civil Procedure and shall mean any kind of document whether written, recorded, microfiched, reduced to an electronic or magnetic impulse, or otherwise preserved, including, but not limited to, papers, agreements, notes, memoranda, electronic or computer-transmitted messages, facsimile transmissions, statements, invoices, record books, reports, studies, analyses, minutes, working papers, charts, graphs, drawings, appointment books, diaries, indices, tapes, summaries and/or notes Concerning conversations, interviews, and meetings, including all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes, or other notations not present on the original.

8.   "EAC" or "Estimated Acquisition Cost" shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 447.301, and shall include the meaning ascribed to that term pursuant to Cal. Code Reg. Title 22, § 51513 (2007)

9.   "First Amended Complaint" means the First Amended Complaint e-served in this action on or about August 25, 2005.

10.   "FUL" or "Federal Upper Limit" shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 447.332.

11.   "MAIC" or "Maximum Allowable Ingredient Cost" shall have the meaning ascribed to that term pursuant to Cal. Code Reg. Title 22, § 51513 (2007).

12.   "Manufacturer" means a company that manufactures pharmaceutical products, including, but not limited to, the drugs which are the subject of the First Amended Complaint.

13.   "Medi-Cal" shall have the meaning ascribed to that term pursuant to Cal. Code Reg. Title 22, § 51513.

14.   "Multiple Source Drug" means a drug marketed or sold by two or more manufacturers or labelers or a drug marketed or sold by the same manufacturer or labeler under two or more different proprietary names or both under a proprietary name and without such a name.

15.   "Program" means any program under which You purchase pharmaceuticals or through which You pay reimbursement for pharmaceuticals and shall include Medi-Cal, and any and all subdivisions thereof, as well as any insurance program that provides pharmaceutical benefits to Your employees.

16. "Provider" means any person that provides health care to any participant or beneficiary of Medi-Cal, or any person to whom You provide reimbursement for drugs dispensed to a participant or beneficiary of Medi-Cal.

17. "Publisher" means any pharmaceutical data publishing service, including but not limited to the Medical Economics Company's Drug Topics Red Book ("Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals ("Blue Book"), and Medi-Span's Master Drug Database ("Medi-Span").

18. "Rebate" means any rebate paid pursuant to 42 U.S.C. § 1396r-8 or an agreement thereunder.

19. "Relevant Time Period" means January 1, 1994 through December 31, 2003 or any other time period for which Plaintiff is seeking damages or penalties.

20. "Sandoz" means Sandoz Inc., formerly known as Geneva Pharmaceuticals Inc.

21. "Subject Drugs" means the drugs that Plaintiff attributes to Sandoz in Exhibit D to Plaintiff's First Amended Complaint and/or any drugs that are in any matter the subject of allegations by the Plaintiff contained in any Complaint.

22. "You," "Your," "Plaintiff," or "the State" or "California" refer to the State of California, including but not limited to the California State Senate, California State Assembly, the Office of the Governor, the Office of the Attorney General, the California Department of Health Services (and its fiscal intermediary, Electronic Data Systems ("EDS")), Medi-Cal, and any other administrative bodies, legislative agencies, all successors and predecessors, and officials, agents, employees, commission, boards, divisions, departments, agencies, instrumentalities, administrators and other Persons or entities acting on behalf and/or involved in

administering, overseeing, or monitoring any State program, including Medicaid, that providers reimbursement for pharmaceutical products.

## General Instructions

1. To the extent that the answer to any of the Requests for Admission varies for any of the agencies defined as the "State," each agency should answer separately.

2. Unless otherwise specified, provide all of the requested information for the period of January 1, 1994, until December 31, 2004. If it is necessary to refer to a prior time to fully answer a Request for Admission, please do so.

3. If You deny any of the Requests for Admission, or any part thereof, set forth specifically the matters that are being denied and the basis for the denial.

4. If You cannot truthfully admit or deny a Request for Admission after exercising due diligence to secure the information to do so: (i) answer to the extent possible; (ii) state the basis for Your inability to answer the remainder; (iii) state whatever information or knowledge You have concerning the unanswered portion; and (iv) specify the type of information that You contend is not available, the reason the information is not available to You, and what You have done to locate such information;

5. If You decline to answer all or part of a Request for Admission based on a claim of privilege or immunity: (i) answer to the extent possible, and (ii) state the specific grounds for not answering in full and the facts You contend support Your assertion of a privilege or immunity, providing sufficient information to enable the claim of privilege or immunity to be adjudicated.

6. If you claim that any specific Request for Admission is objectionable then: (i) identify the portion of such Request for Admission claimed to be objectionable and state the nature and basis of the objection; (ii) identify any information withheld pursuant to such objections with sufficient particularity and in sufficient detail to permit the court to determine whether the

information falls within the scope of such objections; and (iii) answer any portion of such Request that is not claimed to be objectionable.

