# EXHIBIT B



26196431

Jul 20 2009
8:11PM

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE PHARMACEUTICAL INDUSTRY** | ) **MDL No. 1456** |
| **AVERAGE WHOLESALE PRICE LITIGATION** | ) **Master File No. 01-12257-PBS** |
| | ) **Subcategory Case No. 06-11337** |
| | ) |
| | ) **Judge Patti B. Saris** |
| **THIS DOCUMENT RELATES TO:** | ) |
| *State of California, ex rel. Ven-A-Care v.* | ) |
| *Abbott Laboratories, Inc., et al.* | ) |
| Case No:  1:03-cv-11226-PBS | ) |
| | ) |

### RESPONSE BY THE PLAINTIFF STATE OF CALIFORNIA TO
### DEFENDANT SANDOZ INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the State of

California ("Plaintiff") provides these objections and responses to Defendant Sandoz, Inc.'s First

Set of Requests for Admission ("Requests").

#### Introductory Statement and General Objections

1.      These Requests are unclear, vague, and ambiguous to the extent they are directed

jointly toward Plaintiff's "agents," reasonably construed to refer to the Relator, Ven-A-Care of

the Florida Keys, Inc. ("Relator").   Plaintiff further objects to the extent it is unclear as to

whether Defendant seeks responses to particular Requests from either Plaintiff or the Relator, or

both. Plaintiff objects to each Request directed, in whole or in part, to the Relator.  Plaintiff is not

obligated to respond to any Request that is directed to the Relator. Accordingly, Plaintiff

responds only to those Requests, in whole or in part that appear to be directed toward Plaintiff.

1

2.      The fact that Plaintiff may answer or object to part or all of any particular Request should not be construed as an admission or acknowledgment of any fact set forth in, assumed by, or implied by any such Request.

3.      Plaintiff reserves the right to object to the introduction into evidence in this or any other action, any of the responses or objections set forth in response to these Requests. The fact that Plaintiff has responded to any part or all of any particular Request is not intended, and shall not be construed, to be a waiver of any objection to the competence, relevance, materiality, privilege or admissibility of any evidence in this or any other action.

4.      Plaintiff's responses or objections to these Requests shall not be construed as a waiver of the right to object on any ground to other discovery requests involving or relating to the subject matter of these Requests.

5.      Plaintiff objects to these Requests to the extent they seek information protected from disclosure by privilege or doctrine, including but not limited to, the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the law enforcement investigative files privilege or any other applicable basis for invoking privilege.

6.      Plaintiff objects to these Requests to the extent they require Plaintiff to draw legal conclusions or otherwise seek to impose upon Plaintiff any requirements beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, or applicable court orders.

7.      These general objections apply to each Request. For convenience, they are not repeated after each Request, but set forth herein and hereby incorporated into each response. The assertion of the same, similar, or additional objections or the provision of partial responses to

2

individual Requests does not and should not be construed to waive or modify any of Plaintiff's general objections.

8.     Any information or documents supplied in response to these Requests are for use in this litigation and for no other purpose.

9.     With respect to any and all documents referred to in Defendant's Requests, Plaintiff does not concede the foundation, authenticity, relevance, or admissibility of said documents, that the referenced documents constitute the best evidence, or that the referenced documents do not amount to inadmissible hearsay.

10.     Due to the untimely nature of Defendant's Requests, Plaintiff maintains that the Request is invalid and void, and that no response from Plaintiff is necessary.  Plaintiff expressly does not waive any objections not otherwise made herein, and reserves the right to lodge any further objections in the event that Plaintiff is ultimately ordered to respond to this Request by the Court.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**  Admit that You included AWP minus 5% and/or AWP minus 10% and/or AWP minus 17% as part of the reimbursement formula under Your Medicaid system for calculating reimbursement to Providers for Sandoz Drugs at Issue.

**ANSWER:**  Plaintiff objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009. Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

3

**REQUEST NO. 2:**  Admit that no federal law required You to use a AWP in Your Medicaid reimbursement formula.

**ANSWER:**  Plaintiff objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009. Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 3:**  Admit that no federal or state law prevented You from changing Your Medicaid reimbursement formula to use a greater percentage discount from AWP through regulation.

