UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION   ) ) ) ) ) ) THIS DOCUMENT RELATES TO:   ) ) *State of California ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Labs, Inc. et al.*, Civil Action No. 03-11226-PBS   ) ) ) ) | MDL No. 1456 Master File No. 01-12257-PBS Subcategory Case No. 06-11337 Hon. Patti B. Saris |

**DEFENDANTS' MOTION FOR AN ORDER GRANTING
LEAVE TO TAKE DEPOSITION OUT OF TIME**

Defendants Dey, Inc., and Dey, L.P. (collectively, "Dey"), and Mylan Inc., and Mylan Pharmaceuticals Inc. (collectively, "Mylan"), on behalf of all Defendants in this action, ("Defendants") respectfully request that the Court enter an Order permitting Defendants to complete the deposition of non-party witness Thomas Ahrens beyond the June 15 discovery cut-off . An extension of time to allow defendants to complete their final deposition of Mr. Ahrens is necessary to accommodate Plaintiff State of California ("California")'s need to locate Mr. Ahrens, determine a date that is agreeable for the witness and counsel for all parties, and to adequately prepare Mr. Ahrens for his deposition.

The current Case Management Order ("CMO") 31, as amended on March 3, 2009, requires that non-expert discovery be completed by June 15, 2009. *See* Master Docket No. 5942, Sub Docket No. 186. At the status conference on February 12, 2009, the Court directed that Defendants collectively could take ten depositions in addition to those they had already commenced. *See* Declaration of Brendan Cyr In Support of Defendants' Motion To Take

Deposition Out of Time ("Cyr Decl."), Exhibit A, at 21:22-22:4.  To date, Defendants have noticed and commenced nine depositions.

On June 9, 2009, Defendants' advised Supervising Deputy Attorney General, Nicholas Paul, of their intention to depose Mr. Ahrens and requested available dates to conduct the deposition.  *See* Cyr Decl. at Ex. B.  Mr. Paul responded that Mr. Ahrens is no longer employed by DHCS and that it would be impossible to identify a date for a deposition and adequately prepare Mr. Ahrens within the June 15 discovery deadline set by CMO 31.  *See* Cyr Decl., Ex. C.  Although Defendants made their request for Mr. Ahrens's deposition before June 15, Mr. Paul also stated that he believed it would be improper to hold the deposition after June 15 without leave of court and that California would likely oppose any effort by Defendants to seek leave of court for an extension of the discovery cutoff.[1]  *See id.*

As noted at the February 12, 2009 Status Conference, one of the driving factors behind the extension of the discovery deadline to June 15 was California's delay completing its production of documents in response to Defendants First Set of Requests for Production, served on October 4, 2007 .  *See* Cyr Decl., Ex. A at 6:20 to 12:10; Cyr Decl. at Ex. E.  California did not substantially complete its production until March 16, 2009, and continued to make supplemental productions beyond that date.  *See* Cyr Decl. at Exhs. F, G, H.  [3/16/09, 4/24/09, 5/5/09 Production letters from N. Paul]  For example, counsel for Dey and Mylan received what they can only presume is California's final electronic production on June 15, 2009, the day discovery closed.  *See* Cyr Decl. at Ex. I [6/12/09 Production letter from N. Paul].  Nonetheless, Defendants moved expeditiously to identify deponents and request dates from California.

---

[1]   Mr. Paul also indicated that the June 15 discovery cut-off would not give California adequate opportunity to "track down" Mr. Ahrens.   *See* Cyr Decl. Ex. B.  Locating Mr. Ahrens should be relatively easy for California, as Mr. Ahrens is married to Katherine Ahrens, a current employee of the California Department of Health Care Services ("DHS") who has previously testified in this action.  *See* Cyr Decl. Ex. D at 10:12-11:10.

However, given the 10 deposition per side limitation imposed by the Court, Defendants were reluctant to request all 10 depositions before having an adequate opportunity to determine which individuals would be most knowledgeable.  Defendants selected Mr. Ahrens as their final witness only after deposing witnesses at a number of different levels from within the California Department of Health Care Services ("DHCS") and determining Mr. Ahrens likely has knowledge about certain issues in this case.

Defendants made their request for Mr. Ahrens's deposition within the discovery period.  *See* Cyr Decl. at B.  However, Defendants recognized that it might be difficult to schedule the deposition and prepare the witness in a small timeframe and offered to take the deposition outside of the discovery period, with California's counsel's consent.  *See id.*  It is California's reluctance to proceed with this deposition outside the discovery period that necessitates this motion.

Defendants wish to complete only one additional deposition at a mutually agreeable time that is convenient for all parties, and the a brief extension sought will resolve the concerns raised by California about the short turnaround time to complete the deposition.  Accordingly, Defendants respectfully submit that the extension, if granted, will not cause an unreasonable delay, nor will California be prejudiced by such extension.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and enter an order authorizing such relief.


Dated: August 21 , 2009                                     KELLEY DRYE & WARREN LLP


/s/ Philip Robben
   Philip D. Robben (admitted *pro hac vice*)
   Brendan Cyr (admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone:  (212) 808-7800
Facsimile:  (212) 808-7897

*Counsel for Defendants Dey, Inc., Dey, L.P.*
*Mylan Inc., and Mylan Pharmaceuticals Inc. on*
*behalf of all defendants.*

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on August 21, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Philip D. Robben
Philip D. Robben