UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v.  Abbott Laboratories, Inc.,* Civil Action No. 06-11337<br><br>*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey LP, et al.,* Civil Action No. 05-11084<br><br>*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v.  Boehringer Ingelheim Corp., et al.,* Civil Action No. 07-10248-PBS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     MDL No. 1456<br>    Civil Action No. 01-12257-PBS<br><br>    Subcategory No. 06-11337-PBS<br><br>    Hon. Patti B. Saris |

**MEMORANDUM IN SUPPORT OF MOTION OF THE UNITED STATES TO HAVE CERTAIN MOTIONS BY DEFENDANTS HEARD BY THE DISTRICT COURT JUDGE IN CONJUNCTION WITH PENDING MOTIONS**

In the accompanying motion, the United States requests that certain motions filed by

defendants in conjunction with summary judgment briefing be heard by the District Court Judge

either as part of the summary judgment hearing scheduled for October 20, 2009 (or any

subsequent date), or in conjunction with a future hearing regarding the *Daubert* motion filed by

Abbott Laboratories.  Because the relief sought and the issues presented by these motions are

significantly intertwined with issues raised in the summary judgment briefing and/or the pending

*Daubert* motion, the United States believes that it would be more appropriate and efficient to

have the motions heard by the District Court Judge, rather than by the Magistrate Judge at the

hearing presently scheduled for September 14, 2009

## **BACKGROUND**

All of the parties have filed motions for summary judgment, and briefing will be complete by September 28, 2009.  During the ongoing summary judgment briefing, defendants also filed motions regarding alleged spoliation of evidence by the United States.  Roxane also filed a motion to take additional discovery related to the summary judgment briefing, and Dey filed a motion to participate in any such additional discovery.

On August 5, 2009, the Magistrate Judge issued an order directing the parties to notify the Court of discovery motions that they wished to be heard during a September 14, 2009, hearing before the Magistrate Judge.  On August 19, 2009, and August 20, 2009, Abbott, Dey and Roxane filed their notices concerning pending discovery motions (Abbott Notice, Master Docket ("MD") #6383, Sub-Docket ("SD") #367; Dey Notice, MD #6387, SD #369; Roxane Notice, MD #6390, SD # 372.)  Among other motions, Abbott, Dey and Roxane listed the following as pending discovery motions:

> Abbott Laboratories Inc.'s Motion for Sanctions and for a Finding of Spoliation (MD #6096-97, SD #218-219);
>
> Dey Inc.'s Motion for Sanctions and for a Finding of Spoliation (MD #6109-10, SD #222-223);
>
> Roxane Defendants' Motion for Sanctions and for a Finding of Spoliation (MD #6254-55, SD #274-275);
>
> Roxane Defendants' Expedited Motion for Leave to Depose Carolyn Helton and Robin Kreush Stone (MD #6328-6330, SD #333-335); and
>
> Dey's Motion for Leave to Participate in the Depositions of Carolyn Helton and Robin Kreush Stone (MD #6384, SD #368).

The three spoliation motions seek dispositive relief and are intertwined with defendants'

summary judgment and *Daubert* motions.[1]  The latter two motions were filed ostensibly pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, and thus directly relate to the pending summary judgment motions[2].

## ARGUMENT

**I.    The Spoliation Motions Raise Issues Related to the Summary Judgment and *Daubert* Motions**

In their spoliation motions, the defendants seek sanctions generally against the United States for an alleged failure to preserve documents and claims information dating back, in some instances, to 1991.  The relief sought in the defendants' spoliation motions, however, is not mere discovery relief; rather, each defendant seeks affirmative dispositive relief that is directly intertwined with the summary judgment motions and/or *Daubert* motion.

Abbott, for example, seeks the following dispositive relief:  a) a determination that Abbott should not have the burden of proving its government knowledge defense; b) a determination that the available factual record is inadequate and the case should be terminated; c) a determination that the United States' complaint does not relate back to relator Ven-A-Care's prior sealed complaints; d) an order forbidding the recovery of any Medicare or Medicaid damages for underlying payment data in the absence of certain types of claims data; and e) an order requiring the plaintiffs to show actual evidence of fraud on a state-by-state basis.  (MD

---

[1] Notably, upon the filing of Abbott's and Roxane's spoliation motions, the District Court Judge requested the submission of courtesy copies to the Court, suggesting that the spoliation motions were contemplated as pending before the District Court Judge.

[2] Rule 56(f) provides for additional discovery based on a party's need to oppose summary judgment.  As explained in the United States' opposition to Roxane's motion, Roxane is attempting to use Rule 56(f) to justify additional discovery in support of its own summary judgment motion.

