UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION _____ | ) ) ) ) ) | MDL DOCKET NO. 1456<br><br>Master File No. 01-CV-12257<br>Subcategory Case No. 06-CV-11337 |
| THIS DOCUMENT RELATES TO: *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.* Civil Action No. 06-CV-11337 | ) ) ) ) ) | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |
| *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.* Civil Action No. 05-CV-11084 | ) ) ) ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp., et al.* Civil Action No. 07-CV-10248 | ) ) ) ) | |

**DEFENDANTS' JOINT OPPOSITION TO THE UNITED STATES' MOTION TO HAVE CERTAIN MOTIONS HEARD BY THE DISTRICT COURT JUDGE IN CONJUNCTION WITH PENDING MOTIONS AND CROSS MOTION TO ALTER THE HEARING SCHEDULE FOR SUMMARY JUDGMENT, *DAUBERT* AND ORIGINAL SOURCE MOTIONS**

There are already seven different summary judgment motions set for a couple hours of hearing on October 20 in these cases. DOJ now wants to shoehorn various discovery motions (which are properly before Magistrate Judge Bowler, and have already been set for hearing September 14) into that hearing. (Dkt. No. 6404.) Yet it does not want considered with the summary judgment motions other motions that truly are inextricably intertwined with summary judgment – including Abbott's *Daubert* motion, which is directly tied to summary judgment arguments, as well as "original source" motions by all three defendants, which are jurisdictional, and indeed should logically be considered *before* summary judgment. This is nothing more than tactical gamesmanship by the DOJ. DOJ's motion should be denied, and the counter-proposal of Abbott, Dey, and Roxane (collectively "Defendants"), set out below, adopted.

In further support of their opposition and cross motion, Defendants state as follows:

1. The Court has set a hearing on all summary judgment motions in these cases for 2:00 p.m on October 20, 2009. The matters to be considered at that hearing are formidable. Each of the three Defendants has moved for partial summary judgment. (Dkt. Nos. 6199, 6178, 6185, 6191.) DOJ has cross-moved for partial summary judgment against each Defendant. (Dkt. Nos. 6290-91, 6295-303, 6318-19.) And DOJ has also submitted a "group" brief, addressing various cross-cutting issues. (Dkt. No. 6317.) So, essentially, there are seven different motions to be considered in the couple of hours currently set for hearing (collectively, the "Summary Judgment Motions").

2. DOJ now seeks to shoehorn five discovery motions, including three significant motions related to spoliation and two related to depositions, into the already packed summary judgment hearing.[1] This makes no sense. These motions, as discovery motions, are properly heard by Magistrate Judge Bowler in the first instance. Moreover, they involve issues that are *predicates* to the summary judgment issues. They are already set for a hearing on September 14. And they are not related to summary judgment in any way that would require delaying, then jamming them into the October 20 hearing.

3. Worse, DOJ objects to consolidating for hearing with the Summary Judgment Motions certain other motions which really are inextricably bound up with summary judgment. In particular, all three Defendants have filed "original source" motions, which are also directly

---

[1] The five motions that DOJ proposes to add to the October 20, 2009 argument date (collectively, the "Discovery Motions") are: Abbott Laboratories Inc.'s Motion for Sanctions and for a Finding of Spoliation (Dkt. No. 6096-97); Dey Inc.'s Motion for Sanctions and for a Finding of Spoliation (Dkt. No. 6109-10); Roxane Defendants' Motion for Sanctions and for a Finding of Spoliation (Dkt. No. 6254-55); Roxane Defendants' Expedited Motion to Take Deposition from Carolyn Helton and Robin Kreush Stone (Dkt. No. 6328-30); and Dey's Motion for Leave to Participate in the Depositions of Carolyn Helton and Robin Kreush Stone (Dkt. No. 6384).

incorporated in their summary judgment arguments.  (Dkt. Nos. 6209-10, 6196-97, 6179-83.) Indeed, these "original source" arguments call into question the Court's subject matter jurisdiction, and should therefore logically be considered *before* (or at least simultaneously with) the Summary Judgment Motions.

4. In addition, Abbott has filed a *Daubert* motion, which is directly incorporated in Abbott's summary judgment arguments, and attacks the Government's evidence used to support its damages claims.  The *Daubert* motion forms the basis for arguments in Abbott's motion for partial summary judgment on damages.  (*See* Dkt. No. 6175.)

5. But DOJ has refused to complete briefing on any of these motions until after the October 20 hearing.  (*See* Dkt. No. 6252 at 2-4.)

6. Finally, Defendants respectfully suggest that the couple hours currently scheduled for the Summary Judgment Motions may not provide the Court adequate opportunity to hear from all sides as to all seven matters currently set for hearing.

7. Accordingly, rather than adopt DOJ's unworkable proposal, Defendants respectfully suggest that the Court:

    a. Leave the Discovery Motions before Magistrate Judge Bowler, to be considered on September 14, 2009.

    b. Schedule at least two hours of argument relating to the *Daubert* and original source motions on a date after briefing on those motions will be completed (all briefing on these motions is set to be completed November 16, 2009); and

    c. In conjunction with, or after, that hearing, adopt the procedure discussed by the Court at the status conference held May 28, 2009, and set a hearing on common issues and arguments for each individual defendant.  (Tr. at 29-30.)

WHEREFORE, DOJ's motion should be denied, and Defendants' motion should be granted.

Dated:  August 25, 2009                                                                 Respectfully submitted,

/s/ Sarah L. Reid
Paul F. Doyle (BBO # 133460)
Sarah L. Reid
Neil Merkl
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Counsel for Defendants Dey, Inc.,
Dey L.P., Inc. and Dey, L.P.*

/s/ John W. Reale
Helen E. Witt, P.C.
Anne M. Sidrys, P.C.
Eric T. Gortner
John W. Reale
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
Telephone:     (312) 862 2000
Facsimile:      (312) 862 2200

*Counsel for Defendants
Boehringer Ingelheim Corp.,
Boehringer Ingelheim Pharmaceuticals, Inc.,
Boehringer Ingelheim Roxane, Inc., and
Roxane Laboratories, Inc.*

By: /s/ Brian J. Murray
James R. Daly
Tina M. Tabacchi
Jason G. Winchester
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, Illinois  60601-1692
Telephone: (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

*Counsel for Abbott Laboratories Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 25, 2009, a true and correct copy of the foregoing **DEFENDANTS' JOINT OPPOSITION TO THE UNITED STATES' MOTION TO HAVE CERTAIN MOTIONS HEARD BY THE DISTRICT COURT JUDGE IN CONJUNCTION WITH PENDING MOTIONS AND CROSS-MOTION TO ALTER THE HEARING SCHEDULE FOR SUMMARY JUDGMENT, *DAUBERT* AND ORIGINAL SOURCE MOTIONS** was served upon all counsel of record electronically by causing this motion to be posted via Lexis-Nexis.

                                                       /s/ Brian J. Murray