## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| **BMS PROPOSED SETTLEMENT** | Judge Patti B. Saris |

**PLAINTIFFS' NOTICE OF FILING OF REVISED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THE BMS CLASS SETTLEMENT, DIRECTING NOTICE TO THE CLASS AND SCHEDULING FAIRNESS HEARING**

Plaintiffs file herewith as Exhibit A a revised and agreed form of [Proposed] Order Granting Preliminary Approval of the BMS Class Settlement, Directing Notice to the Class and Scheduling Fairness Hearing (the "Proposed Order"). The parties have altered the Proposed Settlement as the Court directed at the August 4, 2009, preliminary approval hearing. More specifically, the Proposed Settlement now provides (i) another opportunity to request exclusion to those Class 1 members who remained part of the Medicare Part B beneficiary class previously certified in the litigation, and (ii) an enhanced, $105 payment to consumer class members of Class 3 who file claims and elect the "easy refund" option (in lieu of the $35 payment originally proposed). The relevant settlement documents, including the proposed forms of Notice and the Distribution Plan, have been modified accordingly.

The schedule of events embodied in the Proposed Order, which is based on the assumption that CMS provides by November the data necessary to provide individual mailed notice to Class 1, is as follows:

- 1 -

| Date | Event |
|---|---|
| November 14, 2009 | Mailing of individual notices; publication of notice |
| December 4, 2009 | Deadline for Class 1 members to return Claim Cards |
| January 15, 2010 | Deadline for objections, requests for exclusions, and notices of appearance |
| February 3, 2010 | Briefs in support of final approval and Class Counsel's fee petition due |
| February 9, 2010 | Final approval hearing |
| May 1, 2010 | Claims deadline for all Classes |

As the Court requested at the preliminary approval hearing, Class Counsel continue to explore the feasibility of obtaining contact information and co-payment information from TPPs for possible use in notifying or paying the consumer members of Class 3. Those efforts are not yet complete, but Class Counsel expect to be able to report back to the Court within the next three weeks.

Plaintiffs and BMS jointly request that the Court enter the Proposed Order.

DATED:  August 26, 2009

By:     s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Liaison Counsel

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Kenneth A. Wexler
Jennifer Fountain Connolly
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Jeffrey Kodroff
John A. Macoretta
SPECTOR, ROSEMAN, KODROFF
    & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
HOFFMAN & EDELSON LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Co-Lead Counsel for Plaintiffs

- 4 -

## CERTIFICATE OF SERVICE

       I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing pleading to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 26, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.

       By **/s/ Steve W. Berman**
          Steve W. Berman
          **HAGENS BERMAN SOBOL SHAPIRO LLP**
          1301 Fifth Avenue, Suite 2900
          Seattle, WA  98101
          (206) 623-7292

# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| BMS | Judge Patti B. Saris |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THE BMS CLASS SETTLEMENT, DIRECTING NOTICE TO THE CLASS AND SCHEDULING FAIRNESS HEARING

WHEREAS, this matter has come before the Court pursuant to *Plaintiffs' Motion for Entry of an Order Granting Preliminary Approval of the BMS Class Settlement and Approving the Form and Method of Notice to the Class* (the "Motion")*;* and

WHEREAS, the Court finds that it has jurisdiction over these actions and each of the parties for purposes of settlement;

WHEREAS, this Court has conducted a preliminary approval hearing on August 10, 2009, has considered all of the submissions related to the Motion and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

### I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1. The terms of the Settlement Agreement and Release of the BMS Group dated August 4, 2009, including all Exhibits thereto (the "Agreement"), attached to the Motion, are hereby preliminarily approved subject to further consideration thereof at the Fairness Hearing

provided-for below. This Order incorporates herein, and makes a part hereof, the Agreement. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein. The Agreement was entered into only after extensive arms'-length negotiation by experienced counsel and with the assistance and oversight of MDL Mediator Eric Green. The Court finds that the settlement embodied in the Agreement is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in paragraphs 7 and 8 of this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## II.   THE CLASS, REPRESENTATIVES AND CLASS COUNSEL

2. The Classes are defined as follows:

a. Consistent with the Court's January 30, 2006 *Order Re: Motion for Class Certification*, the Medicare Part B Co-Payment Class ("Class 1") is comprised of all natural persons nationwide who made, or were liable for all or any portion of, a Medicare Part B co-payment based on AWP for any BMS Subject Drug during the period from January 1, 1991 through December 31, 2004. Excluded from Class 1 are those who made flat co-payments, who were reimbursed fully for their co-payments, or who have the right to be fully reimbursed, as well as officers, directors, management and employees of the BMS Group or their subsidiaries and affiliates. Previously excluded from the litigation class certified on January 30, 2006 were residents of the states of Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana and Virginia; these residents are now included in Class 1 for purposes of the Settlement. The BMS Subject Drugs are: Blenoxane, Cytoxan, Etopophos, Paraplatin, Rubex, Taxol and Vepesid.

