**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No.1456 <br> Master File No. 01-CV-12257-PBS <br> Subcategory Case No. 06-11337-PBS <br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: <br> *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation*, *et al.*, Civil Action No. 07-10248-PBS | Magistrate Judge Marianne B. Bowler |

**ROXANE'S INDIVIDUAL OPPOSITION TO THE UNITED STATES' MOTION TO HAVE CERTAIN MOTIONS BY DEFENDANTS HEARD BY THE DISTRICT COURT JUDGE IN CONJUNCTION WITH PENDING MOTIONS**

Boehringer Ingelheim Roxane, Inc. and Roxane Laboratories, Inc. (collectively "Roxane") opposes the Government's attempt to delay hearing on several discovery motions for the reasons set forth in Defendants' joint submission. (MDL Dkt. No. 6404; VAC Dkt. No. 385)

Roxane files this individual opposition memorandum with respect to its expedited motion to depose Carolyn Helton and Robin Kreush Stone to clarify the nature and the grounds of relief set forth in that motion. The Department of Justice misleadingly suggests that Roxane's motion is predicated "in large measure" on Federal Rule 56(f), and uses that as a purported basis to delay resolution on Roxane's need for expedited discovery. Roxane's motion does not rely solely on Rule 56, but also seeks relief under Federal Rules of Civil Procedure 26 and 37, as well as pursuant to the Court's inherent power to oversee discovery. This is plainly stated on the first page of Roxane's motion. (Ex. A) And, furthermore, Roxane's counsel specifically raised this very issue directly with DOJ counsel *prior* to the DOJ's filing of the instant motion.

The DOJ ignores the other bases of relief for Roxane's motion to fabricate an argument that Roxane's motion should be heard concurrently—or even after—this Court's summary judgment hearing. This is nothing more than tactical delay. The relief sought by Roxane is a

*predicate* to this Court's summary judgment hearing since it will allow further development of the factual record. As described more fully in Roxane's motion, the DOJ is seeking to re-write significant segments of the evidentiary record in this case with the submission of last-minute, litigation-driven declarations, and it provides no legitimate basis to impede timely resolution of Roxane's motion.

In any event, Roxane's motion, which Dey has properly joined, is a time-sensitive discovery motion that is properly before Magistrate Judge Bowler. Accordingly, Roxane respectfully requests this Court reject these dilatory tactics and instead allow the hearing to go forward properly before Magistrate Judge Bowler on September 14, 2009.

Dated: August 26, 2009

Respectfully submitted,

    /s/ Eric T. Gortner
Helen E. Witt, P.C.
Anne M. Sidrys, P.C.
Eric T. Gortner
John W. Reale
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
eric.gortner@kirkland.com

*On behalf of Defendants Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., and Roxane Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 26, 2009, a copy to LexisNexis File and Serve for posting and notification to all parties.


By: /s/ Eric T. Gortner
Eric. T. Gortner