# Exhibit 5

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp. et al.*
Civil Action No. 07-10248-PBS

Exhibit to the August 28, 2009 Declaration of James J. Fauci In Opposition To
Corrected Boehringer Ingelheim Corporation and Boehringer Ingelheim Pharmaceuticals, Inc.
Local Rule 56.1 Statement of Undisputed Material Facts
in Support of Their Motion For Summary Judgment

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL No.1456<br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation*, *et al.*, Civil Action No. 07-10248-PBS | ) ) ) ) ) ) ) |

**DEFENDANTS ROXANE LABORATORIES, INC., n/k/a BOEHRINGER INGELHEIM ROXANE, INC.'S AND ROXANE LABORATORIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND INTERROGATORIES**

Defendants Boehringer Ingelheim Roxane, Inc. and Roxane Laboratories, Inc. (collectively, "Roxane") respond to Plaintiff the United States of America's and Relator Ven-A-Care of the Florida Keys, Inc.'s (collectively, "Plaintiffs'") Second Interrogatories ("Interrogatories") as follows[1]:

**PRELIMINARY STATEMENT**

1.  In April 2005, Roxane Laboratories, Inc., a Delaware corporation, changed its name to Boehringer Ingelheim Roxane, Inc. ("BIRI"). BIRI remains a Delaware corporation. BIRI continues to manufacture pharmaceutical products. Also in April 2005, a new corporation, Roxane Laboratories, Inc., a Nevada corporation, was created. As of that time, the new Nevada corporation ("RLI Nevada") assumed responsibilities for sales and marketing of multi-source pharmaceutical products sold under the Roxane trade name. Because Plaintiffs' Interrogatories focus on the sale and marketing of Roxane products, for the purpose of these answers and objections to the Interrogatories, all responses regarding the time period before April 2005 will

---

[1] These Interrogatories are properly directed to Roxane. Defendants Boehringer Ingelheim Corporation and Boehringer Ingelheim Pharmaceuticals, Inc. hereby adopt Defendants Roxane Laboratories, Inc., n/k/a Boehringer Ingelheim Roxane, Inc.'s and Roxane Laboratories, Inc.'s Responses and Objections to Plaintiffs' Second Interrogatories.

be deemed to have been made on behalf of BIRI, while all responses after April 2005 will be deemed to have been made on behalf of RLI Nevada.

2. By responding to these Interrogatories, Roxane does not waive or intend to waive: (a) any objections to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information produced in response to the Interrogatories; (b) the right to object on any ground at any time to a demand for further response to the Interrogatories; or (c) the right at any time to revise, correct, add to, supplement or clarify any of the responses to the Interrogatories contained herein consistent with the applicable rules.

3. By responding that it will produce information responsive to the Interrogatories, Roxane does not represent that it has responsive information or that such information exists, only that it will conduct a reasonable search and produce responsive, non-objectionable, non-privileged information. No objection made herein, or lack thereof, is an admission by Roxane as to the existence or non-existence of any information.

4. The information supplied herein is solely for use in this litigation, consistent with the terms of the protective order in this case.

5. The responses made herein are based on Roxane's investigation to date of those sources within its control and reasonably accessible where it reasonably believes responsive information may exist. Roxane continues to search diligently for responsive information but nonetheless has not yet completed its document collection and review process. Roxane reserves the right, at any time, to amend or supplement these objections and responses with additional information that may become available or come to its attention, and to rely upon such information in any hearing, trial or other proceeding in this litigation in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, and orders of this Court. By this reservation, Roxane does not, however, assume a continuing responsibility to update its responses beyond the requirements of the applicable Federal Rules of Civil Procedure, Local Rules, and orders of this Court.

## GENERAL OBJECTIONS

1. Roxane hereby incorporates by reference all of its General Objections from its response to Plaintiffs' First Interrogatory, served on Plaintiffs on July 21, 2008, as part of its responses to the requests set forth below.

2. Roxane objects to Instruction B on the grounds that it is unduly burdensome and imposes a burden above and beyond the obligations contained in the Federal Rules of Civil Procedure.

3. Roxane objects to Instruction C to the extent it seeks to nullify or evade the attorney-client privilege or any other privilege or work-product protection. Roxane also objects on the grounds that it is overly broad and unduly burdensome and imposes obligations beyond those contained in the Federal Rules of Civil Procedure. Subject to and without waiving its objections,

2

Roxane states that it will produce a privilege log of any documents it withholds on the basis of privilege.

4. Roxane objects to Instruction D on the grounds that it is overly broad because Plaintiffs' earliest claim only extends back to 1996.

5. Roxane objects to Plaintiffs' definition of "AWP" or "Average Wholesale Price" as set forth in Definition A to the extent that it deviates from the particular historical definition that this term has carried within the pharmaceutical industry. Roxane further objects to this definition as argumentative because it assumes that Roxane does "report, advertise, publish or cause to be published, directly or indirectly, [a price] as the average wholesale price for any pharmaceutical.

6. Roxane objects to Plaintiffs' definition of "WAC" or "Wholesale Acquisition Cost" as set forth in Definition B on the grounds that it is overly broad, vague, and ambiguous. Roxane objects to the definition of "WAC" to the extent that it deviates from the particular historical definition that this term has carried within the pharmaceutical industry.

7. Roxane objects to Plaintiffs' definition of "Pharmaceutical" as set forth in Definition D on the grounds that it is overly broad and unduly burdensome because it is not limited to the drugs at issue in this case.

