# Exhibit 34

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v.  Boehringer Ingelheim Corp. et al.*
Civil Action No. 07-10248-PBS

Exhibit to the August 28, 2009 Declaration of James J. Fauci In Opposition To
Corrected Boehringer Ingelheim Corporation and Boehringer Ingelheim Pharmaceuticals, Inc.
Local Rule 56.1 Statement of Undisputed Material Facts
in Support of Their Motion For Summary Judgment

```
                    NO. GV3-03079

THE STATE OF TEXAS              ) IN THE DISTRICT COURT
                                )
ex rel.                         )
   VEN-A-CARE OF THE            )
   FLORIDA KEYS, INC.,          )
        Plaintiff(s),           )
                                )
VS.                             ) TRAVIS COUNTY, TEXAS
                                )
ROXANE LABORATORIES, INC.,      )
BOEHRINGER INGELHEIM            )
PHARMACEUTICALS, INC., BEN      )
VENUE LABORATORIES, INC. and    )
BOEHRINGER INGELHEIM            )
CORPORATION,                    )
        Defendant(s).           ) 201ST JUDICIAL DISTRICT
```

*******************************************************

ORAL AND VIDEOTAPED DEPOSITION OF
RICHARD FELDMAN
November 17, 2004
(ATTORNEYS' EYES ONLY PENDING ENTRY OF
CONFIDENTIALITY ORDER)

*******************************************************

   ORAL AND VIDEOTAPED DEPOSITION OF RICHARD FELDMAN, produced as a witness at the instance of the Plaintiff(s), and duly sworn, was taken in the above-styled and numbered cause on the 17th of November, 2004, from 9:15 a.m. to 4:42 p.m., before CYNTHIA VOHLKEN, CSR in and for the State of Texas, reported by machine shorthand, at the offices of Robinson & Cole, One Boston Place, Boston, Massachusetts, pursuant to the Texas Rules of Civil Procedure and the provisions attached previously.

```
 1                   A P P E A R A N C E S
 2    FOR THE PLAINTIFF(S):
 3            Mr. Joseph V. Crawford
              Wright & Greenhill, P.C.
 4            221 West 6th Street, Suite 1800
              Austin, Texas  78701-3495
 5
      FOR THE RELATOR:
 6
              Mr. Jarrett Anderson
 7            Anderson LLC
              1300 Guadalupe, Suite 103
 8            Austin, Texas  78703
 9    FOR THE DEFENDANT(S):
10            Mr. Stephen E. McConnico
              Scott, Douglass & McConnico, L.L.P.
11            One American Center, Fifteenth Floor
              600 Congress Avenue
12            Austin, Texas 78701
13            -and-
14            Mr. Edward Miller
              Assistant General Counsel, Legal Department
15            Boehringer Ingelheim Pharmaceuticals, Inc.
              900 Ridgebury Road
16            P.O. Box 368
              Ridgefield, Connecticut 06877-0368
17
      FOR THE U.S. DEPARTMENT OF JUSTICE:
18
              Mr. George B. Henderson
19            Assistant U.S. Attorney
              U.S. Department of Justice
20            U.S. Attorney's Office
              United States Courthouse
21            1 Courthouse Way
              Suite 9200
22            Boston, Massachusetts  02210
23    ALSO PRESENT:
24            Mr. Hank Wisrodt, Videographer
25                       *-*-*-*-*
```

1  referring to when you say "the net price"?
2      A.   A long time ago it would probably be the
3  wholesale price less any rebate that was offered.
4      Q.   What type of rebate?
5      A.   It could be a rebate for the source program.
6      Q.   So, for instance, the net price that you're
7  referring to there could be what's shown in Exhibit
8  858 and its attachment under the far right-hand column
9  titled "Rebate to"?
10     A.   It could have been, yes.
11     Q.   All right.  Other than the -- the files that
12 were utilized to maintain the prices -- the price
13 information reflected in Exhibit 26, was there any
14 other databases or files that were used to maintain
15 the net prices to wholesalers?
16     A.   Don't know.
17     Q.   Again, do you think that marketing and
18 contracts would be knowledgeable about where, if
19 anywhere, those files were maintained?
20     A.   They should.  I would assume so.
21     Q.   That's who you and your sales group would
22 call upon to get that type of information, right?
23     A.   Yes.
24     Q.   When you physically moved to Connecticut and
25 began working for BIPI in January of '01, you

1  maintained the same job title.  Did you basically call
2  upon the same customers as well?
3      A.  In general, yes.
4      Q.  And the only difference was that you were
5  primarily selling Boehringer Ingelheim brand products
6  at that point as opposed to Roxane generic products?
7      A.  Yes.
8      Q.  Was there a time when you had dual
9  responsibilities and you were -- you or the people
10 reporting to you were selling both Boehringer
11 Ingelheim brand products and Roxane generics together?
12     A.  Yes.
13     Q.  What -- roughly when was that time frame?
14     A.  From when I was hired until probably the time
15 I -- that January of whatever year it was until we
16 switched on BI.
17     Q.  From -- okay.  Let's try to put some dates on
18 that.  From like 12 of '96 all the way -- December of
19 '96 all the way until like January of '01 when you
20 physically moved to Boehringer Ingelheim?
21     A.  Yes.
22     Q.  So during that time period you -- you and
23 your group were selling products for both companies;
24 is that right?
25     A.  Yes.