UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)  MDL No. 1456<br>)  Civil Action No. 01-12257-PBS<br>) |
| **THIS DOCUMENT RELATES TO:** | )  Subcategory 06-11337-PBS<br>)  Hon. Patti B. Saris |
| *U.S. ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.* No. 07-CV-11618-PBS | )<br>)<br>) |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Ven-A-Care of the Florida Keys, Inc. ("VAC"), moves for partial summary

judgment under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, against Abbott for the

Erythromycin drugs identified in the Complaint that (1) Abbott's reported average wholesale

prices ("AWPs") and WACs were false and that AWPs that Abbott caused to be published by the

pricing compendia were false; (2) Abbott "knowingly" reported such false prices under the FCA;

(3) Abbott's false AWPs and WACs for the Erythromycin drugs constituted false statements and

caused the submission of false claims to the Medicaid program and caused the State programs to

submit false claims to the federal government for federal monies; and also that (4) certain of

Abbott's Affirmative Defenses do not absolve Abbott of liability under the FCA.[1]

---

[1]  VAC moves for summary judgment as to the following Affirmative Defenses:  Good
faith, established industry practice (Seventh Affirmative Defense); laches, estoppel and waiver
(Eleventh); Abbott's actions were not proximate cause of any injury (Thirteenth); Abbott did not
make any false statements to the plaintiff, or if false or misleading, Abbott had no reasonable
grounds to believe and did not believe that the statements were false or misleading (Fifteenth); in
pari delicto or unclean hands (Nineteenth); Plaintiff's failure to follow state and federal
regulatory obligation to set reimbursement rate at appropriate Estimated Acquisition Cost
(Twentieth); failure to mitigate damages,  plaintiff would be unjustly enriched,  consent or
ratification to extent government paid for drug products after initial complaint filing in 1998,
(Twenty-fifth); Abbott's conduct was not material to any alleged injuries suffered by plaintiff

Plaintiff is filing an accompanying brief, Local Rule 56.1 Statement of Undisputed Material Facts, a Declaration of Susan Schneider Thomas, and Declaration of Ian M. Dew in support of this Motion.

WHEREFORE Plaintiff asks that this Motion be granted and that the Court grant summary judgment in favor of VAC that:

(1)     Abbott's reported AWPs and WACs for the Erythromycin drugs identified in the Complaint were false, and that the AWPs that Abbott caused to be published were false;

(2)     Abbott "knowingly" reported such false prices under the FCA;

(3)     Abbott's false AWPs and WACs for the Erythromycin drugs constituted false statements and caused the submission of false claims to the Medicaid program and caused the State programs to submit false claims to the federal government for federal monies; and

(4)     Abbott's Affirmative Defenses (Good faith, established industry practice (Seventh Affirmative Defense); laches, estoppel and waiver (Eleventh); Abbott's actions were not proximate cause of any injury (Thirteenth); Abbott did not make any false statements to the plaintiff, or if false or misleading, Abbott had no reasonable grounds to believe and did not believe that the statements were false or misleading (Fifteenth); in pari delicto or unclean hands (Nineteenth); Plaintiff's failure to follow state and federal regulatory obligation to set reimbursement rate at appropriate Estimated Acquisition Cost (Twentieth); failure to mitigate damages,  plaintiff would be unjustly enriched,  consent or ratification to extent government paid for drug products after initial complaint filing in 1998, (Twenty-fifth); Abbott's conduct was not material to any alleged injuries suffered by plaintiff (Thirty-First);  no reliance by United States

---

(Thirty-First);  no reliance by United States or states (Thirty-Second); plaintiff knew and was aware the AWP was not an actual average of wholesale prices or the actual acquisition cost of drugs (Thirty-Sixth); and contributory or comparative fault because of plaintiff's own conduct or failures (Thirty-Ninth).

or states (Thirty-Second); plaintiff knew and was aware the AWP was not an actual average of

wholesale prices or the actual acquisition cost of drugs (Thirty-Sixth); and contributory or

comparative fault because of plaintiff's own conduct or failures (Thirty-Ninth)) do not absolve

Abbott of liability under the Federal False Claims Act.


Respectfully submitted,

For the relator, Ven-A-Care of the Florida
Keys, Inc.,

    /s/ James J. Breen                                    /s/ Susan Schneider Thomas    
JAMES J. BREEN                                     SUSAN SCHNEIDER THOMAS
The Breen Law Firm, P.A.                         GARY L. AZORSKY
5755 North Point Parkway                       ROSLYN G. POLLACK
Alpharetta, Georgia  30022                    Berger & Montague, P.C.
Phone: (770) 740-0008                           1622 Locust Street
                                            Philadelphia, PA  19103
                                          Phone:  (215) 875-3000

C. JARRETT ANDERSON
Anderson, LLC
208 West 14th Street, Suite 3-B
Austin, TX 78701
Phone: (512) 469-9191

I hereby certify that I have this day caused an electronic copy of the above **PLAINTIFFS'**

**MOTION FOR PARTIAL SUMMARY JUDGMENT** to be served on all counsel of record

via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a

copy to LexisNexis File & Serve for posting and notification to all parties.


Dated:  August 28, 2009                              /s/ Susan Schneider Thomas
                                                     Susan Schneider Thomas