# Exhibit 311

*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, **Civil Action No. 05-11084-PBS**

**Exhibit to the August 28, 2009 Declaration of Sarah L. Reid in Support of Dey's Opposition to Plaintiffs' Motion for Partial Summary Judgment**

918

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

MDL No. 1456

Master File No. 01-CV-12257-PBS

- - - - - - - - - - - - - - - - - - - - - - -x

IN RE:   PHARMACEUTICAL INDUSTRY

AVERAGE WHOLESALE PRICE LITIGATION

---

THIS DOCUMENT RELATES TO:

United States of America ex rel.

Ven-A-Care of the Florida Keys, Inc.,

et al., v. Dey, Inc., et al.,

Civil Action No. 05-11084-PBS

- - - - - - - - - - - - - - - - - - - - - -x

(Cross caption follows on next page.)

July 23, 2008

9:01 a.m.


VOLUME IV


Continued Videotaped Deposition

of JOHN LOCKWOOD, M.D.

986

1   A.   That would bring it back to even but
2   it's not what happens in the marketplace, I mean.
3   Q.   Let's say that there is an upcharge,
4   the wholesaler can add an upcharge on top of the
5   contract price when it distributes the product to
6   the pharmacy; right?
7           MR. BREEN:  Objection to form.
8   A.   They can to do that yes, sometimes.
9   Q.   And the upcharge is set by the
10  wholesaler; right?
11          MR. BREEN:  Objection to form.
12  A.   That's my understanding.
13  Q.   The drug manufacturer doesn't set the
14  upcharge that the wholesaler charges the
15  pharmacy; right?
16  A.   No, my understanding is the wholesaler
17  sets what is referred to as an upcharge between
18  the wholesaler and the customer, but sometimes
19  the upcharge can be a negative amount.
20  Q.   Which would also be set by the
21  wholesaler though?
22  A.   Correct.