# Exhibit 404

*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, **Civil Action No. 05-11084-PBS**

**Exhibit to the August 28, 2009 Declaration of Sarah L. Reid in Support of Dey's Opposition to Plaintiffs' Motion for Partial Summary Judgment**

```
                                                                    Page 1
  1              UNITED STATES DISTRICT COURT

  2           FOR THE DISTRICT OF MASSACHUSETTS

  3   ------------------------------------X  MDL NO. 1456

  4   IN RE:  PHARMACEUTICAL INDUSTRY      :  CIVIL ACTION:

  5   AVERAGE WHOLESALE PRICE LITIGATION   :  01-CV-12257-PBS

  6   ------------------------------------X

  7   THIS DOCUMENT RELATES TO:            :

  8   U.S. ex rel. Ven-A-Care of the       :  CIVIL ACTION:

  9   Florida Keys, Inc. v. Abbott         :  06-CV-11337-PBS

 10   Laboratories, Inc.                   :

 11   ------------------------------------X

 12

 13              IN THE CIRCUIT COURT OF

 14           MONTGOMERY COUNTY, ALABAMA

 15   ------------------------------------X

 16   STATE OF ALABAMA,                    :  CASE NO.

 17           Plaintiff,                   :  CV-05-219

 18       v.                               :

 19   ABBOTT LABORATORIES, INC.,           :  JUDGE

 20   et al.,                              :  CHARLES PRICE

 21           Defendants.                  :

 22   ------------------------------------X
```

```
 1        Q.   Because I'll tell you what I'm trying to
 2   figure out, and you can -- maybe you can help me.
 3   I'm trying to figure out whether the portions of
 4   the Office of Inspector General that did these
 5   reports and came up with these conclusions and
 6   studied these acquisition costs were running on
 7   some sort of a parallel track to the studies that
 8   you were doing or whether the two of you
 9   communicated at all. How would I figure that out?
10        A.   I guess I -- if people could recall and
11   tell you.  If there are notes in the work paper
12   file of meetings.
13        Q.   Okay. And, admittedly, this is about
14   eleven years ago.  Fair to say that your memory
15   would have been better ten years ago than it is
16   today?
17             MR. NEAL:  Objection as to form.
18   BY MR. COOK:
19        Q.   It's not a trick question.  I'm really
20   not trying to trick you.  Let me rephrase that.
21             If I had asked you this question in 1997, is
22   there a better chance that you would remember it
```

Page 232

```
 1    than if I ask you today, eleven years later?
 2             MR. NEAL:  The same objection.
 3             THE WITNESS:  I would think there would
 4    be a better chance.
 5    BY MR. COOK:
 6        Q.   Not a certainty by any means, right?
 7        A.   No.
 8        Q.   But your memory fades over time,
 9    correct, as does everybody's?
10        A.   I believe my memory fades over time.
11        Q.   And is it fair to say that your memory
12    has faded over time with respect to the reports
13    that you conducted as part of the Office of
14    Inspector General in 1996?
15        A.   Yes.
16        Q.   I think we can be very quick on Exhibit
17    Abbott 084, given your answers, but we'll try.
18    Could you take a look at it for me and tell me if
19    you recognize it.
20        A.   I recognize it as a -- what looks like
21    an audit memorandum report, a report.
22        Q.   Do you recall reading this report?
```