# Exhibit 374

# PART 29

*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*, **Civil Action No. 05-11084-PBS**

**Exhibit to the August 28, 2009 Declaration of Sarah L. Reid in Support of Dey's Opposition to Plaintiffs' Motion for Partial Summary Judgment**

required, for the purpose of authenticating the writing; (b) regarding any deposit account of any kind maintained in the name of debtor, and likewise maintained in/under the Social Security Account Number of Debtor, with any bank, without further consent of Debtor, and without liability: (i) to originate instructions for the deposit-account bank and direct the disposition of funds in any such deposit account by acting as sole and exclusive signatory on said deposit account;(ii) to receive, open, and dispose of all written communication, correspondence, and mail concerning any such deposit account sent by any such deposit-account bank; (iii) to compose, finalize, authenticate, and send all written communication, correspondence, and mail concerning any such deposit account with any such deposit-account bank; and (iv) to maintain exclusive possession of any and all debit cards, ATM (Automated Teller Machine) cards, and other similar types of cards, as well as all checkbooks, savings books, passbooks, and other types of account books, re any and all such deposit accounts of any kind whatsoever maintained with any bank; (c) to demand, collect, receive, accept receipt for, sue for, and recover all sums of money and other property which are now, and may hereafter become, due, owing, and payable in favor of the Debtor; (d) to execute, sign, and indorse any and all claims, instruments, receipts, checks, drafts, and warrants issued for, and made payable in favor of, Debtor; (e) to settle and compromise any and all claims, now existing and as might hereafter arise, against Debtor, and against any item of Collateral; and (f) to file any claims, take any action, and institute and participate in any proceedings, both in the name of Debtor and under the distinctive appellation of Secured Party, as well as otherwise, which, in the sole discretion of Secured Party, may be deemed necessary and advisable. Secured Party may also receive, open, and dispose of mail indicating any alleged address of Debtor, and change any address concerning which mail and payments should be sent. This authorization is given as security for the indebtedness. And the authority hereby conferred is irrevocable and remains in full force and effect until renounced, in writing, and signed by Secured Party.

**Perfection of Security Interest.** (a) Debtor authorizes Secured Party's filing of a financing statement, and continuation statements as needed, describing Collateral, as well as any and all agricultural liens and other statutory liens against Debtor held by Secured Party; (b) Debtor also authorizes execution of such financing statements by Secured Party, and agrees that Debtor will take all other such actions reasonable requested by Secured Party, for perfecting and continuing Secured Party's security interest in Collateral, and also consents and agrees as follows : (i) Secured Party may at any time, without further authorization from Debtor, file carbon, photographic, and other types of reproductions of any herein-authorized financing statement, as well as this Security Agreement for use as a financing statement; and (ii) Secured Party is neither responsible for taking any steps necessary for the preservation of any third-party rights in Collateral, nor for protecting, preserving, maintaining, and the like any security interest granted any third party in Collateral.

**Event of Default.** Any event listed within any category below constitutes default under this Security agreement: (a) Insolvency of Debtor, appointment of a receiver for any part of Debtor's property, any assignment for the benefit of a third-party creditor, as well as commencement of any proceeding under any set of laws, e.g. bankruptcy law, by Debtor, as well as against Debtor; (b) Commencement of foreclosure by judicial proceeding, self-help, repossession, as well as any other method by any third-party creditor of Debtor against any item of Collateral that is the subject of this Security Agreement; (c) Attachment, execution, lien, levy, and the like concerning any item of collateral; (d) Failure of compliance of Debtor with any term, obligation, covenant, condition, and the like, contained in (i) the written, express Private Agreement No. **061619592883-MTRB** PA dated the 17th Day of the Sixth Month in the Year of our Lord One

## SECURITY AGREEMENT

Thousand Nine Hundred Seventy-Seven between Debtor, i.e. MICHAEL TODD RICKS© also known by any and all derivatives and variation in the spelling of said name except "Michael Todd Ricks-Beye" and the Secured Party, Michael Todd Ricks-Bey©, (ii) this Security Agreement, and (iii) any related document, as well as in any other agreement/contract between Debtor and Secured Party.

