UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: ) | | |
| PHARMACEUTICAL INDUSTRY ) | | |
| AVERAGE WHOLESALE PRICE ) | MDL No. 1456 | |
| LITIGATION ) | | |
| ) | Civil Action No. 01-12257-PBS | |
| _____ ) | | |
| ) | Subcategory No. 06-11337 | |
| **THIS DOCUMENT RELATES TO:** ) | | |
| ) | | |
| *United States ex rel Ven-A-Care of the* ) | | |
| *Florida Keys, Inc. v. Schering Corporation,* ) | Hon. Patti B. Saris | |
| *Schering-Plough Corporation and* ) | | |
| *Warrick Pharmaceuticals Corporation* ) | | |
| Civil Action No. 09-CV-10547 ) | | |
| ) | | |
| *United States ex rel Ven-A-Care of the* ) | | |
| *Florida Keys, Inc.v. Schering Corporation,* ) | | |
| *Schering-Plough Corporation and* ) | | |
| *Warrick Pharmaceuticals Corporation* ) | | |
| Civil Action No. 00-10698 ) | | |

**COMMONWEALTH OF MASSACHUSETTS' REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO INTERVENE FOR
THE LIMITED PURPOSE OF OBJECTING TO THE
VEN-A-CARE/SCHERING/WARRICK SETTLEMENT AGREEMENT**

**Introduction**

The Commonwealth seeks to intervene in this action for the limited purpose of objecting to the settlement agreement between Ven-A-Care and Schering-Plough Corporation, Schering Corporation and Warrick Pharmaceuticals Corporation (hereinafter "the Schering Defendants") which, by its express terms, purports to release not only Ven-A-Care's claims against the Schering Defendants, but also claims at issue in the Commonwealth's action against the Schering Defendants (C.A. No. 03-11865-PBS). Ven-A-Care and the Schering Defendants urge the Court to deny the Commonwealth's Motion to Intervene on the sole argument that intervention is prohibited by 31 U.S.C. §

3730(b)(5), commonly known as the "first-to-file rule." See, Settling Parties' Joint Response to Motions to Intervene and to Otherwise Participate in Settlement Proceedings, Dkt. No. 6364. This "first-to-file" provision of the False Claims Act provides:

> When a person brings an action under this subsection, no *person* other than the Government may intervene or bring a related action based on the facts underlying the pending action.

31 U.S.C. § 3730 (b) (5) (emphasis added).

As set forth below, the first-to-file rule was not intended to and does not prohibit states from intervening in pending *qui tam* actions. Supreme Court precedent establishes that a state is not a "person" for purposes of the False Claims Act. Additionally, it is a longstanding interpretive presumption that the term "person," as used in a statute, does not include the sovereign.

Moreover, the purpose of the "first-to-file" rule is to prevent parasitic *qui tam* claims by other relators, not to prevent states from intervening in suits to protect their own interests. Other provisions of the FCA make it clear that Congress intended to permit states to intervene in federal FCA actions.

Finally, it is only by intervening that the Commonwealth can fully protect its interests. The Settling Parties' suggestion that the Commonwealth participate merely as an *amicus curiae* is inadequate.

## ARGUMENT

### A.  The Commonwealth is not a "person" under 3730(b)(5).

The U.S. Supreme Court has unequivocally ruled that a state is not a "person" for purposes of the *qui tam* provisions of the False Claims Act. *See Vermont Agency of*

*Natural Resources v. U.S. ex rel. Stevens,* 529 U.S. 765, 120 S.Ct. 1858 (2000). It is a "longstanding interpretive presumption that "person" does not include the sovereign." *Id.* at 780, 120 S.Ct. at 1866. This presumption may only be disregarded upon some affirmative showing of statutory intent to the contrary. *Id.* at 781, 120 S.Ct. at 1867. "In common usage, the term 'person' does not include the sovereign, [and] statutes applying the [word] are ordinarily construed to exclude it." *U.S. ex rel. Long v. SCS Business & Tech. Inst., Inc.*, 173 F.3d 870, 875 (C.A.D.C. 1999)(quoting *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304 (1989)). Therefore, the minimum default rule is that "states are excluded from the term person absent an affirmative contrary showing." *Id.*

Ven-A-Care and the Schering Defendants have made no affirmative showing that the term 'person', as used in 31 U.S.C. 3730(b)(5), was intended to include states. Therefore, we must presume that it was not intended to include states. Accordingly, 31 U.S.C. 3730(b) (5) does not prohibit states from intervening in *qui tam* actions.

### B. The purpose of the first-to-file rule is to prevent parasitic lawsuits, not to prevent states from intervening to protect their own interests.

The purpose of Section 3730(b) (5) is to "weed out parasitic claims." *In re Natural Gas Royalties Qui Tam Litigation (CO2 Appeals),* 566 F.3d 956, 961 (10th Cir. 2009); *see also U.S. ex rel. Poteet v. Medtronic, Inc.,* 552 F.3d 503, 516 (6th Cir. 2009); *U.S. ex rel. Branch Consultants v. Allstate Ins. Co.,* 560 F.3d 371, 376 (5th Cir. 2009) (*qui tam* "provisions seek to discourage opportunistic plaintiffs from filing parasitic lawsuits that merely feed off previous disclosures of fraud.")

