UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS  Subcategory No. 06-11337-PBS  Hon. Patti B. Saris Magistrate Judge Marianne B. Bowler |
| THIS DOCUMENT RELATES TO: *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS | | |

### UNITED STATES' OPPOSITION TO DEY DEFENDANTS MOTION FOR LEAVE TO PARTICIPATE IN THE DEPOSITIONS OF CAROLYN HELTON AND ROBIN KREUSH STONE

The Defendants Dey, Inc., Dey, L.P., and Dey L.P., Inc. ("Dey") have moved for leave to participate in the depositions of Carolyn Helton and Robin Stone, representatives of two Durable Medical Equipment Regional Carriers ("DMERCs"), to the extent the Court grants the Defendant Roxane's Expedited Motion for Leave to Depose Carolyn Helton and Robin Kreush Stone.[1] Dey's motion should be denied because Dey has identified no reason it needs to re-examine either of these witnesses.

Roxane's motion seeking leave to depose Ms. Helton and Ms. Stone relates solely to the status of Roxane's NovaPlus® Ipratropium Bromide product as a brand or generic. Dey has never manufactured or sold that product. Dey has previously questioned Ms.

---

[1] Dey's motion is at MD #6384, Sub. #368. Roxane's motion and accompanying papers are at MD #6328-6330, Sub. #333-335. The United States has filed an opposition to Roxane's motion. MD #6355, Sub. #350.

Helton and Ms. Stone at length about Dey's own products.  The United States does not disagree that, under the damages scenarios evaluated by the government's damages expert, Dr. Mark Duggan, the damages attributable to Dey will differ depending on how the NovaPlus® products are treated in the analysis.[2]  Yet Dey has taken no position on the treatment of the NovaPlus® products.  Dey's expert witness, Dr. David Bradford, was questioned specifically on the subject; yet, after discussions with Dey counsel, Dr. Bradford stated that he took no position on the issue.  Deposition of David Bradford, Ph.D. at 409-410 (Exhibit A hereto).  Dey has indicated no change of position, and its motion identifies no questions that it seeks to ask of these witnesses.

In other situations in this litigation where witnesses have been re-deposed at the insistence of the defendants, a majority of the re-examinations focused on topics that were or could have been covered in the prior depositions, and defense counsel refused to confine their questions to the subjects giving rise to the new depositions.[3]  In light of this past abuse and the fact that Dey has not identified any particular line of questions that it needs to ask of these witnesses, the United States opposes Dey's motion.

---

[2] Dey and Roxane both marketed ipratropium bromide products.  Under one of the damages models employed by Dr. Duggan, if the Roxane NovaPlus® products are ignored, Dey's share of the Medicare damages for ipratropium bromide are significantly greater than otherwise would be the case.

[3] This occurred at each of the renewed depositions of government experts Dr. Duggan and Dr. Schondelmeyer, which were conducted after they submitted their rebuttal expert reports.  If the Court decides to grant Dey's motion, the United States requests that the Court specifically limit questioning to the issue whether NovaPlus was properly treated as a brand or generic.

For the above reasons, Dey's motion should be denied.

Respectfully submitted,

TONY WEST
ASSISTANT ATTORNEY GENERAL

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:   /s/ George B. Henderson, II
George B. Henderson, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

Joyce R. Branda
Daniel R. Anderson
Laurie A. Oberembt
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Dated: August 31, 2009        (202) 514-3345

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above document to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: August 31, 2009         /s/ George B. Henderson, II
George B. Henderson, II