# Exhibit A

Page 277

                UNITED STATES DISTRICT COURT

                 DISTRICT OF MASSACHUSETTS

In re:  PHARMACEUTICAL

INDUSTRY AVERAGE WHOLESALE

PRICE LITIGATION                   MDL No. 1456

------------------------------     C/A No. 01-12257-PBS

THIS DOCUMENT RELATES TO:          HON. PATTI B. SARIS

UNITED SATES OF AMERICA ex rel.

VEN-A-CARE OF FLORIDA KEYS, Inc.,

et al. v. DEY, INC., et al.,

CIVIL ACTION NO. 05-11084-PBS


DEPOSITION OF:   W. DAVID BRADFORD, Ph.D., VOL. II

DATE:            May 8, 2009

TIME:            9:04 AM

LOCATION:        Offices of the United States

                 Attorney for the District

                 of South Carolina

                 151 Meeting Street, Suite 200

                 Charleston, SC

TAKEN BY:        Counsel for the Plaintiffs

REPORTED BY:     Laura J. Bash, RPR

1  lunch?
2              MS. REID:  Yeah.
3              THE WITNESS:  That'd be great.
4              MS. REID:  Be back in an hour.
5              (A luncheon recess transpired.)
6              MR. HENDERSON:  We're back on the
7  record.
8  BY MR. HENDERSON:
9       Q.   Dr. Bradford, you're still under oath.
10 Do you understand that?
11      A.   I do.
12      Q.   During the lunch break today, did you
13 and counsel talk about this -- your deposition?
14      A.   Briefly.
15      Q.   And tell me what the substance of that
16 conversation was.
17      A.   We discussed that I was able to call
18 Chris Stomberg and ask him about the NovaPlus
19 question that there was some confusion about that
20 earlier today.  And I did that, so I would like to
21 amend my testimony from earlier to explain how it
22 is that we managed the NovaPlus in the pricing

Page 410

1   arrays.
2           And basically the -- three of the
3   DMERCs treated NovaPlus as a brand; one treated
4   NovaPlus as generic.  We simply adopted whatever
5   approach the DMERCs took in their own arrays at the
6   time and didn't modify any of that.
7           So the paragraph appropriately reflects
8   that sometimes it was treated as a brand, sometimes
9   it was generic.  And I take no position -- I'm
10  agnostic as to whether it's a brand or generic.
11       Q.   Okay.  You have no opinion on that
12  issue?
13       A.   I do not.
14       Q.   Very well.
15           Did you talk to counsel about anything
16  else during lunch break related to this case and
17  the deposition?
18       A.   No.  Just sort of generally that, you
19  know, we have got an afternoon left, things were
20  progressing.  But nothing specific that I can
21  recall.
22       Q.   Okay.  Sir, what is your understanding