UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456 <br> ) Master File No. 1:01-CV-12257-PBS <br> ) Sub-Category Case No. 1:08-CV-11200 <br> ) <br> ) |
| THIS DOCUMENT RELATES TO <br> *United States ex rel. Linnette Sun and Greg Hamilton, Relators* <br> *v.* <br> *Baxter Hemoglobin Therapeutics and Baxter International, Inc.* | ) Judge Patti B. Saris <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF
MOTION OF RELATORS LINNETTE SUN AND GREG HAMILTON
TO LIFT STAY ON DISCOVERY TO PERMIT DEPOSITION
OF MARKETING BUREAU RESEARCH AND TO CONTINUE
<u>DEADLINE FOR RELATORS' OPPOSITION TO BAXTER'S MOTION TO DISMISS</u>**

## INTRODUCTION

Relators Linnette Sun and Greg Hamilton ("Relators"), have brought claims against Baxter International, Inc. ("Baxter"), including claims, *inter alia,* under the False Claims Act. They filed their Complaint in the United States District Court of Colorado under seal on April 22, 2005 and their Amended Complaint under seal on June 14, 2005. The case remained under seal until lifted by the court on January 15, 2008. Baxter was served with the amended complaint on May 8, 2008. Baxter filed a Notice of Related Action in this litigation regarding the Sun/Hamilton case on May 21, 2008, and on May 27, 2008 filed in the Colorado action a request for a stay of those proceedings until the Judicial Panel on Multidistrict Litigation ruled on the Notice of Related Action. A conditional transfer order was filed by the Panel on June 25, 2008. On or about July 15, 2008, an Order of the Judicial Panel on Multi-District Litigation was issued, transferring this case to the MDL.

On June 22, 2009 a status conference was held in this matter. On June 23, 2009, the Court entered a Case Management Order setting a hearing on a Motion To Dismiss to be filed by Baxter, with a hearing date of October 22, 2009. This CMO included a briefing schedule, with the Motion To Dismiss to be filed by August 15, 2009, plaintiffs' opposition to be filed by September 15, 2009 and defendants' reply by September 30, 2009. The order also included a stay on discovery.

//
//
//

**ARGUMENT**

**I.    GOOD CAUSE EXISTS TO LIFT THE STAY AND PERMIT THIS LIMITED DISCOVERY REQUESTED BY RELATORS**

In it's motion to dismiss Baxter argues that the allegations in relators' complaint were publicly disclosed before the relators filed their lawsuit in 2005. On pages 8 and 9 of its Memorandum, Baxter cites an April 2000 Marketing Research Bureau ("MRB") report, *Survey on Hemophilia Care & Price Monitoring United States: Wave #10* as one of the public disclosures in the news media that are relevant to this case. On page 9 of the Memorandum, Baxter asserts the position that the various public disclosures it cites support the application of a jurisdictional bar to relators' claims.

Relators believe they have valid arguments that no public disclosure bar applies here. More specifically, as to the MRB report, relators are believe that the report is far from public, and is only distributed to a few dozen industry insiders at an extraordinarily high price, and therefore does not qualify as a "public disclosure."

Counsel for relators informed counsel for Baxter that the MRB had a very small distribution list and asked Baxter to stipulate to a lifting of the stay on discovery to allow relators to take the deposition of MRB to establish this fact of limited distribution that is relevant and important to relators' opposition to this issue in Baxter's motion to dismiss. [Email from Lauren John Udden, counsel for relators, to Merle Delancey, counsel for Baxter, dated August 20, 2009, attached hereto as Exhibit A.] Counsel for Baxter refused to stipulate, objecting to relators' right to "conduct discovery in an effort to correct a jurisdictional flaw/meet the requirements of

Rule 9(b)."  A true and correct copy of Andrew Jackson's August 25, 2009 letter to Lauren John Udden is attached hereto as Exhibit B.

Baxter misconstrues the basis for relators' discovery request.  Relators do not seek discovery to "correct" a jurisdictional flaw or to meet the requirements of Rule 9(b).

