# EXHIBIT 135



**DEPARTMENT OF HEALTH & HUMAN SERVICES** — Financing Administration

# Memorandum

**Date** JUL 3 1992

**From** Director
Medicaid Bureau

**Subject** Request for Policy Clarification on Tennessee's Interpretation of Usual and Customary Charges as Applied to Outpatient Drug Reimbursement--ACTION

**To** Associate Regional Administrator
Division of Medicaid
Atlanta

This is in response to your memorandum dated April 1, 1992 on the above subject. You inquired whether the State of Tennessee is permitted to interpret the definition of usual and customary charge to include the lowest contract price which a pharmacy has entered into with another party.

Section 1927(f) of the Social Security Act states that during the period between January 1, 1991 and ending on December 31, 1994, any State that was in compliance with the regulations described in 42 CFR 447.331-447.334 may not reduce the limits for covered outpatient drugs or dispensing fees for such drugs. Consequently, the State of Tennessee may not include the lowest contract price of a pharmacy as part of the definition of usual and customary charge <u>unless</u> the approved State plan as of January 1, 1991, contained the lowest contract price language. Included in your memorandum was a copy of the current Tennessee State plan on drug reimbursement. We note that the specific language in the State plan is absent on this issue and concur with your analysis that usual and customary does not mean the lowest dispensing fee accepted from any third party. Consequently, the State may not include such language in its definition of usual and customary charge as it would be in violation of OBRA 90, section 1927(f).

If you have any questions, please contact Pete Rodler at FTS 646-4582.

Christine Nye

cc:
Regional Administrator
   Atlanta

FME:32  Pete Rodler   64582
Typ:Uyen Le 60393
Disc:Rodler(BR)   Doc:U&Cust   MNPPB:280
Draft:04/23/92   Final:05/04/92
Final:06/30/92

# 920414-0051

incoming too Bulky

HHC902-0657



Exhibit: Abbott 579
Wit: Sullivan
Date: 3/12/08
Rptr: FJ



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

# Memorandum

**Date** April 1, 1992

**From** Associate Regional Administrator
Division of Medicaid, HCFA, Region IV

**Subject** Request for Policy Clarification on Tennessee's Interpretation of Usual and Customary Charge as Applied to Outpatient Drug Reimbursement -- Action

**To** Director
Medicaid Bureau

The National Association of Chain Drug Stores has made the allegation that Tennessee has amended its reimbursement methodology for outpatient drugs in violation of the moratorium on the reduction of reimbursement limits during the period of time beginning on January 1, 1991, and ending on December 31, 1994. The allegation was based on the material contained in Tennessee's Medicaid Bulletin, No. 91-6, dated December 1991, which stated:

> "A pharmacy which contracts with one or more entities to supply drugs at a contract price that is lower than the current reimbursement methodology used by Tennessee Medicaid must bill Medicaid an amount (ingredient cost plus dispensing fee) that is no greater than the lowest contract price."

On the basis of the information contained in the bulletin, we requested that the State explain how its implementation of the aforementioned reimbursement policy complied with section 1927(f) of the Social Security Act and the reimbursement methodology for outpatient drugs in its Title XIX State Plan.

The State provided the following explanation for its reimbursement policy of requiring providers to bill no greater amount than the lowest contract price:

> "The 'most favored nation' policy quoted in Medicaid Bulletin 91-6 is simply a restatement of long-standing Medicaid policy, which is that payment for both legend and non-legend drugs will be no greater than the provider's usual and customary charge. This policy is stated in our State Plan, which goes on to define 'usual and customary charge' as the charge to the non-Medicaid patient. A pharmacy choosing to set its charges to some portion of the general population of non-Medicaid patients at less than its charges to Medicaid therefore has a 'usual and customary charge' that Medicaid should not exceed, if we are to be in compliance with our own approved State Plan . . ."

HHC902-0658

2

In Attachment 4.19-B of the Tennessee State Plan, usual and customary charge is defined as follows:

> "The provider's usual and customary charge is defined as the charge to the non-Medicaid patient. This is confirmed via post-payment audits of the provider by the State comptroller's Office. Audits of the prescription files and usual and customary fee schedules will be the means by which compliance with this stipulation is assured."

It has been our understanding that a provider's usual and customary charge is not his or her lowest charge to a non-Medicaid patient. The commonly accepted definition of usual and customary is habitual practice which is expressed in a recurring pattern of charging. In some instances a provider's lowest charge may be the usual and customary charge. However, in other instances, the lowest charge may not be the usual and customary charge. To define usual and customary charge as the lowest charge in all instances is unreasonable and is not supported by the language in Tennessee's currently approved State Plan.

It is our position that Tennessee's 'most favored nation' policy on outpatient drug reimbursement is not reflected in its current State Plan. Nevertheless, the State maintains that this has always been its policy and interprets usual and customary charge to accomodate this policy. Does the State have the latitude or prerogative to interpret usual and customary charge in this manner and require a provider's compliance without violating the moratorium on decreasing pharmacists reimbursements as specified in OBRA '90?

We have enclosed copies of Tennessee's Medicaid Bulletin 91-6, our letter of inquiry to the State, the State's response to our inquiry, and two pertinent pages of Attachment 4.19-B of Tennessee's State Plan regarding drug reimbursement. If additional information is needed, please contact Mike Yates of our Operations Branch at FTS 841-2555.

