UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS<br><br>Subcategory No. 06-11337-PBS<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO: | |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, Civil Action No. 06-11337-PBS; | |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS; and | |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp., et al.*, Civil Action No. 07-10248-PBS | |

**UNITED STATES' PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL**

The United States partially opposes the Partially Consented to Motion of Defendants Abbott Laboratories Inc., Dey, Inc., Dey, L.P., and Dey L.P., Inc. and Boehringer Ingelheim Roxane, Inc. for Leave to File under Seal Certain Documents Containing Confidential Material (MD #6420, Sub. #395). Specifically, the United States opposes the filing under seal of the deposition excerpts and related information from the depositions of Rule 30(b)(6) designees of Cardinal Health, Inc., McKesson

Corporation, and Thompson PDR, Inc., because, contrary to the defendants' representation, those depositions have not properly been designated as "confidential."

In papers filed under seal by the defendants on August 28, 2009, in connection with cross-motions for summary judgment in the above-captioned cases, the defendants refer to and submit under seal excerpts of the following Rule 30(b)(6) depositions taken of Cardinal Health, Inc., McKesson Corporation, and Thompson PDR, Inc., including one exhibit:

- Cardinal Health, Inc. (Matthew Eric, June 17 & 28, 2008, and Ron Reich, June 7, 2007), and Exhibit 3 to the June 17, 2008, deposition (Declaration of Sarah L. Reid in Support of Dey's Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Reid Decl.") Exs. 298, 301, 303, 309);

- McKesson Corporation (Saul Factor, June 20, 2008, and September 4, 2008) (Reid Decl. Exs. 299 & 302);

- Thompson PDR, Inc. (Kristen Minne, Nov. 18 & 19, 2008) (Reid Decl. Exs. 323, 324).

Each of the protective orders in these cases, as well as the protective order in the MDL No. 1456, contains the following language:

> The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate all or

> portions of the transcript "CONFIDENTIAL" or "HIGHLY
> CONFIDENTIAL."  The deponent, his/her counsel or any
> other party shall list on a separate piece of paper the numbers
> of the pages of the deposition transcript containing
> "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
> information and serve the same on opposing counsel.
> Pending such designation, the entire deposition transcript,
> including exhibits, shall be deemed "HIGHLY
> CONFIDENTIAL" information. If no designation is made
> within thirty (30) days after receipt of the transcript, the
> transcript shall be considered not to contain any
> "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
> information.
>
> A party may reasonably request a shortening of the time
> period within which a confidentiality designation for a
> deposition transcript must be made for the purpose of
> conducting effective discovery, and consent to such a request
> shall not be unreasonably withheld.

Doc. #3804, ¶ 16 (Protective Order in Abbott case); Doc. #4417, ¶ 15 (Protective Order in Dey case); Doc. #35, ¶ 14 (Protective Order in Roxane case); Doc. #276, ¶ 14 (Protective Order in MDL No. 1456).  The above language thus provides for a two-step process for designating deposition testimony as confidential.  First, the party may preliminarily designate all or part of a deposition as "confidential" at the time of the deposition.  Second, if a party does that, then the party must, within 30 days of receipt of the transcript, follow up and serve the other parties with notice of the specific parts of the deposition as to which confidentiality is claimed.  The apparent purpose of this procedure is to prevent blanket and inappropriate designations of confidentiality as to an entire deposition even before any testimony has been given, as well as to provide for protection

of information during a reasonable time in which counsel may review the transcript with the other dictates of the Protective Order in mind. If no designation is made within 30 days after receipt of the transcript, the transcript shall be considered not to contain any "confidential" information.

With regard to the excerpt of the June 7, 2007, Rule 30(b)(6) deposition of deposition of Cardinal Health (Ron Reich), there is no indication that the transcript was ever designated, either preliminarily or in any followup, as confidential.[1] The transcript itself is not marked "confidential," and the United States is unaware of any other claim of confidentiality as to the transcript.

With regard to each of the other transcripts, the United States has received no notice that either Cardinal Health, McKesson Corporation, or Thomson PDR has made any follow-up designation pursuant to the terms of the Protective Orders. Accordingly, there has been no proper designation of the transcripts or related materials as "confidential."[2]

---

[1] An exhibits to the deposition, which is not at issue here, was designated as confidential.

[2] In reliance on this understanding, the United States has filed on the public record other excerpts of several of the same depositions. *See* Declaration of George B. Henderson, II Submitting Common Exhibits in Support of Motions for Partial Summary Judgment (MD #6310, Sub. 308), Ex. 26; Amended Declaration of George B. Henderson, II Submitting Exhibits in Support of Motion for Partial Summary Judgment (Dey case) (MD #6331-2, Sub. #336-2), Exs. 11, 13, 25, 121.

Even if Cardinal, McKesson, or Thomson PDR, Inc. were to assert a belated claim of confidentiality, it should be rejected because the materials are not entitled to confidential status.  A review of the excerpts of testimony reveals no trade secrets or other information "the disclosure of which is likely to cause competitive or commercial injury to the disclosing party."  The testimony simply describes general business practices of each company regarding their customers.  The only material that is customer-specific consists of a deposition exhibit that is a 1999 contract between Cardinal and Dey (amended in 2000) that appears to have been produced by Cardinal in other discovery with no "confidential" designation on the document itself – thus indicating that any claim of confidentiality was previously waived.  In short, the materials simply do not fall within the categories of "confidential" information protected by the relevant protective orders.

For the above reasons, the defendants' motion should be denied.

Respectfully submitted,

TONY WEST
ASSISTANT ATTORNEY GENERAL

MICHAEL K. LOUCKS
ACTING UNITED STATES ATTORNEY

By:   /s/ *George B. Henderson, II*
GEORGE B. HENDERSON, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

5

|  |  |
|---|---|
|  | JOYCE R. BRANDA |
|  | DANIEL ANDERSON |
|  | LAURIE A. OBEREMBT |
|  | Civil Division |
|  | Commercial Litigation Branch |
|  | P. O. Box 261 |
|  | Ben Franklin Station |
|  | Washington, D.C.  20044 |
| Dated: September 4, 2009 | (202) 514-3345 |

CERTIFICATE OF SERVICE

       I hereby certify that I have this day caused an electronic copy of the above document to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.  In addition, I have on this day separately transmitted by email a copy to counsel for Cardinal Health, Inc., McKesson Corporation, and Thomson PDR, Inc.

Dated: September 4, 2009                                /s/ George B. Henderson, II
                                                                       George B. Henderson, II