# Exhibit A

## ALLOCATION AGREEMENT

Ven-A-Care of the Florida Keys, Inc. (the "Relator"), the State of Florida ("Florida") and the State of California ("California")(the "Parties") hereby enter into this Allocation Agreement for the reasons stated below and ask that it be approved and enforced by the United States District Court for the District of Massachusetts in MDL No. 1456:

WHEREAS, the Relator commenced *qui tam* actions, on behalf of the United States of America, against various pharmaceutical manufacturers beginning in June 1995 under the authority of the United States False Claims Act, 31 U.S.C. 3729 *et seq.* (the "US FCA") which eventually included actions against defendants Schering-Plough Corporation, Schering Corporation, and Warrick Pharmaceutical Corporation (hereinafter referred to as the "Schering Defendants"); and

WHEREAS, the Relator 's US FCA actions include two separate *qui tam* actions against the Schering Defendants, one in the United States District Court for the Southern District of Florida commenced in 1997 and one in the United States District Court for the District of Massachusetts commenced in 2000, and said actions have been consolidated and transferred to the United States District Court for the District of Massachusetts MDL Case No. 1456; and

WHEREAS, the Relator's *qui tam* actions under the US FCA are based upon allegations and information that certain pharmaceutical manufacturers made false statements concerning certain drugs' average wholesale prices ("AWP") and other pricing information which caused the States' Medicaid programs to pay inflated reimbursement for the manufacturers' drugs; and

WHEREAS, with the agreement and encouragement of the United States, the Relator and its counsel have undertaken extensive efforts to assist the various States to recover amounts of damages and penalties resulting from the alleged drug manufacturer false price representations including that of the Schering Defendants; and

WHEREAS, the Relator has commenced state false claims actions under the laws of California (Cal. Gov't Code § 12650 et seq. and the laws of Florida (§§ 68.081-68.09 Florida Statutes) and the Attorneys General of Florida and California have joined and are prosecuting said cases with the Relator; and

WHEREAS, the Relator's California AWP action was removed from California State Court and ultimately transferred to the AWP MDL before the United States District Court for the District of Massachusetts; and

WHEREAS, the United States Attorney General has declined to proceed with the US FCA qui tam actions that the Relator commenced against the Schering Defendants and the Relator has proceeded alone to seek recovery for the United States; and

WHEREAS, substantial recoveries have occurred for the benefit of the United States due in large part to the efforts of Relator, the Florida Attorney General's Office and the California Attorney General's Office in their specific state false claims act cases; and

WHEREAS, to date, the following other state recoveries (inclusive of damages, costs, fees and relator awards if applicable) have been obtained from the Schering Defendants occurred which benefit the various state Medicaid programs and the United States:

| | |
|---|---|
| Alabama | Confidential |
| Arkansas | $550,000 |
| Connecticut | $750,000 |
| Nevada | $350,000 |
| Ohio | $4,300,000 |
| Texas[1] | $27,000,000 |
| Missouri | $31,000,000 |
| Total | $63,950,000 + |

WHEREAS, the States are required by 42 U.S.C. §1396b to recover overpayments lost due to fraud on the Medicaid programs and to share same with the United States in accordance with the federal matching share provisions; and

WHEREAS, in certain cases monies have been recovered on behalf of the United States, prior to the States recovering their individual state shares, and the United States has determined States are not required to further account to the United States pursuant to 42 U.S.C. §1396b for the federal portion of their subsequent recoveries; and

WHEREAS, the Relator has successfully consummated a settlement with the Schering Defendants resolving the claims it has brought on behalf of the Relator and the United States with respect to federal shares of the AWP damages in its US FCA case (attached as Exhibit A),

---

[1] The Texas settlement occurred in 2004 and included a recovery of fees and costs and a relator award was paid to Ven-A-Care as this case was also a state qui tam action.

2

as well as its state claims in its CA FCA (attached as Exhibit B) and FLA FCA (attached as Exhibit C) cases and the total combined amount of proceeds is fifty-five million dollars ($55,000,000); and

WHEREAS, the Relator has reached agreements and understandings with Florida and California with respect to the allocation of the fifty-five million dollars ($55,000,000), resulting from the settlements; and

WHEREAS, the United States has not yet reached agreements with California or Florida confirming that they may recover their individual State's shares following a recovery of the United States shares; and

WHEREAS, the Relator has not yet reached agreement with the United States regarding the amount of its Relator's award in accordance with 31 U.S.C. §3730(d) as it relates to the amounts recovered for the United States in connection with its US FCA case; and

WHEREAS, the Schering Defendants, California, Florida and the Relator are parties to an Escrow Agreement controlling the combined proceeds of the settlements that the Relator has recently reached and said Escrow Agreement is attached hereto as Exhibit D.

ACCORDINGLY, based upon the foregoing, which is incorporated in this Agreement, the Parties agree as follows:

1. That they will request that the Court enter such Orders as may be appropriate, following notice to and opportunity to be heard by the United States, with respect to the allocation of the amounts recovered in the settlements subject to this Agreement.

