**EXHIBIT 5**

**WHITE & CASE**

White & Case LLP  
1155 Avenue of the Americas  
New York, New York 10036-2787

Tel  + 1 212 819 8200  
Fax + 1 212 354 8113  
www.whitecase.com

Direct Dial + (212) 819-8507      pcarberry@whitecase.com

June 24, 2009

<u>VIA E-MAIL AND FEDEX</u>

Randal L. Glazer, Esq., Depty Attorney General  
Bureau of Medi-Cal Fraud and Elder Abuse  
Office of the Attorney General  
California Department of Justice  
1455 Frazee Road, Suite 315  
San Diego, California 92108

<u>Re:   State of California, ex rel. Ven-A-Care v. Abbott Labs., Inc., et al.,
        Case No. 03-cv-11226-PBS, MDL No. 1456 (D. Mass)</u>

Dear Randy:

This letter is in response to your missive dated June 17, 2009 relating to California's responses to Defendants' outstanding discovery requests. Regarding Defendant Dey and Mylan's subpoena directed to the California Department of General Services, Defendant Sandoz' First Set of Requests for Admission, and Defendant Sandoz' Second Set of Interrogatories, it appears from your letter that Plaintiff's primary concern is that the timing of service did not allow Plaintiff enough time to respond to these requests before the close of fact discovery. Defendants do not understand Judge Saris' order of March 3, 2009 to require the parties to serve final responses to discovery requests by June 15, 2009. Rather, Defendants read the order to require the parties to serve all fact discovery requests by that date. Accordingly, Defendants will not withdraw the subpoena or discovery requests. In an effort to accommodate Plaintiff, Defendants are willing to grant an extension to respond to the requests if Plaintiff requires additional time.

Defendant Sandoz Inc. disagrees with Plaintiff's assertion that Plaintiff's Initial Disclosures of August 1, 2007 and formulary file provides a satisfactory response to the Interrogatory that is the subject of Defendant Sandoz' Second Set of Interrogatories. As you know, the Interrogatory at issue calls for, among other things identification of which pricing mechanism California used to determine reimbursement for Sandoz products at issue, which information is not provided in Plaintiff's Initial Disclosures or the formulary file.

Defendants still seek to depose Thomas Ahrens. Defendants understand Plaintiff's position to be that Plaintiff could not make Mr. Ahrens available before the June 15 close of discovery.

ABU DHABI  ALMATY  ANKARA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUCHAREST  BUDAPEST  DÜSSELDORF  FRANKFURT  HAMBURG
HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MOSCOW  MUNICH  NEW YORK
PALO ALTO  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

NEWYORK 7211137 v1 (2K)

Randal L. Glazer

**WHITE & CASE**

June 24, 2009

Accordingly, in an additional effort to accommodate Plaintiff, Defendants will move to take Mr. Ahren's deposition out of time.

Finally, Defendants take issue with your contention that Plaintiff did not have sufficient time to respond to Mylan and Dey's First Set of Interrogatories and Requests for Production with before the June 15, 2009 discovery cut-off. Anticipating that Plaintiff might raise (unfounded) timeliness objections, counsel for Dey and Mylan arranged for the Interrogatories and Requests for Production to be personally served on your office on May 15, 2009, which they were (see the enclosed affidavit of service). Thus, pursuant to the Federal Rules of Civil Procedure, you had 30 days from the date of service – or June 15, 2009 – to respond.

If you wish to discuss the above issues further, please feel free to contact the undersigned at any time.

Sincerely,

Paul B. Carberry

PBC:lab

cc:   Heather McDevitt, Esq.
      Philip Robben, Esq.
      Brendan Cyr, Esq.
      Kathleen Yates, Esq.
      James Breen, Esq.

2

B 151 — Affidavit of Service of Summons or Subpoena, Personal or Alternative Methods: Corp. or Ind.: Military Service, 10 pt. type, 1-95

© 1988 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

IMAGED   DOCKETED

**COURT** UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

COUNTY OF _____

MDL NO. 1456
MASTER FILE NO. 01-12257-PBS
SUBCATEGORY CASE NO. 06-11337

IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

THIS DOCUMENT RELATES TO:
STATE OF CALIFORNIA EX REL. VEN-A-CARE OF THE FLORIDA KEYS, INC. V. ABBOTT LABS, INC. ET AL., CIVIL ACTION NO. 03-11226-PBS

**AFFIDAVIT OF SERVICE OF SUMMONS**

DEFENDANTS MYLAN INC., MYLAN PHARMACEUTICALS INC., DEY, INC. AND DEY, L.P.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF STATE OF CALIFORNIA

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO   SS: The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides IN THE STATE OF CALIFORNIA

That on 5/15/09 at 3:35 P.M., at 1455 FRAZEE ROAD, SUITE 315, SAN DIEGO, CA deponent served the within SEE ABOVE STATED DOCUMENTS on STATE OF CALIFORNIA DEPARTMENT OF JUSTICE, BUREAU OF MEDI-CAL FRAUD AND ELDER ABUSE defendant therein named,

INDIVIDUAL 1. ☐ by delivering a true copy of each to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

CORPORATION 2. ☒ a DOMESTIC corporation, by delivering thereat a true copy of each to BRANDY MEDLAND personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be AUTHORIZED AGENT thereof.

SUITABLE AGE PERSON 3. ☐ by delivering thereat a true copy of each to _____ a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

AFFIXING TO DOOR, ETC. 4. ☐ by affixing a true copy of each to the door of said premises, which is defendant's—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

MAILING TO RESIDENCE USE WITH 3 OR 4
5A. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at _____ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

MAILING TO BUSINESS USE WITH 3 OR 4
5B. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at _____ in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

DESCRIPTION USE WITH 1, 2, OR 3 ☒

☐ Male ☐ White Skin ☒ Black Hair ☐ White Hair ☐ 14-20 Yrs. ☐ Under 5' ☐ Under 100 Lbs.
☒ Female ☒ Black Skin ☐ Brown Hair ☐ Balding ☒ 21-35 Yrs. ☐ 5'0"-5'3" ☒ 100-130 Lbs.
☐ Yellow Skin ☐ Blonde Hair ☐ Mustache ☐ 36-50 Yrs. ☒ 5'4"-5'8" ☐ 131-160 Lbs.
☐ Brown Skin ☐ Gray Hair ☐ Beard ☐ 51-65 Yrs. ☐ 5'9"-6'0" ☐ 161-200 Lbs.
☐ Red Skin ☐ Red Hair ☐ Glasses ☐ Over 65 Yrs. ☐ Over 6' ☐ Over 200 Lbs.

Other identifying features:

USE IN NYC CIVIL CT. ☐ The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

MILITARY SERVICE ☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on 5/19/09

KENNETH MASKIL

License No. S.D.Co. # 1047

DAVE PIERCE
Commission # 1600240
Notary Public - California
San Diego County
My Comm. Expires Aug 11, 2009

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.