UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> *State of California, ex rel. Ven-A-Care v. Abbott Laboratories, Inc., et al.* <br> Case No: 03-cv-11226-PBS | MDL No. 1456 <br> Master File No. 01-12257-PBS <br> Subcategory Case No. 06-11337 <br><br> Judge Patti B. Saris |

### STATE OF CALIFORNIA'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER GRANTING LEAVE TO TAKE DEPOSTION OUT OF TIME

Defendants Dey, Inc., Dey, L.P. ("Dey"), Mylan Inc. and Mylan Pharmaceuticals Inc. ("Mylan") and Sandoz, Inc. ("Sandoz") ("Defendants") have filed a motion for leave to take the deposition of non-party witness Thomas Ahrens beyond the June 15, 2009 discovery cutoff applicable to this case (Dkt. 6394, "Def. Dep. Mot."). Defendants' motion was filed on August 21, 2009, 67 days after the discovery cutoff. The State of California ("California") opposes the motion.

As Defendants concede, they first notified California of their wish to depose Mr. Ahrens, a former employee of the Department of Health Care Services, on Tuesday, June 9, 2009. With the discovery cutoff set by this Court for Monday, June 15, Defendants' June 9 notification left only four working days within which to contact Mr. Ahrens, identify a deposition day and prepare him pursuant to the requisite deposition subpoena, which is unreasonably short notice. A notice of deposition must normally give "reasonable" notice to the parties. (Fed. R. Civ. P 30(b)(1); *see United States v. Philip Morris Inc.*, 312 F.Supp.2d 27, 36–37 (D.D.C. 2004) (three days not "reasonable" notice); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill.

1

2005) (discussing "reasonableness"). California declined to produce Mr. Ahrens for a deposition without an order from the Court enlarging the period for discovery. (Ex. 1, Letter from N. Paul to B. Cyr dated June 9, 2009.) Defendants, significantly, did not promptly move for an order allowing them to take Mr. Ahrens' deposition beyond the discovery cutoff date, suggesting that Mr. Ahrens' deposition is not a matter of particular urgency to the defense.

   Defendants base their motion on the assertion that California's "delay" in producing documents prevented them from being able to identify or plan for the selection of Mr. Ahrens as a deposition witness. (Def. Dep. Mot. at 2-3.) Defendants argue that California prejudiced them by continuing, following the February 12, 2009 status conference, to make supplemental productions of documents to Defendants up to the June 15, 2009 discovery cutoff. *Id.*

However, Defendants' Motion fails to document a single instance in which information about Mr. Ahrens was produced to Defendants so late that it explains or justifies their failure to seek his deposition until June 9, 2009.

First, as Defendants are surely aware, there were only two documents produced by California between the February 12, 2009 Status Conference and the June 15, 2009 discovery cutoff which contained any reference to Mr. Ahrens. They were produced on June 12, 2009, after California completed a review of documents earlier withheld under a claim of privilege and made a supplemental production on the basis of that review. However, neither document contains any information of significance about Mr. Ahrens, particularly in light of the information about Mr. Ahrens previously disclosed in earlier discovery. (See Ex. 2, documents Bate-stamped CAAG/DHS-E0015077 and CAAG/DHS-E0016391-392.)

Second, California first identified Mr. Ahrens to Defendants as a potential witness on August 1, 2007, over two years ago. (Ex. 3, California's Initial Disclosures served August 1,

2007 at Attachment A (excerpted pages). On December 21, 2007, Mr. Ahrens was again identified to Defendants in responses to four interrogatories propounded by Defendants. (See Ex. 4, Responses to Interrogatories 15, 16, 32 and 39.)

Third, Defendants were well aware of Mr. Ahrens' role in the California Department of Health Care Services as early as December 2008. (See Ex. 5, Deposition of Kevin Gorospe, September 22, 2008, pp. 659-662, 678-679; Ex. 6, Deposition of Kevin Gorospe, December 3, 2008, pp. 92-93.)

Fourth, Defendants demonstrated they were clearly aware of Mr. Ahrens' purported significance as a likely deposition witness as early as January 5, 2009, when the parties filed their Joint Motion for Clarification (See Dkt. 5812, Ex. A "Defendants' List of Possible Deponents", in which Mr. Ahrens is described in some detail as a former pharmacist in the Pharmacy Policy Unit of Medi-Cal, who Defendants accordingly wished to depose in connection with his analysis of certain legislative bills)(Attached hereto as Ex. 7).

Finally, during the February 12, 2009 hearing, Defendants assured Judge Saris that all the depositions sought by Defendants would be timely completed: "The depositions will be completed by June 15." (Ex. 8, Hearing Transcript for February 12, 2009 Status Conference, at 13:5-6.)

Defendants have not demonstrated a reasonable explanation for their decision not to timely notice the deposition of Mr. Ahrens, and their motion for leave to take his deposition beyond the discovery cutoff fails to describe why Defendants would be prejudiced if they were unable to take his deposition. Discovery in this case closed almost three months ago. Both parties are currently deposing each other's expert witnesses, a process required to be completed by

3

September 30, 2009. Dispositive motions are due filed by October 30, 2009. Defendants' motion should accordingly be denied.

                                              Respectfully submitted,

Dated:  September 4, 2009                    EDMUND G. BROWN JR.
                                              Attorney General of the State of California

                                 By:  */s/ Nicholas N. Paul*
                                              NICHOLAS N. PAUL
                                              CA State Bar No. 190605
                                              Supervising Deputy Attorney General
                                              Bureau of Medi-Cal Fraud and Elder Abuse
                                              Office of The Attorney General
                                              1455 Frazee Road, Suite 315
                                              San Diego, CA  92108

## CERTIFICATE OF SERVICE

  I, Nicholas N. Paul, hereby certify that on September 4, 2009, I caused a true and correct copy of the foregoing, to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

               */s/ Nicholas N. Paul*   .
               NICHOLAS N. PAUL
               Supervising Deputy Attorney General