UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 <br> Civil Action No. 01-12257-PBS <br> Subcategory Case No. 03-10643 |
| THIS DOCUMENT RELATES TO: <br><br> *The City of New York, et al.* <br> *v.* <br> *Abbott Laboratories, et al.* | Judge Patti B. Saris <br><br> Magistrate Judge Bowler |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DISCOVERY FROM DEFENDANT MERCK & CO., INC.**

**INTRODUCTION**

Defendant Merck & Co., Inc. (hereinafter referred to as "Merck") refuses to produce responsive discovery for drugs/NDCs at issue in the New York Counties' AWP matter, even though (1) plaintiffs' complaint alleges spreads in excess of 30% for these drugs/NDCs and (2) Merck's AMPs confirm spreads in excess of 30% on an annual basis. *See* Revised Exhibit B-24 to Plaintiffs' First Amended Consolidated Complaint (hereinafter referred to as "Rev. Exhibit B to the NY FACC") [Dkt. No. 4754]; Declaration of Harris L. Devor, dated September 4, 2009 at ¶ 1 and ¶ 2 ("Devor Dec.") and Exhibit A thereto.

Case Management Order No. 33 ("CMO #33") provides that plaintiffs are entitled to discovery on these over-30% drugs. *See* CMO #33 at ¶ 7 [Docket No. 4745] ("Discovery on all drugs in new FACC Exhibits B-1 and B-3 [i.e. the over 30% drugs] shall proceed in accordance with Federal Rules of Civil Procedure and this Court's past Case Management Order. Plaintiffs respectfully submit that Merck's position is baseless and production of all responsive discovery should be ordered.

**ARGUMENT**

**A.  Plaintiffs Are Entitled To Discovery Of Drugs With Spreads Greater Than 30%**

Revised Exhibit B to the NY FACC lists 114 Merck drugs at issue in this litigation.  *See* Rev. Exhibit B to the NY FACC [Dkt. No. 4754].  Revised Exhibit B to the NY FACC alleges that 45 of the 114 have spreads over 30%.  *See Id*.  These spreads were calculated using wholesaler data.  CMO No. 33 provides that plaintiffs are entitled to receive responsive discovery, including AMP, sales and transactional data, for all at-issue Merck drugs with spreads greater than 30%.  *See* CMO #33, ¶ 7 [Docket No. 4745].  It will not produce *any* sales and transactional data for *any* of these over 30% drugs.  And, as for other types of discovery, Merck has produced only a limited amount of AMP data, transcripts of deposition testimony provided by eight Merck witnesses in other AWP matters, and a mere 4 boxes of documents.

Merck raises assorted excuses for non-compliance with the Court's order.  Its primary complaint is that the spread time periods set forth in Rev. Exhibit B to the NY FACC are too brief.  But, plaintiffs' expert has determined that most spreads between Merck's AMPs and published AWPs (for those NDCs for which plaintiffs have Merck AMPs) are consistently over 30% on an annual basis.[1]  *See* Exhibit A to the Devor Dec., which sets forth AMP/AWP spreads for all NDCs at issue in the New York Counties' cases for which Merck has produced AMPs.

Plaintiffs relayed the results of their expert's work to Merck in an effort to break the discovery logjam.  Merck still refused to produce.  It now says that AMPs may not serve as "brackets for calculating spread."  That is contrary to the September 22, 2008 Order of this Court.

> Plaintiffs may conduct discovery on any branded drugs that have an AWP to AMP spread of over 30% for the year.

---

[1] Fifty of the 54 drugs at-issue for which plaintiffs have Merck AMPs have annual spreads greater than 30%.  *See* Exhibit A to the Devor Dec.

2

September 22, 2008 Order [Dkt. No. 5605]. And, of course, the September 2008 Order is not inconsistent with other rulings by this Court. *See, e.g., Mylan*, 2008 WL 5650859 at *5-10 (discussion of individual defendant spreads based on AMPs); at FN4 (noting impact on FUL if Par reported a truthful AWP similar to its AMP).

Merck simply has no basis whatever to resist producing responsive discovery on the at-issue Merck drugs with spreads over 30%. Plaintiffs respectfully request that Merck be ordered to make its responsive production forthwith.

**B. Plaintiffs' Methodology for Calculating AWP/AMP Spreads on an Annual Basis**

To determine AWP to AMP spreads on an annual basis for the Merck drugs listed in Exhibit A to the Devor Dec., plaintiffs' expert first computed the difference between AMP per unit and published AWP per unit for each NDC and for each day in that particular year that an AMP and AWP existed for each NDC. *See* Devor Dec. at ¶ 4(a). Mr. Devor then computed an average of the daily spreads for each NDC for each year. *Id.* at ¶ 4(b).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Compel Discovery from Defendant Merck & Co., Inc.

Dated: September 4, 2009                     Respectfully submitted,

                                               **KIRBY McINERNEY, LLP**
                                               825 Third Avenue
                                               New York, New York 10022
                                               (212) 371-6600

                                               /s/ Joanne M. Cicala_____
                               By:    Joanne M. Cicala
                                                 Kathryn B. Allen

                                               *Counsel for The City of New York and New York*
                                               *Counties in MDL 1456 except Nassau and Orange*

>Ross B. Brooks, Esq.
>MILBERG LLP
>One Pennsylvania Plaza
>New York, NY  10119
>(212) 594-5300
>*Special Counsel for the County of Nassau*
>
>Theresa A. Vitello, Esq.
>LEVY PHILLIPS &
>KONIGSBERG, LLP
>800 Third Avenue
>New York, NY  10022
>(212) 605-6205
>*Counsel for the County of Orange*

### CERTIFICATE OF SERVICE

I, Kathryn B. Allen, hereby certify that I caused a true and correct copy of the foregoing Memorandum in Support of Plaintiffs' Motion to Compel Discovery from Defendant Merck & Co., Inc., to be served on counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated:  September 4, 2009

>/s/ Kathryn B. Allen
>Kathryn B. Allen