**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) |
|  | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200 |
| THIS DOCUMENT RELATES TO:<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br> *v.*<br>*Baxter Hemoglobin Therapeutics and Baxter International Inc.* | ) ) ) ) ) ) ) ) ) ) | Judge Patti B. Saris |

**BAXTER INTERNATIONAL INC.'S OPPOSITION TO RELATORS'**
**MOTION TO LIFT STAY ON DISCOVERY**

Defendant Baxter International Inc. ("Baxter"), by and through its attorneys, respectfully submits this Opposition to the August 31, 2009 Motion of Relators Linnette Sun and Greg Hamilton to Lift Stay on Discovery to Permit Deposition of Marketing Bureau Research (*sic*) and to Continue Deadline for Relators' Opposition to Baxter's Motion to Dismiss.

### A.     Relators Have Not Demonstrated Good Cause to Lift the Stay.

Relators have not demonstrated good cause to lift the stay and permit discovery, and the motion should be denied.  By acknowledging in their Complaint that they consulted Marketing Research Bureau ("MRB") reports for information, Relators put the reports at issue. *See* Complaint ¶ 29.  They should not now be permitted to take discovery to validate their own sources.  Given that MRB reports were but a small part of Baxter's public disclosure arguments, Relators' deposition request is merely an attempt to stall the proceedings and avoid the larger issues presented in Baxter's Motion to Dismiss.

As addressed in Baxter's Motion to Dismiss, Relators' reliance on the reports – and their accompanying failure to demonstrate direct and independent knowledge – give rise to a

DSMDB-2665750v02

Rule 9(b) problem.  Relators cannot try to remedy their failure to plead with sufficient particularity with a discovery request.  Courts have refused repeatedly to allow *qui tam* relators to rely on later discovery to comply with Rule 9(b)'s pleading requirements.  *See, e.g., United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004) (relators "may not present general allegations in lieu of the details of actual false claims in the hope that such details will emerge through subsequent discovery") (citations omitted).  Such an attempt does not constitute good cause.

The three cases cited by Relators to support their claim that they are "entitled" to discovery are simply inapplicable here.  As a general rule, a district court generally retains "broad discretion in determining whether to grant jurisdictional discovery."  *Blair v. City of Worcester*, 522 F.3d 105, 110-11 (1st Cir. 2008) (citing *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 626 (1st Cir. 2001)).  However, the type of jurisdictional discovery that is generally permitted arises when a defendant challenges a factual assertion related to jurisdiction that appears in the plaintiff's complaint.  Thus, for example, the jurisdictional issue on which discovery was permitted in *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, cited by Relators, was diversity of citizenship.  724 F.2d 901, 902-903 (11th Cir. 1984).  Similarly, in another of Relators' cited cases, *Blanco v. Carigulf Lines*, the jurisdictional inquiry for this maritime case related to "such material factors as the allegiance of the defendant shipowner, the place where the contract of employment was made, the base of the shipowner's operation . . . ."  632 F.2d 656, 658 (5th Cir. 1980).  This case stands for the narrow proposition that "Plaintiff is not required to rely exclusively upon a defendant's affidavit for resolution of the jurisdictional issue where that defendant has failed to answer plaintiff's interrogatories specifically directed to that issue."  *Id*.  The discovery that Relators seek here does not involve a factual assertion made by Baxter about diversity or similar jurisdictional matters.  Rather, Relators seek discovery to

challenge Baxter's legal argument that subject matter jurisdiction is lacking under the False Claims Act because of the public disclosure bar. Relators cite no authority that would permit discovery in such circumstances.

