UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>  *The City of New York, et al.*<br>*v.*<br>  *Abbott Laboratories, et al.* | ) MDL NO. 1456<br>) Civil Action No. 01-12257-PBS<br>) Subcategory Case No. 03-10643<br>)<br>) Judge Patti B. Saris<br>) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM DEFENDANTS SCHERING CORPORATION AND SCHERING-PLOUGH CORPORATION**

**INTRODUCTION**

Defendants Schering Corporation and Schering-Plough Corporation (hereinafter referred to as "Schering") refuse to produce responsive discovery for certain drugs/NDCs at issue in the New York Counties' AWP matter (listed in Exhibit A hereto), even though Schering's expert witness has confirmed spreads in excess of 30% on an annual basis for these drugs/NDCs. *See* Affidavit of Summanth Addanki, February 21, 2008 (filed and served in support of Schering's Motion for Protective Order on May 13, 2008) [Docket No. #5299], "Exhibit 3 Percentage "Spreads" between AWP and AMP Branded Products Accused in New York Counties 1997-2005 (hereinafter, "2008 Analysis")(attached as "B" hereto); and Affidavit of Summanth Addanki August 6, 2009 (filed and served in support of the Joint Motion for Approval of the Settlement between California, Florida, and Relator Ven-A-Care of the Florida Keys on behalf of Itself and the United States and Schering-Plough, Schering, and Warrick, on August 7, 2009

[Docket No. #6361], "Exhibit 3 Percentage "Spreads" between AWP and AMP Accused Branded Products 1997-2003 (hereinafter, "2009 Analysis") (attached as "C" hereto).

Case Management Order No. 33 ("CMO #33") provides that plaintiffs are entitled to discovery on these over-30% drugs.  *See* CMO #33 at ¶ 7. This Court's September 2008 Order on Schering's motion for a protective order does likewise.

> Plaintiffs may conduct discovery on any branded drugs that have an AWP to AMP spread of over 30% for the year.

September 22, 2008 Order [Dkt. No. 5605].

Plaintiffs respectfully submit that Schering's position is baseless and production of all responsive discovery on the over-30% drugs/NDCs listed in Exhibit A hereto should be ordered.

## ARGUMENT

### Plaintiffs Are Entitled To Discovery Of Drugs With Spreads Greater Than 30%

Schering's expert has confirmed that 52 of the 105 Schering Drugs at issue in the NY County case have annual spreads over 30%. Compare Addanki's 2008 Analysis and 2009 Analysis, at Exhibits B & C, respectively, with Rev. Exhibit B to the NY FACC [Dkt. No. 4754], as summarized in Exhibit A hereto

CMO No. 33 provides that plaintiffs are entitled to receive responsive discovery for all at-issue drugs with spreads greater than 30%. *See* CMO #33, ¶ 7 [Docket No. 4745].

Plaintiffs' entitlement to discovery on over-30% drugs was re-affirmed by this Court, coincidentally, in the context of Schering's Motion for Protective Order.  Schering there argued that it should not have to produce discovery on the basis of the spreads alleged by Plaintiffs in Revised Exhibit B to the FACC.  In support, Schering filed the Addanki 2008 Analysis setting forth AMP/AWP spreads on Schering branded products.  *See* Dkt. No. 5299.  The Court considered Schering's motion and ruled that production must be made wherever Schering's

products showed AMP/AWP spreads exceeding 30% on an annual basis.  *See*, September, 2008 Order [Docket No. 5605]. Specifically, the Court ruled, "Plaintiffs may conduct discovery on any branded drugs that have an AWP to AMP spread of over 30% for the year." *Id.*

Given the terms of CMO #33, the September 2008 Order and Dr. Addanki's 2008 and 2009 conclusions, plaintiffs asked Schering whether it would produce responsive discovery on the drugs/NDCs in Exhibit A hereto.  *See*, August 21, 2009 e-mail from Michael Winget-Hernandez to John Bueker, (Exhibit D hereto). Plaintiffs asked Schering to provide an answer to this inquiry by Tuesday, August 25, 2009. *Id.*   Schering did not answer yay or nay on that date, but promised a response by September 4, 2009.  *See*, August 27, 2009 e-mail from John Bueker to Michael Winget-Hernandez (Exhibit E).  Plaintiffs confirmed to Mr. Bueker that they were relying on Schering providing its response by September 4, 2009.  See, August 27, 2009 e-mail from Michael Winget-Hernandez to John Bueker.  (Exhibit F) No response came.  Hence, this motion.

Schering simply has no basis whatever to resist producing responsive discovery on the at-issue Schering drugs with spreads confirmed by their expert to be over 30% on an annual basis. Plaintiffs respectfully request that Schering be ordered to make its complete responsive production forthwith.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Compel Discovery from Defendants Schering Corporation and Schering-Plough Corporation.

Dated:  September 9, 2009                     Respectfully submitted,

**KIRBY McINERNEY, LLP**
825 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
By:    Joanne M. Cicala
         Kathryn B. Allen

*Counsel for The City of New York and New York Counties in MDL 1456 except Nassau and Orange*

Ross B. Brooks, Esq.
MILBERG LLP
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300
*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
LEVY PHILLIPS &
KONIGSBERG, LLP
800 Third Avenue
New York, NY  10022
(212) 605-6205
*Counsel for the County of Orange*

**CERTIFICATE OF SERVICE**

    I, Kathryn B. Allen, hereby certify that I caused a true and correct copy of the foregoing Memorandum in Support of Plaintiffs' Motion to Compel Discovery from Defendants Schering Corporation and Schering-Plough Corporation to be served on counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated:  September 9, 2009

                                        /s/ Kathryn B. Allen
                                        Kathryn B. Allen