

27024386
Sep 10 2009
9:55PM

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00425)<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06231)<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00456)<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06242)<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00423)<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06204)<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06744)<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00354)<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00867)<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>(N.D.N.Y. No. 05-CV-00881)<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.* | MDL NO. 1456<br><br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br><br>**DEFENDANTS SCHERING-PLOUGH CORPORATION'S, SCHERING CORPORATION'S, AND WARRICK PHARMACEUTICALS CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS** |

| | |
|---|---|
| (S.D.N.Y. No. 05-CV-06458) | |
| *County of Essex County v. Abbott Laboratories, Inc., et al.* <br> (N.D.N.Y. No. 05-CV-00878) | |
| *County of Fulton v. Abbott Laboratories, Inc., et al.* <br> (N.D.N.Y. No. 05-CV-00519) | |
| *County of Genesee v. Abbott Laboratories, Inc., et al.* <br> (W.D.N.Y. No. 05-CV-06206) | |
| *County of Greene v. Abbott Laboratories, Inc., et al.* <br> (N.D.N.Y. No. 05-CV-00474) | |
| *County of Herkimer v. Abbott Laboratories, Inc., et al.* <br> (N.D.N.Y. No. 05-CV-00415) | |
| *County of Jefferson v. Abbott Laboratories, Inc., et al.* <br> (N.D.N.Y. No. 05-CV-00715) | |
| *County of Lewis v. Abbott Laboratories, Inc., et al.* <br> (N.D.N.Y. No. 05-CV-00839) | |
| *County of Madison v. Abbott Laboratories, Inc., et al.* <br> (N.D.N.Y. No. 05-CV-00714) | |
| *County of Monroe v. Abbott Laboratories, Inc., et al.* <br> (W.D.N.Y. No. 05-CV-06148) | |
| *County of Nassau v. Abbott Laboratories, Inc., et al.* <br> (E.D.N.Y. No. 04-CV-5126) | |
| *County of Niagara v. Abbott Laboratories, Inc., et al.* <br> (W.D.N.Y. No. 05-CV-06296) | |
| *County of Oneida v. Abbott Laboratories, Inc., et al.* <br> (N.D.N.Y. No. 05-CV-00489) | |
| *County of Onondaga v. Abbott Laboratories, Inc., et al.* <br> (N.D.N.Y. No. 05-CV-00088) | |
| *County of Ontario v. Abbott Laboratories, Inc., et al.* <br> (W.D.N.Y. No. 05-CV-06373) | |
| *County of Orange v. Abbott Laboratories, Inc., et al.* | |

(S.D.N.Y. No. 07-CV-2777)

*County of Orleans v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06371)

*County of Putnam v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 05-CV-04740)

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00422)

*County of Rockland v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 03-CV-7055)

*County of Saratoga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00478)

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06387)

*County of Seneca v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06370)

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00479)

*County of Steuben v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06223)

*County of Suffolk v. Abbott Laboratories, Inc., et al.*
(E.D.N.Y. No. CV-03-229)

*County of Tompkins v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00397)

*County of Ulster v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 06-CV-0123)

*County of Warren v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00468)

*County of Washington v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00408)

*County of Wayne v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| (W.D.N.Y. No. 05-CV-06138)<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 03-CV-6379)<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>(W.D.N.Y. No. 05-CV-06172) | |

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, Defendants Schering-Plough Corporation, Schering Corporation, and Warrick Pharmaceuticals Corporation ("Warrick Defendants" or "Respondents"), by their attorneys, submit the following responses and objections to Plaintiffs' First Set of Interrogatories and Document Requests, served on or about August 11, 2009.

