# Attachment 1

UNITED STATES' COMMON REPLY MEMORANDUM OF LAW IN
SUPPORT OF CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT
AND SUR-REPLY IN OPPOSITION TO THE DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

JUL 20 2009

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* Kurt Bunk and Daniel Heuser, | ) ) ) | |
| Plaintiffs/Relators, | ) ) | |
| v. | ) ) | No. 1:02cv1168 (AJT/TRJ) |
| BIRKART GLOBISTICS GmbH & CO., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| UNITED STATES OF AMERICA *ex rel.* Ray Ammons, | ) ) ) | |
| Plaintiff/Relator, | ) ) | |
| v. | ) ) | No. 1:07cv1198 (AJT/TRJ) |
| THE PASHA GROUP, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**ORDER**

This matter is before the Court on the Motion of Defendants Gosselin World Wide

Moving, N.V., Gosselin Group, N.V. and Marc Smet to Dismiss the Government's Complaint in

Intervention (Doc. No. 141) and the Motion of the Viktoria Defendants to Dismiss the United

States' Complaint in Intervention; and for Leave to Adopt Arguments of Other Defendants (Doc.

No. 217).  Upon consideration of the memoranda, exhibits and argument in connection

therewith, it is hereby

ORDERED that Gosselin Defendants' motion to dismiss Count I pursuant to Fed. R. Civ.

P. 12(b)(6) for failure to satisfy the requirements of Fed. R. Civ. P. 9(b) be, and the same hereby

is, DENIED. The Court finds that under the particular facts and circumstances of this case,

Count I of the Complaint alleges a violation of the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*,

with the requisite level of particularity and specificity to satisfy Fed. R. Civ. P. 9(b)'s pleading

requirements. It is further

ORDERED that Gosselin Defendants' motion to dismiss Counts II and III pursuant to

Fed. R. Civ. P. 12(b)(6) for failure to satisfy the requirements of Fed. R. Civ. P. 9(b) be, and the

same hereby is, DENIED as to Defendants Gosselin World Wide Moving, N.V., Gosselin Group,

N.V. and Marc Smet and GRANTED, with leave to amend, as to Defendants Government

Logistics N.V., Andreas Christ Spedition & Mobeltransport GmbH, Andres Christ GmbH, Horst

Baur, Viktoria International Spedition, Viktoria Schafer Internationale Spedition GmbH,

Viktoria Schafer International Spedition GmbH, Viktoria-SKS Kurt Schafer Internationale

GmbH & Co., Gillen & Garcon GmbH & Co. Internationale Spedition KG, Gillen & Garcon

GmbH & Co. KG, and M.T.S. Holding & Verwaltungs GmbH dba M.T.S. Gruppe, who join and

adopt the Gosselin Defendants' motion. The Court finds that as to the Gosselin Defendants,

under the particular facts and circumstances of this case, Counts II and III of the Complaint

allege common law fraud and conspiracy with the requisite level of particularity and specificity

to satisfy Fed. R. Civ. P. 9(b)'s pleading requirements. As to the remaining Defendants who join

and adopt the Gosselin Defendants' motion, the Court finds that Counts II and III of the

Complaint fail to allege common law fraud and conspiracy with the requisite level of

particularity and specificity to satisfy Fed. R. Civ. P. 9(b)'s pleading requirements. Specifically,

the Court finds that Counts II and III of the Complaint fail to allege with sufficient particularity

2

and specificity the "false, material representations to the United States about the services to be provided by the German agents" made by the Defendants and the role of each of the Defendants. *See* Compl. at ¶ 96. It is further

ORDERED that the Gosselin Defendants' motion to dismiss Counts I, II, III and IV as barred either in part or in whole by the applicable statutes of limitations be, and the same hereby is, DENIED. The Court finds that the False Claims Act and common law claims asserted in the Complaint in Intervention are timely because they relate back to the date that the relators' *qui tam* complaint was filed pursuant to Fed. R. Civ. P. 15(c)(1)(A) and 15 (c)(1)(B) and the Fraud Enforcement and Recovery Act of 2009 ("FERA") §§ 4(b) and 4(f)(2). It is further

ORDERED that the Viktoria Defendants' motion to dismiss on the basis of a grant of immunity to Defendants under the Shipping Act, 46 U.S.C. §§ 1701-1719, be, and the same hereby is DENIED without prejudice to Defendants' renewing this argument at an appropriate time following discovery. The Court finds that, on the basis of the facts as alleged in the Complaint, the Viktoria Defendants' actions were "aimed at the entire through transportation market, rather than just the foreign inland segment." *United States v. Gosselin World Wide Moving, N.V.*, 411 F.3d 502, 510 (4th Cir. 2005). It is further

ORDERED that the Viktoria Defendants' motion to dismiss on the grounds that the False Claims Act does not create qui tam liability for the antitrust violations alleged in the Complaint in Intervention be, and the same hereby is, DENIED. The Court finds persuasive the long line of precedent relying on *United States ex rel. Marcus v. Hess*, 317 U.S. 537 (1943), and allowing False Claims Act claims to be predicated on antitrust violations. It is further

ORDERED that the Viktoria Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) be, and the same hereby is, DENIED without

prejudice to Defendants' renewing this argument at an appropriate time following discovery. The Court finds that the allegations in the Complaint that Viktoria Schafer "has been a prime contractor for the United States military and the SDDC in various capacities," Compl. at ¶ 19, and that the Viktoria Defendants conspired to rig bids on government-funded contracts and in doing so caused false claims to be submitted to the United States, id. at ¶¶ 46-49, 82-83, are sufficient to support jurisdiction at this stage of the proceedings. It is further

ORDERED that the Viktoria Defendants' motion to dismiss for lack of venue pursuant to Fed. R. Civ. P. 12(b)(3) be, and the same hereby is, DENIED. It is further

ORDERED that the Viktoria Defendants' motion to dismiss for insufficient service of process be, and the same hereby is, DENIED in part and MOOT in part as follows:

1. The Viktoria Defendants' motion to dismiss for insufficient service of process as to Defendants Viktoria-SKS Schafer Internationale GmbH & Co., KG; M.T.S. Holding & Verwaltungs GmbH dba M.T.S. Gruppe; and Viktoria Schafer Internationale Spedition GmbH is MOOT given this Court's prior Order (Doc. No. 247) dismissing those defendants without prejudice;

2. The Viktoria Defendants' motion to dismiss for insufficient service of process as Gillen & Garcon GmbH & Co. International Spedition KG is DENIED.

3. The Viktoria Defendants' motion to dismiss for insufficient service of process as to Viktoria International Spedition is DENIED without prejudice to the Viktoria Defendants' ability to renew their motion if and when the applicable German Central Authority informs the Government that Viktoria International Spedition does not exist.

The Clerk is directed to forward copies of this Order to all counsel of record.

_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
July 20, 2009