# Exhibit 186

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp. et al.*
Civil Action No. 07-10248-PBS
Exhibit to the September 22, 2009, Supplemental Declaration of James J. Fauci
In Support of Plaintiff's Motion for Partial Summary Judgment and
In Opposition to the Roxane Defendants' Motion For Partial Summary Judgment

SUPERIOR COURT
DOCKET NO. X07 CV-03-0083296-S (CLD)

STATE OF CONNECTICUT,         )
                              )
           Plaintiff,         )
                              ) COMPLEX LITIGATION
     vs.                      )
                              ) DOCKET at TOLLAND
DEY, INC., ROXANE             )
LABORATORIES, INC., WARRICK   )
PHARMACEUTICALS CORP.,        )
SCHERING-PLOUGH CORP. and     )
SCHERING CORPORATION,         )
                              )
           Defendants.        )
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )

ROBERT CHRISTOPHER SYKORA

Deposition of ROBERT CHRISTOPHER SYKORA, taken on behalf of the Plaintiff, at the Hampton Inn, 1135 Lakes Parkway, Lawrenceville, Georgia, commencing on November 2, 2005, at 9:17 a.m., before Joyce E. Harrison, Certified Court Reporter and Registered Professional Reporter.

ANDERSON REPORTING SERVICES, INC.
3242 West Henderson Road, Suite A
Columbus, Ohio 43220
(614)327-0177
Fax (614)327-0214

Page 2

```
 1          A P P E A R A N C E S
 2
 3  For the Plaintiff:
 4      JEFFREY S. GOLDENBERG
        Attorney at Law
 5      Murdock Goldenberg Schneider & Groh, LPA
        Suite 600
 6      35 East Seventh Street
        Cincinnati, Ohio  45202
 7        513/345-8291
          513/345-8294 (fax)
 8
 9
10
11
12  For the Defendant Dey, Inc.:
13      (No appearance)
14
15
16
17  For the Defendant Roxane Laboratories, Inc.:
18      PAUL J. COVAL
        Attorney at Law
19      Vorys, Sater, Seymour and Pease, LLP
        52 East Gay Street
20      Columbus, Ohio  43215
          614/464-6400
21        614/464-6350 (fax)
22      BRIAN P. KAVANAUGH
        Attorney at Law
23      Kirkland & Ellis, LLP
        200 East Randolph Drive
24      Chicago, Illinois  60601
          312/861-2000
25        312/861-2200 (fax)
```

Page 3

```
 1          A P P E A R A N C E S
                 (Continued)
 2
 3  For the Defendants Warrick Pharmaceuticals, Inc. and
    Schering-Plough Corp. and Schering Corporation:
 4
 5      KIM B. NEMIROW   (via telephone)
        Attorney at Law
 6      Ropes & Gray, LLP
        One International Place
 7      Boston, Massachusetts  02110
          617/951-7000
 8        617/951-7050 (fax)
 9
10
11  For Smithkline Beecham Corp.:
12      JOSEPH R. HEFFERN   (via telephone)
        Attorney at Law
13      Dechert, LLP
        Cira Centre
14      2929 Arch Street
        Philadelphia, Pennsylvania  19103
15        215/994-4000
          215/994-2222 (fax)
16
17
18
19
20         *   *   *
21
22
23
24
25
```

Page 4

```
 1              I N D E X
 2
 3  EXAMINATION OF ROBERT CHRISTOPHER SYKORA   PAGE
 4   By Mr. Goldenberg                            7
 5
 6
 7
    PLAINTIFF'S                         INITIAL
 8  EXHIBITS     DESCRIPTION           REFERENCE
 9    1    E-mail from Colin Carr-Hall     57
           to various people, 11/30/00,
10         with attachments
11    2    E-mail from John Powers         73
           to Judy Waterer, 4/18/00,
12         with attachments
13    3    E-mail from Judy Waterer       101
           to Lesli Paoletti, 7/26/00,
14         with attachments
15    4    E-mail from Lesli Paoletti     125
           to various people, 8/10/00,
16         with attachments
17    5    E-mail from Aleisha Myer       134
           to various people, 8/15/00,
18         with attachments
19    6    E-mail from Judy Waterer       138
           to Robert Sykora, 8/26/99,
20         with attachments
21    7    Memo from Michelle Summers     147
           to various people, 3/23/00,
22         with attachments
23    8    Memo from Steve Snyder to      155
           Robert Sykora, 1/10/98
24
25
```

