# Exhibit 36

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc v. Abbott Laboratories, Inc.; Dey, Inc., et al.; Boehringer Ingelheim Corp., et al.;*
Civil Action No. 01-12257-PBS

Exhibit to the September 22, 2009, Declaration of George B. Henderson, II
In Support of Plaintiff's Response to Defendants' Combined Local Rule 56.1
Statement of Additional Material Facts Pertinent to the United States' Motions
for Partial Summary Judgment Against Defendants

Page 443

```
              UNITED STATES DISTRICT COURT

           FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - -x

IN RE:  PHARMACEUTICAL          :  MDL NO. 1456

INDUSTRY AVERAGE WHOLESALE      :  CIVIL ACTION

PRICE LITIGATION                :  01-CV-12257-PBS

THIS DOCUMENT RELATES TO        :  U.S. ex rel.

Ven-a-Care of The Florida       :  Judge Patti B. Saris

Keys, Inc.                      :

     v.                         :

Abbott Laboratories, Inc.,      :  Chief Magistrate

No. 06-CV-11337-PBS             :  Judge Marianne B.

- - - - - - - - - - - - - - -x    Bowler




             THOMAS A. SCULLY - VOLUME II

                   JULY 13, 2007

                   WASHINGTON, DC
```

     (CAPTION CONTINUED)

Page 444

1               IN THE CIRCUIT COURT OF

2              MONTGOMERY COUNTY, ALABAMA

3    - - - - - - - - - - - - - - - -x

4    STATE OF ALABAMA,                :

5           Plaintiff,                :

6      v.                             :   Case No.: CV-05-219

7    ABBOTT LABORATORIES, INC.,       :   Judge Charles Price

8    Et al.                           :

9           Defendants.               :

10   - - - - - - - - - - - - - - - -x

11    STATE OF WISCONSIN    CIRCUIT COURT    DANE COUNTY

12   ------------------------------x

13   STATE OF WISCONSIN,              :   CASE NO.

14          Plaintiff,                :   04-CV-1709

15      v.                            :

16   AMGEN INC., et al.,              :

17          Defendants.               :

18   ------------------------------x

19

20

21

22

15199ddc-fb97-46a6-9907-a9804764b3c3

Page 572

1  that?

2              MR. ESCOBAR:  Yes.

3              MR. GOBENA:  You might want to pass out

4  a copy of that to us, first.

5              MR. ESCOBAR:  Table's too wide, I can't

6  throw it that far.

7              MR. GOBENA:  I'm sure you can, Bill.

8  BY MR. ESCOBAR:

9      Q.   I'm showing you what has been marked as

10 Exhibit Dey 024, and this is a listing, comes

11 from the National Pharmaceutical Counsel, and

12 it's dated 2002, that lays out reimbursement

13 mechanisms set up in each state that were in

14 effect in 2002.

15             And, as you look at this, this is one

16 of the things you were referring to a moment ago,

17 that each state sets up its own Medicaid program,

18 including its own reimbursement methodology;

19 right?

20     A.   Yes.

21     Q.   But each state's reimbursement

22 methodology is something that has to be included

Page 573

1    in a state plan that's submitted to CMS for
2    approval whenever it's done; right?
3         A.   Yes.
4         Q.   And to the extent a state decides to
5    change its reimbursement methodology you know
6    that that's done through a state plan amendment;
7    correct?
8         A.   Yes.
9         Q.   And CMS has to approve each state's
10   reimbursement methodology; right?
11        A.   Yes.
12        Q.   And to the extent CMS did not want to
13   approve a state's reimbursement methodology CMS
14   had the authority to reject it; right?
15             MR. NEAL:  I'll object to the form. You
16   can answer.
17        A.   Yes.
18        Q.   So, for purposes of all these cases, as
19   far as you're concerned, telling this to the
20   jurors, every state reimbursement methodology was
21   approved by CMS at some point; right?
22        A.   In theory, but the CMS actually -- I