# Exhibit 39

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc v. Abbott Laboratories, Inc.; Dey, Inc., et al.; Boehringer Ingelheim Corp., et al.;*
Civil Action No. 01-12257-PBS

Exhibit to the September 22, 2009, Declaration of George B. Henderson, II
In Support of Plaintiff's Response to Defendants' Combined Local Rule 56.1
Statement of Additional Material Facts Pertinent to the United States' Motions
for Partial Summary Judgment Against Defendants

```
1:1           UNITED STATES DISTRICT COURT
  2         FOR THE DISTRICT OF MASSACHUSETTS
  3   IN RE: PHARMACEUTICAL       *  MDL NO. 1456
  4   INDUSTRY AVERAGE WHOLESALE  *  MASTER FILE NO.
  5   PRICE LITIGATION            *  01-CV-12257-PBS
  6                               *
  7   THIS DOCUMENT RELATES TO:   *  JUDGE PATTI B.
  8   U.S. EX REL. VEN-A-CARE OF  *  SARIS
  9   THE FLORIDA KEYS, INC. V.   *  MAGISTRATE
 10   DEY INC., ET AL             *  MARIANNE BOWLER
 11   NO. 05-11084-PBS, AND       *
 12   U.S. EX REL VEN-A-CARE OF   *
 13   THE FLORIDA KEYS, INC., ET  *
 14   AL V. BOEHRINGER INGELHEIM  *  (Cross-noticed
 15   CORP, ET AL                 *   captions on
 16   NO.07-10248-PBS             *   following pages.)
 17   * * * * * * * * * * * * * *
 18          November 7, 2008
 19          Transcript of the videotaped Rule
 20   30(b)(6) deposition of the LOUISIANA
 21   DEPARTMENT OF HEALTH AND HOSPITALS through
 22   MARY JULIA TERREBONNE
```

```
2:1   IN RE: PHARMACEUTICAL         *  MDL NO. 1456
  2   INDUSTRY AVERAGE WHOLESALE    *  MASTER FILE NO.
  3   PRICE LITIGATION              *  01-CV-12257-PBS
  4                                 *
  5   THIS DOCUMENT RELATES TO:     *  JUDGE PATTI
  6   U.S. EX REL. VEN-A-CARE OF    *  B. SARIS
  7   THE FLORIDA KEYS, INC. V.     *  MAGISTRATE
  8   ABBOTT LABORATORIES, INC.,    *  MARIANNE BOWLER
  9   ET AL                         *
 10   NO. 06-CV-11337-PBS AND       *
 11   U.S. EX REL. VEN-A-CARE OF    *
 12   THE FLORIDA KEYS, INC. V.     *
 13   ABBOTT LABORATORIES, INC.     *
 14   NO. 07-CV-11618-PBS           *
 15   * * * * * * * * * * * * * *
 16
 17
 18          Transcript of the videotaped Rule
 19   30(b)(6) deposition of the LOUISIANA
 20   DEPARTMENT OF HEALTH AND HOSPITALS through
 21   MARY JULIA TERREBONNE, 6080 Esplanade Avenue,
 22   Baton Rouge, Louisiana 70806, taken in the
```

Terrebonne, Mary Julia - November 7, 2008 10:03:00 a.m.

```
139:1        A.   Yes.
    2        Q.   Did DHH attempt to establish estimated
    3   acquisition cost levels at the prices generally
    4   and currently being paid for drugs?
    5        A.   I would say yes based on the survey
    6   results.
    7        Q.   Can I ask you to look at attachment 1
    8   to this document?  It's a Bates labeled
    9   JD-SUB-LA-000211.  Just tell me when you've had a
   10   chance to familiarize yourself with that, with
   11   the two-page attachment. Well, I'm only going to
   12   ask you about the two pages.
   13        A.   Okay.
   14        Q.   Can you go back to the first page of
   15   the January 12th letter?
   16             Do you see in the third line of the
   17   second paragraph it references the August 12th,
   18   1994 HCFA correspondence, open parentheses,
   19   (Attachment 1), closed parentheses?
   20        A.   Yes.
   21        Q.   And do you also see the August 12th,
   22   1994 letter which it attaches -- Attachment 1?
```

