# Exhibit 43

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc v. Abbott Laboratories, Inc.; Dey, Inc., et al.; Boehringer Ingelheim Corp., et al.;*
Civil Action No. 01-12257-PBS

Exhibit to the September 22, 2009, Declaration of George B. Henderson, II
In Support of Plaintiff's Response to Defendants' Combined Local Rule 56.1
Statement of Additional Material Facts Pertinent to the United States' Motions
for Partial Summary Judgment Against Defendants

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

AUG 12 1994

DATE

FROM      Director
          Medicaid Bureau

SUBJECT   Expiration of Pharmacy Reimbursement
          Moratorium--INFORMATION

TO        All Associate Regional Administrators
          Division of Medicaid

On December 31, 1994 the moratorium expires that prohibits States from reducing the limits for covered outpatient drugs or dispensing fees for such drugs under Section 1927(f) of the Social Security Act. States that wish to modify either the limits for covered outpatient drugs or dispensing fees for such drugs should refer to current regulations at 42 CFR 447.301-333.

Regarding the limits for covered outpatient drugs, States may wish to determine that their estimated acquisition cost (EAC) levels are current. By definition, EAC means the agency's best estimate of the price generally and currently paid by providers for a drug marketed or sold by a particular manufacturer or labeler in the package size of drug most frequently purchased by providers. States wishing to modify their EAC levels may, among other methods of verification, audit an appropriate number of pharmacies to determine current acquisition costs before making modifications to the EAC levels. Additionally, States will also be able to expand or develop their own State maximum allowable cost program for multiple source drugs, as we do currently on the Federal Upper Limits (FUL) List.

Regarding the establishing of reasonable dispensing fees, in the preamble to current regulations at 42 CFR 447.301-334, we stated that while we were deleting requirements that State agencies first survey dispensing fee costs before modifying their dispensing fee, we still expect that States will continue their present activities to establish a reasonable dispensing fee level and will document them in their State Plan. Such activities could include: (1) audits and surveys

HHC902-0878

F

2

of operational costs; (2) compilation of data regarding professional salaries and fees; and (3) analysis of compiled data regarding pharmacy overhead costs, profits, etc. Each State should establish a dispensing fee to reflect the various characteristics of that State, e.g. per capita income, realty costs and other pharmacy operational or overhead costs, etc. The methods or standards they utilize to establish such fees are at the discretion of the individual State but should be documented in support of the State Plan.

In reference to the Regional Office oversight responsibilities concerning EAC levels, regional offices should review the State documentation and compare the EAC levels with those of contiguous States as well as other States in the region. Naturally, any current studies of drug costs should also be considered. In reference to the oversight responsibilities regarding dispensing fees, the regional offices could, among other things, compare the proposed change to the related price indices, e.g. the Consumer Price Index (CPI). Any proposed changes should be compared with the dispensing fees of contiguous States, or to those of other States within the region. Any proposed reduction in dispensing fees must be carefully reviewed to assure that adequate access to pharmacy services is maintained.

We would also clarify our policy that a dispensing fee determination must be separate and distinct from the EAC determination and unrelated to the cost of the drug product. In every instance, regardless of the State determination of individual prescription payment limits, the State must have established the reasonable dispensing fees which would be used to determine whether the State is in compliance with the upper limits as specified in current drug regulations at 42 CFR 447.331.

If you have any questions, please contact Pete Rodler at 410-966-4582.

Sally K. Richardson

cc: All Regional Administrators

HHC902-0879

L



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Health Care
Financing Administration

Region X
M/S ___ RX-43
2201 Sixth Avenue
Seattle, WA 98121

SEP 1 5 1994

MOB: RTANNA: jw
1370

### TITLE XIX STATE AGENCY LETTER NUMBER 94-43

Subject:   Expiration of Pharmacy Reimbursement Moratorium

On December 31, 1994 the moratorium expires that prohibits States from reducing the limits for covered outpatient drugs or dispensing fees for such drugs under Section 1927(f) of the Social Security Act.  States that wish to modify either the limits for covered outpatient drugs or dispensing fees for such drugs should refer to current regulations at 42 CFR 447.301-333.

