# Exhibit 66

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc v. Abbott Laboratories, Inc.; Dey, Inc., et al.; Boehringer Ingelheim Corp., et al.;*
Civil Action No. 01-12257-PBS

Exhibit to the September 22, 2009, Declaration of George B. Henderson, II
In Support of Plaintiff's Response to Defendants' Combined Local Rule 56.1
Statement of Additional Material Facts Pertinent to the United States' Motions
for Partial Summary Judgment Against Defendants

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------X

In Re: PHARMACEUTICAL INDUSTRY        )

AVERAGE WHOLESALE PRICE LITIGATION    )

-----------------------------------X  MDL No. 1456

THIS DOCUMENT RELATES TO:             ) Master File No.

United States of America ex rel.      ) 01-CV-12257-PBS

Ven-A-Care of the Florida Keys, Inc.,)

et al. v. Dey, Inc., et al.,          )

Civil Action No. 05-11084-PBS,        ) Hon. Patti B.

and United States of America ex rel. ) Saris

Ven-A-Care of the Florida Keys, Inc.,)

et al. v. Boehringer Ingelheim Corp.,)

et al., Civil Action No. 07-10248-PBS)

-----------------------------------X


VIDEOTAPED DEPOSITION OF

THE VERMONT DEPARTMENT OF HEALTH by ANN RUGG

Montpelier, Vermont

Monday, December 15, 2008

9:00 a.m.

VT Department of Health (Ann Rugg)                    December 15, 2008
                            Montpelier, VT

```
                                                              Page 2
 1                    A P P E A R A N C E S
 2
 3    On behalf of Dey, Inc., Dey L.P., Inc. And
 4    Dey, L.P.:
 5              SUNG W. KIM, ESQ.
 6              Kelley Drye & Warren LLP
 7              101 Park Avenue
 8              New York, NY  10178
 9              212-808-7962
10              sukim@kelleydrye.com
11
12
13    On behalf of the United States of America:
14              JAMES J. FAUCI, ESQ.
15              Assistant United States Attorney
16              United States Courthouse
17              1 Courthouse Way
18              Suite 9200
19              Boston, MA  02210
20              617-748-3298
21              jeff.fauci@usdoj.gov
22
```

Page 117

1   upper limit is set at a level that establishes an
2   amount where generic -- one or more of them,
3   could be readily obtained on a national basis.
4   But that's a national model.  The advantage of a
5   MAC, which is at our MAC, is also three or more,
6   is that it is more regionally based.  So, for
7   example, not all products are available in the
8   same manner and form on a national basis.  So the
9   MAC is more in recognition of what the regional
10  access to the products are.  So the idea is if
11  you have multiple AB-rated generics is to
12  reimburse at a level where pharmacies can
13  purchase but not at the highest cost, in fact at
14  the lower cost options, if you will, so that
15  we're not artificially -- we as a program are not
16  artificially paying or paying a greater amount
17  based on what they stocked as opposed to what was
18  available.
19       Q.   Okay.  And in your experience has it
20  generally been the case that MACs are lower than
21  AWP?
22       A.   Yes.

VT Department of Health (Ann Rugg)                December 15, 2008
Montpelier, VT

Page 255

1    some of my exhibits here.
2    BY MR. KIM:
3        Q.   Well, let me rephrase that question
4    then.  Does Medicaid have any obligation or duty
5    to survey pharmacies in Vermont or pharmacies
6    participating in Vermont Medicaid to assess the
7    cost of dispensing drugs?
8        A.   Do we have an obligation?  No.
9        Q.   Does Vermont Medicaid have any
10   obligation to set reasonable dispensing fees?
11       A.   We don't have a mandated.  We can only
12   attempt.
13       Q.   Does Vermont Medicaid attempt to set
14   reasonable dispensing fees?
15       A.   We believe that 4.75 is reasonable.
16       Q.   You would agree or you would testify
17   that $4.75, well, let me ask this question first.
18   What is the current dispensing fee as of today?
19       A.   $4.75.
20       Q.   And what was the dispensing fee as of
21   the date of this report?
22       A.   $4.75.

Page 261

1  providers.
2  BY MR. KIM:
3      Q.  Okay.  Well, let me ask the question
4  this way then.  If the dispensing fee is lower
5  than the dispensing cost in Vermont, would that
6  have insured enough providers to participate in
7  Medicaid?
8            MR. FAUCI:  Objection.
9            MR. DONOFRIO:  Join.
10           THE WITNESS:  Say that again.
11 BY MR. KIM:
12     Q.  Okay.  If the dispensing fee is lower,
13 if the dispensing fee that Vermont Medicaid paid
14 was lower than actual cost of dispensing
15 pharmaceuticals, would that have insured adequate
16 provider participation?
17           MR. DONOFRIO:  Objection.
18           MR. FAUCI:  Objection.
19           THE WITNESS:  I can only say that at
20 this point that 142, 145 in-state pharmacies, 142
21 participate in Vermont Medicaid and another 120
22 out-of-state providers.  So that would be an

Page 262

1    indication that our rates are sufficient to
2    enlist providers.
3    BY MR. KIM:
4         Q.   And that's also an indication that your
5    dispensing fee is adequate, that you have enough,
6    that you have 142 providers out of 145?
7         A.   I don't know if it is a measure of
8    adequate but it seems to be sufficient to enlist
9    providers to serve our beneficiaries.
10        Q.   So based on the amount of or that
11   number of pharmacies that participate in
12   Medicaid, that is your basis for considering
13   whether the dispensing fee is adequate?
14             MR. FAUCI:  Objection.
15   Mischaracterizes testimony.
16             THE WITNESS:  I'm saying that you asked
17   if it was adequate, and I said we weren't
18   obligated to assure that it is adequate.  We are
19   only obligated to pay enough to enlist providers.
20   And we have enlisted providers to serve our
21   beneficiaries.
22   BY MR. KIM: