# EXHIBIT 7

**From:** Marvin Hazelwood
**To:** Steve Bradley
**Date:** Mon, Jun 26, 2000 4:53 PM
**Subject:** Legislative Control Number L5846

Steve:
Attached is a cover memo from Matt Powers to Matt Magalis and our proposed response to Senator Hawkinson. Both documents are in N:ADMIN/Legislation L5846.

Please take note my language in the letter regarding dispensing fees (first paragraph of the second page). I believe we need to take a position on this issue because this will be where most people focus----they have little argument about the Federal requirement that States must pay their best estimate of the pharmacy's acquisition cost. The language proposed starts us at a position where we have plenty of room to move.
Marvin

**CC:** Carla Collins; Marvin Hazelwood; Sandra Stoye

**CONFIDENTIAL**

**AWP-IL-00016887**



Illinois Department of ███ Aid
Inter-Office Memo███

TO:     Matt Magalis, Chief                        DATE:
        Office of Legislative Affairs

FROM:   Matt Powers, Administrator
        Division of Medical Programs

RE:     Legislative Con██ ██ L5846 ██
        Senator Carl Hawkinson

---

Attached is our proposed response to Senator Hawkinson's telefax to you dated June 13, 2000. He had asked for assistance in responding to John Carmody, President, Cottage Home Options. Mr. Carmody had written him to express concern with our use of actual market AWPs.

The proposed response briefly provides some background, explains that we have removed the discounts otherwise applied to drug AWPs, and that we are hopeful that actual market AWPs will eventually be available for all pharmaceuticals, not just the injectable and infusion products for which they are currently available. We expect that correspondence regarding this issue will continue to come in and that other responses will be similarly structured.

Because the issue of whether Department dispensing fees should be increases to replace revenue lost as the result of our having more accurate prices for the drug acquisition piece is expected to be a part of most correspondence, we have inserted a closing paragraph which outlines our current position. As an example of the importance of this issue to these pharmacies, CareMark (a competitor of Mr. Carmody's business) has apparently hired Greg Coler to lobby for special recognition of the costs incurred by pharmacies which compound/dispense infusion products.

Please let me know if you have any questions or wish any further information.

Enclosure

cc:     Steve Bradley
        Marvin Hazelwood
        file

Illinois Department of [illegible] Aid
Inter-Office Memo[illegible]

N:\ADMIN\CONTROLS\legislation L5846 Cover Memo.wpd

**CONFIDENTIAL**                                                           **AWP-IL-00016889**

# Sandra Stoye

**Illinois Department of Public Aid**

201 South Grand Avenue East
Springfield, Illinois 62763-0001

Telephone: (217) 782-1200
TTY: (800) 526-5812

Senator Carl E. Hawkinson
47th District
4 Weinberg Arcade
Galesburg, Illinois 61401

Dear Senator Hawkinson:

This is in response to your telefax of June 13, 2000 regarding the letter you received from John Carmody, President, Cottage Home Options. He had written to express his concern regarding the current drug wholesale pricing information being supplied to state Medicaid programs for certain drugs used for injection and infusion.

There are roughly 50 different pharmaceuticals involved in this first round of activity by the U.S. Justice Department and State Medicaid Fraud Control Directors. Federal regulations require states to reimburse for pharmaceuticals using their best estimate of the price generally and currently paid by providers to acquire the product. For these items, the Justice Department has identified the actual market average wholesale prices. We are using these actual market wholesale prices as provided without applying the discount normally applied to average wholesale pricing data. We have done some surveying of the availability of product at these wholesale prices and have determined that, with some searching among wholesalers and prudent purchasing, product is available.

As indicated in Mr. Carmody's letter, the effort of the Justice Department and Medicaid Fraud Control Directors is the result of growing concern with the accuracy of the published average wholesale price information being made available for Medicaid claims processing. The published average wholesale prices are being discounted (in Illinois by 10% for brand name and 12% for generic drugs) in an attempt to estimate the amount currently being paid to purchase the drugs wholesale. However, Federal review had shown that the actual average wholesale prices are frequently as much as 40% less than these published wholesale prices. It remains our hope that actual market average wholesale price information will eventually become available for all pharmaceuticals. As the actual market average wholesale price becomes available for a product, our pricing of these prescriptions will use these amounts and will no longer apply the referenced discounts.

CONFIDENTIAL

AWP-IL-00016890

# Sandra Stoye -

Ann Patla, Director

Senator Hawkinson Letter Regarding Cottage Home Options
Page 2

I understand Mr. Carmody's points about the reimbursement of dispensing fees or compounding fees. However, while pharmacies continue to enter into contractual arrangements with insurance companies, HMOs and other third party coverage plans for dispensing fees of $3.00 or less per prescription, considering adjustments to our reimbursement for this component seems unnecessary. Our reimbursement for the dispensing fee component is currently averaging well over $5.00 per prescription.

I hope this information is helpful in your efforts to respond to Mr. Carmody. Please feel free to contact me directly if you have any further questions.

Sincerely,

Matt Magalis, Chief
Office of Legislative Affairs

CONFIDENTIAL

AWP-IL-00016891