**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200 |
| THIS DOCUMENT RELATES TO:<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br> *v.*<br>*Baxter Hemoglobin Therapeutics and Baxter International Inc.* | Judge Patti B. Saris |

**BAXTER INTERNATIONAL INC.'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND FOR AN EXTENSION OF TIME TO SUBMIT REPLY BRIEF**

Baxter International Inc. ("Baxter") respectfully requests leave to take the depositions of Relators Linnette Sun and Greg Hamilton in order to explore jurisdictional issues raised by declarations attached to Relators' Opposition to Baxter's Motion to Dismiss Relators' Complaint.

Relators' Opposition demonstrates that they do not have the requisite firsthand knowledge to qualify as original sources. However, the declarations attached to the Opposition raise new facts not previously included in the Complaint. While Baxter does not interpret these new facts as lending any further support to Relators' case, it is aware of this Court's admonition in *West* that where Defendants have not requested jurisdictional discovery, reasonable inferences from Relators' sworn statements are drawn in favor of the Relator. *United States ex rel. West v. OrthoMcNeil Pharm., Inc.* (*In re Pharm. Indus. Average Wholesale Price Litig.*), 538 F. Supp. 2d 367, 384 (D. Mass. 2008). In addition, at the June 22, 2009 hearing concerning the Case Management Order, this Court indicated that if any new information came to light in

Relators' Opposition, Baxter should not hesitate to request jurisdictional discovery. *See* Exhibit A (Transcript of June 22, 2009 Hearing), at 10-12.

Therefore, in an abundance of caution, Baxter hereby requests that it be permitted to take the depositions of Relators Sun and Hamilton to explore the information included in their declarations and the basis for their claims that they are "original sources" within the meaning of the False Claims Act. Among the new facts and allegations raised in the declarations are:

- Specifics about meetings Sun attended while a Baxter employee related to the pricing of Advate. Sun Decl. ¶¶ 6-14;

- Allegations that Sun was involved in communications with First DataBank, and information related to the substance of those conversations. Sun Decl. ¶ 15;

- The contention that Baxter deliberately encouraged the "overdosing" of patients by home health care agencies so that it could sell more product and home health care agencies could meet their volume commitments. Sun Decl. ¶ 12;

- Hamilton's assertion that he "made at least three trips to Baxter's Deerfield, Illinois offices to meet with Baxter managers to discuss pricing." Hamilton Decl. ¶ 4; *see also id.* ¶ 5;

- Hamilton's allegation that he had other interactions with Baxter executives in the course of his roles as either a customer or competitor, at which "pricing" or "prices" were discussed. Hamilton Decl. ¶¶ 4, 5, 7;

- Hamilton's claim that one of these meetings included a long discussion about the pricing of Advate and that, a few months later, Baxter changed its price to "within a penny" of what he had "recommended." Hamilton Decl. ¶ 6;

- Hamilton's references to discussions with Kay Morgan of First Databank concerning Baxter's pricing, and his claim that this is an additional source of his knowledge. Hamilton Decl. ¶¶ 8-10. None of these discussions are referenced in Relators' Complaint;

- Hamilton's description of his knowledge about Marketing Research Bureau ("MRB") and information he gleaned from a telephone conversation with a secretary for MRB regarding the nature and distribution of MRB reports. Hamilton Decl. ¶¶ 13-14.

Finally, Baxter's Reply brief is currently due September 30, 2009. In the interest of efficiency, Baxter asks that this deadline be vacated and that it be permitted to submit its Reply

brief 15 days after all depositions have been completed in order that the information gleaned from depositions can be included in the submission. The hearing in this matter, currently scheduled for November 16, 2009, will likely need to be rescheduled to accommodate this discovery. A proposed order is attached.

                                              Respectfully submitted,

Dated: September 23, 2009          **/s/ Ruchi Jain**
                                              J. Andrew Jackson
                                              Merle M. DeLancey
                                              Tina D. Reynolds
                                              Ruchi Jain
                                              **DICKSTEIN SHAPIRO LLP**
                                              1825 Eye Street NW
                                              Washington, DC 20006
                                              Telephone: (202) 420-2200
                                              Facsimile: (202) 420-2201
                                              *Admitted pro hac vice*

                                              Peter E. Gelhaar (BBO #188310)
                                              **DONNELLY, CONROY & GELHAAR, LLP**
                                              One Beacon Street, 33rd Floor
                                              Boston, MA 02108
                                              Telephone: (617) 720-2880
                                              Facsimile: (617) 720-3554

                                              Counsel for Defendant Baxter International Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200 |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br> *v.*<br>*Baxter Hemoglobin Therapeutics and Baxter International Inc.* | |

## [PROPOSED] ORDER

IT IS HEREBY ORDERED THAT:

Defendants in this action are permitted to take the depositions of Relators Linnette Sun and Greg Hamilton, as soon as is practicable;

Within 15 days following completion of the depositions, Defendants shall file their Motion to Dismiss Reply brief; and

The hearing on the motion to dismiss, currently scheduled for November 16, 2009, is rescheduled to _____.

_____
Patti B. Saris
United States District Court Judge

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that the moving party has communicated with counsel for Relators in an effort to resolve the dispute referred to in this Motion. Due to their conflicting schedules, counsel for Relators were unable to confer amongst themselves until at least September 25. Baxter informed counsel for Relators that the motion would be filed today, given the upcoming deadlines.

 /s/ Ruchi Jain
Ruchi Jain
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

## CERTIFICATE OF SERVICE

I hereby certify that I, Ruchi Jain, an attorney, electronically filed the foregoing BAXTER INTERNATIONAL INC.'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND FOR AN EXTENSION OF TIME TO SUBMIT REPLY BRIEF with the Clerk of the Court for the District of Massachusetts using the Court's CM/ECF system on September 23, 2009. I also caused a true and correct copy of the foregoing document to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, for posting and notification to all parties.

**/s/ Ruchi Jain**
Ruchi Jain
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201