```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
_____
IN RE PHARMACEUTICAL INDUSTRY        )
AVERAGE WHOLESALE PRICE              )    MDL NO. 1456
LITIGATION                           )    Civil Action NO.
_____)    01-12257-PBS
                                     )
THIS DOCUMENT RELATES TO:            )
                                     )
CITY OF NEW YORK, ET AL.             )
v. ABBOTT LABORATORIES, ET AL.,      )
SUBCATEGORY CASE NO. 03-10643-PBS    )
                                     )
_____)
```

**MEMORANDUM AND ORDER RE:
PLAINTIFFS' EMERGENCY MOTION TO QUASH DEFENDANTS' CROSS-
NOTICE OF CONTINUED VIDEOTAPED DEPOSITION OF LYNN DONOVAN
(DOCKET ENTRY # 6262)**

**October 2, 2009**

**BOWLER, U.S.M.J.**

Plaintiffs City of New York and New York Counties ("plaintiffs") object to and move to quash defendants Schering-Plough Corporation, Schering Corporation and Warrick Pharmaceutical Corporation's ("defendants") cross notice of the second amended notice of taking a continued videotaped deposition of Lynn Donovan ("Donovan"). (Docket Entry # 6262). Similar to arguments made in another motion to quash (Docket Entry # 6264), plaintiffs raise two arguments: (1) the cross notice was not timely served; and (2) the deposition testimony of Donovan will not be admissible, or lead to the discovery of admissible evidence.

The same ruling relative to the foregoing motion to quash applies in this case.

Defendants filed cross notice on July 9, 2009, 11 days prior to the deposition of Donovan in Hawaii. The subject deposition took place on July 20, 2009.

DISCUSSION

Regarding plaintiffs' notice argument, Rule 30(b)(1), Fed. R. Civ. P. ("Rule 30(b)(1)"), requires a party seeking to conduct a deposition to give "reasonable written notice to every other party." Rule 30(b)(1) does not require a particular number of days' notice in advance of a deposition. See Hart v. United States, 772 F.2d 285, 286 (6th Cir. 1985) ("[t]he rules do not require any particular number of days, so that reasonableness may depend on the particular circumstances").

Plaintiffs rely on the relevant Case Management Order ("CMO") which states, "a party in this case seeking to cross-notice a deposition in another AWP, DP or WAC case . . . shall inform opposing counsel in writing as soon as practicable, *preferably* at least two weeks before the date of the scheduled deposition." (Docket Entry # 6268; emphasis added). Use of the word "preferably" indicates

that two weeks' notice is a guidepost as opposed to a requirement.

In light of the facts that plaintiffs' counsel had been involved in discussions regarding the scheduling of Donovan's deposition since mid June 2009 (Docket Entry # 6269) and that plaintiffs' counsel could have participated in Donovan's deposition via telephone (Docket Entry # 6264-2), this court finds the 11 days' notice provided reasonable.

At this point, since the deposition is completed, the second argument regarding admissibility is more suitably raised and addressed at trial or prior thereto in a motion in limine pursuant to Rule 32(b), Fed. R. Civ. P.

## CONCLUSION

Accordingly, plaintiffs' emergency motion to quash (Docket Entry # 6262) is **DENIED**.

                                            /s/ Marianne B. Bowler  
                                          **MARIANNE B. BOWLER**  
                                          United States Magistrate Judge