```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY )<br>AVERAGE WHOLESALE PRICE          )<br>LITIGATION                      ) <br>_____) <br>                                )<br>THIS DOCUMENT RELATES TO:       )<br>                                )<br>STATE OF IOWA v. ABBOTT         )<br>LABORATORIES, ET AL.,           )<br>SUBCATEGORY CASE NO. 03-10643-PBS )<br>                                )<br>_____) | MDL NO. 1456<br>Civil Action NO.<br>01-12257-PBS |

**MEMORANDUM AND ORDER RE:
PLAINTIFF'S EMERGENCY MOTION TO QUASH DEFENDANT'S CROSS-
NOTICE OF CONTINUED VIDEOTAPED DEPOSITION OF LYNN DONOVAN
(DOCKET ENTRY # 6264)**

**October 2, 2009**

**BOWLER, U.S.M.J.**

Plaintiff State of Iowa ("plaintiff") objects to and moves to quash defendant Purepac Pharmaceutical Co.'s ("defendant") cross notice of the second amended notice of taking a continued videotaped deposition of Lynn Donovan ("Donovan").  (Docket Entry # 6264).  Plaintiff raises two arguments:  (1) the cross notice was not timely served; and (2) the deposition testimony of Donovan will not be admissible, or lead to the discovery of admissible evidence, in this case.

Defendant filed the cross notice on July 2, 2009, 18 days prior to the noticed deposition of Donovan in Hawaii. The subject deposition took place on July 20, 2009.

DISCUSSION

Turning to plaintiff's notice argument, Rule 30(b)(1), Fed. R. Civ. P. ("Rule 30(b)(1)"), requires a party seeking to conduct a deposition to give "reasonable written notice to every other party." Rule 30(b)(1) does not require a particular number of days' notice in advance of a deposition. See Hart v. United States, 772 F.2d 285, 286 (6th Cir. 1985) ("[t]he rules do not require any particular number of days, so that reasonableness may depend on the particular circumstances").

The relevant Case Management Order ("CMO") suggests reasonable notice is "preferably at least two weeks [notice] before the date of the scheduled deposition." (Docket Entry # 6268). In light of the CMO's guidance and the fact that defendant's July 2, 2009 cross notice stated, "Arrangements will be made so that counsel may participate by phone if they wish" (Docket Entry # 6264), this court finds the 18 days' notice provided reasonable.

At this point, since the deposition is completed, the second argument regarding admissibility is more suitably raised and addressed at trial or prior thereto in a motion in limine pursuant to Rule 32(b), Fed. R. Civ. P.

## CONCLUSION

Accordingly, plaintiff's emergency motion to quash (Docket Entry # 6264) is **DENIED**.

                                                      /s/ Marianne B. Bowler
                                                      **MARIANNE B. BOWLER**
                                                      United States Magistrate Judge