UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: ) | |
| PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | MDL No. 1456 |
| LITIGATION ) | |
| ) | Civil Action No. 01-12257-PBS |
| _____ ) | |
| ) | Subcategory No. 06-11337 |
| **THIS DOCUMENT RELATES TO:** ) | |
| ) | |
| *United States ex rel Ven-A-Care of the* ) | |
| *Florida Keys, Inc. v. Schering Corporation,* ) | Hon. Patti B. Saris |
| *Schering-Plough Corporation and* ) | |
| *Warrick Pharmaceuticals Corporation* ) | |
| Civil Action No. 09-CV-10547 ) | |
| | |
| *United States ex rel Ven-A-Care of the* ) | |
| *Florida Keys, Inc.v. Schering Corporation,* ) | |
| *Schering-Plough Corporation and* ) | |
| *Warrick Pharmaceuticals Corporation* ) | |
| Civil Action No. 00-10698 ) | |

**COMMONWEALTH OF MASSACHUSETTS' SUPPLEMENTAL SUR-REPLY
MEMORANDUM IN OPPOSITION TO JOINT MOTION FOR APPROVAL OF
SETTLEMENT BETWEEN CALIFORNIA, FLORIDA, AND VEN-A-CARE
AND THE SCHERING/WARRICK DEFENDANTS**

## INTRODUCTION

Massachusetts received notice this morning that the hearing scheduled for Monday on the Joint Motion to Approve the Ven-A-Care/Schering Settlement Agreement has been cancelled and that the Court will be conducting a settlement conference instead with the Settling Parties and the Department of Justice only. The Commonwealth wishes to bring to the Court's attention two matters relevant to those discussions. First, the Commonwealth asks that the Court look at the Commonwealth's briefs relating to claim preclusion, because we believe the law is clear and adverse to Schering/Warrick's position. Second, although Schering/Warrick purports to want

"finality," we want the Court to know that Schering /Warrick has failed to respond to recent overtures from the Commonwealth and all of the litigating states to engage in global settlement discussions.

### I. A Federal Settlement Will Be An Offset In The Commonwealth's Case, But Will Have No Preclusive Effect.

The Commonwealth understands that its position, as articulated in its oppositions to approval of this settlement agreement, that a federal settlement will be an offset to damages in the Commonwealth's case, but will be have no preclusive effect, has been a topic of animated discussion before the Mediator and may have been discussed with the Court. The Commonwealth requests an opportunity to address this issue.

Schering/Warrick has urged the Court to find, as part of the settlement approval process, that a federal release extinguishes all claims to the so-called "federal share" in all pending cases by states. Jt. Memo. in Support of Settlement Approval, Dkt. No. 6471, pp.14-19; Reply in Support of Approval of Settlement, Dkt. No. 6485, pp.24 and 27. See Settlement Agreement, Dkt. No. 6173-2, p.8,¶5. Ven-A-Care does not join in this position, Dkt. No. 6471, p.15, n.12, and the states of California and Florida have taken no position on the issue.

Schering/Warrick has made extensive arguments in its briefs as to why a release by the relator should have preclusive effect against the federal government. See Memo. in Support of Approval, Dkt. No. 6471, pp.15-19. But it has cited only one case, in its reply brief, *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008), in support of its argument that a federal settlement would have preclusive effect against the Commonwealth. See Schering/Warrick Reply Memorandum, Dkt. No. 6485, pp.24-25. The Commonwealth urges the Court to look at the Commonwealth's Sur-Reply Memorandum, Dkt. No. 6503, pp.5-8, for the Commonwealth's discussion of the law relating to claim preclusion. The law is clear that without an identity of

plaintiffs, or a basis to find that the Commonwealth is in privity with the United States or the relator, there is no basis to find claim preclusion here. A unanimous Supreme Court held last term, in rejecting an attempt to expand claim preclusion to non-parties, that claim preclusion as to non-parties is a disfavored affirmative defense on which the moving party bears the burden of proof. *Taylor v. Sturgell*, --U.S.--, 128 S. Ct. 2161, 2179-80 (2008). The Schering/Warrick defendants have utterly failed to carry their burden of demonstrating why a federal settlement should result in claim preclusion against the Commonwealth, as opposed to a damages offset. As this Court will likely recall, in *Giragosian,* the case on which the Schering/ Warrick defendants rely, it was the same plaintiff in both the state and federal actions. It was this identity of plaintiffs that justified the preclusive effect. Here there is no identity of parties, nor any privity relationship between the Commonwealth and the United States or the relator. The Commonwealth respectfully requests the Court to refrain from addressing the issue of preclusion without hearing from the Commonwealth.

