# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | Subcategory Docket: 06-CV-11337-PBS |
| | ) | |
| THIS DOCUMENT RELATES TO | ) | Judge Patti B. Saris |
| | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc., et al.,* No. | ) | |
| 06-CV-11337-PBS | ) | |
| | ) | |

## ABBOTT LABORATORIES INC.'S SUR-REPLY IN OPPOSITION TO THE UNITED STATES' AMENDED STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Dated:  October 5, 2009

James R. Daly
Jason G. Winchester
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories Inc.*

Defendant Abbott Laboratories Inc. ("Abbott") respectfully submits this sur-reply to the United States' Amended Statement Of Undisputed Facts In Support Of Its Motion For Partial Summary Judgment (Dkt. No. 6322.).  In order to avoid further burdening the Court, the sur-reply below addresses only the United States response to Abbott's motions to strike the late-served expert reports of Mark G. Duggan, Pat Ormond and Ian Dew submitted in support of the United States' motion for partial summary judgment.[1]  These reports should be stricken because they are untimely and create significant prejudice to Abbott.  No facts are admitted or positions otherwise conceded by reason of Abbott's silence in reply to any particular reply by the United States to Abbott's response in opposition to the United States' Local Rule 56.1 Amended Statement of Facts.

As part of its motion for partial summary judgment, the United States submitted three new expert reports in its Local Rule 56.1 Amended Statement of Facts, from Messrs. Duggan, Ormond and Dew.  The reports were submitted more than six months after the plaintiffs' expert deadline and with limited, and in some cases no, back-up data or explanation.  Further, Abbott was not given an opportunity to cross-examine the experts on their opinions; nor was Abbott given an opportunity to rebut these new reports with Abbott's own expert reports.  Indeed, as to Messrs. Ormond and Dew, this was the first time that the United States had even disclosed them as experts.  Abbott moved, as part of its response to the United States' statement of facts, to strike these new expert reports.

The United States' response to Abbott's motion to strike does not overcome the fact that the new expert reports submitted by the United States were untimely.  Over a year ago, the parties agreed to a scheduling order that provided for the United States to submit its expert

---

[1] Abbott moved to strike the reports as part of its response to the United States' 56.1 Amended Statement of Facts in Support of Summary Judgment.  (Dkt. No. 6455.)

reports before any of the Defendants submitted their reports.  (Dkt. No. 5533)  The agreement between the parties required expert discovery to conclude on May 22, 2009.  (*Id*.)  And, the Government refused to consider an extension to that deadline following its own late production of expert materials.  (*See* 05/22/09 email from M. Lavine to R. Cook, Ex. A.)  The new reports submitted by the United States as part of its summary judgment papers came *more than six months* after the Government's deadline for submission of its expert reports.  These new expert reports are, therefore, improper.  *Sutra, Inc. v. Iceland Express, EHF*, No. 04-11360-DPW, 2008 WL 2705580, at *5 (D. Mass. July 10, 2008) (excluding plaintiff's expert report due to "unjustifiably late disclosure after the discovery period has ended and just 8 days before summary judgment motions were due").

In an effort to overcome the untimeliness of these reports, the United States suggests that the reports are merely summaries of existing data, in compliance with F.R.E. 1006 (allowing voluminous records to be presented to the court in summary fashion).  That is simply not the case.  The new reports contain numerous computations, including Mr. Ormond's interpretation of the spread between certain of Abbott's reported prices and Dr. Duggan's calculated acquisition cost.  Similarly, Mr. Dew's report purports to set forth a determination of the percentage of Abbott's sales at particular reported prices.  These are not summaries of voluminous evidence, as allowed by F.R.E. 1006, but are instead expert opinions offered in support of the United States' positions in this case.  In both instances, Messrs. Ormond and Dew made decisions about what calculations to make and how to make them, and made certain assumptions about what data to include and exclude from their calculations.

Dr. Duggan's new report is also more than a summary.  Dr. Duggan spends more than fifty pages in this new report trying to rebut the arguments made against him in Abbott's

*Daubert* motion (to which the Government has not even responded yet) and to defend his decision to extrapolate damages from a self-selected and biased sample.  Prior to this new report, Dr. Duggan had already submitted voluminous reports in this case and provided testimony during several days of deposition.  Through all of this testimony, Dr. Duggan has had ample time to defend his position.  He should not be given yet another opportunity to defend his unscientific efforts after the discovery period, including Abbott's deposition of him, is closed.

Should these new expert reports be admitted, Abbott would be significantly prejudiced. Abbott has had no opportunity to review the underlying data used in these expert calculations, nor has Abbott had any opportunity to cross-examine the experts to test their assumptions or conclusions.  Without such an opportunity, the assumptions and assertions made by the experts simply stand, untested.  *Lohnes v. Level 3 Comm'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) (excluding expert testimony because the plaintiff's "failure to unveil his expert until after [defendant] had moved for summary judgment deprived [defendant] of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of its own, or conduct expert-related discovery," and noting that "[t]his is exactly the type of unfair tactical advantage that the disclosure rules were designed to eradicate"); *Sutra,* 2008 WL 2705580, at *5; *Bevolo v. Carter*, 447 F.3d 979 (7th Cir. 2006) (striking party's expert witness disclosure at the summary judgment stage because it was untimely filed).  Additionally, Abbott's experts have had no opportunity to review or opine on these late-served submissions.

For the reasons stated above, this Court should strike the new expert reports of Messrs. Duggan, Ormond and Dew.

Dated:  October 5, 2009                    Respectfully submitted,

                                           /s/  R. Christopher Cook
                                           Daniel E. Reidy
                                           James R. Daly
                                           Jason G. Winchester
                                           Brian J. Murray
                                           JONES DAY
                                           77 West Wacker Drive, Suite 3500
                                           Chicago, Illinois  60601
                                           Telephone:  (312) 782-3939
                                           Facsimile:  (312) 782-8585

                                           R. Christopher Cook
                                           David S. Torborg
                                           JONES DAY
                                           51 Louisiana Avenue, N.W.
                                           Washington, D.C.  20001-2113
                                           Telephone:  (202) 879-3939
                                           Facsimile:  (202) 626-1700

                                           *Counsel for Defendant Abbott Laboratories Inc.*