# EXHIBIT H-3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) | MDL NO. 1456 CIVIL ACTION: 01-CV-12257-PBS Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, et al. No. 06-CV-11337-PBS | ) ) ) ) | Magistrate Judge Marianne B. Bowler |

**NOTICE OF 30(B)(6) DEPOSITION OF THE CENTERS FOR MEDICARE AND MEDICAID SERVICES**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Abbott Laboratories, Inc. ("Abbott") by its undersigned attorneys, will take the deposition upon oral examination of one or more representatives of the Centers for Medicare and Medicaid Services. This notice calls for testimony on the following topics originally set forth in Abbott's November 21, 2007 Letter:

7. What steps CMS, its employees, agents, or carriers or any state Medicaid Program took upon learning of the Ven-A-Care *qui tam* complaints, the article published in *Barron's* magazine entitled "Hooked on Drugs" (June 10, 1996), or any other communication advising them that AWPs for the Subject Drugs exceeded the acquisition costs for those drugs.

8. Why CMS, its employees, agents, and carriers, and various state Medicaid programs continued to pay for drugs based on published AWPs even when presented with evidence that AWPs did not represent the price at which physicians and pharmacists purchased drugs, including whether the decision to pay for drugs based on AWP in Medicare or any state Medicaid program was affected in any way by

(a) political negotiations;

(b) concern about adversely affecting access to care for Medicare and Medicaid beneficiaries; or

(c) a deliberate effort to "cross subsidize" physicians and pharmacists for inadequate dispensing fees or inadequate payments for services rendered incident to administering infusion or injection drugs.

9. What the Medicare program or any state Medicaid program would have paid for the Subject Drugs had they had actual knowledge of the prices at which physicians and other customers purchased the Subject Drugs.

The deposition will take place before a notary public, or any other officer authorized to administer oaths, at Jones Day, 51 Louisiana Avenue, Washington, D.C. on October 15, 2009 beginning at 1:00 PM and continuing on successive days as necessary.

Such deposition will be recorded by stenographic and/or sound and visual means. The deposition is being taken for the purposes of discovery, for use at trial, and for such other purposes as permitted under the Federal Rules of Civil Procedure.

Dated: September 30, 2009　　　　　　　　　/s/ David S. Torborg
　　　　　　　　　　　　　　　　　　　　　　James R. Daly
　　　　　　　　　　　　　　　　　　　　　　Brian J. Murray
　　　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　　　77 West Wacker Drive, Suite 3500
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois  60601
　　　　　　　　　　　　　　　　　　　　　　Telephone:  (312) 782-3939
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (312) 782-8585

　　　　　　　　　　　　　　　　　　　　　　R. Christopher Cook
　　　　　　　　　　　　　　　　　　　　　　David S. Torborg
　　　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　　　51 Louisiana Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20001-2113
　　　　　　　　　　　　　　　　　　　　　　Telephone:  (202) 879-3939
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (202) 626-1700

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Abbott Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

      I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing NOTICE OF 30(B)(6) DEPOSITION OF THE CENTERS FOR MEDICARE AND MEDICAID SERVICES to be served upon all counsel of record electronically by causing same to be posted via LexisNexis this 30th day of September, 2009.

                                                  /s/ David S. Torborg
                                                  David S. Torborg

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | Pending in: |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS |
| | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.* | Civil Action No. 06-CV-11337-PBS Lead Case No. 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| | Magistrate Judge Marianne B. Bowler |

# SUBPOENA

TO:  The Centers for Medicare and Medicaid Services
c/o Justin Draycott, Esq.
United States Department of Justice
601 D Street, N.W.
Washington, D.C. 20004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Jones Day<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001 | October 15, 2009 at 1:00 PM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendant Abbott Laboratories, Inc. | September 30, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: David S. Torborg, Esq., Jones Day, 51 Louisiana Ave., N.W., Washington, D.C. 20001, (202) 879-3939

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and/or copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and/or copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect and/or copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, and/or copying. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and/or copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i)  fails to allow reasonable time for compliance;
    (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv)  subjects a person to undue burden.

(B) If a subpoena

    (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.