UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION _____ **THIS DOCUMENT RELATES TO:** *United States of America ex rel. Ven-a-Care of The Florida Keys, Inc., v. Abbott Laboratories, Inc.,* CIVIL ACTION NO. 06-11337-PBS | MDL No. 1456 Civil Action No. 01-12257-PBS Subcategory No. 06-11337 Judge Patti Saris Magistrate Judge Marianne Bowler |

**CORRECTED MEMORANDUM OF THE UNITED STATES IN SUPPORT OF THE MOTION TO QUASH THE OUT-OF-TIME DEPOSITION NOTICES SERVED BY ABBOTT LABORATORIES AND IN SUPPORT OF A PROTECTIVE ORDER**

Over ten months ago, on December 4, 2008, the Magistrate Judge issued oral rulings on two motions with the result that defendant Abbott Laboratories Inc. (Abbott) was allowed to take the following discovery: (1) depositions of two employees in CMS's Office of Legislation; and (2) Rule 30(b)(6) deposition(s) limited to certain topics covered by a deposition notice served by Abbott (implicating two additional CMS witnesses).  In January 2009, the United States began proposing dates for the depositions covered by the Magistrate Judge's rulings.  The first deposition date proposed by the United States was January 25, 2009.  This initial proposal was followed by successive additional proposals of new dates by the Government after Abbott failed to avail itself of the dates that had been offered.  Ultimately, Abbott deposed one of the employees from the Office of Legislation in April of 2009.

For reasons it never explained, by the end of April, Abbott appeared to have abandoned its intention to take the other three depositions despite the United States having repeatedly demonstrated its willingness to fully comply with the Magistrate Judge's December 4, 2008 rulings.  At the end of May 2009, expert discovery in these matters was complete and the parties'

attention was shifting to the briefing of dispositive motions.  Pursuant to a schedule established by Judge Saris, to which the parties had largely consented, Abbott and the other defendants filed an opening round of briefs on June 26, 2009.  At no time did Abbott assert that it needed the depositions for its summary judgment briefing.  The opening round of defendants' briefing was comprised of 700 pages of motions, legal memoranda and Rule 56 statements, as well as approximately 13,000 pages of supporting exhibits.

On July 13, however approximately two weeks after Abbott had completed its initial briefing and while the Government was laboring to prepare its briefs, Abbott announced that it intended to reopen discovery, laid out three pages of Rule 30(b)(6) specifications, and demanded dates for the depositions.  On July 24, 2009, the Government responded to defendants' summary judgement motions and filed its own cross motions.  Abbott filed its oppositions to the Government's cross motions on August 29, 2009.  Abbott never asked Judge Saris for an extension of any briefing deadline based on a purported need for further deposition testimony.

As detailed below, Abbott's notices which purport to call for depositions to occur over *ten months* after the December 4, 2008 rulings by the Magistrate Judge fly in the face of Judge Saris's careful management of deadlines in this case and the briefing schedule entered by the Court in May 2009.  Moreover, the Rule 30(b)(6) specifications and the testimony by the person employed in CMS's Office of Legislation are now demonstrably irrelevant in light of the September 23, 2009 decision by the First Circuit resolving key legal issues in the AWP-MDL.  *In re Pharm. Indus. Average Wholesale Price Litig.*, --- F.3d ----, 2009 WL 3019691 (1st Cir. 2009).

## BACKGROUND

### A. December 4, 2009 Hearing

On December 4, 2008, the Magistrate Judge heard argument relating to numerous discovery motions filed in the Government's cases against Abbott and Dey, Inc.  Among those were two motions that are pertinent now.  The first was the Government's motion for a protective order for two CMS employees, Ira Burney and Debby Chang (Dkt. 5128); the second was the Government's motion for a protective order relating to certain Rule 30(b)(6) specifications by Abbott (Dkt. 5156).

The Magistrate Judge heard argument on the Burney and Chang protective order first.  *See* 12/4/09 Trans. at 25- 29 (Ex. A).  Judge Bowler denied the motion for a protective order.  After Her Honor ruled, government counsel explained that fact discovery against the parties had closed, additional discovery from state Medicaid officials was scheduled to close just eleven days later, on December 15, 2008, and the parties were fully engaged in those state depositions.  Accordingly, the Government requested that the Burney and Chang depositions be allowed to take place after December 15, 2008.  *Id.* at 29.   At that point, counsel for Abbott indicated that he did not object to the Government's request and added: "We'll work together and ***we'll do it quickly,*** though."  *Id.* The Court then heard argument on, and for the most part denied, the Government's second motion for a protective order, which related to the Rule 30(b)(6) specifications.  *Id*. at 29-45.

