# EXHIBIT B

## Draycott, Justin (CIV)

**From:** Draycott, Justin (CIV)
**Sent:** Thursday, January 22, 2009 2:02 PM
**To:** David S. Torborg; Gobena, Gejaa (CIV)
**Cc:** R. Christopher Cook; egortner@kirkland.com; nmerkl@kelleydrye.com
**Subject:** RE: Outstanding discovery

David, thanks for your email.

1. As stated in our recent brief, we're more than willing to discuss deposition testimony and the govt's deliberative process priv. objections. With respect to how much there is to talk about given the pending briefs, we do believe that it may make sense to defer discussion of deposition questions that related to entrance/exit conferences pending a ruling on the OIG memoranda that cover the same subject - but that implicates, for the most part, the Vito, Tawes, and Ragone depositions. Do you have any proposal regarding the testimony covered by your motion that does not involve the entrance/exit conferences?

2. Please feel free to propose dates for outstanding 30b6 testimony and Burney and Chang. The 30b6 deponents will probably be Don Thompson and Larry Reed. We'd prefer to get possible dates, even general dates, from you and then forward that info on to CMS and the witnesses.

3. Yes, you may caption request for leave to file reply brief as "unopposed."

4. We can chat tomorrow, early afternoon. However, it may make sense to have a separate call on item one above, given that your motion to compel covered a large number of deposition excerpts. Let us know your preference.

- Justin


-----Original Message-----
From: David S. Torborg [mailto:dstorborg@JonesDay.com]
Sent: Thursday, January 22, 2009 10:16 AM
To: Gobena, Gejaa (CIV)
Cc: R. Christopher Cook; Draycott, Justin (CIV); egortner@kirkland.com; nmerkl@kelleydrye.com
Subject: RE: Outstanding discovery

Gejaa and Justin,

I've had a chance to review your response to Defendants' motion on outstanding DPP issues, and have a good idea of your position on the various issues. For example, my take from your brief is that the Government believes there is no need to further confer about the blocked deposition testimony, either because the Court already decided these (a position we strongly disagree with) or because it's tied up with what the Court or SM does with the entrance and exit conference minutes. I think we have an obligation to meet-and-confer on those, at least, because Magistrate Bowler ordered us to do so. It might be quick, but I do think we need to do it. We'd also like to discuss our concerns about whether there are entrance and exit conferences for those reports listed on page 8 of our most recent brief.

We obviously disagree with the Government on the document issues (though it appears the Government is producing at least some communications from outside the agency), and it appears either the Court or SM will have to decide those.

What we do need to talk about, however, is scheduling of the outstanding depositions -- Burney, Chang, and the 30(b)(6) topics. It is my understanding from your brief that the Government is currently taking efforts to review additional material from the Office of Legislation and, perhaps, the Rulemaking Support Files. See Gov't Opp. at 9-12 ("...the Government is reviewing the documents withheld from production and will evaluate them based on the directions stated by the Court at the hearing. . . . The Government expects to be able to give a final report regarding the status of the on-going review within 30 days, if not sooner. . . . At this time, the Government does not expect to submit any

1

further material from this source [Rulemaking Support Files] to the Court.")  As made clear in our briefing, Defendants have a different opinion of what should be done with these files.

What we'd like to discuss -- and hopefully reach agreement upon -- is what makes sense in terms of scheduling the outstanding depositions in light of the outstanding document reviews/disputes, who the witnesses are, and what their schedules look like.  It probably does make sense to establish some dates for planning and other purposes.

Finally, Defendants intend to seek leave to file a reply brief regarding the outstanding DPP issues.  May I caption it unopposed?

I am generally available today and tomorrow to discuss.  Is there a time that works for you?

Thanks,
- Dave

|  |  |  |
|---|---|---|
| "Gobena, Gejaa (CIV)" <Gejaa.Gobena@usdoj.gov><br><br>01/13/2009 11:30 AM | "David S. Torborg" <dstorborg@JonesDay.com>, "Draycott, Justin (CIV)" <Justin.Draycott@usdoj.gov><br><br>"R. Christopher Cook" <christophercook@JonesDay.com><br><br>RE: Outstanding discovery | To<br><br>cc<br><br>Subject |

David,

We'd be more than happy to talk to you, but both Justin and I are basically out of pocket until a week from Wednesday (1/21). Maybe we can schedule a call then, in the morning? Also, if you have some ideas about resolving any of the pending issues, feel free to email them to us before we talk. That way, we might take advantage of the time lag to consider fully and carefully any ideas you have and try and make some progress.

Also, I wanted to talk to someone on your side about the current mediation date (3/16). Are you the person to coordinate with, or should I be coordinating with someone else?

Thanks.

-----Original Message-----
From: David S. Torborg [mailto:dstorborg@JonesDay.com]
Sent: Tuesday, January 13, 2009 10:45 AM
To: Draycott, Justin (CIV); Gobena, Gejaa (CIV)
Cc: R. Christopher Cook
Subject: Outstanding discovery

Justin & Gejaa,

Does it make sense to have a call/meeting to discuss the scheduling of outstanding discovery -- such as the Burney & Chang depositions, the various 30(b)(6) depositions, and anything relating to DPP that we can resolve?  We'd be happy to host an in-person meeting if you think it makes the most sense.  It might also make sense to bring Dey and Roxane into the discussion.

Please let me know.

Thanks,
- Dave


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========




==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========