# EXHIBIT H-2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, *et al.*<br>No. 06-CV-11337-PBS | ) ) ) ) | Magistrate Judge Marianne B. Bowler |

## NOTICE OF 30(B)(6) DEPOSITION OF THE CENTERS FOR MEDICARE AND MEDICAID SERVICES

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Abbott Laboratories, Inc. ("Abbott") by its undersigned attorneys, will take the deposition upon oral examination of one or more representatives of the Centers for Medicare and Medicaid Services. This notice calls for testimony on the following topics originally set forth in Abbott's November 21, 2007 Letter:

    2.    CMS's contemporaneous position during 1991-2003 concerning the meaning of AWP in any relevant Medicare or Medicaid statute or regulation, and the manner in which CMS and its carriers interpreted or implemented AWP in accordance with that position, including but not limited to:

    (a)    how CMS, its employees, agents, or carriers interpreted and applied the term "AWP" or "national average wholesale price" as used in 42 C.F.R. 405.517;

    (b)    how CMS, its employees, agents, or carriers interpreted and applied the term "AWP" or "Average Wholesale Price" as used in Section 4556 of the Balanced Budget Act of 1997, 42 U.S.C. § 1395u;

    (d)    whether CMS, its employees, agents, or carriers believed that "[t]he general concept that the AWP refers to the price at which a pharmaceutical firm or wholesaler sells a drug to its customers is commonly understood in the industry" (United States' Objections and Responses to Defendant Abbott's First Set of Interrogatories at 35 (12/4/2006));

3.      The manner in which CMS, its employees, agents, or carriers have interpreted or implemented the term "Average Wholesale Price" or "AWP" since the passage of the Medicare Prescription Drug Improvement and Modernization Act of 2003 (Pub. L. 108-173).

The deposition will take place before a notary public, or any other officer authorized to administer oaths, at Jones Day, 51 Louisiana Avenue, Washington, D.C. on October 15, 2009 beginning at 9:00 AM and continuing on successive days as necessary.

Such deposition will be recorded by stenographic and/or sound and visual means.  The deposition is being taken for the purposes of discovery, for use at trial, and for such other purposes as permitted under the Federal Rules of Civil Procedure.

| | |
|---|---|
| Dated: September 30, 2009 | /s/ David S. Torborg<br>James R. Daly<br>Brian J. Murray<br>JONES DAY<br>77 West Wacker Drive, Suite 3500<br>Chicago, Illinois  60601<br>Telephone:  (312) 782-3939<br>Facsimile:   (312) 782-8585<br><br>R. Christopher Cook<br>David S. Torborg<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C.  20001-2113<br>Telephone:  (202) 879-3939<br>Facsimile:  (202) 626-1700<br><br>*Counsel for Defendant Abbott Laboratories, Inc.* |

## **CERTIFICATE OF SERVICE**

    I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing NOTICE OF 30(B)(6) DEPOSITION OF THE CENTERS FOR MEDICARE AND MEDICAID SERVICES to be served upon all counsel of record electronically by causing same to be posted via LexisNexis this 30th day of September, 2009.

                                                                        /s/ David S. Torborg_____
                                                                        David S. Torborg

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | Pending in: |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.* | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**<br><br>MDL NO. 1456<br><br>Civil Action No. 06-CV-11337-PBS<br>Lead Case No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

# SUBPOENA

TO:   The Centers for Medicare and Medicaid Services
      c/o Justin Draycott, Esq.
      United States Department of Justice
      601 D Street, N.W.
      Washington, D.C. 20004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Jones Day<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001 | October 15, 2009 at 9:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*<br>Attorney for Defendant Abbott Laboratories, Inc. | DATE<br>September 30, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: David S. Torborg, Esq., Jones Day, 51 Louisiana Ave., N.W., Washington, D.C. 20001, (202) 879-3939

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and/or copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and/or copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect and/or copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, and/or copying. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and/or copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i)   fails to allow reasonable time for compliance;
   (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
   (iv) subjects a person to undue burden.

(B) If a subpoena

   (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.