# EXHIBIT H-5

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc.*, *et al.* | ) | |
| No. 06-CV-11337-PBS | ) | |

**NOTICE OF 30(B)(6) DEPOSITION OF THE CENTERS FOR MEDICARE AND MEDICAID SERVICES**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Abbott Laboratories, Inc. ("Abbott") by its undersigned attorneys, will take the deposition upon oral examination of one or more representatives of the Centers for Medicare and Medicaid Services. This notice calls for testimony on the following topics originally set forth in Abbott's November 21, 2007 Letter:

16. Any and all efforts by CMS to establish a Federal Upper Limit for any of the Subject Drugs or Subject J-Codes during the Relevant Claim Period, as authorized by 42 C.F.R. § 447.332, and CMS's reasons for any decision or policy not to establish a FUL for the Subject Drugs and other injectables.

18. The frequency and manner in which each State Medicaid agency made findings and assurances to CMS during 1991-2003, as required by 42 C.F.R. § 447.333, that "[i]n the aggregate, its Medicaid expenditures for all other drugs are in accordance with § 447.331 of this subpart," as well as all communications between CMS and State Medicaid agencies regarding these findings and assurances, all related guidance or interpretations provided by CMS, all efforts by CMS during 1991-2003 to request and/or evaluate any "data, mathematical or statistical computations, comparisons, and any other pertinent records to support [the State Medicaid agencies'] findings and assurances" (§ 447.333(c)), or CMS's reasons for any decision not to require states to make such findings and assurances. With respect to multiple source drugs for which CMS did not establish an upper limit under § 447.332, this topic includes the frequency and manner in which each State Medicaid agency made annual findings and assurances to CMS that "[i]n the aggregate, its Medicaid expenditures for all other drugs are in accordance with § 447.331 of this subpart." 42 C.F.R. § 447.333(b).

     The deposition will take place before a notary public, or any other officer authorized to administer oaths, at Jones Day, 51 Louisiana Avenue, Washington, D.C. on October 16, 2009 beginning at 9:00 AM  and continuing on successive days as necessary.

     Such deposition will be recorded by stenographic and/or sound and visual means.  The deposition is being taken for the purposes of discovery, for use at trial, and for such other purposes as permitted under the Federal Rules of Civil Procedure.

Dated: September 30, 2009                          /s/ David S. Torborg
                                                          James R. Daly
                                                          Brian J. Murray
                                                          JONES DAY
                                                          77 West Wacker Drive, Suite 3500
                                                          Chicago, Illinois  60601
                                                          Telephone:  (312) 782-3939
                                                          Facsimile:   (312) 782-8585

                                                          R. Christopher Cook
                                                          David S. Torborg
                                                          JONES DAY
                                                          51 Louisiana Avenue, N.W.
                                                          Washington, D.C.  20001-2113
                                                          Telephone:  (202) 879-3939
                                                          Facsimile:  (202) 626-1700

                                                          *Counsel for Defendant Abbott Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

     I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing NOTICE OF 30(B)(6) DEPOSITION OF THE CENTERS FOR MEDICARE AND MEDICAID SERVICES to be served upon all counsel of record electronically by causing same to be posted via LexisNexis this 30th day of September, 2009.

                                              /s/ David S. Torborg  
                                              David S. Torborg

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | Pending in: |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br>*U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.* | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS<br><br>MDL NO. 1456<br><br>Civil Action No. 06-CV-11337-PBS<br>Lead Case No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

## SUBPOENA

TO:  The Centers for Medicare and Medicaid Services
c/o Justin Draycott, Esq.
United States Department of Justice
601 D Street, N.W.
Washington, D.C. 20004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Jones Day<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001 | October 16, 2009 at 9:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendant Abbott Laboratories, Inc. | September 30, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:  David S. Torborg, Esq., Jones Day, 51 Louisiana Ave., N.W., Washington, D.C. 20001, (202) 879-3939

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and/or copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and/or copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect and/or copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, and/or copying. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and/or copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.

(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.