# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 01-12257-PBS<br>Subcategory Case No. 06-11337 |
| THIS DOCUMENT RELATES TO:<br><br>*State of California ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Labs, Inc. et al.*,<br>Civil Action No. 03-11226-PBS | Hon. Patti B. Saris |

### DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR AN ORDER GRANTING LEAVE TO TAKE DEPOSITION OUT OF TIME

Defendants Dey, Inc., and Dey, L.P. (collectively, "Dey"), and Mylan Inc., and Mylan Pharmaceuticals Inc. (collectively, "Mylan"), on behalf of all Defendants in this action, ("Defendants") respectfully submit this reply brief in further support of their motion for an Order permitting Defendants to complete the deposition of non-party witness Thomas Ahrens beyond the June 15 discovery cut-off.

Defendants believe that Mr. Ahrens has knowledge that is relevant to this action and Plaintiff the State of California ("California") does not deny this. Rather, California contends that Defendants' delay in seeking Mr. Ahrens's deposition until June 6 was unreasonable and unjustified because Defendants should have known prior to then that Mr. Ahrens may have had relevant knowledge and that nothing in the documents produced by California after March 16 created a compelling need for his deposition. This simplistic argument ignores the procedural record and is completely lacking in merit. Defendants' delay in seeking Mr. Ahrens's deposition was the result of careful deliberation by Defendants that was required

by California's tardy production of its electronic production.  Indeed, when California finally completed its electronic production, Defendants had a mere three months to review the productions, identify the ten individuals they believed most knowledgeable from a list of more than 150, and complete their depositions.

Defendants were appropriately reluctant to begin taking the depositions of California witnesses before California completed its electronic production.  *See* Declaration of Brendan Cyr In Support of Defendants' Motion To Take Deposition Out of Time ("Cyr Decl."), Ex. A, at 21:22-22:4.  However, at the February 12, 2009 status conference, the Court limited the Defendants to just ten further depositions.  *See id.* at 21:22-22:4.  California obtained the benefit of this  limitation and still did not complete its production of electronic documents to Defendants until March 16.  *See* Cyr Decl., Ex. A at 6:20 to 12:10, Ex. F.  Thus, between March 16 and June 15, Defendants found themselves in the unenviable position of reviewing Plaintiff's belated electronic production, making educated guesses as to the ten most knowledgeable individuals, and completing their depositions.

Despite this predicament, Defendants moved expeditiously and noticed and took nine depositions.  Defendants chose deponents from a wide range of positions within California Health and Human Services Agency ("HHS"), from Pharmacy Consultants in HHS's Department of Health Care Services ("DHCS") like Katherine Ahrens and Vic Walker, who were responsible for Medi-Cal pharmacy reimbursement issues as a regular part of their job, to Kimberly Belshé, the Secretary of HHS.  Defendants completed their depositions of Pharmacy Consultants Katherine Ahrens on May 20 and Vic Walker on May 21, both of whom were particularly knowledgeable.  After those depositions it became clear that Tom Ahrens, also a Pharmacy Consultant in DHCS during the relevant  period, would be a valuable witness and Defendants

moved him to their "short list" of potential witnesses.  By that point, however, Defendants only had one deposition left until they reached their ten deposition limit, and still had a number of other candidates for the last spot.  It was only after careful deliberation between Defendants' counsel that Defendants were in a position to determine that Ahrens was the best choice for their final deposition.

Against this backdrop, California's contention that Defendants unreasonably delayed in asking for Mr. Ahrens deposition is totally unfounded.  In this action, California seeks to recover more than half a billion dollars from Defendants.  Given their potential exposure, it was entirely reasonable for Defendants to be cautious using their ten remaining depositions.  Moreover, considering that Defendants' predicament was largely a result of California's failure to timely complete their production of electronic documents, it was entirely reasonable for Defendants to believe that California would be agreeable to accommodating their relatively modest request.

That California identified Mr. Ahrens as an individual with potentially relevant knowledge in its initial disclosures, served in August of 2007, and again in interrogatory responses served in December of 2007 does not render Defendants' delay "unreasonable." California's argument ignores the fact that its interrogatory responses identify 44 other current and former DHS employees in addition to Mr. Ahrens as having knowledge that AWP-based reimbursement might result in payments higher than providers' actual acquisition cost and 42 other current and former DHS employees as having knowledge of California's decisions concerning Medi-Cal drug reimbursement policies.  *See* State of California's Opposition to Defendants' Motion for an Order Granting Leave to Take Deposition Out of Time ("Opposition"), at Ex. 4, pp. 36-45, 76-82.  California likewise ignores that its initial disclosures

identified over 150 current and former California state employees in addition to Mr. Ahrens as having potentially relevant knowledge.  That Mr. Ahrens's name was buried in written disclosures served more than a year before the June 15 deadline did not aid Defendants at all in choosing how to use their ten depositions.  If anything, it made the task more difficult.

Nor does Defendants' identification of Mr. Ahrens as one of 38 possible deponents in January of this year make their conduct any less reasonable.  California again ignores the fact that list was prepared as part of a joint motion for clarification on certain orders of the Court regarding the parties Joint Motion to Extend the Discovery Schedule and Amend CMO 31.  This motion was necessary as a result of California's failure to complete its electronic document production within the original discovery cut-off set by the Court.  Indeed, the list itself makes clear that it names individuals Defendants would like to depose once California completes its electronic production.  By the time California completed its electronic production, Defendants were forced to winnow this list from 38 to ten.

California's arguments about the lack of any significant documents produced by California after February 16 pertaining to Mr. Ahrens miss the mark.  Defendants never contended that they needed Mr. Ahrens's deposition because of some late-produced piece of discovery or other new development.  Rather, as discussed at length above, Defendants' decision to seek Mr. Ahrens's deposition came about through Defendants' careful deliberation as to how best to use the limited number of depositions, and was the result of a careful weighing of multiple competing factors. Defendants pointed to California's document productions after March 16 merely to highlight how much more difficult California's untimely document productions made the process.

If anything, California's concession that it did not produce relevant documents relating to Mr. Ahrens after the February 12 conference underlines the need for his deposition. It is not surprising that California's production of electronic document contains hardly any documents pertaining to Mr. Ahrens, given that California failed to take adequate steps to preserve electronic documents until December of 2005. *See* Dkt. No. 6000, Sub. Dkt. No. 201 at 10-14. Although he is no longer employed by DHS, documents produced by California indicate that Mr. Ahrens was employed by DHS in the Pharmaceutical Unit of the Medi-Cal Contracting section as late as December of 2001, more than three years after this lawsuit was commenced. That California failed to produce any documents pertaining to him indicates that his electronic documents were destroyed when he left DHS. Thus, the only way Defendants can learn of the relevant information he may possess is through his deposition.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and enter an order authorizing such relief.

Dated: October 7, 2009                    KELLEY DRYE & WARREN LLP

/s/ Philip D. Robben
Philip D. Robben (admitted *pro hac vice*)
Brendan Cyr (admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Counsel for Defendants Dey, Inc., Dey, L.P. Mylan Inc., and Mylan Pharmaceuticals Inc. on behalf of all defendants.*