# Exhibit 2

to

Memorandum of Law in Support of United States'
Motion to Consolidate Cases for Trial

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION )<br>)<br>)<br>)<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS; and )<br>)<br>)<br>)<br>*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp., et al.*, Civil Action No. 07-10248-PBS )<br>)<br>)<br>) | MDL No. 1456<br>Master Case No. 01-12257-PBS<br><br>Subcategory Case No. 06-11337-PBS<br><br>Hon. Patti B. Saris |

**SECOND DECLARATION OF CAROLYN HELTON**

I, Carolyn Helton, do hereby declare and state as follows:

1. I am currently employed by CIGNA Government Services ("CIGNA").

2. On July 23, 2009, I executed a declaration in the above-captioned cases. I have discovered minor mathematical errors in paragraph 40 of that declaration. Paragraph 40 should read as follows:

   40. In the above illustration, the effect of using lower AWPs for both the Dey and Roxane products would be to reduce the allowable amount from $3.34 to $1.63. This is a reduction of $1.71 and represents the

amount of overpayment that would have occurred (with Medicare paying 80 percent) if both companies' AWPs were found to be improperly inflated as assumed above. In contrast, if one were to determine the effect separately for the two companies, the reduction would be $0.14 for Dey and $0.98 for Roxane. The sum of these is $1.12. Calculating the effect separately for each company would not result in a number that reflects the total impact on the Medicare program under the assumption stated above.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of October, 2009.

*Carolyn Helton*
Carolyn Helton

2