# EXHIBIT A



"Draycott, Justin (CIV)"
<Justin.Draycott@usdoj.gov>

09/30/2009 09:50 AM

To  <dstorborg@JonesDay.com>
cc
bcc
Subject  Re: Outstanding depositions

History:        This message has been replied to and forwarded.

Correct

----- Original Message -----
From: David S. Torborg <dstorborg@JonesDay.com>
To: Draycott, Justin (CIV)
Sent: Tue Sep 29 17:14:39 2009
Subject: RE: Outstanding depositions

Justin,

Just to be clear, am I correct that Government will not produce the witnesses in response to notices for the 30(b)(6) depositions and the deposition of Mr. Burney?

Thanks,
- David


                "Draycott, Justin
                (CIV)"
                <Justin.Draycott@                                                    To
                usdoj.gov>              "David S. Torborg"
                                        <dstorborg@JonesDay.com>
                                                                                    cc
                09/29/2009 03:15
                PM                                                             Subject
                                          RE: Outstanding depositions




First, I can confirm that the Govt continues to believe that Abbott's attempt to reopen with respect to matters addressed by J. Bowler on Dec. 4, 2008 is untimely.

The answer to your second question, if I understand it correctly, is "no."  Nor do we believe that having the Special Master on the phone will streamline the depos.  In the event you call the Special Master, I would like to be on the call.  I am available tomorrow afternoon, but not tomorrow morning.

Regards, Justin

```
-----Original Message-----
From: David S. Torborg [mailto:dstorborg@JonesDay.com]
Sent: Tuesday, September 29, 2009 2:57 PM
To: Draycott, Justin (CIV)
Cc: egortner@kirkland.com; sreid@kelleydrye.com; John Reale
Subject: RE: Outstanding depositions
```

Justin,

First, have you provided the Government's position on the 30(b)(6) and Burney depositions?  If you did, I didn't get to me.  You agreed to provide an answer on that by yesterday.  Please advise.

Second, on the DPP depositions, in the interest of streamlining the procedure, would the Government agree that the SM's rulings on deposition questions is final?  Regardless, we still believe the process will be more efficient if the depositions are conducted in the presence of the SM.  At the very least, we could streamline that part of the review.

Thanks,
- David

| | | |
|---|---|---|
| To | "Draycott, Justin (CIV)" <Justin.Draycott@usdoj.gov> | "David S. Torborg" <dstorborg@JonesDay.com> |
| cc | | |
| | 09/29/2009 12:13 PM | |
| Subject | | RE: Outstanding depositions |

David, a question with respect to having Judge van Gestel preside over a live deposition:
there is no provision in Judge Bowler's order which contemplates this type of procedure, more to the point however, there was no agreement by the parties that the rulings of the special master would be final. Indeed, we all agreed that the parties could file objections directly with Judge Saris.  Assume for the sake of argument, that Judge van Gestel were to overrule a Govt objection during deposition.  As I see it, the only way for the Govt to preserve its objection for Judge Saris with respect to such a ruling would be for the Govt to persist in its instruction that the witness decline to answer.
In this situation, seems to me that there's little point to having Judge van Gestel available, real time, to make rulings on the objections.
Your thoughts?


-----Original Message-----
From: David S. Torborg [mailto:dstorborg@JonesDay.com]
Sent: Monday, September 28, 2009 6:31 PM
To: Draycott, Justin (CIV)
Cc: R. Christopher Cook; James R. Daly; egortner@kirkland.com; sreid@kelleydrye.com
Subject: Outstanding depositions


Justin,

On Friday, we agreed to touch base today to advise of our respective clients' positions with respect to outstanding depositions.  Abbott agreed to consider your thoughts regarding those depositions where the Government asserted the deliberative process privilege (DPP).  The Government agreed to provide a final answer on whether it will provide designations and dates for the outstanding 30(b)(6) depositions and the deposition of Mr. Burney, depositions for which Magistrate Bowler previously denied the Government's motions for protective orders.

With respect to the outstanding DPP depositions, you provided your view on how these depositions would proceed should Abbott reconvene the depositions.  In short, your view was that the parties would end up back before the special master to litigate whether the information sought in defendants' questioning would be protected under the qualified DPP. Because the thwarted questioning involves issues that in our view are important to the litigation, Abbott remains committed to reconvening these depositions.  As we discussed Friday, we believe that it will be much more efficient for the parties, the witnesses, and the Judge van Gestel to conduct these depositions in the presence of Judge van Gestel (in person or by video conference/phone).  Because both parties anticipate that Judge van Gestel will have to resolve the merit of the Government's DPP assertions, we see no reason not to provide him the real-time opportunity to request information necessary for his rulings, and to make rulings.  I intend to call Judge van Gestel's case manager tomorrow to schedule a conference call with Judge van Gestel to discuss a suitable approach.  Please advise me if you would like to participate in my call with the case manager.

Thanks,
- Dave

===========

This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records
can be corrected.
==========