# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 1456<br><br>Master File No. 01-CV-12257<br>Subcategory Case No. 06-CV-11337 |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, *et al.,* No. 06-CV-11337-PBS | ) ) ) ) | Magistrate Judge Marianne B. Bowler |

**DECLARATION OF DAVID S. TORBORG IN SUPPORT OF
MEMORANDUM OF ABBOTT LABORATORIES INC.
IN OPPOSITION TO THE CORRECTED MOTION BY THE UNITED STATES TO
QUASH OUT-OF-TIME DEPOSITION NOTICES SERVED BY ABBOTT
LABORATORIES OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

I, David S. Torborg, an attorney, declare as follows:

1. I am an attorney with the law firm Jones Day, counsel for Defendant Abbott Laboratories Inc. ("Abbott").

2. I am admitted to practice *pro hac vice* before this Court.

3. Since the Court's December 4, 2008 rulings denying the United States' motions for a protective order regarding the depositions of CMS Office of Legislation employee Ira Burney and on certain Rule 30(b)(6) areas of inquiry, the Department of Justice ("DOJ") has not provided counsel for Abbott with a proposed date for Mr. Burney's deposition despite several requests. The only reason the DOJ counsel Justin Draycott has offered for failing to provide dates is that it would be difficult to schedule Mr. Burney's deposition due to his work obligations at CMS.

4. On January 23, 2009, I participated in a meet-and-confer by telephone with Mr. Draycott to discuss a number of outstanding discovery issues, including the scheduling of the depositions of Mr. Burney and CMS's 30(b)(6) designees. During that call, I advised Mr.

Draycott that I did not believe it made sense to go forward with the outstanding depositions until the Government completed its document production. Mr. Draycott did not disagree with that suggestion. In addition, I recall Mr. Draycott commenting that Abbott had "preserved" its right to take these depositions and that the Government was "not in a hurry" to complete the depositions.

5.      On May 26, 2009, I, along with additional counsel for Abbott, Dey, Roxane, DOJ, and Ven-A-Care participated in telephone call in anticipation of a May 28, 2009 hearing on summary judgment briefing. During that call, DOJ's George Henderson inquired whether Defendants believed that outstanding discovery needed to be completed before the parties' summary judgment briefing. In response, I detailed my understanding of the depositions that remained to be completed, including the depositions of Mr. Burney and the Rule 30(b)(6) depositions ordered by Magistrate Judge Bowler. Counsel for Defendants indicated that they did not believe the depositions were required for their limited affirmative motions for summary judgment, but that the depositions might be pertinent to the Government's filing. I also commented during the telephone call that Abbott was awaiting resolution of the deliberative process privilege issues pending before the Special Master before convening those depositions. At no time did counsel from the DOJ take the position that Abbott would waive its right to take these deposition by waiting for the Special Master's ruling.

6.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

    Dated:  October 13, 2009

                                                                    /s/ David S. Torborg
                                                                    David S. Torborg