# EXHIBIT R



**U.S. Department of Justice**

Civil Division, Fraud Section

---

*601 D Street, NW*  *Telephone:  (202) 305-9300*
*Washington, D.C. 20004*  *Telecopier:  (202) 616-3085*

<u>*Via Electronic Transmission*</u>    August 31, 2009

David Torborg
Jones Day
51 Louisiana Ave., N.W.
Washington, DC 20001-2113


    Re:    Average Wholesale Price Multi-District Litigation
              <u>MDL No. 1456/C.A. No. 01-12257-PBS (D. Mass.)</u>

Dear David:

    I am writing in response to your email of August 14, 2009 and an earlier letter that you resent with that email.  Your email and correspondence cover, essentially, two topics.  The first topic relates to deponents and/or deposition topics that were addressed in rulings by Magistrate Judge Bowler at a hearing on December 4, 2008; the second relates to deposition questions covered by the June 29, 2009 Supplemental Memorandum and Order by the Special Master, Judge Allen van Gestel.

    With respect to the first topic, you have requested that we reopen discovery for the purpose of scheduling the depositions of Ira Burney and the Government's Rule 30(b)(6) designees.  We do not see any valid basis for reopening discovery for these deponents at this time.  We provided you with dates for the Government's Rule 30(b)(6) designees shortly after Judge Bowler ruled on the protective order motions.  Abbott elected not to take those depositions.  As for witnesses from the Office of Legislation, you scheduled and took the deposition of Debbie Chang.  You never bothered to schedule the deposition of Ira Burney.  Neither Judge Saris or Judge Bowler have ever ordered, or indicated in any manner, that Abbott was given the option of suspending the limited additional discovery allowed by Judge Bowler in December 2008 for a period of approximately ten months.

    With respect to the deposition testimony covered by the Supplemental Order of the Special Master, upon further review of excerpts, I believe it is worth considering alternatives to reopening in-person oral depositions in light of Judge van Gestel's observation that it was unclear whether in fact the deponents had refrained from giving testimony after government counsel stated a general cautionary instruction that a witness should refrain from disclosing the content of privileged communications.  We also have special concerns about disrupting and inconveniencing retired CMS employees such as Robert Neiman and Charles Booth given how unlikely it appears that they will have any further testimony to offer.  Additionally, using written questions, as suggested by Judge Bowler, would facilitate the need to have the questioning

-2-

conform to the relevancy parameters set out by Judge Saris with respect to the Government's assertion of the deliberative process privilege.  For example, it would help insure that testimony, if any, relates to the agency's knowledge of mega spreads for infusion and inhalation drugs, as well as Vancomycin.

      I look forward to hearing your thoughts on this issue.  Thank you for your attention.

Very Truly Yours,

/s/
Justin Draycott
Trial Attorney
Commercial Litigation Branch