UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 1456
CIVIL ACTION NO.
01-CV-12257-PBS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO: *U.S. ex rel.*<br>*Ven-A-Care of the Florida Keys, Inc.* v. *Abbott*<br>*Laboratories, Inc.*, Civil Action No. 06-11337-PBS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER REGARDING
## ANTICIPATED FURTHER DEPOSITIONS

On June 29, 2009, the Special Master issued an Order allowing the motion of Abbott Laboratories, Inc. ("Abbott") to compel deposition testimony from certain Government witnesses who had been instructed or cautioned not to answer certain questions because of the deliberative process privilege. Full familiarity with that Order is presumed.

The further deposition interrogations are now on the verge of commencement. In anticipation thereof, Abbott has requested that the Special Master attend the depositions, either in person or telephonically, in order to make instant rulings – and thereby a full record – in the event that the Government once again instructs or cautions the witnesses not to answer because of the deliberative process privilege. The Government vigorously opposes the request.[1]

The basis for concern results from the Special Master's discussion in the June 29, 2009

---

[1] Perhaps in some seemingly *in terrorem* effort, the Government alludes to the fact that it will press its rights, regardless of the Special Master's decisions, to the Magistrate Judge and beyond to the District Judge. Respectfully, this is not what was intended or expected when the Special Master was sought and appointed.

Order relating to the difference in addressing the deliberative process privilege when applied to documents as opposed to when applied in the context of questions and answers at a deposition. In part the Special Master said:

> The Special Master begins by observing, as he did in his original Memorandum, that the deliberative process privilege generally applies to "*documents* reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." (Emphasis added.) *Dept. of the Interior* v. *Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Examining a document to determine whether it is predecisional or part of the Government's deliberative process, although not always easy, is a significantly different process than that which applies when assaying the assertion of the deliberative process privilege in the give-and-take of a deposition examination. So, too, is the application of the balancing process between the public interest and the particularized needs of the movant. Broadly worded questions seldom lead to precision as to what the answer sought might reveal. Nor do broad assertions of a privilege of the nature in play here assist very much the task of the decider of determining whether what the privilege exists for is in danger if the question must be answered.
>
> When the courts look at the application of the deliberative process privilege to documents they speak in terms that have little application to deposition questioning. As noted in the original Memorandum, for example:
>
> "A document will be considered 'predecisional' if the agency can (i) pinpoint the specific agency decision to which the document correlates, (ii) establish that its author prepared the document for the purpose of assisting the agency official charged with making the agency decision, and (iii) verify that the document precedes, in temporal sequence, the decision to which it relates." *Providence Journal Co.* v. *U.S. Dept. of the Army*, 981 F.2d 552, 557 (1st Cir. 1992).
>
> A document is "deliberative" if it "(i) formed an essential link in a specified consultative process, (ii) reflect[s] the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency." *Id.* at 559. Thus, "a document is 'predecisional' if it precedes in time the decision to which it was applied and it is 'deliberative' if it constitutes a statement of opinion regarding final policy rather than a description of the ultimate policy itself." *United States* v. *Cicilline*, No. 07-10008 NMG, 2008 WL 427286, at *1 (D. Mass., Feb. 13, 2008).
>
> The deliberative process privilege does not shield documents that simply state or explain a decision that the Government has already made, *NLRB* v. *Sears, Roebuck &*

*Co.*, 421 U.S. 132, 151-152 (1975), nor does it protect material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of the document that its disclosure would inevitably reveal the Government's deliberations. *Providence Journal Co.*, 981 F.2d at 562.

In a deposition being conducted by counsel for a defendant, when the Government is the plaintiff, all of the kinds of things courts expect the Government to demonstrate in order to receive the shelter of the deliberative process privilege are not readily available. Counsel asking the question generally does not know what the answer will be or the context in which the information revealed in that answer was made, and, as here, the reviewing Special Master knows little, if anything, of the context in which the communication took place. In short, none of the criteria justifying invocation of the privilege and none of the information needed for a reviewer to perform the requisite balancing between the public's interests and the particularized needs of the defendant are available.

