UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> _____ ) <br> ) <br> **THIS DOCUMENT RELATES TO:** ) <br> *United States of America ex rel. Ven-a-Care of* ) <br> *The Florida Keys, Inc., v. Abbott Laboratories,* ) <br> *Inc.,* ) <br> CIVIL ACTION NO. 06-11337-PBS ) | MDL No. 1456 <br> Civil Action No. 01-12257-PBS <br> Subcategory No. 06-11337 <br><br> Judge Patti Saris <br> Magistrate Judge Marianne Bowler |

**MEMORANDUM OF THE UNITED STATES IN REPLY
TO ABBOTT'S OPPOSITION TO THE GOVERNMENT'S
MOTION TO QUASH OUT-OF-TIME DEPOSITION NOTICES**

The United States submits this reply brief in response to Abbott's memorandum in opposition to the Government's request that the Court quash out-of-time deposition notices served by Abbott Laboratories, Inc. (Dkt. 6586)  The briefs filed by each side now establish that the Court should order the relief sought by the United States.  This memorandum will address two items.  First, Abbott essentially admits that it refrained from moving forward with the depositions for its own reasons yet never sought a discovery stay from the Court or asked the Court's permission to suspend, for any period, the obligation to expeditiously complete outstanding discovery after the hearing with the Magistrate Judge on December 4, 2008.  Second, the Government's motion is not untimely.  The time frames cited by Abbott which pertain to protective order motions operate when fact discovery is open, not months after Court-ordered deadlines have lapsed and discovery is closed.

1. Abbott Unilaterally Suspended Deposition Discovery Without Seeking or Obtaining Permission from the Court

Although Abbott asserts that the facts set out in the Government's brief are "incomplete," it does not appear that Abbott disputes the essential facts pertinent to the issue now before the Court which are, (A) that following the December 4, 2008 Court hearing and over the course of the ensuing five months, the Government proposed deposition dates for witnesses covered by the protective order motions heard on that day, (B) that Abbott elected not to avail itself of the opportunity to take the depositions prior to July 2009, and (C) that Abbott has now asserted it had its own reasons for not moving forward with the depositions between December 2008 and July 2009. Abbott's opposition brief attempts to explain, a year later, why it did not suit Abbott's wishes to promptly move forward with the depositions after December 4, 2008. The question that Abbott completely ignores is, given the new argument that it wanted to defer completion of depositions pending resolution of other discovery issues, why did Abbott not so advise the Court and seek the Court's permission to stay the depositions? Indeed, rather than alerting the Court that he wanted to refrain from taking the depositions and asking for permission to do so, on December 4, 2008, Abbott's counsel told the Magistrate Judge, the precise opposite: "We'll do it quickly."

The issue now before the Court does not pertain to whether deposition discovery should have been stayed eleven months ago – because Abbott never sought such a stay or otherwise requested phased discovery. Simply put, Abbott's current opposition brief attempts to lay out the grounds for a motion that Abbott never filed. Indeed, the opposition brief filed by defendant establishes, more so even than the Government's brief, that Abbott simply arrogated to itself a power which is exclusively vested in the District Court - the authority to control discovery and the deadlines attendant thereto. *See, e.g.*, Local Rule 26.3 ("the *judicial officer* has discretion to structure discovery activities by phasing and sequencing the topics which are the subject of

discovery" (emphasis supplied));  Local Rule 26.2(b) ("All requests for additional discovery events, extensions of deadlines, for the completion of discovery . . . must be signed by the attorney and the party making the request.").  *See also U.S. Steel v. Dematteo Constr. Co.,* 315 F.3d 43, 53 (1st Cir. 2002); *City of Waltham v. United States Postal Serv.,* 11 F.3d 235, 243 (1st Cir. 1993).

The crux of the current dispute between Abbott and the Government can be boiled down to the two conflicting views held by the parties regarding the rulings by the Magistrate Judge on December 4, 2008.  The Government believes the Magistrate Judge's rulings required the four depositions at issue to be completed promptly and in a manner that did not conflict or disrupt other deadlines and events scheduled by Judge Saris including, for example, those relating to the completion of expert discovery and briefing of dispositive motions.  To that end, in the winter and spring of this year, the Government continued to propose deposition dates to Abbott that ran through the end of April.  For its part, Abbott has taken the position that the Court, in addition to allowing Abbott to take the depositions, also conferred on Abbott full discretion to phase, and even suspend, discovery without regard to the disruption it might cause, notwithstanding that such authority is expressly reserved to the Court.  To that end, Abbott waited approximately eight months after the Magistrate Judge ruled and then attempted to move forward with depositions precisely at the point when the Government was laboring to respond to the initial round of briefing on dispositive motions which included over 700 pages of defense memoranda and declarations, as well as approximately 13,000 pages of exhibits.  Abbott's position is completely at odds with how the District Court has managed all the deadlines in these cases up to now.

