**ANDERSON EXHIBIT 6M**

CIVIL ACTION NO. 00 CV10698 MEL

## COUNT II

### FALSE CLAIMS ACT; CAUSING A FALSE RECORD OR STATEMENT TO BE MADE OR USED TO GET A FALSE OR FRAUDULENT CLAIM PAID OR APPROVED BY THE GOVERNMENT

294. This is a claim under the False Claims Act, 31 U.S.C. §§3729-3733, as amended.

295. Relator realleges and incorporates by reference paragraphs 1 through 289 as if fully set forth herein and further alleges as follows:

296. The DEFENDANTS, from the dates specified in Sections 15 through 37, to the present date knowingly [as defined in §3729(b)] caused false records or statements to be made or used to get false or fraudulent claims to be paid or approved by the GOVERNMENT, in that the DEFENDANTS, caused false records or statements of prices and costs of the DEFENDANTS' drugs specified herein to be used by the GOVERNMENT to pay or approve claims presented by the Providers and suppliers of the DEFENDANTS' specified drugs, which claims were grossly in excess of the amounts permitted by law, resulting in great financial loss to the UNITED STATES and STATE GOVERNMENTS.

297. This court also applies with respect to the REBATE DEFENDANTS and their false quarterly submissions to CMS in connection with the Medicaid Rebate Program and as explained in Section 10 herein.

298. Because of the DEFENDANTS' conduct as set forth in this Count, the UNITED STATES suffered actual damages in excess of Ten Million Dollars ($10,000,000.00), all in violation of 31 U.S.C. §3729(a)(2).

196

CIVIL ACTION NO. 00 CV10698 MEL

## COUNT III

## FALSE CLAIMS ACT; CAUSING FALSE RECORDS OR STATEMENTS TO BE USED TO CONCEAL AN OBLIGATION TO PAY MONEY TO THE GOVERNMENT

299. This is a claim under the False Claims Act, 31 U.S.C. §§3729-3733, as amended.

300. Relator realleges and incorporates by reference paragraphs 1 through 289 as if fully set forth herein and further alleges as follows:

301. The DEFENDANTS, from on or before the dates specified in Sections 15 through 37, to the present date knowingly [as defined in §3729(b)] caused false records or statements to be made or used to conceal obligations to pay money to the GOVERNMENT, in that: the DEFENDANTS knew that the UNITED STATES' Medicare Program and the States' Medicaid Programs had used the DEFENDANTS' false price and cost representations for purposes of paying or approving claims of the Providers and suppliers of the DEFENDANTS' specified drugs; the DEFENDANTS knew that sums of money paid by the UNITED STATES and States' Governments to the Providers and suppliers of the DEFENDANTS' specified drugs were grossly in excess of the amounts permitted by law; the DEFENDANTS knew it was the obligation of the UNITED STATES Medicare Part B carriers and State Governments to recoup governments' funds paid in excess of the amounts permitted by law; the DEFENDANTS, nevertheless, continued to conceal the fact that they had caused to be made or used false records or statements of prices and costs for the specified drugs that were grossly in excess of the reasonable

amounts permitted by law and to conceal from the GOVERNMENT an obligation to pay to the GOVERNMENT the excessive reimbursement amounts paid to Providers for which DEFENDANTS were directly responsible.

302. This court also applies with respect to the REBATE DEFENDANTS and their false quarterly submissions to CMS in connection with the Medicaid Rebate Program and as explained in Section 10 herein.

303. Because of the DEFENDANTS' conduct as set forth in this Count, the UNITED STATES suffered actual damages in excess of One Billion Dollars ($1,000,000,000.00), all in violation of 31 U.S.C. §3729(a)(7).

## COUNT IV

### FALSE CLAIMS ACT; CAUSING PRESENTATION OF FALSE OR FRAUDULENT CLAIMS; ILLEGAL REMUNERATION

304. This is a claim under the False Claims Act, 31 U.S.C. §§3729-3733, as amended.

305. Relator realleges and incorporates by reference paragraphs 1 through 289 as if fully set forth herein and further alleges as follows:

306. The DEFENDANTS, from the dates specified in Sections 15 through 37, to the present date knew that the prices charged to their customers for the specified drugs were significantly reduced in amount from the prices and costs represented by the DEFENDANTS and upon which the DEFENDANTS knew Medicare and Medicaid claims would be approved and paid. Accordingly, the DEFENDANTS have each knowingly

198

offered or paid, or caused to be offered or paid, directly or indirectly, overtly or covertly, in cash or in kind, remuneration to their customers in the form of price reductions and/or in the form of illegal remuneration from the Medicare and/or States' Medicaid Programs to induce them to purchase, order or arrange or to recommend purchasing, arranging or ordering the specified drugs for which the DEFENDANTS knew that payment would be made, in whole or in part, by the Medicare and States' Medicaid Programs. Such financial inducement is specifically prohibited by 42 U.S.C. §1320a-7b(b) and 18 U.S.C §2.

