**Exhibit C**

```
 1   STATE OF WISCONSIN      CIRCUIT COURT     DANE COUNTY
 2                             Branch 9
 3   ─────────────────────────────────────────────────────
     STATE OF WISCONSIN,
 4
 5              Plaintiff,
 6      vs.                          Case No. 04 CV 1709
 7   ABBOTT LABORATORIES, et al.,
 8
                Defendants.
 9   ─────────────────────────────────────────────────────

10
     PROCEEDINGS:       Motion Hearing
11
     BEFORE:            HONORABLE RICHARD G. NIESS
12
     DATE:              March 10, 2009
13
     TIME:              8:49 a.m.
14

15

16   APPEARANCES:       P. JEFFREY ARCHIBALD,
                        Attorney at Law,
17                      Madison, Wisconsin,
                        appearing on behalf
18                      of the Plaintiff.

19

20                      CHARLES BARNHILL, JR. and
                        ELIZABETH EBERLE,
21                      Attorneys at Law,
                        Madison, Wisconsin,
22                      appearing on behalf
                        of the Plaintiff.
23

24

25

                              1
```

```
 1  APPEARANCES:        FRANK D. REMINGTON and
        (cont'd)        THOMAS L. DOSCH,
 2                      Assistant Attorneys General,
                        Madison, Wisconsin,
 3                      appearing on behalf
                        of the Plaintiff.
 4

 5

                        TODD G. SMITH,
 6                      STEVEN M. EDWARDS, and
                        LYNDON M. TRETTER,
 7                      Attorneys at Law,
                        appearing on behalf of Defendant
 8                      Bristol-Myers Squibb Company.

 9


10                      DON K. SCHOTT and
                        ADEEL MANGI,
11                      Attorneys at Law,
                        appearing on behalf of Defendant
12                      Johnson & Johnson.

13


14                      HEATHER McDEVITT and
                        SHANNON ALLEN,
15                      Attorneys at Law,
                        appearing telephonically on behalf
16                      of Defendant Sandoz, Inc.

17

18

19

20

21

22

23

24

25
```

```
 1    these different models as it did during the Pharmacia
 2    trial.  If Your Honor thinks we can get two trials,
 3    we ought to have the same model going, we can select
 4    two brand companies or two generic companies or three
 5    or four.  There are other trials, multiple defendants
 6    going forward.  And in fact, BMS was tried with
 7    Johnson & Johnson in the MDL.  And the judge was able
 8    to come to some conclusion about both of them.  In
 9    Alabama I know they tried two at once, three in June.
10    In Hawaii there's a pending motion to try four at
11    once.  Actually finish 16 in a year.
12              THE COURT:  Was that a trial to the
13    Court or a jury in Hawaii?
14              MR. BARNHILL:  That's a jury.  Both
15    Alabama and Hawaii.  The Hawaii Court hasn't issued
16    an opinion on this.  She's indicated she wants to get
17    them all tried in one year or so.  We're trying to
18    figure out a way to do that.  That's really our
19    position, Your Honor.  It's up to Your Honor.  It's
20    obviously discretionary with you.  But we would like
21    to move this case along to the extent practicable.
22    And we're willing to do anything to do that which is
23    really what it amounts to.  We picked BMS because we
24    felt they were ready for trial.  That's really our
25    position, Your Honor.
```

```
 1                THE COURT:  Let me give you my
 2      impression.  I'm, frankly, not inclined to try more
 3      than one defendant at a time.  I thought that while
 4      the presentations were excellent on both sides in the
 5      Pharmacia case, Counsel was efficient, Counsel was
 6      solicitous to the jury's naivete in the whole thing.
 7      And I don't mean in a smarmy way.  I mean you were
 8      actually educating the jury as you went along.  I
 9      thought they were presented with a ton of information
10      in a short period of time.  They obviously -- well,
11      not obviously, I think they absorbed a lot of it.  I
12      don't know that they could have taken anything more
13      than what we did.  And I think we face a real problem
14      with jury confusion by combining them.  I don't think
15      there are any shortcuts here.  I think -- I can give
16      you more than one trial date a year now knowing that
17      we're dealing with two to perhaps three-week trials
18      rather than a month to six weeks for each one of
19     ,them.  That was very helpful.
20                I am concerned about the different
21      models.  I'm concerned about, for example, in the
22      Pharmacia case there were some documents that were
23      from Pharmacia that were -- without getting too much
24      specifically into the case, they were like the Ford
25      Pinto document.  I don't want the industry to be
```

| | |
|---|---|
| 1 | painted with one broad brush even though I'm sure the |
| 2 | plaintiff views them as perhaps equally culpable or |
| 3 | at least culpable to some degree. |
| 4 | I think every defendant needs to start |
| 5 | with a fresh start. I'm more than happy to give you, |
| 6 | as I say, more than one trial date in the year now |
| 7 | that we know how much time is available. But I am |
| 8 | not inclined to combine them because of the -- I just |
| 9 | think you folks did as good a job as possible with |
| 10 | the amount of information you had. And to just throw |
| 11 | anything more on here is just going to overwhelm the |
| 12 | jury. I'm not so sure that we would be able to do it |
| 13 | in the two-week period. We'd have to do it in |
| 14 | perhaps three weeks. I don't know how much time |
| 15 | saving you're actually going to have. I'm hopeful |
| 16 | that with a couple of these trials we'll get some |
| 17 | sort of a pattern as to what the state of Wisconsin |
| 18 | juries seem to think about these things. And maybe |
| 19 | that will spur on resolution outside the courtroom. |
| 20 | In any event, that's my initial |
| 21 | impression. Not withstanding your eloquent arguments |
| 22 | to the contrary, Mr. Barnhill, at this point I'm not |
| 23 | inclined to combine anybody. |
| 24 | MR. BARNHILL: Fine, Your Honor. |
| 25 | THE COURT: You're welcome to address |

```
 1    that.
 2                   I think you at least won that part,
 3    Mr. Shott.  As one of my law professors told me on
 4    the first week of law school, when the judge is
 5    arguing the case, keep your mouth shut.
 6              MR. SCHOTT:  I'm nodding my head, Your
 7    Honor.
 8              THE COURT:  Thank you.
 9              Let's pick the next defendant.  If it's
10    not -- is Johnson & Johnson next in the bullpen?
11              MR. BARNHILL:  Yes, Your Honor.
12              THE COURT:  Is there any problem with
13    that, Mr. Shott?  You looked pretty eager to go while
14    you were in the courtroom a couple weeks ago.
15              Are we thinking the trial schedule is
16    going to be similar to what you saw with Pharmacia?
17    Are you both brand and generic?  Is there a
18    difference in the number of experts?  Is there
19    anything significantly different in how the case is
20    going to be tried that you're going to need more than
21    two weeks?
22              MR. SCHOTT:  I'm going to let Mr. Mangi
23    respond to those questions, Your Honor.
24              THE COURT:  Mr. Mangi.
25              MR. MANGI:  Thank you, Your Honor.  Your
```