# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

In Re: )
PHARMACEUTICAL INDUSTRY ) CA No. 01-12257-PBS
AVERAGE WHOLESALE PRICE ) MDL No. 1456
LITIGATION ) Pages 1 - 59


HEARING

BEFORE THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE


United States District Court
1 Courthouse Way, Courtroom 19
Boston, Massachusetts
August 27, 2007, 9:25 a.m.


LEE A. MARZILLI
OFFICIAL COURT REPORTER
United States District Court
1 Courthouse Way, Room 3205
Boston, MA 02210
(617)345-6787

09a9555a-06d1-4b57-ba55-00b9478c9fbc

1   case that makes sense to try and vet some of these issues

2   through.  I'm sure that's not a total shock to you.

3          Let me just say to plaintiffs, I know you want to

4   put three defendants up because you want to move this case.

5   It is too confusing.  It was so confusing to me doing

6   Track One with all the different drugs, but Amgen has five

7   different drugs.  It's just too confusing to a jury.  We're

8   going to do one drug.

9          Now, as I understand it, you raised a Seventh

10  Amendment issue about trying -- are you part of that brief,

11  trying Classes 2 and 3 separately?

12         MR. MUEHLBERGER:  That was Mr. Haviland's brief I

13  believe you're referring to from last Friday.

14         THE COURT:  Somewhere along the line, Aventis

15  raised it that it was a Seventh Amendment claim.

16         MR. MUEHLBERGER:  In our opposition to class

17  certification, we clearly argued, in the context of a jury

18  trial, one jury has to decide every issue.  We can't have one

19  jury deciding one factual issue and then having a follow-up

20  jury determine some other issue related to --

21         THE COURT:  It made me think about that.  So you

22  would want all three together?

23         MR. MUEHLBERGER:  Well, your Honor, let me back up

24  to make sure we're clear here.  First, with respect to

25  Class 1, I think the parties agree that plaintiffs do not

1      MR. KOON:  This group, or a significant portion of

2   it, will be bound for New York tomorrow to talk with

3   Professor Green about how we get going.  We've got five dates

4   scheduled with Professor Green between now and the middle of

5   October.  I think that everybody here takes the position we

6   do have an imminent trial date.  We don't know if it's going

7   to be this fall, it's going to be this winter, but I don't

8   think the notion that the Court needs to set an unreasonable

9   schedule for us to be serious about settling the cases is

10  really the way to go.

11      THE COURT:  Except, you know, past is future.

12  That's what happened to me in every single one of the

13  Track One cases, except Glaxo, in fairness, except Glaxo.

14      MR. KOON:  Well, it may be that you and

15  Professor Green could talk after tomorrow, after the folks

16  are there.

17      THE COURT:  That might make sense because I'm still

18  thinking -- I've got November open -- I'd like to try this

19  case in November.  We're going to do either a flat-out 93A

20  trial, or we'll do a national trial.  And if I do a national

21  trial, I have to do a jury trial.  And so I need to start

22  thinking in a very serious way about groupings.  And you

23  haven't had a chance yet to look at the groupings, so I'm

24  thinking that the group that should do that are the three

25  that are the only single-source ones, which are Amgen,

1  Aventis, and Watson. And I'm not sure I can try them all at

2  once, simply because I think it's confusing for a jury to

3  keep track of all of them.

4       MR. YOUNG: I certainly agree with a jury trial,

5  your Honor. Just to add to what Mr. Koon was saying, there

6  are a number of things, and we mentioned them last time, that

7  still haven't taken place. I mean, one of them now, I

8  gather, is that there was going to be some round of briefing

9  on some of these national issues to try and help inform the

10 Court on the Class 2 and Class 3 issues, which is going to

11 put off those decisions, the certification of those classes

12 and the notice issues.

13      THE COURT: Say it again. What do you mean?

14      MR. YOUNG: Well, as I understand what the Court

15 was saying, the Court is going to be looking for some

16 additional briefing from the parties on these issues relating

17 to a national class and which state law would or wouldn't

18 apply here.

19      THE COURT: Well, let me ask you this: If I tried

20 a case even to a jury under 93A, although I'm not required

21 to because Massachusetts law gives me the discretion to,

22 suppose I were to try it to a jury on 93A, wouldn't that, if

23 you lost, create some collateral estoppel effects if there

24 was an intent to deceive and a finding of unfairness, or

25 whatever? Wouldn't that create collateral estoppel effects