# EXHIBIT C

```
 1   STATE OF WISCONSIN    CIRCUIT COURT    DANE COUNTY
 2                         Branch 9
 3   ─────────────────────────────────────────────────────
     STATE OF WISCONSIN,
 4                                              COPY
 5              Plaintiff,
 6     vs.                        Case No. 04 CV 1709
 7   ABBOTT LABORATORIES, et al.,
 8
               Defendants.
 9   ─────────────────────────────────────────────────────
10
     PROCEEDINGS:    Motion Hearing
11
     BEFORE:         HONORABLE RICHARD G. NIESS
12
     DATE:           March 10, 2009
13
     TIME:           8:49 a.m.
14
15
16   APPEARANCES:    P. JEFFREY ARCHIBALD,
                     Attorney at Law,
17                   Madison, Wisconsin,
                     appearing on behalf
18                   of the Plaintiff.
19
20                   CHARLES BARNHILL, JR. and
                     ELIZABETH EBERLE,
21                   Attorneys at Law,
                     Madison, Wisconsin,
22                   appearing on behalf
                     of the Plaintiff.
23
24
25
```

THE COURT:  Let me give you my
    impression.  I'm, frankly, not inclined to try more
    than one defendant at a time.  I thought that while
    the presentations were excellent on both sides in the
    Pharmacia case, Counsel was efficient, Counsel was
    solicitous to the jury's naivete in the whole thing.
    And I don't mean in a smarmy way.  I mean you were
    actually educating the jury as you went along.  I
    thought they were presented with a ton of information
    in a short period of time.  They obviously -- well,
    not obviously, I think they absorbed a lot of it.  I
    don't know that they could have taken anything more
    than what we did.  And I think we face a real problem
    with jury confusion by combining them.  I don't think
    there are any shortcuts here.  I think -- I can give
    you more than one trial date a year now knowing that
    we're dealing with two to perhaps three-week trials
    rather than a month to six weeks for each one of
    them.  That was very helpful.
             I am concerned about the different
    models.  I'm concerned about, for example, in the
    Pharmacia case there were some documents that were
    from Pharmacia that were -- without getting too much
    specifically into the case, they were like the Ford
    Pinto document.  I don't want the industry to be

painted with one broad brush even though I'm sure the plaintiff views them as perhaps equally culpable or at least culpable to some degree.

I think every defendant needs to start with a fresh start. I'm more than happy to give you, as I say, more than one trial date in the year now that we know how much time is available. But I am not inclined to combine them because of the -- I just think you folks did as good a job as possible with the amount of information you had. And to just throw anything more on here is just going to overwhelm the jury. I'm not so sure that we would be able to do it in the two-week period. We'd have to do it in perhaps three weeks. I don't know how much time saving you're actually going to have. I'm hopeful that with a couple of these trials we'll get some sort of a pattern as to what the state of Wisconsin juries seem to think about these things. And maybe that will spur on resolution outside the courtroom.

In any event, that's my initial impression. Not withstanding your eloquent arguments to the contrary, Mr. Barnhill, at this point I'm not inclined to combine anybody.

MR. BARNHILL: Fine, Your Honor.

THE COURT: You're welcome to address