# EXHIBIT 135

```
00004
 1            IN THE CIRCUIT COURT OF THE
 2             SECOND JUDICIAL CIRCUIT,
 3           IN AND FOR LEON COUNTY, FLORIDA
 4                CASE NO. 98-3032A
 5    THE STATE OF FLORIDA, ex rel,
 6       VEN-A-CARE OF THE FLORIDA
 7    KEYS, INC., a Florida
 8    corporation, by and through
 9    its principal officers and
10    directors, ZACHARY T. BENTLEY
11        and T. MARK JONES,
12        Plaintiffs,        VOLUME 1
13    vs.                PAGES 1 - 174
14    BOEHRINGER INGELHEIM
15    CORPORATION; DEY, INC.; DEY,
16        L.P.; EMD PHARMACEUTICALS,
17    INC.; LIPHA, S.A. MERCK, KGaA;
18    MERCK-LIPHA, S.A.; SCHERING
19    CORPORATION; SCHERING-PLOUGH
20    CORPORATION; ROXANE
21        LABORATORIES, INC., and
22    WARRICK PHARMACEUTICALS
23    CORPORATION,
24        Defendants.
25                _____
```

```
00005
 1        VIDEOTAPED
     DEPOSITION OF:       JERRY WELLS
 2    TAKEN AT INSTANCE OF:    The Defendants
     DATE:            December 15, 2004
 3    TIME:            Commenced at 9:04 a.m.
                      Adjourned at 2:30 p.m.
 4    LOCATION:          215 S. Monroe Street
                 Tallahassee, Florida
 5    REPORTED BY:       SANDRA L. NARGIZ
                 Certified Realtime Reporter
 6                Certificate of Merit Holder
         ACCURATE STENOTYPE REPORTERS, INC.
 7          2894 REMINGTON GREEN LANE
        TALLAHASSEE, FL  32308   (850)878-2221
 8     APPEARANCES:
        REPRESENTING DEY, INC., DEY LP, EMD
 9     PHARMACEUTICALS:
        WILLIAM A. ESCOBAR, ESQUIRE
10      ANTONIA F. GIULIANA, ESQUIRE
            KELLEY DRYE & WARREN
11       101 Park Avenue
        New York, NY  10178
12       212-808-7800
        KELLY OVERSTREET JOHNSON, ESQUIRE
13           BROAD & CASSEL
        215 S. Monroe Street, #400
14       Tallahassee, FL  32301
        681-6810
15     REPRESENTING DEFENDANT SCHERING CORP.,
           SCHERING-PLOUGH AND WARRICK:
16      DANA TOOLE, ESQUIRE
        DUNLAP & TOOLE
17       2057 Delta  Way
        Tallahassee, FL  32303
18          JOHN P. McDONALD, ESQUIRE
        LOCKE LIDDELL & SAPP
19       2200 Ross Avenue
        Dallas, TX  75201
20       214-740-8621
           REPRESENTING DEFENDANT BOEHRINGER, ROXANE:
21       BILL L. BRYANT, ESQUIRE
        AKERMAN SENTERFITT
22       106 EAST COLLEGE AVENUE
        TALLAHASSEE, FL  32301
23
     APPEARANCES (cont'd)
24       REPRESENTING STATE OF FLORIDA:
        MARK S. THOMAS, ESQUIRE
25       VINCENT FOULK, ESQUIRE
           MARY MILLER, ESQUIRE
         ATTORNEY GENERAL'S OFFICE
```

15/04 Vol 1 pp. 1-174        Page 5

00124
 1  were deposed related to that subject?
 2      A   I don't recall specific depositions.  They go
 3  back many years.  I know that there were some
 4  depositions related to the changing from the dispensing
 5  fee of 3.33 back in the late '80s and adopting a WAC
 6  plus methodology instead of AWP.
 7      Q   What were the proceedings that occurred that
 8  created or gave need to your testimony with respect to
 9  that subject?
10      A   As I recall, that specific instance was
11  secondary to an administrative rule challenge by I
12  believe the Florida Pharmacy Association.
13      Q   And this would be the Florida Pharmacy
14  Association challenging the change in reimbursement
15  methodology back in the late '80s from AWP to WAC?
16      A   I think so.
17      Q   And this was -- there was an administrative
18  hearing?
19      A   I don't think it ever went to an
20  administrative hearing.  They had asked for a hearing;
21  they did take depositions and I think, as I recall, they
22  withdrew the request for hearing.
23      Q   What was the nature of their complaint at the
24  time?
25      A   They just objected to changing the

00125
1  reimbursement methodology because it was going to

2  represent a reduction in the gross amount that they were

3  paid.

4      Q   That is the gross amount that pharmacists

5  would receive for Medicaid reimbursement?

6      A   That is correct.

7      Q   And even though the thing was dropped, you did

8  testify in that proceeding; is that your recollection?

9      A   I was deposed.

10     Q   You were deposed.  And do you have a

11  transcript of that deposition?

12     A   I do not.

13     Q   Do you know when that deposition occurred?

14     A   It would have been in the late '80s,

15  concurrent with the time that we adopted that pricing

16  methodology.

17     Q   Other than that testimony, are you aware of

18  other instances that you recall now where you testified

19  in connection with the reimbursement methodology?

20     A   Last spring during the legislative session, I

21  testified to a Senate committee, may have been a joint

22  committee, I believe it was Senate, on the reimbursement

23  methodology that we used.

24     Q   What was the nature of that proceeding?

25     A   The committee was considering alternatives,