# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>GSK SETTLEMENT | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

## CLASS PLAINTIFFS' SUPPLEMENTAL FILING IN SUPPORT OF MOTION TO TRANSFER GSK SETTLEMENT FUNDS AND TO APPOINT NEW ESCROW AGENT

On Friday, November 13, 2009 Class Plaintiffs in the GSK AWP Settlement moved the Court for an Order directing Frontier Bank, Corporate Trust Department, the current Escrow Agent ("Frontier"), to promptly liquidate all investments of remaining GSK AWP settlement assets and transfer all such funds to KeyBank Trust Department, 1301 Fifth Avenue, Suite 2400, Seattle, WA ("KeyBank") as well as for an Order appointing KeyBank as the new Escrow Agent under the GSK Settlement. (Docket No. 6656).

The Court then issued an order directing Class Plaintiffs to "set forth the good cause for terminating the contract with the escrow agent and provide authority for termination" and further directing counsel to notify Frontier of Class Plaintiffs' motion. Class Counsel responds to the Court's request.

    A.    <u>Cause for Termination</u>

Class Plaintiffs' Motion is made not due to any malfeasance or wrongdoing by Frontier Bank. Frontier has to date discharged its duties to the Class as Escrow Agent without fail. The

Motion is made out of an abundance of caution concerning the stability of Frontier Bank based on a culmination of recent events.

In April of 2009 Class Counsel became aware that Frontier Bank was the subject of an FDIC cease and desist order demanding changes in the bank's lending policies. That FDIC order required Frontier to strengthen its management, increase directors' participation in oversight of the bank and closely supervise efforts to upgrade the bank's loan portfolio. At the time of the FDIC order, Frontier management assured investors that the bank had already undertaken many of the changes required by the FDIC.

In October 2009 a planned merger between Frontier and a New York based investment company, SP Acquisition Holdings, fell through. The merger was intended to infuse Frontier with fresh capital in an attempt to increase Frontier's capitalization in the face of mounting losses resulting from bad loans and the downturn in the housing market.

In early November 2009 Frontier reported a quarterly loss of $141.1 million for a total loss in 2009, to date, of $224.9 million. In addition, class counsel learned that Frontier recently received a warning notice of possible delisting from the NASDAQ as result of its poor financial performance. As of its third quarter posting the bank's non-performing assets - a measure of the bank's bad loans – increased to approximately 24 percent of all assets, or $912 million. It has also been reported that Frontier's capitalization has decreased in the third quarter to 3.4 percent from its previous rate of 6.7 percent. This level of capitalization is below what is deemed a "well-capitalized" banking institution.

Finally, shortly after posting of its third quarter losses for 2009, Frontier provided Class Counsel with its annual Financial Disclosure Statement. In its disclosure Frontier reiterated that fact that funds held in the GSK AWP settlement fund were not insured by the FDIC and are

subject to possibility of loss of principal.  This was not a material change in the risk associated with the investment of the settlement funds, however, the fact that Frontier felt compelled to reiterate the at-risk nature of the investment at this time, along with Frontier's poor performance and its decrease in capitalization leads Class Counsel to believe that the GSK AWP settlement funds would be safer invested with and by a larger more well capitalized institution such as KeyBank.

KeyBank is a large and stable financial institution with over $105 billion in assets (as opposed to Frontier's approximately $4.2 billion in assets).  KeyBank is ranked as the second largest bank in the State of Washington and has a capitalization rate of over 10% - a level analysts consider a sign of a healthy financial institution.

B.   Notice to Frontier

Even before filing their Motion with the Court, Class Counsel was in contact with the Trust Department at Frontier to communicate counsel's intention to remove Frontier as Escrow Agent.  Frontier expressed no issue with the move or intention to resist appointment of a successor Escrow Agent.  To the contrary, Frontier has been quite cooperative and stands ready to transfer the settlement funds.

Since receiving the Court's Order of November 16, 2009, Class Counsel has again notified Frontier of Class Counsel's motion, including providing a draft of this filing to Frontier. Frontier has agreed to step down as Escrow Agent and has, at direction of Class Counsel, liquidated all remaining investments of the settlement proceeds and placed them in an FDIC insured account awaiting further instructions.

