# Exhibit 13

*State of California ex. rel. Ven-A-Care of the Florida Keys, Inc. v.
Abbott Laboratories, Inc., et al.*

Exhibit to the Declaration of Nicholas N. Paul in Support of Plaintiffs' Motion for Summary Judgment as to Defendant Mylan



LEXISNEXIS FILE & SERVE
17096209
E-SERVICE
Nov 15 2007
5:22PM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION _____ THIS DOCUMENT RELATES TO: *State of California, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.* CASE # 1:03-cv-11226-PBS | MDL No. 1456 Master File No. 01-CV-12257-PBS (Original Central District of California No. 03-CV-2238) Hon. Patti B. Saris |

### DEFENDANTS MYLAN LABORATORIES INC.'S AND MYLAN PHARMACEUTICALS INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants Mylan Laboratories Inc. and Mylan Pharmaceuticals Inc. (hereinafter collectively referred to as "Mylan") hereby serve these Objections and Responses to the First Set of Interrogatories ("Interrogatories") propounded by Plaintiff State of California ("California" or "the State").

### GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1.  Any response is made without waiving or intending to waive, but to the contrary intending to preserve and preserving: (a) the right to object, on the grounds of competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose, or any other ground, to the use of the information provided in this or any subsequent or other proceeding; and (b) the right to object on any ground to other interrogatories, requests to admit, requests for the production of documents, or other discovery proceedings involving or relating to the subject matter of the Interrogatories.

## INTERROGATORY NO. 12

> Set forth the definition of AWP, as that term has been used by You when used in the course of business during the period January 1, 1994 through December 31, 2004, and identify any regulation or authority that supports that definition. If the definition has changed over time, identify it by year.

## MYLAN'S OBJECTIONS AND RESPONSE

Mylan objects to this Interrogatory as vague and ambiguous because, *inter alia*, it contains terms that are themselves vague, ambiguous, or undefined, including but not limited to "course of business" and "authority." Mylan further objects to this Interrogatory to the extent that it incorrectly assumes that Mylan had created its own definition of AWP.

Subject to and without waiving the foregoing general and specific objections, Mylan states that AWP for a Mylan Pharmaceuticals Inc. product is reported by Mylan Pharmaceuticals Inc. with reference to AWP for a brand company's therapeutically-equivalent product, as reported by American Druggist, First Data Bank or another nationally recognized publication. AWP reported by Mylan Pharmaceuticals Inc., however, is not necessarily the same as the AWP that might be independently established and reported by the publisher. Mylan further states that AWP is used to identify the availability of a product, to determine whether the product is categorized as a brand or generic, and as a reference point for certain reimbursement methodologies. When Mylan Pharmaceuticals Inc. launches a drug, it sets its AWP below the prevailing brand drug price at a level that will ensure that Mylan Pharmaceuticals Inc.'s drugs are classified as generic and will be competitive. This practice is consistent with industry practice. Mylan further states that AWP does not take into account any discounts, chargebacks, rebates, or other reductions in price that may be provided. Mylan further

states that this has been the generally recognized definition of AWP throughout the pharmaceutical industry during the Subject Time Period.

Mylan further states that, during the Subject Time Period, California and the federal government have been aware that AWP does not reflect providers' acquisition costs. California has received directives and/or reports from the federal government that AWP does not reflect the cost to providers for Mylan's drugs. For example, the Department of Health and Human Services Office of Inspector General Report entitled "Review of Pharmacy Acquisition Costs for Drugs Reimbursed under the Medicaid Prescription Drug Program of the California Department of Health Services," (A-06-95-00062), dated May 1996, stated that in California, AWP exceeded invoice prices by approximately 41.4 percent for generic drugs. Mylan refers California to a letter from John Rodriguez, Deputy Director of the California Department of Health Services, dated March 25, 1996, acknowledging the receipt of the draft OIG report (letter attached to said report at Appendix 4). Indeed, any suggestion by California that AWP should represent what providers pay for drugs is contradicted by California's own Medicaid reimbursement methodology. If AWPs were the same as providers' acquisition costs, a provider could not accept payment at below AWP without losing money on every transaction.

**INTERROGATORY NO. 13**

> With respect to each definition set forth in your answer to Interrogatory 12, identify all instances in which Your definition was communicated to the public, or any governmental entity.

## VERIFICATION

I, Brian S. Roman, Associate General Counsel of Mylan Laboratories Inc., have read the foregoing **MYLAN LABORATORIES INC. AND MYLAN PHARMACEUTICALS INC.'S OBJECTIONS AND RESPONSES TO PAINTIFF'S FIRST SET OF INTERROGATORIES**. I am informed and believe that the matters stated therein are true, and on that ground allege that they are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 14th day of November, 2007.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Janice S. Johnston, Notary Public
Cecil Twp., Washington County
My Commission Expires June 7, 2011
Member, Pennsylvania Association of Notaries

Brian Roman
Associate General Counsel
Mylan Laboratories Inc.
1500 Corporate Drive
Suite 400
Canonsburg, Pennsylvania 15317

Dated: November 14, 2007

Janice S. Johnston

Sworn to and Subscribed Before me this
14th day of November, 2007