**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Subcategory No. 06-11337 |
| THIS DOCUMENT RELATES TO:<br><br>*State of California, ex. Rel. Ven-A-Care v. Abbott Laboratories, Inc., et al.*<br><br>Case No. 03-cv-11226-PBS | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

### JOINT MOTION ON BEHALF OF ALL DEFENDANTS FOR A SUGGESTION TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION OF REMAND OF THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA

Defendant Sandoz Inc. ("Sandoz") hereby moves this Court on behalf of all defendants and pursuant to 28 U.S.C. § 1407(a) and Rule 7.6 of the Judicial Panel on Multidistrict Litigation (the "Judicial Panel") for a recommendation that this action be remanded to the Central District of California, the originating transferor court. Defendants submit that remand is appropriate at this time because discovery in this action has closed, the case will derive no additional benefit from continued coordination in the MDL 1456, and the few remaining pretrial matters are case specific and best addressed by the trial court.

### PROCEDURAL HISTORY

The Relator plaintiff, Ven-A-Care, originally filed its complaint under seal in San Diego Superior Court against several defendants including defendant Dey, Inc. in 1998.[1] The Relator plaintiff filed its First Amended Complaint under seal on August 13, 2002 in San Diego Superior

---

[1] The San Diego complaint is captioned as *State of California ex rel Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories et.al.*, San Diego Superior Court Case No. 722855, and includes California False Claims Act claims against 23 defendants alleging fraud on the State of California's Medi-Cal program.

Court, expanding the list of defendants to include Mylan Pharmaceuticals Inc. and Sandoz Inc., as well as a number of others. Due to the size and complexity of the action, it was transferred to Los Angeles Superior Court on November 21, 2002 at plaintiff's request. On November 27, 2002 the matter was accepted by the Los Angeles Superior Court Complex Litigation Program and assigned to Judge Peter D. Lichtman. On January 7, 2003 the State of California filed an intervention Complaint as to the California False Claims Act and certain defendants.

Pursuant to a request on March 31, 2003 by then-defendant Abbott (no longer a party to this action), this action was removed to the Federal Court in the Central District of California and assigned to Judge Dean D. Pregerson.[2] On a motion by Abbott on behalf of all defendants (including the still-sealed defendants) this action was transferred by the Judicial Panel on Multidistrict Litigation (JPML) on June 23, 2003 to this Court for coordinated pre-trial proceedings as part of MDL 1456.

After numerous extensions of the sealed complaint, on August 2, 2005 this Court directed the State of California to file its amended complaint or face dismissal with prejudice within 30 days. Thereafter case was unsealed as to the defendants, including Sandoz, Dey, and Mylan on August 25, 2005. At this time, Sandoz, Dey, and Mylan are only defendants left in this case. Since that time, discovery has been actively pursued and closed on June 15, 2009. Similarly, expert discovery closed on September 30, 2009. Summary judgment briefs are due on November 25, 2009. Only two discovery motion remains outstanding, and that is the request of defendants to take the deposition of Tom Ahrens out of time and the request of defendants to determine the sufficiency of California's response to Sandoz' Requests for Admission.

---

[2] The action removed to Federal Court is No. 03-2238 D.P.

# LEGAL ARGUMENT

## I. This Court Should Recommend Remand of This Case Because the Few Remaining Pretrial Issues Should be Addressed by the Transferor Court.

Defendants believe that the most expeditious path for resolution of this case is for it to be remanded to the transferor court for conclusion of the few remaining pretrial proceedings and trial. This case has benefited greatly from the efficiencies of coordinated proceedings in MDL 1456, but there are few, if any, benefits from continued, coordinated proceedings, and the time has come for this case to proceed on its own course to trial in the transferor court.

As noted above, this case was transferred by the JPML to this Court for coordinated pretrial proceedings as part of MDL 1456. For coordinated cases like this one, the statutory provision governing multi-district transfers directs the JPML to remand such cases "at <u>or before the conclusion</u> of such pretrial proceedings." <u>See</u> 28 U.S.C. § 1407(a)(emphasis added). The determination of precisely when a case should be remanded, however, depends on the circumstances of the particular litigation and rests with the discretion of the JPML. In determining whether to remand a particular case, the primary consideration for the JPML is whether the "case will benefit from further coordinated proceedings as part of the MDL." *In re Bridgestone/Firestone Inc.*, 128 F. Supp.2d 1196, 1197 (S.D. Ind. 2001)(citing *In re Air Crash Disaster*, 461 F.Supp. 671, 672-73 (J.P.M.L. 1978)); *see also In re Merscorp Inc.*, MDL No. 1810, 2007 WL 1827096. at *1 (S.D. Tex. June 22, 2007)(finding that "remand is appropriate unless continued and coordinated trial proceedings will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'" (quoting In re Heritage Bonds Litig., 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)).

