# Exhibit 21

*State of California ex rel. Ven-A-Care of the Florida Keys, Inc. v.*
*Abbott Labs, Inc. et al., Civil Action No. 03-11226-PBS*

**Exhibit to the November 25, 2009 Declaration of Philip D. Robben**
**in Support of Defendants' Joint Motion for Partial Summary Judgment**

CIN ACT 04-00070

CF-10
CF-18

A-06-00-00023

## RECORD OF DISCUSSION

**DATE:** August 30-31, 1994

**PLACE:** Radisson Hotel, Richmond, Virginia

**PARTICIPANTS:**

| OIG | Medicaid Pharmacy Reps. |
|---|---|
| George Reeb, AIGA, HCFAD | Susan McCann, Missouri |
| Ben Jackson, Audit Manager | Susan McCleod, Florida |
| Gordon Sato, Audit Manager | Donna Bovell, D.C. |
| Bill Shrigley, Senior Auditor | David Shepherd, Virginia |
| Paul Chesser, Auditor | Elizabeth Miller, Virginia |
| | Joe Fine, Maryland |
| HCFA | Allen Fung, California |
| | Ed Vaccaro, New Jersey |
| Dave McNally | Cindy Denemark, Delaware |
| Mike Keogh | Benny Ridout, North Carolina |
| | Terry Krantz, Montana |

**PURPOSE:**

To discuss and plan our natiowide review of the difference between the invoice price for drugs and AWP, for Medicaid pharmacy providers.

**COMMENTS:**

We informed the States that they were 1 of 12 randomly selected States to be used to develop a nationwide estimated of the difference between invoice price of drugs and AWP. We stated that HCFA had requested us to perform this review as the moratorium on pharmacy reimbursement would expire on December, 31, 1994. We further explained that we would be requesting the largest invoice for a designated month from 48 pharmacies in each State, with 12 pharmacies being selected from 4 categories of pharmacies -- Rural-Chain, Rural-Independent, Urban-Chain, and Urban-Independent. We indicated that each State would receive a report showing the results for their State and that the combined results would be reported to HCFA.

The State officials expressed concern that our review was limited to one aspect of pharmacy reimbursement. They said that any effort to lower the reimbursement for acquisition cost should also include some review of dispensing fees. They stated that we should include a fifth category of pharmacies to include non-

EXHIBIT 8
WIT: Fung
DATE: 6-5-09
CAROL NYGARD DROBNY

HHD022-0202

CF-10
CF-18

A-06-00-0002 5

traditional retail pharmacies such as hospitals, home IV, nursing homes, physicians etc... The State officials believed that these pharmacies purchased at substantially bigger discounts than traditional retail pharmacies.* They also stated that we should request the largest invoice from each different type of supplier rather than just the largest invoice.

We agreed to add the fifth category of pharmacies. We also agreed to request the largest invoice from each different type of supplier. We decided that the types of suppliers would be identified as; 1) wholesaler, 2) chain warehouse, 3) manufacturer, and 4) generic distributors. Additionally, we determined together, that for the purposes of this review, chain pharmacies would include all pharmacies with four or more stores. We also composed the letter to be sent to each pharmacy requesting the invoices.

The State officials agreed to provide us with a listing of the pharmacy providers in their State. The listing would identify the pharmacies as chain, independent or other (non-traditional). We would determine whether the pharmacy was rural or urban by comparing the county location of the pharmacy to an MSA listing.

We agreed to meet upon the completion of the review to discuss the reporting of our results.

\* The state officials believed that including the non-traditional pharmacies would overstate the estimate of the difference. We agreed to exclude the non-traditional pharmacies from the overall estimates. Most state was never interested in seeing what the non-traditional paid for drugs so we decided to not take an estimate for them.

P. [illegible]
12-4-95

3/3

HHD022-0203