# Exhibit 41

*State of California ex rel. Ven-A-Care of the Florida Keys, Inc. v.*
*Abbott Labs, Inc. et al., Civil Action No. 03-11226-PBS*

**Exhibit to the November 25, 2009 Declaration of Philip D. Robben**
**in Support of Defendants' Joint Motion for Partial Summary Judgment**

```
 1  BILL LOCKYER, Attorney General
     of the State of California
 2  THOMAS A. TEMMERMAN, S.B. No. 62986
     Senior Assistant Attorney General
 3  ELISEO SISNEROS, S.B. No. 99138
     Supervising Deputy Attorney General
 4  WILLIAM S. SCHNEIDER, S.B. No. 78060
     Deputy Attorney General
 5  110 West A Street, Suite 1100
     P. O. Box 85266
 6  San Diego, CA 92186-5266
     (619) 688-6099 Telephone
 7  (619) 688-4200 FAX

 8  Attorneys for the State of California
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| THE STATE OF CALIFORNIA, ex rel., VEN-A-CARE OF THE FLORIDA KEYS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, et. al. <br><br> Defendants. | CASE NO. BC 287198 <br><br> ORIGINALLY FILED UNDER SEAL ON JULY 28, 1998 <br><br> DECLARATION OF WILLIAM S. SCHNEIDER, DEPUTY ATTORNEY GENERAL, IN SUPPORT OF STATE OF CALIFORNIA'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME AND MOTION TO EXTEND THE SEAL DATE AS TO ALL REMAINING DEFENDANTS; CONCURRENTLY FILED WITH STATE OF CALIFORNIA'S NOTICE OF PARTIAL INTERVENTION AGAINST DEFENDANTS ABBOTT AND WYETH <br><br> [FILED UNDER SEAL] <br><br> Date: January 3, 2003 <br> Time: 9:00 A.M. <br> Dept.: 322 <br> Court: LASC Central Civ.West <br> Judge: Hon. Peter D. Lichtman |
|---|---|

1

Declaration of William S. Schneider, Deputy Attorney General, Notice of Limited, Partial Intervention against Abbott and Wyeth, etc. January 3, 2003 L.A.S.C. Court Appearance

I, WILLIAM S. SCHNEIDER, Deputy Attorney General, hereby declare and state as follows:

1. On February 20, 2001, the undersigned joined the Civil Prosecutions Unit of the Bureau of Medi-Cal Fraud & Elder Abuse, California Department of Justice, located in San Diego, California. Since that time, I have been primarily responsible for the oversight and management of this *qui tam* case, under the supervision of Eliseo Sisneros, Supervising Deputy Attorney General, and Thomas A. Temmerman, Senior Assistant Attorney General.

2. In addition to the above, our office assigned auditors to this case to gather and analyze the voluminous pharmaceutical records and data regarding pricing, utilization, and other information pertinent to this case. Obtaining accurate numerical information concerning California's pharmaceutical usage for the types of drugs involved in this case is essential to assess California's damages and has required considerable expertise and hard work.

3. On July 28, 1998, the *qui tam* plaintiff (commonly known as the "whistle-blower" or "relator") in this matter, Ven-A-Care of the Florida Keys ("VAC"), filed their original complaint under seal in the San Diego Superior Court. The case was brought under California's False Claims Act pursuant to Government Code Sections 12650 et. seq. The case was entitled State of California ex. rel. Ven-A-Care of the Florida Keys, Inc., etc., et. al. vs. Abbott Laboratories, et. al., San Diego Superior Court Case No. 722855. This complaint named twenty-three (23) pharmaceutical manufacturers as defendants and alleged that they had defrauded the State of California Medi-Cal program by inflating the published prices at which Medi-Cal reimbursed its providers for pharmaceutical products in order to gain market share for the pharmaceutical manufacturers for their products. As a result, the complaint alleged that the Medi-Cal program sustained millions of dollars in damages. A further description of the complaint and allegations contained therein are set forth in the Memorandum of Points and Authorities filed concurrently herewith.

