Trade and Consumer Protection Act, La. R.S. 51:1401, et seq. The State of Louisiana is entitled to redress pursuant to La. R.S. 51:136-139 and La. R.S. 51:1404B, La. R.S. 51:1407-1409.

135. Pursuant to La. R.S. 137 and 138, and La. R.S. 51:1404B, 1408-1409 and 1414, and acting under the Attorney General's specific authority to bring all Louisiana Monopolies Act actions and any unfair trade action, the State of Louisiana brings this action to recover three times the damages suffered by Louisiana consumers and/or state agencies as a result to Defendants' illegal, anticompetitive conduct.

136. The State of Louisiana also seeks statutory penalties, costs, disbursements and attorneys fees from Defendants, as well as all available injunctive relief pursuant to La. R.S. 122-123, 129, 130, 138 and 139, La. R.S. 51:1404B, 1408, 1409 and 1414. The State of Louisiana represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

137. Plaintiff State of Maine repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

138. The aforementioned practices by Defendant were in violation of Maine Revised Statutes Annotated, 10 M.R.S.A. § 1101 *et seq.*, and Maine's Unfair Trade Practices Act, 5 M.R.S.A. § 205-A *et seq.* The State of Maine represents consumers' claims pursuant to the Attorney General's *parens patriae* authority.

139. Plaintiff State of Maryland repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

140. The aforementioned practices by Defendants were, and are in violation of the Maryland Antitrust Act, Md. Com. Law Code Ann. § 11-201 *et seq.*

141. Plaintiff State of Maryland brings this action for three times the amount of damages sustained by the State and for civil penalties and all available equitable relief on behalf of the State and natural person citizens, including injunctive relief, restitution and divestiture or disgorgement,

CAMylan0400557                                                    CAMylan04005573

together with reimbursement of reasonable attorneys' fees, experts' fees and costs from Defendants pursuant to Md. Com. Law Code Ann. § 11-209. The State of Maryland represents consumers' claims pursuant to the Attorney General's equitable authority under Md. Com. Law Code Ann. § 11-209.

142. Plaintiff Commonwealth of Massachusetts repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

143. The aforementioned practices by Defendants were in violation of Massachusetts Consumer Protection Act, Mass. Gen. L. c. 93A §§ 1 *et seq.*; Massachusetts Antitrust Act, Mass. Gen. L. c. 93 §§ 1 *et seq.* The Commonwealth of Massachusetts represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

144. Plaintiff State of Michigan repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

145. The aforementioned practices by Defendants were, and are, in violation of the Michigan Antitrust Reform Act MCL 445.771 *et seq.* and the Michigan Consumer Protection Act MCL 445.901 *et seq.* The State of Michigan is entitled to redress pursuant to MCL 445.777, MCL 445.778 and MCL 445.901 *et seq.* The State of Michigan represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

146. Plaintiff State of Minnesota repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here forth in full.

147. The aforementioned practices by Defendants were in violation of the Minnesota antitrust law of 1971, Minn. Stat. §§ 325D.49-325D.66 (1998).

CAMylan0400557                                                                                                   CAMylan04005574

148.   The State of Minnesota is entitled to relief pursuant to Minn. Stat. § 8.31; Minn. Stat. §§ 325D.49-325D.66; and, its authority to bring actions as *parens patriae* on behalf of Minnesota consumers. The State of Minnesota represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

149.   Plaintiff State of Mississippi repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

150.   The aforementioned practices by Defendants were in violation of Mississippi Code Annotated § 75-21-1 *et seq.* and Mississippi Code Annotated 75-24-1 *et seq.* The State of Mississippi represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

151.   Plaintiff State of Missouri repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

152.   The aforementioned practices by Defendants were in violation of the Missouri Antitrust Law, §§416.031.1, 416.031.2, and 416.031.3, Revised Statutes of Missouri 1994, and in violation of the Merchandising Practices Act, §407.020, Revised Statutes of Missouri 1994. The State of Missouri represents consumers' claims pursuant to the Attorney General's *parens patriae* authority.

153.   Plaintiff State of Montana repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

154.   The aforementioned practices by Defendants were in violation of Montana Code Ann. § 30-14-205. The State of Montana represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

155.   Plaintiff State of Nebraska repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

CAMylan0400557                                                                                                                          CAMylan04005575

156.   The aforementioned practices by Defendants were in violation of Neb. Rev. Stat. Consumer §§ 59-801 – 59-831 and §§ 59-1601 – 59-1623 (1998). The State of Nebraska represents consumers' claims pursuant to the Attorney General's authority under Rule 23 of the Federal Rules of Civil Procedure.

