Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL EARL I. ANZAI
ATTORNEY GENERAL OF HAWAII

By:_____
Name      Earl I. Anzai
Title     Attorney General of Hawaii
Address   425 Queen Street
          Honolulu, Hawaii 96813
Phone:    (808) 586-1500

Settlement Agreement between Plaintiff States and SST Corporation

ALAN G. LANCE
ATTORNEY GENERAL
STATE OF IDAHO

BRETT T. DeLANGE  (ISB No. 3628)
Deputy Attorney General
Consumer Protection Unit
Office of the Attorney General
Len B. Jordan Building
650 W. State St., Lower Level
P. O. Box 83720
Boise, Idaho 83720-0010
Telephone:     (208) 334-2424
FAX:           (208) 334-2830
bdelange@ag.state.id.us

**CAMylan0400537**                                    CAMylan04005375

Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL JIM RYAN
ATTORNEY GENERAL OF THE STATE OF ILLINOIS

By: _____

Christine H. Rosso
Chief, Public Interest Division
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
312-814-5610

**CAMylan0400537**                    CAMylan04005376



Settlement agreement between plaintiff states and SST Corporation.

Stephen Carter
Attorney General of Indiana

and SST Corporation.                              Settlement Agreement between Plaintiff States

ATTORNEY GENERAL THOMAS J. MILLER
ATTORNEY GENERAL OF IOWA

By: _____
John F. Dwyer
Attorney
Iowa Dept. of Justice
310 Maple Street
Des Moines, Iowa 50319
Tel: (515) 281-8414

**CAMylan0400537**                                    CAMylan04005378

Settlement Agreement between Plaintiff States and SST Corporation.

OFFICE OF THE ATTORNEY GENERAL
CARLA J. STOVALL

By _____
Rex G. Beasley
Assistant Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
(785) 296-3751

**CAMylan0400537**                                    CAMylan04005379

ALBERT B. CHANDLER III
ATTORNEY GENERAL OF KENTUCKY

David R. Vandeventer
Assistant Attorney General
1024 Capitol Center Drive
Frankfort, KY 40601

CAMylan0400538                              CAMylan04005380



RICHARD P. IEYOUB
ATTORNEY GENERAL

**State of Louisiana**
DEPARTMENT OF JUSTICE
PUBLIC PROTECTION DIVISION
Baton Rouge
70825

ONE AMERICAN PLACE
301 MAIN ST., SUITE 1250
TELEPHONE (225) 342-7900
FAX (225) 342-7901

RICHARD P. IEYOUB
ATTORNEY GENERAL OF LOUISIANA

BY: _Jane Bishop Johnson_
Jane Bishop Johnson
Assistant Attorney General
Louisiana Department of Justice
301 Main Street, Suite 1250
Baton Rouge, LA 70801
(225) 342 2754

**CAMylan0400538**                    CAMylan04005381

Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL G. STEVEN ROWE
ATTORNEY GENERAL OF MAINE

By: _____
        Francis Ackerman
        Assistant Attorney General
        6 State House Station
        Augusta, Maine 04333
        207/626-8800

Settlement Agreement between Plaintiff States and SST Corporation.


J. JOSEPH CURRAN, JR.
ATTORNEY GENERAL OF MARYLAND


ELLEN S. COOPER
Chief, Antitrust Division

MEREDYTH SMITH ANDRUS
Assistant Attorney General
Office of the Attorney General
Antitrust Division
200 St. Paul Place
Baltimore, MD 21202
410-576-6470

**CAMylan0400538**                    CAMylan04005383

Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL THOMAS F. REILLY
COMMONWEALTH OF MASSACHUSETTS

By: _____
Freda Fishman
Chief, Consumer Protection & Antitrust Division
One Ashburton Place
Boston, MA 02108
(617) 727-2200

STATE OF MICHIGAN

JENNIFER M. GRANHOLM
ATTORNEY GENERAL

Paul F. Novak
Assistant Attorney General
Consumer Protection Division
Antitrust and Franchise Section
670 G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30213
Lansing, Michigan 48913
(517) 373-7117

CAMylan0400538                          CAMylan04005385

Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL MIKE HATCH
ATTORNEY GENERAL OF MINNESOTA__

By:_____
STEPHEN F. SIMON
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN  55101-2130
(651) 296-6468

Settlement Agreement between Plaintiff States and SST Corp.

