# Exhibit E

*State of California ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Labs, Inc. et al., Civil Action No. 03-11226-PBS*

Exhibit to the November 25, 2009 Declaration of Christopher C. Palermo in Support of Mylan's Motion for Partial Summary Judgment

[PROPOSED ORDER]

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE STATE OF CONNECTICUT, *et al.* | ) |
| | ) Case No. MDL 1290 |
| Plaintiffs, | ) |
| | ) Civ. No. 1:98-CV-3115 (TFH) |
| v. | ) |
| | ) Misc. No. 990276 (TFH/JMF) |
| MYLAN LABORATORIES, INC., | ) |
| CAMBREX CORP., | ) |
| PROFARMACO S.R.L., and | ) **FILED** |
| GYMA LABORATORIES OF AMERICA, INC., | ) |
| and SST Corporation., | ) APR 2 7 2001 |
| | ) |
| Defendants. | ) NANCY MAYER WHITTINGTON, CLERK |
| | ) U.S. DISTRICT COURT |
| THE FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 1:98-CV-3114 (TFH) |
| | ) |
| MYLAN LABORATORIES, INC., | ) Misc. No. 990276 (TFH/JMF) |
| CAMBREX CORP., | ) |
| PROFARMACO S.R.L., | ) |
| GYMA LABORATORIES OF AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENTS

WHEREAS the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York,

1

103

North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Washington, West Virginia, Wisconsin, Wyoming and the Commonwealths of Kentucky, Massachusetts, Pennsylvania, and Virginia, through their Attorneys General, and the District of Columbia, through its Corporation Counsel, (the "Plaintiff States"), individually and as authorized by law, in the State's sovereign capacity, on behalf of state agencies, in a statutory, equitable and/or common law capacity, and as representative of and/or as *parens patriae* on behalf of all natural person consumers in such state who have purchased either or both of the Relevant Drugs during the Relevant Period ("Settlement Group"), the Federal Trade Commission ("Commission"), and Mylan Laboratories, Inc., Gyma Laboratories of America, Inc., Profarmaco S.r.l., and Cambrex Corporation ("Settling Defendants"), by and through their counsel of record in this litigation, have entered into settlement of this litigation;

WHEREAS the terms of this settlement are set forth in the Settlement Agreement between the Plaintiff States and Commission and the Settling Defendants ("Mylan Settlement Agreement");

WHEREAS the Plaintiff States and SST Corporation ("SST Settling Defendant"), by and through their counsel of record in this litigation, have entered into settlement of this litigation;

WHEREAS the terms of this settlement are set forth in the Settlement Agreement between the Plaintiff States and SST Corporation ("SST Settlement Agreement");

WHEREAS these settlements will, subject to this Court's final approval, fully and finally compromise, settle and resolve the Released Claims subject to the terms and

2

CAMylan0400544                                                              CAMylan04005443

conditions set forth in the Mylan and SST Settlement Agreements ("the Settlement Agreements");

WHEREAS the parties to these Settlement Agreements (the "Parties") have filed them with the Court and requested that the Court grant preliminary and final approval of these settlements pursuant to state *parens patriae* and/or statutory and equitable authority and Federal Rule of Civil Procedure 23(e);

WHEREAS the Court has read and considered the Settlement Agreements, the proposed Consumer and Government Distribution Plans, Notice Plan and Consumer Claims procedure, and the pleadings and documents submitted in connection with the Parties' request for preliminary approval of the Settlement Agreements, and good cause appearing therefor;

IT IS HEREBY ORDERED as follows:

### PRELIMINARY APPROVAL OF SETTLEMENTS AND CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

1. This Court has jurisdiction over this action and each of the Parties.

2. The terms of the Settlement Agreements are hereby preliminarily approved, subject to further consideration thereof at the Settlement Hearing provided for below. The Court preliminarily finds that the settlements encompassed by the Settlement Agreements (the "Settlements"), including the proposed methods of distribution and allocation of the monies paid in settlement of these actions as outlined in the Consumer Distribution Plan and the Government Compensation Plan, are fair, reasonable and adequate and in the best interest of consumers in the Plaintiff States and the Settlement Group as a whole, and their terms satisfy Federal Rule of Civil Procedure 23(e), state equitable and/or *parens patriae* laws, and due process so that notice of the Settlements

3

should be given as provided in this Order.

