UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>TRACK 2 SETTLEMENT | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**CLASS PLAINTIFFS' MOTION REGARDING DATES RELATED TO
FINAL APPROVAL OF THE TRACK TWO SETTLEMENT**

With respect to the Track Two Settlement, Class Plaintiffs submit this motion seeking to suspend the current schedule establishing opt-out, objection and claims filing dates for consumers in Class 1 and 3, and to postpone the date for the final fairness hearing related to the Track Two Settlement, currently scheduled for February 3, 2010 pending receipt of all necessary CMS data related to Class 1 consumers. Class Plaintiffs have conferred with the Track Two Defendants and the Track Two Defendants do not oppose this Motion. A proposed form of order is attached hereto for the Court's consideration.

In late April 2009, the Court held a fairness hearing to consider approval of the Track Two Settlement. At that time the Court indicated that it had questions concerning the adequacy of the Class 3 notice as it related to cash payors only. In addition, Class Counsel was awaiting data from CMS in order to provide direct mail notice of the settlement to Class 1 consumers using CMS contact and payment data.

In October 2009, Plaintiffs sought and received approval of the form of supplemental notice to cash payors and to establish a schedule of important dates related to both Class 1

consumers and cash paying consumers in Class 3.  As part of that Order, the Court set a final approval hearing date of February 3, 2010.  (October 13, 2009 Order, Master Docket No. 6591).

Given the status of notice to Class 1 and cash paying consumers in Class 3, Class Counsel seek to suspend the current schedule set forth in the Court's October 13, 2009 Order.  Rather than provide an alternative schedule, the adequacy of which will not be known until the CMS data has been received and reviewed, Class Counsel propose to move the Court for an appropriate schedule for opt-out, objection and claims filing deadlines for consumers, as well as for the scheduling of a final fairness hearing, once it is clear that sufficient data has been obtained from CMS to effectuate Class 1 notice.  This will avoid the need to further continue the scheduled dates if there are further problems with CMS data or Class 1 notice that need to be resolved.

**A.     Notice to Cash Payors**

As part of its October 13, 2009 order, the Court approved the form and manner of notice to cash payors in Class 3.  Since that time, Kinsella Media, LLC has initiated the supplemental notice program approved by the Court.  The elements of that program are being implemented as follows:

**1.     Cable Television**

The proposed supplemental notice program provided for a 30 second television advertisement to be run approximately 60 times during a two-week period.  Those TV spots will begin airing on November 30, 2009 and run through December 14, 2009.

**2.     Internet Banner Advertisements**

The supplemental notice program included internet banner ads displayed on targeted websites using an  internet network delivering thousands of impressions daily on hundreds of

special interest websites related to issues of interest to consumers 35 years of age or older. These banner ads began appearing in early November 2009 and will run through December 14, 2009.

### 3. Initial Response to Supplemental Program

To date response to the supplemental notice program has been robust, accounting for approximately 70,000 unique visits to the settlement website and 9,000 requests for copies of the Class 3 consumer notice.  The initiation of cable television spots is expected to increase response to the program.

### B. Notice to Class 1

As the Court will recall, direct mail notice to Class 1 (Medicare recipients) is to be accomplished using data obtained from CMS.  This data was previously obtained from CMS and used for purposes of direct mail notice to Class 1 consumers in both the GSK AWP settlement and the Class 1-only settlement with AstraZeneca.  Class Counsel previously anticipated receipt of this data in late October 2009 but has not yet received this data from CMS

The initial delay in obtaining this data stemmed from CMS's decision in mid 2008 to award its third party data contract to a new vendor.  Among other tasks, the vendor manages and fulfills CMS data requests.  As part of the transition, the new CMS vendor was required to load all CMS data into its data systems.  Due to the amount and complexity of the data maintained by CMS, as related by the vendor, the process took far longer than expected.

Discussions with both CMS and the third party data vendor reveal that the process of transferring the necessary data is complete and the vendor is working on the Track Two request for data related to Class 1 consumers.  An initial data run was complete in early November 2009 however internal processes meant to ensure the accuracy of the output revealed a number of problems with the data run in response to the Track Two data request.  Much of the problem

stemmed from input of the incorrect NDC codes for some Track Two drugs by the vendor. Some of the problems with the data stemmed from the data transfer process which was independent and unrelated to the specific request for Track Two drugs. CMS's vendor is working to correct these issues and re-run the Track Two data request and anticipates providing the information by December 31, 2009.

**C.     Revised Schedule Related To Consumer Claims Only**

In order to provide adequate time to allow the completion of supplemental notice to consumer cash payors prior to the filing of any materials in support of the settlement, as well as to provide adequate time to receive and process CMS data and provide consumers in Class 1 direct mail notice of the settlement, Class Counsel requests that the Court issue an order suspending the dates set forth in its October 13, 2009 Order, including the currently scheduled date of February 3, 2010 for a final fairness hearing. The proposed Order filed herewith provides that Class Counsel will submit a status report to the Court on or before January 15, 2010 related to the status of CMS data and, if appropriate, suggest an appropriate schedule for all related events.

For the reasons set forth above, Class Counsel respectfully request that the Court enter the proposed Order filed herewith.

| | |
|---|---|
| DATED:  December 4, 2009. | By   /s/ **Steve W. Berman**<br>   Thomas M. Sobol (BBO#471770)<br>   Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>55 Cambridge Parkway, Suite 301<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003 |

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

## **CERTIFICATE OF SERVICE**

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, CLASS PLAINTIFFS' MOTION REGARDING DATES RELATED TO FINAL APPROVAL OF THE TRACK TWO SETTLEMENT, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 4, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.

      **/s/ Steve W. Berman**
      Steve W. Berman