# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | Hon. Patti B. Saris |
| | ) | |
| ──────────────────────────── | ) | |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | |
| *United States ex rel Ven-A-Care of the* | ) | |
| *Florida Keys, Inc. v. Schering Corporation,* | ) | |
| *Schering-Plough Corporation and* | ) | |
| *Warrick Pharmaceuticals Corporation* | ) | |
| Civil Action No. 09-CV-10547 | ) | |
| | | |
| *United States ex rel Ven-A-Care of the* | ) | |
| *Florida Keys, Inc. v. Schering Corporation,* | ) | |
| *Schering-Plough Corporation and* | ) | |
| *Warrick Pharmaceuticals Corporation* | ) | |
| Civil Action No. 00-10698 | ) | |

### ORDER OF DISMISSAL WITH PREJUDICE OF SCHERING-PLOUGH CORPORATION, SCHERING CORPORATION, AND WARRICK PHARMACEUTICALS CORPORATION

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), the Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator"), and Schering-Plough Corporation, Schering Corporation, and Warrick Pharmaceuticals Corporation (collectively, "Schering/Warrick") (together, the "Parties") filed with this Court, a Stipulation of Dismissal with Prejudice of Schering-Plough Corporation, Schering Corporation, and Warrick Pharmaceuticals Corporation. Upon due consideration of the Stipulation, the Parties' Settlement Agreement and Release, the pricing analysis prepared by Schering/Warrick, which was attached to the Parties' Settlement Agreement and Release as Exhibit A, California, Florida, and the Relator's conclusion that there is no liability as to the

- 1 -

Schering-brand drugs, the United States Consent to the Parties' Settlement, and the objections made by the Commonwealth of Massachusetts, certain New York counties and others to the proposed Settlement, the Court hereby consents to the proposed Settlement for the following reasons:  (1) As reflected in the United States Consent to the Settlement Agreement and Release and the dismissal of these cases with prejudice, the United States has declined to intervene in this case or pursue a damages claim against Schering/Warrick for Schering's price reporting for its brand drugs based in part on the pricing analysis provided by Schering; (2) As reflected in the Parties' Settlement Agreement and Release, the Relator, California, and Florida also agree that there is no liability for the Schering brand drugs; and (3) The conclusions reached by the Relator, California, and Florida are consistent with, and supported by, the "30% yardstick" and sales at WAC test applied by this Court in *In re Pharm. Indus. Avg. Wholesale Price Litig.*, 491 F. Supp.2d 20, 32 (D. Mass. 2007), which resulted in a finding of no liability for the Schering brand drugs at issue in that case.  The First Circuit has now affirmed the Court's application of a 30% "yardstick" to the claims asserted against defendants involved in the MDL Track One trial.  Relator, California, and Florida agree that the First Circuit's ruling applies to the remaining Schering-brand drugs contemplated by this Settlement and Release and the Affidavit of Dr. Addanki supports this conclusion.  Accordingly, the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances.

       WHEREFORE, IT IS ORDERED, that

       1.     Consistent with the terms of the Settlement Agreement and Release executed by the Relator on behalf of the United States and Schering/Warrick, the above-captioned Civil Actions and all claims asserted or that could have been asserted by the Relator on behalf of the United States or on its own behalf in the above-captioned Civil Actions related to the Covered Conduct or the price reporting for reimbursement purposes for the Covered Drugs (as those

terms are defined in the Parties' Settlement Agreement and Release) are hereby dismissed with prejudice.

2.  This Order fully, finally, and forever resolves all claims related to the federal-share (defined to mean that portion of Medicaid expenditures paid by the United States) of any Medicaid overpayment allegedly arising out of the Covered Conduct or the price reporting for reimbursement purposes for the Covered Drugs, including but not limited to the federal-share of any claim brought by a state arising out of or related to the Covered Conduct or the price reporting for reimbursement purposes for Covered Drugs consistent with the principles of claim preclusion set forth in *Taylor* v. *Sturgell*, 553 U.S. __, 128 S.Ct. 2161 (2008) and *Giragosian* v. *Ryan*, 547 F.3d 59 (1st Cir. 2008).

3.  The Court finds that the Relator's share and any claim that the Realtor and its counsel may have to expenses, attorneys' fees, and costs shall be paid in accordance with the Plaintiffs' arrangements with the court-appointed mediator.

4.  The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this ___ day of December, 2009.

_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE