UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | ) ) Civil Action No. 01-12257-PBS ) ) |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, CIVIL ACTION NO. 06–CV-11337-PBS | ) Subcategory Docket: 06-CV-11337-PBS ) ) ) Hon. Patti B. Saris ) |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, CIVIL ACTION NO. 05-11084-PBS | ) ) Leave to File Granted: 7/20/09 ) ) |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation, Inc., et al.*, CIVIL ACTION NO. 07-10248-PBS | ) ) ) ) |

**UNITED STATES' COMMON SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT PERTAINING TO THE STATUTE OF LIMITATIONS AND DEFENDANTS' MOTIONS TO DISMISS**

The fundamental premise of defendants' argument is that an amended complaint cannot relate back for statute of limitations purposes if the original complaint suffered from a jurisdictional defect. The First Circuit has already held to the contrary, as have other Circuit and district courts, both within and outside the context of the False Claims Act (FCA), 31 U.S.C. §§ 3729-33. Moreover, defendants' argument that a complaint in intervention must be treated as a "separate action" is contrary to the entire structure of the FCA.

The holding of the First Circuit in *Connectu v. Zuckerberg*, 522 F.3d 82 (1st Cir. 2008) is controlling. Just as here, the defendants in *Connectu* argued that relation back was improper

because the district court lacked jurisdiction over the original complaint. The First Circuit explicitly rejected the argument, observing that, "the argument mixes plums with pomegranates. Rule 15(c)'s language about the relation back of amendments has no bearing here. . . . The relation back doctrine has nothing to do with the curing of jurisdictional defects in an earlier pleading." *Id.* at 94. Abbott argues that the First Circuit's holding turns on the fact that the plaintiff in *Connectu* was not "curing" a jurisdictional defect when it amended its complaint, and contends the United States' intervention is such a cure. The United States, however, does not intervene in *qui tam* actions as a potential "cure" for a possible jurisdictional defect by relator. The United States intervenes to pursue claims that it would have been entitled to pursue in the absence of any *qui tam* complaint and as to which there is no question as to federal jurisdiction.[1]

Both Abbott and Roxane further attempt to distinguish the First Circuit's holding by arguing that the United States' intervention constitutes "a separate action, which cannot relate back to the original pleading." Docket No. 6678 at 17; see also Docket No. 6677 at 14. If that were true, then presumably the United States' complaint in intervention could not relate back even if the relator's complaint lacked *any* jurisdictional flaws. Such is clearly not the law of this case or this Circuit. Moreover, the FCA itself does not treat an intervened case as a "separate action" from the original *qui tam* action. Instead, the FCA speaks of one "action" throughout the statute, most notably in Section 3730(b)(4), which expressly provides that when the United States intervenes in an action, that "action shall be conducted by the Government . . . ."

The First Circuit's approach is consistent with other precedent. The Ninth Circuit, for

---

[1] Dey relegates the First Circuit's holding in *Connectu* to a footnote, saying only that it was not an FCA case, and further erroneously claims that the court did not address the relation back issue when it is apparent, even from the limited quotation above, that it did. Docket No. 6681 at 14 n.8.

example, has held that relation back under Rule 15(c) "is proper even where the original complaint failed for lack of subject-matter jurisdiction." *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982) (*citing Stewart v. United States*, 620 F.2d 740, 741 (9th Cir. 1980)). Much as the First Circuit found that defendants' argument mixed "plums and pomegranates," the Ninth Circuit noted, "[i]t is the 'conduct, transaction, or occurrence' test of Rule 15(c) which assures that the relation back doctrine does not deprive the defendant of the protections of the statute of limitations[,]" and not the existence of an affirmative defense to jurisdiction. *Santana*, 686 F.2d at 739. Similarly, in *Ashland v. Ling-Temco-Voughts, Inc.*, 711 F.2d 1431 (9th Cir. 1983), the plaintiffs' original complaint was jurisdictionally defective and their amended complaint was challenged on statute of limitations grounds. Applying the same logic used by the First Circuit, the Ninth Circuit held, "We have no trouble deciding that plaintiffs' subsequent filing and service were properly allowed to relate back under Rule 15(c). Rule 15(c)'s requirement that the claim in the amended pleading arise 'out of the conduct, transaction, or occurrence set forth . . . in the original pleading' is satisfied. Only the jurisdictional basis has changed; the factual allegations remain unaltered . . . ." 711 F.2d at 1437.

