UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456<br>) Master File No. 01-12257-PBS<br>) Subcategory Case No. 06-11337<br>)<br>) Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*State of California, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.*<br>Case No: 1:03-cv-11226-PBS | )<br>) Magistrate Judge<br>) Marianne B. Bowler<br>)<br>) |

### DECLARATION OF SUZANNE GRAYDON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT MYLAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Suzanne Graydon, do hereby declare as follows:

1.  I am currently employed as an Investigative Auditor at the Office of the Attorney General, State of California. My responsibilities include investigating fraud in connection with California's Medicaid program ("Medi-Cal"). I make this Declaration based on my own personal review of the electronic data described herein, as well as my review of the Declaration of Mr. Peter Brase, filed by Mylan in support of its Motion for Partial Summary Judgment. The purpose of this Declaration is to explain and state that: (1) the data referred to in the Mr. Brase's declarationactually demonstrate that in most instances, Medi-Cal's reimbursement payments resulted in dollar payments significantly above the provider's total cost, and (2) the sample of claims chosen by Peter Brase is not representative, or otherwise indicative, of provider's margin or loss per claim, as reflected in the data.

2.  The electronic Mylan Claims Data provided to Mylan by California on or about August 3, 2007 contains (but is not limited to) the following fields: CLM_CTRL_NUM_300 (a unique number assigned to each claim), CLM_PD_DT (Paid Date, reflecting the date the warrant

1

check was created), CLM_PROD_ID_50 (reflecting the National Drug Code (NDC) for each claim), CLM_ALOWD_AMT_380 (Allowed Amount, reflecting the total amount allowed for the ingredient cost), CLM_UNITS_OF_SRVC_QTY_327 (Units, reflecting the total number of units dispensed), CLM_PROFNL_FEE_AMT_381(Dispensing Fee, reflecting the dispensing fee), and CLM_REIMBRSEMNT_AMT_349 (Paid Amount, reflecting the actual total amount paid to the provider).

3. From the Mylan Claims Data, I extracted claims for the following Mylan NDCs that were paid during 2000 that were included in the Myers and Stauffer report, "A Survery of Acquisition Costs of Pharmaceuticals in the State of California", exhibits 5 & 6:

> Temazepam 15mg capsule, NDC # 00378-4010-01
> Temazepam 30mg capsule, NDC # 00378-5050-01
> Acyclovir 800mg tablet, NDC # 00378-0302-01
> Lorazepam 1mg tablet, NDC # 00378-0457-01
> Lorazepam 2mg tablet, NDC # 00378-0777-01
> Piroxicam 20mg capsule, NDC # 00378-2020-01

4. For the subject NDCs, I extracted a sample claim for each NDC. The fields described in paragraph 2, above, were extracted for each claim. I used the two Myers and Stauffer reports, "A Survey of Acquisition Costs of Pharmaceuticals in the State of California," and "Study of medi-Cal Pharmacy Reimbursement," to estimate provider costs. The acquisition cost from "A Survey of Acquisition Costs of Pharmaceuticals in the State of California" was multiplied by the number of units per claim to determine the estimate of the ingredient cost for each NDC. A professional fee of $7.21 was added to the ingredient cost for each claim. The $7.21 professional fee was based on the "Study of Medi-Cal Pharmacy Reimbursement" for the weighted cost of dispensing drugs to the Medi-Cal beneficiaries. For each claim, the estimate of the provider's cost was reduced by $0.25, a mandated reduction per claim in effect from 1/1/2000 through 6/31/2002. The "Spread" was calculated as the difference between the

published AWP per unit cost, and the average actual acquisition cost (AAAC) (from the Myers and Stauffer report), by subtracting the difference between the two and dividing by the AAAC.

I then calculated the dollar margin or loss. The dollar margin or loss field is the calculated difference between the actual paid amount per claim and the estimated provider's cost. This is the methodology set forth by Mr. Brase in his declaration, titled "Declaration of Peter Brase Concerning the State of California's Claims Data". The dollar margin or loss was divided by the provider's cost to calculate the provider's margin or loss percent.

5. Claims 1-7 in Exhibit 1 are the claims that were used in Mr. Brase's Declaration. The field, "Provider's Margin or Loss %", was added to these claims to better illustrate the margin. Claims 8-12 are a sample of claims for the Mylan NDCs that were also included in the Myers and Stauffer report, "A Survey of Acquisition Costs of Pharmaceuticals in the State of California," but were omitted from Mr. Brase's Declaration.

6. As demonstrated by a comparison of Claims 1-7 and 8-13 of Exhibit 1, it is apparent that the sample of claims chosen by Mr. Brase is not indicative of a provider's margin or loss per claim. For the claims selected for his declaration, the average dollar margin was $4.40, and the average margin percent was 30. For claims 8-13, the average dollar margin is $58.40, and the average margin percent is 497.

7. Mr. Brase further states in paragraph 18 that he selected a claim paid on November 15, 2004. Exhibit 1 includes 6 claims, #14-19, for the NDCs listed in paragraph 3 that were also paid on November 15, 2004. The provider's cost is based on the average actual acquistion costs from the Myers and Stauffer report and assumes the costs remained the same. The average dollar margins and percents were not indicative of the margins and percents from the 2000 claims.

I declare of under penalty of perjury that the foregoing is true and correct.

Executed December 21, 2009, at San Diego, California.

*Suzanne Graydon*
SUZANNE GRAYDON

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 21, 2009, a copy of Lexis-Nexis for posting and notification to all parties.

/s/ *Matthew Kilman*
MATTHEW KILMAN
