# Exhibit 7

## Part 8

*State of California ex rel. Ven-A-Care of the Florida Keys, Inc.*
*v. Abbott Laboratories, Inc., et al.*, **Master Civil Action No. 01-12257-PBS,**
**Subcategory Case No. 06-11337**

Exhibit to the December 21, 2009 Declaration of Sarah L. Reid in Support
of Dey's Opposition to Plaintiffs' Motion for Partial Summary Judgment

in connection with a survey or knowingly provides false information. The provisions of section 1128A of the Act (other than subsection (a) (with respect to amounts of penalties or additional assessments) and (b)) shall apply as set forth in section 1927(b)(3)(B).

(b) The Secretary may impose a civil monetary penalty, in an amount not to exceed $100,000, for each item of false information as set forth in 1927(b)(3)(C)(ii).

(c) The Secretary may impose a civil monetary penalty for failure to provide timely information on AMP, Best Price or Base Date AMP. The amount of the penalty shall be increased by $10,000 for each day in which such information has not been provided, as set forth in 1927(b)(3)(C)(i).

## V    DISPUTE RESOLUTION -- MEDICAID UTILIZATION INFORMATION

(a) In the event that in any quarter a discrepancy in Medicaid Utilization Information is discovered by the Manufacturer, which the Manufacturer and the State in good faith are unable to resolve, the Manufacturer will provide written notice of the discrepancy, by NDC number, to the State Medicaid Agency prior to the due date in II(b).

(b) If the Manufacturer in good faith believes the State Medicaid Agency's Medicaid Utilization Information is erroneous, the Manufacturer shall pay the State Medicaid Agency that portion of the rebate amount claimed which is not disputed within the required due date in II(b). The balance due, if any, plus a reasonable rate of interest as set forth in section 1903(d)(5) of the Act, will be paid or credited by the Manufacturer or the State by the due date of the next quarterly payment in II(b) after resolution of the dispute.

(c) The State and the Manufacturer will use their best efforts to resolve the discrepancy within 60 days of receipt of such notification. In the event that the State and the Manufacturer are not able to resolve a discrepancy within 60 days, HCFA shall require the State to make available to the Manufacturer the State hearing mechanism available under the Medicaid Program (42 Code of Federal Regulations section 447.253 (c)).

(d) Nothing in this section shall preclude the right of the Manufacturer to audit the Medicaid Utilization Information reported (or required to be reported) by the State. The Secretary shall encourage the Manufacturer and the State to develop mutually beneficial audit procedures.

8

(e) Adjustments to Rebate Payments shall be made if information indicates that either Medicaid Utilization Information, AMP or Best Price were greater or less than the amount previously specified.

(f) The State hearing mechanism is not binding on the Secretary for purposes of his authority to implement the civil money penalty provisions of the statute or this agreement.

## VI    DISPUTE RESOLUTION -- PRESCRIPTION DRUGS ACCESS AND STATE SYSTEMS ISSUES

(a) A State's failure to comply with the drug access requirements of section 1927 of the Act shall be cause for the Manufacturer to notify HCFA and for HCFA to initiate compliance action against the State under section 1904 of the Act. A request for compliance action may also occur when the Manufacturer shows a pattern or history of inaccuracy in Medicaid Utilization Information.

(b) Such compliance action by HCFA will not relieve the Manufacturer from its obligation of making the Rebate Payment as provided in section 1927 of the Act and this agreement.

## VII    CONFIDENTIALITY PROVISIONS

(a) Pursuant to Section 1927(b)(3)(D) of the Act and this agreement, information disclosed by the Manufacturer in connection with this Agreement is confidential and, not withstanding other laws, will not be disclosed by the Secretary or State Medicaid Agency in a form which reveals the Manufacturer, or prices charged by the Manufacturer, except as necessary by the Secretary to carry out the provisions of section 1927 of the Act, and to permit review under section 1927 of the Act by the Comptroller General.

(b) The Manufacturer will hold State Medicaid Utilization Information confidential. If the Manufacturer audits this information or receives further information on such data, that information shall also be held confidential. Except where otherwise specified in the Act or agreement, the Manufacturer will observe State confidentiality statutes, regulations and other properly promulgated policy.

(c) Notwithstanding the nonrenewal or termination of this Agreement for any reason, these confidentiality provisions will remain in full force and effect.

## VIII    NONRENEWAL AND TERMINATION

(a) Unless otherwise terminated by either party pursuant to the terms of this Agreement, the Agreement shall be effective for an