UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 C.A. No. 01-12257-PBS |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**MOTION TO STAY DISTRIBUTION OF ASTRAZENECA FEE AWARD AND FOR COURT REVIEW OF LEAD COUNSEL'S ALLOCATION OF FEES AND REIMBURSEMENT OF COSTS**

The Haviland Law Firm ("HLF") hereby moves this Honorable Court for an Order Staying Distribution of the AstraZeneca Fee Award and for Court Review of Lead Counsel's Allocation of Fees and Reimbursement of Costs, and in support thereof avers as follows:

1. HLF came in as co-lead counsel for the Class at the invitation of existing co-lead counsel when the law firm of Kline & Specter ("K&S")[1] desired to withdraw and be substituted in September 2006. K&S had previously served as co-lead counsel for the class between October 2005 and September 2006.

2. HLF served as co-lead counsel for years, representing its individual clients and the class at depositions and hearings, in pleadings and discovery, reviewing discovery documents, and in conferences with both plaintiffs and defendants as well as at trial.

3. Co-lead counsel represented to both HLF and this Court that HLF would be properly compensated for the work the firm has done for the benefit of the Class.

---

[1] As the Court is well aware, the managing partner of HLF, Mr. Haviland, was previously employed by K&S prior to forming HLF.

1

4. On the strength of those representations, HLF sent co-lead counsel its time and expenses incurred in representing both its individual clients and the Class, with the further assurance by co-lead counsel it would be properly compensated.

5. To date, HLF has not been paid any fee or cost reimbursement for its work on the case on behalf of the Class.

6. On December 10, 2008, in response to a Motion filed by one class counsel, this Court entered an electronic minute Order regarding the payment and allocation of fees. The Order states, in relevant part:

> The Court orders lead counsel to consult with all firms regarding its plan for allocating fees in this MDL in the future and submit a proposal to the Court within 30 days. I have no problems with the settlement, but allocation of fees and expenses must be fair and transparent. Any objections shall be reviewed on an abuse of discretion standard.

7. Despite the entry of that Order, co-lead counsel did not consult with HLF regarding its plan for allocating fees in this MDL, including their decision to allocate no fees or expenses to HLF.

8. On January 9, 2009, Class Counsel filed their Proposed Future Fee Allocation Guidelines [Docket No. 5836] ("Proposed Allocation Guidelines"). Class Counsel noted a few reasons why they were "unable to submit to the Court a detailed fee allocation plan at this time" and then proceeded to "outline [ ] the guidelines that [Class Counsel] intend to apply to all future fee allocations." Proposed Allocation Guidelines at 1-2. Class Counsel indicated that they would be guided by factors that courts consider in awarding fees in class litigation. *Id.* at 2 (*citing Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 50 (2d Cir. 2000); *Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190, 195 n.1 (3d Cir. 2000)).

9. Class Counsel then unequivocally represented to the Court that they "have communicated the below guidelines to all Plaintiffs' counsel in this case." *Id.* at 2.

2

10. Class Counsel then outlined their plan to reimburse a specific portion of total expenses awarded as a first step in allocating any future award. They then proceeded to briefly outline the following three factors they have identified as "primary drivers" of discerning each firm's contribution to the litigation: (1) the risk borne by counsel in litigating a complex case on a contingency fee basis; (2) the quality of the representation provided; and (3) the time and labor expended by counsel. *Id.* at 2-3. Further, Class Counsel identified risk to be the most important factor.

11. Class Counsel then represented to the Court that they "have employed the foregoing factors and will group the 25 Plaintiffs' firms reporting time and expenses in the AWP litigation into three tiers based on their contributions to the litigation." *Id.* at 4.

12. Inexplicably, Class Counsel did not list HLF as one of the firms reporting time and expenses in the AWP litigation, despite its prior work on behalf of the Class as co-lead counsel.

13. Consistent with that omission, despite the fact that HLF has submitted relevant time and expenses to Class Counsel, Class Counsel has not yet paid HLF any fee or cost reimbursement.

14. Co-lead counsel do not propose to pay HLF any fees or cost for reimbursements out of the proceeds of the AstraZeneca settlement, despite its prior work in this case in general, and in the AstraZeneca case in particular.

