# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | |
| *The City of New York v. Abbott Labs., et al.* (S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.* (E.D.N.Y. No. 03-CV-229)<br>*County of Westchester v. Abbott Labs., et al.* (S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.* (S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs., et al.* (S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs., et al.* (S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00425) | |

[Caption Continues on Next Page]

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**JOINT MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

| | |
|---|---|
| *County of Warren v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00468) | ) |
| *County of Greene v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00474) | ) |
| *County of Saratoga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00478) | ) |
| *County of Columbia v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00867) | ) |
| *Essex County v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00878) | ) |
| *County of Chenango v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00354) | ) |
| *County of Broome v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00456) | ) |
| *County of Onondaga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00088) | ) |
| *County of Tompkins v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00397) | ) |
| *County of Cayuga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00423) | ) |
| *County of Madison v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00714) | ) |
| *County of Cortland v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs. et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |

| | |
|---|---|
| *County of Genesee v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |

After an extended discovery period and an order of the Court granting Defendants' motion to compel the production of documents by the New York Department of Health ("NYDOH"), Defendants were surprised to learn on March 13, 2009, that NYDOH had withheld 413 documents regarding such topics as "AWP," "pharmacy cost containment," and "pharmacy reimbursement" on the basis of an asserted deliberative process privilege. Assuming that NYDOH intended to invoke New York's common law public interest privilege,[1] that privilege—which is qualified and narrow—does not justify NYDOH's large-scale withholding of relevant documents. Any interest that NYDOH may have in the confidentiality of its documents is

---

[1] New York law does not recognize a deliberative process privilege, per se.

outweighed by Defendants' strong interest in evidence relevant to the claims and defenses in these consolidated cases. Accordingly, Defendants respectfully ask that the Court order NYDOH to produce all documents it has withheld under the deliberative process privilege.

## BACKGROUND

In this consolidated action brought by 44 New York Counties and New York City against 38 pharmaceutical manufacturers for allegedly inflating the published prices that New York Medicaid used to reimburse providers for brand and multisource drugs, defendants sought discovery of documents from NYDOH, which administers New York's Medicaid program.

NYDOH initially resisted Defendants' discovery requests, relenting only after the Court entered an order granting Defendants' motion to compel. NYDOH's subsequently produced about 4000 documents (a small number relative to the quantity of production by other State Medicaid programs). On March 13, 2009, NYDOH sent Defendants a 91-page privilege log listing 571 documents that it had withheld from production. (Attached as Exhibit A.) The log includes 413 documents (slightly more than 10% of all documents produced by NYDOH) that NYDOH has withheld on the basis of a deliberative process privilege. (*Id.*) The brief descriptions in the log, such as 29 documents regarding "pharmacy reimbursement" (*e.g.*, NYCO AWP NYDOH 03798-03799), 11 documents regarding "pharmacy cost containment" (e.g., NYCO AWP NYDOH 03915-03916), and 5 documents regarding "AWP" (*e.g.*, NYCO AWP NYDOH 03899), reveal that these documents concern issues central to these cases.

On November 3, 2009, Defendants notified NYDOH that they objected to NYDOH's withholding of any documents on the basis of an asserted deliberative process privilege. Counsel for Defendants and counsel for NYDOH subsequently conferred telephonically on December 1, 2009 and December 11, 2009 in an effort to resolve the privilege issue.

During the December 11, 2009 conference, NYDOH agreed to review the documents it had previously withheld on the basis of a deliberative process privilege and weigh the need for confidentiality of each document against its relevance and value to Defendants, in an effort to determine whether it could produce any additional documents.  After conducting this review, NYDOH provided Defendants with a supplemental production that consisted of about 175 documents out of the more than 400 originally withheld.  Although the production included a small number of documents regarding issues such as "AWP," "pharmacy reimbursement," and "pharmacy cost containment"—thus confirming the relevance of these documents to the issues in this case—NYDOH continues to withhold more than 225 documents regarding these and other core issues on the basis of a claimed deliberative process privilege.

## ARGUMENT

The New York public interest privilege does not justify NYDOH's withholding of hundreds of documents.[2]  The privilege is a qualified one, and it does not apply when a litigant's need for evidence outweighs the State's interest in confidentiality.  *See Steering Comm.* v. *Port Auth. of N.Y. & N.J.*, 263 A.D.2d 417, 425 (N.Y. App. Div. 1st Dep't 1999) (requiring disclosure in part because "plaintiffs have also shown that these documents are crucial to the prosecution of their claim").  Here, Plaintiffs have squarely put governmental knowledge at issue, and governmental knowledge is also relevant to possible defenses to Plaintiffs' claims.  Defendants' interest in the discovery, therefore, outweighs any interest the State may have in the confidentiality of NYDOH documents.

