# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 ) ) Master File No. 01-CV-12257-PBS ) ) Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) |

## HEINS MILLS & OLSON, P.L.C.'s RESPONSE TO MOTION TO STAY DISTRIBUTION OF ASTRAZENECA FEE AWARD AND FOR COURT REVIEW OF LEAD COUNSEL'S ALLOCATION OF FEES AND REIMBURSEMENT OF COSTS

Heins Mills & Olson, P.L.C., which was previously designated by the Court to serve on the Lead Counsel Committee as a Committee Chair on behalf of plaintiffs and the classes and which subsequently withdrew from those co-leadership positions with the Court's approval,[1] respectfully files this response to the Motion to Stay Distribution of AstraZeneca Fee Award and for Court Review of Lead Counsel's Allocation of Fees and Reimbursement of Costs ("Motion") filed by the Haviland Law Firm on December 23, 2009. While we understand that plaintiffs' lead counsel will be filing a response to the Motion, we write briefly to assist the Court by correcting inaccurate statements made in the Motion.

1.    In its Motion, the Haviland Law Firm asserts that "[o]ther former co-lead counsel (HLF), designated by Class Counsel as 'Tier II' firms, who in co-lead counsel's

---

[1] *See* Heins Mills & Olson, P.L.C.'s Response to Motion for Amendment of Case Management Order No. 1 and Consolidated Order Re: Motion for Class Certification filed March 29, 2007 (Docket No. 3968).

words 'dropped out of the case and thereby minimized their risk,' have been paid." Motion ¶ 18 at 4 (*citing* Kent M. Williams' Memorandum in Support of Motion for Court Review of Lead Counsel's Allocation of GSK Fee Award, for Court Monitoring of Class Counsel Time and Expense and for Court Allocation of all Future Fee Awards to Class Counsel, Docket No. 5645, which motion was subsequently withdrawn by Mr. Williams, Docket No. 5751).

2.     Although Heins Mills & Olson, P.L.C. has been partially reimbursed for a portion of its attorneys' fees and costs reasonably incurred on behalf of plaintiffs and the classes in this matter, the statement in the Motion that our firm has "dropped out of the case and thereby minimized their risk" is inaccurate. Heins Mills & Olson, P.L.C. has not "dropped out" of the case, continues to bear significant risk with other plaintiffs' counsel firms, remains one of the plaintiffs' counsel firms and has contributed significant time and resources to advancing the interests of plaintiffs and the classes in this litigation.

3.     Heins Mills & Olson, P.L.C. has been and remains counsel of record for plaintiff Twin Cities Bakery Fund Workers Health and Welfare Fund.

4.     Heins Mills & Olson, P.L.C. previously detailed the services it performed on behalf of plaintiffs and the classes in this matter from case inception through August 10, 2006, in the context of supporting plaintiffs' joint petition for attorneys' fees and reimbursement of expenses in the GSK settlement. *See* Affidavit of David Woodward in Support of Class Plaintiffs' Joint Petition for Attorneys' Fees and Reimbursement of Expenses in Relation to Settlement with GSK Filed on Behalf of Heins Mills & Olson, P.L.C. (Docket No. 4379-1).

5.     As noted in my previous Affidavit (Dckt No. 4379-1), our firm expended a

total of 21,037.5 hours on behalf of plaintiffs and the class and incurred expenses totaling
$595,699.22 in connection with the prosecution of this litigation. Services performed on
behalf of plaintiffs and the classes by Heins Mills & Olson, P.L.C. include: legal
research; extensive factual investigation; development of litigation theories and claims;
conferences and coordination with other members of the Lead Counsel Committee
regarding case strategy and planning; communications with and gathering documents
from plaintiff Twin Cities Bakery Workers Health and Welfare Fund; drafting and editing
pleadings, including portions of the initial and subsequent amended complaints;
attendance at hearings before the Court; researching, drafting and editing briefs,
including at the critical motion to dismiss stage; pursuing extensive party and non-party
discovery; engaging in meet and confer discussions with opposing counsel concerning
discovery; conducting and defending depositions; drafting third party document requests;
retaining, consulting and working closely with an expert on various issues including
claim theories and liability; making substantial contributions to fund the prosecution of
this litigation; reviewing, analyzing and coding extensive documents produced in the
course of discovery; participating in motion practice and briefing; and participating in the
defense of the deposition of one of plaintiffs' expert witnesses.

Dated: December 29, 2009          **HEINS MILLS & OLSON, P.L.C.**

   s/ David R. Woodward
Samuel D. Heins (admitted *pro hac vice*)
David R. Woodward (admitted *pro hac vice*)
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that I, David Woodward, an attorney, caused a true and correct copy of the foregoing, Heins Mills & Olson, P.L.C.'S Response to Motion to Stay Distribution of Astrazeneca Fee Award and for Court Review of Lead Counsel's Allocation of Fees and Reimbursement of Costs, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 29, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.

<u>s/ David Woodward</u>
David Woodward