# Exhibit 4

**Brophy, Steve B.**

| | |
|---|---|
| **From:** | Specter, Shanin |
| **Sent:** | Saturday, August 26, 2006 8:40 AM |
| **To:** | Haviland, Donald E. |
| **Cc:** | Kline, Thomas R. |
| **Subject:** | Re: File Moves |

Don -- Your reply of last night that you'll do what you'd you said you'd do is vague. Before you leave, Tom and I expect you to (1) fully complete the time report to Edelson in the MDL accounting for what you told me on August 14 to be 3.7mm in time, which you said you would do both in that meeting and again this week in our meeting with Kathy and Roberta (and, Don, literally no one but you can do this as only you know the fair attribution of work to the MDL case before our formal involvement -- if you don't do this our firm will likely lose this money), (2) do a memo setting forth what we've contributed to the MDL case, (this need not be an opus, but need simply set forth that which we would provide to an adjudicator in the event of a fee dispute in the MDL), (3) finish your time sheets up to the date of departure and (4) pledge that you will respond to reasonable requests after you leave (which you told me you'd do on August 14). The clean up/accounting/transition work in #1, #2 and #3 above is integral to the smooth transition any law firm has the right to expect from a departing attorney and is specifically contemplated by the 60 day transition period and accompanying language in your employment agreement. #4 is also a reasonable request particularly in light of your request to leave early.

It makes no sense for our relationship to become adversarial now, or for that matter, ever, or for you to burn the bridge you have with our firm and Tom and me. We have lots of work together, particularly the ongoing work in Bridgeport, and a breach between us won't be good for anyone, particularly our shared clients.

Our firm's employees are working to pack our boxes with our files for you. I've agreed to arrange and pay for their move to your new firm, which is a cost that is plainly not our responsibility but which I'm undertaking to literally go the extra mile due east for you.

I've given you the biggest boost I can with everyone from the Pennsylvania AG's office to Steve Berman to RodaNast to Paul Bartle and his colleagues to Kim West to potential sources of business for you like Mike DeBenedictus and intend to continue to do so. I have a lot of respect for your talents. And I have defended you from criticism from many quarters, some of which you are aware of. By the way, I appreciate your doing the briefing and agreeing to take K-Dur to your new firm if it isn't resolved here (the transfer to your new firm is subject to Henderson's and the AG's ok which I will work on). These are examples of how we are and should continue to work together on this transition.

I know this is a stressful time for you and your family and I recall you telling me that you are moving this weekend, so I suggest we not communicate by email on this any more this weekend but rather speak in person about this Monday morning.