Exhibit 3



24434690

Mar 30 2009
5:18PM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| The State Of Iowa | ) MDL NO. 1456 ) Civil Action No. 01-12257-PBS |
| v. | ) |
| Abbott Laboratories, Inc., *et al.* | ) Judge Patti B. Saris ) ) ) ) ) |

**STATE OF IOWA'S OBJECTIONS AND RESPONSES TO TEVA
PHARMACEUTICALS USA, INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF, THE STATE OF IOWA**

Pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts and the relevant case management order, plaintiff The State of Iowa (hereinafter "Plaintiff" or "Iowa") responds as follows to Defendant Teva Pharmaceuticals USA, Inc.'s First Set of Requests for Production to Plaintiff, the State of Iowa.

**GENERAL OBJECTIONS**

1.    Plaintiff objects to the "definitions" and "instructions" to the extent they are vague, confusing and ambiguous.

2.    Plaintiff objects to the "definitions and "instructions" to the extent they seek to create obligations broader than what is required by the Federal Rules of Civil Procedure, the Local Rules of the Transferor Court and/or the local rules of this Court.

3.      Plaintiff objects to the document requests to the extent they seek information subject to the attorney-client privilege, the work product doctrine, the deliberative process privilege, the legislative privilege, or any other applicable evidentiary or other privilege, immunity or restriction.  Plaintiff's production of any document or response is without waiver of any privilege, claim of confidentiality or other objection.

4.      Plaintiff objects to the document requests to the extent they seek documents and information that defendant already has obtained or could obtain from third-parties on the grounds that production would be unduly burdensome, duplicative and expensive.

5.      Plaintiff reserves all objections or other positions it may have to the competency, relevance, materiality, privilege or admissibility of any documents produced in response to the requests, or any and all other objections on grounds that would require the exclusion of any statement or information contained herein if the introduction of such evidence was sought at the time of trial, all of which objections and grounds are reserved and may be interposed at time of trial.  The fact that plaintiff has responded to any part or all of any particular request is not intended to and shall not be construed to be a waiver by plaintiff of any objection to the relevance or admissibility of any evidence in this or any other action.

6.      Plaintiff objects to each document request individually, and taken as a whole, to the extent that they are overly broad and unduly burdensome, and are designed to harass plaintiff and/or to deter the assertion of claims by plaintiff.

7.      Plaintiff objects to each document request to the extent that it seeks facts known to plaintiff's counsel rather than plaintiff.  Such facts obtained by counsel through their investigation constitute privileged attorney work-product.

8.     Plaintiff objects to each document request to the extent that it calls for production of information readily available to defendant from public or other sources that are more convenient, less burdensome or less expensive than recourse to plaintiff.

9.     In providing responses to each document request, plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

a)     All objections as to the competency, relevancy, materiality and admissibility of each document request, the responses and their subject matter;

b)     All objections as to the vagueness, ambiguity or other infirmity in each document request and any objections based on the undue burden imposed by the document request;

c)     All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

d)     All rights to object on any ground to any further document request or other discovery requests involving or related to the subject matter of the document request;

e)     The right to supplement responses to the document requests prior to trial;

f)     Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts, the Local Rules of the Transferor Court and other statutes or the common law;

10.     Plaintiff's responses are based upon, and therefore limited by, plaintiff's present recollections.  Consequently, plaintiff reserves the right to make any changes in these responses if it appears that at any time, inadvertent errors or omissions have been made or additional information becomes available.

11.     Subject to and without waiving its objections, plaintiff will respond to requests or portions thereof to the best of its present ability.  Because plaintiff has not completed its discovery of the facts pertaining to this action or its preparation of this case for trial, plaintiff reserves its right to supplement or amend its responses based upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

12.     When plaintiff responds that it will produce documents in response to a request, it will produce such documents to the extent that they exist and can be reasonably obtained.  By stating that it will produce documents, plaintiff does not represent that any such documents or things, in fact, exist or are within its possession, custody or control.

13.     All of plaintiff's general objections are incorporated into each of the specific responses below.

## SPECIFIC OBJECTIONS

1.     Plaintiff has already produced documents responsive to many of the requests below in connection with the Open Records request served on plaintiff by defendants on Nov. 3, 2008.  By producing such documents, plaintiff did not waive its objections as to competency, relevancy, materiality and admissibility.

