UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | MDL No. 1456 |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,*Civil Action No. 06-11337 | ) ) ) ) ) | Civil Action No. 01-12257-PBS<br><br>Subcategory No. 06-11337-PBS |
| | ) | Hon. Patti B. Saris |

**MOTION TO DISALLOW DEFENDANT'S NEW EXPERT OPINIONS**

Plaintiffs ask that the Court disallow at the Daubert hearing the new opinions,

exhibits and related analysis first disclosed by defendants after the close of business on

Friday evening and on Saturday morning, January 15-16, 2010, together with the related

documentation disclosed on January 13, 2010.  These opinions and exhibits do not simply

update or supplement existing analysis (and are not responsive to the supplemental nine-

state analysis prepared by Dr. Duggan.)  Instead, Abbott's experts have introduced

completely new theories which appear to have even been prepared approximately one

month after the first two days of the instant Daubert hearing and after this Court stated

that no such new analyses would be permitted at the hearing.  More importantly, these

new analyses are very misleading and will cloud rather than shed light on the pertinent

issues.

In large part, the new analyses are rooted in "***standard deviation***" calculations

rooted in almost a quarter of a million calculations used in Dr. Duggan's analysis.  The

new analyses are also based on an interpretation of the pattern of the data.  However, an

examination of the expert reports and deposition testimony of Abbott's experts reveal

absolutely no reference whatsoever to standard deviations or pattern analysis.  The

reasoning behind these "standard deviation" and pattern analysis based opinions are

therefore completely unknown to the United States and would be unveiled for the first

time at the Daubert hearing.  Thus, neither the United States' counsel, nor Dr. Duggan, is

in a position to fully review, analyze or understand these completely new, complex

opinions, especially without the benefit of written defense opinions, as are required by

Fed. R. Civ. Proc. 26(a)(2).  As a result, the Court will receive a skewed presentation

which will not fairly or properly advance the Court's understanding of the pertinent

issues.

Abbott's conduct is also in contravention of the Court's express admonition at the

Daubert hearing.  At the Daubert hearing on December 11, 2009, this Court concluded the

proceedings for the day with the clear statement that there should be no new charts, that

new charts would not be allowed into evidence and that no related examination would be

allowed.  See transcript excerpt attached as Exhibit 1.  Abbott counsel responded

negatively when the Court inquired as to whether there were "any new studies or anything

that your experts have done?"  In sum, the defendant's Daubert exhibits were to have

been limited to what was provided at the prior hearing, plus what Abbott counsel

described as "a little bit on this very new stuff."[1]

In addition, these new analyses and theories are largely based upon information

provided to Abbott Laboratories in June 2008, over 18 months ago.  It would be unfair

and prejudicial for the defendants to be allowed to rely upon these new, complex analyses

conceived of and prepared during a break in the Daubert hearing, after having the benefit

of the direct and cross-exam of the United States' expert and the comments of the Court,

ten months beyond all expert discovery deadlines, after all expert reports, depositions and

other discovery have been completed, and after the testimony of Dr. Duggan has

concluded.

**ARGUMENT**

**I.  The New Exhibits and Related Analysis Should be Stricken**
        The exhibits and related analyses do not update or supplement existing analysis.

They have never before been disclosed and, therefore, the exhibits, related analyses and

opinions should be disallowed.  Fed. R. Civ. Proc. 26(a).  They also violate the Court's

directives stated at the hearing that there should be no new studies or exhibits.

        **A.  Allowing the New Analysis and Exhibits Would Prejudice the United
States and Taint the Daubert Hearing**
        Many of these misleading new analyses are complex.  One of the supporting

spreadsheets  has 29 separate worksheets.  They include thousands of calculations

---

[1] Consistent therewith, this motion  does not seek to strike Abbott's two-page exhibit
addressing the analysis of the nine additional states.  This motion also does not seek to strike the
**20** other exhibits proffered by Abbott on January 4, **five of which are also completely new**.
Those exhibits largely address opinions and analyses previously disclosed, or directly respond to
the analysis of the nine additional states.  The new opinions, exhibits and related analysis
addressed in this motion are quite different in nature because the underlying analyses are new and
the reasoning of the opinions to be based thereon is unknown.

directed at almost a quarter of a million different calculations prepared by Dr. Duggan

(and provided to Abbott in June of 2008.)  The meaning of these new analyses is not

obvious, and the reasoning of the opinions to be based upon them has not been disclosed.

