**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) Civil Action No. 01-12257-PBS ) Subcategory No. 03-10643 |
| THIS DOCUMENT RELATES TO:  *The City of New York, et al.*  *v.*  *Abbott Laboratories, Inc., et al.* | ) ) Judge Patti B. Saris ) ) ) ) ) |

**NEW YORK STATE DEPARTMENT OF HEALTH'S OPPOSITION TO
DEFENDANTS' JOINT MOTION TO COMPEL**

**Introduction**

Defendants' joint motion to compel the production of documents rests on the mistaken assertion that New York law does not recognize a deliberative process privilege. *See* Memorandum in Support of Defendants' Joint Motion to Compel the Production of Documents, [Dkt. No. 6811; Sub-Dkt. No 192] ("Def. Mem.") at n. 7. In fact, the deliberative process privilege, also known as the "inter-agency privilege" or "intra-agency privilege," is well established in New York jurisprudence and has been upheld repeatedly by both New York State and Federal Courts. Modeled after the federal deliberative process privilege, it serves the important function of protecting the pre-decisional process of government by ensuring that all persons in an advisory capacity may freely express their opinions without fear of publicity which might inhibit frank discussion and thereby impair the quality of such decisions. *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 150–151 (1975); *Xerox Corp. v. Town of Webster*, 480 N.E.2d 74, 76 (N.Y. 1985) (opinions and recommendations prepared by agency personnel are generally

exempted from disclosure in order "to protect the deliberative process of the government by ensuring that persons in an advisory role would be able to express their opinions freely to agency decision makers"). The privilege has been asserted properly here by the New York State Department of Health ("NY DOH") to protect disclosure of deliberative and pre-decisional communications among NY DOH personnel or between NY DOH personnel and other government actors. All of the documents in question are (1) predecisional or non-final; (2) inter-agency or intra-agency; and (3) deliberative. *See Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76-77 (2d Cir. 2002); *Russo v. Nassau County Cmty. Coll.*, 623 N.E.2d 15, 19 (N.Y. 1993). Defendants do not dispute this.

Given that the privilege asserted does exist and given defendants' failure to address its application to the materials in question, defendants certainly are not entitled to an order "compelling NYDOH to produce documents it withheld on the basis of an asserted deliberative process privilege." Def. Mem. at 11.[1]

Defendants' motion also seeks an in camera review of the documents for which the NY DOH has asserted the deliberative process privilege to determine whether the documents should be produced. *Id.* Had defendants satisfied their burden on the motion, such a review would be appropriate. The deliberative process privilege is not an absolute one and, in the proper case, courts will balance the public interest in the protection of the deliberative process against the movant's articulated particularized need for the information as evidence in the case before it. *See* November 5, 2008 Order Re: Submitted Documents for In Camera Review entered in *U.S. ex rel Ven-A-Care v. Abbott Laboratories, Inc.*, Civ. Action No. 06-113377 ("November 5, 2008 Order") [Docket No. 5665], p. 9; *citing Comm. for Nuclear Responsibility, Inc. v. Seaborg*, 463

---

[1] Even if the "public interest privilege" were at issue here, defendants' motion fails because internal, governmental deliberative materials, such as the ones at-issue here, are protected by the privilege, and defendants have not shown their need for disclosure outweighs NY DOH's interest in confidentiality. See discussion *infra* at p. 6-9.

2

F.2d 788, 791 (D.C. Cir. 1971). Here, however, defendants do not present a particularized need. Defendants merely argue that production should be made because the withheld documents appear relevant or useful on issues of government knowledge and reliance. Def. Mem. at 10 et seq. Even if true[2], relevance alone is not enough. *World Trade Ctr. Bombing Litig. Steering Comm. v. Port Auth.* 709 N.E.2d 452, 456 (N.Y. 1999) ("[A] mere showing by a private litigant in a civil case that information sought would be helpful to secure 'useful testimony' is not enough to override a demonstrated or manifest potential harm to the public good"). New York's highest court has explained that "the privilege would become meaningless if it could be breached in order to secure 'useful testimony.' Any testimony, if relevant to the action at bar, may be said to be useful." *Cirale v. 80 Pine Street Corp.,* 316 N.E.2d 301, 303 (N.Y. 1974).

