UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br>Subcategory Docket: 06-CV-11337-PBS |
| THIS DOCUMENT RELATES TO | ) ) | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, et al., No. 06-CV-11337-PBS | ) ) ) ) | Magistrate Judge Marianne B. Bowler |

**ABBOTT LABORATORIES INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO ITS PENDING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Defendant Abbott Laboratories Inc. submits this supplemental authority notice to bring to the Court's attention the First Circuit's recent decision in *United States ex rel. Ondis v. City of Woonsocket*, 587 F.3d 49 (1st Cir. 2009), which is relevant to its pending motion to dismiss for lack of subject-matter jurisdiction under the public disclosure bar (Dkt. No. 6179) in *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 06-CV-11337-PBS. A copy of the decision is attached as Exhibit A.

In *Ondis*, the First Circuit affirmed the district court's dismissal of a *qui tam* complaint brought by a relator, based on the False Claims Act's public disclosure bar. In so affirming, the First Circuit resolved several novel "questions of law . . . in this circuit regarding the operation of the public disclosure bar" of the False Claims Act. *Ondis*, 587 F.3d at 52.

*First*, the Court held that "public disclosure occurs when the essential elements exposing the particular transaction as fraudulent find their way into the public domain." *Id.* at 54. It held that the disclosures must "reveal both the misrepresented state of facts and the true state of facts," and that "two states of facts may come from different sources, as long as the disclosures

together lead to a plausible inference of fraud." *Id.* In *Ondis*, the invalidating disclosures did not actually mention "fraud." Rather, the Court noted that its "initial task [was] to determine whether both the City's alleged misrepresentation (that it would promote subsidized housing) and what the relator alleges was the City's true plan (that it would strive to curtail or eliminate subsidized housing) were sufficiently in the public domain to ground an inference of fraud." *Id.* The Court found that such an inference was warranted.

*Second*, the Court held that the disclosure of the "true" set of facts in two local newspapers—the *Woonsocket Call* and *Providence Journal*—constituted disclosures in "the news media" for purposes of the public disclosure bar. *Id.* at 55. The Court likewise found that the disclosure of the "false" set of facts in the government's response to a private FOIA request constituted a disclosure in an "administrative . . . report" for purposes of the FCA. *Id.*

*Third*, the Court held, consistent with a majority of circuit courts, that a relator's claims are "based upon" a public disclosure for purposes of the FCA "when the relator's allegations are substantially similar to allegations or transactions already in the public domain at the time he brings his qui tam action." *Id.* at 58. This is true even "if [the relator] actually obtained his information from a different source" unconnected to the public disclosure. *Id.* at 57.

*Fourth*, the Court held, for purposes of the "original source" inquiry, that "direct" evidence is defined as evidence "marked by absence of an intervening agency, instrumentality, or influence: immediate." *Id.* at 59. The Court further held that "[k]nowledge that is based on research into public records, review of publicly disclosed materials, or some combination of these techniques is not direct." *Id.* Accordingly, the Court determined that the relator in *Ondis* was not an original source because the information he obtained by conducting research and assembling public information was not "direct" within the meaning of the FCA.

*Fifth*, the Court rejected the relator's claim that he should be considered an original source because "his background and experience . . . gave him a unique insight into the fraud that the City was perpetrating on the federal government." The Court held that "'[i]f a relator merely uses his or her unique expertise or training to conclude that the material elements already in the public domain constitute a false claim, then a qui tam action cannot proceed.'" *Id.* at 59. Thus, "[e]xpertise that enables a relator to understand the significance of publicly disclosed information, without more, is insufficient to qualify him as an original source." *Id.*

Dated: January 24, 2010                                 Respectfully submitted,

                                                                         /s/ James R. Daly
Daniel E. Reidy
James R. Daly
Jason G. Winchester
Brian J. Murray
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

R. Christopher Cook
David S. Torborg
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories Inc.*

**CERTIFICATE OF SERVICE**

    I, David S. Torborg, an attorney, hereby certify that I caused a true and correct copy of the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 24th day of January, 2010.

    /s/ David S. Torborg
    David S. Torborg