# EXHIBIT C

# Law Office of Mark Allen Kleiman

LAWYER

2907 STANFORD AVENUE
VENICE, CALIFORNIA 90292

TELEPHONE   (310) 306-8094
FACSIMILE    (310) 306-8491

*Mark A. Kleiman*
MKLEIMAN@QUITAM.ORG

December 20, 2009

Merle M. DeLancey
Dickstein Shapiro
1825 I Street, N.W.
Washington, D.C. 20009

Re:   <u>United States ex rel Sun et. al. v. Baxter Hemoglobin Therapeutics, et. al.</u>

Dear Mr. DeLancey:

This letter is intended to reflect the matters we discussed over the course of three telephone calls December 15-17, 2009. As you know, my efforts to have my conference calling system record the calls were unsuccessful, so this letter is based upon my contemporaneous notes. If your notes or the notes Ms. Reynolds took reflect something different, please let me know.

We were able to reach agreement on several issues that cut across multiple discovery items, and were also able to agree on a great many specific issues,. There are also some broad issues on which we continue to disagree. Before going point-by-point through your letter to me of November 24. 2009, I believe it will be helpful to outline my understanding of our areas of agreement and disagreement.

A.   Baxter believes that the Relators have Rule 34 obligations which control their responses to Baxter's document requests. The Relators disagree and contend that Baxter never indicated, in it's pre-motion communications, or in its motion, that it was seeking anything other than depositions of the relators upon jurisdictional issues – and that Judge Saris only ordered that Baxter be permitted jurisdictional depositions. Relators are nonetheless cooperating with Baxter's request for documents to expedite the deposition process only.

B.   Baxter clarified that it was not seeking documents in the files of Relators' counsel unless those documents were furnished to counsel by the Relators. (Prefiling communications with the Government are explicitly excepted from this clarification.

Merle M. DeLancey
December 20, 2009
page **2**

C. Because Baxter's current inquiries are limited to the jurisdictional questions of whether there has been a public disclosure of Relators' allegations and whether the Relators qualify as original sources, Baxter current discovery requests extend only to documents the Relators had prior to the filing of the original complaint in this case.

D. I think we have reached a workable understanding of Baxter's use of the phrase "relating to" in it's document requests.  That understanding might best be articulated through specific examples we discussed in the context of some of the document requests:

  i. Request No. 2a sought "All calendar appointments, communications, and other documents related to your meetings with Baxter to discuss pricing, referenced in Paragraphs 4-5 of the Hamilton Declaration."   We discussed that documents which reflect the meetings or pertain directly to Baxter's pricing would be encompassed in this request, but that documents evidencing Hamilton's travel to conferences where some of the meetings took place, the conference materials, and the like would not.  (Unless those materials contained evidence of Baxter's pricing strategies.

  ii. Request No. 2b sought "All documents and communications related to Baxter drug and/or therapy prices, pricing decisions, and/or pricing strategy, referenced in Paragraphs 4-5 and 7 of the Hamilton Declaration."   We discussed that documents which reflect the meetings or pertain directly to Baxter's pricing would be encompassed in this request, but that documents evidencing Hamilton's travel to conferences where some of the meetings took place, the conference materials, and the like would not.  (Unless those materials contained evidence of Baxter's pricing strategies.

  iii. Request No. 2c sought "All documents and communications related to Baxter drug and/or therapies, including the allegations related to Advate pricing in Paragraph 43 of the Complaint and Paragraph 6 of the Hamilton Declaration."   We discussed that documents which reflect the meetings or pertain directly to Baxter's pricing would be encompassed in this request, but that documents evidencing Hamilton's travel to conferences where some of the meetings took place, the conference materials, and the like would not.  (Unless those materials contained evidence of Baxter's pricing strategies.

  iv. Request No. 3 sought "All documents and communications relating to the allegation in Paragraph 2 of the Complaint that 'Baxter controlled the published AWP by misreporting the WAC."  We discussed that Hamilton's knowledge that is germane to these allegations came from Kay Morgan, a FirstData official, and that documents which reflect Morgan's knowledge or her conveying it to Hamilton would be germane to that request, but that, for example, personal communications if there were any between Hamilton and Morgan having nothing to do with Baxter would not.

Merle M. DeLancey
December 20, 2009
page 3

E.      Based on these discussions, I stated that I felt I could correctly interpret Baxter's use of
        the term "relating to" or "related to" and that I would therefore be able to proceed with
        meaningful responses.

F.      We also discussed timing for further document searches based upon these principles, and
        the timing of depositions.  I explained to you that Mr. Hamilton was going to Peru with his
        son and would not be back in the country until December 31 or January 1, that he had one
        file cabinet through which he would search (as well as computer files) immediately upon
        his return.  Mr. Hamilton will be available for deposition the third week in January, which
        is within the time frame you proposed.

