**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | Master Civil No. 01-cv-12257 |
| | MDL No. 1456 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

**PLAINTIFFS' UNOPPOSED MOTION TO SUBSTITUTE RICHARD WESSELS AS SUCCESSOR IN INTEREST TO PLAINTIFF SUSAN WESSELS**

Plaintiffs, by their undersigned counsel, respectfully move this Court for an order pursuant to Federal Rule of Civil Procedure 25(a) permitting the substitution of Richard Wessels, as personal representative of the Estate of Susan Wessels, as a named Plaintiff and proposed class representative for Class 3 in Plaintiffs' case against AstraZeneca. In support thereof, Plaintiffs state as follows:

**I.　BACKGROUND**

Plaintiff Susan Wessels made AWP-based out-of-pocket payments for Zoladex in 2004 and 2005. She asserted claims against AstraZeneca in the Revised Fifth Amended Master Consolidated Class Action Complaint, filed on February 17, 2009 [Dkt. No. 5902]. As a consumer who made AWP-based payments for physician administered drugs outside of the Medicare context, Ms. Wessels sought appointment as a representative for Track 1, Class 3.

As a named Plaintiff and proposed class representative, Ms. Wessels was actively involved in this litigation since October 11, 2005. She was deposed on November 14, 2005, produced numerous documents to Defendants, and was in regular communication with her attorneys regarding nearly every aspect of the case.

As indicated in the Suggestion of Death on the Record filed by Plaintiffs on December 23, 2009 [Dkt. No. 6808], Susan Wessels died on August 19, 2009. Ms. Wessels' widower, Richard Wessels, has been appointed as the personal representative of Ms. Wessels' estate and wishes to continue pursuing Ms. Wessels' claims against AstraZeneca in that capacity.

## II. ARGUMENT

Under Rule 25 of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's successor or representative … within 90 days after service of a statement noting the death." *Id.* Here, Ms. Wessels' claims against Defendant AstraZeneca are not distinguished by her death, and Mr. Wessels is the proper party to be substituted.

### A. Substitution is Proper Because Ms. Wessels' Claims Were Not Extinguished by Her Death, but Passed to Her Estate

Ms. Wessels' state law claims under the Illinois Consumer Fraud Act and for common law civil conspiracy and fraud survive her death pursuant to the Illinois Survival Act. *See* 755 ILCS 5/27-6 ("[i]n addition to the actions which survive by the common law, the following also survive: … actions for fraud or deceit …"); *National Bank of Bloomington v. Norfolk & W. R. Co.*, 383 N.E.2d 919, 923 (Ill. 1978) (the Illinois Survival Act "allows a representative of the decedent to maintain those statutory or common law actions which had already accrued to the decedent before he died"); *Cima v. WellPoint Health Networks, Inc.*, No. 05-cv-4127-JPG, 2008 U.S. Dist. LEXIS 73745, at *3 (S.D. Ill. Sept. 25, 2008) ("[u]nder the Illinois survival statute and common law, actions under the Consumer Fraud Act … survive the death of the plaintiff").

### B. Richard Wessels is the Proper Party to be Substituted Under Rule 25

Richard Wessels is a proper party for substitution. Furthermore, Mr. Wessels has indicated to Plaintiffs' counsel that he is willing and able to continue his wife's claims and to assume the duties of a named Plaintiff and proposed class representative in this case.

WHEREFORE, Plaintiffs respectfully request that this Court substitute Richard Wessels, as successor in interest to Susan Wessels, as a named Plaintiff and proposed class representative in this matter and grant such other and further relief as this Court deems appropriate.

### CERTIFICATION

Pursuant to Fed. R. Civ. P. 37(a)(2) and L.R., D. Mass 37.1, undersigned counsel certifies that Jennifer Fountain Connolly, Class Counsel and counsel for Ms. Wessels, conferred with D. Scott Wise, counsel for AstraZeneca, regarding the issues raised in this Motion. AstraZeneca does not oppose the relief sought herein.

DATED: January 29, 2010

Respectfully submitted,

By: /s/ Jennifer Fountain Connolly
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Jeffrey L. Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates, LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

*Counsel for Class Plaintiffs*

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**

*In re Pharmaceutical Industry Average Wholesale Price Litigation*
Master Case No. 01-cv-12257, MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of Class Plaintiffs' attorneys and that, on January 29, 2010, I caused a copy of **Plaintiffs' Unopposed Motion to Substitute Richard Wessels as Successor in Interest to Plaintiff Susan Wessels** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
(312) 346-2222 – Telephone
(312) 346-0022 – Facsimile
jfc@wexlerwallace.com