# Exhibit 31

*State of California ex. rel. Ven-A-Care of the Florida Keys, Inc. v.*
*Abbott Laboratories, Inc., et al.*

Exhibit to the Declaration of Rita Hanscom in Support of Plaintiffs' Sur-Reply in Opposition to Dey, Inc. and Dey, L.P.'s Motion for Partial Summary Judgment

CA Dept of Health Care Services (J. Kevin Gorospe, PharmD)-Vol II                                May 6, 2009

Sacramento, CA

Page 304

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

-------------------------------X

IN RE PHARMACEUTICAL INDUSTRY     )

AVERAGE WHOLESALE PRICE           )   MDL No. 1456

LITIGATION                        )

-------------------------------X

THIS DOCUMENT RELATES TO          )   Civil Action:

State of California, ex rel.      )   01-12258-PBS

Ven-A-Care v. Abbott              )

Laboratories, Inc., et al.        )

-------------------------------X

--oOo--

WEDNESDAY, MAY 6, 2009

--oOo--

VIDEOTAPED DEPOSITION OF

THE CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES

by J. KEVIN GOROSPE, Pharm.D.

VOLUME II

--oOo--

Reported By:  CAROL NYGARD DROBNY, CSR No. 4018

Registered Merit Reporter

CA Dept of Health Care Services (J. Kevin Gorospe, PharmD)-Vol II                                May 6, 2009
Sacramento, CA

Page 506

1  opponents."

2         Do you see that?

3     A.  Yes.

4     Q.  Was that a -- concern that the
5  Department had at this time -- in this time
6  period, in the 1999 time period?

7     A.  I don't know if the Department had that
8  concern or not.

9         This is a statement made by Mr. Walker
10 in preparing this proposal.

11    Q.  Well, I mean, you're here as a -- as a
12 witness on behalf of the -- of the agency or the
13 program.

14        Was a concern that -- that changes to
15 reimbursement that were implemented by regulation
16 might not withstand legal certainty a concern that
17 the Department had?

18    A.  No, I don't think the Department would
19 have had -- a concern about legal challenges to
20 any changes it was trying to make.

21    Q.  Okay.  Do you believe it's a true
22 statement that the changes that Mr. Walker is

CA Dept of Health Care Services (J. Kevin Gorospe, PharmD)-Vol II                May 6, 2009
Sacramento, CA

Page 507

1  discussing could have been implemented through
2  regulation?
3      A.   Yes.
4      Q.   Okay.  Was -- why weren't they
5  implemented that way?
6      A.   As time has passed, changes to
7  reimbursement and other items such as this have
8  become more of a budgetary concern in terms of --
9  of how to score savings or in the budget, and in
10 order to do that it -- it needed to be part of the
11 -- of the budget trailer process, therefore, it
12 has become -- since -- including -- even including
13 the late nineties, I believe it was more
14 applicable to have changes in statute than in
15 regulation.
16          That way the Legislature could have the
17 -- have the direct input on the budgetary concerns
18 related to it.
19      Q.   Okay.  Now, that's -- that's different
20 than what Mr. Walker is saying here though.
21          He's saying "We think it needs to be
22 done by legislation because there would be a --

Page 508

1  there's a concern or at least there's a problem,
2  and the Department doesn't feel the regulations
3  would sustain scrutiny"?
4      A.   That's what Mr. Walker wrote.  Whether
5  or not that's the -- the Department's position is
6  -- is different.
7      Q.   Okay.  So your testimony is the
8  Department's position was that this was a -- there
9  was a budgetary aspect to this that needed to be -
10 - or that caused it to need to be put through the
11 budgetary process with the Legislature?
12     A.   Absolutely.
13     Q.   But then under "Legislative History" Mr.
14 Walker says "This identical proposal --" and he's
15 talking about the change in reimbursement -- "This
16 identical proposal has been made almost ever year
17 since the early 1990s, but has been brought to a
18 standstill in every instance by the effective
19 lobbying efforts of the pharmacy provider
20 organizations and beneficiary advocacy
21 organizations."
22          Is that consistent with your memory?

CA Dept of Health Care Services (J. Kevin Gorospe, PharmD)-Vol II                               May 6, 2009
Sacramento, CA

Page 518

1   BY MR. ROBBEN:
2       Q.   Mr. Gorospe, Exhibit 35, the Vic Walker
3   document, --
4       A.   Uh-huh.
5       Q.   -- he's talking about an AWP minus or
6   Wholesale Acquisition cost plus, whichever is
7   lower type of arrangement.
8            Did the Department have access to
9   Wholesale Acquisition Costs?
10      A.   Yes.
11           I believe the Department could have
12  gotten Wholesale Acquisition Costs from the First
13  DataBank information.
14      Q.   That you obtained through EDS?
15      A.   That's correct.
16      Q.   Or the other fiscal intermediary over
17  time?
18      A.   That's correct.
19      Q.   Okay.
20      A.   The document does point out, though,
21  that the Wholesale Acquisition Costs isn't
22  available in every -- for every drug, so I'm not

CA Dept of Health Care Services (J. Kevin Gorospe, PharmD)-Vol II                     May 6, 2009
Sacramento, CA

Page 519

1  sure.

2      Q.   Okay.  But, if it was available for a
3  drug, --

4      A.   Yeah.

5      Q.   -- you could have got -- you would have
6  had it through FDB?

7      A.   That's correct.

8      Q.   First DataBank?

9      A.   That's correct.

10          MR. ROBBEN:  Okay.  Okay.  Let's mark
11 this as Exhibit 36.

12              (Exhibit Gorospe 036 was marked for
13 Identification.)

14 BY MR. ROBBEN:

15     Q.   Okay.  All right.

16          So Exhibit -- we've marked as Exhibit 36
17 a document called "Medi-Cal Provider Agreement,"
18 and I will represent on the record that an
19 attorney at my office named Stephen Kilar
20 downloaded this document from the Internet -- I
21 believe from the Medi-Cal Internet site.

22     A.   Yes.