```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION NO.<br>01-12257-PBS |
| UNITED STATES OF AMERICA, ex rel.<br>VEN-A-CARE OF THE FLORIDA KEYS, INC.<br>v. ABBOTT LABORATORIES, INC., Civil<br>Action No. 06-11337-PBS; | SUBCATEGORY NO.<br>06-11337-PBS |
| UNITED STATES OF AMERICA, ex rel.<br>VEN-A-CARE OF THE FLORIDA KEYS, INC.<br>v. DEY, INC., et al., Civil Action<br>No. 05-11084-PBS; and |  |
| UNITED STATES OF AMERICA, ex rel.<br>VEN-A-CARE OF THE FLORIDA KEYS, INC.<br>v. BOEHRINGER INGELHEIM CORP., et<br>al., Civil Action No. 07-10248-PBS |  |

**MEMORANDUM AND ORDER**

February 1, 2010

Saris, U.S.D.J.

## I. INTRODUCTION

Relator Ven-A-Care of the Florida Keys, Inc., ("Ven-A-Care") brings this intervened *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, to recover penalties and damages for allegedly false claims and statements resulting from fraudulent conduct of the Defendant pharmaceutical companies.[1]

---

[1] The Defendants are Abbott Laboratories Inc. ("Abbott"); Dey, Inc., Dey, L.P., and Dey L.P., Inc. (collectively "Dey"); and Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., and

Relator alleges that Defendants reported inflated pricing information for certain drugs which caused the Medicaid and Medicare programs to make substantial overpayments.  Abbott, Dey, and Roxane have moved separately to dismiss Ven-A-Care's complaint, asserting that Ven-A-Care cannot satisfy the FCA's public disclosure/original source rule. After briefing and a hearing, Defendants' motions [Docket Nos. 6179, 6196, 6206, and 6398] are **DENIED**.

## II.  DISCUSSION

This case comes as part of the massive AWP litigation currently in front of this Court.  The Court assumes familiarity with the drug pricing schemes discussed in its previous AWP-related decisions.

Section 3730(e)(4) of the FCA provides:

(A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

---

Roxane Laboratories, Inc. (collectively "Roxane").

31 U.S.C. § 3730(e)(4). This operates as a jurisdictional bar when (1) there has been a "public disclosure," (2) the relator has "based" its suit on the disclosure, and (3) the relator was not the original source of the information on which its suit is based. See In re Pharm. Indus. Average Wholesale Price Litig., 538 F. Supp. 2d 367, 375-79 (D. Mass. 2008).

Whatever the merits of the Defendants' arguments regarding public disclosure, it is clear that Ven-A-Care qualifies as an original source. Satisfaction of the "original source" provision of the FCA turns on a relator having direct and independent knowledge of information underlying his allegations. "Direct" generally means that the information was acquired by the plaintiff through his own efforts, and "independent" means that it is not derived from public disclosures. United States ex rel. O'Keefe v. Sverdup Corp., 131 F. Supp. 2d 87, 93 (D. Mass. 2001). The relator need not have direct and independent knowledge of every detail or element of his complaint. United States ex rel. Minn. Ass'n of Nurse Anesthetists v. Allina Health Sys. Corp., 276 F.3d 1032, 1050 (8th Cir. 2002) ("To qualify as an original source, a relator does not have to have personal knowledge of all elements of a cause of action."). A relator satisfies the requirement if he has "direct and independent knowledge of any essential element of the underlying fraud transaction." United States ex rel. Springfield Terminal Ry. Co. v. Quinn, 14 F.3d 645, 657 (D.C. Cir. 1994). As numerous courts have noted, the

statute requires only that the relator be "an" original source, not "the" original source.  See, e.g., United States ex rel. Ervin & Assocs., Inc. v. Hamilton Sec. Group, Inc., 370 F. Supp. 2d 18, 40 n.11 (D.D.C. 2005) ("use of the word 'an,' . . . suggest[s] there may be more than one original source eligible to bring suit . . . .").

Here, Ven-A-Care had direct and independent knowledge of essential information.  Most importantly, Ven-A-Care had direct and independent knowledge of the Defendants' true prices for the relevant drugs in the marketplace over time, from which it could determine the prices generally and currently paid for the drugs.  This information was not public; it was available only to participants in the pharmaceutical industry, primarily through GPOs that negotiated prices with the Defendants and then transmitted them to their members, like Ven-A-Care.  The Defendants' scheme was based upon creating inducements for pharmacies like Ven-A-Care to buy their products based on the difference between these prices and the prices the Defendants reported; Ven-A-Care learned of the Defendants' true prices in just the manner the Defendants intended.  As Defendants have admitted, their contracts with wholesalers and retailers establishing these prices stipulated that the prices were confidential.  Ven-A-Care voluntarily provided this critical information to the government.  Ven-A-Care also had knowledge of the marketplace and the methods by which price and spread

information was communicated by manufacturers to Medicare and Medicaid providers. Ven-A-Care qualifies as an original source, and the Court thus has jurisdiction.[2]

**ORDER**

Defendants' motions [Docket Nos. 6179, 6196, 6206, and 6398] are **DENIED**.

/s/ Patti B. Saris

Patti B. Saris
United States District Judge

---

[2] Defendants argue that while a corporation, such as Ven-A-Care, can be a relator, it cannot be an original source under the FCA. However, numerous courts have accepted corporations as original sources. See, e.g., Springfield Terminal Ry., 14 F.3d at 657; Ervin & Assocs., 332 F. Supp. 2d at 6-10. The Court agrees with the 8th Circuit's explicit rejection of the Defendants' arguments. See Minn. Ass'n of Nurse Anesthetists, 276 F.3d at 1048 n.12. Moreover, even were the Defendants' arguments correct, they have been sued "by and through" Ven-A-Care's individual officers.