# EXHIBIT 8

Page 1

```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS


IN RE:                             ) CA No. 01-12257-PBS
                                   ) CA No. 05-11084-PBS
PHARMACEUTICAL INDUSTRY AVERAGE    ) CA No. 06-11337-PBS
WHOLESALE PRICE LITIGATION         ) CA No. 07-10248-PBS
                                   ) Pages 1 - 66




                       STATUS HEARING

             BEFORE THE HONORABLE PATTI B. SARIS
                UNITED STATES DISTRICT JUDGE




                       United States District Court
                       1 Courthouse Way, Courtroom 19
                       Boston, Massachusetts
                       May 28, 2009, 2:15 p.m.







                  LEE A. MARZILLI
               OFFICIAL COURT REPORTER
             United States District Court
            1 Courthouse Way, Room 3205
                 Boston, MA  02210
                   (617)345-6787
```

72fe4b07-ff68-4ab0-9daf-1849027a1147

1  A P P E A R A N C E S:

2

3       EDWARD NOTARGIACOMO, ESQ., Hagens Berman Sobol Shapiro,
    LLP, One Main Street, Cambridge, Massachusetts, 02142,
    for the Class Plaintiffs.
4
        JOHN A. MACORETTA, ESQ., Spector Roseman Kodroff &
5   Wills, 1818 Market Street, Suite 2500, Philadelphia,
    Pennsylvania, 19103, for the Class Plaintiffs.
6
        JOHN T. MONTGOMERY, ESQ. and JOHN P. BUEKER, ESQ.,
7   Ropes & Gray, LLP, One International Place, Boston,
    Massachusetts, 02110, for Schering and Warrick.
8
        FREDERICK G. HEROLD, ESQ., Dechert, LLP,
9   2440 W. El Camino Real, Suite 700, Mountain View,
    California, 94040-1499, for Glaxosmithkline.
10
        PAUL K. DUEFFERT, ESQ., Williams & Connolly, LLP,
11  725 Twelfth Street, N.W., Washington, D.C., 20005,
    for Par Pharmaceutical Companies, Inc.
12

13  ALSO PARTICIPATING:

14      NICHOLAS N. PAUL, ESQ., State of California.
        DONALD E. HAVILAND, ESQ., for Plaintiff.
15      D. SCOTT WISE, ESQ., AstraZeneca Pharmaceuticalls LP.
        LYNDON M. TRETTER, ESQ., Bristol-Myers Squibb Company.
16      STEVEN F. BARLEY, ESQ., Amgen, Inc.
        ANDREW D. SHAU, ESQ., Johnson & Johnson.
17      GEORGE B. HENDERSON, AUSA, United States of America.
        JOANNE M. CICALA, ESQ., New York City, New York Counties.
18      SUSAN SCHNEIDER THOMAS, ESQ., Ven-A-Care.
        WILLIAM A. ESCOBAR, ESQ., Dey and Mylan.
19      PETER A. MULLIN, ESQ., Commonwealth of Massachusetts.
        MERLE M. DELANCEY, JR., ESQ., Baxter Healthcare.
20      CLINTON C. CARTER, ESQ., South Carolina and Utah.
        JAMES W. MATTHEWS, ESQ., Watson Pharmaceuticals.
21

