# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | Master Civil No. 01-cv-12257 |
| | MDL No. 1456 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

## CLASS 1 PLAINTIFFS' REQUEST FOR ORAL ARGUMENT OF THE J&J DEFENDANTS' POST-REMAND MOTIONS FOR SUMMARY JUDGMENT

James Shepley, on behalf of the estate of Therese Shepley, and Larry Young, on behalf of the Estate of Patricia Young, by their undersigned counsel, respectfully move this Court to set oral argument on the J&J Defendants' Post-Remand Motion for Summary Judgment Against Class 1 Residents of the Commonwealth of Massachusetts [Dkt No. 6668] and the J&J Defendants' Post-Remand Motion for Summary Judgment Against Class 1 Residents of the District of Columbia and States Other Than the Commonwealth of Massachusetts [Dkt. No. 6672] (collectively "Post-Remand MSJs"), which are now fully briefed. In support of their request, Plaintiffs state as follows:

1. J&J has asked the Court to enter judgment against all of Class 1 based on this Court's June 21, 2007 findings of fact and conclusions of law. Plaintiffs contend that there are genuine issues of material fact that preclude entry of summary judgment and also that this Court cannot, consistent with the Seventh Amendment, enter summary judgment against members of Class 1 who reside in the states who require a jury trial on their claims. *See* Dkt. No. 6834. J&J's Post-Remand reply briefs [Dkt Nos. 6869 (Massachusetts) and 6870 (non-Massachusetts)] describe this as a simple issue that can be swiftly disposed of. It is not and therefore requires oral argument.

2. Specifically, in its reply briefs, J&J contends that this Court can enter summary judgment because the relevant facts are "undisputed." They are not. In short, even if the relevant inquiry is as J&J represents it[1] – which Plaintiffs hotly dispute – the Court cannot enter judgment based on government knowledge because there are genuine issues of disputed fact regarding what J&J *withheld* from the government. Indeed, when J&J sets forth the facts that are purportedly "undisputed" it includes facts that were both disputed in Plaintiffs' Counter-Statement as well as facts that J&J never set forth in its 56.1 Statement in the first instance. *See* Dkt No. 6870 at 4 (statement nos. 2 and 4).

3. Second, J&J claims that this Court's findings about the government's inability to act in response to its knowledge were only relevant to "mega-spreads." This Court made no such limitation.

4. Third, J&J's Massachusetts reply brief simply says that Plaintiffs have made no argument against entering summary judgment against that Class. That is not correct. Plaintiffs have argued that this Court cannot impute the knowledge of the government to Class 1 and, if the Court considers government knowledge at all, there are genuine issues of material fact regarding what J&J concealed from the government. Indeed, J&J itself says that "[t]he J&J Defendant dispute Plaintiffs' account of the facts." Dkt No. 6870 at 3.

5. Finally, J&J states that the "Ka-Ching" document this Court admitted into evidence for the Class 2/Class 3 bench trial is inadmissible hearsay and cannot be considered on summary judgment. *Id.* at 3 n.2. The only reason that Plaintiffs do not have the actual document or any testimony about it is because J&J withheld the document, forcing Plaintiffs to request it

---

[1] *See* Dkt. No. 6870 at 5 ("the J&J Defendants argue that summary judgment is warranted because the government's understanding of AWP is the only understanding of AWP that matters for purposes of assessing Class 1's claims.")

after trial had concluded. Should the Court believe it cannot consider the Ka-Ching document on summary judgment, Plaintiffs wish to raise with the Court obtaining discovery regarding this document.

6.  In short, Plaintiffs believe there are many significant issues in J&J's Post-Remand MSJs that merit oral argument.

WHEREFORE Plaintiffs respectfully request that this Court set J&J's Post-Remand MSJs for oral argument at a day and time convenient to the Court.

DATED: February 4, 2010                                  Respectfully submitted,

                                                         By: /s/ Steve W. Berman
                                                             Thomas M. Sobol (BBO#471770)
                                                             Edward Notargiacomo (BBO#567636)
                                                             Hagens Berman Sobol Shapiro LLP
                                                             55 Cambridge Parkway, Suite 301
                                                             Cambridge, MA  02142
                                                             Telephone: (617) 482-3700
                                                             Facsimile: (617) 482-3003

                                                             Steve W. Berman
                                                             Sean R. Matt
                                                             Hagens Berman Sobol Shapiro LLP
                                                             1918 8th Avenue, Suite 3300
                                                             Seattle, WA  98101
                                                             Telephone: (206) 623-7292
                                                             Facsimile: (206) 623-0594

                                                             Kenneth A. Wexler
                                                             Jennifer Fountain Connolly
                                                             Wexler Wallace LLP
                                                             55 W. Monroe, Suite 3300
                                                             Chicago, IL  60603
                                                             Telephone:  (312) 346-2222
                                                             Facsimile:  (312) 346-0022

Jeffrey L. Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates, LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

***Counsel for Class 1 Plaintiffs***

# CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

*In re Pharmaceutical Industry Average Wholesale Price Litigation*
Master Case No. 01-cv-12257, MDL 1456

I, Steve W. Berman, hereby certify that I am one of Class Plaintiffs' attorneys and that, on February 4, 2010, I caused a copy of ***Class 1 Plaintiffs' Request for Oral Argument of the J&J Defendants' Post-Remand Motions For Summary Judgment*** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Steve W. Berman
Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594