# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | Subcategory No. 06-11337-PBS |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.,* Civil Action No. 06-11337 | Hon. Patti B. Saris |

## NOTICE OF AMENDMENT OF MEDICARE DAMAGES DEMAND

The United States reasserts its position that the calculation of Medicare and Medicaid damages by its expert witness, Dr. Mark Duggan, is based upon sufficient facts and data, and is the product of reliable principles and methods of economics and econometrics; and that Dr. Duggan has applied the principles and methods reliably to the facts of this case, in accordance with Fed. R. Evid. 702, and common law. In recognition of the factors noted below, however, the United States withdraws its demand that Abbott pay damages on a limited portion of certain *Medicare* J-codes, namely the within-carrier extrapolated damages and the across-carrier extrapolated damages. To specify, the United States will limit its *Medicare* demand to those damages reflected in Dr. Duggan's June 19, 2008 expert report at (1) Table 33 (Summary for *Medicare* DME Claims: J3370) and (2) the first line for each carrier in Table 43 (Summary for *Medicare* Carrier Claims for CG *et al*: J7050, J7040, J7060, J7030, J3370) which includes the following carriers and quarters: Connecticut General 1997Q1-2001Q4, Wisconsin Physician Services 1996Q3-2001Q4, Other Region 5 carriers 1996Q3-2001Q4, KY AdminaStar 1998Q3-

2001Q4, WV Nationwide 1996Q3-2001Q4, Other Metra Health 1995Q4-2001Q4 and Florida Blue Shield 1995Q3-1998Q2.

- The United States acknowledges, appreciates, and heeds the Court's admonitions that the parties need to streamline the case for trial, reduce the burden to this Court, the United States and the parties, and to focus on the important issues in order to conclude the case, either through informal resolution or trial, as expeditiously as possible.

- The United States anticipates that Abbott may serve the already overburdened Medicare carriers with trial subpoenas for carrier array data for which the United States had long ago put Abbott on notice was unduly burdensome to locate and produce, thereby needlessly wasting the resources of the Medicare carriers, the Centers for Medicaid and Medicare Services, and the United States Department of Justice, which would be obligated to supervise and assist with the search for and production of additional data, specifically array information. For these reasons, withdrawal of this limited portion of the *Medicare* damages will save the United States substantial resources, and incidentally save Abbott resources as well.

- The United States anticipates that Abbott may file additional motions *in limine* addressing the receipt of any further Medicare carrier array information. The Department of Justice recognizes the substantial burden to this Court by the filing of additional, unnecessary motions in a single case in a massive multi-district litigation proceeding where the Court is already responsible for hundreds upon hundreds of motions. Accordingly, the withdrawal of these limited *Medicare* damages will save the Court and

the parties substantial resources.

- As recognized by this Court at the outset of the *Daubert* hearing on December 10, 2009, Abbott faces significant liability for penalties on top of any Medicaid and Medicare damages awarded in this case. Minimally, Abbott risks paying between $302 and $605 million in penalties on the 59,360 false claims it directly submitted to the Medicaid and Medicare programs through its Home Infusion Business unit on behalf of its own pharmacies, and other of its pharmacy-partners. Abbott also risks paying penalties for its false price reporting and the additional claims Abbott caused other providers to submit for reimbursement.

For these reasons, the United States withdraws a limited portion of its *Medicare* damages demand, as set forth above.

Respectfully Submitted,

For the United States of America,

| | |
|---|---|
| **CARMEN M. ORTIZ**<br>**UNITED STATES ATTORNEY** | **TONY WEST**<br>**ASSISTANT ATTORNEY GENERAL** |

 /s/ Renée Brooker

| | |
|---|---|
| George B. Henderson, II | Joyce R. Branda |
| Assistant U.S. Attorney | Daniel R. Anderson |
| John Joseph Moakley U.S. Courthouse | Renée Brooker |
| Suite 9200, 1 Courthouse Way | Justin Draycott |
| Boston, MA 02210 | Rebecca Ford |
| Phone: (617) 748-3272 | Civil Division |
| Fax: (617) 748-3971 | Commercial Litigation Branch |
| | P. O. Box 261 |
| **JEFFREY H. SLOMAN** | Ben Franklin Station |
| UNITED STATES ATTORNEY | Washington, D.C. 20044 |
| SOUTHERN DISTRICT OF FLORIDA | Phone: (202) 307-1088 |
| | Fax: (202) 307-3852 |

 /s/ Mark A. Lavine

For the relator, Ven-A-Care of the Florida Keys, Inc.,

Mark A. Lavine
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Phone: (305) 961-9003
Fax: (305) 536-4101

James J. Breen
Alison W. Simon
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue, Suite 110
Miramar, FL 33027
Tel: (954) 874-1635
Fax: (954) 874-1705

February 5, 2010

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this day caused an electronic copy of the above NOTICE OF AMENDMENT OF MEDICARE DAMAGES DEMAND to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.


                                             /s/ Renée Brooker
                                             Renée Brooker

February 5, 2010