UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ) *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, Civil Action No. 06-11337-PBS; ) ) ) ) *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS; and ) ) ) ) *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp., et al.*, Civil Action No. 07-10248-PBS ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS Subcategory No. 06-11337-PBS Hon. Patti B. Saris |

## UNITED STATES' RESPONSE TO THE COURT'S INSTRUCTION RELATING TO STATE MEDICAID CLAIMS DATA

At the hearing on January 27, 2010, the Court directed that the Government describe any information in its files relating to whether state Medicaid claims data has been destroyed. The United States submits this response. This response does not address Medicaid claims data obtained from the States by the Centers for Medicare and Medicaid Services ("CMS") – referred to as SDUD, MSIS, and SMRF/MAX data. Instead, this response addresses Medicaid pharmacy claims data that ordinarily resides in the possession of each state Medicaid agency or its contractor.[1]

---

[1] The United States emphasizes, as set forth in prior briefs (Master Dkt #6388, Sub. #370), that it has no legal duty to preserve information in the possession, custody, or control of a third party, including another sovereign. The duty to preserve is co-extensive with the duty to

Over the course of the litigation in these consolidated cases, the United States has obtained state Medicaid claims data in two ways. First, the Department of Justice (DoJ) directly approached state personnel and requested claims data from the state Medicaid agencies. Second, the United States received some data produced by the states in response to subpoenas served by defendants. The chart below summarizes the claims data obtained from the states as a result of either the Government's contacts with the states or pursuant to defendants' subpoenas.

**State Produced Claims Data**

|  | **Claims Data Received** | | |
| --- | --- | --- | --- |
| **State** | **Abbott** | **Dey** | **Roxane** |
| Alabama |  | 1993-2005 |  |
| Alaska | 1996-2001 | 1996-2006 | 1996-2006 |
| Arkansas | 2000-2001 | 2000-2008 | 2000-2008 |
| California | 1993-2001 | 1993-2007 | 1993-2007 |
| Connecticut | 1991-2001 | 1992-2006 | 1991-2006 |
| Delaware |  | 2002-2008 | 2002-2008 |
| Florida | 1993-2001 | 1993-2005 | 1993-2005 |
| Georgia | 2000-2001 | 2000-2006 | 2000-2006 |
| Hawaii | 1993-2001 | 1993-2006 | 1993-2006 |

---

produce. *See Townsend v. American Insulated Panel Co.*, 174 F.R.D. 1, 5 (D. Mass. 1997) (Collings, M.J.) ("the duty [to preserve evidence] does not extend to evidence which is not in the litigant's possession or custody and over which the litigant has no control"); *Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 587 F. Supp. 180, 189 (D. D.C.), *modified on reconsideration*, 593 F. Supp. 388 (D. D.C.), *aff'd*, 746 F.2d 816 (D.C. Cir. 1984); Jamie S. Gorelick, *et al.*, *Destruction of Evidence* (1989) § 210 ("destruction of evidence by third parties does not give rise to the inference [of spoliation]") & Supp. 2009 (collecting cases). There is no evidence that any missing state claims data has ever been in the possession of the United States.

