UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | ) ) Civil Action No. 01-12257-PBS ) ) Subcategory No.: 06-CV-11337-PBS |
| *United States of America, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, CIVIL ACTION NO. 06–CV-11337-PBS | ) ) Hon. Patti B. Saris ) ) ) ) |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, CIVIL ACTION NO. 05-11084-PBS | ) ) ) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States hereby provides notice of supplemental authority concerning the arguments of defendants Abbott Laboratories, Inc. and Dey, Inc., Dey, L.P., and Dey, L.P., Inc. that the government's delay in intervening in these cases violates the defendants' due process right under the U.S. Constitution.[1]  *See* Abbott Laboratories Inc.'s Memorandum in Support of Its Motion for Partial Summary Judgment (Master Dkt #6186, Sub. #242) at 21-23; Defendants Dey, Inc., Dey, L.P., and Dey L.P., Inc.'s Memorandum of Law in Support of Their Motion for Partial Summary Judgment (Master Dkt #6194, Sub. #249) at 24-25.  The supplemental authority is *United States v. Bater*, No. 08-2253, Slip op. (1st Cir. Feb. 4, 2010) (copy attached).

---

[1] The Boehringer Ingelheim/Roxane defendants do not make a due process argument.

In *Bater*, the defendant argued that the indictment should have been dismissed due to an excessive delay between the discovery of the incriminating evidence and the indictment. The First Circuit rejected the argument. The court ruled that a due process claim for excessive delay under Supreme Court precedent "is aimed only at deliberate misconduct by the prosecutor (or at least something very close to that)." Slip op. at 6. In *Bater*, the defendant claimed that the government's delay caused a key witness, who had fled the jurisdiction, to be unavailable at his trial. The First Circuit disagreed, noting, first, that the government had attempted to secure the witness's presence at the grand jury, and second, that it was far from clear whether the witness's testimony was even favorable to the defendant. Regardless, the Court held, there was no evidence whatsoever that the government delayed the indictment to deprive the defendant of the witness's testimony, which was the defendant's burden to prove, "and that alone defeats the due process claim." Slip op. at 6-7.

Respectfully Submitted,

For the United States of America,

| | |
|---|---|
| CARMEN M. ORTIZ<br>UNITED STATES ATTORNEY | TONY WEST<br>ASSISTANT ATTORNEY GENERAL |

/s/ George B. Henderson, II
George B. Henderson, II
James J. Fauci
Assistant U.S. Attorneys
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3272
Fax: (617) 748-3871

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Mark A. Lavine
Ann St.Peter-Griffith
Special Attorneys for the Attorney General
99 N.E. 4th Street, 3rd Floor
Miami, FL  33132
Phone:  (305) 961-9003
Fax: (305) 536-4101

February 8, 2010

Joyce R. Branda
Daniel R. Anderson
Renée Brooker
Justin Draycott
Rebecca Ford
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 305-9300
Fax: (202) 616-3085

For the relator, Ven-A-Care of the Florida Keys, Inc.,

James J. Breen
Alison W. Simon
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue, Suite 110
Miramar, FL 33027
Phone: (954) 874-1635
Fax: (954) 874-1705

CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above document to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File and Serve for posting and notification to all parties.

Dated: February 8, 2010

 /s/ George B. Henderson, II
George B. Henderson, II