# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. 03-CV-229)<br>*County of Westchester v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00425) |  |

[Caption Continues on Next Page]

**DEFENDANTS' MOTION FOR EXPEDITED HEARING ON THEIR
JOINT MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

*County of Warren v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00468) )
*County of Greene v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00474) )
*County of Saratoga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00478) )
*County of Columbia v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00867) )
*Essex County v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs. et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06242) )
*County of Genesee v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06206) )
*County of Wayne v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06138) )

| | |
|---|---|
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| | ) |

Defendants Merck & Co., Inc. (formerly known as Schering-Plough Corporation), Schering Corporation, and Warrick Pharmaceuticals Corporation, on behalf of all defendants (collectively, "Defendants"), respectfully request an expedited hearing on Defendants' Joint Motion to Compel the Production of Documents [Dkt. No. 6810], currently pending before this Court.[1] Deciding Defendants' Motion may require an in camera review of over 200 documents. Given the upcoming fact discovery deadline of April 1, 2010, the likelihood that the Court will order NYDOH to produce additional documents, Defendants' need to review and respond to that supplemental production in advance of the discovery deadline, and Defendants' need for the

---

[1] Defendants moved to compel NYDOH to produce all documents it has withheld on the basis of the deliberative process privilege on December 23, 2009. NYDOH filed its opposition to Defendants' motion on January 20, 2010.

-3-

documents to be used in connection with upcoming depositions,[2] Defendants would ask the Court to hear oral argument and decide the motion as soon as possible.

As Defendants explained in the Motion to Compel, NYDOH initially withheld over 400 documents on the basis of a purported deliberative process privilege. It has subsequently produced about 175 of those documents. Although NYDOH claims that it has accurately and appropriately balanced Defendants' need for the remaining documents against NYDOH's need to keep the documents confidential, even a cursory review of the 175 documents that NYDOH had previously withheld on the basis of a deliberative process privilege (and later produced) reveals that NYDOH has invoked the asserted privilege with respect to documents that do not even arguably meet the requirements of either the New York public interest privilege or the Federal deliberative process privilege.[3]

A few examples illustrate the baseless invocation of the privilege. Among the previously withheld documents was NYCO AWP NYDOH 08947-08958 (attached hereto as Exhibit A), which consists of a series of emails *between individuals at NYDOH and individuals in other states*. Nothing about the document suggests any need for confidentiality: It does not implicate any public interest in confidentiality, as required by the public interest privilege, and it is not predecisional or deliberative, as would be required by a deliberative process privilege. To the contrary, as is plain on the face of the document, it was sent to *other states*. NYDOH had listed

---

[2] Furthermore, this Court's ruling on Defendants' motion will likely affect the scope of testimony at future depositions. On the first day of Defendant's deposition of NYDOH employee Mark-Richard Butt, New York Assistant Attorney General Heidi Wendel invoked a deliberative process privilege when she instructed Mr. Butt not to answer questions about New York Medicaid's consideration of alternative reimbursement methodologies. Defendants expect that NYDOH may attempt to invoke a deliberative process privilege at upcoming depositions as well. Thus, the Court's ruling will affect not only the documents produced by NYDOH, but also the testimony given by NYDOH employees.

[3] Defendants do not concede the existence of a New York deliberative process privilege that applies in civil discovery disputes, nor the applicability of Federal privilege law to these actions.

-4-

the document on its privilege log as an "Email regarding Pharmacy reimbursement" that was protected by a deliberative process privilege. Similar entries that remain are, thus, suspect.

The document labeled NYCO AWP NYDOH 03899 (attached hereto as Exhibit B) is yet another example. This document is an internal NYDOH email regarding the implementation of the DOJ AWPs in 2000. The email relates to a technical problem in implementing the new AWPs and states that "[t]he program will have to be modified to accommodate the 'new AWPs.'" Nothing about the email indicates a need for confidentiality. Nor is the email predecisional or deliberative, as NYDOH has claimed. Rather, the email is quite obviously post-decisional and technical. On its privilege log, however, NYDOH described the document as an "Email regarding AWP" that was protected by a deliberative process privilege.

Despite the fact that these documents, and others like them, are not even arguably protected by any discovery privilege, NYDOH refused to produce them until Defendants forced the issue. That fact demonstrates both that (1) NYDOH has abused any available privilege, and in camera of the remaining documents will likely be required, and that an in camera review will be required to test the validity of its privilege claims; and (2) the Court will likely order NYDOH to produce additional documents. Given the short time that remains for the April 1 fact discovery deadline in this case, as well as the impact this Court's ruling may have on the scope of testimony at upcoming depositions of NYDOH employees, Defendants respectfully request that the Court expedite its consideration of Defendants' Motion.

Respectfully submitted,

Merck & Co., Inc. (formerly known as Schering-Plough Corporation), Schering Corporation, and Warrick Pharmaceuticals Corporation, on behalf of all Defendants

/s/ John P. Bueker
John T. Montgomery (BBO #352220)
John P. Bueker (BBO #636435)
Kim B. Nemirow (BBO #663258)
Russell Patrick Plato (BBO #671087)

ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated:  February 9, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2010, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Russell Patrick Plato
Russell Patrick Plato