UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 ) Master Case No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) ) Subcategory Case No. 06-11337-PBS ) |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al.* v. *Dey, Inc., et al.,* Civil Action No. 05-11084-PBS | ) ) ) ) ) |

**UNITED STATES' MOTION FOR AN EXPEDITED ORDER THAT THE FOURTEEN DAY TIME PROVIDED FOR IN LR. 7.1(B)(2) APPLIES TO DEY'S OPPOSITION TO A DAUBERT MOTION FILED BY THE UNITED STATES**

The plaintiff United States of America hereby moves this Court for an order clarifying that the time period in which Dey shall file an opposition to a *Daubert* motion filed by the United States shall be the 14-day period specified in LR. 7.1(B)(2) rather than the April 9, 2010, date referenced in the Court's Pretrial Order dated October 20, 2009. Absent such an order, the Court will be deprived of the opportunity to consider the important issues raised by the motion until shortly before trial.

The United States is prepare to file a motion to exclude certain testimony of Dey's expert witness W. David Bradford, Ph.D. Dr. Bradford submitted a detailed expert report 151 pages long, with an additional 137 pages of appendices containing further opinions and analyses. Dr. Bradford's report is far longer than that of the United States' damages expert, Dr. Mark Duggan, and contains many different opinions and analyses.

The United States believes that much of the testimony of Dr. Bradford, as reflected in his report, is inadmissible under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and its progeny.[1]  Because of the length and complexity of Dr. Bradford's opinions, the government's *Daubert* motion will raise a number of issues needing careful examination, and it is critical that the Court have sufficient time to consider the government's motion and Dey's opposition well in advance of trial.

Pursuant to LR 7.1(A)(2), the undersigned conferred with counsel for Dey regarding the *Daubert* motion (*see* Exhibit 1 hereto), and counsel for Dey stated Dey's position that, under the Court's Pretrial Order dated October 20, 2009 (Master Dkt #6613, Sub. #508), Dey's opposition to such a motion is not due until April 9, 2010, which is two months hence and only one week before the final pretrial conference.[2]  *See* Exhibit 2 hereto.  Absent clarification from the Court that the time for filing an opposition is governed by LR 7.1(B)(2), the United States has no incentive to file its motion before the April 2, 2010, deadline, and thus the Court would have very little opportunity to consider the positions of the parties on the important issues at stake.

---

[1] To give just one example, Dr. Bradford opines that Dey is not responsible for Medicare losses because Medicare could have chosen to use Dey's WAC prices instead of AWP to determine reimbursement.

[2] The Pretrial Order provides, in relevant part, that, "By 4/9/10, the parties shall file/serve oppositions to motions in limine, any objections to witnesses or exhibits, and counter-designations of deposition testimony."

For the foregoing reasons, the United States requests an expedited order that Dey's opposition to a *Daubert* motion shall be governed by the 14-day rule in LR 7.1(B)(2).

Respectfully submitted,

TONY WEST
ASSISTANT ATTORNEY GENERAL

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By:  /s/ George B. Henderson, II
GEORGE B. HENDERSON, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3282

LAURIE A. OBEREMBT
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044

Dated: February 11, 2010

## CERTIFICATION

The undersigned counsel certifies pursuant to LR 7.1(A)(2) that counsel have conferred on the issue raised in this motion, and have been unable to resolve or narrow the issue.

 /s/ George B. Henderson, II
George B. Henderson, II

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above document to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No.

2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: February 11, 2010                                         /s/ George B. Henderson, II
                                                                                         George B. Henderson, II