# EXHIBIT 1



*U.S. Department of Justice*

***Carmen M. Ortiz***
*United States Attorney*
*District of Massachusetts*

---

*Writer's Direct Dial Number:*
*(617) 748-3272*
*Telecopier: (617) 748-3971*
*Email: george.henderson2@usdoj.gov*

*John Joseph Moakley U.S. Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

February 4, 2010

Sarah Reid
Marisa Lorenzo
Clifford Katz
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178

Martin F. Murphy
Robert Toone
Foley Hoag LLP
155 Seaport Blvd
Boston, MA 02210-2600

      Re:    *United States ex rel. Ven-A-Care of the Florida Keys, Inc., v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS

Dear Counsel:

      The United States is prepared to file a motion in limine to exclude various testimony of Dey's expert Dr. Bradford.  Pursuant to LR 7.1(A), I ask that Dey agree to withdraw his testimony as outlined below.  I ask that you respond as soon as possible, and no later than Wednesday, February 10, as time is short and the United States desires to file the motion promptly.  I also ask your consent to file a brief of approximately 27 pages in length.

**Medicare opinions**:

1.  <u>Bradford's opinion that lawmakers could have used WAC, and the opinions and analyses that flow from this</u>.  The government believes these opinions and analyses are inconsistent with applicable law (which provided for reimbursement based on AWP, not

February 4, 2010
Page 2

WAC), and that an expert may not appropriately opine to a jury that Congress should or could have done something different than it did.

2.  Bradford's Pre-MMA and Post-MMA Comparisons.  We believe that Dr. Bradford's comparisons of Medicare payments in 2004 and 2005 are misleading and incorrect.  Neither of these years is representative of Medicare payment in any other year, as the reimbursement methodology in each of these years was an interim methodology.  In addition, the analysis relating to Cromolyn is irrelevant because the plaintiffs do not seek Medicare damages for this drug, and the analysis regarding compounded solutions of albuterol and ipratropium bromide is incorrect because the HCPCS code J7616 has no relevance to the drugs at issue.

3.  Bradford's Medicare "Dispensing Fee Shortfalls".  The government believes this testimony should be excluded because it relies on post-MMA information and law, which are irrelevant to this case, and for the reasons stated in Dr. Duggan's Rebuttal Report at pp. 13-16.

4.  Bradford's opinion that "Only a Fraction of the Claims Plaintiffs Assert Can Be Connected to Dey Sales."  This testimony should be excluded because it is legally incorrect under the False Claims Act and therefore irrelevant and misleading.  Neither liability nor damages under the FCA is determined according to the sort of analysis Dr. Bradford presents.

**Medicaid Testimony**

1.  Testimony By Bradford Concerning Encouragement of Generic Substitution.  This testimony is improper legal opinion, and it is unsupported by and inconsistent with relevant Medicaid law.

2.  Bradford's opinions regarding reimbursements to "marginal pharmacies" and "accounting losses".  This testimony is not relevant to any of the issues properly before the jury, and Bradford's opinions are contrary to law, including the definition of "estimated acquisition cost."  The opinions are also unsupported by competent evidence.  Bradford's use of wholesaler data, including data from Cardinal, is inappropriate because neither Dey nor any government agency had access to the data, and also because the data is incomplete and unreliable (because it lacks rebates and other discounts).  Bradford's methodology for calculating "accounting losses" to the "marginal pharmacy" is internally inconsistent because it looks only at the Dey drugs and ignores the effects of Dr.

February 4, 2010
Page 3

Duggan's ASP=25% approach if it were applied across all drugs, which is what Bradford assumes elsewhere.

3.  <u>Bradford's cross-subsidization and "dispensing fee shortfall" theory</u>.  Dr. Bradford's testimony on these subjects should be excluded because it is irrelevant and speculative.  This case is about Dey's conduct, not the conduct of other manufacturers.  In addition, Bradford's premise that states would have paid higher dispensing fees at the rates reflected in the Grant Thornton study is baseless, and belied by literature and evidence.  Also, Bradford's analysis of the 1991 Departmental Appeals Board decision relating to Arkansas constitutes impermissible and incorrect legal opinion.

4.  <u>Bradford's Opinions Concerning Payment Variation Across States, and His Use of Massachusetts As a Basis For Alternative Calculations</u>.  This testimony should be excluded because it relies on an incorrect view of the law and rests on speculation.

                                          Sincerely,

                                          George B. Henderson, II
                                          Assistant U.S. Attorney

cc:   Laurie Oberembt
      James Breen