# EXHIBIT 2



**FOLEY HOAG** LLP

Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

617 832 1000 *main*
617 832 7000 *fax*

February 9, 2010

Martin F. Murphy
*617.832.1213*
*mmurphy@foleyhoag.com*

**BY E-MAIL DELIVERY AND U.S. MAIL**

George B. Henderson, II
Assistant U.S. Attorney
Office of the United States Attorney
District of Massachusetts
U.S. Courthouse, Suite 9200
Boston, MA  02210

    Re:    *United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS

Dear Bunker:

    I am writing to respond to your letters dated January 29 and February 4, 2010, and your e-mail correspondence dated February 2, 2010, regarding various pretrial matters in the above-referenced case.

    First, in your letter dated January 29, 2010, you stated that the United States believes that "under Fed. R. Civ. P. 32(a)(4), and subject to Rule 32(a)(1), the government may use at trial the deposition of any witness who resides more than 100 miles from Boston, regardless of whether the witness can be served with a subpoena for testimony at trial," and that it intends to use at trial depositions "taken in the Texas litigation, the Florida litigation, or in any of the MDL 1450 litigation (including, of course, the instant litigation)." You asked that Dey advise you "whether it objects to the United States' use at trial of the depositions indicated above, and, if so, the grounds for the objection."

    We are studying the issue, but it would be helpful if you could provide some additional information. A complete list of the depositions you intend to use – specifying for each the witness's name, the underlying case, and the date or dates of the depositions – would help us respond to your inquiry.

    Second, in your e-mail correspondence dated February 2, 2010, you stated that the plaintiffs reserve numbers 1 through 999 for their exhibits, and the defendants may use

George B. Henderson, II, Esquire
February 9, 2010
Page 2

numbers 1001 and beyond. We agree. You also propose that the parties produce the exhibits to one another in electronic format, as opposed to merely identifying exhibits by bates number. We will consider this proposal and get back to you in advance of the March 16 deadline for Rule 26 disclosures.

Third, in your letter dated February 4, 2010, you state that the United States intends to file "promptly" a motion in limine to exclude certain testimony by Dey's expert Dr. W. David Bradford. We do not agree that the various opinions and analyses you address in your letter are inadmissible under the Federal Rules of Evidence, and we do not agree to withdraw them. Furthermore, as you know, the Court's Pretrial Order has established a deadline of April 2, 2010 for filing motions in limine and a deadline of April 9, 2010 for filing oppositions to such motions. Pursuant to Local Rule 7.1(b)(2), this order's fixed April 9th deadline supersedes the normal 14-day period for filing oppositions to motions. Accordingly, while you are most welcome to file your motion in limine before April 2, please note that we do not intend to file our opposition before April 9, as set forth in the Pretrial Order. We will assent to a motion by the United States for leave to file a 27-page brief, pursuant to Local Rule 7.1(b)(4).

Please do not hesitate to call if you would like to discuss any of these matters further.

Cordially,

Martin F. Murphy

cc: Sarah Reid, Esq.
Marisa Lorenzo, Esq.
Clifford Katz, Esq.
Robert Toone, Esq.
Laurie Oberembt, Esq.
James Breen, Esq.