**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: **PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** ) ) ) ) | MDL No. 1456<br>Civil Action No. 01-CV-12257-PBS<br>Subcategory Case. No. 03-10643-PBS |
| **THIS DOCUMENT RELATES TO:** ) ) | Hon. Patti B. Saris |
| *The City of New York, et al.,* ) | |
| *Plaintiffs,* ) | |
| *v.* ) | |
| *Abbott Laboratories, Inc., et al.,* ) | |
| *Defendants.* ) | |

## CERTAIN DEFENDANTS' AMENDED MOTION TO AMEND THE COURT'S AMENDED FEBRUARY 9, 2010 MEMORANDUM AND ORDER TO INCLUDE A CERTIFICATION FOR AN IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Defendants Mylan Pharmaceuticals Inc., Mylan Inc., UDL Laboratories, Inc., Par Pharmaceutical Companies, Inc., Par Pharmaceutical, Inc., Purepac Pharmaceutical Co., Teva Pharmaceuticals USA, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc., Barr Laboratories, Inc., Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and Wyeth (collectively "Defendants"), by their undersigned attorneys, move the Court to amend its Amended Memorandum and Order of February 9, 2010 (Docket No. 6905)[1] to certify the following

---

[1] On January 27, 2010, the Court issued a Memorandum and Order on Plaintiffs' Motion for Partial Summary Judgment on Issues Relating to the Federal Upper Limit and Under New York Social Services Law § 145-b. *See* Docket No. 6863. Defendants moved to amend that Memorandum and Order for certification on February 8, 2010. *See* Docket No. 6903. On February 9, 2010, the Court amended its January 27, 2010 order "to reflect the fact that Boehringer Ingelheim Roxane Inc. f/k/a Roxane Laboratories, Inc. settled with the Plaintiffs during the pendency of the addressed motions." *See* Docket No. 6905, at p.1, n.1. Defendants bring this amended motion to seek certification of the Court's Amended Memorandum and Order.

question for an immediate appeal to the First Circuit pursuant to 28 U.S.C. § 1292(b) (the "Certification Question"):

> What are the *prima facie* elements that the Plaintiffs must establish for a claim under N.Y. Soc. Serv. Law § 145-b where the allegedly false statement was not made directly to the State by the defendant?

If this motion is granted, Defendants will request that the First Circuit certify the Certification Question to the New York Court of Appeals.

In support of this motion, Defendants state as follows:

1. The Certification Question involves controlling questions of law relating to, among other issues, the elements of a claim under N.Y. Soc. Serv. Law § 145-b.

2. There exists substantial grounds for difference of opinion regarding the Certification Question.

3. An immediate appeal will materially advance the ultimate termination of this litigation.

Defendants incorporate herein the accompanying memorandum of law.

WHEREFORE, for the reasons set forth above and as more fully set forth in the accompanying memorandum of law, Defendants respectfully request that the Court amend its February 9, 2010 Order to include a certification, pursuant to 28 U.S.C. § 1292(b), permitting Defendants to seek leave to immediately appeal to the United States Court of Appeals for the First Circuit.

Dated: February 12, 2010

Respectfully submitted,

By: /s/ Neil Merkl
William A. Escobar (*pro hac vice*)
Neil Merkl (*pro hac vice*)
Christopher C. Palermo (*pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
*Attorneys for Defendants Mylan Inc., Mylan Pharmaceuticals Inc. and UDL Laboratories, Inc., on behalf of all Defendants*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, Brendan Cyr, certify that I have conferred with Joanne Cicala, Esq. and James Carroll, Esq., counsel for Plaintiffs in this action, on February 8, 2010 via telephone and electronic mail, and have attempted in good faith to resolve or narrow the issues of the within motion. I further certify that the parties have not been able to reach agreement with respect thereto.

Brendan Cyr

## CERTIFICATE OF SERVICE

        I, Neil Merkl, hereby certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on February 12, 2010, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                      /s/ Neil Merkl
                                                          Neil Merkl