# Exhibit 6

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*,
Civil Action No. 05-11084-PBS

Exhibit to the Memorandum In Support of United States' Motion To Exclude Certain Opinions
of W. David Bradford, PH.D

Campana, David L. - August 19, 2008 09:00:00 a.m.

```
1:1     IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
  2          THIRD JUDICIAL DISTRICT OF ANCHORAGE
  3    ----------------------------------X
  4    STATE OF ALASKA,                  )
  5        Plaintiff,                    )
  6    vs.                               )
  7    ALPHARMA BRANDED PRODUCTS DIVISION, )
  8    INC., et al.,                     )
  9        Defendants.                   )
 10    ----------------------------------X
 11    Case No. 3AN-06-12026 Civil       )
 12    ----------------------------------X
 13        CAPTIONS CONTINUED ON FOLLOWING PAGE
 14
 15       VIDEOTAPED DEPOSITION OF DAVID L. CAMPANA
 16           and STATE OF ALASKA 30(b)(6)
 17               Taken August 19, 2008
 18            Taken by the Defendants at
 19          Captain Cook Hotel, Whitby Room
 20                939 West 5th Avenue
 21                 Anchorage, Alaska
 22         Reported by:  Mary A. Vavrik, RMR
```

```
 2:1              UNITED STATES DISTRICT COURT

   2                 DISTRICT OF MASSACHUSETTS

   3   -----------------------------------X

   4   In re:  PHARMACEUTICAL INDUSTRY     )

   5   AVERAGE WHOLESALE PRICE LITIGATION  )

   6   -----------------------------------X

   7   THIS DOCUMENT RELATES TO:           )

   8   United States of America, ex rel.   )

   9   Ven-A-Care of the Florida Keys, Inc. )

  10   v. Abbott Laboratories, Inc., Civil )

  11   Action No. 06-11337-PBS, and United )

  12   States of America, ex rel. Ven-A-Care)

  13   of the Florida Keys, Inc. vs. Dey,  )

  14   Inc., et al., Civil Action No.      )

  15   05-11084-PBS, and United States of  )

  16   America, ex rel. Ven-A-Care of the  )

  17   Florida Keys, Inc. v. Boehringer    )

  18   Ingelheim Corp., et al., Civil Action)

  19   No. 07-10248-PBS.                   )

  20   -----------------------------------X

  21   MDL No. 1456

  22   Civil Action No. 01-12257-PBS
```

```
164:1            MR. BURNHAM:  Objection, form.
   2             MR. HENDERSON:  Objection, form.
   3             THE WITNESS:  There would be
   4    opposition.  I'd have to work through that.
   5    BY MR. MANGI:
   6        Q.   Now, turning back to Exhibit 5, sir,
   7    you will see towards the bottom half of that page
   8    there is a section B entitled Other Drugs.  Do
   9    you see that section, sir?
  10        A.   Yes.
  11        Q.   Now, in the middle of that paragraph
  12    there is a sentence starting with "The
  13    estimated."  It's five lines from the top of that
  14    paragraph.
  15        A.   I see it.
  16        Q.   And it says, "The estimated acquisition
  17    costs can be determined through a variety of
  18    methods." Now, what is your understanding, sir,
  19    of what an estimated acquisition cost is,
  20    generally speaking?
  21        A.   Estimated acquisition cost is the
  22    estimate of acquisition costs from the pharmacies
```

Campana, David L. - August 19, 2008 09:00:00 a.m.

```
165:1    -- or from the wholesaler or the suppliers to the
   2     pharmacies.
   3          Q.   And I appreciate that's what the term
   4     EAC stands for, estimated acquisition cost.  Let
   5     me focus my question.  Is it your understanding,
   6     sir, that estimated acquisition cost is a term
   7     that comes from regulations regarding the
   8     Medicaid program?
   9          A.   Yes.
  10          Q.   And estimated acquisition cost is a
  11     term that's used to refer to the formula that a
  12     state uses to reimburse for drugs, correct?
  13          A.   Yes.
  14          Q.   So if a state is reimbursing at AWP
  15     minus X percent, taking into account the access
  16     issues, the political constraints, that's
  17     referred to as that state's estimated acquisition
  18     cost or EAC, correct?
  19          A.   Yes.
  20          Q.   Now, EAC is not -- it's not the actual
  21     price that a pharmacist is paying to purchase a
  22     drug, correct?
```

Campana, David L. - August 19, 2008 09:00:00 a.m.

```
166:1            MR. BURNHAM:  Objection, form.
   2            THE WITNESS:  It's the estimated cost.
   3   BY MR. MANGI:
   4       Q.   But even -- withdraw that.  Well, it's
   5   not -- it's not purely the Medicaid agency's
   6   closest estimate of what a pharmacist is paying;
   7   rather, it's an estimate that incorporates the
   8   need to maintain access and political realities,
   9   correct?
  10            MR. HENDERSON:  Objection, leading,
  11   foundation, mischaracterizes.
  12            MR. BURNHAM:  Objection, form.
  13            THE WITNESS:  The estimated acquisition
  14   cost is a cost that is determined after looking
  15   at surveys and then what's finally approved by
  16   the Feds under the HCFA and then approved in the
  17   State plan.
  18   BY MR. MANGI:
  19       Q.   But part of that process, sir,
  20   involves, doesn't it, accounting for the need to
  21   ensure access?
  22            MR. HENDERSON:  Objection.
```