# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) ) | MDL No. 1456<br><br>Master File No. 01-cv-12257-PBS<br><br>Subcategory No. 06-11337-PBS<br>Civil Action No. 08-cv-10852 |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., by and through its principal officers and directors, Zachary T. Bentley and T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* ) ) ) ) ) ) ) ) ) | Judge Patti B. Saris |

## CASE MANAGEMENT ORDER NO. 32

    1.     This Case Management Order ("CMO") shall apply to the parties to the case captioned above.  To the extent that any other CMO is applicable to the parties in this action and is inconsistent with a provision(s) in this CMO, the parties agree that they are bound by this CMO.

    2.     The parties include:  Plaintiff-Relator Ven-A-Care of the Florida Keys, Inc. ("Plaintiff") and Defendants Actavis Mid Atlantic LLC, ("Actavis"), Alpharma Inc. ("Alpharma"), Alpharma USPD Inc. f/k/a Barre-National, Inc. ("Alpharma USPD"), Barre Parent Corp. ("Barre"), Par Pharmaceutical, Inc. ("Par"), Par Pharmaceutical Companies, Inc. ("Par Cos."), Sandoz Inc., f/k/a Geneva Pharmaceuticals, Inc. ("Sandoz"), Watson Pharmaceuticals, Inc. ("Watson"), Schein Pharmaceutical Inc. ("Schein"),  Mylan Inc., f/k/a/ Mylan Laboratories Inc. ("Mylan"), Mylan Pharmaceuticals Inc. ("Mylan Pharmaceuticals"), and UDL Laboratories, Inc. ("UDL") (Actavis, Alpharma, Alpharma USPD, Barre, Par, Par Cos., Sandoz, Watson, Schein, Mylan, Mylan Pharmaceuticals, and UDL shall be referred to herein collectively as "Defendants"). For purposes of this CMO, a "Defendant group" shall be defined as follows:

    A.  Actavis, Alpharma, Alpharma USPD, and Barre are one Defendant group.

    B.  Par and Par Cos. are one Defendant group.

    C.  Sandoz is one Defendant group.

    D.  Watson and Schein are one Defendant group.

    E.  Mylan, Mylan Pharmaceuticals, and UDL are one Defendant group.

3.    Ven-A-Care and Barr Laboratories, Inc., Barr Pharmaceuticals, Inc., Ivax Pharmaceuticals, Inc., Ivax Corporation, Goldline Laboratories, Inc., Teva Pharmaceuticals USA, Inc., and Zenith Goldline Pharmaceuticals, Inc. (the "Teva and Barr Parties") have reached a settlement in principle, subject to approval by the United States.  Accordingly, the Teva and Barr Parties are not encompassed by the proposed Case Management Order and the settling parties will submit the settlement to the Court  for approval by the United States and the Court pursuant to 31 U.S.C. § 3730 by motion forthwith.

4.    When the term "each side" is used in this CMO, it shall mean Plaintiff, on the one side, and <u>all</u> Defendants to whom this CMO is applicable, on the other side.

**A.**    <u>**SCOPE OF DISCOVERY**</u>

5.    All current and future discovery requests shall conform to the terms of this CMO.

6.    In lieu of making duplicative document productions, in the interest of efficiency, and in response to Requests for the Production of Documents or Subpoenas, each side agrees that all previous document productions in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, Master File No. 01-cv-12257-PBS, MDL No. 1456, except if the production was made by a defendant drug manufacturer not a party in this action, can be used in this litigation, and shall be treated as if actually produced for this litigation.

7.    To the extent any documents produced in another action are treated as produced in this action, the parties reserve all of their objections to the admissibility of such documents,

including but not limited to, objections based on the documents concerning entities not parties in this action and/or documents concerning drugs not at issue in this action.

8.    To the extent documents produced in other actions are treated as produced in this action, the parties need not re-designate the documents with respect to confidentiality.  If the Protective Order, Confidentiality Agreement, or other rule or order of the jurisdiction where the documents were originally produced only provides for one level of confidentiality, the documents shall be treated as "Highly Confidential" consistent with the Protective Order, dated December 13, 2002, entered in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, Master File No. 01-cv-12257-PBS, MDL No. 1456.  The parties agree to meet and confer to discuss the propriety of confidentiality designations from prior productions and withdraw designations in good faith where appropriate.

