# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) )   MDL No. 1456 <br> Master File No. 01-12257-PBS <br> Subcategory Case No. 07-12141-PBS |
| THIS DOCUMENT RELATES TO: <br><br>   *State of Iowa* <br> *v.* <br>   *Abbott Laboratories, et al.* | ) ) ) ) ) ) ) ) )   Judge Patti B. Saris <br><br> Magistrate Judge Marianne Bowler |

## THE STATE OF IOWA'S OPPOSITION TO TEVA PHARMACEUTICALS USA, INC.'s AND NOVOPHARM USA, INC.'s  MOTION TO COMPEL ANSWERS TO <u>INTERROGATORIES AND THE PRODUCTION OF DOCUMENTS</u>

## <u>INTRODUCTION</u>

Defendants Teva Pharmaceuticals USA, Inc. and Novopharm USA, Inc.'s (collectively "Teva") moved to compel:

    (i)      the production of documents related to Iowa's decision to request or not request AMP data and/or calculate AMPs (Teva Document Request No. 7);

    (i)      the identification of each current or former Iowa employee that was misled by Teva (Teva Interrogatory No. 3); and,

    (ii)     identification of the steps taken to ensure that Iowa paid providers no more than their actual acquisition cost (Teva Interrogatory No. 5).

*See* Teva Motion to Compel at 2.

The motion is moot.

Iowa has produced and is producing documents related to AMPs.[1]

Iowa has identified each current or former employee who may have relevant information, including from before 1992.[2]

Iowa has produced and is producing all responsive materials related to its efforts, over the entire period at issue in this case, to reimburse providers at EAC as required by Federal regulation.[3]

Additionally, Iowa has made eleven (11) productions of documents from November 24, 2008 to February 12, 2010, in response to all discovery requests.[4]

## ARGUMENT

The majority of the discovery sought by Teva through this motion has already been produced.  The remainder is inappropriate as duplicative or beyond the scope of what is provided

---

[1] *See* State of Iowa's Objections and Responses to Defendants' First Set of Document Requests dated March 5, 2009 (hereinafter "Iowa Joint Document Response")(attached hereto as Exhibit A) at 12-14 (Responses to Nos. 14-19).

[2] *See* State of Iowa's Objections and Responses to Defendants' First Set of Interrogatory Requests, dated April 28, 2009 (hereinafter "Iowa Joint Interrogatory Response") (attached hereto as Exhibit B) at 6-8 (Response to No. 1); letter from J. Normand to J. Ellison dated February 5, 2010 concerning supplemental response (attached hereto as Exhibit C.11).

[3] *See* Iowa Joint Interrogatory Response (Exhibit B hereto) at 8-13 (Response to No. 2-5).

[4] *See* Exhibit C attached hereto (Collection of cover letters enclosing Iowa discovery productions:  (C.1) letter from J. Normand to M. Slattery, dated November 24, 2008 (production of Iowa Medicaid Pharmacy Claims Data); (C.2) letter from J. Normand to S Patel, dated December 29, 2008 (cover letter concerning enclosed re-production of Iowa Medicaid claims data); (C.3) letter from J. Normand to T. Reynolds, dated January 13, 2009 (first installment of response to open records request for Iowa Medicaid claims data); (C.4) letter from J. Normand to T. Reynolds, dated January 20, 2009 (second installment of response to open records request for Iowa Medicaid claims data); (C.5) letter from J. Normand to T. Reynolds, dated January 23, 2009 (third installment of response to open records request for Iowa Medicaid claims data); (C.6) letter from J. Normand to T. Reynolds, dated February 19, 2009 (fourth installment of response to open records request for Iowa Medicaid claims data (C.7) letter from J. Normand to E. Houghton, dated April 15, 2009 (production in response to Defendants' First Set of Document Requests); (C.8) letter from J. Normand to K. Prinzo, dated April 29, 2009 (production of documents responsive to document requests and interrogatories propounded by both the joint defendants and Teva); (C.9) letter from J. Normand to J. Parish, dated October 16, 2009 (supplemental production); (C.10) letter from J. Normand to N. Cohen, dated January 15, 2010 (production entitled Iowa-AWP-2-011551 to Iowa-AWP-2-027050); (C.11) letter from J. Normand to J. Ellison, dated February 5, 2010 (supplemental response including production of documents previously withheld and additional persons identified as having knowledge of Iowa Medicaid); and (C.12) letter from J. Normand to J. Ellison, dated February 12, 2010 (supplement production)).

by the Federal Rules of Civil Procedure.  Rule 26 provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" and  "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."  Fed. R. Civ. P. Rule 26 (emphasis added).  "The frequency or extent of discovery may be curtailed if the Court determines that the material sought is unreasonably cumulative or obtainable from a more convenient source, if there had already been ample opportunity for discovery, or if discovery is unduly burdensome or expensive."  *U.S. v. Miracle Recreation Equip. Co.*, 118 F.R.D. 100, 104. (Iowa 1987) (citing Fed. R. Civ. P. 26(b))**.**

Here, Teva's request for specific AMP documents is improper and unreasonably cumulative because it is has been satisfied by AMP documents already produced to defendants' liaison counsel.  Teva's request for identification of persons who Iowa claims were misled by Teva's "actual prices" is improper and unreasonably cumulative since Iowa already has identified all persons with relevant knowledge to the allegations of the Complaint, even if that knowledge precedes the time period at issue in Iowa's Complaint.  Lastly, Teva's request for identification of "any and all steps" by Iowa to ensure it paid providers no more than "actual acquisition cost" is improper because: (i) it seeks irrelevant information since Iowa's reimbursement formula, the foundation of the case, is based on Estimated Acquisition Costs ("EAC"), not "actual acquisition cost"; and, (ii) it is unreasonably duplicative  since Iowa has provided all relevant documents and responses related to its reimbursement formula for the relevant time period, including efforts to implement a State Maximum Allowable Cost ("SMAC") in 2001 to ensure accurate reimbursement.

Iowa should not be made to engage in duplicative or irrelevant discovery.  Iowa has produced and is producing responsive non privileged materials to defendants' liaison counsel on

the precise subjects this motion concerns; nothing more should be required.

## I.   DOCUMENTS CONCERNING AMP

Defendants, including Teva, jointly served six (6) document requests seeking all documents and communications between Iowa Medicaid and others concerning "the meaning, interpretation, or definition of WAC, AWP, EAC, AMP, usual and customary charge, or the reimbursement of prescribed drugs." *See* Iowa Joint Document Response at 12-14 (Request Nos. 14-19) (Exhibit A hereto).  Iowa, without waiving any objections, responded that "to the extent responsive, non-privileged documents or data exist, plaintiff will produce those." *Id*.  Thus, Iowa has produced (and continues to produce) AMP related discovery such as that sought by Teva Document Request No. 7.  Indeed, responsive materials were produced on January 13, 2009, January 20, 2009, January 23, 2009, February 19, 2009, April 15, 2009, Aiprl 29, 2009, and October 16, 2009.[5]  *See* Exhibit C (letters C.3 to C.9).  This issue is simply not in controversy.  Teva's motion to compel as to AMP documents should be denied.

## II.   IOWA HAS IDENTIFIED *KNOWLEDGEABLE CURRENT AND FORMER EMPLOYEES*

Teva's Interrogatory No. 3 seeks "Identification of each person currently or formerly employed by the State of Iowa You allege was misled by Teva with respect to the actual prices of the Teva Subject Drugs and the manner in which they were misled." Teva Motion to Compel at 2.  The interrogatory is improper.  Iowa's claims are advanced by the State on behalf of the State.  In such a case, identification of individual persons within the State is neither required nor

---

[5] Oddly, Teva acknowledges as much in its motion.  Teva notes that Iowa, in its supplemental response to the Joint Document Request No. 24, agreed to "produce non-public, responsive non-privileged documents relating to AMPs and FULs from 1992-2005 to the extent they exist and have not already been produced." *See* Teva Motion to Compel, fn 8; State of Iowa's Supplemental Responses to Defendants' First Set of Requests for Production and Interrogatories, dated October 16, 2009 (hereinafter "Iowa Joint Supplemental Responses") (attached hereto as Exhibit D) at 2-3 (Response No. 24).  In any event, the point is that there is no dispute here.  The requested materials have been produced.

relevant.  This Court has held that the State of Iowa is a "person" within the meaning of the Iowa Consumer Fraud Act, *In re Pharm. Indus. Average Wholesale Price Litig*. Civil Action No. 01-12257-PBS, __F. Supp. 2d __ Slip Op. at 7 (D. Mass. Aug. 19, 2008), and there is no requirement that plaintiff identify additional individual natural persons that were misled. *See* Iowa Code § 714.16.  Thus, Teva is entirely wrong when it argues that "if no state employee was misled as to the actual prices of Teva's drugs, then [Iowa's] reliance was not justified and therefore there is no injury." *See id* at 6.

Notably, Teva's case law does not support the notion that when a state is the plaintiff in an action alleging common law fraud or a violation of the Iowa Consumer Fraud Act, the plaintiff must show that a particular individual within the state was misled.  Teva merely recites support for a proximate cause analysis: "(1) But for defendant's fault, plaintiff's injuries would not have occurred; and (2) Defendant's fault must be a substantial factor in bringing about plaintiff's harm."  *See* Teva Motion to Compel at 5-6 (citing *Robinson v. Perpetual Services Corp*., 412 N.W. 2d 562 (Iowa 1987).  But for Teva's reporting of deceptive and misleading prices for its prescription drugs, plaintiff, State of Iowa, would not have overpaid Iowa providers for Medicaid reimbursement.  Because Iowa is required by federal law to reimburse providers at their Estimated Acquisition Cost ("EAC"), and EAC is determined based on the wholesale pricing Teva provides, Teva's deceptive price reporting, to say the least, was a substantial factor bringing about harm to Iowa.  *See* 42 C.F.R. § 447.331; *see Massachusetts v. Mylan Laboratories, et al.*, 608 F Supp. 2d 127, 132 (D. Mass. 2008).

Moreover, Teva ignores that Iowa has identified seventeen (17) current and former employees as persons who may have knowledge relevant to the complaint, including three (3) Directors of the Iowa Department of Human Services serving continuously from 1979 to present;

and, three (3) individuals serving almost the entire period from 1971 to 2008 as Head of Iowa Medicaid.[6]  Defendants are free to depose these individuals in order to develop their defense. Furthermore, it is not Iowa's intention to improperly produce any witness for trial that has not been disclosed to defendants

## III.   TEVA'S INTERROGATORY NO. 5 SEEKS IRRELEVANT AND DUPLICATIVE INFORMATION AND REPRESENTS AN IMPROPER ATTEMPT TO SHIFT BURDEN

Teva Interrogatory Request No. 5 asks Iowa to identify "each and every step taken by You to and after the filing of the Complaint to ensure that You paid providers no more than their actual acquisition costs for the Teva Subject Drugs."  *See* Teva Motion to Compel, Ex. 2 at 11. The interrogatory is improper because: (i) it is unreasonably duplicative since Iowa has provided all relevant documents and response related to its State Plans and reimbursement formulas for the relevant time period, including efforts to implement a State Maximum Allowable Cost ("SMAC") in 2001; (ii) it seeks vague and irrelevant information since Iowa's reimbursement formula is based on Estimated Acquisition Costs ("EAC"), as required by Federal Regulation.

First, all defendants, including Teva, asked Iowa to "[i]dentify your method for ensuring that reimbursement rates established for prescription drugs under Iowa estimate average actual acquisition cost generally and currently paid by providers as required by 42 C.F.R. § 447.512 []." *See* Iowa Joint Interrogatory Responses at p.11 (Joint Interrogatory No. 5) (Exhibit B hereto).  In response Iowa identified: (i) the Iowa Medicaid reimbursement formula, including the implementation of a SMAC in 2001; (ii) the legislative bills[7] that contemplate the Iowa Medicaid

---

[6] The Head of Iowa Medicaid from 1971 to 2008 was: Don Herman (1971-1999); Dennis Headlee (Feb. 2000 to Aug. 2001); and, Eugene I. Gessow (June 2003 to Sep. 2008).  *See* Iowa Joint Interrogatory Responses at 6-8 (Response No. 1) (attached hereto as Exhibit B); *see also* letter from J. Normand to J. Ellison, dated February 5, 2010 (attached hereto as Exhibit C.11).  During the interim periods there was no Director of Iowa Medicaid.

[7] Iowa objects to Teva Interrogatory Request No. 5 on grounds that the determination of Iowa Medicaid's provider reimbursement rate is a function of the Iowa State Legislature.  Any information concerning the development of

6

reimbursement formula; and, (iii) Susan Parker as the person most knowledgeable.  *Id.*    Iowa

has also identified dates on which Susan Parker may be deposed.  No further response on the

subject should be required.

Moreover, Iowa has produced and is producing voluminous documents regarding the

manner in which it satisfied the Federal Regulation obliging Iowa, like all states, to reimburse at

EAC including all non-public, responsive non-privileged documents related to the State Plans

and the establishment of the SMAC program. *See* Iowa Joint Supplemental Responses at 3-4

(Supplemental Responses to Requests 38-39) (Exhibit D hereto).  Thus, Teva already has access

to State Plan documents, SMAC lists from the date of inception of the program through the end

of the relevant period (January 13, 2003 to December 31, 2005);[8] Iowa Claims data produced to

Teva since November 24, 2008;[9] Iowa Open Records productions since January 13, 2009[10], and,

---

policies, regulations, and rules regarding the reimbursement of prescription drugs -- inherently pre-decisional and
policy-based processes -- such information is subject to legislative and deliberative process privileges  "In
determining whether a litigant's need for deliberative materials overrides the government's interest in nondisclosure,
the Court may consider various factors, including '1) the relevance of the evidence; 2) the availability of other
evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and
independent discussion regarding contemplated policies and decisions.'"  *U.S. v. Miracle Recreation Equip. Co*.,
118 F.R.D. 100, 107-108 (S.D. Iowa 1987) (*citing FTC v. Warner Communications, Inc*., 742 F. 2d 1156, 1161 (9th
Cir. 1984)).  "The [deliberative process] privilege should be suspended only when it denies access to the only
available source of relevant evidence."  *Id.* at 108.  To the extent Iowa has responsive documents, it has produced
them as well as naming the persons most knowledgeable.  *See* Iowa Joint Interrogatory Response at p.11 (Joint
Interrogatory No. 5) (Attached hereto as exhibit B).

[8] *See* Exhibit C.1 (letter from J. Normand to M. Slattery, dated November 24, 2008 (production of Iowa Medicaid
Pharmacy Claims Data)).

[9] *Id.*; *see also* Exhibit C.2 (letter from J. Normand to S Patel, dated December 29, 2008, concerning enclosed re-
production of Iowa Medicaid claims data).

[10] *See* Exhibit C.3 (letter from J. Normand to T. Reynolds, dated January 13, 2009, concerning first installment of
response to open records request for Iowa Medicaid claims data); Exhibit C.4 (letter from J. Normand to T.
Reynolds, dated January 20, 2009, concerning second installment of response to open records request for Iowa
Medicaid claims data); Exhibit C.5 (letter from J. Normand to T. Reynolds, dated January 23, 2009, concerning third
installment of response to open records request for Iowa Medicaid claims data); Exhibit C.6 (letter from J. Normand
to T. Reynolds, dated February 19, 2009, concerning fourth installment of response to open records request for Iowa
Medicaid claims data).

invoice data provided by its contractor, Myer & Stauffer.[11]  Again,   Iowa   has   produced

responsive materials to defendants' liaison counsel; nothing more should be required.

Second, it is the legal obligation of the defendant manufacturers, including Teva, to

ensure that the information they supply to the State is accurate.  It is well settled that those who

seek to be paid from the public fisc must "turn square corners" in their dealings with the

government.  *See North Memorial Medical Ctr. v. Gomez*, 59 F.3d 735, 739 (8th Cir. 1995)

(*citing Heckler v. Community Health Servs.*, 467 U.S. 51, 64-65 (1984)).   The U.S. Supreme

Court has stated, and this Court has recognized that:

> This observation has its greatest force when a private party seeks
> to spend the Government's money.  Protection of the public fisc
> requires that those who seek public funds act with scrupulous
> regard for the requirements of law; [such an entity] could expect
> no less than to be held to the most demanding standard in its quest
> for public funds. This is consistent with the general rule that those
> who deal with the Government are expected to know the law.

