# EXHIBIT
# A



24083696

Mar  5 2009
9:29PM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| The State Of Iowa | ) ) MDL NO. 1456 ) Civil Action No. 01-12257-PBS |
| v. | ) ) |
| Abbott Laboratories, Inc., *et al.* | ) Judge Patti B. Saris ) ) ) ) ) ) |

**STATE OF IOWA'S OBJECTIONS AND RESPONSES TO**
**DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS**

        Pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts and the relevant case management order, plaintiff The State of Iowa (hereinafter "Plaintiff" or "Iowa") responds as follows to Defendants' First Set of Document Requests to the State of Iowa.

**GENERAL OBJECTIONS**

        1.      Plaintiff objects to the "definitions" and "instructions" to the extent they are vague, confusing and ambiguous.

        2.      Plaintiff objects to the "definitions and "instructions" to the extent they seek to create obligations broader than what is required by the Federal Rules of Civil Procedure, the Local Rules of the Transferor Court and/or the local rules of this Court.

3.     Plaintiff objects to the document requests to the extent they seek information subject to the attorney-client privilege, the work product doctrine, the deliberative process privilege, the legislative privilege, or any other applicable evidentiary or other privilege, immunity or restriction.  Plaintiff's production of any document or response is without waiver of any privilege, claim of confidentiality or other objection.

4.     Plaintiff objects to the document requests to the extent they seek documents and information that defendants already have obtained or could obtain from third-parties on the grounds that production would be unduly burdensome, duplicative and expensive.

5.     Plaintiff reserves all objections or other positions it may have to the competency, relevance, materiality, privilege or admissibility of any documents produced in response to the requests, or any and all other objections on grounds that would require the exclusion of any statement or information contained herein if the introduction of such evidence was sought at the time of trial, all of which objections and grounds are reserved and may be interposed at time of trial.  The fact that plaintiff has responded to any part or all of any particular request is not intended to and shall not be construed to be a waiver by plaintiff of any objection to the relevance or admissibility of any evidence in this or any other action.

6.     Plaintiff objects to each document request individually, and taken as a whole, to the extent that they are overly broad and unduly burdensome, and are designed to harass plaintiff and/or to deter the assertion of claims by plaintiff.

7.     Plaintiff objects to each document request to the extent that it seeks facts known to plaintiff's counsel rather than plaintiff.  Such facts obtained by counsel through their investigation constitute privileged attorney work-product.

8.      Plaintiff objects to each document request to the extent that it calls for production of information readily available to defendants from public or other sources that are more convenient, less burdensome or less expensive than recourse to plaintiff.

9.      In providing responses to each document request, plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

a)      All objections as to the competency, relevancy, materiality and admissibility of each document request, the responses and their subject matter;

b)      All objections as to the vagueness, ambiguity or other infirmity in each document request and any objections based on the undue burden imposed by the document request;

c)      All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

d)      All rights to object on any ground to any further document request or other discovery requests involving or related to the subject matter of the document request;

e)      The right to supplement responses to the document requests prior to trial;

f)      Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts, the Local Rules of the Transferor Court and other statutes or the common law;

10.     Plaintiff's responses are based upon, and therefore limited by, plaintiff's present recollections.  Consequently, plaintiff reserves the right to make any changes in these responses if it appears that at any time, inadvertent errors or omissions have been made or additional information becomes available.

11.     Subject to and without waiving its objections, plaintiff will respond to requests or portions thereof to the best of its present ability.  Because plaintiff has not completed its discovery of the facts pertaining to this action or its preparation of this case for trial, plaintiff reserves its right to supplement or amend its responses based upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

12.     When plaintiff responds that it will produce documents in response to a request, it will produce such documents to the extent that they exist and can be reasonably obtained.  By stating that it will produce documents, plaintiff does not represent that any such documents or things, in fact, exist or are within its possession, custody or control.

13.     All of plaintiff's general objections are incorporated into each of the specific responses below.

## SPECIFIC OBJECTIONS

1.     Plaintiff has already produced documents responsive to many of the requests below in connection with  defendants' Open Records request of Nov. 3, 2008.  By producing such documents, plaintiff did not waive its objections as to competency, relevancy, materiality and admissibility.

