# EXHIBIT B



LEXISNEXIS® FILE & SERVE
24920163
E-SERVICE
Apr 28 2009
8:27PM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| The State Of Iowa | ) MDL NO. 1456 ) Civil Action No. 01-12257-PBS |
| v. | ) |
| Abbott Laboratories, Inc., *et al.* | ) Judge Patti B. Saris ) ) ) ) ) ) |

**STATE OF IOWA'S OBJECTIONS AND RESPONSES TO DEFENDANTS'**
**FIRST SET OF INTERROGATORIES TO THE STATE OF IOWA**

Pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts and the relevant case management order, plaintiff the State of Iowa (hereinafter "plaintiff" or "Iowa") responds as follows to Defendants' First Set of Document Requests to the State of Iowa.

**GENERAL OBJECTIONS**

1.      Plaintiff objects to the "definitions" and "instructions" to the extent they are vague, confusing and ambiguous.

2.      Plaintiff objects to the "definitions and "instructions" to the extent they seek to create obligations broader than what is required by the Federal Rules of Civil Procedure, the Local Rules of the Transferor Court and/or the local rules of this Court.

3.      Plaintiff objects to the interrogatories to the extent they seek information subject to the attorney-client, attorney work product, legislative, deliberative process, common interest, consulting expert, investigative or any other applicable evidentiary or other privilege, immunity or restriction.  Plaintiff's response or production of any document is without waiver of any privilege, claim of confidentiality or other objection.

4.      Plaintiff objects to the interrogatories to the extent that they seeks facts known to plaintiff's counsel rather than plaintiff.  Such facts obtained by counsel through their investigation constitute privileged attorney work-product.

5.      Plaintiff objects to the interrogatories to the extent they call for plaintiff to make legal conclusions.

6.      Plaintiff objects to the interrogatories to the extent they seek information and documents that defendants already have obtained or could obtain from third-parties on the grounds that production would be unduly burdensome, duplicative and expensive.

7.      Plaintiff reserves all objections or other positions it may have to the competency, relevance, materiality, privilege or admissibility of any information or documents produced in response to the interrogatories, or any and all other objections on grounds that would require the exclusion of any statement or information contained herein if the introduction of such evidence was sought at the time of trial, all of which objections and grounds are reserved and may be interposed at time of trial.  The fact that plaintiff has responded to any part or all of any particular interrogatories is not intended to and shall not be construed to be a waiver by plaintiff of any objection to the relevance or admissibility of any evidence in this or any other action.

8.      Plaintiff objects to the interrogatories to the extent that they are overly broad and unduly burdensome, and are designed to harass plaintiff and/or to deter the assertion of claims by plaintiff.

9.      Plaintiff objects to the interrogatories on the grounds that they are unduly burdensome to the extent they seek duplicative material.

10.     Plaintiff objects to the interrogatories to the extent they call for production of documents or information not relevant to the issues in this action or are not reasonably calculated to lead to the discovery of admissible evidence.

11.     Plaintiff objects to the interrogatories to the extent that they call for production of information readily available to defendants from public or other sources that are more convenient, less burdensome or less expensive than recourse to plaintiff.

12.     In providing responses to each interrogatory, plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

        a)  All objections as to the competency, relevancy, materiality and admissibility of each interrogatory, the responses and their subject matter;

        b)  All objections as to the vagueness, ambiguity or other infirmity in each interrogatory and any objections based on the undue burden imposed by the interrogatory;

        c)  All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

        d)  All rights to object on any ground to any further interrogatory or other discovery requests involving or related to the subject matter of the interrogatory;

        e)  The right to supplement responses to the interrogatories prior to trial;

f) Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts, the Local Rules of the Transferor Court and other statutes or the common law;

13. Plaintiff's responses are based upon, and therefore limited by, plaintiff's present recollections. Consequently, plaintiff reserves the right to make any changes in these responses if it appears that at any time, inadvertent errors or omissions have been made or additional information becomes available.

14. Plaintiff reserves its right to object or answer to part or all of any particular interrogatory, and the fact that plaintiff may answer or object to part or all of any particular interrogatory should not be taken as an admission or acknowledgement of any fact set forth in, assumed by, or inferred from any such interrogatory.

15. Plaintiff reserves the right to identify additional employees of the Iowa Medicaid Program who may be identified at a later time who possess some knowledge of the information sought in the interrogatories.

16. Subject to and without waiving its objections, plaintiff will respond to interrogatories or portions thereof to the best of its present ability. Because plaintiff has not completed its discovery of the facts pertaining to this action or its preparation of this case for trial, plaintiff reserves its right to supplement or amend its responses based upon any facts, documents, or other evidence that may develop or come to its attention at a later time.

17. Any information or documents supplied in response to these Interrogatories are for use in this litigation and for no other purpose.

18. All of plaintiff's general objections are incorporated into each of the specific responses below.

## SPECIFIC OBJECTIONS

1.      Defendants' First Set of Interrogatories includes numerous subparts in violation of the Iowa CMO and the Federal Rules of Civil Procedure.  The CMO provides:  "For purposes of this paragraph, each subpart of a discovery request shall count as a separate request."  *See* Iowa CMO, Discovery ¶ 10(A) at p. 5.  *See also* Fed. R. Civ. Pro. 33(a)(1).  These interrogatories contain many more than the 25 that defendants purport to include.

2.      This suit is brought exclusively on behalf of the Iowa Medicaid Program. Plaintiff objects to the definitions of "Plaintiff", "You", "your", "Iowa" "and other variants" on the grounds that said definitions are overly broad, cumulative, unduly burdensome, and impose discovery obligations that are beyond the scope of plaintiff's obligations under the Federal Rules of Civil Procedure, and to the extent that they seek to impose on plaintiff the obligation to respond for, or produce documents maintained by, Iowa's citizens, "all other citizens or entities", other branches or agencies of the Iowa State Government not involved in the operation of the Iowa Medicaid program.  Plaintiff also objects on the grounds that persons "acting on its behalf," insofar as it concerns activity not related to Medicaid prescription drug reimbursement; "procuring prescription drugs"; and "furnishing prescription drugs" are not relevant to any claims in the Complaint and are therefore not reasonably calculated to lead to the discovery of admissible evidence.

3.      All of plaintiff's specific objections are incorporated into each of the specific responses below.

## DUTY TO SUPPLEMENT

Plaintiff acknowledges its ongoing duty to supplement its responses to these interrogatories if and when it obtains additional relevant information.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO.1

**Identify each Person who has direct knowledge of the facts relating to the allegations in the Complaint and describe all facts about which each Person has knowledge.**

Plaintiff objects to this interrogatory to the extent that it is a premature request for information at the very beginning of discovery in this matter.

