# EXHIBIT
# D



27594855

Oct 16 2009
1:42PM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) |
| The State Of Iowa | ) MDL NO. 1456 |
| | ) Civil Action No. 01-12257-PBS |
| v. | ) Sub-Category Case No. 07-12141-PBS |
| | ) |
| Abbott Laboratories, Inc., *et al.* | ) |
| | ) Judge Patti B. Saris |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**STATE OF IOWA'S SUPPLEMENTAL**
**RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS**
**FOR PRODUCTION AND INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of Massachusetts and the Iowa case management order, following a meet and confer with Joint Defendants' counsel on September 18, 2009, memorialized by letters on September 25, 2009 and September 30, 2009, plaintiff the State of Iowa (hereinafter "plaintiff" or "Iowa") hereby supplements its responses to certain of Defendants' First Set of Requests for Production and Interrogatories. The State's original responses were served on March 5, 2009. Responses to Requests for Production and Interrogatories which are not being supplemented at this time are not repeated here.

## GENERAL AND SPECIFIC OBJECTIONS

Iowa adopts and incorporates the General and Specific Objections set forth in its previous responses to Defendants' First Set of Requests for Production and Interrogatories as if set forth fully here.

## SUPPLEMENTAL RESPONSES IN GENERAL

Plaintiff is re-evaluating certain of its privilege-based objections to defendants' requests for production and supplementing its production accordingly.

Subject to and without waiver of any general or specific objections, Plaintiff agrees to produce responsive and non-privileged materials concerning Iowa Medicaid whether or not such materials are related to drugs at issue and relevant Medicaid providers.

## SUPPLEMENTAL RESPONSES TO SPECIFIC
## REQUESTS FOR PRODUCTION

**REQUEST FOR P RODUCTION NO. 5**

**Any report prepared for or by the Iowa General Assembly evaluating the IME, including, but not limited to any evaluations of the IME's drug reimbursement policies.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff will investigate whether there are documents responsive to this request that are not publicly available and not privileged  and will produce such documents to the extent they exist and have not already been produced.

**REQUEST FOR P RODUCTION NO. 24**

**All documents created, maintained, or received by you under 42 U.S.C. § 1396a (a) (30), 42 U.S.C. § 1396a (a) (54), 42 C.F.R. 447.201 *et seq*., or 42 C.F.R. 447.502 *et seq*.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: (1) plaintiff will produce non-public, responsive non-privileged correspondence between HCFA/CMS and the State from 1992-2005 to the extent it exists and has not already been produced; (2) plaintiff already has made available to defendants responsive materials relating to the Iowa State Plan; (3) plaintiff will produce non-public, responsive non-privileged documents relating to AMPs and FULs from 1992-2005 to the extent they exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 26**

**All documents concerning reimbursement for pharmaceutical ingredient costs as means of subsidizing other medical services, procedures, costs, or equipment, or as a means of ensuring equal access to care for Medicaid beneficiaries under 42 U.S.C. §1396(a)(30).**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff agrees to produce non-public, responsive non-privileged documents from 1992-2005 to the extent they exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 38**

**All documents relating to the establishment and administration of Iowa's MAC program ("SMAC" program), including all invoices received from providers used in creating the SMAC program.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff has already produced to defendants invoices received from providers used in creating the SMAC program.  Plaintiff will produce a SMAC list from the date of inception of the program through the end of the relevant time period, January 13, 2003 – December 31, 2005.  Plaintiff will produce non-public, responsive non-privileged documents

relating to the establishment of the SMAC program to the extent they exist and have not already

been produced.

**REQUEST FOR PRODUCTION NO. 39**

**All documents constituting or concerning communications among or between members of APHSA, NASMD, the National Association of Attorneys General, MMCAP, NAMFCU, and/or any other multi-state public health association or organization concerning:**

      **(a)    the use of AWP as a basis for reimbursement by Iowa Medicaid;**

      **(b)    how AWP is determined or calculated by Iowa Medicaid; and**

      **(c)    the use of some benchmark or figure other than AWP as a basis for reimbursement by Iowa Medicaid.**

Without waiver of any of its general or specific objections, plaintiff supplements its

original response as follows: plaintiff agrees to produce non-public, responsive non-privileged

documents from 1992-2005 to the extent they exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 43**

**All documents concerning any communication or negotiation between you (or any individual or entity acting on your behalf), and any Defendant concerning reimbursement, pricing, costs or discounts of prescription drugs.**

Without waiver of any of its general or specific objections, plaintiff supplements its

original response as follows: plaintiff agrees to produce non-public, responsive non-privileged

documents from 1992-2005 between defendants and Iowa Medicaid to the extent they exist and

have not already been produced.

