UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 Civil Action No. 01-12257-PBS Subcategory Case No. 03-10643-PBS |
| THIS DOCUMENT RELATES TO: *The City of New York, et al.,* *v.* *Abbott Laboratories, et al.* | ) ) ) ) ) ) ) | Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO CERTAIN DEFENDANTS' AMENDED MOTION TO AMEND THE COURT'S FEBRUARY 9, 2010 AMENDED MEMORANDUM AND ORDER TO INCLUDE A CERTIFICATION OF AN IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)".**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 4

I.    CERTAIN DEFENDANTS' MOTION DOES NOT SATISFY CRITERIA FOR 28
      U.S.C. § 1292(b) APPEAL ................................................................................... 4

      a.    There is No Controlling Question of Law ............................................. 6

      b.    Certain Defendants Have No Reasonable Basis to Argue for a "Difference of
            Opinion"................................................................................................... 7

      c.    Certification Would Not Materially Advance the NY Counties' Litigation........ 13

II.   CAUSATION IS NOT AN ELEMENT OF SECTION 145-B AND
      REGARDLESS THE COURT FOUND CAUSATION.................................................. 15

# TABLE OF AUTHORITIES

## Cases

*Baylor*,
  469 F.3d at 267 ...................................................................................................... 6

*Blue Cross Blue Shield of New Jersey, Inc. v. Philip Morris USA Inc.*,
  3 N.Y.3d 200, 818 N.E.2d 1140, 785 N.Y.S.2d 399 (2004) ............................. 13

*Bradley v. Jusino*,
  No. 04-cv-8411, 2008 WL 4566792 (S.D.N.Y. Oct. 14, 2008) ......................... 9

*Camacho II*,
  369 F. 3d 570 (1st Cir 2004) ............................................................................ 6

*Camacho v. Puerto Rico Port Authority*,
  254 F. Supp. 2d 220 (D. Mass. 2003) ........................................................... 6, 7

*City of New York v. Smokes-Spirits.Com, Inc.*,
  12 N.Y.3d 616, N.E.2d 834 N.Y.S.2d 772 (2009) .................................... 12, 13

*Commonwealth of Massachusetts v. Mylan*,
  608 F. Supp. 2d. 127 (D. Mass 2008) .................................................. 1, 13, 17

*Cummins v. EG & G Sealol, Inc.*,
  697 F. Supp. 64 (D.R.I. 1988) ........................................................................ 15

*Estates of Ungar ex rel. Strachman v. Palestinian Auth.*,
  228 F. Supp. 2d 40 (D.R.I. 2002) ..................................................................... 5

*Hubbell, Inc. v. Pass & Seymour, Inc.*,
  1995 WL 464906 (S.D.N.Y. Aug. 4, 1995) ...................................................... 9

*In re 105 East Second Street Assoc.*, No. M-47(LLS),
  1997 WL 311919 ............................................................................................ 15

*In re Flor*,
  79 F.3d 281 (2d Cir. 1996) .................................................................. 5, 10, 11

*In re Heddendorf*,
  263 F.2d 887 (1st Cir. 1959) ............................................................................ 5

*In re Oxford*,
  182 F.R.D. at 53 (S.D.N.Y. 1998) .................................................................. 14

ii

*In re Pharm. Indus. Avg. Wholesale Price Litig.*,
　　339 F. Supp. 2d 165 (D. Mass 2004) ............................................................................ 17

*In re Pharm. Indus. Avg. Wholesale Price Litig.*,
　　No. 01-cv-12257, 2007 WL 1051642 (D. Mass. April 2, 2007)...................................... 17

*In re Pharm. Indus. Avg. Wholesale Price Litig.*,
　　No. 01-cv-12257, 2010 WL 307910 (D. Mass. Jan. 27, 2010)......................................... 1

*In re Pharm. Indus. Avg. Wholesale Price Litig.*,
　　No. 05-cv-11084, 2008 WL 163644 (D. Mass. Jan. 16, 2008)...................................... 3, 6

*In re Pharm. Indus. Avg. Wholesale Price Litig.*, No. 07-cv-11618, 2008 WL 2778808, at *1 (D.
　　Mass. July 15, 2008) ................................................................................................... 4, 5

*In re San Juan Dupont Plaza Hotel Fire Litig.*,
　　859 F.2d 1007 (1st Cir. 1988) ..................................................................................... 12

*McGillicuddy v. Clements*,
　　746 F.2d 76 (1st Cir.1984)........................................................................................... 12

*Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*,
　　71 F. Supp. 2d 139 (E.D.N.Y. 1999) ............................................................................ 11

*Natale v. Pfizer, Inc.*
　　379 F. Supp. 2d 161 (D. Mass 2005) .............................................................................. 6

