# Exhibit D

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-5562
dstorborg@jonesday.com

March 6, 2008

VIA EMAIL

M. Justin Draycott, Esq.
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004

      Re:    *United States ex rel. Ven-A-Care of the Florida Keys v. Abbott Laboratories, Inc.*

Counsel:

      Thank you for your letter of March 3, 2008 summarizing the status of Government's responses to Abbott's Requests for Production of Documents ("RFPs") in the above-referenced matter. Your letter was timely, as it came as we were cataloguing a list of outstanding issues relating to Abbott's RFPs.

      Without waiving any issues raised in previous correspondence, this letter is an effort to set forth in one place our outstanding concerns or questions relating to the Government's responses to Abbott's document requests (apart from those issues already before the Court, such as materials withheld or not searched under an assertion of the deliberative process privilege). It is our hope that this letter will serve as an agenda for a final meet-and-confer between the parties on these issues and, where possible, avoid the need for motions practice.

      **OIG Workpapers.** Thank you for clarifying those OIG reports for which the Government has been unable to locate and produce workpapers or other documentation. It is unfortunate that the Government has been unable to locate the supporting material for many of the most important (and early) OIG reports relating to Medicaid program's payment for drugs, including the 1984 report titled "Title XIX of the Social Security Act, Limitation on Payment or Reimbursement for Drugs," the OIG report titled "Use of Average Wholesale Price in Reimbursing Pharmacies Participating in Medicaid and the Medicare Prescription Drug Program"), the 1991 report titled "Comparison of Reimbursement Prices for Multiple Source Prescription Drugs in the United States and Canada," and the 1997 report titled "Medicaid Pharmacy – Actual Acquisition Cost of Generic Prescription Drug Products."

      These are not collateral reports. They are directly relevant to the disclosure of differences between AWP and acquisition cost (the price inflation aspect of your allegations), and have been featured prominently in our questioning of Government witnesses. Given the Government's failure to take timely efforts to retain documents, the materials contained in the

M. Justin Draycott, Esq.
March 6, 2008
Page 2


OIG workpapers would have assisted Abbott and the fact-finder in reconstructing the facts as they actually occurred. For example, its highly likely that these files contained newspaper articles that publicly disclosed the issues surrounding AWP and which are at issue here. It is upsetting that these materials were likely destroyed while the Government was investigating and building its case against Abbott and others.

On another matter relating to OIG reports, we have previously asked the United States to produce the workpapers and other material associated with OIG's April 2007 report titled "States' Use of New Drug Pricing Data in the Medicaid Program" (OEI-03-06-00490). *See* Torborg Letter of 7/27/07. We have explained the relevance of this material in detail during at least two meet-and-confers. Abbott has been very reasonable in identifying those OIG reports for which it has asked the Government to produce the supporting files; we have not requested the files for a large number of drug-related reports recently published. The United States has produced the working paper files for many OIG reports dated after 2001, and it is apparent that the Government's unwillingness to produce the files for OEI-03-06-00490 is a strategic attempt to avoid producing documents such as those produced in connection with the 2001 OIG report titled "Medicaid's Use of Revised Average Wholesale Prices." We once again ask that you reconsider your position.

In addition to the April 2007 report, we also ask that the United States produce the workpapers and material associated with the January 2008 OIG report titled "Review of the Relationship Between Medicare Part D Payments to Local, Community Pharmacies and The Pharmacies' Drug Acquisition Costs" (A-06-07-00107). This report was made public only after the Court's December 18, 2007 order. The relevance of this report should be self-evident, and has been discussed in recent Abbott briefing. Please inform us if the Government will produce the workpapers for this report.

**Carrier Arrays.** We estimate that over 50 Part B Carrier locations and several DMERCs processed the Medicare claims at issue in the case.[1] Since the beginning of discovery, Abbott has requested production of documents, such as arrays, indicating how each Carrier determined the payment amounts for the claims at issue. It appears that the United States has produced arrays from some, but certainly not all, of the Carrier and DMERC locations. Even for those Carriers and DMERCs that have produced arrays, those productions uniformly have been incomplete (i.e., the arrays produced do not cover all of J-Codes for all of the years). Many of the arrays were produced only after Abbott noticed the depositions of particular Carriers and DMERCs.

Abbott will assume that the Government and its contractors have been diligent in their searches, and will have located and produced all responsive array information that still exists by

---

[1] Many Part B Carriers have multiple locations (*e.g.*, AETNA, Arkansas Blue Shield). The extent to which different locations of a given Carrier separately calculated drug payment amounts is unclear.

M. Justin Draycott, Esq.
March 6, 2008
Page 3

March 31, 2008.  We will move to exclude any array information not produced by March 31, 2008, and any testimony (expert or otherwise) that relates to or relies on any array information not produced by March 31, 2008.

