# Exhibit F

DEPARTMENT OF HEALTH & HUMAN SERVICE     
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, Maryland 21244-1850

JSM/TDL-07059, 12-13-06

MEMORANDUM

**DATE:**     January 8, 2007

**FROM:**     Director, Financial Services Group
              Office of Financial Management

              Director, Medicare Contractor Management Group
              Center for Medicare Management

              Project Officers, Medicare Contractor Management Group
              Center for Medicare Management

**SUBJECT:**  Production of Documents Related to Pharmaceutical Litigation

**TO:**       All Carriers, Durable Medical Equipment Regional Carriers (DMERCs),
              Durable Medical Equipment Medicare Administrative Contractors (DME
              MACs), and All Part A and Part B MACs (A/B MACs)

              **Note: Please treat this memorandum as a confidential communication. Do
              not inform any outside organization, including any provider or
              pharmaceutical manufacturer, about this memorandum or the guidance
              contained herein.**

The federal government is litigating healthcare fraud cases against many pharmaceutical
manufacturers. In some cases, the government alleges intentional misreporting by these
manufacturers of the average wholesale price (AWP) of their Medicare Part B reimbursable
drugs. As part of this litigation, defendant manufacturers seek documents from the Centers
for Medicare and Medicaid Services (CMS) and its contractors regarding drug pricing and
reimbursement. In 2004, many contractors received multiple federal court subpoenas
requesting information related to the use of AWP and pricing information for particular
manufacturers and their drugs. The requested documents were collected and produced
pursuant to Joint Signature Memorandum (JSM)-40 (Jan. 2, 2004) and JSM-116 (Feb. 13,
2004).

Now litigation against different manufacturers is progressing. Therefore, these new
defendants seek information related to their particular drugs. While we do not expect our

HHD927-0001     F

RELEASED

contractors to reproduce documents produced in 2004, it is necessary to produce information not previously collected. The purpose of this memorandum is to provide instructions and guidance regarding production of further documents related to these new cases.

Specifically, we are seeking assistance with four tasks: 1) produce documents related to the current litigation, 2) identify and describe burden of producing other potentially relevant documents, 3) preserve potentially relevant documents, and 4) identify points of contact.

## 1. PRODUCTION OF DOCUMENTS

### *Categories of Requested Documents*

We ask that you produce certain categories of documents listed below immediately. These categories of documents are sought by defendants through specific discovery requests. We have only listed those discovery requests that were specifically directed towards our contractors. (We excerpted the relevant section, and did not produce the entire discovery request served on the government. If you would like to review the entire discovery request, please notify Troy Barsky in the Health & Human Services Office of General Counsel (OGC), and he will provide a copy. (His contact information is found at the end of this document.)

As mentioned above, we may have collected some of these requested documents pursuant to JSM-40 and JSM-116. If you already produced these requested documents, please specify in a transmittal cover letter what responsive documents were previously produced. If the requested documents were not previously produced or if you are uncertain as to whether they were produced, please do so now.

The requested document categories are as follows:

1. <u>Drug Files</u>: The first set of documents are records or files reflecting pricing information related to the particular drugs at issue. It is our understanding, based on previous surveys, that each contractor keeps pricing information in discrete "drug files" that are organized by drug name, drug manufacturer, or Healthcare Common Procedure Coding System (HCPCS) code. We have attached, as Attachment A, all of the current drugs at issue. These HCPCS codes correspond to drugs manufactured by Abbott Laboratories, Inc, Dey Laboratories (also known as Dey, Inc or Dey L.P.), Roxane Laboratories, Inc. (also known as Boeringer Ingelheim Roxanne, Inc.), ████████████, and ████████.

2. <u>Correspondence</u>: We also request that you produce all correspondence between yourself and each of the following manufacturers: Abbott, Dey, Roxane, ████ and ████████.

3. Documents sufficient to identify time period and geographical areas for which your organization has served as a Medicare contractor, including name, address, and contact information.

