UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) |
| | ) |
| **THIS DOCUMENT RELATES TO:** | ) |
| | ) MDL No. 1456 |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey LP, et al.,* C.A. No. 05-11084 | ) Civil Action No. 01-12257-PBS ) ) Subcategory No. 06-11337-PBS |
| | ) |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp., et al.,* Civil Action No. 07-10248-PBS | ) Hon. Patti B. Saris ) ) ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED ORDER
PERMITTING USE OF DEPOSITIONS OF WITNESSES MORE THAN 100 MILES
FROM THE COURTHOUSE AND FOR LEAVE TO SUBPOENA WITNESSES**

As the Court is aware, a large number of depositions have been taken in this litigation.

Dozens more – in particular of state Medicaid officials and defendants' employees – were taken

in related Average Wholesale Price (AWP) litigation.  Virtually all of these witnesses reside

more than 100 miles from the place of trial.  Plaintiffs request an expedited ruling from the Court

so that they may adequately, efficiently, and – for both counsel and witnesses – *fairly* prepare for

trial.  Plaintiffs ask the Court to rule that:

1) plaintiffs may use the deposition testimony of witnesses in circumstances meeting the

requirements for admissibility of Fed. R. Civ. P. 32, where witnesses are more than 100 miles

from Boston; and

2) plaintiffs may serve trial subpoenas on witnesses located more than 100 miles from

Boston, pursuant to the False Claims Act's (FCA) nationwide service of process provision, 31

U.S.C. § 3731(a).

## BACKGROUND

Trial of the cases against both Dey and Roxane in this matter is currently set to begin on April 26, 2010.[1] The pre-trial schedule calls for an initial exchange of witness lists on March 16, 2010. Almost all of the witnesses whose testimony will or might be presented by the United States reside more than 100 miles from the place of trial,[2] and the majority reside in distant parts of the country. In many but not all such cases, the United States seeks to present testimony by way of depositions where counsel for the defendant appeared at the deposition. These include: i) non-officer employees of defendants' companies, who were so employed at the time of the deposition[3]; ii) former employees who were not working for defendants at the time they were deposed; iii) state Medicaid agency officials; and iv) third party witnesses (such as employees of the companies who publish the pricing compendia or of drug wholesalers).

Beginning several weeks ago, in correspondence and e-mail communications and discussions among the parties about pre-trial deadlines, the United States sought to determine whether the defendants would oppose the use by the United States of depositions of witnesses located more than 100 miles from Boston, or any other categories of depositions. Counsel for Dey responded by stating that Dey was "studying the issue" and requested that the United States

---

[1] The United States' Motion to Consolidate the two cases for trial is pending. At the hearing on January 19, 2010, the Court suggested it might start with a trial against both defendants on just the Medicare program, and the following week the United States indicated its preference for proceeding that way. See Transcript of proceedings on January 26, 2010 at 46-47. A ruling to that effect would moot that portion of this motion relating to state Medicaid witnesses.

[2] Possible exceptions are Medicaid officials from Rhode Island and New Hampshire.

[3] Fed. R. Civ. P. 32(a)(3) provides that an adverse party may use, "for any purpose," the deposition of a party or "anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6)." Officer/managing agent depositions, therefore, are not at issue in this Motion.

identify each witness whose deposition the United States seeks to use. The United States declined to make such a unilateral early disclosure of witnesses, but nevertheless proposed, among other things, an early reciprocal exchange of lists of witnesses the parties anticipate presenting through deposition testimony, so that disputes concerning the use of depositions could be resolved promptly. The United States pointed out that the parties would need time to seek resolution from the Court of any such disputes, so that subpoenas could be prepared and served enough in advance of trial that witnesses would not be unduly inconvenienced.

