UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No.1456<br><br>Master File No. 01-CV-12257-PBS<br>Subcategory No. 06-CV-11337-PBS |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation, et al.*, Civil Action No. 07-10248-PBS | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

**THE ROXANE DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION FOR ORDER PERMITTING USE OF DEPOSITIONS OF WITNESSES MORE THAN 100 MILES FROM THE COURTHOUSE, AND CROSS-MOTION FOR LEAVE TO SUBPOENA WITNESSES**

The Government's motion for an expedited order allowing it largely unfettered use at trial of depositions taken in this and other cases should be denied because it is both premature and contrary to the provisions of the False Claims Act, as well as the Federal Rules of Civil Procedure and Evidence. The Government's position that all witnesses beyond a 100-mile radius of the trial court are "unavailable" (and therefore that depositions of such witnesses may be used) is contrary to the FCA's nationwide subpoena enforcement provisions, which make virtually all witnesses available under the Rules of Evidence. Relying solely on an isolated reading of Rule 32 of the Rules of Civil Procedure, the Government ignores the fundamental predicate that the Rules of Civil Procedure must be read in harmony with the Rules of Evidence, as well as with Congress' statutory proclamation that the FCA's subpoena powers reach all residents of the United States. Indeed, the Government makes this point in its own motion, and seeks to avail

itself of the FCA's nationwide subpoena powers only when they serve its interests—and then ignores them with respect to witness availability. The Government cannot have it both ways.

The Government's motion should also be denied for the independent reason that it seeks a premature opinion from this Court on witness "unavailability" and the use of depositions at trial—before the parties have even exchanged witness lists or identified which witnesses they intend to call live. Nor does the Government provide *any* specific details that would allow this Court to make a witness-by-witness determination of unavailability, as the law requires.

In addition, the Government's attempt to obtain an overbroad ruling that *all* depositions taken in unspecified "other AWP cases" constitute admissible evidence in the present case fails for similar reasons: the Government has not shown that any of the witnesses deposed in other AWP cases are unavailable under the FCA. Nor has the Government shown—as it must—that there is the requisite identity of parties and issues in all prior cases and the present one. In fact, this case has unique defendants and issues that significantly distinguish it from other AWP cases.

Finally, the Roxane Defendants seek the same relief the Government asks from this Court with respect to service of trial subpoenas. Specifically, because the Roxane Defendants agree that the FCA permits nationwide enforcement of subpoenas, they also move for leave to serve subpoenas on all witnesses whom defendants elect to call at trial, although the Roxane Defendants agree with the Government that such leave may not be necessary under the FCA.

## ARGUMENT

### A. The FCA's Nationwide Subpoena Enforcement Powers Dictate That No Witnesses Are "Unavailable" For Live Testimony.

Under the FCA, "parties have nationwide power to subpoena all witnesses to testify at trial, regardless of the location of the pending action." *United States ex rel. Penizotto v. Bates East Corp.*, No. CIV. A. 94-3626, 1996 WL 417172, at *5 (E.D. Pa. July 18, 1996). Thus, "[a]ll

potential witnesses are available for compulsory service of process, irrespective of [where the trial occurs]." *Id.* *See also United States v. Gwinn*, No. 5:06-cv-00267, 2008 WL 867927, at *19 (S.D. W.Va. Mar. 31, 2008) ("[C]ompulsory process of unwilling witnesses is available pursuant to the False Claims Act."); *Little v. ENI Petroleum Co.*, No. CIV-06-120-M, 2007 WL 2254318, at *4 (W.D. Okla. Aug. 3, 2007) ("[U]nder the False Claims Act, parties have nationwide power to subpoena all witnesses to testify at trial."). Thus, both Roxane and the Government have the ability to subpoena witnesses at any location in the United States and require them to testify in person at trial.[1] The FCA's subpoena provisions are consistent with the long-standing preference for live testimony over deposition testimony in trials. *See Loinaz v. EG & G, Inc.*, 910 F.2d 1, 7–8 (1st Cir. 1990) ("Judge Learned Hand proclaimed the deposition to be 'second best, not to be used when the original is at hand.' If possible, it is always better if the jury can observe the witness firsthand to judge his or her demeanor.").

