# Exhibit A

_____

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action No. 01-CV-12257-PBS |

_____

| | |
|---|---|
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

_____

## DEFENDANTS TEVA PHARMACEUTICALS USA, INC. AND NOVOPHARM USA, INC.'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL

The State of Iowa ("State") now concedes that Teva Pharmaceuticals USA, Inc. and Novopharm USA, Inc. (collectively, "Teva") are entitled to at least some of their requested discovery. However, notwithstanding the State's late-timed agreement to respond to certain of Teva's discovery requests, the State still refuses to respond to other requests propounded by Teva:

- *First*, the State still refuses to identify the State employees allegedly misled by Teva. The State's assertion that this request is moot has no merit.

- *Second*, the State refuses to clarify its offer to produce "AMP-related documents." The State's refusal to confirm whether it will produce responsive documents concerning, among other things, the State's calculation of AMPs from URAs (Unit Rebate Amounts) means that Teva's motion is not moot.

- *Third*, the State still refuses to identify the steps it took to ensure that it paid providers no more than their actual acquisition cost for Teva's drugs.

Because the State offers no justification for its continued refusals to respond to Teva's requests, Teva's motion to compel should be granted.

## ARGUMENT

**I.     TEVA'S MOTION TO COMPEL IS NOT MOOT.**

**A.     Information Concerning The Identity Of State Employees Allegedly Misled By Teva Is Relevant And Should Be Produced.**

In response to defendants' joint discovery requests, the State identified a number of individuals with knowledge of the allegations in the Complaint.[1] But clearly, this is not the same as identifying the State employees who were allegedly misled by Teva.  Thus, the State's assertion that Teva's motion is moot is wholly unsupportable.

The State also argues that the requested information is not relevant.  Among other things, the State alleges that:  (1) the State of Iowa is a "person" within the meaning of the Iowa Consumer Fraud Act, and (2) there is no requirement that the State identify a natural person who was misled by Teva.[2]  Both of these points are immaterial.  The definition of "relevant information" is extremely broad; it includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[3] The fact that no State employee was misled clearly bears on the issue of whether or not the State was defrauded. If any State employee was misled, the underlying facts are probative of the State's allegations, and Teva is entitled to know that employee's identity.  Thus, the Court should grant Teva's motion and order the State to identify the current or former State employees allegedly misled by Teva.

---

[1]     State of Iowa's Objections and Responses to Defendants' First Set of Interrogatories to the State of Iowa at 6-8 (Exhibit 2).

[2]     State of Iowa's Opposition to Teva Pharmaceuticals USA, Inc.'s and Novopharm USA, Inc.'s Motion to Compel Answers to Interrogatories and the Production of Documents ("Plaintiff's Br.") at 4-5.

[3]     *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

**B.     Documents Concerning AMPs Are Relevant And Should Be Produced.**

On March 9, 2010, nearly six months after the parties first met and conferred regarding the State's discovery responses and more than eight weeks after Teva filed its motion, the State finally agreed to produce "AMP-related documents."  Notwithstanding this offer to produce "AMP-related documents," the State refuses to state what this offer actually means.  In particular, *three times* the State was asked whether its offer to produce AMP-related documents means it will produce all documents concerning the State's calculation of AMPs from URAs (Unit Rebate Amounts).[4]  The State refuses to say.[5]

Given the State's previous objections to Teva's document request, and the State's equivocation and refusal to clarify whether it will produce all documents that are responsive to Teva's request, Teva's motion to compel is not moot and should be granted.

**C.     Information Concerning The Steps Taken By The State To Ensure That It Paid Providers No More Than Actual Acquisition Cost Is Relevant And Should Be Produced.**

To date, the State has refused to identify the steps it took to ensure that it paid providers no more than their actual acquisition cost for drugs on the grounds that this request amounts to an "improper attempt to shift the burden on plaintiff."[6]  This, of course, is a red-herring.  The State's entire case is premised on the claim that it was somehow deceived by published prices

---

[4]     The State previously objected to producing such documents apparently because -- in the State's view -- federal law prohibited the State from using AMPs in determining reimbursement rates.  State of Iowa's Objections and Responses to Teva's First Request for Production of Documents at 8-9 (Exhibit 3); *see also* Sept. 16, 2009 Letter from J. Parish to J. Cicala (attached as Exhibit 8).  Even if true, this "fact" is irrelevant.  Whether the State could or could not "use" AMPs in determining reimbursement, the availability of AMPs to the State undercuts any claim that it was deceived or reasonably relied on published prices.

[5]     Mar. 9, 2010 E-mail from J. Normand to J. Parish (attached as Exhibit 9).

