# Exhibit 5

*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al.
v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS

**Exhibit to the March 10, 2010 Declaration of Sarah L. Reid in Support of Dey Defendants' Response to Plaintiffs' Motion Concerning The Use of Depositions**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

-----------------------------------X

IN RE:　PHARMACEUTICAL INDUSTRY　　　)

AVERAGE WHOLESALE PRICE LITIGATION ) MDL No. 1456

-----------------------------------) Civil Action

THIS DOCUMENT RELATES TO:　　　　　　) No. 01-12257-PBS

United States of America, ex. rel. ) Hon. Patti Saris

Ven-a-Care of the Florida Keys,　　 ) Magistrate Judge

Inc., v. Abbott Laboratories, Inc.,)

Civil Action No. 06-11337-PBS; and )

United States of America, ex. rel. ) VIDEOTAPED

Ven-a-Care of the Florida Keys,　　 ) DEPOSITION OF

Inc., v. Dey, Inc., et. al., Civil ) THE ILLINOIS

Action No. 05-11084-PBS; and United) DEPARTMENT OF

States of America, ex. rel.　　　　 ) HEALTHCARE AND

Ven-a-Care of the Florida Keys,　　 ) FAMILY SERVICES

Inc., v. Boehringer Ingleheim　　　 ) by　JAMES PARKER

Corp. et. al., Civil Action　　　　 )

No. 07-10248-PBS.　　　　　　　　　　) NOVEMBER 18, 2008

-----------------------------------X

1  Q. Would he have final say, or would that
2  be his Bureau Chief, over what payment
3  methodology was proposed?
4     MR. LIBMAN: Objection to form.
5     THE WITNESS: Define when you say --
6  BY MR. REALE:
7  Q. I mean when ultimately HFS decided to
8  propose a particular payment methodology --
9  **A. Propose, mean put into a State Plan**
10 **Amendment or a Rule Filing?**
11 Q. Yes. Would that authority come from
12 Mr. Hazelwood or one of his superiors?
13 **A. One of his superiors, but not his**
14 **immediate superior.**
15 Q. And would it be the Director at IDPA?
16 **A. Yes.**
17 Q. Now, you mentioned being on the phone
18 with attorneys from both the State of Illinois
19 and the U.S. Attorney's Office; is that correct?
20 **A. Yes.**
21 Q. How many times did you speak with
22 attorneys from the United States Office?

1  **A.  I believe on the phone, there were two**
2  **calls in the recent past, and I believe one call**
3  **in the distant murky past.**
4  Q.  And how long were these calls?
5  **A.  Of the recent calls, the first one I**
6  **believe lasted perhaps two hours, the second one**
7  **perhaps an hour.**
8  Q.  And which attorneys from the United
9  States did you speak to on these calls?
10 **A.  Just Laurie that I'm aware of.**
11 Q.  And did you --
12 **A.  I believe that's all, yes.**
13 Q.  And did you talk about the testimony
14 that you would give today?
15     MR. LIBMAN:  Objection to form.  Let me
16 just caution you again, and actually I'm going to
17 instruct you not to discuss the content of any of
18 the conversations for the following reason:
19     I believe all the calls for which
20 you're asking involved calls for which counsel
21 for the State, namely myself, participated.  We
22 have asserted or are asserting, to the extent

1  you're not aware of it, a common interest
2  privilege over those communications.
3         So I'm going to instruct you, Mr.
4  Parker, not to reveal the content of any of the
5  communications that took place during any of the
6  telephone calls with myself and Ms. Oberembt
7  that you've just recently been asked about.
8  BY MR. REALE:
9      Q.  You may answer.  It's just a yes or no
10 question.  Did you talk about the testimony --
11        MR. LIBMAN:  Well --
12 BY MR. REALE:
13     Q.  (Continuing) -- that you'd give today,
14 yes or no?
15        MR. LIBMAN:  I'm going to instruct you
16 not to answer that question because that would
17 reveal the content of the communications to which
18 we assert our privilege.
19        MR. REALE:  So you're going to block me
20 on asking whether or not the witness talked to
21 attorneys of the United States about the
22 testimony today?  What is --

1   MR. LIBMAN: No, I think you've
2   established -- no. I think my objection speaks
3   for itself, but I think you've established that
4   he spoke with attorneys to prepare for his
5   deposition, namely myself and Ms. Oberembt. To
6   the extent you want to ask anything further, we
7   can see what the question is, but as to the
8   particular question you asked about did we
9   discuss his testimony today, I believe that
10  question calls for him to reveal the content of
11  the communications, which we assert our
12  privilege. So I am instructing him not to answer
13  this particular question.
14  BY MR. REALE:
15      Q.   Did attorneys for the United States
16  provide you documents either before or after your
17  telephone conversations?
18      MR. LIBMAN: I'm similarly going to
19  instruct you not to answer that question as well
20  on work product grounds, and --
21      MR. REALE: What's the work product?
22      MR. LIBMAN: Well, I'll be happy to