# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE ) | Civil Action No. 01-12257-PBS |
| LITIGATION ) | |
| _____) | |
| ) | Judge Patti B. Saris |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| *State of Iowa v. Abbott Labs., et al.* ) | |
| (Subcategory Case No. 07-12141-PBS) ) | |
| ) | |
| AND ) | |
| ) | |
| *The City of New York v. Abbott Labs., et al.* ) | |
| (S.D.N.Y. No. 04-CV-06054) ) | |
| *County of Suffolk v. Abbott Labs., et al.* ) | |
| (E.D.N.Y. No. 03-CV-229) ) | |
| *County of Westchester v. Abbott Labs., et al.* ) | |
| (S.D.N.Y. No. 03-CV-6178) ) | |
| *County of Rockland v. Abbott Labs., et al.* ) | |
| (S.D.N.Y. No. 03-CV-7055) ) | |
| *County of Dutchess v. Abbott Labs., et al.* ) | |
| (S.D.N.Y. No. 05-CV-06458) ) | |
| *County of Putnam v. Abbott Labs., et al.* ) | |
| (S.D.N.Y. No. 05-CV-04740) ) | |
| *County of Washington v. Abbott Labs., et al.* ) | |
| (N.D.N.Y. No. 05-CV-00408) ) | |
| *County of Rensselaer v. Abbott Labs., et al.* ) | |
| (N.D.N.Y. No. 05-CV-00422) ) | |
| *County of Albany v. Abbott Labs., et al.* ) | |
| (N.D.N.Y. No. 05-CV-00425) ) | |

[Caption Continues on Next Page]

# MEMORANDUM IN SUPPORT OF
# SCHERING'S MOTION FOR PROTECTIVE ORDER

*County of Warren v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00468) )
*County of Greene v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00474) )
*County of Saratoga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00478) )
*County of Columbia v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00867) )
*Essex County v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs. et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06242) )
*County of Genesee v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06206) )
*County of Wayne v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06138) )

*County of Monroe v. Abbott Labs., et al.*                    )
(W.D.N.Y. No. 05-CV-06148)                                    )
*County of Yates v. Abbott Labs., et al.*                     )
(W.D.N.Y. No. 05-CV-06172)                                    )
*County of Niagara v. Abbott Labs., et al.*                   )
(W.D.N.Y. No. 05-CV-06296)                                    )
*County of Seneca v. Abbott Labs., et al.*                    )
(W.D.N.Y. No. 05-CV-06370)                                    )
*County of Orleans v. Abbott Labs., et al.*                   )
(W.D.N.Y. No. 05-CV-06371)                                    )
*County of Ontario v. Abbott Labs., et al.*                   )
(W.D.N.Y. No. 05-CV-06373)                                    )
*County of Schuyler v. Abbott Labs, et al.*                   )
(W.D.N.Y. No. 05-CV-06387)                                    )
*County of Steuben v. Abbott Labs., et al.*                   )
(W.D.N.Y. No. 05-CV-06223)                                    )
*County of Chemung v. Abbott Labs., et al.*                   )
(W.D.N.Y. No. 05-CV-06744)                                    )
                                    AND                       )
*County of Nassau v. Abbott Labs., et al.*                    )
(E.D.N.Y. No. 04-CV-5126)                                     )
_____)

## PRELIMINARY STATEMENT

On March 1, 2010, counsel for the consolidated New York Counties and the City of New

York (collectively, "the Counties") served Schering-Plough Corporation, Schering Corporation,

and Warrick Pharmaceuticals Corporation (collectively, "Schering") with two Notices of

Deposition pursuant to Rule 30(b)(6).  The following day the same counsel served notices on

Schering in the Iowa case.  The Iowa notices are identical, in all material respects, to those

served by the Counties.  These notices directly contravene the Protective Order that this Court

entered on September 22, 2008, staying discovery as to Schering's brand drugs in the New York

Counties cases.  Schering respectfully asks that the Court (i) quash these notices, which are a

blatant attempt to violate this Court's prior Order, (ii) reaffirm its stay of discovery as to the

Schering brand drugs, and (iii) order that any further attempt to evade this Court's discovery

orders by conducting this discovery in actions outside of MDL No. 1456, as counsel threatens,

for use in MDL No. 1456 will be ineffective and the discovery inadmissible in actions in MDL

No. 1456. An orderly and effective MDL process requires nothing less.

