# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No.1456<br><br>Master File No. 01-CV-12257-PBS<br>Subcategory No. 06-CV-11337-PBS |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation, et al.*, Civil Action No. 07-10248-PBS | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

## THE ROXANE DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENT RELATED TO PLAINTIFFS' DAMAGES CLAIMS

Pursuant to Federal Rules of Evidence 401, 402 and 403, Boehringer Ingelheim Roxane, Inc., Roxane Laboratories, Inc., Boehringer Ingelheim Corporation, and Boehringer Ingelheim Pharmaceuticals, Inc. (collectively, the "Roxane Defendants") respectfully move this Court to preclude Plaintiffs United States of America and Ven-A-Care of the Florida Keys, Inc. from introducing any evidence or argument at trial regarding Plaintiffs' "combined conduct" theory of Medicare damages under the False Claims Act, 31 U.S.C. §3729 *et seq.* Because Plaintiffs' combined conduct theory is contrary to applicable law, any evidence related to this theory of Medicare damages is irrelevant to the jury's deliberations and properly excluded under Federal Rules of Evidence 401 and 402. Moreover, because the combined conduct theory would confuse the issues, mislead the jury, waste time, and be more prejudicial than probative, such evidence and argument should be precluded under Federal Rule of Evidence 403.

WHEREFORE, the Roxane Defendants respectfully request that the Motion be GRANTED, and relief be provided as requested herein and in the accompanying memorandum.

Dated: March 12, 2010

        /s/  John W. Reale
Helen E. Witt, P.C.
Anne M. Sidrys, P.C.
Eric T. Gortner
John W. Reale
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel for Defendants Boehringer Ingelheim Roxane, Inc., f/k/a Roxane Laboratories, Inc., Boehringer Ingelheim Corporation, and Boehringer Ingelheim Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on March 12, 2010, a copy to LexisNexis File and Serve for posting and notification to all parties.

/s/ John W. Reale
John W. Reale