UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: **PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | MDL No. 1456<br>Master File No. 01- 12257-PBS<br>Subcategory Case No. 06-11337<br>Hon. Patti B. Saris |
| **THIS DOCUMENT RELATES TO:**<br><br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.*,<br>Civil Action No. 05-11084-PBS | Magistrate Judge<br>Marianne B. Bowler |

**DECLARATION OF NEIL MERKL IN SUPPORT OF
DEY DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE FROM EVIDENCE
THE REPORTS AND TESTIMONY OF THEODORE R. MARMOR, PH.D.**

**NEIL MERKL** declares, pursuant to 28 U.S.C. § 1746, that:

1. I am a member of the law firm of Kelley Drye & Warren LLP, counsel to Dey Pharma, L.P. (formerly known as Dey, L.P.), Dey, Inc., and Dey L.P., Inc. (collectively "Dey"). I am admitted to practice law in the State of New York and have been admitted *pro hac vice* in this action.

2. I make this Declaration in support of Dey's Motion *In Limine* to Exclude from Evidence the Reports and Testimony of Theodore R. Marmor, Ph.D.

3. The basis for my knowledge is my review of the files maintained by Kelley Drye & Warren LLP as part of its representation of Dey, including the documents attached hereto, and my own personal knowledge of the facts and circumstances set forth herein.

4. Attached hereto as Exhibit 1 is a true and correct copy of the transcript of Motion for Certification of Appealability in this case, dated July 24, 2008.

5. Attached hereto as Exhibit 2 are true and correct copies of excerpts of the transcript of the deposition of Theodore R. Marmor, Ph.D., taken on February 11, 2009.

6. Attached hereto as Exhibit 3 is a true and correct copy of the Expert Report of Professor Theodore R. Marmor, Ph.D., relating to Abbott Laboratories, Inc.

7. Attached hereto as Exhibit 4 is a true and correct copy of the Supplemental Expert Report of Professor Theodore R. Marmor, Ph.D., relating to Dey and the Roxane Defendants.

8. Attached hereto as Exhibit 5 is a true and correct copy of Dr. Marmor's Abbott Report Source Log.

9. Attached hereto as Exhibit 6 is a true and correct copy of Dr. Marmor's Supplemental Report Source Log.

10. Attached hereto as Exhibit 7 is a true and correct copy of Dr. Marmor's Supplemental List of Materials Considered.

11. Attached hereto as Exhibit 8 is a true and correct copy of a list of State Medicaid Depositions made available to Dr. Marmor by Plaintiffs.

12. Attached hereto as Exhibit 9 are true and correct copies of excerpts of the transcript of the deposition of Theodore R. Marmor, Ph.D., taken on February 12, 2009.

13. Attached hereto as Exhibit 10 is a true and correct copy an email to Dr. Marmor regarding AWP Involvement Timeline, dated February 9, 2009.

14. Attached hereto as Exhibit 11 is a true and correct copy of an excerpt from the transcript of the deposition of Larry Reed, taken on October 2, 2008.

15. Attached hereto as Exhibit 12 are true and correct copies of excerpts of the transcript of the deposition of Theodore R. Marmor, Ph.D., taken on February 13, 2009.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2010.

                                                                    /s/ Neil Merkl
                                                                      Neil Merkl

## **CERTIFICATE OF SERVICE**

        I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on March 12, 2010, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                                             /s/ Neil Merkl
                                                                              Neil Merkl