UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS<br>Subcategory No. 06-CV-11337-PBS |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corporation, et al.*, Civil Action No. 07-10248-PBS | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

### ROXANE DEFENDANTS' JOINDER IN THE DEY DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE FROM EVIDENCE THE REPORTS AND TESTIMONY OF THEODORE R. MARMOR, PH.D.

Defendants Boehringer Ingelheim Roxane, Inc., Roxane Laboratories, Inc., Boehringer Ingelheim Corp., and Boehringer Ingelheim Pharmaceuticals, Inc. (collectively the "Roxane Defendants"), pursuant to Federal Rule of Civil Procedure 7(b), Local Rule 7.1, and Federal Rules of Evidence 104 and 702, hereby file their Joinder in the Dey Defendants' Motion *in Limine* to Exclude from Evidence the Reports and Testimony of Theodore R. Marmor, Ph.D. (Docket No. 6968)

To avoid unnecessary repetition of legal argument and authority already relied on by the Dey Defendants in their Motion *in Limine* to Exclude from Evidence the Reports and Testimony of Theodore R. Marmor, Ph.D., the Roxane Defendants hereby incorporate by reference the arguments made therein and in all memoranda of law and attachments filed in support of the Dey Defendants' Motion *in Limine*, as if set forth herein in full. As part of this Joinder, the Roxane Defendants respectfully request an order ruling inadmissible, pursuant to *Daubert* and its progeny, the reports and testimony proffered by Plaintiff's expert Theodore R. Marmor, Ph.D.

The Roxane Defendants further add that Dr. Marmor's reports and testimony should be excluded for the following reasons:

*First*, an expert may not "assist" the jury by expounding upon the law, because to do so would intrude upon the province of the trial judge or supplant the role of counsel in making argument at trial. *Ji v. Bose Corp.*, 538 F. Supp. 2d 354, 357-58 (D. Mass. 2008) (citing *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100 (1st Cir. 1997). Dr. Marmor's report is a transparent attempt to proffer nothing more than an impermissible legal conclusion (and, moreover, one that is at odds with the governing standards of the "government knowledge" defense under the False Claims Act, in any event). Indeed, this Court has already suggested that Dr. Marmor's report is inadmissible, as it is "more like a legal argument" and is unlikely to be "the kind of thing you would let go to the jury." (Ex. A, 7/24/08 Transcript of Motion for Certification of Appealability at 10).

*Second*, as the Dey Defendants have already shown, Dr. Marmor's recitation of the history of the Medicaid and Medicare drug reimbursement policies includes minimal references to evidence in the record. The few references to the record he does make consist mainly of documents produced by Abbott Laboratories purportedly concerning its lobbying efforts, which are irrelevant to Plaintiffs' claims against the Roxane Defendants. (Dey Defendants' Memorandum of Law in Support of Their Motion *in Limine* to Exclude from Evidence the Reports and Testimony of Theodore R. Marmor, Ph.D. at 3 n.2) Thus, not only did Dr. Marmor fail to apply any reliable methodology to his purported "analyses," but he even failed to apply minimal scientific rigor to his review of the record here. Accordingly, he should be precluded from offering unreliable testimony that falls outside the province of proper expert testimony.

WHEREFORE, for the reasons stated herein and in the Dey Defendants' Memorandum of Law in Support of Their Motion *in Limine* to Exclude from Evidence the Reports and Testimony of Theodore R. Marmor, Ph.D., the Roxane Defendants respectfully request an order ruling inadmissible, pursuant to *Daubert* and its progeny, the reports and testimony proffered by Theodore R. Marmor, Ph.D.

Dated:  March 15, 2010

Respectfully submitted,

/s/ John W. Reale
Helen E. Witt, P.C.
Anne M. Sidrys, P.C.
Eric T. Gortner
John W. Reale
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200
*Counsel for Defendants
Boehringer Ingelheim Corp.,
Boehringer Ingelheim Pharmaceuticals, Inc.,
Boehringer Ingelheim Roxane, Inc., and
Roxane Laboratories, Inc.*

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on March 15, 2010, a copy to LexisNexis File and Serve for posting and notification to all parties.

      /s/ John W. Reale
      John W. Reale