UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL No. 1456 ) |
| THIS DOCUMENT RELATES TO: | ) Civil Action No. 01-12257-PBS ) Subcategory No. 01-11337-PBS |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS; and | ) ) ) Hon. Patti B. Saris ) |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp., et al.*, Civil Action No. 07-10248-PBS | ) ) ) ) |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS EXPEDITED MOTION TO STRIKE THE DEY DEFENDANTS' EXHIBIT AND WITNESS LISTS FOR FAILURE TO COMPLY WITH RULE 26(a)(3)(A)**

In its pretrial disclosures, filed on March 16, 2010, Dey listed over 7,400 exhibits, characterized only two of its 63 listed witnesses as "will call," and designated deposition testimony of an additional 132 witnesses, in a chart that is nearly 400 pages long. The designation chart includes more than 12,000 transcript citations -- more than triple the amount of designations made by the Roxane defendants, and nearly seven times that designated by plaintiffs. If Dey's intent was to "swamp" plaintiffs with a jumbled avalanche of information, it has succeeded: the United States cannot meaningfully respond to the lists as currently presented by March 31, 2010, and as such the lists are an abuse of Rule 26(a)(3).

In light of the impending deadline for responses and the scheduled trial date of April 26, 2010, the Court should strike the lists and direct Dey to comply with Rule 26 immediately, and

amend the pretrial schedule to allow plaintiffs 15 days from service to respond to the revised lists.

**A.     Dey's Exhibit List**

Dey's apparent approach to its pretrial designations was simply to include everything but the kitchen sink on its exhibit list, without regard to relevancy, prior production in this case, the jury, or the likely length of trial.[1]  Exhibit 9645, for example, which is an undated exhibit described as "Example Records from WinDix-AL 00000001," was never even produced to the United States.[2]  Dey also designated scores of documents that appear to do nothing more than repeat a state's reimbursement methodology.  Given that Dey's own expert, Dr. David Bradford, stated that he found the state reimbursement summaries prepared in support of Dr. Mark Duggan's report "accurate" and moreover relies on them in his analyses, it serves little purpose to designate state plan after state plan.  May 7, 2009 Deposition of W. David Bradford at 70:15-74:2 (Exhibit 1 hereto); Appendix F to 3/6/09 Bradford Expert Report ¶ 32 (Exhibit 2 hereto).

By contrast, the Roxane defendants listed just under 1,300 exhibits, and the United States, designating exhibits for *both* the Roxane and Dey defendants, listed approximately 900 exhibits in total.  The number of Dey's exhibits – over 7,400 – speaks for itself.  Not only can the United

---

[1]  This appears to be the situation contemplated by Wright and Miller when they wrote the following, "It certainly could be an abuse of Rule 26(a)(3) for a party to list so many witnesses or exhibits as to exceed any possibility of use at trial and swamp the opposing party with a meaningless avalanche of information." 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2054 (2d ed. 1994).

[2]  Similar examples are found throughout the list of documents that lack any apparent relevancy and do not appear to have been produced in this case. *See, e.g.*, Exhibit Nos. 9635 ("AMA Committee Personnel Lists"), 9637 ("Alabama MMIS Drug Record with handwritten notes"), 9640 ("Comparison of MMCAP Contract Prices for Dec 2004 and May 2005 (and related emails and notes)"), 9641 ("AMA Chart: Drug Use, No Duals for 10/01/04 - 9/30/05 (and related email)"), 9642 ("List of Medicaid Questions and Comments"), and 9685 ("Missouri Department of Social Services, Division of Medical Services, Department of Social Services Fiscal Year 1995 Budget Request").

States not examine and frame appropriate objections to that number by March 31, 2010, but the Court could not possibly rule on that volume in a four-week trial, and still allow adequate time for witness testimony.  The list is manifestly and needlessly inflated.

Dey filed and served its exhibit list on Tuesday evening, March 16, 2010.  After trying to digest the exhibit list, the United States raised this issue with Dey on Friday, March 19, and indicated its intent to move to strike.  Dey declined to agree to any amendment of its list at that time, and insisted that the United States schedule a separate meet and confer on Monday, March 22.  During that March 22 conference, Dey suggested that it might remove 3,000 of its exhibits that could be summarized in one exhibit, but otherwise declined to address any other issues with the list.  The United States' objections are due on Wednesday, March 31, 2010.  Even if Dey removed 3,000 exhibits, that would still leave over 4,400 exhibits for the United States to review in an extremely short amount of time.

**B.    Dey's Witness Lists**

Dey's witness list fails to give the government adequate notice of the witnesses it actually expects to call at trial, and its designations of deposition testimony are even more deficient.  All but two of the 61 live witnesses listed by Dey are categorized as "may call" witnesses.  The United States finds it difficult to believe that Dey intends to call only two witnesses in its defense, but if so, Dey should be required to make a specific representation to the Court affirming that intent.  If not, it should be ordered to stop hiding the ball and frame a more accurate list.

In contrast to its bare bones approach with respect to its live witnesses, Dey has designated 132 witnesses to testify by deposition, including witnesses whose depositions were taken in other matters where the United States was neither noticed nor present at the deposition.

Some of these witnesses were deposed multiple times and Dey has designated testimony from all their depositions. Dey even included deposition testimony from an Ohio Medicaid official, although the United States is not seeking damages with respect to the Ohio Medicaid program. The sheer quantity of the designations is overwhelming. Dey designated double the number of witnesses and *seven times* the amount of testimony designated by the United States. Dey designated over six times the number of witnesses, and more than triple the amount of testimony, listed by Roxane. No matter how one evaluates the numbers, Dey's designations bear no relationship to what a defendant could reasonably expect a jury to hear.

For the reasons stated above, the United States requests that the Court strike the exhibit and witness lists filed by the Dey defendants, and order that Dey withdraw its designations of deposition testimony, and resubmit pretrial designations that comply with Rule 26(a)(3)(A). The United States further requests that the pretrial scheduling order be amended to allow plaintiffs 15 days from service to respond to the revised lists.

Respectfully submitted,

TONY WEST  
ASSISTANT ATTORNEY GENERAL

CARMEN M. ORTIZ  
UNITED STATES ATTORNEY

 /s/ Laurie A. Oberembt  
Joyce R. Branda  
Daniel R. Anderson  
Laurie A. Oberembt  
Civil Division  
Commercial Litigation Branch  
P. O. Box 261  
Ben Franklin Station  
Washington, D.C.  20044  
(202) 514-3345

By:   /s/ George B. Henderson, II  
George B. Henderson, II  
Barbara Healy Smith  
James J. Fauci  
Assistant U.S. Attorneys  
United States Courthouse  
1 Courthouse Way, Suite 9200  
Boston, MA 02210  
(617) 748-3272

FOR THE RELATOR,

| | |
|---|---|
| James J. Breen | Gary Azorsky |
| The Breen Law Firm, P.A. | Susan Schneider Thomas |
| 5755 Northpoint Parkway, Suite 260 | Roslyn G. Pollack |
| Alpharetta, GA 30022 | Berger & Montague, P.C. |
| Tel.  (770) 740-000 | 1622 Locust St. |
| fax:  (954) 499-1173 | Philadelphia, PA 19103 |
| | (215) 875-3090 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above document to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                        /s/ George B. Henderson, II
                        George B. Henderson, II
Dated: March 23, 2010         Assistant U.S. Attorney