# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-CV-12257-PBS<br>Subcategory Case. No. 03-10643-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York, et al.,*<br><br>    *Plaintiffs,*<br><br>    *v.*<br><br>*Abbott Laboratories, Inc., et al.,*<br><br>    *Defendants.* | Hon. Patti B. Saris |

## DEY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO AMEND THE COURT'S FEBRUARY 9, 2010 AMENDED MEMORANDUM AND ORDER

Defendants Dey, Inc. and Dey Pharma, L.P., formerly Dey, L.P., (collectively, "Dey") submit this memorandum of law in support of their motion to amend this Court's January 27, 2010 Memorandum and Order, *In re Pharm. Indus. Average Wholesale Price Litig.* Civil Action No. 01-12257-PBS, 2010 U.S. Dist. Lexis 6843 (D. Mass. Jan. 27, 2010), as amended on February 9, 2010, (Docket No. 6905) (the "*FUL Decision*"), to eliminate any references to Dey. Plaintiffs have advised us that they do not object to this request.

As it has already done for Boehringer Ingelheim Roxane, Inc., the Court should amend the *FUL Decision*, pursuant to the proposed order submitted herewith, to remove any references to Dey because Dey and the plaintiffs in this action, various counties in New York State ("Plaintiffs"), settled all of Plaintiffs' claims against Dey prior to the Court's issuance of the *FUL Decision.* When a case is settled, the underlying controversy is mooted, which


deprives the court of jurisdiction over any outstanding issues or matters in the case. *See Pontarelli v. Stone*, 978 F.2d 773, 775 (1st Cir. 1992) (dismissing appeal where underlying action had settled).

Dey and Plaintiffs reached a settlement in principle as to the claims against Dey in July 2009, shortly after briefing concluded on the summary judgment motions regarding FUL, and some seven months before the Court issued the *FUL Decision*. *See* April 7, 2010 Declaration of Paul F. Doyle ("Doyle Decl.") at ¶ 4-5. The terms of the settlement agreed to in July 2009 include an agreement on a sum certain Dey would pay in exchange for a release of all claims against Dey at issue in this action, including the claims concerning payments for Dey's drugs calculated on the basis of FULs. *See id.* at ¶ 5. New York State was subsequently added as a signatory to the agreement. *See id.* at ¶ 5. Written drafts of the agreement were exchanged in July 2009 and were finally signed by Dey, Plaintiffs, and the New York State Attorney General's Office in February 2010. *See id.* at ¶ 6. However, the essential terms of the settlement were agreed upon in July 2009 and have not changed since that time. *See id.* at ¶ 7. Since the terms of the settlement call for a full release of the claims against Dey, there was no actual case or controversy as to Dey existing when the Court's findings in the *FUL Decision* were published. As such, the *FUL Decision*, as to Dey, should have no legal or practical effect on Dey in this action.

Therefore, Dey respectfully requests that the Court amend the *FUL Decision* to remove any references to Dey, as set forth in the proposed order. As this Court is aware, this Court's docket in the MDL is followed closely in other jurisdictions and cases. Accordingly, an amendment is necessary to ensure that the *FUL Decision* is not improperly used against Dey elsewhere. Indeed, the Court has already made similar provisions in its decision for Ethex Corp.

and Boehringer Ingelheim Roxane, Inc., both of whom – like Dey – reached settlement agreements with Plaintiffs during the pendency of the motions addressed by the *FUL Decision*. *See FUL Decision*, at pp. 1-2, ns. 1, 2.

Counsel for Dey has conferred with counsel for Plaintiffs, who has indicated that Plaintiffs do not object Dey's request for the relief sought in this motion as set forth in the proposed order annexed to Dey's motion.  Notably, the proposed order makes clear that the relief requested would not affect the effective date of this Court's original January 27, 2010 order or reset any deadlines associated therewith, including deadlines associated with any party's right to appeal or otherwise seek relief therefrom.

Dated:   April 7, 2010

                                            Respectfully submitted,

                                            KELLEY DRYE & WARREN LLP

                                            By:        /s/ Philip D. Robben
                                                  Paul F. Doyle (BBO # 133460)
                                                  Sarah L. Reid (admitted *pro hac vice*)
                                                  William A. Escobar (admitted *pro hac vice*)
                                                  Neil Merkl (admitted *pro hac vice*)
                                                  Philip D. Robben (admitted *pro hac vice*)
                                            101 Park Avenue
                                            New York, NY 10178
                                            (212) 808-7800 (telephone)
                                            (212) 808-7897 (facsimile)

                                            *Attorneys for Defendants Dey Pharma, L.P. and Dey, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on April 7, 2010, a copy to LexisNexis File and Serve for posting and notification to all parties.

By:    /s/ Philip D. Robben
       Philip D. Robben