# Reply Exhibit 2



| DEPARTMENT OF HEALTH & HUMAN SERVICES | Health Care Financing Administration |
|---|---|

Refer to: FQA-542

**Memorandum**

Date: MAR 26 1991

From: Director
Bureau of Policy Development

Subject: Reimbursement of Drugs Used in Conjunction with DME (Your Memorandum Dated 1/31/91) - INFORMATION

To: Associate Regional Administrator
    for Medicare
    Philadelphia

This is in response to your memorandum concerning the application of section 5202 of the Medicare Carriers Manual (MCM) and the correct payment procedure for processing claims for drugs used in conjunction with durable medical equipment (DME). Specifically, you wanted to know if your current policy of allowing no more than the <u>Red Book</u> listed fee is appropriate.

Currently, sections 2100.5 and 2130.D of the MCM provide for the coverage of drugs and biologicals which are necessary in order to achieve the therapeutic benefit of DME or prosthetic device. This policy pertains to those drugs and biologicals which must be put directly into an item of DME or prosthetic device. It is an exception to section 2050.5 of the MCM which does not allow for coverage of self-administered drugs and biologicals.

The MCM does not directly address the payment methodology for drugs used with DME. Where there is no MCM instruction on a specific issue, carriers should determine policies based on their judgement of the most applicable MCM instruction. Since section 5202 of the MCM provides instructions for use of the average wholesale price (AWP) for the payment of drugs administered by injection, the payment policies for drugs used with DME have been derived by analogy. We believe this to be a reasonable construction to pay for drugs used in conjunction with DME since it keeps the payment rules for drugs parallel in various circumstances. Carriers, however, should not allow more than the AWP established by use of an established reference source such as the <u>Drug Topics Red Book</u> or the <u>Blue Book</u>. The parallel policy in the case of drugs used with DME

AWQ046-0001   F

Page 2 - ARA for Medicare, Philadelphia

is that drug acquisition costs are paid directly and that other costs, such as dispensing fees, are considered overhead which is included in the supplier's charge for the DME rental.

                        Kathleen A. Buto

cc:
Bob Goldrick, OPOP/BPO
Field Operations
Office of Issuances

FQA:542/RWren:2/25/91
Disc: PC Jimmy2A/DME-Drugs.rw
Final:jy:3/14/91
File Code:
CNO: division

AWQ046-0002



| DEPARTMENT OF HEALTH & HUMAN SERVICES | rec'd 2/11/91 REGION III |
|---|---|

Refer to: R3-18 (68)

**Memorandum**

Date: JAN 3 1 1991

From: Associate Regional Administrator
Division of Medicare, Region III

Subject: Reimbursement of Drugs Used in Conjunction with DME

To: Director, Bureau of Policy Development
Health Care Financing Administration

As discussed previously with Charles Spalding, we received an inquiry from a group of DME suppliers in Virginia regarding the inherent reasonableness of our policy of reimbursing DME suppliers no more than the Average Wholesale Price listed in the Drug Topics Red Book when drugs are supplied in conjunction with durable medical equipment (e.g., proventil used in conjunction with oxygen equipment). Pennsylvania Blue Shield has also just received an inquiry from the Pennsylvania Association of Medical Suppliers (PAMS) regarding the appropriate pricing for drugs utilized in conjunction with DME.

Please review the attached material and advise us if our current policy of allowing no more than the Red Book listed fee is appropriate. Do not hesitate to contact Marcia Dashevsky of my staff at FTS 596-0573 if you wish to discuss this matter further.

Hampton D. Jesse, Jr.

Attachment

AWQ046-0003



...eld

Box 890065
Camp Hill, PA 17089-0065

Medicare

RECEIVED

JAN 07 1991

December 26, 1990

Mr. Hampton D. Jesse, Jr.
Associate Regional Administrator
Division of Medicare
Health Care Financing Administration
P.O. Box 7760
3535 Market Street
Philadelphia, PA  19101

Dear Mr. Jesse:

    This letter is to request your guidance regarding our interpretation of the drug pricing criteria.

    The Pennsylvania Association of Medical Suppliers (PAMS) expressed concern regarding our application of Sections 2050.5 and 5202 of the Medicare Carriers Manual (enclosed) relative to the drug pricing criteria. The specific area of concern is whether Section 5202 of the MCM is appropriate for the pricing of drugs for DME.

    In accordance with Chapter V of the MCM, Pennsylvania Blue Shield references the most current edition of the Drug Topics Red Book (or Blue Book) to develop fees. In the past, we have consulted with the Regional Office about the issue of adding a percentage to cover cost, shelf-life expiration, etc., and we were informed not to include any additional percentages. Since the PAMS has once again raised this issue as a concern, we would appreciate confirmation of your current position. Please advise us in writing as soon as possible so that we can address the PAMS concerns.

    Thank you for your attention to this matter.

Sincerely,

Richard E. Johnson
Vice President
Medicare Support Services
Government Business

Enclosure

AWQ046-0004

# MEDICARE

*Cynthia Magaro*
*(710) 731-2126*   10 -

*Darlene Bell 39*
*(301) 561-4249*

CTR(
MD

October 25, 1990

Jim Throne
Policy & Technical Assistance Branch
Division of Medicare
Health Care Financing Administration
Region III
P. O. Box 7760
Philadelphia, PA 19101

Subject:   Code A4610 Proventil Etc. Drugs Used in Durable Medical Equipment, MCM 2105

Dear Jim:

On Wednesday, October 24, 1990, we met with a delegation from the Virginia Medical Equipment Dealers, John W. Jansak represented the group. Apparently he has worked with HCFA in the past in some capacity. Their concern is our allowance for drugs used with DME equipment. Quite frankly it was a simple meeting in that we advised them that our allowance is based on the AWP in the Redbook. We advised them that it was the carriers decision based on approval from HCFA.

They presented to us invoices which indicate that our allowances do not cover the cost of the drug that they furnish, and they are requesting that we increase the allowable charge for this drug and others to at least allow a charge equivalent to what the beneficiary has to pay for these drugs.

The following is an example of the drug Proventil.

Prescription - 0.083% 3ML QID our allowance is $155.00 per month. This same supply purchased from a drug store by the beneficiary is as follows: (based on our investigation)

| Drug (Proventil) | Same Dosage | Charge | |
|---|---|---|---|
| Peoples | """""""""""" | 246.76 | |
| Standard | """""""""""" | 182.52 | |
| Westbury Pharmacy | """""""""""" | 152.52 | Average $196.54 |
| Revco Drug | """""""""""" | 231.88 | |
| St. Mary Hospital Pharm. | """""""""""" | 209.56 | |
| Pharmor Drug | """""""""""" | 155.00 | |


TheTravelers

300 Arboretum Place, PO Box 26463   Richmond, VA 23261-6463

AWQ046-0005

Jim Throne
Page 2

It is our feeling that we are in compliance with the rules and regulations and do not feel that our reimbursement is out of line.

This group has requested that we contact you to see if any additional allowances can be made for these items.

Thank you for your cooperation and assistance. If you need additional information please let me know.

Sincerely,

Gladys Taylor
Consultant - DME
Medicare B

GT/mm

cc:  J. Kennerly
     S. Crittenden
     A. Wood
     B. Thomas
     K. Turner

AWQ046-0006