## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action No.: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| J&J CLASS 1 | |

## CLASS COUNSEL'S POSITION STATEMENT REGARDING DON HAVILAND'S WITHDRAWAL OF J&J CLASS 1 REPRESENTATIVES

Pursuant to this Court's instructions at the March 31, 2010 status conference, Class Counsel respectfully submit the following Position Statement regarding Don Haviland's Withdrawal of the J&J Class 1 Representatives.  While Class Counsel believe the withdrawal of the Class 1 Representatives to have been in bad faith, because the J&J Defendants ("J&J") do not contend that they will suffer legal prejudice by virtue of the withdrawal, Class Counsel do not oppose the withdrawal.  However, as set forth more fully in Class Counsel's motion for sanctions against Mr. Haviland, because by waiting until days before this Court's hearing on J&J's post-remand motions for summary judgment Mr. Haviland greatly prejudiced the Class and unnecessarily caused the parties to engage in what may become fruitless motion practice, Class Counsel believe that Mr. Haviland should be sanctioned under 28 U.S.C. § 1927.

## I.    Factual Summary

On March 26, 2010, Don Haviland filed a Notice of Voluntary Dismissal, seeking to dismiss without prejudice the "individual claims" of plaintiffs Larry Young, on behalf of the Estate of Patricia Young, and Ken Wright, the co-executor of the Estate of Therese Shepley, on behalf of the Estate of James Shepley (collectively hereafter "Withdrawing Plaintiffs").  *See* Dkt. No. 7013.  The Notice of Withdrawal was filed at the close of business three business days

before the scheduled hearing on J&J's post-remand motions for summary judgment. Mr. Haviland never gave Class Counsel any notice that these clients intended to withdraw as class representatives.

## II.   Position Statement

As Mr. Haviland apparently concedes, because J&J had already filed a motion for summary judgment against Class 1 in 2006 – and then filed post-remand motions for summary judgment in November of this year, this Court cannot dismiss the Class 1 J&J representatives' claims without a court order. *See* Fed. R. Civ. P. 41(a)(1) (providing that dismissal by notice may only be accomplished if served "before the opposing party serves either an answer or a motion for summary judgment"). In addition, because this Court previously certified a nationwide Class,[1] the Withdrawing Plaintiffs' claims "may be . . . voluntarily dismissed only with the court's approval." Fed. R. Civ. P. 23(e). *See also* 2003 Advisory Committee Comments ("The new rule requires approval only if the claims, issues or defenses of a certified class are resolved by settlement, voluntary dismissal or compromise.").

"In federal practice, voluntary dismissals *sought in good faith* are generally granted 'unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical advantage.'" *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000) (emphasis added) (citing *Conafay v. Wyeth Labs,* 793 F.2d 350, 353 (D.C. Cir. 1986)). Thus, prior to dismissing class plaintiffs from a case, the Court must determine "(1) whether plaintiffs' motion for voluntary dismissal was sought in good faith; and (2) whether the defendants would suffer 'legal prejudice' from a dismissal at this stage in the litigation." *Vitamins*, 198 F.R.D at 304.

---

[1] *In re Average Wholesale Price Litig.*, 232 F.R.D. 229 (D. Mass. 2006).

As set forth more fully in Class Counsel's motion for sanctions, Class Counsel believe the withdrawal of the Class 1 representatives to have been in bad faith. *Cf. Vitamins*, 198 F.R.D. at 304 (finding plaintiffs' good faith to be "highly questionable" where plaintiffs "waited until the last moment" to withdraw after unfavorable discovery order was entered against them). This is particularly true because the withdrawal is sought at such a late stage of this litigation. *See Vitamins*, 198 F.R.D. at 305 ("Most denials of voluntary dismissals are justified by the fact that defendants had already filed motions for summary judgment or that the parties were on the eve of trial.") (citation omitted). Nevertheless, because J&J does not contend it is legally prejudiced by the withdrawal, Class Counsel does not oppose the withdrawal itself.

However, as of the date of this filing, Class Counsel have not been able to secure a replacement Class 1 representative. If Class Counsel require additional time to secure one, they will request that time at the May 3rd hearing on Mr. Haviland's Notice of Voluntary Dismissal. Prior to that hearing Class Counsel will advise the Court of their status in obtaining such a replacement class representative.

DATED:  April 16, 2010

By: /s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
    Hagens Berman Sobol Shapiro LLP
    55 Cambridge Parkway, Suite 301
    Cambridge, MA  02142
    Telephone: (617) 482-3700
    Facsimile: (617) 482-3003

    *Liaison Counsel*

    Steve W. Berman
    Sean R. Matt
    Hagens Berman Sobol Shapiro LLP
    1918 Eighth Avenue, Suite 3300
    Seattle, WA  98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

***Co-Lead Class Counsel***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, ***Class Counsel's Position Statement Regarding Don Haviland's Withdrawal of J&J Class 1 Representatives*** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 16, 2010, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Steve W. Berman
Steve W. Berman