UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | Master Civil No. 01-cv-12257<br><br>MDL No. 1456 |
| THIS DOCUMENT RELATES TO<br><br>J&J CLASS 1 | Judge Patti B. Saris |

**CLASS COUNSEL'S MEMORANDUM IN SUPPORT OF THEIR**
**MOTION FOR SANCTIONS AGAINST DON HAVILAND**

As Mr. Haviland, individual counsel for Larry Young and Ken Wright, recognized over three years ago, "were it not for the consumer class representatives [represented by Mr. Haviland], *there would be no Class 1 at all*." Reply Memo. in Supp. of Mot. For Amend. Of CMO No. 1 and Consol. Order re: Mot. For Class Certification [Dkt No. 4051], at 4. Accordingly, pursuant to 28 U.S.C. § 1927, Class Counsel seek sanctions against Mr. Haviland, for unilaterally and without notice filing a Notice of Voluntary Dismissal of the only Class 1 representatives for J&J. Mr. Haviland's Notice – filed three days prior to oral argument on the J&J Defendants' ("J&J's") post-remand motions for summary judgment, four-and-a-half years after those clients were added to the Complaint in this action, over two years after those same clients filed a Notice of Appeal of this Court's dismissal of the claims of Class 1 against J&J, six months after Class Counsel successfully overturned that judgment, and after four months of unsuccessful mediation efforts – was undoubtedly done as part of his vendetta against Class Counsel and to prejudice the Class that for years he claimed to represent and that his clients have a fiduciary duty to protect. Mr. Haviland's actions have, pending Class Counsel's ability to locate new clients, left the Class headless and their claims possibly subject to dismissal after

having been litigated for almost ten years. Such conduct is the very purpose for which sanctions are made available under Section 1927. They should be awarded here.

I. **Factual Background**

    A. **Withdrawing Plaintiffs' Involvement In This Litigation and Pursuit of Class 1's Claims Against J&J**

Plaintiff James Shepley and Larry Young, on behalf of the Estate of Patricia K. Young, became plaintiffs in this case on October 17, 2005, when Plaintiffs filed their Third Amended Class Action Complaint against, among other defendants, J&J. *See* Dkt. No. 1781 ¶¶ 18, 19.[1] Almost since the beginning of their involvement in this case, they have contended (through Mr. Haviland at least) that they "only agreed to serve as Class 1 Representatives with the understanding that their interests, and those of their fellow consumer class members would be meaningfully represented...." Dkt. No. 4051, at 4. Indeed, when the Withdrawing Plaintiffs argued to this Court that Mr. Haviland should be appointed as Class Counsel, they declared under penalty of perjury that the reason they wanted that appointment was because "Mr. Haviland will press my case against the drug company [J&J], including any appeal that may be necessary, *to ensure that the unlawful conduct of Johnson & Johnson does not go unpunished*." Dkt. No. 4648 ¶ 8 (emphasis added).

Withdrawing Plaintiffs have thus always given the appearance, at least while Mr. Haviland had a chance of remaining involved in this case, of intending to see the Class 1 case against J&J through to the end. In this regard, after the Track 1 Defendants moved this Court at the conclusion of the Class 2/Class 3 bench trial to enter final judgment against Class 1

---

[1] On January 21, 2007, James Shepley died and Mr. Haviland sought, through a proposed amendment to Case Management Order No. 1, to substitute Therese Shepley for the Estate of James Shepley. Dkt No. 3947 ¶ 15. Therese Shepley subsequently passed away and Mr. Haviland now seeks to substitute her estate, and co-executor Ken Wright, in her stead. *See* Dkt. No. 7012.

2

and in favor of J&J pursuant to Fed. R. Civ. P. 54(b), Therese Shepley and Larry Young filed a Memorandum stating that the Court should not apply its Class 2/Class 3 judgment to Class 1. *See* Dkt No. 4643. When this Court ultimately entered judgment against Class 1 and in favor of J&J, they filed a Notice of Appeal. Dkt. No. 4954. After Mr. Haviland was disqualified as Class Counsel, Co-Lead Counsel moved to substitute themselves as counsel of record for the appeal. The First Circuit granted that request and, ultimately, Class Counsel succeeded in getting the judgment remanded to this Court. *See* Order of Court (Feb. 15, 2008), Ex. A, to Declaration of Jennifer Fountain Connolly ("Connolly Decl."); *In re AWP*, 582 F.3d 231 (1st Cir. 2009).

After remand, this Court held a status conference which counsel for J&J, Class Counsel and Mr. Haviland attended. *See* October 8, 2009 Hearing Tr., Ex. B to Connolly Decl. Off the record, Mr. Haviland asked the Court if it would reconsider its order disqualifying Mr. Haviland as Class Counsel. Connolly Decl. ¶ 3. The Court instructed Mr. Haviland that if he desired relief from the Court he should make a motion. *Id*.

