## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | Master Civil No. 01-cv-12257 |
| | MDL No. 1456 |
| THIS DOCUMENT RELATES TO J&J CLASS 1 | Judge Patti B. Saris |

### DECLARATION OF JENNIFER FOUNTAIN CONNOLLY

I, Jennifer Fountain Connolly, declare as follows:

1. I am a partner at Wexler Wallace LLP and Co-Lead Class Counsel in this litigation. I submit this Declaration in support of Class Counsel's Motion for Sanctions Against Don Haviland.

2. Attached as Exhibit A is a true and correct copy of a February 15, 2008 Order of Court from the First Circuit Court of Appeals.

3. Attached as Exhibit B is a true and correct copy of the transcript of the October 8, 2009 status conference. After the parties had gone off the record in that conference, Mr. Haviland directly addressed the Court and asked it if it would reconsider its order disqualifying Mr. Haviland as Class Counsel. Mr. Haviland represented that the Court's January 3, 2008 Order had caused great harm to his reputation and that he wished to be freed from the effects of the order. The Court stated that it was uncomfortable having this conversation on the record and asked Mr. Haviland to file a motion seeking relief from the order.

4. Attached and filed under seal as Combined Exhibit C are true and correct copies of e-mail correspondence between Co-Lead Counsel Thomas M. Sobol and Don Haviland setting forth Mr. Haviland's clients' alleged settlement positions. Even though the mediation was

subsequently held on November 6, 2009, Mr. Haviland never informed Class Counsel that Mrs. Shepley had passed away. Instead, he continued to represent that he was informing Class Counsel of his client's alleged settlement positions.

5. Class Counsel did not know until Mr. Haviland filed his Notice of Voluntary Dismissal that the Withdrawing Plaintiffs wished to withdraw from this litigation or that they were allegedly dissatisfied with communication with Class Counsel.

6. On March 26, 2010, I sent an email to Mr. Haviland asking him to contact me by telephone regarding his Notice of Voluntary Dismissal. Mr. Haviland subsequently called me and during that conversation he told me that, although he did not know the precise day on which it would occur, he knew that the hearing on J&J's post-remand motions for summary judgment was "coming up." When I told Mr. Haviland that his actions would greatly prejudice the Class, he said "how dare you" bring up that subject when Class Counsel had sought Mr. Haviland's disqualification. He stated that because he was not Class Counsel he no longer cared what happened to the Class.

7. Mr. Haviland told me that his clients were seeking to withdraw because they were tired of the litigation and because they were tired of "not being listened to" by Class Counsel. Mr. Haviland also told me that Mr. Young had wanted to withdraw a month ago, but that he had waited "until he heard from the Shepleys'" to file his Notice.

8. Mr. Haviland never allowed Class Counsel to speak to any of his allegedly "individual clients" without his involvement. All written correspondence to his "individual clients" had to be addressed to him. Despite Mr. Haviland's restrictions, Class Counsel kept the Withdrawing Plaintiffs advised of the status of the appeal of this Court's entry of judgment against Class 1 and in favor of J&J, sought their participation in our mediation efforts with J&J

and advised those clients of the positions taken in our combined opposition to J&J's post-remand motions for summary judgment.

9. Attached and filed under seal as Exhibit D is a true and correct copy of an October 9, 2009 letter to Mr. Larry Young and Mrs. Therese Shepley c/o Donald Haviland, Esquire from John A. Macoretta. Attached as Exhibit E is a January 19, 2010 letter to Don Haviland from Jennifer Fountain Connolly.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated:  April 16, 2010                           /s/ Jennifer Fountain Connolly
                                                 Jennifer Fountain Connolly

**CERTIFICATE OF SERVICE**

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, *Declaration of Jennifer Fountain Connolly* to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 16, 2010, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Steve W. Berman
Steve W. Berman