# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE:                              )
                                    )   CA No. 01-12257-PBS
PHARMACEUTICAL INDUSTRY AVERAGE     )
WHOLESALE PRICE LITIGATION          )   Pages 1 - 25
                                    )

STATUS HEARING

BEFORE THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

United States District Court
1 Courthouse Way, Courtroom 19
Boston, Massachusetts
October 8, 2009, 4:10 p.m.

LEE A. MARZILLI
OFFICIAL COURT REPORTER
United States District Court
1 Courthouse Way, Room 7200
Boston, MA  02210
(617)345-6787

## Page 2

APPEARANCES:

  THOMAS R. SOBOL, ESQ., Hagens Berman Sobol Shapiro,
  LLP, 55 Cambridge Parkway, Cambridge, Massachusetts, 02142,
  for the Class Plaintiffs.
  STEVE W. BERMAN, ESQ., Hagens Berman Sobol Shapiro,
  LLP, 1301 5th Avenue, Suite 2900, Seattle, Washington,
  98101-1090, for the Class Plaintiffs.
  JENNIFER FOUNTAIN CONNOLLY, ESQ., Wexler Wallace, LLP,
  55 W. Monroe Street, Suite 3300, Chicago, Illinois, 60603,
  for the Class Plaintiffs.
  DONALD E. HAVILAND, ESQ. and MICHAEL LoRUSSO, ESQ.,
  The Haviland Law Firm, LLC, 111 S. Independence Mall East,
  Suite 1000, Philadelphia, Pennsylvania, 19106, for the
  Plaintiffs, Therese Shepley and Larry Young.

  ANDREW D. SCHAU, ESQ., Patterson Belknap Webb & Tyler,
  LLP, 1133 Avenue of the Americas, New York, New York,
  10036-6710, for the Defendant, Johnson & Johnson.

## Page 3

PROCEEDINGS

THE CLERK: In Re: Pharmaceutical Industry Average Wholesale Price Litigation, Civil Action 01-12257, will now be heard before this Court. Will counsel please identify themselves for the record.

MR. SOBOL: Good afternoon, your Honor. Tom Sobol for the class plaintiffs.

MR. BERMAN: Steve Berman for the class.

MS. CONNOLLY: Good afternoon, your Honor. Jennifer Connolly for the class.

MR. HAVILAND: Your Honor, Don Haviland for Therese Shepley and Larry Young.

MR. LoRUSSO: Good afternoon, your Honor. Michael LoRusso for Therese Shepley and Larry Young.

MR. SCHAU: Andrew Schau, Johnson & Johnson.

THE COURT: So, first of all, what's happening next week? Someone told me there's a First Circuit argument next week.

MR. BERMAN: There was a First Circuit argument today of the consumer AstraZeneca case.

THE COURT: Oh, that's the consumer. So what's that about? I've lost track of them all.

MR. BERMAN: That was the settlement we had of the consumers, Track One. Mr. Haviland objected to the settlement.

## Page 4

THE COURT: This is your objection. That's why you're all here.

MR. BERMAN: Yes.

THE COURT: I got it, I got it, because Robert said it's got to be today. So that's because there was an argument today, and you came in from Washington? Is that it?

MR. BERMAN: Correct.

THE COURT: And then next week we have Track Two, right? Is that wrong? Because a lot of these old dates are on calendars, and I'm confused.

MR. BERMAN: The Track Two settlement I think has been changed.

MS. CONNOLLY: We just asked.

MR. BERMAN: We just asked. We still haven't gotten the data to send the notice out.

THE COURT: I see. So there is nothing in Track Two coming up?

MR. BERMAN: Not imminently, no. I think we just filed a motion this week explaining to you where we are on that, asking for a new notice to come out and for some new dates.

THE COURT: And where are the national class actions? Is that on appeal to the First -- see, I'm glad you're here because I have no memory. The national class

## Page 5

actions, did I stay that pending the AWP opinion?

MR. BERMAN: You did.

THE COURT: So that now needs to go up there.

MR. BERMAN: Well, it's in the First Circuit, and the First Circuit sustained your verdict on AstraZeneca.

THE COURT: Right.

MR. BERMAN: So we're back down here.

THE COURT: No, but what about the thing we spent six months or I spent six months on -- God knows how long you spent -- trying to figure out the groupings of the different statutes? Where is that?

MR. BERMAN: That you stayed pending the appeal, which has now been decided.

THE COURT: All right, so now it's here.

MR. BERMAN: It's here.

THE COURT: So now AstraZeneca may want to appeal that on a national -- they're not sitting here, so --

MR. BERMAN: They have filed a petition for rehearing today of your verdict decision, and they're going to petition the Supreme Court, so they want to go further up.

THE COURT: So we're not even close to hitting the national class groupings. Remember, I grouped for some, I struck out some states, and then I said, another way to do this would be state by state.

Page 6

1  MR. BERMAN: I think we're fairly close because
2  the petition for hearing is denied, which they usually act
3  fairly quickly. Then I think we're back here because
4  there's no stay while they're filing a cert petition.
5  THE COURT: No, but then they have a right to
6  appeal me, right, under 23(f) on the class cert, which I'd
7  be surprised if they didn't. So it's premature to set a
8  trial date on that, right, or not? Maybe I should have a
9  status on that as well once we're --
10  MR. BERMAN: I think I would like that, yes.
11  THE COURT: So now we're at Johnson & Johnson, and
12  one of the things that confused me about this -- I barely
13  remember it. Let's start with that basic fact. It was at
14  the tail end of the trial. I think what I thought I was
15  doing was resolving Class 1 under 93A, not under every state
16  statute. Now, was that not true?
17  MR. BERMAN: Well, we thought that you had, and
18  the judgment reflects that you had done it nationwide.
19  MR. SCHAU: That's correct. I can't tell you what
20  you anticipated you were doing.
21  THE COURT: Well, all we talked about in court was
22  93A. So, truthfully, that wasn't my intent at all to
23  resolve it nationally. Does it say "nationally," or does it
24  just say "93A"? I only had 93A. I hadn't certified a
25  national class. How could I possibly have --

Page 7

1  MR. SCHAU: You had certified a national class for
2  Class 1.
3  MR. BERMAN: For Class 1 you had a national class
4  without --
5  THE COURT: Well, I had no intent to dismiss it
6  other than for Massachusetts. Let's put it this way: No
7  one was more surprised than I. Maybe the language went in
8  too fast or whatever. But I did intend for Massachusetts.
9  I couldn't have possibly thought through the country because
10  at that point I hadn't gone through all the national laws.
11  So I did it under 93A was my intent. And if I was negligent
12  in how I phrased it, I think I just took your wording, and I
13  just didn't intend that, I didn't write on it. But I did
14  intend it for 93A. So where does that leave us?
15  MR. BERMAN: Well, I think, as I interpret the
16  First Circuit opinion, because Class 1 was not -- there was
17  no Class 1 93A trial, and they have a right to a jury, I'm
18  not sure that your decision is binding. I mean, we never
19  presented Class 1 --
20  THE COURT: I thought 93A you don't get a right to
21  a jury.
22  MR. BERMAN: You don't get a jury, okay.
23  THE COURT: So let's just back up a little. So it
24  came up in about ten minutes at the tail end of the case.
25  My intent was that under 93A, that it wouldn't fly. If I

