# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200 |
| THIS DOCUMENT RELATES TO:<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br>*v.*<br>*Baxter Hemoglobin Therapeutics and Baxter International Inc.* | Judge Patti B. Saris |

## ANSWER AND AFFIRMATIVE DEFENSES OF BAXTER HEMOGLOBIN THERAPEUTICS TO RELATORS' FIRST AMENDED COMPLAINT

Defendant Baxter Hemoglobin Therapeutics ("BHT"),[1] by and through attorneys for

Baxter International Inc., hereby states as an Answer and Affirmative Defenses to Relators'

June 14, 2005 Amended Complaint for Damages Under the Federal and Various State False

Claims Act ("Complaint"), as follows:

As a preliminary matter, Baxter International Inc. acquired Somatogen, Inc. in 1998

and formed BHT to continue Somatogen, Inc.'s work on a recombinant hemoglobin therapeutic.

This program for what would have been "artificial blood" was terminated unsuccessfully in

2002.  Baxter's facility in Colorado was closed down shortly thereafter.  BHT never employed

Linnette Sun or had anything to do with the allegations of the Complaint.

---

[1] This Answer is submitted solely on behalf of Defendant BHT.  Defendant Baxter International Inc. is submitting a separate Answer.  As our responses indicate, and as we have made clear to Relators previously, neither Baxter International Inc. nor Baxter Hemoglobin Therapeutics is a proper defendant in this case.  The company that employed Linnette Sun, and that would be the proper defendant, is Baxter Healthcare Corporation.

# INTRODUCTION[2]

1.  BHT admits that Relators seek to bring this action, but specifically denies that there is any basis for Relators' action or that Relators are entitled to any relief.  BHT also admits that certain government programs have reimbursed or do currently reimburse healthcare providers for certain drugs and therapies based upon published AWPs.  BHT denies the remaining allegations of Paragraph 1.

2.  BHT denies the allegations of Paragraph 2.

3.  BHT admits that "drug pricing publishing services" publish drug pricing information, but denies that these services publish any such information for BHT.  BHT lacks knowledge to admit or deny the remainder of this Paragraph.

4.  BHT denies the allegations of Paragraph 4.

5.  BHT denies the allegations of Paragraph 5.

6.  BHT lacks knowledge to admit or deny the first sentence of this Paragraph.  BHT denies the remaining allegations in Paragraph 6.

## THE PARTIES

7.  BHT lacks knowledge to admit or deny the first two sentences of Paragraph 7. BHT denies that it ever employed Linnette Sun and denies the remaining allegations in Paragraph 7.

8.  BHT lacks knowledge to admit or deny the allegations in Paragraph 8.

9.  BHT denies the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10.  BHT admits that Relators seek to bring this action, but denies the remainder of Paragraph 10 and specifically denies that there is any basis for Relators' action or that Relators

---

[2] For ease of reference, BHT has included in this Answer and Affirmative Defenses certain captions used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, those captions.

DSMDB-2778501v1

are entitled to any relief.  The final two sentences of Paragraph 10 state legal conclusions as to which no response is required.  To the extent a response is required, this portion of Paragraph 10 is denied.

11.  Paragraph 11 states a legal conclusion as to which no response is required.  To the extent a response is required, Paragraph 11 is denied.

12.  BHT admits that the U.S. Department of Health and Human Services, through the Center for Medicare and Medicaid Services (formerly the Health Care Financing Administration) is responsible for administration of the Medicare program.  BHT asserts that the best and most complete description of that program is in the statute cited in Paragraph 12 and its associated regulations.

13.  BHT admits that the U.S. Department of Health and Human Services, through the Center for Medicare and Medicaid Services (formerly the Health Care Financing Administration) is responsible for administration of the Medicaid program.  BHT asserts that the best and most complete description of that program is in the statute cited in Paragraph 13 and its associated regulations.  BHT admits that Medicaid is funded in part by the federal government and in part by the states, but BHT lacks knowledge to admit or deny the specific examples of federal share contribution cited in the final sentence of Paragraph 13.

14.  BHT admits that there is a federal program run by the U.S. Railroad Retirement Board called the Railroad Retirement Medicare program.  BHT asserts that the best and most complete description of that program is in the statute cited in Paragraph 14 and its associated regulations.

