# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200 |
| THIS DOCUMENT RELATES TO:<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br>*v.*<br>*Baxter Hemoglobin Therapeutics and Baxter International Inc.* | ) ) ) ) ) ) ) |
| | Judge Patti B. Saris |

## ANSWER AND AFFIRMATIVE DEFENSES OF BAXTER INTERNATIONAL INC. TO RELATORS' FIRST AMENDED COMPLAINT

Defendant Baxter International Inc. ("Baxter International"),[1] by and through its attorneys, hereby states as an Answer and Affirmative Defenses to Relators' June 14, 2005 Amended Complaint for Damages Under the Federal and Various State False Claims Act ("Complaint"), as follows:

### INTRODUCTION[2]

1.  Baxter International admits that Relators seek to bring this action, but specifically denies that there is any basis for Relators' action or that Relators are entitled to any relief. Baxter International also admits that certain government programs have reimbursed or do currently reimburse healthcare providers for certain drugs and therapies based upon published AWPs. Baxter International denies the remaining allegations of Paragraph 1.

2.  Baxter International denies the allegations of Paragraph 2.

---

[1] This Answer is submitted solely on behalf of Defendant Baxter International Inc. Defendant Baxter Hemoglobin Therapeutics is submitting a separate Answer. As our responses indicate, and as we have made clear to Relators previously, neither Baxter International Inc. nor Baxter Hemoglobin Therapeutics is a proper defendant in this case. The company that employed Linnette Sun, and that would be the proper defendant, is Baxter Healthcare Corporation.

[2] For ease of reference, Baxter International has included in this Answer and Affirmative Defenses certain captions used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, those captions.

3.  Baxter International admits that "drug pricing publishing services" publish drug pricing information, but denies that these services publish any such information for Baxter International, which does not manufacture, distribute, market, or sell any pharmaceuticals. Baxter International lacks knowledge to admit or deny the remainder of this Paragraph.

4.  Baxter International denies the allegations of Paragraph 4.

5.  Baxter International denies the allegations of Paragraph 5.

6.  Baxter International lacks knowledge to admit or deny the first sentence of this Paragraph.  Baxter International denies the remaining allegations in Paragraph 6.

### THE PARTIES

7.  Baxter International lacks knowledge to admit or deny the first two sentences of Paragraph 7.  Baxter International denies that it ever employed Linnette Sun.  Sun was employed by a subsidiary of Baxter International, Baxter Healthcare Corporation, from June 2002 through July 2003.  Baxter International admits that Sun was fired by Baxter Healthcare Corporation, but denies that this firing was for any reason related to the allegations in the Complaint.  Baxter International denies the remaining allegations in Paragraph 7.

8.  Baxter International lacks knowledge to admit or deny the allegations in Paragraph 8.

9.  Baxter International denies the allegations in Paragraph 9.

### JURISDICTION AND VENUE

10.  Baxter International admits that Relators seek to bring this action, but denies the remainder of Paragraph 10, and specifically denies that there is any basis for Relators' action or that Relators are entitled to any relief.  The final two sentences of Paragraph 10 state legal conclusions as to which no response is required.  To the extent a response is required, this portion of Paragraph 10 is denied.

2

11.   Paragraph 11 states a legal conclusion as to which no response is required.  To the extent a response is required, Paragraph 11 is denied.

12.   Baxter International admits that the U.S. Department of Health and Human Services, through the Center for Medicare and Medicaid Services (formerly the Health Care Financing Administration) is responsible for administration of the Medicare program.  Baxter International asserts that the best and most complete description of that program is in the statute cited in Paragraph 12 and its associated regulations.

13.   Baxter International admits that the U.S. Department of Health and Human Services, through the Center for Medicare and Medicaid Services (formerly the Health Care Financing Administration) is responsible for administration of the Medicaid program.  Baxter International asserts that the best and most complete description of that program is in the statute cited in Paragraph 13 and its associated regulations.  Baxter International admits that Medicaid is funded in part by the federal government and in part by the states, but Baxter International lacks knowledge to admit or deny the specific examples of federal share contributions cited in the final sentence of Paragraph 13.

14.   Baxter International admits that there is a federal program run by the U.S. Railroad Retirement Board called the Railroad Retirement Medicare program.  Baxter International asserts that the best and most complete description of that program is in the statute cited in Paragraph 14 and its associated regulations.

