UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | |
| ) | MDL No. 1456 |
| ) | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS; and ) ) ) | Subcategory No. 06-11337-PBS |
| | Hon. Patti B. Saris |
| ) | |

**REPLY MEMORANDUM IN SUPPORT OF EXPEDITED MOTION TO STRIKE THE DEY DEFENDANTS' EXHIBIT AND WITNESS LISTS FOR FAILURE TO COMPLY WITH RULE 26 (a)(3)(A)**

Dey and the United States have fundamentally different views of a party's pre-trial disclosure obligations. The United States understands Rule 26 to require that a party limit its designations to evidence and witnesses it realistically intends to use at trial, while Dey apparently believes the Rule merely requires it to provide "a list that preserves [Dey's] right to use a subset of the documents." March 26, 2010 Status Conference Transcript ("3/16 Tr.") at 14:5-6. Dey listed over 7,400 exhibits, characterized all but two of its 65 live witnesses as "may call," and designated more than 12,000 deposition citations from testimony of an additional 132 witnesses – far more than could possibly be presented. In fact, Dey listed nearly eight times the number of exhibits, double the number of witnesses, and over seven times the number of deposition designations as those listed by the United States for both Dey and Roxane together. Despite this variance, and despite being directed by the Court at the March 26 status conference to cut its exhibit list to something "manageable" and "realistic," because Dey's lists would be "impossible" to respond to or submit to a jury, *see* 3/16 Tr. at 13-15, Dey refused to commit to plaintiffs that it would cut its exhibit and deposition designations to a manageable level.

Without any assurance that Dey intends to pare its lists to what Dey genuinely expects to use at trial, plaintiffs could not agree to Dey's suggestion that briefing on plaintiffs' Motion to Strike Dey's lists be postponed. Had Dey committed to a meaningful reduction of the number of witnesses and exhibits, the United States would not have insisted that Dey respond at this time. Without such assurance, however, the issue is ripe. Indeed, in its April 14 Opposition to the United States' Motion to Strike, Dey still doe not commit to cutting its exhibit and deposition designations to a realistic number.[1] Instead, Dey simply insists that the lists plaintiffs moved to strike are "inoperative," and promises to submit "new" lists which, for all Dey indicated, might consist of the same 7400 exhibits split between two lists of 3700. Even so, Dey castigates the United States for not agreeing to postpone further briefing. *Id.*

Notwithstanding the discrepancy between what Dey and plaintiffs each designated, Dey's counsel has recently indicated Dey intends to move to compel the *United States* to submit revised lists of witnesses and exhibits, ignoring that the United States already submitted lists that represent a realistic assessment of what it expects to use at trial. The United States fully intends to supplement that information with a memorandum to the Court, describing plaintiffs' view of what a Medicare-only trial would entail, versus a trial on both Medicare and Medicaid. This refinement is all that plaintiffs understand to be required of the United States under the Court's order, *see* 3/16 Tr. at 27, and all that is appropriate until such time as the Court has ruled on the pending summary judgment motions and the April 12, 2010, Motion to Bifurcate.

Because Dey will file amended lists one week from today, the United States agrees that

---

[1] Dey also failed to explain that prior to moving to strike on March 23, 2010, the United States sought assurances that Dey intended to comply with Rule 26 and trim its lists to what it actually intended to use at trial. Dey also refused to make any such commitment then.

the Court need not rule on the Motion to Strike before April 26.  In the event the lists Dey submits on that date are still unrealistically long and noncompliant with the Court's direction at the March 26 status conference, plaintiffs will promptly move to renew their motion and request an expedited ruling at that time.

                Respectfully submitted,

| | |
|---|---|
| TONY WEST<br>ASSISTANT ATTORNEY GENERAL | CARMEN M. ORTIZ<br>UNITED STATES ATTORNEY |
| Joyce R. Branda<br>Daniel R. Anderson<br>Laurie A. Oberembt<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C.  20044<br>(202) 514-3345 | By:  /s/ *George B. Henderson, II*<br>George B. Henderson, II<br>Barbara Healy Smith<br>James J. Fauci<br>Assistant U.S. Attorneys<br>United States Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3272 |
| FOR THE RELATOR,<br><br>James J. Breen<br>The Breen Law Firm, P.A.<br>5755 Northpoint Parkway, Suite 260<br>Alpharetta, GA 30022<br>Tel.  (770) 740-000<br>fax:  (954) 499-1173 | Gary Azorsky<br>Susan Schneider Thomas<br>Roslyn G. Pollack<br>Berger & Montague, P.C.<br>1622 Locust St.<br>Philadelphia, PA 19103<br>(215) 875-3090 |

### CERTIFICATE OF SERVICE

    I hereby certify that I have this day caused an electronic copy of the above document to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                /s/ *George B. Henderson, II*
                George B. Henderson, II

Dated: April 19, 2010              Assistant U.S. Attorney