# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  **PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | ) ) ) ) |
| | ) |
| **THIS DOCUMENT RELATES TO:** | ) ) ) |
| *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., et al. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS | ) ) ) ) |

**MDL No. 1456**
**Master File No. 01- 12257-PBS**
**Subcategory Case. No. 06-11337**

**Hon. Patti B. Saris**

**Magistrate Judge**
**Marianne B. Bowler**

## DEY DEFENDANTS' MEMORANDUM IN SUPPORT OF EXPEDITED MOTION TO COMPEL THE UNITED STATES TO FILE REVISED EXHIBIT AND WITNESS LISTS

### I.     INTRODUCTION

At the status conference on March 26, 2010, following the announcement of the government's settlement in principle with Roxane, the Court ordered the government and the Dey defendants--Dey, Inc., Dey Pharma, L.P. (formerly known as Dey, L.P.) and Dey L.P., Inc. (collectively, "Dey")--to make new pre-trial filings on April 26, 2010, before the next status conference in the case (now scheduled for May 3, 2010).  The filings are to address the witnesses and exhibits each party would offer in two alternative circumstances: (1) if the Court were to order the trial against Dey to proceed on the government's Medicare claims alone, and (2) if the Court were to order the trial against Dey to proceed on the government's Medicare and Medicaid claims together.[1]  In keeping with the Court's instruction, Dey plans to file on April 26: (a) a trial plan, describing its view of the scope of a Medicare only compared to a Medicare/Medicaid trial,

---

[1] On April 12, 2010, the government filed a Motion to Bifurcate its Medicare and Medicaid claims.  Dey plans to oppose that motion.  Dey's opposition is due on April 27, 2010.

and (b) revised exhibit and witness lists, listing the witnesses and exhibits it would offer at (i) a Medicare only trial and (ii) a Medicare/Medicaid trial. Despite the Court's direction, however, the government has informed Dey that it does not intend to file new exhibit and witness lists by April 26, even though the government's current lists include the exhibits and witnesses the government planned to offer against Roxane, and does not distinguish between the exhibits and witnesses the government would offer at a Medicare only and at Medicare/Medicaid trial. The government's stated intentions are inconsistent with the Court's direction at the March 26 status conference, violate Fed. R. Civ. P. 26(a)(3), and represent an effort by the government to gain a tactical advantage by playing hide and seek with the defendant (and the Court). For those reasons, Dey respectfully requests that the Court order the government to file new exhibit and witness lists by April 26.

## II.    ARGUMENT

### A.    *The Government's Position is Inconsistent with the Court's Direction at the March 26, 2010 Status Conference.*

At the March 26 status conference, the Court said to counsel:

> THE COURT: I don't know when we're going to try this. It is stayed from April 26th so that we'll use that pretrial date as a date where you're going to give me a reasonable number of documents and witnesses and two alternatives, one is just the Medicare case and just the Medicaid case and one would be a combined case.

Tr. at 15:16-21. The government apparently views the Court's direction as addressed to *Dey only*. But that is not the case. The Court also asked the government how many exhibits it had listed, *id*., and asked whether, if the trial were bifurcated, the number of exhibits and witnesses would be reduced:

> THE COURT: Would that come down dramatically in terms of the number of documents and that sort of thing?
> MR. HENDERSON: Yes, definitely.

Tr. at 16:10-12.  This exchange is inconsistent with the position the government is now

taking.  If the government's number of witnesses and exhibits "would come down

dramatically" there is simply no reason why the government should not tell Dey (and the

Court) *which* witnesses and exhibits it would intend to call against Dey at a Medicare

only trial as compared to a Medicare/Medicaid trial.

        B.      *The Government's Current Witness and Exhibit Lists are Inconsistent with Fed.*
               *R. Civ. P. 26(a)(3).*

The government filed a single witness and exhibit list covering a case against *both* Dey

and Roxane despite the fact that: (1) the government filed separate actions against Dey and

Roxane; (2) the government did not notice any discovery of Roxane in its action against Dey; (3)

the government never disclosed a single Roxane witness to Dey as required under Rule 26(a)(1);

and (4) the government did not move to consolidate its claims against Dey and Roxane for trial

until more than three years after it filed its complaint against Dey, and well after discovery

closed in both actions.[2]  Fed. R. Civ. P. 26(a)(3) does not contemplate a party filing a single

witness or exhibit list in two unconsolidated cases.  While the government's doing so was never

appropriate, it certainly has no legitimate basis now, following the Roxane settlement-in-

principle.  The government should be required to comply with R. 26(a)(3) and file exhibit and

witness lists for the case to be tried: a case against Dey only.  While the government has

informally advised defense counsel that some of the exhibits on its lists relate principally to Dey

and others relate principally to Roxane, it certainly has not complied with Rule 26.[3]

---

[2]  Given Roxane's settlement in principle, the motion to consolidate is now moot.

[3]  On March 17, 2010, counsel for the government wrote to Dey as follows: "In reply to a recent email
from Marty, I can advise that, in general, most of the Dey-specific exhibits are in the range of Trial
Exhibits 1 – 250 and 723-733 and 735-736. Most of the Roxane-specific exhibits are in the range of Trial

C.      *The Government Should Not Be Permitted to Hide Information to Obtain a Tactical Advantage.*

The government evidently intends to tell the Court on April 26 *how many* witnesses and exhibits it would offer in a Dey-only Medicare trial and in a Dey-only Medicare/Medicaid trial, but does not plan to tell either the Court or Dey *which* witnesses and *which* exhibits it would use in either circumstance.  The government can advance no legitimate justification for that position. Apart from securing an improper tactical advantage, there is no reason for the government to tell the Court and Dey how many witnesses and exhibits it would offer without providing the corresponding names and numbers.

III.    **CONCLUSION**

For the reasons stated above, Dey requests that the Court compel the government to file new Dey-only, Medicare only and Dey only, Medicare/Medicaid witness and exhibit lists by April 26, 2010.

Respectfully submitted,

FOLEY HOAG LLP

By: /s/Martin F. Murphy
Martin F. Murphy, BBO #363250
Robert E. Toone, BBO #663249
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000 (telephone)
(617) 832-7000 (facsimile)

---

Exhibits 251 – 538. This breakdown does not apply to exhibits relating to the opinions of Dr. Duggan and Simon Platt, and some other loosely-related exhibits elsewhere in our list."

B3743150.1

-and-

KELLEY DRYE & WARREN LLP
Paul F. Doyle, BBO # 133460
Sarah L. Reid (admitted *pro hac vice*)
William A. Escobar (admitted *pro hac vice*)
Neil Merkl (admitted *pro hac vice*)
Philip D. Robben (admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178
(212) 808-7800 (telephone)
(212) 808-7897 (facsimile)

*Attorneys for Defendants Dey Pharma, L.P., Dey L.P., Inc., and Dey, Inc.*

Dated:  April 19, 2010

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on April 19, 2010, a copy to LexisNexis File and Serve for posting and notification to all parties.

By:      /s/ Martin F. Murphy
          Martin F. Murphy

B3743150.1