# Exhibit 2

to
Memorandum of United States in Opposition
To Dey Defendants' Motion in Limine
To Exclude Opinions of Mark Duggan, Ph.D

Page 247

                UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF MASSACHUSETTS

    - - - - - - - - - - - - - - - -

    IN RE:  PHARMACEUTICAL        )   MDL NO. 1456

    INDUSTRY AVERAGE WHOLESALE    )   CIVIL ACTION

    PRICE LITIGATION              )   01-CV-12257-PBS

    THIS DOCUMENT RELATES TO      )

    United States of America ex   )   Judge Patti B. Saris

    rel. Ven-a-Care of the        )

    Florida Keys, Inc., et al.    )

         v.                       )

    Boehringer Ingelheim Corp.,   )   Chief Magistrate

    et al., Civil Action No.      )   Judge Marianne B.

    07-CV-10248-PBS               )   Bowler

    - - - - - - - - - - - - - - - -


                        CONFIDENTIAL

       Videotaped deposition of MARK G. DUGGAN, PH.D.

                         Volume II

                      Washington, D.C.

                   Friday, March 6, 2009

                         9:30 a.m.

1b253d9c-e088-43e7-bac5-7c2e8bab1b46

Page 253

1    oath today?
2         A.    I do understand that.
3         Q.    I have a few follow-up questions from
4    yesterday that I want to come back to.  Your
5    alternative AWP price that you calculated, you
6    replaced with 125 percent or used a 25 percent
7    markup.  Can you explain how you came up with that
8    25 percent?
9         A.    I introduced this margin between actual
10   average prices and the prices that I used, this 25
11   percent margin, with an eye toward the -- one of
12   the factors that I considered in using 125 as
13   opposed to a different -- 100 percent or 150
14   percent or what have you -- was that if you look
15   over the time period of interest in this case, a
16   number of state Medicaid programs and the federal
17   Medicare program later employed adjudication
18   methodologies that used AWP minus a certain
19   amount.
20              At some level the most natural price at
21   first blush without sort of drilling down and
22   thinking about the complexities, would be the

Duggan, Ph.D., Mark G. - Vol. II    CONFIDENTIAL                          March 6, 2009
                              Washington, DC

Page 254

1  actual average price.  That's actually the first
2  price that I use in -- I think California is the
3  first state where I go through several alternative
4  calculations.  However, I -- and that is, in my
5  judgment, not an entirely unreasonable thing to
6  do.
7           However, in the interests of being
8  conservative, recognizing that many states employ
9  formulas that reimburse AWP minus 5 percent, AWP
10 minus 10 percent, and so forth, this 25 percent
11 cushion, this 25 percent markup over the actual
12 average price had resulted in the ingredient cost
13 being in virtually every case -- the ingredient
14 cost reimbursement in virtually every case greater
15 than the actual average price.  So that was sort
16 of one of the factors that I considered.
17          I didn't -- my goal in the analysis was
18 to determine to what extent Medicare and Medicaid
19 would have paid less if prices that were more
20 reflective of actual transaction prices had been
21 used as the AWPs and the WACs.
22          Q.   Where did the actual 25 percent come