UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Civil Action No. 01-12257-PBS |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS | ) ) ) ) ) | Subcategory No. 06-11337-PBS  Hon. Patti B. Saris |

**OPPOSITION TO DEY DEFENDANTS' EXPEDITED MOTION TO COMPEL THE UNITED STATES TO FILE REVISED EXHIBIT AND WITNESS LISTS**

Without having seen the memorandum the United States intends to file this Monday in response to the Court's direction at the March 26, 2010, status conference, Dey already has decided the filing will be deficient, and so launched a pre-emptive strike, accusing the United States of "playing hide and seek" and essentially asking the Court to order the United States to supplement a filing it has not yet made. Dey has confused the Court's direction to Dey itself concerning Dey's overlong exhibit and witness designations, *see* Transcript of 3/26/2010 Status Conference ("3/26 Tr.") at 13-15, with the Court's direction to the parties to file memoranda describing their view of what a Medicare-only trial would include, in terms of numbers of witnesses and exhibits, versus a combined trial. *See* 3/16 Tr. at 27.

The two issues are distinct because, as opposed to Dey's kitchen-sink approach, the United States actually complied with Rule 26 the first time around and limited its designations to evidence and witnesses it realistically intends to use at trial. Moreover, plaintiffs organized their exhibit list to group related exhibits (such as Dey's internal documents) together. By contrast, Dey listed over 7,400 exhibits without any apparent organization beyond the date of the

documents, and provided over seven times the number of deposition designations listed by plaintiffs. Thus, when counsel raised the issue at the status conference, the Court clearly indicated to Dey its lists must be shorter. *See* 3/26 Tr. At 13:9-19 ("I need you to cut it down to a realistic list.").

In addition, even assuming both parties' lists were "realistic" and manageable, the Court also sought an indication of what "a Medicare versus Medicare and Medicaid trial" would entail. 3/26 Tr. at 27. The United States will comply with the Court's direction and file a memorandum on April 26 that will enable the Court and Dey to discern the difference in scope of a bifurcated trial. This is what plaintiffs understand the Court to have asked the United States to do.

Because Dey's motion to compel is, at best, premature, the Court should deny it.

                                      Respectfully submitted,

| | |
|---|---|
| TONY WEST<br>ASSISTANT ATTORNEY GENERAL | CARMEN M. ORTIZ<br>UNITED STATES ATTORNEY |
| /s/ Laurie A. Oberembt<br>Joyce R. Branda<br>Daniel R. Anderson<br>Laurie A. Oberembt<br>Civil Division<br>Commercial Litigation Branch<br>P. O. Box 261<br>Ben Franklin Station<br>Washington, D.C.  20044<br>(202) 514-3345 | By:  /s/ *Barbara Healy Smith*<br>George B. Henderson, II<br>Barbara Healy Smith<br>James J. Fauci<br>Assistant U.S. Attorneys<br>United States Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3272 |
| FOR THE RELATOR,<br><br>James J. Breen<br>The Breen Law Firm, P.A.<br>5755 Northpoint Parkway, Suite 260<br>Alpharetta, GA 30022<br>Tel.  (770) 740-000<br>fax:  (954) 499-1173 | Gary Azorsky<br>Susan Schneider Thomas<br>Roslyn G. Pollack<br>Berger & Montague, P.C.<br>1622 Locust St.<br>Philadelphia, PA 19103<br>(215) 875-3090 |

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day caused an electronic copy of the above document to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                /s/ *George B. Henderson, II*
                                                George B. Henderson, II
Dated: April 22, 2010                  Assistant U.S. Attorney