IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 1456<br><br>C.A. No. 01-12257-PBS<br><br>Judge Patti B. Saris |

**OPPOSITION TO CLASS COUNSEL'S
MOTION FOR SANCTIONS AGAINST DON HAVILAND**

Donald E. Haviland, Jr., hereby respectfully opposes to Class Counsel's Motion for Sanctions as follows:

1.   Admitted. Further, the referenced pleading was filed on behalf of plaintiffs Larry Young, executor of the Estate of Patricia Young, and Ken Wright, co-executor of the Estate of Therese Shepley ("Withdrawing Plaintiffs") by their undersigned individual counsel.

2.   Admitted in part, denied in part. It is admitted only that the Withdrawing Plaintiffs agreed to be added as named representative plaintiffs in 2005 when Class Counsel asked the undersigned to inquire of his clients, these individuals, if they would agree to serve, because Class Counsel had no such clients of their own. It is admitted further that Withdrawing Plaintiffs authorized the undersigned to file a Notice of Appeal on their behalf when this Court erroneously dismissed their claims and Class Counsel failed to take a timely appeal. *See In re Pharmaceutical Industry Average Wholesale Price Litig.*, 582 F.3d 231 (1st Cir. 2009)(vacating and remanding dismissal order). Otherwise, denied. It is specifically denied that Withdrawing Plaintiffs "have always indicated their intention to litigate the case against J&J to the end." To the contrary, when it became clear that Class Counsel were not acting in their best interests, or the best interests of the

Class, by refusing to take a meritorious appeal from this Court's dismissal with prejudice of their claims, Withdrawing Plaintiffs no longer wished to be represented by Class Counsel and made such position clear to Class Counsel.

3. Admitted in part, denied in part. It is admitted that the undersigned has represented to Class Counsel that Withdrawing Plaintiffs no longer wished to be represented by Class Counsel, due in part to Class Counsel's failure to act appropriately to protect their interests in the litigation by taking the meritorious appeal from this Court's dismissal of their claims. Otherwise, denied.

4. Admitted in part, denied in part. It is admitted only that this Court should permit Withdrawing Plaintiffs to dismiss their individual case, since neither Class Counsel nor Defendants have opposed this request. Otherwise, denied. It is expressly denied that the withdrawal of Withdrawing Plaintiffs was "deliberately accomplished" by the undersigned, or that the proceedings in this case will be "multiplied ... unreasonably and vexatiously" as result of the clients' desire to dismiss their individual claims and not be represented by Class Counsel. It is noteworthy that Class Counsel abandoned these clients in 2007 after this Court dismissed their claims and after Class Counsel settled the Track 2 class claims. It was only by the individual act of Withdrawing Plaintiffs in filing a Notice of Appeal in December 2007 that claims even exist today against Johnson & Johnson. *See id.* at 234-235.[1] Further, Class Counsel abandoned Withdrawing Plaintiffs as representative plaintiffs of the Track 2 nationwide class of Class 1 Medicare beneficiaries, choosing instead to proffer Ms. Murial Tonacchio in their stead.

---

[1] "The Class 1 plaintiffs' responses to these efforts [by J&J to dismiss Withdrawing Plaintiffs' claims] appear to have taken two different positions. In one response, filed by Attorney Donald Haviland, Jr. on behalf of the "Class 1 and Class 3 Consumers," the Class 1 plaintiffs argued that the entry of judgment against them would "unfairly and inappropriately limit" their right "to adjudicate their claims fully." A separate, later filing by the other attorneys representing the plaintiffs, including Mr. Berman, stated that the "[p]laintiffs ... neither consent to, nor oppose" the requested relief...."

WHEREFORE, Mr. Haviland respectfully requests that this Court deny Class Counsel's Motion for Sanctions for the above reasons, and based upon the evidence that will be elicited at the evidentiary hearing on this matter scheduled for June.

                                        Respectfully submitted.

Dated: May 7, 2010                        By: /s/ Donald E. Haviland, Jr.
                                              Donald E. Haviland, Jr., Esquire
                                              **HAVILAND HUGHES, LLC**
                                              111 S. Independence Mall East
                                              The Bourse, Suite 1000
                                              Philadelphia, PA 19106
                                              Telephone: (215) 609-4661
                                              Facsimile:  (215) 392-4400

                                              Counsel for Larry Young and Ken Wright,
                                              co-executor of the estate of Therese Shepley

**CERTIFICATE OF SERVICE**

I, Donald E. Haviland, Jr., Esquire, hereby certify that on, May 7, 2010, I filed the Opposition to Class Counsel's Motion for Sanctions Against Don Haviland with the Clerk of this Court and used the CM/ECF system to send notification of such filing to all registered person(s).

/s/ Donald E. Haviland, Jr.