# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Subcategory Case No. 03-10643-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. 03-CV-229)<br>*County of Westchester v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00425)<br>*County of Warren v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00468)<br>*County of Greene v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00474)<br>*County of Saratoga v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00478) |  |

[Caption Continues on Next Page]

## MAY 2010 STATUS REPORT ON BEHALF OF DEFENDANTS

24623659_3.DOC

| | |
|---|---|
| *County of Columbia v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00867) | ) |
| *Essex County v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00878) | ) |
| *County of Chenango v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00354) | ) |
| *County of Broome v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00456) | ) |
| *County of Onondaga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00088) | ) |
| *County of Tompkins v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00397) | ) |
| *County of Cayuga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00423) | ) |
| *County of Madison v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00714) | ) |
| *County of Cortland v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs. et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |

| | |
|---|---|
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| | ) |

Defendants Merck & Co., Inc. (formerly known as Schering-Plough Corporation), Schering Corporation, and Warrick Pharmaceuticals Corporation, on behalf of all defendants in these consolidated cases, hereby submit their Status Report for May 2010.

Respectfully submitted,

Merck & Co., Inc. (formerly known as Schering-Plough Corporation), Schering Corporation, and Warrick Pharmaceuticals Corporation, on behalf of all defendants

/s/ John P. Bueker
John T. Montgomery (BBO #352220)
John P. Bueker (BBO #636435)
Kim B. Nemirow (BBO #663258)
Russell Patrick Plato (BBO #671087)

ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: May 7, 2010

-4-

## **CERTIFICATE OF SERVICE**

I, Russell Patrick Plato, certify that a true and correct copy of the foregoing May 2010 Status Report on Behalf of Defendants was served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2 on May 7, 2010.

/s/ Russell Patrick Plato
Russell Patrick Plato

## MAY 2010 STATUS REPORT ON BEHALF OF DEFENDANTS

I.  **Fact Discovery**

Pursuant to the Case Management Order entered by this Court on April 29, 2009, the fact discovery deadline in these actions was April 1, 2010.  Nonetheless, as described below, by agreement of the parties, a limited amount of fact discovery still remains to be completed.

The most significant fact discovery remaining to be completed is of the New York Department of Health ("DOH"), which administers New York's Medicaid program.  On March 25, 2010, at 5 p.m. ET, Gregor Macmillan, counsel for DOH, notified counsel for defendants that the deposition of Joseph Maiello, which was to have been taken on March 26, 2010, would have to be adjourned because "materials responsive to defendants' discovery requests were never collected from Joseph Maiello's files" and "Mr. Maiello is in possession of responsive materials."  Defendants agreed to adjourn the deposition pending DOH's further review of Mr. Maiello's files.  Defendants further requested that DOH confirm that no other responsive materials had been missed during DOH's initial document collection and production.

One week later, on April 1, 2010, Mr. Macmillan informed defendants that DOH would "be making a supplemental production of materials responsive to defendants' subpoena" because DOH had learned that "the initial collection of responsive materials was not as expansive as it should have been."  Mr. Macmillan estimated that this supplemental production would be completed in one month, and he requested that all pending depositions of former and current DOH employees be postponed until DOH completed its supplemental production.  Counsel for plaintiffs agreed that any previously noticed DOH depositions could take place after April 1, 2010, notwithstanding the fact discovery deadline, and, accordingly, counsel for defendants agreed to postpone the pending depositions.

Mr. Macmillan, counsel for defendants, and counsel for plaintiffs conferred regarding DOH's supplemental production on May 4, 2010. Mr. Macmillan stated that DOH was in the process of collecting and reviewing the electronic and hardcopy files of at least 40 individuals involved in the New York Medicaid and EPIC programs. DOH had not previously collected and reviewed documents from the vast majority of these 40-plus individuals. Mr. Macmillan further confirmed that this supplemental production involved the files of more individuals than the individuals involved in DOH's prior production. Unfortunately, Mr. Macmillan was unable to provide a definite timetable for completing DOH's supplemental production, but stated that it would "start in May" and continue on a rolling basis.

In an effort to accelerate the production schedule, counsel for defendants inquired as to whether DOH might be amenable to entering into an agreement with defendants whereby DOH would produce documents before completing its privilege review, reserving the right to "clawback" any documents that DOH later claimed are privileged without thereby waiving any claim of privilege, similar to the privilege clawback agreement adopted by the court in the Illinois AWP case. The proposed agreement would allow DOH to retract any documents it later determined to be privileged, without prejudice to the right of defendants to contest any claim of privilege. Mr. Macmillan agreed to discuss the proposal with others at DOH. Defendants also inquired as to whether plaintiffs' counsel is assisting DOH with its collection and review. Plaintiffs' counsel is not currently assisting, but offered their assistance in the event DOH would find it useful.

