UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO ALL ACTIONS ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Hon. Patti B. Saris |

**THE PARTIES' JOINT MOTION FOR CASE
MANAGEMENT ORDER NO. 33**

The Class 1 Plaintiffs and the J&J Defendants jointly move for entry of a Case Management Order governing the process and timetable for the existing Class 1 representatives to move to dismiss their individual claims against the J&J Defendants, and, if dismissal is allowed, for Class Counsel to move to add replacement Class 1 representatives, if any. By way of background, the parties state as follows:

1.  On March 26, 2010, Donald E. Haviland, Jr., filed a Notice of Dismissal on behalf of plaintiffs Larry Young, on behalf of the Estate of Patricia Young, and Therese Shepley, on behalf of the Estate of James Shepley ("the Withdrawing Plaintiffs"). [Docket No. 7013] The Notice of Dismissal purported to voluntarily dismiss the Withdrawing Plaintiffs' individual claims against the J&J Defendants based on Rule 41(a) of the Federal Rules of Civil Procedure. On the same day, Mr. Haviland filed a Suggestion of Death on the Record indicating that Therese Shepley died on October 2, 2009. [Docket No. 7012]

2.  Because the J&J Defendants had already answered and moved for summary judgment, the Withdrawing Plaintiffs' Notice of Dismissal was ineffective. Dismissal in such circumstances is allowed only by court order. *See* Fed. R. Civ. Pro. 41(a)(1) and

(2) (dismissal of claims requires court order after the opposing party answers or moves for summary judgment), *see also* Fed. R. Civ. Pro. 23(e) (dismissal of claims by class claimants requires court approval).

3. On April 16, 2010, Class Counsel and the J&J Defendants each filed "Position Statements" indicating, generally, that they do not oppose dismissal of the Withdrawing Plaintiffs' claims against the J&J Defendants. [Docket Nos. 7056 and 7058]

4. To date, Mr. Haviland has not filed a motion for a court order dismissing the Withdrawing Plaintiffs' claims against the J&J Defendants.

5. To date, Class Counsel have not filed a motion for a court order adding new class representative(s) to serve as representative Class 1 plaintiff(s) in place of the Withdrawing Plaintiffs. Class Counsel have acknowledged, however, that if suitable Class 1 representative(s) do not come forward, Class 1's claims against the J&J Defendants must be dismissed. *See Class Counsel's Memorandum in Support of Their Motion for Sanction Against Don Haviland* [Docket No. 7060] at 7 ("If Class Counsel cannot locate another class representative, the claims of this entire Class, whose claims have been tolled, will have to be dismissed.") (footnote omitted).

6. Class Counsel have moved for sanctions against Mr. Haviland pursuant to 28 U.S.C. § 1927. [Docket No. 7059]  The sanctions motion is returnable on June 21, 2010 at 4:00 p.m.  *See* Minute Order dated April 30, 2010.

**<u>The Court Should Enter a Case Management Order</u>**

The Court should enter a Case Management Order governing the process and timetable for the Withdrawing Plaintiffs to move to dismiss their individual claims against the J&J Defendants, and, if dismissal is allowed, for Class Counsel to move to add replacement

Class 1 representatives, if any. Entry of such an order will help to ensure the orderly progress of this matter and clarify the rights of the parties.

The parties respectfully suggest that the Court set a schedule as follows:

1. On or before **May 21, 2010**, the Withdrawing Plaintiffs are required to file a motion, whether assented to or not, seeking court approval to voluntarily dismiss their claims against the J&J Defendants.

2. On or before **June 9, 2010**, Class Counsel are required to file a motion to add any proposed new Class 1 representative(s) to replace the Withdrawing Plaintiffs, or alternatively, to advise the Court that they do not intend to seek court approval to add new Class 1 representative(s).

The parties suggest that setting a schedule for completion of the foregoing tasks will promote the orderly progress of the litigation. The parties further suggest that the Court may find it helpful to know, in advance of the June 21st return date of the sanctions motion against Mr. Haviland, whether any new Class 1 representatives have come forward.

Dated: May 11, 2010

/s/ Andrew D. Schau
Andrew D. Schau
Adeel A. Mangi
Elizabeth Shofner
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036-6710
(212) 336-2000

*Attorneys for the J&J Defendants*

| | |
|---|---|
| Dated: May 11, 2010 | /s/ Steve W. Berman |

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#467636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge, MA  02142
(617) 482-3700

Steven W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K St. NW, Suite 300
Washington, D.C.  20006
(202) 355-6435

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
(312) 346-2222

Jeffrey L. Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 496-0300

Marc H. Edelson
Hoffman & Edelson, LLC
45 West Court Street
Doylestown, PA  18901
(215) 230-8043

*Attorneys for Class Plaintiffs*

**CERTIFICATE OF SERVICE**

      I certify that on May 11 2010 a true and correct copy of the foregoing was delivered via electronic service to all counsel of record pursuant to Case Management Order No. 2.

      /s/ Andrew D. Schau
      Andrew D. Schau