# EXHIBIT 2

Case 1:01-cv-12257-PBS  Document 7132-2  Filed 06/10/10  Page 2 of 6

MAY 14 2005

MAY 09 2005

NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE COMMITTEE
ON OPINIONS

### SUPERIOR COURT OF NEW JERSEY
### LAW DIVISION
### CAPE MAY COUNTY

TO:           Lewis B. April, Esquire
COOPER PERSKIE APRIL
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ 08401-4891

Anne M. Patterson, Esquire
RIKER DANZIG
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981

Marshall D. Bilder, Esquire
STERNS WEINROTH
50 West State Street, Suite 1400
P.O. Box 1298
Trenton, NJ 08607-1298

Gerald J. Corcoran, Esquire
YOUNGBLOOD CORCORAN
3205 Fire Road
P.O. Box 850
Pleasantville, NJ 08232

CASE:          Bernard Walker v TAP Pharmaceutical Products, Inc., et al
DOCKET NO:   CPM L 682-01

NATURE OF
APPLICATION:  Plaintiff's Motions to Preclude Government and Insurer
Knowledge  - Motion # 28 and 29

## MEMORANDUM OF DECISION ON MOTION
## PURSUANT TO RULE 1:6-2(f)

I have carefully reviewed the moving papers and any response filed, and after oral argument rule on the above motions as follows:

Before the court are Plaintiff's Motions *In Limine* to Preclude Defendants from Presenting Evidence or Testimony at Trial Respecting alleged Insurer Knowledge and Government Knowledge about the AWP.

At trial, defendants will proffer evidence regarding insurer and government knowledge pertaining to the AWP of Lupron® in an attempt to defeat plaintiff's claims founded on Common Law Fraud and the Consumer Fraud Act. In opposition to plaintiff's motion, defendants contend that such evidence is relevant to a number of issues including, (1) fraudulent intent; (2) misrepresentation; (3) reliance; (4) unconscionable commercial practice; and (5) intervening cause. Further, defendants contend that evidence regarding insurer and government knowledge can be imputed to plaintiff, thereby totally defeating plaintiff's claim of fraud. These arguments are without merit and rejected.

Defendants have failed to identify and articulate how "general knowledge" held by various insurance companies and the government that relates to their awareness of the inflated Lupron® AWP is relevant to plaintiff's Complaint. The basic fact that

certain insurance companies and government agencies were aware that Lupron® could have been purchased at a price lower than the AWP does not at all address the fact of whether the AWP was in fact artificially inflated, the means by which the AWP may have been artificially inflated and the use of the inflated AWP in sales of Lupron®.

Defendants offer a variety of reasons for admissibility of various records. I will assume for purposes of these two motions that Defendants are correct, that is, that each of the documents for one reason or another are admissible. The question is, What have Defendants established by such evidence? As Defendants have said repeatedly, the following would be proven:

1) The insurance companies and the government knew the AWP was higher than the acquisition costs.
2) AWP was the basis for reimbursement.
3) Physicians were billing and being reimbursed at AWP or some formula based on AWP.
4) That the insurance companies and the government knew that the AWP was fictional.
5) Physicians were making a profit because of the difference between acquisition cost and AWP.

Defendants claim that this evidence negates certain elements of Plaintiff's claim, namely, Unconscionable Commercial Practices, Intent, Reliance and support certain defenses such as Justification, Customary Business Practices, Statute of Limitations, Intervening Cause and Concealment. Further, all of these issues raised as affirmative defenses, may in fact go to a systemic problem in the Medicare reimbursement policy.

3

The argument urges an inference, that since the difference between AWP and acquisition costs were known, readily apparent and were allowed to continue, that the "Return to Practice" was accepted and authorized by the government and the insurers.

Notably, I have not seen any record, and Defendants have not cited any, that acknowledge and/or approve the alleged "Return to Practice" used in the sale of this drug. If there are any, Defendants are free to point that out in the course of the trial.

Plaintiff's motions are granted.

May 9, 2005

Joseph C. Visalli, J.S.C.

4

MAY-13-2005 12:26    Cooper Levenson Cape May              609 465 1441      P.07/07

·MAY 1 4 2005

Lewis B. April, Esquire
COOPER, LEVENSON, APRIL,
    NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
Atlantic City, NJ 08401
609·572·7338 telephone
609·572·0939 facsimile

Shanin Specter, Esquire
Donald E. Haviland, Jr., Esquire
Louis C. Ricciardi, Esquire
KLINE & SPECTER
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
856·662·1180 telephone
856·662·1184 facsimile

CO-LEAD COUNSEL FOR
PLAINTIFF AND THE CLASS

| | |
|---|---|
| BERNARD WALKER, individually, and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TAP PHARMACEUTICAL PRODUCTS, INC., ABBOTT LABORATORIES AND TAKEDA CHEMICAL INDUSTRIES, LTD. <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION CAPE MAY COUNTY <br><br> CIVIL ACTION NO.: CPM-L-682-01 <br><br> JURY TRIAL DEMANDED <br><br> ORDER *on motion* 28 + 29 |

AND NOW, THIS ___9th___ DAY OF ___May___, 2005 upon consideration

of Plaintiff's Motion *in Limine* to Preclude Defendants from Presenting Evidence Or Testimony At

Trial Respecting Alleged Insurer Knowledge and Defendants' responses thereto, and having heard

argument thereon, the Court hereby ORDERS that Defendants are precluded from introducing any

such evidence or testimony at trial.

IT IS FURTHER ORDERED that a copy of this Order be served on all parties within

___7___ days from the date hereof.

___✓___ Plaintiff's Motion was opposed.

_____ Plaintiff's Motion was unopposed.

HON. JOSEPH C. VISALLI, J.S.C.