**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | Master Civil No. 01-cv-12257<br><br>MDL No. 1456 |
| THIS DOCUMENT RELATES TO<br><br>J&J CLASS 1 | Judge Patti B. Saris<br><br>**LEAVE TO FILE GRANTED 6/14/10** |

**CLASS COUNSEL'S REPLY BRIEF IN SUPPORT OF THEIR**
**MOTION FOR SANCTIONS AGAINST DON HAVILAND**

In their Opening Motion, Class Counsel made clear that, though the Withdrawing Plaintiffs represented to the Court that they would pursue the case against J&J to its end, in order to avoid having to appear before the Court in which he has been removed as Class Counsel, and to punish Class Counsel whom he believes to be responsible for his removal, Mr. Haviland withdrew these plaintiffs' claims three days before oral argument on J&J's post-remand motions for summary judgment.  In response [Dkt. No. 7100], Mr. Haviland claims that his clients *never intended* to pursue this case to its end (*id.* ¶ 2), and that the Withdrawing Plaintiffs have intended to withdraw ever since Class Counsel did not file a separate Notice of Appeal of this Court's dismissal of Class 1's claims against J&J.  *Id.* [1]  (Mr. Haviland also claims that the Withdrawing Plaintiffs are angry because, with regard to the Track 2 settlement, Class Counsel allegedly "replaced" them another class representative.  *Id.*)  These petty retorts are further support for Class Counsel's Motion.

---

[1] Mr. Haviland states that Class Counsel "refused" to take this appeal, but does not and never has offered any evidence that Class Counsel so refused.  Indeed, such a position would be absurd given that Class Counsel assumed the prosecution of the appeal after Mr. Haviland was disqualified and succeeded in having this Court's entry of judgment overturned.

If this Court is to take Mr. Haviland at his word, the Withdrawing Plaintiffs have wanted to withdraw since Class Counsel replaced Mr. Haviland in the appeal of this Court's entry of judgment against Class 1 and in favor of J&J.  *See* Dkt. No. 7100 ¶ 2.  The fact that Mr. Haviland, knowing this to be true, encouraged or otherwise advised his clients to remain in the case against their wishes only to withdraw at a time that would hurt the Class and Class Counsel most – in order to serve his own interests – is exactly why Class Counsel filed their Motion in the first instance.

Thus, for all of the reasons set forth in Class Counsel's Motion, to which Mr. Haviland has in large part failed to provide *any* response,[2] this Court should, pursuant to 28 U.S.C. § 1927, require Mr. Haviland to pay the attorneys' fees incurred by Class Counsel in connection with pursuing the Class 1 appeal against J&J, and in briefing the post-remand motions for summary judgment.  Awarding those fees is appropriate because neither of those tasks would have been required if the Withdrawing Plaintiffs had withdrawn their individual claims in February 2008, when  Class Counsel were replaced as counsel for the First Circuit J&J appeal and Mr. Haviland has represented the Withdrawing Plaintiffs initially wanted to withdraw.

DATED:  May 12, 2010                                      Respectfully submitted,

                                                                              By:  /s/ Steve W. Berman
                                                                                     Thomas M. Sobol (BBO#471770)
                                                                                     Edward Notargiacomo (BBO#567636)
                                                                                     Hagens Berman Sobol Shapiro LLP
                                                                                     55 Cambridge Parkway, Suite 301
                                                                                     Cambridge, MA  02142
                                                                                     Telephone: (617) 482-3700
                                                                                     Facsimile: (617) 482-3003

---

[2] Mr. Haviland claims that he bases his Opposition on "evidence that will be elicited" at the June 21, 2007 hearing on Class Counsel's Motion.  That hearing is not an evidentiary hearing and any "evidence" introduced at that hearing without notice to Class Counsel or J&J should not be considered.

*Liaison Counsel*

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K St. NW, Suite 300
Washington, D.C.  20006
Telephone:  (202) 355-6435
Facsimile:  (202) 355-6455

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Jeffrey L. Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates, LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

*Co-Lead Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, ***Class Counsel's Reply Brief in Support of Their Motion for Sanctions Against Don Haviland*** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on May 12, 2010, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Steve W. Berman
Steve W. Berman