# Exhibit E

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*,
Civil Action No. 05-11084-PBS

Exhibit to Plaintiff's Memorandum In Support of United States' Motion
In Limine Regarding Testimony of Raymond C. Winter and
Sequencing of Deposition Testimony

```
00234

 1   NO. GV002327
     THE STATE OF TEXAS          ) IN THE DISTRICT COURT
 2   EX REL.                     )
         VEN-A-CARE OF THE       )
 3        FLORIDA KEYS, INC.,    )
             PLAINTIFF(S),       )
 4                               )
     VS.                         ) TRAVIS COUNTY, TEXAS
 5                               )
     DEY, INC.; ROXANE           )
 6   LABORATORIES, INC., WARRICK )
     PHARMACEUTICALS CORPORATION,)
 7   SCHERING-PLOUGH CORPORATION,)
     AND SCHERING CORPORATION,   )
 8           DEFENDANT(S).       ) 53RD JUDICIAL DISTRICT

 9
         *******************************************
10
     ORAL AND VIDEOTAPED DEPOSITION OF
11
     CHARLES A. RICE
12
     NOVEMBER 7TH, 2002
13
     VOLUME 2
14
         *******************************************
15

16       ORAL AND VIDEOTAPED DEPOSITION OF CHARLES A. RICE,

17   PRODUCED AS A WITNESS AT THE INSTANCE OF THE

18   PLAINTIFF(S), AND DULY SWORN, WAS TAKEN IN THE

19   ABOVE-STYLED AND NUMBERED CAUSE ON NOVEMBER 7TH, 2002,

20   FROM 9:12 A.M. TO 5:34 P.M., BEFORE CYNTHIA VOHLKEN,

21   CSR IN AND FOR THE STATE OF TEXAS, REPORTED BY MACHINE

22   SHORTHAND, AT THE OFFICES OF COUDERT BROTHERS, 600

23   BEACH STREET, SAN FRANCISCO, CALIFORNIA PURSUANT TO

24   THE TEXAS RULES OF CIVIL PROCEDURE.

25
```

```
00235

 1                     A P P E A R A N C E S

 2    FOR THE PLAINTIFF(S):

 3            MR. PATRICK J. O'CONNELL
              MR. RAYMOND C. WINTER
 4            MS. CYNTHIA O'KEEFFE
              OFFICE OF THE ATTORNEY GENERAL
 5            STATE OF TEXAS
              POST OFFICE BOX 12548
 6            AUSTIN, TEXAS 78711-2548


 7
      FOR THE RELATOR:
 8
              MR. JAMES JOSEPH BREEN
 9            THE BREEN LAW FIRM, P.A.
              P. O. BOX 297470
10            PEMBROKE PINES, FLORIDA 33029-7470


11            -AND-

12            MR. FRANK M. PITRE
              COTCHETT, PITRE, SIMON & MCCARTHY
13            840 MALCOLM ROAD, SUITE 200
              BURLINGAME, CALIFORNIA  94010
14

15    FOR THE DEFENDANT(S) DEY, INC.:

16            MR. STEPHEN M. HUDSPETH
              COUDERT BROTHERS
17            1114 AVENUE OF THE AMERICAS
              NEW YORK, NEW YORK 10036-7703
18
              -AND-
19
              MR. STEVEN A. FLECKMAN
20            FLECKMAN & MCGLYNN, P.L.L.C.
              515 CONGRESS, SUITE 1800
21            AUSTIN, TEXAS 78701-3503


22
      FOR THE DEFENDANT ROXANE LABORATORIES, INC.:
23
              MR. R. ERIC HAGENSWOLD
24            SCOTT, DOUGLASS & MCCONNICO, L.L.P.
              ONE AMERICAN CENTER, FIFTEENTH FLOOR
25            600 CONGRESS AVENUE
              AUSTIN, TEXAS 78701
```

```
00236

  1   FOR THE DEFENDANT WARRICK PHARMACEUTICALS CORPORATION
      AND SCHERING-PLOUGH CORPORATION AND SCHERING
  2   CORPORATION:

  3            MS. KARIN B. TORGERSON
               LOCKE LIDDELL & SAPP, LLP
  4            2200 ROSS AVENUE, SUITE 2200
               DALLAS, TEXAS 75201-6776
  5

  6   ALSO PRESENT:

  7            MR. ELISEO SISNEROS,
                  CALIFORNIA OFFICE OF THE
  8               ATTORNEY GENERAL
               MR. ZACHARY TAYLOR BENTLEY, II
  9            MS. ANNE ARNOLD
               MR. BRIAN BOBBITT, VIDEOGRAPHER
 10

 11

 12

 13

 14

 15

 16

 17

 18

 19

 20

 21

 22

 23

 24

 25
```

