# Exhibit I

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*,
Civil Action No. 05-11084-PBS

Exhibit to Plaintiff's Memorandum In Support of United States' Motion
In Limine Regarding Testimony of Raymond C. Winter and
Sequencing of Deposition Testimony



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Writer's Direct Dial Number:*          *John Joseph Moakley U.S. Courthouse, Suite 9200*
*(617) 748-3272*          *1 Courthouse Way*
*Telecopier: (617) 748-3971*          *Boston, Massachusetts  02210*

May 21, 2008

BY EMAIL

Antonia Giuliana
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178

      Re:    *United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, Civil Action No. 05-11084-PBS

Dear Toni:

      With regard to the continuation of the Rule 30(b)(6) deposition of Dey, I wish to reiterate the United States' objection to Dey's scheduling this for July 9, 2008.  The court has not ruled on Dey's motion to extend the discovery schedule, and it is presumptuous to assume that the motion will be granted.  More importantly, July 9 represents an unreasonable delay, given that the deposition was originally noticed December 7, 2007.

      With regard to Dey's objections to Topics 14 and 15 in the United States' cross-notice, relating to Dey's production of documents pursuant to federal subpoenas and the subpoenas issued by the State of Texas, it appears the Dey does not intent to present testimony on these topics on grounds of relevance.  First, I request that, here and in the future, if Dey intends not to produce responsive evidence in its possession on grounds of some objection, Dey so state.  We should not be left to guess whether Dey is withholding information on the basis of some objection.

      Second, Dey's relevance objection to these topics is without merit.  The United States seeks evidence tending to show that in the Texas investigation Dey withheld crucial documents showing Dey's intent to create a spread as an inducement and its marketing of the spread, and that in October and November 2001, Dey's CEO and Vice President gave untruthful testimony about Dey's marketing of the spread and testified that

Antonia Giuliana
May 21, 2008
Page 2

they would have disapproved of such conduct had they known about it.  The United States further seeks evidence to prove that Dey was subsequently compelled to produce additional documents which showed that Dey intentionally created spreads as an inducement, that its marketing personnel in fact marketed the spread, and that Dey's CEO and Vice President affirmatively approved the conduct.  The government further seeks evidence to prove that only when confronted with the newly-produced incriminating documents did Dey's CEO and Vice President change their story and acknowledge that Dey's Sales and Marketing personnel marketed the spread.  To investigate these facts the United States seeks uncontroverted evidence concerning which documents Dey produced to governmental authorities before and after the October and November depositions and whether Dey disputes the sequence of its various document productions.  Evidence of consciousness of guilt is relevant and admissible.  *See e.g.*, *U.S. v. Vega Molina*, 407 F.3d 511, 530 (1st Cir. 2005); *United States v. Gilbert*, 229 F.3d 15, 26 (1st Cir.2000).  Dey has no legitimate basis for refusing to provide testimony concerning Topics 14 and 15. Accordingly, I ask that Dey withdraw its relevance objections and agree to provide testimony on these topics, and that Dey inform me soon whether it will do so.

   Finally, I wish to echo the remarks of Michael Winget-Hernandez in his letter of May 7, 2008.  The great majority of Dey's objections to the United States' Rule 30(b)(6) cross-notice of deposition are without merit.  Case law makes clear that Dey may not unilaterally change the scope of the topics by declining to provide testimony addressing the specifics of particular topics and instead only "produce a witness generally knowledgeable about the subject matter."

   Thank you for your attention to the above.

              Sincerely,

              George B. Henderson, II
              Assistant U.S. Attorney

cc:  Gary Azorsky
    Laurie Oberembt