# Exhibit K

*United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*,
Civil Action No. 05-11084-PBS

Exhibit to Plaintiff's Memorandum In Support of United States' Motion
In Limine Regarding Testimony of Raymond C. Winter and
Sequencing of Deposition Testimony

No. GV 002327

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| DEY, INC., | § | |
| ROXANE LABORATORIES, INC. and | § | |
| WARRICK PHARMACEUTICALS | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | 53RD JUDICIAL DISTRICT |

## ORDER GRANTING SANCTIONS

On the 11th day of December 2002, the Court conducted a hearing on Plaintiffs' First Amended Motion for Sanctions against Robert Francis Mozak and Dey, Inc. in the above-numbered and styled cause. Robert Francis Mozak appeared in person and all parties appeared by and through their respective counsel. The Court heard evidence as well as argument of counsel for all interested parties. After careful consideration of all evidence properly before the Court as well all written motions, responses, replies and other argument of counsel, the Court finds that certain false deposition testimony provided by Dey's employee Robert Mozak as to the whereabouts of Helen Selenati (Burnham) justifies the imposition of monetary sanctions to secure compliance with the Rules of Discovery, to deter misconduct in the future, and as punishment for past misconduct. Therefore:

FILED #6

2003 JAN -8 PM 4:08

Order Granting Motion for Sanctions                                                                 Page 1

IT IS ORDERED as follows:

1. Monetary sanctions are hereby awarded against Dey, Inc. in the amount of $157,203.36. Such payment shall be made promptly and no later than the 20th day of January, 2003. Any amount remaining unpaid after the 20th day of January 2003 shall accrue interest at the same rate as other monetary judgments under Texas law. Such payment shall be made as follows: A) to the Texas Office of the Attorney General - $105,079.46; and B) to the Breen Law Firm, P.A. - $52,123.90.

2. As an amendment to the Scheduling Order in this case, counsel for Plaintiffs may take additional deposition testimony from Robert Francis Mozak and Charles Rice. The deposition testimony from each such witness is limited to a total of no more than 6 hours of actual deposition questions and answers. Reasonable and necessary attorneys fees and expenses incurred by the Office of Attorney General and Relator's counsel related to the preparation for and taking of these two additional depositions, including reasonable and necessary travel expenses will be payable by Dey, Inc. to the Office of Attorney General and Relator's counsel pursuant to a future order of this Court after the submission to the Court of appropriate documentary evidence to support such an award upon the completion of the depositions. Counsel for Dey shall have a reasonable opportunity to respond to the submission of any such request and evidence. These two additional depositions of Mr. Mozak and Mr. Rice shall be taken and completed at such reasonable time and place to be agreed upon by counsel for the respective parties on or before the 31st day of March, 2003.

All other relief sought by Plaintiffs with respect to their First Amended Sanctions Motion is DENIED.

SIGNED this ___ day of January, 2003.

_____
JUDGE PRESIDING, SUZANNE COVINGTON