UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| CLASS 1 J&J | Judge Patti B. Saris |

**CLASS 1 PLAINTIFFS' RESPONSE TO THE J&J DEFENDANTS' STATEMENT REGARDING POSITIONS TAKEN BY THE DEPARTMENT OF JUSTICE REGARDING DR. HARTMAN'S 30% BENCHMARK**

Class 1 Plaintiffs submit the following brief response to the J&J Defendants' Statement Regarding Positions Taken by the Department of Justice Regarding Dr. Hartman's 30% Benchmark [Dkt. No. 7190] to respond to two statements made in that pleading.

First, the J&J Defendants represent that Plaintiffs have admitted that the Government was aware of spreads in the range of 30% when it selected AWP as a reimbursement benchmark for Medicare. As made clear in Plaintiffs' Rule 56.1 Statement, Plaintiffs have made no such admission. *See* Dkt. No. 6835 at 6-8 (response to Statement No. 3).

Second, the J&J Defendants incorrectly claim that the DOJ "refused" to submit an amicus brief to the First Circuit regarding Dr. Hartman's 30% benchmark when the Class 1 Plaintiffs appealed this Court's entry of judgment against Class 1. The First Circuit made no request of the DOJ for an amicus brief. Moreover, there was no reason for the DOJ to submit an amicus because J&J never appealed this Court's adoption of Dr. Hartman's 30% benchmark. Indeed, J&J voluntarily dismissed its cross-appeal of this Court's entry of judgment. *See* Ex. 20 to Dkt. No. 6836 (Judgment (1st Cir. June 19, 2008) (granting J&J's unopposed motion to voluntarily

- 2 -

dismiss appeal pursuant to Fed. R. App. P. 42(b))). While J&J did argue in opposing *Plaintiffs'* appeal that this Court's adoption of Dr. Hartman's 30% benchmark was an alternative reason to affirm its judgment against Class 1, the First Circuit quickly dispatched with that argument because it had fully reached it in deciding the AstraZeneca appeal, where the DOJ *did* submit an amicus brief. *In re AWP*, 582 F.3d 231, 237 (1st Cir. 2009) ("And elsewhere we have rejected J&J's arguments that the district court's adoption of a 30% potential liability trigger was erroneous as a matter of law; those arguments do not provide 'alternative grounds' for affirming the district court, as urged by J&J. *See In re Pharm. Indus. Average Wholesale Price Litig. v. Johnson & Johnson.*, No. 08-1056, 582 F.3d 156, 2009 U.S. App. LEXIS 20977."). Thus, the validity of Dr. Hartman's 30% benchmark was not, as the J&J Defendants claim "squarely presented" (Dkt. No. 7190 at 2) during the Class 1 Plaintiffs' appeal.

DATED: July 21, 2010                                           Respectfully submitted,

                                                                By: /s/ Steve W. Berman
                                                                    Thomas M. Sobol (BBO#471770)
                                                                    Edward Notargiacomo (BBO#567636)
                                                                    Hagens Berman Sobol Shapiro LLP
                                                                    55 Cambridge Parkway, Suite 301
                                                                    Cambridge, MA  02142
                                                                    Telephone: (617) 482-3700
                                                                    Facsimile: (617) 482-3003

                                                                    *Liaison Counsel*

                                                                    Steve W. Berman
                                                                    Sean R. Matt
                                                                    Hagens Berman Sobol Shapiro LLP
                                                                    1918 8th Avenue, Suite 3300
                                                                    Seattle, WA  98101
                                                                    Telephone: (206) 623-7292
                                                                    Facsimile: (206) 623-0594


- 3 -

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K St. NW, Suite 300
Washington, D.C.  20006
Telephone:  (202) 355-6435
Facsimile:  (202) 355-6455

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Jeffrey L. Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates, LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

***Co-Lead Class Counsel***

- 4 -

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**

*In re Pharmaceutical Industry Average Wholesale Price Litigation*
Master Case No. 01-cv-12257, MDL 1456

      I, Steve W. Berman, hereby certify that I am one of the attorneys for the Class and that, on July 21, 2010, I caused a copy of **CLASS 1 PLAINTIFFS' RESPONSE TO THE J&J DEFENDANTS' STATEMENT REGARDING POSITIONS TAKEN BY THE DEPARTMENT OF JUSTICE REGARDING DR. HARTMAN'S 30% BENCHMARK** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

      /s/ Steve W. Berman
      Steve W. Berman
      Hagens Berman Sobol Shapiro LLP
      1918 8th Avenue, Suite 3300
      Seattle, WA  98101
      Telephone: (206) 623-7292
      Facsimile: (206) 623-0594

001534-16 383707 v1