UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO<br>ALL MASSACHUSETTS CLASS ACTIONS<br>CONCERNING CLASSES 2 & 3 | CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**[PROPOSED] ORDER GRANTING JUDGMENT AND DISMISSING
CLASS 2 AND CLASS 3 CLAIMS AGAINST ASTRAZENECA
<u>RELATED TO PULMICORT RESPULES®</u>**

In March 2006, defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") moved for summary judgment with respect to, *inter alia*, claims regarding the purchase of and reimbursement for Pulmicort Respules®.  In response, Plaintiffs conceded that AstraZeneca was entitled to judgment as a matter of law based on undisputed facts concerning their claims related to Pulmicort Respules®.  At trial, there was no proof adduced which could support Plaintiffs' claims related to Pulmicort Respules®, and following trial AstraZeneca joined defendants' joint motion for post-trial judgment.  For these reasons and the reasons set forth below, the motions for summary judgment (Document No. 2725) and for post-trial judgment (Document No. 3787) are <u>ALLOWED</u> in part, as set forth below.  The Court makes the following findings:

1.  In January 2006, the Court certified three classes for trial against the Track 1 Defendants, including AstraZeneca:  (a) Class 1 – consumers in 40 states who made co-payments for drugs under Medicare Part B;  (b) Class 2 – TPPs in Massachusetts who made co-payments for drugs under Medicare Part B; and (c) Class 3 – consumers and TPPs in Massachusetts who paid for drugs in non-Medicare transactions based on contracts expressly using AWP.  <u>In re Pharm Indus. Average Wholesale Price Litig.</u>, 233 F.R.D. 229 (D. Mass. 2006) (class certification order).

2.     The Court's January 2006 order certified class claims with respect to two AstraZeneca drugs: Zoladex® and Pulmicort Respules®.  Id.

3.     In March 2006, AstraZeneca sought summary judgment pursuant to Fed. R. Civ. P. 56 as to all class claims against AstraZeneca.  (See AstraZeneca's Motion for Summary Judgment (Document No. 2725) (filed Mar. 15, 2006; entered Jun. 16, 2006)).

4.     In response to AstraZeneca's individual motion for summary judgment, Class Plaintiffs "concede[d] that AstraZeneca is entitled to judgment as a matter of law with respect to claims related to Pulmicort Respules®."  (See Pls.' Opp. to AstraZeneca's Motion for Summary Judgment at 16 n.14 (filed Apr. 7, 2006)).  It was undisputed that the published AWP for Pulmicort Respules® was at all times less than 30%.

5.     By Order dated November 2, 2006, the Court denied the Track 1 Defendants' motions for summary judgment as to Class 1 and Class 2 claims, except with respect to Medicare Part B drugs furnished in 2004.  In re Pharm. Indus. Average Wholesale Price Litig., 460 F. Supp. 2d 277 (D. Mass. 2006).  The Court denied the Track 1 Defendants' motions for summary judgment on the Class 3 claims.  See id.  The Court did not rule on AstraZeneca's individual motion for summary judgment, but rather stated that "remaining issues raised by the summary judgment papers" would be addressed "at trial."  Id.

6.     AstraZeneca has since settled the claims of Class 1.  (See Final Order and Judgment (Document No. 5802) (Dec. 19, 2008)).

7.     This action proceeded to a bench trial before the Court in November of 2006 of claims by Class 2 and 3 under Mass. Gen. Laws ch. 93A against AstraZeneca and other defendants. During the trial, Plaintiffs did not advance claims related to Pulmicort Respules® and adduced no proof which could support claims related to Pulmicort Respules®.  Following trial, AstraZeneca and other defendants moved for judgment against all Class 2 and Class 3 claims.  (See Revised Mem. in Supp. of Track 1 Defs.' Post-Trial Motion for Judgment (Document No. 3787) (Feb. 13, 2007)).

8. On June 21, 2007, the Court issued Findings of Fact and Conclusions of law holding AstraZeneca liable with respect only to Zoladex®—and not with respect to Pulmicort Respules®—during the time periods set forth in the Court's opinion.  <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>, 491 F. Supp. 2d 20 (D. Mass. 2007).  Following a hearing on damages, the Court issued a final award of damages and entered judgment against AstraZeneca and in favor of Class 2 and Class 3 for claims asserted under Mass. Gen. Laws ch. 93A solely with respect to Zoladex®.  <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>, 520 F. Supp. 2d 274 (D. Mass. Nov. 2, 2007).

9. In view of the trial record and Plaintiffs' concession prior to trial that AstraZeneca is entitled to judgment on claims related to Pulmicort Respules®:

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. Defendant AstraZeneca's motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Document No. 2725) and defendants' motion for post-trial judgment (Document No. 3787) are ALLOWED with respect to all claims asserted by plaintiffs in Class 2 and Class 3 under Mass. Gen Laws ch 93A pertaining to Pulmicort Respules®.

2. Judgment is hereby entered in favor of AstraZeneca Pharmaceuticals LP and against Massachusetts Class 2 and Class 3 on all claims asserted under Mass. Gen. Laws ch 93A with respect to Pulmicort Respules®, and such claims are hereby dismissed from this action with prejudice.

DATED:  _____          _____

                                                                Hon. Patti B. Saris