**EXHIBIT A**
**TO**
**STIPULATION OF DISMISSAL WITH PREJUDICE OF TEVA PARTIES AND**
**MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE**

## SETTLEMENT AGREEMENT AND RELEASE

## I. PARTIES

This Settlement Agreement and Release (this "Agreement") is entered into as of the Effective Date, as defined in ¶ III(21) below, by and among Ven-A-Care of the Florida Keys, Inc., for its own behalf and, with respect to such *qui tam* claims as the Relator has pled on behalf of the United States of America, the State of Florida, the State of Texas, and the State of California (in any of the foregoing capacities, the "Relator"); Zachary T. Bentley, T. Mark Jones, Luis Cobo and John Lockwood, M.D., each of the foregoing individuals, for his own behalf and in all other capacities (the preceding four parties, the "Relator's Current and Former Officers and Directors" or "Individual Plaintiffs"); the State of Texas ("Texas") and the State of Florida ("Florida"); (Texas and Florida collectively referred to as the "Settling States") (all of the foregoing seven parties collectively, the "Plaintiffs"); Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Copley Pharmaceuticals, Inc., Ivax, L.L.C. (f/k/a Ivax Corporation), Ivax Pharmaceuticals, Inc. (f/k/a Zenith-Goldline Pharmaceuticals, Inc.), Goldline Laboratories, Inc., Sicor Inc., Gensia Sicor Pharmaceuticals, Inc., Duramed Research, Inc., Teva Parenteral Medicines, Inc. (f/k/a Sicor Pharmaceuticals, Inc.), Novopharm USA, Inc., Barr Pharmaceuticals, Inc., Barr Laboratories, Inc., Teva Women's Health, Inc. (f/k/a Duramed Pharmaceuticals, Inc.), Pliva, Inc., and Odyssey Pharmaceuticals, Inc. (the preceding sixteen parties collectively, the "Teva Parties").  Collectively all of the above will be referred to as the "Parties."  The United States and California are not parties to this Agreement; however, this Agreement is conditioned upon the United States' and California's written consent in the forms attached as Exhibits 6 and 7 respectively.

- 1 -

## II. **PREAMBLE**

As a preamble to this Agreement, the Parties agree to the following:

A. WHEREAS, on or about June 23, 1995, the Relator and one or more of the Individual
Plaintiffs filed a *qui tam* action in the United States District Court for the Southern
District of Florida captioned *United States ex rel. Ven-A-Care of the Florida Keys, Inc.* v.
*Bristol-Myers Squibb Co., et al.*, Civil Action No. 95-1354 (S.D. Fla.).  In 1997, that
complaint, which remained sealed at the time, was amended to add claims against one or
more of the Teva Parties based on the information that the Relator allegedly supplied to
the United States about certain of the Teva Parties' products.  This complaint, as it related
to the Teva Parties, was dismissed without prejudice on October 1, 2009, while still
sealed as to the Teva Party or Parties; and

B. WHEREAS, Florida and the Relator are jointly pursuing relief in five state-court actions
in the Circuit Court of the Second Judicial District in and for Leon County, Florida,
against one or more of the Teva Parties styled *State of Florida, ex rel. Ven-A-Care of the
Florida Keys, Inc. v. Barr Laboratories, Inc., Barr Pharmaceuticals, Inc., and Duramed
Research, Inc., et.al.*, Civil Action No. 03-CA-1165, and *State of Florida ex. rel. Ven-A-
Care of the Florida Keys, Inc. v. Ivax Corporation, Ivax Pharmaceuticals, Inc., and
Zenith Goldline Pharmaceuticals, Inc., et.al.* Civil Action No. 03-CA-1165A, and *State
of Florida ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Gensia Sicor Pharmaceuticals,
Inc. and Sicor Inc., et. al.*, Civil Action No. 98-3032 E, and *State of Florida ex. rel. Ven-
A-Care of the Florida Keys, Inc. v. Alpharma, Inc., et.al.*, Civil Action No. 98-3032 F,
and *State of Florida, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Mylan Inc., et. al.*,

Civil Action No. 98-3032 G, (these claims and proceedings collectively, the "Florida Proceedings"); and

C. WHEREAS, on or about April 10, 2000, the Relator and one or more of the Individual Plaintiffs filed a *qui tam* action in the United States District Court for the District of Massachusetts captioned *United States ex rel Ven-A-Care of the Florida Keys, Inc.* v. *Dey et al.*, Civil Action No. 00-10698 (D. Mass.), eventually asserting claims against one or more of the Teva Parties as to one or more of the Teva Parties' products. That complaint was amended under seal on February 1, 2002 and again February 15, 2005 to add claims against one or more Teva Parties based on the information that the Relator allegedly supplied to the United States about one or more of the Teva Parties' products, and which included one or more pendent claims, including on behalf of California; however, the Relator never served the states and instead dismissed its pendent state claims, without prejudice, and elected to not pursue them. That complaint was further amended and unsealed on May 21, 2008. These claims and proceedings are referred to collectively as the "Federal *Qui Tam* Proceedings"); and

D. WHEREAS, Texas and the Relator are jointly pursuing relief in two additional state-court actions against one or more of the Teva Parties styled *State of Texas ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Sandoz Inc., et al.*, Cause No. D-1-GV-07-001259, in the District Court of Travis County, Texas, 201st Judicial District, and *State of Texas ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Alpharma, Inc., et al.*, Cause No. D-1-GV-08-001566, in the District Court of Travis County, Texas, 419th Judicial District (these claims and proceedings collectively, the "Texas Proceedings"); and

E.   WHEREAS, California and the Relator are jointly pursuing an action, originally commenced by the Relator in California State Court in 1998 and later removed to United States Court in 2003, *State of California ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, et al.*, Cause No. 03-CV-2238, in the Central District of California. That action was transferred to MDL No. 1456 (D. Mass.) and voluntarily dismissed on November 5, 2005 as to all Teva Parties that had been joined in that action (these claims and proceedings, the "California Proceedings" and together with the Texas Proceedings and the Florida Proceedings, the "State Proceedings"; and the claims and proceedings referenced in clauses (A) through (E) of these recitals, including the State Proceedings, are collectively referred to as the "Civil Actions"); and

F.   WHEREAS, in one or more of the Civil Actions, the Plaintiffs contend that between January 1, 1991 and the date of execution of this Agreement by all parties, one or more of the Teva Parties submitted, or caused to be submitted, false claims to the Medicaid Program and/or, among other things, (i) one or more Teva Parties knowingly set, reported and/or maintained, or caused to be set, reported and/or maintained, false, fraudulent and/or inflated prices, including, without limitation, Average of Suggested Wholesale Price to Pharmacy, Average Wholesale Prices, AWP, Suggested Wholesale Price, SWP, Price to Wholesaler and/or Distributor, Direct Price to Pharmacy, Central Purchase Price to Chain (Such as Warehouse Price), Institutional or Other Contract Price (Nursing Home, Home Health Care), Other Price, Suggested List Prices, Wholesale Acquisition Costs, Wholesale Net Prices, Direct Prices, Wholesale Direct Prices and/or Net Direct Prices, and/or other prices reported by one or more of the Teva Parties or published by compendia (any of the foregoing, collectively "Reported Prices"), for drugs

manufactured, marketed and/or sold by or on behalf of one or more Teva Parties (any and all drugs manufactured, marketed and/or sold by or on behalf of any Teva Party, a "Teva Covered Drug"), including, without limitation, Teva Covered Drugs with Labeler Codes 00093, 00172, 00182, 00703, 38245, 55953, 00555, 51285, 65473, 00575, 50732 59310, 000332, 57844, 68546 and 50111; (ii) with respect to the Texas Proceedings, one or more of the Teva Parties failed to report, or improperly reported, pricing information to the Texas Vendor Drug Program or otherwise failed to comply with the program requirements as to the reporting of pricing information to be used for reimbursement purposes; (iii) with an action or omission by, or with the knowledge of, one or more of the Teva Parties, the Reported Prices of certain Teva Covered Drugs of one or more of the Teva Parties were higher, and sometimes substantially higher, than the prices paid by customers of one or more of the Teva Parties for certain of the Teva Covered Drugs; (iv) one or more of the Teva Parties used an artificially inflated spread between the Reported Prices and the actual selling prices for drugs in marketing, promoting and/or selling Teva Covered Drugs to existing and potential customers; and (v) one or more of the Teva Parties allegedly knew that the reporting of false, fraudulent and/or inflated Reported Prices in connection with certain Teva Covered Drugs and/or marketing those Teva Covered Drugs based on the artificially inflated spread between the Reported Prices and the actual selling prices would cause the customers and others to submit false, fraudulent and/or inflated claims for reimbursement to the Medicaid Program (any action, omission or conduct, whether actual or alleged, contemplated by any provision of any of this clause (F) of these recitals or referred to or alleged in any of the Civil Actions is referred to as the "Covered Conduct"); however, as to the State of California only, Covered Conduct

- 5 -

shall encompass only Labeler Codes 00093, 00172, 00182, 00703, 38245, 55953, 00555, 51285, 65473, 00575, 50732, 000332 and 57844, except as expressly set forth below; and

G.  WHEREAS, the Plaintiffs contend that, as a result of the Covered Conduct, the Medicaid Program, the United States, the State of California, and the Settling States were damaged; and

H.  WHEREAS, each of the Teva Parties denies any and all wrongdoing, and each of the Teva Parties denies that it has any liability, relating to the Covered Conduct; and

I.  WHEREAS, to avoid the delay, expense, inconvenience, and uncertainty of protracted litigation of these disputed claims, and as a result of a mutual desire to settle their disputes, the Parties wish to resolve their differences arising from the Civil Actions and the Covered Conduct and have reached a full, fair, and final settlement as set forth in this Agreement, which settlement the Parties acknowledge and agree is not punitive in purpose or effect; and

J.  WHEREAS, this Agreement is intended to fully, finally, and forever resolve any and all claims against, and liability of, any of the Teva Released Parties (as defined below) to any of the Plaintiffs, including *qui tam* claims brought on behalf of the United States or California to the extent encompassed by the Relator's pleadings in the Federal *Qui Tam* Proceedings, for or arising from the Covered Conduct, including, without limitation, all of the claims that were brought, could have been brought, or could be brought in the future by or on behalf of any of the Plaintiffs related to the "Federal-Share" (defined to mean the United States' portion of any Medicaid reimbursement) of any Medicaid reimbursement arising from any of the Covered Conduct for any Teva Covered Drug, or the "State-Share" (defined to mean a state's portion of any Medicaid reimbursement) of

any Medicaid reimbursement for any of the Settling States arising from any of the Covered Conduct for any Teva Covered Drug; and

K. WHEREAS, this Agreement is the result of a compromise of disputed issues of law and fact, and the execution and delivery of this Agreement shall not constitute or be construed as an admission of fault, liability, or wrongdoing by any of the Parties, nor does it constitute evidence of any liability or unlawful conduct on the part of the Parties, and this Agreement shall not be admissible as evidence of any fault or liability of the Parties in any investigation, administrative claim, action, suit, or proceeding, or federal or state court or arbitration proceeding; and

## III. TERMS AND CONDITIONS

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations set forth below in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. The foregoing Preamble is incorporated herein.

2. In full and final settlement of all of the Released Claims, Teva Pharmaceuticals USA, Inc. (the "Teva Payor") shall pay, or shall cause to be paid on its behalf, the sum of one hundred and sixty-nine million United States dollars ($169,000,000) (the "Settlement Amount") for the benefit of the Plaintiffs on the terms and subject to the conditions set forth herein. The Parties agree that the Settlement Amount shall resolve, fully and finally, all of the Released Claims. The Parties further agree that all amounts payable to any of the Relator's (or any other Plaintiff's) attorneys or other representatives or advisors shall be paid out of the Settlement Amount without further liability of any Teva Party.

