## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL MASSACHUSETTS CLASS ACTIONS CONCERNING CLASSES 2 & 3 | Judge Patti B. Saris |

## [REVISED ~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT AND RELEASE OF ASTRAZENECA RELATED TO MASSACHUSETTS CLASSES TWO AND THREE, DIRECTING NOTICE TO THE CLASSES, AND SCHEDULING FAIRNESS HEARING

WHEREAS, this matter has come before the Court pursuant to a Joint Motion for Entry of an Order Granting Preliminary Approval of the Settlement Agreement and Release of AstraZeneca Related to Massachusetts Classes Two and Three and Approving the Form and Method of Notice to the Classes (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over these actions and the Parties for purposes of settlement; and

WHEREAS, this Court has conducted a preliminary approval hearing on July 12, 2010, has considered all of the submissions related to the Motion, and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

## I.      PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.      The terms of the Revised Settlement Agreement and Release of AstraZeneca Related to Massachusetts Classes Two and Three, dated August 4, 2010, including all Exhibits thereto (the "Agreement"), attached to the Motion, are hereby preliminarily approved, subject to

further consideration thereof at the Fairness Hearing provided for below. This Order

incorporates herein, and makes a part hereof, the Agreement, as well as all Exhibits thereto.

Unless otherwise provided herein, the terms defined in the Agreement shall have the same

meanings herein. The Agreement was entered into only after extensive arm's-length negotiation

by experienced counsel and with the assistance and oversight of MDL Mediator Eric Green. The

Court finds that the Class Settlement embodied in the Agreement (the "Class Settlement") is

sufficiently within the range of reasonableness so that notice of the Class Settlement should be

given as provided in paragraphs 9 and 10 of this Order. In making this determination, the Court

has considered the current posture of this litigation and the risks and benefits to the parties

involved in both settlement of these claims and continuation of the litigation.

## II.    THE CLASS, REPRESENTATIVES, AND CLASS COUNSEL

2.    The Settlement Classes are defined as follows:

a.    Third-Party Payor MediGap Supplemental Insurance Class ("Class 2")

All TPPs in the United States who, from January 1, 1991 through
January 1, 2005, made, or incurred an obligation to make,
reimbursements for any portion of a Medicare Part B co-payment
for Zoladex® purchased in the Commonwealth of Massachusetts.

b.    Consumer and Third-Party Payor Class For Payments Made Outside the
Medicare Context ("Class 3")

All natural persons in the United States who made, or incurred an
obligation to make, a non-Medicare Part B payment for Zoladex®
purchased in of the Commonwealth of Massachusetts, and all TPPs
in the United States who made, or incurred an obligation to make,
non-Medicare Part B reimbursements for Zoladex® purchased in
of the Commonwealth of Massachusetts, during the period from
January 1, 1991, through June 11, 2010.

Excluded from each of the Settlement Classes are the AstraZeneca Releasees as defined in the

Agreement. (The exclusion of AstraZeneca "employees" from the Settlement Classes shall not

affect the eligibility of any ERISA plans or other TPPs for settlement benefits regardless whether

any plan participants might be excluded "employees.")  Additionally excluded from each of the

Settlement Classes are the following: (1) all natural persons who only paid flat co-payments, and

not any percentage co-payments, for Zoladex®; and (2) all federal, state, and local governmental

entities in the United States, except any such governmental agencies or programs that made or

incurred an obligation to make a reimbursement for Zoladex® as part of a health benefit plan for

their employees, but only with respect to such payments.

3.      The Court preliminarily finds that the proposed Settlement Classes meet all the

applicable requirements of FED. R. CIV. P. 23(a) and (b)(3), and hereby certifies the Settlement

Classes for settlement purposes only.  The Court hereby preliminarily finds, in the specific

context of this Class Settlement, that:

      a.      Numerosity.

Classes 2 and 3 consist of tens of thousands of members located
throughout the United States, and satisfy the numerosity
requirement of FED. R. CIV. P. 23(a).  Joinder of these widely-
dispersed, numerous Class Members into one suit would be
impracticable.

      b.      Commonality.

Common questions of law and fact with regard to the alleged
activities of the AstraZeneca Releasees exist for each of the
Members of Classes 2 and 3 in this case.  These issues are central
to this case and are sufficient to establish commonality.

      c.      Typicality.

Plaintiffs have claimed during this litigation that unfair sales and
marketing activities, including but not limited to, unlawful
manipulation of Average Wholesale Prices ("AWPs") reported by
various industry publications for the AstraZeneca Releasees' drugs
violated various state consumer protection statutes, RICO, and
other state and federal laws.  As a result, Class Members allegedly
paid more for these drugs than they would have in the absence of
the alleged unlawful conduct.  These claims are typical of every
Member of each of Classes 2 and 3.  Therefore, the element of
typicality is satisfied for each of Classes 2 and 3.

d.      Adequate Representation.

Plaintiffs' interests do not conflict with, and are co-extensive with,
those of absent Class Members. Additionally, this Court
recognizes the experience of Lead Class Counsel Hagens Berman
Sobol Shapiro LLP, Wexler Wallace LLP, Spector Roseman
Kodroff & Willis, PC, and Hoffman & Edelson, LLC, and finds
under FED. R. CIV. P. 23(g) that the requirement of adequate
representation of Classes 2 and 3 has been fully met.

e.      Predominance of Common Issues.

Plaintiffs commonly assert that unfair sales and marketing
activities caused the AWPs for the Zoladex® to be inflated, in turn
causing all Class Members to pay more for these drugs. In the
context of this Class Settlement, these issues predominate over any
individual questions, favoring class treatment.

f.      Superiority of the Class Action Mechanism.

The class action mechanism is ideally suited for treatment of the
settlement of these matters. Class certification promotes efficiency
and uniformity of judgment, among other reasons, because the
many Class Members will not be forced to separately pursue
claims or execute settlements in various courts around the country.

4.      Designated representatives for each Class are as follows:

a.      Class 2: Blue Cross Blue Shield of Massachusetts;

b.      Class 3: Blue Cross Blue Shield of Massachusetts, Sheet Metal Workers
National Health Fund, and Teamsters Health & Welfare Fund of
Philadelphia and Vicinity.

Based upon the Court's familiarity with the claims and parties in these and other cases,

including prior AWP class settlements, the interests of the various constituent groups, and the

negotiation process overseen by MDL Mediator Eric Green, the Court preliminarily finds that

these designated representatives are appropriate representatives for settlement purposes. The

Court finds that each of these representatives, or an agent or member thereof, made a purchase or

reimbursement for Zoladex®.

5.      The Court further preliminarily finds that the following firms fairly and

adequately represent the interests of the Settlement Classes and hereby appoints them as Co-

Lead Settlement Class Counsel pursuant to FED. R. CIV. P. 23(g):

> Hagens Berman Sobol Shapiro LLP
> 1918 Eighth Avenue, Suite 3300
> Seattle, WA  98101
>
> Spector, Roseman, Kodroff & Willis, P.C.,
> 1818 Market Street, Suite 2500
> Philadelphia, PA  19103
>
> Wexler Wallace LLP
> 55 West Monroe Street, Suite 3300
> Chicago, IL  60603
>
> Hoffman & Edelson, LLC
> 45 West Court Street
> Doylestown, PA  18901

6.      If the Agreement is terminated or is not consummated for any reason whatsoever,

the certification of the Settlement Classes shall be void, and Plaintiffs and AstraZeneca shall be

deemed to have reserved all of their rights as set forth in the Agreement, including but not

limited to the issues related to all claims, defenses, and issues under FED. R. CIV. P. 23.

## III.    CLASS SETTLEMENT FUND

7.      The Court finds that the Escrow Account is a "qualified settlement fund" as

defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the

following requirements:

> a.      The Escrow Account is established pursuant to an Order of this Court and
>         is subject to the continuing jurisdiction of this Court;
>
> b.      The Escrow Account is established to resolve or satisfy one or more
>         claims that have resulted or may result from an event that has occurred
>         and that has given rise to at least one claim asserting liabilities; and

        c.      The assets of the Escrow Account are segregated from other assets of
AstraZeneca, the transferor of the payment to the Settlement Fund.

8.     Under the "relation back" rule provided under section 1.468B-1(j)(2)(i) of the
Treasury Regulations, the Court finds that:

        a.      The Escrow Account met the requirements of paragraphs 7(a) and 7(b) of
this Order prior to the date of this Order approving the establishment of
the Escrow Account subject to the continued jurisdiction of this Court; and

        b.      AstraZeneca and the Claims Administrator may jointly elect to treat the
Escrow Account as coming into existence as a "qualified settlement fund"
on the latter of the date the Escrow Account met the requirements of
paragraph 7(b) and 7(c) of this Order or January 1 of the calendar year in
which all of the requirements of paragraph 7 of this Order are met.  If such
a relation-back election is made, the assets held by the Settlement Fund on
such date shall be treated as having been transferred to the Escrow
Account on that date.

## IV.   NOTICE TO CLASS MEMBERS

9.     The Court has considered the proposed notices and Notice Plan attached as
Exhibits A-D to the Agreement, including the proposed forms of notice, summary notice,
information releases, and Claim Forms, and finds that the forms, content, and manner of notice
proposed by the Parties and approved herein meet the requirements of due process and FED. R.
CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient
notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The
Court approves the Notice Plan in all respects (including the proposed forms of notice, summary

notice, information releases, and Claim Form) and orders that notice be given in substantial

conformity therewith. The Notice Program described in the Notice Plan shall commence on or

about August 27, 2010. The costs of preparing, printing, publishing, mailing and otherwise

disseminating the notice shall be paid from the Settlement Fund in accordance with the

Agreement.

      10.    The Court appoints Rust Consulting, Inc. (formerly known as Complete Claim

Solutions, Inc.) and Class Action Settlement Services, LLC as Claims Administrator.

Responsibilities of the Claims Administrator shall include the following: (a) establishing a post

office box and toll-free phone number (to be included in the Long Form Notices and the

Summary Notices (together, the "Notices")) for purposes of communicating with Class

Members; (b) establishing and maintaining a website for purposes of posting the Notices, the

Agreement and related documents; (c) accepting and maintaining documents sent from Class

Members, including Claim Forms and other documents relating to claims administration; and (d)

administering claims for the allocation of the settlement funds among Class Members.

## V.    REQUEST FOR EXCLUSION FROM THE CLASS

      11.    Class Members who wish to be excluded from Settlement Classes shall mail a

written notice of exclusion to the Claims Administrator, so that it is postmarked no later than

December 31, 2010, and shall clearly state the following: the name, address, taxpayer

identification number, telephone number, and fax number (if any) of the individual or entity who

wishes to be excluded from the Class, and provide all such information as may be required by the

Agreement requested by the Claims Administrator. In addition, for purposes of implementing

the Settlement Agreement, including calculation of the AstraZeneca Opt-Out Refunds (as

described in Paragraph III.D.1 of the Settlement Agreement), each TPP Settlement Class

Member requesting exclusion shall set forth the amounts paid for Zoladex® during the period of January 1, 2003 to December 31, 2004, and include a signed certification containing the following language:

> The undersigned individual hereby represents that he/she has authority to sign and submit this notice of exclusion on behalf of the above-named class member. The undersigned also certifies that he/she has not received any advice from the parties to this litigation or their attorneys concerning his/her or the class member's fiduciary obligations under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1100, *et seq*., or other laws governing their obligations to any class member. The undersigned understands that by submitting this notice of exclusion, the class member identified above will not be entitled to receive any proceeds of the class Settlement Fund. By affixing my signature below, I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

12.     Valid Class Opt-Outs shall not be bound by the Settlement Agreement, or the Final Order and Judgment. Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Lead Class Counsel and Counsel for AstraZeneca.

13.     Any Class Member who does not properly and timely mail a notice of exclusion as set forth in paragraph 11 above shall be automatically included in the Class Member's respective Settlement Class or Classes, and shall be bound by all the terms and provisions of the Agreement, the Class Settlement, and the Final Order and Judgment, whether or not such Class Member received actual notice or shall have objected to the Class Settlement and whether or not

such Class Member makes a claim upon or participates in the Class Settlement.

## VI.    PROOFS OF CLAIM

14.    To effectuate the Agreement and Class Settlement, and the provisions of the Notice Plan, the Claims Administrator shall be responsible for the receipt of all notices of exclusion and Claim Forms.  The Claims Administrator shall preserve (on paper or transferred into electronic format) all notices of exclusion, Claim Forms, and any and all other written communications from Class Members in response to the Notices for a period of five (5) years, or pursuant to further order of the Court.  All written communications received by the Claims Administrator from Class Members relating to the Agreement shall be available at all reasonable times for inspection and copying by Lead Class Counsel and Counsel for AstraZeneca, including prior to payments being mailed to each Class Member.

15.    In order to be entitled to participate in the Class Settlement, if effected in accordance with all of the terms and conditions set forth in the Agreement, each Member of Classes 2 and 3 shall take the following actions and be subject to the following requirements:

> a.    A TPP Settlement Class Member who wishes to receive a distribution from a Class Settlement must mail a properly executed TPP Claim Form to the Claims Administrator at the address indicated in the notice, to be postmarked on or before October 26, 2010.  If such Claim Form is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted when actually received by the Claims Administrator and must be received by the Claims Administrator no later than October 26, 2010.  A Consumer Settlement Class Member who wishes to receive a distribution from a Class Settlement must mail a

properly executed Consumer Claim Form to the Claims Administrator at the address indicated in the notice, to be postmarked on or before February 15, 2011. If such Claim Form is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted when actually received by the Claims Administrator and must be received by the Claims Administrator no later than February 15, 2011;

b.  Each Claim Form must satisfy the following conditions: (i) the Claim Form must be properly completed and supported with any necessary documentation in accordance with the instructions thereon and submitted in a timely manner in accordance with Subparagraph (a) of this Paragraph; (ii) the Claim Form must be signed under penalty of perjury; (iii) the claimant must certify that he or she is a Class Member, or, if the person executing the Claim Form is acting in a representative capacity, must attest that he, she or it is acting on behalf of a Settlement Class Member and that the claimant has authority to act on behalf of the Settlement Class Member; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein;

c.  Each Claim Form shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Lead Class Counsel about which claims should be allowed in whole or in part;

d.  The Claims Administrator will notify each Settlement Class Member who filed a Claim Form of any recommendation of disallowance, in whole or

in part, of the Claim Form submitted by such Settlement Class Member and will set forth the reasons for any such disallowance. Settlement Class Members shall be permitted a reasonable period of time to cure any deficiency with respect to their respective Claim Forms that is identified. A copy of such notification shall also be sent by the Claims Administrator to Lead Class Counsel;

e.     All Settlement Class Members who do not submit timely Claim Forms, or who submit Claim Forms that are disallowed and not cured, shall be barred from participating in the Class Settlement (except to the extent that a claim may be partially allowed) but otherwise shall be bound by all of the terms and provisions of the Agreement; and

f.     Each Settlement Class Member who submits a Claim Form shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall (subject to final approval of the Agreement and Settlement Classes) be bound by all the terms and provisions of the Agreement.

g.     TPP Class Members are required to provide data related to insureds as set forth in the TPP Claim Form attached as Exhibit B.2 to the Settlement Agreement. All such data shall be submitted no later than October 26, 2010, the date set forth for filing of TPP claims in paragraph 15(a) above.

## VII.     CLAIMS PROCESS

16.     The amount to which each Consumer Settlement Class Member is entitled will be determined in accordance with the following provisions.

a.   For consumers in Class 3, the amount to which the Class 3 consumer shall
be entitled will be determined based upon the consumer's election on a
claim form provided by the Claims Administrator between two options.

1.   Easy Refund Option:   If a Consumer elects the "Easy
Refund Option" on the claim form provided and the consumer's claim is
verified and accepted by the Claims Administrator, the "Total Recognized
Claim" used for purposes of calculating the payment made to each such
Consumer Settlement Class Member shall be equal to $400.00.

2.   Full Estimation Refund Option.   If a Consumer elects the
"Full Estimation Refund Option" on the claim form provided, then the
consumer will be required to estimate the consumer's total out-of pocket
expenses associated with percentage co-payments or full cash payments
for each drug for which the consumer is seeking payment in the
Settlement.  Each such consumer will also be required to provide
documentation in support of the consumer's estimated out-of-pocket
expenses.

The Consumer's estimated out-of-pocket expenses for Zoladex®
during the period of December 1, 1997 through December 31, 2004 shall
be multiplied by a factor of three (3x), and added to the consumer's total
obligation related to Zoladex® outside of this time period (without a
multiplication factor).  The sum of these two figures will constitute the
Consumer's "Total Recognized Claim" used for the purpose of calculating
the payment made to each Consumer Settlement Class Member.

17.    If the total valid Recognized Claims for all Consumer Settlement Class Members is less than the total amount of the Settlement Fund allocated to satisfy Consumer Settlement Class Member claims (net of fees and expenses as set forth in the Settlement Agreement), each Consumer Settlement Class Member will be paid 100% of their Recognized Claim, and the balance of the Net Consumer Settlement Pool shall be paid into the TPP Settlement Pool to satisfy the claims of TPP Class Members. If total valid Recognized Claims for all Consumer Settlement Class Members related to Zoladex® exceeds the amount of the Settlement Fund allocated to satisfy Consumer Settlement Class Member claims, all such Consumer Settlement Class Member claims will be reduced proportionately.

18.    The total expenditure for Zoladex® during the period of January 1, 2003 to December 31, 2004 claimed by each TPP Settlement Class Member on the TPP Proof of Claim and accompanying documentation, as verified and accepted by the Claims Administrator, shall be the TPP's "Recognized Claim" used for purposes of calculating the payment made to each TPP Settlement Class Member.

19.    Each TPP Settlement Class Member shall share *pro rata* in the Net TPP Settlement Pool (which is net of payment of the AstraZeneca Opt-Out Refunds and fees and expenses as set forth in the Agreement) in proportion to the size of their Recognized Claim.

## VIII.  CONFIDENTIALITY

20.    Any information received by the Claims Administrator in connection with the Class Settlement that pertains to a particular Settlement Class Member, or information submitted in conjunction with a notice of exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Lead Class Counsel, Counsel for AstraZeneca, and the Court, or as otherwise provided in the Agreement.

## IX.    FAIRNESS HEARING

21.    A hearing on final settlement approval (the "Final Fairness Hearing") will be held on January 21, 2011, at 2:00 p.m.before this Court, at the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider, *inter alia*, the following: (a) the adequacy of the Class Representatives and whether the Settlement Classes should be finally certified; (b) the fairness, reasonableness and adequacy of the Class Settlement; (c) the dismissal with prejudice of the MDL Class Actions as to AstraZeneca; (d) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives ("the Fee Petition") should be granted; (e) whether to approve the proposed plan of allocation and distribution; (f) whether to finally approve the Agreement; and (g) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Agreement and the Settlement Classes should be deemed as a final judgment under FED. R. CIV. P. 54(b) with respect to all claims by Settlement Class Members against the AstraZeneca Releasees.

22.    On or before December 15, 2010, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; and (ii) any Fee Petition.

23.    Any Class Member who has not filed a notice of exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of a Class Settlement, the dismissal with prejudice of Released Class Claims and dismissal with prejudice of the MDL Class Complaints as against AstraZeneca, the entry of final judgment as to AstraZeneca, and/or the Fee Petition; provided, however, that no person shall be

14

heard in opposition to the Class Settlement, dismissal and/or entry of final judgment or the Fee

Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted

or considered by the Court, unless filed with the Court and served upon counsel listed below in

Paragraph 24 on or before December 31, 2010. Such person must (a) file with the Clerk of the

Court a notice of such person's intention to appear as well as a statement that indicates the basis

for such person's opposition and any documentation in support of such opposition on or before

December 31, 2010, and (b) serve copies of such notice, statement, and documentation, as well

as any other papers or briefs that such person files with the Court, either in person or by mail,

upon all counsel listed below in Paragraph 24 on or before December 31, 2010. Settlement Class

Members who object in the manner and by the dates provided herein shall be subject to the

jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the

dates provided herein shall be deemed to have waived and shall forever be foreclosed from

raising any such objections.

24.    Counsel for the Parties who must be served with all documentation described

above in Paragraph 23 are as follows:

> Counsel for the Class
>
> Steve W. Berman
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 1918 Eighth Avenue, Suite 3300
> Seattle, WA 98101
>
> Counsel for AstraZeneca
>
> Joel M. Cohen
> DAVIS POLK & WARDWELL LLP
> 450 Lexington Avenue
> New York, NY 10017

25.    The date and time of the Final Fairness Hearing shall be set forth in the Notice

and Summary Notice, but shall be subject to adjournment by the Court without further notice to

001514-16 382705 V1                                             15

the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Notice Plan.

26. All proceedings in the MDL Class Actions with respect to AstraZeneca are hereby stayed and suspended pending the Final Approval of the Class Settlement ("Final Approval"), except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Class Settlement, or this Order.

27. Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed in Paragraph 24 above by December 31, 2010, and file it with the Court on or before December 31, 2010.

28. Pending Final Approval, no Settlement Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any AstraZeneca Releasee any action or proceeding in any court or tribunal asserting any of the Released Claims, and are hereby enjoined from so proceeding. Upon Final Approval, all Settlement Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the Released Claims, and any such Settlement Class Member shall be deemed to have forever released all Released Claims.

29. Upon Final Approval, all Released Class Claims shall be dismissed with prejudice, and the MDL Class Complaints shall be dismissed with prejudice as against AstraZeneca.

## X.   OTHER PROVISIONS

30. Upon Final Approval, each and every term and provision of the Agreement

(except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

31.     In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs and AstraZeneca.

32.     Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by any AstraZeneca Releasee, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order, or by any AstraZeneca Releasee in connection with any action asserting Released Claims.

Date: 8/11/2010

Patti B. Saris
United States District Judge