# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200 |
| THIS DOCUMENT RELATES TO:<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br>*v.*<br>*Baxter Hemoglobin Therapeutics, Baxter International Inc., and Baxter Healthcare Corporation* | Judge Patti B. Saris |

## ANSWER AND AFFIRMATIVE DEFENSES OF BAXTER HEALTHCARE CORPORATION TO RELATORS' SECOND AMENDED COMPLAINT

Defendant Baxter Healthcare Corporation. ("BHC"),[1] by and through its attorneys, hereby states as an Answer and Affirmative Defenses to Relators' August 13, 2010 Second Amended Complaint for Damages Under the Federal and Various State False Claims Acts ("Complaint"), as follows:

### INTRODUCTION[2]

1. BHC admits that Relators seek to bring this action, but specifically denies that there is any basis for Relators' action or that Relators are entitled to any relief. BHC also admits that certain government programs have reimbursed or do currently reimburse healthcare

---

[1] This Answer is submitted solely on behalf of Defendant BHC. Defendants Baxter International Inc. and Baxter Hemoglobin Therapeutics submitted separate Answers to the First Amended Complaint. This second Amended Complaint simply adds BHC as a Defendant. As our prior responses indicate, and as we have made clear to Relators, neither Baxter International Inc. nor Baxter Hemoglobin Therapeutics is a proper defendant in this case. It is our understanding that Relators will voluntary dismiss these parties from the case following the submission of this Answer on behalf of BHC.

[2] For ease of reference, BHC has included in this Answer and Affirmative Defenses certain captions used in the Complaint, but specifically denies any allegations contained in, or inferences that could be drawn from, those captions.

providers for certain drugs and therapies based upon published AWPs and WACs. BHC admits that it manufactures and sells "biologics." BHC denies the remaining allegations of Paragraph 1.

2.  BHC admits that it provides drug pricing information to drug pricing publishing services. BHC denies the remaining allegations of Paragraph 2.

3.  BHC admits that "drug pricing publishing services" publish drug pricing information. BHC lacks knowledge to admit or deny the remainder of this Paragraph.

4.  BHC denies the allegations of Paragraph 4.

5.  BHC denies the allegations of Paragraph 5.

6.  BHC lacks knowledge to admit or deny the first sentence of this Paragraph. BHC denies the remaining allegations in Paragraph 6.

### THE PARTIES

7.  BHC lacks knowledge to admit or deny the first two sentences of Paragraph 7. BHC admits that Linnette Sun was employed by BHC from June 2002 through July 2003. BHC admits that Sun was fired, but denies that this firing was for any reason related to the allegations in the Complaint. BHC denies the remaining allegations in Paragraph 7.

8.  BHC lacks knowledge to admit or deny the allegations in Paragraph 8.

9.  BHC denies the allegations in Paragraph 9.

10.  BHC admits the allegations in Paragraph 10.

### JURISDICTION AND VENUE

11.  BHC admits that Relators seek to bring this action, but denies the remainder of Paragraph 11, and specifically denies that there is any basis for Relators' action or that Relators are entitled to any relief. The final two sentences of Paragraph 11 state legal conclusions as to which no response is required. To the extent a response is required, this portion of Paragraph 11 is denied.

DSMDB-2828308v1

12. Paragraph 12 states a legal conclusion as to which no response is required. To the extent a response is required, Paragraph 12 is denied.

13. BHC admits that the U.S. Department of Health and Human Services, through the Center for Medicare and Medicaid Services (formerly the Health Care Financing Administration) is responsible for administration of the Medicare program. BHC asserts that the best and most complete description of that program is in the statute cited in Paragraph 13 and its associated regulations.

14. BHC admits that the U.S. Department of Health and Human Services, through the Center for Medicare and Medicaid Services (formerly the Health Care Financing Administration) is responsible for administration of the Medicaid program. BHC asserts that the best and most complete description of that program is in the statute cited in Paragraph 14 and its associated regulations. BHC admits that Medicaid is funded in part by the federal government and in part by the states, but BHC lacks knowledge to admit or deny the specific examples of federal share contributions cited in the final sentence of Paragraph 14.

15. BHC admits that there is a federal program run by the U.S. Railroad Retirement Board called the Railroad Retirement Medicare program. BHC asserts that the best and most complete description of that program is in the statute cited in Paragraph 15 and its associated regulations.

16. BHC admits that there is a federal program run by the U.S. Department of Health and Human Services called the Indian Health Service. BHC asserts that the best and most complete description of that program is in the statute cited in Paragraph 16 and its associated regulations. BHC lacks knowledge to admit or deny how many Native Americans are served by this program.

DSMDB-2828308v1

17.  BHC admits that there is a federal program run by the U.S. Office of Personnel Management called the Federal Employees Health Benefits program.  BHC asserts that the best and most complete description of that program is in the statute cited in Paragraph 17 and its associated regulations.

18.  BHC admits that there is a federal program run by the U.S. Department of Defense called the Tri-Care program (formerly CHAMPUS) that provides health services to members of the military and their dependants.  BHC asserts that the best and most complete description of that program is in the statute cited in Paragraph 18 and its associated regulations.

19.  BHC admits that the U.S. Department of Veterans Affairs purchases drugs from various drug manufacturers.  BHC denies the remaining allegations of Paragraph 19.

20.  BHC admits that  Public Law 102-585, the Veterans Health Care Act of 1992, which is codified as Section 340B of the Public Health Service Act, limits the cost of covered outpatient drugs to certain federal grantees, federally-qualified health center look-alikes and qualified disproportionate share hospitals.  BHC denies the remaining allegations of Paragraph 20.

21.  BHC lacks knowledge to admit or deny the first sentence of Paragraph 21.  BHC admits that it engages in the business of manufacturing, marketing, and/or selling prescription drugs and biological products, some of which have been named in Paragraph 21, and that these products are distributed to patients through channels including physicians, home infusion pharmacies, retail pharmacies and other medical providers.

22.  BHC admits the first sentence of Paragraph 22, and admits that some of BHC's biologics are covered by Medicare, Medicaid, and other government programs, but denies the remainder of the Paragraph.

DSMDB-2828308v1

23.   BHC admits that there is a drug pricing publication called First DataBank ("FDB"), which publishes drug pricing information through various databases.  BHC lacks knowledge to admit or deny the corporate parentage of FDB and/or the source of drug pricing information for "State Medicaid programs" and "numerous other public and private programs."  BHC denies the remaining allegations in this Paragraph.

24.   BHC admits that at various points in time drug pricing publications called the Red Book, the Blue Book, and MediSpan did exist, and did publish various drug prices in print or electronic form.  BHC denies the remaining allegations in this Paragraph.

25.   BHC lacks knowledge to admit or deny the allegations in Paragraph 25.  To the extent a response is required, BHC denies the allegations in this Paragraph.

26.   BHC lacks knowledge to admit or deny the allegations in Paragraph 26.  To the extent a response is required, BHC denies the allegations in this Paragraph.

27.   BHC admits that providers seek reimbursement for BHC products from Medicare and Medicaid.  BHC lacks knowledge to admit or deny the remaining allegations in Paragraph 27 concerning what "providers" and "manufacturers" do or believe.  To the extent a response is required to these allegations, they are denied.

28.   BHC lacks knowledge to admit or deny that "[all pharmaceutical products except biologics are normally distributed through charge-back wholesalers" and/or that "manufacturers' sales of biologics to charge-back wholesalers comprise less than 1% of the wholesale market for manufacturers of these specialized products."  BHC admits that some of the companies listed in Paragraph 28 are or were at some time drug wholesalers.  The remainder of the allegations in this Paragraph are denied.

DSMDB-2828308v1

29. BHC admits that some biologics are distributed through wholesalers/distributors, and that some of the companies listed in this Paragraph are or were wholesalers/distributors. The remainder of the allegations in this Paragraph are denied.

30. BHC acknowledges that Marketing Research Bureau published a document entitled "The Plasma Fractions Market in the United States 2001." That publication speaks for itself. The remainder of the allegations in this Paragraph are denied.

## DEFENDANTS' ILLEGAL SCHEMES

BHC denies the unnumbered paragraph following this heading.

## WAC FALSIFICATION

31. BHC admits that it sells biologics directly to providers and also through wholesalers/distributors. BHC denies the remaining allegations in Paragraph 31.

32. BHC denies the allegations in Paragraph 32. BHC specifically denies that it acted any way to "manipulate the reimbursement system."

33. BHC denies the allegations in Paragraph 33. BHC specifically denies that it engaged in "false reporting" or acted "illegally."

34. BHC denies the allegations in Paragraph 34.

35. BHC denies the allegations in Paragraph 35. BHC further states that it lacks knowledge as to the motivations or beliefs of "providers."

36. BHC denies the allegations in Paragraph 36.

37. BHC denies the allegations in Paragraph 37.

38. BHC denies the allegations in Paragraph 38.

39. BHC denies the allegations in Paragraph 39.

DSMDB-2828308v1

40. As concerns the first sentence of this Paragraph, BHC lacks knowledge as to what Relator Greg Hamilton does or does not know. To the extent a response to this sentence is required, BHC denies the allegations. The remainder of the Paragraph is denied.

41. BHC lacks knowledge as to what FDB did or did not do. To the extent a response to this Paragraph is required, BHC denies the allegations in Paragraph 41.

42. As concerns the first two sentences of this Paragraph, BHC lacks knowledge as to what Sun did or did not do or say. To the extent a response to these sentences is required, BHC denies the allegations. The remainder of this Paragraph is denied.

43. BHC lacks knowledge as to what Sun did or did not do or say. To the extent a response to this Paragraph is required, BHC denies the allegations in Paragraph 43.

44. As concerns the first sentence of this Paragraph, BHC lacks knowledge as to what Sun does or does not know. To the extent a response to this sentence is required, BHC denies the allegations. The remainder of the Paragraph is denied.

45. As concerns Sun's statements, BHC lacks knowledge as to what Sun did or did not do or say. To the extent a response to this portion of the sentence is required, BHC denies the allegations. The remainder of the Paragraph is denied.

46. BHC denies the allegations in Paragraph 46.

47. BHC denies the allegations in Paragraph 47.

48. BHC denies the allegations in Paragraph 48.

49. BHC lacks knowledge as to what Sun did or did not do. However, BHC denies the allegations in Paragraph 49 and specifically denies that it "has engaged in similar falsification of WAC with respect to its other pharmaceutical, hematological, and biological products."

DSMDB-2828308v1

## BEST PRICE AND STARK VIOLATIONS

Judge Saris dismissed the Best Price and Stark Act-related claims from this case, and therefore the allegations in Paragraphs 50 through 62 of this Complaint are irrelevant and do not require a response.  To the extent a response is deemed required, these Paragraphs are denied.

## BAXTER KNEW ITS CONDUCT WAS ILLEGAL

63.  BHC denies the allegations in Paragraph 63.

64.  BHC denies the allegations in Paragraph 64.

65.  BHC denies the allegations in Paragraph 65.

## COUNT I

## SUBMISSION OF FEDERAL FALSE CLAIMS BY FALSIFYING PRICE INFORMATION

66.  BHC repeats its responses to Paragraphs 1 through 65 as if fully set forth herein.

67.  BHC admits that Linnette Sun and Greg Hamilton have filed this suit on behalf of the United States Government as Relators under the False Claims Act.  BHC specifically denies that the suit has any merit.

68.  BHC denies the allegations in Paragraph 68, and specifically denies that it "violated 31 U.S.C. § 3729(a) by conspiring, to present and by causing false claims to be present (*sic*)" or engaged in "fraudulent and illegal practices."

69.  BHC denies the allegations in Paragraph 69, and specifically denies that it engaged in "fraudulent and illegal practices."

70.  BHC denies the allegations in Paragraph 70, and specifically denies that it engaged in "fraudulent and illegal practices."

71.  BHC denies the allegations in Paragraph 71.

72.  BHC admits that Linnette Sun and Greg Hamilton have filed this suit on behalf of the United States Government as Relators under the False Claims Act.  BHC specifically

DSMDB-2828308v1

denies that the suit has any merit or that either Relator has any "direct and independent knowledge."

## COUNT II

## VIOLATION OF THE FALSE CLAIMS ACT THROUGH STARK ACT VIOLATIONS

Judge Saris dismissed the Stark Act-related claims from this case, and therefore the allegations in Paragraphs 73 through 84 of this Complaint are irrelevant and do not require a response. To the extent a response is deemed required, these Paragraphs are denied.

## COUNT III

## VIOLATION OF THE FALSE CLAIMS ACT THROUGH BEST PRICE VIOLATIONS

Judge Saris dismissed the Best Price related claims from this case, and therefore the allegations in Paragraphs 85 through 89 of this Complaint are irrelevant and do not require a response. To the extent a response is deemed required, these Paragraphs are denied.

## COUNT IV

## RETALIATION IN VIOLATION OF 31 U.S.C. § 3730(h)

90.  BHC repeats its responses to Paragraphs 1 through 65 as if fully set forth herein.

91.  BHC denies the allegations in Paragraph 91.

92.  BHC denies the allegations in Paragraph 92.

93.  BHC denies the allegations in Paragraph 93.

94.  BHC denies the allegations in Paragraph 94.

## COUNT V

## RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12653

95.  BHC repeats its responses to Paragraphs 1 through 65 as if fully set forth herein.

96.  BHC denies the allegations in Paragraph 96.

97.  BHC denies the allegations in Paragraph 97.

DSMDB-2828308v1

98.  BHC denies the allegations in Paragraph 98.

99.  BHC denies the allegations in Paragraph 99.

100.  BHC denies the allegations in Paragraph 100.

## COUNT VI

### RETALIATION IN VIOLATION OF CALIFORNIA PUBLIC POLICY

101.  BHC repeats its responses to Paragraphs 1 through 65 as if fully set forth herein.

102.  BHC admits that Ms. Sun worked for BHC in California.  BHC denies the remaining allegations in Paragraph 102.

103.  BHC denies the allegations in Paragraph 103.

104.  BHC denies the allegations in Paragraph 104.

105.  BHC denies the allegations in Paragraph 105.

## COUNT VII THROUGH COUNT XXI

### VIOLATION OF VARIOUS STATE FALSE CLAIMS ACTS

Judge Saris dismissed the various state False Claims Act counts from this case, and therefore the allegations in Paragraphs 106 through 253 of this Complaint are irrelevant and do not require a response.  To the extent a response is deemed required, these Paragraphs are denied.

## COUNT XXII

### DISCRIMINATION UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

254.  BHC repeats its responses to Paragraphs 1 through 65 as if fully set forth herein.

255.  BHC admits that it employed more than 5 persons in the State of California. The remainder of this Paragraph contains a legal conclusion to which no response is required.

256.  BHC lacks knowledge or information to respond to the allegations in Paragraph 256.  To the extent a response is required, the allegations are denied.

DSMDB-2828308v1

257.  This Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, BHC admits that California's Fair Employment Act prohibits discrimination, and asserts that Act and its implementing regulations are the best evidence of its contents and requirements.

258.  BHC denies the allegations in Paragraph 258.

259.  BHC denies the allegations in Paragraph 259.

260.  BHC denies the allegations in Paragraph 260.

## COUNT XXIII

## HARASSMENT UNDER THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

261.  BHC repeats its responses to Paragraphs 1 through 65 as if fully set forth herein.

262.  BHC admits that it employed more than 5 persons in the State of California. The remainder of this Paragraph contains a legal conclusion to which no response is required.

263.  BHC lacks knowledge or information to respond to the allegations in Paragraph 263.  To the extent a response is required, the allegations are denied.

264.  BHC denies the allegations in Paragraph 264.

265.  BHC denies the allegations in Paragraph 265.

266.  BHC denies the allegations in Paragraph 266.

267.  BHC denies the allegations in Paragraph 267.

## PRAYER FOR RELIEF

BHC denies that Relators, the United States, or the States are entitled to a judgment or any other relief as requested in the "PRAYER FOR RELIEF" Paragraphs of the Petition numbered 1 through 139.  Further, BHC notes that Count I has been dismissed as to all drugs but Advate and Recombinate, and Counts II, III, and VII-XXI have been dismissed, without prejudice, in their entireties.

11

**WHEREFORE**, BHC respectfully requests that all remaining counts be dismissed with prejudice as to BHC, that those counts previously dismissed without prejudice be dismissed with prejudice, and that BHC be awarded costs and any other relief the Court deems just and proper.

## BHC'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Relators fail to state a claim against BHC upon which relief may be granted.

### Second Affirmative Defense

Relators' claims are barred, in whole or in part, because the United States Government and/or the States did not rely on any alleged misrepresentations or fraud by BHC. The U.S. Government and/or the States knew that providers could obtain BHC drugs and therapies at prices below the published AWP prior to and throughout the relevant time period stated in the Petition.

### Third Affirmative Defense

To the extent another False Claims Act *qui tam* case is under seal that was filed prior to that of the Relators, Relators' claims are barred under the "first to file" doctrine.

### Fourth Affirmative Defense

Relators' claims against BHC are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Fifth Affirmative Defense

Relators fails to state with particularity facts to support claims of fraudulent conduct against BHC contained in the Petition.

DSMDB-2828308v1

### Sixth Affirmative Defense

Any and all actions taken by BHC with respect to any of the matters alleged in the Petition were taken in good faith and in accordance with established industry practice.

### Seventh Affirmative Defense

BHC's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by the United States.

### Eighth Affirmative Defense

Relators' claims are barred, in whole or in part, because the allegations in the Complaint have been publicly disclosed, and Relators are not original sources within the meaning of the False Claims Act.

### Ninth Affirmative Defense

Some or all of Relators' claims against BHC arise from the United States' and the States' failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

### Tenth Affirmative Defense

Relators' claims are barred, in whole or in part, because the United States and/or the States would be unjustly enriched if allowed to recover any portion of the damages alleged in the Petition.

### Eleventh Affirmative Defense

Relators' claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the United States and the States have reimbursed for prescription drugs and therapies manufactured, marketed and sold by BHC after the filing of the Petition.

DSMDB-2828308v1

### Twelfth Affirmative Defense

Relators' claims are barred, in whole or in part, because the damages alleged are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Thirteenth Affirmative Defense

Relators' claims against BHC are barred, in whole or in part, due to Relators' failure to join indispensable parties.

### Fourteenth Affirmative Defense

Relators' claims are barred, in whole or in part, because the United States and the States failed to mitigate damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to BHC.

### Fifteenth Affirmative Defense

BHC is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the United States and the States, with respect to the same alleged injuries.

### Sixteenth Affirmative Defense

Relators' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Seventeenth Affirmative Defense

Relators' claims are barred, in whole or in part, by the filed rate doctrine.

### Eighteenth Affirmative Defense

Relators' claims are barred, in whole or in part, by the state action doctrine.

DSMDB-2828308v1

### Nineteenth Affirmative Defense

To the extent the United States and/or the States have obtained or obtain recovery in any other case predicated on the same factual allegations, Relators and the United States and/or the States are barred from seeking recovery against BHC based on the Petition pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### Twentieth Affirmative Defense

Relators' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by BHC in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Twenty-First Affirmative Defense

Relators' claims are barred, in whole or in part, to the extent that the United States and/or the States have released, settled, entered into an accord and satisfaction or otherwise compromised Relators' claims.

### Twenty-Second Affirmative Defense

Relators' claims against BHC are preempted by the Commerce Clause and/or the dormant Commerce Clause of the United States Constitution.

### Twenty-Third Affirmative Defense

Relators' claims against BHC are barred, in whole or in part, because they violate BHC's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as various state Constitutions, insofar as Relators seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

DSMDB-2828308v1

### Twenty-Fourth Affirmative Defense

Relators' claims against BHC are barred because the United States Government and the States and/or their agents knew and were aware that AWP was not an actual average of wholesale prices or the actual acquisition cost of pharmaceuticals.  Legal and equitable principles preclude this action for damages and injunctive relief.

### Twenty-Fifth Affirmative Defense

The claims alleged herein, based on the facts alleged, are barred in whole or in part by the United States Government and the States own negligence or gross negligence and the doctrines of comparative and/or contributory negligence.

### Twenty-Sixth Affirmative Defense

Relators' claims against BHC are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the various State Constitutions.

### Twenty-Seventh Affirmative Defense

To the extent punitive damages are sought, Relators' punitive damages claims against BHC (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Petition are legally insufficient to support a claim for punitive damages against BHC; (3) cannot be sustained because the laws regarding the standards for determining liability for, and the amount of, punitive damages fail to give BHC prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of BHC's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate BHC's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

DSMDB-2828308v1

### Twenty-Eighth Affirmative Defense

Relators' claims against BHC are barred because BHC has complied with all applicable regulations of the federal and state governments.

### Twenty-Ninth Affirmative Defense

Relators' claims against BHC are barred, in whole or in part, because any injuries sustained by the United States and/or the States were the result of intervening or superseding conduct of third parties.

### Thirtieth Affirmative Defense

Relators' claims against BHC are barred, in whole or in part, because BHC did not make any false statements to the United States and/or the States.  As to any statement asserted against BHC that Relators alleges to be false or misleading, BHC had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Thirty-First Affirmative Defense

Relators fails to allege facts or a cause of action sufficient to support a claim against BHC for compensatory damages, attorneys' fees, enhanced damages, treble damages and/or legal fees or costs.

### Thirty-Second Affirmative Defense

To the extent that Relator Sun asserts claims in her Complaint that were not made the subject of a timely complaint filed with the Department of Fair Employment and Housing ("DFEH") as required by Government Code Section 12965, the Court lacks jurisdiction with respect to these claims.

DSMDB-2828308v1

### Thirty-Third Affirmative Defense

To the extent that Relator Sun's FEHA claims rely on allegations of events that occurred more than one year prior to the date on which Relator Sun filed a DFEH complaint, such claims are time-barred.  Govt. Code § 12960.

### Thirty-Fourth Affirmative Defense

Defendant exercised reasonable care to prevent and correct any unlawfully discriminatory, harassing, and/or retaliatory workplace conduct allegedly experienced by Relator Sun.  Relator Sun unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Relator Sun's claims are barred or, alternatively, her relief limited.

### Thirty-Fifth Affirmative Defense

If Relator Sun suffered any damages as a result of the facts alleged in the Complaint, which Defendant denies, Relator Sun is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.

### Thirty-Sixth Affirmative Defense

This Court lacks jurisdiction over Relator Sun's claim for damages and mental and/or emotional and/or physical injuries arising out of Relator Sun's employment in that the exclusive remedy for such claims is provided by the California Workers' Compensation Act, California Labor Code Sections 3200 *et seq.*

### Thirty-Seventh Affirmative Defense

The Complaint, and each and every purported cause of action therein concerning Sun's employment, is barred as against Defendant to the extent that the actions of Defendant's agents, employees, and representatives, if the actions occurred, were not actions taken within the course and scope of their employment.

DSMDB-2828308v1

### Thirty-Eighth Affirmative Defense

Relator Sun's employment claims are barred to the extent that she engaged in any fraud that induced Defendant to enter into any employment relationship with Relator Sun or engaged in any misconduct of which Defendant was unaware until after Relator Sun's employment with Baxter Healthcare Corporation terminated that would have provided independent legal cause for her termination of employment.

### Thirty-Ninth Affirmative Defense

Relator Sun's employment claims, in whole or in part, are barred by the doctrine of estoppel.

### Fortieth Affirmative Defense

Relator Sun's employment claims, in whole or in part, are barred by the doctrine of waiver.

### Forty-First Affirmative Defense

Relator Sun's employment claims, in whole or in part, are barred by the doctrine of unclean hands.

### Forty-Second Affirmative Defense

Relator Sun's employment claims are barred by the fact that any decisions made by Defendant with respect to Relator Sun's employment were reasonably based on the facts as Defendant understood them after conducting a good faith investigation.

### Forty-Third Affirmative Defense

Relator Sun's employment was terminable at will by either party with or without cause. Cal. Labor Code § 2922.

### Forty-Fourth Affirmative Defense

Defendant is entitled to a set-off of any benefits Relator Sun receives or has received from workers' compensation, unemployment compensation, and from any benefit plans of

DSMDB-2828308v1

Defendant or others, for injuries or damages alleged in the Complaint, against any award of damages to Relator Sun in this action.

### Forty-Fifth Affirmative Defense

Any damages recovered by the Relators must be limited by any applicable statutory ceiling on recoverable damages.

### Forty-Sixth Affirmative Defense

BHC hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action, and hereby reserves its right to amend its Answer to assert such defense.

Respectfully submitted,

Dated: August 26, 2010

/s/ **Tina D. Reynolds**
Merle M. DeLancey
Tina D. Reynolds
Ruchi Jain
*Admitted pro hac*
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201

/s/ **Peter E. Gelhaar**
Peter E. Gelhaar (BBO #188310)
**DONNELLY, CONROY & GELHAAR, LLP**
One Beacon Street, 33rd Floor
Boston, MA 02108
Telephone: (617) 720-2880
Facsimile:  (617) 720-3554

Counsel for Defendant Baxter Healthcare Corporation

DSMDB-2828308v1

## CERTIFICATE OF SERVICE

I hereby certify that I, Tina Reynolds, an attorney, caused a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF BAXTER HEALTHCARE CORPORATION TO RELATORS' SECOND AMENDED COMPLAINT to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, on August 26, 2010, for posting and notification to all parties.

/s/ **Tina D. Reynolds**
Tina D. Reynolds
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200

DSMDB-2828308v1