UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: CLASS 1 JOHNSON & JOHNSON | |

## THE JOHNSON & JOHNSON DEFENDANTS' MOTION CHALLENGING PLAINTIFFS' PROPOSED CLASS REPRESENTATIVE

Johnson & Johnson, Centocor, Inc. and Ortho Biotech Products, L.P. (the "J&J Defendants") challenge Mrs. Jimmie Oustad, Plaintiffs' proposed class representative, on the grounds that she cannot adequately represent Class 1 because she is not a member of the class. The motion is based on the fact that Plaintiffs have not produced any evidence that Oustad paid for Procrit® or Remicade® during the class period.  Plaintiffs have thus failed to carry their burden under Fed. R. Civ. P. 23(a) to put forth a representative Plaintiff who can fairly and adequately protect the interests of Class 1.

When the Court decided the J&J Defendants' motions for summary judgment with respect to Class 1, it made a provisional finding, based solely on Plaintiffs' proffer [Dkt No. 7130], that Oustad was an adequate class representative because she paid for Remicade® during the class period.[1]  However, because the J&J Defendants had not had a full opportunity to review

---

[1] For the J&J Defendants, Class 1 consists of natural persons who made, or who incurred an enforceable obligation to make, a co-payment for Procrit® or Remicade® based on AWP.  *In re Pharm. Indus. Average Wholesale Price Litig.* ("*In re AWP*"), 233 F.R.D. 229, 230 (D. Mass. (continued…)

Oustad's medical and billing records, the Court gave the J&J Defendants leave to challenge

Oustad if they concluded, after reviewing Oustad's records, that Oustad was not an adequate

class representative.  *See* Memorandum and Order dated September 3, 2010 at 4 n.1 [Dkt. No.

7428] ("In the event that J&J believes, following a complete review, that Austed [sic] is not an

adequate class representative, J&J may file a motion for reconsideration and have her ousted.").

The Court instructed the J&J Defendants to "inform the Court whether there is a challenge to the

class representative within 30 days."  *Id.* at 28.[2]

Plaintiffs have now provided the J&J Defendants with numerous medical and

billing records relating to Oustad's medical treatments, including records that were produced to

Plaintiffs in response to a subpoena issued to Oustad's health insurer.  An expert retained by the

J&J Defendants has reviewed these records and has concluded that none of them establish that

Mrs. Oustad is a member of Class 1, because none of them show that she paid for Remicade® or

Procrit® during the class period.  *See* Declaration of Barbara J. Cobuzzi dated September 30,

2010.  The records show that Oustad was treated with Remicade in 2004 and later, <u>after</u> the end

of the class period.

---

2006).  Although the class period originally included 2004, the Court subsequently granted
summary judgment with respect to drugs "furnished in 2004" and thereafter.  *In re AWP*, 460 F.
Supp. 2d 277, 288 (D. Mass. 2006).  As a result, the class period ends on December 31, 2003.

[2] In a previous Order, dated August 6, 2010 [Dkt No. 7219], the Court directed the J&J
Defendants to challenge Oustad, if at all, within 21 days of receiving notice from Plaintiffs that
they had concluded that Oustad's medical and billing records were sufficient to show that Oustad
could "adequately represent Class 1 and is a member of Class 1."  *Id.* at ¶ 1.  Plaintiffs were also
directed to "identify the documents they believe establish that Oustad may adequately represent
Class 1 and is a member of Class 1."  *Id.* at ¶ 2.  As of this date, Plaintiffs have not notified the
J&J Defendants that they believe that Oustad's records demonstrate that she may adequately
represent Class 1 and is a member of Class 1, and they have not identified any documents that
they believe support either conclusion.

4252301v.1

Because Plaintiffs have not produced evidence that Oustad paid for Remicade® or Procrit® during the class period, they have not met their burden under Rule 23(a) of demonstrating that Oustad is a member of Class 1 who can fairly and adequately protect the interests of the class.  *See  In re AWP*, 230 F.R.D. 61, 81 (D. Mass. 2005) (requiring Plaintiffs to propose individual class representatives and to "disclose the documents demonstrating that the proposed class representatives made co-insurance payments (at least in part) under Medicare Part B based on AWP.").

The Court should therefore vacate its provisional finding that Oustad is an adequate class representative, and find instead that Plaintiffs have not met their burden of proving that Oustad is a member of Class 1 who can fairly and adequately protect the interests of the class.

Dated: October 1, 2010

Respectfully submitted,

**/s/ William F. Cavanaugh, Jr.**
William F. Cavanaugh Jr.
Adeel A. Mangi
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, NY  10036
(212) 336-2000

Andrew D. Schau
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY  10118
(212) 841-1000

*Attorneys for Johnson & Johnson, Centocor, Inc. and Ortho Biotech Products, L.P.*

4252301v.1