# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| BMS SETTLEMENT | Judge Patti B. Saris |

## CLASS PLAINTIFF'S STATUS REPORT AND MOTION TO RESCHEDULE DATES ASSOCIATED WITH THE FINAL APPROVAL OF THE BMS SETTLEMENT

Class Counsel hereby provide the Court with a status report concerning the provision of notice to class members in connection with the AWP BMS Settlement, as well as information concerning claims submitted to date.

Additionally, as set forth below, Class Counsel also respectfully move the Court to reschedule certain dates set forth in the Court's August 6, 2010 Order [Docket No. 7217] as it relates to notice and claims filed by Class 1 consumers as well as the date for Final Fairness Hearing, currently scheduled for November 19, 2010. This affects Class 1 consumers only. Notice to Class 3 consumers as well as to TPP class members has been completed. A change in the dates for filing of requests for exclusion, objections and filing of claims set forth in the Court's August 6, 2010 Order are not necessary as to consumers in Class 3 and TPPs in Class 2 and Class 3.

## A.    Notice to TPP Class Members

In accordance with the Court's Order of August 6, 2010, direct mail notice to TPPs was completed on September 8, 2010. A total of 41,916 TPP notices were mailed first class to all

TPPs in the Claim Administrator's TPP database. Additionally, in accordance with the Court-approved notice program, publication of notice to TPPs was inserted into *National Underwriter* and *HR Magazine* the week of August 23, 2010.

The deadline for TPPs to file claims, as set forth in the Court's Order, is November 19, 2010. To date, the Claims Administrator has received a total of 140 claims from TPP class members. Because TPPs traditionally file in the days just prior to the claims deadline, Class Counsel expect the number of TPP claims to increase substantially by the claims deadline.

The deadline for objections and request for exclusions was October 29, 2010. The claims administrator received a total of 11 requests for exclusion by TPP class members. Eight of those requests were received by the Claims Administrator on or before the October 29, 2010 deadline while three we received shortly after that deadline. Class Counsel is not aware of any objections to the settlement by TPP Class members.

**B.     Notice to Consumers in Class 3**

In accordance with the August 6, 2010 Order, the Court-approved publication notice appeared in national publications such as *Newsweek*, *People* and *TV Guide* in their August publications (August 12, 16 and 20, 2010 respectively). The deadline for the submission of claims by Class 3 consumers is also November 19, 2010. To date the Claims Administrator reports a total of 41 Class 3 consumer claims filed. Of these, more than 85% have opted for the "easy refund" option as opposed to providing documentation for a full refund. Class Counsel anticipate that the number of Class 3 consumer filing claims will also increase as the November 19, 2010 deadline approaches. Class Counsel is not aware of any objections to the settlement by a Class 3 Consumer.

C.     **Notice to Consumers in Class 1**

As the Court is aware, Class Counsel have been working with the CMS data vendor to provide data to be used to provide direct mail notice of the BMS settlement to Class 1 consumers using CMS contact and payment information.  The CMS vendor responsible for providing the Class 1 data has previously encountered delays in providing the data.  There are three reasons behind the delays.

First and foremost, CMS selected a new data vendor in early 2009 and awarded a new contract to the current vendor.  This resulted in a substantial delay in processing Class Counsel's data request.  The new vendor had to obtain and load all CMS beneficiary information for the totality of the Medicare and Medicaid programs – a gargantuan task.  We understand that this created a significant backlog in fulfilling data requests for numerous constituencies, and not just the data request submitted in this case.  In July 2010, Class Counsel reported to the Court that it anticipated receiving the BMS Class 1 member data in time to conduct direct mail notice to Class 1 consumers in advance of a November 19, 2010 Final Fairness Hearing.

Further investigation revealed that the CMS vendor initially utilized only a partial list of NDCs associated with the BMS and Track 2 settlements.  Class Counsel then provided a new complete list of all NDCs to the vendor who then agreed to run the data on all applicable NDCs in both the BMS Settlement and the Track 2 settlement at the same time.  The CMS vendor had recommended combining the data request for both the BMS Settlement and the Track 2 settlement in order to conserve resources and save the classes money.  Because of the already large number of NDCs in the Track 2 settlement, the addition of the 22 NDCs associated with the

BMS settlement did not increase the cost of the data.[1]  There appear to be about 19 million

beneficiaries in the BMS-Track 2 combined dataset.

There is a third reason driving the delay.  The process by which the vendor conducts the

data search changed since Class Counsel first requested data from CMS in the AWP GSK and

AWP AZ Class 1 settlements, data that was provided much more quickly than what we have

experienced in the BMS and Track 2 proposed settlements.  The current process involves the use

of the NDCs to create a "finder file," which is essentially a list of individual claim level records

that are found to have an entry coinciding with one or more NDCs of interest.  This file is then

checked to eliminate any duplicates.  Based on this finder file, CMS and the vendor then provide

an estimate of the number of beneficiaries associated with the data request and an invoice for the

cost of obtaining the data.  The process of creating the finder file is the most time-consuming

portion of the process.  This new, initial step in the process was not part of the experience that

we had in that administration of the GSK and AstraZeneca Class 1 settlements.  Once the finder

file is complete, the vendor uses the list of records in that file to query the applicable databases –

essentially pulling the claims level data for each record into a separate database.  That database

then contains all of the necessary information on each of the beneficiaries and their claims level

data associated with each NDC.

The vendor has now ***completed*** the creation of the "finder file" associated with the data

request and has provided Class Counsel with a cost estimate for the data.  The vendor is now in

the process of using the finder file to complete the second part of the process – creating the

database with all applicable claims level data.  The vendor represents that that process will be

complete and the data will be produced by December 10, 2010.  The vendor has also agreed to

---

[1] Class Counsel proposes to allocate the costs of the data between the two settlements based on the number of
beneficiaries identified in the data with respect to each separate settlement.

001534-16  406849 v1

provide a *weekly* progress report to Class Counsel over the next four weeks to ensure that the process stays on track and that the data is produced as promised.

Once the data has been received from the vendor, the Claims Administrator will be able to provide each individual identified, by first class mail, the initial summary notice and claim card. By returning the simple claim cards, consumer will be identifying themselves as class members – that is they will identify themselves as having made a percentage co-payment under Medicare (as opposed to having had their co-payment obligation paid by a Medi-Gap insurer). On a rolling basis, the Claims Administrator will provide the full notice to each consumer who returns the simple claims card. Consumers need not provide any additional information to receive a payment. Unless they exclude themselves from the Settlement, the consumer's distribution amount will be calculated using the payment information provided in the CMS data and the formula for determining payments as set forth in the approved Distribution Plan and Claims Process.

The delays, which have largely been beyond the control of the Court and Class Counsel, have been frustrating. However, there is light at the end of the tunnel, and it appears that we will have all of the necessary data to provide notice to the members of BMS Class 1 by December 10, 2010.

The Court has previously expressed its clear preference that final fairness hearings not be bifurcated. Thus, although notice to BMS Classes 2 and 3 is complete, Class Counsel respectfully request that the Court move the final approval hearing so that the proposed settlement can be evaluated with respect to all BMS classes simultaneously. This would require a brief extension of the schedule associated with notice and final approval of the BMS Settlement as to Class 1 consumers only so as to allow for the provision of notice to Class 1 prior

- 5 -

to the Final Fairness Hearing.  Based on a receipt of Class 1 data on or before December 10, 2010, Class Counsel recommend and request the following schedule:

| Date | Event |
| --- | --- |
| December 22, 2010 | Mailing of summary notice and claim card to the members of Class 1 |
| January 21, 2011 | Deadline for Class 1 members to return claim cards |
| January 28, 2011 | Mailing of full notice to Class 1 members returning claim card complete |
| January 28, 2011 | Briefs in support of final approval and Class Counsel's fee petition filed |
| February 18, 2011 | Deadline for objections, requests for exclusions, and notices of appearance for Class 1 consumers only |
| February 25, 2010 | Final Fairness Hearing (to be determined by the Court based on the Court's availability). |

Class Counsel also propose that they provide the Court with a report on November 30, 2010 describing the status of the CMS vendor's efforts to meet the December 10, 2010 deadline.

For the reasons set forth above, Class Counsel respectfully request that the Court approve the revised schedule set forth above and that the Court enter the proposed Order filed herewith.

DATED: November 5, 2010

By____/s/ Steve W. Berman_____
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

001534-16  406849 v1

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shaprio LLP
1629 K St. NW, Suite 300
Washington, DC  20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

001534-16  406849 v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **CLASS PLAINTIFF'S MOTION TO RESCHEDULE DATES RELATED TO FINAL APPROVAL OF THE BMS SETTLEMENT**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 5, 2010, a copy to LexisNexis File & Serve for posting and notification to all parties.

 **/s/ Steve W. Berman**
Steve W. Berman