# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br>-------------------------------------------<br>THIS DOCUMENT RELATES TO:<br>BMS CLASS ACTIONS | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>DECLARATION OF KATHERINE KINSELLA |

I, Katherine Kinsella, being duly sworn, hereby declare as follows:

1. I am President of Kinsella Media, LLC ("KM"), an advertising and legal notification firm in Washington, D.C. that specializes in the design and implementation of class action and bankruptcy notification programs to reach unidentified putative class members primarily in consumer and mass tort litigation. My business address is 2120 L Street, NW, Suite 860, Washington, D.C. 20037. My telephone number is (202) 686-4111.

2. I submit this declaration in connection with the class action Notice Program in *In Re Pharmaceutical Industry Average Wholesale Price Litigation*, BMS Settlement, pending in the United States District Court for the District of Massachusetts. I previously submitted a Notice Program, Exhibit G to the Settlement Agreement, to the Court on August 4, 2009, outlining my firm's credentials and describing the Notice Program designed by KM. The Court subsequently approved the Notice Program on July 29, 2010. This declaration outlines the implementation of said Notice Program and the measures taken to provide the best notice of the Proposed Settlement that was practicable under the circumstances.

3. KM was retained to help design and implement the notice program for the proposed settlement of the above-captioned action.

4. This declaration is based upon my personal knowledge and upon information provided by Class Counsel and my staff. The information is of a type reasonably relied upon in the fields of advertising, media and communications.

## Notices

5. This program utilized two publication notices to reach Third-Party Payor ("TPP") and Consumer Class Members, the *TPP Publication Notice* and the *Consumer Publication Notice*. The plain language publication notices were designed as black and white advertisements to capture and hold the attention of the reader. A bold headline allowed Class Members to quickly determine if the Proposed Settlement might affect them. The text provided important information regarding the subject of the Proposed Settlement, the Class definition and the legal rights available to Class Members.

6. The *TPP Publication Notice* and the *Consumer Publication Notice* prominently featured the toll-free telephone number, the informational website address, and a mailing address for Class Members to request or access the *TPP Notice of Proposed Class Action Settlement* or *Consumer Notice of Proposed Class Action Settlement*. True and correct copies of the *TPP Publication Notice* and the *Consumer Publication Notice* are attached hereto as Exhibit 1.

## Paid Media

7. Paid media was used to supplement the Direct Notice program implemented by Rust Consulting, Inc., the Claims Administrator, in this case. Specific information regarding the direct mail portion of the Notice Program is provided in the declaration of Eric Miller.

8.   The *Consumer Publication Notice* appeared in the following national consumer magazines:

   a) A one-third-page ad (2.2" x 10") appeared on page 51 in the August 23 – August 30, 2010 edition of *Newsweek,* which went on sale on August 16 2010, with an estimated circulation of 1,500,000.

   b) A one-third-page ad (2.215" x 10") appeared on page 112 in the August 30, 2010 edition of *People,* which went on sale on August 20, 2010, with an estimated circulation of 3,450,000.

   c) A one-third-page ad (2.215" x 10") appeared on page 19 in the August 16 – August 23, 2010 edition of *TV Guide,* which went on sale on August 12, 2010, with an estimated circulation of 2,000,000.

9.   The *TPP Publication Notice* appeared in the following national trade magazines:

   a) A full-page ad (7" x 10") appeared on page 118 in the September 2010 edition of *HR Magazine,* which went on sale on September 9, 2010, with an estimated circulation of 238,219.

   b) A full-page ad (2.2" x 10") appeared on page 33 in the August 23, 2010 edition of *National Underwriter: Life & Health,* which went on sale on August 23 2010, with an estimated circulation of 1,500,000.

10.  A press release was included to augment the published notice. The press release contained a message that highlighted the benefits of the Proposed Settlement and explained the claims filing process as well as the toll-free telephone number, and the website address that Class Members could visit for complete information.

11. On August 13, 2010, a press release was sent to over 75 cancer and health related reporters, bloggers, publications, and websites. A copy of the press release is attached as Exhibit 2.

12. On August 11, 2010, an interactive website was established at www.BMSAWPSettlement.com enabling potential Class Members to acquire complete information on the Proposed Settlement.

13. I declare under penalty of perjury that the foregoing is true and correct. If called as a witness, I could and would competently testify to the foregoing, which is based upon my personal knowledge and upon information provided gathered by my staff and provided by the settling parties.

_____  
Katherine Kinsella

_November 12, 2010_  
Date

# EXHIBIT 1

# Third-Party Payors Who Made Reimbursements for Certain Chemotherapy Drugs

(From January 1, 1991 to December 31, 2004)

## May Be Able To Receive Substantial Payments From a Proposed Class Action Settlement.

*The Bristol-Myers Squibb drugs are:*

Blenoxane®

Cytoxan®

Etopophos®

Paraplatin®

Rubex®

Taxol®

Vepesid®

**For Detailed Information and a Claim Form:**

**Visit:**
**www.BMSAWPSettlement.com**

**Call:**
**Toll-Free: 1-877-690-7097**

**Or Write:**
**BMS AWP TPP Settlement Administrator**
**P.O. Box 24648**
**West Palm Beach, FL 33416**

There is a proposed class action Settlement with Bristol-Myers Squibb ("BMS") concerning drugs used in the treatment of cancers and other medical conditions. They are most often, but not always, injected in a doctor's office or clinic.

**What is the Lawsuit About?**

The lawsuit claims that Third-Party Payors ("TPPs") who reimbursed any portion of their insureds' Medicare Part B co-payment or who reimbursed for these drugs outside of Medicare Part B based on the "average wholesale price" ("AWP") paid more than they should have for these drugs. The lawsuit claims the AWP reported by BMS for these drugs was false and inflated. BMS contends that it reported true and accurate list prices; it denies any wrongdoing and is settling to avoid the burden and expense of continued litigation.

**Who are Class Members?**

Generally speaking, you may be a member of one of the Settlement Classes if:

- You reimbursed any portion of an insured's Medicare Part B co-payment for any of these drugs from January 1, 1991 through December 31, 2004; or
- You made reimbursements outside of Medicare Part B for any of these drugs from January 1, 1991 through December 31, 2004.

**What are My Legal Rights?**

Get complete information below to understand your legal rights to:

- Remain in the Class and File a valid claim postmarked by **November 19, 2010**,
- Remain in the Class and Object to or comment on the Settlement in writing postmarked by **October 29, 2010**, or
- Exclude yourself and keep your right to sue the Defendants on your own. Written exclusion requests must be postmarked by **October 29, 2010**.

The Court will determine whether to approve the Settlement at a Fairness Hearing on **November 12, 2010** at 2:00 p.m.

# If you made a Percentage Co-Payment or Full Payment for Certain Chemotherapy Drugs

From January 1, 1991 to December 31, 2004

**You may be able to get at least $35 back from a class action settlement.**

---

The Bristol-Myers Squibb drugs are:

- Blenoxane®
- Cytoxan®
- Etopophos®
- Paraplatin®
- Rubex®
- Taxol®
- Vepesid®

---

For information on how to exclude yourself (in writing by October 29, 2010), or to stay in the class and file a claim and/or object/comment:

**Visit:**
**www.BMSAWPSettlement.com**

**Call Toll-Free:**
**1-877-690-7097**

**Or Write:**
**BMS AWP Class 3 Settlement Administrator, P.O. 2366, Faribault, MN 55021-9066**

# EXHIBIT 2

*PRESS RELEASE*    \*\*     *PRESS RELEASE*    \*\*     *PRESS RELEASE*

**For Immediate Release**     **Contact:** Nancy Dolan
**Date:** August 13, 2010     (202) 686-4111

### A Proposed Class Action Settlement Provides $19 Million to Third-Party Payors and Consumers for Overpayment of Certain Chemotherapy Drugs

(Washington, DC) – The following announcement is being issued by the law firm of Hagens Berman Sobol Shapiro LLP regarding the preliminarily approval of a Settlement in the case *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, BMS Settlement, No. 01-CV-12257, in the United States District Court for the District of Massachusetts.

The proposed Settlement with Bristol-Myers Squibb ("BMS") will provide $19 million to settle claims with Third-Party Payors ("TPPs") and consumers that may have overpaid for drugs used in the treatment of cancers and other medical conditions. These drugs are most often, but not always, injected in a doctor's office or clinic. The lawsuit is not about whether these drugs are safe or effective.

The lawsuit claims that BMS reported false and inflated Average Wholesale Prices ("AWPs") for the following drugs: Blenoxane®, Cytoxan®, Etopophos®, Paraplatin®, Rubex®, Taxol®, and Vepesid®. These drugs are most often, but not always, injected in a doctor's office or clinic. AWPs are used to set reimbursement amounts paid by a) Medicare and its beneficiaries, b) private health insurers, and c) consumers making percentage co-payments under private health insurance plans. As a result of incorrect AWPs, TPPs and consumers paid too much for these drugs. BMS contends that it reported true and accurate prices; it denies any wrongdoing and is settling to avoid the burden and expense of continued litigation.

You are a Class Member and included in the Settlement if:

1. You are a TPP and reimbursed (or incurred an obligation to reimburse) any portion of an insured's Medicare Part B co-payment for any of these drugs from January 1, 1991 through December 31, 2004; or

2. You are a TPP and made (or incurred an obligation to make) reimbursements outside of Medicare Part B for any of these drugs from January 1, 1991 through March 1, 2008.

3. You are a consumer who made a percentage co-payment through a private health insurance plan or made a full cash payment for any of these drugs from January 1, 1991 through December 31, 2004.

Class Members that remain in the Class must submit a valid claim postmarked by **November 19, 2010** in order to receive any money.

Class Members that want to object or comment on the Settlement but remain part of the Class must submit a written objection/comment postmarked by **October 29, 2010**. If the Settlement is approved and the objection is rejected, they will be bound by all Court orders.

Class Members that do not wish to be included in the Settlement must submit a written request for exclusion postmarked by **October 29, 2010**.  They keep the right to sue at their own expense.  They will not receive a payment from the Settlement.

The Court will determine whether to approve the Settlement at a Fairness Hearing on **November 19, 2010** at 2:00 p.m.

For more information regarding the Settlement and Class Member rights, please visit www.BMSAWPSettlement.com or call toll-free: 1-877-690-7097.

###

Source: Hagens Berman Sobol Shapiro LLP

## **CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**
Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on November 12, 2010, I caused copies of **DECLARATION OF KATHERINE KINSELLA** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                         **/s/ Steve W. Berman**
                         Steve W. Berman