# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br>Subcategory Docket: 06-CV-11337-PBS |
| THIS DOCUMENT RELATES TO | ) ) | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 07-CV-11618-PBS | ) ) ) ) | Magistrate Judge Marianne B. Bowler |

## STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with the terms of the December 7, 2010 Settlement Agreement between the United States, Relator Ven-A-Care of the Florida Keys, Inc. ("Relator"), and Abbott Laboratories Inc. and Abbott Laboratories ("Abbott") ("United States Settlement Agreement") (attached hereto as *Exhibit 1*), and the December 7, 2010 Settlement Agreement and Release between Relator and Abbott ("Relator-Abbott Settlement Agreement") (attached hereto as *Exhibit 2*), the Relator and Abbott hereby stipulate, through their undersigned counsel, to the entry of an order dismissing with prejudice all claims that were stated or that could have been stated in the Relator's Complaint For Violations of the False Claims Act, 31 U.S.C. §3729, *et seq*. against Abbott Laboratories, Inc. in *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.,* No. 07-CV-11618-PBS (D. Mass.) ("Massachusetts Abbott PPD Case"). The dismissed claims, which were previously assigned Civil Action No. 00-10698-MEL (D. Mass.), were transferred to this MDL for pre-trial proceedings. A proposed Order of Dismissal With Prejudice is attached hereto as *Exhibit 3*.

Separately, pursuant to 31 U.S.C. § 3730(b)(1), the United States has submitted the United States' Consent to Relator and Defendant's Stipulation for Voluntary Dismissal with Prejudice, which consents to the parties' settlement and dismissal of claims in this action.

In addition, pursuant to the Relator-Abbott Settlement Agreement, the Relator has provided a Declaration (attached hereto as *Exhibit 4*) concerning its investigation, using its industry insider pricing and marketing information, of drugs manufactured by Abbott's Pharmaceutical Products Division ("PPD") that were reimbursed by either the Medicaid or Medicare programs for the time period 1991 through 2005.  Using standards consistent with those applied by the Court in MDL 1456 – including but not limited to the "30% yardstick expected in the industry" for brand name drugs (the "30% yardstick") and the Court's finding that "if more than 50 percent of all sales were made at or about [within 5%] the list price, the list price will not be deemed fictitious" (the "50% within 5% WAC" test), *see In re: Pharmaceutical Industry Average Wholesale Price Litigation*, 491 F. Supp.2d 20, 32, 101-02, 105 (D. Mass. 2007) – the Declaration summarizes the Relator's investigation as to whether there is a basis to allege that reported prices and marketing conduct for drugs manufactured by Abbott's PPD were false, fraudulent, or deceptive.

The Relator's investigation determined that, consistent with the standards previously applied by this Court and affirmed by the First Circuit, the reported prices and marketing conduct for Abbott PPD drugs not identified in the above-captioned case, and reflected on Exhibit A to the Relator's Declaration, were neither false, fraudulent, or deceptive.  Consistent with this determination and the Relator-Abbott Settlement Agreement, the Relator has agreed to release, to the extent it is capable under applicable law and subject to the exception in Paragraph 3 of the Relator-Abbott Settlement Agreement, any and all claims that Relator asserted or could have

asserted concerning the List Prices, Direct Prices, Average Wholesale Prices, Wholesale Acquisition Costs, or any other price reported to the national pricing compendia for any drug manufactured, marketed, co-marketed, co-promoted, distributed, or sold under the following Abbott labeler codes: 00074, 00300, 00044, 00048, 00524, 00597, 00703, 00822, 60574, 60598, 63459.

This stipulation has no effect on claims or allegations against any defendants other than Abbott in *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, MDL-No. 1456, C.A. No. 01-12257-PBS (D. Mass.).

Each party shall bear its own costs and attorneys' fees.

WHEREFORE, to permit them to effectuate the terms of the United States Settlement Agreement and the Relator-Abbott Settlement Agreement, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), the parties respectfully request that the Court enter an order in the form attached hereto as Exhibit 3.

Respectfully Submitted,

**FOR THE RELATOR, VEN-A-CARE OF THE FLORIDA KEYS, INC.**

/s/ James J. Breen
James J. Breen
The Breen Law Firm, P.A.
3350 S.W. 148th Avenue, Suite 110
Miramar, FL 33027
Tel: (954) 874-1635
Fax: (954) 874-1705

*Counsel for Relator*


**FOR THE DEFENDANT ABBOTT LABORATORIES INC.**

/s/ James R. Daly
James R. Daly
Jones Day
77 West Wacker
Chicago, IL 60601-1692

*Counsel for Abbott Laboratories Inc.*

Dated:  December 13, 2010

## CERTIFICATE OF SERVICE

     I hereby certify that I have this day caused an electronic copy of the above **STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                                             /s/ David S. Torborg
                                             David S. Torborg

December 13, 2010
.