# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | Subcategory Docket: 06-CV-11337-PBS |
| | ) | |
| THIS DOCUMENT RELATES TO | ) | Judge Patti B. Saris |
| | ) | |
| *U.S. ex rel. Ven-A-Care of the Florida Keys,* | ) | Magistrate Judge Marianne B. Bowler |
| *Inc. v. Abbott Laboratories, Inc., et al.,* No. | ) | |
| 06-CV-11337-PBS and *U.S. ex rel. Ven-A-* | ) | |
| *Care of the Florida Keys, Inc. v. Abbott* | ) | |
| *Laboratories, Inc.*, No. 07-CV-11618-PBS | ) | |

## Declaration of Relator, Ven-A-Care of the Florida Keys, Inc., in Support of the Comprehensive Settlement of "AWP Type Claims" for the Federal Share of Medicaid Overpayments Against Abbott Laboratories Inc.

1.      Ven-A-Care of the Florida Keys, Inc. is the *qui tam* Relator in both of the above

styled cases brought against Abbott Laboratories Inc. ("Abbott") pursuant to the federal False

Claims Act (31 U.S.C. § 3729, *et. seq.*) (collectively, the "Abbott *Qui Tam* FCA Actions").  The

first action was commenced in June 1995 in the United States District Court for the Southern

District of Florida (the "Florida Civil Action").  In March 2006, the United States intervened

with respect to certain allegations made against Abbott in the Florida Civil Action.  At that time,

the intervened claims against Abbott were severed and assigned case number 06-21303-CV-

GOLD (S.D. Fla.).  In July 2006, the intervened claims against Abbott were transferred to MDL

and assigned case number 06-CV-11337-PBS.  This action, hereafter the "Florida Abbott HPD

Case," relates to pharmaceutical products manufactured by Abbott's former Hospital Products

Division.

2.      The second action was commenced in April 2000 in the United States District

Court for the District of Massachusetts (the "Massachusetts Civil Action").  The Relator

amended this action in February 2001 to include claims against Abbott relating to

pharmaceutical products manufactured by Abbott's Pharmaceutical Products Division ("PPD").

The United States declined to intervene in the claims made against Abbott in the Massachusetts

Civil Action.  The Relator has proceeded with the civil prosecution of the claims against Abbott

in the Massachusetts Civil Action on behalf of the United States.  In August 2007, the claims

against Abbott in the Massachusetts Civil Action were severed, the severed action against Abbott

was assigned Civil Action No. 07-CV-11618-PBS (the "Massachusetts Abbott PPD Case"), and

Relator filed a severed amended complaint.  The severed claims in Civil Action No. 07-CV-

11618-PBS were transferred to MDL 1456.

      3.     The Abbott *Qui Tam* FCA Actions are both based on the Relator's disclosures of

information to the United States and allegations that Abbott engaged in a course of conduct

whereby it allegedly knowingly reported falsely inflated prices for some of its drugs in order to

cause the states and federal jointly funded Medicaid Program, and for some drugs the Medicare

Program, to overpay for Abbott's pharmaceutical products, thus creating a financial inducement

for Abbott's customers which the Relator alleges Abbott knowingly exploited as a marketing

advantage.  The Relator has alleged that Abbott's conduct violated the False Claims Act (31

U.S.C. § 3729, *et. seq.*) and the Medicare and Medicaid Anti-kickback Statute (42 U.S.C.

§1320a-7b(b)).

      4.     The Abbott *Qui Tam* FCA Actions are two of many  "AWP Type Cases" included

in this MDL and otherwise filed in other courts around the United States.  The Relator has

brought similar AWP Type Cases against Abbott under the *qui tam* provisions of other state

statutes similar to the federal FCA seeking recovery of alleged Medicaid overpayments.

5.      The Relator, Abbott, and the United States have agreed to a resolution that will encompass both of the Abbott *Qui Tam* FCA Actions.  Although the United States declined to intervene in the Massachusetts Abbott PPD Case, the Relator cannot effectively settle that case unless the United States consents to its dismissal with prejudice.  The Relator understands that the requisite consent will be given as part of the parties' comprehensive resolution of the Abbott *Qui Tam* FCA Actions.  The Relator has agreed to provide this Declaration in order to facilitate the resolution of the Massachusetts Abbott PPD Case.  The Relator, acting through its current officer and director, John Lockwood, M.D. and with the knowledge and consent of the Relator's President, T. Mark Jones, understands that the representations contained herein will be made part of the proposed order dismissing the Massachusetts Abbott PPD Case.

6.      In the Massachusetts Abbott PPD Case, the Relator alleged FCA violations with respect to various National Drug Codes of the drug, Erythromycin, sold by Abbott's PPD Division.  The Relator's allegations in the Massachusetts Abbott PPD Case focus on those drugs for which the Relator determined that FCA violations could be established and substantial damages recovered based, in part, on an analysis and drug selection process similar to the standards that would later be applied by the Court in the present MDL, consistent with the "30% yardstick expected in the industry" (the "30% yardstick") and the Court's finding that "if more than 50 percent of all sales were made at or about [within 5%] the list price, the list price will not be deemed fictitious" (the "50% within 5% WAC" test).  *See In re: Pharmaceutical Industry Average Wholesale Price Litigation*, 491 F. Supp.2d 20, 32, 101-02, 105 (D. Mass. 2007).

7.      The Relator's investigations of Abbott's conduct have included, but have not been limited to, an investigation of price reporting and related marketing conduct with respect to Abbott PPD brand drugs for which there was substantial Medicaid reimbursement, on a WAC

plus or AWP minus basis, during the 1991 thorough 2005 time period.  In addition to the

Erythromycin products identified in the Massachusetts Abbott PPD Case, the Relator's

investigation included those Abbott PPD brand drugs listed on Exhibit A attached hereto.  The

Relator carefully analyzed its industry insider pricing and marketing information relating to those

brand drugs reflected on Exhibit A, including, but not limited to, the McKesson/Econolink

pricing data at various points in time, the Amerisource Bergen Echo pricing database at various

points in time, and pricing information from various group purchasing organizations and other

sources.[1]  To determine whether the WAC and AWP prices would be considered false,

fraudulent, or deceptive consistent with the standards applied by this Court, the Relator

compared the market price information contained in McKesson/Econolink pricing data,

Amerisource Bergen Echo pricing database, and various other sources with the WAC and AWP

information published by First Databank for those drugs listed on attached Exhibit A.  In

addition, the Relator further considered its industry insider information in an effort to identify

instances where it considered the manufacturer to have marketed an inflated spread for those

drugs reflected on Exhibit A.

---

[1] Relator understands that additional NDCs of the drugs listed in Exhibit A were sold in the marketplace.  The Relator analyzed those NDCs for which it had pricing information.

8. Based on its analysis of its industry insider pricing and marketing information, and with reference to the three-factor test applied by this Court in other AWP cases (*see In re: Pharmaceutical Industry Average Wholesale Price Litigation*, 491 F. Supp.2d 20, 101-02 (D. Mass. 2007), the Relator did not find pricing and marketing conduct with respect to those brand drugs not identified in the Massachusetts Abbott PPD Case, and reflected on Exhibit A attached hereto, to be false, fraudulent, or deceptive. Accordingly, the Relator did not believe them to be a proper basis for an FCA claim based on the theory of liability set forth in Paragraph 3 above.

_____
Dr. John Lockwood

Dated: ~~November~~ Dec. 2, 2010

# EXHIBIT A

# to Relator Declaration

| NDC | Drug |
|---|---|
| 00074258611 | BIAXIN |
| 00074258660 | BIAXIN |
| 00074316313 | BIAXIN |
| 00074316350 | BIAXIN |
| 00074318813 | BIAXIN |
| 00074318850 | BIAXIN |
| 00074336811 | BIAXIN |
| 00074336860 | BIAXIN |
| 00074338660 | BIAXIN |
| 00074316511 | BIAXIN XL |
| 00074316541 | BIAXIN XL |
| 00074316560 | BIAXIN XL |
| 00074166413 | CARTROL |
| 00074166513 | CARTROL |
| 00074602513 | CYLERT |
| 00074605713 | CYLERT |
| 00074607313 | CYLERT |
| 00074608813 | CYLERT |
| 00074156410 | DEPACON |
| 00074568113 | DEPAKENE |
| 00074568216 | DEPAKENE |
| 00074621211 | DEPAKOTE |
| 00074621213 | DEPAKOTE |
| 00074621411 | DEPAKOTE |
| 00074621413 | DEPAKOTE |
| 00074621453 | DEPAKOTE |
| 00074621511 | DEPAKOTE |
| 00074621513 | DEPAKOTE |
| 00074621553 | DEPAKOTE |
| 00074821213 | DEPAKOTE |
| 00074712611 | DEPAKOTE ER |
| 00074712613 | DEPAKOTE ER |
| 00074611411 | DEPAKOTE SPRINKLE |
| 00074611413 | DEPAKOTE SPRINKLE |
| 00074337704 | DESOXYN |
| 00074694104 | DESOXYN |
| 00074694808 | DESOXYN |
| 00074695907 | DESOXYN |
| 00074379401 | DICUMAROL |
| 00074683801 | ENDURONYL |
| 00074685401 | ENDURONYL FORTE |
| 00074332213 | HYTRIN |
| 00074332311 | HYTRIN |
| 00074332313 | HYTRIN |
| 00074332413 | HYTRIN |
| 00074332511 | HYTRIN |
| 00074332513 | HYTRIN |
| 00074380511 | HYTRIN |
| 00074380513 | HYTRIN |
| 00074380611 | HYTRIN |
| 00074380613 | HYTRIN |

| | |
|---|---|
| 00074380711 | HYTRIN |
| 00074380713 | HYTRIN |
| 00074380811 | HYTRIN |
| 00074380813 | HYTRIN |
| 00074395646 | KALETRA |
| 00074395977 | KALETRA |
| 00074780411 | K-TAB |
| 00074780413 | K-TAB |
| 00074780419 | K-TAB |
| 00074780425 | K-TAB |
| 00074314201 | NEMBUTAL |
| 00074311401 | NEMBUTAL SODIUM |
| 00074314801 | NEMBUTAL SODIUM |
| 00074315011 | NEMBUTAL SODIUM |
| 00074316401 | NEMBUTAL SODIUM |
| 00074377804 | NEMBUTAL SODIUM |
| 00074377805 | NEMBUTAL SODIUM |
| 00074194063 | NORVIR |
| 00074663322 | NORVIR |
| 00074949202 | NORVIR |
| 00074376930 | OMNICEF |
| 00074376960 | OMNICEF |
| 00074377113 | OMNICEF |
| 00074377160 | OMNICEF |
| 00074615113 | OMNICEF |
| 00074615160 | OMNICEF |
| 00074338913 | PCE |
| 00074629060 | PCE |
| 00074373513 | PROSOM |
| 00074373613 | PROSOM |
| 00074269913 | TRANXENE SD |
| 00074299713 | TRANXENE SD |
| 00074438913 | TRANXENE T-TAB |
| 00074439013 | TRANXENE T-TAB |
| 00074439113 | TRANXENE T-TAB |
| 00074400990 | TRICOR |
| 00074401390 | TRICOR |
| 00074434290 | TRICOR |
| 00074641590 | TRICOR |
| 00074644790 | TRICOR |