# Exhibit A

## SETTLEMENT AGREEMENT

### I. PARTIES

This Settlement Agreement ("Agreement") is entered into among: the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS") (collectively, the "United States"); Boehringer Ingelheim Corporation ("BIC"), Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), Roxane Laboratories, Inc. ("RLI"), and Roxane Laboratories, Inc. n/k/a Boehringer Ingelheim Roxane, Inc. ("BIRI") (all four entities referred to collectively as "Roxane"); and Ven-A-Care of the Florida Keys, Inc. ("Relator"). Collectively, the United States, Roxane, and the Relator are referred to herein as the "Parties."

### II. PREAMBLE

As a preamble to this Agreement, the Parties agree to the following:

A.      BIC is a Nevada corporation, headquartered in Ridgefield, Connecticut. BIC is the parent holding company for BIPI, Roxane Laboratories, Inc., and Roxane Laboratories, Inc. n/k/a Boehringer Ingelheim Roxane, Inc.

B.      BIPI is a Delaware corporation, headquartered in Ridgefield, Connecticut. BIPI is in the business of marketing and selling pharmaceutical products in the United States.

C.      BIRI is a Delaware corporation headquartered in Columbus, Ohio. Until April 2005, BIRI was known as Roxane Laboratories, Inc. and engaged in the sales and marketing of

Page 1 of 16

pharmaceutical products.  Since April 2005, BIRI has been in the business of manufacturing and distributing pharmaceutical products.

D.      Roxane Laboratories, Inc. has existed since April 2005 and is a Nevada Corporation headquartered in Columbus, Ohio.  RLI is involved in the sales and marketing of pharmaceutical products in the United States.

E.      On or about April 10, 2000, Relator filed a qui tam action in the United States District Court for the District of Massachusetts captioned United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Roxane Laboratories, et al., Civil Action No. 00-10698-MLW (D. Mass.); and, on or about February 15, 2005, Relator filed a Third Amended Complaint in the same court under the caption United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp., et al., Civil Action No. 00-10698-MEL (D. Mass.) ("VAC Third Amended Complaint"), in which the United States has intervened and filed a complaint under the caption United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., et al. v. Boehringer Ingelheim Corp., et al., Civil Action No. 07-10248-PBS (D. Mass.).  On March 29, 2007, Relator filed an Amended Complaint, which adopted the United States' Complaint.  On December 2, 2008, the United States filed a First Amended Complaint in Civil Action No. 07-10248-PBS (the "Civil Action").

F.      The United States contends that Roxane caused to be submitted claims for payment for its drugs to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395hhh ("Medicare"), and the Medicaid Program, 42 U.S.C. §§ 1396-1396v ("Medicaid").

G.      The United States contends that it has certain civil claims, as specified in Paragraph III.B below, against Roxane for engaging in the following alleged conduct (hereinafter referred to as the "Covered Conduct"):  The United States contends that, during the period from January 1, 1996, through December 31, 2004, for Medicare and through December 31, 2009, for Medicaid, Roxane knowingly set, reported, and maintained, or caused to be set, reported, and maintained, false and inflated Average Wholesale Prices and Wholesale Acquisition Costs (the "Reported Prices") for the drugs listed in Attachment A to the United States' First Amended Complaint (the "Covered Drugs") that were substantially higher than prices that were widely and commonly available, causing the Medicare and Medicaid programs to overpay for the Covered Drugs.  The United States further contends that Roxane knowingly used the artificial spread between the false and inflated Reported Prices and the actual acquisition costs of the Covered Drugs in marketing, promoting and selling the Covered Drugs to its existing and potential customers, and that Roxane knew the false reporting and marketing schemes would cause their customers to submit false claims to Medicaid and Medicare for reimbursement that was substantially higher than the customers' actual acquisition costs for the Covered Drugs.

H.      The United States also contends that it has certain administrative claims against Roxane for engaging in the Covered Conduct.

I.      This Agreement is neither an admission of facts or liability by Roxane nor a concession by the United States that its claims are not well-founded.  Roxane denies the contentions of the United States and the Relator as set forth herein and in the Civil Action and all

contentions of the Relator in its prior complaints and further denies any liability or wrongdoing related to those contentions.

      J.      Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Agreement, and to Relator's reasonable expenses, attorneys' fees and costs.

      K.      To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation and trial of the above claims, the Parties reach a full and final settlement pursuant to the Terms and Conditions below.

### III. TERMS AND CONDITIONS

      A.      Roxane agrees to pay to the United States the sum of two hundred eighty million dollars ($280,000,000), plus simple interest accrued thereon at a rate of 3.125 percent per annum from May 11, 2010, and continuing until and including the day before complete payment is made (the "Settlement Amount"). Roxane agrees to pay the Settlement Amount to the United States by electronic funds transfer pursuant to written instructions to be provided by the United States by the Effective Date of this Agreement. Roxane agrees to make this electronic funds transfer no later than seven business days after the Effective Date of this Agreement. Conditioned upon the United States receiving the Settlement Amount from Roxane and as soon as feasible after receipt, the United States shall pay $67,200,000 to Relator, plus a pro rata share of the actual accrued interest paid to the United States by Roxane, by electronic funds transfer. Roxane and Relator have executed a separate agreement regarding the claims Relator might assert under 31 U.S.C. § 3730(d), for expenses, attorney's fees, and costs incurred in connection with the Civil Action.

B.     Subject to the exceptions in Paragraph E below, in consideration of the obligations of Roxane in this Agreement, and conditioned upon Roxane's full payment of the Settlement Amount, the United States (on behalf of itself, its officers, agents, agencies, and departments) agrees to release Roxane, its affiliates, predecessors, current and former parents, successors, divisions, subsidiaries, directors, officers and employees from any civil or administrative monetary claim the United States has or may have for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-33, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-12, and/or the common law theories of payment by mistake, unjust enrichment, and fraud.

C.     In consideration of the obligations of Roxane in this Agreement, and conditioned upon Roxane's full payment of the Settlement Amount, Relator agrees to release Roxane, its affiliates, predecessors, successors, current and former parents, divisions, subsidiaries, directors, officers and employees, from any and all claims or allegations that Relator asserted or could have asserted based on the Covered Conduct in the Civil Action, or in any of Relator's complaints against Roxane.  Relator represents that it has not assigned to any other person any of the claims released by this Agreement.

D.     OIG-HHS expressly reserves all rights to institute, direct, or maintain any administrative action seeking exclusion against Roxane (and/or its officers, directors, and employees) from Medicare, Medicaid, and all other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) under 42 U.S.C. § 1320a-7a (the Civil Monetary Penalties Law), 42

Page 5 of 16

U.S.C. § 1320a-7(a) (mandatory exclusion), and/or 42 U.S.C. § 1320a-7(b) (permissive exclusion).

     E.     Notwithstanding any term of this Agreement, specifically reserved and excluded from the scope and terms of this Agreement as to any entity or person (including Roxane and Relator) are the following claims of the United States:

     1.     Any civil, criminal, or administrative liability arising under Title 26, United States Code (Internal Revenue Code);

     2.     Any criminal liability;

     3.     Except as explicitly stated in this Agreement, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

     4.     Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

     5.     Any liability based upon obligations created by this Agreement;

     6.     Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services; and

     7.     Any liability for failure to deliver goods or services due.

     F.     Relator and its successors, and current and former attorneys, agents, and assigns agree not to object to this Agreement and agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B), and, conditioned upon receipt of Relator's share, Relator, for itself its successors, attorneys, agents, and assigns, fully and finally releases, waives, and forever discharges the United States,

*Settlement Agreement among (A) United States, (B) Roxane, and (C) Relator*

its officers, agents, and employees from any claims arising from or relating to 31 U.S.C. § 3730, including 31 U.S.C. §§ 3730(b), (c), (c)(5), (d) and (d)(1) in connection only with the claims against Roxane in the Civil Action; from any claims arising from the filing of claims against Roxane in the Civil Action; from any other claims for a share of the Settlement Amount; and in full settlement of any claims Relator may have under this Agreement.  This Agreement does not resolve or in any manner affect any claims the United States has or may have against the Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims arising under this Agreement.

G.     Roxane waives and shall not assert any defenses Roxane may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.  Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

H.     Roxane, on behalf of itself and its predecessors, its current and former parents, affiliates, divisions, subsidiaries, successors and assigns, fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including for attorney's fees, costs, and expenses of every kind and however denominated) that Roxane has asserted, could have asserted, or may assert in the future against the United States, its agencies,

*Settlement Agreement among (A) United States, (B) Roxane, and (C) Relator*

employees, servants, and/or agents, related to the Covered Conduct or the United States' investigation and prosecution thereof.

I.      Roxane, on behalf of itself and its predecessors, its current and former parents, affiliates, divisions, subsidiaries, successors and assigns, fully and finally releases Relator, together with its current and former officers, directors, shareholders, employees, attorneys, contractors, agents, assigns, subsidiaries and affiliates from any claims (including for attorney's fees, costs, and expenses of every kind and however denominated) that Roxane has asserted, could have asserted, or may assert in the future against Relator, related to the Covered Conduct or the Relator's investigation and prosecution thereof.

J.      The Settlement Amount shall not be decreased as a result of the denial of claims for any payment now being withheld by any Medicare carrier or intermediary or any state payer, related to the Covered Conduct; and Roxane agrees not to cause to resubmit to any Medicare carrier or intermediary or any state payer any previously denied claims related to the Covered Conduct, and agrees not to cause any appeal of any such denials of claims.

K.      Roxane agrees to the following:

1.      <u>Unallowable Costs Defined</u>:  all costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47, in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395hhh and 1396-1396v, and in the regulations and official program directives promulgated thereunder) incurred by or on behalf of Roxane and its present or former officers, directors, employees, shareholders, and agents in connection with Paragraphs (a)-(e) below shall be "Unallowable Costs" on government contracts and under the Medicare Program,

Page 8 of 16

*Settlement Agreement among (A) United States, (B) Roxane, and (C) Relator*

Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program ("FEHBP"):

        (a)     the matters covered by this Agreement;

        (b)     the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

        (c)     Roxane's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

        (d)     the negotiation and performance of this Agreement; and

        (e)     the payments Roxane makes to the United States pursuant to this Agreement and any payments that Roxane may make to Relator, including costs and attorney's fees.  (All costs described or set forth in this Paragraph III.K.1 are hereinafter "Unallowable Costs.")

        2.    <u>Future Treatment of Unallowable Costs</u>: If applicable, Unallowable Costs shall be separately determined and accounted for in nonreimburseable cost centers by Roxane, and Roxane shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Roxane or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

Page 9 of 16

3.      <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>:  If applicable, Roxane further agrees that, within 90 days of the Effective Date of this Agreement, it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs included in payments Roxane or any of its subsidiaries or affiliates previously sought from the United States or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Roxane or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs.  Roxane agrees that the United States, at a minimum, shall be entitled to recoup from Roxane any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies.  The United States reserves its rights to disagree with any calculations submitted by Roxane or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs on Roxane's or any of its subsidiaries' or affiliates' cost reports, cost statements, or information reports.

4.      Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Roxane's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

*Settlement Agreement among (A) United States, (B) Roxane, and (C) Relator*

L.     Roxane agrees it will not move based on this Agreement or the fact of this settlement to quash validly issued subpoenas to have current or former Roxane employees on the United States' witness list in *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey L.P., et al.,* Civil Action No. 05-11084 (D. Mass.) (the "Dey case") testify, upon reasonable notice, at the United States' trial of the Dey case.  Roxane further agrees that this provision will likewise apply to witnesses not on the witness list who are permitted to testify pursuant to validly issued subpoenas in the Dey case to authenticate Roxane documents or data.  Roxane will not seek to hold the United States or Relator responsible for any of the costs it may incur in complying with this paragraph.

M.     This Agreement is intended to be for the benefit of the Parties only.  The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph N, below, regarding waiver for beneficiaries or elsewhere in this Agreement.

N.     Roxane agrees that it waives and shall not seek payment for the health care billings, if any, covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payers based upon the claims defined as Covered Conduct.

O.     Roxane warrants that the four entities defined as Roxane collectively are solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and that payment of the Settlement Amount to the United States will not render Roxane insolvent.  Further, the Parties warrant that, in evaluating whether to execute this Agreement, they (a) have intended that the mutual promises, covenants, and obligations set forth herein constitute a contemporaneous

*Settlement Agreement among (A) United States, (B) Roxane, and (C) Relator*

exchange for new value given to Roxane, within the meaning of 11 U.S.C. § 547(c)(1); and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange.  Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Roxane was or became indebted on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

P.      Within five (5) business days after the payment of the Settlement Amount pursuant to this Agreement, the Parties will file a Stipulation of Dismissal of the Civil Action against Roxane in the form of the Stipulation of Dismissal attached hereto as Attachment A.

Q.      Except as expressly provided to the contrary in this Agreement, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

R.      Roxane represents that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

S.      Relator represents that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

T.      This Agreement is governed by the laws of the United States.  The Parties agree that the exclusive jurisdiction and venue for any dispute arising between or among any or all of the Parties under this Agreement is the United States District Court for the District of Massachusetts.

U.    For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

V.    Except as indicated in Paragraph III.A regarding the agreement between Roxane and Relator, this Agreement constitutes the complete agreement between the Parties as to the matters addressed herein.  This Agreement may not be amended except by written consent of the Parties.

W.    The individuals signing this Agreement on behalf of Roxane represent and warrant that they are authorized by Roxane to execute this Agreement.  The individuals signing this Agreement on behalf of Relator represent and warrant that they are authorized by Relator to execute this Agreement.  The United States' signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

X.    This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

Y.    This Agreement is binding on Roxane's and Relator's successors, transferees, and assigns.

Z.    Roxane and Relator consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.  Documents produced by Roxane subject to the Protective Order and Case Management Order in the Civil Action shall remain subject to those Orders, and the Parties shall continue to abide by those Orders.

AA.    This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date of this Agreement").  Facsimiles of signatures, and/or electronic signatures in portable document format (.pdf), shall constitute acceptable, binding signatures for purposes of this Agreement.

[THE REMAINDER OF THIS PAGE HAS BEEN LEFT BLANK]

Page 14 of 16

*Settlement Agreement among (A) United States, (B) Roxane, and (C) Relator*

THE UNITED STATES OF AMERICA


DATED: 12/7/10        BY: _Laurie A. Oberembt/da_
                          **LAURIE A. OBEREMBT**
                          Senior Trial Counsel
                          Commercial Litigation Branch
                          Civil Division
                          United States Department of Justice


DATED:_____       BY: _____
                          **GEORGE B. HENDERSON, II**
                          **BARBARA HEALY SMITH**
                          **JAMES J. FAUCI**
                          Assistant United States Attorneys
                          United States Attorney's Office
                          District of Massachusetts


DATED:_____       BY: _____
                          **GREGORY E. DEMSKE**
                          Assistant Inspector General for Legal Affairs
                          Office of Counsel to the Inspector General
                          Office of Inspector General
                          United States Department of Health and Human Services


Page 15 of 16


*Settlement Agreement among (A) United States, (B) Roxane, and (C) Relator*

# THE UNITED STATES OF AMERICA


DATED:_____        BY: _____
                           **LAURIE A. OBEREMBT**
                           Senior Trial Counsel
                           Commercial Litigation Branch
                           Civil Division
                           United States Department of Justice



DATED: 11/22/2010      BY: _____
                           **GEORGE B. HENDERSON, II**
                           **BARBARA HEALY SMITH**
                           **JAMES J. FAUCI**
                           Assistant United States Attorneys
                           United States Attorney's Office
                           District of Massachusetts



DATED:_____        BY: _____
                           **GREGORY E. DEMSKE**
                           Assistant Inspector General for Legal Affairs
                           Office of Counsel to the Inspector General
                           Office of Inspector General
                           United States Department of Health and Human Services



Page 15 of 16


*Settlement Agreement among (A) United States, (B) Roxane, and (C) Relator*

## THE UNITED STATES OF AMERICA

DATED:_____          BY: _____

                                        **LAURIE A. OBEREMBT**
                                        Senior Trial Counsel
                                        Commercial Litigation Branch
                                        Civil Division
                                        United States Department of Justice

DATED:_____          BY: _____

                                          **GEORGE B. HENDERSON, II**
                                        **BARBARA HEALY SMITH**
                                        **JAMES J. FAUCI**
                                        Assistant United States Attorneys
                                        United States Attorney's Office
                                        District of Massachusetts

DATED: 11/29/10          BY: _____

                                          **GREGORY E. DEMSKE**
                                        Assistant Inspector General for Legal Affairs
                                        Office of Counsel to the Inspector General
                                        Office of Inspector General
                                        United States Department of Health and Human Services

*Settlement Agreement among (A) United States, (B) Roxane, and (C) Relator*

**BOEHRINGER INGELHEIM CORPORATION, BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ROXANE LABORATORIES, INC., and ROXANE LABORATORIES, INC. n/k/a BOEHRINGER INGELHEIM ROXANE, INC. - DEFENDANTS**

DATED: 11/18/10   BY: _____

**MARLA S. PERSKY**
General Counsel and Secretary
Boehringer Ingelheim Corporation, Boehringer Ingelheim
Pharmaceuticals, Inc., Roxane Laboratories, Inc., and
Roxane Laboratories, Inc. n/k/a Boehringer Ingelheim
Roxane, Inc.

DATED: 11/19/10   BY: _____

**ROBERT J. KOPECKY**
**HELEN E. WITT, P.C.**
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654

VEN-A-CARE OF THE FLORIDA KEYS, INC. - RELATOR

DATED: 11/18/10    BY: _____
                       T. MARK JONES
                       President
                       Ven-A-Care of the Florida Keys, Inc.

DATED: 11/19/10    BY: _____
                       JAMES J. BREEN
                       The Breen Law Firm
                       Suite 260
                       5755 North Point Parkway
                       Alpharetta, GA 33022
                       Counsel to Ven-A-Care of the Florida Keys, Inc.

16

"Attachment A"
## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 Master Case No. 01-12257-PBS |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) ) | Subcategory Case No. 06-11337-PBS |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Boehringer Ingelheim Corp., et al.,* Civil Action No. 07-10248-PBS | ) ) ) ) ) | |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with the terms of the Settlement Agreement attached as Exhibit A hereto, the United States, Relator Ven-A-Care of the Florida Keys, Inc. and Defendants Boehringer Ingelheim Corporation ("BIC"), Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), Roxane Laboratories, Inc. ("RLI"), and Roxane Laboratories, Inc. n/k/a Boehringer Ingelheim Roxane, Inc. ("BIRI") (all four entities referred to collectively as "Roxane") hereby stipulate to the entry of an order dismissing the First Amended Complaint against Roxane with prejudice.

Respectfully submitted,

TONY WEST                               KIRKLAND & ELLIS LLP
ASSISTANT ATTORNEY GENERAL

CARMEN M. ORTIZ                         By: _____
UNITED STATES ATTORNEY                  Robert J. Kopecky
                                        Helen E. Witt, P.C.
                                        300 N. LaSalle
By: _____            Chicago, Illinois 60654
George B. Henderson, II                 Telephone: (312) 861-2000
Assistant U.S. Attorney                 Facsimile: (312) 861-2200
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210                        Counsel for Defendants Boehringer
(617) 748-3282                          Ingelheim Corporation, Boehringer
                                        Ingelheim Pharmaceuticals, Inc., Roxane
                                        Laboratories, Inc., and Roxane
                                        Laboratories, Inc. n/k/a Boehringer
JOYCE R. BRANDA                         Ingelheim Roxane, Inc.
DANIEL R. ANDERSON
LAURIE A. OBEREMBT
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044

FOR THE RELATOR

_____
James J. Breen
The Breen Law Firm, P.A.
5755 Northpoint Parkway, Suite 260
Alpharetta, GA 30022
Tel. (770) 740-0000

CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above document to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: December ___, 2010

_____
George B. Henderson, II

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) ) | Subcategory Case No. 06-11337-PBS |
| THIS DOCUMENT RELATES TO: | ) ) | |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc., v. Boehringer Ingelheim Corp., et al.,* Civil Action No. 07-10248-PBS | ) ) ) | |

**ORDER OF DISMISSAL WITH PREJUDICE**

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1), the United States, Relator Ven-A-Care of the Florida Keys, Inc. and Defendants Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharmaceuticals, Inc., Roxane Laboratories, Inc., and Roxane Laboratories, Inc. n/k/a Boehringer Ingelheim Roxane, Inc. (all four entities referred to collectively as "Roxane") have filed a Stipulation of Dismissal with Prejudice.  Upon due consideration of the Stipulation, IT IS HEREBY ORDERED that, consistent with the terms of the Settlement Agreement attached to the Stipulation as Exhibit A,

1.      The above-captioned action is dismissed with prejudice;

2.      Each party shall be responsible for its own expenses, attorneys' fees, and costs; and

3.      The Court shall retain jurisdiction with respect to any dispute under the Settlement

Agreement.

This _____ day of _____, 2010.


_____
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

## AMENDMENT TO SETTLEMENT AGREEMENT

This Amendment to Settlement Agreement ("Amendment") is entered into among:  the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS") (collectively, the "Untied States"); Boehringer Ingelheim Corporation ("BIC"), Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), Roxane Laboratories, Inc. ("RLI"), and Roxane Laboratories, Inc. n/k/a Boehringer Ingelheim Roxane, Inc. ("BIRI") (all four entities referred to collectively as "Roxane"); and Ven-A-Care of the Florida Keys, Inc. ("Relator"), to amend their Settlement Agreement with Effective Date of December 7, 2010 ("Agreement"), pursuant to Paragraph V of the Agreement.  Collectively, the United States, Roxane and the Relator are referred to herein as the "Parties."

Notwithstanding anything to the contrary in the Agreement, the Parties agree that the "Settlement Amount" defined in Paragraph III A of the Agreement is $284,914,383.56, which represents a payment of $280,000,000, plus interest in the amount of $4,914,383.56. Notwithstanding anything to the contrary in the Agreement, Roxane agrees to pay the Settlement Amount to the United States in the manner provided in the Agreement pursuant to the written instructions provided by the United States on December 7, 2010 no later than two business days after the United States and Relator have both signed this Amendment.

No other provision of the Agreement is affected by this Amendment.
This Amendment is governed by the laws of the United States.  The Parties agree that the exclusive jurisdiction and venue for any dispute arising between or among any or all of the Parties under this Agreement is the United States District Court for the District of Massachusetts.

Facsimiles of signatures, and/or electronic signatures in portable document format (.pdf),

shall constitute acceptable, binding signatures for purposes of this Amendment.

UNITED STATES OF AMERICA

DATED: 12/8/10          BY: _____
                            LAURIE A. OBEREMBT
                            Senior Trial Counsel
                            Commercial Litigation Branch
                            Civil Division
                            United States Department of Justice

DATED: 12/7/10          BY: _____
                            GEORGE B. HENDERSON, II
                            BARBARA HEALY SMITH
                            JAMES J. FAUCI
                            Assistant United States Attorneys
                            United States Attorney's Office
                            District of Massachusetts

DATED: 12/8/10          BY: _____
                            GREGORY E. DEMSKE /by DAn Anderson per his consent 12/8/10
                            Assistant Inspector General for Legal Affairs
                            Office of Counsel to the Inspector General
                            Office of Inspector General
                            United States Department of Health and Human Services

2

**BOEHRINGER INGELHEIM CORPORATION, BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ROXANE LABORATORIES, INC., and ROXANE LABORATORIES, INC. n/k/a BOEHRINGER INGELHEIM ROXANE, INC. - DEFENDANTS**

DATED: 12/9/2010 BY: _____

**ROBERT J. KOPECKY**
**HELEN E. WITT, P.C.**
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654

5.      Facsimiles of signatures, and/or electronic signatures in portable document format (.pdf), shall constitute acceptable, binding signatures for purposes of this Amendment.

AMENDMENT TO SETTLEMENT AGREEMENT

VEN-A-CARE OF THE FLORIDA KEYS, INC. — RELATOR

DATED: 12/8/10   BY: _____

T. MARK JONES

President

Ven-A-Care of the Florida Keys, Inc.

DATED: _____   BY: _____

JAMES J. BREEN

The Breen Law Firm

Suite 260

5755 North Point Parkway

Alpharetta, GA 33029

Counsel to Ven-A-Care of the Florida Keys, Inc.