UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

### DECLARATION OF MARC H. EDELSON IN SUPPORT OF LEAD CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS IN ASSOCIATION WITH THE ASTRAZENECA CLASS 2/3 SETTLEMENTS

I, Marc H. Edelson, being duly sworn, depose and say:

1. I am a partner of the law firm of Hoffman & Edelson, LLC and one of the Co-Lead Class Counsel for plaintiffs in this matter. I submit the Declaration in support of Lead Class Counsel's request for an award of attorneys' fees and costs in association with the AstraZeneca Class 2 and 3 settlements.

2. I am an attorney in good standing and duly licensed and admitted to the Bars of New York and Pennsylvania. The testimony set forth in this Declaration is based on first-hand knowledge, about which I could and would testify competently in open Court if called upon to do so.

3. My firm is counsel of record for plaintiff, Philadelphia Federation of Teachers Health and Welfare Fund. As one of Plaintiffs' Co-Lead Class Counsel, my firm collected and tracked loadstar and expenses by Plaintiffs' Class Counsel from the inception of the litigation on a periodic basis. In an effort to ensure that only properly-incurred time and expenses are

1

compensated, I reviewed all submissions for reasonability, and the information presented reasonably reflected the efforts being made by each firm for the time periods covered.

4. I attach, as Exhibit 1, a detailed summary indicating the amount of hours spent by each firm who worked on this litigation and the lodestar calculation based on each firm's historical billing rates (the rates for each timekeeper that were in effect during this litigation, and when the work was performed). The schedule was prepared from computerized records that were contemporaneously generated and kept by each firm in the ordinary course of its business.

5. From the inception of the case through October 30, 2010, Plaintiffs' Class Counsel expended a total of 220,440 hours on behalf of the Class Plaintiffs and the Class. The total lodestar amount for these hours based on each firm's historical hourly billing rates is $70,092,220. The hourly rates used in determining the loadstar set out in Exhibit 1 are the same rates that each firm charged, and collected from, its hourly clients paying for services on a non-contingent basis and on which they have received fee awards from other courts.

6. In addition, as detailed in Exhibit 1, Plaintiffs' Class Counsel expended a total of $9,401,741 in expenses in connection with the prosecution of this litigation up through October 30, 2010.

7. Each firm has represented to Co-Lead Class Counsel that they recorded these expenses as they were incurred, and they are reflected in its computerized bookkeeping records which were created from invoices, receipts and other proofs of the charges and payments. Evidence of same will be provided to the Court upon request.

8. Thus, for this litigation, the total historical lodestar of for all Plaintiffs' firms is $70,092,220, and the firms incurred expenses of $9,401,741.

9. The numbers set forth in Exhibit 1 remain unaudited, and it is it is possible that we have not received complete information from all counsel. Consequently, the lodestar information may change. Nonetheless, we believe that it is a reasonable approximation of the hours and expenses incurred by counsel through October 30, 2010.

10. Please note that I have been advised that some lodestar and expense information previously reported by Lead Class Counsel firm Hagens Berman Sobol Shapiro LLP contained certain accounting errors. More specifically, prior reported information inadvertently included time and expenses assignable to certain state Attorney General actions, and excluded other time and expenses that should have been included but were not. Hagens Berman has represented that the errors have been corrected, that the information reported for the firm and contained in Exhibit 1 has been adjusted accordingly.

11. The numbers included in Exhibit 1 reflect time and expenses that Lead Class Counsel believe are properly compensable in association with this MDL proceeding. Portions of the lodestar and expense information submitted to me by several counsel have not been included in the totals set forth in Exhibit 1. The excluded portions relate to cases not included in the MDL, and we do not believe that they should be included here for purposes of advising the Court on total Plaintiffs' counsel lodestar. In addition, for Don Haviland, we have not included any lodestar and expenses post-dating May 22, 2007, the day when Haviland filed his objection to the AstraZeneca Class 1 settlement; given Haviland's actions beginning that day, which eventually contributed to this Court disqualifying him as class counsel, we do not believe that lodestar and expenses that Haviland accumulated after May 22, 2007 should be included in Plaintiffs' counsel total lodestar reporting.

12. Previously, Plaintiffs' counsel were awarded $21,615,000 as compensation for both attorneys' fees and expenses from the settlement with GSK, and $8,580,000 as compensation for both attorneys' fees and expenses from the settlement with AstraZeneca with respect to Class 1. Both settlements are final.

I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct to the best of my knowledge.

Executed this 15th day of December, 2010.

_____
Marc. H. Edelson

**Exhibit 1**
**AWP Firm Lodestar Report**

| Firm Name | Hours | Lodestar | Expenses |
|---|---:|---:|---:|
| Audet & Partners | 960 | $353,250.00 | $18,550.17 |
| Hagens Berman Sobol Shapiro LLP | 66,004.39 | $19,548,864.75 | $2,450,982.98 |
| Heins Mills & Olson, PLC | 21,317.25 | $6,876,655.00 | $633,840.50 |
| Hoffman & Edelson, LLC | 28,646.80 | $10,049,255.00 | $1,677,789.03 |
| Spector, Roseman Kodroff & Willis, PC | 23,958.10 | $8,260,300.25 | $1,710,839.42 |
| Wexler Wallace LLP | 32,834.10 | $11,009,552.05 | $1,868,617.15 |
| Piper & Associates | 2,353.00 | $782,050.00 | $109,883.58 |
| Bolognese & Associates | 1,807.25 | $485,487.50 | $25,665.10 |
| Shepherd, Finkelman, Miller | 5,373.45 | $1,438,819.70 | $42,302.87 |
| Weller, Green, Toups & Terrell | 4,726.45 | $1,624,852.50.00 | $10,453.18 |
| Criden & Love, P.A. | 80 | $46,400.00 | $885.65 |
| Roda & Nast | 4,260.10 | $983,957.75 | $17,008.23 |
| Wermerskirchen Law Office | 38.3 | $10,916.15 | $0 |
| Sheller, P.C. | 7,235.10 | $2,066,208.25 | $103,647.94 |
| Trujillo, R&R | 1,312.00 | $410,358.00 | $4,589.55 |
| Cuneo, Gilbert & LaDuca | 2,383.36 | $1,160,626.25 | $122,584.53 |
| Law Office of Adam Levy | 772.5 | $297,412.50 | $9,229.62 |
| Williams Firm | 6175.75 | $2,207,075.00 | $66,504.08 |
| Kline & Specter | 6,794.75 | $2,129,496.25 | $437,857.67 |
| Jennings, Haug & Cunningham | 313.2 | $128,250.50 | $11,251.27 |
| Carey & Danis, LLC | 463.45 | $120,837.50 | $20,867.82 |
| Hulett Harper Stewart | 19.8 | $10,098.00 | $1,682.69 |
| Karmel Law Firm | 78.25 | $31,300.00 | $423.37 |
| Keller Rohrback, LLP | 204.05 | $93,440.60 | $7,857.74 |
| Rossbacher Firm | 549.45 | $146,534.25 | $42,620.95 |
| Young, Pickett & Lee | 657.1 | $279,352.50 | $55.87 |
| Haviland Hughes, LLC |  | $752,245.00 | $5,750.38 |
| Murdock Goldenberg Schneider & Groh | 1122.2 | $413,477.50 | $0.00 |
| **Total** | **220,440** | **$70,092,220** | **$9,401,741** |

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF MARC H. EDELSON IN SUPPORT OF LEAD CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS IN ASSOCATION WITH THE ASTRAZENECA CLASS 2/3 SETTLEMENTS**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 15, 2010, a copy to LEXISNexis File & Serve for posting and notification to all parties.

                                            **/s/ Steve W. Berman**
                                             Steve W. Berman