## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

### DECLARATION OF GLENN RANDLE

I, Glenn Randle, pursuant to 28 U.S.C. §1746, on oath, depose and state as follows:

1. I am a resident of the State of Texas. I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so. I submit this Declaration to itemize the time I spent assisting class counsel with prosecuting claims against AstraZeneca ("AZ") and the other Defendants in this litigation.

2. I serve as a member of the Board of Trustees of the Sheet Metal Workers National Health Fund ("Health Fund") and presently act as Chairman of the Board.

3. I began discussing the possibility of the Health Fund becoming a plaintiff in this case with the Health Fund's attorneys and attorneys for the Plaintiffs in the fall of 2004.

4. As this Court is aware, the Health Fund's claims data is not available electronically and is only available in paper form. In November and December 2004, I spent 6.5 hours coordinating a preliminary document review of a sample set of the Health Fund's claim forms held in storage to verify that the drugs at issue in this case were in fact paid for by the Health Fund. During this time I also worked with attorneys for the Plaintiffs to draft, edit and locate exhibits for my affidavit on behalf of the Health Fund.

5. The Health Fund was added as a proposed Class 2 (MediGap payors) plaintiff to the Third Amended Class Action Complaint on October 17, 2005.

6. In response to document requests served by Defendants, I then spent an additional 8.5 hours assisting in the coordination of two extensive document reviews of the Health Fund's claims documents, which took place in Goodlettsville, Tennessee, the first in October 2005 and the second from December 2004 through January 2005. Because the Health Fund was just beginning the process of transferring its claims forms to electronic records, these reviews involved thousands of boxes of unindexed paper documents located in storage facilities. Extensive coordination with the Health Fund's attorneys, Plaintiffs' attorneys and the teams of reviewers working onsite was required. I remained in contact with Plaintiffs' attorneys throughout the subsequent document production process to make sure documents were properly redacted to protect Health Fund members' personal information, in compliance with HIPAA.

7. In addition to time spent on these reviews, the law firm for the Health Fund also paid for the eight hotel rooms in which the reviews took place ($9,765.92), transportation, supplies, copy and delivery costs incurred during the review ($4,601.82), as well as the cost of staffing the review with dozens of reviewers on short notice during the holiday season ($95,245). The Health Fund is not asking the Court to reimburse these expenses, but is merely providing these figures to illustrate the size and scope of the review.

8. After the document reviews, I spent 6.5 hours scheduling and preparing with my attorneys for my deposition in this case, which occurred on November 17, 2005. I spent an additional 8.0 hours traveling between Austin, Texas and Chicago, Illinois for this purpose. I spent 9.0 hours attending my deposition, meeting afterward with the Health Fund's attorneys and finally reviewing my deposition transcript for accuracy.

9.  In December 2005 Teresa Jernigan of Southern Benefit Administrators, Inc. ("Southern Benefit"), the Health Fund's claims administrator, also spent a total of 7.0 hours scheduling, preparing for and attending her deposition in this matter, which took place on January 16, 2006.

10. In May 2006 I spent 2.0 hours working with the Health Fund's attorneys to draft and edit my affidavit in support of Plaintiffs' Motion for Track II Class Certification, and to identify and locate exhibits in support of my affidavit.

11. In July 2006 Sharon Faulkner of Southern Benefit spent an estimated 1.5 hours conferring with the Health Fund's attorneys concerning the Health Fund's payment data.

12. In October 2006, Sharon Faulkner and I each spent an estimated 3.0 hours working with the Health Fund's attorneys to draft and edit our trial affidavits, identify and locate supporting exhibits.

13. In November 2006, Sharon Faulkner and I additionally each spent an estimated 15.0 hours working with the Health Fund's attorneys to prepare for trial, traveling to and from Boston and providing testimony at trial.

14. Throughout this litigation, I have regularly stayed in contact with my attorneys, receiving information about the status of the case, answering any questions they had, and generally being available to assist with the lawsuit in any way possible. I estimate spending approximately 4.5 hours reviewing case filings and decisions and 8.5 hours reviewing updates and status reports from my attorneys, both by mail, phone and e-mail. I have spent an estimated 2.0 hours answering questions about the Health Fund's documents in response to discovery objections.

15. I have not made contemporaneous records of my time as an attorney would; however, I have provided my best estimates of the time I expended to my attorneys, who then cross-checked my numbers against their own time records to make the estimates as accurate as possible.

16. I understand from Co-Lead Counsel that the Court has indicated that a fair rate for reimbursement for time spent on this litigation by class representatives might be $100.00 per hour.

17. The total number of hours the Health Fund, as opposed to and not including its attorneys, has spent on activities related to the litigation of this case is 100.0 hours. This includes time spent by myself and by employees of Southern Benefit, the Health Fund's claims administrator. At the rate of $100.00 per hour, the value of this time is equal to $10,000.00:

| | |
|---|---|
| Time spent by Glenn Randle: | 73.5 hours x $100 = $7,350.00 |
| Time spent by Southern Benefit: | 26.5 hours x $100 = $2,650.00 |
| Total | $10,000.00 |

I declare under penalty of perjury that the foregoing is true and correct.

Date: December 14, 2010

_____
Glenn Randle

4

## **CERTIFICATE OF SERVICE**

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF GLENN RANDLE**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 15, 2010, a copy to LEXISNexis File & Serve for posting and notification to all parties.

                                                **/s/ Steve W. Berman**
                                                Steve W. Berman