UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

### AFFIDAVIT OF RICHARD WESSELS

I, Richard Wessels, pursuant to 28 U.S.C. §1746, on oath, depose and state as follows:

1.  My name is Richard Wessels and I live in Rock Falls, Illinois. I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so.

2.  I am a former member of the United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund ("UFCW").

3.  By order of this Court, on February 11, 2010 I was substituted, as personal representative of my late wife Susan Wessel's estate, as a named Plaintiff and proposed class representative in this lawsuit.

4.  My wife Susan suffered from cancer. As part of her treatment and beginning in 2003, she was prescribed and made payments for Zoladex, which is manufactured by AstraZeneca ("AZ").

5.  Susan became involved in this lawsuit in September 2005. Over the next few months, she spent a considerable amount of time searching and collecting medical and financial records and assisting her attorneys in collecting all other necessary documents from her doctors and banks. This process required some time and effort since the records were in some cases more than a year old.

6. Susan was added as a Proposed Class 3 representative (TPPs and Consumers for AWP-Based Charges on Physician Administered Drugs Outside of Medicare) to the Third Amended Class Action Complaint on October 17, 2005.

7. Susan had her deposition taken on November 14, 2005, and spent some time preparing with her attorneys beforehand.

8. Throughout the case, Susan always stayed in contact with her attorneys, receiving and reviewing status reports, answering any questions they had, and generally being available to assist with the lawsuit in any way possible.

9. Susan did not make contemporaneous records of her time as an attorney would. The following chart, however, reflects my best estimate of the time she spent on various activities throughout the case. It has been cross-checked for accuracy against the records kept by Susan's attorneys.

| Activity | Hours |
| --- | --- |
| Searching for and gathering documents in the home (proof of payments, cancelled checks, bank records, medical bills, etc.) | 2 hours |
| Working with her lawyers to contact her doctors and bank to obtain my documents and completing bank and medical records waivers | 3 hours |
| Preparing for her deposition | 3 hours |
| Attending her deposition | 4 hours |
| Talking to attorneys or paralegals regarding the status of the case, responding to their inquiries or questions regarding my documents, and/or providing information to compile affidavits for use in the lawsuit | 4 hours |
| Approximate Total Hours Expended | Approximately 16 hours |

10. This affidavit is in relation to a Settlement reached with AZ only, one of five Track I defendants. Because the only Track I drug Susan was administered and made payments for (Zoladex) was manufactured by AZ, the total number of hours she spent on this case (16) should be attributed to the case against AZ.

11. I understand from Co-Lead Counsel that the Court has indicated that a fair rate for reimbursement for time spent on this litigation by class representatives might be $100.00 per hour. At the rate of $100.00 per hour, the value of the time Susan spent litigating this case is equal to $1,600.00.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Date: December 14, 2010

*Richard Wessels* (signature)

Richard Wessels

3

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **AFFIDAVIT OF RICHARD WESSELS**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 15, 2010, a copy to LEXISNexis File & Serve for posting and notification to all parties.

                                           **/s/ Steve W. Berman**
                                           Steve W. Berman