# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |

## DECLARATION OF WILLIAM EINHORN IN SUPPORT OF REQUEST FOR REIMBURSEMENT FROM THE GSK SETTLEMENT FUND FOR TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY

I, William Einhorn, hereby depose and state as follows:

1.   I am the Fund Administrator of the Teamsters Health and Welfare Fund of Philadelphia and Vicinity ("The Fund"), located at 6981 N. Park Drive, Suite 400, Pennsauken, New Jersey  08109.  In that capacity, I supervise all of the day-to-day work of the Fund and supervise its employees.  I submit this declaration in support of the Fund's request for partial reimbursement for time spent in this litigation from the GSK Settlement Fund pursuant to the Court's comments in the July 19, 2007 final approval hearing related to the settlement with GlaxoSmithKline.

2.   The hours expended by the Fund in furtherance of this litigation involve my time as Fund Administrator, the time of various other employees of the Fund in identifying and producing relevant documents and databases, and the time of two Fund trustees and myself in preparing for and attending depositions taken by Defendants.

3.   From 2001, when the Fund first learned of the suit and retained counsel, until the GSK settlement on August 10, 2006 trial, I handled various discovery-related tasks for the Fund,

including identifying and locating documents for production, directing my IT department to produce electronic data from our prescription records, and preparing for and attending my deposition.

4. In addition, I regularly communicated with my counsel on the litigation, including issues related to the health care industry, strategy, understanding the prescription data, and the progress of the case.

5. We do not keep time records of employees at the Fund, and therefore I do not have detailed, contemporaneous records of the amount of time that I or other Fund personnel spent working on this litigation. Based upon my memory of the events involved, I can make a reasonable and conservative estimate of the hours involved.

6. I estimate the following time was spent on depositions:

    a. William Einhorn: 3.5 hours preparation, 8 hours in deposition. In addition, I spent one hour of travel time.

    b. Arnold Rosenthal: 2 hours preparation, 3.75 hours in deposition. I estimate he spent one hour of travel time to and from the deposition.

    c. Thomas Hummel: 0.75 hours preparation, 3.25 hours in deposition. I estimate he spent one hour of travel time to and from the deposition.

7. Based on all of the work we did, I estimate the total time spent by the Fund, its employees and trustees on this litigation to be 127 hours.

8. I understand from our counsel that the Court indicated at the final approval hearing that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour. I also understand from counsel they intend to ask the Court to reimburse 20% of the total

time from the GSK Settlement, given that GSK was one of a total of five Track I Defendants. Using those figures as a guide, I calculate the Fund's requested reimbursement from the GSK Settlement fund to be $2,540.

This declaration made subject to the penalties of perjury.

Dated: July 26, 2007

William Einhorn

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF WILLIAM EINHORN IN SUPPORT OF REQUEST FOR REIMBURSEMENT FROM THE GSK SETTLEMENT FUND FOR TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 15, 2010, a copy to LEXISNexis File & Serve for posting and notification to all parties.

                                             **/s/ Steve W. Berman**
                                             Steve W. Berman