UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

## DECLARATION OF EARL W. SEYMOUR

I, Earl W. Seymour, pursuant to 28 U.S.C. §1746, on oath, depose and state as follows:

1.  I am a resident of the State of Iowa and Chairman of the Board of Trustees for Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust ("the Trust"). I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so.

2.  I submit this Declaration to itemize the time I spent assisting attorneys for the Trust and class counsel with prosecuting claims against AstraZeneca ("AZ") and the other Defendants in this litigation.

3.  I began discussing the possibility of the Trust becoming a plaintiff in this case with the Trust's attorneys and attorneys for the Plaintiffs in the fall of 2004.

4.  As this Court is aware, the Trust's claims data is not available electronically and is only available in paper form. In November and December 2004, I estimate that approximately 7.0 hours were spent by me, as well as by Donny Dowlen and other employees of Southern Benefit Administrators, Inc. ("Southern Benefit"), the Trust's claims administrator, to coordinate a preliminary document review of a sample set of the Trust's claim forms held in storage to verify that the drugs at issue in this case were in fact paid for by the Trust. During this time John

Johnson, one of the Trustees of the Trust, also worked with attorneys for the Plaintiffs to draft, edit and locate exhibits for his affidavit on behalf of the Trust.

5.  The Trust was added as a proposed Class 3 plaintiff to the Third Amended Class Action Complaint on October 17, 2005.

6.  In response to document requests served by Defendants, I coordinated with employees of Southern Benefit, who assisted attorneys for the Trust and class counsel to conduct two extensive document reviews of the Trust's claims documents, which took place in Goodlettsville, Tennessee; the first in October 2005 and the second from December 2005 through January 2006. I estimate that 4.5 additional hours were spent by the Trust during these reviews. Because the Trust was just beginning the process of transferring its claims forms to electronic records, these reviews involved hundreds of boxes of unindexed paper documents located in storage facilities. Extensive coordination with the Trust's attorneys, Plaintiffs' attorneys and the teams of reviewers working onsite was required. With employees from Southern Benefit, I remained in contact with Plaintiffs' attorneys throughout the subsequent document production process to make sure documents were properly redacted to protect Trust members' personal information, in compliance with HIPAA.

7.  After the document reviews, I estimate spending approximately 6.0 hours scheduling and preparing with my attorneys for my deposition in this case, which occurred on January 17, 2006. I estimate spending an additional 24 hours (12 hours each way) traveling between Churchville, Iowa and Nashville, Tennessee for this purpose, and 4.0 hours attending my deposition, meeting afterward with the Trust's attorneys and reviewing my deposition transcript for accuracy.

8. Throughout this litigation, I and employees of Southern Benefit have regularly stayed in contact with Pirelli's attorneys, receiving information about the status of the case, answering any questions they had, and generally being available to assist with the lawsuit in any way possible. I estimate that approximately 5.0 hours were spent over the duration of this case reviewing case filings and decisions, reviewing updates and status reports from the attorneys, both by mail, phone and e-mail, and answering questions about the Trust's documents in response to discovery objections.

9. I and the employees of Southern Benefit have not made contemporaneous records of our time as attorneys would; however, I have provided my best estimates of the time expended to my attorneys, who then cross-checked my numbers against their own time records to make the estimates as accurate as possible.

10. I understand from Co-Lead Counsel that the Court has indicated that a fair rate for reimbursement for time spent on this litigation by class representatives might be $100.00 per hour.

11. The total number of hours the Trust, as opposed to and not including its attorneys, has spent on activities related to the litigation of this case is 43.5 hours. This includes time spent by myself and by employees of Southern Benefit, the Trust's claims administrator.

I declare under penalty of perjury that the foregoing is true and correct.

Date: December 15, 2010            /s/ Earl W. Seymour
                                    Earl W. Seymour

3

## **CERTIFICATE OF SERVICE**

       I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF EARL W. SEYMOUR**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 15, 2010, a copy to LEXISNexis File & Serve for posting and notification to all parties.

                                    **/s/ Steve W. Berman**
                                    Steve W. Berman