# Exhibit A

to
Stipulation of Dismissal With Prejudice

<u>SETTLEMENT AGREEMENT</u>

## I.  <u>PARTIES</u>

This Settlement Agreement ("Agreement") is entered into among:  the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS") (collectively, the "United States"); Dey, Inc., Dey Pharma, L.P. (formerly known as Dey, L.P.), and Dey L.P., Inc. (all three entities referred to collectively as "Dey"); and Ven-A-Care of the Florida Keys, Inc. ("Relator") through their authorized representatives.  Collectively, the United States, Dey, and the Relator are referred to herein as the "Parties."

## II.  <u>PREAMBLE</u>

As a preamble to this Agreement, the Parties agree to the following:

A.      Dey, Inc. is a corporation organized under the laws of Delaware; Dey Pharma, L.P. (formerly known as Dey, L.P.) is a limited partnership organized under the laws of Delaware, and is owned by Dey, Inc., and Dey L.P., Inc.

B.      Dey is in the business of manufacturing, marketing and selling pharmaceutical products in the United States.

C.      On or about August 13, 1997, Relator filed a *qui tam* action against Dey in the United States District Court for the Southern District of Florida captioned *United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et al.*, No. 95-1354-CIV-GOLD (S.D. Fla.). On or about April 10, 2000, Relator filed a *qui tam* action in the United States District Court for

*Settlement Agreement among (A) United States, (B) Dey, and (C) Relator*

the District of Massachusetts captioned United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey Laboratories, et al., Civil Action No. 00-10698-MLW (D. Mass.).  On or about February 15, 2005, Relator filed a Third Amended Complaint in Civil Action No. 00-10698. The claims in the Southern District of Florida were subsequently severed and transferred to the District of Massachusetts and assigned Civil Action No. 05-11084.  The claims filed against Dey in Civil Action No. 00-10698 were subsequently severed from the remainder of that case and consolidated with the claims in Civil Action No. 05-11084.  On August 23, 2006, the United States filed its notice of intervention and complaint in Civil Action No. 05-11084.  On October 31, 2006, relator filed an Amended Complaint, which adopted the United States' Complaint.  On September 29, 2008, the United States filed a First Amended Complaint in Civil Action No. 05-11084-PBS (the "Civil Action").

D.     The United States contends that Dey caused to be submitted claims for payment for its drugs to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395hhh ("Medicare"), and the Medicaid Program, 42 U.S.C. §§ 1396-1396v ("Medicaid").

E.     The United States contends that it has certain civil claims, as specified in Paragraph III.B below, against Dey for engaging in the following alleged conduct as set forth in the Civil Action (hereinafter referred to as the "Covered Conduct"):  The United States contends that, during the period from December 31, 1992, through December 31, 2004, for Medicare and through December 31, 2009, for Medicaid, Dey knowingly set, reported, and maintained, or caused to be set, reported, and maintained, false and inflated Average Wholesale Prices and

Wholesale Acquisition Costs (the "Reported Prices") for the drugs listed in paragraph 29 of the United States' First Amended Complaint and listed as Attachment A hereto (the "Covered Drugs") that were substantially higher than prices that were widely and commonly available, and knowingly used the artificial spread between the false and inflated Reported Prices and the actual acquisition costs of the Covered Drugs in marketing, promoting and selling the Covered Drugs to its existing and potential customers. The United States further contends that Dey knew the false reporting and marketing schemes would cause their customers to submit false claims to Medicaid and Medicare for reimbursement that was substantially higher than the customers' actual acquisition costs for the Covered Drugs.

     F.     The United States also contends that it has certain administrative claims against Dey for engaging in the Covered Conduct.

     G.     This Agreement is made in compromise of disputed claims. It is neither an admission of facts or liability by Dey nor a concession by the United States that its claims are not well-founded. Dey denies the contentions of the United States and the Relator as set forth herein and in the Civil Action and all contentions of the Relator in its prior complaints and further denies any liability or wrongdoing related to those contentions. Neither this Agreement, its execution, nor the performance of any obligations under it, nor the fact of the settlement, is intended to be, or shall be understood as, an admission of liability or wrongdoing, or an expression reflecting upon the merits of the dispute by Dey.

     H.     Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Agreement.

I.      To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation and trial of the above claims, the Parties reach a full and final settlement pursuant to the Terms and Conditions below.

## III.  TERMS AND CONDITIONS

A.      Dey agrees to pay to the United States the sum of two hundred eighty million dollars ($280,000,000), plus interest accrued thereon at a simple rate of 3.125 percent per annum from August 30, 2010, and continuing until and including the day before complete payment is made (the "Settlement Amount").  Dey agrees to pay the Settlement Amount to the United States by electronic funds transfer pursuant to written instructions to be provided by the United States by the Effective Date of this Agreement.  Dey agrees to make this electronic funds transfer no later than ten business days after the Effective Date of this Agreement.  Conditioned upon the United States receiving the Settlement Amount from Dey and as soon as feasible after receipt, the United States shall pay $67,200,000 to Relator, plus a pro rata share of the actual accrued interest paid to the United States by Dey, by electronic funds transfer.

B.      Subject to the exceptions in Paragraph E below, in consideration of the obligations of Dey in this Agreement, and conditioned upon Dey's full payment of the Settlement Amount, the United States (on behalf of itself, its officers, agents, agencies, and departments) agrees to release Dey, its predecessors, and current and former affiliates, parents, successors, divisions, subsidiaries, shareholders, directors, officers and employees from any civil or administrative monetary claim the United States has or may have for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-33, the Civil Monetary Penalties Law, 42 U.S.C.

§ 1320a-7a, the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-12, or any other statute

creating causes of action for civil damages or civil penalties which the Civil Division of the

United States Department of Justice has actual and present authority to assert and compromise

pursuant to 28 C.F.R. Part O, Subpart I, § 0.45(d), and/or the common law theories of payment

by mistake, unjust enrichment, disgorgement, conversion and fraud.

      C.     In consideration of the obligations of Dey in this Agreement, and conditioned

upon Dey's full payment of the Settlement Amount, Relator fully and finally releases Dey, its

predecessors, successors, and all current and former parents, affiliates, divisions, subsidiaries,

directors, agents, shareholders, officers and employees, from any claims or allegations that

Relator asserted or could have asserted based on the Civil Action, including all claims under 31

U.S.C. § 3730 (d) for expenses, attorney's fees and costs incurred in connection with the Civil

Action and including all claims against Dey in Relator's prior filed complaints, and/or any

common law theories in law or equity including payment by mistake, disgorgement, conversion,

unjust enrichment, and fraud.

      D.     OIG-HHS expressly reserves all rights to institute, direct, or maintain any

administrative action seeking exclusion against Dey (and/or its officers, directors, and

employees) from Medicare, Medicaid, and all other Federal health care programs (as defined in

42 U.S.C. § 1320a-7b(f)) under 42 U.S.C. § 1320a-7a (the Civil Monetary Penalties Law), 42

U.S.C. § 1320a-7(a) (mandatory exclusion), and/or 42 U.S.C. § 1320a-7(b) (permissive

exclusion).

*Settlement Agreement among (A) United States, (B) Dey, and (C) Relator*

E.      Notwithstanding any term of this Agreement, specifically reserved and excluded from the scope and terms of this Agreement as to any entity or person (including Dey and Relator) are the following claims:

1.      Any civil, criminal, or administrative liability arising under Title 26, United States Code (Internal Revenue Code);

2.      Any criminal liability;

3.      Except as explicitly released in Paragraph III. B of this Agreement, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

4.      Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

5.      Any liability based upon obligations created by this Agreement;

6.      Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

7.      Any liability, including that relating to claims of the Relator on its own behalf or on behalf of the State of California, as to the state share of any overpayments or damages attributable to Dey and claimed by Plaintiffs in the matter of State of California, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Labs., Inc., et al., Case No. 03-cv-11226-PBS, Subcategory Case No. 06-11337; Master File No. 01-12257-PBS; MDL No. 1456; and

8.      Any liability for failure to deliver goods or services due.

*Settlement Agreement among (A) United States, (B) Dey, and (C) Relator*

F.      Relator and its successors, attorneys, agents, and assigns agree not to object to this Agreement and agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B), and, conditioned upon receipt of Relator's share, Relator, for itself, its successors, attorneys, agents, and assigns, fully and finally releases, waives, and forever discharges the United States, its officers, agents, and employees from any claims arising from or relating to 31 U.S.C. § 3730 based on the Civil Action, including 31 U.S.C. §§ 3730(b), (c), (c)(5), (d) and (d)(1); from any claims arising from the filing of claims against Dey in the Civil Action; from any other claims for a share of the Settlement Amount; and in full settlement of any claims Relator may have under this Agreement. This Agreement does not resolve or in any manner affect any claims the United States has or may have against the Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims arising under this Agreement.

G.      Dey waives and shall not assert any defenses Dey may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

H.    Dey, on behalf of itself and its predecessors, its current and former parents, affiliates, divisions, subsidiaries, successors and assigns, fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including for attorney's fees, costs, and expenses of every kind and however denominated) that Dey has asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and/or agents, related to the Covered Conduct or the United States' investigation and prosecution thereof.

I.    Dey, on behalf of itself and its predecessors, its current and former parents, affiliates, divisions, subsidiaries, successors and assigns, fully and finally releases Relator, together with its current and former officers, directors, shareholders, employees, attorneys, contractors, agents, assigns, subsidiaries and affiliates from any claims (including for attorney's fees, costs, and expenses of every kind and however denominated) that Dey has asserted, could have asserted, or may assert in the future against Relator, related to the Covered Conduct or the Relator's investigation and prosecution thereof.

J.    The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare carrier or intermediary or any state payer, related to the Covered Conduct; and Dey agrees not to resubmit to any Medicare carrier or intermediary or any state payer any previously denied claims related to the Covered Conduct, and agrees not to appeal any such denials of claims.

K.    Dey agrees to the following:

1.    <u>Unallowable Costs Defined</u>:  that all costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47, in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395hhh and 1396-1396v, and in the regulations and official program directives promulgated thereunder) incurred by or on behalf of Dey and its present or former officers, directors, employees, shareholders, and agents in connection with the following shall be "Unallowable Costs" on government contracts and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program ("FEHBP"):

(a)    the matters covered by this Agreement;

(b)    the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(c)    Dey's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(d)    the negotiation and performance of this Agreement; and

(e)    the payments Dey makes to the United States pursuant to this Agreement and any payments that Dey may make to Relator, including costs and attorney's fees. (All costs described or set forth in this Paragraph III.K.1 are hereafter "Unallowable Costs.")

2.    <u>Future Treatment of Unallowable Costs</u>: If applicable, Unallowable Costs shall be separately determined and accounted for in nonreimburseable cost centers by Dey, and Dey shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs

through any cost report, cost statement, information statement, or payment request submitted by Dey or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

   3. <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>:  Dey further agrees that, within 90 days of the Effective Date of this Agreement, it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs included in payments previously sought from the United States or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Dey or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs.  Dey agrees that the United States, at a minimum, shall be entitled to recoup from Dey any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously submitted cost reports, information reports, cost statements, or requests for payment.

   Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies.  The United States reserves its rights to disagree with any calculations submitted by Dey or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs on Dey or any of its subsidiaries' or affiliates' cost reports, cost statements, or information reports.

Page 10 of 16

4.      Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Dey's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

L.      This Agreement is intended to be for the benefit of the Parties only.  The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph M, below, regarding waiver for beneficiaries or elsewhere in this Agreement.

M.      Dey agrees that it waives and shall not seek payment for any of the health care billings, if any, covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payers based upon the claims defined as Covered Conduct.

N.      Dey warrants that it has reviewed its financial situation and that it currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and shall remain solvent following payment of the Settlement Amount to the United States.  Further, the Parties warrant that, in evaluating whether to execute this Agreement, they (a) have intended that the mutual promises, covenants, and obligations set forth herein constitute a contemporaneous exchange for new value given to Dey, within the meaning of 11 U.S.C. § 547(c)(1); and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange.  Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Dey was

Page 11 of 16

*Settlement Agreement among (A) United States, (B) Dey, and (C) Relator*

or became indebted on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

O.      Within five (5) business days after the payment of the Settlement Amount pursuant to this Agreement, the Parties will file a Stipulation of Dismissal of the Civil Action as to Dey in the form of the Stipulation of Dismissal attached hereto as Attachment B.

P.      Except as expressly provided to the contrary in this Agreement, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

Q.      Dey represents that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

R.      Relator represents that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

S.      This Agreement is governed by the laws of the United States.  The Parties agree that the exclusive jurisdiction and venue for any dispute arising between or among any or all of the Parties under this Agreement is the United States District Court for the District of Massachusetts.

T.      For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

U.      This Agreement constitutes the complete agreement between the Parties as to the matters addressed herein.  This Agreement may not be amended except by written consent of the Parties.

*Settlement Agreement among (A) United States, (B) Dey, and (C) Relator*

V.     The individuals signing this Agreement on behalf of Dey represent and warrant that they are authorized by Dey to execute this Agreement.  The individuals signing this Agreement on behalf of  Relator represent and warrant that they are authorized by Relator to execute this Agreement.  The United States' signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

W.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

X.     This Agreement is binding on Dey's and Relator's successors, transferees, and assigns.

Y.     The Parties consent to the disclosure of this Agreement, and information about this Agreement, to the public.

Z.     This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date of this Agreement").  Facsimiles of signatures, and/or electronic signatures in portable document format (.pdf), shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA


DATED: 12/20/10          BY: _____
                             **LAURIE A. OBEREMBT**
                             Senior Trial Counsel
                             Commercial Litigation Branch
                             Civil Division
                             United States Department of Justice
                             P.O. Box 261, Ben Franklin Station
                             Washington, D.C. 20044


DATED:_____          BY: _____
                             **GEORGE B. HENDERSON, II**
                             **BARBARA HEALY SMITH**
                             **JAMES J. FAUCI**
                             Assistant United States Attorneys
                             United States Attorney's Office
                             District of Massachusetts
                             One Courthouse Way, Suite 9200
                             Boston, MA 02210


DATED:_____          BY: _____
                             **GREGORY E. DEMSKE**
                             Assistant Inspector General for Legal Affairs
                             Office of Counsel to the Inspector General
                             Office of Inspector General
                             United States Department of Health and Human Services
                             Room 5527, Cohen Bldg.
                             330 Independence Ave, S.W.
                             Washington, DC 20201


Page 14 of 16


*Settlement Agreement among (A) United States, (B) Dey, and (C) Relator*

## THE UNITED STATES OF AMERICA

DATED:_____          BY: _____
                             **LAURIE A. OBEREMBT**
                             Senior Trial Counsel
                             Commercial Litigation Branch
                             Civil Division
                             United States Department of Justice
                             P.O. Box 261, Ben Franklin Station
                             Washington, D.C. 20044


DATED: 12/17/2010          BY: _____
                             **GEORGE B. HENDERSON, II**
                             **BARBARA HEALY SMITH**
                             **JAMES J. FAUCI**
                             Assistant United States Attorneys
                             United States Attorney's Office
                             District of Massachusetts
                             One Courthouse Way, Suite 9200
                             Boston, MA 02210


DATED:_____          BY: _____
                             **GREGORY E. DEMSKE**
                             Assistant Inspector General for Legal Affairs
                             Office of Counsel to the Inspector General
                             Office of Inspector General
                             United States Department of Health and Human Services
                             Room 5527, Cohen Bldg.
                             330 Independence Ave, S.W.
                             Washington, DC 20201


Page 14 of 16


*Settlement Agreement among (A) United States, (B) Dey, and (C) Relator*

THE UNITED STATES OF AMERICA


DATED:_____        BY: _____
                           **LAURIE A. OBEREMBT**
                           Senior Trial Counsel
                           Commercial Litigation Branch
                           Civil Division
                           United States Department of Justice
                           P.O.  Box 261, Ben Franklin Station
                           Washington, D.C.  20044


DATED:_____        BY: _____
                           **GEORGE B. HENDERSON, II**
                           **BARBARA HEALY SMITH**
                           **JAMES J. FAUCI**
                           Assistant United States Attorneys
                           United States Attorney's Office
                           District of Massachusetts
                           One Courthouse Way, Suite 9200
                           Boston, MA 02210


DATED: 12/17/10        BY: _____
                           **GREGORY E. DEMSKE**
                           Assistant Inspector General for Legal Affairs
                           Office of Counsel to the Inspector General
                           Office of Inspector General
                           United States Department of Health and Human Services
                           Room 5527, Cohen Bldg.
                           330 Independence Ave, S.W.
                           Washington, DC  20201


Page 14 of 16


*Settlement Agreement among (A) United States, (B) Dey, and (C) Relator*

**DEY, INC., DEY PHARMA, L.P. and DEY L.P. - DEFENDANTS**

DATED: 12/17/10          BY: _~Kristi Kolesar~_

**KRISTIN KOLESAR**
Secretary, Dey, Inc, Dey Pharma, L.P.
and Dey L.P.
110 Allen Road, 4th Floor
Basking Ridge, New Jersey 07920

DATED: 12/20/10          BY: _~Paul F. Doyle~_

**PAUL F. DOYLE**
**SARAH L. REID**
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
Counsel for Dey, Inc., Dey Pharma, L.P. and Dey L.P.,
Inc.

Page 15 of 16

*Settlement Agreement among (A) United States, (B) Dey, and (C) Relator*

**VEN-A-CARE OF THE FLORIDA KEYS, INC. - RELATOR**

DATED: 12/17/10   BY: _____

T. MARK JONES
President
Ven-A-Care of the Florida Keys, Inc.
615 1/2 Duval St.
Suite #4
Key West, Florida 33040

DATED: 12/17/10   BY: _____

JAMES J. BREEN
The Breen Law Firm
Suite 260
5755 North Point Parkway
Alpharetta, GA 33029
Counsel to Ven-A-Care of the Florida Keys, Inc.

Page 16 of 16

*Settlement Agreement among (A) United States, (B) Dey, and (C) Relator*

Attachment A

# ATTACHMENT A

## DEY COVERED DRUGS

| Drug/Dosage | NDC |
| --- | --- |
| Albuterol Inhalation Aerosol Metered-Dose Inhaler,17g | 49502-0303-17 |
| Albuterol Inhalation Aerosol Metered-Dose Inhaler,17g | 49502-0333-17 |
| Albuterol Inhalation Aerosol MDI Refill, l7g | 49502-0303-27 |
| Albuterol Inhalation Aerosol MDI Refill, l7g | 49502-0333-27 |
| Albuterol Sulfate Inhalation Solution 0.5%, 5mg/ml, 20ml multi-dose | 49502-0196-20 |
| Albuterol Sulfate Inhalation Solution 0.5% (Sterile) 20ml multi-dose | 49502-0105-01 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, 2.5mg/3ml, package of 25 | 49502-0697-03 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, 2.5mg/3ml, package of 25 | 49502-0697-24 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, 2.5mg/3ml, package of 30 | 49502-0697-33 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, 2.5mg/3ml, package of 30 | 49502-0697-29 |
| Albuterol Sulfate Inhalation Solution Single-Pak™, 0.083% 3ml, package of 30 | 49502-0697-30 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, 2.5mg/3ml, package of 60 | 49502-0697-60 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, 2.5mg/3ml, package of 60 | 49502-0697-61 |

| Drug/Dosage | NDC |
|---|---|
| Cromolyn Sodium, Inhalation Solution 20mg/2ml, unit dose vials, package of 120 | 49502-0689-12 |
| Cromolyn Sodium, Inhalation Solution 20mg/2ml, unit dose vials, package of 60 | 49502-0689-02 |
| Cromolyn Sodium, Inhalation Solution 20mg/2ml, unit dose vials, package of 60 | 49502-0689-61 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5ml, package of 25 | 49502-0685-03 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5ml, package of 25 | 49502-0685-24 |
| Ipratropium Bromide Inhalation Solution 0.02%, 2.5ml, package of 25 | 49502-0685-26 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5ml, package of 30 | 49502-0685-33 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5ml, package of 30 | 49502-0685-29 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5ml, package of 30 | 49502-0685-31 |
| Ipratropium Bromide Inhalation Solution 0.02%, Single-Pak™ 2.5ml, package of 30 | 49502-0685-30 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5ml, package of 60 | 49502-0685-60 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5ml, package of 60 | 49502-0685-61 |
| Ipratropium Bromide Inhalation Solution 0.02%, 0.5mg/2.5ml, package of 60 | 49502-0685-62 |

Attachment B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 Master Case No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) ) ) | Subcategory Case No. 06-11337-PBS |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS | ) ) ) ) ) | |

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with the terms of the Settlement Agreement attached as Exhibit A hereto, the United States, Relator Ven-A-Care of the Florida Keys, Inc. and Defendants Dey, Inc., Dey Pharma, L.P., and Dey L.P., Inc. (collectively "Dey") hereby stipulate to the entry of an order dismissing the First Amended Complaint against Dey with prejudice.

Respectfully submitted,

TONY WEST
ASSISTANT ATTORNEY GENERAL

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: _____
George B. Henderson, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3282


JOYCE R. BRANDA
DANIEL R. ANDERSON
LAURIE A. OBEREMBT
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044


FOR THE RELATOR


By: _____
James J. Breen
The Breen Law Firm, P.A.
5755 Northpoint Parkway, Suite 260
Alpharetta, GA 30022
Tel. (770) 740-0000

KELLEY DRYE & WARREN LLP

By: _____
Paul F. Doyle (BBO 133460)
Sarah L. Reid (pro hac vice)
William A. Escobar (pro hac vice)
Neil Merkl (pro hac vice)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897


FOLEY HOAG LLP
Martin F. Murphy
BBO 363250
Robert E. Toone
BBO 663249
Seaport World Trade Center West,
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone: (617) 832-1000
Facsimile: (617) 832-7000

Counsel for Defendants Dey Pharma, L.P.,
L.P., Inc., and Dey, Inc.

2

CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above document to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: December ___, 2010

_____
George B. Henderson, II

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 Civil Action No. 01-12257-PBS |
| **THIS DOCUMENT RELATES TO:** | ) ) ) | Subcategory Case No. 06-11337-PBS |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| *United States of America ex rel. Ven-a-Care of the Florida Keys, Inc. v. Dey, Inc., et al.,* Civil Action No. 05-11084-PBS | ) ) | |

## ORDER OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1), the United States, Relator Ven-A-Care of the Florida Keys, Inc. and Defendants Dey, Inc., Dey Pharma, L.P., and Dey L.P., Inc. (collectively "Dey") have filed a Stipulation of Dismissal with Prejudice. Upon due consideration of the Stipulation, IT IS HEREBY ORDERED that, consistent with the terms of the Settlement Agreement attached to the Stipulation as Exhibit A,

1. The above-captioned action is dismissed with prejudice;

2. This Order resolves all claims against Dey for the federal share of Medicaid program payments brought in the above-captioned Civil Action;

3. Each party shall be responsible for its own expenses, attorneys' fees, and costs; and

4. The Court shall retain jurisdiction with respect to any dispute under the Settlement Agreement or this Order.

This _____ day of _____, 2010.


_____
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE