UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| | MDL NO. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| | Subcategory Docket: 06-CV-11337-PBS |
| THIS DOCUMENT RELATES TO | ) ) ) |
| | Judge Patti B. Saris |
| *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, No. 07-CV-11618-PBS | ) ) ) |
| | Magistrate Judge Marianne B. Bowler |

## ORDER OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), Relator Ven-A-Care of the Florida Keys, Inc. ("Relator"), and Abbott Laboratories Inc. and Abbott Laboratories ("Abbott") have filed with this Court a Stipulation of Voluntary Dismissal With Prejudice in the above-captioned case. The United States has submitted the United States' Consent to Relator and Defendant's Stipulation for Voluntary Dismissal With Prejudice. Upon due consideration of the Stipulation of Voluntary Dismissal With Prejudice; the December 7, 2010 Settlement Agreement between the United States, Abbott, and Relator ("United States Settlement Agreement"); the December 7, 2010 Settlement Agreement and Release between Relator and Abbott ("Relator-Abbott Settlement Agreement"); the United States' Consent to Relator and Defendant's Stipulation for Voluntary Dismissal With Prejudice; the Declaration of Relator Ven-A-Care of the Florida Keys, Inc. in Support of the Comprehensive Settlement of 'AWP-Type Claims' for the Federal Share of Medicaid Overpayments Against Abbott Laboratories, Inc. ("Relator's Declaration") (attached hereto as *Exhibit A*); and the Relator's representation that, consistent with the standards previously applied by this Court and affirmed by the First Circuit, the reported prices and marketing conduct for Abbott PPD drugs with substantial Medicaid expenditures not identified

in the above-captioned case, and reflected on Exhibit A to the Relator's Declaration, were neither false, fraudulent, nor deceptive,

**IT IS ORDERED** that:

1. All claims that were asserted or that could have been asserted by the Relator on behalf of the United States in *United States ex rel. Ven-A-Care v. Abbott Laboratories, Inc.*, No. 07-CV-11618-PBS (D. Mass.) (previously captioned *United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc.*, 06-CV-11337-PBS (D. Mass.)) (the Massachusetts Abbott HPD Case), are hereby dismissed, with prejudice.

2. The Court has reviewed the Relator-Abbott Settlement Agreement and the Relator's Declaration. Based on that review, the Court finds that the parties' settlement is reasonable and that this Order fully, finally, and forever resolving and settling, to the extent Relator is capable under applicable law and subject to the exception in Paragraph 3 of the Relator-Abbott Settlement Agreement, any and all claims that Relator has asserted or could have asserted concerning List Prices, Direct Prices, Average Wholesale Prices, Wholesale Acquisition Costs, and/or any other price reported to the national pricing compendia for any drug manufactured by Abbott's PPD for the time period 1991 through 2005, should be entered.

3. Each party shall bear its own costs and attorneys' fees.

4. The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the United States Settlement Agreement and the Relator-Abbott Settlement Agreement to the extent reasonably necessary and appropriate.

IT IS SO ORDERED THIS 5 day of January, 2010.

THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE