UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Subcategory Case No. 03-10643-PBS |
|---|---|---|
| THIS DOCUMENT RELATES TO:<br><br>   *City of New York, et al.*<br>*v.*<br>   *Abbott Laboratories, et al.* | ) ) ) ) ) ) ) ) | Judge Patti J. Saris<br>Magistrate Judge Marianne B. Bowler |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH TARDY SUBPOENA ISSUED BY DEFENDANTS

Pursuant to Fed. Rs. Civ. P. 26(c) and 45(c)(3)(A), Dr. Thomas Fanning, a former employee of the New York State Department of Health ("NY DOH"), and plaintiffs, the City of New York and New York Counties, (hereinafter collectively referred to as "Movants"), by and through their attorneys of record Kirby McInerney LLP, file this memorandum of law in support of their motion for a protective order and to quash the subpoena issued by defendants to take the deposition of Dr. Fanning after the close of discovery in this case.

### BACKGROUND

Defendants have been in possession of documents revealing Dr. Thomas Fanning's name, title and scope of responsibilities within the New York State Department of Health since at least December 2008. Dr. Fanning's name has appeared on numerous exhibits marked by defendants at NY DOH depositions taken as early as January 2010. Yet, defendants waited until January 2011, some 6 months after the April 1, 2010 deadline to serve all discovery in this case, to seek

Dr. Fanning's testimony. There is no basis for defendants' delay in identifying Dr. Fanning as a deponent in this case let alone a good faith basis that would support an end run around the discovery deadlines established by this Court. Respectfully, the subpoena, attached as "A" hereto, should be quashed.

## ARGUMENT

Defendants' subpoena to former NY DOH employee Dr. Thomas Fanning did not meet the April 1, 2010 deadline to serve discovery, and therefore, is untimely.

Defendants did not serve any subpoena on Dr. Thomas Fanning until January 2011. The April 29, 2009 CMO that governs this matter provides that the discovery deadline was April 1, 2010. *See* April 29, 2009 Case Management Order ("CMO") [Docket No. 6035, Sub-docket No. 48], ¶ 1. While the April 29, 2009 CMO has been amended on consent of the parties since it was originally entered, every amendment has only extended the deadlines for expert disclosures. *See, e.g.,* August 30, 2010 CMO [Dkt.7230]; *see also* electronic order entered June 14, 2010. And, while the parties long ago agreed between themselves that defendants could have additional time to take the depositions of NY DOH personnel who were timely noticed, the parties never agreed that new discovery could be after the original April 1, 2010 cut off. *See* April 1, 2010 letter from Gregor N. Macmillan, Esq., to John P. Bueker, Esq., attached as "B" hereto.[1]

Defendants have been aware of Dr. Fanning since at least December 2008 when the NY DOH concluded its initial document production. His name appears on no fewer than 4 exhibits

---

[1] Mr. Macmillan wrote, "Counsel for plaintiffs have informed us that they do not object to our supplementing the existing production after April 1, [2010] nor will they object to defendants taking the (timely and previously noticed) depositions (30(b)(6) and individual) after the production is complete."

2

(including an organizational chart) marked by Defendants at the January –February 2010 deposition of (now) former NY DOH employee Mark-Richard Butt.  And Dr. Fanning's name appears on multiple other exhibits marked at February-March 2010 NY DOH depositions as well (Ms. Frescatore and Messrs. Gallagher and Cioppa).  In all, defendants had over three years to notice and conduct discovery of plaintiffs and any third party, including the New York State Department of Health.  Plaintiff's counsel has worked diligently and in good faith to schedule all deponents timely noticed or subpoenaed by defendants in this matter.  Had Dr. Fanning been among those timely served (i.e. prior to April 1, 2010), he too would have been scheduled.  It now is simply too late. The court-endorsed CMO says what is says, the parties' agreements were what they were, and the parties' conduct (until this moment) has been entirely consistent with both the CMO and their agreements.

The tardy subpoena to Dr. Fanning, respectfully, must be quashed.

## CONCLUSION

For all the foregoing reasons, Movants respectfully request that defendants' subpoena to Dr. Fanning be quashed in its entirety.

Dated: January 25, 2011

                      Respectfully submitted,

                      **KIRBY McINERNEY, LLP**
                      825 Third Avenue
                      New York, New York 10022
                      (212) 371-6600

                      /s/ Joanne M. Cicala_____
By:   Joanne M. Cicala
                      James P. Carroll, Jr.

                      Kathryn B. Allen
                      *Counsel for Dr. Thomas Fanning and The City of New York and New York Counties in MDL 1456 except Nassau and Orange Counties*

                      Ross B. Brooks, Esq.
                      MILBERG LLP
                      One Pennsylvania Plaza
                      New York, NY 10119
                      (212) 594-5300
                      *Special Counsel for the County of Nassau*

                      Theresa A. Vitello, Esq.
                      LEVY PHILLIPS &
                      KONIGSBERG, LLP
                      800 Third Avenue
                      New York, NY 10022
                      (212) 605-6205
                      *Counsel for the County of Orange*

**Certification Pursuant to Local Rule 7.1**

The undersigned counsel certifies pursuant to Local Rule 7.1(a)(2) that she conferred with counsel for defendants on the issues raised in this motion and has not been able to reach agreement.

Dated:  January 25, 2011                     /s/ Joanne M. Cicala
                                             Joanne M. Cicala

**CERTIFICATE OF SERVICE**

I, Kathryn B. Allen, hereby certify that I caused a true and correct copy of the foregoing Memorandum in Support of Movants' Motion for Protective Order and Motion to Quash Subpoena Issued by Defendants to be served on counsel of record via electronic service pursuant to paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File and Serve for posting and notification to all parties.

Dated:  January 25, 2011

                                             _____/s/_____
                                             Kathryn B. Allen
                                             Kirby McInerney LLP
                                             825 Third Avenue, 16th Floor
                                             New York, NY 10022
                                             (212) 371-6600