UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| TRACK TWO SETTLEMENT | Judge Patti B. Saris |

**CLASS PLAINTIFFS' MOTION FOR APPROVAL OF REVISED NOTICE PLAN AND SCHEDULE FOR FINAL APPROVAL OF THE TRACK TWO SETTLEMENT**

Class Plaintiffs in the above-captioned matter hereby submit, for the Court's consideration and approval, a revised notice plan and schedule for final approval in the Track Two Settlement.

**A.     Background**

On December 31, 2010, Class Plaintiffs filed a Status Report Regarding the Track Two Settlement. Docket No. 7367. In that report, Class Plaintiffs outlined for the Court's consideration the expense associated with direct mail notice to all 19.3 million individuals identified in CMS data as potential Class 1 members in the Track Two Settlement. Class Counsel provided the Court with information on potential alternatives to the original direct mail notice plan and the expense associated with each. The option that included using national media to reach some portion of Class 1 would require a revision in the Court-approved schedule necessitated by the need to purchase TV and national print publication with long lead times. December 31, 2010 Report at p. 8.

- 1 -

On January 4, 2011, the Court issued an order directing Class Counsel to proceed with the original notice plan and requested that Class Counsel provide options for scaling back the call center to be used to answer questions from individuals receiving mailed notice.  On January 7, 2011, in response to a motion for reconsideration of the Court's January 4, 2011 Order filed by TPP Allocation Counsel and the ISHPs (Docket No. 7379), the Court reconsidered its January 4, 2011 Order.  In an order dated January 7, 2011, the Court directed Class Counsel to proceed with the Alternative 3 notice and publication plan identified in Class Counsels' December 31, 2011 report.

The alternative notice program ordered by the Court consists of direct mail notice to 2.2 million individuals identified in the CMS data as having Class A drug administrations as well as a national media notice program directed at Class 1 members with Class B drug administrations. On January 11, 2011, Class Counsel filed a Response to the Court's January 4, 2011 Order requesting call center options (Docket No. 7383) providing the Court with options for scaling back the call center to be used to answer questions from individuals receiving mailed notice.

Class Counsel hereby submit, for the Court's consideration and approval, a revised notice program in accordance with the Court's instructions to proceed with the Alternative 3 notice and publication plan.  The revised notice program includes minor changes to the notice documents to be approved by the Court necessitated by the different forms of notice to be provided to Class 1 members.

Because of the need to purchase national TV spots and placement in national print publication, the revised notice program also includes a revised schedule for completion of notice and for other milestones in the AWP Track Two Settlement, including a new date for a final fairness hearing.  Class Counsel are very conscious of the desire of all parties to finish notice as

quickly as possible and have proposed a notice schedule that accomplishes this goal while simultaneously providing class members with sufficient time to respond.  Class Counsel have instructed Kinsella Media, LLC to purchase the earliest available television spots and print publications available.

B.   **Revised Notice Plan**

Attached as Exhibit 1 hereto is a revised notice plan (the "Notice Plan") designed by Kinsella Media, LLC, to complete notice to members of Class 1 in accordance with the Court's January 7, 2011 Order.  The components of the Notice Plan include:

> *Direct Notice*:  First-class mail to 2.2 million Class 1 members identified in CMS data as having a Class A drug administration.  Notice Plan p. 5.
>
> *Paid Media Notice*:  Broad national media to reach the remaining members of Class 1 who do not receive direct mail notice.  This component includes 30 second television spots over a three week period, publication in national consumer magazines such as *AARP Bulletin*, *Reader's Digest* and *TV Guide*, publication in newspaper supplements in *Parade Magazine* and *USA Today*, and video played on a network serving pharmacies nationwide.  Notice Plan pp. 13-14.  This component is heavily weighted toward use of television as a means of reaching class members.
>
> *Earned Media Notice*:  Earned national media to reach remaining members of Class 1 not receiving direct mail notice.  This component includes a national press release and video distributed to television and radio stations.  Notice Plan p. 15.

The national media program is comprehensive.  It provides class members with multiple exposure opportunities and is heavily weighted in favor of television spots, a medium proven to drive claims in previous AWP settlements.  Considering the combined television and print media advertisements, the Notice Program with reach and estimated 92.8% of adults over the age of 65 with an average estimated frequency of 4 times.  Notice Plan at p. 15.   An affidavit in support of the notice plan by Katherine Kinsella of Kinsella Media, Inc. is attached hereto as Exhibit 2. ("Kinsella Aff.").  Ms. Kinsella opines that in her opinion, the Notice Plan constitutes the best practicable notice under the circumstances in accordance with Rule 23.  Kinsella Aff. at p. 3.

001534-16 420456 V1

## C. Notice Documents

The change in the Class 1 notice plan necessitates slight revision in the previously approved notice and claim forms.  In order to make instructions for reviewing and responding to the notice and claim form simpler for each consumer, Kinsella and Rust have designed two separate long form notices and three separate claim forms.  The appropriate long form notice and claim form will be mailed depending on the consumer's situation.

### 1. Individuals Responding to Direct Mail Notice

Notice to the 2.2 million individuals identified as having a Class A drug administration will consist first of a short initial notice asking individuals to indicate whether they made out-of-pocket expenditures for Medicare Part B drugs during the class period.  The proposed initial notice is attached as Exhibit 3.

Those individuals who return the reply card will receive a full notice along with a claim form.  The proposed full notice is attached as Exhibit 4.  The claim form these class members receive will include pre-printed claim information obtained from the CMS data.  The proposed claim form to be used is attached as Exhibit 5.  If the class member has no changes and agrees with the information derived from CMS data, they need do nothing more; their claim will be calculated based on the CMS information.  If class members have changes to this pre-printed information,[1] they will be required to make those changes on the claim form and return the signed claim form to the claims administrator.

---

[1] Changes from the information provided in the CMS data may result from the fact that the CMS data does not cover the entire class period but includes data from 1999 forward.  The class period begins on January 1, 1991.  Consumers may have claim information in addition to the information included in the CMS data.

### 2.     Individuals Responding to National Media Notice

Individuals responding to any form of national media notice will be directed to a toll-free number. That number will first provide information through the use of interactive voice response ("IVR"). IVR options will allow consumers to learn more about the settlement and determine if they may be members of the class. Those who believe they qualify will be directed to speak to a live customer service representative. Customer service representatives will have access to the CMS database and will determine if the CMS database contains information concerning the consumer's Medicare Part B drug administrations.

If the caller is identified as having drug administrations in the CMS data, the caller will be sent a full notice and claim form. The full notice to be used in this situation is identical to the one used for individuals returning the reply card above. See Exhibit 4. These individuals will also receive a claim form with their pre-printed claim information. The proposed claim form to be used is attached as Exhibit 6. Even if they make no changes to this form, the consumer must sign and return the claim form in order to perfect their claim. This is to ensure that they have confirmed in writing that they have made out-of-pocket expenditures for the drugs at issue (since they did not receive or respond to a previous mailing).

If a caller does not appear in the CMS data, the caller will be sent a different long form notice and claim form. The proposed long form notice to be used in this situation is attached as Exhibit 7, and the proposed claim form is attached as Exhibit 8. These full notice and claim forms make no reference to CMS data and contain no pre-printed claim information. The class member will be directed to provide detailed information about their Medicare Part B out-of-pocket expenditures and to provide a proof of claim for each of the drugs identified in their claim form. They will be required to sign and return the claim form to the claims administrator

verifying that they made out-of-pocket expenditures for the listed drugs in order to perfect their claim.

**D.     Revised Schedule**

The need to purchase national television and print media space requires a revision of the current court-approved schedule.  Class Counsel instructed Kinsella Media to purchase the next available space in all instances and worked with Kinsella Media and Rust to design a schedule that would allow sufficient time for class members to respond to the notice but would not extend the date for the final fairness hearing inordinately.  The schedule is designed primarily around the media notice that will occur between April 4, 2011 and April 24, 2011.  For instance, because the last print publication would appear on April 24, 2011, the deadline for comments, objections and exclusions is 30 days later on May 24, 2011.  This allows sufficient time for consumers to react to the publication and to consider Class Counsel's request for attorney's fees before deciding to object or opt-out.  As a result of these changes in notice, the proposed final fairness hearing would be rescheduled from its current date of April 19, 2010 to sometime during the period of June 6-17, 2011, depending on the Court's preference and availability.

Accordingly, Class Counsel request that the Court approve the schedule set forth below:

| | |
|---|---|
| February 12, 2011 | Initial Direct Mail Notice to Potential Track Two Class 1 Members With Class A Drug Administrations To Be Completed |
| March 30, 2011 | Deadline For Return of Initial Notice Cards by Class 1 Members with Class D Drug Administrations |
| April 4 – April 24, 2011 | National Media Notice (TV, Print Publication) Appear |
| April 28, 2011 | Class Counsel to File Motion for Attorney's Fees |

| | |
|---|---|
| May 24, 2011 | Deadline for All Class 1 Members to Comment, Object or Request Exclusion from the Settlement |
| June 1, 2011 | Class Counsel to File Final Approval Papers and Recommendations on Use of Any Excess Settlement Funds |
| June 6-17, 2011 [TBD] | Final Approval Hearing (based on the Court's preference and availability) |
| July 1, 2011 | Class 1 Claims Filing Deadline |

**E.     Conclusion**

For the reasons set forth above, Class Plaintiffs respectfully request that the Court enter an order approving the revised Notice Program, the forms of notice attached hereto as Exhibits 3 through 8 and the revised schedule proposed above. For the convenience of the Court, Class Plaintiffs have attached hereto as Exhibit 9 a proposed order.


DATED: February 2, 2011            By      /s/ **Steve W. Berman**
                                            Thomas M. Sobol (BBO#471770)
                                            Edward Notargiacomo (BBO#567636)
                                       Hagens Berman Sobol Shapiro LLP
                                       55 Cambridge Parkway, Suite 301
                                       Cambridge, MA  02142
                                       Telephone: (617) 482-3700
                                       Facsimile: (617) 482-3003

                                       **LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shaprio LLP
1629 K St. NW, Suite 300
Washington, DC  20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **Class Plaintiffs' Motion For Approval Of Revised Notice Plan And Schedule For Final Approval Of The Track Two Settlement**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 2, 2011, a copy to LexisNexis File & Serve for posting and notification to all parties.

          **/s/ Steve W. Berman**
          Steve W. Berman