

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA  98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

ATTORNEYS AT LAW

T 206.623.7292    F 206.623.0594

February 11, 2011

***Via ECF***

Honorable Patti B. Saris
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA  02210

>       Re:    *In re Pharm. Indus. Average Wholesale Price Litig.*, Case No. 01-12257,
>              MDL No. 1456 (D. Mass.)

Dear Judge Saris:

        Pursuant to your request at the February 8, 2011 hearing on final approval of the
Massachusetts and non-Massachusetts Class 2/Class 3 settlements with Defendant
AstraZeneca Pharmaceuticals, L.P. ("AstraZeneca"), enclosed are (1) a **Proposed
Revised Final Order** and Judgment Granting Final Approval of the Proposed Settlement
Agreement and Release of AstraZeneca Related to **Non-Massachusetts Classes Two
and Three**, Approving the Proposed Allocation of Settlement Funds, and Approving
Class Counsel's Application for Attorneys' Fees, Reimbursement of Litigation Expenses
and Compensation for Class Representatives, and (2) a **Proposed Revised Final Order**
and Judgment Granting Final Approval of the Proposed Settlement Agreement and
Release of AstraZeneca Related to **Massachusetts Classes Two and Three**, Approving
the Proposed Allocation of Settlement Funds, and approving Class Counsel's Application
for Attorneys' Fees, Reimbursement of Litigation Expenses and Compensation for Class
Representatives.  Copies of both of these Orders have been provided to counsel for
AstraZeneca in advance of this filing.

        The Orders make the changes you requested at the final approval hearing.
Specifically:

>       (1)    The Orders Specifically Incorporate the Court's Prior Relevant Class
>              Certification Orders.  Paragraph 4 of both Orders specifically incorporate
>              this Court's prior certification orders relevant to each respective Settlement.
>              The orders make clear that doing so is consistent with the First Circuit's

Honorable Patti B. Saris
February 11, 2011
Page 2

          instructions in affirming this Court's final approval of the Class 1
AstraZeneca settlement.  Also as discussed, the Orders set forth all the
requirements for certification, and make clear that the Settlement Classes
are being properly certified pursuant to those Rules.

(2)     <u>The Orders Award Class Counsel 30% of the Settlement Amount For Their
Attorneys' Fees and Expenses, and the Non-Massachusetts Order Makes
Clear that Equal Percentages Shall Be Paid to Class Counsel by Consumer
Class Members, TPP Class Members and the ISHP Group Members</u>.
Paragraph 18 in the non-Massachusetts Order and Paragraph 17 in the
Massachusetts Order were amended to award Class Counsel 30% of the
Settlement Amount.  In addition, the non-Massachusetts Order was
amended to specify, consistent with the Settlement Agreement, that
Consumer Class Members, TPP Class Members and ISHP Group Members
will pay the same 30% towards fees and litigation expenses.  This reflects
your statements that the fee should be 30% (not 33 and 1/3 %), and that the
Orders should make clear the equivalent payments to be made by the
ISHPs.

(3)     <u>The Amount of the Compensation Award Was Amended to Compensate for
the Amended Seymour Declaration</u>.  On the day of the final approval
hearing, Class Counsel submitted a Corrected Declaration of Earl W.
Seymour [Dkt No. 7404].  The chart in Paragraph 19 of the non-
Massachusetts Order and Paragraph 18 of the Massachusetts Order have
accordingly been amended to provide that the Pirelli Armstrong Tire
Corporation Retiree Medical Benefits Trust spent 50.5 hours on this
litigation and is accordingly seeking a compensation award of $2,020.00 in
these Settlements.  The total amount of the compensation awards were
accordingly adjusted to $32,380.00.

(4)     <u>The Orders Require Class Counsel to Use Their Best Efforts To Increase
Consumer Distribution and To Report to the Court Regarding Those
Efforts</u>.  Paragraph 26 of the non-Massachusetts Order and Paragraph 25 of
the Massachusetts Order have been added to require Class Counsel to use
their best efforts to increase distribution of the settlement funds to
consumer members of Class 3 and to authorize Class Counsel to send a
second round of direct notice to those Class Members.  The Order also

Honorable Patti B. Saris
February 11, 2011
Page 3

requires Class Counsel to submit a status report to the Court regarding these efforts no later than February 28, 2011.

Finally, pursuant to the Court's instructions the Parties are currently exploring the feasibility of further maximizing the distribution of the Class 1 AstraZeneca settlement funds to consumers prior to moving the Court for approval of distributing the remaining funds to *cy pres* recipients.  The Parties will report back to the Court on the status of these efforts.

Please contact me if the Court has any questions or concerns about these submissions.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*

Steve W. Berman