UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL NON-MASSACHUSETTS CLASS ACTIONS CONCERNING CLASSES 2 &3 | Judge Patti B. Saris |

[PROPOSED] REVISED FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF THE PROPOSED SETTLEMENT AGREEMENT AND RELEASE OF ASTRAZENECA RELATED TO NON-MASSACHUSETTS CLASSES TWO AND THREE, APPROVING THE PROPOSED ALLOCATION OF SETTLEMENT FUNDS, AND APPROVING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND COMPENSATION FOR CLASS REPRESENTATIVES

This Court having considered: (a) the Revised Settlement Agreement and Release of AstraZeneca Related to Non-Massachusetts Classes Two and Three, dated August 5, 2010, including all Exhibits thereto (collectively, the "Agreement"), between Class Plaintiffs (as defined in the Agreement) and Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"); (b) the proposed allocation and distribution of funds among the Settlement Classes; and (c) Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and compensation for the Class Representatives; and having held a hearing on February 8, 2011, and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. This Final Order and Judgment incorporates herein and makes a part hereof, the Agreement, and all Exhibits thereto. Unless otherwise provided herein, the terms as defined in the Agreement shall have the same meanings for purposes of this Final Order and Judgment.

2. The Court has personal jurisdiction over all Class Representatives, Class Members, and AstraZeneca for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3. The Settlement Classes are defined as follows:

**Third-Party Payor MediGap Supplemental Insurance Class ("Class 2").** All TPPs in the United States who, from January 1, 1991 through January 1, 2005, made, or incurred an obligation to make, reimbursements for any portion of a Medicare Part B co-payment for Zoladex® purchased outside the Commonwealth of Massachusetts.

**Consumer and Third-Party Payor Class For Payments Made Outside the Medicare Context ("Class 3").** All natural persons in the United States who made, or incurred an obligation to make, a non-Medicare Part B payment for Zoladex® purchased outside of the Commonwealth of Massachusetts, and all TPPs in the United States who made, or incurred an obligation to make, non-Medicare Part B reimbursements for Zoladex® purchased outside of the Commonwealth of Massachusetts, during the period from January 1, 1991, through June 11, 2010.

Excluded from each of the Settlement Classes are the AstraZeneca Releasees, defined in the Agreement. (The exclusion of AstraZeneca "employees" from the Settlement Classes shall not affect the eligibility of any ERISA plans or other TPPs for settlement benefits regardless whether any plan participants might be excluded "employees.") Additionally excluded from each of the Settlement Classes are the following: (1) all natural persons who only paid flat co-payments, and not any percentage co-payments, for Zoladex®; (2) all federal, state, and local governmental entities in the United States, except any such governmental agencies or programs

that made or incurred an obligation to make a reimbursement for Zoladex® as part of a health benefit plan for their employees, but only with respect to such payments; and (3) the ISHPs.

4. This Court previously certified Classes 2 and 3 as Massachusetts-only Classes for all AstraZeneca Covered Drugs. *See In re Pharm. Indus. Average Wholesale Price Litig.* ("*In re AWP*"), 233 F.R.D. 229, 231 (D. Mass. 2006) (order); *In re AWP*, 230 F.R.D. 61 (D. Mass. 2005) (Memorandum Opinion). In addition, after conducting a bellwether Massachusetts-only trial under Mass. G.L. c93A with respect to Zoladex®, this Court certified Classes 2 and 3 for Zoladex under numerous state consumer protection statutes. *See In re AWP*, 252 F.R.D. 83 (2008). In certifying the Settlement Classes referenced in Paragraph 3 above, the Court incorporates by reference all of these previous orders. *See In re AWP*, 588 F.3d 24, 40 (1st Cir. 2009) ("In this case the district court satisfied Rule 23(c)(1)(B)'s text and purpose. The court could incorporate its prior orders by reference when certifying the expanded class.")

5. The Court finds that the prerequisites of FED. R. CIV. P. 23(a) and (b)(3) have been satisfied for certification of the Settlement Classes for settlement purposes, and finds that the Settlement Classes are properly certified pursuant to those Rules: Class Members, numbering in the thousands, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to each of the Settlement Classes; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class Members they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Classes with regard to the consolidated claims of the Settlement Classes they represent; the common questions of law and fact predominate over questions affecting only individual Class Members, rendering the Settlement Classes sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Classes is

superior to individual litigation and/or settlement as a method for the fair and efficient resolution of the MDL Class Actions.

In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Classes, based, *inter alia,* upon the Court's familiarity with the claims and parties in these and other cases, the factual record before this Court in connection with its prior class certification orders and the bellwether Massachusetts trial, the facts and proceedings of prior AWP class settlements, the interests of the various constituent groups, and the negotiation process.

6. The record shows that notice has been given to the Settlement Classes in the manner approved by the Court in its Preliminary Approval Order of August 12, 2010 [Docket No. 7225]. The Court finds that such notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the terms of the Agreement and Class Settlements, and Class Members' right to object to or exclude themselves from the Settlement Classes and appear at the settlement fairness hearing held on February 8, 2001 (the "Fairness Hearing"), (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and FED. R. CIV. P. 23.

7. No individuals or entities, other than those listed on Exhibit A hereto (filed under seal), have excluded themselves from the Settlement Classes. This Order shall have no force or effect on the persons or entities listed on Exhibit A hereto.

8. The Court finds that extensive arm's-length negotiations have taken place in good faith between Lead Class Counsel and AstraZeneca's Counsel resulting in the Agreement. Additionally the Court finds that extensive arm's-length negotiations have taken place on behalf

of separate counsel appointed by Lead Class Counsel to represent the interests of Consumer Class Members and TPP Class Members in order to apportion the Settlement Fund between these constituencies and that these arm's length negotiations afforded the structural protection required to ensure adequate representation of these constituencies.

9.   The Court finds that the designated class representatives are appropriate representatives for settlement purposes. The Court finds that each of these representatives, or an agent or member thereof, made a purchase or reimbursement for Zoladex®.

10.   The Court confirms that Zoladex® was the only AstraZeneca drug as to which class claims were certified in the Court's September 26, 2008 Memorandum and Order certifying Non-Massachusetts Classes 2 and 3. The Court did not certify Non-Massachusetts class claims with respect to Pulmicort Respules® or any other AstraZeneca drug.

11.   The Court has considered all of the factors enumerated in FED. R. CIV. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Classes.

12.   Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Class Settlement set forth in the Agreement ("the Class Settlement") and finds that the Class Settlement, the Agreement, and the plan of distribution as set forth in Paragraphs III.C-F of the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Classes.

13.   The Court further approves the establishment of the Settlement Fund as set forth in the Agreement and the Escrow Agreement submitted by the Parties. The Parties are hereby directed to implement and consummate the Class Settlements according to the terms and provisions of the Agreement. In addition, the Parties are authorized to agree to and adopt such

amendments and modifications to the Agreement that (i) are consistent in all material respects with this Final Order and Judgment, and (ii) do not limit the rights of the Settlement Classes.

14. Upon the Effective Date of the Agreement, the Class Releasors (as defined in Paragraph II.F of the Agreement) shall release and forever discharge the AstraZeneca Releasees (as defined in Paragraph II.B of the Agreement) from their respective Released Consumer Class Claims and Released TPP Class Claims (as defined in Paragraphs II.JJ and II.LL of the Agreement).

15. The Court finds that the Escrow Account is a "Qualified Settlement Fund" as defined in section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The Escrow Account is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

(b) The Escrow Account is established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liability arising out of an alleged violation of law; and

(c) The assets of the Escrow Account are segregated from other assets of AstraZeneca, the transferor of payments to the Settlement Fund, and from the assets of persons related to AstraZeneca.

16. Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a) The Escrow Account met the requirements of paragraph 13 of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b) AstraZeneca and the "administrator" under section 1.468B-2(k)(3) of the Treasury Regulations may jointly elect to treat the Escrow Account as coming into existence as a "Qualified Settlement Fund" on the later of the date the Escrow Account met the requirements of paragraphs 13(b) and 13(c) of this Order or January 1 of the calendar year in which all of the requirements of Paragraph 13 of this Order are met. If such relation-back election is made, the assets held by the Escrow Account on such date shall be treated as having been transferred to the Escrow Account on that date.

17. Nothing in this Final Order and Judgment, the Class Settlements, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any of the Released Parties.

18. Class Counsel have moved pursuant to FED. R. CIV. P. 23(h), 54(d) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court awards $27,000,000, which represents 30% of the Settlement Amount, and makes the following findings of fact and conclusions of law:

(a) that the Class Settlement confers substantial benefits on the Members of each of the Settlement Classes;

(b) that the value conferred on the Settlement Classes is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement),

Settlement Class Members who have submitted valid Claim Forms will receive cash payments that represent a significant portion of their alleged financial harms);

(c) that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this highly complex case;

(d) that the Class Settlements were obtained as a direct result of Class Counsel's skillful advocacy;

(e) that the Class Settlements were reached following extensive negotiation between Lead Class Counsel and AstraZeneca's Counsel, and were negotiated in good-faith and in the absence of collusion;

(f) that during the prosecution of the AstraZeneca claims in the MDL Class Actions, Class Counsel incurred expenses at least in the amount of $9,401,741, which included costs for expert witnesses and other expenses which the Court finds to be reasonable and necessary to the representation of the Settlement Classes;

(g) that Settlement Class Members were advised in the Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount of up to 33 1/3% of the Settlement Fund (plus interest thereon from the date of funding of the Settlement Fund) plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, to be paid from the Settlement Fund;

(h) that no Member(s) of the Settlement Classes have submitted written objection(s) to the award of attorneys' fees and expenses;

(i) that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See,*

e.g., *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984);

      (j)    that use of the percentage of the fund method in common fund cases is the prevailing practice in this Circuit for awarding attorneys' fees and permits the Court to focus on a showing that a fund conferring benefit on a class resulted from the lawyers' efforts. *In re Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295 (1st Cir. 1995); and

      (k)    the fee award is within the applicable range of percentage awards in this Circuit; *In re Relafen Antitrust Litig.*, No. 01-12239 (D. Mass. April 9, 2004) [Doc. No. 297]; *Mowbray v. Waste Management Holdings*, No. 98-11534-WGY (D. Mass. Aug. 2, 2001); *In re Copley Pharmaceutical, Inc. Sec. Litig.*, No. 94-11897-WGY (D. Mass. Feb. 8, 1996); *Wilensky v. Digital Equipment Corp.*, No. 94-10752-JLT (D. Mass. July 11, 2001).

      (l)    Accordingly, Class Counsel are hereby awarded twenty-seven million dollars ($27,000,000.00) (or in other words 30% of the Settlement Amount) as their fee and expense award, which the Court finds to be fair and reasonable. This amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement, with interest from August 24, 2010 (the date of the funding of the Settlement Fund) to the date of payment, at the same net interest rate earned by the Settlement Fund. Consumer and TPP Class Members shall pay Class Counsel 30% of the Settlement Amount allocated to each respective group under Section III(E) of the Agreement, and ISHP Group Members shall likewise pay Class Counsel 30% of the Settlement Amount allocated to them under Section III(E) of the Agreement. As a result, Consumer Class Members, TPP Class Members and ISHP Group Members will pay the same 30% towards fees and litigation expenses. The attorneys' fees and expenses awarded

by the Court shall be allocated among Class Counsel by Lead Class Counsel pursuant to the Agreement and shall, upon petition, be reviewed under an abuse of discretion standard.

19. The Class Representatives and other appropriate parties, as identified in the Order Granting Preliminary Approval of the Settlement Agreement and Release of AstraZeneca Related to Non-Massachusetts Classes Two and Three, Directing Notice to the Classes, and Scheduling Fairness Hearing, dated August 12, 2010, are hereby compensated in the following amounts for their time spent on this case. Because the non-Massachusetts Settlement is 87.4% of the total Settlement Amount, 87.4% of these amounts should be taken from the non-Massachusetts Settlement Fund.

| Declarant | Representative Of | Class | Hours Claimed | Compensation |
|---|---|---|---|---|
| Sara A. Walker | Blue Cross Blue Shield of Massachusetts | 2 & 3 | 183 | $7,320.00 |
| Daniel W. Ryan | United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund | 2 & 3 | 115.5 | $4,620.00 |
| Earl Seymour | Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust | 3 | 50.5 | $2,020.00 |
| Glenn Randle | Sheet Metal Workers National Health Fund | 2 | 73.5 (Fund) + 26.5 (TPA) = 100 | $4,000.00 |
| William Einhorn | Teamsters Health & Welfare Fund of Philadelphia and Vicinity | 3 | 127 (from Einhorn GSK Decl., Dkt No. 4509-7) | $5,080.00 |
| Arthur Steinberg | Philadelphia Federation of Teachers Health and Welfare Fund | 3 | 63 + $980.00 in costs | $3,500.00 |
| Charles Hannaford | Pipefitters Local 537 Trust Funds | 3 | 41 (from Hannaford GSK Decl., Dkt No. 4509-10) | $1,640.00 |
| William A. Rhodes, Jr. | Board of Trustees of Carpenters and Millwrights of Houston and Vicinity Welfare Trust Fund | 3 | 65 (from Rhodes GSK Decl., Dkt No. 4509-8) | $2,600.00 |
| Richard Wessels | Successor in interest to Susan Wessels | 3 | 16 | $1,600.00 |
| TOTAL | | | | $32,380.00 |

20.     Without affecting the finality of this Final Order and Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose. AstraZeneca, Class Representatives, and all Settlement Class Members are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

21.     In the event that the Class Settlements do not become effective according to the terms of the Agreement, this Final Order and Judgment shall be rendered null and void as provided by the Agreement, shall be vacated and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

22.     No Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elected to be excluded from one or more of the Classes), shall commence, continue, or prosecute any action or proceeding against any or all

Re eased Party or Parties in any court or tribunal asserting any of the Released Claims defined in the Agreement, and Class Members (other than Class Members who validly and timely elected to be excluded from one or more of the Classes) are hereby permanently enjoined from so proceeding.

23. Pursuant to FED. R. CIV. P. 54(b) this Court expressly finds that there are no remaining claims between Class Plaintiffs and AstraZeneca in the MDL. There are no subsequent proceedings between the Class Plaintiffs and any remaining party in the MDL that will affect the Court's decision with respect to Class Plaintiffs' settlement with AstraZeneca. No party in the MDL will be prejudiced by the immediate entry of this Final Order and Judgment in accordance with the Settlement Agreement. Pursuant to FED. R. CIV. P. 54(b), this Court expressly determines that there is no just cause for delay and expressly directs that this Final Order and Judgment, upon filing in 01-CV-12257-PBS, be deemed as a final judgment with respect to each of the Settlement Classes, and specifically all such Settlement Class Members' Released Claims against all AstraZeneca Releasees.

24. The Released Claims (as defined in Section II.II of the Agreement) are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

25. All private class actions included within *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, No. 01-CV-12257-PBS (D. Mass.) are hereby dismissed with prejudice as against AstraZeneca and without costs to any party; and all of the Master Consolidated Complaint (through and including the Fifth Amended Master Consolidated Class Action Complaint) filed in the above-referenced actions are hereby dismissed with prejudice as against AstraZeneca and without costs to any party.

26.  Class Counsel shall investigate the feasibility of increasing the distribution of settlement funds to Consumer Class Members. In addition, Class Counsel are authorized to issue a second round of direct mail notice to the previously-identified Consumer Class Members (using the previously approved form amended to demonstrate clearly the simplicity of what is required to receive the $400.00 Easy Refund), and shall do so as soon as practicable but in no event no later than February 28, 2011. Class Counsel shall file a report (and, if appropriate, any recommendation) with the Court on or before February 28, 2011 providing a status on matters under this paragraph. Class Counsel's completion of these matters shall not otherwise affect the finality of this Order and Judgment.

DATED:  2/22/2011

Hon. Patti B. Saris