UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| BMS SETTLEMENT, TRACK TWO SETTLEMENT, AND ASTRAZENECA CLASS 2 AND 3 SETTLEMENT | Judge Patti B. Saris |

**CLASS PLAINTIFF'S FOURTH STATUS REPORT FOR BMS, TRACK TWO AND ASTRAZENECA SETTLEMENTS**

**A.   Background**

On November 30, 2010, the Court issued an Order for Final Consideration of the BMS Settlement (Docket No. 7313) and an Order for Final Consideration of the Track Two Settlement (Docket No. 7314) (collectively, the "November Orders"). The November Orders directed Class Counsel to provide monthly status reports "detailing the progress" of the BMS and Track 2 Settlements. This is the fourth such report. In addition, at the final approval hearing related to the AstraZeneca Class 2 and 3 Settlement on February 8, 2011, Class Counsel indicated that they would report to the Court on the progress of additional efforts to increase consumer participation in that settlement. That report is included here.

**B.   BMS Proposed Settlement**

Utilizing data produced in December 2010 by CMS, Rust Consulting, Inc. ("Rust"), the Court-appointed claims administrator, identified by name 695,910 individuals who are potential members of Class 1 in the BMS Proposed Settlement because they were administered a BMS

eligible drug during the class period.  In compliance with the Court-approved BMS settlement schedule, direct notice was mailed to each individual identified in the CMS data.  That mailing was completed on December 30, 2010.  Recipients of the initial mailing had until January 31, 2011 to postmark the return card that accompanied the initial mailing.

Rust received approximately 16,500 return notice cards.  On a rolling basis, Rust, in accordance with the Court's schedule, mailed each individual who returned a reply card the full notice with their pre-printed claim information obtained from CMS data.  If recipients do not have changes to the pre-printed information provided, they need not return the notice, and their claim will be calculated using that information.

The deadline for objections, requests for exclusions and claim filing is February 28, 2011.  As of the filing of this report, Rust has received requests for exclusion from two consumers and twelve TPPs.  Other than the filing by Attorney Don Haviland on February 6, 2010 [Docket No 6918] seeking to enforce a prior memorandum of understanding between the Class and BMS, no other objections have been received by the claims administrator or Class Counsel.  In accordance with the Court's order of March 11, 2010 [Docket No. 6938], Class Counsel will address attorney Haviland's objection in their supporting papers, to be filed on March 14, 2011.  A final approval hearing is scheduled for March 28, 2011.

    C.    Track Two Proposed Settlement

On December 31, 2010, Class Plaintiffs filed a Status Report Regarding the Track Two Settlement.  Docket No. 7367.  In that report, Class Plaintiffs outlined for the Court's consideration the expense associated with direct mail notice to all 19.3 million individuals identified in CMS data as potential Class 1 members in the Track Two Settlement.  Class Counsel also provided the Court with information on potential alternatives to the original direct

mail notice plan and the expense associated with each. On January 7, 2011, in response to a motion for reconsideration of the Court's January 4, 2011 Order filed by TPP Allocation Counsel and the ISHPs (Docket No. 7379), the Court directed Class Counsel to proceed with the Alternative 3 notice and publication plan identified in Class Counsels' December 31, 2010 report. That alternative program consists of direct mail notice to 2.2 million individuals identified in the CMS data as having Class A drug administrations and a national media notice program directed at Class 1 members with Class B drug administrations.

On February 1, 2011, Class Counsel submitted a revised notice program in accordance with the Court's instructions to proceed with the Alternative 3 notice and publication plan. On February 9, 2011, the Court approved the revised notice program and schedule. In accordance with that schedule, on or before February 12, 2011, Rust mailed an initial notice to each of the approximately 2.2 million consumers identified in the CMS data. These consumers have until March 30, 2011 to return the reply card indicating they made cash or percentage co-payments. Each of the consumers responding will then be mailed a full notice with their pre-printed claim information. In addition, national media is scheduled to begin on April 4, 2011 to reach those consumers who will not receive direct mail notice. Neither Rust nor Class Counsel anticipate any delay in completing the notice process in accordance with the Court's approved schedule. A final approval hearing is scheduled for June 13, 2011.

### D.  AstraZeneca Class 2/3 Approved Settlement

The final hearing on the AstraZeneca Class 2 and Class 3 Proposed Settlements (both Massachusetts and non-Massachusetts) took place on February 8, 2011. In accordance with discussions with the Court during that hearing, counsel submitted revised proposed orders in

each of the Massachusetts and National AstraZeneca Class 2 and 3 Settlements [Docket No. 7412 and 7413 respectively]. The Court endorsed those orders on February 22, 2011.

Following discussions with the Court about increasing consumer participation in the AstraZeneca Class 2 and 3 Settlement, and in accordance with paragraph 25 of each of the final approval orders, on February 28, 2011 Rust mailed a reminder letter to each of the approximately 65,000 consumers who did not respond to previous direct mail notices. A copy of the letter sent to each is attached hereto as Exhibit A. The letter provides 30 days for consumers to respond and, in accordance with the direction provided by the Court, emphasizes the ease with which consumer class members can claim the $400 minimum payment. Class counsel will update the Court on the success of these efforts in its next scheduled status report related to AWP settlements.

**E.   The Next Status Report**

Pursuant to the November Orders, Class Counsel will submit its next regularly-scheduled Status Report on April 1, 2011.

DATED: February 28, 2011              By    /s/ **Steve W. Berman**
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shaprio LLP
1629 K St. NW, Suite 300
Washington, DC 20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

- 5 -

- 6 -

**CERTIFICATE OF SERVICE**

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **CLASS PLAINTIFF'S THIRD STATUS REPORT FOR BMS, TRACK TWO AND ASTRAZENECA SETTLEMENTS**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 28, 2011, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                                                                  **/s/ Steve W. Berman**
                                                                                                  Steve W. Berman