UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris |

### NAMED CONSUMER PLAINTIFF, REV. DAVID AARONSON'S, OBJECTION TO THE PROPOSED SETTLEMENT WITH DEFENDANT BRISTOL-MYERS SQUIBB

Named Consumer Plaintiff, Rev. David Aaronson, individually and on behalf of the Estate of Susan Ruth Aaronson, by and through his undersigned counsel, hereby objects to the proposed settlement with Defendant Bristol-Myers Squibb ("BMS") for the following reasons:

1. Rev. David Aaronson is the Court-appointed named class representative for the Class 1 Consumer Sub-Class of Medicare beneficiaries who purchased drugs manufactured and sold by BMS[1].

2. The MDL Class Plaintiffs have not yet formally sought approval of the Class 1 Settlement; therefore, it is premature for any Class 1 member to take a position. *See* Corrected Class Plaintiffs' Memorandum of Law in Support of Joint Motion for Final Approval of Class 2 and Class 3 Components of BMS Settlement, filed on November 19, 2010 (Docket No. 7308). While Rev. Aaronson has lodged objections to the Settlement process and the eventual

---

[1] Contrary to Mrs. Agnes Swayze's statement in her Affidavit, Rev. David Aaronson did not withdraw as the Class representative. *See* Affidavit of Agnes Swayze, filed on February 14, 2011 (Docket No. 7427). Indeed, Rev. Aaronson was the lone Class 1 representative for the GlaxoSmithKline Settlement.

Settlement reached, which are of record, it is not known whether Class Counsel have resolved those objections in the context of the current BMS Settlement.

3. Among the objections raised by Rev. Aaronson, the most prominent is the decision to divert $8,630,000 in settlement funds that were negotiated solely for the benefit of the Class 1 consumers and which could not, under any circumstances, be utilized to pay the claims of Classes II and III (respecting third-party payors), from the consumers to the TPPs. To be clear, the parties entered into a Memorandum of Understanding ("MOU") that allowed for a total settlement of $13 million to settle the Class 1 claims, and only the Class 1 claims. The MOU contained all the necessary material terms to constitute a valid and binding settlement agreement including, but not limited to, the amount of settlement and the terms of the release. However, following the District Court's invitation for Class Counsel to move for a preliminary approval of the settlement, Class Counsel instead chose to negotiate an entirely new settlement, with the aid of a mediator, that now included the claims of Classes 2 and 3. *See* Docket No. 6349 at pp.1-2. This new settlement yielded an overall settlement of $19 million, but that amount is now shared amongst the three classes. Class Counsel's allocation of the settlement fund results in Class 1 only being entitled to $4,370,000 of the settlement proceeds, instead of the full $13 million that was originally negotiated and agreed to by the parties. *See* Motion to Enforce Settlement with BMS, filed on February 16, 2010 (Docket No. 6917) and Memorandum in Support of Motion to Enforce Settlement with BMS, also filed on February 16, 2010 (Docket No. 6918).

4. Rev. Aaronson reserves the right to object in more detail to the proposed BMS settlement once it is proffered for approval, and hereby gives notice of his intent to appear through counsel at the fairness hearing to ensure that his interests are adequately protected.

WHEREFORE, for the reasons known to Named Consumer Plaintiff Rev. David

Aaronson, as stated above, Rev. Aaronson hereby objects to the proposed BMS Settlement.

Dated:   2/28/11                                                          Respectfully submitted,

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
Robert G. Hughes, Esquire
Michael J. Lorusso, Esquire
**HAVILAND HUGHES, L.L.C.**
111 S. Independence Mall East,
The Bourse, Suite 1000
Philadelphia, PA 19106
Telephone: (215) 609-4661
Facsimile:  (215) 392-4400