# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>BMS SETTLEMENT | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

## DECLARATION OF STEVE W. BERMAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF BMS SETTLEMENT

I, Steve W. Berman, declare and state as follows:

1. I am a partner at the law firm of Hagens Berman Sobol Shapiro LLP; my firm served as Co-Lead Counsel in the above-captioned case. I submit this Declaration in Support of the Motion for Final Approval of the BMS Settlement. The matters stated herein are true to the best of my personal knowledge and, if called upon to testify thereto, I would and competently do so.

2. The settlement negotiations with BMS were long and contentious and spanned over a year. Shortly before the Class 1 trial against BMS was scheduled to commence on June 23, 2007, the parties agreed to a Memorandum of Understanding (the "MOU") providing for BMS to pay $13,000,000 to Class 1, plus one-half of the cost of notice up to $1,000,000. The MOU did not contain any terms for the distribution of the $13,000,000 to Class 1 members, leaving a distribution formula for later agreement.

3. As the Court is aware, in attempting to translate the MOU into a full settlement agreement, we had a dispute with BMS over whether BMS could influence the distribution process. We sought Court intervention, and the Court issued its September 29, 2008 Electronic order entered re: Motion to Preliminarily Approve Proposed Plan of Distribution for BMS Class 1 Settlement. In that order, the Court rejected BMS's argument that it had a right to veto a proposed distribution plan, but the Court also ruled that "BMS raises several interesting *questions about the fairness of the plan*. Plaintiffs shall move for a preliminary approval of the plan, and the Court will hold a hearing where the issues will be vetted. ***The Court will decide on the appropriate distribution plan***." (Emphasis added.) Class Counsel interpreted the order as a directive to reconsider the distribution plan that we originally recommended. We were also mindful of the Court's July 3, 2007 ruling – issued after the MOU was agreed to – that Dr.

- 2 -

Hartman's 30 percent "speed limit" applied to the claims of Class 1, in addition to the Class 2 and 3 claims.

4.  We returned to mediation efforts with Professor Green and were ultimately successful in obtaining an increase in the settlement amount to $19,000,000, which would cover all three classes. Throughout this entire process, the parties exchanged information and debated the other's evidence and interpretations. Both sides made detailed presentations to Eric Green and presented extensive analysis and conclusions of experts, and noted their positions on legal theories, evidence and possible damages. The negotiations were conducted at arms' length.

5.  Attached as Exhibit A is a true and correct copy of the June 6, 2007 hearing transcript.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of March, 2011 in Seattle, Washington.

                                    **/s/ Steve W. Berman**
                                         Steve W. Berman

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, Declaration of Steve W. Berman In Support of Motion For Final Approval of BMS Settlement, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on March 14, 2011, a copy to LEXISNexis File & Serve for posting and notification to all parties.

          **/s/ Steve W. Berman**
          Steve W. Berman

- 3 -