UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>BMS SETTLEMENT | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

### DECLARATION OF JEFFREY S. GOLDENBERG

I, Jeffrey S. Goldenberg, under penalty of perjury pursuant to 28 U.S.C. 1746, declare as follows:

1. I state the following based upon my personal knowledge.

2. I am an attorney licensed to practice by the State of Ohio since 1994. I am presently, and have been since 1994, in good standing with the Supreme Court of Ohio. I am partner at Goldenberg Schneider, LPA in Cincinnati Ohio.

3. I have over fifteen years of experience in complex civil and class action litigation representing plaintiffs, including several cases that resulted in nationwide class action settlements.

4. In May 2009, I was asked by Sean Matt of Hagens Berman Sobol Shapiro LLP to serve as allocation counsel representing the interests of the consumers who would be covered by the BMS AWP Settlement in the litigation titled *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civ. No. 01-CV-12257-PBS. Wells G. Wilkinson, Director of the Prescription Access Litigation Project, also served as allocation counsel representing the

interests of the consumers. This declaration refers to both Mr. Wilkinson and myself as "Consumer Allocation Counsel."

5. Geoffrey M. Horn of Lowey Dannenberg Cohen & Hart in White Plains New York served as allocation counsel representing the interests of the third-party payors ("TPPs").

6. It is my understanding that the BMS AWP settlement includes the following terms:

   a. Certification of classes of consumers and TPPs nationwide who made reimbursements (TPPs) or co-payments (consumers) based on AWP for the following seven BMS chemotherapy drugs: Blenoxane, Cytoxan, Etopophos, Paraplatin, Rubex, Taxol and Vepesid.

   b. Class period of January 1, 1991 through December 31, 2004.

   c. Creation of a $19,000,000 common fund for the payment of valid claims, to cover the cost of notice and administration of the settlement, and attorneys' fees.

   d. In addition to the $19,000,000 common fund, BMS will pay one-half of the reasonable costs of notice to the classes up to a maximum payment of $1,000,000.

7. The allocation mediation took place in Boston, Massachusetts on June 22, 2009 at the offices of the Eric D. Green, Resolutions LLC, 222 Berkeley Street, Suite 1060, Boston, Massachusetts 02116. Mr. Green served as the mediator.

8. All mediation participants agreed to base the allocation of the settlement dollars upon Dr. Hartman's calculated damage scenarios for the BMS drugs at issue.

{00026708; 1}

9. During the mediation, Consumer Allocation Counsel vigorously represented the interests of the consumers and successfully established early in the mediation process that the sympathetic, sick consumers were one of the primary forces behind the success of this litigation. We contended that but for the involvement of these consumers, the terms of the settlement at issue would not have been as generous.

10. It has always been Consumer Allocation Counsel's position that settlement proceeds allocated to consumers but unclaimed by consumers, if any, should not be used to satisfy the claims of TPP class members and should not be permitted to "spillover" from consumers to TPPs. I understand that this principle was incorporated into the Settlement.

11. To maximize the settlement dollars allocated to consumers through the settlement process and encourage a higher volume of consumer claims, we obtained a treble co-payment damages provision in the distribution formula for certain BMS drugs. Again, it is my understanding that this principle has been incorporated into the Settlement and claim process

12. Attached as Exhibit A is the final allocation percentage agreement reached at the allocation mediation.

13. I have discussed the results of the claims process with Class Counsel and understand that all of the funds allocated to consumers will be distributed to consumers, as Consumer Allocation Counsel intended. In fact I understand from Class Counsel that by reason of the fact that data was obtained from the Centers for Medicare and Medicaid Services ("CMS") related to co-insurance payments made by members of Class1 for the BMS drugs at issue, consumer claims,

{00026708; 1}

utilizing total out-of-pocket expenditures as a measure of claims, exceed the amount of net consumer funds available to distribute after the consumers' share of administration costs and attorneys' fees are taken into consideration.

14. I also understand that, based on calculations of actual damages done by Dr. Hartman for each drug, in accordance with the decision of the Court as to the appropriate method of calculating damages, consumers in the BMS settlement will still receive a significant percentage of their actual damages and that some will receive a payment covering all or more of their actual damages.

15. As counsel representing the interests of consumers, I am of the opinion that this is an excellent result for consumers and that the Settlement is fair, reasonable and adequate.

So declared this 11th day of March, 2011, Cincinnati, Ohio.

_____
Jeffrey S. Goldenberg

# Exhibit A

## BMS AWP Settlement Allocation Mediation

### June 22, 2009

### Agreement in Principle

Allocation counsel for consumers and allocation counsel for the TPP's have agreed in principle to allocate the BMS AWP settlement amount as follows:

Consumers   23%
TPPs        77%

Plaintiffs shall split equally their share of costs of notice.

_____
Consumer Allocation Counsel

Jeff Goldenberg

Wells G Wilkinson

_____
TPP Allocation Counsel

Geoffrey M. Horn

**CERTIFICATE OF SERVICE**

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on March 14, 2011, a copy to LEXISNexis File & Serve for posting and notification to all parties.

                                            **/s/ Steve W. Berman**
                                            Steve W. Berman