UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**CLASS COUNSEL'S OBJECTIONS TO UNAUTHORIZED NOTICES TO
ATTEND MARCH 28, 2011 BMS FAIRNESS HEARING SERVED BY
DON HAVILAND ON AGNES SWAYZE, WELLS WILKINSON,
ERIC MILLER, JEFFREY GOLDENBERG AND SEAN MATT**

# TABLE OF CONTENTS

**Page**

I.      BACKGROUND ................................................................................................1

II.     GENERAL OBJECTIONS .............................................................................2

III.    NOTICE-SPECIFIC OBJECTIONS ...............................................................8

      A.      Agnes Swayze ("Swayze Notice") [Dkt No. 7461] ................................8

      B.      Wells Wilkinson Notice ("Wilkinson Notice") [Dkt No. 7462]............................10

      C.      Eric Miller Notice ("Miller Notice") [Dkt No. 7463]...........................................11

      D.      Jeffrey Goldenberg Notice ("Goldenberg Notice") [Dkt No. 7464].....................12

      E.      Sean Matt Notice ("Matt Notice") [Dkt No. 7466]................................................13

001534-16  431978 V1

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*,
244 F.3d 189 (1st Cir. 2001) ...................................................................11

*Cavallaro v. United States*,
284 F.3d 236 (1st Cir. 2002) .............................................................11, 12

*Duhaime v. John Hancock Mut. Life Ins. Co.*,
183 F.3d 1 (1st Cir. 1999) .......................................................................4

*Dunkin' Donuts, Inc. v. Mandorico, Inc.*,
181 F.R.D. 208 (D.P.R. 1998) ................................................................13

*Epstein v. Wittig*,
2005 U.S. Dist. LEXIS 31078 (D. Kan. Dec. 2, 2005) .............................4

*Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*,
333 F.3d 38 (1st Cir. 2003) ...............................................................10, 11

*Hemphill v. San Diego Ass'n of Realtors, Inc.*,
225 F.R.D. 616 (S.D. Cal. 2004) .......................................................4, 5, 9

*Horton v. USAA Casualty Ins.*,
2009 WL 2372187 (D. Ariz. Aug. 3, 2009) .............................................4

*In re Bridgeport Fire Litig.*,
Opinion, CCP Master File No. 05-20924 (Feb. 27, 2009), Dkt No. 5984-5 ........................6, 7

*In re Lorazepam & Clorazepate Antitrust Litig.*,
205 F.R.D. 24 (D.D.C. 2001) .................................................................4

*In re Lupron Mktg. & Sales Practices Litig.*,
2005 U.S. Dist. LEXIS 4039 (D. Mass. Mar. 16, 2005) ................................. *passim*

*In re Prudential Insurance Co. of Am. Sales Practices Litig.*,
962 F. Supp. 450 (D.N.J. 1997) ..............................................................5

*Jaffe v. Morgan Stanley & Co.*,
2008 U.S. Dist. LEXIS 12208 (N.D. Cal. Feb. 7, 2008) .......................4, 9

*Shelton v. American Motors Co.*,
805 F.2d 1323 (8th Cir. 1986) ...............................................................13

- ii -

*United States v. AT&T,*
  642 F.2d 1285 (D.C. Cir. 1980) ............................................................................12

*Vaughn v. American Honda Motor Co.,*
  2007 U.S. Dist. LEXIS 55493 (E.D. Tex. July 31, 2007).........................................5

## OTHER AUTHORITIES

Fed. R. Civ. P. 45(2)(B) ..........................................................................................11

MANUAL FOR COMPLEX LITIGATION § 21.643 .................................................... *passim*

001534-16  431978 V1

Class Counsel object to the March 17, 2011 Notices to Attend ("Notices") served by Don Haviland on class representative Agnes Swayze, lawyers Wells Wilkinson, Jeffrey Goldenberg and Sean Matt, and Claims Administrator employee Eric Miller, purporting to *require* the recipients of those Notices to appear at the March 28, 2011 hearing on final approval of Class Plaintiffs' settlement with BMS ("BMS Fairness Hearing").  For the reasons set forth below, absent Court order, the Notice recipients addressed in these Objections will not appear at the BMS Fairness Hearing.[1]

## I.      BACKGROUND

1.      On March 17, 2011, Don Haviland served without court order and without the authority of any rule of civil procedure "Notices to Attend" the BMS Fairness Hearing on six people, all of whom had some role in the BMS settlement:  Agnes Swayze, the Class 1 representative; Wells Wilkinson and Jeffrey Goldenberg, consumer allocation counsel; Eric Miller, a representative from Rust Consulting, the Claims Administrator; Sean Matt, a member of the Co-Lead Counsel team, and Zenola Harper, a former attorney for BMS.  ***Haviland sent the Notice to Ms. Swayze, an elderly woman represented by counsel suffering from cancer, to her home address.***  All Notices contained the following language:

> If you fail to appear and/or produce the documents or things required by this notice to attend and produce, ***you may be subject to the sanctions authorized by the Federal Rules of Civil Procedure.***

(Emphasis added.)

2.      Contrary to their plain language, Haviland's Notices were not authorized by the Federal Rules of Civil Procedure – nor did Haviland seek leave from the Court to issue them.

---

[1] Class Counsel do not address the Notice directed to BMS' former in-house attorney, Zenola Harper [Dkt No. 7465].

And the Notices far exceed the limited amount of discovery the MANUAL FOR COMPLEX LITIGATION ("MANUAL") authorizes objectors to seek.  *See id.* § 21.643 ("Discovery should be minimal and conditioned upon a showing of need, because it will delay settlement, introduce uncertainty, and might be undertaken primarily to justify an award of attorney fees to the objector's counsel.").  Because such discovery is often, as here, used by objectors to further their own ends, scores of federal courts have routinely cited this language to circumscribe discovery sought by an objector.

3.       Prior to issuing his unauthorized Notices, Haviland did not – because he cannot -- make a showing of need for the discovery sought by them.  Instead, the Notices were clearly designed to harass and intimidate anyone connected to the BMS settlement.  Haviland has already sought to depose another Class 1 representative and served subpoenas duces tecum on PAL and its affiliated organizations in connection with the Track 2 settlement.  He was also prohibited from seeking similar discovery, including from Class Counsel, in the *Lupron* litigation.  And yet another court has denied Haviland such discovery "to prove a self-created theory that the Settlement Agreement was a product of collusion, a theory that has absolutely no basis in fact."  As explained more fully below, the same result should occur here.

## II.       GENERAL OBJECTIONS

4.       Class Counsel object to the Notices because Susan Aaronson, as an objector to the BMS Settlement, and Don Haviland, who has been disqualified as Class Counsel, lack authority to issue Notices in this case without, at a minimum, first seeking leave to do so.

5.       Class Counsel object to the Notices because they are deceptive and misleading, in that they give the appearance that their issuance has been sanctioned by the Court.  Specifically, the Notices:  (1) direct that the recipients appear at the BMS Fairness Hearing and "remain until excused;" (2) direct that the recipients contact Haviland to arrange for testimony by telephone if

- 2 -

they are unable to appear in person; (3) command certain recipients to bring documents to the

hearing; (4) attach in some cases "exhibits" that bear no reasonable relationship to the request to

appear; and (5) state that if the recipients "fail to appear and/or produce the documents or things

required by this notice to attend and produce," they "may be subject to the sanctions authorized

by the Federal Rules of Civil Procedure."

      6.      Class Counsel object to the Notices because the discovery sought by those

Notices will not assist the Court in evaluating the fairness of the BMS Settlement.  The MANUAL

FOR COMPLEX LITIGATION explains that:

> Objectors might seek intervention and discovery to demonstrate
> the inadequacy of the settlement.  ***Discovery should be minimal
> and conditioned upon a showing of need, because it will delay
> settlement, introduce uncertainty, and might be undertaken
> primarily to justify an award of attorney fees to the objector's
> counsel.***  A court should monitor postsettlement discovery by
> objectors and limit it to providing objectors with information
> central to the fairness of the proposed settlement.  A court should
> not allow discovery into the settlement negotiation process unless
> the objector makes a preliminary showing of collusion or other
> improper behavior

*Id*. § 21.643 (4th ed. 2009) (emphasis added).

      "Class members who object to a class action settlement do not have an absolute right to

discovery; the Court may, in its discretion, limit the discovery or presentation of evidence to that

which may assist it in determining the fairness and adequacy of the settlement."  *In re Lupron*

*Mktg. & Sales Practices Litig.*, 2005 U.S. Dist. LEXIS 4039, at *6 (D. Mass. Mar. 16, 2005)

(Stearns, J.) (citation omitted).  "The fundamental question is whether the district judge has

sufficient facts before [her] to intelligently approve or disapprove of the settlement."  *Id*. (citation

omitted).

      For these reasons, the vast majority of courts have prohibited class action objectors from

seeking broad and expansive discovery such as the discovery Haviland seeks here.  *See*, *e.g.*,

*Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1 (1st Cir. 1999) (denying objector right to seek discovery from fellow objector who entered into settlement with class counsel after final approval and while appeal of final approval was pending); *Horton v. USAA Casualty Ins.*, 2009 WL 2372187, at *1 (D. Ariz. Aug. 3, 2009) ("Class members who object to a class action settlement do not have an absolute right to discovery; the Court may, in its discretion, limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement.") (internal citations omitted); *Jaffe v. Morgan Stanley & Co.*, 2008 U.S. Dist. LEXIS 12208, at *5-8 (N.D. Cal. Feb. 7, 2008) (denying objector's request for documents and request to depose class representative); *Epstein v. Wittig*, 2005 U.S. Dist. LEXIS 31078 (D. Kan. Dec. 2, 2005) (denying objector's request to conduct deposition of plaintiff's lead counsel, board members of the class representative, and denying objector's request for production of documents supporting plaintiffs' decision to grant settlement release); *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616 (S.D. Cal. 2004) (denying objectors' request for "wide-ranging discovery" from class counsel and defendants); *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 24 (D.D.C. 2001) (largely rejecting objectors' request for discovery relating to damages analyses and settlement negotiations by Class Counsel, but allowing objectors limited discovery seeking the identity of persons who participated in settlement negotiations).

In general, the factors that courts consider in determining whether discovery from an objector will assist the court in evaluating the fairness of a settlement are:

> 1) Whether there has already been substantial discovery in the case that can assist the court in determining the fairness of the settlement and whether objectors had access to any discovery taken in the case or to information regarding the terms of the proposed settlement. *See Lupron*, 2005 U.S. Dist. LEXIS 4039, at *6-7 (citations omitted); *Hemphill*, 225 F.R.D. at 620 (citations omitted); *Lorazepam*, 205 F.R.D. at 27.

- 4 -

2)      Whether there is a reasonable basis for the discovery requested.  *See Lupron*, 2005 U.S. Dist. LEXIS 4039, at *6-7 (citations omitted); *Hemphill*, 225 F.R.D. at 620 (citations omitted).

3)      Whether objectors represent a large and potentially discrete group whose interests were not accommodated in the settlement.  *See Vaughn v. American Honda Motor Co.*, 2007 U.S. Dist. LEXIS 55493, at *6  (E.D. Tex. July 31, 2007) (denying discovery sought by objectors because "[t]his case does not involve numerous groups of objectors and Objectors are capable of making their arguments regarding the fairness of the settlement without taking additional discovery"); *Lupron,* 2005 U.S. Dist. LEXIS 4039, at *6-7 (citations omitted); *Hemphill*, 225 F.R.D. at 620 (holding that "where the objectors represent only a small percentage of the class, the likelihood of the court granting their discovery requests decreases because the court will give great weight to the interests of the majority of the class members") (citations omitted).

All of these factors weigh heavily against the discovery sought by the Notices.  First, there has already been substantial discovery in this case.  And Haviland, who has been involved in this case for years and once sought to be Co-Lead Counsel, has had access to all of that discovery.  Second, there is no reasonable basis for the discovery requested, as this Court is fully capable of hearing Haviland's objections to the BMS Settlement without converting the BMS Fairness Hearing into an evidentiary sideshow.  *See In re Prudential Insurance Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 563 (D.N.J. 1997) (objectors have no absolute right to present and cross examine witnesses at a fairness hearing).  Third, Haviland's client, Susan Aaronson, does not represent a large group of objectors.  Rather, throughout this litigation, Haviland has used her as his mouthpiece in his quest to displace Class Counsel.  *Cf.* Dkt No. 4972, at 9-10 ("Mr. Haviland filed declarations from his clients, proposed consumer representatives, threatening to withdraw if Haviland were not appointed as class counsel. . . . As I explained at the August 27 and the September 11 hearings, I interpreted these declarations as threats to take his toys and go home if the court declined his request.  Mr. Haviland intended to coerce the Court into appointing him as Co-Lead Class Counsel or risk losing class representatives in a class action involving the sick and elderly.").

- 5 -

7.      Class Counsel object to the Notices as groundless and issued, as Mr. Haviland has done over and over again, solely for the purpose of harassment.  This is the second time Haviland has attempted to harass Class 1 Class members, Class Counsel and anyone else connected to or affiliated with Class Counsel.  As part of the Track 2 settlement, Haviland similarly attempted to notice the depositions of Class 1 representative Muriel Tonacchio (Dkt No. 5981-2) and subpoena documents from non-profit organizations Prescription Access Litigation ("PAL"), Community Catalyst and Health Care for All ("HCFA").  Dkt Nos. 5984-1-4.  Haviland sought to depose Ms. Tonacchio in order to "test" her adequacy as a class representative and sought documents from PAL, Community Catalyst and HCFA in order to seek "evidence" for his conspiracy theory that Co-Lead Counsel filed cases in this action on behalf of PAL, Community Catalyst and HCFA solely to secure *cy pres* funds for them.

Similarly, in *Lupron*, Haviland's clients, who had been granted leave to intervene in the MDL, served interrogatories and document requests on the MDL parties and various health plans.  They also noticed the depositions of and/or served subpoenas for appearance at deposition on ten individuals and entities, including the MDL class representatives and counsel for the MDL parties.  *In re Lupron*, 2005 U.S. Dist. LEXIS 4039, at *4-5.  Because the court found that Haviland's clients had offered no "evidence" of collusion (*id*. at *9) in the settlement negotiations, the court quashed those subpoenas and entered a protective order on the written discovery.  In so holding, the court found that "Intervenors have failed to seek leave of court or to specify why these depositions are necessary to the court's adjudication of the fairness of the settlement."  *Id*. at *11.

Likewise, in the *In re Bridgeport Fire Litigation*, pending before Judge Steven T. O'Neill in the Court of Common Pleas of Montgomery County, Pennsylvania, Haviland likewise

- 6 -

attempted to serve subpoenas on parties to the litigation, as well as the personal counsel for one

of the defendants in the case, in the middle of trial.  *See* Opinion, CCP Master File No. 05-20924

(Feb. 27, 2009), Dkt No. 5984-5, at 19.  The court quashed those subpoenas for three reasons.

First, the court held that it was improper to serve subpoenas on parties to the litigation.  Second,

the court held that the subpoenas were improper because Haviland was not class counsel and

represented Appellants "in a personal capacity only."  *Id.*  Third, the court held that the

subpoenas were improper because they sought details regarding settlement negotiations and the

drafting of the settlement agreement in the case.  *Id.*  The court found that:

> Mr. Haviland appears to have been trying to seek this information
> in support of a 'wild goose chase' to prove a self-created theory
> that the Settlement Agreement was a product of collusion, a theory
> that has absolutely no basis in fact.  Mr. Haviland had no
> independent basis to support such an outrageous and manufactured
> allegation.

*Id.* at 19-20.  The court therefore concluded that:

> In this instance, the subpoenas Mr. Haviland sought to issue
> represented yet another example of his improper interference in the
> class action proceedings.  He had no right or basis to demand
> documents from the various parties and non-parties.  Mr. Haviland
> has continuously operated to delay and disrupt these proceedings
> and aggravate his former employer law firm.  This Court properly
> denied the subpoenas that were designed to achieve such improper
> purposes.

*Id.* at 20.  For these same reasons, the Notices here are improper.

8.    Class Counsel object to the Notices to the extent that they seek documents or

testimony protected by the attorney-client privilege or the work product doctrine, or are

confidential settlement communications protected under Fed. R. Evid. 408.

9.    Class Counsel object to the Notices as burdensome and oppressive to the extent

that they command individuals to travel to testify a mere eleven days before the BMS Fairness

Hearing.

- 7 -

## III.    NOTICE-SPECIFIC OBJECTIONS

**A.    Agnes Swayze ("Swayze Notice")** [Dkt No. 7461]

10.    Class Counsel object to the Swayze Notice because it was served on Ms. Swayze at her home address, *even though Haviland knows that she is represented by Class Counsel.  See*, *e.g.*, Mass. Rules of Prof. Conduct 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.").  Class Counsel also object to Haviland's direction that Ms. Swayze "*kindly contact the undersigned to make arrangements to have your testimony taken via telephone*" if Ms. Swayze is unable to attend the hearing.  *Id.* ¶ 2.  The Swayze Notice thus not only improperly communicates with someone represented by counsel, but solicits *further* communications with Ms. Swayze without advising her that one of her attorneys should be present during any such communications.  *Haviland's service of the Notice at the home of an elderly cancer patient who Haviland knows to be represented by Class Counsel is outrageous, was crafted to intimidate Mrs. Swayze, demonstrates that Haviland's quest to harass knows no bounds, and is deserving of the Court's decisive admonition and sanction*.  Haviland's communicating directly with Mrs. Swayze is all the more inappropriate considering that Haviland has, since he was disqualified, continually refused to allow Class Counsel to contact their own named plaintiffs whom he claims to personally represent.  *See* Dkt No. 7064 ¶ 8.

11.    Class Counsel object to Haviland's apparent attempt to "test" the adequacy of Ms. Swayze as a Class 1 representative.  As with Haviland's prior attempts to "test" the adequacy of Class 1 representatives,[2] Haviland's efforts are a transparent attempt to displace the current Class 1 representatives with his own clients – *who have claims that this Court has*

---

[2] *See* Parag. 7.

*already found to post-date the litigation class time period* – and to displace Class Counsel as a

representative for "consumers."  Federal courts have routinely rejected such efforts to "test" the

adequacy of a class representative.  In *Hemphill*, the court rejected a similar request in litigation

that had likewise been pending for seven years.  In so holding, it explained:

> Movants seek discovery of a wide variety of information, including depositions of Class Counsel, [class representative], and even a paralegal employed by [Class Counsel] in order to 'test' the adequacy of Class Counsel and [the class representative].  The central premise underlying Movants' asserted need for this discovery is once again that Class Counsel acted collusively, in derogation of the interests of the class, during settlement negotiations . . . .
>
> As the Court has already found, Movants have not adduced evidence from other sources indicating that the settlement is collusive.  As a result, their central premise for this discovery fails. . . .
>
> Discovery of such information . . . is neither necessary for a determination of whether Class Counsel are adequate nor is it necessary to provide the District Judge with information sufficient to determine whether the settlement is fair, reasonable and adequate to the class.

225 F.R.D. at 622-23.  The Court further explained that seeking discovery to challenge a class

representative's adequacy was likewise inappropriate.  It held that:

> Movants challenge [the class representative's] adequacy, the Court notes that there is nothing in the record demonstrating that he fails to satisfy the test for adequacy of representation by a class representative; namely, that he be part of the class he seeks to represent and suffer the same injury as the class members.  Indeed, the District Judge has previously found that [the class representative] has and will fully and adequately represent the absent members of the class.

225 F.R.D. at 623 n.5 (internal citations omitted).  *See also Jaffe*, 2008 U.S. Dist. LEXIS 12208,

at *7-8 (rejecting objector's request to depose class representative).

- 9 -

12.     Class Counsel object to the Swayze Notice to the extent it seeks documents or communications protected by the attorney-client privilege or the work product doctrine.  Because Haviland has been disqualified as Class Counsel, he lacks the authority to seek "evidence" from privileged communications.

**B.     Wells Wilkinson Notice ("Wilkinson Notice")** [Dkt No. 7462]

13.     Class Counsel object to the Wilkinson Notice because Mr. Wilkinson, the Director of PAL and consumer allocation counsel in the BMS settlement, is not a party to this litigation and therefore cannot be compelled to appear at the BMS fairness hearing without a subpoena.

14.     Class Counsel object to the Notice on the grounds that it seeks confidential settlement communications protected by the agreement entered into between the parties with MDL Mediator Eric Green and by Fed. R. Evid. 408.  *See* Wilkinson Notice ¶ 2(b) (requesting "[a]ll documents relating to the aforesaid Declaration [Dkt No. 7458], your work on the BMS settlement, and your interactions with any of the counsel for the Class of Defendants in this matter respecting the same").  Class Counsel further object to the Notice because this is not an exceptional case where discovery regarding the parties' settlement negotiations is appropriate. *See Lupron*, 2005 U.S. Dist. LEXIS 4039, at *7-8; MANUAL § 21.643.

15.     Class Counsel object to Paragraph 2(c) of Notice on the grounds that it is burdensome and harassing because it seeks documents to support Haviland's unsupported conspiracy theory that Class Counsel filed this litigation solely to funnel *cy pres* funds to PAL, Community Catalyst and HCFA.  This Court has the authority to prohibit discovery sought to support a fishing expedition.  *See Lupron*, 2005 U.S. Dist. LEXIS 4039, at *9 (rejecting as "evidence" of alleged collusion during settlement negotiations that class members were entitled to more money than the settlement provided); *see also Heidelberg Ams., Inc. v. Tokyo Kikai*

- 10 -

*Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003) (affirming quashing defendant's third-party

subpoena served in anti-dumping action that sought information related to potential acquisition

of plaintiff), *quoting Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1328 (Fed. Cir. 1990)

("A litigant may not engage in merely speculative inquiries in the guise of relevant discovery.");

*Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) ("We

will not allow [subpoening party] to go on a 'fishing expedition' with the mere 'hope' that it will

obtain such information.  *See Mack*, 871 F.2d at 187 (holding that a party may not 'undertake

wholly exploratory operations in the vague hope that something helpful will turn up.')").

Haviland's conspiracy claims are even more irrelevant and bizarre here, where **_no_** funds will be

distributed *cy pres*.  *See* Dkt No. 7455, at 10.

16.    Class Counsel further object to Haviland's attachment of the March 9 subpoena as

an exhibit to the Wilkinson Notice.  The time for compliance with the March 9 subpoena has

long since passed; if Haviland wanted documents sought in that subpoena, he was required to

move to compel compliance with it two years ago.  *See* Fed. R. Civ. P. 45(2)(B).

**C.     Eric Miller Notice ("Miller Notice")** [Dkt No. 7463]

17.    Class Counsel object to the Miller Notice because Mr. Miller, who is Managing

Senior Project Manager at Rust Consulting, the Claims Administrator for the BMS settlement, is

not a party to this litigation and therefore cannot be compelled to appear at the BMS Fairness

Hearing without a subpoena.

18.    Class Counsel object to Paragraph 2(B) of the Miller Notice on the grounds that it

improperly seeks communications protected by the attorney-client privilege and the work

product doctrine.  *See id.* (requesting "[a]ll documents relating to the aforesaid Declaration, your

work on the BMS settlement, and your interactions with any of the counsel for the Class or

Defendants in this matter respecting the same").  *Cavallaro v. United States*, 284 F.3d 236, 247

(1st Cir. 2002) (holding attorney-client privilege extends to third-parties employed to assist a lawyer in rendering legal advice); *United States v. AT&T*, 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("the work product privilege does not exist to protect a confidential relationship, but rather to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of the opponent. . . . A disclosure made in the pursuit of such trial preparation, and not inconsistent with maintaining secrecy against opponents, should be allowed without waiver of the privilege.").

19.     Class Counsel object to the Miller Notice as unduly burdensome and issued solely for the purpose of harassment.  Haviland's objection to the BMS Settlement contains no allegations that the Claims Administrator failed in its duties to any member of the Class; therefore, Haviland has no grounds to seek testimony and documents from one of its representatives.

**D.     Jeffrey Goldenberg Notice ("Goldenberg Notice")** [Dkt No. 7464]

20.     Class Counsel object to the Goldenberg Notice because Mr. Goldenberg, who was consumer allocation counsel for the BMS Settlement, is not a party to this litigation and therefore cannot be compelled to appear at the BMS fairness hearing without a subpoena.

21.     Class Counsel object to Paragraph 2(B) of the Goldenberg Notice on the grounds that it is overly broad and improperly seeks communications protected by the attorney-client privilege or the work product doctrine.  *See id.* ("All documents relating to the aforesaid Declaration, your work on the BMS settlement, and your interactions with any of the counsel for the Class or Defendants in this matter respecting the same.").

22.     Class Counsel object to the Goldenberg Notice on the grounds that it seeks confidential settlement communications protected by the agreement entered into between the parties with MDL Mediator Eric Green and by Fed. R. Evid. 408.  Class Counsel further object

- 12 -

to the Notice because this is not an exceptional case where discovery regarding the parties'

settlement negotiations is appropriate.  *See Lupron*, 2005 U.S. Dist. LEXIS 4039, at *7-8;

MANUAL § 21.643.

**E.      Sean Matt Notice ("Matt Notice")** [Dkt No. 7466]

23.      Class Counsel object to the Matt Notice because Mr. Matt, a member of the Co-

Lead Counsel team, is not a party to this litigation and therefore cannot be compelled to appear at

the BMS Fairness Hearing without a subpoena.

24.      Class Counsel object to the Matt Notice because this is not an extraordinary

circumstance justifying taking testimony from opposing counsel.  *See Dunkin' Donuts, Inc. v.*

*Mandorico, Inc.*, 181 F.R.D. 208 (D.P.R. 1998) (following three-part test set forth in *Shelton v.*

*American Motors Co.*, 805 F.2d 1323, 1327 (8th Cir. 1986)).  First, Haviland can attack – and

has already attacked – the fairness and adequacy of the BMS settlement without taking testimony

from attorneys for the settling parties.  Second, the information sought by Haviland from

Mr. Matt's testimony is irrelevant to the fairness or adequacy of the BMS settlement and cannot

be obtained without inquiring into privileged communications.  Third, testimony from Mr. Matt

is not crucial to Haviland's objection.

25.      Class Counsel object to the Matt Notice on the grounds that it is overly broad and

improperly seeks communications protected by the attorney-client privilege and work product

doctrine.  *See id.* ¶ 2(B) ("All documents relating to the aforesaid MOU, your work on the BMS

settlement, and your interactions with any of the counsel for the Class or Defendants in this

matter respecting the same.").  Because Haviland has been disqualified as Class Counsel, he

cannot inquire into privileged communications.

26.      Class Counsel object to the Matt Notice on the grounds that it improperly seeks

confidential settlement communications protected by the mediation agreement between the

- 13 -

Parties entered into at the request of MDL Mediator Eric Green and by Fed. R. Evid. 408. Class

Counsel further object to the Notice because this is not an exceptional case where discovery

regarding the parties' settlement negotiations is appropriate. *See Lupron*, 2005 U.S. Dist. LEXIS

4039, at *7-8; MANUAL § 21.643.

DATED:  March 21, 2011

By:  /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
***Facsimile: (617) 482-3003***

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K St. NW, Suite 300
Washington, D.C.  20006
Telephone:  (202) 355-6435
Facsimile:  (202) 355-6455

Jeffrey Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735
Co-Lead Counsel

001534-16  431978 V1

## <u>CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE</u>

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on March 21, 2011, I caused copies of ***Class Counsel's Objections to Unauthorized Notices to Attend March 28, 2011 BMS Fairness Hearing Served by Don Haviland on Agnes Swayze, Wells Wilkinson, Eric Miller, Jeffrey Goldenberg and Sean Matt*** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

    /s/ Steve W. Berman      
Steve W. Berman

001534-16  431978 V1