UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>BMS SETTLEMENT | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**CLASS COUNSEL'S MOTION FOR SANCTIONS AGAINST DON HAVILAND FOR UNAUTHORIZED NOTICE TO ATTEND MARCH 28, 2011 BMS FAIRNESS HEARING SERVED ON AGNES SWAYZE AT HER HOME**

Class Counsel respectfully move the Court for an order sanctioning Don Haviland for serving a Notice to Attend the March 28, 2011 BMS Fairness Hearing on Class 1 representative Agnes Swayze at her home. As grounds for this Motion, Class Counsel state as follows:

1.  On March 17, 2011, Don Haviland served a Notice to Attend on Class 1 representative Agnes Swayze, purporting to require her to attend the March 28, 2011 BMS Fairness Hearing. Dkt No. 7461. *Haviland sent the Notice to Ms. Swayze, an elderly woman represented by counsel suffering from cancer, to her home address.* See Certificate of Service, Dkt No. 7461-2. The Notice served on Ms. Swayze contained the following language:

> If you fail to appear and/or produce the documents or things required by this notice to attend and produce, *you may be subject to the sanctions authorized by the Federal Rules of Civil Procedure.*

(Emphasis added.) In addition, the Swayze Notice (1) directed that Ms. Swayze appear at the BMS Fairness Hearing and "remain until excused;" (2) directed that Ms. Swayze, *who Haviland knows is represented by Class Counsel,* contact Haviland to arrange for testimony by telephone if she is unable to appear in person; (3) commanded her to bring documents to the hearing; and

(4) attached a Medicare EOB to the Notice, which bore no reasonable relationship to the request to appear.

2. The Swayze Notice was not authorized by this Court or the Federal Rules of Civil Procedure. Moreover, Haviland served Ms. Swayze at her home address, *even though Haviland knows that she is represented by Class Counsel*. This is a clear violation of all rules of professional conduct. *See*, *e.g.*, Mass. Rules of Prof. Conduct 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.").

3. This is not the first time that Haviland has sought to harass Class 1 representatives. As part of the Track 2 settlement, Haviland attempted to notice the deposition of Class 1 representative Muriel Tonacchio in order to "test" her adequacy as a class representative. Dkt No. 5981-2. Haviland attempted to harass people and entities represented by Class Counsel in *In re Lupron Mktg. & Sales Practices Litig.*, 2005 U.S. Dist. LEXIS 4039 (D. Mass. Mar. 16, 2005) (Stearns, J.). Haviland engaged in similar conduct in *In re Bridgeport Fire Litigation*, pending before Judge Steven T. O'Neill in the Court of Common Pleas of Montgomery County, Pennsylvania. *See* Opinion, CCP Master File No. 05-20924 (Feb. 27, 2009), Dkt No. 5984-5, at 19.

4. This Court should sanction Haviland under its inherent powers to remedy violations of the Rules of Professional Conduct or pursuant to 28 U.S.C. § 1927. Specifically, because this Court's previous orders disqualifying Haviland as Class Counsel and prohibiting him from serving as class counsel in any federal litigation involving challenges to AWP have not

been a sufficient deterrent to keep Haviland from repeated harassment, this Court should impose a significant monetary sanction, payable to Ms. Swayze.

WHEREFORE Class Counsel respectfully request that this Court enter an order sanctioning Haviland for serving the Swayze Notice on her at her home, and all other relief that this Court deems just and appropriate.

DATED:  March 21, 2011

> Respectfully submitted,
>
> By:     /s/ Steve W. Berman
>         Thomas M. Sobol (BBO#471770)
>         Edward Notargiacomo (BBO#567636)
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 55 Cambridge Parkway, Suite 301
> Cambridge, MA  02142
> Telephone:  (617) 482-3700
> Facsimile:   (617) 482-3003
>
> *Liaison Counsel*
>
> Steve W. Berman
> Sean R. Matt
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 1918 8th Avenue, Suite 3300
> Seattle, WA  98101
> Telephone:  (206) 623-7292
> Facsimile:   (206) 623-0594

- 3 -
001534-16 432091 V1

Jennifer Fountain Connolly
HAGENS BERMAN SOBOL SHAPIRO LLP
1629 K St. NW, Suite 300
Washington, D.C.  20006
Telephone:  (202) 355-6435
Facsimile:   (202) 355-6455

Jeffrey L. Kodroff
John A. Macoretta
SPECTOR, ROSEMAN, KODROFF & WILLIS P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300
Facsimile:   (215) 496-6611

Kenneth A. Wexler
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone:  (312) 346-2222
Facsimile:   (312) 346-0022

Marc H. Edelson
EDELSON & ASSOCIATES, LLC
45 West Court Street
Doylestown, PA  18901
Telephone:  (215) 230-8043
Facsimile:   (215) 230-8735

*Co-Lead Class Counsel*

- 5 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on March 21, 2011, I caused copies of **CLASS COUNSEL'S MOTION FOR SANCTIONS AGAINST DON HAVILAND FOR UNAUTHORIZED NOTICES TO ATTEND MARCH 28, 2011 BMS FAIRNESS HEARING SERVED ON AGNES SWAYZE AT HER HOME** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                                                        /s/ Steve W. Berman
                                                                        Steve W. Berman

001534-16 432091 V1