UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| BMS SETTLEMENT | Judge Patti B. Saris |

## CLASS COUNSEL'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SANCTIONS AGAINST DON HAVILAND FOR UNAUTHORIZED NOTICE TO ATTEND MARCH 28, 2011 BMS FAIRNESS HEARING SERVED ON AGNES SWAYZE AT HER HOME

Class Counsel respectfully move the Court for an order sanctioning Don Haviland for serving a Notice to Attend the March 28, 2011 BMS Fairness Hearing on Class 1 representative Agnes Swayze at her home.

## I.    BACKGROUND

On March 17, 2011, Don Haviland served a Notice to Attend on Class 1 representative Agnes Swayze, purporting to require her to attend the March 28, 2011 BMS Fairness Hearing. Dkt No. 7461. *Haviland sent the Notice to Ms. Swayze, an elderly woman suffering from cancer and represented by Class Counsel, to her home address.* *See* Certificate of Service, Dkt No. 7461-2. The Notice served on Ms. Swayze contained the following language:

> If you fail to appear and/or produce the documents or things required by this notice to attend and produce, *you may be subject to the sanctions authorized by the Federal Rules of Civil Procedure.*

(Emphasis added.)  In addition, the Swayze Notice (1) directed that Ms. Swayze appear at the BMS Fairness Hearing and "remain until excused;" (2) directed that Ms. Swayze, *who Haviland*

*knows is represented by Class Counsel,* contact Haviland to arrange for testimony by telephone if she is unable to appear in person; (3) commanded her to bring documents to the hearing; and (4) attached a Medicare EOB to the Notice, which bore no reasonable relationship to the request to appear.

## II.   HAVILAND SHOULD BE SANCTIONED FOR THE SWAYZE NOTICE

### A.   Contrary to its plain language, the Swayze Notice was not authorized by this Court or the Federal Rules of Civil Procedure.

Contrary to its plain language, the Swayze Notice was not authorized by the Federal Rules of Civil Procedure – nor did Haviland seek leave from the Court to issue it.  *See* MANUAL FOR COMPLEX LITIGATION ("MANUAL") § 21.643 (4th ed. 2009) (" Discovery [by objectors] should be minimal and conditioned upon a showing of need, because it will delay settlement, introduce uncertainty, and might be undertaken primarily to justify an award of attorney fees to the objector's counsel.") (emphasis added).

### B.   Haviland attempted to contact a sick and elderly person at her home, even knowing her to be represented by Class Counsel.

Haviland is further deserving of sanction because Haviland served Ms. Swayze at her home, *even though Haviland knows that she is represented by Class Counsel.*  This is a clear violation of all rules of professional conduct.  *See, e.g.*, Mass. Rules of Prof. Conduct 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.").  Indeed, not only did Haviland send the Swayze Notice to her address, he directed her to "*kindly contact the undersigned to make arrangements to have your testimony taken via telephone*" if Ms. Swayze is unable to attend the hearing.  Swayze Notice ¶ 2 (emphasis added).  The Swayze Notice thus not only improperly communicated with someone represented by counsel, but solicited *further*

communications with Ms. Swayze without advising her that one of her attorneys should be present during any such communications.  Haviland's service of the Notice at the home of an elderly cancer patient who Haviland knows to be represented by Class Counsel is outrageous, was crafted to intimidate Ms. Swayze, demonstrates that Haviland's quest to harass knows no bounds, and is deserving of the Court's decisive admonition and sanction.

Haviland's attempted communication with Ms. Swayze is particularly egregious because Haviland has, since his disqualification as Class Counsel, prohibited Class Counsel from contacting their own named plaintiffs, whom he claims to "individually" represent.  *See* Dkt No. 7064 ¶ 8.  Haviland has thus knowingly used the attorney-client privilege to prevent Class Counsel from contacting his clients, while disregarding that same privilege when it suits his needs.

**C.     Haviland has habitually harassed Class 1 representatives.**

This is not the first time that Haviland has sought to harass Class 1 representatives.  As part of the Track 2 settlement, Haviland attempted to notice the deposition of Class 1 representative Muriel Tonacchio in order to "test" her adequacy as a class representative.  *See* Dkt No. 5981-2.

This is also not the first time that Haviland has sought to harass people and entities represented by Class Counsel here.  In *In re Lupron Mktg. & Sales Practices Litig.*, 2005 U.S. Dist. LEXIS 4039 (D. Mass. Mar. 16, 2005) (Stearns, J.), Haviland's clients, who had been granted leave to intervene in the MDL, served interrogatories and document requests on the MDL parties and various health plans.  They also noticed the depositions of and/or served subpoenas for appearance at deposition on ten individuals and entities, including the MDL class representatives and counsel for the MDL parties.  *Id.* at **4-5.  Because the court found that Haviland's clients had offered no "evidence" of collusion (*id.* at *9) in the settlement

- 3 -

negotiations, the court quashed those subpoenas and entered a protective order on the written discovery.  In so holding, the court found that "Intervenors have failed to seek leave of court or to specify why these depositions are necessary to the court's adjudication of the fairness of the settlement."  *Id*. at *11.

Likewise, in the *In re Bridgeport Fire Litigation*, pending before Judge Steven T. O'Neill in the Court of Common Pleas of Montgomery County, Pennsylvania, Haviland likewise attempted to serve subpoenas on parties to the litigation, as well as the personal counsel for one of the defendants in the case, in the middle of trial.  *See* Opinion, CCP Master File No. 05-20924 (Feb. 27, 2009), Dkt No. 5984-5, at 19.  The court quashed those subpoenas for three reasons.  First, the court held that it was improper to serve subpoenas on parties to the litigation.  Second, the court held that the subpoenas were improper because Haviland was not class counsel and represented Appellants "in a personal capacity only."  *Id.*  Third, the court held that the subpoenas were improper because they sought details regarding settlement negotiations and the drafting of the settlement agreement in the case.  *Id.*  The court found that:

> Mr. Haviland appears to have been trying to seek this information in support of a 'wild goose chase' to prove a self-created theory that the Settlement Agreement was a product of collusion, a theory that has absolutely no basis in fact.  Mr. Haviland had no independent basis to support such an outrageous and manufactured allegation.

*Id.* at 19-20.  The court therefore concluded that:

> In this instance, the subpoenas Mr. Haviland sought to issue represented yet another example of his improper interference in the class action proceedings.  He had no right or basis to demand documents from the various parties and non-parties.  Mr. Haviland has continuously operated to delay and disrupt these proceedings and aggravate his former employer law firm.  This Court properly denied the subpoenas that were designed to achieve such improper purposes.

*Id.* at 20.

**D.      This Court Should Sanction Haviland**

As this Court has observed, "[t]his Court has the 'inherent power to sanction parties for

litigation abuses.'"  *Big Top USA, Inc. v. The Wittern Group*, 183 F.R.D. 331, 342 (D. Mass.

1998) (citing *John's Insulation, Inc. v. L. Addiscon & Assoc., Inc.*, 156 F.3d 101, 108 (1st Cir.

1998)).  Pursuant to Local Rule 83.6(4)(B):

> Acts or omissions by an attorney admitted to practice before this court pursuant to
> this Rule 83.6, or appearing and practicing before this court pursuant to Rule 83.7,
> individually or in concert with any other person or persons, that violate the ethical
> requirements and rules concerning the practice of law of the Commonwealth of
> Massachusetts, shall constitute misconduct and shall be grounds for discipline,
> whether or not the act or omission occurred in the course of an attorney-client
> relationship. The ethical requirements and rules concerning the practice of law
> mean those canons and rules adopted by the Supreme Judicial Court of
> Massachusetts, embodied in Rules 3:05, 3:07 and 3:08 of said court, as they may
> be amended from time to time by said court, except as otherwise provided by
> specific rule of this court after consideration of comments by representatives of
> bar associations within the Commonwealth.

Because the Massachusetts Rules of Professional Conduct are contained in Rule 3:07 of the

Rules of the Supreme Judicial Court of Massachusetts, Haviland's clear and unequivocal

violation of Rule 4.2 in this Court should subject him to sanctions.  Indeed, the First Circuit has

cautioned that district courts have the authority to sanction attorneys for violations of the rules of

professional conduct:

> We conclude this saga with an emphatic reminder to counsel that they indeed are
> subject to disciplinary sanctions under relevant codes and rules of professional
> conduct when their behavior in the course of representing a client offends these
> professional standards. We do not endorse the notion that an attorney can do or
> say anything and everything imaginable within the course of client representation
> under the guise of vigorous representation of his client.

*United States v. Cooper*, 872 F.2d 1, 5 (1st Cir. 1989) (but finding that district court had

erred in issuing reprimand where there was evidence of attorney's good faith in seeking

recusal of district court judge).

In the alternative, Section 1927 permits sanctions to be awarded against attorneys who "multipl[y] the proceedings ... unreasonably and vexatiously." 28 U.S.C. § 1927. The First Circuit uses an objective standard for determining when a lawyer's actions are unreasonable or vexatious. *Jensen v. Phillips Screw Co*., 546 F.3d 59, 64 (1st Cir. 2008) (citation omitted).[1] Thus, behavior is deemed vexatious when it is "harassing or annoying," "regardless of whether it is intended to be so." *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990). "[A]n attorney's actions must evidence a studied disregard of the need for an orderly judicial process...or add up to a reckless breach of the lawyer's obligations as an officer of the court." *Jensen*, 546 F.3d at 64 (internal and external citations omitted). "Bad faith is not an essential element, but a finding of bad faith is usually a telltale indicium of sanctionable conduct." *Id*. (citation omitted). Here, even though such a showing is not required, Haviland clearly engaged in bad faith by sending an unauthorized communication to a sick and elderly woman he ***knew*** to be represented by Class Counsel.

Class Counsel respectfully submit that this Court should order a monetary sanction payable to Ms. Swayze. Haviland has already been disqualified as Class Counsel. And after Haviland withdrew the only Class 1 representatives in the case against J&J on the eve of oral argument on J&J's post-remand motions for summary judgment, this Court has further ordered that Haviland be prohibited from appearing as Class Counsel in any federal litigation involving challenges to AWP. *See* June 22, 2010 electronic order. It is clear that no sanction this Court has entered to date has deterred Haviland from continuing to use this litigation to accomplish his

---

[1] In *Jensen*, the First Circuit, while finding that the record below was not sufficiently developed to affirm the district court's award of sanctions, held that plaintiff's subsequent dismissal of a replacement class representative "under the circumstances could support an imposition of sanctions". 546 F 3d at 67.

own ends.  This Court should send a strong message that Haviland's harassment and brazen

disregard for this Court's authority will no longer be tolerated.

WHEREFORE Class Counsel respectfully request that this Court enter an order

sanctioning Haviland for serving the Swayze Notice on Agnes Swayze at her home, and all other

relief that this Court deems just and appropriate.

DATED:  March 21, 2011

Respectfully submitted,


By: ___/s/ Steve W. Berman_____
      Thomas M. Sobol (BBO#471770)
      Edward Notargiacomo (BBO#567636)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:   (617) 482-3003

*Liaison Counsel*

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594

- 7 -

Jennifer Fountain Connolly
HAGENS BERMAN SOBOL SHAPIRO LLP
1629 K St. NW, Suite 300
Washington, D.C.  20006
Telephone:  (202) 355-6435
Facsimile:   (202) 355-6455

Jeffrey L. Kodroff
John A. Macoretta
SPECTOR, ROSEMAN, KODROFF & WILLIS P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300
Facsimile:   (215) 496-6611

Kenneth A. Wexler
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone:  (312) 346-2222
Facsimile:   (312) 346-0022

Marc H. Edelson
EDELSON & ASSOCIATES, LLC
45 West Court Street
Doylestown, PA  18901
Telephone:  (215) 230-8043
Facsimile:   (215) 230-8735

*Co-Lead Class Counsel*

001534-16  432092 V1

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on March 21, 2011, I caused copies of **CLASS COUNSEL'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SANCTIONS AGAINST DON HAVILAND FOR UNAUTHORIZED NOTICE TO ATTEND MARCH 28, 2011 BMS FAIRNESS HEARING SERVED ON AGNES SWAYZE AT HER HOME** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Steve W. Berman
Steve W. Berman
