UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| BMS SETTLEMENT | Judge Patti B. Saris |

**CLASS COUNSEL'S OBJECTION TO REVEREND DAVID AARONSON'S NOTICE OF INTENT TO APPEAR AT MARCH 28, 2011 BMS FAIRNESS HEARING**

Class Counsel object to the Consumer Plaintiff, Rev. David Aaronson's, Notice of Intent to Appear ("Notice to Appear") (Dkt. No. 7467) served by Don Haviland on March 17, 2011, indicating that Mr. Aaronson intends to appear and, through Haviland, present two hours of direct testimony at the March 28, 2011 hearing on final approval of Class Plaintiffs' settlement with BMS ("BMS Fairness Hearing"). For the following reasons, Aaronson should not be permitted to appear or present evidence at the BMS Fairness Hearing.

1.      <u>The Notice to Appear is untimely</u>. The deadline for filing a Notice of Appearance to appear at the BMS Fairness Hearing was February 28, 2011. Dkt. No. 7313 (setting forth deadline for objections, exclusions and filing of claims).[1] The Notice to Appear was filed over two weeks too late. The Class 1 consumer notice specifically provided that:

> Your Notice of Appearance **must** be filed with the Court on or before [the filing date] and served on Counsel by [the filing date]. You cannot speak at the Hearing if you previously asked to be excluded from the Proposed Settlement Class and are not submitting a Claim Form now. The Notice of Appearance must be

---

[1] Throughout the BMS settlement, these dates have been tied to the Notice of Appearance date. *See*, *e.g.*, Dkt. No. 7299-1 (proposed order); Ex. A hereto (original consumer notice).

> filed with the Court and served on Counsel at the addresses set
> forth above in response to Question 7.

Haviland did not comply with this deadline and, accordingly, should not be permitted to appear.

      2.     <u>Haviland should not be permitted to solicit two hours of testimony</u>.  Class Counsel have already filed Objections to the Notices to Appear served on Agnes Swayze, Wells Wilkinson, Jeffrey Goldenberg, Eric Miller and Sean Matt.  *See* Dkt. No. 7468.  For the reasons set forth in those Objections, Haviland should not be permitted to take ***two hours*** of direct testimony at the BMS Fairness Hearing.  *See* Notice to Appear at 2 (setting forth proposed witnesses and length of direct examination for each).  For the same reasons, Haviland's reservation of rights to examine Dr. Raymond S. Hartman "regarding [his] expert reports submitted in the federal and/or state cases as they relate to the Fairness Hearing issues" (*id.* at 2), should be barred.

      3.     <u>Haviland's reservation of rights to respond to Class Counsel's March 14 filings is ineffective</u>.  Finally, in the Notice to Appear Haviland "reserves the right to respond to the submissions of Class Counsel filed late Monday, March 14, 2011 and all other submissions made before, during, and after the fairness hearing, as appropriate."  Such a reservation of rights is ineffective.  The date of the BMS Fairness Hearing and the deadline for Class Counsel's March 14 submissions has been long established.  Haviland cannot cure his well-known practice of waiving his rights to fully set forth his objections[2] by reserving, *ad infinitum*, his rights to further amend his objections.  Haviland has continually acted as if deadlines in this litigation

---

[2] *See, e.g.*, *In re Average Wholesale Price Litig.*, 588 F.3d 24, 30 (1st Cir. 2009) ("[a]lthough Howe's reply brief was tardy and its arguments were arguably waived . . ."); *id.* at 31 n.7 ("Howe had earlier filed an objection to the settlement that essentially cited, for three pages, Howe's earlier pleadings before the court without stating any specific grounds for the objection.  During the fairness hearing, the district court properly held that anything raised in this pleading that Howe did not explain in the reply brief was waived."); *passim* (discussing numerous arguments that were waived because not raised or fully developed before this Court).

apply to everyone but him and then threatens the Court and the parties if they do not accommodate his last-minute demands.  Here, his failure to file whatever is necessary in support of his objection, and his failure to request discovery in support of that objection on a timely basis (to the extent it should be permitted at all) is not a basis to give Haviland additional time to do so.

4.   <u>Haviland's threat to this Court is not well-taken</u>.  Similarly, Haviland states that "[s]hould the Court refuse to allow one or more witnesses to be examined live at the hearing, Rev. Aaronson reserves the right to supplement his submission by proffer at the hearing and/or further written submission."  Because Haviland has no right to allow *any* witnesses to be examined, this Court's proper refusal to allow that testimony does not give Haviland an additional basis to submit more paper in support of his objection.  Haviland has had more than adequate time to submit any arguments or documents in support of his objection; he has waived any additional right to do so.

5.   <u>The BMS Fairness Hearing should go forward as scheduled</u>.  Haviland states that if the Court cannot accommodate his schedule, submitted to the Court less than two weeks before the Fairness Hearing, the Court should continue the hearing.  Because Haviland is not entitled to present the evidence he seeks to introduce (*see* Dkt. No. 7468), the Fairness Hearing should go forward as scheduled.

DATED:  March 22, 2011                          HAGENS BERMAN SOBOL SHAPIRO LLP


                                                By: _/s/ Steve W. Berman_____
                                                Thomas M. Sobol (BBO#471770)
                                                Edward Notargiacomo (BBO#567636)
                                                One Main Street, 4th Floor
                                                Cambridge, MA  02142
                                                Telephone: (617) 482-3700
                                                Facsimile: (617) 482-3003

                                                Steve W. Berman
                                                Sean R. Matt
                                                Hagens Berman Sobol Shapiro LLP
                                                1918 Eighth Avenue, Suite 3300
                                                Seattle, WA  98101
                                                Telephone: (206) 623-7292
                                                Facsimile: (206) 623-0594

                                                Jennifer Fountain Connolly
                                                Hagens Berman Sobol Shapiro LLP
                                                1629 K St. NW, Suite 300
                                                Washington, D.C.  20006
                                                Telephone:  (202) 355-6435
                                                Facsimile:  (202) 355-6455

                                                Jeffrey Kodroff
                                                John A. Macoretta
                                                Spector, Roseman, Kodroff & Willis, P.C.
                                                1818 Market Street, Suite 2500
                                                Philadelphia, PA  19103
                                                Telephone: (215) 496-0300
                                                Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Co-Lead Counsel

001534-16  432188 V1

## <u>CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE</u>

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on

March 22, 2011, I caused copies of ***Class Counsel's Objection to Reverend David Aaronson's***

***Notice of Intent to Appear at March 28, 2011 BMS Fairness Hearing*** to be served on all

counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Steve W. Berman
Steve W. Berman

001534-16  432188 V1

# Exhibit A

**Authorized by the U.S. District Court for the District of Massachusetts**

# If you made a Percentage Co-Payment or Cash Payment for Certain Chemotherapy Drugs

### From January 1, 1991 to December 31, 2004, You may be able to get at least $35 back.

## The chemotherapy drugs are:

- Blenoxane®
- Cytoxan®
- Etopophos®
- Paraplatin®
- Rubex®
- Taxol®
- Vepesid®

These drugs (referred to as the "BMS Drugs") are used for the treatment of several serious medical conditions. They are most often, but not always, injected in a doctor's office or clinic.

## Can I Get Money Back?

You can get a refund if you paid a *percentage co-payment or full cash payment* for any of the BMS drugs from January 1, 1991 through December 31, 2004 outside of Medicare Part B. A percentage co-payment varies with the cost of the drug. You cannot get a refund if you paid a flat co-payment. A full payment means that you had no insurance and paid for the drug entirely yourself.

## How Much Can I Get Back?

Approximately $4,370,000 will be paid to consumers who file valid claims.

- **You can get up to $35** simply by certifying you paid percentage co-payments or full cash payments, or
- If you can estimate what you paid and show that you made percentage co-payments or full cash payments through receipts or bills, you can receive more money. **For some of the drugs, you can get three times the percentage co-payment.**

*Your legal rights are affected even if you do not act.*
*Read this Notice carefully.*

1

## 1. What Is This Notice About?

- You received this Notice because you requested it after seeing information about this case in a publication or elsewhere.

- There is a Proposed Settlement of a class action lawsuit involving Bristol-Myers Squibb ("BMS") drugs Blenoxane®, Cytoxan®, Etopophos®, Paraplatin®, Rubex®, Taxol® and Vepesid®.

- This lawsuit is not about whether these drugs are safe or effective. This lawsuit is about the amount that you were charged for the drugs. The class action claims that customers paid too much for the drugs.

- BMS has agreed to pay $19 million to settle the class action. Approximately $4,370,000 will be available to pay consumer claims.

- If you made a percentage co-payment or full cash payment for the BMS Drugs, you can get money back. A percentage co-payment varies with the cost of the drug. A flat co-payment never varies; it's always the same no matter how much the drug costs. A full payment means that you had no insurance and paid for the drug entirely yourself.

- You can obtain a complete copy of the Settlement Agreement by visiting www.BMSAWPSettlement.com.

## 2. What Is The Lawsuit About?

The Average Wholesale Price ("AWP") is used to set reimbursement amounts that are paid by a) Medicare and its beneficiaries, b) private health insurers, and c) consumers making percentage co-payments under private health insurance plans. This notice applies to people in group "c)" and to people without insurance who paid for one of the BMS Drugs themselves based on AWP. The lawsuit claims that BMS reported false and inflated AWPs for the drugs covered in this Proposed Settlement. BMS denies any wrongdoing, and the Proposed Settlement is not an admission of wrongdoing or an indication that any law was violated. BMS is engaging in the settlement to avoid the cost and uncertainty of future litigation.

The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation,* Docket No. 01-CV-12257-PBS, MDL No. 1456.

## 3. How Do I Know If I Am Included In The Proposed Settlement?

You are part of the Proposed Settlement if you made, or are obligated to make:

- A percentage co-payment through a private health insurance plan for a BMS Drug from January 1, 1991 through December 31, 2004.

- A full cash payment for a BMS Drug from January 1, 1991 through December 31, 2004.

A spouse of a deceased class member who made such a co-payment or cash payment or a legal representative of a deceased class member's estate may file a claim.

Excluded from the Proposed Settlement are (1) consumers who made flat co-payments, who were reimbursed fully for their payments, or who have the right to be fully reimbursed, and (2) BMS and certain related entities as defined in the Settlement Agreement.  Also excluded from the Proposed Settlement are all federal, state, and local government entities in the United States, except any such governmental agencies or programs that made or incurred an obligation to make a reimbursement for a Class Drug as part of a health benefit plan for their employees, but only with respect to such payment.

**You are not a member of a Class if you made flat co-payments, if insurance paid all of your co-payment, or if you were never obligated to make a co-payment at all.**

**IMPORTANT:** *This is not a bill or a collection notice.  The Court is not suggesting, requesting or requiring that you pay your doctor or pharmacist now or that you are obligated to do so.*

## 4. What Do I Need To Do To Get A Payment?

You received this Notice because you requested it after seeing information about this case in a publication or elsewhere.  If you paid a percentage co-payment or full cash payment for any of the BMS Drugs between January 1, 1991 and December 31, 2004, you have two options to get a payment:

1) You may sign the attached claim form under penalty of perjury, stating that you paid a percentage co-payment or full cash payment for at least one of the BMS Drugs during the Class Period.  You will receive a payment of up to $35;

**OR**

3

2) You may complete the attached claim form and provide documentation of your percentage co-payments or full cash payments for the BMS Drugs during the Class Period, and receive a partial refund of the total amount you spent. Please see Question 5 for more details on how the amount will be determined.

*Note:* If you made percentage co-payments under Medicare Part B between January 1, 1991 and December 31, 2004, you need another claim form. Call 1-877-690-7097 for a form to fill out for a refund of these percentage co-payments.

---

## 5. How Are Payments Determined?

If you opt to submit records of your payments instead of opting for a refund of up to $35, the Claims Administrator will calculate your claim amount. It will be based on the information you provide about your total out-of-pocket co-payment obligations under private insurance or full cash payments for the BMS Drugs during the Class Period.

Your reimbursement will be calculated by adding two amounts:

- Payment obligations for Cytoxan®, Taxol® and Vepesid® from January 1, 1991 through December 31, 2004 multiplied by a factor of three (3x); and

- Payment obligations for Blenoxane®, Etopophos®, Paraplatin®, Rubex® inside this time period (with no multiplication factor).

The sum of these two figures will be your "Total Recognized Claim". If there is enough money based on the number of claims received, your payment will be 100% of your Total Recognized Claim. If there is not enough money to pay all consumers 100% of their Total Recognized Claims, each consumer's claim will be reduced proportionately.

If there are any unclaimed consumer monies all Authorized Consumer Claimants have been paid according to their Total Recognized Claim, then the disposition of any remaining monies will be decided by the Court. If this happens, no monies will be paid from the consumer pool to BMS or to third-party payors.

---

## 6. What If I Do Not Want to Be Included In The Proposed Settlement?

If you do not want to be in the Proposed Settlement and you want to keep the right to sue BMS about the same claims on your own, you must take steps to get out of the lawsuit. This is called excluding yourself.

4

By excluding yourself, you keep the right to file your own lawsuit or join another lawsuit against BMS about the claims in this lawsuit.

If you exclude yourself from the Settlement Classes, you will not be able to file a claim for money and you will not be in the Proposed Settlement.

To exclude yourself from the Class, you must send a letter signed by you that includes all of the following:

- Your name, address, telephone number and fax number (if any);
- The name and number of the lawsuit: *In re: Pharmaceutical Industry Average Wholesale Price Litigation,* Docket No. 01-CV-12257-PBS, MDL No. 1456;
- If you have hired your own lawyer, the name, address, and telephone number of your lawyer; *and*
- A statement that you want to be excluded from the Settlement Classes.

Your exclusion letter must be mailed first class, **received no later than October 19, 2010,** to: BMS AWP Class 3 Settlement Administrator, P.O. Box 2366, Faribault, MN 55021-9066.

Please remember that you cannot exclude yourself by calling or by sending an email.

---

## 7. May I Object To, Or Comment On, The Proposed Settlement?

Yes.  If you have comments about, or disagree with, any aspect of the Proposed Settlement, you may express your views to the Court.  You must do this in writing.  Your written response should include:

- Your name, address, telephone number, a brief explanation of your reasons for objection, and
- The case number (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456).

The document **must** be signed to ensure the Court's review.  The response must be filed with the Court at the following address on or before **October 29, 2010:** Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210 and served on Counsel for the Parties on or before **October 29, 2010** at the following addresses:

5

| Counsel for the Class | Counsel for BMS |
|---|---|
| Steve W. Berman | Lyndon M. Tretter |
| Hagens Berman Sobol Shapiro LLP | Hogan Lovells US LLP |
| 1918 Eighth Avenue, Suite 3300 | 875 Third Avenue |
| Seattle, WA 98101 | New York, NY 10022 |

In addition, your document must clearly state that it relates to the "BMS Settlement."  If you file or present an objection, you will be subject to the jurisdiction of the Court.

---

## 8. Do I Have A Lawyer Representing My Interests In This Case?

Yes.  The Court has appointed the following law firms to represent you and other Settlement Class Members:

| | |
|---|---|
| Hagens Berman Sobol Shapiro LLP | Spector Roseman Kodroff & Willis, PC |
| www.hbsslaw.com | www.srk-law.com |
| 1918 Eighth Avenue, Suite 3300 | 1818 Market Street, Suite 2500 |
| Seattle, WA 98101 | Philadelphia, PA 19103 |
| *and* | |
| 55 Cambridge Parkway, Suite 301 | Wexler Wallace LLP |
| Cambridge, MA 02142 | www.wtwlaw.us |
| | 55 West Monroe Street, Suite 3300 |
| Edelson & Associates LLC | Chicago, IL 60602 |
| 45 West Court Street | |
| Doylestown, PA 18901 | |

These lawyers are called Class Counsel.  You won't be charged personally for these lawyers. Class Counsel will ask the Court to award them a fee of up to 33 1/3% plus interest and litigation expenses.  You don't need to hire your own lawyer, but if you want your own lawyer to speak for you or appear in Court, you must file a Notice of Appearance (see Question 9).  Hiring a lawyer to appear for you in the lawsuit will be at your own expense.

---

## 9. When And Where Will The Court Decide On Whether To Grant Final Approval Of The Proposed Settlement?

The Court will hold a Hearing on **November 19, 2010** at 2:00 p.m. to consider whether it is fair, reasonable and adequate.  At the Hearing, the Court will also consider whether to approve the Proposed Settlement; the request for attorneys' fees and expenses; and any

comments or objections.   You are not required to attend, but may do so at your own expense.

If you want your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance."   The Notice of Appearance must include:

- Your name, address, telephone number, signature;
- The name, and number of the lawsuit (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456);
- State that you wish to enter an appearance at the Final Approval Hearing; and
- Any documentation in support of such opposition.

Your Notice of Appearance **must** be filed with the Court on or before **October 29, 2010** and served on Counsel by **October 29, 2010**.   You cannot speak at the Hearing if you previously asked to be excluded from the Proposed Settlement Class and are not submitting a Claim Form now.   The Notice of Appearance must be filed with the Court and served on Counsel at the addresses set forth above in response to Question 7.

---

## 10. Where Do I Obtain More Information?

More details and all other legal documents that have been filed with the Court in this lawsuit are available.   They can be viewed and copied at any time during regular office hours at the Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit the BMS Settlement website at **www.BMSAWPSettlement.com.**
- Call toll-free **1-877-690-7097**
- Write to:     BMS AWP Class 3 Settlement Administrator
               P.O. Box 2366
               Faribault, MN  55021-9066

DATED: July 29, 2010                                   **BY ORDER OF THE COURT**