# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>BMS SETTLEMENT | MDL No. 1456<br><br>Civil Action: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

## OPPOSITION TO CLASS COUNSEL'S MOTION FOR SANCTIONS AGAINST DON HAVILAND FOR UNAUTHORIZED NOTICE TO ATTEND MARCH 28, 2011 BMS FAIRNESS HEARING SERVED ON AGNES SWAYZE AT HER HOME

The undersigned hereby opposes Class Counsel's Motion for Sanctions.

1. Admitted that a Notice to Attend was timely served on Ms. Swayze via first class mail, requesting her appearance at the Fairness Hearing on March 28, 2011. Otherwise, denied.

2. Denied. It is expressly denied that simply sending a Notice to Attend by mail to all witnesses (*who were not subject to notice via ECF*) whom Rev. Aaronson requested to appear at the Fairness Hearing on the proposed BMS settlement represented a violation of any rule of professional conduct. To the contrary, the service of the Notices to Attend on all subject witnesses, as well as all counsel of record (including Class Counsel) was proper under the Rules,[1]

---

[1] *See, e.g.*, Fed.R.Civ.Proc. 5(a)(1)(E)("[E]ach of the following papers must be served on every party: ... a written notice, appearance, demand, or ... any similar paper."); Explanatory Comment to Fed.R.Civ.Proc. 5(b)(1)(E) (formerly (D)("Subparagraph (D) of Rule 5(b)(2) is new. It authorizes service by electronic means or any other means, but only if consent is obtained from the person served. The consent must be express, and cannot be implied from conduct. ... Consent is required, however, because it is not yet possible to assume universal entry into the world of electronic communication.")

and was intended to and did ensure that all interested parties had timely notice of the request for certain witnesses to appear live (or by telephone, if requested) at the Fairness Hearing.

3. Denied. Class Counsel cite three (3) other situations as presumably "evidence" of their claim of "harassment" of class representatives. None of these support the claim for sanctions.

First, in the pending proceedings on the proposed Track 2 settlement, the previously-proferred named consumer representative plaintiffs for the litigation class seek to take testimony of the currently-proposed named consumer representative plaintiffs for the Track 2 settlement Class. These proposed class representatives include the following: Ms. Murial Tonacchio, Health Care for All ("HCFA"), and others. The discovery has been sought in order to develop the factual record concerning the pending objections to the proposed settlement filed by the previously-proffered named consumer representative plaintiffs. Class Counsel filed several Motions for Protective Order on behalf of Ms. Tonacchio and HFCA (as well as HCFA's affiliated entities, Community Catalyst and Prescription Action Litigation Project ("PAL")), which, to the undersigned's knowledge, have not been – and should not be – ruled upon by the Court.[2] See Dkt. Nos. 5979-5981 (Tonacchio Motion); Dkt. No. 6019 (April 23, 2009 Opposition to Tonaccio Motion); Dkt Nos. 5981-5984 (Motion to Quash subpoenas issued to HFCA, PAL and Community Catalyst); Dkt No. 6020 (April 23, 2009 Response to Motion). Because these discovery issues remain outstanding, there is nothing improper about the pending

---

[2] In view of the Court's Procedural Order dated March 23, 2011, those issues should be re-assigned to another judge of the District of Massachusetts. Dkt. No. 7472 ("[B]eginning approximately February 1, 2011, my daughter began working as a community organizer for Health Care for All. ... If there are any remaining issues involving Health Care for All, I will recuse myself from deciding that issue.")

request. These issues likely will be resolved in the context of the upcoming Track 2 Fairness Hearing.

Second, in the *Lupron* case, which involved the same Class Counsel, Class Counsel called as a witness their proposed representative of the consumer settlement class, Mr. William Porter. Contrary to Class Counsel's claim that the undersigned "attempted to harass" Mr. Porter, Judge Stearns permitted cross-examination after Class Counsel (Tom Sobol) completed his directed examination. As discussed more fully in the Memorandum filed herewith, the cross-examination elicited important testimony about Mr. Porter's lack of knowledge and approval of the proposed settlement, which was pertinent to the court's determination of the fairness, reasonableness and adequacy of the proposed settlement.

Lastly, Class Counsel seem to be fond of citing the *Bridgeport Fire* litigation, and in particular, the opinion of Judge O'Neill dated February 27, 2009. *See, e.g.*, Dkt No. 5984-5 (wherein this same opinion has been invoked to try to bar the pending subpoena served on HCFA, PAL and Community Catalyst in the context of the Track 2 settlement). However, they continue to misrepresent the record in those proceedings, which proceedings are both factually and legally irrelevant to this proceeding, as the Bridgeport case is a different case and is one wherein the trial judge has recused himself because of bias and appearance of impartiality. *See In re Bridgeport Fire Litig.*, (5 A. 3d 1250, Pa. Super. Ct. 2010)[3].

---

[3]      Class Counsel cite the trial court's opinion for the proposition that the requested testimony in the context of a class settlement Fairness Hearing is improper "because Haviland was not class counsel and represented Appellants 'in a personal capacity only'". Dkt. No. 7470 at 4. However, they fail to cite to this Court the subsequent decision of the Pennsylvania Superior Court which reversed Judge O'Neill on this very point. *Id.* at 1254 ("[T]he trial court refused to act ... based upon its belief that Mr. Haviland's clients lacked standing ... as they were not acting on behalf of the Class and Attorney Haviland is not class counsel. ... [W]e conclude that it is proper and, indeed, necessary to allow a motion for recusal to be filed by the complaining individual class members, by and through private, non-class counsel. ... [W]e note that the trial court has already recused itself based

4.	Denied.  There has been no violation of the Rules of Professional Conduct by having simply mailed a Notice to Attend to all affected witnesses, including Ms. Swayze.  Further, if Class Counsel's basis for requesting a further sanction is premised upon this Court's prior injunction/sanction imposed on Mr. Haviland, respectfully, the Court is divested of jurisdiction over that issue due to the pendency of the appeal in the First Circuit.

It is telling that Class Counsel repeatedly seek sanctions as a chilling effect against individual counsel for the court-appointed consumer class representatives from interposing any challenge to their decisions made in this case.  Here, Rev. Aaronson – the lone court-appointed class representative for the litigation Sub-Classes against GSK and BMS – has interposed an appropriate challenge to Class Counsel's unilateral decision (in the face of no statement of record by Ms. Swayze that *she agreed*) to take away over $8 million in consumer settlement funds guaranteed by a signed, binding Memorandum of Understanding with BMS, in order to favor their *other* TPP clients.  He asks the simple, appropriate question: why would the lawyers charged by this Court with the fiduciary obligation to protect *my interests* not move for preliminary approval of a settlement agreed to with BMS that would have paid me and the other consumers in the Class $13 million, as opposed to $4 million, especially when the Court directed them to do so?  The decision by Class Counsel to give away this money – combined with their vehement and aggressive defense of it, even though it has resulted in consumers in the BMS Sub-Class getting only 8.8% of their appropriate recovery (in relation to other consumer settlements in this MDL proceeding) – implicates a serious conflict of interest on the part of Class Counsel

---

upon similar claims made by plaintiffs ..., [and] we simply remand with instructions that the trial court promptly rule on the motion for recusal, which has been pending before it for over a year.")

for which Rev. Aaronson intends to seek relief forthwith by way of a Motion for Disqualification.

Dated: March 25, 2011                                  Respectfully submitted,

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
Robert G. Hughes, Esquire
Michael J. Lorusso, Esquire
**HAVILAND HUGHES, L.L.C.**
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106
Telephone: (215) 609-4661
Facsimile:  (215) 392-4400

## **CERTIFICATE OF SERVICE**

      I, Donald E. Haviland, Jr., Esquire, hereby certify that on March 25, 2011 a true and correct copy of the foregoing Opposition to Class Counsel's Motion for Sanctions Against Don Haviland for Unauthorized Notice to Attend March 28, 2011 BMS Fairness Hearing Served on Agnes Swayze at Her Home was served on all counsel of record via CM/ECF notification.

                                                 /s/ Donald E. Haviland, Jr.
                                                  Donald E. Haviland, Jr., Esquire