## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris |

### SUPPLEMENT TO NAMED CONSUMER PLAINTIFF, REV. DAVID AARONSON'S, OBJECTION TO THE PROPOSED SETTLEMENT WITH DEFENDANT BRISTOL-MYERS SQUIBB

Named Consumer Plaintiff, Rev. David Aaronson, individually and on behalf of the Estate of Susan Ruth Aaronson, by and through his undersigned counsel, hereby supplements his objection to the proposed settlement with Defendant Bristol-Myers Squibb ("BMS") as follows.

Reverend Aaronson has timely raised concerns with this Court about the pending settlement with BMS, proposing to bind the Class 1 consumer settlement Sub-Class of purchasers of BMS Subject Drugs to an allocation of settlement proceeds that is far less than they were guaranteed back in June 2007. Class Counsel have predictably attacked Rev. Aaronson's individual counsel for challenging their decision. So the record is clear, the principle reason Rev. Aaronson has objected is his court-appointed Class Counsel have chosen to transfer over $8 million in consumer settlement proceeds to the TPP Class. This was done without the approval of the named consumer class representative appointed by this Court to serve as a fiduciary for the consumer Class, Rev. Aaronson. It also appears to have been done without the knowledge or

consent of the proposed "substitute" class representative, Ms. Swayze. In other words, it was done by counsel – alone.

Because no consumer has blessed Class Counsel's decision, it warrants careful scrutiny by this Court for several reasons. The reasons are set forth in detail in the following pleadings being filed contemporaneously herewitth:

1. Reply in Support of Motion to Enforce Settlement;

2. Motion to Disqualify Class Counsel from Continuing to Serve as Counsel for the Class 1 BMS Consumer Sub-Class;

2. Opposition to Class Counsel's Motion for Sanctions Against Don Haviland for Unauthorized Notice to Attend March 28, 2011 BMS Fairness Hearing Served on Agnes Swayze at her Home.

These pleadings set forth the reasons why Rev. Aaronson reasonably believes that a settlement that pays Class 1 consumers 8.8% of their Total Recognized Claim is neither fair, reasonable nor adequate when the consumers had in hand a settlement that paid them far more. All they needed was counsel willing to fight for what has contractually theirs. They did not get that counsel.

WHEREFORE, for the foregoing reasons, Rev. David Aaronson hereby objects to the proposed BMS Settlement.

Dated:  March 25, 2011                                        Respectfully submitted,

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
Robert G. Hughes, Esquire
Michael J. Lorusso, Esquire
**HAVILAND HUGHES, L.L.C.**
111 S. Independence Mall East,
The Bourse, Suite 1000
Philadelphia, PA 19106
*Counsel for Rev. David Aaronson*

## **CERTIFICATE OF SERVICE**

I, Donald E. Haviland, Jr., Esquire, hereby certify that on March 25, 2011, I filed the foregoing Supplement to Named Plaintiff, Rev. David Aaronson's Objection to the Proposed Settlement with Defendant Bristol-Myers Squibb with the Clerk of this Court and used the CM/ECF system to send notification of such filing to all registered person(s).

**/s/ Donald E. Haviland**
**Donald E. Haviland, Jr., Esquire**