UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>BMS SETTLEMENT | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

## CLASS COUNSEL'S MOTION TO STRIKE UNTIMELY HAVILAND FILINGS

Class Counsel respectfully move this Court for an order striking four untimely pleadings filed by Don Haviland at the close of business the last business day before the BMS Fairness Hearing is scheduled and nearly one-month after the deadline for all objections to the BMS Settlement were due. The following grounds support this Motion:

1.  On March 25, 2011, minutes before the close of business, Don Haviland filed the following pleadings, all of which are untimely:

- Brief in Opposition to Motion for Sanctions (Dkt. No. 7476);

- Reply in Support of Motion to Enforce Settlement (Dkt. No. 7477);

- Supplement to Named Consumer Plaintiff, Rev. David Aarsonson's, Objection to the Proposed Settlement with Defendant Bristol-Myers Squibb (Dkt. No. 7478); and

- Motion to Disqualify Class Counsel from Continuing to Serve As Counsel for the Class 1 BMS Consumer Sub-Class (Dkt. No. 7479).[1]

We address each in turn.

---

[1] Haviland also filed a Opposition to Class Counsel's Motion for Sanctions against Don Haviland for Unauthorized Notice to Attend March 28, 2011 BMS Fairness Hearing Served on Agnes Swayze at Her Home (Dkt. No. 7475) which, although provides no grounds to deny Class Counsel's Motion (and in fact supports it), Class Counsel do not seek to strike it.

- 1 -

2. Haviland's Brief in Opposition to Motion for Sanctions (Dkt. No. 7476) is inappropriately duplicative, as Haviland *already filed* an Opposition to Class Counsel's motion for sanctions (*see* Dkt. No. 7475). The Local Rules do not permit the filing of two separate opposition memoranda. *See* LR 7.1(b)(2) (authorizing filing of a single memorandum in opposition to a motion). Any additional papers may be submitted only by leave of Court. LR 7.1(b)(3).

3. All objections to the BMS Settlement were due on February 28, 2011. Haviland's Reply in Support of Motion to Enforce Settlement (Dkt. No. 7477) is merely *another* objection and a reply brief submitted in further support of a motion he originally filed *over a year ago* on February 16, 2010. *See* Dkt. No. 6917.

4. Likewise, Haviland's "Supplement" in support of his Objection (Dkt No. 7478) is similarly untimely and says nothing that Haviland could not have said over a year ago, or at least before the February 28, 2011 deadline for objections passed.

5. Haviland's Motion to Disqualify (Dkt. No. 7479) is likewise untimely. All of the grounds set forth in his Motion – however completely unfounded they in fact are – were available to Haviland when he filed his Objection over a year ago and were certainly available before the February 28 deadline for objections passed. (Indeed, many of the purported grounds for the Motion occurred nearly four years ago and happened in the completely separate *Lupron* case.) Haviland has long since waived the right to seek the relief sought in that Motion. Ambushing the Court and counsel with this motion on the eve of the final BMS fairness hearing is tardy, unprofessional, clearly calculated to harass and a disservice to the BMS classes who Haviland, once again, seeks to harm.

6.    Granting consideration to Haviland's untimely pleadings would greatly prejudice the Class and Class Counsel and would again allow Haviland to avoid complying with rules that applied to others.

7.    Moreover, Haviland has regularly and repeatedly made untimely filings in support of his objections to settlements in these AWP cases. For example, on the morning of the preliminary approval hearing for the AstraZeneca Class 1 settlement, Haviland filed a so-called "reply" brief. The Court appropriately scolded Haviland, noting that it did not read his new and untimely objections. *See* also Transcript of June 6, 2007 status conference, at 34:5-15. Nonetheless, the Court considered his argument, even though the First Circuit later held that the brief was untimely and the arguments contained therein arguably waived. *See, e.g., In re Average Wholesale Price Litig.*, 588 F.3d 24, 30 (1st Cir. 2009). The First Circuit rejected four other arguments that Haviland raised in an untimely manner. *Id.* at 37-39, 41. Undaunted, Haviland marches on. His ambush tactics mock this Court's scheduling orders, impose tremendous burdens on the Court and the parties and unfairly permit Haviland to skirt rules with which others in this litigation must comply.

What will stop him? Haviland should be sent a strong message that deadlines apply to him; his untimely pleadings should be stricken.

WHEREFORE Class Counsel respectfully request that this Court enter an order striking Dkt. Nos. 7476, 7477, 7478 and 7479, and all other relief that this Court deems just and appropriate.

DATED:  March 25, 2011         By  /s/ **Steve W. Berman**
                                Thomas M. Sobol (BBO#471770)
                                Edward Notargiacomo (BBO#567636)
                                Hagens Berman Sobol Shapiro LLP
                                One Main Street, 4th Floor
                                Cambridge, MA  02142
                                Telephone: (617) 482-3700
                                Facsimile: (617) 482-3003

                                Steve W. Berman
                                Sean R. Matt
                                Hagens Berman Sobol Shapiro LLP
                                1918 Eighth Avenue, Suite 3300
                                Seattle, WA  98101
                                Telephone: (206) 623-7292
                                Facsimile: (206) 623-0594

                                Jennifer Fountain Connolly
                                Hagens Berman Sobol Shapiro LLP
                                1629 K St. NW, Suite 300
                                Washington, D.C.  20006
                                Telephone:  (202) 355-6435
                                Facsimile:  (202) 355-6455

                                Jeffrey Kodroff
                                John A. Macoretta
                                Spector, Roseman, Kodroff & Willis, P.C.
                                1818 Market Street, Suite 2500
                                Philadelphia, PA  19103
                                Telephone: (215) 496-0300
                                Facsimile: (215) 496-6611

                                Kenneth A. Wexler
                                Wexler Wallace LLP
                                55 W. Monroe Street, Suite 3300
                                Chicago, IL  60603
                                Telephone: (312) 346-2222
                                Facsimile: (312) 346-0022

                                Marc H. Edelson
                                Hoffman & Edelson LLC
                                45 West Court Street
                                Doylestown, PA  18901
                                Telephone: (215) 230-8043
                                Facsimile: (215) 230-8735
                                Co-Lead Counsel

- 5 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on March 25, 2011, I caused copies of **CLASS COUNSEL'S MOTION TO STRIKE UNTIMELY HAVILAND FILINGS** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                                  /s/ Steve W. Berman
                                                Steve W. Berman

001534-16 434283 V1