UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
IN RE PHARMACEUTICAL INDUSTRY       )
AVERAGE WHOLESALE PRICE             )
LITIGATION                          ) MDL NO. 1456
                                    )
                                    )
THIS DOCUMENT RELATES TO:           ) MASTER CASE NO. 01-cv-12257-PBS
                                    )
JOHNSON & JOHNSON CLASS 1           )
                                    )
                                    )
```

**ORDER**

March 29, 2011

Saris, U.S.D.J.

In 2006, the Court certified a nationwide consumer class encompassing persons who made, or who incurred an enforceable obligation to make, a co-payment for numerous Medicare Part B covered drugs based on the drug's Average Wholesale Price ("Class 1"). In re Pharm. Indus. Average Wholesale Price Litig., 233 F.R.D. 223, 230 (D. Mass. 2006). Class 1 included a subclass of consumers who paid for Procrit or Remicade, prescription drugs manufactured by Johnson and Johnson ("J&J subclass"). In a summary judgment opinion, the Court limited the class period to 1991 through December 31, 2003. See In re Pharm. Indus. Average Wholesale Price Litig., 460 F. Supp. 2d 277, 288 (D. Mass. 2006). Subsequent to that decision, the original class representatives

for the J&J Class 1 withdrew.[1]  <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>, 738 F. Supp. 2d 227, 230 (D. Mass. 2010). Plaintiffs proposed Mrs. Jimmie Oustad as a new class representative.  (Docket No. 7128.)  The Court made a provisional finding that she was an adequate class representative for Class 1 of the Johnson & Johnson subclass.  738 F. Supp. 2d at 230 n.1.

After reviewing Mrs. Oustad's medical records, defendants filed a motion challenging her adequacy as a class representative because she cannot demonstrate that she paid for Remicade or Procrit during the class period.  Rather, they contend that Mrs. Oustad was treated with Remicade in 2004 and later, after the class period.  (Docket No. 7259.)  Although plaintiffs state that Mrs. Oustad has "received Remicade for several years, has been a Medicare Part B beneficiary and has been charged and paid percentage co-payments for her Remicade," they concede that they "have been unable to locate written records demonstrating that Mrs. Oustad took Remicade prior to May 2004."  (Docket No. 7269.) Class Counsel have represented to the Court that, although they were given time, they have not been able to find another suitable

---

[1] These plaintiffs, all of whom were represented by attorney Donald Haviland, filed motions to withdraw on June 16, 2010. (Docket No. 7136.)  While class counsel did not explicitly oppose the motion to withdraw, they did move for sanctions against Mr. Haviland due to the suspect timing of the motion to withdraw. (Docket No. 7059.)  The Court allowed the motion to withdraw on June 21, 2010, but stated that "plaintiffs may not serve as class representatives in any proposed class action involving AWP.  In addition, Mr. Haviland may not serve as class counsel in any federal litigation involving challenges to AWP."

class representative.  (Id.)

Accordingly, the Court finds that plaintiffs have not demonstrated that Mrs. Oustad is an adequate class representative under Fed. R. Civ. P. 23(a).  I **ALLOW** defendants' Motion Challenging Plaintiffs' Proposed Class Representative (Docket No. 7259) and hereby **VACATE** the provisional finding that Mrs. Oustad was an adequate class representative.  The J&J subclass of Class 1 is dismissed without prejudice.

     /s/ PATTI B. SARIS
PATTI B. SARIS
United States District Judge