# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

## NOTICE REGARDING INVOLVEMENT OF HEALTH CARE FOR ALL IN TRACK II SETTLEMENT

Pursuant to the Court's request at the March 28, 2011 final fairness hearing for the proposed settlement with Bristol-Myers Squibb ("fairness hearing"), the undersigned submits this notice to inform the Court about the involvement of Health Care for All ("HCFA") as a certified class representative for Track II.

1. On March 23, 2011, the Court entered a procedural order regarding the fairness hearing. Therein the Court advised the parties that, beginning approximately February 1, 2011, the Court's daughter apparently began working as a community organizer for Health Care for All. The order further stated that, "[i]f there are any remaining issues involving Health Care for All, I will recuse myself from deciding the issue." Dkt. No. 7472.

2. At the fairness hearing, there was some discussion among the Court, Class Counsel and the undersigned regarding HCFA's involvement in the Track II settlement. Class Counsel told the Court that they did not think that HCFA was a class representative for any aspect of the Track II settlement. March 28, 2011 Tr. at 79:20-23 (attached hereto as Exhibit "A"). The undersigned informed the Court that he believed HCFA was a certified representative for the settlement class. *Id.* at 80:1-2. Thereafter, the Court asked the parties to look into HCFA's

involvement with the Track 2 settlement and report back to the Court whether there was an issue. If there was an issue, the Court represented that it would consider referring the matter of the Track 2 settlement to either Judge Bowler, Judge Stearns, or Judge Young, three jurists with experience in this case. *Id.* at 80:3-18.

4. The undersigned reached out to Class Counsel to confer about this issue, but received no response. Accordingly, this response is filed without the input of Class Counsel.

5. On July 2, 2008, the Court granted preliminary approval of the Track Two settlement and preliminarily certified a nationwide settlement class of consumers. The Preliminary Approval Order named Class 1 consumer representatives as follows: "Muriel Tonacchio as representative of the Estate of Wilma Mort, Vermont Public Interest Group, Wisconsin Citizen Action, New York Statewide Senior Action Counsel, Citizen Action of New York, and *Health Care For All*." Docket No. 5426 (emphasis added).

6. Accordingly, in light of the Court's orders, because HCFA is a certified class representative for the Track II settlement class of Class 1 consumers, the pending motion for final approval of the Track II settlement and certification of the Track II settlement involve issues that require the Court to refer this case to another jurist. *See* Dkt. No. 7472.

7. As the undersigned suggested at the fairness hearing, in view of a pending appeal in MDL 1430 taken by the undersigned's clients, which appeal involves an issue of Judge Stearns potential recusal, the Track II issues involving HCFA are perhaps best referred to either Judge Young, or the Magistrate Bowler, with any appeal to be taken to Judge Young. Both jurists have familiarity with AWP litigation, and the undersigned hereby consents to their resolution of the Track II issues.

8. In addition, at the fairness hearing, the Court asked Class Counsel about the relationship between Prescription Access Litigation ("PAL") and HCFA. In this regard, the Court stated: "Prescription Access Litigation has been involved in some of these. Do they have a common umbrella with Health Care for All? I'm now a little confused about all the relationships." Tr. at 81:22-25. Class Counsel did not answer the Court's question; instead, they represented to the Court that PAL was not receiving any *cy pres* payments from the proposed Track II settlement. Accordingly, the relationship between PAL and HCFA was never explained to the Court.

9. HCFA is one of the organizations that make up PAL. *See* Dkt. No. 6003 at page 28 of 62 (listing HCFA as one of the members of PAL located in the Commonwealth of Massachusetts). In fact, HCFA and PAL occupy the same offices located at 30 Winter Street in Boston, Massachusetts. PAL is a subsidiary of another advocacy organization, Community Catalyst, also located at 30 Winter Street in Boston, Massachusetts.

10. On behalf of his clients in the Track II settlement, the undersigned filed an objection to the Track II settlement. Dkt. No. 5971. Similar to the objections raised by Rev. Aaronson with respect to the BMS proposed settlement, the objection opposes the proposed settlement as underpaying consumers, who have the strongest claims. The objection raises concerns about, *inter alia,* Class Counsel's conflict of interest in seeking to simultaneously represent associations (like PAL and HCFA) and consumers.

11. In support of the objection, subpoenas were issued to PAL, HCFA and Community Catalyst in January 2009. Dkt. No. 5956.

12. Class Counsel, on behalf of their clients PAL, HCFA and Community Catalyst,

3

filed a Motion to Quash these subpoenas. Dkt. Nos. 5982, 5983.

13. That Motion has not been ruled upon by this Court, and the subpoenas have not been complied with.

14. As the Court observed at the fairness hearing, these discovery issues will have to be resolved by the new jurist promptly, in order to avoid delay. March 28, 2011 Tr. At 84:19-20. Accordingly, reference of this matter to Judge Young alone, or to Magistrate Bowler and Judge Young respectfully should be done as soon as possible.

Respectfully submitted,

Dated: April 13, 2010

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
**HAVILAND HUGHES, LLC**
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

**CERTIFICATE OF SERVICE**

I, Donald E. Haviland, Jr., Esquire, hereby certify that on, April 13, 2011, I filed the Notice Regarding Involvement of Health Care for All in Track II Settlement with the Clerk of this Court and used the CM/ECF system to send notification of such filing to all registered person(s).

/s/ Donald E. Haviland, Jr.