**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

# MOTION TO VACATE OR, IN THE ALTERNATIVE, MODIFY THE COURT'S JUNE 22, 2010 ORDER

Attorney Donald E. Haviland Jr. respectfully moves this Honorable Court to request a remand, pursuant to Fed. R. Civ. P. 62.1, of the matter of the appeal of this Court's June 22, 2010 Order enjoining Mr. Haviland from ever "serv(ing) as class counsel in any federal litigation involving challenges to AWP".   Upon remand, Mr. Haviland seeks an Order vacating the June 22, 2010 Order, or modifying it to conform with the Court's comments at the recent Final Fairness Hearing on the proposed BMS settlement.

1.       In November and December of 2006, this Court held a bench trial of the Massachusetts-only Class 2 and 3 claims against, *inter alia,* the Johnson & Johnson Defendants ("J&J Defendants").   On November 20, 2007, the Court issued a final judgment pursuant to Rule 54(b) in favor of the J&J Defendants that included not only the TPP Classes 2 and 3, but the consumer Class 1 as well.

1

2. Because the judgment dismissed *with prejudice* the claims of the nationwide J&J consumer Sub-Class, which included the claims of the named class representative plaintiffs, Larry Young and Therese Shepley – both clients of Mr. Haviland – these plaintiffs objected to the dismissal. *See* Dkt. No. 4954. Class Counsel did not object. *See* First Circuit Court of Appeals Judgment and Opinion at Dkt. Nos. 6538 and 6539. As the Court of Appeals for the First Circuit noted, it was an odd situation to have two (2) attorneys for the Class taking inconsistent positions on such an important matter.

3. A timely appeal should have been taken by Class Counsel, as counsel to the certified Sub-Class of consumers of J&J drugs. Inexplicably, it was not.

4. Instead, the undersigned took a timely appeal from this Court's erroneous dismissal of their claims on the behalf of Mr. Young and Mrs. Shepley, as well as the consumer Class 1 Sub-Class of purchasers of J&J Defendant drugs whom they were certified by the Court to represent.

5. On January 3, 2008, this Court entered an Order disqualifying the undersigned as class counsel. (It is unclear why this Court entered such an Order when it has maintained that it never appointed the undersigned as Class Counsel in the first place.)

6. Class Counsel then filed a Motion to Substitute Counsel, citing this Court's January 3, 2008 Order. The Court of Appeals granted the Motion and

substituted Class Counsel as counsel of record for Mr. Young and Mrs. Shepley on the J&J appeal in the place of Mr. Haviland, over the objections of the Appellants Mr. Young and Ms. Shepley (who had taken the appeal in the first place).

7.  The J&J appeal ultimately succeeded in reversing this Court's Order dismissing the claims of Mr. Young and Mrs. Shepley, as well as the J&J Sub-Class. On September 28, 2009, the Court of Appeals entered an Order vacating the judgment against Class 1.   Had the undersigned not filed a timely Notice of Appeal on behalf of Mr. Young and Mrs. Shepley regarding this Court's judgment of dismissal with prejudice, the claims of Class 1 consumers against J&J would have been improvidently lost.

8.  In August of 2007, in conjunction with this Court's consideration of class certification in Track 2, the undersigned filed a Motion for Appointment as Class Counsel for the Track 2 Consumer Subclasses Pursuant to Fed.R.Civ.Pro. 23(g).   Attached to that pleading were the Declarations of Mr. Haviland's clients, Joyce Howe (the AstraZeneca consumer class representative), Larry Young (the J&J consumer class representative), Reverend David Aaronson (the BMS and GSK class representative), Harold Carter, Roger Clark, and Harold Bean.   In these sworn Declarations, each person attested:

> [b]ecause I rely exclusively on Mr. Haviland to tell me about the litigation, and I trust Mr. Haviland to represent the best interests of consumers like me in the lawsuit, I respectfully submit that Mr. Haviland and his firm should be

appointed Class Counsel to represent the Class of consumers in this case.  ***If Mr. Haviland and his firm cannot serve as Class Counsel, I would like to withdraw as a class representative.***

*See* Dkt. No. 4649 at ¶9 (Rev. Aaronson Declaration) (emphasis added); *see also* Dkt Nos. 4647-4650 and 4652-4653.  This Court was apparently offended by the desires of these elderly plaintiffs to have the continued counsel of their chosen attorney, who had been representing them since at least 2004 ("As I explained at the August 27…and the September 11…hearings, I interpreted these declarations as threats to take his toys and go home if the Court declined his request." *See* January 3, 2008 Order at 10).

9. When Class Counsel filed vexatious pleadings attacking the integrity of the undersigned, he withdrew as class counsel and withdrew his application to be appointed Class Counsel for the Track 2 consumer subclass.  However, at Class Counsel's request, this Court treated the notice of withdrawal as a motion to withdraw and subsequently entered the January 3, 2008, Order disqualifying the undersigned from serving as Class Counsel in this case (despite the fact this Court has maintained it never made such an appointment.)

10. The disqualification order was entered without prior notice, a hearing or opportunity to be heard, despite the undersigned's repeated requests for an evidentiary hearing should the Court choose to proceed to determine the counsel "best able to represent the class" under Rule 23(g).  The lack of due process in the

4

Court's issuance of such an Order that has been professionally damaging to the undersigned's reputation and will be the subject of an appeal at the end of this case, if the Court chooses to not provide Mr. Haviland the opportunity for a hearing and to develop a proper evidentiary record. That record would demonstrate that the Court's factual findings were erroneous.

11. Following the remand of the J&J case, and the passing of Mrs. Shepley, the undersigned filed a Notice of Suggestion of Death as to Mrs. Shepley, and a Motion to Withdraw as to Mr. Young.  Mr. Young was displeased with his treatment at the hands of Class Counsel and desired to withdraw as class representative.

12. On June 22, 2010, the District Court entered an Order granting the Motion to Withdraw as Class Representative.  The Order stated further, "[h]owever plaintiffs may not serve as class representatives in any proposed class action involving AWP.  In addition, Mr. Haviland may not serve as class counsel in any federal litigation involving challenges to AWP."

13. On July 22, 2010, the undersigned filed a Notice of Appeal from the June 22, 2010 Order, appealing the prophylactic injunction imposed on the future practice of law.  That appeal is currently pending in the First Circuit.

14. On Monday, March 28, 2011, this Court held the Final Fairness Hearing ("Fairness Hearing") for the proposed settlement with Defendants

Bristol-Myers Squibb ("BMS") in the underlying case, *In re Pharmaceutical Industry Average Wholesale Price Litigation,* C.A. No. 01-12257.   Both the undersigned and Class Counsel were present at that Fairness Hearing.

15.   During the course of the Fairness Hearing, the issue of the appeal of the June 22, 2010 Order came up and, specifically, the Court's injunction which is the subject of the pending appeal.   This Court made a number of statements on the record regarding the Court's Order and its apparent intent with respect to the scope of the subject Order on appeal.   It is the undersigned's belief that the Court substantially modified the scope of the subject injunction and made clear on the record that the Court did not intend for the subject Order to have the extra-territorial effect that it appears to have on its face.   This issue is critical to the resolution of the pending appeal and may potentially severely limit the scope of that appeal, if not resolve it altogether.

16.   The following relevant exchange took place at the Fairness Hearing:

**MR. HAVILAND:** I took the appeal of Johnson & Johnson on behalf of Shepley, and your Honor pointed out, "Boy, I wish someone had pointed out to me that I had dismissed the whole class."   Well, we took that appeal.   And then you disqualified my firm, myself, and they [Class Counsel] substituted in.   My clients are not happy at all with how that case is going, and they withdrew.   And your Honor now has a sanction order against me that we've had to appeal because, you know --

**THE COURT:**   Well, where is that?

**MR. HAVILAND:** It's in the First Circuit now because you have a sanction

against me ever being class counsel, and I just can't have that --

**THE COURT:** Never being class counsel -- **no, here, here.**

**MR. HAVILAND:** No, no, anywhere, your Honor, you said anywhere.

**MR. MATT [Class Counsel]:** In AWP-related litigation.

**THE COURT: In AWP**.

**MR. HAVILAND:** In a Federal Court.

**THE COURT:** In AWP.

**MR. HAVILAND:** In a Federal Court, you said I cannot be class counsel --

**THE COURT:** *Yes, but not ever in any case from the beginning of time. At least I didn't plan to do that*. I mean –

Mar. 28, 2011 Tr. at 47:24-48:23 (emphasis added).

17. The Court also appears to have clarified its position at the Fairness Hearing with respect to the status of Mr. Haviland's clients, whom the Court previously appointed as the consumer class representatives in Track 1: the Court stated it believed these plaintiffs had effectively withdrawn from the case and their roles as court-appointed class representatives in <u>August 2007</u> vis-a-vis their above-referenced Declarations. This is critically important because the impetus for the Court's June 22, 2010 Order was a Motion to Withdraw filed on behalf of Mr. Young. That Motion was only filed because Mr. Young reasonably believed he was the court-appointed class representative through the pendency of the J&J appeal

7

and post-remand in 2010. However, at the BMS Fairness Hearing, this Court made clear that it believed that all of the undersigned's clients, including Mr. Young, had withdrawn from the case in 2007 -- **not in 2010.** Therefore, the Motion to Withdraw was a legal nullity, as there was no need for the undersigned to file a request to withdraw on behalf of Mr. Young.

18. Without any basis for a Motion to Withdraw, respectfully, there was no basis for the Court's June 22, 2010 Order enjoining Mr. Haviland from ever serving as class counsel in any AWP litigation at any time in any federal district court in the country as a "condition" of the Plaintiffs' withdrawal (as Class Counsel contends before the First Circuit).

19. The Court's remarks on this subject were as follows:

> **THE COURT:** Now, it may be that we didn't cross the T and dot the I. *I deemed that* [position taken in the Affidavits] *a withdrawal.* Now, maybe I should have issued an order deeming them no longer class reps, but, you know, no one asked me to and I didn't do it. *But I remember at the time distinctly believing*, because I remember there was then a problem with the class, and I said, "Can you find someone else?" Wasn't that how this all evolved? I remember thinking that that might undercut the whole class action, *and I think I deemed it, and I think no one disabused me of it, as a withdrawal that might undermine the viability of the class*.

March 28, 2011 Tr. at 48:1-11 (emphasis added).

20. In response, the undersigned told the Court that he did not understand the Court to have deemed the affidavits as effectuating a withdrawal, nor did he think that anybody else did. However, the Court directly replied that, "[Class

8

Counsel] must have [had that understanding] because they went out and got someone else [to serve as the class representative for the case against BMS]." *Id.* at 47:2-5.   Class Counsel has never denied on the record that they had such understanding; they certainly did not do so at the Fairness Hearing.

21.   Following the discussion regarding the intended scope of the Court's June 22, 2010 Order, the Court then proceeded to address the subject of the client affidavits again, stating "[s]o they said, 'we're not happy the way things are going, and, therefore, if he's not counsel, we don't want to be part of this.' ***I remember viewing that as a withdrawal.***"   *Id.* at 49:20-23.   The Court repeated its belief that the undersigned's clients had withdrawn from the case in 2007.   *See id.* at 52:25-53:4 ("MR. HAVILAND: All right.   So if [Reverend Aaronson was] disqualified when I was disqualified, then you're right, he's not here as a representative, and he's here just as an objector.   THE COURT: I didn't disqualify him.   ***He withdrew....***").

22.   Affirming their understanding that the undersigned's clients had withdrawn in 2007, Class Counsel read to the Court from the actual language of the Aaronson affidavit (which they conveniently had on hand).   (Dkt. No. 4649).   *Id.* at 61:9-16.   The District Court then reiterated its position one last time, stating directly to Class Counsel, "all right, so you've reminded me, ***his guy withdrew***."   *Id.* at 62:5-6 (emphasis added).

23. Class Counsel claim in their Appellees' Brief filed with the First Circuit that "[t]he [June 22, 2010] Order has no effect on (1) Haviland's ability to represent clients in state court cases involving challenges to AWP; (2) Haviland's ability to serve as class counsel in cases that involve - but do not 'challenge' - AWP; or (3) Haviland's ability to represent clients in actions not brought as putative class actions." *Id.* at 41. None of these elements emanate from the language of the Court's existing June 22, 2010 Order, which states broadly that "[the undersigned] may not serve as class counsel in any federal litigation involving challenges to AWP."

24. Given this Court's comments at the BMS Fairness Hearing, the undersigned respectfully submits that this Court's June 22, 2010 Order is inappropriate and should be vacated in light of the fact that the Court has clarified its belief that Mr. Young and Mrs. Shepley had withdrawn as class representatives back in 2007. As a result, the Motion to Withdraw was unnecessary and should have been deemed moot by the court. There is certainly no basis for issuing an injunction against Mr. Haviland for following his clients' wishes to withdraw by filing a Motion. Neither Mr. Young nor Mr. Haviland had any clue the Court had deemed Mr. Young "withdrew" as of 2007. For this reason, the June 22, 2010 Order should be vacated as moot.

25. Should the Court choose to maintain same Order respecting Mr.

Haviland – either as a "sanction" or as a "condition" on the withdrawal (as Class counsel contend before the First Circuit the Court intended) – then it is respectfully submitted that Mr. Haviland should be afforded a reasonable opportunity to appear and make a record before the Court makes any further findings in a vacuum.

26.   On multiple occasions, Mr. Haviland has requested such a hearing. On many occasions, the Court has committed to holding a hearing.   However, no hearing has ever been held.   Instead, the Court proceeded to enter the June 22, 2010 Order without a hearing, depriving Mr. Haviland of due process. The same is true of the Court's earlier January 3, 2008 disqualification Order:   no hearing was ever held; the Court ruled on the papers filed by Class Counsel months after they had been filed without notice to Mr. Haviland or the opportunity to be heard.

27.   Following the Court's comments at the Fairness Hearing, the undersigned filed a Motion in the First Circuit to file an addendum to his Reply Appellant Brief to include the transcript of the Fairness Hearing.   The Motion, as well as the Reply Brief, cited Fed. R. App. P. 10 as a basis for modifying the record to include the Court's comments at the fairness hearing.   On April 15, 2011, the First Circuit entered an Order allowing the undersigned to include "short excerpts" of the transcript as an addendum and stating, *inter alia,* that "to the extent that the district court's comments are relevant to the issues on appeal, the panel deciding this case on the merits may, but need not, exercise its discretion to take judicial notice of

those comments."[1]

28.     The First Circuit's Order also instructed that, "[a]bsent extraordinary circumstances not present here, Rule 10 cannot be used to expand the record to include material that post-dates the order appealed from.   Nor is Rule 10 the proper way to seek modification or correction of district court orders that are currently on appeal."  (citations omitted).

29.     Importantly for purposes of the instant Motion, the Order stated, "[i]f Haviland wanted to seek such a modification, he should have filed an appropriate motion in the district court, which could then request a remand if it were inclined to grant the motion.  *See* Fed. R. App. P. 12.1; Fed. R. Civ. P. 62.1. Absent such a remand, the district court was powerless to modify the order pending appeal, even if that was what it intended to do by its passing references to that order in an unrelated hearing."

WHEREFORE, Attorney Donald E. Haviland, Jr., respectfully requests pursuant to the direction of the First Circuit, that this Court request a remand pursuant to Fed. R. Civ. P. 62.1(a)(3), and enter an order either vacating the June 22, 2010 Order or, in the alternative, modifying the scope of the order to limit its perpetual, extraterritorial scope (that the Order currently has on its face) after notice

---

[1] The undersigned also filed a motion for leave to file an oversized reply brief that was ruled on concurrently.

and the opportunity to be heard.

Dated: April 21, 2011                _____/s/_____
                                     Donald E. Haviland, Jr., Esquire
                                     Michael J. Lorusso, Esquire
                                     **Haviland Hughes, LLC**
                                     111 S. Independence Mall East, Suite 1000
                                     Philadelphia, PA 19106
                                     (215) 609-4661

                                     Attorneys for Larry Young, on behalf of the
                                     Estate of Patricia Young, and Ken Wright,
                                     co-executor of the Estate of Therese Shepley

## **CERTIFICATE OF SERVICE**

     I, Donald E. Haviland, Jr., hereby certify that on April 21, 2011 the foregoing Motion to Vacate or, In the Alternative, Modify the Court's June 22, 2010 Order was filed via CM/ECF and all counsel of record were served via ECF notification.

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr.
