# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**DECLARATION OF RYAN WALTER REGARDING
DISTRIBUTION OF CLASS 1 ASTRAZENECA SETTLEMENT FUND**

The undersigned, RYAN WALTER, states that:

1. I submit this Declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the status of the remaining funds in the AstraZeneca Class 1 Settlement Fund. The Court-appointed Complete Claim Solutions, LLC ("CCS") as Claims Administrator in this action. In February 2009, CCS began doing business as Rust Consulting, Inc. ("Rust"). This change was in name only.

2. I am a Project Manager at Rust. I am over 21 years of age and am not a party to this Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

3. To date Rust has paid out $19,286,707.23 to 8,636 claimants.

4. On March 22, 2011, the Court issued an Order Granting Class Counsel's Motion to Partially Distribute AstraZenca Class 1 Settlement Funds to *Cy Pres* Recipients. Pursuant to ¶ 3 of the Order, the Claims Administrator was authorized to issue 14 checks to valid but otherwise late claimants; said checks having a stale date of June 4, 2011. The Claims Administrator issued those checks; their amounts totaled $53,994.18.

1

5. As indicated in ¶ 8 of the Declaration of Ryan Walter Regarding Distribution of Class 1 AstraZeneca Settlement Fund dated February 28, 2011, previously filed with the Court, Rust submitted a list of Class members' stale and outstanding checks, in excess of $1,500, to Class Counsel's in-house investigator in an attempt to locate relatives or next-of-kin of the Class member. The investigator was able to locate a contact for 28 of them.

6. Rust initiated a telephone campaign to each of these contacts to verify that they were in fact a relative or next-of-kin of the Class member and to encourage them to cash the check on behalf of the Class member who had originally received it. Rust is in the process of issuing checks to the 28 newly found relatives of Class Members.

7. Accordingly, there remains a balance in the distribution account of $546,113.26 after deduction of the checks, referred to in ¶ 6 above, in the amount of $133,184.12 and the remaining outstanding checks in the amount of $58,151.02. The $546,113.26 balance above represents checks sent to 455 claimants, 218 checks were returned as undeliverable and 237 checks were stale dated and simply never cashed. Rust has made multiple attempts to get these checks to the claimants and encourage them to cash the checks.

8. Pursuant to the Settlement Agreement, there remains a balance on the *cy pres* distribution in the amount of $733,099.53.

9. As the 28 newly issued checks will require additional time (60-day stale date) to be cashed, Rust estimates that there will be between $1,279,212.79 and $1,470,547.93 available for distribution to *cy pres* receipients after all checks have been cashed.

10. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 29th day of April, 2011 in Palm Beach Gardens, Florida.

                                                      /s/ Ryan Walter
                                                      Ryan Walter