IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

**DECLARATION OF REBECCA ANNE HOPKINS IN SUPPORT OF
REQUEST FOR REIMBURSEMENT FROM THE BMS SETTLEMENT FUND**

I, Rebecca Anne Hopkins, pursuant to 28 U.S.C. § 1746, depose and state as follows:

1.   I currently live in Concord, California. I have personal knowledge of the facts stated below and will testify in court about these facts if called upon to do so.

2.   With my consent, my name was added as a Proposed Class 3 Representative to the Third Amended Master Consolidated Class Action Complaint. I understand that Class 3 includes third-party payers and individual patients who paid for some drugs from Defendant Bristol-Myers Squibb ("BMS"), and some other drug companies, outside the Medicare context. I also understand that my name continued to be listed as a Proposed Class 3 Representative in each of the subsequent versions of the Class Action Complaint in this case.

3.   Among other things, I testified against BMS at deposition and again at the BMS trial on behalf of the Class in this case. I submit this Declaration in support of my request for reimbursement from the BMS Settlement Fund for time spent in this litigation.

4.   In June of 1991, I was diagnosed with a type of ovarian cancer known as granulosa cell tumor ("GCT") of the ovary. Since then, my cancer has progressed and I continue to receive

1

treatments. My cancer, as well as the many drug therapies and treatments for my cancer, have caused me to suffer numerous serious complications resulting in other illnesses and medical conditions, all of which have resulted in my receiving scores of medications.

5. As part of my treatment, I was prescribed and I made payments for BMS's Taxol® and etoposide "VP-16" which I understand were manufactured by BMS and are only some of the BMS drugs that I took. I testified about this at either or both my deposition taken by a BMS attorney on November 15, 2005, and the BMS trial in Boston, Massachusetts, on November 7, 2006. (A copy of my deposition transcript with my signature page and errata sheet and the pages of my trial transcript are attached to this Declaration.)

6. From 2005, when I first learned of this lawsuit and retained counsel for purposes of this lawsuit, until the BMS settlement, I performed numerous discovery and trial related tasks in furtherance of this litigation and my obligations to the Class, including, on numerous occasions at my counsel's request, searching for, identifying, reviewing, collecting and providing documents for production, which included my prescription and voluminous medical records and records of payment (and insurance documents for any periods that I had any health insurance); conducting telephone calls and communicating with my many medical providers to obtain from them information needed for the litigation; preparing for, communicating and meeting with counsel regarding, traveling for, and testifying at my deposition (as well as carefully reviewing my deposition transcript to provide corrections to my testimony); and providing a trial Declaration for, preparing for, traveling by air to and from, meeting with my counsel regarding, and testifying at the BMS trial.

7. In addition, I regularly communicated with my counsel Don Haviland and others in

or associated with his office about the litigation, including issues related to the case, discovery, trial, strategy, understanding my records, treatment, prescribed medications and payments for those medications, updating my records, and progress of the case.

8. I did not make contemporaneous records of my time as an attorney would, but based on my memory of the events involved and my independent review of my own electronic and hard copy files and notes, I am able to provide the following reasonable and conservative estimate of my time spent on the following tasks in this lawsuit:

a. Extensive initial and subsequent searches for and collections, review and providing of documents to my counsel, numerous telephone conversations and communications with my medical providers regarding my treatments, medications prescribed to me and payments for those medications, numerous telephone conversations and communications with my counsel regarding my documents, document collections and retrievals, my treatments, medications, and my payments for those medications, and responding to other inquires by my counsel: 125 hours;

b. Preparation for and telephone conversations, communications and meetings with my counsel regarding my deposition, travel relating to and attendance at my deposition, review of my deposition transcript, post-deposition preparation of detailed communication to my counsel regarding my deposition testimony, telephone conversations with my counsel regarding potential corrections to my deposition transcript, and providing to my counsel a list of deposition testimony corrections: 30 hours;

c. Conferences and communications with, and providing assistance to, my counsel in preparing and providing my Declaration for purposes of trial, reviewing documents for purposes of my trial Declaration and in preparation for trial, travel (including delayed flights and flight transfers) relating to and meetings with my counsel in preparation for trial, and testifying at trial: 35 hours; and

d. Periodic updates and transmittal of records and conferences with my counsel regarding progress of the case: 6 hours

9. Based on all of the work I did, I estimate that I spent a total of 196 hours on this litigation.[1]

10. I understand from my counsel that the Court has indicated at the final approval hearing in another settlement that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour. At the rate of $100.00 per hour, I calculate the value of my time to be, and I request reimbursement from the BMS Settlement Fund in the amount of, $19,600.00.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated: 3-25-2011

_____
REBECCA ANNE HOPKINS

---

[1] I have not included in my request for reimbursement any of my recuperation time following my deposition and testifying at trial. Preparation for, travel relating to and attendance at my deposition and at trial left me physically, mentally and emotionally exhausted. I was unable to perform many of my normal everyday activities for several days after both the deposition and my time at the trial. I say this not because I am seeking reimbursement for my recuperation, but because I believe it is important for the Court to understand the personal toll that fulfilling my obligations to the Class took on me and the high level of sacrifice that I undertook in furtherance of this litigation.

4

**CERTIFICATE OF SERVICE**

I, Donald E. Haviland, Jr., Esquire, hereby certify that on May 2, 2011, I filed the foregoing Declaration of Rebecca Anne Hopkins in Support of Request for Reimbursement from the BMS Settlement Fund with the Clerk of this Court and used the CM/ECF system to send notification of such filing to all registered person(s).

/s/ Donald E. Haviland
**Donald E. Haviland, Jr., Esquire**