**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**DECLARATION OF REV. DAVID AARONSON IN SUPPORT OF
REQUEST FOR REIMBURSEMENT FROM THE BMS SETTLEMENT FUND**

I, David Aaronson, pursuant to 28 U.S.C. §1746, depose and state as follows:

1.      My name is David Aaronson and I live in Matthews, North Carolina. I submit this declaration in support of my Motion to Enforce Settlement and related documents my counsel is filing in relation to my objections to the proposed settlement with Bristol-Myers Squibb ("BMS"). This declaration is also submitted in support of my request for reimbursement for time spent in this litigation from the BMS Settlement Fund. I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so.

2.      With our consent, my wife, Susan Aaronson, was offered as a Class 1 representative in the Third Amended Master Consolidated Class Action Complaint, filed in October 2005. It is my understanding that in January 2006 the Court appointed my wife and I as representatives of a Class of Medicare patients who purchased drugs from defendants GlaxoSmithKline ("GSK") and BMS. From that point on, I understand that our names continued to be listed as a Class 1 representatives in all the subsequently filed documents in the case, some of which we reviewed and discussed with our counsel, Don Haviland, and attorneys in his firm.

3.      My wife was diagnosed with both breast and ovarian cancer and underwent an

extensive course of chemotherapy for her condition, which therapy included all of the following

BMS drugs: carboplatin, cisplatin and paclitaxel. We knew these drugs were manufactured by

BMS by our direct interaction with them as well as our medical records.

4.      My wife and I were Medicare beneficiaries, with partial supplemental insurance

coverage through our church and paid for a portion of the cost of these physician-administered

prescription medications which Sue received.

5.      Sadly, Sue passed away. I have continued to fulfill our duties to the

Class since that time. I attended two (2) depositions in this case and answered questions about

Sue's treatment and our involvement as plaintiffs in this lawsuit. (I reviewed the deposition

transcripts after the depositions were conducted, and my signature page and errata sheet are

attached to this declaration).

6.      The hours expended by myself and my deceased wife, Sue, in furtherance of this

litigation involve our time in identifying and producing relevant documents, in reviewing and

authorizing pleadings, in preparing for and attending depositions, in preparing for trial, and in

reviewing the terms of settlement with counsel.

7.      From 2005, when we first learned of the suit and retained counsel for purposes of

the suit, Sue and I handled various discovery-related tasks, including identifying and locating

documents for production, including our prescription records and records of payment, and

preparing for and attending our respective depositions.

8.      In addition, I have regularly communicated with my counsel, Don Haviland and

others in his office, about the litigation, including issues related to the case, discovery, class

certification, strategy, understanding the prescription and payment records, and the progress of

the case. I have never spoken with any of the lawyers representing the Class in this case.

9.      Based upon my memory of the events involved, I can make a reasonable and conservative estimate of the hours involved.

10.     I estimate the following time was spent on the following tasks:

a.      Document retrieval, review and authorization of initial pleadings: 20 hours;

b.      Discovery responses, including additional document retrieval: 30 hours;

c.      Preparation for and attendance at two (2) depositions (including Sue's time in preparing), post-deposition conferences with counsel, review of deposition transcripts and preparation of errata sheets: 45 hours;

d.      Preparation for class certification, including review and assembly of documents and conferences with counsel (*see* Declaration of Donald E. Haviland, Jr., Esquire, filed under seal at Dkt. No. 1969): 6 hours;

e.      Preparation for opposition to summary judgment, including preparation of declaration in opposition to Defendants' Motion for Summary Judgment (*see* Dkt. No. 2395): 6 hours;

f.      Pre-trial preparations, document retrieval and review, conferences with counsel regarding trial testimony: 25 hours;

g.      Settlement discussions with counsel, review of documents pertaining to settlement, review and authorization of documents pertaining to settlement: 10 hours; and

h.      Periodic update and transmittal of records and conferences with counsel regarding progress of the case: 6 hours.

11.     Based on all of the work we did, I estimate the total time spent by us on this litigation to be 148 hours.

12.     I understand from our counsel that the Court indicated at the final approval hearing in another settlement that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour.

Using those figures as a guide, I calculate my requested reimbursement as a class representative to be $14,800.00.

This declaration is made subject to the penalties of perjury.

Dated: _April 17, 2011_                                  _David Aaronson_
                                                          David Aaronson

## CERTIFICATE OF SERVICE

I, Donald E. Haviland, Jr., Esquire, hereby certify that on May 2, 2011, I filed the

foregoing Declaration of Rev. David Aaronson in Support of Request for Reimbursement from

the BMS Settlement Fund with the Clerk of this Court and used the CM/ECF system to send

notification of such filing to all registered person(s).


**/s/ Donald E. Haviland**
**Donald E. Haviland, Jr., Esquire**