IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| ALL ACTIONS | |

**REPLY IN RESPONSE TO CLASS COUNSEL'S RESPONSE TO NOTICE REGARDING INVOLVEMENT OF HEALTH CARE FOR ALL IN TRACK 2 SETTLEMENT**

In view of the unsolicited "Response" by Class counsel to the notice filed by the undersigned, at this Court's request, a brief Reply is needed to ensure a clear record.

In filing the "Notice Regarding Involvement of Health Care for All in Track 2 Settlement" ("Notice") (Dkt. No. 7501), the undersigned sought to comply with this Court's explicit directive "put(ting) the burden on Mr. Haviland ...to figure out if there is a Track Two issue with Health Care for All," and to "get back to (the Court) about whether there's still an issue." The Court also "require(d)[the parties] to talk" about the same. *Id.* at 84:9. *See* March 28, 2011 Hrg. Tr. at 84:8-11; 85:8-10.

Contrary to Class Counsel's representation in their pleading[1], the undersigned emailed Class Counsel (Tom Sobol and Sean Matt) immediately after the March 28, 2011 BMS Fairness hearing, to try to resolve both BMS and Track 2 settlement issues. As for Track 2, the undesigned counsel asked "Who is in charge of Track 2? I understand the Judge wants us to speak on that as well." *See* March 29, 2011 e-mail at Exhibit "A" hereto. That email explicitly initiated contact with Class Counsel "to try to comply with the Court's Order that [all parties] look to ending AWP

---

[1] Response at 1, n. 1 (claiming it is "not true" that Mr. Haviland reached out to Class Counsel to confer about this issue.")

for all by June?" *Id.* While Class Counsel (Mr. Sobol) responded that "Sean [Matt] is running the BMS settlement. It is up to him as to who negotiates with you," Class Counsel never responded as to Track 2.

It is unfortunate that Class Counsel continue to focus upon "adding to the record" of purported "misstatements" by the undersigned, Response at 1, n. 1, rather than heeding this Court's clear admonition to set aside past differences and try to resolve this case for the benefit of the clients and the Class. Indeed, it was only by the intercession of Mediator Eric Green that significant progress was made and resolution was reached as to the BMS settlement, despite the undersigned's express willingness to try to resolve the matter directly with Class Counsel. *See* Ex. "A" ("We've got some ideas here about how a reallocation might address the Court's concerns and our objections.").

It is equally unfortunate that the unverified and unsubstantiated misstatements in such filings can no longer go unanswered, as they have been relied upon by this Court in the past and have found their way into negative judicial opinions. *Compare In re AWP,* 2008 WL 53278, *3 (January 3, 2008) (wherein this Court found that Class Counsel "did not know of Haviland's litigation position in New Jersey" as grounds for its disqualification),[2] *with* email communications previously filed of record and evidencing such knowledge (at Ex. "B" hereto).[3]

---

[2]   Indeed, Class Counsel argued to this Court that they "simply were not aware that Haviland had decided to seek a nationwide class in the New Jersey action and would never have assented to such a challenge to this Court's authority." Dkt. No. 4776 at 5.

[3]   A November 1, 2005 email thread begins with an email from AstraZeneca's counsel challenging whether the undersigned "can be part of [the Lead Counsel group in MDL 1456 by] simultaneously seek(ing) remand of a duplicative action to state court". In response, Co-Lead Counsel Jeffrey Kodroff wrote, the "[m]ore courts we have the more pressure we can put on defendants." Steve Berman then wrote, "[u]ntil class is certified I don't see it as duplicative. I say

On the merits of Class Counsel's Response, three (3) comments are in order.

First, Class Counsel urge that "Haviland's Notice is moot" because they have filed a motion to withdraw HCFA as a Class 1 representative, citing Dkt. No. 7503. A response to that Motion is being filed contemporaneously herewith, which Response points out that the question of HCFA's withdrawal is no simple matter, given that Plaintiff's integral role in the case from its inception and its involvement in the negotiation of the Track 2 settlement is at issue. Because the Motion to Withdraw itself invites the sort of judicial scrutiny and ruling which Judge Saris has stated she will not provide in light of her daughter's present employment at HFCA, another jurist needs to be assigned to this case at least to determine certain threshold issues concerning the Track 2 settlement.

Second, unable to answer the Court's question directly at the March 28, 2001 hearing, Class Counsel now claim categorically that the other jurist assigned *must be* Judge Stearns. Response at 1-2. The undersigned reiterates his agreement with the Court's stated preference to have Magistrate Judge Bowler resolve Track 2 issues, with any appeal to be taken to Judge

---

we tell [AstraZeneca counsel] to pound sand." Mr. Haviland then thanked Co-Lead Counsel "for the support for *our unified approach*" and expectation "to litigate [the New Jersey case] with the other leads as part of *our unified strategy*." (Emphasis added) Mr. Berman then asked for a copy of the New Jersey complaint and stated to all the Co-Leads, "I think as soon as [the New Jersey case is] remanded [by Judge Saris back to NJ state court] we move for class certification".

An April 24, 2006 email from Shanin Specter, of Kline & Specter, to the undersigned reports on a conference call with Co-Lead counsel as follows: "I raised the Local 68 [New Jersey AWP] case and *possibility of seeking a nationwide TPP class in NJ*. Kodroff responds that that would likely only work as to JandJ – I respond 'well, that would be ok, too.'" (Emphasis added)

On May 25, 2006, in response to an email inquiry by Sean Matt about the chances of taking certain AWP discovery depositions in state court, the undersigned responded, "we should not do it piecemeal, but as part of an *integrated strategy of supplemental discovery*. We will be able to do any depo not taken in the mdl." On May 26, 2006, Steve Berman responded: *"[I] think we need a coordinated NJ strategy* and we should have a call, your shop and mine. Sean and I here to do so." (Emphasis added).

3

Young, in view of her years of experience with the case and Judge Young's ability to expedite.[4] .

Because Class Counsel did not seek to confer before their submission was filed, the undersigned can agree with one thing they have said about the matter of judicial reference: that the issue should not "turn into a sideshow."  March 28, 2011 Hrg. Tr. at 81:1-2.

Class Counsel's argument for Judge Stearns seems premised upon making the undersigned's clients "lie" in some "flea-ridden bed" with respect to the fair and impartial adjudication of their meritorious objections to the Track 2 settlement (with absolutely no disrespect to Judge Stearns intended by the echo of Class Counsel's unflattering words). Indeed, if Class Counsel are correct in that "Judge Stearns has knowledge" of the undersigned's alleged "misconduct in prior litigation", and would be called upon to use that "understanding of Haviland's history" in ruling on the pending issues in this case, then they have made as good a case as any for not referring the case to Judge Stearns, given their apparent allegations about his purported predisposition against the undersigned. *See, e.g.*, *Caperton v. A.T. Massey Coal Co.*, 2009 WL 1576573 (U.S. 2009) at *14 (citing *Liteky v. United States,* 510 U.S. 540, 558, (1994) (KENNEDY, J., concurring in judgment)("[U]nder [28 U.S.C.] § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute"); *see also*, Sept. 11, 2007

---

[4]  *See* March 28, 2011 Hrg. Tr. at 81:5-7 (The Court: "Well, so my option is on the table: Agree to Judge Bowler, which is my personal preference because she knows so much about it."); 84:12-19 (The Court: "Judge Bowler could take it, and I want to know if there's an agreement to her; and if not an agreement, I will refer it to her anyway with an appeal to either Judge Young or Judge Stearns. I mean, that's how I'm going to, I think -- I have to find out who's -- now that I hear there's some concern, maybe I'd go to Judge Young. But he's lightning quick. I mean, he'll turn it around in no time at all, so I'm not worried about a delay there..."); 82:13-14 (Mr. Haviland: "I'm happy to go on record as saying that I have no objection to Judge Bowler or Judge Young.").

4

Hrg. Tr. at 16:11-15 (The Court: "[L]et me just say this:  I've got a problem, Mr. Haviland.  Let me just be really blunt.  I knew about the problems you had with Judge Stearns.  I knew.  I read about it.  I know about it.  *I've talked with Judge Stearns.  I knew.  Strike one.*")(Emphasis added)[5]

Third, the Notice did not seek any ruling on any pending motion or discovery, as charged by Class Counsel.  It sought only to point out some of the pending issues concerning the Track 2 settlement so this Court could make an informed decision about the reference.  Indeed, the issue of the nature and scope of discovery sought of HFCA, and its affiliated organizations on Winter Street in Boston, PAL and Community Catalyst, is an issue about which this Court has lingering questions and which questions another judge might resolve on an expedited basis.  March 28, 2011 Hrg. Tr. at 81:22-25 ("Now, let me ask you another.  Prescription Access Litigation has been involved in some of these.  Do they have a common umbrella with Health Care for All?  I'm now a little confused about all the relationships."); 84: 17-20 (commenting on how "lightning quick" Judge Young would be).

---

[5]     While it is unclear what use Class Counsel would seek to make of their views of the record of the proceedings in MDL 1430, but the law is clear that the opinion of a judge is not a "fact" of record.  Consequently, federal and state courts alike refuse to admit judicial opinions as substantive evidence of the facts on which the author of the opinion has based his or her judgment. *See, e.g., Int'l Land Acquisitions, Inc. v. Fausto*, 39 Fed. Appx. 751 (3d Cir. 2002); *Trustees of the University of Pennsylvania v. Lexington Ins. Co.*, 815 F.2d 890, 905 (3d Cir. 1987); *Nipper v. Snipes*, 7 F.3d 415 (4th Cir. 1993); *McCorkle Farms, Inc. v. Thompson*, 84 S.W.3d 884 (Ark. Ct. App. 2002) ("At common law, a judgment from another case would not be admitted [into evidence]."); *First Nat'l Bank v. A.E. Simone & Co.*, 1998 Del. Super. LEXIS 247 at *10, n.9 (Del. Super. Ct. May 18, 1998) (citing state law cases refusing to admit judgment into evidence under public records exception to the hearsay rule); *Gonzales v. Surgidev Corp.*, 899 P.2d 576 (N. M. 1995); *Mizell v. Glover*, 570 S.E.2d 176 (S.C. 2002); *Johnson v. American Family Mut. Ins. Co.*, 287 N.W.2d 729 (Wis. 1980).

     For these reasons, and notwithstanding aspersions caste against the undersigned, the Notice Regarding the Involvement of HCFA remains factually accurate and, respectfully, warrants reference of Track 2 settlement issues to another jurist of this Court.

                                                                   Respectfully submitted,

Dated: May 2, 2011                                    /s/ Donald E. Haviland, Jr.
                                                        Donald E. Haviland, Jr., Esquire
                                                        **HAVILAND HUGHES, LLC**
                                                        111 S. Independence Mall East
                                                        The Bourse, Suite 1000
                                                        Philadelphia, PA 19106
                                                        Telephone: (215) 609-4661
                                                        Facsimile:  (215)392-4400

**CERTIFICATE OF SERVICE**

    I, Donald E. Haviland, Jr., Esquire, hereby certify that on, May 2, 2011, I filed the Reply in Response to Class Counsel's Response to Notice Regarding Involvement of Health Care For All in Track 2 Settlement with the Clerk of this Court and used the CM/ECF system to send notification of such filing to all registered person(s).

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
**HAVILAND HUGHES, LLC**
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106
Telephone: (215) 609-4661
Facsimile:  (215) 392-4400