IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

**RESPONSE OF NAMED CONSUMER PLAINTIFFS
TO HEALTH CARE FOR ALL'S MOTION TO WITHDRAW AS
CLASS I REPRESENTATIVE FOR TRACK 2 SETTLEMENT**

Named consumer plaintiffs, by and through their undersigned counsel, hereby respond to Health Care For All's Motion to Withdraw as Class I Representative for Track 2 Settlement as follows:

1. Admitted.

2. Denied. Named consumer plaintiffs do not have any knowledge or information by which to admit that Health Care for All ("HCFA") has authorized the "Motion to Withdraw" filed by Class Counsel or to understand their reasons for withdrawing. The motion does not attach an affidavit or declaration of any authorized representative of HCFA attesting to the desire of the organization to withdraw from this lawsuit which it has been litigating for the last 10 years. In the past, HCFA's affiliated entities, Community Catalyst and the Prescription Action Litigation Project ("PAL"), have filed affidavits by and through authorized representatives, including affidavits in support of the proposed Track 2 Settlement at issue. *See, e.g.* Dkt. No. 6007, 6008. Indeed, in such affidavits, PAL has stated that HCFA's representative, Lisa Kaplan Howe, directly participated in the settlement negotiations that led to the consumer allocated portion of the Track

2 settlement, which named consumer plaintiffs objects to as insufficient. *See* Dkt. No. 6007 at 3.[1]
Accordingly, at a minimum, HCFA should be required to formally request withdrawal from this Court and to provide its reasons therefor in a sworn affidavit or declaration.

      3.     Denied. It is expressly denied that there will be no prejudice to Class 1 if this request is granted, given HCFA's prior certification by this Court as a Class 1 representative and given Class Counsel's prior representations about the adequacy of HCFA as a replacement class representative for the named consumer plaintiffs, all of whom purchased and paid for Track 2 defendants' drugs. When HCFA was certified as class representative, it was charged with the fiduciary duty to protect the interest of Class 1 consumers. Class Counsel chose to supplant the named consumer plaintiffs as proposed representatives of the Track 2 settlement class with HCFA on grounds that HFCA zealously protect the interests of consumers in settlement. Named consumer plaintiffs have challenged that representation in filings of record. Indeed, named consumer plaintiffs have challenged the allocation to consumers as inadequate, either in relation to other settlements in this case or otherwise. But, rather than defend the adequacy of its

---

[1] The sworn declaration of Alex Sugerman-Brozin, the Director of PAL, a project of Community Catalyst, Inc., and the individual appointed by class counsel to serve as allocation counsel representing the interest of consumers, attested under oath that he was joined in settlement allocation meetings before Eric Greene by Rishi Garg, staff attorney for PAL at the time, and that "[d]uring part of the meeting, Lisa Kaplan Howe, a representative of Health Care For All, a plaintiff in the case, and a consumer advocacy organization dedicated to making health care affordable and accessible to consumers, was also present." Mr. Sugerman-Brozin also attested that, "[w]hile the details of the claims process was being developed by class counsel, [he] had a number of conversations with class counsel regarding this issue as well as with various PAL member organizations who represent the interests of consumers." *Id.* at ¶23. Accordingly, HCFA was directly involved in the settlement negotiations at issue in this Court's decision whether to finally approve the proposed settlement as fair, reasonable and adequate.

inadequate representation throughout these proceedings, HCFA apparently has chosen to seek to try to withdraw.

In the words of Class Counsel, HCFA "should not now be permitted to simply drift away before the Court can rule on [its] veracity and fitness to serve" as it pertains to the Track 2 consumer settlement allocation which it directly negotiated and with which Class Counsel to saddle named consumer plaintiffs.  Dkt. No. 4776 at 1-2.

                                                Respectfully submitted,

Dated:  May 2, 2011                          _____/s/_____
                                                Donald E. Haviland, Jr., Esquire
                                                **HAVILAND HUGHES, LLC**
                                                111 S. Independence Mall East
                                                The Bourse, Suite 1000
                                                Philadelphia, PA 19106
                                                Telephone: (215) 609-4661
                                                Facsimile:  (215)392-4400

                                                *Counsel for Named Consumer Plaintiffs,*
                                                *M. Joyce Howe, Larry Young, Therese Shepley,*
                                                *Hunter Walters, Harold Carter, Roger Clark,*
                                                *Reverend David Aaronson, James Monk,*
                                                *Virginia Newell, Oral Ray Roots and*
                                                *Harold Bean*

**CERTIFICATE OF SERVICE**

  I, Donald E. Haviland, Jr., Esquire, hereby certify that on, May 2, 2011, I filed the Response of Consumer Plaintiffs to Health Care For All's Motion to Withdraw as Class 1 Representative for Track 2 Settlement with the Clerk of this Court and used the CM/ECF system to send notification of such filing to all registered person(s).

                _____/s/_____
                Donald E. Haviland, Jr., Esquire
                **HAVILAND HUGHES, LLC**
                111 S. Independence Mall East
                The Bourse, Suite 1000
                Philadelphia, PA 19106
                Telephone: (215) 609-4661
                Facsimile:  (215) 392-4400