**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO BMS CLASS SETTLEMENT | Judge Patti B. Saris |

**DECLARATION OF DANIEL COGGESHALL REGARDING**
**REVISED CALCULATION CONCERNING DISTRIBUTION OF THE NET**
**SETTLEMENT FUND TO BMS CLASS 1 AND CLASS 3 CONSUMERS**

The undersigned, Daniel Coggeshall, hereby states that:

1.      I submit this Declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding a revised calculation scenario relating to the distribution of the Net Settlement Fund to Class 1 and Class 3 Consumers in the BMS proposed settlement.

2.      I am a Senior Project Administrator at Rust Consulting, Inc. ("Rust") f/k/a Complete Claim Solutions.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently hereto.

3.      Pursuant to the Preliminary Approval Order, Rust was appointed the Claims Administrator to assist in the process of providing notice of the Settlement to potential TPP and Consumer Class Members in the Class 1, 2 and 3 Settlement Classes.

4.      On November 12, 2010, Rust filed the Declaration of Eric J. Miller concerning notice and administration activities and claims related to TPPs and Class 3 Consumers in the Settlement ("TPP and Class 3 Declaration").

5.      On March 14, 2011, Rust filed the Declaration of Eric J. Miller concerning notice and administration activities and claims related to Class 1 Consumers in the Settlement ("Class 1 Declaration").  At the direction of Class Counsel, calculations of proposed distribution to Class 1 Consumers in accordance with the terms of the Settlement were also included.

6.      In ¶¶9-12 of the Class 1 Declaration, Rust explained the process of receiving and reviewing the drug administration data provided to Rust by the Center for Medicare and Medicaid Services ("CMS"), Research Data Assistance Center and Buccaneer and mailing notice to individual Class 1 members.

7.      The postmark deadline for the submission of the Claim Card by Class 1 Consumers was January 31, 2011.  As of April 29, 2011, Rust has received a total of 17,878 Claim Cards of which 770 are late.

8.      The postmark deadline for the submission of Claim Forms by Class 3 Consumers was November 19, 2010.  As of April 29, 2011, Rust has received a total of 104 Claim Forms of which 1 is late.

9.      As of April 29, 2011, Rust has mailed a total of 4,941 deficiency letters to Class 1 Consumers who responded by returning a deficient Claim Card for one or more of the following reasons: (a) did not sign their Claim Card; (b) did not check the box on the Claim Card indicating

that they made percentage co-payments for the BMS drugs; or (c) did not have any CMS reimbursed purchases within the records from CMS.

10.    In ¶17 of the Class 1 Declaration, Rust estimated 25% of Class 1 Consumers who responded by returning a deficient initial Claim Card would correct this type of simple deficiency.  As of April 29, 2011, 32% of such claimants have corrected their deficiencies.

11.    Since the filing of the Class 1 Declaration, Class Counsel requested Rust to calculate an alternative "rebalancing" scenario determining how the funds will be distributed to Class 1 Consumers.

12.    Class Counsel provided Rust with the following assumptions to be used when calculating an Estimated Total Recognized Claim amount for Class 1 Consumers:

a)   Blenoxane, Etopophos, Paraplatin, and Rubex (collectively "Non-Damaged Drugs") had no damages and would be paid $50 per drug, regardless of the number of times a drug was administered.

b)   For Cytoxan, Taxol, and Vepesid (collectively "Heartland Drugs"), we determined an actual damage amount for each administration using Exhibit A hereto, a chart of overcharge percentages provided by Dr Raymond Hartman at Greylock Mckinnon Associates (the "Overcharge Ratio Table").

c)   Under Counsel's direction, additional assumptions were made for Heartland Drugs as follows:

   i.    For Taxol 2003 and 2004 administrations, the 2002 Overcharge Ratio was used.

   ii.   For Cytoxan 2003 and 2004 administrations, the 2002 Overcharge Ratio was used.  For 1991 and 1992 administrations, the 1993 Overcharge Ratio was used.

3

        iii.    For Vepesid 2003 and 2004 administrations, the 2002 Overcharge Ratio was used, and administrations in 1991 and 1992 received $0.

    d)  Per Counsel's direction, the damages calculated for the Heartland Drugs using the foregoing assumptions were then doubled for the following drugs and years.

        i.    For Cytoxan administrations during the years 1998–2002;

        ii.    For Taxol administrations during the year 2002; and

        iii.    For Vepesid administrations during the years 1998, 1999, 2001, and 2002.

    e)  Under Counsel's direction, late claims would not be accepted.

    f)  Under Counsel's direction, a minimum of $50 would be given to claims with a Total Recognized Claim of less than $50.

13.    Based on these calculations, Rust estimates that the Class 1 Consumer's Total Recognized Claim will be $3,046,453.74.  The results of the calculations, including a 5% reserve for additional cured claims, are attached here to as Exhibit B.

14.    Under the rebalancing scenario an estimated 3,492 claims would receive an award amount less than under the original Plan of Allocation.

15.    Because Class 1 and Class 3 Consumer claims are both paid from the Consumer Settlement Pool, we calculated the Estimated Total Recognized Claims for Class 3 Consumers. Under Counsel's direction, late claims would not be accepted.

16.    Based on the 97 potentially eligible Class 3 claims received.  For the purposes of preparing the requested scenario and per the original Plan of Allocation, Rust calculated the Estimated Total Recognized Claim to be $351,536.11 for the Class 3 Consumer claimants.

However, this number is still an estimate because Rust has not completed the claims administration process to determine the eligibility of Class 3 Consumer claims.

17.     Thus, as shown in Exhibit B, the total estimated Consumer Distributable Amount under the foregoing rebalancing scenario is $3,397,989.85.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____/s/Daniel Coggeshall_____
Daniel Coggeshall

Dated: April 29, 2011

# EXHIBIT A

# Table 1: BMS Overcharge Ratio Calculation for Members of Class 1 Without Supplemental Insurance and With Supplemental Insurance Who Pay Coinsurance - National Using a 30% Threshold*

(All figures in dollars)

## Class 1 Payments**

| Drug | 1991 | 1992 | 1993 | 1994 | 1995 | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 | Total, 1999-2002 | Total, 1991-2002 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Blenoxane | n/a | n/a | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | n/a | 0 | 0 |
| Cytoxan | n/a | n/a | 10,934 | 86,791 | 147,871 | 179,325 | 217,282 | 220,424 | 211,294 | 209,903 | 224,220 | 281,656 | n/a | 927,073 | 1,789,700 |
| Etopophos | n/a | n/a | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | n/a | 0 | 0 |
| Paraplatin | n/a | n/a | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | n/a | 0 | 0 |
| Rubex | n/a | n/a | 0 | 6,203 | 26,388 | 26,643 | 11,406 | 4,855 | 5,841 | 5,623 | 0 | 1,258 | n/a | 12,721 | 88,215 |
| Taxol | n/a | n/a | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1,803,600 | n/a | 1,803,600 | 1,803,600 |
| Vepesid | n/a | n/a | 160,625 | 818,031 | 885,960 | 733,780 | 528,450 | 294,588 | 289,118 | 0 | 245,705 | 350,476 | n/a | 885,299 | 4,306,734 |
| Total | | | 171,559 | 911,024 | 1,060,219 | 939,747 | 757,139 | 519,867 | 506,253 | 215,526 | 469,925 | 2,436,990 | | 3,628,693 | 7,988,249 |

## Damages (Not Including Prejudgment Interest)***

| Drug | 1991 | 1992 | 1993 | 1994 | 1995 | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 | Total, 1999-2002 | Total, 1991-2002 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Blenoxane | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Cytoxan | 0 | 0 | 2,026 | 25,552 | 46,596 | 87,806 | 141,189 | 155,755 | 158,627 | 141,933 | 97,547 | 94,761 | 111,414 | 492,868 | 951,793 |
| Etopophos | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Paraplatin | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Rubex | 0 | 0 | 0 | 3,324 | 16,077 | 15,125 | 5,611 | 3,029 | 2,103 | 4,084 | 0 | 147 | 0 | 6,334 | 49,500 |
| Taxol | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 614,016 | 614,016 | 614,016 | 614,016 |
| Vepesid | 0 | 0 | 9,328 | 61,263 | 246,939 | 492,778 | 408,205 | 262,308 | 243,381 | 0 | 127,385 | 163,389 | 145,387 | 534,155 | 2,014,977 |
| Total | 0 | 0 | 11,354 | 90,139 | 309,613 | 595,708 | 555,006 | 421,093 | 404,110 | 146,017 | 224,932 | 872,313 | 870,817 | 1,647,372 | 3,630,286 |

## Overcharges Ratio (= Damages / Payments)

| Drug | 1991 | 1992 | 1993 | 1994 | 1995 | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 | Total, 1999-2002 | Total, 1991-2002 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Blenoxane | n/a | n/a | | | | | | | | | | | n/a | | |
| Cytoxan | n/a | n/a | 19% | 29% | 32% | 49% | 65% | 71% | 75% | 68% | 44% | 34% | n/a | 53% | 53% |
| Etopophos | n/a | n/a | | | | | | | | | | | n/a | | |
| Paraplatin | n/a | n/a | | | | | | | | | | | n/a | | |
| Rubex | n/a | n/a | | 54% | 61% | 57% | 49% | 62% | 36% | 73% | | 12% | n/a | 50% | 56% |
| Taxol | n/a | n/a | | | | | | | | | | 34% | n/a | 34% | 34% |
| Vepesid | n/a | n/a | 6% | 7% | 28% | 67% | 77% | 89% | 84% | | 52% | 47% | n/a | 60% | 47% |
| Total | | | 7% | 10% | 29% | 63% | 73% | 81% | 80% | 68% | 48% | 36% | | 45% | 45% |

Notes:
* These calculations include all 50 states and DC.
** BMS data are only available from 1993 through 2002. Equals (AWP - x%) * Units * Medicare Percentage * Copay/Coinsurance Percentages for beneficiaries with and without supplemental insurance.
*** To account for missing data in 1991-1992 and 2003, damages have been extrapolated using the trends specified below:

Cytoxan:   1991-1992: Trend 1993-1997 (this goes to zero).
           2003: Average 2000-2002.
Rubex:     1991-1993: Rubex was not sold by BMS in 1992 or 1993, so damages are set equal to zero from 1991 to 1993.
           2003: Rubex was discontinued by BMS in 2002,  so damages are set equal to zero from 2003 to 2004.
Taxol:     2003: Damages are set equal to 2002 damages.
           1991-1992: Set to 0 (Given the understanding that there was no spread competition in 1991-1992, damages were assumed to be zero.)
Vepesid:   2003: Average 2001-2002

For Settlement Purposes Only

# EXHIBIT B

BMS: Estimated Consumer Recognized Loss

5/2/2011

# BMS: ESTIMATED CONSUMER RECOGNIZED LOSS

## Class 1: "Rebalancing" Scenario

| Drug | Recognized Loss of Eligible Claims | Recognized Loss of Deficient Claims | Estimated Cure Rate (5%) | Total Estimated Recognized Loss (RL of Eligible + Cure Rate) |
|---|---|---|---|---|
| Blenoxane | $ 12,400.00 | $ 1,950.00 | $ 97.50 | $ 12,497.50 |
| Etopophos | $ 67,500.00 | $ 9,850.00 | $ 492.50 | $ 67,992.50 |
| Paraplatin | $ 282,500.00 | $ 38,000.00 | $ 1,900.00 | $ 284,400.00 |
| Rubex | $ 249,650.00 | $ 33,800.00 | $ 1,690.00 | $ 251,340.00 |
| Cytoxan | $ 305,245.03 | $ 36,615.35 | $ 1,830.77 | $ 307,075.80 |
| Taxol | $ 1,877,786.54 | $ 237,117.06 | $ 11,855.85 | $ 1,889,642.39 |
| Vepesid | $ 164,213.15 | $ 26,436.30 | $ 1,321.82 | $ 165,534.96 |
| Amount Needed to give Minimum of $50 | $ 67,426.47 | $ 10,882.32 | $ 544.12 | $ 67,970.59 |
| **Total** | $ 3,026,721.19 | $ 394,651.03 | $ 19,732.55 | $ 3,046,453.74 |

## Class 3: Original Scenario

| Drug | Recognized Loss of Eligible Claims | Recognized Loss of Deficient Claims | Estimated Cure Rate (5%) | Total Estimated Recognized Loss (RL of Eligible + Cure Rate) |
|---|---|---|---|---|
| Blenoxane | $ 7,895.00 | $ - | $ - | $ 7,895.00 |
| Etopophos | $ 6,972.00 | $ - | $ - | $ 6,972.00 |
| Paraplatin | $ 16,656.73 | $ - | $ - | $ 16,656.73 |
| Rubex | $ 15,818.40 | $ 1,409.60 | $ 70.48 | $ 15,888.88 |
| Cytoxan | $ 115,327.02 | $ 1,346.40 | $ 67.32 | $ 115,394.34 |
| Taxol | $ 125,901.54 | $ - | $ - | $ 125,901.54 |
| Vepesid | $ 57,546.12 | $ - | $ - | $ 57,546.12 |
| Easy Refund | $ 5,250.00 | $ 630.00 | $ 31.50 | $ 5,281.50 |
| **Total** | $ 351,366.81 | $ 3,386.00 | $ 169.30 | $ 351,536.11 |
| **Total Consumer Recognized Loss** | $ 3,378,088.00 | | | $ 3,397,989.85 |

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF DANIEL COGGESHALL RE REVISED CALCULATION CONCERNING DISTRIBUTION OF THE NET SETTLEMENT FRUND TO BMS CLASS 1 AND CLASS 3 CONSUMERS**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on May 2, 2011, a copy to LexisNexis File & Serve for posting and notification to all parties.

By        **/s/ Steve W. Berman**
       Steve W. Berman
       **HAGENS BERMAN SOBOL SHAPIRO LLP**
       1301 Fifth Avenue, Suite 2900
       Seattle, WA  98101
       (206) 623-7292