UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| TRACK 2 SETTLEMENT | Judge Patti B. Saris |

**CLASS COUNSEL'S EMERGENCY MOTION TO SEAL EXHIBIT B TO HAVILAND'S REPLY IN SUPPORT OF NOTICE REGARDING INVOLVEMENT OF HEALTH CARE FOR ALL IN TRACK 2 SETTLEMENT AND TO STRIKE HAVILAND'S REPLY**

Class Counsel respectfully move this Court for an order sealing Exhibit B to Don Haviland's Reply in Support of Notice Regarding Involvement of Health Care for All in Track 2 Settlement and striking Haviland's Reply. The following grounds support this Motion:

1.      On May 2, 2011, Haviland filed a Reply in support of his "Notice" regarding the involvement of Health Care for All ("HCFA") in the Track 2 Settlement. *See* Dkt. No. 7527. Attached to the Motion as Exhibit B were confidential emails exchanged between Class Counsel that on their face clearly relate to litigation strategies. Haviland's Reply likewise quotes and discusses those emails. Haviland represents that those documents are "email communications ***previously filed of record***." *Id.* at 2 (emphasis added).

2.      Upon reviewing Haviland's filing Class Counsel wrote to Haviland and asked him where the emails contained in Exhibit 2 had been previously filed. Haviland responded that they had been previously filed in Dkt. No. 4766. *See* Ex. A to Motion. However, a quick review of that filing shows that these emails were previously filed ***under seal***, as they should have been in this instance.

001534-16  445803 V1

3.      Haviland further told Class Counsel that he did not believe there was a basis to claim the documents were confidential or privileged and that he would only agree to withdraw the confidential emails if Class Counsel agreed to withdraw their previous representation that they did not know Haviland was seeking a nationwide Class in New Jersey.  *Id.*

4.      Class Counsel intend to respond to Haviland's lies in due course, but they will not succumb to Haviland's attempted blackmail because Class Counsel's previous representations to the Court ***were truthful.***  In reviewing Exhibit B it is clear that the *only* part of the email that references Haviland seeking a nationwide class in New Jersey is an email sent by Shanin Specter to Haviland ***six months*** after the relevant correspondence with co-lead counsel.  ***Class Counsel were never copied on or forwarded that correspondence.***  Indeed, the correspondence on which Class Counsel are copied clearly show that Class Counsel believed Haviland's New Jersey case to be a ***statewide*** class action.  *See* Ex. B (Haviland's reference to Class Counsel of a "state-by-state battle"; Class Counsel's reference to "several coordinated state court cases" working with federal cases that existed in Lupron).

5.      This Court will ultimately decide these issues should it determine it necessary to do so.  They certainly are not relevant to whether this Court should hear argument on final approval of the Track 2 settlement, the issue initially raised by Haviland's "Notice" and responded to by Class Counsel.  But it should put a stop to Haviland's continued public filing of confidential materials in order to inflame the Court and attempt to embarrass Class Counsel with incomplete and inaccurate records of communications.  *See* Dkt. No. 4972 at 10-11 ("In addition, Haviland filed his August 24, 2007 declaration, relating to the proposed AstraZeneca settlement, on CM/ECF not under seal. This document contained confidential information about the mediation proceedings, in direct violation of the confidentiality obligations under the mediation

- 2 -

agreement. Mr. Haviland acknowledged to the Court that this public filing had been submitted by

an employee in his office.  (Hr'g Tr. 22, Sept. 11, 2007.)  Co-lead counsel assert that Haviland

filed the documents publicly on purpose. Haviland claims it was inadvertent. Even if this

document had been filed on the public record by accident, Mr. Haviland breached a duty of care

by publicly placing on the docket sensitive negotiating positions of plaintiffs.").  It is an insult to

the dignity of this Court for Haviland to continue to blatantly and flagrantly ignore the

requirement that confidential materials be filed under seal.  Class Counsel respectfully submit

that it is time to require Haviland to lodge any proposed filings with the Court prior to be being

permitted to file them via ECF.  At a minimum, Exhibit B should be immediately sealed and his

Reply, which references those emails, stricken.

WHEREFORE Class Counsel respectfully request that this Court enter an order sealing

Exhibit B to Haviland's Reply, striking his Reply and all other relief that this Court deems just

and appropriate.


DATED:  May 3, 2011

By:  /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K St. NW, Suite 300
Washington, D.C.  20006
Telephone:  (202) 355-6435
Facsimile:  (202) 355-6455


Jeffrey Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022


Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735
Co-Lead Counsel

## <u>CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE</u>

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on May 3, 2011, I caused copies of **CLASS COUNSEL'S EMERGENCY MOTION TO SEAL EXHIBIT B TO HAVILAND'S REPLY IN SUPPORT OF NOTICE REGARDING INVOLVEMENT OF HEALTH CARE FOR ALL IN TRACK 2 SETTLEMENT AND TO STRIKE HAVILAND'S REPLY** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

    /s/ Steve W. Berman    
Steve W. Berman

001534-16  445803 V1

# Exhibit A

**Carrie Flexer**

**Subject:**                     RE: AWP - Reply in support of HCFA notice


From: Donald E. Haviland, Jr. Esq [mailto:Haviland@HavilandHughes.com]
Sent: Tuesday, May 03, 2011 10:48 AM
To: Jennifer Connolly
Subject: RE: AWP - Reply in support of HCFA notice


Jennifer,

The documents were attached to Dkt No. 4766.


I don't agree with you that the email communications are protected by any privilege, least of all attorney-client or work product.  Please provide me with any legal support you have for such a claim as to these particular documents. Otherwise, I will be forced to challenge your legal contention, when made.


Further, since  I was involved in each of the subject communications [and one you were not involved in], I don't see how you can invoke "privilege" as a sword to try to keep sealed communications which belie false public statements you have made against me.  Again, if you have legal support, I am willing to consider the same, in context of your request to seal.


Of course, if you would agree to withdraw your claims, of record, that you "simply were not aware that Haviland had decided to seek a nationwide class in the New Jersey action and would never have assented to such a challenge to this Court's authority."  Dkt. No. 4776 at 5, I would consider withdrawing the email proof to the contrary.  In the absence of such concession, I will be forced to proceed with creating a record on the matters which underlie the disqualification and sanctions orders you have pursued against me, in bad faith.  As I have told Tom Sobol privately, and as you personally sought to use to your unfair advantage in the context of the J&J case, my firm cannot finally depart from this MDL until those issues are resolved.


As Sean Matt knows by now from our work together on BMS, I have no interest in opening new fronts with Class Counsel in this case.  To the contrary, I am looking to close all chapters of "AWP", for my clients and my firm.

But you all can't expect me to sit idly by when you antagonize me with baseless claims like the following:


"In his Notice, Haviland claims that he "reached out to Class Counsel to confer about this issue" but

received no response. Notice at ¶ 4. This is not true. To our knowledge Haviland has not reached out to

a single member of the Co-Lead Class Counsel team regarding his Notice. Indeed, despite the fact that

Haviland has had communications with Sean Matt, a member of that team, regarding the BMS

Settlement, Haviland failed to mention the subject of Haviland's Notice to Mr. Matt during the course of

those discussions. One hates to keep adding to the record in this regard but this is another misstatement in

a Haviland pleading."  Dkt No 7504 at 1 n1


Such false statements are gratuitous and unnecessary, but unfortunately someone on your team continues to think it is
a good idea to assault my reputation publicly any chance you can.

When such vigorous attacks are levied, a vigorous defense will be made.

This is your call.  I am willing to listen.

Let me know…


From: Jennifer Connolly [mailto:jenniferc@hbsslaw.com]
Sent: Tuesday, May 03, 2011 10:01 AM
To: Donald E. Haviland, Jr. Esq (Haviland@HavilandHughes.com)
Subject: AWP - Reply in support of HCFA notice


Don:


Exhibit B to your Reply regarding your Notice Regarding Involvement of HCFA in the Track 2 Settlement contains
confidential communications between counsel protected by the attorney-client privilege and the work product doctrine.
You stated in your Response that those email communications were "previously filed of record."


We have no record of these documents ever having been filed publicly with the Court.  Please provide us with a docket
number where these emails were publicly filed by 2:00 Eastern today or we will file a motion to seal them, strike your
brief and other appropriate relief.


Jennifer


Jennifer Fountain Connolly | Of Counsel

Hagens Berman Sobol Shapiro LLP

1629 K St. NW, Suite 300 - Washington, D.C.  20006

Direct: (202) 355-6435

jenniferc@hbsslaw.com <mailto:jenniferc@hbsslaw.com>  | www.hbsslaw.com <http://www.hbsslaw.com/>

Awarded 2010 Plaintiff's Hot List <http://www.hbsslaw.com/newsroom/?nid=1935>  by The National Law Journal