## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris |

**RESPONSE IN OPPOSITION TO "CLASS COUNSEL'S EMERGENCY MOTION TO SEAL EXHIBIT B TO HAVILAND'S REPLY IN SUPPORT OF NOTICE REGARDING INVOLVEMENT OF HEALTH CARE FOR ALL IN TRACK 2 SETTLEMENT AND TO STRIKE HAVILAND'S REPLY"**

**INTRODUCTION**

Rather than respond to a reasonable email request to explain their bases for filing the instant Motion,[1] Class Counsel have chosen to file an "Emergency Motion to Seal and Strike" respecting the undersigned's reply to their baseless and unprovoked attack on his character, as set forth in their unsolicited "Response" to the "Notice" filed at this Court's request.  See Dkt. No. 7504.  Coming on the heals of the recent settlement of the BMS case, this unfortunate setback simply highlights the need for *independent* mediation of the remaining issues in this lawsuit, or, if necessary, resolution by an appropriate jurist of this Court.

In response to the Motion, the undersigned hereby responds as follows:

---

[1] Class Counsel have attached an email exchange dated May 3, 2011 as Ex. "A" to their Motion.  *See* Dkt. No. 7352.  As the Court can see, the undersigned invited "any legal support you have for such a claim" that the subject emails are protected by either attorney-client or work product privilege.  The request further stated, "I don't see how you can invoke privilege as a sword to try to keep sealed communications which belie false public statements" made by Class Counsel, especially when the communications were had with the undersigned.

1

1.      <u>Admitted in part, denied in part</u>.

It is admitted only that the referenced pleading, Dkt. No. 7527, was filed.  It is expressly denied that the documents included as exhibits thereto – either as part of Exhibit "A" or "Exhibit "B" – were "confidential emails".

Strict proof of Class Counsel's claim that "Exhibit B ... contains confidential communications between counsel protected by the attorney-client privilege and the work product doctrine" is hereby demanded.  Ex. "A" to Motion to Seal.

The Memorandum of Law in Support of this Response – filed contemporaneously herewith – is hereby incorporated by reference thereto with respect to the legal issues surrounding Class Counsel's *ipse dixit* claim that the subject emails should be sealed from the public record pursuant to the attorney-client or work product privileges.

2.      <u>Admitted in part, denied in part</u>.

It is admitted that Class Counsel wrote an email to the undersigned requesting direction as to the location where certain of the emails were filed of record previously.  That communication, and the response thereto, was in the form of an email thread which Class Counsel have chosen to attach as Exhibit "A" to their publicly-filed Motion.

Given Class Counsel's concession by their inconsistent actions that not all communications between the lawyers are "confidential"[2], strict proof of the claim of confidentiality based upon either attorney-client or work product privileges as to the *entirety* of

---

[2] Class Counsel chose to file of record email communications between themselves and the undersigned, and have not challenged the email attachment at Exhibit "A" to the undersigned's original pleading (Dkt. No. 7527) on grounds purportedly "confidentiality".  Accordingly, they concede by their actions that not all communications between counsel are confidential.  *See also*, Dkt. No. 7064 (purportedly reporting on private discussions between counsel).

the subject emails attached as Exhibit "B" is hereby demanded.

The email dated November 1, 2005 involves a communication from AstraZeneca's defense counsel challenging whether the undersigned "can be part of [the Lead Counsel group in MDL 1456 by] simultaneously seek(ing) remand of a duplicative action to state court", and plaintiff counsel's reactions thereto.  Such communications can not be sealed pursuant to either the attorney-client or work product privileges.

The email dated April 24, 2006 was from Shanin Specter of Kline & Specter to the undersigned.  Class Counsel were not copied.  Again, no claim of either attorney-client or work product privilege may be maintained as to such a communication.

The May 25, 2006 email exchange involved discussion of a "*coordinated NJ strategy*" on discovery, which is entirely consistent with the approach called for by this Court, to which the undersigned subsequently agreed in the *NJ AWP* case in the fall of 2007 – the same time Class Counsel claimed they were unaware of what was going on in New Jersey.  *See* Order dated November 12, 2007 at ¶ 1(designating the NJ AWP case as a "Coordinated State Court Case" for purposes of pretrial discovery pursuant to CMO 9 in this case (at Ex. "A" hereto).  Class Counsel admitted as much in their prior filings before this Court.  *See* Dkt. No. 4783 at 4-5 ("the two emails cited by Haviland ... reflect nothing more than the coordination that the Court would expect to occur between Class Counsel in the MDL and counsel to *Local 68* in the New Jersey action.")

Lastly, that the undersigned chose to file the entirety of the exhibits attached to Dkt. No. 4766 under seal, including emails attached to Exhibit "B" to Dkt. No. 7527, is not proof that they "should have been" filed under seal.  To the contrary, such attachments were filed under seal

3

"pending determination by the Court as to the propriety of the same." Dkt. No. 4766.  The

Motion that attended such filing explicitly stated as follows:

> The exhibits to the Haviland Reply Declaration may contain certain confidential
> attorney work product and communications amongst plaintiffs' counsel that might
> be protected from public disclosure, despite the fact that MDL Class Counsel
> already have revealed many communications and informal discussions in their
> public filings to date to which the Haviland Reply Declaration responds.  Because
> of the partial disclosures and potential waiver, we respectfully request the Court to
> decide how best to treat the documents.

Dkt. No. 4763.

3.    <u>Admitted in part, denied in part</u>.

It is admitted only that the undersigned advised Class Counsel that he did not believe

there was a basis to claim the documents were privileged, as asserted by Class Counsel.

It is denied that the undersigned told Class Counsel that he would *only agree* to withdraw

the emails if Class Counsel agreed to withdraw their misrepresentations about their knowledge of

the New Jersey litigation and the coordinated strategy for the same.  To the contrary, the email

response [at Ex. "A" to the Motion to Strike] explicitly states that, "if you have legal support [for

your claim of privilege], I am willing to consider the same, in context of your request to seal."

The response further provided the following open invitation to discuss the matter further:

> Of course, if you would agree to withdraw your claims, of record, that you
> "simply were not aware that Haviland had decided to seek a nationwide class in
> the New Jersey action and would never have assented to such a challenge to this
> Court's authority" Dkt. No. 4776 at 5, I would consider withdrawing the email
> proof to the contrary.  In the absence of such concession, I will be forced to
> proceed with creating a record on the matters which underlie the disqualification
> and sanctions orders you have pursued against me, in bad faith.  As I have told
> Tom Sobol privately, and as you personally sought to use to your unfair advantage
> in the context of the J&J case, my firm cannot finally depart from this MDL until
> those issues are resolved."

4

As Sean Matt knows by now from our work together on BMS, I have no interest in opening new fronts with Class Counsel in this case.  To the contrary, I am looking to close all chapters of "AWP", for my clients and my firm.

But you all can't expect me to sit idly by when you antagonize me with baseless claims like the following:

"In his Notice, Haviland claims that he "reached out to Class Counsel to confer about this issue" but received no response.  Notice at ¶ 4.  This is not true.  To our knowledge Haviland has not reached out to a single member of the Co-Lead Class Counsel team regarding his Notice.  Indeed, despite the fact that Haviland has had communications with Sean Matt, a member of that team, regarding the BMS Settlement, Haviland failed to mention the subject of Haviland's Notice to Mr. Matt during the course of those discussions. One hates to keep adding to the record in this regard but this is another misstatement in another Haviland pleading."  Dkt No 7504 at 1 n1.

Such false statements are gratuitous and unnecessary, but unfortunately someone on your team continues to think it is a good idea to assault my reputation publicly any chance you can.

When such vigorous attacks are levied, a vigorous defense will be made.
This is your call.  I am willing to listen.
Let me know...

*Id.*

4.   <u>Denied</u>.

It is denied the Class Counsel will ever respond directly in an evidentiary fashion

concerning their knowledge of the *NJ AWP* case and their direct involvement in coordinating the

strategy for the same.  The comment that they will due so, "in due course", has been a hollow

refrain.[3]

---

[3] *See, e.g*, Dkt. No. 4783 at 9 (wherein Class Counsel conveniently avoided the matter as follows: "Class Counsel will defer from engaging in a step-by-step rebuttal of Haviland's lengthy and false fusillade. ***Nonetheless, if the Court wishes Class Counsel to provide a detailed rebuttal to each and every accusation made by Mr. Haviland, we will do so, and we will do so with compelling evidence***.  At this juncture, however, Class Counsel will not belabor these points further absent the Court's request.")(Emphasis in original).

5

For the reasons stated above at number 3, it is also denied that there is any "attempted blackmail" to force Class Counsel to tell the truth about their knowledge of the New Jersey case and direct involvement in a coordinated strategy respecting the same.  No prompting should be required; Class Counsel should do so pursuant to their duty of candor to the tribunal.

Class Counsel's effort to explain away – without any sworn testimony or other *evidence* – Shanin Specter's email about having raised the fact of the nationwide class being sought in New Jersey in early 2006 by claiming it was "six months after the relevant correspondence with co-lead counsel" conveniently avoids the fact that the issue was discussed *on a call in 2006 with co-lead counsel*.  The select reference to the prior November 2005 email as "clearly show(ing) that Class Counsel believed Haviland's New Jersey case to be a *statewide* class action" also avoids the reference in the same email to the fact that "the plaintiff [Local 68] is the same one judge higbee certified a [nationwide] class for in vioxx", and the explicit point made to the effect that "the [New Jersey] case will show the defendants that the broader issue of garnering world peace on tpp issues has not been avoided by [judge] saris denying a nationwide class."  Ex. "B" to Dkt No. 7527.

5.    Admitted in part, denied in part.

It is admitted that the Court will ultimately decide these issues, either as part of the pending Motion to Vacate Or, In the Alternative, Modify the Court's June 22, 2010 Order (Dkt. No. 7511)(which Class Counsel claim was premised upon the Court's earlier January 3, 2008 disqualification order) or at some later point in time.  If the Court fails to resolve these issues at a hearing where evidence is presented and a record is established upon which evidentiary findings can then be made, then an appeal will have to be maintained to address to the procedural

infirmity.

It is denied these issues are not relevant to this Court's decision whether to finally approve the Track 2 settlement: they are inexorably intertwined by reason of Class Counsel having sought successfully to displace the undersigned's clients as representative plaintiffs in Track 2 with HFCA (and other association plaintiffs), through a campaign of baseless accusations about improper conduct by the clients and their counsel.  By their Motion for Final Approval of the Track 2 proposed settlement, Class Counsel seek to be appointed as counsel under Rule 23(g) to an as-yet-uncertified settlement class of all consumers nationwide in Track 2. Accordingly, their conduct has been put squarely at issue, to be judged by the appropriate jurist applying the requisite "heightened attention" under *Amchem* to their proposed class settlement.

Counsel at Haviland Hughes have reached out to Class Counsel on three (3) occasions in recent weeks to try to put differences aside and reach common ground for the benefit of the clients.  We have had success with respect to the BMS settlement, principally for two reasons: (1) a neutral arbiter mediated the disputes and was able to cut through the rhetoric to reach a common ground; and (2) the undersigned never lost sight of the goal of achieving a good result for the clients, especially Reverend David Aaronson.

The lack of direct client control over Class Counsel affords them the unfortunate luxury of continuing to wage a war of words, full of sound and fury, signifying nothing to the clients who continue to look the this Court to resolve their claims in a just and speedy manner.

Conclusion

For the foregoing reasons, the Emergency Motion to Seal Exhibits and Strike the Reply should be denied.

Dated:  May 3, 2011                          Respectfully submitted,

                                             _____/s/_____
                                             Donald E. Haviland, Jr., Esquire
                                             **HAVILAND HUGHES, LLC**
                                             111 S. Independence Mall East
                                             The Bourse, Suite 1000
                                             Philadelphia, PA 19106
                                             Telephone: (215) 609-4661
                                             Facsimile:  (215)392-4400

## CERTIFICATE OF SERVICE

I, Donald E. Haviland, Jr., Esquire, hereby certify that on, May 3, 2011, I filed the

Response in Opposition to "Class Counsel's Emergency Motion to Seal Exhibit B to Haviland's

Reply in Support of Notice Regarding Involvement of Health Care for All in Trach 2 Settlement

and to Strike Haviland's Reply" with the Clerk of this Court and used the CM/ECF system to

send notification of such filing to all registered person(s).

_____/s/_____
Donald E. Haviland, Jr., Esquire
**HAVILAND HUGHES, LLC**
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106
Telephone: (215) 609-4661
Facsimile:  (215) 392-4400