# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| **BMS SETTLEMENT** | |

**[PROPOSED] ORDER DIRECTING NOTICE OF SETTLEMENT REVISION TO AFFECTED CLASS MEMBERS AND SCHEDULING FAIRNESS HEARING**

In an electronic entry dated May 5, 2011, the Court approved the proposed rebalancing of the BMS Settlement Allocation embodied in Dkt. No. 7530.  This Order now approves the provision of Notice of the settlement revision to affected Class members and schedules a supplemental fairness hearing.

1.     On or before May 24, 2011, and using the mailing addresses contained in its database, the Claims Administrator shall provide notice of the settlement revision in the forms attached hereto as Exhibits A and B (the "Supplemental Notices") as follows:  (a) the form of notice attached at Exhibit A shall be sent by U.S. Mail to all TPP Class 2 and 3 members who timely filed claims; and (b) the form of notice attached at Exhibit B shall be sent by U.S. Mail to all Class 1 consumers who timely filed claims and who the Clams Administrator determines will receive less under the revised distribution formula than they would have under the original formula.

2.     The Court finds that these Supplemental Notices and this supplemental notice plan meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), constitutes the best

449310v1

notice practicable under the circumstances to all persons entitled to notice, and satisfies the Constitutional requirements of notice.  One-half of the reasonable costs of preparing, printing, publishing, mailing and otherwise disseminating the notice, up to a maximum of $1,000,000, shall be paid by BMS in accordance with the Settlement Agreement, with the other half and any other amounts over the BMS maximum being advanced and reimbursed from the settlement fund.  Costs previously incurred in providing the original notice of the Proposed Settlement are to be included in determining the $1,000,000 maximum.

3. The Court exercises its discretion under Fed. R. Civ. P. 23(e)(4) so as not to provide an additional opportunity for Class members to request exclusion.

4. A supplemental hearing on final settlement approval (the "Supplemental Fairness Hearing") will be held on July 7, 2011 at _____ before this Court, at the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider whether the Proposed Settlement, as revised, should be approved as fair, reasonable and adequate.

5. Any member of the Classes that was mailed a Supplemental Notice may appear at the Supplemental Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the revision to the Proposed Settlement; provided, however, that no person shall be heard in opposition to the revision to the Proposed Settlement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless submitted to the Court and received by Counsel for the parties on or before July 1, 2011.  Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before July 1, 2011, and (b) serve copies of such notice,

449310v1                                                       2

statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Counsel to the parties so that such papers are received on or before July 1, 2011. Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

6. Counsel for the parties who must be served with all documentation described above in Paragraph 4 are as follows:

Counsel for the Class

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101

Counsel for Defendant BMS

Lyndon M. Tretter
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY  10022

7. The date and time of the Supplemental Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the Classes other than that which may be posted at the Court, on the Court's website, and/or the Claims Administrator website.

8. The Court appoints KeyBank Trust Department, 1301 Fifth Avenue, Suite 2400, Seattle, Washington, to be the new Escrow Agent for the BMS Settlement.

Dated: May __, 2011                      _____
                                          Honorable Patti B. Saris
                                          United States District Judge

# Exhibit A

**Authorized by the U.S. District Court for the District of Massachusetts**

# Notice of Revision to Proposed Class Action Settlement Involving Certain Chemotherapy Drugs Sold by BMS

## 1. What Is This Notice About?

There is a Proposed Settlement of a class action lawsuit involving Bristol-Myers Squibb ("BMS") drugs Blenoxane®, Cytoxan®, Etopophos®, Paraplatin®, Rubex®, Taxol® and Vepesid® (referred to as the "BMS Drugs").  The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation,* Docket No. 01-CV-12257-PBS, MDL No. 1456.

You were mailed this Notice because you previously filed a Claim Form in response to an earlier Notice that was sent to you.  On the Claim Form, you indicated that you made a payment from January 1, 1991 through December 31, 2004 for a BMS Drug.

This revised Notice informs you of a change in the terms of the Proposed Settlement.

## 2. What Is The Relevant Change In The Terms Of The Proposed Settlement?

Under the Proposed Settlement, BMS will pay $19 million to settle the lawsuit.  This amount is meant to satisfy the claims of both Third-Party Payors ("TPPs") who meet the criteria for inclusion in one of the two Settlement Classes as well as claims by consumers who made percentage co-payments and full cash payments based on the published Average Wholesale Price ("AWP").  All costs associated with notice and administration, attorneys' fees and litigation costs, and compensation to the named class representatives for time spent providing documents and testimony in connection with this case will be paid from the $19 million settlement amount, except that BMS will pay 50% of the costs of notice up to $1 million.

Under the initial proposal, 77% (or $14,630,000) of the gross settlement amount was designated to satisfy the claims of TPPs.  The remaining 23% (or $4,370,000) of the gross settlement amount was designated for the purpose of paying consumer claims.  Consumers and TPPs are sharing the costs of notice and administration equally.

The Court considered the Proposed Settlement at a hearing held March 28, 2011.  Among other things, the Court requested that the Proposed Settlement be modified to provide more money to consumer members of the Classes.  Afterward, a mediation was held between Allocation Counsel for consumers and TPPs, which produced an Agreement that provided Consumers with an additional $1,000,000.  Thus, the Agreement now provides that consumers will receive a gross settlement amount of $5,370,000 (28%), and that TPPs will receive a gross settlement amount of $13,630,000 (72%).

*Your legal rights are affected even if you do not act.*
*Read this Notice carefully.*

All other terms of the Proposed Settlement relevant to TPPs remain unchanged. Other changes relating to the distribution methodology apply only to consumers.

The Court has approved the Proposed Settlement, as revised, on a preliminary basis. It has further determined that the revision does not warrant a second "opt out" period in which class members who declined to exclude themselves before should now be offered another chance to do so. Accordingly, if the Proposed Settlement is finally approved as revised, you will be bound by its terms. The Court will hold a Hearing to decide whether the revised Proposed Settlement should be finally approved (*See* Question 4).

## 3. May I Object To, Or Comment On, The Revision To The Proposed Settlement?

Yes. If you have comments about, or disagree with, any aspect of the revision to the Proposed Settlement, you may express your views to the Court. You must do this in writing. Your written response must include:

- Your name, address, telephone number, a brief explanation of your reasons for objection, and
- The case number (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456).

The document **must** be signed to ensure the Court's review. The response must be filed with the Court at the following address on or before **July 1, 2011**: Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210 and served on Counsel for the Parties so that the objection is **received** on or before **July 1, 2011** at the following addresses:

| Counsel for the Class | Counsel for BMS |
|---|---|
| Steve W. Berman | Lyndon M. Tretter |
| Hagens Berman Sobol Shapiro LLP | Hogan Lovells US LLP |
| 1918 Eighth Avenue, Suite 3300 | 875 Third Avenue |
| Seattle, WA 98101 | New York, NY 10022 |

In addition, your document must clearly state that it relates to the "BMS Settlement." If you file or present an objection, you will be subject to the jurisdiction of the Court.

## 4. When And Where Will The Court Decide On Whether To Grant Final Approval Of The Proposed Settlement?

The Court will hold a Hearing on July 7, 2011 at __ p.m. to consider whether it is fair, reasonable and adequate. At the Hearing, the Court will also consider whether to approve the Proposed Settlement; the request for attorneys' fees and expenses; and any comments or objections. You are not required to attend, but may do so at your own expense.

If you want your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance must include:

2

- Your name, address, telephone number, signature;
- The name, and number of the lawsuit (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456);
- State that you wish to enter an appearance at the Final Approval Hearing; and
- Any documentation in support of such opposition.

Your Notice of Appearance **must** be filed with the Court on or before **July 1, 2011** and served on Counsel so that it is **received** on or before **July 1, 2011**.  The Notice of Appearance must be filed with the Court and served on Counsel at the addresses set forth above in response to Question 3.

## 5. Where Do I Obtain More Information?

You may obtain more information, including a copy of the original Notice that was previously mailed to you, by visiting the BMS AWP Settlement web site at www.BMSAWPSettlement.com, by calling 1-877-690-7097, or by writing to:

>BMS AWP TPP Settlement Administrator
>P.O. Box 24648
>West Palm Beach, FL 33416

DATED: May __, 2011                                    **BY ORDER OF THE COURT**

3

# Exhibit B

Authorized by the U.S. District Court for the District of Massachusetts

# Notice of Revision to Proposed Class Action Settlement Involving Certain Chemotherapy Drugs Sold by BMS

## 1. What Is This Notice About?

There is a Proposed Settlement of a class action lawsuit involving Bristol-Myers Squibb ("BMS") drugs Blenoxane®, Cytoxan®, Etopophos®, Paraplatin®, Rubex®, Taxol® and Vepesid® (referred to as the "BMS Drugs"). The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation,* Docket No. 01-CV-12257-PBS, MDL No. 1456.

You were mailed this Notice because you previously returned a Claim Card in response to an earlier Notice that was sent to you. On the Claim Card, you indicated that you made a percentage co-payment from January 1, 1991 through December 31, 2004 for a BMS Drug under Medicare Part B.

This revised Notice informs you of changes in the terms of the Proposed Settlement. In sum, the amount of money allocated to consumers has been increased, and the proposed distribution has been altered to more closely track estimated damages for each individual BMS Drug. You are receiving this Notice because our records indicate that your total compensation across all settled BMS Drugs will be reduced under the Proposed Settlement as revised.

## 2. What Are The Changes In The Terms Of The Proposed Settlement?

The Court considered the Proposed Settlement at a hearing held March 28, 2011. The Court requested that the Proposed Settlement be modified to provide more money to consumers and to base the distribution among the various consumers more closely on estimated damages for each individual BMS Drug. Plaintiffs subsequently presented a revision to the Court, which the Court approved on a preliminary basis.

*Your legal rights are affected even if you do not act.*
*Read this Notice carefully.*

The total amount of money available to pay consumer claims, including those consumers who participated in Medicare Part B and those who made a percentage co-payment or cash payment for BMS Drugs outside of the Medicare Part B program, has been **increased** from $4,370,000 to $5,370,000.

And the manner in which your payment will be calculated has changed.  Under the previous formula, the Claims Administrator would calculate your "Total Recognized Claim" by adding two amounts:

- Payment obligations for Cytoxan®, Taxol® and Vepesid® from January 1, 1991 through December 31, 2004 multiplied by a factor of three (3x); and
- Payment obligations for Blenoxane®, Etopophos®, Paraplatin®, Rubex® inside this time period (with no multiplication factor).

Your Total Recognized Claim will now be calculated differently.  It will be based on the Court's findings from a prior trial against BMS in this same litigation and Plaintiffs' expert's calculation of estimated overcharges associated with the alleged price inflation for the BMS Drugs.

Your Total Recognized Claim will now be determined according to a three step process:

1. For the drugs Cytoxan®, Taxol® and Vepesid®, the Claims Administrator will apply the expert's estimated overcharge percentage for all administrations during the following years (years not indicated receive $0):

   Cytoxan®:  1991-2004     Taxol®:  2002-2003     Vepesid®:  1993-1999, 2001-2004

2. The amounts determined in Step 1 will be doubled for the following drugs and years for which the Court found liability in the prior trial:  Cytoxan®, 1998-2002; Taxol®, 2002; and Vepesid®, 1998-1999, 2001-2002.

3. In Step 3, a $50 payment will be allocated for all administrations of each of the following drugs:  Blenoxane®, Etopophos®, Paraplatin®, Rubex®.  In addition, all Taxol® administrations during the years 1991-2001 will also be allocated $50.  The foregoing payments are a flat $50 per drug, without regard to how many administrations you received of the particular drug.  For the foregoing drugs (and the time period indicated for Taxol®), either the Court found no liability at the prior trial, or Plaintiffs' expert determined that there were no or very minimal alleged overcharges.

The sum of these figures will be your Total Recognized Claim.  For those claimants whose Total Recognized Claim sums to less than $50, the distribution formula steps them up to $50, so that $50 becomes the minimum Total Recognized Claim for eligible claimants.

If there is enough money based on the number of claims received, your payment will be 100% of your Total Recognized Claim. If there is not enough money to pay all consumers 100% of their Total Recognized Claims, each consumer's claim will be reduced proportionately.

If you are eligible to receive a payment, the net result of these changes to the Proposed Settlement is that your payment will be lower than under the initial distribution formula.

The remaining terms of the Proposed Settlement remain unchanged. The Court has determined that the above revision does not warrant a second "opt out" period in which class members who declined to exclude themselves before should now be offered another chance to do so. Accordingly, if the Proposed Settlement is finally approved as revised, you will be bound by its terms.

## 3. May I Object To, Or Comment On, The Revision To The Proposed Settlement?

Yes. If you have comments about, or disagree with, any aspect of the revision to the Proposed Settlement, you may express your views to the Court. You must do this in writing. Your written response must include:

- Your name, address, telephone number, a brief explanation of your reasons for objection, and
- The case number (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456).

The document **must** be signed to ensure the Court's review. The response must be filed with the Court at the following address on or before **July 1, 2011**: Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210 and served on Counsel for the Parties so that the objection is **received** on or before **July 1, 2011** at the following addresses:

| Counsel for the Class | Counsel for BMS |
|---|---|
| Steve W. Berman | Lyndon M. Tretter |
| Hagens Berman Sobol Shapiro LLP | Hogan Lovells US LLP |
| 1918 Eighth Avenue, Suite 3300 | 875 Third Avenue |
| Seattle, WA 98101 | New York, NY 10022 |

In addition, your document must clearly state that it relates to the "BMS Settlement." If you file or present an objection, you will be subject to the jurisdiction of the Court.

3

### 4. When And Where Will The Court Decide On Whether To Grant Final Approval Of The Proposed Settlement?

The Court will hold a Hearing on July 7, 2011 at __ p.m. to consider whether it is fair, reasonable and adequate. At the Hearing, the Court will also consider whether to approve the Proposed Settlement; the request for attorneys' fees and expenses; and any comments or objections. You are not required to attend, but may do so at your own expense.

If you want your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance must include:

- Your name, address, telephone number, signature;
- The name, and number of the lawsuit (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456);
- State that you wish to enter an appearance at the Final Approval Hearing; and
- Any documentation in support of such opposition.

Your Notice of Appearance **must** be filed with the Court on or before **July 1, 2011** and served on Counsel so that it is **received** on or before **July 1, 2011**. You cannot speak at the Hearing if you previously asked to be excluded from the Proposed Settlement Class. The Notice of Appearance must be filed with the Court and served on Counsel at the addresses set forth above in response to Question 3.

### 5. Where Do I Obtain More Information?

You may obtain more information, including a copy of the original Notice that was previously mailed to you, by visiting the BMS AWP Settlement web site at www.BMSAWPSettlement.com, by calling 1-877-690-7097, or by writing to:

>BMS AWP Class1 Settlement Administrator
>P.O. Box 2364
>Faribault, MN 55021-9064

DATED: May __, 2011    **BY ORDER OF THE COURT**

4