# Exhibit 2

# United States Court of Appeals
## For the First Circuit

No. 10-1959

IN RE: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE LITIGATION.

ORDER OF COURT
Entered:  April 15, 2011

      The appellant, Donald Haviland, seeks to file an addendum to his reply brief containing the transcript of a district-court hearing that post-dated the order appealed from and, according to Haviland, "substantially modified" it.  He also moves for leave to file an oversized reply brief, stating that the additional 643 words are necessary to address the proffered transcript.  The plaintiff class, represented by designated class counsel, opposes that motion or, if the motion is granted, moves to dismiss the appeal as without merit.

      The transcript at issue is that of a fairness hearing on a proposed settlement of a different matter than that which gave rise to the present appeal.  During that hearing, the district court made some comments about the order on appeal in this case, which Haviland characterizes as a "substantial modification" of that order and as a "correction" of the district court record under Rule 10(e) of the Federal Rules of Appellate Procedure.  As an alternative to an order permitting him to include that purportedly "corrected" record in an addendum to his reply brief, he seeks an extension of time to file his reply brief in order to seek such a correction in the district court.  Haviland's characterizations of the transcript and his reliance on Rule 10 are inapt.

      Absent extraordinary circumstances not present here, Rule 10 cannot be used to expand the record to include material that post-dates the order appealed from.  United States v. Muriel-Cruz, 412 F.3d 9, 12 (1st Cir. 2005); United States v. Rivera-Rosario, 300 F.3d 1, 9 (1st Cir. 2002).  Nor is Rule 10 the proper way to seek modification or correction of district court orders that are currently on appeal.  If Haviland wanted to seek such a modification, he should have filed an appropriate motion in the district court, which could then request a remand if it were inclined to grant the motion.  See Fed. R. App. P. 12.1; Fed. R. Civ. P. 62.1.  Absent such a remand, the district court was powerless to modify the order pending appeal, even if that was what it intended to do by its passing references to that order in an unrelated hearing.

      Nevertheless, to the extent that the district court's comments are relevant to the issues on appeal, the panel deciding this case on the merits may, but need not, exercise its discretion to take judicial notice of those comments.  In re Papatones, 143 F.3d 623, 624 (1st Cir. 1998) (holding that appellate court can take judicial notice of records of other courts); United States v. Simons, 2011 WL 1313954, at *2 n.2 (10th Cir. Apr. 7, 2011) (unpublished) (taking judicial notice of further developments in district court).  We will therefore allow Haviland to file the transcript in this court and to file an oversize reply brief discussing it.

      However, because the transcript is 92 pages long, the whole transcript may not be filed as an addendum to his reply brief.  See 1st Cir. R. 28.0(a)(2) (limiting addenda to 25 pages).  Rather, only "short excerpts," not to exceed a total of 25 pages, may be included in an addendum.  Id.

      A revised reply brief and addendum, in conformance with this order and the applicable rules, shall be filed within 14 days of the date of this order.  Resolution of the plaintiff class's cross-motion to dismiss is deferred until after briefing is completed.

      By the Court:

      /s/ Margaret Carter, Clerk

cc:

Steve W. Berman
William F. Cavanaugh, Jr.
Jennifer F. Conolly
Marc. H. Edelson
David M. Glynn
Donald E. Haviland, Jr.
Jeffrey Kodroff
Michael L. Koon
Seunghwan Kim
Michael Lorusso
John A. Macoretta
Adeel Abdulllah Mangi
Sean R. Matt
Victoria E. Phillips
Andrew D. Schau
Kenneth A. Wexler
D. Scott Wise