# Exhibit 4

Page 1

1        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
2
3    IN RE:                              )
                                         )  CA No. 01-12257-PBS
4    PHARMACEUTICAL INDUSTRY AVERAGE     )
     WHOLESALE PRICE LITIGATION          )  Pages 1 - 17
5                                        )
6
7
8
                    STATUS CONFERENCE
9
            BEFORE THE HONORABLE PATTI B. SARIS
10               UNITED STATES DISTRICT JUDGE
11
12
13
14
                             United States District Court
15                           1 Courthouse Way, Courtroom 19
                             Boston, Massachusetts
16                           March 31, 2010, 2:05 p.m.
17
18
19
20
21
22              LEE A. MARZILLI
              OFFICIAL COURT REPORTER
23          United States District Court
            1 Courthouse Way, Room 7200
24              Boston, MA  02210
                  (617)345-6787
25

Page 6

1  THE COURT: In a way that's the good news for you, but
2  in a way it's not.
3  MS. SHOFNER: It's not, your Honor. We would want
4  this motion, if it was going to be granted, to be granted with
5  prejudice. He's currently seeking --
6  THE COURT: No, I'll never do that with a Medicare
7  class. I'm not going to do it with prejudice.
8  MS. SHOFNER: Or at least on condition that he not
9  file a state court action competing with this?
10 MS. CONNOLLY: That's our concern, your Honor, is that
11 we have reached out to him about the fact that the voluntary
12 dismissal was without prejudice, and asked him to represent
13 that he was not going to be filing in another jurisdiction, and
14 he has refused to make that representation. So there is the
15 concern that --
16 THE COURT: But I can't do it with prejudice. I've
17 got a whole class implicated. To the whole class? Maybe I
18 could make it with prejudice as to that particular estate.
19 MS. CONNOLLY: The notice of voluntary dismissal does
20 say that it is for his client's individual claims. Now,
21 granted, there will not be any plaintiffs remaining if the
22 dismissal is granted; but if we were given time to replace the
23 class representatives, granting his notice of voluntary
24 dismissal, which we don't think can be done without a hearing,
25 but doing that would not effectively dismiss the class claims.

Page 7

1  It would only dismiss his client's individual claims.
2  THE COURT: Well, let me ask you this: Do you have
3  any -- you've had trouble with this over the years. I've
4  always allowed you to replace because this is, I've always
5  said, an aging and dying class.
6  MS. CONNOLLY: That's right.
7  THE COURT: That having been said, you've got to find
8  someone.
9  MS. CONNOLLY: Yes.
10 THE COURT: And it's always been a problem for you.
11 It takes a long time.
12 MS. CONNOLLY: Yes, it does take a long time, and
13 these in particular are very difficult clients to find.
14 THE COURT: My guess is --
15 MS. CONNOLLY: That we previously turned over heaven
16 and earth to look for them?
17 THE COURT: To find people. So I'm trying to figure
18 out what to do here.
19 Have you filed anything? You haven't filed anything.
20 MS. SHOFNER: We filed the motion for summary judgment
21 which was originally -- yes, no, no, no.
22 THE COURT: On this issue.
23 MS. SHOFNER: No, we haven't.
24 THE COURT: So should I dismiss this case without
25 prejudice to the class?

Page 8

1  MS. CONNOLLY: Well, there are a couple of things that
2  we would like for you to do. We would like to have additional
3  time, obviously, to try to find a class representative; but we
4  also believe that the dismissal can't happen without a court
5  order, and that we have some serious concerns that this
6  dismissal was done as part of Mr. Haviland's vendetta to class
7  counsel. It is very oddly coincidental that both of the J&J
8  plaintiffs suddenly decided that they didn't want to
9  participate in the case three days before we were going to have
10 oral argument on the post-remand motions for summary judgment.
11 Our attempts to get a rational explanation from Mr. Haviland
12 about why this was occurring have just not happened, and we
13 believe that he should have to account to this Court why his
14 plaintiffs are seeking to withdraw, and that there should be a
15 hearing under Rule 23(e), and he should have to come forth and
16 represent to this Court that this is in fact what these
17 plaintiffs want to do.
18 THE COURT: What's 23(e)?
19 MS. CONNOLLY: That's the dismissal, what the
20 dismissal would have to be under 23(e) for a voluntary
21 dismissal because we have a 40 -- a certified class.
22 THE COURT: All right, so that's helpful. So you want
23 me to just schedule a 23(e) hearing?
24 MS. CONNOLLY: Yes. And we believe that Mr. Haviland
25 should be required to appear, which he has indicated that he

Page 9

1  doesn't want to do.
2  THE COURT: I understand why he doesn't want to. I
3  mean, he's been disqualified here. So if he doesn't appear,
4  then what? I'm just trying to play this out. I've made it
5  pretty clear, I think -- I haven't even read your material --
6  what I'm likely to do on the 93A claim, unless I change my
7  mind, because I haven't looked at it in years. But there is
8  the issue of the national class that's triable to a jury. I
9  thought that was a fair point that was never really teed up
10 before; what do I do with that? And I hate to have the
11 potential for different suits and different statutes argued.
12 MS. SHOFNER: Your Honor, we do have precedent for the
13 idea of barring Mr. Haviland from bringing these as state law
14 claims, In Re: Phillips Petroleum.
15 THE COURT: But I wouldn't be inclined to do that, in
16 the sense of if there's a viable claim somewhere. Here's the
17 thing: I don't remember it well. The issues with respect to
18 Johnson & Johnson came up in a blur at the end. And I do
19 remember my strong feelings about 93A, but I also remember that
20 I didn't focus on -- maybe you didn't focus me on it, or maybe
21 I just didn't focus on it -- the rest of the country. And
22 that's the piece that I think the First Circuit was confused on
23 because I hadn't actually addressed it explicitly, and it came
24 back to me. And I've got to do that. And now let's assume
25 there's no real plaintiff. I can't do it, but that doesn't