# Exhibit 2



**U.S. Department of Justice**

Civil Division, Fraud Section

---

*601 D Street, NW*  *Telephone:  (202) 305-9300*
*Ninth Floor*      *Telecopier: (202) 616-3085*
*Washington, D.C. 20004*

*Via Electronic Mail*                                April 21, 2011

Paul Carberry
Stefan Mentzer
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

      Re:    *In re: Pharmaceutical Industry Average Wholesale Price Litigation*,
             MDL No. 1456/Civil Action No. 08-10852-PBS (D. Mass.)

Dear Messrs. Carberry and Mentzer:

      It would be helpful to hear further from defendants with respect to the recently posted Notice of Subpoena and appended Rule 30(b)(6) specifications which purport to require testimony by persons designated by the Centers for Medicare and Medicaid Services (CMS).  In particular, we suggest that you consider the following points and withdraw the Notice.

      1)  The testimony sought by the subpoena was not requested in the manner prescribed by the HHS Touhy regulations (45 CFR §§ 2.1-2.6).

      2)  Based on a review of the pertinent record – which includes a joint request to extend discovery (Mar. 22, 2011), the Court's denial of that request, the representations made in the motion for a status conference (Mar. 28, 2011), and the Court's docket entry setting a status conference – it does not appear that the Court, when setting this matter for a status conference next month, was contemplating a wholesale reopening of discovery and giving the parties the option of serving completely new discovery requests.  Further, there is no modification of the March 23 Order on this very issue, and nothing to suggest that she was reconsidering that ruling.  To the contrary, from the record taken as a whole, it appears that the Court was more likely expecting only for the parties to continue ongoing settlement efforts and possibly tie up other unfinished business.  We have found nothing in the record indicating that the Court granted leave for defendants to conduct the considerable and burdensome new discovery on which you are attempting to embark.[1]

---

     [1] Notably, a March 30, 2011 letter from counsel for Actavis to Maryland Medicaid – as well as other documents appended to a recent Ven-A-Care protective order brief (Dkt. 146) – continue to reference the April 15 discovery cutoff and are consistent with the view that discovery in fact closed on that date.

-2-

      3) Irrespective of the lack of compliance with the Touhy regulations and defects in subpoena service, the Rule 30(b)(6) specifications you posted are overly burdensome and unnecessary - particularly in light of the extensive questioning of CMS officials during the litigation of the False Claims Act cases in which the Government had intervened.  For example, Larry Reed who is probably the CMS official most knowledgeable about of the subject matter at issue, was deposed for six days.  His colleague Deirdre Duzor was deposed for two days.  Mr. Reed testified at length about CMS's approval of State Plan Amendments.  Counsel for Sandoz, among others, attended all six days of Mr. Reed's testimony.  Moreover, the Government consistently allowed deposition questioning by counsel for any party in the AWP-MDL, including those drug companies which had not been sued by the United States.  In short, while the Government's intervened cases were pending, counsel for Sandoz had ample opportunity to question CMS officials with knowledge of the subject matter covered in your recent specifications.  This fact is pertinent to the issue of whether it is reasonable to subject CMS, at this late date, to the burdens attendant to the selection, preparation and deposition of officials who can testify about the list of subjects appended to your subpoena.

      In light of the foregoing, please advise whether you will withdraw the Notice of Subpoena.  Feel free to contact me at Justin.Draycott@USDOJ.gov.  Thank you for your attention.

                                         Very truly yours,

                                         /s
                                     Justin Draycott
                                     Trial Attorney
                                     Commercial Litigation Branch

# Exhibit 3