# Exhibit 3

**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax  + 1 212 354 8113
www.whitecase.com

Direct Dial + 1 212 819 8507     pcarberry@whitecase.com

April 28, 2011

VIA E-MAIL

Justin Draycott, Esq.
Trial Attorney
Commercial Litigation Branch
U.S. Department of Justice
Civil Division, Fraud Section
601 D Street, NW
Ninth Floor
Washington, District of Columbia  20004

Re:  United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Actavis Mid Atlantic, et al. -
     Civil Action No. 08-10852-PBS, MDL No. 1456

Dear Mr. Draycott:

I write in response to your April 21, 2011 letter regarding the subpoena served on April 14, 2011 by Defendants in the above-referenced action on the Centers for Medicare and Medicaid Services ("CMS"). For the reasons set forth below, Defendants do not withdraw the subpoena.

**Touhy regulations**

The subpoena does not run afoul of 45 C.F.R. §§ 2.1-2.6 (the "Touhy regulations"). Those regulations apply to depositions sought of "an employee or former employee" of DHHS. 45 C.F.R. § 2.1(a). Defendants, however, subpoenaed CMS as an entity under Rule 30(b)(6) – not any particular CMS employee – and there is authority to suggest that the procedures set forth under analogous Touhy regulations are not implicated under such circumstances. *See Orange Env't, Inc. v. County of Orange*, 145 F.R.D. 320, 324 (S.D.N.Y. 1992). Nevertheless, to avoid a dispute on this issue and without conceding the applicability of the Touhy regulations here, we are also sending a written request for testimony under separate cover to the head of CMS, reserving our right to seek any appropriate relief from the Court. Such a request is timely, as the Touhy regulations apply in circumstances where a current or former HHS employee is "subpoenaed to provide testimony in a deposition . . . ." 45 C.F.R. § 2.1(a).

ABU DHABI  ALMATY  ANKARA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUCHAREST  BUDAPEST  DOHA  DÜSSELDORF  FRANKFURT
GENEVA  HAMBURG  HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MOSCOW  MUNICH  NEW YORK
PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SILICON VALLEY  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

NEWYORK 8129213 (2K)

Justin Draycott, Esq.

April 28, 2011

WHITE & CASE

### Timeliness of the subpoena

The subpoena is not untimely, as your April 21 letter suggests. On March 22, 2011, the parties submitted a joint motion requesting that the Court extend all deadlines in the discovery schedule, including fact and expert discovery and summary judgment briefing, by 90 days. The Court denied that motion. Subsequently, on March 28, the parties jointly filed a request seeking a status conference with the Court before April 15, and, if the conference could not be held before April 15, a provisional extension of the close of fact discovery (and no other deadlines) until such time as the parties are able to meet with the Court. The Court granted the parties' joint request and set the status conference for May 24, 2011. The Court's order does not, as your letter suggests, provide that the Court denied the parties' request for a provisional extension or that the close of fact discovery is extended only as to "unfinished business" but not as to other discovery. Because the subpoena noticed a deposition to be taken before the May 24 fact discovery cutoff, it is timely.

### Burden of compliance

The areas of inquiry covered by the subpoena are not "overly burdensome and unnecessary." Rather, they are narrowly tailored to ensure that the questioning of CMS is focused on specific topics relevant to Defendants in this litigation and does not impose an undue burden on CMS.

Your letter asserts that CMS officials were subject to "extensive questioning" in other False Claims Act cases in which the Government had intervened, but does not identify which, if any, of the three areas of inquiry listed in the subpoena were satisfied by the prior deposition testimony of CMS officials, other than a general reference to Larry Reed's testimony about State Plan Amendments. Defendants are not interested in taking cumulative discovery of CMS so, if CMS believes that it has already produced deposition testimony that satisfies any of the subpoenaed topics, please identify the CMS official who testified, the date of his or her deposition, where in the deposition transcript the relevant testimony appears and the corresponding area of inquiry.

Moreover, regarding area of inquiry no. 1, you may recall that Defendants previously asked CMS to provide discovery with regard to Average Manufacturer Prices (AMPs), but that CMS objected and advised Defendants to seek certain admissions from Ven-A-Care instead. Following CMS' advice, Defendants propounded discovery requests seeking admissions regarding the use of Defendants' AMPs to which Ven-A-Care claimed it lacked sufficient knowledge to admit. Therefore, Defendants have no choice but to seek information regarding their AMPs from CMS directly. For these and the other reasons set forth herein, the requested deposition testimony on this topic is reasonable.

Regarding area of inquiry no. 3, Defendants sought to ease the burden on CMS by identifying specific State Plan Amendments for eleven states and the names of the CMS officials who would have relevant knowledge regarding each such Amendment. Again, if CMS believes that it has provided satisfactory testimony concerning any of these specific State Plan Amendments, please let us know the deponent, the date of his or her deposition, where in the deposition transcript the relevant testimony appears and the State Plan Amendment to which the testimony corresponds.

NEWYORK 8129213 (2K)

Justin Draycott, Esq.

April 28, 2011

WHITE & CASE

Defendants will be happy to withdraw any request for testimony where CMS has already provided relevant testimony on the specific State Plan Amendment approval at issue.

Your letter also notes that Sandoz had "ample opportunity to question CMS officials with knowledge of the subject matter" requested in the subpoena, noting in particular that Sandoz attended all six days of Larry Reed's testimony. Counsel for Actavis and Watson, however, did not attend Mr. Reed's depositions, and counsel for Par attended only one day. Every defendant herein is entitled to seek relevant discovery in this specific case. Moreover, Sandoz attended Mr. Reed's depositions only in connection with its state AWP actions, in which CMS is not a party in interest. Mr. Reed's depositions (and the depositions of other CMS officials) were not cross-noticed in, and Defendants did not attend them in connection with, or with an eye toward the unique issues raised in, the *United States ex rel. Ven-A-Care of the Florida Keys v. Actavis* action. Sandoz and its co-defendants are permitted to take reasonable discovery of CMS on the particular issues that are relevant in *this* case and are not limited to relying on the examination conducted by other counsel representing other defendants in other cases that may bear no relevance to the issues raised by this specific case as relates to these specific defendants.

\*       \*       \*

Your letter makes passing reference to "defects in subpoena service." Please confirm whether CMS has any other objections to the service of the subpoena, other than on grounds of the purported lack of compliance with the Touhy regulations, untimeliness, and undue burden. If so, please let us know the basis for the objection.

Finally, with regard to whether Defendants view the Government as having satisfied its obligation to confer under Local Rule 37.1, we believe the issues regarding the subpoena warrant further discussion in an effort to resolve or narrow the issues in dispute. Please let us know your availability to discuss these issues by telephone within the next week.

Sincerely,

Paul B. Carberry

cc:   Laurie Oberembt, Esq.
      Counsel for Actavis, Par, and Watson