# Exhibit 6

**WHITE & CASE**

White & Case LLP  
1155 Avenue of the Americas  
New York, New York 10036-2787

Tel  + 1 212 819 8200  
Fax  + 1 212 354 8113  
www.whitecase.com

Direct Dial + 1 212 819 8705     smentzer@whitecase.com

May 4, 2011

VIA E-MAIL

Justin Draycott, Esq.  
Trial Attorney  
Commercial Litigation Branch  
U.S. Department of Justice  
Civil Division, Fraud Section  
601 D Street, NW  
Ninth Floor  
Washington, District of Columbia  20004

Re:   United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Actavis Mid Atlantic, et al. -
      Civil Action No. 08-10852-PBS, MDL No. 1456

Dear Mr. Draycott:

This responds to your May 2, 2011 letter to Paul Carberry regarding the subpoena served by Defendants in the above-referenced action. We disagree with the assertions made in your letter but in the interest of brevity do not address each point of disagreement here. Below, we address three concerns in particular.

Mr. Carberry's April 28, 2011 letter made clear that Defendants do not concede the applicability of the Touhy regulations in these circumstances, but to avoid an unnecessary dispute on the question would send a request to the head of CMS, which they did on April 29. Your May 2 letter, however, suggests that CMS will respond to this Touhy request only if Defendants first withdraw the subpoena. If that is CMS's position, please state so explicitly and explain why a requesting party is precluded from serving a subpoena prior to a Touhy request letter. As no doubt you are aware, the Code of Federal Regulations provide that the Touhy regulations apply when a current or former DHHS employee "is . . . subpoenaed to provide testimony in a deposition." 45 C.F.R. § 2.1(a). The regulations clearly contemplate service of a subpoena followed by a written Touhy request, and it is now CMS's obligation to respond to that Touhy request.

Regarding the timeliness of the subpoena, we disagree with your interpretation of Judge Saris's March 30 order and your unwarranted assertion that Defendants are asking CMS to be "cavalier"

ABU DHABI   ALMATY   ANKARA   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUCHAREST   BUDAPEST   DOHA   DÜSSELDORF   FRANKFURT
GENEVA   HAMBURG   HELSINKI   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MONTERREY   MOSCOW   MUNICH
NEW YORK   PARIS   PRAGUE   RIYADH   SÃO PAULO   SHANGHAI   SILICON VALLEY   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

NEWYORK 8134075 (2K)

Justin Draycott, Esq.

May 4, 2011



regarding the case schedule. We also take issue with CMS's apparent refusal to engage in any discussions with Defendants to, as you put it, find "a middle ground" on resolving CMS's objections. Indeed, CMS has failed even to identify those individuals who are in a position to testify on behalf of CMS regarding the areas of inquiry provided in the subpoena. Defendants continue to believe that they and CMS should work toward resolving or narrowing their discovery disputes rather than burdening the Court with unnecessary motion practice. Nevertheless, if CMS continues to refuse to engage in meaningful discussions, Defendants will have no choice but to apply to the Court for appropriate relief.

Finally, in the interest of avoiding duplicative testimony, Mr. Carberry's April 28 letter asked you to identify any officials you believe have already given sufficient testimony concerning the subpoenaed topics, the dates of their depositions, where in the transcripts the relevant testimony appears, and the corresponding area of inquiry. You refused. That, coupled with your repeated assertions that Defendants are seeking "new" discovery indicates CMS's view that the requested testimony is not cumulative of prior testimony, and moreover that CMS does not object to the requested testimony on grounds that it is duplicative. Rather, CMS's objection rests largely on its view that all the Defendants have had sufficient opportunities to question CMS (or as you put it, "abundant access" to CMS personnel), even where Defendants did not appear at depositions in connection with this particular case, or, for that matter, were not present at depositions at all. If you have a different understanding, please let us know.

Sincerely,

Stefan Mentzer

cc:  Laurie Oberembt, Esq.
     Counsel for Actavis, Par, and Watson

2