# Exhibit 12



Oct 21 2010
1:09PM

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master Docket 01-cv-12257 |
| THIS DOCUMENT RELATES TO: | Subcategory 06-11337<br>Civil Action No. 08-cv-10852 |
| *United States of America Ex Rel. Ven-A-Care of the Florida Keys, Inc. a Florida Corporation, by and through its principal officers and directors, ZACHARY T. BENTLEY and T. MARK JONES vs. Actavis Mid Atlantic LLC, et al.* | Civil Action No. 10-cv-1186<br><br>Judge Patti B. Saris |

**RESPONSES AND OBJECTIONS OF RELATOR VEN-A-CARE OF THE FLORIDA KEYS, INC., TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION**

TO:   DEFENDANTS
By and through their attorneys of record
Paul B. Carberry
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

In accordance with the provisions of the Federal Rules of Civil Procedure, Relator, Ven-A-Care of the Florida Keys, Inc., submits the attached Objections and Responses to Defendants' First Set of Requests for Admission.

Respectfully submitted,

John E. Clark
Texas Bar Number 04287000
Rand J. Riklin

Texas Bar Number 16924275
Goode Casseb Jones Riklin
   Choate & Watson
2122 North Main Avenue
P.O. Box 120480
San Antonio, Texas 78212-9680
Telephone:  210-733-6030
Facsimile:   210-733-0330

James J. Breen, Esq.
Florida Bar Number 297178
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470
Telephone: 954-874-1653
Facsimile: 954-874-1705

Alison W. Simon, Esq.
Florida Bar Number 0109568
P.O. Box 430457
Miami, FL 33243
Telephone: (305) 663-2433
Facsimile: (305) 665-1508

Jarrett C. Anderson
Anderson LLC
Texas Bar Number 00796124
823 Congress, Suite 800
Austin, Texas 78701
Telephone:  512-469-9191
Facsimile:   512-532-0585

Larry Black
Texas Bar Number 02384300
7039 Comanche Trail
Austin, Texas 78732
Telephone: 512-402-1745
Facsimile: 512-857-0556

Glenn MacTaggart
State Bar No. 12787680
Kevin M. Young

State Bar No. 22199700
Prichard Hawkins McFarland & Young
10101 Reunion Pl, Suite 600
San Antonio, TX 78216
(210) 477-7419
(210) 477-7469 (FAX)

Counsel for Relator
Ven-A-Care of the Florida Keys, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2010, I caused a true and correct copy of the foregoing Responses and Objections by Relator Ven-A-Care of the Florida Keys, Inc. to Defendants' First Set of Requests for Admission to be served on all counsel of record via LEXIS File & Serve electronic service pursuant to Case Management Order No. 2.

*[signature]*
for John E. Clark *with permission*

## RESPONSES AND OBJECTIONS OF RELATOR VEN-A-CARE OF THE FLORIDA KEYS, INC. TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

### OBJECTION TO GENERAL INSTRUCTIONS

Ven-A-Care objects to the "GENERAL INSTRUCTIONS" set out in Defendants' Requests for Admission because they are inconsistent with the Federal Rules of Civil Procedure governing requests for admission. Ven-A-Care's responses are in accordance with the Federal Rules, particularly Rule 36.

### VEN-A-CARE'S RESPONSES AND OBJECTIONS TO DEFENDANTS' REQUESTS FOR ADMISSION

1. Admit that CMS received AMP data from each Defendant for each of the Subject Drugs on a quarterly basis for every quarter during the Relevant Time Period, to the extent such data was available for a specific Subject Drug during a specific quarter

OBJECTION: Rule 36(a)(1) allows a party to serve a request to admit the truth of matters within the scope of Rule 26(b)(1) relating to "(A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."

This request asks Ven-A-Care, a private party, to admit that CMS – a non-party federal agency over which Ven-A-Care has no control and with which Ven-A-Care does not have an identity of interest – received proprietary AMP data from the defendants quarterly, over a period of 20 years, in statutorily mandated reports to which Ven-A-Care was not privy and about which Ven-A-Care has no knowledge.

> "Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts. [citations omitted] Such reasonable inquiry includes an investigation and inquiry of employees, agents, and

-4-

> *others 'who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response.' [citation omitted] The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties, but surely not strangers. [citations omitted] The operative words then are 'reasonable' and 'due diligence.'"*

Henry, et al. v. Champlain Enterprises, Inc., 212 F.R.D. 73, 78 (N.D. N.Y. 2003). To the same effect *see, e.g.,* United States *ex rel.* Englund v. Los Angeles County, 235 F.R.D. 675 (E.D. Cal. 2006) (responding party is not required to interview or subpoena records from independent third parties in order to admit or deny a Request for Admission); Bouchard v. United States, 241 F.R.D. 72 (D. Me.2007) (obligation of reasonable inquiry requires respondent to make reasonable effort to secure information that is readily obtainable from sources within the respondent's relative control). To require Ven-A-Care to attempt to determine from sources not within its relative control what CMS (a "stranger" to Ven-A-Care) received from the defendants, and when, in order to respond to this request for an admission, would saddle Ven-A-Care with an undue burden not contemplated by Rule 36.

By way of further objection, whether CMS received AMP data from each defendant for each of the subject drugs on a quarterly basis for every quarter from 1991 to the present (as "Relevant Time Period" is defined by the defendants) is not relevant to any *bona fide* defense in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and thus is not within the scope of Rule 36.

RESPONSE: Ven-A-Care was not and is not privy to the communications between the defendants and CMS that are the subject of this request; and after inquiring of

-5-

its principals and agents and learning that neither they nor any other source within Ven-A-Care's relative control have or can readily obtain knowledge whether CMS received AMP data quarterly from the Defendants during the time period in question, Ven-A-Care lacks sufficient knowledge or information to enable it truthfully to admit or deny the matter requested.

2. Admit that Ven-A-Care will not dispute in the above-captioned action that CMS received AMP data from each Defendant for each of the Subject Drugs on a quarterly basis for every quarter during the Relevant Time Period, to the extent such data was available for a specific Subject Drug during a specific quarter.

OBJECTION: Rule 36(a)(1) allows a party to serve a request to admit the truth of matters within the scope of Rule 26(b)(1) relating to "(A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."

This request does not relate to "facts, the application of law to fact, or opinions about either," or to the genuineness of any document. It is, instead, a bald attempt to ascertain what trial strategy Ven-A-Care will employ if the defendants seek the admission of certain evidence. Whether Ven-A-Care will admit or deny that it *will not dispute . . . that CMS received AMP data*" from the defendants is not a request to admit the truth of "facts, the application of law to facts, or opinions about either." Instead, it is a request to admit or deny what Ven-A-Care's trial strategy will be if certain evidence is offered; and thus it is not a proper request for admission within the scope of Rule 36.

-6-

By way of further objection, whether CMS received AMP data from each defendant for each of the subject drugs on a quarterly basis for every quarter from 1991 to the present (as "Relevant Time Period" is defined by the defendants) is not relevant to any *bona fide* defense in this action, is not reasonably calculated to lead to the discovery of admissible evidence, and thus is not within the scope of Rule 36.

RESPONSE: Ven-A-Care has not determined its trial strategy regarding whether it will or will not "dispute" the proposition posed by this request, and its trial strategy is in any event outside the scope of Rule 36. In addition, Ven-A-Care was not and is not privy to the communications between the defendants and CMS that are the subject of this request; and after inquiring of its principals and agents and learning that neither they nor any other source within Ven-A-Care's relative control have or can readily obtain knowledge whether CMS received AMP data quarterly from the Defendants during the time period in question, Ven-A-Care lacks sufficient knowledge or information to enable it truthfully to admit or deny the matter requested.

3. Admit that CMS processed, treated, and handled Defendants' AMPs for the Subject Drugs during the Relevant Time Period in the same manner as CMS processed, treated, and handled the AMPs for the drugs at issue in the DOJ Litigation.

OBJECTION: Rule 36(a)(1) allows a party to serve a request to admit the truth of matters within the scope of Rule 26(b)(1) relating to "(A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."

-7-

This request seeks an admission from Ven-A-Care, a private party, that CMS, a federal agency over which Ven-A-Care has no control and with which Ven-a-Care does not have an identity of interest, "processed, treated, and handled Defendants' AMPs for the Subject Drugs" over a period of 20 years in the same manner as CMS dealt with "the AMPs for the drugs at issue in the DOJ Litigation."

> *"Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts. [citations omitted] Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others 'who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response.' [citation omitted] The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties, but surely not strangers. [citations omitted] The operative words then are 'reasonable' and 'due diligence.'"*

Henry, et al. v. Champlain Enterprises, Inc., 212 F.R.D. 73, 78 (N.D. N.Y. 2003). To the same effect *see, e.g.,* United States *ex rel.* Englund v. Los Angeles County, 235 F.R.D. 675 (E.D. Cal. 2006) (responding party is not required to interview or subpoena records from independent third parties in order to admit or deny a Request for Admission); Bouchard v. United States, 241 F.R.D. 72 (D. Me.2007) (obligation of reasonable inquiry requires respondent to make reasonable effort to secure information that is readily obtainable from sources within the respondent's relative control). Ven-A-Care was not and is not privy to the administrative processes and operations of CMS. To require Ven-A-Care to attempt to determine from sources not within its relative control how CMS (a "stranger" to Ven-A-Care) "processed, treated, and handled" data CMS may have received from the

-8-

Defendants in order to respond to this request would saddle Ven-A-Care with an undue burden not contemplated by Rule 36.

By way of further objection, whether CMS processed, treated, and handled Defendants' AMP data for the Subject Drugs from 1991 to the present time in the same manner as CMS processed, treated, and handled "the AMPs for the drugs at issue in the DOJ Litigation" is not relevant to a claim or to a *bona fide* defense in this action, nor is it reasonably calculated to lead to the discovery of admissible evidence; and thus it is not within the scope of Rule 36.

RESPONSE: Ven-A-Care was not and is not privy to the administrative processes and operations of CMS that are the subject of the request; and after inquiring of its principals and agents and learning that neither they nor any other source within their or Ven-A-Care's relative control have or can readily obtain knowledge of how CMS dealt with AMP data it may have received from the Defendants for the Subject Drugs during the time period in question, or whether its handling of that data was similar or dissimilar to its handling of "the AMPs for the drugs at issue in the DOJ Litigation," Ven-A-Care lacks sufficient knowledge or information truthfully to admit or deny the matter requested.

4.  Admit that Ven-A-Care will not dispute in the above-captioned action that CMS processed, treated, and handled Defendants' AMPs for the Subject Drugs during the Relevant Time Period in the same manner as CMS processed, treated, and handled the AMPs for the drugs at issue in the DOJ Litigation.

-9-

OBJECTION: Rule 36(a) allows a party to serve a request to admit the truth of matters within the scope of Rule 26(b)(1) relating to "facts, the application of law to facts, or opinions about either," and the genuineness of documents.

This request does not relate to "facts, the application of law to facts, or opinions about either," or to the genuineness of any document. It is, instead, a bald attempt to ascertain what trial strategy Ven-A-Care will employ if the Defendants seek the admission of certain evidence. Whether Ven-A-Care will admit or deny that it "*will not dispute* . . . that CMS processed, treated, and handled Defendants' AMPs for the Subject Drugs" in the same manner as it "processed, treated, and handled the AMPs at isssue in the DOJ Litigation" is not a request to admit the truth of "facts, the application of law to facts, or opinions about either," but a request to admit or deny what Ven-A-Care's trial strategy will be if certain evidence is offered; and thus it is not a proper request for admission within the scope of Rule 36.

By way of further objection, whether CMS processed, treated, and handled Defendants' AMP data for the Subject Drugs from 1991 to the present time in the same manner as CMS processed, treated, and handled "the AMPs for the drugs at issue in the DOJ Litigation" is not relevant to a claim or to a *bona fide* defense in this action, nor is it reasonably calculated to lead to the discovery of admissible evidence; and thus it is not within the scope of Rule 36.

RESPONSE: Ven-A-Care has not determined its trial strategy regarding whether it will or will not "dispute" the proposition posed by this request, and its trial strategy

-11-

is in any event outside the scope of Rule 36. In addition, Ven-A-Care was not and is not privy to the administrative processes and operations of CMS that are the subject of the request; and after inquiring of its principals and agents and learning that neither they nor any other source within their or Ven-A-Care's relative control have or can readily obtain knowledge of how CMS dealt with AMP data it may have received from the Defendants for the Subject Drugs during the time period in question, or whether its handling of that data was similar or dissimilar to its handling of "the AMPs for the drugs at issue in the DOJ Litigation," Ven-A-Care lacks sufficient knowledge or information truthfully to admit or deny the matter requested.