# EXHIBIT 1

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

In re Pharmaceutical Industry
Average Wholesale Price Litigation
United States of America ex rel.
Ven-A-Care of the Florida Keys, Inc.

Northern District of Florida

_____
*Plaintiff*

v.

Actavis Mid Atlantic LLC, et al.

_____
*Defendant*

)
)
)
)
)
)

Civil Action No. 08-cv-10852-PBS
MDL No. 1456
Master File No. 01-12257-PBS
Subcategory No. 06-1137-PBS

(If the action is pending in another district, state where:

District of Massachusetts                    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Florida Agency for Health Care Administration, 2727 Mahan Drive, Tallahassee, FL 32308

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See the attached Schedule A.

| Place: White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036 | Date and Time: 07/28/2010 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ____06/28/2010____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Defendant Sandoz Inc.
_____ , who issues or requests this subpoena, are:

Stefan M. Mentzer, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036.  (212) 819-8200

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* FLORIDA AGENCY FOR HEALTHCARE ADMINISTRATION

was received by me on *(date)* 6/28/10 .

☑ I served the subpoena by delivering a copy to the named person as follows: MARY SIEBOLD AS ADMINISTRATIVE ASSISTANT @ 2727 MAHAN DR BLD 3 TALLA, Fla 32395 @ 3:15pm on *(date)* 6/28/10 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 15.00

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 6/28/10

J. LEE VAUSE
*Server's signature*

CERTIFIED SERVER #81
*Printed name and title*

P.O. Box 1777
TALLA. Fla. 32302
*Server's address*

Additional information regarding attempted service, etc:

DESCRIPTION - W/F 30-35 yrs. 5'6" 140 lbs DK BRN HAIR.

ALLEN PYKE
MY COMMISSION # DD 612400
EXPIRES: December 3, 2010
Bonded Thru Budget Notary Services

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SCHEDULE A**

**DEFINITIONS**

1.      The definitions set forth in Federal Rule of Civil Procedure 34 are hereby incorporated by reference.

2.      "AAC" or "Actual Acquisition Cost" means the net price (after discounts, rebates, and other price reductions) that an individual healthcare provider or pharmacist pays to purchase a prescription drug intended for resale.

3.      "AMP" or "Average Manufacturer Price" shall have the meaning set forth in 42 U.S.C. § 1396r-8(k)(1).

4.      "AWP" or "Average Wholesale Price" means any figures so categorized and periodically published by a Publisher, including such figures published by First DataBank, Inc.

5.      "CMS" means the United States Centers for Medicare and Medicaid Services; its current and former agents, employees, commissioners; and its constituent parts and predecessors, including the Health Care Finance Administration ("HCFA"), the Department of Health and Human Services ("HHS"), the Social Rehabilitative Service, and the Department of Health, Education & Welfare; and any other person who currently or formerly acted or purported to act on its behalf.

6.      "CMS Regional Offices" means any of the ten offices of CMS overseeing a designated region of the United States; their current and former agents, officials, employees, and attorneys; and any other person who currently or formerly acted or purported to act on their behalf.

7.      "Communication" means any form of written or oral communication, both internal and external, including letters, memoranda, e-mail, telegrams, invoices, telephone

conversations, face-to-face meetings, and other similar forms of communication or correspondence.

8.      "Complaint" means the Amended Complaint Following Severance filed in this action by Ven-A-Care of the Florida Keys, Inc. on May 21, 2008.

9.      "Concerning," "referring to," "reflecting," "regarding," or "relating to" means, in whole or in part and directly or indirectly, about, analyzing, comprising, commenting on, concerning, connected to, constituting, containing, dealing with, describing, discussing, embodying, evaluating, evidencing, identifying, illustrating, in respect thereof, mentioning, noting, rebutting, recording, referring to, reflecting, refuting, regarding, relating to, responding to, setting forth, showing, stating, studying, summarizing, supporting, or in any way pertaining to, either explicitly or implicitly.

10.      "Defendants" refers collectively to the following defendants named in the Complaint:  Actavis MidAtlantic LLC, Alpharma USPD Inc. f/k/a Barre National Inc., and Barre Parent Corp. (collectively "Actavis MidAtlantic"); Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (collectively "Par"); Sandoz Inc. f/k/a Geneva Pharmaceuticals Inc. ("Sandoz"); and Watson Pharmaceuticals, Inc. and Schein Pharmaceutical, Inc. (n/k/a Watson Pharma, Inc.) (collectively, "Watson").

11.      "Direct Price" means any figures so categorized and periodically published by a Publisher.

12.      "Document" means all materials as defined in Federal Rule of Civil Procedure 34, including handwritten, printed, typed, recorded, photographic, and computer-generated materials of any kind or nature, however produced or reproduced, whether stored electrically, electronically, electromechanically, mechanically, magnetically, optically, or through other

means, and includes any drafts, preliminary and preparatory materials, originals, copies, e-mails, attachments, exhibits, removable notes, and translations or summaries thereof.

13.     "EAC" or "Estimated Acquisition Cost" shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 447.502.

14.     "FUL" or "Federal Upper Limit" shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 447.332.

15.     "Generic Drug" shall mean drugs to which pharmaceutically and therapeutically equivalent drugs containing the same active ingredient exist.

16.     "Including" means including without limitation.

17.     "MAC" or "Maximum Allowable Cost" shall have the meaning set forth in 42 C.F.R. § 447.332.

18.     "Manufacturer" means a company that manufactures pharmaceutical products, including the Subject Drugs, and shall have the meaning set forth in 42 U.S.C. § 1396r-8.

19.     "Medicaid" means the Medicaid Program, as administered by the various states their programs; and all of their current and former agents, employees, commissioners, and officials; and any other person who currently or formerly acted or purported to act on its behalf.

20.     "Medicaid Intermediary" means and refers to any insurance company or other entity that has contracted with any state Medicaid Program to process claims for reimbursement of drugs, develop preferred drug lists, provide guidance on changes to reimbursement methodologies, or provide advice on cost savings; its current and former administrators, staff, employees, agents, consultants, accountants, and attorneys; and any other person who currently or formerly acted or purported to act on its behalf.

21.     "Multiple Source Drugs" shall mean a drug marketed or sold by two or more Manufacturers or labelers or a drug marketed or sold by the same manufacturer or labeler under two or more different proprietary names or both under a proprietary name and without such a name.

22.     "NDC" means "National Drug Code," the code set maintained by the Food and Drug Administration and adopted by the federal Secretary of Health and Human Services as the standard for reporting drugs and biologics on standard transactions.

23.     "Participant" or "Beneficiary" means a Person for whom the Medicaid Program provides health insurance coverage, including policyholders and dependents, or any other health care or health benefits via any program.

24.     "Person" means any natural person or any business, corporation, partnership, proprietorship, association, organization, governmental entity, group of Persons, or other entity of whatever nature.

25.     "Plaintiff," "Relator," and "Ven-A-Care" refer to Ven-A-Care of the Florida Keys, Inc. and all of its predecessors, successors, subsidiaries, affiliated entities, controlled entities, parent companies, joint ventures, and related companies; present and former directors, officers, employees, agents, attorneys, and accountants; and any other person who currently or formerly acted or purported to act on their behalf.

26.     "Program" means any program under which You purchase pharmaceuticals or through which You pay reimbursement for pharmaceuticals and includes the State's Medicaid Program and any insurance program that provides pharmaceutical benefits to Your employees.

27.     "Provider" means any entity or Person that provides health care to any Participant or Beneficiary to whom You provide health insurance coverage or benefits, or any entity or Person to whom You provide reimbursement for drugs.

28.     "Publisher" means any pharmaceutical data publishing service, including the Medical Economics Company's Drug Topics Red Book ("Red Book"), American Druggist First DataBank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals ("Blue Book"), and Medi-Span's Master Drug Database ("Medi-Span").

29.     "Regarding," "relating to," or "referring to" means, in whole or in part, constituting, containing, comprising, concerning, referring to, embodying, connected to, relating to, reflecting, describing, analyzing, showing, evidencing, discussing, identifying, illustrating, stating, regarding, supporting, refuting, rebutting, responding to, commenting on, evaluating, about, in respect thereof, mentioning, dealing with, or in any way pertaining to, either explicitly or implicitly.

30.     "Reimbursement Methodology" means the formula used to calculate the amount of payment designated by the State's Medicaid Program to reimburse Providers for administering or dispensing pharmaceutical products to Beneficiaries.

31.     "State" means Florida, its legislative and executive branches and all their agencies (including any agencies that purchase or pay for prescription drugs), boards, commissions, departments, divisions, fiscal agents, instrumentalities, intermediaries, and any other administrative bodies; its current and former agents, employees, officers, officials, attorneys, accountants, administrators, and other Persons or entities involved in administering, overseeing, or monitoring any State Program; and any other person who currently or formerly acted or purported to act on its behalf.

NEWYORK 7688734 (2K)

32.     "State Maximum Allowable Cost" or "SMAC" shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 50.504 or any analogous state statute or regulation.

33.     "State's Medicaid Program" means the State agency responsible for carrying out the Medicaid Program in the State; all its branches, agencies, committees, or departments; all its current and former administrators, staff, employees, agents, consultants, accountants, or attorneys; and any other person who currently or formerly acted or purported to act on its behalf.

34.     "Subject Drugs" means the drugs Plaintiff alleges are at issue and attributes to each Defendant in this case as set forth in Exhibit 1-A to the Complaint, and which are set forth in **Exhibit A** attached hereto.

35.     "URA" means the Unit Rebate Amount computed and sent to the various states by CMS.

36.     "Usual and Customary" or "U&C" means the amount charged by a provider for dispensing a pharmaceutical product to a cash paying customer or as defined by the State.

37.     "WAC" or "Wholesale Acquisition Cost" means a Manufacturer's list price for a drug to wholesalers or direct purchasers in the United States (not including prompt pay or other discounts, rebates, or price reductions) or any price periodically published as WAC by a Publisher, including First DataBank, Inc.

38.     "You" and "Your" refer to the State.

## INSTRUCTIONS

1.     If it is claimed that a Request calls for documents that are privileged, work product, or otherwise protected from disclosure and such privilege or work product is asserted, identify the nature of the privilege that is claimed, and provide the following information:  (a) the type of document (e.g., letter, memorandum); (b) the general subject matter of the document; (c)

the date of the document; and (d) such other information as is sufficient to identify the document

for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other

recipient of the document, and, where not apparent, the relationship of the author, addressee, and

any other recipient to each other.  Any part of a document to which the State does not claim

privilege or work product should be produced.  For each document withheld under a claim of

attorney work product, also state whether the document was prepared in anticipation of litigation

or trial and, if so, identify the anticipated litigation or trial upon which the assertion is based.

2.      Do not withhold the production of documents on grounds that they contain

confidential, sensitive, or proprietary information.  Any such documents should be produced and

appropriately labeled in accordance with the protective order entered in this case, a copy of

which is attached hereto as **Exhibit B**.

3.      If a document responsive to a Request was, but is no longer in the State's

possession, or subject to its control or in existence, identify the document and state whether:  (a)

it is missing or lost, (b) it has been destroyed, (c) it has been transferred to others (identifying

those persons to whom the documents have been transferred), or (d) it has been disposed of in

some other manner.  In each instance, explain the circumstances surrounding each disposition

and identify the person directing or authorizing its destruction or transfer and the dates of such

direction or authorization.

4.      These Requests are continuing in character and require You to supplement Your

responses and produce additional responsive documents if You locate or obtain possession,

custody, or control of such documents at any time prior to trial.

5.      Unless otherwise specified, these Requests call for documents created or in

existence from January 1, 1991 to the present.

## DOCUMENT REQUESTS

1.      ***State Plans, State Plan Amendments, and Supporting Documentation***.  (a) All state Medicaid plans filed by the State under 42 U.S.C. § 1396(a); (b) all proposed or actual amendments to those state plans to the extent they relate to section 4.19B of the state plan; and (c) all supporting documents and communications concerning state plan amendments relating to section 4.l9B.

2.      ***Medicaid Policies Relating to Prescription Drugs***.  All (a) Provider manuals or handbooks applicable to prescription drugs dispensed or administered to Medicaid beneficiaries; (b) letters, bulletins, or transmittals sent to providers of prescription drugs; (c) documents sufficient to determine the payment rates for prescription drugs dispensed or administered under the State's Medicaid Program (i.e., Reimbursement Methodology, EAC, dispensing fees, co-payments); and (d) other policy documents stating official policies applicable to providers of prescription drugs.

3.      ***Pricing File***.  All prices applicable to any of the NDCs of the Subject Drugs in the attached **Exhibit A** maintained by the State's Medicaid Program, including AWP, WAC, FUL, MAC, SMAC, WHN, Baseline Price, AMP, Best Price, URA, FSS price, and MMCAP price.  If MAC lists are maintained separately, please produce all such current and historical lists effective from January 1, 1991 to the present.

4.      ***Examples of Claims Forms***.  All documents concerning the calculation, processing, or payment of claims by Providers for the Subject Drugs, including examples of each type of claim form used by Providers to seek payment for prescription drugs dispensed or administered to Medicaid beneficiaries.  For the period when claims were submitted

NEWYORK 7688734 (2K)

electronically, please provide screen shots of the electronic claim forms.  Please provide instructions for all responsive claim forms.

5.     ***Establishment of Payment Rates***.  All memoranda, studies, analyses, reports, communications, policy statements, and other documents concerning proposed and accepted changes to payment rates for prescription drugs dispensed or administered under the State's Medicaid Program (i.e., proposed and accepted changes to reimbursement methodology, EAC, dispensing fees, co-payments), including (a) all documents concerning Your decision to rely or not rely upon AAC in setting reimbursement rates for multiple source drugs, and (b) all documents concerning Your decision to incorporate or exclude the use of AWP or WAC as a benchmark price factored into prescription drug reimbursement under State's Medicaid Program.

6.     ***Cost Studies***.  From January 1, 1984 to the present, all studies, audits, or surveys concerning (a) Providers' costs to acquire and/or dispense prescription drugs; (b) wholesalers' costs to acquire prescription drugs; and (c) the prices at which drug manufacturers' sell prescription drugs.  This Request includes any reports prepared by the State, the U.S. Department of Health and Human Services, Office of Inspector General, Myers & Stauffer LC, Abt Associates Inc., Grant Thornton LLP, any pharmacy association, Stephen W. Schondelmeyer, and the U.S. Government Accountability Office.  (For example, the U.S. Department of Health and Human Services, Office of Inspector General, published a report in 1984 titled "Changes to the Medicaid Prescription Drug Program Could Save Millions," which compares AWP to Actual Acquisition Cost and is responsive to this Request.)

7.     ***Understanding of Key Terms At Issue in Lawsuit***.  From January 1, 1984 to the present, all documents concerning the meaning or definition of AAC, AWP, WAC, EAC, AMP, list price, Direct Price, and Usual and Customary charge including:

NEWYORK 7688734 (2K)

(a)      All documents reflecting, informing, or providing a basis for Your

knowledge that AWP does not represent an actual average of wholesale prices that is

inclusive of all discounts, allowances, and rebates paid by Providers.

(b)      All documents reflecting, informing, or providing a basis for Your

knowledge that WAC does not represent a price net of all discounts, chargebacks, and

rebates.

8.      ***Price Comparisons***.  All documents reflecting any comparison done by You or

others between the prices applicable to any Subject Drug, including comparisons of any two of

the following:  AAC, AWP, WAC, EAC, AMP, URA, FUL, MAC, SMAC, FSS price, MMCAP

price, contract price, invoice price, wholesaler price, Provider's purchase price, other states'

reimbursement amounts, acquisition prices of any state entity that is a direct purchaser of drugs,

and Usual and Customary charge.

9.      ***DOJ AWPs***.  All documents concerning the revised AWP prices provided to You

by the United States Department of Justice and NAMFCU, including documents concerning

Your decision to use or not use the revised AWP prices in reimbursing for pharmaceutical

products.

10.      ***Communications with Governmental Groups***.  All communications between

State and any member of the state legislature, the U.S. Government, any other State's Medicaid

Program, any Medicaid Intermediary, any state entity that is a direct purchaser of drugs, any

Medicare contractor, NAMFCU, any MFCU, the National Association of State Medicaid

Directors, Pharmacy Technical Advisory Group, American Association of Medicaid Pharmacy

Administrators, or the National Governors' Association concerning:  (a) payment rates for

prescription drugs dispensed or administered under the State's Medicaid Program; (b) the acquisition or dispensing costs of Providers for prescription drugs; or (c) AWP, WAC, or AMP.

11.     ***Communications with Non-Governmental Groups***.  All communications between the State's Medicaid Program and any Manufacturer, pharmacy and other Provider, professional or trade group, patients' rights group, law firm, any Publisher, Ven-A-Care, any benefit consultant, pharmacy benefit manager (PBM), healthcare management organization, or any other non-government organization concerning:  (a) proposed or accepted payment rate changes for prescription drugs dispensed or administered under the State's Medicaid Program; (b) the acquisition or dispensing costs of Providers for prescription drugs; (c) prices for any Subject Drug; or (d) AWP, WAC, or AMP.  This request includes all documents received as public comments relating to any proposed or contemplated changes in the reimbursement of prescription drugs or to the dispensing fee set by the State's Medicaid Program.

12.     ***Drug Pricing Proceedings***.  All documents concerning any legal proceedings concerning AWP, WAC, or reimbursement rates for prescription drugs, including:  (a) copies of all testimony by present and former employees of the State's Medicaid Program; (b) documents produced by the State in those proceedings; and (c) any other sworn statements (including interrogatory responses).

***AMPs and Rebates***.

13.     Any rebate agreement entered into by any of the Defendants and the State (or the federal government on behalf of the State) concerning the payment of rebates to the State's Medicaid Program.

14.     Documents sufficient to show the amounts in rebates received each year (a) from each Defendant, (b) for the Subject Drugs, and (c) in the aggregate, and any analysis that takes

into account these rebates in determining the costs to dispense or administer prescription drugs under State's Medicaid Program.

15.     All documents concerning the AMP information provided by each Defendant to the State.

16.     All documents or data containing or reflecting a URA for any Subject Drug.

17.     All documents or data containing or reflecting an analysis of a URA for any drug in an effort to calculate an AMP.

18.     All documents concerning the difference between the AMP and Providers' acquisition costs of any pharmaceutical product, including reports, studies, presentations, publications, legislative materials, or other documents issued by or on behalf of You or any other federal or state government entity or agency, correspondence sent or addressed to Your employees or agents, newspaper and magazine articles, television or radio broadcasts, and transcripts of congressional testimony.

19.     All documents comparing Providers' costs of dispensing pharmaceuticals to the dispensing fees set by the State's Medicaid Program or used by any other reimburser of prescription drugs.

20.     All documents concerning whether use of a reimbursement formula based on EAC can or does serve as a means of subsidizing or offsetting perceived or asserted under-reimbursement for the cost of drug dispensing or other medical services, procedures, or equipment.

21.     All documents constituting or concerning any requests, surveys, or other efforts conducted by You, or on Your behalf, to determine that the State is in compliance with 42 U.S.C. § 1396a(a)(30).

22.     All documents concerning State's assurances, as required by 42 C.F.R. § 447.333, to HCFA/CMS that State's expenditures for drugs listed in accordance with 42 C.F.R. § 447.331(b) are in accordance with payment limits specified in 42 C.F.R. § 447.331(b), including the assurances provided to HCFA/CMS, all documents supporting such assurances and documents sufficient to identify the individuals involved in the preparation or provision of such assurances.

23.     All documents concerning State's assurances, as required by 42 C.F.R. § 447.333, to HCFA/CMS that State's expenditures for multiple source drugs listed in accordance with 42 C.F.R. § 447.332(a) are in accordance with upper limits specified in 42 C.F.R. § 447.332(b), including the assurances provided to HCFA/CMS, all documents supporting such assurances, and documents sufficient to identify the individuals involved in the preparation or provision of such assurances.

24.     Documents sufficient to show the dollar amount and percentage of Federal Medicaid matching funds received by You for each year 1991 to the present.

25.     All documents concerning (a) the Notice of Proposed Rule Making, Medicare and Medicaid Programs, Limits on Payments for Drugs, 51 Fed. Reg. 29560, dated August 19, 1986; (b) the Notice of Proposed Rule Making, Medicare and Medicaid Programs, Limits on Payments for Drugs, Extension of Comment Period, Availability of Data, and Clarification, 51 Fed. Reg. 33086, dated September 18, 1986; and (c) the Final Rule, Medicare and Medicaid Programs, Limits on Payments for Drugs, 52 Fed. Reg. 28648, dated July 31, 1987; including any discussion, hearing, conference, meeting, or any other communication between You and Congress or the federal government, any of its agencies, departments, offices or employees regarding these notices and this final rule.

NEWYORK 7688734 (2K)

26. **Document Retention**.  Documents sufficient to describe your document retention or destruction policies applicable to the documents sought by this subpoena, including any changes to, or departures from, such policies.

27. **E-mails**.  All non-privileged e-mails from January 1, 1991 to the present captured by the search terms attached hereto as **Exhibit C**.

28. **Decision to Bring Action**:  All non-privileged documents showing communications with any law firm, Ven-A-Care, state attorneys general, or internal communications concerning a State's decision or contemplation of whether to bring a lawsuit against Manufacturers relating to the Manufacturers' published AWPs or WACs.

29. **Claims Data**.  From January 1, 1992 to the present, all data concerning Provider claims for reimbursement for the Subject Drugs dispensed or administered under State's Medicaid Program, including the following fields of data to the extent they are maintained by the State (or its agents) in the ordinary course of business:

(a) *Identifier*:  claim number, sequence number representing each line item of the claim, and other identifying information;

(b) *Provider Type*:  pharmacy, outpatient hospital, physician crossover, etc.;

(c) *Claim Type*:  any available claim type information including any information that indicates whether Medicaid is the secondary payor, including Medicare Crossover Claims;

(d) *Transaction Type*:  all available transaction type information, such as correction, cancellation, etc., identifiers, and source transaction information, and reference TCN numbers (e.g., if one claim corrects another claim, information about which claim is being corrected);

-14-

(e)     *Status*:  all status information, including the payment code indicating whether the claim has been accepted, processed, and/or paid and the type of program the claim will be processed under (<u>e.g.</u>, Medicaid, Managed Care);

(f)     *Dates*:  all available dates, including the date the service was provided, the billed date, the date the claim was received, the adjudication date, and the date the claim was paid;

(g)     *Basis of Payment*:  coding within the claim payment transaction which identifies the reference point from which the claim payment amount is determined (<u>e.g.</u>, MAC, SMAC, FUL, EAC, AMP, AWP, DOJ, Medicaid AWP, WAC, DP, usual and customary charge, etc.);

(h)     *Provider*:  all information for all relevant Providers, including identification number, name, address, contact information, and area field of practice (where relevant);

(i)     *Product*:  all product information, including:

(i)     NDC whenever available. Provide all 11 digits (do not drop leading or trailing 0's) and ideally in three separate fields - labeler (first five digits), product (next four digits) and package size (final two digits);

(ii)     Name;

(iii)     Type (<u>e.g.</u>, single source, multi-source); and

(iv)     Therapeutic class.

(j)     *Units*:  all units information, including submitted units, allowed units, and unit of measure (<u>e.g.</u>, capsule vs. bottle, milliliter);

(k)     *Prices/Fees*:  all fields containing price and fee amounts, including:

NEWYORK 7688734 (2K)

(i)      Billed charges;

(ii)     Dispensing fee;

(iii)    Allowed amount;

(iv)    Any amounts used to reduce amount paid (e.g., payments received from other payors and the number, name and other information associated with such payors, co-insurance, co-payment, deductible);

(v)     Amount paid; and

(vi)    Amount billed.

(l)      *Comments*:  all other memo or free-form fields (e.g., Item 19 of HCFA-1500).

(m)     *Cost:* the cost of shipping, pharmacy staff, supplies, storage, or inventory control for any Subject Drug.

(n)     *Participant or Beneficiary:*  all information for relevant Participant or Beneficiary, including the identification number and date of birth.

(o)     *Acquisition Cost:*  any acquisition cost information submitted by the Provider.

(p)     This request includes related file layouts, field definitions, data dictionaries, source tables, relationship tables, and business rules. This data is requested in electronic form used by SQL Server, Microsoft Access, Microsoft Excel, or a delimited file that can be readily uploaded into one of those programs.

(q)     You may exclude any fields identifying the patient's name or address or mark it "CONFIDENTIAL HEALTH INFORMATION-SUBJECT TO PROTECTIVE ORDER," pursuant to the protective order attached hereto as **Exhibit B**.

30.     Documents sufficient to show the actual net price paid by You for the purchase of any of the Subject Drugs, including contracts for the purchase of any of the Subject Drugs. Purchase in this context means actual acquisition as opposed to reimbursement.

31.     All documents reflecting, containing or concerning Your direct or indirect purchase of any of the Subject Drugs, such that it is sufficient to show which of, and at what prices, Your branches, agencies, instrumentalities or affiliates directly or indirectly purchased any of the Subject Drugs, including all documents concerning Federal Supply Schedule or Veterans' Affairs pricing for any of the Subject Drugs.

32.     All documents reflecting or concerning communications between you and Defendants relating to drug purchasing, pricing, reporting, utilization, rebates, and/or reimbursement.

33.     All documents concerning any inquiries or requests You made, or considered making, for information concerning the prices, costs, or reimbursement of the Subject Drugs, including complaints, contracts, agreements, or other communications.

34.     All documents concerning Your analysis, evaluation, review of, or reliance on any representation of drug pricing provided by Defendants in connection with the reimbursement of their pharmaceutical products.

35.     All documents concerning or reflecting any complaint or inquiry You have ever received from anyone at anytime in whatever form or medium regarding the pricing of Defendants' pharmaceutical products.

36.     All documents concerning negotiations by or on behalf of You with any Manufacturer concerning pricing or reimbursement of pharmaceutical products.

37.     Documents relating to the State's SMAC program, including:

NEWYORK 7688734 (2K)

(a)      Documents sufficient to show the period during which each State SMAC list was in effect;

(b)      Documents reflecting the reimbursement rate applicable to each drug on State's SMAC list;

(c)      Documents concerning Your decision to add or delete drugs from State's SMAC List;

(d)      Documents concerning the implementation, use of, change of, or deletion of a SMAC price;

(e)      Documents concerning how each SMAC was calculated, including the prices used in calculating each SMAC.

38.      All documents reflecting communications between and among any of Your employees or agents concerning the pricing or reimbursement of prescription drugs.

39.      For each quarter from 1991 to the present, documents sufficient to show how You or Medicaid Intermediaries calculated any SMAC and FUL for the Subject Drugs.

40.      Documents sufficient to identify (a) all Medicaid Intermediaries and any other vendor used by State's Medicaid Program in connection with the payment of drugs; (b) the time period and geographical areas for which they served, including name, address, and contact information; (c) the corporate structure of any Medicaid Intermediary during the period that it acted as a Medicaid Intermediary; and (d) the names, titles, and/or job descriptions of employees of any Medicaid Intermediary during the period that it acted as a Medicaid Intermediary.

41.      All communications with any actual or prospective Medicaid Intermediary, and between Medicaid Intermediary and any other Person, concerning AAC, AWP, AMP, WAC,

NEWYORK 7688734 (2K)

SMAC, FUL, Direct Price, or list price, or the methodology to be used in calculating

reimbursement for drugs under Medicaid.

42.     For each year and for each time within each year that a calculation was made, all

documents concerning how Your Medicaid Intermediary determined payment amounts for the

Subject Drugs.

43.     All documents concerning efforts You considered taking, have taken, or intend to

take to limit, reduce, or control costs associated with the reimbursement of prescription drugs

covered under a State's Medicaid Program, including:

(a)     Agendas, minutes, or notes of meetings at which costs of a State's

Medicaid Program were discussed;

(b)     Articles, reports, notes, presentations, studies, analyses, audits, or other

documents concerning reimbursement for prescription drugs, dispensing fees, or other

fees for professional services associated with dispensing or administering prescription

drugs;

(c)     Studies, data, reports, analyses, audits, or other documents prepared by or

at Your request concerning reimbursement for prescription drugs, dispensing fees, or

other fees for professional services associated with dispensing or administering

prescription drugs;

(d)     Testimony from any legal, administrative, or legislative proceeding at

which costs of State's Medicaid Program were discussed;

(e)     All documents concerning Your efforts to encourage the use of Generic

Drugs or to reduce the cost of Generic Drugs;

(f)     Changes in reimbursement methodology; and

(g)     Group purchasing efforts.

44.     All documents concerning monetary sums that the State has recovered from any Providers as compensation, restitution, damages or penalties associated with its reimbursement for any of the Subject Drugs.

45.     All documents from 1984 to the present concerning or referring to meetings of CMS Region Four State Medicaid pharmacy consultants to discuss Medicaid drug reimbursement that You were invited to or attended.

46.     All documents from 1984 to the present concerning or referring to any reviews, studies or surveys of State practices relating to drug pricing and Medicaid reimbursement conducted by CMS that You were involved in.

-20-

# **EXHIBIT A**

## **SUBJECT DRUGS**

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | GUIATUSS AC SYR 100-10 mg/5 | 00472-0012-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | CHLORHEX GLUC O 1.2 mg/ml | 00472-0036-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | TRETINOIN CRM 0.025% | 00472-0117-20 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | TRETINOIN CRM 0.025% | 00472-0117-45 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | NYSTATIN+TRIAM | 00472-0150-15 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | NYSTATIN+TRIAM | 00472-0150-30 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | NYSTATIN+TRIAM | 00472-0150-60 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | NYSTATIN CRM 100 MU/G | 00472-0163-15 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | NYSTATIN CRM 100 MU/G | 00472-0163-30 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | NYSTATIN OIN 100 MU/G | 00472-0166-30 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PREDNISOL SYRP 15 mg/5 ml | 00472-0212-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | TRIAMCIN CRM 0.1% | 00472-0301-15 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | TRIAMCIN CRM 0.1% | 00472-0301-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | TRIAMCIN CRM 0.1% | 00472-0301-80 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | TRIAMCIN OINT 0.1% | 00472-0306-15 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | TRIAMCIN OINT 0.1% | 00472-0306-80 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | HYDROCORT CRM 2.5% | 00472-0337-20 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | HYDROCORT CRM 2.5% | 00472-0337-30 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | BETAMET VAL CRM 0.1% | 00472-0370-45 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | BETAMET DIP CR 0.05% | 00472-0380-45 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | BETAMET DIP OIN 0.05% | 00472-0381-45 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | BETAMET DIP AUG 0.05% | 00472-0382-45 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | CLOBETAS PR CR 0.05% | 00472-0400-30 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | CLOBETAS PR CR 0.05% | 00472-0400-45 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | CLOBETAS PR OIN 0.05% | 00472-0401-30 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | CLOBETAS PR  OIN 0.05% | 00472-0401-45 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | CLOBETAS PR SOL 0.05% | 00472-0402-50 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | METOCLOPR O/S  5 mg/5 ml | 00472-0454-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | CIMETID HCL LIQ 300 mg/5 ml | 00472-0514-08 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | CIMETID HCL O/S 300 mg/5 ml | 00472-0514-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | LINDANE LOT 1% | 00472-0570-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | LINDANE SHAM 1% | 00472-0572-02 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | LINDANE SHAM 1% | 00472-0572-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | CROMOL SOD 20MG/ 2 ml | 00472-0750-60 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | IPRAT I/S VL 0.2mg/ml | 00472-0751-23 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | IPRAT I/S VL  0.2 mg/ml | 00472-0751-30 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | IPRAT I/S VL  0.2 mg/ml | 00472-0751-60 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | CYPROHEPTAD SYR 2 mg/5 ml | 00472-0755-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | HYDROXYZ SYRP 10 mg/5 ml | 00472-0771-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PAREGOR ELIX 2 MG/5 ml | 00472-0802-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | ALBUTEROL SUL S 2 mg/5 ml | 00472-0825-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | ALBUTEROL SUL S  0.83 mg/ml | 00472-0831-23 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | ALBUTEROL SUL S  0.83 mg/ml | 00472-0831-30 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | ALBUTEROL SUL S  0.83 mg/ml | 00472-0831-60 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | AMANTAD SYRP 50 mg/5 ml | 00472-0833-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | ACETASOL HC SOL 2-1% | 00472-0882-82 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | ERYTHR ETH OS 200 mg/5 ml | 00472-0971-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | LIDOCA VISC 2% 20 mg/ml | 00472-0996-33 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | POT CHL LIQ 10% 20 Meq/15 ml | 00472-1000-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | POT CHL LIQ 20% 40 Meq/15 ml | 00472-1001-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PHENOB EL 20 mg/5 ml | 00472-1015-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | HYDROMET SYRP | 00472-1030-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | SULFATRIM SUSP 200-40 mg/5 | 00472-1284-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | SULFATRIM PED S  200-40 mg/5 | 00472-1285-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | NYSTATIN O/S 100 MU/ml | 00472-1320-02 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | NYSTATIN O/S 100 MU/ml | 00472-1320-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | CONSTULOSE SYRP 10 G/15 ml | 00472-1358-08 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | CONSTULOSE SYR 10 G/15 ml | 00472-1358-32 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | ENULOSE SYRP 10 G/15 ml | 00472-1360-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | ENULOSE SYRP 10 G/15 ml | 00472-1360-64 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | APAP+COD SOL 12-120 mg/5 | 00472-1419-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | THEOPHY ELIX  80 mg/15 ml | 00472-1444-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PROMETHAZ SYR 6.25 mg/5 ml | 00472-1504-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PROMETHAZ+COD S 10-6.25/5 | 00472-1627-04 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PROMETHAZ+COD S | 00472-1627-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PROMETHAZ+COD S 10-6.25/5 | 00472-1627-28 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PROMETHAZ VC SY 5-6.25 mg/5 ml | 00472-1628-04 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PROMETHAZ VC  SY 5-6.25 mg/5 ml | 00472-1628-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PROMETHAZ VC+CO 5-10-6.25 | 00472-1629-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PROMETHAZ+DEX S 15-6.25/5 | 00472-1630-04 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PROMETHAZ+DEX S 15-6.25/5 | 00472-1630-16 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | PROMETHAZ+DEX S 15-6.25/5 | 00472-1630-28 |
| ALPHARMA | ACTAVIS MID ATLANTIC LLC | DIHISTINE DH EL 30-10-2/5 | 00472-1639-16 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| PAR | PAR PHARMACEUTICAL INC | ISOSOR OR TB 30 mg | 49884-0009-01 |
| PAR | PAR PHARMACEUTICAL INC | ISOSOR OR TB 30 mg | 49884-0009-10 |
| PAR | PAR PHARMACEUTICAL INC | HYDRAL TAB  25MG | 49884-0027-01 |
| PAR | PAR PHARMACEUTICAL INC | HYDRAL TAB  25MG | 49884-0027-10 |
| PAR | PAR PHARMACEUTICAL INC | MECLIZ TAB 12.5 mg | 49884-0034-01 |
| PAR | PAR PHARMACEUTICAL INC | MECLIZ TAB 12.5 mg | 49884-0034-10 |
| PAR | PAR PHARMACEUTICAL INC | MECLIZ TAB   25 mg | 49884-0035-01 |
| PAR | PAR PHARMACEUTICAL INC | MECLIZ TAB   25 mg | 49884-0035-10 |
| PAR | PAR PHARMACEUTICAL INC | CYPROHEPTAD TAB 4 mg | 49884-0043-01 |
| PAR | PAR PHARMACEUTICAL INC | CYPROHEPTAD TAB 4 mg | 49884-0043-10 |
| PAR | PAR PHARMACEUTICAL INC | IMIPRAM TAB 10MG | 49884-0054-01 |
| PAR | PAR PHARMACEUTICAL INC | IMIPRAM TAB 25MG | 49884-0055-01 |
| PAR | PAR PHARMACEUTICAL INC | IMIPRAM TAB 25MG | 49884-0055-10 |
| PAR | PAR PHARMACEUTICAL INC | IMIPRAM TAB 50MG | 49884-0056-01 |
| PAR | PAR PHARMACEUTICAL INC | IMIPRAM TAB 50MG | 49884-0056-10 |
| PAR | PAR PHARMACEUTICAL INC | FLUPHENAZ TB 10 mg | 49884-0064-01 |
| PAR | PAR PHARMACEUTICAL INC | FLUPHENAZ TB 10 mg | 49884-0064-05 |
| PAR | PAR PHARMACEUTICAL INC | FLUPHENAZ TB  5 mg | 49884-0076-01 |
| PAR | PAR PHARMACEUTICAL INC | FLUPHENAZ TB  5 mg | 49884-0076-05 |
| PAR | PAR PHARMACEUTICAL INC | DEXAMETH TAB 4 MG | 49884-0087-01 |
| PAR | PAR PHARMACEUTICAL INC | BENZTROP TAB 0.5 mg | 49884-0164-01 |
| PAR | PAR PHARMACEUTICAL INC | BENZTROP TAB 1 MG | 49884-0165-01 |
| PAR | PAR PHARMACEUTICAL INC | BENZTROP TAB 1 MG | 49884-0165-10 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| PAR | PAR PHARMACEUTICAL INC | BENZTROP TAB 2 MG | 49884-0166-01 |
| PAR | PAR PHARMACEUTICAL INC | BENZTROP TAB 2 MG | 49884-0166-10 |
| PAR | PAR PHARMACEUTICAL INC | DOXEPIN CAP 10 MG | 49884-0217-01 |
| PAR | PAR PHARMACEUTICAL INC | DOXEPIN CAP 25 MG | 49884-0218-01 |
| PAR | PAR PHARMACEUTICAL INC | DOXEPIN CAP 50 MG | 49884-0219-01 |
| PAR | PAR PHARMACEUTICAL INC | DOXEPIN CAP 75 MG | 49884-0220-01 |
| PAR | PAR PHARMACEUTICAL INC | DOXEPIN CAP 100 MG | 49884-0221-01 |
| PAR | PAR PHARMACEUTICAL INC | DOXEPIN CAP 150 MG | 49884-0222-01 |
| PAR | PAR PHARMACEUTICAL INC | DOXEPIN CAP 150 MG | 49884-0222-03 |
| PAR | PAR PHARMACEUTICAL INC | CARISOPROD COMP 200-325 mg | 49884-0246-01 |
| PAR | PAR PHARMACEUTICAL INC | MINOXIDIL TAB 2.5 mg | 49884-0256-01 |
| PAR | PAR PHARMACEUTICAL INC | MINOXIDIL TAB 10 mg | 49884-0257-01 |
| PAR | PAR PHARMACEUTICAL INC | MEGESTR TAB 20 MG | 49884-0289-01 |
| PAR | PAR PHARMACEUTICAL INC | MEGESTR TAB 40 MG | 49884-0290-01 |
| PAR | PAR PHARMACEUTICAL INC | MEGESTR TAB 40 MG | 49884-0290-04 |
| PAR | PAR PHARMACEUTICAL INC | MEGESTR TAB 40 MG | 49884-0290-05 |
| PAR | PAR PHARMACEUTICAL INC | TRIAZOL TAB 0.25 mg | 49884-0454-12 |
| PAR | PAR PHARMACEUTICAL INC | IBUPROF TAB 400 MG | 49884-0467-01 |
| PAR | PAR PHARMACEUTICAL INC | IBUPROF TAB 400 MG | 49884-0467-05 |
| PAR | PAR PHARMACEUTICAL INC | IBUPROF TAB 600 MG | 49884-0468-01 |
| PAR | PAR PHARMACEUTICAL INC | IBUPROF TAB 600 MG | 49884-0468-05 |
| PAR | PAR PHARMACEUTICAL INC | IBUPROF TAB 800 MG | 49884-0469-01 |
| PAR | PAR PHARMACEUTICAL INC | IBUPROF TAB 800 MG | 49884-0469-05 |
| PAR | PAR PHARMACEUTICAL INC | CLONAZEPAM TAB 1 mg | 49884-0496-01 |
| PAR | PAR PHARMACEUTICAL INC | RANITID TAB 150 mg | 49884-0544-01 |
| PAR | PAR PHARMACEUTICAL INC | RANITID TAB 150 mg | 49884-0544-02 |
| PAR | PAR PHARMACEUTICAL INC | RANITID TAB 150 mg | 49884-0544-05 |
| PAR | PAR PHARMACEUTICAL INC | RANITID TAB 150 mg | 49884-0544-10 |
| PAR | PAR PHARMACEUTICAL INC | RANITID TAB 300 mg | 49884-0545-01 |
| PAR | PAR PHARMACEUTICAL INC | RANITID TAB 300 mg | 49884-0545-04 |
| PAR | PAR PHARMACEUTICAL INC | RANITID TAB 300 mg | 49884-0545-11 |
| PAR | PAR PHARMACEUTICAL INC | PROCHLORP TAB 10 mg | 49884-0550-01 |
| PAR | PAR PHARMACEUTICAL INC | AMOXICIL CAP 500 mg | 49884-0569-05 |
| PAR | PAR PHARMACEUTICAL INC | GUANFAC TAB 1 MG | 49884-0572-01 |
| PAR | PAR PHARMACEUTICAL INC | INDAPAMIDE TB 2.5 mg | 49884-0590-01 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| PAR | PAR PHARMACEUTICAL INC | TICLOPIDIN TB 250 MG | 49884-0599-02 |
| PAR | PAR PHARMACEUTICAL INC | SSD CRM 1% JAR | 49884-0600-36 |
| PAR | PAR PHARMACEUTICAL INC | SSD CRM 1% TUBE | 49884-0600-85 |
| PAR | PAR PHARMACEUTICAL INC | FLUOXETINE TAB 10 MG | 49884-0734-01 |
| PAR | PAR PHARMACEUTICAL INC | FLUOXETINE TAB 10 mg | 49884-0734-10 |
| PAR | PAR PHARMACEUTICAL INC | FLUOXETINE TAB 10 mg | 49884-0734-11 |
| PAR | PAR PHARMACEUTICAL INC | FLUOXETINE TAB 20 mg | 49884-0735-01 |
| PAR | PAR PHARMACEUTICAL INC | FLUOXETINE TAB 20 mg | 49884-0735-10 |
| PAR | PAR PHARMACEUTICAL INC | FLUOXETINE TAB 20 MG | 49884-0735-11 |
| PAR | PAR PHARMACEUTICAL INC | FLUOXETINE CAP 40 MG | 49884-0743-01 |
| PAR | PAR PHARMACEUTICAL INC | FLUOXETINE CAP 40 MG | 49884-0743-11 |
| PAR | PAR PHARMACEUTICAL INC | IBUPROF TAB 400 MG | 49884-0777-05 |
| PAR | PAR PHARMACEUTICAL INC | IBUPROF TAB 600 MG | 49884-0778-01 |
| PAR | PAR PHARMACEUTICAL INC | IBUPROF TAB 600 MG | 49884-0778-05 |
| PAR | PAR PHARMACEUTICAL INC | IBUPROF TAB 800 MG | 49884-0779-01 |
| PAR | PAR PHARMACEUTICAL INC | IBUPROF TAB 800 MG | 49884-0779-05 |
| SANDOZ | SANDOZ INC | HCTZ/Triamterene 50-75 mg | 00781-1008-05 |
| SANDOZ | SANDOZ INC | Verapam 40 mg | 00781-1014-01 |
| SANDOZ | SANDOZ INC | Trifluoperazine HCL  1 mg | 00781-1030-01 |
| SANDOZ | SANDOZ INC | Trifluoperazine HCL  2 mg | 00781-1032-01 |
| SANDOZ | SANDOZ INC | Trifluoperazine 5mg Tab 100's | 00781-1034-01 |
| SANDOZ | SANDOZ INC | Trifluoperazine HCL 5 mg | 00781-1034-10 |
| SANDOZ | SANDOZ INC | Trifluoperazine 10mg Tab 100's | 00781-1036-01 |
| SANDOZ | SANDOZ INC | Trifluoperazine 10mg Tab 1000's | 00781-1036-10 |
| SANDOZ | SANDOZ INC | Perphenazine 2 mg | 00781-1046-01 |
| SANDOZ | SANDOZ INC | Perphenazine 4 mg | 00781-1047-01 |
| SANDOZ | SANDOZ INC | Perphenazine 8 mg | 00781-1048-01 |
| SANDOZ | SANDOZ INC | Perphenazine 16 mg | 00781-1049-01 |
| SANDOZ | SANDOZ INC | Bupropion HCL 75 mg | 00781-1053-01 |
| SANDOZ | SANDOZ INC | Azathioprine 50mg Tab 100's | 00781-1059-01 |
| SANDOZ | SANDOZ INC | Alprazolam 0.25 mg Tab 100's | 00781-1061-01 |
| SANDOZ | SANDOZ INC | Alprazolam 0.25 mg | 00781-1061-05 |
| SANDOZ | SANDOZ INC | Alprazolam 0.25 mg | 00781-1061-10 |
| SANDOZ | SANDOZ INC | Bupropion HCL 100 mg | 00781-1064-01 |
| SANDOZ | SANDOZ INC | Methazolamide 50 mg | 00781-1071-01 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| SANDOZ | SANDOZ INC | Alprazolam 0.5 mg | 00781-1077-01 |
| SANDOZ | SANDOZ INC | Alprazolam 0.5 mg | 00781-1077-05 |
| SANDOZ | SANDOZ INC | Alprazolam 0.5 mg | 00781-1077-10 |
| SANDOZ | SANDOZ INC | Atenolol 25 mg | 00781-1078-01 |
| SANDOZ | SANDOZ INC | Atenolol 25 mg | 00781-1078-10 |
| SANDOZ | SANDOZ INC | Alprazolam 1 mg | 00781-1079-01 |
| SANDOZ | SANDOZ INC | Alprazolam 1mg Tab 500's | 00781-1079-05 |
| SANDOZ | SANDOZ INC | Alprazolam 1mg Tab 1000's | 00781-1079-10 |
| SANDOZ | SANDOZ INC | Alprazolam 2 mg | 00781-1089-01 |
| SANDOZ | SANDOZ INC | Alprazolam 2 mg | 00781-1089-05 |
| SANDOZ | SANDOZ INC | Triamterene + HCTZ 37.5/25 Tab 100' | 00781-1123-01 |
| SANDOZ | SANDOZ INC | HCTZ/Triamterene 25-37.5 mg | 00781-1123-05 |
| SANDOZ | SANDOZ INC | Naproxen 250 mg | 00781-1164-01 |
| SANDOZ | SANDOZ INC | Naproxen 375 mg | 00781-1164-05 |
| SANDOZ | SANDOZ INC | Naproxen 500 mg | 00781-1165-01 |
| SANDOZ | SANDOZ INC | Naproxen 500 mg | 00781-1165-05 |
| SANDOZ | SANDOZ INC | Naproxen 500 mg | 00781-1165-10 |
| SANDOZ | SANDOZ INC | Amiodarone HCL 200 mg | 00781-1203-05 |
| SANDOZ | SANDOZ INC | Amiodarone HCL 200 mg | 00781-1203-60 |
| SANDOZ | SANDOZ INC | Metoprolol 50 mg | 00781-1223-01 |
| SANDOZ | SANDOZ INC | Metoprolol 50 mg | 00781-1223-10 |
| SANDOZ | SANDOZ INC | Metoprolol 100 mg | 00781-1228-01 |
| SANDOZ | SANDOZ INC | Metoprolol Tab 100 mg | 00781-1228-10 |
| SANDOZ | SANDOZ INC | Lonox 2.5/.025mg Tab 500's | 00781-1262-05 |
| SANDOZ | SANDOZ INC | Diclofenac Potassium 50 mg | 00781-1297-01 |
| SANDOZ | SANDOZ INC | Clemastine Fumarate 2.68 mg | 00781-1359-01 |
| SANDOZ | SANDOZ INC | Haloperidol 1 mg | 00781-1392-01 |
| SANDOZ | SANDOZ INC | Haloperidol 2 mg | 00781-1393-01 |
| SANDOZ | SANDOZ INC | Haloperidol 5 mg | 00781-1396-01 |
| SANDOZ | SANDOZ INC | Haloperidol 5 mg | 00781-1396-10 |
| SANDOZ | SANDOZ INC | Haloperidol 10 mg | 00781-1397-01 |
| SANDOZ | SANDOZ INC | Haloperidol 10 mg | 00781-1397-10 |
| SANDOZ | SANDOZ INC | Haloperidol 10 mg | 00781-1397-13 |
| SANDOZ | SANDOZ INC | Haloperidol Tab 20 mg | 00781-1398-01 |
| SANDOZ | SANDOZ INC | Lorazepam 0.5 mg | 00781-1403-01 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| SANDOZ | SANDOZ INC | Lorazepam  0.5 mg | 00781-1403-05 |
| SANDOZ | SANDOZ INC | Lorazepam 1 mg | 00781-1404-01 |
| SANDOZ | SANDOZ INC | Lorazepam 1 mg | 00781-1404-05 |
| SANDOZ | SANDOZ INC | Lorazepam 1 mg | 00781-1404-10 |
| SANDOZ | SANDOZ INC | Lorazepam 2 mg | 00781-1405-01 |
| SANDOZ | SANDOZ INC | Lorazepam 2 mg | 00781-1405-05 |
| SANDOZ | SANDOZ INC | Hydroxychloroquine Sulfate 200 mg | 00781-1407-01 |
| SANDOZ | SANDOZ INC | Fluphenazine HCL 1 mg | 00781-1436-01 |
| SANDOZ | SANDOZ INC | Fluphenazine HCL 2.5 mg | 00781-1437-01 |
| SANDOZ | SANDOZ INC | Fluphenazine HCL 5 mg | 00781-1438-01 |
| SANDOZ | SANDOZ INC | Fluphenazine HCL 10mg Tab 100's | 00781-1439-01 |
| SANDOZ | SANDOZ INC | Fluphenazine HCL 10 mg | 00781-1439-05 |
| SANDOZ | SANDOZ INC | Furosemide 80 mg | 00781-1446-01 |
| SANDOZ | SANDOZ INC | Furosemide 80 mg | 00781-1446-05 |
| SANDOZ | SANDOZ INC | Cimetidine 400 mg | 00781-1449-01 |
| SANDOZ | SANDOZ INC | Cimetidine 400 mg | 00781-1449-05 |
| SANDOZ | SANDOZ INC | Glipizide 5 mg | 00781-1452-01 |
| SANDOZ | SANDOZ INC | Glipizide 5 mg | 00781-1452-10 |
| SANDOZ | SANDOZ INC | Glipizide 10 mg | 00781-1453-01 |
| SANDOZ | SANDOZ INC | Glipizide 10 mg | 00781-1453-10 |
| SANDOZ | SANDOZ INC | Amitriptyline HCL 10 mg | 00781-1486-01 |
| SANDOZ | SANDOZ INC | Amitriptyline HCL 10 mg | 00781-1486-10 |
| SANDOZ | SANDOZ INC | Amitriptyline HCL 25 mg | 00781-1487-01 |
| SANDOZ | SANDOZ INC | Amitriptyline HCL 25 mg | 00781-1487-10 |
| SANDOZ | SANDOZ INC | Amitriptyline HCL 50 mg | 00781-1488-01 |
| SANDOZ | SANDOZ INC | Amitriptyline HCL 50 mg | 00781-1488-10 |
| SANDOZ | SANDOZ INC | Amitriptyline HCL 75 mg | 00781-1489-01 |
| SANDOZ | SANDOZ INC | Amitriptyline HCL  100 mg | 00781-1490-01 |
| SANDOZ | SANDOZ INC | Atenolol 50 mg | 00781-1506-01 |
| SANDOZ | SANDOZ INC | Atenolol 50 mg | 00781-1506-10 |
| SANDOZ | SANDOZ INC | Atenolol 100 mg | 00781-1507-01 |
| SANDOZ | SANDOZ INC | Atenolol 100 mg | 00781-1507-10 |
| SANDOZ | SANDOZ INC | Meclizine HCL 25 mg | 00781-1544-01 |
| SANDOZ | SANDOZ INC | Meclizine HCL 25 mg | 00781-1544-10 |
| SANDOZ | SANDOZ INC | Isosorbide Dinitrate 10 mg | 00781-1556-01 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| SANDOZ | SANDOZ INC | Isosorbide Dinitrate 10 mg | 00781-1556-10 |
| SANDOZ | SANDOZ INC | Isosorbide Dinitrate 10 mg | 00781-1556-13 |
| SANDOZ | SANDOZ INC | Spironolactone 25 mg | 00781-1599-01 |
| SANDOZ | SANDOZ INC | Spironolactone 25 mg | 00781-1599-10 |
| SANDOZ | SANDOZ INC | Thioridazine Hcl 10 mg | 00781-1604-01 |
| SANDOZ | SANDOZ INC | Thioridazine Hcl 10 mg | 00781-1604-10 |
| SANDOZ | SANDOZ INC | Hydrocod+AP 5 - 500 mg | 00781-1606-05 |
| SANDOZ | SANDOZ INC | Thioridazine  15 mg | 00781-1614-01 |
| SANDOZ | SANDOZ INC | Thioridazine Hcl 25 mg | 00781-1624-01 |
| SANDOZ | SANDOZ INC | Thioridazine Hcl 25 mg | 00781-1624-10 |
| SANDOZ | SANDOZ INC | Thioridazine Hcl 50 mg | 00781-1634-01 |
| SANDOZ | SANDOZ INC | Thioridazine Hcl 50 mg | 00781-1634-10 |
| SANDOZ | SANDOZ INC | Thioridazine Hcl 100 mg | 00781-1644-01 |
| SANDOZ | SANDOZ INC | Thioridazine Hcl 100 mg | 00781-1644-10 |
| SANDOZ | SANDOZ INC | Naproxen Delayed - Release 500 mg | 00781-1653-01 |
| SANDOZ | SANDOZ INC | Thioridazine Hcl 150 mg | 00781-1664-01 |
| SANDOZ | SANDOZ INC | Isosorbide Dinitrate 20 mg | 00781-1695-01 |
| SANDOZ | SANDOZ INC | Isosorbide Dinitrate 20 mg | 00781-1695-10 |
| SANDOZ | SANDOZ INC | Chlorpromazine HCL 10 mg | 00781-1715-01 |
| SANDOZ | SANDOZ INC | Chlorpromazine HCL 25 mg | 00781-1716-01 |
| SANDOZ | SANDOZ INC | Chlorpromazine HCL 25 mg | 00781-1716-10 |
| SANDOZ | SANDOZ INC | Chlorpromazine HCL 50 mg | 00781-1717-01 |
| SANDOZ | SANDOZ INC | Chlorpromazine HCL 50 mg | 00781-1717-10 |
| SANDOZ | SANDOZ INC | Chlorpromazine HCL 100 mg | 00781-1718-01 |
| SANDOZ | SANDOZ INC | Chlorpromazine HCL 100 mg | 00781-1718-10 |
| SANDOZ | SANDOZ INC | Chlorpromazine HCL 200 mg | 00781-1719-01 |
| SANDOZ | SANDOZ INC | Imipramine HCL 10 mg | 00781-1762-01 |
| SANDOZ | SANDOZ INC | Imipramine HCL 25 mg | 00781-1764-01 |
| SANDOZ | SANDOZ INC | Imipramine HCL 25 mg | 00781-1764-10 |
| SANDOZ | SANDOZ INC | Imipramine HCL 50 mg | 00781-1766-01 |
| SANDOZ | SANDOZ INC | Imipramine HCL 50mg Tab 1000's | 00781-1766-10 |
| SANDOZ | SANDOZ INC | Diclofenac Sodium 50 mg | 00781-1787-01 |
| SANDOZ | SANDOZ INC | Diclofenac Sodium 50 mg | 00781-1787-10 |
| SANDOZ | SANDOZ INC | Diclofenac Sodium 75 mg | 00781-1789-01 |
| SANDOZ | SANDOZ INC | Diclofenac Sodium 75 mg | 00781-1789-10 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| SANDOZ | SANDOZ INC | Trazodone Hcl 50 mg | 00781-1807-01 |
| SANDOZ | SANDOZ INC | Trazodone Hcl 50 mg | 00781-1807-05 |
| SANDOZ | SANDOZ INC | Trazodone Hcl 50 mg | 00781-1807-10 |
| SANDOZ | SANDOZ INC | Trazodone Hcl 50 mg | 00781-1808-01 |
| SANDOZ | SANDOZ INC | Furosemide 20 mg | 00781-1818-01 |
| SANDOZ | SANDOZ INC | Furosemide 20 mg | 00781-1818-10 |
| SANDOZ | SANDOZ INC | Promethazine HCL 25 mg | 00781-1830-01 |
| SANDOZ | SANDOZ INC | Promethazine HCL 25 mg | 00781-1830-10 |
| SANDOZ | SANDOZ INC | Promethazine HCL | 00781-1832-01 |
| SANDOZ | SANDOZ INC | Ranitidine HCL 150 mg | 00781-1883-01 |
| SANDOZ | SANDOZ INC | Ranitidine HCL 150 mg | 00781-1883-05 |
| SANDOZ | SANDOZ INC | Ranitidine HCL 150 mg | 00781-1883-10 |
| SANDOZ | SANDOZ INC | Ranitidine HCL 150 mg | 00781-1883-13 |
| SANDOZ | SANDOZ INC | Ranitidine HCL 150 mg | 00781-1883-60 |
| SANDOZ | SANDOZ INC | Ranitidine HCL 300 mg | 00781-1884-25 |
| SANDOZ | SANDOZ INC | Ranitidine HCL 300 mg | 00781-1884-31 |
| SANDOZ | SANDOZ INC | Furosemide 40 mg | 00781-1966-01 |
| SANDOZ | SANDOZ INC | Furosemide 40 mg | 00781-1966-10 |
| SANDOZ | SANDOZ INC | Desipramine HCL 10 mg | 00781-1971-01 |
| SANDOZ | SANDOZ INC | Desipramine HCL 25 mg | 00781-1972-01 |
| SANDOZ | SANDOZ INC | Desipramine HCL 50 mg | 00781-1973-01 |
| SANDOZ | SANDOZ INC | Desipramine HCL 100 mg | 00781-1975-01 |
| SANDOZ | SANDOZ INC | Desipramine HCL 150 mg | 00781-1976-50 |
| SANDOZ | SANDOZ INC | Clomipramine HCL 25 mg | 00781-2027-01 |
| SANDOZ | SANDOZ INC | Clomipramine HCL 50 mg | 00781-2037-01 |
| SANDOZ | SANDOZ INC | Clomipramine HCL 75 mg | 00781-2047-01 |
| SANDOZ | SANDOZ INC | Terazosin 1mg Cap 100's | 00781-2051-01 |
| SANDOZ | SANDOZ INC | Terazosin 2mg Cap 100's | 00781-2052-01 |
| SANDOZ | SANDOZ INC | Terazosin 5 mg Cap 100's | 00781-2053-01 |
| SANDOZ | SANDOZ INC | Terazosin 10mg Cap 100's | 00781-2054-01 |
| SANDOZ | SANDOZ INC | Temazepam 15 mg | 00781-2201-01 |
| SANDOZ | SANDOZ INC | Temazepam 15 mg | 00781-2201-05 |
| SANDOZ | SANDOZ INC | Temazepam 30 mg | 00781-2202-01 |
| SANDOZ | SANDOZ INC | Temazepam 30 mg | 00781-2202-05 |
| SANDOZ | SANDOZ INC | Temazepam 7.5 mg | 00781-2209-01 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| SANDOZ | SANDOZ INC | Fiortal w/Codine 30mg Cap 100's | 00781-2221-01 |
| SANDOZ | SANDOZ INC | Thiothixene 2 mg | 00781-2227-01 |
| SANDOZ | SANDOZ INC | Thiothixene 5 mg | 00781-2228-01 |
| SANDOZ | SANDOZ INC | Thiothixene 10 mg | 00781-2229-01 |
| SANDOZ | SANDOZ INC | Nitrofurantoin 50 mg | 00781-2502-01 |
| SANDOZ | SANDOZ INC | Nitrofurantoin 100 mg | 00781-2503-01 |
| SANDOZ | SANDOZ INC | Triamterene + HCTZ 25-50 mg | 00781-2540-10 |
| SANDOZ | SANDOZ INC | Nortriptyline 10 mg | 00781-2631-01 |
| SANDOZ | SANDOZ INC | Nortriptyline 50 mg | 00781-2632-01 |
| SANDOZ | SANDOZ INC | HCTZ/Triamterene 25-50 mg | 00781-2715-01 |
| SANDOZ | SANDOZ INC | HCTZ/Triamterene 25-50 mg | 00781-2715-10 |
| SANDOZ | SANDOZ INC | Oxazepam 10 mg | 00781-2809-01 |
| SANDOZ | SANDOZ INC | Oxazepam 15 mg | 00781-2810-01 |
| SANDOZ | SANDOZ INC | Oxazepam 30 mg | 00781-2811-01 |
| SANDOZ | SANDOZ INC | Fluoxetine HCL | 00781-2823-01 |
| SANDOZ | SANDOZ INC | Ranitidine HCL 150 mg | 00781-2855-05 |
| SANDOZ | SANDOZ INC | Ranitidine HCL 150 mg | 00781-2855-60 |
| SANDOZ | SANDOZ INC | Ranitidine HCL 300 mg | 00781-2865-05 |
| SANDOZ | SANDOZ INC | Ranitidine HCL 300 mg | 00781-2865-31 |
| SANDOZ | SANDOZ INC | Diclofenac Potassium 50 mg | 00781-5017-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Colchicine Tabs | 00364-0074-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Colchicine Tabs | 00364-0074-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Folic Acid Tabs | 00364-0137-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Folic Acid Tabs | 00364-0137-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Meprobamate Tabs | 00364-0161-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Prednisone Tabs | 00364-0218-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Prednisone Tabs | 00364-0218-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Probenecid Tabs | 00364-0314-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Probenecid/colchicine Tabs | 00364-0315-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Methocarbamol Tabs | 00364-0346-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Methocarbamol Tabs | 00364-0347-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Methocarbamol Tabs | 00364-0347-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Primidone Tabs | 00364-0366-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Primidone Tabs | 00364-0366-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Acetazolamide Tabs | 00364-0400-01 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Trihexyphenidyl Tabs | 00364-0408-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Trihexyphenidyl Tabs | 00364-0408-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Trihexyphenidyl Tabs | 00364-0409-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Trihexyphenidyl Tabs | 00364-0409-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Prednisone Tabs | 00364-0442-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Prednisone Tabs | 00364-0442-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Prednisone Tabs | 00364-0461-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Prednisone Tabs | 00364-0461-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Prednisone Tabs | 00364-0461-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Carisoprodol Tabs | 00364-0475-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Carisoprodol Tabs | 00364-0475-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Methylphenidate HCl Tabs | 00364-0479-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Methylphenidate HCl Tabs | 00364-0479-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Hydroxyzine Pamoate Caps | 00364-0483-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Hydroxyzine Pamoate Caps | 00364-0483-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Hydroxyzine HCl Tablets | 00364-0494-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Hydroxyzine HCl Tablets | 00364-0495-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Hydroxyzine HCl Tablets | 00364-0495-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Hydroxyzine HCl Tablets | 00364-0495-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Methylphenidate HCl Tabs | 00364-0561-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Methylphenidate HCl Tabs | 00364-0561-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Methylphenidate HCl Tabs | 00364-0562-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Metronidazole Tabs | 00364-0595-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Quinidine Gluconate SR | 00364-0604-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Allopurinol Tabs | 00364-0632-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Allopurinol Tabs | 00364-0632-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Allopurinol Tabs | 00364-0633-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Allopurinol Tabs | 00364-0633-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Metronidazole Tabs | 00364-0687-50 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Propanolol Tabs | 00364-0756-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Propanolol Tabs | 00364-0757-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Propanolol Tabs40 mg, 1000's | 00364-0758-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Ibuprofen Tabs | 00364-0765-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Ibuprofen Tabs | 00364-0765-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Ibuprofen Tabs | 00364-0766-01 |

Page 12

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Ibuprofen Tabs | 00364-0766-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Diazepam Tabs | 00364-0775-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Diazepam Tabs | 00364-0775-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Diazepam Tabs | 00364-0776-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Valproic Acid Caps | 00364-0822-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Doxycycline Hyclate Caps | 00364-2033-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Sulfameth/trimethoprim DS Tabs | 00364-2069-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Sulfameth/trimethoprim DS Tabs | 00364-2069-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Sulfameth/trimethoprim DS Tabs | 00364-2069-90 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Trazodone Tabs | 00364-2109-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Trazodone Tabs | 00364-2109-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Trazodone Tabs | 00364-2110-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Trazodone Tabs | 00364-2110-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Doxepin HCl Capsules | 00364-2114-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Doxepin HCl Capsules | 00364-2115-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Doxepin HCl Capsules | 00364-2116-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Doxepin HCl Capsules | 00364-2117-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Ibuprofen Tabs | 00364-2137-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Ibuprofen Tabs | 00364-2137-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Valproic Acid Syrup | 00364-2139-16 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Thiothixene Caps | 00364-2166-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Thiothixene Caps | 00364-2167-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Thiothixene Caps | 00364-2168-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Thiothixene Caps | 00364-2169-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Minoxidil Tab | 00364-2172-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Minoxidil Tab | 00364-2173-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Triamterene/HCZT Tabs | 00364-2242-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Triamterene/HCZT Tabs | 00364-2242-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Trazodone Tabs | 00364-2300-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Baclofen Tabs | 00364-2312-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Baclofen Tabs | 00364-2313-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Baclofen Tabs | 00364-2313-90 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Clindamycin Caps | 00364-2337-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Lactulose Syrup | 00364-2347-16 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Cyclobenzaprine HCl Tablets | 00364-2348-01 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Cyclobenzaprine HCl Tablets | 00364-2348-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Cyclobenzaprine HCl Tablets | 00364-2348-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Amoxapine Tablets | 00364-2433-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Sulindac Tabs | 00364-2441-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Sulindac Tabs | 00364-2442-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Sulindac Tabs | 00364-2442-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Minocycline HCl Capsules | 00364-2497-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Minocycline HCl Capsules | 00364-2498-50 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Nortriptyline HCl Caps | 00364-2508-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Nortriptyline HCl Caps Usp 25mg | 00364-2509-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Nortriptyline HCl Caps Usp 25mg | 00364-2509-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Nortriptyline HCl Caps Usp 50mg | 00364-2510-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Nortriptyline HCl Caps | 00364-2510-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Nortriptyline HCl Caps Usp 75mg | 00364-2511-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Atenolol Tablets50 mg, 100s | 00364-2513-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Atenolol Tablets | 00364-2513-02 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Atenolol Tablets | 00364-2514-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Lactulose Solution10 g/15 ml Syrup/Out | 00364-2519-32 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Atenolol/chlorthalidone 50mg/25mg | 00364-2527-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Atenolol/chlorthalidone 100mg/25mg | 00364-2528-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Naproxen Tabs | 00364-2564-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Ranitidine Tabs | 00364-2633-05 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Ranitidine Tabs | 00364-2633-06 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Ranitidine Tabs | 00364-2634-30 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Ketoprofen Er Capsules | 00364-2667-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Acyclovir Tablets | 00364-2689-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Acyclovir Tablets | 00364-2690-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Acyclovir Capsules | 00364-2692-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Orphenadrine Citrate Er Tabs | 00364-2830-01 |
| SCHEIN | SCHEIN PHARMACEUTICAL INC | Verapamil Sr Capsules | 00364-2884-01 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| WATSON | WATSON PHARMA INC | Selegiline Capsules5 mg | 52544-0137-60 |
| WATSON | WATSON PHARMA INC | Lorazepam 0.5mg | 52544-0240-01 |
| WATSON | WATSON PHARMA INC | Lorazepam 0.5mg | 52544-0240-05 |
| WATSON | WATSON PHARMA INC | Lorazepam 0.5mg | 52544-0240-10 |
| WATSON | WATSON PHARMA INC | Lorazepam 1mg | 52544-0241-01 |
| WATSON | WATSON PHARMA INC | Lorazepam 1mg | 52544-0241-05 |
| WATSON | WATSON PHARMA INC | Lorazepam 1mg | 52544-0241-10 |
| WATSON | WATSON PHARMA INC | Lorazepam 2mg | 52544-0242-01 |
| WATSON | WATSON PHARMA INC | Lorazepam 2mg | 52544-0242-05 |
| WATSON | WATSON PHARMA INC | Lorazepam 2mg | 52544-0242-10 |
| WATSON | WATSON PHARMA INC | Levora Tablets0.15 - 0.03 | 52544-0279-28 |
| WATSON | WATSON PHARMA INC | Acyclovir Tablets400 mg | 52544-0335-01 |
| WATSON | WATSON PHARMA INC | Acyclovir 800 mg | 52544-0336-01 |
| WATSON | WATSON PHARMA INC | Triamterene/HCZT 75/50mg | 52544-0348-01 |
| WATSON | WATSON PHARMA INC | Hydrocodone/acetaminophen 5/500mg | 52544-0349-01 |
| WATSON | WATSON PHARMA INC | Hydrocodone/acetaminophen 5/500mm | 52544-0349-05 |
| WATSON | WATSON PHARMA INC | Loxapine Succinate Capsules | 52544-0369-01 |
| WATSON | WATSON PHARMA INC | Loxapine Succinate Capsules | 52544-0370-01 |
| WATSON | WATSON PHARMA INC | Loxapine Succinate Capsules | 52544-0371-01 |
| WATSON | WATSON PHARMA INC | Loxapine Succinate Capsules | 52544-0372-01 |
| WATSON | WATSON PHARMA INC | Amoxapine Tablets | 52544-0380-01 |
| WATSON | WATSON PHARMA INC | Zovia 1 Mg/.035 mg | 52544-0383-28 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| WATSON | WATSON PHARMA INC | Zovia Tablets1-0.05 mg | 52544-0384-28 |
| WATSON | WATSON PHARMA INC | Hydrocodone/acetaminophen 7.5 Mg / 5 | 52544-0385-01 |
| WATSON | WATSON PHARMA INC | Hydrocodone/acetaminophen 7.5 Mg/ 5 | 52544-0385-05 |
| WATSON | WATSON PHARMA INC | Hydrocodone/acetaminophen 7.5 Mg / 5 | 52544-0387-01 |
| WATSON | WATSON PHARMA INC | Hydrocodone/acetaminophen 7.5 Mg /7 | 52544-0387-05 |
| WATSON | WATSON PHARMA INC | Hydrocodone/acetaminophen 2.5 Mg/50 | 52544-0388-01 |
| WATSON | WATSON PHARMA INC | Verapamil HCl Tablets | 52544-0404-01 |
| WATSON | WATSON PHARMA INC | Estropipate Tablets | 52544-0414-01 |
| WATSON | WATSON PHARMA INC | Estropipate Tablets | 52544-0415-01 |
| WATSON | WATSON PHARMA INC | Cyclobenzaprine HCl 10mg Tablets 10C | 52544-0418-01 |
| WATSON | WATSON PHARMA INC | Cyclobenzaprine HCl 10mg Tablets 10C | 52544-0418-10 |
| WATSON | WATSON PHARMA INC | Triamterene/HCZT 37.5/25 mg | 52544-0424-01 |
| WATSON | WATSON PHARMA INC | Triamterene/HCZT 37.5/25mg | 52544-0424-05 |
| WATSON | WATSON PHARMA INC | Butalbital/aspirin/caf/codeine 50/325/40 | 52544-0425-01 |
| WATSON | WATSON PHARMA INC | Valproic Acid Syrup | 52544-0426-16 |
| WATSON | WATSON PHARMA INC | Guanfacine HCl Tablets | 52544-0444-01 |
| WATSON | WATSON PHARMA INC | Guanfacine HCl Tablets | 52544-0453-01 |
| WATSON | WATSON PHARMA INC | Glipizide Tablets | 52544-0460-01 |
| WATSON | WATSON PHARMA INC | Glipizide Tablets | 52544-0460-05 |
| WATSON | WATSON PHARMA INC | Glipizide Tablets | 52544-0460-10 |
| WATSON | WATSON PHARMA INC | Glipizide Tablets | 52544-0461-01 |
| WATSON | WATSON PHARMA INC | Glipizide Tablets | 52544-0461-05 |
| WATSON | WATSON PHARMA INC | Glipizide Tablets | 52544-0461-10 |
| WATSON | WATSON PHARMA INC | Metoprolol Tartrate Tablets | 52544-0462-01 |
| WATSON | WATSON PHARMA INC | Estradiol Tablets1 mg | 52544-0487-01 |
| WATSON | WATSON PHARMA INC | Estradiol Tablets | 52544-0488-01 |
| WATSON | WATSON PHARMA INC | Hydrocodone/acetaminophen 7.5/650m | 52544-0502-01 |
| WATSON | WATSON PHARMA INC | Hydrocodone/acetaminophen 7.5/650m | 52544-0502-05 |
| WATSON | WATSON PHARMA INC | Hydrocodone/acetaminophen 10/650m | 52544-0503-01 |
| WATSON | WATSON PHARMA INC | Hydrocodone/acetaminophen 10/650m | 52544-0503-05 |
| WATSON | WATSON PHARMA INC | Norco Tablets10-325 mg | 52544-0539-01 |
| WATSON | WATSON PHARMA INC | Hydroc B + AP Tablet10 - 500 mg | 52544-0540-01 |
| WATSON | WATSON PHARMA INC | Hydroc + AP Tablets10 - 500 mg | 52544-0540-05 |
| WATSON | WATSON PHARMA INC | Clomipramine HCl Capsules | 52544-0594-01 |
| WATSON | WATSON PHARMA INC | Clomipramine HCl Capsules | 52544-0595-01 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| WATSON | WATSON PHARMA INC | Clomipramine HCl Capsules | 52544-0596-01 |
| WATSON | WATSON PHARMA INC | Labetalol 300mg | 52544-0607-01 |
| WATSON | WATSON PHARMA INC | Diltiazem 180 mg | 52544-0663-01 |
| WATSON | WATSON PHARMA INC | Etodolac Tablets400 mg | 52544-0667-01 |
| WATSON | WATSON PHARMA INC | Baclofen Tablets | 52544-0686-01 |
| WATSON | WATSON PHARMA INC | Baclofen Tablets | 52544-0686-05 |
| WATSON | WATSON PHARMA INC | Baclofen Tablets | 52544-0687-01 |
| WATSON | WATSON PHARMA INC | Hydroxychloroquine Sulfate Tablets | 52544-0698-01 |
| WATSON | WATSON PHARMA INC | Quinine Sulfate Tablets260 mg | 52544-0715-01 |
| WATSON | WATSON PHARMA INC | Quinine Sulfate Tablets260 mg | 52544-0715-05 |
| WATSON | WATSON PHARMA INC | Quinine Sulfate Tablets325 mg | 52544-0716-01 |
| WATSON | WATSON PHARMA INC | Clonazepam Tablets0.5 mg | 52544-0746-01 |
| WATSON | WATSON PHARMA INC | Clonazepam 0.5mg | 52544-0746-05 |
| WATSON | WATSON PHARMA INC | Clonazepam 1 mg | 52544-0747-01 |
| WATSON | WATSON PHARMA INC | Clonazepam Tablets1 mg | 52544-0747-05 |
| WATSON | WATSON PHARMA INC | Clonazepam Tablets | 52544-0748-01 |
| WATSON | WATSON PHARMA INC | Ranitidine 150 mg | 52544-0760-05 |
| WATSON | WATSON PHARMA INC | Ranitidine 150 mg | 52544-0760-60 |
| WATSON | WATSON PHARMA INC | Oxybutynin Chloride 5mg | 52544-0779-01 |
| WATSON | WATSON PHARMA INC | Oxybutynin Cl 5mg | 52544-0779-05 |
| WATSON | WATSON PHARMA INC | Sucralfate 1gm | 52544-0780-01 |
| WATSON | WATSON PHARMA INC | Sucralfate 1gm | 52544-0780-05 |
| WATSON | WATSON PHARMA INC | Dicyclomine HCl 10mg | 52544-0794-01 |
| WATSON | WATSON PHARMA INC | Dicyclomine HCl 10mg | 52544-0794-10 |
| WATSON | WATSON PHARMA INC | Dicyclomine HCl 20mg | 52544-0795-01 |
| WATSON | WATSON PHARMA INC | Dicyclomine HCl 20mg | 52544-0795-10 |
| WATSON | WATSON PHARMA INC | Sulfasalazine 500mg | 52544-0796-05 |
| WATSON | WATSON PHARMA INC | Meclizine HCl 25mg | 52544-0803-10 |
| WATSON | WATSON PHARMA INC | Silver Sulfadiazine Cream 1% | 52544-0810-46 |
| WATSON | WATSON PHARMA INC | Silver Sulpadiazine Cream 1% | 52544-0810-55 |
| WATSON | WATSON PHARMA INC | Clorazepate 3.75mg | 52544-0835-01 |
| WATSON | WATSON PHARMA INC | Clorazepate 3.75mg | 52544-0835-05 |
| WATSON | WATSON PHARMA INC | Clorazepate 7.5mg | 52544-0836-01 |
| WATSON | WATSON PHARMA INC | Clorazepate 7.5mg | 52544-0836-05 |
| WATSON | WATSON PHARMA INC | Clorazepate 15mg | 52544-0837-01 |

| DEFENDANT -SHORT NAME | LABELER CODE ID | DRUG/DOSAGE | NDC |
|---|---|---|---|
| WATSON | WATSON PHARMA INC | Low-Ogestrel Tablets0.3-0.03 mg | 52544-0847-28 |
| WATSON | WATSON PHARMA INC | Hydroc B + AP Tablets10-325 mg | 52544-0853-01 |

**<u>EXHIBIT B</u>**

**PROTECTIVE ORDER**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | **MDL NO. 1456** |
|  | ) | **CIVIL ACTION: 01-CV-12257-PBS** |
|  | ) |  |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) | **Judge Patti B. Saris** |
|  | ) |  |

## <u>PROTECTIVE ORDER</u>

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by and between the parties, through their respective counsel, as follows:

**IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:**

1.      This Protective Order shall apply to the actions that have been consolidated for pretrial proceedings as *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 01-12257-PBS and all future actions that are transferred to MDL No. 1456 for coordinated or consolidated pretrial proceedings (collectively referred to herein as "the AWP Litigation").

2.      The terms and conditions of this Order shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas.

3.      The designation "CONFIDENTIAL" shall be limited to information that any producing party, including any third party, in good faith, believes to contain (a) proprietary or commercially sensitive information; (b) personal financial information; or (c) information that should otherwise be subject to confidential treatment under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

4.       Information designated "CONFIDENTIAL" may be disclosed only to the
following persons:

(a)      a named "Individual Patient Plaintiff" (*e.g.*, persons identified in Paragraphs 13
         through 21 of the September 6, 2002, Master Consolidated Class Action
         Complaint in the AWP Litigation ("Complaint")) who have executed a
         Certification attached hereto as Exhibit A;

(b)      in-house counsel of a named party or, for a "Third-Party Payor" or "Non-Profit
         Association," as those terms are used in the Complaint, that does not have in-
         house counsel, one officer or employee of that party who is responsible for the
         AWP Litigation for that party and who has executed a Certification attached
         hereto as Exhibit A;

(c)      outside counsel representing a named party in the AWP Litigation, including all
         paralegal assistants, and stenographic and clerical employees working under the
         supervision of such counsel;

(d)      court reporters, interpreters, translators, copy services, graphic support services,
         document imaging services, and database/coding services retained by counsel,
         provided these individuals or an appropriate company official with authority to do
         so on behalf of the company executes a Certification attached hereto as Exhibit
         A;

(e)      an expert or consultant who (i) is retained by any attorney described in
         Paragraphs 4(b) and (c) to assist with the AWP Litigation, (ii) is not a current
         employee of a party or subsidiary or affiliate of a party, and (iii) such expert or
         consultant executes a Certification attached hereto as Exhibit A;

(f)      a person who prepared, received, or reviewed the "CONFIDENTIAL"
         information prior to its production in the AWP Litigation;

(g)      during depositions and preparation for depositions, a deposition witness who is a
         current employee of the party that produced the applicable document(s) or who
         appears, based upon the document itself or testimony in a deposition, to have
         knowledge of the contents of the document designated "CONFIDENTIAL" or
         the specific events, transactions, discussions, or date reflected in the document,
         provided such witness executes a Certification attached hereto as Exhibit A;

(h)      any private mediators utilized in the AWP Litigation, provided such person
         executes a Certification attached hereto as Exhibit A; and

(i)      the Court, and any Special Masters and/or Mediators appointed by the Court,
         under seal.

5.      The designation "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" (collectively referred to herein as "HIGHLY CONFIDENTIAL") shall be limited to information that any producing party, including third parties, in good faith, believes to contain (a) current and past (to the extent they reflect on current) methods, procedures, and processes relating to the pricing of pharmaceuticals; (b) current and past (to the extent they reflect on current) marketing plans and methods; (c) current and past (to the extent they reflect on current) business planning and financial information; (d) trade secrets; (e) past or current company personnel or employee information; and (f) other "CONFIDENTIAL" information (as defined in Paragraph 3) the disclosure of which is likely to cause competitive or commercial injury to the producing party.

6.      Information designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

(a)     (i) in-house counsel of a named party who have executed a Certification attached hereto as Exhibit B may have access to all "HIGHLY CONFIDENTIAL" information; or (ii) in-house counsel of a named party who cannot satisfy the requirements of Exhibit B may have access only to "HIGHLY CONFIDENTIAL" information that identifies the company, employees, or drugs of the named party of the in-house counsel;

(b)     outside counsel representing a named party in the AWP Litigation, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(c)     court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(d)     an expert or consultant who (i) is retained by any attorney described in Paragraphs 6(a) and (b) to assist with of the AWP Litigation, (ii) is not a current employee of a party or subsidiary or affiliate of a party; and (iii) such expert or consultant executes a Certification attached hereto as Exhibit A;

(e)     a person who prepared, received, or reviewed the "HIGHLY CONFIDENTIAL" information prior to its production in the AWP Litigation;

3

(f)     during depositions and preparation for depositions, a deposition witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(g)     any private mediators utilized in the AWP Litigation, provided such person executes a Certification attached hereto as Exhibit A; and

(h)     the Court, and any Special Masters and/or Mediators appointed by the Court, under seal.

7.     This Order does not apply to any information or documents:

(a)     already in the possession of a receiving party and not subject to any obligation of confidentiality; and

(b)     acquired by a receiving party from a third party without being designated confidential or similar material unless the third party received the information or documents subject to any form of confidentiality protection.

8.     All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Order and produced or exchanged in the course of the AWP Litigation shall be used or disclosed solely for the purpose of the AWP Litigation and in accordance with the provisions of this Order.  Such "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information shall not be used for any business purpose, or in any other litigation or other proceeding ,or for any other purpose, except by Court Order or otherwise required by law.

9.     Any person or party receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that receives a request or subpoena for production or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall promptly give notice by facsimile to the producing party identifying the information sought and enclosing a copy of the subpoena or request.  Provided that the producing party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested

4

information without consent of the producing party or until ordered by a court of competent jurisdiction.

10.    Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information the terms of this Order, as well as the obligation to comply with those terms.  Persons receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information are prohibited from disclosing it to any person except in conformance with this Order.  The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.  The parties agree, and agree to inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, that damages for violation of this Order are not an adequate remedy and that the appropriate remedy is injunctive relief.  Counsel agrees to maintain a file of all Certifications (Exhibits A and B) required by this Order.

11.    The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

12.    "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as by way of example and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which comprise, embody or summarize information about the producing party's business, products, practices and procedures.

5

13.     In designating information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing or testifying party or person, including third parties, will make such designation only as to that information that it in good faith believes is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in the AWP Litigation may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing or disclosing party or person by marking the appropriate legend on the face of the document and each page so designated.  With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

14.     The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the AWP Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition.  If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend.  Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate all or portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and serve the same on opposing counsel.  Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL" information.  If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

(a)     a party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld.

6

In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute;

15.     Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, shall be filed under seal in an envelope marked "CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order" or "HIGHLY CONFIDENTIAL -- Filed Under Seal Pursuant to Court Order"  and bear the caption of the AWP Litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated.

16.     At the request of a producing party, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

17.     Nothing in this Order shall be construed in any way as a finding that information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" actually is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.  Any party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to the AWP Litigation disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the parties' cannot resolve the dispute within twenty-one (21) days of service of a written objection, the party challenging the designation may file a motion to compel within twenty-one (21) days after the parties' informal attempts at resolution have concluded. The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion. The party that designated the information

7

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of demonstrating the propriety of its designation.

18.     Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the AWP Litigation. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

19.     Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the AWP Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information so long as the attorney does not disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

20.     The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality except where: (a) the producing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure and, (b) within thirty (30) days of such notice, the producing party fails to provide properly redesignated documents to the receiving party. During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice. Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the producing party within five (5) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice.

21.     Should any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party shall:  (a) use its best efforts to obtain the return of any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and to

8

bind such person or party to the terms of this Order; (b) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the producing party; and (c) request such person or party to sign the Certification attached hereto as Exhibit A or B. The executed Certification shall be served upon counsel for the producing party within ten (10) business days of its execution by the party to whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the producing party may pursue for breach of this Order.

22.     A producing person or entity who is not a party in the AWP Litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record. Thereafter, a producing person or entity may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only testimony, information, documents or things that such producing person or entity has produced or provided in the action.

23.     This Order shall survive the termination of this litigation and the transferred actions and shall continue in full force and effect thereafter.

24.     After final termination of this action, the outside counsel for a named party may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court. Nothing herein shall require the return or destruction of attorney work product. Such material shall continue to be treated as designated under this Order. Within sixty (60) days after final termination of the AWP Litigation, at the request of the producing party, counsel for the receiving party either shall (a) return all additional "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in discovery or (b) certify destruction thereof to the producing party's counsel. As to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information reflected in computer databases or backup tapes or

9

any other electronic form, the receiving party shall erase all such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

25.     Pursuant to Local Rule 7.2, within thirty (30) days after final termination of the AWP Litigation, outside counsel for a named party shall retrieve from the Court all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information that it filed with the Court during the AWP Litigation and return or dispose of such information in accordance with Paragraph 24.

26.     If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or immunity.  All copies of inadvertently or mistakenly produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged.  If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing party may move the Court for an order compelling the return of such information.   Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

27.     Provided a party has followed the procedures set forth herein, the Court deems that the party has complied with the requirements of Local Rule 7.2, Impounded and Confidential Materials.

10

28.     Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or modification of this Order.

29.     It is further ordered that all pleadings, memoranda or other documents filed in court shall be treated as public regardless of the terms of this order unless the counsel for the party seeking protection certifies and explains why the material is confidential.  To the extent that a brief or other document contains some confidential information, it shall be redacted in a public version.

Dated: ___1∂\13___ , 2002

Patti B. Saris
United States District Judge

11

## CERTIFICATION – EXHIBIT A

I hereby certify that I have read the attached Protective Order in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 01-12257-PBS, dated _____, 2002 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in accordance with the Order, I will use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose.  I will otherwise keep all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order.  I agree that the United States District Court for the District of Massachusetts has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose.  I will otherwise be bound by the strictures of the Order.

Dated: _____     _____

_____

[Print Name]

_____

[Company]

[Address]

12

## IN-HOUSE COUNSEL CERTIFICATION – EXHIBIT B

I hereby certify that I have read the attached Protective Order in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 01-12257-PBS, dated _____, 2002 (the "Order"), and I agree that I will not reveal "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "HIGHLY CONFIDENTIAL" information in accordance with the Order. I will use "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order.

I agree that I will only review "HIGHLY CONFIDENTIAL" information in the offices of outside counsel or other location designated by outside counsel. I will not remove such information from outside counsel's office or other location designated by outside counsel, nor make copies of or maintain any "HIGHLY CONFIDENTIAL" information at the offices at which I work.

My professional relationship with the party I represent and its personnel is strictly one of legal counsel. Although I may attend meetings where others discuss competitive decision-making, I am not involved in competitive decision-making (as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) and *Matsushita Elec. Indus. Co. v. United States*, 929 F.2d 1577 (Fed. Cir. 1991)), for or on behalf of the party I represent or any other party that might gain a competitive advantage from access to the material disclosed under the Order. Other than legal advice, I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, other than providing legal advice, for example, provide advice concerning decisions about, pricing, marketing or advertising strategies, product research and development, product design or

13

competitive structuring and compositions of bids, offers, or proposals, with respect to which the use of "HIGHLY CONFIDENTIAL" information could provide a competitive advantage.

I have attached a detailed narrative providing the following information: (a) my position and responsibilities as in-house counsel; and (b) the person(s) to whom I report, and their position(s) and responsibilities.

I further agree that the United States District Court for the District of Massachusetts has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____    _____

_____
[Print Name]

_____
[Company]

_____
[Address]

14

## CERTIFICATE OF SERVICE

I certify that on December 13, 2002, I caused a true and correct copy of the foregoing JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER and proposed PROTECTIVE ORDER to be served on all counsel of record by electronic service in accordance with Case Management Order No. 2.

_____
Juliet S. Sorensen

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for defendants conferred with counsel for plaintiff on this motion, and that counsel for plaintiff joined in the motion.

_____
Juliet S. Sorensen

1545322 v1; X4DM01!.DOC

**EXHIBIT C**

**SEARCH TERMS**

- Actavis
- Alpharma
- Barre
- Par
- Sandoz
- Geneva
- Schein
- Watson
- Zenith
- "Ven-a-Care"
- Venacare
- "Department of Justice"
- DOJ
- 340B
- 1396r-8!
- AAC
- "Abt Associates"
- access w/20 (care or adequate or drug! or pharm! or federal or "state plan" or statute or law or regulation or rule or CMS or Medicaid or HCFA)
- "actual acquisition cost"
- "ain't what's paid"
- amerisource
- AMP!
- "average manufacturer price"
- ASP!
- "average sales price"
- AWP!
- "average wholesale price"
- benchmark
- Bergen
- Cardinal
- chargeback
- cost w/5 (net or real or false or true or dispens!" or ingredient or drug or actual or average or acquisition or pharr! or suggest! or invoice or discount)
- cross w/5 subsid!
- discount w/5 (drug! or pharma!)
- "dispensing fee"
- DP!
- "Direct Price"
- EAC!
- "estimated acquisition cost"
- "false claim"
- "FUL"

- "federal upper limit"
- fraud and (drug! or pharm!)
- FSS
- "federal supply schedule"
- "grant thornton"
- "list price"
- MAC!
- "maximum allowable cost"
- rebate
- SMAC!
- margin
- markup
- mark-up
- McKesson
- "Minnesota Multi-State"
- MMCAP
- "Myers & Stauffer"
- NAMFCU
- OIG
- "Office of Inspector General"
- price w/5 (net or real or false or true or drug or actual or average or acquisition or pharm! or suggest! or invoice or market or discount)
- profit
- Schondlemeyer
- spread
- "sticker price"
- URA!
- "unit rebate amount"
- "U&C"
- "usual and customary"
- WAC!
- "wholesale acquisition cost"
- wholesale w/5 (price or cost or acquisition or average or net or amount)