# Exhibit 2



| | **State of New Jersey** | |
|---|---|---|
| CHRIS CHRISTIE<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 112<br>TRENTON, NJ 08625-0112 | PAULA T. DOW<br>*Attorney General* |
| KIM GUADAGNO<br>*Lt. Governor* | | ROBERT M. HANNA<br>*Director* |

July 2, 2010

**Via Certified Mail**
Mr. Stefan M. Mentzer
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036

> Re: Subpoena Duces Tecum to State of Arkansas Department of Human Services
> *U.S. ex rel. Ven-A-Care of the Florida Keys, Inc.,* et al.
> Civil Action No. 08-10852-PBS

Dear Mr. Mentzer:

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), the State of New Jersey Department of Human Services ("DHS"), Division of Medical Assistance and Health Services (DMAHS) objects to the subpoena duces tecum of June 14, 2010, for the following reasons:

1. The document requests that are attached as Schedule A to the subpoena are overly broad, and compliance by DMAHS would be unduly burdensome. The requests are for an exceptionally wide range of documents and claims data, dating back as far as January 1, 1984.

2. The time provided for production of documents (the response date is July 14, 2010) is patently unreasonable and would cause undue burden to DMAHS, which is not a party to the above-entitled action. It is not reasonable to expect DMAHS staff to divert its scarce resources for the purpose of identifying or retrieving documents or data in an action to which DMAHS is not a party.

3. The documents sought may implicate protected confidentiality interests of DMAHS and/or third parties. DMAHS would need to undertake a page-by-page and line-by-line review of any documents it identifies that might be responsive to the subpoena, which itself is unduly burdensome.

4. The documents sought may implicate the attorney-client privilege or the work-product doctrine. Again, DMAHS would need to undertake a page-by-page and line-by-line review of any documents it identifies that might be responsive to the subpoena, which is itself unduly burdensome.

5. The subpoena may have been improperly served under Federal Rule of Civil Procedure 45(b)(2)(B).

6. Many of the documents requested in the subpoena have already been produced to the drug companies pursuant to subpoena in the 2008 litigation and may be available to Sandoz through a shared database. Further, many of the documents sought date back to the inception of Medicaid outpatient prescription drug coverage and are no longer available.

7. Request No. 32 of the subpoena is too vague to permit response. This request seeks documents that would result in hundreds, if not thousands, of irrelevant responses; would overwhelm the DMAHS information systems; and would require purchase of additional information technology hardware.

8. Production of the documents as described may violate 42 U.S.C. § 1396r-8(b)(3)(D), which prohibits state agencies from disclosing certain pricing information disclosed by drug manufacturers or wholesalers.

9. The subpoena fails to offer pre-payment to DMAHS for the cost of production of the requested documents.

10. DMAHS reserves the right to assert additional objections to the subpoena at a later date.

Sincerely yours,

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY

By: _____
Zoé J. McLaughlin
Deputy Attorney General

C:c.  Robert Popkin, DMAHS