# Exhibit 6



# State of New Jersey

DEPARTMENT OF HUMAN SERVICES
DIVISION OF MEDICAL ASSISTANCE AND HEALTH SERVICES
P.O. Box 712
Trenton, NJ 08625-0712

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

JENNIFER VELEZ
*Commissioner*

VALERIE HARR
*Director*

March 11, 2011

Paul B. Carberry
White & Case, LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Re: <u>Ven-A-Care</u> Subpoena

Dear Mr. Carberry:

Enclosed please find a binder in response to the subpoena served upon this agency by your office.

We also have an additional box of drug rebate-related documents. We estimate that the box contains a total of 3200 pages. We are requesting reimbursement at the rate of 25 cents per page, for a total of $800.00. When we receive your check in that amount payable to "Treasurer, State of New Jersey", we will forward this box of documents to you.

If you have any questions, please contact DAG Dianna Rosenheim, who is representing our agency in the matter, at 609-984-8466.

Sincerely,

*Valerie Harr*

Valerie J. Harr
Director

VJH:Pp
Enclosures
cc: DAG Dianna Rosenheim
    Robert E. Popkin
    Edward J. Vaccaro

*New Jersey Is An Equal Opportunity Employer*

## GENERAL OBJECTIONS

1. As we previously advised in our letter of July 2, 2010, the document requests are overly broad, and compliance would be unduly burdendsome. The requests are for an exceptionally wide range of documents and data. Without waiving said objections, we provide the below responses and documents.

2. Some information requested or documents requested are protected by the deliberative process privilege. See In re Liquidation of Integrity Insurance, 165 N.J. 75 (2000); Education Law Center v. Dept. of Education, 198 N.J. 274 (2009) . Therefore these documents or data will not be provided to the extent protected by this privilege.

3. Some questions are too vague to answer and some questions ask for information that is irrelevant to the litigation.

## REQUESTS

1. Section 4.19B of all state Medicaid plans filed by the State under 42 U.S.C. § 1396(a) and all proposed or actual amendments to those state plans to the extent they relate to section 4.19B of the state plan.

> **Response: See General Objections above. Without waiving these objections, we provide the following response. A current version of the New Jersey Medicaid State Plan can be found at the following link:**
>
> **http://www.state.nj.us/humanservices/dmahs/info/state_plan.html**
> **See Enclosure A for applicable State Plan Amendments. All "proposed" amendments are protected by the deliberative process privilege and are not provided.**

2. All Provider manuals or handbooks applicable to prescription drugs dispensed or administered to Medicaid beneficiaries.

> **Response: See General Objections above. Without waiving these objections, we provide the following response.**

1

> Go to http://www.lexisnexis.com/njoal for information regarding the New Jersey Administrative Code; Select Title 10; Select "Human Services"; Select "Chapter 10:51" - the Pharmaceutical Services Manual; or see N.J.A.C. 10:51-1.1 et seq.
>
> Go to www.njmmis.com for information regarding communications with pharmacies; Select "Newsletters & Alerts"; Choose "Both Newsletters & Alerts"; Choose Program: "Medicaid"; Choose Provider Type: "Pharmacy"; Submit Request.

3. All letters, bulletins, or transmittals sent to providers of prescription drugs.

> Response: See General Objections above. The overly broad and vague nature of this request for letter communications with providers makes compliance impossible. However, without waiving the objections, see response above for bulletins and transmittals.

4. All pricing files applicable to any of the Subject Drugs, including AWP, WAC, FUL, SMAC, WHN, Baseline Price, AMP, Best Price, URA, FSS price, and MMCAP price.

> Response:
>
> See General Objections one and two above. Without waiving these objections, we provide the following response. You subsequently advised you did not need this data. You were advised of the cost of this data. Enclosure H. The State's Fiscal Agent, Molina Medicaid Solutions (formerly UNISYS), maintains a Master Drug File updated weekly with data received from the First Data Bank (FDB) Corporation. NDC prices were included as a component of the cost estimate provided to your office. It is important to note that data including WHN, Baseline Price, FFS Price and MMCAP price is not included in the cost estimate since this information is not processed by the New Jersey Medicaid Management Information System

2

> (NJMMIS). DMAHS policy did not assign SMAC or MAC prices to the Subject Drugs. Also, drug rebate-related information is discussed in response(s) that follow.

5. Examples of each type of claim form used by Providers to seek payment for prescription drugs dispensed or administered to Medicaid beneficiaries.

> **Response: See General Objections above. Without waiving these objections, DMAHS provides the following response.**
>
> **<u>NCPCP Companion Guide</u>: (for information regarding requirements for submission of electronic pharmacy claims)**
>
> 1. www.njmmis.com
> 2. Click on Forms and Documents (on left)
> 3. In response to 'Type' key: 'All'
> 4. In response to 'Topic' key: 'HIPAA'
> 5. Click on 'Submit Request'
> 6. Click on NCPDP HIPAA Companion Guide.
>
> **<u>Pharmacy Billing Supplement</u>: (for information regarding requirements for submission of hard-copy pharmacy claims)**
>
> 1. www.njmmis.com
> 2. Click on 'Billing Supplements & Training Packets' (on left)
> 3. Choose Provider Type = Pharmacy
> 4. Click on 'Submit Request'
> 5. Click on Pharmacy Billing Supplement

6. All memoranda, studies, analyses, reports, communications, policy statements, and other documents concerning proposed and accepted changes to payment rates for prescription drugs dispensed under the State's Medicaid Program.

> **Response: See General Objections above. This request is overly broad and vague. Without waiving these objections, we provide the following response. Payment rates are set by the Legislature in the annual Appropriations Act. Other than Newsletters**

3

identified below and in Enclosure B, no additional information is available to respond to this request. Relevant Provider Newsletters include: Vol. 5, No. 7; Vol. 5, No. 24; Vol. 5, No. 70; Vol. 6, No. 37; Vol. 11, No. 05; Vol. 15, No. 12; Vol. 19, No. 38; and Vol. 20, No. 11.

7. All studies, audits, or surveys concerning Providers' costs to acquire and/or dispense prescription drugs, wholesalers' costs to acquire prescription drugs, and the prices at which drug manufacturers' sell prescription drugs.

> Response: See General Objections above. This request is overly broad and vague. Without waiving these objections, we provide the following response. No additional information is available to respond to this request.

8. All documents concerning the meaning or definition of AAC, AWP, WAC, EAC, AMP, list price, Direct Price, and Usual and Customary charge.

> Response: See General Objections above. This request is overly broad. Without waiving these objections, we provide the following response. DMAHS made a reasonable review of its records to identify documentation providing a basis for the State's knowledge that AWP does not represent actual average wholesale price. No additional information is available to respond to this request. AWP values processed through FDB were recognized as the average wholesale prices for drugs as accepted in the marketplace.

9. All documents reflecting any comparison between the prices applicable to any Subject Drug, including comparisons of AAC, AWP, WAC, EAC, AMP, URA, FUL, MAC, SMAC, FSS price, MMCAP price, contract price, invoice price, wholesaler price, Provider's purchase price, other states' reimbursement amounts, acquisition prices of any state entity that is a direct purchaser of drugs, and Usual and Customary charge.

4

> Response: See general objections above. Without waiving these objections, we provide the following response. No additional information is available to respond to this request. AWP values processed through FDB were recognized as the average wholesale prices for drugs as accepted in the marketplace.

10. All communications between State and any member of the state legislature, the U.S. Government, any other State's Medicaid Program, any Medicaid Intermediary, any state entity that is a direct purchaser of drugs, any Medicare contractor, NAMFCU, any MFCU, the National Association of State Medicaid Directors, Pharmacy Technical Advisory Group, American Association of Medicaid Pharmacy Administrators, or the National Governors' Association concerning: (a) payment rates for prescription drugs; (b) the acquisition or dispensing costs of Providers for prescription drugs; or (c) AWP, WAC, or AMP.

> Response: See General Objections above. Pre-decisional communications between State agencies and DMAHS, an intermediary and DMAHS, or the federal government and DMAHS are privileged under the deliberative process privilege. Without waiving the objections, DMAHS provides the following response. DMAHS made a reasonable review of its records to identify the requested communications regarding AWP. DMAHS does not have transcripts of State budget hearings or testimony which may have touched on AWP in some way. However, what follows in an excerpt of a letter dated April 28, 2010 from DHS Commissioner Jennifer Velez to David J. Rosen, Legislative Budget and Finance Officer, responding to questions raised by Senator Barbara Buono at a New Jersey Senate Budget and Appropriations Committee hearing held on April 15, 2010:

5

<u>Senator Buono</u>:

- The department indicated that the $13.0 million in pharmaceutical savings included in the Medicaid budget **does not** include savings the State will realize by the change in how the "average wholesale price (AWP)" of a drug is calculated, even though this pricing change will be implemented July 2011. In addition to the $13.0 million in pharmaceutical savings already assumed in the FY 2011 budget, how much will the State save during FY 2011 by using the new method to calculate the AWP?
    **DHS Response:** The recalculation of AWP will save $14.7 million in 100% State only funds resulting from the Massachusetts litigation.

- Several states have filed a class action lawsuit concerning drug pricing that the State has decided not join. Please provide information as to the reason why the State has decided not to join this class action lawsuit.
    **DHS Response:** New Jersey did not participate in the Massachusetts class action litigation. Page 3 of the "Final Order and Judgment Certifying the Class for Purposes of Settlement, Approving of Class Action Settlement, and Dismissing the Action with Prejudice," which was issued on March 30, 2009, specifically excludes States and state agencies from the class of plaintiffs. The exact language is as follows, with the relevant portion boldfaced and underlined:

    "Excluded from the class are Defendants, their respective present and former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates; the United States government, its officers, agents, agencies and departments; **<u>the States of the United States and their respective officers, agents, agencies and departments</u>**; and all other local governments and their officers, agents, agencies, and departments."

    **No additional information is available to respond to this request, with the exception of our response to Question No. 9 above; and Claims Data-related information. New Jersey is not a participating Pharmacy State TAG member and New Jersey is not involved with the direct purchase of prescription drugs. As indicated in our response to Question No. 7, pricing benchmark comparisons have not been conducted by DMAHS.**

11. All communications between the State's Medicaid Program and any third party concerning: (a) payment rates for prescription drugs; (b) the acquisition or dispensing costs of Providers for prescription drugs; (c) prices for any Subject Drug; or (d) AWP, WAC, or AMP.

> **Response: See General Objections above. Without waiving the three objections, DMAHS provides the following response. See DMAHS response to Question No. 6 for communications related to payment rate changes. DMAHS has not collected or analyzed acquisition or dispensing costs. Documents regarding AWP settlement are at Enclosure C. AMP information is proprietary and not available. Also, public comments relating to any payment rate proposals promulgated through regulations are included in Enclosure D.**

12. All non-privileged documents concerning State or Congressional hearings or any other legal proceedings concerning AWP, WAC, or reimbursement rates for prescription drugs.

> **Response: See General Objections above. This request is overly broad. Without waiving these objections, DMAHS provides the following response. DMAHS does not have transcripts of State budget hearings or testimony which might include discussion of AWP.**

13. All documents concerning the AMP information provided by each Defendant to the State.

> **Response: See General Objections above. Without waiving these three objections, DMAHS provides the following response. DMAHS does not have access to AMP data.**

14. All documents or data containing or reflecting a URA for any Subject Drug.

7

> **Response:** See General Objections above. Without waiving these three objections, DMAHS provides the following response. CMS can provide this data.

15. All documents concerning the difference between the AMP and Providers' acquisition costs of any pharmaceutical product.

> **Response:** See General Objections above. Without waiving these three objections, DMAHS provides the following response. DMAHS made a reasonable review of its records to identify documents concerning the difference between AMP and provider acquisition costs. See documents regarding acquisition cost at Enclosure F. No additional information is available to respond to this request.

16. All documents concerning dispensing fees set by the State's Medicaid Program.

> **Response:** See General Objections above. Without waiving these three objections, DMAHS provides the following response. DMAHS made a reasonable review of its records to identify documents concerning dispensing fees. No additional information is available to respond to this request. The Medicaid dispensing fee has remained essentially unchanged except for the removal of an "add-on" to the dispensing fee of $0.08 for patient consultation that took place on or about July 1, 2008 (i.e. decreased from $4.07 to $3.99). This was mandated by the SFY 2009 Appropriations Act (P.L. 2008, c. 35).

17. All documents concerning any requests, surveys, or other efforts conducted to determine whether the State is in compliance with 42 U.S.C. § 1396a(a)(30).

> **Response:** See General Objections above. Without waiving these objections, DMAHS provides the following response. DMAHS

8

> made a reasonable review of its records to identify documentation concerning compliance with 42 U.S.C. § 1396a(a)(30). DMAHS has not conducted surveys to determine compliance. However, knowledgeable comparisons between proposed changes to payment rates and those rates paid by other State Medicaid agencies and private third party pharmacy benefit plans have served to determine the reasonableness of payment rate changes.

18. All documents concerning State's assurances, as required by 42 C.F.R. § 447.333, that the State's expenditures for drugs are in accordance with payment limits specified in 42 C.F.R. § 447.331(b).

> **Response: See General Objections above. Without waiving these objections, DMAHS provides the following response. The New Jersey Administrative Code (N.J.A.C.), Title 10, Chapter 51, Sections 1.5 (Basis of Payment) and 1.20 (Prescription Drug Price and Quality Stabilization Act) demonstrate compliance with 42 C.F.R. § 447.331(b).**

19. All documents concerning State's assurances, as required by 42 C.F.R. § 447.333, that the State's expenditures for multiple source drugs are in accordance with upper limits specified in 42 C.F.R. § 447.332(b).

> **Response: See General Objections above. Without waiving these three objections, DMAHS provides the following response. DMAHS does not assign State Upper Limits (SULs) for multi-source drugs. Reimbursement for multi-source drugs is based on the lesser of the EAC, the Federal Upper Limit (FUL), if assigned and a pharmacy's usual and customary charge.**

20. Documents sufficient to show the dollar amount and percentage of Federal Medicaid matching funds received by You.

9

> **Response: See General Objections above. Without waiving these objections, DMAHS provides the following response. Enclosure G provides a summary of Title XIX Medical Assistance Payments for the Fiscal Year 1997 through Fiscal Year 2009.**

21. All data concerning Provider claims for reimbursement for the Subject Drugs dispensed or administered under State's Medicaid Program, including the following fields of data to the extent they are maintained by the State or its agents:
(a) *Identifier*: claim number and other identifying information;
(b) *Provider Type*: pharmacy, outpatient hospital, physician crossover, etc.;
(c) *Claim Type*: any available claim type information including any information that indicates whether Medicaid is the secondary payor;
(d) *Transaction Type*: all available transaction type information, such as correction, cancellation, etc., identifiers, and source transaction information, and reference TCN numbers;
(e) *Status*: all status information, including the payment code indicating whether the claim has been accepted, processed, and/or paid and the type of program the claim will be processed under (e.g., Medicaid, Managed Care);
(f) *Dates*: all available dates;
(g) *Basis of Payment*: coding within the claim payment transaction which identifies the reference point from which the claim payment amount is determined (e.g., MAC, SMAC, FUL, EAC, AMP, AWP, DOJ, Medicaid AWP, WAC, DP, usual and customary charge, etc.);
(h) *Provider*: all information for all relevant Providers;
(i) *Product*: all product information.
(j) *Units*: all units information, including submitted units, allowed units, and unit of measure;
(k) *Prices/Fees*: all fields containing price and fee amounts
(l) *Comments*: all other memo or free-form fields.
(m) *Cost*: the cost of shipping, pharmacy staff, supplies, storage, or inventory control for any Subject Drug.
(n) *Acquisition Cost:* any acquisition cost information submitted by the Provider.
(o) Related file layouts, field definitions, data dictionaries, source tables, relationship tables, and business rules.

> **Response: See General Objections above. Without waiving these objections, DMAHS provides the following response. In response to this request, Molina Medicaid Solutions prepared a cost estimate based on this original data request (see Enclosure H). The cost estimate was emailed to Smentzer@whitecase.com on**

10

> July 7, 2010. Counsel later advised it did not need this information.

22. All documents concerning communications between You and Defendants relating to drug purchasing, pricing, reporting, utilization, rebates, and/or reimbursement.

> **Response: See General Objections above. Without waiving these three objections, DMAHS provides the following response. The State of New Jersey does not participate in any purchase or acquisition contracts for prescription drugs. Enclosure E includes drug rebate dispute documentation related to manufacturers of the Subject Drugs.**

23. All documents concerning any inquiries You made, or considered making, for information concerning the prices, costs, or reimbursement of the Subject Drugs.

> **Response: See General Objections above. Without waiving these three objections, DMAHS provides the following response. DMAHS made a reasonable review of its records to identify any inquiries or requests for information concerning prices, costs or reimbursement. No additional information is available to respond to this request.**

24. All documents concerning Your analysis, evaluation, review of, or reliance on any representation of drug pricing provided by Defendants in connection with the reimbursement of their pharmaceutical products.

> **Response: See General Objections above. Without waiving these three objections, DMAHS provides the following response. DMAHS made a reasonable review of its records to identify any analysis, evaluation or reviews related to drug pricing by Defendants. No additional information is available to respond to this request.**

11

25. All documents concerning or reflecting any complaint or inquiry You have ever received from anyone regarding the pricing of Defendants' pharmaceutical products.

> **Response:** See General Objections above. Without waiving these three objections, DMAHS provides the following response. DMAHS made a reasonable review of its records to identify any documents concerning or reflecting any complaint or inquiries regarding pricing of Defendants' pharmaceutical products. No additional information is available to respond to this request.

26. All documents relating to the State's MAC program.

> **Response:** See General Objections above. Without waiving these three objections, DMAHS provides the following response. DMAHS does not currently administer a traditional SMAC program. However, see N.J.A.C. 10:51-1.5(b) and 2.5(b) for a state maximum allowable cost formula.

27. All documents reflecting communications among any of Your employees or agents concerning the pricing or reimbursement of prescription drugs.

> **Response:** See General Objections above. The communications requested are protected by the deliberative process privilege. Without waiving these objections, DMAHS provides the following response. DMAHS' pricing and reimbursement policies are a product of the State legislative process, specifically annual State appropriations. The outcome of these determinations is reflected in the Administrative Code, N.J.A.C. 10:51. Any communications between the State's Fiscal Agent, Molina Medicaid Solutions (formerly UNISYS) are limited to instructions for modifying the claims processing system to implement these State policies and procedures. Molina Medicaid Solutions is the only Agent contracted with DMAHS to support processing of Medicaid claim payments.

12

28. All documents concerning how Your Medicaid Intermediary determined payment amounts for the Subject Drugs.

**Response: See General Objections above. Without waiving these objections, DMAHS provides the following response. See above response**.

29. All documents concerning monetary sums that the State has recovered from any Providers as compensation, restitution, damages or penalties associated with its reimbursement for any of the Subject Drugs.

**Response: See General Objections above. This question appears to seek a large amount of irrelevant information. Without waiving these objections, DMAHS provides the following response. DMAHS will not list every overpayment recovery from a pharmacy for this unspecified time period and may not be able to tell if a recovery included claims for a Subject Drug. Requests concerning other monetary sums that the State has recovered from providers as compensation, restitution, damages or penalties related to reimbursement should be directed to the Medicaid Fraud Division, Office of the State Comptroller, and to the New Jersey Division of Criminal Justice, Office of Insurance Fraud Prosecutor, Medicaid Fraud Section.**

13