# Exhibit 10

## State of New Jersey

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

PAULA T. DOW
*Attorney General*

ROBERT M. HANNA
*Director*

May 11, 2011

via overnight mail
Stephen Mentzer Esq.
White and Case LLP
1155 Avenue of the Americas
New York, NY 10036

> Re: <u>U.S. ex rel Ven-A-Care of Florida Keys v. Activis Mid Atlantic LLC et al.</u>
> Dkt. No. 08-cv-10852-PBS
> Subpoena to produce documents dated April 15, 2011; served April 18, 2011, returnable May 16, 2011

Dear Mr. Mentzer:

As you know, this office represents the Division of Medical Assistance and Health Services of the New Jersey Department of Human Services, which administers the Medicaid program in this State. We are in receipt of the fourth request for documents from your office and the second subpoena served on this State.

Your initial requests were overly broad, overly burdensome, unreasonable, and likely seeking extensive irrelevant material for many years. As we previously advised you, due to your unreasonably broad request for documents, we were unable to fully respond to your requests. However, we made reasonable attempts to provide you with relevant documents such as the state plan amendments that DMAHS maintains, regulation proposals, and various other documents. Claims data was offered but your office said it was not necessary. Rebate documents were offered but I believe your office did not want those either.

After providing the above referenced response, which took



a significant amount of manpower to produce, we advised that we would not be providing any more documents without payment for the cost of gathering and providing documents. I advised that my office charges $175 an hour for my time. Those at DMAHS that would be involved in reviewing your new request and gathering documents are equally experienced and will likewise need to be compensated similarly. Those who would have to physically research archived documents for production would be charged at $22.52 an hour.

In addition, it is our understanding that discovery ended for this case on April 15, 2011 and therefore your subpoena, served on or about April 18, 2011, is out of time. Please promptly advise after your May hearing whether responses are still required.

After myself and agency personnel spent yet more time on your April 18 document requests, we have determined the following:

1. Again your request is unreasonable, overly broad and burdensome and seeks significant irrelevant material. Attachment 4.19-B involves payment for every type of Medicaid service in New Jersey. Thus, payment for pharmaceuticals are only one item in this large section. DMAHS estimates that it will take approximately one hour per page by clerical staff to pull the specifically requested six pages (TN92-20, 95-6, 96-11, 97-19, 05-08-MA, and 08-15-MA). The cost would be $135.12 clerical and $175 professional for a total of $310.12.

Beyond this, it would be an hourly charge of $22.52 for any additional archive research you request.

DMAHS does not have an annual section 4.19(b) to copy for you. Thus, we cannot give you section 4.19(b) for 1987 or any other year because no such annual or complete record exists. DMAHS maintains only the current State Plan version. Any request for prior versions of specific pages would have to be individually researched by page in archived materials. We may be able to locate a copy of the 2008 State Plan on a disk. The cost for such search and provision to you would be $175 for estimated one hour of my time.

2. This request is unreasonable, overly broad and burdensome and contains no time limitation. Without waiving these objections, all communications involving the negotiation of a State Plan amendment with CMS are considered deliberative process privileged and will not be researched and turned over in response to your request.

3. This request is unreasonable, overly broad and burdensome and contains no time limitation. Without waiving these objections, DMAHS has no documents responsive to this request.

4. This request is unreasonable, overly broad and burdensome, and contains no time limitation. Without waiving these objections, any internal communications are deliberative or work product and are privileged. See the annual New Jersey Appropriations Act which set the reimbursement formula each year.

5. This request is unreasonable, overly broad and burdensome, and there is no time frame for the request. Without waiving the objections, DMAHS does not possess documents responsive to this request.

Thank you for your cooperation in this matter.

Respectfully submitted,

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY

By: _____
Dianna Rosenheim
Deputy Attorney General

c: Robert Popkin, DMAHS