UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris |

**OMNIBUS OBJECTION OF NAMED CONSUMER PLAINTIFFS IN OPPOSITION TO APPROVAL OF THE PROPOSED TRACK TWO NATIONWIDE CLASS CERTIFICATION AND SETTLEMENT**

Named Consumer Plaintiffs, by their undersigned individual counsel, hereby object to the proposed Track 2 nationwide class certification and settlement for the following reasons:[1]

1.  On July 2, 2008, the Court granted preliminary approval of the Track Two settlement and preliminarily certified a nationwide settlement class of consumers. The Preliminary Approval Order named Class 1 consumer representatives as follows: "Muriel Tonacchio as representative of the Estate of Wilma Mort, Vermont Public Interest Group, Wisconsin Citizen Action, New York Statewide Senior Action Counsel, Citizen Action of New York, and *Health Care For All*." Docket No. 5426 (emphasis added).

2.  On March 16, 2009, Named Consumer Plaintiffs filed their Opposition to Approval of the Proposed Track Two Nationwide Class Certification and Settlement.[2] Filed

---

[1] A number of the objections presented herein have been raised previously in accordance with the initial time frame for filing objections to the proposed settlement. *See* Revised Memorandum of Named Consumer Plaintiffs in Opposition to Approval of the Proposed track Two Nationwide Class Certification and Settlement ("Original Objection") attached hereto as Exhibit "A", *see* Dkt. No. 5953. However due to the passage of time, Named Consumer Plaintiffs, in an abundance of caution, hereby file the instant objection to reiterate and preserve their initial objections, as well as to address the procedural and substantive changes that have occurred with respect to the proposed settlement since the original filing.

1

contemporaneously therewith was the Declaration of the undersigned, attaching exhibits in support of the Objections. *See* Dkt. No. 5953 and 5954, respectively.

3. On March 18, 2009, Class Counsel filed a Motion seeking to strike the aforesaid objections. Dkt. No. 5957.

4. In response to this Court's Order dated March 24, 2009, a Revised Objection was filed presenting the same objections within thirty (30) pages. Dkt. No. 5971.

5. On April 27, 2009, the Court held a hearing on final approval of the proposed nationwide class settlement and class certification of the proposed nationwide classes of purchasers of Track 2 Defendants' drugs. The undersigned appeared and presented argument in support of the aforesaid objections. At the outset of the presentation, Class Counsel conceded "this can't be the final hearing because Class 1 Part B class members have not gotten the individual notice yet." April 27, 2009 Hrg. Tr. at 7:15-17.

6. On March 23, 2011, the Court entered a procedural order regarding the fairness hearing concerning the settlement with Defendant Bristol-Meyers Squibb. Therein the Court advised the parties that, beginning approximately February 1, 2011, the Court's daughter apparently began working as a community organizer for Health Care for All. The order further stated that, "[i]f there are any remaining issues involving Health Care for All, I will recuse myself from deciding the issue." Dkt. No. 7472.

7. On March 28, 2011, at the BMS Fairness Hearing, the Court charged the undersigned with clarifying whether there was a remaining issue involving HCFA in the instant proposed Track II settlement. On April 13, 2010, the undersigned filed a Notice Regarding

---

[2] Named Consumer Plaintiffs are the **Error! Main Document Only.**previously-proffered named class representatives for the Track 2 Class 1 consumers.

Involvement of Health Care for All in Track II settlement, wherein it was that *inter alia* HCFA in fact was the court-appointed representative for the Track 2 settlement Class.

8.      The following day, Class Counsel filed a Motion to Withdraw HCFA as a representative for the Track II settlement.  Class Counsel claimed therein that "[t]here will be no prejudice to Class 1 if this request is granted. Class 1 is adequately represented in the Track 2 Settlement by public interest organizations Vermont Public Interest Group, Wisconsin Citizen Action, New York Statewide Senior Action Counsel and Citizen Action of New York as well as consumer plaintiff Muriel Tonacchio on behalf of the Estate of Wilma Mort."  Dkt. No. 753.

9.      On May 2, 2011, the undersigned filed a response to Class Counsel's Motion to Withdraw HCFA wherein it was pointed out that HCFA's withdrawal is no simple matter, given its integral role in the case from its inception and its involvement in the negotiation of the Track 2 settlement at issue.  The issue was properly referred to Magistrate Bowler for consideration, who held a hearing on Monday May 23, 2011.  A decisions is pending.

10.     As it stands, and as articulated more clearly in Exhibit "A" hereto, the designated representatives for consumers in the proposed Track II Settlement Class lack standing to sue for damages, and are atypical and inadequate.  This Court previously dismissed the damages claims of the consumer associations in this case for lack of Article III standing.  It further ruled that they were atypical and inadequate to represent consumer damage claims in a class action.[3]

---

[3]   Although this Court held that the associations did not have standing under Rule 23(b)(3), it held they might have standing under Rule 23(b)(2) to pursue injunctive relief.  Indeed, the Court previously certified HCFA as the lone consumer class representative for consumer Class 3 Claims for injunctive relief under Rule 23(b)(2).  *See In re AWP*, 233 F.R.D. 229 (D. Mass. 2006) (certifying "Health Care for All as the representative for this Class pursuant to Fed.R.Civ.P. 23(b)(2)").  The PAL associations (including HCFA) abandoned their claims for declaratory or injunctive relief, but agreed to release them.  *See discussion infra*.

Nevertheless, the same PAL member associations that were subject to these rulings have been appointed by this court as Track 2 Class 1 consumer representatives.

11. The Court set out the standard for the typicality and adequacy of representative plaintiffs in this case, holding that there must be an individual class representative with standing to sue *each individual defendant*. *In re AWP*, 230 F.R.D. at 80 (emphasis added). No motions to reconsider this Court's August 2005 decision were filed by any party, and no party sought certification of an interlocutory appeal from this ruling. The law of this case compels a finding that the requirements of Rule 23(a)(3) and 23(a)(4) have not been satisfied.[4]

12. Indeed, this Court recently dismissed the Class 1 consumer claims against Johnson & Johnson for lack of presentation of an adequate class representative by Class Counsel. *See* Dkt. No. 7483

13. The Court's ruling in this regard was based upon the binding precedent in the First Circuit cited by Defendants in Track Two Defendants' Memorandum in Opposition to Class Certification. Filed June 15, 2006, contemporaneously with a Motion to File Under Seal at Dkt. No. 2703, at 37 (challenging the standing of association plaintiffs and citing *Sea Shore Corp. v. Sullivan,* 158 F.3d 51, 55 (1st Cir. 1998)). Defendants - co-movants with Class Counsel in seeking certification of nationwide settlement classes of Class 1 and 3 consumers - should be estopped from arguing completely contrary to their prior legal position.[5]

---

[4] As most commonly defined, the "law of the case" doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. *Arizona v. California,* 460 U.S. 605, 618 (1983) (internal citations omitted).

[5] "As a general matter, the doctrine of judicial estoppel prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." *Alt. Sys. Concepts, Inc. v. Synopsys, Inc.,* 374 F.3d 23, 32-33 (1st Cir.2004) (quoting *InterGen N.V. v. Grina,* 344 F.3d 134, 144 (1st Cir.2003)); *accord Pegram v. Herdrich,* 530 U.S. 211, 227 n. 8 (2000). The primary purpose of the doctrine "is to safeguard the integrity of the courts by preventing parties from improperly manipulating

14. Even were this Honorable Court to reverse its prior judgment that the associations do not have standing, based upon some strained construction of the prevailing federal precedent, it could not certify the associations as either typical (under Rule 23(a)(3)) or adequate (under Rule 23(a)(4)) because the associations are in conflict with consumers. The conflict between the associations and the consumer class is fundamental. *See Natchitoches Parish Hosp. Services Dist. v. Tyco Intern., Ltd.* 247 F.R.D. at 265.

15. In this Court's July 2, 2008 Order granting Preliminary Approval of the Track Two Settlements, the Court appointed the following associations as representatives of Track 2 Consumer Class 1: Vermont Public Interest Research Group, Wisconsin Citizen Action, New York State Wide Senior Action Council, Citizen Action of New York, and Health Care for All. Each of these above associations is a member organization/coalition partner of PAL.

16. Given the lack of standing of the associations in this case, and their express disavowal of damage claims in the operative complaint, *see* RFAMCC ¶¶63-67, consumers – if properly represented in this case – would say the PAL associations should get nothing and should not have been involved in any way in the negotiation of the settlement of the litigation or the allocation of consumer settlement proceeds. But, the Director of PAL was appointed by Co-Lead Counsel to serve in the critical role of consumer allocation counsel.[6] Unfortunately, the

---

the machinery of the judicial system." *Id.* at 33(citing *United States v. Levasseur,* 846 F.2d 786, 792 (1st Cir.1988). Consequently, the guiding principle of judicial estoppel' is that it should apply "when a litigant is playing fast and loose with the courts, and when intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." *GE HFS Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 520 F.Supp.2d 213, 223 (D.Mass.2007) (quoting *Patriot Cinemas, Inc. v. Gen. Cinemas Corp.,* 834 F.2d 208, 212 (1st Cir.1987)).

[6] Alex Sugerman-Brozan has been the director of PAL for approximately the last five years, although he appears to have recently become affiliated with the Boston firm Pyle, Rome, Lichten, Ehrenberg & Liss – Riordan, P.C. However, because Mr. Sugerman-Brozan's

proposed settlement provides for a woefully inadequate consumer allocation of settlement proceeds as compared with other settlements. *Compare* Track 2 Settlement Agreement at Docket No. 5133 (evidencing a split between consumer and TPP settlement funds of 17.5% and 82.5%, respectively) *with* GlaxoSmithKline Settlement Agreement at Docket No. 2972 (involving a consumer/TPP split of 30%/70%, respectively).

17. The proposed settlement also does more harm than good by releasing consumers' rights to garner declaratory and injunctive relief for reconsideration whatsoever. Since the association plaintiffs were only certified to adjudicate the Rule 23(b)(2) class claims, by definition, they have failed to deliver a settlement of the claims that is fair, reasonable or adequate. *C.f. DeHoyas v. Allstate Corp.,* 240 F.R.D. 269 (W.D.Tex. 2007) (wherein the court approved a Rule 23(b)(2) settlement class and settlement because the defendant agreed to change its wrong conduct and provide restitution). This is especially true when other courts have *ordered* injunctions at trial. *See* Exhibit "B" hereto (injunction against BMS) and Exhibit "C" hereto (injunction against J&J).

18. Further, Ms. Murial Tonacchio lacks standing, and is not typical or adequate to be a Track 2 Class 1 consumer class representative. *In re AWP*, 230 F.R.D. at 79-80. Ms. Tonacchio's Affidavit and supporting statement is devoid of the evidentiary substance required to demonstrate standing to sue, or typicality or adequacy to serve as a class representative. *See*

---

relationship with PAL is currently unknown, he will be referred to as the director of PAL. *See* Exhibit "Q", available at http://www.prle.com/attorneys/alex.htm. Respectfully, PAL's Director, Mr. Sugerman-Brozan had no business negotiating the allocation of the Track 2 consumer settlement fund. His organization's "mission" is to recover "a separate *cy pres* fund." Such a fund can only be created if consumers are not paid the entirety of their share of settlement proceeds. Significantly, another "mission" of PAL is to "change industry behavior", which PAL failed to do in settling this case.

Original Objection pp. 53-62, at Exhibit "A". The Court cannot find Ms. Tannichio adequate on this record, and her deposition should be allowed to proceed.

19. Even were this Court to find Ms Tonacchio adequate to represent the Track 2 Class 1 consumer settlement class (in the absence of discovery), she could only be certified as the representative for the Aventis Sub-Class, since Anzemet is the only drug for which Ms. Tonacchio claims her mother an AWP-based payment. *In re AWP*, 230 F.R.D. at 80 ("Plaintiffs must establish that there is an individual class representative with standing to sue each defendant.")

20. Aside from the issues regarding the standing of the proffered representatives and their adequacy and typicality, the settlement itself should be rejected as it is inadequate considering the likely result of litigation. *See e.g.* Exhs. "B" and "C", attached hereto. For a settlement to be fair, reasonable and adequate, the value of the consideration given by the plaintiffs should be equivalent to the value of the consideration given by the defendants – in this case, the present value of the releases given by the consumers should fairly match the amount of the total settlement fund created by Track 2 defendants. The present value of the releases depends upon an assessment of the potential damages and likelihood of success on the merits. *See Reynolds*, 288 F.3d at, 285. Here, the present value of the releases grossly exceeds the amount of the consumer allocated share of the Track 2 settlement fund.

21. The settlement proposed by Co-Lead Counsel excludes the powerful remedy of enjoining defendants from continuing their illegal practices, while the settlement nonetheless includes within its sweep a compromise of that remedy. This was the only remedy this court

found the PAL associations had standing to pursue.[7] Nevertheless, the settlement does nothing to prohibit defendants from continuing their practices, and it seeks to protect them from future claims for such practices, in violation of *Amchem*. The ability to obtain injunctive relief against the defendants, had this litigation progressed to trial, would have been based on states' consumer protection laws.[8]

22. Further, Co-Lead Counsel fail to demonstrate how the proposed consumer allocation of 17.5% is fair, reasonable or adequate in comparison with their prior settlement with GlaxoSmithKline, which achieved a 30% allocation for consumers, as well as other consumer drug cases that have achieved better results for consumers. A plan of allocation is subject to the same standard applicable to the settlement as a whole, *i.e.* the distribution plan must be fair, reasonable and adequate. *In re Ikon Office Solutions, Inc. Securities Litig.*, 194 F.R.D. 166, 183-84 (E.D. Pa. 2000) (quotation omitted). The adequacy of an allocation plan "turns on whether counsel has properly apprised itself of the merits of all claims, and whether the proposed apportionment is fair and reasonable in light of that information." *In re Paine Webber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 132 (S.D.N.Y. 1997), *aff'd*, 117 F.2d 721 (2d Cir. 1997).

23. The other objections raised in our brief concerning *inter alia,* the scope of the release, the addition of new drugs and the inclusion of Sanofi & Searle have not been addressed and are hereby preserved.

---

[7] As the United States Court of Appeals for the Second Circuit has held, "a determination that all of the settled claims arose from the same factual predicate does not necessarily end the inquiry. Claims arising from a shared set of facts will not be precluded where class plaintiffs have not adequately represented the interests of class members." *Wal-Mart Stores, Inc. v. Visa USA, Inc. and Mastercard International, Inc.*, 396 F.3d 96, 109 (2d Cir. 2005).
[8] Many states' consumer protection laws permit private plaintiffs to seek injunctive relief. *See, e.g.,* Bob Cohen, J.D., *Right to Private Action under State Consumer Protection Act - - Equitable Relief Available*, 115 A.L.R.5th 709 at §3 (2004).

WHEREFORE , for the foregoing reasons, Named Consumer Plaintiffs, hereby request that this Honorable Court deny class certification and reject final approval of the proposed settlement.

Dated: May 24, 2011

Respectfully submitted,

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
**HAVILAND HUGHES, LLC**
111 S. Independence Mall East, Suite 1000
Philadelphia, PA 19106
Telephone: (215) 609-4661

## CERTIFICATE OF SERVICE

I, Donald E. Haviland Jr., hereby certify that on May 24, 2011, I caused the foregoing Omnibus Objection of Named Consumer Plaintiffs in Opposition to Approval of the Proposed Track Two Nationwide Class Certification and Settlement to be served on all counsel of record via CM/ECF notification.

_____
Donald E. Haviland Jr.