# Exhibit C

```
                                                                    Page 1
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
 2
 3    IN RE:                             )
                                         )   CA No. 01-12257-PBS
 4    PHARMACEUTICAL INDUSTRY AVERAGE    )
      WHOLESALE PRICE LITIGATION         )   Pages 1 - 38
 5                                       )
 6
 7
 8
              MOTION HEARING (JOHNSON & JOHNSON)
 9
             BEFORE THE HONORABLE PATTI B. SARIS
10               UNITED STATES DISTRICT JUDGE
11
12
13
14
                            United States District Court
15                          1 Courthouse Way, Courtroom 19
                            Boston, Massachusetts
16                          July 12, 2010, 10:35 a.m.
17
18
19
20
21
22              LEE A. MARZILLI
             OFFICIAL COURT REPORTER
23          United States District Court
           1 Courthouse Way, Room 7200
24              Boston, MA  02210
                 (617)345-6787
25
```

Page 2

1  APPEARANCES:
2
   FOR THE PLAINTIFFS:
3
4      JENNIFER FOUNTAIN CONNOLLY, ESQ., Hagens Berman Sobol
   Shapiro, LLP, 1629 K Street, NW, Suite 300, Washington, D.C.,
   20006, for the Class Plaintiffs.
5
6      EDWARD NOTARGIACOMO, ESQ., Hagens Berman Sobol Shapiro,
   LLP, 55 Cambridge Parkway, Suite 301, Cambridge, Massachusetts,
   02142, for the Class Plaintiffs.
7
8      KENNETH A. WEXLER, ESQ., Wexler Wallace, LLP,
   55 West Monroe Street, Suite 3300, Chicago, Illinois, 60603,
   for the Class Plaintiffs.
9
10 FOR THE DEFENDANTS:
11     ANDREW D. SCHAU, ESQ., Covington & Burling, LLP,
   The New York Times Building, 620 Eighth Avenue, New York,
12 New York, 10018-1405, for Johnson & Johnson.

Page 3

1            PROCEEDINGS
2      THE CLERK:  In Re:  Pharmaceutical Industry Average
3  Wholesale Price Litigation, Civil Action 01-12257, will now be
4  heard before this Court.  Will counsel please identify
5  themselves for the record.
6      MS. CONNOLLY:  Good morning again, your Honor.
7  Jennifer Connolly from Hagens Berman Sobol Shapiro on behalf of
8  the class plaintiffs.
9      MR. WEXLER:  Ken Wexler, your Honor, from Wexler
10 Wallace for the class plaintiffs.
11     MR. NOTARGIACOMO:  Ed Notargiacomo, your Honor, for
12 the class plaintiffs.
13     MR. SCHAU:  Andrew Schau, your Honor, from Covington &
14 Burling for Johnson & Johnson.  And let me just add as a
15 footnote, that's the first time I've ever said that in open
16 court.  I changed law firms a couple of weeks ago.
17     THE COURT:  I forget, which firm were you with?
18     MR. SCHAU:  I was at Patterson Belknap, your Honor.
19     THE COURT:  Congratulations on your career switch.
20     So there's been some confusion in my office, and I
21 guess with me -- the buck stops here -- as to what exactly
22 we're doing with Johnson & Johnson because Johnson & Johnson
23 had requested that we defer this until the class rep issue had
24 been satisfied.  So maybe you give me a sense of the class rep,
25 what possible issues might come up, and whether it's worth

Page 4

1  having an argument on the underlying motions or whether I
2  should wait.
3      MS. CONNOLLY:  I believe both parties are prepared
4  today to argue the underlying motions and that we should go
5  ahead doing that because we provided a preliminary proffer from
6  counsel when we moved to add the new class rep, Ms. Austed; and
7  that set forth basically, you know, that she is a Medicare
8  Part B participant, that she had some supplemental insurance,
9  but it didn't cover all of her payments, she took Remicade.  We
10 have been in the process of gathering her documents.  We did
11 see your electronic order this morning giving us a deadline to
12 provide those, and we do intend to give them over to the
13 Johnson & Johnson defendants.  So my suggestion, your Honor,
14 would be that we have oral argument on these motions.
15     THE COURT:  ==A lot of times you've thought you had a==
16 ==great class rep, and it hasn't sort of played out.==  Have you
17 personally looked at these documents?
18     MS. CONNOLLY:  We have looked at the documents that
19 go -- I personally have not, but my co-counsel have looked at
20 the documents.  The issue has been going back as far as we need
21 to go in order to satisfy Johnson & Johnson that she has got
22 coverage throughout the class period, and that has been a
23 little more difficult.  We needed to subpoena United Healthcare
24 to get those records, so that has been the delay.
25     THE COURT:  I don't understand what you just said.

Page 5

1  What do you mean?  Why does she have to have coverage
2  throughout the class period?  Have I ruled that?  I don't
3  think --
4      MS. CONNOLLY:  Not through the entire class period.
5  We have documents from 2003, 2004, 2005.  We've always wanted
6  to have --
7      THE COURT:  Oh, so the issue is whether it predates
8  the key period of time?
9      MS. CONNOLLY:  Yes, yes.  We have information that
10 she's been taking the drug that long, but we don't have the
11 claims data yet because we're waiting for her insurer for that.
12     THE COURT:  So that she's in my what we've been
13 calling the period of time where it's the heartland period.
14     MS. CONNOLLY:  That's correct.
15     THE COURT:  Before the effective date of the passage
16 of the Medicare Modernization Act.
17     MS. CONNOLLY:  That's right.
18     THE COURT:  And so that's what you don't have yet?
19     MS. CONNOLLY:  That's right.
20     THE COURT:  And you have her say-so?
21     MS. CONNOLLY:  Yes.
22     THE COURT:  So what might be the problem then that
23 would hold this up?
24     MR. SCHAU:  Your Honor, I can't answer your question
25 about what information she has.  In my conversations with