

```
---------------------------------x
INTERNATIONAL UNION OF OPERATING      :   SUPERIOR COURT OF NEW JERSEY
ENGINEERS, LOCAL NO. 68 WELFARE FUND,     MONMOUTH COUNTY
                                      :
                          Plaintiff,      Docket No. MON-L-3136-06
                                      :
              v.                          Civil Action
                                      :
ASTRAZENECA PLC, et al.,                  [PROPOSED]
                                      :   CASE MANAGEMENT ORDER NO. 4
                          Defendants. :
---------------------------------x
```

THIS MATTER having been opened originally to the Court on 5|19 2011, by Counsel for Plaintiffs Plumbers' Local Union No. 690 Health Plan and United Association Local Union No. 322 Health and Welfare Fund ("Plaintiffs") and Counsel for Defendants[1] seeking the entry of a Case Management Order, and for good cause shown;

THIS COURT, on this 19 day of MAY 2011, ORDERS as follows:

1.  Schedule: The following schedule shall govern the proceedings in this case.

---

[1] "Defendants'" refers to the following Defendants: Boehringer Ingelheim Corp., Ben Venue Labs, Inc. (and Bedford Labs, a Division of Ben Venue Labs, Inc.), Roxane Labs, Inc. (n/k/a Boehringer Ingelheim Roxane, Inc.), Hoffmann-La Roche Inc., ALZA Corp., Novartis Pharmaceuticals Corp., Takeda Pharmaceutical Co. Ltd. (f/k/a Takeda Chemical Industries, Ltd.), TAP Pharmaceutical Products, Inc., Wyeth Pharmaceuticals and Alpha Therapeutic Corporation. By Order dated August 16, 2010, this matter has been stayed as against defendant Sanofi-Synthélabo Inc. Defendant G.D. Searle LLC claims that it should be exempt from this Case Management Order to the extent claims against it are subject to an injunction issued in the context of a preliminary settlement approval order in the United States District Court for the District of Massachusetts. Plaintiffs do not agree Searle is an "overlapping" defendant, as this issue was part of protracted proceedings in this Court and the court in Boston. The deadline for submissions on the proposed dismissal of Searle is not until May 24, 2011 after which time this issue will be addressed by the Boston court.

1654675_4.DOC

| EVENT | DATE |
|---|---|
| Discovery regarding Class Issues and Merits Issues to Begin | Already Commenced |
| Close of Class Certification Fact Discovery | September 30, 2011 |
| Deadline for Plaintiffs' Expert Disclosure and Reports Under Rule 4:17-4(e) on Class Certification | October 31, 2011 |
| Deadline for Plaintiffs to Produce Class Certification Experts for Depositions | November 30, 2011 |
| Deadline for Defendants' Expert Disclosures and Reports Under Rule 4:17-4(e) on Class Certification | December 30, 2011 |
| Deadline for Defendants to Produce Class Certification Experts for Depositions | January 31, 2012 |
| Deadline for Plaintiffs' Class Certification Motion, including any supporting affidavits or other evidence and supporting memorandum of law | February 29, 2012 |
| Deadline for Defendants' memorandum of law in opposition to Plaintiffs' Class Certification Motion, including any supporting affidavits or other evidence | April 13, 2012 |
| Deadline for Plaintiffs' Reply Memorandum of Law in Support of Their Class Certification Motion | May 4, 2012 |
| Hearing on Plaintiffs' Motion for Class Certification | To Be Set , 2012 |

2.  Pursuant to Rule 4:17-4(e), the Court orders that any expert whose name is not disclosed, and for whom an appropriate report is not produced, by the above-stated deadlines, shall not be permitted to testify on class issues at the hearing on Plaintiffs' Motion for Class Certification.

3.  <u>Case Management Conference</u>: After the Court has ruled on Plaintiffs' Motion for Class Certification, the Court shall schedule a Case Management Conference to consider with the parties adopting a schedule for the remainder of the litigation, including trial.

4. <u>Supersedes Prior Scheduling Orders</u>:  This Case Management Order supersedes the scheduling provisions of all prior Case Management Orders, paragraph 3(ii) of the Amended Case Management Order 3, filed November 12, 2007, and the Order of Reference and Appointment of Special Master, filed July 16, 2007.*

IT IS SO ORDERED.

Dated 5/19, 2011

The Honorable Joseph P. Quinn, J.S.C.

* The parties are to consult and will attempt to agree on a new Special Master. They will communicate with the Court on a new agreed upon Special Master or they may provide the Court with agreed upon names to be selected by the Court or will so indicate that the Court may select a Master on the Courts own list.

* The parties shall have a Case Management Conference on 9/22/11 at 1:30 P.M.