UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
|---|---|
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris |

## NOTICE OF DEPOSITIONS

PLEASE TAKE NOTICE, that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the following depositions will be taken upon oral examination at the time and place indicated below.  The depositions will be taken before a Notary Public or other officer authorized by law to administer oaths and recorded by stenographic means.  Said depositions shall continue from day to day until completed.

Pursuant to Rule 30(b)(2), *et. seq.* of the Federal Rules of Civil Procedure, you are required to bring with you to the deposition all documents in your possession, custody and control listed  in Schedule "A" attached hereto.

| Name | Date | Location |
|---|---|---|
| Muriel Tonacchio | Friday, June 10, 2011, 9:00 a.m. | Spector Roseman Kodroff & Willis PC<br>181 Market Street, Suite 2500<br>Philadelphia, PA 19103, or such other location as the parties may agree |
| Agnes Swayze | Friday, June 10, 2011, 11:00 a.m. | Spector Roseman Kodroff & Willis PC<br>181 Market Street, Suite 2500<br>Philadelphia, PA 19103, or such other location as the parties may agree |
| Thomas Trusky | Friday, June 10, 2011, 1:00 p.m. | Spector Roseman Kodroff & Willis PC<br>181 Market Street, Suite 2500<br>Philadelphia, PA 19103, or such other location as the parties may agree |

| Mariella Laday | Friday, June 10, 2011, 3:00 p.m. | Spector Roseman Kodroff & Willis PC<br>181 Market Street, Suite 2500<br>Philadelphia, PA 19103, or such other location as the parties may agree |
|---|---|---|

Date: June 6, 2011

Respectfully submitted,

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
Michael J. Lorusso, Esquire
**HAVILAND HUGHES, LLC**
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

SUBPOENA SCHEDULE "A"

DEFINITIONS, INSTRUCTIONS & REQUESTS

I.  DEFINITIONS

As used herein, the following terms and acronyms include the meanings set forth below:

1. The term "you" or "your" means you personally or any employee, agent, attorney or other person or entity acting on your behalf or at your request.

2. The term "entity" means an individual, corporation, partnership, proprietorship, professional corporation, association, group, agency or agent, or any other legal entity of any kind, whether for profit or not-for-profit.

3. The term "document" includes, without limitation, the originals of all writings of every kind, including, but not limited to, letters, e-mails, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents.  The term "document" further includes data processing and computer printout, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film, or cassette sound and/or visual recordings and reproductions or film impressions of any of the aforementioned items.  The term "document" also includes altered documents, copies of all documents which are not identical duplicates of the originals and copies of documents if the originals of documents are not in your possession, custody or control.  Altered documents include, without limitation, any modifications, censorship, redaction, addition to, or change which obscures, removes, amends, changes or obliterates any part of the original language, information or meaning.

4. The term "communication" means any act, action, oral speech, written

   correspondence, contact, expression of words, thoughts or ideas, or transmission or exchange of data or other information to another person or entity, whether orally, person to person, in a group, by telephone, letter, personal delivery, telex, facsimile or

    any other process, whether it be by electronic means or otherwise.  All such communications in writing should include, without limitation, printed, typed, handwritten, electronic or other readable documents.

5. The term "relating to" or related to"  includes describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on, whether legally, factually or otherwise.

6. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of this request.

7. Unless otherwise specifically stated herein, the period covered by each of these requests extends from January 1, 1996 to the date of your response to these requests.

    **II.**        **INSTRUCTIONS**

1. You are directed to produce all documents in your possession that are requested by part III below.

2. All such documents should be produced in the order in which you maintain them in the usual course of your affairs, or organized and labeled to correspond with the categories of this request.

3. You should produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be legible and bound or stapled in the same manner as the original.

4. Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these requests or if such documents are attached to documents called for by these requests and constitute routing slips, facsimile covers, transmittal memoranda or

letters, comments, evaluations or similar materials.  Documents attached at the time of receipt of this Subpoena and accompanying Schedule "A" or that are attached as they are kept in the usual course of your affairs should not be separated.

### III.   REQUESTS FOR DOCUMENTS

1. Produce all documents demonstrating that you made co-insurance payments (at least in part) under Medicare Part B based on AWP for the Subject Drugs in the Track 2 proposed settlement.

2. Have available to you all written communications involving this litigation between yourself and counsel for any party in this litigation, including, *inter alia,* Hagens Berman Sobol Shapiro, LLP; Spector, Roseman, Kodroff & Willis, P.C.; Wexler Wallace, LLP, Hoffman & Edelson.

## CERTIFICATE OF SERVICE

I, Donald E. Haviland, Jr., Esquire, hereby certify that on June 6, 2011, I served the foregoing Notice of Depositions on all counsel of record via CM/ECF notification.

/s/ Donald E. Haviland, Jr.