UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
IN RE PHARMACEUTICAL INDUSTRY    )
AVERAGE WHOLESALE PRICE          )    MDL NO. 1456
LITIGATION                       )    CIVIL ACTION NO.
_____)    01-CV-12257-PBS
                                 )
                                 )
THIS DOCUMENT RELATES TO:        )
                                 )
All CLASS ACTIONS RELATING       )
TO TRACK TWO DEFENDANTS          )
                                 )
_____)

**REPORT AND RECOMMENDATION RE:**
**HEALTH CARE FOR ALL'S MOTION TO WITHDRAW AS CLASS 1**
**REPRESENTATIVE FOR TRACK 2 SETTLEMENT**
**(DOCKET ENTRY # 7503)** [1]

**June 8, 2011**

**BOWLER, U.S.M.J.**

Health Care for All ("HCFA"), one of five associational

class representatives of class 1 preliminarily designated for

settlement purposes for track two, moves to withdraw as a class

representative.  (Docket Entry # 7503).  "Named Consumer

Plaintiffs," [2] represented by Donald E. Haviland, Jr., Esq.

_____

[1]  Issues with respect to class certification, including
amendment of a class certification order, are properly addressed
as a report and recommendation under 28 U.S.C. § 636(b)(1)(B).
See Nelson v. Nationwide Mortgage Corp., 659 F.Supp. 611, 619
(D.D.C. 1987) (magistrate judges "have no authority to rule on
class action certification motions, 28 U.S.C. § 636(b)(1)(A), but
such motions may be referred to a magistrate to . . . prepare
proposed findings of fact and recommendations for disposition");
see, e.g., Kiobel v. Millson, 592 F.3d 78, 80 (2nd Cir. 2010).

[2]  The named consumer plaintiffs are described in part
infra.  Counsel provides a more detailed description in an

("counsel"), object to the withdrawal.  (Docket Entry # 7528).
After conducting a hearing on May 23, 2011, this court took the
motion to withdraw (Docket Entry # 7503) under advisement.


BACKGROUND

Class 1 consists of "a nationwide class of natural persons
who made, or who incurred an enforceable obligation to make," any
portion of "a co-payment for numerous Medicare Part B covered
drugs based on the drug's AWP."[3]  In re Pharmaceutical Industry
Average Wholesale Price Litigation, 738 F.Supp.2d 227, 229
(D.Mass. 2010); (Docket Entry # 5426, ¶ II(2)(a)).  On July 2,
2008, the district judge gave preliminary approval of a
settlement reached in track two ("track two settlement"),[4] and
preliminarily certified three classes with class 1 being one of
those classes.  (Docket Entry # 5426, ¶ II(2)).  The Order
preliminarily found that the settlement classes met "all the
applicable requirements" of Rule 23(a), Fed. R. Civ. P. ("Rule
23(a)") (Docket Entry # 5426), a finding that necessarily
includes Rule 23(a)(4), i.e., that "the representative parties
will fairly and adequately protect the interests of the class."

initial filing that opposed the track two settlement.  (Docket
Entry # 5953).

[3]  AWP is an acronym for average wholesale price.

[4]  The district judge divided this action into a fast track
and a regular track.  Track two is the regular track.

Rule 23(a)(4), Fed. R. Civ. P.

The district judge preliminarily designated one individual and five associations as class 1 representatives for settlement purposes.  In addition to HCFA, the class 1 representatives for settlement purposes are "Muriel Tonacchio as representative of the Estate of Wilma Mort, Vermont Public Interest Group, Wisconsin Citizen Action, New York Statewide Senior Action Council [and] Citizen Action of New York."[5]  (Docket Entry # 5426, ¶ II(4)).  Counsel represents that the associational representatives are all members of an organization known as prescriptive action litigation or PAL.  The district judge preliminarily found "that these designated representatives are appropriate representatives for settlement purposes."  (Docket Entry # 5426, ¶ II(4)).

In March 2009, the named consumer plaintiffs filed an opposition to the proposed track two settlement.  (Docket Entry # 5971).  They objected to the proposed track two settlement for class 1 on a number of grounds including a lack of Article III standing of the class 1 associational representatives.  In light of the alleged lack of standing, the named consumer plaintiffs maintain that "the PAL associations should get nothing and should

---

[5]  On June 2, 2011, Class Counsel filed a motion to add three additional individuals as class 1 representatives for purposes of the track two settlement.  (Docket Entry # 7572). The motion remains pending.

not have been involved in any way in the negotiation of the settlement of the litigation or the allocation of the consumer settlement proceeds." (Docket Entry # 5971, p. 21). The approval of the track two settlement is before the district judge.

HCFA participated in a December 18, 2007 allocation meeting relative to the track two proposed settlement. (Docket Entry # 6007, ¶¶ 8-9). At the May 23, 2011 hearing, the named consumer plaintiffs requested an opportunity to engage in discovery of HCFA and they seek such discovery as a condition in the event this court allows HCFA to withdraw.

As to the identities of the named consumer plaintiffs, in March 2009, counsel stated that he represents inter alia Rev. David Aaronson, individually and on behalf of the Estate of Susan Aaronson; M. Joyce Howe, individually and on behalf of the Estate of Robert Howe; James Monk; Therese Shepley, individually and on behalf of the Estate of James Shepley; Larry Young, individually and on behalf of the Estate of Patricia Young; Virginia Newell, individually and on behalf of the Estate of William Newell; Oral Ray Roots; and Ethel Walters, individually and on behalf of the Estate of Hunter G. Walters. (Docket Entry # 5953). The revised fifth amended master consolidated class action complaint ("RFAMCC") (Docket Entry # 5902) identifies as "Proposed Class 1

Representatives"[6] the following individuals: plaintiffs Leroy Townsend; Susan Aaronson; Harold Carter; Roger Clark, representing the Estate of David E. Cark; Robert Howe; James Monk; James Shepley; Larry Young, representing the Estate of Patricia Young; Virginia Newell, representing the Estate of William Newell; Oral Ray Roots; Hunter G. Walters; and Muriel Tonacchio, representing the Estate of Wilma Mort. Prior to the February 2009 filing of the RFAMCC, Howe, Young, Carter, Clark and Harold Bean ("Bean")[7] filed declarations stating their desire to withdraw as class representatives in the event counsel and his law firm could not serve as class counsel.[8] (Docket Entry ## 4647, 4648, 4650, 4652 & 4653). In March 2010, Young and Shepley filed voluntary dismissal notices resulting in their termination as class representatives. In June 2010, the district judge allowed a motion to add plaintiff John A. Macoretta as a class representative. (Docket Entry # 7128).

On March 23, 2001, the district judge advised the parties that, "beginning approximately February 1, 2011, my daughter began working as a community organizer for Health Care for All."

---

[6] The RFAMCC does not otherwise identify plaintiffs for class 1.

[7] The court allowed Bean to join as a class representative in June 2006, prior to the filing of the RFAMCC.

[8] In June 2010, the court stated that, "Mr. Haviland may not serve as class counsel in any federal litigation involving challenges to AWP."

(Docket Entry # 7472).  The district judge also stated that, "If there are any remaining issues involving Health Care for All, I will recuse myself from deciding that issue." (Docket Entry # 7472).  On April 13, 2011, counsel filed a notice pointing out HCFA's status as one of the five associations designated preliminarily as class 1 representatives for track two settlement purposes.  (Docket Entry # 7501).  One day later, HCFA filed the motion to withdraw as class 1 representative for track two settlement purposes.  (Docket Entry # 7503).  HCFA filed the motion to avoid any conflict in light of the March 23, 2011 Order.  (Docket Entry # 7569, ¶ C).

## DISCUSSION

The July 8, 2008 certification order made a preliminary designation of HCFA as a class representative for class 1 for track two settlement purposes.  (Docket Entry # 5426).  The motion to withdraw therefore seeks to modify or alter that order by eliminating HCFA as a designated class 1 representative for track two settlement purposes.  Rule 23(c)(1)(C) recognizes that an order allowing "class certification may be altered or amended before final judgment." Rule 23(c)(1)(C), Fed. R. Civ. P.; see also U.S. Parole Commission v. Geraghty, 445 U.S. 388, 416 n.18 (1980) ("court can re-examine [a named plaintiff's] ability to represent the interests of class members" and if "found wanting,

the court may seek a substitute representative or even decertify
the class").

As the party proposing an amendment to the class
certification order, HCFA should provide "some newly discovered
facts or law in support of [the] desired action." In re Harcourt
Brace Jovanovich, Inc. Securities Litigation, 838 F.Supp. 109,
115 (S.D.N.Y. 1993) ("party proposing amendment of the class
action order 'should, at a minimum, show some newly discovered
facts or law in support of their desired action'").  The new
facts include the conflict posed by HCFA's continued
participation as a class representative in light of the
employment of the district judge's daughter.  Indeed, one day
before HCFA's filing, counsel filed the notice identifying the
conflict posed by HCFA as a certified class representative for
the track two settlement for class 1.  (Docket Entry # 7501).
Therein, counsel states that, "because HCFA is a certified class
representative for the Track II settlement class of Class 1
consumers, the pending motion for final approval of the Track II
settlement and certification of the Track II settlement involve
issues that require the Court to refer this case to another
jurist."  (Docket Entry # 7501).

As a class representative, HCFA is charged with fairly and
adequately representing the interests of the class.  Rule
23(a)(4), Fed. R. Civ. P.; Key v. Gilette Co., 782 F.2d 5, 7 (1st

7

Cir. 1986); see In re Cincinnati Policing, 214 F.R.D. 221, 222
(S.D.Ohio 2003) (noting, in context of motion to withdraw as
class representative, that class representative is "charged with
protecting and vindicating the legal rights of the absent members
of the plaintiff class").  At the May 23, 2011 hearing, HFCA
maintained it "would be a grave injustice" for the district judge
not to hear the final approval of the track two settlement.
(Docket Entry # 7560).  The district judge presided over the
preliminary approval and held a hearing in April 2009 on the
motion to grant final approval of the proposed track two
settlement.  Another jurist will need a certain amount of time to
gain familiarity with the settlement record and the issues posed
by the track two settlement as well as to set and conduct
hearings.  The district judge's familiarity with the record and
participation in the settlement process for track two to date
therefore lends itself to a more efficient resolution of the
motion to grant final approval of the track two settlement.
Moreover, any delay posed by HCFA's continued representation does
not serve the interests of the absent members of class 1 many of
whom are not in good health and seek reimbursement of co-pays.
Put another way, HCFA's continued participation as a class
representative poses a risk of prejudice to absent class members
given the likelihood of a further delay in a final resolution for
this aging class.  Moreover, there is no showing that the

withdrawal of HCFA will affect the ability of the remaining
associational class 1 representatives to fairly and adequately
represent the interests of the absent class members.[9]

As to discovery, courts "permit[] discovery from plaintiffs
who have withdrawn as either class representatives or as named
plaintiffs."  1 Joseph M. McLaughlin McLaughlin on Class Actions
§ 3.7 (6th ed. 2010).  A court may also allow an objector to a
proposed settlement to engage in discovery.  See 4 Alba Conte and
Herbert Newberg Newberg on Class Actions § 11:57 (4th ed. 2002)
("Newberg") ("court, in its discretion, may limit" objector's
discovery "to that which may assist it in determining" fairness
and adequacy of settlement" and typically examines certain
criteria in deciding whether to allow an objector discovery).[10]
The discovery sought from HCFA consists of a subpoena for
documents as opposed to a deposition.  (Docket Entry # 5956).
The district judge addressed the requested discovery at the April
29, 2009 settlement hearing.  (Docket Entry # 7557, Ex. B).
Allowing HCFA to withdraw does not alter counsel's or the named

---

[9]  The standing of these associations exists or does not
exist irrespective of the participation of HCFA as a class
representative.

[10]  Citing two California district court cases, Class Counsel
submits that "federal courts around the country have rejected the
proposition that an objector is entitled to discovery in order to
'test' the adequacy of a class representative."  (Docket Entry #
7557).  The statement is overly broad.  In fact, the 2010
supplement to the above cited section 11:57 of Newberg contains
these two cases only as an adjunct to a footnote in the section.

consumer plaintiffs' ability to request or renew a request for
fact discovery.[11]  Any such motion for fact discovery, however,
should specify the nature of the discovery requested, i.e.,
interrogatories, document requests and/or depositions, a
specificity that is currently lacking from the opposition to the
motion to withdraw.

The named consumer plaintiffs also object to the proposed
track two settlement in part due to the alleged lack of standing
on the part of the five associational class 1 representatives.
(Docket Entry # 5971).  The issue of the standing of the
remaining four associational class representatives, however, is
presently and properly before the district judge as part of the
named consumer plaintiffs' objections to the settlement.  (Docket
Entry # 5971, ¶ II(A)(2)).  Moreover, allowing HCFA's withdrawal
will reduce the number of associational class 1 representatives
that purportedly lack standing to four.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, this court
**RECOMMENDS**[12] that the motion to withdraw (Docket Entry #7503) be

---

[11]  Any such discovery with respect to HCFA can, of course,
be referred to this court to avoid any conflict.

[12] Any objections to this Report and Recommendation must be
filed with the Clerk of Court within 14 days of receipt of the
Report and Recommendation to which objection is made and the
basis for such objection.  <u>See</u> Rule 72(b), Fed. R. Civ. P.  Any

**ALLOWED.**

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

party may respond to another party's objections within 14 days
after service of the objections.  Failure to file objections
within the specified time waives the right to appeal the order.