**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
CITIZENS FOR CONSUME, et al    . CIVIL ACTION NO. 01-12257-PBS
      Plaintiffs               .
            V.                 . BOSTON, MASSACHUSETTS
                               . JUNE 9, 2011
ABBOTT LABORATORIES, et al     .
      Defendants               .
. . . . . . . . . . . . . . . .
```

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

          Donald E. Haviland, Esq.
          Haviland Hughes LLC
          111 S. Independence Mall East
          The Bourse, Suite 1000
          Philadelphia, PA 19106
          215-609-4661
          haviland@havilandhughes.com

          Tina M. Tabacchi, Esq.
          Jones Day
          Suite 3500
          77 West Wacker Drive
          Chicago, IL 60601-1692
          312-782-3939
          tmtabacchi@jonesday.com

          Steven F. Barley, Esq.
          Hogan Lovells US LLP
          100 International Drive
          Suite 2000
          Baltimore, MD 21202
          410-659-2724
          steve.barley@hoganlovells.com

          James P. Muehlberger, Esq.
          Shook, Hardy & Bacon LLP
          2555 Grand Boulevard
          Kansas City, MO 64108
          816-474-6550
          jmuehlberger@shb.com

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**Wrentham, MA  02093**
**(508) 384-2003**

Clifford Katz, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
212-808-7800
ckatz@kelleydrye.com

Connie Pentz, Esq.
One Highland Road
East Stroudsburg, PA 18301

Shamir Patel, Esq.
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006-5403
202-420-2200
PatelS@dicksteinshapiro.com

Michael P. Doss, Esq.
Sidley Austin LLP
10 South Dearborn Street
Chicago, IL 60603
312-853-7502
mdoss@sidley.com

Court Reporter:

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**Wrentham, MA  02093**
**(508) 384-2003**

2

1                    <u>P R O C E E D I N G S</u>

2           THE COURT:  Anyone else?

3           MR. HAVILAND:  Judge, this is Don Haviland, Haviland

4    Hughes, on behalf of certain named consumer plaintiffs.

5           THE COURT:  Other participants?

6           MS. TABACCHI:  Good afternoon, Your Honor, Tina

7    Tabacchi on behalf of Track II defendant Abbott Laboratories.

8           THE COURT:  Thank you.

9           MR. BARLEY:  Your Honor, Steven Barley on behalf of

10   Track II defendant, Amgen Inc.

11          THE COURT:  Thank you.

12          MR. MUEHLBERGER:  James Muehlberger on behalf of

13   Track II defendant, Aventis Pharmaceuticals.

14          THE COURT:  Thank you.

15          MR. KATZ:  Cliff Katz on behalf of Track II

16   defendant, Dey.

17          THE COURT:  Thank you.

18          MR. PENTZ:  John Pentz on behalf of objectors Connick

19   and Pentz.

20          THE COURT:  Thank you.

21          MR. PATEL:  Shamir Patel on behalf of Baxter

22   Healthcare.

23          THE COURT:  Thank you.

24          MR. HURST:  Andrew Hurst on behalf of Fujisawa.

25          THE COURT:  Thank you.

3

1    MR. DOSS:  And, Your Honor, Mike Doss on behalf of

2    Track II defendant Bayer.

3    THE COURT:  All right, does that conclude the rest?

4    I think it does.  Well counsel I appreciate your quick response

5    to the clerk's notice of this emergency hearing.  We are here

6    to be heard on Docket Entry 7590 which was filed on the sixth

7    of June.  Obviously the time for the objection has not run but

8    because of the relevancy of the dates it was urgent that we

9    resolve this matter as quickly as possible prior to tomorrow

10   and Monday's hearing.  So I will hear class counsel.

11   MS. TABACCHI:  Thank you, Your Honor, and we do want

12   to thank you for holding this hearing on such short notice.  We

13   filed this motion because on the close of business on June 6th

14   Mr. Haviland served 10 notices to appear the June 13th Track II

15   final approval hearing.  He served them on the four

16   associational Class 1 plaintiffs, on Health Care For All where

17   Your Honor has granted its motion to withdraw, on consumer

18   allocation counsel and also on the four consumer Class 1

19   representatives.  All of those notices saying that the

20   recipients may be subject to sanctions authorized by the

21   Federal Rules of Civil Procedure if the fail to appear.  Mr.

22   Haviland likewise told the consumer representatives that their

23   testimony could be stricken and that their application for the

24   appointment as class representatives could be denied if they

25   fail to appear.  They were likewise instructed to bring with

4

1   them a variety of documents and the nature of the documents

2   depended upon the type of entity or person whose attendance was

3   sought.

4           In addition to the notices to attend, Mr. Haviland

5   likewise served a notice of deposition on the four Class 1

6   consumer representatives and asked them to appear in

7   Philadelphia on Friday June 10th.  That notice of deposition

8   also sought documents from those recipients including documents

9   related to their payments for Track II drugs and their

10  communications with class counsel in this case.

11          Mr. Haviland did not seek leave for any of this

12  discovery.  As Your Honor's recent June 8th order made clear

13  with regard to the depositions of the consumer plaintiff Mr.

14  Haviland needed to make a motion specifying the nature of the

15  discovery he was going to seek.  And your order, Your Honor, is

16  consistent with what Section 21.643 of the manual for complex

17  litigation says which says that discovery by objectors, which

18  Mr. Haviland is here, should be minimal and conditioned upon a

19  showing of need.  Mr. Haviland hasn't and cannot make such a

20  showing.  So for this reason the manual also instructs that a

21  court should monitor post settlement discovery by objectors and

22  limit it to providing objectors with information that is

23  central to evaluating the fairness of the proposed settlement.

24          Now because Mr. Haviland didn't file a motion for

25  this discovery it's difficult to determine why he claims to

5

1   need it.  But we can surmise by his document request that he

2   appears to want to talk about several things.  First, the drugs

3   that the representatives took there's no need for discovery

4   about this.  In filing our motion to add these class

5   representatives, Your Honor, which is docket No. 7572, we

6   submitted declarations from these individuals which attached

7   data from CMS, the agency that administers the Medicare and

8   Medicaid programs, substantiating that they had taken Track II

9   drugs.  So there's no need to second guess those records and

10  Judge Saris has never required such second guessing for class

11  representatives particularly in the settlement context.

12         The second thing he seems to inquire about is the

13  relationship between class counsel.  To the extent these

14  communications aren't protected by the attorney-client

15  privilege, which obviously most of them would be, there's

16  simply no evidence of collusion between these class

17  representatives and class counsel or any other evidence that

18  would suggest that Mr. Haviland would be permitted to probe

19  into those communications.

20         Finally, he seems to seek discovery related to their

21  involvement in the case.  Although it's very unclear what this

22  means for two of these class representatives they were recently

23  added and that's been deemed just fine by Judge Saris because

24  she recognizes that these class representatives representing

25  sick and dying class where it is extremely difficult to get

1   class representatives and so she has allowed us to add them on

2   late notice.  So there's no need to seek discovery on these

3   topics.  Indeed Judge Saris has previously rejected similar

4   attempts by Mr. Haviland to do this.  Most specifically and

5   most importantly with regard to the BMS hearing Mr. Haviland

6   served notices to attend on Agnes Swayze, a consumer class

7   representative for the BMS settlement as well as a consumer

8   class representative for this settlement as well as another, a

9   number of other individuals and entities and Judge Saris issued

10  a procedural order which is Docket No. 7472 stating that the

11  people who had received the notice weren't required to attend

12  the hearing and that she would not hold an evidentiary hearing

13  and final approval.  Clearly there's no reason to believe that

14  she thinks otherwise here.  And the notices that Mr. Haviland

15  served here are identical to the ones that Judge Saris

16  previously refused to enforce with regard to the BMS hearing.

17  The only difference was that the first time around Mr. Haviland

18  personally served these individuals whom he knew to be

19  represented by class counsel and this time he served the

20  notices across ECF.  Furthermore, Judge Saris has never

21  permitted Mr. Haviland to have discovery of class

22  representatives in support of his objection for this or any

23  other settlement.  With regard to this settlement two years ago

24  she denied him discovery of Muriel Tonacchio because Judge

25  Saris determined that his fundamental objection to her adequacy

1  was that she had only taken a drug from a single defendant and

2  Judge Saris believed that to be a legal argument about her

3  standing where discovery was not appropriate.

4          So, Your Honor, we respectfully submit that Mr.

5  Haviland's service of these notices is not only inappropriate

6  but it's sanctionable.  As you yourself have pointed out

7  although class counsel believes there is no basis for discovery

8  at all at a minimum as an officer of this court Mr. Haviland

9  needed to have enough respect to file a motion for leave

10  requesting it.  And to do so sometimes more than a week before

11  the Track II fairness hearing was scheduled to occur.  So he's

12  again, placed the Court in the position of having to deal with

13  this on an emergency basis when Mr. Haviland's objection to the

14  Track II settlement has been pending for over two years.

15          Mr. Haviland didn't comply with these rules that all

16  of us in this court have to comply with.  He filed the same

17  notices to attend that Judge Saris had already struck and he

18  gave even less notice than he did for the BMS hearing.  And

19  once again he sought discovery from consumer class

20  representatives where Judge Saris has already denied that

21  discovery.  We respectfully ask Your Honor to grant our

22  emergency motions to quash both the notices to attend as well

23  as the notice of deposition and to sanction Mr. Haviland

24  accordingly.

25          THE COURT:  All right, Mr. Haviland, why shouldn't I

8

1  grant this motion?

2          MR. HAVILAND:  Well, Judge, I was in the meeting with

3  an attorney general here in Pennsylvania this morning.  I had

4  planned on a daylong meeting and got an emergent phone call

5  that I had to suspend that to come here so I apologize to the

6  Court, my arguments probably going to be longer than I want it

7  to be because it's very difficult to be short winded when you

8  don't have time to prepare.  So I have to--

9          THE COURT:  Well you filed the motion, you should be

10 prepared.

11          MR. HAVILAND:  I understand, Judge.  I got that

12 motion just a couple of days ago, and I'm going to do my best.

13          THE COURT:  Well, you've had time to think about it.

14 You knew the short schedule and I was, the reason this hearing

15 is so late is because I was giving you time to file something.

16          MR. HAVILAND:  Well, Your Honor, let me address that.

17 Let me point out that when we left your courtroom we left with

18 only one piece of information that's relevant to today and that

19 is that class counsel intended to add some new people.  Ms.

20 Connolly didn't tell you who the people were, didn't tell us or

21 anything about them.  It wasn't until we received a filing on

22 June 1st seeking to add these individuals as purported

23 representatives for an already settled class.  We within three

24 business days issued both notices for discovery and notices to

25 attend.  I apologize I suppose if 72 hours wasn't quick enough

1   but that was the time it took to turn that issue around.   Now

2   Your Honor's order came down after we had done that.   So in

3   terms of seeking leave we didn't have the direction from Your

4   Honor at that point in time that a motion needed to be filed

5   before we could take discovery.   And if I had had that I

6   suppose we would have filed a motion with these notices

7   attached but we know have a motion teed up Your Honor by the

8   class counsel which I'm responding to verbally, and I did read

9   Your Honor's order to ask for some idea of what it is we're

10  seeking so that's what I would like to get to.

11          Class counsel pointed out these notices were served

12  on them, not the clients.   We need to keep in context here that

13  this is a very large settlement in a very large case.   It's a

14  $125 million settlement which will effectively end the

15  litigation for the entire case Track II which consists of a

16  couple of dozen companies many of which are represented on this

17  call.   And so we have to take time and think about this issue

18  very carefully cause the Supreme Court in Amgen told us to do

19  so.

20          The issue we have before us and class counsel want to

21  surmise why we're asking questions, well it's very simple.

22  There's a burden on the part of the movant, class counsel, to

23  demonstrate that the prerequisites for class certification have

24  been satisfied.   Now this Track II case is different from any

25  of the other cases that have been cited, BMS included, where

10

1   the Court certified a litigation class after many, many years

2   much discovery – the class representatives in those cases, Your

3   Honor, submitted to very difficult discovery by the defense.

4   They were deposed once, in the case of some of my clients

5   twice.  They were subjected to the type of scrutiny that you'd

6   expect in such a high profile case where the stakes are so

7   great.

8           Class counsel wants the Court to just waive a wand

9   and not look behind the proffer.  And in a moment I want to go

10  through briefly with you the proffer that's before the Court

11  Monday.  There are affidavits of the individuals who've been

12  proffered but each of them have attached a settlement document,

13  a document that came from CMS which simply lists out the drugs

14  that that Medicare beneficiary received during the course of

15  their treatment with various drugs.  It doesn't answer the

16  critical question which has been the critical question since

17  this case was filed and that is, do these individuals have

18  standing, do they have Article III standing to sue?  Lacking

19  that they don't have standing to settle and this class can't be

20  certified because the class doesn't have the representation

21  that it needs to withstand any attack and to know that the

22  interest of the class were properly represented.

23          Now I'd like to point out, I notice that Mr. Pentz is

24  on the call and he's an objector.  His clients have objected

25  and I know that class counsel have questioned the standing of

1   certain objectors.  So – and they've asked for discovery and

2   asked questions of those objectors to verify whether they have

3   standing in the defined class to even ask questions of class

4   counsel and the class representatives who at the time there

5   were none, they were the associations.  Mr. Pentz didn't have

6   knowledge of these plaintiffs as I did not.  So class counsel

7   wants to ask questions of objectors but not have their clients

8   submitted to the same scrutiny.  Now my clients went through

9   that scrutiny, demonstrated that they're in the class and

10  that's why class counsel haven't challenged their standing to

11  ask questions and to appear before the Court to ensure that

12  there's proper adequacy.

13          The Court's order of August 5 or August 2005, it's at

14  230 F.R.D. 61, and I'd like to read into the record cause we

15  only have the benefit of the telephone conference but it begins

16  at I believe page 80.  And the Court was writing on Track I but

17  was speaking also to Track II because in this case everyone has

18  been guided by the Court's juris prudence from the beginning

19  especially in terms of class certification.  Judge Saris wrote

20  that Track I defendants have supplemented their submissions by

21  showing that in *Swanston v. Tab Pharmaceutical Products*, a

22  parallel proposed class action this Court remanded to the

23  Arizona state court, the named class representative made no

24  payments based on AWP and was therefore not a member of the

25  class he sought to represent.  Defendants point out or point to

12

1  this as proof that extensive individual inquiry is necessary to

2  determine class membership.  Arguably class representatives who

3  are fully reimbursed suffered no injury.

4         To address this issue when plaintiffs amend the

5  complaint to propose individual class representatives they

6  shall allege facts demonstrating typicality and adequacy of the

7  class representatives and disclose the documents demonstrating

8  that the proposed class representatives made coinsurance

9  payments, at least in part, under Medicare Part B based on AWP.

10  Because plaintiffs state that they have individuals waiting in

11  the wings the Court will continue to address the other

12  certification requirements.  That's the standard that the Court

13  imposed in this case and I think it's a proper one.  I didn't

14  read for the Court the references to the cases cited.

15         The *Swanson* reference is actually a case that I was

16  involved in in state court.  Defendants challenged Mr.

17  Swanson's standing and were able to get summary judgment

18  against that plaintiff for failure to demonstrate that he paid

19  based on AWP.  In this case the defendants have done the same

20  thing.  Johnson & Johnson challenged the standing of a proposed

21  representative of the class, the subclass against that company

22  at document 7259 of the docket.  And Judge Saris agreed and

23  found that although the Court, and I'm reading from the order

24  at Docket 7483 relating to the plaintiffs' proposal of Mrs.

25  Jimmie, J-I-M-M-I-E, Oustad O-U-S-T-A-D, as a new

13

1   representative.  The Court wrote and I quote, "The Court made a

2   provisional finding that she was an adequate class

3   representative for Class 1 of the Johnson & Johnson subclass.

4   After reviewing Mrs. Oustad's medical records defendants filed

5   a motion challenging her adequacy as a class representative

6   because she cannot demonstrate that she paid for remicade or

7   procrit during the class period."  Skipping down, they concede

8   that they quote, this is class counsel being quoted, "have been

9   unable to locate written records demonstrating that Mrs. Oustad

10  took remicade prior to May of 2004.  Accordingly the Court

11  finds that plaintiffs have not demonstrated that Ms. Oustad is

12  an adequate class representative under Federal Rule of Civil

13  Procedure 23(a)."

14          The question before the Court that's not been

15  answered by the motion is why a former client, in the case of

16  my client of class counsel can't ask the same question that

17  defense counsel has asked repeatedly in this case.  In

18  preparing for a response to this motion we pulled some of the

19  opposition by the defendants to the litigation class

20  certification in this case and I read most interestingly

21  Bayer's opposition and Mr. Doss, their counsel's on the phone

22  challenging that there's been no adequate demonstration that

23  any plaintiff either bought or paid for a Bayer drug.  For

24  class counsel to sustain their burden of class certification

25  under Track II they will have to demonstrate that an individual

14

1   within Class 1 bought a Track II drug for each of the subclass

2   defendants and that they paid based on AWP.  And each of those

3   elements is important.  It has to be a drug by each of the

4   Track II defendants.  It has to be a payment based on AWP and

5   there has to be evidence of payment.

6        Now class counsels' motion to add individual

7   plaintiffs is not before this Court.  It's not before you Judge

8   Bowler.  My understanding is that is before Judge Saris.  We're

9   preparing a response to that.  Attached to that motion is

10  affidavits of the various individuals and without burdening

11  this Court we have questions about some of the representations.

12  As I represented previously each one attaches the claim form

13  that they got from the noticed claims administrator in this

14  case.  That doesn't demonstrate any of the requisites that are

15  required for this proof of standing.  It simply shows that the

16  individuals were Medicare beneficiaries who got drugs listed on

17  the Track II form.  It doesn't demonstrate that they pay based

18  on AWP any amount of money.  So if you look at the affidavit of

19  Ms. LeDay (ph) at Docket 7572 Ms. Leday attaches nothing

20  evidencing her representation to the Court that she was

21  administered Track II drugs and for each of the foregoing

22  administrations I made a percentage copayment that was nor

23  reimbursed by any insurer.  There's been no proffer in that

24  regard whatsoever.

25       For the other plaintiffs they have attached medical

1   records.  I'm looking at the affidavit of Ms. Swayze at 7572-1.

2   A heavily redacted hospital record demonstrate some drugs by

3   Jayco but is also shows that the charge was fully paid for

4   either by Medicare or by a write off of the institution.  There

5   hasn't been a demonstration that any of those drugs were paid

6   for by the patient.  In fact the document, which is document

7   four of 13 of that attachment shows the balance owing as zero

8   and under patient amount it says zero.

9          The other affidavits are similar.  I won't burden the

10  Court.  There's an issue about when these folks paid.  In the

11  case of Ms. Truskey (ph), who's represented by her husband, the

12  payments that I believe class counsel will rely upon on Monday

13  were made in 2004 after the class period, the punitive

14  heartland period in this case was established by the Court, and

15  there's been no effort demonstrate any payment for the earlier

16  period where there's one reference in the records, and I

17  apologize Your Honor, that's affidavit at 7572-2.  The record

18  appears as Exhibit 2.  And if you look at page 13 of 16 of the

19  affidavit there is a reference to the administration of

20  doxorubicin which I believe class counsel contend is one of the

21  Track II defendants' drugs.  But when it says you may be billed

22  $571.73 someone wrote in handwriting, we can only presume that

23  it was Mr. Truskey or his now deceased wife, paid by Empire,

24  which again I can only assume is the supplemental carrier

25  that's referenced in the affidavit.

16

1        Getting to the point of the motion for a protective

2   order – if we're not permitted discovery and we sent these

3   notices out earlier in the week asking that we get, maybe even

4   Mr. Truskey, who's a Pennsylvania resident, to appear at his

5   counsel's office I read in the paper there was an objection to

6   that, then we'll have to try to examine them at the fairness

7   hearing.  I think Your Honor knows that the Track II case has

8   been going on for quite a while.  There have been multiple

9   proceedings beginning from the time the case was first settled

10  many years ago.  There was a reference to the hearing

11  transcript of April 27, 2009 and I believe this was also

12  referenced in the hearing where I was before you previously on

13  the HCFA motion to withdraw.

14        Judge Saris at page 75 when Mr. Berman represented

15  that there shouldn't be any deposition – I'll read into the

16  record the colloquy.  Judge Saris asks, "So you didn't want to

17  make her available for deposition?"  Mr. Berman wrote, "I did

18  not, I mean and the reason is simply that we have put forth a

19  good faith basis sworn statements, a letter which is Exhibit A

20  to my declaration from the clinic saying that she paid for a

21  Part B Medicare drug so she's made a showing.  Now Mr. Haviland

22  asks for lots of discovery.  He's asked for a deposition.  The

23  Court said he's asked for a deposition of Pal and Every (ph)

24  and the Court says, no, no, no, no, we're not doing that.  But

25  the deposition of the class rep is a pretty standard thing."

17

1       The issue is if there's not going to be a deposition

2  of the class rep which is a pretty standard thing and has been

3  standard throughout the course of this litigation then when

4  will we get the inquiry?  If it has to take place at any time

5  it would have to take place at the fairness hearing.  Otherwise

6  the court is being asked to take an affidavit at face value,

7  affidavits which don't even answer material questions that need

8  to be answered by the court to find adequacy.

9       I want to direct the Court to a case that underscores

10  the importance of the inquiry at this stage of the proceedings.

11  It's a case by Judge O'Toole, a Westlaw decision, 1998 Westlaw

12  148832 called *Barboza*, B-A-R-B-O-Z-A, *v. Ford Consumer Finance*

13  *Company Inc*.  And I commend that to the Court to review.  The

14  Court, this Court underscored the fact that Amgen changed the

15  rules in terms of how plaintiffs and defendants viewed class

16  action settlements as opposed to litigation.  And I want to

17  read the last part of the opinion which is operative to today's

18  purposes.  Before Amgen when the provisional certification of

19  this class was given it was possible to think that settlement

20  classes could be analyzed differently from litigation classes.

21  Amgen has dispatched that thought.  The only difference in the

22  evaluation of a proposed class is that in the settlement

23  context the Court need not consider the litigation

24  manageability of the class but that does not mean that

25  settlement classes are as a general matter more readily

1 certifiable than litigation classes.  Indeed the opposite may

2 be true and it cites Amgen.

3          In that case the Court denied the settlement class

4 certification despite the fact that the case had litigated for

5 a while and had come to an agreeable settlement between class

6 counsel and defendants which brings me to the point that that's

7 why heightened scrutiny is called for.  It's the last time the

8 Court will have an opportunity to decide whether or not

9 interests are adequately protected and this is truly a fair,

10 reasonable and inadequate outcome.  The defendants have joined

11 with plaintiffs' class counsel.  They're supporting the

12 application.  They're now standing on the other side.  The

13 traction can only come from objectors.  It can only come from

14 the former class representatives, my clients, who have asked

15 these reasonable questions that class counsel remit their

16 obligations to make an adequate proffer.

17          I ask the Court to allow us some inquiry.  There was

18 a question raised by counsel about what inquiry that's going to

19 be.  I think it's pretty clear in the notices we simply want

20 billing and payment records, information demonstrating that

21 these individuals bought and paid for Track II drugs for Track

22 II defendants.  Counsel surmised that there was some other

23 motivation to it and relied upon, as they do frequently, the

24 sick and dying class.  Well, those folks are the folks I

25 represent, Your Honor.  They're the ones that were the class

19

1   representatives that were first appointed by the associations

2   and it's the associations who decided to settle this case, not

3   any consumer plaintiff.  It's the association--

4          THE COURT:  All right.  I know the gist of your

5   argument.  I'm going to take a minute to confer here.  I have

6   criminal matters waiting and I will give you a prompt ruling.

7   Just hold on.

8          PAUSE

9          THE COURT:  All right, my ruling is as follows.  The

10  motion to quash is granted.  It is denied as to that part that

11  seeks sanctions.  I am going to leave the inquiry to Judge

12  Saris at the hearing.  However I will order to the extent that

13  billing and payment records exist for these individuals to have

14  them produced, I would say at least two hours before the

15  hearing noting that this is Thursday and the hearing is Monday.

16         MS. TABACCHI:  Your Honor, could I seek some

17  clarification with regard to that?  Is it that you would like

18  us to serve Mr. Haviland with those or would you like us to

19  make some proffer through a filing with the Court with these

20  records?

21         THE COURT:  I think they should be served on Mr.

22  Haviland.

23         MS. TABACCHI:  Okay.  Thank you.

24         MR. HAVILAND:  Your Honor, since I will be travelling

25  for the fairness hearing can I ask to--

20

1          THE COURT:  Well you work this out.  I mean I don't

2   need to deal with the logistics.

3          MR. HAVILAND:  Thank you, Your Honor.

4          THE COURT:  All right.  My ruling stands.  We stand

5   in recess and again thank you for accommodating the emergency

6   circumstances.  All right.

7   //

8   //

9   //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

21

CERTIFICATION

1

2      I, Maryann V. Young, court approved transcriber, certify

3  that the foregoing is a correct transcript from the official

4  digital sound recording of the proceedings in the

5  above-entitled matter.

6

7  /s/ Maryann V. Young                June 13, 2011

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25