

ATTORNEYS AT LAW
HAGENS BERMAN SOBOL SHAPIRO LLP
1629 K STREET NW, SUITE 300
WASHINGTON, D.C. 20006
www.hbsslaw.com

*Via ECF (letter only)*
*Via Hand Delivery (attachments)*

June 13, 2011

Mr. Donald Haviland
Haviland Hughes, L.L.C.
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, Pennsylvania 19106

> Re: *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, Case No. 01-12257, MDL No. 1456 (D. Mass)

Dear Don:

Magistrate Judge Bowler's June 9, 2011 order required that "to the extent possible, due to the late hour, the billing and payment records sought by Mr. Haviland be produced, in a format and manner to be agreed to by counsel, two hours prior to the commencement of the Fairness Hearing." While we disagree with Magistrate Bowler, pursuant to that order, we are enclosing the following documents, which are being filed under seal. Please note that all of these documents are marked Highly Confidential and may not be filed publicly. By accepting these documents you are agreeing to treat them as such and to accept any sanction ordered by the Court should you file them publicly or otherwise, whether purposeful or inadvertently, disclose them to persons who are not permitted to review them under the Protective Order:

- Muriel Tonacchio. Attached as Bates TONACCHIO 0001-0004 is Ms. Tonacchio's revised Track 2 claim form, reflecting the administration of additional Track 2 drugs.

- Agnes Swayze. Attached as Bates ABS0104, ABS0080 and ABS0082 are three additional pages of records from Ms. Swayze. ABS0104 is an April 2003 letter from her oncologist stating that she is undergoing chemotherapy and therefore cannot do jury duty. ABS0080 and ABS0082 are notes from her physician which reflect that she was taking Neupogen. Note that p.82 mentions that Ms. Swayze only has Medicare and therefore that cost is a factor to her.

Letter to Donald Haviland
June 13, 2011

- Mariella Laday. Ms. Laday has located some cancelled checks; however, we are not able to produce them in time for the Fairness Hearing. Ms. Laday had a flood in her condominium several months ago and a company packed up all of her records and belongings. Therefore, they are not readily available. Regardless, there is no question that Ms. Laday paid for her medications. Her employer went bankrupt in 2000, after which she lost her job and her insurance. After that point, she had to pay for all of her medications.

We do not have any additional documents to produce on behalf of Mr. Trutsky.

Judge Bowler's order was entered based on your representation (which we did not have the opportunity to rebut) that, for each of the above Class 1 consumer class members, Class Counsel had "only" provided the Track 2 settlement claim form. Except with regard to Ms. Laday, who as set forth above lost most of her records in a flood, that representation was false. Specifically, we have already provided the following records:

- Muriel Tonacchio. In Ms. Tonacchio's June 27, 2008 Affidavit Ms. Tonacchio described the treatments administered to her mother, Ms. Wilma Mort, and attached two pages of billing records. *See* Dkt. No. 5409-2. We also produced an April 8, 2009 letter from Barbara Urbowicz at Weirton Medical Center stating that Ms. Mort was administered Anzemet at an oncology clinic and that drugs administered at that clinic were billed under Medicare Part B. *See* Ex. 8 to Dkt No. 6004. Finally, we have provided declarations from Ms. Tonacchio's brothers stating that they have no objection to Ms. Tonacchio proceeding on behalf of Ms. Mort. *See* Class Plaintiffs' Notice of Filing in Support of Their Response to Objections to Final Approval of the Track Two Settlement, Dkt. No. 6015.

- Agnes Swayze. In addition to attaching data from CMS, we have already attached billing records from her doctor and hospital reflecting the administration of Track Two drugs. *See* Dkt No. 7572-1, Ex. 1.

  In gathering documents in connection with adding Ms. Swayze as a BMS class representative, we did an exhaustive search for Ms. Swayze's records. We confirmed that she does not have bank or credit card records for her drug payments in 2002 or 2003. However, in both her Track Two and BMS declarations (Dkt Nos. 7572-1 and 7499), Ms.

Letter to Donald Haviland
June 13, 2011

> Swayze has already declared under oath that "I paid all my medical bills, including my Medicare co-pays, either by cash, check or credit card." She likewise signed and returned her Track 2 claim form attesting, again under oath, to the same thing.
>
> We have examined all of Ms. Swayze's medical records; the documents were have produced together with the ones we are producing today are the only documents that mention her being administered or paying for Track Two drugs.

- Thomas Trutsky. In additional to attaching data from CMS, Mr. Trutsky has stated under oath that, although his wife had supplemental insurance, she had a $4000 deductible that she was required to reach first. *See* Dkt No. 7572-2 ¶ 3. Mr. Trutsky has likewise stated that this amount was not reimbursed by any insurer. *Id.* He likewise attached certain credit card records that he was able to locate reflecting his wife's payments for certain Track Two drugs. *See* Ex. 2 to Dkt No. 7572-3

This documentation is more than sufficient to establish the adequacy and typicality of the Class 1 consumer representatives. Indeed, before being disqualified as Class Counsel and becoming an objector this is the level of documentation you once advocated class representatives should have to provide.

Very truly yours,

*Jennifer F. Connolly*

Jennifer Fountain Connolly

Enclosures

cc:   All Counsel via ECF