

LEXISNEXIS® FILE & SERVE
E-SERVICE
27271844
Sep 25 2009
4:21PM

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund, | Superior Court of New Jersey Law Division: Monmouth County |
| Plaintiff, | Docket No. MON-L-3136-06 |
| v. | |
| AstraZeneca, PLC, et al., | |
| Defendants. | |

---

**DEFENDANTS' BRIEF IN OPPOSITION TO IUOE'S
"MOTION TO ADD PUTATIVE CLASS REPRESENTATIVES"**

---

Defendants[1] submit this Brief in Opposition in response to the "Motion to Add Putative Class Representatives" ("IUOE Motion"), filed by Plaintiff International Union of Operating Engineers Local No. 68 ("IUOE") without a proposed amended complaint.

## I.    PRELIMINARY STATEMENT

IUOE filed this purported class action as the sole named plaintiff, alleging that Defendants engaged in a fraudulent scheme that caused it, and other third-party payors and other entities and individuals, to overpay for certain prescription drugs.  (IUOE Complaint at ¶¶ 14-17, attached as Ex. A to Certification of Bruce Levy ("Levy Cert.")).

In its 2007 decision in *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co*., 192 *N.J.* 372 (2007) ("*IUOE* (*Merck*)"), the New Jersey Supreme Court, in unanimously reversing a class certification order in IUOE's favor, described IUOE as follows:

> plaintiff [IUOE] "is a joint union-employer Taft-Hartley trust fund," which is organized and operates pursuant to the laws of New Jersey.  As a part of its services, plaintiff acts as a party to benefit contracts, a policy issuer, and a sponsor of health benefit plans that provide prescription drug

---

[1] This Opposition is submitted on behalf of the following Defendants:  AstraZeneca LP, AstraZeneca PLC, Boehringer Ingelheim Corp., Ben Venue Labs, Inc. (and Bedford Labs, a Division of Ben Venue Labs, Inc.), Roxane Labs, Inc. (n/k/a Boehringer Ingelheim Roxane, Inc.), Hoffmann-La Roche Inc., ALZA Corp., Novartis Pharmaceuticals Corp., G.D. Searle LLC, Sanofi-Synthelabo Inc., Takeda Pharmaceutical Co. Ltd. (f/k/a Takeda Chemical Industries, Ltd.), TAP Pharmaceutical Products Inc., Wyeth and Wyeth Pharmaceuticals.  Alpha Therapeutic Corp. is also a current Defendant in this action.  By joining in this Opposition, Sanofi-Synthelabo Inc. ("Sanofi") does not waive its rights to enforce or otherwise rely upon the Track Two Settlement and Release (the "T2 Settlement and Release"), which is pending in the AWP MDL before Judge Saris.  Sanofi is a "Released Company" pursuant to the T2 Settlement and Release in *In re Pharma. Indus. Average Wholesale Price Litig.*, MDL 1456 (D. Mass.), and Sanofi has filed a Motion to Stay with the Court to enforce Judge Saris's injunction that prohibits IUOE and the other proposed plaintiffs from pursuing claims that are to be released upon final approval of the T2 Settlement and Release.

> coverage for its members and beneficiaries.  It is therefore
> a third-party payor . . . .

*Id.* at 376-77 (quoting IUOE's complaint in *IUOE* (*Merck*)).  The Court further noted that

the putative class of "third party payors" that IUOE purported to represent "include[ed]

other Taft-Hartley funds like itself, as well as such diverse entities as corporate health

insurers, health maintenance organizations, private employers, self-insured employers,

and multi-employer union benefit organizations."  *Id.* at 378.

Here, because IUOE's president is under federal indictment and refuses to

participate in discovery, IUOE admits that it is "unable to continue as class representative

in this matter" and seeks to "add" two entirely new purported third-party payors as named

plaintiffs -- Plumbers' Union Local 690 Health Plan ("Local 690") and UA Local Union

No. 322 ("Local 322") (collectively, "Locals 690 and 322").  (IUOE Br. at 4).  IUOE,

however, is not willing to amend its Complaint to (1) set forth the alleged claims for

relief of these new plaintiffs and (2) substitute Locals 690 and 322 for IUOE as the

plaintiffs.  Nor, apparently, are Locals 690 and 322 willing to move to intervene in a

proposed amended pleading.

When the New Jersey Supreme Court, on July 15, 2009, ordered that "a new

plaintiff must be substituted as class representative within ninety days," the Court did not

specify either the identity of the plaintiff(s) or the manner in which a new plaintiff should

be substituted -- let alone relieve IUOE of its obligation to comply with this State's Rules

of Court.  (Levy Cert. Ex. B).  Accordingly, the question now is not whether, in principle,

a new plaintiff may take the place of IUOE.  The Supreme Court's Order resolved that

question.  Rather, the question is what is the proper procedure that must be followed

where Locals 690 and 322 seek to replace IUOE and, in particular, whether they can be

added as plaintiffs without amending the Complaint to set forth, as *Rule* 4:5-2 requires, a "statement of the facts on which the claim is based, showing that the pleader is entitled to relief."

Contrary to IUOE's statement during the September 11, 2009 status conference, the potential claims of the two proposed plaintiffs are vastly different from those alleged against each defendant in IUOE's Complaint.  The current IUOE Complaint identifies only those drugs for which IUOE asserts that *it* reimbursed patients -- not drugs for which Locals 690 and 322 assert *they* reimbursed patients. (*See* IUOE Complaint at ¶¶ 147, 162, 171, 175, 195, 240, 260, 269, 272, 275).  Indeed, based on the "certifications" they filed, Locals 690 and 322 did not reimburse for the same drugs as IUOE.  To the contrary, these putative plaintiffs allegedly reimbursed for far fewer -- and different -- drugs than IUOE alleges in its Complaint.  In fact, there is not a single Defendant whose drugs both Locals 690 and 322 allege that they reimbursed.

The IUOE Complaint also does not reflect the current status of the Defendants or the alleged class.  In addition to naming numerous corporate defendants who have since been dismissed, the IUOE Complaint names three individual physician defendants, although it is not clear if they remain in the case or were ever served.  Moreover, IUOE has changed the definition of the putative class in at least two significant ways -- from a nationwide class of persons and entities to a New Jersey-only class of just third-party payors.

The necessity for an amended complaint here is, thus, far from a mere formality. Without an amended complaint, each Defendant lacks notice of what the specific allegations against that Defendant are.  Without an amended complaint, neither this Court

nor Defendants can properly evaluate standing or other jurisdictional issues, whether Locals 690 and 322 have stated a claim for relief, or the relevancy, scope or permissibility of any discovery sought.   In short, it is time to get this case moving, in the same way that every other case in the history of this State has proceeded -- the plaintiff files a complaint setting forth its factual and legal allegations, the defendants respond, and everything thereafter is measured and adjudged against those allegations and responses.

Finally, there is no basis for IUOE to remain as a named plaintiff.  By the very terms of its Order, the New Jersey Supreme Court contemplated that new plaintiffs would be in place of -- not in addition to -- IUOE.  The Court, thus, directed that "a new plaintiff must be *substituted* as class representative within ninety days."  (Levy Cert. Ex. B (emphasis added)).  It did not say that a new plaintiff must be "added." Nor is there any basis for IUOE to litigate its individual claim in this case while the named plaintiff(s) attempt to litigate the case as a class action.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   IUOE's Complaint

IUOE filed its Complaint on June 30, 2003.  IUOE's Complaint alleges that the Defendants caused IUOE to overpay for certain specifically identified drugs by inflating the so-called "Average Wholesale Prices" or "AWPs" for their drugs.  (*See* IUOE Complaint at ¶¶ 14, 108-13).  IUOE alleges that the AWPs -- which were published by third-party publishers and not Defendants -- were greater than the actual prices paid by medical providers, thereby creating a "spread."  (*See id.* at ¶¶ 109-13).  Because such "spreads" were received by medical providers -- not Defendants -- IUOE's Complaint

asserts that Defendants used the "spreads" to compete and take market share from competitors. (*See id.* at ¶¶ 15, 108-13). In other words, IUOE's Complaint alleges that Defendants *conspired* with each other to *compete* with each other.

IUOE's Complaint names over 50 pharmaceutical drug companies as defendants and identifies 93 drugs as the basis for its alleged claims. (*See* IUOE Complaint at ¶¶ 147, 162, 171, 175, 195, 240, 260, 269, 272, 275). Of these 50 defendants, only 13 remain in the case, although the IUOE Complaint was never amended to that effect.[2] The IUOE Complaint also names three individual physician defendants, although it is not clear if they remain in the case or were ever served.[3] In its Complaint, IUOE asserts its claims on behalf of a putative nationwide class of all "persons and entities" who paid for drugs manufactured by Defendants based, in whole or in part, upon the published AWPs for such drugs. (IUOE Complaint at ¶¶ 22, 99[4]). As noted below, IUOE has now changed this definition, *inter alia*, to a New Jersey-only class of just third-party payors.

---

[2] On November 5, 2007, Judge Locascio entered an order dismissing certain corporate defendants due to overlapping issues with MDL No. 1456, pending before Judge Patti B. Saris in the United States District Court for the District of Massachusetts. (Levy Cert. Ex. C). Today, only thirteen Defendants remain in this action, none of which is a currently named defendant in the class action pending in MDL 1456, although AstraZeneca LP and AstraZeneca PLC, two of the four AstraZeneca entities initially named as defendants, have taken the position that they are, nonetheless, overlapping defendants.

[3] The individual physician defendants, Saad Antoun, Stanley C. Hopkins, and Robert A. Berkman, have never answered IUOE's Complaint nor otherwise entered an appearance in this case.

[4] IUOE's counsel has repeatedly represented that IUOE's Complaint sought certification of a nationwide class, notwithstanding any inconsistencies in the Complaint. For example, in a July 27, 2007 Letter to then Special Master, Honorable William G. Bassler, IUOE's counsel represented that IUOE "seeks certification of a nationwide Class" of "[a]ll persons and entities in New Jersey and throughout the country." Letter from D. Haviland (IUOE's Counsel) to the Honorable William G. Bassler (Levy Cert. Ex. J at 3); *see also infra* footnote 8.

**B.**     **The Proceedings Based on IUOE's Complaint**

During the discovery period, and before the deadlines for designation of class certification experts or class expert discovery, many of the Defendants provided substantial documentary discovery in response to discovery requests geared toward IUOE's Complaint, with at least two Defendants producing over two million pages of documents each. IUOE, on the other hand, produced few documents. No depositions were taken.

After IUOE represented that it intended to withdraw and that it would not produce any of the outstanding discovery, Judge Locascio dismissed the case without prejudice. (Levy Cert. Ex. D). Although IUOE failed to provide any of the outstanding discovery and reiterated that it would not do so, the Court later reinstated the Complaint (Levy Cert. Ex. E), and the Appellate Division affirmed. *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC*, Docket No. A-0605-08T2 (App. Div., May 2, 2009) (Levy Cert. Ex. F). On July 15, 2009, the Supreme Court denied Defendants' motion for leave to appeal. The Court stated that "a new plaintiff must be substituted as class representative within ninety days," but did not specify either the identity of the plaintiff(s) or the manner in which the new plaintiff(s) should be added. (Levy Cert. Ex. B).

**C.**     **IUOE's Motion to Add Locals 690 and 322 as Plaintiffs**

After the Appellate Division's decision, and before Defendants filed their motion for leave to appeal to the Supreme Court, IUOE filed this Motion on May 12, 2009, seeking to add two new proposed class representatives, Locals 690 and 322. In support of its motion, IUOE filed short "certifications" by each of the Locals.

Local 322 asserts that it reimbursed for drugs made by only three of the thirteen Defendants, and Local 690 asserts that it reimbursed for drugs manufactured by only eight of the Defendants.  Indeed, there is not a single Defendant whose drugs both Locals 690 and 322 allege that they reimbursed.  Moreover, for five of the thirteen Defendants (Novartis Pharmaceuticals, Hoffmann-La Roche, G.D. Searle, Boehringer Ingelheim Corporation and Takeda), Locals 690 and 322 assert that they reimbursed for drugs that IUOE in its Complaint did *not* allege that it reimbursed.  In addition, whereas the existing Complaint alleges that IUOE reimbursed for 93 drugs of the Defendants, between them Locals 690 and 322 allege just 13 drugs of the Defendants -- 8 for Local 690 and 5 for Local 322 -- for which they purportedly reimbursed.

The following chart illustrates the discrepancies between the allegations in IUOE's Complaint and the allegations in Local 690 and 322's certifications:[5]

| Defendant | IUOE Complaint | Local 690 | Local 322 |
|---|---|---|---|
| AstraZeneca | 15 drugs alleged (Complaint at ¶ 147) | 1 drug alleged | **No drugs alleged** |
| TAP | 2 drugs alleged (Complaint at ¶ 162) | 1 drug alleged | **No drugs alleged** |
| Takeda | 2 drugs alleged (Complaint at ¶ 162) | 1 drug alleged (**not alleged by IUOE)** | **No drugs alleged** |
| Alza | 1 drug alleged (Complaint at ¶ 171) | **No drugs alleged** | 1 drug alleged |
| G.D. Searle | 18 drugs alleged (Complaint at ¶ 175) | **No drugs alleged** | 1 drug alleged (**not alleged by IUOE)** |

---

[5] A chart listing the names of the specific drugs attributed to each Defendant by IUOE, Local 690, and Local 322 is attached to this brief as Appendix A.

| Defendant | IUOE Complaint | Local 690 | Local 322 |
|---|---|---|---|
| Boehringer Ingelheim Corporation, Ben Venue (and its division Bedford Labs), Roxane Laboratories [6] | 16 drugs alleged<br><br>(Complaint at ¶ 195) | **No drugs alleged** | 3 drugs alleged (**not alleged by IUOE**) [7] |
| Wyeth | 9 drugs alleged<br><br>(Complaint at ¶ 240) | 1 drug alleged | **No drugs alleged** |
| Novartis | 11 drugs alleged<br><br>(Complaint at ¶ 260) | 1 drug alleged (**not alleged by IUOE**) | **No drugs alleged** |
| Alpha | 7 drugs alleged<br><br>(Complaint at ¶ 269) | 1 drug alleged | **No drugs alleged** |
| Hoffmann-La Roche | 6 drugs alleged<br><br>(Complaint at ¶ 272) | 1 drug alleged (**not alleged by IUOE**) | **No drugs alleged** |
| Sanofi-Synthelabo | 6 drugs alleged<br><br>(Complaint at ¶ 275) | 1 drug alleged | **No drugs alleged** |

## D.     IUOE's Unsupported Motions for Class Certification

On May 12, 2009, the same day that it filed the IUOE Motion to add Locals 690

and 322 as plaintiffs, IUOE also filed a Notice of Motion for Class Certification Pursuant

to *Rule* 4:32.  But IUOE did *not* file a supporting memorandum or even an affidavit in

support of that motion.  (Levy Cert. Ex. G).  Judge Locascio adjourned both motions

pending a ruling from the New Jersey Supreme Court with regard to Defendants' motion

for leave to appeal.

---

[6] IUOE's Complaint improperly groups these entities together as "The Boehringer Defendants," but, in fact, Boehringer Ingelheim Corporation, Ben Venue, and Roxane Laboratories are distinct companies with different drugs and different labeler codes. However, for purposes of this opposition and the chart above, these entities are combined to reflect the allegations as they appear in IUOE's Complaint and the certifications submitted on behalf of Local 322 and Local 690.

[7] The three drugs referenced for Boehringer Ingelheim Corporation ("BIC") in Local 322's certification -- Alupent, Atrovent, and Combivent -- are not manufactured or sold by BIC, but rather by a separate Boehringer entity that is not a party to this case.  BIC is largely a parent holding company that does not manufacture or sell any prescription drugs.

After the Supreme Court's ruling, IUOE, on July 27, 2009, filed an Amended Notice of Motion for Class Certification Pursuant to *Rule* 4:32, returnable August 15, which was later adjourned without date upon the reassignment of the case from Judge Locascio. (Levy Cert. Ex. H). Once again, IUOE did not file any memorandum or affidavit supporting the Notice of Motion. However, the accompanying Proposed Order changed the class definition from a nationwide class of all "persons and entities" to a class comprised of all "third party payors" "in New Jersey" (Levy Cert. Ex. I).[8] The Proposed Order also made other changes in the proposed class definition alleged in IUOE's Complaint, and redefined the persons and entities excluded from the putative class:

---

[8] At the September 11, 2009 status conference, IUOE's counsel intimated that IUOE has always asserted its claims on behalf of a New Jersey-only putative class. This is not at all accurate, as indicated by multiple representations made by IUOE's counsel to this Court and the MDL Court:

- "Plaintiff [IUOE] seeks certification of a *nationwide* Class as defined as follows: 'All persons and entities in New Jersey *and throughout the country* . . . .'" (emphasis added). July 27, 2007 Letter from D. Haviland (IUOE's Counsel) to the Honorable William G. Bassler (Levy Cert. Ex. J, at 3). "Class Plaintiffs [IUOE] expect to resolve their Motion for Class Certification, *seeking a nationwide class* at least against the in-state Defendants, by early Fall 2007 . . . ." (emphasis added). *Id.* at 5.
- During a 2007 hearing before then Special Master Bassler, Mr. Haviland stated, "Your Honor, it's in the complaint. It says a half a dozen times, it [is] a[] nationwide class, New Jersey and the country." Transcript of Hearing before the Honorable William G. Bassler, August 29, 2007 (Levy Cert. Ex. K, at 38). "[T]his is a nationwide class as pled." (*Id.* at 59).
- Similarly, during a 2007 hearing before Judge Saris, Mr. Haviland stated about the IUOE Complaint: "[T]he original complaint filed in 2003 against 56 companies sought a nationwide class action." Transcript of Hearing before Judge Patti B. Saris in MDL No. 1456, September 11, 2007 (Levy Cert. Ex. L, at 5, ln. 5-7).
- Recently, in July 2009, Mr. Haviland again represented to Judge Saris that "it's pretty clear from the record . . . that we were proceeding on a nationwide class." Transcript of Hearing before Judge Patti B. Saris in MDL 1456, July 24, 2009 (Levy Cert. Ex. M, at 9). When Judge Saris stated that IUOE is "seeking a national class," Mr. Haviland agreed, "And we have been, yes." *Id.* at 24.

| IUOE Complaint ¶ 99 | Proposed Order on Amended Notice of Motion for Class Certification |
|---|---|
| **Those Included** | **Those Included** |
| All persons and entities who "paid any portion of the cost of cancer, inhalant and miscellaneous other drugs manufactured, marketed, distributed and sold by Defendants, which cost was based, in whole or in part, upon the published AWPs for such drugs" | All third-party payors who "paid any portion of the cost of a cancer, inhalant or other Medicare Part B or Medicaid-covered drug ('Subject Drugs') manufactured, marketed, distributed and sold by Defendants, which cost was based, in whole or in part, upon published AWP for such drug, including (a) reimbursements based on the AWP for Medicare Part B-covered Subject Drug, and (b) reimbursements based on contracts expressly using AWP as a pricing standard for any Subject Drug." |
| **Those Excluded** | **Those Excluded** |
| "Defendants, any entity in which a Defendant has a controlling interest, and their legal representatives, any governmental entities, and any person or entity seeking to make a claim under ERISA, Medicare, or federal law" | "(i) Defendants (including any entity in which a Defendant has a controlling interest) and their legal representatives, heirs, successors; (ii) any entity which purchased Subject Drugs directly from, or negotiated prices for Subject Drugs directly with, any Defendant; (iii) any governmental entity, and (iv) any payments or reimbursements for generic drugs based on MAC and not AWP." |

In its September 1, 2009 letter, and at the September 11, 2009 status conference, this Court inquired of IUOE's counsel whether IUOE wanted to pursue its motion to add plaintiffs, to make a motion to substitute a new plaintiff, or to file some other motion. IUOE's counsel chose to stand on IUOE's Motion to Add Putative Class Representatives, which Defendants oppose for the reasons stated herein.

## III.    ARGUMENT

**A.    IUOE's Motion to Add Is Improper Under New Jersey Court Rules, and Should Be Denied.**

The New Jersey Rules of Court provide two mechanisms for adding plaintiffs to a case:  (1) an existing plaintiff may file a formal motion to amend the complaint; and (2) a potential plaintiff may file an application for intervention.  *R.* 4:9; 4:33.[9]  IUOE has not sought to avail itself of either of these exclusive methods.  Instead, it filed a "Motion to Add Putative Class Representatives."  There is no basis in New Jersey law for such a motion and, not surprisingly, IUOE fails to cite any New Jersey Rule of Civil Practice or any New Jersey case to support its motion.

If an existing plaintiff wishes to add additional plaintiffs to its case, and to replace itself with these new plaintiffs as class representatives, it must amend its complaint under *Rule* 4:9.  Under *Rule* 4:9-1, "a motion for leave to amend *shall* have annexed thereto a copy of the proposed amended pleading."  (emphasis added).  *See, e.g.*, *Jen Elec., Inc. v. County of Essex*, 197 *N.J.* 627, 637 (2009) (plaintiff moved to amend complaint to add another plaintiff).  The other method for adding a plaintiff -- a motion for intervention -- also requires the filing of an amended complaint.  Intervention is governed by *Rule* 4:33, which provides:  "A person desiring to intervene *shall* file and serve on all parties a motion to intervene stating the grounds therefor and *accompanied by a pleading setting forth the claim* or defense for which intervention is sought."  *R.* 4:33-3 (emphasis added).

The requirement that a plaintiff file an amended complaint when seeking to add additional plaintiffs (much less replace the only plaintiff), or that a proposed new plaintiff

---

[9] *Rule* 4:34, which governs the formal substitution of parties, is inapplicable here.  That Rule permits substitution in only four circumstances -- death, mental incapacity, transfer of interest, and public officer succession -- none of which applies here.  *See R.* 4:34.

must formally intervene, is an important one.  The allegations contained in an amended complaint must be made in good faith and, *inter alia*, "shall contain a statement of *the facts* on which *the claim* is based, showing that *the pleader* is entitled to relief." *R.* 4:5-2 (emphasis added); *see also N.J.S.A.* 2A:15-59.1 (requiring pleadings to be made in good faith; modeled on Federal Rule of Civil Procedure 11).  An amended pleading is necessary to evaluate requirements as basic as jurisdiction and venue, whether a proposed new plaintiff states a claim for relief entitling it to proceed with the case and take discovery, and, if so, the scope of that discovery.  *See, e.g.*, *Notte v. Merchs. Mut. Ins. Co.,* 185 *N.J.* 490, 501 (2006) (the trial court is "require[d]" to review a proposed amended complaint to determine if plaintiff's new claims fail as a matter of law).  As the Appellate Division stated in connection with a motion to intervene, the Rules' require-ment that a pleading be attached to a motion to intervene "should not be dispensed with … because the determination whether intervention should be granted, and if so the extent thereof, depends upon the contents of the pleading sought to be filed."  *City of Clifton v. Cresthaven Cemetery Ass'n*, 17 *N.J. Super.* 362, 364 (App. Div. 1952).

Here, an amended complaint is required so that this Court and Defendants can assess, among other things, whether the proposed new plaintiffs have stated a claim for relief against each individual Defendant, and whether they have standing.  *See, e.g.*, *Laufer v. U.S. Life Ins. Co.*, 385 *N.J. Super.* 172, 186-87 (App. Div. 2006) (holding that the named class representative must satisfy standing requirements).  That this case is a putative class action does not change the rules for substituting a plaintiff in an action.  As the First Circuit recently explained, "courts have repeatedly held that the 'predicate to [a plaintiff's] right to represent a class is his eligibility to sue in his own right.  What he may

not achieve himself, he may not accomplish as a representative of a class.'" *Diaz-Ramos v. Hyundai Motor Co.*, 501 *F.*3d 12, 15 (1st Cir. 2007) (quoting *Kauffman v. Dreyfus Fund, Inc.*, 434 *F.*2d 727, 734 (3d Cir. 1970)). "It is axiomatic that the procedural device" of a class action "cannot be allowed to expand the substance of the claims of class members." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 *F.*3d 331, 345 (4th Cir. 1998).[10] After all, the whole point of a class action is that it aggregates numerous individual "claims" into one action on the theory that that is more efficient than proceeding individually. *See IUOE* (*Merck*), 192 *N.J.* at 384-94. Moreover, as the Third Circuit has stated, "[a] plaintiff who is unable to secure standing for himself is certainly not in a position to 'fairly insure the adequate representation' of those alleged to be similarly situated." *Kauffman*, 434 *F.*2d at 734.[11]

Unable to cite any rule or law of this State permitting the addition of a plaintiff without the filing of an amended complaint, IUOE relies on federal cases, none of which supports its Motion. As noted above, federal law, like the New Jersey Rules of Court, requires that each named plaintiff have standing and state a claim for relief. In addition,

---

[10] *See also, e.g.*, *Blaz v. Belfer*, 368 *F.*3d 501, 504 (5th Cir. 2004) ("A class action is merely a procedural device; it does not create new substantive rights." (citation omitted)); *Southwestern Ref. Co. v. Bernal*, 22 *S.W.*3d 425, 437 (Tex. 2000) ("The class action is a procedural device intended to advance judicial economy by trying claims together that lend themselves to collective treatment. It is not meant to alter the parties' burdens of proof, right to a jury trial, or the substantive prerequisites to recovery under a given tort."); *Bernal*, 22 *S.W.*3d at 439 ("[F]airness and justice to all concerned require adherence to certification standards before a court may allow a case to proceed as a class action." (citation omitted)).

[11] At the September 11, 2009 status conference, IUOE's counsel stated that the issue of whether Locals 690 and 322 have stated a claim for relief can be addressed in the context of determining if they are adequate class representatives. As noted above, however, this suggestion is contrary to the settled law that the same rules apply to class actions as to individual actions. Plainly, if this were an individual action, each Local would have to state a claim for relief in the complaint *before* the case could proceed. That this is a class action does not change this basic rule.

under federal law, where, as here, there has been no class certification, a putative class action is an individual action solely between the named plaintiff and the defendants. Thus, prior to class certification, Locals 690 and 322's status as putative absent class members does not entitle them to become named plaintiffs or to prosecute the case without satisfying the same procedural hurdles required of all new parties to any case. *See Rolo v. City Investing Co. Liquidating Trust*, 155 *F.*3d 644, 659 (3d Cir. 1998), *abrogated on other grounds*, *Forbes v. Eagleson*, 228 *F.*3d 471 (3d Cir. 2000); *Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc.*, 958 *F. Supp.* 947, 961 (D. Del. 1997) ("Prior to class certification, the action is one brought by the named plaintiff individually, seeking to join others upon certification to form a class action pursuant to Rule 23."); *see also Smith v. Berg*, No. Civ. A 002133, 1999 WL 1081065, at *3 (E.D. Pa. Dec. 1, 1999); *Shelton v. Pargo, Inc.*, 582 *F.*2d 1298, 1304 (4th Cir. 1978); *Davis v. Romney*, 490 *F.*2d 1360, 1366 (3d Cir. 1974). In sum, until a class is certified, putative class members who are not named plaintiffs (*i.e.*, absent putative class members) simply are not before the court. *See Rolo*, 155 *F.*3d at 659 (3d Cir. 1998); *Barnes v. First Am. Title Inc.*, 473 *F. Supp.* 2d 798, 801-02 (N.D. Ohio 2007) (stating that "proposed new plaintiffs are not current parties to the action prior to a ruling on [class] certification;" and finding no support for the proposition that "unnamed putative class members should be considered parties for purposes of substitution").[12]

---

[12] Unnamed class members in suits brought as putative class actions are considered parties only in very limited circumstances, such as for purposes of notices of dismissal and settlement; and even then, such classifications have only been given to unnamed class members "where class certification had already been conditionally granted." *Barnes*, 473 *F. Supp.* 2d at 801.

Thus, it is not surprising that IUOE *fails to cite a single case* -- state or federal -- that supports IUOE's argument that where the only named plaintiff "is unable to continue as class representative," that plaintiff can seek to replace itself with two new class representatives without filing an amended complaint.  (IUOE Br. at 4).  Instead, the cases on which IUOE relies involved requests to permit the addition of more class representatives, not the substitution of class representatives effectuating the replacement of the sole named plaintiff.  *See Norwood v. Raytheon Co.*, 237 *F.R.D.* 581, 584 n.1 (W.D. Tex. 2006) (stating that the court would decide "later" whether to add a class representative to supplement existing class representatives, not to replace them); *In re CMS Energy ERISA Litig.*, 225 *F.R.D.* 539, 542 (E.D. Mich. 2004) (permitting addition of class representative); *In re Telectronics Pacing Sys.*, 172 *F.R.D.* 271, 281-83 (S.D. Ohio 1997) (same).[13]

IUOE admits, and the Supreme Court ordered, that new plaintiffs be substituted, not added.  The cases cited by IUOE, thus, are wholly inapposite:

> (i)      None involved, as here, the attempted addition of a putative class representative *before* class discovery and briefing;

---

[13] *Karnuth v. Rodale, Inc.* No. 03-742, 2005 WL 1683605, at *1 (E.D. Pa. July 18, 2005), does not support IUOE here.  In that case, the defendant did not argue that an amended complaint was required and the court did not address that question.  Indeed, the parties jointly moved to change the case caption to reflect the new class representative.  (Levy Cert. Ex. N).  That case also was in a different procedural posture, as the court had already considered the merits of class certification.  *Karnuth*, 2005 WL 1683605, at *1.  As for the two sentences from the *Manual of Complex Litigation* on which IUOE relies, they contemplate a new class representative being added *only after, or contemporaneously with*, a formal order for class certification.  IUOE quotes the Fourth Edition correctly:  A court "may permit intervention by a new representative or may simply designate that person as a representative *in the order granting class certification*." *Manual for Complex Litigation* (*Fourth*), § 21.26, at p. 277 (emphasis added).

(ii)     None involved a situation where, as here, there were multiple defendants with differing facts;

(iii)    None involved a situation where, as here, there were multiple products sold by each defendant;

(iv)     None involved a situation where, as here, the alleged facts with respect to the to-be-added plaintiffs differed substantially from the facts alleged in the existing plaintiff's complaint; and

(v)      None of the federal cases cited by IUOE addresses the question at issue here: whether, as a matter of New Jersey law, a plaintiff can be replaced by new plaintiffs without an amended complaint.[14]

Finally, IUOE asserts that "no substantive factual allegations, claims or parties to the case are being altered or amended" by adding Locals 690 and 322 as new plaintiffs. (IUOE Br. 6).  Indeed, IUOE's counsel represented at the recent status conference that the addition of the new proposed plaintiffs would alter the current Complaint "not one iota."  This assertion is manifestly incorrect.  As the charts in the Statement of Facts above and the Appendix demonstrate, the proposed new plaintiffs would have different substantive factual allegations and would assert different claims against different Defendants.  (*See supra* at 7-8).  But even if the proposed new plaintiffs could allege exactly the same facts and claims against the same Defendants as IUOE did in the existing

---

[14] IUOE also cites to *American Pipe & Construction Co. v. Utah*, 414 *U.S.* 538 (1974), and *Phillips Petroleum Co. v. Shutts*, 472 *U.S.* 797 (1985), but neither case has anything to do with whether an amended complaint is required when a plaintiff seeks to be replaced by new plaintiffs.  *American Pipe* holds only that a putative class action complaint tolls the statute of limitations under certain circumstances for absent class members.  414 *U.S.* at 552-53.  *Shutts* holds that, *after* a court has determined that a class should be certified, absent class members who have not chosen to opt out of the class are entitled to certain procedural protections.  414 *U.S.* at 810.

Complaint and even if they alleged the same putative class -- which, based on their "certifications" and proposed order on their amended class certification order, they cannot -- an amended complaint would still be required.  There is simply no procedure in New Jersey that allows a new plaintiff to replace the existing plaintiff absent an amended complaint.

This is not the first time that IUOE's counsel has attempted to advance the novel theory that class representatives can be added without an amended pleading.  Earlier this year, the Superior Court of Arizona rejected the very same argument in a case involving AWP-related claims, where class certification discovery and briefing had been completed but before a decision on class certification had been made.  In *Swanston v. TAP Pharmaceutical Products, Inc.*, defendants moved for summary judgment, claiming that the sole named plaintiff, Robert Swanston, had no actionable claims against any pharmaceutical defendant.  In response, plaintiff's counsel, Mr. Haviland, who represents IUOE in this case, filed an Amended Memorandum in Support of Class Certification, seeking to add additional named plaintiffs without moving to amend the Complaint.  (Levy Cert. Ex. O).

The Court granted the defendants' Motion to Strike the Memorandum, holding that the Arizona Rules of Civil Procedure required the plaintiff to file a motion to amend its complaint in order to add additional plaintiffs:

> Plaintiff has no pending Motion to Amend [his Complaint] and has studiously avoided admitting the need for such a Motion.  However, the addition of parties or claims in this setting cry out for a Motion brought pursuant to Ariz. R. Civ. P. 15 [Rule For Amending Pleadings].  In the absence of an order allowing an amendment adding parties, the Motion to Strike is granted.  Plaintiff Swanston remains the only Plaintiff in this lawsuit."[15]

---

[15] In a footnote, the Arizona court referenced Judge Locascio's August 5, 2008 Order reinstating IUOE's Complaint, but seemed to have mistakenly presumed that Judge

(Levy Cert. Ex. P, at 7).  Notably, *every* case that IUOE cites here was considered and rejected by the Arizona court.  *See* Levy Cert. Ex. Q (citing same cases).  Here, like in *Swanston*, no proper motion to amend the pleadings or to intervene has been filed. Moreover, unlike in *Swanston*, there has been very limited discovery from the plaintiff and no class certification briefing.[16]  As a result, IUOE's "Motion to Add," like the motion in *Swanston*, should be denied.[17]

**B.**    **IUOE's Attempt to Add Parties Without Filing an Amended Complaint Has Not Been Sanctioned by This Court, the Appellate Division, or the Supreme Court.**

IUOE argues that "the Appellate Division recognized in affirming this Court's decision vacating the earlier dismissal order" that "the Court should permit the addition of Local 690 Fund and Local 322 Fund as new putative class representatives without amendment of the complaint or formal intervention."  (IUOE Br. at 6).  There is no support in the record for IUOE's assertion.  Indeed, Judge Locascio expressly stated that he was *not* ruling on substitution at the hearing on IUOE's motion to reinstate the Complaint.  (*See* Levy Cert. Ex. V, at 79-81, August 1, 2008 Hearing on Plaintiff's

---

Locascio had already allowed the addition of plaintiffs without an amended pleading. *See* Levy Cert. Ex. P, at 7 n.1.

[16] Plaintiff's counsel in *Swanston* first improperly attempted to add claims regarding additional drugs through the filing of a Supplemental Initial Rule 26.1 Disclosure Statement rather than by amending the Complaint.  *See* Levy Cert. Ex. R at 8. Accordingly, the Arizona court granted the defendants' Motion to Strike the Plaintiff's Supplemental Initial Rule 26.1 Disclosure Statement "without prejudice to any motion that might be filed to amend the Complaint pursuant to Rule 15, *Arizona Rules of Civil Procedure*."  *See* Levy Cert. Ex. S at 5.

[17] Following its decision on the Motion to Strike, the *Swanston* court granted the defendants' Motion for Summary Judgment on June 8, 2009, and dismissed the case with prejudice on July 17, 2009.  *See* Levy Cert. Exs. T and U.  This decision was not appealed.

Motion to Vacate and Reinstate and Defendant's Cross-Motion to Dismiss ("I'm not ruling on the substitution situation right now. . . .  The only motion that the plaintiffs could make in this case right now, at this stage, is the motion to vacate the motion to dismiss without prejudice.")).  Similarly, when the Supreme Court recently ordered that "a new plaintiff must be substituted as class representative within ninety days of this Order," it did not specify the manner in which such substitution should take place or who should be substituted, let alone state that such replacement should occur without an amended complaint.  (Levy Cert. Ex. B).  Indeed, the method for any future substitution of parties was outside the scope of the motion for leave to appeal.  (Levy Cert. Ex. W).  In short, no court has endorsed IUOE's attempt to disregard the New Jersey rules that require it to amend its Complaint.

## C.   There Is No Basis for IUOE to Remain as a Plaintiff

The Supreme Court ordered that "a new plaintiff must be substituted as class representative within ninety days."  The word "substitute" means "to put *in the place of* another" -- not to *add* to another.  *Webster's Third New Int'l Dictionary* p. 2280 (2002) (emphasis added).  Indeed, in its own motion, IUOE acknowledges that replacement is what must occur here, arguing for the "[a]ddition of new putative class representatives, to *take the place of a named plaintiff* whose ability to serve is wanting, problematic, or improper." (IUOE Br. at 3) (emphasis added).  Moreover, IUOE has stated repeatedly and unequivocally that because its president, Dennis Giblin, was indicted in January by a federal grand jury for an alleged kickback scheme, it cannot, and will not, serve as class representative and that Dennis Giblin will not appear for a deposition.  (IUOE Br. at 2, 4, 6).  Having made unequivocally clear that it will not participate in discovery, there is

absolutely no basis on which IUOE can remain in this case as a plaintiff.  Indeed, it is precisely because of IUOE's refusal to provide discovery that its Complaint was initially dismissed and why the Supreme Court ordered that a new plaintiff "substitute" for IUOE.

But even if IUOE were able and willing to participate in this case, there would be no basis for it to remain as an individual plaintiff asserting its individual claims.  "The premise of a class action is that litigation by representative parties adjudicates the rights of *all* class members." *Broussard*, 155 *F*.3d at 338.  As the Third Circuit recently reiterated, "'[i]f proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable.'" *In re Hydrogen Peroxide Antitrust Litig.*, 552 *F*.3d 305, 311 (3d Cir. 2008) (citation omitted).  Thus, in a class action, if, after a "rigorous" analysis, "searching 'beyond the pleadings [to gain an] . . . understand[ing of] the claims, defenses, relevant facts, and applicable substantive law,'" the Court finds that the named plaintiff has met its burden of satisfying the requirements for class certification, [18] then the Court appoints a class representative to represent the class and the case proceeds as a single lawsuit, with the judgment binding on all class members.  If a member of the class does not want the class representative (or the class representative's lawyer) to represent it, or for any other reason does not want to be in the class, then it has the right to opt out and can proceed individually in its own suit or not proceed at all.  Staying in the case to litigate an individual claim is inconsistent with the whole point of a class action -- to avoid individual claims by litigating them on a class wide basis. *See IUOE* (*Merck*), 192 *N.J.* at 382-94.  Given these fundamental principles of class action litigation, it is not surprising that IUOE fails to cite a single case in which

---

[18] (*IUOE* (*Merck*), 192 *N.J.* at 382 (quoting *Iliadis v. Wal-Mart Stores, Inc.*, 191 *N.J.* 88, 106-07 (2007)).

a class member was permitted to proceed individually within a class action, whether before or after certification.[19]

## IV.    CONCLUSION

New Jersey law explicitly provides two avenues by which prospective plaintiffs may be added -- a motion to amend the complaint or an application for leave to intervene -- both of which require an amended complaint.  IUOE has not satisfied either procedure. Accordingly, IUOE's improper "Motion to Add Putative Class Representatives" should be denied.

Dated:  September 25, 2009

                                   Respectfully submitted,

                                   **Counsel for Defendant**
                                   **TAP Pharmaceutical Products Inc.**

                                   JONES DAY

                                   /s/ Lee Ann Russo
                                   Lee Ann Russo
                                   Adam Wiers
                                   77 West Wacker
                                   Chicago, IL 60601-1692
                                   Tel.:  (312) 782-3939
                                   Fax:  (312) 782-8585

---

[19] Indeed, the premise of IUOE's argument -- that it needs to prosecute its case individually -- is inconsistent with the premise of a class action, *i.e.*, that determination of the named plaintiff's claim will necessarily determine the claim of each individual class member.  If, as IUOE apparently believes, a judgment on its individual claim could differ from the judgment on the putative class' claim, that is proof positive that a class should not be certified.

RIKER, DANZIG, SCHERER,
HYLAND & PERRETTI, LLP

/s/ Anne Patterson
Anne Patterson
Kelly Crawford
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Tel.:  (973) 538-0800
Fax:  (973) 538-1984

**Counsel for Defendants
AstraZeneca LP and AstraZeneca PLC**

DAVIS POLK & WARDWELL LLP

/s/ D. Scott Wise
D. Scott Wise
450 Lexington Avenue
New York, NY 10017
Tel.:  (212) 450-4000
Fax:  (212) 450-3800

McCARTER & ENGLISH, LLP

/s/ David J. Cooner
David J. Cooner
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Tel.:  (973) 622-4444
Fax:  (973) 622-7070

**Counsel for Defendant
Sanofi-Synthelabo Inc.**

SHOOK, HARDY & BACON, LLP

/s/ Michael L. Koon
Michael L. Koon
James P. Muehlberger
2555 Grand Boulevard
Kansas City, MO 64108
Tel.:  (816) 474-6550
Fax:  (816) 421-5547

CONNELL FOLEY, LLP

/s/ Liza M. Walsh
Liza M. Walsh
Marc D. Haefner
Christine I. Gannon
85 Livingston Avenue
Roseland, NJ 07068
Tel.:  (973) 535-0500
Fax:  (973) 535-9217

**Counsel for Defendants
Boehringer Ingelheim Corp., Ben Venue
Laboratories, Inc. (and Bedford Labs, a Division
of Ben Venue
Laboratories, Inc.) and Roxane Laboratories,
Inc.**

KIRKLAND & ELLIS, LLP

/s/ Helen E. Witt
Helen E. Witt
Brian Kavanaugh
300 N. LaSalle
Chicago, IL 60654
Tel.:  (312) 862-2000
Fax:  (312) 861-2200

SILLS CUMMIS & GROSS P.C.

/s/ Andrew W. Schwartz
Andrew W. Schwartz
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel.:  (973) 643-7000
Fax:  (973) 643-6500

**Counsel for Defendant**
**Hoffmann-LaRoche Inc.**

KING & SPALDING LLP

/s/ Grace Rodriguez
Grace Rodriguez
Ann Malekzadeh
Simeon Schopf
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006-4706
Tel.:  (202) 737-0500
Fax:  (202) 626-3737

GIBBONS, P.C.

/s/ Bruce Levy
Bruce Levy
Janet Costello
One Gateway Center
Newark, NJ 07102-5310
Tel.:  (973) 596-4500
Fax:  (973) 596-0545

**Counsel for Defendant**
**ALZA Corporation**

PATTERSON BELKNAP WEBB & TYLER, LLP

/s/ Andrew D. Schau
Andrew D. Schau
1133 Avenue of the Americas
New York, NY 10036-6710
Tel.:  (212) 336-2000
Fax:  (212) 336-2222

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP

/s/ Robert C. Scrivo
Robert C. Scrivo
Walter Timpone
1300 Mt. Kemble Avenue
P.O.Box 2075
Morristown, NJ 07962-2075

Tel.:  (973) 993-8100
Fax:  (973) 425-0161

**Counsel for Defendant**
**Novartis Pharmaceuticals Corp.**

KAYE SCHOLER LLP

/s/ Jane W. Parver
Jane W. Parver
Richard A. De Sevo
Dilpreet Rai
425 Park Avenue
New York, NY 10022-3598
Tel.:  (212) 836-8000
Fax:  (212) 836-8689

GRAHAM CURTIN P.A.

/s/ Thomas Curtin
Thomas Curtin
Kathleen Fennelly
4 Headquarters Plaza
P.O. Box 1991
Morristown, NJ 07962-1991
Tel.:  (973) 292-1700
Fax:  (973) 292-1767

**Counsel for Defendant**
**G.D. Searle LLC**

MORGAN, LEWIS & BOCKIUS, LLP

/s/ Jaime L. Ghen
Jaime L. Ghen
Jack Dodds
1701 Market Street
Philadelphia, PA 19103
Tel.:  (215) 963-5000
Fax:  (215) 963-5001

MORGAN, LEWIS & BOCKIUS, LLP

/s/ Frank Testa
Frank Testa
502 Carnegie Center
Princeton, NJ 08540-6241
Tel.:  (609) 919-6600
Fax:  (609) 919-6701

**Counsel for Defendants**
**Takeda Pharmaceutical Company Limited**
**(f/k/a Takeda Chemical Industries, Ltd.)**

JENNER & BLOCK, LLP

/s/ Robert R. Stauffer
Robert R. Stauffer
330 North Wabash Avenue
Chicago, IL 60611-7603
Tel.:  (312) 222-9350
Fax:  (312) 527-0484

BALLARD SPAHR LLP

/s/ Joseph H. Kenney
Joseph H. Kenney
John B. Kearney
Plaza 1000, Suite 500
Main Street
Voorhees, NJ 08043-4636
Tel.:  (856) 761-3400
Fax:  (856) 761-1020

**Counsel for Defendants
Wyeth and Wyeth Pharmaceuticals**

OBER, KALER, GRIMES & SHRIVER

/s/ Kelly Davidson
Kelly Davidson
S. Craig Holden
M. Hamilton Whitman
Elissa F. Borges
120 East Baltimore Street
Baltimore, MD 21202-1643
Tel.:  (410) 685-1120
Fax:  (410) 547-0699

HERTEN, BURSTEIN, SHERIDAN,
CEVASCO,BOTTINELLI, LITT & HARZ, LLC

/s/ Thomas J. Herten
Thomas J. Herten
Thomas S. McGuire
21 Main Street, Suite 353
Court Plaza South-West Wing
Hackensack, NJ 07601-7095
Tel.:  (201) 342-6000
Fax:  (201) 342-6611

**A**

**Appendix A to Defendants' Brief in Opposition to Plaintiff's
"Motion to Add Putative Class Representatives"**

**INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL NO. 68 WELFARE FUND
(An Unincorporated Trust), Plaintiff,
v.
ASTRAZENECA, PLC., et al., Defendants**
Case No.:  MON-L-3136-06

| Defendant | Drugs Attributed To Defendant In IUOE Complaint | Drugs Named by Local 690 | Drugs Named by Local 322 |
|---|---|---|---|
| AstraZeneca | Zoladex<br>Arimidex<br>Casodex<br>Nolvadex<br>Tomudex<br>Diprivan<br>Prilosec<br>Nexium<br>Cefotan<br>Elavil Injection<br>Faslodex<br>Foscavir<br>Merrem<br>Tenormin Injection<br>Xylocaine Injection | Nexium | |
| TAP | Lupron<br>Prevacid | Prevacid | |
| Takeda | Lupron<br>Prevacid | Actos | |
| Alza | Viadur | | Viadur |

| Defendant | Drugs Attributed To Defendant In IUOE Complaint | Drugs Named by Local 690 | Drugs Named by Local 322 |
|---|---|---|---|
| G.D. Searle | Adriamycin PFS<br>Adrucil<br>Amphocin<br>Aromasin<br>Camptosar<br>Cleocin Phosphate<br>Cytosar-U<br>Depo-Testosterone<br>Ellence<br>Glynase<br>Idamycin<br>Medrol<br>Micronase<br>Neosar<br>Solu-Cortel<br>Toposar<br>Trelstar<br>Vincasar | | Synarel |

| Defendant | Drugs Attributed To Defendant In IUOE Complaint | Drugs Named by Local 690 | Drugs Named by Local 322 |
|---|---|---|---|
| Boehringer Ingelheim Corporation, Ben Venue (and its division Bedford Labs), Roxanne Laboratories[1] | Acyclovir<br>Amikacin sulfate<br>Bleomycin<br>Cisplatin<br>Cyclosporine<br>Cytarabine<br>Doxorubicin Hydrochloride<br>Doxycycline<br>Etoposide<br>Ipratropium bromide<br>Leucovorin calcium<br>Methotrexate<br>Mitomycin<br>Paclitaxel<br>Pamidronate disodium<br>Vinblastine sulfate | | Alupent<br>Atrovent<br>Combivent [2] |
| Wyeth | Ativan<br>Benefix<br>Mylotarg<br>Neumega<br>Pipracil<br>Refacto<br>Reglan<br>Zocyn<br>Protonix | Protonix | |

---

[1] IUOE's Complaint improperly groups together these entities as "The Boehringer Defendants," but in fact, Boehringer Ingelheim Corporation, Ben Venue, and Roxane Laboratories are distinct companies with different drugs and different labeler codes.  For purposes of this the chart, these entities are combined to reflect the allegations as they appear in IUOE's Complaint and the certifications submitted on behalf of Local 322 and Local 690.

[2] The three drugs referenced for Boehringer Ingelheim Corporation (BIC) in Local 322's certification -- Alupent, Atrovent, and Combivent -- are not manufactured or sold by BIC, but rather by a separate Boehringer entity that is not a party to this case.  BIC is largely a parent holding company that does not manufacture or sell any prescription drugs.

| Defendant | Drugs Attributed To Defendant In IUOE Complaint | Drugs Named by Local 690 | Drugs Named by Local 322 |
|---|---|---|---|
| Novartis | Aredia<br>Femara<br>Gleevec/Glivec<br>Lentaron<br>Leucomas<br>Navoban<br>Neoral<br>Orimeten<br>Sandimmum Neoral<br>Simelect<br>Zometa | Diovan | |
| Alpha | Venoglobulin-S<br>Alphanate<br>AlphaNine SD<br>Profilnine SD<br>Albutein 5%<br>Albutein 10%<br>Albutein 25% | Venoglobulin-S | |
| Hoffmann-La Roche | Kytril<br>Roferon-A<br>Vesanoid<br>Xeloda<br>Rocaltrol<br>Cellcept | Cytovene | |
| Sanofi-Synthelabo | Eligard<br>Plavix<br>Avapro<br>Ambien<br>Primacor<br>Hyalgan | Plavix | |