# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

### CERTAIN NAMED PLAINTIFFS' RESPONSE TO CLASS COUNSELS' MOTION FOR BRIEF EXTENSION OF TIME TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO ADD INDIVIDUAL PLAINTIFFS AS CLASS <u>REPRESENTATIVES FOR TRACK TWO SETTLEMENT</u>

Certain Named Plaintiffs hereby oppose Class Counsel's Motion for Brief Extension of Time to File Reply Brief in Support of Motion to Add Individual Plaintiffs as Class Representatives and Respond as follows:

1.    Admitted. By way of further response, Class Counsel's Motion to Add Individual Plaintiffs was filed on Wednesday June 1, 2011, more than three (3) years after the Subject Track 2 settlement was entered into by Class Counsel, who at that time did not have a suitable consumer class representative. Although the Local Rules allow fourteen (14) days to respond to the Motion, this Court entered an electronic Order, received by the undersigned's firm via ECF Notification at 7:44 a.m. Tuesday June 14, 2011, stating that "Opposition to Class Motion to Add Individual Plaintiffs as Class Representatives for Track Two

Settlement [are] due by 6/14/11."  Though the Court *sua sponte* shortened the time to respond to Class Counsel's Motion, given the gravity and unprecedented nature of the relief sought by Class Counsel in the Motion, the undersigned immediately turned to responding to the Motion due to the Court's admonition that "the oppositions to the motions to amend should come in tomorrow or they're untimely."  June 13, 2011 Hrg. Tr. at 83:11-13.  The undersigned struggled to file and serve their Opposition - which required extensive legal research in a novel area[1] and extensive review of the complex and massive docket in this case.  Technological glitches caused the filing to be made at 12:54 a.m. on June 15.  Because Class Counsel seek to capitalize on this point, at most they should be given one additional hour to file their Reply.

    2.    Admitted in part, denied in part.  It is admitted that Certain Named Plaintiffs' Opposition was filed at 12:54 a.m. on June 15.  For the reasons set forth above, it is denied that the filing was "one day late".

---

1 Research was necessary both to confirm this Court's stated beliefs that there was no cases supporting having associations that cannot serve as litigation class representatives serve as settlement class representatives, June 13, 2011 Hrg. Tr. at 26:9-18, and that there were no cases allowing consumers who were presented with a settlement that they served absolutely no role in negotiating as a fait accompli to nonetheless serve as class representatives for said settlement, *Id.* at 27:2-10, as well as to demonstrate to the Court the critical importance of conducting a thorough standing analysis as to each individual proffered putative class representative - analysis that this Court seemed to not be inclined to undertake.  *See  Id* at 43:25-44:8 (wherein the undersigned attempted to go through a standing analysis of each proffered representative and the Court interrupted, dismissing the standing analysis, stating: "[t]here will clearly be parties.  The issue is whether or not they're fair and adequate class representatives"); *See also Id* at 71:15-16 (wherein the Court stated that "you do [have class representatives with standing] now.")

3. No response necessary.

4. Denied. It is denied that this Court will not be prejudiced by Class Counsel's latest delay.

5. Admitted. For the reasons set forth in Exhibit "A" to Class Counsel's Motion, as well as Response No. 1, *supra,* the undersigned does not agree to any further delay by Class Counsel.

Dated: June 20, 2011              /s/ Donald E. Haviland, Jr._____
                                  Donald E. Haviland, Jr., Esquire
                                  Michael J. Lorusso, Esquire
                                  **Haviland Hughes, LLC**
                                  111 S. Independence Mall East, Suite 1000
                                  Philadelphia, PA 19106
                                  (215) 609-4661

                                  Attorneys for Certain Named Plaintiffs

## **CERTIFICATE OF SERVICE**

I, Donald E. Haviland, Jr., hereby certify that on June 20, 2011 the foregoing Certain Named Plaintiffs' Response to Class Counsels' Motion for Brief Extension of Time to File Reply Brief in Support of Motion to Add Individual Plaintiffs as Class Representatives for Track Two Settlement was filed via CM/ECF and all counsel of record were served via ECF notification.

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr.
