**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: TRACK TWO SETTLEMENT | CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |

**TRACK TWO DEFENDANTS' MEMORANDUM IN SUPPORT OF TRACK TWO CLASS ACTION SETTLEMENT**

The Track 2 Defendants submit this memorandum in response to the Court's June 14, 2011 Order requesting a brief on the appropriate handling of drugs in the Track 2 settlement that were previously stricken from the litigation on procedural grounds. This Order was prompted by objections to the Track 2 Settlement lodged by Mr. Haviland during a hearing before the Court on June 13, 2011. Mr. Haviland argues that these drugs cannot be included in the settlement, and that the thousands of class members who have filed claims for compensation based upon their use of these drugs should be denied settlement benefits. Mr. Haviland is wrong on the law and the equities.

Mr. Haviland's June 13th attack on the Track 2 settlement is simply another effort to derail the settlement. The drugs in question have been identified in Exhibit B to the Settlement since 2008. This issue has been briefed by Class Counsel and, on April 27, 2009, the Court heard argument on it. The Court's conclusion then was that "I think this is a fair settlement . . . ." (Tr. at 42). Nothing that has transpired since that time would suggest the Court should change its view of the settlement. Indeed, to the contrary, thousands of settlement class members, relying upon the Court's Notice, have taken the time and effort to submit claims for compensation.

The issue presented by Mr. Haviland's recycled objection is straightforward and uncomplicated. Does the Court's April 13, 2006 decision to strike drugs named by Class Counsel after a deadline to do so had passed preclude the parties from including those drugs in the Track 2 settlement? The answer is that there is no legal or factual support for Mr. Haviland's position. To the contrary, the law, the facts and the equities argue strongly in favor of the integrity of the Track 2 settlement, which was concluded more than three years ago.

**LAW AND ARGUMENT**

The Court will recall the events that led to the April 13, 2006 Order striking certain drugs from the litigation. On November 21, 2005, the Court entered CMO 16, which allowed Class Counsel to identify individual class representatives against the Track 2 Defendants. On March 1, 2006, Class Counsel filed the Fourth Amended Master Consolidated Class Action Complaint ("FAMCC"), which attempted to add new drugs to those already at issue through the individual class representative allegations. On March 10, 2006, Class Counsel served a "Notice of Errata," which added missing Appendices to the FAMCC. Appendix A specified the drugs to be added to those already subject to discovery.

On March 14, 2006, the Track 2 Defendants moved to strike portions of the FAMCC and Notice of Errata. Defendants argued that Class Counsel should not be allowed to expand the universe of drugs subject to discovery because they had not proffered any valid reason for their delay in doing so, Defendants would be prejudiced by the addition of these drugs, and the case would be further delayed to conduct additional discovery on the new drugs. Dkt. No. 2249. On April 13, 2006, the Court granted Defendants' motion, in part. ("I strike the new drugs.") (Electronic Order entered 4/13/2006).

From this routine case management decision, Mr. Haviland attempts to construct a substantive judicial limit on the subject matter of the Track 2 Settlement. This argument must fail.

First, these drugs were specifically identified by Class Counsel as "AWP Inflated Drugs" for which Class Counsel sought damages from the Track 2 Defendants. It was not clear that the Court's April 13th procedural Order would – or could – operate as a bar to Plaintiffs' recovery of damages attributable to these drugs. The Order presented a setback for Class Counsel, but, at a minimum, was subject to appellate challenge, and the Track 2 Defendants agreed to include the drugs in the settlement precisely because the door remained open to future claims based upon them. Accordingly, resolution of Plaintiffs' damages claims for these drugs was a proper subject for the Track 2 Class Action Settlement.

Second, even if these drugs had never been identified in any of the Complaints, it is hornbook law in the First Circuit and elsewhere that broad class action settlements are common; if the rule were otherwise defendants would face nearly limitless liability from parasitic, follow-on lawsuits. *City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*, 100 F.3d 1041, 1044 (1st Cir. 1996); *Wal-Mart Stores Inc. v. Visa USA, Inc.*, 396 F.3d 96, 106 (2d Cir. 2005). As the Second Circuit observed in the *Visa USA* case, "Class action releases may include claims not presented and even those which could not have been presented as long as the released conduct arises out of the 'identical factual predicate' as the settled conduct." *Id.* at 107. The factual predicate includes "any conduct that was alleged in the complaint or was, or could have been, asserted in th[e] litigation." *See id.* Obviously, Class Counsel's inclusion of the drugs in the FAMCC satisfies this "factual predicate" test. Moreover, a class action release may be "very broad" and

encompass "known and unknown" claims beyond the complaint, claims that were never pled, and parties who were never named in the action. *See id.* at 112-13.

The First Circuit recognized these principles in *City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*, 100 F.3d 1041, 1044 (1st Cir. 1996). This Court had approved a class settlement agreement containing a broad release of all claims pertaining to the subject matter of the litigation, including unpled claims. *See id*. at 1043. The First Circuit affirmed this Court's decision, holding that regardless of whether claims are named in the complaint, "it is well-settled that . . . a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action." (quoting *TBK Partners, Ltd. v. Western Union Corp.* 675 F.2d 456, 460 (2d Cir. 1982)).

In this litigation, the Court previously noted that the Track 2 settlement classes may be broader than the litigated classes: "So it's the difference between a settlement class, which is broader, and a litigation class?"; ". . . and Track Two is much broader because they're settlement classes . . . ." (April 9, 2008 Hearing Tr. at 7-8.) Broad class action releases are particularly important when the lack of a release would "invite relitigation of the same factual allegations . . . ." *See Visa USA* at 109.

Third, the scope of the drugs listed in Exhibit B to the Track 2 Settlement Agreement provided the consideration for the Track 2 Defendants to enter into the settlement. The settlement was the result of months of intense, arms-length, negotiation conducted under the auspices of the court-appointed mediator, Eric Green. The issue of which drugs would be included in the release was particularly important. Defendants agreed to the settlement based on the listing of drugs in the release. The truth is that the Track 2 Defendants would not have

entered into the settlement – or would certainly have paid much less than $125 million – if drugs identified during the litigation were excluded from the settlement. And class members would have been deprived of a choice of participation for no reason.

Finally, even if carving these drugs out of the Track 2 Settlement was possible without terminating the settlement (which it is not), such a wholesale change in the scope of the settlement release would require re-noticing, further delaying the payout for all class members, regardless whether their drugs are subject to Mr. Haviland's objection or not. The process of retrieving data from CMS for each of these drugs, sending individualized mail notice to claimants and evaluating their claims has been costly and has already taken years. Going back to square one at this late date would make no sense, would only serve to further delay the settlement, and would deprive thousands of consumers, whom Mr. Haviland purports to represent, of settlement benefits agreed to by all parties more than three years ago after long, hard negotiations.

**CONCLUSION**

The Court granted preliminary approval of the Track 2 Settlement on July 2, 2008. The Court has held four hearings addressing objections to the Track 2 Settlement, and has heard Mr. Haviland's objections twice before. Neither the Track 2 Defendants' 2006 motion to avoid expanded discovery, nor the Court's allowance of that motion, is particularly relevant to the question now before the Court – whether the Track 2 Settlement is fair and reasonable.

For these reasons, the Court should grant final approval of the Settlement.

Respectfully submitted,

/s/ Michael L. Koon____________

Michael L. Koon
James P. Muehlberger

SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550

Attorneys for Aventis Pharmaceuticals Inc. and on behalf of the following Track Two Defendants:

Abbott Laboratories, Amgen Inc., Aventis Pharmaceuticals Inc., Baxter Healthcare Corp., Baxter International Inc., Bayer Corporation, Dey, Inc., Fujisawa Healthcare Incorporation, Fujisawa USA, Inc., Hoechst Marion Roussel, Inc., Immunex Corporation, Pharmacia Corp., Pharmacia & Upjohn LLC (f/k/a Pharmacia & Upjohn, Inc.), Sicor, Inc. f/k/a Gensia, Inc., Gensia Sicor Pharmaceuticals, Inc., Sicor Pharmaceuticals, Inc., Watson Pharmaceuticals, Inc., and ZLB Behring L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2011, a true and correct copy of the foregoing **TRACK TWO DEFENDANTS' MEMORANDUM IN SUPPORT OF TRACK TWO CLASS ACTION SETTLEMENT** was served upon all counsel of record via electronic service by causing a copy to be sent to Lexis-Nexis File & Serve.

/s/ Michael L. Koon____________

Michael L. Koon