# United States Court of Appeals
## For the First Circuit

No. 10-1959

IN RE: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE LITIGATION.

Before

Lipez, Howard and Thompson,
<u>Circuit Judges</u>.

JUDGMENT

Entered:  June 23, 2011

      This is an appeal from part of an order entered by the district court in this nationwide multi-district class action challenging the pricing of drugs based on their "Average Wholesale Price" or "AWP."  <u>See generally</u> <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>, 582 F.3d 231, 232 (1st Cir. 2009).  The order in question allowed two individual plaintiffs, represented by Donald E. Haviland, Jr. ("Haviland"), to withdraw as class representatives but conditioned their withdrawal on their not serving as class representatives in any proposed class action involving AWP and on Haviland's "not serving as class counsel in any federal litigation involving challenges to AWP."  Haviland filed a notice of appeal from that latter condition, which his notice of appeal characterized as a "final order and judgment."  The class plaintiffs have moved to dismiss the appeal for lack of appellate jurisdiction.  For the following reasons, we grant the motion and dismiss the appeal.

      Haviland has now abandoned any argument that the order appealed from is a final judgment.[1]  He now argues primarily that it is an injunction immediately appealable under 28 U.S.C. § 1292(a)(1).  Alternatively, he argues that it is an immediately appealable collateral order.

      Whether an interlocutory order is properly characterized as an injunction for purposes of section 1292(a)(1) depends on the order's substance or practical effect.  <u>Charlesbank Equity Fund II</u> v. <u>Blinds to Go, Inc.</u>, 370 F.3d 151, 156 (1st Cir. 2004).  Where, as here, the order functions as an attorney disqualification order, it is considered as such and therefore is not immediately appealable under section 1292(a).  <u>Chronicle Publ'g Co.</u> v. <u>Hantzis</u>, 902 F.2d 1028, 1030 (1st Cir. 1990) (per curiam) (dicta) (citing cases to that effect from other jurisdictions).  Haviland's challenges to the order as

---

[1] Haviland also expressly eschews any argument that the order is an appealable sanction.  Nor does he seek to invoke this court's mandamus jurisdiction, which would be unavailing in any event, given the discretionary nature of disqualification orders.  <u>In re Bushkin Assocs., Inc.</u>, 864 F.2d 241, 245-46 (1st Cir. 1989).

impermissibly broad and beyond the district court's authority go to the merits of the order and the district court's jurisdiction to issue it, not to this court's jurisdiction to review it at this juncture.

Assuming that Haviland's alternative basis for appellate jurisdiction--the collateral-order doctrine--which is raised only in a footnote, was not waived by insufficient development, United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), it can be quickly dispatched. As held by the Supreme Court, an order disqualifying counsel is not immediately appealable under the collateral-order doctrine. Richardson-Merrell, Inc. v. Koller, 472 U.S. 436, 440-41 (1985); see also Chronicle Publ'g Co., 902 F.2d at 1030 n.3 (dicta) (citing Koller for that point).

Accordingly, this appeal is dismissed for lack of appellate jurisdiction.

By the Court:


/s/ Margaret Carter, Clerk


cc:

Steve W. Berman
William F. Cavanaugh, Jr.
Jennifer F. Conolly
Marc. H. Edelson
David M. Glynn
Donald E. Haviland, Jr.
Jeffrey Kodroff
Michael L. Koon
Seunghwan Kim
Michael Lorusso
John A. Macoretta
Adeel Abdulllah Mangi
Sean R. Matt
Victoria E. Phillips
Andrew D. Schau
Kenneth A. Wexler
D. Scott Wise