# Exhibit 2



25142054

May 12 2009
3:44PM

# KEEFEBARTELSCLARK

ATTORNEYS AT LAW • *A Limited Liability Company*

170 Monmouth Street
Red Bank, NJ 07701
732-224-9400
732-224-9494 (Fax)

———————

John E. Keefe, Jr.[1][△]
Patrick J. Bartels*
Gerald H. Clark [1][□]

———————

Sarah K. Delahant [□]
John E. Gregory, Jr.[□]
Joshua S. Kincannon [○]
Robert A. Storino[□]
Stephen T. Sullivan, Jr.*

Of Counsel
John E. Keefe, Sr.
Julius J. Feinson

CERTIFIED CIVIL TRIAL ATTORNEY[1]

NJ & PA Bar*
NJ & NY Bar[□]
NJ & FL Northern Dist. & DC Bar[△]
NJ, PA, & FL Northern Dist.[○]

May 12, 2009

**VIA HAND DELIVERY**
Civil Clerk
Monmouth County Superior Court
71 Monument Street
Freehold, NJ 07728

Re:   **International Union of Operating Engineers, Local
No. 68 Welfare Fund v. Astra Zeneca, et.al.**
Docket No.: MON-L-3136-06

Dear Sir or Madam:

This law firm is co-counsel to the plaintiff in the above-mentioned matter. Enclosed please find an original and two copies of a Notice of Motion to Add Putative Class Representatives, Brief in Support of Plaintiff's Motion to Add Putative Class Representatives, Certification of Counsel with attached exhibits and a proposed Order, which is presently returnable for May 28, 2009.

Kindly file same returning a "filed" copy to this office in the enclosed self-addressed stamped envelope provided. Please charge any filing fees to our account #141574.

Very truly yours,

STEPHEN T. SULLIVAN, JR.
For the Firm

Enclosures
STS:md
cc: Counsel of Record (via Lexis-Nexis)



Newark   •   Red Bank   •   Edison



25142054
May 12 2009
3:44PM

Donald E. Haviland, Jr., Esquire
Adam S. Levy, Of Counsel
Michael J. Lorusso, Esquire
The Haviland Law Firm
112 Haddontowne Court
Suite 202
Cherry Hill, NJ 08034
Telephone: (856) 354-0030

John E. Keefe, Jr., Esquire
Stephen T. Sullivan, Jr., Esquire
Keefe Bartels Clark
170 Monmouth Street
Red Bank, New Jersey 07701
Telephone: (732) 224-9400
COUNSEL FOR PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 68,
WELFARE FUND AND THE CLASS

---

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund (an unincorporated trust)<br><br>Plaintiff,<br><br>v.<br><br>AstraZeneca PLC; et al.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>CIVIL ACTION NO. MON-L-3136-06<br><br>**NOTICE OF MOTION TO ADD PUTATIVE CLASS REPRESENTATIVES** |

---

TO:    ALL DEFENSE COUNSEL ON SERVICE LIST

**PLEASE TAKE NOTICE** that on May 28, 2009, or another date and time to be

determined by the Court, counsel for the plaintiff, International Union of Operating Engineers,

Local No. 68 Welfare Fund, and for the Class, shall move before the Honorable Louis F.

Locascio, J.S.C., Superior Court of New Jersey, Law Division, Monmouth County, for an Order

permitting the addition of Plumbers' Union Local 690 Health Plan and UA Local Union No. 322

Health and Welfare Fund as putative class representatives.

**PLEASE TAKE FURTHER NOTICE** that plaintiff shall reply upon the attached Brief

in Support of Motion to Add Putative Class Representatives and Certification of Counsel. A

proposed form of Order is attached.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff hereby requests oral argument on this Motion.

I certify that the Clerk of Monmouth County was served on this date with the original motion papers via Hand Delivery. Additionally, I certify that all counsel of record were served on this date with a copy of these motion papers via Lexis-Nexis, the Court-approved electronic document delivery system.

Dated: May 12, 2009              By:    *Donald E. Haviland Jr.*
                                        Donald E. Haviland, Jr., Esquire
                                        Adam S. Levy, Of Counsel
                                        Michael J. Lorusso, Esquire
                                        The Haviland Law Firm
                                        112 Haddontowne Court
                                        Suite 202
                                        Cherry Hill, NJ 08034
                                        Telephone: (856) 354-0030

                                        John E. Keefe, Jr., Esquire
                                        Stephen T. Sullivan Jr., Esquire
                                        Keefe Bartels Clark
                                        170 Monmouth Street
                                        Red Bank, New Jersey 07701
                                        Telephone: (732) 224-9400

                                        Kent M. Williams, Esquire
                                        Law Offices of Kent M. Williams
                                        1632 Homestead Trail
                                        Long Lake, MN 55356
                                        Telephone: (763) 473-0314

                                        COUNSEL FOR PLAINTIFF AND THE CLASS

2

LEXISNEXIS® FILE & SERVE
25142054
E-SERVICE
May 12 2009
3:44PM

Donald E. Haviland, Jr., Esquire
Adam S. Levy, Of Counsel
Michael J. Lorusso, Esquire
THE HAVILAND LAW FIRM
112 Haddontowne Court, Suite 202
Cherry Hill, NJ 08034
Telephone:  (856) 354-0030

John E. Keefe, Jr., Esquire
Stephen T. Sullivan, Jr., Esquire
KEEFE BARTELS CLARK
170 Monmouth Street
Red Bank, NJ 07701
Telephone:  (732) 224-9400

COUNSEL FOR PLAINTIFFS AND THE CLASS

| | |
|---|---|
| International Union of Operating Engineers,  Local No. 68 Welfare Fund (an unincorporated trust)<br><br>Plaintiff,<br><br>v.<br><br>AstraZeneca PLC; et al.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  MONMOUTH COUNTY<br><br>CIVIL ACTION NO. MON-L-3136-06<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ADD PUTATIVE CLASS REPRESENTATIVES** |

## I.    INTRODUCTION AND BACKGROUND

On May 1, 2009, the Appellate Division affirmed this Court's Orders of August 1, 2008,

denying Defendants' Motion to Dismiss Plaintiff's Complaint with prejudice for failure to

comply with class certification discovery, and granting Plaintiff's motion to vacate the

previously entered dismissal without prejudice and to reinstate the Complaint, and remanded for

further proceedings.  *See generally International Union of Operating Engineers, Local No.68*

*Welfare Fund v. AstraZeneca PLC*, Docket No. A-0605-08T2 (App. Div., May 1, 2009) ("*Local*

*68 v. AstraZeneca*, App. Div."), a true and correct copy of which is attached as Exhibit A to the

accompanying Certification of Donald E. Haviland, Jr., Esquire, in Support of Plaintiff's Motion

to Add Putative Class Representatives ("Haviland Certification").   Plaintiff, Local 68 Fund,

hereby files the instant Motion to Add Putative Class Representatives and this supporting Brief

to add as putative class representatives in this action Plumbers' Union Local 690 Health Plan

("Local 690 Fund") and United Association Local Union No. 322 Health and Welfare Fund
("Local 322 Fund").

The Appellate Division's opinion and decision contemplates that Plaintiff would seek to
move this Court to add these putative class representatives.  Prior to the appeal, the Court also
contemplated such Motion at the conclusion of the August 1, 2008 hearing when it said, "stay
tuned." *See* August 1, 2008 Tr. 81:10.  Plaintiff now so moves.  Although Local 68 Fund
remains as Plaintiff and a class member in this case, it no longer seeks to serve as a class
representative because of its inability to have its officer, Dennis Giblin, appear for deposition in
the class discovery phase of this case.  The addition of Local 690 Fund and Local 322 Fund as
putative class representatives – both of which are willing and able to comply fully with all
discovery obligations in the case – will enable the putative class to continue to advance this
litigation through at least the class certification phase, and thereby avoid losing years of time,
effort and expense, which this Court previously found (and the Appellate Division affirmed) as a
sufficient basis for deciding that exceptional circumstances existed to permit reinstatement of
Plaintiff's Complaint.

The Appellate Division unambiguously rejected Defendants' contention that this Court
acted unfairly or erroneously in reinstating the Complaint, given that the issue of class
certification was pending and that Local 690 Fund and Local 322 Fund were willing to be added
to serve as class representatives and to comply with Defendants' outstanding discovery requests.
*Local 68 v. AstraZeneca*, App. Div., at 13-14.  The Appellate Division recognized that the
discovery at issue related to class certification, not the merits.  *Id.* at 14-15.  The Appellate
Division found it significant that, although Plaintiff was unable to produce Mr. Giblin for

2

deposition, Local 690 Fund and Local 322 Fund have agreed to serve as class representatives and to participate fully in all aspects of the litigation (including all aspects of discovery), and that the new putative class representatives would provide the outstanding class discovery that had been sought by the Defendants. *Id.* at 10, 13-15. For all these reasons, the Appellate Division found this Court's Order of reinstatement to be just.

Moreover, the Appellate Division ruled that this Court did not err in finding exceptional circumstances. The Appellate Division agreed with this Court that exceptional circumstances exist where Plaintiff's dismissal from the case would result in complete dismissal of a class action, at the cost of some six years of litigation effort and expense. *Id.* at 16-18.

The Appellate Division shared this Court's desire to preserve years of litigation effort, and referred specifically to defense counsel's concession that if the new class representatives' claims were the same, "'there would be no reason to redo [discovery].'" *Id.* at 14 (quoting defense counsel). Thus, the Appellate Division envisioned that Plaintiff would file the instant motion in order to preserve this putative class action case via suitable additional class representatives being added without having to start the case over from scratch.

## II.   **ARGUMENT**

Addition of new putative class representatives, to take the place of a named plaintiff whose ability to serve is wanting, problematic, or improper, is commonly permitted and does not require formal amendment of the complaint, formal intervention, or naming the new putative class representatives as plaintiffs in the case. *See, e.g., Norwood v. Raytheon Co.*, 237 F.R.D. 581, 588 n.12 (W.D.Tex. 2006) (federal class action Rule 23(a) does not require class representatives to be named plaintiffs in the case); *In re Telectronics Pacing Sys.*, 172 F.R.D.

271, 283 (S.D.Ohio 1997) ("While it seems unusual that a class representative has not sued individually, the Court finds no requirement in Rule 23 that they do so.... [W]e find it unnecessary for a class member to have filed an individual action in order to qualify as a class representative."); *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539, 542 (E.D.Mich. 2004) (granting motion to add class representative without requiring amendment of complaint); *Karnuth v. Rodale, Inc.*, 2005 WL 1683605 at *1 (E.D.Pa. July 18, 2005) (allowing new class representative without requiring amendment of complaint). *See also, Manual for Complex Litigation (Fourth)*, §21.26, at p.277 (where for any of numerous reasons replacement of a class representative becomes necessary or is otherwise appropriate, a court "may permit intervention by a new representative or may simply designate that person as a representative in the order granting class certification."); *Manual for Complex Litigation (Third)*, §30.16, at 222 ("If replacement is necessary, the court may permit intervention by a new representative. Formal intervention by class members is usually unnecessary and inadvisable.").

Plaintiff's Motion to Add Putative Class Representatives should be granted. First, Local 68 Fund is unable to continue as class representative in this matter. As the record demonstrates, this case was dismissed without prejudice because Local 68 Fund was unable to produce Dennis Giblin for deposition during class discovery. The dismissal was vacated and the Complaint was reinstated after Plaintiff advised this Court that new putative class representatives had been found, consistent with the Court's Order.

Second, the putative class representatives, Local 690 Fund and Local 322 Fund, are both members of the putative class. Both entities paid AWP-based prices for drugs manufactured and sold by one or more Defendants during the time period alleged in the Complaint. *See May 5,*

4

2009 Certification of Thomas J. McNulty at ¶3; May 8, 2009 Certification of John P. Shaloo at ¶3. These Certifications are attached as Exhibits B and C, respectively, to the accompanying Haviland Certification. Indeed, the collective drug purchases by these two entities establish standing to sue all of the Defendants in this case. As the Certifications demonstrate, Local 690 Fund and Local 322 Fund collectively purchased one or more drugs manufactured and sold by each Defendant directly, or by a co-conspirator of each Defendant. *See id.* As such, and as will be demonstrated more fully following the conclusion of class certification discovery (as part of the record in support of Plaintiff's Motion for Class Certification filed contemporaneously herewith)[1], the claims by Local 690 Fund and Local 322 Fund are representative of the class claims against each of the Defendants in this case.

Third, as discussed in Plaintiff's July 9, 2008 Brief in Support of Motion to Vacate the Court's Order of April 11, 2008 and Reinstate the Complaint ("Brief in Support of Motion to Vacate and Reinstate"), and as noted in the Appellate Division's opinion discussed above, Local 690 Fund and Local 322 Fund have agreed to act as class representatives and to participate fully in all aspects of the litigation, including class and merits discovery. *See* Brief in Support of Motion to Vacate and Reinstate at 4, 5 (citing July 7, 2008 Certifications of Thomas J. McNulty (of Local 690 Fund) and John P. Shaloo (of Local 322 Fund) in support of said Motion, attached as Exhibits "I" and "J," respectively, to the July 9, 2008 Certification of Donald E. Haviland, Jr., Esquire in Support of Plaintiff's Motion to Reinstate the Complaint). Local 690 Fund and Local 322 Fund understand and agree that they "must fully and responsively provide responses to outstanding discovery requests by the defendants in this case[,]" including producing appropriate

---

[1]    Plaintiffs' counsel have reached out to defense counsel in an effort to come up with an agreed-upon schedule for briefing on Plaintiff's Motion for Class Certification, as part of an anticipated stipulated Case Management Order to address the remainder of this case.

corporate representatives for deposition, thereby fulfilling Plaintiff's discovery obligations. *Id.*
They intend to do so after this Court rules on the Motion to Add.

Fourth, in proposing the addition of Local 690 Fund and Local 322 Fund as the new
putative class representatives, no substantive factual allegations, claims or parties to the case are
being altered or amended.   Brief in Support of Motion to Vacate and Reinstate at 4.   Local 690
Fund and Local 322 Fund are simply proposing to change their status from that of absent class
members to putative class representatives. *See, e.g., American Pipe & Constr. Co. v. Utah,* 414
U.S. 538, 553 (1974) (noting that, during the pendency of the court's determination of class
certification, "potential class members are mere passive beneficiaries of the action brought on
their behalf"); *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 810 (1985) ("Unlike a defendant
in a normal civil suit, an absent class-action plaintiff is not required to do anything.  He may sit
back and allow the litigation to run its course, content in knowing that there are safeguards
provided for his protection.)  Their individual claims, and those of other putative class members,
will not be altered in any way by their addition as putative class representatives.  And, as the
Appellate Division noted, defense counsel has represented to this Court that there will be "no
reason to redo [discovery]," since the new putative class representatives' claims are the same.
*Local 68 v. AstraZeneca,* App. Div., at 14 (quoting defense counsel's representation).

Accordingly, as the legal authority provides, and as the Appellate Division recognized in
affirming this Court's decision vacating the earlier dismissal order, this Court should permit the
addition of Local 690 Fund and Local 322 Fund as new putative class representatives without
amendment of the complaint or formal intervention.  Local 68 Fund is unable to continue as
class representative in this matter.  But Local 690 Fund and Local 322 Fund collectively have

standing against each of the Defendants in this case, because they have certified that they are willing and able to comply with discovery. Their addition as putative class representatives will not cause any substantive changes to the Complaint. Accordingly, Plaintiff's motion to add Local 690 and Local 322 Funds as putative class representatives should be granted.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its Motion to Add Putative Class Representatives. A proposed Order accompanies the instant Motion and supporting Brief.

Dated: May 12, 2009                    By:    _Donald E. Haviland Jr._
                                              Donald E. Haviland, Jr., Esquire
                                              Adam S. Levy, Of Counsel
                                              Michael J. Lorusso, Esquire
                                              THE HAVILAND LAW FIRM
                                              112 Haddontowne Court
                                              Suite 202
                                              Cherry Hill, NJ 08034
                                              Telephone: (856) 354-0030

                                              John E. Keefe, Jr., Esquire
                                              Stephen T. Sullivan, Jr., Esquire
                                              KEEFE BARTELS CLARK
                                              170 Monmouth Street
                                              Red Bank, NJ 07701
                                              Telephone: (732) 224-9400

                                              Kent M. Williams, Esquire
                                              THE WILLIAMS LAW FIRM
                                              1632 Homestead Trail
                                              Long Lake, MN 55356
                                              Telephone: (763) 473-0314

                                              COUNSEL FOR PLAINTIFF AND THE CLASS

7



25142054

LEXISNEXIS® FILE & SERVE
E-SERVICE

May 12 2009
3:44PM

Donald E. Haviland, Jr., Esquire
Adam S. Levy, Of Counsel
Michael J. Lorusso, Esquire
The Haviland Law Firm
112 Haddontowne Court, Suite 202
Cherry Hill, NJ 08034
Telephone:  (856) 354-0030

CO-COUNSEL FOR PLAINTIFF AND THE CLASS

| | |
|---|---|
| International Union of Operating Engineers,  Local No. 68 Welfare Fund (an unincorporated trust)<br><br>Plaintiff,<br><br>v.<br><br>AstraZeneca PLC; et al.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  MONMOUTH COUNTY<br><br>CIVIL ACTION NO. MON-L-3136-06<br><br>**CERTIFICATION OF DONALD E. HAVILAND, JR., ESQUIRE IN SUPPORT OF PLAINTIFF'S MOTION TO ADD PUTATIVE CLASS REPRESENATIVES** |

I, Donald E. Haviland, Jr., of full age, certify:

1.      I am an attorney-at-law of the State of New Jersey and the managing

partner of The Haviland Law Firm.  This law firm is Co-Counsel to the Plaintiff and the

Class in the above-captioned matter.  As such, I am fully familiar with the facts contained

in this Certification.

2.      Exhibit A is a true and accurate copy of the opinion and decision of the

Appellate Division of the Superior Court of New Jersey in *International Union of*

*Operating Engineers, Local No.68 Welfare Fund v. AstraZeneca PLC*, Docket No. A-

0605-08T2 (App. Div., May 1, 2009).

3.      Exhibit B is a true and accurate copy of the Certification of Thomas J.

McNulty, dated May 5, 2009.

4.      Exhibit C is a true and accurate copy of the Certification of John P.

Shaloo, dated May 8, 2009.

5.      Thomas J. McNulty is the Fund Administrator for Plumbers Union Local No. 690 Health Plan ("Local 690 Fund"), and John P. Shaloo is the Fund Administrator for United Association Local Union No. 322 Health and Welfare Fund ("Local 322 Fund").  Mr. McNulty's May 5, 2009 Certification (attached hereto as Exhibit B) and Mr. Shaloo's May 8, 2009 Certification (attached hereto as Exhibit C), incorporate their respective prior July 7, 2008 Certifications submitted in conjunction with Plaintiff's July 9, 2008, Motion to Vacate the Court's Order of April 11, 2008 and Reinstate the Complaint ("Motion to Vacate and Reinstate").  As explained in the papers filed with this Court with respect to Plaintiff's prior Motion to Vacate and Reinstate, Local 690 and Local 322 Funds are both members of the putative Class, which Plaintiff Local 68 Fund sought to represent.  As more fully set forth in Mr. McNulty's and Mr. Shaloo's July 7, 2008, Certifications (attached as Exhibits I and J, respectively, to the Certification of Donald E. Haviland, Jr. Esquire in Support of Plaintiff's Motion to Reinstate the Complaint ("Haviland Certification")), Local 690 Fund and Local 322 Fund have both agreed to act as a putative class representatives and to participate fully in all aspects of the litigation, including discovery, and they both understand that the Funds must provide complete responses to outstanding discovery requested by the Defendants in this case.  *See* Exhibits I and J to Haviland Certification re Motion to Vacate and Reinstate.

6.      Moreover, as explained in Mr. McNulty's May 5, 2009 Certification, and in Mr. Shaloo's May 8, 2009 Certification, Local 690 Fund and Local 322 Fund both paid AWP-based prices for drugs manufactured and sold by one or more Defendants during the time period alleged in the Complaint.  *See* Exhibits B and C hereto.  The collective drug purchases by these two entities thus establish standing to sue each of the

2

Defendants in this case.  As the Certifications demonstrate, Local 690 Fund and Local 322 Fund collectively purchased one or more drugs manufactured and sold by each Defendant directly, or by a co-conspirator of each Defendant.  *See id.*  Therefore, the claims by Local 690 Fund and Local 322 Fund are representative of the class claims against each of the Defendants in this case.

7.      For these reasons, and the reasons more fully set forth in the accompanying Brief in Support of Plaintiff's Motion to Add Putative Class Representatives, Plaintiff respectfully requests that this Court allow the addition of Local 690 Fund and 322 Fund as putative class representatives in this action.

I certify that the statements made by me are true and accurate to the best of my knowledge and belief.  I understand that if any of these statements are willfully false, I am subject to punishment.

Dated: May 12, 2009

Donald E. Haviland, Jr.

# EXHIBIT A

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0605-08T2

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL NO. 68 WELFARE FUND,

     Plaintiff-Respondent,

v.

ASTRAZENECA PLC; ASTRAZENECA
PHARMACEUTICALS LP; ASTRAZENECA
LP; ZENECA, INC.; TAP PHARMACEUTICAL
PRODUCTS, INC.; ABBOTT LABORATORIES;
TAKEDA CHEMICAL INDUSTRIES, LTD;
G.D. SEARLE COMPANY; SANOFI-SYNTHELABO,
INC.; JOHNSON & JOHNSON; ALZA
CORPORATION; CENTOCOR, INC.; ORTHO
BIOTECH, INC.; ALPHA THERAPEUTIC
CORPORATION; HOFFMAN LA-ROCHE INC.;
AVENTIS PHARMACEUTICALS, INC.;
AVENTIS BEHRING L.L.C.; HOECHST
MARION ROUSSEL, INC.; BOEHRINGER
INGELHEIM CORPORATION; BEN VENUE
LABORATORIES, INC.; BEDFORD
LABORATORIES; ROXANNE LABORATORIES, INC.;
NOVARTIS INTERNATIONAL AG; NOVARTIS
PHARMACEUTICAL CORPORATION; WYETH;
WYETH PHARMACEUTICALS,

     Defendants-Appellants,

and

BAYER AG; BAYER CORPORATION;
MILES LABORATORIES, INC.; CUTTER
LABORATORIES, INC.; GLAXOSMITHKLINE,
P.L.C.; SMITHKLINE BEECHAM CORPORATION;
GLAXO WELLCOME, INC.; PHARMACIA
CORPORATION; PHARMACIA & UPJOHN, INC.;
MONSANTO COMPANY; AMGEN, INC.; IMMUNEX
CORPORATION; CENTEON, L.L.C.;

ARMOUR PHARMACEUTICALS; BAXTER
INTERNATIONAL INC.; BAXTER HEALTHCARE
CORPORATION; IMMUNO-U.S., INC.;
BRISTOL-MYERS SQUIBB COMPANY; ONCOLOGY
THERAPEUTICS NETWORK CORPORATION;
APOTHECON, INC.; DEY, INC.; FUJISAWA
PHARMACEUTICAL CO., LTD.; FUJISAWA
HEALTHCARE, INC.; FUJISAWA USA, INC.;
SANDOZ PHARMACEUTICAL CORPORATION;
SCHERING-PLOUGH CORPORATION; WARRICK
PHARMACEUTICALS CORPORATION; SICOR,
INC.; GENSIA SICOR PHARMACEUTICALS,
INC.; SAAD ANTOUN, M.D.; STANLEY C.
HOPKINS, M.D.; ROBERT A. BERKMAN, M.D.,

     Defendants.

Argued March 17, 2009 - Decided May 1, 2009

Before Judges Winkelstein, Fuentes and Gilroy.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, L-3136-06.

Andrew T. Berry argued the cause for appellants AstraZeneca PLC, AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca, Inc. (McCarter & English; D. Scott Wise (Davis Polk & Wardwell) of the New York Bar, admitted pro hac vice; Kimberly D. Harris (Davis Polk & Wardwell) of the New York Bar, admitted pro hac vice; and Antoinette Greenaway Ellison (Davis Polk & Wardwell) of the New York Bar, admitted pro hac vice, attorneys; Mr. Berry and David J. Cooner, of counsel; Katie A. Gummer, Mr. Wise and Ms. Harris, on the joint brief).

Riker, Danzig, Scherer, Hyland & Perretti; Lee Ann Russo (Jones Day) of the Illinois bar, admitted pro hac vice; and Adam W. Wiers (Jones Day) of the Illinois bar, admitted pro hac vice, attorneys for

appellants, TAP Pharmaceutical Products Inc. and Abbott Laboratories (Anne Patterson, Kelly Crawford, Ms. Russo and Mr. Wiers, on the joint brief).

Ballard Spahr Andrews & Ingersoll; Robert R. Stauffer (Jenner & Block) of the Illinois bar, admitted pro hac vice; and Nada Djordjevic (Jenner & Block) of the Illinois bar, admitted pro hac vice, attorneys for appellant, Takeda Pharmaceutical Company Limited (Joe Kenney, John Kearney, Mr. Stauffer and Ms. Djordjevic, on the joint brief).

Morgan, Lewis & Bockius, attorneys for appellant, G.D. Searle LLC (Frank Testa, Jaime L. Ghen and Jack Dodds, on the joint brief).

Connell Foley; James P. Muehlberger (Shook, Hardy & Bacon) of the Missouri bar, admitted pro hac vice; Pamela Macer (Shook, Hardy & Bacon) of the Missouri bar, admitted pro hac vice; Nicholas P. Mizell (Shook, Hardy & Bacon) of the Missouri bar, admitted pro hac vice; and Blakely J. Pryor (Shook, Hardy & Bacon) of the Missouri bar, admitted pro hac vice, attorneys for appellants, Aventis Pharmaceuticals, Inc., Hoechst Marion Roussel, Inc., ZLP Behring, LLC and Sanofi-Synthelabo, Inc. (Liza M. Walsh, Marc D. Haefner, Christine I. Gannon, Mr. Muehlberger and Mr. Pryor, on the joint brief).

McElroy, Deutsch, Mulvaney & Carpenter; Andrew D. Schau (Patterson Belknap Webb & Tyler) of the New York bar, admitted pro hac vice; William F. Cavanaugh, Jr. (Patterson Belknap Webb & Tyler) of the New York bar, admitted pro hac vice; and Adeel A. Mangi (Patterson Belknap Webb & Tyler) of the New York bar, admitted pro hac vice, attorneys for appellants, Johnson & Johnson, Centocor, Inc., Ortho Biotech, Inc. and ALZA

A-0605-08T2

Corporation (Robert C. Scrivo, Walter Timpone, Mr. Schau and Mr. Cavanaugh, on the joint brief).

Gibbons, P.C.; Grace M. Rodriguez (King & Spalding) of the DC bar, admitted pro hac vice; Ann Marie M. Malekzadeh (King & Spalding) of the DC bar, admitted pro hac vice; Simeon M. Schopf (King & Spalding) of the DC bar, admitted pro hac vice, attorneys for appellant, Hoffman-LaRoche, Inc. (Bruce Levy, Janet Costello, Ms. Rodriguez, Ms. Malekzadeh and Mr. Schopf, on the joint brief).

Sills Cummis & Gross; Helen E. Witt (Kirkland & Ellis) of the Illinois bar, admitted pro hac vice; Peter Asplund (Kirkland & Ellis) of the Illinois bar, admitted pro hac vice, attorneys for appellants, Boehringer Ingelheim Corporation, Ben Venue Laboratories, Inc., Bedford Laboratories, and Roxanne Laboratories, Inc. (Andrew W. Schwartz and Ms. Witt, on the joint brief).

Graham Curtin; Saul Morganstern (Kaye Scholer) of the New York bar, admitted pro hac vice; Jane W. Parver (Kaye Scholer) of the New York bar, admitted pro hac vice; Elisabeth C. Kann (Kaye Scholer) of the New York bar, admitted pro hac vice; Mark Godler (Kaye Scholer) of the New York bar, admitted pro hac vice; and Richard A. DeSovo (Kaye Scholer) of the New York bar, admitted pro hac vice, attorneys for appellant, Novartis Pharmaceuticals Corporation (Thomas Curtin, Kathleen Fennelly, Ms. Parver, Ms. Kann and Mr. DeSovo, on the joint brief).

Herten, Burstein, Sheridan, Cevasco, Bottinelli, Litt & Harz; Kelly J. Davidson (Ober, Kaler, Grimes & Shriver) of the Maryland bar, admitted pro hac vice; S. Craig Holden (Ober, Kaler, Grimes & Shriver) of the Maryland bar, admitted pro hac vice;

A-0605-08T2

Elissa F. Borges (Ober, Kaler, Grimes & Shriver) of the Maryland bar, admitted pro hac vice; and M. Hamilton Whitman, Jr. (Ober, Kaler, Grimes & Shriver) of the Maryland bar, admitted pro hac vice, attorneys for appellants Wyeth and Wyeth Pharmaceuticals (Thomas J. Herten, Thomas S. McGuire, Ms. Davidson, Mr. Holden, Ms. Borges and Mr. Whitman, on the joint brief).

Dennis M. Duggan, Jr. (Nixon Peabody) of the Massachusetts bar, admitted pro hac vice, argued the cause for appellant, Alpha Therapeutic Corporation (Nixon Peabody; David M. Ryan (Nixon Peabody) of the New York and Massachusetts bar, admitted pro hac vice; J. Christopher Allen (Nixon Peabody) of the Massachusetts bar, admitted pro hac vice; and Mr. Duggan, attorneys; Renee F. Bergmann, of counsel; Craig R. Tractenberg, on the brief).

Donald E. Haviland, Jr. argued the cause for respondent (Haviland Law Firm and Keefe Bartels & Clark, attorneys; Adam S. Levy, of counsel and on the brief; Mr. Haviland, Michael J. Lorusso, John E. Keefe, Jr., and Kent M. Williams, on the brief).

PER CURIAM

On leave granted, defendants appeal from an order of the Law Division denying their motion to dismiss plaintiff's putative class action complaint with prejudice for failure to comply with class certification discovery, and granting plaintiff's motion to vacate the previously entered dismissal without prejudice and to reinstate the complaint. We affirm.

On June 30, 2003, plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund (the Welfare

A-0605-08T2

Fund), filed a class action complaint alleging that defendants, pharmaceutical companies, engaged in a fraudulent scheme and conspiracy that caused plaintiff and others similarly situated to overpay for certain prescription drugs.   The trial court entered an order appointing a Special Master, Retired Judge William G. Bassler, to "facilitate the resolution of existing and future disputes between and among the parties."   The court ordered that all discovery disputes between the parties be resolved by Judge Bassler, who had the authority to recommend discovery schedules, supervise compliance with discovery obligations, and make rulings on all discovery disputes.   The court also authorized Judge Bassler to decide any other matters by consent of the parties or as referred by the court.

On November 12, 2007, pursuant to Judge Bassler's recommendation, the trial court entered a case management order, requiring the parties to complete class certification fact discovery by February 29, 2008.   To comply with that order, defendants served plaintiff with a notice of deposition for February 5, 2008.   The notice required plaintiff to designate "one or more officers, directors, managing agents or other persons to testify on [plaintiff's] behalf."   Defendants also served separate deposition notices for three of plaintiff's

6

executives, including its president, Dennis Giblin, noticing his deposition for February 25, 2008.

On February 1, 2008, not having received a response to their request for production of documents previously served on plaintiff, defendants postponed the corporate designee deposition to February 13, 2008. Defendants also requested that plaintiff provide them with the names of the witnesses expected to testify as to each topic identified in the deposition notice. In letters dated February 6 and 7, 2008, defendants again requested plaintiff to respond to their request for production of documents and identify the corporate designees who would be deposed on February 13, 2008. Still having received no response, defendants advised plaintiff on February 8, 2008, that they would proceed with the February 13, 2008, deposition, despite not having received responses to their discovery requests or plaintiff's identification of the corporate designee. On February 12, 2008, without defendants' consent, plaintiff's counsel adjourned the deposition.

At a February 14, 2008, discovery conference, plaintiff's counsel told Judge Bassler that plaintiff was also represented by separate defense counsel in a criminal investigation, and that plaintiff's criminal defense attorney indicated to plaintiff's counsel that it may be impossible for plaintiff to

A-0605-08T2

comply   with   certain   discovery   requests.     Accordingly,
plaintiff's  counsel  advised  Judge  Bassler  that  he  had  "good
reason  to  believe  that  Local  68  will  be  withdrawing  from  [the]
case  as  lead  plaintiff."    Plaintiff  would  then  "seek  a  stay  of
all  matters  pending  so  as  to  allow  for  an  opportunity  for  lead
plaintiff  counsel  to  amend  the  pleadings  to  substitute  in  .  .  .
an  acceptable  lead  plaintiff  before  .  .  .  we  go  any  further."
Judge  Bassler  ordered  a  moratorium  on  all  document  production
until  February  19,  2008,  and  ordered  plaintiff's  counsel  to
inform  him  and  the  parties  by  that  date  as  to  whether  plaintiff
would  remain  in  the  case  as  lead  plaintiff.

The  parties  and  Judge  Bassler  reconvened  on  the  latter
date.    Plaintiff's  counsel  told  him  that  plaintiff  would  "seek
to  be  substituted  out  as  the  named  representative,"  and  counsel
would  proceed  with  a  motion  to  stay  the  case  pending  an
application  to  substitute  the  named  representative  plaintiff  for
the  class  action.    Judge  Bassler  continued  the  moratorium  on  the
exchange  of  discovery  pending  plaintiff's  motion  for  a  stay.

On  February  26,  2008,  plaintiff  filed  a  motion  for  a  stay
of  discovery  for  ninety  days  "to  fully  evaluate  the  situation
and  undertake  the  best  course  of  action,  including  substituting
the  named  class  representative  plaintiff  if  necessary  to  protect
the  interests  of  the  putative  class."    Defendants  responded  with

A-0605-08T2

a motion to dismiss the complaint based on plaintiff's failure
to comply with discovery.  A class had not been certified as of
the date of defendants' motion.  On March 28, 2008, the trial
court granted plaintiff's motion for a stay, allowing an
additional sixty days from the date of the court's order on
defendants' motion to dismiss.

During oral argument on the motion to dismiss, the court
identified two grounds for defendants' motion: plaintiff's
withdrawal from the case and plaintiff's failure to comply with
discovery.  Defendants argued that plaintiff failed to produce a
witness for the corporate designee deposition, or Dennis Giblin,
the president of the Welfare Fund.  Although plaintiff claimed
that it was "ready and prepared" to produce a representative to
respond to defendants' corporate designee deposition notice, it
did not do so.  Plaintiff continued to refuse to produce Dennis
Giblin for a deposition.  Plaintiff's counsel admitted that
defendants were entitled to depose Giblin, but advised the court
that Giblin's criminal defense attorney "advised us that we
should put a hold on this," as Giblin was apparently a target of
a federal investigation.  As a result of plaintiff's failure to
produce Giblin to be deposed and comply with discovery, on April
11, 2008, the court granted defendants' motion to dismiss
without prejudice.  The court stated that plaintiff could move

A-0605-08T2

to reinstate the complaint if, within ninety days, it complied with defendants' discovery demands and paid $300.

On July 9, 2008, plaintiff moved to vacate the court's April 11, 2008 order dismissing the complaint without prejudice, and to reinstate the complaint. Although plaintiff had not produced Giblin for a deposition, plaintiff represented in its motion that two other unions, Local 690 and Local 322, had "agreed to act as a class representative and to fully participate in all aspects of litigation, including discovery." Plaintiff argued that the complaint should be reinstated and the dismissal order vacated because the two new proposed class representatives "intend[ed] to and [would] provide the outstanding class discovery."

Defendants filed their opposition to plaintiff's motion to vacate the dismissal and, pursuant to Rule 4:23-2(b) and Rule 4:23-4, filed a cross-motion to dismiss plaintiff's complaint with prejudice. Defendants argued that more than ninety days had passed since the April 11, 2008 order had been entered, and that plaintiff failed to cure the discovery deficiencies. Defendants further asserted that the purported substitute class representatives were not parties to the case, and defendants had not served discovery on them.

A-0605-08T2

The trial court granted plaintiff's motion to vacate the dismissal order and to reinstate the complaint and denied defendants' motion to dismiss the complaint with prejudice. In so ruling, the court relied on Rule 4:23-5, making the following findings:

> The rule we're dealing with is [Rule] 4:23-5. I already dismissed it without prejudice pursuant to [Rule 4:23-5a(1)]. Therefore, the rule I'm now dealing with, with respect to whether it's with prejudice or I vacate it, is based upon [Rule] 4:23-5[a](2). An order of dismissal without prejudice has been entered pursuant to [a](1), which is what I've done in April, and . . . the party entitled to discovery may, and this is the defendants, may after expiration of 90 days from the date of the order, move on notice for an order of dismissal with prejudice. And that's what the defendants have done in this case.
>
> Now, the last sentence of that rule reads as follows. The motion to dismiss with prejudice shall be granted, not may be granted, shall be granted unless a motion to vacate the previously entered order of dismissal without prejudice has been filed by the delinquent party, which has been done, and either the demanded and fully responsive discovery has been provided, which it hasn't been, or exceptional circumstances are demonstrated.

The court found exceptional circumstances to exist as the "case has been going on for years" and "a lot of years and lot of efforts, motions, time, expense would indeed be lost" should the case be dismissed on a "technical procedural ground."

11

A-0605-08T2

Although we do not fully endorse the trial court's reliance on Rule 4:23-5(a)(2) as a basis to reinstate the complaint, we do not find that the court's order reinstating plaintiff's complaint was an abuse of discretion.

"The dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases in which the order for discovery goes to the very foundation of the cause of action, or where the refusal to comply is deliberate and contumacious." Abtrax Pharms. v. Elkins-Sinn, 139 N.J. 499, 514 (1995) (quoting Lang v. Morgan's Home Equip. Corp., 6 N.J. 333, 339 (1951)). "The varying levels of culpability of delinquent parties justify a wide range of available sanctions against the party violating a court rule. . . . If a lesser sanction than dismissal suffices to erase the prejudice to the non-delinquent party, dismissal of the complaint is not appropriate and constitutes an abuse of discretion." Georgis v. Scarpa, 226 N.J. Super. 244, 251 (App. Div. 1988). Appropriate sanctions for a breach of discovery rules must be just and reasonable. Conrad v. Robbi, 341 N.J. Super. 424, 441 (App. Div.) (quotation omitted), certif. denied, 170 N.J. 210 (2001). The dismissal of a claim for failure to comply with discovery is the "last and least favorable option."

A-0605-08T2

Il Grande v. DiBenedetto, 366 N.J. Super. 597, 624 (App. Div. 2004).

Whether to grant or deny a motion to reinstate a complaint lies within the sound discretion of the trial court. Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (App. Div. 2008). An appellate court will decline to interfere with such matters of discretion unless it appears that an injustice has been done. Ibid. Guided by these principles, we conclude that the court did not abuse its discretion in reinstating plaintiff's complaint.

The court initially dismissed plaintiff's complaint without prejudice pursuant to Rule 4:23-2, for plaintiff's failure to comply with an order to make discovery. Specifically, plaintiff failed to produce corporate representatives for depositions. When a party fails to attend a deposition, Rule 4:23-4 provides that the court may make such orders "as are just," including, but not limited to, those authorized pursuant to Rule 4:23-2(b), which includes an order "dismissing the action or proceeding or any part thereof with or without prejudice." R. 4:23-2(b)(3).

The court subsequently ordered that the complaint be reinstated. That order too was just, given that class certification was still pending, and that plaintiff proffered that other unions were willing to become class representatives,

13

A-0605-08T2

and those unions would comply with defendants' discovery requests.

Although plaintiff did not produce Giblin for his deposition as the class representative, in its motion to vacate the dismissal order, plaintiff proffered two alternative plaintiffs to act as the class representative and "to fully participate in all aspects of litigation, including discovery." In considering plaintiff's proffer during the argument on defendants' motion to dismiss without prejudice, the court expressed its interest in preserving years of litigation effort that the parties had already expended, explaining that it did not "want this to start all over again if there's been stuff done for six years that applies to this case, I want it to be able to continue with some new plaintiff if they find one." Defense counsel represented to the court that "if the claims [by the new class representative] were the same . . . there would be no reason to have to redo [discovery]."

Thus, the court did not abuse its discretion in deciding that plaintiff's failure to produce Giblin for a deposition was cured by plaintiff's proffer of two substitute class representatives who would provide the class certification discovery demanded by defendants. And, as plaintiff points out, the requested discovery related to class certification, not the

14

A-0605-08T2

merits of the class action; thus, the corporate designee of the substitute class representative could provide the requested discovery.

That said, although Rule 4:23-5 is not, by its own terms,[1] specifically applicable to a dismissal based upon Rule 4:23-2(b), nothing in the rule precludes that analysis from being applied in a situation like the one we face here.

The underlying purpose of Rule 4:23-5 also supports the trial court's decision to apply the rule in this case. "[T]he main objective is to compel the [discovery] answers rather than to dismiss the case . . . ." Pressler, Current N.J. Court Rules, comment 1.1 on R. 4:23-5 (2009) (quoting Report of the Committee on Civil Practice, 125 N.J.L.J. Index page 421 (1990)). Moreover, "the salutary scheme of the . . . rule requires meticulous attention to its critical prescriptions, and particularly to those provisions which are intended to afford a measure of protection to the party who is faced with the ultimate litigation disaster of termination of his cause." Zimmerman v. United Services Auto Ass'n, 260 N.J. Super. 368, 376-77 (App. Div. 1992). Thus, the "critical prescriptions" of

---

[1] It is applicable to noncompliance with Rule 4:17 (failure to answer interrogatories); Rule 4:18 (failure to produce documents); and Rule 4:19 (failure to attend a physical or mental examination).

A-0605-08T2

the rule relate not to the specific discovery deficiency at issue, but to the procedural steps to be followed before imposing "the ultimate litigation disaster," ibid., that is, an order dismissing a complaint with prejudice. Consequently, the trial court did not abuse its broad discretion relying on the provisions of Rule 4:23-5 to analyze whether to reinstate plaintiff's complaint.

Defendants next argue that even if Rule 4:23-5(a)(2) is applicable, the court erred in finding exceptional circumstances to justify reinstating the complaint. We disagree.

Rule 4:23-5(a)(2) provides that a motion to dismiss with prejudice shall be granted unless the delinquent party files a motion to vacate and either fully responds to the demanded discovery or demonstrates exceptional circumstances. To show exceptional circumstances, "there would have to be proved the existence of external factors (such as poor health or emergency) which substantially interfered with the party's ability to meet the discovery obligations. A mere showing of ordinary 'good cause' would not be sufficient." Rodriguez v. Luciano, 277 N.J. Super. 109, 112 (App. Div. 1994) (quoting Suarez v. Sumitomo Chemical Co., 256 N.J. Super. 683, 688-89 (Law Div. 1991)).

Although a reviewing court may reach a different result than the motion judge, "there is some breadth of discretion

A-0605-08T2

encompassed within the 'exceptional circumstances' language of the rule." Martin Glennon, Inc. v. First Fidelity Bank, N.A., 279 N.J. Super. 48, 54 (App. Div.), appeal dismissed, 142 N.J. 510 (1995). In Martin, we held that the trial court did not abuse its discretion in finding exceptional circumstances where the discovery deficiency resulted from counsel of record's reliance on an attorney retained by the insurance carrier to conduct discovery who was later fired for inaction. Id. at 53-54. We explained that although it was the attorney of record's responsibility to supervise discovery, the deficiency was more than an administrative problem within the attorney's office. Id. at 53. Although we admitted that we may have reached a different result, we concluded that the motion judge acted within his discretion in reinstating the defendant's answer, especially where granting the motion did not materially affect the outcome of the case. Id. at 54.

A similar result is warranted here. The trial court found exceptional circumstances to exist, recognizing that plaintiff's president was subject to a potential criminal indictment. As such, plaintiff could not function as the class representative. Further, the court found that because the class had not been certified, plaintiff's dismissal from the class would result in dismissal of the entire potential class. The court's ruling was

A-0605-08T2

intended to avoid this result and prevent the loss of years of litigation and expense by all of the parties involved.  It was not an abuse of the court's discretion to find exceptional circumstances where dismissing the complaint with prejudice would require the parties to begin anew a class action that had already been through six years of litigation.

Defendants' remaining arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

In sum, we affirm the trial court's order reinstating plaintiff's complaint and we remand for further proceedings.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

A-0605-08T2

# EXHIBIT B

Donald E. Haviland, Jr., Esquire
Adam S. Levy, Of Counsel
Michael J. Lorusso, Esquire
The Haviland Law Firm
112 Haddontowne Court, Suite 202
Cherry Hill, NJ 08034
Telephone: (856) 354-0030

John E. Keefe, Jr., Esquire
Stephen Sullivan, Esquire
Keefe Bartels
830 Broad Street
Shrewsbury, NJ 07702
Telephone: (732) 224-9400
Facsimile: (732) 224-9494

CO-LEAD COUNSEL FOR PLAINTIFF AND THE CLASS

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund (an unincorporated trust)<br><br>                       Plaintiff,<br><br>   v.<br><br>AstraZeneca PLC; et al.<br><br>                 Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>CIVIL ACTION NO. MON-L-3136-06<br><br>**CERTIFICATIN OF THOMAS J. MCNULTY** |

I, Thomas J. McNulty, being of full age, certify as follows:

1.     I am the Fund Administrator for Plumbers Local Union No. 690 Health Plan (Health Plan), and in such capacity, I am in charge of the administration of health benefits for the participants and beneficiaries of the Health Plan. As such, I am familiar with the facts set forth in this Certification.

2.     On July 7, 2008, I certified that the Health Plan has agreed to serve as a class representative in this matter and would undertake the duties and responsibilities set forth in my July 7, 2008, Certification, which I incorporate by reference as if fully stated herein.

3.     During the time period alleged in the Complaint in this matter, the Health Plan has reimbursed participants and beneficiaries for drugs they purchase based on the published Average Wholesale Prices ("AWPs") for said drugs. For instance, the brands

of these drugs include, but are not limited to, the following: Venoglobulin-S (manufactured and sold by Defendant Alpha Therapeutic), Cytovene (Hoffman-LaRoche), Nexium (AstraZeneca LP and AstraZeneca PLC), Plavix (Sanofi-Synthelabo Inc.), Diovan (Novartis Pharmaceuticals Corp), Actos (Takeda Pharmaceutical Co. Ltd.), Protonix (Wyeth), and Prevacid (TAP Pharmaceutical Products). A review of the Health Plan's reimbursement records is continuing; however, I am aware that over the same time period alleged in the Complaint, the Health Plan has reimbursed for numerous additional drugs, which I believe to have also been based on those drugs' published AWPs, including both generic and brand name drugs, that are not specifically named herein, many of which were manufactured and sold by one or more Defendants and/or their predecessors, subsidiaries, or affiliates, and/or alleged co-conspirators of one or more Defendants.

I certify that the foregoing statements made by me are true and accurate to the best of my knowledge and belief. I understand that if any statements are willfully false, I am subject to punishment.

Dated: May 5, 2009

Thomas J. McNulty

Donald E. Haviland, Jr., Esquire
Adam S. Levy, Of Counsel
Michael J. Lorusso, Esquire
The Haviland Law Firm
112 Haddontowne Court, Suite 202
Cherry Hill, NJ 08034
Telephone: (856) 354-0030

CO-COUNSEL FOR PLAINTIFF AND THE CLASS

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund (an unincorporated trust)<br><br>                            Plaintiff,<br><br>   v.<br><br>AstraZeneca PLC; et al.<br><br>                           Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY<br><br>CIVIL ACTION NO. MON-L-3136-06<br><br>**CERTIFICATION OF STEPHEN T. SULLIVAN, JR.** |

I, Stephen T. Sullivan, Jr., of full age, hereby certify:

1.     I am an attorney-at-law of the State of New Jersey and am an associate in the law firm of Keefe Bartels Clark. This law firm represents the plaintiff in the above-captioned litigation. As such, I am fully familiar with the facts contained in this Certification.

2.     Pursuant to *R.* 1:4-4( c), I certify that the signature of Thomas J. McNulty is true and accurate. Upon the request of the Court or any party, I will file the Stipulation with Mr. McNulty's original signature with the Court.

     I certify that the statements made by me are true and accurate to the best of my knowledge and belief. I understand that, if any of these statements are wilfully false, I am subject to punishment.

Date: _5-12-2009_                         _____
                                       Stephen T. Sullivan, Jr.

# EXHIBIT C

Donald E. Haviland, Jr., Esquire
Adam S. Levy, Of Counsel
Michael J. Lorusso, Esquire
The Haviland Law Firm
112 Haddontowne Court, Suite 202
Cherry Hill, NJ 08034
Telephone: (856) 354-0030

John E. Keefe, Jr., Esquire
Stephen Sullivan, Esquire
Keefe Bartels
830 Broad Street
Shrewsbury, NJ 07702
Telephone: (732) 224-9400
Facsimile: (732) 224-9494

CO-LEAD COUNSEL FOR PLAINTIFF AND THE CLASS

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund (an unincorporated trust)<br><br>                    Plaintiff,<br><br>        v.<br><br>AstraZeneca PLC; et al.<br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  MONMOUTH COUNTY<br><br>CIVIL ACTION NO. MON-L-3136-06<br><br>**CERTIFICATIN OF JOHN P. SHALOO** |

I, John P. Shaloo, being of full age, certify as follows:

1.      I am the Fund Administrator for UA Local Union No. 322 Health and Welfare Fund ("Health Fund"), and in such capacity, I am in charge of the administration of health benefits for the participants and beneficiaries of the Health Fund.  As such, I am familiar with the facts set forth in this Certification.

2.      On July 7, 2008, I certified that the Health Fund has agreed to serve as a class representative in this matter and would undertake the duties and responsibilities set forth in my July 7, 2008, Certification, which I incorporate by reference as if fully stated herein.

3.      During the time period alleged in the Complaint in this matter, the Health Fund has paid for participants' and beneficiaries' drugs based on the published Average Wholesale Prices ("AWPs") for said drugs.  For instance, the brand name drugs include,

but are not limited to, the following: Alupent, Atrovent and Combivent (manufactured and sold by Defendant Boehringer Ingelheim, Corp.), Viadur (Alza Corp.), and Synarel (G.D. Searle).   A review of the Health Fund's reimbursement records is continuing; however, I am aware that over the same time period alleged in the Complaint, the Health Fund has paid for numerous additional drugs, which I believe to have also been based on those drugs' published AWPs,  including both generic and brand name drugs, that are not specifically named herein, many of which were manufactured and sold by one or more Defendants and/or their predecessors, subsidiaries, or affiliates, and/or alleged co-conspirators of one or more Defendants.

I certify that the foregoing statements made by me are true and accurate to the best of my knowledge and belief.  I understand that if any statements are willfully false, I am subject to punishment.

Dated:  May 8, 2009

John P. Shaloo

Donald E. Haviland, Jr., Esquire
Adam S. Levy, Of Counsel
Michael J. Lorusso, Esquire
The Haviland Law Firm
112 Haddontowne Court, Suite 202
Cherry Hill, NJ 08034
Telephone:  (856) 354-0030

CO-COUNSEL FOR PLAINTIFF AND THE CLASS

| | |
|---|---|
| International Union of Operating Engineers,  Local No. 68 Welfare Fund (an unincorporated trust) | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  MONMOUTH COUNTY |
| Plaintiff, | CIVIL ACTION NO. MON-L-3136-06 |
| v. | **CERTIFICATION OF STEPHEN T. SULLIVAN, JR.** |
| AstraZeneca PLC; et al. | |
| Defendants. | |

I, Stephen T. Sullivan, Jr., of full age, hereby certify:

1.      I am an attorney-at-law of the State of New Jersey and am an associate in the law firm of Keefe Bartels Clark.  This law firm represents the plaintiff in the above-captioned litigation.  As such, I am fully familiar with the facts contained in this Certification.

2.      Pursuant to *R.* 1:4-4( c), I certify that the signature of John P. Shaloo is true and accurate.  Upon the request of the Court or any party, I will file the Stipulation with Mr. Shaloo's original signature with the Court.

I certify that the statements made by me are true and accurate to the best of my knowledge and belief.  I understand that, if any of these statements are wilfully false, I am subject to punishment.

Date:  5-12-2009                                    _Stephen T. Sullivan_____
                                                              Stephen T. Sullivan, Jr.



25142054

May 12 2009
3:44PM

Donald E. Haviland, Jr., Esquire
Adam S. Levy, Of Counsel
Michael J. Lorusso, Esquire
The Haviland Law Firm
112 Haddontowne Court, Suite 202
Cherry Hill, NJ 08034
Telephone: (856) 354-0030

John E. Keefe, Jr., Esquire
Stephen T. Sullivan, Jr. Esquire
Keefe Bartels Clark
170 Monmouth Street
Red Bank, NJ 07701
Telephone: (732) 224-9400

COUNSEL FOR PLAINTIFF AND THE CLASS

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund (an unincorporated trust) <br><br> Plaintiff, <br><br> v. <br><br> AstraZeneca PLC; et al. <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MONMOUTH COUNTY <br><br> CIVIL ACTION NO. MON-L-3136-06 <br><br> **ORDER** |

THIS MATTER having been opened to the Court by counsel for Plaintiff,

International Union of Operating Engineers, Local No. 68 Welfare Fund, and the Class,

for an Order adding Plumbers' Union Local No. 690 Health Plan ("Local 690 Fund") and

United Association Local Union No. 322 Health and Welfare Fund ("Local 322 Fund") as

putative class representatives in this action, and the Court having considered all papers

and documents submitted by the parties and oral argument;

IT IS on this        day of        , 2009

ORDERED that Plaintiff's Motion to Add Putative Class Representatives is

GRANTED;

IT IS FURTHER ORDERED THAT Local 690 Fund and Local 322 Fund are

added as putative class representatives in this action; and

IT IS FURTHER ORDERED that a copy of this Order shall be served upon counsel for all parties within seven days of its receipt.

_____
Honorable Louis F. Locascio, J.S.C.