# Exhibit 4

1  Harry J. Miller III, Esquire (AZ Bar No. 014556)
   80 East Columbus
2  Phoenix, AZ  85012
   602-264-4965 telephone
3  602-277-0144 facsimile

4  Donald E. Haviland, Jr., Esquire
   KLINE & SPECTER, P.C.
5  1525 Locust Street, 19th Floor
   Philadelphia, PA  19102                    Attorneys for Plaintiff and the Class
6  215-735-0957 facsimile          [Additional Counsel appear on signature page]

7           SUPERIOR COURT OF THE STATE OF ARIZONA
              IN AND FOR THE COUNTY OF MARICOPA

8   ROBERT J. SWANSTON, individually and
9   on behalf of himself and all others similarly situated,
                                    Plaintiff,
10          v.
11  TAP Pharmaceutical Products Inc.; Abbott Laboratories;    CAUSE NO. CV2002-004988
    Takeda Chemical Industries, Ltd.; Zeneca, Inc.; AstraZeneca
    Pharmaceuticals LP; AstraZeneca LP; AstraZeneca PLC;
12  Pharmacia Corporation; Pharmacia & Upjohn, Inc.;          **PLAINTIFF'S
    Monsanto Company; G.D. Searle; Johnson & Johnson;         MEMORANDUM IN
13  Ethicon Endo-Surgery, Inc.; Indigo Laser Corporation; Alza  OPPOSITION TO
    Corporation; Centocor, Inc.; Ortho Biotech; Bayer         DEFENDANTS
14  Corporation; Wyeth; Wyeth Pharmaceuticals; Amgen, Inc.;   GLAXOSMITHKLINE,
    Immunex Corporation; Aventis Pharmaceuticals, Inc.;       FUJISAWA, WYETH AND
15  Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.;     DEY'S MOTION TO
    Baxter International Inc.; Baxter Healthcare Corporation;  DISMISS ON STANDING
16  Boehringer Ingelheim Corporation; Ben Venue Laboratories, AND RULE 9(b) GROUNDS**
    Inc.; Bedford Laboratories; Roxane Laboratories, Inc.;
17  Bristol-Myers Squibb Company; Oncology Therapeutics       (Oral Argument Requested)
    Network Corporation; Apothecon, Inc.; Fujisawa Healthcare,
18  Inc.; Fujisawa USA, Inc.; GlaxoSmithKline, P.L.C.;        (Assigned to the Honorable
    SmithKline Beecham Corporation; Glaxo Wellcome, Inc.;     Rebecca Albrecht)
19  Schering-Plough Corporation; Warrick Pharmaceuticals
    Corporation; Sicor, Inc.;Gensia Sicor Pharmaceuticals, Inc.;  CLASS ACTION
20  Dey, Inc.; David Jett and Jane Doe Jett; Christopher
    Coleman and Jane Doe Coleman; Scott Hidalgo and Amanda    (Jury Trial Demanded)
21  Hidalgo; Michael Gendelman and Jane Doe Gendelman;
    Eddy James Hack and Jane Doe Hack; Kimberlee Chase and
22  John Doe Chase; Janice M. Swirski and John Doe Swirski;
    Donna Tom and John Doe Tom; David Guido and Jane Doe
23  Guido; Henry Van Mourik and Jane Doe Van Mourik; and
    Alan MacKenzie and Jane Doe MacKenzie; Does 1-50; ABC
24  Corporations 1-50; and XYZ Partnerships and Associations
    1-50,
25                                  Defendants.

26

27

28

© 2004 KLINE & SPECTER, P.C.

1  Plaintiff, Robert J. Swanston, on his behalf and on behalf of others similarly situated, hereby

2  responds to defendants GlaxoSmithKline, Fujisawa, Wyeth and Dey's Motion to Dismiss on Standing

3  and Rule 9(b) Grounds.

4  **I.   INTRODUCTION**

5  Defendants pending Motion to Dismiss on Standing and Rule 9(b) grounds simply repeats the

6  very same issues raised, and arguments made, by other defendants herein that were previously briefed,

7  argued to this Court and decided by Judge Edward O. Burke on November 25, 2002 in *denying* all

8  motions to dismiss.  *See* Pl.'s Master Exh. "B."  (*See* also, Defendant AstraZeneca Pharmaceutical's

9  Motion to Dismiss dated 9/6/02 *and* Plaintiff's Memorandum in Opposition thereto dated 10/22/02.

10 *See also*, TAP Pharmaceutical's "Motion to Dismiss on Rule 12(b)(6) and Rule 9(b) Grounds" dated

11 … *See also*, Defendants Johnson & Johnson, Ethicon Endo-Surgery & Indigo Medical, Inc.'s Motion

12 to Dismiss dated 9/6/02 *and* Plaintiff's Memorandum in Opposition thereto dated 10/22/02).

13 Since Judge Burke's ruling, neither the facts nor the applicable law has changed.

14 Consequently, the outcome herein should not change.  For the reasons stated below, defendants

15 Motion to Dismiss on Standing and Rule 9(b) grounds should be denied again as a matter of law as

16 to these defendants.

17 **II.   ARGUMENT**[1]

18      **A.   PLAINTIFF HAS STANDING TO SUE THESE DEFENDANTS INDIVIDUALLY AND AS A**

19           **REPRESENTATIVE OF A LARGER CLASS BECAUSE HE ALLEGES DEFENDANT'S INVOLVEMENT IN A WIDESPREAD DRUG PRICING CONSPIRACY.**

20 These defendants, like the others before them, argue identically in a very narrow scope, that

21 plaintiff has no standing to sue them because plaintiff's only purchase, at an artificially inflated price,

22 was of Lupron, a prostate cancer treatment drug that is manufactured and sold by a different

23 defendant, TAP Pharmaceuticals Products, Inc. ("TAP").  These defendants oversimplify the analysis

24 to argue that they have no relation to TAP, that they do not manufacture Lupron or any other

---

[1]    In addition to referring the Court to the briefing and decision on the prior motions to dismiss, plaintiffs incorporate by reference herein as though fully set forth their arguments on standing and pleading with particularity made in their Memoranda in Opposition to the Motions to Dismiss of Amgen, Roxane Laboratories and Certain Newly Added Defendants filed concurrently herewith.

1  prostate cancer treatment drugs and that therefore plaintiff can't allege or demonstrate that he

2  sustained a "distinct and palpable injury" as a result of these specific defendant's unlawful pricing

3  practices.

4          In order to distinguish themselves from the defendants that were all previously unsuccessful

5  with this same motion, these defendants now argue that they do not specifically manufacture or sell,

6  prostate cancer drugs.  They argue that because this is the only type of cancer drug from which

7  plaintiff Swanston alleges any injury or damage, plaintiff can not demonstrate a "distinct and palpable

8  injury" from their conduct and therefore has no standing to sue these defendants in this action. What

9  these defendants ignore is that plaintiff's theories, as alleged in the Second Amended Complaint

10  ("SAC"), Pl.'s Master Exh. "A," are on behalf of a class larger than this single plaintiff and are

11  broader and critical of more than just the prostate cancer drug industry.  Plaintiff's allegations, on

12  behalf of a larger class, speak to the inflated pricing of *prescription drugs* as improper conduct

13  beyond any particular drug being sold through that conduct.  Plaintiff's fraud and conspiracy theories

14  as alleged are actionable and just as applicable to the sale of non-cancer prescription drugs as to

15  cancer drugs.

16          These Defendants, and virtually every other drug manufacturer defendant, have sought

17  dismissal of plaintiff's Complaint on grounds that he allegedly lacks standing to sue them simply

18  because he has not purchased their drugs. This narrow argument completely disregards the breadth

19  of Plaintiff's Second Amended Complaint - *i. e.,* that defendants engaged in a widespread fraudulent

20  scheme and conspiracy to defraud prescriptive drug consumers by, *inter alia,* artificially inflating and

21  fixing the prices of their prescription drugs, causing this plaintiff and the Class to pay more for their

22  prescription drugs (for prostate cancer and other ailments) than they otherwise would have paid in

23  the absence of the conspiracy. The conspiracy confers upon the plaintiff the standing to sue all the

24  market participants in the prescription drug market whose parallel conduct combined to cause injury

25  and damages to him and to all other drug consumers similarly situated.

26          In their Motion to Dismiss, these Defendants have disregarded the allegations made in

27  Plaintiff's SAC and selectively extracted and quoted specific portions of Plaintiff's prior Memoranda

28

© 2004 KLINE & SPECTER, P.C.                          3

in Opposition to the original Defendants Motions to Dismiss which dealt only with prostate cancer drugs. Looking merely to Plaintiff's prior opposition memoranda, which were necessarily specific as to prostate cancer drugs in order to directly respond to those defendants who do manufacture prostate cancer drugs, distorts the broader reach of Plaintiff's allegations of conspiracy in the SAC against certain additional prescription drug manufacturers generally.

As Judge Burke pointed out in his November 25, 2002 decision, the Court must take Plaintiff's allegations in the Complaint as true. When read in whole and in proper context, Plaintiff's SAC clearly alleges that the conspiracy here involves victims and conduct beyond just the "prostate cancer drug market." (*See* for examples, Plaintiff's SAC at ¶ 1, 12, 15, 17, 18, 23, 24, 26-30, 32, 37, 38, 43, 61, 62, 77-81, 86, 102, 103, 105, 108, 109, 120, 121, 127-129, 134, 144-147, 246-257, 262-266, 267-270, 271-274, 301, 306-308, 310-316). The preceding paragraphs from Plaintiffs' SAC are obviously too numerous to quote verbatim, However, taking all of those allegations as true, the applicable law and accepted authority makes it clear that Plaintiff Swanston does have standing to bring this suit against these Defendants.

It is hornbook law that a conspirator is liable for all acts which its co-conspirators committed in furtherance of the conspiracy, including acts not personally committed. *See Sheet Metal Workers Int'l Assoc.* v. *Nichols*, 89 Ariz. 187, 194, 360 P.2d 204, 209 (1961) ("one conspirator is the agent of the other and ... each is therefore bound by the statements or acts of the other in execution of the agency."); *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 306, 757 P.2d 105, 110 (Ariz. Ct. App. 1988) ("not all members of a conspiracy need be named defendants for one member to be found liable."); *Beltz Travel Serv., Inc. v. Int'l Air Transp.*, 620 F.2d 1360, 1367 (9th Cir. 1980) ("All conspirators are jointly liable for the acts of their co-conspirators.") Accordingly, plaintiff has standing to sue a party even if he has not dealt with that party, so long as he has had dealings with at least one co-conspirator, *i.e.*, TAP Pharmaceuticals. *See La Mar v. H&B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973) (class representative who does not have a cause of action against a particular defendant can represent members of a class who do where "conspiracy or concerted schemes between the defendants at whose hands the class suffered injury" are alleged); *In re Arizona*

*Dairy Products Litig.,* 627 F. Supp. 233, 236 (D. Ariz. 1985) (plaintiffs have standing in suit seeking damages from defendants for purchases made from un-named conspirators).   The leading treatise on class actions is in accord:

> When there are multiple defendants named who are engaged in parallel conduct, the plaintiff's standing to sue those defendants with whom he or she has had no business or other direct contact does not depend on whether the plaintiff can demonstrate that those additional defendants have injured the plaintiff directly. Rather, the focus for standing purposes is whether the challenged conduct of such additional defendants is sufficiently related to the plaintiff's alleged grievances or injuries that such additional defendants should be liable or legally accountable to the plaintiffs. The law has developed at least two general categories of cases in which the defendants are liable for the plaintiff's injuries because the defendants contributed to those injuries, even though the plaintiff has had no business or other direct contact with defendants. When the alleged parallel conduct is the result of a conspiracy, not only are all members of the conspiracy jointly liable, but also the plaintiff may join any or all defendants in the action, and, if the requirements *of* Rule 23 are met, such plaintiff may represent a class of all persons injured by the conspiracy though he or she had no individual dealings with some *of* the defendants.

1 NEWBERG ON CLASS ACTIONS,§ 3.18 at 3-104 - 3-105 (3d ed. 1992) (emphasis added).

It is also widely held outside the federal courts of the Ninth Circuit, and in a variety of cases, that plaintiffs generally have standing to sue "non-dealing parties" involved in a conspiracy. *See*, *e.g.*, *Central Wesley College v. W.R. Grace & Co.*, 6 F.3d 177, 188 (4ᵗʰ Cir. 1993) ("allegations of conspiracy among parties with whom a plaintiff did not directly deal may confer standing upon the plaintiff to sue the non-dealing parties" (asbestos product liability)); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 448 (3d Cir. 1977) ("The fact that a customer has not made purchases from every co-conspirator does not prevent him from suing all for each co-conspirator contributed to the charging of the supracompetitive price paid by the purchaser." (antitrust)); *In re Bromine Antitrust Litig.*, 203 F.R.D. 403, 410, n.S (S.D. Ind. 2001) *(citing Bogosian* (antitrust)); *Emig v. American Tobacco Co.*, 184 F.R.D. 379, 386 (D. Kan. 1998) (allegations of conspiracy to manipulate nicotine content in cigarettes and conceal and suppress information regarding addictive properties of nicotine conferred standing upon plaintiffs even though they did not purchase cigarettes from each defendant (tort action)); *In re Nasdaq Market-Makers Antitrust Litig.,* 169 F.R.D. 493, 508 (S.D.N.Y. 1996) (no dealings with twenty-three of thirty-three defendants did not deprive plaintiffs of standing since "a

Plaintiff injured by one defendant as a result of the conspiracy has standing to represent a class of individuals injured by any of the defendant's co-conspirators." (antitrust)); *Washington Education Assoc. v. Shelton School Dist. No. 309*, 613 P.2d 769, 790-91 (Wash. 1980) (allegations of employment discrimination as a result of collusion among school districts statewide confer standing on named plaintiffs, even though those individuals were not employees of all defendants named (employment discrimination)).

Plaintiff Swanston has sued on his behalf and on behalf of a class that includes patients and others that have purchased non-cancer prescription drugs at inflated prices.  These Defendants are alleged to have engaged in parallel conduct of unlawful price inflation and alleged to have sold their drugs to class members represented by Plaintiff Swanston.  This parallel conduct makes these Defendants co-conspirators and based on the foregoing authority confers standing on Plaintiff Swanston to bring suit against them on behalf of a class consisting of their drug consumers.

These Defendants conveniently ignore the well settled conspiracy law cited above and self servingly cite cases which merely discuss the requirement that the plaintiff, "allege a distinct and palpable injury." *See Sears,* 192 Ariz. at 69, 961 P.2d at 1017.  In fact, Plaintiff Swanston has alleged a distinct and palpable injury to himself as well as to the class by alleging harm caused by a broader fraudulent scheme and conspiracy engaged in by <u>all</u> of these defendants. This fraudulent scheme and conspiracy caused the plaintiff and the Class to pay too much for the prostate cancer drugs and for the prescription drugs purchased by them and manufactured, distributed and sold by all of these Defendants.

To borrow from Judge Burke, "the gravamen of Plaintiff's Complaint (now as the Second Amended Complaint)" remains a conspiracy in which these Defendants participated.  If it is proven that these Defendants were co-conspirators with TAP and the other previously named defendants by virtue of their parallel conduct of price inflation, and TAP or the other defendants are found liable, then these Defendants can be held liable as co-conspirators.  *Sheet Metal Workers International Association v. Nichols*, 89 Ariz. 187, 194, 360 P.2d 204 (1961).

These Defendants seek to refute plaintiff's proper allegations by charging that he has failed to allege distinct injury caused by their pricing conduct simply because the class representative plaintiff did not purchase any of these Defendants drugs. However, these Defendants cite no case requiring such an allegation because there is none. Instead, as the above-cited cases and authorities make clear, when the plaintiff alleges, as here, that his harm was caused by a conspiracy among many actors engaged in parallel conduct, the plaintiff has properly pled cognizable injury caused by all such actors.

The class action cases cited by these defendants require no more.  Indeed, the threshold requirements for standing in a class action case are no different than in a non-class case.   In this context, the class is potentially immense.  No single class representative can ever have the direct involvement with all of the potential defendants in such a widespread market conspiracy that these specific Defendants argue is required for standing.  The very purpose of class actions like this one is to redress the harms to a large class caused by an equally large group of defendants that would be guilty of parallel conduct sufficient to find a conspiracy, if the allegations are proven true throughout the course of the litigation.

**B.**   **PLAINTIFF HAS SUFFICIENTLY PLED HIS CLAIMS FOR FRAUD TO WITHSTAND A MOTION TO DISMISS**

It is true that allegations of fraud must be pleaded with specificity. *Spudnuts v. Lane*, 641 P.2d 912, 913, 131 Ariz. 424, (1982).   However, the law does not require that any particular language be used, so long as the elements of fraud are present, "considering the complaint as a whole." *Denbo v. Badger*, 506 P.2d 384, 386, 18 Ariz. App. 426 (1972).   This court has previously ruled that the allegations contained in the plaintiff's First Amended Complaint sufficiently plead fraud.  (Burke Order dated 11/25/2002).  The plaintiff's Second Amended Complaint contains even more detail than the First Amended Complaint, and, therefore, must necessarily be found to comply with the provisions of Rule 9(b), Ariz.R.Civ.Proc.

The Rule 9(b) requirements are an exception to the general notice pleading rules in Arizona. *Brazee v. Morris*, 179 P.2d 442, 443 (Ariz. 1947).   The purpose of the exception is to eliminate surprise. *Pruitt v. Pavelin*, 685 P.2d 1347, 1358, 141 Ariz. 195 (1984).  The Second Amended

Complaint sets forth in detail the nature of the conduct that the plaintiff alleges to be fraudulent in such a manner that the defendants cannot, in good faith, argue that they will be surprised at some future date about the nature of the plaintiff's claims.  Indeed, Plaintiffs' Second Amended Complaint contains so many details, that it would again be impossible to list each and every one verbatim within the page limits allowed for responding to the plaintiff's motion.  The following allegations alone, however, leave no doubt that the defendant knows, or should know, the nature of the conduct the plaintiff alleges it has committed:

1.      In paragraphs 127-135 contain detailed allegations that the defendants have fraudulent inflated the AWP's of its drugs, with the intent to deceive.  While these paragraphs do contain even more detailed allegations concerning the conduct of other corporate defendants, such as TAP and Astra Zeneca, the allegations are sufficiently detailed as to all corporate defendants to comply with Rule 9(b).

2.      Paragraphs 135-141 contained detailed allegations that the defendants engaged in activity in which they unlawfully used free samples as an inducement to entice doctors to prescribe their prescription drugs.  These paragraphs also contain even more detailed allegations as to other corporate defendants, but the are sufficient detailed as to all corporate defendants to comply with Rule 9(b).

3.      Paragraph 141 alleged detailed allegations that all corporate defendants, including the moving defendants, engaged in other fraudulent conduct, including  kickbacks to medical providers, which consisted of cash payments, free drugs, trips to resorts, free consulting services to doctors and other customers, free continuing medical education courses, and debt forgiveness.

4.      Paragraph 145 of the Second Amended Complaint alleges in detail specific conduct on the part of each corporate defendant in furtherance of the conspiracy to commit fraud.

5.      Paragraph 294 of the Second Amended Complaint alleges that the corporate defendants, including the moving defendants, acted intentionally to mislead, and that the members of the class reasonably relied upon the representations of the corporate defendants, and suffered damages thereby.

Given the high level of detail contained in the Second Amended Complaint, the only reasonable conclusion is that it meets the requirements of Rule 9(b) as to each and every corporate defendant subject to this lawsuit.  However, as previously noted, because the plaintiff has alleged a conspiracy between the various corporate defendants, each may be held liable for the acts of the other.  *Sheet Metal Workers Int'l Assn. v. Nichols*, 89 Ariz. 187, 194, 360 P.2d 204 (1961).

The Second Amended Complaint does contain more detailed allegations against certain corporate defendants than against others (specifically, TAP), but  it is also alleged that the other corporate defendants are co-conspirators with TAP.  That allegation must be taken as true for purposes of ruling on the Motion to Dismiss.  As Judge Burke previously ruled in this case, "[b]ecause Plaintiff is dealing with an alleged corporate conspiracy, Plaintiff has pled his fraud claims with sufficient particularity to withstand this motion to dismiss."  (Burke Order, dated 11/25/2002). Pl.'s Master Exh. "B."

**III.   CONCLUSION**

For all of the foregoing reasons, these Defendants' Motion to Dismiss on Standing and Rule 9(b) grounds should be denied.

Dated:  April 30, 2004

Respectfully submitted,
/s/ Donald E. Haviland, Jr., Esquire
donald.haviland@klinespecter.com
Donald E. Haviland, Jr., Esquire
**KLINE & SPECTER, P.C.**
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
(215) 772-1000 telephone

Harry J. Miller, Esquire (AZ Bar No. 014556)
**HARRY J. MILLER, P.L.L.C.**
80 E. Columbus Avenue
Phoenix, AZ 85012
(602) 264-4965 telephone

Chad L. Schexnayder, Esquire
**JENNINGS, HAUG & CUNNINGHAM, L.L.P.**
2800 North Central Avenue, Suite 1800
Phoenix, AZ 85004-1049
(602) 234-7800 telephone

Kent M. Williams, Esquire
**GIEBEL, GILBERT, WILLIAMS & KOHL, P.L.L.P.**
1300 Godward Street, N.E., Suite 6200

Minneapolis, MN  55413
(651) 633-9000 telephone

Marvin K. Blount, Jr., Esquire
**THE BLOUNT LAW FIRM, P.L.L.C.**
400 West First Street
Greenville, NC 27834
(252) 752-6000 telephone

Lewis B. April, Esquire
COOPER LEVENSON APRIL
     NIEDELMAN & WAGENHEIM, P.A.
1125 Atlantic Avenue - Third Floor
P.O. Box 1125
Atlantic City, NJ  08404-1125

**ATTORNEYS FOR PLAINTIFF AND THE CLASS**

C:\Documents and Settings\jladmin\My Documents\ConversionWorkDir\369_20040506184303030578.wpd

© 2004 KLINE & SPECTER, P.C.

1

## <u>CERTIFICATE OF MAILING</u>

2

I hereby certify that Plaintiff's Response To Defendants GlaxoSmithKline, Fujisawa, Wyeth

3

and Dey's Motion to Dismiss on Standing And Rule 9(b) Grounds, was duly served this date, April

4

30, 2004, on the following parties, via Lexis/Nexis electronic filing service:

5
| | |
|---|---|
| Daniel E. Reidy, Esquire | Andrew D. Schau, Esquire |
| Lee Ann Russo, Esquire | William F. Cavanaugh, Jr., Esquire |
| Mark P. Rotatori, Esquire | Adeel Abdullah Mangi, Esquire |
| Beth A. O'Connor, Esquire | Kieran M. Corcoran, Esquire |
| **JONES DAY REAVIS & POGUE** | Erik Haas, Esquire |
| 77 West Wacker | **PATTERSON, BELKNAP, WEBB & TYLER, LLP** |
| Chicago, IL  60601-1692 | 1133 Ave. of the Americas |
| *National for Deft., TAP Pharm. Prods., Inc.* | New York, NY  10036-6710 |
| | *National Counsel for Defts., Johnson & Johnson,* |
| Timothy J. Burke, Esquire | *Ethicon Endo-Surgery, Inc., Indigo Laser Corp.,* |
| **FENNEMORE CRAIG, P.C.** | *Alza Corp., Centocor, Inc. and Ortho Biotech* |
| 3003 North Central Ave., Suite 2600 | |
| Phoenix, AZ  85012-2913 | Mary G. Pryor, Esquire |
| *Local Counsel for Deft., TAP Pharm. Prods.* | **THE CAVANAGH LAW FIRM** |
| | 1850 North Central Ave., Suite 2400 |
| Joshua T. Buchman, Esquire | Phoenix, AZ  85004-4527 |
| **McDERMOTT, WILL & EMERY** | *Local Counsel for Johnson & Johnson, Ethicon* |
| 227 West Monroe Street | *Endo-Surgery, Inc., Indigo Laser Corp., Alza Corp.,* |
| Chicago, IL  60606-5096 | *Centocor, Inc. & Ortho Biotech* |
| *National Counsel for Deft., Abbott Laboratories* | |
| | D. Scott Wise, Esquire |
| Randy Papetti, Esquire | Kimberley Harris, Esquire |
| **LEWIS AND ROCA LLP** | Arthur F. Golden, Esquire |
| 40 North Central Ave. | Eric D. Gill, Esquire |
| Phoenix, AZ  85004-4429 | **DAVIS POLK & WARDWELL** |
| *Local Counsel for Deft., Abbott Laboratories* | 450 Lexington Ave. |
| | New York, NY  10017 |
| Robert R. Stauffer, Esquire | *National Counsel for Deft., AstraZeneca* |
| Thomas P. Sullivan, Esquire | |
| Mark D. Pollack, Esquire | William J. Maledon, Esquire |
| Anthony C. Porcelli, Esquire | Linda Weaver, Esquire |
| **JENNER & BLOCK** | **OSBORN MALEDON, P.A.** |
| One IBM Plaza, 45th Floor | 2929 North Central Ave., 21st Floor |
| Chicago, IL  60611 | Phoenix, AZ  85012 |
| *National for Deft., Takeda Chem. Indus., Ltd.* | *Local Counsel for Deft., AstraZeneca* |
| | |
| Donald P. Martin, Esquire | Scott A. Stempel, Esquire |
| John Maston O'Neal, Esquire, | Jason Baranski, Esquire |
| **QUARLES & BRADY STREICH LANG LLP** | **MORGAN, LEWIS & BOCKIUS, LLP** |
| One Renaissance Square, | 1111 Pennsylvania Avenue |
| Two North Central Ave. | Washington, DC  20004-2921 |
| Phoenix, AZ  85004-2391 | *National Counsel for Defts. Pharmacia Corp. and* |
| *Local Counsel for Deft., Takeda Chem. Indus.* | *Pharmacia & Upjohn, Monsanto Company, and* |
| | *G.D. Searle* |

27

28

John C. Dodds, Esquire
Mitchell Edwards, Esquire
Jason E. Baranski, Esquire
**MORGAN, LEWIS & BOCKIUS, LLP**
1701 Market Street
Philadelphia, PA  19103-2921
*National Counsel for Defts. Pharmacia Corp. and
Pharmacia & Upjohn, Monsanto Company, and
G.D. Searle*

Barry D. Halpern, Esquire
Stephanie V. Hacket, Esquire
**SNELL & WILMER L.L.P.**
One Arizona Center
400 East Van Buren
Phoenix, AZ  85004-2202
*Local Counsel for Defts.,
Pharmacia Corp., Pharmacia & Upjohn Monsanto
Company, and G.D. Searle*

Brien T. O'Connor, Esquire
John T. Montgomery, Esquire
Kirsten V. Mayer, Esquire
David C. Potter, Esquire
**ROPES & GRAY**
One International Place
Boston, MA  02110
*National Counsel for Defts. Schering-Plough and
Warrick Pharmaceuticals*

Patrick G. Byrne, Esquire
Andrew F. Halaby, Esquire
**SNELL & WILMER LLP**
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202

Richard D. Raskin, Esquire
David C. Giardina, Esquire
**SIDLEY AUSTIN BROWN & WOOD LLP**
Bank One Plaza
10 S. Dearborn Street, 48th Floor
Chicago, IL  60603
*National Counsel for Deft., Bayer Corporation*

Alan H. Blankenheimer, Esquire
Timothy J. Franks, Esquire
**BROWN & BAIN, P.C.**
P.O. Box 400
Phoenix, AZ  85001-0400
*Local Counsel for Deft., Bayer Corporation*

Kimberly A. Dunne, Esquire
Frank J. Menetrez, Esquire
**SIDLEY AUSTIN BROWN & WOOD LLP**
555 West Fifth street, 40th Floor
Los Angeles, CA  90013
*Counsel for Bayer Corporation*

Joseph H. Young, Esquire
Steven F. Barley, Esquire
**HOGAN & HARTSON, LLP**
111 S. Calvert St., Suite 1600
Baltimore, MD  21202
*National Counsel for Defts. Amgen, Apothecon,
Inc., Bristol-Myers Squibb Co. and Oncology
Therapeutics Network Corp.*

Andrew S. Gordon, Esquire
James D. Jorgensen, Esquire
**COOPERSMITH GORDON SCHERMER OWENS &
NELSON, PLC**
2800 N. Central Avenue, Suite 1000
Phoenix, AZ  85004
*Local Counsel for Defts. Amgen, Inc., Apothecon,
Inc., Bristol-Myers Squibb Co. and Oncology
Therapeutics Network Corp.*

Merle M. DeLancey, Jr., Esquire
**DICKSTEIN SHAPIRO MORIN**
2101 L. St. NW
Washington, DC  20037
*Baxter Int'l, Inc. & Baxter Healthcare*

William D. Nussbaum, Esquire
Jonathan T. Rees, Esquire
Jonathan S. Kallmer, Esquire
**HOGAN & HARTSON LLP**
555 13th Street, N.W., Suite 13-W
Washington, DC  20004
*National Counsel for Deft. Aventis Behring*

Paul Schleifman, Esquire
**SHOOK, HARDY & BACON, LLP**
One Kansas City Place
1200 Main Street
Kansas City, MO  64105-2118
*National Counsel for Defts. Aventis Pharm., Inc.,
and Hoescht Marion Roussel, Inc.*

| | |
|---|---|
| 1 | |

Pamela M. Overton, Esquire
**GREENBERG TRAURIG, LLP**
2375 East Camelback Road, Suite 700
Phoenix, AZ 85016
*Local Counsel for Aventis Behring, Aventis Pharm.,
Inc. & Hoescht Marion Roussel Inc.*

Frederick G. Herold, Esquire
**DECHERT, PRICE & RHOADS**
975 Page Mill Road
Palo Alto, CA 94304-1013
*National Counsel for SmithKline Beecham Corp. &
Glaxo Wellcome d/b/a GlaxoSmithKline*

Robert W. Shely, Esquire
Rodney W. Ott, Esquire
Kira D. Lodge, Esquire
**BRYAN CAVE LLP**
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
*Local Counsel for Defts. Smithkline Beecham Corp.
& Glaxo Wellcome d/b/a GlaxoSmithKline*

David J. Burman, Esquire
Kathleen M. O'Sullivan, Esquire
Zoe Philippides, Esquire
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
*National Counsel for Deft. Immunex Corp.*

Michael K. Kennedy, Esquire
**GALLAGHER & KENNEDY, P.A.**
2575 E. Camelback Road
Phoenix, AZ 85016-9225
*Local Counsel for Deft. Immunex Corp.*

Phillip Robben, Esquire
**KELLEY DRYE & WARREN, LLP**
101 Park Avenue
New York, NY 10178
*National Counsel for Deft. Dey, Inc.*

Don Bivens, Esquire
Paul L. Stoller, Esquire
Phil C. Towers, Esquire
**MEYER, HENDRICKS & BIVENS, PA**
3003 N. Central Avenue, Suite 1200
Phoenix, AZ 85012
*Local Counsel for Deft. Dey, Inc.*

Paul J. Coval, Esquire
Douglas L. Rogers, Esquire
Darrell A.H. Miller, Esquire
**VORYS SATER VORYS SATER SEYMOUR PEASE**
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1003
*Nat. Counsel for Defts. Boehringer Ingelheim
Corp., Ben Venue Labs, Bedford Labs & Roxanne
Labs*

Kirke M. Hasson, Esquire
Albert G. Lin, Esquire
**PILLSBURY WINTHROP, LLP**
50 Fremont Street
San Francisco, CA 94105
*National Counsel for Defts. Sicor, Inc. and Gensia
Sicor Pharmaceuticals, Inc.*

John E. DeWulf, Esquire
Darlene M. Wauro, Esquire
**ROSHKA HEYMAN & DEWULF, PLC**
One Arizona Center
400 East Van Buren - Suite 800
Phoenix, AZ 85004
*Local counsel for Boehringer Ingelheim Corp., Ben
Venue Laboratories, Inc., Bedford Laboratories and
Roxane Laboratories, Inc.*

Lydia Alyce Jones, Esquire
**JENNINGS, STROUSS & SALMON, P.L.C.**
The Collier Center, 11th Floor
201 E. Washington Street
Phoenix, AZ 85004-2385
*Local Counsel for Defts. Sicor, Inc. and Gensia
Sicor Pharmaceuticals, Inc.*

Kathleen M. McGuan, Esquire
Andrew L. Hurst, Esquire
**REED SMITH LLP**
1301 K Street NW
Suite 1100 - East Tower
Washington, DC 20005
*National Counsel for Defts. Fujisawa Healthcare,
Inc. and Fujisawa USA, Inc.*

Michael T. Scott, Esquire
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
*National Counsel for Defts. Fujisawa Healthcare,
Inc. and Fujisawa USA, Inc.*

| | |
|---|---|
| 1 | Martin A. Aronson, Esquire |
| | William D. Cleveland, Esquire |
| 2 | K. Layne Morrill, Esquire |
| | **MORRILL & ARONSON PLC** |
| 3 | One East Camelback Road, Suite 340 |
| | Phoenix, AZ  85012-1648 |
| 4 | *Local Counsel for Defts. Fujisawa Healthcare, Inc.* |
| | *and Fujisawa USA, Inc.* |

1   Martin A. Aronson, Esquire
    William D. Cleveland, Esquire
2   K. Layne Morrill, Esquire
    **MORRILL & ARONSON PLC**
3   One East Camelback Road, Suite 340
    Phoenix, AZ  85012-1648
4   *Local Counsel for Defts. Fujisawa Healthcare, Inc.*
    *and Fujisawa USA, Inc.*
5
6   S. Craig Holden, Esquire
    Connie E. Eiseman, Esquire
    **OBER, KALER GRIMES & SHRIVER**
7   120 E. Baltimore Street
    Baltimore, MD  21202
8   *Counsel for Defts. Wyeth and Wyeth Pharm.*
9   Jeffrey S. Leonard, Esquire
    **SACKS TIERNEY, P.A.**
10  4250 North Drinkwater Blvd, Suite 4000
    Scottsdale, AZ 85251-3693
11  *Local Counsel for Wyeth*
12  M. Lee Robertson, Jr., Esquire
    **ROBERTSON & FUTERAL, P.A.**
13  1002 Anna Knapp Blvd.
    Mt. Pleasant, SC  29464
14  *Counsel for Defendant, David Jett*
15  Curtis C. Coleman, III, Esquire
    **CURTIS C. COLEMAN, III, P.A.**
16  916 S. Evans Street
    P.O. Box 588
17  Greenville, NC  27835-0588
    *Counsel for Deft., Christopher Coleman*
18
    Trawick H. Stubbs, Jr., Esq.
19  **STUBBS & PERDUE, P.A.**
    P.O. Box 1654
20  New Bern, NC 28563
    *Counsel for Deft., Scott Hidalgo*
21
    Charles M. Greene, Esquire
22  111 North Orange Ave.
    Orlando, FL 32801
23  *Counsel for Deft., Eddy James Hack*
24
25
26
27
28

John E. Riley, Esquire
**VAIRA & RILEY, P.C.**
1600 Market Street, Suite 2650
Philadelphia, PA  19103-7226
*Counsel for Deft., Michael T. Gendelman*

Dennis Hall, Esquire
Christian C. Beams, Esquire
**BESHEARS WALLWORK BELLAMY**
2700 North Central Avenue, 12th Floor
Phoenix, AZ 85004-1169
*Counsel for Deft., Michael T. Gendelman*

Kent Williams, Esquire
**GIEBEL GILBERT WILLIAMS & KOHL**
2233 North Hamlin Ave., Suite 620
St. Paul, MN  55113
*Plaintiff's Counsel*

Marvin K. Blount, Jr., Esquire
**THE BLOUNT LAW FIRM, P.L.L.C.**
400 West First Street
Greenville, NC  27834
*Plaintiff's Counsel*

Lewis B. April, Esquire
**COOPER LEVENSON APRIL**
     **NIEDELMAN & WAGENHEIM, P.A.**
1125 Atlantic Ave. - Third Floor
P.O. Box 1125
Atlantic City, NJ  08404-1125
*Plaintiff's Counsel*

Harry J. Miller, Esquire
**HARRY J. MILLER, P.L.L.C.**
80 E. Columbus Avenue
Phoenix, AZ  85012
*Plaintiff's Counsel*

Chad L. Schexnayder, Esquire
**JENNINGS, HAUG & CUNNINGHAM, L.L.P.**
2800 North Central Avenue, Suite 1800
Phoenix, AZ 85004-1049
*Plaintiff's Counsel*

/s/ TerriAnne Benedetto, Esquire
terrianne.benedetto@klinespecter.com