# Exhibit 1

```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS


    IN RE:                             )
                                       )  CA No. 01-12257-PBS
    PHARMACEUTICAL INDUSTRY AVERAGE    )
    WHOLESALE PRICE LITIGATION         )  Pages 1 - 87
                                       )




                        SETTLEMENT HEARING

              BEFORE THE HONORABLE PATTI B. SARIS
                  UNITED STATES DISTRICT JUDGE





                        United States District Court
                        1 Courthouse Way, Courtroom 19
                        Boston, Massachusetts
                        June 13, 2011, 2:20 p.m.








                        LEE A. MARZILLI
                     OFFICIAL COURT REPORTER
                   United States District Court
                   1 Courthouse Way, Room 7200
                        Boston, MA  02210
                          (617)345-6787
```

74d21743-9b43-4b78-9475-0e39fbd0275a

Page 38

1   it clear:  From our point of view, that goes away.  There are
2   going to be no cy pres funds, there are no conflict of
3   interests.  It's gone.
4           MR. HAVILAND:  Well, the latter part I don't agree
5   with because I don't think that you can just simply look from a
6   "Monday morning quarterback" perspective back in time and say
7   there was no conflict.  In the process of litigating the case,
8   for all the period of time that there was no consumer
9   representative, you had these associations, and most
10  importantly you had PAL at the table negotiating as the proxy
11  for consumers.  And we have a problem with that.  We have a
12  problem with the Health Care for All entity being at the table.
13  There was no advocate -- and I know my fellow objectors
14  agree -- no one who understood the consumer case in that room
15  advocating just for them.
16          THE COURT:  Why, why?
17          MR. HAVILAND:  Why?
18          THE COURT:  They ==understand it better than these older==
19  ==people.==  I mean, if you came down and just did some reality
20  play, these older folks are sick and old.  And they are
21  probably very well-intentioned, yours as well as -- some of
22  yours did some pretty poor deposition answers too.  And I'm not
23  faulting any of them; they're probably doing the best they can.
24  But the associations understand it.
25          MR. HAVILAND:  Well, what the consumers understand

74d21743-9b43-4b78-9475-0e39fbd0275a

Page 45

1  this case in settlement is now, because if you let it go, then
2  it will go on for years and years --
3          THE COURT:  So your bottom line is, there's no class,
4  right?
5          MR. HAVILAND:  There's no class.
6          THE COURT:  Right.  So your bottom line is that no one
7  gets a penny?
8          MR. HAVILAND:  My bottom line is:  This case can't be
9  settled.  That's my bottom line right here.
10         THE COURT:  Right, nobody gets a penny, that's what
11 you want.
12         MR. HAVILAND:  No, that's not what I want, your Honor.
13 What I want to do is go through with you what these folks have
14 done so that we could try to parse that.  I think they put
15 something up for Amgen.  And you're going to be challenged now,
16 Judge, what do you do about Amgen because you've been given a
17 blind settlement.
18         THE COURT:  Say it again now?
19         MR. HAVILAND:  Amgen, one of the defendants.
20 Mr. Barely is here.
21         THE COURT:  I missed the point, I'm sorry.
22         MR. HAVILAND:  The point is -- let me just go through
23 these representatives with you, if I may, because the brief
24 period for the motion is not for another day, but we have today
25 to talk about these folks.

74d21743-9b43-4b78-9475-0e39fbd0275a

Page 51

1   litigation --

2           THE COURT:  You withdrew from everything, didn't you?

3           MR. HAVILAND:  They filed affidavits asking to have me

4   serve as counsel, yes --

5           THE COURT:  You withdrew from --

6           MR. HAVILAND:  -- and you deemed that a withdrawal.

7           THE COURT:  Excuse me.  We went through this game last

8   time.

9           MR. HAVILAND:  We did.

10          THE COURT:  You did, thank you.  So it's not an option

11  for me, right?  You withdrew.  So, I mean, I have what I have,

12  and they'll either pass muster or not pass muster.  And if they

13  do pass muster, they've made the payment; I will allow them to

14  be class reps.  I am worried a little bit about how late this

15  is, and that's just a legal question that I'm going to have to

16  grapple with.

17          MR. HAVILAND:  And I want you to know, from our

18  perspective, we've not found one case where substitution was

19  allowed post-settlement because the policy implications of

20  that --

21          THE COURT:  Excuse me.  Can I ask you this.

22          MR. HAVILAND:  Yes.

23          THE COURT:  Did you find any that -- we actually came

24  up with a blank -- did you find any that denied substitution so

25  late?