# Exhibit 4

| | |
|---|---|
| 1  Harry J. Miller III, Esquire (AZ Bar No. 014556)<br>   80 East Columbus<br>2  Phoenix, AZ  85012<br>   602-264-4965 telephone<br>3  602-277-0144 facsimile<br>4  Donald E. Haviland, Jr., Esquire<br>   KLINE & SPECTER, P.C.<br>5  1525 Locust Street, 19th Floor<br>   Philadelphia, PA  19102<br>6  215-735-0957 facsimile | Attorneys for Plaintiff and the Class<br>[Additional Counsel appear on signature page] |

**SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| **ROBERT J. SWANSTON**, individually and on behalf of himself and all others similarly situated,<br>                           Plaintiff,<br>       v.<br>TAP Pharmaceutical Products Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.; Zeneca, Inc.; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; AstraZeneca PLC; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; G.D. Searle; Johnson & Johnson; Ethicon Endo-Surgery, Inc.; Indigo Laser Corporation; Alza Corporation; Centocor, Inc.; Ortho Biotech; Bayer Corporation; Wyeth; Wyeth Pharmaceuticals; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Baxter International Inc.; Baxter Healthcare Corporation; Boehringer Ingelheim Corporation; Ben Venue Laboratories, Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corporation; Apothecon, Inc.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; Sicor, Inc.;Gensia Sicor Pharmaceuticals, Inc.; Dey, Inc.; David Jett and Jane Doe Jett; Christopher Coleman and Jane Doe Coleman; Scott Hidalgo and Amanda Hidalgo; Michael Gendelman and Jane Doe Gendelman; Eddy James Hack and Jane Doe Hack; Kimberlee Chase and John Doe Chase; Janice M. Swirski and John Doe Swirski; Donna Tom and John Doe Tom; David Guido and Jane Doe Guido; Henry Van Mourik and Jane Doe Van Mourik; and Alan MacKenzie and Jane Doe MacKenzie; Does 1-50; ABC Corporations 1-50; and XYZ Partnerships and Associations 1-50,<br>                           Defendants. | CAUSE NO. CV2002-004988<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS GLAXOSMITHKLINE, FUJISAWA, WYETH AND DEY'S MOTION TO DISMISS ON STANDING AND RULE 9(b) GROUNDS**<br><br>(Oral Argument Requested)<br><br>(Assigned to the Honorable Rebecca Albrecht)<br><br>CLASS ACTION<br><br>(Jury Trial Demanded) |

© 2004  KLINE & SPECTER, P.C.

Plaintiff, Robert J. Swanston, on his behalf and on behalf of others similarly situated, hereby responds to defendants GlaxoSmithKline, Fujisawa, Wyeth and Dey's Motion to Dismiss on Standing and Rule 9(b) Grounds.

## I. INTRODUCTION

Defendants pending Motion to Dismiss on Standing and Rule 9(b) grounds simply repeats the very same issues raised, and arguments made, by other defendants herein that were previously briefed, argued to this Court and decided by Judge Edward O. Burke on November 25, 2002 in *denying* all motions to dismiss. *See* Pl.'s Master Exh. "B." (*See also*, Defendant AstraZeneca Pharmaceutical's Motion to Dismiss dated 9/6/02 and Plaintiff's Memorandum in Opposition thereto dated 10/22/02. *See also*, TAP Pharmaceutical's "Motion to Dismiss on Rule 12(b)(6) and Rule 9(b) Grounds" dated … *See also*, Defendants Johnson & Johnson, Ethicon Endo-Surgery & Indigo Medical, Inc.'s Motion to Dismiss dated 9/6/02 and Plaintiff's Memorandum in Opposition thereto dated 10/22/02).

Since Judge Burke's ruling, neither the facts nor the applicable law has changed. Consequently, the outcome herein should not change. For the reasons stated below, defendants Motion to Dismiss on Standing and Rule 9(b) grounds should be denied again as a matter of law as to these defendants.

## II. ARGUMENT[1]

### A. PLAINTIFF HAS STANDING TO SUE THESE DEFENDANTS INDIVIDUALLY AND AS A REPRESENTATIVE OF A LARGER CLASS BECAUSE HE ALLEGES DEFENDANT'S INVOLVEMENT IN A WIDESPREAD DRUG PRICING CONSPIRACY.

These defendants, like the others before them, argue identically in a very narrow scope, that plaintiff has no standing to sue them because plaintiff's only purchase, at an artificially inflated price, was of Lupron, a prostate cancer treatment drug that is manufactured and sold by a different defendant, TAP Pharmaceuticals Products, Inc. ("TAP"). These defendants oversimplify the analysis to argue that they have no relation to TAP, that they do not manufacture Lupron or any other

---

[1] In addition to referring the Court to the briefing and decision on the prior motions to dismiss, plaintiffs incorporate by reference herein as though fully set forth their arguments on standing and pleading with particularity made in their Memoranda in Opposition to the Motions to Dismiss of Amgen, Roxane Laboratories and Certain Newly Added Defendants filed concurrently herewith.

prostate cancer treatment drugs and that therefore plaintiff can't allege or demonstrate that he sustained a "distinct and palpable injury" as a result of these specific defendant's unlawful pricing practices.

In order to distinguish themselves from the defendants that were all previously unsuccessful with this same motion, these defendants now argue that they do not specifically manufacture or sell, prostate cancer drugs. They argue that because this is the only type of cancer drug from which plaintiff Swanston alleges any injury or damage, plaintiff can not demonstrate a "distinct and palpable injury" from their conduct and therefore has no standing to sue these defendants in this action. What these defendants ignore is that plaintiff's theories, as alleged in the Second Amended Complaint ("SAC"), Pl.'s Master Exh. "A," are on behalf of a class larger than this single plaintiff and are broader and critical of more than just the prostate cancer drug industry. Plaintiff's allegations, on behalf of a larger class, speak to the inflated pricing of *prescription drugs* as improper conduct beyond any particular drug being sold through that conduct. Plaintiff's fraud and conspiracy theories as alleged are actionable and just as applicable to the sale of non-cancer prescription drugs as to cancer drugs.

These Defendants, and virtually every other drug manufacturer defendant, have sought dismissal of plaintiff's Complaint on grounds that he allegedly lacks standing to sue them simply because he has not purchased their drugs. This narrow argument completely disregards the breadth of Plaintiff's Second Amended Complaint - *i. e.,* that defendants engaged in a widespread fraudulent scheme and conspiracy to defraud prescriptive drug consumers by, *inter alia,* artificially inflating and fixing the prices of their prescription drugs, causing this plaintiff and the Class to pay more for their prescription drugs (for prostate cancer and other ailments) than they otherwise would have paid in the absence of the conspiracy. The conspiracy confers upon the plaintiff the standing to sue all the market participants in the prescription drug market whose parallel conduct combined to cause injury and damages to him and to all other drug consumers similarly situated.

In their Motion to Dismiss, these Defendants have disregarded the allegations made in Plaintiff's SAC and selectively extracted and quoted specific portions of Plaintiff's prior Memoranda

in Opposition to the original Defendants Motions to Dismiss which dealt only with prostate cancer drugs. Looking merely to Plaintiff's prior opposition memoranda, which were necessarily specific as to prostate cancer drugs in order to directly respond to those defendants who do manufacture prostate cancer drugs, distorts the broader reach of Plaintiff's allegations of conspiracy in the SAC against certain additional prescription drug manufacturers generally.

As Judge Burke pointed out in his November 25, 2002 decision, the Court must take Plaintiff's allegations in the Complaint as true. When read in whole and in proper context, Plaintiff's SAC clearly alleges that the conspiracy here involves victims and conduct beyond just the "prostate cancer drug market." (*See* for examples, Plaintiff's SAC at ¶ 1, 12, 15, 17, 18, 23, 24, 26-30, 32, 37, 38, 43, 61, 62, 77-81, 86, 102, 103, 105, 108, 109, 120, 121, 127-129, 134, 144-147, 246-257, 262-266, 267-270, 271-274, 301, 306-308, 310-316). The preceding paragraphs from Plaintiffs' SAC are obviously too numerous to quote verbatim, However, taking all of those allegations as true, the applicable law and accepted authority makes it clear that Plaintiff Swanston does have standing to bring this suit against these Defendants.

It is hornbook law that a conspirator is liable for all acts which its co-conspirators committed in furtherance of the conspiracy, including acts not personally committed. *See Sheet Metal Workers Int'l Assoc.* v. *Nichols*, 89 Ariz. 187, 194, 360 P.2d 204, 209 (1961) ("one conspirator is the agent of the other and ... each is therefore bound by the statements or acts of the other in execution of the agency."); *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 306, 757 P.2d 105, 110 (Ariz. Ct. App. 1988) ("not all members of a conspiracy need be named defendants for one member to be found liable."); *Beltz Travel Serv., Inc. v. Int'l Air Transp.*, 620 F.2d 1360, 1367 (9th Cir. 1980) ("All conspirators are jointly liable for the acts of their co-conspirators.") Accordingly, plaintiff has standing to sue a party even if he has not dealt with that party, so long as he has had dealings with at least one co-conspirator, *i.e.*, TAP Pharmaceuticals. *See La Mar v. H&B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973) (class representative who does not have a cause of action against a particular defendant can represent members of a class who do where "conspiracy or concerted schemes between the defendants at whose hands the class suffered injury" are alleged); *In re Arizona*

*Dairy Products Litig.,* 627 F. Supp. 233, 236 (D. Ariz. 1985) (plaintiffs have standing in suit seeking damages from defendants for purchases made from un-named conspirators). The leading treatise on class actions is in accord:

> When there are multiple defendants named who are engaged in parallel conduct, the plaintiff's standing to sue those defendants with whom he or she has had no business or other direct contact does not depend on whether the plaintiff can demonstrate that those additional defendants have injured the plaintiff directly. Rather, the focus for standing purposes is whether the challenged conduct of such additional defendants is sufficiently related to the plaintiff's alleged grievances or injuries that such additional defendants should be liable or legally accountable to the plaintiffs. The law has developed at least two general categories of cases in which the defendants are liable for the plaintiff's injuries because the defendants contributed to those injuries, even though the plaintiff has had no business or other direct contact with defendants. When the alleged parallel conduct is the result of a conspiracy, not only are all members of the conspiracy jointly liable, but also the plaintiff may join any or all defendants in the action, and, if the requirements *of* Rule 23 are met, such plaintiff may represent a class of all persons injured by the conspiracy though he or she had no individual dealings with some *of* the defendants.

1 NEWBERG ON CLASS ACTIONS, § 3.18 at 3-104 - 3-105 (3d ed. 1992) (emphasis added).

It is also widely held outside the federal courts of the Ninth Circuit, and in a variety of cases, that plaintiffs generally have standing to sue "non-dealing parties" involved in a conspiracy. *See*, *e.g.*, *Central Wesley College v. W.R. Grace & Co.*, 6 F.3d 177, 188 (4th Cir. 1993) ("allegations of conspiracy among parties with whom a plaintiff did not directly deal may confer standing upon the plaintiff to sue the non-dealing parties" (asbestos product liability)); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 448 (3d Cir. 1977) ("The fact that a customer has not made purchases from every co-conspirator does not prevent him from suing all for each co-conspirator contributed to the charging of the supracompetitive price paid by the purchaser." (antitrust)); *In re Bromine Antitrust Litig.*, 203 F.R.D. 403, 410, n.S (S.D. Ind. 2001) *(citing Bogosian* (antitrust)); *Emig v. American Tobacco Co.*, 184 F.R.D. 379, 386 (D. Kan. 1998) (allegations of conspiracy to manipulate nicotine content in cigarettes and conceal and suppress information regarding addictive properties of nicotine conferred standing upon plaintiffs even though they did not purchase cigarettes from each defendant (tort action)); *In re Nasdaq Market-Makers Antitrust Litig.,* 169 F.R.D. 493, 508 (S.D.N.Y. 1996) (no dealings with twenty-three of thirty-three defendants did not deprive plaintiffs of standing since "a

Plaintiff injured by one defendant as a result of the conspiracy has standing to represent a class of individuals injured by any of the defendant's co-conspirators." (antitrust)); *Washington Education Assoc. v. Shelton School Dist. No. 309*, 613 P.2d 769, 790-91 (Wash. 1980) (allegations of employment discrimination as a result of collusion among school districts statewide confer standing on named plaintiffs, even though those individuals were not employees of all defendants named (employment discrimination)).

Plaintiff Swanston has sued on his behalf and on behalf of a class that includes patients and others that have purchased non-cancer prescription drugs at inflated prices. These Defendants are alleged to have engaged in parallel conduct of unlawful price inflation and alleged to have sold their drugs to class members represented by Plaintiff Swanston. This parallel conduct makes these Defendants co-conspirators and based on the foregoing authority confers standing on Plaintiff Swanston to bring suit against them on behalf of a class consisting of their drug consumers.

These Defendants conveniently ignore the well settled conspiracy law cited above and self servingly cite cases which merely discuss the requirement that the plaintiff, "allege a distinct and palpable injury." *See Sears,* 192 Ariz. at 69, 961 P.2d at 1017. In fact, Plaintiff Swanston has alleged a distinct and palpable injury to himself as well as to the class by alleging harm caused by a broader fraudulent scheme and conspiracy engaged in by <u>all</u> of these defendants. This fraudulent scheme and conspiracy caused the plaintiff and the Class to pay too much for the prostate cancer drugs and for the prescription drugs purchased by them and manufactured, distributed and sold by all of these Defendants.

To borrow from Judge Burke, "the gravamen of Plaintiff's Complaint (now as the Second Amended Complaint)" remains a conspiracy in which these Defendants participated. If it is proven that these Defendants were co-conspirators with TAP and the other previously named defendants by virtue of their parallel conduct of price inflation, and TAP or the other defendants are found liable, then these Defendants can be held liable as co-conspirators. *Sheet Metal Workers International Association v. Nichols*, 89 Ariz. 187, 194, 360 P.2d 204 (1961).

1    These Defendants seek to refute plaintiff's proper allegations by charging that he has failed
2    to allege distinct injury caused by their pricing conduct simply because the class representative
3    plaintiff did not purchase any of these Defendants drugs. However, these Defendants cite no case
4    requiring such an allegation because there is none. Instead, as the above-cited cases and authorities
5    make clear, when the plaintiff alleges, as here, that his harm was caused by a conspiracy among many
6    actors engaged in parallel conduct, the plaintiff has properly pled cognizable injury caused by all such
7    actors.

8    The class action cases cited by these defendants require no more.  Indeed, the threshold
9    requirements for standing in a class action case are no different than in a non-class case.   In this
10   context, the class is potentially immense.  No single class representative can ever have the direct
11   involvement with all of the potential defendants in such a widespread market conspiracy that these
12   specific Defendants argue is required for standing.  The very purpose of class actions like this one is
13   to redress the harms to a large class caused by an equally large group of defendants that would be
14   guilty of parallel conduct sufficient to find a conspiracy, if the allegations are proven true throughout
15   the course of the litigation.

### B.  PLAINTIFF HAS SUFFICIENTLY PLED HIS CLAIMS FOR FRAUD TO WITHSTAND A MOTION TO DISMISS

It is true that allegations of fraud must be pleaded with specificity. *Spudnuts v. Lane*, 641 P.2d 912, 913, 131 Ariz. 424, (1982).   However, the law does not require that any particular language be used, so long as the elements of fraud are present, "considering the complaint as a whole." *Denbo v. Badger*, 506 P.2d 384, 386, 18 Ariz. App. 426 (1972).   This court has previously ruled that the allegations contained in the plaintiff's First Amended Complaint sufficiently plead fraud.  (Burke Order dated 11/25/2002). The plaintiff's Second Amended Complaint contains even more detail than the First Amended Complaint, and, therefore, must necessarily be found to comply with the provisions of Rule 9(b), Ariz.R.Civ.Proc.

The Rule 9(b) requirements are an exception to the general notice pleading rules in Arizona. *Brazee v. Morris*, 179 P.2d 442, 443 (Ariz. 1947).  The purpose of the exception is to eliminate surprise. *Pruitt v. Pavelin*, 685 P.2d 1347, 1358, 141 Ariz. 195 (1984).  The Second Amended

Complaint sets forth in detail the nature of the conduct that the plaintiff alleges to be fraudulent in such a manner that the defendants cannot, in good faith, argue that they will be surprised at some future date about the nature of the plaintiff's claims.  Indeed, Plaintiffs' Second Amended Complaint contains so many details, that it would again be impossible to list each and every one verbatim within the page limits allowed for responding to the plaintiff's motion.  The following allegations alone, however, leave no doubt that the defendant knows, or should know, the nature of the conduct the plaintiff alleges it has committed:

1. In paragraphs 127-135 contain detailed allegations that the defendants have fraudulent inflated the AWP's of its drugs, with the intent to deceive.  While these paragraphs do contain even more detailed allegations concerning the conduct of other corporate defendants, such as TAP and Astra Zeneca, the allegations are sufficiently detailed as to all corporate defendants to comply with Rule 9(b).

2. Paragraphs 135-141 contained detailed allegations that the defendants engaged in activity in which they unlawfully used free samples as an inducement to entice doctors to prescribe their prescription drugs.  These paragraphs also contain even more detailed allegations as to other corporate defendants, but the are sufficient detailed as to all corporate defendants to comply with Rule 9(b).

3. Paragraph 141 alleged detailed allegations that all corporate defendants, including the moving defendants, engaged in other fraudulent conduct, including  kickbacks to medical providers, which consisted of cash payments, free drugs, trips to resorts, free consulting services to doctors and other customers, free continuing medical education courses, and debt forgiveness.

4. Paragraph 145 of the Second Amended Complaint alleges in detail specific conduct on the part of each corporate defendant in furtherance of the conspiracy to commit fraud.

5. Paragraph 294 of the Second Amended Complaint alleges that the corporate defendants, including the moving defendants, acted intentionally to mislead, and that the members of the class reasonably relied upon the representations of the corporate defendants, and suffered damages thereby.

1  Given the high level of detail contained in the Second Amended Complaint, the only
2 reasonable conclusion is that it meets the requirements of Rule 9(b) as to each and every corporate
3 defendant subject to this lawsuit. However, as previously noted, because the plaintiff has alleged a
4 conspiracy between the various corporate defendants, each may be held liable for the acts of the
5 other. *Sheet Metal Workers Int'l Assn. v. Nichols*, 89 Ariz. 187, 194, 360 P.2d 204 (1961).

6  The Second Amended Complaint does contain more detailed allegations against certain
7 corporate defendants than against others (specifically, TAP), but it is also alleged that the other
8 corporate defendants are co-conspirators with TAP. That allegation must be taken as true for
9 purposes of ruling on the Motion to Dismiss. As Judge Burke previously ruled in this case,
10 "[b]ecause Plaintiff is dealing with an alleged corporate conspiracy, Plaintiff has pled his fraud claims
11 with sufficient particularity to withstand this motion to dismiss." (Burke Order, dated 11/25/2002).
12 Pl.'s Master Exh. "B."

### III. CONCLUSION

For all of the foregoing reasons, these Defendants' Motion to Dismiss on Standing and Rule 9(b) grounds should be denied.

Dated: April 30, 2004

Respectfully submitted,
/s/ Donald E. Haviland, Jr., Esquire
donald.haviland@klinespecter.com
Donald E. Haviland, Jr., Esquire
**KLINE & SPECTER, P.C.**
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 telephone

Harry J. Miller, Esquire (AZ Bar No. 014556)
**HARRY J. MILLER, P.L.L.C.**
80 E. Columbus Avenue
Phoenix, AZ 85012
(602) 264-4965 telephone

Chad L. Schexnayder, Esquire
**JENNINGS, HAUG & CUNNINGHAM, L.L.P.**
2800 North Central Avenue, Suite 1800
Phoenix, AZ 85004-1049
(602) 234-7800 telephone

Kent M. Williams, Esquire
**GIEBEL, GILBERT, WILLIAMS & KOHL, P.L.L.P.**
1300 Godward Street, N.E., Suite 6200

1  
2  Minneapolis, MN  55413
   (651) 633-9000 telephone

3  Marvin K. Blount, Jr., Esquire
   **THE BLOUNT LAW FIRM, P.L.L.C.**
4  400 West First Street
   Greenville, NC 27834
5  (252) 752-6000 telephone

6  Lewis B. April, Esquire
   COOPER LEVENSON APRIL
7      NIEDELMAN & WAGENHEIM, P.A.
   1125 Atlantic Avenue - Third Floor
8  P.O. Box 1125
   Atlantic City, NJ  08404-1125

9  
10 C:\Documents and Settings\jladmin\My Documents\ConversionWorkDir\369_200405061843030578.wpd

**ATTORNEYS FOR PLAINTIFF AND THE CLASS**

11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

## CERTIFICATE OF MAILING

I hereby certify that Plaintiff's Response To Defendants GlaxoSmithKline, Fujisawa, Wyeth and Dey's Motion to Dismiss on Standing And Rule 9(b) Grounds, was duly served this date, April 30, 2004, on the following parties, via Lexis/Nexis electronic filing service:

Daniel E. Reidy, Esquire
Lee Ann Russo, Esquire
Mark P. Rotatori, Esquire
Beth A. O'Connor, Esquire
**JONES DAY REAVIS & POGUE**
77 West Wacker
Chicago, IL  60601-1692
*National for Deft., TAP Pharm. Prods., Inc.*

Timothy J. Burke, Esquire
**FENNEMORE CRAIG, P.C.**
3003 North Central Ave., Suite 2600
Phoenix, AZ  85012-2913
*Local Counsel for Deft., TAP Pharm. Prods.*

Joshua T. Buchman, Esquire
**MCDERMOTT, WILL & EMERY**
227 West Monroe Street
Chicago, IL  60606-5096
*National Counsel for Deft., Abbott Laboratories*

Randy Papetti, Esquire
**LEWIS AND ROCA LLP**
40 North Central Ave.
Phoenix, AZ  85004-4429
*Local Counsel for Deft., Abbott Laboratories*

Robert R. Stauffer, Esquire
Thomas P. Sullivan, Esquire
Mark D. Pollack, Esquire
Anthony C. Porcelli, Esquire
**JENNER & BLOCK**
One IBM Plaza, 45th Floor
Chicago, IL  60611
*National for Deft., Takeda Chem. Indus., Ltd.*

Donald P. Martin, Esquire
John Maston O'Neal, Esquire,
**QUARLES & BRADY STREICH LANG LLP**
One Renaissance Square,
Two North Central Ave.
Phoenix, AZ  85004-2391
*Local Counsel for Deft., Takeda Chem. Indus.*

Andrew D. Schau, Esquire
William F. Cavanaugh, Jr., Esquire
Adeel Abdullah Mangi, Esquire
Kieran M. Corcoran, Esquire
Erik Haas, Esquire
**PATTERSON, BELKNAP, WEBB & TYLER, LLP**
1133 Ave. of the Americas
New York, NY  10036-6710
*National Counsel for Defts., Johnson & Johnson, Ethicon Endo-Surgery, Inc., Indigo Laser Corp., Alza Corp., Centocor, Inc. and Ortho Biotech*

Mary G. Pryor, Esquire
**THE CAVANAGH LAW FIRM**
1850 North Central Ave., Suite 2400
Phoenix, AZ  85004-4527
*Local Counsel for Johnson & Johnson, Ethicon Endo-Surgery, Inc., Indigo Laser Corp., Alza Corp., Centecor, Inc. & Ortho Biotech*

D. Scott Wise, Esquire
Kimberley Harris, Esquire
Arthur F. Golden, Esquire
Eric D. Gill, Esquire
**DAVIS POLK & WARDWELL**
450 Lexington Ave.
New York, NY  10017
*National Counsel for Deft., AstraZeneca*

William J. Maledon, Esquire
Linda Weaver, Esquire
**OSBORN MALEDON, P.A.**
2929 North Central Ave., 21st Floor
Phoenix, AZ  85012
*Local Counsel for Deft., AstraZeneca*

Scott A. Stempel, Esquire
Jason Baranski, Esquire
**MORGAN, LEWIS & BOCKIUS, LLP**
1111 Pennsylvania Avenue
Washington, DC  20004-2921
*National Counsel for Defts. Pharmacia Corp. and Pharmacia & Upjohn, Monsanto Company, and G.D. Searle*

© 2004  KLINE & SPECTER, P.C.                    Page 11 of 14

| | | |
|---|---|---|
| 1 | John C. Dodds, Esquire<br>Mitchell Edwards, Esquire | Kimberly A. Dunne, Esquire<br>Frank J. Menetrez, Esquire |
| 2 | Jason E. Baranski, Esquire<br>**MORGAN, LEWIS & BOCKIUS, LLP** | **SIDLEY AUSTIN BROWN & WOOD LLP**<br>555 West Fifth street, 40th Floor |
| 3 | 1701 Market Street<br>Philadelphia, PA 19103-2921 | Los Angeles, CA 90013<br>*Counsel for Bayer Corporation* |
| 4 | *National Counsel for Defts. Pharmacia Corp. and* | |
| | *Pharmacia & Upjohn, Monsanto Company, and* | Joseph H. Young, Esquire |
| 5 | *G.D. Searle* | Steven F. Barley, Esquire<br>**HOGAN & HARTSON, LLP** |
| 6 | Barry D. Halpern, Esquire | 111 S. Calvert St., Suite 1600 |
| | Stephanie V. Hacket, Esquire | Baltimore, MD 21202 |
| 7 | **SNELL & WILMER L.L.P.** | *National Counsel for Defts. Amgen, Apothecon,* |
| | One Arizona Center | *Inc., Bristol-Myers Squibb Co. and Oncology* |
| 8 | 400 East Van Buren<br>Phoenix, AZ 85004-2202 | *Therapeutics Network Corp.* |
| 9 | *Local Counsel for Defts.,* | Andrew S. Gordon, Esquire |
| | *Pharmacia Corp., Pharmacia & Upjohn Monsanto* | James D. Jorgensen, Esquire |
| 10 | *Company, and G.D. Searle* | **COOPERSMITH GORDON SCHERMER OWENS &**<br>**NELSON, PLC** |
| 11 | Brien T. O'Connor, Esquire | 2800 N. Central Avenue, Suite 1000 |
| | John T. Montgomery, Esquire | Phoenix, AZ 85004 |
| 12 | Kirsten V. Mayer, Esquire | *Local Counsel for Defts. Amgen, Inc., Apothecon,* |
| | David C. Potter, Esquire | *Inc., Bristol-Myers Squibb Co. and Oncology* |
| 13 | **ROPES & GRAY** | *Therapeutics Network Corp.* |
| | One International Place | |
| 14 | Boston, MA 02110 | Merle M. DeLancey, Jr., Esquire |
| | *National Counsel for Defts. Schering-Plough and* | **DICKSTEIN SHAPIRO MORIN** |
| 15 | *Warrick Pharmaceuticals* | 2101 L. St. NW<br>Washington, DC 20037 |
| 16 | Patrick G. Byrne, Esquire | *Baxter Int'l, Inc. & Baxter Healthcare* |
| | Andrew F. Halaby, Esquire | |
| 17 | **SNELL & WILMER LLP** | William D. Nussbaum, Esquire |
| | One Arizona Center | Jonathan T. Rees, Esquire |
| 18 | 400 E. Van Buren | Jonathan S. Kallmer, Esquire |
| | Phoenix, AZ 85004-2202 | **HOGAN & HARTSON LLP** |
| 19 | | 555 13th Street, N.W., Suite 13-W |
| | Richard D. Raskin, Esquire | Washington, DC 20004 |
| 20 | David C. Giardina, Esquire | *National Counsel for Deft. Aventis Behring* |
| | **SIDLEY AUSTIN BROWN & WOOD LLP** | |
| 21 | Bank One Plaza | Paul Schleifman, Esquire |
| | 10 S. Dearborn Street, 48th Floor | **SHOOK, HARDY & BACON, LLP** |
| 22 | Chicago, IL 60603 | One Kansas City Place |
| | *National Counsel for Deft., Bayer Corporation* | 1200 Main Street |
| 23 | | Kansas City, MO 64105-2118 |
| | Alan H. Blankenheimer, Esquire | *National Counsel for Defts. Aventis Pharm., Inc.,* |
| 24 | Timothy J. Franks, Esquire | *and Hoescht Marion Roussel, Inc.* |
| | **BROWN & BAIN, P.C.** | |
| 25 | P.O. Box 400 | |
| | Phoenix, AZ 85001-0400 | |
| 26 | *Local Counsel for Deft., Bayer Corporation* | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | Pamela M. Overton, Esquire<br>**GREENBERG TRAURIG, LLP** | Paul J. Coval, Esquire<br>Douglas L. Rogers, Esquire |
| 2 | 2375 East Camelback Road, Suite 700<br>Phoenix, AZ 85016 | Darrell A.H. Miller, Esquire<br>**VORYS SATER VORYS SATER SEYMOUR PEASE** |
| 3 | *Local Counsel for Aventis Behring, Aventis Pharm.,*<br>*Inc. & Hoescht Marion Roussel Inc.* | 52 East Gay Street<br>P.O. Box 1008 |
| 4 | | Columbus, OH 43216-1003 |
| 5 | Frederick G. Herold, Esquire<br>**DECHERT, PRICE & RHOADS** | *Nat. Counsel for Defts. Boehringer Ingelheim*<br>*Corp., Ben Venue Labs, Bedford Labs & Roxanne* |
| 6 | 975 Page Mill Road<br>Palo Alto, CA 94304-1013 | *Labs* |
| 7 | *National Counsel for SmithKline Beecham Corp. &*<br>*Glaxo Wellcome d/b/a GlaxoSmithKline* | Kirke M. Hasson, Esquire<br>Albert G. Lin, Esquire<br>**PILLSBURY WINTHROP, LLP** |
| 8 | Robert W. Shely, Esquire<br>Rodney W. Ott, Esquire | 50 Fremont Street<br>San Francisco, CA 94105 |
| 9 | Kira D. Lodge, Esquire<br>**BRYAN CAVE LLP** | *National Counsel for Defts. Sicor, Inc. and Gensia*<br>*Sicor Pharmaceuticals, Inc.* |
| 10 | Two North Central Avenue, Suite 2200<br>Phoenix, AZ 85004-4406 | John E. DeWulf, Esquire |
| 11 | *Local Counsel for Defts. Smithkline Beecham Corp.*<br>*& Glaxo Wellcome d/b/a GlaxoSmithKline* | Darlene M. Wauro, Esquire<br>**ROSHKA HEYMAN & DEWULF, PLC** |
| 12 | | One Arizona Center<br>400 East Van Buren - Suite 800 |
| 13 | David J. Burman, Esquire<br>Kathleen M. O'Sullivan, Esquire | Phoenix, AZ 85004 |
| 14 | Zoe Philippides, Esquire<br>**PERKINS COIE LLP** | *Local counsel for Boehringer Ingelheim Corp., Ben*<br>*Venue Laboratories, Inc., Bedford Laboratories and* |
| 15 | 1201 Third Avenue, Suite 4800<br>Seattle, WA 98101-3099 | *Roxane Laboratories, Inc.* |
| 16 | *National Counsel for Deft. Immunex Corp.* | Lydia Alyce Jones, Esquire<br>**JENNINGS, STROUSS & SALMON, P.L.C.** |
| 17 | Michael K. Kennedy, Esquire<br>**GALLAGHER & KENNEDY, P.A.** | The Collier Center, 11th Floor<br>201 E. Washington Street |
| 18 | 2575 E. Camelback Road<br>Phoenix, AZ 85016-9225 | Phoenix, AZ 85004-2385<br>*Local Counsel for Defts. Sicor, Inc. and Gensia* |
| 19 | *Local Counsel for Deft. Immunex Corp.* | *Sicor Pharmaceuticals, Inc.* |
| 20 | Phillip Robben, Esquire<br>**KELLEY DRYE & WARREN, LLP** | Kathleen M. McGuan, Esquire<br>Andrew L. Hurst, Esquire |
| 21 | 101 Park Avenue<br>New York, NY 10178 | **REED SMITH LLP**<br>1301 K Street NW |
| 22 | *National Counsel for Deft. Dey, Inc.* | Suite 1100 - East Tower<br>Washington, DC 20005 |
| 23 | Don Bivens, Esquire<br>Paul L. Stoller, Esquire | *National Counsel for Defts. Fujisawa Healthcare,*<br>*Inc. and Fujisawa USA, Inc.* |
| 24 | Phil C. Towers, Esquire<br>**MEYER, HENDRICKS & BIVENS, PA** | Michael T. Scott, Esquire |
| 25 | 3003 N. Central Avenue, Suite 1200<br>Phoenix, AZ 85012 | **REED SMITH LLP**<br>2500 One Liberty Place |
| 26 | *Local Counsel for Deft. Dey, Inc.* | 1650 Market Street<br>Philadelphia, PA 19103-7301 |
| 27 | | *National Counsel for Defts. Fujisawa Healthcare,*<br>*Inc. and Fujisawa USA, Inc.* |
| 28 | | |

| | | |
|---|---|---|
| 1 | Martin A. Aronson, Esquire<br>William D. Cleveland, Esquire | John E. Riley, Esquire<br>**VAIRA & RILEY, P.C.** |
| 2 | K. Layne Morrill, Esquire<br>**MORRILL & ARONSON PLC** | 1600 Market Street, Suite 2650<br>Philadelphia, PA  19103-7226 |
| 3 | One East Camelback Road, Suite 340<br>Phoenix, AZ  85012-1648 | *Counsel for Deft., Michael T. Gendelman* |
| 4 | *Local Counsel for Defts. Fujisawa Healthcare, Inc.<br>and Fujisawa USA, Inc.* | Dennis Hall, Esquire<br>Christian C. Beams, Esquire |
| 5 | | **BESHEARS WALLWORK BELLAMY** |
|   | S. Craig Holden, Esquire | 2700 North Central Avenue, 12th Floor |
| 6 | Connie E. Eiseman, Esquire<br>**OBER, KALER GRIMES & SHRIVER** | Phoenix, AZ 85004-1169<br>*Counsel for Deft., Michael T. Gendelman* |
| 7 | 120 E. Baltimore Street<br>Baltimore, MD  21202 | Kent Williams, Esquire |
| 8 | *Counsel for Defts. Wyeth and Wyeth Pharm.* | **GIEBEL GILBERT WILLIAMS & KOHL**<br>2233 North Hamlin Ave., Suite 620 |
| 9 | Jeffrey S. Leonard, Esquire<br>**SACKS TIERNEY, P.A.** | St. Paul, MN  55113<br>*Plaintiff's Counsel* |
| 10 | 4250 North Drinkwater Blvd, Suite 4000<br>Scottsdale, AZ 85251-3693 | Marvin K. Blount, Jr., Esquire |
| 11 | *Local Counsel for Wyeth* | **THE BLOUNT LAW FIRM, P.L.L.C.**<br>400 West First Street |
| 12 | M. Lee Robertson, Jr., Esquire<br>**ROBERTSON & FUTERAL, P.A.** | Greenville, NC  27834<br>*Plaintiff's Counsel* |
| 13 | 1002 Anna Knapp Blvd.<br>Mt. Pleasant, SC  29464 | Lewis B. April, Esquire |
| 14 | *Counsel for Defendant, David Jett* | **COOPER LEVENSON APRIL<br>    NIEDELMAN & WAGENHEIM, P.A.** |
| 15 | Curtis C. Coleman, III, Esquire<br>**CURTIS C. COLEMAN, III, P.A.** | 1125 Atlantic Ave. - Third Floor<br>P.O. Box 1125 |
| 16 | 916 S. Evans Street<br>P.O. Box 588 | Atlantic City, NJ  08404-1125<br>*Plaintiff's Counsel* |
| 17 | Greenville, NC  27835-0588<br>*Counsel for Deft., Christopher Coleman* | Harry J. Miller, Esquire |
| 18 | | **HARRY J. MILLER, P.L.L.C.**<br>80 E. Columbus Avenue |
| 19 | Trawick H. Stubbs, Jr., Esq.<br>**STUBBS & PERDUE, P.A.** | Phoenix, AZ  85012 |
|    | P.O. Box 1654 | *Plaintiff's Counsel* |
| 20 | New Bern, NC 28563<br>*Counsel for Deft., Scott Hidalgo* | Chad L. Schexnayder, Esquire |
| 21 | | **JENNINGS, HAUG & CUNNINGHAM, L.L.P.** |
|    | Charles M. Greene, Esquire | 2800 North Central Avenue, Suite 1800 |
| 22 | 111 North Orange Ave.<br>Orlando, FL 32801 | Phoenix, AZ 85004-1049<br>*Plaintiff's Counsel* |
| 23 | *Counsel for Deft., Eddy James Hack* | |
| 24 | | /s/ TerriAnne Benedetto, Esquire<br>terrianne.benedetto@klinespecter.com |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |