# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) |  MDL No. 1456<br>Master File No. 01-CV-12257-PBS<br>Sub-Category Case: 09-CV-12056 |
| THIS DOCUMENT RELATES TO:<br>*State of Mississippi v. Schering-Plough Corp.;*<br>*Schering Corporation; and*<br>*Warrick Pharmaceuticals Corp.* | ) ) ) ) ) ) ) | Judge Patti B. Saris |

## DEFENDANTS SCHERING AND WARRICK'S
## INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. RULE 26

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Rule 26.2(A) of the Local Rules of the United States District Court for the District of Massachusetts, Defendants Merck & Co., Inc. (formerly known as Schering-Plough Corporation), Schering Corporation, and Warrick Pharmaceuticals Corporation (collectively, "Schering and Warrick"), hereby make the following initial disclosures.

Schering and Warrick's disclosures are based on information reasonably available to them as of this date. Schering and Warrick reserve the right to supplement, amend or modify these disclosures as new information becomes available. By making these disclosures, Schering and Warrick neither (1) represent that they have identified every document, tangible thing or witness possibly relevant to this lawsuit; (2) represent that disclosed witnesses necessarily have current knowledge of the identified areas of information; (3) waive their rights to object to the production of any document or tangible thing, or any other information (including witness testimony) on the basis of any privilege, the work product doctrine, relevance, undue burden or

any other valid objection; (4) nor concede that Plaintiff is entitled to any of the documents, tangible things or individuals cited herein.

A. **Individuals Likely to Have Information that Schering and Warrick May Use to Support Their Claims or Defenses.**

Schering and Warrick state that the following individuals are likely to have discoverable information that they may use to support their claims or defenses. Schering and Warrick state further that the identity of the additional individuals with relevant information might be found in documents produced in this case and reserve the right to supplement this list. All current or former employees of Schering and Warrick should be contacted through Schering and Warrick's counsel.

1. <u>Current and former employees of Schering and Warrick.</u>

| Name & Last Known Title | Last Known Address & Telephone Number | Areas of Information | Attorney-Client Privilege |
|---|---|---|---|
| Raul Cesan, *former President and Chief Operating Officer* | c/o counsel of record for Schering and Warrick | Schering-brand products | Attorney-client privilege may apply. |
| Walter Gough, *National Sales Manager* | c/o counsel of record for Schering and Warrick | Marketing and/or sale of Warrick products | Attorney-client privilege may apply. |
| Al Graf, *National Sales Manager* | c/o counsel of record for Schering and Warrick | Marketing and/or sale of Warrick products | Attorney-client privilege may apply. |
| Peter Kamins, *Director of Trade Sales* | c/o counsel of record for Schering and Warrick | Sale of Schering-brand products | Attorney-client privilege may apply. |
| Debra Kane, *Executive Director, US Managed Markets Finance* | c/o counsel of record for Schering and Warrick | Medicaid rebates and the calculation of AMP | Attorney-client privilege may apply. |
| Raman Kapur, *Former President* | c/o counsel of record for Schering and | Marketing and/or sale of Warrick | Attorney-client privilege may |

2

|  | Warrick | products | apply. |
|---|---|---|---|
| Thomas Kelly, *Vice President of Business Development, Schering Corp.* | c/o counsel of record for Schering and Warrick |  | Attorney-client privilege may apply. |
| Michael Kennedy, *Project Manager SAP Project* | c/o counsel of record for Schering and Warrick | Accounts receivable at Schering and Warrick | Attorney-client privilege may apply. |
| James Kilgallon, *Government Contract and Administration Group* | c/o counsel of record for Schering and Warrick | Government contracts | Attorney-client privilege may apply. |
| Brian Longstreet, *Senior Director of Strategic Marketing* | c/o counsel of record for Schering and Warrick | Marketing and/or sale of Schering-brand products | Attorney-client privilege may apply. |
| Lou Manfredi, *Manager, Business Development* | c/o counsel of record for Schering and Warrick | Marketing and/or sale of Warrick products | Attorney-client privilege may apply. |
| Myra McGinley, *Assistant Secretary of Schering Corp. and Schering-Plough Corp.* | c/o counsel of record for Schering and Warrick |  | Attorney-client privilege may apply. |
| Art Monaghan, *Systems Analyst/Manager of Programming* | c/o counsel of record for Schering and Warrick | Storage and retrieval of AMP, rebate, and sales data | Attorney-client privilege may apply. |
| Barry Schnepf, *Head, Chargeback and Rebate Operations Group* | c/o counsel of record for Schering and Warrick | Medicaid rebates and the calculation of AMP | Attorney-client privilege may apply. |
| Jerome Sherman, *National Sales Manager* | c/o counsel of record for Schering and Warrick | Marketing and/or sale of Warrick products | Attorney-client privilege may apply. |
| John Van Schaften, *Former Financial Manager* | c/o counsel of record for Schering and Warrick | Marketing and/or sale of Warrick products | Attorney-client privilege may apply. |
| Michael S. Walsh, *Director of Trade Sales* | c/o counsel of record for Schering and Warrick | Sale of Schering-brand products | Attorney-client privilege may apply. |

| Harvey Weintraub, *Consultant/former Vice-President* | c/o counsel of record for Schering and Warrick | Marketing and/or sale of Warrick products | Attorney-client privilege may apply. |

2. <u>Current and former employees and current or former agents of the State of Mississippi's State and School Employees' Life and Health Insurance Plan, as well as other state agencies.</u>  Such persons are likely to have discoverable information in this case.  Warrick does not know the names of these individuals, whose identities are best known to plaintiff and should be listed in the plaintiff's Initial Disclosures.

3. <u>Healthcare providers who purchase and administer or fulfill prescriptions for any drug plaintiff contends a published price was inflated or manipulated by Schering and Warrick and for which plaintiff contends it may obtain damages or other relief ("Subject Drugs").</u>  Such person may have knowledge regarding coverage and reimbursement by Mississippi's State and School Employees' Life and Health Insurance Plan for Subject Drugs manufactured by Schering and Warrick.

4. <u>Current and former employees of any pharmaceutical benefits manager the State of Mississippi's State and School Employees' Life and Health Insurance Plan utilized to administer its prescription drug benefits during the relevant time period.</u>  Such person may have knowledge regarding coverage and reimbursement by Mississippi's State and School Employees' Life and Health Insurance Plan for Subject Drugs and prices reported in various pricing compendia.

5. <u>Current and former employees of Red Book, Blue Book, and MediSpan's Master Drug Database.</u>  Such persons have knowledge regarding information communicated to them by Schering and Warrick and the prices these entities reported for Subject Drugs manufactured by Schering and Warrick.

6. In addition, Warrick incorporates by reference all persons identified in the Rule 26 disclosures of any other defendant in this action.

B. **Documents, Data Compilations, and Tangible Things That Are in Schering and Warrick's Possession, Custody, or Control that Schering and Warrick May Use to Support Their Claims or Defenses.**

1. Documents related to Schering and Warrick's pricing, marketing, and sale of their products at issue in this case.

2. Documents relating to Schering and Warrick's communications with the various industry publications about their products at issue in this case.

3. Documents relating to Schering and Warrick's communications with any pharmaceutical benefits managers utilized by Mississippi's State and School Employees' Life and Health Insurance Plan, if any.

4

4. Communications with Mississippi's State and School Employees' Life and Health Insurance Plan, if any, regarding the pricing and/or reimbursement of Schering and Warrick's products at issue in this case.

5. For the relevant time period, sales and rebate data, AMP and Medicaid rebate data, and other pricing information and data for Schering and Warrick products at issue in this case.

6. Publicly available reports that did or should have alerted the plaintiff during the relevant time period that figures reported to it by third party pricing compendia were only benchmark prices. *See, e.g.*, Medicare Action Transmittal No. 84-12, reprinted in Medicare and Medicaid Guide (CCH) s. 34,157 at 2 (1984).

7. Rebate Agreements entered into with the Federal Government and/or the plaintiff.

**C.    Computation of Damages**

Schering and Warrick have not asserted a claim for damages.

**D.    Insurance Agreements**

At this time, Schering and Warrick are not aware of any relevant insurance agreements.

Respectfully submitted,

Merck & Co., Inc. (formerly known as Schering-Plough Corporation), Schering Corporation, and Warrick Pharmaceuticals Corporation

/s/ John P. Bueker
John P. Bueker (BBO #636435)
Janna Hansen (BBO # 662063)
Amanda L. Lydon (BBO #669235)
ROPES & GRAY LLP
800 Boylston Street
Boston, Massachusetts 02199-3600
(617) 951-7000

Dated: July 1, 2011

## CERTIFICATE OF SERVICE

I, John P. Bueker, certify that a true and correct copy of the foregoing document was served upon all counsel of record via LexisNexis File and Serve (LNFS) on July 1, 2011.

/s/ John P. Bueker<br>John P. Bueker