UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL No. 1456<br>Master File No. 01-CV-12257-PBS<br>Sub-Category Case: 09-CV-12056 |
| THIS DOCUMENT RELATES TO: | ) ) ) ) Judge Patti B. Saris |
| *State of Mississippi v. Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA; Sicor, Inc. and Novopharm USA, Inc.* | ) ) ) ) |
| *State of Mississippi v. Ivax Corporation; and Ivax Pharmaceuticals, Inc.* | ) ) ) |
| *State of Mississippi v. Barr Laboratories, Inc.* | ) ) ) |

**THE TEVA DEFENDANTS'**
**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. RULE 26**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Rule 26.2(A) of the Local Rules of the United States District Court for the District of Massachusetts, Defendants Teva Pharmaceuticals USA, Inc., Sicor, Inc. (f/k/a Gensia Sicor Pharmaceuticals, Inc., f/k/a Gensia Laboratories, Ltd.), Novopharm USA, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc., and Barr Laboratories, Inc. (collectively "Teva" or the "Teva Defendants"), hereby make the following initial disclosures.

The Teva Defendants' disclosures are based on information reasonably available to them as of this date. The Teva Defendants reserve the right to supplement, amend or modify these disclosures as new information becomes available. By making these disclosures, the Teva Defendants neither (1) represent that they have identified every document, tangible thing or

witness possibly relevant to this lawsuit; (2) represent that disclosed witnesses necessarily have current knowledge of the identified areas of information; (3) waive their rights to object to the production of any document or tangible thing, or any other information (including witness testimony) on the basis of any privilege, the work product doctrine, relevance, undue burden or any other valid objection; (4) nor concede that Plaintiff is entitled to any of the documents, tangible things or individuals cited herein.

**A.     Individuals Likely to Have Information that the Teva Defendants May Use to Support Their Claims or Defenses.**

The Teva Defendants state that the following individuals are likely to have discoverable information that they may use to support their claims or defenses.  The Teva Defendants state further that the identity of the additional individuals with relevant information might be found in documents produced in this case and reserve the right to supplement this list.  All current or former employees of the Teva Defendants should be contacted through the Teva Defendants' counsel.

1.      <u>Current and former employees of the Teva Defendants.</u>

| Name & Last Known Title | Last Known Address & Telephone Number | Areas of Information | Attorney-Client Privilege |
|---|---|---|---|
| Kim Bloom, *Director, Sales and Operations* | c/o counsel of record for the Teva Defendants | Contracting between Ivax and wholesalers and retail pharmacies; pricing of Ivax products | Attorney-client privilege may apply. |
| Michael Burton, *Key Account Manager* | c/o counsel of record for the Teva Defendants | Marketing and/or sale of Sicor products to wholesalers and retail pharmacies | Attorney-client privilege may apply. |
| Bonnie Canova, *National Account Manager, Retail* | c/o counsel of record for the | Communication with wholesalers and retail pharmacies regarding | Attorney-client privilege may |

|  | Teva Defendants | sales of Teva products | apply. |
|---|---|---|---|
| Tim Catlett, *Senior Vice President, Sales and Marketing* | c/o counsel of record for the Teva Defendants | Marketing and/or sale of Teva/Barr products to wholesalers and retail pharmacies; contracting between Teva/Barr and wholesalers and retail pharmacies | Attorney-client privilege may apply. |
| Eugene Cioschi, *Senior Product Manager, Generic Product Marketing* | c/o counsel of record for the Teva Defendants | Marketing and/or sale of Teva products to wholesalers and retail pharmacies; contracting between Teva and wholesalers and retail pharmacies; pricing of Teva products, reporting of pricing benchmarks for Teva products | Attorney-client privilege may apply. |
| Suzanne Collier, *Senior Manager, Marketing Communications* | c/o counsel of record for the Teva Defendants | Marketing programs and marketing materials used to support the sales of Teva products | Attorney-client privilege may apply. |
| Lauren Cunningham, *Manager of Bids and Contracts* | c/o counsel of record for the Teva Defendants | Communications between Barr and wholesalers and retail pharmacies | Attorney-client privilege may apply. |
| John Denman, *Vice President, Sales & Marketing* | c/o counsel of record for the Teva Defendants | Marketing and/or sale of Teva products to wholesalers and retail pharmacies; contracting between Teva and wholesalers and retail pharmacies; pricing of Teva products | Attorney-client privilege may apply. |
| Richard Foster, *Director of Marketing* | c/o counsel of record for the Teva Defendants | Marketing and/or sale of Teva products to wholesalers and retail pharmacies; pricing of Teva products | Attorney-client privilege may apply. |
| Joe Grotzinger, *Senior* | c/o counsel of | Marketing and/or sale of | Attorney-client |

3

| | | | |
|---|---|---|---|
| *Director, Marketing* | record for the Teva Defendants | Teva products to wholesalers and retail pharmacies; contracting between Teva and wholesalers and retail pharmacies; pricing of Teva products | privilege may apply. |
| Corinne Hogan, *Vice President, Sales and Marketing* | c/o counsel of record for the Teva Defendants | Marketing and/or sale of Teva products to wholesalers and retail pharmacies; contracting between Ivax and wholesalers and retail pharmacies; pricing of Ivax products | Attorney-client privilege may apply. |
| Paul Krauthauser, *Director, Marketing and Sales Administration* | c/o counsel of record for the Teva Defendants | Marketing and/or sale of Teva products to wholesalers and retail pharmacies; contracting between wholesalers and retail pharmacies. | Attorney-client privilege may apply. |
| Linda Nase, *Associate Director of Pricing* | c/o counsel of record for the Teva Defendants | Pricing of Teva products | Attorney-client privilege may apply. |
| Dolores Pascual, *Associate Director, Government Pricing* | c/o counsel of record for the Teva Defendants | Pricing of Teva products | Attorney-client privilege may apply. |
| Dave Rekenthaler, *Director, National Accounts Teva Pharmaceuticals USA* | c/o counsel of record for the Teva Defendants | Marketing and/or sale of Teva products to wholesalers and retail pharmacies; contracting between Teva and wholesalers and retail pharmacies | Attorney-client privilege may apply. |
| Tim Sawyer, *Executive Vice President of Global Generic Sales and Marketing* | c/o counsel of record for the Teva Defendants | Marketing and/or sale of Barr products to wholesalers and retail pharmacies; contracting between Barr and wholesalers and retail | Attorney-client privilege may apply. |

|  |  | pharmacies |  |
| --- | --- | --- | --- |
| Rob Varasano, *Associate Director - Government Pricing* | c/o counsel of record for the Teva Defendants | Medicaid rebates and the calculation of AMP for Barr products | Attorney-client privilege may apply. |
| John Wodarczyk, *Director, Customer Service and Sales Administration* | c/o counsel of record for the Teva Defendants | Marketing and/or sale of Teva products to wholesalers and retail pharmacies; contracting between Teva and wholesalers and retail pharmacies; pricing of Teva products, reporting of pricing benchmarks for Teva products | Attorney-client privilege may apply. |

2. <u>Current and former employees and current or former agents of the State of Mississippi's State and School Employees' Life and Health Insurance Plan, as well as other state agencies.</u>  Such persons are likely to have discoverable information in this case.  Teva does not know the names of these individuals, whose identities are best known to plaintiff and should be listed in the plaintiff's Initial Disclosures.

3. <u>Healthcare providers who purchase and administer or fulfill prescriptions for any drug plaintiff contends a published price was inflated or manipulated by the Teva Defendants and for which plaintiff contends it may obtain damages or other relief ("Subject Drugs").</u>  Such person may have knowledge regarding coverage and reimbursement by Mississippi's State and School Employees' Life and Health Insurance Plan for Subject Drugs manufactured by the Teva Defendants.

4. <u>Current and former employees of any pharmaceutical benefits manager the State of Mississippi's State and School Employees' Life and Health Insurance Plan utilized to administer its prescription drug benefits during the relevant time period.</u>  Such person may have knowledge regarding coverage and reimbursement by Mississippi's State and School Employees' Life and Health Insurance Plan for Subject Drugs and prices reported in various pricing compendia.

5. <u>Current and former employees of Red Book, Blue Book, and MediSpan's Master Drug Database.</u>  Such persons have knowledge regarding information communicated to them by the Teva Defendants and the prices these entities reported for Subject Drugs manufactured by the Teva Defendants.

6. In addition, Teva incorporates by reference all persons identified in the Rule 26 disclosures of any other defendant in this action.

B.  **Documents, Data Compilations, and Tangible Things That Are in the Teva Defendants' Possession, Custody, or Control that the Teva Defendants May Use to Support Their Claims or Defenses.**

1. Documents related to the Teva Defendants' pricing, marketing, and sale of their products at issue in this case;

2. Documents relating to the Teva Defendants' communications with the various industry publications about their products at issue in this case;

3. Documents relating to the Teva Defendants' communications with any pharmaceutical benefits managers utilized by Mississippi's State and School Employees' Life and Health Insurance Plan, if any;

4. Communications with Mississippi's State and School Employees' Life and Health Insurance Plan, if any, regarding the pricing and/or reimbursement of the Teva Defendants' products at issue in this case;

5. For the relevant time period, sales and rebate data, AMP and Medicaid rebate data, and other pricing information and data for the Teva Defendants' products at issue in this case.

6. Publicly available reports that did or should have alerted the plaintiff during the relevant time period that figures reported to it by third party pricing compendia were only benchmark prices.  *See, e.g.*, Medicare Action Transmittal No. 84-12, reprinted in Medicare and Medicaid Guide (CCH) s. 34,157 at 2 (1984).

7. Rebate Agreements entered into with the Federal Government and/or the plaintiff.

C. **Computation of Damages**

Teva has not asserted a claim for damages.

D. **Insurance Agreements**

At this time, Teva is not aware of any relevant insurance agreements.

DATED: July 1, 2011                    Respectfully submitted,

  /**s**/ Michael Occhuizzo
Jennifer G. Levy
Michael C. Occhuizzo
John K. Crisham
Daniel J. Gomez
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, NW
Washington, D.C. 20005
(Tel) 202-879-5000
(Fax) 202-879-5200


Robert J. Muldoon, Jr., BBO# 359480
**SHERIN AND LODGEN, LLP**
101 Federal Street
Boston, MA 02110
(Tel) 617-646-2000
(Fax) 617-646-2222

*Attorneys for Defendants:*
*Teva Pharmaceuticals USA, Inc.; Sicor, Inc.*
*(f/k/a Gensia Sicor Pharmaceuticals, Inc.,*
*f/k/a Gensia Laboratories, Ltd.);*
*Novopharm USA, Inc., Ivax Corporation;*
*Ivax Pharmaceuticals, Inc.; and Barr*
*Laboratories, Inc.*

**CERTIFICATE OF SERVICE**

I, Michael Occhuizzo, certify that a true and correct copy of the foregoing document was served upon all counsel of record via LexisNexis File and Serve (LNFS) on July 1, 2011.

/s/ Michael Occhuizzo_____
Michael Occhuizzo