IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

## MOTION FOR LEAVE TO FILE SUR-REPLY TO CLASS COUNSELS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO ADD INDIVIDUAL PLAINTIFFS AS CLASS REPRESENTATIVES FOR THE TRACK TWO SETTLEMENT

Certain Named Plaintiffs hereby submit the following Motion for Leave to File Sur-Reply to Class Counsel's Reply Brief in Support of Their Motion to Add Individual Plaintiffs as Class Representatives for the Track Two Settlement and in support thereof aver as follows:

1. On June 9, 2011, in response to Class Counsel's Motion to Quash Certain Named Plaintiffs' attempts to propound discovery upon the newly identified putative consumer class representatives, Magistrate Bowler ordered Class Counsel to produce "to the extent possible [ ] the billing and payment records sought by [Certain Named Plaintiffs] in a format and manner to be agreed to by counsel, two hours prior to the commencement of the [June 13, 2011] Fairness Hearing.

2. On June 10, 2011, the undersigned wrote to Class Counsel, consistent with Magistrate Bowler's Order to agree on a format and manner for the above-referenced production, regarding the **volume** of the billing and payment records in their possession for each of the proposed class representatives as well as the **format** which those records exist. The undersigned

also asked that Class Counsel **advise as to the person** who would be delivering the records to facilitate in coordinating the transfer.  The undersigned requested a response later that day.

3. Class Counsel never responded.  Instead, two hours before the Fairness Hearing, the undersigned was approached by an unknown member of Class Counsel's team and handed an envelope containing a letter from Jennifer Connolly and a total of seven (7) pages of additional records.  The records consisted only of three (3) pages of medical records for Ms. Swayze, neither of which in any way relate to billing and payment for the subject drugs, and a revised claim form for Ms. Tonacchio, which as discussed several times and as conceded by Class Counsel does not even establish that she is a Class member, let alone establish any billing or payment for the Subject Drugs.  *See e.g.,* Dkt. No. 5446 at 10 of 30.

4. Class Counsel filed their Reply Brief on June 24, 2011.

5. In the Subject Reply Brief, Class Counsel relied on additional documents that had not been produced to the undersigned pursuant to Magistrate Bowler's Order for Class Counsel's arguments regarding standing.  Three days later, and two (2) weeks after the Fairness Hearing, Class Counsel produced to the undersigned these additional purported billing and payment documents for Ms. Laday, Mr. Trusky (despite their representation in the June 13 letter that they "d[id] not have any additional documents to produce on behalf of Mr. Trusky"), as well as additional documents regarding Ms. Swayze (despite their representation in the June 13 letter that they had "examined all of Ms. Swayze's medical records [and that] the documents were [sic] have produced together with the ones we are producing today are the only documents that mention her being administered or paying for Track Two drugs.").

6. Despite Magistrate Bowler's Order, Certain Named Plaintiffs have not had an opportunity to address this late supplemental production and the additional arguments made by

Class Counsel regarding the same.  *See e.g.,* Reply Brief at 24 (wherein Class Counsel argue that "[i]n addition, since the filing of [Certain Named Plaintiffs'] Brief, Ms. Swayze has located a check register that includes checks written to the Lancaster Community Hospital, one of which corresponds to the date that independent records show she was administered one Track Two drug.  Nothing further is required."); *Id.* at 25 (regarding additional documents for Mr. Trusky and Ms. Laday).

Accordingly, in light of the additional arguments raised in Class Counsel's Reply Brief and their reliance on additional documents that were subject to Magistrate Bowler's Order, but not produced to the undersigned, Certain Named Plaintiffs hereby respectfully request Leave to file their Sur-Reply to Class Counsel's Reply Brief in Support of Their Motion to Add Individual Plaintiffs as Class Representatives for the Track Two Settlement, attached as Exhibit "A" hereto.


Dated: July 6, 2011                                      /s/ Donald E. Haviland, Jr.
                                                        Donald E. Haviland, Jr., Esquire
                                                        Michael J. Lorusso, Esquire
                                                        **Haviland Hughes, LLC**
                                                        111 S. Independence Mall East, Suite 1000
                                                        Philadelphia, PA 19106
                                                        (215) 609-4661

                                                        Attorneys for Certain Named Plaintiffs

**CERTIFICATE OF SERVICE**

I, Donald E. Haviland, Jr., hereby certify that on July 6, 2011 the foregoing Motion for Leave to File Sur-Reply to Class Counsel's Reply Brief in Support of Their Motion to Add Individual Plaintiffs as Class Representatives for the Track Two Settlement was filed via CM/ECF and all counsel of record were served via ECF notification.

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr.