UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>BMS | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING
FINAL APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT WITH THE
BMS GROUP, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS,
AND APPROVING CLASS COUNSELS' APPLICATION FOR ATTORNEYS FEES,
REIMBURSEMENT OF LITIGATION EXPENSES AND INCENTIVE AWARDS
TO CLASS REPRESENTATIVES

This Court having considered: (a) the Settlement Agreement and Release of the BMS Group dated August 4, 2009 (the "Agreement") between the Plaintiffs and Defendants Bristol-Myers Squibb Company ("BMS"), Oncology Therapeutics Network Corporation and Apothecon, Inc. (herein referred to collectively as the "BMS Group"); (b) the Distribution Plan, Claims Process and Notice Plan for the Settlement as contained in the Court's August 31, 2009 Order preliminarily approving the Settlement (electronic order endorsing Docket No.6407) (the "Preliminary Approval Order"); (c) Class Counsel's Proposal to Rebalance the BMS Settlement Allocation (Docket No. 7530, the "Rebalancing Proposal"), which the Court preliminarily approved in its May 5, 2011 electronic order (Docket No. 7541); and (d) Class Counsels' application for attorneys' fees, reimbursement of litigation expenses and incentive awards for present and former Class Representatives; and having held hearings on March 28, 2011 and July 7, 2011, and having considered all of the submissions and arguments with respect thereto, and

462206v1

otherwise being fully informed, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. This Final Order and Judgment incorporates herein and makes a part hereof, the Agreement, the Preliminary Approval Order, the Order preliminarily approving the Rebalancing Proposal and all exhibits to such documents and Orders. Unless otherwise provided herein, the terms defined in the Agreement, Preliminary Approval Order and Rebalancing Proposal shall have the same meanings for purposes of this Final Order and Judgment.

2. The Court has personal jurisdiction over all present and former Class Representatives, Class Members and Defendant BMS for purposes of this Settlement only, and has subject matter jurisdiction to approve the Agreement.

3. Based on the record before the Court, including all submissions in support of the Settlement set forth in the Agreement, objections and responses thereto, as well as the Agreement itself and its Exhibits, the Court hereby incorporates the findings of its August 16, 2005 and January 30, 2006 *Orders Re: Motion for Class Certification* and further certifies the following nationwide Classes (the "Classes") for settlement purposes only:

> Medicare Part B Co-Payment Class ("Class 1"): All natural persons nationwide who made, or were liable for all or any portion of, a Medicare Part B co-payment based on AWP for any BMS Subject Drug during the period from January 1, 1991 through December 31, 2004. Excluded from Class 1 are those persons who made flat co-payments, who were reimbursed fully for their payments, or who have the right to be fully reimbursed, as well as officers, directors, management, and employees of the BMS Group or of any of their subsidiaries and affiliates. Previously excluded from the litigation class certified on January 30, 2006 were residents of the states of Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana and Virginia; these residents are now included in Class 1 for purposes of the Settlement.

462206v1

2

<u>Third-Party Payor MediGap Supplemental Insurance Class</u> ("Class 2"): All TPPs nationwide that, from January 1, 1991 through December 31, 2004, made, or incurred an obligation to make, reimbursements for any portion of a Medicare Part B co-payment based on AWP for a BMS Subject Drug. Excluded from Class 2 are the officers, directors, management, and employees of the BMS Group or of any of their subsidiaries and affiliates.

<u>Consumer and Third-Party Payor Class for Payments Made Outside the Medicare Context</u> ("Class 3"): All natural persons nationwide who made, or were liable for all or any portion of, a non-Medicare Part B payment based on AWP for any BMS Subject Drug during the period from January 1, 1991 through December 31, 2004, and all TPPs nationwide that, from January 1, 1991 through December 31, 2004, made, or incurred an obligation to make, non-Medicare Part B reimbursements based on AWP for any BMS Subject Drug. Excluded from Class 3 are those consumers who made flat co-payments, who were reimbursed fully for their payments, or who have the right to be fully reimbursed, as well as the officers, directors, management, and employees of the BMS Group or of any of their subsidiaries and affiliates.

Also excluded from all Classes are all federal, state, and local government entities in the United States, except any such governmental agencies or programs that made or incurred an obligation to make a reimbursement for a Class Drug as part of a health benefit plan for their employees, but only with respect to such payment.

The BMS Subject Drugs are Blenoxane, Cytoxan, Etopophos, Paraplatin, Rubex, Taxol and Vepesid.

The Court finds that the prerequisites of FED. R. CIV. P. 23(a) and (b)(3) have been satisfied for certification of the Classes for settlement purposes: members of the Classes, numbering in at least the tens-of-thousands, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to each Class, such as whether Class Members were overcharged for BMS Subject Drugs; the claims and defenses of the Class Representatives are typical of the claims and defenses of the members of the Classes; the Class Representatives have fairly and adequately protected the interests of the Classes with regard to the consolidated claims of the Classes; common questions of law and fact predominate over questions affecting only individual Class Members, rendering the Classes sufficiently cohesive to

462206v1                                    3

warrant a nationwide class settlement; and the certification of the Classes is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of the MDL Class Actions. The Court also finds that Lead Class Counsel are adequate according to the prerequisites set forth in FED. R. CIV. P. 23(g).

In making all of the foregoing findings, the Court has exercised its discretion in certifying the settlement Classes.

4. The record shows that Notice has been given to the Classes in the manner approved by the Court in its Preliminary Approval Order and in its electronic order of May 24, 2011 (approving the supplemental notice of the Rebalancing Proposal submitted in Docket No. 7546). The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise members of the Classes of the terms of the Settlement, and Class Members' right to object to and appear at the settlement fairness hearings held on March 28, 2011 and July 7, 2011 (the "Fairness Hearings") or to exclude themselves from the Classes; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and FED. R. CIV. P. 23.

5. No individuals or entities other than those listed on Exhibit A hereto, have excluded themselves from the Classes. This Order shall have no force or effect on the persons or entities listed on Exhibit A hereto.[1]

6. The Court finds that extensive arms'-length negotiations have taken place in good faith between Lead Class Counsel and Defendant BMS's Counsel resulting in the Agreement.

---

[1] Certain individuals and entities named on Exhibit A excluded themselves not simply from the Classes and/or the Settlement with BMS but from the entire MDL Class Actions, which involved other defendants as well as BMS. Accordingly, the fact that a name of an individual or entity appears on Exhibit A does not necessarily mean that that individual or entity paid for one of the BMS Subject Drugs.

462206v1

4

7.  Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Settlement set forth in the Agreement ("the Settlement") and finds that the Settlement Fund, the Agreement, and the Distribution Plan and Claims Process as set forth in the Preliminary Approval Order and the Rebalancing Proposal, are, in all respects, fair, reasonable and adequate, and in the best interest of the Classes.

8.  The Court further approves the establishment of the Settlement Fund as set forth in the Agreement and the Escrow Agreement, as amended, submitted by the Parties. The parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Agreement. In addition, the parties are authorized to agree to and adopt such amendments and modifications to the Agreement as (i) shall be consistent in all material respects with this Final Order and Judgment, and (ii) do not limit the rights of the Classes.

9.  The claims against the BMS Group on behalf of the Classes in the MDL Class Actions are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

10. Upon the Effective Date of the Agreement, the Class Releasors (as defined in Paragraph 2(g) of the Agreement) shall release and forever discharge the BMS Group Releasees (as defined in Paragraph 2(n) of the Agreement) from the Released Class Claims (as defined in Paragraph 2(v) of the Agreement). Within 10 days after the Effective Date, the parties shall take all steps necessary under the Federal Rules of Appellate Procedure and the rules of the United States Court of Appeals for the First Circuit to dismiss with prejudice and without costs to any party BMS's pending appeal relating to the Massachusetts Classes.

11. The Court finds that the Escrow Account is a "Qualified Settlement Fund" as defined in section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the

following requirements:

  (a)  The Escrow Account is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

  (b)  The Escrow Account is established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liability arising out of an alleged violation of law; and

  (c)  The assets of the Escrow Account are segregated from other assets of BMS, the transferor of payments to the Settlement Fund, and from the assets of persons related to BMS.

12.  Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

  (a)  The Escrow Account met the requirements of paragraph 11 of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

  (b)  BMS and the "administrator" under section 1.468B-2(k)(3) of the Treasury Regulations may jointly elect to treat the Escrow Account as coming into existence as a "Qualified Settlement Fund" on the later of the date the Escrow Account met the requirements of paragraphs 11(b) and 12(c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph 11 of this Order are met. If such relation-back election is made, the assets held by the Escrow Account on such date shall be treated as having been transferred to the Escrow Account on that date.

13.  Nothing in this Final Order and Judgment, the Preliminary Approval Order, the

Order preliminarily approving the Rebalancing Proposal, the Settlement, or the Agreement is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any of the BMS Group Releasees.

14. Class Counsel have moved pursuant to FED. R. CIV. P. 23(h), 54(d) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rule 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a) that the Settlement confers a substantial benefit on the Classes;

(b) that the value conferred on the Classes is immediate and readily quantifiable. Upon this Judgment becoming final, each Class Member who has submitted a valid Claim will receive a cash payment that represents a significant portion of the alleged financial harm alleged to have been incurred as a result of the BMS Group's alleged conduct;

(c) that Class Counsel vigorously and effectively pursued the Class Members' claims before this Court in this highly complex case;

(d) that the Settlement was obtained as a direct result of Lead Class Counsels' skillful advocacy;

(e) that the Settlement was reached following extensive negotiation between Lead Class Counsel and the BMS Group's Counsel, and was negotiated in good-faith and in the absence of collusion;

(f) that Class Counsel simultaneously prosecuted similar cases against other pharmaceutical companies on behalf of other plaintiff classes;

(g) that Class Members were advised in the Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount not to

exceed thirty-three and a third percent (33.33%) plus reimbursement of expenses, to be paid out of the Settlement;

(h) that no member of the Classes has submitted a written objection to the award of attorneys' fees and expenses;

(i) that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984);

(j) that use of the percentage of the fund method in common fund cases is the prevailing practice in this Circuit for awarding attorneys' fees and permits the Court to focus on a showing that a fund conferring benefit on a class resulted from the lawyers' efforts. *In re Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295 (1st Cir. 1995); and

(k) that the requested fee award is within the applicable range of percentage awards in this Circuit; *In re Relafen Antitrust Litig.*, No. 01-12239 (D. Mass. April 9, 2004) [Doc. No. 297]; *Mowbray v. Waste Management Holdings*, No. 98-11534-WGY (D. Mass. Aug. 2, 2001); *In re Copley Pharmaceutical, Inc. Sec. Litig.*, No. 94-11897-WGY (D. Mass. Feb. 8, 1996); *Wilensky v. Digital Equipment Corp.*, No. 94-10752-JLT (D. Mass. July 11, 2001).

Accordingly, Class Counsel are hereby awarded (i) $1,503,600 from the $5,370,000 Gross Settlement Fund allocated to consumers in Classes 1 and 3 under the Rebalancing Proposal, and (ii) $ 4,089,000 from the $13,630,000 Gross Settlement Fund allocated to third-party payors in Classes 2 and 3 under the Rebalancing Proposal, as Class Counsel's fee and expense award which the Court finds to be fair and reasonable, and which amount shall be paid

to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. The attorneys' fees and expenses awarded by the Court shall be allocated among present and former Class Counsel by Lead Class Counsel at their discretion.

15.   The present and former Class Representatives are hereby granted awards in the following amounts for their time reasonable time spent on tasks related to their representation of the Classes, which shall be paid from the Settlement Fund: $14,800 to David Aaronson; $19,600 to Rebecca Anne Hopkins; $2,800 to Agnes B. Swayze; $2,310 to United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund; $1,010 to Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust; $1,470 to Sheet Metal Workers National Health Fund; $2,540 to Teamsters Health & Welfare Fund of Philadelphia and Vicinity; $1,300 to Board of Trustees of Carpenters and Millwrights of Houston and Vicinity Welfare Trust Fund; $3,850 to Cheryl Barreca; $5,533 to Anna Choice; $1,800 to Joyce Dison; $1,150 to Donna Kendall; $1,800 to Sandra Leef; $1,333.33 to Constance Nelson; $350 to Scott Tell; $1,700 to Pauline Vernick; $4,000 to Tracy Garcia; and $600 to Mardolyn Vescovi.

16.   Without affecting the finality of this Final Order and Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose. The BMS Group Defendants, present and former Class Representatives and each member of the Class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement and the Distribution Plan and Claim Process in the Preliminary Approval Order and the Order preliminarily approving the Rebalancing

Proposal, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17. In the event that the Settlement does not become effective according to the terms of the Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Agreement, shall be vacated and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

18. No Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elected to be excluded from the Classes), shall commence, continue or prosecute against any or all BMS Group Releasees any action or proceeding in any court or tribunal asserting any of the Released Claims defined in the Agreement, and such Class Members are hereby permanently enjoined from so proceeding.

DATED: 7/19/2011

_____
Hon. Patti B. Saris