# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | MDL No. 1456 |
| LITIGATION ) | Civil Action: 01-CV-12257-PBS |
| ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Hon. Patti B. Saris |
| ) | |
| TRACK 2 SETTLEMENT ) | |
| ) | |

### DEFENDANT AMGEN INC.'S INDIVIDUAL MEMORANDUM
### IN SUPPORT OF THE INCLUSION OF EPOGEN®
### IN THE PROPOSED TRACK 2 CLASS ACTION SETTLEMENT

At the July 7, 2011 hearing, the Court questioned whether Amgen Inc.'s Epogen® (Epoetin alfa) should be included within the scope of the settlement and release involving Class 1 consumers if it runs "no risk of exposure" in the litigation because it was primarily reimbursed under Medicare Part B pursuant to a fixed statutory reimbursement rate that is not based upon AWP. Because the statutory rate applies only in the end-stage renal disease setting and because Epogen could be reimbursed in other settings based upon AWP, it is properly part of the settlement and release, and a material aspect of Amgen's agreement with plaintiffs.

To be sure, the bulk of the Class 1 consumer co-pays for Epogen® likely were based on the statutory, non-AWP reimbursement rate. As the Court is aware, this statutory rate applies to reimbursement for Epoetin alfa in the end-stage renal disease – or "ESRD" – setting. *See* 42 U.S.C. § 1395rr(b)(11)(B). Epoetin alfa, however, historically has been approved for and used in treatment in other settings, including treatment in connection with chemotherapy-induced

anemia, in which Medicare reimbursement (and patient co-pays) *were* based on AWP.[1]  42 U.S.C. § 1395u(o); 42 C.F.R. § 405.517.  Amgen thus remains at risk in this litigation for these AWP-based payments related to the administration of Epogen®.

More particularly, Epoetin alfa is marketed and sold by Amgen under the brand name Epogen® for the treatment of severe anemia associated with chronic renal failure (ESRD) in dialysis patients.  In this setting, pursuant to statute, administrations of Epoetin alfa (using J Code Q4055) were, at all times relevant hereto, reimbursed under Medicare Part B at a flat rate of $10 per 1,000 units administered.  But Epoetin alfa is also approved for other indications, and is marketed and sold by Ortho Biotech Products, LP under the brand name Procrit® in connection with the treatment of anemia associated with chemotherapy used in the treatment of cancer patients, among other uses.[2]  Because Epogen® is identical to Procrit® (it is, in fact, the same biologic), physicians can, and do, prescribe *both* Procrit® *and* Epogen® to their cancer patients, resulting in sales in which Epogen® was prescribed, administered and reimbursed (during the time frame relevant to this case, using J Code Q0136, regardless of which particular product was prescribed) pursuant to an AWP-based reimbursement formula.  Thus, despite Epoetin alfa's unique statutory reimbursement when administered in connection with ESRD, Epogen® could be and was reimbursed based on AWP in some situations.

To this extent, Epogen® essentially is no different than the numerous "Class B" multi-source products, in connection with which plaintiffs have conceded they would have problems proving their case due to difficulties in identifying the particular product manufacturer for a

---

[1]  The statutory rate similarly did not apply to reimbursements in the private payor setting.  Thus, there is no question that, like Class 1 consumers who were administered Epogen® outside the ESRD setting, Class 2 TPPs and Class 3 consumers also made AWP-based payments for Epogen®.

[2]  In 1985, Amgen granted Ortho Biotech, a Johnson & Johnson affiliate, exclusive rights to market Epoetin alfa for all indications other than to treat anemia in ESRD patients.  Ortho Biotech markets and sells Epoetin alfa under the brand name Procrit®.

particular encounter.[3] While the extent of liability may be limited, and proof difficult for the plaintiffs to come by, the exposure remains, and Epogen®, like a host of subject multi-source drugs that are in the case, is properly covered by the proposed settlement and properly includable in the scope of the parties' bargained-for release for each of the settlement classes, including Class 1.  Eliminating Epogen® would deny certain class members benefits from the settlement and would deny Amgen the protection of its bargained-for release, thereby fundamentally altering the parties' agreement and threatening to scuttle the current Track 2 settlement.

                              Respectfully submitted,

                              **/s/ Steven F. Barley**
                              Frank A. Libby, Jr.
                              LibbyHoopes, P.C.
                              175 Federal Street, 8th Floor
                              Boston, Massachusetts  02110
                              Telephone:  (617) 338-9300
                              Facsimile:  (617) 338-9911

                              Joseph H. Young
                              Steven F. Barley
                              Hogan Lovells US LLP
                              100 International Drive, Suite 2000
                              Baltimore, Maryland  21202
                              Telephone:  (410) 659-2700
                              Facsimile:  (410) 659-2701

Dated: August 3, 2011

---

[3] As plaintiffs' counsel acknowledged at the June 13, 2011 fairness hearing,

> With respect to multi-source drug[s], … the damages, for the reasons I'll explain in a moment, are probably nonexistent for Class B.  First of all, we have the J-Code issue, and on the third page of our slides I had quoted from your trial verdict in which you identified the problem that we would have is, we can't match up any single patient's use of [a] multi-source drug with the defendant manufacturer.  So we faced a real problem in that regard.

Transcript of Proceedings, 6/13/11, at 7:15-24 (excerpt attached as Exh. 1).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Defendant Amgen Inc.'s Individual Memorandum in Further Support of the Proposed Track 2 Class Action Settlement was served, this 3rd day of August, 2011, on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2.

/s/ Frank A. Libby, Jr.