# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS RELATING TO TRACK TWO DEFENDANTS | Judge Patti B. Saris |

## SUPPLEMENTAL DECLARATION OF DANIEL COGGESHALL REGARDING ESTIMATED NET CONSUMER SETTLEMENT FUND AND ESTIMATED CLASS 1 AND CLASS 3 CONSUMER PAYMENTS FOR THE TRACK TWO SETTLEMENT

The undersigned, Daniel Coggeshall, hereby states that:

1.      At Class Counsel's request, I submit this Supplemental Declaration in order to provide the Court and the parties to the above-captioned litigation with updated information regarding Rust Consulting, Inc.'s estimate of the Net Consumer Settlement Fund and estimate for Class 1 and Class 3 Consumer Payments in the Track Two proposed settlement.

2.      I am a Senior Project Administrator at Rust Consulting, Inc. ("Rust") f/k/a Complete Claim Solutions.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently hereto.

### REDISTRIBUTING THE CONSUMER SETTLEMENT FUND

3.      Class Counsel informed Rust that $3,125,000 of the gross amount of the TPP Settlement Fund will be added to the Consumer Settlement Fund for distribution to eligible Class 1 and

Class 3 Consumers.  Accordingly, the Gross Settlement Fund will be allocated as follows: 20% to Consumers and 80% to TPPs.

4.      Class Counsel further informed Rust that the Consumers' portion of attorneys' fees will be reduced to 28% instead of the original 30%.

5.      Rust estimates the Net Consumer Settlement Fund to be $16,561,088.37, attached hereto as Exhibit A.

6.      Class Counsel has requested Rust to calculate another alternative "redistribution" scenario to determine how funds could be distributed to Class 1 and Class 3 Consumers.

7.      As previously stated in ¶ 14 a) thru b) of the Declaration of Daniel Coggeshall Regarding Estimated Net Consumer Settlement Fund and Estimated Class 1 and Class 3 Consumer Payments for the Track Two Settlement dated July 5, 2011 (the "Coggeshall Declaration"), previously filed with the Court, the following assumptions, provided by Class Counsel, were used to calculate an estimated "Total Recognized Loss" amount for Consumers:

   a)   An actual damage amount was determined by using the Overcharge Ratio Table (Exhibit C, Coggeshall Declaration) for each administration and the damage amount was doubled for Class 1 Consumer Group A purchases;

   b)   An actual damage amount was also determined for Class 3 Consumer Group A purchases using the Overcharge Ratio Table.  As the Claim Form did not provide specific purchases or dates, the "Total" from the Overcharge Ratio Table for each drug was used for all Class 3 Consumer Group A purchases.  In addition, as the Claim Form did not differentiate between the forms of Anzemet, Rust assumed a

37.7% average damage rate for all Anzemet purchases.  Based on the foregoing, the damage amount was doubled for Class 3 Consumer Group A purchases.

8.    At Class Counsel's direction, Rust made the following additional assumptions:

    a)  double damages were provided for eligible Group A drug administrations;

    b)  the Class 3 "Easy Pay" claimants received the full $35 payment;

    c)  claims with at least 1 eligible purchase of Epogen were awarded a flat amount of $5.00 for Class 1 Consumers and a flat amount of $50.00 for Class 3 Consumers;

    d)  purchases of Group B drugs Leukine and Novantrone were not included after the end of 2002; and

    e)  the total recognized loss for all "not otherwise classified" J-Code 3490 (alcohol injection) claims was assumed to be $500,000.

9.    Under this redistribution scenario, Rust estimates:

    a)  Class 1 and Class 3 Consumers' "Total Recognized Loss" for Group A drugs to be approximately $6,942,167.32 (100% payout); plus

    b)  Total Class 3 Easy Refund to be approximately $451,832.50 (100% payout); plus

    c)  Class 1 Epogen losses to be approximately $197,290 and Class 3 Epogen losses to be approximately $12,512.50 (100% payout at the flat rate); plus

    d)  At this time, Rust estimates Total Group B "Recognized Losses" for both Class 1 and Class 3 to be approximately $63,585,203.03.  Rust divided the remaining Net Distributable Consumer Settlement Fund by Total Group B Recognized Losses and estimates a *pro rata* for Group B purchases to be approximately 14.087% (see Exhibit B).

10.    Under this redistribution proposal, an estimated 41,267 claimants would receive an award amount less than under the original Plan of Allocation.  Most of these claimants were administered Epogen.  In addition, there are approximately 14,448 claimants who had administrations of drugs under the "not otherwise classified" J-Codes 3490 and 8999.

11.    Please note that these figures are also subject to change due to on-going claims administration activities.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 3rd day of August, 2011 in Palm Beach Gardens, Florida.

/s/Daniel Coggeshall
Daniel Coggeshall

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing ***Supplemental Declaration of Daniel Coggeshall Regarding Estimated Net Consumer Settlement Fund and Estimated Class 1 and Class 3 Consumer Payments for the Track Two Settlement*** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 3, 2011, a copy to LexisNexis File and Serve for Posting and notification to all parties.

By     **/s/ Steve W. Berman**
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292