UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| TRACK TWO SETTLEMENT | |

**AFFIDAVIT OF MARIELLA LADAY IN SUPPORT OF CLASS COUNSEL'S PROPOSAL TO REDISTRIBUTE THE TRACK TWO CONSUMER ALLOCATION AND IN SUPPORT OF FINAL APPROVAL OF THE TRACK TWO SETTLEMENT**

I, Mariella Laday, pursuant to 28 U.S.C. §1746, on oath, depose and state as follows:

1. My name is Mariella Laday and I live in Marietta, Georgia. I have personal knowledge of the facts stated below.

2. I have been proposed as a representative of Class 1 consumers in the Track Two Settlement.

3. I have been asked to provide this Affidavit in further support of final approval of the Track Two Settlement and in support of my appointment as a class representative. More specifically I provide this affidavit for two purposes. First, I want to assure the Court that I have discussed with my lawyer the need to redistribute money allocated in the Settlement among Consumer Class Members and rationale for calculating the redistribution. Second I wish to express my support of final approval of the Settlement, including the proposed redistribution.

4. I am 69 years old. In 1997 I was diagnosed with Lupus. I also have a compromised immune system and osteoarthritis. I have received treatment on an outpatient basis at Piedmont Hospital in Atlanta, Georgia.

5. During this period I was on Medicare and some of the drugs I was administered were reimbursable under Medicare Part B. I was unable to work because of my health and I did not have any supplemental or Medi-Gap insurance and was responsible for paying for all co-payments under Medicare Part B out-of-pocket without reimbursement by any insurer.

6. I have previously submitted an affidavit in support of my appointment as Class 1 representative in the Track Two Settlement (Docket No. 7572-3). Along with this affidavit I included my Track Two Settlement claim form which evidences the full list of drugs in the Settlement that I was administered for which I incurred a co-payment obligation. (Docket No. 7572-3, Ex. 1). I also provided to counsel copies of cancelled checks evidencing payment made out-of-pocket for my treatment. (Docket No. 7619-5).

7. Since being proposed as a Class 1 representative in the Track Two Settlement, and for some time before I was actually proposed as a representative in the Track Two case, I have been apprised by my counsel of the details and status of the Track Two Settlement.

8. I discussed the proposed Track Two Settlement with class counsel, Marc Edelson, including the risks of further litigation. I believe that the overall settlement amount is fair and reasonable, and agree with counsel's recommendations that the settlement be accepted.

9. In addition, I have spoken with counsel multiple times within the last two months concerning the Track Two Settlement. Most recently we have discussed the reasons for and the details of counsel's proposed rebalancing of the distribution of funds among consumer class members.

10. As I understand the case, plaintiffs allege that various drug companies, including those included in the Track Two Settlement, stated an inflated AWP price for some of their drugs. This means that as a Medicare Part B beneficiary, I was overcharged for their drugs and

paid an inflated co-payment amount for their drugs because Medicare determined how much it would pay for various drugs using the AWP and I was responsible for making a 20% co-payment of that amount.

11. I also understand that my co-payments are not the same as the amount of overcharge, or the amount of damages I suffered as a result of the overstated AWP.  The amount I was overcharged was in most cases some fraction of the total co-payment amount.  I understand the overcharge varied widely among the Track Two drugs, and may have changed from year to year for many of the individual drugs.

12. I understand that as a way to simplify the claims process, the Court originally approved a distribution formula under which everyone who was overcharged for a Track Two drug would receive payment not based on the amount of overcharge, but based on the total amount of their co-payments.

13. After notice was sent to consumers and claims were submitted, class counsel concluded that this approach was not workable, because some drugs in some years had substantial overcharges while other drugs in other years had effectively no overcharge or no damages.  Thus, using the original formula which based compensation on the amount of co-payment versus the amount of actual overcharge, some class members would get more money than they were really entitled to while others would get far less than their actual damages.

14. I understand that the most significant discrepancy in this regard was for the drug Epogen, a drug used primarily in dialysis patients and for patients undergoing chemotherapy.  I was not administered Epogen.

15. I have been advised that there were effectively no damages associated with Epogen for several reasons, including the fact that many claims for Epogen actually involve a

different drug or involve charges that were not based on AWP. The result is that thousands of class members who made a co-payment for Epogen would receive proceeds from the settlement far beyond any damages they actually suffered. This would leave less money available for other class members with better damage claims.

16. When counsel became aware of this substantial mismatch between co-payment amounts and damages, they proposed to recalculate how consumer claims are paid and to reallocate the consumer settlement money to more fairly reflect each person's individual damages - to the extent that is possible given the number of drugs and the variations in damages from drug to drug. This led to a redistribution proposal under which many class members will receive more money under the redistribution proposal than they would under the original distribution formula. However, some portion of claimants will received less money. As I understand the proposal, any consumer who was administered Epogen would receive a flat one-time payment of $5. This is still greater than the damages suffered in relation to Epogen.

17. While I have relied on my counsel and on the Claims Administrator to make the calculations related to the redistribution plan, I understand the reason for the redistribution proposal and it makes sense to me. The redistribution proposal seems fairer than the original distribution plan and is, in my opinion, in the best interest of the consumer class overall.

18. In addition to the redistribution proposal, prior to my filing this affidavit, counsel has taken the opportunity to review with me again the details of the overall Track Two Settlement and to review the advantages and disadvantages in comparison to continued litigation of the Track Two claims. Having reviewed these again, I still believe the Track Two Settlement is in the best interest of the consumer class. As such I approve of and support the settlement, including the proposed redistribution.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Date:  August 2, 2011                             /s/ Mariella Laday
                                                  Mariella Laday

**CERTIFICATE OF SERVICE**

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **AFFIDAVIT OF MARIELLA LADAY IN SUPPORT OF CLASS COUNSEL'S PROPOSAL TO REDISTRIBUTE THE TRACK TWO CONSUMER ALLOCATION AND IN SUPPORT OF FINAL APPROVAL OF THE TRACK TWO SETTLEMENT** be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 3, 2011, a copy to LexisNexis File and Serve for Posting and notification to all parties.

By **/s/ Steve W. Berman**
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292