**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: TRACK TWO SETTLEMENT | Judge Patti B. Saris |

**AFFIDAVIT OF MURIEL TONACCHIO IN SUPPORT OF CLASS COUNSEL'S PROPOSAL TO REDISTRIBUTE THE TRACK TWO CONSUMER ALLOCATION AND IN SUPPORT OF FINAL APPROVAL OF THE TRACK TWO SETTLEMENT**

I, Muriel Tonacchio, pursuant to 28 U.S.C. §1746, on oath, depose and state as follows:

1.      My name is Muriel Tonacchio and I live in Weirton, West Virginia.  I have personal knowledge of the facts stated below.

2.      I am a registered nurse and one of the five children of Wilma Mort.

3.      As the representative of the estate of Wilma Mort, I was formally appointed as a Class 1 representative in the Track Two Settlement on July 21, 2008. (Docket No. 5409, granted by electronic order on July 21, 2008).

4.      I have been asked to provide this Affidavit in further support of final approval of the Track Two Settlement.  More specifically, I provide this affidavit for two purposes.  First, I want to assure the Court that I have discussed with my lawyers the need to redistribute money allocated in the Settlement among Consumer Class Members and the rationale for calculating the redistribution.  Second, I wish to express my support of final approval of the Settlement, including the proposed redistribution.

5.      Before my mother passed away on September 15, 2003 she had cancer and, in trying to treat that disease, was administered chemotherapy over a period of two years.  Her chemotherapy was administered at a clinic run by the Weirton Medical Center in Weirton, West Virginia.

6.      During the period my mother was administered chemotherapy, she was on Medicare and some of the drugs she was administered were reimbursable under Medicare Part B. During this period she also had supplemental insurance through my father's National Steel Workers insurance.  However, the Steel Workers refused to cover some portions of my mother's drugs administered as part of her chemotherapy.

7.      As part of my mother's chemotherapy treatments, she received administrations of the drugs Anzemet, Accuneb, Ipatropium Bromide and Epogen, which are part of the Track Two Settlement.

8.      I have previously submitted an affidavit in support of my appointment as a Class 1 representative in the Track Two Settlement (Docket Nos. 5409-2).  Along with this affidavit I submitted copies of billing records from my mother's treating hospital evidencing payment for some portion of the cost of Anzemet in May 2003. (Docket No. 5409-2, Ex. A).   Each of my siblings has provided an affidavit consenting to have me serve as a representative of my mother's estate. (Docket No. 6015).   I also provided my attorneys, Wexler Wallace LLP, a copy of a letter from the Weirton Medical Center indicating that the charges for Anzemet administered to my mother were billed to Medicare Part B.  (Docket No. 6004-8).  I personally spoke with a representative of the Weirton Medical Center who informed me that the amount my mother was required to pay was due to her supplemental insurance's unwillingness to pay for all of the Anzemet she was administered.

9.      Exhibit A to this affidavit includes my mother's Track Two Settlement claim forms which evidence the full list of drugs in the Settlement that were administered to her and for which she incurred a co-payment obligation.

10.     I have been a very active participant in this litigation.  Since June, 2008, I have communicated with my counsel on a regular basis about the status of the litigation and settlement of Track Two.  We have communicated by telephone, email and letter.

11.     Since being proposed as a Class 1 representative in the Track Two Settlement, and for some time before I was actually proposed as a representative in the Track Two case, I have been apprised by my counsel of the details and status of the Track Two Settlement.

12.     I discussed the proposed Track Two Settlement with my counsel, including the risks of further litigation.  I believe that the overall settlement amount is fair and reasonable, and agree with counsel's recommendations that the settlement be accepted.

13.     In addition, I have spoken with counsel multiple times within the last two months concerning the Track Two Settlement.  Most recently we have discussed the reasons for and the details of counsel's proposed rebalancing of the distribution of funds among consumer class members and the overall framework of the redistribution.

14.     As I understand the case, plaintiffs allege that various drug companies, including those included in the Track Two Settlement, stated an inflated AWP price for some of their drugs.  This means that as a Medicare Part B beneficiary, my mother was overcharged for their drugs and paid an inflated co-payment amount for their drugs because Medicare determined how much it would pay for various drugs using the AWP and I my mother was responsible for a portion of the 20% co-payment not covered by her supplemental insurance.

15.     I also understand that my mother's co-payments are not the same as the amount of overcharge, or the amount of damages she may have suffered as a result of the overstated AWP. The amount she was overcharged was in most cases some fraction of the total co-payment amount.  I understand the overcharge varied widely among the Track Two drugs, and may have changed from year to year for many of the individual drugs.

16.     I understand that as a way to simplify the claims process, the Court originally approved a distribution formula under which everyone who was overcharged for a Track Two drug would receive payment not based on the amount of overcharge, but based on the total amount of their co-payments.

17.     After notice was sent to consumers and claims were submitted, class counsel concluded that this approach was not workable, because some drugs in some years had substantial overcharges while other drugs in other years had effectively no overcharge or no damages.  Thus, using the original formula, which based compensation on the amount of co-payment versus the amount of actual overcharge, some class members would get more money than they were really entitled to while others would get far less than their actual damages.

18.     I understand that the most significant discrepancy in this regard was for the drug Epogen, a drug used primarily in dialysis patients and for patients undergoing chemotherapy. My mother was administered Epogen during chemotherapy.

19.     I have been advised that there were effectively no damages associated with Epogen for several reasons, including the fact that many claims for Epogen actually involve a different drug or involve charges that were not based on AWP.  The result is that thousands of class members who made a co-payment for Epogen would receive proceeds from the settlement

far beyond any damages they actually suffered.  This would leave less money available for other class members with better damage claims.

20.     When counsel became aware of this substantial mismatch between co-payment amounts and damages, they proposed to recalculate how consumer claims are paid and to reallocate the consumer settlement money to more fairly reflect each person's individual damages -  to the extent that is possible given the number of drugs and the variations in damages from drug to drug.  This led to a redistribution proposal under which many class members will receive more money under the redistribution proposal than they would under the original distribution formula.  However, some portion of claimants, including likely myself, will received less money.  As I understand the proposal, any consumer who was administered Epogen would receive a flat one-time payment of $5.  This is still greater than the damages suffered in relation to Epogen.

21.     While I am relying on my counsel and the Claims Administrator to make the calculations under the new plan, I understand the reason for the redistribution proposal and it makes sense to me.  Although my mother's estate may be receiving less under the redistribution proposal, it seems fairer than the original distribution plan and is, in my opinion, in the best interest of the consumer class overall.

22.     In addition to the redistribution proposal, prior to my filing this affidavit, counsel has taken the opportunity to review with me again the details of the overall Track Two Settlement and to review the advantages and disadvantages in comparison to continued litigation of the Track Two claims.  Having reviewed these again, I still believe the Track Two Settlement is in the best interest of the consumer class.  As such, I approve of and support the settlement, including the proposed redistribution.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Date:  August 2, 2011                                    **/s/ Muriel Tonacchio**
                                                        MURIEL TONACCHIO

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **AFFIDAVIT OF MURIEL TONACCHIO IN SUPPORT OF CLASS COUNSEL'S PROPOSAL TO REDISTRIBUTE THE TRACK TWO CONSUMER ALLOCATION AND IN SUPPORT OF FINAL APPROVAL OF THE TRACK TWO SETTLEMENT** be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 3, 2011, a copy to LexisNexis File and Serve for Posting and notification to all parties.

By      **/s/ Steve W. Berman**
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

# Exhibit A

**Exhibit A**


1-7

| Must be Received or Postmarked On or Before January 31, 2009 | | OFFICIAL USE ONLY |
|---|---|---|

# AWP TRACK 2 SETTLEMENT
# MEDICARE PART B CLAIM FORM

## Section A - Patient Information:

Please review the preprinted information below and fill in any missing information. If you need to make corrections, please make them in the space provided.

— «Seq_no»

/334632424694

Please make any changes below:

_____

_____

_____

Wilma Mort
129 Park Avenue
Weirton, WV  26062-3740

Daytime Telephone Number:

_____

> ## IF YOU HAVE NO CHANGES TO THE INFORMATION PRINTED IN SECTION C, PLEASE DO NOT RETURN THIS CLAIM FORM.
> ## YOUR CHECK WILL BE AUTOMATICALLY MAILED TO YOU.

## Section B - Patient Representative Information:

If you are the patient, **DO NOT** complete this section. Complete this section **only** if you are a representative (such as a spouse, guardian, executor or personal representative) filing this claim on behalf of the patient listed above. Please provide YOUR name, relationship to the patient, and YOUR contact information in the spaces provided below.

Contact Name:
Muriel Tonacchio

Relationship to Patient:
Daughter

Address:
129 Park Avenue

City:
Weirton

State:
WV

Zip Code:
26062-3740

Daytime Telephone Number:
(304) 723-5536


TKMB



2-7

## Section C - Instructions for Completing Medicare Part B Purchase Information:

The Medicare Part B Purchase Information Chart below contains information obtained through the Centers for Medicare and Medicaid Services Medicare records and indicate that you were adminstered one or more of the covered drugs (Column A) on or about the date(s) shown in Column B.

If you were administered any of the covered drugs listed in Attachment A to the Notice and they are not listed in the chart below and you received them as a Medicare recipient, you must:

  (a)  enter the name of the drug in Column A;

  (b)  enter dates of administration in Column B; and

  (c)  provide one of the following acceptable proofs of a percentage co-payment for one of the covered drugs:

    (1)  A receipt, cancelled check, or credit card statement that shows a payment for one of the drugs (other than a flat co-payment); or

    (2)  A letter from a doctor saying that he or she prescribed one of the drugs and you paid part of the cost of one of the drugs (other than a flat co-payment) at least once; or

    (3)  An EOB (explanation of benefits) from your insurer that shows you made or are obligated to make percentage co-payments for the covered drugs; or

    (4)  A notarized statement signed by you indicating you made or are obligated to make a percentage co-payment for the covered drugs between January 1, 1991 through January 1, 2005, including the total of all percentage co-payments for the drugs during the time period; or

    (5)  Records from your pharmacy showing that you made percentage co-payments for the covered drugs purchased between January 1, 1991 though January 1, 2005.

Attach additional pages if needed.

## Medicare Part B Purchase Information Chart

| | A<br>Name of Drug | B<br>Date of Administration |
|---|---|---|
| 1 | Anzemet | May 30, 2003 |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |



3-7

| | A<br>Name of Drug | B<br>Date of Administration |
|---|---|---|
| **Medicare Part B Purchase Information Chart** | | |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |



4-7

| | A<br>Name of Drug | B<br>Date of Administration |
|---|---|---|
| **Medicare Part B Purchase Information Chart** | | |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |



5-7

## Medicare Part B Purchase Information Chart

| | A<br>Name of Drug | B<br>Date of Administration |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |



6-7

| Medicare Part B Purchase Information Chart | | |
|---|---|---|
| | A<br>Name of Drug | B<br>Date of Administration |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |



7-7

## Section D: Sworn Statement Regarding Payments Made

I declare under penalty of perjury that the information provided here is, to the best of my knowledge, correct. I also declare under penalty of perjury that I made a percentage co-pay for one or more of the drugs as indicated in this claim form at some time during the period from January 1, 1991 through January 1, 2005. If not submitting this for myself, I am authorized to submit this form on behalf of the Claimant identified above.[1]

*Muriel Tonacchio*

*Signature*

| Muriel Tonacchio |
|---|

*Print Name*

6/3/2011

*Date*

Mail all pages of this claim form along with proof of payment to the following address:

AWP Track 2 Settlement Administrator
P.O. Box 951
Minneapolis, MN 55440-0951

Toll-Free Telephone: 1-877-465-8136 – Website: www.AWPTrack2Settlement.com

## REMINDER:

### IF YOU HAVE NO CHANGES TO THE INFORMATION PRINTED IN SECTION C, YOU DO NOT NEED TO RETURN THIS CLAIM FORM. YOUR CHECK WILL BE AUTOMATICALLY MAILED TO YOU.

---

[1]  Please note that your signature on this Claim Form indicates that you declare, under penalty of perjury, that you (or someone on whose behalf you are acting) made a percentage co-payment for one or more of the drugs at some time during January 1, 1991 through January 1, 2005. As a result, providing false information on this Claim Form could constitute perjury.

# WEIRTON MEDICAL CENTER

601 Colliers Way        Weirton, WV  26062-5091    304-797-6000

April 8, 2009

Reference: Patient control number 6030613854

To Whom It May Concern:

Wilma Mort was seen in our outpatient Oncology Clinic 5/30/2003.  These charges
were billed to Wilma Mort's Medicare Part B benefits.  Medicare processed these
charges under Medicare Part B benefits.  These services were outpatient services
not inpatient services.

If you have any questions, please feel free to contact me at the number listed below.

Sincerely

Barbara Urbowicz
Patient Financial Services
(304) 797-6467

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Master File No. 01-CV-12257-PBS |
| This Document Relates to ALL ACTIONS. | Judge Patti B. Saris |

## AFFIDAVIT OF MURIEL TONACCHIO IN SUPPORT OF PLAINTIFFS' MOTION TO ADD ESTATE OF WILMA MORT AS CLASS 1 REPRESENTATIVE FOR TRACK 2 SETTLEMENT

I, Muriel Tonacchio, pursuant to 28 U.S.C. §1746, on oath, depose and state as follows:

1.       I am a registered nurse and one of the five children of Wilma Mort. I submit this Affidavit in support of Plaintiffs' Motion to Add the Estate of Wilma Mort as Class 1 Representative for Track 2 Settlement.

2.       Before my mother passed away on September 16, 2003, she had cancer and, in trying to treat that disease, was administered chemotherapy over a period of two years. Her chemotherapy was administered at a clinic run by the Weirton Medical Center in Weirton, West Virginia.

3.       During the period my mother was administered chemotherapy, she was on Medicare and some of the drugs she was administered were reimburseable under Medicare Part B. During this period she also had supplemental insurance through my father's National Steel Workers insurance. However, the Steel Workers refused to cover some portions of my mother's drugs administered as part of her chemotherapy. Specifically with regard to this lawsuit, it refused to reimburse $42.44 of my mother's purchases of Aventis' drug Anzemet.

4.      I obtained copies of my mother's billing records from the Weirton Medical Center and authorized my attorneys, Wexler Toriseva Wallace LLP, to examine them. It is my understanding that those records, attached in part as Exhibit A to this Declaration, reflect my mother's payment of $42.44 for Anzemet in May 2003. I have also spoken with a representative of the Weirton Medical Center who informed me over the phone that the amount my mother was required to pay in this instance was due to her supplemental insurance's unwillingness to pay for all of the Anzemet she was administered.

5.      I have been provided with information regarding Plaintiffs' settlement with the corporations I understand are referred to as the Track Two Defendants in this litigation. I support my mother's estate serving as a class representative for all Medicare Part B beneficiaries who paid or incurred an obligation to pay all or some portion of the 20% co-pay for the Track Two Defendants' drugs. I understand the duties of a class representative, including that the Court may want additional information from me to support Plaintiffs' Motion, and am willing to fulfill those duties on behalf of my mother.

I declare under penalty of perjury that the foregoing is true and correct.


Date: June '5 , 2008                              _Muriel Tonacchio_
                                                 Muriel Tonacchio

# Exhibit A

```
Page: 1 Document Name: untitled

  ACCOUNT DETAIL DATA                    SVC FAC:  WOSQ      04/08/08  1130

PT NO:  6030613854  MORT ,WILMA J        MR NO: 233149       ACCT TYPE: G
REG: 05/30/03  DSCH: 12/31/03  FC: 9  PT: C  EXP IND:  ACCT BAL:     42.44
------------------------------------------------------------- PAGE:   5 OF: 7
     ACCT BAL        N03  V        I28  V                          PT BAL
        42.44          .00           .00                            42.44

  SVC    POST   SVC CD   DESCRIPTION/COMMENT-REF DATE   AMOUNT     BALANCE
  062503 070103  930008  DED:       .00 COINS:    132.44
  062503 070103  930008  REASON: 93
  062503 070103  930008  MEDICARE ELECTRONIC PAYMENT    -374.85      90.00
  062503 070103 99100001 LOSS/GAIN-ELECTRONIC-MEDICARE    42.44     132.44
  062703 062703          BLP2 LMP    BILLED SECONDARY INS. PAPER
  062703 062703          BILLED I28 FOR 132.44    LP
  062703 062703  711004  BALANCE TRANS ADJ              -132.44        .00
  062703 062703  711004  BALANCE TRANS ADJ               132.44     132.44
  072803 072803  700096  PAYMENT-COMMERCIAL              -90.00      42.44
  092603 092603          **FIN. CLASS      M
------------------------------------------------------------------------------
  ! (PF14) SEL PT               !(PF3) SELECT DTL        ! (PF4) USER
  ! (PF15) RETURN TO PT OVERVIEW                          PF16  D/E ____
  ! (PF6) PREVIOUS    ! (PF7) NEXT     ! (PF8) BEGINNING    ! (PF9) LAST
PA4XRSD5
```

Page: 1 Document Name: untitled
_____

ACCOUNT DETAIL DATA                SVC FAC:  WOSQ      04/08/08  1453

PT NO:  6030613854  MORT ,WILMA J        MR NO: 233149     ACCT TYPE: G
REG: 05/30/03  DSCH: 12/31/03   FC: 9  PT: C  EXP IND:   ACCT BAL:      42.44
--------------------------------------------------------- PAGE:   3 OF:  7
     ACCT BAL           NO3  V       I28  V                        PT BAL
        42.44            .00          .00                           42.44

 SVC    POST   SVC CD   DESCRIPTION/COMMENT-REF DATE   AMOUNT     BALANCE
 053003 053003          $PO BOX 16684
 053003 053003          $COLUMBUS                         ,
 053003 053003          OH 43216
 053003 053003          PT PRX ONC
 053003 053003
 053003 060203 17067028 NACL 0.9% 50ML                  2.60        2.60
 053003 060203 17067141 NACL 0.9% 250ML                11.15       13.75
 053003 060203 17067745 NACL 0.9% 500ML                11.45       25.20
 053003 060203 17071939 ANZEMET 100MG/5ML              117.25     142.45
 053003 053003 20003545 CANNULA THREAD LOCK GOLD LEVER   1.00      143.45
---------------------------------------------------------------------------
 ! (PF14) SEL PT              !(PF3) SELECT DTL      ! (PF4) USER
 ! (PF15) RETURN TO PT OVERVIEW                       PF16  D/E ____
 ! (PF6) PREVIOUS      ! (PF7) NEXT    ! (PF8) BEGINNING    ! (PF9) LAST
PA4XRSD5

<table>
<tr><td>

**MUST BE POSTMARKED
BY JULY 1, 2011**

</td><td>

**AWP TRACK 2 SETTLEMENT**
MEDICARE PART B CLAIM FORM

IF YOU DO NOT MAKE ANY CHANGES
TO THE CHART IN SECTION C,
YOU DO NOT NEED TO RETURN THIS CLAIM FORM.

</td><td>

FOR OFFICIAL USE ONLY

**12**

</td></tr>
</table>

## Section A: Patient Information

Please review the preprinted information below and fill in any missing information. If you need to make corrections, please make them in the space provided.

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ . 001
* 1 2 2 2 8 9 1 *

PRESORT/POSTAL INFORMATION IF APP.
WILMA J MORT
1349 EUCLID AVE
STUBENVILLE, OH 43952-1515

| [X] | If the preprinted address to the left is incorrect or out of date, OR if there is no preprinted data to the left, check this box and print the patient's current name and address |
|---|---|

Name: _____

Address: _____

City: _____

State: ___ ___   Zip Code: ___ ___ ___ ___ ___

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
Daytime Telephone Number

Please review the information printed on this claim form carefully.

- If you make any changes: You must sign and return this claim form.

- If you do not make any changes: Do not return this claim form. A check will be automatically mailed to you.

## Section B: Patient Representative Information

If you are the patient, **DO NOT** complete this section. Complete this section only if you are a representative (such as a spouse, guardian, executor or personal representative) filing this claim on behalf of the patient listed above.

Representative's Name: __Muriel Tonacchio__   Relationship to Patient: __Daughter__

Representative's Mailing Address: __129 Park Avenue__

City: __Weirton__   State: __WV__   Zip Code: __2 6 0 6 2__

Daytime Telephone Number: ( _3_ _0_ _4_ ) _7_ _2_ _3_ - _5_ _5_ _3_ _6_

Evening Telephone Number: ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

**IF YOU DO NOT MAKE ANY CHANGES TO THE CHART IN SECTION C,
YOU DO NOT NEED TO RETURN THIS CLAIM FORM.**





**IF YOU DO NOT MAKE ANY CHANGES TO THE CHART IN SECTION C,
YOU DO NOT NEED TO RETURN THIS CLAIM FORM.**

## Section C: Instructions for Completing Medicare Part B Purchase Information

The Medicare Part B Purchase Information Chart below contains information obtained through the Centers for Medicare and Medicaid Services' records. The chart indicates that you were administered or filled a prescription for one or more of the covered drugs shown in Column A on or about the date(s) shown in Column B and paid out-of-pocket the amount shown in Column C. **If you do not make any changes to the chart in Section C, you do not need to return this claim form. A check will automatically be mailed to you.**

| | COLUMN A | COLUMN B | COLUMN C |
|---|---|---|---|
| | Name of Drug | Date Drug Received | Amount Paid Out-of-Pocket |
| 1 | ACCUNEB | 6/3/2002 | $8.40 |
| 2 | IPRATROPIUM BROMIDE | 6/3/2002 | $40.08 |
| 3 | ACCUNEB | 12/6/2002 | $8.40 |
| 4 | IPRATROPIUM BROMIDE | 12/6/2002 | $40.08 |
| 5 | IPRATROPIUM BROMIDE | 8/22/2002 | $40.08 |
| 6 | IPRATROPIUM BROMIDE | 1/14/2002 | $220.08 |
| 7 | ACCUNEB | 1/14/2002 | $8.40 |
| 8 | EPOGEN | 4/17/2003 | $36.40 |
| 9 | ACCUNEB | 10/12/2001 | $8.40 |
| 10 | IPRATROPIUM BROMIDE | 10/12/2001 | $40.08 |
| 11 | ACCUNEB | 8/22/2002 | $8.40 |
| 12 | IPRATROPIUM BROMIDE | 6/19/2003 | $40.08 |
| 13 | ACCUNEB | 6/19/2003 | $13.19 |
| 14 | EPOGEN | 4/10/2003 | $36.40 |
| 15 | EPOGEN | 4/24/2003 | $36.40 |
| 16 | EPOGEN | 4/3/2003 | $36.40 |
| | | | |
| | | | |
| | | | |
| | | | |

Medicare Part B Purchase Information Chart

# IF YOU DO NOT MAKE ANY CHANGES TO THE CHART IN SECTION C, YOU DO NOT NEED TO RETURN THIS CLAIM FORM.

* 2 - 4 *

**Section C Continued**

**IF YOU DO NOT MAKE ANY CHANGES TO THE CHART IN SECTION C,
YOU DO NOT NEED TO RETURN THIS CLAIM FORM.**

Look carefully at the list of covered drugs found on Attachment A of the Notice.  Check the chart **above** to make sure it contains all of the covered drugs you were administered or filled a prescription for as a Medicare recipient from January 1, 1991 through January 1, 2005.  If it does not, you may add those drugs to the chart **below**.

- Only add drugs if you were responsible for paying a percentage co-payment as a Medicare Part B recipient.

- You are not eligible for a check if a) supplemental insurance covers your entire obligation for co-payment or b) you were responsible for making only flat co-payments.

- Flat co-payments do not vary with the cost of the drug. If your supplemental insurance covered only part of your percentage co-payment obligation, you are still eligible.

In order to add drugs to the chart below:

1.  Enter the name of any additional drugs in Column A;

2.  Enter dates of administration in Column B;

3.  Enter the amount paid in Column C; and

4.  Provide one of the following acceptable proofs of a percentage co-payment for each additional covered drug:

   (1)  A receipt, cancelled check, or credit card statement that shows a payment for one of the drugs (other than a flat co-payment); or

   (2)  A letter from a doctor saying that he or she prescribed one of the drugs and you paid part of the cost of one of the drugs (other than a flat co-payment) at least once; or

   (3)  An EOB (explanation of benefits) from your insurer that shows you made or are obligated to make percentage co-payments for the covered drugs; or

   (4)  A notarized statement signed by you indicating you made or are obligated to make a percentage co-payment for the covered drugs from January 1, 1991 through January 1, 2005, including the total of all percentage co-payments for the drugs during the time period; or

   (5)  Records from your pharmacy showing that you made percentage co-payments for the covered drugs purchased from January 1, 1991 through January 1, 2005.

| | COLUMN A | COLUMN B | COLUMN C |
|---|---|---|---|
| | **Name of Drug** | **Date of Administration** | **Amount Paid Out-of-Pocket** |
| **Additional Medicare Part B Purchase Information Chart** | | | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |

-- ATTACH ADDITIONAL PAGES IF NEEDED --



**IF YOU DO NOT MAKE ANY CHANGES TO THE CHART IN SECTION C,
YOU DO NOT NEED TO RETURN THIS CLAIM FORM.**

## Section D: Sign and Date Your Claim Form

I declare under penalty of perjury that the information provided here is, to the best of my knowledge, correct. I also declare under penalty of perjury that I made a percentage co-payment for one or more of the drugs as indicated in this claim form at some time during the period from January 1, 1991 through January 1, 2005. If not submitting this for myself, I am authorized to submit this form on behalf of the Claimant identified above.

Signature: *Muriel Tonacchio*

Print Name: Muriel Tonacchio

Date: 6 / 15 / 2001

## Section E: Mail Your Claim Form

If you did not make any changes to this document, you do not need to return this Claim Form.

Claim Forms that have been changed, along with proof of payment, must be postmarked by **July 1, 2011** and mailed to:

AWP Track 2 Settlement Administrator
P.O. Box 2417
Faribault, MN 55021-9117

If you have any questions, please call 1-877-465-8136 or visit the website at www.AWPTrack2Settlement.com.

---

# REMINDER:

## If you made changes to any information contained in Sections A, B, or C:

### *You must sign and return this claim form.*

--------------------------------

## If you did not make any changes to the information printed on the claim form:

### *Do not return this claim form.*
### *A check will be automatically mailed to you.*

---

