UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Master File No. 01-CV-12257-PBS<br>Judge Patti B. Saris |

**AFFIDAVIT OF AGNES SWAYZE IN SUPPORT OF CLASS COUNSEL'S PROPOSAL TO REDISTRIBUTE THE TRACK TWO CONSUMER ALLOCATION AND IN SUPPORT OF FINAL APPROVAL OF THE TRACK TWO SETTLEMENT**

I, AGNES SWAYZE, pursuant to 28 U.S.C. §1746, on oath, depose and state as follows:

1. My name is Agnes Swayze and I live in Lancaster, California. I have personal knowledge of the facts stated below.

2. I am currently 76 years old and suffer from ovarian cancer. I was treated extensively for this cancer in 1994 and again in late 2002 and early 2003.

3. I was previously appointed Class 1 representative against BMS in the AWP lawsuit. I stepped forward to be a Class 1 representative in June, 2007 and was formally appointed by the Court as a class representative in the BMS case on August 31, 2007.

4. I have been asked to provide this Affidavit in further support of final approval of the Track Two Settlement. More specifically I provide this affidavit for two purposes. First, I want to assure the Court that I have discussed with my lawyer the need to redistribute the settlement funds among Consumer Class Members and the rationale for calculating the redistribution. Second I wish to express my support of final approval of the Settlement, including the redistribution.

5. As part of my chemotherapy treatments, I received injections of the drugs Anzamet Dextrose, Dexamethasone Sodium Phosphate, Heparin sodium and Neupogen from December 2002 through March 2003.

6. I have previously submitted affidavits in association with approval of the BMS Settlement (Docket Nos. 7427, 7499). I have also previously submitted affidavits in support of my appointment as Class 1 representative in the Track Two Settlement (Docket Nos. 7572-2, 7620). Along with these affidavits I have submitted copies of billing records from my doctor and treating hospital evidencing some of my injections of drugs included in the Track Two Settlement (Docket No. 7572, Ex. 1) as well as handwritten check registers indicating payments to my hospital for services provided as part of my treatment. (Docket No. 7620, Ex. 1). I also provided a copy of my claim form in the Settlement, which shows the full list of drugs in the Settlement that were administered to me and for which I incurred a co-payment obligation. Docket No. 7572, Ex. 2).

7. During the time I received chemotherapy treatment until today, I was covered by Medicare, but have no supplemental, Medi-Gap or other medical insurance. I paid all my medical bills, including my Medicare co-pays, either by cash, check or credit card.

8. I have been very active participant in this litigation. Since June, 2007, I have communicated with my counsel, John Macoretta, on a regular basis about the status of the litigation and settlement with BMS. We have communicated by telephone, email and letter. Mr. Macoretta also met with me at my home in California.

9. I became a proposed class representative for Track Two after the Track Two Settlement had been negotiated. Nonetheless, throughout by involvement in the case against BMS I have spoken with Mr. Macoretta about the status and details of the Track Two Settlement.

10. In anticipation of being proposed as a Class 1 representative I discussed the proposed Track Two Settlement with Mr. Macoretta, including the risks of further litigation. I believe that the overall settlement amount is fair and reasonable, and agree with counsel's recommendations that the settlement be accepted.

11. I have spoken with counsel multiple times within the last two months concerning the Track Two Settlement. Earlier today we discussed the reasons for a re-distribution of funds among consumer class members and the overall framework of the re-distribution. I previously had similar conversations with counsel concerning the re-allocation that was done for the BMS settlement.

12. As I understand the case, plaintiffs allege that various drug companies, including those included in the Track Two Settlement, stated an inflated AWP price for some of their drugs. This means that as a Medicare Part B beneficiary, I was overcharged for their drug and paid an inflated co-payment amount for their drugs, because Medicare determined how much it would pay for various drugs using the AWP and I am responsible for 20% of that amount

13. I also understand that my co-payments is not the same as the amount of overcharge, or the amount of damages I have suffered as a result of the overstated AWP. The amount I was overcharged was in most cases some fraction of the total co-payment amount. I understand the overcharge varied widely among the Track Two drugs, and may have changed from year to year for many of the individual drugs.

14. I understand that as a way to simplify the claims process, the Court originally approved a distribution formula under which everyone who was overcharged for a Track Two drug would receive payment not based on the amount of overcharge, but based on the total amount of their co-payments.

15. After notice was sent to consumers and claims were submitted, counsel concluded that this approach was not workable, because some drugs in some years had substantial overcharges while other drugs in other years had effectively no overcharge or no damages. Thus, using the original formula based on co-payment, some class members would get more money than they were really entitled to while others would get far less than their actual damages.

16. I understand that the most significant discrepancy in this regard was for the drug Epogen, a drug used primarily in dialysis patients and for patients undergoing chemotherapy.

17. I have been advised that there were effectively no damages associated with Epogen for several reasons, including the fact that many claims for Epogen actually involve a different drug or involve charges that were not based on AWP. The result is that thousands of class members who made a co-payment for Epogen would receive proceeds from the settlement far beyond any damages they actually suffered. This would leave less money available for other class members with better damage claims.

18. When counsel became aware of this substantial mismatch between co-payment amounts and damages, they proposed to recalculate how consumer claims are paid and to reallocate the consumer settlement money to more fairly reflect each person's individual damages - to the extent that is possible given the number of drugs and the variations in damages from drug to drug. This will result in a redistribution proposal under which many class members will receive more money than under the original formula. However, some portion of claimants, including myself since my claim form includes Epogen, will receive less money. As I understand the proposal, any consumer who was administered Epogen would receive a flat one-time payment of $5. This is still greater than the damages suffered in relation to Epogen.

19.  While I am relying on my counsel and the Claims Administrator to make the calculations under the new plan, I understand the reason for the redistribution proposal and it makes sense to me. Although I personally may be receiving less under the redistribution proposal, it seems fairer than the original distribution plan.

20.  Counsel has taken the opportunity to review with me again the details of the overall Track Two Settlement and to review the advantages and disadvantages in comparison to continued litigation of the Track Two claims. Having reviewed these again, I still believe that the Track Two Settlement is in the best interest of the consumer class. As such I approve of and support the settlement, including the proposed redistribution.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Date: August 2, 2011

*Agnes B. Swayze*
Agnes B. Swayze

**CERTIFICATE OF SERVICE**

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **AFFIDAVIT OF AGNES SWAYZE IN SUPPORT OF CLASS COUNSEL'S PROPOSAL TO REDISTRIBUTE THE TRACK TWO CONSUMER ALLOCATION AND IN SUPPORT OF FINAL APPROVAL OF THE TRACK TWO SETTLEMENT** be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 4, 2011, a copy to LexisNexis File and Serve for Posting and notification to all parties.

By    **/s/ Steve W. Berman**
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292