UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
| IN RE: PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | Master File No.: 01-CV-12257-PBS |
| LITIGATION | ) | |
| _____ | ) | Judge. Patti B. Saris |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| *United States of America ex rel Linette Sun* | ) | |
| *and  Greg Hamilton, et al., Relators,  v.* | ) | |
| *Baxter Hemoglobin Therapeutics, et al.,* | ) | |
| *Defendants.* | ) | |
| Civil Case No.: 1:08-cv-11200-PBC | ) | |
| _____ | ) | |

**RELATORS LINNETTE SUN'S AND GREG HAMILTON'S**
**INITIAL DISCLOSURES PURSUANT TO RULE 26**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Relators Linnette

Sun and Greg Hamilton, by and through their  attorneys, makes the following initial disclosures.

These disclosures are the result of Defendant's good faith efforts to identify information

presently available to them that they reasonably believes they may use to support their claims

required by Rule 26(a)(1). By making these disclosures, Relators do not represent that they are

identifying and/or producing every document, tangible thing, or witness that they may use in

support of their claims. Relators reserve the right to supplement or amend these disclosures,

as appropriate, as discovery, further investigation, and other proceedings relating to this action

proceed.

These disclosures are not intended to be, and shall not be construed as, a waiver of any objections Relators may assert during discovery or trial of this action. Relators do not waive any objections that may be appropriate, including without limitation: (a) to the use, for any purpose, by any party to this litigation, any of the information or documents disclosed for any purpose other than the prosecution ir of defense of this lawsuit; (b) to the admissibility or relevancy of any of the documents or information disclosed; (c) to the production of any document prior to the entry of an appropriate protective order; or (d) to any applicable privilege or immunity under federal or state law, including without limitation, the attorney-client privilege and/or work product doctrine.

Relators' initial disclosures are made subject to and without limitation of the foregoing. Relators make these disclosures in the belief that, at an appropriate time, the parties can and will agree upon an appropriate confidentiality order and rational production limitations.

A.      **Relators' Rule 26(a)(1)(A)(I) Disclosure: Identification of Individuals**

Relators state that the following individuals are likely to have discoverable information that Relators may use to support its claims or defenses. Relators state further that the identity of additional individuals with relevant information might be found in documents produced in this case and reserves the right to supplement this list.

> 1.      Current and former employees and elected and/or appointed officials or representatives of the various states and the respective state Medicaid agencies Relators allege were damaged in their Second Amended Complaint, as well as their predecessor agencies, contractors, and consultants. Such persons may have knowledge regarding: coverage and reimbursement of Baxter drugs and therapies that were administered; payments or co-payments for Baxter drugs and therapies; the AWPs, WACs, and other pricing benchmarks for Baxter drugs and therapies; and healthcare providers' actual costs for Baxter drugs and therapies.

2.      Current and former employees of the pharmaceutical benefits managers used by
        the federal government and the various states alleged to be damaged in the Second
        Amended Complaint. Such persons may have knowledge regarding: coverage and
        reimbursement of Baxter drugs and therapies that were administered; payments or
        co-payments for Baxter drugs and therapies; the AWPs, WACs, and other pricing
        benchmarks for Baxter drugs and therapies; healthcare providers' actual costs for
        Baxter drugs and therapies; and negotiation of reimbursement amounts for Baxter
        drugs and therapies with healthcare providers and/or insurers.

3.      Healthcare providers or administrators of organizations which employ or contract
        with healthcare providers who purchase and administer Baxter drugs and
        therapies.  Such persons may have knowledge regarding: coverage and
        reimbursement by the federal government and state Medicaid agencies; payments
        or co-payments by the federal government and state Medicaid beneficiaries; and
        the manner in which the spread was used as an inducement.

4.      Current and former employees of the federal government and its contractors
        including, but not limited to, employees of the Department of Justice; the
        Department of Health and Human Services ("HHS"), the Centers for Medicare
        and Medicaid Services (formerly the Health Care Finance Administration), the
        General Accounting Office, the HHS Office of Inspector General.  Such persons
        have knowledge regarding: the consent decree signed by one or more of the price
        reporting services, the coverage and reimbursement of Baxter drugs and therapies;
        the difference between AWP and actual cost to healthcare providers for Baxter
        drugs and therapies; and healthcare providers' actual costs for Baxter drugs and
        therapies.

5.      Current and former employees of the price reporting services or compendia listed
        in paragraphs 23 and 24 of Plaintiffs' Second Amended Complaint. Such persons
        have knowledge regarding communications between them and Baxter and the
        prices these entities reported and the methods by which these entities determined
        the prices reported.

6.      Current and former employees of wholesalers who purchase drugs and therapies
        manufactured by Baxter and distribute them to healthcare providers who fulfill
        prescriptions. Such persons may have knowledge regarding prices charged to
        providers of drugs and therapies manufactured by Baxter and regarding prices
        reported in various pricing compendia.

7.      Current and former employees of Baxter. Such persons have knowledge regarding
        the pricing, marketing, sale, and distribution of Baxter's drugs and therapies.
        Relators expressly reserve the right to contact all former Baxter employees who
        were not members of Baxter's control group or who may otherwise ethically be
        contacted directly.

| NAME | CURRENT OR FORMER TITLE | CURRENT OR FORMER ADDRESS |
|---|---|---|
| Baldridge, Michael | Senior Director, Marketing | Baxter Healthcare Corporation 1 Baxter Parkway Deerfield, IL 60015 |
| Bradley, Michael | Senior Director, Healthcare Economics & Bioscience | Baxter Healthcare Corporation 1 Baxter Parkway Deerfield, IL 60015 |
| Guiheen, Larry | President, Bioscience | Baxter Healthcare Corporation 1 Baxter Parkway Deerfield, IL 60015 |
| Hamilton, Greg | | ***Contact through Relator's Counsel*** 2830 Waterfront Avenue Algonquin, Illinois 60102 |
| Kadam, Jill | National Accounts Director, Bioscience | Baxter Healthcare Corporation 1 Baxter Parkway Deerfield, IL 60015 |
| Koo or Khoo, Pam | Unk. | Baxter Healthcare Corporation 1 Baxter Parkway Deerfield, IL 60015 |
| Langan, Ted | Vice President, Sales | Baxter Healthcare Corporation 1 Baxter Parkway Deerfield, IL 60015 |
| Morgan, Patricia Kay | Manager of Editorial Services, First DataBank | Unk. |
| O'Malley, Peter | National Accounts Manager, Bioscience | Baxter Healthcare Corporation 1 Baxter Parkway Deerfield, IL 60015 |
| Park, John | vice-President, Marketing | Baxter Healthcare Corporation 1 Baxter Parkway Deerfield, IL 60015 |
| Poulios, Nick | Unk | Baxter Healthcare Corporation 1 Baxter Parkway Deerfield, IL 60015 |

| Sognier, John | Unk. | Baxter Healthcare Corporation<br>1 Baxter Parkway<br>Deerfield, IL 60015 |
|---|---|---|
| Stewart, Royal | Director, National Accounts | Baxter Healthcare Corporation<br>1 Baxter Parkway<br>Deerfield, IL 60015 |
| Sullivan, Kathy | Unk. | Baxter Healthcare Corporation<br>1 Baxter Parkway<br>Deerfield, IL 60015 |
| Sun, Linnette | Relator | ***Contact Through Relators'***<br>***Counsel***<br>1133 South Eighth Avenue<br>Arcadia, CA 91006 |
| Trader, Kenneth H. | Director, National Sales | Baxter Healthcare Corporation<br>1 Baxter Parkway<br>Deerfield, IL 60015 |

**B.      Relators' Rule 26(a)(1)(A)(ii) Disclosure: Identification of Documents,**

**Electronically Stored Information, and Tangible Things**

Relators have taken reasonable steps to preserve information it reasonably believes to be

relevant to the action. Relators have previously produced all such documents relevant to the *qui*

*tam* allegations, save for communications between the Relators and the Department of Justice or

various state Attorneys General, for which a Common Interest Privilege is asserted.

Additionally, Relator Sun possesses and has preserved documents pertinent to her claim

for loss of earnings and loss of future earnings.  Relator Sun notes that some of these documents

reflect her work product and are subject to nondisclosure agreements she signed with various

companies for which she consulted.

**C.**     **Relators' Rule 26(a)(1)(A)(iii) Disclosure: Computation of Damages Claimed**

Relators have a computation of damages pertaining to their *qui tam* allegations regarding AWP fraud for Advate, Recombinate, and Gammagard.   Relator Sun does not presently have a computation of her lost income and future lost income.

**D.**     **Relators' Rule 26(a)(1)(A)(iv) Disclosure: Insurance Agreements**

Relators state no insurance agreement exists that may satisfy all or part of a judgment.


Respectfully submitted,

LAW OFFICE OF MARK ALLEN KLEIMAN


Dated: August 4, 2011                           By:   /s/ Mark Allen Kleiman
                                                      Mark Allen Kleiman (CA SBN 115919)
                                                      Pooja Rajaram (CA SBN 241777)
                                                      2907 Stanford Avenue
                                                      Venice, CA 90292
                                                      310-306-8094
                                                      310-306-8491 (fax)
                                                      mkleiman@quitam.org
                                                      prajaram@quitam.org

                                                      Attorney for Relators Linette Sun and
                                                      Greg Hamilton

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the foregoing **RELATORS LINNETTE**

**SUN'S AND GREG HAMILTON'S INITIAL DISCLOSURES PURSUANT TO RULE 26**

to be delivered by electronic service via LexisNexis File & Serve on was served on all counsel of

record by electronic service on August 4, 2011.


/s/ Mark Allen Kleiman
MARK ALLEN KLEIMAN