UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: ) ) | CIVIL ACTION: 01-CV-12257-PBS |
| ALL CLASS ACTIONS RELATING TO TRACK TWO DEFENDANTS ) ) ) | Hon. Patti B. Saris |

**CLASS MEMBER PATRICIA WEATHERLY'S RESPONSE TO
PLAINTIFFS' REBALANCED TRACK TWO SETTLEMENT**

Class 3 Percentage Co-pay Consumer class member Patricia Weatherly ("Weatherly") of San Antonio, Texas hereby submits a Response to Plaintiffs' Rebalanced Track Two Settlement. In this Response Weatherly incorporates her previous several Objections filed in this matter. This Response further incorporates Weatherly's previous opposition to the allocation of funds between classes in this settlement, including the Class 1 allocation, and to Class Counsel's petition for attorneys' fees.

I.   **Proposed Modified Reallocation and Redistribution Plan**

Class Counsel proposes a reallocation of funds in favor of the consumer classes in this case. The proposed increase is from 17.5 % of the total settlement amount to 20%. The proposed reallocation is a half-measure in the right direction. At a minimum it does evidence that there is a

1

recognition that this settlement, as previously presented, was significantly unfair to the consumer classes that Class Counsel purports to represent.

## II. Quantification of, Notice to, and Award to Consumer Class Remains Inadequate

The inadequate notices sent to Class 3 Percentage Co-pay Consumers have failed to solicit claims from anywhere close to the number of potential claimants in the Class 3 Percentage Co-pay Consumer subclass. Class Counsel has never quantified the potential size of the Co-pay Consumer subclass and has never provided the Court with sufficient information to determine the adequacy of the compensation for potential Percentage Co-pay Consumer class members' claims. In her (first) Revised Objection Weatherly presented statistics estimating the potential pool of Percentage Co-pay Consumer class members. Weatherly indicated that if a significant number of the Percentage Co-pay Consumer class members are eventually identified, the proposed settlement amount allocated in the Consumer Settlement Pool will be inadequate to fairly compensate Class 3 Percentage Co-pay Consumer class members.[1]

Weatherly has previous objected to the adequacy of notice to the consumer sub-class of Class 3 co-payment consumers. According to Class Counsel's submissions, as of July 2011 only 21,000 Class 3 co-payment consumers have responded to notices.[2] Weatherly pointed out in her Third Revised Objection that the notice was deficient in terms of the information posted on the AWP Track 2 Settlement website, which indicated that the date had passed by which claims

---

[1] See, Revised Objection to Class Action Settlement and Notice of Intent to Appear of Class Member Patricia Weatherly, (Doc. No. 5291, February 23, 2009), at pages 13, 14.
[2] See, Class Counsel's Proposal to redistribute the Track Two Consumer Allocation, (Doc. No. 7647, July 5, 2011), at page 9.

could be filed.[3] The main AWP Track 2 Settlement website did not reference the fact that a revised Class 3 claim form, with a revised filing date of February 1, 2010, was on a different, hard to find web page.[4] Instead the main AWP Track 2 Settlement website, which site was referenced in numerous television advertisements and a campaign of internet banners during December 2009 [5], listed (then and now) May 1, 2009 as the date by which Class 3 claims had to be filed and <u>stated that the time for filing claims has passed</u>.[6] Class Counsel reported in January 2010 that there had been 370,000 visits to the AWP Track 2 Settlement Website, that there were 82,000 requests for Class 3 claims notices, and that 20,000 claims were filed. Class Counsel characterized that response as "excellent".[7] Class Counsel recently owned up to the fact that that there was an error in listing an incorrect cut-off date for filing claims but asserts that the failure to list February 10, 2010, rather than May 1, 2009, as the date by which claims could be filed 'cannot be said to discourage Class 3 claims' and was 'an error of no consequence.'[8] The filing of only 21,000 Class 3 claims indicates that only 5% of those who visited the Settlement web site filed claims and only 24% of those who took the trouble to download the ten page claim form did so. A reasonable assumption is that the misinformation regarding claim filing cut-off dates likely discouraged a large number of potential claimants.

---

[3] <u>See</u>, Revised Third Objection to Class Action Settlement and Notice of Intent to Appear of Class Member Patricia Weatherly, (Doc. No. 7545, May 17, 2011), at page 4.
[4] <u>See</u>, AWP Track 2 Settlement Website: http://www.awptrack2settlement.com/pdfs/RevdClass3Claimform.pdf
[5] <u>See</u>, Class Plaintiffs' Notice of Status Related to Final Approval of the Track Two Settlement (Doc. No. 6867, January 28, 2010), at pages 1, 2
[6] <u>See</u>, AWP Track 2 Settlement Website:   http://www.awptrack2settlement.com
[7] <u>See</u>, Class Plaintiffs' Notice of Status Related to Final Approval of the Track Two Settlement (Doc. No. 6867, January 28, 2010), at pages 1, 2.
[8] <u>See</u>, Class Counsel's Proposal to redistribute the Track Two Consumer Allocation, (Doc. No. 7647, July 5, 2011), at pages 10, 11.

Weatherly previously postulated that, given the low allocation to the consumer class as compared to other recent settlements such as McKesson,[9] it may well be that Class Counsel intended that only a very small percentage of this settlement be claimed by consumers such as Weatherly.[10] In April 2009 Class Counsel filed a response to Weatherly's (and others') Objections.[11] Attached to its response was the Declaration of Jeffery S. Goldenberg who had been 'asked by Class Counsel to represent the interests of consumers' in the allocation process. According to Mr. Goldenberg only 3.5% of the total damage amounts in this case assigned to Class 3 was allocated to consumers.[12]

Putting aside Weatherly's previous objections to the failure to adequately identify the consumer class in this case and the failure to employ proven methods of notifying the consumer class members through subpoenaing records from sources such as pharmacies so that direct payment of an award could be made, the allocation improvement now proposed by Class Counsel is inadequate and fails to address the fact that the consumer classes in this case have been inadequately represented, have received incorrect and less than sufficient notice, and have been allocated a less than adequate award of damages.

---

[9] *New England Carpenters Health benefits Fund, et al. v. First Data Bank, Inc. and McKesson Corporation*, 1:05cv1148-PBS.
[10] See, Revised Third Objection to Class Action Settlement and Notice of Intent to Appear of Class Member Patricia Weatherly, (Doc. No. 7545, May 17, 2011), at page 6.
[11] Class Plaintiff's Response to Objections to Final Approval of the Track Two Settlement (Doc. No. 6003).
[12] See, Declaration of Jeffery S. Goldenberg (Doc. No. 6006). See also, Declaration of Alex Sugerman-Brozan (Doc. No. 6007).

### III. Attorneys' Fees

Class Counsel has requested the Court approve attorneys' fees of 30% of the Track Two settlement, plus expenses.[13] The Court should consider rejecting the full award of attorney fees for the portion of the settlement received by the Class 3 Percentage Co-pay Consumer class based on the failure of adequate representation evidenced especially by the lack of sufficient and proper notice provided to the class.

### IV. Conclusion

For each of the reasons stated above, the Court should reject the proposed class action settlement in its entirety as not being fair, reasonable, and adequate. The consumer class should be properly identified through methods proven in other similar cases in this District, including McKesson and Relafen,[14] and the settlement should be reallocated accordingly. Weatherly reserves the rights to withdraw, revise, add to, and expand upon her objections and call witnesses and experts in support thereof.

Dated: August 5, 2011                    Respectfully submitted
                                          Patricia Weatherly,


                                          By: **/s/ Richard F. Landrigan**
                                          Richard F. Landrigan (BBO# 284960)
                                          COSTELLO & LANDRIGAN
                                          421 Highland Avenue
                                          Somerville, MA  02144
                                          Telephone: 617-625-4322
                                          Facsimile:  617-625-5911

---

[13] Lead Class Counsel's Motion for Attorneys' Fees and Costs and Compensation of the Class Representatives in Association with the Track Two Settlement (Doc. No. 7515, April 28, 2011).
[14] *In Re Relafen Antitrust Litigation,* 01-CV-12239-WGY (D. Mass.), Memorandum of Judge Young, (Doc. No 457, September 28, 2005), page 19.

5

## **CERTIFICATE OF SERVICE BY LEXIS-NEXIS FILE & SERVE**

Docket No. MDL 1456

I, Richard F. Landrigan, herby certify that on August 5, 2011, I caused a true copy of Class Member Patricia Weatherly's Response to Plaintiffs' Rebalanced Track Two Settlement to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

**/s/ Richard F. Landrigan**
Richard F. Landrigan