## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| **TRACK TWO SETTLEMENT** | Judge Patti B. Saris |

### PLAINTIFFS' NOTICE OF FILING OF [PROPOSED] ORDER DIRECTING NOTICE OF TRACK TWO SETTLEMENT REVISION TO AFFECTED CLASS MEMBERS AND SCHEDULING FAIRNESS HEARING

In Plaintiffs' Supplemental Submission in Support of a Rebalanced Track Two

Settlement (Dkt. No. 7697), Class Counsel indicated they would, as requested by the Court,

submit forms of notice concerning the settlement revisions for review by the Court prior to the

August 8, 2011 hearing.  Class Counsel now file herewith as Exhibit A a form of [Proposed]

Order Directing Notice of Settlement Revision to Affected Class Members and Scheduling

Fairness Hearing (the "Proposed Order").

The Proposed Order approves three forms of notice describing the revisions to the

Proposed Settlement, two for affected Consumers of Classes 1 and 3 and one for TPP members

of Classes 2 and 3.  The consumer notices will **only** be mailed to the following Class members:

(i) all Consumer Class members who previously filed timely claims and will receive less under

the revised distribution formula than they would have under the original formula; (ii) those

Consumer Class members in Class 1 whose CMS data indicates an administration of a drug

under the "not otherwise classified" J-Codes J3490 and J8999; and (iii) those Consumer Class

members with payments for Leukine and Novatrone after 2002.  As indicated in the draft forms

- 1 -

of notice for consumers, the content of the notice will differ depending on which of these categories applies to the particular consumer.  The TPP notice will be mailed to all TPPs who previously filed timely claims.

Using plain language, the notices describe the changes being made to the Proposed Settlement, provide clear instructions for filing objections to the revision, inform affected Class members of a supplemental fairness hearing date, and advise that the Court has decided not to provide an additional opportunity to request exclusion.  For those consumers in Class 1 whose CMS data indicates an administration of a drug under the "not otherwise classified" J-Codes, a second and separate notice (to accompany the full notice concerning the changes to the Settlement) explains the need for further documentation related to the affected drugs and how the consumer can provide such documentation.

The schedule of events set forth in the Proposed Order, is as follows:

| Date | Event |
|------|-------|
| August 19, 2011 | Mailing of notices to affected Class members. |
| September 23, 2011 | Deadline for receipt of objections in response to the notices. |
| September 30, 2011 | Deadline for receipt of additional documentation from Class 1 Consumers administered a drug under the "not otherwise classified" J-Codes. |
| TBD | Fairness hearing (at the Court's convenience, but Plaintiffs suggest no earlier than October 5, 2011 so that the Claims Administrator has time to process the documentation due on September 30). |

Plaintiffs respectfully request that the Court enter the Proposed Order.

DATED:  August 5, 2011

Respectfully submitted,


By:  ___/s/ Steve W. Berman_____
      Thomas M. Sobol (BBO#471770)
      Edward Notargiacomo (BBO#567636)
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

*Liaison Counsel*

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Jennifer Fountain Connolly
HAGENS BERMAN SOBOL SHAPIRO LLP
1629 K St. NW, Suite 300
Washington, D.C.  20006
Telephone:  (202) 355-6435
Facsimile:  (202) 355-6455

Jeffrey L. Kodroff
John A. Macoretta
SPECTOR, ROSEMAN, KODROFF & WILLIS P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300
Facsimile:  (215) 496-6611

Kenneth A. Wexler
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

Marc H. Edelson
EDELSON & ASSOCIATES, LLC
45 West Court Street
Doylestown, PA  18901
Telephone:  (215) 230-8043
Facsimile:   (215) 230-8735

*Co-Lead Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing pleading to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 5, 2011, a copy to LexisNexis File & Serve for posting and notification to all parties.

By **/s/ Steve W. Berman**_____

    Steve W. Berman
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
    1918 8th Avenue, Suite 3300
    Seattle, WA  98101
    (206) 623-7292

001534-16  466415 V1

# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| **TRACK TWO SETTLEMENT** | Judge Patti B. Saris |

**[PROPOSED] ORDER DIRECTING NOTICE OF TRACK TWO SETTLEMENT
REVISIONS TO AFFECTED CLASS MEMBERS
AND SCHEDULING FAIRNESS HEARING**

Plaintiffs have submitted forms of notice concerning the Track Two settlement revisions. On August 8, 2011 the Court held a fairness hearing to consider the proposed rebalancing of the Track Two Settlement embodied in Dkt. No. 7697.  This Order now approves the provision of Notice of the settlement revisions to affected Class members and schedules a supplemental fairness hearing.

1.      On or before August 19, 2011, and using the mailing addresses contained in its database, the Claims Administrator shall provide notice of the settlement revision in the forms attached hereto as Exhibits A - C (the "Supplemental Notices") as follows:  (a) the form of notice attached at Exhibit A shall be sent by U.S. Mail to all TPP Class 2 and 3 members who timely filed claims; (b) the form of notice attached at Exhibit B shall be sent by U.S. Mail to (i) all Consumer Class members who timely filed claims and who the Clams Administrator determines will receive less under the revised distribution formula than they would have under the original formula, (ii) those consumers in Class 1 whose CMS data indicates an administration of a drug under the "not otherwise classified" J-Codes J3490 and J8999; and (iii) those Consumer Class

449310v1

members with payments for Leukine and Novatrone after 2002; and (c) the form of notice

attached at Exhibit C shall be sent by U.S. Mail to those consumers in Class 1 whose CMS data

indicates an administration of a drug under the "not otherwise classified" J-Codes J3490 and

J8999.

2.      The Court finds that these Supplemental Notices and this supplemental notice

plan meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), constitutes the best

notice practicable under the circumstances to all persons entitled to notice, and satisfies the

Constitutional requirements of notice.

3.      The Court exercises its discretion under Fed. R. Civ. P. 23(e)(4) so as not to

provide an additional opportunity for Class members to request exclusion.

4.      A supplemental hearing on final settlement approval (the "Supplemental Fairness

Hearing") will be held on _____, 2011 at _____ before this Court, at the United States District

Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to

consider whether the Proposed Settlement, as revised, should be approved as fair, reasonable and

adequate.

5.      Any member of the Classes that was mailed a Supplemental Notice may appear at

the Supplemental Fairness Hearing in person or by counsel and may be heard, to the extent

allowed by the Court, either in support of or in opposition to the fairness, reasonableness and

adequacy of the revision to the Proposed Settlement; provided, however, that no person shall be

heard in opposition to the revision to the Proposed Settlement, and no papers or briefs submitted

by or on behalf of any such person shall be accepted or considered by the Court, unless

submitted to the Court and received by Counsel for the parties on or before September 23, 2011.

Such person must (a) file with the Clerk of the Court a notice of such person's intention to

appear as well as a statement that indicates the basis for such person's opposition and any

documentation in support of such opposition on or before September 23, 2011, and (b) serve

copies of such notice, statement and documentation, as well as any other papers or briefs that

such person files with the Court, either in person or by mail, upon Counsel to the parties so that

such papers are received on or before September 23, 2011.  Class members who fail to object in

the manner and by the dates provided herein shall be deemed to have waived and shall forever be

foreclosed from raising any such objections.

6.      Any additional documentation required to be provided by Consumer Class

members as outlined in the Supplemental Notice attached as Exhibit C shall be mailed to the

Claims Administrator so that it is received on or before September 30, 2011.

7.      Counsel for the parties who must be served with all documentation described

above in Paragraph 5 are as follows:

<u>Counsel for the Class</u>

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

<u>Counsel for Track Two Defendants</u>

Steven F. Barley
Hogan Lovells US LLP
100 International Drive
Baltimore, MD 21202

James P. Muehlberger
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108

8.      The date and time of the Supplemental Fairness Hearing shall be subject to

adjournment by the Court without further notice to the members of the Classes other than that

which may be posted at the Court, on the Court's website, and/or the Claims Administrator

website.

Dated:  August ___, 2011

_____
Honorable Patti B. Saris
United States District Judge

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing pleading to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 5, 2011, a copy to LexisNexis File & Serve for posting and notification to all parties.

By **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 8th Avenue, Suite 3300
Seattle, WA  98101
(206) 623-7292

# Exhibit A

**Authorized by the U.S. District Court for the District of Massachusetts**

## Notice of Revision to Proposed Class Action Settlement Involving Certain Drugs

---

### 1. What Is This Notice About?

---

There is a Proposed Settlement (the "AWP Track Two Settlement") of a class action lawsuit involving various drug manufacturers ("Defendants") concerning the drugs listed on Attachment A (referred to as the "Track Two Drugs"). The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation,* Docket No. 01-CV-12257-PBS, MDL No. 1456.

You were mailed this Notice because you previously filed a Claim Form in response to an earlier Notice that was sent to you. On the Claim Form, you indicated that you made a payment for an insured's Medicare Part B co-payment for one or more of the Track Two Drugs from January 1, 1991 through January 1, 2005 and/or that you made a payment for one or more of the Track Two Drugs outside of Medicare Part B from January 1, 1991 through March 1, 2008.

This revised Notice informs you of a change in the terms of the Proposed Settlement.

---

### 2. What Is The Relevant Change In The Terms Of The Proposed Settlement?

---

Under the Proposed Settlement, Defendants will pay a total of $125 million to settle the lawsuit. This amount is meant to satisfy the claims of both Third-Party Payors ("TPPs") who meet the criteria for inclusion in one of the two Settlement Classes as well as claims by consumers who made percentage co-payments and full cash payments based on the published Average Wholesale Price ("AWP"). All costs associated with notice and administration, attorneys' fees and litigation costs, and compensation to the named class representatives for time spent providing documents and testimony in connection with this case will be paid from the $125 million settlement amount.

Under the initial proposal, 82.5% (or $103,125,000) of the gross settlement amount was allocated to satisfy the claims of TPPs and 17.5% (or $21,875,000) of the gross settlement amount was allocated to satisfy consumer claims. Consumers and TPPs are sharing the costs of notice and administration in proportion to the amount of settlement proceeds they are allocated.

The Court considered the Proposed Settlement at hearings held June 13, 2011 and July 7, 2011. Among other things, the Court considered whether certain changes to the Proposed Settlement be made to provide more money to consumer members of the Classes. Afterward, a mediation was held in which Allocation Counsel for TPPs agreed to provide Consumers with an additional $3,125,000. Thus, the Proposed Settlement now provides that consumers will receive a gross settlement amount of $25,000,000 (20%), and that TPPs will receive a gross settlement amount of $100,000,000 (80%).

> *Your legal rights are affected even if you do not act.*

**Read this Notice carefully.**

All other terms of the Proposed Settlement relevant to TPPs remain unchanged.

The Court has approved the Proposed Settlement, as revised, on a preliminary basis.  It has further determined that the revision does not warrant a second "opt out" period in which class members who declined to exclude themselves before should now be offered another chance to do so.  Accordingly, if the Proposed Settlement is finally approved as revised, you will be bound by its terms.  The Court will hold a Hearing to decide whether the revised Proposed Settlement should be finally approved (*See* Question 4).

## 3. May I Object To, Or Comment On, The Revision To The Proposed Settlement?

Yes.  If you have comments about, or disagree with, any aspect of the revision to the Proposed Settlement, you may express your views to the Court.  You must do this in writing.  Your written response must include:

- Your name, address, telephone number, a brief explanation of your reasons for objection, and

- The case number (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456).

The document **must** be signed to ensure the Court's review.  The response must be filed with the Court at the following address on or before **Month, Day 2011**:  Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210 and served on Counsel for the Parties so that the objection is **received** on or before **Month, Day, 2011** at the following addresses:

| Counsel for the Class | Counsel for Track Two Defendants | |
|---|---|---|
| Steve W. Berman | Steven F. Barley | James P. Muehlberger |
| Hagens Berman Sobol Shapiro LLP | Hogan Lovells US LLP | Shook, Hardy & Bacon, LLP |
| 1918 Eighth Avenue, Suite 3300 | 100 International Drive | 2555 Grand Boulevard |
| Seattle, WA 98101 | Baltimore, MD 21202 | Kansas City, MO 6410 |

In addition, your document must clearly state that it relates to the "Track Two Settlement."  If you file or present an objection, you will be subject to the jurisdiction of the Court.

## 4. When And Where Will The Court Decide On Whether To Grant Final Approval Of The Proposed Settlement?

The Court will hold a Hearing on **Month, Day, 2011** at __ p.m. to consider whether the Proposed Settlement is fair, reasonable and adequate.  At the Hearing, the Court will also consider whether to approve the Proposed Settlement; the request for attorneys' fees and expenses; and any comments or objections.  You are not required to attend, but may do so at your own expense.

If you want your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you

must give the Court a paper that is called a "Notice of Appearance."  The Notice of Appearance must include:

- Your name, address, telephone number, signature;
- The name, and number of the lawsuit (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456);
- State that you wish to enter an appearance at the Final Approval Hearing; and
- Any documentation in support of such opposition.

Your Notice of Appearance **must** be filed with the Court on or before **Month, Day 2011** and served on Counsel so that it is **received** on or before **Month, Day, 2011**.  The Notice of Appearance must be filed with the Court and served on Counsel at the addresses set forth above in response to Question 3.

## 5. Where Do I Obtain More Information?

You may obtain more information, including a copy of the original Notice that was previously mailed to you, by visiting the Track Two AWP Settlement web site at www.AWPTRACK2Settlement.com, by calling 1-xxx-xxx-xxxx, or by writing to:

> AWP TRACK TWO TPP Settlement Administrator
> P.O. Box 24648
> West Palm Beach, FL 33416

DATED: August __, 2011                                   **BY ORDER OF THE COURT**

# Exhibit B

**Authorized by the U.S. District Court for the District of Massachusetts**

# Notice of Revision to Proposed Class Action Settlement Involving Certain Drugs

## 1. What Is This Notice About?

There is a Proposed Settlement (the "AWP Track Two Settlement") of a class action lawsuit involving various drug manufacturers ("Defendants") concerning the drugs listed on Attachment A (referred to as the "Track Two Drugs"). The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation,* Docket No. 01-CV-12257-PBS, MDL No. 1456.

You were mailed this Notice because you previously returned a Claim Card in response to an earlier Notice that was sent to you or submitted a claim in the settlement. You previously indicated that you made either a percentage co-payment under Medicare Part B from January 1, 1991 through January 1, 2005, or that you made a cash payment or percentage co-payment for one or more of the Track Two Drugs from January 1, 1991 through March 1, 2008.

This revised Notice informs you of changes in the terms of the Proposed Settlement. In sum, the amount of money allocated to consumers has been increased, and the proposed distribution has been altered to more closely track estimated damages for some of the individual Track Two Drugs and to account for issues with the way some individual drugs were reimbursed. You are receiving this Notice because our records indicate that your total compensation across all settled Track Two Drugs will be reduced under the Proposed Settlement as revised.

## 2. What Are The Changes In The Terms Of The Proposed Settlement?

The Court considered the Proposed Settlement at hearings held June 13, 2011 and July 7, 2011. The Court considered whether certain changes to the Proposed Settlement should be made, including providing more money to the Class B drugs. Plaintiffs subsequently presented a revision to the Court, which the Court approved on a preliminary basis.

*Your legal rights are affected even if you do not act.*
*Read this Notice carefully.*

1

## A.   Increase in Money Available to Consumers

The total amount of money available to pay consumer claims, including those consumers who participated in Medicare Part B and those who made a percentage co-payment or cash payment for Track Two Drugs outside of the Medicare Part B program, has been **increased** from $21,875,000 (17.5% of the total settlement) to $25,000,000 (20%).

## B.   Change in the Way Your Claim Will Be Calculated

The manner in which your payment will be calculated has changed.  Under the previous formula, the Claims Administrator would calculate your "Total Recognized Claim" by adding three amounts:

- Cash payments or co-payment obligations for drugs identified as Class A drugs from December 1, 1997 through December 31, 2003 multiplied by a factor of three (3x);

- Cash payments or co-payment obligations for Class A Drugs outside this time period (with no multiplication factor); and

- Cash payments or co-payment obligations for the other covered drugs called Class B Drugs during the entire Class Period (with no multiplication factor).

If there was not enough money to pay consumers 100% of their Total Recognized Claim, each consumer's claim would be reduced proportionately.

Your Total Recognized Claim will now be calculated differently.  Payment for Class A drugs (with one exception described below) will be based on Plaintiffs' expert's calculation of estimated *overcharges* or damages associated with the alleged price inflation for these drugs, rather than on the amount of cash payment or co-payment made.  This change was made in order to base the distribution on the actual damages actually incurred.  Calculation of payments for Class B drugs will remain the same.

Your Total Recognized Claim will now be determined according to a different three step process:

1. For the drugs identified as Class A drugs (except Epogen), the Claims Administrator will apply the expert's estimated overcharge percentage for all administrations during the entire class period to determine your out of pocket damages and multiply this by a factor of two (2x).

2. The Claims Administrator will determine the total cash payments or co-payment obligations for the other covered drugs called Class B Drugs (except Epogen) during

the entire Class Period (with no multiplication factor), reduced proportionately based on all Class B drug claims filed.  This is the calculation as under the original method, but more money is now available to pay claims for the Class B Drugs.

3.  In Step 3, a $50 payment will be allocated for all administrations of Epogen if the obligations was incurred as a cash payment or co-payment under private insurance, and a $5 payment will be allocated for all administrations of Epogen if the obligation was incurred as a co-payment under Medicare Part B.  These payments are a flat (one time) payment without regard to how many administrations you received of Epogen.  This is because the Court has found that payment for most administrations of Epogen under Medicare Part B were not based on AWP or these payments may relate to the drug Procrit, which is identical to Epogen but sold by a non-Defendant and not subject to this settlement.  And for administrations of Epogen to cash payors or payors with private insurance, there are minimal damages associated with the drug.

The sum of these figures will be your Total Recognized Claim.


C.    **Additional Documentation Related to Certain Drugs Under Medicare Part B**

**[[NOTE:   THIS SECTION WILL APPEAR IN THE NOTICE ONLY FOR CLAIMANTS WHO WERE ADMINISTERED THE DRUGS IDENTIFIED IN THIS SECTION]]**

If you have made a claim for reimbursement of co-payment obligations under Medicare Part B for any of the following 15 drugs, you must provide the Claims Administrator one form of documentary proof that you were administered the drug:

Alcohol Injection
Bupivacaine
Copper trace/cupric chloride
Diltazem hydrochloride
Enalaprilat
Kineret
Labetalol
Leucovorin calcium
Manganese Chloride
Novacaine/Procaine
Pancuronium bromide
Potassium acetate
Propofol

Sodium acetate
Verapamil HCL
Zinc chloride

Proof that you were administered the drug at least once can be in the form of the prescribing physician's notes in your medical file, a letter from a prescribing physician, or some other documentary evidence from the prescribing physician, hospital or medical provider identifying at least one administration of the drug.

This is necessary because data received from the Center for Medicare and Medicaid Services does not provide sufficient detail to distinguish administration of these drugs from other drugs that are not part of this Settlement.

THIS NOTICE PACKET INCLUDES A SEPARATE FORM ENTITLED "_____"YOU MUST PROVIDE THE REQUESTED DOCUMENTATION IN ORDER TO RECEIVE ANY COMPENSATION FOR THESE DRUGS.

### D.    Payments For Leukine and Novatrone After 2002

**[[NOTE:   THIS SECTION WILL APPEAR IN THE NOTICE ONLY FOR CLAIMANTS WHO WERE ADMINISTERED THE DRUGS IDENTIFIED IN THIS SECTION]]**

Payments for the drugs Leukine and Novatrone made after 2002, whether cash or co-payment obligations under Medicare Part B or private health insurance, will not be reimbursed.  This is because the defendant manufacturer of these drugs (Immunex Corp.) sold them to a non-Defendant in 2002 and they are not eligible for compensation after that date.

If you are eligible to receive a payment, the net result of these changes to the Proposed Settlement is that your payment will be lower than under the initial distribution formula.

The remaining terms of the Proposed Settlement remain unchanged.  The Court has determined that the above revisions do not warrant a second "opt out" period in which class members who declined to exclude themselves before should now be offered another chance to do so.  Accordingly, if the Proposed Settlement is finally approved as revised, you will be bound by its terms.

  
## 3. May I Object To, Or Comment On, The Revision To The Proposed Settlement?

Yes.  If you have comments about, or disagree with, any aspect of the revision to the Proposed Settlement, you may express your views to the Court.  You must do this in writing. Your written response must include:

- Your name, address, telephone number, a brief explanation of your reasons for objection, and
- The case number (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456).

The document **must** be signed to ensure the Court's review.  The response must be filed with the Court at the following address on or before **Month, Day 2011**:  Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210 and served on Counsel for the Parties so that the objection is **received** on or before **Month, Day 2011** at the following addresses:

| Counsel for the Class | Counsel for Track Two Defendants | |
|---|---|---|
| Steve W. Berman | Steven F. Barley | James P. Muehlberger |
| Hagens Berman Sobol Shapiro LLP | Hogan Lovells US LLP | Shook, Hardy & Bacon, LLP |
| 1918 Eighth Avenue, Suite 3300 | 100 International Drive | 2555 Grand Boulevard |
| Seattle, WA 98101 | Baltimore, MD 21202 | Kansas City, MO 64108 |

In addition, your document must clearly state that it relates to the "Track Two Settlement Revision."  If you file or present an objection, you will be subject to the jurisdiction of the Court.

## 4. When And Where Will The Court Decide On Whether To Grant Final Approval Of The Proposed Settlement?

The Court will hold a Hearing on **Month, Day 2011** at __ p.m. to consider whether the Proposed Settlement is fair, reasonable and adequate.  At the Hearing, the Court will also consider whether to approve the Proposed Settlement; the request for attorneys' fees and expenses; and any comments or objections.  You are not required to attend, but may do so at your own expense.

If you want your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance."  The Notice of Appearance must include:

- Your name, address, telephone number, signature;
- The name, and number of the lawsuit (Civil Action Number: 01-CV-12257-PBS,

MDL No. 1456);

- ▪ State that you wish to enter an appearance at the Final Approval Hearing; and
- ▪ Any documentation in support of such opposition.

Your Notice of Appearance **must** be filed with the Court on or before **Month, Day 2011** and served on Counsel so that it is **received** on or before **Month, Day 2011**. You cannot speak at the Hearing if you previously asked to be excluded from the Proposed Settlement Class. The Notice of Appearance must be filed with the Court and served on Counsel at the addresses set forth above in response to Question 3.

---

## 5. Where Do I Obtain More Information?

You may obtain more information, including a copy of the original Notice that was previously mailed to you, by visiting the AWP Track Two Settlement web site at www.AWPTrack2Settlement.com, by calling 1-877-690-7097, or by writing to:

> AWP TRACK TWO Settlement Administrator
> P.O. Box 2364
> Faribault, MN 55021-9064

DATED: August ___  2011                    **BY ORDER OF THE COURT**

6

# Exhibit C

**Authorized by the U.S. District Court for the District of Massachusetts**

# Additional Documentation Required For Certain Drugs

## 1. What Is This Notice About?

As described in the document entitled "Notice of Revision to Proposed Class Action Settlement Involving Certain Drugs" included with this notice, there have been changes in some of the terms of the Proposed Settlement (the "AWP Track Two Settlement") of a class action lawsuit involving various drug manufacturers ("Defendants").  One of those changes affects your claim.

Data received from the Centers for Medicare and Medicaid Services ("CMS") indicates that in addition to other drugs, you *may* have been administered one or more of the following drugs that are part of the Settlement:

| | |
|---|---|
| Alcohol Injection | Bupivacaine |
| Copper trace/cupric chloride | Diltazem hydrochloride |
| Enalaprilat | Kineret |
| Labetalol | Manganese Chloride |
| Novacaine/Procaine | Pancuronium bromide |
| Potassium acetate | Propofol |
| Sodium acetate | Verapamil HCL |
| Zinc chloride | Leucovorin calcium |

Unlike with other drugs in the Settlement, data received from CMS does not provide sufficient detail to distinguish administration of these drugs from other drugs that are not part of the Settlement.  The data is also not sufficient to allow

determination as to which of these drugs you may have been administered.

## 2. What Is The Change That Affects My Claim?

In order to recover in the Settlement for any of these drugs you must submit to the Claims Administrator one form of documentary proof that you were administered the drug at least once.  This proof can be in the form of the prescribing physician's notes in your medical file, a letter from a prescribing physician, or some other documentary evidence from the prescribing physician, hospital or medical provider identifying at least one administration of the drug.

You must provide one form of documentary proof for each of these drugs you wish to be reimbursed for.

## 3. What If I Cannot Obtain Documentation?

If you are unable to provide documentation related to any of these 16 drugs, you will still be reimbursed for the other drugs in the Settlement you were administered and which were identified in the CMS data and listed on the notice you previously received.  But in order to receive compensation for the drugs identified above, you must provide one form of documentary proof of at least one administration.

## 4. When Must I Provide The Documentation?

Your documentation **must** be mailed to the Claims Administrator so that it is **received** on or before **Month, Day 2011**.

## 5. How Do I Provide The Documentation?

You must submit your documentation to the Claims Administrator.  Include with your documentation a letter identifying:

- Your name, address, telephone number;
- A statement that the letter relates to the "Track Two Settlement," and

- ▪ Identification of the drug or drugs for which you are submitting documentation.

The letter **must** be signed to ensure review by the Claims Administrator.

The letter and documentation should be mailed to the Claims Administrator at the following address:

> AWP TRACK TWO Settlement Administrator
> P.O. Box XXX
> Faribault, MN 55021-9064

---

## 6.  Where Do I Obtain More Information?

---

You may obtain more information, including a copy of the original Notice that was previously mailed to you, by visiting the AWP Track Two Settlement web site at www.AWPTrack2Settlement.com, by calling 1-877-690-7097, or by writing to:

> AWP TRACK TWO Settlement Administrator
> P.O. Box XXX
> Faribault, MN 55021-9064

DATED: August ___, 2011                    **BY ORDER OF THE COURT**