# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Commonwealth of Pennsylvania<br>by Gerald J. Pappert, in his capacity<br>as Attorney General of the<br>Commonwealth of Pennsylvania,<br>                        Plaintiff<br><br>              v.<br><br>TAP Pharmaceutical Products, Inc.;<br>Abbott Laboratories; Takeda Chemical<br>Industries, LTD.; AstraZenca PLC;<br>Zeneca, Inc.; AstraZeneca<br>Pharmaceuticals LP; AstraZeneca<br>LP; Bayer AG; Bayer Corporation;<br>GlaxoSmithKline, P.L.C.; SmithKline<br>Beecham Corporation;<br>Glaxo Wellcome, Inc.; Pfizer, Inc.;<br>Pharmacia Corporation; Johnson &<br>Johnson; Amgen, Inc.; Bristol-Myers<br>Squibb Company; Baxter International<br>Inc.; Aventis Pharmaceuticals, Inc.;<br>Boehringer Ingelheim Corporation;<br>Schering-Plough Corporation; Dey, Inc.,<br>                        Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:    No. 212 M.D. 2004<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this 21st day of December, 2009, upon consideration of the Commonwealth's Motion to Compel Production of Documents, the Defendants' Responses thereto, Defendant TAP's Motions for a Protective Order, and the Discovery Master's Report and Recommendation No. 2, the recommendations of the Master are hereby APPROVED and IT IS HEREBY ORDERED that the Motion to Compel is hereby GRANTED IN PART and the Motion for a Protective Order is DENIED.

Further, IT IS HEREBY ORDERED that:

1. Defendants shall produce documents and information through 2008, concerning those drugs named in the appendices to the Commonwealth's Motion to Compel that are the subject of claims based on "marketing the spread" or "other inducements," and that were not targeted for search in the MDL (multi-district litigation in federal court), and for which discovery has not previously been provided in any other legal action.

2. Defendants shall produce documents and information through 2008, specifically pertaining to Pennsylvania-specific issues alleged in the Amended Complaint, if such information has not previously been provided in the MDL or any other litigation.

3. Post-2004 discovery on claims relating to AWP-pricing in Pennsylvania shall await the Commonwealth's digest and analysis of extant AWP discovery produced by defendants in prior litigations, a proffer of the likely probative evidence to be yielded in post-2004 discovery, and defendants' responses to the proffer.

4. Defendant, BayerAG shall conduct additional search of documents and materials limited to those contained in the files of the members of the BayerAG Board of Management through March 2005, which pertain to the averments in paragraphs 69 through 110 of the Corrected Amended Complaint and produce those documents subject to the following:

    a. documents identified as confidential due to the presence of personal data shall be marked as "Confidential" and access shall be limited to only those persons litigating this case;

    b. prior to production, Defendant, BayerAG, may redact sensitive personal information from the documents.

5. Defendant, AstraZenecaPLC, shall conduct a search of the minutes of meetings of its Board of Directors, the Executive Team, the Risk Advisory Group and the files and records of former CEO Tom McKillop and current CEO, David Brennan. AstraZenecaPLC shall produce those documents and materials pertaining to the averments in paragraphs 69 through 110 of the Corrected Amended Complaint, subject to the following:

    a. documents identified as confidential due to the presence of personal data shall be marked as "Confidential", and access shall be limited to only those persons litigating this case;

    b. prior to production, Defendant, AstraZenecaPLC, may redact sensitive personal information from the documents.

6. To the extent that German, English or European Union law prohibits the search of email or other files of employees or directors of resident corporations, defendants may present affidavit(s) of local counsel opining on the applicability and preclusive effect of foreign law.

7. Defendant, Schering-Plough Corporation, (since November 3, 2009 renamed Merck & Co.), shall produce the documents responsive to the *subpoena duces tecum* issued to Mr. Fred Hassan prior to his deposition of June 15, 2009.

8. Defendant, Schering-Plough Corporation, renamed Merck & Co., shall produce documents and materials of the sales representatives from the Oncology and Biotechnology Business Unit and the sales representatives who either were *qui tam* relators or had some relationship to the *qui tam* relators (21 persons), but only insofar as the Commonwealth points to an individual's

3

knowledge of "marketing the spread" or the supplying of free samples or possible knowledge of illegal activities.

9. Defendants shall produce documents and materials, including contracts, communications, meetings and exchanges of information between or among Defendant corporations concerning pricing practices or any practices that may relate to the averments of conspiracy in the Corrected Amended Complaint. In order to mitigate burden and conduct this discovery in a manner most likely to yield probative results, the discovery shall be performed in tranches, with narrow areas most likely to yield responsive results. In accordance with this policy, a search for Board minutes, Board Committee minutes and other written documents shall proceed first and shall be analyzed by the Commonwealth before further discovery pursuant to this paragraph may proceed.

10. The Commonwealth and the Defendants' ESI experts shall meet and confer in order to design search terms that will provide maximally effective and accurate retrieval of relevant information and decrease the occurrence of false positives.

11. Compliance with this order shall be achieved within 45 days.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge

Certified from the Record

DEC 2 2 2009

and Order Exit