UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| TRACK TWO SETTLEMENT | Judge Patti B. Saris |

**CLASS COUNSEL'S EMERGENCY MOTION TO STRIKE THE
DECLARATION OF MICHAEL J. LORUSSO, ESQ. IN SUPPORT OF
<u>OPPOSITION TO TRACK TWO SETTLEMENT</u>**

Accompanying Don Haviland's "Certain Named Plaintiffs' Objections to Plaintiffs' Supplemental Submission in Support of Rebalanced Track Two Settlement" (Dkt. No. 7728, the "Haviland Response") is the Declaration of Michael J. Lorusso, Esq., in Support of Opposition to Track Two Settlement (Dkt. No. 7729, the "Lorusso Declaration"), which purports to calculate "damages" for various Track Two drugs.  As detailed in Plaintiffs' Response to Certain Named Plaintiffs' Objections to Plaintiffs' Supplemental Submission in Support of a Rebalanced Track Two Settlement ("Plaintiffs' Response) at pages 2-6, the Lorusso Declaration should be stricken.

Fed. R. Evid. 702 allows expert testimony in the nature of "scientific, technical or other specialized knowledge" through a witness qualified by "knowledge, skill, experience or training.…"  Mr. Lorusso, an associate attorney in Haviland's law firm, possesses neither the required "scientific, technical or other specialized knowledge," and is not qualified by "knowledge, skill, experience or training" to submit any evidentiary conclusions based on the Track Two Drugs at issue and the calculation of spreads and damages.

Fed. R. Evid. 702 also provides that an expert can testify if the testimony is (1) based upon sufficient facts or data, (2) is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to this case.  As demonstrated in Plaintiffs' Response at pages 2-6, which are incorporated herein by this reference so that the Court is not burdened with additional paper, none of the Lorusso gymnastics even remotely come close to meeting these requirements.  His purported "damage" calculations contained in Exhibits A through D of the Lorusso Declaration and the conclusions drawn therefrom in the body of the Lorusso Declaration are speculative and based on unreliable methods incorrectly applied to this case.  Indeed, those calculations produce completely fictitious "damage" numbers.

Haviland should not be permitted to lard and confuse the record with the Lorusso Declaration, hoping that the First Circuit will be misled by it on appeal, if this Settlement receives final approval. This material should be promptly stricken.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order striking the Lorusso Declaration and award all other relief that this Court deems just and appropriate.

DATED: August 5, 2011

By     /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K St. NW, Suite 300
Washington, D.C.  20006
Telephone:  (202) 355-6435
Facsimile:  (202) 355-6455

Jeffrey Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

- 3 -

      Kenneth A. Wexler
      Wexler Wallace LLP
      55 W. Monroe Street, Suite 3300
      Chicago, IL  60603
      Telephone: (312) 346-2222
      Facsimile: (312) 346-0022

      Marc H. Edelson
      Hoffman & Edelson LLC
      45 West Court Street
      Doylestown, PA  18901
      Telephone: (215) 230-8043
      Facsimile: (215) 230-8735
      Co-Lead Counsel

- 4 -

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on August 5, 2011, I caused copies of **CLASS COUNSEL'S EMERGENCY MOTION TO QUASH DON HAVILAND'S UNAUTHORIZED NOTICES TO ATTEND AUGUST 8, 2011 CONTINUED TRACK TWO FAIRNESS HEARING AND MOTION FOR SANCTIONS AGAINST HAVILAND** to be served on all counsel of record.

                                                    /s/ Steve W. Berman
                                                  Steve W. Berman

- 4 -