UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| TRACK TWO SETTLEMENT | Judge Patti B. Saris |

**CLASS COUNSEL'S BRIEF IN OPPOSITION TO THE
MOTION OF HAVILAND'S CLIENTS TO INTERVENE**

Haviland's clients have been objecting to this Settlement since March 2009.  Since their first objection they have claimed, in some form or another, that the Settlement was inadequate for consumers.  However, despite their long-standing involvement in attempting to derail this Settlement, and despite the fact that they have been complaining about the number of drugs involved in the Settlement throughout this time period, they waited until less than one business day before this Court's continued Fairness Hearing to move to intervene.  For this reason alone, the Motion should be denied.

In addition, the Motion should be denied because they have no interest that will not be protected if intervention is denied.  As both Class Counsel and the Track Two Defendants have fully explained in recent filings (Dkt Nos. 7696 and 7697), no new drugs were added at the time of settlement.  All of the drugs that are sought to be released in this Settlement were part of this litigation and subject to discovery.  There is simply no independent group of persons whose interests Haviland's clients would protect.  Instead, Haviland's Motion is a thinly-disguised stunt to have his disqualification lifted and have himself appointed as "consumer Class Counsel," a request that this Court has repeatedly denied.

Moreover, Haviland's Motion should be denied because it would unduly prejudice the settling parties and all *three* Classes that stand to substantially and meaningfully benefit from this Settlement.  To put it plainly, there is no reason whatsoever to allow Haviland to wreak further havoc on this Settlement in the bottom of the Ninth Inning.  Haviland has fully articulated the basis of his objections, and this Court has and will fully consider them regardless of whether his clients are allowed to intervene.

In support of his Motion, Haviland relies substantially on the First Circuit's decision in *City P'ship Co. v. Atlantic Acq. Ltd P'ship*, 100 F.3d 1041 (1st Cir. 1996).  However, *City*

*Partnership* does not support his arguments.  That case, a class action challenging the adequacy of a tender offer, lasted just over a year and involved very limited discovery that was shared with intervenors who were involved in the case from the beginning.  It does not support allowing Haviland's clients, who have been objecting to this Settlement since 2009, to intervene on the eve of final approval of this Settlement.  Haviland's Motion should be denied.

## I.     BACKGROUND

Haviland's clients have been involved in some fashion in this litigation since October 17, 2005, when they were added to this case in the Third Amended Class Action Complaint.  *See* Dkt. No. 1781.  Two years later, and after turning spoiler, Haviland began championing himself, at the behest of the individuals who seek to intervene here, as a representative of consumers (even though he purports to represent TPPs in other drug pricing litigation).  *See* Motion for Amendment of CMO No. 1 (Dkt No. 4224), ¶ 7 ("In light of its direct representation of the named representative plaintiffs for the certified Subclasses of Class 1 and its demonstrated record of protecting the rights of consumer plaintiffs in the Court, the Haviland Law Firm LLC should be substituted as Co-Chair of Lead Counsel . . . in order to allow the firm to continue to protect the rights of its consumer clients and the certified Classes of Class 1.") (filed May 21, 2007).

Indeed, several months later, in connection with the Track Two part of the case, Haviland filed a motion under Fed. R. Civ. P. 23(g) seeking to be appointed as Class Counsel "for the consumer Sub-Classes in the Track 2 cases,"[1] and, in support of that motion, submitted declarations from many of the individuals who move to intervene in this Settlement which stated

---

[1] *See* Memorandum in Supp. of the Haviland Law Firm, LLC's Motion for Appointment as Class Counsel For the Track 2 Consumer Sub-Classes Pursuant to Fed. R. Civ. Proc. 23(g), Dkt No. 4658 (filed August 24, 2007).

that "if Mr. Haviland and his firm cannot serve as Class Counsel, I would like to withdraw as a class representative." *See* Dkt Nos. 4647 (M. Joyce Howe); 4648 (Larry Young); 4649 (David Aaronson); 4650 (Harold Carter); 4652 (Roger Clark); and 4653 (Harold Bean).  This Court has held that it deemed the filing of those Declarations as withdrawals from this litigation.  *See* Tr. of Mar. 28, 2011 BMS Fairness Hearing, at 41-2.[2]

In addition, two of the individuals on whose behalf the Motion to Intervene is purportedly filed, Mary Wright (for James Shepley) and Larry Young, already withdrew as plaintiffs for the J&J case, purportedly because they had tired of this litigation.  *See* Dkt Nos. 7013 (Notice of Voluntary Dismissal); 7064 ¶ 7.  One of the specific reasons Haviland gave that these plaintiffs wanted to withdraw was that they were angry that Class Counsel has replaced them with other consumer class representatives for this Settlement.  Dkt. No. 7100 ¶ 4 ("Further, Class Counsel abandoned Withdrawing Plaintiffs as representative plaintiffs of the Track 2 nationwide class of Class 1 Medicare beneficiaries, choosing instead to proffer Ms. Murial [*sic*] Tonacchio in their stead.").  Thus, the individuals who seek to intervene have already made clear in multiple contexts that they only seek to be involved in this litigation when it will benefit Haviland.

In furtherance of that goal, since ***March 2009***, Haviland has, on behalf of the same consumers who seek to intervene here,[3] objected to this Settlement on the grounds that it purportedly over-compensates TPPs at the expense of consumers.  On May 24 of this year,

---

[2] Ultimately, of course, Haviland was disqualified as Class Counsel entirely.  *See* Dkt No. 4972 (January 3, 2008).

[3] Haviland's original objection was filed on behalf of Rev. David Aaronson, individually and on behalf of the Estate of Susan Ruth Aaronson, M. Joyce Howe, individually and on behalf of the Estate of Robert Howe, Larry Young, individually and on behalf of the Estate of Patricia Young, Therese Shepley, individually and on behalf of the estate of James Shepley, Harold Carter, Roger Clark, on behalf of the Estate of David Clark, Ethel Watlers, individually and on behalf of the State of Hunter Walters, Katie Bean, individually and on behalf of the Estate of Harold Bean, James Monk, Virginia Newell, individually and on behalf of the Estate of William Newell, Oral Roots, Rebecca Hopkins and George Baker Thomson.  Dkt No. 5953 at 1.

Haviland filed yet another brief opposing this Settlement, which claimed, in part, that the Settlement was inadequate because "the scope of the release, the addition of new drugs and the inclusion of Sanofi & Searle . . . ."  Dkt No. 7556 ¶ 23.  On July 5, after admitting to the Court at the June 13 hearing that the sole purpose of Haviland's objections to this Settlement was to ensure that there be no Settlement at all,[4] Haviland filed another brief, again complaining about the scope of drugs.  Dkt No. 7652.[5]

One month passed.  Then, in his Motion for Leave to Intervene ("Motion"), Haviland claims that these same clients have suddenly discovered that they have an interest to protect vis-à-vis this Settlement that can only be protected if they are permitted to intervene.  Dkt No. 7734.

## II.      ARGUMENT

Rule 24 strictly limits the bases for third-party intervention, and none apply here.  *See B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc*., 440 F.3d 541, 544 (1st Cir. 2006) (noting that even under the rule for permissive intervention the district court's discretion is limited by the explicit criteria set forth in Rule 24).

### A.      Haviland's Clients Have No Right to Intervene Under Rule 24(a)

Rule 24(a) of the Federal Rules of Civil Procedure requires a (i) timely application, (ii) by an intervener with a "direct and substantial interest in the subject matter of the litigation", (iii) whose ability to protect that interest would be "impair[ed] or impede[d]" by a disposition in the litigation, and (iv) whose "interest must be inadequately represented by existing parties" before the Court may allow intervention by right pursuant to Rule 24(a).  *In re Sonus Networks Inc. Sec. Litig.*, 229 F.R.D. 339, 344 (D. Mass. 2005) (denying motion to intervene by a substitute class

---

[4] June 13, 2011 Hearing Tr., at 45.

[5] Haviland did not appear at the July 7 Fairness Hearing to discuss these issues with the Court.

representative who moved after a court-ordered deadline to do so).  The Court must deny

Haviland's Motion if his clients fail to meet ***any*** of these criteria.  *Id*. at 347.

> **1.     Haviland's motion is untimely, and grossly so.**

The fundamental requirement of Rule 24(a) is that the motion be timely.  "[T]he purpose

of the basic requirement that the application to intervene be timely is to prevent last minute

disruption of painstaking work by the parties and the court."  *Banco Popular de Puerto Rico v.*

*Greenblatt*, 964 F.2d 1227, 1232 (1st Cir. 1992) (citations omitted).  For this reason, "unjustified

delay for a relatively short period of time can support denial of intervention where the prejudice

to the other litigants would be significant."  *Puerto Rico Tel. Co. v. Sistema de Retiro de Los*

*Empleados Del Gobierno y la Judicatura*, 637 F.3d 10, 15 (1st Cir. 2011).

In this regard, as Haviland acknowledges (Memo. at 8), the factors that this Court should

weigh in determining whether the Motion is timely are:

> (i) the length of time the prospective interveners knew or reasonably should have
> known of their interest before they petitioned to intervene; (ii) the prejudice to
> existing parties due to the intervener's failure to petition for intervention
> promptly; (iii) the prejudice the prospective interveners would suffer if not
> allowed to intervene; and (iv) the existence of unusual circumstances militating
> for or against intervention.

*In re Sonus Networks,* 229 F.R.D. at 345.  Applying these factors, the motion of Haviland's

clients is untimely in every regard.

> **a.     Haviland's clients waited over two years before seeking to intervene.**

As set forth above, Haviland's clients have been involved in this litigation since 2005,

when they were added to the Third Amended Class Action Complaint.  They filed their first

objection to this Settlement in March 2009 and have submitted additional briefs in opposition to

this Settlement throughout 2011.  Given these facts, it is at least disingenuous and at most a

deliberate falsehood for Haviland to claim that his clients did not know – or reasonably could not

have known – of their interest before filing the Motion.  Instead, Haviland has waited until the last possible moment, when his clients' proposed intervention can do the greatest possible harm to the Class, to file his Motion.

> **b.     The settling parties and members of the Class will be unduly prejudiced if Haviland's clients are permitted to intervene.**

The settling parties and the proposed beneficiaries of this Settlement will be unduly prejudiced if Haviland's clients are permitted to intervene.  This Court has been presiding over this Settlement since 2009 and has done detailed and painstaking work in analyzing its fairness and adequacy.  Haviland has been actively involved in these proceedings.  It would be grossly prejudicial to allow Haviland to benefit from his deliberate delay and permit his clients to intervene now.

Haviland claims, without any support whatsoever, that any claimed prejudice is irrelevant because "[i]f the Track 2 Settlement is unfair, then it does not matter how much work has been put into the process or how much time it has taken."  Memo. at 9.  However, Haviland fails to explain – because he cannot – how this Court will be unable to evaluate the fairness of the Settlement, including Haviland's objections to it, absent intervention.

> **c.     Haviland's clients will not be prejudiced if they are not permitted to intervene.**

Because this Court has and will continue to fully consider Haviland's arguments, his clients will not be prejudiced if they are not permitted to intervene at this late stage.  This Court has already comprehensively heard Haviland's objections to the Settlement and will rule on those accordingly.  Intervention is not necessary.

Haviland claims that his clients will be prejudiced by being "subject to the terms of a settlement agreement" that gives them purportedly inadequate consideration for the so-called "Newly Added Drugs."  Memo. at 9.  However, even if this were true – which it is not – if this

Court grants final approval of the Settlement Haviland's clients will be bound by its terms regardless of whether they intervene.

### d.    The circumstances of this litigation do not militate in favor of intervention.

The circumstances of this litigation do not militate in favor of intervention.  Allowing Haviland's clients to intervene will not only delay the resolution of this Settlement and the concomitant distribution of Settlement funds to Class members, but it may destroy this Settlement entirely.  As set forth above, purportedly speaking on behalf of the clients who seek to intervene here, Haviland has made no secret of his intention to ensure that **no** Track Two settlement is approved and that **no** Track Two class is ever certified.

Haviland claims the special circumstances that militate in favor of intervention are that consumer representation throughout the litigation of this class action has been inadequate.  As an initial matter, Haviland's contention that Class Counsel have inadequately represented consumers has never been accepted by this Court.  Instead, this Court have repeatedly found Class Counsel to be adequate representatives of all the Classes they represent.  But even if Haviland' contention were true, since Haviland has been disqualified as Class Counsel altogether, he cannot contend that **he** would be a better advocate for consumers.

### e.    Haviland's other arguments fail.

Haviland claims that the Motion is timely because it only became clear to his clients during the July 7, 2011 hearing that "Class Counsel intend to simply forge ahead and ignore the obvious deficiencies [with the Settlement because of the 85 Newly Added Drugs]."  Memo. at 8.  Haviland's argument is baseless.  Haviland has been claiming that the consumer portion of this Settlement was inadequate for over two years, and Class Counsel have opposed that contention

with equal if not greater vigor during that time.  Haviland cannot credibly claim that he realized, out the blue on July 7, that Class Counsel would not adopt his arguments.

Haviland also claims that the Motion is timely because his negotiations with Class Counsel – which purportedly involved adding his clients – recently fell through.[6]  But, again, he and his clients have been on notice for over two years that they did not like the Settlement. Further, Haviland and his clients have had years to move to intervene, and they simply declined to do so.

> **2.      Haviland's clients have no interest that will not be protected if intervention is denied.**

Additionally, a party may intervene as a matter of right if it "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." FED. R. CIV. P. 24(a)(2).  Because this Court has already been generously inclusive in hearing Haviland's arguments regarding this Settlement, Haviland's clients have no interest that will not be protected if intervention is denied.

Haviland argues that his clients' interests are not currently adequately protected because the current representatives for this Settlement "are various health and welfare fund third party payors and other organizational entities" that cannot adequately represent the interests of consumers.  Memo. at 4.  This ignores that this Court long ago added Muriel Tonacchio as a plaintiff,[7] and recently added Agnes Swayze, Mariella Laday and Thomas Trusky as well.  As the Court stated at the July 7, 2011 hearing:  "We have gone through the documents that we

---

[6] Again, Haviland should not have disclosed confidential settlement communications.

[7] *See* Dkt No. 5409 (granted by electronic order on July 21, 2008).

have, and I believe that there's not only standing but that they can serve as class representatives."
July 7, 2011 Hearing Tr. at 44.

Haviland also contends that even if the current consumer class representatives are considered, they "cannot adequately represent the interest of the consumer class with respect to the 85 Newly-Added Drugs." Both Class Counsel and the Track Two Defendants have already fully explained that there are no "newly-added drugs." All the drugs released in this Settlement were part of this litigation and subject to discovery. *See* Plaintiffs' Supplemental Submission in Support of a Rebalanced Track Two Settlement, Dkt No. 7687, at 5; Track Two Defendants' Memorandum in Support of the Track Two Class Action Settlement, Dkt No. 7696, at 14-16. Haviland's attempt to create a so-called "subclass" of consumers with interests independent of the Class as a whole should be seen for what it is: yet another attempt to be appointed as consumer Class Counsel and to use his clients to further his own ends.[8]

### 3.   *City Partnership* does not support intervention

Haviland relies heavily on the First Circuit's decision in *City P'ship Co. v. Atlantic Acq. Ltd P'ship*, 100 F.3d 1041 (1st Cir. 1996). However, that case provides no support for the relief sought by Haviland's clients here. In *City Partnership*, a general partner in twenty-one limited partnerships made nearly identical tender offers to limited partners in each of the partnerships. *Id.* at 1042. One limited partner brought a class action on behalf of all limited partners alleging that the general partner had made material misrepresentations in the disclosure statement that accompanied the tender offer. *Id.*

---

[8] After complaining about being denied Due Process for the lack of pages he was given to devote to his objections, Haviland goes on for 2 of his 20 pages (Memo. at 14-16) about how his "experience" in the *Lupron* litigation "protecting" the interests of consumers has guided his actions here. Class Counsel agree with Haviland that the experience in *Lupron* provides guidance on what Haviland is up to here. *See In re Lupron Mktg & Sales Practices Litig.*, 228 F.R.D. 75, 83 (D. Mass. 2005) ("Having found the 'Dear Client' letter to contain a number of deliberate misrepresentations and falsehoods. . .").

Because the duration of the tender offer was limited and there was a possibility that the financing accompanying the offer would expire, the plaintiffs obtained expedited discovery and immediately began, together with the intervenors, negotiating a settlement with the general partner.  *Id.*[9]

*City Partnership* provides no model for allowing Haviland's clients to intervene here because, in contrast to Haviland's clients who are seeking to intervene at the very end of a two-year approval process, the progress of settlement approval in the *City Partnership* case from beginning to end took less than six months and the intervenors in that case sought to participate in the process from the very beginning.  *See* Ex. A.[10]

**B.     Haviland's Clients Are Not Entitled to Permissive Intervention**

Rule 24(b) of the Federal Rules of Civil Procedure permits intervention if a proposed intervenor has "a claim or defense that shares with the main action a common question of law or fact."  This Court has the discretion to deny intervention, and it ought to do so here.  *In re Sonus,* 229 F.R.D. at 345.  The Court should consider three other factors in determining that Haviland's clients should not be allowed to intervene permissively:

> (1) [whether] "the applicant's claim or defense and the main action have a question of law or fact in common;" (2) [whether] the applicant's interests are not adequately represented by an existing party; and (3) [whether] intervention would not result in undue delay or prejudice to the original parties.

*Massachusetts Food Ass'n v. Sullivan*, 184 F.R.D. 217, 224 (D. Mass 1999) (citations omitted).

---

[9] Indeed, as reflected in the case docket, attached hereto as Exhibit A, the plaintiffs sought that discovery *the day the Complaint was filed.*

[10] Nor does *City Partnership* support (even assuming they had moved for leave to obtain it, which they have not), as Haviland implies throughout his Motion, giving Haviland's clients access to any settlement-related discovery.

     **1.**     **Allowing Haviland's clients to intervene would unduly delay this Settlement and unduly prejudice the settling parties.**

Allowing Haviland's clients to intervene at the very end of the final approval process for this Settlement would unduly delay the Settlement and therefore prejudice the Settlement Classes and the settling parties.  It is within the Court's discretion to deny permissive intervention to avoid "open[ing] the floodgates to innumerable others" at the fairness hearing.  *United States v. Metropolitan Dist. Comm'n*, 147 F.R.D. 1, 6 (D. Mass. 1993) (denying permissive intervention by MASPC because "allow[ing] MASPC to intervene would open the floodgates to innumerable others with the potential for drowning the whole project in a sea of litigation").  There are already three other tag-along objectors to this Settlement.  Allowing Haviland's clients to intervene would open such a floodgate.  The Court should not permit it here.[11]

     **2.**     **The interests of Haviland's clients are adequately represented by Class Counsel.**

Moreover, as set forth more fully above, Haviland's clients are adequately represented by Class Counsel.  Haviland's clients represent no interest independent from the Class.

     **3.**     **The claims of Haviland's clients do not share questions of law or fact with the Class as a whole.**

Here, Haviland's clients challenge the adequacy of the Settlement to themselves.  This is not a common question with regard to the question before the Court, which is whether the Settlement is unfair to the settlement class itself.  *See* Fed. R. Civ. P. 23(e)(2) ("If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable and adequate.").

---

[11] Thus the circumstances here are in direct contrast to the case Haviland cites, *One Beacon Ins. Co. v. Electrolux*, 223 F.R.D. 21, 24 (D. Mass. 2004), where the court concluded that the motion to intervene was timely because the litigation was "in a nascent stage" and the motion was filed after the proposed intervenors received actual notice of the litigation when they received deposition subpoenas.

WHEREFORE Class Counsel respectfully request that this Court DENY the Motion to Intervene filed by Haviland's clients, and all other relief that this Court deems just and appropriate.

DATED:  August 5, 2011

By    /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K St. NW, Suite 300
Washington, D.C.  20006
Telephone:  (202) 355-6435
Facsimile:  (202) 355-6455

Jeffrey Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735
Co-Lead Counsel

## <u>CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE</u>

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on August 5, 2011, I caused copies of **CLASS COUNSEL'S BRIEF IN OPPOSITION TO THE MOTION OF HAVILAND'S CLIENTS TO INTERVENE** to be served on all counsel of record.

_____/s/ Steve W. Berman_____
Steve W. Berman