UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>TRACK TWO SETTLEMENT | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' MOTION TO STRIKE PAGE 1 OF
<u>EXHIBIT 4 OFFERED BY DON HAVILAND DURING AUGUST 8, 2011 HEARING</u>**

At the August 8, 2011 fairness hearing relating to the Track Two Settlement, Don Haviland proffered the attached exhibit, which was marked as "Exhibit 4" after the conclusion of the hearing.  Plaintiffs move to strike the first page of Exhibit 4.  Like the tables attached to the Lorusso Declaration, which Plaintiffs have also moved to strike (*see* Dkt. No. 7736), the material appearing in the first page of Exhibit 4 is not the result of the work of a qualified expert and is otherwise unreliable and misleading.

The table on the first page of Exhibit 4 purports to calculate an average "spread" in column 6 for each drug referenced.  ***No expert calculated these so-called "spreads."***  Fed. R. Evid. 702 allows expert testimony in the nature of "scientific, technical or other specialized knowledge" through a witness qualified by "knowledge, skill, experience or training.…"  Haviland has not offered any expert with the required "scientific, technical or other specialized knowledge" to substantiate the purported "spreads."  This is reason alone to strike the table from Exhibit 4.

Fed. R. Evid. 702 also provides that an expert can testify if the testimony is (1) based upon sufficient facts or data, (2) is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to this case.  The table in Exhibit 4 also fails to satisfy these criteria.  The purported "spreads" are not supported by any reliable evidence or methods.  For the drugs Depo provera, Adriamycin, Adrucil, Amphocin, Bleomycin sulfate, Neosar and Vincasar, the only spread "evidence" presented is a contract ***proposal*** for a ***single month in 1997*** with a ***single*** provider group (AOR).[1]  This hardly constitutes a spread calculation for all sales for each year in the class period for which the drugs were offered.

---

[1] Column 7 of the table purports to cite to attached "evidence" supporting the spread calculation.

- 1 -

001534-16  467877 V1

The evidentiary "sources" for the Eligard and Trelstar "spreads" are not attached, and column 7 merely states "Lupron settlement." But no spreads for these drugs were calculated in the Lupron settlement; only Lupron spreads were calculated there. Further, the information for "estimated total claims" in column 4 of the table is incorrect for Eligard, as that number, which appears to be taken from Exhibit 4 of the Coggeshall Declaration, includes claims for Lupron since the two drugs shared a J-Code.

The purported "spreads" for Accuneb, Albuterol sulfate and Ipratropium are likewise fictitious. They are presumably based on the document attached at W-5. No evidentiary foundation has been laid for the document, and we cannot assess the reliability of the information contained in it. And the "spreads" in the table for the three drugs just assumes that the spreads for Albuterol sulfate are the same as the spreads for Accuneb and Ipratroprium – a leap that is unsupported by any evidence, let alone expert testimony. Further, the "estimated total claims" information for Accuneb and Albuterol sulfate are inaccurate since they share common J-Codes.

The purported "spread" information for Gammagard, Gamimune, Koate and Kogenate is also inaccurate and meaningless. First, as Dr. Hartman has established, these drugs are "multi-brand" biologics and are reimbursed according to a median analysis that is similar to multi-source drugs. Hartman Decl., ¶ 48. Thus, a simple look at the difference between AWP and selling price for any of these drugs reveals nothing. Second, Gammagard and Gamimune share common J-Codes. And third, the documents cited are all from a single year – 1997. So, even if the median analysis did not apply (and it does), there is no rational basis to simply assume that a spread in 1997 will apply across all years.

- 2 -

In sum, Haviland should not be able to contaminate the record with "junk" spread calculations that are not the product of a qualified expert's work and are otherwise completely unreliable. The first page to Exhibit 4 should be stricken.

DATED: August 10, 2011

By  /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K St. NW, Suite 300
Washington, D.C.  20006
Telephone:  (202) 355-6435
Facsimile:  (202) 355-6455

Jeffrey Kodroff
John A. Macoretta
Spector, Roseman, Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

- 3 -

- 4 -

    Kenneth A. Wexler
    Wexler Wallace LLP
    55 W. Monroe Street, Suite 3300
    Chicago, IL  60603
    Telephone: (312) 346-2222
    Facsimile: (312) 346-0022

    Marc H. Edelson
    Hoffman & Edelson LLC
    45 West Court Street
    Doylestown, PA  18901
    Telephone: (215) 230-8043
    Facsimile: (215) 230-8735
    Co-Lead Counsel

- 5 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on August 10, 2011, I caused copies of **PLAINTIFFS' MOTION TO STRIKE PAGE 1 OF EXHIBIT 4 OFFERED BY DON HAVILAND DURING AUGUST 8, 2011 HEARING** to be served on all counsel of record.

                                  /s/ Steve W. Berman
                                  Steve W. Berman

- 5 -