UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris |

**RESPONSE TO CLASS COUNSEL'S EMERGENCY MOTION TO STRIKE THE DECLARATION OF MICHAEL J. LORUSSO, ESQ., IN SUPPORT OF OPPOSITION TO TRACK TWO SETTLEMENT**

Class Counsel seek to have the Declaration of Michael J. Lorusso, Esq. ("Lorusso Declaration") stricken pursuant to Fed.R.Evid. 702. As the Court pointed out at the latest Fairness Hearing on the proposed Track 2 settlement held August 8, 2011, the Lorusso Declaration hardly rises to the level of "expert opinion" by simply having an attorney apply the numbers and formula *provided by Class Counsel's experts* and report such mathematical calculations to the Court. The math is not complicated but it is extensive. Consequently, the Lorusso Declaration and exhibits thereto should be accepted as summaries of voluminous evidence submitted by Class Counsel, not as purported "expert opinions", as charged. *See* Fed.R. Evid.1006; *see also U.S. v. McElroy*, 587 F.3d 73 (1st Cir., 2009).

As explained at the Fairness Hearing, the Lorusso Declaration simply applies the information provided by Dr. Hartman, Dkt. No. 7699, to the claims data provided by Mr. Coggeshall, Dkt. No. 7698. As such, both the Declaration and the charts attached thereto, were produced for the Court's benefit pursuant to Rule 1006 of the Federal Rules of Evidence and provide assistance to the Court concerning basic, but extensive, calculations. As described in the Lorusso Declaration, the charts seek to show the product of the Estimated Total Recognized Loss

1

for each drug (as reported by Coggeshall) and, where possible, the overcharge ratio for that drug (as reported by Hartman)[1]. Because Dr. Hartman was asked by Class Counsel to calculate only overcharge ratios for certain drugs[2], *see* Hartman at ¶33, there were some drugs for which Dr. Hartman did not provide a specific overcharge ratio. Therefore, given the dearth of information, a reasonable proxy of the overcharge ratio for those drugs was used.[3] *See* Lorusso Declaration at ¶¶3(a)-(c). Of course, the Declaration explains all such instances, and the Court is free to accept or reject the calculations in its discretion.

Class Counsel's efforts to refute the calculations made in the Lorusso Declaration and accompanying charts also may be weighed in the discretion of the Court. They do not provide cause to strike the effort by Objectors' counsel to assist the Court in evaluating Dr. Hartman's report, which Class Counsel admit does not include relevant information. Had Dr. Hartman appeared and testified at the Fairness hearing on August 8, perhaps the Lorusso Declaration would have been unnecessary because the calculations set out in the Lorusso Declaration could

---

[1] As Dr. Hartman stated:

> In general terms, an overcharge ratio can be thought of as the percentage of the dollars that were actually paid that would not have been paid but for the challenged conduct. For example, if a Class member paid $100 for a drug, and if the overcharge ratio for that drug is 45%, then the Class member has suffered $45 in overcharges. Hence, such overcharge ratios can be applied to actual paid amounts in the CMS data to estimate overcharges for relevant Class members

Hartman at 6.

[2] The Court now knows that, for at least 9 of the branded drugs currently classified as Group B, Class Counsel did not ask Dr. Hartman to analyze the spreads.

[3] For example, 12% was used for Dexamethasone sodium because Dr. Hartman listed 12% as the total for Fujisawa drugs. Unless Class Counsel are questioning the per-manufacturer totals as reported by Dr. Hartman, there is nothing "purported" about using 12% as the average overcharge for those Fujisawa drugs Class Counsel asked Dr. Hartman to analyze. *See* Declaration at ¶6. Instead, it is in the Court's discretion to decide whether to accept or reject the manufacturer averages as a reasonable proxy for the missing spreads.

have been done with Class Counsel's expert via cross examination. In the absence of such appearance, and assistance to the Court, it is respectfully submitted that the Lorusso Declaration should be accepted by the Court as a summary of voluminous evidence, and accorded the weight the Court deems appropriate in its discretion.

For the foregoing reasons, we respectfully request that this Court deny Class Counsel's Motion to Strike the Lorusso Declaration pursuant to Fed.R.Evid. 702.

Dated: August 15, 2011                    Respectfully submitted,

/s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr., Esquire
Robert G. Hughes, Esquire
Michael J. Lorusso, Esquire
**HAVILAND HUGHES, L.L.C.**
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106
Telephone: (215) 609-4661
Facsimile:  (215) 392-4400

*Counsel for Certain Named Plaintiffs, Rev. David Aaronson, Katie Bean (for Harold Bean), Jimmie May Carter (for Harold Carter), Roger Clark, Rebecca Hopkins, Joyce Howe, Pat Drewett (for James Monk), Virginia Newell, Oral Roots, Mary Wright (for James Shepley), Beverly Thomson Shaw, Esq. (for George Baker Thomson), Ethel Walters, and Larry Young*

## **CERTIFICATE OF SERVICE**

I, Donald E. Haviland, Jr., hereby certify that on August 15, 2011 the foregoing Response to Class Counsel's Emergency Motion to Strike the Declaration of Michael J. Lorusso, Esq., in Support of Opposition to Track Two Settlement was filed via CM/ECF and all counsel of record were served via ECF notification.

/s/ Donald E. Haviland, Jr.  
Donald E. Haviland, Jr.