# Exhibit B

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA
by THOMAS W. CORBETT, JR. in his capacity as
Attorney General of the Commonwealth of
Pennsylvania,

    PLAINTIFF,

  v.

TAP PHARMACEUTICAL PRODUCTS, INC., ET AL.,

    DEFENDANTS.

No.:  212 M.D. 2004

## FINAL SETTLEMENT AGREEMENT AND RELEASE

### PARTIES

This Final Settlement Agreement and Release ("Agreement") is entered into between the Commonwealth of Pennsylvania (the "Commonwealth"), by William H. Ryan, Jr., Acting Attorney General of the Commonwealth, on behalf of itself and each of the Commonwealth Programs (as defined herein), including without limitation the Pennsylvania Medicaid Program ("Pennsylvania Medicaid"), the Pharmaceutical Assistance Contract for the Elderly Program ("PACE") and the Pennsylvania Employees Benefit Trust Fund ("PEBTF"; together with Pennsylvania Medicaid and PACE collectively referred to as the "Pennsylvania Programs") (collectively, the "Commonwealth"), and the defendants, Aventis Pharmaceuticals Inc., Aventis Behring L.L.C., Centeon, L.L.C, Armour Pharmaceuticals, and Hoescht Marion Roussel, Inc. ("the Aventis Defendants"), (hereinafter collectively referred to as "the Parties").

### PREAMBLE

A.  On or about March 10, 2004, the Commonwealth initiated a lawsuit against the Aventis Defendants and against other pharmaceutical company defendants, in the Commonwealth Court of Pennsylvania, captioned *Commonwealth of Pennsylvania v. TAP*

*Pharmaceutical Products, Inc., et. al.,* No. 212 M.D. 2004 (hereinafter referred to as the "Lawsuit"). On or about March 10, 2005, the Commonwealth filed a Corrected Amended Civil Action Complaint in the Lawsuit (hereinafter referred to as the "Amended Complaint"), which named the Aventis Defendants and other pharmaceutical companies as Defendants.

B.     Sanofi-aventis U.S., LLC and sanofi-aventis U.S., Inc. are the successors to Aventis Pharmaceuticals Inc. and its predecessors. CSL Behring LLC is the successor to Aventis Behring and its predecessors. Together with the Aventis Defendants, these entities herein are referred to as "Aventis".

C.     The Amended Complaint makes certain allegations and claims concerning pharmaceutical prices for the Aventis Defendants' products, including that the Aventis Defendants caused certain published "Average Wholesale Prices" ("AWPs"), Wholesale Acquisition Costs ("WACs"), Direct Prices ("DPs") and other published or actual prices for certain of the Aventis Defendants products, to be artificially or fraudulently inflated; and further that the Aventis Defendants engaged in other alleged conduct, including manipulating the "spread" between the acquisition cost and the reimbursement amount of its drugs to encourage doctors and other providers to prescribe, dispense and/or administer those drugs; marketing differences between the published prices and acquisition costs; providing free goods and drug product with the knowledge and/or expectation that dispensing prescribers would charge the Commonwealth and Pennsylvania consumers for such free goods and drug product; engaging in, sponsoring or providing other illegal, fraudulent, inaccurate and/or inappropriate marketing, promotions or inducements; engaging in efforts to fraudulently conceal and suppress its wrongful conduct; and conspiring with other defendants to engage in the foregoing alleged conduct and to block alternatives to AWP based reimbursement mechanisms. The Commonwealth claims that

- 2 -

the Aventis Defendants caused Pennsylvania Medicaid, as well as other state-funded and/or state administered medical assistance programs including PACE and PEBTF, to make excessive net reimbursements or otherwise pay inflated prices for the Aventis Defendants' products. The Commonwealth further claims that the Aventis Defendants caused persons in the Commonwealth of Pennsylvania who made co-payments (including Medicare Part B co-payments) for the Aventis Defendants' products based on published AWPs to pay excessive amounts for those products (the "Parens Patriae/Consumer Restitution and Penalty Claims").

D.      The Commonwealth seeks various forms of relief against the Aventis Defendants, including restitution, damages, injunctive relief, civil forfeiture, civil penalties, costs and/or attorneys' fees.

E.      The  drugs that are the subject of this Agreement are collectively referred to hereafter as the Covered Drugs, and include all drugs that Aventis manufactured, marketed, co-marketed, co-promoted, distributed or sold at any time prior to this Agreement's Effective Date (as defined in Paragraph 18, below).

F.      The Aventis Defendants' alleged conduct and transactions referenced in Paragraph C, above, are hereinafter referred to as the "Covered Conduct." The Covered Conduct is expressly limited to: (i) such conduct that occurred prior to this Agreement's Effective Date (as defined in Paragraph 18, below); (ii) conduct as alleged or as could have been alleged in the Amended Complaint and any preceding complaint in the Lawsuit as though such conduct had been alleged with respect to all of the Covered Drugs; and (iii) such conduct as alleged or as could have been alleged in any of the Commonwealth's responses to discovery, filings or representations in the Lawsuit as though such conduct had been alleged with respect to all of the Covered Drugs.

G.     Aventis denies the Commonwealth's claims and allegations as set forth in the

Amended Complaint in the Lawsuit, has asserted various defenses to the Commonwealth's

claims, and denies that it has any liability relating to such claims and allegations.

H.     To avoid the delay, expense, inconvenience and uncertainty of protracted

litigation of these disputed claims, the Parties mutually desire to reach a full and final settlement,

including a settlement and dismissal of the Lawsuit, as set forth in this Agreement.  The Parties

understand, acknowledge, and agree that they: (i) have each performed an independent

investigation of the allegations of fact and law made in connection with the Lawsuit and (ii) that

they each may hereafter discover facts in addition to, or different from, those that they now know

or believe to be true with respect to the subject matter of this Agreement.  Nevertheless, it is the

Parties' intention to resolve their disputes pursuant to the terms of this Agreement and, thus, in

furtherance of their intentions, the Agreement shall remain in full force and effect

notwithstanding the discovery of any additional facts or law, or changes in the law, and the

Agreement shall not be subject to rescission or modification by reason of any change or

difference in facts or law, subject to Paragraph 8 below.

I.     This Agreement does not constitute an admission of fault or liability by Aventis

or evidence of any liability or unlawful conduct on the part of Aventis, and the Commonwealth

will not urge or seek to admit this Agreement as evidence of any fault or liability of Aventis or

its predecessors, current and former parents, subsidiaries, affiliates, successors and assigns, and

its current and former directors, officers and employees in any investigation, administrative

proceeding, or federal or state court or arbitration proceeding.

J.     The Attorney General expressly represents and warrants that he has authority to

enter into this Agreement on behalf of the Commonwealth, in general, and on behalf of

Pennsylvania Medicaid, PACE and PEBTF, to compromise the claims against Aventis for the Covered Conduct (as defined in Paragraph F above).

    K.    The Commonwealth represents to Aventis that no interest in any claim herein released has been assigned by the Commonwealth to any third party.

    L.    The Commonwealth has concluded that this settlement is in the public interest.

## TERMS AND CONDITIONS

NOW THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants and obligations in this Agreement, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

    1.    The foregoing Preamble is incorporated herein and forms express terms of this Agreement.

**The Settlement Payment**

    2.    Within ten (10) business days after: (i) the Effective Date of this Agreement (as defined in Paragraph 18); or (ii) the provision of taxpayer identification information, a valid W-9 for Haviland Hughes LLC and corresponding wiring instructions, whichever is later, Aventis shall pay the Commonwealth $10,000,000 (ten million dollars), inclusive of attorneys' fees (the "Settlement Payment') pursuant to the wiring instructions provided.

    3.    Payment by Aventis of the Settlement Payment, together with the other consideration set forth in this Agreement, is intended to and does fully resolve all claims relating to the Covered Conduct as set forth above in Paragraphs C and F. The Settlement Payment includes full and final settlement of all claims that the Commonwealth has the right to pursue arising from or related to the Covered Conduct and all of plaintiffs' attorneys' fees and costs.

Under no circumstances shall the Settlement Payment (including attorneys' fees and costs) exceed the amount ($10,000,000) set forth above.

4.      The Parties acknowledge that the United States may be entitled to a portion of the Settlement Amount (the "Federal Share"), the determination and payment of which, if any, shall be handled separately by and between the Commonwealth and the United States.  In the event the United States is determined to be entitled to a portion of the Settlement Amount, it is expressly understood and agreed that the Commonwealth shall be solely responsible for any allocation of the Settlement Amount, including proper determination of the Federal Share of the Settlement Amount, and that the Federal Share of the Settlement Amount, if any, shall be paid by the Commonwealth from the Settlement Amount.  Aventis is not a party to any such obligation, agreement or allocation, and takes no position on any such obligation, agreement, or allocation.

5.      Within five (5) business days after the receipt of the Settlement Payment (as defined in Paragraph 2), the Commonwealth will file with the Court a request for an Order of dismissal of the Aventis Defendants from the Lawsuit with prejudice.  Pursuant to the terms of Appendix B ¶ 7 of the Contract for Legal Services dated November 5, 2003 between Kline & Specter and the Office of the Attorney General of the Commonwealth of Pennsylvania ("Contract for Legal Services"), the Commonwealth's attorneys also will file appropriate papers with the Court seeking a determination of their fees and costs.  Pursuant to that same provision, Aventis agrees that the Commonwealth's attorneys may seek their lodestar fees incurred out of the proceeds of the settlement with Aventis.  Aventis takes no position with respect to, and therefore does not oppose, the Commonwealth counsel's request for fees, provided that the Settlement Payment by Aventis will in no case exceed $10,000,000.  In accordance with the Contract for Legal Services, "the Court's determination shall be conclusive of the amount of

fees, costs and expenses" payable to the plaintiff's attorneys. Notwithstanding the Court's

determination of attorneys' fees, costs, and expenses, in no case will Aventis be required to pay

more than the Settlement Payment ($10,000,000) set forth above in Paragraph 2. Further, the

Parties agree that Aventis is not a party to any proceedings, negotiations, or discussions

concerning the determination of attorneys' fees and costs. The terms of this Agreement,

including the releases and covenants set forth in Paragraphs 6, 7, and 11, and the dismissal of the

Lawsuit with prejudice as to Aventis required by this paragraph, shall take effect upon the

Effective Date of this Agreement (as defined in paragraph 18, below) notwithstanding the

Court's determination of plaintiff's counsels' fees and costs.

**The Commonwealth's Release of the Aventis Defendants**

6.     Subject to Aventis paying all sums required by Paragraph 2 of this Agreement, the

Commonwealth does hereby fully and finally release Aventis and its parents, subsidiaries and

affiliates, including, without limitation, their predecessors, successors, and assigns as well as

their current and former directors, officers, employees, agents and shareholders (collectively, the

"Aventis Released Parties") from any civil or administrative claim, action, suit or proceeding the

Commonwealth has or may have or which could be asserted in the future under any source of

law for the Covered Conduct. The payment of all amounts required by Paragraph 2 of this

Agreement fully discharges the Aventis Released Parties from any obligation to pay additional

restitution and compensatory damages, civil penalties, and costs and expenses of litigation,

including attorneys' fees, to the Commonwealth for the Covered Conduct. The Commonwealth

shall not initiate or prosecute civil litigation against the Aventis Released Parties based on the

Covered Conduct by Aventis. The Parties agree that this Agreement is not punitive in purpose or

effect.

- 7 -

7.      In consideration of the obligations of Aventis set forth in this Agreement, conditioned on Aventis' payment in full of all amounts required by Paragraph 2 of this Agreement, the Commonwealth agrees to release and refrain from instituting, directing, recommending or maintaining any action seeking exclusion from the Pennsylvania Medicaid Program or PACE against the Aventis Released Parties for the Covered Conduct.  Nothing in this Agreement precludes the Commonwealth from taking action against any of the Aventis Released Parties for conduct and practices other than the Covered Conduct or for any civil or administrative liability under any statute, regulation, rule, policy, contract or of any other sort not expressly released by this Agreement.

8.      Notwithstanding any term of this Agreement, the Commonwealth specifically does not herein release the Aventis Released Parties from any and all of the following:

a.      any potential criminal, civil or administrative claims arising under the Commonwealth of Pennsylvania revenue codes that do not arise from or relate to the Covered Conduct;

b.      any criminal, civil or administrative liability to the Commonwealth (or its agencies) that does not arise from or relate to the Covered Conduct;

c.      any claims based upon such obligations as are created by this Agreement;

d.      any express or implied warranty claims, claims for product liability, or other claims for defective or deficient products or services, including quality of goods and services;

e.      any claims for personal injury or property damage or for other consequential damage; or

f.      any claims based on a failure to deliver items or services due, including

claims for breach of contract.  Nothing in this Agreement shall be deemed to prohibit the

Commonwealth of Pennsylvania or its attorneys from commenting on the MDL No. 1456

Track 2 Class Settlement.

**Aventis' Release of the Commonwealth**

9.      The Aventis Released Parties shall fully and finally release the Commonwealth,

its agencies, employees, servants, and agents from any claims (including attorneys fees, costs,

and expenses of every kind and however denominated) which the Aventis Released Parties have

asserted or could have asserted, against the Commonwealth, its agencies, officers, employees,

servants, or agents that are related to or arise from the investigation and prosecution of the

Covered Conduct, up to the Effective Date of this Agreement (as defined in Paragraph 18).

**Future Price Reporting**

10.     Aventis shall comply with the following:

(a)     Within forty days after the last day of each calendar quarter

(the "Reporting Quarter"), Aventis shall report to Pennsylvania Medicaid,

in electronic form, its average manufacturer's prices ("AMPs"), as

reported to the Centers for Medicare and Medicaid Services ("CMS") as

and to the same extent such AMPs are reported to CMS.  If not enough

time has elapsed for a new Aventis NDC to have an AMP during the

Reporting Quarter, Aventis will report that NDC's AMP to Pennsylvania

Medicaid when Aventis first reports it to CMS.  The first report of AMPs

hereunder shall be made to Pennsylvania Medicaid within forty calendar

days after the end of the first full calendar quarter following the Effective

Date of this Settlement Agreement and Release.

(b)      If CMS begins to publish AMPs, as provided for in the

Deficit Reduction Act of 2005 (Pub. L. 109-171, enacted on February 8,

2006), Aventis' obligation to provide separately the same information to

Pennsylvania Medicaid shall terminate as of that date.

(c)      The Parties agree that the Pennsylvania Programs will not

disclose Aventis' AMPs if Aventis prominently identifies all such

information as confidential.  In the event that a Pennsylvania Program

receives a request for disclosure,the Pennsylvania Programs agree to

notify Aventis by contacting Susan Manardo at the address shown on page

15 (below) when the  request for disclosure is made.  The parties agree

that the act of declaring the information to be confidential constitutes a

good faith representation by Aventis that the information is a trade secret;

is confidential, proprietary information; or is otherwise protected by law.

Aventis agrees that the Pennsylvania Programs can and will rely on

Aventis' good faith representation as a basis for refusing a request for

disclosure, but have no obligation to make argument or present evidence

in support of that representation.  The failure of Aventis to identify the

information, as described above, will absolve the Pennsylvania Programs

of their obligation to not disclose the information.  If Aventis produces the

same pricing information to any other state or to the United States

Government on a non-confidential basis, then such information may be

subject to disclosure under the Federal Freedom of Information Act, the

Pennsylvania Right to Know Law or a similar law of any other state.

Aventis agrees that Pennsylvania Medicaid may share Aventis' AMP information with PACE and PEBTF (and PACE and PEBTF will likewise keep the information confidential) and that the Pennsylvania Programs may use Aventis' AMP information as a basis for reimbursement to the extent permitted by federal law or regulation.

(d)    Aventis agrees to submit AMP information to Pennsylvania Medicaid in accordance with Paragraphs 10(a)-(c) for a period of seven years from this Agreement's Effective Date by sending them in an electronic format to

Director of Pharmacy
Department of Public Welfare
Office of Medical Assistance Programs
49 Beech Drive
Harrisburg, Pennsylvania  17110-3591

or whomever Pennsylvania Medicaid shall inform Aventis in writing is the replacement designee for receipt of AMP data under this Agreement.  Subject to the provisions of this Agreement, the Commonwealth and the Pennsylvania Programs agree to keep Aventis' AMPs confidential in accordance with 42 U.S.C. § 1396r-8 and not to use Aventis' AMPs in any manner that would reveal the AMPs to any competitor or other pharmaceutical market participant.  In addition, to the extent that the Commonwealth and the Pennsylvania Programs use Aventis' AMPs for reimbursement purposes, they agree not to use the AMPs in a way that puts Aventis at a competitive disadvantage or that treats any of Aventis' products differently from any competing or therapeutically equivalent products.

- 11 -

(e)    . The Parties currently anticipate that the recipients of Aventis' AMP information will be the Commonwealth and the Pennsylvania Programs, and not any external consultants or PBMs who might contract with the Pennsylvania Programs. Should any of the Pennsylvania Programs wish to grant a private entity or enterprise, such as an external consultant or PBM, access to Aventis' AMP information, the Program shall give Aventis written notice, and the Parties agree that they will work together to create a mutually satisfactory arrangement to preserve the confidentiality of Aventis' AMP information before Aventis' AMP information is disclosed to any such private entity or enterprise.

11.    The Commonwealth covenants that, provided Aventis reports to Pennsylvania Medicaid its AMP information in accordance with Paragraph 10 of this Agreement, the Commonwealth will not at any time sue or seek to hold Aventis liable under any law or regulation for falsely reporting prices during the AMP reporting period defined in Paragraph 10(c) of this Agreement.

12.    Absent a change in law or regulation of the Commonwealth's reimbursement methodology, the Parties agree that nothing herein requires Aventis to calculate or report any pricing other than the AMPs as defined by and reported to CMS. The Parties acknowledge that, from time to time, pharmaceutical manufacturers restate their AMPs as filed with CMS for a variety of reasons, including but not limited to, statutory and regulatory changes, the issuance of additional guidance by CMS, and/or mistake or error. This Agreement shall not require Aventis to transmit restated AMPs to the Commonwealth.

**No Admission**

13.    This Agreement does not constitute an admission by any person or entity, and

shall not be construed as an admission by any person or entity, with respect to any issues of law

or fact.  Neither this Agreement nor the settlement of the Lawsuit will be admissible in any

future proceeding for any purpose, other than in a proceeding regarding a dispute over

enforcement of this Agreement.

**Costs**

14.    Except as otherwise provided herein, each Party to this Agreement will bear its

own legal and other costs incurred in connection with this matter, including the preparation and

performance of this Agreement.

15.    It is understood and agreed that no portion of the Settlement Amount shall be

allocated, attributed to or characterized as the payment of fines, penalties, or other punitive

damages.

**Authorization**

16.    The Parties have read the foregoing Agreement and accept and agree to the

provisions contained herein and hereby have caused this Agreement to be signed as of the day

and date adjacent to their respective signatures.  The undersigned persons signing this Agreement

on behalf of Aventis represent and warrant that they are authorized by Aventis to execute this

Agreement.  The undersigned Commonwealth signatories represent that they are signing this

Agreement in their official capacities and that they are authorized to execute this Agreement.

**Notification**

17.    In the event of an alleged breach of this Agreement or a dispute between or

among the Parties in connection with the performance of this Agreement, the Parties shall be

required first to provide notice and an opportunity to cure.  The Parties shall provide notice to

- 13 -

persons identified below.  The responding party shall be given fifteen (15) business days to

respond to the notice, including curing any alleged breach.  Unless otherwise stated in writing

subsequent to the Effective Date of this Agreement (as defined in Paragraph 18), and except for

reporting AMP, which should be pursuant to the normal course of business between Aventis and

Pennsylvania Medicaid, all notifications and communications made pursuant to this Agreement

shall be submitted to the entities listed below:

    (a)    Commonwealth for all purposes:

> Office of the Attorney General
> Alexis L. Barbieri, Esquire
> Executive Deputy Attorney General
> Commonwealth of Pennsylvania
> Office of Attorney General
> Public Protection Division
> Strawberry Square, 14th Floor
> Harrisburg, PA 17120

> Copy to:
> Donald E. Haviland, Jr. Esquire
> Haviland Hughes LLC
> Suite 1000, The Bourse 111 S. Independence Mall East
> Philadelphia, PA 19147

    (b)    Aventis for all purposes:

> Susan A. Manardo
> Litigation Associate General Counsel and Head,
> U.S. Litigation and Investigations
> Sanofi-Aventis US
> Mail Code: 55a-525A
> 55 Corporate Drive
> Bridgewater, New Jersey 08807

> Copy to:
> Michael L. Koon
> Shook, Hardy & Bacon, L.L.P.
> 2555 Grand Boulevard
> Kansas City, Missouri 64108

**Effective Date**

18.     The Effective Date of this Agreement is the date of signature of the last signatory

to this Agreement.

**Choice of Law**

19.     This Agreement is governed by the laws of the Commonwealth of Pennsylvania

without regard to its conflict of law principles.

**Protective Orders**

20.     Nothing in this Agreement shall be deemed to prohibit the Commonwealth or its

attorneys from using documents, data and other information produced by the Aventis Defendants

(the "Produced Material") in the prosecution of the Commonwealth's claims against other parties

in the Lawsuit.  The Parties shall continue to abide by the provisions of the Final Protective

Order with respect to the Produced Material, except that within three (3) months after the

Effective Date of this Agreement (as defined in Paragraph 18), the Commonwealth shall (i)

identify the documents it intends to use in the Lawsuit and (ii) return to the Aventis Defendants

or destroy (and certify the destruction of) confidential Produced Material that it does not intend

to so use. All confidential Produced Material shall be returned to the Aventis Defendants or

destroyed (with certification of same) within three (3) months following the conclusion of the

Lawsuit, and any appeals thereof.

21.     During the course of the Lawsuit, the Aventis Defendants agree to respond in

writing to the Commonwealth's requests for factual information with respect to whether

documents (reasonable in number) produced by Aventis in the Lawsuit are authentic business

records.  The Commonwealth agrees to provide the Aventis Defendants 30 days to respond (the

Aventis Defendants will in good faith attempt to respond earlier, depending on the number of

documents in the request), and to consolidate in good faith into one request for information prior

to trial so that Aventis does not receive repeated, piecemeal requests. The Commonwealth recognizes and acknowledges that the factual information provided pursuant to this provision may or may not support the admissibility of any particular document or documents.

**Complete Agreement**

22.     This Agreement constitutes the valid and binding agreement between the Parties as well as the entire agreement between the Parties with regard to the settlement and dismissal of the Lawsuit and any claims arising from or related to the Covered Conduct, all prior agreements and understandings being merged herein, and shall supersede any and all prior agreements, arrangements, negotiations, discussions and understandings relating to settlement and dismissal of the Lawsuit. This Agreement may not be amended except by written consent of the Parties.

**Confidentiality/Publicity**

23.     All correspondence and communications regarding the parties' settlement of the Lawsuit other than this Agreement shall remain strictly confidential.

24.     The Commonwealth anticipates issuing a public announcement regarding the settlement after execution of this Agreement, and will provide Aventis with reasonable advance notice of such announcement.

**Counterparts**

25.     Each Party agrees to perform any further acts and to execute and deliver any further documents reasonably necessary to carry out this Agreement. This Agreement may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same Agreement. This Agreement may be executed and delivered by delivery of a facsimile copy of an executed counterpart or by e-mailing a .pdf version of a signed counterpart, and each shall have the same force and effect as the delivery of an originally executed counterpart.

**Captions Are For Convenience Only**

26.     The bold-faced paragraph captions in this Agreement are for convenience only and do not add to, detract from or change the substantive language or terms of this Agreement.

**Miscellaneous Provisions**

27.     This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Agreement is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Agreement.

28.     The Parties agree that should any nonmaterial portion or portions of this Agreement be found to be void, unenforceable or otherwise invalid by any court of competent jurisdiction after the exhaustion of all rights to appeal, this entire Agreement shall not be nullified and such invalid portion or portions shall be severed from the remainder of this Agreement as if they had never been entered into and the remainder of this Agreement shall be enforced.

29.     Nothing in this Agreement shall be construed to be a waiver of the sovereign immunity of the Commonwealth of Pennsylvania.

30.     This Agreement shall be binding on all successors, transferees, heirs and assigns of the Parties.

**IN WITNESS WHEREOF** the Parties do hereunto set their hands and seals on the dates set forth below:

### FOR THE COMMONWEALTH OF PENNSYLVANIA

By: _____     Dated: __4/11/2011_____

Alexis L. Barbieri, Esquire
Executive Deputy Attorney General
Commonwealth of Pennsylvania
Office of Attorney General
Public Protection Division
Strawberry Square, 14th Floor
Harrisburg, PA 17120

By: _____     Dated: _____

Donald E. Haviland Jr., Esquire
Haviland Hughes LLC
Suite 1000, The Bourse 111 S.
Independence Mall East
Philadelphia, PA 19147

Counsel for the Commonwealth of Pennsylvania

**IN WITNESS WHEREOF** the Parties do hereunto set their hands and seals on the dates set forth below:

### FOR THE COMMONWEALTH OF PENNSYLVANIA

By: _____        Dated: _____
    Alexis L. Barbieri, Esquire
    Executive Deputy Attorney General
    Commonwealth of Pennsylvania
    Office of Attorney General
    Public Protection Division
    Strawberry Square, 14th Floor
    Harrisburg, PA 17120

By: _____        Dated: April 8, 2011
    Donald E. Haviland Jr., Esquire
    Haviland Hughes LLC
    Suite 1000, The Bourse 111 S.
    Independence Mall East
    Philadelphia, PA 19147

Counsel for the Commonwealth of Pennsylvania

**FOR AVENTIS PHARMACEUTICALS INC; AVENTIS BEHRING L.L.C., CENTEON,
LLC; ARMOUR PHARMACEUTICALS; AND HOECSHT MARION ROUSSEL, INC.
("THE AVENTIS DEFENDANTS")**

By: _____     Dated: ____4/14/11____

    Susan A. Manardo
    Litigation Associate General Counsel
    and Head
    U.S. Litigation and Investigations
    Sanofi-aventis US, Inc.
    Mail Code 55a-525A
    55 Corporate Drive
    Bridgewater, NJ  08807


By: _____     Dated: ____4/18/11____

    Michael L. Koon
    Shook, Hardy &Bacon L.L.P.
    2555 Grand Boulevard
    Kansas City, Missouri  64108


    Counsel to sanofi-aventis US, Inc.