# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| **TRACK TWO SETTLEMENT** | Judge Patti B. Saris |

**[PROPOSED] ORDER DIRECTING NOTICE OF TRACK TWO SETTLEMENT
REVISIONS TO AFFECTED CLASS MEMBERS
AND SCHEDULING FAIRNESS HEARING**

Plaintiffs have submitted forms of notice concerning the Track Two settlement revisions. The Court has held fairness hearings to consider the proposed rebalancing of the Track Two Settlement.  This Order now approves the provision of Notice of the settlement revisions to affected Class members and schedules a supplemental fairness hearing.

1.      On or before September 16, 2011, and using the mailing addresses contained in its database, the Claims Administrator shall provide notice of the settlement revision in the forms attached hereto as Exhibits A - B (the "Supplemental Notices") as follows:

(a) the form of notice attached at Exhibit A shall be sent by U.S. Mail to all TPP Class 2 and 3 members who timely filed claims; and

(b) the form of notice attached at Exhibit B shall be sent by U.S. Mail to (i) all Consumer Class members who timely filed claims and who the Clams Administrator determines will receive less under the revised distribution formula than they would have under the original formula, (ii) those consumers in Class 1 whose CMS data indicates an administration of a drug under the "not otherwise classified" J-Codes J3490 and J8999 or

under the J-Codes for Epogen and Eligard and those consumers in Class 3 whose claim forms indicate an administration for Epogen or Eligard; and (iii) those Consumer Class members with payments for Leukine and Novantrone after 2002.

2.      The Court finds that these Supplemental Notices and this supplemental notice plan meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), constitutes the best notice practicable under the circumstances to all persons entitled to notice, and satisfies the Constitutional requirements of notice.

3.      The Court exercises its discretion under Fed. R. Civ. P. 23(e)(4) so as to provide an additional opportunity for the Consumer members of Classes 1 and 3, but not TPPs in Classes 2 and 3, to request exclusion.

4.      A supplemental hearing on final settlement approval (the "Supplemental Fairness Hearing") will be held on _____, 2011 at _____ before this Court, at the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider whether the Proposed Settlement, as revised, should be approved as fair, reasonable and adequate.

5.      Any member of the Classes that was mailed a Supplemental Notice may appear at the Supplemental Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the revision to the Proposed Settlement; provided, however, that no person shall be heard in opposition to the revision to the Proposed Settlement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless submitted to the Court and received by Counsel for the parties on or before October 21, 2011. Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any

documentation in support of such opposition on or before October 21, 2011, and (b) serve copies

of such notice, statement and documentation, as well as any other papers or briefs that such

person files with the Court, either in person or by mail, upon Counsel to the parties so that such

papers are received on or before October 21, 2011.  Class members who fail to object in the

manner and by the dates provided herein shall be deemed to have waived and shall forever be

foreclosed from raising any such objections.

6.      Any additional documentation required to be provided by Consumer Class

members as outlined in the Notice attached as Exhibit B shall be mailed to the Claims

Administrator so that it is received on or before October 28, 2011.

7.      Counsel for the parties who must be served with all documentation described

above in Paragraph 5 are as follows:

Counsel for the Class

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

Counsel for Track Two Defendants

Steven F. Barley
Hogan Lovells US LLP
100 International Drive
Baltimore, MD 21202

James P. Muehlberger
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108

8.      The date and time of the Supplemental Fairness Hearing shall be subject to

adjournment by the Court without further notice to the members of the Classes other than that

which may be posted at the Court, on the Court's website, and/or the Claims Administrator

website.

Dated:  August __, 2011

_____
Honorable Patti B. Saris
United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing pleading to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 19, 2011, a copy to LexisNexis File & Serve for posting and notification to all parties.

By **/s/ Steve W. Berman**
    Steve W. Berman
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
    1918 8th Avenue, Suite 3300
    Seattle, WA  98101
    (206) 623-7292

# Exhibit A

**Authorized by the U.S. District Court for the District of Massachusetts**

## Notice of Revision to Proposed Class Action Settlement Involving Certain Drugs

---

### 1. What Is This Notice About?

There is a Proposed Settlement (the "AWP Track Two Settlement") of a class action lawsuit involving various drug manufacturers ("Defendants") concerning the drugs listed on Attachment A (referred to as the "Track Two Drugs").  The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation,* Docket No. 01-CV-12257-PBS, MDL No. 1456.

You were mailed this Notice because you previously filed a Claim Form in response to an earlier Notice that was sent to you.  On the Claim Form, you indicated that you made a payment for an insured's Medicare Part B co-payment for one or more of the Track Two Drugs from January 1, 1991 through January 1, 2005 and/or that you made a payment for one or more of the Track Two Drugs outside of Medicare Part B from January 1, 1991 through March 1, 2008.

This revised Notice informs you of a change in the terms of the Proposed Settlement.

---

### 2. What Is The Relevant Change In The Terms Of The Proposed Settlement?

Under the Proposed Settlement, Defendants will pay a total of $125 million to settle the lawsuit.  This amount is meant to satisfy the claims of both Third-Party Payors ("TPPs") who meet the criteria for inclusion in one of the two Settlement Classes as well as claims by consumers who made percentage co-payments and full cash payments based on the published Average Wholesale Price ("AWP").  All costs associated with notice and administration, attorneys' fees and litigation costs, and compensation to the named class representatives for time spent providing documents and testimony in connection with this case will be paid from the $125 million settlement amount.

Under the initial proposal, 82.5% (or $103,125,000) of the gross settlement amount was allocated to satisfy the claims of TPPs and 17.5% (or $21,875,000) of the gross settlement amount was allocated to satisfy consumer claims.  Consumers and TPPs are sharing the costs of notice and administration in proportion to the amount of settlement proceeds they are allocated.

The Court considered the Proposed Settlement at hearings held June 13, 2011 and July 7, 2011.  Among other things, the Court considered whether certain changes to the Proposed Settlement be made to provide more money to consumer members of the Classes.  Afterward, a mediation was held in which Allocation Counsel for TPPs agreed to provide Consumers with an additional $3,125,000.  Thus, the Proposed Settlement now provides that consumers will receive a gross settlement amount of $25,000,000 (20%), and that TPPs will receive a gross settlement amount of $100,000,000 (80%).

**_Your legal rights are affected even if you do not act._**

**Read this Notice carefully.**

All other terms of the Proposed Settlement relevant to TPPs remain unchanged.

The Court has approved the Proposed Settlement, as revised, on a preliminary basis.  It has further determined that the revision does not warrant a second "opt out" period in which TPP class members who declined to exclude themselves before should now be offered another chance to do so. Accordingly, if the Proposed Settlement is finally approved as revised, you will be bound by its terms. The Court will hold a Hearing to decide whether the revised Proposed Settlement should be finally approved (*See* Question 4).

## 3. May I Object To, Or Comment On, The Revision To The Proposed Settlement?

Yes.  If you have comments about, or disagree with, any aspect of the revision to the Proposed Settlement, you may express your views to the Court.  You must do this in writing.  Your written response must include:

- Your name, address, telephone number, a brief explanation of your reasons for objection, and

- The case number (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456).

The document **must** be signed to ensure the Court's review.  The response must be filed with the Court at the following address on or before **October 21, 2011**:  Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210 and served on Counsel for the Parties so that the objection is **received** on or before **October 21, 2011** at the following addresses:

| Counsel for the Class | Counsel for Track Two Defendants | |
|---|---|---|
| Steve W. Berman | Steven F. Barley | James P. Muehlberger |
| Hagens Berman Sobol Shapiro LLP | Hogan Lovells US LLP | Shook, Hardy & Bacon, LLP |
| 1918 Eighth Avenue, Suite 3300 | 100 International Drive | 2555 Grand Boulevard |
| Seattle, WA 98101 | Baltimore, MD 21202 | Kansas City, MO 6410 |

In addition, your document must clearly state that it relates to the "Track Two Settlement."  If you file or present an objection, you will be subject to the jurisdiction of the Court.

## 4. When And Where Will The Court Decide On Whether To Grant Final Approval Of The Proposed Settlement?

The Court will hold a Hearing on **Month, Day, 2011** at __ p.m. to consider whether the Proposed Settlement is fair, reasonable and adequate.  At the Hearing, the Court will also consider whether to approve the Proposed Settlement; the request for attorneys' fees and expenses; and any comments or objections.  You are not required to attend, but may do so at your own expense.

If you want your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you

must give the Court a paper that is called a "Notice of Appearance."  The Notice of Appearance must include:

- Your name, address, telephone number, signature;
- The name, and number of the lawsuit (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456);
- State that you wish to enter an appearance at the Final Approval Hearing; and
- Any documentation in support of such opposition.

Your Notice of Appearance **must** be filed with the Court on or before **October 21, 2011** and served on Counsel so that it is **received** on or before **October 21, 2011**.  The Notice of Appearance must be filed with the Court and served on Counsel at the addresses set forth above in response to Question 3.

---

## 5. Where Do I Obtain More Information?

You may obtain more information, including a copy of the original Notice that was previously mailed to you, by visiting the Track Two AWP Settlement web site at www.AWPTRACK2Settlement.com, by calling 1-xxx-xxx-xxxx, or by writing to:

> AWP TRACK TWO TPP Settlement Administrator
> P.O. Box 24648
> West Palm Beach, FL 33416

DATED: August __, 2011                                    **BY ORDER OF THE COURT**

# Exhibit B

**Authorized by the U.S. District Court for the District of Massachusetts**

# Notice of Revision to Proposed Class Action Settlement Involving Certain Drugs

## 1. What Is This Notice About?

There is a Proposed Settlement (the "AWP Track Two Settlement") of a class action lawsuit involving various drug manufacturers ("Defendants") concerning the drugs listed on Attachment A (referred to as the "Track Two Drugs").  The name of the lawsuit is *In re: Pharmaceutical Industry Average Wholesale Price Litigation,* Docket No. 01-CV-12257-PBS, MDL No. 1456.

You were mailed this Notice because you previously returned a Claim Card in response to an earlier Notice that was sent to you or submitted a claim in the settlement.  You previously indicated that you made either a percentage co-payment under Medicare Part B from January 1, 1991 through January 1, 2005, or that you made a cash payment or percentage co-payment for one or more of the Track Two Drugs from January 1, 1991 through March 1, 2008.

This revised Notice informs you of changes in the terms of the Proposed Settlement.  In sum, the amount of money allocated to consumers has been increased, and the proposed distribution has been altered to more closely track estimated damages for some of the individual Track Two Drugs and to account for issues with the way some individual drugs were reimbursed.  You are receiving this Notice because our records indicate that your total compensation across all settled Track Two Drugs [**may/will**] be reduced under the Proposed Settlement as revised.  **[[Note:  The word "may" will appear for those consumers who took Epogen, Eligard or the not otherwise classified code drugs; the word "will" will appear for those consumers who will be receiving less under the revision.]]**

## 2. What Are The Changes In The Terms Of The Proposed Settlement?

The Court considered the Proposed Settlement at hearings held June 13, 2011, July 7, 2011 and August 8, 2011.  The Court considered whether certain changes to the Proposed Settlement should be made, including providing more money to the Class B drugs.  Plaintiffs subsequently presented a revision to the Court, which the Court approved on a preliminary basis.

> ### *Your legal rights are affected even if you do not act.*
> ### *Read this Notice carefully.*

### A.     Increase in Money Available to Consumers

The total amount of money available to pay consumer claims, including those consumers who participated in Medicare Part B and those who made a percentage co-payment or cash payment for Track Two Drugs outside of the Medicare Part B program, has been **increased** from $21,875,000 (17.5% of the total settlement) to $25,000,000 (20%).

### B.     Change in the Way Your Claim Will Be Calculated

The manner in which your payment will be calculated has changed.  Under the previous formula, the Claims Administrator would calculate your "Total Recognized Claim" by adding three amounts:

- Cash payments or co-payment obligations for drugs identified as Class A drugs from December 1, 1997 through December 31, 2003 multiplied by a factor of three (3x);
- Cash payments or co-payment obligations for Class A Drugs outside this time period (with no multiplication factor); and
- Cash payments or co-payment obligations for the other covered drugs called Class B Drugs during the entire Class Period (with no multiplication factor).

If there was not enough money to pay consumers 100% of their Total Recognized Claim, each consumer's claim would be reduced proportionately.

Your Total Recognized Claim will now be calculated differently.  Payment for Class A drugs (with one exception described below) will be based on Plaintiffs' expert's calculation of estimated *overcharges* or damages associated with the alleged price inflation for these drugs, rather than on the amount of cash payment or co-payment made.  This change was made in order to base the distribution on damages actually incurred.  Calculation of payments for Class B drugs will continue to be based on the amount of cash payment or co-payment made.

Your Total Recognized Claim will now be determined according to a different three step process:

1.  For the drugs identified as Class A drugs, the Claims Administrator will apply the expert's estimated overcharge percentage for all administrations during the entire class

period to determine your out of pocket damages and multiply those out of pocket damages from December 1, 1997 through December 31, 2003 by a factor of two (2x). In addition, members of Class 3 will receive out of pocket damages without a multiplier for eligible administrations outside of the time period December 1, 1997 through December 31, 2003.

2. The Claims Administrator will determine the total cash payments or co-payment obligations for the other covered drugs called Class B Drugs during the entire Class Period (with no multiplication factor), reduced proportionately based on all Class B drug claims filed.  This calculation is the same as under the original method, but more money is now available to pay claims for Class B Drugs.

3. Epogen is now a Class B Drug and cash payments or co-payment obligations for Epogen will be treated as described above.  The Court has found that payment for most administrations of Epogen under Medicare Part B were not based on AWP or these payments may relate to the drug Procrit, which is identical to Epogen but sold by a non-Defendant and not subject to this settlement.  And for administrations of Epogen to cash payors or payors with private insurance, there are minimal damages associated with the drug.

The sum of these figures will be your Total Recognized Claim.

If you are eligible to receive a payment, the net result of these changes to the Proposed Settlement is that your payment [**may/will**] be lower than under the initial distribution formula.

C.   **Additional Documentation Related to Certain Drugs Under Medicare Part B**

**[[NOTE:   THIS SECTION WILL APPEAR IN THE NOTICE ONLY FOR CLAIMANTS WHO WERE ADMINISTERED THE DRUGS IDENTIFIED IN THIS SECTION]]**

If you have made a claim for reimbursement of co-payment obligations under Medicare Part B for any of the following 16 drugs, you must provide the Claims Administrator one form of documentary proof that you were administered the drug:

Alcohol Injection
Bupivacaine
Copper trace/cupric chloride
Diltazem hydrochloride
Enalaprilat

Kineret
Labetalol
Leucovorin calcium
Manganese Chloride
Novacaine/Procaine
Pancuronium bromide
Potassium acetate
Propofol
Sodium acetate
Verapamil HCL
Zinc chloride

Proof that you were administered the drug at least once can be in the form of the prescribing physician's notes in your medical file, a letter from a prescribing physician, or some other documentary evidence from the prescribing physician, hospital or medical provider identifying at least one administration of the drug.

This is necessary because data received from the Center for Medicare and Medicaid Services does not provide sufficient detail to distinguish administration of these drugs from other drugs that are not part of this Settlement.

If you are unable to provide documentation related to any of these 16 drugs, you will still be reimbursed for the other drugs in the Settlement that you were administered. But in order to receive compensation for the drugs identified above, you must provide one form of documentary proof of at least one administration.

Your documentation **must** be mailed to the Claims Administrator so that it is **received** on or before **October 28, 2011**. Include with your documentation a letter identifying:

- Your name, address, and telephone number;
- A statement that the letter relates to the "Track Two Settlement," and
- Identification of the drug or drugs for which you are submitting documentation.

The letter **must** be signed to ensure review by the Claims Administrator.

The letter and documentation must be mailed to the Claims Administrator at the following address:

AWP TRACK TWO Settlement Administrator
P.O. Box 2364
Faribault, MN 55021-9064

D.     **Additional Documentation Related to Eligard**

**[[NOTE:   THIS SECTION WILL APPEAR IN THE NOTICE ONLY FOR CLAIMANTS WHO WERE ADMINISTERED ELIGARD]]**

If you have made a claim for reimbursement of cash or co-payment obligations for Eligard, you must provide the Claims Administrator one form of documentary proof that you were administered Eligard and not Lupron.

This is necessary because data received from the Center for Medicare and Medicaid Services does not provide sufficient detail to distinguish administration of Eligard from Lupron, which is not part of this Settlement.  **Please also note that Eligard was not available prior to May 2002.   You could not have had any administrations of Eligard prior to that date.**

Proof that you were administered Eligard at least once can be in the form of the prescribing physician's notes in your medical file, a letter from a prescribing physician, or some other documentary evidence from the prescribing physician, hospital or medical provider identifying at least one administration of the drug.

If you are unable to provide documentation related to Eligard, you will still be reimbursed for the other drugs in the Settlement that you were administered.  But in order to receive compensation for Eligard, you must provide one form of documentary proof of at least one administration.

Your documentation **must** be mailed to the Claims Administrator so that it is **received** on or before **October 28, 2011**.  Include with your documentation a letter identifying:

- ▪ Your name, address, and telephone number;
- ▪ A statement that the letter relates to the "Track Two Settlement," and
- ▪ Identification of Eligard, the drug for which you are submitting documentation.

The letter **must** be signed to ensure review by the Claims Administrator.

The letter and documentation must be mailed to the Claims Administrator at the following

address:

> AWP TRACK TWO Settlement Administrator
> P.O. Box 2364
> Faribault, MN 55021-9064

## E.   Additional Documentation Related to Epogen

## [[NOTE:   THIS SECTION WILL APPEAR IN THE NOTICE ONLY FOR CLAIMANTS WHO WERE ADMINISTERED EPOGEN]]

If you have made a claim for reimbursement of cash or co-payment obligations for Epogen, you must provide the Claims Administrator one form of documentary proof that you were administered Epogen and not Procrit.

This is necessary because data received from the Center for Medicare and Medicaid Services does not provide sufficient detail to distinguish administration of Epogen from Procrit, which is not part of this Settlement, and because Epogen and Procrit are two different brand names for the same drug (Epoetin Alpha).

Class 1 members please also note that payment for most administrations of Epogen under Medicare Part B were not based on AWP and are not eligible for compensation in this settlement.  Only Epogen administrations – and not Procrit administrations – under Medicare Part B that do **not** relate to kidney dialysis are eligible for compensation.   If your administrations for Epogen under Medicare Part B were related to dialysis, your administrations are not eligible for compensation in this settlement.

Proof that you were administered Epogen at least once can be in the form of the prescribing physician's notes in your medical file, a letter from a prescribing physician, or some other documentary evidence from the prescribing physician, hospital or medical provider identifying at least one administration of the drug.   And if you are a Class 1 member, that proof must include a statement that Epogen was prescribed for non-dialysis use.

If you are unable to provide documentation related to Epogen, you will still be reimbursed for the other drugs in the Settlement that you were administered.   But in order to receive compensation for Epogen, you must provide one form of documentary proof of at least one administration.

Your documentation **must** be mailed to the Claims Administrator so that it is **received** on or before **October 28, 2011**.  Include with your documentation a letter identifying:

- Your name, address, and telephone number;
- A statement that the letter relates to the "Track Two Settlement," and
- Identification of Epogen, the drug for which you are submitting documentation.

The letter **must** be signed to ensure review by the Claims Administrator.

The letter and documentation must be mailed to the Claims Administrator at the following address:

> AWP TRACK TWO Settlement Administrator
> P.O. Box 2364
> Faribault, MN 55021-9064

### F.   Payments For Leukine and Novatrone After 2002

**[[NOTE:   THIS SECTION WILL APPEAR IN THE NOTICE ONLY FOR CLAIMANTS WHO WERE ADMINISTERED LEUKINE AND NOVANTRONE]]**

Payments for the drugs Leukine and Novantrone made after 2002, whether cash or co-payment obligations under Medicare Part B or private health insurance, will not be reimbursed.  This is because the defendant manufacturer of these drugs (Immunex Corp.) sold them to a non-Defendant in 2002 and they are not eligible for compensation after that date.

### G.   Other Settlement Terms are Unchanged

The remaining terms of the Settlement are unchanged.

---

## 3. What if I don't want to be included in the Proposed Settlement?

---

If you do not want to be in the Proposed Settlement and you want to keep the right to sue about the same claims on your own, you must take steps to get out of the lawsuit. This is called excluding yourself.

By excluding yourself, you keep the right to file your own lawsuit or join another lawsuit against the Track Two Defendants about the claims in this lawsuit.

If you exclude yourself from the Settlement Classes, you will not be in the Proposed Settlement and will not receive any money.

To exclude yourself from the Class, you must send a letter signed by you that includes all of the following:

- Your name, address, telephone number and fax number (if any);
- The name and number of the lawsuit: *In re: Pharmaceutical Industry Average Wholesale Price Litigation,* Docket No. 01-CV-12257-PBS, MDL No. 1456;
- If you have hired your own lawyer, the name, address, and telephone number of your lawyer; *and*
- A statement that you want to be excluded from the Settlement Classes.

Your exclusion letter must be mailed first class, **postmarked no later than October 21, 2011,** to:  AWP TRACK TWO Settlement Administrator, P.O. Box xxxx, West Palm Beach, FL 33416.

Please remember that you cannot exclude yourself by calling or by sending an email.

Failure to exclude yourself **pursuant to the above instructions** will result in your being bound by the Settlement if it is approved.

---

## 4. May I Object To, Or Comment On, The Revision To The Proposed Settlement?

---

Yes.  If you have comments about, or disagree with, any aspect of the revision to the Proposed Settlement, you may express your views to the Court.  You must do this in writing.  Your written response must include:

- Your name, address, telephone number, a brief explanation of your reasons for objection, and
- The case number (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456).

The document **must** be signed to ensure the Court's review.  The response must be filed with the Court at the following address on or before **October 21, 2011**:  Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210 and served on Counsel for the Parties so that the objection is **received** on or before **October 21, 2011** at the following addresses:

| Counsel for the Class | Counsel for Track Two Defendants | |
|---|---|---|
| Steve W. Berman | Steven F. Barley | James P. Muehlberger |
| Hagens Berman Sobol Shapiro LLP | Hogan Lovells US LLP | Shook, Hardy & Bacon, LLP |

1918 Eighth Avenue, Suite 3300          100 International Drive          2555 Grand Boulevard
Seattle, WA 98101                       Baltimore, MD 21202             Kansas City, MO 64108

In addition, your document must clearly state that it relates to the "Track Two Settlement Revision."  If you file or present an objection, you will be subject to the jurisdiction of the Court.

---

## 5. When And Where Will The Court Decide On Whether To Grant Final Approval Of The Proposed Settlement?

The Court will hold a Hearing on **Month, Day 2011** at __ p.m. to consider whether the Proposed Settlement is fair, reasonable and adequate.  At the Hearing, the Court will also consider whether to approve the Proposed Settlement; the request for attorneys' fees and expenses; and any comments or objections.  You are not required to attend, but may do so at your own expense.

If you want your own lawyer instead of Class Counsel to speak at the Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance."  The Notice of Appearance must include:

- Your name, address, telephone number, signature;
- The name, and number of the lawsuit (Civil Action Number: 01-CV-12257-PBS, MDL No. 1456);
- State that you wish to enter an appearance at the Final Approval Hearing; and
- Any documentation in support of such opposition.

Your Notice of Appearance **must** be filed with the Court on or before **October 21, 2011** and served on Counsel so that it is **received** on or before **October 21, 2011**.  You cannot speak at the Hearing if you previously asked to be excluded from the Proposed Settlement Class. The Notice of Appearance must be filed with the Court and served on Counsel at the addresses set forth above in response to Question 3.

---

## 6. Where Do I Obtain More Information?

You may obtain more information, including a copy of the original Notice that was previously mailed to you, by visiting the AWP Track Two Settlement web site at www.AWPTrack2Settlement.com, by calling 1-877-690-7097, or by writing to:

> AWP TRACK TWO Settlement Administrator
> P.O. Box 2364

Faribault, MN 55021-9064

DATED: August ____ 2011        **BY ORDER OF THE COURT**