UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200 |
| THIS DOCUMENT RELATES TO<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br>*v.*<br>*Baxter Hemoglobin Therapeutics and Baxter International, Inc.* | Judge Patti B. Saris |

### RELATORS' RULE 26(a)(1) SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(e)(1), relators Sun and Hamilton hereby provide these Supplemental Initial Disclosures to Defendant.  Attached as Exhibit A, are Relators' provisional damage calculations for Advate, Recombinate, and Gammagard.  Relators reserve the right to revise these calculations as additional information is developed.  All data upon which these calculations are based was taken from CMS SDUD tables.  The tables were never printed out.  The general website to access these can be found at:

https://www.cms.gov/MedicaidDrugRebateProgram/SDUD/list.asp.

Relator Linnette Sun, pursuant to a request from counsel for Baxter International, Inc. for more specific information concerning her individual damages, and without admitting or acknowledging any deficiencies in the original Rule 26 Disclosures filed and served on August 4, 2011, provides the following information in response to counsel's request:

Relator states that the precise amount of individual damages that she claims at the time of trial will be the subject of expert testimony.  Since the time for disclosure of expert witnesses, and discovery of expert opinions has not yet occurred in this case, that precise information cannot and will not be provided at this time.

What Relator Linnette Sun will provide is her lay information and opinions, based on the information available to her, regarding her individual damages.  However, she reserves the right to present damages in amounts that differ from this information through expert witness opinion testimony.

Linnette Sun's individual damages include economic damages in the form of compensation losses and expenses incurred  and non economic damages in the form of emotional distress.  Exhibit B attached hereto is a spreadsheet which is a lay calculation of the economic damages in terms of the compensation lost due to the termination of Sun's employment at Baxter and the corresponding compensation losses resulting therefrom.

Following the termination of her employment by Baxter, Linnette Sun made diligent efforts to find other comparable and suitable employment.  However, her search proved to be difficult, in part because she had to explain to any prospective employer why her employment at Baxter lasted only one year, and required her to inform any such prospective employer that her employment had been involuntarily terminated and to explain the reason why this incurred.  Although  Linnette Sun has no personal knowledge of the negative impact of disclosing this information, she believes it was certainly one of the reasons why she was unable to find suitable employment.  Her daughter was only seven years old at the time and for that reason, relocation outside of Southern California was not a reasonable option.  She engaged in as much consulting

work as she could, but that only resulted in earnings of approximately $100,000.00 over the five years following her termination from Baxter.

Linnette Sun finally determined that her only reasonable option was to relocate in spite of the fact that it would mean geographical separation from her daughter and her husband.  She was finally successful in securing employment with Shire Pharmaceuticals on March 23, 2009 at a base salary of $172,000.00.  Her current base salary at Shire is $202,078.  Of course, the relocation has resulted in incurring significant expenses that would not have been necessary if Linnette Sun had been able to remain in Southern California.

Linnette Sun calculates the relocation-caused expenses she has incurred at around $50,000.00 to $60,000.00 per year, in the following forms: (a) living expenses for Linnette Sun for her job on the East Coast while her husband and daughter continue to live in and maintain their West Coast residence; (b) numerous airplane flights between the East Coast and West Coast for Linnette Sun and her family members; (3) expenses for their daughter with a different family.

The compensation losses on Exhibit A were arrived at by taking Linnette Sun's compensation at Baxter when she was last employed there, and factoring in any and all increases that were likely to occur between her termination from Baxter in 2003 and the start of her employment with Shire Pharmaceuticals on March 23, 2009.   The total base salary lost was $1,004,967.  The loss in bonuses was $200,993.00.  The loss in benefits was $354,497.   The losses in options was $595,350.  This totals $2,155,807.00.  It should be noted that no interest has been included in these calculations and these figures have not been reduced to present value.  Tho interest and present value factors will be part of the expert testimony on this subject.

3

As to the emotional distress damages, Linnette Sun places a value on those damages of $500,000.00 at this time. The emotional distress that Ms. Sun has suffered and continues to suffer is beyond words. The circumstances and unjust nature of the termination were extremely stressful, and the impact of that action by Baxter will always be felt no matter how many years pass. The incredible stress and strain of the efforts to find new employment took a significant toll on her. Making the decision to expand the job search outside of California was very difficult. The emotional distress caused by the separation from her daughter and her husband has been substantial. Linnette Sun has lost a significant amount of time with her daughter, and opportunities to be involved with her life, that she will never be able to replace.

The emotional distress continues. Since she began working on the East Coast, Linnette Sun has experienced hypertension, loss of sleep and hair loss. She has sought therapy and taken medications but her stress has continued, and will continue until she is able to come back to the West Coast in a gainfully employed capacity.

Respectfully submitted,

LAW OFFICE OF MARK ALLEN KLEIMAN

Dated: August 22, 2011

By: /s/ Pooja Rajaram
Mark Allen Kleiman (CA SBN 115919)
Pooja Rajaram (CA SBN 241777)
2907 Stanford Avenue
Venice, CA 90292
310-306-8094
310-306-8491 (fax)
mkleiman@quitam.org
prajaram@quitam.org

Attorney for Relators Linette Sun and Greg Hamilton

**CERTIFICATION OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **RELATORS' RULE 26(a)(1) SUPPLEMENTAL INITIAL DISCLOSURES** to be delivered by electronic service via LexisNexis File & Serve on was served on all counsel of record by electronic service on August 22, 2011.

/s/ Pooja Rajaram
POOJA RAJARAM