EXECUTION COPY

# SETTLEMENT AGREEMENT AND RELEASE

## I.  PARTIES

This Settlement Agreement and Release ("Agreement") is entered into as of the Effective Date, defined in Paragraph III.25 below, by and among the following parties:    Ven-A-Care of the Florida Keys, Inc., for its own behalf and, with respect to such *qui tam* claims as the Relator has pled on their behalf, on behalf of the United States of America (in any of the foregoing capacities, the "Relator"), Zachary T. Bentley, T. Mark Jones, Luis E. Cobo and John Lockwood, M.D., each of the foregoing individuals, for their own behalf and in all other capacities (the preceding four individuals being collectively referred to as the "Individual Plaintiffs"); The State of Texas ("Texas"); The State of Florida ("Florida"); The Commonwealth of Kentucky ("Kentucky"); The State of Alaska ("Alaska"); The State of South Carolina ("South Carolina"); Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (together referred to herein as "Par"); and, solely in his capacity as counsel for the Relator and the Individual Plaintiffs and for purposes of Paragraph III.4 and Paragraph III.25, James J. Breen ("Breen"). Texas, Florida, Kentucky, Alaska and South Carolina are collectively referred to in this Agreement as the "Settling States."  The Relator, the Individual Plaintiffs and the Settling States are collectively referred to in this Agreement as "Plaintiffs."  Plaintiffs and Par are collectively referred to in this Agreement as the "Parties."  The United States is not a party to this Agreement; however, this Agreement is conditioned upon the United States' written consent to dismissal by the Relator of certain claims against Par (the "U.S. Written Consent") brought in the Federal *Qui Tam* Proceedings, as defined below.  The U.S. Written Consent shall be executed in the form attached as Exhibit 8.

## II. PREAMBLE

As a preamble to this Agreement, the Parties agree to the following:

A.      Par Pharmaceutical Companies, Inc. is a corporation organized under the laws of Delaware, with its principal offices in Woodcliff Lake, New Jersey.  Par Pharmaceutical, Inc. is a corporation organized under the laws of Delaware, with its principal offices in Spring Valley, New York;

B.      On or about April 10, 2000, the Relator and one or more of the Individual Plaintiffs filed a *qui tam* action in the United States District Court for the District of Massachusetts captioned *United States ex rel Ven-A-Care of the Florida Keys, Inc.* v. *Dey et al.*, Civil Action No. 00-CV-10698 MEL (D. Mass.).  The complaint was amended under seal on February 15, 2001 and on February 2, 2002.  The complaint was amended a third time under seal on February 15, 2005, to, among other things, add claims against Par seeking recovery under the federal False Claims Act, 31 U.S.C. § 3728-3733, based upon the Federal Covered Conduct (defined below).  The complaint was further amended and unsealed on May 21, 2008.  These claims and proceedings are referred to collectively as the "Federal *Qui Tam* Proceedings";

C.      Texas and the Relator are jointly pursuing a state court action against Par, styled *State of Texas ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Par Pharmaceutical Inc. and Par Pharmaceutical Companies, Inc.,* Cause No. D-1-GV-11-000211, in the District Court of Travis County, Texas, 419th Judicial District.  These claims and proceedings are referred to collectively as the "Texas Proceedings";

D.      Florida and the Relator are jointly pursuing a state court action against Par in the Circuit Court of the Second Judicial District in and for Leon County, Florida, styled *State of Florida, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Par Pharmaceutical Inc., and Par*

*Pharmaceutical Companies, Inc.,* Civil Action Nos. 98-3032H and 03-CA 1165.  These claims and proceedings are referred to as the "Florida Proceedings";

E.      Kentucky is pursuing a state court action against Par in the Franklin Circuit Court in the Commonwealth of Kentucky, styled *Commonwealth of Kentucky ex rel. Jack Conway, Attorney General v. Par Pharmaceutical, Inc.*, Civil Action No. 04-CI-01487.  These claims and proceedings are referred to as the "Kentucky Proceedings";

F.      Alaska is pursuing a state court action against Par in the Superior Court for the State of Alaska, styled *State of Alaska v. Alpharma Branded Products Division, Inc.*, et al., No. 3AN-06-12026 CI.  These claims and proceedings are referred to as the "Alaska Proceedings";

G.      South Carolina is pursuing two state court actions against Par in the Court of Common Pleas for the Fifth Judicial Circuit, styled *State of South Carolina, et al. v. Par Pharmaceuticals Companies, Inc.*, No. 06-CP-40-7151 and *State of South Carolina, et al. v. Par Pharmaceuticals Companies, Inc.*, No. 06-CP-40-7153, respectively.   These claims and proceedings are referred to as the "South Carolina Proceedings";

H.      The Texas Proceedings, the Florida Proceedings, the Kentucky Proceedings, the Alaska Proceedings, and the South Carolina Proceedings are collectively referred to in this Agreement as the "State Proceedings."   The Federal *Qui Tam* Proceedings and the State Proceedings are collectively referred to as the "Civil Actions."

I.      The pharmaceutical products manufactured, marketed, distributed, and/or sold by Par, including all drug products with the Labeler Code 49884, are referred to as the "Covered Drugs";

J.      In the Federal *Qui Tam* Proceedings, the Relator contends that between January 1, 1991 and the Effective Date of this Agreement, Par knowingly set, reported and/or maintained,

or caused to be set, reported and/or maintained, false, fraudulent and/or inflated prices for certain of the Covered Drugs, including prices reported to, or published by, price publishing services ("Reported Prices") used by State Medicaid Programs to establish reimbursement rates, and that Par submitted, or caused to be submitted, false claims to the State Medicaid Programs based on the Reported Prices.  The conduct described in this paragraph, together with the allegations set forth in the Federal *Qui Tam* Proceedings, is hereinafter referred to as the "Federal Covered Conduct."  The Federal Covered Conduct does not include claims related to the Federal Share (defined below) of reimbursement for the Covered Drugs by the Medicaid Program of the State of Illinois (the "Illinois Federal Share"), or the State Share (defined below) of reimbursement for the Covered Drugs drugs by the Medicaid Program of the State of Illinois (the "Illinois State Share");

K.     In the Kentucky Proceedings, Kentucky contends between January 1, 1991 and the Effective Date of this Agreement, Par knowingly set, reported and/or maintained, or caused to be set, reported and/or maintained, false, fraudulent and/or inflated prices for certain of the Covered Drugs, including Reported Prices used by Kentucky's State Medicaid Program to establish reimbursement rates, and that Par submitted, or caused to be submitted, false claims to Kentucky's State Medicaid Program based on the Reported Prices.  The conduct described in this paragraph, together with the allegations set forth in the Kentucky Proceedings, is hereinafter referred to as the "Kentucky Covered Conduct;"

L.     In the Alaska Proceedings, Alaska contends that between January 1, 1991 and the Effective Date of this Agreement, Par knowingly set, reported and/or maintained, or caused to be set, reported and/or maintained, false, fraudulent and/or inflated prices for certain of the Covered Drugs, including Reported Prices used by Alaska's State Medicaid Program to establish

4

reimbursement rates, and that Par submitted, or caused to be submitted, false claims to Alaska's State Medicaid Program based on the Reported Prices.   The conduct described in this paragraph, together with the allegations set forth in the Alaska Proceedings, is hereinafter referred to as the "Alaska Covered Conduct;"

M.      In the South Carolina Proceedings, South Carolina contends that between January 1, 1991 and the Effective Date of this Agreement, Par knowingly set, reported and/or maintained, or caused to be set, reported and/or maintained, false, fraudulent and/or inflated prices for certain of the Covered Drugs, including Reported Prices used by South Carolina's State Medicaid Program to establish reimbursement rates, and that Par submitted, or caused to be submitted, false claims to South Carolina's State Medicaid Program based on the Reported Prices.   The conduct described in this paragraph, together with the allegations set forth in the South Carolina Proceedings, is hereinafter referred to as the "South Carolina Covered Conduct;"

N.      Regarding the Texas Proceedings, Texas and the Relator contend that between January 1, 1991 and the Effective Date of this Agreement Par knowingly set, reported and/or maintained, or caused to be set, reported and/or maintained, false, fraudulent and/or inflated prices for certain of the Covered Drugs, including Reported Prices used by the Texas Vendor Drug Program to establish reimbursement rates, and that Par submitted or caused to be submitted, false claims to the Texas Vendor Drug Program based on the Reported Prices.  Texas and the Relator bring civil claims under the Texas Medicaid Fraud Prevention Act, TEX. HUM. RES. CODE ANN. Chapter 36, for alleged unlawful acts committed by Par pertaining to the inclusion of certain of Par's products on the Texas Drug Code Index.  The conduct described in this paragraph, together with the allegations set forth in the Texas Proceedings, is hereinafter referred to as the "Texas Covered Conduct;"

O.      Regarding the Florida Proceedings, Florida and the Relator contend that between January 1, 1991 and the Effective Date of this Agreement, Par knowingly set, reported and/or maintained, or caused to be set, reported and/or maintained, false, fraudulent and/or inflated prices for certain of the Covered Drugs, including Reported Prices used by Florida's State Medicaid Program to establish reimbursement rates, and that Par submitted, or caused to be submitted, false claims to Florida's State Medicaid Program based on the Reported Prices.  The conduct described in this paragraph, together with the allegations set forth in the Florida Proceedings, is hereinafter referred to as the "Florida Covered Conduct;"

P.      Par denies any and all wrongdoing, and denies that it has any liability, relating to the Federal Covered Conduct, the Kentucky Covered Conduct, the Alaska Covered Conduct, the South Carolina Covered Conduct, the Texas Covered Conduct, or the Florida Covered Conduct (as to each Settling State, the "State's Covered Conduct"), or with respect to the Illinois Federal Share or the Illinois State Share.  This Agreement does not constitute an admission of fault or liability by Par, nor does it constitute evidence of any liability or unlawful conduct on the part of Par;

Q.      In order to avoid the delay, uncertainty, inconvenience and expense of protracted litigation of Plaintiffs' claims, and as a result of a mutual desire to settle their disputes, the Parties have reached a full and final settlement as set forth in this Agreement;

R.      This Agreement is intended to fully and finally resolve any and all claims against, and the liability of Par, as defined below, arising under each of the State Proceedings, for each State's Covered Conduct, including, without limitation, all of the claims that were brought or could have been brought by, or on behalf of, each of the Settling States related to the "Federal Share" for each Settling State (defined to mean the United States' portion of any Medicaid

reimbursement in each of the Settling States) of any Medicaid reimbursement arising from each State's Covered Conduct, or the "State Share" for each Settling State (defined to mean each Settling State's portion of any Medicaid reimbursement) of any Medicaid reimbursement arising from each State's Covered Conduct;

S.     This Agreement is intended to fully and finally resolve any and all claims against, and the liability of Par, arising under the Federal *Qui Tam* Proceedings, for the Federal Covered Conduct, except for claims for the Illinois Federal Share and Illinois State Share with respect to the Covered Drugs; and

T.     The Plaintiffs have concluded that this Agreement is in the public interest.

### III. TERMS AND CONDITIONS

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations set forth below in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.     The foregoing Preamble is incorporated herein.

2.     In full and final settlement of all of the Federal Released Claims, Kentucky Released Claims, Alaska Released Claims, South Carolina Released Claims, Texas Released Claims, and Florida Released Claims (each defined below and referred to collectively as the "Released Claims"), Par Pharmaceutical, Inc. (the "Par Payor") shall pay, or shall cause to be paid on its behalf, the sum of one hundred fifty-four million United States dollars ($154,000,000) (the "Settlement Amount") for the benefit of the Plaintiffs on the terms, and subject to, the conditions set forth herein.  The Parties agree that the Settlement Amount shall resolve, fully and finally, all of the Released Claims.  The Parties further agree that all amounts payable to any of

the Relator's (or any other Plaintiff's) attorneys or other representatives or advisors shall be paid out of the Settlement Amount without further liability of Par.  Texas hereby acknowledges and agrees that the check made payable to Texas Health and Human Services Commission, in the amount of six million five hundred forty thousand dollars ($6,540,000) originally delivered by Par to Mr. Donald Valdes, R. Ph. of the Texas Health and Human Services Commission, has expired on its face and no longer constitutes legal tender, and that any obligation represented by Par's delivery of such check has been superseded by this Agreement.

3.      Within five (5) business days following the Effective Date, the Par Payor shall (a) pay the Settlement Amount by wire transfers in the amounts set forth and as further specified in the "Settlement Amount Allocation Schedule" attached hereto as Exhibit 1; and (b) deliver to (i) Breen an original executed copy of the Stipulation of Dismissal with Prejudice of Certain Claims Against Par Parties and Motion for Order of Dismissal with Prejudice in substantially the form attached hereto as Exhibit 2A; (ii) deliver to Florida an original executed copy of the Joint Motion to Dismiss with Prejudice in substantially the form attached hereto as Exhibit 3A; (iii) deliver to Texas (A) an original executed copy of the Joint Motion to Dismiss in substantially the form attached hereto as Exhibit 4A; and (B) an original executed copy of the Order of Dismissal in substantially the form attached hereto as Exhibit 4B; (iv) deliver to Kentucky an original executed copy of the Joint Stipulation and Order to Dismiss with Prejudice in substantially the form attached hereto as Exhibit 5; and (v) deliver to Alaska an original executed copy of the Stipulation and Order to Dismiss Par Pharmaceutical Companies, Inc. in substantially the form attached hereto as Exhibit 6.  The allocation of the Settlement Amount among the United States, each of the Settling States, the Relator, the Individual Plaintiffs and their respective counsel is a matter that shall be handled separately by and among the Relator, the Individual Plaintiffs, the

Settling States, and the United States without Par's involvement.  Par was not consulted about the allocation of the Settlement Amount among the Plaintiffs and the United States, nor has Par had any input into the allocation. For this reason, Par is not in a position to agree to the allocation and, as a part of the Agreement, will not contest such allocation, or be deemed to have endorsed or been responsible for, any such allocation or the use of the proceeds by any ultimate recipient. The Plaintiffs represent and warrant that the Plaintiffs and the United States have agreed among themselves to share in the Settlement Amount as set forth in the Settlement Amount Allocation Schedule.  Finally, that portion of the Settlement Payment allocated and payable to Alaska is restricted to use for Medicaid, and for consumer protection, education, and enforcement as determined by the Alaska Attorney General.

4.     Promptly upon his receipt of the signed U.S. Written Consent in the form attached hereto as Exhibit 8, Breen shall deliver notice to Par that he has received said consent. Within three (3) business days following the Par Payor's payment of the full Settlement Amount, or, if later and as applicable, promptly following receipt of the relevant document(s) signed by Par:  (i) Breen shall (A) sign, or cause to be signed, and shall file with the court for the Federal *Qui Tam* Proceedings a fully executed original of the Stipulation of Dismissal with Prejudice of Certain Claims Against Par Parties and Motion for Order of Dismissal with Prejudice in substantially the form attached hereto as Exhibit 2A; and (B) file with the court for the Federal Qui *Tam* Proceedings (1) the proposed Order of Dismissal with Prejudice of Certain Claims Against Par Defendants in substantially the form attached hereto as Exhibit 2B (the "Federal Order"); and (2) the signed U.S. Written Consent in the form attached hereto as Exhibit 8; (ii) Florida shall sign, or caused to be signed, and Florida shall file with the court for the Florida Proceedings a fully executed original of (A) the Joint Motion to Dismiss with Prejudice in

substantially the form attached hereto as <u>Exhibit</u> <u>3A</u> and (B) the proposed Order of Dismissal with Prejudice in substantially the form attached hereto as <u>Exhibit</u> <u>3B</u> (the "<u>Florida Order</u>"); (iii) Texas shall sign, or caused to be signed, and Texas shall file with the court for the Texas Proceedings a fully executed original of (A) the Joint Motion to Dismiss in substantially the form attached hereto as <u>Exhibit</u> <u>4A</u> and (B) the proposed Order of Dismissal in substantially the form attached hereto as <u>Exhibit</u> <u>4B</u> (the "<u>Texas Order</u>"); (iv) Kentucky shall sign, or caused to be signed, and Kentucky shall file with the court for the Kentucky Proceedings a fully executed original of the Joint Stipulation and Order to Dismiss with Prejudice in substantially the form attached hereto as <u>Exhibit</u> <u>5</u> (the "<u>Kentucky Order</u>"); (v) Alaska shall sign, or caused to be signed, and Alaska shall file with the court for the Alaska Proceedings a fully executed original of the Stipulation and Order to Dismiss Par Pharmaceutical Companies, Inc. in substantially the form attached hereto as <u>Exhibit</u> <u>6</u> (the "<u>Alaska Order</u>"); and (vi) South Carolina shall file with the court for the South Carolina Proceedings the proposed Order of Dismissal with Prejudice in substantially the form attached hereto as <u>Exhibit</u> <u>7</u> (the "<u>South Carolina Order</u>," and, together with the Federal Order, the Florida Order, the Texas Order, the Kentucky Order, and the Alaska Order, the "<u>Orders of Dismissal</u>").

5.      Alaska, Kentucky and South Carolina acknowledge that Par has reported, and continues to report, confidential market pricing information on a quarterly basis to the Centers for Medicare and Medicaid Services.  As part of this Agreement, Par shall also provide this confidential market pricing information directly to each of Alaska, Kentucky and South Carolina or its designee for a period of five (5) years, pursuant to specific terms and conditions to be set forth in a Letter Agreement between each such Settling State and Par in the form attached hereto as <u>Exhibit</u> <u>9</u> to be executed and delivered concurrently with this Agreement.  Each of Alaska,

Kentucky and South Carolina agrees that substantial compliance by Par with these price reporting obligations shall, from the Effective Date of this Agreement forward, satisfy in full any legal obligation Par may have to disclose, directly or indirectly, to each such state or any agencies, departments or representative thereof market pricing for the pharmaceutical products to which that reporting pertains.   However, this paragraph does not relieve Par of any new disclosure obligations that may arise from changes in state or federal law enacted after the Effective Date of this Agreement so long as such changes are generally applicable to the pharmaceutical industry.

6.      In consideration of the obligations of Par in this Agreement, and conditioned on the Par Payor's payment in full of the Settlement Amount in accordance with Paragraphs III.2 through III.4 above, (a) Relator, for itself (including to the extent it is capable under the law all *qui tam* claims brought on behalf the United States in the Federal *Qui Tam* Proceedings) and each of its predecessors, successors and assigns, and its and their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and its and their current and former officers, directors, shareholders, agents, employees, managers, partners, servants, attorneys, advisors and other representatives; and (b) each Individual Plaintiff, for himself and his assigns, and his and their current and former heirs, executors, administrators, attorneys, advisors and other representatives (the persons and entities described in subparagraphs (a) and (b) being collectively referred to as the "Relator and Individual Plaintiff Releasors"), fully and finally, irrevocably and unconditionally release, acquit and forever discharge Par as well as its predecessors, successors and assigns, and its and their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and its and their current and former officers, directors, shareholders, agents, employees, managers, partners,

servants, attorneys, advisors and other representatives (collectively, the "Par Releasees") from any and all civil, regulatory and/or administrative claims, complaints, actions, suits, demands, grievances, controversies, allegations, accusations, rights, causes of action, liabilities, judgments, damages or proceedings of any kind or nature, as well as all forms of relief (including all remedies, losses, debts, attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), whether sealed or unsealed, known or unknown, foreseen or unforeseen, which have been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right against any of the Par Releasees based upon or arising out of the Federal Covered Conduct (the "Federal Released Claims"), including but not limited to the Federal Share of any claim brought by or on behalf of the District of Columbia or any of the states, excluding Illinois, or any United States territory for, or arising out of, the Federal Covered Conduct.  Without limiting the generality of the foregoing, and to the fullest extent that the Relator and the Individual Plaintiffs are capable under applicable law, this release fully discharges and releases Par from (i) any obligation to pay Medicaid-related damages, restitution, fines and/or penalties arising from the Federal Covered Conduct; and (ii) any civil obligation to the Relator or its attorneys, including any Relator's share, expenses, attorneys' fees, and costs associated with the Civil Actions to which Relator or its attorneys may be entitled.

7.      In consideration of the obligations of Par in this Agreement, and conditioned on the Par Payor's payment in full of the Settlement Amount in accordance with Paragraphs III.2 through III.4 above, Kentucky, for itself as well as its predecessors, successors and assigns, and its and their current and former direct and indirect affiliates, subsidiaries, political subdivisions (to the extent of Kentucky's authority), agencies, departments, and its and their respective

current and former trustees, officials, beneficiaries, officers, directors, agents, employees, managers, partners, servants, attorneys, advisors and other representatives (collectively, the "Kentucky Releasors"), fully and finally, irrevocably and unconditionally release, acquit and forever discharge the Par Releasees from any and all civil, regulatory and/or administrative claims, complaints, actions, suits, demands, grievances, controversies, allegations, accusations, rights, causes of action, liabilities, judgments, damages or proceedings of any kind or nature, as well as all forms of relief (including all remedies, losses, debts, attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), whether sealed or unsealed, known or unknown, foreseen or unforeseen, which have been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right, against any of the Par Releasees based upon or arising out of the Kentucky Covered Conduct (the "Kentucky Released Claims").  Without limiting the generality of the foregoing, and to the fullest extent that Kentucky is capable under applicable law, this release fully discharges and releases Par from any obligation to pay Medicaid-related damages, restitution, fines and/or penalties, or the Kentucky State Share arising from the Kentucky Covered Conduct.

8.      In consideration of the obligations of Par in this Agreement, and conditioned on the Par Payor's payment in full of the Settlement Amount in accordance with Paragraphs III.2 through  III.4 above, Alaska, for itself as well as its predecessors, successors and assigns, and its and their current and former direct and indirect affiliates, subsidiaries, political subdivisions (to the extent of Alaska's authority), agencies, departments, and its and their respective current and former trustees, officials, beneficiaries, officers, directors, agents, employees, managers, partners, servants, attorneys, advisors and other representatives (collectively, the "Alaska Releasors"), fully and finally, irrevocably and unconditionally release, acquit and forever

13

discharge the Par Releasees from any and all civil, regulatory and/or administrative claims, complaints, actions, suits, demands, grievances, controversies, allegations, accusations, rights, causes of action, liabilities, judgments, damages or proceedings of any kind or nature, as well as all forms of relief (including all remedies, losses, debts, attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), whether sealed or unsealed, known or unknown, foreseen or unforeseen, which have been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right, against any of the Par Releasees based upon or arising out of the Alaska Covered Conduct (the "Alaska Released Claims").  Without limiting the generality of the foregoing, and to the fullest extent that Alaska is capable under applicable law, this release fully discharges and releases Par from any obligation to pay Medicaid-related damages, restitution, fines and/or penalties, or the Alaska State Share arising from the Alaska Covered Conduct.

9.     In consideration of the obligations of Par in this Agreement, and conditioned on the Par Payor's payment in full of the Settlement Amount in accordance with Paragraphs III.2 through III.4 above, South Carolina, for itself as well as its predecessors, successors and assigns, and its and their current and former direct and indirect affiliates, subsidiaries, political subdivisions (to the extent of South Carolina's authority), agencies, departments, and its and their respective current and former trustees, officials, beneficiaries, officers, directors, agents, employees, managers, partners, servants, attorneys, advisors and other representatives (collectively, the "South Carolina Releasors"), fully and finally, irrevocably and unconditionally release, acquit and forever discharge the Par Releasees from any and all civil, regulatory and/or administrative claims, complaints, actions, suits, demands, grievances, controversies, allegations, accusations, rights, causes of action, liabilities, judgments, damages or proceedings of any kind

14

or nature, as well as all forms of relief (including all remedies, losses, debts, attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), whether sealed or unsealed, known or unknown, foreseen or unforeseen, which have been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right, against any of the Par Releasees based upon or arising out of the South Carolina Covered Conduct (the "South Carolina Released Claims").  Without limiting the generality of the foregoing, and to the fullest extent that South Carolina is capable under applicable law, this release fully discharges and releases Par from any obligation to pay Medicaid-related damages, restitution, fines and/or penalties, or the South Carolina State Share arising from the South Carolina Covered Conduct.

10.    In consideration of the obligations of Par in this Agreement, and conditioned on the Par Payor's payment in full of the Settlement Amount in accordance with Paragraphs III.2 through III.4 above, Texas, for itself as well as its predecessors, successors and assigns, and its and their current and former direct and indirect affiliates, subsidiaries, political subdivisions (to the extent of Texas' authority), agencies, departments, and its and their respective current and former trustees, officials, beneficiaries, officers, directors, agents, employees, managers, partners, servants, attorneys, advisors and other representatives (collectively, the "Texas Releasors"), fully and finally, irrevocably and unconditionally release, acquit and forever discharge the Par Releasees from any and all civil, regulatory and/or administrative claims, complaints, actions, suits, demands, grievances, controversies, allegations, accusations, rights, causes of action, liabilities, judgments, damages or proceedings of any kind or nature, as well as all forms of relief (including all remedies, losses, debts, attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), whether sealed or

unsealed, known or unknown, foreseen or unforeseen, which have been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right, against any of the Par Releasees based upon or arising out of the Texas Covered Conduct (the "Texas Released Claims").  Without limiting the generality of the foregoing, and to the fullest extent that Texas is capable under applicable law, this release fully discharges and releases Par from any obligation to pay Medicaid-related damages, restitution, fines and/or penalties, or the Texas State Share arising from the Texas Covered Conduct.

11.     In consideration of the obligations of Par in this Agreement, and conditioned on the Par Payor's payment in full of the Settlement Amount in accordance with Paragraphs III.2 through III.4 above, Florida, for itself as well as its predecessors, successors and assigns, and its and their current and former direct and indirect affiliates, subsidiaries, political subdivisions (to the extent of Florida's authority), agencies, departments, and its and their respective current and former trustees, officials, beneficiaries, officers, directors, agents, employees, managers, partners, servants, attorneys, advisors and other representatives (the "Florida Releasors"), fully and finally, irrevocably and unconditionally release, acquit and forever discharge the Par Releasees from any and all civil, regulatory and/or administrative claims, complaints, actions, suits, demands, grievances, controversies, allegations, accusations, rights, causes of action, liabilities, judgments, damages or proceedings of any kind or nature, as well as all forms of relief (including all remedies, losses, debts, attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), whether sealed or unsealed, known or unknown, foreseen or unforeseen, which have been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right, against any of the Par Releasees based upon or arising out of the Florida Covered Conduct (the "Florida

Released Claims"). Without limiting the generality of the foregoing, and to the fullest extent that Florida is capable under applicable law, this release fully discharges and releases Par from any obligation to pay Medicaid-related damages, restitution, fines and/or penalties, or the Florida State Share arising from the Florida Covered Conduct.

12.     In consideration of the obligations of the Plaintiffs set forth in this Agreement and conditioned upon the filing of the signed U.S. Written Consent in accordance with the terms hereof and upon each of the Orders of Dismissal becoming a final and non-appealable order without amendment or modification thereto or limitations thereof, Par, for itself and each of its predecessors, successors and assigns, and its and their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and its and their current and former officers, directors, shareholders, agents, employees, managers, partners, servants, attorneys, advisors and other representatives (collectively, the "Par Releasors") fully and finally, irrevocably and unconditionally release, acquit and forever discharge the United States, the Relator and Individual Plaintiff Releasors (specifically, with respect to the Relator, in its own capacity and in its capacity as *qui tam* representative of the United States of America), the Kentucky Releasors, the Alaska Releasors, the South Carolina Releasors, the Texas Releasors, and the Florida Releasors from any and all claims, complaints, actions, suits, demands, grievances, controversies, allegations, accusations, rights, causes of action, liabilities, judgments, damages or proceedings of any kind or nature, as well as all forms of relief (including all remedies, losses, debts, attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), whether sealed or unsealed, known or unknown, foreseen or unforeseen, which has been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right against any of the Relator and

Individual Plaintiff Releasors, the Kentucky Releasors, the Alaska Releasors, the South Carolina Releasors, the Texas Releasors, and/or the Florida Releasors, for or arising from any of the Federal Covered Conduct, Kentucky Covered Conduct, Alaska Covered Conduct, South Carolina Covered Conduct, Texas Covered Conduct, or Florida Covered Conduct (collectively, the "Covered Conduct") or the investigation, or litigation of claims arising from, such Covered Conduct which Par could have asserted.

13.     Nothing in this Agreement shall be construed to create a waiver of the Sovereign Immunity of the United States of America, Texas, Florida, Alaska, South Carolina, or Kentucky.

14.     Notwithstanding any other term of this Agreement, including the release provisions in Paragraphs III.6 through III.12 above, any and all of the following are specifically reserved and excluded from the scope and terms of this Agreement, and from the scope and terms of the releases, as to any entity or person (including the Parties):

a)      Any claims based upon such obligations as are created by this Agreement;

b)      Any claims for the Illinois Federal Share, the Illinois State Share, or another other claim asserted or relief sought in *The People of the State of Illinois v. Abbott Laboratories, et al.*, No. 05 CH 2474 (Circuit Court of Cook County, Illinois);

c)      The subrogation rights to claims for personal injury or injury to real or personal property arising from usage by a participant or beneficiary in the Medicaid Program of any of the Covered Drugs covered thereunder;

d)      Any claims based on a failure to deliver products or services due;

e)      Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code) or any state tax or revenue law;

f)      Any criminal liability;

g)     Any express or implied warranty claims or other claims for defective or deficient products and services provided by  Par;

h)     Any claims based on or arising out of conduct occurring or circumstances existing after the Effective Date of this Agreement;

i)     Liability to the United States  for any conduct other than the Federal Covered Conduct, and liability to any state for any conduct other than the Kentucky Covered Conduct, Alaska Covered Conduct, South Carolina Covered Conduct, Texas Covered Conduct, and Florida Covered Conduct;

j)     Any civil or administrative liability that Par has or may have under any state statute, regulation, or rule not covered by the release provisions in Paragraphs III.6 through III.11 above; and

k)     Any claims arising from Par's obligations to pay rebates to any Plaintiff under any law or contract, including, but not limited to, under the provisions of the Omnibus Budget Reconciliation Act of 1990 and all amendments thereto.

15.     The Parties each represent that this Agreement is freely and voluntarily entered into without any degree of duress whatsoever.

16.      Except as set forth in Paragraph III.2 above, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

17.     Notice. Any notice, request, demand or other communication required or permitted hereunder shall be given or made in writing, delivered personally, by facsimile transmission or by certified, registered or express mail, return receipt requested, and addressed as

set forth below (or to such other person or address as the applicable Party may from time to time

furnish to each other Party in accordance with the terms of this Paragraph III.17):

In case of Par, to:

> Par Pharmaceutical Companies, Inc.
> 300 Tice Boulevard
> Woodcliff Lake, NJ 07677
> Attn: Martin L. Wilson, Esq.
> Senior Director, Legal, Compliance
> Fax: (201) 802-4158

With a copy (not constituting notice) to:

> Paul K. Dueffert, Esq.
> Williams & Connolly LLP
> 725 Twelfth Street, NW
> Washington, DC  20005
> Telecopier No:  (202) 434-5029

In the case of Alaska, to:

> Clyde E. Sniffen, Jr.
> Senior Assistant Attorney General
> Alaska Department of Law
> 1041 W. 4th Avenue # 200
> Anchorage, AK  99501
> Fax: (907) 276-8554

In the case of Florida, to:

> Deputy Attorney General and Chief Counsel
> State of Florida Office of the Attorney General
> PL-01, The Capitol
> Tallahassee, FL 32399
> Fax: (850) 410-0179

In the case of Kentucky, to:

> Office of the Commissioner

Kentucky Department for Medicaid Services
275 E. Main Street
Frankfort, KY 40621
Fax: (502) 564-0509

- and -

C. David Johnstone, Esq.
Assistant Attorney General
1024 Capital Center Dr., Suite 200
Frankfort, KY 40601
Fax: (502) 573-7150

In the case of South Carolina, to:

C. Havird Jones, Jr.
Assistant Deputy Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
Fax: (803) 734-3970

In the case of Texas, to:

Raymond C. Winter
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
Fax: (512) 499-0712

In the case of the Relator and/or Breen, to:

James J. Breen
The Breen Law Firm, P.A.
Suite 260
5755 North Point Parkway
Alpharetta, Georgia 30022
Fax: (678) 252-5545

In the case of any of the Individual Plaintiffs, to:

James J. Breen
The Breen Law Firm, P.A.
Suite 260
5755 North Point Parkway
Alpharetta, Georgia 30022
Fax: (678) 252-5545

Such notices, requests, demands or other communications shall be deemed received upon

personal delivery, on the business day following the date of the facsimile transmission or on the

third business day following the date of sending if sent by registered, certified or express mail.

18.    Governing Law; Venue.

a)    The laws of the United States and the Settling States shall govern all

questions between or among Par and each Plaintiff  concerning  each Plaintiff's respective

Released Claims.  All issues and questions between or among any of the Parties concerning the

construction, validity, enforcement and interpretation of this Agreement and the attachments

hereto shall be governed by, and construed in accordance with, the laws of the State of New

York, without giving effect to any choice of law or conflict of law rules or provisions (whether

of the State of New York or any other jurisdiction) that would cause the application of the laws

of any jurisdiction other than the State of New York.

b)    The Parties agree that the exclusive  jurisdiction and venue for any dispute

arising between and among the Parties relating to the Federal *Qui Tam* Proceedings shall be the

United States District Court for the District of Massachusetts and that the United States District

Court for the District of Massachusetts shall retain continuing jurisdiction over the Federal *Qui*

*Tam* Proceedings and all releases pertaining thereto provided for herein, including for purposes

of issuing an injunction in protection of any court's jurisdiction to enforce the terms, conditions,

and releases provided for in this Agreement.  In as much as any provision of this Agreement

relates to the Parties' rights in the Florida Proceedings and all releases pertaining thereto provided for herein, the exclusive jurisdiction and venue shall be the Second Circuit in and for Leon County, Florida.  In as much as any provision of this Agreement relates to the Parties' rights in the Texas Proceedings and all releases pertaining thereto provided for herein, the exclusive jurisdiction and venue shall be the 419th Judicial District Court of Travis County, Texas.  In as much as any provision of this Agreement relates to the Parties' rights in the Kentucky Proceedings and all releases pertaining thereto provided for herein, releases or enforcement remedies, the exclusive jurisdiction and venue shall be the Commonwealth of Kentucky Franklin Circuit Court.  In as much as any provision of this Agreement relates to the Parties' rights in the Alaska Proceedings and all releases pertaining thereto provided for herein, releases or enforcement remedies, the exclusive jurisdiction and venue shall be the Superior Court for the State of Alaska, Third Judicial District at Anchorage.  In as much as any provision of this Agreement relates to the Parties' rights in the South Carolina Proceedings and all releases pertaining thereto provided for herein, releases or enforcement remedies, the exclusive jurisdiction and venue shall be the South Carolina Court of Common Pleas for the Fifth Judicial Circuit.

19.    This Agreement, together with all attachments hereto, constitutes the complete agreement between and among the Parties with regard to the subject matter hereof.  This Agreement may not be amended except by written consent of all of the Parties.  The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement, or a course of dealings between the Parties, shall not be a waiver of such terms or conditions or of such Party's right thereafter to enforce each and every term and condition of this Agreement.

20.     The individuals signing this Agreement on behalf of a Party represent and warrant that they are authorized to execute this Agreement on behalf of such Party.

21.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.  Facsimiles or PDFs of signatures shall constitute acceptable binding signatures for purposes of this Agreement.

22.     This Agreement is binding and shall inure to the benefit of each of the Par Parties and its respective successors, transferees, and assigns.

23.     This Agreement is binding on and shall inure to the benefit of each of the Plaintiffs, their attorneys, successors, transferees, heirs, and assigns.

24.     This Agreement has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Agreement.  In addition, this Agreement was drafted by experienced and knowledgeable legal counsel for each of the Parties.  Accordingly, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.  The provisions of this Agreement shall be interpreted in a reasonable manner to affect the purposes of the Parties and this Agreement.

25.     This Agreement is effective (the "Effective Date") on the latter of: (a) the date of signature of the last signatory to this Agreement upon execution and delivery hereof by all of the Parties (the "Execution Date"), or (b) the delivery to Breen of a true and correct copy of the signed U.S. Written Consent in the form attached hereto as Exhibit 8 and the delivery by Breen to Par of notice that he has received the signed U.S. Written Consent.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

IN WITNESS WHEREOF, the Parties have executed this Agreement:

PAR

    Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.

BY

Date: 8/10/11

Patrick G. LePore
Title: Chairman, President, CEO

AND

Date: 8/10/11

Patrick G. LePore
Title: Chairman, President, CEO

**RELATOR AND ITS ATTORNEY**

THE BREEN LAW FIRM, P.A.

By: _____   Date: 7/25/11

James J. Breen
The Breen Law Firm, P.A.
*Counsel to Ven-A-Care of the Florida Keys, Inc.*


VEN-A-CARE OF THE FLORIDA KEYS, INC.

By: _____   Date: _____

T. Mark Jones, President

**INDIVIDUAL PLAINTIFFS**

ZACHARY T. BENTLEY

_____   Date: _____

Zachary T. Bentley


T. MARK JONES

_____   Date: _____

T. Mark Jones


JOHN M. LOCKWOOD

_____   Date: _____

John M. Lockwood


LUIS E. COBO

_____   Date: _____

Luis E. Cobo

**RELATOR AND ITS ATTORNEY**

The Breen Law Firm, P.A.

By: _____   Date: _____

James J. Breen
The Breen Law Firm, P.A.
*Counsel to Ven-A-Care of the Florida Keys, Inc.*

Ven-A-Care of the Florida Keys, Inc.

By: _____   Date: 7/24/11

T. Mark Jones/President

**Individual Plaintiffs**

Zachary T. Bentley

_____   Date: _____

Zachary T. Bentley

T. Mark Jones

_____   Date: 7/24/11

T. Mark Jones

John M. Lockwood

_____   Date: _____

John M. Lockwood

Luis E. Cobo

_____   Date: _____

Luis E. Cobo

26

**RELATOR AND ITS ATTORNEY**

THE BREEN LAW FIRM, P.A.

By: _____   Date: _____

James J. Breen
The Breen Law Firm, P.A.
*Counsel to Ven-A-Care of the Florida Keys, Inc.*

VEN-A-CARE OF THE FLORIDA KEYS, INC.

By: _____   Date: _____

T. Mark Jones, President

**INDIVIDUAL PLAINTIFFS**

ZACHARY T. BENTLEY

_____   Date: 7/25/11

Zachary T. Bentley

T. MARK JONES

_____   Date: _____

T. Mark Jones

JOHN M. LOCKWOOD

_____   Date: _____

John M. Lockwood

LUIS E. COBO

_____   Date: _____

Luis E. Cobo

**RELATOR AND ITS ATTORNEY**

THE BREEN LAW FIRM, P.A.

By: _____   Date: _____
        James J. Breen
        The Breen Law Firm, P.A.
        *Counsel to Ven-A-Care of the Florida Keys, Inc.*


VEN-A-CARE OF THE FLORIDA KEYS, INC.

By: _____   Date: _____
        T. Mark Jones, President


**INDIVIDUAL PLAINTIFFS**

ZACHARY T. BENTLEY

_____   Date: _____
Zachary T. Bentley


T. MARK JONES

_____   Date: _____
T. Mark Jones


JOHN M. LOCKWOOD

_____   Date: _7/25/11_
John M. Lockwood


LUIS E. COBO

_____   Date: _____
Luis E. Cobo


26

**RELATOR AND ITS ATTORNEY**

THE BREEN LAW FIRM, P.A.

By: _____ Date: _____
    James J. Breen
    The Breen Law Firm, P.A.
    *Counsel to Ven-A-Care of the Florida Keys, Inc.*

VEN-A-CARE OF THE FLORIDA KEYS, INC.

By: _____ Date: _____
    T. Mark Jones, President

**INDIVIDUAL PLAINTIFFS**

ZACHARY T. BENTLEY

_____ Date: _____
Zachary T. Bentley

T. MARK JONES

_____ Date: _____
T. Mark Jones

JOHN M. LOCKWOOD

_____ Date: _____
John M. Lockwood

LUIS E. COBO

_____ Date: 7/24/11
Luis E. Cobo

26

**TEXAS**

**State of Texas**
**Office of the Attorney General**

By: _Raymond C. Winter (by CBK with permission)_
Raymond C. Winter

Title: Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas

Date: _08-08-11_


**State of Texas**
**Health and Human Services Commission**

By: _Thomas M. Suehs (by CBK with permission)_

Title: Executive Commissioner, HHSC

Date: _08-08-11_


**FLORIDA**

**State of Florida**
**Office of the Attorney General**

By: _____

Title: Deputy Attorney General
and Chief Counsel,
State of Florida Office
of the Attorney General

Date: _____

27

**TEXAS**

**State of Texas**
**Office of the Attorney General**

By: _Raymond C. Winter (by CBK with permission)_
    Raymond C. Winter
Title: Chief, Civil Medicaid Fraud Division
      Office of the Attorney General of Texas
Date: _08 - 08 - 11_

**State of Texas**
**Health and Human Services Commission**

By:
    _Thomas M. Suehs (by CBK with permission)_
Title: Executive Commissioner, HHSC

Date: _08 - 08 - 11_

**FLORIDA**

**State of Florida**
**Office of the Attorney General**

By: _C. Murf_
Title: Deputy Attorney General
    and Chief Counsel,
    State of Florida Office
    of the Attorney General

Date: _8 | 9 | 11_

**KENTUCKY**

**Commonwealth of Kentucky**
**Office of the Attorney General**

By: _Mitchel T Denham_
Title: _Assistant Deputy Attorney General_
Date: _7/20/11_

**ALASKA**

**State of Alaska**
**Office of the Attorney General**

By: _____
Title: _____
Date: _____

**SOUTH CAROLINA**

**State of South Carolina**
**Office of the Attorney General**

By: _____
Title: _____
Date: _____

**KENTUCKY**

**Commonwealth of Kentucky**
**Office of the Attorney General**

By: _____
Title: _____
Date: _____

**ALASKA**

**State of Alaska**
**Office of the Attorney General**

By: _Cyle E. Leflnd_
Title: _Senior Asst. Attorney General_
Date: _7 - 25 - 2011_

**SOUTH CAROLINA**

**State of South Carolina**
**Office of the Attorney General**

By: _____
Title: _____
Date: _____

**KENTUCKY**

**Commonwealth of Kentucky**
**Office of the Attorney General**

By: _____
Title: _____
Date: _____

**ALASKA**

**State of Alaska**
**Office of the Attorney General**

By: _____
Title: _____
Date: _____

**SOUTH CAROLINA**

**State of South Carolina**
**Office of the Attorney General**

By: _____
Title: _____
Date: _____

28

<u>EXHIBITS</u>

Exhibit 1 -      Settlement Amount Allocation Schedule

Exhibit 2A -    Federal *Qui Tam* Proceedings - Stipulation of Dismissal with Prejudice of Certain
Claims Against Par Parties and Motion for Order of Dismissal

Exhibit 2B -    Federal *Qui Tam* Proceedings - Order of Dismissal with Prejudice of Certain
Claims Against Par Defendants

Exhibit 3A -    Florida Proceedings - Joint Motion to Dismiss with Prejudice

Exhibit 3B -    Florida Proceedings - Proposed Order of Dismissal with Prejudice

Exhibit 4A -    Texas Proceedings - Joint Motion to Dismiss

Exhibit 4B -    Texas Proceedings - Proposed Order of Dismissal

Exhibit 5 -      Kentucky Proceedings - Joint Stipulation and Order to Dismiss with Prejudice

Exhibit 6 -      Alaska Proceedings - Stipulation and Order to Dismiss Par Pharmaceutical
Companies, Inc.

Exhibit 7 -      South Carolina Proceedings - Proposed Order of Dismissal with Prejudice

Exhibit 8 -      U.S. Written Consent

Exhibit 9 -      Letter Agreement Regarding Reporting of Confidential Market Pricing
Information

<u>EXHIBIT 1</u>

Settlement Amount Allocation Schedule

| Payee | Amount |
|---|---|
| The United States | $90,950,000 |
| The State of Texas for Texas Office of Attorney General's Fees and Costs | $5,000,000 |
| The State of Texas | $24,411,000 |
| The State of Florida | $9,480,000 |
| Ven-A-Care of the Florida Key's Inc.,  in payment of relator shares pursuant to the Florida False Claims Act and the Texas Medicaid Fraud Prevention Act | $9,009,000 |
| Ven-A-Care of the Florida Key's Inc.,  in payment of attorney's fees and costs. | $5,000,000 |
| The Commonwealth of Kentucky | $4,500,000 |
| The State of Alaska | $900,000 |
| The State of South Carolina | $3,150,000 |

| | |
|---|---|
| Miner, Barnhill & Galland, P.C., in payment of attorney's fees and costs in connection with the Kentucky Proceedings | $1,600,000 |
| Total Settlement Amount | $154,000,000 |

EXHIBIT 2A

FEDERAL *QUI TAM* PROCEEDINGS

STIPULATION OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS
AGAINST PAR PARTIES AND
MOTION FOR ORDER OF DISMISSAL

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | ) MDL No. 1456 |
| | ) Civil Action No. 01-12257-PBS |
| | ) |
| PHARMACEUTICAL INDUSTRY | ) Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) |
| LITIGATION | ) |
| | ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) |
| *United States of America ex rel. Ven-A-Care of* | ) Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) |
| *officers and directors, Zachary T. Bentley and* | ) |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) |

## STIPULATION OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS AGAINST
## PAR PARTIES AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE

The above-captioned matter is an action brought under the *qui tam* provisions of the
federal False Claims Act, 31 U.S.C. §§3729-3733, by Relator Ven-A-Care of the Florida Keys,
Inc. (the "Relator") against Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc.
(together referred to herein as "Par") (Par together with Relator collectively the "Parties").

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions
of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with, and as limited

by, the terms of the Settlement Agreement and Release, the Parties hereby stipulate to the entry

of an order dismissing all "Released Claims" for the "Covered Conduct" against Par (as the

terms in quotations are defined in the Settlement Agreement and Release attached hereto as

Exhibit A.)

The Parties further stipulate that, except as specified in the Settlement Agreement and

Release, any claim the Relator or its counsel has to a Relator's share or for expenses, attorneys'

fees, and costs shall not be the responsibility of Par.

WHEREFORE, to permit them to effectuate the terms of their partial settlement, pursuant

to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal

False Claims Act, 31 U.S.C. § 3730(b)(1), the Parties respectfully request that the Court enter an

order in the form attached hereto as Exhibit B.

Respectfully submitted,


 /s/ James J. Breen
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator



 /s/ Paul K. Dueffert
PAUL K. DUEFFERT
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC  20005
(202) 434-5097

Counsel for Par

Dated:  _____ ___, 2011

EXHIBIT 2B

FEDERAL *QUI TAM* PROCEEDINGS

ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS
AGAINST PAR DEFENDANTS

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257- |
| PBS | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS
## AGAINST PAR DEFENDANTS

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions

of the federal False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator")

and Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (together referred to herein

as "Par") (Par together with Relator collectively the "Parties") filed with this Court, a Stipulation

of Dismissal and Motion for Order of Dismissal with Prejudice as to Certain Claims Against Par.

Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release,

the United States' Consent, the lack of objection to the proposed Settlement, and the Court's

determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.     Consistent with the terms of, and as limited by,  the Settlement Agreement and Release attached hereto as Exhibit A, the above captioned Civil Action is dismissed with prejudice as to Par; however, this dismissal shall be without prejudice to the right of the United States to recover the federal share of Medicaid Program payments by the State of Illinois.

2.     This Order resolves all claims against Par for the federal share of Medicaid program payments encompassed by the above-captioned Civil Action except for those attributable to the State of Illinois.  This Order shall in no way prejudice or limit any claims for a state's share.

3.     Except as specified in the Settlement Agreement and Release, each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.     The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this ___ day of _____, 2011.


THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT 3A

FLORIDA PROCEEDINGS

JOINT MOTION TO DISMISS WITH PREJUDICE

**IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION**

| | | |
|---|---|---|
| **THE STATE OF FLORIDA** | ) | |
| | ) | |
| **ex rel.** | ) | |
| | ) | |
| **VEN-A-CARE OF THE** | ) | |
| **FLORIDA KEYS, INC.,** | ) | |
| a Florida Corporation, by and | ) | |
| through its principal | ) | |
| officers and directors, | ) | |
| **ZACHARY T. BENTLEY and** | ) | |
| **T. MARK JONES,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | **CIVIL ACTION NOS.: 98-3032H,** |
| | ) | **and 03-CA 1165** |
| **v.** | ) | |
| | ) | |
| **PAR PHARMACEUTICAL INC. AND** | ) | |
| **PAR PHARMACEUTICAL** | ) | |
| **COMPANIES, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

37

## <u>JOINT MOTION TO DISMISS WITH PREJUDICE</u>

TO THE HONORABLE JUDGE:

The State of Florida and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs") and Defendants Par Pharmaceutical Inc. and Par Pharmaceutical Companies, Inc. ("Par") having settled all matters in dispute between them in this cause, jointly move this Court to dismiss with prejudice all of the Plaintiffs' claims asserted herein against Par, provided that the dismissal shall not affect the rights and duties of such parties as expressed in their Settlement Agreement.

Respectfully submitted,

PAM BONDI
ATTORNEY GENERAL
STATE OF FLORIDA

_____

GRETCHEN H. WALLACE
Florida Bar No. 35010
Assistant Attorney General
Office of the Attorney General
Medicaid Fraud Control Unit
                           PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3600
(850) 487-9475 (FAX)

_____

JAMES J. BREEN
Florida Bar No. 297178

38

The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470
(954) 874-1635
(954) 874-1705 (FAX)

C. JARRETT ANDERSON
Anderson LLC
State Bar No. 00796124
823 Congress Ave., Suite 800
Austin, Texas 78701
(512) 469-9191
(512) 532-0585 (FAX)

Attorneys for the Private Person Plaintiff,
Ven-A-Care of the Florida Keys, Inc.

THOMAS M. FINDLEY
Florida Bar No. 797855
ALBERT "TICO" GIMBEL
Florida Bar No. 279739
Messer, Caparello & Self, P.A.
2618 Centennial Place
Tallahassee, FL 32308
(850) 222-0720
(850) 224-4359 (FAX)

PAUL K. DUEFFERT
Williams & Connolly LLP
Admitted *Pro Hac Vice*
D.C. Bar No. 435452
725 Twelfth St., N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (FAX)

Attorneys for Par Pharmaceutical Inc. and Par
Pharmaceutical Companies, Inc.

EXHIBIT 3B

FLORIDA PROCEEDINGS

PROPOSED ORDER OF DISMISSAL WITH PREJUDICE

---

## IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL CIRCUIT
## IN AND FOR LEON COUNTY, FLORIDA
## CIRCUIT CIVIL DIVISION

| | |
|---|---|
| THE STATE OF FLORIDA | ) |
| | ) |
| ex rel. | ) |
| | ) |
|     VEN-A-CARE OF THE | ) |
|     FLORIDA KEYS, INC., | ) |
|     a Florida Corporation, by and | ) |
|     through its principal | ) |
|     officers and directors, | ) |
|     ZACHARY T. BENTLEY and | ) |
|     T. MARK JONES, | ) |
| | ) |
|       Plaintiffs | ) |
| | )    CIVIL ACTION NOS.: 98-3032H, |
| | )      and 03-CA 1165 |
|       v. | ) |
| | ) |
| PAR PHARMACEUTICAL INC. AND | ) |
| PAR PHARMACEUTICAL | ) |
|   COMPANIES, INC. | ) |
| | ) |
|       Defendants. | ) |
| | ) |

## ORDER OF DISMISSAL WITH PREJUDICE

41

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA"), the State of Florida, the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator"), and Par Pharmaceutical Inc. and Par Pharmaceutical Companies, Inc. (the foregoing parties collectively, "Par") (all of the forgoing parties together, the "Parties") filed with this Court, a Stipulation of Dismissal with Prejudice of Par and Motion for Order of Dismissal with Prejudice of Par. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.     Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from or related to the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2.     Each party shall be responsible for its own expenses, attorneys' fees, and costs.

3.     The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ___ day of ____ 2011.

_____

42

EXHIBIT 4A

TEXAS PROCEEDINGS

JOINT MOTION TO DISMISS

---

**CAUSE NO. D-1-GV-11-000211**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| *ex rel.* | § | |
| | § | |
| VEN-A-CARE OF THE FLORIDA KEYS, INC. | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| PAR PHARMACEUTICAL, INC. and | § | |
| PAR PHARMACEUTICAL COMPANIES, INC. | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | 419TH JUDICIAL DISTRICT |

## JOINT MOTION TO DISMISS

TO THE HONORABLE JUDGE:

43

The State of Texas and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs") and Defendants Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. ("Par") having settled all matters in dispute between them in this cause, jointly move this Court to dismiss with prejudice all of the Plaintiffs' claims asserted herein against Par, provided that the dismissal shall not affect the rights and duties of such parties as expressed in their Settlement Agreement.


Respectfully submitted,


GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation


/s/Raymond C. Winter
RAYMOND C. WINTER
State Bar No. 21791950
Chief, Civil Medicaid Fraud Division
(512) 936-1709 direct dial
MARGARET MOORE
State Bar No. 14360050
(512) 936-1319 direct dial

Assistant Attorneys General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 499-0712 fax

Attorneys for the State of Texas

/s/ James J. Breen
JAMES J. BREEN
Florida Bar No. 297178
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470
(954) 874-1635
(954) 874-1705 (FAX)

C. JARRETT ANDERSON
Anderson LLC
State Bar No. 00796124
823 Congress Ave., Suite 800
Austin, Texas 78701
(512) 469-9191
(512) 532-0585 (FAX)

Attorneys for the Private Person Plaintiff,
Ven-A-Care of the Florida Keys, Inc.

/s/ Paul K. Dueffert
Paul K. Dueffert
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Attorney for Par Pharmaceutical, Inc. and Par
Pharmaceutical Companies, Inc.

45

EXHIBIT 4B

TEXAS PROCEEDINGS

PROPOSED ORDER OF DISMISSAL

---

**CAUSE NO. D-1-GV-11-000211**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| | § | |
| VEN-A-CARE OF THE FLORIDA KEYS, INC. | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| PAR PHARMACEUTICAL, INC. | § | |
| and | § | |
| PAR  PHARMACEUTICAL | § | 419TH JUDICIAL DISTRICT |
| COMPANIES, INC. | | |
| | | |
| *Defendants.* | | |

**ORDER OF DISMISSAL**

46

Before the Court for consideration is the Joint Stipulation and Motion to Dismiss filed by the State of Texas and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs") and Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (the foregoing two parties, collectively, "Par Parties") (all of the forgoing parties together, the "Parties") filed with this Court, a Stipulation of Dismissal with Prejudice of Par Parties and Motion for Order of Dismissal with Prejudice of the Par Parties.   Upon due consideration of the Stipulation, the Parties' Settlement Agreement and Release, and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.      Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from or related to the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2.      Each party shall be responsible for its own expenses, attorneys' fees, and costs.

3.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ____ day of _____ 2011.


_____

HONORABLE LORA LIVINGSTON

47

JUDGE PRESIDING

AGREED AS TO FORM:


/s/ Raymond C. Winter

RAYMOND C. WINTER
ATTORNEY FOR THE STATE OF TEXAS



/s/ James J. Breen

JAMES J. BREEN
C. JARRETT ANDERSON
ATTORNEYS FOR VEN-A-CARE OF THE
FLORIDA KEYS, INC.



/s/ Paul K. Dueffert

PAUL K. DUEFFERT
ATTORNEY FOR THE PAR PARTIES

EXHIBIT 5

KENTUCKY PROCEEDINGS

JOINT STIPULATION AND ORDER TO DISMISS WITH PREJUDICE

---

**COMMONWEALTH OF KENTUCKY**
**FRANKLIN CIRCUIT COURT - DIV. I**
**CIVIL ACTION NO.  04-CI-1487**

COMMONWEALTH OF KENTUCKY                                    PLAINTIFF
*ex rel.* JACK CONWAY, ATTORNEY GENERAL

v.

ALPHARMA USPD, INC., *et al.*                              DEFENDANTS

### JOINT STIPULATION AND ORDER TO DISMISS WITH PREJUDICE

The matter being before the Court and the Court being sufficiently advised that the Plaintiff, the Commonwealth of Kentucky ("the Commonwealth"), has heretofore compromised and settled all claims against the Defendant Par Pharmaceutical Inc. ("Par") and that the Commonwealth and Par have stipulated and agreed that this matter be dismissed with prejudice, **IT IS HEREBY ORDERED**, that all claims against Par be and are **DISMISSED**, with prejudice, with each party to bear its own costs.

The Attorney General be and is awarded out of the settlement proceeds the sum of _____ ($_____) as the reasonable costs of litigation, including attorneys fees, costs and administrative expenses.

49

_____
Phillip J. Shepherd, Judge
Franklin Circuit Court


_____
Date

AGREED TO BY:

JACK CONWAY
Attorney General of Kentucky


_____

C. David Johnstone
LeeAnne Applegate
OFFICE OF THE ATTORNEY GENERAL
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky   40601
(502) 696-5300
(502) 573-7150 FAX

Counsel for Plaintiff,
Commonwealth of Kentucky


_____

Paul K. Dueffert, Esq.
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005
 (202) 434-5029 FAX

Counsel for Defendant,
Par Pharmaceutical Inc.

51

EXHIBIT 6

ALASKA PROCEEDINGS

STIPULATION AND ORDER TO DISMISS
PAR PHARMACEUTICAL COMPANIES, INC.

---

James E. Fosler
Fosler Law Group, Inc.
737 West Fifth Avenue, Suite 205
Anchorage, Alaska 99501
Telephone: (907) 277-1557
Fax: (907) 277-1657

Attorneys for Plaintiff State of Alaska

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | | |
|---|---|---|
| STATE OF ALASKA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3AN-06-12026 CI |
| vs. | ) | |
| | ) | |
| | ) | |
| ALPHARMA BRANDED PRODUCTS | ) | |
| DIVISION INC., *et al.* | ) | |
| | ) | |
| Defendants. | | |

## STIPULATION AND ORDER TO DISMISS
## PAR PHARMACEUTICAL COMPANIES, INC.

Plaintiff State of Alaska and defendants have settled. Pursuant to Civil Rule 41(a)(1)(B), the parties stipulate to dismiss Par Pharmaceutical Companies, Inc. ("Par") with prejudice, the parties to bear their own costs and attorneys' fees.

The undersigned certify that the information required under AS 09.68.130 will be submitted to the Alaska Judicial Council within 30 days of receipt of the Court's order of dismissal.

FOSLER LAW GROUP, INC.
Attorneys for Plaintiff State of Alaska

Dated: _____          By:_____

James E. Fosler
(ABA No. 9711055)
737 W. Fifth Ave., Suite 205
Anchorage, Alaska 99501
Telephone: (907) 277-1557
Fax: (907) 277-1657

CLAPP, PETERSON, TIEMESSEN,
THORSNESS & JOHNSON, LLC
Attorneys for the Par Defendants

Dated: _____          By:_____

Matthew K. Peterson
(ABA No. 8006038)
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
Telephone: (907) 272-9272
Fax: (907) 272-9586

## __ORDER OF DISMISSAL__

IT IS SO ORDERED.

DATED this _____ day of _____ 2011.


_____

William F. Morse
Superior Court Judge

EXHIBIT 7

SOUTH CAROLINA PROCEEDINGS

PROPOSED ORDER OF DISMISSAL WITH PREJUDICE

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | |
| | ) | |
| In re: South Carolina Pharmaceutical | ) | The Honorable J. Cordell Maddox, Jr. |
| Pricing Litigation | ) | |
| | ) | Master Case Number: 2006-CP-40-4394 |
| This document relates to: | ) | |
| | ) | |
| 06-CP-40-7151 and 06-CP-40-7153 | ) | |

These two actions were commenced by the State of South Carolina against Defendant, Par Pharmaceuticals Companies, Inc., bearing caption numbers 06-CP-40-7151 and 06-CP-40-7153.  By Order issued by the Supreme Court of South Carolina dated August 4, 2006, these actions were consolidated with other pending pharmaceutical pricing litigation actions for pre-trial matters before the Honorable J. Cordell Maddox, Jr.

It now appears that Plaintiff and Defendant in the 06-CP-40-7151 and 06-CP-40-7153 matters have reached a settlement of all issues and Plaintiff desires to dismiss these two actions with prejudice.

Therefore, with the consent of the parties, it is hereby ORDERED that the actions bearing caption numbers 06-CP-40-7151 and 06-CP-40-7153 are dismissed with prejudice pursuant to Rule 41(a)(2) of the South Carolina Rules of Civil Procedure.

IT IS SO ORDERED, this the _____ day of _____, 2011.

_____
The Honorable J. Cordell Maddox, Jr.
Circuit Court Judge

EXHIBIT 8

U.S. WRITTEN CONSENT

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257- |
| PBS | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)

Pursuant to 31 U.S.C. § 3730(b) (1), the United States hereby consents to:

(1)     The dismissal with prejudice of certain claims in the above-captioned action with respect to Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (together referred to herein as "Par"); pursuant to, and as limited by, the Settlement Agreement and Release between the Relator, Ven-A-Care of the Florida Keys, Inc. ("the Relator"), the State of Texas, the State of Florida, the State of Kentucky, the State of South Carolina, the State of Alaska and Par (attached hereto as Exhibit A); and

57

(2)     The entry of the proposed Order of Dismissal with Prejudice in the form

attached to the Settlement Agreement and Release as Exhibit 8 and attached

hereto as Exhibit B.


The United States has concluded that the amount of $90,500,000 that it will receive in

connection with the settlement is fair, adequate, and reasonable as to the United States under all

the circumstances.


Respectfully submitted,


TONY WEST
Assistant Attorney General

CARMEN M. ORTIZ
United States Attorney

George B. Henderson, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

Joyce R. Branda
Daniel R. Anderson
Laurie A. Oberembt
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
(202) 514-3345


Dated: _____ ___, 2011

STATE OF ALASKA

*SEAN PARNELL, GOVERNOR*

**DEPARTMENT OF LAW**

*OFFICE OF THE ATTORNEY GENERAL*

*1031 WEST 4TH AVENUE, SUITE 200*
*ANCHORAGE, ALASKA 99501-5903*
*PHONE:      (907) 269-5200*
*FAX:           (907) 276-8554*

EXHIBIT 9

LETTER AGREEMENT REGARDING REPORTING OF

CONFIDENTIAL MARKET PRICING INFORMATION

---

This Letter Agreement is entered into by the State of Alaska acting on behalf of itself and its officers, agents, agencies and departments (the "State") and Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (together, "Par") as described in the attached Settlement Agreement and Release, executed contemporaneously herewith and of which this Letter Agreement is considered a part.

Pursuant to Paragraph III.5 of the attached Settlement Agreement and Release, Par has agreed to provide certain confidential market pricing information directly to the State or its designee for a period of five (5) years. This Letter Agreement concerns the specific terms and conditions pursuant to which such pricing information will be provided to the State.

Par agrees that, on a quarterly basis, it shall report to the State certain confidential market pricing information. In particular Par will provide directly to the State or its designee the average sales price ("ASP") as that term is defined in 42 USC §1395w-3a and the average manufacturer's price ("AMP") as that term is defined in 42 USC §1396r-8(k)(1) for all prescription pharmaceutical products for which Par is required to report either an ASP or AMP, as defined above, to the Centers for Medicare and Medicaid Services ("CMS") ("Confidential Pricing Information"). The ASPs and AMPs as set forth above shall be reported to the State in the same electronic format used to report such prices to CMS.

Par agrees that its quarterly reports of ASPs and AMPs as set forth above shall be transmitted to the State within 35 days after the last day of the calendar quarter to which they pertain. The first report of ASPs and AMPs to be made hereunder shall be made to the State or its designee within 35 days after the end of the first full calendar quarter following the Effective Date of the attached Settlement Agreement and Release.

Par represents that it contends that the Confidential Pricing Information to be reported pursuant to this Letter Agreement is confidential commercial or financial information and proprietary trade secrets that if disclosed may cause substantial injury to the competitive position

of Par. The State agrees that it and any designees or contractors it designates will require Par's pricing information as described above to be kept strictly confidential or, in the case of AMP pricing information, will be kept confidential until such time as CMS makes such pricing information generally available unless otherwise ordered by a court of law.

To the extent the State uses Par's Confidential Pricing Information for reimbursement purposes, the State agrees not to use it in a way that puts Par at a competitive disadvantage or that treats any Par product differently from any competing or therapeutically equivalent product.

The parties currently anticipate that the recipient of the Confidential Pricing Information described herein will be the State itself, or an agency or subdivision thereof. Should the state wish to designate a private entity or enterprise as the recipient of this information, the parties agree that they will work together to create a mutually satisfactory arrangement to preserve the confidentiality of the market pricing information prior to Par making any reports required under this Letter Agreement to such a private entity or enterprise.

The signatures of the authorized representatives of the parties to this Letter Agreement indicate agreement and approval of the terms of this Letter Agreement and that such terms are considered by the parties as binding and integral supplements to the attached Settlement Agreement and Release.

FOR THE STATE OF ALASKA and
FOR THE STATE OF ALASKA
MEDICAID PROGRAM

By: _Clyde E. Sniffen_

Date: _7-25-2011_

Name: _Clyde E. Sniffen Jr._

Title: _Sr. Asst. Attorney General_

PAR PHARMACEUTICAL, INC.

By: _[signature]_

Date: _8/10/11_

Name: Patrick G. LePore
    Chairman, President, CEO

Title: _____

PAR PHARMACEUTICAL
COMPANIES, INC.

By: _[signature]_

Date: _8/10/11_

Name:   Patrick G. LePore
    Chairman, President, CEO

Title: _____



COMMONWEALTH OF KENTUCKY

## OFFICE OF THE ATTORNEY GENERAL

JACK CONWAY
ATTORNEY GENERAL

CAPITOL BUILDING, SUITE 118
700 CAPITAL AVENUE
FRANKFORT, KENTUCKY 40601
(502) 696-5300
FAX: (502) 564-2894

### EXHIBIT 9

LETTER AGREEMENT REGARDING REPORTING OF

CONFIDENTIAL MARKET PRICING INFORMATION

This Letter Agreement is entered into by the Commonwealth of Kentucky acting on behalf of itself and its officers, agents, agencies and departments (the "Commonwealth") and Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (together, "Par") as described in the attached Settlement Agreement and Release, executed contemporaneously herewith and of which this Letter Agreement is considered a part.

Pursuant to Paragraph III.5 of the attached Settlement Agreement and Release, Par has agreed to provide certain confidential market pricing information directly to the Commonwealth or its designee for a period of five (5) years. This Letter Agreement concerns the specific terms and conditions pursuant to which such pricing information will be provided to the Commonwealth.

Par agrees that, on a quarterly basis, it shall report to the Commonwealth certain confidential market pricing information, In particular Par will provide directly to the Commonwealth or its designee the average sales price ("ASP") as that term is defined in 42 USC §1395w-3a and the average manufacturer's price ("AMP") as that term is defined in 42 USC §1396r-8(k)(1) for all prescription pharmaceutical products for which Par is required to report either an ASP or AMP, as defined above, to the Centers for Medicare and Medicaid Services ("CMS") ("Confidential Pricing Information"). The ASPs and AMPs as set forth above shall be reported to the Commonwealth in the same electronic format used to report such prices to CMS.

Par agrees that its quarterly reports of ASPs and AMPs as set forth above shall be transmitted to the Commonwealth within 35 days after the last day of the calendar quarter to which they pertain. The first report of ASPs and AMPs to be made hereunder shall be made to the Commonwealth or its designee within 35 days after the end of the first full calendar quarter following the Effective Date of the attached Settlement Agreement and Release.

Par represents that it contends that the Confidential Pricing Information to be reported pursuant to this Letter Agreement is confidential commercial or financial information and proprietary trade secrets that if disclosed may cause substantial injury to the competitive position of Par. The Commonwealth agrees that it and any designees or contractors it designates will require Par's pricing information as described above to be kept strictly confidential or, in the



case of AMP pricing information, will be kept confidential until such time as CMS makes such pricing information generally available unless otherwise ordered by a court of law.

To the extent the Commonwealth uses Par's Confidential Pricing Information for reimbursement purposes, the Commonwealth agrees not to use it in a way that puts Par at a competitive disadvantage or that treats any Par product differently from any competing or therapeutically equivalent product.

The parties currently anticipate that the recipient of the Confidential Pricing Information described herein will be the Commonwealth itself, or an agency or subdivision thereof. Should the Commonwealth wish to designate a private entity or enterprise as the recipient of this information, the parties agree that they will work together to create a mutually satisfactory arrangement to preserve the confidentiality of the market pricing information prior to Par making any reports required under this Letter Agreement to such a private entity or enterprise.

The signatures of the authorized representatives of the parties to this Letter Agreement indicate agreement and approval of the terms of this Letter Agreement and that such terms are considered by the parties as binding and integral supplements to the attached Settlement Agreement and Release.

THE COMMONWEALTH OF KENTUCKY and THE COMMONWEALTH OF KENTUCKY MEDICAID PROGRAM

By: _____

Date: _____7/21/11_____

Name: __Mitchel T. Denham__

Title: __Assistant Deputy Attorney General__

PAR PHARMACEUTICAL, INC.

By: _____

Date: _____8/10/11_____

Name: __Patrick G. LePore__
Chairman, President, CEO

Title: _____

PAR PHARMACEUTICAL COMPANIES, INC.

By: _____

Date: _____8/10/11_____

Name: __Patrick G. LePore__
Chairman, President, CEO

Title: _____

EXHIBIT 9

LETTER AGREEMENT REGARDING REPORTING OF

CONFIDENTIAL MARKET PRICING INFORMATION

---

This Letter Agreement is entered into by the State of South Carolina acting on behalf of itself and its officers, agents, agencies and departments (the "State") and Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (together, "Par") as described in the attached Settlement Agreement and Release, executed contemporaneously herewith and of which this Letter Agreement is considered a part.

Pursuant to Paragraph III.5 of the attached Settlement Agreement and Release, Par has agreed to provide certain confidential market pricing information directly to the State or its designee for a period of five (5) years. This Letter Agreement concerns the specific terms and conditions pursuant to which such pricing information will be provided to the State.

Par agrees that, on a quarterly basis, it shall report to the State certain confidential market pricing information, In particular Par will provide directly to the State or its designee the average sales price ("ASP") as that term is defined in 42 USC §1395w-3a and the average manufacturer's price ("AMP") as that term is defined in 42 USC §1396r-8(k)(1) for all prescription pharmaceutical products for which Par is required to report either an ASP or AMP, as defined above, to the Centers for Medicare and Medicaid Services ("CMS") ("Confidential Pricing Information"). The ASPs and AMPs as set forth above shall be reported to the State in the same electronic format used to report such prices to CMS.

Par agrees that its quarterly reports of ASPs and AMPs as set forth above shall be transmitted to the State within 35 days after the last day of the calendar quarter to which they pertain. The first report of ASPs and AMPs to be made hereunder shall be made to the State or its designee within 35 days after the end of the first full calendar quarter following the Effective Date of the attached Settlement Agreement and Release.

Par represents that it contends that the Confidential Pricing Information to be reported pursuant to this Letter Agreement is confidential commercial or financial information and proprietary trade secrets that if disclosed may cause substantial injury to the competitive position of Par. The State agrees that it and any designees or contractors it designates will require Par's pricing information as described above to be kept strictly confidential or, in the case of AMP pricing information, will be kept confidential until such time as CMS makes such pricing information generally available unless otherwise ordered by a court of law.

To the extent the State uses Par's Confidential Pricing Information for reimbursement purposes, the State agrees not to use it in a way that puts Par at a competitive disadvantage or that treats any Par product differently from any competing or therapeutically equivalent product.

The parties currently anticipate that the recipient of the Confidential Pricing Information described herein will be the State itself, or an agency or subdivision thereof. Should the state wish to designate a private entity or enterprise as the recipient of this information, the parties agree that they will work together to create a mutually satisfactory arrangement to preserve the confidentiality of the market pricing information prior to Par making any reports required under this Letter Agreement to such a private entity or enterprise.

The signatures of the authorized representatives of the parties to this Letter Agreement indicate agreement and approval of the terms of this Letter Agreement and that such terms are considered by the parties as binding and integral supplements to the attached Settlement Agreement and Release.

| THE STATE OF SOUTH CAROLINA | PAR PHARMACEUTICAL, INC. |
|---|---|
| By: _____ | By: _____ |
| Date: ___8/11/11___ | Date: ___8/10/11___ |
| Name: C. Havird Jones, Jr. | Name: Patrick G. LePore |
| | Chairman, President, CEO |
| Title: Assistant Deputy Attorney General | Title: _____ |

| THE STATE OF SOUTH CAROLINA MEDICAID PROGRAM | PAR PHARMACEUTICAL COMPANIES, INC. |
|---|---|
| By: Richard G. Heffer | By: _____ |
| Date: Aug. 3, 2011 | Date: ___8/10/11___ |
| Name: RICHARD G. HEFFER | Name: Patrick G. LePore |
| | Chairman, President, CEO |
| Title: DEP GEN COUN. | Title: _____ |