```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| **IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | ) ) ) ) MDL NO. 1456 ) |
| **THIS DOCUMENT RELATES TO:** TRACK TWO SETTLEMENT | ) ) MASTER CASE NO. 01-cv-12257-PBS ) ) ) ) |

**ORDER**

August 30, 2011

Saris, U.S.D.J.

Objector Patricia Weatherly has renewed several challenges to the re-balanced Track Two Settlement.  (Docket No. 7764.) Class counsel previously responded to Weatherly's challenges to the earlier version of the settlement.  (See Docket No. 7573; see also Docket No. 7737.)  The Court derives the information in this order from the above pleadings and related declarations.

First, Weatherly argued that a mistake on the Track Two website involving the claims deadline for Class 3 consumers negatively impacted the class response rate.  Class counsel has explained, and Ms. Weatherly now appears to agree, that the mistaken date was not posted until February 2011, more than one year after the correct February 1, 2010 deadline had passed. Accordingly, the mistake did not affect the Class 3 response rate.

Second, Weatherly claims that the notice provided to Class 3 consumers was insufficient, largely based on what she posits is an unacceptably low response rate.  In order to notify Class 3 consumers of the Track Two settlement, Class Counsel employed both a national media campaign and a direct mail campaign using names and addresses of potential Class 3 members obtained from Independent Settling Health Plans (ISHPs).  The ISHPs represent more than 60% of the covered lives in the United States, and the data obtained from the ISHPs identified 897,489 potential Class 3 consumers.  Each of these consumers received a full Class 3 notice with Claim Form.  In addition, the claims administrator mailed 959,362 Class 3 Consumer Notice and Claim forms in response to requests.  It is not clear from the record whether there is any overlap between these two groups.  The media and direct mail campaigns resulted in 21,000 Class 3 consumer claims, which Weatherly points out is only one percent of the claims forms that were mailed out.  However, assuming that there was some overlap between the direct mail notice and the claims forms mailed in response to requests, that percentage is higher.

Weatherly suggests that Class Counsel should have subpoenaed billing records from ISHPs and pharmacies so that direct payment of an award could be made.  Weatherly's suggestion that a direct payment mechanism be utilized is based on the use of such a strategy in the Relafen settlement.  See, e.g., In re Relafen Antitrust Litig., 231 F.R.D. 52, 64 (D. Mass. 2005).  However,

Relafen involved a single oral medication with only a few NDCs, as opposed to this case which encompasses almost 200 drugs and thousands of NDCs.  In addition, many of the Track Two Class Drugs are injectable drugs administered by a physician that would not be documented by pharmacy records.  With respect to retrieving billing information from the ISHPs, this is an impracticable suggestion.  According to class counsel, most TPPs do not maintain insured claim information in their active databases for more than three or four years.  Older information, if available at all, is archived in a format that is often expensive to access.

Under Rule 23(c)(2), notice to the class must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Amchem Prods. v. Windsor, 521 U.S. 591, 617 (1997) (citing Fed. R. Civ. P. 23(c)(2)); Reppert v. Marvin Lumber & Cedar Co., 359 F.3d 53, 56 (1st Cir. 2004).  "[I]t is the court's duty to ensure that the notice ordered is reasonably calculated to reach the absent class members."  Reppert, 359 F.3d at 56 (citations omitted).  The Court finds that the direct mail campaign based on customer information from ISHPs that insure 60% of covered lives in the United States, when combined with an extensive media campaign, is the best notice practicable under these circumstances.[1]

---

[1] Indeed, the notice plan for Class 3 consumers in the Track Two settlement was more robust than that used for cash payors in

Patricia Weatherly's objection to the re-balanced Track Two settlement (Docket No. 7764) is overruled.

                                        /s/ PATTI B. SARIS
                                        PATTI B. SARIS
                                        UNITED STATES DISTRICT JUDGE

---

other AWP-related settlements. In the BMS settlement, for example, a media-only campaign was used for Class 3. In the AstraZeneca Non-Massachusetts settlement, which did utilize some direct mail notice, the Class 3 consumer response rate was less than one percent. (See Docket. No. 7432.)