# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)

Pursuant to 31 U.S.C. § 3730(b) (1), the United States hereby consents to:

(1)         The dismissal with prejudice of certain claims in the above-captioned action with respect to Watson Pharmaceuticals, Inc., ("WPI") and Schein Pharmaceuticals, Inc. (now known as Watson Pharma, Inc.) ("Schein, and collectively with WPI, "Watson"); pursuant to, and as limited by, the Settlement Agreement and Release between Watson and the Relator, Ven-A-Care of the Florida Keys, Inc. ("the Relator"), the State of Texas, the State of Florida, the State of Iowa and the New York Plaintiffs as identified in the Settlement Agreement and Release (attached hereto as Exhibit A); and

(2)          The entry of the proposed Order of Dismissal with Prejudice in the form

attached to the Settlement Agreement and Release as Exhibit 11 and attached

hereto as Exhibit B.

The United States has concluded that the amount of $34,156,715 that it will receive in

connection with the settlement is fair, adequate, and reasonable as to the United States under all

the circumstances.


Respectfully submitted,


TONY WEST
Assistant Attorney General

CARMEN M. ORTIZ
United States Attorney

George B. Henderson, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

Joyce R. Branda
Daniel R. Anderson
Laurie A. Oberembt
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
(202) 514-3345


Dated: _8/24_____, 2011

**Exhibit A**
**To**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)**

(Settlement Agreement and Release)

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

I. <u>PARTIES</u>

This Settlement Agreement and Release (this "Agreement") is entered into as of the Effective Date, as defined in ¶ III(20) below, by and among: Ven-A-Care of the Florida Keys, Inc., for its own behalf and, with respect to such qui tam claims as the Relator has pled on their behalf, on behalf of the United States of America (in any of the foregoing capacities, the "Relator"); Zachary T. Bentley, T. Mark Jones, Luis E. Cobo and John Lockwood, M.D., each of the foregoing individuals, for his own behalf and in all other capacities (the preceding four parties, the "Relator's Current and Former Officers and Directors" or "Individual Plaintiffs"); the State of Texas ("Texas"), the State of Florida ("Florida"), the State of Iowa ("Iowa"), and the City of New York and all New York counties who are plaintiffs in MDL-1456 ("the New York Plaintiffs") and the State of New York (collectively the New York plaintiffs and the State of New York are referred to herein as "New York") (Texas, Florida, Iowa, and New York are collectively referred to as the "Settling States") (all of the foregoing parties are collectively, "Plaintiffs"); Watson Pharmaceuticals, Inc., ("WPI"), Watson Pharma, Inc. f/k/a Schein Pharmaceuticals, Inc. ("Schein"), Watson Laboratories, Inc. ("Watson Labs"), Rugby Laboratories, Inc. ("Rugby"), Oclassen Pharmaceuticals, Inc. ("Oclassen,"), Marsam Pharmaceuticals, Inc. ("Marsam"), and Watson Laboratories-Florida, Inc., f/k/a Andrx Pharmaceuticals, Inc. ("Watson Labs Florida," and collectively with WPI, Schein, Watson Labs, Rugby, Oclassen, Marsam, and any parent, and/or subsidiary of WPI,

Schein, Watson Labs, Rugby, Oclassen, Marsam and/or Watson Labs Florida, the "Watson Parties"). Collectively all of the above will be referred to as the "Parties." The United States is not a party to this Agreement; however, this Agreement is conditioned upon the United States' written consent in the form attached as **Exhibit 1**.

II.   <u>PREAMBLE</u>

As a preamble to this Agreement, the Parties state as follows:

A.   On or about June 23, 1995, the Relator and one or more of the Individual Plaintiffs filed a qui tam action in the United States District Court for the Southern District of Florida captioned *United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Bristol-Myers Squibb Co., et al.*, Civil Action No. 95-1354 (S.D. Fla.). In 1997, that complaint, which remained sealed at the time, was amended to add claims against one or more of the Watson Parties based on the information that the Relator allegedly supplied to the United States about certain of the Watson Parties' products. Those claims against certain Watson parties were dismissed without prejudice on June 13, 2003 while still sealed.

B.   Florida and the Relator are jointly pursuing relief in a state-court action in the Circuit Court of the Second Judicial District in and for Leon County, Florida, against one or more of the Watson Parties captioned *State of Florida, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Mylan Pharmaceuticals, Inc., et al.*, Civil Action No. 98-3032, 98-3032E, 98-3032G (these claims and proceedings are referred to as the "Florida Proceedings")**.**

C.   On or about April 10, 2000, the Relator and one or more of the Individual Plaintiffs filed a qui tam action in the United States District Court for the District of

Massachusetts captioned *United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, et al.,* Civil Action No. 00-10698 (D. Mass.), eventually asserting claims against one or more of the Watson Parties as to one or more of the Watson Parties' products. That complaint was amended under seal on February 15, 2001, February 1, 2002, and again on February 15, 2005 to add claims against one or more Watson Parties based on the information that the Relator allegedly supplied to the United States about one or more of the Watson Parties' products. The Relator's claims in the federal action included one or more pendent claims; however, the Relator never served the states and instead dismissed its pendent state claims, without prejudice, and elected to not pursue them. That complaint was further amended and unsealed on May 21, 2008. These claims and proceedings are referred to collectively as the "Federal Qui Tam Proceedings".

D.     Texas and the Relator are jointly pursuing relief in an additional state-court action against one or more of the Watson Parties styled *State of Texas ex rel. Ven-A-Care of the Florida Keys, Inc. v. Alpharma, USPD Inc., et al.,* Cause No. D-1-GV-08-001566, in the District Court of Travis County, Texas, 419th Judicial District (the "Texas Proceedings").

E.     The New York Plaintiffs have alleged various violations of law with respect to Medicaid drug reimbursement and price reporting for the years 1991 to the present, as more particularly described in the Revised First Amended Consolidated Complaint dated October 4, 2007 and other complaints filed by the New York Plaintiffs against the Watson Parties in the cases listed at **Exhibit 2** hereto, consolidated in the United States District Court for the District of Massachusetts under Multi-District Litigation number 1456, Civil Action No. 01-12257 (PBS) (the "New York Proceedings").

F.      The State of Iowa has alleged various violations of law with respect to Medicaid drug reimbursement and price reporting for the years 1991 to the present, as more particularly described in *State of Iowa v. Abbott Laboratories, Inc., et al.,* consolidated in the United States District Court for the District of Massachusetts under Multi-District Litigation number 1456, Civil Action No. 01-12257 (PBS) (the "Iowa Proceedings").

G.      The Texas Proceedings, the Florida Proceedings, the New York Proceedings and the Iowa Proceedings are collectively referred to in this Agreement as the "State Proceedings"; and the claims and proceedings referenced in clauses (A) through (F) of these recitals, including the State Proceedings and the Federal Qui Tam Proceedings, are collectively referred to as the "Civil Actions".

H.      In one or more of the Civil Actions, the Plaintiffs contend that between January 1, 1991 and the date of execution of this Agreement by all parties, one or more of the Watson Parties submitted, or caused to be submitted, false claims to the Medicaid Program and/or, among other things, (i) one or more Watson Parties knowingly set, reported and/or maintained, or caused to be set, reported and/or maintained, false, fraudulent and/or inflated prices, including, without limitation, Average of Suggested Wholesale Price to Pharmacy, Average Wholesale Price, AWP, Suggested Wholesale Price, SWP, Price to Wholesaler and/or Distributor, Direct Price to Pharmacy, Central Purchase Price to Chain (Such as Warehouse Price), Institutional or Other Contract Price (Nursing Home, Home Health Care), Other Price, Suggested List Price, Wholesale Acquisition Cost, Wholesale Net Price, Direct Price, Wholesale Direct Price and/or Net Direct Price, and/or other prices reported by one or more of the Watson Parties or published by compendia (any of the foregoing, collectively "Reported Prices"), for drugs

manufactured, marketed and/or sold by or on behalf of one or more Watson Parties (any and all drugs manufactured, marketed and/or sold by or on behalf of any Watson Party, a "Watson Covered Drug"), including, without limitation, Watson Covered Drugs with Labeler Codes: 00209, 00364, 00402,  00536, 00591, 16252, 24196, 46193,  51875, 52544, 54391, 55515, 58840, 62022, 62037, 62109, 68691, and 71114; for illustrative purposes only and without in any respect limiting the foregoing definition of Watson Covered Drug, attached hereto as **Exhibit 3** is a schedule of NDCs for drug products manufactured, marketed and/or sold under the labeler codes identified in this subparagraph II.H.(i); (ii) with respect to the Texas Proceedings, one or more of the Watson Parties failed to report, or improperly reported, pricing information to the Texas Vendor Drug Program or otherwise failed to comply with the program requirements as to the reporting of pricing information to be used for reimbursement purposes; (iii) with an action or omission by, or with the knowledge of, one or more of the Watson Parties, the Reported Prices of certain Watson Covered Drugs of one or more of the Watson Parties were higher, and sometimes substantially higher, than the prices paid by customers of one or more of the Watson Parties for certain of the Watson Covered Drugs; (iv) one or more of the Watson Parties used an artificially inflated spread between the Reported Prices and the actual selling prices for drugs in marketing, promoting and/or selling Watson Covered Drugs to existing and potential customers; and (v) one or more of the Watson Parties allegedly knew that the reporting of false, fraudulent and/or inflated Reported Prices in connection with certain Watson Covered Drugs and/or marketing those Watson Covered Drugs based on the artificially inflated spread between the Reported Prices and the actual

selling prices would cause the customers and others to submit false, fraudulent and/or inflated claims for reimbursement to the Medicaid Program.

I.      For purposes of this Agreement, the conduct described in Subparagraph II.H of this Agreement, and any action, omission or other conduct, whether actual or alleged, contemplated by any provision of any of Subparagraph II.H of this Agreement or referred to or alleged in any pleading, motion, affidavit, document, or other method of communication whatsoever in any of the Civil Actions, is hereafter referred to as the "Covered Conduct".

J.      The Plaintiffs contend that, as a result of the Covered Conduct, the Medicaid Program, the United States and the Settling States were damaged.

K.      Each of the Watson Parties denies any and all wrongdoing, and denies that it has any liability, relating to the Covered Conduct.

L.      To avoid the delay, expense, inconvenience, and uncertainty of protracted litigation of these disputed claims, and as a result of a mutual desire to settle their disputes, the Parties wish to resolve their differences arising from the Federal Qui Tam Actions, the Civil Actions and the Covered Conduct and have reached a full, fair, and final settlement as set forth in this Agreement, which settlement the Parties acknowledge and agree is not punitive in purpose or effect.

M.      This Agreement is intended to fully, finally, and forever resolve any and all claims against, and liability of, any of the Watson Released Parties (as defined below) arising under the State Proceedings, for or arising from the Covered Conduct, including, without limitation, all of the claims that were brought, could have been brought, or could be brought in the future by or on behalf of any of the Plaintiffs related to the "Federal-

Share" (defined to mean the United States' portion of any Medicaid reimbursement in any of the Settling States) of any Medicaid reimbursement arising from any of the Covered Conduct for any Watson Covered Drug, or the "State-Share" (defined to mean a state's portion of any Medicaid reimbursement in any of the Settling States) of any Medicaid reimbursement for any of the Settling States arising from any of the Covered Conduct for any Watson Covered Drug.

N.      This Agreement is the result of a compromise of disputed issues of law and fact, and the execution and delivery of this Agreement shall not constitute or be construed as an admission of fault, liability, or wrongdoing by any of the Parties, nor does it constitute evidence of any liability or unlawful conduct on the part of the Parties, and this Agreement shall not be admissible as evidence of any fault or liability of the Parties in any investigation, administrative claim, action, suit, or proceeding, or federal or state court or arbitration proceeding.

III.     <u>TERMS AND CONDITIONS</u>

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations set forth below in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      The foregoing Preamble is incorporated herein.

2.      In full and final settlement of all of the Released Claims (as defined below), Watson Pharmaceuticals, Inc. (the "Watson Payor") shall pay, or shall cause to be paid on its behalf, the sum of seventy nine million United States dollars ($79,000,000) (the "Settlement Amount") for the benefit of the Plaintiffs on the terms and subject to the

conditions set forth herein.  The Parties agree that the Settlement Amount shall resolve, fully and finally, all of the Released Claims.  The Parties further agree that all amounts payable to any of the Relator's (or any other Plaintiff's) attorneys or other representatives or advisors shall be paid out of the Settlement Amount without further liability of any Watson Party.

3. Within fifteen (15) business days following the Effective Date (as defined below), the Watson Payor shall pay the Settlement Amount by wire transfer into an "Escrow Account" at Wells Fargo Bank, National Association, (the "Escrow Agent") to be administered in accordance with the terms of the separate Escrow Agreement in the form attached as **Exhibit 4** hereto to be executed by and among the Parties within (5) business days following the Effective Date (the "Escrow Agreement").  The allocation of the Settlement Amount among the Plaintiffs, the United States, and their respective counsel is a matter that shall be and has been handled separately by and among the Plaintiffs and the United States and their advisors, without any involvement by or input from any of the Watson Parties.  None of the Watson Parties were consulted about the allocation of the Settlement Amount among the Plaintiffs and the United States, nor has any Watson Party had any input into the allocation. For this reason, none of the Watson Parties are in a position to agree to the allocation and, as a part of the settlement, will not contest such allocation or be deemed to have endorsed or been responsible for any such allocation.  The Plaintiffs and the United States have agreed among themselves to share in the Settlement Amount as set forth in the "Settlement Amount Allocation Schedule" attached hereto as **Exhibit 5**.  Watson has been informed by the Plaintiffs that the United States shall receive the amount of $34,156,715.28  from the Settlement Amount from

which it shall pay such relator awards pursuant to the United States False Claims Act (31 U.S.C. §3730) as may be agreed to between the United States and the Relator as ordered by the Court.

4.   Within three (3) business days following the date of the deposit by Watson of the Settlement Amount into the Escrow Account, the Parties shall file the following in the appropriate court or courts: (1) a Joint Stipulation of Dismissal with Prejudice and proposed Order of Dismissal with Prejudice in the Florida Proceedings, the Texas Proceedings, the New York Proceedings and the Iowa Proceedings in the form attached hereto as **Exhibits 6, 7, 8, and 9** respectively; (2) any necessary motions seeking entry of the proposed Orders of Dismissal with Prejudice in the Florida Proceedings, the Texas Proceedings, the New York Proceedings and the Iowa Proceedings; and (3) the Stipulation of Dismissal with Prejudice, in the form attached hereto as **Exhibit 10** in the Federal Qui Tam Proceedings.   Further, within three (3) business days following the date of the deposit by Watson of the Settlement Amount into the Escrow Account, the Relator shall file the signed Consent of the United States, in the form attached hereto as **Exhibit 1**, in the Federal Qui Tam Proceedings and the Parties shall use their reasonable best efforts to cause the Court in the Federal Qui Tam Proceedings to enter the Order of Dismissal with Prejudice, in the form attached hereto as **Exhibit 11**.

5.   The Escrow Agent shall hold the Settlement Amount and any income earned thereon in escrow pursuant to the terms of the Escrow Agreement.   The Escrow Agent shall not distribute any portion of the Settlement Amount or any income earned thereon until a Final Order Confirmation Notice (as defined below) has been delivered for each of the State Proceedings and the Federal *Qui Tam* Proceedings except as

otherwise provided in the Escrow Agreement. If the Watson Payor becomes aware that the proposed Orders of Dismissal with Prejudice shall have become Final Orders in a form reasonably acceptable to effect the agreements and releases contemplated by this Agreement, it shall forthwith execute and deliver to the Escrow Agent and each other Party a notice, for each Final Order, stating that a Final Order has been issued for each Civil Action (a "<u>Final Order Confirmation Notice</u>").  Upon receiving the  Final Order Confirmation Notices from Watson, and written distribution instructions from the Plaintiffs and the United States as to the manner in which their respective distributions pursuant to the Settlement Amount Allocation Schedule and any income earned thereon should be delivered, within three (3) business days following such date, the Escrow Agent shall distribute the Settlement Amount, as set forth in the Settlement Amount Allocation Schedule, and any income earned thereon, pursuant to such written instructions from the Plaintiffs and the United States.  Watson may, in its sole and absolute discretion, elect to deliver to the Escrow Agent a Final Order Confirmation Notice for a State Proceeding before it delivers the remaining Final Order Conformation Notices for the other Civil Actions, in which event the Escrow Agent shall distribute any amounts payable to the state or local government plaintiff or plaintiffs in the Civil Action for which Watson elects to deliver the Final Order Conformation Notice.

6.     In consideration of the obligations of the Watson Parties in this Agreement, and conditioned on the Watson Payor's payment in full of the Settlement Amount in accordance with Paragraphs III.2 through III.4 above and receipt of the Orders of Dismissal with Prejudice, each Plaintiff, on behalf of itself  (including, with respect to

the Relator, to the extent it is capable under the law all qui tam claims brought on behalf of the United States in the Federal Qui Tam proceedings), and each of its and their predecessors, successors, heirs, trustees, subsidiaries, parents, assigns, and divisions and any current or former shareholders, directors, officers, agents, agencies, departments, employees, managers, partners, servants, attorneys, advisors and other representatives of any of the foregoing, fully and finally releases, acquits, and forever discharges each of the Watson Parties and each of their respective present and former predecessors, successors, heirs, trustees, subsidiaries, parents, assigns and divisions and each of the current and former shareholders, officers, directors, employees, managers, partners, agents, agencies, departments, servants, attorneys, advisors and other representatives of any of the foregoing (collectively, the "Watson Released Parties") from any and all civil, regulatory and/or administrative claim, action, suit, demand, right, cause of action, liability, judgment, damage or proceeding, whether sealed or unsealed (including attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), which has been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right for or arising from any of the Covered Conduct (collectively, the "Released Claims"), including but not limited to the State-Share and the Federal-Share for any of the Settling States for or arising out of the Covered Conduct or the price reporting for Watson Covered Drugs. Without limiting the generality of the foregoing, and to the fullest extent that the Relator and the Settling States are capable under applicable law, this release fully discharges and releases each Watson Released Party from (i) any obligation to pay Medicaid-related damages, restitution, fines and/or penalties arising from the Covered Conduct; (ii) any

civil obligation to the Relator or its attorneys, including any Relator's share, expenses, attorneys' fees, and costs associated with the Civil Actions to which Relator or its attorneys may be entitled; (iii) any obligation to pay the State-Share of any Settling State of any claim asserted in the Civil Actions or for any Covered Conduct; and (iv) any obligation to pay the Federal-Share of any Settling State of any claim asserted in the Civil Actions or for any Covered Conduct.

7.      In consideration of the obligations of the Plaintiffs set forth in this Agreement, each Watson Party, on behalf of itself and its predecessors, successors, subsidiaries, parents, assigns and divisions and any current or former shareholders, directors, officers, agents, employees, managers, partners, servants, attorneys, advisors and other representatives of any of the foregoing fully and finally release the United States of America, the State of Texas, the State of Florida, the State of Iowa, the City of New York and all New York counties in MDL-1456, any of their agencies, agents, employees, servants, attorneys and departments, the Individual Plaintiffs and the Relator, in its own capacity and in its capacity as qui tam representative of the United States of America, and Relator's present and former predecessors, successors, heirs, trustees, parents, subsidiaries, assigns, divisions and each of the current and former officers, directors, employees, managers, partners, agents, servants, attorneys, advisors and other representatives of any of the foregoing from any claims or liabilities arising from the Covered Conduct, or the investigation or litigation of claims arising from the Covered Conduct which any of Watson Parties has or could have asserted.

8.      Nothing in this Agreement shall be construed to create a waiver of the Sovereign Immunity of the United States of America, the State of Texas, the State of

Florida, the State of Iowa, the State of New York or the City of New York or the New York counties in MDL-1456.

9.      Notwithstanding any other term of this Agreement, including the release provisions in Paragraphs III.6 and III.7 above, any and all of the following are specifically reserved and excluded from the scope and terms of this Agreement, and from the scope and terms of the releases, as to any entity or person (including the Parties):

(a)      Any claims based upon such obligations as are created by this Agreement;

(b)      The federal share of damages for the alleged liability of the Watson Parties arising under the Federal Qui Tam Proceedings for any state other than the Settling States;

(c)      The subrogation rights to claims for personal injury or injury to real or personal property arising from usage by a participant in the Medicaid Program of any of the Watson Covered Drugs covered thereunder;

(d)      Any claims based on a failure to deliver products or services due;

(e)      Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code) or any state tax or revenue law;

(f)      Any express or implied warranty claims or other claims for defective or deficient products and services provided by any Watson Party;

(g)      Any claims based on or arising out of conduct occurring after the Effective Date of this Agreement;

(h)     Any liability to the United States, or the States of Florida, Texas, New York, or the New York Counties in MDL 1456 for any conduct other than the Covered Conduct;

(i)     Any civil or administrative liability that the Watson Parties have or may have under any state statute, regulation, or rule not covered by the release provisions in Paragraph 5 above; and/or

(j)     Any claims arising from the Watson Parties' obligations to report Average Manufacturer Prices ("AMPs") and/or Best Prices, and/or pay rebates to any Settling State under any Rebate Agreement, under the provisions of the Omnibus Budget Reconciliation Act of 1990 and all amendments thereto.

10.     The Parties each represent that this Agreement is freely and voluntarily entered into without any degree of duress whatsoever.

11.      Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

12.     This Agreement shall be governed by the laws of the United States.  The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement relating to the Federal Qui Tam Proceedings, the New York Proceedings, and/or the Iowa Proceedings shall be the United States District Court for the District of Massachusetts and that the United States District Court for the District of Massachusetts shall retain continuing jurisdiction over the enforcement of this Agreement and all releases relating to the Federal Qui Tam Proceedings provided for herein, including for purposes of issuing an injunction in protection of any court's jurisdiction to enforce the terms, conditions, and releases

provided for in this Agreement.  In as much as any provision of this Agreement relates to the Parties' rights in the Florida Proceedings, including contractual rights, releases or enforcement remedies, the exclusive jurisdiction and venue shall be the Second Circuit in and for Leon County, Florida.  In as much as any provision of this Agreement relates to the Parties' rights in the Texas Proceedings, including contractual rights, releases or enforcement remedies, the exclusive jurisdiction and venue shall be the 419th Judicial District Court of Travis County, Texas.

13.    This Agreement, together with all Exhibits and attachments constitute the complete agreement between the Parties with regard to the subject matter hereof.  This Agreement may not be amended except by written consent of all of the Parties.  The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement, or a course of dealings between the Parties, shall not be a waiver of such terms or conditions or of such Party's right thereafter to enforce each and every term and condition of this Agreement.

14.    The individuals signing this Agreement on behalf of a Party represent and warrant that they are authorized to execute this Agreement on behalf of such Party.

15    This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

16.    This Agreement is binding on each of the Watson Parties and its respective successors, transferees, and assigns.

17.    This Agreement is binding on each of the Plaintiffs, their attorneys, successors, transferees, heirs, and assigns.

18.     This Agreement has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Agreement.  In addition, this Agreement was drafted by experienced and knowledgeable legal counsel for each of the Parties.  Accordingly, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.  The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purposes of the Parties and this Agreement.

19.     If any provision of this Agreement, or the application thereof, shall for any reason or to any extent be construed by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement, and application of such provision to other circumstances, shall remain in effect and be interpreted so as best reasonably to effect the intent of the Parties.  Notwithstanding the foregoing, if either the payment or any of the release provisions hereof are found to be unenforceable or invalid by a court of competent jurisdiction, then such invalidity or unenforceability shall be cause for voiding the entirety of this Agreement at the election of the Party the interests of which are injured by the finding of invalidity or unenforceability; however, the Plaintiffs shall be entitled to re-file, reinstate and continue to litigate their claims against the Defendants without regard to any statute of limitations or other time barred defense which may be asserted by the Defendants for the time period commencing upon the Effective Date of this Settlement Agreement and ending 30 days after the date that the Settlement Agreement is voided pursuant to the terms of this Paragraph and any applicable statute of limitations shall be deemed tolled for the time period described herein.

20.     This Agreement is effective (the "Effective Date") on the latter of: a.) the date of signature of the last signatory to this Agreement upon execution and delivery hereof by all of the Parties or b.) the delivery to Watson, of the written representation  of Counsel for the Relator, James J. Breen, that he has in his possession the signed Consent of the United States in the form attached hereto as **Exhibit 1** and is prepared to file the Stipulation to Dismissal with Prejudice and Consent of the United States in accordance with Paragraph III. 4. of this Agreement upon payment of the Settlement Amount to the Escrow Agent. Facsimiles or PDFs of signatures shall constitute acceptable binding signatures for purposes of this Agreement.

[Remainder of this page is intentionally left blank]

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**WATSON PARTIES**

Watson Pharmaceuticals, Inc., Watson Pharma, Inc. f/k/a Schein Pharmaceuticals, Inc., Watson Laboratories, Inc., Rugby Laboratories, Inc., Oclassen Pharmaceuticals, Inc., Marsam Pharmaceuticals, Inc., and Watson Laboratories-Florida, Inc., f/k/a Andrx Pharmaceuticals, Inc.


BY: _____   Date: _____
        David A. Buchen, Esq.
        Executive Vice President, General Counsel and Secretary




**RELATOR AND ITS ATTORNEY,**
**THE BREEN LAW FIRM, P.A.**

BY: _____   Date: _____
        James J. Breen
        The Breen Law Firm, P.A.
        Suite 260
        5755 North Point Parkway
        Alpharetta, Georgia 30022
        Counsel to Ven-A-Care of the Florida Keys, Inc.

        VEN-A-CARE OF THE FLORIDA KEYS, INC.

BY: _____   Date: _____
        T. Mark Jones, President


**RELATOR'S CURRENT AND FORMER OFFICERS AND DIRECTORS**

        ZACHARY T. BENTLEY

        _____   Date: _____
        Zachary T. Bentley

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**WATSON PARTIES**

Watson Pharmaceuticals, Inc., Watson Pharma, Inc. f/k/a Schein Pharmaceuticals, Inc., Watson Laboratories, Inc., Rugby Laboratories, Inc., Oclassen Pharmaceuticals, Inc., Marsam Pharmaceuticals, Inc., and Watson Laboratories-Florida, Inc., f/k/a Andrx Pharmaceuticals, Inc.

BY: _____   Date: ___August 22, 2011___
         David A. Buchen, Esq.
         Executive Vice President, General Counsel and Secretary

**RELATOR AND ITS ATTORNEY,
THE BREEN LAW FIRM, P.A.**

BY: _____   Date: _____
         James J. Breen
         The Breen Law Firm, P.A.
         Suite 260
         5755 North Point Parkway
         Alpharetta, Georgia 30022
         Counsel to Ven-A-Care of the Florida Keys, Inc.

         VEN-A-CARE OF THE FLORIDA KEYS, INC.

BY: _____   Date: _____
         T. Mark Jones, President

**RELATOR'S CURRENT AND FORMER OFFICERS AND DIRECTORS**

         ZACHARY T. BENTLEY

         _____   Date: _____
         Zachary T. Bentley

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**WATSON PARTIES**

Watson Pharmaceuticals, Inc., Watson Pharma, Inc. f/k/a Schein Pharmaceuticals, Inc., Watson Laboratories, Inc., Rugby Laboratories, Inc., Oclassen Pharmaceuticals, Inc., Marsam Pharmaceuticals, Inc., and Watson Laboratories-Florida, Inc., f/k/a Andrx Pharmaceuticals, Inc.

BY: _____   Date: _____
     David A. Buchen, Esq.
     Executive Vice President, General Counsel and Secretary

**RELATOR AND ITS ATTORNEY,**
**THE BREEN LAW FIRM, P.A.**

BY: _____   Date: _2/(9/11_
     James J. Breen
     The Breen Law Firm, P.A.
     Suite 260
     5755 North Point Parkway
     Alpharetta, Georgia 30022
     Counsel to Ven-A-Care of the Florida Keys, Inc.

     VEN-A-CARE OF THE FLORIDA KEYS, INC.

BY: _____   Date: _____
     T. Mark Jones, President

**RELATOR'S CURRENT AND FORMER OFFICERS AND DIRECTORS**

     ZACHARY T. BENTLEY

     _____   Date: _____
     Zachary T. Bentley

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**WATSON PARTIES**

Watson Pharmaceuticals, Inc., Watson Pharma, Inc. f/k/a Schein Pharmaceuticals, Inc., Watson Laboratories, Inc., Rugby Laboratories, Inc., Oclassen Pharmaceuticals, Inc., Marsam Pharmaceuticals, Inc., and Watson Laboratories-Florida, Inc., f/k/a Andrx Pharmaceuticals, Inc.

BY:  _____   Date: _____
     David A. Buchen, Esq.
     Executive Vice President, General Counsel and Secretary

**RELATOR AND ITS ATTORNEY,
THE BREEN LAW FIRM, P.A.**

BY:  _____   Date: _____
     James J. Breen
     The Breen Law Firm, P.A.
     Suite 260
     5755 North Point Parkway
     Alpharetta, Georgia 30022
     Counsel to Ven-A-Care of the Florida Keys, Inc.

     VEN-A-CARE OF THE FLORIDA KEYS, INC.

BY:  _____   Date: _8/19/2011_
     T. Mark Jones, President

**RELATOR'S CURRENT AND FORMER OFFICERS AND DIRECTORS**

     ZACHARY T. BENTLEY

_____   Date: _8\19\2011_
Zachary T. Bentley

T. MARK JONES

_____ Date: 8/19/2011
T. Mark Jones

JOHN M. LOCKWOOD

_____ Date: _____
John M. Lockwood

LUIS E. COBO

_____ Date: 8/19/2 011
Luis E. Cobo

**TEXAS**

State of Texas
Office of the Attorney General

BY: _____   Date: _____

Raymond C. Winter
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548

State of Texas
Health and Human Services Commission

BY: _____   Date: _____
Title:   Executive Commissioner, HHSC

19

T. MARK JONES

_____  Date: _____
T. Mark Jones


JOHN M. LOCKWOOD

_____  Date:  8/19/11
John M. Lockwood


LUIS E. COBO

_____  Date: _____
Luis E. Cobo

**TEXAS**

State of Texas
Office of the Attorney General

BY: _____  Date: _____

Raymond C. Winter
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548


State of Texas
Health and Human Services Commission

BY: _____  Date: _____
Title:   Executive Commissioner, HHSC

T. MARK JONES

_____   Date: _____
T. Mark Jones


JOHN M. LOCKWOOD

_____   Date: _____
John M. Lockwood


LUIS E. COBO

_____   Date: _____
Luis E. Cobo

**TEXAS**

State of Texas
Office of the Attorney General

BY:   _____   Date: _____

Raymond C. Winter
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548



State of Texas
Health and Human Services Commission

BY:   _____   Date: _____
Title:   Executive Commissioner, HHSC

**T. MARK JONES**

_____   Date: _____
T. Mark Jones

**JOHN M. LOCKWOOD** .

_____   Date: _____
John M. Lockwood

**LUIS E. COBO**

_____   Date: _____
Luis E. Cobo

**TEXAS**

State of Texas
Office of the Attorney General
BY: _____   Date: _____   8/19/11

Raymond C. Winter
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548

State of Texas
Health and Human Services Commission

BY: _____   Date: 8/19/11
Title: Executive Commissioner, HHSC

**FLORIDA**

State of Florida
Office of the Attorney General

BY: _____   Date: _____


Deputy Attorney General and Chief of Staff,
State of Florida Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399

**FLORIDA**

State of Florida
Office of the Attorney General

BY: _____   Date: _8/18/11_

Deputy Attorney General and Chief of Staff,
State of Florida Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399

**CITY of NEW YORK and NEW YORK COUNTIES as plaintiffs in MDL-1456, and the STATE OF NEW YORK**


BY:   _____   Date: _____

On behalf of The State of New York
Eric T. Schneiderman, Attorney General
Of the State of New York
By:   Carolyn T. Ellis
Special Assistant Attorney General
OFFICE OF THE NEW YORK
ATTORNEY GENERAL
Medicaid Fraud Control Unit
120 Broadway
New York, NY  10271


BY:   _____   Date: _____

Stanley J. Levy
Theresa A. Vitello
LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue, 13th Floor
New York, NY 10007
Counsel for the County of Orange


BY:   _____   Date: _____

Ross Brooks
MILLBERG  LLP
One Pennsylvania Plaza
New York, NY  10119-0165


Counsel for the County of Nassau



BY:   _____   Date: _____


_____
On behalf of Michael A. Cardozo
CORPORATION COUNSEL
OF THE CITY OF NEW YORK

**CITY of NEW YORK and NEW YORK COUNTIES as plaintiffs in MDL-1456, and the STATE OF NEW YORK**

BY: Carolyn T. Ellis Date: 8/19/11

On behalf of The State of New York
Eric T. Schneiderman, Attorney General
Of the State of New York
By: Carolyn T. Ellis
Special Assistant Attorney General
OFFICE OF THE NEW YORK
ATTORNEY GENERAL
Medicaid Fraud Control Unit
120 Broadway
New York, NY 10271

BY: ______________________________ Date: _______________

Stanley J. Levy
Theresa A. Vitello
LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue, 13th Floor
New York, NY 10007
Counsel for the County of Orange

BY: ______________________________ Date: ___________

Ross Brooks
MILLBERG LLP
One Pennsylvania Plaza
New York, NY 10119-0165

Counsel for the County of Nassau

BY: ______________________________ Date: ___________

______________________________
On behalf of Michael A. Cardozo
CORPORATION COUNSEL
OF THE CITY OF NEW YORK

CITY of NEW YORK and NEW YORK COUNTIES as plaintiffs in  MDL-1456, and the STATE OF NEW YORK

BY:   _____   Date: _____

On behalf of The State of New York
Eric T. Schneiderman, Attorney General
Of the State of New York
By:   Carolyn T. Ellis
Special Assistant Attorney General
OFFICE OF THE NEW YORK
ATTORNEY GENERAL
Medicaid Fraud Control Unit
120 Broadway
New York, NY  10271

BY:   _Theresa A. Vitello/ag_   Date: _8/23/11_

Stanley J. Levy
Theresa A. Vitello
LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue, 13th Floor
New York, NY 10007
Counsel for the County of Orange

BY:   _____   Date: _____

Ross Brooks
MILLBERG  LLP
One Pennsylvania Plaza
New York, NY  10119-0165

Counsel for the County of Nassau

BY:   _____   Date: _____

_____
On behalf of Michael A. Cardozo
CORPORATION COUNSEL
OF THE CITY OF NEW YORK

21

**CITY of NEW YORK and NEW YORK COUNTIES as plaintiffs in MDL-1456, and the STATE OF NEW YORK**

BY: _____    Date: _____

On behalf of The State of New York
Eric T. Schneiderman, Attorney General
Of the State of New York
By:   Carolyn T. Ellis
Special Assistant Attorney General
OFFICE OF THE NEW YORK
ATTORNEY GENERAL
Medicaid Fraud Control Unit
120 Broadway
New York, NY  10271

BY: _____    Date: _____

Stanley J. Levy
Theresa A. Vitello
LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue, 13th Floor
New York, NY 10007
Counsel for the County of Orange

BY: _____    Date: 8/22/11

Ross Brooks
MILLBERG  LLP
One Pennsylvania Plaza
New York, NY  10119-0165

Counsel for the County of Nassau

BY: _____    Date: _____

_____
On behalf of Michael A. Cardozo
CORPORATION COUNSEL
OF THE CITY OF NEW YORK

**CITY of NEW YORK and NEW YORK COUNTIES as plaintiffs in MDL-1456, and the STATE OF NEW YORK**

BY: _____   Date: _____

On behalf of The State of New York
Eric T. Schneiderman, Attorney General
Of the State of New York
By: Carolyn T. Ellis
Special Assistant Attorney General
OFFICE OF THE NEW YORK
ATTORNEY GENERAL
Medicaid Fraud Control Unit
120 Broadway
New York, NY 10271

BY: _____   Date: _____

Stanley J. Levy
Theresa A. Vitello
LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue, 13th Floor
New York, NY 10007
Counsel for the County of Orange

BY: _____   Date: _____

Ross Brooks
MILLBERG LLP
One Pennsylvania Plaza
New York, NY 10119-0165

Counsel for the County of Nassau

BY: _____   Date: Aug. 19, 2011

_____
On behalf of Michael A. Cardozo
CORPORATION COUNSEL
OF THE CITY OF NEW YORK

Attorney for Plaintiff the City of New York
100 Church Street
New York, New York 10007
By:  John R. Low-Beer
Senior Counsel
Affirmative Litigation Division


BY:     _____     Date: _____

Joanne M. Cicala
Daniel Hume
KIRBY McINERNEY  LLP
825 Third Avenue
New York, NY  10022

Counsel for the Plaintiff Counties, except for the County of Nassau and the County of
Orange

Attorney for Plaintiff the City of New York
100 Church Street
New York, New York 10007
By: John R. Low-Beer
Senior Counsel
Affirmative Litigation Division


BY: _____   Date: 8/19/11

Joanne M. Cicala
Daniel Hume
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

Counsel for the Plaintiff Counties, except for the County of Nassau and the County of Orange

**IOWA**

BY: _____   Date: _____

Tom Miller, Attorney General
for the State of Iowa Office


BY: _____   Date: _____

Eric Tabor
Iowa Department of Justice
1305 E. Walnut St.
Hoover Bldg., 2nd Floor
Des Moines, IA 50319
Tel: (515) 281-4055


BY: _____   Date: _____

Joanne M. Cicala
Daniel Hume
Kirby McInerney  LLP
825 Third Avenue
New York, NY  10022

Special Counsel for the State of Iowa

IOWA

BY: _____ Date: 8/19/11

Tom Miller, Attorney General
for the State of Iowa Office

BY: _____ Date: 8/19/11

Eric Tabor, Iowa Department of Justice
1305 E. Walnut St.
Hoover Bldg., 2nd Floor
Des Moines, IA 50319
Tel: (515) 281-4055

BY: _____ Date: _____

Joanne M. Cicala
Daniel Flume
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022

 Special Counsel for the State of Iowa

23

**IOWA**

BY: _____   Date: _____

Tom Miller, Attorney General
for the State of Iowa Office


BY: _____   Date: _____
Eric Tabor
Iowa Department of Justice
1305 E. Walnut St.
Hoover Bldg., 2nd Floor
Des Moines, IA 50319
Tel: (515) 281-4055


BY: _____   Date: 8/19/11

Joanne M. Cicala
Daniel Hume
Kirby McInerney LLP
825 Third Avenue
New York, NY  10022

Special Counsel for the State of Iowa

EXHIBIT 1
To
SETTLEMENT AGREEMENT AND RELEASE

(CONSENT OF THE UNITED STATES)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | | |
|---|---|---|---|
| In re: | ) | | MDL No. 1456 |
| | ) | | Civil Action No. 01- |
| 12257-PBS | | ) | |
| PHARMACEUTICAL INDUSTRY | ) | | Subcategory No. 06- |
| 11337 | | | |
| AVERAGE WHOLESALE PRICE | ) | | |
| LITIGATION | ) | | |
| _____ | ) | | |
| | ) | | |
| THIS DOCUMENT RELATES TO: | ) | | |
| *United States of America ex rel. Ven-A-Care of* | ) | | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | | |
| *officers and directors, Zachary T. Bentley and* | ) | | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | | |

**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)**

Pursuant to 31 U.S.C. § 3730(b) (1), the United States hereby consents to:

(1)     The dismissal with prejudice of certain claims in the above-captioned action with respect to Watson Pharmaceuticals, Inc., ("WPI") and Schein Pharmaceuticals, Inc. (now known as Watson Pharma, Inc.) ("Schein, and collectively with WPI, "Watson"); pursuant to, and as limited by, the Settlement Agreement and Release between Watson and the Relator, Ven-A-Care of the Florida Keys, Inc. ("the Relator"), the State of Texas, the State of Florida, the State of Iowa and the New York Plaintiffs as identified in the Settlement Agreement and Release (attached hereto as Exhibit A); and

(2)      The entry of the proposed Order of Dismissal with Prejudice in the form attached to the Settlement Agreement and Release as Exhibit 11 and attached hereto as Exhibit B.

The United States has concluded that the amount of $34,156,715 that it will receive in connection with the settlement is fair, adequate, and reasonable as to the United States under all the circumstances.

Respectfully submitted,

TONY WEST
Assistant Attorney General

CARMEN M. ORTIZ
United States Attorney

George B. Henderson, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

Joyce R. Branda
Daniel R. Anderson
Laurie A. Oberembt
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
(202) 514-3345

Dated: _____ ___, 2011

**Exhibit A**
**To**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)**

(Settlement Agreement and Release)

**Exhibit B**
**To**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31**
**U.S.C. § 3730 (b) (1)**

(Order of Dismissal With Prejudice)

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | | |
|---|---|---|---|
| In re: | ) | | MDL No. 1456 |
| | ) | | Civil Action No. 01- |
| 12257-PBS | | ) | |
| PHARMACEUTICAL INDUSTRY | ) | | Subcategory No. 06- |
| 11337 | | | |
| AVERAGE WHOLESALE PRICE | ) | | |
| LITIGATION | ) | | |
| _____ | ) | | |
| | ) | | |
| THIS DOCUMENT RELATES TO: | ) | | |
| *United States of America ex rel. Ven-A-Care of* | ) | | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | | |
| *officers and directors, Zachary T. Bentley and* | ) | | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | | |

## ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS AGAINST WATSON DEFENDANTS

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator") and Watson Pharmaceuticals, Inc., ("WPI") and Schein Pharmaceuticals, Inc. (now known as Watson Pharma, Inc.) ("Schein, and collectively with WPI, "Watson") (Watson together with Relator collectively the "Parties") filed with this Court, a Stipulation of Dismissal and Motion for Order of Dismissal with Prejudice as to Certain Claims Against Watson. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release, the United States' Consent, the lack of objection to the proposed Settlement, and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.      Consistent with the terms of, and as limited by,  the Settlement Agreement and Release attached hereto as Exhibit A, the above captioned Civil Action is partially dismissed with prejudice as to Watson with respect to the federal share of Medicaid program payments by the settling states that are parties to the Settlement Agreement and Release and is not dismissed, at this time, with respect to claims relating to the federal share of Medicaid program payments by states that are not parties to the Settlement Agreement and Release.

2.       This Order resolves all claims against Watson for the federal share of Medicaid program payments by the settling states that are parties to the Settlement Agreement and Release encompassed by the above-captioned Civil Action, and those attributable to the remaining states are not dismissed by this Order. This Order shall in no way prejudice or limit any claims for a state's share.

3.      Except as specified in the Settlement Agreement and Release, each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this ___ day of _____, 2011.


_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT 2
To
SETTLEMENT AGREEMENT AND RELEASE

(LIST OF CONSOLIDATED N.Y. ACTIONS)

**LIST OF CONSOLIDATED NEW YORK ACTIONS**

The City of New York v. Abbott Laboratories, Inc., et al.
(S.D.N.Y. No. 04-CV-06054)

County of Albany v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00425)

County of Allegany v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06231)

County of Broome v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00456)

County of Cattaraugus v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06242)

County of Cayuga v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00423)

County of Chautauqua v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06204)

County of Chemung v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06744)

County of Chenango v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00354)

County of Columbia v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00867)

County of Cortland v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00881)

County of Dutchess v. Abbott Laboratories, Inc., et al.
(S.D.N.Y. No. 05-CV-06458)

County of Essex County v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00878)

County of Fulton v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00519)

County of Genesee v. Abbott Laboratories, Inc., et al.

(W.D.N.Y. No. 05-CV-06206)

County of Greene v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00474)

County of Herkimer v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00415)

County of Jefferson v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00715)

County of Lewis v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00839)

County of Madison v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00714)

County of Monroe v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06148)

County of Niagara v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06296)

County of Oneida v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00489)

County of Onondaga v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00088)

County of Ontario v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06373)

County of Orange v. Abbott Laboratories, Inc., et al.
(S.D.N.Y. No. 07-CV-2777)

County of Orleans v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06371)

County of Putnam v. Abbott Laboratories, Inc., et al.
(S.D.N.Y. No. 05-CV-04740)

County of Rensselaer v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00422)

County of Rockland v. Abbott Laboratories, Inc., et al.
(S.D.N.Y. No. 03-CV-7055)

County of Saratoga v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00478)

County of Schuyler v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06387)

County of Seneca v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06370)

County of St. Lawrence v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00479)

County of Steuben v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06223)

County of Suffolk v. Abbott Laboratories, Inc., et al.
(E.D.N.Y. No. CV-03-229)

County of Tompkins v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00397)

County of Ulster v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 06-CV-0123)

County of Warren v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00468)

County of Washington v. Abbott Laboratories, Inc., et al.
(N.D.N.Y. No. 05-CV-00408)

County of Wayne v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06138)

County of Westchester v. Abbott Laboratories, Inc., et al.
(S.D.N.Y. No. 03-CV-6178)

County of Wyoming v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-6379)

County of Yates v. Abbott Laboratories, Inc., et al.
(W.D.N.Y. No. 05-CV-06172

EXHIBIT 3
To
SETTLEMENT AGREEMENT AND RELEASE

(WATSON DRUG LIST)

EXHIBIT 4
To
SETTLEMENT AGREEMENT AND RELEASE

(ESCROW AGREEMENT)

# ESCROW AGREEMENT

This Escrow Agreement made as of this _____ day of August, 2011 (the "Agreement"), by and among Ven-A-Care of the Florida Keys, Inc., (the "Relator") and Watson Pharmaceuticals, Inc. ("Watson")  (collectively all parties referenced above in this paragraph collectively, the "Settling Parties") and Wells Fargo Bank, National Association, a national banking association, as escrow agent (the "Escrow Agent").

**BACKGROUND**

WHEREAS, the Settling Parties have reached a settlement of various lawsuits and liabilities, the terms of which are set forth in the Settlement Agreement and Release (with Exhibits thereto) attached as Appendix A (the "Settlement Agreement"), and enter this Escrow Agreement in order to assist with the implementation of the Settlement Agreement; and

WHEREAS, the Settling Parties hereto acknowledge that the Escrow Agent is not a party to, is not bound by, and has no duties or obligations under, the Settlement Agreement, that all references in this Agreement to the Settlement Agreement are for convenience, and that the Escrow Agent shall have no implied duties beyond the express duties set forth in this Agreement.

NOW, THEREFORE, in consideration of the foregoing and of the mutual covenants herein contained and intending to be legally bound hereby, the parties hereto agree as follows:

1.      <u>Appointment of Escrow Agent</u>.  The Escrow Agent is hereby appointed as escrow agent hereunder and agrees to act on the terms and subject to the conditions hereinafter set forth.

2.      <u>Establishment of Escrow Fund.</u> Escrow Agent shall accept delivery of $79,000,000 (seventy-nine million dollars) in immediately available funds which, together with any proceeds, income and reinvestments, is hereinafter referred to as (the "Escrow Fund"). Escrow Agent shall hold the Escrow Fund subject to the terms and conditions of this Agreement.

3.      <u>Jurisdiction</u>/<u>Choice of Law</u>:  This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Massachusetts.  The Escrow Agent and the Settling Parties agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of any suit, action or proceeding to enforce any provision of, or based upon any right arising out of this Agreement, and the parties hereto agree not to commence any such suit, action or proceeding except in such Court.

4.      <u>Deposit and Investment of Escrow Fund</u>.

(a)      <u>Investment</u>:  Unless otherwise specifically agreed to by the Settling Parties in writing, the Escrow Agent shall deposit, and maintain on deposit, the Escrow Funds in a non-interest bearing escrow account that is insured by the Federal Deposit Insurance Corporation to the fullest extent that such insurance is available ("the Escrow Fund").

(b)      <u>Interest/Income:</u>  While it is not contemplated that interest or other income will be earned on the Escrow Fund, in the event income is earned, all income, including interest and dividends, (hereinafter called the "Income") shall be added to and held in the Escrow Fund.

5.      <u>Disposition of Escrow Fund</u>.  The Escrow Funds shall be disbursed in accordance with the provisions in paragraphs III.2 - III.5 of the Settlement Agreement and the Settlement

Allocation Schedule attached as **Exhibit 5** thereto.  The Escrow Agent's sole responsibility is to retain the Escrow Funds until the Escrow Agent:  (i) receives Final Order Confirmation Notices from Watson for each of the Texas Proceedings, the Florida Proceedings, the New York Proceedings, the Iowa Proceedings and the Federal Qui Tam Proceedings, in which event the Escrow Agent shall distribute all of the Escrow Funds, or if a portion of the Escrow Funds have previously been distributed then the Escrow Agent shall distribute the remaining Escrow Funds, or (ii) receives a Final Order Confirmation Notice from Watson for a particular State Proceeding in which event it will distribute all amounts payable to the state or local government Plaintiffs in the State Proceeding covered by the Final Order Confirmation Notice and retain the remaining Escrow Funds to be further distributed pursuant to this Agreement, or (iii) receives a written instruction executed by each of the Settling Parties directing delivery of the Escrow Fund, in which event the Escrow Agent shall be authorized to disburse the Escrow Fund in accordance with such written instruction, or (iv) is otherwise directed by the United States District Court for the District of Massachusetts as to the distribution of the Escrow Funds, in which event the Escrow Agent shall comply with such court order.

6.      <u>Statements</u>:  During the term of this Agreement, the Escrow Agent shall provide the Settling Parties with monthly statements containing the beginning balance in the escrow account as well as all principal and income transactions for the statement period, if any.  The Settling Parties shall be responsible for reconciling such statements.  The Escrow Agent shall be forever released and discharged from all liability with respect to the accuracy of such statements and the transactions listed therein, except with respect to any such act or transaction as to which Relator shall, within 90 days after making the statement available, file written objections with the Escrow Agent.  The Settling Parties are aware that Federal Regulations require the Escrow Agent, without charge and within one business day of its receipt of a broker/dealer confirmation for each security transaction in the Settling Parties' Account(s) to forward to the Settling Parties a written notification which discloses, among other things: the Escrow Agent's name, the Settling Parties' names, the capacity (capacities) in which the Escrow Agent is acting, the date (and time, within a reasonable period, upon written request of the Settling Parties) of execution, the identity, price, number of shares or units of principal amount of debt securities purchased or sold, the name of the broker/dealer, the amount of any remuneration received by such

broker/dealer and the amount of any remuneration received by the Escrow Agent.  The Settling Parties are also aware that, under the terms of this Agreement, the Escrow Agent will be providing periodic statements to the Settling Parties that include a listing of all securities transactions, receipts and disbursements during the period, together with a current listing of the Assets held in the Account(s).  The Settling Parties shall accept such periodic statements in satisfaction of the Escrow Agent's obligation to provide written notification as described above; provided that, upon request, the Escrow Agent will provide the information required by the Federal Regulations at no additional cost.

7.  <u>Rights and Responsibilities of Escrow Agent.</u>  The acceptance by the Escrow Agent of its duties hereunder is subject to the following terms and conditions, which the parties to this Agreement hereby agree shall govern and control with respect to the Escrow Agent's rights, duties, liabilities and immunities:

(a)  The Escrow Agent shall act hereunder as an escrow agent only, and it shall not be responsible or liable in any manner whatever for the sufficiency, correctness, genuineness or validity of any document furnished to the Escrow Agent or any asset deposited with it.

(b)  The Escrow Agent may rely and shall be protected in acting or refraining from acting upon (and shall incur no liability for following the instructions contained therein) any written notice, instruction or request furnished to it hereunder and believed by it to be genuine and to have been signed or presented by the proper party or parties.  The Escrow Agent shall be under no duty to inquire into or investigate the validity, accuracy or content of any such document.  The Escrow Agent shall have no duty to solicit any payments which may be due to be paid into the Escrow Fund by any party.

(c)  The Escrow Agent shall not be liable for any action taken or omitted by it unless a court of competent jurisdiction determines that the Escrow Agent's gross negligence or willful misconduct was the primary cause of any loss.  In the administration of the escrow account hereunder, the Escrow Agent may execute any of its

powers and perform its duties hereunder directly or through agents or attorneys and may consult with counsel, including in-house counsel, accountants and other skilled persons to be selected and retained by it.  The Escrow Agent shall not be liable for anything done, suffered or omitted in good faith by it in accordance with the advice or opinion of any such counsel, accountants or other skilled persons, including in-house counsel.

(d)     The Settling Parties agree to jointly and severally indemnify, defend and hold the Escrow Agent and its affiliates and each of their respective directors, officers, agents and employees (collectively, the "Indemnitees") harmless from and against any and all claims, liabilities, losses, damages, fines, penalties, and expenses, including out-of-pocket and incidental expenses and legal fees and expenses ("Losses") that may be imposed on, incurred by, or asserted against, the Indemnitees or any of them (i) for following any instructions or other directions upon which the Escrow Agent is authorized to rely pursuant to the terms of this Agreement; or (ii) in connection with or arising out of the Escrow Agent's performance under this Agreement provided, with respect to this clause (ii) only, the Indemnitees have not acted with gross negligence or engaged in willful misconduct.  Anything in this Escrow Agreement to the contrary notwithstanding, in no event shall the Escrow Agent be liable for special, indirect, incidental, punitive or consequential loss or damage of any kind whatsoever (including but not limited to lost profits), even if the Escrow Agent has been advised of the likelihood of such loss or damage and regardless of the form of action.  The provisions of this paragraph shall survive the termination of this Agreement and the resignation or removal of the Escrow Agent for any reason.

(e)     The Escrow Agent shall have no duties except those specifically set forth in this Agreement  and shall not be subject to, nor have any liability or responsibility under, any other agreement or document the other parties hereto may be parties to or responsible for, even if same is referenced herein or copies have been given to the Escrow Agent. Under no circumstance will the Escrow Agent be deemed to be a fiduciary to any Settling Party or any other person under this Agreement.

(f)     The Escrow Agent shall not be responsible or liable for any failure or delay in the performance of its obligations under this Agreement arising out of or caused, directly or indirectly, by circumstances beyond its reasonable control, including, without limitation, acts of God; earthquakes; fire; flood; wars; acts of terrorism; civil or military disturbances; sabotage; epidemic; riots; interruptions, loss or malfunctions of utilities, computer (hardware or software) or communications services; accidents; labor disputes; acts of civil or military authority or governmental action; it being understood that the Escrow Agent shall use commercially reasonable efforts which are consistent with accepted practices in the banking industry to resume performance as soon as reasonably practicable under the circumstances.

(g)     Any corporation or association into which the Escrow Agent may be converted or merged, or with which it may be consolidated, or to which it may sell or transfer all or substantially all of its corporate trust business and assets as a whole or substantially as a whole, or any corporation or association resulting from any such conversion, sale, merger, consolidation or transfer to which the Escrow Agent is a party, shall be and become the successor escrow agent under this Agreement and shall have and succeed to the rights, powers, duties, immunities and privileges as its predecessor, without the execution or filing of any instrument or paper or the performance of any further act.

8.      Compensation. The Escrow Agent shall be entitled to compensation for its services as stated in the fee schedule attached hereto as Appendix B, which compensation shall be paid by the Relator.

9.      Tax Identification Number; Indemnification as to Taxes, Penalties and Interest.

(a) All Income accrued in the Escrow Fund shall be held for the account of the Relator and shall be reported by the Relator under applicable federal regulations. Prior to closing, the Relator shall provide the Escrow Agent with certified tax identification numbers by furnishing appropriate forms W-9 or W-8 and such other forms and documents that the

Escrow Agent may request.   The Settling Parties understand that if such tax reporting documentation is not provided and certified to the Escrow Agent, the Escrow Agent may be required by the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, to withhold a portion of any Income earned on the investment of the Escrow Fund.

(b) Without limiting the generality of any provision of this Agreement, to the extent that the Escrow Agent becomes liable for the payment of any taxes in respect of Income derived from the investment of the Escrow Fund, the Escrow Agent shall satisfy such liability to the extent possible from the Escrow Fund.  The Relator shall indemnify, defend and hold the Escrow Agent harmless from and against any tax, late payment, interest, penalty or other cost or expense that may be assessed against the Escrow Agent on or with respect to the Escrow Fund and the investment thereof unless such tax, late payment, interest, penalty or other expense was directly caused by the gross negligence or willful misconduct of the Escrow Agent.  The indemnification provided by this Section 9(b) is in addition to the indemnification provided in Section 7(d) and shall survive the resignation or removal of the Escrow Agent and the termination of this Agreement.

10.   <u>Amendment</u>.  This Agreement may not be amended or supplemented and no provision hereof may be modified or waived, except by an instrument in writing, signed by all of the parties hereto.

11.   <u>Termination</u>.  The purpose of this Escrow Agreement and the terms hereof shall terminate upon the disbursement of all of the Escrow Fund by the Escrow Agent, and the Escrow Agent shall be relieved of any and all further obligations hereunder.

12.   <u>Resignation; Removal.</u>

(a)   The Escrow Agent may resign at any time by giving thirty (30) days written notice of such resignation to the Settling Parties.  If no successor Escrow Agent has been named at the expiration of the thirty (30) day period, the Escrow Agent shall

have no further obligation hereunder except to hold the Escrow Fund as a depository. Upon notification by the Settling Parties of the appointment of a successor, the Escrow Agent shall, upon payment of any and all fees and expenses due to Escrow Agent, promptly deliver the Escrow Fund and all materials in its possession relating to the Escrow Fund to such successor, and the duties of the resigning Escrow Agent shall thereupon in all respects terminate, and Escrow Agent shall be released and discharged from all further obligations hereunder.

(b)     The Escrow Agent may be discharged from its duties as Escrow Agent under this Agreement upon thirty (30) days written notice from the Settling Parties and upon payment of any and all fees due to Escrow Agent.  In such event, the Escrow Agent shall be entitled to rely on instructions from the Settling Parties as to the disposition and delivery of the Escrow Fund.

(c)     In the event of the termination of this Agreement or the resignation or removal of the Escrow Agent, the Escrow Agent shall have the right to retain for itself from the Escrow Fund an amount equal to the compensation due and owing to the Escrow Agent, plus any costs and expenses the Escrow Agent shall reasonably believe may be incurred by the Escrow Agent in connection with the termination of the Escrow Agreement or the transfer of the Escrow Fund.

13.     <u>Miscellaneous</u>.  All covenants and agreements contained in this Agreement by or on behalf of the parties hereto shall bind and inure to the benefit of such parties and their respective heirs, administrators, legal representatives, successors and assigns, as the case may be, and all references to such parties herein shall be deemed also to refer to any successors, assigns, heirs, administrators and legal representatives of said parties, as the case may be.  Subject to Section 7(g), none of the parties may assign its rights under this Escrow Agreement, or assign or delegate its obligations hereunder, without the other parties' prior written consent.  The headings in this Agreement are for convenience of reference only and shall neither be considered as part of this Agreement, nor limit or otherwise affect the meaning hereof.  This Agreement represents the

entire understanding of the parties hereto with respect to the subject matter contained herein and supersedes any and all other and prior agreements between them.

14.     Notices.   Any notice, request for consent, report, or any other communication required or permitted in this Escrow Agreement shall be in writing and shall be deemed to have been given when personally delivered to the party specified or when placed in the United States mail, registered or certified, with return receipt requested, postage prepaid and addressed as follows (with a copy also sent by Facsimile):

If to the Escrow Agent:

    Wells Fargo Bank, National Association
    225 Water Street, Suite 410
    Jacksonville, FL 32202
    Attention: Christopher Tracy; Corporate, Municipal and Escrow Solutions
    Telephone:    904.489.3800
    Facsimile:    904.489.3759

If to or from Relator:

    James J. Breen, Esq.
    The Breen Law Firm, P.A.
    5755 North Point Parkway, Suite 260
    Alpharetta, GA 30022
    Telephone: (770) 740-0008
    Facsimile: (770) 740-9109

If to or from Watson:

    David A. Buchen, Esq.
    Executive Vice President, General Counsel & Secretary
    Morris Corporate Center III
    400 Interpace Parkway
    Parsippany, NJ 07054Telephone:
    (862) 261 8040
    Facsimile: 862-261-7922

with a copy to:

    James W. Matthews, Esq.
    K&L Gates LLP
    State Street Financial Center
    One Lincoln Street
    Boston, MA  02111-2950
    Telephone: (617) 261-3197
    Facsimile: (617) 261-3175

If to or from the State of Texas:

Raymond C. Winter
Assistant Attorney General
Chief, Civil Medicaid Fraud Division
Office of the Attorney General
PO Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-1709
Facsimile: 512-370-9477

If to or from the State of Florida:

Diana Shumans
Assistant Attorney General
Office of the Attorney General
Medicaid Fraud Control Unit
Phone: 850-414-3600
Fax: 850-487-9475

If to or from the State of Iowa:

Joanne M. Cicala
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
Telephone: (212) 371-6600
Fax: 212-751-2540

If to or from the New York Plaintiffs:

Joanne M. Cicala
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
Telephone: (212) 371-6600
Fax: 212-751-2540

If to or from the United States:

      Laurie A. Oberembt
      Senior Trial Counsel
      Civil Division
      United States Department of Justice
      P.O. Box 261
      Ben Franklin Station
      Washington, DC  20044
      United States of America
      Telephone :( 202) 514-3345
      Facsimile: (202) 616-3085

Any party or distributee may unilaterally designate a different address by giving notice of each change in the manner specified above to each other party. Notwithstanding anything to the contrary herein, Escrow Agent shall not be bound by any notice unless actually received by Escrow Agent.

15.    <u>Execution</u>.  This Agreement may be executed in several counterparts, each of which shall be deemed original, but such counterparts together shall constitute one and the same instrument.

**Signatories:**

For the Relator:

_____

James J. Breen, Esq.
The Breen Law Finn, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
Telephone: (770) 740-0008
Facsimile: (770) 740-9109

Date: _____

For Watson:

_____

David A. Buchen, Esq.
Executive Vice President, General Counsel & Secretary
Morris Corporate Center III
400 Interpace Parkway
Parsippany, NJ 07054Telephone:
(862) 261 8040
Facsimile: 862-261-7922

Date: _____

*The balance of this page is intentionally left blank.*

For the Escrow Agent:

_____

Date: _____

*The balance of this page is intentionally left blank.*

**Form of Escrow Agreement**

**Appendix A**

[Final Settlement Agreement and Release]

Appendix B

| Acceptance Fee: | Waived |
|---|---|

Initial Fees as they relate to Wells Fargo Bank acting in the capacity of Escrow Agent – includes review of the Escrow Agreement; acceptance of the escrow appointment; setting up of Escrow Account(s) and accounting records; and coordination of receipt of funds for deposit to the Escrow Account(s). Acceptance Fee payable at time of Escrow Agreement execution.

| Escrow Account Administration Fee: | $3,500 |
|---|---|

**For ordinary administrative services by Escrow Agent – includes daily routine account management; investment transactions; cash transactions processing (including wire and check processing); monitoring claim notices pursuant to the agreement; disbursement of funds in accordance with the agreement; tax reporting for one entity; and providing trust account statements to all applicable parties. Additional tax reporting responsibilities will be billed at $25 each.  This fee is payable annually in advance per escrow account established, with the first installment due at the time of Escrow Agreement execution. The fee covers a full year or any part thereof and therefore will not be prorated or refunded in a year of early termination.  NOTE:  This fee assumes money will be held in cash.**

| Transaction Charges, each: | $25 |
|---|---|

| Out-of-Pocket Expenses | At Cost |
|---|---|

We will charge for out-of-pocket expenses in response to specific tasks assigned by the client or provided for in the escrow agreement. Possible expenses would be, but are not limited to, express mail and messenger charges, travel expenses to attend closing or other meetings.  There are no charges for indirect out-of-pocket expenses.

| Account Administration: | |
|---|---|

If selected to provide escrow agent services, this account relationship will be managed in our Jacksonville, FL office by:
Christopher Tracy
Vice President and Relationship Manager
Wells Fargo Bank, N.A., Corporate Trust Services
225 Water Street, Suite 410
Tel: 904-489-3800 Fax 904-489-3759
Email: christopher.tracy@wellsfargo.com

| On-Line Statements: | Included |
|---|---|

Web based access to PDF monthly account statements with email notification when new reports are available.

This Schedule of Fees is subject to periodic review and adjustment by Wells Fargo. Nothing contained herein shall be deemed to be Wells Fargo's acceptance of appointment as escrow agent or such other related capacity, which is contingent upon final review, acceptance, and execution of governing documents. Appointment is subject to due diligence and conflict check.

**Wells Fargo's bid is based on the following assumptions:**

- Number of Escrow Accounts to be established:  One (1)
- Number of Deposits to each Escrow Account:  Not more than One (1)
- Number of Withdrawals from each Escrow Account: Not more than Seven (7)

- Term of Escrow: Not more than One (1) Month
- Appointment subject to receipt of requested due diligence information as per the USA Patriot Act
- This proposal assumes that balances in the account will be invested in a Wells Fargo Money Market Deposit Account (MMDA)
- All funds will be received from or distributed to a domestic or an approved foreign entity
- If the account(s) does not open within three (3) months of the date shown below, this proposal will be deemed to be null and void
- The charges for performing services not contemplated at the time of the execution of the governing documents, or not specifically covered elsewhere in this schedule, will be determined by appraisal in amounts commensurate with the service to be provided
- Should anticipated documentation change substantially or the transaction become increasingly complex prior to final closing, Wells Fargo reserves the right to adjust its fees
- Billings over 30 days past due are subject to a 1.5% per month late payment penalty on balance due.

EXHIBIT 5
To
SETTLEMENT AGREEMENT AND RELEASE

(SETTLEMENT AMOUNT ALLOCATION SCHEDULE)

**Settlement Amount Allocation Schedule**

| Gross Allocation of Settlement Amount | **$79,000,000** |
|---|---|
| The State of Texas | $29,501,000 |
| The State of Florida | $20,220,000 |
| The State of Iowa | $2,300,000 |
| The State of New York | $26,979,000 |
| **Total** | $79,000,000.00 |
| | |
| **Allocations from Gross Settlement Amount** | |
| **Ven-A-Care U.S. Relator Share** | Amount to be determined by agreement of the United States or as ordered by the United States Court.  This amount shall be distributed to the Relator by the United States |
| **State of Texas** | **$29,501,000** |
| State of Texas Office of the Attorney General Attorneys' Fees and Costs Recovery | $3,000,000 |
| Ven-A-Care Counsel Fee and Cost Recovery | $0 |
| United States Share for Texas | $12,190,460.00 |
| Ven-A-Care Texas Relator Share | $3,005,213.40 |
| **Texas Agency Net** | $11,305,326.60 |

| | |
|---|---|
| **State of Florida** | $20,220,000.00 |
| United States Share for Florida | $11,121,000.00 |
| Ven-A-Care Florida Relator Share | $1,910,790.00 |
| Florida Net | $7,188,210.00 |
| | |
| **New York Plaintiffs** | $26,979,000 |
| New York Plaintiffs Attorneys' Fees and Costs Recovery | $3,450,000.00 |
| United States Share for New York | $9,411,600.00 |
| New York Net | $14,117,400.00 |
| | |
| **State of Iowa** | $2,300,000.00 |
| United States Share for Iowa | $1,426,000.00 |
| Iowa Net | $874,000.00 |

| Escrow Agent's Distributions (exclusive of pro rata account income) | |
|---|---|
| To the United States per directions of US Department of Justice | $34,156,715.28 |
| To the State of Texas per the directions of the Office of the Texas Attorney General | $14,299,278.93 |
| To the State of Florida per the directions of the  Office of the Florida Attorney General | $7,188,210.00 |
| To the New York Plaintiffs per the directions of counsel for the New York Plaintiffs, Kirby McInerney, LLP. | $17,567,400.00 |
| To the State of Iowa per the directions of counsel for the State of Iowa, Kirby McInerney, LLP. | $874,000.00 |
| To Ven-A-Care of the Florida Keys, Inc. per the direction of its lead counsel James Breen | $4,914,395.79 |
| **Total Distributions by Escrow Agent Exclusive of Interest/Income** | **$79,000,000.00** |

EXHIBIT 6
To
SETTLEMENT AGREEMENT AND RELEASE

(FLORIDA PROCEEDINGS JOINT STIPULATION OF DISMISSAL WITH PREJUDICE
AND PROPOSED ORDER OF DISMISSAL WITH PREJUDICE)

**IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL CIRCUIT**
**IN AND FOR LEON COUNTY, FLORIDA**
**CIRCUIT CIVIL DIVISION**

| | | |
|---|---|---|
| **THE STATE OF FLORIDA** | ) | |
| | ) | |
| **ex rel.** | ) | |
| | ) | |
| **VEN-A-CARE OF THE** | ) | |
| **FLORIDA KEYS, INC.,** | ) | |
| **a Florida Corporation, by and** | ) | |
| **through its principal** | ) | |
| **officers and directors,** | ) | |
| **ZACHARY T. BENTLEY and** | ) | |
| **T. MARK JONES,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | **CIVIL ACTION NO.:  98-30302, 98** |
| | | **30302E, 98-3032G** |
| **v.** | ) | |
| | ) | |
| **MYLAN PHARMACEUTICALS, INC.** | ) | |
| **ET. AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT MOTION TO DISMISS WITH PREJUDICE

TO THE HONORABLE JUDGE:

The State of Florida and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs") and Defendants Watson Pharmaceuticals, Inc. and Schein Pharmaceutical, Inc. ("Watson Parties") having settled all matters in dispute between them in this cause, jointly move this Court to dismiss with prejudice all of the Plaintiffs' claims asserted herein against the Watson Parties, provided that the dismissal shall not affect the rights and duties of such parties as expressed in their Settlement Agreement.

Respectfully submitted,

PAMELA JO BONDI

ATTORNEY GENERAL
STATE OF FLORIDA

_____
DIANA SHUMANS
Florida Bar No. 675822
Assistant Attorney General
Office of the Attorney General
Medicaid Fraud Control Unit
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3600
(850) 410-0179 (FAX)

_____
JAMES J. BREEN
Florida Bar No. 297178
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470
(954) 874-1635
(954) 874-1705 (FAX)

C. JARRETT ANDERSON
Anderson LLC
State Bar No. 00796124
823 Congress Ave., Suite 800
Austin, Texas 78701
(512) 469-9191
(512) 532-0585 (FAX)

Attorneys for the Private Person Plaintiff,
Ven-A-Care of the Florida Keys, Inc.

_____
JAMES W. MATTHEWS
K&L Gates
State Street Financial Center, One Lincoln Street
Boston, Massachusetts 02111-2950
(617) 261-3197
(617) 262-3175 (FAX)

Attorney for Watson Pharmaceuticals, Inc. and Schein Pharmaceutical, Inc.

**IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION**

| | |
|---|---|
| **THE STATE OF FLORIDA** ) | |
| ) | |
| **ex rel.** ) | |
| ) | |
| **VEN-A-CARE OF THE** ) | |
| **FLORIDA KEYS, INC.,** ) | |
| **a Florida Corporation, by and** ) | |
| **through its principal** ) | |
| **officers and directors,** ) | |
| **ZACHARY T. BENTLEY and** ) | |
| **T. MARK JONES,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | **CIVIL ACTION NO.: 98-30302, 98-** |
| | **30302E, 98-3032G** |
| **v.** ) | |
| ) | |
| **MYLAN PHARMACEUTICALS, INC.** ) | |
| **ET. AL.** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

<u>**ORDER OF DISMISSAL WITH PREJUDICE**</u>

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA"), the State of Florida, the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator"), and Schein Pharmaceutical, Inc. and Watson Pharmaceuticals, Inc. (the foregoing parties collectively, "Watson Parties") (all of the forgoing parties together, the "Parties") filed with this Court, a Stipulation of Dismissal with Prejudice of the Watson Parties and Motion for Order of Dismissal with Prejudice of the Watson Parties. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount

appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1. Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from or related to the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2. Each party shall be responsible for its own expenses, attorneys' fees, and costs.

3. The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ___ day of ____ 2011.

_____
Circuit Judge Jackie L. Fulford

Copies to:

Diana Shumans
Assistant Attorney General
Office of the Attorney General
Medicaid Fraud Control Unit
PL-01, The Capitol
Tallahassee, Florida 32399-1050

James J. Breen
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470


C. Jarrett Anderson
Anderson LLC
State Bar No. 00796124
823 Congress Ave., Suite 800
Austin, Texas 78701


JAMES W. MATTHEWS
K&L Gates
State Street Financial Center, One Lincoln Street
Boston, Massachusetts 02111-2950

EXHIBIT 7
To
SETTLEMENT AGREEMENT AND RELEASE

(TEXAS PROCEEDINGS JOINT STIPULATION OF DISMISSAL WITH PREJUDICE
AND PROPOSED ORDER OF DISMISSAL WITH PREJUDICE)

**CAUSE NO. D-1-GV-11-000212**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| | § | |
| VEN-A-CARE OF THE FLORIDA | § | |
| KEYS, INC. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| WATSON  PHARMACEUTICALS, | § | |
| INC., WATSON PHARMA, INC., f/k/a | § | |
| SCHEIN PHARMACEUTICAL, INC., | § | 419TH JUDICIAL DISTRICT |
| RUGBY LABORATORIES, INC., | | |
| OCLASSEN PHARMACEUTICALS, | | |
| INC., MARSAM | | |
| PHARMACEUTICALS, INC., and | | |
| ANDRX PHARMACEUTICALS, INC. | | |
| | | |
| *Defendants.* | | |

## JOINT MOTION TO DISMISS WITH PREJUDICE

TO THE HONORABLE JUDGE:

The State of Texas and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs") and Defendants Watson Pharmaceuticals, Inc., Watson Pharma, Inc., f/k/a Schein Pharmaceutical, Inc., Rugby Laboratories, Inc., Oclassen Pharmaceuticals, Inc., Marsam Pharmaceuticals, Inc., and Andrx Pharmaceuticals, Inc. ("Watson Parties") having settled all matters in dispute between them in this cause, jointly move this Court to dismiss with prejudice all of the Plaintiffs' claims asserted herein against the Watson Parties, provided that the dismissal shall not affect the rights and duties of such parties as expressed in their Settlement Agreement.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation


_____
        RAYMOND C. WINTER
State Bar No. 21791950
Chief, Civil Medicaid Fraud Division
(512) 936-1709 direct dial
MARGARET MOORE
State Bar No. 14360050
(512) 936-1319 direct dial
Assistant Attorneys General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 499-0712 fax

Attorneys for the State of Texas


_____
JAMES J. BREEN
Florida Bar No. 297178
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470
(954) 874-1635
(954) 874-1705 (FAX)

C. JARRETT ANDERSON
Anderson LLC
State Bar No. 00796124
823 Congress Ave., Suite 800
Austin, Texas 78701
(512) 469-9191
(512) 532-0585 (FAX)

Attorneys for the Private Person Plaintiff,
Ven-A-Care of the Florida Keys, Inc.
_____

JAMES W. MATTHEWS
K&L Gates
State Street Financial Center, One Lincoln
Street

Boston, Massachusetts 02111-2950
(617) 261-3197
(617) 262-3175 (FAX)

Attorney for Watson Pharmaceuticals, Inc.,
Watson Pharma, Inc., f/k/a Schein
Pharmaceutical, Inc., Rugby Laboratories, Inc.,
Oclassen Pharmaceuticals, Inc., Marsam
Pharmaceuticals, Inc., and Andrx
Pharmaceuticals, Inc.

**CAUSE NO. D-1-GV-11-000212**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| | § | |
| VEN-A-CARE OF THE FLORIDA | § | |
| KEYS, INC. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| WATSON PHARMACEUTICALS, | § | |
| INC., WATSON PHARMA, INC., f/k/a | § | |
| SCHEIN PHARMACEUTICAL, INC., | § | 419TH JUDICIAL DISTRICT |
| RUGBY LABORATORIES, INC., | | |
| OCLASSEN PHARMACEUTICALS, | | |
| INC., MARSAM | | |
| PHARMACEUTICALS, INC., and | | |
| ANDRX PHARMACEUTICALS, INC. | | |
| | | |
| *Defendants.* | | |

## <u>ORDER OF DISMISSAL</u>

Before the Court for consideration is the Joint Stipulation and Motion to Dismiss filed by the State of Texas and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs") and Watson Pharmaceuticals, Inc., Watson Pharma, Inc., f/k/a Schein Pharmaceutical, Inc., Rugby Laboratories, Inc., Oclassen Pharmaceuticals, Inc., Marsam Pharmaceuticals, Inc., and Andrx Pharmaceuticals, Inc. (the foregoing six parties, collectively, "Watson Parties") (all of the forgoing parties together, the "Parties") filed with this Court, a Stipulation of Dismissal with Prejudice of the Watson Parties and Motion for Order of Dismissal with Prejudice of the Watson Parties. Upon due consideration of the Stipulation, the Parties' Settlement Agreement and Release, and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.       Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from or related to the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2.       Each party shall be responsible for its own expenses, attorneys' fees, and costs.

3.       The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ____ day of _____ 2011.


_____
HONORABLE LORA LIVINGSTON
JUDGE PRESIDING


AGREED AS TO FORM:


_____
RAYMOND C. WINTER
ATTORNEY FOR THE STATE OF TEXAS


_____
JAMES J. BREEN
C. JARRETT ANDERSON
ATTORNEYS FOR VEN-A-CARE OF THE FLORIDA KEYS, INC.


_____
JAMES W. MATTHEWS
ATTORNEY FOR THE WATSON PARTIES

EXHIBIT 8
To
SETTLEMENT AGREEMENT AND RELEASE

(NEW YORK PROCEEDINGS JOINT STIPULATION OF DISMISSAL WITH
PREJUDICE AND PROPOSED ORDER OF DISMISSAL WITH PREJUDICE)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 Civil Action No. 01-12257-PBS Subcategory No. 03-10643-PBS |
| THIS DOCUMENT RELATES TO: *The City of New York, et al.  v. Abbott Laboratories, Inc., et al.* | ) ) ) ) ) | Judge Patti B. Saris |

**JOINT MOTION TO DISMISS WITH PREJUDICE**

TO THE HONORABLE JUDGE:

The Consolidated New York Counties ("Plaintiffs") and defendants Watson Pharmaceuticals, Inc. and Watson Pharma, Inc. f/k/a Schein Pharmaceuticals, Inc. (collectively "Watson Parties"), having settled all matters in dispute between them in this cause, jointly move this Court to dismiss with prejudice all of the Plaintiffs' claims asserted herein against the Watson Parties, provided that the dismissal shall not affect the rights and duties of such parties as expressed in their Settlement Agreement.

Dated:  August __, 2011

Respectfully submitted,

By:_____

Joanne M. Cicala
Daniel Hume
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
212-371-6600

*On Behalf of Plaintiffs the Consolidated*
*New York Counties*

By:_____

    JAMES W. MATTHEWS
    K&L Gates
    State Street Financial Center, One Lincoln

Street

    Boston, Massachusetts 02111-2950
    (617) 261-3197
    (617) 262-3175 (FAX)

*On Behalf of Watson Pharmaceuticals, Inc.*
*and Watson Pharma, Inc., f/k/a Schein*
*Pharmaceuticals, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456 Civil Action No. 01-12257-PBS Subcategory No. 03-10643-PBS |
| THIS DOCUMENT RELATES TO: *The City of New York, et al.  v. Abbott Laboratories, Inc., et al.* | ) ) ) ) ) | Judge Patti B. Saris |

**[PROPOSED] ORDER OF DISMISSAL OF PLAINTIFFS' CLAIMS AGAINST DEFENDANTS WATSON PHARMACEUTICALS, INC. AND WATSON PHARMA, INC. F/K/A SCHEIN PHARMACEUTICALS, INC.**

The Motion for Dismissal is hereby GRANTED.  All Claims in this action against Defendants Watson Pharmaceuticals, Inc. and Watson Pharma, Inc. f/k/a Schein Pharmaceuticals, Inc. are dismissed with prejudice and without costs to any party.

IT IS SO ORDERED

Dated: _____, 2011

_____
The Honorable Patti B. Saris
United States District Court Judge

EXHIBIT 9
To
SETTLEMENT AGREEMENT AND RELEASE

(IOWA PROCEEDINGS JOINT STIPULATION OF DISMISSAL WITH PREJUDICE
AND PROPOSED ORDER OF DISMISSAL WITH PREJUDICE)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)<br>)<br>)<br>) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Subcategory No.:  07-12141-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*State of Iowa  v. Abbott Laboratories, Inc., et al.* | )<br>)<br>)<br>) | Judge Patti B. Saris |

**JOINT MOTION TO DISMISS WITH PREJUDICE**

TO THE HONORABLE JUDGE:

The State of Iowa ("Plaintiff") and defendants Watson Pharmaceuticals, Inc. and

Watson Pharma, Inc. f/k/a Schein Pharmaceuticals, Inc. (collectively "Watson Parties"),

having settled all matters in dispute between them in this cause, jointly move this Court

to dismiss with prejudice all of the Plaintiff's claims asserted herein against the Watson

Parties, provided that the dismissal shall not affect the rights and duties of such parties as

expressed in their Settlement Agreement.

Dated:  August __, 2011

Respectfully submitted,

By:_____
        Joanne M. Cicala
        Daniel Hume
        Kirby McInerney LLP
        825 Third Avenue
        New York, NY 10022
        212-371-6600

*On Behalf of the State of Iowa*

By:_____

JAMES W. MATTHEWS
K&L Gates
State Street Financial Center, One Lincoln

Street

Boston, Massachusetts 02111-2950
(617) 261-3197
(617) 262-3175 (FAX)

*On Behalf of Watson Pharmaceuticals, Inc.*
*and Watson Pharma, Inc., f/k/a Schein*
*Pharmaceuticals, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Subcategory No.: 07-12141-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*State of Iowa  v. Abbott Laboratories, Inc., et al.* | ) ) ) ) ) | Judge Patti B. Saris |

### [PROPOSED] ORDER OF DISMISSAL OF PLAINTIFF'S CLAIMS AGAINST WATSON PHARMACEUTICALS, INC. AND WATSON PHARMA, INC. F/K/A SCHEIN PHARMACEUTICALS, INC.

The Motion for Dismissal is hereby GRANTED.  All Claims in this action against Defendants Watson Pharmaceuticals, Inc. and Watson Pharma, Inc. f/k/a Schein Pharmaceuticals, Inc. are dismissed with prejudice and without costs to any party.


IT IS SO ORDERED


Dated: _____, 2011


_____
The Honorable Patti B. Saris
United States District Court Judge

EXHIBIT 10
To
SETTLEMENT AGREEMENT AND RELEASE

(FEDERAL QUI TAM PROCEEDINGS JOINT STIPULATION OF DISMISSAL
WITH PREJUDICE)

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | | |
|---|---|---|---|
| In re: | ) | | MDL No. 1456 |
| | ) | | Civil Action No. 01- |
| 12257-PBS | | ) | |
| PHARMACEUTICAL INDUSTRY | ) | | Subcategory No. 06- |
| 11337 | | | |
| AVERAGE WHOLESALE PRICE | ) | | |
| LITIGATION | ) | | |
| _____ | ) | | |
| | ) | | |
| THIS DOCUMENT RELATES TO: | ) | | |
| *United States of America ex rel. Ven-A-Care of* | ) | | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | | |
| *officers and directors, Zachary T. Bentley and* | ) | | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | | |

## STIPULATION OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS AGAINST WATSON PARTIES AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE

The above-captioned matter is an action brought under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. §§3729-3733, by Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator") against Watson Pharmaceuticals, Inc., ("WPI") and Schein Pharmaceuticals, Inc. (now known as Watson Pharma, Inc.) ("Schein, and collectively with WPI, "Watson") (Watson together with Relator collectively the "Parties").

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with, and as limited by, the terms of the Settlement Agreement and Release, the Parties hereby stipulate to the entry of an order dismissing all "Released Claims" for the "Covered Conduct" against Watson (as the terms in quotations are defined in the Settlement Agreement and Release attached hereto as Exhibit A. The Parties further

stipulate that, except as specified in the Settlement Agreement and Release, any claim the Relator or its counsel has to a Relator's share or for expenses, attorneys' fees, and costs shall not be the responsibility of Watson.

WHEREFORE, to permit them to effectuate the terms of their partial settlement, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), the Parties respectfully request that the Court enter an order in the form attached hereto as Exhibit B.

Respectfully submitted,


 /s/ James J. Breen
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator



 /s/ James W. Matthews
JAMES W. MATTHEWS
Sherin and Lodgen LLP
101 Federal Street
Boston MA  02110
(617) 646-2220

Counsel for Watson

Dated:  _____ ___, 2011

EXHIBIT 11
To
SETTLEMENT AGREEMENT AND RELEASE

(FEDERAL QUI TAM PROCEEDINGS ORDER OF DISMISSAL WITH PREJUDICE)

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | | |
|---|---|---|---|
| In re: | ) | | MDL No. 1456 |
| | ) | | Civil Action No. 01- |
| 12257-PBS | | ) | |
| PHARMACEUTICAL INDUSTRY | ) | | Subcategory No. 06- |
| 11337 | | | |
| AVERAGE WHOLESALE PRICE | ) | | |
| LITIGATION | ) | | |
| _____ | ) | | |
| | ) | | |
| THIS DOCUMENT RELATES TO: | ) | | |
| *United States of America ex rel. Ven-A-Care of* | ) | | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | | |
| *officers and directors, Zachary T. Bentley and* | ) | | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | | |

## ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS AGAINST WATSON DEFENDANTS

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator") and Watson Pharmaceuticals, Inc., ("WPI") and Schein Pharmaceuticals, Inc. (now known as Watson Pharma, Inc.) ("Schein", and collectively with WPI, "Watson") (Watson together with Relator collectively the "Parties") filed with this Court, a Stipulation of Dismissal and Motion for Order of Dismissal with Prejudice as to Certain Claims Against Watson. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release, the United States' Consent, the lack of objection to the proposed Settlement, and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.       Consistent with the terms of, and as limited by,  the Settlement Agreement and Release attached hereto as Exhibit A, the above captioned Civil Action is partially dismissed with prejudice as to Watson with respect to the federal share of Medicaid program payments by the settling states that are parties to the Settlement Agreement and Release and is not dismissed, at this time, with respect to claims relating to the federal share of Medicaid program payments by states that are not parties to the Settlement Agreement and Release.

2.        This Order resolves all claims against Watson for the federal share of Medicaid program payments by the settling states that are parties to the Settlement Agreement and Release encompassed by the above-captioned Civil Action, and those attributable to the remaining states are not dismissed by this Order. This Order shall in no way prejudice or limit any claims for a state's share.

3.       Except as specified in the Settlement Agreement and Release, each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.       The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this ___ day of _____, 2011.


_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

**Exhibit B**
**To**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)**

(Order of Dismissal With Prejudice)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

**ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS**
**AGAINST WATSON DEFENDANTS**

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions

of the federal False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator")

and Watson Pharmaceuticals, Inc., ("WPI") and Schein Pharmaceuticals, Inc. (now known as

Watson Pharma, Inc.) ("Schein, and collectively with WPI, "Watson") (Watson together with

Relator collectively the "Parties") filed with this Court, a Stipulation of Dismissal and Motion

for Order of Dismissal with Prejudice as to Certain Claims Against Watson.  Upon due

consideration of the Stipulation and the Parties' Settlement Agreement and Release, the United

States' Consent, the lack of objection to the proposed Settlement, and the Court's determination

that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the

circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.    Consistent with the terms of, and as limited by,  the Settlement Agreement and

Release attached hereto as Exhibit A, the above captioned Civil Action is partially dismissed

with prejudice as to Watson with respect to the federal share of Medicaid program payments by the settling states that are parties to the Settlement Agreement and Release and is not dismissed, at this time, with respect to claims relating to the federal share of Medicaid program payments by states that are not parties to the Settlement Agreement and Release.

2.       This Order resolves all claims against Watson for the federal share of Medicaid program payments by the settling states that are parties to the Settlement Agreement and Release encompassed by the above-captioned Civil Action, and those attributable to the remaining states are not dismissed by this Order. This Order shall in no way prejudice or limit any claims for a state's share.

3.       Except as specified in the Settlement Agreement and Release, each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.       The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this ___ day of _____, 2011.


_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE