# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

## DECLARATION OF KATIE BEAN IN SUPPORT OF
## REQUEST FOR REIMBURSEMENT FROM THE TRACK 2 SETTLEMENT FUND

I, Katie Bean, pursuant to 28 U.S.C. §1746, depose and state as follows:

1. My name is Katie Bean and I live in Burleson, Texas. I submit this declaration in support of my request for reimbursement for time my husband, Harold Bean, and I spent in this litigation from the Track 2 Settlement Fund. I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so.

2. Harold was a Medicare beneficiary, with partial supplemental insurance coverage and paid for a portion of the cost of the physician-administered prescription medications which he received.

3. The hours expended by myself and my husband in furtherance of this litigation involve the time in identifying and producing relevant documents in response to Defendants' discovery requests, reviewing and authorizing pleadings, and reviewing the terms of settlement with counsel.

4. From 2006, when we first learned of the suit and retained counsel for purposes of the suit, my husband and I handled various discovery-related tasks, including identifying and locating documents for production (including our prescription records and records of payment).

5.   In addition, my husband and I have regularly communicated with counsel, Don Haviland and other attorneys, paralegals and staff in his office, about the litigation, including issues related to the case, discovery, class certification, strategy, understanding the prescription and payment records, and the progress of the case.  I have never spoken with any of the lawyers representing the Class in this case.

6.   Based upon my memory of the events involved, I can make a reasonable and conservative estimate of the hours involved.

7.   I estimate the following time was spent on the following tasks:

   a.   Document retrieval, review and authorization of initial pleadings: **20 hours**;

   b.   Preparation for and attendance at the depositions, post-deposition conferences with counsel and review of deposition transcript: **18 hours**;

   c.   Preparation for class certification, including review and assembly of documents and conferences with counsel: **3 hours;**

   d.   Pre-trial preparations, document retrieval and review, conferences with counsel regarding trial testimony: **10 hours**;

   e.   Settlement discussions with counsel, review of documents pertaining to settlement, review and authorization of documents pertaining to settlement: **4 hours**; and

   f.   Periodic update and transmittal of records and conferences with counsel regarding progress of the case: **6 hours**.

8.   Based on all of the work we did, I estimate the total time spent by us on this litigation to be **61 hours**.

9. I understand from counsel that the Court indicated at the final approval hearing in another settlement that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour.

Using those figures as a guide, I calculate my requested reimbursement from the Track 2 Settlement Fund to be **$6,100.00.**

This declaration is made subject to the penalties of perjury.

Dated: *Sept. 6, 2011*                              *Katie Bean*
                                                     Katie Bean