# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

## DECLARATION OF PAT DREWETT IN SUPPORT OF
## REQUEST FOR REIMBURSEMENT FROM THE TRACK 2 SETTLEMENT FUND

I, Pat Drewett, pursuant to 28 U.S.C. §1746, depose and state as follows:

1.      My name is Pat Drewett and I live in Sherrill, Arkansas.  I submit this declaration in support of my request for reimbursement for time my father, James Monk, spent in this litigation from the Track 2 Settlement Fund.  I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so.

2.      With his consent, my father, James Monk, was offered as a Class 1 representative in the Fourth Amended Master Consolidated Class Action Complaint, filed in March 2006. From that point on, I understand that his name continued to be listed as a Class 1 consumer class representative in all the subsequently filed documents in the case, some of which he reviewed and discussed with his counsel, Don Haviland, and attorneys and paralegals in his firm.

3.      My father was a Medicare beneficiary, with partial supplemental insurance coverage and paid for a portion of the cost of the physician-administered prescription medications which he received.

4.       The hours expended by my father in furtherance of this litigation involve the time in identifying and producing relevant documents in response to Defendants' discovery requests,

reviewing and authorizing pleadings, and reviewing the terms of settlement with counsel.

5.   From 2005, when he first learned of the suit and retained counsel for purposes of the suit, my father handled various discovery-related tasks, including identifying and locating documents for production (including our prescription records and records of payment.

6.   In addition, my father and I have regularly communicated with counsel, Don Haviland and other attorneys, paralegals and staff in his office, about the litigation, including issues related to the case, discovery, class certification, strategy, understanding the prescription and payment records, and the progress of the case.  I have never spoken with any of the lawyers representing the Class in this case.

7.   Based upon my memory of the events involved, I can make a reasonable and conservative estimate of the hours involved.

8.   I estimate the following time was spent on the following tasks:

    a.   Document retrieval, review and authorization of initial pleadings: **10 hours**;

    b.   Settlement discussions with counsel, review of documents pertaining to settlement, review and authorization of documents pertaining to settlement: **4 hours**; and

    c.   Periodic update and transmittal of records and conferences with counsel regarding progress of the case: **6 hours**.

9.   Based on all of the work we did, I estimate the total time spent by us on this litigation to be **20 hours**.

10.   I understand from counsel that the Court indicated at the final approval hearing in another settlement that a fair rate for reimbursement for time spent on the litigation might be

$100.00 per hour.

Using those figures as a guide, I calculate my requested reimbursement from the Track 2 Settlement Fund to be **$2,000.00.**

This declaration is made subject to the penalties of perjury.

Dated: 9-6-11

Pat Drewett
(-Mrs. Pat Drewett)