# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

**DECLARATION OF VIRGINIA NEWELL IN SUPPORT OF
REQUEST FOR REIMBURSEMENT FROM THE TRACK 2 SETTLEMENT FUND**

I, Virginia Newell, pursuant to 28 U.S.C. §1746, depose and state as follows:

1. My name is Virginia Newell and I live in Mooresville, North Carolina. I submit this declaration in support of my request for reimbursement for time spent in this litigation from the Track 2 Settlement Fund. I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so.

2. With our consent, my husband, William Newell, was offered as a Class 1 representative in the Third Amended Master Consolidated Class Action Complaint, filed in October 2005. From that point on, I understand that his name continued to be listed as a Class 1 consumer class representatives in all the subsequently filed documents in the case, some of which we reviewed and discussed with our counsel, Don Haviland, and attorneys and paralegals in his firm.

4. William was a Medicare beneficiary, with partial supplemental insurance coverage and paid for a portion of the cost of the physician-administered prescription medications which he received.

5. William and I actively participated in this litigation from the Fall of 2005. Among

other things, I attended a deposition in this case and answered questions about William's treatment and our involvement as plaintiffs in this lawsuit. (A copy of the deposition transcript, which I reviewed after the deposition were conducted, is attached to this declaration).

6. The hours expended by myself and William in furtherance of this litigation involve our time in identifying and producing relevant documents in response to Defendants' discovery requests, reviewing and authorizing pleadings, preparing for and attending the deposition, preparing for trial, and reviewing the terms of settlement with counsel.

7. From 2005, when we first learned of the suit and retained counsel for purposes of the suit, William and I handled various discovery-related tasks, including identifying and locating documents for production (including our prescription records and records of payment), and preparing for and attending the deposition.

8. In addition, I have regularly communicated with my counsel, Don Haviland and other attorneys, paralegals and staff in his office, about the litigation, including issues related to the case, discovery, class certification, strategy, understanding the prescription and payment records, and the progress of the case. I have never spoken with any of the lawyers representing the Class in this case.

9. Based upon my memory of the events involved, I can make a reasonable and conservative estimate of the hours involved.

10. I estimate the following time was spent on the following tasks:

    a. Document retrieval, review and authorization of initial pleadings: **20 hours**;

    b. Preparation for and attendance at the depositions, post-deposition conferences with counsel and review of deposition transcript: **18 hours**;

    c. Preparation for class certification, including review and assembly of documents and conferences with counsel: **3 hours.**

 11. Based on all of the work we did, I estimate the total time spent by us on this litigation to be **41 hours**.

 12. I understand from our counsel that the Court indicated at the final approval hearing in another settlement that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour.

 Using those figures as a guide, I calculate my requested reimbursement from the Track 2 Settlement Fund to be **$4,100.00.**

This declaration is made subject to the penalties of perjury.

Dated: *Sept. 7, 2011*

*Virginia Newell*
Virginia Newell