# Exhibit 7

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

### DECLARATION OF REV. DAVID AARONSON IN SUPPORT OF REQUEST FOR REIMBURSEMENT FROM THE TRACK 2 SETTLEMENT FUND

I, David Aaronson, pursuant to 28 U.S.C. §1746, depose and state as follows:

1. My name is David Aaronson and I live in Matthews, North Carolina. I submit this declaration in support of my request for reimbursement for time spent in this litigation from the Track 2 Settlement Fund. I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so.

2. With our consent, my wife, Susan Aaronson, was offered as a Class 1 representative in the Third Amended Master Consolidated Class Action Complaint, filed in October 2005. It is my understanding that in January 2006 the Court appointed my wife and I as representatives of a Class of Medicare patients who purchased drugs from the Track 1 defendants. From that point on, I understand that our names continued to be listed as a Class 1 consumer class representatives in all the subsequently filed documents in the case, some of which we reviewed and discussed with our counsel, Don Haviland, and attorneys and paralegals in his firm.

4. Susan was a Medicare beneficiary, with partial supplemental insurance coverage and paid for a portion of the cost of the physician-administered prescription

medications which he received.

5.  Susan and I actively participated in this litigation from the Fall of 2005. Among other things, I attended two depositions in this case and answered questions about Susan's treatment and our involvement as plaintiffs in this lawsuit.

6.  The hours expended by myself and Susan in furtherance of this litigation involve our time in identifying and producing relevant documents in response to Defendants' discovery requests, reviewing and authorizing pleadings, preparing for and attending depositions, preparing for trial, and reviewing the terms of settlement with counsel.

7.  From 2005, when we first learned of the suit and retained counsel for purposes of the suit, Susan and I handled various discovery-related tasks, including identifying and locating documents for production (including our prescription records and records of payment), and preparing for and attending the depositions.

8.  In addition, I have regularly communicated with my counsel, Don Haviland and other attorneys, paralegals and staff in his office, about the litigation, including issues related to the case, discovery, class certification, strategy, understanding the prescription and payment records, and the progress of the case. I have never spoken with any of the lawyers representing the Class in this case.

9.  I have already received reimbursement for my time from the Bristol-Myers Squibb settlement fund. This affidavit relates only to my time spent regarding the Track 2 settlement.

10. Based upon my memory of the events involved, I can make a reasonable and conservative estimate of the hours involved.

11. I estimate the following time was spent on the following tasks:

   a.  Settlement discussions with counsel, review of documents pertaining to

settlement, review and authorization of documents pertaining to settlement: **1 hour**; and

b.  Periodic update and transmittal of records and conferences with counsel regarding progress of the case: **1 hour**.

12. Based on all of the work we did, I estimate the total time spent by us on this litigation, specific to the Track 2 settlement, to be **2 hours**.

13. I understand from our counsel that the Court indicated at the final approval hearing in another settlement that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour.

Using those figures as a guide, I calculate my requested reimbursement from the Track 2 Settlement Fund to be **$200.00.**

This declaration is made subject to the penalties of perjury.

Dated: 9/2/11

*[signature]*
David Aaronson