# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

### AFFIDAVIT OF ALEX K. GUNTHER IN SUPPORT OF REQUEST FOR REIMBURSEMENT FROM THE TRACK 2 SETTLEMENT FUND TO THE ESTATE OF ORAL RAY ROOTS

I, Alex K. Gunther, pursuant to 28 U.S.C. §1746, depose and state as follows:

1. My name is Alex K. Gunther and I live in Wichita, Kansas. I am the executor of the Estate of my uncle, Oral "Ray" Roots. I submit this declaration in support of my request for reimbursement for time spent by my uncle in this litigation from the Track 2 Settlement Fund. I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so.

3. With his consent, Oral Ray Roots, of Wichita, Kansas was offered as a Class 1 representative in the Fourth Amended Master Consolidated Class Action Complaint, filed in March 2009.

4. Mr. Roots was a Medicare beneficiary, with partial supplemental insurance coverage and paid for a portion of the cost of the physician-administered prescription medications which he received.

5. Mr. Roots actively participated in this litigation from the Fall of 2005. Among other things, Mr. Roots attended a deposition in this case and answered questions about his treatment and our involvement as plaintiffs in this lawsuit. (A copy of the deposition transcripts,

which I reviewed after the depositions were conducted, and my signature page and errata sheet are attached to this declaration).

6. The hours expended by Mr. Roots in furtherance of this litigation involve his time in identifying and producing relevant documents in response to Defendants' discovery requests, reviewing and authorizing pleadings, preparing for and attending depositions, preparing for trial, and reviewing the terms of settlement with counsel.

7. From 2005, when Mr. Roots first learned of the suit and retained counsel for purposes of the suit, he handled various discovery-related tasks, including identifying and locating documents for production (including our prescription records and records of payment), and preparing for and attending the deposition(s).

8. In addition, Mr. Roots had regularly communications with Mr. Haviland, or other attorneys, paralegals and staff in his office, up until his death, including issues related to the case, discovery, class certification, strategy, understanding the prescription and payment records, and the progress of the case.

9. Based upon my memory of the events involved, I can make a reasonable and conservative estimate of the hours involved.

10. I estimate the following time was spent on the following tasks:

   a. Document retrieval, review and authorization of initial pleadings: **20 hours**;

   b. Preparation for and attendance at one (1) deposition, post-deposition conferences with counsel and review of deposition transcripts: **18 hours**;

   c. Preparation for class certification, including review and assembly of documents and conferences with counsel: **3 hours**;

   d. Pre-trial preparations, document retrieval and review, conferences with counsel regarding trial testimony: **10 hours**;

   e. Settlement discussions with counsel, review of documents pertaining to settlement, review and authorization of documents pertaining to settlement: **1 hours**; and

   f. Periodic update and transmittal of records and conferences with counsel regarding progress of the case: **5 hours**.

  11. Based on all of the work we did, I estimate the total time spent by us on this litigation to be **57 hours**.

  12. I understand from our counsel that the Court indicated at the final approval hearing in another settlement that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour.

  Using those figures as a guide, I calculate my requested reimbursement from the Track 2 Settlement Fund to be **$5,700.00**.

  This declaration is made subject to the penalties of perjury.

Dated: Aug 31, 2011

_____
Alex K. Gunther