# Exhibit 9

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

## DECLARATION OF BEVERLY THOMSON SHAW, ESQ., IN SUPPORT OF REQUEST FOR REIMBURSEMENT FROM THE TRACK 2 SETTLEMENT FUND

I, Beverly Thomson Shaw, Esq., pursuant to 28 U.S.C. §1746, depose and state as follows:

1. My name is Beverly Thomson Shaw and I live in St. Petersburg, Florida. I submit this declaration in support of my request for reimbursement for time my father spent in this litigation from the Track 2 Settlement Fund, as well as time I have spent as the personal representative of his estate. I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so.

2. With his consent, my father, George Baker Thomson, was offered as a Class 3 representative in the Third Amended Master Consolidated Class Action Complaint, filed in October 2005. I understand that Class 3 includes third-party payers and individual patients who paid for some drugs from the Track 2 Defendants, and some other drug companies, outside the Medicare context. I understand that my name continued to be listed as a Proposed Class 3 Representative in each of the subsequent versions of the Class Action Complaint in this case.

3. My father actively participated in this litigation from the Fall of 2005 until his death in the Spring of 2007. Since that time, I have actively participated in this litigation, as the personal representative of his estate.

4. The hours expended by myself and my father in furtherance of this litigation involve our time in identifying and producing relevant documents in response to Defendants' discovery requests, reviewing and authorizing pleadings, preparing for and attending depositions, preparing for trial, and reviewing the terms of settlement with counsel.

5. From 2005, when we first learned of the suit and retained counsel for purposes of the suit, Mr. Thomson handled various discovery-related tasks, including identifying and locating documents for production (including our prescription records and records of payment), and preparing for and attending the deposition(s).

6. In addition, both myself and my father have regularly communicated with my counsel, Don Haviland and other attorneys, paralegals and staff in his office, about the litigation, including issues related to the case, discovery, class certification, strategy, understanding the prescription and payment records, and the progress of the case. I have never spoken with any of the lawyers representing the Class in this case.

9. Based upon my memory of the events involved, I can make a reasonable and conservative estimate of the hours involved.

10. I estimate the following time was spent on the following tasks:

   a. Document retrieval, review and authorization of initial pleadings: **15 hours**;

   b. Preparation for class certification, including review and assembly of documents and conferences with counsel: **3 hours**;

   c. Pre-trial preparations, document retrieval and review, conferences with counsel regarding trial testimony: **5 hours**;

   d. Settlement discussions with counsel, review of documents pertaining to settlement, review and authorization of documents pertaining to settlement: **4 hours**; and

   e. Periodic update and transmittal of records and conferences with counsel regarding progress of the case: **3 hours**.

11. Based on all of the work my father and I did, I estimate the total time spent on this litigation to be **30 hours**.

12. I understand from our counsel that the Court indicated at the final approval hearing in another settlement that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour.

Using those figures as a guide, I calculate my requested reimbursement from the Track 2 Settlement Fund to be **$3,000.00.**

This declaration is made subject to the penalties of perjury.

Dated: Sept 6, 2011

Beverly Thomson Shaw, Esq.