# Exhibit 10

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

**DECLARATION OF REBECCA ANNE HOPKINS IN SUPPORT OF
REQUEST FOR REIMBURSEMENT FROM THE TRACK 2 SETTLEMENT FUND**

I, Rebecca Anne Hopkins, pursuant to 28 U.S.C. §1746, depose and state as follows:

1. My name is Rebecca Anne Hopkins and I live in Concord, California. I submit this declaration in support of my request for reimbursement for time spent in this litigation from the Track 2 Settlement Fund. I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so.

2. With my consent, I was offered as a Class 3 representative in the Third Amended Master Consolidated Class Action Complaint, filed in October 2005. I understand that Class 3 includes third-party payers and individual patients who paid for some drugs from the Track 2 Defendants, and some other drug companies, outside the Medicare context. I understand that my name continued to be listed as a Proposed Class 3 Representative in each of the subsequent versions of the Class Action Complaint in this case.

3. I actively participated in this litigation from the Fall of 2005. From 2005, when I first learned of this lawsuit and retained counsel for purposes of this lawsuit, until the Track 2 settlement, I performed numerous discovery and trial related tasks in furtherance of this litigation and my obligations to the Class, including, on numerous occasions at my counsel's request, searching for, identifying, reviewing, collecting and providing documents for production, which

included my prescription and voluminous medical records and records of payment (and insurance documents for any periods that I had any health insurance); conducting telephone calls and communicating with my many medical providers to obtain from them information needed for the litigation; preparing for, communicating and meeting with counsel regarding, traveling for, and testifying at my depositions (as well as carefully reviewing my deposition transcript to provide corrections to my testimony); and providing a trial Declaration for, preparing for, traveling by air to and from, meeting with my counsel regarding, and testifying at the BMS trial.

4. I previously submitted an Affidavit regarding my time spent in this litigation for compensation out of the BMS settlement fund, and have been compensated from said fund. The instant affidavit pertains to additional time I spent regarding only the litigation against the Track 2 Defendants, for which I have not yet been compensated.

5. The hours expended by myself in furtherance of this litigation against the Track 2 Defendants involve my time in identifying and producing relevant documents in response to Defendants' discovery requests, reviewing and authorizing pleadings, and reviewing the terms of settlement with counsel.

6. I have regularly communicated with my counsel, Don Haviland and other attorneys, paralegals and staff in his office, about this litigation, including issues related to the case, discovery, class certification, strategy, understanding the prescription and payment records, and the progress of the case. I have never spoken with any of the lawyers representing the Class in this case.

7. Based upon my memory of the events involved, I can make a reasonable and conservative estimate of the hours involved regarding only the case against the Track 2 Defendants.

8. I estimate the following time was spent on the following tasks:

   a. Settlement discussions with counsel, review of documents pertaining to settlement, review and authorization of documents pertaining to settlement: **1 hour**; and

   b. Periodic update and transmittal of records and conferences with counsel regarding progress of the case: **1 hour**.

9. Based on all of the work we did, I estimate the total additional time spent by myself on this litigation against the Track 2 Defendants only to be **2 hours**.

10. I understand from our counsel that the Court indicated at the final approval hearing in another settlement that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour.

Using those figures as a guide, I calculate my requested reimbursement from the Track 2 Settlement Fund to be **$200.00.**

This declaration is made subject to the penalties of perjury.

Dated: 3-8-2011

Rebecca Anne Hopkins