# Exhibit 11

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

**DECLARATION OF LARRY YOUNG IN SUPPORT OF
REQUEST FOR REIMBURSEMENT FROM THE TRACK 2 SETTLEMENT FUND**

I, Larry Young, pursuant to 28 U.S.C. §1746, depose and state as follows:

1. My name is Larry Young and I live in Enid, Oklahoma. I submit this declaration in support of my request for reimbursement for time spent in this litigation from the Track 2 Settlement Fund. I have personal knowledge of the facts stated below and will testify in court to the same if called upon to do so.

2. With our consent, I was offered as a Class 1 representative, on behalf of myself and on behalf of the estate of my late wife Patricia K. Young, in the Third Amended Master Consolidated Class Action Complaint, filed in October 2005. It is my understanding that in January 2006 I was appointed by the Court, both individually and on behalf of the Estate of Patricia K. Young as representatives of a Class of Medicare patients who purchased drugs from the Track 1 defendants, From that point on, I understand that our names continued to be listed as a Class 1 consumer class representatives in all the subsequently filed documents in the case, some of which we reviewed and discussed with our counsel, Don Haviland, and attorneys and paralegals in his firm.

3. Both myself and my wife were Medicare beneficiaries, with partial supplemental

insurance coverage and we paid for a portion of the cost of the physician-administered prescription medications which we received.

4.      I actively participated in this litigation from the Fall of 2005.  Among other things, I attended two depositions in this case and answered questions about my and my wife's treatment and our involvement as plaintiffs in this lawsuit.  For each of those depositions I traveled, at my own expense, over 90 miles from my home in Enid, Oklahoma to Oklahoma City.  I stayed in a hotel for 1 night prior to each of the depositions, again, at my own expense.

5.       The hours I expended in furtherance of this litigation involve my time in identifying and producing relevant documents in response to Defendants' discovery requests, reviewing and authorizing pleadings, preparing for and attending depositions, preparing for trial, and reviewing the terms of settlement with counsel.

6.      From 2005, when I first learned of the suit and retained counsel for purposes of the suit, I handled various discovery-related tasks, including identifying and locating documents for production (including our prescription records and records of payment), and preparing for and attending the deposition(s).

7.      In addition, I have regularly communicated with my counsel, Don Haviland and other attorneys, paralegals and staff in his office, about the litigation, including issues related to the case, discovery, class certification, strategy, understanding the prescription and payment records, and the progress of the case.  I have never spoken with any of the lawyers representing the Class in this case.

8.      Based upon my memory of the events involved, I can make a reasonable and conservative estimate of the hours involved.

9.      I estimate the following time was spent on the following tasks:

    a.    Document retrieval, review and authorization of initial pleadings: **20 hours**;

    b.    Preparation for and attendance at two (2) depositions, post-deposition conferences with counsel and review of deposition transcripts: **45 hours**;

    c.    Preparation for class certification, including review and assembly of documents and conferences with counsel: **3 hours;**

    d.    Pre-trial preparations, document retrieval and review, conferences with counsel regarding110  1 trial testimony: **10 hours**;

    e.    Settlement discussions with counsel, review of documents pertaining to settlement, review and authorization of documents pertaining to settlement: **4 hours**; and

    f.    Periodic update and transmittal of records and conferences with counsel regarding progress of the case: **6 hours**.

10.    Based on all of the work we did, I estimate the total time spent by us on this litigation to be **88 hours**.

11.    I understand from our counsel that the Court indicated at the final approval hearing in another settlement that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour.

Using those figures as a guide, I calculate my requested reimbursement from the Track 2 Settlement Fund to be **$8,800.00.**

This declaration is made subject to the penalties of perjury.

Dated: __9-8-11__                                   _____
                                                    Larry Young