7. These Requests for Admission are continuing in nature as required by the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for responses set forth above and the end of trial.

8. Unless otherwise provided, all words and phrases used herein have their ordinary meaning and shall be interpreted in their common and ordinary senses.

## REQUESTS FOR ADMISSION

**REQUEST NUMBER 1:** Admit that You included AWP minus 5% and/or AWP minus 10% and/or AWP minus 17% as part of the reimbursement formula under Your Medicaid system for calculating reimbursement to Providers for Sandoz Drugs at Issue.

**ANSWER:**

**REQUEST NUMBER 2:** Admit that no federal law required You to use AWP in Your Medicaid reimbursement formula.

**ANSWER:**

**REQUEST NUMBER 3:** Admit that no federal or state law prevented You from changing Your Medicaid reimbursement formula to use a greater percentage discount from AWP through regulation.

**ANSWER:**

**REQUEST NUMBER 4:** Admit that no federal or state law prevented You from changing Your Medicaid reimbursement formula through regulation to use WAC.

**ANSWER:**

**REQUEST NUMBER 5:** Admit that no federal or state law prevented You from changing Your Medicaid reimbursement formula through regulation.

**ANSWER:**

**REQUEST NUMBER 6:** Admit that You set the reimbursement formula under Your MAIC program at AWP-5% for the product with the lowest AWP, provided that the manufacturer of that product could supply the product to the entirety of the Medi-Cal program.

**ANSWER:**

**REQUEST NUMBER 7:** Admit that no federal or state law prevented You from setting Your MAIC reimbursement formula at a lower discount off of AWP instead of the AWP minus 5 percent used by Your MAIC program.

**ANSWER:**

**REQUEST NUMBER 8:** Admit that You were aware that the Average Manufacturer Price ("AMP") was defined by 42 U.S.C. § 1396r-8(k)(1), the Medicaid Rebate agreement and related HCFA or CMS Medicaid guidance.

**ANSWER:**

**REQUEST NUMBER 9:** Admit that You were aware that when manufacturers such as Sandoz timely reported AMP information to CMS or HCFA, CMS or HCFA uses the AMP to calculate the Unit Rebate Amount ("URA") and provide the URA to California.

**ANSWER:**

**REQUEST NUMBER 10:** Admit that from 1991 to the present, for every quarter in which Sandoz timely reported AMP information to CMS or HCFA, You received from CMS or HCFA on a quarterly basis, the URA for the Sandoz Drugs at Issue that were the subject of utilization and reimbursement under the Medicaid system for California patients.

**ANSWER:**

**REQUEST NUMBER 11:** Admit that from 1991 to the present, the URA actually provided to You included, by National Drug Code ("NDC") number, the URA of each non-innovator multiple source drug that was distributed by Sandoz and that was the subject of utilization and reimbursement under the Medicaid system for California patients.

**ANSWER:**

**REQUEST NUMBER 12:** Admit that before January 1, 1994, You were aware that 42 U.S.C. § 1396f-8(c)(3)(B) and accompanying federal regulations required that the URA equal 10% of the AMP for each non-innovator multiple source drug that was the subject of utilization and reimbursement under the Medicaid system for California patients.

**ANSWER:**

**REQUEST NUMBER 13:** Admit that after December 31, 1993, You were aware that 42 U.S.C. § 1396f-8(c)(3)(B) and accompanying federal regulations required that the URA equal 11% of the AMP for each non-innovator multiple source drug that was the subject of utilization and reimbursement under the Medicaid system for California patients.

**ANSWER:**

**REQUEST NUMBER 14:** Admit that Sandoz informed California Medicaid of the AMPs for Sandoz' drugs at least as early as 1991: SANDOZ CALI 3000029 - SANDOZ CALI 3000077; SANDOZ CALI 3000078 - SANDOZ CALI 3000190.

**ANSWER:**

**REQUEST NUMBER 15:** Admit that Sandoz continued to inform California Medicaid of the AMPs for Sandoz drugs even after 1992: SANDOZ CALI 3000310 - SANDOZ CALI 3000368; SANDOZ CALI 3000369 - SANDOZ CALI 3000428; SANDOZ CALI 3000429 - SANDOZ CALI 3000506; SANDOZ CALI 3000507 - SANDOZ CALI 3000585; SANDOZ CALI 3000588 - SANDOZ CALI 3000632; SANDOZ CALI 3000633 - SANDOZ CALI 3000678; CAAG/DHS-SAN000090 - CAAG/DHS-SAN000100; SANDOZ CALI 3000724 - SANDOZ CALI 3000740; CAAG/DHS-SAN000141 - CAAG/DHS-SAN000175; CAAG/DHS-SAN000101 - CAAG/DHS-SAN000136; CAAG/DHS-SAN000081 - CAAG/DHS-SAN000100; CAAG/DHS-SAN000063 - CAAG/DHS-SAN000078; CAAG/DHS-SAN000423 - CAAG/DHS-SAN000445; CAAG/DHS-SAN000398 - CAAG/DHS-SAN000422; CAAG/DHS-SAN000360 - CAAG/DHS-SAN000397; CAAG/DHS-SAN000296 - CAAG/DHS-SAN000329; CAAG/DHS-

SAN000700 - CAAG/DHS-SAN000729; CAAG/DHS-SAN000757 - CAAG/DHS-SAN000782; CAAG/DHS-SAN000732 - CAAG/DHS-SAN000756.

**ANSWER:**

**REQUEST NUMBER 16:** Admit that the documents with the following bates ranges, produced by You in this litigation, are (i) authentic under Rule 901 of the Federal Rules of Evidence and (ii) are a true and correct copy of the documents identifying the AMP and calculated rebate for Geneva Pharmaceuticals, Inc.'s, now known as Sandoz', drugs: CAAG/DHS-SAN000090 - CAAG/DHS-SAN000100; CAAG/DHS-SAN000141 - CAAG/DHS-SAN000175; CAAG/DHS-SAN000101 - CAAG/DHS-SAN000136; CAAG/DHS-SAN000081 - CAAG/DHS-SAN000100; CAAG/DHS-SAN000063 - CAAG/DHS-SAN000078; CAAG/DHS-SAN000423 - CAAG/DHS-SAN000445; CAAG/DHS-SAN000398 - CAAG/DHS-SAN000422; CAAG/DHS-SAN000360 - CAAG/DHS-SAN000397; CAAG/DHS-SAN000296 - CAAG/DHS-SAN000329; CAAG/DHS-SAN000700 - CAAG/DHS-SAN000729; CAAG/DHS-SAN000757 - CAAG/DHS-SAN000782; CAAG/DHS-SAN000732 - CAAG/DHS-SAN000756.

**ANSWER:**

**REQUEST NUMBER 17:** Admit that You have not used AMP data provided by Sandoz to calculate reimbursements to Providers for any Sandoz Drugs at Issue under Your Medicaid system.

**ANSWER:**

**REQUEST NUMBER 18:** Admit that reports about AWP, AMP, Best Price and the Medicaid Rebate program prepared by HHS-OIG, HHS, the Government Accounting Office and/or Congressional Budget Office were available to officials in Medi-Cal.

**ANSWER:**

**REQUEST NUMBER 19:** Admit that Sandoz never represented to You that AWPs of the Sandoz Drugs at Issue represented an actual average of prices, net of rebates and discounts, charged by wholesalers to California retailers for the Sandoz Drugs at Issue.

**ANSWER:**

**REQUEST NUMBER 20:** Admit that Sandoz never represented to you that WACs of the Sandoz Drugs at Issue represented a net wholesale acquisition cost, net of rebates and discounts, paid by wholesalers for Sandoz Drugs at Issue.

**ANSWER:**

**REQUEST NUMBER 21:** Admit that Sandoz did not provide Medi-Cal with AWP or WAC prices for any of the Sandoz Drugs at Issue.

**ANSWER:**

**REQUEST NUMBER 22:** Admit that any alleged overpayments for Sandoz Drugs at Issue, as alleged in the First Amended Complaint, were paid to providers and not to Sandoz.

**ANSWER:**

**REQUEST NUMBER 23:** Admit that prior to 2002, You were aware that retailer pharmacies purchase Sandoz Drugs at Issue at prices lower than AWP minus 5% for those drugs.

**ANSWER:**


**REQUEST NUMBER 24:** Admit that prior to 2004, You were aware that retailer pharmacies purchase Sandoz Drugs at Issue at prices lower than AWP minus 10% for those drugs.

**ANSWER:**


**REQUEST NUMBER 25:** Admit that You were aware that retailer pharmacies purchase Sandoz Drugs at Issue at prices lower than AWP minus 17% for those drugs.

**ANSWER:**


Dated: June 15, 2009
       New York, NY

By: _/s/ Paul B. Carberry_
WHITE & CASE LLP
Wayne A. Cross (admitted *pro hac vice*)
Michael J. Gallagher (admitted *pro hac vice*)
Heather K. McDevitt (admitted *pro hac vice*)
Paul B. Carberry
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
mgallagher@whitecase.com

*Attorneys for Defendant Sandoz Inc.*

## CERTIFICATE OF SERVICE

I, Jacqueline Chung, hereby certify that on this 15th day of June, 2009, a true and correct copy of the foregoing Defendant Sandoz Inc.'s Second Set of Interrogatories to Plaintiff State of California was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to Lexis Nexis File & Serve for posting and notification to all parties.

/s/ Jacqueline Chung
Jacqueline Chung