**ANSWER:**  Plaintiff objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009. Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 4:**  Admit that no federal or state law prevented You from changing Your Medicaid reimbursement formula through regulation to use WAC.

**ANSWER:**  Plaintiff objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009. Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June

4

15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 5:**  Admit that no federal or state law prevented You from changing Your Medicaid reimbursement formula through regulation.

**ANSWER:**  Plaintiff objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009. Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 6:**  Admit that You set the reimbursement formula under Your MAIC program at AWP-5% for the product with the lowest AWP, provided that the manufacturer of that product could supply the product to the entirety of the Medi-Cal program.

**ANSWER:**  Plaintiff objects to this Request as vague, ambiguous, and uncertain as to the term "entirety" in the context of this Request.  Plaintiff objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.  Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 7:**  Admit that no federal or state law prevented You from setting Your MAIC reimbursement formula at a lower discount off of AWP instead of the AWP minus 5 percent used by Your MAIC program.

**ANSWER:**  Plaintiff objects to this Request as vague, ambiguous, and uncertain as to the term "lower" in the context of this Request.  Plaintiff further objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.  Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 8:**  Admit that You were aware that the Average Manufacturer Price ("AMP") was defined by 42 U.S.C. § 1396r-8(k)(1), the Medicaid Rebate agreement and related HCFA or CMS Medicaid guidance.

**ANSWER:**  Plaintiff objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.  Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 9:**  Admit that You were aware that when manufacturers such as Sandoz timely reported AMP information to CMS or HCFA, CMS or HCFA uses the AMP to calculate the Unit Rebate Amount ("URA") and provide the URA to California.

**ANSWER:**  Plaintiff objects to this Request as vague, ambiguous, and uncertain as to the terms "timely," "reported," "uses," and "provide" in the context of this Request.  Plaintiff further objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.  Under the explicit terms of that

6

Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 10:**  Admit that from 1991 to the present, for every quarter in which Sandoz timely reported AMP information to CMS or HCFA, You received from CMS or HCFA on a quarterly basis, the URA for the Sandoz Drugs at Issue that were the subject of utilization and reimbursement under the Medicaid system for California patients.

**ANSWER:**  Plaintiff objects to this Request as vague, ambiguous, and uncertain in its entirety, and specifically as to the term "timely" in the context of this Request.  Plaintiff further objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.  Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 11:**  Admit that from 1991 to the present, the URA actually provided to You included, by National Drug Code ("NDC") number, the URA of each non-innovator multiple source drug that was distributed by Sandoz and that was the subject of utilization and reimbursement under the Medicaid system for California patients.

**ANSWER:**  Plaintiff objects to this Request as vague, ambiguous, and uncertain in its entirety to the extent that the Request does not identify whose URA was purportedly "actually provided."  Plaintiff further objects to this Request as untimely given Judge Saris' order of

March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.

Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall

be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June

15, 2009.  As such, defendant has denied California the ability to respond to the Request within

the time allotted by the Court.

> **REQUEST NO. 12:**   Admit that before January 1, 1994, You were aware that 42 U.S.C.
§ 1396f-8(c)(3)(B) and accompanying federal regulations required that the URA equal 10% of
the AMP for each non-innovator multiple source drug that was the subject of utilization and
reimbursement under the Medicaid system for California patients.

> **ANSWER:**  Plaintiff objects to this Request as untimely given Judge Saris' order of
March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.
Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall
be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June
15, 2009.  As such, defendant has denied California the ability to respond to the Request within
the time allotted by the Court.

> **REQUEST NO. 13:**   Admit that after December 31, 1993, You were aware that 42
U.S.C. § 1396f-8(c)(3)(B) and accompanying federal regulations required that the URA equal
11% of the AMP for each non-innovator multiple source drug that was the subject of utilization
and reimbursement under the Medicaid system for California patients.

> **ANSWER:**  Plaintiff objects to this Request as untimely given Judge Saris' order of
March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.
Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall
be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June

15, 2009.  As such, defendant has denied California the ability to respond to the Request within

the time allotted by the Court.

     **REQUEST NO. 14:**  Admit that Sandoz informed California Medicaid of the AMPs for

Sandoz' drugs at least as early as 1991:  SANDOZ CALI 3000029 – SANDOZ CALI 3000077;

SANDOZ CALI 3000078 – SANDOZ CALI 3000190.

     **ANSWER:**  Plaintiff objects to this Request as untimely given Judge Saris' order of

March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.

Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall

be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June

15, 2009.  As such, defendant has denied California the ability to respond to the Request within

the time allotted by the Court.

     **REQUEST NO. 15:**  Admit that Sandoz continued to inform California Medicaid of the

AMPs for Sandoz drugs even after 1992:  SANDOZ CALI 3000310 - SANDOZ CALI 3000368;

SANDOZ CALI 3000369 - SANDOZ CALI 3000428; SANDOZ CALI 3000429 - SANDOZ

CALI 3000506; SANDOZ CALI 3000507- SANDOZ CALI 3000585; SANDOZ CALI 3000588

- SANDOZ CALI 3000632; SANDOZ CALI 3000633 - SANDOZ CALI 3000678;

CAAG/DHS-SAN00090 - CAAG/DHS-SAN000100; SANDOZ CALI 3000724 - SANDOZ

CALI 3000740; CAAG/DHS-SAN000141 - CAAG/DHS-SAN000175; CAAG/DHS-

SAN000101 - CAAG/DHS-SAN000136; CAAG/DHS-SAN00081 - CAAG/DHS-SAN000100;

CAAG/DHS-SAN000063- CAAG/DHS-SAN000078; CAAG/DHS-SAN000423 - CAAG/DHS-

SAN000445; CAAG/DHS-SAN000398 - CAAG/DHS-SAN000422; CAAG/DHS-SAN00360 -

CAAG/DHS-SAN000397; CAAG/DHS-SAN000296 - CAAG/DHS-SAN00329; CAAG/DHS-

SAN000700 - CAAG/DHS-SAN000729; CAAG/DHS-SAN000757 - CAAG/DHS-SAN000782;

CAAG/DHS-SAN000732 - CAAG/DHS-SAN000756.

     **ANSWER:**   Plaintiff objects to this Request as untimely given Judge Saris' order of

March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.

Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall

be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June

15, 2009.  As such, defendant has denied California the ability to respond to the Request within

the time allotted by the Court.

     **REQUEST NO. 16:**   Admit that the documents with the following bates ranges,

produced by You in this litigation, are (i) authentic under Rule 901 of the Federal Rules of

Evidence and (ii) are a true and correct copy of the documents identifying the AMP and

calculated rebate for Geneva Pharmaceuticals, Inc.'s, now known as Sandoz', drugs:

CAAG/DHS-SAN000090 - CAAG/DHS-SAN000100; CAAG/DHS-SAN000141-CAAG/DHS-

SAN000175; CAAG/DHS-SAN000101-CAAG/DHS-SAN000136; CAAG/DHS-SAN000081 -

CAAG/DHS-SAN000100; CAAG/DHS-SAN000063 - CAAG/DHS-SAN000078; CAAG/DHS-

SAN000423-CAAG/DHS-SAN000445; CAAG/DHS-SAN000398-CAAG/DHS-SAN000422;

CAAG/DHS-SAN000360-CAAG/DHS-SAN000397; CAAG/DHS-SAN000296-CAAG/DHS-

SAN000329; CAAG/DHS-SAN000700-CAAG/DHS-SAN000729; CAAG/DHS-SAN000757-

CAAG/DHS-SAN000782; CAAG/DHS-SAN000732-CAAG/DHS-SAN000756.

     **ANSWER:**   Plaintiff objects to this Request as untimely given Judge Saris' order of

March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.

Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall

be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June

15, 2009.  As such, defendant has denied California the ability to respond to the Request within

the time allotted by the Court.

**REQUEST NO. 17:**   Admit that You have not used AMP data provided by Sandoz to

calculate reimbursements to Providers for any Sandoz Drugs at Issue under Your Medicaid

system.

**ANSWER:**  Plaintiff objects to this Request as vague, ambiguous, and uncertain in its

entirety, and specifically to the terms "used," and "provided" in the context of this Request.

Plaintiff further objects to this Request as untimely given Judge Saris' order of March 3, 2009,

which amended CMO 31 by extending the discovery cut-off to June 15, 2009.  Under the explicit

terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."

Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As

such, defendant has denied California the ability to respond to the Request within the time

allotted by the Court.

**REQUEST NO. 18:**   Admit that reports about AWP, AMP, Best Price and the Medicaid

Rebate program prepared by HHS-OIG, HHS, the Government Accounting Office and/or

Congressional Budget Office were available to officials in Medi-Cal.

**ANSWER:**   Plaintiff objects to this Request as untimely given Judge Saris' order of

March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.

Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall

be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June

15, 2009.  As such, defendant has denied California the ability to respond to the Request within

the time allotted by the Court.

11

**REQUEST NO. 19:**   Admit that Sandoz never represented to You that AWPs of the Sandoz Drugs at Issue represented an actual average of prices, net of rebates and discounts charged by wholesalers to California retailers for the Sandoz Drugs at Issue.

**ANSWER:**  Plaintiff objects to this Request as vague, ambiguous, and uncertain as to the term "represented" and the phrase "net of rebates and discounts charged by wholesalers to California retailers" in the context of this Request.  Plaintiff further objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.  Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 20:**      Admit that Sandoz never represented to You that WACs of the Sandoz Drugs at Issue represented a net wholesale acquisition cost, net of rebates and discounts, paid by wholesalers for Sandoz Drugs at Issue.

**ANSWER:** Plaintiff objects to this Request as vague, ambiguous, and uncertain as to the term "represented" as used in the first instance of the Request, and in the context of this Request.  Plaintiff further objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.  Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 21:**  Admit that Sandoz did not provide Medi-Cal with AWP or WAC prices for any of the Sandoz Drugs at Issue.

**ANSWER:**  Plaintiff objects to this Request as vague, ambiguous, and uncertain as to the term "provide" in the context of this Request.   Plaintiff further objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.  Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 22:**   Admit that any alleged overpayments for Sandoz Drugs at Issue, as alleged in the First Amended Complaint, were paid to providers and not to Sandoz.

**ANSWER:**  Plaintiff objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009. Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 23:**  Admit that prior to 2002, You were aware that retailer pharmacies purchase Sandoz Drugs at Issue at prices lower than AWP minus 5% for those drugs.

**ANSWER:**  Plaintiff objects to this Request as vague, ambiguous, and uncertain as to the term "retailer pharmacies" in the context of this Request.  Plaintiff further objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.  Under the explicit terms of that Order, June 15, 2009

13

marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 24:**   Admit that prior to 2004, You were aware that retailer pharmacies purchase Sandoz Drugs at Issue at prices lower than AWP minus 10% for those drugs.

**ANSWER:**   Plaintiff objects to this Request as vague, ambiguous, and uncertain as to the term "retailer pharmacies" in the context of this Request.  Plaintiff further objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.  Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

**REQUEST NO. 25:**  Admit that You were aware that retailer pharmacies purchase Sandoz Drugs at Issue at prices lower than AWP minus 17% for those drugs.

**ANSWER:**   Plaintiff objects to this Request as vague, ambiguous, and uncertain as to the term "retailer pharmacies" in the context of this Request.  Plaintiff further objects to this Request as untimely given Judge Saris' order of March 3, 2009, which amended CMO 31 by extending the discovery cut-off to June 15, 2009.  Under the explicit terms of that Order, June 15, 2009 marks the date that "all fact discovery shall be completed."  Plaintiff objects that this Request is untimely inasmuch as it was served on June 15, 2009.  As such, defendant has denied California the ability to respond to the Request within the time allotted by the Court.

Dated:  July 20, 2009                    EDMUND G. BROWN JR.
                                         Attorney General for the State of California

                                         By: ____*/s/ John P. Fisher*_____
                                             JOHN P. FISHER
                                             Deputy Attorney General
                                             California Department of Justice
                                             1455 Frazee Road, Suite 315
                                             San Diego, California  92108
                                             Tel:  (619) 688-6673
                                             Fax:  (619) 688-4200

                                         **Attorneys for Plaintiff,
                                         STATE OF CALIFORNIA**


# CERTIFICATE OF SERVICE

I, John P. Fisher, hereby certify that on July 20, 2009, I caused a true and correct copy of the foregoing, **Response By The Plaintiff State Of California To Defendant Sandoz Inc.'s First Set Of Requests For Admission**, to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                                         ____*/s/ John P. Fisher*_____
                                         JOHN P. FISHER
                                         Deputy Attorney General