#6096, SD #218 at 22-25.)  Abbott incorporates its summary judgment motion into its spoliation

motion, and similarly incorporates its spoliation motion into its summary judgment motion.  See

Abbott's June 4, 2009 Memorandum in Support of its Motion for Sanctions, MD #6097, SD

#219 at 22; Abbott's Memorandum in Support of its Motion for Summary Judgment, MD #6186,

SD #242 at 17, 22 and 31.

   In their spoliation motions, Dey and Roxane expressly incorporate by reference Abbott's

spoliation motion, and parrot many of Abbott's requests for dispositive relief.  (Dey Spoliation

Motion, MD #6109, SD #222 at 5-6; Roxane Spoliation Motion, MD #6254, SD #274 at 1-2.)

The issues set forth in the defendants' spoliation briefs are intertwined with issues raised by

defendants in their dispositive summary judgment papers.  For example, all three defendants

argue that the absence of certain types of data prevents the United States from collecting

damages.  Both Dey and Roxane contend that government knowledge prevents them from being

held liable under the False Claims Act.  In addition, Abbott relies on its spoliation motion as the

basis for the relief sought in its *Daubert* challenge to the plaintiffs' damages expert, Mark

Duggan, Ph.D.  *(*Abbott *Daubert* Memorandum, MD #6177, SD #235 at 1-2.)  Abbott in turn

references its summary judgment briefing in the portion of its spoliation memorandum dealing

with proof of causation.  (Abbott Spoliation Memorandum, MD #6097, SD #219 at 22.)

   Dey argues in its spoliation memorandum that the government's delay in intervention has

caused the loss of key evidence and prejudiced Dey as a result.  (MD #6110, Sub. #223 at 4.)  In

its summary judgment brief, Dey correspondingly argues that its due process rights have been

violated based on the alleged spoliation.  (Dey Defendants' Memorandum of Law in Support of

Motion for Partial Summary Judgment, MD #6194, Sub. #249 at 25.)   Dey also alleges that

4

evidence of claims data and Medicare arrays has been spoliated.  (MD #6110, Sub. #223 at 5.)

In its summary judgment brief, Dey argues that the absence of this evidence entitles it to

summary judgment on damages.  (MD #6194, SD #249 at 28, 34.)  To support this point, Dey

incorporated its spoliation memorandum by reference into its summary judgment memorandum

(MD #6194, SD #249 at 9 & n.4, 25 & n.11).

Roxane similarly seeks that "the Government be precluded from recovery in the eighteen

States in which it has failed to produced [sic] State Medicaid claims data (internal citation

omitted) or in any quarter for the other thirty-one Medicaid programs in which it has also failed

to produce the actual State Medicaid claims data (internal citation omitted)."  (Roxane Spoliation

Memorandum, MD #6255 at 9, SD #275 at 9.)  In its spoliation motion, Roxane relies on its

Local Rule 56.1 Statement of Facts (MD #6207, SD #261) filed in support of Roxane's summary

judgment motion, and incorporated its entire summary judgment motion into the spoliation

motion.  (MD #6254-55, SD #274-275 at 1-2.)  Roxane's summary judgment motion seeks relief

identical to that requested in its spoliation motion.  (Roxane Defendants' Memorandum in

Support of Motion for Summary Judgment, MD #6200, SD #257 at 5-9.)  Roxane's summary

judgment memorandum also raises the intertwined issue of the alleged destruction of evidence in

support of Roxane's challenge to the government's causation argument.  (MD #6200, SD #257 at

19, n.17.)

Not surprisingly, in responding to defendants' spoliation motions, the United States has

relied on its own summary judgment papers.  (United States' Memorandum in Opposition to

Defendants' Motion for a Finding of Spoliation and for Sanctions at 2, n.2, MD #6270, SD

#281.)  In the United States' opposition to Roxane's spoliation motion, for example, the United

States argues, among other things, that Roxane cannot show any prejudice from the absence of

the State claims data at issue because the declaration of the government's damages expert, filed

as part of the government's opposition to the defendants' summary judgment motions,

demonstrates that the only consequence of such data gaps is to *understate* rather than overstate

the damages, thus resulting in prejudice only to the government, not to the defendants.  (U.S.

Opposition Memorandum, MD #6388, SD #370 at 11-12 and Ex. 13 to the supporting

Declaration of George B. Henderson, MD #6389, SD #371.)  The validity of the extrapolation

method used by the government's damages expert is directly challenged in the summary

judgment motions of all three defendants,[3] and is also the subject of a *Daubert* motion currently

in the briefing stage before Judge Saris.  (MD #6175, SD #233.)

      Roxane's spoliation motion also asks that "the Government be precluded from recovery

of any damages that rely on the DMERCs' misclassification of Novaplus-label ipratropium

bromide products as brands."  (MD #6255, SD #275 at 9.)  Roxane argues that the DMERCs

improperly treated the NovaPlus® products as brands and that the government spoliated quarterly

Red Book CD ROMs that Roxane says would allow it to probe whether the DMERCs properly

interpreted the Red Book data in determining whether the drugs were brands or generics.  *Id.* at

3-6.  As discussed below, Roxane raises essentially the same argument in its Rule 56(f) motion

for leave to re-depose two DMERC witnesses (MD #6328, SD #333), and in its summary

judgment motion.  (MD #6200, SD #257 at 12-20.)

      A hearing on the parties' summary judgment motions and cross-motions is currently

---

[3] Abbott Memorandum, MD #6186, SD # 242 at 16-19; Dey Memorandum MD
#6194,SD # 249, at 31-35; Roxane Memorandum, MD #6200, SD #257 at 5-11.

scheduled for October 20, 2009.  The Court has not yet scheduled a hearing on Abbott's *Daubert*

motion, and briefing on that motion will not conclude until November 16, 2009.  (See MD

#6252 & 7/13/2009 Electronic Order granting Joint Motion).  Given the nature of the relief

sought by the defendants in these motions, and the interrelationship between the issues, the

Government respectfully requests that the defendants' spoliation motions be heard by Judge

Saris contemporaneous with the Court's consideration of the other pending dispositive summary

judgment motions and/or with the *Daubert* motion.

## II.     Roxane's Request for Additional Discovery Pursuant to Rule 56 Is Properly Considered with the Summary Judgment Motions

Roxane's motion to re-depose witnesses Carolyn Helton and Robin Stone relies in large

measure on Fed. R. Civ. P. 56(f), which provides for additional discovery based on a party's

need to oppose summary judgment.  *See* Roxane's Memorandum of Law in Support of its

Expedited Motion For Leave to Depose Carolyn Helton and Robin Kreush Stone (MD #6329,

SD #334) at 6 (citing Rule 56(f)).[4]  As explained in the United States' opposition to Roxane's

motion, Roxane is inappropriately attempting to use Rule 56(f) to justify additional discovery in

support of its own summary judgment motion.

Regardless of whether there is even a proper basis for Roxane's motion, there is no doubt

that it is related to the pending summary judgment motions and should be considered along with

those motions.  As argued by the United States in its oppositions to Roxane's motion for

summary judgment and Roxane's Rule 56(f) motion, the DMERCs' classification of NovaPlus

---

[4] In its Motion for Leave to Participate in the Depositions of Carolyn Helton and Robin Kreush Stone (MD #6384, SD #368), Dey seeks leave to participate as well in any depositions the Court may permit Roxane to take pursuant to Rule 56(f).

7

as a brand was in accord with agency guidance published in the Federal Register; thus there was no misclassification, and the requested discovery is irrelevant.  (United States' Consolidated Memorandum of Law in Support of Cross-motion for Partial Summary Judgment and in Opposition to the Roxane Defendants' Motion for Summary Judgment, MD #6219, SD #298 at 27-30; U.S. Spoliation Opp. Mem., MD #6388, SD #370 at 1, 2, 7-8.)  Thus, the merits of Roxane's Rule 56(f) motion, similar to its spoliation motion, are inextricably bound up with the merits of Roxane's motion for summary judgment.

## <u>CONCLUSION</u>

For the reasons stated above, the United States requests that the above-listed motions filed by defendants be heard by the District Court Judge.

Dated: August 25, 2009                                    Respectfully submitted,

For the United States of America,

MICHAEL F. HERTZ
DEPUTY ASSISTANT ATTORNEY
GENERAL

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

 /s/ Laurie A. Oberembt
Joyce R. Branda
Daniel R. Anderson
Justin Draycott
Laurie A. Oberembt
Rebecca Ford
Renee Brooker
Gejaa T. Gobena
United States Department of Justice
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 307-1088
Fax:  (202) 305-7797

 /s/ Ann M. St. Peter-Griffith
Ann M. St. Peter-Griffith
Mark A. Lavine
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

MICHAEL K. LOUCKS
ACTING UNITED STATES ATTORNEY

 /s/ George B. Henderson, II
George B. Henderson, II
Barbara Healy Smith
James J. Fauci
Assistant U.S. Attorneys
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone:  (617) 748-3272

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above
MEMORANDUM IN SUPPORT OF MOTION OF THE UNITED STATES TO HAVE
CERTAIN MOTIONS BY DEFENDANTS HEARD IN CONJUNCTION WITH PENDING
MOTIONS to be served on all counsel of record via electronic service pursuant to Paragraph 11
of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and
notification to all parties.

 /s/ Ann M. St. Peter-Griffith
Ann M. St. Peter-Griffith

Dated: August 25, 2009