   b. The <u>Third-Party Payor MediGap Supplemental Insurance Class ("Class 2")</u> is comprised of all TPPs nationwide that, from January 1, 1991 through December 31, 2004, made, or incurred an obligation to make, reimbursements for any portion of a Medicare Part B co-payment based on AWP for a BMS Subject Drug.  Excluded from Class 2 are the officers, directors, management, and employees of the BMS Group or of any of their subsidiaries and affiliates.

   c. The <u>Consumer and Third-Party Payor Class for Payments Made Outside the Medicare Context ("Class 3")</u> is comprised of all natural persons nationwide who made, or were liable for all or any portion of, a non-Medicare Part B payment based on AWP for any BMS Subject Drug during the period from January 1, 1991 through December 31, 2004, and all TPPs nationwide that, from January 1, 1991 through December 31, 2004, made, or incurred an obligation to make, non-Medicare Part B reimbursements based on AWP for any BMS Subject Drug.  Excluded from Class 3 are those consumers who made flat co-payments, who were reimbursed fully for their payments, or who have the right to be fully reimbursed, as well as the officers, directors, management, and employees of the BMS Group or of any of their subsidiaries and affiliates.

Also excluded from all Classes are all federal, state, and local government entities in the United States, except any such governmental agencies or programs that made or incurred an obligation to make a reimbursement for a Class Drug as part of a health benefit plan for their employees, but only with respect to such payment.

   3. The Court preliminarily finds that the proposed settlement Classes meet all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3), and hereby certifies the Classes for

settlement purposes only.  The Court hereby incorporates the findings of its August 16, 2005 and January 30, 2006 *Orders Re: Motion for Class Certification* for Class 1.  The Court further preliminarily finds, in the specific context of this Settlement only, that:

      a.    *Numerosity*.  The Classes consists of tens-of-thousands of members located throughout the United States and satisfy the numerosity requirement of FED. R. CIV. P. 23(a).  Joinder of these widely-dispersed, numerous Class Members into one suit would be impracticable.

      b.    *Commonality*.  Common questions of law and fact with regard to the alleged activities of the BMS Group exist for each of the members of the Classes in this case.  These issues are central to this case and are sufficient to establish commonality.

      c.    *Typicality*.  Plaintiffs have claimed during this litigation that BMS violated various state consumer protection statutes, RICO and other state and federal laws, by unlawfully manipulating Average Wholesale Prices ("AWPs") reported by various industry publications for the BMS Subject Drugs.  As a result, Class Members allegedly paid more for the BMS Subject Drugs than they would have in the absence of the alleged unlawful conduct.  These claims are typical of every member of the Classes.  Therefore, the element of typicality is satisfied.

      d.    *Adequate Representation*.  Plaintiffs' interests do not conflict with those of absent members of the Classes, and Plaintiffs' interests are co-extensive with those of absent Class Members.  Additionally, this Court recognizes the experience of Lead Class Counsel Hagens Berman Sobol Shapiro LLP, Wexler Wallace LLP, Spector Roseman, Kodroff & Willis, PC, and Hoffman & Edelson LLC and finds that the requirement of adequate representation of the Classes has been fully met under FED. R. CIV. P. 23(g).

      e.    *Predominance of Common Issues*.  Plaintiffs commonly assert that the

BMS Group's actions caused the AWPs for the BMS Subject Drugs to be inflated, in turn causing all Class Members to pay more for the BMS Subject Drugs. In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

    f. *Superiority of the Class Action Mechanism.*  The class action mechanism provides a superior procedural vehicle for settlement of this matter compared to other available alernatives. Class certification promotes efficiency and uniformity of judgment because the many Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

  4. The designated representatives of the Classes are as follows.  Class 1:  Agnes Swayze.  Class 2:  United Food and Commercial Workers Unions and Employees Midwest Health Benefits Fund and Sheet Metal Workers National Health Fund.  Class 3:  Cheryl Barreca, Anna Choice, Joyce Dison, Donna Kendall, Sandra Leef, Gerald Miller, Constance Nelson, Andrea Palenica, Scott Tell, Pauline Vernick, Mardolyn Vescovi, United Food and Commercial Workers Unions and Employees Midwest Health Benefits Fund, Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust, Board of Trustees of Carpenters and Millwrights of Houston and Vicinity Welfare Trust Fund, and Teamsters Health & Welfare Fund of Philadelphia and Vicinity.

  5. The Court further preliminarily finds that the following firms fairly and adequately represent the interests of the Class and hereby appoints them as Lead Class Counsel pursuant to FED. R. CIV. P. 23(g):

> Hagens Berman Sobol Shapiro LLP
> 1301 Fifth Avenue, Suite 2900
> Seattle, WA  98101
>
> Spector, Roseman, Kodroff & Willis, P.C.
> 1818 Market Street, Suite 2500

>Philadelphia, PA  19103
>
>Wexler Wallace LLP
>55 W. Monroe, Suite 3300
>Chicago, IL  60603
>
>Hoffman & Edelson, LLC
>45 West Court Street
>Doylestown, PA  18901

6.  If the Agreement is terminated or is not consummated for any reason whatsoever, the certification of the settlement Classes shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not limited to the issues related to all claims, defenses and issues under Rule 23.

## II.     NOTICE TO CLASS MEMBERS

7.  The Court has considered the proposed notices and program for dissemination thereof  attached as Exhibit B  and G to the Settlement Agreement (collectively, the "Notice Plan") and finds that the Notice Plan meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), constitute the best notice practicable under the circumstances to all persons entitled to notice and satisfy the Constitutional requirements of notice.  The Court approves the Notice Plan in all respects and orders that notice be given in substantial conformity therewith commencing on or about November 14,, 2009.  One-half of the reasonable costs of preparing, printing, publishing, mailing and otherwise disseminating the notice, up to a maximum of $1,000,000, shall be paid by BMS in accordance with the Settlement Agreement, with the other half and any other amounts over the BMS maximum being advanced and reimbursed from the settlement fund.

8.  The Claims Administrator is Complete Claim Solutions.  Responsibilities of the Claims Administrator shall include the following:  (a) establishing a post office box and toll-free

phone number (to be included in the Long Form Notices and the Summary Notices (together, the "Notices" to the Class)) for purposes of communicating with Class members; (b) establishing and maintaining a website for purposes of posting the Notices, the Agreement and related documents; (c) accepting and maintaining documents sent from Class members, including Claim Cards and other documents relating to claims administration; and (d) administering claims for the allocation of the settlement funds among Class Members.

### III.     REQUEST FOR EXCLUSION FROM THE CLASS

9. Class members who wish to be excluded from the Classes shall mail a written notice of exclusion to the Claims Administrator, so that it is received no later than January 15, 2010 and shall clearly state the following:  the name, address, taxpayer identification number, telephone number and fax number (if any) of the individual or TPP who wishes to be excluded from the Class.  Each TPP must also identify its number of insured lives as of the date of the written notice of exclusion in order to be excluded.

10. Valid Class Opt-Outs shall not be bound by the Agreement, the Settlement, or the Final Order and Judgment.  Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Lead Class Counsel and BMS's Counsel.

11. Any member of the Classes that does not properly and timely mail a notice of exclusion as set forth in paragraph 9 above shall be automatically included in the Classes and shall be bound by all the terms and provisions of the Agreement and the Settlement and the Final Order and Judgment, whether or not such member of the Classes shall have objected to the Settlement and whether or not such member of the Classes makes a claim upon or participates in the Settlement.

## IV.   DISTRIBUTION PLAN AND CLAIMS PROCESS

12.     The Court preliminarily approves the Distribution Plan and Claims Process set forth in Exhibit F to the Settlement Agreement.

13.     To effectuate the Settlement and the provisions of the Notice Plan, the Claims Administrator shall be responsible for the receipt of all notices of exclusion and Claim Cards and supporting documentation, if any, required under the Distribution Plan and Claims Process. The Claims Administrator shall preserve (on paper or transferred into electronic format) all notices of exclusion, Claim Cards, and any and all other written documentation or communications from members of the Classes in response to the Notices for a period of five (5) years, or pursuant to further order of the Court. All materials received by the Claims Administrator from members of the Classes relating to the Agreement shall be available at all reasonable times for inspection and copying by Lead Class Counsel and BMS's Counsel, prior to payments being mailed to each Class Member.

14.     In order to be entitled to participate in the Settlement if it is effected in accordance with all of the terms and conditions set forth in the Agreement, each member of the Classes shall take the following actions and be subject to the following requirements as determined in the Distribution Plan and Claims Process:

(a)     Each Claim must satisfy the following conditions: (i) the Claim must be properly completed in accordance with the instructions thereon and submitted in a timely manner in accordance with subparagraph (a) of this paragraph along with any supporting documentation required under subparagraph (a); and (ii) the Claim must be signed under penalty of perjury;

(b)     Each Claim and supporting documentation, if any, shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Lead Class

Counsel about which claims should be allowed in whole or in part;

  (c)  The Claims Administrator will notify each member of the Classes who filed a Claim of any recommendation of disallowance, in whole or in part, of the Claim submitted by such Class Member and will set forth the reasons for any such disallowance.  Class Members shall be permitted a reasonable period of time to cure any deficiency with respect to their respective Claim and/or supporting documentation that is identified.  A copy of such notification shall also be sent by the Claims Administrator to Lead Class Counsel;

  (d)  All members of the Classes who do not submit timely Claims or required supporting documentation, or submit Claims that are disallowed and/or non-conforming supporting documentation that are not cured, shall be barred from participating in the Settlement (except to the extent that a Claim may be partially allowed) but otherwise shall be bound by all of the terms and provisions of the Agreement; and

  (e)  Each member of the Classes who submits a Claim shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall (subject to final approval of the Settlement) be bound by all the terms and provisions of the Agreement.

## V. CLASS SETTLEMENT FUND

15. The Court find that the Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

  (a)  The Escrow Account is established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

  (b) The Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

  (c) The assets of the Escrow Account are segregated from other assets of BMS, the transferor of the payment to the Settlement Fund.

16. Under the "relation back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

  (a) The Escrow Account met the requirements of paragraphs 15(a) and 15(b) of this Order prior to the date of this Order approving the establishment of the Escrow Account subject to the continued jurisdiction of this Court; and

  (b) BMS and the Claims Administrator may jointly elect to treat the Class Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Class Escrow Account met the requirements of paragraph 15(b) and 15(c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph 15 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Escrow Account on that date.

## VI. CONFIDENTIALITY

17. Any information received by the Claims Administrator in connection with this Settlement that pertains to a particular member of the Classes, or information submitted in conjunction with a notice of exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Lead Class Counsel, BMS, and the

Court, or as otherwise provided in the Agreement.

## VII.   FAIRNESS HEARING

18. A hearing on final settlement approval (the "Fairness Hearing") will be held on February 9, 2009 at 2:00 p.m. before this Court, at the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider, *inter alia*, the following: (a) whether the settlement Classes should be finally certified; (b) the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of the MDL Class Actions as to BMS, and the entry of final judgment as to BMS; (c) whether Class Counsel's application for attorneys' fees, expenses and incentive awards for the Class Representatives ("the Fee Petition") should be granted; and (d) whether to approve the Distribution Plan and Claims Process.

19. On or before February 3, 2010, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Settlement; and (ii) any Fee Petition. On or before February 3, 2010, BMS shall file with the Court any memoranda or other materials regarding item (i).

20. Any member of the Classes that has not filed a notice of exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of The BMS Group, the entry of final judgment as to The BMS Group, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless submitted to the Court and served

upon Counsel for the parties on or before January 15, 2010.  Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before January 15, 2010, and (b) serve copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Counsel to the parties on or before January 15, 2010.  Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

21. Counsel for the parties who must be served with all documentation described above in Paragraph 20 are as follows:

> Counsel for the Class
>
> Steve W. Berman
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 1301 Fifth Avenue, Suite 2900
> Seattle, WA  98101
>
> Counsel for Defendant BMS
>
> Lyndon M. Tretter
> HOGAN & HARTSON LLP
> 875 Third Avenue
> New York, NY  10022

22. The date and time of the Fairness Hearing shall be set forth in the Notice and Summary Notice, but shall be subject to adjournment by the Court without further notice to the members of the Classes other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Notice Plan.

23. All proceedings in the MDL Class Actions with respect to BMS are stayed and suspended, pending the Final Approval of the Settlement ("Final Approval"), except such

proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Settlement, or this Order.

24. Any Class member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed in Paragraph 21 above by January 15, 2010, and file it with the Court on or before January 15, 2010.

25. Pending Final Approval, no Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Class), shall commence, continue or prosecute against any BMS Group Releasee any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released upon Final Approval pursuant to the Agreement, such Class Members and are hereby enjoined from so proceeding. Upon Final Approval, all Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Agreement, and any such Class Member shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Agreement.

## VIII.   OTHER PROVISIONS

26. Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by this Order and the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

27. In the event the Settlement is terminated in accordance with the provisions of the Agreement, the Settlement and all proceedings had in connection therewith shall be null and

void, except insofar as expressly provided in the Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs and the BMS Group.

28. Neither this Order nor the Agreement shall constitute any evidence or admission of liability by the BMS Group, nor shall it be offered in evidence in this or any other proceeding except to (a) consummate or enforce the Agreement or the terms of this Order, or (b) by any Releasee in connection with any action asserting Released Claims.

Date:_____          _____
                                    Patti B. Saris
                                    United States District Judge