8. Roxane objects to Plaintiffs' definition of "Spread" as set forth in Definition E on the grounds that it is overly broad and unduly burdensome, particularly to the extent it refers to "other Roxane Pharmaceutical," and Roxane incorporates by reference its objection to the definition of the term "Pharmaceutical." Roxane also objects to the definition of "Spread" as misleading, vague, and ambiguous, particularly with respect to the phrases "actual acquisition cost paid by the purchaser(s)," and "price that was set . . .or arranged by the manufacturer."

9. Roxane expressly incorporates these General Objections set forth above into its specific responses to the Interrogatories as if set forth in full therein. The response to an Interrogatory shall not operate as a waiver of any applicable specific or general objection to the Interrogatory.

## SPECIFIC RESPONSES TO INTERROGATORIES

1. For each year from 1996 to the present, list the members of the Board of Directors for each defendant corporation, indicating the term for each board member listed.

**RESPONSE:**

In addition to the General Objections set forth above, Roxane objects to Interrogatory No. 1 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of

admissible evidence, especially because it seeks information beginning in 1996, which precedes Plaintiffs' alter ego allegations.

Subject to and without waiving the foregoing General and Specific Objections, Roxane states the following information:

**Roxane**

| Board of Directors Member | Term |
|---|---|
| Sheldon Berkle | 1996 - December 31, 2002 |
| Phillip Franks | 1996 - February 9, 1999 |
| Werner Gerstenberg | 1996 - December 31, 2002 |
| Walter Poerschmann | 1996 - May 1, 2005 |
| Gerald Wojta | 1996 - July 2, 1997 |
| Martin Carroll | January 1, 2003 - 2006 |
| Robert Fromuth | January 1, 2003 - August 31, 2005 |
| Thomas Zimmer | May 2, 2005 - 2006 |
| Wolfram Carius | September 1, 2005 - 2006 |

**Boehringer Ingelheim Corporation**

| Board of Directors Member | Term |
|---|---|
| Vaughn D. Bryson | 1996 - December 31, 2002 |
| Louis Fernandez | 1996 - May 15, 2000 |
| Werner Gerstenberg | 1996 - 2006 |
| Jere Goyan | 1996 - December 31, 2000 |
| Thomas Heil | 1996 - May 15, 2000 |

4

| | |
|---|---|
| Claus Rohleder | 1996 - December 31, 1997 |
| Heribert Johann | January 1, 1998 - June 30, 2000 |
| Timotheus R. Pohl | February 15, 1999 - March 14, 2002 |
| Alessandro Banchi | July 1, 2000 - December 31, 2003 |
| Joseph Cook, Jr. | January 1, 2001 - December 31, 2002 |
| Jack W. Schuler | June 1, 2001 - December 31, 2002 |
| Martin J. Carroll | January 1, 2003 - 2006 |
| Walter Poerschmann | January 1, 2004 - 2006 |

**Boehringer Ingelheim Pharmaceuticals, Inc.**

| Board of Directors Member | Term |
|---|---|
| Vaughn D. Bryson | 1996 - December 31, 2002 |
| Louis Fernandez | 1996 - May 15, 2000 |
| Werner Gerstenberg | 1996 - 2006 |
| Jere Goyan | 1996 - December 31, 2000 |
| Thomas Heil | 1996 - May 15, 2000 |
| Claus Rohleder | 1996 - December 31, 1997 |
| Heribert Johann | January 1, 1998 - June 30, 2000 |
| Timotheius R. Pohl | February 10, 1999 - March 14, 2002 |
| Alessandro Banchi | July 1, 2000 - December 31, 2003 |
| Joseph Cook, Jr. | January 1, 2001 - December 31, 2002 |
| Jack W. Schuler | June 1, 2001 - December 31, 2002 |
| Martin J. Carroll | January 1, 2003 - 2006 |

| Walter Poerschmann | January 1, 2004 - 2006 |

2.     For each year from 1996 to the present, list the dates on which meetings of the Board of Directors for each defendant corporation were held.

**RESPONSE:**

In addition to the General Objections set forth above, Roxane objects to Interrogatory No. 2 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, especially because it seeks information beginning in 1996, although alter ego allegations only extend so far back as 1999.  Roxane further objects to this Interrogatory on the grounds that it is unduly burdensome and seeks information that is equally available to Plaintiffs because Roxane has produced business records meeting minutes from Board of Directors meetings, on the CD labeled RLI DOJ 0029, from which the information Plaintiffs seek can be obtained, per Federal Rule of Civil Procedure 33(d).

3.     List all Pharmaceuticals that were sold by one defendant company to another from 1994 to the present, indicating the Pharmaceutical sold, the selling company, purchasing company, the persons at each company responsible for negotiating the sale terms, the date of sale, price, whether the terms were memorialized in a written contract, how the sale was accounted for on each company's books, and whether and how the procedures for effecting each such "affiliate" sale differed from Your general practice and procedures for sales of Pharmaceuticals to third parties.

**RESPONSE:**

In addition to the General Objections set forth above, Roxane objects to Interrogatory No. 3 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it requests information outside the relevant time period of this case, and is not limited to the drugs at issue in this case.  Roxane further objects to this Interrogatory on the grounds that the terms or phrases "sold," "sale," and "how the sale was accounted for on each company's books," are vague, ambiguous, and undefined.

6