**Rights and Remedies in Event of Default.**  In event of default under this Security Agreement, as well as under all related documents and other agreements and contracts between Secured Party and Debtor, as well anytime thereafter, Secured Party shall have all rights of a Secured Party in commerce re Debtor. In addition, and without limitation, Secured Party may exercise any number of the following rights and remedies:

**Sell Collateral**  Secured Party possesses full power to sell, lease, transfer, and other wise deal with Collateral and proceeds thereof both in the name of Debtor and under the distinctive appellation of Secured Party.  Secured Party may sell Collateral in any manner and at any place, such as at public auction, private sale, and otherwise without further notice.  All expenses involving the disposition of collateral, including, without limitation, the expenses of holding insuring preparing for sale, and selling Collateral, become part of the indebtedness secured by this Security Agreement and are payable on demand.

**Appoint Receiver.**  In accordance with the requirements and options permitted by applicable law, Secured Party possesses the following rights and remedies regarding appointment of a receiver: (a) Secured Party may have a receiver appointed as a matter of right; (b) the receiver may be an employee of Secured Party and may serve without bond; and (c) all fees of receiver, and all fees of any attorney of receiver, become part of the indebtedness secured by this Security Agreement and are payable on demand, with interest at the Note rate, unless payment of interest at that rate is not permitted by applicable law, in which event such unpaid fees shall bear interest at the highest rate permitted by applicable law from date incurred until repaid.

**Collect Revenues.**  Apply Accounts.  Secured Party, both in Secured Party's personal capacity and through a receiver, may collect the payments, rents, incomes, and revenues from Collateral.  Secured Party may at any time, at the sole discretion of Secured Party, transfer any Collateral under the distinctive appellation of Secured Party, as well as into the name of any nominee of Secured Party, and receive the payments, rents, incomes, and revenues therefrom, and may hold same as security for the indebtedness, apply payments in favor of the indebtedness in any order of priority that secured Party may determine. Insofar as Collateral consists of accounts, general intangibles, deposit accounts, insurance policies, instruments, chattel paper, chooses in action, and any similar property, Secured Party may demand, collect, receive, execute receipt for, settle, compromise, adjust sue for, foreclose, and realize on Collateral as Secured Party may determine, concerning both indebtedness and Collateral, whenever due.

**Obtain Deficiency.**  If Secured Party decides to sell any item of Collateral, Secured Party may obtain a judgment against Debtor for any deficiencies remaining on the indebtedness that Secured Party might be owed after application of all amounts received from the exercise of the rights provided in the Security Agreement.  Debtor is liable for a deficiency even if the transaction described in this subsection is a sale of accounts, and likewise, of chattel paper.

Form: SA-111219792883-MTRB                                                              Secured Party: Michael Todd Ricks-Bey©

For the Security Agreement 1977 by the Michael Todd Ricks-Bey©

## SECURITY AGREEMENT

**Cumulative Remedies.** All of Secured Party's rights and remedies, as evidenced by this Security Agreement, as well as by any related documents and by any other writing, are cumulative and may be exercised both singularly and concurrently. Pursuit by Secured Party of any remedy does not exclude pursuit of any other remedy, and making expenditures and taking action for performing an obligation of Debtor under this Security Agreement, after Debtor's failure of performance, does not affect Secured Party's right to declare a default and exercise the remedies therefore.

**Other Rights and Remedies.** Secured Party possesses all rights and remedies of a secured creditor under the Uniform Commercial Code, as may be amended upon agreement between the parties. In addition, Secured Party possesses, and may exercise, any and all other rights and remedies available at law, in equity, and otherwise.

<u>Rules of Construction.</u> In this Security Agreement: (a) neither the use of nor the referencing of the term "proceeds" authorizes any sale, transfer, other disposition, and the like of Collateral by Debtor; (b) the words "include," "includes," and including" are not limiting; (c) the word "all" includes "any" and the word "any" includes "all,"; (d) the word "or" is not exclusive; and (e) words and terms (i) in the singular number include the plural, and in the plural, the singular; and (ii) in the masculine gender include both the feminine and neuter.

<u>Miscellaneous Provisions.</u> The following miscellaneous provisions are a part of this Security Agreement:

**Amendments.** This Security Agreement, together with all related documents and endorsements, constitutes the entire understanding and agreement of the parties re the matters set forth in this Security Agreement. This Security Agreement may neither be changed nor modified in any manner whatsoever unless said change/modification is agreed upon by Secured Party in writing and signed by Debtor and Secured Party.

**Further Assurances.** Upon reasonable request by Secured Party, Debtor consents and agrees that Debtor will execute any further documents and take any further actions requested by Secured Party that augment any of the following: (a) evidencing the security interest granted herein; (b) perfecting the security interest granted herein; (c) maintaining first priority of the security interest granted herein; (d) effectuating rights herein granted Secured Party by Debtor.

**Severability.** In the event that a court of original and general jurisdiction at common law, such as an Article III court of justice arising under the Constitution of the United States of America, 1787, with the Bill of Rights of 1791, as lawfully amended by the qualified Electors of the several States of this American Union, and laws of the *de jure* United States of America, and such as a court of justice in accordance with the course of the common law arising under the Constitution of the Colorado republic, as amended by the qualified Electors of said Colorado Republic and the laws of the *de jure* Colorado, judicially determines that any part of this Security Agreement, including any amendment, addendum, revision, and the like is unacceptable for any reason, such as on the basis of being unlawful, invalid , void, unenforceable, and the like, such provision is thereby severed from this Security Agreement, but every remaining provision continues in full force and effect and may not be affected by such determination. If feasible, any such offending provision is deemed modified for insulation within the limits of enforceability and validity. In the even that the offending provision cannot be so modified,

## SECURITY AGREEMENT

said offending provision is thereby stricken and all other provision of this Security Agreement in all other respects remain valid and enforceable by Secured Party.

**Waiver.** Neither Secured Party's actions, nor Secured Party's omissions, may be construed as a waiver of any rights under this Security Agreement unless specifically so waived in writing and signed by Secured Party. Neither delay nor omission on the part of Secured Party in exercising any right may operate as a waiver of such right, nor may it operate as a waiver of any other right. A waiver by Secured Party of a provision of this Security Agreement neither prejudices, nor constitutes a waiver of, Secured Party's right for otherwise demanding strict compliance with that provision, and any other provision, of this Security Agreement. Neither prior waiver by Secured Party, nor any course of dealing between Secured Party and Debtor, may constitute a waiver of any Secured Party's rights, nor of any of Debtor's obligations re any future transactions. Whenever the consent of Secured Party is required under this Security agreement, the granting of such consent by Secured Party in any instance may not be construed as constituting continuing consent for subsequent instances where such consent is required, and in all cases such consent may be granted and withheld in the sole discretion of Secured Party.

The Secured Party reserves the right to satisfy and judgment, lien, levy, debt, or obligation, whether unsecured, secured, or purported to be secured, against DEBTOR by executing a Bill of Exchange against the Fidelity Bond registered herewith.

**This Security Agreement is not dischargeable in bankruptcy court. Secured Party is holder in due course of all negotiable instruments referencing, bearing upon, and deriving form all property and Collateral referenced herein. All Collateral is exempt from levy and third-party lien.**

**This Security Agreement secures any and all indebtedness and liability whatsoever that Debtor owes in favor of secured Party, both direct and indirect, absolute and contingent, due and as might become due, now existing and hereafter arising, and howsoever evidenced. This Security Agreement also secures any other debt that may be owed by Debtor, as arising, upon occasion, for the benefit of Secured Party**

**Debtor acknowledges, consents, and agrees with all provisions of this security agreement and agrees that Debtor is bound by all terms and condition as set forth herein.**

This Security Agreement No. 111219792883-MTRB is dated: the 17th Day of the Sixth Month in the Year of Our Lord One Thousand Nine Hundred Seventy-Seven.

## X.  SIGNATURES

The Parties executes this Security Agreement, Certified and Sworn True, on the Secured Party's" Inhabitant's Unlimited Commercial Liability. Secured Party ACCEPTS with House Joint Resolution 192 of June 5th, 1933, UCC § 1-104, 10-104 and UCC § 3-419. All signatures in accord with UCC §§ 3-419. Secured Party accepts Debtor's signature in accord with UCC §§ 1-201 (39), 3-401(b) and accepts for value this Security Agreement

Form: SA-111219792883-MTRB　　　　　　　　　　　　　　　　　Secured Party: Michael Todd Ricks-Bey©

**NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT**
**AND**
**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL**

Executed this 17th day of June 1977 and signed this 11th day of March 2007 C.E.

MICHAEL TODD RICKS
MICHAEL TODD RICKS
DEBTOR, TRANSMITTING UTILITY
Employer ID. 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
ALL DEBTOR Jointly & Severally
Are bound as one DEBTOR CORPORATION

Michael-Todd: Ricks-Bey©, Sui Juris
Secured Party, **"Moorish Inhabitant"**
Holder In Due Course
**Unlimited** Commercial Liability
Without Prejudice UCC § 1-308

Secured Party accepts Debtor's signature in accord with UCC §§ 1-201 (39), 3-401(b) and accepts for value this Security Agreement

**VERIFICATION**

Washitaw Nation of Muurs    )
Republic of Oklahoma         ) SS VERIFIED DECLARATION
County of Beckham            )

I, Michael-Todd: Ricks-Bey©, Declaration herein, one of the Private People in the Washitaw Nations of Muurs, de Dugdah Mound Ya and Commonwealth of Virginia Republic, one of The United States, of America, a union of republic states under penalties of perjury under The Laws of The United States of America and of the Virginia Republic or any "STATE OF", that Declarant is competent to be a witness and that the facts contained herein are true, correct, complete, and not misleading, to the best of Declarent's personal knowledge and belief. As a Notary Public for said County and State, I do hereby certify that on this 11th day of March, 2007, that Michael-Todd: Ricks-Bey©, the above mentioned, appeared before me and executed the foregoing. Witness my hand and seal:

_____ Seal
Notary Public
My Commission Expires: 04/20/11



Form: SA-111219792883-MTRB

Secured Party: Michael Todd Ricks-Bey©

For the Security Agreement 1977 by the Michael Todd Ricks-Bey©

Page 17 of 17

# COMMERCIAL SECURITY AGREEMENT
## NON-NEGOTIABLE—NON-TRANSFERABLE
### FILED FOR RECORD

**PARTIES**

**DEBTOR**
MICHAEL TODD RICKS
ORGANIZATION, TRADE MARK, TRADE NAME
(and all derivatives thereof)
KCCC POST OFFICE BOX 2000
49777 COUNTY ROAD V
BURLINGTON, CO 80807

Secure Party

Michael-Todd
Family/Tribe name: Ricks-Bey
c/o Post Office Box 2000
49777 County Road V
Burlington, near [80807-0020]
Colorado, Republic

ORGANIZATION ID #849816
UCC CONTRACT TRUST ACCOUNT: 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

## AGREEMENT

This Commercial Security Agreement is made and entered on June 17th, 1977, by and between the 'real man' Michael Todd, of the Ricks-Bey family/tribe, (hereinafter as Secured Party) and the Juristic Person/Entity/Dummy Corporation MICHAEL TODD RICKS, ORGANIZATION (hereinafter known as DEBTOR) Social Security Number# 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.

**NOW, THEREFORE**, it is hereby agreed as follows,

In consideration for the Secured Party agreeing to provide certain collateral and goods, identified herein below, and certain accommodations to the Debtor including, but not limited to, allowing the DEBTOR to act as an agent, utilized for the purpose of transmitting commercial activity for the benefit of the Secure Party to the extent that the context otherwise require, for the purpose of conducting traffic in commercial activity, as a pipeline for the transmission of goods and chattel property and paper; and, as security for payment of all sums due, or to become due or owning by debtor to Secure party, Debtor hereby grants to Secured party for valuable consideration Bond also interest in Collateral described herein below and agrees to provide to Secured Party the Indemnification Bond also contained herein below, securing the indebtedness and aggress that the Secured party shall have the rights stated in this Agreement with respect to the collateral in addition to all other rights which Secure party may have by law.

The security interest granted herein secures any and all indebtedness and liabilities, whatsoever, owed by Debtor to Secured party whether direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising and howsoever evidence. This security interest is also given to secure any other debts which may be owed by debtor to Secured party from time to time as stated herein below.

---

## COLLATERAL

All Accounts, Contract Rights, Chattel Paper, General Intangibles, Inventory, Equipment and Fixtures; Whether owned now or acquired later; all accessions, additions, replacements, and substitution; all records of any kind relating to any of the foregoing; all proceeds (including insurance, bond, general intangibles and accounts proceeds), together with all the other real and personal property with all and singular the improvements, ways, streets, alleys, driveways, passages, waters, watercourses, rights, liberties, privileges, hereditaments, and appurtenances, whatsoever thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof, and all estate rights, title, interest, property, claim and demand whatsoever of the said Debtor, in law, equity, or otherwise however, of, in and to the same and every party thereof including but not limited to the following; Certificate of Live Birth Document; Virginia DEPARTMENT OF HEALTH AND WELFARE (Division of Vital Statistics), Certificate #145-59-044588, County File # 2186; and all documents, instruments, chattel or in an intangible represented by an indispensable instrument (such as formal, written or typed evidence of an interest in an intangible, so representing the intangible, that the enjoyment, transfer, or enforcement of the intangible depends on possession of the instrument) created using said Birth Documents and numbers; All Federal Identification Numbers; All Colorado State Identification Numbers; and all documents and/or instruments created using Numbers and proceeds therefrom; Social Security 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; and all documents and/or instruments created using said  Social Security Number and all proceeds thereof; all DEBTOR'S UCC Contract Accounts, U.S. Treasury Accounts and all proceeds thereof; and all documents and/or instruments created using said Social Security Number, and all proceeds thereof used within and connected to said Treasury Accounts, of DEBTOR'S ORGANIZATION, corporations, business trusts and trusts, Postal Address c/o KCCC POST OFFICE BOX 2000/49777 COUNTY ROAD V, BURLINGTON, COLORADO 80807.

## INDEMNITY CLAUSE

Know all men by these presents, that I, MICHAEL TODD RICKS (DEBTOR), am held firmly bound unto Michael-Todd of the Ricks-Bey Family/Tribe, (Secured Party) in the sum of present Collateral Values and any debts or losses claimed by any and all persons against the Commercial transactions and Investments of aforesaid Collateral up to the penal sum of Unlimited Amount (**$ Unlimited**) lawful money of the United States, for the payment of which, well and firmly by these presents.

The conditions of the above bond is, that whereas the Collateral described herein above and utilized for the purpose of transmitting goods in Commercial Activity by the Debtor are in pursuance of the Statues in such case made, provided and indentured to the Secured Party by which indenture the said Debtor covenanted to do certain things as in this agreement.

The condition of this obligation are such that if secured party suffers any loss of Vested Rights in the said collateral Property or Monetary Losses due to debts claimed against the aforesaid Collateral Property, or the Debtor, who binds himself by this obligation to make advance payments from Debtor's U.S. Treasury Accounts, established under the IMF, BMF, IRAF, EPMP, (temporary, permanent and current0 accounts to any and all who make debt claims against any of the Collateral or Vested Rights in said Collateral of Secured Party, this obligation shall bind the Debtor in all respects, to fully and faithfully comply with all applicable provisions of law.