Section 3730(b) (5) is "a jurisdictional limit on the court's power to hear certain duplicative *qui tam* suits." *Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278

(10th Cir. 2004). Section 3732(b) creates an exception to this jurisdictional limit when it comes to actions brought by states. Section 3732(b) provides:

> **(b) Claims under state law.**--The district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under section 3730.

This Court has recognized that the legislative history of Section 3732(b) supports the proposition that it provides an exception to the "general bar on intervention," codified in Section 3730(b)(5), and provides a means for a state to join a pending federal FCA action. *In re Pharmaceutical Average Wholesale Price Litigation,* 509 F.Supp.2d 82, 92-93 (D. Mass 2007). Other courts have similarly recognized that the purpose of § 3732(b) is "to authorize permissive intervention by states for recovery of state funds." *U.S. ex rel. Long v. SCS Bus. & Tech. Inst. Inc.,* 173 F.3d 870, 880 (D.C. Cir. 1999); *see also Hawaii v. Abbott Labs., Inc.,* 469 F.Supp.2d 835, 841 (D. Hawaii 2006)("the legislative history of § 3732(b) supports the conclusion that it allows—but does not force—states to intervene in FCA actions.")

In light of its purpose, the bar to intervention set out in Section 3730(b) (5) is best interpreted as being a bar to intervention by other relators. *Wisconsin v. Amgen, Inc.,* 516 F.3d 530, 532-33 (7th Cir. 2008). In *Wisconsin v. Amgen,* the Court held that § 3730 (b) (5) did not bar the State of Wisconsin's fraudulent pricing claim against a pharmaceutical manufacturer despite the existence of a *qui tam* claim against the manufacturer. The court reasoned:

> "When first enacted, the False Claims Act allowed relators to file suits and receive a share of the government's recovery even if they personally did nothing to help expose the alleged fraud.... 'Qui tam litigation surged as opportunistic private litigants chased after generous cash bounties and, unhindered by any effective

>restrictions under the Act, often brought parasitic lawsuits copied from preexisting indictments or based upon congressional investigations.' In response, Congress amended the False Claims Act ... 'to do away with [such] parasitic suits.' " *United States ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc.,* 149 F.3d 227, 233 (3d Cir.1998) (citations omitted); see also *United States ex rel. La Corte v. Wagner,* 185 F.3d 188, 191-92 (4th Cir.1999). The State of Wisconsin is not a bounty hunter. It is not seeking a reward for obtaining a judgment in favor of someone else. It is suing to recover a loss inflicted on it by the defendants' fraud. Such a suit is not "related" to a qui tam suit, within the meaning that the word bears in section 3730(b) (5) interpreted in light of the legislative purpose. Similarly, the bar to intervention is best interpreted, in light of that purpose, as a bar to intervention, in a qui tam suit, by other relators.

Likewise, the Commonwealth of Massachusetts is not a bounty hunter. There is no dispute that the Commonwealth can maintain its suit against the Schering Defendants regardless of the existence of Ven-A-Care's *qui tam* action. The Commonwealth is not seeking to intervene in this action to "piggyback" on the settlement obtained by Ven-A-Care, but instead to protect its own interests in its separate action.

### C. **Intervening is the only way for the Commonwealth to fully protect its interests.**

Ven-A-Care and the Schering Defendants seem to concede that the Commonwealth's interests are at stake in these proceedings. Settling Parties' Jt. Response, Dkt. No. 6364, at 3. They expressly concede that the Commonwealth should be permitted to participate as an *amicus curiae*. *Id.* However, merely participating as an *amicus curiae* will not fully protect the Commonwealth's interests. Should the Court rule adversely to the Commonwealth's interests in this action, the Commonwealth will have no appellate rights if it is merely an *amicus curiae*. *See In re Sony BMG Music Entertainment,* 564 F.3d 1, 3 (1st Cir. 2009)(holding that appellate court does not ordinarily entertain arguments raised only by amici and not by parties).

The Commonwealth cannot protect its interests relating to the Ven-A-Care/Schering/Warrick Settlement Agreement release language by taking any action in the Commonwealth's pending case against the Schering Defendants. The Settlement Agreement is not filed in the Massachusetts action and does not relate to that case. The only way for the Commonwealth to fully protect its interests in its claims against the Schering Defendants is to intervene in this action. This unique situation is the direct result of Ven-A-Care's and the Schering Defendants' deliberate attempt to draft a settlement release that purports to extinguish claims from other legitimately pending actions.

## CONCLUSION

For the foregoing reasons, the Commonwealth requests that the Court grant its Motion to Intervene for the Limited Purpose of Objecting to the Ven-A-Care/Schering/Warrick Settlement Agreement.

        Respectfully submitted,

        MARTHA COAKLEY
        Attorney General

By:   /s/Peter A. Mullin
      Peter A. Mullin (BBO# 360620)
      K. Nathaniel Yeager (BBO# 630992)
      Colleen A. McCarthy (BBO# 660581)
      John H. Pina, III (BBO# 652247)
      Gregory W. Matthews (BBO# 653316)
      Robyn Pozza Dollar (BBO# 674480)
      Assistant Attorneys General
      One Ashburton Place
      Boston, MA 02114

Dated: August 30, 2009      (617) 963-2622

**Certificate of Service**

I hereby certify I have caused a copy of the foregoing Memorandum to be served on counsel for each other party in these actions by filing it electronically in the Court's CM/ECF system, this 30th day of August, 2009.

/s/Peter A. Mullin
Peter A. Mullin
Assistant Attorney General