Rather, the necessity for this discovery arises from Baxter's mischaracterization of the MRB report as a "public disclosure."  It is not, and if permitted to conduct this limited discovery, relators can prove that to the court and demonstrate that Baxter's description of the MRB report as a public disclosure is disingenuous at best, and an improper basis for invoking the public disclosure bar.

Baxter's refusal to allow this discovery is motivated by its knowledge that the MRB reports indeed have extremely limited distribution and that when the actual facts concerning that distribution come out, their public disclosure argument based on that report will be shown to be completely without merit.

There can be no prejudice to Baxter in permitting this discovery.  And it will benefit the court to have the true facts on this issue, which is central to Baxter's Motion to Dismiss.  Accordingly, there is no legitimate basis upon which to deny this discovery.

## II. GOOD CAUSE EXISTS TO EXTEND THE DEADLINE FOR RELATORS' OPPOSITION TO BAXTER'S MOTION TO DISMISS

Baxter's refusal to stipulate to a deposition of MRB, blocks relators from obtaining facts that will give the lie to Baxter's assertions.

The correct information regarding the the MRB report bears on the issue of "public disclosure" asserted by Baxter in its Motion to Dismiss, and is information that should be before the court in its considering this issue.  Relators are entitled to discovery relating to all aspects of the FCA statute because a plaintiff fighting challenges based on jurisdiction "should be given the opportunity to discovery facts that would support his allegations of jurisdiction." <u>Majd-Pour v. Georgiana Community Hospital, Inc.</u> 724 F.2d 901, 903 (11th Cir. 1984). See also <u>Blanco v. Cargulf Lines</u>, 632 F.2d 656, 658 (5th Cir. 1980) (Federal rules "entitle a plaintiff to elicit material facts regarding jurisdiction through discovery before a claim may be dismissed for lack of jurisdiction.").  Issues of jurisdiction under the FCA "are closely related to the merits of th[e] case and are, therefore, better addressed following a more thorough gathering of evidence by the parties in the form of discovery proceedings."  See, e.g., <u>United States ex rel. Sanders v. East Alabama Healthcare Authority</u>, 953 F.Supp. 1404, 1409 (M.D. Ala. 1996).

It is therefore in the interests of justice that relators be provided with sufficient time to obtain this information through discovery and present it to the court in its opposition.  In order for that to occur, an extension of the deadline for relators' opposition up to and including October 15 must be given.

There will be no prejudice to the interests of Baxter or any other party to this litigation in extending this deadline.

//

//

//

## CONCLUSION

Good cause exists for permitting relators to proceed with the deposition of MRB and to provide the results of that discovery in its opposition to Baxter's Motion to Dismiss. For that reason, relators' motion to lift the stay on discovery with respect to a deposition of MRB and an extension of the deadline for relators' opposition to the motion to dismiss should be granted.

                    Respectfully submitted.

Dated: August 31, 2009

/s/ Lauren John Udden
Lauren John Udden (CA SBN 83118)
15 West Carrillo Street
Suite 209
Santa Barbara, California 93101
Telephone: (805) 879-7544
Facsimile: (805) 560-0506

/s/ Mark Allen Kleiman
Mark Allen Kleiman (CA SBN 115919)
2907 Stanford Avenue
Venice, California 90292
Telephone: (310) 306-8094

Counsel for Relators Linnette Sun and Greg Hamilton

## CERTIFICATE OF SERVICE

I hereby certify that I, Pamela R. Savoie, caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION OF RELATORS LINNETTE SUN AND GREG HAMILTON TO LIFT STAY ON DISCOVERY TO PERMIT DEPOSITION OF MARKETING BUREAU RESEARCH AND TO CONTINUE DEADLINE FOR RELATORS' OPPOSITION TO BAXTER'S MOTION TO DISMISS** to be delivered to all counsel of record by electronic service via LexisNexis File & Serve for posting and notification to all parties.

Dated: August 31, 2009          /s/ Pamela R. Savoie
                                Pamela R. Savoie
                                Legal Assistant
                                Law Office of Mark Allen Kleiman
                                2907 Stanford Avenue
                                Venice, CA 90292
                                310-306-8094
                                310-306-8491 (fax)