William R. Lyons
William R. Lyons

Attachments

HHC902-0659

# NACDS
### National Association of Chain Drug Stores

Philip E. Beekman
*Chairman of the Board*

Ronald L. Ziegler
*President & CEO*

January 17, 1992

Mike Yates
Program Representative
HCFA Regional Office
Division of Medicaid
Suite 602
101 Marietta Tower
Atlanta, GA  30323

Dear Mr. Yates:

This letter confirms our telephone conversation this morning when I brought to your attention that the Tennessee Division of Medicaid intends to amend its pharmacy reimbursement methodology, which could reduce pharmacy reimbursement in contravention of the Moratorium Provision as set out in OBRA '90.

I very much appreciate you willingness to call Larry Reed to see if this issue can be quickly resolved. Per your request I have enclosed all the written information I have on the issue:

> . Copy of the first page of the <u>MEDICAID BULLETIN</u>, State of Tennessee (December 1991). I have requested a complete copy of the Bulletin but as of this time have not received same.

> . Copy of the "Notice of Rulemaking Hearing Tennessee Department of Health Division of Medicaid".

Thanks again for your help. I will call you later today.

Sincerely,

Roy J. Bussewitz, R.Ph., J.D.
Director, Third Party and Regulatory Programs

HHC902-0660

February [illegible] 1992

Mr. Manny Martins
Assistant Commissioner
Department of Health and Environment
Bureau of Medicaid
729 Church Street
Nashville, Tennessee  37219

Dear Mr. Martins:

We have received information from the National Association of Chain Drug Stores which indicated that Tennessee has amended or intended to change its reimbursement methodology for outpatient drugs. Since the Omnibus Budget Reconciliation Act of 1990 (OBRA '90) imposed a moratorium on the reduction of reimbursement limits during the period of time beginning on January 1, 1991, and ending on December 31, 1994, we are initiating an inquiry into this matter to determine whether or not the State has acted in accordance with the federal statute and is in compliance with its current Title XIX State Plan.

In Tennessee's Medicaid Bulletin, No. 91-6, dated December 1991, the following information is provided:

> "A pharmacy which contracts with one or more entities to supply drugs at a contract price that is lower than the current reimbursement methodology used by Tennessee Medicaid must bill Medicaid an amount (ingredient cost plus dispensing fee) that is no greater than the lowest contract price."

This instruction to pharmacists appears to be in conflict with the current reimbursement methodology of the State Plan and the moratorium imposed by OBRA '90. It is our understanding that any change in the reimbursement methodology which would result in a reduced reimbursement to the pharmacist was prohibited on or after January 1, 1991 through December 31, 1994. Prior to the period of the moratorium, the State had the prerogative to amend its State Plan to reduce reimbursement limits in the manner described in the aforementioned Medicaid Bulletin.

If you have implemented the pharmacy reimbursement provision in question, please indicate the date of implementation and explain how its implementation comports to the requirements of section 1927(f) of the Social Security Act, as amended by OBRA '90, and complies with the reimbursement methodology for outpatient drugs in Tennessee's Title XIX State Plan. We request that you send your response to the regional office within 30 days of receipt of this inquiry.

**FILE COPY**

HHC902-0663

F

Mr. Ma[...] Martins
Page 2

If you have any questions regarding this inquiry, please call me at (404) 331-2418, Jane Whitaker at (404) 331-2564 or Mike Yates at (404) 331-2555.

                Sincerely,

                William R. Lyons
                Associate Regional Administrator
                Division of Medicaid

HHC902-0664

**FILE COPY**

file code: TN-14c

FILE COPY

my 2/13/92
wrl 2/14/92
[signatures] 2/13/92





**STATE OF TENNESSEE**
**BUREAU OF MEDICAID**
729 CHURCH STREET
DEPARTMENT OF HEALTH
NASHVILLE, TENNESSEE 37247-6501

March 3, 1992

Mr. William R. Lyons
Associate Regional Administrator
Division of Medicaid
Health Care Financing Administration
Region IV
101 Marietta Tower
Atlanta, Georgia   30323

Dear Mr. Lyons:

We have received you inquiry regarding whether or not Tennessee Medicaid's reimbursement methodology for outpatient drugs is in conflict with the current reimbursement methodology in the State Plan and the moratorium of OBRA 90. The "most favored nation" policy quoted in Medicaid Bulletin 91-6 is simply a restatement of long-standing Medicaid policy, which is that payment for both legend and non-legend drugs will be no greater than the provider's usual and customary charge. This policy is stated in our State Plan, which goes on to define "usual and customary charge" as the charge to the non-Medicaid patient. A pharmacy choosing to set its charges to some portion of the general population of non-Medicaid patients at less than its charges to Medicaid therefore has a "usual and customary charge" that Medicaid should not exceed, if we are to be in compliance with our own approved State Plan. Our understanding of the concept of defining these types of charges is based on HCFA correspondence (see attached) and is supported by the Tennessee Pharmacists' Association and by most pharmacies in the state.

Please let me know if you need additional information.

Sincerely,

Manny Martins
Assistant Commissioner
Bureau of Medicaid

/SB

HHC902-0665

FL