2. That the parties agree to, and will request an appropriate order or orders of the Court providing for, the following allocations of the $55,000,000:

> a. That the total amount of $23,474,000 recovered by the Relator for the United States pursuant to its settlement with the Schering Defendants of its US FCA action, and as set forth in said agreement which is attached hereto as Exhibit A should be allocated as proceeds to the United States ("the US Federal Portion Recovery") subject to payment of the relator's award required by 31 U.S.C. 3730. The $23,474,000 consists of $17,732,000 relating to California and $5,742,000 relating to Florida. Said amounts are calculated on the basis of an assumed federal matching share recovery from the amounts attributable to California of 40% and an assumed federal matching share recovery from

3

the amounts attributable to Florida of 60%. Thus, the $23,474,000 United States recovery is equal to (CA $44,330,000 x 40% ) plus (FL $9,570,000 x 60%) = $23,474,000. However, if Florida is determined to be entitled to a 50% share of the Florida related recovery, then the amount recovered by the relator as the US Federal Portion Recovery shall be adjusted to $22,517,000).[2]

b. That the Relator requests that it be awarded the maximum Relator's award appropriate under the law based upon the facts and the circumstances from the U.S. Federal Portion Recovery.

c. That the sum of $26,598,000, pursuant to the settlement with Schering of the CA FCA case, and as set forth in said agreement which is attached hereto as Exhibit B, should be allocated as proceeds to California ("the California State Portion Recovery").[3]

d. That Relator should be awarded eighteen percent (18%) from the California State Portion Recovery, said award totaling $4,787,640, and which amount has been agreed to by the California Attorney General.

e. That the sum of $3,828,000, pursuant to the settlement with Schering of the FLA FCA case and as set forth in said agreement which is attached hereto as Exhibit C, should be allocated as proceeds to Florida ("the Florida State Portion Recovery"). However, in the event that Florida is determined to be entitled to a 50% share due to the circumstances set forth in Footnote 2 above, then the Florida State Portion Recovery shall be $4,785,500.

f. That the Relator should be awarded eighteen percent (18%) from the the Florida State Portion Recovery, said award totaling $689,040 ($861,300 if the Florida share is determined to be 50%), and which amount has been agreed to by the Florida Attorney General.

---

[2] Florida has passed legislation to make it compliant with the Deficit Reduction Act of 2005 and therefore at the time of distribution may be eligible for an enhanced portion of the combined state and federal recovery.Florida will recalculate its state and federal share to provide for a FMAP of 50%.

[3] California is entitled to an enhanced portion of the combined state and federal recoveries because its FMAP is 50% and it has complied with the state false claims act provisions of the Deficit Reduction Act of 2005

g. That the sum of one million one hundred thousand dollars ($1,100,000) be allocated to the Relator in full and final settlement of its claims for attorneys' fees and costs with respect to the Schering Defendants in the US FCA, the FL FCA and the CA FCA cases in accordance with the respective Settlement Agreements.

3. That the parties may request an order or orders of the Court providing that, upon distribution of the amounts as requested above, the obligations of California (and specifically, its state Medicaid program ("Medi-Cal")), and Florida (and specifically, its state Medicaid program ("Agency for Health Care Administration")) to the United States pursuant to 42 U.S.C. §1396b shall be deemed to have been satisfied in all respects as to the recovery of funds from the Schering Defendants in the AWP false claims cases.

4. That, in the event that the State of Florida should determine that it will resolve any issues regarding the United States' claims to a portion of the Florida Recovery, then it may opt to pay the combined Relator award on the Florida Recovery to the Relator and in which event, the amount of $2,124,540 shall be distributed to the Relator and the amount of $7,445,460 to the State of Florida subject to its obligations to the United States.

5. The Effective Date of this Agreement shall be the date upon which all of the Parties below have executed this Agreement.

**Ven-A-Care of the Florida Keys, Inc.**

By: _____
    T. Mark Jones, President
Date: _____

**Qui Tam Plaintiff Ven-A-Care of the Florida Keys, Inc.**

By:_____
Date:_____

James J. Breen, Esq.
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022

*[Signatures continued on following page.]*

5

g. That the sum of one million one hundred thousand dollars ($1,100,000) be allocated to the Relator in full and final settlement of its claims for attorneys' fees and costs with respect to the Schering Defendants in the US FCA, the FL FCA and the CA FCA cases in accordance with the respective Settlement Agreements.

3. That the parties may request an order or orders of the Court providing that, upon distribution of the amounts as requested above, the obligations of California (and specifically, its state Medicaid program ("Medi-Cal")), and Florida (and specifically, its state Medicaid program ("Agency for Health Care Administration")) to the United States pursuant to 42 U.S.C. §1396b shall be deemed to have been satisfied in all respects as to the recovery of funds from the Schering Defendants in the AWP false claims cases.

4. That, in the event that the State of Florida should determine that it will resolve any issues regarding the United States' claims to a portion of the Florida Recovery, then it may opt to pay the combined Relator award on the Florida Recovery to the Relator and in which event, the amount of $2,124,540 shall be distributed to the Relator and the amount of $7,445,460 to the State of Florida subject to its obligations to the United States.

5. The Effective Date of this Agreement shall be the date upon which all of the Parties below have executed this Agreement.

**Ven-A-Care of the Florida Keys, Inc.**

By:_____
      T. Mark Jones, President
Date:_____

**Qui Tam Plaintiff Ven-A-Care of the Florida Keys, Inc.**

By:_____
Date:_____

James J. Breen, Esq.
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022

*[Signatures continued on following page.]*

5

*[Signatures continued from previous page.]*

**State of Florida**
**Office of the Attorney General**

By: *[signature: Robert A. Hannah]*
Date: July 19, 2009

Robert A. Hannah
Deputy Attorney General & Chief Counsel
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050

**State of California**
**Office of the Attorney General**

By:_____
Date:_____

Nicholas Paul
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud & Elder Abuse
Office of the Attorney General
1455 Frazee Road, Suite 315
San Diego, CA 92108

*[Signatures continued from previous page.]*

**State of Florida**
**Office of the Attorney General**

By:_____
Date:_____

Robert A. Hannah
Deputy Attorney General & Chief Counsel
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050


**State of California**
**Office of the Attorney General**

By: *[signature]*
Date: July 16, 2005

Nicholas Paul
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud & Elder Abuse
Office of the Attorney General
1455 Frazee Road, Suite 315
San Diego, CA 92108