**B.   A Deposition is Unnecessary Because The MRB Reports Qualify As Public Disclosures Within the Meaning of 31 U.S.C. § 3730(e)(4)(A).**

More fundamentally, a deposition of MRB is simply unnecessary because the MRB reports qualify as public disclosures without further inquiry. Perhaps the best evidence of the reports' public availability is the fact that Relators themselves cite to one such report in their own Complaint. Relators' suggestion that the reports are not public because their distribution is limited or their purchase price too high is misguided. Scientific and scholarly periodicals, even those that are "too technical for the average member of the public to understand and are distributed to a reader base that is smaller and professionally specialized," qualify as news media because they "disseminate information to the public in a periodic manner." *United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc.*, 186 F. Supp. 2d 458, 463 (S.D.N.Y. 2002). *See also United States ex rel. Radcliffe v. Purdue Pharma L.P.*, 582 F. Supp. 2d 766, 770 (W.D. Va. 2008) ("The term 'news media' includes scholarly, scientific, and technical periodicals, including trade journals, because, like newspapers, these sources disseminate information to the public in a periodic manner."); *State ex rel. Grayson v. Pac. Bell Tel. Co.*, 48 Cal. Rptr. 3d 427 (Cal. Ct. App. 2006). Relators have not identified a single authority (and Baxter has found none) that supports the notion that limited distribution and high price makes a publication "non-public."

The MRB reports at issue, Plasma Fractions Market in the United States (cited by Relators) and Hemophilia Care & Price Monitoring, United States (cited by Baxter), have been published annually since 1974 and at least 1995, respectively. *See*

www.marketingresearchbureau.com/home2.htm (pages entitled MRB and List of Reports). Though they may be scientific and aimed at a "professionally specialized" audience, the reports distribute information in a "periodic manner," and therefore qualify as news media.

Relators' only stated goal for the deposition – to establish the "limited distribution" of MRB reports – is irrelevant. The appropriate inquiry is who *could* have access to the reports, not who currently subscribes to them. *See, e.g., United States ex rel. Stinson et al. v. Prudential Ins. Co.*, 944 F.2d 1149, 1155-56 (3d Cir. 1991) (information has been publicly disclosed if it "would have been equally available to strangers to the transaction had they chosen to look for it, as it was to the relator"); *United States ex rel. Dick v. Long Island Lighting Co.*, 912 F.2d 13, 18 (2d Cir. 1990) (allegations are publicly disclosed when they are placed in the "public domain"). MRB reports can be ordered online on MRB's website. *See* www.marketingresearchbureau.com. No relevant information would be uncovered through a MRB deposition and, in any event, no further information is needed to determine that the MRB reports qualify as news media.

### C. Relators' Filing Deadline Should Not Be Extended.

Finally, because the motion for discovery should be denied, Baxter also opposes the request to continue the deadline for Relators' Opposition to Baxter's Motion to Dismiss. The MRB reports are a minor component of Relators' Complaint and Baxter's Motion to Dismiss, and Relators otherwise have had the full 30 days allowed by this Court's Case Management Order to respond. The filing deadline should remain September 15, 2009.

                              Respectfully submitted,

Dated:  September 9, 2009                /s/ **Ruchi Jain**  
                                        J. Andrew Jackson  
                                        Merle M. DeLancey  
                                        Tina D. Reynolds  
                                        Ruchi Jain  
                                        **DICKSTEIN SHAPIRO LLP**  
                                        1825 Eye Street NW  
                                        Washington, DC 20006  
                                        Telephone:  (202) 420-2200  
                                        Facsimile:  (202) 420-2201  
                                        *Admitted pro hac*

                                        Peter E. Gelhaar (BBO #188310)  
                                        **DONNELLY, CONROY & GELHAAR, LLP**  
                                        One Beacon Street, 33rd Floor  
                                        Boston, MA 02108  
                                        Telephone:  (617) 720-2880  
                                        Facsimile:  (617) 720-3554

                                        Counsel for Defendant Baxter International Inc.

## CERTIFICATE OF SERVICE

       I hereby certify that I, Ruchi Jain, an attorney, electronically filed the foregoing BAXTER INTERNATIONAL INC.'S OPPOSITION TO RELATORS' MOTION TO LIFT STAY ON DISCOVERY with the Clerk of the Court for the District of Massachusetts using the Court's CM/ECF system on September 9, 2009.  I also caused a true and correct copy of the foregoing document to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, for posting and notification to all parties.

       **/s/ Ruchi Jain**_____
       Ruchi Jain
       **DICKSTEIN SHAPIRO LLP**
       1825 Eye Street NW
       Washington, DC 20006
       Telephone:  (202) 420-2200
       Facsimile:  (202) 420-2201