## GENERAL OBJECTIONS

Defendants object to Plaintiffs' First Set of Interrogatories and Document Requests for the reasons stated below:

1. The Warrick Defendants incorporate herein the General and Specific Objections and Preliminary Statement set forth in their Responses and Objections to Plaintiffs' First Request for Production of Documents and the Warrick Defendants' Responses, served on or about November 20, 2007; in their Responses and Objections to Plaintiffs' Second Request for Production of Documents, served on or about December 10, 2007; and in their Responses and Objections to Plaintiffs' Third Request for Production of Documents, served on or about March 17, 2008.

2. The Warrick Defendants object to the definition of the term "Schering Covered Drugs," as articulated in the First Set of Interrogatories and Document Requests, as overly broad and burdensome. The Warrick Defendants further object to the definition of the term "Schering Covered Drugs" as violative of the Protective Order that was entered by Magistrate Judge Bowler on August 8, 2008, and endorsed by Judge Saris on September 22, 2008.

3. The Warrick Defendants object to the First Set of Interrogatories and Document Requests to the extent that it seeks responses, information, and documents regarding drugs that are not listed in Exhibit B to Plaintiffs' First Amended Consolidated Complaint pursuant to the requirements of Case Management Order No. 33, and therefore are not at issue in this case. *See* Case Management Order No. 33 (Sept. 14, 2007) [Docket No. 4745]. Responses, information, and documents related to drugs that are not at issue in this case are irrelevant and not reasonably likely to lead to admissible information.

4. The Warrick Defendants object to the First Set of Interrogatories and Document Requests to the extent that they seek information, material, or documents that the Warrick Defendants have already produced to Plaintiffs in this litigation. Furthermore, identifying by Bates number and production date when a responsive document that has been produced in this case was produce to some other State, plaintiff, or governmental entity is not reasonably calculated to lead to the discovery of admissible evidence, is simply harassing, and is unduly burdensome.

5. The Warrick Defendants have already made extensive document and data productions in this case as described generally in their Responses to Plaintiffs' First, Second, and Third Requests for Production of Documents. This Request is entirely duplicative of those prior requests, is simply harassing, is unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Rather, the point of these discovery "requests" is to interfere in a settlement between the Warrick Defendants, Ven-A-Care of the Florida Keys on behalf of the United States and itself, California, and Florida. Plaintiffs in this case are not a party to that settlement or the cases resolved by it and should not be permitted to interfere with it. To the extent that Plaintiffs object to Dr. Addanki's calculations submitted by the Warrick Defendants in support of that settlement, Plaintiffs have had a more than sufficient opportunity for discovery,

including a deposition of Dr. Addanki on the subject of the calculations more than nine months ago and a complete production of the data underlying Dr. Addanki's calculations for all of the drugs at issue in this case. Thus, no further discovery on this topic is warranted.

6. The Warrick Defendants object to the First Set of Interrogatories and Document Requests to the extent that they are vague, ambiguous, cumulative, duplicative, overly broad, overly burdensome, or oppressive; and to the extent that they seek information or documents that are not relevant to the claims or defenses of any party or the subject matter involved in this action; and to the extent they seek documents or information beyond those permitted by the Federal Rules of Civil Procedure and other applicable local law.

7. The Warrick Defendants object to the First Set of Interrogatories and Document Requests to the extent they demand information covered by the attorney-client privilege, the work product doctrine, third-party confidentiality agreements or protective orders, or any other applicable privilege, immunity, or protection. In the event that any information subject to a privilege, immunity, or protection is produced or otherwise revealed by the Warrick Defendants, its production is inadvertent and does not constitute a waiver of any privilege, immunity, or protection.

## SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES AND DOCUMENT REQUESTS

**Interrogatory No. 1**

**Specifically identify each document You produced to the State of Texas in the context of the Texas Case which You contend constitutes, in any part whatsoever, "this extensive discovery with respect to Schering's brand drugs," referred to by You on page 5 of the Joint Memorandum and on what date such documents were produced.**

**Specific Objection and Response to Interrogatory No. 1**

The Warrick Defendants object to Interrogatory No. 1 because it seeks information, material, or documents related to discovery that has taken place in *State of Texas ex rel Ven-A-Care of the Florida Keys* v. *Dey, Inc.* ("the Texas Case"). Documents, depositions, and discovery responses in the Texas Case are covered by a Protective Order, entered on April 19, 2004, that prohibits the dissemination of confidential discovery material to entities and individuals who are not a party to the Protective Order. As Plaintiffs are not parties to the Protective Order, they are not entitled to receive, and the Warrick Defendants are not permitted to provide, the requested documents, depositions, and responses.

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above and/or the specific objection stated herein, Defendants decline to respond further.

**Request for Production No. 1**

**Produce each document identified in response to Interrogatory No. 1. If You have already produced a document responsive to this request to Plaintiffs, please identify it by Bates number and identify on what date such production was made.**

**Specific Objection and Response to Request for Production No. 1**

The Warrick Defendants object to Request for Production No. 1 because it seeks information, material, or documents related to discovery that has taken place in the Texas Case. Documents, depositions, and discovery responses in the Texas Case are covered by a Protective Order, entered on April 19, 2004, that prohibits the dissemination of confidential discovery material to entities and individuals who are not a party to the Protective Order. As Plaintiffs are not parties to the Protective Order, they are not entitled to receive, and the Warrick Defendants are not permitted to provide, the requested documents, depositions, and responses.

4

Because any and all material responsive to this Request falls within one or more General Objections stated above and/or the specific objection stated herein, Defendants decline to respond further.

**Interrogatory No. 2**

**Specifically identify deposition testimony (in full or by range of pages) produced by You or obtained by the State of Texas in the context of the Texas Case which You contend constitutes, in any part whatsoever, "this extensive discovery with respect to Schering's brand drugs," referred to by You on page 5 of the Joint Memorandum and on what date such testimony was produced by You or obtained by Texas.**

**Specific Objection and Response to Interrogatory No. 2**

The Warrick Defendants object to Interrogatory No. 2 because it seeks information, material, or documents related to discovery that has taken place in the Texas Case. Documents, depositions, and discovery responses in the Texas Case are covered by a Protective Order, entered on April 19, 2004, that prohibits the dissemination of confidential discovery material to entities and individuals who are not a party to the Protective Order. As Plaintiffs are not parties to the Protective Order, they are not entitled to receive, and the Warrick Defendants are not permitted to provide, the requested documents, depositions, and responses.

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above and/or the specific objection stated herein, Defendants decline to respond further.

**Request for Production No. 2**

**Produce an official transcript of each deposition containing the pages identified by You in response to Interrogatory No.2. If you have already produced an official deposition transcript responsive to this request to Plaintiffs, please identify it by Bates number, or otherwise, and identify on what date such production was made.**

**Specific Objection and Response to Request for Production No. 2**

The Warrick Defendants object to Request for Production No. 2 because it seeks information, material, or documents related to discovery that has taken place in the Texas Case. Documents, depositions, and discovery responses in the Texas Case are covered by a Protective Order, entered on April 19, 2004, that prohibits the dissemination of confidential discovery material to entities and individuals who are not a party to the Protective Order. As Plaintiffs are not parties to the Protective Order, they are not entitled to receive, and the Warrick Defendants are not permitted to provide, the requested documents, depositions, and responses.

Because any and all material responsive to this Request falls within one or more General Objections stated above and/or the specific objection stated herein, Defendants decline to respond further.

**Interrogatory No. 3**

**Specifically identify any response to any interrogatory, request for admission, or request for disclosure made by or on behalf of any party in the context of the Texas Case which You contend constitutes, in any part whatsoever, "this extensive discovery with respect to Schering's brand drugs," referred to by You on page 5 of the Joint Memorandum and on what date such responses were made.**

**Specific Objection and Response to Interrogatory No. 3**

The Warrick Defendants object to Interrogatory No. 3 because it seeks information, material, or documents related to discovery that has taken place in the Texas Case. Documents, depositions, and discovery responses in the Texas Case are covered by a Protective Order, entered on April 19, 2004, that prohibits the dissemination of confidential discovery material to entities and individuals who are not a party to the Protective Order. As Plaintiffs are not parties to the Protective Order, they are not entitled to receive, and the Warrick Defendants are not permitted to provide, the requested documents, depositions, and responses.

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above and/or the specific objection stated herein, Defendants decline to respond further.

**Request for Production No. 3**

**Produce each item identified by You in response to Interrogatory No.3.  If You have already produced an item responsive to this request to Plaintiffs, please identify it by Bates number and identify on what date such production was made.**

**Specific Objection and Response to Request for Production No. 3**

The Warrick Defendants object to Request for Production No. 3 because it seeks information, material, or documents related to discovery that has taken place in the Texas Case. Documents, depositions, and discovery responses in the Texas Case are covered by a Protective Order, entered on April 19, 2004, that prohibits the dissemination of confidential discovery material to entities and individuals who are not a party to the Protective Order.  As Plaintiffs are not parties to the Protective Order, they are not entitled to receive, and the Warrick Defendants are not permitted to provide, the requested documents, depositions, and responses.

Because any and all material responsive to this Request falls within one or more General Objections stated above and/or the specific objection stated herein, Defendants decline to respond further.

**Interrogatory No. 4**

**Specifically identify each document You produced to the State of Florida in the context of the Florida Case which You contend constitutes, in any part whatsoever, the "voluminous record that has been shared fully and consistently with DOJ," as referred to by You on page 5 of the Joint Memorandum and which pertains to any of the Schering Covered Drugs, and on what date such production was made.**

7

**Response to Interrogatory No. 4**

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above, Defendants decline to respond further.

**Request for Production No. 4**

**Produce each document identified in response to Interrogatory No.4. If You have already produced an item responsive to this request to Plaintiffs, please identify it by Bates number and identify on what date such production was made.**

**Response to Request for Production No. 4**

Because any and all material responsive to this Request falls within one or more General Objections stated above, Defendants decline to respond further.

**Interrogatory No. 5**

**Specifically identify deposition testimony (in full or by range of pages) produced by You or obtained by the State of Florida in the context of the Florida Case which You contend constitutes, in any part whatsoever, the "voluminous record that has been shared fully and consistently with DOJ," as referred to by You on page 5 of the Joint Memorandum, and which pertains to the Schering Covered Drugs." and on what date such production was made.**

**Response to Interrogatory No. 5**

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above, Defendants decline to respond further.

**Request for Production No. 5**

**Produce an official transcript of each deposition containing the pages identified by You in response to Interrogatory No.5. If You have already produced an item responsive to this request to Plaintiffs, please identify it by Bates number and identify on what date such production was made.**

8

**Response to Request for Production No. 5**

Because any and all material responsive to this Request falls within one or more General Objections stated above, Defendants decline to respond further.

**Interrogatory No. 6**

**Specifically identify any response to any interrogatory, request for admission, or request for disclosure made by or on behalf of any party in the context of the Florida Case which You contend constitutes, in any part whatsoever, "this extensive discovery with respect to Schering's brand drugs," referred to by You on page 5 of the Joint Memorandum and on what date such responses were made.**

**Response to Interrogatory No. 6**

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above, Defendants decline to respond further.

**Request for Production No. 6**

**Produce each item identified by You in response to Interrogatory No.6. If You have already produced an item responsive to this request to Plaintiffs, please identify it by Bates number and identify on what date such production was made.**

**Response to Request for Production No. 6**

Because any and all material responsive to this Request falls within one or more General Objections stated above, Defendants decline to respond further.

**Interrogatory No. 7**

**Specifically identify each document You produced to the State of California in the context of the California Case which You contend constitutes, in any part whatsoever, the "voluminous record that has been shared fully and consistently with "DOJ," as alleged by You on page 5 of the Joint Memorandum, and which pertains to any of the Schering Covered Drugs, and on what date such production was made.**

9

**Response to Interrogatory No. 7**

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above, Defendants decline to respond further.

**Request for Production No. 7**

**Produce each document identified in response to Interrogatory No.7. If you have already produced an item responsive to this request to Plaintiffs, please identify it by Bates number and identify when such production was made.**

**Response to Request for Production No. 7**

Because any and all material responsive to this Request falls within one or more General Objections stated above, Defendants decline to respond further.

**Interrogatory No. 8**

**Specifically identify deposition testimony (in full or by range of pages) produced by You or obtained by the State of California in the context of the California Case which You contend constitutes, in any part whatsoever, the "voluminous record that has been shared fully and consistently with DOJ," as referred to by You on page 5 of the Joint Memorandum, and which pertains to any of the Schering Covered Drugs," and on what date such production was made.**

**Response to Interrogatory No. 8**

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above, Defendants decline to respond further.

**Request for Production No. 8**

**Produce an official transcript of each deposition containing the pages identified by You in response to Interrogatory No.8. If You have already produced an item responsive to this request to Plaintiffs, please identify it by Bates number and identify on what date such production was made.**

10

**Response to Request for Production No. 8**

Because any and all material responsive to this Request falls within one or more General Objections stated above, Defendants decline to respond further.

**Interrogatory No. 9**

**Specifically identity any response to any interrogatory, request for admission, or request for disclosure made by or on behalf of any party in the context of the California Case which You contend constitutes, in any part whatsoever, "this extensive discovery with respect to Schering's brand drugs," referred to by You on page 5 of the Joint Memorandum and identify on what date such responses were made.**

**Response to Interrogatory No. 9**

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above, Defendants decline to respond further.

**Request for Production No. 9**

**Produce each item identified by you in response to Interrogatory No.9. If You have already produced an item responsive to this request to Plaintiffs, please identify it by Bates number and identify on what date such production was made.**

**Response to Request for Production No. 9**

Because any and all material responsive to this Request falls within one or more General Objections stated above, Defendants decline to respond further.

**Interrogatory No. 10**

**Specifically identify each document you produced to the United States in the context of the Federal VAC Case or otherwise which you contend constitutes, in any part whatsoever, the "voluminous record that has been shared fully and consistently with DOJ," as referred to by You on page 5 of the Joint Memorandum, and which pertains to any of the Schering Covered Drugs and identify on what date such production was made.**

11

**Response to Interrogatory No. 10**

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above, Defendants decline to respond further.

**Request for Production No. 10**

**Produce each document identified in response to Interrogatory No. 10. If You have already produced an item responsive to this request to Plaintiffs, please identify it by Bates number and identify on what date such production was made.**

**Response to Request for Production No. 10**

Because any and all material responsive to this Request falls within one or more General Objections stated above, Defendants decline to respond further.

**Interrogatory No. 11**

**Specifically identify any electronically stored information which has been produced or made available by You to the Department of Justice during the course of "the long and intense history of Ven-A-Care litigation with Schering/Warrick," as described by you on page 5 of the Joint Memorandum and which pertains to any of the "Schering Covered Drugs" identified in the Amended Complaint. Include, but do not limit Your production to, any AMP, sales, or transactional data, at the NDC level or otherwise, which might have been used by You to determine the existence of any "basis for claims of damages with respect to the pricing of Schering's brand drugs" as referenced by You at page 5 of the Joint Memorandum. If a responsive item has already been produced to Plaintiffs, please identify it by Bates number and identify on what date such production was made.**

**Response to Interrogatory No. 11**

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above, Defendants decline to respond further.

**Interrogatory No. 12**

**Specifically identify deposition testimony (in full or by range of pages) produced by You or obtained by the United States in the context of the Federal VAC Case which You contend constitutes, in any part whatsoever, the "voluminous record that has been shared fully and consistently with DOJ," as referenced 10 by You on page 5 of the Joint Memorandum, and**

12

which pertains to any of the Schering Covered Drugs" and the date on which such production was made.

**Response to Interrogatory No. 12**

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above, Defendants decline to respond further.

**Request for Production No. 12**

**Produce an official transcript of each deposition containing the pages identified by You in response to Interrogatory No. 11. If You have already produced an item responsive to this request to Plaintiffs, please identify it by Bates number and identify the date on which such production was made.**

**Response to Request for Production No. 12**

Because any and all material responsive to this Request falls within one or more General Objections stated above, Defendants decline to respond further.

**Interrogatory No. 13**

**Specifically identify any response to any interrogatory, request for admission, or request for disclosure made by or on behalf of any party in the context of the Federal VAC Case which You contend constitutes, in any part whatsoever, ''this extensive discovery with respect to Schering's brand drugs,'' as referred to by You on page 5 of the Joint Memorandum and the date on which such responses were made.**

**Response to Interrogatory No. 13**

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above, Defendants decline to respond further.

**Request for Production No. 13**

**Produce each item identified by You in response to Interrogatory No. 12.  If You have already produced an item responsive to this request to Plaintiffs, please identify it by Bates number and identify the date on which such production was made.**

**Response to Request for Production No. 13**

Because any and all material responsive to this Request falls within one or more General Objections stated above, Defendants decline to respond further.

**Interrogatory No. 14**

**Identify any communication between You or Your attorney and any attorney for Ven-A-Care of the Florida Keys, Inc. which pertained to the amendment of the Federal VAC Case against Schering/Warrick to include the "Schering Covered Drugs."**

**Response to Interrogatory No. 14**

Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above, Defendants decline to respond further.

**Request for Production No. 14**

**Produce any written or electronic document containing or constituting, in whole or in part, any communication identified in Interrogatory No. 14. Include any draft or redlined versions of the amended complaint, and any non• identical copy of any such draft.**

**Response to Request for Production No. 14**

Because any and all material responsive to this Request falls within one or more General Objections stated above, Defendants decline to respond further.

**Interrogatory No. 15**

**To the extent that a document or thing has been produced by You to Ven-A-Care of the Florida Keys, Inc. during the course of "the long and intense history of Ven-A-Care litigation with Schering/Warrick," as described by You on page 5 of the Joint Memorandum, and which pertains to any of the Schering Covered Drugs, identify it specifically and identify the date on which is was produced.**

**Response to Interrogatory No. 15**

      Because any and all material responsive to this Interrogatory falls within one or more General Objections stated above, Defendants decline to respond further.

**Request for Production No. 15**

**Produce any document or thing identified in response to Interrogatory No. 15. If You have already produced an item responsive to this request to Plaintiffs, please identify it by Bates number and identify on what date such production was made.**

**Response to Request for Production No. 15**

      Because any and all material responsive to this Request falls within one or more General Objections stated above, Defendants decline to respond further.

      Schering-Plough Corporation, Schering Corporation, and Warrick Pharmaceuticals Corporation

      By their attorneys,

      /s/ John P. Bueker
      John T. Montgomery (BBO#352220)
      John P. Bueker (BBO#636435)
      Kim B. Nemirow (BBO#663258)
      ROPES & GRAY LLP
      One International Place
      Boston, Massachusetts 02110-2624
      (617) 951-7000

Date:   September 10, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2009, I caused a true and correct copy of Defendants Schering-Plough Corporation's, Schering Corporation's, and Warrick Pharmaceuticals Corporation's Objections and Response to Plaintiffs' First Set of Interrogatories and Document Requests to be served on all counsel of record via LexisNexis File & Serve pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                              /s/ Kim B. Nemirow
                                              Kim B. Nemirow