Page 5

```
 1              I N D E X
               (Continued)
 2
    PLAINTIFF'S                         INITIAL
 3  EXHIBITS     DESCRIPTION           REFERENCE
 4    9    Memo from Judy Waterer to      159
           Feldman, Sykora and Powers,
 5         9/8/00
 6   10    Memo from Robert Sykora to     165
           Kim Storck, 4/13/00
 7
 8   11    Distribution workshop          166
 9
10
11
12
13         *   *   *
14
15
16
17
18
19
20
21
22
23
24
25
```

2 (Pages 2 to 5)

Anderson Reporting Services, Inc.   (614) 326-0177

939f7169-e038-40c0-b91d-cb0867dc4372

Page 82

1  correct?
2      MR. COVAL:  Objection to form.
3      A.   I don't know.
4      Q.   Well, when you say this is certainly a
5  hinderance to retail customers wanting to use our
6  product, you're referring to Roxane's AWP at that
7  time; correct?
8      MR. COVAL:  Objection, form.
9      A.   I don't know.
10     Q.   You just have no -- you read this e-mail
11 and you have no idea what you're referring to?
12     A.   I don't even remember this e-mail.
13     Q.   Right.  But when you read the entire
14 e-mail, you can't tell what you're referring to here
15 you're saying?  Even though the subject line is
16 furosemide AWP?
17     A.   I can suppose --
18     Q.   Okay.  What do you suppose?
19     MR. COVAL:  Objection, form.
20     A.   I can't -- I can't suppose.  I mean I can
21 tell you what I definitively or I don't definitively
22 think.  I think it would be erroneous for me to
23 suppose.
24     Q.   This e-mail correctly contains the
25 information that you typed into it; correct?  There's

Page 83

1  no reason -- let me ask another -- there's no reason
2  for me to doubt the content of this e-mail?
3      A.   I don't remember e-mails.  I can't verify
4  the authenticity, veracity or anything else of this
5  e-mail.
6      Q.   Right above that is an e-mail you'll see
7  from Judy Waterer to you dated Monday, April 17th,
8  2000 at 10:42 a.m.  Do you see that?
9      A.   I do.
10     Q.   And it says, we'll look into this
11 immediately, Bob.  As we discussed last week, a
12 significant price increase may be a bit touchy right
13 now, especially since it's furosemide.  And then in
14 parentheses, Mylan problems, and then there's close
15 parentheses.  And since AWP is what the compendia
16 report with the most accuracy.  We'll pull together
17 the documentation, and put a recommendation forward.
18 Let you know how we do.
19     Thanks for bringing this to light.
20     Did I read that correctly?
21     A.   You did.
22     Q.   Okay.  What is your understanding of why a
23 significant price increase may be a bit touchy right
24 now, especially since it's furosemide, and then in
25 parentheses Judy wrote Mylan problems, what's your

Page 84

1  understanding of why that would be touchy at this
2  point?
3      MR. COVAL:  Objection, form.
4      A.   If I recall correctly, Mylan at that time
5  locked up raw material supplies on certain products
6  and raised their prices to all classes of trade
7  customers and as a result -- basically creating a
8  monopoly, and as a result, they get in trouble with
9  the Federal Trade Commission.
10     Q.   And one of those products was furosemide
11 that they attempted to lock up --
12     A.   The only one I remember was lorazepam.  I
13 do not believe that furosemide was one of those
14 products, but I do not know furosemide.
15     Q.   And do you recall whether Roxane raised
16 the AWPs for its furosemide products in response to
17 these series of e-mail communications?
18     A.   I do not recall.
19     Q.   If you would, switch to the next page,
20 which is Bates number 49704.  Do you see that, Bob?
21     A.   I do.
22     Q.   Now, that's an e-mail from Tom to Judy
23 Waterer.  And, again, you're cc'd on this particular
24 e-mail; correct?
25     A.   Correct.

Page 85

1      Q.   It's dated May 2nd, 2000; is that right?
2      A.   Correct.
3      Q.   Tom goes on to say, is there any way we
4  can revisit our AWP on furosemide?  I've been trying
5  to gain awards with PACE and D&K for the product but
6  our AWP is so much lower than the competition, I have
7  been unable to get the product awarded.  Any relief
8  you could offer would be appreciated.
9      Did I read that correctly?
10     A.   You did.
11     Q.   Now, Tom Via was one of your national
12 account managers; correct?
13     A.   Correct.
14     Q.   And is it your understanding that Tom
15 called on PACE, a company called PACE, P-A-C-E?
16     A.   I don't recall.
17     Q.   How about a company called D&K?
18     A.   I don't recall.
19     Q.   Do you recall what D&K stands for?
20     A.   I think it just stands for D&K.  I'm
21 familiar with these customers.  I don't recall
22 whether Tom Via had these particular customers in his
23 account list.
24     Q.   Okay.  These were customers that national
25 account representatives were calling on during this