Terrebonne, Mary Julia - November 7, 2008 10:03:00 a.m.

```
140:1        A.   Yes.
    2        Q.   As this letter is included as an
    3   attachment in the letter sent by Mr. Collins, is
    4   it fair to say that Louisiana DHH received this
    5   August 12th, 1994 letter at some point in time?
    6             MR. KATZ:  Objection to form.
    7             MS. RANKIN:  Objection to the form.
    8             THE WITNESS:  Yes.
    9   BY MR. FAUCI:
   10        Q.   Can you look at the second page of the
   11   August 12th, 1994 letter and look at the last
   12   full paragraph?  Can you read that paragraph?
   13        A.   "We would also clarify our policy that
   14   a dispensing fee determination must be separate
   15   and distinct from the EAC determination and
   16   unrelated to the cost of the drug product."
   17        Q.   That's -- that's fine.
   18             Did the state Medicaid program ever
   19   determine the estimated acquisition cost based on
   20   a consideration of what a dispensing fee should
   21   be?
   22             MR. KATZ:  Objection.
```

Terrebonne, Mary Julia - November 7, 2008 10:03:00 a.m.

```
141:1              MS. RANKIN:  Objection to the form.
   2              THE WITNESS:  No.
   3   BY MR. FAUCI:
   4       Q.   And did DHH ever determine a dispensing
   5   fee based on a consideration of what the
   6   estimated acquisition cost should be?
   7              MR. KATZ:  Objection to form.
   8              THE WITNESS:  No.
   9   BY MR. FAUCI:
  10       Q.   So in this regard did DHH keep the EAC
  11   determination and the dispensing fee
  12   determination separate and distinct from one
  13   another?
  14              MR. KATZ:  Objection to form.
  15              THE WITNESS:  Yes.
  16   BY MR. FAUCI:
  17       Q.   We'll move on from that document. I'm
  18   going to show you what I believe is going to be
  19   marked DOJ Exhibit 3.
  20              I'm sorry.  I believe I've -- I've
  21   given you the wrong document.  Can we have that
  22   marked as Exhibit 4?  I apologize. I want that to
```

```
145:1         Q.   Can you look at Exhibit 4?
   2          A.   (Witness complies.)
   3          Q.   Tell me when you're -- familiarized
   4     yourself with the document.
   5          A.   Okay.
   6          Q.   What is this document?
   7          A.   This is a state plan page with, it
   8     appears, a different level of reimbursement.
   9          Q.   What's the approval date and the
  10     effective date of this page?
  11          A.   The approval date is 11/21/2000, and
  12     the effective date is February 1, 2000.
  13          Q.   Do you see the paragraph stating
  14     "Modified"?
  15          A.   Yes.
  16          Q.   Can you read me that paragraph?
  17          A.   "'Modified' means the lower of the
  18     following applicable limits:
  19               "AWP minus either 15% for independent
  20     pharmacies (all pharmacies not included in the
  21     chain pharmacy designation) or 16.5% for chain
  22     pharmacies (more than fifteen Medicaid enrolled
```

Terrebonne, Mary Julia - November 7, 2008 10:03:00 a.m.

```
146:1    pharmacies under common ownership)."
    2         Q.   Why did Louisiana lower the
    3    reimbursement methodology in this plan?
    4         A.   As I recall, the secretary of the
    5    department wanted to pursue that based on the
    6    survey findings, the Myers and Stauffer survey
    7    findings.
    8         Q.   Do you know if any pharmacy has
    9    threatened to leave the program as a result of
   10    this change?
   11              MR. KATZ:  Object to the form.
   12              THE WITNESS:  I don't recall any
   13    wanting to leave the program as a result of that
   14    change.
   15    BY MR. FAUCI:
   16         Q.   And I'm going to show you one more
   17    document in this chain.  This document was
   18    previously marked as Abbott Exhibit 1056. I don't
   19    think we need to re-mark this.  Tell me when
   20    you've had a moment to familiarize yourself with
   21    this document.
   22         A.   I'm ready.
```