Regarding the limits for covered outpatient drugs, States may wish to determine that their estimated acquisition cost (EAC) levels are current.  By definition, EAC means the agency's best estimate of the price generally and currently paid by providers for a drug marketed or sold by a particular manufacturer or labeler in the package size of drug most frequently purchased by providers. States wishing to modify their EAC levels may, among other methods of verification, audit an appropriate number of pharmacies to determine current acquisition costs before making modifications to the EAC levels.  Additionally, States will also be able to expand or develop their own State maximum allowable cost program for multiple source drugs, as we do currently on the Federal Upper Limits (FUL) List.

Regarding the establishing of reasonable dispensing fees, in the preamble to current regulations at 42 CFR 447.301-334, we stated that while we were deleting requirements that State agencies first survey dispensing fee costs before modifying their dispensing fee, we still expect that States will continue their present activities to establish a reasonable dispensing fee level and will document them in their State Plan.

Such activities could include: (1) audits and surveys of operational costs; (2) compilation of data regarding professional salaries and fees; and (3) analysis of compiled data regarding pharmacy overhead costs, profits, etc. Each State should establish a dispensing fee to reflect the various characteristics of that State, e.g. per capita income, realty costs and other pharmacy operational or overhead costs, etc. The methods or standards they utilize to establish such fees are at the discretion of the individual State but should be documented in support of the State Plan.

We would also clarify our policy that a dispensing fee determination must be separate and distinct from the EAC determination and unrelated to the cost of the drug product. In every instance, regardless of the State determination of individual prescription payment limits, the State must have established the reasonable dispensing fees which would be used to determine whether the State is in compliance with the upper limits as specified in current drug regulations at 42 CFR 447.331.

If you have any questions, please call Robert Tanna at (206) 615-2339.

*Rose Shandrow*

Rose Shandrow, Acting
Associate Regional Administrator
Division of Medicaid



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

**HEALTH CARE FINANCI ADMINISTRATION**

Division of Medicaid

Region 1
John F. Kennedy Federal Bldg.
Government Center
Boston, MA 02203

STATE MEDICAID AGENCY REGIONAL BULLETIN
NO. 94 - 25

TO:     All Medicaid State Agencies    Date:   September 6, 1994

FROM:   Associate Regional Administrator, Region I
        Health Care Financing Administration

SUBJECT: Expiration of Pharmacy Reimbursement Moratorium


On December 31, 1994 the moratorium expires that prohibits States from reducing the limits for covered outpatient drugs or dispensing fees for such drugs under Section 1927(f) of the Social Security Act. States that wish to modify either the limits for covered outpatient drugs or dispensing fees for such drugs should refer to current regulations at 42 CFR 447.301-333.

Regarding the limits for covered outpatient drugs, States may wish to make sure that their estimated acquisition cost (EAC) levels are current. By definition, EAC means the agency's best estimate of the price generally and currently paid by providers for a drug marketed or sold by a particular manufacturer or labeler in the package size of the drug most frequently purchased by providers. States wishing to modify their EAC levels may, among other methods of verification, audit an appropriate number of pharmacies to determine current acquisition costs before making modifications to the EAC levels. Additionally, States will also be able to expand or develop their own State maximum allowable cost program for multiple source drugs, as we do currently on the Federal Upper Limits (FUL) List.

Regarding the establishing of reasonable dispensing fees, we expect that States will continue their present activities to establish a reasonable dispensing fee level and that they will document this in their State plan. Such activities could include: (1) audits and surveys of operational costs; (2) compilation of data regarding professional salaries and fees; and (3) analysis of compiled data regarding pharmacy overhead costs, profits, etc. Each State should establish a dispensing fee to reflect the various characteristics of that State, e.g. per capita income,

realty costs, other pharmacy operational or overhead costs, etc. The methods or standards you utilize to establish such fees are at the discretion of the individual State but should be documented in support of the State Plan.

Regional Office oversight responsibilities concerning EAC levels will involve review of the State documentation and a comparison of the EAC levels with those of contiguous States as well as other States in the region. Any current studies of drug costs will also be considered. In regard to the oversight responsibilities on dispensing fees, the Regional Office will compare the proposed change to the related price indices, e.g. the Consumer Price Index (CPI). Any proposed changes will be compared with the dispensing fees of contiguous States, or to those of other States within the region. Proposed reductions in dispensing fees will be carefully reviewed to assure that adequate access to pharmacy services is maintained.

We would like to clarify HCFA policy that a dispensing fee determination must be separate and distinct from the EAC determination and unrelated to the cost of the drug product. In every instance, regardless of the State determination of individual prescription payment limits, the State must have established the reasonable dispensing fees which would be used to determine whether the State is in compliance with the upper limits as specified in current drug regulations at 42 CFR 447.331.

If you have any questions, please contact Ray Porter at 617 565-1260.

Ronald Preston

cc: S. Kaplan

HHC006-0429

Case 1:01-cv-12257-PBS   Document 6528-44   Filed 09/22/09   Page 8 of 9

**DEPARTMENT OF HEALTH & HUMAN SERVICES** — Health Care Financing Administration

| Refer to: | MCD-P-CAW | SEP 23 1994 | Region IX<br>75 Hawthorne Street<br>San Francisco, CA 94105 |

MEDICAID REGIONAL MEMORANDUM NO. 94 - 63

RIS 9/22/94
MSB

DATE:    SEP 16 1994

FROM:    Associate Regional Administrator
         Division of Medicaid

SUBJECT: Expiration of Pharmacy Reimbursement Moratorium--INFORMATION

TO:      ALL STATE TITLE XIX MEDICAID AGENCIES

On December 31, 1994, the moratorium in Section 1927(f) of the Social Security Act that prohibits States from reducing the limits for covered outpatient drugs or dispensing fees expires. States that wish to modify either the limits for covered outpatient drugs or dispensing fees for such drugs should refer to current regulations at 42 CFR 447.301-333.

Regarding the limits for covered outpatient drugs, States may wish to determine that their estimated acquisition cost (EAC) levels are current. By definition, EAC means the agency's best estimate of the price generally and currently paid by providers for a drug marketed or sold by a particular manufacturer or labeler in the package size most frequently purchased by providers. States wishing to modify their EAC levels may, among other methods of verification, audit an appropriate number of pharmacies to determine current acquisition costs before making modifications to the EAC levels. Additionally, States will also be able to expand or develop their own State maximum allowable cost program for multiple source drugs, as we do currently on the Federal Upper Limits lists.

Regarding the establishment of reasonable dispensing fees, in the preamble to the current regulations at 42 CFR 447.301.334, we stated that while we were deleting requirements that State agencies first survey dispensing fee costs before modifying their dispensing fee, we still expect that States will continue their present activities to establish a reasonable dispensing fee level and will document these activities in their State plan. Such activities could include: 1) audits and surveys of operational costs; 2) compilation of data regarding professional salaries and fees; and 3) analysis of compiled data regarding pharmacy overhead costs, profits, etc. Each State should establish a dispensing fee to reflect the various characteristics of that State, e.g., per capita income, realty costs, and other pharmacy operational or overhead costs, etc. The methods or standards utilized to establish such

HI_HI 000003121

fees are at the discretion of the individual State but should be documented in support of the State plan. Please note that any proposed reduction in dispensing fees will be carefully reviewed to assure that adequate access to pharmacy services is maintained.

Finally, we would like to clarify our policy that a dispensing fee determination must be separate and distinct from the EAC determination and unrelated to the cost of the drug. In every instance, regardless of the State determination of individual prescription payment limits, the State must have established the reasonable dispensing fees which would be used to determine whether the State is in compliance with the upper payment limits as specified in current drug regulations at 42 CFR 447.331.

If you or your staff have questions regarding the above, please contact Cynthia Williams at (415) 744-3596 (California only) or Casey Jones at 744-3600 (all other States).

*[signature]*

Lawrence L. McDonough

HI_HI 000003122