## II.     The Commonwealth And The Other Litigating States Have Attempted To Negotiate A Settlement With Schering In Good Faith.

The Schering/Warrick defendants purport to want a final resolution of their AWP liability. They argue that their Settlement Agreement, purporting to separate the federal and state shares, is the way to accomplish that end. In fact, they assert that their agreement could be a "prototype" to resolve other cases pending before this Court. Jt. Memo in Support of Approval, Dkt. No. 6471, p.3.

This Settlement Agreement will not provide the Schering/Warrick defendants with any finality. Even if the Department of Justice were to join in a settlement agreement with the Schering/Warrick defendants, they would still have 12 AWP cases pending with states and the New York Counties. Beth Trent Affidavit, Dkt. No. 6362, p.2 ¶6. This proposed settlement

agreement will not even provide this Court any finality with regard to the AWP liability of the Schering/Warrick defendants. Even if the Department of Justice were to join in a Settlement Agreement, this Court will still have Schering/Warrick as defendants in the Massachusetts and New York counties cases.

The Commonwealth believes that the Schering/Warrick defendants have purposefully manipulated the settlement process, first with the relator, and now with the Department of Justice, in an attempt to gain unfair leverage in their settlement negotiations with the states. There is no other viable explanation for the Schering/Warrick defendants' efforts to expand the scope of the pending federal *qui tam* cases, by adding 22 more Warrick generic drugs and 29 more Schering brand name drugs, and then conditioning the settlement on this Court's willingness to issue advisory opinions.

The Commonwealth wants the Court to know that the Schering/Warrick defendants have been unwilling to talk settlement with the Commonwealth, and with the other litigating states. On June 25, 2009, the Commonwealth attended the planning session with the mediator, Professor Eric Green, to explore possible global resolutions. At that meeting the Commonwealth learned of the Ven-A-Care/Schering/Warrick Settlement Agreement. The Agreement was filed with the Court the next day, and the Commonwealth promptly contacted Schering/Warrick counsel, expressing a willingness to have settlement discussions. To date, the Schering/Warrick defendants have been unwilling to have any discussions.

On July 24, 2009 this Count held a hearing relating to the Ven-A-Care/Schering/Warrick Settlement Agreement and set a briefing schedule relating to attempts to approve the agreement. Shortly thereafter, the Commonwealth attended a meeting in Washington with the Department of Justice and representatives of all of the states and counties litigating AWP cases with

Schering/Warrick.  Following that meeting a representative of all of the litigating states and counties contacted Schering/Warrick to propose global settlement discussions.  To date, Schering/Warrick has been unwilling to engage in such discussions.

The Schering/Warrick defendants could resolve all of their AWP liability if they were willing to sit down with all of the plaintiffs who have sued them.  Instead they have been pursuing a divide and conquer strategy.  They started with the relator, getting concessions regarding additional drugs, advisory opinions and purported releases of other plaintiffs' cases, which they hoped to use against the Department of Justice and the litigating states.  They have, apparently, recently, and  reluctantly, recognized they need the Department of Justice's consent to resolve the federal *qui tam* actions.  They now need to recognize that if they want to resolve all their state cases, they need to talk with all the states and the New York counties.

## **CONCLUSION**

The Schering/Warrick defendants have been "shooting-for-the-Moon" with their proposed Settlement Agreement.  In the Commonwealth's view, the most constructive thing this Court can do to facilitate a settlement here is to decide the legal issues raised by the motion to approve this settlement agreement.  Deciding these issues will reduce the uncertainty on all sides as to what can be accomplished in this settlement. The Commonwealth fears that as long as Schering/Warrick has hope that it can get from this Court advisory opinions, or a statement relating to preclusive effect, it will put off negotiating directly with the litigating states.

                          Respectfully submitted,

                          MARTHA COAKLEY
                          Attorney General

By:   /s/Peter A. Mullin
       Peter A. Mullin (BBO# 360620)
       K. Nathaniel Yeager (BBO# 630992)
       Colleen A. McCarthy (BBO# 660581)
       John H. Pina, III (BBO# 652247)
       Gregory W. Matthews (BBO# 653316)
       Robyn Pozza Dollar (BBO# 674480)
       Assistant Attorneys General
       One Ashburton Place
       Boston, MA 02114

Dated:  October 2, 2009      (617) 963-2622

### Certificate of Service

I hereby certify I have caused a copy of the foregoing Supplemental Sur-Reply Memorandum to be served on counsel for each other party in these actions by filing it electronically in the Court's CM/ECF system, this 2nd day of October, 2009.

                          /s/Peter A. Mullin
                          Peter A. Mullin
                          Assistant Attorney General