In addition to the above noted protective order motions, the Magistrate Judge also heard argument on motions by the Government to compel discovery against defendants.  The Government's efforts to complete the discovery allowed by the Magistrate Judge based on the Government's motions stand in marked contrast to those of Abbott.  On the same morning that she ruled on the two above-noted protective order motions, the Magistrate Judge granted the

Government's motion to depose Michael T. Ricks in the Dey case (Dkt. 5642). *Id.* at 128. The Court also agreed to the request by Dey's counsel that the deposition be allowed to take place after the December holidays and advised the parties "to get it done by January 16th." *Id.* The Government deposed Mr. Ricks on January 8, 2009.[1]

Although Abbott's counsel had assured the Court that he would move "quickly" with the deposition of the Government employees, as demonstrated in the next section of this brief, while the Government began proposing deposition dates in January 2009, over the ensuing eight months Abbott did not even attempt to move quickly. Indeed, Abbott barely moved at all.

**B.  The Government's Compliance with the Magistrate Judge's Rulings**

Over the course of approximately two years of fact discovery that closed in December 2008, defendants deposed 45 current or former federal employees or contractor employees (as well as 49 current or former state employees). As a matter of general practice, the sequencing of the depositions was left to defendants. Defendants would propose the order in which they would depose witnesses by giving Government counsel date ranges that were open on defense counsel's calendars. The Government would respond with dates that current or former federal employees were available.

As of December 4, 2008, Abbott was entitled to take the depositions of Ira Burney, Debbie Chang, and the Rule 30(b)(6) designee(s). Given that the Government had during previous Rule 30(b)(6) depositions designated separate individuals to testify on Medicare and Medicaid issues, the Court's December 4 rulings meant that Abbott would get two Rule 30(b)(6) designees - for a

---

[1] At the December 4, 2008 hearing, the Magistrate Judge also ordered the United States to provide supplemental responses to Abbott's extensive requests for admission. The Government complied in a timely fashion and provided the supplemental responses on January 15, 2009.

4

total of four depositions.

    1. The Deposition of Debbie Chang

In mid-January 2009, Abbott asked for dates for Debbie Chang. The Government promptly responded that she was available on January 25, 2009. Thereafter, Abbott made no attempt to depose Ms. Chang "quickly." After the January 25 date lapsed, the Government proposed a series of additional dates, with the result that Abbott eventually deposed Ms. Chang on April 12, 2009. The only reason that Ms. Chang was deposed over four months after the December 4, 2008 motions hearing is because Abbott did not avail itself of earlier dates proposed by the Government. There has not been a single occasion in this case where the Government offered, and then withdrew, a proposed date. For the most part, dates proposed by the Government simply came and went with no intervening response from Abbott - that is, until mid-July when the Government attorneys were in the midst of responding to hundreds of pages of summary judgment briefs – in addition to other substantial defense motions dealing with spoliation, *Daubert* and jurisdictional issues.[2]

    2. The Rule 30(b)(6) Designees

With respect to the Rule 30(b)(6) topics, on January 22, 2009 (approximately seven weeks after the December motions hearing), Abbott's counsel emailed the Government about the depositions. *See* Ex. B. Within hours, government counsel responded, confirmed the identities of the two CMS officials who would provide the Rule 30(b)(6) testimony – Don Thompson and Larry Reed (both of whom had already provided Rule 30(b)(6). *See id.* Government counsel had previously provided this information to defense counsel during a phone conference. The Government asked Abbott to propose dates available on its counsel's calendars, which would then

---

[2] Dkts. 6096, 6109, 6175, 6179, 6196, 6206, 6254, 6369.

be forwarded to the witnesses. Abbott did not provide a prompt response to the Government's email. When Abbott eventually re-engaged with the Government on the subject of depositions in late February 2009, the Government proposed dates in early March for the deposition of Don Thompson (offering the week of March 9 as well as March 17). *See* Ex. C. Abbott did not promptly respond to these dates. On March 11, 2009, Abbott's counsel indicated via email that he was deferring the deposition of Mr. Thompson. *See* Ex. D.

Almost three weeks later, on March 30, 2009, the Government received a letter from Abbott's counsel regarding, *inter alia,* the Rule 30(b)(6) depositions. *See* Ex. E. The letter made no mention of the March dates that had been offered by the Government or the email from Abbott's counsel of March 11. Inexplicably, Abbott requested the names of the Rule 30(b)(6) designees, notwithstanding that the Government had already provided this information to Abbott over two months previously. The Government promptly responded on April 3, 2009 and re-confirmed, yet again, that Messrs. Thompson and Reed would be the Government's Rule 30(b)(6) designees and advised that Mr. Reed would be available for deposition during the last week of April.

Thereafter, the Government did not hear from Abbott again with respect to the subject of outstanding depositions for another three and a half months. On July 13, 2009, the Government received a letter from Abbott's counsel. *See* Ex. F. Abbott again requested the names of the Rule 30(b)(6) designees, information which the Government had provided to Abbott on three prior occasions. Abbott provided no explanation as to why it had not availed itself of prior dates the Government had suggested for depositions. The only reason that Messrs. Reed and Thompson were not re-deposed during the seven and a half months between December 4, 9008 and July 13, 2009 was because Abbott had not moved forward with the depositions during that period.

### 3. The Deposition of Ira Burney

As indicated above, over the course of discovery in these cases, the Government has acceded to decisions by defense counsel with respect to the order in which they have deposed Government witnesses. In January 2009, Abbott's counsel inquired about depositions of the witnesses covered by the Magistrate's rulings of December 4, 2009. Thereafter, counsel indicated that he wished to depose Ms. Chang first. Accordingly, the Government began providing proposed dates for Ms. Chang in January of 2009. The Government then proposed dates for the Rule 30(b)(6) designees. These dates mostly came and went, except that Ms. Chang was deposed in April. During this time frame, Abbott's counsel never responded to the Government's request he provide date ranges, or even an approximate time frame, for the Burney deposition, beyond the indication that he was deferring the Burney deposition. The only reason that Mr. Burney was not deposed in the half year following the December 4, 2009 hearing is that Abbott simply did not move forward with his deposition. Abbott never asked the Government to agree to a stay of discovery nor requested one from the Court.

## C. Discovery Deadlines and Extensions

In the three cases in which the Government has intervened against drug manufacturers, the parties have vigorously negotiated the content of Case Management Orders. Judge Saris has been called upon to resolve scheduling issues upon which parties could not agree. As a result, the CMOs have set out carefully and extensively deliberated schedules and deadlines. Moreover, Judge Saris has been extremely parsimonious with respect to any discovery extensions that she has granted.

Fact discovery in the Abbott case was originally set to close on December 31, 2007. As that deadline approached, the United States asked that it be extended by six months based on the

7

inordinate amount of discovery left to be completed, which included, *inter alia,* over 60 depositions which the Government intended to notice.  Dkt. 4923/4924.  Instead, the Court adopted Abbott's proposal and extended the close of discovery by only ***three months*** – until March 31, 2008.  *See* Order of 12/18/2007; Dkt. 4936.  As that date approached, Abbott and the United States recognized they needed additional time to complete six depositions of witnesses who had been unavailable due to illnesses or other reasons, and, therefore, jointly moved for a ***one-month*** extension to complete those depositions.[3]  Dkt. 5176.

At a July 24, 2008 status conference, Judge Saris ordered the parties in the Abbott, Dey, and Roxane cases to coordinate and collectively engage in discovery of state Medicaid agencies.  Although discovery in the Abbott case had already closed, fact discovery in the Dey and Roxane cases was set to conclude on August 31, 2008.  On August 29, 2008, all parties joined in submitting a joint revised scheduling order which proposed adding just ***three and a half months***, until December 15, 2008, to the deadline for completing the state discovery of *more than 40* Medicaid programs and setting May 22, 2009, as the deadline for all expert discovery to be completed.  On October 6, 2008, Judge Saris entered an Order which essentially adopted the December 15, 2008 state discovery deadlines proposed by the parties.  The Court also established May 22, 2009 as the closing date for expert discovery and June 26, 2009 as the deadline for summary judgment motions.

---

[3]  Similarly, with respect to document production, at the end of March, Abbott and United States filed separate motions for ***less than one month*** extensions (until April 25, 2008) to complete the production of documents and privilege logs.  Dkts. 5178, 5181.  The Magistrate Judge granted these requests.  *See* Orders of 7/14/08. 9/30/09.  On May 15, 2008, Abbott and the United States asked the Court to again amend the CMO to allow Abbott ***a few extra weeks*** to complete fact discovery and produce transaction data to the United States (the motion also requested adjustment of expert discovery deadlines).  Dkt. 5304.

8

At a November 13, 2008 status conference before Judge Saris, defense counsel advised the Court that defendants had completed discovery of only 22 states. Defendants requested an additional **60 days** to complete the depositions of *29 remaining states*. Judge Saris ordered that the parties could use information developed in the on-going litigation in which seven of the 29 outstanding states were already involved, but with respect to the other 22 remaining states, she denied any additional time, giving defendants no relief. At the close of the proceeding, Judge Saris set the next status conference for May 28, 2009.

### D. Abbott's Attempt to Reopen Discovery in the Middle of the Briefing Schedule Established by the Court

Prior to the May 28, 2009 status call with the Court, the United States attempted to confer with all three defendants to establish a structure for the briefing that was about to begin, as well as page limits for the briefs. At the same time, the United States inquired if any defendant intended to ask the Court to extend the upcoming motions deadline based on any outstanding discovery issues. Defendants stated that briefing could commence on the date previously set by the Court.

By the end of the summer, the parties were operating under a briefing schedule which provided essentially equal amounts of time to defendants and the United States for the preparation of responsive briefs. At the May 28 status conference, Judge Saris set October 20, 2009 as the hearing date for the motions and established dates for the parties' initial briefs:

>    June 26, 2009     Defs' Dispositive Motions due (all three defendants).
>    July 24, 2009      Govt's Opposition to Def. Motions and Cross Motions due.

Judge Saris also ordered the parties to propose a schedule for the remainder of the briefing. On August 13, 2009, Judge Saris adopted the following additional briefing dates:

>    Aug. 28, 2009     Defs' Replies and Oppositions to Govt. Cross Motions due.

Sept. 15, 2009    Govt's Replies due (extended to Sept. 22, 2009).

Sept. 28, 2009    Defs' Sur-Replies due (extended to Oct. 6, 2009).

Per the above schedule, on June 26, 2009, defendants filed opening briefs which ran to over 700 pages, as well as approximately 13,000 pages of supporting exhibits. As noted above, two weeks later, Abbott attempted to reopen fact discovery in this matter. Defendants filed a second round of briefs on August 28, 2009. Those filings were comprised of 1,400 pages of briefs, statements, and declarations, as well as over 10,000 additional pages of supporting exhibits.

Messages from Abbott's counsel following the July 13 letter indicated that Abbott wanted to complete three depositions by the date of oral argument, October 20, 2009. *See* Ex. G. On September 30, 2009. Abbott served four Rule 30(b)(6) deposition notices on the United States, as well as a notice for the deposition of Ira Burney. *See* Ex. H, 1, 2, 3, 4, and 5. The notices call for three days of deposition (Oct. 14-16) just days before the October 20 motions hearing before Judge Saris. Obviously, the briefing schedule adopted by Judge Saris does not contemplate the reopening of fact discovery subsequent to the filing of defendants' sur-replies and prior to oral argument. Certainly, Abbott never proposed such a briefing structure to Judge Saris during the hearing on May 28, 2009.

## **ARGUMENT**

By December 4, 2008, Judge Saris had already adopted deadlines for the close of fact discovery, expert discovery and the filing of dispositive motions. There was also a clear record showing that Judge Saris was averse to even modest extensions of scheduled deadlines. As noted above, defendants' request in November 2008 for a 60-day extension to complete 22 depositions of state officials was denied. Extensions for the parties to complete depositions rarely exceeded 30 or 60 days. Notwithstanding this record and in spite of the Government's demonstrated

willingness to propose dates and produce witnesses for depositions (i.e. Debby Chang), Abbott did virtually nothing over the course of almost eight months to move forward with the depositions of Ira Burney or the Government's Rule 30(b)(6) deponents – beyond inquiring repeatedly about the names of the Rule 30(b)(6) designees - even though the Government had provided that information in January 2009.  Deposition dates proposed by the Government were often simply ignored.

There is no basis for Abbott, after ten months, to proceed with depositions allowed on December 4, 2008.  On that date, Abbott counsel assured the Magistrate Judge that Abbott would move "quickly" to complete the depositions.  Abbott's attempt take depositions ten months later is not reasonable nor justified and is in derogation of Judge Saris's careful management of the discovery deadlines and briefing schedule in these cases.  Per the schedule entered by Judge Saris, the parties' briefing of the dispositive motions is now complete and the Government is fully engaged in preparing for oral argument on the summary judgment motions and is also now responding to other voluminous defense motions.  *See* fn. 2, *supra*.

## CONCLUSION

Based on the foregoing, the Court should quash Abbott's September 30, 2009 Rule 30(b)(6) deposition notice to the United States and the deposition notice for Ira Burney or, in the alternative, should issue a protective order striking Abbott's notices.

Respectfully Submitted,

For the United States of America,

| | |
|---|---|
| MICHAEL K. LOUCKS<br>ACTING UNITED STATES ATTORNEY | TONY WEST<br>ASSISTANT ATTORNEY GENERAL |
| <br>_____<br>George B. Henderson, II<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>Suite 9200, 1 Courthouse Way<br>Boston, MA 02210<br>Phone: (617) 748-3272<br>Fax: (617) 748-3971 | /s/ Justin Draycott<br>Joyce R. Branda<br>Daniel R. Anderson<br>Renée Brooker<br>Justin Draycott<br>Rebecca Ford<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Phone: (202) 307-1088<br>Fax: (202) 307-3852 |
| JEFFREY H. SLOMAN<br>ACTING UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF FLORIDA | |

_____
Mark A. Lavine
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

October 7, 2009

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day caused an electronic copy of the above UNITED STATES' MEMORANDUM IN SUPPORT OF THE MOTION TO QUASH OUT-OF-TIME DEPOSITION NOTICES SERVED BY ABBOTT LABORATORIES OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Date: October 7, 2009

                                                                /s/ Justin Draycott
                                                                Justin Draycott