Here, what the witnesses were being asked, for the most part, was whether they had had discussions about a certain subject and what was said in those discussions. The Government's objections – presumably, although not always so stated, based on the deliberative process privilege – were often nothing more than a caution to the deponent that he or she should not answer some broad based question "to the extent it would reveal the communications and deliberations that occurred" in those discussions. That hardly enables or warrants a conclusion by this Special Master that the answer would reveal something that formed an essential link in a specified consultative process, reflecting the personal opinion of the speaker rather than the policy of the agency, and, if given, would inaccurately reflect or prematurely disclose the views of the agency. It is not enough to point out, as was done in many of the excerpts here under review, that a given conversation inquired about involved "something that HCFA considered," or that they were "communications with HCFA officials," or "that those discussions were deliberations that ended up with the adoption of a policy on that issue," or were with "anybody who preferred to stay with AWP rather than go to EAC," or were with "others at CMS about what the drug policy should be," or were discussions that "have taken place at exit and entrance conferences." How can the Special Master presume that the answers will do more than simply recite or explain a decision or determination that the Government had already made, or merely state something that is purely factual? Without some kind of *in camera* offer of proof as to what the answer to a specific question will be this Special Master is at a complete loss as to whether the deliberative process privilege even comes into play, to say nothing about how, and about what administration of the balancing test might do to alter the situation.

Having the foregoing in mind, the Special Master, after hearing the parties arguments and reviewing their filings, determines that he should not become an in person participant in the

3

upcoming depositions in the absence of agreement by all parties. That said however, counsel – particularly counsel for the Government – are directed to make a full record whenever a witness is instructed or cautioned about the deliberative process privilege such that any reviewing Special Master, Magistrate Judge or District Judge can make the requisite determination as to whether the privilege applies and perform the requisite balancing test to determine whether the particular question should be answered. In making that record the Government will be expected to explain in detail how the anticipated answer will: reflect a pinpointed advisory opinion, recommendation or deliberation, comprising part of the process by which governmental decisions and policies are or were being formulated; demonstrate how the anticipated answer is predecisional or part of the deliberative process; show how the requisite balancing process between the public interest and the particularized needs of the interrogating party is to be resolved; and enable the Special Master, Magistrate Judge or District Judge may determine whether what the privilege exists for would be endangered if the question is answered.

The Special Master recognizes that this may be a heavy and difficult burden for the Government. But it is the Government, not Abbott, that has resisted the participation of the Special Master at the depositions and it is the Government, not Abbott, that has insisted that any decision must be based upon the record revealed in the deposition transcript, followed by briefing.

Still further, this Special Master warns that if the record presented on a refusal of a deponent to answer on deliberative process privilege is inadequate for purposes of making a decision then it will be presumed that the Government has failed to satisfy its requirements as set forth above. In such instance two things may come into play: (1) the deposition may be

resumed and the deponent shall answer the question without the further interposition of the privilege; and (2) the Government may be ordered to reimburse the client of the interrogating party for all reasonable costs of the up-coming deposition and any re-ordered deposition resulting from an inadequate record, including the costs of both transcripts, the costs of the Special Master, and the costs and reasonable attorneys' fees of prevailing counsel in connection with both depositions and the briefing and argument before the Special Master on such failure of the deponent to answer.

IT IS SO ORDERED.

_Allan van Gestel /uf_
Allan van Gestel
Special Master

DATED: October 15, 2009

# PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: United States ex rel. Ven-A-Care of the Florida Keys, Inc. / Abbott Laboratories, Inc.
Reference No. 1400012060

I, Lisa Powell, not a party to the within action, hereby declare that on October 15, 2009 I served the attached Memorandum and Order Regarding Anticipated Further Depositions on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Boston, MASSACHUSETTS, addressed as follows:

James Daly
Jones Day
77 West Wacker Dr.
Suite 3500
Chicago, IL 60601-1692
Phone: 312-782-3939
jrdaly@jonesday.com

David Torborg
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
Phone: 202-879-3939
dstorborg@jonesday.com

Eric Gortner
Kirkland & Ellis LLP
300 N. LaSalle St.
Chicago, IL 60654
Phone: 312-862-2000
egortner@kirkland.com

Sarah Reid
Kelley Drye & Warren LLP
101 Park Ave.
New York, NY 10178-0002
Phone: 212-808-7800
sreid@kelleydrye.com

James Breen
Breen Law Firm
5755 North Point Parkway
Suite 260
Alpharetta, GA 30022
Phone: 770-740-0008
jbreen@breenlaw.com

M. Justin Draycott
Department of Justice
601 D Street, NW
Washington, DC 20044
Phone: 202-305-9300
justin.draycott@usdoj.gov

Marisa Lorenzo
Kelley Drye & Warren LLP
101 Park Ave.
New York, NY 10178-0002
Phone: 212-808-7800
mlorenzo@kelleydrye.com

I declare under penalty of perjury the foregoing to be true and correct. Executed at Boston, MASSACHUSETTS on October 15, 2009.

_____
Lisa Powell
lpowell@jamsadr.com