Finally, Abbott's claim that the Government bears some responsibility for Abbott's delays is spurious.  For example, additional document productions from the Office of Legislation were completed in March 2009 - *i.e.* in plenty of time for depositions in April had Abbott scheduled them.  Moreover, the chronology in Abbott's brief for January through April 2009 largely agrees

3

with the facts set out in the Government's brief regarding deposition dates offered to Abbott during that period and the Government's compliance with the Magistrate Judge's December 2008 rulings.

2. The Filing Deadlines Cited by Abbott do not Apply Here and Are Being Abused by Abbott in Any Event

Abbott's challenge to the timeliness of the Government's motion to quash, which relies on deadlines in CMO 29 relating to protective orders for deposition notices, is inapposite in light of the procedural history relating to the depositions in question and Abbott's conduct over the summer while the parties were briefing dispositive motions.  Paragraph 13 of CMO 29, read in the context of the rest that Order, relates to deposition notices properly served while discovery is open.  The initial protective order motions for the depositions at issue here were filed and briefed in early 2008.  For example, the motion relating to the Abbott's Rule 30(b)(6) specifications was filed on March 21, 2008 (Dkt. 5156).  The Magistrate Judge ruled on that motion in December 2008.  There is no remaining issue regarding whether the initial protective order motion was timely pursuant to CMO 29, paragraph 13.

More to the point here, however, is Abbott's conduct after the parties appeared before Judge Saris at the end of May 2009 to establish a briefing schedule for dispositive motions.  Significantly, at that hearing Abbott never advised the Court that it intended to reopen deposition discovery in the middle of the briefing schedule being discussed with the Court.  All three defendants filed initial briefs on June 26, 2009 – filings which, as noted above, were comprised of hundreds of pages of briefs and thousands of pages of exhibits.  Defendants filed a second round of briefs on August 28, 2009 which were comprised of 1,400 pages of briefs and declarations, as well as over 10,000 additional pages of supporting exhibits.  While the Government counsel was fully

engaged in responding to this massive level of briefing, Abbott announced it intended to resume deposition discovery.  This notice came precisely at the time Government counsel were working seven days a-week and, on many occasions, through the night and into the next day, to comply with the briefing schedule entered by Judge Saris.  A reasonable inference to be drawn from Abbott's timing is that it was intended to disrupt the Government's briefing efforts.  Abbott's deposition notices, which were served almost ten months after the December 4, 2008 hearing, amount to gamesmanship and abuse.  Accordingly, the Court should consider the merits of the Government's motion to quash.

## CONCLUSION

Based on the foregoing, the Court should quash Abbott's September 30, 2009 Rule 30(b)(6) deposition notice to the United States and the deposition notice for Ira Burney or, in the alternative, should issue a protective order striking Abbott's notices.

Respectfully Submitted,

For the United States of America,

| | |
|---|---|
| MICHAEL K. LOUCKS | TONY WEST |
| ACTING UNITED STATES ATTORNEY | ASSISTANT ATTORNEY GENERAL |

_____   /s/   Justin Draycott_____

George B. Henderson, II   Joyce R. Branda
Assistant U.S. Attorney   Daniel R. Anderson
John Joseph Moakley U.S. Courthouse   Renée Brooker
Suite 9200, 1 Courthouse Way   Justin Draycott
Boston, MA 02210   Rebecca Ford
Phone: (617) 748-3272   Civil Division
Fax: (617) 748-3971   Commercial Litigation Branch
   P. O. Box 261
JEFFREY H. SLOMAN   Ben Franklin Station
ACTING UNITED STATES ATTORNEY   Washington, D.C. 20044
SOUTHERN DISTRICT OF FLORIDA   Phone: (202) 307-1088
   Fax: (202) 307-3852

_____

Mark A. Lavine
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

October 26, 2009

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day caused an electronic copy of the above UNITED STATES' MEMORANDUM IN SUPPORT OF THE MOTION TO QUASH OUT-OF-TIME DEPOSITION NOTICES SERVED BY ABBOTT LABORATORIES OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Date: October 26, 2009

                                                 /s/ Justin Draycott  
                                               Justin Draycott