307. The DEFENDANTS' knowing and willful actions in arranging for their customers to receive remuneration prohibited by 42 U.S.C. §1320a-7b(b), in causing the omission of material information from the claims, and in causing the failure to properly disclose and appropriately represent the remuneration in the claims, caused the claims for the specified drugs to be false and fraudulent claims and caused the claims to be presented to the Medicare and States' Medicaid Programs for payment and approval in violation of 31 U.S.C §3729(a)(1).

308. Because of the DEFENDANTS' conduct as set forth in this Count, the UNITED STATES suffered actual damages in excess of Ten Million Dollars ($1,000,000,000.00) all in violation of 31 U.S.C. §3729(a)(1).

309. The DEFENDANTS' knowing actions in arranging for their customers to receive remuneration prohibited by 42 U.S.C.§1320a-7b(b)(2), in causing the omission of material information from the claims, and in causing the failure to properly disclose and appropriately represent the remuneration in the claims, caused the claims for the specified

drugs to be false records or statements that were made and used to get a false or fraudulent claim paid or approved by the Government. The DEFENDANTS' actions herein caused said false records or statements to be made and used as prohibited by 31 U.S.C. §3729(a)(2).

310. Because of the DEFENDANTS' conduct as set forth in this Count, the United States suffered actual damages in excess of Ten Million Dollars ($10,000,000.00) all in violation of 31 U.S.C. §3729(a)(2).

### COUNT V

### FALSE CLAIMS ACT; CAUSING PRESENTATION OF FALSE OR FRAUDULENT CLAIMS; PROHIBITED REFERRALS, CLAIMS AND COMPENSATION ARRANGEMENTS

311. This is a claim under the False Claims Act, 31 U.S.C. §§3729-3733, as amended.

312. Relator realleges and incorporates by reference paragraphs 1 through 289 as if fully set forth herein and further alleges as follows:

313. The DEFENDANTS, from the dates specified in Sections 15 through 37 to the present date knowingly presented or caused to be presented, prohibited claims or bills to individuals and other entities for designated health services [outpatient prescription drugs] furnished pursuant to prohibited referrals from physicians, physician groups and/or outpatient clinics with which the DEFENDANTS had financial relationships, for which the DEFENDANTS knew that payment would be made, in whole or in part, by the Medicare

and/or States' Medicaid Programs. Such prohibited referrals, claims, bills and compensation arrangements are specifically prohibited by 42 U.S.C. §1395nn and 18 U.S.C.

314. The DEFENDANTS knowingly made or used or caused their referring physicians, physician groups or outpatient clinics to make or use false records or statements to get false or fraudulent claims and bills for the DEFENDANTS' outpatient prescription drugs to be paid or approved by the Medicare and/or States' Medicaid Programs.

315. The DEFENDANTS' knowing presentment or causing others to present, claims or bills to Medicare and/or the States' Medicaid Programs in violation of 42 U.S.C. §1395nn(a)(1)(B) without disclosing facts revealing said violations constituted the making or using, or the causing others to make or use, false records or statements to get false or fraudulent claims paid or approved by the GOVERNMENT in violation of 31 U.S.C. §3729(a)(2).

316. Because of the DEFENDANTS' conduct as set forth in this Count, the UNITED STATES suffered actual damages in excess of One Billion Dollars ($1,000,000,000.00) all in violation of 31 U.S.C. §3729(a)(2).

CIVIL ACTION NO. 00 CV10698 MEL

## COUNT VI

### FALSE CLAIMS ACT; CONSPIRING TO DEFRAUD THE GOVERNMENT BY GETTING A FALSE OR FRAUDULENT CLAIM ALLOWED OR PAID; J-CODE/PHYSICIAN SERVICES

317. This is a claim under the False Claims Act, 31 U.S.C. §§3729-3733, as amended.

318. Relator realleges and incorporates by reference paragraphs 1 through 289 as if fully set forth herein and further alleges as follows.

319. This Count pertains to all DEFENDANTS manufacturing specified drugs that were multiple-source drugs subject to the "J Code" Medicare reimbursement methodology described herein (for purposes of this Count each such drug is hereinafter referred to as "a J Code drug"). Each DEFENDANT that reported a falsely inflated AWP for a J Code drug is jointly and severally liable, along with all other DEFENDANTS who reported a falsely inflated AWP for a J Code drug falling under the same HCPCS code, for the sum of all falsely inflated reimbursement amounts paid under that HCPCS code.

320. With respect to State Medicaid Programs, this Count also applies to all DEFENDANTS manufacturing specified drugs that: 1) were multiple-source drugs, 2) were subject to a State Medicaid reimbursement methodology similar to the Medicare "J Code" methodology described herein, and 3) had an AWP or other reported price or cost that was falsely inflated, if that price or cost was used in creating an array of prices or costs from which one was selected as the reimbursement amount for all versions of a specified drug.

202

321. Each DEFENDANT'S liability under this Count for damages to Medicare extends from the time it first reported a falsely inflated AWP until such time, if any, when it stopped reporting a falsely inflated AWP.

322. Each DEFENDANT's liability under this Count for damages to Medicaid extends from the time it first reported a falsely inflated AWP or other price or cost used in creating an array of prices or costs from which one was selected for reimbursement purposes until such time, if any, when it stopped reporting such falsely inflated prices or costs.

323. Each DEFENDANT, fully aware of its actions and with the intent to defraud:

    a) shared in the conspiratorial objective of inflating Medicare and, in the case of physician services, Medicaid reimbursement for the specified drugs;

    b) acted in concert with one another by reporting falsely inflated AWPs and other prices and costs for the specified drugs;

    c) reported falsely inflated AWPs and other prices and costs that did not represent the prices generally and currently available in the marketplace, to further the objective of fraudulently increasing Medicare and, in the case of physician services, Medicaid reimbursement;

d) caused the submission of false claims for reimbursement for the specified drugs based on the falsely inflated AWPs and other prices and costs reported; and

e) caused the Government to approve and pay claims for the specified drugs based on the falsely inflated AWPs and other prices and costs at amounts that greatly exceeded the prices generally and currently available in the marketplace, resulting in great financial loss to the Government.

324. Because of the DEFENDANTS' conduct as set forth in this Count, the UNITED STATES suffered actual damages in excess of One Million Dollars ($1,000,000), all in violation of 31 U.S.C. §3729(a)(3).

## COUNT VII

### FALSE CLAIMS ACT; CONSPIRING TO DEFRAUD THE GOVERNMENT BY GETTING A FALSE OR FRAUDULENT CLAIM ALLOWED OR PAID; HUB AND SPOKE CONSPIRACY

325. This is a claim under the False Claims Act, 31 U.S.C. §§3729-3733, as amended.

326. Relator realleges and incorporates by reference paragraphs 1 through 289 as if fully set forth herein and further alleges as follows.

327. This Count pertains to all DEFENDANTS manufacturing specified drugs.

328. Each DEFENDANT'S liability under this Count for damages to Medicare extends from the time it first reported a falsely inflated AWP until such time, if any, when it stopped reporting a falsely inflated AWP.

329. Each DEFENDANT's liability under this Count for damages to Medicaid extends from the time it first reported a falsely inflated AWP or other price or cost used in creating an array of prices or costs from which one was selected for reimbursement purposes until such time, if any, when it stopped reporting such falsely inflated prices or costs.

330. Each DEFENDANT conspired with each other and with non-party co-conspirators, including First Databank, Medi-Span and Red Book, and specified wholesalers, distributors and GPOs, to inflate Medicare and Medicaid reimbursement for the specified drugs in order to increase market share and sales of those drugs.

331. Non-party co-conspirators First DataBank, Medi-Span and Red Book acted in concert with each DEFENDANT to publish inflated price and cost information used by Medicare and Medicaid notwithstanding its false and misleading nature, knowing that each DEFENDANT was reporting the false price and cost information to compete with one or more other DEFENDANTS.

332. First DataBank, Medi-Span and Red Book thus acted as essential "hubs" by agreeing with each DEFENDANT (the "spokes") separately to publish the false and misleading price and cost information that was essential to the fraudulent and misleading

means of competition that each DEFENDANT had elected to engage in, as described supra, Sections 4, 5, 9, 10 and 12.

333. The specified wholesalers, distributors and GPOs entered into agreements with and acted in concert with each DEFENDANT to conceal from Medicare and Medicaid the prices generally and currently available in the marketplace for the specified drugs, knowing that each DEFENDANT, to compete with one or more other DEFENDANTS, was reporting to First DataBank, Red Book and Medi-Span false price and cost information for those drugs and concealing from Medicare and Medicaid the prices and costs generally and currently available in the marketplace for those drugs.

334. The specified wholesalers, distributors and GPOs thus acted as essential "hubs" by agreeing with each DEFENDANT (the "spokes") separately to conceal from Medicare and Medicaid the prices and costs generally and currently available in the marketplace for the specified drugs, which was essential to the fraudulent and misleading means of competition that each DEFENDANT had elected to engage in.

335. Each DEFENDANT and non-party co-conspirator, fully aware of its actions and with the intent to defraud:

    a)     shared in the conspiratorial objective of inflating Medicare and Medicaid reimbursement for the specified drugs;

    b)     acted in concert with one another by reporting and publishing falsely inflated prices, including AWPs and WACs, and concealing prices and costs generally and currently available for the specified drugs;

    c)    reported and published falsely inflated prices, including AWPs and WACs, that did not represent the prices generally and currently available in the marketplace, and concealed prices and costs generally and currently available in the marketplace, to further the objective of fraudulently increasing Medicare and Medicaid reimbursement;

    d)    caused the submission of claims for reimbursement for the specified drugs based on the falsely inflated prices, including AWPs and WACs, reported and published; and

    e)    caused the Government to approve and pay claims for the specified drugs based on the falsely inflated prices, including AWPs and WACs, at amounts that greatly exceeded the prices generally and currently available in the marketplace, resulting in great financial loss to the Government.

336. Because of the DEFENDANTS' conduct as set forth in this Count, the UNITED STATES suffered actual damages in excess of One Million Dollars ($1,000,000), all in violation of 31 U.S.C. §3729(a)(3).

CIVIL ACTION NO. 00 CV10698 MEL

## COUNT VIII

### FALSE CLAIMS ACT; REBATE DEFENDANTS MAKING, USING OR CAUSING TO BE MADE OR USED, A FALSE RECORD OR STATEMENT TO GET A FALSE OR FRAUDULENT CLAIM PAID OR APPROVED BY THE GOVERNMENT

337. This is a civil action by the Plaintiff, UNITED STATES, and the Relator, VEN-A-CARE, on behalf of the UNITED STATES and on behalf of the Relator, DEY, INC.; PURDUE PHARMA, L.P.; PURDUE FREDERICK COMPANY; and SCHEIN PHARMACEUTICAL, INC. ("REBATE DEFENDANTS") under the False Claims Act, 31 U.S.C. §§3729-3732.

338. Relator realleges and incorporates by reference paragraphs 1 through 289 as if fully set forth herein and further alleges as follows:

339. From the dates specified in **Exhibit "6"** attached hereto, and continuing to this time, the REBATE DEFENDANTS knowingly [as defined in 31 U.S.C. §3729(b)] have made, used and caused to be made or used, false records or statements to get false or fraudulent claims to be paid or approved by the Government, in that the REBATE DEFENDANTS submitted false information to CMS on a quarterly basis, as set forth herein, regarding their respective Rebate Drugs, including whether each drug was an innovator or non-innovator. By reporting this false information, as well as any inflated best prices for Bundled Drugs, the REBATE DEFENDANTS improperly reduced their rebate amounts and caused corresponding increases in the periodic calculations of drug reimbursement costs prepared and submitted by each State's Medicaid Program to the

federal government pursuant to 42 U.S.C. § 1396b (the "Submissions"), which are used by the federal government to calculate the federal funding due each State's Medicaid drug reimbursement program. The Submissions thereby each constitute a false claim pursuant to the False Claims Act, 31 U.S.C. §3729(a)(2).

340. None of the States or State Medicaid Programs had any knowledge that the REBATE DEFENDANTS had provided to CMS the false information that is the subject of this Complaint, and none of the States or State Medicaid Programs had any knowledge that their respective Submissions were rendered false thereby.

341. The REBATE DEFENDANTS knew that the information they supplied to CMS was utilized by the United States and the State Governments to determine the required amount of rebate that each drug manufacturer had to pay to each State's Medicaid Program for each of its respective Rebate Drugs. The REBATE DEFENDANTS also knew that by submitting the false information at issue here, the REBATE DEFENDANTS fraudulently reduced and underpaid their rebate obligations and caused each State's Submissions to be falsely inflated, thus resulting in great financial loss to both the UNITED STATES and STATE GOVERNMENTS.

342. Because of the REBATE DEFENDANTS' conduct as set forth in this Count, the UNITED STATES and the STATE GOVERNMENTS suffered actual damages in excess of One Million Dollars ($1,000,000.00), all in violation of 31 U.S.C. §3729(a)(2).

CIVIL ACTION NO. 00 CV10698 MEL

## COUNT IX

## FALSE CLAIMS ACT; REBATE DEFENDANTS MAKING, USING OR CAUSING TO BE MADE OR USED, A FALSE RECORD OR STATEMENT TO CONCEAL, AVOID OR DECREASE AN OBLIGATION TO PAY OR TRANSMIT MONEY OR PROPERTY TO THE GOVERNMENT

343.    This is a civil action by the Plaintiff, UNITED STATES, and the Relator, VEN-A-CARE, on behalf of the UNITED STATES and on behalf of the Relator, against DEY, INC.; PURDUE PHARMA, L.P.; PURDUE FREDERICK COMPANY; and SCHEIN PHARMACEUTICAL, INC., ("REBATE DEFENDANTS") under the False Claims Act, 31 U.S.C. §§3729-3732.

344.    Relator realleges and incorporates by reference paragraphs 1 through 289 as if fully set forth herein and further alleges as follows:

345.    From the dates specified in **Exhibit "6"** attached hereto, and continuing to this time, the REBATE DEFENDANTS knowingly [as defined in 31 U.S.C. §3729(b)] have made, used, and caused to be made and used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government. Each of the REBATE DEFENDANTS knew its obligation under the United States Rebate Program, 42 U.S.C. 1396r-8, to make and use statements regarding its covered outpatient drugs that represent the business records and information available to it. Each REBATE DEFENDANT also knew that the information it periodically submitted to CMS regarding its respective Rebate Drugs, including the information at issue in this Complaint, was utilized by the United States and the State Governments to determine the required amount of

CIVIL ACTION NO. 00 CV10698 MEL

rebate that each drug manufacturer had to pay to each State's Medicaid Program for each of its respective Rebate Drugs, including whether the drug was an innovator or non-innovator. Each of the REBATE DEFENDANTS has made, used or caused to be made or used, false records or statements regarding their respective Rebate Drugs in order to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State Medicaid Programs, which are jointly funded by the United States and the States, thus directly resulting in great financial loss to the United States and the State Governments. The REBATE DEFENDANTS have each caused and continue to cause false statements and records to be made or used to decrease their Medicaid Rebate obligation to pay money or property to the federally funded State Medicaid Programs by falsely indicating in their periodic rebate submissions that rebates were payable at the non-innovator rate when in fact they were payable at the higher innovator rate for the drugs specified above. To the extent REBATE DEFENDANTS also reported in their periodic rebate submissions a falsely inflated best price for any Bundled Drugs, they also caused false statements and records to be made or used to decrease their Medicaid Rebate obligation to pay money or property to the federally funded State Medicaid Programs. By engaging in the conduct outlined above, the REBATE DEFENDANTS thus have each caused great financial loss to the UNITED STATES and the STATE GOVERNMENTS.

346. Because of the REBATE DEFENDANTS' conduct as set forth in this Count, the UNITED STATES and the STATE GOVERNMENTS suffered actual damages in excess of One Million Dollars ($1,000,000.00), all in violation of 31 U.S.C. §3729(a)(7).

CIVIL ACTION NO. 00 CV10698 MEL

## COUNT X

### FALSE CLAIMS ACT; FALSE CLAIMS UNDER STATE LAW ARISING FROM SAME TRANSACTION OR OCCURRENCE AS BROUGHT IN THIS FALSE CLAIMS ACTION

347. This is a claim under the False Claims Act, 31 U.S.C. §§3729-3733, as amended.

348. Relator realleges and incorporates by reference paragraphs 1 through 289 as if fully set forth herein, realleges Counts I through IX and further alleges as follows.

349. This Count pertains to all DEFENDANTS.

350. Each DEFENDANT's liability under this Count for damages to Medicaid extends from the time it first reported a falsely inflated AWP or other price or cost used for reimbursement purposes until such time, if any, when it stopped reporting such falsely inflated prices or costs.

351. The allegations and claims against each DEFENDANT in this Complaint also state claims for which relief maybe granted pursuant to state statutes.

352. 31 U.S.C. §3732(b) provides that the Court has jurisdiction over claims under state law that arise from the same transactions or occurrences at issue in Counts I through IX in this False Claims Act case

353. Accordingly, the claims alleged in Counts I through IX also encompass the States' shares of the Medicaid funds at issue, together with such additional damages, penalties and other relief as may be available under applicable law.