C.  Authority For Removal

The Escrow Agreement unequivocally states that each of the parties to the agreement "irrevocably and unconditionally submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of any suit, action or proceeding to enforce any provision of, or based upon any right arising out of [the Escrow Agreement]." Escrow Agreement at II.4.  This Court has wide discretion in issuing the appropriate orders it deems necessary to protect the interest of the Class. *See Shelton v. Pargo, Inc*., 582 F.2d 1298, 1306 (4th Cir. 1978) ("The ultimate responsibility (in an action begun as a class action) ... is committed to the district court in whom, as the guardian of the rights of the absentees, is vested broad administrative, as well as adjudicative power.")  *See also Manual for Complex Litigation*, 4th §21.662 ("The court's equitable powers may be necessary to deal with other problems that commonly arise during administration of settlement but might not be covered by the terms of the agreement.  Such problems include . . .[i]nvestment of settlement funds (security of settlement funds is critical- the court should permit these funds to be held in only the most secure investments . . .")..

Class Plaintiffs note again that Frontier has no objection to stepping down as Escrow Agent and to the appointment of a successor Escrow Agent and stands ready to transfer the remaining settlement funds to KeyBank.  Given the current economic climate and recent events related to Frontier, as recounted above, Class Counsel is of the opinion that, out of an abundance of caution, the GSK Settlement funds should be transferred to a more stable institution such as KeyBank.

Class Plaintiffs therefore renew the motion for an Order 1) directing Frontier to liquidate all investments of remaining GSK AWP settlement assets and transfer all remaining settlement

funds to KeyBank and 2) appointing KeyBank the Escrow Agent to hold and invest any remaining settlement funds in accordance with the Class Escrow Agreement, as amended.

DATED: November 23, 2009　　　　　By　　/s/ Steve W. Berman
　　　　　　　　　　　　　　　　　　　　Thomas M. Sobol (BBO#471770)
　　　　　　　　　　　　　　　　　　　　Edward Notargiacomo (BBO#567636)
　　　　　　　　　　　　　　　　　　Hagens Berman Sobol Shapiro LLP
　　　　　　　　　　　　　　　　　　55 Cambridge Parkway, Suite 301
　　　　　　　　　　　　　　　　　　Cambridge, MA 02142
　　　　　　　　　　　　　　　　　　Telephone: (617) 482-3700
　　　　　　　　　　　　　　　　　　Facsimile: (617) 482-3003

　　　　　　　　　　　　　　　　　　**LIAISON COUNSEL**

　　　　　　　　　　　　　　　　　　Steve W. Berman
　　　　　　　　　　　　　　　　　　Sean R. Matt
　　　　　　　　　　　　　　　　　　Hagens Berman Sobol Shapiro LLP
　　　　　　　　　　　　　　　　　　1301 Fifth Avenue, Suite 2900
　　　　　　　　　　　　　　　　　　Seattle, WA 98101
　　　　　　　　　　　　　　　　　　Telephone: (206) 623-7292
　　　　　　　　　　　　　　　　　　Facsimile: (206) 623-0594

　　　　　　　　　　　　　　　　　　Jeffrey Kodroff
　　　　　　　　　　　　　　　　　　John A. Macoretta
　　　　　　　　　　　　　　　　　　Spector, Roseman Kodroff & Willis, P.C.
　　　　　　　　　　　　　　　　　　1818 Market Street, Suite 2500
　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　Telephone: (215) 496-0300
　　　　　　　　　　　　　　　　　　Facsimile: (215) 496-6611

　　　　　　　　　　　　　　　　　　Kenneth A. Wexler
　　　　　　　　　　　　　　　　　　Jennifer Fountain Connolly
　　　　　　　　　　　　　　　　　　Wexler Wallace LLP
　　　　　　　　　　　　　　　　　　55 W. Monroe, Suite 3300
　　　　　　　　　　　　　　　　　　Chicago, IL 60603
　　　　　　　　　　　　　　　　　　Telephone: (312) 346-2222
　　　　　　　　　　　　　　　　　　Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **CLASS PLAINTIFFS' SUPPLEMENTAL MOTION TO TRANSFER GSK SETTLEMENT FUNDS AND TO APPOINT NEW ESCROW AGENT**, to be delivered to all counsel of record by electronic November 23, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.

 /s/ Steve W. Berman
Steve W. Berman