As part of that analysis, the JPML considers the views of the MDL court: "The [JPML] looks to the transferee court to suggest when it should order remand … [t]he transferee court

should consider when remand will best serve the expeditious disposition of the litigation." Federal Judicial Center, Manual for Complex Litigation, § 20.133 (4th Ed. 2004); *see also* Judicial Panel Rule 7.6(c) (directing that the JPML shall consider remand "at or before the conclusion of coordinated or consolidated pretrial proceedings… at the suggestion of the transferee district court.").

A review of the proceedings in this case and the remaining pretrial issues shows that remand is the best course of action at this stage to bring this case to an expeditious resolution. Only three defendants remain in this case. Both fact and expert discovery have closed. Only two minor discovery motions remain. These motions are case specific and do not affect other coordinated cases. Thus, the vast bulk of pretrial work has been completed in this case.

In fact, all that remains in this case are summary judgment and trial-specific motion practice. These motions are best addressed by the transferor (trial) court. This Court previously remanded the Montana and Nevada cases at the same stage, leaving to the transferor courts the adjudication of summary judgment and trial-specific motions. This course makes eminent sense in this case as well, because it leaves to the transferor court the motions that will shape and define the trial. *See In re Patenaude*, 210 F.3d 135, 144-45 (3d Cir. 2000) (stating that the Panel "has the discretion to remand a case when everything that remains is case-specific"); *In re Merscorp Inc.*, 2007 WL 1827096 at *1 (recommending a remand to the transferor court "for the convenience of the parties and to promote the just and efficient conduct of the case"); *In re Silica Products Liability Litig.*, 398 F.Supp.2d 563, 668 (S.D. Tex. 2005) (recommending remand and reserving pending motions for consideration by the transferor court).

The issues remaining in the case are case specific and are uniquely suited to adjudication by federal courts sitting in the state of California. Since 1997, controlling precedent from the

Ninth Circuit Court of Appeals has required California to conduct studies of provider costs to ensure that reimbursement payments by the Medi-Cal program are consistent with efficiency, economy, quality service, and access. *See Orthopaedic Hospital v. Belshe*, 103 F.3d 1491, 1500 (9th Cir. 1997) (holding that reduction in Medi-Cal reimbursement rates was arbitrary and capricious where California failed to conduct study to determine whether reduced rates were consistent with efficiency, economy, quality care, and access); followed by *Indep. Living Center of S. Cal. Inc. v. Maxwell-Jolly*, 572 F.3d 644, 652 (9th Cir. 2009) (affirming preliminary injunction where Medi-Cal failed to conduct adequate rate studies for pharmacy providers, among others). Federal district courts in California are familiar with the line of case law that governs the issues that remain and have frequently been reviewing similar questions. *See, e.g.*, *Martinez v. Schwarzenegger*, No. C 09-02306 CW, 2009 U.S. Dist. Lexis 57960 (N.D. Cal. June 26, 2009); *Managed Pharm. Care v. Jolly*, 603 F. Sup. 2d 1230, (C.D. Cal. 2009); *Indep. Living Ctr. of S. Cal. v. Shewry*, No. CV 08-3315 CAS (MANx), 2008 U.S. Dist. Lexis 77525 (S. D. Cal. Aug. 18, 2008).

In addition, this case is unlike the other drug pricing cases pending before this Court that have progressed beyond the discovery phase. Unlike the consolidated class action cases that dealt with a number of private, third-party payor health plans, the sole payor in this case is the State of California's Medicaid program, Medi-Cal, a large and sophisticated payor. Also unlike the actions brought by the United States against Dey, Roxane, and Abbott, this action does not deal with the Medicare program at all and instead focuses on a single state Medicaid program and that state's understanding and expectations concerning the level of drug pricing which would be consistent with efficiency, economy, quality care and access. Finally, unlike the action brought by Massachusetts, this action will focus primarily on AWP, not WAC. Therefore the

trial court should be permitted to resolve and shape the very specific issues that remain in the case. In short, there are no further efficiencies from continued coordination, and this case should be remanded.

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court suggest to the Judicial Panel that this case be remanded this action to the Central District of California.

Dated: November 25, 2009
New York, NY

Respectfully submitted,

WHITE & CASE LLP

/s/ Wayne A. Cross

Wayne A. Cross (admitted *pro hac vice*)
Michael J. Gallagher (admitted *pro hac vice*)
Heather K. McDevitt (admitted *pro hac vice*)
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

*Attorneys for Defendant Sandoz Inc.*

KELLEY DRYE & WARREN LLP

/s/Philip D. Robben
Philip D. Robben (*pro hac vice*)
Brendan Cyr (*pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800

*Attorneys for Defendants Dey, Inc., Dey, L.P., Mylan Inc. and Mylan Pharmaceuticals Inc.*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), the undersigned certifies that I conferred with counsel for plaintiffs and was advised that plaintiffs do not consent to this motion.

/s/ Wayne A. Cross
Wayne A. Cross

## CERTIFICATE OF SERVICE

I, Jacqueline L. Chung, hereby certify that on this 25th day of November, 2009, a true and correct copy of the foregoing Defendant Sandoz Inc.'s Motion for Remand was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Jacqueline L. Chung
Jacqueline L. Chung