4. In October 2000, our office issued California specific Attorney General investigative subpoenas to the pharmaceutical company defendants named in the original lawsuit

2

Declaration of William S. Schneider, Deputy Attorney General, Notice of Limited, Partial Intervention against Abbott and Wyeth, etc. January 3, 2003 L.A.S.C. Court Appearance

CAAG/DHS0089898

whose production of relevant materials has been extremely helpful to the *qui tam* plaintiffs, their counsel, and our office in the analysis of this case. As the documents have been received, they have been Bate-stamped, organized, and analyzed. To date, approximately one-hundred forty-thousand (140,000) pages of discovery have been received from the defendants through the use of the California Attorney General investigative subpoenas. These documents have been organized, analyzed, and correlated with other documents received from our investigation and those from other states and governmental entities.

5. Since filing suit, the VAC *qui tam* plaintiffs and their counsel have flown out to California on numerous occasions to assist our office in our investigation and have been extremely helpful in the organization and analysis of the thousands of pages of documents we have obtained thus far. They have also appeared with our office at court-ordered status conferences in the San Diego Superior Court when we obtained nine (9) previous extensions to extend the seal date in order to facilitate our investigation.

6. VAC has also filed a federal *qui tam* lawsuit under seal in the Florida federal district court and the U.S. Attorney has been conducting its own investigation pursuant thereto. As a result of that investigation and ours in California, one of the pharmaceutical defendants involved in both cases/investigations, Bayer Corp., entered into a global settlement with the federal government and the Medicaid states approximately a year and a half ago. As a result, the State of California recovered $581,199.61 in single damages. With regard to the remaining defendants in the federal qui tam lawsuit, the case remains under seal. As part of the settlement, Bayer also signed a comprehensive Corporate Integrity Agreement ("C.I.D.") in which they agreed to strict controls and monitoring of their pharmaceutical prices in connection with Medicare and Medicaid, including Medi-Cal. While there have been no other settlements with any other defendants since then, four of the defendants have made settlement offers to the U.S. Attorney handling the federal case which would ultimately include recoveries to the Medicaid program, including Medi-Cal. Similarly, several defendants have expressed interest in settling with the Medi-Cal program, and one of them is currently in active settlement negotiations with

3

Declaration of William S. Schneider, Deputy Attorney General, Notice of Limited, Partial Intervention against Abbott and Wyeth, etc. January 3, 2003 L.A.S.C. Court Appearance

Mr. Temmerman of our office and the federal government.

7. In addition to the federal investigation, several states have now filed their own drug pricing lawsuits based on manipulation of the average wholesale price, direct price, and other conduct similar to the allegations of the California Ven-A-Care *qui tam* case. For example, the State of Texas has intervened in and unsealed cases against four (4) pharmaceutical companies originally named in a Ven-A-Care *qui tam* lawsuit in that state. Other states which have filed lawsuits include West Virginia, Montana, Nevada, and most recently, Minnesota.

8. As a result of our ongoing investigation and those of other governmental agencies, VAC filed a First Amended Complaint on August 13, 2002 in San Diego Superior Court which expanded the list of defendants and named forty-six (46) pharmaceutical companies including their various parent companies. Due to the size of this complaint and the number of defendants involved, we have identified and named this First Amended Complaint as the "omnibus complaint" for ease of reference.

9. The last San Diego Superior Court status conference in this matter was held before Judge Linda B. Quinn of the San Diego Superior Court on June 28, 2002. At that time, the Court granted the State's request to extend the seal date up to and including December 13, 2002, and scheduled another status conference for that date.

10. On or about November 21, 2002, at the request of the *qui tam* plaintiffs and with the concurrence of our office, Judge Quinn signed an order transferring this case to the Los Angeles Superior Court as a complex case. Judge Quinn's order stated that the case and the entire action was to remain under seal pending further order of court. At the November 21st hearing, Judge Quinn also took the December 13th Status Conference off calendar. A copy of the transfer order is attached hereto as **Exhibit A.**

11. On or about November 27, 2002, this case and action was accepted by the Los Angeles Superior Court into the Complex Litigation Program with this Court as the trial judge. A copy of the Court's acceptance notice is attached hereto, **Exhibit B**.

12. California's ongoing investigation has now developed to the point where our office

4

Declaration of William S. Schneider, Deputy Attorney General, Notice of Limited, Partial Intervention against Abbott and Wyeth, etc. January 3, 2003 L.A.S.C. Court Appearance

CAAG/DHS0089900

is intervening against two pharmaceutical companies, Abbott & Wyeth, who are defendants in both the original and first amended or "omnibus" VAC complaint. Accordingly, our office has prepared a separate complaint against these two defendants entitled <u>The State of California ex. rel., Ven-A-Care of the Florida Keys, Inc. etc., et. al. vs. Abbott Laboratories, Inc., Wyeth Inc., Wyeth Pharmaceuticals, Inc. and DOES 1-200.</u> It is anticipated that this complaint will be filed on or shortly before December 7, 2003, pending this Court's order permitting the seal to be lifted for that purpose.

13. As to the remaining defendants who are not part of this initial intervention process, our office is requesting that the Court's file and the "omnibus" complaint remain under seal as to them so that we can continue our investigation and document production from them through the Attorney General's investigative subpoenas. It is now anticipated that in March or April 2003, our office will be intervening against the same pharmaceutical companies which are defendants in the Texas VAC case, to wit., Dey, Roxane, Warrick, and Schering-Plough. Additional interventions involving groups of defendant pharmaceutical companies will then take place on a "rolling" basis every three to four (3-4) months thereafter depending upon the progress of our investigation and the availability of resources and personnel. As to each, our office will provide the Court with a notice of intervention and motion to maintain the seal in place as to all remaining defendants as we are doing with this intervention.

14. With respect to this initial intervention against Abbott and Wyeth, the California Attorney General wants this action initiated as soon as possible. Accordingly, we have scheduled this hearing before the Court on January 3, 2003, with an *ex parte* application for order shortening time, to have the within motion heard and granted by the Court. Counsel for the *qui tam* plaintiff has been fully informed of the January 3rd hearing date, has assisted in the preparation of the State's moving papers, and will appear in Court with our office at that time.

15. On January 3, 2003, Mr. Temmerman from our office and I will appear before the Court. We plan to discuss with the Court the State's intervention schedule, how it can be implemented compatibly with the Court's time and resources, and we will address any other

5

Declaration of William S. Schneider, Deputy Attorney General, Notice of Limited, Partial Intervention against Abbott and Wyeth, etc. January 3, 2003 L.A.S.C. Court Appearance

1  issues or questions the Court may have at that time.

2        16. As to the remaining defendants in the "omnibus" complaint," other than Abbott and Wyeth, the State is also requesting an additional six-month extension until June 4, 2003, during which the case and the "omnibus" complaint will remain under seal as to those remaining defendants. During this time, the State will continue its investigation as to those remaining defendants and anticipates filing at least one other complaint-in-intervention as described above. Counsel for the *qui tam* plaintiff is joining in this request and has signed or will sign a stipulation to extend the seal date to be presented to the Court on January 3, 2003.

      That I have personal knowledge of the foregoing and that this Declaration was executed on January 2, 2003, in Los Angeles, California. That I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
WILLIAM S. SCHNEIDER
Deputy Attorney General

---

6
Declaration of William S. Schneider, Deputy Attorney General, Notice of Limited, Partial Intervention against Abbott and Wyeth, etc. January 3, 2003 L.A.S.C. Court Appearance

CAAG/DHS0089902