157.   Plaintiff State of Nevada repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

158.   The aforementioned practices by Defendants were in violation of the Nevada Unfair Trade Practice Act, NRS Chapter 598A. The State of Nevada represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

159.   Plaintiff State of New Hampshire repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

160.   The aforementioned practices by Defendants were in violation of New Hampshire RSA 356. The State of New Hampshire represents consumers' claims pursuant to the Attorney General's *parens patriae* authority.

161.   Plaintiff State of New Jersey repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

162.   The aforementioned practices by Defendants were in violation of New Jersey Stat. Ann., title 56, ch. 9, § 56:9-1 *et seq.* The State of New Jersey represents consumers' claims pursuant to the Attorney General's *parens patriae* authority.

163.   Plaintiff State of New Mexico repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

164.   Part of the trade or commerce affected by the aforementioned practices was within New Mexico.

43

CAMylan0400557                                                                           CAMylan04005576

165. The aforementioned practices of Defendants were in violation of the New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-1, *et seq.* NMSA (1978) and the New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 to § 57-12-22 (1978). The State of New Mexico represents consumers' claims pursuant to the State's *parens patriae* and the Attorney General's public interest authority.

166. Plaintiff State of New York repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

167. Defendants' practices violate New York General Business Law §§ 340-347, and also constitute fraudulent or illegal acts under New York Exec. Law § 63(12). The State of New York represents consumers' claims pursuant to the Attorney General's *parens patriae* authority.

168. Plaintiff State of North Carolina repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

169. The aforementioned practices by Defendants were in violation of N.C. Gen. Stat. §§ 75-1, -1.1, -2 and -2.1, and were in knowing violation of law. The State of North Carolina represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

170. Plaintiff State of North Dakota repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

171. The aforementioned practices by Defendants were in violation of North Dakota's Uniform State Antitrust Act, N.D. Cent. Code §§ 51-08.1-01 *et seq.* The State of North Dakota represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

172. Plaintiff State of Ohio repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

CAMylan0400557                                                            CAMylan04005577

173. The aforementioned practices by Defendants were in violation of Ohio's antitrust law, the Ohio Valentine Act, Ohio Rev. Code §§ 1331.01 *et seq.*, Ohio Rev. Code § 109.81, and the common law of Ohio.

174. Pursuant to Ohio Rev. Code §§ 109.81, 1331.03, 1331.08 and 1331.11, the State of Ohio brings this action for two times the amount of damages sustained by the State and its natural person citizens, together with costs and attorney fees, civil penalties, and all other available equitable relief, including injunctive relief and restitution and disgorgement. The State of Ohio represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

175. Plaintiff State of Oklahoma repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

176. The aforementioned practices by Defendants were in violation of 79 Okla. Stat. § 201-212 (Oklahoma Antitrust Reform Act) and 15 Okla. Stat. § 751 *et seq.* (Oklahoma Consumer Protection Act). The State of Oklahoma represents consumers' claims pursuant to the Attorney General's authority under Rule 23 of the Federal Rules of Civil Procedure.

177. Plaintiff State of Oregon repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

178. The aforementioned practices by the Defendants were in violation of ORS 646.725 and ORS 646.730 of the Oregon Antitrust Act, ORS 646.705, *et seq.*

179. The State of Oregon brings this action for civil penalties and all available equitable relief, including injunctive relief, restitution and disgorgement, together with reimbursement of reasonable attorneys fees, experts' fees, and costs from Defendants, pursuant to ORS 646.760, 646.770, 646.775, and the authority under Oregon common law. The State of Oregon represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

CAMylan0400557                                                    CAMylan04005578

180. The Commonwealth of Pennsylvania repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

181. The aforementioned practices by Defendants were and are in violation of Pennsylvania common law doctrines against the unlawful restraint of trade, unjust enrichment and civil conspiracy to commit an unlawful or tortious act. The Commonwealth of Pennsylvania represents consumers' claims pursuant to the Attorney General's *parens patriae* authority.

182. Plaintiff State of Rhode Island repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

183. The aforementioned practices by the Defendants were in violation of Rhode Island Antitrust Act, R.I. Gen. Laws § 6-36-6. The State of Rhode Island represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

184. Plaintiff State of South Carolina repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

185. The aforementioned practices by Defendants were in violation of South Carolina Code of Laws §§ 39-5-10, *et seq*. The State of South Carolina is entitled to redress pursuant to §§ 39-5-50 and 39-5-110 of the South Carolina General Statutes. The State of South Carolina represents consumers' claims pursuant to the Attorney General's authority under Rule 23 of the Federal Rules of Civil Procedures.

186. Plaintiff State of South Dakota repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

187. The aforementioned practices of Defendants were in violation of South Dakota antitrust law SDCL ch. 37-1. The State of South Dakota and persons it represents are entitled to redress pursuant to SDCL 37-1-14.2, 14.3, 23 through 33 and the common law of South Dakota. The

CAMylan0400557                                                                                   CAMylan04005579

State of South Dakota represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

188. Plaintiff State of Tennessee repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

189. The aforementioned practices of Defendants were in violation of Tenn. Code Ann. § 47-25-101 *et seq.* The State of Tennessee is entitled to damages pursuant to Tenn. Code Ann. § 47-25-106.

190. The State of Tennessee also brings this action pursuant to Tenn. Code Ann. § 8-6-109 to recover damages pursuant to Tenn. Code Ann. § 47-25-106 suffered by Tennessee governmental entities as a result of the Defendants' illegal and anticompetitive acts. The State of Tennessee also seeks penalties, costs, disbursements and attorney fees from Defendants, together with any and all injunctive relief to which the State of Tennessee may be entitled.

191. The aforementioned practices by Defendants were in violation Tenn. Code Ann. § 47-18-101 *et seq.* (the Tennessee Consumer Protection Act of 1977). The State of Tennessee is entitled to recover three (3) times the damages suffered as a result of Defendants' unfair and deceptive actions, together with a civil penalty of $1,000.00 for each violation of the Act.

192. Acting under the authority of the Attorney General and Reporter pursuant to Tenn. Code Ann. § 47-18-108, the State of Tennessee brings this action under Tenn. Code Ann. § 47-18-101 *et seq.* (the Tennessee Consumer Protection Act) to recover three (3) times the damages pursuant to Tenn. Code Ann. § 47-18-106 suffered by Tennessee consumers as a result of the Defendants' unfair and deceptive actions together with a civil penalty of $1,000.00 for each violation of the Act.

193. The State of Tennessee also brings this action pursuant to Tenn. Code Ann. §§ 8-6-109 and 47-18-101 *et seq.* (the Tennessee Consumer Protection Act) to recover three (3) times the damages pursuant to Tenn. Code Ann. § 47-18-106 *et seq.* suffered by Tennessee governmental entities as a result of the Defendants' unfair and deceptive acts together with a civil penalty of

CAMylan0400558                                                                CAMylan04005580

$1,000.00 for each violation of the Act. The State of Tennessee also seeks penalties, costs, disbursements and attorney fees from Defendants, together with any and all injunctive relief to which the State of Tennessee may be entitled. The State of Tennessee represents consumers' claims pursuant to the Attorney General's *parens patriae* authority.

194. Plaintiff State of Texas repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

195. The aforementioned practices of Defendants were in violation of Texas Business and Commerce Code, §15.05 (a), (b) and (c). The State of Texas is entitled to redress pursuant to §15.20, 15.21 and 15.40 of the Texas Business and Commerce Code. The State of Texas represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

196. Plaintiff State of Utah repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

197. The aforementioned practices of Defendants were in violation of the Utah Antitrust Act, Utah Code Ann. §§ 76-10-911 *et seq*.

198. The State of Utah seeks injunctive relief, restitution, disgorgement, a civil penalty of $500,000 per violation, costs of suit, and reasonable attorneys fees as provided by the Utah Antitrust Act, Utah Code Ann. §§ 76-10-918 and 76-10-919 (3). The State of Utah represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of the Civil Procedure.

199. Plaintiff State of Vermont repeats each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

200. The aforementioned practices by Defendants were in violation of the Vermont Consumer Fraud Act, 9 V.S.A. § 2453.

CAMylan0400558                                                              CAMylan04005581

201. Pursuant to 9 V.S.A. §§ 2458, 2461 and 2465 and acting under the Vermont Attorney General's authority to pursue actions as *parens patriae*, the State of Vermont brings this action to recover three times the damages suffered by Vermont consumers as a result of Defendants' illegal, anticompetitive conduct.

202. The State of Vermont also brings this action pursuant to 9 V.S.A. §§ 2458 and 2461, to recover three times the damages sustained by the State, together with costs and attorneys fees, civil penalties, and all other available equitable relief, including injunctive relief, restitution and disgorgement. The State of Vermont represents consumers' claims pursuant to the Attorney General's *parens patriae* authority.

203. The Commonwealth of Virginia repeats each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

204. The aforementioned practices by Defendants were in violation of Virginia Antitrust Act, Va. Code §§ 59.1-9.1 *et seq.* The Commonwealth of Virginia represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

205. Plaintiff State of Washington repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

206. The aforementioned practices by Defendants were and are in violation of Wash. Rev. Code 19.86.010 *et seq.* The State of Washington represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under RCW 19.86.080.

207. Plaintiff State of West Virginia repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

208. The aforementioned practices by Defendants were in violation of the West Virginia Antitrust Act, W. Va. Code § 47-18-1 *et seq.*, and in violation of the West Virginia Consumer Credit

CAMylan0400558                                                                                              CAMylan04005582

and Protection Act, W. Va. Code § 46A-1-101 *et seq.* The State of West Virginia represents consumers' claims pursuant to the Attorney General's *parens patriae* authority.

209.   Plaintiff State of Wisconsin repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

210.   The aforementioned practices by Defendants were in violation of the Wisconsin Trusts and Monopolies Act, Wis. Stats. § 133.03. The State of Wisconsin represents consumers' claims pursuant to the Attorney General's *parens patriae* authority and authority under Rule 23 of the Federal Rules of Civil Procedure.

211.   Plaintiff State of Wyoming repeats and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here set forth in full.

212.   The aforementioned practices by Defendants were in violation of Wyoming Statutes §§40-4-101 and 40-12-105. The State of Wyoming seeks immediate forfeiture of Defendants' permits to do business in the State pursuant to Wyoming Statute §40-4-102, an injunction barring Defendants from engaging in unlawful deceptive trade practices defined by Wyoming Statute §40-12-105, restoration to Wyoming state agencies and identifiable persons of funds obtained by means of unlawful deceptive trade practices in violation of the Wyoming Consumer Protection Act, civil penalties of $10,000. per violation of the Wyoming Consumer Protection Act and reasonable attorneys' fees and costs incurred in the prosecution of this action. The State of Wyoming represents state agencies' claims pursuant to Wyoming Statute §9-1-603 and represents consumers' claims pursuant to the Attorney General's authority under Wyoming Statute §40-12-106 and under Rule 23 of the Federal Rules of Civil Procedure.

## XXIII.
## JURY TRIAL DEMAND

213.   The States demand trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues triable of right by jury.

CAMylan0400558                                                             CAMylan04005583

## XXIV.

## PRAYER FOR RELIEF

WHEREFORE, the States pray that the Court:

1. Adjudge and decree that Defendants have engaged in conduct in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2;

2. Adjudge and decree that Defendants have engaged in conduct in violation of the state statutes enumerated in Paragraphs 96 through 212;

3. Enjoin and restrain, pursuant to state and federal law, the Defendants, their affiliates, assignees, subsidiaries, successors and transferees, and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on their behalf or in concert with them, from continuing, maintaining or renewing the contracts, combinations or conspiracies alleged herein, or from engaging in any other contract, combination or conspiracy having a similar purpose or effect, and from adopting or following any practice, plan, program or device having a similar purpose or effect;

4. Declare void and unenforceable the exclusive agreements entered into by Defendants Mylan, Cambrex, Profarmaco and Gyma dated November 14, 1997;

5. Enter judgment for the Plaintiff States and award all other available equitable relief, including, but not limited to, restitution and disgorgement, as the Court finds necessary to redress Defendants' violations of state and federal law;

6. Award each Plaintiff State the costs of this action, including reasonable attorneys' fees, and, where applicable expert fees;

7. Enter judgment for the Plaintiff States for three (3) times the amount of damages sustained by the States (as direct purchasers or assignees of direct purchasers) as allowed by federal law, together with the costs of this action, including reasonable attorneys' fees;

CAMylan0400558                                                                                                          CAMylan04005584

8. Enter judgment for the Plaintiff States of Alaska, California, Colorado, Florida, Hawaii, Idaho, Illinois, Louisiana, Maine, Maryland, Minnesota, New Mexico, New York, North Carolina, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin; for three (3) times the amount of damages sustained by the Plaintiff States, (including damages for medical reimbursement programs) and the entities they represent, or on whose behalf this suit is brought, as allowed by state law, together with the costs of this action, including reasonable attorneys' fees;

9. Enter judgment for the Plaintiff States of Alaska, California, Illinois, Louisiana, Maine, Michigan, Minnesota, New Mexico, New York, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin, and the District of Columbia for three (3) times the amount of damages sustained by the persons they represent, or on whose behalf this suit is brought, as allowed by state law, together with the costs of this action, including reasonable attorneys' fees;

10. Enter judgment for the Plaintiff States of Arkansas, Colorado, Iowa, Michigan, Nebraska, Oklahoma, Tennessee, Utah and Washington, the Commonwealth of Kentucky and for the District of Columbia, for the damages sustained by the States and the District of Columbia, (including damages for medical reimbursement programs) and the entities they represent, or on whose behalf this suit is brought, as allowed by state law, together with the costs of this action, including reasonable attorneys' fees, as allowed by state law;

11. Enter judgment for the Plaintiff States of Arkansas, Florida, Iowa, Missouri, Oklahoma, Tennessee and Utah for the damages sustained by the persons they represent, or on whose behalf this suit is brought, as allowed by state law, together with the costs of this action, including reasonable attorneys' fees;

12. Enter judgment for the Plaintiff State of Ohio for two (2) times the amount of damages sustained by the State and the persons it represents as allowed by state law, together with costs and reasonable attorneys' fees, and all other equitable relief, including injunctive relief, restitution and disgorgement;

52

CAMylan0400558                                                                                          CAMylan04005585

13.  Enter judgment for the Plaintiff States of Maine, South Carolina and Wyoming under state law, for damages as may be necessary to restore any person or entity who has suffered any ascertainable loss by reason of the use or employment of Defendants' unlawful methods, acts or practices and any monies which may have been acquired by means of the unlawful practices of the Defendants, together with the costs of this action, including reasonable attorneys' fees.

14.  Enter judgment for the Plaintiff States of Alaska, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Hawaii, Idaho, Illinois, Iowa, Louisiana, Maine, Maryland, Michigan, Minnesota, Missouri, Nebraska, New Mexico, New York, North Carolina, Ohio, Oregon, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Washington, West Virginia, Wisconsin, Wyoming and the Commonwealth of Kentucky against the Defendants for the maximum civil penalties allowable under the laws of each State;

15.  Enter judgment for the State of Tennessee, its governmental entities and for consumers damaged as a result of Defendants' actions denying the Defendants and each of them the right to do and be prohibited from doing business in the State of Tennessee;

16.  Declare that pursuant to Tenn. Code Ann. § 47-25-104(b), the Defendants and each of them be denied the right to do and be prohibited from doing business in the State of Tennessee;

17.  Enter judgment pursuant to Wis. Stats. § 133.14 for the State of Wisconsin and its consumers (1) declaring void any and all contracts or agreements founded upon, the result of, growing out of, or connected with, the violations of the Wisconsin Trusts and Monopolies Act, Wis. Stat. § 133.03, either directly or indirectly; and, (2) for all payments made by the State of Wisconsin and its consumers which relate, directly or indirectly, to such contracts or agreements;

18.  Enter judgment for the State of Wyoming, agencies thereof and consumers damaged by the Defendants' acts of unfair discrimination in violation of Wyoming Statute §40-4-101, revoking the permits of Defendants to do business of any kind or character within the State of Wyoming; and

CAMylan0400558                                                          CAMylan04005586

19. Grant such other and further relief, including all other available equitable relief, as the case may require and the Court may deem just and proper to redress Defendants' violations of state and federal law.

Respectfully submitted this 1st day of February, 2001.

**Betty D. Montgomery**
Attorney General
State of Ohio

BY: _____
Mitchell L. Gentile
Principal Attorney

_____
Doreen C. Johnson
Chief, Antitrust Section
140 East Town Street, 12th Floor
Columbus, Ohio 43215
(614) 466-4328

Counsel for Ohio
and on behalf of the Plaintiff States
(listed below)

54

CAMylan0400558                                                           CAMylan04005587