ATTORNEY GENERAL MIKE MOORE
ATTORNEY GENERAL OF MISSISSIPPI

By: _____

T. Hunt Cole, Jr.
Special Assistant Attorney General
Civil Litigation Division
P. O. Box 220
Jackson, MS 39205
(601) 359-3680

Settlement Agreement between Plaintiff States and SST Corporation.


ATTORNEY GENERAL JEREMIAH W. (JAY) NIXON
ATTORNEY GENERAL OF MISSOURI



Michael J. Delaney, #40597
Assistant Attorney General
Wainwright State Office Building
111 North Seventh Street , Suite 204
St. Louis, MO 63101
PHO: (314) 340-6816

CAMylan0400538                                          CAMylan04005388

Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL MIKE MCGRATH
ATTORNEY GENERAL OF MONTANA

By: _____
MIKE MCGRATH
Montana Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  59620-1401
(406) 444-2026

**CAMylan0400538**                    CAMylan04005389

Settlement Agreement between Plaintiff States and SST Corporation.

Attorney General Don Stenberg
Attorney General of the State of Nebraska

Dale A. Comer, NBA # 15365
Assistant Attorney General
Chief, Legal Services Section
Nebraska Department of Justice
2115 State Capitol
Lincoln, NE 68509
Tel:  (402) 471-2682
Fax: (402) 471-3835

Settlement Agreement between Plaintiff States and SST Corporation.

FRANKIE SUE DEL PAPA
ATTORNEY GENERAL OF NEVADA


By: _____
Jacqueline B. Rombardo
Senior Deputy Attorney General
Nevada Bar #6799
1000 E. William Street, Suite 209
Carson City, NV  89701-3117
Telephone: (775) 687-6300, Ext. 239

Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL PHILIP T. MCLAUGHLIN
ATTORNEY GENERAL NEW HAMPSHIRE

By: _____
M. Kristin Spath
Senior Assistant Attorney General
33 Capitol Street
Concord, New Hampshire  03301
603-271-3643

CAMylan0400539                                    CAMylan04005392



Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL JOHN J. FARMER, JR.
ATTORNEY GENERAL OF THE STATE OF
NEW JERSEY

By: _____
            Robert J. Donaher

Name:     Robert J. Donaher
Title:      Deputy Attorney General
Address:  CN 085, Trenton, NJ 08628
Phone:    (609) 984-1034

Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL PATRICIA A. MADRID
ATTORNEY GENERAL OF NEW MEXICO

By: _____
Glenn R. Smith
Special Counsel to the Attorney General
6301 Indian School Rd. N.E., Suite 400
Albuquerque, New Mexico 87110
(505) 841-8098

**CAMylan0400539**                              CAMylan04005394

Settlement Agreement between Plaintiff States and SST Corporation.

Date:   December 21, 2000
        New York, NY

                                        ELIOT SPITZER
                                        Attorney General of the
                                            State of New York

                                        HARRY FIRST
                                        Chief, Antitrust Bureau


                                By: _____
                                        ROBERT L. HUBBARD
                                        Assistant Attorney General
                                        Director of Litigation, Antitrust Bureau
                                        120 Broadway
                                        New York, NY 10271


Of Counsel
John A. Ioannou
Assistant Attorney General
Antitrust Bureau

Settlement Agreement between Plaintiff States and SST Corporation.


ROY COOPER
ATTORNEY GENERAL OF NORTH CAROLINA


By: _____
K. D. Sturgis
Assistant Attorney General
N.C. State Bar No. 9486
North Carolina Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: 919/716.6000

Settlement Agreement between Plaintiff States and SST Corporation.

STATE OF NORTH DAKOTA
WAYNE STENEHJEM
ATTORNEY GENERAL

By: _____

Parrell D. Grossman, ID No. 04684
Assistant Attorney General
Director, Consumer Protection &
Antitrust Div.
Office of Attorney General
600 E Boulevard Ave Dept. 125
Bismarck, ND 58505-0040
(701) 328-2811

Settlement Agreement between Plaintiff States and SST Corporation.


ATTORNEY GENERAL BETTY D. MONTGOMERY
ATTORNEY GENERAL OF OHIO



By: _____
Mitchell L. Gentile
Principal Attorney
Doreen C. Johnson
Chief, Antitrust Section
140 E. Town St., 12th Floor
Columbus, OH  43215
Phone: 614-466-4328

**CAMylan0400539**                                    CAMylan04005398

Settlement Agreement between Plaintiff States and SST Corporation.

W.A. DREW EDMONDSON
ATTORNEY GENERAL OF OKLAHOMA


By: _____
Thomas A. Bates
Assistant Attorney General
4545 N. Lincoln Blvd., Suite 260
Oklahoma City, OK. 73105
405-522-1013

Settlement Agreement between Plaintiff States and SST Corporation.

HARDY MYERS
ATTORNEY GENERAL OF OREGON


By: _____
Name:        Andrew E. Aubertine, OSB# 83013
Title :       Assistant Attorney General
Address:     Oregon Department of Justice
             1162 Court Street NE
             Salem, OR 97301-4096
Phone:       (503) 378-4732

Settlement Agreement between Plaintiff States and SST Corporation.

COMMONWEALTH OF PENNSYLVANIA

**D. MICHAEL FISHER**
ATTORNEY GENERAL

By: _____

James A. Donahue, III
Chief Deputy Attorney General
Antitrust Section

Joseph S. Betsko
Tracy W. Wertz
Deputy Attorneys General
Antitrust Section
Office of Attorney General
14th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-4530

**CAMylan0400540**                    CAMylan04005401

Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL SHELDON WHITEHOUSE
ATTORNEY GENERAL OF RHODE ISLAND

By: _____
GERALD COYNE
Deputy Attorney General
150 South Main Street, Providence, R.I. 02903
(401) 274-4400

CHARLIE CONDON
Attorney General of South Carolina


BY: _____
C. HAVIRD JONES, JR.
Senior Assistant Attorney General

P. O. Box 11549
Columbia, SC   29211
(803) 734-3680

Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL MARK BARNETT
ATTORNEY GENERAL OF SOUTH DAKOTA

By: _____
Name:       Jeffrey P. Hallem
Title:      Assistant Attorney General
Address:    Office of Attorney General
            500 East Capitol Avenue
            Pierre, SD  57501-5070
Telephone:(605) 773-3215

CAMylan0400540                                    CAMylan04005404

STATE OF TENNESSEE
PAUL G. SUMMERS
Attorney General and Reporter


Paul G. Summers


Dennis G. Garvey
Deputy Attorney General
Antitrust Division


J. Patrick Riceci
Assistant Attorney General
Antitrust Division
425 th Avenue North
Nashville, Tennessee 37243
(615) 741-3694

CAMylan0400540                                    CAMylan04005405

**Settlement Agreement between Plaintiff States and SST Corporation**

JOHN CORNYN
Attorney General of Texas
ANDY TAYLOR
First Assistant Attorney General
JEFFREY S. BOYD
Deputy Attorney General for Litigation
DAVID A. TALBOT, JR.
Chief, Consumer Protection Division
MARK TOBEY
Chief, Antitrust Section

JOHN T. PRUD'HOMME, JR.
Assistant Attorney General
300 W. 15th Street, 9th Floor
Austin, TX  78711
(512) 463-2185



Settlement Agreement between Plaintiff States and SST Corporation.


ATTORNEY GENERAL MARK L. SHURTLEFF
ATTORNEY GENERAL OF UTAH


By: _Wayne Klein_

Name       Wayne Klein
Title      Assistant Attorney General
Address    160 East 300 South, 5th Floor
           Box 140872
           Salt Lake City, UT 84114-0872
Phone      (801) 366-0358

**CAMylan0400540**                                          CAMylan04005407

Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL WILLIAM H. SORRELL
ATTORNEY GENERAL OF VERMONT

By:_____   1-9-2001

David Borsykowsky
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier VT 05609-1001
802-828-1057

SETTLEMENT AGREEMENT BETWEEN PLAINTIFF STATES AND SST CORPORATION.


MARK L. EARLEY
Attorney General


BY: _____
ANNE MARIE CUSHMAC
Assistant Attorney General
Antitrust and Consumer Litigation Section
Office of the Attorney General
900 East Main Street
Richmond, Virginia  23219
(804) 786-2116
(804) 786-0122 (fax)

Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL CHRISTINE O. GREGOIRE
ATTORNEY GENERAL OF WASHINGTON

By:_____*Marta Lowy*_____

Tina E. Kondo
Senior Assistant Attorney General
Chief, Antitrust Division
Marta Lowy
Assistant Attorney General
900 Fourth Avenue, Suite 2000
Seattle, WA  98164
(206) 464-6433

**CAMylan0400541**                                    CAMylan04005410



Settlement Agreement between Plaintiff States and SST Corporation

ATTORNEY GENERAL DARRELL V. McGRAW, JR.
ATTORNEY GENERAL OF WEST VIRGINIA

By: _____

Jill L. Miles, Deputy Attorney General
Office of the Attorney General of West Virginia
Consumer Protection/Antitrust Division
Post Office Box 1789
Charleston, West Virginia  25326-1789
(304) 558-8986

**CAMylan0400541**                    CAMylan04005411

Settlement Agreement between Plaintiff States and SST Corporation.


ATTORNEY GENERAL JAMES E. DOYLE
ATTORNEY GENERAL OF WISCONSIN


By: _____
KEVIN J. O'CONNOR
Assistant Attorney General
P.O. Box 7857
123 West Washington Avenue,
Madison, WI 53707
(608) 266-8986

Settlement Agreement between Plaintiff States and SST Corporation.

ATTORNEY GENERAL GAY WOODHOUSE
ATTORNEY GENERAL OF WYOMING

By: _____

Christopher Petrie
Assistant Attorney General
Wyoming Attorney General's Office
Consumer protection Unit
123 Capitol Building
Cheyenne, WY  82002
(307) 777-5838

1

CAMylan0400541

CAMylan04005414

## ATTACHMENT 1

## FINAL ESCROW AGREEMENT

THIS FINAL ESCROW AGREEMENT, dated as of January __, 2001 ("Final Escrow"), is entered into by the State of Ohio as liaison counsel, through its Attorney General, on behalf of the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin and Wyoming (herein referred to as "Plaintiff States"), Mylan Pharmaceuticals, Inc. ("Mylan"), SST Corporation ("SST") and Fifth Third Bank, as Escrow Agent hereunder ("Escrow Agent").

### WHEREAS:

The Plaintiff States, the Federal Trade Commission, and defendants Mylan Laboratories Inc., Gyma Laboratories of America, Inc., Profarmaco S.r.l., and Cambrex Corp. have entered into a settlement agreement (the "Settlement") pursuant to which litigation by the Plaintiff States and the Federal Trade Commission against these defendants will be resolved, upon Court approval, and under which Mylan has paid pursuant to an interim escrow agreement ("Interim Escrow", attached hereto as exhibit A), c/o the Escrow Agent, $28,217,983 into the Mylan Antitrust Action State Claims Account 28 28 002 6013106 (the "State Fund") and $71,782,017 into the Mylan Antitrust Action Consumer Claims Account 2828 002 6013098 (the "Consumer Fund"), and Mylan has agreed to pay up to an additional $8,000,000 to the Cost and Fee Account for fees and costs of litigation incurred by the Litigating Plaintiff States;

A settlement agreement (the "SST Settlement") has also been entered into between the Plaintiff States and defendant SST that provides that SST shall pay, c/o the Escrow Agent, at least $500,000 as follows: $108,750 into the SST Agency Account, $266,250 into the SST Consumer Fund, and at least $125,000, plus certain additional funds that may accrue to the Plaintiff States as a result of SST's settlement with the Plaintiff States and proposed settlements with private plaintiffs, into the SST Cost and Fee Account;

Plaintiff States have appointed the Attorney General of the State of Ohio as Liaison Counsel (as defined below) to represent them in connection with the litigation and the settlement thereof, and;

Counsel for the Plaintiff States, by and through the Plaintiff States' Liaison Counsel, agree to appoint Fifth Third Bank as the Escrow Agent, and Fifth Third Bank is willing to act as Escrow Agent hereunder in accordance with the terms and conditions of this Final Escrow. In order to administer the Escrow Funds (as defined below), the parties hereto have entered into this Final Escrow.

### STATEMENT OF AGREEMENT

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, for themselves, their successors and assigns, hereby agree to the foregoing and as follows:

1.     Definitions:

FILED

FEB 0 1 2001

NANCY MAYER WHITTINGTON, CLER
U.S. DISTRICT COURT

1

a.      All capitalized terms used herein shall have the same meaning as provided for in the Settlement or SST Settlement, whichever is applicable, unless the capitalized term is expressly defined herein.

b.      "Written Direction" shall mean a written notification, signed by the Plaintiff States' Representatives, in the form attached hereto as Exhibit B. Each Written Direction shall include a certification by the Plaintiff States' Representatives that the instructions in the notification are being made pursuant to the terms of the Settlements and this Final Escrow.

c.      "Escrow Funds" shall mean (i) the funds deposited by Mylan with the Escrow Agent pursuant to the Interim Escrow including interest earned thereon (defined in the Interim Escrow therein as "Escrow Amounts"), (ii) funds deposited pursuant to this Final Escrow to the Cost and Fee Account, the SST Agency Account, the SST Consumer Fund, and the SST Cost and Fee Account, and (iii) any and all earnings and/or interest from investment of the Escrow Funds.

d.      "Liaison Counsel for the Plaintiff States" or "Liaison Counsel" means the State of Ohio, through Betty D. Montgomery, Attorney General, or any other person or persons designated by her or any official successor.

e.      "Plaintiff States' Representatives" shall mean Betty D. Montgomery, Attorney General of the State of Ohio, and J. Joseph Curran, Jr., Attorney General of the State of Maryland, or any other person or persons designated by them or any official successors.

f.      "Settlements" shall mean the Settlement and the SST Settlement.

2.      <u>Appointment of and Acceptance by Escrow Agent</u>.   The Plaintiff States' Representatives hereby appoint Fifth Third Bank to serve as the Escrow Agent hereunder. Escrow Agent hereby accepts such appointment and agrees to hold, invest and disburse all Escrow Funds in accordance with this Final Escrow.

3.      <u>Distribution Accounts.</u>

a.      In addition to the State Fund and the Consumer Fund already established under the Interim Escrow, Escrow Agent shall separately establish the SST State Fund and the SST Consumer Fund (collectively, the "Accounts").

b.      Escrow Agent shall establish two (2) segregated subaccounts within the State Fund: the Agency Account and the Cost and Fee Account. Mylan shall fund the Cost and Fee Account by wire transfer pursuant to the Final Order within five (5) business days following entry of the Final Order. Escrow Agent shall segregate the payment already made by Mylan to the State Fund pursuant to the Interim Escrow, including interest thereon, into the Agency Account. Escrow Agent shall continue to maintain the Consumer Fund separately. Escrow Agent shall also account separately for the interest earned upon the Cost and Fee Account, Agency Account, and the Consumer Fund.

c.      SST shall fund by wire transfer the SST Consumer Fund within twenty (20) days after preliminary approval of the SST Settlement. Escrow Agent shall establish two (2) segregated subaccounts within the SST State Fund: the SST Agency Account and the SST Cost and Fee Account. SST shall fund by wire transfer the SST Agency Account within twenty (20) days after preliminary approval of the SST Settlement. SST shall wire transfer $125,000 to the SST Cost and Fee Account within twenty (20) days after preliminary approval of the SST Settlement. Any additional funds accruing to the Plaintiff States

2

pursuant to SST's settlement with the Plaintiff States and proposed settlements with private plaintiffs shall be transferred to the SST Cost and Fee Account within twenty (20) days of such funds accruing to the Plaintiff States. Escrow Agent shall account separately for the interest earned upon the SST Cost and Fee Account, the SST Agency Account, and the SST Consumer Fund.

        4.    <u>Disbursement of Escrow Funds</u>.

        a.    The Escrow Agent shall disburse Escrow Funds solely as provided for herein or by order of the Court. At the Effective Date, as defined in the Mylan Settlement Agreement, which is incorporated herein as Exhibit D, the Plaintiff States and Mylan shall jointly instruct the Escrow Agent, in writing, that it may disburse funds from the Consumer Fund and State Fund pursuant to this Paragraph 4c, d and e. At the Effective Date, as defined in the SST Settlement Agreement, which is incorporated herein as Exhibit E, the Plaintiff States and SST shall jointly instruct the Escrow Agent, in writing, that it may disburse funds from the SST Consumer Fund and SST State Fund pursuant to this Paragraph 4c, d and e.

        b.    Escrow Agent shall pay from the Consumer Fund the costs and expenses associated with administering the Settlements, including, without limitation, costs and expenses for providing proper notice of the Settlements, expert or consulting fees, the processing and payment of claims, and the fees and expenses of the Escrow Agent; except those expenses incurred in writing checks and distribution of the Agency Account shall be paid from the Agency Account. Taxes and Tax Expenses shall be paid as provided for in Paragraph 8 below.

        c.    Escrow Agent shall distribute Escrow Funds for compensation to natural persons only from the Consumer Fund and the SST Consumer Fund. Escrow Agent shall distribute the Consumer Fund for compensation to natural persons upon Written Direction from Plaintiff States' Representatives. Escrow Agent shall distribute the SST Consumer Fund to natural persons upon Written Direction from Plaintiff States' Representatives. If requested by Plaintiff States' Representatives, and if approved by the Court, Escrow Agent shall distribute any residue and/or interest remaining in the Consumer Fund and/or the SST Consumer Fund to the Litigating Plaintiff States for *cy pres* distribution by their respective Attorneys General.

        d.    Escrow Agent shall distribute Escrow Funds for compensation to state agencies only from the Agency Account and the SST Agency Account. Escrow Agent shall distribute the Agency Account for compensation to state agencies upon Written Direction from Plaintiff States' Representatives. Escrow Agent shall distribute the SST Agency Account for compensation to state agencies upon Written Direction from Plaintiff States' Representatives.

        e.    Escrow Agent shall distribute Escrow Funds for reimbursement of attorney fees and costs incurred by Litigating Plaintiff States, and/or contribution to the NAAG Milk Fund, solely from the Cost and Fee Account and the SST Cost and Fee Account. Escrow Agent shall distribute the Cost and Fee Account for such reimbursement and/or contribution upon Written Direction from Plaintiff States' Representatives. Escrow Agent shall distribute the SST Cost and Fee Account for such reimbursement and/or contribution upon Written Direction from Plaintiff States' Representatives.

        5.    <u>Cooperation with Other Parties</u>. Escrow Agent shall, at the direction of the Plaintiff States' Representatives, cooperate with and provide all account and other necessary information to any company or person employed by the Plaintiff States to administer a consumer claims procedure, including any cooperation necessary for the issuance of consumer refund checks by such claims administrator.

3

6.      Termination of Settlement Agreement.   If the Settlement is not approved or is terminated, cancelled, voided or the Effective Date does not occur for any reason (Terminating Event"), all Escrow Funds paid by Mylan (and interest thereon) shall be refunded to Mylan, reduced by the actual out-of-pocket costs and expenses incurred or committed in the administration of the Settlements to the date of the Terminating Event.   In such case, refund shall occur within thirty (30) days of notification of the Terminating Event, in writing, from Mylan and the Plaintiff States' Representatives to the Escrow Agent.   If the SST Settlement is not approved or is terminated, cancelled, voided or the Effective Date of the SST Settlement does not occur for any reason ("SST Terminating Event"), all Escrow Funds paid by SST (and interest thereon) shall be refunded to SST.   In such case, refund shall occur within thirty (30) days of notification of the SST Terminating Event, in writing, from SST and the Plaintiff States' Representatives to the Escrow Agent.   The refund to Mylan and/or SST shall be reduced by the pro-rata share of any Taxes and Tax Expenses (as those terms are defined below) paid or owed by the effected Account(s) through, as applicable, the date of the Terminating Event and/or the SST Terminating Event.

7.      Investment of Escrow Funds.   Escrow Agent shall, in accordance with Written Directions, invest the Escrow Funds in obligations of, or obligations guaranteed by, the United States of America or any of its departments or agencies, or in pre-refunded or escrowed municipal bonds which are federally insured, to obtain the highest available return on investment, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then current market rates.   Escrow Agent shall bear all risks related to the investment of Escrow Funds.   The Escrow Funds shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such Escrow Funds are fully distributed or upon further order(s) of the Court.

8.      Preparation and Payment of Taxes.   Escrow Agent shall establish and treat the Accounts as each being at all times a separate "qualified settlement fund" within the meaning of Treas. §1.468B-1, and ensure that each Account is treated as a separate taxpayer.   In addition, Escrow Agent and, as required, the parties hereto shall jointly and timely make such elections as necessary or advisable to carry out the provisions of the Settlements, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1), back to the earliest permitted date.   Such elections shall be made in compliance with the procedures and requirements contained in such regulation.   It shall be the responsibility of Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur.   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.   Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to each Account (including without limitation the returns described in Treas. Reg. §1.468B-2 K and L).   Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by each Account shall be paid by the effected Account.   All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by an Account, including any taxes or tax detriments that may be imposed upon Mylan and/or SST with respect to any income earned by that Account for any period during which that Account does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described herein) ("Tax Expenses"), shall be paid out of effected Account.   Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlements and shall be timely paid by Escrow Agent out of the effected Account without prior order from the Court, and Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Plaintiff States any monies necessary to pay such amounts including the establishment for adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas.

4

Reg. §1.468B-2(1), (2)); Mylan and SST are not responsible and shall have no liability therefor or for any reporting requirements that may relate thereto. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph. Escrow Agent shall be responsible for and liable for any negligence in preparation and filing of Taxes and Tax Expenses (including, without limitation, taxes payable by reason of such negligence).

9.    Resignation and Removal of Escrow Agent. Escrow Agent may resign from the performance of its duties hereunder at any time by giving sixty (60) days prior written notice to the Plaintiff States' Representatives or may be removed, with or without cause, by the Plaintiff States' Representatives, by furnishing thirty (30) days prior written notice to Escrow Agent. Such resignation or removal shall take effect upon the appointment of a successor Escrow Agent as provided herein. Upon any such notice of resignation or removal, the Plaintiff States' Representatives shall appoint a successor Escrow Agent hereunder, subject to the approval of Mylan and SST. Upon the acceptance in writing of any appointment as Escrow Agent hereunder by a successor Escrow Agent, such successor Escrow Agent shall thereupon succeed to and become vested with all the rights, powers, privileges and duties of the retiring Escrow Agent, and the retiring Escrow Agent shall be discharged from its duties and obligations under this Final Escrow, but shall not be discharged from any liability for actions taken as Escrow Agent hereunder prior to such succession. The retiring Escrow Agent shall transmit all records pertaining to the Escrow Funds and shall pay all Escrow Funds to the successor Escrow Agent, after making copies of such records as the retiring Escrow Agent deems advisable and after deduction by and payment to the retiring Escrow Agent (after written notice to Plaintiff States' Representatives) of all fees and expenses incurred by or expected to be incurred by the retiring Escrow Agent in connection with the performance of its duties and the exercise of its rights hereunder.

10.    Liability of Escrow Agent. The duties and obligations of the Escrow Agent shall be determined by the express provisions of this Final Escrow and the Settlements, and no implied duties or obligations shall be inferred or otherwise imposed upon or against the Escrow Agent, and the Escrow Agent shall not be liable except for the performance of such duties and obligations as are specifically set out in this Final Escrow and the Settlements.

11.    Fees and Expenses of Escrow Agent.

a.    The Escrow Agent shall be compensated for its services hereunder in accordance with Exhibit C attached hereto, pursuant to the bid accepted by Liaison Counsel.

b.    Escrow Agent is authorized to, and may disburse, to itself the amount of any compensation due and payable hereunder in accordance with Paragraph 4(b) above and this Paragraph. Such compensation may be directly disbursed by the Escrow Agent to itself on a monthly basis, thirty (30) days after giving written notice, consisting of an itemization of compensation earned, and copies of invoices, to the Plaintiff States' Representatives and Mylan.

12.    Reports and Accounting. Escrow Agent will provide monthly reports to Plaintiff States' Representatives, and, if requested, to Mylan and SST, in a form that is acceptable to the Plaintiff States' Representatives, reflecting income and disbursement activity of the Escrow Funds for the period and year to date. The Escrow Agent shall further issue a final report and accounting which will summarize the income, expenses, and disbursements associated with the administration of the Escrow Funds and such other reports as the Plaintiff States' Representatives may reasonably require from time to time. Escrow Agent shall provide copies of the final report and accounting to Mylan and SST. Reports and the status of all accounts shall be accessible to the Plaintiff States' Representatives on-line. The Escrow Agent will provide the name of the

5

officer who will have principal responsibility of the management of the Escrow Funds and the Escrow Agent's relationship with the Office of the Ohio Attorney General.

13. <u>Consent to Jurisdiction and Venue</u>. In the event that any party hereto commences a lawsuit or other proceeding relating to or arising from this Escrow Agreement, the parties hereto agree that the District Court for the District of Columbia shall have the sole and exclusive jurisdiction over any such proceedings. Such Court shall have proper venue for any such lawsuit or judicial proceeding and the parties hereto waive any objection to such venue. The parties hereto consent to and agree to submit to the jurisdiction of such court and agree to accept service of process to vest personal jurisdiction over them in such Court.

14. <u>Notices</u>. All notices and other communications hereunder shall be in writing and shall be deemed to have been validly served, given or delivered five (5) days after deposit in the United States mails, by certified mail with return receipt requested and postage prepaid, when delivered personally, one (1) day after delivery to any overnight courier, or when transmitted by facsimile transmission facilities, and addressed to the party to be notified as follows:

If to Plaintiff States at:

Doreen C. Johnson
Chief, Antitrust Section
Mitchell L. Gentile
Principal Attorney
Office of the Ohio Attorney General
140 East Town Street, 12th Floor
Columbus, Ohio 43215

Meredyth Andrus
Assistant Attorney General
Office of the Attorney General of Maryland
Antitrust Division
200 St. Paul Place, 19th Floor
Baltimore, Maryland 21202-2021

If to Mylan at:

James B. Weidner
Clifford Chance Rogers & Wells LLP
200 Park Avenue
New York, New York 10166-0153

If to SST at:

Sidney S. Rosdeitcher
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, New York 10019-6064

If to Escrow Agent at:

Fifth Third Bank
Frank Wojcik
Vice President
21 East State Street
Columbus, Ohio  43215

or to such other address as each party may designate for itself by like notice.

CAMylan0400542                                                    CAMylan04005420

15. <u>Rights to Account.</u> Neither the Plaintiff States, their agencies or departments, nor any member of any *parens* or consumer class, shall have any rights or title to or interest in any portion of any Escrow Funds or Accounts except as provided by order of the Court.

16. <u>Amendment or Waiver.</u> This Final Escrow may be changed, waived, discharged or terminated only by a writing signed by Liaison Counsel for the Plaintiff States, Mylan, SST, and the Escrow Agent. No delay or omission by any party in exercising any right with respect hereto shall operate as a waiver. A waiver on any one occasion shall not be construed as a bar to, or waiver of, any right or remedy on any future occasion. Escrow Agent agrees to enter into an amendment of this Final Escrow with respect to the treatment, designation, and/or use of the Escrow Funds, including, without limitation, the tax treatment of the Escrow Funds, should such amendment be deemed warranted by Plaintiff States' Representatives, Mylan and SST.

17. <u>Governing Law.</u> This Final Escrow shall be construed and interpreted in accordance with the laws of the State of Ohio without giving effect to the conflict of laws principles thereof.

18. <u>Entire Agreement.</u> This Final Escrow and the Settlements constitute the entire agreement between the parties relating to the holding, investment and disbursement of the Escrow Funds and set forth in their entirety the obligations and duties of Escrow Agent with respect to the Escrow Funds.

19. <u>Binding Effect.</u> All of the terms of this Final Escrow, as may be amended from time to time, shall be binding upon, inure to the benefit of and be enforceable by the parties hereto and their respective heirs, successors and assigns.

20. <u>Execution in Counterparts.</u> This Final Escrow may be executed in two or more counterparts, which when so executed shall constitute one and the same agreement.

21. <u>Dealings.</u> Nothing herein shall preclude the Escrow Agent from acting in any other capacity for any party, person or entity referenced herein.

**IN WITNESS WHEREOF,** the parties hereto have caused this Final Escrow to be executed under seal as of the date first above written.

**PLAINTIFF STATES**

By: _____

Title: <u>Director of Administration for Liaison Counsel</u>

**MYLAN PHARMACEUTICALS, INC.**

By: _____

Counsel for Mylan Pharmaceuticals, Inc.

**SST CORPORATION**

7

By: _____

Counsel for SST Corporation

**FIFTH THIRD BANK**

By:_____

Title:_ Vice President _____

8

**EXHIBIT B**

**JOINT WRITTEN DIRECTION
EXAMPLE**

**STATE OF CONNETICUT ET AL V MYLAN PHARMACEUTICALS ET AL
ESCROW # _____**

In accord with the Final Escrow Agreement, dated _____, 2001 and the

Settlement Agreements referenced in the Escrow Agreement, the Plaintiff States' Representatives

direct _____ as the Escrow Agent to take the following action with

respect to the Escrow Funds.  The Escrow Agent shall:

_____

_____

_____

_____


DATED: _____, 2001          **PLAINTIFF STATES**

By: _____

By: _____

Plaintiffs' States' Representatives

1

**Exhibit C**

**Schedule of Fees and Expenses**

| | | |
|---|---|---|
| **Out of Pocket Expenses:** | $0 | (Absorbed in the Administrative Fee) |
| **Annual Administration Fee:** | $20,000 | |

**Investment Fee:**
For Interest-Bearing or Money

| | | |
|---|---|---|
| Market Account: | 3 basis points | (.0003) times average annual   Assets. |

For purchases of
Treasury Securities:                           $0

**Other:**                                          $0

Fifth Third Bank
21 East State Street
Columbus, Ohio 43215
Attention:  Frank Wojcik
(614) 233-4413

Schedule of Fees and Expenses Exhibit C

1

CAMylan0400542                                     CAMylan04005424

**2**

CAMylan0400542

CAMylan04005425

3

**CAMylan0400542**                                    CAMylan04005426