3. For the purpose of these settlements only, a class consisting of

> All natural person consumers within Plaintiff States where such a class action may be brought, not otherwise represented by the Plaintiff States as *parens patriae*, who purchased generic lorazepam and/or clorazepate in the United States from January 1, 1998 through December 31, 1999

(the "Class") is hereby conditionally certified, pending final approval of the settlements herein.

4. The Court preliminarily finds that:

(a) The Attorneys General of the States of Alaska, California, Florida, Illinois, Kansas, Kentucky, Louisiana, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nevada, North Carolina, North Dakota, Ohio, Oregon, Rhode Island, South Dakota, Texas, Utah, Virginia, Wisconsin, and Wyoming, pursuant to their respective state's *parens patriae* or equivalent authority, and additionally under Fed. R. Civ. P. 23, have the authority to represent, settle and release the claims of natural person consumers residing within their states.

(b) The Attorneys General of the States of Alabama, Arizona, Colorado, Delaware, Hawaii, Idaho, Maine, Missouri, New Hampshire, New Jersey, New Mexico, New York, Pennsylvania, Tennessee, Vermont, Washington, West Virginia, and the District of Columbia, pursuant to their respective state's *parens patriae* or equivalent authority, have the authority to represent, settle and release the claims of natural person consumers residing within their states.

4

(c)   The Attorneys General of the States of Arkansas, Connecticut, Georgia, Indiana, Iowa, Nebraska, Oklahoma, and South Carolina have the authority to represent, settle and release the claims of natural person consumers residing within their states pursuant to Fed. R. Civ. P. 23.

(d)   The Attorney General of the State of Maryland has, and the Attorney General of the State of Colorado further has, the authority to represent, settle and release the claims of natural person consumers residing within their states pursuant to their equitable authority under Md. Com. Law Code Ann. §11-209 and §6-4-111C.R.S. (2000), respectively.

(e)   The Attorney General of the State of Washington has the further authority to bring equitable claims for the benefit of natural person consumers residing within her state, and to settle and release such claims, pursuant to R.C.W. §19.86.080.

## NOTICE OF SETTLEMENT

5.   The Court finds that the form and content of the proposed Summary Notice (Exhibit 4 to the Notice Plan), and Long Form Notice (Exhibit V to Rust Affidavit), are in full compliance with the requirements of Federal Rule of Civil Procedure 23, state *parens patriae* laws, and state equitable authority and satisfy due process. The Court further finds that the Notices provide to the Settlement Group sufficient information to make informed and meaningful decisions regarding their options in this litigation and the effect of these settlements on their rights, and that the Notice Plan is the best practicable method of notice under the circumstances. The Court approves the Notices and the Notice Plan.

CAMylan0400544                                                                 CAMylan04005446

6. The Court finds that the proposed 90-day Notice Period is adequate. The Notice Period shall run from June 1, 2001 until August 31, 2001. The Court further finds that the proposed 120-day consumer claims period is reasonable. The consumer claims period shall run from June 1, 2001 until September 29, 2001.

7. The Court confirms the Attorney General of the State of Ohio as Liaison Counsel for the Plaintiff States.

8. State Liaison Counsel shall cause the Notices to be disseminated to the Settlement Group substantially in the form presented to this Court, and in accordance with the Notice Plan and the terms of this Order.

## REQUESTS FOR EXCLUSION

9. All natural person consumers within the Settlement Group who submit valid and timely requests for exclusion from the Settlement Group postmarked on or before August 31, 2001 pursuant to instructions contained in the Notices, shall not have any rights under the Settlement Agreements and shall not be bound by the Settlement Agreements or the Final Judgment and Order.

10. All members of the Settlement Group who do not submit valid and timely requests for exclusion from the Settlement Group postmarked on or before August 31, 2001 pursuant to instructions contained in the Notices shall be bound by the Settlement Agreements and by the Final Judgment and Order.

## THE SETTLEMENT HEARING

11. A hearing on final settlement approval (the "Settlement Hearing") is hereby scheduled to be held before the undersigned on November 29, 2001 at 10:00 a.m. in Courtroom No. 9, United States Courthouse, 333 Constitution Avenue, N.W.,

CAMylan0400544                                                                      CAMylan04005447

Washington, D.C. 20001 to consider: (a) the fairness, reasonableness and adequacy of the Settlements, (b) the dismissal with prejudice of these actions, and (c) the entry of the Final Judgment and Order in these actions.

12. Any member of the Settlement Group who does not file a Request for Exclusion in the manner set forth above may appear at the Settlement Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlements and the dismissal with prejudice of these actions as to the Settling Defendants and SST Settling Defendant, and the entry of final judgment provided, however, that no person shall be heard in opposition to the Settlements, or dismissal and/or entry of final judgment, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before August 31, 2001 such person: (a) files with the Clerk of the Court a notice of such person's intention to appear ("Notice of Appearance"), as well as a statement that indicates the basis for such person's opposition to the Settlements, or the dismissal of claims and/or the entry of final judgment ("Statement"), and any documentation in support of such opposition, and (b) serves copies of such Notice of Appearance, Statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon the Lorazepam/Clorazepate Settlement Administrator, at P.O. Box 1605, Faribault, Minnesota, 55021-1605, and upon the following counsel:

7

CAMylan0400544                                    CAMylan04005448

| | |
|---|---|
| Mitchell L. Gentile, Esq.<br>Office of the Attorney General<br>140 East Town Street, 12th Floor<br>Columbus, OH 43215 | James B. Weidner, Esq.<br>Clifford Chance Rogers<br>& Wells LLP<br>200 Park Avenue<br>New York, NY 10166 |
| Richard Feinstein, Esq.<br>Federal Trade Commission<br>601 Pennsylvania Avenue, NW<br>Washington, DC 20580 | Sidney S. Rosdeitcher, Esq.<br>Paul Weiss Rifkind Wharton &<br>Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 |

13. The date and time of the Settlement Hearing shall be subject to adjournment by the Court without further notice other than that which may be posted at the Court and on the Court's web site.

14. All discovery and other pretrial proceedings in these actions were stayed and suspended as of August 4, 2000, pending the Effective Date of the Settlements as defined in the Settlement Agreements ("Final Approval"), and such stay continues, except such proceedings as are provided for in the Settlement Agreements, or which may be necessary to implement the terms of the Settlement Agreements or this Order.

15. The Parties shall file with the Court any pleadings or memoranda in support of the Settlements and Settlement Agreements, including a statement that the Plaintiff States have effectuated the Notice Plan, no later than November 5, 2001.

16. Any Settling Member of the Settlement Group may hire an attorney at his or her own expense to appear in this action. Such attorney shall serve the Notice of Appearance, Statement, and any supporting documentation on the counsel set forth in paragraph 12 on or before August 31, 2001, and file it with the Court on or before August 31, 2001.

CAMylan0400544                                                                                       CAMylan04005449

17. Pending Final Approval, the Settling Members of the Settlement Group, Plaintiff States and the Commission, either directly, representatively, or in any other capacity, shall not commence or prosecute against the Settling Defendants or SST Settling Defendant, any action or proceeding in any court or tribunal asserting any of the claims or causes of action that are to be released by the Settlement Agreements upon Final Approval; and, upon Final Approval, all members of the Settlement Group who have not timely and validly excluded themselves from the Settlements, the Plaintiff States and the Commission ("Releasing Parties") shall be forever enjoined and barred from asserting any of the claims or causes of action released by the Settlement Agreements, and any such Releasing Party shall be deemed to have forever released any and all such claims and causes of action as provided for in the Settlement Agreements.

## OTHER PROVISIONS

18. The Court, for purposes of this Order, adopts the definitions set forth in the Settlement Agreements, unless otherwise defined herein.

19. In the event the Settlements are terminated in accordance with the provisions of the Settlement Agreements, the Settlements and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreements, and without prejudice to the *status quo ante* rights of the Settling Defendants and SST Settling Defendant and the Releasing Parties.

20. All proceedings in these actions against the Settling Defendants and SST are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlements and, if it approves the Settlements, enters the Final Judgment and Order as provided in the Settlement Agreements.

CAMylan0400545                                                                       CAMylan04005450

21. Neither this Order nor the Settlement Agreements shall constitute any evidence or admission of liability by any Settling Defendant or SST Settling Defendant, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreements or the terms of this Order, or by any Settling Defendant or SST Settling Defendant in connection with any action asserting Released Claims.

SO ORDERED this 27th day of April, 2001.

_____
Honorable Thomas F. Hogan
United States District Judge

CAMylan0400545                                                              CAMylan04005451