The approach taken by the First and Ninth Circuits is also consistent with the lone district court opinion on the issue. In *United States ex rel. Koch v. Koch Indus., Inc.*, 188 F.R.D. 617 (N.D. Okla. 1999), defendants argued in a declined *qui tam* case that an amended complaint seeking to substitute a relator could not relate back to a complaint over which the court lacked subject matter jurisdiction. "Essentially, defendants contend that because Precision was not a proper relator, the original complaint was a nullity to which no relation back may take place." 188 F.R.D. at 622. The district court rejected the argument, finding that since relator sought to

3

amend prior to any dismissal of the original case, "[s]ubstituting one relator for another under the FCA is the functional equivalent of an amendment to properly assert subject matter jurisdiction. It is established that [a]mendments curing a defective statement of subject matter jurisdiction . . . will relate back . . . .'" 188 F.R.D. at 622 (citing 6A Wright & Miller, § 1497 at 80 (2d ed. 1990) (footnote omitted)).

The single FCA district court opinion cited by Abbott, *United States ex rel. Krahel v. Regents of Univ. of Cal.*, 2001 WL 1548786 (N.D. Cal. Sept. 13, 2001), does not decide the issue presented here, but instead addresses whether relators in an intervened case against a state entity can recover despite the Supreme Court's holding in *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765 (2000). In *Krahel*, the United States intervened in and settled two *qui tam* suits filed by relators against a state entity. Relators sought a share of the proceeds and argued that once the United States intervened, relators were no longer prohibited from a recovery based on the *Vermont* decision. The district court held that even where the United States intervenes, relators still were not entitled to a share of the settlement proceeds paid by the state entity. The sentence quoted by Abbott in its reply brief relates to that issue and does *not* address the question of relation back presented here.

Finally, just as they seek to avoid the obvious impact of the First Circuit's decision in *Connectu*, defendants also offer absurd interpretations of the recent amendments to the FCA concerning the relation back of the government's complaint-in-intervention to the original *qui tam* complaint. In the Fraud Enforcement and Recovery Act of 2009 (FERA), Pub. L. No. 111-21(4)(b), Congress clarified its intent *ab initio* that all the government's pleadings relate back to the filing of relator's complaint where the claims arise out of the same conduct, transactions or

4

occurrences as relator's complaint. *Id*. FERA adds a new subsection (c) to Section 3731 which provides:

> If the Government elects to intervene and proceed with an action brought under 3730(b), the Government may file its own complaint or amend the complaint of a person who has brought an action under section 3730(b) to clarify or add detail to the claims in which the Government is intervening and to add any additional claims with respect to which the Government contends it is entitled to relief. For statute of limitations purposes, any such Government pleading shall relate back to the filing date of the complaint of the person who originally brought the action, to the extent that the claim of the Government arises out of the conduct, transactions, or occurrences set forth, or attempted to be set forth, in the prior complaint of that person.

There is no exception to this provision for *qui tam* complaints that are later found to be barred by the public disclosure rule and no basis for this Court to establish any such exception. Instead, defendants argue that even though FERA explicitly states that it applies to "cases pending on the date of enactment," which would obviously include the instant case, the action here is not "pending" due to the alleged jurisdictional defect. Defendants point to other FCA case law dealing with the first to file issue and interpreting other sections of the statute. Such precedent does not apply here, however, because in FERA, Congress addressed the specific timing of the application of a statute, and not whether the allegations of a particular case contain sufficient substance to bar subsequently filed cases. When viewed in this light, it is hard to imagine a more tortured reading of straightforward language in a statute than the one defendants posit.

## **CONCLUSION**

For the reasons set forth above and in the plaintiffs' defendant-specific summary judgment briefs, plaintiffs respectfully request that the Court deny defendants' motions for summary judgment and motions to dismiss.

Respectfully submitted,

For the United States of America,

| | |
|---|---|
| CARMEN M. ORTIZ | TONY WEST |
| UNITED STATES ATTORNEY | ASSISTANT ATTORNEY GENERAL |

                                                     /s/ Laurie A. Oberembt

GEORGE B. HENDERSON, II      Joyce R. Branda
BARBARA HEALY SMITH         Daniel Anderson
JAMES J. FAUCI                      Renée Brooker
Assistant U.S. Attorneys            Laurie A. Oberembt
United States Courthouse         Justin Draycott
1 Courthouse Way, Suite 9200   Rebecca Ford
Boston, MA 02210               Civil Division
(617) 748-3272                     Commercial Litigation Branch
                                      P. O. Box 261
JEFFREY H. SLOMAN           Ben Franklin Station
ACTING UNITED STATES ATTORNEY  Washington, D.C. 20044
SOUTHERN DISTRICT OF FLORIDA    Phone: (202) 307-1088
                                        Fax: (202) 307-3852

Mark A. Lavine
Ann St. Peter-Griffith
Special Assistant U.S. Attorneys
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Phone: (305) 961-9003
Fax: (305) 536-4101


Dated: December 18, 2009

# CERTIFICATE OF SERVICE

       I hereby certify that I have this day caused an electronic copy of the above **UNITED STATES' COMMON SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT PERTAINING TO THE STATUTE OF LIMITATIONS AND DEFENDANTS' MOTIONS TO DISMISS** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                    /s/ Laurie A. Oberembt

Dated: December 18, 2009                 Laurie A. Oberembt