15. Among other things, HLF performed the following services which benefitted the AstraZeneca class in this case among other things: it represented one of two named class representatives throughout the discovery process, participated in AstraZeneca depositions and

written discovery, prepared pleadings, and participated in the preparation of the Class 1 consumer trial and the settlement of the same.

16. Further, none of HLF clients have been paid their incentive fees, as promised by co-lead counsel and as ordered by this Court, and none is expected to be paid absent further order of this Court. *See Aaronson Motion for Incentive Fee* (unopposed). *See also* December 22, 2008 Order granting final approval to the AstraZeneca Settlement [Docket Entry No. 5802] (wherein the Court states at ¶ 14, "Class Representatives Townsend and Howe are hereby granted compensation awards in the amounts of $4,500 and $5,000 each, respectively, which shall be paid by AstraZeneca in accordance with the terms of the Agreement and the Court's prior order.")

17. Other firms who have served the class in this case also have been omitted from Class Counsel's three tier breakdown and also have not been paid.

18. Other former co-lead counsel (like HLF), designated by Class Counsel as "Tier II" firms, who in co-lead counsel's words "dropped out of the case and thereby minimized their risk," have been paid. *See Williams Pleading* at 7 ("Heins Mills & Olson and Kline & Specter, two firms that used to be Lead Counsel but later 'dropped out of the case,' were paid $1,543,873. With their $186, 804 in expense reimbursement, the total paid to the Tier II firms was $1,730.677 - about 10% of the GSK award left after paying non-class counsel").

19. Likewise, several other firms who have effectively withdrawn from the active prosecution of the case on behalf of the named class representatives and the classes have been paid.

20. Former co-lead counsel K&S appears to have billed the class in this case for time and expenses incurred in other state-court class actions involving Lupron outside MDL 1456.

[Docket Entry No. 6763] (reporting a withdrawal of $406.58 in charges incurred in the Lupron Arizona case).

21. Further, K&S appears to be inflating its lodestar to the detriment of the certified classes in this case. Specifically, in the context of the GSK settlement, on June 22, 2007, co-lead counsel submitted firm-specific information to the Court showing lodestar time and expenses as of August 10, 2006. *See* Exhibit 1 to the June 22, 2007 Declaration of Marc Edelson ("June 22, 2007 Edelson Decl.") [Docket Entry No. 4399]. The June 22, 2007 Edelson Decl. states that, as of August 10, 2006, K&S worked 6,681.75 hours on this case, had incurred expenses of $404,180.02 and had a total lodestar of $2,093,136.25. After the firm withdrew from the case in 2006, in the context of the AstraZeneca settlement, on April 17, 2008, co-lead counsel submitted firm-specific information to the Court showing lodestar time and expense from inception through May 31, 2007. *See* Exhibit 1 to the April 16, 2008 Declaration of Marc Edelson ("April 16, 2008 Edelson Decl.") [Docket Entry No. 5222]. Exhibit 1 to that April 16, 2008 Edelson Decl. shows that, in the nine months from August 10, 2006 to May 31, 2007, K&S expended ***no additional hours in the case***, but its lodestar inexplicably grew by nearly $1.4 million, and its expenses inexplicably increased by over $200,000.

22. Court intervention is required to avoid having the fee dispute become a separate, parallel litigation. *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983) ("[a] request for attorney's fees should not result in a second major litigation").

Dated December 23, 2009       Respectfully Submitted,

                /s/ Donald E. Haviland, Jr.
                Donald E. Haviland, Jr., Esquire
                Michael J. Lorusso, Esquire
                THE HAVILAND LAW FIRM, LLC
                111 S. Independence Mall East, Suite 1000
                Philadelphia, PA 19106
                Telephone: (215) 609-4661
                Facsimile: (215) 392-4400

# CERTIFICATE OF SERVICE

I, Donald E. Haviland, Jr., hereby certify that a true and correct copy of the foregoing Motion to Stay Distribution of AstraZeneca Fee Award and for Court Review of Lead Counsel's Allocation of Fees and Reimbursement of Costs was electronically filed and served to all interested counsel via the Court's CM/ECF system on December 23, 2009.

/s/ Donald E. Haviland, Jr.