---

[2]  Under Federal Rule of Evidence 501, state privilege law applies to any "element of a claim or defense as to which State law supplies the rule of decision."  All remaining causes of action in these consolidated cases are state law causes of action.  *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257-PBS, 2007 WL 1051642, at *16 (D. Mass. Apr. 2, 2007) (dismissing several causes of action and leaving claims of common law fraud; unfair trade practices, N.Y. Gen. Bus. Law § 349; and violation of New York Social Services Law § 145-b).

I.  **New York's Public Interest Privilege Is a Narrow, Qualified Privilege Designed to Protect Public Safety and the Integrity of Ongoing Law Enforcement Investigations.**

New York law does not recognize a civil discovery privilege that is similar in name[3] or operation[4] to the Federal deliberative process privilege, but New York common law recognizes a public interest privilege (sometimes referred to as an executive privilege) that "attaches to confidential communications between public officers, and to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged," *Cirale* v. *80 Pine Street Corp.*, 35 N.Y.2d 113, 117 (1974) (internal quotation marks omitted).  In considering whether disclosure would harm the public interest, the court must take into account both "the needs of the government" and "the societal interests in redressing private wrongs and arriving at a just result in private litigation." *Id.* at 118.  This balancing "can include the weighing of the encouragement of candor in the development of policy against the degree to which the public interest may be served by disclosing information which elucidates the governmental action taken." *In re World Trade Ctr. Bombing Litig.*, 93 N.Y.2d 1, 12 (1999) (internal quotation marks omitted).  Only if "it is shown that disclosure would be more harmful to the interests of the government than the interests of the

---

[3]  A search of all New York state cases on Lexis-Nexis revealed that the term "deliberative process privilege" appears in only seven cases.  Three of the cases used the term in reference to an inter-agency communications privilege under the New York Freedom of Information Law ("FOIL"), *see Mecca* v. *Shang*, 55 A.D.3d 570, 571 (N.Y. App. Div. 2d Dep't 2008); *N.Y. Tel. Co.* v. *Nassau County*, 54 A.D.3d 368, 370 (N.Y. App. Div. 2d Dep't 2008); *Tuck-It-Away Assoc., L.P.* v. *Empire State Dev. Corp.*, 54 A.D.3d 154 (N.Y. App. Div. 1st Dep't 2008); two of the cases noted that a litigant had argued that the deliberative process privilege applied, but did not address the argument, *see L & M Bus Corp.* v. *N.Y. City Dep't of Educ.*, 21 Misc. 3d 1111A (N.Y. Sup. Ct. 2008); *State* v. *Philip Morris, Inc.*, 686 N.Y.S.2d 564, 567 (Sup. Ct. 1998); one case involved the application of Federal privilege law to a Federal official's invocation of the deliberative process privilege, *see Dorchester Master Ltd. P'ship* v. *Cabot Pipeline Corp.*, 137 Misc. 2d 442, 444 (N.Y. Sup. Ct. 1987); and one case used the term "deliberative process privilege" to refer to the public interest privilege, *see In re Ernst J. (Anonymous)*, 292 A.D.2d 528 (N.Y. App. Div. 2d Dep't 2002).

[4]  As discussed further below, the New York public interest privilege does not incorporate certain key concepts that form the basis for the Federal deliberative process privilege, such as predecisional or deliberative.

party seeking the information" will a court decide that "the overall public interest on balance would then be better served by nondisclosure," *Cirale*, 35 N.Y.2d at 117.

The State cannot, moreover, invoke the privilege through "a mere assertion" that it applies. *Id.* Instead, "[t]here must be specific support for the claim of privilege," and "the governmental agency [must] come forward and show that the public interest would indeed be jeopardized by a disclosure of the information." *Id.* at 118-19. This "factual proof of harm," *City of New York* v. *Keene Corp.*, 304 A.D.2d 119, 122 (N.Y. App. Div. 2003), must "demonstrate the specific public interest that would be jeopardized by an otherwise customary exchange of information," *In re World Trade Ctr. Bombing Litig.*, 93 N.Y.2d at 8; *see also Colgate Scaffolding & Equip. Corp.* v. *York Hunter City Servs.*, 14 A.D.3d 345, 346 (N.Y. App. Div. 2005) ("[T]o avoid abuse of the privilege, specific support is required to invoke it." (citation omitted)).

Generally, the public interest at issue involves public safety or the integrity of law enforcement investigations. *See Colgate Scaffolding & Equip. Corp.*, 14 A.D.3d at 346 (holding that defendants had not shown a "potential harm" to the public interest, "such as a threat to public security or danger to a confidential informant"); *see also, e.g.*, *Brasky* v. *City of N.Y. Dep't of Investigation*, 40 A.D.3d 531, 535 (N.Y. App. Div. 2007) (holding that the public interest privilege applied to the tape and transcript of an interview conducted by the Department of Investigation); *LaBarbera* v. *Ulster County SPCA*, 277 A.D.2d 672, 674 (N.Y. App. Div. 2000) (ruling that animal-cruelty organization could claim public interest privilege to block discovery of the identity of informant who reported animal abuse); *Klein* v. *Lake George Park Comm'n*, 261 A.D.2d 774, 774 (N.Y. App. Div. 1999) (holding that public interest privilege precluded discovery of "the source of the allegation that [Plaintiffs] were discharging raw

sewage"); *Lowrance* v. *State*, 185 A.D.2d 268, 269 (N.Y. App. Div. 1992) (ruling that inmate was "not entitled to discovery of a file developed by the Inspector General's Office during its investigation of a grievance [the inmate] made against a Correction Officer"); *Brady* v. *Ottaway Newspapers, Inc.*, 97 A.D.2d 451, 451-52 (N.Y. App. Div. 1983) (reversing trial court order compelling discovery of State Police investigative reports because speculation as to identify of informants "could subject sources to reprisals and imperil any future investigation of a similar nature").

Even when these security and law enforcement interests are implicated by disclosure, the privilege is narrow. For example, on remand in *In re World Trade Center Bombing Litigation*, the Appellate Division upheld the trial court's order compelling disclosure of materials concerning safety systems at the World Trade Center, despite the Port Authority's concerns that disclosure would expose vulnerabilities in its safety systems and impair candor among safety consultants involved in the design of WTC's security systems. *Steering Comm.* v. *Port Auth. of N.Y. & N.J.*, 263 A.D.2d 417, 421-25 (N.Y. App. Div. 1999).

## II.     NYDOH Has Not Shown a Need for Confidentiality.

Despite the Court of Appeals's warning that the public interest privilege applies only if the State identifies a specific public interest that would be harmed by production, *In re World Trade Ctr. Bombing Litig.*, 93 N.Y.2d at 8, NYDOH has done nothing more than merely assert that the privilege justifies its withholding of hundreds of documents. With respect to documents being withheld on the basis of a purported deliberative process privilege, NYDOH has provided only a cursory description of the document (such as "Document regarding Medicaid pharmacy reimbursement" or "Email regarding OIG Drug Rebate Audit Comments") and a boilerplate justification for withholding:

> This document is a confidential, inter-agency communication that is predecisional and deliberative. It contains subjective materials and recommendations that reflect the personal opinions of the author.

(*See* Ex. A.)  Notably, this explanation does not include any claim that disclosure would harm the public interest, much less identify a "specific" public interest at risk.  Instead, the explanation seeks only to satisfy the requirements of the Federal deliberative process privilege—which does not have an analogue under New York civil discovery law.

Defendants have been unable to imagine a possible threat to the public interest that would justify NYDOH's withholding of documents.  As noted above, the public interest privilege generally applies to documents the release of which would threaten public safety or the integrity of law enforcement investigations.  *See, e.g.*, *Brasky* v. *City of N.Y. Dep't of Investigation*, 40 A.D.3d 531, 535 (N.Y. App. Div. 2007) (investigative interview transcript); *Lowrance* v. *State*, 185 A.D.2d 268, 269 (N.Y. App. Div. 1992) (investigation file); *Brady* v. *Ottaway Newspapers, Inc.*, 97 A.D.2d 451, 451-52 (N.Y. App. Div. 1983) (identity of informant).  The documents being withheld by NYDOH do not raise these concerns about the public safety or the integrity of an ongoing law enforcement investigation.

NYDOH's "prima facie failure" to claim that disclosure would harm the public interest or to offer "any factual proof of harm to the public good" wholly vitiates its invocation of the public interest privilege, and therefore "protective relief is not warranted" regardless of the nature of the documents or their importance to the litigation.  *See Keene Corp.*, 304 A.D.2d at 122.  Because NYDOH has not claimed that disclosure would harm the public interest, Defendants ask that it be ordered to produce all documents it has withheld on the basis of an asserted deliberative process privilege.

**III.     Defendants' Interest in Discovery Outweighs the State's Interest in Confidentiality.**

Even if NYDOH had made a prima facie case for the public interest privilege, Defendants' need for discovery outweighs any interest NYDOH may have in confidentiality.  As this Court observed in a related action when ruling on a challenge to the Federal government's withholding of documents on the basis of the Federal deliberative process privilege, defendants raising a government knowledge defense "need to see what the government knew about spreads and when it knew it in order to see if [the defense] will fly."  (Order Re Submitted Documents for In Camera Review at 15, *In re Pharmaceutical Indus. Avg. Wholesale Price Litig.*, MDL No. 1456, Master File No. 01-12257-PBS (D. Mass. Nov. 5, 2008) (Dkt. # 5665) (attached as Exhibit B).)  The Court further held that because the Government was suing the defendants for common law fraud, the Government's knowledge was relevant to the element of reliance.  (*Id.*)  It is equally relevant in this case, which asserts a count of fraud.

Similarly, NYDOH's knowledge about drug costs, pricing, and the nature of published prices, as well as its knowledge of the relationships among ingredient cost, dispensing fees, reimbursement objectives, and reported prices, is relevant to issues that Plaintiffs themselves introduced to these cases:  government knowledge and reliance.  A review of the brief descriptions included in the privilege log reveals that NYDOH has withheld documents relevant to these issues, such as the following:

| Bates Number | Date | Description |
| --- | --- | --- |
| 09249-09251 | 3/24/2004 | Document regarding Proposed Medicaid Prescription Reimbursement System. |
| 09507-09508 | 1/23/2004 | Email regarding dispensing fees. |
| 09578-09579 | 4/17/2002 | Email regarding Medicaid pharmacy reimbursement. |
| 09728-09728 | 3/23/2000 | Email regarding AWP. |

| Bates Number | Date | Description |
|---|---|---|
| 09928-09928 | 3/19/2004 | Email regarding Blue Book AWP. |
| 09970-09972 | 11/25/2003 | Email regarding proposed change to federal legislation. |
| 11363-11369 | 9/25/2001 | Memorandum regarding Office of State Comptroller Final Audit Report. |
| 11833-11834 | 3/13/1998 | Email regarding Rules for Pharmacy. |
| 11868-11873 | 5/5/1997 | Document regarding Pharmacy Carve-out. |
| 12436-12442 | 11/10/2000 | Email regarding DOH Pharmacy Proposal and Cost Savings. |
| 12462-12467 | 8/29/1997 | Memorandum regarding Pharmacy Carve out Issue. |
| 12767-12770 | 10/25/1999 | Document regarding Draft Budget Initiatives. |
| 12816-12825 | 10/13/2000 | Fax regarding Cost Containment strategies. |

(Ex. A.)

NYDOH's understanding of issues referenced in these documents, such as cost containment, Federal legislation, and reimbursement formulae, is relevant both to Plaintiffs' claims and to Defendants' possible defenses. And NYDOH's recent production of documents regarding these very issues demonstrates that it understands their relevance and centrality to the case. As a result, NYDOH's continued broad withholding of documents interferes with "arriving at a just result" in these consolidated cases, *Cirale*, 35 N.Y.2d at 117. The balance of interests weighs heavily in favor of disclosure. Defendants accordingly ask that the Court order NYDOH to produce documents it has withheld under an asserted deliberative process privilege.

## **CONCLUSION**

Defendants respectfully ask that this Court enter an order compelling NYDOH to produce documents it has withheld on the basis of an asserted deliberative process privilege, or in the alternative for an in camera review of these documents to determine whether they have been properly withheld.

Respectfully submitted,

Merck & Co., Inc. (formerly known as Schering-Plough Corporation), Schering Corporation, and Warrick Pharmaceuticals Corporation, on behalf of all Defendants

/s/ John P. Bueker
John T. Montgomery (BBO #352220)
John P. Bueker (BBO #636435)
Kim B. Nemirow (BBO #663258)
Russell Patrick Plato (BBO #671087)

ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: December 23, 2009

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2009, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

        /s/ Russell Patrick Plato
    Russell Patrick Plato