2.     To the extent that the documents produced by plaintiff in response to the Open Records request include documents specific to Teva's Subject Drugs, plaintiff will not re-produce these documents.

3.     Plaintiff is in the process of producing documents responsive to Defendants' First Set of Document Requests to the State of Iowa, Feb. 3, 2009.  To the extent that these documents include documents specific to Teva's Subject Drugs, plaintiff will not re-produce these documents.

4.      The Iowa CMO expressly confines claims data production to 1992-2005.  *See* Iowa CMO, Ordered Jan. 22, 2009  at ¶ 4.  To the extent that the requests below are not so limited, plaintiff objects on the grounds that documents outside that time period are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Plaintiff objects on the grounds that the requests are unduly burdensome to the extent they seek duplicative material.

6.      All of plaintiff's specific objections are incorporated into each of the specific responses below.

## RESPONSES TO REQUESTS FOR DOCUMENTS

**1.      All Documents consulted, retrieved, used or referred to in responding to Teva's First Set of Interrogatories to Plaintiff State of Iowa.**

Plaintiff is in the process of responding to Teva's First Set of Interrogatories to Plaintiff, the State of Iowa.  To the extent that the documents identified with or used in responding to these interrogatories have not already been produced in response to the Open Records request or other individual document requests, and subject to and without waiving its specific and general objections, plaintiffs will produce those documents that fall within this category and are not subject to the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.

**2.      Except for Communications with counsel in connection with this lawsuit, all Documents reflecting or concerning Communications between Teva and the State relating to Teva's pharmaceutical products, drug purchasing, pricing, reporting, utilization, rebates, and/or reimbursement.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor Iowa's Medicaid reimbursements nor the drugs at issue in the Iowa AWP litigation.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous,

unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff further objects to the extent the request would have Iowa re-produce to Teva materials  already in Teva's own possession.  Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request.   Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist that are not already in Teva's possession, plaintiff will produce those.

**3.     All Documents reflecting or concerning the difference between the reimbursement amount paid to a Provider and a Provider's costs to purchase any Teva Subject Drug.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid providers.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects on the grounds that Teva knows, far better than Iowa, what its customers' costs to purchase Teva drugs are.  Subject to and without waiver of the foregoing objections, to the extent responsive, non-privileged documents exist, plaintiff will produce those.

**4.     All Documents concerning any requests by You for information concerning price, costs, or reimbursement for any of the Teva Subject Drugs, including but not limited to any responses to such requests, contracts, memoranda of understanding, agreements,**

**Provider contracts, or Communications concerning the calculation, monitoring, tracking, processing, or payment of claims for any of the Teva Subject Drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor Iowa Medicaid's reimbursements nor the relevant Iowa Medicaid providers. Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the request calls for the production of material that is already in Teva's own possession, i.e. Teva's contracts with providers and documents concerning the price and cost providers and/or pharmacies pay for Teva's products which are, in large part if not entirely, set pursuant to Teva's contracts with such providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents exist and are not already in Teva's possession, plaintiff will produce those.

**5.     Documents showing any MAC or FUL available for each of the Teva Subject Drugs, including the period of time during which it was in effect.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff objects further to the extent that the

request calls for materials that are within Teva's custody or control or are otherwise publicly available.

**6.    All Documents constituting, concerning or relating to Your deliberation and/or decision to set or not to set MACs for any of the Teva Subject Drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff further objects to this request on the grounds that the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents exist, plaintiff will produce those.

**7.    All Documents constituting, concerning or relating to Your deliberation and/or decision to request or not to request AMP data for its Subject Drugs, including all documents containing any AMP data for any Subject Drug and all documents concerning the calculation of an AMP from a URA.**

Plaintiff objects to this request on the grounds that plaintiff has in fact requested AMP data for all of Teva's Subject Drugs or is in the process of doing so.  Plaintiff further objects on the grounds that this request is overbroad insofar as it is not confined to 1992-2005.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects to the extent the request calls for the production of data that is already in Teva's own possession.  Plaintiff further objects to the extent the request implies, improperly and contrary to law, that Iowa was somehow obliged to use the confidential

8

URAs to reverse engineer defendants' AMPs or to otherwise use the confidential URAs for any purpose.

**8.    All Documents containing a representation by Teva that You claim to be false or misleading.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff further objects to the extent the request calls for the production of material that is already in Teva's own possession, i.e. plaintiffs allege that every price Teva published or caused to be published was false and these prices were established by Teva.   Teva is fully aware what prices it reported to the publishing compendia.  Plaintiff objects further on the grounds that the request is unduly burdensome and duplicative. Teva has received a copy of the entire First DataBank NDDF file from plaintiffs in MDL 1456 which contains, inter alia, the false Teva prices at issue.  Plaintiff objects further on the grounds that the request is premature given that discovery is ongoing. Subject to and without waiver of the foregoing, plaintiffs will produce non-privileged responsive documents.

**9.    All Documents, including communications, memoranda (internal and external), or analyses, concerning Medicaid Rebates for the Teva Subject Drugs, including but not limited to the following:**

        **(a)    URA transactional data for the Teva Subject Drugs, whether received from CMS, HCFA or any other entity;**

        **(b)    Your claims for rebates for the Teva Subject Drugs;**

        **(c)    All communications between You and Teva concerning rebates on its Subject Drugs;**

        **(d)    Your calculation of claims for Medicaid Rebates for the Teva Subject Drugs;**

        **(e)    Documents reflecting rebates paid to You by Teva; and,**

(f)     **Invoices for Medicaid Rebates sent to Teva for its Subject Drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff is not asserting rebate claims against Teva or any generic manufacturer.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff specifically objects to subpart (a) insofar as it calls for the production of material that is  in the possession of Teva  and/or implies, contrary to law, that plaintiff should have been using highly confidential URAs in connection with its Medicaid reimbursement.  Plaintiff specifically objects to subparts (b) - (f)  because, as stated, plaintiff is not asserting rebate claims against Teva.    Plaintiff further objects to these subparts insofar as they request documents and data already in the possession of Teva.

**10.     All Documents reflecting or concerning Communications between the State and any Provider or Publisher regarding the price or cost to the Provider of any of the Teva Subject Drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid providers.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects further on the grounds that Teva knows, far better than Iowa, what its customers' costs were for Teva drugs. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, or other applicable privilege. Subject to

and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**11.     All Documents concerning any discussion, hearing, conference, meeting, or other assembly with You from 1991 to the present in which dispensing fees, pricing data, drug reimbursement, drug utilization, and/or Medicaid Rebates were discussed for any of the Teva Subject Drugs, including all Documents concerning Your actual or potential contractual relationships with PBMs, Third-Party Administrators, Benefit Consultants, auditors, Wholesalers, Manufacturers, insurers, independent practice associations, retailers, mail-order pharmacies, Providers, trade associations, or lobbyists, where such relationships relate to reimbursement of, purchases of, or expenditures for the Teva Subject Drugs, including, but not limited to, agreements, requests for proposals, invoices, presentations, reports, analyses, reviews, correspondence, and comments submitted in response to public notices or proposals to change reimbursement methodologies.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid providers.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff objects further to the extent that the request seeks documents within Teva's possession. Plaintiff objects further on the grounds that Medicaid Rebates are entirely irrelevant to plaintiffs' claims against Teva; plaintiff has not asserted rebate claims against Teva. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist that are not already in Teva's possession, plaintiff will produce those.

**12.      All Documents concerning Federal Supply Schedule or Veterans' Affairs pricing for Teva Subject Drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects further on the grounds that the request seeks material that is irrelevant to this litigation.

**13.      All Documents concerning comparisons of IME reimbursement for Teva Subject Drugs in the State to the acquisition costs of such prescription drugs of any other entity, including, but not limited to, providers, wholesalers, any other state agency or department, or any other state Medicaid programs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid providers.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

14.     **All Documents concerning any research or price determinations, including drug-pricing files, made by IME or Iowa Medicaid's fiscal agent for the Teva Subject Drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid providers.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

15.     **All Documents concerning communications between You and any Healthcare Management Organization, Benefit Consultant or PBM concerning reimbursement of the Teva Subject Drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid providers.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the deliberative process or other applicable privilege.  Subject to and without waiver of the foregoing objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

16.     **All communications between You – including Iowa Medicaid and its fiscal agents – and any person or entity, including, but not limited to, Providers, FDB, Redbook, Medi-Span, any Federal Agencies, NAMFCU, MMCAP, NASMD or any other State**

**Medicaid Agency, regarding the price, including the Reimbursement Rate or Reimbursement Methodology, for any Teva Subject Drug.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid providers nor the price reporting services used by Iowa during the relevant time frame.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request.   Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**17.     All documents received from any of FDB, Medi-Span and Redbook, by the Plaintiff – including Iowa Medicaid and its fiscal agents – regarding the Reimbursement Rate or Reimbursement Methodology for any Teva Subject Drug.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid providers nor the price reporting services used by Iowa during the relevant time frame.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request.   Subject to and without waiver of the foregoing

objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**18.     All documents concerning or referring to Suggested Wholesale Price or SWP for any Teva Subject Drug.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid providers.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent the request calls for the production of material that is already in the possession of Teva. Plaintiff further objects on the grounds that, as a practical matter and as Teva well knows and intended, any price that Teva reported as a Suggested Wholesale Price or SWP was published as an Average Wholesale Price or AWP. .

**19.     For any Teva Subject Drug, all documents indicating, stating or otherwise concerning the fact that AWP does not represent an average price at which wholesalers acquire pharmaceutical products from manufacturers.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff objects further on the grounds that the request, as written, makes no sense.  Iowa does not allege that AWP represented "an average price at which wholesalers acquire pharmaceutical products from manufacturers", nor have the Court's rulings in any MDL 1456 matter defined AWP in this manner.

20.    **All documents that Iowa Medicaid, the Pharmaceutical and Therapeutics Committee, IME's fiscal agents, or any other entity or agency relied upon to determine whether any Teva Subject Drug should or should not be included in the Iowa PDL.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.   Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist that are not already in Teva's possession, plaintiff will produce those.

21.    **All Communications, including Communications to or from You, the Pharmaceutical and Therapeutics Committee, IME's fiscal agents, or any other entity or agency, concerning or relating to the factors considered in assessing whether to place any Teva Subject Drug on the Iowa PDL.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request.   Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist that are not already in Teva's possession, plaintiff will produce those.

22.    **All documents reflecting the actual or estimated losses, damages, or alleged overpayments You made with respect to the Teva Subject Drugs as a result of Teva's alleged conduct, including Documents reflecting, containing or discussing: (i) the amount of**

**damages; (ii) the methodology used to calculate or derive that amount; and (iii) all facts and Documents upon which you rely to support your claims as to the nature and extent of each category of damages.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff objects further on the grounds that this request is premature at this stage in the proceeding as discovery has just begun and plaintiff has not yet obtained all the relevant data.  Plaintiff further objects on the grounds that initial responsive information  has already been provided in the State of Iowa's Initial Rule 26 Disclosures, dated Feb. 27, 2009.

**23.    All documents concerning actual or proposed supplemental rebates relating to any Teva Subject Drug, including but not limited to any discussions or analyses performed by You or on Your behalf concerning a request or solicitation or supplemental rebates, or implementation of any supplemental rebate program relating to Teva Subject Drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff objects further on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff objects further on the grounds that supplemental rebates are not material to the issues in this litigation.  Subject to and without waiver of the foregoing general or specific objections, plaintiff has already produced documents responsive to this request pursuant to defendants' Open Records request.  Subject to and without

17

waiving its specific and general objections, plaintiff will produce additional responsive documents to the extent they exist.

Dated: March 30, 2009

Respectfully submitted,

TOM MILLER
ATTORNEY GENERAL FOR
THE STATE OF IOWA

By:     /s/ Joanne M. Cicala
        Joanne M. Cicala (JC 5032)
        Jocelyn R. Normand (JN 0651)

        KIRBY McINERNEY, LLP
        Special Counsel to the State of Iowa
        825 Third Avenue, 16th Floor
        New York, New York 10022
        (212) 371-6600

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on the 30th day of March, 2009, she caused a true and correct copy of the State of Iowa's Objections and Responses to Defendant Teva Pharmaceuticals USA, Inc.'s First Set of Requests For Production to Plaintiff, The State of Iowa to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

<div style="margin-left: 50%;">

<u>/s/ Jocelyn R. Normand</u>
Jocelyn R. Normand
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 371-6600

</div>