A one-sided "ambush" presentation of these new analyses will not properly advance the

Court's understanding of the underlying issues.  This contravenes the letter and spirit of

the Court's scheduling order and Fed.R.Civ.P. 26(B) and (C)(ii).

For example, one new document is an Excel Spreadsheet titled

"Medicaid_Diff_Frac_Variation.xlsx" which uses Dr. Duggan's 20,000 fraud ratios for

each of the 44 NDCs for each of the 44 quarters for each state[2] and assembles them into a

giant, 1,758 row conglomeration.  For each of those 1,758 rows, it then performs ten

different calculations (identified in column headings such as STDEV, RELATIVE

STDEV, MEAN MINUS ONE STDEV, MEAN PLUS ONE STDEV, etc.) thereby

generating another 20,000 new results.  Exhibit 2 is a copy of the conglomerated data and

the new results (without the supporting data).

Abbott then cherry-picks about 300 of these 20,000 new computations to create

several charts.  However, the demonstrative charts do nothing more than articulate the

expert's ultimate conclusion that there is "significant" variability in the fraud for each

drug and state.  The United States has not been given any explanation of the underlying

reasoning or standards applied to reach that conclusion.  Until the moment of their

---

[2]  Although the spreadsheet used the results of the additional nine states that Dr. Duggan reviewed to supplement his ten state analysis, no version of this spreadsheet based on the ten original states previously existed.  Abbott cannot claim to be simply updating a pre-existing analysis.

testimony at the Daubert hearing, there is no way to know the reasoning behind these new

analyses and charts.  Allowing this new, misleading material at the Daubert hearing will

not advance a fair consideration of the underlying science, but will only provide a skewed

presentation of Abbott's theory behind this last minute, undisclosed analysis.  The

demonstrative exhibits based on the new analyses are attached as Exhibit 3.

**B.  Abbott Received Dr. Duggan's Expert Report 19 Months Ago and Deposed Dr. Duggan for Five Days**

Abbott had the benefit of a leisurely 9 month review of Dr. Duggan's expert report

combined with 4 full days of his deposition testimony before having to submit its own

expert reports, and then had ten more months combined with a fifth day of deposition

with Dr. Duggan before the Daubert hearing.  In these circumstances, it is especially

appropriate that the preparation and presentation of brand new analysis during the course

of the Daubert hearing should not be allowed.

**CONCLUSION**

The Court was very clear: no new charts.  A one-sided presentation of the

misleading new analyses proffered by Abbott will not advance a fair consideration of the

relevant issues.  The additional exhibits and related analyses should be disallowed at the

Daubert hearing.

Respectfully Submitted,

For the United States of America,

CARMEN M. ORTIZ                        TONY WEST
UNITED STATES ATTORNEY                 ASSISTANT ATTORNEY GENERAL


George B. Henderson, II                Joyce R. Branda
Assistant U.S. Attorney                Daniel R. Anderson
John Joseph Moakley U.S. Courthouse    Renée Brooker
Suite 9200, 1 Courthouse Way           Justin Draycott
Boston, MA 02210                       Rebecca Ford
Phone: (617) 748-3272                  Civil Division
Fax: (617) 748-3971                    Commercial Litigation Branch
                                       P. O. Box 261
JEFFREY H. SLOMAN                      Ben Franklin Station
UNITED STATES ATTORNEY                 Washington, D.C. 20044
SOUTHERN DISTRICT OF FLORIDA           Phone: (202) 307-1088
                                       Fax: (202) 307-3852

   /s   Mark Lavine
Mark A. Lavine                         For the relator, Ven-A-Care of the Florida
Ann St.Peter-Griffith                  Keys, Inc.
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor               /s James J. Breen
Miami, FL  33132                       James J. Breen
Phone:  (305) 961-9003                 Alison W. Simon
Fax: (305) 536-4101                    The Breen Law Firm, P.A.
                                       3350 S.W. 148th Avenue, Suite 110
                                       Miramar, FL 33027
                                       Tel: (954) 874-1635
                                       Fax: (954) 874-1705



January 19, 2010


CERTIFICATE PURSUANT TO LOCAL RULE 7.1

        I certify that the moving party communicated with counsel for the defendant in an
effort to resolve the dispute referred to in this motion, and that the parties have not been able to
reach agreement with respect thereto.


                    /s   Mark Lavine
                    Mark A. Lavine

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above "**MOTION TO DISALLOW DEFENDANT'S NEW EXPERT OPINIONS**" to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

 /s/ Mark Lavine

January 19, 2010

7