Even if defendants had satisfied their burden and even if this Court determined that an in camera review should occur, NY DOH is confident that when a balancing test is applied to the materials in question the Court will not direct production given that the withheld materials are either irrelevant to this litigation, contain information otherwise available, and/ or that their disclosure would most certainly have a chilling effect. NY DOH is prepared to address these points in detail, and document by document, should the Court direct the in camera review.

---

[2] Government knowledge and reliance are irrelevant to plaintiffs' claims under New York Soc. Serv. L. 145-b. *See* N.Y. Soc. Serv. L. §145-b (1); *see also In re Pharm. Indus. Avg. Wholesale Price Litig.*, 2007 WL 1051642, at *11 (D. Mass. April 2, 2007) ("*NY Counties I*")(agreeing that "defendants received public funds within the meaning of the statute when they fraudulently manipulated wholesale prices in order to increase Medicaid reimbursements to providers"); *In re Pharm. Indus. Avg. Wholesale Price Litig.*, 2004 WL 2387125, at *2 (D. Mass. Oct. 26, 2004) ("*Suffolk II*") (upholding Section 145-b claims against certain defendants); *In re Pharm. Indus. Avg. Wholesale Price Litig.*, 339 F. Supp. 2d 165, 179 (D. Mass. 2004) ("*Suffolk I*"). The relevant inquiry there is only whether defendants caused false claims to be submitted. *See Id*.

**Argument**

**I. New York State Law Recognizes a Deliberative Process Privilege**

Contrary to what defendants argue, regardless whether it is denominated as "deliberative process privilege" or "public interest privilege," New York law clearly recognizes a privilege that protects the deliberative process of government employees. *See, for example, In re World Trade Ctr. Disaster Site Litig.*, 2009 WL 4722250 *1 (S.D.N.Y. Dec. 9, 2009) ("testimony and documentation regarding thought processes and deliberations" were protected by the deliberative process privilege); *One Beekman Place, Inc. v. City of New York,* 564 N.Y.S.2d 169, 169-170 (1st Dep't 1991) (deliberative opinions and memoranda of public officials exempt from disclosure in suit challenging regulatory decision as unlawful and contrary to community's interest)(citations omitted); *Tuck-it-Away Assocs., L.P. v. Empire State Dev. Corp.*, 861 N.Y.S.2d. 51, 57 (1st Dep't 2008)(opinions and recommendations created by an outside consultant to a government agency can qualify as privileged deliberative material protected from disclosure); *N.Y. Tel. Co. v. Nassau County,* 862 N.Y.S.2d 588, 589 (2d Dept. 2008)(communications between county officials regarding the financial impact of a potential judgment protected from disclosure by the deliberative process privilege); *citing Gould v. N.Y. City Police Dept.*, 675 N.E.2d 808, 813 (N.Y. 1996)("impressions, recommendations, or opinions recorded in the complaint follow-up report would not constitute factual data and would be exempt from disclosure"); *Mecca v. Shang*, 866 N.Y.S.2d 219, 220 (2d Dep't 2008) (nonparty NY DOH did not have to disclose documents in question in response to discovery requests in a legal malpractice action because they were exempt from disclosure under deliberative process privilege, *inter alia*).[3]

---

[3] Defendants mistakenly argue that only New York State law controls whether NY DOH may assert a deliberative process privilege here. Def. Mem. at 5, n.2. While the argument is irrelevant given that New York state law does

4

In New York, "[t]he deliberative process privilege derives from the common law, and is codified as well as exceptions to the Federal Freedom of Information Act ("FOIA"), and to the New York State's Freedom of Information Law ("FOIL")[4]." *In re World Trade Ctr. Disaster Site Litig.*, 2009 WL 4722250 at *2 *citing* 5 U.S.C. § 552(b)(5); *and* N.Y. Pub. Off. L. § 87; *Turner v. Dep't of Fin.*, 673 N.Y.S.2d 428, 430 (1st Dep't 1998) ("[s]ince the passage of the FOIL provisions of the Public Officers Law, the exemptions set forth can fairly be seen as the legislative 'codification' of the case law construction of the scope of the discovery, i.e., when it is in the public interest to deny access to records."). New York Courts, in addressing the privilege, often rely on federal case law, because FOIL's exception was modeled on the federal statute. *In re World Trade Ctr. Disaster Site Litig.*, 2009 WL 4722250 at *2; *citing Tuck-it-Away Assocs.*, 861 N.Y.S. 2d. at 57 (court turned to federal analysis of the deliberative process

---

recognize the privilege, NY DOH responds to ensure an accurate record. The operative complaint includes both federal and state claims. *See* The City of New York and New York Counties' First Amended Consolidated Complaint [Docket No. 4302], filed June 8, 2007. Defendants' motions to dismiss the federal claims were granted only in part (*In re Pharm. Indus. Avg. Wholesale Price Litig.*, 498 F.Supp.2d 402, 405 (D. Mass. 2007) ("*NY Counties II*") and, in any event, all claims are preserved for appeal. *See In re Pharm. Indus. Avg. Wholesale Price Litig.*, 2007 WL 1051642, at *3, n. 5 (D. Mass. April 2, 2007) ("*NY Counties I*"). Under these circumstances, it is entirely proper for this Court to look to the law in the Second Circuit on this issue. *See Alleyne v. New York State Education Dep't.*, 248 F.R.D. 383, 386 (N.D.N.Y. 2008)("Federal privilege law controls when a complaint asserts both federal and state claims"). Rulings from the Second Circuit track those from New York State Court on the subject of the deliberative process privilege. The privilege applies to materials that are (1) pre-decisional, that is proposed in order to assist agency decision-makers in arriving at their decisions; and (2) deliberative, that is actually related to the process by which policies are formulated. *See, e.g., Resolution Trust Corp. v. Diamond,* 137 F.R.D. 634, 640 (S.D.N.Y. 1991).

[4] New York's FOIL codifies the types of deliberative documents that are protected from disclosure:

> It has long been recognized that the public interest is served by keeping certain government documents privileged from disclosure. It is, for example, in the public interest to encourage candid discussion and representation of views among government employees involved in the development of policy. For this reason, the Freedom of Information Law similarly exempts from disclosure inter-agency or intra-agency materials that are not "final agency policy or determinations".

*One Beekman Place, Inc. v. City of New* York, 564 N.Y.S.2d at 170. While the term "intra-agency materials" is not defined under the FOIL statute, New York Courts have construed this term to mean "deliberative material", i.e. communications exchanged for discussion purposes not constituting final decisions. *Russo v. Nassau Cmty. Coll.,* 623 N.E.2d at 19; *citing Xerox Corp. v. Town of Webster*, 480 N.E.2d 74, 75–76 (N.Y. 1985).

privilege for guidance on analyzing New York state's inter-agency and intra-agency exemption). The privilege is most often litigated in cases involving the freedom of information statutes. *Id.*, citing *MacNamara v. City of New York*, 249 F.R.D. 70, n.6 (S.D.N.Y. 2008). "'Thus, in addressing the privilege, district courts in [the Second] Circuit and elsewhere frequently rely on authority applying the privilege in both FOIA and non-FOIA actions.'" *Id.*

Thus, materials protected from disclosure under FOIL due to the deliberative or inter-agency/intra-agency privilege, are also exempt from disclosure under New York State's Civil Procedure Laws and Rules.[5] *See* CPLR 3101(b); *see e.g. N.Y. Tel. Co. v. Nassau County*, 862 N.Y.S.2d 588, 589-590 (2008) (communications between county officials were privileged under the deliberative process privilege and therefore, were protected from disclosure under CPLR 3101(b)).

And, while the terms of FOIL do not, by themselves, determine whether or not disclosure of particular deliberative materials is in the public interest in the context of a given litigation, they do inform the scope and type of deliberative government materials generally entitled to confidentiality under New York law in order to protect the public interest. *See, e.g., One Beekman Place, Inc.*, 564 N.Y.S.2d at 169-170 (holding deliberative opinions and memoranda of public officials exempt from disclosure). FOIL provides that an agency need not disclose records that, *inter alia*:

> (g) are inter-agency or intra-agency materials which are not:
>     i. statistical or factual tabulations or data;
>     ii. instructions to staff that affect the public;
>     iii. final agency policy or determinations;
>     iv. external audits, including but not limited to audits performed by the comptroller and the federal government.

---

[5] Indeed, "the scope of disclosure under CPLR 3101 is more restrictive than FOIL." *Pinks v. Turnbull*, 2006 WL 2570236 at *2 (Sup. Ct. N.Y. Co. August 26, 2006) citing *Farbman & Sons v. N.Y. City Health and Hosps. Corp.*, 62 N.Y.2d 75, 80–81 (1984).

N.Y. Pub. Off. L. § 87(2)(g).

Thus, the privilege, like FOIL's inter/intra-agency exclusion, provides:

> protection by exemption is afforded for all papers which reflect the agency's group thinking in the process of working out that policy and determining what its law ought to be. Thus, an agency may refuse to produce material integral to the agency's deliberative process and which contains opinions, advice, evaluations, deliberations, policy formulations, proposals, conclusions, recommendations or other subjective matter.

*Miracle Mile Assoc. v. Yudelson*, 471 N.Y.S.2d 142, 147 (4th Dep't 1979). Moreover, the law is clear that both <u>inter</u>- and <u>intra</u>-agency deliberative communications are entitled to protection. *See Cirale,* 316 N.E.2d at 304 (inter-agency or intra-agency deliberative materials are exempt from disclosure); *Clark-Fitzpatrick v. State,* 619 N.Y.S.2d 647 (2d Dep't) (inter-agency report deemed deliberative and privileged). Examples of documents courts have correctly withheld from disclosure as pre-decisional deliberative materials include: preliminary drafts of documents, subjective opinions, discussions, and recommendations of staff or outside consultants, and handwritten notes, comments and subjective observations, generated by or for the agency as part of the agency's consultative or deliberative process.[6] These are precisely the types of documents for which the NY DOH has asserted the privilege here.

---

[6] *Bray v. Mar*, 482 N.Y.S.2d 759, 760 (1st Dep't 1984) (where documents did not constitute "final agency policy or determinations," and did not contain definite statements of the reasons for the actions of the agency, they were not discoverable under FOIL (citing federal cases)); *McGraw-Edison Co. v. Williams*, 509 N.Y.S.2d.285, 287 (Sup. Ct. Albany Co. 1986) (nonfactual portion of preliminary draft of a DEC remedial investigation and feasibility study withheld); *see also, e.g., Prof'l Stds. Review Council of Am. v. New York*, 597 N.Y.S.2d. 829 (3d Dep't 1993) (subjective comments, opinions and recommendations written in by committee members are not required to be disclosed and may be redacted) (citing *Bray*, 482 N.Y.S.2d at 760); *Mitzner v. Sobol*, 570 N.Y.S.2d. 402 (3d Dep't 1991) (report of departmental investigation and an analysis of the test scores prepared by petitioner qualify as non-final agency determinations and, thus, fall squarely within the exemption contemplated by FOIL, which extends to "predecisional memoranda or other nonfinal recommendations prepared to assist an agency decision maker"); *MacRae v. Dolce*, 515 N.Y.S.2d 295 (2d Dep't 1987) (joint study by agencies to aid in planning the placement of facilities was exempt from disclosure as a predecisional draft); *Faulkner v. Del Giacco*, 529 N.Y.S.2d 255 (Sup. Ct. Albany Co. 1988) (staff handwritten notes, comments and observations exempt); *cf. Conoco, Inc. v. U.S. Dep't Of Justice*, 687 F.2d 724 (3d Cir. 1982) (affirming district court's determination that hand-written notes located in

## I. In Camera Review is Not Appropriate Where Defendants Make No Effort to Satisfy their Burden on Balancing Test

### A. Defendants Have Not Met Their Burden

The parties agree that the deliberative process privilege is not absolute. In appropriate circumstances, courts will apply a balancing test to determine whether the party seeking to pierce the privilege has demonstrated "necessity sufficient to outweigh the adverse effects the production would engender." November 5, 2008 Order [Docket No. 5665], p. 9; *citing Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 327-329 (D.D.C. Cir. 1966). The privilege may only be overridden where the party seeking discovery shows substantial need for the otherwise privileged material. *See Carl Zeiss Stiftung*, 40 F.R.D. at 329. Courts will consider a number of factors including (1) the relevance of the evidence sought to be protected; (2) the availability of other evidence, (3) the "seriousness" of the litigation and the issues involved; (4) the role of the government in the litigation, and (5) the possibility of future timidity of government employees who will be forced to recognize that their confidential discussions are violable. *In re Franklin Nat'l Bank Sec. Litig.*, 478 F.Supp. 577, 583 (E.D.N.Y. 1979). Put otherwise, the test for whether or not disclosure is appropriate requires the Court to balance the interests of the government and public in non-disclosure, against the interests of the party seeking such disclosure. *Cirale,* 316 N.E.2d at 304. "[T]he court must weigh the encouragement of candor in the development of policy against the degree to which the public interest may be served by disclosing information which elucidates the governmental action taken." *One Beekman Place,* 564 N.Y.S.2d at 169 (deliberative documents regarding zoning decisions came within the privilege and the public interest in ensuring "full and frank exchanges regarding

---

agency files, but not circulated within agency, constituted intra-agency memoranda protected from disclosure under federal Freedom of Information Act, 5 U.S.C. § 552(b)(5)).

government decision-making outweighed the public interest to be served by providing the litigants with the withheld memoranda").

The test is not one of mere relevance or usefulness to an issue in the litigation. *See World Trade Ctr.*, 709 N.E.2d at 456 ("[A] mere showing by a private litigant in a civil case that information sought would be helpful to secure 'useful testimony' is not enough"). New York's highest court has explained that "the privilege would become meaningless if it could be breached in order to secure 'useful testimony.' Any testimony, if relevant to the action at bar, may be said to be useful." *Cirale,* 316 N.E.2d at 303. Deliberative material should be protected by the privilege even if such information might be "useful" or relevant to defendants' alleged governmental knowledge defense, where disclosure of documents of this nature could compromise public welfare or the quality of public decision-making. *See, e.g., Klein v. Lake George Park Comm'n*, 689 N.Y.S.2d 782, 783 (3d Dep't 1999) (disclosure of names of sources of false report not required because public interest in encouraging reporting of potential violations outweighed private interest in filing suit against false claimant); *Delaney v. Del Bello*, 405 N.Y.S.2d 276, 280–281 (2d Dep't 1978) (finding internal deliberative materials relating to budget initially recommended, but not ultimately adopted by County Executive, were not critical to public interest, because there might be little or no correlation between the information sought and the final budget proposal, and the interests of the government in confidentiality in such pre-decisional materials were paramount because "too healthy a dose of disclosure could bring the wheels of government to a grinding halt"); *Lambert v. Barsky,* 398 N.Y.S.2d 84, 85 (Sup. Ct. N.Y. Co. 1977) (granting motion to quash subpoena duces tecum seeking records of judicial nominating committee in order to raise challenge to judicial candidate; "[c]onfidentiality and candor are complementary to one another. Destroy one and the other vanishes"). Defendants

here do nothing more than argue relevance or usefulness. Def. Mem. at 10, *et seq.* They have not met their burden on this motion. Moreover, NY DOH has produced a substantial amount of non-deliberative materials, and has even (as defendants concede) produced materials that were previously initially withheld due to their deliberative substance. Defendants are not entitled, particularly on the instant record, to any further disclosure of inter-agency and intra-agency materials. Where the government action taken has been or may be "elucidated" in large part by means or disclosure other than the internal government deliberative materials sought, the government interest in encouraging candor to and among decision makers is paramount over the litigants' interest in disclosure. *See Martin v. Gross*, 605 N.Y.S.2d.742, 746-747 (1st Dep't 1993).

## CONCLUSION

For all the foregoing reasons, defendants' motion should be denied.

Dated: January 20, 2010

Respectfully submitted:

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Subpoenaed Non Party
The New York State Department of Health
The Capitol
Albany, New York 12224-0341

/s/ James B. McGowan
By: James B. McGowan, Esq.
Assistant Attorney General, of Counsel
(518)473-6522
James.McGowan@ag.ny.gov

# CERTIFICATE OF SERVICE

I, Kathryn Allen, hereby certify that on the 20th day of January, 2010, I caused a true and correct copy of the above New York State Department of Health's Opposition to Defendants' Joint Motion to Compel to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

Dated: January 20, 2010

/s/ Kathryn B. Allen
Kathryn B. Allen
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
(212) 371-6600