        We also discussed Ms. Sun's schedule.  I explained to you that she is working in
        Philadelphia and will be back in Los Angeles on December 23rd, at which point she will be
        able to review any material that might fit within the definitional terms as clarified above.
        Either Lauren Udden or I will be in touch with you about January scheduling this coming
        week.

G.      You and I also agreed that we would jointly propose new dates to the court, with the
        expectation that thos ewould be firm dates.

We then turned to the specific points you had raised in your letter of November 24, which I shall
address serially.

| Baxter's Comment | Relators' Response |
|---|---|
| 1. For all requests, it is unclear from your objections if you are objecting yet have no responsive docum-ents, or objecting and withholding documents based upon those objections. Baxter has a right to know this so that it can determine if a motion to compel is necessary. Therefore please clarify, for each response, whether you are withholding documents related to the objections, or whether no responsive documents exist. | As noted above, Baxter has served document demands when it was only authorized to – and only sought permission to take deposition. Having acted well beyond the limited authority granted by the Court, Baxter does not have a "right" to anything at all.   Relators will, however, as a matter of courtesy, indicate when documents are being withheld. |

Merle M. DeLancey
December 20, 2009
page **4**

| | |
|---|---|
| 2.  We do not understand the contention that Baxter's discovery requests have sought "the files of Relators' counsel." *See, e.g.,* Sun Responses at 4-5; Hamilton Responses at 17-18. Discovery is necessarily sought from the parties, not their attorneys. Of course, to the extent the parties turned over documents to counsel, then those documents are properly the subject of discovery. Are you contending that Baxter is seeking your work  product related to this or other cases? Or are your files so comingled that you are unable to segregate those documents that came from Mr. Hamilton or Ms. Sun from other documents? Please clarify your position on this issue. | See point (B), *supra.* |
| 3. The District of Kansas case *(Cotracon)* that you cite repeatedly is not controlling in the First Circuit and certainly does not obviate the need for Relators to produce relevant, responsive documents. Furthermore, no similar case exists in the First Circuit. You must produce "related" documents, as stated in the Requests | That *Cotracon* is not controlling in the First Circuit does not strip it of its persuasive authority, especially in the absence of Baxter's failure to cite any authority to the contrary. Nonetheless, the parties have conferred extensively on this point. Their understandings are reflected in D, *supra.* |
| 4.  Are all the documents you reference in Sun Response Nos. 1 through 24 as being "attorney notes, drafts and memoranda," "attorney research," "attorney investigations, "etc. included on your Privilege Log, as revised? If not, please include. | Based on points (B), and (D)*supra,* yes. |
| 5.  In addition to those documents that you are withholding as allegedly privileged, are you withholding additional documents based on your objection that the discovery is not limited to jurisdictional issues? *See, e.g.,* Hamilton Response Nos. 1 through 14. If so, this may be a basis for a motion to compel. | Relators maintain that a joint prosecution privilege existed at least until the United States (or a state jurisdiction) declined to intervene. There are also seal issues implicated by this request.  We will fully brief this issue if need be, but for now would draw your attention to *United States v. AT&T* 642 F.2d 1285, 1299-1300 (D.D.C. 1980); *United States ex rel Burroughs v. DeNardi Corp.* 167 F.R.D. 680, 685 (S.D. Cal. 1996); *In re Subpoena to the United States' Attorney's Office, Southern District of New York,* 2000 WL 45726, (S.D.N.Y.  2000); *United States v. Medica Rents. Co.* 2002 WL 1483085 (N.D. Tex 2002) |

Merle M. DeLancey
December 20, 2009
page **5**

| | |
|---|---|
| 6.  How are communications with "any counsel who is acting or who has acted on plaintiffs behalf' privileged, unless it relates to this matter and is governed by a joint prosecution agreement? *See, e.g.,* Sun Response Nos. 1 through 24. Also, have you identified such documents on your privilege log? | I have informed you that I will invite Mr. Udden. Who authored these responses, to discuss this with you. |
| 7.  Are any responsive documents associated with Hamilton Request Nos. 12-13, which you claim "calls for attorney client communications," included on your privilege log? If not, please include. | Based on points (B), and (D)*supra*, this dispute has been obviated.  All pre-filing material that is directly germane to the jurisdictional question has been produced. |
| 8.  We do not understand how the creation of a privilege log for documents responsive to Hamilton Request No. 14 is any more burdensome than for any other request. Please amend your privilege log to include any such documents. | The log will be amended. |
| 9.  With respect to Hamilton Request Nos. 15 and 16, we strongly disagree that this information is not relevant "[u]nless Baxter was a named defendant in such cases or the material pertained to AWP pricing conduct which Relator possessed before the filing of the lawsuit." The sources of Mr. Hamilton's pre-complaint knowledge in fact have direct bearing on the jurisdictional inquiry that is the subject of discovery. We respectfully request that you reconsider you position on this issue and produce responsive documents relevant to this request. | Based on points (B), and (D)*supra*, this dispute has been obviated There is no litigation in which Hamilton was involved pre-filing which afforded him access to documents which were directly germane to any of Baxter's prices or pricing activities. |
| 10.  Also, with respect to Hamilton Request Nos. 15 and 16, we do not understand how "Relator's counsel" specializing in False Claims Act litigation has anything to do with *Relator's* production of documents. If Relator's counsel is in possession of responsive documents received from Mr. Hamilton, then these must be produced in discovery. | Based on point B, *supra*, this dispute has been obviated. |
| 11.  Your objections to Hamilton Request Nos. 17 and 18 on the basis that this inquiry is limited to jurisdictional discovery are misplaced. Request Nos. 17 and 18 directly seek evidence of direct and independent knowledge and original source status, the very jurisdictional inquiries this discovery is meant to address. To the extent you have withheld any documents based on this objection, please produce them immediately | You have clarified that these are "catch-all" requests, intended to encompass anything which might have been missed by the preceding requests.  Based upon that, and upon points (B) and (D) *supra*, this dispute has been obviated. |
| 12.  Finally, your certificates of service are improperly signed by a non-attorney. *See* Fed. R. Civ. P. 11. Also, email is not a valid form of service. The only acceptable form of electronic service in this case is via Lexis Nexis File and Serve | I agree and shall correct. |

Baxter also complained about the Relators' Privilege Log:

Merle M. DeLancey
December 20, 2009
page **6**

| | |
|---|---|
| 1. The log does not comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A). The information provided on the log is insufficient to enable Baxter to assess the claim of privilege. Additional information must be provided to comply with this requirement. At the very least, all persons named in the log should be identified by affiliation and their status as attorneys if applicable | A revised log reflecting these divisions has been forwarded to you. |
| 2. For items 1-48 and 52-65, you maintain that the basis of privilege for communications with DOJ and other government agencies is "Joint Prosecution Priv," yet none of these entities has intervened in the case. Please provide support for your assertion of privilege. | Relators contend that the privilege existed at the time of the communications. Moreover, since Baxter has agreed that it will not treat production of Items 1-6 on the Privilege log as a general waiver of any Joint Prosecution Privilege, those items, which are the pre-filing materials are being produced. Based upon this, and based upon item (D), I believe this dispute has been obviated. |
| 3. With respect to Items 1 through 5 on the privilege log, you indicate willingness to provide the documents "if Baxter stipulates that production will not constitute a waiver of the privilege." Please explain what "privilege" you are referring to and what you would deem the effect of such a waiver to be. For example, could Baxter use the documents as exhibits to submissions to the court or in depositions | Baxter has agreed that it will not treat production of Items 1-6 on the Privilege log as a general waiver of any Joint Prosecution Privilege, those items, which are the pre-filing materials are being produced. We believe that Baxter is free to use the exhibits in the jurisdictional depositions or submissions to the Court on this issue, subject to general rules of evidence, and will not object to their use on the grounds of joint prosecution or work product protection. |
| 4. The author of item 8 is listed as "Ven-A-Care." This is a third party and, as such, the document cannot be privileged. It should be produced immediately. | 4. Inasmuch as this document was obtained post-filing, it is no longer a subject of dispute for purposed or jurisdictional discovery. |
| 5. The "Factor VII Binder" listed in item 12 has not been produced, but is clearly relevant and should be included in your supplemental production | 5. The Factor VIII Binder (mistranscribed by Relators /as Factor VII) was erroneously omitted and is being produced. |
| 6. The author of item 15 is Merle DeLancey, an attorney at Dickstein Shapiro. This document clearly cannot be privileged and should be included in your supplemental production. | No privilege was claimed. The document is being withheld for the reasons stated in the objections. |

Merle M. DeLancey
December 20, 2009
page 7

| | |
|---|---|
| 7. We are puzzled by your offer to submit information "for *in camera* inspection." Such a submission generally follows, not precedes, a motion to compel. To the extent Relators intend to attempt to establish jurisdiction via a post-briefing *in camera* inspection, Baxter will vigorously object. | Baxter's anticipated vigorous objection is noted. Moreover, Baxter has agreed that it will not treat production of Items 1-6 on the Privilege log as a general waiver of any Joint Prosecution Privilege, those items, which are the pre-filing materials are being produced. Based upon this, and based upon item (D), I believe this dispute has been obviated. |

If you believe I have gotten any of this wrong, or have omitted something, please let me know.

Sincerely,

Mark Kleiman

Digitally signed by Mark
Kleiman
Date: 2009.12.21 01:11:02
-05'00'

Mark Kleiman