22

23

24

25

1                P R O C E E D I N G S
2            THE CLERK:  In Re:  Pharmaceutical Industry
3    Average Wholesale Price Litigation, Civil Action 01-12257,
4    will now be heard before this Court.  Will counsel please
5    identify themselves for the record.
6            MR. MACORETTA:  Good afternoon, your Honor.  John
7    Macoretta from Spector Roseman Kodroff & Wills for the class
8    plaintiffs.
9            MR. NOTARGIACOMO:  Ed Notargiacomo from Hagens
10   Berman Sobol Shapiro for the class plaintiffs as well as for
11   the states of Arizona, Montana, and Nevada.
12           MR. MONTGOMERY:  John Montgomery from Ropes & Gray
13   for Schering and Warrick, your Honor.
14           MR. BUEKER:  Good afternoon, your Honor.  John
15   Bueker, also from Ropes & Gray, for Schering and Warrick.
16           MR. HEROLD:  Good afternoon, your Honor.  Fred
17   Herold, Dechert, for GSK.
18           MR. DUEFFERT:  Good afternoon, your Honor.  Paul
19   Dueffert, Williams & Connolly, for Par Pharmaceutical, Inc.
20           THE COURT:  I recognize a lot of people sitting
21   back there.  I'm not sure it's necessary for everyone to
22   introduce themselves, although I will encourage
23   participation.  My goal in doing this is twofold:  One is
24   just to get a handle on all the different cases that have
25   made up the AWP MDL.  It's now been eight years, going on

1          THE COURT:  Because I didn't even do it and stay
2   it, all right.
3          MR. WISE:  You decided to wait and see what the
4   Circuit did.
5          THE COURT:  Okay.  So that will be a huge thing
6   for me to do after the --
7          MR. MACORETTA:  First Circuit rules.
8          THE COURT:  -- the First Circuit rules, if it
9   doesn't sort of wipe out the core ruling.
10         MR. MACORETTA:  Yes.
11         THE COURT:  Okay.  So AstraZeneca, there's nothing
12  for me to do.
13         MR. MACORETTA:  No.
14         THE COURT:  That's a lovely thought, all right.
15         MR. MACORETTA:  BMS, there is also nothing for you
16  to do because, as we referenced, we have reached a global
17  settlement with BMS.
18         THE COURT:  All right, so, now, we've had a bad
19  experience in Track 2 because it's taken so long to get some
20  of the data to even be able to send out the notice.  So the
21  reason I wanted to find out is, where are we on the BMS
22  notice?
23         MR. NOTARGIACOMO:  What we did, anticipating there
24  might be a settlement with BMS, when we put in the request
25  for the Track 2 data, we also threw in the BMS drugs, so

Page 20

1   that when we get that data, we will also get the BMS data
2   and won't have to wait for that.
3           THE COURT:  When do you want to schedule a
4   preliminary approval hearing?
5           MR. NOTARGIACOMO:  We're going to be filing
6   something on the Track 2 -- on BMS?
7           THE COURT:  Yes.
8           MR. NOTARGIACOMO:  There's an allocation meeting
9   between the consumers and the TPPs in BMS on June 22, and we
10  expect to file motions for preliminary approval in early
11  July.
12          THE COURT:  So shall we get that date on the
13  calendar?  Are there likely to be -- do you have class reps?
14          MR. MACORETTA:  We do, we do.
15          THE COURT:  And are you expecting -- I mean, the
16  number of objections, really, in both the McKesson and the
17  Track 2 started flowing in at the preliminary approval
18  stage, I believe, and --
19          MR. MACORETTA:  That's right.
20          THE COURT:  So are we expecting that you know of a
21  full-blown preliminary approval hearing that will take a lot
22  of time?
23          MR. MACORETTA:  It would be unusual if we didn't
24  have one in this case right, Judge?
25          THE COURT:  Well, I always have a preliminary

1   approval hearing.
2           MR. MACORETTA:  There's been objections to the
3   preliminary approval in AstraZeneca and GSK as well, I
4   think, so --
5           THE COURT:  For the last two.  So now that
6   everyone's here, let's set a date.  Robert, do we have an
7   afternoon?  Maybe the third week in July, does that sound
8   right?
9           MR. MACORETTA:  Judge, I believe there's something
10  July 23.
11          THE COURT:  Well, beautiful.
12          MR. MACORETTA:  But I don't know what that is.  Is
13  that the --
14          THE CLERK:  That's McKesson final approval.
15          THE COURT:  That's McKesson final approval.  I
16  think that's too much.  But if we did them back to back
17  maybe, then people who would be in town otherwise --
18          THE CLERK:  The 24th.  It's a Friday.
19          THE COURT:  The 24th?
20          MR. MACORETTA:  That's fine for us, I think, your
21  Honor.
22          THE COURT:  For a preliminary approval hearing.
23  Who's from Bristol Myers?  There you are.
24          MR. TRETTER:  Hi, your Honor.
25          THE COURT:  You're so far back, you're trying to

1  stay out of the courtroom.  So is that a day acceptable to
2  you?
3           MR. TRETTER:  I'm furiously going through the
4  little calendar on my Blackberry, but I'll say "yes" to the
5  24th of July.  Unless you hear from me otherwise, yes.
6           MR. NOTARGIACOMO:  The same for plaintiffs, your
7  Honor, we'll have to check with other counsel to see if that
8  works, but assuming it does --
9           THE COURT:  My theory was to do it back to back
10 with McKesson on the theory that some of the players were
11 overlapping, and I know Mr. Berman tends to come in from
12 across the country, and I think other people are coming up
13 from other locations.  What's the 24th, is it a Friday?
14          THE CLERK:  Yes.
15          THE COURT:  And then they can do Cape Cod the next
16 day.
17          (Laughter.)
18          MR. MACORETTA:  I'll point that out to Mr. Berman.
19 And, of course, you know, we have a settlement in principle
20 with BMS.  We --
21          THE COURT:  I understand.  If it falls apart, it
22 does.  Maybe we'll just use that date as a status to figure
23 out what I do next.
24          MR. TRETTER:  So what time, your Honor?
25          THE COURT:  Do you want to do it at 2:00 o'clock?

72fe4b07-ff68-4ab0-9daf-1849027a1147

1    And then you can --
2                MR. MACORETTA:  We can do it in the morning,
3    Judge.
4                THE COURT:  You know what my problem is?  I know
5    no one wants to be doing this Friday afternoon.  I just
6    never know what my trial schedule looks like.  What does the
7    24th look like in the afternoon?  Anything else?
8                THE CLERK:  No.  It's open.
9                THE COURT:  Why don't I put it on at 2:00 o'clock.
10   Now, here's the thing:  Keep in touch with Mr. Alba because
11   if I'm not on trial, I'm happy to move it into the morning.
12   I have a solid block for you on the Friday in the afternoon,
13   okay?  All right.  So that's BMS.
14               MR. MACORETTA:  That's BMS.  And that leaves us
15   with the Track 2 global settlement, Judge.
16               THE COURT:  And where are we on that?
17               MR. MACORETTA:  All the notice has not yet gone
18   out because we still haven't gotten the right data from CMS.
19               THE COURT:  When are you going to get that data?
20               MR. NOTARGIACOMO:  We're working with them.  We're
21   trying to get it in so that we can request another final,
22   final approval hearing in late July or early August, and it
23   looks like --
24               THE COURT:  But help me with this.  So when do you
25   think that the notice can go out?

Page 24

1    MR. NOTARGIACOMO:  By the end of this month, the
2    end of June.
3    THE COURT:  The end of June, notice?
4    MR. NOTARGIACOMO:  And then we want to give
5    consumers 30 days to respond.  All they have to do is send
6    back a postcard that's pre --
7    THE COURT:  All right, so let's just play this
8    out, though.  Maybe we should do a little longer because a
9    lot of people vacation.  I mean, I don't know if this group
10   necessarily.  Actually, this is a huge group.  This isn't
11   necessarily my -- most people, a lot of people won't even
12   focus on it till -- maybe give maybe 40 days or something,
13   give that extra ten days for the July 4 period of time.  And
14   then when would the approval -- people vacation in August,
15   this is my concern, so I want to give people advanced --
16   when do you think would make sense to do a hearing, the
17   second week in August, before the tail end?
18   MR. NOTARGIACOMO:  If you're going to give them
19   40 days, I might push it out a little bit, your Honor,
20   either -- I know you're reluctant to do it in the last two
21   weeks of August because that's prime vacation schedule.
22   THE COURT:  Yes, for lawyers as well as judges and
23   consumers, so I'm thinking of the second --
24   MR. NOTARGIACOMO:  Week in August?
25   THE COURT:  Yes.  And we can always cancel it if

1    it turns out not to be right.
2              So when can we do it, Robert?  Do we have an
3    afternoon in there somewhere?
4              THE CLERK:  August 11 at 2:00 p.m.
5              THE COURT:  So that would be the final approval
6    hearing, is that right?
7              MR. NOTARGIACOMO:  That's correct.
8              MR. MACORETTA:  Part two.  Your Honor had a
9    hearing.
10             THE COURT:  Well, I'm curious as to whether -- I
11   think I do need another hearing, but there are also a series
12   of objections I haven't ruled on and are being briefed,
13   right?
14             MR. MACORETTA:  Yes, and we want to submit further
15   briefing on a lot of these issues, yes, which we will do
16   well in advance of this.
17             THE COURT:  Well in advance because there were a
18   number of objections, some of which I responded to through
19   this supplemental notice requirement.  Okay.
20             MR. MACORETTA:  Was that 2:00 o'clock as well?
21             THE COURT:  Yes.
22             THE CLERK:  That's correct.
23             MR. NOTARGIACOMO:  Yes, there is one piece of
24   this, your Honor, that I don't know the answer to that might
25   affect that date, and that is the supplemental notice that

Page 26

1  you just mentioned to cash payors, and we're working on a
2  publication schedule.  I assume we can work with that date,
3  but if not --
4              THE COURT:  If not, we'll push it into September.
5              MR. NOTARGIACOMO:  Okay.
6              THE COURT:  There are so many people here from the
7  Track 2 settlement.  Is there any reason anyone knows of
8  that August 11 would be an impossible date for any of the
9  key players who have been very active in negotiating that
10 settlement?  There are what, how many defendants, how many
11 companies?
12             MR. NOTARGIACOMO:  I think, depending on how you
13 count them, eleven or thirteen defendants.
14             THE COURT:  All right.  Has there been one
15 particular spokesperson who's been involved in the
16 settlement?
17             MR. MACORETTA:  There's been a few.  I wouldn't
18 want to put it on just one person, Judge.  I don't see
19 anybody here.
20             MR. BARLEY:  I've spoken for the defendants at a
21 number of hearings, your Honor.  Steve Barley for AmGen.  Is
22 there a particular issue?
23             THE COURT:  I just want to make sure you're
24 available on that date.
25             MR. BARLEY:  I'm available.

72fe4b07-ff68-4ab0-9daf-1849027a1147

Page 27

1  THE COURT: Okay. And so is there someone who's
2  been sending out e-mails on behalf of the defendants?
3  MR. BARLEY: I'm happy to do that.
4  THE COURT: Would you, if we have to change it
5  because the noticing doesn't go right, you'd be the point
6  person to just make sure you touch base with Mr. Alba?
7  MR. BARLEY: Yes, your Honor.
8  THE COURT: Perfect, thank you. Okay.
9  MR. MACORETTA: And then the only thing we have
10 left --
11 THE COURT: Did you get his name? He knows who
12 everyone is. He talks to you all? All right.
13 THE CLERK: Most, not all.
14 MR. MACORETTA: The only thing we have left is
15 Johnson & Johnson. If you'll remember, you granted them
16 summary judgment. That's on appeal as well.
17 THE COURT: But that's on appeal.
18 MR. MACORETTA: That's on appeal, so that's --
19 THE COURT: Okay, so now you're done.
20 MR. MACORETTA: Now we're done.
21 THE COURT: So essentially there are no more
22 dispositive motions that you have outstanding with me that
23 need to be resolved?
24 MR. MACORETTA: Not before the First Circuit.
25 THE COURT: You're almost done with me, depending