| | | | |
|---|---|---|---|
| Idaho | | 1992-2005 | 1991-2005 |
| Illinois | 1991-2001 | 1992-2006 | 1991-2006 |
| Indiana | 2000-2001 | | |
| Iowa | 1991-2001 | 1991-2007 | 1991-2007 |
| Kansas | | 1993-2003 | 1992-2003 |
| Kentucky | 1995-2001 | 1995-2005 | 1995-2005 |
| Louisiana | 1995-2001 | 1993-2007 | 1993-2007 |
| Maine | 1995-2001 | 1995-2005 | |
| Maryland | 1991-2001 | | |
| Massachusetts | 1996-2001 | 1995-2007 | 1995-2007 |
| Michigan | 2000-2001 | 2000-2007 | 2000-2007 |
| Minnesota | 1999-2001 | 1999-2007 | 1999-2007 |
| Missouri | 1998-2001 | 1993-2005 | 1998-2008 |
| Nebraska | | 1997-2005 | 1996-2008 |
| New Jersey | 1991-2001 | 1992-2006 | 1991-2006 |
| New Mexico | | 1992-2006 | 1991-2006 |
| New York | 1993-2004 | 1993-2007 | 1993-2007 |
| North Carolina | 2001 | 2001-2007 | 2001-2007 |
| Ohio | 1991-2003 | 1997-2005 | 1998-2005 |
| Oregon | | 1996-2008 | |
| Pennsylvania | 1997-2001 | 1997-2007 | 1997-2007 |
| Rhode Island | | 1993-2008 | 1993-2008 |
| South Carolina | 1993-2001 | 1992-2006 | 1992-2006 |
| Texas | 1995-2001 | 1994-2005 | 1993-2005 |
| Utah | 1996-2001 | 1997-2007 | 1997-2007 |
| Virginia | 2000-2001 | 1996-2008 | 1992-2006 |
| Washington | 1991-1997 | | |
| Wisconsin | 1992-2001 | 1992-2005 | 1992-2005 |
| Wyoming | | 1997-2007 | 1997-2008 |

DoJ's efforts to obtain data directly from the states began in late 2006 and continued through early 2008. At the outset, DoJ contacted a limited set of Medicaid agencies for data. In consultation with the Government's damages expert, Dr. Mark Duggan, the Government later expanded its data collection efforts to include states with high levels of Medicaid utilization, as reflected in Medicaid dollars spent. Ultimately, the Government made at least preliminary contact with 50 states in an effort to obtain state data. However, for some states the collection effort was limited or abandoned due to an impending discovery deadline or the burdensomeness of obtaining data from a given state. In the end, these efforts resulted in the United States obtaining claims data from 33 states.[2]

During the course of the data collection effort, the Government informally communicated with state agencies and obtained information regarding whether and to what extent state data (for years from 1991 on) was accessible. The information provided by state personnel was generally tentative and not always in accordance with the extent of the production which the state was ultimately able to undertake. Several states initially responded that data only from a certain date forward was available, but then produced data from earlier periods. For example, based on contacts with the Commonwealth of Massachusetts, DoJ expected this state to produce data starting from 1996. However, DoJ later learned that Massachusetts' lawyers advised counsel for Dey that the

---

[2] These states are: AK, AR, CA, CT, DE, FL, GA, HI, ID, IL, IN, IA, KS, KY, LA, MA, MI, MN, MO, NE, NJ, NM, NY, NC, OH, PA, RI, SC, TX, UT, VA, WI, and WY.

Commonwealth's archives contained claims data going back to 1991 and also provided an estimate of the cost of retrieving the archived data. Similarly, California, Connecticut, Hawaii, Louisiana, and New Mexico all advised that they expected to only produce data from dates ranging from 2000 to 2002, yet, as indicated in the above chart, all of these states ultimately produced data from earlier periods.

Conversely, other states may have told DoJ staff that they had claims data going back to a certain date, but never produced it. For example, Minnesota and North Carolina both stated that they had data back to 1991 on archived tapes, but Minnesota's production only went back to 1999, North Carolina's to 2001; Missouri advised that it had data going back to 1992, but ultimately produced data for Abbott NDCs from 1998 forward. Other states were unable to advise how far back they could go to retrieve archived data when they were initially contacted by DoJ. Delaware, for example, advised that it had implemented a new storage "system" in 2002, but could not state to DoJ whether it could access earlier archived data. Virginia also indicated that it might not be able to access older, stored, data. Some states (for example, Oregon and Colorado) simply declined to produce any data to the United States.

Georgia was the only state which affirmatively stated that archived data had been destroyed. For other states, DoJ has been unable to make a final, conclusive determination regarding the extent of the archived data. That being said, some states indicated that they did not expect to be able to access older data. As Government counsel

5

indicated at the January 27 hearing, DoJ understands that the State of Mississippi has been unable to retrieve its own data and consequently has subpoenaed Medicaid data from CMS. Representatives of the State of Florida advised that they were unable to produce data from prior to October 1993; Indiana and Michigan advised that they could not produce data from before 2000; an Oklahoma official advised he was uncertain how far back the data extended, but it was "likely to be" around 2000 (subsequently, the United States received no data from Oklahoma); Pennsylvania advised that it could not produce data from before 1997. The United States has no further information than that stated above regarding whether the data from these states for earlier periods has been destroyed or has been archived in a manner that renders retrieval unduly burdensome.

The United States believes that defendants issued subpoenas to 38 states. Although Dey served subpoenas on numerous states, it later withdrew them after the Court denied Dey's motion to extend discovery. *See* Dkt. Order of 6/10/09, denying Dkt. 5765 Motion to Extend the Production Deadline for the Limited Purpose of Receiving Medicaid Claims Data from States. The Government received data from seven states in connection with the defense subpoenas.[3] The time frames for the data from those states are also set out in the above chart. (The Government received claims data from Kentucky and Ohio as a result both of the Government's own efforts and as a result of defense

---

[3] Those states are: AL, KY, ME, MD, OR, VA, and WA. The United States notes that the State of Oregon rebuffed the DoJ's request for voluntary production and only later produced data in response to a defense subpoena.

subpoenas.) Defendants, presumably, can provide additional information about any objections asserted by the states and whether any state agency provided information, while negotiating its subpoena compliance obligations, regarding the extent of the claims data it maintained.

The United States received no claims data, based either on its own efforts or via defense subpoenas, from the states of Arizona, Colorado, Mississippi, Montana, Nevada, New Hampshire, North Dakota, Oklahoma, South Dakota, Tennessee, Vermont and West Virginia, and the District of Columbia. Nor does the United States have any more particularized information regarding the data retention policies of these Medicaid programs and whether or to what extent the programs could have produced historical data relating to claims for defendants' drugs.

The foregoing describes only the extent of the data received by the United States - and which has been available to defendants. The United States does not purport to describe the extent, if any, to which defendants may have obtained claims data, unbeknownst to the United States, beyond that set out in the above chart.

Respectfully Submitted,

For the United States of America,

| | |
|---|---|
| **CARMEN M. ORTIZ** | **TONY WEST** |
| **UNITED STATES ATTORNEY** | **ASSISTANT ATTORNEY GENERAL** |
| | |
|    /s/ George Henderson |   /s / Justin Draycott |
| George B. Henderson, II | Joyce R. Branda |
| Assistant U.S. Attorney | Daniel R. Anderson |
| John Joseph Moakley U.S. Courthouse | Renée Brooker |
| Suite 9200, 1 Courthouse Way | Justin Draycott |
| Boston, MA 02210 | Rebecca Ford |
| Phone: (617) 748-3272 | Civil Division |
| Fax: (617) 748-3971 | Commercial Litigation Branch |
| | P. O. Box 261 |
| **JEFFREY H. SLOMAN** | Ben Franklin Station |
| UNITED STATES ATTORNEY | Washington, D.C. 20044 |
| SOUTHERN DISTRICT OF FLORIDA | Phone: (202) 307-1088 |
| | Fax: (202) 307-3852 |
|    /s/ Mark Lavine | |
| Mark A. Lavine | |
| Ann St.Peter-Griffith | |
| Special Attorneys for the Attorney General | |
| 99 N.E. 4th Street, 3rd Floor | |
| Miami, FL 33132 | |
| Phone: (305) 961-9003 | |
| Fax: (305) 536-4101 | February 5, 2010 |

**CERTIFICATE OF SERVICE**

     I hereby certify that I have this day caused an electronic copy of the above UNITED STATES' RESPONSE TO THE COURT'S INSTRUCTION RELATING TO STATE MEDICAID CLAIMS DATA to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

February 5, 2010                                                       /s /Justin Draycott