9.    Each Defendant shall produce transcripts and exhibits of depositions of present or former employees to the extent the depositions concerned the witness' employment with the Defendant making the production and the depositions were taken in connection with lawsuits commonly referred to as AWP Litigations in which that Defendant is or was alleged to have overstated the Direct Price ("DP"), Average Wholesale Price ("AWP") or Wholesale Acquisition Cost ("WAC"), including state court DP, AWP or WAC price reporting actions ("AWP Litigations"), with the Bates numbers from the previous exhibits intact.  Plaintiff shall produce transcripts and exhibits of depositions of present or former employees in connection with AWP Litigations, with the Bates numbers from the previous exhibits intact.  All deposition exhibits shall be produced and no exhibit shall be redacted.  To the extent a party was tried in an AWP Litigation, that party shall produce the trial transcripts for that AWP Litigation.  To the extent deposition transcripts and exhibits have already been produced by a Defendant to Ven-A-Care or by Ven-A-Care to a Defendant in another AWP Litigation, those deposition transcripts and

3

exhibits are deemed produced in this action.  Depositions from AWP Litigations shall be treated as if actually taken in this litigation, but the parties otherwise reserve all of their objections with respect to the admissibility of every deposition and deposition exhibit.

10.     All documents produced, interrogatory responses or responses to requests for admission by any Defendant or Plaintiff in the following actions shall be produced, or to the extent already produced to the opposing party, shall be deemed produced, in this action:

A.   *State of California ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.*, MDL No. 1456, Master File No. 01-12257-PBS, Case No. 03-CV-11226-PBS (D. Mass.)

B.   *The State of Florida ex rel., Ven-A-Care of the Florida Keys v. Alpharma, Inc., et al.*, Case No. 98-3032F (Leon County Cir. Ct.)

C.   *The State of Florida ex rel., Ven-A-Care of the Florida Keys v. Mylan Laboratories, Inc., et al.*, Case No. 98-3032G (Leon County Cir. Ct.)

D.   *The State of Florida ex rel., Ven-A-Care of the Florida Keys v. Boehringer Ingelheim Corporation, et al.*, Case No. 98-3032A (Fla. 2d Jud. Cir. Ct., Leon Cty)

E.   *State of Texas ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.*, Cause No. GV-101286 (201st Jud. D. Ct. of Travis County, Texas)

F.   *State of Texas ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.*, Cause No. GV-000461-A (D. Ct. of Travis County, Texas)

G.   *State of Texas ex rel. Ven-A-Care of the Florida Keys, Inc. v. Alpharma, Inc., et al.*, Case No. 08-001565 (D. Ct. of Travis County, Texas)

4

H. *State of Texas ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Cause No. GV002327 (53rd Jud. D. Ct. of Travis County, Texas)

I. *State of Texas ex rel. Ven-A-Care of the Florida Keys, Inc. v. Roxane Laboratories, Inc., et al.*, Cause No. GV3-03079 (201st Jud. D. Ct. of Travis County, Texas)

J. *State of Texas ex rel. Ven-A-Care of the Florida Keys, Inc. v. Sandoz Inc., et al.*, Cause No. D-1-GV-07-001259 (District Court of Travis County, Texas, 201st Judicial District)

K. *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, MDL No. 1456, Master File No. 01-CV-12257-PBS, Civ. Action No. 06-11337-PBS (D. Mass.)

L. *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, MDL No. 1456, Master File No. 01-CV-12257-PBS, Civ. Action No. 05-11084-PBS (D. Mass.)

M. *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corporation., et al.*, MDL No. 1456, Master File No. 01-CV-12257-PBS, Civ. Action No. 07-10248-PBS (D. Mass.).

11.    All depositions of any present or former employee of the federal government or any State taken in any AWP Litigation shall be treated as if actually taken in this litigation.

**B.    DISCOVERY GUIDELINES AND LIMITATIONS**

12.    Ven-A-Care and Defendants shall each complete their respective Initial Disclosures within sixty (60) days of the filing date of the Motion For Entry of this CMO, or on the first business day following any holiday or weekend on which the 60th day falls.

5

13.   Document Requests, Interrogatories and Requests for Admission shall be subject to the following parameters:

A.   Each subpart of a discovery request shall count as a separate request.

B.   **Interrogatories:**

  i.   Defendants shall be permitted to serve ten (10) joint interrogatories on Plaintiff.  In addition, each Defendant group shall each be permitted to propound an additional twenty-five (25) interrogatories on Plaintiff.

  ii.   Plaintiff shall be permitted to serve thirty-five (35) interrogatories on each Defendant group.

C.   **Document Requests:**

  i.   A party responding to a document request shall endeavor in good faith to produce all documents responsive to such request within sixty (60) days of service of the written response to the request, subject to any objections.  The parties shall confer in good faith, and agree upon a reasonable rolling production, when the volume or nature of certain document requests renders the 60-day response period impracticable.  The parties shall in good faith respond to reasonably tailored priority requests as soon as practicable.

  ii.   The parties shall endeavor in good faith to provide privilege logs within sixty (60) days after a completed production.

  iii.   There shall be no redaction of documents by any party on any basis other than a bona fide claim of a recognized lawful privilege or protection.  No stamps of "confidential" or the like shall be on the

6

text of a document, unless such document was previously produced
with such stamp and such stamp cannot be easily removed.

iv. All documents shall be produced in their original size or as currently
maintained.

v. No declaration or affidavit, which would otherwise be required to
support a claim of privilege regarding a document withheld under
such claim, shall be necessary unless the party seeking production
serves and files a motion to compel.

vi. Any documents reasonably available in electronic format shall be
provided in an electronic format that is feasible, usable and
acceptable to both parties.  If issues regarding compatibility of
computer systems and software arise, the parties shall confer to
resolve the matters, including agreeing upon an acceptable format.

D.    **Requests for Admission:**

i. As otherwise consistent with Fed. R. Civ. P. 36, Defendants shall be
permitted to propound <u>one hundred</u> (100) joint requests for
admission that seek to authenticate documents, or to lay the
predicate for admissibility under the business records exception to
the hearsay rule, on Plaintiff.  In addition, each Defendant group
shall each be permitted to propound an additional <u>fifty</u> (50) requests
for admission that seek to authenticate or to lay the predicate for
admissibility under the business records exception to the hearsay
rule on Plaintiff.

7

ii. Plaintiff shall be permitted to propound <u>one hundred fifty</u> (150) requests for admission that seek to authenticate documents, or to lay the predicate for admissibility under the business records exception to the hearsay rule, on each Defendant group.

iii. The parties shall meet and confer in good faith to the extent additional  requests for admission that seek to authenticate documents, or to lay the predicate for admissibility under the business records exception to the hearsay rule, are needed.

iv. As otherwise consistent with Fed. R. Civ. P. 36, Defendants shall be permitted to propound <u>twenty five</u> (25) joint requests for admission that do <u>not</u> seek to authenticate documents, or to lay the predicate for admissibility under the business records exception to the hearsay rule, on Plaintiff.  In addition, individual Defendant groups shall each be permitted to propound an additional <u>fifty</u> (50) requests for admission that do <u>not</u> seek to authenticate or to lay the predicate for admissibility under the business records exception to the hearsay rule on Plaintiff.

v. Plaintiff shall be permitted to propound <u>seventy five</u> (75) requests for admission that do <u>not</u> seek to authenticate or to lay the predicate for admissibility under the business records exception to the hearsay rule, on each Defendant group.

E.   Any party seeking to serve discovery requests beyond those specified in Paragraph 13(A) – (D) may do so by obtaining leave of Court, upon a showing of good cause.

8

14.    **Non-Expert Depositions:**

    A.    All parties acknowledge that the present and former employees of Ven-A-Care and Defendants have been subject to numerous depositions in the AWP Litigations.  The parties will in good faith seek to minimize the burden on the witnesses and avoid subjecting the witnesses to any duplicative questions.  To the extent any witness has been deposed for more than seven (7) hours of actual deposition time, there will be a presumption that the witness may not be re-deposed as a Rule 30(b)(1) witness.  If the opposing party seeks to take an additional deposition of such witness, the opposing party shall send a letter or email to the responding party that describes with reasonable particularity the matters on which examination is requested.  The parties shall confer regarding a mutually convenient time and place and the estimated length of the deposition. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on LexisNexis File & Serve.  If the parties cannot reach agreement on non-duplicative areas of inquiry and length of the additional deposition, then the opposing party shall be required to move to compel the additional deposition on non-duplicative areas of inquiry.

    B.    Defendants will conduct Rule 30(b)(1) depositions of VAC officials _jointly_ on areas of inquiry that are not duplicative of prior depositions and shall make a good faith effort to avoid subjecting each VAC official to more than seven (7) hours of questioning.

C.     Except as provided in Paragraph 14(A), Plaintiff shall have seven (7) hours of questioning for Rule 30(b)(1) depositions of Defendants' present and former employees.

D.     Defendants will conduct a Rule 30(b)(6) deposition of VAC jointly and shall make a good faith effort to avoid subjecting VAC to duplicative questioning from prior depositions.  Defendants shall have a combined twenty-one (21) hours for the Rule 30(b)(6) deposition.  Plaintiff shall have seven (7) hours of questioning for Rule 30(b)(6) depositions of each Defendant group and shall make a good faith effort to avoid subjecting Defendants to duplicative questioning from prior depositions.

E.     Depositions of the Medicaid programs of the States and the District of Columbia (the "States")

     i.   There shall be a presumption that the parties shall be permitted to take a Rule 30(b)(6) of each State Medicaid program.  Defendants jointly shall have eleven (11) hours of questioning and Plaintiff shall have four (4) hours of questioning for a total of fifteen (15) hours. To the extent, the States are required to designate more than one witness to cover all of the areas of inquiry for the entire time period, the fifteen (15) hours shall be the combined amount of time for all witnesses designated.

     ii.   There shall be a presumption that each side shall be permitted to take at least two (2) Rule 30(b)(1) depositions of each State Medicaid program.  To the extent two (2) or more Rule 30(b)(1) witnesses have previously been deposed in an AWP Litigation, there

10

will be a presumption that each side shall be permitted to take at

least one (1) additional Rule 30(b)(1) deposition.

F.    The party seeking the deposition of a Rule 30(b)(1) witness shall send an e-

mail to the opposing party's counsel providing a general explanation for

why the deposition is reasonably calculated to lead to the discovery of

admissible evidence.  The party seeking the deposition need not reveal any

deposition exhibit that may be used.  The opposing party shall have three

(3) business days from the date the deposition notice is served to object to

the deposition on the grounds that the deposition is not reasonably

calculated to lead to the discovery of admissible evidence or that the

deposition will be entirely duplicative of a prior deposition in an AWP

Litigation.  The objecting party shall have (14) calendar days from the date

the deposition notice is served to move to quash the subpoena pursuant to

Rule 45 of the Federal Rules of Civil Procedure.

G.    Only the time used by the side that noticed the deposition in actual

questioning of a witness shall count towards that side's time limits on

depositions set forth in this CMO.  Time spent on breaks and discussion

among counsel shall be excluded.

H.    Unless otherwise authorized by the Court or stipulated by the parties, all

fact depositions shall be conducted in accordance with Fed. R. Civ. P. 30.

I.    Videotaped depositions shall be permitted pursuant to Fed. R. Civ. P.

30(b)(2) and (3).  The swearing or affirming of the witness shall be on

camera.  The camera shall, at all times, include within its field of vision,

only the deponent and/or an exhibit offered into evidence.  The camera shall

11

remain stationary at all times during the deposition and shall not zoom in or
out.  The camera shall remain focused on the witness and shall not
videotape any other person at the deposition.

J.     **30(b)(1) Depositions of Current or Former Employees of the Parties**.

  i.   No party shall contact directly or indirectly any former employee
       of any other party to this action without obtaining in writing the
       express written consent of the party with respect to whom the
       individual is a former employee.

  ii.  Unless otherwise agreed between the parties, a requesting party
       wishing to take the deposition of a current or former employee of a
       party shall inform the responding party in a letter or email that
       identifies the name of the person to be examined, if known, and, if
       the name is not known, a general description sufficient to identify
       the person or the particular class or group to which the person
       belongs. The parties shall confer regarding a mutually convenient
       time and place and the estimated length of the deposition. Except as
       otherwise provided for in Paragraph 14(A), any motion for
       protective order shall be filed no later than 20 business days from
       receiving the requesting party's initial request. When the deposition
       is scheduled, the requesting party shall serve a notice of deposition
       and post the notice on LexisNexis File & Serve.

K.     **30(b)(6) Depositions.** Unless otherwise agreed between the parties, a
       requesting party wishing to take the deposition of a party under Rule
       30(b)(6) shall send a letter or email to the responding party that describes

with reasonable particularity the matters on which examination is requested. The parties shall confer regarding a mutually convenient time and place and the estimated length of the deposition. Any motion for protective order shall be filed no later than 20 business days from receiving the requesting party's initial request. When the deposition is scheduled, the requesting party shall serve a notice of deposition and post the notice on LexisNexis File & Serve.

L.   **Third-Party Depositions:**  A deposition of a third-party witness shall be initiated through service of subpoena under Fed. R. Civ. P. 45.  The subpoena shall provide at least a <u>twenty one</u> (21) day notice of the initial setting of the deposition.  The requesting party shall confer with the third-party witness and opposing counsel regarding a mutually convenient time and place of the deposition.  When the deposition is scheduled, the party serving the subpoena shall post the subpoena on LexisNexis File & Serve.

M.   **Cross-Noticed Depositions:**  Absent agreement of all affected parties, a party in this case seeking to cross-notice a deposition in another AWP, Litigation) shall inform opposing counsel in writing as soon as practicable, preferably at least <u>two</u> (2) weeks before the date of the scheduled deposition.  When the deposition is cross-noticed, the party cross-noticing the deposition shall serve a notice of deposition and post the notice on LexisNexis File & Serve.  A deposition (and exhibits) in another AWP Litigation that is cross-noticed by a party in this case may be used by any party in this case for any purpose or use that would be permitted if the deposition were taken in this case, as long as all parties to this case had notice of the deposition and complied with this paragraph.

13

## C.   PRE-TRIAL SCHEDULE

15.   Unless otherwise directed by the Court, the following deadlines shall apply.

| ACTION | DEADLINE |
|---|---|
| Parties shall engage in mediation before mutually selected mediator. | July 1, 2010. |
| All fact discovery shall be completed. | April 15, 2011. |
| Plaintiffs shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). | May 6, 2011. |
| Plaintiffs shall produce experts for depositions. | June 3, 2011. |
| Defendants shall serve expert reports and other materials in compliance with Fed. R. Civ. P. 26(a)(2)(B). | June 17, 2011. |
| Defendants shall produce experts for depositions. | July 15, 2011. |
| Deadline to file Motions for Summary Judgment. | August 19, 2011. |
| Deadline to file Responses to Motions for Summary Judgment. | September 23, 2011. |
| Deadline to file Replies to Responses to Motions for Summary Judgment | October 21, 2011. |
| Deadline to file Sur-replies to Replies to Responses to Motions for Summary Judgment. | November 11, 2011. |

## D.   ADDITIONAL PROVISIONS

16.   Nothing in this CMO precludes any party from filing in the future an appropriate motion for protective order, or extension of deadlines, or relief from any provision herein for good cause, pursuant to Fed. R. Civ. P. 26(c).

17.   The Protective Order, dated December 13, 2002, and the Stipulated Protective Order Governing Confidential Health Information, dated June 8, 2004, entered in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, Master File No. 01-cv-12257-PBS, MDL No. 1456, shall apply to all Initial Disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits,

14

other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information

exchanged by the parties or by any non-party in response to discovery requests or subpoenas.

Dated: _____, 2010

_____
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

15