*Heckler v. Community Health Servs.*, 467 U.S. 51, 64-65 (1984)); *see Massachusetts v. Mylan*

*Laboratories, et al.*, 608 F Supp. 2d 127, 154 (D. Mass. 2008).   As such, Teva reported its

wholesale prices, including AWPs, to the reporting services, knowing that Iowa Medicaid and

other state Medicaid programs would rely on the resulting published prices to estimate provider

acquisition cost as required under federal law.  *See* 42 C.F.R. § 447.331 et seq. and Iowa Admin.

Code 441-79.1(8).  This Court has found that Teva and other defendants' reported prices were

false as a matter of law.  *In re Pharm. Indus. Average Wholesale Price Litig*. Civil Action No.

01-12257-PBS, __F. Supp. 2d __ Slip Op. at 18-19 (D. Mass. Feb. 9, 2010).  Moreover, given

that Teva had a legal obligation to be aware of Iowa's Medicaid reimbursement formula,

*Massachusetts v. Mylan Laboratories, et al.*, 608 F Supp. 2d 127, 155 (D. Mass. 2008), Teva

---

[11] *See* Exhibit C.7 (letter from J. Normand to E. Houghton, dated April 15, 2009); *see also* Exhibit C.8 (letter from J. Normand to K. Prinzo, dated April 29, 2009).

should not be permitted to engage in duplicative and irrelevant discovery that represents nothing more than an attempt to improperly shift the burden to Iowa.  Teva Interrogatory Request No. 5 seeks ambiguous and irrelevant information and Teva's motion to compel should be denied.

Teva seeks the same information that Iowa already produced to all defendants, including Teva -- precisely the category of irrelevant, ambiguous and unreasonable duplicative discovery prohibited under Rule 26(b)(2)(C).  Teva's motion to compel further responses to Interrogatory No. 5 should be denied.

## CONCLUSION

For all the foregoing reasons, Teva's motion to compel responses to Teva Document Request No. 7 and Teva Interrogatory Requests Nos. 3 & 5 should be denied.

Dated: February 22, 2010

**KIRBY McINERNEY LLP**

By: _____/s/_____

Joanne M. Cicala, Esq.
James P. Carroll Jr., Esq.
Kathryn B. Allen, Esq.
825 Third Avenue
New York, New York 10022
(212) 371-6600

*Counsel for the State of Iowa.*

## CERTIFICATE OF SERVICE

I, James Carroll, hereby certify that I caused a true and correct copy of the foregoing to be served upon all counsel of record via electronic service, pursuant to Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting to all parties.

Dated:  February 22, 2010          ___/s/ James P. Carroll Jr_____

James P. Carroll Jr.

# EXHIBIT
# A



24083696

Mar 5 2009
9:29PM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) |
| The State Of Iowa | ) MDL NO. 1456 |
| | ) Civil Action No. 01-12257-PBS |
| v. | ) |
| | ) |
| Abbott Laboratories, Inc., *et al.* | ) Judge Patti B. Saris |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**STATE OF IOWA'S OBJECTIONS AND RESPONSES TO**
**DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS**

Pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts and the relevant case management order, plaintiff The State of Iowa (hereinafter "Plaintiff" or "Iowa") responds as follows to Defendants' First Set of Document Requests to the State of Iowa.

**GENERAL OBJECTIONS**

1.     Plaintiff objects to the "definitions" and "instructions" to the extent they are vague, confusing and ambiguous.

2.     Plaintiff objects to the "definitions and "instructions" to the extent they seek to create obligations broader than what is required by the Federal Rules of Civil Procedure, the Local Rules of the Transferor Court and/or the local rules of this Court.

3.      Plaintiff objects to the document requests to the extent they seek information subject to the attorney-client privilege, the work product doctrine, the deliberative process privilege, the legislative privilege, or any other applicable evidentiary or other privilege, immunity or restriction.  Plaintiff's production of any document or response is without waiver of any privilege, claim of confidentiality or other objection.

4.      Plaintiff objects to the document requests to the extent they seek documents and information that defendants already have obtained or could obtain from third-parties on the grounds that production would be unduly burdensome, duplicative and expensive.

5.      Plaintiff reserves all objections or other positions it may have to the competency, relevance, materiality, privilege or admissibility of any documents produced in response to the requests, or any and all other objections on grounds that would require the exclusion of any statement or information contained herein if the introduction of such evidence was sought at the time of trial, all of which objections and grounds are reserved and may be interposed at time of trial.  The fact that plaintiff has responded to any part or all of any particular request is not intended to and shall not be construed to be a waiver by plaintiff of any objection to the relevance or admissibility of any evidence in this or any other action.

6.      Plaintiff objects to each document request individually, and taken as a whole, to the extent that they are overly broad and unduly burdensome, and are designed to harass plaintiff and/or to deter the assertion of claims by plaintiff.

7.      Plaintiff objects to each document request to the extent that it seeks facts known to plaintiff's counsel rather than plaintiff.  Such facts obtained by counsel through their investigation constitute privileged attorney work-product.

8.      Plaintiff objects to each document request to the extent that it calls for production of information readily available to defendants from public or other sources that are more convenient, less burdensome or less expensive than recourse to plaintiff.

9.      In providing responses to each document request, plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

a)      All objections as to the competency, relevancy, materiality and admissibility of each document request, the responses and their subject matter;

b)      All objections as to the vagueness, ambiguity or other infirmity in each document request and any objections based on the undue burden imposed by the document request;

c)      All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

d)      All rights to object on any ground to any further document request or other discovery requests involving or related to the subject matter of the document request;

e)      The right to supplement responses to the document requests prior to trial;

f)      Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts, the Local Rules of the Transferor Court and other statutes or the common law;

10.     Plaintiff's responses are based upon, and therefore limited by, plaintiff's present recollections.  Consequently, plaintiff reserves the right to make any changes in these responses if it appears that at any time, inadvertent errors or omissions have been made or additional information becomes available.

11.     Subject to and without waiving its objections, plaintiff will respond to requests or portions thereof to the best of its present ability.  Because plaintiff has not completed its discovery of the facts pertaining to this action or its preparation of this case for trial, plaintiff reserves its right to supplement or amend its responses based upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

12.     When plaintiff responds that it will produce documents in response to a request, it will produce such documents to the extent that they exist and can be reasonably obtained.  By stating that it will produce documents, plaintiff does not represent that any such documents or things, in fact, exist or are within its possession, custody or control.

13.     All of plaintiff's general objections are incorporated into each of the specific responses below.

## SPECIFIC OBJECTIONS

1.     Plaintiff has already produced documents responsive to many of the requests below in connection with  defendants' Open Records request of Nov. 3, 2008.  By producing such documents, plaintiff did not waive its objections as to competency, relevancy, materiality and admissibility.

2.     Pursuant to communications and conversations between liaison counsel for defendants and counsel for plaintiff, the parties agreed to limit the scope of the Open Records request to 1992-2005.  Moreover, the Iowa CMO expressly confines claims data production to 1992-2005.  *See*  Iowa CMO, Ordered Jan. 22, 2009  at ¶ 4.  To the extent that the requests below are not so limited, plaintiff objects on the grounds that documents outside that time period are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects on the grounds that the requests are unduly burdensome to the extent they seek duplicative material.

4.      All of plaintiff's specific objections are incorporated into each of the specific responses below.

## RESPONSES TO REQUESTS FOR DOCUMENTS

**1.      All data, reports, analyses, comments and correspondence related to consideration of the appropriate method of prescription drug reimbursement by IME.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers. Plaintiff further objects on the grounds that the request is ambiguous, unduly burdensome and duplicative of many individual requests contained herein.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available or already in defendants' own possession. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**2.      Any audits or studies of pharmacies in Iowa regarding the price pharmacies (including free-standing and institutional pharmacies, as well as specialty pharmacies and home health care agencies) pay for prescription  drugs, the price pharmacies are paid for prescription drugs, or the rebates pharmacies receive on prescription drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff further objects to the extent the request calls for the production of material that is already in defendants' own possession, i.e. concerning the rebates defendants paid to Iowa providers and/or pharmacies and the price providers and/or pharmacies pay for defendants' products which are, in large part if not entirely, set pursuant to defendants' contracts with such providers. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**3.      All questionnaires sent to pharmacists regarding the price pharmacies pay for prescription drugs, the price pharmacies are paid for prescription drugs, or the rebates pharmacies receive on prescription drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation. Plaintiff further objects to the extent the request calls for the production of material that is already in defendants' own possession, i.e. concerning the rebates defendants paid to Iowa providers and/or pharmacies and the price providers and/or pharmacies pay for defendants' products which are, in large part if not entirely, set pursuant to defendants' contracts with such providers. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request. Subject to and without waiver

6

of the foregoing objections, to the extent further responsive, non-privileged documents exist, plaintiff will produce those.

4.    **All data, reports, analyses, comments or correspondence related to the price Iowa Medicaid health care providers pay for prescription drugs, and/or the amount physicians and other providers are reimbursed by IME for administering drugs to Medicaid patients.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers. Plaintiff further objects to the extent the request calls for the production of material that is already in defendants' own possession, i.e. concerning the price providers and/or pharmacies pay for defendants' products which are, in large part if not entirely, set pursuant to defendants' contracts with such providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents exist, plaintiff will produce those.

5.    **Any report prepared for or by the Iowa General Assembly evaluating the IME, including, but not limited to any evaluations of the IME's drug reimbursement policies.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative,

deliberative process, or other applicable privilege.  Plaintiff objects further to the extent that the request calls for materials that are publicly available.

      6.     **All organizational charts for the IME prepared since January 1, 1990.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005. Subject to and without waiver of its general and specific objections, Plaintiff has already produced documents responsive to this request pursuant to defendants' Open Records request.

      **7.     All data, reports, analyses, comments and correspondence relating to changes in the dispensing fees paid to pharmacists in the IME.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or already in defendants' own possession. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

      **8.     All data, reports, analyses, comments, and correspondence relating to changes in the drug reimbursement amounts paid to pharmacists and physicians or other health care providers participating in the IME, including but not limited to data, reports,**

**analyses, comments and correspondence related to the reduction in the drug reimbursement rate from average wholesale price (AWP) to discounts off of AWP.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**9.     All data, reports, analyses, comments, and correspondence relating to proposed changes to the IME drug reimbursement rate(s).**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**10.     All correspondence, comments, and communications with the Iowa Pharmacy Association, other pharmacy associations, or other lobbying groups, or with**

**individual pharmacists regarding the price pharmacies pay for prescription drugs, the price pharmacies are paid for prescription drugs, the rebates pharmacies receive on prescription drugs, or the amount pharmacies are reimbursed by the IME for prescription drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation. Plaintiff further objects to the extent the request calls for the production of material that is in the possession of non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**11.    All correspondence, comments and communications with the Iowa Medical Association, other medical associations, or other lobbying groups, or with individual physicians or health care providers regarding the price providers pay for prescription drugs, the price providers are paid for prescription drugs, or the amount providers are reimbursed by the IME for prescription drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, plaintiff has

already produced documents and or data responsive to this request in connection with defendants' Open Records request. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**12.    Reports concerning, in whole or in part, provider acquisition costs for Medicaid-reimbursable drugs, including, but not limited to any comparison of such costs to published AWP or wholesale acquisition costs (WAC).**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

**13.    Any studies, memoranda, or other documents generated or received that discuss the meaning, interpretation, or definition of WAC, AWP, or estimated acquisition cost (EAC).**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other

11

applicable privilege.  Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**14.     Any communications (whether written, electronic, or memorializations of oral communications) between the IME and the federal Centers for Medicare and Medicaid Services (CMS) (or its predecessor, the Health Care Financing Administration (HCFA)), that discuss the meaning, interpretation, or definition of WAC, AWP, EAC, average manufacturer price (AMP), usual and customary charge, or the reimbursement of prescribed drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

**15.     Any communications (whether written, electronic, or memorializations of oral communications) between the IME and other government agencies in Iowa that discuss the meaning, interpretation, or definition of WAC, AWP, EAC, average manufacturer price (AMP), usual and customary charge, or the reimbursement of prescribed drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available

and/or in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

**16.    Any communications (whether written, electronic, or memorializations of oral communications) between the IME and officials of other states that discuss the meaning, interpretation, or definition of WAC, AWP, EAC, AMP, usual and customary charge, or the reimbursement of prescribed drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

**17.    Any communications (whether written, electronic, or memorializations of oral communications) between the IME and pharmaceutical manufacturers that discuss the meaning, interpretation, or definition of WAC, AWP, EAC, AMP, usual and customary charge, or the reimbursement of prescribed drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff further objects to the extent the request calls for the production of material that is already in the

possession of defendants.   Subject to and without waiver of the foregoing objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

**18.      Any communications (whether written, electronic, or memorializations of oral communications) between the IME and physicians or other health care providers that discuss the meaning, interpretation, or definition of WAC, AWP, EAC, AMP, usual and customary charge, or the reimbursement of prescribed drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of its specific and general objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

**19.      Any communications (whether written, electronic, or memorializations of oral communications) between the IME and price-reporting services (including, but not limited to MediSpan and First DataBank), or between the IME and any other person or entity including lawyers, lobbyists, or consultants, that discuss the meaning, interpretation, or definition of WAC, AWP, EAC, AMP, usual and customary charge, or the reimbursement of prescribed drugs;**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers nor the price reporting services used by Iowa during the relevant time frame. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of its general and specific objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

14

**20.     All forms, whether paper or electronic, used by Iowa Medicaid health care providers relating to prescription drug reimbursement, including any instructions for completing the forms.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers.  Plaintiff objects further on the grounds that the request is overly broad and unduly burdensome insofar as it appears to call for the production of every claim form that has ever been submitted to IME.  Subject to and without waiver of the foregoing general and specific objections, plaintiff has already produced Iowa Medicaid claims data from 1992-2005 and Iowa provider manuals for that same period.

**21.     All data, reports, comments, recommendations and correspondence relating to the IME's preferred drug list or to supplemental rebate agreements.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties.  Subject to and without waiver of the foregoing general or specific objections, plaintiff has already produced documents responsive to this request pursuant to defendants' Open Records request.  Subject to and without waiving its specific and general objections, plaintiff will produce additional responsive documents to the extent they exist.

**22.     All surveys, studies, reports and analyses conducted by or at the request and/or direction of the IME, or in the possession of the IME (whether final or incomplete)**

**relating to costs and expenses incurred by pharmacies and/or IME health care providers in dispensing prescription drugs from 1991 to the present including, but not limited to those conducted and/or prepared by the University of Nebraska School of Pharmacy in the 1986-1987 timeframe.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff further objects to the extent the request calls for the production of material that is already in defendants' own possession, i.e. concerning the price providers and/or pharmacies pay for defendants' products which are, in large part if not entirely, set pursuant to defendants' contracts with such providers.   Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of non-parties. Subject to and without waiving its specific and general objections, plaintiff will produce additional responsive documents to the extent they exist.

**23.    All reports, studies, analyses, or correspondence from or to the United States Department of Health and Human Service Office of Inspector General, the Government Accountability Office (formerly the General Accounting Office), or any other federal agency, or any Senate or House Committee, or any individual Senator or Congressperson regarding Medicaid drug reimbursement.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff further objects to the extent the

request calls for the production of material that is publicly available and/or already in defendants' own possession. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents responsive to this request in connection with defendants' Open Records request.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**24.     All documents created, maintained, or received by you under 42 U.S.C. § 1396a (a) (30), 42 U.S.C. § 1396a (a) (54), 42 C.F.R. 447.201 *et seq*., or 42 C.F.R. 447.502 *et seq*.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff further objects on the grounds that the request is ambiguous, and unduly burdensome and duplicative of many individual requests contained herein.  Plaintiff objects on the grounds that it is not reasonably calculated to lead to the discovery of relevant evidence in that it seeks documents entirely irrelevant to this lawsuit.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or already in defendants' own possession.

**25.     All documents constituting or concerning the Iowa state plan(s) for medical assistance (42 C.F.R.430.0 *et seq.),* any proposed or adopted amendments thereof, and any finding and/or support related thereto.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005, the drugs at issue in the Iowa AWP litigation or the claims at issue in this case.  Plaintiff further objects to the extent the request calls for the production of material that is

publicly available.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiving its specific and general objections, plaintiff will produce non-public, responsive non-privileged documents to the extent they exist.

**26.    All documents concerning reimbursement for pharmaceutical ingredient costs as means of subsidizing other medical services, procedures, costs, or equipment, or as a means of ensuring equal access to care for Medicaid beneficiaries under 42 U.S.C. §1396(a)(30).**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005, the drugs at issue in the Iowa AWP litigation or the claims at issue in this case.  Plaintiff objects further on the grounds that the request is vague, ambiguous and irrelevant given that Federal law requires that Iowa reimburse at EAC.  42 C.F.R. § 447.311.

**27.    All documents (including but not limited to all correspondence, memoranda, analyses, agenda, meeting minutes, e-mails and testimony) constituting or concerning any requests, surveys, or other efforts conducted by you, or on your behalf, to determine that the state is in compliance with 42 U.S.C. § 1396a(a)(30).**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005, the drugs at issue or the claims at issue in the Iowa AWP litigation. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or already in the possession of defendants and/or non-parties. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**28.    All documents concerning the consideration or setting of dispensing fees as required by 42 C.F.R. 447.502, 42 C.F.R. 447.512, and 42 C.F.R. 447.514, including but not limited to all correspondence, memoranda, analyses, agenda, meeting minutes, e-mails and testimony.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further on the grounds that dispensing fees are set by the Iowa State Legislature and the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and/or data responsive to this request in connection with defendants' Open Records request.   Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**29.    All documents relating to actions taken by you (or not taken) to ensure that pharmacists, and other providers are reimbursed under Medicaid at their usual and customary charge if that amount is lower than the state-determined EAC, or the rates set forth in the Iowa Medicaid fee schedule, as required by 42 C.F.R. 447.512.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers.  Plaintiff objects further on the grounds that it is overly broad and unduly burdensome insofar as it appears to call for information on every claim that has ever been submitted to IME.  Plaintiff further objects to the extent the request calls for the production of material that is in the possession of defendants and/or non-parties.  Plaintiff objects further to the

extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, plaintiff has already produced provider manuals from 1992-2005 (Bates Nos. Iowa-AWP-006995 – Iowa-AWP-008447) in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

      **30.**    **All Medicaid claims data from 1992-2005 relating to the Subject Drugs and reflecting claims for which you contend you overpaid as a result of Defendants' alleged conduct.  Such data shall include but is not limited to:**

      **(a)**    **pharmacy claims data;**

      **(b)**    **medical claims data;**

      **(c)**    **all service codes data associated with the administration of those Subject Drugs that are physician-administered drugs;**

      **(d)**    **drug pricing files;**

      **(e)**    **documents concerning the unit rebated amount for any of the Subject Drugs;**

      **(f)**    **transactional data relating to the Subject Drugs;**

      **(g)**    **communications between you and the federal government concerning utilization and "per unit" rebate data; and**

      **(h)**    **drug keys and data dictionaries that explain the data fields produced in response to this Request.**

Plaintiff already provided all Medicaid pharmacy claims data requested in subpart (a) on Nov. 24, 2008 and again on Dec. 29, 2008.  Plaintiff specifically objects to subpart (b) because the term medical claims data is vague and confusing and in any event  irrelevant to the instant lawsuit.  Plaintiff specifically objects to the use of the undefined terms "service codes data" and

"drug pricing files" in (c) and (d) as vague and confusing.  Plaintiff specifically objects to subpart (e) because such information is confidential pursuant to the Medicaid Rebate Agreement Confidentiality Provisions, as defendants well know.  Plaintiff specifically objects to subpart (f) on the grounds that it seeks information that is within the possession, custody and control of defendants to this action, and to the extent this information is in the possession, custody and control of plaintiff, it has been produced to plaintiff by defendants.  Plaintiff specifically objects to (g) on the ground that "communications" between any parties are not data this request seeks Finally, plaintiff already produced a data dictionary explaining the data fields of the Medicaid pharmacy claims data on Dec. 29, 2008.

**31.    All data and documents you received directly or indirectly from wholesalers or other third parties relating to this litigation, whether through formal or informal discovery, sharing between parties or counsel in other states, or through regulatory or administrative procedures.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff objects on the grounds that this request is overbroad, ambiguous and unduly burdensome in that it seeks documents from undefined "other third parties".  Plaintiff further objects to the extent the request calls for the production of material that is in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client or other applicable privileges.  Subject to and without waiver of the foregoing objections, plaintiff will produce such documents as it obtains them and to the extent that the documents have not otherwise been produced to defendants

32.    **All data sets and information from which you derived, or upon which you relied, in creating Exhibit B.**

Plaintiff objects to the extent the request calls for the production of material that is already in defendants' possession.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product or other applicable privilege.  Subject to and without waiver of the foregoing objections, plaintiff will produce data sets and responsive non-privileged documents that are not already in the possession, custody and control of defendants.

33.    **All documents relating to the definition, meaning, or understanding of the terms Average Wholesale Price (AWP) or Wholesale Acquisition Cost (WAC).**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects on the ground that the request is duplicative of request nos. 13-19 and plaintiff has already produced responsive documents pursuant to defendants' Open Records request.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

34.    **All documents relating to your decision to use AWP as a basis for reimbursement for prescription drugs under Iowa Medicaid, including but not limited to all documents relating to internal communications within the IME, or with the Governor's Office and/or the Iowa General Assembly concerning:**

(a)    **the use of AWP as a basis for reimbursement by Iowa Medicaid;**

22

    (b)    **how AWP is determined or calculated by Iowa Medicaid; and**

    (c)    **the use of some benchmark or figure other than AWP as a basis for reimbursement by Iowa Medicaid.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**35.    All documents concerning or explaining your methodology for reimbursement of physician-administered drugs and, to the extent it differs from your reimbursement of pharmacy-dispensed drugs, all documents concerning the rationale for this difference.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff objects further on the grounds that the request seeks material that is irrelevant to the litigation.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, to the extent further relevant, responsive, non-privileged documents or data exist, plaintiff will produce those.

**36.    All documents concerning your calculation of reimbursement amounts for Subject Drugs, including but not limited to guidelines, instructions, and provider manuals.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid Providers.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects on the grounds that the request is ambiguous, and unduly burdensome and duplicative of many individual requests contained herein, including but not limited to request no. 20, and plaintiff has already provided responsive information including, but not limited to, provider manuals from 1992-2005 (Bates Nos. Iowa-AWP-006995 – Iowa-AWP-008447).   Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**37.   All documents concerning any executive, judicial, legislative or administrative efforts to alter Medicaid reimbursement rates or methodologies for prescription drugs and/or the dispensing fees or beneficiary co-payments associated with prescription drugs, including but not limited to documents created or relied upon by the 1992 Department of Management Medicaid Task Force, the 2001 Joint Legislative/Executive Branch Work Group on Medicaid, the 2002 Interim Study Committee Program Elimination Commission, the 2002 Medical Assistance Advisory Group, and the Department of Human Services Medical Assistance Advisory Council.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the claims at issue in this case.   Plaintiff further objects on the grounds that the request is ambiguous, and unduly burdensome and duplicative of many individual requests contained herein.   Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties.   Plaintiff objects further to the extent

the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiving its specific and general objections, plaintiff will produce responsive non privileged documents concerning the five groups referred to in this request, to the extent such documents exist.

**38.     All documents relating to the establishment and administration of Iowa's MAC program ("SMAC" program), including all invoices received from providers used in creating the SMAC program.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff objects further on the grounds that the request seeks information that is neither  relevant nor  reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff is not seeking damages for any drugs that are reimbursed based on the SMAC.

**39.     All documents constituting or concerning communications among or between members of APHSA, NASMD, the National Association of Attorneys General, MMCAP, NAMFCU, and/or any other multi-state public health association or organization concerning:**

      **(a)     the use of AWP as a basis for reimbursement by Iowa Medicaid;**

      **(b)     how AWP is determined or calculated by Iowa Medicaid; and**

      **(c)     the use of some benchmark or figure other than AWP as a basis for reimbursement by Iowa Medicaid.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.

**40.    All documents relating to your knowledge (or lack of knowledge) that the actual acquisition cost for prescription drugs was lower than the Subject Drugs' AWPs, WACs, or FULs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**41.    All documents concerning the purchase of or reimbursement for Subject Drugs by Iowa entities, including but not limited to universities, hospitals, clinics, long-term health care facilities, nursing homes, home health agencies, prisons and correctional facilities, and including purchases made through group purchasing organizations such as the Iowa Interagency Pharmaceuticals Bulk Purchasing Counsel, MMCAP and the Sovereign States Drug Consortium.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid Providers.  Plaintiff objects on the grounds that the request seeks material that is irrelevant to this litigation.  Plaintiff further objects

on the grounds that the request is ambiguous, vague and confusing, unduly burdensome and duplicative of many individual requests contained herein.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.

**42.    All documents concerning the reimbursement of Subject Drugs by other Iowa medical assistance programs or plans, including, but not limited to Hawk-I, and/or programs run by the State Mental Health Department or Department of Corrections.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.

**43.    All documents concerning any communication or negotiation between you (or any individual or entity acting on your behalf), and any Defendant concerning reimbursement, pricing, costs or discounts of prescription drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers.  Plaintiff further objects to the extent the request calls for the production of material that already in the possession of defendants.

44.    **All documents, regardless of time period, concerning any communication between you and any federal agency relating to:**

      (a)    **the pricing of prescription drugs;**

      (b)    **Federal Upper Limits;**

      (c)    **proposed alternative reimbursement methodologies, including but not limited to MACs;**

      (d)    **Medicaid rebates;**

      (e)    **reimbursement methodologies considered or used by other states or state agencies; or**

      (f)    **the processing of prescription drug reimbursement claims submitted by pharmacies or other providers.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers.  Plaintiff further objects on the grounds that the request is ambiguous, and unduly burdensome and duplicative of many individual requests contained herein.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

45.    **All documents relating to HCFA's decision in 1998 to disapprove Medicaid State Plans that base reimbursement for prescription drugs on undiscounted AWP.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff further objects to the extent the request calls for the production

of material that is publicly available and/or in the possession of defendants and/or non-parties.

Plaintiff objects further to the extent the request calls for the production of documents that are

protected by the attorney work-product, attorney-client, legislative, deliberative process, or other

applicable privilege.

**46.    All documents concerning the revised AWP process provided by the United State Department of Justice and NAMFCU in 2000, including but not limited to documents concerning your decision to use or not to use the revised AWP prices in reimbursing for prescription drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not

confined to 1992-2005.  Plaintiff further objects to the extent the request calls for the production

of material that is publicly available and/or in the possession of defendants and/or non-parties.

Plaintiff objects further to the extent the request calls for the production of documents that are

protected by the attorney work-product, attorney-client, legislative, deliberative process, or other

applicable privilege.

**47.    All documents, regardless of time period, concerning any action, (whether legal, administrative or otherwise), considered or taken by you, or on your behalf, to recover from pharmacies or other providers the alleged overpayments associated with Medicaid drug reimbursement to those pharmacies or providers.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not

confined to 1992-2005.  Plaintiff objects on the grounds that the request seeks material that is

irrelevant to this litigation.   Plaintiff further objects to the extent the request calls for the

production of material that is publicly available and/or in the possession of defendants. Plaintiff

objects further to the extent the request calls for the production of documents that are protected

by the attorney work-product, attorney-client, or other applicable privilege. Subject to and

without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**48.     All documents concerning any effort or plan considered or undertaken by you to reduce or otherwise limit your expenditures for Subject Drugs, including but not limited to, prior authorization requirements, creating of formularies, use of multiple source drugs, group purchasing efforts, competitive bidding and/or use of other state contracts.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid Providers.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects on the grounds that the request is ambiguous, and unduly burdensome and duplicative of many individual requests contained herein, including but not limited to request no. 21.  Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents exist, plaintiff will produce those.

**49.     All documents concerning the proposal, modification, or promulgation of any statute, rule or regulation relating to reimbursement for Subject Drugs or other prescription drugs, including but not limited to all comments, explanations, or descriptions of any such proposed or final statute, rule, or regulation, all drafts of any such proposed or final statute, rule or regulation, and all memoranda, correspondence, analyses, or other documents concerning any such proposed or final statute, rule or regulation.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the claims at issue in the Iowa AWP litigation    Plaintiff further

objects to the extent the request calls for the production of material that is publicly available and/or in the possession of non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.

      **50.    All documents concerning any proceedings, including but not limited to lawsuits, administrative, or legislative proceedings, or criminal or civil investigations, in which your employees or agents have testified, provided statements, or been interviewed concerning the pricing or reimbursement of prescription drugs, or access to care.**

      Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the claims at issue in this case.  Plaintiff further objects to the extent the request calls for the production of material that is in the possession of non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, or other applicable privileges.

      **51.    All documents concerning communications between you and any Hemophilia Treatment Center ("HTC"), including but not limited to the Iowa Regional Hemophilia Center, concerning:**

      **(a)    drugs rebates, including rebates from manufacturers available to HTCs for Subject Drugs;**

      **(b)    AWP and discounts from AWP available to HTCs, including, but not limited to, any communications discussing AWP, any communications discussing the difference between Public Health Service ("PHS") pricing for a Subject Drug and AWP, and any studies, reports, data, or analysis of AWP relating to Subject Drugs;**

      **(c)    the HTC's actual acquisition costs of Subject Drugs;**

      **(d)    the relationship between reimbursement benchmarks and actual reimbursement amounts and the actual acquisition cost of Subject Drugs;**

      **(e)    the reimbursement of Subject Drugs as it relates to the medical necessity of prescribing a certain drug instead of another drug;**

> (f)     administration costs and/or other costs associated with treating patients with Subject Drugs that are not provided for or otherwise covered by the applicable reimbursement methodology;
>
> (g)     any Maximum Allowable Cost, PHS pricing program, or any other program intended to set a cap on payment for branded, generic, or multiple source drugs;
>
> (h)     the adequacy (or inadequacy), amount, consideration, setting, or computation of dispensing fees for Subject Drugs or any other product indicated for the treatment of hemophilia-related conditions; or
>
> (i)     the actual cost of dispensing (including but not limited to the cost of shipping, pharmacy staff, supplies, storage, or inventory control) and/or acquisition costs for Subject Drugs

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers.  Plaintiff objects on the grounds that the request is vague, confusing, and seeks material that is irrelevant to this litigation.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.

**52.     Separately for each Defendant, all documents reflecting the actual or estimated losses or damages allegedly suffered by you, or overpayments allegedly made by you, as a result of such Defendant's alleged conduct.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff further objects on the ground that the request is unduly burdensome and inappropriate in that it refers to individual defendants and should more properly be in any document request made by an individual defendant, as provided by the Iowa CMO

ordered Jan. 22, 2009 at ¶10(C).  This request is duplicative of requests already made by four individual defendants (Defendant Barr Laboratories, Inc.'s First Set of Requests for Production to Plaintiff, The State of Iowa, Request #22; Defendant Ivax Corporation and Ivax Pharmaceuticals, Inc.'s First Set of Requests for Production to Plaintiff, The State of Iowa, Request #22; Defendant Sicor, Inc.'s First Set of Requests for Production to Plaintiff, The State of Iowa, Request #22; Defendant Teva Pharmaceuticals USA, Inc.'s First Set of Requests for Production to Plaintiff, The State of Iowa, Request #22).  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff objects further on the grounds that this request is premature at this stage in the proceeding as discovery has just begun and plaintiff has not yet obtained all the relevant data.  Plaintiff further objects on the grounds that this information has already been provided in the State of Iowa's Initial Rule 26 Disclosures, dated Feb. 27, 2009.

**53.    Separately for each Defendant, all documents supporting the elements of each claim you assert against such Defendant in the Complaint.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff further objects on the grounds that the request is ambiguous, and unduly burdensome and duplicative of many individual requests contained herein.  Plaintiff further objects on the ground that this is inappropriate in that it refers to individual defendants and should more properly be in any document request made by an individual defendant, as provided by the Iowa CMO ordered Jan. 22, 2009 at ¶ 10(C).

**54.    All documents sufficient to describe your document retention or destruction policies, including any changes to, or departures from, such policies, and documents**

**demonstrating that you have complied with such policies, including but not limited to document preservation notices circulated by you.**

Plaintiff objects on the ground that the State of Iowa's document retention or destruction policy is publicly available on the Iowa State Records Commission website located at http://www.iowasrc.org/images/files/records_retention_schedules.pdf.   Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**55.    All communications, including but not limited to bids and requests for proposals with outside lawyers regarding potential representation of Iowa in this case, and the contracts and terms of engagement of such lawyers.**

Plaintiff objects on the ground that this is entirely irrelevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds that the request seeks information protected from disclosure by the attorney-client privilege.

**56.    All documents identified in connection with, or used in responding to Defendants' First Set of Interrogatories to the State of Iowa.**

Plaintiff is in the process of responding to defendants' First Set of Interrogatories to the State of Iowa.  To the extent that the documents identified with or used in responding to these interrogatories have not already been produced in response to other individual document requests above, and subject to and without waiving its specific and general objections, plaintiffs will produce those documents that fall within this category and are not subject to the attorney-client privilege, attorney work-product doctrine, deliberative process privilege, or other applicable privilege.

Dated: March 5, 2009

Respectfully submitted,

TOM MILLER
ATTORNEY GENERAL FOR
THE STATE OF IOWA

By:   /s/ Joanne M. Cicala
      Joanne M. Cicala (JC 5032)
      Jocelyn R. Normand (JN 0651)


      KIRBY McINERNEY, LLP

      Special Counsel to the State of Iowa
      825 Third Avenue, 16th Floor
      New York, New York 10022
      (212) 371-6600

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on the 5th day of March, 2009, she caused a true and correct copy of State of Iowa's Rule 26(a)(1) Disclosures to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

/s/ Jocelyn R. Normand
Jocelyn R. Normand
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 371-6600

36

# EXHIBIT B



24920163

Apr 28 2009
8:27PM

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| The State Of Iowa | ) MDL NO. 1456 ) Civil Action No. 01-12257-PBS |
| v. | ) |
| Abbott Laboratories, Inc., *et al.* | ) Judge Patti B. Saris ) ) ) ) ) |

## STATE OF IOWA'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO THE STATE OF IOWA

Pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts and the relevant case management order, plaintiff the State of Iowa (hereinafter "plaintiff" or "Iowa") responds as follows to Defendants' First Set of Document Requests to the State of Iowa.

## GENERAL OBJECTIONS

1.     Plaintiff objects to the "definitions" and "instructions" to the extent they are vague, confusing and ambiguous.

2.     Plaintiff objects to the "definitions and "instructions" to the extent they seek to create obligations broader than what is required by the Federal Rules of Civil Procedure, the Local Rules of the Transferor Court and/or the local rules of this Court.

3.      Plaintiff objects to the interrogatories to the extent they seek information subject to the attorney-client, attorney work product, legislative, deliberative process, common interest, consulting expert, investigative or any other applicable evidentiary or other privilege, immunity or restriction.  Plaintiff's response or production of any document is without waiver of any privilege, claim of confidentiality or other objection.

4.      Plaintiff objects to the interrogatories to the extent that they seeks facts known to plaintiff's counsel rather than plaintiff.  Such facts obtained by counsel through their investigation constitute privileged attorney work-product.

5.      Plaintiff objects to the interrogatories to the extent they call for plaintiff to make legal conclusions.

6.      Plaintiff objects to the interrogatories to the extent they seek information and documents that defendants already have obtained or could obtain from third-parties on the grounds that production would be unduly burdensome, duplicative and expensive.

7.      Plaintiff reserves all objections or other positions it may have to the competency, relevance, materiality, privilege or admissibility of any information or documents produced in response to the interrogatories, or any and all other objections on grounds that would require the exclusion of any statement or information contained herein if the introduction of such evidence was sought at the time of trial, all of which objections and grounds are reserved and may be interposed at time of trial.  The fact that plaintiff has responded to any part or all of any particular interrogatories is not intended to and shall not be construed to be a waiver by plaintiff of any objection to the relevance or admissibility of any evidence in this or any other action.

8.     Plaintiff objects to the interrogatories to the extent that they are overly broad and unduly burdensome, and are designed to harass plaintiff and/or to deter the assertion of claims by plaintiff.

9.     Plaintiff objects to the interrogatories on the grounds that they are unduly burdensome to the extent they seek duplicative material.

10.    Plaintiff objects to the interrogatories to the extent they call for production of documents or information not relevant to the issues in this action or are not reasonably calculated to lead to the discovery of admissible evidence.

11.    Plaintiff objects to the interrogatories to the extent that they call for production of information readily available to defendants from public or other sources that are more convenient, less burdensome or less expensive than recourse to plaintiff.

12.    In providing responses to each interrogatory, plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

    a)  All objections as to the competency, relevancy, materiality and admissibility of each interrogatory, the responses and their subject matter;

    b)  All objections as to the vagueness, ambiguity or other infirmity in each interrogatory and any objections based on the undue burden imposed by the interrogatory;

    c)  All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

    d)  All rights to object on any ground to any further interrogatory or other discovery requests involving or related to the subject matter of the interrogatory;

    e)  The right to supplement responses to the interrogatories prior to trial;

f)   Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts, the Local Rules of the Transferor Court and other statutes or the common law;

13.   Plaintiff's responses are based upon, and therefore limited by, plaintiff's present recollections.  Consequently, plaintiff reserves the right to make any changes in these responses if it appears that at any time, inadvertent errors or omissions have been made or additional information becomes available.

14.   Plaintiff reserves its right to object or answer to part or all of any particular interrogatory, and the fact that plaintiff may answer or object to part or all of any particular interrogatory should not be taken as an admission or acknowledgement of any fact set forth in, assumed by, or inferred from any such interrogatory.

15.   Plaintiff reserves the right to identify additional employees of the Iowa Medicaid Program who may be identified at a later time who possess some knowledge of the information sought in the interrogatories.

16.   Subject to and without waiving its objections, plaintiff will respond to interrogatories or portions thereof to the best of its present ability.  Because plaintiff has not completed its discovery of the facts pertaining to this action or its preparation of this case for trial, plaintiff reserves its right to supplement or amend its responses based upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

17.    Any information or documents supplied in response to these Interrogatories are for use in this litigation and for no other purpose.

18.   All of plaintiff's general objections are incorporated into each of the specific responses below.

## SPECIFIC OBJECTIONS

1.      Defendants' First Set of Interrogatories includes numerous subparts in violation of the Iowa CMO and the Federal Rules of Civil Procedure.  The CMO provides:  "For purposes of this paragraph, each subpart of a discovery request shall count as a separate request."  *See* Iowa CMO, Discovery ¶ 10(A) at p. 5.  *See also* Fed. R. Civ. Pro. 33(a)(1).  These interrogatories contain many more than the 25 that defendants purport to include.

2.      This suit is brought exclusively on behalf of the Iowa Medicaid Program. Plaintiff objects to the definitions of "Plaintiff", "You", "your", "Iowa" "and other variants" on the grounds that said definitions are overly broad, cumulative, unduly burdensome, and impose discovery obligations that are beyond the scope of plaintiff's obligations under the Federal Rules of Civil Procedure, and to the extent that they seek to impose on plaintiff the obligation to respond for, or produce documents maintained by, Iowa's citizens, "all other citizens or entities", other branches or agencies of the Iowa State Government not involved in the operation of the Iowa Medicaid program.  Plaintiff also objects on the grounds that persons "acting on its behalf," insofar as it concerns activity not related to Medicaid prescription drug reimbursement; "procuring prescription drugs"; and "furnishing prescription drugs" are not relevant to any claims in the Complaint and are therefore not reasonably calculated to lead to the discovery of admissible evidence.

3.      All of plaintiff's specific objections are incorporated into each of the specific responses below.

## DUTY TO SUPPLEMENT

Plaintiff acknowledges its ongoing duty to supplement its responses to these interrogatories if and when it obtains additional relevant information.

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO.1

**Identify each Person who has direct knowledge of the facts relating to the allegations in the Complaint and describe all facts about which each Person has knowledge.**

Plaintiff objects to this interrogatory to the extent that it is a premature request for information at the very beginning of discovery in this matter.

Plaintiff further objects on the grounds that this interrogatory is grossly overbroad, ambiguous and unduly burdensome in that it seeks the identity of "each Person" with direct knowledge of  "facts relating to the allegations in the Complaint" including, presumably, current and former employees of defendants, the federal government and other non-parties. Plaintiff objects on the grounds that defendants know, far better than Iowa, which of their current and former employees have most knowledge of the false and misleading pricing practices undergirding the complaint and the defenses to plaintiff's claims.  Defendants also know which of their current and former employees have direct knowledge of the legal requirements, standards and procedures of the Medicaid Program. Defendants also know which of their current and former employees, if any, informed Iowa of the extent of defendants' spreads and secured from Iowa approval for such spreads.  As this information becomes known to Iowa, in the course of discovery, Iowa will supplement its response.  Plaintiff further objects on the grounds that the interrogatory is overbroad insofar as the only entity that is represented in this litigation is the Iowa Medicaid Program.  Plaintiff responds only on behalf of the Iowa Medicaid Program, and other information is equally available to defendants through the discovery and subpoena process.  Plaintiff further objects to this interrogatory on the grounds

that the term "direct knowledge" is ambiguous and overbroad.  Plaintiff further objects to the extent that this information is protected by the attorney-client, attorney work product, legislative, deliberative process, common interest or other applicable privilege.

Subject to and without waiver of the aforesaid objections: the fraud alleged in the Complaint was concealed from plaintiff by defendants and therefore there is no Iowa Medicaid employee with personal knowledge of defendants' fraudulent conduct.  However, the persons within the Iowa Medicaid Program with the most knowledge of the allegations within the complaint are:

- Eileen Creager, Bureau Chief, Iowa Medicaid Program, January 2002 – present; Pharmacy Point of Sale Unit Manager,  July 2004 – present

- Eugene I. Gessow, Director, Department of Human Services, September 2008 – present; Iowa Medicaid Director, June 2003 – September 2008

- Alisa Horn, Assistant to the Medicaid Director, November 2004 – present

- Amit Jain, Core Unit Programmer, July 2005 – present

- Dennis Janssen, Bureau Chief, Iowa Medicaid Program, June 1999 – present

- Joe Marenholz, Pharmacy Consultant for the Iowa Medicaid Program, August 1968 – January 2001

- Susan L. Parker, Pharm.D. Iowa Medicaid Pharmacy Consultant, January 2002 – present

- Amy Perry, Myers and Stauffer, LC, September 1991 – present; Account Manager for Provider Cost Audit and Rate Setting

- Sandra Pranger, R.Ph., Goold Health Systems (GHS) Account Manager, August 2004 – present; ACS State Healthcare 1999 – July 2004

- Robert Schlueter, ACS State Healthcare enrollment supervisor, June 97 to Jun 2005; Provider Services Enrollment Supervisor/Operations Manager, Policy Studies, Inc. Jun, 2005 to Jan, 2009; Provider Services Account Manager, Jan, 2009 to present.

- Martin B. Swartz, State Policy Specialist, Iowa Medicaid Program Manager, 1998 – present

## INTERROGATORY NO.2

**Explain in detail how you calculate prescription drug reimbursement for pharmacy dispensed drugs and identify all reimbursement methodologies that you have ever used or considered using to reimburse for pharmacy dispensed drugs under Iowa Medicaid, including the dates during which each reimbursement methodology was in effect, and, for each reimbursement methodology so identified, the Person(s) most knowledgeable about the methodology.**

Plaintiff objects to this interrogatory on the grounds that it is ambiguous and unduly burdensome and duplicative of many individual interrogatories contained herein. Plaintiff further objects on the grounds that Iowa's Medicaid reimbursement formula is and has been a matter of public record as it is established by the Iowa State Legislature. Plaintiff further objects to the extent the interrogatory seeks information subject to the legislative and deliberative process privilege, given that the process of developing policies, regulations and rules regarding reimbursement of drug purchases is an inherently pre-decisional and policy-based process. Any documents generated, consulted or relied upon in the decision-making process may also be subject to the legislative and deliberative process privileges. Additionally, this process frequently includes requests for legal advice, thus any information may be subject to the attorney-client, work product, or other applicable privilege.

Subject to and without waiver of the aforesaid objections: from 1992 – January 13, 2003, the Medicaid reimbursement rate was the lesser of the EAC (defined as the average wholesale price as published by Medi-Span less 10 percent) plus a dispensing fee; the FUL plus a dispensing fee; or the submitted charge (representing the provider's usual and customary

charge for the drug). From Jan. 13, 2003 until July 25, 2005, the Medicaid reimbursement rate was the lesser of the EAC (defined as the average wholesale price as published by Medi-Span less 10 percent) plus a dispensing fee; the FUL plus a dispensing fee; the SMAC plus a dispensing fee; or the submitted charge (representing the provider's usual and customary charge for the drug). Effective July 25, 2005, the EAC was re-defined as the AWP as published by Medi-Span less 12% plus a dispensing fee. Iowa is not pursuing claims in this litigation related to SMAC reimbursements.

Susan Parker is the Iowa Medicaid Program employee most knowledgeable about Iowa's Medicaid pharmacy reimbursement formula.

**INTERROGATORY NO.3**

**Explain in detail how you calculate prescription drug reimbursement for physician-administered drugs and identify all reimbursement methodologies that you have ever used or considered using to reimburse for physician-administered drugs under Iowa Medicaid, including the dates during which each reimbursement methodology was in effect, and, for each reimbursement methodology so identified, the Person(s) most knowledgeable about the methodology.**

Plaintiff incorporates its objections to Interrogatory No. 2 herein.

Subject to and without waiver of the aforesaid objections: throughout the relevant time period, Iowa's Medicaid reimbursement formula for physician-administered drugs was the lesser of the average wholesale price less 10% or the submitted charge representing the provider's usual and customary charge for the drug. As with all Medicaid reimbursement, rate changes are implemented by the Iowa State Legislature. Martin Swartz is the Iowa Medicaid Program employee most knowledgeable about prescription drug reimbursement for physician-administered drugs.

**INTERROGATORY NO.4**

**Identify each Subject Drug for which you have used pricing that was not based on a formula derived from AWP or WAC and describe the method(s) and corresponding reason(s) for such reimbursement scheme.**

Plaintiff objects to this interrogatory to the extent that it is duplicative of at least Interrogatories No. 2, 3 and 21.  Plaintiff further objects to the extent the Interrogatory seeks information regarding SMACs, which are not relevant to any claim in the complaint as plaintiff is not pursing claims for reimbursement based on the SMAC, nor to any defense stated by defendants. Therefore, inquiries regarding SMAC-based reimbursements are not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent the interrogatory seeks information subject to the legislative and deliberative process privilege, given that the process of developing policies, regulations and rules regarding reimbursement of drug purchases is an inherently pre-decisional and policy-based process.  Any documents generated, consulted or relied upon in the decision-making process may also be subject to the legislative and deliberative process privileges.  Additionally, this process frequently includes requests for legal advice, thus any information may be subject to the attorney-client, work product, or other applicable privilege.

Plaintiff further objects on the grounds that defendants are already in possession of plaintiff's Medicaid claims data that shows the exact reimbursement amount for every drug at issue.  Plaintiff further objects on the grounds that Iowa's reimbursement formula is a matter of public record and defendants know that Iowa Medicaid reimburses, like most states, based on a "lesser of" formula, meaning that if a drug is not reimbursed based on AWP it is reimbursed based on one of the other articulated prices.

Subject to and without waiver of the aforesaid objections: the 2001 Human Services Appropriations Bill (HF 732, Section 31) enacted by the 79th General Assembly required the Iowa Department of Human Services to implement a State Maximum Allowable Cost (SMAC) list for prescription drugs reimbursed by the Medicaid program. The 80th General Assembly passed HF 619 which amended the SMAC program in 2003. These bills are publicly available. Plaintiff will provide a list of the drugs that were subject to the SMAC during the relevant time period.

**INTERROGATORY NO.5**

**Identify your method for ensuring that reimbursement rates established for prescription drugs under Iowa Medicaid estimate the average actual acquisition cost generally and currently paid by providers as required by 42 C.F.R. § 447.512, including but not limited to:**

(a) **The method you currently use, and/or have used historically, for calculating the EAC for each type of prescription drug or aggregate EAC;**

(b) **The date of any change to the method for calculating EAC;**

(c) **The date of any proposed change, whether or not implemented, for calculating EAC;**

(d) **The reasons for implementing or not implementing each proposed change in the method of calculating EAC;**

(e) **The identity of each Person who proposed, recommended, or authorized the changes in the method for calculating EAC; and**

(f) **The identity of the Person(s) most knowledgeable about your methods for calculating EAC and the changes to those methods.**

Plaintiff objects to this interrogatory on the grounds that it is ambiguous, unduly burdensome and duplicative of many individual interrogatories contained herein. Plaintiff further objects on the grounds that the term "method of ensuring" is vague, ambiguous and

overbroad.  Plaintiff further objects to the extent the interrogatory seeks information subject to the legislative and deliberative process privilege, given that the process of developing policies, regulations and rules regarding reimbursement of drug purchases is an inherently pre-decisional and policy-based process.  The identities of all individuals who were involved or consulted in that process, as well as any documents generated, consulted or relied upon in the decision-making process may also be subject to the legislative and deliberative process privileges.  Additionally, this process frequently includes requests for legal advice, thus any information may be subject to the attorney-client, work product, or other applicable privilege.  Plaintiff further objects on the grounds that the reimbursement rate is established by the State Plan which is approved by the federal government.  Plaintiff specifically objects to subparts (a) and (b) on the grounds that the State Plan is a matter of public record and by reading it defendants may easily see what formula was in effect throughout the relevant time period and also when any changes went into effect.  Plaintiff specifically objects to subparts (c) and (d) to the extent that they expressly seek information about proposed changes or recommendations that are subject to the legislative and deliberative process privileges.  Plaintiff specifically objects to subpart (e) on the grounds that changes to the EAC are authorized by the Iowa State Legislature, and any change to the State Plan regarding EAC is initiated by the legislature.  IME prepares information for the legislature to review upon the legislature's request.  The identities of all individuals who were involved or consulted in that process, as well as any documents generated, consulted or relied upon in the decision-making process may also be subject to the legislative and deliberative process privileges.

Subject to and without waiver of the aforesaid objections: plaintiff incorporates by reference here its response to Interrogatories No. 2, 3 and 4 above.  In addition, Susan Parker is

the Iowa Medicaid Program employee most knowledgeable about Iowa Medicaid's pharmacy

reimbursement methods.

## INTERROGATORY NO.6

Identify all Persons currently or formerly employed by you who were involved in any way in the preparation of letters or other correspondence to the federal government representing that your EAC as calculated was the best estimate of the prices that Providers were currently and generally paying for drugs.

Plaintiff objects to this interrogatory on the grounds that the phrase "were involved in

any way" is vague, ambiguous, and overbroad.   Plaintiff objects further to the extent the

interrogatory misrepresents the requirements of 42 C.F.R. § 447.301.   Plaintiff objects further

to the extent it seeks information or documents protected by the legislative, deliberative process,

attorney-client, attorney work product or other applicable privilege.   Plaintiff objects further on

the grounds that the Iowa Medicaid Program does not provide assurance letters to the U.S.

Government representing that the EAC it utilizes is the best estimate of prices that providers are

currently and generally paying for drugs.   Rather, a State Plan Amendment (SPA) discussing

reimbursement methodologies is submitted and SPAs are publicly available.

Subject to and without waiver of the aforesaid objections: Susan Parker is the Iowa

Medicaid Program employee most knowledgeable about Iowa's State Plan submission and any

related correspondence with the Federal Government.

## INTERROGATORY NO.7

Identify all Persons currently or formerly employed by you or serving as a contractor to you with any knowledge of, responsibility for, involvement in, or influence on:

(a)  any claim or allegation asserted in the Complaint;

(b)  the methodology used to determine the amount paid to Providers as reimbursement under Medicaid for pharmacy dispensed and physician-administered drugs, including any proposed changes to this methodology and the criteria used to develop this methodology and any Findings and/or support related thereto;

(c)  the negotiation, drafting, or execution of any contract, memorandum of understanding, or agreement between you and any Provider concerning AWPs or reimbursement for the Subject Drugs;

(d)  the processing of payments for Providers' claims for reimbursement regarding Subject Drugs;

(e)  the adoption, rejection, amendment, calculation, consideration, or negotiation of any State supplemental Medicaid rebate program;

(f)  establishing, considering, determining, calculating, or setting of the dispensing fees or fees for other professional services payable in connection with the supply or administration of Subject Drugs;

(g)  establishing, considering, determining, calculating, or setting of AWP, AMP, MAC, WAC, EAC, Direct Price, FUL, Best Price, usual and customary charge, or other prices, costs, reimbursement rates, or other benchmarks for any Subject Drug;

(h)  communicating with CMS or any other federal agency concerning the reimbursement of providers for prescription drugs under Iowa Medicaid; and

(i)  those portions of each of the Medicaid State Plan(s) concerning prescription drugs; and for each such Person, state the specific information that Person is likely to have.

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the phrase "knowledge of, responsibility for, involvement in, or influence on" is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

14

Plaintiff specifically objects to subpart (a) on the grounds that this interrogatory is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks identification of persons with "any knowledge" concerning "any claim or allegation" and would require Iowa to identify every single person who has ever worked in the Iowa Medicaid Program.  Plaintiff further objects on the grounds that this interrogatory is premature because plaintiff will rely on documents and material request from, but not yet produced by, defendants.   Subject to and without waiver of the aforesaid objections: plaintiff directs defendants to its response to Interrogatory No. 1.

Plaintiff specifically objects to subpart (b) on the grounds that it is overbroad insofar as it is not confined to the subject drugs. Plaintiff further objects on the grounds that it is duplicative of, at least, Interrogatories No. 2, 3, and 5, and plaintiff hereby incorporates its objections to Interrogatories No. 2, 3, and 5.   Plaintiff further objects on the grounds that reimbursement methodology is mandated by the Iowa State Legislature and is therefore a matter of public record.  Plaintiff further objects to the extent that "proposed changes" and criteria used to "develop this methodology" are subject to the legislative and deliberative process privileges. Subject to and without waiver of the aforesaid objections: plaintiff directs defendants to its responses to Interrogatories No. 2, 3, and 5.

Plaintiff specifically objects to subpart (c) on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers.  Subject to and without waiver of the aforesaid objections: plaintiff used the same Provider Agreement throughout the relevant time period, thus there was no "negotiation" or "drafting" of the Agreement during that period. Robert Schleuter is the Iowa Medicaid Program employee most knowledgeable about the execution of Provider Agreements.

Plaintiff specifically objects to subpart (d) on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers.  Plaintiff further objects on the grounds that "processing" is vague and ambiguous. Subject to and without waiver of the aforesaid objections: Sandra Pranger and Amit Jain are the Iowa Medicaid Program employees most knowledgeable about the processing of claims for Medicaid reimbursement.

Plaintiff specifically objects to subpart (e) on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers.  Plaintiff further objects on the grounds that the phrasing "adoption, rejection, amendment, calculation, consideration, or negotiation" is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence given that, among other reasons, plaintiff is not pursuing claims for reimbursement related to the State supplemental Medicaid rebate program, nor is it relevant to any defense stated by defendants.  Therefore, inquiries regarding the State supplemental Medicaid rebate program are not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that this interrogatory seeks information that is equally available to defendants, or is confidential and by agreement cannot be produced by the State.  Plaintiff further objects to extent that the State supplemental Medicaid rebate program was created by State Statute and responsive information is subject to the legislative and deliberative process privilege.

Plaintiff specifically objects to subpart (f) on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers, the drugs at issue in the Iowa AWP litigation or the claims at issue in this case.  Plaintiff further objects on the grounds that the phrase "fees for other professional services payable in connection with the supply or administration of Subject Drugs" is vague, ambiguous, overbroad, unduly burdensome and not

16

reasonably calculated to lead to the discovery of admissible evidence insofar as the "supply and administration" of Subject Drugs is irrelevant to this litigation.  Plaintiff further objects on the grounds that dispensing fees are mandated by the Iowa State Legislature, and to the extent responsive information is subject to the legislative and deliberative process privilege, given that the process of developing policies, regulations and rules regarding reimbursement of drug purchases is an inherently pre-decisional and policy-based process.  The identities of all individuals who were involved or consulted in that process, as well as any documents generated, consulted or relied upon in the decision-making process may also be subject to the legislative and deliberative process privileges.  Additionally, this process frequently includes requests for legal advice, thus certain responsive  information may be subject to the attorney-client, work product, or other applicable privilege.  Plaintiff further objects on the grounds that dispensing fees are irrelevant to this litigation given the federal requirement that Iowa reimburse ingredient cost at EAC and this case alleges manipulation of prices which defendants knew Iowa would use to calculate EAC.  *See* 42 C.F.R. § 447.311 (2006) (reimbursement must be based on "Estimated acquisition costs plus reasonable dispensing fees established by the agency.").

Plaintiff specifically objects to subpart (g) on the grounds that it is overbroad and unduly burdensome in that it requests information that is in defendants' control, as they well know, and beyond the custody and control of plaintiff.  Plaintiff further objects on the grounds that the phrasing "other prices, costs" is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that it is not confined to "Medicaid" reimbursement rates.  Plaintiff further objects to this interrogatory to the extent that it is duplicative of, at least, Interrogatories No. 2, 3, 5 and 12.  Subject to and without waiver of the aforesaid objections: plaintiff responds that AMP and

Best Price are set by defendants, as defendants know; FUL is set by CMS, as defendants know; EAC is set by the Iowa State Legislature as AWP – x%, as defendants know; usual and customary charges are submitted by pharmacy providers, as defendants know; defendants themselves establish the relevant reported AWP and direct prices; and Iowa does not reimburse based on WAC.

Plaintiff specifically objects to subpart (h) on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers nor the subject drugs.  Subject to and without waiver of the aforesaid objections: to the extent that anyone communicated with CMS or any other federal agency concerning the reimbursement of providers for prescription drugs under Iowa Medicaid, Susan Parker is the Iowa Medicaid Program employee who would be most knowledgeable on that subject.

Plaintiff specifically objects to subpart (i) on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers or the subject drugs.  Plaintiff further objects to the extent that this interrogatory seeks information that is subject to the legislative and due process privileges.  Subject to and without waiver of the aforesaid objections: Susan Parker is the Iowa Medicaid Program employee most knowledgeable about the submission of the State Plan.  Alisa Horn is the Iowa Medicaid Program employee most knowledgeable about the administration of the State Plan.

**INTERROGATORY NO.8**

**Identify all Persons currently or formerly employed by you or serving as a contractor to you with any knowledge that, at any time, the reimbursement for a pharmaceutical drug product based on AWP might result in reimbursement to a provider in excess of actual acquisition cost.**

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers or the drugs at issue in the Iowa AWP litigation.   To the extent that the interrogatory seeks the identity of persons who had "knowledge" that a certain consequence "might result", plaintiff objects that it is vague, ambiguous and calls for speculation.  Plaintiff further objects on the grounds that the term "at any time" is overbroad and exceeds the scope of the allegations in the complaint or the discovery permitted.  Plaintiff further objects on the grounds it is not reasonably calculated to lead to the discovery of admissible evidence insofar as any knowledge that plaintiff may or may not have had is irrelevant to this litigation which concerns defendants' obligations to report accurate prices to the pricing compendia for use as the basis for Medicaid reimbursement.  *See Massachusetts v. Mylan Labs., Inc.*, 2008 WL 5650859, at * 25 (D. Mass. Dec. 23, 2008).  Plaintiff further objects to the extent that the interrogatory seeks information subject to the legislative, deliberative process, attorney-client, or other applicable privilege.

Subject to and without waiving the aforesaid objections; Susan Parker or Sandy Pranger are the Iowa Medicaid Program employees who might have had information responsive to this interrogatory.

**INTERROGATORY NO.9**

**Explain in detail, and identify and produce all documents relating to, how and when you first became aware that Providers could obtain prescription drugs at prices that were lower than that prescription drug's published AWP.**

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers or the drugs at issue in the Iowa AWP litigation.  Plaintiff objects on the grounds that the phrase "first became aware" is vague and

ambiguous in reference to an entire state agency.  Plaintiff further objects to the extent that the interrogatory seeks information subject to the legislative, deliberative process, attorney-client, common interest or other applicable privilege.   Plaintiff further objects to the extent the interrogatory calls for a legal conclusion.  Plaintiff further objects on the grounds it is not reasonably calculated to lead to the discovery of admissible evidence for numerous reasons including that  any knowledge that plaintiff may or may not have had is irrelevant to this litigation which concerns defendants' obligations to report accurate prices to the pricing compendia for use as the basis for Medicaid reimbursement. *See Massachusetts v. Mylan Labs., Inc.,* 2008 WL 5650859, at * 25.   Subject to and without waiver of foregoing objections, Plaintiff is producing documents responsive to this interrogatory in response to Request No. 3 of the First Set of Document Requests filed by Barr Laboratories, Inc., Ivax Corporation and Ivax Pharmaceuticals, Inc., Sicor, Inc., and Teva Pharmaceuticals USA, Inc. ("Individual Defendants' Document Requests"), Feb. 27, 2009.

**INTERROGATORY NO. 10**

Set forth all facts and identify and produce all documents created or prepared relating to your decisions:

(a)      to use or continue to use AWP as a basis for reimbursement for prescription drugs under Iowa Medicaid;

(b)      to change, or not change, the discounts off of AWP for reimbursement for prescription drugs under Iowa Medicaid; and

(c)      to change the dispensing fees associated with filling prescriptions for and/or administering prescription drugs under Iowa Medicaid.

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the subject drugs nor relevant Iowa Medicaid Providers.  Plaintiff further objects

on the grounds that the Medicaid reimbursement rate is determined by the Iowa State Legislature, and to the extent the interrogatory seeks information subject to the legislative and deliberative process privilege, given that the process of developing policies, regulations and rules regarding reimbursement of drug purchases is an inherently pre-decisional and policy-based process.  Any documents generated, consulted or relied upon in the decision-making process may also be subject to the legislative and deliberative process privileges.  Additionally, this process frequently includes requests for legal advice, thus any information may be subject to the attorney-client, work product, or other applicable privilege.

Plaintiff specifically objects to subparts (a) and (b) to the extent they imply, contrary to law, that Iowa was somehow obligated to mitigate for defendants' submission of false and misleading prices.  Plaintiff specifically objects to subpart (c) on the grounds that dispensing fees are irrelevant to this litigation given federal requirements to reimburse ingredient cost at EAC.  *See* 42 C.F.R. § 447.311 (2006) (reimbursement must be based on "Estimated acquisition costs plus reasonable dispensing fees established by the agency.").

Subject to and without waiver of the aforesaid objections: plaintiff used AWP to estimate acquisition cost and calculate Medicaid pharmacy reimbursement with the approval of CMS and its predecessor.

Plaintiff is producing documents responsive to this interrogatory in response to Request No. 34 of the Defendants' First Set of Document Requests ("Defendants' Document Requests"), dated Feb. 3, 2009.

## INTERROGATORY NO. 11

**Identify all departments, agencies, boards, commissions, organizations, consultants, accountants, task forces, or any other entity, including the members of such entities, that**

**have reviewed or analyzed, at any time, your reimbursement of or expenditures for prescription drugs or dispensing fees, including but not limited to any State "medical care advisory committee" (42 C.F.R. § 431.12(b)).**

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the subject drugs. Plaintiff further objects on the grounds that this interrogatory is vague, ambiguous, overbroad, unduly burdensome and without reasonable limitation in scope. Plaintiff further objects on the grounds that the phrase "any other entity" is vague, ambiguous, overbroad, unduly burdensome. Plaintiff responds only on behalf of the Iowa Medicaid Program and objects to the extent this interrogatory calls for information not in the possession or control of the Iowa Medicaid Program, and/or is equally accessible to defendants insofar as any such reviews and analyses were performed by third parties and/or are publicly available. Plaintiff further objects on the grounds that the phrase "at any time" is overbroad and exceeds the scope of the allegations in the complaint or the discovery permitted. Plaintiff further objects on the grounds that the Iowa Medicaid Program's "expenditures" for the drugs at issue are a function of the reimbursement formula set by statute and not, by themselves, probative of anything other than what Iowa spent based on that formula. Plaintiff further objects to the extent that this interrogatory seeks information that is subject to the legislative and deliberative process privileges. Plaintiff further objects on the grounds that dispensing fees are irrelevant to this litigation given federal requirements to reimburse ingredient cost at EAC and this case alleges manipulation of prices which defendants knew Iowa would use to calculate EAC. *See* 42 C.F.R. § 447.311 (2006) (reimbursement must be based on "Estimated acquisition costs plus reasonable dispensing fees established by the agency.").

Subject to and without waiver of the aforesaid objections: during the relevant period Iowa retained Myers and Stauffer to engage in a yearly survey of Pharmacy Providers to ascertain

their acquisition costs.  Plaintiff is producing documents pertaining to these surveys in response

to Requests No. 36 and 38 of Defendants' First Set of Document Requests.  Furthermore,

plaintiff has already produced responsive documents in response to Defendants' Open Records

Request of November 3, 2008.

The Pharmaceutical & Therapeutics Committee, the Drug Utilization Review

Commission and the Medical Assistance Advisory Council also may review Medicaid

reimbursement rates.

### MEDICAL ASSISTANCE PHARMACEUTICAL AND THERAPEUTICS COMMITTEE §249A.20A

*Department of Human Services, Hoover State Office Building, Des Moines 50319 (515)725-1226*

| Name | City | Term |
|------|------|------|
| Bradley J. Archer, M.D. | Des Moines | 10/15/03 – 06/30/07 |
| Cheryl Clarke, R.Ph., CDM | West Des Moines | 10/15/03 – 06/30/05 |
| William R. Doucette, Ph.D. | Iowa City | 10/15/03 – 06/30/05 |
| Michael A. Flaum, M.D. | Iowa City | 10/15/03 – 06/30/07 |
| Hayley Harvey, DDS, MS | Des Moines | 10/15/03 – 06/30/09 |
| Gregory Peterson, D.O. | Des Moines | 10/15/03 – 09/14/04 |
| Mary Winegardner, PA-C, MPAS | Clear Lake | 10/15/03 – 06/30/07 |
| Susan Purcell, R.Ph., CGP | Dubuque | 10/28/03 – 06/30/09 |
| Priscilla Ruhe, M.D. | Des Moines | 08/13/04 – 06/30/09 |
| Carole Frier, D.O. | Des Moines | 10/11/04 – 06/30/09 |
| Bruce Alexander, R.Ph., Pharm.D., BCPP | Iowa City | 07/01/05 – 06/30/09 |
| Matthew Osterhaus, R.Ph. | Maquoketa. | 07/01/05 – 06/30/09 |
| Charles Wadle, D.O. | West Des Moines | 07/01/07 – 06/30/09 |
| Dallas Sanders, PA-C | Des Moines | 08/20/07 – 06/30/09 |
| Mary Larew, M.D. | Iowa City | 11/09/07 – 06/30/09 |

Plaintiff will provide a list of the members of the Drug Utilization Review Commission

and the Medical Assistance Advisory Council.

**INTERROGATORY NO. 12**

**If reimbursement, or a proposal for reimbursement, for any Subject Drug was ever based on a percentage adjustment from a benchmark, including but not limited to AWP, WAC, or Direct Price, explain the policy or other reasons for the percentage adjustment, and any Findings regarding the impact of any such adjustments on Medicaid Beneficiaries, including but not limited to, any internal or external assessments, studies, analyses, reviews, plans, reports, or audits conducted by you or on your behalf (whether or not performed at your direction) regarding the possible effect various reimbursement amounts or methodologies could potentially have, or were having, on beneficiary access to prescription drugs or medical treatment, and all Persons who were involved in such internal or external assessments, studies, analyses, reviews, plans, reports, or audits conducted by you or on your behalf (whether or not performed at your direction).**

Plaintiff objects to this interrogatory on the grounds that it is duplicative of at least Interrogatories No. 5(a), 5(d), 7(b), 7(g), 10 and 11. Plaintiff further objects on the grounds that the term "ever" is overbroad and exceeds the scope of the allegations in the complaint or the discovery permitted. Plaintiff further objects on the grounds that the terms "impact", "possible effect" and "involved in" are vague, ambiguous and overbroad and call for speculation. Plaintiff responds only on behalf of the Iowa Medicaid Program and objects to the extent this interrogatory calls for information not in the possession or control of the Iowa Medicaid Program, and/or is equally accessible to defendants insofar as any such assessments, studies, analyses, review, plans, reports, or audits were performed by third parties and not at the direction of the Iowa Medicaid Program and/or are publicly available. Plaintiff further objects to the extent that this interrogatory seeks information subject to the attorney client, attorney work-product or other applicable privilege. Plaintiff further objects on the ground that the Medicaid reimbursement rate is determined by the Iowa State Legislature and to the extent that responsive information is protected by the legislative and deliberative process privileges.

Subject to and without waiver of the aforesaid objections: the Iowa Medicaid Program reimburses at a discounted percentage rate from the reported AWP in an effort to approximate provider EAC, as required by federal regulations.

**INTERROGATORY NO. 13**

State whether, at any time, you made any effort to ascertain any Provider's actual acquisition cost or pharmacists' actual dispensing fees for any of the Subject Drugs, and, if so, describe those efforts in detail, and identify each Person involved in any such effort.

Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous. Plaintiff further objects on the grounds that the term "at any time" is overbroad and exceeds the scope of the allegations in the complaint or the discovery permitted. Plaintiff further objects on the grounds that the phrase "any effort" is vague, ambiguous, overbroad and unduly burdensome. Plaintiff further objects on the grounds that dispensing fees are irrelevant to this litigation given federal requirements to reimburse ingredient cost at EAC and this case alleges manipulation of prices which defendants knew Iowa would use to calculate EAC. *See* 42 C.F.R. § 447.311 (2006) (reimbursement must be based on "Estimated acquisition costs plus reasonable dispensing fees established by the agency."). Subject to and without waiver of the aforesaid objections: Iowa retained Myers and Stauffer in 2001 to engage in a yearly survey of Pharmacy Providers to ascertain their acquisition costs. A survey is sent directly to a random sample of roughly 500 pharmacies selected from all active Medicaid-participating pharmacies. The sample is chosen to reflect the characteristics (such as urban/rural location, chain/independent status) of the entire provider population. The survey requesting drug purchase information for the most recent available month or 30-day period. The SMAC is calculated as a percentage over the average cost of the pharmacists involved in this survey. Amy Perry is the Myers & Stauffer employee most knowledgeable about the SMAC program. Plaintiff is producing documents pertaining to these surveys in response to Requests No. 36 and

38 of Defendants' First Set of Document Requests.  Furthermore, plaintiff has already produced

responsive documents in response to Defendants' Open Records Request of November 3, 2008.


**INTERROGATORY NO. 14**

     **Identify each Provider who received allegedly "inflated" amounts of reimbursement from you on account of any alleged fraud, scheme, misrepresentation, concealment, negligence, or other culpable conduct by any Defendant. For each Provider identified, state whether you have, by action, administrative proceeding, or otherwise, sought to recover alleged overpayments from the Providers who allegedly received excessive amounts of reimbursement as a direct or indirect result of alleged inflated AWPs or WACs, and, if so, identify each such action, proceeding or other recovery effort; and if not, state the basis for your failure to do so.**


     Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is

not confined to the relevant Iowa Medicaid providers or the drugs at issue in the Iowa AWP

litigation.  Plaintiff further objects to the extent the interrogatory seeks information subject to

the common interest or other applicable privilege.  Plaintiff further objects to the extent the

interrogatory calls for a legal conclusion.  Plaintiff further objects on the grounds it is not

reasonably calculated to lead to the discovery of admissible evidence insofar as any action that

plaintiff may or may not have taken is irrelevant to this litigation which concerns defendants'

obligations to report accurate prices to the pricing compendia for use as the basis for Medicaid

reimbursement.  *See Massachusetts v. Mylan Labs., Inc.,* 2008 WL 5650859, at * 25.

Defendants violated this obligation by publishing or causing to be published unfair, false,

misleading and inflated prices.

     Subject to and without waiver of the aforesaid objections: plaintiff has produced Iowa

Medicaid claims data that identifies the providers who dispensed and were reimbursed for the

subject drugs.

**INTERROGATORY NO. 15**

**Identify each Third Party Administrator, fiscal agent, benefits consultant, other consultant, or PBM contacted, considered, retained, or hired by you to perform any services for you concerning prescription drug prices, costs, reimbursement, utilization, or benefits, and describe the activity that Person performed or was considered for, and the period of time during which that Person was contracted, considered, retained, or hired by you.**

Plaintiff objects to this interrogatory on the grounds that the phrase "contacted, considered, retained, or hired by you" is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the phrase "any services" is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the phrase "concerning prescription drug prices, costs, reimbursement, utilization, or benefits" exceeds the scope of the claims in this litigation.

Subject to and without waiver of the aforesaid objections:

-- Unisys: fiscal agent for Iowa Medicaid from 7/1/1988 until 6/30/1997. Unisys provided all fiscal agent services, including processing pharmacy claims and prior authorizations and providing a pharmacy heap desk. It assisted the State in administering all of what are now Iowa Medicaid Enterprises (IME) components, which now include the "Core" data management  unit, Provider Services, Member Services, Revenue Collections, SURS, Medical Services, Pharmacy Medical, Pharmacy POS, Provider Cost Audit & Rate Setting, and the Data Warehouse.

-- Consultec/ACS State Healthcare: fiscal agent for Iowa Medicaid from 7/1/96 – 6/30/2005 following Unisys.  Operations began on 7/1/1997 following the changeover from Unisys, and performed the same functions.

-- Noridian: Noridian is the current Core contractor.  It is responsible for the processing and payment of claims.  It took on this role on 7/1/2004, and operations under that contract began on 6/30/2005.

-- Iowa Foundation for Medical Care (IFMC): starting on 1/1/2005, IFMC provides administrative services for the Pharmaceutical and Therapeutics Committee and their development of the PDL, as well as prior authorization, a help desk, and supplemental rebate negotiation through 8/2008.

-- Goold Health Systems (GHS): GHS has been the Point of Sale (POS) provider for Iowa Medicaid since June 25, 2005.  The POS vendor provides claims processing, pharmacy help desk, and supplemental rebate services.  GHS was also a subcontractor to IFMC for work performed for the Pharmaceutical and Therapeutics Committee.

-- Myers & Stauffer LC (M&S): M&S is responsible for the State Maximum Allowable Cost Rate Settings.  M&S developed the SMAC rates starting on 7/1/2002.  M&S is also the contractor for Provider Cost Audit & Rate Setting (PCA).  The PCA obligations include establishing rates for physicians, nursing facilities and hospitals, among others.


**INTERROGATORY NO. 16**

Identify all assessments, studies, analyses, reviews, or audits conducted regarding the reimbursement of prescription drugs by Iowa Medicaid of which the State was aware prior to filing its Complaint and provide the following information for each such assessment, study, analysis, review or audit:

(a)     the date and title;

(b)     the identity of any authors;

(c)     the employees or agents of the State who received or obtained any such assessment, study, analysis, review, or audit;

(d)     the employees or agents of the State who are most knowledgeable about any such assessment, study, analysis, review, or audit;

(e)     the results, conclusions, or findings of any such assessment, study, analysis, review, or audit; and

(f)     any action taken by the State in response to any such assessment, study, analysis, review, or audit, including but not limited to any change in the reimbursement methodology or amount used by the State for reimbursing the prescription drugs under Iowa Medicaid.

Plaintiff objects on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers or the drugs at issue in the Iowa AWP litigation.  Plaintiff further objects to the extent the interrogatory seeks information from documents in the possession, custody or control of other state agencies or the federal government and which are not in the possession, custody or control of the Iowa Medicaid Program.  Plaintiff further objects to the extent that it seeks information from documents in the possession, custody or control of defendants or is publicly available and thus equally accessible to both parties.  Plaintiff further objects on the grounds that the term "aware" is vague and ambiguous in reference to a state agency.  To the extent the interrogatory seeks the identity of all state employees or agents who received any of the studies, the interrogatory is unduly burdensome and seeks information not relevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as the interrogatory appears to be seeking information about *any* assessments, studies, analyses, reviews, or audits that *any* employee or agent of the

State may have been aware of prior to October, 2007 when this Complaint was filed, regardless of its bearing on the Complaint.  Plaintiff further objects on the grounds that the decision to file this lawsuit was made by the Attorney General in his capacity as attorney for the State of Iowa, and to the extent that information derived from any assessments, studies, analyses, reviews, or audits led to the filing of this lawsuit, this interrogatory seeks information that is subject to the attorney-client and attorney work product privileges.  Plaintiff further objects to the extent the interrogatory seeks information subject to the common interest or other applicable privilege. Plaintiff further objects on the grounds that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence insofar as any action that plaintiff may or may not have taken in response to any assessment is irrelevant to this litigation which concerns defendants' obligations to report accurate prices to the pricing compendia for use as the basis for Medicaid reimbursement.  *See Massachusetts v. Mylan Labs., Inc.,* 2008 WL 5650859, at * 25.

Subject to and without waiving the aforesaid objections: if any such assessments, studies, analyses, reviews, or audits regarding the substance of this interrogatory exist, plaintiff will provide them to defendants to the extent that they are not subject to an applicable privilege.


**INTERROGATORY NO. 17**

**Identify any communications in which you discussed issues surrounding the filing of this lawsuit, including but not limited to:**

    **(a)**    **the date(s) of such communication;**

    **(b)**    **the context of the communication;**

    **(c)**    **the general subject matter of the communication; and**

    **(d)**    **identify all documents relating to such communications.**

Plaintiff objects on the grounds that the decision to file this lawsuit was made by the Attorney General in his capacity as attorney for the State of Iowa, and any such communications concerning the same are protected by the attorney-client, attorney work product, and any other applicable privileges.

## INTERROGATORY NO. 18

**Identify all current and former employees or agents who have testified, provided statements to, or been interviewed by agencies of other states; CMS; NAMFCU; HHS; OIG; DOJ; the GAO; Congress; or any other federal or state institution, agency, department, or office regarding AWP, the pricing of prescription drugs, the methodologies for reimbursing but not limited to:**

    **(a)    the date(s) of the testimony, statement, or interview;**

    **(b)    the context of the testimony, statement, or interview (i.e., deposition, affidavit, etc.);**

    **(c)    the general subject matter of the testimony, statement, or interview; and**

    **(d)    identify all documents relating to such testimony.**

Plaintiff further objects on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers, the drugs at issue in the Iowa AWP litigation or the claims at issue in this case.  Plaintiff further objects on the grounds that the phrase "provided statements to, or been interviewed by" is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds that "the pricing of prescription drugs" and "the methodologies for reimbursing" are vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The scope of the interrogatory, including "any other federal or state institution, agency, department, or office" is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent the interrogatory seeks information or documents protected by the attorney-client, attorney work product, consulting expert, legislative, deliberative process, common interest or other applicable privilege.  Plaintiff further objects on the grounds that the phrase "since the inception of Iowa Medicaid, or the establishment of EAC" is overbroad, unduly burdensome, and goes beyond the time period of the complaint, seeking information not relevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff specifically objects to (d) to the extent that such documents are not in the possession or control of plaintiff.  To the extent that plaintiff can obtain such documents, it will produce them.

Subject to and without waiver of the aforesaid objections: the Medicaid director meets regularly with CMS and Susan Parker has provided statements to the federal government in the context of the State Plan Amendments.  To the extent that this interrogatory seeks information about each and every meeting it is unduly burdensome.  To the extent that other current and former employees have testified or given statements regarding the substance of this interrogatory plaintiff will supplement this response when that information is available.

**INTERROGATORY NO. 19**

**Describe each instance in which you allege the Defendants marketed the spread to Iowa providers.**

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers, the drugs at issue in the Iowa AWP litigation or the claims at issue in this case.  Plaintiff further objects on the grounds that

defendants seek information that defendants already possess. Plaintiff further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that it is unduly burdensome in that the case involves millions of instances in which defendants marketed the spread to Iowa providers, and defendants know, far better than Iowa and particularly given the early stage of discovery, who within each of their companies marketed the spread and when. Plaintiff further objects to the extent the interrogatory seeks information subject to the common interest or other applicable privilege. Plaintiff further objects to the extent the interrogatory calls for a legal conclusion. Plaintiff further objects on the grounds that this interrogatory is a premature request for information at this stage in the proceedings, at the very beginning of discovery, and plaintiff will rely on documents and material it has not yet received from defendants.

Subject to and without waiving the aforesaid objections: each defendant caused to be published AWPs that neither reflected an average nor included relevant discounts such as contract pricing, rebates, administrative fees, free goods and other financial incentives offered by the defendant drug manufacturers. Each defendant manipulated or "marketed" the spreads between these AWPs and the prices at which their subject drugs were available in the marketplace by a variety of techniques, including selling their drugs to providers based on the profit to be made due to the spread between reimbursement of AWP and cost, and secretly offering discounts, rebates or drugs at nominal prices, maintaining and/or raising their AWP while lowering the actual cost. Plaintiff contends that a defendant marketed the spread *each time* it reported, published or caused an AWP to be published while providing discounts, rebates or other incentives that were not incorporated into or reflected in the reported AWP, in violation

of the Office of Inspector General Guidelines.  Plaintiff's ability to respond more thoroughly to this interrogatory is limited by the incomplete production of responsive information from defendants and the fact that responsive information is particularly within the control of defendants.  Plaintiff will supplement this response if and when additional information becomes available.


**INTERROGATORY NO. 20**

**For each Subject Drug, identify why the published AWP was allegedly false and what you contend the AWP should have been throughout the period for which you seek damages.**

Plaintiff objects to this interrogatory to the extent that it is a premature and unreasonable request for information given the early stage of discovery, and plaintiff will rely on documents and material it has not yet received from defendants.  Plaintiff further objects on the grounds that the true cost to acquire the subject drugs is in the possession of defendants, not plaintiffs.  Plaintiff further objects to the extent the interrogatory seeks information subject to the common interest or other applicable privilege.  Plaintiff further objects to the extent the interrogatory calls for a legal conclusion.

Subject to and without waiver of the aforesaid objections: Exhibit B to plaintiff's complaint identifies false and misleading AWPs for each subject drug.  The AWPs therein listed are false and misleading because they were not tethered to the actual average price paid by a Pharmacy Provider for defendant's drugs, as required by federal law.  *See In re Pharm. AWP*, 460 F. Supp. 2d 277, 278 (D. Mass. 2006) ("the Court construes the statutory term according to its plain meaning and holds that AWP means the average price at which wholesalers sell drugs to their customers, including physicians and pharmacies."). These published prices included a

multitude of discounts, in violation of the Office of Inspector General Guidelines.   Once plaintiff is in possession of defendant's transactional data, including all sales, rebate and chargeback files, plaintiff will be able to identify what defendant's true AWPs should have been.   Alternatively, as indicated above, if defendants want a faster answer, they could review their own transactional data files now for this information as defendants cannot reasonably dispute (a) that they do not know the dead net sales price for each of their products at the unit level, and (b) that such information could have been reported to the publishing compendia in lieu of the false DPs, WLPs, WACs, SWPs and AWPs.

## INTERROGATORY NO. 21

**For each generic Subject Drug, identify the period(s) of time during which your reimbursement of that drug was based on the published AWP and not a SMAC or FUL.**

Plaintiff objects to this interrogatory on the grounds that defendants are already in possession of plaintiff's Medicaid claims data that shows the exact reimbursement amount for every drug.   To the extent this interrogatory requires plaintiff to create a summary of the reimbursement for each generic subject drug at issue in this litigation, it is unduly burdensome. Plaintiff further objects on the grounds that defendants are aware of when drugs were subject to the FUL and plaintiff is providing defendants with a historic SMAC list, thus all other reimbursement was based on the published AWP.

## INTERROGATORY NO. 22

**Except for communication by counsel in connection with this lawsuit, identify each instance of conversation, correspondence or other communications between you and any Defendant concerning drug pricing by date, subject matter and persons involved, and identify all documents concerning such communications.**

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers, the drugs at issue in the Iowa AWP litigation or the claims at issue in this case.  To the extent that the interrogatory does not specify a time period, it is overbroad and unduly burdensome.  Plaintiff further objects on the grounds that the term "drug pricing" is vague, ambiguous, overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds that defendants seek information that is already in their possession.  Plaintiff further objects to the extent this interrogatory seeks information that is subject to the legislative, deliberative process, common interest or other applicable privilege.

Subject to and without waiver of the aforesaid objections: plaintiff is producing documents responsive to this interrogatory in response to Request No. 43 of Defendants' Document Requests and Request No. 2 of the Individual Defendants' Document Requests.

**INTERROGATORY NO. 23**

**Identify by author, recipient, date, form and content each representation made by any Defendant that you claim to be false, and for each such representation, describe with particularity how you relied upon it.**

Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome in that the case involves millions of false representations and defendants are already in possession of all of them, insofar as defendants control the published AWP and other published prices for their drugs. Defendants know, far better than Iowa and particularly given the early stage of discovery, who within each of their companies set and reported the false prices throughout the entire relevant time period.  Plaintiff further objects to the extent the interrogatory seeks

36

information subject to the common interest or other applicable privilege. Plaintiff further objects to the extent the interrogatory calls for a legal conclusion.

Subject to and without waiver of the aforesaid objections: contrary their legal obligations, defendants caused prices to be published in the pricing compendia, such as First DataBank, Medi-Span and Redbook, that were unfair, false, misleading and inflated. Defendants reported these unfair, false, misleading and inflated prices from at least 1992 to the present. Plaintiff contends that *each time* defendants caused an unfair, false, misleading and inflated AWP to be published they made a false representation, and *each time* the AWP was used for reimbursement was a violation. Defendants made these representations knowing that Iowa Medicaid calculated reimbursements to relevant providers based upon the reported AWPs and that Iowa was using the published prices to estimate providers' acquisition costs as required by federal law. Defendants cannot argue that they were not aware of Iowa's Medicaid reimbursement formula as they were obligated by law to be aware of it. *See Massachusetts v. Mylan Labs., Inc.*, 2008 WL 5650859, at * 25 ("Furthermore, having entered into the rebate agreements, the defendants were required, as a matter of law, to familiarize themselves with the legal requirements, standards and procedures of the Medicaid program. These include the procedures and legal requirements applicable to reimbursements.") (internal citations omitted).

Furthermore, defendants are improperly attempting to shift the burden on plaintiff. Defendants had a legal obligation to publish or cause to be published true and accurate prices upon which they knew plaintiff would rely (*see id.*), and it should not have been plaintiff's burden to evaluate the accuracy of the published prices.

Plaintiff will respond further to this interrogatory once the necessary discovery is completed.

## INTERROGATORY NO. 24

**Identify all departments and agencies of the State of Iowa that have purchased and/or provided reimbursement for prescription drugs.**

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers, the drugs at issue in the Iowa AWP litigation, reimbursements of Iowa Medicaid or the claims at issue in this case.  Plaintiff objects further on the grounds that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds that the interrogatory is overbroad insofar as the only entity that is represented in this litigation is the Iowa Medicaid Program.  Plaintiff responds only on behalf of the Iowa Medicaid Program, and the identity of other agencies or departments that might have purchased or reimbursed providers for drugs is equally available to defendants through the discovery and subpoena process.  Plaintiff further objects on the grounds that the interrogatory is not properly confined to the State of Iowa's Medicaid reimbursement obligations as mandated by Iowa State statute and defendants' obligations to report accurate prices to the pricing compendia for use as the basis for Medicaid reimbursement.  Plaintiff further objects on the grounds that knowledge of one agency cannot be imputed to another, independent agency.  *See Massachusetts v. Mylan Labs., Inc.*, 2008 WL 5650859, at * 20 ("With the exception of certain circumstances not applicable here, a truly independent ... agency should not be charged with knowledge of what another is doing simply because both are components of the same ... government.") (internal citations omitted).  If independent agencies have no duty to report prices to each other, then even if one agency *is* aware of another agency's prices, which plaintiff is not admitting, it is not relevant.  *See id.* ("[The other agencies] had no duty to transmit this knowledge to DHCFP

[Massachusetts' Medicaid program].  DHCFP was a separate agency, and thus even were the knowledge of [the other agencies] sufficient to mount a government knowledge defense (which it is not), their knowledge will not be imputed to the Commonwealth.").  This interrogatory therefore seeks information that is not relevant to the claims at issue and is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 25**

Describe in detail each category of damages for which you seek recovery from each Defendant in this action, including (i) the amount of damages; (ii) the methodology used in calculating or deriving that amount; and (iii) the facts or documents upon which you rely to support your claims as to the nature and extent of each category of damages.

Plaintiff objects on the grounds that this interrogatory is duplicative of Document Request No. 22 in the Individual Defendants' Document Requests.  Plaintiff stated in its responses to those requests, and reiterates here, that initial responsive information has already been provided in the State of Iowa's Initial Rule 26 Disclosures, dated Feb. 27, 2009.

Dated: April 28, 2009

                           Respectfully submitted,

                           TOM MILLER
                           ATTORNEY GENERAL FOR
                           THE STATE OF IOWA

By:     /s/ Joanne M. Cicala
            Joanne M. Cicala (JC 5032)
            Jocelyn R. Normand (JN 0651)

            KIRBY McINERNEY LLP
            Special Counsel to the State of Iowa
            825 Third Avenue, 16th Floor
            New York, New York 10022
            (212) 371-6600

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on the 28th day of April, 2009, she caused a true and correct copy of the State of Iowa's Objections and Responses to Defendants First Set of Interrogatories to the State of Iowa to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

/s/ Jocelyn R. Normand
Jocelyn R. Normand
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 371-6600

# EXHIBIT C

EXHIBIT
C.1

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

**HAND DELIVERY**

November 24, 2008

Michael Slattery, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036

> Re:   *The State of Iowa v. Abbott Laboratories et al.*, MDL No. 1456
> Iowa Medicaid Pharmacy Claims Data

Dear Michael,

Enclosed please find a hard drive containing a true and complete copy of Medicaid pharmacy claims data produced to us by the Iowa Medicaid Enterprise bearing the bates number Iowa-AWP-000001. The drive includes two files, "AWP_Claim_Header_Claims" and "AWP_Pharmacy_Claims". As discussed, this data is Highly Confidential and is being produced to you in light of your firm's agreement that it, and all who review the data contained herein, will abide by Judge' Saris' "Stipulated Protective Order Governing Confidential Health Information," (Docket No. 865), dated June 4, 2004.

Best regards,

Jocelyn R. Normand

Encl.

cc:    Joanne M. Cicala, Esq. (w/o encl.)
All Counsel of Record on Lexis Nexis File and Serve (w/o encl.)

NEW YORK          TEXAS

# EXHIBIT
# C.2

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

VIA EMAIL, HAND DELIVERY AND LNFS

December 29, 2008

Mr. Shamir Patel, Esq.
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006-5403

Re:   ***The State of Iowa v. Abbott Laboratories et al.,*** **MDL No. 1456**
**Second Production Iowa Medicaid Pharmacy Claims Data**

Dear Shamir,

As stated in our letter of Dec. 19, 2008, neither we nor our experts experienced any difficulty working with or uploading the Iowa claims data copied from the IME source file. Nevertheless, as defendants apparently encountered some sort of difficulty uploading the data produced on Nov. 24, 2008, we are now providing you another copy of it (bearing the bates number Iowa-AWP-000001 HIGHLY CONFIDENTIAL). Please advise immediately if you encounter any problems whatsoever with this copy.

We remind you that the Iowa claims data includes highly confidential information, including information protected by HIPAA. We appreciate your repeated acknowledgement that you, your firm and all who work with or review the enclosed data are bound by the operative HIPAA and other protective orders in MDL 1456 including but not limited to Judge Saris's Protective Order of June 8, 2004.

Best,

Jocelyn R. Normand

Encl.

cc:    Joanne M. Cicala, Esq. (w/o encl.)
       All counsel of record via LNFS (w/o encl.)

NEW YORK          TEXAS

EXHIBIT
C.3

KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

January 13, 2009

**VIA EMAIL AND OVERNIGHT MAIL**

Ms. Tina D. Reynolds, Esq.
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006

> RE:  *The State of Iowa v. Abbott Laboratories et al.*, MDL No. 1456
> Iowa Medicaid Pharmacy Claims Data

Dear Tina,

Enclosed please find the first installment of documents responsive to your November 3, 2008
Open Records request (Iowa-AWP-000000004 through Iowa-AWP-000001858). Plaintiff is
making this production on a rolling basis and will provide additional responsive materials shortly
consistent with our prior correspondence.

Best,

Jocelyn R. Normand

encl.

cc:   Joanne M. Cicala, Esq. (w/o encl.)
      Brad Horn, Esq. (w/o encl.)

NEW YORK          TEXAS

# EXHIBIT
# C.4

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

January 20, 2009

**VIA EMAIL AND OVERNIGHT MAIL**

Ms. Tina D. Reynolds, Esq.
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006

   RE: *The State of Iowa v. Abbott Laboratories et al.*, MDL No. 1456

Dear Tina,

Enclosed please find the second installment of documents responsive to your November 3, 2008 Open Records request (Iowa-AWP-000001859 through Iowa-AWP-000003754). Plaintiff is making this production on a rolling basis and will provide additional responsive materials shortly consistent with our prior correspondence.

Best,

Jocelyn R. Normand

encl.

cc: Joanne M. Cicala, Esq. (w/o encl.)
  Brad Horn, Esq. (w/o encl.)

# EXHIBIT
# C.5

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

January 23, 2009

**VIA EMAIL AND OVERNIGHT MAIL**

Ms. Tina D. Reynolds, Esq.
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006

RE:     *The State of Iowa v. Abbott Laboratories et al.*, MDL No. 1456

Dear Tina,

Enclosed please find the third installment of documents responsive to your November 3, 2008
Open Records request (Iowa-AWP-000003755 through Iowa-AWP-000006627). We also
enclose 13 pages (bates numbers below) that were inadvertently left out of the second production
of Jan. 20, 2009. As before, plaintiff is making this production on a rolling basis and will
provide additional responsive materials shortly consistent with our prior correspondence.

Best,

Jocelyn R. Normand

encl.

cc:     Joanne M. Cicala, Esq. (w/o encl.)
        Brad Horn, Esq. (w/o encl.)

NEW YORK          TEXAS

**Enclosed pages inadvertently omitted from the second document production:**

Iowa-AWP-000002783
Iowa-AWP-000002872
Iowa-AWP-000002873
Iowa-AWP-000002874
Iowa-AWP-000003010
Iowa-AWP-000003011
Iowa-AWP-000003012
Iowa-AWP-000003013
Iowa-AWP-000003048
Iowa-AWP-000003054
Iowa-AWP-000003127
Iowa-AWP-000003165
Iowa-AWP-000003203

# EXHIBIT
# C.6

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

February 19, 2009

**VIA EMAIL AND OVERNIGHT MAIL**

Tina D. Reynolds, Esq.
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006

      RE:    *The State of Iowa v. Abbott Laboratories et al.*, MDL No. 1456

Dear Tina,

      Enclosed please find the fourth installment of documents responsive to your November 3, 2008 Open Records request (Iowa-AWP-000006628 through Iowa-AWP-000006994).  The production also includes four CDs, one containing historic revisions to the prescribed drug provider manuals (Iowa-AWP-000006995) and three containing the minutes and associated materials of the Iowa Council on Human Services from 1992-2005 (Iowa-AWP-000006996 – Iowa-AWP-000006998).  These documents are responsive to the following Open Records requests: 1-4, 8-11, 17, 21, 23.  These documents may also be responsive to additional Open Records requests.

      As we have discussed, this is the final production of documents Iowa is making pursuant to the Open Records request.  Any further production will be made pursuant to the Federal Rules. We will provide a privilege log for this production (Iowa-AWP-000000001 - Iowa-AWP-000006998) by Feb. 27, 2009.

Best,

Jocelyn R. Normand

encl.

cc:    Joanne M. Cicala, Esq. (w/o encl.)
       Brad Horn, Esq. (w/o encl.)

# EXHIBIT
# C.7

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

April 15, 2009

**VIA FEDEX AND EMAIL**

Ms. Elizabeth Houghton
Davis Polk & Wardwell
450 Lexington Avenue
Room 3045-D
New York, NY 10017

> Re:  *In re Pharmaceutical Industry Average Wholesale Price Litigation*
> *The State of Iowa v. Abbott Laboratories, et al.*, MDL No. 1456 (D. Mass.)

Dear Ms. Houghton:

Enclosed please find five CDs containing documents in response to Defendants First Set of Document Requests, dated February 3, 2009, bearing the bates range Iowa-AWP-024774 through Iowa-AWP-038123 Confidential.

Best Regards,

Jocelyn R. Normand

cc:  Kimberley D. Harris, Esq. (w/o encl.)
    Joanne M. Cicala, Esq. (w/o encl.)

NEW YORK        TEXAS

EXHIBIT
C.8

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

April 29, 2009

**VIA HAND DELIVERY AND LNFS**

Kristi T. Prinzo, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

> Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*
> *The State of Iowa v. Abbott Laboratories, et al.*, MDL No. 1456 (D. Mass.)

Dear Ms. Prinzo:

Enclosed please find 14 CDs containing documents bearing the bates range Iowa-AWP-038124 through Iowa-AWP-078480 Confidential in response to:

- Defendants First Set of Document Requests to the State of Iowa, dated February 3, 2009
- Defendant Barr Laboratories, Inc.'s First Set of Requests For Production to Plaintiff, the State of Iowa, dated February 27, 2009
- Defendants Ivax Corporation and Ivax Pharmaceuticals, Inc.'s First Set of Requests For Production to Plaintiff, the State of Iowa, dated February 27, 2009
- Defendant Sicor, Inc.'s First Set of Requests For Production to Plaintiff, the State of Iowa, dated February 27, 2009
- Defendant Teva Pharmaceuticals USA, Inc.'s First Set of Requests For Production to Plaintiff, the State of Iowa, dated February 27, 2009
- Defendants' First Set of Interrogatories to the State of Iowa, dated February 3, 2009
- Defendant Barr Laboratories, Inc.'s First Set of Interrogatories to Plaintiff, the State of Iowa, dated February 27, 2009
- Defendants Ivax Corporation and Ivax Pharmaceuticals, Inc.'s First Set of Interrogatories to Plaintiff, the State of Iowa, dated February 27, 2009
- Defendant Sicor, Inc.'s First Set of Interrogatories to Plaintiff, the State of Iowa, dated February 27, 2009
- Defendants Teva Pharmaceuticals USA, Inc. and Novopharm USA, Inc.'s First Set of Interrogatories to Plaintiff, the State of Iowa, dated February 27, 2009

**KIRBY McINERNEY LLP**

As we told defendants in our December 10, 2008 letter to Willard L. Boyd III, Esq. and Tina D. Reynolds, Esq., plaintiff also has made available for review in Des Moines a cache of more than 1,000 boxes of documents gathered from the former Iowa Medicaid fiscal agent Affiliated Computer Systems (ACS). In addition, Iowa has available for review in Des Moines documents pertaining to Administrative Rules and State Plan Amendments. Please give us at least one week's notice regarding when you like to review these materials so that appropriate arrangements can be made.

Best Regards,

Jocelyn R. Normand

cc:   Joanne M. Cicala, Esq. (w/o encl.)
      All Counsel of Record via LNFS (w/o encl)

# EXHIBIT
# C.9

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

**VIA FEDEX, EMAIL & LNFS**

October 16, 2009

Jason R. Parish, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC   20005-5793

                Re:     Iowa Supplemental Production

Dear Jason:

         Consistent with our meet and confers, enclosed please find (1) a disk (Bates range IOWA-AWP-2-000001 to 011550 and 027051 to 027065) containing a supplemental production from the State of Iowa and; (2) Iowa's privilege log.

                               Very truly yours,

                               Jocelyn R. Normand

Encl.
cc:     Joanne M. Cicala, Esq.
        All counsel of record on LNFS (w/o encl.)

# EXHIBIT
# C.10

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

**VIA EMAIL AND FEDEX**

January 15, 2010

Nathan Cohen, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

RE:   *State of Iowa v. Abbott Laboratories, et al.*, MDL No. 1456 (D. Mass.)
Document Production

Dear Nathan,

Enclosed please find one CD of documents entitled "Iowa-AWP-2-011551 –
Iowa-AWP-2-027050" and dated January 14, 2010.

Sincerely,

Jocelyn R. Normand

encl.

cc:   Joanne M. Cicala,  Esq. (via email to jcicala@kmllp.com) (w/o encl.)
James P. Ellison, Esq. (via email to jellison@hpm.com) (w/o encl.)
Jason R. Parish, Esq. (via email to jparish@kirkland.com) (w/o encl.)

NEW YORK          TEXAS

# EXHIBIT
# C.11

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

**VIA Fedex, E-Mail and LNFS**

February 5, 2010

James P. Ellison, Esq.
Hyman, Phelps & McNamara, P.S.
700 Thirteenth St., N.W.
Suite 1200
Washington, DC  20005-5929

        RE:    *State of Iowa v. Abbott Labs. et al.*

Dear J.P.,

    This letter follows your letter of February 4, 2010 and our two prior meet and confers.

(1)    Enclosed are the documents we had previously withheld.  As discussed, the last page of the document bearing the bates range Iowa-AWP-2-008971 – 008983 has been redacted to protect defendant confidentiality as it contains rebate data from Wyeth Ayerst.  We are producing the document bearing the bates number Iowa-AWP-2-009341 – 009343 because it has already been produced in other litigation.  In doing so, however, we waive no rights to object to its use in trial based on any applicable privilege.

(2)    Supplementing our response to defendants' first set of requests for production and interrogatories, the following additional people have knowledge of Iowa Medicaid:

    a.  Cathy Anderson
       Chief Director Public Policy
       5/3/1999 through 1/2/2003

    b.  Kevin Concannon
       Director of DHS
       3/28/2003 through 7/31/2008

    c.  Dennis Headlee
       Medical Services Division Administrator
       2/14/2000 through 8/2/2001

NEW YORK        TEXAS

KIRBY McINERNEY LLP

James P. Ellison, Esq.
February 5, 2010
Page 2

        d.  Don Herman
            Medical Services Division Administrator
            9/16/1971 through 12/31/1999

        e.  Charles M. Palmer
            Director of DHS
            1/15/1979 through 9/28/1999

        f.  Jesse K. Rasmussen
            Director of DHS
            4/5/1999 through 1/2/2003

(3)     The "per unit drug cost" can be calculated as follows:
        Reimbursement amount = (total drug cost) + (dispensing fee) - (total-copay paid by
        recipient, if any) - (applied-tpl-amount, if any).  Based on this, one can obtain the
        "total drug cost" for any claim, and then dividing that cost from the "total drug units"
        should give the "per unit drug cost".

                     Very truly yours,

                     Jocelyn R. Normand

encl.

cc:    Joanne M. Cicala, Esq. (w/o encl.)
       Jason R. Parish, Esq. (w/o encl.)
       Nathan Cohen, Esq. (w/o encl.)
       All counsel of record

EXHIBIT
C.12

# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600

Fax. 212.751.2540
WWW.KMLLP.COM

**Via FEDEX and LNFS**

February 12, 2010

James P. Ellison, Esq.
Hyman, Phelps & McNamara, P.C.
700 Thirteenth St., N.W.
Suite 1200
Washington, DC  20005-5929

RE:     *State of Iowa v. Abbott Labs. et al*, MDL 1456
            Supplemental Document Production

Dear J.P.,

As per our meet and confers, enclosed please find a CD of Iowa's supplemental document production bearing the bates range Iowa-AWP-081036 – Iowa-AWP-089572.  Any gap in sequential bates numbers is intentional.

Best regards,

/s/ Jocelyn R. Normand

Jocelyn R. Normand

cc:     Joanne M. Cicala, Esq.
            All counsel of record

NEW YORK            TEXAS

EXHIBIT
D



27594855

Oct 16 2009
1:42PM

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) |
| The State Of Iowa | ) MDL NO. 1456 |
| | ) Civil Action No. 01-12257-PBS |
| v. | ) Sub-Category Case No. 07-12141-PBS |
| | ) |
| Abbott Laboratories, Inc., *et al.* | ) |
| | ) Judge Patti B. Saris |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## STATE OF IOWA'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES

Pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts and the Iowa case management order, following a meet and confer with Joint Defendants' counsel on September 18, 2009, memorialized by letters on September 25, 2009 and September 30, 2009, plaintiff the State of Iowa (hereinafter "plaintiff" or "Iowa") hereby supplements its responses to certain of Defendants' First Set of Requests for Production and Interrogatories. The State's original responses were served on March 5, 2009. Responses to Requests for Production and Interrogatories which are not being supplemented at this time are not repeated here.

## GENERAL AND SPECIFIC OBJECTIONS

Iowa adopts and incorporates the General and Specific Objections set forth in its previous responses to Defendants' First Set of Requests for Production and Interrogatories as if set forth fully here.

## SUPPLEMENTAL RESPONSES IN GENERAL

Plaintiff is re-evaluating certain of its privilege-based objections to defendants' requests for production and supplementing its production accordingly.

Subject to and without waiver of any general or specific objections, Plaintiff agrees to produce responsive and non-privileged materials concerning Iowa Medicaid whether or not such materials are related to drugs at issue and relevant Medicaid providers.

## SUPPLEMENTAL RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

**REQUEST FOR P RODUCTION NO. 5**

**Any report prepared for or by the Iowa General Assembly evaluating the IME, including, but not limited to any evaluations of the IME's drug reimbursement policies.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff will investigate whether there are documents responsive to this request that are not publicly available and not privileged  and will produce such documents to the extent they exist and have not already been produced.

**REQUEST FOR P RODUCTION NO. 24**

**All documents created, maintained, or received by you under 42 U.S.C. § 1396a (a) (30), 42 U.S.C. § 1396a (a) (54), 42 C.F.R. 447.201 *et seq.*, or 42 C.F.R. 447.502 *et seq.***

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: (1) plaintiff will produce non-public, responsive non-privileged correspondence between HCFA/CMS and the State from 1992-2005 to the extent it exists and has not already been produced; (2) plaintiff already has made available to defendants responsive materials relating to the Iowa State Plan; (3) plaintiff will produce non-public, responsive non-privileged documents relating to AMPs and FULs from 1992-2005 to the extent they exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 26**

**All documents concerning reimbursement for pharmaceutical ingredient costs as means of subsidizing other medical services, procedures, costs, or equipment, or as a means of ensuring equal access to care for Medicaid beneficiaries under 42 U.S.C. §1396(a)(30).**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff agrees to produce non-public, responsive non-privileged documents from 1992-2005 to the extent they exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 38**

**All documents relating to the establishment and administration of Iowa's MAC program ("SMAC" program), including all invoices received from providers used in creating the SMAC program.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff has already produced to defendants invoices received from providers used in creating the SMAC program.  Plaintiff will produce a SMAC list from the date of inception of the program through the end of the relevant time period, January 13, 2003 – December 31, 2005.  Plaintiff will produce non-public, responsive non-privileged documents

relating to the establishment of the SMAC program to the extent they exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 39**

All documents constituting or concerning communications among or between members of APHSA, NASMD, the National Association of Attorneys General, MMCAP, NAMFCU, and/or any other multi-state public health association or organization concerning:

      (a)      the use of AWP as a basis for reimbursement by Iowa Medicaid;

      (b)      how AWP is determined or calculated by Iowa Medicaid; and

      (c)      the use of some benchmark or figure other than AWP as a basis for reimbursement by Iowa Medicaid.

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff agrees to produce non-public, responsive non-privileged documents from 1992-2005 to the extent they exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 43**

All documents concerning any communication or negotiation between you (or any individual or entity acting on your behalf), and any Defendant concerning reimbursement, pricing, costs or discounts of prescription drugs.

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff agrees to produce non-public, responsive non-privileged documents from 1992-2005 between defendants and Iowa Medicaid to the extent they exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 45**

All documents relating to HCFA's decision in 1998 to disapprove Medicaid State Plans that base reimbursement for prescription drugs on undiscounted AWP.

4

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff agrees to produce non-public, responsive non-privileged documents to the extent they exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 46**

**All documents concerning the revised AWP process provided by the United State Department of Justice and NAMFCU in 2000, including but not limited to documents concerning your decision to use or not to use the revised AWP prices in reimbursing for prescription drugs.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff agrees to produce non-public, responsive non-privileged documents to the extent they exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 50**

**All documents concerning any proceedings, including but not limited to lawsuits, administrative, or legislative proceedings, or criminal or civil investigations, in which your employees or agents have testified, provided statements, or been interviewed concerning the pricing or reimbursement of prescription drugs, or access to care.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff agrees to produce non-public, responsive non-privileged documents from 1992-2005 concerning Iowa Medicaid to the extent they exist and have not already been produced.

**SUPPLEMENTAL RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO.7**

**Identify all Persons currently or formerly employed by you or serving as a contractor to you with any knowledge of, responsibility for, involvement in, or influence on:**

  **(f)**  **establishing, considering, determining, calculating, or setting of the dispensing fees or fees for other professional services payable in connection with the supply or administration of Subject Drugs;**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows. Dispensing fees are mandated by the Iowa State Legislature. Plaintiff has made State Plan materials available to defendants.  As previously expressed, Susan Parker is the Iowa Medicaid Program employee most knowledgeable about the submission of the State Plan, and Alisa Horn is the Iowa Medicaid Program employee most knowledgeable about the administration of the State Plan.

**INTERROGATORY NO. 10**

  **Set forth all facts and identify and produce all documents created or prepared relating to your decisions:**

  **(c)**  **to change the dispensing fees associated with filling prescriptions for and/or administering prescription drugs under Iowa Medicaid.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff agrees to produce non-public, responsive non-privileged documents relating to Iowa Medicaid's decision "to change the dispensing fees associated with filling prescriptions for and/or administering prescription drugs under Iowa Medicaid" from 1992-2005 to the extent they exist and have not already been produced.

**INTERROGATORY NO. 11**

  **Identify all departments, agencies, boards, commissions, organizations, consultants, accountants, task forces, or any other entity, including the members of such entities, that have reviewed or analyzed, at any time, your reimbursement of or expenditures for prescription drugs or dispensing fees, including but not limited to any State "medical care advisory committee" (42 C.F.R. § 431.12(b)).**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff has made available materials from Iowa Medicaid's fiscal agents from 1992-2005 which reviewed or analyzed "reimbursement of or expenditures for … dispensing fees."

Further supplementing its prior response, the Drug Utilization Review Commission (hereinafter "DUR Commission") and the Medical Assistance Advisory Council (hereinafter "MAAC") also may review Medicaid reimbursement rates. A list of MAAC members for 1992 through 1997 and 2005 is attached hereto as Appendix A.   In addition, a list of DUR Commission members from the fall of 1992 through 2009 is attached hereto as Appendix B. Plaintiff continues to investigate whether there are additional non-public, responsive non-privileged documents that identify members of the DUR Commission and the MAAC who "have reviewed or analyzed ... [Iowa's] reimbursement of or expenditures for prescription drugs or dispensing fees" from 1992-2005 and will produce such documents to the extent they exist and have not already been produced.

**INTERROGATORY NO. 24**

**Identify all departments and agencies of the State of Iowa that have purchased and/or provided reimbursement for prescription drugs.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: the following departments and agencies of the State of Iowa have purchased and/or provided reimbursement for prescription drugs:

      a.   Department of Human Services;

      b.   Department of Public Health;

      c.   Department of Corrections;

    d.   Iowa Veterans Home;

    e.   Iowa State University; and

    f.   University of Iowa.


Dated: October 16, 2009

                      Respectfully submitted,

                      TOM MILLER
                      ATTORNEY GENERAL FOR
                      THE STATE OF IOWA

By:    /s/ Joanne M. Cicala
                      Joanne M. Cicala (JC 5032)
                      Jocelyn R. Normand (JN 0651)

                      KIRBY McINERNEY LLP
                      Special Counsel to the State of Iowa
                      825 Third Avenue, 16th Floor
                      New York, New York 10022
                      (212) 371-6600

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 16th day of October, 2009, she
caused a true and correct copy of the State of Iowa's Supplemental [Objections and] Responses
to Defendants' First Set of Requests for Production and Interrogatories to be delivered to counsel
of record for defendants by electronic service pursuant to Case Management Order No. 2 entered
by the Honorable Patti B. Saris in MDL No. 1456.

/s/ Kathryn B. Allen
Kathryn B. Allen
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 371-6600