2.     Pursuant to communications and conversations between liaison counsel for defendants and counsel for plaintiff, the parties agreed to limit the scope of the Open Records request to 1992-2005.  Moreover, the Iowa CMO expressly confines claims data production to 1992-2005.  *See*  Iowa CMO, Ordered Jan. 22, 2009  at ¶ 4.  To the extent that the requests below are not so limited, plaintiff objects on the grounds that documents outside that time period are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects on the grounds that the requests are unduly burdensome to the extent they seek duplicative material.

4.      All of plaintiff's specific objections are incorporated into each of the specific responses below.

## RESPONSES TO REQUESTS FOR DOCUMENTS

**1.      All data, reports, analyses, comments and correspondence related to consideration of the appropriate method of prescription drug reimbursement by IME.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers. Plaintiff further objects on the grounds that the request is ambiguous, unduly burdensome and duplicative of many individual requests contained herein.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available or already in defendants' own possession. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**2.      Any audits or studies of pharmacies in Iowa regarding the price pharmacies (including free-standing and institutional pharmacies, as well as specialty pharmacies and home health care agencies) pay for prescription  drugs, the price pharmacies are paid for prescription drugs, or the rebates pharmacies receive on prescription drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff further objects to the extent the request calls for the production of material that is already in defendants' own possession, i.e. concerning the rebates defendants paid to Iowa providers and/or pharmacies and the price providers and/or pharmacies pay for defendants' products which are, in large part if not entirely, set pursuant to defendants' contracts with such providers. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**3.      All questionnaires sent to pharmacists regarding the price pharmacies pay for prescription drugs, the price pharmacies are paid for prescription drugs, or the rebates pharmacies receive on prescription drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation. Plaintiff further objects to the extent the request calls for the production of material that is already in defendants' own possession, i.e. concerning the rebates defendants paid to Iowa providers and/or pharmacies and the price providers and/or pharmacies pay for defendants' products which are, in large part if not entirely, set pursuant to defendants' contracts with such providers. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request. Subject to and without waiver

of the foregoing objections, to the extent further responsive, non-privileged documents exist, plaintiff will produce those.

4.     **All data, reports, analyses, comments or correspondence related to the price Iowa Medicaid health care providers pay for prescription drugs, and/or the amount physicians and other providers are reimbursed by IME for administering drugs to Medicaid patients.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers. Plaintiff further objects to the extent the request calls for the production of material that is already in defendants' own possession, i.e. concerning the price providers and/or pharmacies pay for defendants' products which are, in large part if not entirely, set pursuant to defendants' contracts with such providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents exist, plaintiff will produce those.

5.     **Any report prepared for or by the Iowa General Assembly evaluating the IME, including, but not limited to any evaluations of the IME's drug reimbursement policies.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative,

deliberative process, or other applicable privilege.  Plaintiff objects further to the extent that the request calls for materials that are publicly available.

**6.      All organizational charts for the IME prepared since January 1, 1990.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005. Subject to and without waiver of its general and specific objections, Plaintiff has already produced documents responsive to this request pursuant to defendants' Open Records request.

**7.      All data, reports, analyses, comments and correspondence relating to changes in the dispensing fees paid to pharmacists in the IME.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or already in defendants' own possession. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**8.      All data, reports, analyses, comments, and correspondence relating to changes in the drug reimbursement amounts paid to pharmacists and physicians or other health care providers participating in the IME, including but not limited to data, reports,**

analyses, comments and correspondence related to the reduction in the drug reimbursement rate from average wholesale price (AWP) to discounts off of AWP.

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**9. All data, reports, analyses, comments, and correspondence relating to proposed changes to the IME drug reimbursement rate(s).**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request and through the production of the Iowa Medicaid Claims Data.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**10. All correspondence, comments, and communications with the Iowa Pharmacy Association, other pharmacy associations, or other lobbying groups, or with**

**individual pharmacists regarding the price pharmacies pay for prescription drugs, the price pharmacies are paid for prescription drugs, the rebates pharmacies receive on prescription drugs, or the amount pharmacies are reimbursed by the IME for prescription drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation. Plaintiff further objects to the extent the request calls for the production of material that is in the possession of non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**11.      All correspondence, comments and communications with the Iowa Medical Association, other medical associations, or other lobbying groups, or with individual physicians or health care providers regarding the price providers pay for prescription drugs, the price providers are paid for prescription drugs, or the amount providers are reimbursed by the IME for prescription drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, plaintiff has

already produced documents and or data responsive to this request in connection with defendants' Open Records request. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**12.    Reports concerning, in whole or in part, provider acquisition costs for Medicaid-reimbursable drugs, including, but not limited to any comparison of such costs to published AWP or wholesale acquisition costs (WAC).**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

**13.    Any studies, memoranda, or other documents generated or received that discuss the meaning, interpretation, or definition of WAC, AWP, or estimated acquisition cost (EAC).**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other

applicable privilege.  Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**14.     Any communications (whether written, electronic, or memorializations of oral communications) between the IME and the federal Centers for Medicare and Medicaid Services (CMS) (or its predecessor, the Health Care Financing Administration (HCFA)), that discuss the meaning, interpretation, or definition of WAC, AWP, EAC, average manufacturer price (AMP), usual and customary charge, or the reimbursement of prescribed drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

**15.     Any communications (whether written, electronic, or memorializations of oral communications) between the IME and other government agencies in Iowa that discuss the meaning, interpretation, or definition of WAC, AWP, EAC, average manufacturer price (AMP), usual and customary charge, or the reimbursement of prescribed drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available

and/or in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent

the request calls for the production of documents that are protected by the attorney work-product,

attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and

without waiver of the foregoing objections, to the extent responsive, non-privileged documents

or data exist, plaintiff will produce those.

**16.    Any communications (whether written, electronic, or memorializations of oral communications) between the IME and officials of other states that discuss the meaning, interpretation, or definition of WAC, AWP, EAC, AMP, usual and customary charge, or the reimbursement of prescribed drugs.**

 Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not

confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff further

objects to the extent the request calls for the production of material that is publicly available

and/or in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent

the request calls for the production of documents that are protected by the attorney work-product,

attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and

without waiver of the foregoing objections, to the extent responsive, non-privileged documents

or data exist, plaintiff will produce those.

**17.    Any communications (whether written, electronic, or memorializations of oral communications) between the IME and pharmaceutical manufacturers that discuss the meaning, interpretation, or definition of WAC, AWP, EAC, AMP, usual and customary charge, or the reimbursement of prescribed drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not

confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff further

objects to the extent the request calls for the production of material that is already in the

possession of defendants.   Subject to and without waiver of the foregoing objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

**18.    Any communications (whether written, electronic, or memorializations of oral communications) between the IME and physicians or other health care providers that discuss the meaning, interpretation, or definition of WAC, AWP, EAC, AMP, usual and customary charge, or the reimbursement of prescribed drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of its specific and general objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

**19.    Any communications (whether written, electronic, or memorializations of oral communications) between the IME and price-reporting services (including, but not limited to MediSpan and First DataBank), or between the IME and any other person or entity including lawyers, lobbyists, or consultants, that discuss the meaning, interpretation, or definition of WAC, AWP, EAC, AMP, usual and customary charge, or the reimbursement of prescribed drugs;**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers nor the price reporting services used by Iowa during the relevant time frame. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of its general and specific objections, to the extent responsive, non-privileged documents or data exist, plaintiff will produce those.

**20.     All forms, whether paper or electronic, used by Iowa Medicaid health care providers relating to prescription drug reimbursement, including any instructions for completing the forms.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers.  Plaintiff objects further on the grounds that the request is overly broad and unduly burdensome insofar as it appears to call for the production of every claim form that has ever been submitted to IME.  Subject to and without waiver of the foregoing general and specific objections, plaintiff has already produced Iowa Medicaid claims data from 1992-2005 and Iowa provider manuals for that same period.

**21.     All data, reports, comments, recommendations and correspondence relating to the IME's preferred drug list or to supplemental rebate agreements.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties.  Subject to and without waiver of the foregoing general or specific objections, plaintiff has already produced documents responsive to this request pursuant to defendants' Open Records request.  Subject to and without waiving its specific and general objections, plaintiff will produce additional responsive documents to the extent they exist.

**22.     All surveys, studies, reports and analyses conducted by or at the request and/or direction of the IME, or in the possession of the IME (whether final or incomplete)**

**relating to costs and expenses incurred by pharmacies and/or IME health care providers in dispensing prescription drugs from 1991 to the present including, but not limited to those conducted and/or prepared by the University of Nebraska School of Pharmacy in the 1986-1987 timeframe.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff further objects to the extent the request calls for the production of material that is already in defendants' own possession, i.e. concerning the price providers and/or pharmacies pay for defendants' products which are, in large part if not entirely, set pursuant to defendants' contracts with such providers. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of non-parties. Subject to and without waiving its specific and general objections, plaintiff will produce additional responsive documents to the extent they exist.

**23.    All reports, studies, analyses, or correspondence from or to the United States Department of Health and Human Service Office of Inspector General, the Government Accountability Office (formerly the General Accounting Office), or any other federal agency, or any Senate or House Committee, or any individual Senator or Congressperson regarding Medicaid drug reimbursement.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid providers. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff further objects to the extent the

request calls for the production of material that is publicly available and/or already in defendants' own possession. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents responsive to this request in connection with defendants' Open Records request.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**24.     All documents created, maintained, or received by you under 42 U.S.C. § 1396a (a) (30), 42 U.S.C. § 1396a (a) (54), 42 C.F.R. 447.201 *et seq*., or 42 C.F.R. 447.502 *et seq*.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff further objects on the grounds that the request is ambiguous, and unduly burdensome and duplicative of many individual requests contained herein.  Plaintiff objects on the grounds that it is not reasonably calculated to lead to the discovery of relevant evidence in that it seeks documents entirely irrelevant to this lawsuit.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or already in defendants' own possession.

**25.     All documents constituting or concerning the Iowa state plan(s) for medical assistance (42 C.F.R.430.0 *et seq.)*, any proposed or adopted amendments thereof, and any finding and/or support related thereto.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005, the drugs at issue in the Iowa AWP litigation or the claims at issue in this case.  Plaintiff further objects to the extent the request calls for the production of material that is

publicly available.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiving its specific and general objections, plaintiff will produce non-public, responsive non-privileged documents to the extent they exist.

**26.     All documents concerning reimbursement for pharmaceutical ingredient costs as means of subsidizing other medical services, procedures, costs, or equipment, or as a means of ensuring equal access to care for Medicaid beneficiaries under 42 U.S.C. §1396(a)(30).**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005, the drugs at issue in the Iowa AWP litigation or the claims at issue in this case.  Plaintiff objects further on the grounds that the request is vague, ambiguous and irrelevant given that Federal law requires that Iowa reimburse at EAC.  42 C.F.R. § 447.311.

**27.     All documents (including but not limited to all correspondence, memoranda, analyses, agenda, meeting minutes, e-mails and testimony) constituting or concerning any requests, surveys, or other efforts conducted by you, or on your behalf, to determine that the state is in compliance with 42 U.S.C. § 1396a(a)(30).**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005, the drugs at issue or the claims at issue in the Iowa AWP litigation. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or already in the possession of defendants and/or non-parties. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**28.     All documents concerning the consideration or setting of dispensing fees as required by 42 C.F.R. 447.502, 42 C.F.R. 447.512, and 42 C.F.R. 447.514, including but not limited to all correspondence, memoranda, analyses, agenda, meeting minutes, e-mails and testimony.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further on the grounds that dispensing fees are set by the Iowa State Legislature and the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and/or data responsive to this request in connection with defendants' Open Records request.   Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**29.     All documents relating to actions taken by you (or not taken) to ensure that pharmacists, and other providers are reimbursed under Medicaid at their usual and customary charge if that amount is lower than the state-determined EAC, or the rates set forth in the Iowa Medicaid fee schedule, as required by 42 C.F.R. 447.512.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers.  Plaintiff objects further on the grounds that it is overly broad and unduly burdensome insofar as it appears to call for information on every claim that has ever been submitted to IME.  Plaintiff further objects to the extent the request calls for the production of material that is in the possession of defendants and/or non-parties.  Plaintiff objects further to the

extent the request calls for the production of documents that are protected by the attorney work-

product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject

to and without waiver of the foregoing objections, plaintiff has already produced provider

manuals from 1992-2005 (Bates Nos. Iowa-AWP-006995 – Iowa-AWP-008447) in connection

with defendants' Open Records request and through the production of the Iowa Medicaid Claims

Data.  Subject to and without waiver of the foregoing objections, to the extent further responsive,

non-privileged documents or data exist, plaintiff will produce those.


     **30.**    **All Medicaid claims data from 1992-2005 relating to the Subject Drugs and reflecting claims for which you contend you overpaid as a result of Defendants' alleged conduct.  Such data shall include but is not limited to:**

     **(a)**    **pharmacy claims data;**

     **(b)**    **medical claims data;**

     **(c)**    **all service codes data associated with the administration of those Subject Drugs that are physician-administered drugs;**

     **(d)**    **drug pricing files;**

     **(e)**    **documents concerning the unit rebated amount for any of the Subject Drugs;**

     **(f)**    **transactional data relating to the Subject Drugs;**

     **(g)**    **communications between you and the federal government concerning utilization and "per unit" rebate data; and**

     **(h)**    **drug keys and data dictionaries that explain the data fields produced in response to this Request.**

Plaintiff already provided all Medicaid pharmacy claims data requested in subpart (a) on

Nov. 24, 2008 and again on Dec. 29, 2008.  Plaintiff specifically objects to subpart (b) because

the term medical claims data is vague and confusing and in any event  irrelevant to the instant

lawsuit.  Plaintiff specifically objects to the use of the undefined terms "service codes data" and

"drug pricing files" in (c) and (d) as vague and confusing.  Plaintiff specifically objects to

subpart (e) because such information is confidential pursuant to the Medicaid Rebate Agreement

Confidentiality Provisions, as defendants well know.  Plaintiff specifically objects to subpart (f)

on the grounds that it seeks information that is within the possession, custody and control of

defendants to this action, and to the extent this information is in the possession, custody and

control of plaintiff, it has been produced to plaintiff by defendants.  Plaintiff specifically objects

to (g) on the ground that "communications" between any parties are not data this request seeks

Finally, plaintiff already produced a data dictionary explaining the data fields of the Medicaid

pharmacy claims data on Dec. 29, 2008.

**31.     All data and documents you received directly or indirectly from wholesalers or other third parties relating to this litigation, whether through formal or informal discovery, sharing between parties or counsel in other states, or through regulatory or administrative procedures.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not

confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff objects on the

grounds that this request is overbroad, ambiguous and unduly burdensome in that it seeks

documents from undefined "other third parties".  Plaintiff further objects to the extent the request

calls for the production of material that is in the possession of defendants and/or non-parties.

Plaintiff objects further to the extent the request calls for the production of documents that are

protected by the attorney work-product, attorney-client or other applicable privileges.  Subject to

and without waiver of the foregoing objections, plaintiff will produce such documents as it

obtains them and to the extent that the documents have not otherwise been produced to

defendants

**32.     All data sets and information from which you derived, or upon which you relied, in creating Exhibit B.**

Plaintiff objects to the extent the request calls for the production of material that is already in defendants' possession.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product or other applicable privilege.  Subject to and without waiver of the foregoing objections, plaintiff will produce data sets and responsive non-privileged documents that are not already in the possession, custody and control of defendants.

**33.     All documents relating to the definition, meaning, or understanding of the terms Average Wholesale Price (AWP) or Wholesale Acquisition Cost (WAC).**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects on the ground that the request is duplicative of request nos. 13-19 and plaintiff has already produced responsive documents pursuant to defendants' Open Records request.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**34.     All documents relating to your decision to use AWP as a basis for reimbursement for prescription drugs under Iowa Medicaid, including but not limited to all documents relating to internal communications within the IME, or with the Governor's Office and/or the Iowa General Assembly concerning:**

       **(a)     the use of AWP as a basis for reimbursement by Iowa Medicaid;**

     (b)     **how AWP is determined or calculated by Iowa Medicaid; and**

     (c)     **the use of some benchmark or figure other than AWP as a basis for reimbursement by Iowa Medicaid.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**35.    All documents concerning or explaining your methodology for reimbursement of physician-administered drugs and, to the extent it differs from your reimbursement of pharmacy-dispensed drugs, all documents concerning the rationale for this difference.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation.  Plaintiff objects further on the grounds that the request seeks material that is irrelevant to the litigation.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, to the extent further relevant, responsive, non-privileged documents or data exist, plaintiff will produce those.

**36.    All documents concerning your calculation of reimbursement amounts for Subject Drugs, including but not limited to guidelines, instructions, and provider manuals.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid Providers.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects on the grounds that the request is ambiguous, and unduly burdensome and duplicative of many individual requests contained herein, including but not limited to request no. 20, and plaintiff has already provided responsive information including, but not limited to, provider manuals from 1992-2005 (Bates Nos. Iowa-AWP-006995 – Iowa-AWP-008447).   Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**37.    All documents concerning any executive, judicial, legislative or administrative efforts to alter Medicaid reimbursement rates or methodologies for prescription drugs and/or the dispensing fees or beneficiary co-payments associated with prescription drugs, including but not limited to documents created or relied upon by the 1992 Department of Management Medicaid Task Force, the 2001 Joint Legislative/Executive Branch Work Group on Medicaid, the 2002 Interim Study Committee Program Elimination Commission, the 2002 Medical Assistance Advisory Group, and the Department of Human Services Medical Assistance Advisory Council.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the claims at issue in this case.   Plaintiff further objects on the grounds that the request is ambiguous, and unduly burdensome and duplicative of many individual requests contained herein.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent

the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiving its specific and general objections, plaintiff will produce responsive non privileged documents concerning the five groups referred to in this request, to the extent such documents exist.

**38.     All documents relating to the establishment and administration of Iowa's MAC program ("SMAC" program), including all invoices received from providers used in creating the SMAC program.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff objects further on the grounds that the request seeks information that is neither   relevant nor   reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff is not seeking damages for any drugs that are reimbursed based on the SMAC.

**39.     All documents constituting or concerning communications among or between members of APHSA, NASMD, the National Association of Attorneys General, MMCAP, NAMFCU, and/or any other multi-state public health association or organization concerning:**

> **(a)     the use of AWP as a basis for reimbursement by Iowa Medicaid;**
>
> **(b)     how AWP is determined or calculated by Iowa Medicaid; and**
>
> **(c)     the use of some benchmark or figure other than AWP as a basis for reimbursement by Iowa Medicaid.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.

**40.    All documents relating to your knowledge (or lack of knowledge) that the actual acquisition cost for prescription drugs was lower than the Subject Drugs' AWPs, WACs, or FULs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**41.    All documents concerning the purchase of or reimbursement for Subject Drugs by Iowa entities, including but not limited to universities, hospitals, clinics, long-term health care facilities, nursing homes, home health agencies, prisons and correctional facilities, and including purchases made through group purchasing organizations such as the Iowa Interagency Pharmaceuticals Bulk Purchasing Counsel, MMCAP and the Sovereign States Drug Consortium.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid Providers.  Plaintiff objects on the grounds that the request seeks material that is irrelevant to this litigation.  Plaintiff further objects

on the grounds that the request is ambiguous, vague and confusing, unduly burdensome and duplicative of many individual requests contained herein.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.

**42.   All documents concerning the reimbursement of Subject Drugs by other Iowa medical assistance programs or plans, including, but not limited to Hawk-I, and/or programs run by the State Mental Health Department or Department of Corrections.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.

**43.   All documents concerning any communication or negotiation between you (or any individual or entity acting on your behalf), and any Defendant concerning reimbursement, pricing, costs or discounts of prescription drugs.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers.  Plaintiff further objects to the extent the request calls for the production of material that already in the possession of defendants.

**44.     All documents, regardless of time period, concerning any communication between you and any federal agency relating to:**

      **(a)     the pricing of prescription drugs;**

      **(b)     Federal Upper Limits;**

      **(c)     proposed alternative reimbursement methodologies, including but not limited to MACs;**

      **(d)     Medicaid rebates;**

      **(e)     reimbursement methodologies considered or used by other states or state agencies; or**

      **(f)     the processing of prescription drug reimbursement claims submitted by pharmacies or other providers.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers.  Plaintiff further objects on the grounds that the request is ambiguous, and unduly burdensome and duplicative of many individual requests contained herein.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of non-parties.  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**45.     All documents relating to HCFA's decision in 1998 to disapprove Medicaid State Plans that base reimbursement for prescription drugs on undiscounted AWP.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff further objects to the extent the request calls for the production

of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.

      **46.     All documents concerning the revised AWP process provided by the United State Department of Justice and NAMFCU in 2000, including but not limited to documents concerning your decision to use or not to use the revised AWP prices in reimbursing for prescription drugs.**

      Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005. Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.

      **47.     All documents, regardless of time period, concerning any action, (whether legal, administrative or otherwise), considered or taken by you, or on your behalf, to recover from pharmacies or other providers the alleged overpayments associated with Medicaid drug reimbursement to those pharmacies or providers.**

      Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005. Plaintiff objects on the grounds that the request seeks material that is irrelevant to this litigation.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, or other applicable privilege. Subject to and

without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**48.     All documents concerning any effort or plan considered or undertaken by you to reduce or otherwise limit your expenditures for Subject Drugs, including but not limited to, prior authorization requirements, creating of formularies, use of multiple source drugs, group purchasing efforts, competitive bidding and/or use of other state contracts.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the relevant Iowa Medicaid Providers.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.  Plaintiff further objects on the grounds that the request is ambiguous, and unduly burdensome and duplicative of many individual requests contained herein, including but not limited to request no. 21.  Subject to and without waiver of the foregoing objections, plaintiff has already produced documents and or data responsive to this request in connection with defendants' Open Records request.  Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents exist, plaintiff will produce those.

**49.     All documents concerning the proposal, modification, or promulgation of any statute, rule or regulation relating to reimbursement for Subject Drugs or other prescription drugs, including but not limited to all comments, explanations, or descriptions of any such proposed or final statute, rule, or regulation, all drafts of any such proposed or final statute, rule or regulation, and all memoranda, correspondence, analyses, or other documents concerning any such proposed or final statute, rule or regulation.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the claims at issue in the Iowa AWP litigation    Plaintiff further

30

objects to the extent the request calls for the production of material that is publicly available

and/or in the possession of non-parties.  Plaintiff objects further to the extent the request calls for

the production of documents that are protected by the attorney work-product, attorney-client,

legislative, deliberative process, or other applicable privilege.

**50.  All documents concerning any proceedings, including but not limited to lawsuits, administrative, or legislative proceedings, or criminal or civil investigations, in which your employees or agents have testified, provided statements, or been interviewed concerning the pricing or reimbursement of prescription drugs, or access to care.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not

confined to 1992-2005 nor the claims at issue in this case.  Plaintiff further objects to the extent

the request calls for the production of material that is in the possession of non-parties. Plaintiff

objects further to the extent the request calls for the production of documents that are protected

by the attorney work-product, attorney-client, or other applicable privileges.

**51.  All documents concerning communications between you and any Hemophilia Treatment Center ("HTC"), including but not limited to the Iowa Regional Hemophilia Center, concerning:**

> **(a)  drugs rebates, including rebates from manufacturers available to HTCs for Subject Drugs;**
>
> **(b)  AWP and discounts from AWP available to HTCs, including, but not limited to, any communications discussing AWP, any communications discussing the difference between Public Health Service ("PHS") pricing for a Subject Drug and AWP, and any studies, reports, data, or analysis of AWP relating to Subject Drugs;**
>
> **(c)  the HTC's actual acquisition costs of Subject Drugs;**
>
> **(d)  the relationship between reimbursement benchmarks and actual reimbursement amounts and the actual acquisition cost of Subject Drugs;**
>
> **(e)  the reimbursement of Subject Drugs as it relates to the medical necessity of prescribing a certain drug instead of another drug;**

(f)     administration costs and/or other costs associated with treating patients with Subject Drugs that are not provided for or otherwise covered by the applicable reimbursement methodology;

(g)     any Maximum Allowable Cost, PHS pricing program, or any other program intended to set a cap on payment for branded, generic, or multiple source drugs;

(h)     the adequacy (or inadequacy), amount, consideration, setting, or computation of dispensing fees for Subject Drugs or any other product indicated for the treatment of hemophilia-related conditions; or

(i)     the actual cost of dispensing (including but not limited to the cost of shipping, pharmacy staff, supplies, storage, or inventory control) and/or acquisition costs for Subject Drugs

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005 nor the drugs at issue in the Iowa AWP litigation nor the relevant Iowa Medicaid Providers.  Plaintiff objects on the grounds that the request is vague, confusing, and seeks material that is irrelevant to this litigation.  Plaintiff further objects to the extent the request calls for the production of material that is publicly available and/or in the possession of defendants and/or non-parties. Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege.

52.     Separately for each Defendant, all documents reflecting the actual or estimated losses or damages allegedly suffered by you, or overpayments allegedly made by you, as a result of such Defendant's alleged conduct.

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff further objects on the ground that the request is unduly burdensome and inappropriate in that it refers to individual defendants and should more properly be in any document request made by an individual defendant, as provided by the Iowa CMO

ordered Jan. 22, 2009 at ¶10(C).  This request is duplicative of requests already made by four individual defendants (Defendant Barr Laboratories, Inc.'s First Set of Requests for Production to Plaintiff, The State of Iowa, Request #22; Defendant Ivax Corporation and Ivax Pharmaceuticals, Inc.'s First Set of Requests for Production to Plaintiff, The State of Iowa, Request #22; Defendant Sicor, Inc.'s First Set of Requests for Production to Plaintiff, The State of Iowa, Request #22; Defendant Teva Pharmaceuticals USA, Inc.'s First Set of Requests for Production to Plaintiff, The State of Iowa, Request #22).  Plaintiff objects further to the extent the request calls for the production of documents that are protected by the attorney work-product, attorney-client, legislative, deliberative process, or other applicable privilege. Plaintiff objects further on the grounds that this request is premature at this stage in the proceeding as discovery has just begun and plaintiff has not yet obtained all the relevant data.  Plaintiff further objects on the grounds that this information has already been provided in the State of Iowa's Initial Rule 26 Disclosures, dated Feb. 27, 2009.

**53.     Separately for each Defendant, all documents supporting the elements of each claim you assert against such Defendant in the Complaint.**

Plaintiff objects to this request on the grounds that it is overbroad insofar as it is not confined to 1992-2005.  Plaintiff further objects on the grounds that the request is ambiguous, and unduly burdensome and duplicative of many individual requests contained herein.  Plaintiff further objects on the ground that this is inappropriate in that it refers to individual defendants and should more properly be in any document request made by an individual defendant, as provided by the Iowa CMO ordered Jan. 22, 2009 at ¶ 10(C).

**54.     All documents sufficient to describe your document retention or destruction policies, including any changes to, or departures from, such policies, and documents**

33

**demonstrating that you have complied with such policies, including but not limited to document preservation notices circulated by you.**

Plaintiff objects on the ground that the State of Iowa's document retention or destruction policy is publicly available on the Iowa State Records Commission website located at http://www.iowasrc.org/images/files/records_retention_schedules.pdf.   Subject to and without waiver of the foregoing objections, to the extent further responsive, non-privileged documents or data exist, plaintiff will produce those.

**55.    All communications, including but not limited to bids and requests for proposals with outside lawyers regarding potential representation of Iowa in this case, and the contracts and terms of engagement of such lawyers.**

Plaintiff objects on the ground that this is entirely irrelevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds that the request seeks information protected from disclosure by the attorney-client privilege.

**56.    All documents identified in connection with, or used in responding to Defendants' First Set of Interrogatories to the State of Iowa.**

Plaintiff is in the process of responding to defendants' First Set of Interrogatories to the State of Iowa.  To the extent that the documents identified with or used in responding to these interrogatories have not already been produced in response to other individual document requests above, and subject to and without waiving its specific and general objections, plaintiffs will produce those documents that fall within this category and are not subject to the attorney-client privilege, attorney work-product doctrine, deliberative process privilege, or other applicable privilege.

Dated: March 5, 2009

Respectfully submitted,

TOM MILLER
ATTORNEY GENERAL FOR
THE STATE OF IOWA

By:    <u>/s/ Joanne M. Cicala</u>
Joanne M. Cicala (JC 5032)
Jocelyn R. Normand (JN 0651)


KIRBY McINERNEY, LLP

Special Counsel to the State of Iowa
825 Third Avenue, 16th Floor
New York, New York 10022
(212) 371-6600

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on the 5th day of March, 2009, she caused a true and correct copy of State of Iowa's Rule 26(a)(1) Disclosures to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

/s/ Jocelyn R. Normand
Jocelyn R. Normand
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 371-6600