Plaintiff further objects on the grounds that this interrogatory is grossly overbroad, ambiguous and unduly burdensome in that it seeks the identity of "each Person" with direct knowledge of "facts relating to the allegations in the Complaint" including, presumably, current and former employees of defendants, the federal government and other non-parties. Plaintiff objects on the grounds that defendants know, far better than Iowa, which of their current and former employees have most knowledge of the false and misleading pricing practices undergirding the complaint and the defenses to plaintiff's claims. Defendants also know which of their current and former employees have direct knowledge of the legal requirements, standards and procedures of the Medicaid Program. Defendants also know which of their current and former employees, if any, informed Iowa of the extent of defendants' spreads and secured from Iowa approval for such spreads. As this information becomes known to Iowa, in the course of discovery, Iowa will supplement its response. Plaintiff further objects on the grounds that the interrogatory is overbroad insofar as the only entity that is represented in this litigation is the Iowa Medicaid Program. Plaintiff responds only on behalf of the Iowa Medicaid Program, and other information is equally available to defendants through the discovery and subpoena process. Plaintiff further objects to this interrogatory on the grounds

that the term "direct knowledge" is ambiguous and overbroad.  Plaintiff further objects to the extent that this information is protected by the attorney-client, attorney work product, legislative, deliberative process, common interest or other applicable privilege.

Subject to and without waiver of the aforesaid objections: the fraud alleged in the Complaint was concealed from plaintiff by defendants and therefore there is no Iowa Medicaid employee with personal knowledge of defendants' fraudulent conduct.  However, the persons within the Iowa Medicaid Program with the most knowledge of the allegations within the complaint are:

- Eileen Creager, Bureau Chief, Iowa Medicaid Program, January 2002 – present; Pharmacy Point of Sale Unit Manager,  July 2004 – present

- Eugene I. Gessow, Director, Department of Human Services, September 2008 – present; Iowa Medicaid Director, June 2003 – September 2008

- Alisa Horn, Assistant to the Medicaid Director, November 2004 – present

- Amit Jain, Core Unit Programmer, July 2005 – present

- Dennis Janssen, Bureau Chief, Iowa Medicaid Program, June 1999 – present

- Joe Marenholz, Pharmacy Consultant for the Iowa Medicaid Program, August 1968 – January 2001

- Susan L. Parker, Pharm.D. Iowa Medicaid Pharmacy Consultant, January 2002 – present

- Amy Perry, Myers and Stauffer, LC, September 1991 – present; Account Manager for Provider Cost Audit and Rate Setting

- Sandra Pranger, R.Ph., Goold Health Systems (GHS) Account Manager, August 2004 – present; ACS State Healthcare 1999 – July 2004

- Robert Schlueter, ACS State Healthcare enrollment supervisor, June 97 to Jun 2005; Provider Services Enrollment Supervisor/Operations Manager, Policy Studies, Inc. Jun, 2005 to Jan, 2009; Provider Services Account Manager, Jan, 2009 to present.

- Martin B. Swartz, State Policy Specialist, Iowa Medicaid Program Manager, 1998 – present

## INTERROGATORY NO.2

**Explain in detail how you calculate prescription drug reimbursement for pharmacy dispensed drugs and identify all reimbursement methodologies that you have ever used or considered using to reimburse for pharmacy dispensed drugs under Iowa Medicaid, including the dates during which each reimbursement methodology was in effect, and, for each reimbursement methodology so identified, the Person(s) most knowledgeable about the methodology.**

Plaintiff objects to this interrogatory on the grounds that it is ambiguous and unduly burdensome and duplicative of many individual interrogatories contained herein. Plaintiff further objects on the grounds that Iowa's Medicaid reimbursement formula is and has been a matter of public record as it is established by the Iowa State Legislature. Plaintiff further objects to the extent the interrogatory seeks information subject to the legislative and deliberative process privilege, given that the process of developing policies, regulations and rules regarding reimbursement of drug purchases is an inherently pre-decisional and policy-based process. Any documents generated, consulted or relied upon in the decision-making process may also be subject to the legislative and deliberative process privileges. Additionally, this process frequently includes requests for legal advice, thus any information may be subject to the attorney-client, work product, or other applicable privilege.

Subject to and without waiver of the aforesaid objections: from 1992 – January 13, 2003, the Medicaid reimbursement rate was the lesser of the EAC (defined as the average wholesale price as published by Medi-Span less 10 percent) plus a dispensing fee; the FUL plus a dispensing fee; or the submitted charge (representing the provider's usual and customary

charge for the drug).  From Jan. 13, 2003 until July 25, 2005, the Medicaid reimbursement rate was the lesser of the EAC (defined as the average wholesale price as published by Medi-Span less 10 percent) plus a dispensing fee; the FUL plus a dispensing fee; the SMAC plus a dispensing fee; or the submitted charge (representing the provider's usual and customary charge for the drug).  Effective July 25, 2005, the EAC was re-defined as the AWP as published by Medi-Span less 12% plus a dispensing fee.  Iowa is not pursuing claims in this litigation related to SMAC reimbursements.

Susan Parker is the Iowa Medicaid Program employee most knowledgeable about Iowa's Medicaid pharmacy reimbursement formula.

**INTERROGATORY NO.3**

**Explain in detail how you calculate prescription drug reimbursement for physician-administered drugs and identify all reimbursement methodologies that you have ever used or considered using to reimburse for physician-administered drugs under Iowa Medicaid, including the dates during which each reimbursement methodology was in effect, and, for each reimbursement methodology so identified, the Person(s) most knowledgeable about the methodology.**

Plaintiff incorporates its objections to Interrogatory No. 2 herein.

Subject to and without waiver of the aforesaid objections: throughout the relevant time period, Iowa's Medicaid reimbursement formula for physician-administered drugs was the lesser of the average wholesale price less 10% or the submitted charge representing the provider's usual and customary charge for the drug.  As with all Medicaid reimbursement, rate changes are implemented by the Iowa State Legislature.  Martin Swartz is the Iowa Medicaid Program employee most knowledgeable about prescription drug reimbursement for physician-administered drugs.

**INTERROGATORY NO.4**

**Identify each Subject Drug for which you have used pricing that was not based on a formula derived from AWP or WAC and describe the method(s) and corresponding reason(s) for such reimbursement scheme.**

Plaintiff objects to this interrogatory to the extent that it is duplicative of at least Interrogatories No. 2, 3 and 21. Plaintiff further objects to the extent the Interrogatory seeks information regarding SMACs, which are not relevant to any claim in the complaint as plaintiff is not pursing claims for reimbursement based on the SMAC, nor to any defense stated by defendants. Therefore, inquiries regarding SMAC-based reimbursements are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent the interrogatory seeks information subject to the legislative and deliberative process privilege, given that the process of developing policies, regulations and rules regarding reimbursement of drug purchases is an inherently pre-decisional and policy-based process. Any documents generated, consulted or relied upon in the decision-making process may also be subject to the legislative and deliberative process privileges. Additionally, this process frequently includes requests for legal advice, thus any information may be subject to the attorney-client, work product, or other applicable privilege.

Plaintiff further objects on the grounds that defendants are already in possession of plaintiff's Medicaid claims data that shows the exact reimbursement amount for every drug at issue. Plaintiff further objects on the grounds that Iowa's reimbursement formula is a matter of public record and defendants know that Iowa Medicaid reimburses, like most states, based on a "lesser of" formula, meaning that if a drug is not reimbursed based on AWP it is reimbursed based on one of the other articulated prices.

10

Subject to and without waiver of the aforesaid objections: the 2001 Human Services Appropriations Bill (HF 732, Section 31) enacted by the 79th General Assembly required the Iowa Department of Human Services to implement a State Maximum Allowable Cost (SMAC) list for prescription drugs reimbursed by the Medicaid program.  The 80th General Assembly passed HF 619 which amended the SMAC program in 2003.  These bills are publicly available. Plaintiff will provide a list of the drugs that were subject to the SMAC during the relevant time period.

**INTERROGATORY NO.5**

**Identify your method for ensuring that reimbursement rates established for prescription drugs under Iowa Medicaid estimate the average actual acquisition cost generally and currently paid by providers as required by 42 C.F.R. § 447.512, including but not limited to:**

> **(a)**  **The method you currently use, and/or have used historically, for calculating the EAC for each type of prescription drug or aggregate EAC;**

> **(b)**  **The date of any change to the method for calculating EAC;**

> **(c)**  **The date of any proposed change, whether or not implemented, for calculating EAC;**

> **(d)**  **The reasons for implementing or not implementing each proposed change in the method of calculating EAC;**

> **(e)**  **The identity of each Person who proposed, recommended, or authorized the changes in the method for calculating EAC; and**

> **(f)**  **The identity of the Person(s) most knowledgeable about your methods for calculating EAC and the changes to those methods.**

Plaintiff objects to this interrogatory on the grounds that it is ambiguous, unduly burdensome and duplicative of many individual interrogatories contained herein.  Plaintiff further objects on the grounds that the term "method of ensuring" is vague, ambiguous and

overbroad.  Plaintiff further objects to the extent the interrogatory seeks information subject to

the legislative and deliberative process privilege, given that the process of developing policies,

regulations and rules regarding reimbursement of drug purchases is an inherently pre-decisional

and policy-based process.  The identities of all individuals who were involved or consulted in

that process, as well as any documents generated, consulted or relied upon in the decision-

making process may also be subject to the legislative and deliberative process privileges.

Additionally, this process frequently includes requests for legal advice, thus any information

may be subject to the attorney-client, work product, or other applicable privilege.  Plaintiff

further objects on the grounds that the reimbursement rate is established by the State Plan which

is approved by the federal government.  Plaintiff specifically objects to subparts (a) and (b) on

the grounds that the State Plan is a matter of public record and by reading it defendants may

easily see what formula was in effect throughout the relevant time period and also when any

changes went into effect.  Plaintiff specifically objects to subparts (c) and (d) to the extent that

they expressly seek information about proposed changes or recommendations that are subject to

the legislative and deliberative process privileges.  Plaintiff specifically objects to subpart (e) on

the grounds that changes to the EAC are authorized by the Iowa State Legislature, and any

change to the State Plan regarding EAC is initiated by the legislature.   IME prepares

information for the legislature to review upon the legislature's request.  The identities of all

individuals who were involved or consulted in that process, as well as any documents generated,

consulted or relied upon in the decision-making process may also be subject to the legislative

and deliberative process privileges.

Subject to and without waiver of the aforesaid objections: plaintiff incorporates by

reference here its response to Interrogatories No. 2, 3 and 4 above.  In addition, Susan Parker is

the Iowa Medicaid Program employee most knowledgeable about Iowa Medicaid's pharmacy reimbursement methods.

## INTERROGATORY NO.6

**Identify all Persons currently or formerly employed by you who were involved in any way in the preparation of letters or other correspondence to the federal government representing that your EAC as calculated was the best estimate of the prices that Providers were currently and generally paying for drugs.**

Plaintiff objects to this interrogatory on the grounds that the phrase "were involved in any way" is vague, ambiguous, and overbroad. Plaintiff objects further to the extent the interrogatory misrepresents the requirements of 42 C.F.R. § 447.301. Plaintiff objects further to the extent it seeks information or documents protected by the legislative, deliberative process, attorney-client, attorney work product or other applicable privilege. Plaintiff objects further on the grounds that the Iowa Medicaid Program does not provide assurance letters to the U.S. Government representing that the EAC it utilizes is the best estimate of prices that providers are currently and generally paying for drugs. Rather, a State Plan Amendment (SPA) discussing reimbursement methodologies is submitted and SPAs are publicly available.

Subject to and without waiver of the aforesaid objections: Susan Parker is the Iowa Medicaid Program employee most knowledgeable about Iowa's State Plan submission and any related correspondence with the Federal Government.

## INTERROGATORY NO.7

**Identify all Persons currently or formerly employed by you or serving as a contractor to you with any knowledge of, responsibility for, involvement in, or influence on:**

    (a)    any claim or allegation asserted in the Complaint;

    (b)    the methodology used to determine the amount paid to Providers as reimbursement under Medicaid for pharmacy dispensed and physician-administered drugs, including any proposed changes to this methodology and the criteria used to develop this methodology and any Findings and/or support related thereto;

    (c)    the negotiation, drafting, or execution of any contract, memorandum of understanding, or agreement between you and any Provider concerning AWPs or reimbursement for the Subject Drugs;

    (d)    the processing of payments for Providers' claims for reimbursement regarding Subject Drugs;

    (e)    the adoption, rejection, amendment, calculation, consideration, or negotiation of any State supplemental Medicaid rebate program;

    (f)    establishing, considering, determining, calculating, or setting of the dispensing fees or fees for other professional services payable in connection with the supply or administration of Subject Drugs;

    (g)    establishing, considering, determining, calculating, or setting of AWP, AMP, MAC, WAC, EAC, Direct Price, FUL, Best Price, usual and customary charge, or other prices, costs, reimbursement rates, or other benchmarks for any Subject Drug;

    (h)    communicating with CMS or any other federal agency concerning the reimbursement of providers for prescription drugs under Iowa Medicaid; and

    (i)    those portions of each of the Medicaid State Plan(s) concerning prescription drugs; and for each such Person, state the specific information that Person is likely to have.

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the phrase "knowledge of, responsibility for, involvement in, or influence on" is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff specifically objects to subpart (a) on the grounds that this interrogatory is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks identification of persons with "any knowledge" concerning "any claim or allegation" and would require Iowa to identify every single person who has ever worked in the Iowa Medicaid Program. Plaintiff further objects on the grounds that this interrogatory is premature because plaintiff will rely on documents and material request from, but not yet produced by, defendants. Subject to and without waiver of the aforesaid objections: plaintiff directs defendants to its response to Interrogatory No. 1.

Plaintiff specifically objects to subpart (b) on the grounds that it is overbroad insofar as it is not confined to the subject drugs. Plaintiff further objects on the grounds that it is duplicative of, at least, Interrogatories No. 2, 3, and 5, and plaintiff hereby incorporates its objections to Interrogatories No. 2, 3, and 5. Plaintiff further objects on the grounds that reimbursement methodology is mandated by the Iowa State Legislature and is therefore a matter of public record. Plaintiff further objects to the extent that "proposed changes" and criteria used to "develop this methodology" are subject to the legislative and deliberative process privileges. Subject to and without waiver of the aforesaid objections: plaintiff directs defendants to its responses to Interrogatories No. 2, 3, and 5.

Plaintiff specifically objects to subpart (c) on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers. Subject to and without waiver of the aforesaid objections: plaintiff used the same Provider Agreement throughout the relevant time period, thus there was no "negotiation" or "drafting" of the Agreement during that period. Robert Schleuter is the Iowa Medicaid Program employee most knowledgeable about the execution of Provider Agreements.

Plaintiff specifically objects to subpart (d) on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers. Plaintiff further objects on the grounds that "processing" is vague and ambiguous. Subject to and without waiver of the aforesaid objections: Sandra Pranger and Amit Jain are the Iowa Medicaid Program employees most knowledgeable about the processing of claims for Medicaid reimbursement.

Plaintiff specifically objects to subpart (e) on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers. Plaintiff further objects on the grounds that the phrasing "adoption, rejection, amendment, calculation, consideration, or negotiation" is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence given that, among other reasons, plaintiff is not pursuing claims for reimbursement related to the State supplemental Medicaid rebate program, nor is it relevant to any defense stated by defendants. Therefore, inquiries regarding the State supplemental Medicaid rebate program are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this interrogatory seeks information that is equally available to defendants, or is confidential and by agreement cannot be produced by the State. Plaintiff further objects to extent that the State supplemental Medicaid rebate program was created by State Statute and responsive information is subject to the legislative and deliberative process privilege.

Plaintiff specifically objects to subpart (f) on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers, the drugs at issue in the Iowa AWP litigation or the claims at issue in this case. Plaintiff further objects on the grounds that the phrase "fees for other professional services payable in connection with the supply or administration of Subject Drugs" is vague, ambiguous, overbroad, unduly burdensome and not

16

reasonably calculated to lead to the discovery of admissible evidence insofar as the "supply and administration" of Subject Drugs is irrelevant to this litigation.  Plaintiff further objects on the grounds that dispensing fees are mandated by the Iowa State Legislature, and to the extent responsive information is subject to the legislative and deliberative process privilege, given that the process of developing policies, regulations and rules regarding reimbursement of drug purchases is an inherently pre-decisional and policy-based process.  The identities of all individuals who were involved or consulted in that process, as well as any documents generated, consulted or relied upon in the decision-making process may also be subject to the legislative and deliberative process privileges.  Additionally, this process frequently includes requests for legal advice, thus certain responsive  information may be subject to the attorney-client, work product, or other applicable privilege.  Plaintiff further objects on the grounds that dispensing fees are irrelevant to this litigation given the federal requirement that Iowa reimburse ingredient cost at EAC and this case alleges manipulation of prices which defendants knew Iowa would use to calculate EAC.  *See* 42 C.F.R. § 447.311 (2006) (reimbursement must be based on "Estimated acquisition costs plus reasonable dispensing fees established by the agency.").

Plaintiff specifically objects to subpart (g) on the grounds that it is overbroad and unduly burdensome in that it requests information that is in defendants' control, as they well know, and beyond the custody and control of plaintiff.  Plaintiff further objects on the grounds that the phrasing "other prices, costs" is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that it is not confined to "Medicaid" reimbursement rates.  Plaintiff further objects to this interrogatory to the extent that it is duplicative of, at least, Interrogatories No. 2, 3, 5 and 12.  Subject to and without waiver of the aforesaid objections: plaintiff responds that AMP and

Best Price are set by defendants, as defendants know; FUL is set by CMS, as defendants know; EAC is set by the Iowa State Legislature as AWP – x%, as defendants know; usual and customary charges are submitted by pharmacy providers, as defendants know; defendants themselves establish the relevant reported AWP and direct prices; and Iowa does not reimburse based on WAC.

Plaintiff specifically objects to subpart (h) on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers nor the subject drugs.  Subject to and without waiver of the aforesaid objections: to the extent that anyone communicated with CMS or any other federal agency concerning the reimbursement of providers for prescription drugs under Iowa Medicaid, Susan Parker is the Iowa Medicaid Program employee who would be most knowledgeable on that subject.

Plaintiff specifically objects to subpart (i) on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers or the subject drugs.  Plaintiff further objects to the extent that this interrogatory seeks information that is subject to the legislative and due process privileges.  Subject to and without waiver of the aforesaid objections: Susan Parker is the Iowa Medicaid Program employee most knowledgeable about the submission of the State Plan.  Alisa Horn is the Iowa Medicaid Program employee most knowledgeable about the administration of the State Plan.

**INTERROGATORY NO.8**

**Identify all Persons currently or formerly employed by you or serving as a contractor to you with any knowledge that, at any time, the reimbursement for a pharmaceutical drug product based on AWP might result in reimbursement to a provider in excess of actual acquisition cost.**

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers or the drugs at issue in the Iowa AWP litigation. To the extent that the interrogatory seeks the identity of persons who had "knowledge" that a certain consequence "might result", plaintiff objects that it is vague, ambiguous and calls for speculation. Plaintiff further objects on the grounds that the term "at any time" is overbroad and exceeds the scope of the allegations in the complaint or the discovery permitted. Plaintiff further objects on the grounds it is not reasonably calculated to lead to the discovery of admissible evidence insofar as any knowledge that plaintiff may or may not have had is irrelevant to this litigation which concerns defendants' obligations to report accurate prices to the pricing compendia for use as the basis for Medicaid reimbursement. *See Massachusetts v. Mylan Labs., Inc.*, 2008 WL 5650859, at * 25 (D. Mass. Dec. 23, 2008). Plaintiff further objects to the extent that the interrogatory seeks information subject to the legislative, deliberative process, attorney-client, or other applicable privilege.

Subject to and without waiving the aforesaid objections; Susan Parker or Sandy Pranger are the Iowa Medicaid Program employees who might have had information responsive to this interrogatory.

**INTERROGATORY NO.9**

**Explain in detail, and identify and produce all documents relating to, how and when you first became aware that Providers could obtain prescription drugs at prices that were lower than that prescription drug's published AWP.**

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers or the drugs at issue in the Iowa AWP litigation. Plaintiff objects on the grounds that the phrase "first became aware" is vague and

ambiguous in reference to an entire state agency.  Plaintiff further objects to the extent that the

interrogatory seeks information subject to the legislative, deliberative process, attorney-client,

common interest or other applicable privilege.  Plaintiff further objects to the extent the

interrogatory calls for a legal conclusion.  Plaintiff further objects on the grounds it is not

reasonably calculated to lead to the discovery of admissible evidence for numerous reasons

including that  any knowledge that plaintiff may or may not have had is irrelevant to this

litigation which concerns defendants' obligations to report accurate prices to the pricing

compendia for use as the basis for Medicaid reimbursement.  *See Massachusetts v. Mylan Labs.,*

*Inc.,* 2008 WL 5650859, at * 25.   Subject to and without waiver of foregoing objections,

Plaintiff is producing documents responsive to this interrogatory in response to Request No. 3 of

the First Set of Document Requests filed by Barr Laboratories, Inc., Ivax Corporation and Ivax

Pharmaceuticals, Inc., Sicor, Inc., and Teva Pharmaceuticals USA, Inc. ("Individual

Defendants' Document Requests"), Feb. 27, 2009.


## INTERROGATORY NO. 10

**Set forth all facts and identify and produce all documents created or prepared
relating to your decisions:**

    **(a)**    **to use or continue to use AWP as a basis for reimbursement for prescription
drugs under Iowa Medicaid;**

    **(b)**    **to change, or not change, the discounts off of AWP for reimbursement for
prescription drugs under Iowa Medicaid; and**

    **(c)**    **to change the dispensing fees associated with filling prescriptions for and/or
administering prescription drugs under Iowa Medicaid.**

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is

not confined to the subject drugs nor relevant Iowa Medicaid Providers.  Plaintiff further objects

20

on the grounds that the Medicaid reimbursement rate is determined by the Iowa State Legislature, and to the extent the interrogatory seeks information subject to the legislative and deliberative process privilege, given that the process of developing policies, regulations and rules regarding reimbursement of drug purchases is an inherently pre-decisional and policy-based process.  Any documents generated, consulted or relied upon in the decision-making process may also be subject to the legislative and deliberative process privileges.  Additionally, this process frequently includes requests for legal advice, thus any information may be subject to the attorney-client, work product, or other applicable privilege.

Plaintiff specifically objects to subparts (a) and (b) to the extent they imply, contrary to law, that Iowa was somehow obligated to mitigate for defendants' submission of false and misleading prices.  Plaintiff specifically objects to subpart (c) on the grounds that dispensing fees are irrelevant to this litigation given federal requirements to reimburse ingredient cost at EAC. *See* 42 C.F.R. § 447.311 (2006) (reimbursement must be based on "Estimated acquisition costs plus reasonable dispensing fees established by the agency.").

Subject to and without waiver of the aforesaid objections: plaintiff used AWP to estimate acquisition cost and calculate Medicaid pharmacy reimbursement with the approval of CMS and its predecessor.

Plaintiff is producing documents responsive to this interrogatory in response to Request No. 34 of the Defendants' First Set of Document Requests ("Defendants' Document Requests"), dated Feb. 3, 2009.


**INTERROGATORY NO. 11**

**Identify all departments, agencies, boards, commissions, organizations, consultants, accountants, task forces, or any other entity, including the members of such entities, that**

**have reviewed or analyzed, at any time, your reimbursement of or expenditures for prescription drugs or dispensing fees, including but not limited to any State "medical care advisory committee" (42 C.F.R. § 431.12(b)).**

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the subject drugs.  Plaintiff further objects on the grounds that this interrogatory is vague, ambiguous, overbroad, unduly burdensome and without reasonable limitation in scope. Plaintiff further objects on the grounds that the phrase "any other entity" is vague, ambiguous, overbroad, unduly burdensome.  Plaintiff responds only on behalf of the Iowa Medicaid Program and objects to the extent this interrogatory calls for information not in the possession or control of the Iowa Medicaid Program, and/or is equally accessible to defendants insofar as any such reviews and analyses were performed by third parties and/or are publicly available.  Plaintiff further objects on the grounds that the phrase "at any time" is overbroad and exceeds the scope of the allegations in the complaint or the discovery permitted.  Plaintiff further objects on the grounds that the Iowa Medicaid Program's "expenditures" for the drugs at issue are a function of the reimbursement formula set by statute and  not, by themselves, probative of anything other than what Iowa spent based on that formula.    Plaintiff further objects to the extent that this interrogatory seeks information that is subject to the legislative and deliberative process privileges.  Plaintiff further objects on the grounds that dispensing fees are irrelevant to this litigation given federal requirements to reimburse ingredient cost at EAC and this case alleges manipulation of prices which defendants knew Iowa would use to calculate EAC.  *See* 42 C.F.R. § 447.311 (2006) (reimbursement must be based on "Estimated acquisition costs plus reasonable dispensing fees established by the agency.").

Subject to and without waiver of the aforesaid objections: during the relevant period Iowa retained Myers and Stauffer to engage in a yearly survey of Pharmacy Providers to ascertain

their acquisition costs.  Plaintiff is producing documents pertaining to these surveys in response

to Requests No. 36 and 38 of Defendants' First Set of Document Requests.  Furthermore,

plaintiff has already produced responsive documents in response to Defendants' Open Records

Request of November 3, 2008.

The  Pharmaceutical  &  Therapeutics  Committee,  the  Drug  Utilization  Review

Commission  and  the  Medical  Assistance  Advisory  Council  also  may  review  Medicaid

reimbursement rates.

### MEDICAL ASSISTANCE PHARMACEUTICAL AND THERAPEUTICS COMMITTEE
### §249A.20A

*Department of Human Services, Hoover State Office Building, Des Moines 50319 (515)725-1226*

| Name | City | Term |
|---|---|---|
| Bradley J. Archer, M.D. | Des Moines | 10/15/03 – 06/30/07 |
| Cheryl Clarke, R.Ph., CDM | West Des Moines | 10/15/03 – 06/30/05 |
| William R. Doucette, Ph.D. | Iowa City | 10/15/03 – 06/30/05 |
| Michael A. Flaum, M.D. | Iowa City | 10/15/03 – 06/30/07 |
| Hayley Harvey, DDS, MS | Des Moines | 10/15/03 – 06/30/09 |
| Gregory Peterson, D.O. | Des Moines | 10/15/03 – 09/14/04 |
| Mary Winegardner, PA-C, MPAS | Clear Lake | 10/15/03 – 06/30/07 |
| Susan Purcell, R.Ph., CGP | Dubuque | 10/28/03 – 06/30/09 |
| Priscilla Ruhe, M.D. | Des Moines | 08/13/04 – 06/30/09 |
| Carole Frier, D.O. | Des Moines | 10/11/04 – 06/30/09 |
| Bruce Alexander, R.Ph., Pharm.D., BCPP | Iowa City | 07/01/05 – 06/30/09 |
| Matthew Osterhaus, R.Ph. | Maquoketa. | 07/01/05 – 06/30/09 |
| Charles Wadle, D.O. | West Des Moines | 07/01/07 – 06/30/09 |
| Dallas Sanders, PA-C | Des Moines | 08/20/07 – 06/30/09 |
| Mary Larew, M.D. | Iowa City | 11/09/07 – 06/30/09 |

Plaintiff will provide a list of the members of the Drug Utilization Review Commission

and the Medical Assistance Advisory Council.

**INTERROGATORY NO. 12**

**If reimbursement, or a proposal for reimbursement, for any Subject Drug was ever based on a percentage adjustment from a benchmark, including but not limited to AWP, WAC, or Direct Price, explain the policy or other reasons for the percentage adjustment, and any Findings regarding the impact of any such adjustments on Medicaid Beneficiaries, including but not limited to, any internal or external assessments, studies, analyses, reviews, plans, reports, or audits conducted by you or on your behalf (whether or not performed at your direction) regarding the possible effect various reimbursement amounts or methodologies could potentially have, or were having, on beneficiary access to prescription drugs or medical treatment, and all Persons who were involved in such internal or external assessments, studies, analyses, reviews, plans, reports, or audits conducted by you or on your behalf (whether or not performed at your direction).**

Plaintiff objects to this interrogatory on the grounds that it is duplicative of at least Interrogatories No. 5(a), 5(d), 7(b), 7(g), 10 and 11.  Plaintiff further objects on the grounds that the term "ever" is overbroad and exceeds the scope of the allegations in the complaint or the discovery permitted.   Plaintiff further objects on the grounds that the terms "impact", "possible effect" and "involved in" are vague, ambiguous and overbroad and call for speculation. Plaintiff responds only on behalf of the Iowa Medicaid Program and objects to the extent this interrogatory calls for information not in the possession or control of the Iowa Medicaid Program, and/or is equally accessible to defendants insofar as any such assessments, studies, analyses, review, plans, reports, or audits were performed by third parties and not at the direction of the Iowa Medicaid Program and/or are publicly available.  Plaintiff further objects to the extent that this interrogatory seeks information subject to the attorney client, attorney work-product or other applicable privilege.  Plaintiff further objects on the ground that the Medicaid reimbursement rate is determined by the Iowa State Legislature and to the extent that responsive information is protected by the legislative and deliberative process privileges.

Subject to and without waiver of the aforesaid objections: the Iowa Medicaid Program reimburses at a discounted percentage rate from the reported AWP in an effort to approximate provider EAC, as required by federal regulations.

**INTERROGATORY NO. 13**

State whether, at any time, you made any effort to ascertain any Provider's actual acquisition cost or pharmacists' actual dispensing fees for any of the Subject Drugs, and, if so, describe those efforts in detail, and identify each Person involved in any such effort.

Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous. Plaintiff further objects on the grounds that the term "at any time" is overbroad and exceeds the scope of the allegations in the complaint or the discovery permitted. Plaintiff further objects on the grounds that the phrase "any effort" is vague, ambiguous, overbroad and unduly burdensome. Plaintiff further objects on the grounds that dispensing fees are irrelevant to this litigation given federal requirements to reimburse ingredient cost at EAC and this case alleges manipulation of prices which defendants knew Iowa would use to calculate EAC. *See* 42 C.F.R. § 447.311 (2006) (reimbursement must be based on "Estimated acquisition costs plus reasonable dispensing fees established by the agency."). Subject to and without waiver of the aforesaid objections: Iowa retained Myers and Stauffer in 2001 to engage in a yearly survey of Pharmacy Providers to ascertain their acquisition costs. A survey is sent directly to a random sample of roughly 500 pharmacies selected from all active Medicaid-participating pharmacies. The sample is chosen to reflect the characteristics (such as urban/rural location, chain/independent status) of the entire provider population. The survey requesting drug purchase information for the most recent available month or 30-day period. The SMAC is calculated as a percentage over the average cost of the pharmacists involved in this survey. Amy Perry is the Myers & Stauffer employee most knowledgeable about the SMAC program. Plaintiff is producing documents pertaining to these surveys in response to Requests No. 36 and

38 of Defendants' First Set of Document Requests.  Furthermore, plaintiff has already produced

responsive documents in response to Defendants' Open Records Request of November 3, 2008.


**INTERROGATORY NO. 14**

**Identify each Provider who received allegedly "inflated" amounts of reimbursement from you on account of any alleged fraud, scheme, misrepresentation, concealment, negligence, or other culpable conduct by any Defendant. For each Provider identified, state whether you have, by action, administrative proceeding, or otherwise, sought to recover alleged overpayments from the Providers who allegedly received excessive amounts of reimbursement as a direct or indirect result of alleged inflated AWPs or WACs, and, if so, identify each such action, proceeding or other recovery effort; and if not, state the basis for your failure to do so.**


Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is

not confined to the relevant Iowa Medicaid providers or the drugs at issue in the Iowa AWP

litigation.  Plaintiff further objects to the extent the interrogatory seeks information subject to

the common interest or other applicable privilege.  Plaintiff further objects to the extent the

interrogatory calls for a legal conclusion.  Plaintiff further objects on the grounds it is not

reasonably calculated to lead to the discovery of admissible evidence insofar as any action that

plaintiff may or may not have taken is irrelevant to this litigation which concerns defendants'

obligations to report accurate prices to the pricing compendia for use as the basis for Medicaid

reimbursement.  *See Massachusetts v. Mylan Labs., Inc.,* 2008 WL 5650859, at * 25.

Defendants violated this obligation by publishing or causing to be published unfair, false,

misleading and inflated prices.

Subject to and without waiver of the aforesaid objections: plaintiff has produced Iowa

Medicaid claims data that identifies the providers who dispensed and were reimbursed for the

subject drugs.

**INTERROGATORY NO. 15**

**Identify each Third Party Administrator, fiscal agent, benefits consultant, other consultant, or PBM contacted, considered, retained, or hired by you to perform any services for you concerning prescription drug prices, costs, reimbursement, utilization, or benefits, and describe the activity that Person performed or was considered for, and the period of time during which that Person was contracted, considered, retained, or hired by you.**

Plaintiff objects to this interrogatory on the grounds that the phrase "contacted, considered, retained, or hired by you" is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the phrase "any services" is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the phrase "concerning prescription drug prices, costs, reimbursement, utilization, or benefits" exceeds the scope of the claims in this litigation.

Subject to and without waiver of the aforesaid objections:

-- Unisys: fiscal agent for Iowa Medicaid from 7/1/1988 until 6/30/1997. Unisys provided all fiscal agent services, including processing pharmacy claims and prior authorizations and providing a pharmacy heap desk. It assisted the State in administering all of what are now Iowa Medicaid Enterprises (IME) components, which now include the "Core" data management  unit, Provider Services, Member Services, Revenue Collections, SURS, Medical Services, Pharmacy Medical, Pharmacy POS, Provider Cost Audit & Rate Setting, and the Data Warehouse.

-- Consultec/ACS State Healthcare: fiscal agent for Iowa Medicaid from 7/1/96 – 6/30/2005 following Unisys.  Operations began on 7/1/1997 following the changeover from Unisys, and performed the same functions.

-- Noridian: Noridian is the current Core contractor.  It is responsible for the processing and payment of claims.  It took on this role on 7/1/2004, and operations under that contract began on 6/30/2005.

-- Iowa Foundation for Medical Care (IFMC): starting on 1/1/2005, IFMC provides administrative services for the Pharmaceutical and Therapeutics Committee and their development of the PDL, as well as prior authorization, a help desk, and supplemental rebate negotiation through 8/2008.

-- Goold Health Systems (GHS): GHS has been the Point of Sale (POS) provider for Iowa Medicaid since June 25, 2005.  The POS vendor provides claims processing, pharmacy help desk, and supplemental rebate services.  GHS was also a subcontractor to IFMC for work performed for the Pharmaceutical and Therapeutics Committee.

-- Myers & Stauffer LC (M&S): M&S is responsible for the State Maximum Allowable Cost Rate Settings.  M&S developed the SMAC rates starting on 7/1/2002.  M&S is also the contractor for Provider Cost Audit & Rate Setting (PCA).  The PCA obligations include establishing rates for physicians, nursing facilities and hospitals, among others.


**INTERROGATORY NO. 16**

Identify all assessments, studies, analyses, reviews, or audits conducted regarding the reimbursement of prescription drugs by Iowa Medicaid of which the State was aware prior to filing its Complaint and provide the following information for each such assessment, study, analysis, review or audit:

(a)     the date and title;

(b)     the identity of any authors;

(c)     the employees or agents of the State who received or obtained any such assessment, study, analysis, review, or audit;

(d)     the employees or agents of the State who are most knowledgeable about any such assessment, study, analysis, review, or audit;

(e)     the results, conclusions, or findings of any such assessment, study, analysis, review, or audit; and

(f)     any action taken by the State in response to any such assessment, study, analysis, review, or audit, including but not limited to any change in the reimbursement methodology or amount used by the State for reimbursing the prescription drugs under Iowa Medicaid.

Plaintiff objects on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers or the drugs at issue in the Iowa AWP litigation.  Plaintiff further objects to the extent the interrogatory seeks information from documents in the possession, custody or control of other state agencies or the federal government and which are not in the possession, custody or control of the Iowa Medicaid Program.  Plaintiff further objects to the extent that it seeks information from documents in the possession, custody or control of defendants or is publicly available and thus equally accessible to both parties.  Plaintiff further objects on the grounds that the term "aware" is vague and ambiguous in reference to a state agency.  To the extent the interrogatory seeks the identity of all state employees or agents who received any of the studies, the interrogatory is unduly burdensome and seeks information not relevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds it is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as the interrogatory appears to be seeking information about *any* assessments, studies, analyses, reviews, or audits that *any* employee or agent of the

State may have been aware of prior to October, 2007 when this Complaint was filed, regardless of its bearing on the Complaint.  Plaintiff further objects on the grounds that the decision to file this lawsuit was made by the Attorney General in his capacity as attorney for the State of Iowa, and to the extent that information derived from any assessments, studies, analyses, reviews, or audits led to the filing of this lawsuit, this interrogatory seeks information that is subject to the attorney-client and attorney work product privileges.  Plaintiff further objects to the extent the interrogatory seeks information subject to the common interest or other applicable privilege.  Plaintiff further objects on the grounds that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence insofar as any action that plaintiff may or may not have taken in response to any assessment is irrelevant to this litigation which concerns defendants' obligations to report accurate prices to the pricing compendia for use as the basis for Medicaid reimbursement.  *See Massachusetts v. Mylan Labs., Inc.,* 2008 WL 5650859, at * 25.

Subject to and without waiving the aforesaid objections: if any such assessments, studies, analyses, reviews, or audits regarding the substance of this interrogatory exist, plaintiff will provide them to defendants to the extent that they are not subject to an applicable privilege.

**INTERROGATORY NO. 17**

**Identify any communications in which you discussed issues surrounding the filing of this lawsuit, including but not limited to:**

**(a)      the date(s) of such communication;**

**(b)      the context of the communication;**

**(c)      the general subject matter of the communication; and**

**(d)      identify all documents relating to such communications.**

30

Plaintiff objects on the grounds that the decision to file this lawsuit was made by the Attorney General in his capacity as attorney for the State of Iowa, and any such communications concerning the same are protected by the attorney-client, attorney work product, and any other applicable privileges.

## INTERROGATORY NO. 18

**Identify all current and former employees or agents who have testified, provided statements to, or been interviewed by agencies of other states; CMS; NAMFCU; HHS; OIG; DOJ; the GAO; Congress; or any other federal or state institution, agency, department, or office regarding AWP, the pricing of prescription drugs, the methodologies for reimbursing but not limited to:**

    **(a)    the date(s) of the testimony, statement, or interview;**

    **(b)    the context of the testimony, statement, or interview (i.e., deposition, affidavit, etc.);**

    **(c)    the general subject matter of the testimony, statement, or interview; and**

    **(d)    identify all documents relating to such testimony.**

Plaintiff further objects on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers, the drugs at issue in the Iowa AWP litigation or the claims at issue in this case. Plaintiff further objects on the grounds that the phrase "provided statements to, or been interviewed by" is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that "the pricing of prescription drugs" and "the methodologies for reimbursing" are vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The scope of the interrogatory, including "any other federal or state institution, agency, department, or office" is vague,

ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent the interrogatory seeks information or documents protected by the attorney-client, attorney work product, consulting expert, legislative, deliberative process, common interest or other applicable privilege.  Plaintiff further objects on the grounds that the phrase "since the inception of Iowa Medicaid, or the establishment of EAC" is overbroad, unduly burdensome, and goes beyond the time period of the complaint, seeking information not relevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff specifically objects to (d) to the extent that such documents are not in the possession or control of plaintiff.  To the extent that plaintiff can obtain such documents, it will produce them.

Subject to and without waiver of the aforesaid objections: the Medicaid director meets regularly with CMS and Susan Parker has provided statements to the federal government in the context of the State Plan Amendments.  To the extent that this interrogatory seeks information about each and every meeting it is unduly burdensome.  To the extent that other current and former employees have testified or given statements regarding the substance of this interrogatory plaintiff will supplement this response when that information is available.

**INTERROGATORY NO. 19**

**Describe each instance in which you allege the Defendants marketed the spread to Iowa providers.**

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers, the drugs at issue in the Iowa AWP litigation or the claims at issue in this case.  Plaintiff further objects on the grounds that

defendants seek information that defendants already possess.  Plaintiff further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds that it is unduly burdensome in that the case involves millions of instances in which defendants marketed the spread to Iowa providers, and defendants know, far better than Iowa and particularly given the early stage of discovery, who within each of their companies marketed the spread and when.  Plaintiff further objects to the extent the interrogatory seeks information subject to the common interest or other applicable privilege.  Plaintiff further objects to the extent the interrogatory calls for a legal conclusion.  Plaintiff further objects on the grounds that this interrogatory is a premature request for information at this stage in the proceedings, at the very beginning of discovery, and plaintiff will rely on documents and material it has not yet received from defendants.

Subject to and without waiving the aforesaid objections: each defendant caused to be published AWPs that neither reflected an average nor included relevant discounts such as contract pricing, rebates, administrative fees, free goods and other financial incentives offered by the defendant drug manufacturers.  Each defendant manipulated or "marketed" the spreads between these AWPs and the prices at which their subject drugs were available in the marketplace by a variety of techniques, including selling their drugs to providers based on the profit to be made due to the spread between reimbursement of AWP and cost, and secretly offering discounts, rebates or drugs at nominal prices, maintaining and/or raising their AWP while lowering the actual cost.  Plaintiff contends that a defendant marketed the spread *each time* it reported, published or caused an AWP to be published while providing discounts, rebates or other incentives that were not incorporated into or reflected in the reported AWP, in violation

of the Office of Inspector General Guidelines.  Plaintiff's ability to respond more thoroughly to this interrogatory is limited by the incomplete production of responsive information from defendants and the fact that responsive information is particularly within the control of defendants.  Plaintiff will supplement this response if and when additional information becomes available.

**INTERROGATORY NO. 20**

**For each Subject Drug, identify why the published AWP was allegedly false and what you contend the AWP should have been throughout the period for which you seek damages.**

Plaintiff objects to this interrogatory to the extent that it is a premature and unreasonable request for information given the early stage of discovery, and plaintiff will rely on documents and material it has not yet received from defendants.  Plaintiff further objects on the grounds that the true cost to acquire the subject drugs is in the possession of defendants, not plaintiffs. Plaintiff further objects to the extent the interrogatory seeks information subject to the common interest or other applicable privilege.  Plaintiff further objects to the extent the interrogatory calls for a legal conclusion.

Subject to and without waiver of the aforesaid objections: Exhibit B to plaintiff's complaint identifies false and misleading AWPs for each subject drug.  The AWPs therein listed are false and misleading because they were not tethered to the actual average price paid by a Pharmacy Provider for defendant's drugs, as required by federal law.  *See In re Pharm. AWP*, 460 F. Supp. 2d 277, 278 (D. Mass. 2006) ("the Court construes the statutory term according to its plain meaning and holds that AWP means the average price at which wholesalers sell drugs to their customers, including physicians and pharmacies."). These published prices included a

multitude of discounts, in violation of the Office of Inspector General Guidelines.   Once plaintiff is in possession of defendant's transactional data, including all sales, rebate and chargeback files, plaintiff will be able to identify what defendant's true AWPs should have been.   Alternatively, as indicated above, if defendants want a faster answer, they could review their own transactional data files now for this information as defendants cannot reasonably dispute (a) that they do not know the dead net sales price for each of their products at the unit level, and (b) that such information could have been reported to the publishing compendia in lieu of the false DPs, WLPs, WACs, SWPs and AWPs.

**INTERROGATORY NO. 21**

**For each generic Subject Drug, identify the period(s) of time during which your reimbursement of that drug was based on the published AWP and not a SMAC or FUL.**

Plaintiff objects to this interrogatory on the grounds that defendants are already in possession of plaintiff's Medicaid claims data that shows the exact reimbursement amount for every drug.   To the extent this interrogatory requires plaintiff to create a summary of the reimbursement for each generic subject drug at issue in this litigation, it is unduly burdensome. Plaintiff further objects on the grounds that defendants are aware of when drugs were subject to the FUL and plaintiff is providing defendants with a historic SMAC list, thus all other reimbursement was based on the published AWP.

**INTERROGATORY NO. 22**

**Except for communication by counsel in connection with this lawsuit, identify each instance of conversation, correspondence or other communications between you and any Defendant concerning drug pricing by date, subject matter and persons involved, and identify all documents concerning such communications.**

Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers, the drugs at issue in the Iowa AWP litigation or the claims at issue in this case.  To the extent that the interrogatory does not specify a time period, it is overbroad and unduly burdensome.  Plaintiff further objects on the grounds that the term "drug pricing" is vague, ambiguous, overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds that defendants seek information that is already in their possession.  Plaintiff further objects to the extent this interrogatory seeks information that is subject to the legislative, deliberative process, common interest or other applicable privilege.

Subject to and without waiver of the aforesaid objections: plaintiff is producing documents responsive to this interrogatory in response to Request No. 43 of Defendants' Document Requests and Request No. 2 of the Individual Defendants' Document Requests.


**<u>INTERROGATORY NO. 23</u>**

**Identify by author, recipient, date, form and content each representation made by any Defendant that you claim to be false, and for each such representation, describe with particularity how you relied upon it.**


Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome in that the case involves millions of false representations and defendants are already in possession of all of them, insofar as defendants control the published AWP and other published prices for their drugs. Defendants know, far better than Iowa and particularly given the early stage of discovery, who within each of their companies set and reported the false prices throughout the entire relevant time period.   Plaintiff further objects to the extent the interrogatory seeks

information subject to the common interest or other applicable privilege.  Plaintiff further objects to the extent the interrogatory calls for a legal conclusion.

Subject to and without waiver of the aforesaid objections: contrary their legal obligations, defendants caused prices to be published in the pricing compendia, such as First DataBank, Medi-Span and Redbook, that were unfair, false, misleading and inflated. Defendants reported these unfair, false, misleading and inflated prices from at least 1992 to the present. Plaintiff contends that *each time* defendants caused an unfair, false, misleading and inflated AWP to be published they made a false representation, and *each time* the AWP was used for reimbursement was a violation.  Defendants made these representations knowing that Iowa Medicaid calculated reimbursements to relevant providers based upon the reported AWPs and that Iowa was using the published prices to estimate providers' acquisition costs as required by federal law.  Defendants cannot argue that they were not aware of Iowa's Medicaid reimbursement formula as they were obligated by law to be aware of it.  *See Massachusetts v. Mylan Labs., Inc.*, 2008 WL 5650859, at * 25 ("Furthermore, having entered into the rebate agreements, the defendants were required, as a matter of law, to familiarize themselves with the legal requirements, standards and procedures of the Medicaid program.  These include the procedures and legal requirements applicable to reimbursements.") (internal citations omitted).

Furthermore, defendants are improperly attempting to shift the burden on plaintiff. Defendants had a legal obligation to publish or cause to be published true and accurate prices upon which they knew plaintiff would rely (*see id.*), and it should not have been plaintiff's burden to evaluate the accuracy of the published prices.

Plaintiff will respond further to this interrogatory once the necessary discovery is completed.

**INTERROGATORY NO. 24**

     **Identify all departments and agencies of the State of Iowa that have purchased and/or provided reimbursement for prescription drugs.**

     Plaintiff objects to this interrogatory on the grounds that it is overbroad insofar as it is not confined to the relevant Iowa Medicaid providers, the drugs at issue in the Iowa AWP litigation, reimbursements of Iowa Medicaid or the claims at issue in this case.  Plaintiff objects further on the grounds that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the grounds that the interrogatory is overbroad insofar as the only entity that is represented in this litigation is the Iowa Medicaid Program.  Plaintiff responds only on behalf of the Iowa Medicaid Program, and the identity of other agencies or departments that might have purchased or reimbursed providers for drugs is equally available to defendants through the discovery and subpoena process.  Plaintiff further objects on the grounds that the interrogatory is not properly confined to the State of Iowa's Medicaid reimbursement obligations as mandated by Iowa State statute and defendants' obligations to report accurate prices to the pricing compendia for use as the basis for Medicaid reimbursement.  Plaintiff further objects on the grounds that knowledge of one agency cannot be imputed to another, independent agency.  *See Massachusetts v. Mylan Labs., Inc.*, 2008 WL 5650859, at * 20 ("With the exception of certain circumstances not applicable here, a truly independent ... agency should not be charged with knowledge of what another is doing simply because both are components of the same ... government.") (internal citations omitted).  If independent agencies have no duty to report prices to each other, then even if one agency *is* aware of another agency's prices, which plaintiff is not admitting, it is not relevant.  *See id.* ("[The other agencies] had no duty to transmit this knowledge to DHCFP

[Massachusetts' Medicaid program].  DHCFP was a separate agency, and thus even were the knowledge of [the other agencies] sufficient to mount a government knowledge defense (which it is not), their knowledge will not be imputed to the Commonwealth.").  This interrogatory therefore seeks information that is not relevant to the claims at issue and is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 25**

**Describe in detail each category of damages for which you seek recovery from each Defendant in this action, including (i) the amount of damages; (ii) the methodology used in calculating or deriving that amount; and (iii) the facts or documents upon which you rely to support your claims as to the nature and extent of each category of damages.**

Plaintiff objects on the grounds that this interrogatory is duplicative of Document Request No. 22 in the Individual Defendants' Document Requests.  Plaintiff stated in its responses to those requests, and reiterates here, that initial responsive information has already been provided in the State of Iowa's Initial Rule 26 Disclosures, dated Feb. 27, 2009.

Dated: April 28, 2009

                                  Respectfully submitted,

                                  TOM MILLER
                                  ATTORNEY GENERAL FOR
                                  THE STATE OF IOWA

By:    /s/ Joanne M. Cicala
           Joanne M. Cicala (JC 5032)
           Jocelyn R. Normand (JN 0651)

           KIRBY McINERNEY LLP
           Special Counsel to the State of Iowa
           825 Third Avenue, 16th Floor
           New York, New York 10022
           (212) 371-6600

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on the 28th day of April, 2009, she caused a true and correct copy of the State of Iowa's Objections and Responses to Defendants First Set of Interrogatories to the State of Iowa to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

/s/ Jocelyn R. Normand
Jocelyn R. Normand
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 371-6600