**REQUEST FOR PRODUCTION NO. 45**

**All documents relating to HCFA's decision in 1998 to disapprove Medicaid State Plans that base reimbursement for prescription drugs on undiscounted AWP.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff agrees to produce non-public, responsive non-privileged documents to the extent they exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 46**

**All documents concerning the revised AWP process provided by the United State Department of Justice and NAMFCU in 2000, including but not limited to documents concerning your decision to use or not to use the revised AWP prices in reimbursing for prescription drugs.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff agrees to produce non-public, responsive non-privileged documents to the extent they exist and have not already been produced.

**REQUEST FOR PRODUCTION NO. 50**

**All documents concerning any proceedings, including but not limited to lawsuits, administrative, or legislative proceedings, or criminal or civil investigations, in which your employees or agents have testified, provided statements, or been interviewed concerning the pricing or reimbursement of prescription drugs, or access to care.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff agrees to produce non-public, responsive non-privileged documents from 1992-2005 concerning Iowa Medicaid to the extent they exist and have not already been produced.

## SUPPLEMENTAL RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO.7**

**Identify all Persons currently or formerly employed by you or serving as a contractor to you with any knowledge of, responsibility for, involvement in, or influence on:**

**(f)** **establishing, considering, determining, calculating, or setting of the dispensing fees or fees for other professional services payable in connection with the supply or administration of Subject Drugs;**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows. Dispensing fees are mandated by the Iowa State Legislature. Plaintiff has made State Plan materials available to defendants. As previously expressed, Susan Parker is the Iowa Medicaid Program employee most knowledgeable about the submission of the State Plan, and Alisa Horn is the Iowa Medicaid Program employee most knowledgeable about the administration of the State Plan.

**INTERROGATORY NO. 10**

**Set forth all facts and identify and produce all documents created or prepared relating to your decisions:**

**(c)** **to change the dispensing fees associated with filling prescriptions for and/or administering prescription drugs under Iowa Medicaid.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff agrees to produce non-public, responsive non-privileged documents relating to Iowa Medicaid's decision "to change the dispensing fees associated with filling prescriptions for and/or administering prescription drugs under Iowa Medicaid" from 1992-2005 to the extent they exist and have not already been produced.

**INTERROGATORY NO. 11**

**Identify all departments, agencies, boards, commissions, organizations, consultants, accountants, task forces, or any other entity, including the members of such entities, that have reviewed or analyzed, at any time, your reimbursement of or expenditures for prescription drugs or dispensing fees, including but not limited to any State "medical care advisory committee" (42 C.F.R. § 431.12(b)).**

6

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: plaintiff has made available materials from Iowa Medicaid's fiscal agents from 1992-2005 which reviewed or analyzed "reimbursement of or expenditures for … dispensing fees."

Further supplementing its prior response, the Drug Utilization Review Commission (hereinafter "DUR Commission") and the Medical Assistance Advisory Council (hereinafter "MAAC") also may review Medicaid reimbursement rates. A list of MAAC members for 1992 through 1997 and 2005 is attached hereto as Appendix A.   In addition, a list of DUR Commission members from the fall of 1992 through 2009 is attached hereto as Appendix B. Plaintiff continues to investigate whether there are additional non-public, responsive non-privileged documents that identify members of the DUR Commission and the MAAC who "have reviewed or analyzed ... [Iowa's] reimbursement of or expenditures for prescription drugs or dispensing fees" from 1992-2005 and will produce such documents to the extent they exist and have not already been produced.

**INTERROGATORY NO. 24**

**Identify all departments and agencies of the State of Iowa that have purchased and/or provided reimbursement for prescription drugs.**

Without waiver of any of its general or specific objections, plaintiff supplements its original response as follows: the following departments and agencies of the State of Iowa have purchased and/or provided reimbursement for prescription drugs:

      a.  Department of Human Services;

      b.  Department of Public Health;

      c.  Department of Corrections;

7

    d.   Iowa Veterans Home;

    e.   Iowa State University; and

    f.   University of Iowa.

Dated: October 16, 2009

Respectfully submitted,

TOM MILLER
ATTORNEY GENERAL FOR
THE STATE OF IOWA

By:   <u>/s/ Joanne M. Cicala</u>
Joanne M. Cicala (JC 5032)
Jocelyn R. Normand (JN 0651)

KIRBY McINERNEY LLP
Special Counsel to the State of Iowa
825 Third Avenue, 16th Floor
New York, New York 10022
(212) 371-6600

8

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 16th day of October, 2009, she caused a true and correct copy of the State of Iowa's Supplemental [Objections and] Responses to Defendants' First Set of Requests for Production and Interrogatories to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

/s/ Kathryn B. Allen
Kathryn B. Allen
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 371-6600

9