*Pereira v. Aetna Cas. & Sur. Co.*,
　　921 F. Supp. 1121 (S.D.N.Y. 1996)............................................................................... 15

*Philip Morris Inc. v. Harshbarger*,
　　957 F. Supp. 327 (D. Mass 1997) ........................................................................... 6, 7, 8, 9

*Primavera Familienstifung v. Askin*,
　　139 F. Supp. 2d. 567 (S.D.N,Y. 2001)........................................................................... 14

*Runner v. New York Stock Exchange, Inc.*,
　　568 F.3d 383 (2d Cir. 2009)......................................................................................... 10

*SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*,
　　No. 06-cv-15375, 2007 WL 1119753  (S.D.N.Y. Apr. 12, 2007) ..................................... 5

*U.S. ex rel. LaValley v. First Nat. Bank of Boston*,
　　No. 86-cv-236, 1990 WL 112285 (D. Mass. July 30, 1990) ........................................... 13

*United States ex rel. Ven-A-Care v. Dey*,
　　2008 WL 163644 .......................................................................................................... 3, 4

*Wausau Business Ins. Co. v. Turner Const. Co.*,
151 F. Supp. 2d 488 (S.D.N.Y. 2001) .............................................................. 11

*Weber v. U.S.*,
484 F.3d 154 (2d Cir. 2007) ............................................................................. 9

*Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*,
964 F.2d 85 (2d Cir. 1992) ............................................................................... 6

*Williston v. Eggleston*,
410 F. Supp. 2d 274 (S.D.N.Y. 2006) ................................................... 4, 9, 15

## Statutes

22 N.Y.C.R.R. § 500.27 ............................................................................. 10

28 U.S.C. § 1292(b) ............................................................................. passim

Charles A. Wright et al.,
*16 Federal Practice and Procedure §3930* (2d ed. 1996) ........................... 6, 14

Federal Rule of Civil Procedure 54(b) .............................................................. 8

New York Soc. Serv. Law §145-b ............................................................. passim

## Other Authorities

James W. Moore et al.,
9 *Moore's Federal Practice*, P 110.22 .......................................................... 14

New York General Business Law ("GBL") § 349 .......................................... 3, 7, 16

## INTRODUCTION

"Certain Defendants"[1] motion does not satisfy the criteria of 28 U.S.C. § 1292(b) and should be denied.   The motion improperly seeks to introduce ambiguity where none exists and to delay trial of the New York Counties' Case.   This Court thoughtfully, properly and not surprisingly found that there was no causation requirement in New York Soc. Serv. Law §145-b.   *See In re Pharm. Indus. Avg. Wholesale Price Litig.*, No. 01-cv-12257, 2010 WL 307910 (D. Mass. Jan. 27, 2010); amended by __ F. Supp. 2d. __, (D. Mass. Feb. 9, 2010) ("*FUL Decision*"), slip op. at 21-24.   The ruling in this regard is entirely unremarkable as §145-b "serves the same purpose as other false claims acts which, like the federal False Claims Act, evaluate claims 'based on the potential effect rather than the actual result [because that] is more consistent with the underlying purpose."   *FUL Decision* at 23-24, citing *Commonwealth of Massachusetts v. Mylan*, 608 F. Supp. 2d. 127, 153 (D. Mass 2008) ("*Mylan*").   Notably, Certain Defendants' brief points to not a single case anywhere to the contrary.   Clearly, the only "difference of

---

[1] "Certain Defendants" are Mylan Pharmaceuticals, Inc. Mylan, Inc., UDL Laboratories, Inc., Par Pharmaceuticals, Inc., Par Pharmaceutical Inc., Purepac Pharmaceutical Co., Teva Pharmaceuticals USA, Inc., Ivax Corporation, Ivax Pharmaceuticals, Barr Laboratories. Inc., Watson Pharmaceuticals Inc., Watson Pharma Inc. and Wyeth.   *See* Certain Defendants Memorandum of Law in Support of their Amended Motion to Amend the Court's February 9, 2010 Amended Memorandum and Order to Include a Certification of an Immediate Appeal Pursuant to 28 U.S.C. §1292(b) ("Cer. Def. Mem.") [Dkt. No. 6911; Sub-Dkt. No. 205] at 1. Schering/Warrick, Sandoz and Dey, all of whom were named in the January 27, 2010 Order at issue did not subscribe to this motion.   *See In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257-PBS, 2010 WL 307910 (D. Mass. Jan. 27, 2010); amended at __ F. Supp. 2d. __, (D. Mass. Feb. 9, 2010).   To our knowledge, this represents the first time in the NY Counties' AWP litigation when defendants have not acted in unison on what is ostensibly a "common issue."

1

opinion" on the issue is Certain Defendants' and that, by itself, is not enough.  *See* Point I(b), *infra*.

The motion also makes no sense.  Certain Defendants say that "the Court determined that Defendants were liable under Section 145-b without determining whether Defendants caused any claim or rate of payment."  Certain Defendants' Memorandum of Law in Support of their Amended Motion to Amend the Court's February 9, 2010 Amended Memorandum and Order to Include a Certification of an Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) ("Cer. Def. Mem.") [Dkt. No. 6911; Sub-Dkt. No. 205] at 2.  Not only are Certain Defendants mischaracterizing the law, but this Court expressly determined that the false data defendants supplied was "the type of data which 'serves as the basis for a claim or a rate of payment' as it was 'exactly that data that CMS analyzed and relied upon as the starting point in setting FULs and the FULs were based upon that data.'"  *FUL Decision* at 24.  The Court determined that "the plaintiffs have presented sufficient evidence to demonstrate causation" and that "had defendants reported truthful prices, CMS would have known that it could accomplish this goal [of ensuring sufficient drug availability] with lower FULs and accordingly would likely have set FULs lower." *FUL Decision* at 32.  Certain Defendants behave as if these findings were not made; they were.

Nor does Certain Defendants' motion satisfy any of the three requirements for 28 U.S.C. § 1292(b) appeals. There is no controlling question of law presented, there is no reasonable basis to argue for a difference of opinion regarding any controlling question of

law and, perhaps most obvious, the relief sought would not materially advance the ultimate termination of the litigation.  *See In re Pharm. Indus. Avg. Wholesale Price Litig.*, No. 05-cv-11084, 2008 WL 163644, at *1 (D. Mass. Jan. 16, 2008) ("*United States ex rel. Ven-A-Care v. Dey*").   As in the *Ven-A-Care v. Dey* case, even if Certain Defendants prevailed on their § 145-b arguments, that victory would still leave at least the New York County Plaintiffs' claims for violation of New York General Business Law ("GBL") § 349, unjust enrichment and common law fraud to be litigated.  The damage analysis and expert work to which Certain Defendants refer at page 8 of their brief would still have to be done in the context of these other claims.   Indeed, the discovery and damages work required for § 145-b is a subset of the whole.  In addition, even if § 145-b were the only claim in plaintiffs' case (and it is not) and even if the New York Court of Appeals ultimately determined that causation was required for purposes of § 145-b liability (and it is not), the most that a victory on this motion could lead to would be (a) an ultimate re-affirmance of the numerous causal findings this Court has already made (i.e. that defendants' false price reports "caused FULs to be higher than necessary", for example, *FUL Decision* at 34) or (b) denial of plaintiffs' motion and a trial of the claim. In other words, even if Certain Defendants succeeded at every turn in the context of the issues presented on this motion, that success would not materially advance the termination of the litigation.  *See United States ex rel. Ven-A-Care v. Dey*, 2008 WL 163644, at *2 (certification of immediate appeal denied because even if Dey fully prevailed on their arguments, that victory would still leave claims to be litigated).

There is simply no judicial efficiency to be gained from the relief Certain Defendants seek.  28 U.S.C. § 1292(b) certification is neither required nor appropriate under these circumstances.  Certain Defendants' motion should be denied.

## ARGUMENT

### I.  CERTAIN DEFENDANTS' MOTION DOES NOT SATISFY CRITERIA FOR 28 U.S.C. § 1292(b) APPEAL

28 U.S.C. § 1292(b) provides for an immediate appeal where an order involves (1) a controlling question of law (2) for which there is substantial ground for difference of opinion **and** (3) the immediate appeal  may materially advance the ultimate termination of the litigation.  *See In re Pharm. Indus. Avg. Wholesale Price Litig.*, No. 07-cv-11618, 2008 WL 2778808, at *1 (D. Mass. July 15, 2008) ("*United States ex rel. Ven-A-Care v. Abbott*"); *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006).  All three criteria must be met for an immediate appeal pursuant to § 1292(b) to be appropriate.  *See Williston*, 410 F. Supp. at 276-77.  ("[I]n practice the courts treat the statutory criteria as a unitary requirement, and the decisions granting and discussing interlocutory appeals under 28 U.S.C. § 1292(b) uniformly cite all three of the elements as being present in any particular case.").  If a motion fails even a single prong, it will fail.  For example, in the *United States ex rel Ven-A-Care v. Dey* matter, this Court denied defendants' motion for certification because even though defendants had met the first two prongs, they "failed to meet their burden under prong three by showing that an immediate appeal from the order would materially advance the termination of the litigation to the degree necessary to warrant certification."  *United States ex rel. Ven-A-Care v. Dey*, 2008 WL 163644, at *1.

4

Similarly, in *United States el rel Ven-A-Care v. Abbott*, 2008 WL 2778808, at *3, this Court did not even consider whether the other prongs were satisfied once it determined that the relevant issue presented by defendant Abbott "[did] not involve a pivotal question of law."

Here, Certain Defendants' motion satisfies none of the § 1292(b) criteria. As set forth below, it does not involve a controlling question of law, there is no reasonable basis to argue a difference of opinion on the issue and the relief sought by the motion will not materially advance the termination of the litigation.  Further, even where all criteria are met (and here they are not), "[d]istrict court judges have broad discretion to deny certification …"  *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-cv-15375, 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007), and certification is warranted only in "exceptional cases."  *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).  *See also Estates of Ungar ex rel. Strachman v. Palestinian Auth.*, 228 F. Supp. 2d 40, 49-50 (D.R.I. 2002) ("certification for appellate review of an interlocutory order under § 1292(b) should be granted only in very rare circumstances. . . . This sentiment is widely shared across the circuits."); *In re Heddendorf*, 263 F.2d 887, 888 (1st Cir. 1959) (certification "should be used sparingly and 'only in exceptional cases where an intermediate appeal may avoid protracted or expensive litigation.'") (internal citations omitted).

This is entirely consistent with Certain Defendants' own authority *Camacho v. Puerto Rico Port Authority* ("*Camacho II*"), in which the First Circuit reaffirms that § 1292(b) "is meant to be using sparingly, and appeals under it are, accordingly, hen's-teeth

5

rare." *Camacho II*, 369 F. 3d 570, 573 (1st Cir 2004).  Certification was granted there

only because the entirety of plaintiff's (remaining) case was dependent on a finding that

the Puerto Rico Port Authority was an employer under the ADEA.  *Camacho v. Puerto*

*Rico Port Authority*, 254 F. Supp. 2d 220, 230 (D. Mass. 2003) ("*Camacho I*").

This is simply not an exceptional case.

### a.   There is No Controlling Question of Law

Certain Defendants' own authority tells us that a question of law is controlling if it

will materially affect the ultimate outcome of the litigation. *See Philip Morris Inc. v.*

*Harshbarger*, 957 F. Supp. 327, 330 (D. Mass 1997).  As this Court explained in *United*

*States ex rel Ven-A-Care v. Dey*,

> Typically, when an order is certified for interlocutory appeal, the
> question will potentially dispose of the entire lawsuit. *See Baylor*,
> 469 F.3d at 267-68 (granting Defendants' motion for interlocutory
> appeal and ultimately holding that all of the government's claims
> against defendants should be dismissed); *Natale v. Pfizer, Inc.* 379 F.
> Supp. 2d 161, 182 (D. Mass 2005) (where resolving a jurisdictional
> question would determine whether the action would be terminated in
> District Court and remanded to state court).

*United States ex rel Ven-A-Care v. Dey*, 2008 WL 163644, at *1.  There is no controlling

question of law if the litigation would proceed in the same manner regardless of the

motion's  disposition. *See* Charles A. Wright et al., *16 Federal Practice and Procedure*

*§3930* (2d ed. 1996) ("There is little doubt that a question is not controlling if the

litigation would be conducted in the same way no matter how it were decided.").  *See*

*also Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 88 (2d Cir. 1992)

(certification denied where it was unclear whether the "disposition of the[] issues [would]

6

materially advance the ultimate determination of this case […] many of the same factual issues relevant to that defense would still have to be litigated").

Here, as stated above, Certain Defendants cannot reasonably assert that their motion presents a controlling question of law given that it does not even touch plaintiffs' claims for violation of GBL §349, unjust enrichment and common law fraud. Defendants' motion for summary judgment on plaintiffs' GBL § 349 and common law fraud claims was denied. *FUL Decision* at 35, 37. The discovery, damages and expert work attendant with those claims will occur regardless what happens on § 145-b. Indeed, the §145-b discovery and experts work is a subset of the whole. In short, this is not a case such as *Camacho I*, cited by Certain Defendants at page 4 of their brief, where defendants' status as an employer was a condition precedent to plaintiffs' entire suit. *Camacho I*, 254 F. Supp. 2d at 230.

### b. Certain Defendants Have No Reasonable Basis to Argue for a "Difference of Opinion"

Certain Defendants misstate the second criteria of 28 U.S.C. § 1292(b). *Philip Morris Inc. v. Harshbarger* does not stand for the proposition that a "'substantial ground for difference of opinion' exists where there is no controlling authority." Cer. Def. Mem. at 5. Rather, the case explains that a substantial ground for difference of opinion can be found when an issue involves "one or more difficult and pivotal questions of law" that

are not settled by controlling authority, **and** when there is no "*precedent involving a similar or analogous statute*." *Philip Morris*, 957 F. Supp. at 330 (emphasis added).[2]

In that case, plaintiffs were four cigarette manufacturers who sued the Commonwealth of Massachusetts to enjoin it from enforcing a new tobacco ingredient and nicotine yield reporting law. *See id*. at 328. Count I of the complaint alleged that this law was preempted by federal law. *See id*. Both parties filed cross-motions for summary judgment on the preemption issue, and the district court denied plaintiffs' motion and granted defendants' motion. *See id*. Plaintiffs then moved for the entry of a final judgment under Count I pursuant to Federal Rule of Civil Procedure 54(b) and also requested the court to certify the summary judgment order for interlocutory appeal pursuant to § 1292(b), both of which the court granted. *See id*.

In certifying its order for interlocutory appeal, the court found that "it can be concluded that there is a 'substantial ground for difference of opinion' about an issue when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Id*. (internal citations omitted).[3] The court found that the Massachusetts law was a new enactment and "the question of its preemption has not been

---

[2] Lack of controlling authority in itself is insufficient to create a substantial ground for difference of opinion. Defendants try to make hay from the fact that no case addressing § 145-b establishes liability in the absence of criminal liability, as if that in itself was sufficient to create a substantial ground for difference of opinion. See Cer. Def. Mem. at 5. But even if defendants' characterization of all § 145-b cases is correct, and it is not, the fact that other cases involved criminal conduct does not translate into a criminal conduct requirement in § 145-b. No case says criminal conduct is required.

[3] The court also found that "[A] question of law is 'controlling' if reversal of the district court's order would terminate the action." *Id*. at 330. Unlike in the instant case, if the appellate

resolved by any directly controlling legal authority. *Nor is there any precedent involving a similar or analogous statute*." *Id*. (emphasis added).[4]

In other words, the *Philip Morris* court found that the "difference of opinion" prong was met not merely because no court had ruled on the issue, but because the issue it faced was a "difficult and pivotal question" *and* because no guidance could be obtained elsewhere "*involving a similar or analogous statute*." That is simply not the case here. There is a wealth of caselaw on the FCA and other state false claims acts, *FUL Decision* at 23, and Certain Defendants have not pointed to a single case that imposed a causation requirement on any of these statutes.

The absence of a ruling on the point from the New York Court of Appeals is irrelevant in this context. "Simply because a question of law has not been authoritatively addressed, however, does not make the question grounds for a substantial difference of opinion." *Williston*, 410 F. Supp. 2d at 277. *See also Weber v. U.S.*, 484 F.3d 154, 159 fn4 (2d Cir. 2007) (same); *Hubbell, Inc. v. Pass & Seymour, Inc.*, 1995 WL 464906, at *2 (S.D.N.Y. Aug. 4, 1995) (same). The only "difference of opinion" here is Certain Defendants', (which, again, is a subset of all FUL defendants, *see* fn. 1, *supra*). And, of course, that is by itself not enough. *See Bradley v. Jusino*, No. 04-cv-8411, 2008 WL 4566792, at *2 (S.D.N.Y. Oct. 14, 2008) ("Plaintiff's claim that the Court's ruling was

---

court had found that Massachusetts' law was preempted by federal law, the entire action would have been terminated. *See id*.

[4] The court also granted plaintiffs' motion for certification because the issue in question, preemption, "is an issue naturally appropriate for interlocutory appeal, and recently the First Circuit has entertained the issue under that procedure." *Id*. at 330.

incorrect, without more, does not demonstrate a substantial ground for difference of opinion.") (internal quotations omitted).  "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."  *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

Certain Defendants' reliance on *Runner v. New York Stock Exchange, Inc.*, 568 F.3d 383, 389 (2d Cir. 2009) is also misplaced.  Certain Defendants cite the case in support of the proposition that  "Where the question turns on an interpretation of New York law that has not been addressed by New York state courts, certification to the New York Court of Appeals is appropriate, especially when the intent of the New York legislature is an issue." Cer. Def. Mem. at 6.  But certification was appropriate in *Runner* because "according to [the Court's] search of electronic databases, in the last five years the New York Court of Appeals and the Appellate Division of the Supreme Court ha[d] examined roughly one-thousand appeals involving [the statue in question]."  *Runner*, 568 F.3d at 389.  Thus, in *Runner*, certification would serve to resolve varying holdings on the same issue that occurred as a result of the volume of cases involving the relevant statute.  *See id*. at 389, n.5.  That is simply not the case here.

Another mischaracterization: Certain Defendants posit that "it is the ***policy*** of New York State to permit all federal appellate courts to certify novel issues of New York law to the New York Court of Appeals."  Cer. Def. Mem. at 6 (emphasis added).  What is the support for Certain Defendants' sweeping proposition? A form. *See* 22 N.Y.C.R.R. § 500.27.  Cer. Def. Mem. at 6.  But the existence of a form does not a policy make and the

absence of a single case in support of Certain Defendants' whole-cloth proposition confirms that there is simply no such policy in operation in New York.  Moreover, even if there were such a policy, the issue presented by Certain Defendants' motion cannot reasonably be characterized as "novel" given that, as this Court already has explained, § 145-b serves the same purpose as other false claims acts which, like the Federal False Claims Act, evaluate claims based on the potential effect rather than actual result."  *FUL Decision* at 23.  Moreover, contrary to Certain Defendants' argument of "policy",  as set forth above, the Appellate Courts uniformly are opposed to certifying interlocutory orders unless under "exceptional circumstances."  *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).  "The statute must be strictly construed and 'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"  *Wausau Business Ins. Co. v. Turner Const. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) (internal citations omitted).  "As the court of appeals for the Second Circuit has repeatedly advised, section 1292(b) was designed to be a rarely used exception to the final judgment rule."  *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 161 (E.D.N.Y. 1999) (citations omitted).[5]  The First Circuit is equally reticent:

> Only rare cases will qualify for the statutory anodyne; indeed,
> it is apodictic in this circuit that interlocutory certification of

---

[5] In fact, as the *National Asbestos Workers Medical Fund* court found, over the decade prior to its ruling in 1999 there were slightly more than 40,000 appeals heard by the court of appeals for the Second Circuit from final judgments, 138 interlocutory orders were certified under § 1292(b) for appeal, and of those the court of appeals agreed to hear only 93.  *See id.* at 161.

> this sort "should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *McGillicuddy v. Clements*, 746 F.2d 76, 76 n. 1 (1st Cir.1984) … [W]e continue to believe that the instances where section 1292(b) may appropriately be utilized will, realistically, be few and far between.

*In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 n.1 (1st Cir. 1988).

Moreover, it is Certain Defendants' burden to demonstrate a difference of opinion and they clearly have not.  In an extremely convoluted manner, Certain Defendants try to analogize the situation at bar to one presented in *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 911 N.E.2d 834, 883 N.Y.S.2d 772 (2009).

In *Smokes-Spirits.Com*, the City of New York sued out-of-state cigarette retailers alleging that illegal marketing and shipment of cigarettes into the state deprived it of tax revenues.  *See id*. at 618.  The Second Circuit certified two questions to the New York Court of Appeals, neither of which related to the causation requirement of a GBL § 349 claim (contrary to Certain Defendants' assertion).  *See id*. at 618-19.  The case concerned whether injuries from smoking were direct or indirect (*see id*. at 622), and given that it was not clear whether  the New York State Legislature intended GBL § 349(h) to cover derivative harm,  to interpret it thus might lead to a tidal wave of litigation for derivative claims.  *See id*. at 622-23 (quoting *Blue Cross Blue Shield of New Jersey, Inc. v. Philip*

12

*Morris USA Inc.*, 3 N.Y.3d 200, 207, 818 N.E.2d 1140, 1144, 785 N.Y.S.2d 399, 403 (2004)).[6]

There is no logical connection between *Smokes-Spirit.Com* and the instant case. Certain Defendants have pointed to no authority whatsoever to support the proposition that causation is a requirement in § 145-b or any similar FCA statute, nor could they. Moreover, this Court specifically found that defendants' false statements here, as in *Mylan*, were the basis of a claim. *FUL Decision* at 24. Thus, it is entirely false to suggest that the FUL Decision could be read so as to pursue "potentially unprecedented liability against Defendants without any showing that their conduct was the cause of any claim or rate of payment." Cer. Def. Mem. at 7.

### c. Certification Would Not Materially Advance the NY Counties' Litigation.

The question of whether a controlling issue of law exists, while independently significant, aligns itself closely with the question of whether certification would materially advance dismissal of the litigation. *See U.S. ex rel. LaValley v. First Nat. Bank of Boston*, No. 86-cv-236, 1990 WL 112285, at *3 (D. Mass. July 30, 1990) ("However, 'a legal question cannot be termed "controlling" if litigation would be conducted in much the same manner regardless of the disposition of the question upon appeal.' *Hoyt*, 108 F.R.D. at 188. This approach effectively links the 'controlling

---

[6] Furthermore, contrary to defendants' assertions, the *Smokes-Spirits.Com* court did not apply a "heightened" causation requirement to a GBL § 349 claim. Cer. Def. Mem. at 6-7. Rather, the court found that plaintiffs did not meet the existing causation threshold because the court required "more than an allegation of 'but for' cause to state a claim for relief under section 349(h)." *Id.* at 623.

question' prong of § 1292(b) with the 'materially advance ultimate termination' requirement in most circumstances."). *See also* Charles A. Wright et al., 16 *Federal Practice and Procedure §3930* (2d ed. 1996) (stating that "the requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law").   For the third criteria of certification to be met, "the critical requirement is that it (an interlocutory appeal) have the potential for substantially accelerating the disposition of the litigation." *In re The Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978), (quoting James W. Moore et al., 9 *Moore's Federal Practice*, P 110.22 (2) at 260 (1975)).   An appeal should either advance the time for trial or shorten the time required for trial, and the advancement must be material.  *In re Oxford*, 182 F.R.D. at 53 (S.D.N.Y. 1998) (in securities fraud class action, court denied interlocutory review of question as to whether more than one lead plaintiff could be appointed given that resolution of the question would not advance ultimate termination of the litigation and there were no substantial grounds for difference of opinion in issue).  Stated otherwise, "certification is only warranted in 'exceptional cases' where early appellate review 'might avoid protracted and expensive litigation.'" *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d. 567, 570 (S.D.N.Y. 2001).  Here, an interlocutory appeal would not accelerate the litigation because plaintiffs' other claims would still have to be litigated and the discovery, expert and damages work required to prosecute those encompass that which would be required for purposes of § 145-b.  In other words, the § 145-b discovery, expert and damages work is a subset of the whole.

14

Moreover, the outcome of this interlocutory appeal would either be a re-affirmation of this Court's original rulings (including its findings that plaintiffs established causation and that defendants' false data was the basis of the FUL claims (*FUL Decision* at 31) or a denial of plaintiffs' motion which would mean the § 145-b claim would be tried to a jury. Where an appeal would not "result in the dismissal of any claims or defenses…[n]or would it resolve any other substantially dispositive issues in [the] proceeding," certification is not justified. *In re 105 East Second Street Assoc.*, No. M-47(LLS), 1997 WL 311919, at *3 (citing *Pereira v. Aetna Cas. & Sur. Co.*, 921 F. Supp. 1121, 1126 (S.D.N.Y. 1996)).

Ultimately, a § 1292(b) certification will only be granted, if at all, if *all three* criteria are met. *See Williston*, 410 F. Supp. 2d at 276-77. As set forth above, that is simply not the case here. There is no controlling question of law about which there was a substantial ground for difference of opinion, and perhaps most compellingly, there is no basis for defendants to suggest that an immediate appeal will materially advance the ultimate termination of the litigation. *See Cummins v. EG & G Sealol, Inc.*, 697 F. Supp. 64, 67 (D.R.I. 1988).

## II. CAUSATION IS NOT AN ELEMENT OF SECTION 145-B AND REGARDLESS THE COURT FOUND CAUSATION

These issues have been fully briefed and ruled upon numerous times. *See FUL Decision*; Plaintiffs Memorandum of Law in Support of Motion for Partial Summary Judgment on Issues Relating to the Federal Upper Limit and Under New York Social Services Law § 145-B ("Pl. FUL Opening Brief") [Dkt. No. 6077, Sub-dkt. No.78];

Plaintiffs' Memorandum of Law in Opposition to Defendants' Joint Motion for Summary Judgment on Plaintiffs' "FUL Fraud" Claims and in Further Support of Plaintiffs' Motion for Partial Summary Judgment on Their § 145-b Claim ("Pl. FUL Opp.") [Dkt. No. 6147, Sub-dkt. No. 101]; Plaintiffs' Reply Memorandum of Law in Support of Motion for Partial Summary Judgment on Issues Relating to the Federal Upper Limit and Under New York Social Services Law § 145-B ("Pl. FUL Reply Brief") [Dkt. No. 6223, Sub-dkt. No. 117]; Plaintiffs' Reply to Defendants' Response to the Supplemental Brief of the United States on the Federal Upper Limit [Dkt. No. 6766; Sub-dkt. No. 190]. This Court has already heard – and rejected – Certain Defendants' arguments that the language "basis for a claim" somehow magically creates a causation requirement where none exists. *FUL Decision* at 21-22. Certain Defendants bring no new arguments to the table. Though the law does not require a showing of causation, the Court nevertheless ruled that plaintiffs did in fact establish that defendants' false prices caused damage to plaintiffs. *FUL Decision* at 21-24, 33.

Certain Defendants look to cases interpreting GBL § 349 to import a causation requirement where none exists in § 145-b. Cer. Def. Mem. at 10-11.[7] The requirements of GBL § 349 (and plaintiffs do not concede that Certain Defendants have presented them accurately) are irrelevant here. Certain Defendants cannot find a case requiring causation

---

[7] Inexplicably, Certain Defendants state that "the New York Court of Appeals has interpreted New York statutes to include the element of causation from other phrases when no such element is explicitly stated" referring to GBL § 349. Cer. Def. Mem. at 10. Plaintiffs do not dispute that GBL § 349 contains a causation requirement. GBL § 349 has nothing to do with § 145-b.

for § 145-b (or any statute resembling a FCA) because *there simply is no such requirement*.  Certain Defendants attempt to distinguish between making a claim directly to the government and providing the reported prices used in the claims.  Cer. Def. Mem. at 14.  By their reasoning, defendants' "false statements or representations" were not a claim for payment made to the state but representations made to the publishing compendia, thus plaintiffs must prove that they served as a basis for the claims made to the government and therefore there is a causation requirement.  Cer. Def. Mem. at 14. The Court has rejected this proposition repeatedly.  *See, e.g., FUL Decision* at 21 ("the Defendants' reporting of inflated prices with the effect of increasing reimbursement to providers constitutes false statements made 'on behalf of providers.'"); *In re Pharm. Indus. Avg. Wholesale Price Litig.*, No. 01-cv-12257, 2007 WL 1051642, at *11 (D. Mass. April 2, 2007) ("*NY Counties I*") (agreeing that "defendants received public funds within the meaning of the statute when they fraudulently manipulated wholesale prices in order to increase Medicaid reimbursements to providers."); *In re Pharm. Indus. Avg. Wholesale Price Litig.*, 339 F. Supp. 2d 165, 179 (D. Mass 2004) ("Suffolk I") (Court determined that defendants did not have to make a false claim directly to the government for liability under § 145-b to attached; defendants' false statements to publishing companies that were the basis for the providers' false claims was sufficient).  *See also Mylan*, 608 F. Supp. 2d 127, 145 (D. Mass. 2008) (holding that though manufacturers did not directly submit claims to the State, "the claims here were 'predicated on an underlying fraudulent pricing scheme,' [and] [t]he defendants are thus chargeable with

17

causing false claims to be presented."). The *FUL Decision* adopts this concept in confirming that Section 145-b "imposes liability 'when any portion of the funds from which payment was attempted or obtained are public funds,' with no limitation imposing a causation requirement when the false statement is a 'report of data.'" *FUL Decision* at 22. Because CMS relied upon defendants' falsely reported data and FULs were in turn based upon that data, the defendants attempted to obtain public funds on behalf of providers by means of those false statements and thus liability attaches. *See id*. at *9. Further, the Court specifically ruled that the false data defendants supplied was "the type of data which 'serves as the basis for a claim or a rate of payment' as it was 'exactly that data that CMS analyzed and relied upon as the starting point in setting FULs and the FULs were based upon that data.'" FUL Decision at 24. The Court determined that "the plaintiffs have presented sufficient evidence to demonstrate causation" and that "had defendants reported truthful prices, CMS would have known that it could accomplish this goal [of ensuring sufficient drug availability] with lower FULs and accordingly would have likely set FULs lower." *FUL Decision* at 33. Thus, as stated above, even though there is no causation requirement in § 145-b, the Court nonetheless ruled that plaintiffs met that burden.

Not content with their attempt to import a causation requirement from Section 349, Certain Defendants next use tortured logic to try to morph § 145-b into a fraud statute that then requires causation. Cer. Def. Mem. at 15-16. By their own words, "the phrase 'other fraudulent scheme or device' . . . *injects* the elements of fraud into the

entire statute." Cer. Def. Mem. at 15 (emphasis added).  The reasoning continues: a fraudulent scheme requires fraud, fraud requires causation, therefore § 145-b requires causation.  Certain Defendants cannot and do not cite any authority for this proposition, nor could they.  Section 145-b on its face does not require causation.  *See* Pl. FUL Opening Brief at 16-20; Pl. FUL Reply Brief 5-7.

## CONCLUSION

For all the foregoing reasons, Certain Defendants' motion should be denied in its entirety.

Dated: February 22, 2010

Respectfully submitted,

**City of New York and New York Counties in MDL 1456 except Nassau and Orange by**

**KIRBY McINERNEY, LLP**
825 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala_____

By:   Joanne M. Cicala
James P. Carroll, Jr.
Jocelyn R. Normand
Kathryn B. Allen

Ross B. Brooks, Esq.
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY  10119
(212) 594-5300
*Special Counsel for the County of Nassau*

Theresa A. Vitello, Esq.
**LEVY PHILLIPS &**
**KONIGSBERG, LLP**
800 Third Avenue
New York, NY  10022
(212) 605-6205
*Counsel for the County of Orange*

20

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on the 22nd day of February, 2010, she caused a true and correct copy of Plaintiffs' Memorandum of Law in Opposition to Certain Defendants' Amended Motion to Amend the Court's February 9, 2010 Amended Memorandum and Order to Include a Certification of an Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) to be delivered to counsel of record for defendants by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

/s/ Jocelyn R. Normand
Jocelyn R. Normand
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 371-6600