**October 22, 2002 Memorandum/HHC004-0188 – 90 ("Review of Medicaid Drug State Plan Amendments").**  In my letter of January 23, 2008, we asked the Government to produce the final copy of the document bearing Bates numbers HHC004-0188 – 90.  The Government produced a heavily redacted version of the document on February 22, 2008 through an email from Ani Martinez.  We subsequently asked the Government to indicate the basis for producing a redacted version of the document—given the production of the draft version of the document and extensive testimony about the document—and reconsider its position.  *See* Cook emails of 2/25/08 and 2/29/08.  On March 3, 2008, Ms. Martinez indicated that the Government redacted portions of the document under the deliberative process privilege.  She did not address the waiver issue.  We believe we have fulfilled our duty to meet-and-confer on this subject.

**Custodian Searches.**  Please confirm that, with the exception of Mary Riordan, the Government has searched for and produced documents from the hard copy and electronic files (including emails) of each of the individual custodians identified in Abbott RFP 25 (first set) and my letter of June 27, 2007.  As to Ms. Riordan's files, please state explicitly that the Government has been unwilling to perform a search and production from her files, despite Abbott's agreement that it would be unnecessary to log protected communications between Ms. Riordan and her client, the United States Government (including CMS, OIG, and DOJ).  *See* Torborg Letter of 6/27/07.

In addition, please confirm that the Government is and remains unwilling to utilize the search terms supplied in my letter of August 15, 2007.

**Claims Data.**  We have several outstanding issues concerning claims data.  First, we have asked you to identify contacts at the States to address questions that have arisen from the claims data produced to us through the DOJ.  *See* Torborg Letter of 2/14/08.  Please provide that information.

Second, my February 14, 2008 letter also asked the Government to "confirm that the United States has produced all relevant state Medicaid data in its possession, including data collected in connection with the prosecution of this case."  *See also* Torborg Letter of 8/31/07.  Please provide the requested confirmation, or produce any remaining state Medicaid data in the Government's possession, including at the DOJ.  If you do not provide the requested confirmation, you leave us little choice but to seek judicial relief that is likely unnecessary.

Third, we not believe that the Government has produced to Abbott a full set of the MSIS data.  We received a sample of this information on August 21, 2007.  We requested the

JONES DAY

M. Justin Draycott, Esq.
March 6, 2008
Page 4


remainder of the responsive data in my letter of August 31, 2007.  Please provide the full data set.

Fourth, we have repeatedly requested information – such as a provider look-up table – that will allow us to determine the names of the providers who submitted the allegedly false claims at issue in the case.  *See* Torborg Letters of *9/6/07 and 1/17/08*.  Ms. Oberembt's letter of January 24, 2008 did not address this specific issue.  Please provide the requested information, or state explicitly that the Government is unwilling to provide the requested information.

Finally, we are still confirming whether the replacement set of Medicare data that you recently sent will provide answers to the questions contained in my letter of January 18, 2008.

**Claims Forms/Submissions.**  Abbott has repeatedly requested at least a "representative sample" of the actual claims forms/submissions at issue in the case.  *See* Torborg Letter of 3/27/07.  We set forth our view of what a representative sample would include on page 5 of a motion to compel we filed on May 1, 2007.  Under applicable law and Judge Saris' previous rulings in AWP litigation, we believe we are entitled to at least a sample of the false claims at issue.  We also ask that the Government produce all claims forms that the Plaintiffs intend to use at the trial of this action.

In response to my March 27, 2007 letter, you indicated that you did "not believe that Abbott's request for sample claims is necessary or would be useful at this stage."  Draycott Letter of 4/13/07.  We are now at the end of discovery, and we repeat our request for a representative sample.  Please provide the requested sample, or state explicitly that you are unable or unwilling to do so.

**Documents Received From Third Parties.**  Please confirm that the United States has produced, in accordance with the parties' agreement, all documents received in response to its third-party subpoenas.  *See* Ford Letter of 8/22/07.  Please also advise me whether the Government has additional material to produce and what steps, if any, that Abbott must take to obtain these documents.

During a phone call that Hilary Ramsey and I had with Rebecca Ford, Ms. Ford agreed to determine whether any of the third parties produced materials to the Government in electronic, native format.  Subsequent to this call, I learned that MHA had produced large amounts of documents in native form which, contrary to Abbott's explicit instructions, were not produced to us in native format.  We are concerned that, in asking Abbott to reimburse expenses associated with producing the third-party documents, the Government may be seeking reimbursement for the unnecessary costs of imaging and loading native files.  In any event, please advise us whether there are additional documents received from third parties which were produced in native format and, if so, confirm that the United States intends to provide those documents to Abbott in native form.

M. Justin Draycott, Esq.
March 6, 2008
Page 5

      In addition to documents received in connection with Rule 45 subpoenas in this case, please confirm that the United States has produced all "non-privileged documents in its possession which are responsive to defendants' discovery requests (subject to appropriate protective orders for propriety information contained therein) regardless of how the Government obtained the documents." Draycott Letter of 3/7/07. If there are additional documents that have not been produced, please explain what documents exist and what steps Abbott must take to obtain the documents. Further, in a letter dated March 29, 2007, I asked the Government to "provide a log or other description of any third-party documents withheld on privilege grounds." I do not believe that such a log has been produced. Please confirm that the Government is unwilling to provide such a log.

      **Discovery Relating to Drugs Not Named in the United States Complaints.** At the beginning of discovery, the parties discussed and debated the discoverability of evidence relating to drugs not named in the United States complaint. *See* Torborg Letter of 12/13/06; Draycott Letter of 1/5/07. Abbott has consistently maintained that all documents, regardless of what drugs (if any) are mentioned in the document, that relate to the Government's knowledge of differences between published prices and acquisition costs (the "margin" or the "spread"), the marketing of the spread, or Government policy concerning payment amounts should be produced. *See* Torborg Letter of 12/13/06.

      In a letter dated January 5, 2007, you stated: "With respect to Mr. Torborg's reference to documents relating to 'policy in the area of drug reimbursement generally,' we continue to reserve our general and specific objections previously stated in response to individual discovery requests. We agreed to work with defendants going forward to identify materials that are responsive, not unduly burdensome to locate and produce, or which are not covered by privilege or subject to other protection."

      Please explain the policy the Government has adopted in searching for and producing *non-privileged* documents that do not specifically mention the Subject Drugs or Abbott but, that relate to the Government's knowledge of difference between published prices and acquisition costs, the marketing of the spread, and Government policy concerning payment amounts.

      **Deposition Transcripts.** The parties have previously discussed, and we believe reached agreement upon, the production of deposition transcripts from other AWP-related proceedings. *See* Winchester email of 11/9/07; Brooker Letter of 10/31/07; Torborg email of 10/29/07. In a letter dated October 31, 2007, Ms. Brooker seemed to ask Abbott to reach out to every pharmaceutical manufacturer to obtain written consent to receive transcripts that may or may not even exist. That is not practicable, and it is not consistent with Abbott's more reasonable approach of advising the Government of the specific AWP-related transcripts in its possession. We ask that you please provide what Abbott provided: a list of the transcripts in your possession

M. Justin Draycott, Esq.
March 6, 2008
Page 6


so that we can obtain any necessary written approvals.  Please provide that list or state explicitly that you are unwilling to do so.

**Privilege Logs.**  Please confirm that, with the exception of documents from the CMS Office of Legislation, CMS's Official Rulemaking files, and the files for counsel for CMS and OIG, every document withheld by the Government in response to Abbott's RFPs has been listed on a privilege log.  If you are unable to make that confirmation, please provide updated privilege logs.

**Document Preservation and Collection Memoranda.**  Please confirm that you have produced all documents (in unredacted form) concerning the preservation or collection of documents responsive to Abbott's RFPs and/or AWP-related litigation, or state explicitly that you are unwilling to do so.  *See* Abbott Interrogatories 16 & 18.  Please confirm that any such documents that have not been produced are included on a privilege log.

**Documents Released from Privilege.**  In a letter dated September 18, 2007, I inquired about instances where a Government privilege log indicates that certain documents were "released" with redactions, but Abbott has not been provided these documents.  I identified the following documents:  HHC001-0460; HHC901-0711, 13 & 15; HHC901-0840; HHC901-0878; HHC901-0941 – 43; HHC903-0593 – 94; HHC903-0835, 837 – 40; HHC904-0008 – 42; HHC904-091 – 115; HHC906-0336; HHC906-0514 – 15, 519 – 20, 529 – 36; HHC907-0074 – 75; HHC907- 0432 – 40; HHC907-0830 – 32, 834 – 36; and HHC907-0997 – 98.  I repeated the inquiry on January 7, 2008.  Your email of February 8, 2008 addressed certain other issues raised in my September 18, 2007 letter, but did not address this issue.  Please produce the identified documents, or explain why they have not been produced.

**HHC901-0085 – 92.**  In an email dated September 20, 2007, I indicated that the document at HHC901-0085 – 92 was incomplete.  I noted that the immediately preceding Bates numbers (HHC901-0001 – 84) were neither produced nor logged.  I repeated the inquiry on January 17, 2008.  On February 8, 2008, you indicated in an email that this particular inquiry had fallen through the cracks and that you expected to get me an answer by the next week.  Please provide an update on this issue.

**Specific RFP Questions – First Set**

**RFP 31.**  Abbott's RFP 31 asked for copies of all federal supply schedules listing the Subject Drugs.  Your letter of January 5, 2007 stated:  "This does not appear to be a category of documents that CMS has in its possession.  We do not object to producing these items.  However, we need to further confer with you in order to obtain and produce documents in this category."  Please confirm that you have searched for and produced copies of the FSS in the possession of CMS or OIG.

M. Justin Draycott, Esq.
March 6, 2008
Page 7


**RFPs 33, 34, 35, and 36.**  Broadly speaking, RFPs 33, 34, 35, and 36 concern the subjects of dispensing fees, professional fees, cross-subsidization, and the need to assure access to care.  In addition to citing the deliberative process privilege, your objections claimed that such documents "are neither relevant to the claims and defenses of any party nor reasonably calculated to the lead to the discovery of admissible evidence."  Abbott strongly disagrees with any suggestion that documents responsive to these requests would be irrelevant.  Please confirm that the Government has searched for and produced all non-privileged documents responsive to Abbott RFPs 33, 34, 35, and 36.

**RFP 50.**  Please confirm that the Government has searched for and produced all non-privileged documents responsive to Abbott RFP 50, which concerns a September 2002 meeting in Bucks County, Pennsylvania involving Representative James C. Greenwood (R-PA) and former CMS Administrator Tom Sculley.  Your response indicated that the Government may supplement its response to this request.

**RFP 56.**  Please confirm that the Government is not willing to produce the disclosure statement(s) served by Ven-A-Care in this case.

**RFPs 61 & 62.**  Please confirm that the Government has searched for and produced all non-privileged documents responsive to Abbott RFPs 61 and 62, which concern the October 2, 1996 letter from Ven-A-Care to Dr. Bruce Vladeck (subsequently marked as Abbott Ex. 24).  Your response indicated that the Government may supplement its response to these requests.

**Specific RFP Questions – Second Set**

**RFP 10.**  RFP 10 requests materials relating to a proposed regulation titled "Medicare Program; Payment for Home Intravenous Drug Therapy Services," published at 54 Fed. Reg. 46,938 through 46,953.  Your response indicated that the Government would "make non-privileged material responsive to this request available for review by defendants."  Please advise us if the Government has located that material and, if so, its volume.  If the Government is unwilling to produce copies of the material, please identify a time when the Government will make the responsive material available for review.

**RFP 3.**  Please confirm that the Government has searched for and produced all state MAC schedules relating to the Relevant Claim Period in its possession.

**RFP 6.**  Please confirm that the United States has produced all documents mentioned, quoted, or described in the DOJ's October 27, 1999 presentation to representatives of Abbott Laboratories.

**RFP 8.**  Please confirm that the Government has produced all communications from HCFA/CMS to manufacturers providing any direction, instruction, or guidance concerning the

M. Justin Draycott, Esq.
March 6, 2008
Page 8

reporting of drug prices, including all "Drug Manufacturer Release" memoranda issued during the Relevant Claim Period.

**Documents Called for Through Specific Interrogatories**

      **Abbott Interrogatory No. 4.**  Please confirm that you have searched for and produced all documents that concern the subject matter of this interrogatory, which relates to individuals or entities that were made aware of the Ven-A-Care Qui Tam Complaint, the affiliated disclosure statement, or the allegations in the Ven-A-Care complaints.

      **Abbott Interrogatory No. 25.**  Please confirm that you have searched for and produced all documents that concern the subject matter of this interrogatory, which relates to why Federal Upper Limits were not established for the Subject Drugs.  If you are aware of any documents responsive to this interrogatory, please identify those documents by Bates number.  *See also* RFP 40 (first set).

      **Abbott Interrogatory No. 26.**  Please confirm that you have searched for and produced all documents that concern the subject matter of this interrogatory, which among other things requests production of all documents that would support Ven-A-Care's allegation that Abbott "knowingly and actively impeded the efforts of the Government: to arrive at reasonable estimates of acquisition cost in setting payment amounts for claims for the specified drugs; to benefit tom drug price competition; and to use the Government's huge purchasing power for the benefit of the taxpayer."  If you are aware of any documents responsive to this interrogatory, please identify those documents by Bates number.

      **Abbott Interrogatory No. 28.**  Abbott Interrogatory No. 28 calls for any and all documents concerning the findings and assurance contemplated in 42 C.F.R. § 447.333.  Please confirm that the Government has searched for and produced all responsive material, including any material that might exist at CMS's regional offices.  Your interrogatory response refers to Rule 33(d) and indicates responsive documents have been produced, but does not identify specific Bates numbers.  Please identify the specific Bates numbers.

      Thank you for your prompt attention to these matter, and please feel free to schedule a call to address the outstanding issues.

JONES DAY

M. Justin Draycott, Esq.
March 6, 2008
Page 9

                                              Sincerely,

                                              /s/ David S. Torborg

                                              David S. Torborg

cc:    Counsel for United States
        Counsel for Ven-A-Care
        Counsel for Dey
        Counsel for Roxanne