2

**REDACTED**

RELEASED

4. Documents sufficient to identify the corporate structure of any Medicare Carrier during the period that it acted as a Medicare Carrier.

5. Documents, such as employee directories or organizational charts, sufficient to identify the names, titles, and/or job descriptions of employees of any Medicare Carrier during the period that it acted as a Medicare Carrier.

6. Documents sufficient to identify the members of each Medicare Carrier Advisory Committee (or other equivalent group or committee), including documents sufficient to identify each member's name, current or last known address, and, if the member is a physician, the member's specialty.

7. All Communications between any Medicare Carrier and any other Medicare Carrier, Medicaid Intermediary, or Provider concerning AWP, wholesale acquisition cost (WAC), average manufacturer price (AMP), Direct price and/or List price, or the methodology to be used in calculating payment for drugs under Medicare Part B or Medicaid.

8. All Documents relating to any discussions or meetings at any Medicare Carrier concerning the use of some figure, price, or methodology other than AWP as a measure of reimbursement for drugs by Medicare Part B, Medicaid, or private insurers.

9. All Documents concerning whether any Medicare Carrier knew or was on notice that AWP exceeded the actual or average acquisitions costs of Providers.

10. All Communications between any Medicare Carrier and the U.S. Government or any state government concerning whether AWP exceeded the actual or average acquisition costs of Providers.

11. All Documents concerning whether AWP exceeded the actual or average price at which private insurers or any governmental payor paid for drugs eligible for reimbursement under Medicare Part B.

12. All Documents concerning whether the U.S. Government, any state government, any Medicare Carrier, governmental payor, or private insurer knew that Manufacturers marketed the difference between payment under Medicare Part B or Medicaid and actual or average acquisition costs of Providers.

13. All Documents concerning the difference between payment under Medicare Part B and actual or average acquisition costs of Providers.

14. All Documents given to you through formal or informal requests to third parties concerning the prices, costs, or payments of the drugs listed in Attachment A.

3

HHD927-0003

RELEASED

15. All Documents relating to any proceeding, including but not limited to lawsuits, administrative or legislative proceedings, and criminal or civil investigations, at which any Medicare Carrier and/or its agents have testified concerning the pricing of pharmaceutical products.

16. All Documents produced by any Medicare Carrier to any governmental agency in connection with any investigation of drug pricing. Please do not produce copies of previous JSMs sent by CMS in connection with this litigation. [If you have any documents responsive to this request, please identify as potentially privileged pursuant to Instruction ix. and x. found below.]

17. All Documents produced by any Publisher to any governmental agency in connection with any investigation of drug pricing. [If you have any documents responsive to this request, please identify as potentially privileged pursuant to Instruction ix. and x. found below.]

*Production Instructions*

Please produce these files and records subject to the following instructions:

i. **Please produce these documents immediately, but no later than February 16, 2007.**

ii. Time Frame: We have not provided a limiting time frame explaining how far back in time you should search for documents. Therefore, any responsive documents should be produced as long as it is not overly burdensome to do so. If documents can be easily located and are not in off-site storage, please produce those responsive documents. You should use section 2 found below as a guide to determine when something is an overly burdensome request.

iii. You must produce the requested files that are in your possession, custody or control. This includes documents in the possession of your employees and documents held by any contractors where the contracts in question give you a right of access to these records.

iv. Off-Site Storage: If any of these responsive documents are located in off-site storage facilities, please do not produce them at this time. As you will be instructed in more detail below, please identify what documents are located in off-site storage and explain the burden and expense that would be involved in producing these documents.

v. Format of Produced Documents: You should produce all originals of documents, information, data, or files reflecting the requested information, whether maintained in hard copy, film, fiche, electronic, or magnetic form. If you have a current need for the produced documents or anticipate that you will need them in the next few months, you need only provide a copy of those documents. Where possible, please produce electronic files in electronic format, and labeled so that they can be identified. For those files that cannot be easily produced

4

HHD927-0004

RELEASED

electronically, please print out files in hard copy. Put the hard copy in files labeled "Electronic Documents Secured from [original location (e.g., computer of [person])]."

vi. E-Mail Production: As part of your electronic document production, please locate and produce any e-mails that are responsive to the requests found above. Your search for e-mails should include both current and archived e-mail. When you produce any responsive e-mails, please identify what systems or networks you reviewed to locate those e-mails. As with other document productions, if the production of archived e-mails will impose a significant burden, please explain that burden pursuant to section 2, below.

vii. Protected Health Information: We believe that most of the requested records do not contain protected health information. If you determine that a responsive document contains protected health information, please produce the document and identify the location of the protected health information.

viii. **You must produce documents on a rolling basis.** That is, once you have identified a set of responsive documents, please copy and assemble them and forward them at once to the contact below. Please do not wait until you have finished your review for responsive documents before sending any responsive records. If you are in doubt as to whether a document falls within a requested category, err on the side of producing it.

ix. Document Control Sheet: When transmitting documents, you should include sufficient descriptions of the contents of each box. Please identify each group of documents produced by the sample Document Control Sheet attached as Attachment B. Non-privileged documents should be designated as a BLUE sheet and potentially privileged documents should be designated with a RED sheet. While it is not necessary to produce a cover sheet for each document, you should at least include a cover sheet with each group of documents. The purpose of this cover sheet is to identify who produced each group of documents and the subject matter of produced files. Therefore, produce sufficient numbers of cover sheets so that we can trace back produced documents and files to locations and responsible individuals.

The Document Control Sheet should be self explanatory. In the line that reads "Discovery Request(s) or Subpoena Specification(s) to Which Documents/Files are Responsive" please identify the discrete request category (or categories) the documents are responsive to.

x. Privileged Material: Please identify potentially privileged documents (marked with a RED sheet) including communications copied to or shared with attorneys, the Federal Bureau of Investigation (FBI), the Office of Inspector General (HHS OIG), or any Department of Justice (DOJ) attorney. **Please also identify any documents that may be pre-decisional or deliberative in nature.** This latter category includes, for example, documents that reflect intra-agency discussions, consideration or recommendations related to a policy under consideration or an issue related to a specific provider that is not yet final or has not been released outside the agency.

5

HHD927-0005

RELEASED

xi. Mailing Instructions:  If you are mailing multiple boxes, indicate the number of boxes sent at a particular time.  For instance, if you produce 3 boxes, you should label the first box "1 of 3" and so forth.  Please forward documents to:

> Marsha Jones
> Pharma Intake Facility
> 1425 New York Avenue NW
> Suite 12100B
> Washington, DC 20005
> 202-616-1992

## 2.  Describe Burden of Production

If any of the requested information is located in segregated files (like drug files) that are easily accessible, then please produce them now.  In addition to the requested documents, the defendants seek other documents specifically related to either their companies or their drugs.  Again, if the following categories of documents are easy to locate, then produce them, subject to the instructions in Section 1:

> a. All correspondence between you and any provider, supplier, or beneficiary discussing any of the drugs identified in Attachment A.

> b.  Any documents or correspondence between you and any provider, supplier, or beneficiary discussing any of the manufacturers at issue here (Abbott, Dey, Roxane, ▮▮▮▮ or ▮▮▮▮

> c. Any audits or other internal analysis of payments made for the drugs identified in Attachment A.

If these documents are not easily accessible or cannot be located through a document location system, we do not want you to produce these documents at this time.  Instead, we ask that you explain what types of documents would be responsive to this request and the burden and expense that would be involved in identifying and producing these documents.  This explanation of burdensomeness should include a narrative explanation of what responsive documents might exist, where these documents are located (on or off-site), and the difficulty in location and production.  Please also explain any burden you would face in searching for electronic information found in storage, such as "back-up" tapes.  You should also include your best estimate of costs in location and production of both on-site and off-site hard copy and electronic documents.

## 3.  Preserve Potentially Relevant Documents

In a letter dated November 18, 2003, we asked that you preserve all documents related to earlier litigation, all drug companies, and any drug reimbursed by Medicare.  We remind you that you are under that continuing obligation.  As part of your continuing document preservation obligations, please preserve all documents that might be responsive to the requests in No. 2 found above.  Therefore, do not destroy any documents that could reference the

6

# REDACTED

HHD927-0006

manufacturers listed above and the drugs identified in Exhibit A. This document preservation instruction applies to all documents or files whether in hard or electronic format. Because these documents are the subject of this ongoing litigation, we are obligated to retain these documents until the litigation has concluded. If you have any questions as to whether something should be preserved, please contact Troy Barsky in OGC.

**4. Designate Contacts**

In our previous JSMs we had requested that you identify both legal contacts and contacts who could assist in the substantive issues of drug pricing and reimbursement. Because these lists were created in 2004, and because employees change jobs, it is important to create new contact lists. Therefore, please identify a contact in your general counsel's office or Freedom of Information Act (FOIA) office who will be overseeing the production of these documents. Second, please identify at least one person who can serve as a point of contact in answering questions about the substance of the produced documents. Ideally, this person should have historical knowledge about drug pricing and reimbursement, or at the very least, they should be able to locate this information and be able to explain how these policies were administered in the past. Please produce the name, title, address, phone number and e-mail of each of these contacts. This information can be sent to Troy Barsky in OGC.

**NOTE: MEDICARE ADMINISTRATIVE CONTRACTORS (MACs)**

**DME MAC Contract Numbers**

Jurisdiction A ~ HHSM-500-2006-M0001Z
Jurisdiction B ~ HHSM-500-2006-M0002Z
Jurisdiction C ~ HHSM-500-2006-M0003Z
Jurisdiction D ~ HHSM-500-2006-M0004Z

**A/B MAC Contract Numbers**

Jurisdiction 3 ~ HHSM-500-2006-M0005Z

**This Joint Signature Memorandum is being issued to you as technical direction under your MAC contract. This technical direction is not construed as a change or intent to change the scope of work under the contract and is to be acted upon only if sufficient funds are available. In this regard, your attention is directed to the clause of the General Provisions of the contract entitled Limitation of Cost, FAR 52.232-20. If the Contractor considers anything contained herein to be outside of the current scope of the contract, or contrary to any of its terms or conditions, the Contractor shall immediately notify the Contracting Officer in writing as to the specific discrepancies and any proposed corrective action.**

Should you require further technical clarification, you may contact your Project Officer. Contractual questions should be directed to your CMS Contracting Officer. Please copy the Project Officer and Contracting Officer on all electronic and/or written correspondence in relation to this technical direction letter.

HHD927-0007

RELEASED

If you are a carrier or DMERC and have any questions, please contact Troy Barsky, OGC at (410) 786-8873 or Troy.Barsky@hhs.gov.


/s/                              /s/
Gerald Walters                   Karen Jackson


        /s/          /s/                    /s/
Marybeth Jason/Larry Young        Martin Furman


**Word Attachment**

cc:

Andrew Conn, National Heritage Insurance Company
Edmund Kedzierski, National Heritage Insurance Company
Jim Elmore, AdminaStar Federal, Inc.
Marlin Boothby, AdminaStar Federal, Inc.
Ed Burrell, Noridian Administrative Services
Ron Laverdure, Noridian Administrative Services
Kaylin Prappier, Noridian Administrative Services
All RAs
All CCMOs
Linda Hook, OAGM
Linda Gmeiner, OAGM
Sandy Bennett, OAGM
Desiree Wheeler, OAGM
Pat Williams, CMM/MCMG
Marybeth Jason, CMM/MCMG
Larry Young, CMM/MCMG
Martin Furman, CMM/MCMG
Jeff Hinson, CMM/MCMG
Troy Barsky, OGC

8

HHD927-0008     L

RELEASED