The defendants declined the United States' proposal. Counsel for Dey stated they did not have time to make such a disclosure. Counsel for the Roxane defendants implied that they would likely argue that the FCA's provision for nationwide service of process "trumps" Rule 32 of the Federal Rules of Civil Procedure, so that plaintiffs would be required to serve subpoenas and obtain live testimony from all witnesses whose testimony they wished to procure for trial. In other words, defendants indicated that there could well be disputes about what witnesses' testimony could be offered through deposition, but that they were unwilling to make reciprocal disclosures that would facilitate resolution of such disputes comfortably in advance of trial. It is thus clear that guidance from this Court is necessary, and the United States requests that the issues be decided in advance of the pretrial conference, so that counsel and witnesses may prepare for trial and make any necessary travel arrangements.

## ARGUMENT

At issue is whether plaintiffs must haul all state Medicaid, third party, and defendant employee witnesses who reside more than 100 miles from the courthouse into Boston for trial, or whether they have the option to present their testimony through deposition. Although plaintiffs

3

expect to serve several such witnesses with subpoenas pursuant to Section 3731(a) of the FCA,[4]

for reasons of economy, efficiency, and consideration of strained state budgets, it would prefer to

"call" a number of the witnesses through their prior videotaped deposition testimony, under Fed.

R. Civ. P. 32.  Rule 32 expressly permits the use of deposition testimony under such

circumstances.  Finally, while plaintiffs do not believe it is necessary, in an abundance of caution

the United States is seeking leave of court to serve trial subpoenas on witnesses it decides to call

"live."

### A. The Court Should Find Witnesses Unavailable Under Fed. R. Civ. P. 32(a)(4)(B), and Order that Plaintiffs May Use at Trial the Depositions of Witnesses More than 100 Miles from the Courthouse.

Rule 32 of the Federal Rules of Civil Procedure provides in relevant part that "all or part

of a deposition may be used against a party" at trial, upon certain conditions. Those conditions

are that:

A. the party against whom the deposition is to be used "was present or represented at the taking of the deposition or had reasonable notice of it";

B. the deposition is "used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying"; *and*

C. "the use is allowed" by Fed. R. Civ. P. 32(a)(2) through (a)(8).

Fed. R. Civ P. 32(a)(1).[5]

---

[4] Section 3731(a) provides in relevant part that "[a] subpoena requiring the attendance of a witness at a trial or hearing conducted under section 3730 of this title may be served at any place in the United States."  31 U.S.C. § 3731(a).

[5] Rule 32 thus creates an independent exception to Fed. R. Evid. 801(c), that out of court statements offered to prove the truth of the matter asserted are inadmissible hearsay.   See Carey v. Bahama Cruise Lines, 864 F.2d 201, 204 (1st Cir. 1988); see also 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2143, at 452-53, n. 25 (3d ed. 2008).

Such use is allowed under Rule 32(a)(4) for "unavailable" witnesses.[6]  See, e.g., Outek Carribean Distribs., Inc. v. Echo, Inc., 206 F. Supp. 2d 263, 269 (D.P.R. 2002) (citing Fed. R. Civ. P. 32(a)(3), the pre-2007 version of the rule); Murphy v. Timberlane Reg. Sch. Dist., 22 F. 3d 1186, 1189 (D.N.H. 1994) (citing Fairfield 274-278 Clarendon Trust v. Dwek, 970 F.2d 995, 995 (1st Cir. 1992)).  Plaintiffs here seek to use the depositions of witnesses who are "unavailable" by virtue of being more than 100 miles away from the place of trial.  A witness can be found "unavailable" for five separate reasons:

(A) the witness has passed away;

(B) the witness is more than 100 miles from the place of trial, provided it does not appear "that the witness's absence was procured by the party offering the deposition";

(C)  the witness cannot "attend or testify because of age, illness, infirmity, or imprisonment";

(D) the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) exceptional circumstances make it desirable, in the interests of justice, and even giving "due regard" for the interests of having live testimony, to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4).

---

[6] The Federal Rules of Evidence provide a separate hearsay exception for use of deposition testimony where the declarant is unavailable, and his or her absence was not procured by the party seeking to admit the testimony.  Under Fed.R. Evid. 804(b)(1):

> Testimony given. . . . in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

For purposes of Fed. R. Civ. P. 32(a)(4)(B), the determination whether to allow trial testimony by deposition is within the sound discretion of the trial court.  See Daigle v. Maine Medical Center, Inc., 14 F.3d 684, 691 (1st Cir. 1994) (the same deference accorded to district court for case management attaches to Rule 32 rulings on witness unavailability).   The moving party need only show that the witness is located geographically outside the 100 mile range, assuming there has been no effort on the part of the moving party to procure the witness's unavailability.  Importantly, even if the witness can be subpoenaed to testify, the witness is considered unavailable and therefore her testimony can be presented by deposition if she is more than 100 miles from the place of trial.   See id., at 691-92 ("Distance is the decisive criterion: so long as a witness is shown to be more than one hundred miles from the place of trial, the admissibility of deposition testimony under the aegis of [Fed. R. Civ. P. 32(a)(4)(B)] is not contingent upon a showing that the witness is otherwise unavailable"); Carey, 864 F.2d at 204 n.2 ("The admissibility of depositions under the 100 mile provision of Rule 32 is not conditioned upon the court's inability to subpoena the deponent").

Similarly, satisfaction of Fed. R. Evid. 804 has been held to be unnecessary where the factors under Fed. R. Civ. P. 32 have been met.  See Carey, 864 F.2d at 204 (Rule 32 creates an independent exception to the hearsay rule); see also Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 914 (9th Cir. 2008) (because the witness's testimony "properly was admitted under Rule 32(a)(4)(B), it need not also meet the requirements for admissibility set forth in Rule 804(b)(1)"); Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 962-63 (10th Cir. 1993) (stating that Rule 32 and the Federal Rules of Evidence are independent grounds for admitting depositions at trial).  The First Circuit has recognized that Fed. R. Civ. P. 32(a)(4) is "more

permissive" than Fed. R. Evid. 804(a)(5) which "requires the party seeking to admit the deposition testimony to show that it was unable to procure the attendance of the [declarant] through 'process or other reasonable means.'"  Carey, 864 F.2d at 204 n.2, quoting Fed. R. Evid. 804(a)(1).

Under these legal principles, plaintiffs do not need to demonstrate anything more than that the witness whose testimony they propose to offer through deposition resides more than 100 miles from the place of trial.  Accordingly, the court should order that plaintiffs may elect to present the testimony of former employee witnesses, non-officer or managing agent employees, State Medicaid agency witnesses, and third-party witnesses more than 100 miles away through the depositions taken in this or related AWP actions.

**B.      The Court Should Order That Plaintiffs May Use Depositions Taken in Earlier AWP Cases So Long as Defendants Appeared at the Deposition.**

For depositions taken in "earlier action[s]," Rule 32(a)(8) permits a "lawfully taken" deposition to be used "in a later action involving the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action" or "as allowed by the Federal Rules of Evidence."  Fed. R. Civ. P. 32(a)(8).  While the rule requires that the earlier action be between the "same parties," the circuit courts have not applied this provision literally; preferring instead to allow a party to offer a deposition against a party to the earlier action, even if the party attempting to use the deposition was not a party to the earlier action.  See, e.g., 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2150 (3d ed. 2008); May v Frisbie, No. 2:07-CV-286, 2009 WL 792084, at *5-6 (S.D. Ind. March 23, 2009) (ruling that deposition testimony should be admitted despite different plaintiff from prior deposition taken in criminal case); Shirley v. Safeco Ins. Co. of IL, No. 8:07-CV-2163-T, 2009

WL 765887, at *1 (M.D. Fla. March 20, 2009) (noting that the Eleventh Circuit reads Rule

32(a)(8) in conjunction with Fed. R. Evid. 804 to "permit the use of deposition testimony taken

in a different proceeding as long as the party against whom the testimony is offered 'was

provided an opportunity to examine the deponent.'"); <u>Wallis v. Townsend Vision, Inc.</u>, No. 06-

3227, 2009 WL 268824, at *1 (C.D. Ill. Jan. 30, 2009) ("Rule 32(a)(8) does not state that a

deposition taken in an earlier action can *only* be used if the subject matter and parties are the

same"). <u>See also</u> <u>In re Senior Cottages of America, LLC</u>, 399 B.R. 218, 222 (Bankr. D. Minn.

2009) (deposition testimony not admissible where party against whom the deposition was to be

used was not a party to the earlier action because they could not have been "present").

 The broad interpretation of the "same parties" provision of Rule 32(a)(8) is supported by

the fact that the rule allows depositions taken in an earlier action to be used as allowed by the

Federal Rules of Evidence. Fed. R. Evid. 804(b) provides, where a declarant is unavailable:

> Testimony given as a witness . . . in a deposition taken in compliance with the law in the
> course of the same or another proceeding, *if the party against whom the testimony is now
> offered, or in a civil action or proceeding, a predecessor in interest, had an opportunity
> and similar motive to develop the testimony by direct, cross, or redirect examination.*

Fed. R. Evid. 804(b)(1) (emphasis added). Courts have read Rule 32 and Fed. R. Evid. 804

together when determining the admissibility of deposition testimony. <u>See</u> Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 2150 (3d ed. 2008); <u>see

also, e.g.</u>, <u>Murphy v. Kmart Corp.</u>, No. Civ 07-5080, 2008 WL 5255888, at *1 (D. S.D. Dec. 16,

2008). The fact that a party declines to cross-examine a witness, or chooses to limit their cross-

examination of the witness for strategic reasons at the deposition does not, generally, preclude an

adversary's use of the testimony at trial. <u>See generally</u> <u>Hendrix v. Raybestos-Manhattan, Inc.</u>,

776 F.2d 1492, 1506 (11th Cir. 1985).

Courts have also construed Fed. R. Civ. P. 32(a)(8) and Fed. R. Evid. 804(b)(1) together to require only "a substantial identity of issues, rather than precisely the same subject matter." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2150 (3d ed. 2008); See also Clay v. Buzas, 208 F.R.D. 636, 638-39 (D. Utah 2002) (where issues were similar in earlier action, deposition testimony is admissible in later action); Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1019 (9th Cir. 2004). Courts interpreting Fed. R. Civ. P. 32(a) "recognize that the real test should be whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent now has." C. Wright & A. Miller, 8A Fed. Prac. & Proc. Civ. §2150. Accordingly, the Court should order on this Motion that plaintiffs may use depositions from other AWP litigation so long as defendants were present at the deposition, or had the opportunity to attend because the deposition was cross-noticed by Relator or the United States.

### C. In Any Event, the Court Should Find Exceptional Circumstances Warrant Use of the Depositions in the Interest of Justice.

As this Court has observed, the AWP litigation is "massive." The sheer number of witnesses, and the number of varied and remote locations where they are located, create exceptional circumstances warranting the use of testimony by deposition. In issuing discovery and case management orders, the Court recognized the magnitude of potential witnesses and sought to limit the number of additional "new" depositions of state and other witnesses by expressly ruling that earlier depositions in other AWP cases could be used and would "count" towards deposition limits. Rule 32(a)(4)(E) provides that a court can find a witness to be unavailable, and therefore permit a deposition to be used "for any purpose," if exceptional

circumstances "make it desirable in the interests of justice" to permit the deposition to be used. Plaintiffs submit that this large and complex case, related as it is to ongoing litigation in other states and to other cases in the multi-district litigation before this Court, presents exceptional circumstances warranting use of deposition testimony of far-flung witnesses.

In any event, as the Court is aware, plaintiffs seek damages for the federal share of Medicaid damages in the great majority of the fifty states, not just damages under Medicare. Over 200 current and former state Medicaid agency officials have been deposed in this or other AWP litigation. It would present an enormous burden on strained state resources to require that all such testimony be presented live in Boston. At minimum, the Court should permit the parties to present state Medicaid agency testimony by deposition.

### D. The Court Should Order that the United States May Serve Subpoenas on Witnesses Beyond 100 Miles From the Courthouse

The FCA allows subpoenas to be served anywhere in the United States. Section 3731(a) of the FCA provides that a "subpoena *requiring the attendance of a witness at a trial or hearing* conducted under section 3730 of this title may be served at any place in the United States." 31 U.S.C. § 3731(a) (emphasis added). Even were the defendants to argue the FCA's power to compel testimony is limited by Rule 45(c), which gives courts authority to quash a subpoena that requires a nonparty to travel out of state and more than 100 miles from a residence, place of employment, or place where she transacts business, the United States asserts that the Court may permit service *and* may enforce such subpoenas, even for a nonparty witness. The provision of Rule 45(c) does not vitiate the subpoena power provided by statutes, like the FCA, that provide more liberal subpoena powers than those authorized under the Rules of Civil Procedure. Rule 1 of the Federal Rules of Civil Procedure provides that the Rules apply to civil actions in United

States District Courts "except as stated in Rule 81." Fed. R. Civ. P. 1. Rule 81, in turn, carves out exceptions from the general applicability of the Federal Rules. Specifically excepted from the reach of the Federal Rules are certain proceedings involving a subpoena. Rule 81(a)(5) provides that the Federal Rules will not apply to "proceedings to compel testimony or the production of documents through a subpoena" when a federal statute provides for an alternative method. Fed. R. Civ. P. 81(a)(5). The FCA is such a federal statute.[7]

Rule 45(b) of the Federal Rules of Civil Procedure allows for service of subpoenas within the court's district; outside of the district but "within 100 miles of the place specified"; within the state of the issuing court if a state statute or court rule permits; and other places where "the court authorizes on motion and for good cause, if a federal statute so provides." Fed. R. Civ. P. 45(b)(2)(A)-(D). Under the FCA, the United States is clearly entitled to serve trial subpoenas upon witnesses located more than 100 miles from the place of trial. Notwithstanding plaintiffs' view that Rule 45 does not limit the nationwide subpoena power conferred by the FCA, in an abundance of caution, the United States is seeking this Court's permission to serve trial subpoenas beyond the 100-mile restriction upon on the witnesses, including nonparty witnesses, whom the United States elects to call live at trial.

---

[7]Plaintiffs have had no indication that defendants may make this argument. Plaintiffs will provide additional briefing on this issue should they do so, or if the Court otherwise wishes.

Respectfully submitted,

For the United States of America,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

 /s/ Barbara Healy Smith
GEORGE B. HENDERSON, II
BARBARA HEALY SMITH
JAMES J. FAUCI
Assistant U.S. Attorneys
John Joseph Moakley U.S. Courthouse
Suite 9200, 1 Courthouse Way
Boston, MA 02210
Phone:  (617) 748-3272
Fax:  (617) 748-3971

TONY WEST
ASSISTANT ATTORNEY GENERAL

JOYCE R. BRANDA
DANIEL R. ANDERSON
RENEE BROOKER
JUSTIN DRAYCOTT
LAURIE A. OBEREMBT
Trial Attorneys
Civil Division
Commercial Litigation Branch
P. O. Box 261
Ben Franklin Station
Washington, D.C.  20044
Phone:  (202) 514-3345

For the relator, Ven-A-Care of the Florida
Keys, Inc.,

JAMES J. BREEN
ALISON W. SIMON
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue, Suite 110
Miramar, FL 33027
Phone:  (954) 874-1635
Fax:  (954) 874-1705

SUSAN S. THOMAS
GARY L. AZORSKY
ROSLYN G. POLLACK
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone: 215-875-3000

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above "MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED ORDER PERMITTING USE OF DEPOSITIONS OF WITNESSES MORE THAN 100 MILES FROM THE COURTHOUSE AND FOR LEAVE TO SUBPOENA WITNESSES" to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

<div style="margin-left: 50%;">

 /s/ James J. Fauci                       
JAMES J. FAUCI
Assistant U.S. Attorney
</div>

Dated: March 4, 2010