Apparently seeking to minimize the live testimony at trial in favor of depositions, the Government claims that Federal Rule of Civil Procedure 32 imposes a "bright line" rule that *any* witness that resides more than 100 miles away from the trial court is "unavailable," and therefore the Government may use any such depositions in lieu of calling those witnesses live. *See* Gov. Br. at 4–7. The Government's position, however, is unwarranted in light of the FCA's subpoena powers and would nullify the hearsay provisions of the Federal Rules of Evidence. *Cf. United States v. Cardascia*, 951 F.2d 474, 486–87 (2d Cir. 1991) ("Generally [hearsay] is not admissible

---

[1] Defendants disagree with the Government's apparent suggestion that this subpoena power may only be used by a federal agency, *see* Gov. Br. at 10–11, *citing* FED. R. CIV. P. 81(a)(5). The Government relies entirely on Rule 81(a)(5), which applies to administrative "proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency." This Rule has no applicability to civil cases. *See generally* 14 J. MOORE, FEDERAL PRACTICE § 81.05 (2010). The courts to consider the scope of the subpoena power under the FCA have made no distinction between the federal government and a defendant with respect to the ability to subpoena any witness within the United States. *See* Section E, *infra*.

3

... because the traditional conditions of admissibility, including that the witness be present at the trial, testify under oath, and be subject to cross-examination, [which] permit a jury to evaluate the ... trustworthiness of a statement, are not present.").[2]

As the Government correctly notes, Rule 32 of the Federal Rules of Civil Procedure must be read in tandem with the Rules of Evidence. Gov. Br. at 9. *See also* FED. R. CIV. P. 32(a)(1)(B) ("At a hearing or trial, all or part of a deposition may be used ... to the extent it would be admissible under the Federal Rules of Evidence . . . . "). In the circumstance of a non-FCA case, Rule 32's provisions dictating that witnesses more than 100 miles away from the court are unavailable are generally consistent with Rule of Evidence 804, which provides that a witness is unavailable if outside of the court's subpoena powers. *See* FED. R. EVID. 804(a)(5) (providing that a witness is only unavailable if the witness "is absent from the hearing and the proponent of [the witness's testimony] has been unable to procure the [witness's] attendance ... by process or other reasonable means."). Because Rule 45 generally limits a court's subpoena power to 100 miles, a witness is normally unavailable under both the Rules of Evidence and Civil Procedure, and there is no conflict between the rules.

But, as the Government also acknowledges, in FCA cases, the FCA's nationwide service of process trumps Rule 45's 100-mile limitation, and therefore also supersedes Rule 804(b)(1)'s unavailability requirements. Gov. Br. at 6–7, 10. As a result, Rule 32's 100-mile provision similarly must give way to the FCA's provision. Otherwise, there results an inherent conflict between Rule 32 and Rule 804: many witnesses that would be available for purposes of the Federal Rules of Evidence would be unavailable for purposes of the Federal Rules of Civil

---

[2] Roxane recognizes that certain depositions of current employees may be admissible as party admissions under the Rules of Evidence. This memorandum does seek to address those instances where deposition testimony may be used pursuant to this or some other exception to the hearsay rule.

Procedure. Indeed, none of the cases cited by the Government considers Rule 32's 100-mile provision in an FCA case, where the trial court has subpoena power well beyond the 100-mile range.[3]

Moreover, the drafters of the Federal Criminal Rules, who properly considered the interplay between nationwide subpoena power and unavailability, rejected the Government's very position. The Federal Rules of Criminal Procedure contain a nearly identical subpoena provision to the FCA, *see* FED. R. CRIM. P. 17(e)(1) ("A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.").[4] But they have no analogue to Federal Rule of Civil Procedure 32(a)(4)(B). Rather, the Rules of Criminal Procedure provide that a party may only "use all or part of a deposition *as provided by the Federal Rules of Evidence.*" FED. R. CRIM. P. 15(f) (emphasis added). As the Advisory Committee Notes to the adoption of the Federal Criminal Rules make clear, this distinction was no mere oversight: rather, the use of depositions in criminal cases was curtailed *precisely because* of the nationwide subpoena power under the Criminal Rules:

> In providing when and for what purpose a deposition may be used at trial, [Federal Rule of Criminal Procedure 15] generally follows the corresponding provisions of the Federal Rules of Civil Procedure, Rule [32(a)(4)].[5] The only difference is that in civil

---

[3] Moreover, the First Circuit cases the Government cites for support of its construction of Rule 32(a)(4)(B) discuss the scope of the Rule only in dicta. In *Daigle v. Maine Medical Center, Inc.*, 14 F.3d 684 (1st Cir. 1994), the deponent could clearly not have been subpoenaed to testify at trial—he was a third-party residing in Wisconsin, far outside the subpoena power of a district court in New Hampshire. *Id.* at 691. In *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 204 (1st Cir. 1988), the district court "did not specify the basis on which he admitted the deposition testimony," *id.* at 204, and the court's ultimate holding on the issue was based on the lack of prejudice, not the admissibility of the deposition testimony. *See id.* at 204–05 ("*Even if* the deposition testimony was incorrectly admitted into evidence, the plaintiffs have not convinced us that the error was so prejudicial that it mandates a new trial." (emphasis added)).

[4] The subpoena provision of the FCA provides, "a subpoena requiring the attendance of a witness at a trial or hearing conducted under section 3730 of this title may be served at any place in the United States." 31 U.S.C. § 3731(a).

[5] The advisory committee notes refer to Federal Rule of Civil Procedure 26(d)(3), the precursor to Rule 32(a)(4). Former Rule 26(d)(3) contained substantially similar language to current Rule 32(a)(4)(B). *See* FED. R.
(Continued...)

5

> cases a deposition may be introduced at the trial if the witness is at a greater distance than 100 miles from the place of trial, while this rule requires that the witness be outside the United States. The distinction results from the fact that a subpoena in a civil case runs only within the district where issued or 100 miles from the place of trial . . . while a subpoena in a criminal case runs throughout the United States (see Rule 17(e)(1), *infra*).

FED. R. CRIM. P. 15 advisory committee notes (1944 adoption). Thus, Rule 32(a)(4)(B)'s 100-mile provision gives way when there is nationwide subpoena power. This, of course, is entirely consistent with the structure of the FCA and the Federal Rules of Evidence: the FCA intended to make all witnesses "available" except as provided by the Federal Rules of Evidence.

To the extent that the nationwide subpoena provision of the FCA conflicts with the provisions of Rule 32, the FCA provision controls, because it was both enacted subsequent to Rule 32 and more recently amended than that Rule,[6] and, in any event, is "substantive" and "jurisdictional." *See generally Henderson v. United States*, 517 U.S. 654 (1996). The Rules Enabling Act, 28 U.S.C. § 2071 *et seq.*, under which the Federal Rules of Civil Procedure are promulgated, provides that "[a]ll laws in conflict with such rules shall be of no further force of effect after such rules have taken effect." 28 U.S.C. § 2072(b). The Court in *Henderson*

---

CIV. P. 26(d)(3) (as adopted 1937) ("The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: ... that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition.").

[6] Although the structure of what is now Rule 32(a) has been altered substantially over the years, the operative language of Rule 32(a)(4)(B) is essentially identical to the original Rule 26(d)(3) as adopted in 1937. In 1970, this provision, along with others in Rule 26, was transferred to Rule 32. *See* FED. R. CIV. P. 32 advisory committee notes (1970 amendments). Though the Rule's language was modified in 2007, this amendment, according to the Advisory Committee, was "intended to be stylistic only." FED. R. CIV. P. 32 advisory committee notes (2007 amendments). Likewise, the 2009 amendments, adopted on March 26, 2009 (and effective December 1, 2009) did not alter this provision substantively. Meanwhile, the FCA's provision governing service of subpoenas was promulgated in 1978. *See* Pub. L. No. 95-582 (1978). Section 3731 was recently amended on May 20, 2009, *see* Pub. L. No. 111-21, but the operative language of the statute has remained unchanged since 1978, when it was codified at 31 U.S.C. § 232(f), the precursor to section 3731(a). *See* Pub. L. No. 95-582 (1978). Where a statute and a Rule conflict, the statute controls if it was enacted after the Rule and/or amended more recently than the Rule. *See Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n. 5 (1947) ("Where a rule of civil procedure conflicts with a prior statute, the Rule prevails."); *Autoskill v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1485 (10th Cir. 1993) ("A subsequent statute prevails."); *United States v. Goodall*, 236 F.3d 700, 708 (D.C. Cir. 2001).

identified two exceptions to this general pronouncement: first, under section 2072(b), "[the Federal Rules cannot] abridge, enlarge, or modify any substantive right;" second, under Federal Rule of Civil Procedure 82, "[The Federal Rules cannot] be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." *See* 517 U.S. at 664. Statutes such as the FCA, which define the federal court's "jurisdiction over persons," *see id.* at 671 n.20, supersede contrary Rules. *See San Juan County v. United States*, 503 F.3d 1163, 1178 (10th Cir. 2007) (holding that the *Henderson* Court included statutes affecting personal jurisdiction among those that could not be superseded by the Federal Rules).

Simply put, the Government's position here would lead to the absurd result where a party could present both live *and* deposition testimony from the same witnesses. This contravenes the long-standing prohibition on such practice. *In re Air Crash at Lexington, Ky.*, No. 5:06-CV-316-KSF, 2008 WL 2954971, at *3 (E.D. Ky. July 30, 2008) ("[It is] clear that the federal rules have not changed the long-established principle that testimony by deposition is less desirable that oral testimony and should ordinarily be used as a substitute *only if the witness is not available to testify in person.*" (*citing* 8A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2142) (emphasis added)). Accordingly, the Government's position should be rejected.

### B. The Government's Request For Rulings On Admissibility of Depositions Is Premature.

The Government's motion should also be rejected because its request to seek rulings on witness unavailability is premature and not ripe for resolution. *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985)) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."). Here, the parties have yet to exchange witness lists, so the scope of any dispute over deposition issues has yet to be determined. Roxane has

repeatedly indicated a willingness to consult with the Government on a case-by-case basis regarding witnesses the parties may present by deposition, notwithstanding the FCA's nationwide subpoena powers.[7] The Government's motion now seeks to circumvent this process and impose a broad-based ruling without the benefit of *any* facts as to what will occur at trial. Courts reject such attempts by parties to make a premature end-run around the requirements of Rule 32(a)(4)(B). *See, e.g., Niver v. Travelers Indem. Co. of Ill.*, 430 F. Supp. 2d 852, 866 (N.D. Iowa 2006) ("[Plaintiff's] last and broadest contention is that the witnesses in question are at a distance greater than 100 miles from the place of trial, so their videotape depositions may be used .... [T]he court concludes that this argument is premature.").[8]

The Government's request disregards these fundamental prerequisites for relief. At this point in time, the Government cannot show that any of these unspecified witnesses will not be called for live testimony at trial. Instead, the Government seeks an impermissible, premature ruling that *any* deposition of a witness outside of a 100-mile radius of the courthouse can be used, irrespective of availability for live testimony.

Additionally, even if the identify of live witnesses could be pinned down at this time, the Government has made *no* showing that any particular deposition from prior AWP cases meets the standards of either Rule 32(a)(8) or Rule 804(b)(1), and its motion should be denied for this

---

[7] For instance, Roxane agrees that issues of convenience and efficiency may lead to an agreement that witnesses whose testimony is limited to peripheral issues like document authentication, or witnesses with compelling circumstances mitigating against travel, need not attend trial live.

[8] Moreover, determining a witness's availability under Rule 32(a)(4)(B) does not merely depend, as the Government asserts, on the witness's place of residence. The plain text of the Rule does not mention "residence," and even a witness who resides within the rule's 100 mile boundary may be unavailable if she is otherwise absent from that area. *See, e.g., Carey*, 864 F.2d at 204 (disregarding any inquiry into the residences of witnesses who were "at sea, more than 100 miles from the place of trial"). More importantly, even a witness who lives outside the 100 mile radius may be available, for purposes of the Rule, if that witness "will, in fact, be present and giving live testimony at trial." *Mazloum v. D.C. Metro Police Dep't*, 248 F.R.D. 725, 727 (D.D.C. 2008). Here, the preliminary issue of who will be testifying live has yet to be determined, and as noted above, the Government's position in this regard is contrary to the Federal Rules of Civil Procedure and Evidence.

additional, independent reason. Citing vague bromides about the scope of Federal Rule of Civil Procedure 32(a)(8) and Federal Rule of Evidence 804(b)(1), the Government asks the Court to summarily admit any and all deposition testimony from unspecified "other AWP litigation" at which unnamed "defendants" were present (or purportedly could have been present). Gov. Br. at 7–9.

Tellingly, the Government cites no First Circuit case in support of its argument. The First Circuit, and particularly this Court, has not taken the liberal view of Rule 32(a)(8) and Rule 804(b)(1) that the Government now espouses. This Court requires that the party against whom the deposition is offered to actually be the *same* party, or a successor in interest, of the party from whom the testimony was procured in the prior litigation. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, Civ. A. No. 06-11109-RWZ, 2008 WL 364401, at *3 (D. Mass. Feb. 8, 2008); *In re Screws Antitrust Litig.*, 526 F. Supp. 1316, 1318 (D. Mass. 1981) (rejecting the theory that a similar motive and interest in the litigation is enough to make a party a "predecessor in interest"). Here, the Government makes no mention that the present case—unlike the great majority of unidentified "other AWP cases" that the Government now seeks to bootstrap into this case—has unique direct liability and alter ego allegations involving two independent companies: a parent holding company (Boehringer Ingelheim Corporation (BIC)) and a sister affiliate (Boehringer Ingelheim Pharmaceuticals, Inc. (BIPI)). BIC and BIPI were not defendants in a large majority of cases involving only Roxane drugs (as is the case here), and the Government's (unpled) theory of BIC and BIPI's direct liability for *Roxane's* conduct under the FCA is unique to this case. Thus, the Government cannot contend that BIC and BIPI were parties or successors in interest under the ambit of Rule 32(a)(8)—and indeed has not attempted any such showing in its memorandum.

Moreover, the Government's approach is in direct contravention to the First Circuit's pronouncement that the "inquiry under Rule 804(b)(1) requires scrutiny of the factual and procedural context *of each proceeding* to determine both the issue in dispute and the intensity of interest in developing the particular issue by the party against whom the disputed testimony is offered." *United States v. Bartelho*, 129 F.3d 663, 672 (1st Cir. 1997), citing *United States v. DiNapoli*, 8 F.3d 909, 912 (2d Cir. 1993) (en banc) (emphasis added). The Government has not bothered to identify which depositions from other cases it seeks to use at trial against which defendants in this case. Nor has it made any effort to provide the Court with the particular facts to allow a determination of whether the requisite identity of parties and interests are met. Accordingly, the Government's motion should be denied on this issue.

### C. The Court Should Reject the Government's Attempt to Subvert the Use of Live Testimony at Trial.

Finally, the Government requests that the Court determine that the "exceptional circumstances" of this "massive" litigation, and the "enormous burden" on state government resources, should allow it to "at a minimum present state Medicaid agency testimony by deposition."[9] Gov. Br. at 9–10. It is, of course, the *Government* who seeks recovery from claims submitted to the "great majority of the fifty states," *see* Gov. Br. at 10. Thus, whatever purported burden the Government now raises is the result of its own litigation determinations, and it cannot now claim "undue burden" to prevent live testimony from the key Medicaid witnesses it contends were the victims of defendants' alleged fraud. Nor can it contend that it must bear any

---

[9] The Government incorrectly argues in a footnote that the Court's ruling on the Government's request for consolidation of the separate Dey and Roxane cases would somehow "moot that portion of [its] motion relating to state Medicaid witnesses." Gov. Br. at 2 n.1. Roxane disagrees, and intends to present certain specific Medicaid witness testimony on issues relevant to the Medicare claims. In any event, a motion for an order to use depositions is not the proper vehicle for collateral evidentiary rulings that have not been properly briefed and presented to the Court.

cost to subpoena Medicaid witnesses, given the exception on costs provided to the Government. FED. R. CIV. P. 45(b)(1) ("Fees and mileage need not be tendered when [a] subpoena is issued on behalf of the United States or any of its officers or agencies."). Instead, the Government argues that the very scope of the massive litigation it created is reason enough to find "exceptional circumstances" under Rule 32(a)(4)(E). There is no basis for this relief.

Rule 32(a)(4)(E) requires that a court give "due regard to the importance of live testimony in open court" before determining that "*exceptional* circumstances" permit the use of deposition testimony as a substitute. FED. R. CIV. P. 32(a)(4)(E) (emphasis added). "How exceptional the circumstances must be under Rule 32(a)[(4)](E) is indicated by its companion provisions. These authorize the use of a deposition in lieu of live testimony only when the witness is shown to be unavailable or unable to testify because he is dead; at a great distance; aged, ill, infirm, or imprisoned; or unprocurable through a subpoena." *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990). "Even 'serious prejudice' from the exclusion of a deposition has been held not to be an exceptional circumstance in and of itself." *Griman v. Makousky*, 76 F.3d 151, 153 (7th Cir. 1996), quoting *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 963–64 (10th Cir. 1993). The potential expense to the states (or to the defendants themselves) is simply not an "exceptional circumstance," *especially* in a case where the Government seeks more than a billion dollars. The credibility of witnesses on issues such as motivation and understanding is an extremely important question for the jury to consider and this Court should not exercise discretion in a way that is clearly disfavored.

While this Court is given certain discretion to make rulings essential to case management, this discretion is not absolute: an abuse of discretion can occur "when a relevant factor that should have been given significant weight is not considered." *Tiller v. Baghdady*, 244 F.3d 9, 14

(1st Cir. 2001), *quoting United States v. Hastings*, 847 F.2d 920, 924 (1st Cir. 1988). Important factors to balance before admitting deposition testimony under Rule 32 include "(1) [the] offeror's need for the evidence to be presented through the deposition, (2) [the] opportunity provided the opponent to cross-examine the deposition witness on those issues, (3) [the] nature of the evidence to be presented, (4) [the] jury's need to observe the demeanor and credibility of the witness, and (5) [the] actual unavailability of the witness, as distinguished from mere geographic distance from the courthouse." *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F. Supp. 1493, 1502 (D. Colo. 1989). These factors counsel against the use of deposition testimony in this case.

As an initial matter, the Government simply has not provided any compelling rationale to the Court as to why it should provide such broad-based relief that contravenes fundamental predicates of the Rules of Evidence in these circumstances. Nor has the Government offered any rationale why the Court and the jury should be subjected to large amounts of deposition testimony, when live testimony is preferred at trials. Moreover, many of the videotaped depositions taken in prior AWP cases are of questionable quality and would be a very poor substitute for readily available live testimony. Some of the testimony in the prior AWP cases was not videotaped at all, and thus would have to be read into evidence. Especially here, where "fraud and subjective intent are elements of the claim . . . the live testimony of witnesses for the purpose of presenting demeanor evidence [is] essential to a fair trial." *Howe v. Goldcorp. Invs., Ltd.*, 946 F.2d 944, 952 (1st Cir. 1991).

### D. The Roxane Defendants Should Also Be Granted Leave To Serve Trial Subpoenas.

Defendants agree that under 31 U.S.C. § 3731(a), a "subpoena requiring the attendance of a witness at trial may be served at any place in the United States." *See* Gov. Br. at 10. The courts

12

which have addressed the issue of subpoena power under the FCA have indicated that any party, not merely the government, may subpoena witnesses nationwide. *See ENI Petroleum Co.*, 2007 WL 2254318, at *4; *Bates East Corp.*, 1996 WL 417172, at *5. Thus, although the Roxane Defendants agree with the Government that such leave is not a necessary prerequisite under the FCA, *see* Gov. Br. at 11, out of an abundance of caution, they move for leave to serve subpoenas on any witness in the United States to compel live testimony at trial.

WHEREFORE, the Roxane Defendants respectfully request that the Government's Motion for Expedited Order Permitting Use of Depositions of Witnesses more than 100 Miles from the Courthouse and for Leave to Subpoena Witnesses be DENIED. Because the Roxane Defendants agree that the nationwide subpoena provision of the False Claims Act permits service and enforcement of subpoenas anywhere within the United States, defendants respectfully move for leave to subpoena witnesses beyond 100 miles from the courthouse, pursuant to 31 U.S.C. § 3731(a).

Dated: March 9, 2010

/s/ John W. Reale
Helen E. Witt, P.C.
Anne M. Sidrys, P.C.
Eric T. Gortner
John W. Reale
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel for Defendants Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., and Roxane Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on March 9, 2010, a copy to LexisNexis File and Serve for posting and notification to all parties.

/s/ John W. Reale<br>
John W. Reale