[6]     Plaintiff's Br. at 9.

and that only after filing its complaint did it learn the "truth" about Teva's published prices. Further, the State alleges that it wanted to reimburse providers based on their actual acquisition cost for drugs. Plainly, what steps, if any, the State took -- before or after the filing of its complaint -- to ensure that it paid providers their actual acquisition cost for drugs are directly relevant to the State's claims in this case.

For the first time, the State now contends that the requested information is duplicative of documents already produced to defendants. On March 9, 2010, the State offered to supplement its response to Teva's interrogatory by "do[ing] [its] best" to provide Bates numbers for documents that "demonstrate that Iowa reimbursed providers at E[stimated] A[cquisition] C[ost]. . . ."[7] But this offer to supplement does nothing to answer the interrogatory posed. Teva requested identification of the steps the State took to ensure that it paid providers no more than *actual acquisition cost*, not *estimated acquisition cost*. In other words, the State has offered to supplement its interrogatory response in order to answer an entirely different interrogatory, one that was never propounded by Teva. The State has not and cannot offer any legitimate basis to deny Teva discovery concerning the factual basis of the State's very own allegations. Accordingly, Teva's motion to compel should be granted.

## CONCLUSION

For the foregoing reasons, Teva respectfully requests that the Court order the State to produce documents and information responsive to its discovery requests, including (1) documents relating to the State's knowledge of and/or calculation of the AMPs for Teva's drugs, (2) the identity of current or former State employees allegedly misled by Teva with regard to the

---

[7] Exhibit 9 at 1.

prices of Teva's drugs, and (3) the steps taken by the State to ensure that it paid Iowa Medicaid providers no more than the actual acquisition costs of Teva's drugs.

Dated:  March 10, 2010                                Respectfully submitted,

                                                      */s/ Jennifer G. Levy*
                                                      Jennifer G. Levy (admitted *pro hac vice*)
                                                      Patrick M. Bryan (admitted *pro hac vice*)
                                                      Jason R. Parish (admitted *pro hac vice*)
                                                      KIRKLAND & ELLIS LLP
                                                      655 Fifteenth Street, NW
                                                      Washington, DC  20005
                                                      Tel:  (202) 879-5000
                                                      Fax:  (202) 879-5200

                                                      *Attorneys for Teva Pharmaceuticals USA,*
                                                      *Inc., Novopharm USA, Inc., Ivax*
                                                      *Corporation, Ivax Pharmaceuticals, Inc.,*
                                                      *Sicor, Inc., and Barr Laboratories, Inc.*

## CERTIFICATE OF SERVICE

   I certify that on this 10th day of March, a true and correct copy of the foregoing DEFENDANTS TEVA PHARMACEUTICALS USA, INC. AND NOVOPHARM USA, INC. REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL was served on all counsel of record by transmission to Lexis Nexis File & Serve.


            */s/ Jason R. Parish*
            Jason R. Parish

Exhibit 8

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Jason R. Parish
To Call Writer Directly:
202-879-5066
Jparish@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

September 16, 2009

**By Federal Express and E-Mail**

Joanne M. Cicala
Kirby McInerney LLP
825 Third Avenue
16th Floor
New York, NY 10022

Re:     *Iowa AWP Litigation*

Dear Joanne:

I write regarding the State of Iowa's responses to Teva Pharmaceuticals USA, Inc.'s ("Teva's") First Request for Production and First Set of Interrogatories. The State's responses to Teva's discovery requests are deficient in several material respects.[1] Below, I have outlined some of these deficiencies, but this list is by no means exhaustive.

***First***, the State has objected to the production of several categories of relevant documents and information on the grounds that such materials are protected by the legislative, deliberative process, common interest, and/or consulting expert privileges. *See* Iowa Resp. to Teva's RFP Nos. 1-7, 11, 13-17, 20-23; Iowa Resp. to Teva's Irog. Nos. 1, 2, 5, 6. It is difficult to understand how the materials requested would be protected from disclosure by such privileges. For example, the State has asserted that documents "reflecting or concerning the difference between the reimbursement amount paid to a Provider and a Provider's costs to purchase any Teva Subject Drug" are protected from disclosure by virtue of the deliberative process privilege (among others). However, the deliberative process privilege plainly does not apply. Indeed, Judge Saris has already addressed this issue and concluded that documents and

---

[1]     The State served nearly identical responses to discovery requests served on behalf of Teva, Ivax Corporation, Ivax Pharmaceuticals, Inc., Sicor Inc., Barr Laboratories, Inc. and Duramed Pharmaceuticals, Inc. The deficiencies in the State's responses to Teva's discovery requests are also found in the State's responses to these other Defendants' discovery requests. However, for simplicity, I address only the State's responses to Teva's discovery requests.

information of the type requested by Teva, which relate to the State's knowledge of drug industry pricing practices, are not protected by the deliberative process privilege. *See In re Pharmaceutical Industry Average Wholesale Price Litigation*, 254 F.R.D. 35 (D. Mass. 2008) (Saris, J.). We ask that you clarify the basis for your assertions of the legislative, deliberative process, common interest, and/or consulting expert privileges. To the extent any responsive documents have been withheld as privileged, we ask that an appropriate privilege log be provided by September 30th.

*Second*, the State has objected that several of Teva's discovery requests are "not confined to . . . the drugs at issue in the Iowa AWP litigation" or "the relevant Iowa Medicaid providers." *See* Iowa Resp. to Teva's RFP Nos. 2-4, 8, 10, 11, 13-18; Iowa Resp. to Teva's Irog Nos. 1, 4, 5, 13, 14. Further, the State has objected that several of Teva's discovery requests are "not confined to . . . the claims at issue in this case." *See* Iowa Resp. to Teva's Irog. Nos. 1, 4. However, Teva's requests seek documents relating to, among other things, the State's knowledge of drug pricing, the State's alleged understanding of Teva's reported prices as "true" prices, and the State's alleged "reliance" on these prices. Such documents relate directly to the State's claims that Teva "made false representations" regarding drug prices on which the State then reasonably "relied." Compl. ¶ 660. We ask that you advise whether the State has withheld responsive documents on the basis of these objections.

*Third*, the State has objected that Teva's discovery requests seek documents and information in the possession, custody, or control of "other branches or agencies of the Iowa State Government not involved in the operation of the Iowa Medicaid program." *See* Iowa Resp. to Teva's Irog. No. 3 ("the plaintiff in this action is specifically limited to the Iowa Medicaid Program. Plaintiff responds only on behalf of the Iowa Medicaid Program."). As you know, the "State of Iowa" is the named plaintiff in this action. All State agencies that purchase and/or reimburse for prescription drugs are therefore subject to discovery. Indeed, there can be no dispute that non-Medicaid agencies' knowledge of drug pricing is relevant or likely to lead to the discovery of admissible evidence. Therefore, there is no basis to arbitrarily and selectively limit Teva's discovery of relevant evidence in this manner. We ask that you advise whether the State has withheld responsive documents on the basis of this objection.

*Fourth*, the State has refused to produce documents or information in response to several of Teva's specific discovery requests:

- **Request for Production No. 4.** The State has agreed to produce "responsive, non-privileged documents [that are] ***not already in Teva's possession***" "concerning any request by [it] for information concerning price, costs, or reimbursement for any of the Teva Subject Drugs. . . " (emphasis added). Please advise whether, in response to this Request, the State has withheld responsive

documents on the grounds that such documents are "already in Teva's possession."

- **Request for Production No. 5.** The State has refused to produce documents "showing any MAC or FUL available for each of the Teva Subject Drugs, including the period of time during which it was in effect." The reason for the State's refusal to produce these documents is not clear, particularly in light of the State's willingness to produce other documents relating to MACs for the Teva Subject Drugs. *See, e.g.*, Iowa Resp. to Teva's RFP Nos. 7. We ask that the State reconsider its apparent refusal to produce documents responsive to this Request.

- **Request for Production No. 7.** The State refuses to produce documents "constituting, concerning, or relating to [its] deliberation and/or decision to request or not to request AMP data for its Subject Drugs, including all documents containing any AMP data for any Subject Drug and all documents concerning the calculation of an AMP from a URA." The State apparently objects that such discovery is not warranted because—according to the State—federal law barred it from using URAs to "reverse engineer" AMPs for the Subject Drugs. But this alleged fact has no bearing on the relevance of the requested documents. *See also* Iowa Resp. to Irog. No. 13.

- **Request for Production No. 9.** The State refuses to produce documents "including communications, memoranda (internal and external), or analyses, concerning Medicaid Rebates for the Teva Subject Drugs. . ." apparently because the State "is not asserting rebate claims against Teva." But the requested documents are plainly relevant to both the State's alleged lack of knowledge about drug industry pricing practices and the State's claims for damages.

- **Request for Production No. 12.** The State refuses to produce documents "concerning Federal Supply Schedule or Veterans' Affairs pricing for Teva Subject Drugs." The State objects that such documents are "irrelevant to this litigation." But knowledge of the State—from whatever source—about drug industry pricing practices is plainly relevant to the State's claims that it was defrauded due to its purported lack of knowledge about drug industry pricing practices.

- **Request for Production No. 18.** The State refuses to produce documents "concerning or referring to Suggested Wholesale Price or SWP for any Teva Subject Drug." The reason for the State's refusal to produce these documents is not clear, particularly given that the State alleges that Teva's reported SWPs were published as AWPs.

- **Request for Production No. 19.**  The State refuses to produce documents "indicating, stating or otherwise concerning the fact that AWP does not represent an average price at which wholesalers acquire pharmaceutical products from manufacturers."  The reason for the State's refusal to produce these documents is not clear.  While the State objects that it "does not allege that AWP represented 'an average price at which wholesalers acquire pharmaceutical products from manufacturers'," that is precisely what the State alleges.  *See* Compl. ¶ 93 ("AWP is to be construed according to its plain meaning, to wit, it is supposed to represent an average of the actual prices charged by wholesalers and/or paid by providers to wholesalers.").  In any event, the requested documents are relevant to the subject-matter of this case and, notably, the State does not claim otherwise.

- **Request for Production No. 23.**  The State has agreed to produce documents "concerning actual or proposed supplemental rebates relating to any Teva Subject Drug. . . ."  Please advise whether, in response to this Request, the State has withheld responsive documents on the grounds that such documents are "not material to the issues in this litigation."

- **Interrogatory No. 3.**  The State has not identified any persons "currently or formerly employed by the State of Iowa [it] alleges w[ere] mislead by Teva with respect to the actual prices of the Teva Subject Drugs. . . ."  Please advise whether the State has withheld information responsive to this Interrogatory.

- **Interrogatory No. 5.**  The State has not identified any "step taken by [it] prior to and after the filing of the Complaint to ensure that [it] paid providers no more than their actual acquisition costs for the Teva Subject Drugs."  Please advise whether the State has withheld information responsive to this Interrogatory.

We ask that the State reconsider its refusal to produce documents and information responsive to each of the foregoing identified requests.  Further, we would like to schedule a time to meet and confer with you regarding these and other deficiencies in the State's discovery responses.  Please let me know if you are available to speak by telephone on Friday, September 18.  If this date is not convenient, please propose an alternative date.

Sincerely,

*/s/ Jason R. Parish*

Jason R. Parish

Exhibit 9

**Jason Parish/Washington DC/Kirkland-Ellis**

03/10/2010 03:34 PM

To

cc

bcc

Subject  Fw: State of Iowa v. Abbott Laboratories -- Teva's motion to compel

---



**Jocelyn Normand**
**<jnormand@kmllp.com>**

03/09/2010 08:38 PM

To  Jason Parish <jparish@kirkland.com>

cc  Joanne Cicala <jcicala@kmllp.com>, James P Carroll Jr
    <jcarroll@kmllp.com>

Subject  Re: Fw: State of Iowa v. Abbott Laboratories -- Teva's motion
         to compel

Jason, our position is that (1) we already have or will produce all
non-privileged AMP related documents, and (2) we will do our best to
provide bates ranges for the documents we have produced related to
Iowa's State Plans, reimbursement formulas, efforts to implement a SMAC,
and that otherwise demonstrate that Iowa reimbursed providers at EAC as
required by Federal regulation. We anticipate making supplemental
productions on March 19 and March 26 which we expect will include
additional documents relating to both of these topics. Should we
discover any further responsive, non-privileged documents, we will
produce those as well.

Jocelyn


Jason Parish wrote:
> Jocelyn --
> Thanks for your voicemail. I understand the State's position to be the
> following:
>
> First, the State will produce all AMP-related documents. During our
> meet and confer last fall, we discussed that Teva's RFP No. 7 seeks
> three categories documents: (1) documents containing AMP data for the
> Teva Subject Drugs, (2) documents concerning the State's deliberation
> and/or decision to request or not request AMP data for the Teva Subject
> Drugs, and (3) documents concerning the "reverse engineering" or
> calculation of an AMP from a URA. Can you please confirm that the State
> will produce all non-privileged documents falling into these categories,
> and otherwise meet the scope of Teva's RFP No. 7?
>
> Second, you indicated that the State is willing to provide the Bates
> numbers of documents from the State's production identifying the steps
> the State took to ensure it paid providers no more than actual
> acquisition cost. Your message cut off early, so can you please confirm
> that this is correct?
>
> Thanks,
> Jason
>

>
> Jason R. Parish | Kirkland & Ellis LLP
>
> 655 15th Street  NW | Suite 1200
> Washington DC 20005
> (202) 879-5066 Direct
> (202) 879-5200 Fax
>
>
>
> ----- Forwarded by Jason Parish/Washington DC/Kirkland-Ellis on
> 03/09/2010 07:46 PM -----
> Jason Parish/Washington DC/Kirkland-Ellis
>
> 03/09/2010 02:55 PM
>
>
> To
>          Jocelyn Normand <jnormand@kmllp.com>
> cc
>
> Subject
>          Re: Fw: State of Iowa v. Abbott Laboratories -- Teva's motion to
> compelLink
> <
Notes://DCNOTES1/852571C5004C4D58/DABA975B9FB113EB852564B5001283EA/2E5925F1E89
56F97862576DE0000C004>
>
>
>
>
>
>
> Jocelyn --
> We'd like to get our reply brief on file in the next day or so.  Have
> you had an opportunity to follow up on the issues we discussed
> yesterday; specifically whether (1) the State has produced all
> non-privileged documents responsive to Teva's RFP No. 7, and (2) the
> State will supplement its written response to Teva's Interrogatory No. 5?
>
> Please let me know.  Thanks
>
> Jason
>
>
> Jason R. Parish | Kirkland & Ellis LLP
>
> 655 15th Street  NW | Suite 1200
> Washington DC 20005
> (202) 879-5066 Direct
> (202) 879-5200 Fax
>
>
>
> Jocelyn Normand <jnormand@kmllp.com>
>
> 03/05/2010 07:08 PM
>
>

```
> To
>               Jason Parish <jparish@kirkland.com>
> cc
>
> Subject
>               Re: Fw: State of Iowa v. Abbott Laboratories -- Teva's motion to
compel
>
>
>
>
>
>
>
> I realize that I offered anytime after 4 but 6 would be better.  Can you
> do that?
>
> Jason Parish wrote:
>
>   > We disagree that it's moot.  However, I am available at 5 if that works.
>   >
>   > Thanks
>   >
>   >
>   > Jason R. Parish | Kirkland & Ellis LLP
>   >
>   > 655 15th Street  NW | Suite 1200
>   > Washington DC 20005
>   > (202) 879-5066 Direct
>   > (202) 879-5200 Fax
>   >
>   >
>   >
>   > Jocelyn Normand <jnormand@kmllp.com>
>   >
>   > 03/05/2010 06:04 PM
>   >
>   >
>   > To
>   >                     Jason Parish <jparish@kirkland.com>
>   > cc
>   >
>   > Subject
>   >                     Re: Fw: State of Iowa v. Abbott Laboratories --
> Teva's motion to compel
>   >
>   >
>   >
>   >
>   >
>   >
>   >
>   > Sorry Jason, let's do it on Monday okay?  Are you around after 4pm?
>   > Basically, we think that at this point the motion is moot, but would
>   > like to discuss.
>   >
>   > Jason Parish wrote:
>   >   > Jocelyn -- did you want to meet and confer this afternoon?  I am
```

```
>  >  > available until 6:15.  Thanks
>  >  >
>  >  >
>  >  > Jason R. Parish | Kirkland & Ellis LLP
>  >  >
>  >  > 655 15th Street  NW | Suite 1200
>  >  > Washington DC 20005
>  >  > (202) 879-5066 Direct
>  >  > (202) 879-5200 Fax
>  >  >
>  >  >
>  >  >
>  >  > ----- Forwarded by Jason Parish/Washington DC/Kirkland-Ellis on
>  >  > 03/05/2010 05:52 PM -----
>  >  > Jason Parish/Washington DC/Kirkland-Ellis
>  >  >
>  >  > 03/05/2010 04:48 PM
>  >  >
>  >  >
>  >  > To
>  >  >                    Jocelyn Normand <jnormand@kmllp.com>
>  >  > cc
>  >  >
>  >  > Subject
>  >  >                    Re: State of Iowa v. Abbott Laboratories -- Teva's
>  > motion to compelLink
>  >  >
>  >  >
>  > <
Notes://DCNOTES1/852571C5004C4D58/DABA975B9FB113EB852564B5001283EA/3495E165388
FF8B2862576DD0075D475
>  <
Notes://dcnotes1/852571C5004C4D58/DABA975B9FB113EB852564B5001283EA/3495E165388
FF8B2862576DD0075D475>
>  >
>  <
Notes://dcnotes1/852571C5004C4D58/DABA975B9FB113EB852564B5001283EA/3495E165388
FF8B2862576DD0075D475>>
>  >  >
>  >  >
>  >  >
>  >  >
>  >  >
>  >  >
>  >  > Yes, how about 5:30?
>  >  >
>  >  >
>  >  >
>  >  > Jason R. Parish | Kirkland & Ellis LLP
>  >  >
>  >  > 655 15th Street  NW | Suite 1200
>  >  > Washington DC 20005
>  >  > (202) 879-5066 Direct
>  >  > (202) 879-5200 Fax
>  >  >
>  >  >
>  >  >
>  >  > Jocelyn Normand <jnormand@kmllp.com>
```

> > >
> > > 03/05/2010 04:27 PM
> > >
> > >
> > > To
> > >                          Jason Parish <jparish@kirkland.com>
> > > cc
> > >
> > > Subject
> > >                          Re: State of Iowa v. Abbott Laboratories -- Teva's
> > motion to compel
> >
> > >
> > >
> > >
> > >
> > >
> > >
> > >
> > > Are you around between 5 and 6 today?
> >
> > > Jason Parish wrote:
> >
> > >  > Jocelyn --
> > >  > Correction to what I told you on the phone:  I am available
> today and
> > >  > next week, save for Tuesday and Friday.  Also, if you or James
> could let
> > >  > me know if there is a particular issue (as opposed to the general
> > >  > question of whether the parties need to engage in further
> briefing), I
> > >  > would appreciate it.
> > >  >
> > >  > Thanks
> > >  >
> > >  >
> > >  > Jason R. Parish | Kirkland & Ellis LLP
> > >  >
> > >  > 655 15th Street  NW | Suite 1200
> > >  > Washington DC 20005
> > >  > (202) 879-5066 Direct
> > >  > (202) 879-5200 Fax
> > >  >
> > >  >
> > >  >
> > >  > Jocelyn Normand <jnormand@kmllp.com>
> > >  >
> > >  > 03/05/2010 12:36 PM
> > >  >
> > >  >
> > >  > To
> > >  >                          Jason Parish <jparish@kirkland.com>
> > >  > cc
> > >  >
> > >  > Subject
> > >  >                          Re: State of Iowa v. Abbott Laboratories -- Teva's
> > motion to compel
> > >  >
> > >  >

```
>  >  >  >
>  >  >  >
>  >  >  >
>  >  >  >
>  >  >  >
>  >  >  >  Jason, I think it might be worthwhile to meet and confer about
> this.
>  >  >  >  Can you give me a quick call to set it up?  212-371-6600
>  >  >  >
>  >  >  >  Jason Parish wrote:
>  >  >  >
>  >  >  >   > No objection.  Thanks
>  >  >  >   >
>  >  >  >   >
>  >  >  >   >
>  >  >  >   > Jason R. Parish | Kirkland & Ellis LLP
>  >  >  >   >
>  >  >  >   > 655 15th Street  NW | Suite 1200
>  >  >  >   > Washington DC 20005
>  >  >  >   > (202) 879-5066 Direct
>  >  >  >   > (202) 879-5200 Fax
>  >  >  >   >
>  >  >  >   >
>  >  >  >   >
>  >  >  >   > Jocelyn Normand <jnormand@kmllp.com>
>  >  >  >   >
>  >  >  >   > 03/03/2010 04:46 PM
>  >  >  >   >
>  >  >  >   >
>  >  >  >   > To
>  >  >  >   >                    Jason Parish <jparish@kirkland.com>
>  >  >  >   > cc
>  >  >  >   >                    Joanne Cicala <jcicala@kmllp.com>, James P
> Carroll
>  >  >  >   > Jr <jcarroll@kmllp.com>
>  >  >  >   > Subject
>  >  >  >   >                    Re: State of Iowa v. Abbott Laboratories --
> Teva's
>  >  >  >   > motion to compel
>  >  >  >   >
>  >  >  >   >
>  >  >  >   >
>  >  >  >   >
>  >  >  >   >
>  >  >  >   >
>  >  >  >   >
>  >  >  >   > Jason, we're amenable to that as long as you don't object to our
>  >  > filing
>  >  >  >   > a sur-reply.
>  >  >  >   >
>  >  >  >   > Jason Parish wrote:
>  >  >  >   >  > Jocelyn --
>  >  >  >   >  > Teva is planning to request leave to file a reply
> memorandum in
>  >  >  >   > support
>  >  >  >   >  > of its motion to compel.  Rule 7.1 requires that we meet and
>  >  > confer on
>  >  >  >   >  > this point.  Can you please let me know whether the State
```

```
>  > opposes
>  >  >  > Teva's
>  >  >  >  >  > request for leave to file a reply memorandum?
>  >  >  >  >  >
>  >  >  >  >  > Thanks,
>  >  >  >  >  > Jason
>  >  >  >  >  >
>  >  >  >  >  > Jason R. Parish | Kirkland & Ellis LLP
>  >  >  >  >  >
>  >  >  >  >  > 655 15th Street  NW | Suite 1200
>  >  >  >  >  > Washington DC 20005
>  >  >  >  >  > (202) 879-5066 Direct
>  >  >  >  >  > (202) 879-5200 Fax
>  >  >  >  >  >
>  >  >  >  >  >
>  >  >  >  >  > ************************************************************
>  >  >  >  >  > The information contained in this communication is
>  >  >  >  >  > confidential, may be attorney-client privileged, may
>  >  >  >  >  > constitute inside information, and is intended only for
>  >  >  >  >  > the use of the addressee. It is the property of
>  >  >  >  >  > Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
>  >  >  >  >  > Unauthorized use, disclosure or copying of this
>  >  >  >  >  > communication or any part thereof is strictly prohibited
>  >  >  >  >  > and may be unlawful. If you have received this
>  >  >  >  >  > communication in error, please notify us immediately by
>  >  >  >  >  > return e-mail or by e-mail to postmaster@kirkland.com, and
>  >  >  >  >  > destroy this communication and all copies thereof,
>  >  >  >  >  > including all attachments.
>  >  >  >  >  > ************************************************************
>  >  >  >  >  >
>  >  >  >  >  > --
>  >  >  >  >  > Jocelyn R. Normand
>  >  >  >  >  > KIRBY McINERNEY LLP
>  >  >  >  >  > 825 Third Avenue, 16th Floor
>  >  >  >  >  > New York, NY 10022
>  >  >  >  >  > Tel: 212.371.6600 ext. 263
>  >  >  >  >  > Fax: 212.699.1194
>  >  >  >  >  > jnormand@kmllp.com
>  >  >  >  >  > www.kmllp.com
>  >  >  >  >  >
>  >  >  >  >  > CONFIDENTIALITY NOTICE: This e-mail message and any associated
>  >  >  >  > attachments are private communication and may contain
> confidential,
>  >  >  >  > legally privileged information meant solely for the intended
>  >  > recipient.
>  >  >  >  > If you are not the intended recipient, you are hereby notified
>  > that any
>  >  >  >  > disclosure, copying, distribution, or the taking of any
> action in
>  >  >  > reliance on the contents of this transmission is strictly
>  >  > prohibited. If
>  >  >  >  > you have received this e-mail in error, please notify the sender
>  >  >  >  > immediately and do not disclose its contents, use it for any
>  >  > purpose, or
>  >  >  >  > store/copy the information in any medium. Thank you.
>  >  >  >  >
>  >  >  >  >
>  >  >  >  > ***********************************************************
>  >  >  >  > The information contained in this communication is
```

> > > > > confidential, may be attorney-client privileged, may
> > > > > constitute inside information, and is intended only for
> > > > > the use of the addressee. It is the property of
> > > > > Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
> > > > > Unauthorized use, disclosure or copying of this
> > > > > communication or any part thereof is strictly prohibited
> > > > > and may be unlawful. If you have received this
> > > > > communication in error, please notify us immediately by
> > > > > return e-mail or by e-mail to postmaster@kirkland.com, and
> > > > > destroy this communication and all copies thereof,
> > > > > including all attachments.
> > > > > *********************************************************
> > > >
> > > > --
> > > > Jocelyn R. Normand
> > > > KIRBY McINERNEY LLP
> > > > 825 Third Avenue, 16th Floor
> > > > New York, NY 10022
> > > > Tel: 212.371.6600 ext. 263
> > > > Fax: 212.699.1194
> > > > jnormand@kmllp.com
> > > > www.kmllp.com
> > > >
> > > > CONFIDENTIALITY NOTICE: This e-mail message and any associated
> > > > attachments are private communication and may contain confidential,
> > > > legally privileged information meant solely for the intended
> > recipient.
> > > > If you are not the intended recipient, you are hereby notified
> > that any
> > > > disclosure, copying, distribution, or the taking of any action in
> > > > reliance on the contents of this transmission is strictly
> > prohibited. If
> > > > you have received this e-mail in error, please notify the sender
> > > > immediately and do not disclose its contents, use it for any
> > purpose, or
> > > > store/copy the information in any medium. Thank you.
> > > >
> > > >
> > > > *********************************************************
> > > > The information contained in this communication is
> > > > confidential, may be attorney-client privileged, may
> > > > constitute inside information, and is intended only for
> > > > the use of the addressee. It is the property of
> > > > Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
> > > > Unauthorized use, disclosure or copying of this
> > > > communication or any part thereof is strictly prohibited
> > > > and may be unlawful. If you have received this
> > > > communication in error, please notify us immediately by
> > > > return e-mail or by e-mail to postmaster@kirkland.com, and
> > > > destroy this communication and all copies thereof,
> > > > including all attachments.
> > > > *********************************************************
> > >
> > > --
> > > Jocelyn R. Normand
> > > KIRBY McINERNEY LLP
> > > 825 Third Avenue, 16th Floor
> > > New York, NY 10022
> > > Tel: 212.371.6600 ext. 263
> > > Fax: 212.699.1194

> > > jnormand@kmllp.com
> > > www.kmllp.com
> > >
> > > CONFIDENTIALITY NOTICE: This e-mail message and any associated
> > > attachments are private communication and may contain confidential,
> > > legally privileged information meant solely for the intended
> recipient.
> > > If you are not the intended recipient, you are hereby notified
> that any
> > > disclosure, copying, distribution, or the taking of any action in
> > > reliance on the contents of this transmission is strictly
> prohibited. If
> > > you have received this e-mail in error, please notify the sender
> > > immediately and do not disclose its contents, use it for any
> purpose, or
> > > store/copy the information in any medium. Thank you.
> > >
> > >
> > >
> > > ***********************************************************
> > > The information contained in this communication is
> > > confidential, may be attorney-client privileged, may
> > > constitute inside information, and is intended only for
> > > the use of the addressee. It is the property of
> > > Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
> > > Unauthorized use, disclosure or copying of this
> > > communication or any part thereof is strictly prohibited
> > > and may be unlawful. If you have received this
> > > communication in error, please notify us immediately by
> > > return e-mail or by e-mail to postmaster@kirkland.com, and
> > > destroy this communication and all copies thereof,
> > > including all attachments.
> > > ***********************************************************
> >
> > --
> > Jocelyn R. Normand
> > KIRBY McINERNEY LLP
> > 825 Third Avenue, 16th Floor
> > New York, NY 10022
> > Tel: 212.371.6600 ext. 263
> > Fax: 212.699.1194
> > jnormand@kmllp.com
> > www.kmllp.com
> >
> > CONFIDENTIALITY NOTICE: This e-mail message and any associated
> > attachments are private communication and may contain confidential,
> > legally privileged information meant solely for the intended recipient.
> > If you are not the intended recipient, you are hereby notified that any
> > disclosure, copying, distribution, or the taking of any action in
> > reliance on the contents of this transmission is strictly prohibited. If
> > you have received this e-mail in error, please notify the sender
> > immediately and do not disclose its contents, use it for any purpose, or
> > store/copy the information in any medium. Thank you.
> >
> >
> > ***********************************************************
> > The information contained in this communication is
> > confidential, may be attorney-client privileged, may
> > constitute inside information, and is intended only for
> > the use of the addressee. It is the property of

> > Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
> > Unauthorized use, disclosure or copying of this
> > communication or any part thereof is strictly prohibited
> > and may be unlawful. If you have received this
> > communication in error, please notify us immediately by
> > return e-mail or by e-mail to postmaster@kirkland.com, and
> > destroy this communication and all copies thereof,
> > including all attachments.
> > ***********************************************************
>
> --
> Jocelyn R. Normand
> KIRBY McINERNEY LLP
> 825 Third Avenue, 16th Floor
> New York, NY 10022
> Tel: 212.371.6600 ext. 263
> Fax: 212.699.1194
> jnormand@kmllp.com
> www.kmllp.com
>
> CONFIDENTIALITY NOTICE: This e-mail message and any associated
> attachments are private communication and may contain confidential,
> legally privileged information meant solely for the intended recipient.
> If you are not the intended recipient, you are hereby notified that any
> disclosure, copying, distribution, or the taking of any action in
> reliance on the contents of this transmission is strictly prohibited. If
> you have received this e-mail in error, please notify the sender
> immediately and do not disclose its contents, use it for any purpose, or
> store/copy the information in any medium. Thank you.
>
>
>
> ***********************************************************
> The information contained in this communication is
> confidential, may be attorney-client privileged, may
> constitute inside information, and is intended only for
> the use of the addressee. It is the property of
> Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
> Unauthorized use, disclosure or copying of this
> communication or any part thereof is strictly prohibited
> and may be unlawful. If you have received this
> communication in error, please notify us immediately by
> return e-mail or by e-mail to postmaster@kirkland.com, and
> destroy this communication and all copies thereof,
> including all attachments.
> ***********************************************************

--
Jocelyn R. Normand
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: 212.371.6600 ext. 263
Fax: 212.699.1194
jnormand@kmllp.com
www.kmllp.com

CONFIDENTIALITY NOTICE: This e-mail message and any associated
attachments are private communication and may contain confidential,
legally privileged information meant solely for the intended recipient.

If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately and do not disclose its contents, use it for any purpose, or store/copy the information in any medium. Thank you.