## ARGUMENT

These deposition notices contravene this Court's orders in the New York Counties case

and should not be permitted. These notices raise the very same issues as this Court addressed

and decided when it entered its September 2008 Protective Order, staying discovery as to

Schering's brand drugs. Then, as now, counsel for the Counties served Schering with a Notice

of Deposition seeking testimony regarding the sales and marketing of Schering's brand drugs. In

response, Schering moved for a protective order in which it pointed out that the Counties did not

have a good-faith basis for asserting "spreads" of over 30% with respect to Schering's brand

drugs. *See* Schering Corp.'s Memo. in Support of Its Mot. for Prot. Order, *In re Pharm. Indus.*

*Average Wholesale Price Litig.*, No. 01-12257-PBS, at 3 (May 13, 2008) [Dkt. No. 5296]. In

support of its Motion, Schering submitted the Affidavit of Dr. Sumanth Addanki. *See* Affidavit

of Dr. Sumanth Addanki (Feb. 21, 2008) [Dkt. No. 5299] (attached hereto as Exhibit A). After

hearing argument, Magistrate Judge Bowler granted the Motion for Protective Order on August

20, 2008. *See* Tr. of Mot. Hrg., *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-

12257-PBS, at 62 (Aug. 20, 2008)(attached hereto as Exhibit B). This Court affirmed that

ruling, despite the Counties' objections, and further ordered that, if the Counties wanted to

employ a calculation different from Dr. Addanki's, they "may submit an expert affidavit . . . but

it should be transparent and consistent in its methodology." *See* 9/22/08 Dkt. Order [Dkt. No.

5605] (attached hereto as Exhibit C). Despite that clear direction from the Court, and despite

expressing, in monthly Status Reports going back a full year to March 2009, an intent to move to

vacate the Schering Protective Order, the Counties have not done so or submitted the expert affidavit that this Court required. Fact discovery is set to close in 19 days. It is simply too late.[1]

Similarly, this discovery should not be permitted in the Iowa case. In its ruling on defendants' motion to dismiss Iowa's complaint, the Court "stay[ed] discovery for all drugs with alleged spreads of 30% or less until such time as plaintiff establishes that a lower threshold should apply." *See* Memorandum and Order, *State of Iowa* v. *Abbott Labs., Inc.*, No. 01-12257 (Aug. 19, 2008), at 16. Every NDC for which Iowa seeks discovery is also subject to the discovery stay in the New York Counties case. Dr. Addanki's affidavit, therefore, establishes equally that a stay should apply in Iowa. Iowa has not moved to lift the discovery stay and, as in the New York Counties case, fact discovery is scheduled to close soon.

Counsel has threatened to evade this Court's discovery rulings *in their entirety* by seeking this very same discovery in other states that have not been consolidated into MDL No. 1456. *See* 3/2/10 E-Mail from Michael Winget-Hernandez to John Bueker (attached hereto as Exhibit D). Schering will address counsel's discovery efforts in other states in the context of those other cases. Schering asks, however, that the Court deny counsel the use of any such discovery *in these cases* or in any other case in MDL No. 1456. Only by applying uniform discovery rules can the efficiency of an MDL proceeding be achieved. This Court is well within its authority in ordering that discovery in contravention of the Schering Protective Order – discovery that would be a blatant end-run around this Court's orders – not be admissible in cases

---

[1] In fact, the Counties once before moved to compel discovery from Schering as to its brand drugs in September 2009, *see* Pls. Mot. to Compel Discovery from Defendants Schering Corp. & Schering-Plough Corp., *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257 (Sept. 9, 2009) [Dkt. No. 6494], but withdrew their motion when Schering agreed to produce the requested data, *see* Pls. Notice of Withdrawal of Their Mot. to Compel, I*n re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257 (Sept. 9, 2009) [Dkt. No. 6511]. The Counties indisputably have now had all the data that they would need to show that the NDCs for which they are now requesting discovery had spreads of over 30% for more than six months. That the Counties have not even attempted to do so is telling. They cannot do it.

within MDL No. 1456. Such contempt for this Court and its orders should not be permitted, and Schering respectfully requests that the Court so order. *See In re Recticel Foam Corp.*, 859 F.2d 1000, 1006 (1st Cir. 1988) ("Trial courts enjoy a broad measure of discretion in managing pretrial affairs, including the conduct of discovery.").

## CONCLUSION

For the reasons stated herein, Schering respectfully requests that the Court (i) quash the four deposition notices served by the Counties and Iowa, (ii) reaffirm the Schering Protective Order, and (iii) enter an order stating that discovery that would not be permitted by the terms of the Schering Protective Order, or any other protective order entered by this Court, shall not be admissible in any case in MDL No. 1456, regardless of the case or jurisdiction in which that discovery is taken.

Respectfully submitted,

Merck & Co., Inc. (formerly known as Schering-Plough Corporation), Schering Corporation, and Warrick Pharmaceuticals Corporation

/s/ John P. Bueker
John T. Montgomery (BBO #352220)
John P. Bueker (BBO #636435)
Kim B. Nemirow (BBO #663258)
Russell Patrick Plato (BBO #671087)

ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: March 12, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2010, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Russell Patrick Plato
Russell Patrick Plato