Thereafter, the parties engaged in unsuccessful settlement efforts. Notably, Class Counsel discovered when Mr. Haviland filed Therese Shepley's Suggestion of Death on March 26th of this year [Dkt No. 7012] that, at the time Mr. Haviland was making representations to Class Counsel regarding Mrs. Shepley's alleged settlement positions in early November 2009, Mrs. Shepley *was already deceased*. *See* Combined Ex. C to Connolly Decl. (filed under seal). Thus, either Mr. Haviland did not know at the time that his client was deceased, or he was misrepresenting her alleged position to Class Counsel.

When the settlement efforts were unsuccessful, J&J filed its post-remand motions for summary judgment. Dkt Nos. 6668 and 6671. Those motions were fully-briefed as of

3

January 29, 2010. *See* Dkt Nos. 6869 and 6870.[2] Yet during all this time Class Counsel never heard a word from Mr. Haviland about the pending motions or the Withdrawing Plaintiffs' alleged dissatisfaction with Class Counsel, or their desire to withdraw from the case. Connolly Decl. ¶ 5.

### B. Notice of Voluntary Dismissal

Instead, despite the Withdrawing Plaintiffs' previous statements professing a dedication to the Class they were appointed to represent, on March 26, 2010, Don Haviland filed a Notice of Voluntary Dismissal, seeking to dismiss without prejudice their "individual claims." *See* Dkt. No. 7013. The Notice of Withdrawal was filed at the close of business three business days before the scheduled hearing on J&J's post-remand motions for summary judgment. Even though Mr. Haviland admitted to Class Counsel that he knew the hearing on J&J's motions was "coming up," Mr. Haviland never gave Class Counsel any notice of his intent to withdraw these clients. Connolly Decl. ¶ 5. When Class Counsel contacted Mr. Haviland by telephone and stated that Mr. Haviland's actions would prejudice the Class, he stated that because he had been disqualified as Class Counsel he did not care about the Class. *Id* ¶ 6.

Mr. Haviland has represented to Class Counsel that his clients have both, simultaneously, tired of litigating this case. Connolly Decl. ¶ 7. He also represented that his clients are allegedly tired of "not being listened to" by Class Counsel. Mr. Haviland makes these claims even though Mr. Haviland *never permitted* Class Counsel to talk to those clients directly and even though, despite those restrictions, Class Counsel (1) kept those same clients advised of the status of the appeal of this Court's entry of judgment against Class 1 and in favor of J&J; (2) sought their participation in recent mediation efforts with J&J; and (3) advised those clients of the positions

---

[2] J&J also subsequently submitted supplemental authority in support of its motions, which Plaintiffs opposed. See Dkt Nos. 6947 and 6977.

4

taken in the combined opposition to J&J's post-remand motions for summary judgment. *See* Connolly Decl. ¶ 8 and Exs. D (filed under seal) to E thereto.

## II.     This Court Should Enter Sanctions Against Mr. Haviland for Unreasonably and Vexatiously Multiplying These Proceedings

This Court should not take seriously Mr. Haviland's apparent claim that, three business days before the hearing on J&J's motions for summary judgment, both Larry Young and Ken Wright suddenly and simultaneously developed a distaste for proceeding with this litigation that they did not have for the past four-and-a-half years when they were involved in this litigation.[3]

While it may permit these clients to withdraw if it is satisfied that they do not wish to proceed, this Court should sanction Mr. Haviland for his role in deliberately accomplishing this withdrawal in a manner that would most prejudice the Class and Class Counsel. As this Court previously found in disqualifying Mr. Haviland as Class Counsel:

> What is undisputed is that on August 23, 2007, just four days before the hearing on August 27, 2007, Mr. Haviland filed declarations from his clients, proposed consumer representatives,[4] threatening to withdraw if Haviland were not appointed as class counsel. As I explained at the August 27 and the September 11 hearings, *I interpreted these declarations as threats to take his toys and go home if the Court declined his request.* Mr. Haviland intended to coerce the Court into appointing him as Co-Lead Class Counsel or risk losing class representatives in a class action involving the sick and elderly. Both the nature and timing of these declarations raised concerns about Haviland's loyalty to the class.

---

[3] Indeed, during his telephone call with Class Counsel, Mr. Haviland stated that Mr. Young had in fact wanted to withdraw a month ago, but that Mr. Haviland had waited "until he heard from the Shepleys" to file the Notice of Voluntary Dismissal. Connolly Decl. ¶ 7. This shows that Mr. Haviland's motivation was to deprive Class 1 of a representative, not to serve his clients' alleged interest of a prompt withdrawal from their involvement in this litigation.

[4] One of these declarations was filed by Withdrawing Plaintiff Larry Young. *See* Dkt No. 4648 ¶ 7 ("If Mr. Haviland cannot serve as Class Counsel, I would like to withdraw as a class representative.").

Memorandum and Order [Dkt No. 4972], at 10 (internal citations omitted) (emphasis added). Mr. Haviland's withdrawal of both Class 1 J&J clients is the same game but another round. Because Mr. Haviland no longer wishes to appear before a Court in which he was disqualified as Class Counsel, he has convinced his clients, who represent an elderly and sick Class that was arguably on the verge of finally obtaining some relief against J&J – relief the Withdrawing Plaintiffs have claimed they have always wanted – to take their toys and go home. While in response to this Motion Mr. Haviland will undoubtedly submit sworn declarations from his clients stating that they were not influenced by Mr. Haviland, the circumstances surrounding their withdrawal, combined with Mr. Haviland's pattern of acting in a manner that benefits himself over his own clients, strongly suggests otherwise.

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure "an action shall not be dismissed at plaintiffs instance save upon order of the court and upon such terms and conditions as the court deems proper." Furthermore, Section 1927 permits sanctions to be awarded against attorneys who "multipl[y] the proceedings ... unreasonably and vexatiously." 28 U.S.C. § 1927.

The First Circuit uses an objective standard for determining when a lawyer's actions are unreasonable or vexatious. *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 64 (1st Cir. 2008) (citation omitted).[5] Thus, behavior is deemed vexatious when it is "harassing or annoying," "regardless of whether it is intended to be so." *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990). "[A]n attorney's actions must evidence a studied disregard of the need for an orderly judicial process...or add up to a reckless breach of the lawyer's obligations as an officer of the court." *Jensen*, 546 F.3d at 64 (internal and external citations omitted). "Bad faith is not an

---

[5] In *Jensen*, the First Circuit, while finding that the record below was not sufficiently developed to affirm the district court's award of sanctions, held that plaintiff's subsequent dismissal of a replacement class representative "under the circumstances could support an imposition of sanctions". 546 F 3d at 67.

6

essential element, but a finding of bad faith is usually a telltale indicium of sanctionable conduct." *Id.* (citation omitted).

Here, Mr. Haviland's withdrawal of the only Class 1 Representatives against J&J just days before this Court was to hear oral argument on post-trial, post-remand motions for summary judgment can be easily found to be a studied disregard of the need for an orderly judicial process. If Class Counsel cannot locate another class representative, the claims of this entire Class, whose claims have been tolled,[6] will have to be dismissed. And even if Class Counsel do find another class representative, Mr. Haviland's antics have substantially delayed the resolution of the Class 1 claims against J&J one way or the other.

When evaluating the propriety of a voluntary dismissal federal courts always look to the stage of the proceeding at which time the voluntary dismissal is sought. *See*, *e.g.*, *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 305 (D.D.C. 2000) ("Most denials of voluntary dismissals are justified by the fact that defendants had already filed motions for summary judgment or that the parties were on the eve of trial.") (citation omitted). Indeed, some courts have deemed voluntary dismissals permitted by notice alone to be inappropriate at this late stage of the litigation. *See*, *e.g.*, *Poparic v. Juga Shop, European Music & Video Store*, 2010 U.S. Dist. Lexis 31385 (E.D.N.Y. Mar. 31, 2010) (relying in part on *Harvey Aluminum, Inc. v. America Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953) to hold that a plaintiff who has successfully litigated the merits of a case may not voluntarily dismiss). Likewise here, this Court should consider the extremely late stage at which Mr. Haviland sought this voluntary dismissal in determining that Mr. Haviland should be sanctioned for his conduct. Mr. Haviland's vendetta against Class Counsel should not be permitted to be the last word on Class 1's claims against J&J.

---

[6] *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

WHEREFORE, for all the reasons set forth above, Class Counsel respectfully request that this Court enter an order awarding attorneys' fees and costs against Mr. Haviland, and all other relief that this Court deems just and appropriate.

DATED:  April 16, 2010	Respectfully submitted,

By: /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

*Liaison Counsel*

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Jeffrey L. Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

>Marc H. Edelson
>Edelson & Associates, LLC
>45 West Court Street
>Doylestown, PA  18901
>Telephone: (215) 230-8043
>Facsimile: (215) 230-8735
>
>***Co-Lead Class Counsel***

**CERTIFICATE OF SERVICE**

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, *Class Counsel's Memorandum in Support of Their Motion for Sanctions Against Don Haviland* to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 16, 2010, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Steve W. Berman
Steve W. Berman