Page 8

1  wrote it more broadly, it's because I took your language,
2  and it wasn't my intent, all right? So if someone had
3  simply moved for reconsideration, I could have clarified
4  that point on national versus state.
5  But right now all I'm thinking about is the state,
6  and so what -- that was my view is that it wasn't -- you
7  know, I had said there were no per se liability. I had
8  found that that was the industry and government norm. The
9  30 percent bump, which was yours, I bought hook, line, and
10  sinker and was affirmed on that. But I think, even under
11  just the state law, what the First Circuit was saying is, I
12  need to at least officially go through the summary
13  judgment's last trial piece of it.
14  MR. BERMAN: And apply the summary judgment
15  standard as to --
16  THE COURT: Right, yes. So that's what I'm
17  planning on doing. You asked for the status probably
18  because you were in town.
19  MR. BERMAN: Because I wanted to know how you
20  wanted us to proceed.
21  THE COURT: Well, that's absolutely correct. So
22  the issue really is 93A Massachusetts. I couldn't possibly
23  decide it under every state law in the country because I
24  hadn't even done that yet, right? I mean, I hadn't even
25  looked at them yet.

Page 9

1  MR. BERMAN: Well, you had distinguished between
2  the consumers and the third-party payors, and you certified
3  nationwide, because you didn't think the difference in law
4  was so great, basically all the states.
5  THE COURT: Right. Well, I did that subsequently.
6  MR. BERMAN: Right, and so --
7  THE COURT: But let me just say, under 93A, there
8  is a certain level of outrageousness, and the question is,
9  is anything within the 30 percent that outrageous? And so
10  we need to at least have that argument with the clear signal
11  from the First Circuit.
12  MR. BERMAN: Okay. So I think it's their burden
13  to bring a summary judgment motion.
14  THE COURT: Yes.
15  MR. SCHAU: Yes, I would think that perhaps two
16  steps are in order. If you intended to enter judgment under
17  93A against consumers in Massachusetts, I don't think it's
18  necessary to move for --
19  THE COURT: Yes, it is.
20  MR. SCHAU: Okay, we can make a motion limited to
21  Massachusetts. Then I think Johnson & Johnson would also
22  like to make a motion directed to the balance of the
23  Class 1. We think you have already decided in your 2006
24  summary judgment decision granting summary judgment against
25  Class 1 for the period 2004 forward that the relevant

Page 10

1  question --
2      THE COURT: Let me put it this way: I have not,
3  intentionally anyway, ruled on the rest of the states. Now,
4  I've actually, unfortunately, plowed through the laws in all
5  these different states. So the question really is, on
6  Johnson & Johnson, I found there was no liability with
7  respect to the third-party payors and the consumer
8  plaintiffs. So now the question is, should I simply have a
9  bench trial, which is all you get, based on the old
10 evidence, and make a finding with respect to Class 1?
11 Should I do it based on summary judgment? How do you want
12 me to proceed on Class 1 with 93A? And then we can address
13 what we should do with respect to the nation because as the
14 First Circuit points out, and I actually found, many of
15 these states require jury trials. So --
16     MR. SCHAU: Well, I think, under 93A, if I read
17 the First Circuit's decision correctly, we should probably
18 move for summary judgment and have you decide.
19     THE COURT: I'm not sure, or whether you just want
20 to go based on the evidence of the bench trial and make
21 findings on fact and law. I think that's almost a better
22 way to go.
23     MR. SCHAU: Okay.
24     MR. BERMAN: I'm okay with that.
25     THE COURT: Because I have heard it. There's no

Page 11

1  new evidence, exact same lawyer, exact same plaintiffs.
2      MR. SOBOL: The exact same lawyer?
3      THE COURT: What? I mean plaintiffs' lawyers, the
4  plaintiffs' lawyers, right? It's the exact same thing. So
5  the only issue is whether I should apply it a little
6  differently or a lot differently because it involves
7  Medicare beneficiaries as opposed to third-party payor
8  consumers, right?
9      MR. BERMAN: Correct.
10     THE COURT: Why should I go through the whole
11 rain dance of summary judgment when I've actually got a
12 record?
13     MR. SCHAU: Sure.
14     THE COURT: But then there's another issue with
15 respect to the rest of the class.
16     MR. SCHAU: Right. I guess I'm a little confused
17 now.
18     THE COURT: I was confused. I wasn't sure what
19 was argued up there. I don't know what was said. They
20 definitely left it open for me to do summary judgment, for
21 me to do basically what I felt was appropriate. And the
22 issue is whether or not on Massachusetts only I should do it
23 based on the evidence that I have, and I think answer is
24 "yes" because then I'm making fact findings rather than
25 drawing all reasonable inferences. Then we get to the rest

Page 12

1  of the country, right?
2      MR. BERMAN: Correct.
3      THE COURT: And then we have to decide that, I
4  think.
5      Now I'm going to ask you all this: If there were
6  a separate trial for the rest of the country -- let's talk
7  about the rest of the country right now -- do we want to do
8  that on summary judgment? Or is there new evidence that you
9  would deal with for the rest of the country? Or do you want
10 me to just rely on the same evidence for the rest of the
11 country?
12     MR. BERMAN: Well, I think that given the fact
13 that you called it a close call, right, and that there's
14 deferential scale on summary judgment, evidence is construed
15 in the light most favorable to the plaintiff, I don't see
16 how we could ever find summary judgment is appropriate.
17 You're just going to wind up with a bunch of boxes. It's a
18 triable issue.
19     THE COURT: Not on -- well, 93A I think we can
20 easily do on the evidence.
21     MR. BERMAN: I understand that, but in a jury
22 trial states, if you read this very carefully, I think that
23 the First Circuit is saying --
24     THE COURT: Well, I think what we should do is
25 leave you the chance to file a motion for summary judgment,

Page 13

1  see what happens with AstraZeneca, because I'm not going
2  to -- and I need to make findings under 93A, which I already
3  thought I had done, but I understand why there's confusion.
4  So now I need to deal with what to do with the rest of the
5  country. What do you want to do with the rest of the
6  country? Do you want to file a motion for summary judgment
7  for the rest of the country?
8      MR. SCHAU: I do. I think that there's no
9  particular urgency to that, and therefore I'd be interested
10 in what you would expect from us.
11     THE COURT: I've already been doing this for eight
12 years.
13     MR. SCHAU: Right.
14     THE COURT: My sense of urgency is just to finish
15 it, at least the class end, okay? I've got all these
16 federal government cases. Talk about rooms of documents,
17 wait till you see what's happening in the relator cases.
18 It's unbelievable. And I have all the state cases. It's
19 overwhelming at this point. It's more, not less. So you
20 don't want to get bogged down in all of that.
21     I am going to make fact-findings as a trial judge
22 on Class 1. That's what I thought I was doing last time,
23 and I didn't do it well enough. On the rest of it, I didn't
24 think I was doing the whole thing. Now, maybe I was tired
25 at the end and didn't notice what the language said, and no

Page 14

1  one asked me to clarify, so, okay, I wasn't planning on
2  doing it for the country. So now we have the second piece
3  of it.
4        MR. BERMAN: He wants to move for summary
5  judgment. I've explained why I think it's just going to be
6  a waste of paper, but, okay, and I'd like to set a trial
7  date. This has got to end. I feel the same sense of
8  urgency as you.
9        THE COURT: It's not worth it until I find out
10 whether or not they're willing to try a national class in
11 this courtroom. That's why I asked the original case first.
12 I'm not sure whether that means --
13       MR. BERMAN: I'm not following you. By the time
14 we --
15       THE COURT: In other words, I certified a national
16 class with respect to AstraZeneca, right?
17       MR. BERMAN: You did for third-party payors.
18       THE COURT: Right.
19       MR. BERMAN: And that's a different standard in
20 terms of state laws. You haven't grouped them for consumers
21 because you found you didn't have to. So whatever happens
22 in the First Circuit --
23       THE COURT: I don't remember that. I actually
24 don't remember that, whether or not -- I know there were no
25 individualized issues with respect to individual consumers

Page 15

1  because they knew nothing, but the issue is, isn't there
2  still a difference in state laws?
3        MR. BERMAN: Well, some state laws, for example,
4  don't allow TPPs to sue. There's all kinds of special
5  issues about third-party payors.
6        THE COURT: I'm sorry, I'm just not remembering,
7  and, I'm sorry, I didn't actually know you were coming in
8  today till about 25 minutes ago, so I'm focusing. You came
9  in, I take it, just because you happened to be in town? Is
10 that it?
11       MR. BERMAN: Yes.
12       THE COURT: When I certified a national class of
13 consumers, Medicare beneficiaries, under what statutes? All
14 the state statutes?
15       MR. BERMAN: Correct.
16       THE COURT: Was that appealed?
17       MR. BERMAN: Yes.
18       THE COURT: That's what's appealed, right?
19       MR. BERMAN: And it was denied.
20       THE COURT: With respect to AstraZeneca.
21       MR. SCHAU: Permission to appeal was denied.
22       THE COURT: What?
23       MR. SCHAU: Permission to appeal was denied.
24       MR. BERMAN: Correct.
25       MR. SCHAU: That has not -- we sought to appeal

Page 16

1  your Class 1 national finding. We were denied permission to
2  bring that appeal. So it was appealed only in the sense
3  that we sought permission, and we were not allowed to.
4        THE COURT: So, now, why isn't he right then, I
5  mean, if it's a different issue than what's on appeal now,
6  or will be on appeal?
7        MR. SCHAU: Because I think -- well, there may
8  come a time --
9        THE COURT: AstraZeneca settled, right, on the
10 Class 1?
11       MR. BERMAN: Exactly.
12       MR. SCHAU: There may come a time when you ought
13 to set a trial date, but I would like the opportunity to
14 move for summary judgment. And we don't need to argue the
15 merits of that motion today, but we think we have a sound
16 motion.
17       MR. BERMAN: As everyone does, and we set trial
18 dates, and if you win, we strike the trial date.
19       THE COURT: At the time, I might have done all
20 this. I have now become fully cognizant of the variations
21 in the various statutes. So some do require jury trials.
22       MR. SCHAU: Unless you grant summary judgment.
23       THE COURT: So the question is, if I grant summary
24 judgment on one that doesn't, does that apply to all the
25 other ones that don't?

Page 17

1        MR. BERMAN: You can't --
2        THE COURT: And just send the ones with jury
3  trials to the jury?
4        MR. BERMAN: Correct.
5        THE COURT: Is that realistically what we're
6  talking about?
7        MR. BERMAN: Yes, if you grant summary judgment.
8  I don't think that's going to happen, but --
9        THE COURT: No, no, no, no, hear me out. If I
10 find as a matter of 93A law, which has a certain level of
11 outrageousness to it, that it was a close call but this
12 isn't that outrageous, like I did with the other ones, does
13 that then preclude all the other states where it's just a
14 bench trial? And I would just send to trial the jury trial?
15 We all have to think about these issues.
16       MR. BERMAN: I'd need to think about that. I
17 don't want to shoot off the top --
18       THE COURT: Because as I'm now much more
19 sophisticated about, and you are too, right, all these 93A
20 statutes, it's not clear that every state construes it at
21 the level of outrageousness, if you will, that 93A does.
22       MR. BERMAN: That's correct.
23       THE COURT: I'm now a lot more sophisticated about
24 this stuff. We all need to go back through that.
25       MR. BERMAN: Yes, I agree, to figure out which

Page 18

1  states are now -- to group the states a little more
2  precisely like we did with AstraZeneca.
3        THE COURT: It may just be for outrageousness
4  states, you know what I mean, the ones that just sort of get
5  you to the high level of rascality that just make you want
6  to vomit kind of standard, the vomit standard. I think some
7  are lower than that. Am I wrong?
8        MR. BERMAN: Some are lower than that.
9        THE COURT: We didn't know that at the time.
10       MR. SCHAU: Well, first of all, you have --
11       THE COURT: You think I did, that some were lower?
12       MR. BERMAN: I don't know. It wasn't briefed with
13 that precision.
14       THE COURT: It wasn't briefed, yes.
15       MR. SCHAU: We still think we have a valid summary
16 judgment motion. And when I said I was confused before,
17 what I was about to raise with you was the fact that you
18 have already entered summary judgment against the entirety
19 of a national Class 1 claim based on government knowledge as
20 of 2003.
21       THE COURT: Right.
22       MR. SCHAU: Okay? So the question of whether or
23 not you can do that, according to the logic of your own 2006
24 decision, is, you can based on what the government knew, and
25 that that conclusion controls the claims of all Class 1

Page 19

1  members, be they resident of Massachusetts or anywhere else.
2  And that will be essentially the basis of our motion.
3        THE COURT: Sure. All right, so --
4        MR. SCHAU: And we will say that, we would concede
5  that consumers have never heard of AWP, and therefore do not
6  themselves have expectations one way or the other; that
7  therefore, based on the logic of your 2006 decision, the
8  relevant question is what the government knew because they
9  were the ones that imposed the 20 percent payment obligation
10 on consumers.
11       THE COURT: No, no. That was imposed by statute.
12       MR. SCHAU: The government, Congress, okay? And
13 it is conceded and undisputed that the government knew of
14 the kinds of spreads applicable to the two Johnson & Johnson
15 drugs at issue. So even for mega spreads, which are not
16 what we're talking about, you've entered summary judgment
17 against all consumers throughout the country 2004 forward
18 based on what the government knew.
19       THE COURT: But, no, that's based on the fact that
20 the statute had changed. Wasn't it?
21       MR. SCHAU: Well, you said that --
22       THE COURT: Medicare Modernization --
23       MR. SCHAU: Well, you said that by 2003, it had
24 become a term of art, and so when Congress used the term --
25       THE COURT: All right, so let's do this, let's do

Page 20

1  this: You'll file a motion for summary judgment for the
2  rest of the class.
3        MR. SCHAU: Yes.
4        THE COURT: And a motion for judgment based on the
5  old trial record, which is what I thought I was doing
6  before.
7        MR. SCHAU: For Massachusetts.
8        THE COURT: But I'm not even sure the court had as
9  much trouble with that as they did the whole country, just
10 reading the opinion, but you're going to file that.
11       You're going to file an opposition to the motion
12 for summary judgment, and you're going to file an opposition
13 to the 93A. But more importantly from you, I think you need
14 to come up with a little bit of a trial plan for me.
15       MR. BERMAN: Right.
16       THE COURT: Because I'm thinking out loud now
17 because we have done so much more since that. That was,
18 like, ten minutes of my life kind of thing as opposed to the
19 rest of it. We know a lot more about these statutes. And
20 whether or not -- I believe, if I'm remembering, that a
21 bunch -- there are a huge number of little FTCA acts which
22 are identical to Massachusetts. There's a huge amount of
23 unconscionability that it takes to get you there. But there
24 are many other statutes that weren't that onerous.
25       MR. BERMAN: That's correct.

Page 21

1        THE COURT: Were you involved at all in watching
2  it? So I'm just trying to figure out --
3        MR. SCHAU: I looked at it a little bit from a
4  distance, but -- and I say "I" meaning me personally. I
5  wasn't involved in that briefing. But, you know, I mean,
6  there is the fact that Mr. Berman explained to you earlier
7  in the proceedings, not today, that 93A has the most liberal
8  standard, other than perhaps California, for the imposition
9  of liability, so --
10       THE COURT: Weren't some of them --
11       MR. SCHAU: Pardon me?
12       THE COURT: I think there were two or three that
13 were negligence standards, for example.
14       MR. BERMAN: Why don't we do this.
15       MR. SCHAU: All of them prohibit deceptive
16 conduct.
17       THE COURT: Right.
18       MR. SCHAU: Some of them prohibit unfair conduct.
19       THE COURT: Right.
20       MR. SCHAU: Okay? Those that prohibit
21 deceptive --
22       THE COURT: -- conduct only, you might win.
23       MR. SCHAU: Right, on deceptive, right. So then
24 the question is, those that add a layer of unfairness --
25       THE COURT: Right.

Page 22

1  MR. SCHAU: -- okay, could you find liability
2  against Johnson & Johnson based on an unfairness prong,
3  where the relevant knowledge base is in the government
4  rather than the consumers themselves? Because I don't think
5  any of us would dispute, the consumers have never heard of
6  AWP.
7  THE COURT: No, but the -- you know, let me not
8  comment any further. I haven't reread that huge decision in
9  a while. But I remember in thinking about it, most of the
10 little FTCA acts fell either in the category of unfair and
11 deceptive or just deceptive, but there were a few outliers.
12 MR. BERMAN: Well, may I make a suggestion?
13 THE COURT: Yes.
14 MR. BERMAN: We've done the work. We did this in
15 AstraZeneca, and you issued a ruling. Why don't we submit
16 kind of a proposed trial plan.
17 THE COURT: Yes, and when you file your motion for
18 summary judgment, just read that and see if any of them
19 would -- because the issue is, once I make that decision,
20 whether or not that binds the rest of the country. I don't
21 know.
22 MR. BERMAN: Well, we would refine it for you. We
23 would say: Here's a like statute, jury trial or nonjury
24 trial, so you get an idea of how many states are entitled to
25 a jury trial on those issues, because that bears on, I

Page 23

1  think, whether it binds the states.
2  THE COURT: But why wouldn't I just wait and see
3  what happened with AstraZeneca? Or you would say, try it
4  separately in any event?
5  MR. BERMAN: Right, because you've already
6  indicated in a prior order that the trials would be separate
7  between J & J and AstraZeneca.
8  THE COURT: Because AstraZeneca already settled
9  Class 1?
10 MR. BERMAN: Right.
11 THE COURT: And every other --
12 MR. BERMAN: This is the last Class 1.
13 THE COURT: All right.
14 MR. SCHAU: I think, as a practical matter, if
15 AstraZeneca were to prevail on its appeal of a national
16 class under Classes 2 and 3, that might well counsel for
17 allowing us then to appeal the grant of a national class on
18 Class 1.
19 THE COURT: Have you already -- it's too late,
20 isn't it?
21 MR. SCHAU: We tried to appeal and were denied
22 that. I don't think that would preclude us from seeking
23 leave to appeal in light of a new decision that shed light
24 on that question. It may be that the Class 2 and 3 appeal
25 by AstraZeneca cuts against us.

Page 24

1  THE COURT: Well, can I say this, and maybe I'm
2  being naive here: I would be shocked if the First Circuit
3  didn't allow some sort of national set of trials to go
4  forward. I thought it was difficult whether it was all
5  here, because it would be very difficult for me, or whether
6  it was fifty different or thirty-six different trials. I
7  think reasonable people could disagree on what was a
8  superior way of going, but I don't think they're going to
9  say that it's over. The issue is, do you want to try this
10 in fifty different states, or do you want to try it in one
11 state? That's sort of -- am I -- that's how I put it,
12 right? I mean, you get the one or the other, but I don't
13 think it goes away.
14 MR. SCHAU: I think you're probably right that --
15 my question simply is, does it make sense to wait to hear
16 what the First Circuit says?
17 THE COURT: No. That I'm not going to do. That
18 I'm not doing. So when can you file briefs?
19 MR. SCHAU: At your pleasure. We could do it by
20 the end of the year. I mean, I'm pretty busy, but --
21 THE COURT: The end of the year?
22 MR. SCHAU: Thirty days?
23 MR. BERMAN: I was thinking no later than thirty
24 days.
25 THE COURT: Thirty days makes sense, thirty days.

Page 25

1  MR. SCHAU: Fair enough.
2  THE COURT: On the motion for summary judgment, at
3  least. And I suppose that that will be a motion for summary
4  judgment nationally? Is that what you're saying?
5  MR. SCHAU: I think, logically, I may divide it
6  into two, a Massachusetts-only based on --
7  THE COURT: Which is just based on the findings,
8  and then a motion for summary judgment on the state. You'll
9  get another thirty days to respond. And I don't know what
10 the timetable for these other cases are.
11 Now, in the meantime, let's go off the record.
12 (Discussion off the record.)
13 (Adjourned, 4:46 p.m.)

Page 26

1
2         C E R T I F I C A T E
3
4
   UNITED STATES DISTRICT COURT )
5  DISTRICT OF MASSACHUSETTS   ) ss.
   CITY OF BOSTON              )
6
7
8       I, Lee A. Marzilli, Official Federal Court
9  Reporter, do hereby certify that the foregoing transcript,
10 Pages 1 through 25 inclusive, was recorded by me
11 stenographically at the time and place aforesaid in Civil
12 Action No. 01-12257-PBS, In Re: Pharmaceutical Industry
13 Average Wholesale Price Litigation, and thereafter by me
14 reduced to typewriting and is a true and accurate record of
15 the proceedings.
16      In witness whereof I have hereunto set my hand
17 this 20th day of October, 2009.
18
19
20
21
22        /s/ Lee A. Marzilli
          _____
23        LEE A. MARZILLI, CRR
          OFFICIAL FEDERAL COURT REPORTER
24
25

**A**
absolutely 8:21
accurate 26:14
act 6:2
Action 3:3 26:12
actions 4:24 5:1
acts 20:21 22:10
add 21:24
address 10:12
Adjourned 25:13
affirmed 8:10
aforesaid 26:11
afternoon 3:6,9,13
ago 15:8
agree 17:25
allow 15:4 24:3
allowed 16:3
allowing 23:17
Americas 2:11
amount 20:22
Andrew 2:10 3:15
answer 11:23
anticipated 6:20
anyway 10:3
appeal 4:24 5:12,16
    6:6 15:21,23,25
    16:2,5,6 23:15,17
    23:21,23,24
appealed 15:16,18
    16:2
applicable 19:14
apply 8:14 11:5
    16:24
appropriate 11:21
    12:16
argue 16:14
argued 11:19
argument 3:17,19 4:6
    9:10
art 19:24
asked 4:14,15 8:17
    14:1,11
asking 4:21
AstraZeneca 3:20 5:5
    5:16 13:1 14:16
    15:20 16:9 18:2
    22:15 23:3,7,8,15
    23:25
Avenue 2:4,11

Average 1:4 3:3
    26:13
AWP 5:1 19:5 22:6

**B**
B 1:9
back 5:7 6:3 7:23
    17:24
balance 9:22
barely 6:12
base 22:3
based 10:9,11,20
    11:23 18:19,24 19:7
    19:18,19 20:4 22:2
    25:6,7
basic 6:13
basically 9:4 11:21
basis 19:2
bears 22:25
believe 20:20
Belknap 2:10
bench 10:9,20 17:14
beneficiaries 11:7
    15:13
Berman 2:2,4,4 3:8,8
    3:19,23 4:3,8,12,15
    4:19 5:2,4,7,12,15
    5:18 6:1,10,17 7:3
    7:15,22 8:14,19 9:1
    9:6,12 10:24 11:9
    12:2,12,21 14:4,13
    14:17,19 15:3,11,15
    15:17,19,24 16:11
    16:17 17:1,4,7,16
    17:22,25 18:8,12
    20:15,25 21:6,14
    22:12,14,22 23:5,10
    23:12 24:23
better 10:21
binding 7:18
binds 22:20 23:1
bit 20:14 21:3
bogged 13:20
Boston 1:15,24 26:5
bought 8:9
boxes 12:17
briefed 18:12,14
briefing 21:5
briefs 24:18

bring 9:13 16:2
broadly 8:1
bump 8:9
bunch 12:17 20:21
burden 9:12
busy 24:20

**C**
C 2:1 3:1 26:2,2
CA 1:3
calendars 4:11
California 21:8
call 12:13 17:11
called 12:13
Cambridge 2:2,2
carefully 12:22
case 3:20 7:24 14:11
cases 13:16,17,18
    25:10
category 22:10
cert 6:4,6
certain 9:8 17:10
certified 6:24 7:1 9:2
    14:15 15:12
certify 26:9
chance 12:25
changed 4:13 19:20
Chicago 2:6
Circuit 3:17,19 5:4,5
    7:16 8:11 9:11
    10:14 12:23 14:22
    24:2,16
Circuit's 10:17
CITY 26:5
Civil 3:3 26:11
claim 18:19
claims 18:25
clarified 8:3
clarify 14:1
class 2:3,5,7 3:7,8,10
    4:23,25 5:23 6:6,15
    6:25 7:1,2,3,3,16,17
    7:19 9:23,25 10:10
    10:12 11:15 13:15
    13:22 14:10,16
    15:12 16:1,10 18:19
    18:25 20:2 23:9,12
    23:16,17,18,24
Classes 23:16

clear 9:10 17:20
CLERK 3:2
close 5:22 6:1 12:13
    17:11
cognizant 16:20
come 4:21 16:8,12
    20:14
coming 4:18 15:7
comment 22:8
concede 19:4
conceded 19:13
conclusion 18:25
conduct 21:16,18,22
confused 4:11 6:12
    11:16,18 18:16
confusion 13:3
Congress 19:12,24
Connolly 2:6 3:9,10
    4:14
construed 12:14
construes 17:20
consumer 3:20,21
    10:7
consumers 3:24 9:2
    9:17 11:8 14:20,25
    15:13 19:5,10,17
    22:4,5
controls 18:25
correct 4:8 6:19 8:21
    11:9 12:2 15:15,24
    17:4,22 20:25
correctly 10:17
counsel 3:4 23:16
country 7:9 8:23 12:1
    12:6,7,9,11 13:5,6,7
    14:2 19:17 20:9
    22:20
court 1:1,14,22,23
    3:4,16,21 4:1,4,9,17
    4:23 5:3,6,8,14,16
    5:20,22 6:5,11,21
    6:21 7:5,20,23 8:16
    8:21 9:5,7,14,19
    10:2,19,25 11:3,10
    11:14,18 12:3,19,24
    13:11,14 14:9,15,18
    14:23 15:6,12,16,18
    15:20,22 16:4,9,19
    16:23 17:2,5,9,18

17:23 18:3,9,11,14
18:21 19:3,11,19,22
19:25 20:4,8,8,16
21:1,10,12,17,19,22
21:25 22:7,13,17
23:2,8,11,13,19
24:1,17,21,25 25:2
25:7 26:4,8,23
**Courthouse** 1:15,23
**courtroom** 1:15
  14:11
**CRR** 26:23
**cuts** 23:25

### D

**D** 2:10 3:1
**dance** 11:11
**data** 4:16
**date** 6:8 14:7 16:13
  16:18
**dates** 4:10,22 16:18
**day** 26:17
**days** 24:22,24,25,25
  25:9
**deal** 12:9 13:4
**deceptive** 21:15,21
  21:23 22:11,11
**decide** 8:23 10:18
  12:3
**decided** 5:13 9:23
**decision** 5:19 7:18
  9:24 10:17 18:24
  19:7 22:8,19 23:23
**Defendant** 2:11
**deferential** 12:14
**definitely** 11:20
**denied** 6:2 15:19,21
  15:23 16:1 23:21
**difference** 9:3 15:2
**different** 5:11 10:5
  14:19 16:5 24:6,6
  24:10
**differently** 11:6,6
**difficult** 24:4,5
**directed** 9:22
**disagree** 24:7
**Discussion** 25:12
**dismiss** 7:5
**dispute** 22:5

**distance** 21:4
**distinguished** 9:1
**District** 1:1,1,10,14
  1:23 26:4,5
**divide** 25:5
**documents** 13:16
**doing** 6:15,20 8:17
  13:11,22,24 14:2
  20:5 24:18
**Don** 3:11
**DONALD** 2:8
**drawing** 11:25
**drugs** 19:15

### E

**E** 2:1,1,8 3:1,1 26:2,2
**earlier** 21:6
**easily** 12:20
**East** 2:8
**eight** 13:11
**either** 22:10
**enter** 9:16
**entered** 18:18 19:16
**entirety** 18:18
**entitled** 22:24
**ESQ** 2:2,4,6,8,8,10
**essentially** 19:2
**event** 23:4
**evidence** 10:10,20
  11:1,23 12:8,10,14
  12:20
**exact** 11:1,1,2,4
**Exactly** 16:11
**example** 15:3 21:13
**expect** 13:10
**expectations** 19:6
**explained** 14:5 21:6
**explaining** 4:20

### F

**F** 26:2
**fact** 6:13 10:21 11:24
  12:12 18:17 19:19
  21:6
**fact-findings** 13:21
**Fair** 25:1
**fairly** 6:1,3
**fast** 7:8
**favorable** 12:15
**federal** 13:16 26:8,23

**feel** 14:7
**fell** 22:10
**felt** 11:21
**fifty** 24:6,10
**figure** 5:10 17:25
  21:2
**file** 12:25 13:6 20:1
  20:10,11,12 22:17
  24:18
**filed** 4:20 5:18
**filing** 6:4
**find** 12:16 14:9 17:10
  22:1
**finding** 10:10 16:1
**findings** 10:21 11:24
  13:2 25:7
**finish** 13:14
**Firm** 2:8
**first** 3:16,17,19 4:24
  5:4,5 7:16 8:11 9:11
  10:14,17 12:23
  14:11,22 18:10 24:2
  24:16
**fly** 7:25
**focusing** 15:8
**following** 14:13
**foregoing** 26:9
**forward** 9:25 19:17
  24:4
**found** 8:8 10:6,14
  14:21
**FOUNTAIN** 2:6
**FTCA** 20:21 22:10
**fully** 16:20
**further** 5:20 22:8

### G

**G** 3:1
**given** 12:12
**glad** 4:24
**go** 5:3,20 8:12 10:20
  10:22 11:10 17:24
  24:3 25:11
**God** 5:9
**goes** 24:13
**going** 5:19 12:5,17
  13:1,21 14:5 17:8
  20:10,11,12 24:8,8
  24:17

**Good** 3:6,9,13
**gotten** 4:16
**government** 8:8
  13:16 18:19,24 19:8
  19:12,13,18 22:3
**grant** 16:22,23 17:7
  23:17
**granting** 9:24
**great** 9:4
**group** 18:1
**grouped** 5:23 14:20
**groupings** 5:10,23
**guess** 11:16

### H

**Hagens** 2:2,4
**hand** 26:16
**happen** 17:8
**happened** 15:9 23:3
**happening** 3:16
  13:17
**happens** 13:1 14:21
**Haviland** 2:8,8 3:11
  3:11,24
**hear** 17:9 24:15
**heard** 3:4 10:25 19:5
  22:5
**hearing** 1:8 6:2
**hereunto** 26:16
**high** 18:5
**hitting** 5:22
**Honor** 3:6,9,11,13
**HONORABLE** 1:9
**hook** 8:9
**huge** 20:21,22 22:8

### I

**idea** 22:24
**identical** 20:22
**identify** 3:5
**Illinois** 2:6
**imminently** 4:19
**importantly** 20:13
**imposed** 19:9,11
**imposition** 21:8
**inclusive** 26:10
**Independence** 2:8
**indicated** 23:6
**individual** 14:25
**individualized** 14:25

industry 1:4 3:2 8:8 26:12  
inferences 11:25  
intend 7:8,13,14  
intended 9:16  
intent 6:22 7:5,11,25 8:2  
intentionally 10:3  
interested 13:9  
interpret 7:15  
involved 21:1,5  
involves 11:6  
issue 8:22 11:5,14,22 12:18 15:1 16:5 19:15 22:19 24:9  
issued 22:15  
issues 14:25 15:5 17:15 22:25  

**J**  
J 23:7,7  
Jennifer 2:6 3:10  
Johnson 2:11,11 3:15 3:15 6:11,11 9:21 9:21 10:6,6 19:14 19:14 22:2,2  
judge 1:10 13:21  
judgment 6:18 8:14 9:13,16,24,24 10:11 10:18 11:11,20 12:8 12:14,16,25 13:6 14:5 16:14,22,24 17:7 18:16,18 19:16 20:1,4,12 22:18 25:2,4,8  
judgment's 8:13  
jury 7:17,21,22 10:15 12:21 16:21 17:2,3 17:14 22:23,25  

**K**  
kind 18:6 20:18 22:16  
kinds 15:4 19:14  
knew 15:1 18:24 19:8 19:13,18  
know 8:7,19 11:19 14:24 15:7 18:4,9 18:12 20:19 21:5 22:7,21 25:9  
knowledge 18:19 22:3  
knows 5:9  

**L**  
language 7:7 8:1 13:25  
Larry 2:9 3:12,14  
late 23:19  
law 2:8 8:11,23 9:3 10:21 17:10  
laws 7:10 10:4 14:20 15:2,3  
lawyer 11:1,2  
lawyers 11:3,4  
layer 21:24  
leave 7:14 12:25 23:23  
Lee 1:22 26:8,22,23  
left 11:20  
let's 6:13 7:6,23 12:6 19:25,25 25:11  
level 9:8 17:10,21 18:5  
liability 8:7 10:6 21:9 22:1  
liberal 21:7  
life 20:18  
light 12:15 23:23,23  
limited 9:20  
line 8:9  
Litigation 1:4 3:3 26:13  
little 7:23 11:5,16 18:1 20:14,21 21:3 22:10  
LLC 2:8  
LLP 2:2,4,6,11  
logic 18:23 19:7  
logically 25:5  
long 5:9  
looked 8:25 21:3  
LoRUSSO 2:8 3:13 3:14  
lost 3:22  
lot 4:10 11:6 17:23 20:19  
loud 20:16  
lower 18:7,8,11  

**M**  
MA 1:24  
making 11:24  
Mall 2:8  
Marzilli 1:22 26:8,22 26:23  
Massachusetts 1:1,15 2:2 7:6,8 8:22 9:17 9:21 11:22 19:1 20:7,22 26:5  
Massachusetts-only 25:6  
matter 17:10 23:14  
mean 7:18 8:24 11:3 16:5 18:4 21:5 24:12,20  
meaning 21:4  
means 14:12  
Medicare 11:7 15:13 19:22  
mega 19:15  
members 19:1  
memory 4:25  
merits 16:15  
Michael 2:8 3:13  
minutes 7:24 15:8 20:18  
Modernization 19:22  
Monroe 2:6  
months 5:9,9  
motion 4:20 9:13,20 9:22 12:25 13:6 16:15,16 18:16 19:2 20:1,4,11 22:17 25:2,3,8  
move 9:18 10:18 14:4 16:14  
moved 8:3  

**N**  
N 2:1 3:1  
naive 24:2  
nation 10:13  
national 4:23,25 5:17 5:23 6:25 7:1,3,10 8:4 14:10,15 15:12 16:1 18:19 23:15,17 24:3  
nationally 6:23,23 25:4  
nationwide 6:18 9:3  
necessary 9:18  
need 8:12 9:10 13:2,4 16:14 17:16,24 20:13  
needs 5:3  
negligence 21:13  
negligent 7:11  
never 7:18 19:5 22:5  
new 2:11,11 4:21,21 11:1 12:8 23:23  
nonjury 22:23  
norm 8:8  
notice 4:16,21 13:25  
number 20:21  

**O**  
O 3:1  
objected 3:24  
objection 4:1  
obligation 19:9  
October 1:16 26:17  
Official 1:22 26:8,23  
officially 8:12  
Oh 3:21  
okay 7:22 9:12,20 10:23,24 13:15 14:1 14:6 18:22 19:12 21:20 22:1  
old 4:10 10:9 20:5  
once 6:9 22:19  
onerous 20:24  
ones 16:25 17:2,12 18:4 19:9  
open 11:20  
opinion 5:1 7:16 20:10  
opportunity 16:13  
opposed 11:7 20:18  
opposition 20:11,12  
order 9:16 23:6  
original 14:11  
ought 16:12  
outliers 22:11  
outrageous 9:9 17:12  
outrageousness 9:8 17:11,21 18:3  
overwhelming 13:19

**P**
P 2:1,1 3:1
Pages 1:4 26:10
paper 14:6
Pardon 21:11
Parkway 2:2
particular 13:9
Patterson 2:10
PATTI 1:9
payment 19:9
payor 11:7
payors 9:2 10:7 14:17 15:5
pending 5:1,12
Pennsylvania 2:9
people 24:7
percent 8:9 9:9 19:9
period 9:25
permission 15:21,23 16:1,3
personally 21:4
petition 5:18,20 6:2,4
Pharmaceutical 1:4 3:2 26:12
Philadelphia 2:9
phrased 7:12
piece 8:13 14:2
place 26:11
plaintiff 12:15
plaintiffs 2:3,5,7,9 3:7 10:8 11:1,3,4
plan 20:14 22:16
planning 8:17 14:1
please 3:4
pleasure 24:19
plowed 10:4
point 7:10 8:4 13:19
points 10:14
possibly 6:25 7:9 8:22
practical 23:14
precisely 18:2
precision 18:13
preclude 17:13 23:22
premature 6:7
presented 7:19
pretty 24:20
prevail 23:15
Price 1:4 3:3 26:13
prior 23:6
probably 8:17 10:17 24:14
proceed 8:20 10:12
proceedings 21:7 26:15
prohibit 21:15,18,20
prong 22:2
proposed 22:16
put 7:6 10:2 24:11
p.m 1:16 25:13

**Q**
question 9:8 10:1,5,8 16:23 18:22 19:8 21:24 23:24 24:15
quickly 6:3

**R**
R 2:1,2 3:1 26:2
rain 11:11
raise 18:17
rascality 18:5
read 10:16 12:22 22:18
reading 20:10
realistically 17:5
really 8:22 10:5
reasonable 11:25 24:7
reconsideration 8:3
record 3:5 11:12 20:5 25:11,12 26:14
recorded 26:10
reduced 26:14
refine 22:22
reflects 6:18
rehearing 5:19
relator 13:17
relevant 9:25 19:8 22:3
rely 12:10
remember 5:23 6:13 14:23,24 22:9
remembering 15:6 20:20
Reporter 1:22 26:9 26:23
require 10:15 16:21
reread 22:8
resident 19:1
resolve 6:23
resolving 6:15
respect 10:7,10,13 11:15 14:16,25 15:20
respond 25:9
rest 10:3 11:15,25 12:6,7,9,10 13:4,5,7 13:23 20:2,19 22:20
right 4:10 5:6,14 6:5 6:6,8 7:17,20 8:2,5 8:16,24 9:5,6 11:4,8 11:16 12:1,7,13 13:13 14:16,18 15:18 16:4,9 17:19 18:21 19:3,25 20:15 21:17,19,23,23,25 23:5,10,13 24:12,14
Robert 4:4
Room 1:23
rooms 13:16
ruled 10:3
ruling 22:15

**S**
s 2:1,8 3:1 26:22
SARIS 1:9
saying 8:11 12:23 25:4
says 24:16
scale 12:14
Schau 2:10 3:15,15 6:19 7:1 9:15,20 10:16,23 11:13,16 13:8,13 15:21,23,25 16:7,12,22 18:10,15 18:22 19:4,12,21,23 20:3,7 21:3,11,15 21:18,20,23 22:1 23:14,21 24:14,19 24:22 25:1,5
se 8:7
Seattle 2:4
second 14:2
see 4:17,24 12:15 13:1,17 22:18 23:2
seeking 23:22
send 4:16 17:2,14
sense 13:14 14:7 16:2 24:15,25
separate 12:6 23:6
separately 23:4
set 6:7 14:6 16:13,17 24:3 26:16
settled 16:9 23:8
settlement 3:23,25 4:12
Shapiro 2:2,4
shed 23:23
Shepley 2:9 3:12,14
shocked 24:2
shoot 17:17
signal 9:10
simply 8:3 10:8 24:15
sinker 8:10
sitting 5:17
six 5:9,9
Sobol 2:2,2,4 3:6,6 11:2
sophisticated 17:19 17:23
sorry 15:6,7
sort 18:4 24:3,11
sought 15:25 16:3
sound 16:15
special 15:4
spent 5:8,9,10
spreads 19:14,15
ss 26:5
standard 8:15 14:19 18:6,6 21:8
standards 21:13
start 6:13
state 5:25,25 6:15 8:4 8:5,11,23 13:18 14:20 15:2,3,14 17:20 24:11 25:8
states 1:1,10,14,23 5:24 9:4 10:3,5,15 12:22 17:13 18:1,1 18:4 22:24 23:1 24:10 26:4
status 1:8 6:9 8:17
statute 6:16 19:11,20 22:23
statutes 5:11 15:13 15:14 16:21 17:20

20:19,24
stay 5:1 6:4
stayed 5:12
stenographically 26:11
steps 9:16
Steve 2:4 3:8
Street 2:6
strike 16:18
struck 5:24
stuff 17:24
submit 22:15
subsequently 9:5
sue 15:4
suggestion 22:12
Suite 2:4,6,9
summary 8:12,14 9:13,24,24 10:11,18 11:11,20 12:8,14,16 12:25 13:6 14:4 16:14,22,23 17:7 18:15,18 19:16 20:1 20:12 22:18 25:2,3 25:8
superior 24:8
suppose 25:3
Supreme 5:20
sure 7:18 10:19 11:13 11:18 14:12 19:3 20:8
surprised 6:7 7:7
sustained 5:5

**T**
T 26:2,2
tail 6:14 7:24
take 15:9
takes 20:23
talk 12:6 13:16
talked 6:21
talking 17:6 19:16
tell 6:19
ten 7:24 20:18
term 19:24,24
terms 14:20
Therese 2:9 3:12,14
thing 5:8 11:4 13:24 20:18
things 6:12

think 4:12,19 6:1,3 6:10,14 7:12,15 8:10 9:3,12,15,17 9:21,23 10:16,21 11:23 12:4,12,19,22 12:24 13:8,24 14:5 16:7,15 17:8,15,16 18:6,11,15 20:13 21:12 22:4 23:1,14 23:22 24:7,8,13,14 25:5
thinking 8:5 20:16 22:9 24:23
third-party 9:2 10:7 11:7 14:17 15:5
thirty 24:22,23,25,25 25:9
thirty-six 24:6
THOMAS 2:2
thought 6:14,17 7:9 7:20 13:3,22 20:5 24:4
three 21:12
till 13:17 15:8
time 13:22 14:13 16:8,12,19 18:9 26:11
timetable 25:10
tired 13:24
today 3:20 4:5,6 5:19 15:8 16:15 21:7
told 3:17
Tom 3:6
top 17:17
town 8:18 15:9
TPPs 15:4
track 3:22,24 4:9,12 4:18
transcript 26:9
triable 12:18
trial 6:8,14 7:17 8:13 10:9,20 12:6,22 13:21 14:6 16:13,17 16:18 17:14,14,14 20:5,14 22:16,23,24 22:25
trials 10:15 16:21 17:3 23:6 24:3,6
tried 23:21

trouble 20:9
true 6:16 26:14
truthfully 6:22
try 14:10 23:3 24:9 24:10
trying 5:10 21:2
two 4:9,12,18 9:15 19:14 21:12 25:6
Tyler 2:10
typewriting 26:14

**U**
unbelievable 13:18
unconscionability 20:23
understand 12:21 13:3
undisputed 19:13
unfair 21:18 22:10
unfairness 21:24 22:2
unfortunately 10:4
United 1:1,10,14,23 26:4
urgency 13:9,14 14:8
usually 6:2

**V**
valid 18:15
variations 16:20
various 16:21
verdict 5:5,19
versus 8:4
view 8:6
vomit 18:6,6

**W**
W 2:4,6
wait 13:17 23:2 24:15
Wallace 2:6
want 5:16,20 10:11 10:19 12:7,9 13:5,6 13:20 17:17 18:5 24:9,10
wanted 8:19,20
wants 14:4
Washington 2:4 4:6
wasn't 6:22 8:2,6 11:18 14:1 18:12,14 19:20 21:5
waste 14:6

watching 21:1
way 1:15,23 5:24 7:6 10:2,22 19:6 24:8
Webb 2:10
week 3:17,18 4:9,20
went 7:7
weren't 20:24 21:10
Wexler 2:6
we're 5:7,22 6:1,3,9 6:11 17:5 19:16
We've 22:14
whereof 26:16
Wholesale 1:4 3:3 26:13
willing 14:10
win 16:18 21:22
wind 12:17
witness 26:16
wording 7:12
words 14:15
work 22:14
worth 14:9
wouldn't 7:25 23:2
write 7:13
wrong 4:10 18:7
wrote 8:1

**Y**
year 24:20,21
years 13:12
York 2:11,11
Young 2:9 3:12,14

**0**
01-12257 3:3
01-12257-PBS 1:3 26:12
02142 2:2
02210 1:24

**1**
1 1:4,15,23 6:15 7:2,3 7:16,17,19 9:23,25 10:10,12 13:22 16:1 16:10 18:19,25 23:9 23:12,18 26:10
1000 2:9
10036-6710 2:11
111 2:8
1133 2:11

**1301** 2:4
**19** 1:15
**19106** 2:9

---
**2**
---
**2** 23:16,24
**20** 19:9
**20th** 26:17
**2003** 18:20 19:23
**2004** 9:25 19:17
**2006** 9:23 18:23 19:7
**2009** 1:16 26:17
**23(f)** 6:6
**25** 1:4 15:8 26:10
**2900** 2:4

---
**3**
---
**3** 23:16,24
**30** 8:9 9:9
**3300** 2:6

---
**4**
---
**4:10** 1:16
**4:46** 25:13

---
**5**
---
**5th** 2:4
**55** 2:2,6

---
**6**
---
**60603** 2:6
**617)345-6787** 1:24

---
**7**
---
**7200** 1:23

---
**8**
---
**8** 1:16

---
**9**
---
**93A** 6:15,22,24,24
    7:11,14,17,20,25
    8:22 9:7,17 10:12
    10:16 12:19 13:2
    17:10,19,21 20:13
    21:7
**98101-1090** 2:5