15.  BHT admits that there is a federal program run by the U.S. Department of Health and Human Services called the Indian Health Service.  BHT asserts that the best and most complete description of that program is in the statute cited in Paragraph 15 and its associated

DSMDB-2778501v1

regulations.  BHT lacks knowledge to admit or deny how many Native Americans are served by this program.

16.  BHT admits that there is a federal program run by the U.S. Office of Personnel Management called the Federal Employees Health Benefits program.  BHT asserts that the best and most complete description of that program is in the statute cited in Paragraph 16 and its associated regulations.

17.  BHT admits that there is a federal program run by the U.S. Department of Defense called the Tri-Care program (formerly CHAMPUS) that provides health services to members of the military and their dependants.  BHT asserts that the best and most complete description of that program is in the statute cited in Paragraph 17 and its associated regulations.

18.  BHT admits that the U.S. Department of Veterans Affairs purchases drugs from various drug manufacturers.  BHT denies the remaining allegations of Paragraph 18.

19.  BHT admits that  Public Law 102-585, the Veterans Health Care Act of 1992, which is codified as Section 340B of the Public Health Service Act, limits the cost of covered outpatient drugs to certain federal grantees, federally-qualified health center look-alikes and qualified disproportionate share hospitals.  BHT denies the remaining allegations of Paragraph 19.

20.  BHT lacks knowledge to admit or deny the first sentence of Paragraph 20.  The remaining portions of Paragraph 20 are denied.

21.  BHT admits the first sentence of Paragraph 21, but denies the remainder of the Paragraph.

22.  BHT admits that there is a drug pricing publication called First DataBank ("FDB"), which publishes drug pricing information through various databases.  BHT lacks knowledge to admit or deny the corporate parentage of FDB and/or the source of drug pricing

4

information for "State Medicaid programs" and "numerous other public and private programs." BHT denies the remaining allegations in this Paragraph.

23.  BHT admits that at various points in time drug pricing publications called the Red Book, the Blue Book, and MediSpan did exist, and did publish various drug prices in print or electronic form.  BHT denies the remaining allegations in this Paragraph.

24.  BHT lacks knowledge to admit or deny the allegations in Paragraph 24.  To the extent a response is required, BHT denies the allegations in this Paragraph.

25.  BHT lacks knowledge to admit or deny the allegations in Paragraph 25.  To the extent a response is required, BHT denies the allegations in this Paragraph.

26.  BHT lacks knowledge to admit or deny the allegations in Paragraph 26 concerning what "providers" and "manufacturers" do or believe.  To the extent a response is required to these allegations, they are denied.  The remaining allegations of Paragraph 26 are denied.

27.  BHT lacks knowledge to admit or deny that "[all pharmaceutical products except biologics are normally distributed through charge-back wholesalers" and/or that "manufacturers' sales of biologics to charge-back wholesalers comprise less than 1% of the wholesale market for manufacturers of these specialized products."  BHT admits that some of the companies listed in Paragraph 27 are or were at some time drug wholesalers.  The remainder of the allegations in this Paragraph are denied.

28.  BHT admits that some of the companies listed in this Paragraph are or were wholesalers.  The remainder of the allegations in this Paragraph are denied.

29.  BHT acknowledges that Marketing Research Bureau published a document entitled "The Plasma Fractions Market in the United States 2001."  That publication speaks for itself.  The remainder of the allegations in this Paragraph are denied.

DSMDB-2778501v1

## DEFENDANTS' ILLEGAL SCHEMES

BHT denies the unnumbered paragraph following this heading.

## WAC FALSIFICATION

30.  BHT denies the allegations in Paragraph 30.

31.  BHT denies the allegations in Paragraph 31.

32.  BHT denies the allegations in Paragraph 32.

33.  BHT denies the allegations in Paragraph 33.

34.  BHT denies the allegations in Paragraph 34.  BHT further states that it lacks knowledge as to the motivations or beliefs of "providers."

35.  BHT denies the allegations in Paragraph 35.

36.  BHT denies the allegations in Paragraph 36.

37.  BHT denies the allegations in Paragraph 37.

38.  BHT denies the allegations in Paragraph 38.

39.  As concerns the first sentence of this Paragraph, BHT lacks knowledge as to what Relator Greg Hamilton does or does not know.  To the extent a response to this sentence is required, BHT denies the allegations.  The remainder of the Paragraph is denied.

40.  BHT lacks knowledge as to what FDB did or did not do.  To the extent a response to this Paragraph is required, BHT denies the allegations in Paragraph 40.

41.  As concerns the first two sentences of this Paragraph, BHT lacks knowledge as to what Sun did or did not do or say.  To the extent a response to these sentences is required, BHT denies the allegations.  The remainder of this Paragraph is denied.

42.  BHT lacks knowledge as to what Sun did or did not do or say.  To the extent a response to this Paragraph is required, BHT denies the allegations in Paragraph 42.

DSMDB-2778501v1

43. As concerns the first sentence of this Paragraph, BHT lacks knowledge as to what Sun does or does not know. To the extent a response to this sentence is required, BHT denies the allegations. The remainder of the Paragraph is denied.

44. As concerns Sun's statements, BHT lacks knowledge as to what Sun did or did not do or say. To the extent a response to this portion of the sentence is required, BHT denies the allegations. The remainder of the Paragraph is denied.

45. BHT denies the allegations in Paragraph 45.

46. BHT denies the allegations in Paragraph 46.

47. BHT denies the allegations in Paragraph 47.

48. BHT lacks knowledge as to what Sun did or did not do. BHT denies the remaining allegations in Paragraph 48.

## BEST PRICE AND STARK VIOLATIONS

Judge Saris dismissed the Best Price and Stark Act-related claims from this case, and therefore the allegations in Paragraphs 49 through 61 of this Complaint are irrelevant and do not require a response. To the extent a response is deemed required, these Paragraphs are denied.

## BAXTER KNEW ITS CONDUCT WAS ILLEGAL

62. BHT denies the allegations in Paragraph 62.

63. BHT denies the allegations in Paragraph 63.

64. BHT denies the allegations in Paragraph 64.

## COUNT I

## SUBMISSION OF FEDERAL FALSE CLAIMS BY FALSIFYING PRICE INFORMATION

65. BHT repeats its responses to Paragraphs 1 through 64 as if fully set forth herein.

DSMDB-2778501v1

66. BHT admits that Linnette Sun and Greg Hamilton filed this suit on behalf of the United States Government as Relators under the False Claims Act. BHT specifically denies that the suit has any merit.

67. BHT denies the allegations in Paragraph 67.

68. BHT denies the allegations in Paragraph 68.

69. BHT denies the allegations in Paragraph 69.

70. BHT denies the allegations in Paragraph 70.

71. BHT admits that Linnette Sun and Greg Hamilton filed this suit on behalf of the United States Government as Relators under the False Claims Act. BHT specifically denies that the suit has any merit or that either Relator has any "direct and independent knowledge."

## COUNT II

## VIOLATION OF THE FALSE CLAIMS ACT THROUGH STARK ACT VIOLATIONS

Judge Saris dismissed the Stark Act-related claims from this case, and therefore the allegations in Paragraphs 72 through 83 of this Complaint are irrelevant and do not require a response. To the extent a response is deemed required, these Paragraphs are denied.

## COUNT III

## VIOLATION OF THE FALSE CLAIMS ACT THROUGH BEST PRICE VIOLATIONS

Judge Saris dismissed the Best Price related claims from this case, and therefore the allegations in Paragraphs 84 through 88 of this Complaint are irrelevant and do not require a response. To the extent a response is deemed required, these Paragraphs are denied.

## COUNT IV

## RETALIATION IN VIOLATION OF 31 U.S.C. § 3730(h)

89. BHT repeats its responses to Paragraphs 1 through 64 as if fully set forth herein.

90. BHT denies the allegations in Paragraph 90.

8

91. BHT denies the allegations in Paragraph 91.

92. BHT denies the allegations in Paragraph 92.

93. BHT denies the allegations in Paragraph 93.

## COUNT V

## RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12653

94. BHT repeats its responses to Paragraphs 1 through 64 as if fully set forth herein.

95. BHT denies the allegations in Paragraph 95.

96. BHT denies the allegations in Paragraph 96.

97. BHT denies the allegations in Paragraph 97.

98. BHT denies the allegations in Paragraph 98.

99. BHT denies the allegations in Paragraph 99.

## COUNT VI

## RETALIATION IN VIOLATION OF CALIFORNIA PUBLIC POLICY

100. BHT repeats its responses to Paragraphs 1 through 64 as if fully set forth herein.

101. BHT denies the allegations in Paragraph 101.

102. BHT denies the allegations in Paragraph 102.

103. BHT denies the allegations in Paragraph 103.

104. BHT denies the allegations in Paragraph 104.

## COUNT VII THROUGH COUNT XXI

## VIOLATION OF VARIOUS STATE FALSE CLAIMS ACTS

Judge Saris dismissed the various state False Claims Act counts from this case, and therefore the allegations in Paragraphs 105 through 252 of this Complaint are irrelevant and do not require a response. To the extent a response is deemed required, these Paragraphs are denied.

9

## COUNT XXII

## DISCRIMINATION UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

253.  BHT repeats its responses to Paragraphs 1 through 64 as if fully set forth herein.

254.  This Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, BHT denies that it is subject to California Government Code Section 12900 *et seq.*

255.  BHT lacks knowledge or information to respond to the allegations in Paragraph 255.  To the extent a response is required, the allegations are denied.

256.  This Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, BHT admits that California's Fair Employment Act prohibits discrimination, and asserts that Act and its implementing regulations are the best evidence of its contents and requirements.

257.  BHT denies the allegations in Paragraph 257.

258.  BHT denies the allegations in Paragraph 258.

259.  BHT denies the allegations in Paragraph 259.

## COUNT XXIII

## HARASSMENT UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

260.  BHT repeats its responses to Paragraphs 1 through 64 as if fully set forth herein.

261.  This Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, BHT denies that it is subject to California Government Code Section 12900 *et seq.*

262.  BHT lacks knowledge or information to respond to the allegations in Paragraph 262.  To the extent a response is required, the allegations are denied.

263.  BHT denies the allegations in Paragraph 263.

DSMDB-2778501v1

264.  BHT denies the allegations in Paragraph 264.

265.  BHT denies the allegations in Paragraph 265.

**PRAYER FOR RELIEF**

BHT denies that Relators, the United States, or the States are entitled to a judgment or any other relief as requested in the "PRAYER FOR RELIEF" Paragraphs of the Petition numbered 1 through 139.  Further, BHT notes that Count I has been dismissed as to all drugs but Advate and Recombinate, and Counts II, III, and VII-XXI have been dismissed, without prejudice, in their entireties.

**WHEREFORE**, BHT respectfully requests that all remaining counts be dismissed with prejudice as to BHT, that those counts previously dismissed without prejudice be dismissed with prejudice, and that BHT be awarded costs and any other relief the Court deems just and proper.

**BHT'S AFFIRMATIVE DEFENSES**

**<u>First Affirmative Defense</u>**

Relators fail to state a claim against BHT upon which relief may be granted.

**<u>Second Affirmative Defense</u>**

Relators' claims are barred, in whole or in part, because the United States Government and/or the States did not rely on any alleged misrepresentations or fraud by BHT. The U.S. Government and/or the States knew that providers could obtain Baxter Healthcare Corporation drugs and therapies at prices below the published AWP prior to and throughout the relevant time period stated in the Petition.

**<u>Third Affirmative Defense</u>**

To the extent another False Claims Act *qui tam* case is under seal that was filed prior to that of the Relators, Relators' claims are barred under the "first to file" doctrine.

11

### Fourth Affirmative Defense

Relators' claims against BHT are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Fifth Affirmative Defense

Relators fails to state with particularity facts to support claims of fraudulent conduct against BHT contained in the Petition.

### Sixth Affirmative Defense

Any and all actions taken by BHT with respect to any of the matters alleged in the Petition were taken in good faith and in accordance with established industry practice.

### Seventh Affirmative Defense

BHT's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by the United States.

### Eighth Affirmative Defense

Relators' claims are barred, in whole or in part, because the allegations in the Complaint have been publicly disclosed, and Relators are not original sources within the meaning of the False Claims Act.

### Ninth Affirmative Defense

Some or all of Relators' claims against BHT arise from the United States' and the States' failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

### Tenth Affirmative Defense

Relators' claims are barred, in whole or in part, because the United States and/or the States would be unjustly enriched if allowed to recover any portion of the damages alleged in the Petition.

DSMDB-2778501v1

### Eleventh Affirmative Defense

Relators' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the United States and the States have reimbursed for prescription drugs and therapies manufactured, marketed and sold by Baxter Healthcare Corporation after the filing of the Petition.

### Twelfth Affirmative Defense

Relators' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Thirteenth Affirmative Defense

Relators' claims against BHT are barred, in whole or in part, due to Relators' failure to join indispensable parties.

### Fourteenth Affirmative Defense

Relators' claims are barred, in whole or in part, because the United States and the States failed to mitigate damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to BHT.

### Fifteenth Affirmative Defense

BHT is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the United States and the States, with respect to the same alleged injuries.

### Sixteenth Affirmative Defense

Relators' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

13

### Seventeenth Affirmative Defense

Relators' claims are barred, in whole or in part, by the filed rate doctrine.

### Eighteenth Affirmative Defense

Relators' claims are barred, in whole or in part, by the state action doctrine.

### Nineteenth Affirmative Defense

To the extent the United States and/or the States have obtained or obtain recovery in any other case predicated on the same factual allegations, Relators and the United States and/or the States are barred from seeking recovery against BHT based on the Petition pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### Twentieth Affirmative Defense

Relators' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by BHT in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Twenty-First Affirmative Defense

Relators' claims are barred, in whole or in part, to the extent that the United States and/or the States have released, settled, entered into an accord and satisfaction or otherwise compromised Relators' claims.

### Twenty-Second Affirmative Defense

Relators' claims against BHT are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

### Twenty-Third Affirmative Defense

Relators' claims against BHT are barred, in whole or in part, because they violate BHT's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution,

DSMDB-2778501v1

as well as various state Constitutions, insofar as Relators seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Fourth Affirmative Defense

Relators' claims against BHT are barred because the United States Government and the States and/or their agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of pharmaceuticals.  Legal and equitable principles preclude this action for damages and injunctive relief.

### Twenty-Fifth Affirmative Defense

The claims alleged herein, based on the facts alleged, are barred in whole or in part by the United States Government and the States own negligence or gross negligence and the doctrines of comparative and/or contributory negligence.

### Twenty-Sixth Affirmative Defense

Relators' claims against BHT are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the various State Constitutions.

### Twenty-Seventh Affirmative Defense

To the extent punitive damages are sought, Relators' punitive damages claims against BHT (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Petition are legally insufficient to support a claim for punitive damages against BHT; (3) cannot be sustained because the laws regarding the standards for determining liability for, and the amount of, punitive damages fail to give BHT prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of BHT's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would

DSMDB-2778501v1

violate BHT's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### Twenty-Eighth Affirmative Defense

Relators' claims against BHT are barred because BHT has complied with all applicable regulations of the federal and state governments.

### Twenty-Ninth Affirmative Defense

Relators' claims against BHT are barred, in whole or in part, because any injuries sustained by the United States and/or the States were the result of intervening or superseding conduct of third parties.

### Thirtieth Affirmative Defense

Relators' claims against BHT are barred, in whole or in part, because BHT did not make any false statements to the United States and/or the States.  As to any statement asserted against BHT that Relators alleges to be false or misleading, BHT had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Thirty-First Affirmative Defense

Relators fails to allege facts or a cause of action sufficient to support a claim against BHT for compensatory damages, attorneys' fees, enhanced damages, treble damages and/or legal fees or costs.

### Thirty-Second Affirmative Defense

To the extent that Relator Sun asserts claims in her Complaint that were not made the subject of a timely complaint filed with the Department of Fair Employment and Housing ("DFEH") as required by Government Code Section 12965, the Court lacks jurisdiction with respect to these claims.

DSMDB-2778501v1

### Thirty-Third Affirmative Defense

To the extent that Relator Sun's FEHA claims rely on allegations of events that occurred more than one year prior to the date on which Relator Sun filed a DFEH complaint, such claims are time-barred.  Govt. Code § 12960.

### Thirty-Fourth Affirmative Defense

Defendant exercised reasonable care to prevent and correct any unlawfully discriminatory, harassing, and/or retaliatory workplace conduct allegedly experienced by Relator Sun.  Relator Sun unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Relator Sun's claims are barred or, alternatively, her relief limited.

### Thirty-Fifth Affirmative Defense

If Relator Sun suffered any damages as a result of the facts alleged in the Complaint, which Defendant denies, Relator Sun is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.

### Thirty-Sixth Affirmative Defense

This Court lacks jurisdiction over Relator Sun's claim for damages and mental and/or emotional and/or physical injuries arising out of Relator Sun's employment in that the exclusive remedy for such claims is provided by the California Workers' Compensation Act, California Labor Code Sections 3200 *et seq.*

### Thirty-Seventh Affirmative Defense

The Complaint, and each and every purported cause of action therein concerning Ms Sun's employment, is barred as against Defendant to the extent that the actions of Defendant's agents, employees, and representatives, if the actions occurred, were not actions taken within the course and scope of their employment.

DSMDB-2778501v1

### Thirty-Eighth Affirmative Defense

Relator Sun's employment claims are barred to the extent that she engaged in any fraud that induced Defendant to enter into any employment relationship with Relator Sun or engaged in any misconduct of which Defendant was unaware until after Relator Sun's employment with Baxter Healthcare Corporation terminated that would have provided independent legal cause for her termination of employment.

### Thirty-Ninth Affirmative Defense

Relator Sun's employment claims, in whole or in part, are barred by the doctrine of estoppel.

### Fortieth Affirmative Defense

Relator Sun's employment claims, in whole or in part, are barred by the doctrine of waiver.

### Forty-First Affirmative Defense

Relator Sun's employment claims, in whole or in part, are barred by the doctrine of unclean hands.

### Forty-Second Affirmative Defense

Relator Sun's employment claims are barred by the fact that any decisions made by Defendant  with respect to Relator Sun's employment were reasonably based on the facts as Defendant  understood them after conducting a good faith investigation.

### Forty-Third Affirmative Defense

Relator Sun's employment was terminable at will by either party with or without cause.  Cal. Labor Code § 2922.

### Forty-Fourth Affirmative Defense

Defendant is entitled to a set-off of any benefits Relator Sun receives or has received from workers' compensation, unemployment compensation, and from any benefit plans of

18

Defendant or others, for injuries or damages alleged in the Complaint, against any award of damages to Relator Sun in this action.

### Forty-Fifth Affirmative Defense

Any damages recovered by the Relators must be limited by any applicable statutory ceiling on recoverable damages.

### Forty-Sixth Affirmative Defense

BHT hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action, and hereby reserves its right to amend its Answer to assert such defense.

Respectfully submitted,

| Dated: April 19, 2010 | __/s/ Ruchi Jain_____<br>Merle M. DeLancey<br>Tina D. Reynolds<br>Ruchi Jain<br>*Admitted pro hac*<br>**DICKSTEIN SHAPIRO LLP**<br>1825 Eye Street NW<br>Washington, DC 20006<br>Telephone:  (202) 420-2200<br>Facsimile:   (202) 420-2201<br><br><br> _/s/ Peter E. Gelhaar_____<br>Peter E. Gelhaar (BBO #188310)<br>**DONNELLY, CONROY & GELHAAR, LLP**<br>One Beacon Street, 33rd Floor<br>Boston, MA 02108<br>Telephone: (617) 720-2880<br>Facsimile:  (617) 720-3554<br><br>Counsel for Defendant Baxter International Inc. |
| --- | --- |

DSMDB-2778501v1

## CERTIFICATE OF SERVICE

I hereby certify that I, Ruchi Jain, an attorney, caused a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF BAXTER HEMOGLOBIN THERAPEUTICS to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, on April 19, 2010, for posting and notification to all parties.

**/s/ Ruchi Jain_____**
Ruchi Jain
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone:  (202) 420-2200

DSMDB-2778501v1