15.   Baxter International admits that there is a federal program run by the U.S. Department of Health and Human Services called the Indian Health Service.  Baxter International asserts that the best and most complete description of that program is in the statute cited in Paragraph 15 and its associated regulations.  Baxter International lacks knowledge to admit or deny how many Native Americans are served by this program.

DSMDB-2776867v1

16.   Baxter International admits that there is a federal program run by the U.S. Office of Personnel Management called the Federal Employees Health Benefits program.  Baxter International asserts that the best and most complete description of that program is in the statute cited in Paragraph 16 and its associated regulations.

17.   Baxter International admits that there is a federal program run by the U.S. Department of Defense called the Tri-Care program (formerly CHAMPUS) that provides health services to members of the military and their dependants.  Baxter International asserts that the best and most complete description of that program is in the statute cited in Paragraph 17 and its associated regulations.

18.   Baxter International admits that the U.S. Department of Veterans Affairs purchases drugs from various drug manufacturers.  Baxter International denies the remaining allegations of Paragraph 18.

19.   Baxter International admits that  Public Law 102-585, the Veterans Health Care Act of 1992, which is codified as Section 340B of the Public Health Service Act, limits the cost of covered outpatient drugs to certain federal grantees, federally-qualified health center look-alikes and qualified disproportionate share hospitals.  Baxter International denies the remaining allegations of Paragraph 19.

20.   Baxter International lacks knowledge to admit or deny the first sentence of Paragraph 20.  To the extent the term "Baxter" as used in Paragraph 20 refers to Baxter International, the Paragraph is denied.  Baxter International admits that its subsidiary, Baxter Healthcare Corporation, engages in the business of manufacturing, marketing, and/or selling prescription drugs and biological products, some of which have been named in Paragraph 20. The remaining portions of Paragraph 20 are denied.

DSMDB-2776867v1

21.   Baxter International admits the first sentence of Paragraph 21, but denies the remainder of the Paragraph.

22.   Baxter International admits that there is a drug pricing publication called First DataBank ("FDB"), which publishes drug pricing information through various databases.  Baxter International lacks knowledge to admit or deny the corporate parentage of FDB and/or the source of drug pricing information for "State Medicaid programs" and "numerous other public and private programs."  Baxter International denies the remaining allegations in this Paragraph.

23.   Baxter International admits that at various points in time drug pricing publications called the Red Book, the Blue Book, and MediSpan did exist, and did publish various drug prices in print or electronic form.  Baxter International denies the remaining allegations in this Paragraph.

24.   Baxter International lacks knowledge to admit or deny the allegations in Paragraph 24.  To the extent a response is required, Baxter International denies the allegations in this Paragraph.

25.   Baxter International lacks knowledge to admit or deny the allegations in Paragraph 25.  To the extent a response is required, Baxter International denies the allegations in this Paragraph.

26.   To the extent the "Baxter" in Paragraph 26 refers to Baxter International, the second sentence of Paragraph 26 is denied.  Baxter International lacks knowledge to admit or deny the remaining allegations in Paragraph 26 concerning what "providers" and "manufacturers" do or believe.  To the extent a response is required to these allegations, they are denied.

27.   Baxter International lacks knowledge to admit or deny that "[all pharmaceutical products except biologics are normally distributed through charge-back wholesalers" and/or that

5

DSMDB-2776867v1

"manufacturers' sales of biologics to charge-back wholesalers comprise less than 1% of the wholesale market for manufacturers of these specialized products." Baxter International admits that some of the companies listed in Paragraph 27 are or were at some time drug wholesalers. The remainder of the allegations in this Paragraph are denied.

28. Baxter International denies the first sentence of Paragraph 28, as it does not manufacture any drug or biologic. Baxter International admits that some of the companies listed in this Paragraph are or were wholesalers. The remainder of the allegations in this Paragraph are denied.

29. Baxter International acknowledges that Marketing Research Bureau published a document entitled "The Plasma Fractions Market in the United States 2001." That publication speaks for itself. The remainder of the allegations in this Paragraph are denied.

**DEFENDANTS' ILLEGAL SCHEMES**

Baxter International denies the unnumbered paragraph following this heading.

**WAC FALSIFICATION**

30. Baxter International denies the allegations in Paragraph 30.

31. Baxter International denies the allegations in Paragraph 31. Baxter International specifically denies that it or any of its subsidiaries acted in any way to "manipulate the reimbursement system."

32. Baxter International denies the allegations in Paragraph 32. Baxter International specifically denies that it or any of its subsidiaries engaged in "false reporting" or acted "illegally."

33. Baxter International denies the allegations in Paragraph 33.

34. Baxter International denies the allegations in Paragraph 34. Baxter International further states that it lacks knowledge as to the motivations or beliefs of "providers."

6

35.   Baxter International denies the allegations in Paragraph 35.

36.   Baxter International denies the allegations in Paragraph 36.

37.   Baxter International denies the allegations in Paragraph 37.

38.   Baxter International denies the allegations in Paragraph 38.

39.   As concerns the first sentence of this Paragraph, Baxter International lacks knowledge as to what Relator Greg Hamilton does or does not know.  To the extent a response to this sentence is required, Baxter International denies the allegations.  The remainder of the Paragraph is denied.

40.   Baxter International lacks knowledge as to what FDB did or did not do.  To the extent a response to this Paragraph is required, Baxter International denies the allegations in Paragraph 40.

41.   As concerns the first two sentences of this Paragraph, Baxter International lacks knowledge as to what Sun did or did not do or say.  To the extent a response to these sentences is required, Baxter International denies the allegations.  The remainder of this Paragraph is denied.

42.   Baxter International lacks knowledge as to what Sun did or did not do or say.  To the extent a response to this Paragraph is required, Baxter International denies the allegations in Paragraph 42.

43.   As concerns the first sentence of this Paragraph, Baxter International lacks knowledge as to what Sun does or does not know.  To the extent a response to this sentence is required, Baxter International denies the allegations.  The remainder of the Paragraph is denied.

44.   As concerns Sun's statements, Baxter International lacks knowledge as to what Sun did or did not do or say.  To the extent a response to this portion of the sentence is required, Baxter International denies the allegations.  The remainder of the Paragraph is denied.

45.   Baxter International denies the allegations in Paragraph 45.

DSMDB-2776867v1

46.   Baxter International denies the allegations in Paragraph 46.

47.   Baxter International denies the allegations in Paragraph 47.

48.   Baxter International lacks knowledge as to what Sun did or did not do.  However, Baxter International denies the allegations in Paragraph 48 and specifically denies that it or any of its subsidiaries "has engaged in similar falsification of WAC with respect to its other pharmaceutical, hematological, and biological products.

## BEST PRICE AND STARK VIOLATIONS

Judge Saris dismissed the Best Price and Stark Act-related claims from this case, and therefore the allegations in Paragraphs 49 through 61 of this Complaint are irrelevant and do not require a response.  To the extent a response is deemed required, these Paragraphs are denied.

## BAXTER KNEW ITS CONDUCT WAS ILLEGAL

62.   Baxter International denies the allegations in Paragraph 62.

63.   Baxter International denies the allegations in Paragraph 63.

64.   Baxter International denies the allegations in Paragraph 64.

## COUNT I

## SUBMISSION OF FEDERAL FALSE CLAIMS BY FALSIFYING PRICE INFORMATION

65.   Baxter International repeats its responses to Paragraphs 1 through 64 as if fully set forth herein.

66.   Baxter International admits that Linnette Sun and Greg Hamilton have filed this suit on behalf of the United States Government as Relators under the False Claims Act.  Baxter International specifically denies that the suit has any merit.

67.   Baxter International denies the allegations in Paragraph 67, and specifically denies that it, or any of its subsidiaries, "violated 31 U.S.C. § 3729(a) by conspiring, to present and by causing false claims to be present (*sic*)" or engaged in "fraudulent and illegal practices."

DSMDB-2776867v1

68.  Baxter International denies the allegations in Paragraph 68, and specifically denies that it, or any of its subsidiaries, engaged in "fraudulent and illegal practices."

69.  Baxter International denies the allegations in Paragraph 69, and specifically denies that it, or any of its subsidiaries, engaged in "fraudulent and illegal practices."

70.  Baxter International denies the allegations in Paragraph 70.

71.  Baxter International admits that Linnette Sun and Greg Hamilton have filed this suit on behalf of the United States Government as Relators under the False Claims Act.  Baxter International specifically denies that the suit has any merit or that either Relator has any "direct and independent knowledge."

## COUNT II

## VIOLATION OF THE FALSE CLAIMS ACT THROUGH STARK ACT VIOLATIONS

Judge Saris dismissed the Stark Act-related claims from this case, and therefore the allegations in Paragraphs 72 through 83 of this Complaint are irrelevant and do not require a response.  To the extent a response is deemed required, these Paragraphs are denied.

## COUNT III

## VIOLATION OF THE FALSE CLAIMS ACT THROUGH BEST PRICE VIOLATIONS

Judge Saris dismissed the Best Price related claims from this case, and therefore the allegations in Paragraphs 84 through 88 of this Complaint are irrelevant and do not require a response.  To the extent a response is deemed required, these Paragraphs are denied.

## COUNT IV

## RETALIATION IN VIOLATION OF 31 U.S.C. § 3730(h)

89.  Baxter International repeats its responses to Paragraphs 1 through 64 as if fully set forth herein.

90.  Baxter International denies the allegations in Paragraph 90.

9

91.  Baxter International denies the allegations in Paragraph 91.

92.  Baxter International denies the allegations in Paragraph 92.

93.  Baxter International denies the allegations in Paragraph 93.

## COUNT V

## RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12653

94.  Baxter International repeats its responses to Paragraphs 1 through 64 as if fully set forth herein.

95.  Baxter International denies the allegations in Paragraph 95.

96.  Baxter International denies the allegations in Paragraph 96.

97.  Baxter International denies the allegations in Paragraph 97.

98.  Baxter International denies the allegations in Paragraph 98.

99.  Baxter International denies the allegations in Paragraph 99.

## COUNT VI

## RETALIATION IN VIOLATION OF CALIFORNIA PUBLIC POLICY

100.  Baxter International repeats its responses to Paragraphs 1 through 64 as if fully set forth herein.

101.  Baxter International denies the allegations in Paragraph 101.

102.  Baxter International denies the allegations in Paragraph 102.

103.  Baxter International denies the allegations in Paragraph 103.

104.  Baxter International denies the allegations in Paragraph 104.

## COUNT VII THROUGH COUNT XXI

## VIOLATION OF VARIOUS STATE FALSE CLAIMS ACTS

Judge Saris dismissed the various state False Claims Act counts from this case, and therefore the allegations in Paragraphs 105 through 252 of this Complaint are irrelevant and do

DSMDB-2776867v1

not require a response.  To the extent a response is deemed required, these Paragraphs are denied.

## COUNT XXII

## DISCRIMINATION UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

253.  Baxter International repeats its responses to Paragraphs 1 through 64 as if fully set forth herein.

254.  This Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Baxter International denies that it is subject to California Government Code Section 12900 *et seq*.

255.  Baxter International lacks knowledge or information to respond to the allegations in Paragraph 255.  To the extent a response is required, the allegations are denied.

256.  This Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Baxter International admits that California's Fair Employment Act prohibits discrimination, and asserts that Act and its implementing regulations are the best evidence of its contents and requirements.

257.  Baxter International denies the allegations in Paragraph 257.

258.  Baxter International denies the allegations in Paragraph 258.

259.  Baxter International denies the allegations in Paragraph 259.

## COUNT XXIII

## HARASSMENT UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

260.  Baxter International repeats its responses to Paragraphs 1 through 64 as if fully set forth herein.

DSMDB-2776867v1

261.  This Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Baxter International denies that it is subject to California Government Code Section 12900 *et seq*.

262.  Baxter International lacks knowledge or information to respond to the allegations in Paragraph 262.  To the extent a response is required, the allegations are denied.

263.  Baxter International denies the allegations in Paragraph 263.

264.  Baxter International denies the allegations in Paragraph 264.

265.  Baxter International denies the allegations in Paragraph 265.

**PRAYER FOR RELIEF**

Baxter International denies that Relators, the United States, or the States are entitled to a judgment or any other relief as requested in the "PRAYER FOR RELIEF" Paragraphs of the Petition numbered 1 through 139.  Further, Baxter International notes that Count I has been dismissed as to all drugs but Advate and Recombinate, and Counts II, III, and VII-XXI have been dismissed, without prejudice, in their entireties.

**WHEREFORE**, Baxter International respectfully requests that all remaining counts be dismissed with prejudice as to Baxter International, that those counts previously dismissed without prejudice be dismissed with prejudice, and that Baxter International be awarded costs and any other relief the Court deems just and proper.

**BAXTER INTERNATIONAL'S AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Relators fail to state a claim against Baxter International upon which relief may be granted.

12

### Second Affirmative Defense

Relators' claims are barred, in whole or in part, because the United States Government and/or the States did not rely on any alleged misrepresentations or fraud by Baxter International.  The U.S. Government and/or the States knew that providers could obtain Baxter Healthcare Corporation drugs and therapies at prices below the published AWP prior to and throughout the relevant time period stated in the Petition.

### Third Affirmative Defense

To the extent another False Claims Act *qui tam* case is under seal that was filed prior to that of the Relators, Relators' claims are barred under the "first to file" doctrine.

### Fourth Affirmative Defense

Relators' claims against Baxter International are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Fifth Affirmative Defense

Relators fails to state with particularity facts to support claims of fraudulent conduct against Baxter International contained in the Petition.

### Sixth Affirmative Defense

Any and all actions taken by Baxter International with respect to any of the matters alleged in the Petition were taken in good faith and in accordance with established industry practice.

### Seventh Affirmative Defense

Baxter International's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by the United States.

DSMDB-2776867v1

## Eighth Affirmative Defense

Relators' claims are barred, in whole or in part, because the allegations in the Complaint have been publicly disclosed, and Relators are not original sources within the meaning of the False Claims Act.

## Ninth Affirmative Defense

Some or all of Relators' claims against Baxter International arise from the United States' and the States' failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

## Tenth Affirmative Defense

Relators' claims are barred, in whole or in part, because the United States and/or the States would be unjustly enriched if allowed to recover any portion of the damages alleged in the Petition.

## Eleventh Affirmative Defense

Relators' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the United States and the States have reimbursed for prescription drugs and therapies manufactured, marketed and sold by Baxter Healthcare Corporation after the filing of the Petition.

## Twelfth Affirmative Defense

Relators' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## Thirteenth Affirmative Defense

Relators' claims against Baxter International are barred, in whole or in part, due to Relators' failure to join indispensable parties.

DSMDB-2776867v1

### Fourteenth Affirmative Defense

Relators' claims are barred, in whole or in part, because the United States and the States failed to mitigate damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Baxter International.

### Fifteenth Affirmative Defense

Baxter International is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the United States and the States, with respect to the same alleged injuries.

### Sixteenth Affirmative Defense

Relators' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Seventeenth Affirmative Defense

Relators' claims are barred, in whole or in part, by the filed rate doctrine.

### Eighteenth Affirmative Defense

Relators' claims are barred, in whole or in part, by the state action doctrine.

### Nineteenth Affirmative Defense

To the extent the United States and/or the States have obtained or obtain recovery in any other case predicated on the same factual allegations, Relators and the United States and/or the States are barred from seeking recovery against Baxter International based on the Petition pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### Twentieth Affirmative Defense

Relators' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by

15

Baxter International in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Twenty-First Affirmative Defense

Relators' claims are barred, in whole or in part, to the extent that the United States and/or the States have released, settled, entered into an accord and satisfaction or otherwise compromised Relators' claims.

### Twenty-Second Affirmative Defense

Relators' claims against Baxter International are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

### Twenty-Third Affirmative Defense

Relators' claims against Baxter International are barred, in whole or in part, because they violate Baxter International's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as various state Constitutions, insofar as Relators seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Fourth Affirmative Defense

Relators' claims against Baxter International are barred because the United States Government and the States and/or their agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of pharmaceuticals.  Legal and equitable principles preclude this action for damages and injunctive relief.

### Twenty-Fifth Affirmative Defense

The claims alleged herein, based on the facts alleged, are barred in whole or in part by the United States Government and the States own negligence or gross negligence and the doctrines of comparative and/or contributory negligence.

DSMDB-2776867v1

## Twenty-Sixth Affirmative Defense

Relators' claims against Baxter International are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the various State Constitutions.

## Twenty-Seventh Affirmative Defense

To the extent punitive damages are sought, Relators' punitive damages claims against Baxter International (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Petition are legally insufficient to support a claim for punitive damages against Baxter International; (3) cannot be sustained because the laws regarding the standards for determining liability for, and the amount of, punitive damages fail to give Baxter International prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Baxter International's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Baxter International's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

## Twenty-Eighth Affirmative Defense

Relators' claims against Baxter International are barred because Baxter International has complied with all applicable regulations of the federal and state governments.

## Twenty-Ninth Affirmative Defense

Relators' claims against Baxter International are barred, in whole or in part, because any injuries sustained by the United States and/or the States were the result of intervening or superseding conduct of third parties.

DSMDB-2776867v1

### Thirtieth Affirmative Defense

Relators' claims against Baxter International are barred, in whole or in part, because Baxter International did not make any false statements to the United States and/or the States.  As to any statement asserted against Baxter International that Relators alleges to be false or misleading, Baxter International had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Thirty-First Affirmative Defense

Relators fails to allege facts or a cause of action sufficient to support a claim against Baxter International for compensatory damages, attorneys' fees, enhanced damages, treble damages and/or legal fees or costs.

### Thirty-Second Affirmative Defense

To the extent that Relator Sun asserts claims in her Complaint that were not made the subject of a timely complaint filed with the Department of Fair Employment and Housing ("DFEH") as required by Government Code Section 12965, the Court lacks jurisdiction with respect to these claims.

### Thirty-Third Affirmative Defense

To the extent that Relator Sun's FEHA claims rely on allegations of events that occurred more than one year prior to the date on which Relator Sun filed a DFEH complaint, such claims are time-barred.  Govt. Code § 12960.

### Thirty-Fourth Affirmative Defense

Defendant exercised reasonable care to prevent and correct any unlawfully discriminatory, harassing, and/or retaliatory workplace conduct allegedly experienced by Relator Sun.  Relator Sun unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Relator Sun's claims are barred or, alternatively, her relief limited.

DSMDB-2776867v1

## Thirty-Fifth Affirmative Defense

If Relator Sun suffered any damages as a result of the facts alleged in the Complaint, which Defendant denies, Relator Sun is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.

## Thirty-Sixth Affirmative Defense

This Court lacks jurisdiction over Relator Sun's claim for damages and mental and/or emotional and/or physical injuries arising out of Relator Sun's employment in that the exclusive remedy for such claims is provided by the California Workers' Compensation Act, California Labor Code Sections 3200 *et seq.*

## Thirty-Seventh Affirmative Defense

The Complaint, and each and every purported cause of action therein concerning Sun's employment, is barred as against Defendant to the extent that the actions of Defendant's agents, employees, and representatives, if the actions occurred, were not actions taken within the course and scope of their employment.

## Thirty-Eighth Affirmative Defense

Relator Sun's employment claims are barred to the extent that she engaged in any fraud that induced Defendant to enter into any employment relationship with Relator Sun or engaged in any misconduct of which Defendant was unaware until after Relator Sun's employment with Baxter Healthcare Corporation terminated that would have provided independent legal cause for her termination of employment.

## Thirty-Ninth Affirmative Defense

Relator Sun's employment claims, in whole or in part, are barred by the doctrine of estoppel.

DSMDB-2776867v1

### Fortieth Affirmative Defense

Relator Sun's employment claims, in whole or in part, are barred by the doctrine of waiver.

### Forty-First Affirmative Defense

Relator Sun's employment claims, in whole or in part, are barred by the doctrine of unclean hands.

### Forty-Second Affirmative Defense

Relator Sun's employment claims are barred by the fact that any decisions made by Defendant with respect to Relator Sun's employment were reasonably based on the facts as Defendant understood them after conducting a good faith investigation.

### Forty-Third Affirmative Defense

Relator Sun's employment was terminable at will by either party with or without cause.  Cal. Labor Code § 2922.

### Forty-Fourth Affirmative Defense

Defendant is entitled to a set-off of any benefits Relator Sun receives or has received from workers' compensation, unemployment compensation, and from any benefit plans of Defendant or others, for injuries or damages alleged in the Complaint, against any award of damages to Relator Sun in this action.

### Forty-Fifth Affirmative Defense

Any damages recovered by the Relators must be limited by any applicable statutory ceiling on recoverable damages.

### Forty-Sixth Affirmative Defense

Baxter International hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the

DSMDB-2776867v1

discovery proceedings in this action, and hereby reserves its right to amend its Answer to assert such defense.

Respectfully submitted,

Dated: April 19, 2010

   /s/ **Ruchi Jain**

Merle M. DeLancey
Tina D. Reynolds
Ruchi Jain
*Admitted pro hac*
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201


   /s/ **Peter E. Gelhaar**

Peter E. Gelhaar (BBO #188310)
**DONNELLY, CONROY & GELHAAR, LLP**
One Beacon Street, 33rd Floor
Boston, MA 02108
Telephone: (617) 720-2880
Facsimile:  (617) 720-3554

Counsel for Defendant Baxter International Inc.

DSMDB-2776867v1

## CERTIFICATE OF SERVICE

I hereby certify that I, Ruchi Jain, an attorney, caused a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF BAXTER INTERNATIONAL INC. to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, on April 19, 2010, for posting and notification to all parties.

/s/ Ruchi Jain_____
Ruchi Jain
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone:  (202) 420-2200

DSMDB-2776867v1