Once DOH's production is completed and defendants have had the opportunity to review the additional documents produced, defendants need to complete the depositions of the current and former DOH employees whose depositions were noticed before the fact discovery deadline

but were, by agreement of the parties, postponed pending DOH's supplemental production. DOH had previously agreed to produce eight witnesses: Joseph Maiello, Marilyn Desmond, Anthony Merola, Linda Jones, Edward Hart, Mary Alice Brankman, Kathryn Kuhmerker, and Karen Fuller. Defendants had also noticed the depositions of three additional DOH employees (Alan Ball, Ronald Bass, and Anita Murray); DOH and defendants had previously agreed to postpone those depositions until after defendants had conducted the other noticed depositions. Finally, defendants had served a Rule 30(b)(6) deposition notice on DOH. DOH had designated some of the above-listed DOH personnel on many of the requested topics, and defendants had reserved the right to request additional depositions from DOH if the designated witnesses did not have sufficient knowledge on those topics.[1]

Some other fact discovery remains outstanding. In particular, in light of the Court's partial summary judgment ruling on a narrow set of drugs subject to Federal Upper Limits or FULs, defendants sought additional document and deposition discovery from the Centers for Medicare & Medicaid Services ("CMS"). Defendants and CMS are currently negotiating the parameters of CMS's document production and have agreed to defer the noticed deposition pending defendants' receipt and review of CMS's production. In addition, the New York Department of Budget ("DOB"), which has extensive involvement in setting Medicaid reimbursement rates, has not yet completed its document production or produced Pieter Barnett and/or a Rule 30(b)(6) witness for a deposition. Similarly, the New York State Office of the State Comptroller ("OSC") has only recently completed its document production, and defendants are in the process of scheduling a Rule 30(b)(6) deposition, as well as the deposition of OCS employee Paul Alois. Computer Sciences Corporation ("CSC"), the State's fiscal agent, has

---

[1] In addition to the subpoena defendants jointly served on DOH, two defendants, Mylan and Sandoz, served DOH with separate subpoenas before the discovery cut-off.

also yet to complete its document production.  Finally, as of the date of this Report, Rule 30(b)(6) depositions of plaintiffs Niagara County, Chemung County, and Wyoming County have not yet been conducted.  The parties have agreed that these three depositions can be conducted outside the discovery period.  The Niagara County deposition is scheduled to take place on May 13, 2010.  The defendants are awaiting dates from plaintiffs' counsel for Chemung County and Wyoming County.  Defendants expect that these depositions will be completed in May.

The delay in this critical fact discovery will affect the expert discovery process for both plaintiffs and defendants.  As a result, plaintiffs and defendants are in discussions about filing a joint motion to modify the expert discovery schedule.  At the very least, defendants anticipate making such a motion in the near-term.

## II. Pending Motions

Several discovery motions remain pending before the Court:

### A. Plaintiffs' Motion to Compel Discovery from Merck

Plaintiffs moved to compel discovery from Merck Sharp & Dohme Corp. (formerly known as Merck & Co., Inc.) ("Merck") on September 4, 2009.  [Dkt. No. 158]  Merck filed its opposition on October 5, 2009.  [Dkt. No. 168]  Plaintiffs moved for leave to file a reply memorandum on October 23, 2009.  [Dkt. No. 175]  Plaintiffs' motions remain pending.

### B. Defendants' Motion to Compel Discovery from DOH

Defendants moved to compel the production of documents previously withheld on the basis of an asserted deliberative process privilege on December 23, 2009.  [Dkt. No. 191]  DOH, through the New York Office of the Attorney General, filed its opposition on January 20, 2010.  [Dkt. No. 197]  Defendants moved for an expedited hearing on the motion on February 9, 2010.  [Dkt. No. 203]  Defendants' motions remain pending.

### C. Schering's Motion for Protective Order

On March 12, 2010, defendants Merck & Co., Inc., Schering Corporation, and Warrick Pharmaceuticals Corporation (collectively, "Schering") moved for a protective order in response to deposition notices served by plaintiffs. [Dkt. Nos. 213, 214] Plaintiffs filed their opposition on March 26, 2010. [Dkt. 217] Schering's motion remains pending.