00338

 1   Q.   YOU SAID YOU DIDN'T KNOW WHO THE DIRECTOR OF

 2   SALES WAS IN 1995.  WAS IT MR. PALLAS?

 3   A.   MR. PALLAS WAS A DIRECTOR OF SALES.  AGAIN, I

 4   DON'T RECALL THE SPECIFIC YEARS.  IT COULD HAVE BEEN.

 5   Q.   AND DID YOU ALSO TELL US THAT MS. ANDERLE WAS

 6   A DIRECTOR OF SALES AT ONE TIME?

 7   A.   THAT'S CORRECT.

 8   Q.   OKAY.  WOULD IT HAVE BEEN IN THE ORDINARY

 9   COURSE OF BUSINESS AND IN CONJUNCTION WITH THEIR JOB

10   DUTIES FOR EITHER MR. PALLAS OR MS. ANDERLE TO HAVE

11   OVERSEEN THE PREPARATION OF A DOCUMENT OF THAT NATURE

12   AND INSTRUCTIONS TO SALES STAFF TO USE A DOCUMENT OF

13   THAT NATURE IN THEIR CONVERSATIONS WITH CUSTOMERS AND

14   POTENTIAL CUSTOMERS?

15   A.   IT COULD HAVE BEEN, BUT I DON'T THINK EITHER

16   ONE OF THEM WOULD HAVE.

17   Q.   MAY I SEE THAT AGAIN, PLEASE?

18   A.   YES, YOU MAY.

19   Q.   JUST SO THE RECORD IS CLEAR, THE DOCUMENT OF

20   THAT NATURE WE ARE REFERRING TO IS DEPOSITION EXHIBIT

21   328.

22   AND IN PARTICULAR, MR. RICE, I WOULD

23   LIKE YOU TO DIRECT YOUR ATTENTION TO THE LAST PAGE OF

24   THIS EXHIBIT, WHICH IS BATES STAND DL-TX-0029713.  AND

25   DO YOU SEE THE CHART THERE THAT IS ENTITLED

00339

1  "REIMBURSEMENT COMPARISON WORKSHEET"?

2  A.   YES, SIR, I DO.

3  Q.   OKAY.  SO WHEN I HAVE ASKED YOU PREVIOUS

4  QUESTIONS ABOUT A COMPARISON OF THE NATURE THAT I HAD

5  PREVIOUSLY DESCRIBED REGARDING WARRICK'S DRUGS VERSUS

6  DEY'S DRUGS, THAT'S WHAT I WAS ASKING YOU ABOUT, THAT

7  KIND OF A COMPARISON.  IS THAT WHAT YOU UNDERSTOOD I

8  WAS ASKING YOU ABOUT BEFORE?

9  A.   I BELIEVE IT IS WHAT I UNDERSTOOD, YES.

10  Q.   OKAY.  I JUST WANT TO MAKE SURE THAT WE WERE

11  CLEAR ON THAT.  SO YOU JUST TESTIFIED THAT YOU DON'T

12  BELIEVE EITHER MR. PALLAS OR MS. ANDERLE WOULD HAVE

13  MADE THAT AUTHORIZATION TO USE A COMPARISON WORKSHEET

14  OF THAT NATURE; IS THAT CORRECT?

15  A.   FROM WHAT I RECALL OF MR. PALLAS AND

16  MS. ANDERLE I DON'T THINK THEY WOULD HAVE, NO.

17  Q.   DO YOU THINK THAT MR. TIPTON WOULD HAVE

18  AUTHORIZED DEY'S SALES STAFF TO USE A COMPARISON

19  DOCUMENT SUCH AS THE LAST PAGE OF EXHIBIT 328 THAT YOU

20  HAVE IN FRONT OF YOU?

21  A.   IT'S POSSIBLE, BUT AGAIN, IT WOULD ONLY BE

22  SPECULATION.

23  Q.   SO IT'S POSSIBLE THAT MR. TIPTON GAVE THE

24  DIRECTIVE TO DEY'S SALES STAFF TO USE THAT DOCUMENT,

25  IS THAT YOUR TESTIMONY?

00340

```
 1   A.   IT COULD HAVE HAPPENED THAT WAY.  I DON'T --
 2   AGAIN, I DON'T RECALL.  I DON'T KNOW.  I CERTAINLY
 3   DIDN'T AUTHORIZE THE USE OF THIS.
 4   Q.   DO YOU RECALL A CONVERSATION WHERE THAT WAS
 5   EVER PRESENTED TO YOU AS A POSSIBLE OR DRAFT DOCUMENT
 6   IN WHICH YOU REVIEWED IT, YOU SAID, "NO.  LET'S NOT
 7   USE THIS"?
 8   A.   NO.  I DON'T RECALL EVER SEEING THIS UNTIL
 9   AFTER WE PRODUCED ALL OF THE DOCUMENTS TO YOU GUYS.
10   Q.   OKAY.  DID MR. MOZAK WHEN YOU HAD
11   CONVERSATIONS WITH HIM REGARDING THE USE OF THAT
12   DOCUMENT, DID HE TELL YOU THAT HE HAD SPECIFICALLY
13   REVIEWED THAT DOCUMENT AND DISAPPROVED THE USE OF IT
14   IN DEY'S SALES PRESENTATIONS?
15   A.   NO.  WHAT I RECALL MR. MOZAK SAYING IS HE HAD
16   NOT SEEN THIS AGAIN UNTIL RECENTLY.
17   Q.   DID MR. MOZAK LEAD YOU TO BELIEVE THAT HE HAD
18   SEEN ANYTHING SIMILAR TO THAT DOCUMENT AND MADE THE
19   DECISION THAT THEY WERE -- THAT IT WAS INAPPROPRIATE
20   AND WAS NOT TO BE USED?
21   A.   NO.  MY DISCUSSION WITH MR. MOZAK WAS
22   PERTAINING TO THE -- THE -- THE CONCEPT OF THIS TYPE
23   OF AN APPROACH AND HIS RESPONSE TO ME WAS HE HAD NEVER
24   APPROVED THE USE OF THIS TYPE OF APPROACH ANYWHERE
25   WITHIN DEY.
```