- 7 -

3.     Within fifteen (15) business days following the Effective Date (as defined below), the Teva Payor shall pay the Settlement Amount by wire transfer into an "Escrow Account" at **PNC Bank, National Association** (the "Escrow Agent") to be administered in accordance with the terms of the separate Escrow Agreement in the form attached as Exhibit 1 hereto to be executed by and among the Parties within (5) business days following the Effective Date (the "Escrow Agreement").   The allocation of the Settlement Amount among the Plaintiffs, the United States, the State of California, and their respective counsel is a matter that shall be and has been handled separately by and among the Plaintiffs, the United States, the State of California, and their advisors, without any involvement by or input from any of the Teva Parties. None of the Teva Parties were consulted about the allocation of the Settlement Amount among the Plaintiffs, the United States and the State of California nor has any Teva Party had any input into the allocation.   For this reason, none of the Teva Parties are in a position to agree to the allocation and, as a part of the settlement, will not contest such allocation or be deemed to have endorsed or been responsible for any such allocation.   The Plaintiffs, the United States and the State of California have agreed among themselves to share in the Settlement Amount as set forth in the "Settlement Amount Allocation Schedule" attached hereto as Exhibit 2.   Teva has been informed by the Plaintiffs that the United States shall receive the amount of $100,000,000 from the Settlement Amount from which it shall pay such relator awards pursuant to the United States False Claims Act (31 U.S.C. § 3730) as may be agreed to between the United States and the Relator or as ordered by the Court.

4.     Within three (3) business days following the latter of the Teva Payor's wire transfer of the Settlement Amount into the Escrow Account or Teva counsel's receipt of the consents of the United States and the State of California executed by the authorized government

officials, the Parties shall file the following with the courts for each of the Florida Proceedings, the Texas Proceedings and the Federal *Qui Tam* Proceedings: (1) the Joint Stipulation of Dismissal with Prejudice and the proposed Order of Dismissal with Prejudice in each case in the forms attached hereto as Exhibits 3, 4 and 5 respectively; (2) the Consent of the United States in the form attached hereto as Exhibit 6; (3) the Consent of the State of California in the form attached hereto as Exhibit 7; and (4) motions seeking entry of the proposed Orders of Dismissal with Prejudice. Each Party shall seek a prompt hearing on such motions and shall use its reasonable best efforts to obtain entry of such proposed Orders of Dismissal with Prejudice and to seek to cause each such Order of Dismissal with Prejudice to become a final and non-appealable order without amendment or modification thereto or limitations thereof (a "Final Order") as soon as possible.

5.     The Escrow Agent shall hold the Settlement Amount and any interest earned thereon in escrow pursuant to the terms of the Escrow Agreement. The Escrow Agent shall not distribute any portion of the Settlement Amount or any interest earned thereon until a Final Order Confirmation Notice (as defined below) has been delivered for each of the Florida Proceedings, the Texas Proceedings and the Federal *Qui Tam* Proceedings or as provided in paragraph 6 below. If the Teva Payor becomes aware that any of the proposed Orders of Dismissal with Prejudice shall have become a Final Order in a form reasonably acceptable to effect the agreements and releases contemplated by this Agreement, it shall execute and deliver to the Escrow Agent and each other Party a notice stating that a Final Order has been issued for such Civil Action (a "Final Order Confirmation Notice"). Upon receiving a Final Order Confirmation Notice from Teva for each of the Florida Proceedings, the Texas Proceedings and the Federal *Qui Tam* Proceedings and written distribution instructions from the Plaintiffs, the

United States and the State of California as to the manner in which their respective distributions pursuant to the Settlement Amount Allocation Schedule and any interest earned thereon should be delivered, within three (3) business days following such date, the Escrow Agent shall distribute the Settlement Amount, as set forth in the Settlement Amount Allocation Schedule, and any interest earned thereon, pursuant to such written instructions from the Plaintiffs, the United States and the State of California.  No Teva Released Party shall have any liability or obligation as a result of any failure by the Escrow Agent to make proper or timely payment following delivery of all of the Final Order Confirmation Notices except to the extent expressly provided for under the Escrow Agreement.

6.    On any date that is six (6) months following the Effective Date if, as of such date, a Final Order Confirmation Notice for each of the Florida Proceedings, the Texas Proceedings and the Federal *Qui Tam* Proceedings has not been delivered to the Escrow Agent, within two (2) business days following written request by the Teva Payor, the Escrow Agent shall return the Settlement Amount and any interest earned thereon to the Teva Payor or any of its designees, and this Agreement shall be automatically terminated and null and void, other than for any claims for breach of this Agreement prior to such termination, which shall survive any such termination. The Plaintiffs shall have no liability or obligation as a result of any failure by the Escrow Agent to return the full amount of the Settlement Amount and any interest thereon to the Teva Payor or any of its designees.  In the event that this Agreement is so terminated, any action dismissed pursuant to this Agreement may be reinstated and any statute of limitation shall be deemed tolled during such reinstatement. The parties shall take such actions as are reasonably necessary to cause Final Orders to be entered, including jointly moving for severance.

7.      In consideration of the obligations of the Teva Parties in this Agreement, and conditioned on the Teva Payor's payment in full of the Settlement Amount in accordance with Paragraphs III.2 through III.6 above and receipt of the Orders of Dismissal with Prejudice, each Plaintiff, on behalf of itself (including, with respect to the Relator, to the extent it is capable under the law, all *qui tam* claims brought on behalf of the Settling States, California, and the United States), and each of its and their predecessors, successors, heirs, trustees, subsidiaries, parents, assigns, divisions and affiliates and any current or former shareholders, directors, officers, agents, agencies, departments, employees, managers, partners, servants, attorneys, advisors and other representatives of any of the foregoing, fully and finally release, acquit, and forever discharge each of the Teva Parties and each of their respective present and former predecessors, successors, heirs, trustees, subsidiaries, parents, assigns, divisions and affiliates and each of the current and former shareholders, officers, directors, employees, managers, partners, agents, agencies, departments, servants, attorneys, advisors and other representatives of any of the foregoing (collectively, the "Teva Released Parties") from any civil, regulatory and/or administrative claim, action, suit, demand, right, cause of action, liability, judgment, damage or proceeding, whether sealed or unsealed (including attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), which has been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right, for or arising from any of the Covered Conduct (collectively, the "Released Claims"), including but not limited to the State-Share for any of the Settling States and the Federal-Share of any claim brought by or on behalf of any of the fifty (50) states, the District of Columbia or any United States territory for or arising out of the Covered Conduct or the price reporting for reimbursement purposes for Teva Covered Drugs.  Without limiting the generality

of the foregoing, and to the fullest extent that the Relator and the Settling States are capable under applicable law, this release fully discharges and releases each Teva Released Party from (i) any obligation to pay Medicaid-related damages, restitution, fines and/or penalties arising from the Covered Conduct; (ii) any civil obligation to the Relator or its attorneys, including any Relator's share, expenses, attorneys' fees, and costs associated with the Civil Actions to which Relator or its attorneys may be entitled; and (iii) any obligation to pay the State-Share of any Settling State or California of any claim asserted in the Civil Actions or for any Covered Conduct.   In addition, the Relator, with the knowledge and the consent of the State of California, hereby covenants and represents that it shall not attempt to revive or reinstate any action previously dismissed by it against any of the Teva Parties for the Covered Conduct and, for purposes of this sentence, "Covered Conduct" shall encompass all Teva Covered drugs including, but not limited to, those under Labeler Codes 59310, 68546 and 50111 as to the State of California.

8.     In consideration of the obligations of the Plaintiffs set forth in this Agreement, each Teva Party, on behalf of itself and its predecessors, successors, subsidiaries, parents, assigns, divisions and affiliates and any current or former shareholders, directors, officers, agents, employees, managers, partners, servants, attorneys, advisors and other representatives of any of the foregoing fully and finally release the Settling States, any of their agencies, agents, employees, servants, attorneys and departments, the Individual Plaintiffs and the Relator, in its own capacity and in its capacity as *qui tam* representative of the United States of America, the Settling States and the State of California, and Relator's present and former predecessors, successors, heirs, trustees, parents, subsidiaries, assigns, divisions and affiliates and each of the current and former officers, directors, employees, managers, partners, agents, servants, attorneys,

advisors and other representatives of any of the foregoing from any claims or liabilities arising from the Covered Conduct, or the investigation or litigation of claims arising from the Covered Conduct which any of Teva Parties has or could have asserted.

9. Nothing in this Agreement shall be construed to create a waiver of the Sovereign Immunity of the United States of America, the State of Texas, the State of Florida, or the State of California.

10. Notwithstanding any other term of this Agreement, including the release provisions in Paragraphs III.7 and III.8 above, any and all of the following are specifically reserved and excluded from the scope and terms of this Agreement, and from the scope and terms of the releases, as to any entity or person (including the Parties):

    (a)    Any claims based upon such obligations as are created by this Agreement;

    (b)    The subrogation rights to claims for personal injury or injury to real or personal property arising from usage by a participant in the Medicaid Program of any of the Teva Covered Drugs covered thereunder;

    (c)    Any claims based on a failure to deliver products or services due;

    (d)    Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code) or any state tax or revenue law;

    (e)    Any criminal liability not specifically released by this Agreement; and

    (f)    Any express or implied warranty claims or other claims for defective or deficient products and services provided by any Teva Party.

    (g)    Any claims based on or arising out of conduct occurring after the Effective Date of this Agreement.

    (h)    Any liability to the United States, and the States of Florida, Texas or California for any conduct other than the Covered Conduct;

    (i)    Any civil or administrative liability that Settling Defendants have or may have under any state statute, regulation, or rule not covered by the release provisions in Paragraph 7 above;

- 13 -

(j)     Any claims arising from the Settling Defendants' obligations to report prices and/or pay rebates to the State under any law or contract, including, but not limited to, under the provisions of the Omnibus Budget Reconciliation Act of 1990 and all amendments thereto.

11.     The Parties each represent that this Agreement is freely and voluntarily entered into without any degree of duress whatsoever.

12.     Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

13.     This Agreement shall be governed by the laws of the United States.  The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement relating to the Federal *Qui Tam* Proceedings shall be the United States District Court for the District of Massachusetts and that the United States District Court for the District of Massachusetts shall retain continuing jurisdiction over the enforcement of this Agreement and all releases relating to the Federal *Qui Tam* Proceedings provided for herein, including for purposes of issuing an injunction in protection of any court's jurisdiction to enforce the terms, conditions, and releases provided for in this Agreement.  In as much as any provision of this Agreement relates to the parties' rights in the Florida Proceedings, including contractual rights, releases or enforcement remedies, the exclusive jurisdiction and venue shall be the Second Circuit in and for Leon County, Florida.   In as much as any provision of this Agreement relates to the parties' rights in the Texas Proceedings, including contractual rights, releases or enforcement remedies, the exclusive jurisdiction and venue shall be the 201st Judicial District Court of Travis County, Texas.

14.     This Agreement, together with the Escrow Agreement and all Exhibits constitute the complete agreement between the Parties with regard to the subject matter hereof.  This Agreement may not be amended except by written consent of all of the Parties.  The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement, or a course of dealings between the Parties, shall not be a waiver of such terms or conditions or of such Party's right thereafter to enforce each and every term and condition of this Agreement.

15.     The individuals signing this Agreement on behalf of a Party represent and warrant that they are authorized to execute this Agreement on behalf of such Party.

16.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

17.     This Agreement is binding on each of the Teva Parties and its respective successors, transferees, and assigns.

18.     This Agreement is binding on each of the Plaintiffs, their attorneys, successors, transferees, heirs, and assigns.

19.     This Agreement has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Agreement.  In addition, this Agreement was drafted by experienced and knowledgeable legal counsel for each of the Parties.  Accordingly, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.  The provisions of this Agreement shall be interpreted in a reasonable manner to affect the purposes of the Parties and this Agreement.

20.     If any provision of this Agreement, or the application thereof, shall for any reason or to any extent be construed by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement, and application of such provision to other circumstances, shall remain in effect and be interpreted so as best reasonably to effect the intent of the Parties. Notwithstanding the foregoing, if either the payment or any of the release provisions hereof are found to be unenforceable or invalid by a court of competent jurisdiction, then such invalidity or unenforceability shall be cause for voiding the entirety of this Agreement at the election of the Party the interests of which are injured by the finding of invalidity or unenforceability; however, the Plaintiffs shall be entitled to re-file, reinstate and continue to litigate their claims against the Defendants without regard to any statute of limitations or other time barred defense which may be asserted by the Defendants for the time period related to this Settlement and any such time period shall be deemed tolled from the time of dismissal.

21.     This Agreement is effective on the date of signature of the last signatory to this Agreement upon execution and delivery hereof by all of the Parties (the "Effective Date"). Facsimiles or PDFs of signatures shall constitute acceptable binding signatures for purposes of this Agreement.

[Remainder of this page is intentionally left blank]

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**TEVA PARTIES**

TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS
USA, INC., COPLEY PHARMACEUTICALS, INC., IVAX, L.L.C. (F/K/A IVAX
CORPORATION), IVAX PHARMACEUTICALS, INC., (F/K/A ZENITH-GOLDLINE
PHARMACEUTICALS, INC.), GOLDLINE LABORATORIES, INC., SICOR, INC.,
GENSIA SICOR PHARMACEUTICALS, INC., DURAMED RESEARCH, INC.,
TEVA PARENTERAL MEDICINES, INC. (F/K/A SICOR PHARMACEUTICALS,
INC.), NOVOPHARM USA, INC., BARR PHARMACEUTICALS, INC., BARR
LABORATORIES, INC., TEVA WOMEN'S HEALTH. INC. (F/K/A DURAMED
PHARMACEUTICALS, INC.,), PLIVA, INC. AND ODYSSEY
PHARMACEUTICALS, INC.

BY

_____ Date: 7-19-10

Title: William Marth, CEO Teva NA


AND

_____ Date: 7-19-10

Title: David Stark, GC Teva NA

- 17 -

**RELATOR AND ITS ATTORNEY**

THE BREEN LAW FIRM, P.A.

By: _____   Date: 7/16/10
     James J. Breen
     The Breen Law Firm, P.A.
     ~~Suite 200~~
     P.O. Box 297470
     Pembroke Pines, FL  33029
     *Counsel to Ven-A-Care of the Florida Keys, Inc.*

VEN-A-CARE OF THE FLORIDA KEYS, INC.

By: _____   Date: 7/15/10
     T. Mark Jones, President

**RELATOR'S CURRENT AND FORMER OFFICERS AND DIRECTORS**

ZACHARY T. BENTLEY

_____   Date: 7/16/10
Zachary T. Bentley

T. MARK JONES

_____   Date: 7/15/10
T. Mark Jones

JOHN M. LOCKWOOD

_____   Date: 7/15/10
John M. Lockwood

LUIS COBO

_____   Date: 7/15/10
Luis Cobo

- 18 -

**TEXAS**

**State of Texas**
**Office of the Attorney General**

By: _____
       Raymond C. Winter
Title:  Chief, Civil Medicaid Fraud Division
       Office of the Attorney General of Texas
       P. O. Box 12548
       Austin, Texas  78711-2548
Date:  _16 JULY 2010_____

**FLORIDA**

**State of Florida**
**Office of the Attorney General**

By: _____
       Patricia A. Conners
Title:  Associate Deputy Attorney General,
       State of Florida Office of the Attorney General
       PL-01, The Capitol
       Tallahassee, FL  32399
Date:  _____

**TEXAS**

**State of Texas**
**Office of the Attorney General**


By:    _____
        Raymond C. Winter
Title:  Chief, Civil Medicaid Fraud Division
        Office of the Attorney General of Texas
        P. O. Box 12548
        Austin, Texas  78711-2548
Date:  _____


**FLORIDA**

**State of Florida**
**Office of the Attorney General**


By:    _____
        Patricia A. Conners
Title:  Associate Deputy Attorney General,
        State of Florida Office of the Attorney General
        PL-01, The Capitol
        Tallahassee, FL  32399
Date:  July 16, 2010

# EXHIBIT 1
## to
## SETTLEMENT AGREEMENT AND RELEASE

## ESCROW AGREEMENT

AGREEMENT made as of this _20th_ day of ___July___, 2010, by and among Ven-A-Care of the Florida Keys, Inc., (the "Relator") and Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Copley Pharmaceuticals, Inc., Ivax, L.L.C. (f/k/a Ivax Corporation), Ivax Pharmaceuticals, Inc. (f/k/a Zenith-Goldline Pharmaceuticals, Inc.), Goldline Laboratories, Inc., Sicor Inc., Gensia Sicor Pharmaceuticals, Inc., Duramed Research, Inc., Teva Parenteral Medicines, Inc. (f/k/a Sicor Pharmaceuticals, Inc.), Novopharm USA, Inc., Barr Pharmaceuticals, Inc., Barr Laboratories, Inc., Teva Women's Health, Inc. (f/k/a Duramed Pharmaceuticals, Inc.), Pliva, Inc., and Odyssey Pharmaceuticals, Inc. (the preceding sixteen parties collectively, the "Teva Parties") (all parties referenced above in this paragraph collectively, the "Settling Parties") and PNC Bank, National Association as escrow agent (the "Escrow Agent").

## BACKGROUND

WHEREAS, the Settling Parties have reached a settlement of various lawsuits and liabilities, the terms of which are set forth in the Settlement Agreement and Release attached as Appendix A (the "Settlement Agreement"), and enter this Escrow Agreement in order to assist with the implementation of the Settlement Agreement;

NOW, THERFORE, in consideration of the foregoing and of the mutual covenants herein contained and intending to be legally bound hereby, the parties hereto agree as follows:

1.      Appointment of Escrow Agent. The Escrow Agent is hereby appointed as escrow agent hereunder and agrees to act on the terms and subject to the conditions hereinafter set forth.

2.      Establishment of Escrow Fund. Escrow Agent shall accept receipt of $169 million (one hundred sixty-nine million dollars) which, together with any proceeds, income and

reinvestments, is hereinafter referred to as (the "Escrow Fund").  Escrow Agent shall hold the Escrow Fund subject to the terms and conditions of this Agreement.

3.  <u>Jurisdiction/Choice of Law</u>:  This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Massachusetts.  The Escrow Agent and the Settling Parties agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of any suit, action or proceeding to enforce any provision of, or based upon any right arising out of this Escrow Agreement, and the parties hereto agree not to commence any such suit, action or proceeding except in such Court.

4.  <u>Deposit and Investment of Escrow Fund</u>.

(a)  <u>Investment</u>:  Unless otherwise specifically agreed to by the Settling Parties in writing, the Escrow Agent shall deposit, and maintain on deposit, the Escrow Funds in the Fidelity Government Portfolio. The Settling Parties hereby agree that shares of mutual funds are not insured by the FDIC, are not deposits of or guaranteed by the Escrow Agent or its affiliate(s) and are subject to investment risks, including the loss of principal.  The Settling Parties hereby instruct Escrow Agent to vote all proxies in accordance with the proxy policy in effect from time to time for the Escrow Agent unless otherwise specifically instructed by the Plaintiff.

(b)  <u>Interest/Income</u>:  All income, including interest and dividends, earned on the Escrow Fund (hereinafter called the "Income") shall be added to and held in the Escrow Fund.

5.  <u>Disposition of Escrow Fund</u>.  The Escrow Agent shall disburse the Escrow Funds in accordance with the provisions in paragraphs III.3 - III.6 of the Settlement Agreement and the Settlement Allocation Schedule attached as Exhibit 2 thereto.  The Settlement Agreement and its Exhibits are attached as Appendix A to this Escrow Agreement and incorporated herein.

2

6.      Statements:  During the term of this Agreement, the Escrow Agent shall provide the Settling Parties with monthly statements containing the beginning balance in the escrow account as well as all principal and income transactions for the statement period.  Settling Parties shall be responsible for reconciling such statements.  The Escrow Agent shall be forever released and discharged from all liability with respect to the accuracy of such statements and the transactions listed therein, except with respect to any such act or transaction as to which Relator shall, within 90 days after making the statement available, file written objections with the Escrow Agent.  The Settling Parties are aware that Federal Regulations require the Escrow Agent, without charge and within one business day of its receipt of a broker/dealer confirmation for each security transaction in the Settling Parties' Account(s) to forward to the Settling Parties a written notification which discloses, among other things: the Escrow Agent's name, the Settling Parties' names, the capacity (capacities) in which the Escrow Agent is acting, the date (and time, within a reasonable period, upon written request of the Settling Parties) of execution, the identity, price, number of shares or units of principal amount of debt securities purchased or sold, the name of the broker/dealer, the amount of any remuneration received by such broker/dealer and the amount of any remuneration received by the Escrow Agent.  The Settling Parties are also aware that, under the terms of this Agreement, the Escrow Agent will be providing periodic statements to the Settling Parties that include a listing of all securities transactions, receipts and disbursements during the period, together with a current listing of the Assets held in the Account(s).  The Settling Parties shall accept such periodic statements in satisfaction of the Escrow Agent's obligation to provide written notification as described above; provided, that upon request, the Escrow Agent will provide the information required by the Federal Regulations at no additional cost.

7.      Rights and Responsibilities of Escrow Agent.  The acceptance by the Escrow Agent of its duties hereunder is subject to the following terms and conditions, which the parties to this Agreement hereby agree shall govern and control with respect to the Escrow Agent's rights, duties, liabilities and immunities:

(a)      The Escrow Agent shall act hereunder as an escrow agent only, and it shall not be responsible or liable in any manner whatever for the sufficiency, correctness,

3

genuineness or validity of any document furnished to the Escrow Agent or any asset deposited with it.

(b)     The Escrow Agent may rely and shall be protected in acting or refraining from acting upon (and shall incur no liability for following the instructions contained therein) any written notice, instruction or request furnished to it hereunder and believed by it to be genuine and to have been signed or presented by the proper party or parties. The Escrow Agent shall be under no duty to inquire into or investigate the validity, accuracy or content of any such document.   The Escrow Agent shall have no duty to solicit any payments which may be due to be paid into the Escrow Fund by any party.

(c)     The Escrow Agent shall not be liable for any action taken or omitted by it unless a court of competent jurisdiction determines that the Escrow Agent's gross negligence or willful misconduct was the primary cause of any loss.   In the administration of the escrow account hereunder, the Escrow Agent may execute any of its powers and perform its duties hereunder directly or through agents or attorneys and may consult with counsel, including in-house counsel, accountants and other skilled persons to be selected and retained by it.   The Escrow Agent shall not be liable for anything done, suffered or omitted in good faith by it in accordance with the advice or opinion of any such counsel, accountants or other skilled persons, including in-house counsel.

(d)     The Settling Parties agree to jointly and severally indemnify, defend and hold the Escrow Agent and its affiliates and each of their respective directors, officers, agents and employees (collectively, the "Indemnitees") harmless from and against any and all claims, liabilities, losses, damages, fines, penalties, and expenses, including out-of-pocket and incidental expenses and legal fees and expenses ("Losses") that may be imposed on, incurred by, or asserted against, the Indemnitees or any of them (i) for following any instructions or other directions upon which the Escrow Agent is authorized to rely pursuant to the terms of this Escrow Agreement; or (ii) in connection with or arising out of the Escrow Agent's performance under this Escrow Agreement provided, with respect to this clause (ii) only, the Indemnitees have not acted with gross negligence

4

or engaged in willful misconduct.  Anything in this Escrow Agreement to the contrary notwithstanding, in no event shall the Escrow Agent be liable for special, indirect, incidental, punitive or consequential loss or damage of any kind whatsoever (including but not limited to lost profits), even if the Escrow Agent has been advised of the likelihood of such loss or damage and regardless of the form of action.  The provisions of this paragraph shall survive the termination of this Escrow Agreement and the resignation or removal of the Escrow Agent for any reason.

(e)     The Escrow Agent shall have no duties except those specifically set forth in this Agreement  and shall not be subject to, nor have any liability or responsibility under, any other agreement or document the other parties hereto may be parties to or responsible for, even if same is referenced herein or copies have been given to the Escrow Agent.

8.     <u>Compensation.</u>  It is not anticipated that the Escrow Agent shall charge a fee for its services hereunder, unless the Settling Parties change the investment specified in section 4 (a).

9.     <u>Tax Identification Number; Indemnification as to Taxes, Penalties and Interest.</u>

(a)     All Income accrued in the Escrow Fund shall be held for the account of Ven-A-Care of the Florida Keys, Inc. and shall be reported by Ven-A-Care of the Florida Keys, Inc. under applicable federal regulations using its tax identification number which is #█████████████.

(b)     Without limiting the generality of any provision of this Agreement, Relator shall indemnify, defend and hold harmless the Escrow Agent against and in respect of any liability for taxes and for any penalties or interest in respect of taxes attributable to Income earned by the Escrow Fund.

10.     Amendment.   This Agreement may not be amended or supplemented and no provision hereof may be modified or waived, except by an instrument in writing, signed by all of the parties hereto.

11.     Termination.   The purpose of this Escrow Agreement and the terms hereof shall terminate upon the disbursement of all of the Escrow Fund by the Escrow Agent, and the Escrow Agent shall be relieved of any and all further obligations hereunder.

12.     Resignation; Removal.

(a)     The Escrow Agent may resign at any time by giving thirty (30) days written notice of such resignation to the Settling Parties.  If no successor Escrow Agent has been named at the expiration of the thirty (30) day period, the Escrow Agent shall have no further obligation hereunder except to hold the Escrow Fund as a depository.  Upon notification by the Settling Parties of the appointment of a successor, the Escrow Agent shall, upon payment of any and all fees and expenses due to Escrow Agent, promptly deliver the Escrow Fund and all materials in its possession relating to the Escrow Fund to such successor, and the duties of the resigning Escrow Agent shall thereupon in all respects terminate, and Escrow Agent shall be released and discharged from all further obligations hereunder.

(b)     The Escrow Agent may be discharged from its duties as Escrow Agent under this Agreement upon thirty (30) days written notice from the Settling Parties and upon payment of any and all fees due to Escrow Agent.  In such event, the Escrow Agent shall be entitled to rely on instructions from the Settling Parties as to the disposition and delivery of the Escrow Fund.

(c)     In the event of the termination of this Agreement or the resignation or removal of the Escrow Agent, the Escrow Agent shall have the right to retain for itself from the Escrow Fund an amount equal to the compensation due and owing to the Escrow Agent, plus any costs and expenses the Escrow Agent shall reasonably believe

6

may be incurred by the Escrow Agent in connection with the termination of the Escrow Agreement or the transfer of the Escrow Fund.

13.     <u>Miscellaneous</u>.  All covenants and agreements contained in this Agreement by or on behalf of the parties hereto shall bind and inure to the benefit of such parties and their respective heirs, administrators, legal representatives, successors and assigns, as the case may be, and all references to such parties herein shall be deemed also to refer to any successors, assigns, heirs, administrators and legal representatives of said parties, as the case may be.  None of the parties may assign its rights under this Escrow Agreement, or assign or delegate its obligations hereunder, without the other parties' prior written consent.  The headings in this Agreement are for convenience of reference only and shall neither be considered as part of this Agreement, nor limit or otherwise affect the meaning hereof.   This Agreement represents the entire understanding of the parties hereto with respect to the subject matter contained herein and supersedes any and all other and prior agreements between them.

14.     <u>Notices</u>.  Any notice, request for consent, report, or any other communication required or permitted in this Escrow Agreement shall be in writing and shall be deemed to have been given when personally delivered to the party specified or when placed in the United States mail, registered or certified, with return receipt requested, postage prepaid and addressed as follows (with a copy also sent by Facsimile):

If to the Escrow Agent:

PNC Bank, National Association
Two PNC Plaza 7th Floor
625 Liberty Avenue
Pittsburgh, PA  15222
Attention: Christopher Reiser
Facsimile No.: (412) 762-7034

| cc: | PNC Bank Legal Department or<br>1600 Market Street, 28th Floor<br>Philadelphia, PA  19103 | PNC Bank Legal Department<br>One PNC Plaza<br>249 Fifth Avenue<br>Pittsburgh, PA  15222 |
|---|---|---|

If to or from Relator:

    James J. Breen, Esq.
    The Breen Law Firm, P.A.
    5755 North Point Parkway, Suite 260
    Alpharetta, GA 30022
    Telephone: (770) 740-0008
    Facsimile: (770) 740-9109

If to or from the Teva Parties:

    Jennifer G. Levy
    KIRKLAND & ELLIS LLP
    655 Fifteenth St., NW
    Washington, DC 200005
    Telephone: (202) 879-5211
    Facsimile: (202) 879-5200

    With copy to:
    Teva Pharmaceuticals USA, Inc.
    Attn:  General Counsel
    425 Privet Road
    Post Office Box 1005
    Horsham, PA 19044-8005
    Telephone: (215) 293-6400
    Facsimile: (215) 293-6499

If to or from the State of Florida:

    L. Kirk Rogers
    Office of the Attorney General
    Medicaid Fraud Control Unit
    Complex Civil Enforcement Bureau
    Telephone: 850-414-3300
    Facsimile:  850-487-9475

If to or from the State of Texas:

    Raymond C. Winter
    Assistant Attorney General
    Chief, Civil Medicaid Fraud Division
    Office of the Attorney General
    PO Box 12548
    Austin, Texas 78711-2548
    Telephone: (512) 936-1709
    Facsimile: (512) 370-9477

If to or from the State of California:

      Nicholas N. Paul
      Supervising Deputy Attorney General
      Bureau of Medi-Cal Fraud and Elder Abuse
      Office of the Attorney General
      1455 FRAZEE RD., SUITE 315
      SAN DIEGO, CA 92108-4304
      Telephone: (619) 688-6099
      Fax: (619) 688-4200

If to or from the United States:

      Laurie A. Oberembt
      Senior Trial Counsel
      Civil Division
      United States Department of Justice
      P.O. Box 261
      Ben Franklin Station
      Washington, DC  20044
      United States of America
      Telephone:(202) 514-3345
      Facsimile: (202) 616-3085

Any party or distributee may unilaterally designate a different address by giving notice of each change in the manner specified above to each other party. Notwithstanding anything to the contrary herein, Escrow Agent shall not be bound by any notice unless actually received by Escrow Agent.

15.   <u>Execution</u>.   This Agreement may be executed in several counterparts, each of which shall be deemed an original, but such counterparts together shall constitute one and the same instrument.

**Signatories:**
For the Relator:

James J. Breen, Esq.
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
Telephone: (770) 740-0008
Facsimile: (770) 740-9109
Date: _____July 20, 2010_____

For the Teva Parties:

_____
Jennifer G. Levy
KIRKLAND & ELLIS LLP
655 Fifteenth St., NW
Washington, DC 200005
Telephone: (202) 879-5211
Facsimile: (202) 879-5200
Date: _____

For the Escrow Agent:


_____
PNC Bank, National Association
1600 Market Street
Philadelphia, PA  19103
Telephone: (215) 585 -7101
Facsimile No.: (215) 585-7519


Date: _____


*The balance of this page is intentionally left blank.*

For the Teva Parties:

_____

Jennifer G. Levy
KIRKLAND & ELLIS LLP
655 Fifteenth St., NW
Washington, DC 200005
Telephone: (202) 879-5211
Facsimile: (202) 879-5200
Date: _____

For the Escrow Agent:

_____

PNC Bank, National Association
1600 Market Street
Philadelphia, PA 19103
Telephone: (215) 585-7101
Facsimile No.: (215) 585-7519

Date: _____

*The balance of this page is intentionally left blank.*

CERTIFICATION

By signing below, James J. Breen certifies under penalty of perjury that:

a.      The number shown in this Agreement is Ven-a-Care of the Florida Keys' correct

taxpayer ID number.

b.      Ven-a-Care of the Florida Keys is not subject to backup withholding because
        (i)     Ven-a-Care of the Florida Keys is exempt from backup withholding,
        (ii)    Ven-a-Care of the Florida Keys has not been notified by the Internal Revenue
                Service ("IRS") that it is subject to backup withholding as a result of a failure to
                report all interest or dividends, or
        (iii)   the IRS has notified Ven-a-Care of the Florida Keys that it is no longer subject to
                backup withholding; and


        VEN-A-CARE OF THE FLORIDA KEYS UNDERSTANDS THAT THE INTERNAL
        REVENUE SERVICE DOES NOT REQUIRE ITS CONSENT TO ANY PROVISION OF THIS
        AGREEMENT OTHER THAN THE CERTIFICATIONS REQUIRED TO AVOID BACKUP
        WITHHOLDING.

        James J. Breen, Esq.
        The Breen Law Firm, P.A.
        5755 North Point Parkway, Suite 260
        Alpharetta, GA 30022
        Telephone: (770) 740-0008
        Facsimile: (770) 740-9109
        Date: ___July 23, 2010___

11

**Form of Escrow Agreement**

**Appendix A**

[Final Settlement Agreement and Release]

**<u>EXHIBIT 2</u>**
**<u>to</u>**
**<u>SETTLEMENT AGREEMENT AND RELEASE</u>**

| Teva Settlement Allocation  Schedule | |
|---|---|
| | |
| Gross Allocations of Settlement Amount | |
| The United States | $100,000,000 |
| The State of Florida | $14,117,647.06 |
| The State of Texas | $51,382,352.94 |
| The State of California | $3,500,000 |
| Total | $169,000,000 |
| | |
| | |
| | |
| | |
| Allocations from Gross Amounts | |
| | |
| The United States | $100,000,000.00 |
| Ven-A-Care U.S. Relator Share | Amount to be determined by agreement of United States or as ordered by the United States Court after distributions from escrow. |
| | |
| | |
| The State of Florida | |
| Ven-A-Care Florida Relator Share | $2,067,647.06 |
| Ven-A-Care Attorneys' Fees and Costs Recovery | $1,000,000 |
| Florida Agency Net | $11,050,000 |
| | |
| The State of Texas | |
| The State of Texas Office of Attorney General Attorneys' Fees and Costs Recovery | $1,200,000 |
| State of Texas Outside Counsel per contingency fee contract. | To be determined and further distributed  by the State of Texas after distributions from escrow. |
| Ven-A-Care Counsel Fee and Costs recovery | $3,500,000 |
| Ven-A-Care Texas Relator Share | $7,263,994.36 |
| Texas Agency Net | To be determined by the State of Texas after distributions from escrow. |
| | |
| | |
| Escrow Agent's Distributions (exclusive of pro rata escrow account income) | |
| To the United States per directions of US Department of Justice | $100,000,000 |
| To the State of Florida per the directions of the Florida Office of Attorney General | $11,050,000 |

| | |
|---|---|
| To the State of Texas per the directions of the Texas Office of the Attorney General | $40,618,359 |
| To the State of California per the directions of the California Office of the Attorney General | $3,500,000 |
| To Ven-A-Care of the Florida Keys, Inc. per the direction of its lead counsel James J. Breen | $9,331,641.42 |
| To Ven-A-Care of the Florida Keys, Inc. counsel per the direction of its lead counsel James J. Breen | $4,500,000 |
| Total Distributions by Escrow Agent Exclusive of Account Income | $169,000,000 |

**<u>EXHIBIT 3</u>**
**<u>to</u>**
**<u>SETTLEMENT AGREEMENT AND RELEASE</u>**

**IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

| | | |
|---|---|---|
| **THE STATE OF FLORIDA** | ) | |
| | ) | |
| **ex rel.** | ) | |
| | ) | |
| **VEN-A-CARE OF THE** | ) | |
| **FLORIDA KEYS, INC.,** | ) | |
| **a Florida Corporation, by and** | ) | |
| **through its principal** | ) | |
| **officers and directors,** | ) | |
| **ZACHARY T. BENTLEY and** | ) | |
| **T. MARK JONES,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | **CIVIL ACTION NOS.    03-CA1165** |
| | ) | **98-CA3032** |
| ██████████████ | ) | |
| ██████████████ | ) | |
| ████████ **BARR** | ) | |
| **LABORATORIES, INC.; BARR** | ) | |
| **PHARMACEUTICALS, INC.;**████ | ) | |
| ████████████ | ) | |
| **DURAMED RESEARCH, INC.;**███ | ) | |
| ████████████ | ) | |
| ████████████ | ) | |
| **IVAX CORPORATION;** | ) | |
| **IVAX PHARMACEUTICALS, INC.;** | ) | |
| ██████████████ | ) | |
| ████████████ | ) | |
| ████████████ | ) | |
| ██████████████ | ) | |
| ████████ **;** | ) | |
| ██████████████ | ) | |
| ██████████████ | ) | |
| ██████████████ | ) | |
| ████████ | ) | |
| **TEVA PHARMACEUTICALS USA, INC.;** | ) | |
| **TEVA PHARMACEUTICAL** | ) | |
| **INDUSTRIES, LTD.;**████ | ) | |
| ████████ **and ZENITH-** | ) | |
| **GOLDLINE PHARMACEUTICALS, INC.** | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF BARR LABORATORIES, INC., BARR PHARMACEUTICALS, INC., DURAMED RESEARCH, INC., IVAX CORPORATION, IVAX PHARMACEUTICALS, INC., TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD. AND ZENITH-GOLDLINE PHARMACEUTICALS, INC.**

The above-captioned matters are actions brought under the *qui tam* provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA,") by the State of Florida ("Florida,") the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator") (collectively, the "Plaintiffs") against Barr Laboratories, Inc., Barr Pharmaceuticals, Inc., Duramed Research, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc., Teva Pharmaceuticals USA Inc., Teva Pharmaceutical Industries, Ltd. and Zenith-Goldline Pharmaceuticals, Inc. (the foregoing eight parties collectively, "Barr/Ivax Parties") (all of the foregoing parties collectively, the "Parties").

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the FFCA, the Parties hereby stipulate to the entry of an order dismissing the "Released Claims" relating to or arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) and respectfully request that the Court enter an order in the form attached hereto as Exhibit B.

Dated: _____, 2010          Respectfully submitted,


 /s/James J. Breen_____
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator

**  /s/ Lisabeth Kirk Rogers**
LISABETH KIRK ROGERS
Assistant Attorney General
Office of the Attorney General
Medicaid Fraud Control Unit
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3600

Counsel for State of Florida

**  /s/Jennifer G. Levy**
JENNIFER G. LEVY
Kirkland & Ellis LLP
655 Fifteenth St., NW
Washington, DC 20005
(202) 879-5211

Counsel for Teva Parties/Barr/Ivax Parties

**<u>EXHIBIT A</u>**
**<u>TO</u>**
**<u>STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF</u>**
**<u>DISMISSAL WITH PREJUDICE</u>**

**<u>EXHIBIT B</u>**
**<u>TO</u>**
**<u>STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF
DISMISSAL WITH PREJUDICE</u>**

**IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

| | | |
|---|---|---|
| **THE STATE OF FLORIDA** | ) | |
| | ) | |
| <u>ex rel.</u> | ) | |
| | ) | |
| **VEN-A-CARE OF THE** | ) | |
| **FLORIDA KEYS, INC.,** | ) | |
| **a Florida Corporation, by and** | ) | |
| **through its principal** | ) | |
| **officers and directors,** | ) | |
| **ZACHARY T. BENTLEY and** | ) | |
| **T. MARK JONES,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | **CIVIL ACTION NOS.    03-CA1165** |
| | ) | **98-CA3032** |
| ███████████████ | ) | |
| ████████████████ | ) | |
| █████████ **BARR** | ) | |
| **LABORATORIES, INC.; BARR** | ) | |
| **PHARMACEUTICALS, INC.;** ███ | ) | |
| █████████████████ | ) | |
| **DURAMED RESEARCH, INC.;** ██ | ) | |
| ███████████ | ) | |
| ████████████ | ) | |
| **IVAX CORPORATION;** | ) | |
| **IVAX PHARMACEUTICALS, INC.;** | ) | |
| ███████████████ | ) | |
| █████████████ | ) | |
| ██████████████ | ) | |
| ████████ | ) | |
| ███████████████ | ) | |
| ███████████████ | ) | |
| ███████████████ | ) | |
| ████████ | ) | |
| **TEVA PHARMACEUTICALS USA, INC.;** | ) | |
| **TEVA PHARMACEUTICAL** | ) | |
| **INDUSTRIES, LTD.;** █████ | ) | |
| ████████ **and ZENITH-** | ) | |
| **GOLDLINE PHARMACEUTICALS, INC.** | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

- 1 -

## <u>ORDER OF DISMISSAL WITH PREJUDICE OF BARR LABORATORIES, INC., BARR PHARMACEUTICALS, INC., DURAMED RESEARCH, INC., IVAX CORPORATION, IVAX PHARMACEUTICALS, INC., TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES, LTD. AND ZENITH-GOLDLINE PHARMACEUTICALS, INC.</u>

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA,") the State of Florida ("Florida,") the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator") (collectively, the "Plaintiffs") and Barr Laboratories, Inc., Barr Pharmaceuticals, Inc., Duramed Research, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc., Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd. and Zenith-Goldline Pharmaceuticals, Inc. (the foregoing eight parties collectively, "Barr/Ivax Parties") (all of the foregoing parties collectively, the "Parties") filed with this Court, a Stipulation of Dismissal with Prejudice of the Barr Parties and Motion for Order of Dismissal with Prejudice of the Barr/Ivax Parties. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.     Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2.     Each party shall be responsible for its own expenses, attorneys' fees and costs.

3.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ___ day of _____, 2010.


_____
Circuit Judge Jackie L. Fulford

**IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

| | | |
|---|---|---|
| **THE STATE OF FLORIDA** | ) | |
| | ) | |
| **ex rel.** | ) | |
| | ) | |
| **VEN-A-CARE OF THE** | ) | |
| **FLORIDA KEYS, INC.,** | ) | |
| **a Florida Corporation, by and** | ) | |
| **through its principal** | ) | |
| **officers and directors,** | ) | |
| **ZACHARY T. BENTLEY and** | ) | |
| **T. MARK JONES,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | **CIVIL ACTION NOS.     03-CA1165-A** |
| | ) | **98-CA3032** |
| | ) | |
| ███████████████████ | ) | |
| ███████████████████ | ) | |
| ███████████████████ | ) | |
| **IVAX CORPORATION;** | ) | |
| **IVAX PHARMACEUTICALS, INC.;** | ) | |
| ████████████ | ) | |
| ███████████████ | ) | |
| ████████ **and ZENITH-** | ) | |
| **GOLDLINE PHARMACEUTICALS, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR
ORDER OF DISMISSAL WITH PREJUDICE OF IVAX CORPORATION, IVAX
PHARMACEUTICALS, INC., AND ZENITH-GOLDLINE PHARMACEUTICALS, INC.**

The above-captioned matters are actions brought under the *qui tam* provisions of the

Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA,") by the State of Florida

("Florida,") the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator") (collectively, the

"Plaintiffs") against Ivax Corporation, Ivax Pharmaceuticals, Inc., and Zenith-Goldline

Pharmaceuticals, Inc., (the foregoing three parties collectively, "Ivax Parties") (all of the

foregoing parties collectively, the "Parties").

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the FFCA, the Parties hereby stipulate to the entry of an order dismissing the "Released Claims" relating to or arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) and respectfully request that the Court enter an order in the form attached hereto as Exhibit B.

Dated: _____, 2010                    Respectfully submitted,


  /s/**James J. Breen**_____
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator


  /s/**Lisabeth Kirk Rogers**_____
LISABETH KIRK ROGERS
Assistant Attorney General
Office of the Attorney General
Medicaid Fraud Control Unit
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3600

Counsel for State of Florida


  /s/**Jennifer G. Levy**_____
JENNIFER G. LEVY
Kirkland & Ellis LLP
655 Fifteenth St., NW
Washington, DC 20005
(202) 879-5211

Counsel for Teva Parties/Ivax Parties

**<u>EXHIBIT A</u>**
**<u>TO</u>**
**<u>STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF</u>**
**<u>DISMISSAL WITH PREJUDICE</u>**

**<u>EXHIBIT B</u>**
**<u>TO</u>**
**<u>STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF
DISMISSAL WITH PREJUDICE</u>**

**IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

| | |
|---|---|
| **THE STATE OF FLORIDA** ) | |
| ) | |
| **ex rel.** ) | |
| ) | |
| **VEN-A-CARE OF THE** ) | |
| **FLORIDA KEYS, INC.,** ) | |
| **a Florida Corporation, by and** ) | |
| **through its principal** ) | |
| **officers and directors,** ) | |
| **ZACHARY T. BENTLEY and** ) | |
| **T. MARK JONES,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | **CIVIL ACTION NOS.**   **03-CA1165-A** |
| ) | **98-CA3032** |
| ) | |
| ███████████████ ) | |
| ) | |
| █████████████ ) | |
| ███████████ ) | |
| **IVAX CORPORATION;** ) | |
| **IVAX PHARMACEUTICALS, INC.;** ) | |
| ████████ ) | |
| ) | |
| ███████████ **and ZENITH-** ) | |
| **GOLDLINE PHARMACEUTICALS, INC.** ) | |
| ) | |
| **Defendants.** ) | |
| ───────────────────── ) | |

## ORDER OF DISMISSAL WITH PREJUDICE OF IVAX CORPORATION, IVAX PHARMACEUTICALS, INC., AND ZENITH-GOLDLINE PHARMACEUTICALS, INC.

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA,") the State of Florida ("Florida,") the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator") (collectively, the "Plaintiffs") and Ivax Corporation, Ivax Pharmaceuticals, Inc., and Zenith-Goldline Pharmaceuticals, Inc. (the foregoing three parties collectively, "Ivax Parties") (all of the foregoing parties collectively, the "Parties") filed with this Court, a Stipulation of Dismissal with Prejudice of the Ivax Parties and Motion for Order of Dismissal with Prejudice of the Ivax

Parties.  Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.      Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2.      Each party shall be responsible for its own expenses, attorneys' fees and costs.

3.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ___ day of _____, 2010.


_____
Circuit Judge Jackie L. Fulford

**IN THE COURT OF THE SECOND JUDICIAL CIRCUIT**
**IN AND FOR LEON COUNTY, FLORIDA**

| | |
|---|---|
| **THE STATE OF FLORIDA** | ) |
| | ) |
| <u>ex rel.</u> | ) |
| | ) |
| **VEN-A-CARE OF THE** | ) |
| **FLORIDA KEYS, INC.,** | ) |
| **a Florida Corporation, by and** | ) |
| **through its principal** | ) |
| **officers and directors,** | ) |
| **ZACHARY T. BENTLEY and** | ) |
| **T. MARK JONES,** | ) |
| | ) |
| **Plaintiffs** | ) |
| | )     **CIVIL ACTION NO.  98-CA3032 E** |
| | ) |
| ▆▆▆▆▆▆ | ) |
| ▆▆▆▆▆▆▆▆▆▆▆ | ) |
| ▆▆▆▆▆▆▆▆ | ) |
| ▆▆▆▆ ▆▆▆▆ | ) |
| ▆▆▆▆▆▆▆▆▆▆▆ | ) |
| ▆▆▆▆▆▆▆ | ) |
| ▆▆▆▆▆▆ | ) |
| ▆▆▆▆▆▆▆▆ | ) |
| **GENSIA SICOR PHARMACEUTICALS,** | ) |
| **INC.;** ▆▆▆▆▆▆▆▆ | ) |
| ▆▆▆▆▆▆▆ | ) |
| ▆▆▆▆▆ | ) |
| ▆▆▆▆▆▆▆▆ | ) |
| **SICOR, INC.;** ▆▆▆▆ | ) |
| ▆▆▆▆▆▆ | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF GENSIA SICOR PHARMACEUTICALS, INC. AND SICOR, INC.

The above-captioned matters are actions brought under the *qui tam* provisions of the

Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA,") by the State of Florida

("Florida,") the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator") (collectively, the

**<u>EXHIBIT A</u>**
**<u>TO</u>**
**<u>STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF</u>**
**<u>DISMISSAL WITH PREJUDICE</u>**

"Plaintiffs") against Gensia Sicor Pharmaceuticals, Inc. and Sicor, Inc. (the foregoing two parties collectively, "Gensia Parties") (all of the foregoing parties collectively, the "Parties").

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the FFCA, the Parties hereby stipulate to the entry of an order dismissing the "Released Claims" relating to or arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) and respectfully request that the Court enter an order in the form attached hereto as Exhibit B.

Dated: _____, 2010              Respectfully submitted,


                                           **/s/James J. Breen**_____
                                           JAMES J. BREEN
                                           The Breen Law Firm, P.A.
                                           5755 North Point Parkway, Suite 260
                                           Alpharetta, GA 30022
                                           (770) 740-0008

                                           Counsel for Relator


                                           **/s/Lisabeth Kirk Rogers**_____
                                           LISABETH KIRK ROGERS
                                           Assistant Attorney General
                                           Office of the Attorney General
                                           Medicaid Fraud Control Unit
                                           PL-01, The Capitol
                                           Tallahassee, Florida 32399-1050
                                           (850) 414-3600

                                           Counsel for State of Florida


                                           **/s/Jennifer G. Levy**_____
                                           JENNIFER G. LEVY
                                           Kirkland & Ellis LLP
                                           655 Fifteenth St., NW
                                           Washington, DC 20005
                                           (202) 879-5211

                                           Counsel for Teva Parties/Gensia Parties

**<u>EXHIBIT B</u>**
**<u>TO</u>**
**<u>STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF</u>**
**<u>DISMISSAL WITH PREJUDICE</u>**

**IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

THE STATE OF FLORIDA      )
           )
<u>ex rel.</u>             )
           )
      VEN-A-CARE OF THE    )
      FLORIDA KEYS, INC.,    )
      a Florida Corporation, by and  )
      through its principal     )
      officers and directors,    )
      ZACHARY T. BENTLEY and  )
      T. MARK JONES,      )
           )
        Plaintiffs      )
           )     CIVIL ACTION NO.  98-CA3032 E
           )

▮▮▮▮▮▮▮▮           )
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮    )
▮▮▮▮▮▮▮▮▮▮▮▮▮     )
▮▮▮▮▮▮▮▮         )
▮▮▮▮▮▮▮▮▮▮▮▮▮▮   )
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮   )
▮▮▮▮▮▮▮▮▮▮▮▮     )
▮▮▮▮▮▮▮▮▮        )
▮▮▮▮▮▮▮▮▮        )
▮▮▮▮▮▮▮▮▮▮▮▮     )
▮▮▮▮▮▮▮▮▮        )
GENSIA SICOR PHARMACEUTICALS, )
INC.;▮▮▮▮▮▮▮▮▮▮▮   )
▮▮▮▮▮▮▮▮▮▮      )
▮▮▮▮▮▮▮▮▮▮▮     )
SICOR, INC.; and ▮▮▮▮▮▮   )
▮▮▮▮▮▮▮▮▮        )
           )
        Defendants.     )
_____)

<u>ORDER OF DISMISSAL WITH PREJUDICE OF GENSIA SICOR
PHARMACEUTICALS, INC. AND SICOR, INC.</u>

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam*

provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA,") the State of

Florida ("Florida,") the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator")

(collectively, the "Plaintiffs") and Gensia Sicor Pharmaceuticals, Inc. and Sicor, Inc. (the foregoing two parties collectively, "Gensia Parties") (all of the foregoing parties collectively, the "Parties") filed with this Court, a Stipulation of Dismissal with Prejudice of the Gensia Parties and Motion for Order of Dismissal with Prejudice of the Gensia Parties.  Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.      Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2.      Each party shall be responsible for its own expenses, attorneys' fees and costs.

3.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ___ day of _____, 2010.


_____
Circuit Judge Jackie L. Fulford

IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

| | | |
|---|---|---|
| THE STATE OF FLORIDA | ) | |
| | ) | |
| ex rel. | ) | |
| | ) | |
|     VEN-A-CARE OF THE | ) | |
|     FLORIDA KEYS, INC., | ) | |
|     a Florida Corporation, by and | ) | |
|     through its principal | ) | |
|     officers and directors, | ) | |
|     ZACHARY T. BENTLEY and | ) | |
|     T. MARK JONES, | ) | |
| | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO.  98-3032F |
|     vs. | ) | 03-CA1165A |
| | ) | |
| ALPHARMA, INC.; ALPHARMA | ) | |
| USPD, INC. f/k/a BARRE-NATIONAL, | ) | |
| INC.; BARRE PARENT | ) | |
| CORPORATION; FAULDING, INC.; | ) | |
| IVAX CORPORATION; IVAX | ) | |
| PHARMACEUTICALS, INC. f/k/a | ) | |
| ZENITH-GOLDLINE | ) | |
| PHARMACEUTICALS, INC.; MAYNE | ) | |
| GROUP, LTD.; SANDOZ INC., f/k/a | ) | |
| GENEVA PHARMACEUTICALS, INC.; | ) | |
| NOVARTIS A.G.; PUREPAC | ) | |
| PHARMACEUTICAL CO. ; ACTAVIS, | ) | |
| INC.; ACTAVIS ELIZABETH LLC.; | ) | |
| and ACTAVIS MID ATLANTIC LLC | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF IVAX CORPORATION AND IVAX PHARMACEUTICALS, INC., F/K/A ZENITH-GOLDLINE PHARMACEUTICALS, INC.

The above-captioned matters are actions brought under the *qui tam* provisions of the

Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA,") by the State of Florida

("Florida,") the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator") (collectively, the

"Plaintiffs") against Ivax Corporation, Ivax Pharmaceuticals, Inc., f/k/a Zenith-Goldline Pharmaceuticals, Inc. (the foregoing three parties collectively, "Ivax Parties") (all of the foregoing parties collectively, the "Parties").

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the FFCA, the Parties hereby stipulate to the entry of an order dismissing the "Released Claims" relating to or arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) and respectfully request that the Court enter an order in the form attached hereto as Exhibit B.

Dated:  _____, 2010                   Respectfully submitted,


  **/s/James J. Breen**_____
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator


  **/s/Lisabeth Kirk Rogers**_____
LISABETH KIRK ROGERS
Assistant Attorney General
Office of the Attorney General
Medicaid Fraud Control Unit
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3600

Counsel for State of Florida


  **/s/Jennifer G. Levy**_____
JENNIFER G. LEVY
Kirkland & Ellis LLP
655 Fifteenth St., NW
Washington, DC 20005
(202) 879-5211

Counsel for Teva Parties/Ivax Parties

**<u>EXHIBIT A</u>**
**<u>TO</u>**
**<u>STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF</u>**
**<u>DISMISSAL WITH PREJUDICE</u>**

**<u>EXHIBIT B</u>**
**<u>TO</u>**
**<u>STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF</u>**
**<u>DISMISSAL WITH PREJUDICE</u>**

IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

| | |
|---|---|
| THE STATE OF FLORIDA | ) |
| | ) |
| ex rel. | ) |
| | ) |
| VEN-A-CARE OF THE | ) |
| FLORIDA KEYS, INC., | ) |
| a Florida Corporation, by and | ) |
| through its principal | ) |
| officers and directors, | ) |
| ZACHARY T. BENTLEY and | ) |
| T. MARK JONES, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| ALPHARMA, INC.; ALPHARMA | ) |
| USPD, INC. f/k/a BARRE-NATIONAL, | ) |
| INC.; BARRE PARENT | ) |
| CORPORATION; FAULDING, INC.; | ) |
| IVAX CORPORATION; IVAX | ) |
| PHARMACEUTICALS, INC., f/k/a | ) |
| ZENITH-GOLDLINE | ) |
| PHARMACEUTICALS, INC.; MAYNE | ) |
| GROUP, LTD.; SANDOZ INC., f/k/a | ) |
| GENEVA PHARMACEUTICALS, INC.; | ) |
| NOVARTIS A.G.; PUREPAC | ) |
| PHARMACEUTICAL CO.; ACTAVIS, | ) |
| INC.; ACTAVIS ELIZABETH LLC.; | ) |
| and ACTAVIS MID ATLANTIC LLC | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION NO. 98-3032F
03-CA1165A

## ORDER OF DISMISSAL WITH PREJUDICE OF IVAX CORPORATION AND IVAX PHARMACEUTICALS, INC., F/K/A ZENITH-GOLDLINE PHARMACEUTICALS, INC.

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam*

provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA,") the State of

Florida ("Florida,") the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator") (collectively, the "Plaintiffs") and Ivax Corporation, Ivax Pharmaceuticals, Inc., f/k/a Zenith-Goldline Pharmaceuticals, Inc. (the foregoing three parties collectively, "Ivax Parties") (all of the foregoing parties collectively, the "Parties") filed with this Court, a Stipulation of Dismissal with Prejudice of the Ivax Parties and Motion for Order of Dismissal with Prejudice of the Ivax Parties.  Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.      Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2.      Each party shall be responsible for its own expenses, attorneys' fees and costs.

3.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ___ day of _____, 2010.


_____
Circuit Judge Jackie L. Fulford

**IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL CIRCUIT**
**IN AND FOR LEON COUNTY, FLORIDA**
**CIRCUIT CIVIL DIVISION**

| | |
|---|---|
| THE STATE OF FLORIDA )<br><br>**ex rel.** )<br><br>VEN-A-CARE OF THE )<br>FLORIDA KEYS, INC., )<br>a Florida Corporation, by and )<br>through its principal )<br>officers and directors, )<br>ZACHARY T. BENTLEY and )<br>T. MARK JONES, )<br><br>Plaintiffs )<br>)<br>v. )<br>)<br>MYLAN LABORATORIES, INC.; )<br>MYLAN PHARMACEUTICALS, INC.; )<br>NOVOPHARM, LTD.; SCHEIN )<br>PHARMACEUTICAL, INC.; )<br>TEVA PHARMACEUTICAL )<br>INDUSTRIES, LTD.; TEVA )<br>PHARMACEUTICALS USA, INC.; and )<br>WATSON PHARMACEUTICALS, INC. )<br>)<br>Defendants. )<br>_____) | **CIVIL ACTION NO.: 98-3032G** |

**STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF TEVA PHARMACEUTICAL INDUSTRIES, LTD. AND TEVA PHARMACEUTICALS USA, INC.**

The above-captioned matters are actions brought under the *qui tam* provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA,") by the State of Florida ("Florida,") the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator") (collectively, the "Plaintiffs") against Teva Pharmaceutical Industries, Ltd. and Teva Pharmaceuticals USA, Inc. (the foregoing two parties collectively, "Teva Parties") (all of the foregoing parties collectively, the "Parties").

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the FFCA, the Parties hereby stipulate to the entry of an order dismissing the "Released Claims" relating to or arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) and respectfully request that the Court enter an order in the form attached hereto as Exhibit B.

Dated:  _____, 2010                       Respectfully submitted,


  **/s/James J. Breen**_____
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator


  **/s/Lisabeth Kirk Rogers**_____
LISABETH KIRK ROGERS
Assistant Attorney General
Office of the Attorney General
Medicaid Fraud Control Unit
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3600

Counsel for State of Florida


  **/s/Jennifer G. Levy**_____
JENNIFER G. LEVY
Kirkland & Ellis LLP
655 Fifteenth St., NW
Washington, DC 20005
(202) 879-5211

Counsel for Teva Parties

**<u>EXHIBIT A</u>**
**<u>TO</u>**
**<u>STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF</u>**
**<u>DISMISSAL WITH PREJUDICE</u>**

**EXHIBIT B**
**TO**
**STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF**
**DISMISSAL WITH PREJUDICE**

**IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION**

| | |
|---|---|
| **THE STATE OF FLORIDA** ) | |
| ) | |
| **ex rel.** ) | |
| ) | |
| **VEN-A-CARE OF THE** ) | |
| **FLORIDA KEYS, INC.,** ) | |
| **a Florida Corporation, by and** ) | |
| **through its principal** ) | |
| **officers and directors,** ) | |
| **ZACHARY T. BENTLEY and** ) | |
| **T. MARK JONES,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | **CIVIL ACTION NO.:  98-3032G** |
| **v.** ) | |
| ) | |
| **MYLAN LABORATORIES, INC.;** ) | |
| **MYLAN PHARMACEUTICALS, INC.;** ) | |
| **NOVOPHARM, LTD.; SCHEIN** ) | |
| **PHARMACEUTICAL, INC.;** ) | |
| **TEVA PHARMACEUTICAL** ) | |
| **INDUSTRIES, LTD.; TEVA** ) | |
| **PHARMACEUTICALS USA, INC.; and** ) | |
| **WATSON PHARMACEUTICALS, INC.** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER OF DISMISSAL WITH PREJUDICE OF TEVA PHARMACEUTICAL INDUSTRIES, LTD. AND TEVA PHARMACEUTICALS USA, INC.

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA,") the State of Florida ("Florida,") the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator") (collectively, the "Plaintiffs") and Teva Pharmaceutical Industries, Ltd. and Teva Pharmaceuticals USA, Inc. (the foregoing two parties collectively, "Teva Parties") (all of the foregoing parties collectively, the "Parties") filed with this Court, a Stipulation of Dismissal with

Prejudice of the Teva Parties and Motion for Order of Dismissal with Prejudice of the Teva Parties.  Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1. Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2. Each party shall be responsible for its own expenses, attorneys' fees and costs.

3. The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ___ day of _____, 2010.


_____
Circuit Judge Jackie L. Fulford

# EXHIBIT 4
## to
## SETTLEMENT AGREEMENT AND RELEASE

CAUSE NO D-1-GV-07-001259

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| *ex rel.*. | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| SANDOZ, INC., f/k/a GENEVA | § | |
| PHARMACEUTICALS, INC. | § | |
| NOVARTIS PHARMACEUTICALS, | § | |
| INC., NOVARTIS AG, EON LABS, | § | |
| APOTHECON, INC. | § | |
| | § | |
| MYLAN PHARMACEUTICALS, | § | OF TRAVIS COUNTY, TEXAS |
| INC., MYLAN LABORATORIES, | § | |
| INC., UDL LABORATORIES, INC. | § | |
| | § | |
| TEVA PHARMACEUTICALS USA, | § | |
| INC., f/k/a LEMMON | § | |
| PHARMACEUTICALS, INC., | § | |
| COPLEY PHARMACEUTICALS, INC., | § | |
| IVAX PHARMACEUTICALS, INC., | § | |
| SICOR PHARMACEUTICALS, | § | |
| INC., AND NOVOPHARM USA, INC. | § | |
| | § | |
| | § | |
| | § | |
| *Defendants*. | § | 201st JUDICIAL DISTRICT |

**STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF TEVA PHARMACEUTICALS USA, INC., COPLEY PHARMACEUTICALS, INC., IVAX PHARMACEUTICALS, INC., SICOR PHARMACEUTICALS, INC., AND NOVOPHARM USA, INC.**

The above-captioned matters are actions brought under the *qui tam* provisions of the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code § 36.001, *et seq.* ("TMFPA"), by the State of Texas ("Texas"), the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator" together with Texas "Plaintiffs"), against Teva Pharmaceuticals USA, Inc., Copley

Pharmaceuticals, Inc., Ivax Pharmaceuticals, Inc., Sicor Pharmaceuticals, Inc. and Novopharm USA, Inc. (the foregoing five parties collectively, "Teva Parties") (all of the forgoing parties together, the "Parties").

The Parties hereby stipulate to the entry of an order dismissing the "Released Claims" relating to or arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) and respectfully request that the Court enter an order in the form attached hereto.

Respectfully submitted,


  /s/ James J. Breen_____
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008
Counsel for Relator

  /s/ Raymond C. Winter
RAYMOND C. WINTER
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1709

Counsel for the State of Texas


  /s/ Jennifer G. Levy_____
JENNIFER G. LEVY
KIRKLAND & ELLIS LLP
655 Fifteenth St., NW
Washington, DC 20005
(202) 879-5211

Counsel for Teva Parties

Dated: _____, 2010

CAUSE NO D-1-GV-07-001259

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| *ex rel.*, | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| SANDOZ, INC., f/k/a GENEVA | § | |
| PHARMACEUTICALS, INC. | § | |
| NOVARTIS PHARMACEUTICALS, | § | |
| INC., NOVARTIS AG, EON LABS, | § | |
| APOTHECON, INC. | § | |
| | § | |
| MYLAN PHARMACEUTICALS, | § | OF TRAVIS COUNTY, TEXAS |
| INC., MYLAN LABORATORIES, | § | |
| INC., UDL LABORATORIES, INC. | § | |
| | § | |
| TEVA PHARMACEUTICALS USA, | § | |
| INC., f/k/a LEMMON | § | |
| PHARMACEUTICALS, INC., | § | |
| COPLEY PHARMACEUTICALS, INC., | § | |
| IVAX PHARMACEUTICALS, INC., | § | |
| SICOR PHARMACEUTICALS, | § | |
| INC., AND NOVOPHARM USA, INC. | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | 201st JUDICIAL DISTRICT |

## ORDER OF DISMISSAL WITH PREJUDICE OF TEVA PHARMACEUTICALS USA, INC., COPLEY PHARMACEUTICALS, INC., IVAX PHARMACEUTICALS, INC., SICOR PHARMACEUTICALS, INC., AND NOVOPHARM USA, INC.

Before the Court for consideration is the Joint Stipulation and Motion to Dismiss filed by

the State of Texas, the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator"), and Teva

Pharmaceuticals USA, Inc., Copley Pharmaceuticals, Inc., Ivax Pharmaceuticals, Inc., Sicor

Pharmaceuticals, Inc. and Novopharm USA, Inc. (the foregoing five parties collectively, "Teva

Parties") (all of the forgoing parties together, the "Parties") filed with this Court, a Stipulation of

Dismissal with Prejudice of the Teva Parties and Motion for Order of Dismissal with Prejudice of the Teva Parties.  Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.      Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2.      Each party shall be responsible for its own expenses, attorneys' fees, and costs.

3.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ___ day of _____, 2010.


_____
Hon. John K. Dietz

CAUSE NO. D-1-GV-08-001565

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| ex rel. | § | |
| VEN-A-CARE OF THE FLORIDA KEYS, INC. | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ALPHARMA, INC., ALPHARMA USPD f/k/a BARRE- | § | |
| NATIONAL, INC., PUREPAC PHARMACEUTICAL | § | |
| CO., ACTAVIS MID ATLANTIC LLC, ACTAVIS | § | |
| ELIZABETH LLC, BARRE PARENT CORP. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| BARR PHARMACEUTICALS, INC., BARR | § | |
| LABORATORIES, INC., DURAMED | § | |
| PHARMACEUTICALS, INC., DURAMED RESEARCH, | § | |
| INC., PLIVA, INC., f/k/a SIDMAK LABORATORIES, | § | |
| INC., ODYSSEY PHARMACEUTICALS, INC. | § | |
| | § | |
| PAR PHARMACEUTICALS, INC., PAR | § | |
| PHARMACEUTICAL COMPANIES, INC. | § | |
| | § | |
| WATSON PHARMACEUTICALS, INC., SCHEIN | § | |
| PHARMACEUTICAL, INC., RUGBY LABORATORIES, | § | |
| INC., OCLASSEN PHARMACEUTICALS, INC., | § | |
| MARSAM PHARMACEUTICALS, INC., AND | § | |
| ANDRX PHARMACEUTICALS, INC. | § | |
| | § | |
|     Defendants. | § | 419th JUDICIAL DISTRICT |

**STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF
DISMISSAL WITH PREJUDICE OF BARR PHARMACEUTICALS, INC., BARR
LABORATORIES, INC., DURAMED PHARMACEUTICALS, INC., PLIVA, INC., AND
ODYSSEY PHARMACEUTICALS, INC.**

The above-captioned matters are actions brought under the *qui tam* provisions of the

Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code § 36.001, *et seq.* ("TMFPA"), by

the State of Texas ("Texas"), the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator"

together with Texas "Plaintiffs"), against Barr Pharmaceuticals, Inc., Barr Laboratories, Inc.,

Duramed Pharmaceuticals, Inc., Pliva, Inc., and Odyssey Pharmaceuticals, Inc., (the foregoing five parties collectively, "Barr Parties") (all of the forgoing parties together, the "Parties").

The Parties hereby stipulate to the entry of an order dismissing the "Released Claims" relating to or arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) and respectfully request that the Court enter an order in the form attached hereto.

Respectfully submitted,


_/s/ James J. Breen_____
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator

_/s/ Raymond C. Winter
RAYMOND C. WINTER
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1709

Counsel for the State of Texas

_/s/ Jennifer G. Levy_____
JENNIFER G. LEVY
KIRKLAND & ELLIS LLP
655 Fifteenth St., NW
Washington, DC 20005
(202) 879-5211

Counsel for Barr Parties

Dated: _____ ___, 2010

CAUSE NO. D-1-GV-08-001565

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| ex rel. | § | |
| VEN-A-CARE OF THE FLORIDA KEYS, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ALPHARMA, INC., ALPHARMA USPD f/k/a BARRE-NATIONAL, INC., PUREPAC PHARMACEUTICAL CO., ACTAVIS MID ATLANTIC LLC, ACTAVIS ELIZABETH LLC, BARRE PARENT CORP. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| BARR PHARMACEUTICALS, INC., BARR LABORATORIES, INC., DURAMED PHARMACEUTICALS, INC., DURAMED RESEARCH, INC., PLIVA, INC., f/k/a SIDMAK LABORATORIES, INC., ODYSSEY PHARMACEUTICALS, INC. | § | |
| | § | |
| PAR PHARMACEUTICALS, INC., PAR PHARMACEUTICAL COMPANIES, INC. | § | |
| | § | |
| WATSON PHARMACEUTICALS, INC., SCHEIN PHARMACEUTICAL, INC., RUGBY LABORATORIES, INC., OCLASSEN PHARMACEUTICALS, INC., MARSAM PHARMACEUTICALS, INC., AND ANDRX PHARMACEUTICALS, INC. | § | |
| | § | |
| Defendants. | § | 419th JUDICIAL DISTRICT |

## ORDER OF DISMISSAL WITH PREJUDICE OF BARR PHARMACEUTICALS, INC., BARR LABORATORIES, INC., DURAMED PHARMACEUTICALS, INC., PLIVA, INC., AND ODYSSEY PHARMACEUTICALS, INC.

Before the Court for consideration is the Joint Stipulation and Motion to Dismiss filed by the State of Texas, the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator"), and Barr Pharmaceuticals, Inc., Barr Laboratories, Inc., Duramed Pharmaceuticals, Inc., Pliva, Inc., and Odyssey Pharmaceuticals, Inc., (the foregoing five parties collectively, "Barr Parties") (all of the forgoing parties together, the "Parties") filed with this Court, a Stipulation of Dismissal with

- 1 -

Prejudice of the Barr Parties and Motion for Order of Dismissal with Prejudice of the Barr Parties.  Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.      Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2.      Each party shall be responsible for its own expenses, attorneys' fees, and costs.

3.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ____ day of _____, 2010.

_____
Hon. Lora J. Livingston

**<u>EXHIBIT 5</u>**
**<u>to</u>**
**<u>SETTLEMENT AGREEMENT AND RELEASE</u>**

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257- |
| PBS | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

### STIPULATION OF DISMISSAL WITH PREJUDICE OF TEVA PARTIES AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE

The above-captioned matters are actions brought under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3729, *et seq.*, by Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator") against Teva Pharmaceuticals USA, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc., Duramed Research, Inc., Zenith-Goldline Pharmaceuticals, Inc., Goldline Laboratories, Inc., Barr Pharmaceuticals, Inc., and Barr Laboratories, Inc. (collectively, "Teva") (Teva together with Relator collectively the "Parties").

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with the terms of the Settlement Agreement and Release attached as Exhibit A hereto, the Parties hereby stipulate to the entry of an order dismissing all "Released Claims" for the "Covered Conduct" against the "Teva Released Parties" (as the terms in quotations are defined in the Settlement Agreement and Release) (attached hereto as Exhibit A). The United States consents to the requested dismissal, as set forth in the attached Exhibit B.

The Parties further stipulate that any claim the Relator or its counsel has to a Relator's share or for expenses, attorneys' fees, and costs shall not be the responsibility of Teva.

WHEREFORE, to permit them to effectuate the terms of their comprehensive settlement, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), the Parties respectfully request that the Court enter an order in the form attached hereto as Exhibit C.

Respectfully submitted,


_/s/ James J. Breen_____
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator




_/s/ Jennifer G. Levy_____
JENNIFER G. LEVY
KIRKLAND & ELLIS LLP
655 Fifteenth St., NW
Washington, DC 20005
(202) 879-5211

Counsel for Teva


Dated: _____, 2010

**EXHIBIT A**
**TO**
**STIPULATION OF DISMISSAL WITH PREJUDICE OF TEVA PARTIES AND**
**MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE**

**EXHIBIT B**
**TO**
**STIPULATION OF DISMISSAL WITH PREJUDICE OF TEVA PARTIES AND**
**MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL**
**WITH PREJUDICE OF CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)**

Pursuant to 31 U.S.C. § 3730(b) (1), the United States hereby consents to:

(1)     The dismissal with prejudice of the above-captioned action with respect to Teva

Pharmaceuticals USA, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc., Duramed

Research, Inc., Zenith Goldline Pharmaceuticals, Inc., Goldline Laboratories, Inc.,

Barr Pharmaceuticals, Inc., and Barr Laboratories, Inc. (collectively, "Teva"),

pursuant to the Settlement Agreement between Relator, Ven-A-Care of the Florida

Keys, Inc. (the "Relator"), and Teva with respect to all claims by the Relator on

behalf of the United States against Teva in the above-styled action; and

(2)     The entry of the proposed Order of Dismissal with Prejudice in the form attached to

the Settlement Agreement and Release as Exhibit 5 and attached hereto as Exhibit

A.

The United States has concluded that the amount of $100,000,000 that it will receive in connection with the settlement is fair, adequate, and reasonable as to the United States under all the circumstances.

Respectfully submitted,

TONY WEST
Assistant Attorney General

By: _____
Joyce R. Branda
Daniel R. Anderson
Laurie A. Oberembt
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 514-3345

Dated: _____, 2010

**EXHIBIT A**
**TO**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL**
**WITH PREJUDICE OF CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257- |
| PBS | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN DEFENDANTS

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator") and Teva Pharmaceuticals USA, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc., Duramed Research, Inc., Zenith-Goldline Pharmaceuticals, Inc., Goldline Laboratories, Inc., Barr Pharmaceuticals, Inc., and Barr Laboratories, Inc. (collectively, "Teva") (Teva together with Relator collectively the "Parties") filed with this Court, a Stipulation of Dismissal and Motion for Order of Dismissal with Prejudice of Teva. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release, the United States' Consent, the Consent of the State of California, the lack of objection to the proposed Settlement, and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.      Consistent with the terms of the Settlement Agreement and Release attached hereto as Exhibit A, the above-captioned Civil Action, is dismissed with prejudice as to Teva;

2.      This Order resolves all claims against Teva for the federal share of Medicaid overpayments brought in the above-captioned Civil Action; however, this Order shall in no way prejudice or limit any claims for a state's share except as provided for in the Settlement Agreement as to the State of California.

3.      Each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this _____ day of _____, 2010.


_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT C**
**TO**
**STIPULATION OF DISMISSAL WITH PREJUDICE OF TEVA PARTIES AND**
**MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257- |
| PBS | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN DEFENDANTS

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions

of the federal False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator")

and Teva Pharmaceuticals USA, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc., Duramed

Research, Inc., Zenith-Goldline Pharmaceuticals, Inc., Goldline Laboratories, Inc., Barr

Pharmaceuticals, Inc., and Barr Laboratories, Inc. (collectively, "Teva") (Teva together with

Relator collectively the "Parties") filed with this Court, a Stipulation of Dismissal and Motion

for Order of Dismissal with Prejudice of Teva.  Upon due consideration of the Stipulation and

the Parties' Settlement Agreement and Release, the United States' Consent, the Consent of the

State of California, the lack of objection to the proposed Settlement, and the Court's

determination that the Settlement Amount appears to the Court to be fair, adequate, and

reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.       Consistent with the terms of the Settlement Agreement and Release attached

hereto as Exhibit A, the above-captioned Civil Action, is dismissed with prejudice as to Teva;

2.    This Order resolves all claims against Teva for the federal share of Medicaid overpayments brought in the above-captioned Civil Action; however, this Order shall in no way prejudice or limit any claims for a state's share except as provided for in the Settlement Agreement as to the State of California.

3.    Each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.    The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this _____ day of _____, 2010.


_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 6
## to
# SETTLEMENT AGREEMENT AND RELEASE

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)

Pursuant to 31 U.S.C. § 3730(b) (1), the United States hereby consents to:

(1)     The dismissal with prejudice of the above-captioned action with respect to Teva Pharmaceuticals USA, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc., Duramed Research, Inc., Zenith Goldline Pharmaceuticals, Inc., Goldline Laboratories, Inc., Barr Pharmaceuticals, Inc., and Barr Laboratories, Inc. (collectively, "Teva"), pursuant to the Settlement Agreement between Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator"), and Teva with respect to all claims by the Relator on behalf of the United States against Teva in the above-styled action; and

(2)     The entry of the proposed Order of Dismissal with Prejudice in the form attached to the Settlement Agreement and Release as Exhibit 5 and attached hereto as Exhibit A.

The United States has concluded that the amount of $100,000,000 that it will receive in connection with the settlement is fair, adequate, and reasonable as to the United States under all the circumstances.

Respectfully submitted,


TONY WEST
Assistant Attorney General


By: _____
Joyce R. Branda
Daniel R. Anderson
Laurie A. Oberembt
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 514-3345


Dated: _____, 2010

**EXHIBIT A**
**TO**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL**
**WITH PREJUDICE OF CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257- |
| PBS | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN DEFENDANTS

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator") and Teva Pharmaceuticals USA, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc., Duramed Research, Inc., Zenith-Goldline Pharmaceuticals, Inc., Goldline Laboratories, Inc., Barr Pharmaceuticals, Inc., and Barr Laboratories, Inc. (collectively, "Teva") (Teva together with Relator collectively the "Parties") filed with this Court, a Stipulation of Dismissal and Motion for Order of Dismissal with Prejudice of Teva. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release, the United States' Consent, the Consent of the State of California, the lack of objection to the proposed Settlement, and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.     Consistent with the terms of the Settlement Agreement and Release attached hereto as Exhibit A, the above-captioned Civil Action, is dismissed with prejudice as to Teva;

2.      This Order resolves all claims against Teva for the federal share of Medicaid overpayments brought in the above-captioned Civil Action; however, this Order shall in no way prejudice or limit any claims for a state's share except as provided for in the Settlement Agreement as to the State of California.

3.      Each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this _____ day of _____, 2010.


_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 7
## to
# SETTLEMENT AGREEMENT AND RELEASE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

**CONSENT OF THE STATE OF CALIFORNIA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CLAIMS PURSUANT THE CALIFORNIA FALSE CLAIMS ACT**

Pursuant to California Government Code, § 12651(a), *et. seq.*, the State of California  hereby consents to:

(1)     The dismissal with prejudice of the above-captioned action with respect to Teva Pharmaceuticals USA, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc., Duramed Research, Inc., Zenith -Goldline Pharmaceuticals, Inc., Goldline Laboratories, Inc., Barr Pharmaceuticals, Inc., and Barr Laboratories, Inc. (collectively "Teva"), pursuant to the Settlement Agreement between Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator"), and Teva with respect to all claims by the Relator on behalf of the United States against Teva in the above-styled action; and

(2)     The entry of the proposed Order of Dismissal with Prejudice in the form attached hereto as Exhibit A.

(3)      This Consent shall be without prejudice to the State of California as to drugs

marketed under Labeler Codes 59310, 68546 and 50111.


The State of California has concluded that the settlement is fair, adequate and reasonable as to

the State of California under all the circumstances.

Respectfully submitted,



**State of California**
**Office of the Attorney General**


By: _____

Date: _____

Nicholas Paul
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud & Elder Abuse
Office of the Attorney General
1455 Frazee Road, Suite 315
San Diego, CA 92108


Dated: _____, 2010

**EXHIBIT A**
**TO**
**CONSENT OF THE STATE OF CALIFORNIA TO THE RELATOR'S DISMISSAL WITH
PREJUDICE OF CLAIMS PURSUANT THE CALIFORNIA FALSE CLAIMS ACT**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257- |
| PBS | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN DEFENDANTS

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator") and Teva Pharmaceuticals USA, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc., Duramed Research, Inc., Zenith-Goldline Pharmaceuticals, Inc., Goldline Laboratories, Inc., Barr Pharmaceuticals, Inc., and Barr Laboratories, Inc. (collectively, "Teva") (Teva together with Relator collectively the "Parties") filed with this Court, a Stipulation of Dismissal and Motion for Order of Dismissal with Prejudice of Teva. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release, the United States' Consent, the Consent of the State of California, the lack of objection to the proposed Settlement, and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1. Consistent with the terms of the Settlement Agreement and Release attached hereto as Exhibit A, the above-captioned Civil Action, is dismissed with prejudice as to Teva;

2.      This Order resolves all claims against Teva for the federal share of Medicaid overpayments brought in the above-captioned Civil Action; however, this Order shall in no way prejudice or limit any claims for a state's share except as provided for in the Settlement Agreement as to the State of California.

3.      Each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this _____ day of _____, 2010.


_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE